IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>**W.R. GRACE & CO.,** *et al.*,<br><br>　　　　　　Debtors. | Chapter 11<br><br>Case No. 01-01139 (JKF)<br><br>Jointly Administered<br><br>**Related Docket No. 4575**<br>**Objection Deadline:  October 31, 2003**<br>**Hearing Date:  November 17, 2003 at Noon** |

## LONDON MARKET INSURERS' OBJECTION TO
## DEBTORS' APPLICATION FOR THE APPOINTMENT OF
## C. JUDSON HAMLIN AS LEGAL REPRESENTATIVE FOR FUTURE CLAIMANTS

　　　　This objection is filed on behalf of Certain Underwriters at Lloyd's, London and Certain London Market Companies who subscribed policies in favor of W.R. Grace & Co. or its legal predecessors ("London Market Insurers").  London Market Insurers object to the appointment of C. Judson Hamlin as legal representative for future claimants ("Future Claimants Representative" or "FCR") on the ground that his acceptance of that appointment would constitute a conflict of interest with his role as consultant and advisor to Judge Wolin in this and related actions.

　　　　Because London Market Insurers may be called upon to pay claims of future claimants, they have an interest in how those claims are treated in this proceeding.  Further, like all parties, London Market Insurers have an interest in the maintenance of proceedings that are fair and unbiased and that appear to be so.

00106310

**ARGUMENT**

As the Application of the Debtors states, "Mr. Hamlin's long involvement in mass torts has led to his appointment by this Court to act as special consultant and case manager in six asbestos chapter 11 cases." Application, ¶ 11. One of those cases is the instant *W.R. Grace* proceeding.

By order of December 28, 2001, the District Court (Wolin, J.) entered an order appointing five "consultants" to serve in five cases, including this case. Mr. Hamlin and the others were "designated as Court Appointed Consultants to advise the Court and to undertake such responsibilities, including by way of example and not limitation, mediation of disputes, holding case management conferences, and consultation with counsel, as the Court may delegate to them individually." See Order Designating Court Appointed Consultants and Special Masters, at 2 (Docket No. 1427).

On March 19, 2002, the District Court signed a further order providing for payment of the fees and expenses of the Consultants, saying that "the Advisors [*sic*] are functioning in a manner in all respects similar to examiners as provided for in the Bankruptcy Code, 11 U.S.C. §§ 1104, 1106," and that "the Bankruptcy Code and Rules provide[s] for the compensation of examiners, officers and professional persons pursuant to 11 U.S.C. §§ 330, 331 …" The Court noted that "the continued employment of the Advisors in their various capacities is necessary for the efficient administration of these very large mass-tort chapter 11 cases and in the best interests of the creditors, equity holders and estates in bankruptcy…" See Order 1) Partially Withdrawing the Reference and 2) Governing Applications for the Allowance of Fees and Expenses to Court Appointed Advisors, at 2 (Docket No. 1837).

Mr. Hamlin has performed the function of consultant and advisor to the Court, as shown by his fee application of April 26, 2002 filed in this case. As he acknowledges by making the application "[p]ursuant to 11 U.S.C. § 330 and § 331 and Rule 2016 of the Federal Rules of Bankruptcy Procedure," he is being compensated as an officer of the court. See First Application of the Court Appointed Advisor C. Judson Hamlin, for an Interim Allowance of Fees For Actual and Necessary Services Rendered and for Reimbursement of Expenses Incurred for the Period January 1, 2002 through February 28, 2002 (Docket No. 2074). Mr. Hamlin filed two other fee applications for his service as "Court Appointed Advisor." (Docket Nos. 3179, 3839). Each was approved by the Court. (Docket Nos. 2271, 3185, 4035). Mr. Hamlin's fee applications show that he has taken part in *ex parte* communications with the Court and other consultants, to which the parties to this and the other proceedings have not been privy.

As FCR, Mr. Hamlin would be the "legal representative for the purpose of protecting the rights of persons that might subsequently assert demands" alleging asbestos bodily injury. 11 U.S.C. § 524(g)(4)(B)(i). This role has been likened to that of a "guardian," In re Eagle-Picher Industries, Inc., 144 B.R. 69, 70 (Bankr. S.D. Ohio 1992), and necessitates a fiduciary relationship between the representative and the future claimants. Further, as FCR, Mr. Hamlin as a lawyer would have the obligations that all counsel have to their clients.

Thus, as FCR Mr. Hamlin would be both counsel for a party and virtually a party himself. As guardian, it would be his duty to analyze, determine, and represent the interests of unknown future clients. As counsel, he would have the obligation to serve their interests zealously within ethical boundaries, to the exclusion of the interests of all other parties.

Given his role as a personal consultant, where his service is intended to be "in the best interests of the creditors, equity holders and estates in bankruptcy," Order of March 19, 2002,

Mr. Hamlin could not zealously serve the interests of futures claimants or fulfill his duties as their representative consistent with his duties to the court.  Because the future claimants are as yet unknown, they cannot waive this conflict and consent to Mr. Hamlin's dual role.

In any event, the conflict is not waivable.  The ABA Model Rules of Professional Conduct provide, at Rule 1.12, that (except in the case of a partisan arbitrator), "a lawyer shall not represent anyone in connection with a matter in which the lawyer participated personally and substantially as a judge or other adjudicative officer, arbitrator or law clerk to such a person, unless all parties to the proceeding consent after consultation."[1]  Mr. Hamlin, as a special consultant to the Court who also seeks to represent persons in connection with this matter, appears to fall within this rule.  Moreover, Rule 1.12 applies equally to former as well as present judicial officers.  Therefore, Mr. Hamlin could not resolve the conflict by obtaining an order relieving himself of his duties as consultant to the District Court.

Further, Mr.Hamlin's dual service as FCR and consultant would not be consistent with Judge Wolin's obligations concerning *ex parte* communications pursuant to Canon 3(A)(4) of the Code of Judicial Conduct.

---

[1]   Local Rule 1001-1 of the Bankruptcy Court for the District of Delaware provides that the Local Rules of the United States District Court for the District of Delaware shall apply.  Local Rule 83.6(d)(2) of the District Court for the District of Delaware provides that attorneys who practice before the court shall be governed by the Model Rules of Professional Conduct of the American Bar Association.

**CONCLUSION**

For these reasons, the application of the Debtor for the appointment of Mr. Hamlin as Future Claimants Representative should be denied.

DATED:    October 31, 2003

Respectfully submitted,

/s/ Francis J. Murphy
Francis J. Murphy, Esq.
MURPHY SPADARO & LANDON
824 Market Street, Suite 700
Wilmington, DE  19899
(302) 654-4600

James Sottile
Joseph L. Ruby
BAACH ROBINSON & LEWIS PLLC
One Thomas Circle, NW, Suite 200
Washington, DC  20005
Phone:  (202) 833-8900

Counsel for Certain Underwriters at Lloyd's, London and Certain London Market Companies