IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| W. R. GRACE & CO., et al., | ) |
| | ) Case No. 01-01139 (JKF) |
| Debtors. | ) |
| | ) (Jointly Administered) |
| | ) |
| | ) **Objection Deadline: November 3, 2003 (by agreement)** |
| | ) **Hearing Date: November 17, 2003 at 12 noon** |

**RESPONSE OF THE OFFICIAL COMMITTEE OF ASBESTOS PROPERTY DAMAGE CLAIMANTS TO THE DEBTORS' APPLICATION FOR THE APPOINTMENT OF C. JUDSON HAMLIN AS LEGAL REPRESENTATIVE FOR FUTURE CLAIMANTS (DOCKET NO. 4575)**

The Official Committee of Asbestos Property Damage Claimants (the "PD Committee") through its undersigned counsel, hereby files this Response (the "Response") to the application of the Debtors for the Appointment of C. Judson Hamlin as Legal Representative for Future Claimants, pursuant to 11 U.S.C.§§ 105, 327 and 524(g)(4)(B) (the "Application"). In support hereof, the PD Committee respectfully states as follows:

**Preliminary Statement**

By the Application, the Debtors seek the appointment of C. Judson Hamlin as the Legal Representative for Future Claimants; however, the Application fails to adequately define the term "Future Claimants" and fails to identify what type of future claims or constituencies would be covered by the representation. As a result, the information provided in the Application is insufficient for the PD Committee to assess Mr. Hamlin's qualifications for such a position or to determine whether conflicts amongst future claimants exist or could develop based upon such a representation.

Case No. 01-01139 (JKF)

**Response**

1.      Prior to the filing of the Application, the Debtors shared with counsel for the PD Committee that they intended to seek the appointment of a Futures Representative. At that time, counsel for the PD Committee understood that the Debtors would only be seeking a legal representative for future asbestos personal injury claims.

2.      As filed, the Application and the proposed order do not identify which claims or constituencies would be covered by the legal representation and, as presented, the term "Future Claimants" could arguably include not just personal injury, but also all other future claims that could arise, which, in turn, raises the concern of conflicts amongst the various future claimants.[1]

3.      Due to the inadequate identification of "Future Claimants" and the potential that other claims could fall within the definition, the PD Committee's counsel contacted the Debtors twice and sought confirmation that the Application's intent was to seek the appointment of a legal representative <u>solely</u> for future asbestos personal injury claimants and sought modification of the proposed order to reflect the limited representation.

4.      When contacted, the Debtors' counsel was not able to confirm or deny that the Legal Representative would only be responsible for future asbestos personal injury claims and stated that the issue had not been decided. Despite the two inquiries, the Debtors have failed to share with the PD Committee what future claims would fall within the Legal Representative's responsibilities.

5.      As a result of the failure to confirm what claims are to be covered by the representation, the PD Committee has been unable to assess Mr. Hamlin's qualifications for the

---

[1] As the District Court has withdrawn its reference as to all personal injury claims, the PD Committee also questions whether it is appropriate for this Application to have been filed with this Court, rather than the District Court.

Legal Representative or his disinterestedness in light of the potential that the representation would encompass a variety of claims and may create conflicts amongst the future claimants.

6. Given the Debtors' failure to provide sufficient information for the PD Committee to assess the appropriateness of the Application, the PD Committee reserves the right to amend its Response to the appointment of C. Judson Hamlin as Legal Representative upon the receipt of additional information that demonstrates the propriety or impropriety of the Application.

WHEREFORE, the PD Committee respectfully requests that this Court deny the Application, and for such other relief that the Court deems appropriate.

Wilmington, Delaware
Dated: November 3, 2003

Respectfully submitted,

BILZIN SUMBERG BAENA
  PRICE & AXELROD
2500 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131-2336
Telephone: (305) 374-7580

Scott L. Baena (Admitted Pro Hac Vice)
Jay M. Sakalo (Admitted Pro Hac Vice)

and

FERRY JOSEPH & PEARCE, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, Delaware 19899
Telephone: (302) 575-1555

By:/s/ Theodore J. Tacconelli
Theodore J. Tacconelli
(Del. Bar No. 2678)

CO-COUNSEL FOR THE OFFICIAL
COMMITTEE OF ASBESTOS PROPERTY
DAMAGE CLAIMANTS