IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | Re: Docket No. 4575 |

**Hearing Date: November 17, 2003 at 12:00 p.m.**

## DEBTORS' REQUEST TO HOLD IN ABEYANCE THEIR APPLICATION FOR APPOINTMENT OF A FUTURES REPRESENTATIVE

The above-captioned debtors and debtors in possession (collectively, the "Debtors" or "Grace") currently have pending an application to appoint C. Judson Hamlin as the futures representative in these cases (the "Application"). For the reasons set forth briefly below, Grace concurs in the suggestion recently made by the United States Trustee to hold the Application in abeyance pending further order of the Court.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Grace has long been in search of a candidate for the position of futures representative. The task has been rendered difficult by the need to propose a consensus candidate, a need that often conflicts with the divergent interests of the various constituencies in these cases. This difficulty is compounded further by the fact that only a handful of individuals have experience with the role in asbestos cases and still further by the fact that those individuals have track records in other cases that the different parties in these cases may assess in different ways.

Because the principal activities in these cases have, for some time, focused on litigation and plan formulation has not appeared to be feasible, there has been only mild pressure to appoint a futures representative. But more recent discussions of case resolution, while unsuccessful to date, have highlighted the need to get a futures representative in place.

After another round of discussions with the parties, Grace decided to apply for the appointment of Mr. Hamlin. While not all constituencies committed to support the Application, Mr. Hamlin appeared to be the best candidate currently available.

Just as the Application was ready to be filed[2], Grace learned of the motion to recuse Judge Wolin in the Owens Corning case. That motion was predicated upon the allegation that certain creditors were unaware of Mr. Hamlin's role as a futures representative in another asbestos case and the further allegation that this activity conflicted with his role as an advisor to the Court in the Owens Corning case. These concerns appeared to have no adverse bearing upon the decision to seek Mr. Hamlin's appointment in the Grace cases. Grace already was aware that Mr. Hamlin was the futures representative in the G-I Holdings case. This experience could be a positive, rather than a negative factor for Mr. Hamlin's serving in a comparable role in the Grace

---

[2] The deadline for filing matters to be heard at the Court's November omnibus hearing was October 13, 2003.

-2-

cases. Nor has Mr. Hamlin, to Grace's knowledge, acted as an advisor to Judge Wolin in the Grace cases. Mr. Hamlin's role as an advisor to Judge Wolin in other cases could, again, be a positive, rather than a negative factor: the futures representatives in other cases sometimes have not shown independence from counsel for the current claimants; Mr. Hamlin's accountability to the Court as an advisor in other cases could tend to foster some further degree of independence.

Notwithstanding the foregoing, events have overtaken the Application, and Grace believes that the active prosecution of its Application is not in the best interest of the estates at this point in time. First, objections to the Application now have been lodged by the Official Committee of Unsecured Creditors, by a purported Unofficial Committee of Unsecured Creditors, and by the U. S. Trustee.[3] Additionally, Grace's application has become something of a football in the recusal motion filed in the Owens Corning case. Subpoenas were served on Grace in that case to probe facts surrounding the Application. Such discovery was then stayed by order of Judge Wolin. A new round of discovery has now been served by the aforementioned Unofficial Committee in these cases and a reasonable inference is that it is an attempt to revive the stayed discovery. Further, and perhaps most importantly, Grace's Application now has been characterized (we will not comment on accuracy) in the Mandamus papers filed by those seeking recusal in the Owens Corning case.

Under these circumstances, Grace believes that the best course is to await further developments before pressing its Application. The recusal litigation should proceed on its own without being affected by collateral events in these cases and without, in turn, affecting the course of these cases. Grace has no interest in being used strategically by interests in another

---

[3] Just prior to filing this Request, Grace was served with a copy of an objection from the Asbestos Property Damage Committee. The grounds for such objection are very different from those referred to herein.

case and has no desire to press an Application that might be affected by events in another case. Equally important, Grace remains focused on the need to propose a futures representative who is a consensus candidate. The objections to date, particularly those made by the U.S. Trustee and the Official Committee of Unsecured Creditors, strongly indicate that Mr. Hamlin cannot be such a candidate. However, rather than react now to these objections and drop the Application, the more prudent course is that which was suggested as an alternative by the U.S. Trustee, *i.e.*, simply hold the Application proceedings in abeyance. And this is what Grace proposes to do.

Grace therefore requests that the Court enter the attached order, holding Grace's Application proceedings in abeyance pending further order of the Court.

Dated: November 3, 2003

        KIRKLAND & ELLIS LLP
        David M. Bernick, P.C.
        Janet S. Baer
        James M. Kapp, III
        200 East Randolph Drive
        Chicago, Illinois 60601
        (312) 861-2000

        and

        PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.

        */s/ David W. Carickhoff, Jr.*
        Laura Davis Jones (#2436)
        David W. Carickhoff, Jr. (#3715)
        919 North Market Street, 16th Floor
        P.O. Box 8705
        Wilmington, Delaware 19899-8705 (Courier 19801)
        (302) 652-4100

        Co-Counsel to Debtors and Debtors in Possession