# Proposed Form of Order

91100-001\DOCS_DE:52395.1

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | Re: Docket No. 4574 |

### ORDER AUTHORIZING THE DEBTORS TO ENTER INTO AN EMPLOYMENT AGREEMENT WITH THE PROSPECTIVE PRESIDENT AND CHIEF OPERATING OFFICER OF THE DEBTORS

Upon the motion (the "Motion")[2] of the debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors") seeking entry of an order under sections 105(a) and 363(b) of title 11 of the United States Code (as amended, the "Bankruptcy Code") authorizing the Debtors to enter in an employment contract for the president and chief operating officer of W. R. Grace & Co.; and it appearing that the Court has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and it appearing that this matter is a core proceeding within the meaning of 28 U.S.C.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Any term not defined herein shall have the meaning ascribed thereto in the Motion.

§ 157(b)(2); and it appearing that venue of this proceeding and this Motion is properly in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given; and it appearing that the relief requested in the Motion is in the best interests of the Debtors and their estates and creditors; and after due deliberation and sufficient cause appearing therefor, it is hereby:

ORDERED that the Motion is granted; and it is further

ORDERED that the Debtors are authorized to enter into the COO Agreement; and it is further

ORDERED that the Candidate's benefits, if any, that the Candidate is entitled to receive under the Debtors' LTIPs, the Debtors' Annual Incentive Compensation Programs, the Debtors' revised severance pay program (which incorporates the Debtors' change-in-control severance program) and any other of the Debtors' key employee retention programs or employee benefit programs (other than the Candidate's individual severance benefit discussed in paragraph 13 of the Motion) shall be subject to the prior orders of this Court with respect to the terms of and the Debtors' performance under such programs, including the Order Authorizing, But Not Requiring, the Implementation of Revised Compensation Programs dated August 26, 2002.; and it is further

ORDERED that the Debtors are authorized to take all actions necessary to effectuate this order; and it is further

ORDERED that, notwithstanding the possible applicability of Fed.R.Bankr.P. 6004(g), 7062, 9014, or otherwise, the terms and conditions of this order shall be immediately effective and enforceable upon its entry; and it is further

3

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: _____, 2003

                                                                                            The Honorable Judith K. Fitzgerald
                                                                                            United States Bankruptcy Judge