IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No. 01-1139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Re: Docket No. 4299 |

**DEBTORS' SECOND SUPPLEMENTAL FILING IN SUPPORT OF THE DEBTORS' APPLICATION FOR AN ORDER AUTHORIZING, BUT NOT REQUIRING, THE EMPLOYMENT AND RETENTION OF STATE STREET BANK AND TRUST TO ACT AS INVESTMENT MANAGER AND FIDUCIARY OF THE GRACE STOCK WITHIN THE GRACE SAVINGS AND INVESTMENT PLAN**

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), hereby file this second supplement (the "Second Supplement") to the Application of the Debtors for Entry of an Order Pursuant to 11 U.S.C. §§ 327(a) and 328(a) and Fed. R. Bankr. P. 2014(a), 2016 and 5002 Authorizing, But Not Requiring, the Employment and Retention of State Street Bank and Trust Company to Act as Investment Manager and Fiduciary of the Grace Stock Within the Grace Savings & Investment Plan (Docket No. 4299) (the "Application")[1]:

## INTRODUCTION

1.   On August 18, 2003, the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") filed the Application. Both the Official Committee of Unsecured Creditors (the "Unsecured Committee") and the Official Committee of Equity Security Holders (the "Equity Committee") filed objections to the Application. On October 2, 2003, the Debtors filed a supplement to the Application (the "First Supplement"). At the hearing before this Court on October 27, 2003, the Court directed the Debtors to consider whether the compensation of

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Application.

those who currently have fiduciary responsibility regarding the stock of W. R. Grace & Co. ("Grace Stock") within the Grace Savings & Investment (the "Savings Plan") should be adjusted downward if State Street is retained to assume that responsibility.

### THE DEBTORS' SEARCH FOR AN INDEPENDENT FIDUCIARY

2. Currently those with "fiduciary responsibility" regarding the management of Grace Stock within the Savings Plan, including determining whether Grace Stock should continue to be an investment option within the Savings Plan, include certain senior officers of the Debtors (the "Responsible Executives") and, in certain circumstances, the Debtors' Board of Directors (the "Board"), in accordance with the Employee Retirement Income Security Act of 1974 ("ERISA"). (Norris Aff. at ¶2). The Responsible Executives include the Debtors' Chief Financial Officer and the Senior Vice President of Administration. (Norris Aff. at ¶2).

3. In the process of the Debtors' search for a third party to serve as the independent fiduciary for Grace Stock within the Savings Plan, the Debtors considered whether the issues regarding the fiduciary responsibility for Grace Stock could be addressed by shifting fiduciary responsibility away from the Board and the Responsible Executives to other full-time employees of the Debtors or to former employees of the Debtors. (Norris Aff. at ¶3). However, the Debtors determined that such an approach was not feasible. (Norris Aff. at ¶3).

4. The Debtors believe that any individual or entity assuming fiduciary liability for managing Grace Stock within the Savings Plan should satisfy certain criteria. (Norris Aff. at ¶4). The individual or entity should:

> (i) possess, or have access to the support of persons who possess, the experience and knowledge necessary to manage equity investments in

2

          publicly-traded companies, preferably in stock funds within qualified retirement plans;

(ii)     possess, or have access to the support of persons who possess, experience and knowledge regarding the requirements of ERISA that govern such investments;

(iii)    not be involved on a day-to-day basis in the decision making process with respect to the Chapter 11 Cases or the Debtors' reorganization efforts and

(iv)    possess significant fiduciary liability insurance to allow for meaningful financial recovery to Savings Plan participants, should the individual or entity fail to perform the requisite fiduciary duty in an appropriate manner. (Norris Aff. at ¶4).

The Debtors believe it could be a breach of their fiduciary duty under ERISA to appoint a person as fiduciary of Grace Stock, if the person does not satisfy each of these criteria. (Norris Aff. at ¶5).

5.     With respect to active employees, the Debtors, as a specialty chemicals and construction products company, do not employ any individuals who would both satisfy criteria (i) and (ii), and who are not involved on a day-to-day basis in the decision making process with respect to the Chapter 11 Cases and the Debtors' reorganization. (Norris Aff. at ¶6). In addition, several of the Debtors' employees expressed hesitation with respect to assuming such fiduciary responsibility, given the possibility of personal liability under ERISA, regardless of certain fiduciary liability insurance carried by the Debtors for its employees. (Norris Aff. at ¶7).

6.     With respect to former employees, the Debtors considered approaching several former employees who have a reputation for experience and knowledge with respect to general investment principles, and who are not "insiders" with respect to the Chapter 11 Cases and the Debtors reorganization. (Norris Aff. at ¶8). However, none were actually approached, because the Debtors determined that no such former employee had actually managed company stock funds within qualified plans nor had significant background in the requirements imposed by

ERISA in this regard. (Norris Aff. at ¶9). One of the principal reasons that the Debtors decided to retain State Street with regard to Grace Stock within the Savings Plan, is that State Street is backed by both significant assets and fiduciary liability insurance coverage that provides adequate coverage in this regard. (Norris Aff. at ¶10).

7.  The Debtors believe that it is unlikely that any former employee of the Debtors would be willing to assume the possibility of personal liability as provided under ERISA in this regard, even if limited amounts of fiduciary liability insurance were available. (Norris Aff. at ¶11).

8.  The Debtors concluded that it would not be consistent with its fiduciary duties to require any current employee, or ask any former employee, to assume responsibility for managing Grace Stock within the Savings Plan. (Norris Aff. at ¶12).

**DUTIES AND COMPENSATION OF RESPONSIBLE EXECUTIVES**

9.  It is also not appropriate to adjust downward the compensation of either of the Responsible Executives, in the event that State Street is retained to assume fiduciary responsibility under ERISA with respect to Grace Stock within the Savings Plan. On a daily basis, each Responsible Executive is expected to perform a myriad of tasks for the Debtors. (Norris Aff. at ¶13). While some tasks are constant and ongoing, many others change on a regular basis as the needs of the Debtors change. (Norris Aff. at ¶13). The compensation of each Responsible Executive is based on the understanding that, in addition to performing certain tasks long-established as standard for his position (as Chief Financial Officer or Senior Vice President of Administration), the Responsible Executive will also be available to perform other specific tasks as needs arise. (Norris Aff. at ¶13).

10. The compensation of the Responsible Executives has not, and should not, be adjusted as a result of changes in discreet duties and tasks as needs arise or are resolved in the normal course. Such adjustments would not be consistent with the Debtors' compensation practices regarding senior executives. (Norris Aff. at ¶14). The Debtors' compensation practices in this regard are consistent with such practices at other similarly situated corporations. (Norris Aff. at ¶14).

11. Indeed, when the Debtors' current Chief Financial Officer was retained in 1999, his employment was not expressly conditioned on assuming fiduciary responsibility for Grace Stock in the Savings Plan. (Norris Aff. at ¶15). He, nevertheless, assumed that responsibility without any adjustment in compensation from the Debtors. (Norris Aff. at ¶15). Also, the Senior Vice President of Administration assumed his current fiduciary responsibility with respect to Grace Stock in the Savings Plan in 1998, and he did not receive an increase in compensation from the Debtors as a result. (Norris Aff. at ¶15). Additionally, neither of the Responsible Executives receive any compensation from any of the Debtors' employee benefit plans, in accordance with ERISA sections 406(a)(1)(C) and (D), 406(b)(1), and 408(c)(2). (Norris Aff. at ¶16).

12. In some ways, retaining State Street will require the Responsible Executives to perform services for the Debtors that will be at least as time consuming and important to the Debtors as actually managing Grace Stock within the Savings Plan. For instance, each Responsible Executive (as well as other executives of the Debtors) will be required to dedicate the time necessary to familiarize State Street with the circumstances surrounding the Debtors' Chapter 11 Cases as well as the Grace Stock within the Savings Plan, and to provide periodic updates as requested by State Street. (Norris Aff. at ¶18).

## CONCLUSION

For the reasons set forth herein and in the Application and the First Supplement, the Application to employ State Street should be granted.

Dated: November 7, 2003

Respectfully submitted,
KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
James W. Kapp III
Janet S. Baer
Christian J. Lane
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

and

PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.

Laura Davis Jones (Bar No. 2436)
Scotta E. McFarland (Bar No. 4184)
David W. Carickhoff, Jr. (Bar No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for the Debtors and Debtors in Possession