# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| W. R. GRACE & CO., ET AL.,[1] | ) | CASE NO. 01-01139 (JKF) |
| | ) | |
| DEBTORS. | ) | JOINTLY ADMINISTERED |

## STIPULATION AND AGREED ORDER RESOLVING THE MOTION FOR RECONSIDERATION OF ORDER DISALLOWING CLAIM NO. 1658 FILED BY VALERON STRENGTH FILMS (RE: D.I. 4610)

THIS STIPULATION AND AGREED ORDER is before the Bankruptcy Court on the stipulation and agreement of the above-captioned debtors and debtors in possession (collectively, the "Debtors") and Valeron Strength Films ("Valeron"), as evidenced and indicated by the signatures hereto; and the Bankruptcy Court being advised that this Stipulation and Agreed Order has been submitted in resolution of the Motion (the "Motion") of Valeron *for Reconsideration of Order Disallowing Claim No. 1658; and the Bankruptcy Court being further advised of the following:

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

A.    On April 2, 2001, the Debtors filed voluntary petitions pursuant to chapter 11 of title 11 of the United States Code (as amended, the "Bankruptcy Code") and are continuing in the management of their properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code; and

B.    On or about July 23, 2002, Valeron timely filed proof of claim number 1658 in the Debtors' chapter 11 cases asserting a claim in the amount of $209,734.09 (the "Claim") and also asserting an unspecified priority status for the Claim; and

C.    The Claim, as docketed, did not include any supporting documentation; and

D.    On July 21, 2003, the Debtors filed a Second Omnibus Objection to Claims (Non-Substantive) (the "Objection"), which, among other things, requested the expungement of the Claim on the basis of no supporting documentation and set a response deadline of August 8, 2003; and

E.    The Debtors did not receive a response to the Objection from Valeron prior to the August 8, 2003, response deadline; and

F.    On August 25, 2003, this Court entered an order granting certain relief requested in the Objection, including the expungement of the Claim; and

G.    On October 24, 2003, Valeron filed the Motion requesting that the Court vacate the Order as it applies to the Claims and reinstate the Claim; and

2

H.      The Debtors reviewed the additional material submitted by Valeron as exhibits to the Motion and now agree with the amount of the Claim as filed.

NOW, THEREFORE, IT APPEARING THAT SUFFICIENT CAUSE EXISTS FOR GRANTING THE RELIEF REQUESTED HEREIN AND THAT THE RELIEF REQUESTED HEREIN IS IN THE BEST INTERESTS OF THE DEBTORS' ESTATES AND CREDITORS, IT IS HEREBY ORDERED AS FOLLOWS:

1.      The foregoing recitals are hereby fully incorporated into and made an express part of this Stipulation and Agreed Order.

2.      The Claim shall be reinstated to the claims register as Claim No. 1658 and allowed as a general unsecured claim, not entitled to any priority under section 507 of the Bankruptcy Code, in the amount of $209,734.09 as of the date of entry of this Stipulation and Agreed Order without any further action by the Debtors, Valeron or the Court. The Claim shall be deemed to supercede Valeron's claim as set forth on the Debtors' amended Schedule F.

3.      The Debtor and Valeron agree that there is no other pre-petition amount owing from the Debtors to Valeron. Accordingly, Valeron releases the Debtors with regard to any claim, and waives its right to make demand for payment of any amount, other than as evidenced by the Claim, arising prior to April 2, 2001.

4.      Valeron shall not be entitled to receive payment on the Claim until the confirmation of the Debtors' plan of reorganization. The Claim shall only be paid at the time and in the manner provided for by the Debtors' plan of reorganization.

5.      The Motion shall be deemed withdrawn.

3

6.    Each undersigned counsel represents that he/she is authorized to execute this Stipulation on behalf of his/her respective client.

7.    This Stipulation and Agreed Order may be executed in any number of counterparts by the parties on different counterpart signature pages, all of which taken together shall constitute one and the same agreement. Any of the parties hereto may execute this Stipulation and Agreed Order by signing any such counterpart and each of such counterparts shall for all purposes be deemed to be an original.

8.    This Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation. Any motion or application brought before this Bankruptcy Court to resolve a dispute arising from or related to this Stipulation shall be brought on proper notice and in accordance with relevant Federal Rules of Bankruptcy Procedure and the local rules of the Bankruptcy Court.

9.    This Stipulation shall not be effective unless and until approved by the Bankruptcy Court. Upon approval hereof, this Stipulation shall inure to the benefit of and be binding upon the parties hereto as well as upon all creditors, administrative claimants and parties in interest and their successors and assigns.

Dated: _____ , 2003

_____
The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge\

4

PACHULSKI, STANG, ZIEHL, YOUNG
JONES & WEINTRAUB, P.C.

David W. Carickhoff, Jr. (ID No. 3715)
919 N. Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
Telephone: 302-652-4100
Telecopy: 652-4400

KIRKLAND & ELLIS
Christian Lane
200 East Randolph Drive
Chicago, IL 60601
Telephone:    (312) 861-2000
Facsimile:    (312) 861-2200

Attorneys for W.R. Grace & Co.,

Dated: November _____7_____, 2003

SMITH, KATZENSTEIN & FURLOW LLP

Kathleen M. Miller (Bar Id No. 2898)
800 Delaware Avenue, 7 th floor
Wilmington, DE 19899 (Courier 19801)
Telephone: 302-652-8400
Telecopy: 302-652-8405

SHAW GUSSIS FISHMAN GLANTZ
WOLFSON    & TOWBIN LLC
Matthew Swanson
321 North Clark Street, Suite 800
Chicago, IL 60610
Telephone:  (312) 541-015

Attorneys for Valeron Strength Films

Dated: November _____7_____, 2003

5