IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | : | Chapter 11 |
| | : | |
| W.R. GRACE & CO., *et al.*, | : | Case No. 01-01139 (JKF) |
| | : | (Jointly Administered) |
| | : | |
| Debtors | : | |
| | : | Objections due by: January 9, 2004 @ 4:00 p.m. |
| | : | Hearing Date: January 26, 2004 @ 12:00 p.m. |

**MOTION OF NEUTROCRETE PRODUCTS, INC. ("Movant")
FOR RELIEF FROM STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE**

NOW COMES Neutrocrete Products, Inc. ("Neutrocrete" or "Movant") and hereby moves to for Relief From Automatic Stay and in support thereof respectfully represent as follows:

**BACKGROUND**

1. On or about April 2, 2001, W.R. Grace & Co., and their affiliates, ("Grace" or "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code.

2. As a result of Debtors' petitions, the automatic stay provisions of section 362 of Bankruptcy Code went into effect.

3. On or about October 17, 2002, Grace filed a Complaint in the Superior Court of the State of Connecticut, Judicial District of Litchfield ("State Court Action"), against Neutrocrete seeking $112,636.70 in damages. The Complaint alleges that Neutrocrete failed to pay for product provided to it by Grace under a written agreement from on or about January 23, 2002 to on or about June 4, 2002. (See a copy of the Complaint attached hereto as Exhibits "A" and incorporated herein by reference)

4. Movant verily believes it has defenses to all claims alleged in the State Court Action and further has a counterclaim against Grace. The nature of the defenses and counterclaim is set forth in Movant's duly filed Proof of Claim, a copy of which is attached hereto as Exhibit "B" and incorporated herein by reference).

5. Due to the imposition of the automatic stay, Movant has been unable to defend and assert its counterclaim against Grace in the State Court Action.

## ARGUMENT

6. Movant is entitled to relief from the operation of the automatic stay so it may assert its defenses and counterclaim in the forum which Grace chose to litigate its claim.

7. Section 362(d) provides that:

> 4. On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as terminating, annulling, modifying, or conditioning such stay -
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

8. While the Bankruptcy Code does not define what constitutes "cause", courts have looked to the policies underlying the automatic stay and the competing interests of the debtor and movement. *In re Continental Airlines, Inc.*, 152 B.R. 420, 424 (D. Del. 1993).

9. Relief from the automatic stay should be granted to allow proceedings to go forward in their place of origin, assuming the bankruptcy estate will not be prejudiced. *In re Rexene Products Company*, 141 B.R. 574, 576 (D. Del. 1992).

10. Relief from the automatic stay should be granted when the party seeking such relief can show that:

    1.    the debtor or the debtor's estate will not be greatly prejudiced by continuing the civil suit;

    2.    the hardship to the movant by maintenance of the automatic stay considerably outweighs the hardship of the debtor; and

    3.    the movant has a reasonable chance of prevailing on the merits.

*Rexene* at 576.

11. An analysis of the above three factors shows that the stay should be lifted in order to permit Movant to defend and assert its counterclaim in the State Court Action.

12. First, no prejudice to the Debtor will occur as Debtor, by its own choosing, is litigating the issues in the State Court Action.

13. Second, if Movant is not permitted to assert its counterclaim in the State Court Action, then it will suffer extreme hardship as its ability to fully defend itself would be impaired. By contrast, there would be no hardship to the Debtor who selected the forum at which to litigate these issues.

14. Third, Movant has shown through Exhibit "B" attached hereto that it has strong defenses and a meritorious counterclaim. Movant's defenses and counterclaim are certainly not frivolous and merit presentation and consideration by the State Court tribunal. See, *In re Fonseca*, 110 B.R. 191, 196 (Bankr. E.D.Pa., 1990).

## **CONCLUSION**

15. Movant has shown that it should be granted relief from the automatic stay to allow it to fully defend and assert its counterclaim in the State Court Action. Debtor will not be prejudiced as it is Debtor who selected the forum at which to litigate the issues germane to this matter.

WHEREFORE, Movant prays:

1. For an Order modifying the automatic stay of Section 301, *et seq.*, of the Bankruptcy Code to permit Movant to defend and assert its counterclaim in the State Court Action;

2. For her Motion for Relief from Automatic Stay to be set for a hearing within thirty (30) days, and that upon that hearing the Court order that the automatic stay be modified so as to permit Movants to pursue its counterclaim in the Connecticut Court identified herein;

3. For such other and further relief as is to the Court just and proper.

Respectfully submitted,

Date: 11/13/03

Jeffrey P. Wasserman (#2184)
CICONTE, ROSEMAN & WASSERMAN
1300 King Street
Wilmington, DE 19801
Telephone (302) 658-7101
Facsimile (302) 658-4982
Counsel for Movant

EXHIBIT SUMMARY SHEET

Exhibit "A" -   Complaint filed in the Superior Court of the State of
                Connecticut, Judicial District of Litchfield
                W.R. Grace & Company
                V. Neutrocrete Products, Inc.

Exhibit "B" -   Proof of Claim