Exhibit M

David R. Gross (DG6431)
Sonya M. Longo (SL7921)
**BUDD LARNER GROSS
ROSENBAUM GREENBERG & SADE, P.C.**
150 John F. Kennedy Parkway, CN 1000
Short Hills, NJ  07078-0999
(973) 379-4800

Kevin E. Irwin (KI3828)
Michael L. Scheier (MS9173)
Daniel A. Austin (DA0335)
**KEATING, MUETHING & KLEKAMP, P.L.L.**
1400 Provident Tower
One East Fourth Street
Cincinnati, OH  45202
(513) 579-6400
*Counsel for the Legal Representative of
Present and Future Holders of Asbestos-Related
Demands*



UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK VICINAGE

| In re: | ) | CHAPTER 11 |
|---|---|---|
|  | ) | Hon. Rosemary Gambardella, Chief Judge |
| G-I HOLDINGS INC., | ) | CASE NO. 01-30135 (RG) |
|  | ) | Hearing Date: |
| Debtor. | ) | Oral argument waived |

**APPLICATION OF THE LEGAL REPRESENTATIVE OF PRESENT AND FUTURE
HOLDERS OF ASBESTOS-RELATED DEMANDS FOR AN ORDER *NUNC PRO TUNC*
AUTHORIZING THE EMPLOYMENT OF BUDD LARNER
GROSS ROSENBAUM GREENBERG & SADE, P.C. AS LOCAL COUNSEL**

Pursuant to §1103 of Title 11 of the United States Code ("Bankruptcy Code"), and Rule

2014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), C. Judson Hamlin,

the Legal Representative of Present and Future Holders of Asbestos-Related Demands

("Asbestos Demands Representative") of G-I Holdings Inc., f/k/a GAF Corporation ("Debtor"),

- 2 -

files this Application for an Order authorizing his retention of Budd Larner Rosenbaum & Sade, P.C. ("Budd Larner"), *nunc pro tunc* to December 18, 2001, as local counsel to the Asbestos Demands Representative.[1] In support of this Application, the Asbestos Demands Representative states as follows:

### Background

1. The Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on January 5, 2001 ("Petition Date"). Debtor continues to operate its business and manage its properties as debtor in possession pursuant to Bankruptcy Code §§ 1107 and 1108.

2. On October 10, 2001, this Court entered an Order Appointing C. Judson Hamlin as Asbestos Demands Representative in G-I's Chapter 11 Case.

3. A representative for future claimants in asbestos–related bankruptcy proceedings is generally authorized to exercise the powers and perform the duties of a Committee under Bankruptcy Code § 1103. *In re Johns Manville Corp.*, 52 B.R. 940, 942 (S.D.N.Y. 1985)(representative of future claims has authority pursuant to §1103 of the Code); *In re UNR Industries, Inc.*, 46 B.R 671, 675 (Bankr., N.D. Ill. 1985) (representative of future claims to exercise powers and responsibilities of an official committee of creditors as provided in §1103 of the Bankruptcy Code). This Application, therefore, is made pursuant to Bankruptcy Code §1103(a).

### Budd Larner

4. Budd Larner employs approximately eighty-six attorneys in a large and diversified legal practice. Budd Larner's clients include individuals, financial institutions, partnerships, and private and publicly held corporations.

---

[1] Pursuant to L. Bankr. R. 9013-1, the Asbestos Demands Representative respectfully requests that the Court waive the requirement that it file a memorandum of law in support of this Application. A memorandum of law is not

- 3 -

5. Budd Larner is experienced in trial advocacy, both plaintiff and defense asbestos litigation, and other toxic tort, fraudulent transfer, and insurance coverage litigation in addition to the rules and procedures of the Bankruptcy Court for the District of New Jersey and the United States District Court for the District of New Jersey.

6. The Asbestos Demands Representative has been informed that the Budd Larner attorneys who will be employed in this case are members in good standing in the courts in which they are admitted to practice.

### Services to be Provided

7. Budd Larner's services are necessary to enable the Asbestos Demands Representative to properly and faithfully carry out his duties as the representative of present and future holders of asbestos demands. Subject to Court approval and subject to the delineation of responsibilities discussed below, the Asbestos Demands Representative anticipates that the professional services which Budd Larner may provide include, but are not limited to, the following:

(a) providing services as local counsel to the Asbestos Demands Representative in this bankruptcy case and its related proceedings;

(b) representing the Asbestos Demands Representative in connection with hearings or trials in this bankruptcy case and its related proceedings;

(c) preparing applications, motions, orders and all other pleadings in this action; and

(d) performing other legal services in connection with the bankruptcy case whenever requested by the Asbestos Demands Representative.

8. The Asbestos Demands Representative is separately seeking approval to retain Keating, Muething & Klekamp, P.L.L. ("KMK") as principal bankruptcy counsel to the Asbestos Demands Representative to provide legal services in conjunction with Budd Larner. The Asbestos Demands Representative has conferred with KMK and Budd Larner regarding the

---

necessary because no novel issues of law are presented herein.

- 4 -

division of responsibility. KMK has been hired for its particular expertise in mass tort insolvency proceedings, fraudulent transfer litigation, and asbestos-related bankruptcy matters. Budd Larner has been hired because of its experience with the local courts, in both plaintiff and defense asbestos litigation and in fraudulent transfer litigation, in addition to its national reputation in trial advocacy. Together, these firms will combine their expertise to provide the Asbestos Demands Representative with the best possible legal representation. KMK and Budd Larner will each have distinct responsibilities, and the Asbestos Demands Representative will avoid duplication of services while obtaining maximum benefit from each firm's respective knowledge and experience.

9. The Asbestos Demands Representative believes it is necessary to employ both firms to properly and adequately provide for the interests of those he represents.

### Compensation

10. Budd Larner's fees and reimbursements will be paid by the Debtor's Estate only upon application to, and approval by, this Court, consistent with §§ 330 and 331 of the Bankruptcy Code and this Court's Orders regarding compensation of professionals in this case. The current billing rates of Budd Larner's members, associates, and paralegals are set forth in the Affidavit and Verified Statement of David R. Gross, which is being filed separately. Mr. Gross' Affidavit and Verified Statement is fully incorporated herein by reference.

### Absence of Adverse Interest

11. The Asbestos Demands Representative reviewed the Affidavit and Verified Statement of David R. Gross, and has determined that Budd Larner neither presently represents any other entity in connection with this case nor presently represents any entity having an adverse interest in connection with the case.

M - 4

- 5 -

### *Nunc Pro Tunc* Retention

12. Commencing on December 18, 2001, certain attorneys of Budd Larner, pursuant to the request of the Asbestos Demands Representative, have performed work on behalf of the Asbestos Demands Representative in this case. It was imperative that preparatory work and coordination with the attorneys selected to assist the Asbestos Demands Representative begin at the earliest possible date. Accordingly, the Asbestos Demands Representative requests that his retention of Budd Larner be effective as of December 18, 2001.

### Conclusion

13. Based on the foregoing, and the Affidavit and Verified Statement of David R. Gross, the Asbestos Demands Representative requests this Court to enter an Order authorizing him to employ the law firm of Budd Larner Gross Rosenbaum Greenberg & Sade, P.C., *nunc pro tunc* to December 18, 2001, to represent him in this Chapter 11 case, and for such other relief as is just and appropriate.

Dated: January __, 2002

ASBESTOS DEMANDS REPRESENTATIVE
IN G-I'S CHAPTER 11 CASE

By: _____
C. Judson Hamlin,
Asbestos Demands Representative

368943