# Exhibit S

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ): | ) | Chapter 11 |
| | ) | |
| R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

Objection Deadline: October 31, 2003
Hearing Date: November 17, 2003 at noon

## APPLICATION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 105, 327 AND 524(g)(4)(B), FOR THE APPOINTMENT OF C. JUDSON HAMLIN AS LEGAL REPRESENTATIVE FOR FUTURE CLAIMANTS

The above-captioned debtors and debtors-in-possession, (collectively, the

otors"), by and through undersigned counsel, hereby move this Court for an order under

ons 105, 327, and 524(g)(4)(B) of title 11 of the United States Code, 11 U.S.C. §§ 101 et.

(the "Bankruptcy Code"), for the appointment of C. Judson Hamlin as legal representative

---

[1] Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W.
ace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB
edical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N
Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy
)any), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners
.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN
ngs, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B
., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy
oration, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel
ces Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace
ore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc.,
: Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation,
al, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation,
:o International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a
Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe
;, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-
Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a
onmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin
erglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country
ng), Hayden-Gulch West Coal Company, H-G Coal Company.

for future claimants (the "Application"). In support of this Application, the Debtors respectfully represent as follows:

### Jurisdiction

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of this motion is proper under 28 U.S.C. § 1408.

2.  The statutory predicates for this Motion are sections 105, 327 and 524(g)(4)(B) of the Bankruptcy Code.

### Background

3.  On April 2, 2001 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). These Chapter 11 Cases have been consolidated for administrative purposes only, and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

### Relief Requested

4.  Since the commencement of the Chapter 11 Cases, one of the Debtors' key objectives has been formulating a plan of reorganization acceptable to all parties in interest. A key element of a consensual plan of reorganization will likely be a channeling injunction, pursuant to which all current and future asbestos-related claims and demands against the Debtors will be channeled to a trust established to equitably distribute available assets to holders of all such allowed claims and demands. A channeling injunction is permitted by, among other

authority, section 524(g) of the Bankruptcy Code and may be issued if a number of specific conditions are met, including the appointment of a legal representative for the purpose of protecting the rights of persons that might subsequently assert future demands' against the Debtors. See 11 U.S.C. § 524(g)(4)(B).

5. Congress and the Courts have recognized the need, in chapter 11 cases involving asbestos claims, to protect and represent the interests of persons who may have claims and/or demands against a debtor arising in the future ("Future Claimants"), and have directed Bankruptcy Courts to appoint a legal representative (the "Future Representative") for Future Claimants in cases where a channeling injunction is sought. See 11 U.S.C. § 524(g)(4)(B)(i); In re Amatex Corp., 755 F.2d 1034, 1042 (3rd Cir. 1985).

6. The appointment of a Future Representative will facilitate the negotiation of a consensual plan of reorganization by assuring that all parties in interest, including Future Claimants, will have a fair opportunity to participate in the process.

7. Throughout the course of these cases, the Debtors have had discussions with the various Creditors' Committees and their respective legal and financial advisors, with respect to the appropriate Future Representative. Following careful consideration of several potential candidates for Future Representative all known to this Court, the Debtors have determined, in their sound business judgment, that C. Judson Hamlin is well qualified to represent the interests of any and all persons described in section 524(g)(4)(B)(i) of the Bankruptcy Code who may assert demands (as that term is defined in section 524(g)(5) of the

Bankruptcy Code) against one or more of the Debtors, and therefore, should be appointed as the Future Representative for such persons in these cases.

### Qualifications of Mr. Hamlin

8.  Mr. Hamlin is one of the nation's leading litigators in class actions, toxic torts, products liability, insurance coverage and reinsurance litigation, and other complex litigation matters. Mr. Hamlin is a member of the Middlesex County Bar Association, the New Jersey State Bar Association, The Association of the Federal Bar and the American Bar Association. He is a Life Fellow of the American Bar Foundation. He currently serves as a trustee of the Middlesex County Bar Association, the Trial Attorneys of New Jersey Association and is a member of the Vicinage VIII Ethics Committee upon appointment of the Supreme Court.

9.  Mr. Hamlin was appointed to the New Jersey Superior Court bench in 1978. While on the bench he served in both the Criminal and Civil Divisions. He concluded his judicial service as Presiding Judge of the Civil Division of Middlesex County for two and one half years and as Presiding Judge of the Chancery Division for two years. During his judicial tenure, Mr. Hamlin was assigned statewide responsibility for complex Mass Tort matters. He managed statewide litigation involving breast implants, Norplant contraceptive devices, the Global Landfill, large scale environmental claims, the Durham Woods Gas pipeline explosion cases, and complex coverage actions. He presided over and successfully completed the Prudential Brokerage Class Actions filed in New Jersey. Mr. Hamlin sat on several New Jersey Supreme Court Committees and was appointed in 1993 to be the sole New Jersey representative

on the Mass Tort Litigation Committee of the National Conference of State Chief Justices. Most recently he was appointed to chair the Mass Tort Advisory Committee of the New Jersey Supreme Court.

10. Mr. Hamlin has extensive experience with large mass tort cases and related claims and issues. Mr. Hamlin was appointed as the Interim Claims Administrator of the National Diet Drug Class Action Settlement Trust. Upon judicial approval of the Class Action Settlement, Mr. Hamlin was appointed as Executive Director of Claims Administration for the Trust in which capacity he served through 2001. In that capacity he formulated claims procedures, supervised staff and interacted with the Courts, counsel for the parties and a 400,000 claimant base. At the conclusion of his tenure the Trust had paid out over $500 million in compensation as well as providing free Transthoracic Echocardiograms for 125,000 claimants. Mr. Hamlin has been appointed to act as the Representative of Future Claimants in the G-1 chapter 11 cases.

11. In addition, Mr. Hamlin's long involvement in mass torts has led to his appointment by this Court to act as a special consultant and case manager in six asbestos chapter 11 cases. Mr. Hamlin was appointed as Compliance Master by the Superior Court of New Jersey in 2002 for the Cooper Tire $2 billion national class action settlement which resolved consumer claims and reconfigured manufacturing, inspection and warranty practices nationwide. His duties include monitoring compliance, interpreting requirements of the settlement agreement and reporting to the Court. Mr. Hamlin currently oversees the New Jersey Pension Fund's efforts to recoup its multi billion dollar losses. In that capacity he coordinated the selection of securities

litigation firms retained by the State and supervised multi jurisdiction litigation in which the State of New Jersey became lead party in the five national class action filings. A copy of Mr. Hamlin's curriculum vitae is attached hereto as Exhibit A.

13. Accordingly, the Debtors propose that Mr. Hamlin serve as the Future Representative to represent the interests of the Future Claimants of the Debtors.

12. The Debtors believe that Mr. Hamlin's many years of practical experience and involvement in the resolution of substantial numbers of mass tort claims make him well qualified to fully comprehend the relevant issues in the Debtors' chapter 11 cases and to competently and effectively represent the interests of Future Claimants. Further, his knowledge of judicial procedure and the bankruptcy and claims process will be a significant benefit to the Future Claimants.

13. Accordingly, the Debtors propose that Mr. Hamlin serve as the Future Representative to represent the interests of the Future Claimants of the Debtors.

### Mr. Hamlin's Disinterestedness

14. To the best of the Debtors' knowledge, and as shown by the Verified Statement of Mr. Hamlin, attached hereto as Exhibit B, (a) Mr. Hamlin is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code and referenced by section 328(c) of the Bankruptcy Code, and holds no interest adverse to the Debtors or their estates for the matters for which Mr. Hamlin is to be employed and (b) Mr. Hamlin has no connection to the Debtors, their creditors or their related parties herein except as disclosed in the Verified Statement.

### Terms of Retention

15. The Debtors request that Mr. Hamlin be appointed as Future Representative under the following terms:

    a. <u>Standing</u>. The Future Representative shall have standing under section 1109(b) of the Bankruptcy Code to be heard as a party-in-interest in all matters relating to the Debtors' chapter 11 cases, and shall have, <u>inter alia</u>, the powers and duties of a committee, which powers and duties may be modified by order of the Court at any time during these cases.

    b. <u>Engagement of Professionals</u>. The Future Representative may employ attorneys, and other professionals, consistent with sections 327 and 1103 of the Bankruptcy Code, subject to prior approval of this Court and pursuant to (a) the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, dated May 3, 2001, effective as of April 2, 2001 and (b) the Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, dated April 17, 2002 (together, the "Administrative Compensation Order") entered by this Court.

    c. <u>Compensation</u>. Compensation, including professional fees and reimbursement of expenses, shall be payable to the Future Representative and his professionals from the Debtors' estates, subject to approval of this Court, and in accordance with the terms, conditions, and procedures set forth in the Administrative Compensation Order. The Debtors

and Mr. Hamlin have agreed that Mr. Hamlin shall be compensated at the rate of $500.00 per hour.

        d.      <u>Liability Indemnity of Future Representative</u>. The Future Representative shall not be liable for any damages, or have any obligations other than as prescribed by orders of this Court; <u>provided</u>, <u>however</u>, that the Future Representative may be liable for damages caused by his willful misconduct or gross negligence. The Future Representative shall not be liable to any person as a result of any action or omission taken or made by the Future Representative in good faith. The Debtors shall indemnify, defend and hold the Future Representative and his agents and professionals harmless from any claims by any party against the Future Representative arising out of or relating to the performance of his duties as Future Representative, <u>provided</u>, <u>however</u>, that the Future Representative (and his agents and professionals), shall not have such indemnification rights if a court of competent jurisdiction determines pursuant to a final and non-appealable order that the Future Representative is liable upon such claim as a result of willful misconduct or gross negligence. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order and no longer subject to appeal), and (ii) entry of an order closing these chapter 11 cases, the Future Representative believes that he is entitled to payment for any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under this Order, including without limitation the advancement of defense costs, the Future Representative must file an application therefor in this Court, and the Debtors may not pay any such amounts to the Future Representative before the entry of an order by this Court

approving the payment. The preceding sentence is intended to specify the period of time under which this Court shall have the jurisdiction over any request for fees and expenses by the Future Representative for indemnification, contribution or reimbursement and is not a limitation on the duration of the Debtors' obligation to indemnify the Future Representative. In the event that a cause of action is asserted against the Future Representative arising out of or relating to the performance of his duties as Future Representative, the Future Representative shall have the right to choose his own counsel.

    e. <u>Right to Receive Notices</u>. The Future Representative and his counsel shall be entitled to receive all notices and pleadings which are served upon the Committees and their respective counsel pursuant to any and all orders entered in these chapter 11 cases, including, without limitation, (i) the Administrative Compensation Order, and (ii) any and all orders authorizing the Debtors to obtain postpetition financing.

    16. For all of the foregoing reasons, the Debtors submit that the appointment of Mr. Hamlin as Future Representative is in the best interest of the Debtors, their estates, and all creditors and parties in interest, including the Future Claimants of the Debtors.

## Notice

    17. Notice of this Application has been given to: (i) the United States Trustee, (ii) counsel to the DIP Lender, (iii) counsel to all official committees appointed by the United States Trustee and (iv) all those parties that requested service and notice of papers in accordance with Fed R. Bankr. P. 2002. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

### No Prior Request

18.    No prior Motion for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Debtors request that the Court enter an order appointing C. Judson Hamlin as the Future Representative in accordance with the terms and conditions set forth herein, and grant such further relief as is just and proper.

Dated:  October 13, 2003

>    KIRKLAND & ELLIS
>    James H.M. Sprayregen, P.C.
>    Janet S. Baer
>    James W. Kapp III
>    Christian J. Lane
>    200 East Randolph Drive
>    Chicago, Illinois 60601
>    (312) 861-2000
>
>    and
>
>    PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.
>
>    _____
>    Laura Davis Jones (Bar No. 2436)
>    Scotta McFarland (Bar No. 4184)
>    David W. Carickhoff, Jr. (Bar No. 3715)
>    919 North Market Street, 16th Floor
>    P.O. Box 8705
>    Wilmington, DE 19899-8705 (Courier 19801)
>    Telephone: (302) 652-4100
>    Facsimile: (302) 652-4400
>
>    Co-Counsel for the Debtors and Debtors in Possession