# EXHIBIT A

W.R. Grace & Co.-Conn. et al.
District of Delaware, Bankruptcy Case No. 01-01139

Exhibit A

| Debtor: | Settling Parties: | Description of Settlement |
|---|---|---|
| W. R. Grace & Co. – Conn. ("Grace") | Tubal-Cain Industries, Inc. ("Tubal-Cain") v. W.R. Grace & Co.-Conn. | Pursuant to a purchase order dated January 16, 2002, Tubal-Cain agreed to detail, fabricate, galvanize and deliver structural steel and other specified goods and services to Grace for a structure to be erected in Grace's property in Lake Charles, Louisiana. Tubal-Cain provided such materials and services to Grace, but Grace resisted paying Tubal-Cain's final invoice of $209,100.65 in full due to certain charges on that invoice that Grace believed were not appropriate and due to various change orders Grace claimed were required to adjust for work by Tubal-Cain that was out of specification and/or otherwise deficient. While the parties attempted to resolve their dispute, Tubal-Cain filed suit (*Tubal-Cain Industries, Inc. v. W.R. Grace & Company, d/b/a Grace Davison*, 14th Judicial District Court, Parish of Calcasieu, State of Louisiana, No. 2003-3883, Division "A"), claiming damages of $209,100.65 plus costs and attorneys fees, and placed a materialman's lien on the relevant Grace real property in Lake Charles. After filing this suit, and as the parties attempted to negotiate a settlement, Tubal-Cain threatened to amend its complaint to include an additional $200,000 in costs it incurred on the project and that it claimed Grace was required to pay.<br><br>The parties have now reached an agreeable settlement on these claims. In order to compensate Tubal-Cain for all of its claims (pending or otherwise) against Grace, Grace has agreed to pay Tubal-Cain a sum of $157,347.36, plus court costs incurred by Tubal-Cain of up to $250.00 (total settlement amount: no more than $157,597.36), promptly upon approval of this settlement pursuant to the Court Order. In return, Tubal-Cain will dismiss its case with prejudice and release its materialman's lien.<br><br>The settlement is considered fair and reasonable because (i) Grace does not dispute certain portions of Tubal-Cain's claims, and in order to obtain a judgment in court for less than the settlement amount, Grace would carry the burden to prove the value of and necessity for a substantial number of change orders, which would be document intensive and thus potentially expensive, and the results of which would be uncertain; (ii) it ends the case and avoids the costs of litigation and appeals; and (iii) the materialman's lien is released. |