## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| W.R. Grace & Co., <u>et al.</u>, | ) Case No. 01-01139 (JKF) |
|  | ) |
| Debtors. | ) Jointly Administered |
|  | ) |

## NOTICE OF SERVICE OF SUBPOENA

I, Jennifer L. Scoliard, hereby certify that on October 30, 2003, the attached Subpoena

was served upon **Purcell, Ries, Shannon, Mulcahy & O'Neill, Attn: Thomas M. Mulcahy,**

**Managing Partner,** at One Pluckemin Way Crossroads Business Center -- P.O. Box 754,

Bedminster, NJ 07921.

Dated: November 17, 2003

**KLEHR, HARRISON, HARVEY,**
**BRANZBURG & ELLERS LLP**

By: _/s/ Jennifer L. Scoliard_
      Joanne B. Wills (#2357)
      Jennifer L. Scoliard (#4147)
      919 Market Street, Suite 1000
      Wilmington, DE 19809-3062
      (302) 426-1189

**WILLKIE FARR & GALLAGHER LLP**
787 Seventh Avenue
New York, NY 10019
(212) 728-8000

Counsel for Unofficial Committee
Of Unsecured Creditors

B256 (11/91) Subpoena in a Case under the Bankruptcy Code

# UNITED STATES DISTRICT COURT

DISTRICT OF_____New Jersey_____

| | |
|---|---|
| In re    W.R. Grace & Co., et. al<br><br>W.R. Grace & Co., et. al.,    Debtors | **SUBPOENA IN A CASE PENDING IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE** |

| | |
|---|---|
| To:    **Purcell, Ries, Shannon, Mulcahy & O'Neill**<br>**Attn:  Thomas M. Mulcahy, Managing Partner**<br>**One Pluckemin Way**<br>**Crossroads Business Center -- P.O. Box 754**<br>**Bedminster, NJ  07921** | Case No. <u>01-01139 (JKF)</u><br>JOINTLY ADMINISTERED<br>Related Docket. No. <u>4575</u><br>Chapter _____11_____ |

**or any responsible officer or records custodian.**

☐    YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date and time specified below to testify in the above case.

| PLACE | COURTROOM |
|---|---|
| | DATE AND TIME |

☐      YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE | DATE AND TIME |
|---|---|

■      **YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):**

**PLEASE SEE ATTACHED DEFINITIONS, INSTRUCTIONS AND DOCUMENTS REQUESTED**

| PLACE<br>**Willkie Farr & Gallagher**<br>**Attn:  Richard Mancino, Esquire**<br>**787 Seventh Avenue**<br>**New York NY  10019-6099** | DATE AND TIME<br><br>**November 7, 2003 by 5:00 p.m.** |
|---|---|

☐      YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any subpoenaed organization not a party to this proceeding case shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Fed. R. Civ. Pr. 30(b)(6) made applicable to this proceeding by Rule 7030, Fed. R. Bankr. P. See Rules 1018 and 9014, Fed. R. Bankr. P.

| ISSUING OFFICER SIGNATURE AND TITLE<br>Counsel to D.K. Acquisition Partners, L.P., Bear, Stearns & Co. Inc., Fernwood Associates, L.P. and Deutsche Bank Trust Company Americas (collectively, the "Unofficial Committee") | DATE<br>November 17, 2003 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Joanne B. Wills, Klehr, Harrison, Harvey, Branzburg & Ellers, LLP, 919 Market Street, Suite 1000, Wilmington, DE 19801
Direct Dial 302-552-5555, e-mail: jwills@klehr.com

B256 (11/91) Subpoena in a Case under the Bankruptcy Code

## PROOF OF SERVICE

| SERVED | DATE | PLACE |
|---|---|---|
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
　　　　　　　　　DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D made applicable in cases under the Bankruptcy Code by Rule 9016, Fed. R. Bank. P.

(c)  PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

　　(1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorneys fee.

　　(2)(A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

　　(B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

　　(3)(A)  On a timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

　　　　(i)  fails to allow reasonable time for compliance;

　　　　(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

　　　　(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or

　　　　(iv)  subjects a person to undue burden.

　　(B)  If a subpoena

　　　　(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or

　　　　(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

　　　　(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)　DUTIES IN RESPONDING TO SUBPOENA.

　　(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

　　(2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

---

INDEX NO.: 01-01139 (JKF)

IN RE W.R. GRACE & CO. ET AL
Plaintiff(s), Petitioner(s)

against

**AFFIDAVIT OF SERVICE**

Defendant(s), Respondent(s)

---

STATE OF NEW JERSEY: COUNTY OF SOMERSET:   ss:

**JENNIFER COX** being duly sworn deposes and says: that deponent is not a party to this action, is over 18 years of age and resides in New Jersey.

That on **October 30, 2003 at 10:10 AM** at **Attn: Thomas M. Mulcahy, Managing Partner of any authorized, One Pluckemin Way, Crossroads Business Center, Bedminster, NJ 07921**, deponent served the within **United States District Court Subpoena** on **Purcell Rhies Shannon Mulcahy & O'Neill**, Witness. *(Defendant/Respondent)* herein known as Recipient.

Said service was effected in the following manner;

# CORPORATION/
# BUSINESS ENTITY

A domestic/foreign corporation, by delivering thereat a true copy of each to **Donna O'shea** personally. Deponent knew said Purcell Rhies Shannon Mulcahy & O'Neill so served to be the domestic/foreign corporation, described as **Purcell Rhies Shannon Mulcahy & O'Neill** and knew said individual to be the **Receptionist** thereof, authorized to accept service of process.

Deponent describes the individual served to the best of deponent's ability at the time and circumstances of service as follows:
Sex: **Female** Skin: **Caucasion** Hair: **Brown** Age(Approx): **40-45** Height(Approx): **5' 5"** Weight(Approx): **120-130 lbs** Other:

I certify that the foregoing statements made by me are true and correct. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Sworn to before me on Thursday, October 30, 2003

_____

**TINA GIORDANO**
**NOTARY PUBLIC OF NEW JERSEY**
**Commission Expires 3/11/2006**

_____
JENNIFER COX, PROCESS SERVER

## PROOF OF SERVICE

| | DATE | PLACE *Purcell Rhies Shannon Mulcahy + O'Neill* |
|---|---|---|
| SERVED *10:10 AM* | *October 30, 2003* | *One Pluckemin Way, Crossroads Business Center Bedminster, NJ 07921* |

| | | |
|---|---|---|
| SERVED ON (PRINT NAME) *Donna O'Shea Receptionist* | | MANNER OF SERVICE *Person to Person* |
| SERVED BY (PRINT NAME) *Jennifer Cox* | | TITLE *Process Server* |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

*212 Somerset Street*
ADDRESS OF SERVER
*Bound Brook, NJ 08805*

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D made applicable in cases under the Bankruptcy Code by Rule 9016, Fed. R. Bank. P.

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorneys fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On a timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

PHIL1 543029-1

## DEFINITIONS

1.    "Five Asbestos Cases" refers to the following cases pending in the United States District Court for the District of Delaware: *In re W.R. Grace & Co. et al.,* Nos. 01-1139 through 01-1200; *In re Armstrong World Industries, Inc. et al., Nos. 00-*4471, 00-4469, 00-4470; *In re Federal-Mogul Global, Inc., T&N Limited, et al.,* Nos. 01-10578 *et al.; In re USG Corp. et al.,* Nos. 01-2094 through 01-2104; *In re Owens-Corning, et al.,* No. 00-03937.

2.    *"G-I Holdings"* refers to *In re G-I Holdings Inc.,* No. 01-30135 (RG) (Bankr. D.N.J.).

3.    "Judge Wolin" refers to the Hon. Alfred Wolin, U.S. District Judge for the District of New Jersey, and to members of his staff, including law clerks, courtroom deputies, secretaries, and interns.

4.    "Debtors" refers to debtors and debtors in possession.

5.    "Person" and "you" (in all their forms) means any natural person or any business, legal, or governmental entity or association.

6.    "All" and "each" shall be construed as all and each.

7.    "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these document requests any information which might otherwise be construed to be outside their scope.

8.    The use of the singular form of any word includes the plural and vice versa.

9.    "Concerning" means relating to, referring to, describing, evidencing, constituting or in any way factually related to.

10.    "Documents" shall have the broadest possible meaning including, but not limited to, papers, reports, notes, correspondence, and electronic or other computerized information or data.  A draft or non-identical copy (or which, by reason of subsequent modifications,

including but not limited to underlining, showing of blind copies, crossing out, initials,

comments, signatures, documents attached, clipped or stapled or referring thereto, etc.,

are no longer identical) is a separate document within the meaning of this term and each

shall be produced.

## INSTRUCTIONS

11.   Unless otherwise specified, the subpoena calls for documents created on or after October

      5, 2000.

12.   In responding to this subpoena, you are directed to furnish all responsive documents

      available at the time of production, and to supplement your responses whenever

      necessary, in accordance with the Federal Rules of Civil Procedure and the Federal Rules

      of Bankruptcy Procedure.

13.   The documents produced shall be organized and labeled so as to correspond with the

      categories of this request, as set forth in the numbered paragraphs below, or shall be

      produced as they are kept in the ordinary course of business.

14.   If any documents requested are claimed to be privileged, please list the following for each

      document so claimed:

      a.    A description of the nature and contents of the document claimed to be privileged;

      b.    The name, job title, and capacity of the person from whom the supposedly

            privileged document emanated and to whom the supposedly privileged document

            was sent, including any cc:'s;

      c.    The date the document bears or was created, or both; and

      d.    The nature of the privilege claimed.

2

15.    When a claim is made that a portion of a document is protected from disclosure by a

privilege, any non-privileged portions of the document shall be produced.

## DOCUMENTS REQUESTED

1.    Any and all documents, including, but not limited to, time records, memoranda, e-mail,

telephone bills, and handwritten notes, concerning any services performed in connection

with the Five Asbestos Cases.

2.    Any and all documents concerning service, whether potential or actual, as a

representative for the holders of present or future asbestos claims or demands, or as

counsel for any such potential or actual representative, in any of the Five Asbestos Cases.

3.    Any and all documents concerning communications with the Debtors or any of their

officers, directors, representatives, counsel or advisors in In re W.R. Grace & Co. , et al..

4.    Any and all documents concerning communications by or between you and William A

Drier, Esq., David R. Gross, Esq., John E. Keefe, Esq., and Professor Francis E.

McGovern concerning In re W.R. Grace & Co., et al..

5.    For the period January 1, 1993 to the present, any and all documents sufficient to identify

any cases in which you acted or sought to act as counsel to tort plaintiffs in asbestos

cases, the nature of the actual or intended representation, and the services performed.

6.    All resumes, CVs, or bios for you.

7.    Any articles, presentations, or other materials for public circulation that you and lawyers

in the firm have authored relating to asbestos or mass torts.

3