IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| W.R. GRACE & CO., et al., | : | |
| | : | |
| Debtors. | : | Bankruptcy No.  01-1139 (JKF) |
| | : | Jointly Administered |

**Objection Deadline: October 10, 2003**
**Hearing Date: October 27, 2003 at Noon**

**OBJECTION OF UNITED STATES TRUSTEE TO APPLICATION OF THE DEBTORS FOR ORDER AUTHORIZING RETENTION OF PROTIVITI LLP AS SARBANES-OXLEY COMPLIANCE CONSULTANT (Dkt. No. 4459)**

COMES NOW Roberta A. DeAngelis, the Acting United States Trustee ("UST") for this District, by and through her counsel, and objects to the Application Of The Debtors for Order Authorizing the Retention of Protiviti LLP as Sarbanes-Oxley Compliance Consultant (the "Application") as set forth below:

1. Pursuant to 28 U.S.C. § 586 , the UST is charged with the administrative oversight of cases commenced pursuant to Title 11, United States Code.

2. Pursuant to 11 U.S.C. § 307 the UST has standing to be heard.

3. The UST objects to the Application to the extent that it seeks approval of Protiviti's retention *nunc pro tunc* to June 30, 2003, on the grounds that nunc pro tunc approval of the retention is not warranted under the standards for nunc pro tunc approval of professional retentions as set forth in *F/S Airlease II, Inc. v. Simon*, 844 F.2d 99, 105-09 (3d Cir.), cert. denied, 488 U.S. 852 (1988) and *In re Arkansas Co.*, 798 F.2d 645, 649-541 (3d Cir. 1986).  The Application was filed on September 22, 2003.  Therefore, Debtors seek retroactive approval of

Protiviti's retention for a period of nearly three months. The Application explains this delay by stating the conflict check took "several weeks" to complete. However, that does not account for the delay of nearly three months in seeking retention. The Application also recites that Protiviti's usual outside counsel was already representing another party in the case and as a result Protiviti was required to retain alternative counsel. However, once again, the Application does not thereby fully explain the delay; indeed, the Application does not recite when Protiviti became aware that it would need alternate counsel, what efforts were undertaken to obtain counsel or when alternate counsel was retained.

4. The UST reserves the right to conduct discovery regarding the Application and to amend this Objection to assert such other grounds as may become apparent upon further factual discovery.

WHEREFORE, the UST respectfully prays this Honorable Court to deny the Application and for such other relief at law and in equity as this Honorable Court may deem to be proper.

Respectfully submitted,

**ROBERTA A. DeANGELIS**
**ACTING UNITED STATES TRUSTEE**

BY:   /s/ **Frank J. Perch, III**
Frank J. Perch, III, Esquire
Assistant United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Room 2207, Lockbox 35
Wilmington, DE  19801
(302) 573-6491
(302) 573-6497 (Fax)

DATED: October 12, 2003