IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO. et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

## TENTH QUARTERLY VERIFIED APPLICATION OF CARELLA, BYRNE, BAIN, GILFILLAN, CECCHI, STEWART & OLSTEIN FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO W.R. GRACE & CO., ET AL., FOR THE INTERIM PERIOD FROM JULY 1, 2003 THROUGH SEPTEMBER 30, 2003

Pursuant to sections 327, 330 and 331 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Fed. R. Bankr. P. 2016, the Retention Order (as defined below), the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Professionals and Official Committee Members (the "Interim Compensation Order") and Del. Bankr. LR 2016-2, the law firm of

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. -Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food `N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (Ma Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G_ C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners 1, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Curving, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein ("CBBG") as special litigation and environmental counsel for the above-captioned debtors and debtors in possession (collectively, "Debtors") in connection with their chapter 11 cases, hereby applies for an order allowing it (i) compensation in the amount $195,574.00 for the reasonable and necessary legal services CBBG has rendered to the Debtors and (ii) reimbursement for the actual and necessary expenses that CBBG incurred in the amount of $13,638.05 (the "Application"), for the interim quarterly period from July 1, 2003 through September 30, 2003 (the "Fee Period").   In support of this Application, CBBG states as follows:

### Retention of CBBG

1.      On April 2, 2001 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").   On April 2, 2001, the Court entered an order procedurally consolidating the Chapter 11 Cases for administrative purposes only.   Since the Petition Date, the Debtors have continued to operate their businesses and manage their properties as Debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      By this Court's order dated March 18, 2002, the Debtors were authorized to retain CBBG as their special counsel, effective as of February 1, 2002, with regard to environmental and litigation matters (the "Retention Order").   The Retention Order authorizes the Debtors to compensate CBBG at hourly rates charged by CBBG for services of this type and to be reimbursed for actual and necessary out-of-pocket expenses that it incurred, subject to application to this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, all applicable local rules and orders of this Court.

## Monthly Interim Fee Applications Covered Herein

3.      Pursuant to the procedures set forth in the Interim Compensation Order, professionals may apply for monthly compensation and reimbursement (each such application, a "Monthly Fee Application"), and the notice parties listed in the Interim Compensation Order may object to such request.   If no notice party objects to a professional's Monthly Fee Application within twenty (20) days after the date of service of the Monthly Fee Application, the applicable professional may submit to the Court a certification of no objection whereupon the Debtors are authorized to pay interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested.

4.      Furthermore, and also pursuant to the Interim Compensation Order, professionals are to file and serve upon the notice parties a quarterly request (a "Quarterly Fee Application") for interim Court approval and allowance of the Monthly Fee Application filed during the quarter covered by the Quarterly Fee Application.   If the Court grants the relief requested by the Quarterly Fee Application, the Debtors are authorized and directed to pay the professionals 100% of the fees and expenses requested in the Monthly Fee Applications covered by that Quarterly Fee Application less any amounts previously paid in connection with the Monthly Fee Applications.  Any payment made pursuant to the Monthly Fee Applications or a Quarterly Fee Application is subject to final approval of all fees and expenses at a hearing on the professional's final fee application.

5.      This is the seventh Quarterly Fee Application (designated as the Tenth Quarterly Interim Fee Application) for compensation for services rendered that CBBG has filed with the Bankruptcy Court in connection with the Chapter 11 Cases, which covers the Fee Period of July 1, 2003 through September 30, 2003.

6.    CBBG has filed the following Monthly Fee Applications for interim compensation during this Fee Period:

(a)    Verified application of Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein for compensation for services and reimbursement of expenses as special counsel to W.R. Grace & Co., et al., for the interim period of July 1, 2003 through July 31, 2003 (the "July Fee Application"), attached hereto as Exhibit A.[2]

(b)    Verified application of Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein for compensation for services and reimbursement of expenses as special counsel to W.R. Grace & Co., et al., for the interim period of August 1, 2003 through August 31, 2003 (the "August Fee Application"), attached hereto as Exhibit C.

(c)    Verified application of Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein for compensation for services and reimbursement of expenses as special counsel to W.R. Grace & Co., et al., for the interim period of September 1, 2003 through September 30, 2003 (the "September Fee Application"), attached hereto as Exhibit D.

7.    The period for objecting to the fees and expense reimbursement requested in the July Fee Application and August Fee Application have expired and no objections have been filed. The period for objecting to the fees and expense reimbursement requested in the September Fee Application will expire on November 6, 2003.

8.    CBBG has advised and represented the Debtors in connection with environmental and litigation matters.

---

[2]   The July Fee Application sought $9,812.01 in expenses. Part of the expenses included in-house photocopy charges. CBBG's in-house photocopies are usually charged at the rate of $0.25. By email dated September 2, 2003, Byron Jefferds inquired as to the in-house photocopy rate. By email dated September 4, 2003, CBBG voluntarily reduced the expenses sought in the July Fee Application (CBBG's Seventeenth Monthly Fee Application) by $168.00 to reflect a charge of $0.15 as permitted by the Local Bankruptcy Rules. A copy of the September 2, 2003 and September 4, 2003 emails are attached hereto as Exhibit B.

### Explanation For More Than One Professional
### Attending/Participating in Conferences/Meetings

9.      Two of the attorneys at CBBG who are involved with the *Interfaith Community Organization v. Honeywell International, Inc.* (*"ICO"*) matter are John M. Agnello, Esq. ("JMA") and Melissa E. Flax, Esq. ("MEF").

10.     On July 1, 2003 and July 7, 2003, both JMA and MEF participated in the same meetings/conferences with other attorneys not from CBBG which meetings related to the preparation of the petition for fees, expert costs and expenses under the Resource Conservation and Recovery Act ("RCRA").  The Grace Defendants were successful on their RCRA claim and the District Court ordered an award of fees, expert costs and expenses with respect to the Grace Defendants' RCRA claim.  The RCRA Fee Petition was comprised of CBBG's fees, costs and expenses and Wallace King Marraro & Branson's fees, costs and expenses.

JMA is co-lead trial counsel with Christopher H. Marraro, Esq. of Wallace, King, Marraro & Branson.  As co-lead trial counsel, JMA's participation in the preparation and content of the RCRA Fee Petition was essential to the Grace Defendants' recovery of its fees, costs and expenses under the RCRA claim.

MEF is part of the litigation trial team.  As part of the litigation trial team, MEF's participation was required because MEF was responsible for the coordination and preparation of the RCRA Fee Petition to be filed with the Court.  MEF was also responsible for drafting portions of the RCRA Fee Petition.

11.     On July 8, 2003, both JMA and MEF participated in a conference call with other attorneys not from CBBG which call concerned the preparation of the Grace Defendants' corporate disclosures to be filed with the United States Court of Appeals for the Third Circuit.

JMA is co-lead trial counsel with Christopher H. Marraro, Esq. of Wallace, King, Marraro & Branson. As co-lead trial counsel, JMA's participation in the preparation and content of the corporate disclosures was important with respect to the appellate process.

MEF is part of the litigation trial team. As part of the litigation trial team, MEF's participation was required because MEF was responsible for preparing and filing the corporate disclosures for each of the Grace Defendants.

### Travel Expense

12.    In the July Fee Application, a travel expense in the amount of $5.85 is listed for JKK. This expense represents reimbursement for mileage at the rate of $0.225 per mile (26 miles). In the August Fee Application, a travel expense in the amount of $14.80 is listed for JKK. This expense has two components. JKK incurred a parking charge in the amount of $8.95 and mileage reimbursement for twenty-six (26) miles at the rate of $0.225 per mile for a total of $5.85.

### Requested Relief

13.    By this Tenth Quarterly Fee Application, CBBG requests that the Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by CBBG for the Fee Period, which is from July 1, 2003 through September 30, 2003, as detailed in the Applications, less any amounts previously paid to CBBG pursuant to the Application and the procedures set forth in the Interim Compensation Order. As stated above, the full scope of services provided and the related expenses incurred are fully described in the Applications, which are attached as Exhibits A, B, C and D.

14.     CBBG may have in the past represented, may currently represent, and likely in the future will represent parties-in-interest in connection with matters unrelated to the Debtors and the Chapter 11 Cases. CBBG disclosed in the Affidavits its connection to parties-in-interest that it has been able to ascertain using its reasonable efforts. CBBG will update the Affidavits when necessary and when CBBG becomes aware of material new information.

### Representations

15.     CBBG believes that the Application is in compliance with the requirements of Del.Bankr.LR 2016-2.

16.     CBBG performed the services for which it is seeking compensation on behalf of or for the Debtors and their estates, and not on behalf of any committee, creditor or other person.

17.     CBBG has not received payment for the July Fee Application. The total amount requested in the July Fee Application was $87,915.61. The total amount outstanding from the July Fee Application (including the $87,915.61) is $107,483.51. CBBG has not received payment for the August Fee Application. The total amount requested in the August Fee Application was $50,963.00. The total amount outstanding from the August Fee Application (including the $50,963.00) is $63,212.20. CBBG has not received payment for the September Fee Application. The total amount requested in the September Fee Application was $31,247.94. The total amount outstanding from the September Fee Application (including the $31,247.94) is $38,545.64.

18.     Pursuant to Fed. R. Bank. P. 2016(b), CBBG has not shared, nor has agreed to share (a) any compensation it has received or may receive with another party or person other than with the partners, counsel and associates of CBBG, or (b) any compensation another person or party has received or may receive in connection with the Chapter 11 Cases.

7

WHEREFORE, CBBG respectfully requests that the Court enter an order providing (a) that, for the Fee Period, July 1, 2003 through September 30, 2003, an administrative allowance be made to CBBG in the sum of (i) $195,574.00 as compensation for reasonable and necessary professional services rendered to the Debtors and (ii) in the sum of $13,638.05 for reimbursement of actual and necessary costs and expenses incurred, for a total of $202,212.05, (b) that the Debtors be authorized and directed to pay CBBG the outstanding amount of such sums less any sums previously paid to CBBG pursuant to the Applications and the procedures set forth in the Interim Compensation Order; and (c) that this Court grant such further relief as is equitable and just.

Roseland, New Jersey
Dated: October 20, 2003

Respectfully submitted,

CARELLA, BYRNE, BAIN, GILFILLAN, CECCHI, STEWART & OLSTEIN

John M. Agnello
6 Becker Farm Road
Roseland, New Jersey 07068
(973) 994-1700

**PROJECT AND EXPENSE CATEGORIES**
**TO NINTH QUARTERLY INTERIM FEE APPLICATION**
**(JULY 1, 2003 THROUGH SEPTEMBER 30, 2003)**

| Name of Professional Person | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| John M. Agnello | Partner –24 yrs | $340 | 406.90 | $136,051.00 |
| Melissa E. Flax | Partner –11 yrs | $225 | 140.60 | $31,635.00 |
| Kenneth L. Winters | Partner – 23 yrs | $250 | 11.10 | $2,775.00 |
| Jeffrey A. Cooper | Partner – 23 yrs | $330 | 15.40 | $5,082.00 |
| Richard K. Matanle | Of Counsel – 26 yrs | $260 | 1.30 | $338.00 |
| Robert C. Scrivo | Associate –14 yrs | $210 | 86.90 | $18,249.00 |
| Jake K. Kubert | Associate – 1 yr | $140 | 5.00 | $609.00 |
| Marc D. Miceli | Associate – 4 yrs | $175 | 1.30 | $227.50 |
| Laura Florence | Paralegal | $75 | 6.80 | $510.00 |
| Oliver Rogers | Paralegal | $75 | 1.30 | $97.50 |

| | |
|---|---|
| Grand Total: | $195,574.00 |
| Blended Rate: | |

**COMPENSATION BY PROJECT CATEGORY**

| Project Category (Examples) | Total Hours | Total Fees | Cumulative Fees |
|---|---|---|---|
| Asset Analysis and Recovery | | | |
| Asset Disposition | | | |
| Business Operations | | | |
| Case Administration | | | |
| Claim Analysis Objection Resolution & Estimation (Asbestos) | | | |
| Claim Analysis Objection Resolution & Estimation (Non-Asbestos) | | | |
| Committee (All – Creditors', Noteholders', Equity Holders', etc) | | | |
| Employee Benefits/Pensions | | | |
| Employment Applications, Applicant | | | |
| Employment Applications, Others | | | |

| | | | |
|---|---|---|---|
| Expenses | | $13,638.05 | $54,271.20[1] |
| Fee Applications, Applicant | 47.60 | $11,503.50 | $51,718.00 |
| Fee Applications, Others | | | |
| Financing | | | |
| Hearings | | | |
| Litigation and Litigation Consulting | 614.20 | $181,684.50 | $1,083,939.50 |
| Plan and Disclosure Statement | | | |
| Relief from Stay Proceedings | | | |
| Tax Issues | | | |
| Tax Litigation | | | |
| Travel – non-working | 14.80 | $2,386.00 | $12,915.25 |
| Valuation | | | |
| ZAI Science Trial | | | |
| ZAI Science Trial – Expenses | | | |
| Other (Explain) | | | |

---

[1] The total amount of expenses reflects the voluntary reduction of $3,559.60 as set forth in the Fee Auditor's Final Report regarding Carella Byrne's 9th Quarterly Fee Application.

2

**EXPENSE SUMMARY**

| Expense Category (Examples) | Service Provider (if applicable) | Total Expenses | Cumulative Expenses |
|---|---|---|---|
| Computer Assisted Legal Research | Westlaw/Pacer | $1,912.75 | $3,108.72 |
| Facsimile (with rates) | | $593.00 ($1.00 per page) | $2,894.00 |
| Long Distance Telephone | | $771.19 | $3,896.48 |
| In-House Reproduction | | $905.85 ($0.15 per page) | $6,245.25[2] |
| Outside Reproduction | Document Express U.S. District Court | $5,048.37 $200.00 $5,248.37 | $15,358.89 |
| Outside Research | | | |
| Filing/Court Fees | | | |
| Court Reporting | Charles P. McGuire | $70.40 | $394.20 |
| Local Travel | Parking/mileage | $20.65 | $474.40 |
| Out-Of-Town Travel<br>　　train<br>　　airfare<br>　　car/taxi service<br>　　hotel | Amtrak<br>Continental<br>Driver<br>Hotel | $122.00<br>$871.00<br>$268.10<br>$515.25<br>$1,776.35 | $9,362.23 |
| Courier & Express Carriers (e.g. Federal Express) | | $1,209.19 | $2,602.09 |
| Postage | | | |
| Other (Explain) – Corporate record search | State of New Jersey Department of Treasury | | $10.00 |
| Other (Explain) – Photographs | Mr. Photo | | $76.25 |
| Other – Aerial photographs | Air Photo Services (2/2002) | | $664.05 |
| Messenger | | $391.14 | $2,044.41 |
| Working meals | | | $453.47 |
| Subpoenas | Guaranteed Subpoena – Trial Witnesses | | $3,226.80 |
| Returned Witness Fees | | | ($802.00) |
| Additional Staff Time | | $739.16 | $3,711.44 |
| Trial Supplies | | | $230.52 |
| Site Security | SARA Consultants | | $320.00 |

Dated: October 18, 2003

---

[2] See footnote 1.