50

1  practice.

2           THE COURT:  But that might actually be the way to

3  handle what everybody is trying to get to.

4           MR. BERNICK:  What's that?

5           THE COURT:  Let one class proof of claim with respect

6  to Zonolite be filed then simply defer any issues about whether

7  it's appropriate or not appropriate so that in the event that

8  there is a determination of some liability, there's a class

9  proof of claim that can be looked to without a determination as

10 to whether the class is appropriate at this time.

11          If that's the case and that class has counsel, Mr.

12 Scott's issues I think go away.  They clearly at that point in

13 time can retain --

14          MR. BERNICK:  At their own expense.

15          THE COURT:  Oh, yes, at their own expense.  That's

16 how it would be anyway.

17          MR. BERNICK:  Yeah.

18          THE COURT:  I mean if the whole issue is trying to

19 get a -- I'm not sure what, some sort of a class together for

20 purposes of looking at this scientific issue, then maybe we can

21 get that vehicle in.  All I'm trying to do is figure out a way

22 that you folks can actually decide that -- or prove, I

23 shouldn't say decide, prove that there is or isn't liability

24 and then let's get to the guts of who it is who's been harmed

25 and how.

1     MR. BERNICK:  Right.  If you take a look at that

2 idea, there's the issue of expense which I think got us going

3 down this whole road.  And the issue of expense again I don't

4 think really changes whether you're in Chapter 11 or not and

5 Chapter 11 and you're prosecuting individual claims.  I think

6 that it may be that that expense is something that if the Court

7 is that concerned about might be the subject of some specific

8 inquiry.  Mr. Scott actually said that he's very anxious to

9 have the record in the Barbanti case be imported into this

10 case, that would include the evidentiary submissions that were

11 made in that case.  He's got experts.  He's got an evidentiary

12 record.  He's got the slot signs light up.  What is this huge

13 additional cost that we're really going to face to confront

14 what is essentially the same kind of issue that was confronted

15 in the Barbanti case, supplemented by some additional evidence?

16 How costly can it really be?  Maybe that's an appropriate area

17 to make inquiry.  We can see how much of an issue this really

18 is.

19     But the class proof of claim, A, isn't going to solve

20 that problem.  B, if you do anything with it, that is to say

21 that it has some effect on anybody's rights, you then have the

22 same two problems all over again.

23     THE COURT:  That's true.

24     MR. BERNICK:  Is it class certified or not?  Are

25 people bound or not?  What's the effect of the class

52

1   certification?  Does there have to be a notice either in

2   connection with the proof of claim or in connection -- it's the

3   same mess all over again.

4            THE COURT:  That's probably right.

5            MR. LOCKWOOD:  Your Honor, with all respect, I think

6   we're conflating two issues.  One is a class proof of claim,

7   the other is a certification of the class pursuant to the class

8   proof of claim.

9            Judge Newsome took the position, and I frankly think

10  he was right, that hey, anybody can file a proof of claim and

11  they can file a proof of claim on behalf of the class if they

12  want to and that gets the class in there at least with the sort

13  of place-holder thing and whether or not the class gets

14  certified is the appropriate subject of supplemental briefing

15  and argument and things of that nature.  And if the Court's

16  concern here and counsel's concern is making sure that there is

17  some record that somebody in this case is pressing forward with

18  the notion that there should be class treatment here, the

19  filing of a class proof of claim would certainly put, you know,

20  the place-holder there and then the Court could in its

21  discretion determine when and how and in what process the

22  certification issues would be made as compared to the liability

23  issues.  I mean Courts with class actions have tremendous

24  discretion to order conditional determinations.  They can defer

25  determinations of class.  They can worry about -- because

1 they'll be subclasses or issues only or whatever.  They can do

2 a lot -- they have a lot of power and if the only issue here is

3 simply making sure that there is a record in this court that

4 class litigation is underway, a class proof of claim certainly

5 at least get that basic foot in the door.

6         MR. BERNICK:  They already have that in connection

7 with the adversary proceeding which Your Honor is basically

8 letting hang out there subject to our motion to dismiss.

9         THE COURT:  Well, I think that's a little different

10 because that's not looking at the issue of the debtor's

11 liability on the science side.  I mean I think the problem is

12 we could try the issue of the science and then the question is

13 what do we do with it after that?

14         MR. BERNICK:  Right.

15         THE COURT:  Let's just assume for a moment that, in

16 fact, there is a determination that the debtor has some

17 liability.  Okay, if it's done in that adversary, then the

18 plaintiffs to that adversary are bound and so is the debtor,

19 but I don't know that that sets up the structure of either of

20 the common issues trial.

21         MR. BERNICK:  Right.  I'm not proposing it.  What Mr.

22 Lockwood was saying is that there ought to be some record that

23 there is a request to have class treatment of this matter and I

24 think that that record is already there because there have

25 been, gee I don't know, four different rounds of briefs filed

1  to that effect.  The real issue on what basis is the issue

2  litigated at the turn of the year?  What do you do with that

3  determination?  And where we were going last time, we're I

4  think still going today, is that if you use these individual

5  test cases, you can decide the science.  We know who the

6  claimants are.  And we know really that the only people who are

7  bound are those particular claimants.  At that point you can

8  then decide what you want to do to, as I say, write large

9  whatever it is that you've learned from that proceeding.  You

10  can take then up the question of whether there ought to be a

11  certified class proof of claim.  You can take up the question

12  of what to do at the adversary proceeding.  As soon as you take

13  either one of those things, the class claim or the adversary

14  proceeding and make it actually part of this hearing that's

15  going to take place, then you have to follow all of the

16  associated rules and that I think gets us back into the world

17  where we're going to have appeals up and down because it's

18  essentially -- it is, in fact, a class determination.  And

19  that's a very different kettle of fish.

20         THE COURT:  That's the issue.  I don't think we want

21  to get to the -- at least I don't think I want to get to the

22  concept of certifying a class until I know that there's a basis

23  on which --

24         MR. BERNICK:  Right.

25         THE COURT:  -- to certify a class.  And I don't know

1  how much -- I sound like a broken record, I know, and all I'm

2  trying to wrestle with is something that seems to make all of

3  you a bit more comfortable in getting that science side decided

4  before we have to worry about who will be subject to those

5  rulings.

6        MR. BERNICK: And it seems to me that if Mr. Scott

7  really has a fundamental problem with the fees, let's find out

8  what those costs are really going to be in connection with this

9  process. And I think he also -- it's not just Mr. Scott's

10 firm, he's got Lieff, Cabraser and I kind of -- I had this

11 vague feeling that Lieff, Cabraser has tremendous resources and

12 that this is something that they do all the time. I know this

13 is their whole practice. I'm a little regretful that Mr. Sobol

14 is not here in order to deal with this, but it seems to me if

15 that is the residual issue, that is who bears the burden of

16 this, that's something that we can take a look at without

17 having that be the tail that wags the dog.

18       THE COURT: Yeah, that's a little bit of what I'm

19 concerned about, too. I agree that outside -- even in the

20 bankruptcy, individual claims, claimants, do bear the brunt of

21 the expense. I mean that's just the way it is. If you file a

22 claim and somebody objects to it, you have to prove your claim.

23 I'm not sure that that's any more than what's happening here in

24 a slightly different context, but nonetheless coming up the

25 same way. So --

56

1        MR. BERNICK:  If we could go back to -- maybe as a

2   point, reserve that for the next hearing and then maybe if we

3   can get a better feel for what we're really talking about

4   there, we could have a more fruitful discussion of it.  And at

5   this time again, in order to get the ball rolling on this whole

6   process, we're very anxious to get Your Honor to approve the

7   schedule that's been laid out and to -- I think you're going to

8   have to, otherwise we will face the motions, the lift stay and

9   all the rest of that --

10        THE COURT:  Yeah.

11        MR. BERNICK:  -- defer specifically the prosecution,

12   the class certification issues, and again if Mr. Scott is that

13   upset about it, he can appeal that deferral, although God knows

14   I don't know that that appeal is really going to go anywhere.

15   But I think that that's necessary in light of all the

16   statements that have been made here about the desire to go

17   prosecute motions to lift stay and the like.  It should just be

18   deferred.

19        THE COURT:  All right.  Well, Mr. Baena, I know that

20   your Committee may get involved in this even though you haven't

21   been involved in it.  The debtor is proposing a schedule that

22   essentially would start discovery June 1st and end it by the

23   end of the year roughly.  Through expert discovery.

24        MR. BAENA:  Respectfully, Your Honor, we don't yet

25   know -- I mean they said they filed this claim on behalf of

1  every single conceivable class rep, I don't know who those are.

2         THE COURT:  Were they served?

3         MR. BAENA:  They probably have no notice of this

4  hearing.

5         MR. BERNICK:  No, we did.  But because we felt we

6  were obliged to serve file-stamped copies of the proof of

7  claims when they were filed, we didn't get them back until Mr.

8  Carickhoff -- we didn't get them back until the last couple of

9  days.  But those were filed and they are being served.

10        MR. BAENA:  If I understand the process, such as it

11 is, all of those class reps are being implicated by this

12 process.

13        MR. BERNICK:  Yes.

14        MR. BAENA:  And they're not even here.  They have no

15 idea that we're about to set up a process that has a trial at

16 the end of the day, in February or March or what have you, that

17 could very well end their claims.

18        MR. BERNICK:  Yes, they certainly do because their

19 counsel are here.  Mr. Scott is here.

20        MR. BAENA:  No.  Well, if -- then I believe that Mr.

21 Bernick is mistaken about having filed a claim in respect of

22 every class rep.  Because we know of non -- we know of Zonolite

23 claims that have been asserted in other class actions that

24 aren't characterized as the traditional Zonolite lawsuits.  We

25 know that --

58

1        THE COURT:  And they're not -- without class reps

2 though.

3        MR. BAENA:  They have class reps.

4        MR. BERNICK:  Yes, we have picked up the class reps

5 from those other proceedings.

6        THE COURT:  Oh.

7        MR. BERNICK:  And Mr. Baena is correct, the people

8 who would know are the people whose lawyers also are here and

9 there may be other lawyers to represent other claimants who are

10 not -- who are not here --

11        MR. BAENA:  Judge --

12        MR. BERNICK:  -- that's correct.

13        MR. BAENA:  -- you know, notice.  This is not an

14 improvisational exercise.  I mean he assumes because people are

15 in the room they have notice.  That's not how we do it.  At

16 least not for the last 200 years.

17        MR. BERNICK:  We submitted a letter -- I'm sorry.  We

18 submitted a letter, Mr. Baena, on the 5th of April to Mr.

19 Sobol.  We told him exactly what we were going to do.  There's

20 no secret about any of this.

21        MR. BAENA:  My point --

22        THE COURT:  No, I understand the point.  I agree that

23 we need to get notice to anybody, particularly inasmuch as

24 we're now looking at proofs of claim designating people as

25 essentially class representatives within those proofs of claim.

1  I agree we need to get notice out.  I think, however, the way

2  to do it is to propose a scheduling order.  Have those

3  claimants and their counsel serve both with a notice, in fact,

4  that the claims have been filed and the scheduling order.  And

5  then permit a method by which people can say that it's not

6  proper for whatever reason.  If we don't get some scheduling

7  order in place, we'll never get started and I think it's time

8  to get started.

9        So I think it would be a good idea to at least get

10  something of record, but without prejudice to people coming in

11  and saying it's not long enough or it's too long or whatever

12  they may want.

13        MR. BAENA:  I agree, Your Honor, and I raised that at

14  the last hearing, I did.

15        THE COURT:  Yes.

16        MR. BAENA:  Not to say I told you so.  I said, you

17  know, if we can use this as a hearing to decide scheduling.  We

18  ought to give all class reps notice.  We didn't do that.

19  Judge, but I think what we're going to struggle with is what

20  are we going to say this is notice of?

21        MR. BERNICK:  That's --

22        MR. BAENA:  I mean what are we going to call it?

23        THE COURT:  All right.

24        MR. BERNICK:  I don't think that that -- why is that

25  difficult?  Well, rightly we'll serve a notice.  The notice

1  will go out to all the claimants and their counsel and the

2  notice would be of a schedule of litigation to a hearing on the

3  merits of the issue that's been framed.  It's just a question

4  of letting it out.  It's not -- it's not rocket science.  And

5  we do have the advantage that certain counsel for some of those

6  representatives already have been a part of this process and

7  therefore have read all of the lengthy briefs that have been

8  filed.

9       You know, the fact of the matter is that these people

10 have initiated a litigation.  All we're doing is taking their

11 claims and bringing their claims here.  This is not -- and

12 we're isolating an issue that's common to those claims.  This

13 is not some -- this is not some extraordinary crisis or novel

14 proceeding.  It is taking a claim and bringing it here.  It's

15 what 3004 exists for.

16      MR. BAENA:  It is an extraordinary process, Your

17 Honor.  I haven't seen it in 28 years.  We are dismantling the

18 class action system by this process.  That's what we're doing.

19 It is extraordinary.

20      THE COURT:  Well, I don't know whether it's

21 extraordinary or not, I don't think it's dismantling the class

22 action system.  I think what it's trying to do is get the

23 fundamental issue that has to be determined determined early on

24 so that we can put the rest of it in context, and that's the

25 difficulty.  In a bankruptcy it's much easier to deal with a

61

1 claim and whether or not there is liability on a claim.  And I

2 think that's at this point what we're trying to say.  Is there

3 going to be some liability?  And if so, then we need a vehicle

4 for people to be able to file a claim against that particular

5 liability.  And I think it just makes more sense to do it this

6 way.  I thought everyone had agreed that the construct made

7 more sense at the last hearing.  I guess we're still wrestling

8 with how to get started.

9           MR. BERNICK:  Well, we can put together that notice

10 and the schedule that we had discussion of with Mr. Sobol and

11 circulate it to all counsel, including counsel for these other

12 folks.  And how knows, there may be an agreement by some of the

13 other law firms to pitch in and shoulder the economic burden of

14 the case.  We can do that within seven days and as a result

15 notice it up for the next hearing.  I know that that would, I

16 think, violate a little bit of your rules about what can be

17 keyed up next time, but with the Court's special permission, we

18 can do that and then have that ready issue, ready for

19 discussion the next time around.

20           THE COURT:  Yeah.  I think that would make more sense

21 to do it that way and simply get a proposed order.  Let people

22 take their stabs at that proposed order and then actually enter

23 something at the next hearing.  If it pushes back 30 days, this

24 case is going to be here long enough, I don't think another 30

25 days is going to make that much of a difference in the long

62

1  run.

2           I do agree, however, with plaintiff's concerns about

3  having to disclose their expert witnesses until a fact

4  discovery is done.  I think it should be pushed back.

5           MR. BERNICK:  Yeah, we're agreeable to that as well

6  and we'll make that change appropriately.

7           And again, just so that we don't get yet another

8  brief, another motion on this lift stay proposal, can we have

9  it be clear that all class cert issues are deferred until after

10 Your Honor rules with respect to this threshold issue?

11 Otherwise we're going to be involved in yet more motion

12 practice on the class cert issue before it's really timely.

13          THE COURT:  Well, for sure in the adversary, unless

14 they're willing to voluntarily withdraw it.  I will simply

15 defer ruling on your motion to dismiss until this scientific

16 evidence piece is finished.  So that adversary will remain

17 open, but I will not undertake anything further with respect to

18 that adversary until the scientific side is done.

19          What about the class issue, Mr. Scott?  Is there

20 anything in this sort of free-wheeling discussing that can get

21 us to a common denominator?

22          MR. SCOTT:  First let me say who I represent.  I am

23 class counsel in the Barbanti case.  I am co-counsel in the

24 Price case which is the nationwide counterpart.  Lieff,

25 Cabraser is co-counsel with me.  Price was important because it

63

1  was designated as the lead federal action.  There were four

2  incendiary actions essentially -- and that Price sued the non-

3  counsel in that action.

4      We would oppose this -- to the past motion to

5  prohibit us from bringing a motion for class certification more

6  strongly than even a determination that the parties couldn't

7  proceed on the class basis.  The Court is clear is not going to

8  be able to avoid this issue.  We've tried to establish

9  procedure that would have set aside the Price certification

10 question altogether and merely had one certified class, but

11 apparently we're going in different directions.  So we would

12 oppose any motion to prohibit the parties from exercising their

13 right to seek certification.

14      THE COURT:  All right.  Well, I'm still somewhat

15 intrigued by Judge Newsome's method of simply putting a class

16 proof of claim on record but not attempting to certify it now.

17 Why doesn't that work?  Why doesn't that get us where we need

18 to be with respect to the science side?

19      MR. BERNICK:  I don't believe there is any -- I agree

20 with Mr. Lockwood.  I don't believe that there is any obstacle

21 to their filing a proof of claim anytime they want.  What I do

22 object to very strenuously is that it play any kind of role

23 because that would then require that Your Honor take up the

24 merits of the class certification issue.

25      THE COURT:  At some point.

64

1      MR. BERNICK:  At some point.  If all it's going to do
2  is sit out there and, you know, everyone is going to have to
3  proceed as they ordinarily would, if somebody wants to file, I
4  can't stop them from filing a --

5      THE COURT:  Well, I think in terms of proceeding as
6  you ordinarily would what it would do is let the debtor object
7  on a limited basis to that class proof of claim based on the
8  fact that there cannot be, from the debtor's point of view
9  obviously, cannot be a determination of liability against the
10 debtor.  And I don't think we need to get on the certification
11 issues until that liability side is determined.  Now, if that
12 works, I'm not sure why we just don't convert the adversary
13 into a class proof of claim, let you file it and let it sit
14 there without a determination of the certification issue until
15 the liability side is determined.

16     MR. SCOTT:  A class which has been certified prior to
17 the filing of bankruptcy empowers a party to act as an agent
18 for that class.  A class certified prior to bankruptcy, the
19 same creditor, for purposes of filing a proof of claim, Mr.
20 Barbanti would be happy to file a single claim on behalf of
21 that class as he has a right to do by virtue of a certification
22 order.  Grace could subsequent to a liability hearing seek to
23 decertify the class.  The Court could treat --

24     THE COURT:  No, no, no.  I don't think -- we're not
25 even getting to whether or not that certification is proper at

65

1  this stage.  I mean at some point we can get these

2  certification issues, but I'm not going to take these

3  certification issues on until I get this liability side

4  decided.

5           MR. SCOTT:  And I think I'm saying that.  I think I'm

6  trying to tell the Court in an awkward way the Court doesn't

7  need to treat the certification issue.

8           THE COURT:  Okay.

9           MR. SCOTT:  It's a matter that's already been

10 treated, that is acknowledged to be in dispute.

11          THE COURT:  It is disputed, yes.

12          MR. SCOTT:  Sure.

13          THE COURT:  At some point we have to get to it.

14          MR. SCOTT:  And the Court -- I understand.

15          THE COURT:  But this isn't the point, I don't think.

16 So the question is, Mr. Scott, if you file a class proof of

17 claim and we simply look at an objection to that class on one

18 ground and one ground only without prejudice to raising any and

19 every other ground later, and that is that the class claimants

20 cannot prove that the debtor has any liability on the merits as

21 a result of Zonolite.  Does that get us where we need to go to

22 try the science side and let the rest fall out later?

23          MR. SCOTT:  No.

24          THE COURT:  Okay.

25          MR. SCOTT:  The status of that proof of claim needs

1  to be determined.  There cannot be as a practical matter a
2  trial on the liability issue involving only four or five
3  individuals.  That is dysfunctional.

4       THE COURT:  But you'd have a class claim filed.  It
5  wouldn't be just four or five litigants.

6       MR. SCOTT:  Well, we don't know.  I think -- I think
7  we just heard that while you could file a claim whether, in
8  fact, it is a class proof of claim we'd be held in limbo.  And
9  so the res judicata effect of the determination is unknown.
10  And until it is clear who the parties are that are litigating
11  their claims, I don't think the litigation will move forward.

12       MR. BERNICK:  You know, you can't have it both ways.
13  If all that it is is a class proof of claim, that can be filed
14  at any time.  The Court then has to determine at some point in
15  time whether the classes can be certified or not.  If Mr. Scott
16  wants to file a class proof of claim, to be able to file a
17  class proof of claim, I don't think that we can stop him from
18  doing it.  We can certainly object to it once it's been filed.
19  If that class proof of claim is then used to adjudicate
20  liability in the proceeding on a basis that's binding on not
21  only the defendant or the debtor here, but also on all of the
22  other members of the class, that would require that the Court
23  address Rule 23 and certification in advance.  If Mr. Scott is
24  saying he's not prepared to file the class proof of claim
25  unless Your Honor, in fact, goes ahead and addresses class

1 certification on the merits, then it seems to me that we
2 haven't made any progress whatsoever.  There's no point to the
3 exercise.

4        THE COURT:  Well, it seems to me that Judge Newsome
5 has the right idea.  If there's a class proof of claim filed,
6 you start both tracks at the same time.  You get one done
7 before the other because it's a temporal problem and you can
8 only do one thing at a time.  And so if we get to the liability
9 determination first, we do.  And I think that makes a whole lot
10 of sense.  If somebody files a class proof of claim, then we'll
11 take it from there.  Right now I don't have one and that's what
12 started this discussion several months ago.  I still don't have
13 a class proof of claim filed although I agree, I do have an
14 adversary that raises that issue.

15        With respect to the adversary, your motion to dismiss
16 is deferred until whatever -- for scheduling purposes only,
17 whatever the final pre-trial we're going to have on this
18 Daubert issue will be.  And the only reason I'm deferring it
19 till then is so that we can have a status conference on the
20 adversary at that time so I don't lose track of it, that's all.

21        So whatever day the Daubert matter comes up for pre-
22 trial discussion, I want the adversary calendared at that time
23 on the motion to dismiss just for status conference.  Not for
24 arguments.  Not for responses.  Just so that we don't lose
25 track of it and then we'll do an appropriate scheduling order.

68

1       With respect to your issue for a scheduling order,
2  yes, I would like you to propose a scheduling order.  I would
3  suggest that you re-meet with counsel one more time to see
4  whether there should be any additional changes to it before
5  it's proposed.  But for the date on which the Daubert pre-trial
6  issue will be heard, I'm not going to schedule any trial until
7  we have a final pre-trial conference.

8       So I would like a blank space for a final pre-trial
9  conference and I will pick whatever the next available omnibus
10  date is going to be after your discovery motions are all
11  finished.  So right now I don't know what that date is so I'll
12  fill it in.  But if you will leave a blank space, I'll fill
13  that in.

14       That order should be served along with the fact that
15  the debtor filed the proofs of claim on the entities as to
16  which the debtor filed the proof of claim and counsel with an
17  indication that I will finally address that scheduling order at
18  the next omnibus hearing in May.

19       In the meantime, however, I expect that discovery can
20  be open so that parties can start trying to figure out who's
21  going to get into this fray and what issues, if any, you expect
22  to be able to litigate.  So I would like the discovery open,
23  but it's without prejudice.  I'll reformat it in May at the
24  next hearing if we need to.

25       Mr. Lockwood?

1    MR. LOCKWOOD:  Your Honor, why couldn't Your Honor
2  just deem the adversary proceeding to be a class proof of
3  claim?

4    THE COURT:  Well, I don't --

5    MR. LOCKWOOD:  There's nothing magic about the
6  form --

7    THE COURT:  That's true.

8    MR. LOCKWOOD:  -- that you have to file a proof of
9  claim and there's a lot of law about informal proofs of claim,
10 et cetera.  We got a pleading filed in this court on behalf,
11 not merely of Barbanti, but a national class here.  The concern
12 here is that people are going to take the position I will
13 litigate it on behalf of the plaintiffs in this case.  That's
14 what I'm hearing.  I'm hearing suggestions that if I don't get
15 a certification, I'm going to walk away and in effect let the
16 debtor -- I don't know, take default or something and then
17 argue on due process grounds or something that we're not going
18 to have it.  There's a pleading in the court that was filed on
19 behalf of a class, it's called an adversary complaint.  Why
20 don't we call it a proof of claim?

21    THE COURT:  Well, there's some authority in the 3rd
22 Circuit for doing that.  I concede.

23    MR. SCOTT:  Your Honor, the adversary proceeding was
24 brought on the basis that the claims asserted did not
25 constitute claims.

1          THE COURT:  That the claims asserted what?

2          MR. SCOTT:  Do not constitute claims and that was --

3          THE COURT:  Well, what are they if they're not

4  claims?

5          MR. SCOTT:  It is is a demand for equitable relief

6  which cannot be adjudicated as a claim.  That was the basis for

7  the adversary proceeding.

8          THE COURT:  Well, I can't see that.  If that's the

9  basis, maybe I do need to dismiss it because it seems to me

10  that at best all that is alleged in the adversary, if I recall,

11  and I didn't review it for purposes of today, is the fact that

12  Zonolite plaintiffs may either need to do some repairs to their

13  property or somehow insulate their property from the effects of

14  having Zonolite in the attic and that some equitable relief to

15  identify the scope of the Zonolite issue and to set an amount

16  that's appropriate for people to have in order to spend in

17  order to fix this problem is there.  That's easily converted

18  into money.  That's one of the easiest things to convert to

19  money I've seen.  Of course, it's a claim.

20          MR. SCOTT:  And that isn't the scope of that

21  adversary proceeding and perhaps it would be helpful to note up

22  the equitable claims that are being sought which --

23          THE COURT:  Which is what?

24          MR. SCOTT:  As illustration and notice -- a

25  nationwide notification to homeowners with regard to steps they

71

1  should be taking prior to the completion of this bankruptcy

2  process.

3          THE COURT:  That's exactly by trying to see if

4  there's any liability on behalf of the debtor what I'm trying

5  to get to, Mr. Scott.

6          MR. SCOTT:  Sure.  Sure.  That's right.  And the

7  liability should quickly resolve in the context of that

8  adversary proceeding, that's correct.  I'm merely saying you

9  cannot necessarily convert that adversary proceeding into a

10 claim because the very thrust of that adversary proceeding was

11 that there the fundamental relief that was sought there did not

12 constitute a claim.

13          THE COURT:  Okay.  On that theory I think it's

14 appropriate to dismiss that adversary action because I believe

15 that the grounds stated are clearly convertible in money and

16 into a money damage.  The issue of notice is a whole different

17 ball game.  There's a constitutional issue about the type of

18 notice that should be given.  And, of course, the Court would

19 have to order notice in the event that the Court determined

20 that there was a claim.  And I would order notice.  But that's

21 not a separate ground for equitable relief, that's a

22 constitutional mandate that the Court has to carry out.

23          MR. BERNICK:  Your Honor --

24          THE COURT:  Now I'm really confused.

25          MR. BERNICK:  -- that's why I think at that point it

1  becomes all the more important to simplify.  We will put

2  together this notice.  It will set out this schedule.  It will

3  make the change that Your Honor has indicated and we'll have

4  the matter up for a hearing next time.  And I guess I'm really

5  kind of beyond the point of trying to conjure up some ways to

6  accommodate Mr. Scott's concerns.  The only thing that I would

7  reiterate is that it seems to me if we're going to go down the

8  track of this very expedited proceeding, which it is, a very

9  burdensome proceeding, which it is, that during this period of

10 time we should not be distracted with yet more motions with yet

11 more theories for how to litigate class which is --

12        THE COURT:  Mr. Bernick, I'm not going to impose an

13 order up front against people filing motions.  I'm very

14 uncomfortable doing that.  I don't see a basis for it.  If I

15 get a motion, then it will be addressed in due course if it's

16 filed.  I'm hoping that this discussion is somehow or other

17 going to lead to an appropriate resolution.  I'm really -- in

18 no way would I want to be seen as attempting to jeopardize a

19 claimant's rights before this Bankruptcy Court.  And I'm

20 certainly not attempting to do that.  But I think there has to

21 be a logical sequence in getting there and I think --

22        MR. BERNICK:  Right.

23        THE COURT:  -- the first step in that sequence is

24 addressing whether there is some scientific evidence to show

25 that Zonolite imposed an unreasonable risk of harm to the

1  property of the people who used it, which is what the basis for

2  the Zonolite claim is.

3          MR. BERNICK:  In light of that, I think -- I don't

4  know if there's anything else to really take up at this time

5  and I'm mindful of the passage of time with regard to item

6  seven.  We will put together that notice.  Remember there's

7  still that order dismissing without prejudice the medical

8  monitoring case adversary and that's still out there, but that

9  will come up I think again with respect to item nine.

10          MR. BAENA:  Just so I know how to advise my clients.

11  When will people have to respond to this notice, if at all?

12          MR. BERNICK:  Well, we're going to be done with --

13  we're going to send it out within seven days.  I would think

14  that there would be a response after seven days.

15          THE COURT:  Well, the next hearing is May 20 so --

16          MR. BAENA:  May 20, yes.

17          THE COURT:  -- if you respond to it by let's say May

18  the 8th that should give the debtor until May the 15th if the

19  debtor is able to come up with some modifications that would

20  address any objections and I could still get it in time to hear

21  it May 20.

22          MR. BERNICK:  That's fine and I would -- I would

23  further propose that we do this in correspondence like we did

24  the last time around so we don't have briefs filed before Your

25  Honor and simply let Your Honor know -- I mean you've got the

1  basic drift of --

2         THE COURT: Yes.

3         MR. BERNICK:  -- what the sequence is and I take Mr.

4  Sobol's agreement to most of it to be -- to be encouraging that

5  we're going to have this done by agreement.  So --

6         MR. BAENA:  I'm not trying to be difficult, Judge,

7  I'm just trying to make sure people have enough time.  I assume

8  that this order is going to be directed towards all of these

9  people who you filed claims for.

10         THE COURT:  Yes.  And their counsel.

11         MR. BAENA:  So we don't know who they are, so I am

12  assuming some of them are not here.  They won't get until the

13  8th or so, is that right -- the 1st, rather, or so?

14         If you take one more week to send it out, it will be

15  like the 1st.

16         THE COURT:  They should get it at least by the 1st.

17  How about if they respond by let's say the 13th?  That's two

18  weeks.  And the debtor would then have to I guess file or try

19  to make modifications not later than Thursday, the 16th, so I

20  make sure I have it in time for the hearing.

21         MR. BERNICK:  And initially we're going to correspond

22  with the claimants through their counsel.  But in point of

23  fact, we don't even have the addresses for all of the

24  claimants.  If you all want us to write to the claimants too,

25  we'd be happy to, but otherwise our inclination would be to