## Exhibit C

### Petition for Appointment of Trustee

91100-001\DOCS_DE:84160.1

John F. Lacey
McGarvey, Heberling, Sullivan & McGarvey
745 South Main
Kalispell, MT 59901
(406) 752-5566

Attorneys for Richard Parker
             Lawrence Urdahl
             James Olson
             Howard McWhirk

## MONTANA NINETEENTH JUDICIAL DISTRICT COURT, LINCOLN COUNTY

| | |
|---|---|
| IN THE MATTER OF<br>MONTANA VERMICULITE CO.,<br>a dissolved Montana corporation. | Cause No. 3987<br><br>PETITION FOR APPOINTMENT<br>OF TRUSTEE AND REQUEST<br>FOR HEARING |

    COMES NOW, the Petitioner, as attorney for the plaintiffs listed above, on behalf of creditors of Montana Vermiculite Co., for an appointment of a trustee, based upon the following allegations:

    1.    On September 18, 1964, this Court entered a decree of dissolution of the Montana corporation, Montana Vermiculite Company. (See Exhibit 1).

    2.    The plaintiffs listed above have all filed asbestos-related claims against, among other defendants, Montana Vermiculite Co. Service upon the corporation has been attempted, but without success. In addition to these plaintiffs, approximately twenty other known plaintiffs have filed asbestos-related claims against Montana Vermiculite Co.

    3.    The Decree of Dissolution designated two individuals, J.A. Kelley and John H. Bishop, as "trustees of the creditors and stockholders of Montana Vermiculite Company." Further, the Decree stated that "[i]n the event of death, disability, or refusal to act of both of said [trustees], the Court shall appoint a person in their place and stead." (See Exhibit 1, p.3).

    4.    As stated in the supporting Affidavit of Attorney John Lacey, to

1. the best of petitioner's knowledge and ability, both trustees appointed in the original Decree have either died or are no longer available to serve their court-appointed duties as trustees. As such, the position of trustee, as contemplated in the Decree, is presently vacant, to the detriment of the corporation's creditors and shareholders.

5. Montana Vermiculite Co. was insured, prior to 1963, by Royal Indemnity Co.

6. Although Grace assumed the liabilities of Montana Vermiculite Co., Montana Vermiculite Co. remains independently liable to the plaintiffs listed above. Such claims based upon Montana Vermiculite Co.'s independent liability are likely to trigger coverage by Royal Indemnity Co.

7. Neither Montana Vermiculite Co. nor Royal Indemnity Co. is listed as a debtor upon the stay order issued by the Delaware Bankruptcy Court in the Grace bankruptcy. Royal Indemnity Co. is listed as an affiliate to Grace, although this does not by operation of law trigger Royal Indemnity Co.'s coverage obligation to Montana Vermiculite Co. (Bankr. Del. No. 01-01139, Adversary No. A-01-771, 1/22/02). Although affiliate status does not preclude Royal Indemnity from suit, Petitioner expects that upon coverage being triggered by plaintiffs' service against Montana Vermiculite Co., Royal Indemnity Co. will seek protection pursuant to the bankruptcy stay, to which plaintiffs will not object.

8. Royal Indemnity Co.'s interests are sufficiently synonymous to the present interests of Montana Vermiculite Company's so as to be qualified to serve as trustee of the creditors and shareholders of the corporation. Appointment of Royal Indemnity as trustee of Montana Vermiculite Co. is not, however, synonymous with subjecting Royal Indemnity to suit.

9. Accordingly, Petitioner requests that Royal Indemnity Co. be appointed to replace the original trustees of Montana Vermiculite Co., both of whom are no longer able to fulfill their duties as assigned in the Decree of Dissolution.

10. In the alternative, if Royal Indemnity Co. fails to respond or is unwilling to serve as trustee, Petitioner requests that Russell S. Barnes and/or Lawrence H. Sverdrup, uninterested and licensed Montana attorneys familiar with escrow practice based in Libby, Montana, be appointed to replace the

original trustees of Montana Vermiculite Co.

11. Petitioner requests that a hearing be held by telephone conference on this matter as soon as possible.

12. The plaintiffs listed above filed their actions in April 1999 (specifically April 5 and April 12, 1999). Consequently, the three-year deadline for service is near. Since service must be had in the next twenty (20) days, Petitioner requests that a hearing be had as soon as possible. If a prompt hearing is not possible, then Petitioner requests that attorneys Barnes and/or Sverdrup be appointed temporary trustees, pending a final hearing, so as to permit service upon the corporation and not unfairly prejudice the rights of plaintiffs.

DATED this 15th day of March 2002.

McGARVEY, HEBERLING, SULLIVAN & McGARVEY

By: _____
John F. Lacey
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I do hereby certify that on the 15th day of March, 2002, I served a copy of the within and foregoing instrument, by depositing the same in the United States Mail in Kalispell, Montana, postage paid thereon, and addressed to the following:

David Bernick
Kirkland and Ellis
200 East Randolph Drive
Chicago IL 60601

Royal Indemnity Co.
P.O. Box 1000
Charlotte NC 28201

Russell Barnes
Larry Sverdrup
503 California Avenue
Libby MT 59923

_____
Judy A. O'Haire

CERTIFIED
COPY

BOOK 53 PAGE 549

DISTRICT COURT OF THE ELEVENTH JUDICIAL

DISTRICT IN THE STATE OF MONTANA, IN AND FOR THE

COUNTY OF LINCOLN

IN THE MATTER OF )
)
MONTANA VERMICULITE COMPANY, ) No. 3187
a corporation, )
)
APPLICANT )

CERTIFIED
COPY

FILED
SEP 18 1964

ELLIOTT F. HOLDER

DECREE OF DISSOLUTION OF
MONTANA VERMICULITE COMPANY

This cause coming on this day to be heard upon the application of Montana Vermiculite Company for a decree of dissolution and the Court having considered said application with the exhibits thereto attached and having heard the testimony of witnesses in open Court finds as follows:

1. Montana Vermiculite Company (formerly Zonolite Company) is a Montana corporation.

2. This Court has jurisdiction of the parties hereto and the subject matter hereof.

3. Publication of notice of the pendency of the Application for Dissolution has been made in the Western News, a newspaper published in Lincoln County, Montana for not less than thirty nor more than fifty days prior to September 4, 1964,

4. A plan for the liquidation and dissolution of said corporation was approved by the directors and stockholders of said corporation on March 4, 1963 and pursuant to said plan, substantially all the assets of said corporation were transferred to W. R. Grace & Co. on April 15, 1963.

5. The corporation has ceased to transact business; its debts have all been paid and except as is hereinafter noted, the shares of common stock of W. R. Grace & Co. received by the corporation for the assets transferred to W. R. Grace &

EXHIBI

BOOK 53  PAGE 550

Co. have been distributed to its stockholders.

6. The directors of said corporation as of the date hereof are:

| | |
|---|---|
| Lester Armour | Edwin A. Locke, Jr. |
| George R. Birkelund | James M. Phelan |
| John H. Bishop | R. W. Sterrett |
| E. P. Brooks | Hamilton K. Smith |
| J. A. Kelley | |

All of said directors, other than J. A. Kelley and John H. Bishop, have represented to the Court that they are unable to act as trustees in connection with the further liquidation of Montana Vermiculite Company. J. A. Kelley and John H. Bishop have represented to the Court their willingness to act as trustees in connection with the further liquidation of Montana Vermiculite Company.

7. On June 6, 1964, an agreement was entered into between Grace National Bank, W. R. Grace & Co. and Montana Vermiculite Company, under which Grace National Bank was appointed Exchange Agent for those shares of common stock of Zonolite Company (now Montana Vermiculite Company) which have not been exchanged under the Exchange Agreement previously existing between W. R. Grace & Co., Zonolite Company and Continental Illinois National Bank and Trust Company of Chicago.

8. As of the date hereof, Montana Vermiculite Company has cash on hand in the amount of $41,886.25. Grace National Bank as Exchange Agent holds 9,751 shares of common stock of Zonolite Company to be exchanged for shares of common stock of W. R. Grace & Co.

9. All taxes due the State of Montana by Montana Vermiculite Company have been paid.

10. No objections to the application for dissolution have been filed.

BOOK 53 PAGE 551

The Court therefore decrees as follows:

(a) The Plan of Liquidation and Dissolution of Montana Vermiculite Company set forth in the Application for Dissolution and the exhibits thereto attached is hereby approved.

(b) Montana Vermiculite Company, pursuant to the applicable statutes of the State of Montana, is hereby dissolved.

(c) The Exchange Agreement between Montana Vermiculite Company, W. R. Grace & Co. and Grace National Bank, is hereby approved and the Exchange Agent is hereby authorized to exchange the shares of common stock of Zonolite Company (Montana Vermiculite Company) for shares of common stock of W. R. Grace & Co. in accordance with the terms of said agreement.

(d) Seven (7) of the nine (9) directors who were such as of the date of dissolution have signified their inability to act as trustees in connection with the liquidation and dissolution of Montana Vermiculite Company; two (2) of said directors, namely J. A. Kelley and John H. Bishop, have indicated their willingness to serve as trustees in the further liquidation of said corporation. The latter two named persons therefore are hereby designated as trustees of the creditors and stockholders of Montana Vermiculite Company, in accordance with the provisions of Sections 15-1102(9) and 15-1113, Montana Revised Statutes. In the event of the death, disability or refusal to act of either of said persons, the other shall act. In the event of the death, disability or refusal to act of both of said persons, the Court shall appoint a person in their place and stead.

(e) The funds in the hands of Montana Vermiculite Company shall be dealt with by the proper officers of that

BOOK 53   PAGE 552

corporation as follows:

(i) All expenses incident to this proceeding, such as court costs, publication costs, attorneys fees and other expenses, shall be paid within thirty days succeeding the date of entry of this decree.

(ii) Twenty Thousand ($20,000.00) Dollars shall be paid within thirty days to J. A. Kelley and John H. Bishop, as trustees for the creditors and stockholders of Montana Vermiculite Company. Any debts or valid claims arising subsequent to the entry of this decree of dissolution against said corporation, shall be paid from said fund. On June 30, 1966, any balance in said fund shall be paid by the trustees to W. R. Grace & Co.

(iii) Any amount remaining from the $41,886.25 after making the payments described in paragraphs (i) and (ii) above shall within said thirty day period, be paid to W. R. Grace & Co.

ENTER

_____
Judge

CERTIFICATE
(STATE OF MONTANA)
ss
[illegible certification text]

1  John F. Lacey
   McGarvey, Heberling, Sullivan & McGarvey
2  745 South Main
   Kalispell, MT 59901
3  (406) 752-5566

4  Attorneys for Richard Parker
              Lawrence Urdahl
5             James Olson
              Howard McWhirk

MONTANA NINETEENTH JUDICIAL DISTRICT COURT, LINCOLN COUNTY

| | |
|---|---|
| IN THE MATTER OF<br>MONTANA VERMICULITE CO.,<br>a dissolved corporation. | Cause No. 3987<br>AFFIDAVIT OF ATTORNEY JOHN F. LACEY IN SUPPORT OF PETITION FOR APPOINTMENT OF TRUSTEE |

STATE OF MONTANA)
               :ss
County of Flathead )

I, John F. Lacey, being first duly sworn on oath, deposes and states:

1. I am one of the attorneys of the law firm of McGarvey, Heberling, Sullivan & McGarvey representing plaintiffs Richard Parker, Lawrence Urdahl, James Olson and Howard McWhirk.

2. This law firm has made every effort to locate J.A. Kelley and John H. Bishop, the two individuals who were designated as trustees of the creditors and shareholders in the Decree of Dissolution of Montana Vermiculite Company.

3. J.A. Kelley is deceased.

4. John H. Bishop left no address, and no record was left with the Montana Secretary of State. In short, he cannot be found, and may even be deceased.

5. Service of Montana Vermiculite Co. was attempted upon the corporate agent designated by Montana Secretary of State records, but was returned without effecting service.

FURTHER AFFIANT saith naught.

Dated this 15th day of March, 2002.

_____
John F. Lacey

SUBSCRIBED AND SWORN to before me this 15th day of March, 2002.

(SEAL)

_____
Notary Public for the State of Montana
Residing at: Kalispell, Montana
My Commission Expires: 7/18/03

## CERTIFICATE OF SERVICE

I do hereby certify that on this 15th day of March, 2002, I caused a true and accurate copy of the foregoing document to be served upon the following individuals by U.S. First Class Mail, postage prepaid:

David Bernick
Kirkland and Ellis
200 East Randolph Drive
Chicago IL 60601

Russell Barnes
Larry Sverdrup
503 California Avenue
Libby MT 59923

Royal Indemnity Co.
P.O. Box 1000
Charlotte NC 28201

_____
Judy A. O'Haire