## Exhibit D

**March 25, 2002 Letter from John F. Lacey to Nadine Pival, Clerk of Court for the Montana Nineteenth Judicial District Court, Lincoln County**

*Law Offices of*
## McGarvey, Heberling, Sullivan & McGarvey, P.C.

Dale L. McGarvey
Jon L. Heberling
Roger M. Sullivan, Jr.
Allan M. McGarvey
John F. Lacey

745 South Main
Kalispell, Montana
59901-5399

*Telephones:*
(406) 752-5566
1-800-345-1763 (in State)
1-800-406-7544 (out of State)
*Fax:* (406) 752-7124

*Email:* dmcgarvey@mcgarveylaw.com
jheberling@mcgarveylaw.com
amcgarvey@mcgarveylaw.com
rsullivan@mcgarveylaw.com
jlacey@mcgarveylaw.com

March 25, 2002

Nadine Pival
Clerk of Court
512 California Street
Libby MT 59923

RE: Cause No. 3987

Dear Clerk:

Pursuant to a hearing on 3/22/02, enclosed is a proposed Order Appointing Trustees along with copies for all counsel and envelopes.

Yours sincerely,

McGARVEY, HEBERLING, SULLIVAN
& McGARVEY

JOHN F. LACEY

JFL/joh

Enclosures

cc: Lawrence Sverdrup
Carl Pernicone
Janet Baer

1  Michael C. Prezeau
   District Judge
2
3
4
5
6
7

8  MONTANA NINETEENTH JUDICIAL DISTRICT COURT, LINCOLN COUNTY

9
10 IN THE MATTER OF                  )
11 MONTANA VERMICULITE CO.,          :   Cause No. 3987
                                     )
12 a dissolved Montana corporation,  :
                                     )
13

14
15              ORDER APPOINTING TRUSTEES
16

17
        A Petition for Appointment of Trustee has been filed in this case. A
18 telephonic hearing on the matter was conducted on March 22, 2002.
   Appearing at the hearing were Petitioner John Lacey, along with co-counsel for
19 multiple plaintiffs with asbestos-related claims filed against Montana
   Vermiculite Co., Jon Heberling; Carl Pernicone, counsel for Royal Indemnity
20 Co., which was named in the Petition as a potential trustee appointee; Larrence
   H. Sverdrup, Esq., who was named in the Petition along with Russell Barnes,
21 Esq., as an alternate trustee appointee/s; and Janet Baer, counsel for W.R.
   Grace & Co., a co-defendant in the afore-mentioned asbestos claims and
22 successor in interest of Montana Vermiculite Co.

23      Petitioners are seeking appointment of a successor trustee/s to permit
   service of Complaints filed against the dissolved corporation nearly three years
24 ago. Pursuant to the Decree of Dissolution entered in this case on September
   18, 1964, this Court retains jurisdiction in this matter. Indeed, the Decree
25 states that "[i]n the event of death, disability, or refusal to act of both of said
   [trustees], the Court shall appoint a person in their place and stead."
26 Uncontested representations to the Court suggest that one of the two original

trustees is deceased, and that whereabouts of the other is unknown.

At the hearing, none of the parties specifically opposed Petitioner's underlying request that this Court appoint a successor trustee/s to replace the original, and now unavailable, trustees of Montana Vermiculite Co. Royal Indemnity disclaimed any interest in Montana Vermiculite Co., denied itself as an affiliate of Grace, and further asserted that its insurance coverage for asbestos-related claims connected with the Libby vermiculite operation had been resolved through an indemnification settlement with Grace. Grace stated that Montana Vermiculite Co. is an asset-less corporation that came into being only after the assets and liabilities of Montana Vermiculite Co.'s predecessor, Zonolite Co., were purchased and assumed, respectively, by Grace in approximately 1963. Grace suggested that any asbestos-related claims against Montana Vermiculite Co. were "a waste of time," and ultimately claims against Grace.

Despite its assertion that actions taken against Montana Vermiculite Co. would ultimately implicate and be borne by Grace, and therefore assumedly fall within the scope of the bankruptcy injunction staying all actions against the debtor Grace, uncontested statements to the Court indicate that Montana Vermiculite Co. is not at this time a named debtor or entitled to have actions against it stayed pursuant to the Grace bankruptcy. It is also undisputed that the named plaintiffs on the petition worked at Zonolite (Montana Vermiculite) and may present claims against it. Accordingly, even if the appointment of trustees for Montana Vermiculite Co. were to constitute an "action" against the corporation, which it does not, the corporation's ultimate obligation to face suit and liability is unresolved and is a matter beyond this hearing. The fact remains that in this matter, none of the parties at the hearing put forth any basis for how this Court's ongoing responsibilities pursuant to the Decree of Dissolution have been limited or even affected by any of the events of the past 37 plus years.

This Court finds that whatever the ultimate rights and interests of the parties, there is no reason for allowing the unavailability of a trustee to single-handedly determine the matter as it pertains to Montana Vermiculite Co. The clear intent of the Decree of Dissolution was that this Court could and should appoint a trustee/s if necessary. Petitioner having shown good cause, this Court finds that the appointment of a trustee is necessary.

This Court finds that Royal Indemnity has represented that it has no interest in Montana Vermiculite Co. generally, much less in being appointed trustee of the corporation. Accordingly, the Court rejects the Petitioner's request that Royal Indemnity Co. be appointed trustee. The Court finds that attorney Lawrence H. Sverdrup, is qualified in escrow matters and stated at the hearing his willingness to serve as limited trustee of Montana Vermiculite Co.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. Lawrence H. Sverdrup is appointed limited trustee of Montana Vermiculite Co., a dissolved Montana corporation, solely for the purpose of receiving process on behalf of Montana Vermiculite Co.

1  DATED this _____ day of March, 2002.

2

3

4  _____
   **MICHAEL C. PREZEAU**
   District Judge

5

6

7  cc:  Lawrence H. Sverdrup, Esq.
        John F. Lacey, Esq.
8       Janet Baer, Esq.
        Carl Pernicone, Esq.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26