IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> W. R. GRACE & CO., et al., <br><br> Debtors. | Chapter 11 <br><br> Case No. 01-01139 (JKF) <br><br> (Jointly Administered) <br><br> **Re: Docket No. 4667** |

### OBJECTION OF THE OFFICIAL COMMITTEE OF ASBESTOS PROPERTY DAMAGE CLAIMANTS TO ROYAL INDEMNITY COMPANY'S MOTION FOR LEAVE TO FILE A LATE PROOF OF CLAIM

The Official Committee of Asbestos Property Damage Claimants (the "PD Committee") through its undersigned counsel, hereby files this Objection (the "Objection") to Royal Indemnity Company's ("Royal") Motion for Leave to File a Late Proof of Claim (the "Motion"). In support hereof, the PD Committee respectfully states as follows:

**Preliminary Statement**

Even though Royal acknowledges it timely received the Bar Date Notice, acknowledges the Bar Date Notice covers indemnity claims such as Royal's, acknowledges that its "Major Case Unit Manager" reviewed the Bar Date Notice, and acknowledges that the Manager took no steps to file a proof of claim, Royal still seeks to file a late proof of claim. Under the facts present here, Royal's inaction does not constitute excusable neglect, and the claim should be barred.

Case No. 01-01139 (JKF)

## Objection

1. In its Motion, Royal admits that it received the Bar Date Notice at least eight months prior to the actual Bar Date of March 31, 2003. Motion, ¶ 15 and Hutson Aff. at ¶12. Additionally, Royal admits that indemnity claims such as Royal's are covered by the Bar Date and that the Bar Date Notice included a directive that "derivative asbestos claims and asbestos-related claims for contribution, indemnity, reimbursement and subrogation" were included in the Bar Date. Motion, ¶ 31.

2. Just as significant is the fact that Royal's Major Case Unit Manager (the "Manager"), the individual responsible for the supervision and handling of coverage matters involving W.R. Grace, reviewed the Bar Date Notice, but decided not to study it in depth. Motion, p. 12, Hutson Aff. at ¶¶ 1,13. The Manager further elected not to forward it to Royal's outside counsel, but instead, made the determination that the Bar Date did not apply to Royal's claim. Motion, p. 12, Hutson Aff. at ¶13.

3. The burden of demonstrating excusable neglect falls upon the movant, and the demonstration must be more than just ignorance of one's own claim. *See Jones v. Chemetron Corp.,* 212 F.3d 199, 205 (3d Cir. 2000) (citing *In re Trump Taj Mahal Assoc.,* 156 B.R. 928, 936 (D.N.J. 1993) and *In re Best Prods. Co.,* Inc. 140 B.R. 353, 359 (Bankr. S.D. N.Y. 1992)).

4. As delineated in the *Pioneer* decision relied upon by Royal, the factors the Court must consider in determining whether excusable neglect occurred include: "the danger of prejudice to the debtor, the length of delay and its potential impact on judicial proceedings, the reason for the delay including whether it was within the reasonable control of the movant, and

whether the movant acted in good faith."[1]  *Pioneer Inv. Ser. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395 (1993).

5.  Here we have a sophisticated claimant that specifically assigned a Manager to handle W.R. Grace coverage issues and whose Manager made a determination not to file a claim based on her understanding of indemnification and elected not to seek a second opinion from outside counsel.  The sole reason for the delay was within the control of Royal, and only after it faced with the realization that its Manager's conclusions regarding the Bar Date Notice and the indemnification claim were incorrect, did Royal seek to file a claim.  Under relevant caselaw, this does not constitute "excusable neglect", and the late-filed claim should be barred.  *See Pioneer*, 507 U.S. at 396 (parties are accountable for the acts and omissions of their agents and counsel); *Ceridian Corp. v. SCSC Corp*, 212 F.3d 398, 403-404 (Under *Pioneer* precedent, mistake of law is not excusable neglect); *Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d 996, 998 (11th Cir. 1997) (acknowledging "error based on misunderstanding of law insufficient basis for excusing failure to comply with a deadline").

WHEREFORE, the PD Committee respectfully requests that this Court deny the Motion for Leave to File a Late Proof of Claim, and for such other relief that the Court deems appropriate.

---

[1] The prejudice to the Debtor not only includes the $6,000,000 indemnity amount, but also the potential for other insurance companies with similar indemnification claims that elected to either ignore the Bar Date or not file a claim to belatedly come to the Court at some point in the future.

Wilmington, Delaware
Dated:  November 26, 2003

                        Respectfully submitted,

                        BILZIN SUMBERG BAENA
                          PRICE & AXELROD
                        2500 Wachovia Financial Center
                        200 South Biscayne Boulevard
                        Miami, Florida  33131-2336
                        Telephone:  (305) 374-7580

                        Scott L. Baena (Admitted Pro Hac Vice)
                        Jay M. Sakalo (Admitted Pro Hac Vice)
                        Allyn S. Danzeisen (Admitted Pro Hac Vice)

                                  -and-

                        FERRY JOSEPH & PEARCE, P.A.
                        824 Market Street, Suite 904
                        P.O. Box 1351
                        Wilmington, Delaware  19899
                        Telephone:  (302) 575-1555

                        By:/s/ Theodore J. Tacconelli
                            Theodore J. Tacconelli
                            (Del. Bar No. 2678)

                        CO-COUNSEL FOR THE OFFICIAL
                        COMMITTEE OF ASBESTOS PROPERTY
                        DAMAGE CLAIMANTS