## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| W. R. Grace & Co. et al.[1]; | ) | Case No. 01-01139(JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | **Hearing Date: March 22, 2004 at 12:00 p.m.** |
| | | **Objection Deadline: December 24, 2003 at 4:00 p.m.** |

## <u>NOTICE OF FILING OF QUARTERLY FEE APPLICATION</u>

To: (1) The Debtors; (2) Counsel to the Debtors; (3) The Office of the United States Trustee; (4) Counsel to the Official Committee of Asbestos Personal Injury Claimants; (5) Counsel to the Official Committee of Asbestos Property Damage Claimants; (6) Counsel to the Official Committee of Equity Holders; and (7) Counsel to the Debtors-in-Possession Lenders (8) the Fee Auditor:

Stroock & Stroock & Lavan LLP ("Stroock"), counsel to the Official Committee of

Unsecured Creditors (the "Committee") of the above captioned debtor and debtors in possession

in the above-captioned chapter 11 cases, filed and served the Tenth Quarterly Fee Application of

Stroock & Stroock & Lavan LLP for Interim Compensation and for Reimbursement of Expenses

---

[1]    The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

for the services rendered during the period July 1, 2003 through September 30, 2003, seeking

compensation in the amount of $218,222.00 and reimbursement for actual and necessary

expenses in the amount of $4,339.46 and payment of the fees and expenses of the Asbestos

Issues Expert employed by the Committee in the amount of $36,865.19 (the "Quarterly Fee

Application").

Objections or responses to the Quarterly Fee Application, if any, must be made in writing

and filed with the United States Bankruptcy Court for the District of Delaware, Marine Midland

Plaza, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801, on or before

**December 24, 2003 at 4:00 p.m.**

At the same time you must also serve a copy of the objections or

responses, if any, upon the Affected Professional and each of the following:  (i) co-counsel for

the Debtors, James H.M. Sprayregen, Esquire, Kirkland & Ellis, 200 East Randolph Drive,

Chicago, Illinois 60601 (fax number 312-861-2200), and Laura Davis Jones, Esquire, Pachulski,

Stang, Ziehl, Young & Jones P.C., 919 North Market Street, Suite 1600, P.O. Box 8705,

Wilmington, DE 19899-8705 (Courier 19801) (fax number 302-652-4400); (ii) co-counsel to the

Official Committee of Unsecured Creditors, Lewis Kruger, Esquire, Stroock & Stroock & Lavan

LLP, 180 Maiden Lane, New York, New York 10038-4982 (fax number 212-806-6006), and

Michael R. Lastowski, Esquire, Duane Morris LLP, 1100 N. Market Street, Suite 1200,

Wilmington, Delaware 19801-1246 (fax number 302-657-4901); (iii) co-counsel to the Official

Committee of Asbestos Property Damage Claimants, Scott L. Baena, Esquire, Blizin, Sumberg,

Dunn, Baena, Price & Axelrod, First Union Financial Center, 200 South Biscayne Boulevard,

Suite 2500, Miami, Florida 33131 (fax number 305-374-7593), and Michael B. Joseph, Esquire,

Ferry & Joseph, P.A., 824 Market Street, Suite 904, P.O. Box 1351, Wilmington, Delaware

19899 (fax number 302-575-1714); (iv) co-counsel to the Official Committee of Asbestos

Personal Injury Claimants, Elihu Inselbuch, Esquire, Caplin & Drysdale, 399 Park Avenue, 36th

Floor, New York, New York 10022 (fax number 212-644-6755), and Mark Hurford, Esquire,

Campbell & Levine, LLC, Chase Manhattan Centre, 15th Floor, 1201 Market Street, Suite 1500,

Wilmington, Delaware 19801 (fax number 302-426-9947); (v) co-counsel to the DIP Lender, J.

Douglas Bacon, Esquire, Latham & Watkins , Sears Tower, Suite 5800, Chicago, Illinois 60606

(fax number 312-993-9767), and Steven M. Yoder, Esquire, The Bayard Firm, 222 Delaware

Avenue, Suite 900, P.O. 25130, Wilmington, Delaware 19899 (fax number 302-658-6395); (vi)

counsel to the Official Committee of Equity Holders, Thomas Moers Mayer, Esquire, Kramer

Levin Naftalis & Frankel LLP, 919 Third Avenue, New York, New York 10022 (fax number

212-715-8000); and (vii) the Office of the United States Trustee, Attn: Frank J. Perch, Esquire,

844 N. King Street, Wilmington, Delaware 19801 (fax number 302-573-6497); and (viii) the Fee

Auditor, to Warren H. Smith, Warren H. Smith and Associates, Republic Center, 325 N. St. Paul,

Suite 4080, Dallas, TX 75201.

PER THE AMENDED OMNIBUS HEARING ORDER DATED

DECEMBER 10, 2002, A HEARING ON THE QUARTERLY FEE APPLICATION WILL BE

HELD BEFORE THE HONORABLE JUDITH K. FITZGERALD ON

**MARCH 22, 2004 AT 12:00 P.M.**

IF YOU FAIL TO RESPOND OR OBJECT IN ACCORDANCE WITH THIS

NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE QUARTERLY

FEE APPLICATION WITHOUT FURTHER NOTICE OR HEARING.

Dated: Wilmington, DE
      December 4, 2003

**RESPECTFULLY SUBMITTED,**

    /s/
_____

Michael R. Lastowski, Esq. (DE I.D. No. 3892)
DUANE MORRIS, LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801
Telephone:   (302) 657-4900
Facsimile:    (302) 657-4901
E-mail:      mlastowski@duanemorris.com

William S. Katchen, Esquire (Admitted in NJ Only)
DUANE MORRIS, LLP
One Riverfront Plaza
Newark, New Jersey 07102
Telephone:   (973) 424-2000
Facsimile:    (973) 424-2001
E-mail:      wskatchen@duanemorris.com

      And

Lewis Kruger, Esquire
Kenneth Pasquale, Esquire
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, New York 10038-4982
Telephone:   (212) 806-5400
Facsimile:    (212) 806-6006
E-mail:      lkruger@Stroock.com
             kpasquale@Stroock.com

Co-Counsel for the Official Committee of Unsecured Creditors of
W. R. Grace & Co., et al.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| **W.R. Grace & Co., et al.** | Case No. 01-01139 (JKF) |
| Debtors. | Jointly Administered |

**TENTH QUARTERLY FEE APPLICATION OF STROOCK & STROOCK
& LAVAN LLP FOR COMPENSATION FOR SERVICES RENDERED AND
REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD
FROM JULY 1, 2003 THROUGH SEPTEMBER 30, 2003**

| | |
|---|---|
| Name of Applicant | **Stroock & Stroock & Lavan LLP** |
| Authorized to Provide Professional Services to: | **Official Committee of Unsecured Creditors** |
| Date of Retention: | **April 12, 2001** |
| Period for which compensation and reimbursement is sought | **July 1, 2003 – September 30, 2003** |
| Amount of Compensation sought as actual, reasonable and necessary: | **$218,222.00** |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | **$4,339.46[2]** |
| Fees and Expenses of the Asbestos Issues Expert | **$36,865.19** |

This is an: ☒ interim ☐ final application

This is the tenth quarterly application filed

---

[2]    Please note that this amount reflects a reduction of $203.00 by Stroock to correct a duplicative charge in the September monthly fee statement.

Attachment A

## Monthly Interim Fee Applications

| | | Payment Requested | | Payment Received | |
|---|---|---|---|---|---|
| Date Filed | Period Covered | Fees | Expenses | Fees | Expenses |
| May 30, 2001 D.I.339 | 4/12/01-4/30/01 | $138,926.00 | $1,975.13 | $111,140.80 | $1,975.13 |
| July 2, 2001 D.I.613 | 5/1/01 – 5/31/01 | $139,928.75 | $6,884.73 | $111,943.00 | $6,884.73 |
| July 30, 2001 D.I.772 | 6/1/01 – 6/30/01 | $91,019.00 | $10,458.14 | $72,815.20 | $10,458.14 |
| September 5, 2001 D.I.889 | 7/1/01-7/31/01 | $92,308.00 | $5,144.37 | $73,846.40 | $5,144.37 |
| October 2, 2001 D.I.983 | 8/1/01 8/31/01 | $53,873.50 | $3,069.88 | $43,098.80 | $3,069.88 |
| October 31, 2001 D.I.1058 | 9/1/01 – 9/30/01 | $58,742.00 | $6,801.32 | $46,993.60 | $6,801.32 |
| November 26, 2001 D.I.1239 | 10/1/01 – 10/31/01 | $101,069.00 | $3,562.09 | $80,855.20 | $3,562.09 |
| January 8, 2002 D.I.1470 | 11/1/01 – 11/30/01 | $136,368.50 | $8,847.34 | $109,094.80 | $8,847.34 |
| February 1, 2002 D.I.1608 | 12/01/01 – 12/31/01 | $92,064.50 | $9,471.47 | $73,651.60 | $9,471.47 |
| March 14, 2002 D.I.1812 | 01/01/02 – 01/31/02 | $100,231.50 | $14,675.58 | $80,185.20 | $14,675.58 |
| April 22, 2002 D.I.1951 | 02/01/02 – 02/28/02 | $88,974.50 | $16,863.97 | $71,179.60 | $16,863.97 |
| May 8, 2002 D.I.2029 | 03/01/02 – 03/31/02 | $77,964.25 | $1,190.44 | $62,371.40 | $1,190.44 |
| June 3, 2002 D.I.2156 | 04/01/02-04/30/02 | $97,251.50 | $1,816.40 (Stroock) $9,772.37 (Chambers) | $77,801.20 | $11,588.86 |

| | | Payment Requested | | Payment Received | |
|---|---|---|---|---|---|
| July 2, 2002 D.I.2324 | 05/01/02 – 05/31/02 | $74,910.75 | $2,9154.43 (Stroock) $43,190.69 (Chambers) | $59,928.60 | $46,105.12 |
| August 5, 2002 D.I.2495 | 06/01/02 – 06/30/02 | $73,096.75 | $2,054.05 (Stroock) $114,666.72 (Chambers) | $58,477.4011 | $116,720.77 |
| September 20, 2002 D.I.2720 | 07/01/02 – 07/31/02 | $90,903.27 | $1,250.79 (Stroock) $11,996.25 (Chambers) | $72,722.61 | $13,274.04 |
| October 29, 2002 D.I.2898 | 08/01/02 – 08/31/02 | $93,151.25 | $11,539.51 (Stroock) $5,046.70 (Chambers) | $74,521.00 | $16,586.21 |
| November 14, 2002 D.I.2981 | 09/01/02 - 09/30/02 | $96,613.25 | $15,567.77 (Stroock) $771.50 (Chambers) | $77,290.60 | $16,339.27 |
| December 10, 2002 D.I.3129 | 10/1/02 – 10/31/02 | $68,404.00 | $2,956.54 (Stroock) $1,780.75 (Chambers) | $54,723.20 | $4,737.29 |
| January 28, 2003 D.I.3286 | 11/1/02 – 11/30/02 | $75,345.50 | $8,712.16 (Stroock) | $60,276.40 | $8,712.16 |
| February 7, 2003 D.I.3349 | 12/1/02 – 12/31/02 | $27,683.50 | $13,332.14 (Stroock) | $22,146.80 | $13,332.14 |
| March 26, 2003 D.I.3552 | 1/1/03 – 1/31/03 | $88,139.00 | $1,210.11 (Stroock) | $70,511.20 | $1,210.11 |
| April 7, 2003 D.I.3626 | 2/1/03 – 2/28/03 | $76,313.00 | $2,022.78 (Stroock) $1,077.80 (Chambers) | $61,050.40 | $3,100.58 |
| April 29, 2003 D.I.3718 | 3/1/03 – 3/31/03 | $60,163.50 | $6,191.15 (Stroock) | $48,130.80 | $6,191.15 |
| June 2, 2003 D.I. 3850 | 4/1/03 – 4/30/03 | $60,269.00 | $814.02 (Stroock) $2,043.00 (Chambers) | $48,215.20 | $2,857.02 |
| July 1, 2003 D.I. 3983 | 5/1/03 – 5/31/03 | $111,990.50 | $691.84 (Stroock) $3,830.50 (Chambers) | $89,592.40 | $10,522.34 |
| August 5, 2003 D.I. 4152 | 6/1/03 – 6/30/03 | $43,824.00 | $1,220.42 (Stroock) $61,755.00 (Chambers) | $35,059.20 | $62,975.42 |
| September 4, 2003 D.I. 4381 | 7/1/03 – 7/31/03 | $79,090.50 | $2,301.33 (Stroock) $14,274.25 (Chambers) | $63,272.40 | $16,575.58 |

| | | Payment Requested | | Payment Received | |
|---|---|---|---|---|---|
| September 30, 2003 D.I. 4512 | 8/1/03 – 8/31/03 | $69,927.00 | $1,164.19 (Stroock) $12,488.94 (Chambers) | | |
| October 29, 2003 D.I. 4625 | 9/1/03 – 9/30/03 | $69,409.50 | $1,076.94 (Stroock) $10,102.00 (Chambers) | | |

**Quarterly Fee Applications**

| Date Filed | Period Covered | Payment Requested | | Payment Received | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| July 30, 2001 D.I.770 | 4/12/01–6/30/01 | $369,873.75 | $19,318.00 | $369,873.75 | $19,318.75 |
| November 1, 2002 D.I.1068 | 7/1/01 – 9/31/01 | $204,923.50 | $15,015.57 | $204,923.50 | $15,015.57 |
| February 8, 2002 D.I.1658 | 10/1/01 – 12/31/01 | $329,842.00 | $21,880.90 $9,918.43[*] | $329,842.00 | $21,880.90 (Stroock) $9,918.43 (Chambers) |
| May 16, 2002 D.I.2064 | 01/01/02 – 03/31/02 | $267,170.20 | $6,149.76 $36,352.60* | $266,865.70 | $6,144.85 (Stroock) $22,002.76 (Chambers) |
| August 16, 2002 D.I.2557 | 04/01/02 – 06/30/02 | $245,259.00 | $6,784.97 $167,629.78* | $245,259.00 | $6,784.97 (Stroock) $167,629.78 (Chambers |
| November 18, 2002 D.I.3045 | 07/01/02 – 09/30/02 | $280,471.77 | $28,358.07 $17,814.45[*] | $224,534.21[1] | $28,358.07 (Stroock)[1] $17,814,45 (Chambers)[1] |
| March 25, 2003 D.I.3549 | 10/01/02 – 12/31/03 | $171,108.00 | $25,000.84 $1,780.75[*] | $136,886.40[2] | $25,000.84 (Stroock)[2] $1,780.75 (Chambers)[2] |
| May 20, 2003 D.I. 3815 | 1/1/03 – 3/31/03 | $224,358.50 | $9,424.04 $1,077.80* | $224,615.50[3] | $9,424.04 (Stroock)[3] $1,077.80 (Chambers)[3] |
| September 29, 2003 D.I. 4357 | 4/1/03 – 6/30/03 | $215,903.50 | $2,726.28 $67,628.50* | | |

---

[*]    This amount relates to the Committee's Asbestos Issues Expert.

[*]    This amount relates to the Committee's Asbestos Issues Expert.

[1]    Court Order dated March 14, 2003 approved fees in the amount of $276,535.77 and expenses in the amount of $45,477.52.

[*]    This amount relates to the Committee's Asbestos Issues Expert.

[2]    Court Order dated July 28, 2003 approved fees in the amount of $171,108.00 and expenses in the amount of $26,412.62.

[3]    Court order dated September 22, 2003 approved fees in the amount of $224,033.50 and expenses in the amount of $10,410.22.

**WR GRACE & CO**

**ATTACHMENT B**

**JULY 1, 2003 - SEPTEMBER 30, 2003**

| Summary of Hours | Hours | Rate | Amount | No. of Years In Position |
|---|---|---|---|---|
| **Partners** | | | | |
| Greenberg, Mayer | 10.5 | $ 550 | $ 5,775.00 | 6 |
| Kruger, Lewis | 15.2 | 725 | 11,020.00 | 34 |
| Levy, Mark | 1.2 | 670 | 804.00 | 30 |
| Kulman, Bradley | 0.5 | 625 | 312.50 | 8 |
| Pasquale, Kenneth | 18.7 | 550 | 10,285.00 | 5 |
| Wintner, Mark | 22.1 | 625 | 13,812.50 | 23 |
| | | | | |
| **Associates** | | | | |
| Berg, Madelaine | 4.1 | 500 | 2,050.00 | 24 |
| Brandes, Ronnie H. | 5.4 | 295 | 1,593.00 | 3 |
| Fitzgerald, Christine | 15.5 | 395 | 6,122.50 | 7 |
| Keppler, Abbey | 3.5 | 495 | 1,732.50 | 17 |
| Krieger, Arlene | 235.5 | 495 | 116,572.50 | 20 |
| Sasson, Moshe | 63.1 | 445 | 28,079.50 | 10 |
| | | | | |
| **Paraprofessionals** | | | | |
| Calvo, Fernando | 6.2 | 180 | 1,116.00 | 3 |
| Caskadon, Alexandra | 71.6 | 180 | 12,888.00 | 4 |
| Defreitas, Vaughn | 42.2 | 115 | 4,853.00 | 17 |
| Kaufman, Eric | 1.5 | 120 | 180.00 | 6 |
| Magzamen, Michael | 4.2 | 180 | 756.00 | 1 |
| Stutman, Sarah | 1.5 | 180 | 270.00 | 2 |
| | | | | |
| **Total** | **522.5** | | **218,222.00** | |

## WR GRACE & CO

## COMPENSATION BY PROJECT CATEGORY

### July 1, 2003 - September 30, 2003

| MATTER No. | PROJECT CATEGORY | HOURS | TOTAL FEES |
|---|---|---|---|
| 0003 | Claim Analysis Objection, Resolution & Estimation (Asbestos) | 103.0 | 48,574.00 |
| 0008 | Asset Analysis and Recovery | 8.7 | 2,686.00 |
| 0013 | Business Operations | 31.0 | 15,442.50 |
| 0014 | Case Administration | 71.4 | 13,701.00 |
| 0015 | Claims Analysis/Objections/Administration (Non-Asbestos) | 9.3 | 4,153.00 |
| 0017 | Committee, Creditors', Noteholders', or Equity Holders' | 118.7 | 58,802.00 |
| 0018 | Fee Application, Applicant | 80.2 | 26,311.50 |
| 0020 | Fee Application, Others | 12.5 | 2,250.00 |
| 0021 | Employee Benefits, Pension | 29.3 | 16,043.00 |
| 0034 | Litigation and Litigation Consulting | 0.1 | 49.50 |
| 0036 | Plan/Disclosure Statement/Voting Issues | 9.9 | 5,443.00 |
| 0037 | Hearings | 7.9 | 4,921.50 |
| 0040 | Employment Applications - Others | 20.1 | 10,166.00 |
| 0041 | Relief from Stay Proceeding | 2.7 | 1,336.50 |
| 0047 | Tax Issues | 17.7 | 8,342.50 |
| | | | |
| | **Total** | **522.5** | **218,222.00** |

**W R GRACE & CO**

**SUMMARY OF DISBURSEMENTS**

**JULY 1, 2003 - SEPTEMBER 30, 2003**

| | |
|---|---:|
| Outside Messenger Service | $   375.50 |
| Meals | 17.91 |
| Local Transportation | 264.62 |
| Long Distance Telephone | 527.00 |
| Duplicating Costs-in-House | 1,149.00 |
| Postage | 2.54 |
| Process Service & Calendar Watch | 297.97 |
| Facsimile Charges | 32.00 |
| Word Processing - Logit | 354.00 |
| Travel Expenses - Transportation | 233.00 |
| Westlaw | 1,085.92 |
| | |
| **Total Disbursements** | **$4,339.46** |

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | **Chapter 11** |
| **W. R. GRACE & CO., et al.**[1] | ) | **Case No. 01-01139 (JKF)** |
| | ) | |
| Debtors. | ) | **Jointly Administered** |

**TENTH QUARTERLY FEE APPLICATION BY STROOCK & STROOCK & LAVAN LLP, COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF W. R. GRACE & CO., et al., FOR INTERIM COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR SERVICES RENDERED DURING THE PERIOD FROM JULY 1, 2003 THROUGH SEPTEMBER 30, 2003**

Stroock & Stroock & Lavan LLP ("Stroock" or "Applicant"), counsel to the Official

Committee of Unsecured Creditors (the "Committee") of W. R. Grace & Co. ("Grace") and its

sixty-one domestic subsidiaries and affiliates that are debtors and debtors-in-possession (the

---

[1]     The Debtors consist of the following 62 entities:  W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings. Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc.,  Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, and H-G Coal Company.

"Debtors") in this Court, for its application pursuant to 11 U.S.C. §§ 330 and 331 and in accordance with the Administrative Fee Order (defined below) for interim allowance of compensation for services rendered and for reimbursement of expenses incurred in connection therewith, respectfully represents as follows:

## INTRODUCTION

1.     By this application, Stroock seeks (i) an interim allowance of compensation for the professional services rendered by Stroock as counsel for the Committee for the period from July 1, 2003 through September 30, 2003 (the "Compensation Period") in the aggregate amount of $218,222.00[2] representing 395.3 hours of professional services and 127.2[2] hours of paraprofessional services; and (ii) reimbursement of actual and necessary expenses incurred by Stroock during the Compensation Period in connection with the rendition of such professional services and paraprofessional services in the aggregate amount of $4,339.46, as well as the fees and expenses of the asbestos issues expert employed by the Committee pursuant to the Court's June 22, 2001 Order Authorizing the Retention of Experts (the "Asbestos Issues Expert") in respect of services rendered in the months of June, July, August and September 2003 in the aggregate amount of $36,865.19.

2.     Venue of this proceeding and this application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 330 and 331 and Federal Rules of Bankruptcy Procedure 2002(a) and 2016.

---

[2]     Amount reflects Stroock's voluntary reduction of $205.00 from the total compensation earned during the Compensation Period relating to 1.5 hours of paraprofessional services rendered by two paraprofessionals.

2

## BACKGROUND

3.        On April 2, 2001 (the "Petition Date"), each of the Debtors filed voluntary

petitions for reorganization under chapter 11 of the Bankruptcy Code and have continued in the

management and operation of their businesses and property pursuant to §§ 1107 and 1108 of the

Bankruptcy Code.  Pursuant to an order of the Court, the Debtors' chapter 11 cases have been

procedurally consolidated and are being jointly administered.

4.        The Debtors operate a world-wide specialty chemicals and materials business and

employ approximately 3860 full and part-time employees.  On a consolidated basis, for the fiscal

year 2000, Grace reported a net loss of $89.7 million[3] from $1.59 billion in net revenues.  The

Debtors' bankruptcy filings report that in fiscal year 2000, on a consolidated basis, Grace's sales

are generated approximately 50% by the Debtors and 50% by the Debtors' non-debtor

subsidiaries and affiliates.

5.        On April 12, 2001, the United States Trustee formed the Committee.  During the

first meeting of the Committee on April 12, 2001, the Committee duly selected Stroock as its

counsel to represent the Committee in all matters during the pendency of the Debtors' Chapter

11 cases.  The Committee thereafter approved the retention of Duane, Morris & Heckscher LLP

("DM&H") as its local Delaware counsel.

6.        The United States Trustee also appointed two separate official committees to

represent the interests of claimants asserting asbestos-related personal injury claims and

---

[3]        The Debtors' pleadings further reported that this net loss resulted in part from a $294.0 million asbestos-
related charge to earnings recorded in the fourth quarter of 2000.

3

asbestos-related property damage claims against the Debtors (collectively, the "Asbestos Claim Committees"). On June 18, 2001, the United States Trustee appointed an official committee to represent the interests of equity security holders of the Debtors (the "Equity Committee").

7.    By application dated May 1, 2001, Stroock sought Court approval for its retention as counsel to the Committee nunc pro tunc to April 12, 2001. The Court signed an order approving Stroock's retention as counsel to the Committee on May 30, 2001.

8.    This is the tenth quarterly interim application Stroock has filed with the Court for an allowance of compensation and reimbursement of expenses for services rendered to the Committee. This application is submitted pursuant to the terms of the Administrative Order Under §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, approved by the Court on May 3, 2001 as amended by order dated April 19, 2002 (collectively, the "Administrative Fee Order").

9.    In accordance with the procedures established by the Administrative Fee Order, Stroock had, at the time of filing of this application, received payment from the Debtors for 80% of the fees and 100% of Stroock's expenses requested, and not objected to, in the July 2003 fee statement encompassed within this Compensation Period. Certificates of no objection have been filed with the Court in respect of Stroock's August and September 2003 monthly fee statements. In addition, Stroock has received payment from the Debtors in the amount of $14,274.25, representing the fees and expenses of Navigant Consulting, formerly known as Chambers Associates, the Asbestos Issues Expert for the Committee for the month of June 2003, but has

4

not received payment in respect of the fees and expenses of the Asbestos Issue Expert for the months of July, August or September 2003. Applicant has received no other payments and no promises for payment from any source for services rendered in connection with these cases for the months encompassing this Compensation Period other than as immediately set forth above. There is no agreement or understanding between the Applicant and any other person (other than members of Stroock) for the sharing of compensation to be received for the services rendered in these cases.

10.    As stated in the Affidavit of Kenneth Pasquale, Esq. annexed hereto as Exhibit "A," all of the services for which interim compensation is sought herein were rendered for and on behalf of the Committee solely in connection with these cases.

## SUMMARY OF SERVICES RENDERED

11.    Since being retained by the Committee, Stroock has rendered professional services to the Committee as requested and as necessary and appropriate in furtherance of the interests of the unsecured creditors of the Debtors' estates. The variety and complexity of these cases and the need to act or respond on an expedited basis in furtherance of the Committee's needs have required the expenditure of substantial time by personnel from several legal disciplines, on an as-needed basis, including in certain instances, working into the evening and on weekends.

12.    Stroock maintains written records of the time expended by attorneys and paraprofessionals in the rendition of their professional services to the Committee. Such time records were made contemporaneously with the rendition of services by the person rendering

5

such services and in the ordinary course of Stroock's practice, and are presented in compliance

with Delaware Local Rule 2016-2(d) amended effective as of September 1, 2002.  A compilation

showing the name of the attorney or paraprofessional, the date on which the services were

performed, a description of the services rendered, and the amount of time spent in performing the

services during the Compensation Period is annexed hereto as Exhibit "B".  In addition, Exhibit

"C" hereto contains a summary of the hours expended by each of the attorneys and

paraprofessionals during the Compensation Period, their normal hourly rates, and the value of

their services.

13.     Stroock also maintains records of all actual and necessary out-of-pocket expenses

incurred in connection with the rendition of its professional services, all of which are also

available for inspection.  A schedule of the categories of expenses and amounts for which

payment is requested is annexed hereto as Exhibit "D".

14.     Stroock respectfully submits that the professional services that it rendered on

behalf of the Committee were necessary and have directly benefited the creditor constituents

represented by the Committee and have contributed to the effective administration of these cases.

15.     The following summary of the services rendered during the Compensation Period

is not intended to be a detailed description of the work performed, as those day-to-day services

and the time expended in performing such services are fully set forth in Exhibit "B".  Rather, it is

merely an attempt to highlight certain of these areas in which services were rendered to the

Committee, as well as to identify some of the problems and issues to which Stroock was required

to direct its attention.

### Claim Analysis, Objection & Resolution (Asbestos) -- Category 0003

16.     As previously reported, a primary topic of several extended hearings before Judge

Fitzgerald during prior compensation periods, was the issue of how the Zonolite Attic Insulation

(the "ZAI") claims could and should be determined by the Court.  In the course of these

hearings, Judge Fitzgerald concluded that there should be a limited trial to determine whether

there is scientific evidence that ZAI poses an unreasonable risk of harm before other issues are

considered, including issues in respect of class certification, and bar date processes and notices.

In connection with the conduct of the science trial, the parties discussed, among other issues,

how to get the ZAI claims before the Court, the choice of counsel to represent the ZAI claimants,

the budget for the science trial litigation, and the scope of the litigation.  The Court has issued

orders in connection with these issues (i) providing for the asbestos property damage

committee's (the "PD Committee") retention of special counsel to represent the ZAI claimants,

(ii) establishing a litigation schedule, and (iii) establishing procedures for the ZAI science trial.

17.     The litigation schedule provided for Rule 42 consolidation motions together with

any related Daubert/summary judgment motions to be filed no later than July 7, 2003 and

responsive pleadings and replies to be filed no later than August 8, 2003 and August 18, 2003,

respectively, and argument to be had on these and other pre-trial matters before the Court in

September 2003.

18.     On or prior to the filing deadlines established by the Court, lengthy summary

judgment motions and legal memoranda in support thereof were filed by the Debtors and by the

ZAI claimants, in addition to other pre-trial motions including the Debtors' motion in limine to

7

exclude evidence of any alleged damages from ZAI, and the ZAI Claimants' motion to exclude one of the Debtors' expert's opinion on cleavage fragments, as well as were lengthy responsive pleadings and reply briefs by the parties.

19.    During this Compensation Period, Stroock reviewed each of the many ZAI-related pleadings and papers filed and prepared two extensive memoranda for the Committee detailing the legal arguments asserted therein.

20.    In addition to moving forward with pre-trial matters in respect of the science trial, during this Compensation Period, the ZAI-related issues also began to go through a mediation process. From time to time throughout the Compensation Period, Stroock engaged Debtors' special litigation counsel with respect to the status of the litigation and the on-going mediation efforts and continued to keep the Committee apprised of the status thereof.

21.    In addition, in prior quarterly compensation applications, Stroock reported that articles had began to appear with respect to the efforts and proposals being made by certain members of Congress to enact new legislation to globally address asbestos-related claims and lawsuits asserted against businesses both within, and outside of, bankruptcy. During the prior compensation period, Congressional activity with respect to the formulation of asbestos reform legislation substantially increased as Senator Hatch proposed a draft bill and other senators proposed amendments thereto or issued statements commenting thereon.

22.    During the Compensation Period, numerous articles were published and Navigant Consulting (formerly Chambers Associates) prepared numerous memoranda discussing the

8

legislation, various proposals amending the draft bill, and addressing those aspects of the legislation which are still the subject of disparate viewpoints. Stroock reviewed these articles, reports and memoranda, given that these are areas of direct relevance to these chapter 11 cases, and forwarded memoranda to the Committee on the asbestos-reform legislation.

23.     In addition, during the Compensation Period, Debtors' counsel began to discuss with Stroock the Debtors' selection of a proposed legal representative for future asbestos claimants, and Judge Wolin issued an order directing two of the special Court-appointed consultants to establish Working Committees and select members for those committees who would represent parties in each of the five asbestos-related chapter 11 cases. With respect to this latter matter, Stroock contacted the applicable Court-appointed consultant to discuss the Working Committees generally, and its proposed role on one such committee. Stroock has expended 103.0 hours in this category for a fee of $48,574.00.

### Asset Analysis and Recovery – Category 0008

24.     During the Compensation Period, Stroock discussed with FTI Consulting the Company's proposed acquisitions of businesses in the silica pharmaceutical area, and in connection with a specific stock acquisition target, prepared with FTI an information and documentation request for the Company and it financial advisor, and conducted preliminary research on on-going litigation and articles in respect of threatened silicosis liability litigation arising out of exposure to silica. Stroock has expended 8.7 hours in this category for a fee of $2,686.00.

9

## Business Operations -- Category 0013

25.     During the Compensation Period, the Debtors filed a motion seeking authorization for an administrative consent order they had negotiated with the EPA in connection with the remediation of certain property in and around Libby, Montana. Stroock reviewed the motion and consent order, prepared memoranda raising questions and concerns with respect to the provisions of the consent order, discussed the same with counsel for the EPA, and ultimately negotiated modified language to be incorporated into the consent order with respect to the stipulated penalty provisions of the order.

26.     As discussed in another section of this Application, the Debtors filed a motion (the "Pension Payments Motion") seeking to make payments to the trust funding the Company's defined benefit plans (the "Pension Trust") in excess of those required to meet ERISA minimum funding requirements and contrary to the Bankruptcy Code's prohibition on paying some unsecured creditors ahead of others.  As further discussed elsewhere in this Application, the Committee's objection to the Debtors' motion was ultimately consensually resolved after the Debtors amended the relief they requested in several ways, including by agreeing to repatriate cash in overseas affiliates and use such funds, rather than the cash available under the Debtors' DIP facility, to make accelerated payments to the Pension Trust.  In this connection, during the Compensation Period, Stroock reviewed the Company's analysis on the repatriation of cash and its impact and FTI Consulting's memorandum further analyzing the cost to the Debtors' estates from the proposed repatriation, and discussed the same with FTI.

10

27.     In addition during the Compensation Period, Stroock reviewed the Company's second quarter 2003 operating results and FTI Consulting's draft report to the Committee thereon and discussed with FTI the Debtors' cash position, business performance and projections for the year.   Stroock has expended 31.0 hours on this category for a fee of $15,442.50.

### Case Administration -- Category 0014

28.     As reported in prior monthly compensation applications, towards the end of the November 2001 compensation period, Stroock was informed that these chapter 11 cases were being reassigned to District Court Judge Alfred Wolin.  A number of orders were issued during the month of December 2001 relating to the reassignment of these cases to Judge Wolin and the reference of these cases to Judge Judith Fitzgerald.

29.     During the Compensation Period, Stroock continued to closely monitor the items on the Court's general chapter 11 docket for these cases, as well as those dockets relating to each of the adversary proceedings pending in these chapter 11 cases, to ensure that the Committee was fully informed about all pending motions and adversary proceedings and that Stroock would be ready to timely respond on behalf of the Committee, as might be applicable.  Stroock continued to engage Debtors' counsel and FTI Consulting on an on-going basis with respect to pending matters and information requests, reviewed agenda letters prepared for Judge Fitzgerald during the Compensation Period in respect of the hearings held each month during the period, reviewed transcripts from hearings already held before the Court, if relevant to the matters currently pending, and responded to inquiries from unsecured creditors with respect to the status of these cases generally, claims filed in respect of the March 31, 2003 bar date established for non-

11

asbestos, general unsecured claims in these cases and the process for the Debtors' objections thereto, and the conduct of the ZAI science trial litigation.  In addition, during this Compensation Period, Stroock responded to the initial report prepared by Warren H. Smith & Associates, the Fee Auditor appointed in these cases, to Stroock's Eighth and Ninth Quarterly Fee Applications, and reviewed the final report subsequently issued by the Fee Auditor on those Quarterly Fee Applications in respect thereof.  In addition, during this Compensation Period, Stroock rendered some services in this category in connection with the Debtors' motion to further extend exclusivity, including the asbestos personal injury committee's objection thereto; and in discussing a meeting with the Debtors and the Committee directed by the Court to explore a proposed consensual plan of reorganization.  Stroock has expended 71.4 hours on this category for a fee of $13,701.00.

### Claims Analyses, Objection and Resolution (Non-Asbestos) -- Category 0015

30.     During the Compensation Period, Stroock reviewed the Debtors' proposed settlement of (i) outstanding claims by the U.S. Department of Commerce Bureau of Industry & Security against Grace for its alleged pre-petition export of products in violation of export regulations and (ii) intellectual property litigation involving Grace affiliates in Italy, and communicated with Debtors' counsel the Committee's outstanding questions in connection with these two settlements.  In addition, during the Compensation Period, Stroock reviewed the first and second omnibus objections to claims filed by the Debtors, discussed the tax-related claims with FTI and revised initial responses filed to the objections.  Stroock has expended 9.3 hours on this category for a fee of $4,153.00.

12

**Committee, Creditors' Noteholders' or Equity Holders' -- Category 0017**

31.     During the Compensation Period, Stroock communicated with the members of the

full Committee through numerous memoranda and telephone conversations, including a number

of conference call meetings of the Committee.  In order to keep the Committee fully informed of

all of the pending matters in these cases, and thus enable the Committee to take informed

positions on issues, Stroock thoroughly reviewed and summarized the motions filed by the

Debtors and other parties in interest in these cases, raised issues the Committee should be aware

of, and made recommendations to the Committee concerning appropriate actions to be taken with

regard to the motions, communicated with members of the Committee regarding the positions to

be taken, engaged counsel for the Debtors, and other parties and movants, as applicable, with the

Committee's questions and concerns, and negotiated whenever and to the extent possible

consensual resolutions of outstanding issues and acceptable forms of proposed orders and

stipulations.

32.     The motions, agreements, and other materials Stroock reviewed during the

Compensation Period and prepared comprehensive memoranda to the Committee on included

(i) the motion filed by the Debtors seeking authority to make payments to the Trust funding the

Company's numerous defined benefit plans (the "Pension Payments Motion"), (ii) Debtors'

motion for authority to enter into an Administrative Consent Order with the EPA concerning

property in Libby, Montana, (iii) the decision rendered by the District Court for Montana finding

substantial environmental liability against the Company for EPA conducted remediation, (iv) the

motions filed by the Debtors seeking approval for two tax claim-related matters; one settling a

tax audit with New York State and the other resolving claims with the Department of Revenue

13

for the State of Florida; and (v) the motion filed by Summit Ventures LLC seeking to compel

one of the Debtors to assume certain real estate-related contracts and agreements.

33.     Stroock rendered extensive services in this category and in the Employee/Benefit

Plan category with respect to the Pension Payments Motion.  Stroock reviewed the motion,

analyzed the factual and legal issues raised therein, obtained the rationale and basis for the

motion by discussing those issues with the Debtors and extensively discussed the motion with

the Committee.  The Committee authorized Stroock to file an objection to the motion in the

absence of negotiating a consensual resolution of the issues the Committee had with the Debtors'

motion.  Stroock reviewed relevant case law and prepared an extensive objection to the motion

on behalf of the Committee.  Stroock informed Debtors' counsel of the Committee's concerns

and position on the motion and also communicated with counsel for the PD Committee.  As a

result of subsequent discussions, the Debtors and the Committee reached agreement on the terms

of a revised proposal for the accelerated payment of the Trust funding the Debtors' pension

plans.

34.     In connection with evaluating and achieving agreement on the revised proposal,

Stroock reviewed and discussed with FTI Consulting economic analyses from the Debtors

addressing the costs to the Debtors' estates of using different sources of cash to make the pension

payments for which the Debtors sought authorization, engaged counsel for the Debtors and for

the PD Committee on the terms of the amended payment proposal, prepared additional

memorandum for the Committee discussing the amended proposal, and prepared proposed

14

revised provisions for the form of order embodying the terms of the agreement as reached with the Committee.

35.     In addition, during this Compensation Period, the Debtors sought to further extend the periods during which they have the exclusive right to file plans of reorganization and solicit acceptances thereto.  In granting the Debtors' motion, the Court directed the Debtors to promptly hold discussions with each of the official creditors' committees appointed in these cases to explore the terms of a proposed consensual reorganization plan.  In connection therewith, the Debtors circulated plan-related materials, which Stroock discussed with the Committee and FTI Consulting both prior to and subsequent to the plan meeting with the Debtors.

36.     In addition, throughout this Compensation Period, Stroock continued to keep the Committee informed with respect to pleadings filed in, and decisions issued by, this and other Courts, in respect of other asbestos-related chapter 11 cases, and with respect to articles and reports in respect of the legislative attempts to address the resolution of asbestos claims on a national basis, all of which have particular relevance to these cases.

37.     Through its correspondence and communication with the Committee, Stroock has assisted the Committee in fulfilling its statutory duties to make informed decisions and express the Committee's views regarding the issues which have already arisen in these cases.  Stroock has expended 118.7 hours on this category for a fee of $58,802.00.

15

### Fee Application, Applicant -- Category 0018

38.    During the Compensation Period, Stroock prepared its fee statements for the months of May 2003, June 2003, July 2003 and August 2003 and related notices and certifications of no objection.  Stroock also prepared its response to the Fee Auditor's initial report on Stroock's Eighth Quarterly Fee Application covering the January 1, 2003 through March 31, 2003 period and prepared its Ninth Quarterly Fee Application covering the period from April 1, 2003 through June 30, 2003 (the "Prior Compensation Application"), including a narrative section summarizing the services rendered during that period by Stroock and numerous fee and expense schedules, as required by the Administrative Fee Order entered by the Court. Stroock has expended 80.2 hours on this category for a fee of $26,311.50.

### Fee Application, Others -- Category 0020

39.    During the Compensation Period, Stroock reviewed and discussed with FTI Consulting such professional's ninth quarterly fee application and its May 2003, June 2003 and July 2003, and August 2003 fee statements.  Stroock has expended 12.5 hours on this category for a fee of $2,250.00.

### Employee/Benefits Pension -- Category 0021

40.    As reported in the Prior Compensation Application, towards the latter part of that compensation period the Debtors sought approval to make payments in the sum of $40.0 million for each of the 2003 and 2004 calendar years to the Trust that contributes funds to Grace's defined benefit pension plans (the "Pension Payments Motion").  The proposed payments

16

exceeded the amounts required to be contributed to the pension plans to meet ERISA's minimum funding requirements.

41.    As reflected in that portion of this Application discussing Stroock's services in the Committee –Category 0017, Stroock, during this Compensation Period, rendered extensive services for the Committee in connection with this matter, certain of which services are reflected in this category.  Services billed in this category include Stroock's (i) review of pension-related documentation it requested from the Debtors, (ii) discussions with Debtors' representatives and actuary regarding the Motion, the Committee's position thereon and the amended proposal, and (iii) review of relevant case law and preparation of an objection to the Pension Payments Motion.

42.    In addition, during the later portion of the Compensation Period, the Debtors sought to further modify the timeframe for the Debtors to make the agreed-upon pension-related payments.  Stroock reviewed the memorandum providing the Debtors' rationale for the further payment modification and discussed the same with the Debtors.  Stroock has expended 29.3 hours on this category for a fee of $16,043.00.

## Litigation and Litigation Consulting -- Category 0034

43.    As reported in prior quarterly compensation applications, the parties had reported a tentative settlement of the fraudulent transfer litigation with Sealed Air Corporation and with Fresenius Medical Care Holdings Inc.  Further, such prior applications reported that while a definitive settlement agreement had been prepared and approved by the Court with respect to Fresenius, the parties had not yet prepared a final form of settlement agreement with respect to the tentative agreement with Sealed Air.

17

44.     During the Compensation Period, Stroock reviewed correspondence from Debtors' counsel setting forth the Debtors' position on the most recent form of Sealed Air settlement agreement.  Stroock has expended 0.1 hours on this category for a fee of $49.50.

## Plan/Disclosure Statement/Voting Issues -- Category 0036

45.     During the hearing to consider the Debtors' request to further extend their exclusive periods to file a plan of reorganization and solicit acceptances thereto, the Court directed the Debtors to have a meeting with each of the official committees appointed in these cases to discuss a potential consensual plan.  In connection with the telephonic phone meeting held by the Debtors with the Committee during the Compensation Period, the Debtors forwarded certain materials including their restructuring analysis.  In advance of the plan meeting, Stroock reviewed the Debtors' materials, discussed the same with FTI, prepared for the Committee meeting with the Debtors, and actively represented the interests of the Committee during this meeting.  Stroock has expended 9.9 hours on this category for a fee of $5,443.00.

## Hearings -- Category 0037

46.     During the Compensation Period, Judge Fitzgerald held three hearings during which the Court considered, among other matters, the Debtors' motion seeking to extend their exclusive periods, and the opposition filed thereto by the asbestos personal injury committee and held a status conference on the ZAI science trial.  Judge Fitzgerald was also scheduled to hear the Debtors' motion seeking to retain State Street Bank and Trust Company as investment manager and fiduciary for the stock held in the W.R. Grace Employee Savings Plan, which the Committee opposed.  Several days prior to the hearing, the Debtors continued the matter to

18

another hearing date. Stroock reviewed all relevant pleadings, orders and case law in advance of the hearings. Stroock expended 7.9 hours on this category for a fee of $4,921.50.

### Employment Applications – Others – Category 0040

47.     During the Compensation Period, the Debtors filed a motion seeking authorization to appoint State Street Bank and Trust Company as investment manager and fiduciary for the shares of Grace common stock held in the Company's 401(k) plan for employees (the "State Street Motion"). Stroock reviewed the motion, discussed the terms of the engagement and other related matters with the Debtors' representatives, discussed the motion with the Committee, and after the Committee determined to object to the motion, engaged Debtors' representatives in discussions in an effort to resolve the Committee's objection. When that failed, Stroock prepared and filed an objection to the motion on behalf of the Committee, and prepared to argue the Committee's concerns to the Court, which was scheduled to hear the State Street Motion and the objections filed thereto at the September 2003 omnibus hearing. Stroock expended 20.1 hours on this category for a fee of $10,166.00.

### Relief from Stay Proceedings -- Category 0041

48.     During the Compensation Period, Stroock reviewed the lift stay motion filed by Costa & Thornburg, communicated with Debtors' counsel with respect to the motion, reviewed Debtors' objection to the motion and the transcript of the hearing before the Court on such matter. Stroock expended 2.7 hours on this category for a fee of $1,336.50.

19

### Tax Issues -- Category 0047

49.      The services rendered in this category during the Compensation Period related to

evaluating the consequences to, and impact on, the Debtors' estates from utilizing different

sources of cash to fund the Debtors' defined benefit plan in the manner they requested, and after

an agreement was reached with the Debtors on the cash source to be used for presently making

payments to the Trust for such pension plans, analyzing the Debtors' tax-driven rationale for

modifying further the time frame for making certain of the payments.  In addition, during the

Compensation Period, Stroock reviewed from a tax perspective the Debtors' motion seeking to

settle an audit with New York State, and the Debtors' motion seeking authorization to make

payments to the Florida Department of Revenue, and related materials.  Stroock expended 17.7

hours on this category for a fee of $8,342.50.

## FACTORS TO BE CONSIDERED IN AWARDING ATTORNEYS' FEES

50.      The factors to be considered in awarding attorneys fees have been enumerated in

In re First Colonial Corp. of America, 544 F.2d 1291, 1298-99 (5th Cir. 1977), reh'g denied, 547

F.2d 573, cert. denied, 431 U.S. 904; these standards have been adopted by most courts.  Stroock

respectfully submits that a consideration of these factors should result in this Court's allowance

of the full compensation sought.

> The Time and Labor Required.  The professional services rendered by
> Stroock on behalf of the Committee have required the expenditure of
> substantial time and effort, as well as a high degree of professional
> competence and expertise, in order to deal with the complex issues

20

encountered by the Committee with skill and dispatch.  Occasionally, Stroock has been required to perform these services under significant time constraints requiring work late into the evening and on weekends.  The services rendered by Stroock were performed efficiently, effectively and economically.

The Novelty and Difficulty of Questions.  Novel and complex issues have already arisen in the course of these Chapter 11 cases, and it can be anticipated that other such issues will be encountered.  In this case, as in many others in which the firm is involved, Stroock's effective advocacy and creative approach have helped clarify and resolve such issues and will continue to prove beneficial.

The Skill Requisite to Perform the Legal Services Properly.  Stroock believes that its recognized expertise in the area of corporate reorganization, its ability to draw from highly experienced professionals in other areas of Stroock's practice, and its creative approach to the resolution of issues, are and will continue to contribute to the maximization of the distributions to the Debtors' unsecured creditors.

The Preclusion of Other Employment by Applicant Due to Acceptance of the Case.  Due to the size of Stroock's insolvency department, Stroock's representation of the Committee has not precluded its acceptance of new clients.  However, the volume of the matters needing attention on a

21

continuing basis has required several of the attorneys to commit significant portions of their time to these cases.

The Customary Fee.  The fee sought herein is based upon Stroock's normal hourly rates for services of this kind.  Stroock respectfully submits that the fee sought herein is not unusual given the magnitude and complexity of these cases and the time expended in attending to the representation of the Committee, and is commensurate with fees Stroock has been awarded in other cases, as well as with fees charged by other attorneys of comparable experience.

Whether the Fee is Fixed or Contingent.  Pursuant to §§ 330 and 331 of the Bankruptcy Code, all fees sought by professionals employed under § 1103 of the Code are contingent pending final approval by this Court, and are subject to adjustment dependent upon the services rendered and the results obtained.

Time Limitations Imposed by Client or Other Circumstances.  As already indicated, Stroock has been required to attend to the various issues arising in these cases.  Occasionally, Stroock has had to perform those services under significant time constraints requiring attorneys assigned to these cases to work evenings and on weekends.

22

The Amount Involved and Results Obtained.  Through the efforts of

Stroock, the Committee has been an active participant in these Chapter 11

cases from the very first days of its formation, and its assistance, as well as

constructive criticism, has greatly contributed to the efficient

administration of these cases.

The Experience, Reputation and Ability of the Attorneys.  Stroock has one

of the largest and most sophisticated insolvency practices in the nation and

has played a major role in numerous cases of national import including:

Acme Metals, Inc., Hillsborough Holdings Corporation, Laclede Steel

Company, Gulf States Steel, Inc. of Alabama, The LTV Corporation,

Wheeling-Pittsburgh Steel Corporation, Allis-Chalmers Corporation, The

Charter Company, Federated Department Stores, G. Heileman Brewing

Company, Inc., Burlington Motor Holdings, Inc., Metallurg, Inc.,

Forstmann & Company, Inc., Barneys, Inc., Fruehauf Trailer Corporation,

Levitz Furniture Incorporated, The Columbia Gas System, Inc., JWP, Inc.,

Flushing Hospital and Medical Center, Planet Hollywood International,

Anchor Glass Container Corporation, Beloit Corporation in the

Harnischfeger Industries Chapter 11 Cases, RSL COM U.S.A. Inc, USG

Corporation, Formica Corp. Galey & Lord, Inc. and DESA Holdings.

Stroock's experience enables it to perform the services described herein

competently and expeditiously.  In addition to its expertise in the area of

corporate reorganization, Stroock has already frequently called upon the

23

expertise of its partners and associates in the litigation, ERISA, tax and environmental law areas to perform the wide ranging scope of the legal work necessitated by these cases.

The "Undesirability" of the Case. These cases are not undesirable, but as already indicated, have required a significant commitment of time from several of the attorneys assigned hereto.

Nature and Length of Professional Relationship. As described above, Stroock has been actively rendering services on behalf of the Committee as necessary and appropriate from April 12, 2001 through to the present.

## ALLOWANCE OF COMPENSATION

51.    The professional services rendered by Stroock required a high degree of professional competence and expertise so that the numerous issues requiring evaluation and determination by the Committee could be addressed with skill and dispatch and have, therefore, required the expenditure of substantial time and effort.  It is respectfully submitted that the services rendered to the Committee were performed efficiently, effectively and economically, and the results obtained to date have benefited the Debtors' unsecured creditor body as a whole and the Debtors' estates.

52.    With respect to the level of compensation, § 330 of the Bankruptcy Code provides, in pertinent part, that the Court may award to a professional person (including attorneys for a creditors' committee): "Reasonable compensation for actual necessary services

24

rendered by [such] . . . professional person.  11 U.S.C. § 330.  Section 330 further states that the court should take into consideration, inter alia, the nature, extent, and value of services performed, as well as the cost of comparable services other than in a case under this title.  Id. The clear Congressional intent and policy expressed in this statute is to provide for adequate compensation in order to continue to attract qualified and competent bankruptcy practitioners to bankruptcy cases.

53.     The total time spent by Stroock attorneys and paraprofessionals during the Compensation Period for which Stroock seeks payment was 522.5 hours.  Such services have a fair market value of $218,222.00.  The work involved, and thus the time expended, was carefully assigned in light of the experience and expertise required for a particular task.

54.     As shown by this Application and supporting documents, Applicant spent its time economically and without unnecessary duplication of time.  Attached hereto as Exhibit "C" are summaries of the hours expended by the attorneys and paraprofessionals during the Compensation Period, their normal hourly rates, and the value of their services.

55.     In addition, Stroock incurred actual out-of-pocket expenses in connection with the rendition of the professional services to the Committee in the sum of $4,339.46 for which Stroock respectfully requests reimbursement in full.

56.     The disbursements and expenses have been incurred in accordance with Stroock's normal practice of charging clients for expenses clearly related to and required by particular matters.  Such expenses were often incurred to enable Stroock to devote time beyond normal

25

office hours to matters, which imposed extraordinary time demands. Stroock has endeavored to minimize these expenses to the fullest extent possible.

57.     Stroock's billing rates do not include charges for photocopying, telephone and telecopier toll charges, computerized research, travel expenses, "working meals", secretarial overtime, postage and certain other office services, because the needs of each client for such services differ. Stroock believes that it is fairest to charge each client only for the services actually used in performing services for it. Stroock has endeavored to minimize these expenses to the fullest extent possible.

58.     Stroock charges $.10 per page for in-house photocopying services, with respect to computerized research services Stroock charges the actual cost from the vendor, and $1.00 per page for out-going facsimile transmissions. Stroock does not charge for incoming facsimiles.

59.     Further, in accordance with the Court's June 22, 2001 Order Authorizing the Retention of Experts, this Application seeks payment for the fees and expenses of Navigant Consulting, formerly Chambers Associates, the asbestos issues expert engaged by the Committee, for the months of June, July, August and September 2003 in the aggregate amount of $36,865.19. No agreement or understanding exists between Stroock and any other person for the sharing of any compensation to be received for professional services rendered or to be rendered in connection with these cases.

60.     Stroock has reviewed the requirements set forth in Delaware Local Rule 2016-2, entitled "Motion for Compensation and Reimbursement of Expenses," and believes that this

26

application for interim compensation and reimbursement of expenses is fully in compliance with the rules set forth therein.

61.     No prior application has been made in this or in any other Court for the relief requested herein for the Compensation Period other than as set forth herein.

**WHEREFORE**, Stroock respectfully requests, pursuant to the Administrative Fee Order and the Court's June 22, 2001 Order Authorizing the Retention of Experts:

> the allowance of compensation for professional services rendered to the Committee during the period from July 1, 2003 through and including September 30, 2003 in the amount of $218,222.00;
>
> the reimbursement of Stroock's out-of-pocket expenses incurred in connection with the rendering of such services during the period from July 1, 2003 through and including September 30, 2003 in the amount of $4,339.46;
>
> the payment of the fees and expenses of the asbestos issues expert employed by the Committee for the months of June, July, August and September 2003 in the aggregate amount of $36,865.19;
>
> authorizing and directing the Debtors to pay to Stroock each of the amounts set forth in (a) (b) and (c) of this WHEREFORE clause (to the extent not already paid pursuant to the Administrative Fee Order); and

27

granting such other and further relief as this Court may deem just

and proper.

Dated:  New York, New York
        December 4, 2003                     STROOCK & STROOCK & LAVAN LLP


                                            Lewis Kruger
                                            Kenneth Pasquale
                                            A Member of the Firm
                                            180 Maiden Lane
                                            New York, New York 10038-4982
                                            (212) 806-5400

                                            Co-Counsel for the Official Committee of
                                            Unsecured Creditors of W. R. Grace & Co., et al.

28

**EXHIBIT A**

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | **Chapter 11** |
| **W.R. GRACE & CO., et al.** | ) | **Case No. 01-01139 (JKF)** |
| | ) | |
| Debtors. | ) | **Jointly Administered** |

## AFFIDAVIT

STATE OF NEW YORK    )

                         ) ss:

COUNTY OF NEW YORK  )

KENNETH PASQUALE, being duly sworn, deposes and says:

1.       I am a member of the firm of Stroock & Stroock & Lavan LLP ("Stroock"), which firm maintains offices for the practice of law at 180 Maiden Lane, New York, New York 10038-4982. Stroock has acted as counsel to and has rendered professional services on behalf of the Official Committee of Unsecured Creditors (the "Committee") of W. R. Grace & Co., and sixty-one of its domestic subsidiaries and affiliates which are debtors and debtors-in-possession before this Court.

2.       This affidavit is submitted pursuant to Bankruptcy Rule 2016(a) in support of Stroock's tenth quarterly application for an interim allowance of compensation and for the reimbursement of expenses for services rendered during the period from July 1, 2003 through and including September 30, 2003 in the aggregate amount of $222,561.46 and, pursuant to the Court's June 22, 2001 Order Authorizing the Retention of Experts, in the aggregate amount of

$36,865.19 for the fees and costs of the asbestos issues expert employed by the Committee during the months of June, July, August and September 2003.

3.     All of the professional services performed by Stroock for which compensation is requested were performed for and on behalf of the Committee from July 1, 2003 through and including September 30, 2003 and not on behalf of any other person.

4.     In accordance with Title 18 U.S.C. Section 155, neither I nor any member or associate of my firm has entered into any agreement, express or implied, with any other party-in-interest for the purpose of fixing the amount of any of the fees or other compensation to be allowed out of or paid from the Debtors' assets.

5.     In accordance with Section 504 of the Bankruptcy Code, no agreement or understanding exists between me, my firm, or any member or associate thereof, on the one hand, and any other person, on the other hand, for division of such compensation as my firm may receive for services rendered in connection with these cases, nor will any division of fees prohibited by Section 504 of the Bankruptcy Code be made by me or any partner or associate of my firm.

_____
KENNETH PASQUALE

Sworn to before me this
__th day of December, 2003

_____
Notary Public, State of New York
No. 01MA6055692
Qualified in Nassau County
Certificate Filed in New York County
Commission Expires March 5, 2007

-2-

**EXHIBIT B**

**WR GRACE & CO**
**ATTACHMENT B**
**JULY 1, 2003 - SEPTEMBER 30, 2003**

| Summary of Hours | Hours | Rate | Amount | No. of Years In Position |
|---|---|---|---|---|
| **Partners** | | | | |
| Greenberg, Mayer | 10.5 | $ 550 | $ 5,775.00 | 6 |
| Kruger, Lewis | 15.2 | 725 | 11,020.00 | 34 |
| Levy, Mark | 1.2 | 670 | 804.00 | 30 |
| Kulman, Bradley | 0.5 | 625 | 312.50 | 8 |
| Pasquale, Kenneth | 18.7 | 550 | 10,285.00 | 5 |
| Wintner, Mark | 22.1 | 625 | 13,812.50 | 23 |
| | | | | |
| **Associates** | | | | |
| Berg, Madelaine | 4.1 | 500 | 2,050.00 | 24 |
| Brandes, Ronnie H. | 5.4 | 295 | 1,593.00 | 3 |
| Fitzgerald, Christine | 15.5 | 395 | 6,122.50 | 7 |
| Keppler, Abbey | 3.5 | 495 | 1,732.50 | 17 |
| Krieger, Arlene | 235.5 | 495 | 116,572.50 | 20 |
| Sasson, Moshe | 63.1 | 445 | 28,079.50 | 10 |
| | | | | |
| **Paraprofessionals** | | | | |
| Calvo, Fernando | 6.2 | 180 | 1,116.00 | 3 |
| Caskadon, Alexandra | 71.6 | 180 | 12,888.00 | 4 |
| Defreitas, Vaughn | 42.2 | 115 | 4,853.00 | 17 |
| Kaufman, Eric | 1.5 | 120 | 180.00 | 6 |
| Magzamen, Michael | 4.2 | 180 | 756.00 | 1 |
| Stutman, Sarah | 1.5 | 180 | 270.00 | 2 |
| | | | | |
| **Total** | **522.5** | | **218,222.00** | |

**EXHIBIT C**

**WR GRACE & CO**
**COMPENSATION BY PROJECT CATEGORY**
**July 1, 2003 - September 30, 2003**

| MATTER No. | PROJECT CATEGORY | HOURS | TOTAL FEES |
|---|---|---|---|
| 0003 | Claim Analysis Objection, Resolution & Estimation (Asbestos) | 103.0 | $48,574.00 |
| 0008 | Asset Analysis and Recovery | 8.7 | 2,686.00 |
| 0013 | Business Operations | 31.0 | 15,442.50 |
| 0014 | Case Administration | 71.4 | 13,701.00 |
| 0015 | Claims Analysis/Objections/Administration (Non-Asbestos) | 9.3 | 4153 |
| 0017 | Committee, Creditors', Noteholders', or Equity Holders' | 118.7 | 58,802.00 |
| 0018 | Fee Application, Applicant | 80.2 | 26,311.50 |
| 0020 | Fee Application, Others | 12.5 | 2250 |
| 0021 | Employee Benefits, Pension | 29.3 | 16,043.00 |
| 0034 | Litigation and Litigation Consulting | 0.1 | 49.5 |
| 0036 | Plan/Disclosure Statement/Voting Issues | 9.9 | 5,443.00 |
| 0037 | Hearings | 7.9 | 4921.5 |
| 0040 | Employment Applications - Others | 20.1 | 10,166.00 |
| 0041 | Relief from Stay Proceeding | 2.7 | 1,336.50 |
| 0047 | Tax Issues | 17.7 | 8342.5 |
| | | | |
| | **Total** | **522.5** | **$218,222.00** |

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re | ) | Chapter 11 |
|  | ) |  |
| W. R. Grace & Co. et al.[1]; | ) | Case No. 01-01139(JKF) |
|  | ) | Jointly Administered |
| Debtors. | ) |  |

**Objection Deadline: September 24, 2003 at 4:00 p.m.**
**Hearing date: To be scheduled only**
**if objections are timely filed and served.**

## NOTICE OF FILING OF MONTHLY FEE APPLICATION

To: (1) The Debtors; (2) Counsel to the Debtors; (3) The Office of the United States Trustee; (4) Counsel to the Official Committee of Asbestos Personal Injury Claimants; (5) Counsel to the Official Committee of Asbestos Property Damage Claimants; (6) Counsel to the Official Committee of Equity Holders; and (7) Counsel to the Debtors-in-Possession Lenders (8) the Fee Auditor:

Stroock & Stroock & Lavan LLP ("Stroock"), counsel to the Official Committee of

Unsecured Creditors (the "Committee") of the above captioned debtor and debtors in possession

in the above-captioned chapter 11 cases, filed and served the Twenty-Eighth Monthly Fee

Application of Stroock & Stroock & Lavan LLP for Interim Compensation and for

Reimbursement of Expenses for the services rendered during the period July 1, 2003 through

---

[1]    The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

July 31, 2003, seeking compensation in the amount of $79,090.50 reimbursement for actual and

actual and necessary expenses in the amount of $2,301.33 (the "Monthly Fee Application").

Objections or responses to the Monthly Fee Application, if any, must be made in writing

and filed with the United States Bankruptcy Court for the District of Delaware, Marine Midland

Plaza, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801, on or before

**September 24, 2003 at 4:00 p.m.**

At the same time you must also serve a copy of the objections or responses, if any, upon

the following: (i) co-counsel for the Debtors, James H.M. Sprayregen, Esquire, Kirkland &

Ellis, 200 East Randolph Drive, Chicago, Illinois 60601 (fax number 312-861-2200), and Laura

Davis Jones, Esquire, Pachulski, Stang, Ziehl, Young & Jones P.C., 919 North Market Street,

Suite 1600, P.O. Box 8705, Wilmington, DE 19899-8705 (Courier 19801) (fax number 302-652-

4400); (ii) co-counsel to the Official Committee of Unsecured Creditors, Lewis Kruger, Esquire,

Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, New York 10038-4982 (fax

number 212-806-6006), and Michael R. Lastowski, Esquire, Duane Morris LLP, 1100 N. Market

Street, Suite 1200, Wilmington, Delaware 19801-1246 (fax number 302-657-4901); (iii) co-

counsel to the Official Committee of Asbestos Property Damage Claimants, Scott L. Baena,

Esquire, Blizin, Sumberg, Dunn, Baena, Price & Axelrod, First Union Financial Center, 200

South Biscayne Boulevard, Suite 2500, Miami, Florida 33131 (fax number 305-374-7593), and

Michael B. Joseph, Esquire, Ferry & Joseph, P.A., 824 Market Street, Suite 904, P.O. Box 1351,

Wilmington, Delaware 19899 (fax number 302-575-1714); (iv) co-counsel to the Official

Committee of Asbestos Personal Injury Claimants, Elihu Inselbuch, Esquire, Caplin & Drysdale,

399 Park Avenue, 36th Floor, New York, New York 10022 (fax number 212-644-6755) and

Mark Hurford, Esquire, Campbell & Levine, LLC, Chase Manhattan Centre, 15th Floor,

1201 Market Street, Suite 1500, Wilmington, Delaware 19801 (fax number 302-426-9947);

(v) co-counsel to the DIP Lender, J. Douglas Bacon, Esquire, Latham & Watkins , Sears Tower,

Suite 5800, Chicago, Illinois 60606 (fax number 312-993-9767), and Steven M. Yoder, Esquire,

The Bayard Firm, 222 Delaware Avenue, Suite 900, P.O. 25130, Wilmington, Delaware 19899

(fax number 302-658-6395); (vi) counsel to the Official Committee of Equity Holders, Thomas

Moers Mayer, Esquire, Kramer Levin Naftalis & Frankel LLP, 919 Third Avenue, New York,

New York 10022 (fax number 212-715-8000);  and (vii) the Office of the United States Trustee,

Attn:  Frank J. Perch, Esquire, 844 N. King Street, Wilmington, Delaware 19801

**[Remainder Of This Page Intentionally Left Blank]**

(fax number 302-573-6497); and (viii) the Fee Auditor, to Warren H. Smith, Warren H. Smith

and Associates, Republic Center, 325 N. St. Paul, Suite 4080, Dallas, TX 75201.

Dated:  Wilmington, DE
        September 4, 2003

RESPECTFULLY SUBMITTED,

                        ___/s/_____
                        Michael R. Lastowski, Esq. (DE I.D. No. 3892)
                        DUANE MORRIS LLP
                        1100 North Market Street, Suite 1200
                        Wilmington, DE 19801
                        Telephone:    (302) 657-4900
                        Facsimile:    (302) 657-4901
                        E-mail:       mlastowski@duanemorris.com

                        William S. Katchen, Esquire (Admitted in NJ Only)
                        DUANE MORRIS LLP
                        One Riverfront Plaza
                        Newark, New Jersey 07102
                        Telephone:    (973) 424-2000
                        Facsimile:    (973) 424-2001
                        E-mail:       wskatchen@duanemorris.com


                                    and

                        Lewis Kruger, Esquire
                        STROOCK & STROOCK & LAVAN LLP
                        180 Maiden Lane
                        New York, New York 10038-4982
                        Telephone:    (212) 806-5400
                        Facsimile:    (212) 806-6006
                        e-mail:       lkruger@Stroock.com

                        Co-Counsel for the Official Committee of
                        Unsecured Creditors of W. R. Grace & Co., et al.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | **Chapter 11** |
| | ) | |
| W. R. Grace & Co. et al.; | ) | **Case No. 01-01139(JKF)** |
| | ) | **Jointly Administered** |
| Debtors. | ) | |

**Objection Deadline:**
September 24, 2003 at 4:00 p.m.
Hearing date:  To be scheduled only
 if objections are timely filed and served.

**TWENTY-EIGHTH MONTHLY FEE APPLICATION OF STROOCK & STROOCK
& LAVAN LLP FOR COMPENSATION FOR SERVICES RENDERED AND
REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD
FROM JULY 1, 2003 THROUGH JULY 31, 2003**

| | |
|---|---|
| Name of Applicant | **Stroock & Stroock & Lavan LLP** |
| Authorized to Provide Professional Services to: | **Official Committee of Unsecured Creditors** |
| Date of Retention: | **April 12, 2001** |
| Period for which compensation and reimbursement is sought | **July 1, 2003 – July 31, 2003** |
| Amount of Compensation sought as actual, reasonable and necessary: | **$79,090.50 (80% - $63,272.40)** |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | **$2,301.33 (Stroock)** |
| | **$14,274.25 (Chambers)** |

This is an: ☒ interim ☐ final application

*The total time expended for the preparation of the Twenty-Seventh Monthly Fee Statement and the Eighth Quarterly Fee Application is approximately 24.5 hours and the corresponding compensation requested is approximately $10,395.00.*

## Attachment A

**Monthly Interim Fee Applications**

| | | Payment Requested | | Payment Received | |
|---|---|---|---|---|---|
| Date Filed | Period Covered | Fees | Expenses | Fees | Expenses |
| May 30, 2001 D.I.339 | 4/12/01-4/30/01 | $138,926.00 | $1,975.13 | $111,140.80 | $1,975.13 |
| July 2, 2001 D.I.613 | 5/1/01 – 5/31/01 | $139,928.75 | $6,884.73 | $111.943.00 | $6,884.73 |
| July 30, 2001 D.I.772 | 6/1/01 – 6/30/01 | $91,019.00 | $10,458.14 | $72,815.20 | $10,458.14 |
| September 5, 2001 D.I.889 | 7/1/01-7/31/01 | $92,308.00 | $5,144.37 | $73,846.40 | $5,144.37 |
| October 2, 2001 D.I.983 | 8/1/01 8/31/01 | $53,873.50 | $3,069.88 | $43,098.80 | $3,069.88 |
| October 31, 2001 D.I.1058 | 9/1/01 – 9/30/01 | $58,742.00 | $6,801.32 | $46,993.60 | $6,801.32 |
| November 26, 2001 D.I.1239 | 10/1/01 – 10/31/01 | $101,069.00 | $3,562.09 | $80,855.20 | $3,562.09 |
| January 8, 2002 D.I.1470 | 11/1/01 – 11/30/01 | $136,368.50 | $8,847.34 | $109,094.80 | $8,847.34 |
| February 1, 2002 D.I.1608 | 12/01/01 – 12/31/01 | $92,064.50 | $9,471.47 | $73,651.60 | $9,471.47 |
| March 14, 2002 D.I.1812 | 01/01/02 – 01/31/02 | $100,231.50 | $14,675.58 | $80,185.20 | $14,675.58 |
| April 22, 2002 D.I.1951 | 02/01/02 – 02/28/02 | $88,974.50 | $16,863.97 | $71,179.60 | $16,863.97 |
| May 8, 2002 D.I.2029 | 03/01/02 – 03/31/02 | $77,964.25 | $1,190.44 | $62,371.40 | $1,190.44 |
| June 3, 2002 D.I.2156 | 04/01/02-04/30/02 | $97,251.50 | $1,816.40 (Stroock) $9,772.37 (Chambers) | $77,801.20 | $11,588.86 |

| July 2, 2002<br>D.I.2324 | 05/01/02 –<br>05/31/02 | $74,910.75 | $2,9154.43 (Stroock)<br>$43,190.69 (Chambers) | $59,928.60 | $46,105.12 |
| August 5, 2002<br>D.I.2495 | 06/01/02 –<br>06/30/02 | $73,096.75 | $2,054.05 (Stroock)<br>$114,666.72 (Chambers) | $58,477.4011 | $116,720.77 |
| September 20, 2002<br>D.I.2720 | 07/01/02 –<br>07/31/02 | $90,903.27 | $1,250.79 (Stroock)<br>$11,996.25 (Chambers) | $72,722.61 | $13,274.04 |
| October 29, 2002<br>D.I.2898 | 08/01/02 –<br>08/31/02 | $93,151.25 | $11,539.51 (Stroock)<br>$5,046.70 (Chambers) | $74,521.00 | $16,586.21 |
| November 14, 2002<br>D.I.2981 | 09/01/02 –<br>09/30/02 | $96,613.25 | $15,567.77 (Stroock)<br>$771.50 (Chambers) | $77,290.60 | $16,339.27 |
| December 10, 2002<br>D.I.3129 | 10/1/02 –<br>10/31/02 | $68,404.00 | $2,956.54 (Stroock)<br>$1,780.75 (Chambers) | $54,723.20 | $4,737.29 |
| January 28, 2003<br>D.I.3286 | 11/1/02 –<br>11/30/02 | $75,345.50 | $8,712.16 (Stroock) | $60,276.40 | $8,712.16 |
| February 7, 2003<br>D.I.3349 | 12/1/02 –<br>12/31/02 | $27,683.50 | $13,332.14 (Stroock) | $22,146.80 | $13,332.14 |
| March 26, 2003<br>D.I.3552 | 1/1/03 –<br>1/31/03 | $88,139.00 | $1,210.11 (Stroock) | $70,511.20 | $1,210.11 |
| April 7, 2003<br>D.I.3626 | 2/1/03 –<br>2/28/03 | $76,313.00 | $2,022.78 (Stroock)<br>$1,077.80 (Chambers) | $61,050.40 | $3,100.58 |
| April 29, 2003<br>D.I. 3718 | 3/1/03 –<br>3/31/03 | $60,163.50 | $6,191.15 (Stroock) | $48,130.80 | $6,191.15 |
| June 2, 2003<br>D.I. 3850 | 4/1/03 –<br>4/30/03 | $60,269.00 | $814.02 (Stroock)<br>$2,043.00 (Chambers) | $48,215.20 | $2,857.02 |
| July 1, 2003<br>D.I. 3983 | 5/1/03 –<br>5/31/03 | $111,990.50 | $691.84 (Stroock)<br>$9,830.50 (Chambers) | $89,592.40 | $10,522.34 |
| August 5, 2003<br>D.I. 4152 | 6/1/03 –<br>6/30/03 | $43,824.00 | $1,220.42 (Stroock)<br>$61,755.00 (Chambers) | $35,059.20 | $62,975.42 |

**WR GRACE & CO**
**ATTACHMENT B**
**JULY 1, 2003 - JULY 31, 2003**

| | Hours | Rate | Amount | No. of Years In Position |
|---|---|---|---|---|
| **Partners** | | | | |
| Kruger, Lewis | 3.6 | $ 725 | $ 2,610.00 | 33 |
| Levy, Mark | 1.2 | 670 | 804.00 | 35 |
| Pasquale, Kenneth | 10.5 | 550 | 5,775.00 | 4 |
| Wintner, Mark | 12.9 | 625 | 8,062.50 | 22 |
| | | | | |
| **Associates** | | | | |
| Brandes, Ronnie H. | 0.3 | 295 | 88.50 | 2 |
| Fitzgerald, Christine | 15.5 | 395 | 6,122.50 | 6 |
| Keppler, Abbey | 3.5 | 495 | 1,732.50 | 16 |
| Krieger, Arlene | 78.8 | 495 | 39,006.00 | 19 |
| Sasson, Moshe | 20.3 | 445 | 9,033.50 | 9 |
| | | | | |
| **Paraprofessionals** | | | | |
| Caskadon, Alexandra | 19.4 | 180 | 3,492.00 | 2 |
| Defreitas, Vaughn | 12.5 | 115 | 1,437.50 | 16 |
| Magzamen, Michael | 4.2 | 180 | 756.00 | |
| Mohamed, David | 0.7 | 115 | 80.50 | 14 |
| Serrette, Rosemarie | 0.5 | 180 | 90.00 | 15 |
| | | | | |
| **Total** | **183.9** | | **$ 79,090.50** | |

**WR GRACE & CO**
**COMPENSATION BY PROJECT CATEGORY**
**JULY 1, 2003 - JULY 31, 2003**

| MATTER CODE | PROJECT CATEGORY | HOURS | TOTAL FEES |
|---|---|---|---|
| 0003 | Claim Analysis Objection, Resolution & Estimation (Asbestos) | 36.1 | $   17,532.50 |
| 0013 | Business Operations | 6.4 | 3,184.50 |
| 0014 | Case Administration | 29.0 | 5,055.00 |
| 0015 | Claims Analysis/Objections/Administration (Non-Asbestos) | 2.4 | 737.50 |
| 0017 | Committee, Creditors', Noteholders', or Equity Holders' | 52.6 | 24,671.00 |
| 0018 | Fee Application, Applicant | 24.5 | 10,395.00 |
| 0020 | Fee Application, Others | 2.5 | 450.00 |
| 0021 | Employee Benefits, Pension | 26.0 | 14,715.00 |
| 0034 | Litigation and Litigation Consulting | 0.1 | 49.50 |
| 0037 | Hearings | 0.4 | 220.00 |
| 0041 | Relief from Stay Proceeding | 2.4 | 1,188.00 |
| 0047 | Tax Issues | 1.5 | 892.50 |
| | **Total** | **183.9** | **$  79,090.50** |

STROOCK & STROOCK & LAVAN LLP · NEW YORK · LOS ANGELES · MIAMI
180 MAIDEN LANE, NEW YORK, NY 10038-4982 TEL 212.806.5400 FAX 212.806.6006 WWW.STROOCK.COM
SSL-DOCS1 1374301v1

# STROOCK

## SERVICE AND EXPENSE REMITTANCE SUMMARY

| DATE | August 29, 2003 |
|---|---|
| INVOICE NO. | 299225 |
| CLIENT | W R Grace & Co |
| | 7500 Grace Drive |
| | Columbia, MD 21044-4098 |
| RE | 699843 W R Grace & Co |

| | |
|---|---|
| TOTAL FOR PROFESSIONAL SERVICES RENDERED | $ 79,090.50 |
| TOTAL DISBURSEMENTS/CHARGES | $ 2,301.33 |
| TOTAL BILL | $ 81,391.83 |

Please return this page with your remittance and please reference the client/matter number on all related correspondence.

| AMOUNT PAID | $ |
|---|---|

Any disbursement balances shown are compiled from original sources as entered on our records to the billing date shown. Any disbursements/charges invoiced to us or posted by us subsequent to that date will be reflected in future billing.

STROOCK & STROOCK & LAVAN LLP · NEW YORK · LOS ANGELES · MIAMI
180 MAIDEN LANE, NEW YORK, NY 10038-4982 TEL 212.806.5400 FAX 212.806.6006 WWW.STROOCK.COM
SSL-DOCS1 1374301v1

# STROOCK

| | |
|---|---|
| DATE | August 29, 2003 |
| INVOICE NO. | 299225 |
| CLIENT | W R Grace & Co |
| | 7500 Grace Drive |
| | Columbia,  MD  21044-4098 |
| RE | 699843 W R Grace & Co |

FOR PROFESSIONAL SERVICES RENDERED and disbursements incurred for the period through July 31, 2003 in connection with the following matters:

| | FEES | DISBURSEMENTS | TOTAL |
|---|---|---|---|
| 0003  Claim Analysis Objection, Resolution & Estimation (Asbestos) | 17,532.50 | 0.00 | 17,532.50 |
| 0013  Business Operations | 3,184.50 | 0.00 | 3,184.50 |
| 0014  Case Administration | 5,055.00 | 0.00 | 5,055.00 |
| 0015  Claims Analysis/Objections/Administration (Non-Asbestos) | 737.50 | 0.00 | 737.50 |
| 0017  Committee, Creditors', Noteholders', or Equity Holders' | 24,671.00 | 0.00 | 24,671.00 |
| 0018  Fee Application, Applicant | 10,395.00 | 0.00 | 10,395.00 |
| 0020  Fee Application, Others | 450.00 | 0.00 | 450.00 |
| 0021  Employee Benefits, Pension | 14,715.00 | 0.00 | 14,715.00 |
| 0024  Expenses | 0.00 | 2,301.33 | 2,301.33 |
| 0034  Litigation and Litigation Consulting | 49.50 | 0.00 | 49.50 |
| 0037  Hearings | 220.00 | 0.00 | 220.00 |
| 0041  Relief from Stay Proceedings | 1,188.00 | 0.00 | 1,188.00 |
| 0047  Tax Issues | 892.50 | 0.00 | 892.50 |
| TOTAL | 79,090.50 | 2,301.33 | 81,391.83 |

# STROOCK

## INVOICE

| | |
|---|---|
| DATE | August 29, 2003 |
| INVOICE NO. | 299225 |
| CLIENT | W R Grace & Co |
| | 7500 Grace Drive |
| | Columbia, MD 21044-4098 |

FOR PROFESSIONAL SERVICES RENDERED in the captioned matter for the period through July 31, 2003, including:

| | |
|---|---|
| RE | Claim Analysis Objection, Resolution & Estimation (Asbestos) 699843  0003 |

| DATE | DESCRIPTION | NAME | HOURS |
|---|---|---|---|
| 07/02/2003 | Attention to implications of Durbin amendments upon proposed asbestos legislation (.7); telephone conference R. Carlstrom/Navigant re same (.2). | Pasquale, K. | 0.9 |
| 07/08/2003 | Attended to documentation re: ZAI motion and memorandum of law for summary judgment and motion and brief to exclude certain expert testimony (2.9); exchanged memoranda with KP re: ZAI related pleadings (.2). | Krieger, A. | 3.1 |
| 07/08/2003 | Correspondence re: ZAI motions for summary judgment (.2). | Sasson, M. | 0.2 |
| 07/09/2003 | Exchanged memoranda with KP re: ZAI pleadings (.3); exchanged memoranda with R. Serrette re: ZAI pleadings (.1); reviewed the docket and prepared a memorandum re: ZAI related pleadings filed (.8); attend to memorandum from M. Magzamen re: ZAI | Krieger, A. | 1.3 |

| DATE | DESCRIPTION | NAME | HOURS |
|------|-------------|------|-------|
| | pleadings served on Stroock (.1). | | |
| 07/09/2003 | Attention to ZAI claimants' lengthy summary judgment motion submissions, including expert reports, and related motions, and began drafting memo to Committee re same (5.5). | Pasquale, K. | 5.5 |
| 07/09/2003 | Additional correspondence re: ZAI motions for summary judgment (.2); review KP memorandum re: ZAI motion for SJ (.3). | Sasson, M. | 0.5 |
| 07/10/2003 | Memoranda to M. Magzamen re: ZAI pleadings (.2); attend to asbestos reform Legislation memoranda/ articles from Navigant (.4); exchanged memo w/ R. Farrell (Navigant) re: Durbin Amendment inquiry (.2). | Krieger, A. | 0.8 |
| 07/11/2003 | Organize office files in connection with preparing extensive memo for the Committee re: ZAI related pleadings; o/c C. Mariano re: same. | Sasson, M. | 1.5 |
| 07/14/2003 | Review/summarize debtors motion for summary judgment. | Sasson, M. | 2.0 |
| 07/15/2003 | Memo to M. Sasson regarding review of ZAI-related documents (.1). | Krieger, A. | 0.1 |
| 07/15/2003 | Continued review/summarizing motions for summary judgment/in limine. | Sasson, M. | 2.0 |
| 07/16/2003 | Began to review asbestos-reform legislation articles/amendments (.3); exchanged memoranda with M. Sasson re: memo to the Committee re: ZAI pleadings (.1). | Krieger, A. | 0.4 |
| 07/16/2003 | Continued review/summarize ZAI motions in limine. | Sasson, M. | 3.0 |
| 07/21/2003 | Continued review of respective ZAI summary judgment and related motions (2.5). | Pasquale, K. | 2.5 |
| 07/24/2003 | Review motions filed in ZAI trial; outline memo to Creditors' Committee re: same. | Sasson, M. | 2.0 |
| 07/25/2003 | Memo to Creditors' Committee C re: various motions filed in ZAI trial. | Sasson, M. | 2.0 |
| 07/28/2003 | Telephone call with J. Bear regarding selection of future claims representative. | Kruger, L. | 0.2 |

| DATE | DESCRIPTION | NAME | HOURS |
|------|-------------|------|-------|
| 07/28/2003 | Continued drafting memo to Committee summarizing ZAI claimants motion to exclude expert testimony (4.5). | Sasson, M. | 4.5 |
| 07/29/2003 | Continued drafting memo to Committee summarizing various motions re: ZAI science trial (2.5); t/c K. Pasquale re: same (.1). | Sasson, M. | 2.6 |
| 07/30/2003 | Telephone call with J. Bear regarding future claims representation. | Kruger, L. | 0.2 |
| 07/31/2003 | Telephone call with J. Bear regarding selection of future claims representative. | Kruger, L. | 0.3 |
| 07/31/2003 | Attention to draft memo re ZAI motions (.5). | Pasquale, K. | 0.5 |

| SUMMARY OF HOURS | HOURS | RATE | TOTAL |
|------------------|-------|------|-------|
| Krieger, Arlene | 5.7 | $ 495 | $ 2,821.50 |
| Kruger, Lewis | 0.7 | 725 | 507.50 |
| Pasquale, Kenneth | 9.4 | 550 | 5,170.00 |
| Sasson, Moshe | 20.3 | 445 | 9,033.50 |

| TOTAL FOR PROFESSIONAL SERVICES RENDERED | $ 17,532.50 |
|---|---|

| TOTAL FOR THIS MATTER | $ 17,532.50 |
|---|---|

STROOCK & STROOCK & LAVAN LLP · NEW YORK · LOS ANGELES · MIAMI
180 MAIDEN LANE, NEW YORK, NY 10038-4982 TEL 212.806.5400 FAX 212.806.6006 WWW.STROOCK.COM
SSL-DOCS1 1374301v1

| RE | Business Operations |
|---|---|
| | 699843  0013 |

| DATE | DESCRIPTION | NAME | HOURS |
|---|---|---|---|
| 07/01/2003 | Attend to Order issued by the NJ District Court in the ESCARG litigation against Honeywell International and Grace providing complete recovery of all costs already incurred and indemnification from all future costs (.3); telephone call with C. Troyer regarding District Court decision and monetary recovery from Honeywell (.2). | Krieger, A. | 0.5 |
| 07/01/2003 | Telephone call with L. Hamilton regarding Summit Ventures motion and inquiry needed from the Debtors/Blackstone (.2); continue to review Summit Ventures motion/option agreement (1.6). | Krieger, A. | 1.8 |
| 07/02/2003 | Attended to review of Option Agreement (2.1); prepared memorandum to C. Lane regarding questions with respect to the Debtors' position on the Summit Ventures motion and rationale (.5). | Krieger, A. | 2.6 |
| 07/03/2003 | Exchanged memoranda with C. Lane regarding information with respect to Summit Ventures motion (.1). | Krieger, A. | 0.1 |
| 07/08/2003 | T/c C. Lane re: information regarding Summit Ventures Motion (.6); conf/c S. Cunningham and L. Hamilton re: Summit Ventures matter (.3). | Krieger, A. | 0.9 |
| 07/08/2003 | Attended to memorandum from C. Whitney re: advice from Grace representatives that Honeywell decision has not been appealed | Krieger, A. | 0.1 |
| 07/15/2003 | Attended to Stipulation regarding assumption of Summit Ventures-related agreements (.1). | Krieger, A. | 0.1 |
| 07/25/2003 | Attention to Debtors' motion to approve EPA administrative order re Flyway (.3). | Pasquale, K. | 0.3 |

| SUMMARY OF HOURS | HOURS | RATE | TOTAL |
|---|---|---|---|
| Krieger, Arlene | 6.1 | $ 495 | $ 3,019.50 |
| Pasquale, Kenneth | 0.3 | 550 | 165.00 |

| TOTAL FOR PROFESSIONAL SERVICES RENDERED | | $ 3,184.50 | |
|---|---|---|---|

| TOTAL FOR THIS MATTER | | $ 3,184.50 | |
|---|---|---|---|

STROOCK & STROOCK & LAVAN LLP · NEW YORK · LOS ANGELES · MIAMI

180 MAIDEN LANE, NEW YORK, NY 10038-4982 TEL 212.806.5400 FAX 212.806.6006 WWW.STROOCK.COM
SSL-DOCS1 1374301v1

| RE | Case Administration |
|----|---------------------|
|    | 699843 0014 |

| DATE | DESCRIPTION | NAME | HOURS |
|------|-------------|------|-------|
| 07/01/2003 | Fee Auditors final report regarding fee applications Bilzin, Sumberg Dunn Baena Price & Axelrod(.2);Elzufon Austin Reardon Tarlov & Mondell(.2); Ferry Joseph & Pearce, P.A.(.2); Holme Roberts & Own LLP(.2). | Defreitas, V. | 0.8 |
| 07/02/2003 | Fee Auditors final report regarding fee applications of Klett, Rooney Lieber & Schorling(.2); Kramer Levin Faftalis & Frankel(.2); Legal Analysis Systems, Inc.(.2); Nelson Mullings Riley & Scarborough LLP(.2); Wachtell Lipton Rosen & Katz (.2); Richardson Pactrick Westbrook & Brickman(.2); L. Tersigni Consulting P.O.(.2). | Defreitas, V. | 1.4 |
| 07/02/2003 | Review various case documents received to assign categories in preparation for central database. | Defreitas, V. | 1.5 |
| 07/09/2003 | O/c w/ R. Serrette concerning W.R. Grace (ZAI) recent motions made and service of same (.3); organize and index received documents (3.5); emails to working group re: same (.2). | Magzamen, M. | 4.0 |
| 07/09/2003 | Research case docket no. 01-1139 re: recently filed pleadings (.7). | Mohamed, D. | 0.7 |
| 07/09/2003 | Review of Court docket and obtain motion for summary judgment (.3); Conferences with A. Krieger and M. Magzamen re service of same (.2). | Serrette, R. | 0.5 |
| 07/10/2003 | Assist/prepare response to Fee Auditor's initial report for the 8th Interim Period (3.5); set up Committee conference call per A. Krieger request (.3); various emails to local counsel re receipt of electronic notification (.3). | Caskadon, A. | 4.1 |
| 07/10/2003 | Exchanged memoranda with AC re: conference call of the Committee (.1); o/c AC re: response to Fee Auditor's initial report of SSL's 8th | Krieger, A. | 0.3 |

| DATE | DESCRIPTION | NAME | HOURS |
|------|-------------|------|-------|
| | quarterly application (.2). | | |
| 07/10/2003 | O/c w/ A. Caskadon re: findings of docket research and materials served upon Stroock. | Magzamen, M. | 0.2 |
| 07/11/2003 | Assist/prepare response to fee auditor re 8th Quarterly (2.0); email S.Caban re electronic notification (.1). | Caskadon, A. | 2.1 |
| 07/14/2003 | Assist/draft response to fee auditor re 8th quarterly application (2.0); set up committee conference call (.3). | Caskadon, A. | 2.3 |
| 07/15/2003 | Assist/finalize and serve response to fee auditor (.3); email with S. Bossay re same (.1). | Caskadon, A. | 0.4 |
| 07/15/2003 | Fee Auditors' final report regarding fee application re: Caplin & Drydale(.2); Carella, Byrne, Bain, Gilillan, Cecchi, Stewart & Olstein(.2); Duane Morris LLP (.2); notice of seventh claim settlement (.2); Stroock&Stroock Lavan (.4);  Kirkland & Ellis (.2); Lukins & Annis P.S. (.2). | Defreitas, V. | 1.6 |
| 07/15/2003 | Attended to files regarding Debtors' pension payment motion and related documentation (.4); office conferences with V. Defreitas regarding newly docketed matters (.3); review updated docket from local counsel and V. Defreitas, (.3); telephone call with C. Lane regarding pending matters, exclusivity motion and other pleadings to be filed (0.1); attended to numerous certificates of no objection regarding fee applications of other counsel (.2). | Krieger, A. | 1.3 |
| 07/16/2003 | Exchanged memoranda with A. Caskadon re: ZAI-related erroneously entered docket entries and follow up thereon necessary (.2). | Krieger, A. | 0.2 |
| 07/17/2003 | Researched online docket for recently docketed pleadings. | Defreitas, V. | 0.5 |
| 07/17/2003 | Review Fee Auditor's final report on SSL's 8th Quarterly Fee Application. | Krieger, A. | 0.1 |
| 07/21/2003 | Review online docket for recently docketed pleadings. | Defreitas, V. | 0.5 |

| DATE | DESCRIPTION | NAME | HOURS |
|---|---|---|---|
| 07/22/2003 | Review online docket for recently docketed pleadings. | Defreitas, V. | 0.5 |
| 07/24/2003 | Review online docket for recently docketed pleadings. | Defreitas, V. | 0.5 |
| 07/25/2003 | Review online docket for recently docketed pleadings. | Defreitas, V. | 0.5 |
| 07/28/2003 | Review various case documents to assign central file categories in preparation for central database. | Defreitas, V. | 3.5 |
| 07/29/2003 | Review online docket for recently docketed pleadings. | Defreitas, V. | 0.4 |
| 07/29/2003 | T/c P. Camuso re: creditor inquiry regarding proof of claim filing. | Krieger, A. | 0.1 |
| 07/30/2003 | Review online docket for recently docketed pleadings. | Defreitas, V. | 0.4 |
| 07/31/2003 | Researched online docket for recently docketed pleadings. | Defreitas, V. | 0.4 |
| 07/31/2003 | O/c(s) A. Caskadon re: Camuso inquiry on proof of claim and follow-up communication with Camuso. | Krieger, A. | 0.2 |

| SUMMARY OF HOURS | HOURS | RATE | TOTAL |
|---|---|---|---|
| Caskadon, Alexandra | 8.9 | $ 180 | $ 1,602.00 |
| Defreitas, Vaughn | 12.5 | 115 | 1,437.50 |
| Krieger, Arlene | 2.2 | 495 | 1,089.00 |
| Magzamen, Michael | 4.2 | 180 | 756.00 |
| Mohamed, David | 0.7 | 115 | 80.50 |

| SUMMARY OF HOURS | HOURS | RATE | TOTAL |
|---|---|---|---|
| Serrette, Rosemarie | 0.5 | 180 | 90.00 |

| TOTAL FOR PROFESSIONAL SERVICES RENDERED | $ 5,055.00 |
|---|---|

| TOTAL FOR THIS MATTER | $ 5,055.00 |
|---|---|

STROOCK & STROOCK & LAVAN LLP · NEW YORK · LOS ANGELES · MIAMI

180 MAIDEN LANE, NEW YORK, NY 10038-4982 TEL 212.806.5400 FAX 212.806.6006 WWW.STROOCK.COM
SSL-DOCS1 1374301v1

| RE | Claims Analysis/Objections/Administration (Non-Asbestos)<br>699843  0015 |
|----|----|

| DATE | DESCRIPTION | NAME | HOURS |
|------|-------------|------|-------|
| 07/25/2003 | Attention to debtors' omnibus objections to claims (.4). | Pasquale, K. | 0.4 |
| 07/29/2003 | Attended to notice of settlement of claims asserted by US Dept of Commerce Bureau of Export Compliance (now Bureau of Industry and Security) (.2); memo to C. Lane re: questions regarding settlement (.2). | Krieger, A. | 0.4 |
| 07/31/2003 | Claims research re Pat Camuso claim (1.3); o/c A. Krieger re same (.2). | Caskadon, A. | 1.5 |
| 07/31/2003 | Exchanged memoranda with C. Lane re: settlement of Bureau of Industry claim. | Krieger, A. | 0.1 |

| SUMMARY OF HOURS | HOURS | RATE | TOTAL |
|------------------|-------|------|-------|
| Caskadon, Alexandra | 1.5 | $ 180 | $ 270.00 |
| Krieger, Arlene | 0.5 | 495 | 247.50 |
| Pasquale, Kenneth | 0.4 | 550 | 220.00 |

| TOTAL FOR PROFESSIONAL SERVICES RENDERED | $ 737.50 |
|------------------------------------------|----------|

| TOTAL FOR THIS MATTER | $ 737.50 |
|-----------------------|----------|

| RE | Committee, Creditors', Noteholders', or Equity Holders'<br>699843_0017 |
| --- | --- |

| DATE | DESCRIPTION | NAME | HOURS |
| --- | --- | --- | --- |
| 07/01/2003 | Prepare memorandum to the Committee regarding status of the ZAI litigation (.2); prepare memorandum to the Committee regarding Debtors' pension payment (.3); exchanged memoranda with T. Maher regarding ZAI expert reports, discovery (.2). | Krieger, A. | 0.7 |
| 07/07/2003 | Prepare correspondence to Committee re: Debtors' motion for authorization to make pension payments. | Krieger, A. | 5.8 |
| 07/08/2003 | Review, revise memorandum for the Committee re: Debtors' motion for pension plan payment authorization (2.6); began to review pension plan-related documentation obtained from Debtors (.6); exchanged memoranda with T. Maher re: pension plan and other memoranda (.1). | Krieger, A. | 3.3 |
| 07/09/2003 | Conference with Arlene Krieger re debtors' motion to accelerate pension fund contributions; review and research A. Krieger Committee memo and motion papers. | Fitzgerald, C. | 2.8 |
| 07/09/2003 | Prepare memorandum to the Committee re: Summit Ventures motion (3.6); revised memorandum on pension motion to the Committee to reflect M. Wintner's comments (.3); memo to T. Maher re: draft Committee memorandum and pension issues (.1); exchanged memoranda with T. Maher re: pension matter (.1); exchanged memoranda with S. Cunningham re: pension matter conference call (.1); conf/c w/ Tom Maher, M. Wintner, S. Cunningham re: pension plan motion and Committee meeting to discuss pension (.7); o/c LK re: recommendation to the Committee re: Debtors' motion (.2); o/c KP, MW re: preparation of objection to motion (.2); o/c C. Fitzgerald re: preparation of objection and background information (.6); memo to C. | Krieger, A. | 7.0 |

STROOCK & STROOCK & LAVAN LLP · NEW YORK · LOS ANGELES · MIAMI

180 MAIDEN LANE, NEW YORK, NY 10038-4982 TEL 212.806.5400 FAX 212.806.6006 WWW.STROOCK.COM
SSL-DOCS1 1374301v1

| DATE | DESCRIPTION | NAME | HOURS |
|------|-------------|------|-------|
| | Fitzgerald re: necessity doctrine (.2); prepared memorandum to the Committee re: memorandum discussing pension plan motion and conf/c to discuss (.6); exchanged memoranda with F. Monaco re: Committee conference call (.1); follow-up o/c re: argument for Committee objection (.2). | | |
| 07/10/2003 | Meeting with A. Krieger, M. Wintner (.5); researching and drafting objection to pension plan funding motion (7.6). | Fitzgerald, C. | 8.1 |
| 07/10/2003 | Exchanged memoranda with Committee members re: conf/call (.3); attend to reviewing and revising the memorandum to the Committee re Summit Ventures Motion (.8); exchanged memoranda with T. Maher re: Summit Ventures (.2); o/c(s) MW re: Committee response to Debtors' pension motion (.2); meeting w/ M. Wintner, C. Fitzgerald re: same (.4); conf/c MW, M. Levy re: overseas cash position inquiry (.3); exchanged memoranda with L. Hamilton re: overseas cash position inquiry (.2); conf/c L. Hamilton & C. Whitney re: same (.4); o/c(s) LK re: substance of call with FTI (.3); Committee conf/call re: Debtors' pension payment motion (.5); further o/c MW, LK re: Committee position on Debtors' motion (.2); t/c Jay Sakalo re: same (.6); review Hechinger Investment Bank case (.6); memo to Committee re: status of asbestos reform legislation (.5); exchanged memoranda with L. Hamilton re: Summit Ventures information (.1); exchanged memoranda with M. Coventry re: Committee position on pension plan motion (.2). | Krieger, A. | 5.8 |
| 07/10/2003 | Telephone conference with committee regarding pension plan funding. | Kruger, L. | 0.8 |
| 07/11/2003 | Complete initial draft objection to pension funding motion. | Fitzgerald, C. | 4.6 |
| 07/11/2003 | Review AON materials (.6); conf/c LK, D. Siegel re: Committee's position on pension plan motion (.2); exchanged memoranda with C. Fitzgerald re: Committees' position and preparation of objection (.2); o/c MW re: discussion with D. Siegel (.1); conf/c C. Lane, | Krieger, A. | 5.6 |

| DATE | DESCRIPTION | NAME | HOURS |
|------|-------------|------|-------|
| | B McGrowan re: pension motion and Committee's position thereon (.5); o/c MW, LK re: discussion with Debtors' representatives (.2); exchanged memoranda with C. Lane re: conf/c w/ Debtors' representatives, MW, AGK re: Committee's position (.2); conf/c B. McGrowan, other Grace representatives, MW re: Debtors' pension plan motion, discussion of Committee's position, proposed amendment to relief requested (1.1); follow-up t/c C. Lane re: same (.5); t/c J. Sakalo re: discussion with Debtors and proposal, PD Committee position and discussion with Debtors (.4); review of economic analysis comparing costs of repatriating funds versus drawing funds under the DIP (.1); t/c(s) C. Whitney Troyer re: economic analysis (.4); prepare memorandum for the Committee re: discussions with Debtors' representatives, modified proposal for consideration, 7/14 conf/call to discuss same (.5); o/c(s) MW re: Committee memorandum, economic analysis, draft objection (.2), exchanged memoranda with C. Fitzgerald re: draft objection (.1); revise Committee memorandum and forward same (.2); attended to memorandum from W. Katchen re: case law for Committee objection (.1). | | |
| 07/14/2003 | Memos to M. Wintner regarding mark-up of Committee objection to Debtors' pension payment motion (.2); office conference(s) with A. Keppler regarding above and preparation of final form of objection (.4); office conference(s) with S. Cunningham regarding conversation with P. Zilly regarding repatriation cost analysis and other information requests (.4); conferences with S. Cunningham and T. Maher regarding Company's offer on sourcing of pension payment funding (.3); memorandum to the Committee regarding conference call to discuss Company's offer (.2); review FTI analysis on repatriation of cash (.4); office conference with LK regarding repatriation cash issue (.1); conference call with the Committee regarding Debtors' proposal and Committee's position thereon (.5); follow-up telephone calls with S. Cunningham, A. Keppler regarding information request condition to Committee's position (.3); | Krieger, A. | 4.0 |

| DATE | DESCRIPTION | NAME | HOURS |
|------|-------------|------|-------|
| | telephone call with C. Lane regarding Committee's position on Debtors' pension payment motion as revised (.3); telephone call with Jay Sakalo regarding same, and PD Committee's position (.3);  telephone call with C. Lane regarding Debtors' agreement to proposal and preparation of Order incorporating same (.1); prepared memorandum to LK, MW, others regarding Debtors' acceptance of Committee proposal (.3); exchanged memoranda with M. Wintner regarding Committee proposal (.2). | | |
| 07/15/2003 | Office conference A. Keppler regarding advice regarding the Company's agreement to Committee's proposal (.2); memo to the Committee regarding same (0.2); telephone conference with J. Ellington regarding ex-officio status and asbestos reform legislation (.2); telephone call with C. Lane regarding confirmation of Debtors' agreement to Committee proposal (.1); exchanged memoranda with F. Monaco regarding pension resolution (.1); exchanged memoranda with W. Katchen regarding pension resolution (.1); memorandum from J. Anderson regarding resolution (.1). | Krieger, A. | 1.0 |
| 07/16/2003 | Review form of acknowledgement for J. Ellington re: ex-officio status for the DOJ (.2); review By-Laws re: "representative" point raised by J. Ellington (.3) | Krieger, A. | 0.5 |
| 07/17/2003 | Review By-laws and commonality of interest agreements and prepare form of acknowledgments for USA/DOJ, and revise commonality of interest Agreement (.8); memo to KP, LK re: substance of conversation with J. Ellington and proposed forms of Acknowledgment (.4); revised commonality of interest Agreement. | Krieger, A. | 1.2 |
| 07/18/2003 | Exchanged memoranda with M. Wintner re: proposed revised order (.2); t/c S. Cunningham re: proposed revised order (.2); further revise proposed order (.3); exchanged memo w/ T. Maher clarification on agreement terms (.1); memoranda to LK, MW re: further revised ordered paragraphs (.2); t/c C. Lane re: | Krieger, A. | 1.4 |

STROOCK & STROOCK & LAVAN LLP · NEW YORK · LOS ANGELES · MIAMI
180 MAIDEN LANE, NEW YORK, NY 10038-4982 TEL 212.806.5400 FAX 212.806.6006 WWW.STROOCK.COM
SSL-DOCS1 1374301v1

| DATE | DESCRIPTION | NAME | HOURS |
|------|-------------|------|-------|
|      | comments to order (.4). |  |  |

| SUMMARY OF HOURS | HOURS | RATE | TOTAL |
|------------------|-------|------|-------|
| Fitzgerald, Christine | 15.5 | $ 395 | $ 6,122.50 |
| Krieger, Arlene | 36.3 | 495 | 17,968.50 |
| Kruger, Lewis | 0.8 | 725 | 580.00 |

| TOTAL FOR PROFESSIONAL SERVICES RENDERED | $ 24,671.00 |
|------------------------------------------|-------------|

| TOTAL FOR THIS MATTER | $ 24,671.00 |
|-----------------------|-------------|

STROOCK & STROOCK & LAVAN LLP · NEW YORK · LOS ANGELES · MIAMI
180 MAIDEN LANE, NEW YORK, NY 10038-4982 TEL 212.806.5400 FAX 212.806.6006 WWW.STROOCK.COM
SSL-DOCS1 1374301v1

| RE | Fee Application, Applicant |
|---|---|
| | 699843 0018 |

| DATE | DESCRIPTION | NAME | HOURS |
|---|---|---|---|
| 07/01/2003 | Prepare and serve May fee statement. | Caskadon, A. | 3.0 |
| 07/11/2003 | Review Fee Auditor's initial statement and prepare response to Fee Auditor's report (3.1); o/c(s) AC re: same (.3). | Krieger, A. | 3.4 |
| 07/12/2003 | Prepare draft of response to Fee Auditor's initial report to SSL's Eighth Quarterly Fee Application. | Krieger, A. | 4.0 |
| 07/13/2003 | Complete draft of response to Fee Auditor's initial report to SSL's Eighth Quarterly Fee Application. | Krieger, A. | 5.6 |
| 07/14/2003 | Continue to complete, review and revise SS&L response to the Fee Auditor's initial report on SSL's 8th Quarterly Fee Application (3.4); office conference (s) AC regarding expense back-up (.3). | Krieger, A. | 3.7 |
| 07/15/2003 | Finalize fee auditor response (.8); office conference with LK regarding same (.1); office conference with AC regarding transmission of same (.1); exchanged memorandum with S. Bourssey regarding response to fee auditor (.1); memo to AC regarding above (.1). | Krieger, A. | 1.2 |
| 07/17/2003 | Review/edit June fee detail. | Caskadon, A. | 2.5 |
| 07/29/2003 | Attended to review of fee statement detail. | Krieger, A. | 1.0 |
| 07/31/2003 | O/c A. Caskadon re: June 2003 time detail. | Krieger, A. | 0.1 |

| SUMMARY OF HOURS | HOURS | RATE | TOTAL |
|---|---|---|---|

STROOCK & STROOCK & LAVAN LLP · NEW YORK · LOS ANGELES · MIAMI
180 MAIDEN LANE, NEW YORK, NY 10038-4982 TEL 212.806.5400 FAX 212.806.6006 WWW.STROOCK.COM
SSL-DOCS1 1374301v1

| SUMMARY OF HOURS | HOURS | RATE | TOTAL |
|---|---|---|---|
| Caskadon, Alexandra | 5.5 | $ 180 | $ 990.00 |
| Krieger, Arlene | 19.0 | 495 | 9,405.00 |

| TOTAL FOR PROFESSIONAL SERVICES RENDERED | $ 10,395.00 |
|---|---|

| TOTAL FOR THIS MATTER | $ 10,395.00 |
|---|---|

| RE | Fee Application, Others |
|----|------------------------|
|    | 699843  0020           |

| DATE | DESCRIPTION | NAME | HOURS |
|------|-------------|------|-------|
| 07/02/2003 | Prepare and serve FTI's May bill (2.3); t/c local counsel re same (.2). | Caskadon, A. | 2.5 |

| SUMMARY OF HOURS | HOURS | RATE | TOTAL |
|------------------|-------|------|-------|
| Caskadon, Alexandra | 2.5 | $ 180 | $ 450.00 |

| TOTAL FOR PROFESSIONAL SERVICES RENDERED | $ 450.00 | |
|------------------------------------------|----------|--|

| TOTAL FOR THIS MATTER | $ 450.00 | |
|-----------------------|----------|--|

| RE | Employee Benefits, Pension 699843 0021 | | |

| DATE | DESCRIPTION | NAME | HOURS |
|------|-------------|------|-------|
| 07/01/2003 | Office conference with M. Wintner regarding Debtors' pension payment authorization motion (.5); telephone call with C. Lane regarding request made for actuarial report and other documentation providing information for motion, and for conference call with actuary, counsel, in-house personnel to discuss (.1). | Krieger, A. | 0.6 |
| 07/02/2003 | Telephone conversation(s) with C. Lane regarding conference call with ERISA/Labor personnel, and actuary to discuss motion (.1); review selected portions of memo regarding pension liabilities in bankruptcy (.5); conferences with M. Wintner, reps for the Debtors AON consulting regarding pension plan motion (.6); telephone call with Jay Sakalo regarding Debtors' motion (.4); memorandum to C. Lane regarding documentation for conference call (.1). | Krieger, A. | 1.7 |
| 07/02/2003 | Review Debtors' Motion to authorize funding of Pension Plans (.6); telephone conference call with Arlene Krieger (SSL), Debtor and Debtors' counsel and actuary (Aon) re same. (.6). | Wintner, M. | 1.2 |
| 07/03/2003 | Memo to L. Hamilton regarding conversation with Debtors regarding pension motion (.2); telephone call with Hamilton regarding same (.3); exchanged memo with C. Lane regarding actuary reports (.1). | Krieger, A. | 0.6 |
| 07/08/2003 | T/c C. Lane re: pension plan motion (.1); t/c S. Cunnigham, L. Hamilton re: pension plan motion (.2); t/c Jay Sakalo re: pension plan re: position of PD Committee (.4); memo to M. Wintner, LK re: above (.3); review NY Times Article re: pension plan regulations (.2) | Krieger, A. | 1.2 |
| 07/09/2003 | Review pension related materials received from Grace (.5); o/c MW re: same and draft memorandum to the Committee (.1); t/c Jay | Krieger, A. | 0.7 |

| DATE | DESCRIPTION | NAME | HOURS |
|------|-------------|------|-------|
| | Sakalo re: pension matter (.1). | | |
| 07/09/2003 | Attention to Debtors' Motion seeking authority to make contributions to the Pension Plan in 2003 and 2004: review actuarial reports and calculations from Aon (1.0); office conference Arlene Krieger re legal and financial concerns of Debtors' proposal (.4), telephone conference call with Arlene Krieger, Tom Maher, Sean Cunningham re same (1.0); office conference with Lewis Kruger and Arlene Krieger re status of issue and arrangements for Creditors Committee conference call (.2); review case law (1.0). | Wintner, M. | 3.6 |
| 07/10/2003 | Office conference Arlene Krieger re Debtors' Motion to Authorize Pension Funding (.2); office conference A. Krieger and re preparation of Objection (.6); review case law and prepare for Creditors Committee conference call (.6); telephone Mark Levy and Arlene Krieger re tax cost of repatriation from overseas subsidiaries (0.2); telephone conference call with Creditors Committee re whether to file Objection to Pension Funding Motion (.6); follow-up with Arlene Krieger and Lewis Kruger re same (.2). | Wintner, M. | 2.4 |
| 07/11/2003 | Discussion with MSW re objection to funding of Debtors' Defined Benefit Plans. | Keppler, A. | 0.3 |
| 07/11/2003 | Conference call/office conference with A. Krieger, D. Siegel and M. Wintner regarding employment issues (.3);  Office conference with A. Krieger and M. Wintner re: telephone call with D. Siegel of WR Grace regarding funding of pension contributions, amount required, service of funds and issue of overseas funds. | Kruger, L. | 0.9 |
| 07/11/2003 | Telephone conference Lewis Kruger (Stroock) and David Siegel re Creditors Committee reaction to Debtor's Motion to fund Pension Plans (.2); telephone conference Arlene Krieger, Debtor and Debtor's professionals re pension fund (1.0); telephone conference Arlene Krieger and FTI re same subject (.2); review tax analysis report concerning repatriation of funds from foreign subsidiaries (.6) review and revise status memo to | Wintner, M. | 2.4 |

| DATE | DESCRIPTION | NAME | HOURS |
|------|-------------|------|-------|
| | Committee (.4). | | |
| 07/13/2003 | Review and revise draft Objection to Debtors' Motion for Authority to fund Retirement Plan (2.0). | Wintner, M. | 2.0 |
| 07/14/2003 | Cite check Committee's objection to Debtors' motion for an order authorizing Debtors to make contributions into the trust funding the defined benefit plans covering Debtors' employees. | Caskadon, A. | 1.0 |
| 07/14/2003 | Conference call A. Krieger, L. Kruger and Committee re accelerated funding of Defined Benefit plans and telephone A. Krieger re Committee decision (2); revise objection to accelerated funding and related research and telephone to MSW (1.2). | Keppler, A. | 3.2 |
| 07/14/2003 | Office conference with A. Krieger regarding issue of repatriation of funds as prelude to pension funding issues (.2); telephone call with T. Maher regarding same (.2); telephone conference with committee regarding debtor's repatriation and funding proposal for pension plan (.5). | Kruger, L. | 0.9 |
| 07/14/2003 | Telephone conference A. Keppler re revisions to draft Objection to Debtor's Motion for Authority to Fund Retirement Plan. | Wintner, M. | 0.2 |
| 07/17/2003 | Exchanged memoranda with C. Lane re: revised order authorizing pension payments (.1); review order and prepare revised provisions (.8); memo to MW, LK re: proposed revised form of order authorizing pension payments (.1); memo to S. Cunningham re: proposed order (.1); t/c S. Cunningham re: revised ordered provisions (.2). | Krieger, A. | 1.3 |
| 07/17/2003 | Office conference with A. Krieger and telephone call with D. Siegel regarding payment of pension funds through use of overseas liquidity. | Kruger, L. | 0.3 |
| 07/17/2003 | Review revised Order re Pension Plan funding. | Wintner, M. | 0.2 |
| 07/23/2003 | Review and revise draft Order to authorize pension plan funding in accordance with | Wintner, M. | 0.3 |

| DATE | DESCRIPTION | NAME | HOURS |
|------|-------------|------|-------|
| | Debtor-Creditors Committees compromise (.3). | | |
| 07/24/2003 | Review and further revise draft Order Authorizing Pension Plan Funding and e-mail comments to counsel for Debtor and PI Committee (.6). | Wintner, M. | 0.6 |
| 07/25/2003 | T/c M. Wintner re: status of discussions with Debtors' counsel regarding the pension payment authorization order. | Krieger, A. | 0.1 |
| 07/29/2003 | Attended to NY Times article re: pension plan rules under discussion (.2); memoranda to LK, MW re: above (.1). | Krieger, A. | 0.3 |

| SUMMARY OF HOURS | HOURS | RATE | TOTAL |
|------------------|-------|------|-------|
| Caskadon, Alexandra | 1.0 | $ 180 | $ 180.00 |
| Keppler, Abbey | 3.5 | 495 | 1,732.50 |
| Krieger, Arlene | 6.5 | 495 | 3,217.50 |
| Kruger, Lewis | 2.1 | 725 | 1,522.50 |
| Wintner, Mark | 12.9 | 625 | 8,062.50 |

| TOTAL FOR PROFESSIONAL SERVICES RENDERED | $ 14,715.00 |
|------------------------------------------|-------------|

| TOTAL FOR THIS MATTER | $ 14,715.00 |
|-----------------------|-------------|

| RE | Expenses |
|----|----------|
|    | 699843  0024 |

## MATTER DISBURSEMENT SUMMARY

| | |
|----|----:|
| Outside Messenger Service | $ 97.53 |
| Meals | 17.91 |
| Local Transportation | 23.62 |
| Long Distance Telephone | 73.75 |
| Duplicating Costs-in House | 744.60 |
| Facsimile Charges | 18.00 |
| Westlaw | 1085.92 |
| Word Processing - Logit | 240.00 |

| TOTAL DISBURSEMENTS/CHARGES | $ 2,301.33 |
|----|----:|

| TOTAL FOR THIS MATTER | $ 2,301.33 |
|----|----:|

STROOCK & STROOCK & LAVAN LLP · NEW YORK · LOS ANGELES · MIAMI
180 MAIDEN LANE, NEW YORK, NY 10038-4982 TEL 212.806.5400 FAX 212.806.6006 WWW.STROOCK.COM
SSL-DOCS1 1374301v1

| RE | Litigation and Litigation Consulting<br>699843  0034 |
|----|---|

| DATE | DESCRIPTION | NAME | HOURS |
|------|-------------|------|-------|
| 07/10/2003 | Attend to J. Baer correspondence re: status of Sealed Air settlement and Debtors' position thereon (.1). | Krieger, A. | 0.1 |

| SUMMARY OF HOURS | HOURS | RATE | TOTAL |
|------------------|-------|------|-------|
| Krieger, Arlene | 0.1 | $ 495 | $ 49.50 |

| TOTAL FOR PROFESSIONAL SERVICES RENDERED | $ 49.50 |
|---|---|

| TOTAL FOR THIS MATTER | $ 49.50 |
|---|---|

STROOCK & STROOCK & LAVAN LLP · NEW YORK · LOS ANGELES · MIAMI
180 MAIDEN LANE, NEW YORK, NY 10038-4982 TEL 212.806.5400 FAX 212.806.6006 WWW.STROOCK.COM
SSL-DOCS1 1374301v1

| RE | Hearings |
|---|---|
| | 699843  0037 |

| DATE | DESCRIPTION | NAME | HOURS |
|---|---|---|---|
| 07/25/2003 | Attention to amended agenda and underlying matters for omnibus hearing (.4). | Pasquale, K. | 0.4 |

| SUMMARY OF HOURS | HOURS | RATE | TOTAL |
|---|---|---|---|
| Pasquale, Kenneth | 0.4 | $ 550 | $ 220.00 |

| TOTAL FOR PROFESSIONAL SERVICES RENDERED | $ 220.00 |
|---|---|

| TOTAL FOR THIS MATTER | $ 220.00 |
|---|---|

STROOCK & STROOCK & LAVAN LLP · NEW YORK · LOS ANGELES · MIAMI

180 MAIDEN LANE, NEW YORK, NY 10038-4982 TEL 212.806.5400 FAX 212.806.6006 WWW.STROOCK.COM
SSL-DOCS1 1374301v1

| RE | Relief from Stay Proceedings<br>699843  0041 |
|----|----------------------------------------------|

| DATE | DESCRIPTION | NAME | HOURS |
|------|-------------|------|-------|
| 07/08/2003 | Attend to Costa and Thornburg motion for stay relief to prosecute appeal from their dismissal from False Claims Act litigation and pursue recovery for attorneys fees and expenses (.9); t/c C. Lane re: same (.2). | Krieger, A. | 1.1 |
| 07/15/2003 | Attended to Debtors' objection to Rodriguez and Nieves lift stay motion (.2); attended to Debtors' objection to Costa and Thornburg lift stay motion (1.1). | Krieger, A. | 1.3 |

| SUMMARY OF HOURS | HOURS | RATE | TOTAL |
|------------------|-------|------|-------|
| Krieger, Arlene | 2.4 | $ 495 | $ 1,188.00 |

| TOTAL FOR PROFESSIONAL SERVICES RENDERED | $ 1,188.00 |
|------------------------------------------|------------|

| TOTAL FOR THIS MATTER | $ 1,188.00 |
|-----------------------|------------|

| RE | Tax Issues |
|----|-----------|
|    | 699843  0047 |

| DATE | DESCRIPTION | NAME | HOURS |
|------|-------------|------|-------|
| 07/10/2003 | Pulled documents on foreign tax credits for Mark Levy to review (.3). | Brandes, R. | 0.3 |
| 07/10/2003 | Pension contributions - c/c Krieger and Wintner re consequences of distributions from foreign sale to fund pension contributions (.2); review documents, (.5); email Wintner (.1). | Levy, M. | 0.8 |
| 07/14/2003 | Funding of pension plans/DIP vs. distributions from foreign subs - Krieger memo (.1), FTI request for info from Blackstone (.1), re FTI calculations re impact of repatriation vs. DIP financing (.2). | Levy, M. | 0.4 |

| SUMMARY OF HOURS | HOURS | RATE | TOTAL |
|------------------|-------|------|-------|
| Brandes, Ronnie H. | 0.3 | $ 295 | $ 88.50 |
| Levy, Mark | 1.2 | 670 | 804.00 |

| TOTAL FOR PROFESSIONAL SERVICES RENDERED | $ 892.50 |
|------------------------------------------|----------|

| TOTAL FOR THIS MATTER | $ 892.50 |
|-----------------------|----------|

| TOTAL FOR PROFESSIONAL SERVICES RENDERED | $ 79,090.50 |
|------------------------------------------|-------------|
| TOTAL DISBURSEMENTS/CHARGES | $ 2,301.33 |
| TOTAL BILL | $ 81,391.83 |

Any disbursement balances shown are compiled from original sources as entered on our records to the billing date shown. Any disbursements/charges invoiced to us or posted by us subsequent to that date will be reflected in future billing.

**WR GRACE & CO**
**DISBURSEMENT SUMMARY**
**JULY 1, 2003 - JULY 31, 2003**

| | |
|---|---:|
| Outside Messenger Service | $    97.53 |
| Meals | 17.91 |
| Local Transportation | 23.62 |
| Long Distance Telephone | 73.75 |
| Duplicating Costs-in House | 744.60 |
| Facsimile Charges | 18.00 |
| Westlaw | 1,085.92 |
| Word Processing - Logit | 240.00 |
| | |
| **TOTAL** | **$2,301.33** |

# STROOCK

| CLIENT | W R Grace & Co |
|---|---|
| | 7500 Grace Drive |
| | Columbia, MD 21044-4098 |

FOR EXPENSES INCURRED for the period from July 1, 2003 through
July 31, 2003, including:

| DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| **Outside Messenger Service** | | |
| 07/01/2003 | FedEx Log 6/11/03 K Pasquale to The Hon Alfred Wolin | 9.57 |
| 07/31/2003 | FedEx Log 07/02/03 A.CASKADON TO F.PERCH | 9.57 |
| 07/31/2003 | FedEx Log 07/01/03 A.CASKADON TO S.CABAN | 10.92 |
| 07/31/2003 | FedEx Log 07/01/03 A.CASKADON TO D.SIEGAL | 9.57 |
| 07/31/2003 | FedEx Log 7/01/03 A.Caskadon to W.Smith | 17.68 |
| 07/31/2003 | FedEx Log 7/02/03 A.Caskadon to F.Perch | 9.57 |
| 07/31/2003 | FedEx Log 7/02/03 A.Caskadon to D.Siegal | 9.57 |
| 07/31/2003 | FedEx Log 7/02/03 A.Caskadon to S.Caban | 9.57 |
| 07/31/2003 | FedEx Log 7/02/03 A.Caskadon to W.Smith | 11.51 |
| **Outside Messenger Service Total** | | **97.53** |
| **Meals** | | |
| 07/10/2003 | VENDOR: Seamless Web; INVOICE#: 25358; DATE: 07/15/03  -  Texas Rotisserie; | 17.91 |
| **Meals Total** | | **17.91** |
| **Local Transportation** | | |
| 07/25/2003 | NYC Two Ways Inc. FITZGERALD 07/10/03 21:27 M from 180 MAIDEN to 230    CENTRA | 23.62 |

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| | **Local Transportation Total** | **23.62** |

**Long Distance Telephone**

| | | |
|------|-------------|--------|
| 07/01/2003 | EXTN.5544, TEL.312-861-2000, S.T.17:55, DUR.03:06 | 1.55 |
| 07/01/2003 | EXTN.5562, TEL.302-657-4942, S.T.18:27, DUR.00:42 | 0.39 |
| 07/01/2003 | EXTN.6495, TEL.302-657-4924, S.T.15:04, DUR.00:54 | 0.39 |
| 07/02/2003 | EXTN.5544, TEL.312-861-3268, S.T.10:41, DUR.01:24 | 0.78 |
| 07/02/2003 | EXTN.5544, TEL.305-375-6156, S.T.14:47, DUR.00:54 | 0.39 |
| 07/08/2003 | EXTN.5544, TEL.312-861-2000, S.T.14:49, DUR.01:36 | 0.78 |
| 07/08/2003 | EXTN.5544, TEL.201-556-4040, S.T.16:09, DUR.27:48 | 10.86 |
| 07/08/2003 | EXTN.5544, TEL.305-375-6156, S.T.18:04, DUR.13:00 | 5.04 |
| 07/09/2003 | EXTN.4020, TEL.201-556-4040, S.T.17:03, DUR.29:36 | 11.64 |
| 07/09/2003 | EXTN.5544, TEL.305-375-6156, S.T.15:38, DUR.00:36 | 0.39 |
| 07/10/2003 | EXTN.3544, TEL.201-556-4021, S.T.14:42, DUR.00:48 | 0.39 |
| 07/10/2003 | EXTN.5544, TEL.201-703-4125, S.T.16:39, DUR.00:30 | 0.39 |
| 07/10/2003 | EXTN.5544, TEL.305-375-6156, S.T.17:54, DUR.00:24 | 0.39 |
| 07/10/2003 | EXTN.5760, TEL.703-273-6165, S.T.13:22, DUR.00:42 | 0.39 |
| 07/11/2003 | EXTN.3544, TEL.312-861-3268, S.T.16:06, DUR.27:48 | 10.86 |
| 07/11/2003 | EXTN.3544, TEL.201-556-4045, S.T.17:18, DUR.02:06 | 1.16 |
| 07/11/2003 | EXTN.5431, TEL.410-531-4170, S.T.10:32, DUR.07:42 | 3.10 |
| 07/11/2003 | EXTN.5544, TEL.305-375-6156, S.T.17:46, DUR.00:18 | 0.39 |
| 07/11/2003 | EXTN.6020, TEL.201-556-4040, S.T.15:48, DUR.02:00 | 0.78 |
| 07/11/2003 | EXTN.6020, TEL.201-556-4040, S.T.15:51, DUR.07:30 | 3.10 |
| 07/14/2003 | EXTN.5544, TEL.302-656-8162, S.T.16:35, DUR.01:00 | 0.39 |
| 07/14/2003 | EXTN.5544, TEL.201-556-4040, S.T.16:50, DUR.10:42 | 4.27 |
| 07/14/2003 | EXTN.5544, TEL.312-861-2000, S.T.17:02, DUR.09:36 | 3.88 |

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| 07/14/2003 | EXTN.5544, TEL.305-375-6156, S.T.17:15, DUR.07:12 | 3.10 |
| 07/17/2003 | EXTN.5431, TEL.410-531-4000, S.T.15:58, DUR.06:54 | 2.72 |
| 07/24/2003 | EXTN.5430, TEL.201-556-4040, S.T.11:29, DUR.00:24 | 0.39 |
| 07/24/2003 | EXTN.6020, TEL.201-556-4040, S.T.15:39, DUR.02:12 | 1.16 |
| 07/24/2003 | EXTN.6076, TEL.201-556-4040, S.T.15:42, DUR.01:36 | 0.78 |
| 07/24/2003 | EXTN.6076, TEL.201-556-4040, S.T.15:49, DUR.01:06 | 0.78 |
| 07/24/2003 | EXTN.6076, TEL.201-556-4040, S.T.16:58, DUR.00:48 | 0.39 |
| 07/28/2003 | EXTN.5760, TEL.312-861-2162, S.T.16:53, DUR.00:54 | 0.39 |
| 07/29/2003 | EXTN.5544, TEL.508-394-0656, S.T.11:57, DUR.01:42 | 0.78 |
| 07/30/2003 | EXTN.5431, TEL.312-861-2162, S.T.14:46, DUR.00:48 | 0.39 |
| 07/31/2003 | EXTN.6495, TEL.507-333-4396, S.T.11:07, DUR.01:54 | 0.78 |
| 07/31/2003 | EXTN.6495, TEL.508-394-0656, S.T.16:14, DUR.00:30 | 0.39 |
| | **Long Distance Telephone Total** | **73.75** |

**Duplicating Costs-in House**

| | | |
|------|------|------|
| 07/01/2003 | | 9.20 |
| 07/01/2003 | | 14.80 |
| 07/01/2003 | | 1.80 |
| 07/02/2003 | | 10.40 |
| 07/07/2003 | | 24.20 |
| 07/08/2003 | | 79.80 |
| 07/09/2003 | | 4.90 |
| 07/09/2003 | | 10.40 |
| 07/09/2003 | | 0.90 |
| 07/09/2003 | | 1.20 |
| 07/09/2003 | | 211.00 |

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|-------:|
| 07/09/2003 | | 0.20 |
| 07/10/2003 | | 0.60 |
| 07/10/2003 | | 3.50 |
| 07/10/2003 | | 1.00 |
| 07/10/2003 | | 2.60 |
| 07/10/2003 | | 13.50 |
| 07/11/2003 | | 244.70 |
| 07/11/2003 | | 0.20 |
| 07/17/2003 | | 2.40 |
| 07/21/2003 | | 8.90 |
| 07/22/2003 | | 5.00 |
| 07/22/2003 | | 5.00 |
| 07/22/2003 | | -5.00 |
| 07/24/2003 | | 89.70 |
| 07/24/2003 | | 89.70 |
| 07/24/2003 | | -89.70 |
| 07/25/2003 | | 3.70 |
| 07/25/2003 | | 3.70 |
| 07/25/2003 | | -3.70 |
| **Duplicating Costs-in House Total** | | **744.60** |

**Facsimile Charges**

| 07/13/2003 | FAX # 212-570-1803 | 18.00 |
|------|-------------|-------:|
| **Facsimile Charges Total** | | **18.00** |

STROOCK & STROOCK & LAVAN LLP · NEW YORK · LOS ANGELES · MIAMI
180 MAIDEN LANE, NEW YORK, NY 10038-4982 TEL 212.806.5400 FAX 212.806.6006 WWW.STROOCK.COM
SSL-DOCS1 1374301v1

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| **Westlaw** | | |
| 07/10/2003 | ; Duration 0:00:00; By KRIEGER ARLENE G | 44.25 |
| 07/10/2003 | ; Duration 1:25:49; By FITZGERALD CHRISTINE R | 668.39 |
| 07/11/2003 | ; Duration 0:20:32; By FITZGERALD CHRISTINE R | 153.20 |
| 07/14/2003 | ; Duration 0:35:24; By CALVO, FERNANDO | 220.08 |
| **Westlaw Total** | | **1,085.92** |
| | | |
| **Word Processing - Logit** | | |
| 07/13/2003 | | 42.00 |
| 07/13/2003 | | 48.00 |
| 07/13/2003 | | 78.00 |
| 07/13/2003 | | 30.00 |
| 07/13/2003 | | 42.00 |
| **Word Processing - Logit Total** | | **240.00** |

### BILL DISBURSEMENT SUMMARY

| | |
|---|---|
| Outside Messenger Service | $ 97.53 |
| Meals | 17.91 |
| Local Transportation | 23.62 |
| Long Distance Telephone | 73.75 |
| Duplicating Costs-in House | 744.60 |
| Facsimile Charges | 18.00 |
| Westlaw | 1085.92 |
| Word Processing - Logit | 240.00 |
| **TOTAL DISBURSEMENTS/CHARGES** | **$ 2,301.33** |

Any disbursement balances shown are compiled from original sources as entered on our records to the billing date shown.
Any disbursements/charges invoiced to us or posted by us subsequent to that date will be reflected in future billing.

STROOCK & STROOCK & LAVAN LLP · NEW YORK · LOS ANGELES · MIAMI
180 MAIDEN LANE, NEW YORK, NY 10038-4982 TEL 212.806.5400 FAX 212.806.6006 WWW.STROOCK.COM
SSL-DOCS1 1374301v1



805 15th Street, N.W.
Suite 500
Washington, D.C. 20005
(202) 371-9770
FAX (202) 371-6601

**Chambers Associates Incorporated**

A Subsidiary of Navigant Consulting

July 25, 2003

Stroock, Stroock & Lavan, LLP
180 Maiden Lane
New York, New York   10038

Attention:    Kenneth Pasquale

---

### *For Services Rendered For*
### *W. R. Grace Creditor's Committee - June 2003*

---

**Professional Fees:**

| | | |
|---|---|---|
| LC | 6.50 hrs. @ $510 | $3,315.00 |
| MA | 16.60 hrs. @ $280 | 4,648.00 |
| MSL | 1.10 hrs. @ $250 | 275.00 |
| BLB | 3.75 hrs. @ $225 | 843.75 |
| MR | 8.00 hrs. @ $210 | 1,680.00 |
| KZ | 4.00 hrs. @ $190 | 760.00 |
| JA | 22.50 hrs. @ $120 | 2,700.00 |

**Total Professional Fees** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **$14,221.75**

**Expenses:**

| | |
|---|---|
| Federal Express | $52.50 |

**Total Expenses** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **$52.50**

**Total Amount Due for June Services and Expenses** . . . . . . . . . . . . . . . . . . . . . . . . . . . . **$14,274.25**

**Outstanding Invoices:**

| | |
|---|---|
| September 28, 2002 | $5,046.70 |
| October 30, 2002 | 771.50 |
| November 28, 2002 | 1,780.75 |
| March 24, 2003 | 1,077.80 |
| April 28, 2003 | 2,043.00 |
| May 20, 2003 | 3,830.50 |
| June 20, 2003 | 61,775.37 |

**Total Outstanding Invoices** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **$76,305.62**

**Total Amount Due for June Services, Expenses and Outstanding Invoices** . . . . . . . . . . . **$90,579.87**

| Timekeeper | Work Date | Hours | Narrative |
|---|---|---|---|
| ANGUIANO, JAMIE | 6/02/2003 | 8.00 | Pull key information from researched documents and enter them into the site summaries. Three hole punch document s and put them into the binders with corresponding site. Update the requested document with additional information to be requested. Start to look through the Consent Decree for Wells G&H. |
| RULE, MICHELLE | 6/02/2003 | 6.80 | Reviewing ALL Casmalia CDs from California for info. |
| RULE, MICHELLE | 6/02/2003 | 1.20 | Meeting with staff re: progress of site profiles, etc. |
| ZICKERT, KATHLEEN | 6/02/2003 | 0.40 | Discussions with the EPA |
| ZICKERT, KATHLEEN | 6/02/2003 | 1.20 | Team meeting with staff regarding case status and workplan |
| ZICKERT, KATHLEEN | 6/02/2003 | 2.40 | Reviewing index and selecting documents from EPA for OII. |
| ANGUIANO, JAMIE | 6/03/2003 | 2.00 | Read through Consent Decree for Wells G&H and enter any additional information to site. |
| ATLAS, MARK | 6/04/2003 | 7.90 | Analysis of asbestos reform impact on legislation (Pro rata to creditor's bankruptcy committee) |
| CHAMBERS, LETITIA | 6/04/2003 | 2.00 | Monitor asbestos legislation - attend hearing - pro rata - |
| ATLAS, MARK | 6/04/2003 | 0.20 | Memorandum to P. McGrath, M. Rule, and K. Zickert re: descriptions of tasks for proforma |
| ATLAS, MARK | 6/05/2003 | 4.20 | Analysis of asbestos reform impact on legislation (Pro rata to creditor's bankruptcy committee) |
| ATLAS, MARK | 6/06/2003 | 0.30 | Reviewed and edited proforma |
| BAKER, BRUCE | 06/06/2003 | 3.75 | Calibrate Model. |
| ANGUIANO, JAMIE | 6/09/2003 | 0.60 | Start the review of OII cd from EPA. |
| ANGUIANO, JAMIE | 6/10/2003 | 3.20 | Review the CD from the EPA. The CD is for Operating Industries. |
| ATLAS, MARK | 6/11/2003 | 0.20 | Reviewed Stroock memorandum re: Fresenius settlement agreement |
| ANGUIANO, JAMIE | 6/11/2003 | 2.50 | Review printed documents for OII. |
| ANGUIANO, JAMIE | 6/11/2003 | 0.60 | Change summary binder coverpages due to reorganizing the binders. With OIIs new documents from the CD, there needed to be another binder. |
| ANGUIANO, JAMIE | 6/11/2003 | 1.60 | Organize additional information from the documents on the CD and add it to the summary of OII. |
| ANGUIANO, JAMIE | 6/12/2003 | 2.00 | Create an excel file to research tasks completed. |
| ANGUIANO, JAMIE | 6/12/2003 | 1.50 | Read through Lexus Nexus pamphlet to learn how to |

| Timekeeper | Work Date | Hours | Narrative |
|---|---|---|---|
| | | | search for specified information on sites. |
| ATLAS, MARK | 6/12/2003 | 0.40 | Reviewed revised Grace proforma |
| ATLAS, MARK | 6/12/2003 | 0.30 | Memorandum to M. Rule re: revisions needed in Grace proforma |
| ATLAS, MARK | 6/13/2003 | 0.70 | Edited current proforma |
| CHAMBERS, LETITIA | 6/16/2003 | 1.00 | Monitor Legislation |
| ANGUIANO, JAMIE | 6/16/2003 | 0.50 | Entered additional Superfund Budget information to various sites. |
| CHAMBERS, LETITIA | 6/18/2003 | 1.00 | Pro-rata - monitor and review legislative amendments |
| LYMAN, MARY | 6/18/2003 | 0.40 | Download, read, and print amendments to Hatch bill |
| CHAMBERS, LETITIA | 6/19/2003 | 1.40 | Monitored and review amendments to legislation |
| CHAMBERS, LETITIA | 6/24/2003 | 1.10 | Monitor legislation; update clients (pro rata) |
| LYMAN, MARY | 6/27/2003 | 0.70 | Update Hatch bill |
| ATLAS, MARK | 6/30/2003 | 2.40 | Analysis of asbestos reform impact on legislation (Pro rata to creditor's bankruptcy committee) |

Project: Wr Grace Creditor's Committee
Project No.: 113758
Client: Stroock & Stroock & Lavan

Proforma No.: 230309
Proforma Date: 07/24/03
Currency: DO

## Proforma

Date Range: Inception TO 06/30/03

Fee Totals: 58.70    12,880.00

### COST SUMMARY BY CODE

| Code | Description | Amount |
| --- | --- | --- |
| FEDEX | Overnight Delivery/Courier | 52.50 |
| | Disbursements Total: | 52.50 |

### COST DETAIL

**Task Code: 0.00**

| Vendor Name | Code | Acct Period | Invoice Date | Trans. Date | Amount | Narrative | Task | Check | Status | Index | Voucher | Bill? |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| FEDERAL EXPRESS | FEDEX | 0703 | 6/17/2003 | 6/6/2003 | 13.04 | From: SUPERFUND RECORDS CTR ASRC AEROSPACE CORP SAN FRANCISCO, CA 94105 To: KATIE ZICKERT CHICAGO IL 60604 on 06/06/2003 at 0839 Delivery Code: A1 | 0 | 1076765 | B | 2487191 | 1258167 | Y[H][...] |
| FEDERAL EXPRESS | FEDEX | 0703 | 6/10/2003 | 6/3/2003 | 13.04 | From: SUPER FUND RECORDS CENTER ASRC AEROSPACE SAN FRANCISCO, CA 94105 To: KATIE ZICKERT ATTBI COM CHICAGO IL 60604 on 06/03/2003 at 0917 Delivery Code: A1 | 0 | 1076279 | B | 2484856 | 1257590 | Y[H][...] |
| SUBTOTAL TASK: 0.00 | | | | | 26.08 | | | | | | | |

**Task Code: 2.00**

| Vendor Name | Code | Acct Period | Invoice Date | Trans. Date | Amount | Narrative | Task | Check | Status | Index | Voucher | Bill? |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| FEDERAL EXPRESS | FEDEX | 0603 | 6/4/2003 | 5/28/2003 | 26.42 | From: CHRIS ALBERT NAVIGANT CONSULTNG INC BOSTON, MA 021101904 To: MICHELLE RULE NAVIGANT CONSULTING CHICAGO IL 60604 on 05/28/2003 at 0838 Delivery Code: A1 | 2 | 1075819 | B | 2461097 | 1255086 | Y[H][...] |
| SUBTOTAL TASK: 2.00 | | | | | 26.42 | | | | | | | |