**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | Case No. 01-1139 (JKF) |
| W.R. GRACE & CO., *et. al.* | : | (Jointly Administered) |
| | : | |
| Debtors | : | **Objection Deadline: 01/02/04 at 4:00 p.m.** |

**THIRTEENTH MONTHLY FEE APPLICATION OF**
**PRICEWATERHOUSECOOPERS LLP, AUDITORS AND TAX CONSULTANTS**
**FOR DEBTORS, FOR ALLOWANCE OF COMPENSATION AND**
**REIMBURSEMENT OF EXPENSES FOR OCTOBER 2003**

PricewaterhouseCoopers LLP ("PwC"), auditors and tax consultants for W.R. Grace & Co., and the other above-captioned debtors (collectively, the "Debtors"), by and through its undersigned counsel, hereby submits its Monthly Fee Application for Allowance of Compensation and Reimbursement of Expenses for October 2003 (the "Application"). In support of this Application, PwC respectfully represents as follows:

**I.    COMPENSATION REQUESTED**

1.     As set forth below, Applicant is requesting an interim allowance of fees in the aggregate amount of $122,856.89 (plus $1,722.33 for preparing this fee application) expenses in the aggregate amount of $3,640,12. These amounts represent the fees generated and expenses incurred by PwC during the month of October 2003 or in previous months which were not previously included in a filing application. A table showing the names of all professionals and paraprofessionals who rendered services during the period, together with the billing rates of such persons and the number of hours charged by such persons during October 2003, is set forth on the cover sheet to this Application.

{MCM8588.DOC}

**II.    INTRODUCTION AND PROCEDURAL BACKGROUND**

2.    On April 2, 2001 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties and assets as debtors and debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.    The Debtors filed their *Application of the Debtors for the Entry of an Order (i) Approving the Payment of Professional Fees and Expenses and (ii) Authorizing the Employment and Retention of PricewaterhouseCoopers LLP as Independent Accountants and Auditors to the Debtors and Debtors in Possession* on January 10, 2002 (the "Original Retention Application").  Because the Original Retention Application was contested, it was not until July 18, 2002 that the Court entered its *Order Pursuant to 11 U.S.C. §§ 327(a) and Fed. R. Bankr. P. 2014(a), 2016 and 5002 Authorizing the Employment and Retention of PricewaterhouseCoopers LLP As Auditors and Tax Consultants to the Debtors and Debtors in Possession Nunc Pro Tunc to January 10, 2002* (the "Retention Order").

Relief Requested.

4.    By this Application, PwC respectfully requests allowance, on an interim basis, $124,579.22 in compensation and $3,540.12 in reimbursement of expenses for October 2003.  In support of this Application, PwC submits the time records attached hereto as Exhibit "A" and the expenses summaries attached hereto as Exhibit "B."

5.    This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue of these proceedings and this motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  The

statutory predicates for the relief sought herein are sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016.

6.     All of the services for which compensation is sought were rendered by Applicant to the Debtors solely in connection with this case and in furtherance of the duties and responsibilities of the Debtors and not on behalf of any creditor or other person.

7.     Applicant's hourly rates for its auditors and other professionals charged in connection with Applicant's services for the Debtors were commensurate with the rates Applicant customarily charged its clients (whether corporate or individual) in both bankruptcy and non-bankruptcy matters at the time the services were rendered.

8.     By order dated April 17, 2002 (the "Amended Administrative Order"), the Court has adopted procedures (the "Procedures") for all applications for interim compensation and reimbursement of expenses in this bankruptcy proceeding.  Applicant has complied with the Procedures and has instituted a standard timekeeping record system for all professionals and paraprofessionals in this case recording time in tenths of an hour, and describing tasks performed and the time attributable to each task.

9.     Applicant is not seeking reimbursement for internal charges, including costs associated with airline ticketing and general office services such as computer usage, telephone charges, facsimile transmissions, postage, and photocopying.

10.    None of the amounts requested have been paid.  No payments have been made or promised to Applicant for the audit services described herein and for which PwC seeks compensation and reimbursement of expenses in this Fee Application.  No agreement exists between Applicant and any other person or entity to share any compensation in connection with the Debtors' Chapter 11 cases.

11.     Pursuant to the Amended Administrative Order, PwC served copies of this Application upon (a) David B. Siegel, W.R. Grace & Co.; (b) co-counsel for the Debtors; (c) co-counsel to the debtor-in-possession lender; (d) counsel to the Committees, including counsel for the Official Committee of Unsecured Creditors; counsel to the Official Committee of Asbestos Property Damage Claimants; counsel to the Official Committee of Personal Injury Claimants; and the Official Committee of Equity Holders; (e) the Fee Auditor; and (f) the United States Trustee.

### III.    SERVICES RENDERED DURING THE INTERIM PERIODS

12.     The nature of the work performed by PwC during October 2003 included the following.

13.     <u>Audit and Tax Services</u>.  The Applicant provided the following services:

    (i)    performed planning, risk assessment and interim testing procedures for the 2003 annual audit
    (ii)   interim review procedures for the third quarter reporting and issuance of Grace third quarter 10Q
    (iii)  observed an annual inventory taking as required by auditing standards
    (iv)   performed preliminary planning and review of the Debtor's work plan for Section 404 required under the Sarbanes-Oxley Act.

### IV.    ALLOWANCE OF COMPENSATION

14.     Under the Bankruptcy Code, professionals performing services in a bankruptcy case are entitled to "reasonable compensation for actual, necessary services" and "reimbursement for actual, necessary expenses." 11 U.S.C. §330(a)(1)(A).

15.     In determining if the amount of compensation is "reasonable", the courts consider the "nature, the extent, and the value" of the services rendered, taking into account the following factors:  the time spent on the services; the rates charged for the services; whether the services were necessary or beneficial to the administration of the case;

whether the services were performed in a reasonable amount of time commensurate with the complexity, importance, and nature of the services; and whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under Chapter 11.   11 U.S.C. § 330(a)(3)(A).  As described throughout this Application, PwC has satisfied the relevant criteria to support the requested award of compensation.

16.    In general, the "baseline rule is for firms to receive their customary rates." Zolfo, Cooper & Co. v. Sunbeam-Oster Co., Inc., 50 F.3d 253, 259 (3d Cir. 1995).  The compensation sought herein is based on PwC's customary rates, which are in line with the customary rates charged by comparably skilled practitioners in cases other than cases under Chapter 11.

17.    Applicant's services have been rendered in an efficient manner by accountants and auditors who are experts in their fields.  PwC is one of the largest and most well-respected accounting firms in the country, and its rates are commensurate with its level of expertise.

18.    No prior application for the relief requested herein as been made.

**WHEREFORE**, PwC respectfully requests interim allowance of compensation in the amount of $124,579.22 and reimbursement of expenses in the amount of $3,640.12, together with such other and further relief as this Court deems just and proper.

Dated: December 10, 2003.            SMITH, KATZENSTEIN & FURLOW, LLP

/s/ Kathleen M. Miller
Kathleen Miller (I.D. No.2898)
The Corporate Plaza
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, DE 19899 (Courier 19801)
Telephone: 302-652-8400
Telecopy: 302-652-8405
Email: Kmiller@skfdelaware.com

Attorneys for PricewaterhouseCoopers LLP

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **11th** day of **December, 2003** a copy of the foregoing ***Thirteenth Monthly Fee Application of PricewaterhouseCoopers LLP, Auditors And Tax Consultants For Debtors, For Allowance Of Compensation And Reimbursement Of Expenses for October 2003*** was served on the following parties in the manner herein indicated:

W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044
Attn: David B. Siegel, Senior Vice President
and General Counsel
**VIA U.S. MAIL AND VIA E-MAIL IN PDF FORMAT TO william.sparks@grace.com**

James H.M. Sprayregen, Esquire
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601
Co-Counsel for the Debtors
**VIA E-MAIL IN PDF FORMAT TO james.kapp@chicago.kirkland.com**

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705
(Courier 19801)
Co-Counsel for the Debtors
**VIA E-MAIL IN PDF FORMAT TO dcarickhoff@pszyj.com**

J. Douglas Bacon, Esq.
Latham & Watkins
Sears Tower
Suite 5800
Chicago, IL 60606
Co-Counsel to Debtor-In-Possession Lender
**VIA E-MAIL IN PDF FORMAT TO david.heller@lw.com and carol.hennessey@lw.com**

Steven M. Yoder, Esq.
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
Co-Counsel to Debtor-In-Possession Lender
**VIA E-MAIL IN PDF FORMAT TO syoder@bayardfirm.com**

Lewis Kruger, Esq.
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038-4982
Counsel for the Official Committee of Unsecured Creditors
**VIA E-MAIL IN PDF FORMAT TO rserrette@stroock.com**

Michael R. Latowski, Esq.
Duane, Morris & Heckscher, LLP
1100 N. Market Street, Suite 1200
Wilmington, DE 19801-1246

Scott L. Baena, Esq.
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod, LLP
First Union Financial Center

| | |
|---|---|
| Counsel for the Official Committee of Unsecured Creditors<br>**VIA E-MAIL IN PDF FORMAT TO mlastowski@duanemorris.com** | 200 South Biscayne Blvd, Suite 2500<br>Miami, FL 33131<br>Counsel to the Official Committee of Asbestos Property Damage Claimant<br>**VIA E-MAIL IN PDF FORMAT TO jsakalo@bilzin.com** |
| Michael B. Joseph, Esq.<br>Ferry & Joseph, P.A.<br>824 Market Street, Suite 904<br>P.O. Box 1351<br>Wilmington, DE 19899<br>Counsel to the Official Committee of Asbestos Property Damage Claimants<br>**VIA E-MAIL IN PDF FORMAT TO ttacconelli@ferryjoseph.com** | Elihu Inselbuch, Esq.<br>Caplin & Drysdale<br>399 Park Avenue, 36th Floor<br>New York, NY 10022<br>Counsel to the Official Committee of Personal Injury Claimants<br>**VIA E-MAIL IN PDF FORMAT TO** pvnl@capdale.com |
| Matthew G. Zaleski, III, Esq.<br>Campbell & Levine, LLC<br>Chase Manhattan Centre, 15th Floor<br>1201 Market Street, Suite 1500<br>Wilmington, DE 19801<br>Counsel to the Official Committee of Personal Injury Claimants<br>**VIA E-MAIL IN PDF FORMAT TO mgz@del.camlev.com** | Philip Bentley, Esq.<br>Kramer, Levin, Naftalis & Frankel, LLP<br>919 Third Avenue<br>New York, NY 10022<br>Counsel to the Official Committee of Equity Holders<br>**VIA E-MAIL IN PDF FORMAT TO pbentley@kramerlevin.com** |
| Teresa K.D. Currier, Esq.<br>Kleett Rooney Lieber & Schorling<br>1000 West Street, Suite 1410<br>Wilmington, DE 19801<br>Counsel to the Official Committee of Equity Holders<br>**VIA E-MAIL IN PDF FORMAT TO currier@klettrooney.com** | Warren H. Smith<br>Warren H. Smith & Associates<br>900 Jackson Street<br>120 Founders Square<br>Dallas, TX 75202<br>Fee Auditor<br>**VIA U.S. MAIL AND VIA E-MAIL IN AN ELECTRONIC FORMAT TO whsmith@ whsmithlaw.com** |
| Frank J. Perch, Esq.<br>Office of the United States Trustee<br>844 King Street, Suite 2311<br>Wilmington, DE 19801<br>**VIA U.S. MAIL** | |

/s/ Kathleen M. Miller
Kathleen M. Miller