IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | | Re: Docket No. 4299 and 11/17/03 Agenda Item 3 |

**ORDER AUTHORIZING THE DEBTORS TO RETAIN STATE STREET BANK AND TRUST COMPANY TO ACT AS INVESTMENT MANAGER AND FIDUCIARY OF THE GRACE STOCK WITHIN THE GRACE SAVINGS & INVESTMENT PLAN**

Upon the application (the "Application")[2] of the debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, "Grace" or the "Debtors") seeking entry of an order under sections 105 and 363(b) of title 11 of the United States Code (as amended, the "Bankruptcy Code") authorizing the Debtors to retain State Street Bank and Trust Company ("State Street") as investment manager with respect to the Company Stock held under the Company Stock investment option maintained under the Trust on behalf of the Plan pursuant to the Engagement Agreement between Grace and State Street; and it appearing that the Court

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Any capitalized term not defined herein shall have the meaning ascribed thereto in the Application and the Engagement Agreement.

has jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and it appearing that this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and this Application is properly in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been given; and after hearing it appearing that the relief requested in the Application is in the best interests of the Debtors and their estates and creditors; and after due deliberation and sufficient cause appearing therefor, it is hereby:

ORDERED that the Application is granted as modified herein; and it is further

ORDERED that the Debtors and the Investment and Benefits Committee of Grace are authorized, but not required, to retain State Street for a period of up to one year as investment manager and fiduciary of the Company Stock held under the Company Stock investment option maintained under the Trust on behalf of the Plan pursuant to the Engagement Agreement and subject to the terms thereof, and to enter into the D&P Engagement, also for a period of one year, both on a date determined by Debtors; and it is further

ORDERED that if the Debtors believe that they need to retain State Street and D&P beyond a one year period, they shall apply to the Court to extend the retention; and it is further

ORDERED that the Fee Structure (as defined in the Application) is hereby approved; and it is further

ORDERED that the Indemnification Agreements between Grace and State Street and between Grace and D&P, providing a limited indemnification of State Street and D&P, are hereby approved; and it is further

ORDERED that the professionals utilized by State Street in its engagement as investment manager and fiduciary of the Grace Stock held by the Trust funding the Savings Plan shall apply to this Court for payment of their fees and reimbursement of their expenses in accordance with (a) the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, dated May 3, 2001, effective as of April 2, 2001 and (b) the Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, dated April 17, 2002; and it is further

ORDERED that the Debtors are authorized to take all actions necessary to effectuate this order; and it is further

ORDERED that, upon the motion of a party in interest, the Court, after notice and a hearing, may terminate the retention of State Street and D&P for cause; and it is further

ORDERED that notwithstanding the possible applicability of Fed.R.Bankr.P. 6004(g), 7062, and 9014, or otherwise, the terms and conditions of this order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: 12/12, 2003

The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge