IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al.,[2] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors | ) | **Objection Deadline: January 5, 2004 at 4:00 p.m.** |
| | | **Hearing Date:  March 22, 2004 at 12:00 p.m.** |

**SUMMARY OF THE QUARTERLY APPLICATION OF
WOODCOCK WASHBURN FOR COMPENSATION FOR
SERVICES AND REIMBURSEMENT OF EXPENSES AS SPECIAL
LITIGATION COUNSEL TO W.R. GRACE & CO., ET AL., FOR THE
TENTH QUARTERLY INTERIM PERIOD JULY – SEPTEMBER, 2003**

| | |
|---|---|
| Name of Applicant: | **Woodcock Washburn LLP** |
| Authorized to Provide Professional Services to: | **W. R. Grace & Co., et al., Debtors and Debtors-in-Possession** |
| Date of Retention: | **Retention Order entered January 22, 2003** |
| Period for which compensation and reimbursement is sought | **July, 2003, through September 30, 2003** |
| Amount of Compensation sought as actual, reasonable and necessary: | **$ 37,813.50** |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | **$ 6,325.05** |

---

[2]  The Debtors consist of the following 62 entities:  W.R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W.R. Grace & Co.-Conn., A-1 Bit &Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-g II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a/ Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W.R. Grace Capital Corporation, W.R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc.), Grace JVH, Inc., Asbestos Management, Inc., Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing System, Inc. (f/k/a Environmental Liability Management, Inc.), E&C Liquidating Corp., Emerson & Cuming, Inc., Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

DOCS_DE:35603.8

DOCS_DE:35603.9

This is a quarterly application for the Tenth Interim Period, for the monthly periods July, August, September of 2003.  The following monthly fee applications, within the Eighth and Ninth Interim Periods, have been previously filed:

| Date Filed | Period Covered | Requested Fees | Requested Disbursements | Approved Fees | Approved Disbursements |
|---|---|---|---|---|---|
| May 9, 2003 | 1/1 – 1/31/03 | $11,423.35 | $184.10 | all | All |
| May 9, 2003 | 2/1 – 2/28/03 | $29,216.00 | $684.22 | all | All |
| May 9, 2003 | 3/1 – 3/31/03 | $14,351.00 | $647.43 | all | All |
| September 19, 2003 | 7/1 – 7/31/03 | $14,157.50 | $1,834.84 | Pending | Pending |
| October 17, 2003 | 8/1 – 8/31/03 | $5,120.00 | $2,346.40 | Pending | Pending |
| November 6, 2003 | 9/1 – 9/30/03 | $18,536.00 | $2,143.81 | Pending | Pending |

The fees and costs as requested in the Quarterly Application for the Eighth Interim Period (January-March, 2003) were given final approval by the fee auditor in a final report filed July 2, 2003.  Final approval of the Quarterly Application for the Ninth Interim Period (April-June, 2003) is pending.

The Woodcock professionals who rendered services in connection with the specific matter for which Woodcock was retained as special litigation counsel during the current Quarterly Fee Period (the Tenth Interim Period) are:

| Name of Professional Person | Position with the Applicant | Year Admitted to Bar | Department | Hourly Billing Rate | Total Billed Hours | Total Fees Generated |
|---|---|---|---|---|---|---|
| Gary H. Levin | Partner | 1976 | IP Litigation | $435.00 | 17.9 | $6,923.50 |
| David R. Bailey | Partner | 1990 | IP Litigation | $360.00 | 55.2 | $19,872.00 |
| Chad E. Ziegler | Associate | 1998 | IP Litigation | $265.00 | 1.0 | $265.00 |
| Frank T. Carroll | Associate | 1998 | IP Litigation | $250.00 | 27.8 | $6,950.00 |
| Brian Cocca | Law Clerk | -- | IP Litigation | $150.00 | 2.0 | $300.00 |
| Larry LaBella | Law Clerk | -- | IP Litigation | $120.00 | 22.0 | $2,640.00 |

Total Fees: $37,813.50
Blended Rate: $300.35

All fees and expenses for which reimbursement is sought were in the category "Litigation and Litigation Counseling," except for fees totaling $2,472.00 for "Travel Time" (representing billing at half-time) and fees totaling $1131.00 in the category "Fee Applications, Applicant."

Expenses incurred were as follows:

| Summary Total of Expenses/Disbursements | |
| --- | --- |
| Postage & Delivery | $ 167.38 |
| Telefax | $ 102.16 |
| Telephone | $ 5.94 |
| Photocopying (Standard Copies) | $ 2,263.78 |
| Computer Docketing Search | $ 353.50 |
| Travel & Expenses | $ 3,005.54 |
| Local Counsel Fees | $ 426.75 |

Detail for "Travel & Expenses" is provided in the July and September Fee Applications as attached hereto. With respect to disbursements for which compensation is requested, computer-assisted legal research is billed at no higher than actual cost, outgoing fax charges are billed at no higher than $1/page (with no charge for incoming faxes), and in-house copying charges are billed at $0.15/page.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors | ) | |

**QUARTERLY APPLICATION OF WOODCOCK WASHBURN
FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF
EXPENSES AS SPECIAL LITIGATION COUNSEL TO W.R. GRACE & CO.,
ET AL., FOR THE TENTH QUARTERLY INTERIM PERIOD OF
JULY 1, 2003 – SEPTEMBER 30, 2003**

Pursuant to section 327, 330 and 331 of Title 11 of the United States Code (as

amended, the "Bankruptcy Code"), Fed. R. Bankr. P. 2016, the Retention Order (as

defined below), the Administrative Order Under 11 U.S.C. §§ 105(a) and 331

Establishing Procedures for Interim Compensation and Reimbursement of Professionals

and Official Committee Members (The "Interim Compensation Order"), the Amended

Administrative Order under 11 U.S.C. §§ 105(a) and 331 Establishing Revised

Procedures for Interim Compensation and Reimbursement of Expenses for Professionals

and Official Committee Members (The "Amended Interim Compensation Order") and

---

[1]    The Debtors consist of the following 62 entities: W.R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W.R. Grace & Co.-Conn., A-1 Bit &Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-g II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a/ Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W.R. Grace Capital Corporation, W.R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc.), Grace JVH, Inc., Asbestos Management, Inc., Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing System, Inc. (f/k/a Environmental Liability Management, Inc.), E&C Liquidating Corp., Emerson & Cuming, Inc., Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Del.Bankr.LR 2016-2, the law firm of Woodcock Washburn LLP ("Woodcock"), special

litigation counsel for the above-captioned debtors and debtors-in-possession (collectively,

the "Debtors"), hereby applies for an order allowing it (i) compensation in the amount of

$37,813.50 for the reasonable and necessary legal service Woodcock has rendered to the

Debtors and (ii) reimbursement for the actual and necessary expenses that Woodcock has

incurred in the amount of $6,325.05 for the interim quarterly period from July 1, 2003

through September 30, 2003 (the "Fee Period").  In support of this Application,

Woodcock respectfully states as follows:

### Background

### Retention of Woodcock Washburn

1.      By this Court's order dated January 22, 2003, (the "Retention Order"), the

Debtors were authorized to retain Woodcock as special litigation counsel to represent

Debtor W.R. Grace & Co.-Conn in order to intervene as a defendant in a suit originally

brought in 2002 in the District Court for the Northern District of Indiana but now

pending, following a transfer pursuant to 28 U.S.C. § 1404, in the District of Minnesota

as *Bartholic and Intercat, Inc. v. Nol-Tec Systems, Inc.*, civil action 03-CV-4886

(RHK/AJB) (the "Intercat suit").  The Retention Order authorizes the Debtor to

compensate Woodcock at Woodcock's hourly rates charged for services of this kind and

to be reimbursed for actual and necessary out-of-pocket expenses that it incurred, subject

to application to this Court in accordance with the Bankruptcy Code, the Federal Rules of

Bankruptcy Procedure, all applicable local rules, and orders to this Court.

**Monthly Interim Fee Applications Covered Herein**

2.      Pursuant to the procedures set forth in the Interim Compensation Order, as amended by the Amended Interim Compensation Order, professionals may apply for monthly compensation and reimbursement (each such application, a "Monthly Fee Application"); the notice parties listed in the Amended Interim Compensation Order may object to such request.  If no notice party objects to a professional's Monthly Fee Application within twenty (20) days after the date of service of the Monthly Fee Application, the applicable professional may submit to the Court a certification of no objection whereupon the Debtors are authorized to pay interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested.

3.      Furthermore, and also pursuant to the Amended Interim Compensation Order, after the end of each quarter, professionals are to file and serve upon the notice parties a quarterly request (a "Quarterly Fee Application") for interim Court approval and allowance of the Monthly Fee Applications filed during the quarter covered by that Quarterly Fee Application.  If the Court grants the relief requested by the Quarterly Fee Application, the Debtors are authorized and directed to pay the professional 100% of the fees and expenses requested in the Monthly Fee Applications covered by that Quarterly Fee Application less any amounts previously paid in connection with the Monthly Fee Applications.  Any payment made pursuant to the Monthly Fee Applications or a Quarterly Fee Application is subject to final approval of all fees and expenses at a hearing on the professional's final fee application.

- 3 -

4.    This Quarterly Fee Application, which is submitted in accordance with the Amended Interim Compensation Order, is the third such Application for compensation for services rendered that Woodcock has filed with the Bankruptcy Court and covers the Fee Period of July 1, 2003, through September 30, 2003 (the Tenth Quarterly Period).

5.    Woodcock has filed the following Monthly Fee Applications for interim compensation during this Fee Period:

a.    Summary Application of Woodcock for Compensation for Services and Reimbursement of Expenses as Counsel to W.R. Grace & Co., et al., for the Monthly Period from July 1, 2003 through July 31, 2003, for the Quarter of July-September, 2003, filed September 18,2003 (the "July Fee Application"), attached hereto as Exhibit A.

b.    Summary Application of Woodcock for Compensation for Services and Reimbursement of Expenses as Counsel to W.R. Grace & Co., et al., for the Monthly Period from August 1, 2003, through August 31, 2003, for the Quarter of July-September, 2003, filed October 17, 2003 (the "August Fee Application"), attached hereto as Exhibit B.

c.    Summary Application of Woodcock for Compensation for Services and Reimbursement of Expenses as Counsel to W.R. Grace & Co., et al., for the Monthly Period from September 1, 2003, through September 30, 2003, for the Quarter of July-September, 2003, filed November 6, 2003 (the "September Fee Application"), attached hereto as Exhibit C.

6.    The Monthly Applications are pending.

7.      In its role as special litigation counsel during this Fee Period, Woodcock has advised and represented W.R. Grace & Co.-Conn. in connection with its defense of the Intercat suit and matters relating to its business as affected by the Intercat suit. Because Woodcock's fee applications may be obtained by Grace's adversaries in the Intercat suit, the descriptions of fee services provided by Woodcock have necessarily been more general than might otherwise be provided.

**Requested Relief**

8.      By this Quarterly Fee Application, Woodcock requests that the Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by Woodcock for the Fee Period July 1, 2003, through September 30, 2003, as detailed in the Applications, less any amount actually paid to Woodcock pursuant to the Applications during the pendency of this Quarterly Fee Application.  The scope of services provided and the related expenses incurred are described in the Monthly Applications (attached as Exhibits A, B, and C).

**Disinterestedness**

9.      Woodcock does not hold or represent any interest adverse to the estates, and has been, at all relevant times, a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code. Woodcock disclosed in its Application for Appointment as Special Litigation Counsel any connection it had to the Debtors that it had been able to ascertain using its reasonable efforts.  Woodcock will update the disclosures where necessary if Woodcock becomes aware of material new information.

**Representations**

10.    Woodcock believes that this Quarterly Fee Application complies with the requirements of Del.Bankr.LR2016-2 and the Amended Interim Compensation Order.

11.    Woodcock performed the services for which it is seeking compensation on behalf of or for the Debtors and their estates, and not on behalf of any committee, creditor or other person.

12.    During the Fee Period, Woodcock has received no payment, nor has it received any promises for payment, from any other source for services rendered during the Fee Period or to be rendered in any capacity whatsoever in connection with its acting as special litigation counsel.

13.    Pursuant to Fed. R. Bank. P. 2016(b), Woodcock has not shared, nor has it agreed to share, (a) any compensation it has received or may receive with another party or person other than with the partners, counsel, and associates of Woodcock, or (b) any compensation another person or party has received or may receive in connection with the Chapter 11 case.

WHEREFORE, Woodcock respectfully requests that the Court enter an order providing (a) that, for the Fee Period, July 1, 2003, through September 30, 2003, an administrative allowance be made to Woodcock in the sum of (i) $37,813.50 as compensation for reasonable and necessary professional services rendered in the Debtors and (ii) in the sum of $6,325.05 for reimbursement of actual and necessary costs and expenses incurred, for a total of $44,138.55, and (b) that the Debtors be authorized and directed to pay to Woodcock the outstanding amount of such sums less any sums

- 6 -

previously paid to Woodcock pursuant to the Applications and the procedures set forth in

the Interim Compensation Order.

Respectfully submitted

Date:  November 24, 2003

Gary H. Levin
Woodcock Washburn LLP
One Liberty Place – 46th Floor
Philadelphia, PA  19103
(215) 568-3100
levin@woodcock.com