IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

**Objection Deadline: January 9, 2004**
**Hearing Date: January 26, 2004 at Noon**

# MOTION OF DEBTORS FOR LIMITED WAIVER OF DEL.BANKR.LR 3007-1 FOR THE PURPOSE OF STREAMLINING OBJECTIONS TO CERTAIN CLAIMS FILED PURSUANT TO THE BAR DATE ORDER

The above-captioned debtors and debtors in possession (collectively, the "Debtors") move, pursuant to 11 U.S.C. § 105(a) and Local Rule of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware ("Local Rule") 1001-1(c), for an order waiving certain requirements and restrictions imposed by Local Rule 3007-1. Specifically,

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

the Debtors request that this Court waive: (i) Local Rule 3007-1's limitations concerning the number of claims that may be subject to a substantive omnibus objection and (ii) the requirement in Local Rule 3007-1 that the Debtors file all substantive objections to a particular Claim in a single objection. Rather than raising all substantive objections with respect to each claim in the first instance, the Debtors seek authority to file initial omnibus objections to groups of claims according to certain "gateway" deficiencies, while maintaining their right to raise subsequent, substantive objections with respect to these claims.

## Background

1. On April 2, 2001, the Debtors commenced the above-captioned cases by filing petitions under chapter 11 of title 11 of the United States Code (as amended, the "Bankruptcy Code").

2. On March 31, 2002, this Court entered an Order ("Bar Date Order") setting April 22, 2003 as the deadline for filing pre-petition Asbestos Property Damage Claims[2], Medical Monitoring Claims, and Non-Asbestos Claims (collectively, the "Claims").

3. The Bar Date Order required parties that sought to file Claims (collectively, the "Claimants") to file special, court-approved claim forms with appropriate supporting documentation. Three such forms were approved in the Bar Date Order: (a) the Asbestos Property Damage Proof of Claim Form, (b) the Asbestos Medical Monitoring Proof of Claim Form, and (c) the Non-Asbestos Proof of Claim Form (collectively, the "Proof of Claim Forms"). The Bar Date Order provides that, "each proof of claim to be properly filed pursuant to

---

[2] Capitalized terms not otherwise defined in this Motion have the meanings given in the Bar Date Order.

this Order shall (i) be written in the English language, (ii) be denominated in lawful currency of the United States, (iii) conform substantially with the specialized Proof of Claim Forms approved by this Court herein, except for holders of Non-Asbestos Claims who may file Official Form 10, and (iv) indicate the Debtor against which the creditor is asserting a claim..." (Bar Date Order at 3).

4. Under the Bar Date Order and court-approved Proof of Claim Forms, Claimants were required to provide basic information and supporting documentation establishing that the respective Debtor owed the debt claimed or, if the documents were too lengthy, a summary of those documents. If the requisite documents were not available, then Claimants were required to attach an explanation of why they were not available. (General Instructions for Completing Proof of Claim Forms for the Bar Date).

5. The Debtors have received thousands of Claims. Many of these Claims contain dispositive, "gateway" substantive deficiencies (collectively, the "Gateway Objections"). By way of example, the Gateway Objections include, but are not limited to, Claims that: (a) contain incomplete Proof of Claim Forms, (b) contain materially deficient supporting information, (c) fail to include any product identification information, (d) are barred by applicable statutes of limitation or repose, (e) are barred by laches, or (f) are barred by prior settlements.

**The Debtors' Request a Protocol for Streamlining Gateway Objections to Claims**

6. Now that the potential Claimants have been given adequate time in which to file their Claims, the Debtors seek an orderly method by which to assert and resolve objections to Claims. The Debtors recognize that there are certain dispositive, substantive objections applicable to large numbers of Claims - some well in excess of the number restrictions set forth

in Local Rule 3007-1. As a result thereof, the Debtors believe the most efficient manner in which to proceed is to allow the Debtors to file omnibus objections against all Claims subject to a particular Gateway Objection. The Debtors reserve the right to assert multiple omnibus objections with respect to separate and distinct Gateway Objections.

7.  The Debtors' suggested protocol is efficient because it allows for the quick disposition of Claims that contain the same foundational and dispositive substantive defect(s). The Debtors will not have to invest time and resources to determine any and all of the additional substantive objections that may apply to the Claims subject to the Gateway Objections, which may not be relevant if the dispositive Gateway Objection is resolved first. Moreover, addressing a Gateway Objection against all applicable Claims in one forum will also preserve the resources of this Court. Indeed, the Court will be spared from issuing multiple, duplicative rulings spread out over months pertaining to the exact, identical legal principles.

8.  With respect to certain Claims, the Debtors' protocol serves a purpose beyond efficiency. Numerous Claims are woefully incomplete, lack product identification, or lack adequate supporting information. Accordingly, the Debtors' are presently *unable to ascertain* all of the substantive objections that may apply to these Claims, as the Debtors are unaware of the nature of these Claims. By first pursuing certain Gateway Objections, the Claims will either be expunged or the Debtors will be provided further information pertaining to the fundamental nature of the respective Claim. Only then will the Debtors be in a reasonable position to determine which, if any, other substantive objections are available to the Debtors.

9.  The Debtors' proposed approach is likely to result in a substantial reduction in the number of Claims. The Debtors will not need to invest the time and resources necessary to

4

ascertain (a) the exact scope of these Claims and (b) all of the substantive objections that may apply. This, in turn, will give the Debtors more time and resources to devote to the orderly disposition of the remaining Claims.

### Necessity of Waiver of Local Rule 3007-1 Regarding Omnibus Claims Objection

10. As this Court is aware, Local Rule 3007-1 does not address situations where a debtor has a common, but "substantive" and dispositive, objection to multiple claims, such as an objection based on, for example, (a) incomplete Proof of Claim Forms, (b) materially deficient supporting information, (c) statute of limitation or repose, (d) laches, or (e) prior settlement. Under these circumstances, it would be in the interest of efficiency and orderly administration of the estates to waive the Local Rule.

11. Local Rule 3007-1 contains certain procedures governing the filing and prosecution of omnibus claims objections. Local Rule 3007-1 contains certain limitations upon the filing and scope of substantive claim objections that would preclude the Debtors from objecting at one time to all Claims subject to a particular Gateway Objection. For instance, the Local Rules provide that the maximum number of claims that can be subject to a substantive claim objection without leave of the Court is 150, and that a debtor may file at most two substantive omnibus claim objections per month. Del.Bankr.LR 3007-1(f)(i), (ii).

12. Moreover, Local Rule 3007-1 requires that a debtor assert all of its substantive objections to a claim at one time. Del.Bankr.LR 3007-1(f)(iii). Therefore, the Debtors could not, under Local Rule 3007-1, file an omnibus objection based on a particular Gateway Objection, such as incomplete information or lack of adequate supporting documentation, and then later file a substantive objection to the same Claim once the Claim has been otherwise

5

resolved or once sufficient documentation has been provided, to enable the Debtors to fully ascertain the nature of the Claim. If the Debtors were forced to comply with Local Rule 3007-1(f)(iii) at this time (when they are uncertain as to the fundamental nature of many of the Claims), the Debtors will likely waive valuable defenses and claims otherwise available.

### Relief Requested and Basis for Relief

13. Pursuant to Del.Bankr.LR 1001-1(c), the Debtors seek a limited waiver of the requirements and restrictions of Local Rule 3007-1 in the following respects:

    a. First, the Debtors seek waiver of the provisions of Local Rule 3007-1 that limit the number of claims that may be subject to a substantive omnibus claims objection to 150. Given the number of Claims against the Debtors, and the high percentage of those Claims to which the Gateway Objections apply, a limit of 150 claims per objection will significantly increase the time required to fully administer these bankruptcy estates, as well as the resulting cost of such administration. There is no reason why the Debtors should be required to file multiple claim objections to address these claims, when the substantive defects are substantially the same.

    b. Second, the Debtors seek a waiver of the provisions of Local Rule 3007-1 that require a debtor to assert all substantive objections to a particular claim in a single omnibus objection. Given the number of Claims asserted against the Debtor, and the threshold importance to any such Claim of the existence of liability by the Debtor, the efficient resolution of the Claims will be greatly enhanced by allowing the Debtors to first pursue the Gateway Objections.

91100-001\DOCS_DE:86043.2

15. For the reasons indicated above, the Debtors believe that the relief requested is in the best interest of the estates, all creditors, and other parties.

## Notice

16. No trustee or examiner has been appointed in these chapter 11 cases. Notice of this Motion has been given to (i) the Office of the United States Trustee, (ii) counsel to the debtor in possession lenders, (iii) counsel to each official committee appointed by the United States Trustee, and (iv) those parties that requested papers under Fed. R. Bankr. P. 2002. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

## No Prior Request

17. No prior request for the relief sought in this Motion has been made to this or any other court.

91100-001\DOCS_DE:86043.2

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form of the proposed order attached hereto, (i) waiving certain requirements and restrictions imposed by Local Rule 3007-1; and (ii) granting such other and further relief as is just and proper.

Dated: December 22, 2003

Respectfully Submitted:

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet S. Baer
James W. Kapp III
Samuel L. Blatnick
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

and

PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.

_____
Laura Davis Jones (#2436)
Scotta McFarland (# 4184)
David W. Carickhoff, Jr. (# 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400

Co-Counsel for the Debtors and Debtors in Possession

91100-001\DOCS_DE:86043.2