# **EXHIBIT C**

Motion Requesting Entry of Scheduling Order

| | | |
|---|---|---|
| CAROL GERARD | * | IN THE |
| Plaintiff, | * | CIRCUIT COURT |
| v. | * | FOR |
| W.R. GRACE & CO.-CONN, et al. | * | BALTIMORE CITY |
| Defendants. | * | MISCELLANEOUS CASE |
| | * | Case No.: 24-X-00-001554 |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION REQUESTING ENTRY OF SCHEDULING ORDER

Plaintiff, Tami A. Broden, Personal Representative of the Estate of Carol Gerard, by her undersigned counsel, files this Motion for Entry of Scheduling Order and states as follows:

1. This case was originally filed by Carol Gerard, a former resident of Libby, Montana. Ms. Gerard contracted mesothelioma as a result of her exposure to asbestos from the mine and milling operation that W.R. Grace ("Grace") formerly operated in Libby, Montana.

2. After the filing of this case, this court entered a Scheduling Order establishing deadlines for various pre-trial matters and setting a date for the trial in this case.

3. On January 2, 2001, Grace and various affiliates and subsidiaries filed Chapter 11 bankruptcy proceedings. On January 22, 2002, the Bankruptcy Court entered a preliminary injunction that purported to stay all actions against any affiliated entities arising from alleged asbestos exposure caused by Grace.

4. On February 4, 2002, Carol Gerard filed a Motion to Clarify the Scope of the Preliminary Injunction or in the Alternative to Modify the Preliminary Injunction with the Bankruptcy Court. In connection with that matter, Ms. Gerard sought the entry of an Order stating that the present case was not stayed by the entry of the preliminary injunction.

5. On June 20, 2002, the Bankruptcy Court denied Ms. Gerard's motion and entered an Order specifically staying the present action. As a result of the entry of the Order by the Bankruptcy Court, this case was stayed and no further activity has taken place in connection with this case.

6. After the Bankruptcy Court entered its Order, Ms. Gerard filed an appeal from the court's ruling. On July 16, 2003, the U.S. District Court for the District of Delaware entered an Order vacating the Bankruptcy Court's Order. A copy of the Order and Memorandum Opinion is attached hereto as Exhibit A.

7. Grace and Maryland Casualty have filed an appeal to the Court of Appeals for the Third Circuit of the Order entered by the United States District Court. However, unless and until the Order of the United States District Court is vacated, Ms. Gerard is free to pursue the present case.

8. As a result, the Plaintiff requests that this court enter a Scheduling Order establishing a new schedule for this case.

WHEREFORE, the Plaintiff requests that this court grant its motion and enter a new Scheduling Order in this case.

/s/ Brian C. Parker
Brian C. Parker
Parker, Dumler & Kiely LLP
36 S. Charles Street
Suite 2200
Charles Center South
Baltimore, Maryland 21201
(410) 625-9330 [O]
(410) 625-9309 [F]

Attorneys for Plaintiff

Of Counsel:

Jon L. Heberling
McGarvey, Heberling, Sullivan & McGarvey, P.C.
745 South Main
Kalispell, Montana 59904-5399
(406) 752-5566 [O]
(406) 752-7124 [F]

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of November, 2003, Plaintiff's Motion Requesting Entry of Scheduling Order was served, via CourtLink, upon all counsel of record.

/s/ *Brian C. Parker*
Brian C. Parker

11/26/03 13:33 FAX 2026598699                                    @019

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE | Chapter 11 |
| | Bankruptcy No. 01-1139 |
| W.R. GRACE & CO., et al., | through 01-1200 |
| Debtors. | |
| | District Court |
| CAROL GERARD, ALFRED PENNOCK, BILLIE SCHULL, et al., | Civil Action No. 02-1549 |
| | O R D E R |
| Defendants-Appellants, | |
| v. | |
| W.R. GRACE & CO., INC., et al., | |
| Plaintiffs-Appellees. | |

For the reasons set forth in the Memorandum Opinion of the Court filed herewith

IT IS this 16th day of July 2003



ALFRED M. WOLIN, U.S.D.J.

# Exhibit A

against Maryland Casualty, it is clear that the debtor's estate will in no way be affected by a remand of the independent claims against Maryland Casualty to the Montana and Maryland State Courts. As was argued by the claimants to the Bankruptcy Judge, and has been reasserted here, there is no substantial burden upon Grace's attorneys or management. This is true for several reasons. Among them are: (1) All documentary evidence is contained in a repository in Boston. There is an existing database of the documents, and the repository searches are regularized without involvement of Grace's current management. (2) Similar issues in cases against Grace itself have been tried five times to verdict in Montana and the substance of the ongoing cases against Grace (which, of course, have been stayed by the pending bankruptcy) is mature in its proofs. Therefore, any revelations in the Maryland Casualty proceedings are unlikely to have any substantive impact upon later claims against Grace. (3) As to the Maryland Casualty liability, there has been substantial discovery with respect to Grace in its extensive litigation, which resulted in the settlement and indemnity agreement. (4) There are no current Grace employee-witnesses to be deposed, except possibly two retired managers who had already been deposed. The burden on Grace is insignificant while the burden of waiting upon the plaintiffs is substantial.

15

11/26/03  13:35 FAX 2028596899                                                             ☒035

11/21/03   11:49   MCGARVEY HEBERLING SULLIVAN MOSA                         NO.032    D18
FROM                                   (TUE) 7.22'03 11:56/ST. 11:25/NO. 4260419356 P 18

Grace asserts that evidence derived in the state actions will be used against it in later proceedings because admissions under oath or otherwise by an agent of a party will stand, irrespective of the actual parties to that litigation, citing Johns-Manville Corp. v. Asbestos Litig. Group (In re Johns-Manville Corp.), 40 B.R. 219, 225 (S.D.N.Y. 1984). As just noted, there are no current employees or agents of Grace with relevant information to this case, and all or nearly all of the evidence is already a matter of record. Former employees are not agents of a corporation, and their statements are not imputed to or considered admissions by such a corporation. See Action Airfreight, Inc. v. Pilot Airfreight Corp., 769 F. Supp. 899, 902-03 (E.D. Pa. 1991) (citing Anderson v. United States, 417 U.S. 211, 218-19 n.6 (1974)); Jenkins v. Walmart, Inc., 956 F. Supp. 695, 697 (W.D. La. 1997).

Another non-sequitur in the Maryland Casualty and Grace argument is that because the dust that caused the claimant's injuries came from Grace's mines, Maryland Casualty's obligations must be derivative of the claims against Grace and therefore subject to an active/passive tortfeasor common-law indemnification. As claimants correctly note, the genesis of a particular carcinogenic or fibrogenic element did not generate indemnification responsibility in Federal-Mogul or in Pacor. The

16

11/28/03  13:35 FAX 2026596699                                                                     ⌀036

11/21/03    11:49    MCGARVEY HEBERLING SULLIVAN MCGA                              NO.032   P19
FROM                                    (TUE) 7.22'03 11:57/ST. 11:25/NO. 4260419356 P 19

fact that the debtors' respective brake pads or asbestos in those cases generated the offending substance did not prevent the courts from permitting independent liability by a third party being the subject of an independent suit.

The Bankruptcy Judge also erred in the basis for assessing the substantive proofs against Maryland Casualty as revealed in the various documents she examined. There was no written opinion, but in oral argument, she responded to the claimants' counsel stating that she saw no independent obligation undertaken by Maryland Casualty to design a dust control system. She also questioned whether the insurer was merely a volunteer rather than a principal, even if there might be such documentation, and then concluded that the insurer acted merely as an agent of the debtor without incurring individual responsibility.

These conclusions, however, were merely opinions concerning whether there might be an eventual basis for independent liability proven against Maryland Casualty. However, the issue before the Bankruptcy Court, and here, is not whether the claimants will or will not be successful in their state court claims. They may or may not prevail; but this is of no moment. If they are successful, they may be paid for their injuries from a source completely independent from the debtor. Such liability is independent from the insurance agreement in that such payment

17

discharges no separate obligation of the debtor to the claimants, nor does it trigger any indemnification of the debtor by Maryland Casualty or of the insurer by Grace. If the claimants are unsuccessful, Grace has no other claims against Maryland Casualty *curious* which would have been prejudiced by the state actions. The Settlement Agreement precludes such actions if based on the insurance policies. As noted at the outset, factual issues determined against Maryland Casualty which might be included in a later resolution of the tort claims against Grace are non-existent. Unless later determined or stipulated, any facts in such subsequent proceedings must be proven without any collateral estoppel effect. In short, while the claimants may or may not benefit from their actions against Maryland Casualty, the Grace estate is unaffected.

## CONCLUSION

For the reasons set forth above, ~~the Order of the Bankruptcy Court denying appellants' motion to modify the injunction of the Asbestos Claimants' from prosecuting claims against Maryland Casualty will be vacated.~~ This matter will be remanded for

18

11/26/03  13:36 FAX 2026598699                                                   ☒038

11/21/03   11:49    MCGARVEY HEBERLING SULLIVAN MCGA               NO.032   D21
FROM                                (TUE) 7.22 03 11:59/ST. 11:29/NO. 4200419330 P 21

further proceedings consistent with this Opinion. An appropriate Order is attached.

Dated: June 16, 2003.

ALFRED M. WODIN
UNITED STATES DISTRICT JUDGE

19