# EXHIBIT D

Amended Complaint

22

☑004

| | | |
|---|---|---|
| TAMI A. BRODEN, PERSONAL REPRESENTATIVE OF THE ESTATE OF CAROL GERARD | * | IN THE |
| | * | CIRCUIT COURT |
| Plaintiff | * | FOR |
| v. | * | BALTIMORE CITY |
| W.R. GRACE & CO.-CONN, et al. | * | MISCELLANEOUS CASE |
| and | * | |
| CNA FINANCIAL CORPORATION CNA Plaza 333 S. Wabash Chicago, Illinois 60685 | * | Case No.: 24-X-00-001554 |
| | * | |
| | * | |
| and | * | |
| CONTINENTAL CASUALTY COMPANY CNA Plaza 333 S. Wabash Chicago, Illinois 60685 | * | |
| | * | |
| and | * | |
| TRANSPORTATION INSURANCE COMPANY CNA Plaza 333 S. Wabash Chicago, Illinois 60685 | * | |
| | * | |
| | * | |
| Defendants | | |

*   *   *   *   *   *   *   *   *   *   *   *   *

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Tami A. Broden, Personal Representative of the Estate of Carol Gerard, by her undersigned attorneys, sues the Defendants, Maryland Casualty Company, CNA Financial Corporation, Continental Casualty Company and Transportation Insurance Company, and in support thereof alleges as follows:

<u>Parties</u>

1.      Plaintiff, Tami A. Broden, Personal Representative of the Estate of Carol Gerard, is the duly appointed personal representative of the estate of Carol Gerard.  Carol Gerard is a former resident of Libby, Montana who subsequently moved to Salt Lake County, Utah.

2.      Defendant, Maryland Casualty Company ("Maryland Casualty"), is a Maryland Corporation with its principal place of business in the State of Maryland.

3.      Continental Casualty Company and Transportation Insurance Company are insurance companies that are owned by CNA Financial Corporation.  CNA Financial Corporation, Continental Casualty Company and Transportation Insurance Company are hereinafter collectively referred to as "CNA".

<u>General Allegations</u>

4.      At all times relevant to this action, Grace owned a mining and milling operation in Lincoln County, Montana that was located near Libby, Montana (the "Grace Mine and Mill").  Grace mined vermiculite at the Grace Mine and Mill.  The vermiculite mined at the Grace Mine and Mill contained tremolite asbestos, a deadly toxin.

5.      Grace's mining and milling operation produced extensive amounts of asbestos containing dust.  Workers at the Grace Mine and Mill were exposed to asbestos dust that, at times, was so thick it prevented workers from seeing the light from a light bulb from even a short distance.  The asbestos dust created by Grace's mining and milling operations traveled by wind and other means and settled on nearby homes, offices and vehicles.

6.      The asbestos dust at the Grace Mine and Mill covered the clothing of employees working at the Grace Mine and Mill.  The employees transported the asbestos dust on their clothing from the Grace Mine and Mill to nearby stores, offices and homes.

7.    The asbestos dust created by Grace's mining and milling operations contained high concentrations of asbestos. As a result, Grace's employees, members of the employees' families and the residents of Libby, Montana who lived near the Grace Mine and Mill were repeatedly exposed to asbestos.

8.    At all times relevant to this case, Grace knew that asbestos from its mining and milling operations posed a significant threat to its workers and others who came in contact with the asbestos dust from the mining and milling operation.

9.    Despite Grace's knowledge of the dangers that the asbestos dust posed to its workers, the workers' families and the residents of Libby, Montana, Grace failed to take reasonable measures to prevent those individuals from being exposed to asbestos dust.

10.    At all times relevant to this Complaint, Maryland Casualty and CNA were the workmen's compensation insurance carriers for Grace. As the workmen's compensation insurance carriers for Grace, Maryland Casualty and CNA were aware that the Grace Mine and Mill posed a threat to individuals who came in contact with the asbestos dust from the Grace Mine and Mill.

11.    As early as 1964, Maryland Casualty expressed concern about the "dust problem" at the Grace Mine and Mill and advised Grace that Maryland Casualty was "formulating a program for control and prevention in relation to the dust problem." Thereafter, both Grace and Maryland Casualty continued to receive information demonstrating that Grace's mining and milling operations caused significant exposure to asbestos dust.

12.    Despite Maryland Casualty's promise and undertaking to do so, Maryland Casualty never formulated a proper dust control program and never took necessary steps to prevent individuals from being exposed to the asbestos dust caused by the Grace Mine and Mill. Instead, Maryland Casualty joined and supported Grace's efforts to prevent employees and other individuals from

learning the true dangers posed by exposure to the asbestos dust. Maryland Casualty further joined, supported, encouraged and facilitated Grace's refusal to take responsible steps to prevent its workers and others from being exposed to the asbestos dust.

13.     When CNA became the workmen's compensation insurance carrier for Grace, CNA was aware of the dangers of asbestos exposure and was specifically aware that many of Grace's workers had died from asbestos-related diseases. CNA agreed to provide industrial hygiene services to Grace for the benefit of Grace's employees and their families. Despite CNA's promise to provide those services, CNA never formulated a proper industrial hygiene or dust control program and never took the necessary steps to prevent individuals from being exposed to the asbestos dust caused by the Grace Mine and Mill. Instead, CNA joined and supported Grace's continued efforts to prevent employees and other individuals from learning about the true dangers posed by their exposure to the asbestos dust. CNA further joined, supported, encouraged and facilitated Grace's refusal to take responsible steps to prevent Grace's workers and others from being exposed to the asbestos dust.

14.     Grace also sold its asbestos product, known as zonolite or vermiculite, for use as insulation in houses and for use in gardens. Individuals who used Grace's product had further exposure to asbestos dust.

15.     Carol Gerard resided in Libby, Montana from 1969 until 1984. Grace's mining and milling operation exposed Gerard to asbestos dust.

16.     For approximately three years during the early to mid 1970's, Gerard worked at the dental office of Drs. Johnson and Eichman located on Highway 37 approximately five miles south of the Grace Mine and Mill. Almost every day after work Gerard had to sweep dust from the Grace Mine and Mill off of her car. Moreover, many patients who went to the dental office were workers at the Grace Mine and Mill, who brought in dust on their clothing.

17.     For approximately nine years during the mid 1970's to about 1984, Gerard worked at the chiropractic office of Dr. Combs in Libby, Montana. During that period, many patients who went to the chiropractic office were workers at the Grace Mine and Mill, who brought in dust on their clothing. Nearly every day Carol Gerard vacuumed the office due to the dust.

18.     As a direct and proximate result of her exposure to Grace's asbestos products and asbestos dust, Carol Gerard developed peritoneal mesothelioma and suffered pain, agony and emotional distress. In addition, Carol Gerard lost her capacity to work, suffered economic losses, including medical bills and expenses, and eventually died. After Carol Gerard died, Tami A. Broden was appointed personal representative of Carol Gerard's estate.

19.     The conduct of Maryland Casualty and CNA was fraudulent and malicious and done with wanton reckless disregard for the rights, health and safety of individuals such as Carol Gerard, such that punitive damages should be assessed against them. In particular, Maryland Casualty knew as early as 1970 that many of Grace's workers had died of asbestos-related diseases and that dust from the Grace Mill and Mine was causing the residents of Libby, Montana to be exposed to unsafe levels of asbestos dust.

20.     Despite that knowledge, Maryland Casualty and CNA not only failed to take action to eliminate the danger, they consciously and intentionally suppressed information regarding those dangers so that the Libby mine could continue to operate and so that Maryland Casualty and CNA could continue to earn insurance premiums.

## COUNT I
## (NEGLIGENCE)

Plaintiff sues Maryland Casualty and CNA for negligence and in support states as follows:

21.   Plaintiff adopts and incorporates by reference all relevant allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

22.   Maryland Casualty and CNA undertook to address the asbestos dust problem at the Grace Mine and Mill, to assist and advise Grace regarding the dangers caused by the asbestos dust and to develop a program to minimize the exposure of employees to the dust.

23.   Maryland Casualty and CNA knew or, in the exercise of reasonable care, should have known that persons such as Carol Gerard would come into contact with and be exposed to the asbestos dust created by the Grace Mine and Mill. In addition Maryland Casualty and CNA knew or, in the exercise of ordinary care should have known, that such contact and exposure would be unhealthy and life threatening.

24.   Maryland Casualty and CNA negligently, recklessly and with gross indifference for the rights of persons in the position of Carol Gerard omitted and failed, among other things:                    •

(a)    to advise such persons of the dangerous characteristics of the asbestos dust;

(b)    to provide such persons with information regarding safeguards which they could have employed to protect themselves from the dangers of exposure to the asbestos dust;

(c)    to provide adequate warnings, regarding the dangers of exposure to asbestos fibers and dust;

(d)    to ensure that Grace operated the Grace Mine & Mill in a manner which would have lessened or eliminated the exposure of employees to and thereby of third-parties to asbestos fibers;

(e)    to provide a safe work place for the employees who worked at the Grace Mine and Mill and ensure the safety of the employees' families and of third-parties who came in

☑010

contact with such employees and to prevent their exposure to asbestos dust from the

Grace Mine and Mill;

(f)     to take reasonable steps to prevent exposure to asbestos dust to employees and third-

parties by providing, among other necessities, adequate change rooms, showers and

locker facilities, a laundry or effective system for cleaning the workers' clothes;

(g)     to control the asbestos dust on Grace's premises;

(h)     to exercise reasonable care in the operation of the Grace Mine and Mill; and

(i)     to ensure that any asbestos dust remained at the Grace Mine and Mill facility and was

not spread to the homes, automobiles and other personal property of individuals such

as Carol Gerard, who were likely to come in contact with the asbestos dust.

25.     Carol Gerard was exposed to asbestos dust and fibers from Grace's asbestos products

while she was living and working in Libby, Montana.   As a direct and proximate result of the

exposure, Carol Gerard developed mesothelioma and suffered the injuries described above.

WHEREFORE, Plaintiff requests judgment against the Defendants in the amount of Fifty

Million Dollars ($50,000,000.00) compensatory damages and Fifty Million Dollars ($50,000,000.00)

punitive damages.

## COUNT II
## (AIDING AND ABETTING)

Plaintiff sues Maryland Casualty and CNA for aider and abetter liability and states as follows:

26.     Plaintiff adopts and incorporates by reference all relevant allegations contained in the

preceding paragraphs of this Complaint as if fully set forth herein.

27.    Maryland Casualty and CNA encouraged, advised, aided, supported, assisted and abetted Grace whose asbestos products and asbestos dust were substantial contributing factors to the development of Carol Gerard's mesothelioma.

28.    Maryland Casualty and CNA encouraged, advised, aided, supported, assisted and abetted Grace in various actions or omissions, including the following:  (a) the concealment, alteration, manipulation and suppression of knowledge and information about the dangers and health hazards of asbestos; (b) the publication of misleading, fraudulent and incorrect statements about the lack of any connection between asbestos exposure and various diseases; (c) the decisions made by Grace not to test, study, research or investigate the dangers and health hazards of its mining activities and asbestos containing products; or (d) the decisions made by Grace in deciding not to publicize, disclose, make public or otherwise warn about the dangers and health hazards of asbestos containing products; (e) efforts to prevent the State of Montana and various agencies of the State of Montana from taking steps to investigate and research the dangers of the asbestos dust at the Grace Mine and Mill; and (f) the decision made by Grace not to implement adequate procedures, controls and corrective measures to prevent exposure to asbestos dust from the Grace Mine and Mill.

29.    As a direct result of the actions of Maryland Casualty and CNA, Carol Gerard was exposed to asbestos dust and fibers from Grace's asbestos products while she was living and working in Libby, Montana.  As a direct and proximate result of the exposure, Carol Gerard developed mesothelioma and suffered the injuries described above.

30.    Maryland Casualty and CNA, having aided, assisted, encouraged and abetted Grace as set forth in the immediately preceding paragraphs, are liable as if Maryland Casualty and CNA were the principal or direct perpetrator of the harm and injuries to Carol Gerard.

WHEREFORE, Plaintiff requests judgment against the Defendants in the amount of Fifty

Million Dollars ($50,000,000.00) compensatory damages and Fifty Million Dollars ($50,000,000.00)

punitive damages.

## COUNT III
## (CIVIL CONSPIRACY)

Plaintiff sues Maryland Casualty and CNA for civil conspiracy and states as follows: .

31.     Plaintiff adopts and incorporates by reference all relevant allegations contained in the

preceding paragraphs of this Complaint as if fully set forth herein.

32.     Maryland Casualty and CNA implicitly and/or explicitly agreed and conspired with

Grace to: (a) conceal, alter, manipulate and suppress knowledge and information about the dangers

and health hazards of asbestos; (b) publish misleading, fraudulent and incorrect statements about the

lack of any connection between asbestos exposure and various diseases; (c) not to test, study,

research or investigate the dangers and health hazards of its mining activities and asbestos containing

products; or (d) not to publicize, disclose, make public or otherwise warn about the dangers and

health hazards of asbestos containing products; (e) prevent the State of Montana and various agencies

of the State of Montana from taking steps to investigate and research the dangers of the asbestos dust

at the Grace Mine and Mill; and (f) not to implement adequate procedures, controls and corrective

measures to prevent exposure to asbestos dust from the Grace Mine and Mill.

33.     In furtherance of their implicit and/or explicit agreement, Maryland Casualty and CNA

acted in concert with Grace and for their mutual benefit as described above.

34.     As a direct result of the actions of Maryland Casualty and CNA in furtherance of their

conspiracy, Carol Gerard was exposed to asbestos dust and fibers from Grace's asbestos products

while she was living and working in Libby, Montana. As a direct and proximate result of the exposure, Carol Gerard developed mesothelioma and suffered the injuries described above.

35.    Maryland Casualty and CNA, having conspired with Grace as set forth in the preceding paragraphs, are liable as a principal and direct perpetrator of the harm and injuries to Carol Gerard.

WHEREFORE, Plaintiff requests judgment against the Defendants in the amount of Fifty Million Dollars ($50,000,000.00) compensatory damages and Fifty Million Dollars ($50,000,000.00) punitive damages.

## COUNT IV
## (WRONGFUL DEATH)

Plaintiff sues Maryland Casualty and CNA for civil conspiracy and states as follows:

36.    Plaintiff adopts and incorporates by reference all relevant allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

37.    As a direct and proximate result of the wrongful conduct of Maryland Casualty and CNA, Carol Gerard was exposed to asbestos from the Grace Mine and Mill. As a result of Carol Gerard's exposure to asbestos, she developed mesothelioma and died from that disease.

38.    Plaintiff, as personal representative of the estate of Carol Gerard, has the right and authority to pursue a claim for Carol Gerard's wrongful death.

WHEREFORE, Plaintiff requests judgment against the Defendants in the amount of Fifty Million Dollars ($50,000,000.00) compensatory damages and Fifty Million Dollars ($50,000,000.00) punitive damages.

11/26/03   13:32 FAX 2026596699                                                    ☑014

*/s/ Shepard A. Hoffman*
Shepard A. Hoffman
Law Offices of Shepard A. Hoffman
36 South Charles Street
Suite 2200
Baltimore, MD 21201
(410) 539-8404 [O]
(410) 539-8407 [F]


*/s/ Brian C. Parker*
Brian C. Parker
Parker, Dumler & Kiely LLP
36 South Charles Street
Suite 2200
Baltimore, MD 21201
(410) 625-9330 [O]
(410) 625-9309 [F]

Attorneys for Plaintiff

Of Counsel:

Jon L. Heberling
McGarvey, Heberling, Sullivan & McGarvey, P.C.
745 South Main
Kalispell, Montana 59904-5399
(406) 752-5566 [O]
(406) 752-7124 [F]

## DEMAND FOR JURY TRIAL

Plaintiff elects and prays to have this case tried by a jury.


*/s/ Shepard A. Hoffman*
Shepard A. Hoffman
Law Offices of Shepard A. Hoffman
36 South Charles Street
Suite 2200
Baltimore, MD 21201
(410) 539-8404 [O]
(410) 539-8407 [F]

/s/ Brian C. Parker
Brian C. Parker
Parker, Dumler & Kiely LLP
36 South Charles Street
Suite 2200
Baltimore, MD 21201
(410) 625-9330 [O]
(410) 625-9309 [F]

Attorneys for Plaintiff

Of Counsel:

Jon L. Heberling
McGarvey, Heberling, Sullivan & McGarvey, P.C.
745 South Main
Kalispell, Montana 59904-5399
(406) 752-5566 [O]
(406) 752-7124 [F]

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this ___ day of November, 2003, the foregoing Amended

Complaint was served, via CourtLink, upon all counsel of record.

/s/ Brian C. Parker
Brian C. Parker