# **EXHIBIT E**

August 25, 2003 Omnibus Hearing Transcript

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

IN RE:                              .    Case No. 01-01139
                                    .
                                    .
W.R. GRACE,                         .
                                    .    5414 USX Tower Building
                                    .    Pittsburgh, PA 15222
          Debtor.                   .
                                    .
                                    .
                                    .    August 25, 2003
 - - - - - - - - - - - - - - - - -  .    12:02 p.m.

TRANSCRIPT OF TELEPHONE CONFERENCE
BEFORE HONORABLE JUDITH K. FITZGERALD
UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

For the Debtor:             Kirkland & Ellis
                            By:  JANET BAER, ESQ.
                                 CHRISTIAN LANE, ESQ.
                            200 East Randolph Drive
                            Chicago, Illinois 60601

For Costa & Thornburg:      PETER CHAPMAN, ESQ.
                            24 Perdicaris Place
                            Trenton, NJ 08618

For Unsecured Creditors:    Stroock & Stroock & Lavan LLP
                            By:  LEWIS KRUGER, ESQ.
                            180 Maiden Lane
                            New York, New York 10038


Audio Operator:             Janet Kozloski

Proceedings recorded by electronic sound recording, transcript
         produced by transcription service.

---

**J&J COURT TRANSCRIBERS, INC.**
268 Evergreen Avenue
Hamilton, New Jersey 08619
E-Mail: jjcourt@optonline.net

(609) 586-2311    Fax No. (609) 587-3599

2

APPEARANCES (Cont'd)

| | |
|---|---|
| For Personal Injury<br>Claimants Committee: | Caplin & Drysdale, Chartered<br>By: PETER LOCKWOOD, ESQ.<br>One Thomas Circle, NW<br>Washington, DC 20055 |
| For Asbestos Claimants: | Campbell & Levine<br>By:  MARLA ESKIN, ESQ.<br>     CHRISTIAN LANE, ESQ.<br>800 King Street, Ste. 300<br>Wilmington, Delaware 19801 |
| For Maryland Casualty: | Connolly, Bove, Lodge & Hutz LLP<br>By:  JEFFREY WISLER, ESQ.<br>1220 Market Street, 10th Floor<br>Wilmington, Delaware 19899 |
| For Libby Mine Claimants: | Klehr, Harrison, Harvey Branzburg<br>& Ellers<br>By:  STEVEN KORTANEK, ESQ.<br>919 Market Street, Ste 1000<br>Wilmington, Delaware 19801 |
| For Libby Mine Claimants: | Cohn, Khoury, Madoff & Whitesell,<br>LLP<br>By:  DANIEL COHN, ESQ.<br>101 Arch Street<br>Boston, Massachusetts 02110 |
| For Asbestos Property<br>Damage claimants: | DAVID ZICLE, ESQ. |
| For the Petitioners: | SHELDON RITTY, ESQ. |

- - -

3

1    THE COURT: Good afternoon. This is the matter of
2 W.R. Grace, Bankruptcy Number 01-1139 pending in the District
3 of Delaware.
4    I understand I'm to get a sign-in sheet that's going
5 to be faxed here. That may make the most sense. For purposes
6 of this transcript, when you speak would you please just
7 identify yourselves, I think that may be the easiest thing to
8 do today.
9    I have entered orders on Number 4C, which was the
10 Debtor's Motion to File a Reply Brief. And I also entered an
11 order on the Certification of Counsel on Item Number 6. I
12 understand that Items 1 and 2 have been continued and
13 apparently I got revised orders on 7 and 8, which are here in
14 court. Let me take a look, I haven't seen these yet. I will
15 look at 7 right now. All right, 7, I don't see a problem with,
16 so Rachel, have you been presented with copies of these revised
17 orders there too?
18    MS. BELLO: I think it's cc'd on the e-mail, Your
19 Honor.
20    THE COURT: Okay. Then what's easier for you, do you
21 want me to sign this and have it -- 7, has a huge attachment to
22 it, I don't want to have to try to docket this whole thing from
23 here.
24    MS. BELLO: Okay, I can do that.
25    THE COURT: All right. Why don't you stamp the one

4

1  that was filed on 7 and also the one filed on 8.
2           MS. BELLO:  Okay.
3           THE COURT:  They're both fine.  So let me make a note
4  here.  Okay, I'll get those docketed in Delaware.  So I believe
5  then that leaves me with hearings on 3, 4 and 5.
6           MS. BELLO:  Your Honor, in addition to that, on
7  behalf of the debtor, you had also asked for a status on the
8  Gerard matter that was moved on to Judge Wolin?
9           THE COURT:  Yes, I did.
10          MR. CHAPMAN:  Your Honor, this is Peter Chapman,
11 representing Costa and Thornburg on Number 6, there was a
12 follow-up to that regarding W.R. Grace, whereas the first order
13 was principally about Baker & Taylor, Inc.
14          THE COURT:  I received a C.O.C.  I stamped that
15 order.  If there's been a follow-up order, I haven't received
16 it.
17          MR. CHAPMAN:  There hasn't been an order, but you had
18 asked them to follow-up with the criminal folk and we can talk
19 about that when we need to get a final determination as to W.R.
20 Grace, the stay on W.R. Grace and the agreements that have been
21 reached.  We need to get you an order probably to the
22 agreements that have been reached or will be reached today with
23 respect to W.R. Grace.
24          THE COURT:  Okay, yes.  I'm not aware of what's going
25 on there, so why don't we just -- I'll just add that to the

5

1 agenda and perhaps you can give me a status report when we get
2 there then.
3     MR. CHAPMAN: Okay, thank you.
4     THE COURT: Thank you.
5     Okay, who is present for the debtor?
6     MS. BAER: Your Honor, Janet Baer, on behalf of the
7 debtor, also in the courtroom is Chris Lane.
8     THE COURT: I'm sorry, we can't -- it's very
9 difficult to understand what you're saying.
10     MS. BAER: Your Honor, I'll speak directly into the
11 microphone as loudly as I can.
12     THE COURT: That's better.
13     MS. BAER: Janet Baer, on behalf of the debtor, also
14 present for the debtor are Christian Lane and Paula Galbraith.
15     THE COURT: All right, thank you.
16     Where do you want to start?
17     MS. BAER: Your Honor, I believe that, as discussed
18 with your clerk, we were going to start with the status on the
19 Gerard matter, and if that's where you'd like us to start, we'd
20 be happy to do so.
21     THE COURT: That's fine, go ahead.
22     MS. BAER: Your Honor, as you may recall, this is a
23 situation where you entered an order denying the plaintiff's
24 motion to modify the preliminary injunction. On July 16th,
25 Judge Wolin entered an order vacating and remanding that

1  matter, both Maryland Casualty Company and W.R. Grace has filed
2  notices of appeal of Judge Wolin's order. Under those
3  circumstances, Your Honor, I think the status quo should be
4  maintained and there's nothing further for this Court to do
5  unless the Gerard parties decide to move further in this court
6  for other relief.
7          THE COURT: Is anybody there representing the
8  Gerards?
9          MS. BAER: Yes, Your Honor, they are.
10         THE COURT: Okay, may I hear from them, please?
11         MR. KORTANEK: Your Honor, this is Steve Kortanek
12 with Klehr Harrison, we're Delaware counsel for the claimants,
13 and with me today is Dan Cohn, who is lead litigation counsel,
14 I'd like to move his admission for purposes of this hearing.
15         THE COURT: Have you filed a motion?
16         MR. KORTANEK: Your Honor, we'll check, Your Honor,
17 there are other lawyers working on the matter, if not, we will
18 certainly file one.
19         THE COURT: All right. Who is Mr. Cohn, and where is
20 he admitted?
21         MR. KORTANEK: Mr. Cohn is admitted in Boston, as
22 well as other jurisdictions, Your Honor, excuse me,
23 Massachusetts as well as other jurisdictions.
24         THE COURT: All right. He's admitted for today, but
25 it has to be followed up with a motion pro hac, please.

1    MR. COHN: Good morning, Your Honor, this is Dan
2 Cohn, my firm is Cohn, Khoury, Madoff & Whitesell. We are not
3 strictly speaking litigation counsel, we are handling the
4 bankruptcy aspects of the case for the Libby Mine claimants.
5 Our view is somewhat different from that of the debtor. The
6 injunction has now been vacated so far as we are concerned, and
7 we intend to go forward with the litigation.
8    THE COURT: Well, okay. I mean, at this point I'm
9 not exactly sure what I'm supposed to do. That's the reason I
10 set this status conference up. Obviously, I don't have
11 jurisdiction to do anything while the matter is on appeal. So
12 if you're going forward somewhere else, I guess you take your
13 chances there. But before me, what can I do if the matter is
14 on appeal?
15    MR. COHN: We're not asking you to do anything and I
16 agree with your assessment that this Court could not have
17 jurisdiction while the case is on its way to the 3rd Circuit.
18    THE COURT: Okay. Then I'll simply ask the debtor to
19 monitor this, and if at any point in time it is ripe for me to
20 do something to put it back on my agenda because I don't know
21 how I'm going to track it with two appeals filed of an order
22 that is not going to be treated by the Circuit as though it's
23 coming from me case they'll look at it as Judge Wolin's order.
24 So when something happens by the Circuit, then the debtor is to
25 put this back on the agenda for a status report.

8

1      Okay, anything else on that one?

2      MR. WISLER: Yes, Your Honor, Jeff Wisler, on behalf
3 of Maryland Casualty Company. Your Honor may choose to act on
4 this or not, but I want to make our position clear while Gerard
5 counsel is here. They filed a motion to clarify or modify an
6 injunction that was over a year old at the point that they
7 filed their motion. That injunction still exists and that
8 injunction expressly, in two ways, prohibits any litigation
9 against Maryland Casualty Company relating to asbestos
10 exposure. I don't think they would deny that that injunction
11 still exists. They won't deny that their suit relates to
12 asbestos exposure. They can't deny that Judge Wolin did not
13 reverse Your Honor's decision, he only vacated the decision and
14 that decision was on the order on their motion to clarify.
15 Judge Wolin, did not in any way accept or rule upon the
16 injunction that's still stands with an order of this Court.
17 So unless Gerard and the co-movants in the original motion are
18 planning to do something with Your Honor's original injunction,
19 there is nothing more to be done, the injunction stands and
20 their motion to clarify is still on appeal to the 3rd Circuit.

21     THE COURT: Well, I didn't understand that Judge
22 Wolin set the injunction aside, but I'm not sure what any Court
23 is going to do while it's on appeal anyway.

24     MR. WISLER: And Your Honor, he did not set the
25 injunction aside. He specifically vacated the order on a

J&J COURT TRANSCRIBERS, INC.

9

1  motion to clarify to remand it for further proceedings. While
2  it's on appeal, I don't know that there's anything more that
3  Your Honor is going to do, but there is no part in that, in
4  Judge Wolin's order that can be deemed a reversal or a vacation
5  of the actual injunction.
6        THE COURT: Okay, Mr. Cohn?
7        MR. COHN: Your Honor, with all due respect to my
8  colleague, the Libby Mine claimants disagree with that
9  interpretation. It appears to us that he vacated the
10 injunction as it relates to the Libby Mine claimants. I would
11 not assert that there is anything more to take from that.
12 Certainly the injunction that was entered by this Court still
13 stands as to everybody else as to whom it was entered.
14       THE COURT: Well, okay. As I said, I guess it's an
15 academic discussion because I don't see where anybody is going
16 to do anything while the issue is still on appeal. So at least
17 before me, all I'm doing today is I'm ordering the debtor when
18 the 3rd Circuit does something, to put this back on the agenda
19 for a status conference so I can find out whether I do or don't
20 have to do something to comply with Judge Wolin's remand.
21       Okay, anything more on this one today?
22       MR. COHN: Well, Your Honor, if I may, this is Dan
23 Cohn again, while we do not intend to do anything in the
24 adversary proceeding that is pending in your court, I did want
25 to leave the record clear that it is our intention to, or the

10

1  intention of my co-counsel who is handling the trial aspect of
2  this, to now seek a trial in the trial courts where this
3  litigation is pending.
4          THE COURT: Well, I don't know how the state is going
5  to have any better jurisdiction over it than the bankruptcy
6  court does while the order is on appeal, but you know, that's
7  up to you folks to decide what to do.
8          MR. COHN: We understand, Your Honor.
9          MR. WISLER: Your Honor, this is Jeff Wisler again, I
10 am not asking Your Honor to rule, but Your Honor has an
11 injunction in place and the order of the District Court Judge
12 Wolin says that the orders of the Bankruptcy Court dated June
13 20, 2002, is hereby vacated. Nothing in the order references
14 the earlier preliminary injunction that still exists. So if
15 the plaintiff decided to move forward in the state court
16 litigation, they will be knowingly violating the injunction
17 that expressly protects Maryland Casualty.
18         THE COURT: Well, if that's the parties' view, I'm
19 sure since I'm the one who entered the injunction, I'll be
20 hearing from you on motions for contempt or whatever, but
21 there's nothing before me today, so please, let's move onto
22 something that is on the agenda today. I can't do anything
23 with respect to the remand at this point in time because the
24 issue is on appeal. If somebody violates an injunction in
25 somebody else's view as an allegation, I'm sure I'll hear from

1  you and I'll deal with it then.
2          Okay, next, Ms. Baer?
3          MS. BAER: Thank you, Your Honor. The next matter on
4  your call, Number 3, is the motion of the debtors for entry of
5  an order approving the execution and performance under an
6  administrative order with the EPA. Your Honor, no objections
7  have been filed to this motion. There are more inquiries by
8  the unsecured creditors committee. Information was provided
9  and based on the unsecured creditor's committee's inquiries,
10 the EPA has agreed to solely modify the administrative order
11 that Grace intends to sign here to make it very clear that if
12 there are any stipulated penalties to be paid that Grace has
13 not performed, those penalties will be the subject of this
14 Court's jurisdiction. With that one change in the
15 administrative order, the unsecured creditor's committee has no
16 objection, no objections were filed by anybody else and we
17 would ask for an entry of an order permitting the debtor to
18 enter into the administrative order with the EPA to do this
19 rather small amount of cleanup on debtor owned property in the
20 Libby Montana area.
21         THE COURT: Okay, does anybody want to be heard on
22 that issue?
23         Submit that order on a certification of counsel,
24 please, and I will sign it when I get it.
25         MS. BAER: Thank you, Your Honor.

                                                                12

1           Your Honor, actually the order is already in the
2   binder, if you would at this point like to pull it out and sign
3   it right now.
4           THE COURT: All right, just a second.
5           MS. BAER: It's Tab 3A.
6           THE COURT: All right, Rachel, please stamp the
7   order, please, 4087.
8           MS. BAER: Your Honor, Rachel left the courtroom.
9           THE COURT: Oh, she has. Okay. I'll sign this one,
10  I guess we can docketed it from here.
11          (Interruption in telephone conference)
12          THE COURT: I'm sorry, you're going to have to call
13  back. I really can't deal with this kind of music and the
14  other noise that's going on. If somebody puts us on hold, I
15  don't know why they bother calling in to a call in and then put
16  someone on hold. Is that music finished now?
17          All right, Ms. Baer, I've signed the order that's
18  attached as Number 3A in the binder.
19          MS. BAER: Thank you very much, Your Honor.
20          Your Honor, the next matter on the agenda, Item
21  Number 4, is the debtor's fifth motion for extension of the
22  exclusivity period. The debtors are requesting another six
23  months extension in the exclusivity period, Your Honor. While
24  we recognize that this case has been going on for a couple of
25  years and we have had exclusivity, we have made a tremendous

13

1  amount of progress in this case. It's a complicated case,
2  there's a lot of factors that not all asbestos cases have. But
3  we simply want to remind the Court that we have obtained a bar
4  date for non-asbestos, for property damage, for medical
5  monitoring, and have obtained an order that includes a very
6  significant EPA claim. We are now progressing with claimant's
7  objections. We received 15,000 claims as a result of the bar
8  date. We today, have before the Court, 1500 objections. We
9  are progressing with that and will continue to do so.
10 Secondly, Your Honor, we have an interesting challenge in this
11 case of the Zonalitae attic insulation. From day one, the
12 debtor has pushed to put in a procedure so that we can find
13 out what this claim is and whether it has merit. Your Honor
14 very accommodatingly came up with a great procedure to move the
15 matter forward, it has been fully briefed, it is set for
16 argument in mid-September, it's our understanding that if a
17 complete summary judgment is not entered, we will shortly
18 proceed to trial, and hopefully very soon, we will have
19 clarification as to the Zonalitae claim and what the client
20 says about Zonalitae. Then the huge question mark and factor
21 that is not just convenient to have decided by the Court but
22 really vital to decide how to proceed with the plan and how, if
23 you will, decide it's appropriately divided up when on one side
24 people believe the claims were zero and on the other side
25 people who believe, mainly the Zonalitae claimants believe that