IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re:<br><br>USG CORPORATION, a Delaware Corporation, *et al.*,<br><br>    Debtors. | Chapter 11<br><br>Case Nos. 01-2094 through<br>01-2104<br><br>Jointly Administered |
| In Re:<br><br>OWENS CORNING, a Delaware Corporation, *et al.*,<br><br>    Debtors. | Chapter 11<br><br>Case Nos. 00-3837 through<br>00-3854<br><br>Jointly Administered |
| In Re:<br><br>W.R. GRACE & COMPANY, a Delaware Corporation, *et al.*,<br><br>    Debtors. | Chapter 11<br><br>Case Nos. 01-1139 through<br>01-1200<br><br>Jointly Administered |

## NOTICE OF DEPOSITION

Please take notice that USG Corporation will take the deposition upon oral examination of Elizabeth W. Magner, Esq., 1100 Poydras Street, Suite 1806, Energy Centre, New Orleans, Louisiana 70163-1806. The deposition will begin at 9:30 a.m. on January 9, 2004, at the

Renaissance Pere Marquette, 817 Common Street, New Orleans, Louisiana 70112. The deposition will be videotaped and recorded by a certified stenographic reporter.

Dated: December 22, 2003

_____
Jeffrey M. Gutkin
COOLEY GODWARD LLP
One Maritime Plaza, 20th Floor
San Francisco, CA 94111

AO 88 (Rev. 11/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

__EASTERN__ DISTRICT OF __LOUISIANA__

In re USG Corporation, et al.,
In re Owens Corning, et al., and
In re W.R. Grace Co., et al.

SUBPOENA IN A CIVIL CASE

v.

Case Number:[1] Chapter 11
01-02094; 00-03837;
01-01139 (Bankr.D.Del.)

TO: Elizabeth W. Magner, Esq.
1100 Poydras Street, Suite 1806, Energy Centre
New Orleans, LA 70163-1806

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Renaissance Pere Marquette<br>817 Common Street, New Orleans, LA 70112 | January 9, 2004<br>9:30 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

PLEASE SEE ATTACHED EXHIBIT A.

| PLACE | DATE AND TIME |
|---|---|
| Cooley Godward LLP, Five Palo Alto Square,<br>3000 El Camino Real, Palo Alto, CA 94306-2155<br>Attention: Jim Maroulis | January 2, 2004<br>9:30 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6)

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature]    Attorney for USG Corp. | December 22, 2003 |

ISSUING OFFICER'S NAME, ADDRESS AND TELEPHONE NUMBER
Daniel J. DeFranceschi, Richards, Layton & Finger, P.A., One Rodney Square,
P. O. Box 551, Wilmington, Delaware 19899; Ph: (302) 651-7700

(See Rule 45 Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number

AO 88

## Exhibit A

### Definitions

1. "You" or "Your" mean the entity or person that is the subject of the attached subpoena, and any past or present officers, directors, partners, employees, parent or predecessor corporations, attorneys, consultants or agents of that entity or person.

2. "Five Asbestos Cases" means the following cases pending in the United States Bankruptcy Court for the District of Delaware: *In re Armstrong World Industries, Inc., et al.*, Nos. 00-4469, *et al.*; *In re W.R. Grace & Co., et al.*, Nos. 01-1139, *et al.*; *In re Federal-Mogul Global, Inc., T&N Limited, et al.*, Nos. 01-10578, *et al.*; *In re USG Corp., et al.*, Nos. 01-2094, *et al.*; and *In re Owens Corning, et al.*, No 00-3837, *et al.*

3. "Judge Wolin" means the Honorable Alfred M. Wolin, U.S. District Judge for the District of New Jersey, and anyone working on his behalf, including, without limitation, law clerks, courtroom deputies, secretaries, interns, and other members of his staff.

4. "Advisor" means any of the following: C. Judson Hamlin, David R. Gross, William A. Dreier, Francis E. McGovern, or John E. Keefe, or anyone working on their behalf.

5. "Party" means any past or present officers, directors, partners, employees, parent or predecessor corporations, attorneys, consultants or agents of any interested party in any of the Five Asbestos Cases or of any committee in any of the Five Asbestos Cases.

6. "Non-Party" means any person or entity that does not meet the definition for a Party, an Advisor, or Judge Wolin.

7. "Document" means any document as defined by Federal Rule of Civil Procedure 34. A Document may be any written, printed, typed, recorded, magnetic, punched, copied, graphic or other tangible thing in, upon, or from which information may be embodied, translated, conveyed, or stored (including, without limitation, correspondence, memoranda, notes, records, books, papers, telegrams, telexes, facsimile transmissions, dictation or other audio tapes, video tapes, computer tapes, computer discs, computer printouts, electronic mail, microfilm, microfiche, worksheets, diaries, calendars, photographs, charts, drawings, sketches and all other writings or drafts thereof).

8. "Communications" means any transmission of information from one person or entity to another, including, without limitation, by personal meeting, telephone, letter, facsimile, electronic mail, teleconference, radio, telegraph, etc.

9. The use of the singular form of any word includes the plural and vice versa.

10. "Any" and "all" will also be read to include "each" and "every."

11. "Or" will be read either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

## Instructions

1. Unless otherwise specified, the subpoena calls for documents created on or after April 1, 2001.

2. In responding to this subpoena, you are directed to furnish all responsive documents available at the time of production, and to supplement your responses whenever

necessary, in accordance with the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure.

3. The documents produced shall be organized and labeled so as to correspond with the categories of this request, as set forth in the numbered paragraphs below, or shall be produced as they are kept in the ordinary course of business.

4. If any documents requested are claimed to be privileged, please list the following for each document so claimed:

   (a) A description of the nature and contents of the document claimed to be privileged;

   (b) The name, job title, and capacity of the person from whom the supposedly privileged document emanated and to whom the supposedly privileged document was sent, including any cc:'s;

   (c) The date the document bears or was created, or both; and

   (d) The nature of the privilege claimed.

5. When a claim is made that a portion of a document is protected from disclosure by a privilege, any non-privileged portions of the document shall be produced.

6. If any document requested herein at one time existed but has been lost, misplaced, or destroyed, please so state, and specify in detail for each document the type of document, the date the document was prepared, the identity of the person who prepared the document, the content and information contained therein, the date on which the document was lost, misplaced, or destroyed, the identity of all persons having knowledge or who

666559 v1/PA
#@BJ01! DOC

had knowledge of the contents of the document, and the identity of all persons having knowledge of the circumstances under which it was lost, misplaced, or destroyed.

## Requests For Production

1. All Documents that constitute, reflect, or refer to Communications between You and Judge Wolin. Any pleadings served on all Parties in the applicable case may be excluded.

2. All Documents that reflect, refer to or concern any meetings (including, without limitation, any conferences) between you and Judge Wolin.

3. All Documents that constitute, reflect, or refer to Communications between You and any Advisor.

4. All Documents that constitute, reflect, refer to, or relate to any draft opinions or memoranda of law transmitted by You to Judge Wolin or any Advisor, including any drafts of such documents that were not transmitted.

5. All Documents that record, tabulate, reflect, or refer to the number of hours in which You participated in or prepared for Communications as described in items 1 through 3 above. Fee applications that have been publicly filed in the official record of any of the Five Asbestos Cases may be excluded.