UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------
IN RE: OWENS CORNING,     :     Chapter 11
et al.,                   :     Case Nos. 00-3837 through
                          :               00 3854
          Debtors.        :
------------------------
------------------------
IN RE: W.R. GRACE & CO.,  :     Chapter 11
et al.,                   :     Case Nos. 01-1139 through
                          :               01-1200
          Debtors.        :
------------------------
------------------------
IN RE: USG CORPORATION,   :     Chapter 11
a Delaware Corporation,   :     Case Nos. 01-2094 through
et al.,                   :               01-2104
                          :
          Debtors.        :
------------------------
```

This matter having been opened before the Court upon the motions of Kensington International Limited and Springfield Associates, L.P. in the chapter 11 case <u>In re Owens Corning</u>, and the motion of D.K. Acquisition Partners, L.P., Fernwood Associates L.P. and Deutsche Bank Trust Co. America in the chapter 11 case <u>In re W.R. Grace</u> for the Court to recuse itself from further proceedings in the above-captioned, administratively consolidated chapter 11 cases (the "Motions"); and the United States Court of Appeals for the Third Circuit having issued an Order on December 18, 2003, to this Court to cause discovery to be expedited and an Opinion to issue from this Court on the

Motions on or before January 31, 2004; and this Court having held

two conferences on the record in which it heard the arguments of

counsel and considered the discovery requests they intended or

had already propounded; and for the reasons set forth in bench

Opinions of this Court placed on the record on December 23, 2003,

and December 24, 2003 and in accordance with the Orders of the

Court made at that time; and good cause appearing

        IT IS this 26TH day of December, 2003

        ORDERED that, for the convenient reference of the parties

and the avoidance of confusion, the documents titled Movants'

Submission of Request for Documents and Owens Corning's Requests

for Production of Documents Relating to Motion to Recuse District

Judge delivered by facsimile transmission to the Court on

December 24, 2003 and attached to this Order, shall be the

requests to which this Order makes reference and that a grant,

denial or modification of any request for the production of

documents in this Order shall not require the entire request to

be restated herein, and it is further

        ORDERED that the phrase "the Five Asbestos Cases" used in

this Order shall mean the chapter eleven cases titled In re

Federal Mogul, Inc., No. 01-10578, In re USG Corporation, No.

01-2094, In re Owens Corning, 00-3837, and In re Armstrong World

Industries, Inc., 00-4471, In re W.R. Grace & Co., No. 01-1139,

and the related cases administratively consolidated thereto, and

2

it is further

**THE MOVANTS' REQUESTS**

ORDERED that the requests for the production of documents to Owens Corning and Saul Ewing LLP are denied in their entirety, and it is further

ORDERED that the requests for the production of documents to W.R. Grace & Co. and Kirkland & Ellis are granted, denied or modified as follows:

1.  Request number one is granted except that the phrase "(i) G-I Holdings; or (ii) Combustion Engineering" is deleted.

2.  Request number two is granted except that the phrase "(i) G-I Holdings" is deleted.

3.  Request number three is granted.

4.  Request number four is denied.

5.  Request number five is granted except that the phrase "and G-I Holdings" is deleted and the phrase "with the District Court is inserted between the words "communication" and "concerning."  Request number five shall now begin with the phrase "With respect to the Five Asbestos Cases any documents that reflect, refer to, or relate to any ex parte communication with the District Court concerning . . . ."

6.  Request number six is denied.

3

and it is further

ORDERED that the requests for the production of documents to David R. Gross, C. Judson Hamlin, William A. Dreier, John E. Keefe, Sr., and Francis McGovern are granted, denied or modified as follows:

1. Request number one is granted except that the phrase "or (ii) Combustion Engineering" is deleted.

2. Request number two is granted.

3. Request number three is granted, except that the phrase "or Combustion Engineering" is deleted.

4. Request number four is granted, except that the phrase "or Combustion Engineering" is deleted.

5. Request number 5 is granted.

6. Request number six is granted in part and denied in part and shall be modified to read "All documents that reflect, refer to, or relate to the engagement of Dr. Letitia Chambers as an expert witness in any of the Five Asbestos Cases by (i) any of the Debtors, (ii) any Futures Representative, or (iii) any of the official Creditors Committees." As modified, request number six is granted.

7. Request number seven is denied.

8. Request number eight is denied.

9. Request number nine is granted.

4

10.    Request number ten is granted, except that the phrase
       "or Combustion Engineering" is deleted.

11.    Request number eleven is granted.

12.    Request number twelve is granted.

13.    Request number thirteen is denied.

14.    Request number fourteen is granted except that the
       phrase "any bankruptcy case" is deleted and replaced
       with the phrase "the Five Asbestos Cases."

15.    Request number fifteen is granted.

16.    Request number sixteen is granted, except that the
       phrase "or Combustion Engineering" is deleted.

17.    Request number seventeen is denied.

18.    Request number eighteen is denied.

19.    Request number nineteen is denied.

20.    Request number twenty is denied.

21.    Request number twenty-one is denied.

22.    Request number twenty-two is denied.

23.    Request number twenty-three is granted.

and it is further

ORDERED that the requests for production of documents to
James J. McMonagle, Dean M. Trafelet and Kaye Scholer LLP are
denied in their entirety, and it is further

ORDERED that the requests for production of documents to
Cooney & Conway, Motley Rice, Caplin & Drysdale, Weitz &

Luxembourg and Elizabeth Magner, are denied in their entirety, and it is further

**OWENS CORNING'S REQUESTS**

ORDERED that, subject to the terms of the document requests propounded by Owens Corning as further granted, denied or modified by this Order, the requests for documents are granted or denied with respect to the following parties:

(i)      Kensington International Limited - Granted.

(ii)     Springfield Associates, LLC - Granted.

(iii)    Elliott Management Corporation - Granted.

(iv)     Elliot Associates, L.P. - Granted.

(v)      Elliott International L.P. - Granted.

(vi)     Mark Brodsky - Granted.

(vii)    DK Acquisition Partners - Denied.

(viii)   Fernwood Associates, L.P. - Denied.

(ix)     Deutsche Bank Trust Co. Americas - Denied.

(x)      USG Corporation - Denied.

(xi - xiii)   The Official Committees for Unsecured Creditors in In re Owens Corning, 00-3837, In re Armstrong World Industries, Inc., 00-4471, In re USG Corporation, No. 01-2094, and In re W.R. Grace & Co., No. 01-1139, and the related, administratively consolidated cases - Denied.

(xiv)    Credit Suisse First Boston - Granted.

(xv)      JP Morgan/Chase - Granted.

(xvi)     Kramer Levin Naftalis & Frankel LLP - Granted.

(xvii)    Davis Polk & Wardwell - Granted.

(xviii)   Strook Strook & Lavan - Granted.

and it is further

ORDERED that Owens Corning's document requests one through thirteen and document request fifteen are granted subject to the modification set forth in the paragraph immediately following this paragraph, and it is further

ORDERED that every reference in the Owens Corning document requests to the defined term "Six Asbestos Bankruptcy Cases" is modified to read "Five Asbestos Bankruptcy Cases," Definition G of the phrase "Six Asbestos Bankruptcy Cases" is modified and shall read "Five Asbestos Bankruptcy Cases," and the phrase "and In re Combustion Engineering, Inc., No. 03-10495" is deleted from Definition G, and it is further

ORDERED that Owens Corning's document requests fourteen and sixteen are denied.

ALFRED M. WOLIN, U.S.D.J.

7

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* Owens Corning, *et al.*,<br><br>    Debtors. | )<br>)<br>)<br>)   Nos. 00-3837 to 00-3854 (JKF)<br>)<br>) |
| *In re* W.R. Grace & Co., *et al.*,<br><br>    Debtors. | )<br>)<br>)   Nos. 01-1139 to 01-1200 (JKF)<br>)<br>) |
| *In re* USG Corp., *et al.*,<br><br>    Debtors. | )<br>)<br>)   Nos. 01-2094 to 01-2104 (JKF)<br>)<br>) |

## MOVANTS' SUBMISSION OF REQUESTS FOR DOCUMENTS

Attached are movants' document requests as ordered by the Court at the status conference of December 23, 2003. Movants believe that the discovery requests they propounded on December 22, 2003 are consistent with both the letter and spirit of the Third Circuit's opinion. However, pursuant to this Court's direction, movants have eliminated a significant number of document requests that they had served on December 22, 2003, all of which were quashed by the Court at the December 23 conference on the ground of their "absurd overbreadth" (Tr. 5) despite never having been seen by the Court. To the extent possible, and in light of the Court's warning that "excessive demands for document discovery may result in no document discovery being allowed at all" (12/23/03 Tr. 8), movants have attempted to limit the attached document requests to the issues that the Third

Circuit identified "among others" as those that bear most directly on the pending motion –
(i) "the *full* extent of the Consultants' activities in the Five Asbestos Cases"; and (ii)
"Messrs. Gross and Hamlin's activities in *G-I Holdings.*" Slip op. at 26 (emphasis added).

The attached document requests are directed to the following parties:

1.    Owens Corning and its counsel, Saul Ewing;

2.    W.R. Grace and its counsel, Kirkland & Ellis;

3.    The five advisors appointed by the Court in the five jointly-administered
cases and their law firms;

4.    Futures Representatives James McMonagle, Dean Trafelet, and their counsel,
Kaye Scholer;

5.    Cooney & Conway, Motley Rice, Caplin & Drysdale, Weitz & Luxembourg,
and Elizabeth Magner, all of whom represent asbestos claimants.

As stated by movants at the December 23 conference, the severe restrictions that the
Court imposed on the discovery process, including prior review and limitation of document
requests, and allowing movants only five depositions chosen by the Court, undermines the
Third Circuit's call for a "developed evidentiary record." Dec. 18, 2003 slip op. at 25.[1]

Movants wish to advise the Court, in addition, that its order that all eight depositions
the Court has allowed take place seriatim on January 5 and 6, 2004, was entered without any

---

[1]    In advocating that remand for further factual development was *unnecessary,*
counsel for movants Kensington and Springfield emphasized the extremely limited nature
of the discovery those movants *had previously* propounded. Counsel did not say that if the
Third Circuit *disagreed* and remanded for further factual development, the only necessary
discovery would be the discovery earlier propounded. It is the Third Circuit's view that the
record should be developed – not counsel's contrary position that the Third Circuit should
resolve the matter in movants' favor *without* a more-developed record – that should control
the proceedings on remand.

prior discussion of availability of counsel or witnesses on those dates. In fact, at least one deponent – Francis E. McGovern – is out of the country until January 9, 2004. In addition, Lawrence S. Robbins, lead counsel for movants Kensington and Springfield, is scheduled to present oral argument to a federal court of appeals in another jurisdiction on January 6, 2004, and thus is entirely unavailable on either of the two days specified by the Court for depositions. Even more troublesome is the Court's scheduling of four of the five advisor depositions (including *both* Messrs. Hamlin and Gross) on the same day (January 5). Movants cannot reasonably be expected to complete the necessary deposition discovery of these important witnesses in what amounts to no more than two hours each. Although movants acknowledge their need to make adjustments to meet the exigencies of the Third Circuit's deadline, it is entirely possible – indeed, likely – that a schedule only slightly different could have accommodated the needs of counsel and witnesses without in any way prejudicing the Court's ability to meet the January 31 deadline. Movants therefore wish to register their formal objection to the schedule imposed by the Court.

Movants ask that the Court direct respondents to provide the requested materials on or before January 2, 2004. Movants should, of course, be held to the same deadline with respect to any valid document requests propounded by respondents.

3

Dated: December 24, 2003          Respectfully submitted,


ISAAC M. PACHULSKI
K. JOHN SHAFFER
STUTMAN, TREISTER & GLATT P.C.
1901 Avenue of the Stars, 12th Floor
Los Angeles, California 90067
(310) 228-5600

LAWRENCE S. ROBBINS
ROY T. ENGLERT, JR.
GARY A. ORSECK
ARNON D. SIEGEL
ROBBINS, RUSSELL, ENGLERT,
ORSECK & UNTEREINER LLP
1801 K Street, N.W., Suite 411
Washington, D.C. 20006
(202) 775-4500

RICHARD MANCINO
CHRISTOPHER J. ST. JEANOS
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, New York 10019
(212) 728-8000

STEPHEN C. NEAL
SCOTT D. DEVEREAUX
JAMES C. MAROULIS
COOLEY GODWARD LLP
5 Palo Alto Square
3000 El Camino Real
Palo Alto, California 94306
(650) 843-5000

4

## CERTIFICATE OF SERVICE

I hereby certify that at 8:55am on Wednesday, December 24, 2003, I served by email a PDF copy of the foregoing Movants' Submission of Requests for Documents on all counsel required to be served.

**Document Requests to:**

Owens Corning
One Owens Corning Parkway
Toledo, Ohio 43604

*and*

Saul Ewing LLP
222 Delaware Avenue
Suite 1200
Wilmington, Delaware 19801

Definitions

1.      All definitions and rules of construction set forth in the Local Rules of the United

States Bankruptcy Court for the District of Delaware and the Federal Rules of Civil Procedure shall

apply to each command for production of the documents designated below.

2.      "All" and "or" shall be construed either disjunctively or conjunctively as necessary

to bring within the scope of the discovery request all responses that might otherwise be construed

to be outside its scope.

3.      *"Combustion Engineering"* refers to *In re Combustion Engineering, Inc.*, No. 03-

10495 (JKF) (Bankr. D. Del.).

4.      "Debtors" refers to debtors and debtors in possession.

5.      "Document" (in all its forms) means all written, reported, recorded, pictorial, or

graphic matter, however produced or reproduced, that are in your possession, custody or control,

including, but not limited to, all letters, telegrams, telexes, cables, word processing files, telephone

records and notations, invoices, ledgers, journals and other formal and informal books of record and

account, minutes, bulletins, instructions, financial statements, photographs, reports, memoranda,

notes, notebooks, electronic mail, voice mail, drafts, worksheets, contracts, agreements, computer

data, tape recordings, videotapes, transcriptions, intra-company drafts of the foregoing items, and copies or reproductions of the foregoing upon which notations in writing have been made which do not appear on the originals. A document is deemed to be in your possession, custody or control if you have the right to secure the document or a copy thereof from another person or public or private entity having actual physical possession thereof. For purposes of these Document Requests, the documents sought are those created between November 21, 2001 and the present. Any pleadings, briefs or other documents filed with the Clerk of the Bankruptcy Court in the Five Asbestos Cases or served on all parties entitled to be served with such pleadings, brief or other documents in any of the Five Asbestos Cases shall not constitute a document for purposes of this request.

6.     "Five Asbestos Cases" refers to the following cases pending in the United States Bankruptcy Court for the District of Delaware: *In re Armstrong World Industries, Inc. et al.*, Nos. 00-4471, 00-4469, 00-4470; *In re W.R. Grace & Co. et al.*, Nos. 01-1139 through 01-1200; *In re Federal-Mogul Global, Inc., T&N Limited, et al.*, Nos. 01-10578 *et al.*; *In re USG Corp. et al.*, Nos. 01-2094 through 01-2104; *In re Owens Corning, et al.*, Nos. 00-03837, *et al.*

7.     "Futures Representative" refers to the legal representative appointed pursuant to section 524(g) of the Bankruptcy Code to represent the interests of present or future asbestos-related demands.

8.     *"G-I Holdings"* refers to *In re G-I Holdings Inc.*, No. 01-30135 (RG) (Bankr. D.N.J.).

9.     "Judge Wolin" refers to the Hon. Alfred Wolin, U.S. District Judge for the District of New Jersey, and to members of his staff, including law clerks, courtroom deputies, secretaries, and interns.

10.    "Person" and "you" (in all their forms) mean the entities listed at the top of this request, as well as any of your partners, employees, officers, or directors, and any person or any business, legal, or governmental entity or association that acts or has acted at your direction or control, including but not limited to Michael Thaman and Maura Smith.

11.    The use of the singular form of any word includes the plural and vice versa.

## Documents Requested

1.      All documents that reflect, refer to, or relate to, any communication concerning (i) *G-I Holdings* or (ii) any of the Five Asbestos Cases, between you and any of the following individuals: Judge Alfred Wolin; David R. Gross; C. Judson Hamlin; William A. Dreier; John E. Keefe, Sr.; and Francis E. McGovern.

2.      Any and all documents relating to the application of debtors for the appointment of a Futures Representative or counsel for a Futures Representative in *In re W.R. Grace & Co.*, No. 01-01139 (JKF) (Bankr. D. Del.).

3.      All documents that reflect, refer to, or relate to, (i) the present motions for recusal of Judge Wolin or (ii) the Petitions for Writs of Mandamus that were filed in the present proceedings.

4

**Document Requests to:**

W.R. Grace & Co.
7500 Grace Drive
Columbia, Maryland 21044

     ***and***

Kirkland & Ellis
Aon Center
200 East Randolph Drive
Chicago, Illinois 60601

<u>Definitions</u>

1.     All definitions and rules of construction set forth in the Local Rules of the United States Bankruptcy Court for the District of Delaware and the Federal Rules of Civil Procedure shall apply to each command for production of the documents designated below.

2.     "All" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

3.     "*Combustion Engineering*" refers to *In re Combustion Engineering, Inc.*, No. 03-10495 (JKF) (Bankr. D. Del.).

4.     "Debtors" refers to debtors and debtors in possession.

5.     "Document" (in all its forms) means all written, reported, recorded, pictorial, or graphic matter, however produced or reproduced, that are in your possession, custody or control, including, but not limited to, all letters, telegrams, telexes, cables, word processing files, telephone records and notations, invoices, ledgers, journals and other formal and informal books of record and account, minutes, bulletins, instructions, financial statements, photographs, reports, memoranda, notes, notebooks, electronic mail, voice mail, drafts, worksheets, contracts, agreements, computer

data, tape recordings, videotapes, transcriptions, intra-company drafts of the foregoing items, and copies or reproductions of the foregoing upon which notations in writing have been made which do not appear on the originals. A document is deemed to be in your possession, custody or control if you have the right to secure the document or a copy thereof from another person or public or private entity having actual physical possession thereof. For purposes of these Document Requests, the documents sought are those created between November 21, 2001 and the present. Any pleadings, briefs or other documents filed with the Clerk of the Bankruptcy Court in the Five Asbestos Cases or served on all parties entitled to be served with such pleadings, brief or other documents in any of the Five Asbestos Cases shall not constitute a document for purposes of this request.

6.    "Five Asbestos Cases" refers to the following cases pending in the United States Bankruptcy Court for the District of Delaware: *In re Armstrong World Industries, Inc. et al.*, Nos. 00-4471, 00-4469, 00-4470; *In re W.R. Grace & Co. et al.*, Nos. 01-1139 through 01-1200; *In re Federal-Mogul Global, Inc., T&N Limited, et al.*, Nos. 01-10578 *et al.*; *In re USG Corp. et al.*, Nos. 01-2094 through 01-2104; *In re Owens Corning, et al.*, Nos. 00-03837 *et al.*

7.    "Futures Representative" refers to the legal representative appointed pursuant to section 524(g) of the Bankruptcy Code to represent the interests of present or future asbestos-related demands.

8.    "*G-I Holdings*" refers to *In re G-I Holdings Inc.*, No. 01-30135 (RG) (Bankr. D.N.J.).

9.    "Judge Wolin" refers to the Hon. Alfred Wolin, U.S. District Judge for the District of New Jersey, and to members of his staff, including law clerks, courtroom deputies, secretaries, and interns.

2

10.     "Person" and "you" (in all their forms) mean the entities listed at the top of this request, as well as any of your partners, employees, officers, or directors, and any person or any business, legal, or governmental entity or association that acts or has acted at your direction or control.

11.     The use of the singular form of any word includes the plural and vice versa.

3

## Documents Requested

1.      All documents that reflect, refer to, or relate to, any communication concerning (i) *G-I Holdings;* or (ii) *Combustion Engineerng;* or (iii) any of the Five Asbestos Cases, between or among you and any of the following individuals: Judge Alfred Wolin; David R. Gross; C. Judson Hamlin; William A. Dreier; John E. Keefe, Sr.; and Francis E. McGovern.

2.      All documents that reflect, refer to, or relate to, the appointment of a Futures Representative, or counsel for a Futures Representative, in (i) *G-I Holdings* or (ii) any of the Five Asbestos Cases.

3.      All documents that reflect, refer to, or relate to, any draft opinions or memoranda of law transmitted by you to any of the following individuals: Judge Alfred Wolin; David R. Gross; C. Judson Hamlin; William A. Dreier; John E. Keefe, Sr.; and Francis E. McGovern.

4.      All documents that record, tabulate, reflect, refer to, or relate to, the hours in which you participated in or prepared for communications as described in item 1 above.

5.      With respect to the Five Asbestos Cases and G-I Holdings, any documents that reflect, refer to, or relate to, any *ex parte* communication concerning the following subjects: (a) the establishment of a bar date for filing claims or demands for present or future asbestos-related injuries or property damage claims or demands against Grace; (b) the estimation or other calculation, quantification, or liquidation of claims or demands for asbestos-related injuries; and (c) the substantive consolidation of any Debtor or any Debtor's estate with any other entity or entity's estate.

6.      All documents that reflect, refer to, or relate to, (i) the present motions for recusal of Judge Wolin or (ii) the Petitions for Writs of Mandamus that were filed in the present proceeding.

**Document Requests to:**

1. David R. Gross *and*
   Saiber Schlesinger Satz & Goldstein
   One Gateway Center, 13th Floor
   Newark, New Jersey 07102

2. C. Judson Hamlin *and*
   Purcell Ries Shannon Mulcahy & O'Neill
   One Pluckemin Way
   Bedminster, New Jersey 07921

3. William A. Dreier *and*
   Norris McLaughlin & Marcus, P.A.
   721 Route 202-206
   Bridgewater, New Jersey 08807

4. John E. Keefe, Sr. *and*
   Lynch Martin
   1368 How Lane
   North Brunswick, New Jersey 08902

5. Francis McGovern
   Room 4019
   Duke Law School
   Science Drive and Towerview Road
   Durham, North Carolina 27708

## Definitions

1.     All definitions and rules of construction set forth in the Local Rules of the United States Bankruptcy Court for the District of Delaware and the Federal Rules of Civil Procedure shall apply to each command for production of the documents designated below.

2.     "All" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

3.     "*Combustion Engineering*" refers to *In re Combustion Engineering, Inc.*, No. 03-10495 (JKF) (Bankr. D. Del.).

4.     "Debtors" refers to debtors and debtors in possession.

5.     "Document" (in all its forms) means all written, reported, recorded, pictorial, or graphic matter, however produced or reproduced, that are in your possession, custody or control, including, but not limited to, all letters, telegrams, telexes, cables, word processing files, telephone records and notations, invoices, ledgers, journals and other formal and informal books of record and account, minutes, bulletins, instructions, financial statements, photographs, reports, memoranda, notes, notebooks, electronic mail, voice mail, drafts, worksheets, contracts, agreements, computer data, tape recordings, videotapes, transcriptions, intra-company drafts of the foregoing items, and copies or reproductions of the foregoing upon which notations in writing have been made which do not appear on the originals. A document is deemed to be in your possession, custody or control if you have the right to secure the document or a copy thereof from another person or public or private entity having actual physical possession thereof. For purposes of these Document Requests, the documents sought are those created between November 21, 2001 and the present. Any pleadings,

briefs or other documents filed with the Clerk of the Bankruptcy Court in the Five Asbestos Cases or served on all parties entitled to be served with such pleadings, brief or other documents in any of the Five Asbestos Cases shall not constitute a document for purposes of this request.

6.    "Five Asbestos Cases" refers to the following cases pending in the United States Bankruptcy Court for the District of Delaware: *In re Armstrong World Industries, Inc. et al.*, Nos. 00-4471, 00-4469, 00-4470; *In re W.R. Grace & Co. et al.*, Nos. 01-1139 through 01-1200; *In re Federal-Mogul Global, Inc., T&N Limited, et al.*, Nos. 01-10578 *et al.*; *In re USG Corp. et al.*, Nos. 01-2094 through 01-2104; *In re Owens Corning, et al.*, Nos. 00-03837 *et al.*

7.    "Futures Representative" refers to the legal representative appointed pursuant to section 524(g) of the Bankruptcy Code to represent the interests of present or future asbestos-related demands.

8.    "*G-I Holdings*" refers to *In re G-I Holdings Inc.*, No. 01-30135 (RG) (Bankr. D.N.J.).

9.    "Judge Wolin" refers to the Hon. Alfred Wolin, U.S. District Judge for the District of New Jersey, and to members of his staff, including law clerks, courtroom deputies, secretaries, and interns.

10.    "Party" means any past or present officers, directors, partners, employees, parents or predecessor corporations, attorneys, consultants or agents of any interest party in any of the Five Asbestos Cases or of any committee in any of the Five Asbestos Cases.

11.    "Person" and "you" (in all their forms) mean the individuals and entities listed at the top of this request, as well as any of your partners, employees, officers, or directors, and any person or any business, legal, or governmental entity or association that acts or has acted at your direction or control.

3

12.    The use of the singular form of any word includes the plural and vice versa.

## Documents Requested

1. All documents that reflect, refer to, or relate to, any services or activities performed by you in connection with the Five Asbestos Cases, *G-I Holdings*, or *Combustion Engineering*.

2. All documents that reflect, refer to, or relate to, your selection as an advisor to Judge Wolin in the Five Asbestos Cases.

3. All complete, unredacted time and billing records in connection with activities performed by you in any of the Five Asbestos Cases or *Combustion Engineering*.

4. All documents that reflect, refer to, or relate to, the potential or actual appointment of any individual as Futures Representative, or as counsel for any Futures Representative, in any of the Five Asbestos Cases or *Combustion Engineering*.

5. All documents that reflect, refer to, or relate to, any communication concerning (i) *G-I Holdings* or (ii) any of the Five Asbestos Cases, between or among you and any of the following individuals: David R. Gross; C. Judson Hamlin; William A. Dreier; John E. Keefe, Sr.; Francis E. McGovern; and Judge Alfred Wolin.

6. All documents that reflect, refer to, or relate to, any expert engaged in any of the Five Asbestos Cases, including but not limited to Dr. Letitia Chambers, by (i) any of the Debtors; (ii) any Futures Representative; or (iii) any of the official Creditors Committees.

7. All documents that reflect, refer to, or relate to, any services or activities performed by you in connection with *Combustion Engineering* and related transactions, including but not limited to the negotiation and agreement of a $20 million fee paid to Joseph Rice or his law firm.

8. For the period January 1, 1993 to the present, all documents that reflect, refer to, or relate to, any service performed by you as counsel to (i) tort plaintiffs in asbestos cases; (ii) Futures

5

Representatives; or (iii) any official or unofficial committee representing the interests of tort plaintiffs in asbestos cases.

9.     With respect to *G-I Holdings*, all documents that reflect, refer to, or relate to, (i) the establishment of a bar date for filing claims or demands for present or future asbestos-related injuries against the Debtor; (ii) the estimation or other calculation, quantification, or liquidation of claims or demands for asbestos-related injuries; or (iii) the substantive consolidation of any Debtor or any Debtor's estate with any other entity or entity's estate.

10.     With respect to the Five Asbestos Cases and *Combustion Engineering*, all documents that reflect, refer to, or relate to, (i) the establishment of a bar date for filing claims or demands for present or future asbestos-related injuries against the Debtor; (ii) the estimation or other calculation, quantification, or liquidation of claims or demands for asbestos-related injuries; or (iii) the substantive consolidation of any Debtor or any Debtor's estate with any other entity or entity's estate.

11.     All documents that reflect, refer to, or relate to, any representation, assertion, or statement concerning any decision that Judge Wolin might or might not make in future proceedings in the Five Asbestos Cases.

12.     All documents that reflect, refer to, or relate to, any individuals who are both (i) holders or potential holders of present or future asbestos claims or demands in the Five Asbestos Cases; and (ii) holders or potential holders of present or future asbestos claims or demands in *G-I Holdings*.

13.     All documents that reflect, refer to, or relate to, advocacy by you in favor of, or against, asbestos-related legislation.

6

14.    All documents that reflect, refer to, or relate to, communications or meetings with Futures Representatives in any bankruptcy case.

15.    All documents that reflect, refer to, or relate to, the use of an abbreviated proof-of-claim form in *G-I Holdings* or any of the Five Asbestos Cases.

16.    Any and all documents that reflect, refer to, or relate to, your potential retention as Futures Representative, or as counsel for a Futures Representative, in any of the Five Asbestos Cases or in *Combustion Engineering*.

17.    All documents that reflect, refer to, or relate to, communications regarding the subject of Judge Wolin's potential future employment at Saiber Schlesinger Satz & Goldstein.

18.    All documents that reflect, refer to, or relate to, (i) the present motions for recusal of Judge Wolin or (ii) the Petitions for Writs of Mandamus that were filed in the present proceedings.

19.    All resumes, CVs, or bios for you.

20.    Any articles, presentations, or other documents for public circulation that you have authored relating to asbestos or mass torts.

21.    **[Request Directed to Francis McGovern Only]** All documents that reflect, refer to, or relate to, communications between you and Joseph Rice, Perry Weitz, John Cooney, Fred Baron, or David Bernick, or their law firms, that pertain to the subject matter of asbestos litigation.

22.    All documents that constitute, reflect, or refer to communications between you and any Party.

23.    Documents sufficient to identify all individuals or entities that you are, or have, since the commencement of the Five Asbestos Cases, represented in connection with claims or demands

that such individuals or entities assert or have asserted against the Debtor in any of the Five Asbestos

Cases.

**Document Requests to:**

1.    James J. McMonagle
      24 Walnut Street
      Chagrin Falls, Ohio 44022

2.    Dean M. Trafelet
      9130 Wild Lane
      Baileys Harbor, Wisconsin 54202

3.    Kaye Scholer LLP
      425 Park Avenue
      New York, New York 10022

<u>Definitions</u>

    1.    All definitions and rules of construction set forth in the Local Rules of the United

States Bankruptcy Court for the District of Delaware and the Federal Rules of Civil Procedure shall

apply to each command for production of the documents designated below.

    2.    "All" and "or" shall be construed either disjunctively or conjunctively as necessary

to bring within the scope of the discovery request all responses that might otherwise be construed

to be outside its scope.

    3.    "*Combustion Engineering*" refers to *In re Combustion Engineering, Inc.*, No. 03-

10495 (JKF) (Bankr. D. Del.).

    4.    "Debtors" refers to debtors and debtors in possession.

    5.    "Document" (in all its forms) means all written, reported, recorded, pictorial, or

graphic matter, however produced or reproduced, that are in your possession, custody or control,

including, but not limited to, all letters, telegrams, telexes, cables, word processing files, telephone

records and notations, invoices, ledgers, journals and other formal and informal books of record and

account, minutes, bulletins, instructions, financial statements, photographs, reports, memoranda,

notes, notebooks, electronic mail, voice mail, drafts, worksheets, contracts, agreements, computer

data, tape recordings, videotapes, transcriptions, intra-company drafts of the foregoing items, and copies or reproductions of the foregoing upon which notations in writing have been made which do not appear on the originals. A document is deemed to be in your possession, custody or control if you have the right to secure the document or a copy thereof from another person or public or private entity having actual physical possession thereof. For purposes of these Document Requests, the documents sought are those created between November 21, 2001 and the present. Any pleadings, briefs or other documents filed with the Clerk of the Bankruptcy Court in the Five Asbestos Cases or served on all parties entitled to be served with such pleadings, brief or other documents in any of the Five Asbestos Cases shall not constitute a document for purposes of this request.

6.    "Five Asbestos Cases" refers to the following cases pending in the United States Bankruptcy Court for the District of Delaware: *In re Armstrong World Industries, Inc. et al.*, Nos. 00-4471, 00-4469, 00-4470; *In re W.R. Grace & Co. et al.*, Nos. 01-1139 through 01-1200; *In re Federal-Mogul Global, Inc.*, *T&N Limited, et al.*, Nos. 01-10578 *et al.*; *In re USG Corp. et al.*, Nos. 01-2094 through 01-2104; *In re Owens Corning, et al.*, Nos. 00-03837 *et al.*

7.    "Futures Representative" refers to the legal representative appointed pursuant to section 524(g) of the Bankruptcy Code to represent the interests of present or future asbestos-related demands.

8.    "*G-I Holdings*" refers to *In re G-I Holdings Inc.*, No. 01-30135 (RG) (Bankr. D.N.J.).

9.    "Judge Wolin" refers to the Hon. Alfred Wolin, U.S. District Judge for the District of New Jersey, and to members of his staff, including law clerks, courtroom deputies, secretaries, and interns.

10.    "Person" and "you" (in all their forms) mean the individuals and entity listed at the top of this request, as well as any of your partners, employees, officers, or director, and any person or any business, legal, or governmental entity or association that acts or has acted at your direction or control.

11.    The use of the singular form of any word includes the plural and vice versa.

### Documents Requested

1.    All documents that reflect, refer to, or relate to, the selection of David R. Gross, C. Judson Hamlin, William A. Dreier, John E. Keefe, Sr., and Francis E. McGovern, as advisors to Judge Wolin in the Five Asbestos Cases.

2.    All documents that reflect, refer to, or relate to, the potential or actual appointment of any individual as a Futures Representative, or as counsel for a Futures Representative, in any of the Five Asbestos Cases or *Combustion Engineering*.

3.    All documents that reflect, refer to, or relate to, any communication concerning (i) *G-I Holdings* or (ii) any of the Five Asbestos Cases, between you and any of the following individuals: David R. Gross; C. Judson Hamlin; Judge Alfred Wolin; William A. Dreier; John E. Keefe, Sr.; and Francis E. McGovern.

4.    All documents that reflect, refer to, or relate to, *Combustion Engineering* and related transactions, including but not limited to the negotiation and agreement of a $20 million fee paid to Joseph Rice or his law firm.

5.    With respect to the Five Asbestos Cases, *Combustion Engineering*, and *G-I Holdings*, all documents that reflect, refer to, or relate to, (i) the establishment of a bar date for filing claims or demands for present or future asbestos-related injuries against the Debtor; (ii) the estimation or

3

other calculation, quantification, or liquidation of claims or demands for asbestos-related injuries; or (iii) the substantive consolidation of any Debtor or any Debtor's estate with any other entity or entity's estate.

6.    All documents that reflect, refer to, or relate to, any representation, assertion, or statement concerning any decision that Judge Wolin might or might not make in future proceedings in the Five Asbestos Cases.

7.    All documents that reflect, refer to, or relate to, any individuals who are both (i) holders or potential holders of present or future asbestos claims or demands in the Five Asbestos Cases; and (ii) holders or potential holders of present or future asbestos claims or demands in *G-I Holdings*.

8.    All documents that reflect, refer to, or relate to, meetings or other communications between or among (i) any Futures Representatives in the Five Asbestos Cases; and (ii) Hamlin, any of Hamlin's counsel or other advisors or representatives in *G-I Holdings*, or any of the other advisors appointed by Judge Wolin in the Five Asbestos Cases.

9.    All documents that reflect, refer to, or relate to, the use of an abbreviated proof-of-claim form in *G-I Holdings* or any of the Five Bankruptcy Cases.

10.    All documents that reflect, refer to, or relate to (i) the present motions for recusal of Judge Wolin or (ii) the Petitions for Writs of Mandamus that were filed in the present proceeding.

11.    All resumes, CVs, or bios for you.

4

<u>Requests for Production to Cooney & Conway, Motley Rice, Caplin & Drysdale, Weitz & Luxembourg, and Elizabeth Magner</u>

## Definitions

1.    "You" or "Your" mean the entity or person that is the subject of the attached subpoena, and any past or present officers, directors, partners, employees, parent or predecessor corporations, attorneys, consultants or agents of that entity or person.

2.    "Five Asbestos Cases" means the following cases pending in the United States Bankruptcy Court for the District of Delaware: *In re Armstrong World Industries, Inc., et al.*, Nos. 00-4469, *et al.*; *In re W.R. Grace & Co., et al.*, Nos. 01-1139, *et al.*; *In re Federal-Mogul Global, Inc., T&N Limited, et al.*, Nos. 01-10578, *et al.*; *In re USG Corp., et al.*, Nos. 01-2094, *et al.*; and *In re Owens Corning, et al.*, No 00-3837, *et al.*

3.    "Judge Wolin" means the Honorable Alfred M. Wolin, U.S. District Judge for the District of New Jersey, and anyone working on his behalf, including, without limitation, law clerks, courtroom deputies, secretaries, interns, and other members of his staff.

4.    "Advisor" means any of the following: C. Judson Hamlin, David R. Gross, William A. Dreier, Francis E. McGovern, or John E. Keefe, or anyone working on their behalf.

5.    "Party" means any past or present officers, directors, partners, employees, parent or predecessor corporations, attorneys, consultants or agents of any interested party in any of the Five Asbestos Cases or of any committee in any of the Five Asbestos Cases.

6.    "Non-Party" means any person or entity that does not meet the definition for a Party, an Advisor, or Judge Wolin.

7.    "Document" means any document as defined by Federal Rule of Civil Procedure 34.  A Document may be any written, printed, typed, recorded, magnetic, punched, copied, graphic or other tangible thing in, upon, or from which information may be embodied, translated, conveyed, or stored (including, without limitation, correspondence, memoranda, notes, records, books, papers, telegrams, telexes, facsimile transmissions, dictation or other audio tapes, video tapes, computer tapes, computer discs, computer printouts, electronic mail, microfilm, microfiche, worksheets, diaries, calendars, photographs, charts, drawings, sketches and all other writings or drafts thereof).  For purposes of these Document Requests, the documents sought are those created between November 27, 2001 and the present. **Any pleadings, briefs or other Documents filed with the Clerk of the Bankruptcy Court in the Five Asbestos Cases or served on all Parties entitled to be served with such pleadings, brief or other Documents in any of the Five Asbestos Cases shall not constitute a Document for purposes of this Request.**

8.    "Communications" means any transmission of information from one person or entity to another, including, without limitation, by personal meeting, telephone, letter, facsimile, electronic mail, teleconference, radio, telegraph, etc., **that relate to the Five Asbestos Cases or to any other case pending under Chapter 11 of the Bankruptcy Code involving claims arising from exposure to asbestos and over which Judge Wolin has exercised any jurisdiction.**

9.    The use of the singular form of any word includes the plural and vice versa.

10.    "Any" and "all" will also be read to include "each" and "every."

869478 v1/SF
SMW601!.DOC

1.    "Or" will be read either disjunctively or conjunctively as necessary to bring within the

scope of the discovery request all responses that might otherwise be construed to be

outside its scope.

### Requests For Production

1.    All Documents that constitute, reflect, or refer to Communications between You and

Judge Wolin.

2.    All Documents that reflect, refer to or concern any meetings (including, without

limitation, any conferences) between you and Judge Wolin.

3.    All Documents that constitute, reflect, or refer to Communications between You and any

Advisor.

4.    All Documents that constitute, reflect, refer to, or relate to any draft opinions or

memoranda of law for Judge Wolin or any Advisor.

5.    All Documents that record, tabulate, reflect, or refer to the number of hours in which You

participated in or prepared for Communications as described in items 1 through 3 above.

Fee applications that have been publicly filed in the official record of any of the Five

Asbestos Cases may be excluded.

# UNITED STATES DISTRICT COURT
## IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Case Nos. 00-3837 through 3854 |
| OWENS CORNING, et al., | (Alfred M. Wolin, U.S.D.J., specially designated) |
| Debtors. | Hearing Date: January 16, 2004 |
| In re: | Case Nos. 01-1139 through 0-1200 |
| W.R. Grace & Co., et al. | (Alfred M. Wolin, U.S.D.J., specially designated) |
| Debtors. | Hearing Date: January 16, 2004 |
| In re: | Case Nos. 01-2094 through 01-2104 |
| USG Corp., et al. | (Alfred M. Wolin, U.S.D.J., specially designated) |
| Debtors. | Hearing Date: January 16, 2004 |

## <u>OWENS CORNING'S REQUESTS FOR PRODUCTION OF DOCUMENTS RELATING TO MOTION TO RECUSE DISTRICT JUDGE</u>

Owens Corning and its related debtors-in-possession in the above-referenced bankruptcy proceedings, by its counsel, and as coordinating counsel for the Asbestos Creditors Committees and the Representatives of Future Asbestos Claimants in the *Owens Corning*, *W.R. Grace*, and

*USG Corp.* bankruptcy proceedings, respectfully request that the Court permit the following request for production of documents to the following persons and counsel in these proceedings:

<u>Movant Entities</u>

(i)     Kensington International Limited;

(ii)    Springfield Associates, LLC;

(iii)   Elliott Management Corporation;

(iv)    Elliott Associates, L.P.;

(v)     Elliott International, L.P.;

(vi)    Mark Brodsky;

(vii)   DK Acquisition Partners, L.P.;

(viii)  Fernwood Associates, L.P.;

(ix)    Deutsche Bank Trust Company Americas; and

(x)     USG Corp.

<u>Official Committees of Unsecured Creditors Entities</u>

(xi)    The Official Committee for Unsecured Creditors in the *Owens Corning* bankruptcy proceeding, *In re Owens Corning, et al,* Case No. 00-03837;

(xii)   The Official Committee for Unsecured Creditors in the *W.R. Grace* bankruptcy proceeding, *In re W.R. Grace & Co., et al.,* Case Nos. 01-1139 through 01-1200; and

(xiii)  The Official Committee for Unsecured Creditors in the *USG Corp.* bankruptcy proceeding, *In re Armstrong World Industries, Inc., et al.,* Case Nos. 00-4471, 00-4469-4470.

<u>Certain Creditors in the *Owens Corning* Bankruptcy Proceeding</u>

(xiv)   Credit Suisse First Boston, as agent for the Bank Group; and

(xv)    JP Morgan/Chase.

Counsel

(xvi)   Kramer Levin Naftalis & Frankel LLP (counsel to CSFB and the Bank Group);

(xvii)   Davis Polk & Wardwell (counsel to OCUC in the *Owens Corning* bankruptcy

proceeding); and

(xviii)   Stroock, Stroock & Lavan (counsel to OCUC in the *USG Corp.* bankruptcy

proceeding).

Unless otherwise agreed by counsel or by Order of Court, each of your responses and the

requested documents shall be produced on or before December 31, 2003, 10:00 a.m. at the

offices of Saul Ewing LLP, 100 South Charles Street, Baltimore, Maryland 21201.

## DOCUMENTS REQUESTED

1. All documents relating to any background investigation, biographical research or records checks conducted or obtained by you concerning Messrs. Hamlin and Gross and such documents as will show the dates of any such work.

2. Such documents as will show whether you subscribe to *Mealey's Litigation Report: Asbestos, Mealey's Asbestos Bankruptcy Reporter, Mealey's Asbestos Reporter, Andrews Publications' Asbestos Litigation Reporter, The Daily Deal,* any publication by Bear Sterns & Co., Inc. concerning distressed securities, debtors, or bankruptcy proceedings, any publication by Lehman Brothers concerning distressed securities, debtors, or bankruptcy proceedings, and any other publication that as part of its stated business routinely reports on distressed securities, debtors or bankruptcy proceedings, and the dates of such subscriptions; or, in lieu thereof, an affidavit or certification providing such information.

3. All of your distribution lists concerning each of the publications described in Request No. 2, above.

4. All pleadings, notices and other filings received by you relating to the appointments, re-appointments, activities or roles of Messrs. Hamlin and Gross in the *G-I* bankruptcy proceedings.

5. Such documents as will identify each of your persons who worked on, monitored or participated in the *G-I* bankruptcy proceedings and the dates thereof, or, in lieu thereof, an affidavit or certification providing such information.

6.  All dockets, logs and other similar documents which were prepared, maintained or distributed by Davis Polk, which are the same as or similar to the docket or log described by R.L. Jones in the billing record found on page 291 of Owens Corning's Appendix filed in the Third Circuit, pertaining to the *G-I* bankruptcy proceeding.

7.  Such documents as will show, as to each such docket, log or similar document identified pursuant to Request No. 6, above, the identity of all distributees and recipients, or, in lieu thereof, an affidavit or certification providing such information.

8.  All reports prepared, received or distributed by Davis Polk which concern the appointments, re-appointments, activities or roles of Messrs. Hamlin and Gross in the *G-I* bankruptcy proceeding.

9.  Such documents as will identify each of the members of the Bank Group and of the Steering Committee, their representatives and their separate dates of service or membership; or, in lieu thereof, an affidavit or certification providing such information.

10. Such documents as will show who represented Kensington and Springfield in the Owens Corning bankruptcy proceedings, and for what periods.

11. Any documents prepared, received or distributed by Kramer Levin which reflect the appointments, re-appointments, activities or roles of Messrs. Hamlin and Gross in connection with the *G-I* bankruptcy proceeding.

12. All of Kramer Levin's actual time sheets and billing records prepared in connection with or issued to any of its clients in the *G-I* bankruptcy proceeding or in any of the six Asbestos Bankruptcy Cases which refer or relate to the appointments, re-appointments, activities or roles of Messrs. Hamlin and Gross in the *G-I* bankruptcy proceeding.

13. All of Davis Polk's actual time sheets and billing records prepared in connection with or issued to any of its clients in the *G-I* bankruptcy proceeding or any of the six Asbestos Bankruptcy Cases which refer or relate to the appointments, re-appointments, activities or roles of Messrs. Hamlin and Gross in the *G-I* bankruptcy proceeding.

14. For each moving party that has purchased a claim or portion of a claim in any of the above-captioned proceedings, such documents as will show when and from whom you acquired such claim or portion of a claim or, in lieu thereof, an affidavit or certification providing such information.

15. Such documents as will show who attended the conference with the Honorable Alfred M. Wolin held December 20, 2001.

16. Such documents as will disclose the date of your first consideration of the possible recusal of the Honorable Alfred M. Wolin in any of the six Asbestos Bankruptcy Cases.

## DEFINITIONS AND INSTRUCTIONS

A.    "CSFB" means Credit Suisse First Boston.

B.    The "Bank Group" means those financial institutions and lenders participating in or owning portions of the debt issued pursuant to the $2,000,000,000 Credit Agreement dated as of June 26, 1997 among Owens Corning, as Borrower and Guarantor, the Other Borrowers and Guarantors, the Banks listed on Annex A hereto and Credit Suisse First Boston, as that group has changed from time to time.

C.    "Engage" or "Engaged" means, with respect to services or personnel, the retention of such services or personnel, without regard to which person is to pay for such services or personnel.

D.    The "*Owens Corning* bankruptcy proceedings" means *In re Owens Corning, et al,* Case No. 00-03837 (D. Del.).

E.    The "Steering Committee" means the steering committee established in connection with the *Owens Corning* bankruptcy proceedings, comprised of certain of the financial institutions and lenders participating in or owning portions of the debt issued pursuant to the $2,000,000,000 Credit Agreement dated as of June 26, 1997 among Owens Corning, as Borrower and Guarantor, the other Borrowers and Guarantors, the Banks listed on Annex A hereto and Credit Suisse First Boston (the "June 26, 1997 Credit Agreement"), and which acts as one of the representatives of the interests of the Bank Group.

F.    The "*G-I* bankruptcy proceedings" means *In re G-I Holdings, Inc., et al,* Case No. 01-30135 (D.N.J.).

G.    The "Six Asbestos Bankruptcy Cases" refers to the following cases pending in the United States District Court for the District of Delaware: *In re Armstrong World Industries, Inc.,et al.,* Case Nos. 00-4471, 00-4469-4470; *In re W.R. Grace & Co., et al.,* Case Nos. 01-1139 through 01-1200; *In re Federal Mogul Global, Inc., et al.,* Case Nos. 01-10578, et al.; *In re USG Corp., et al.,* Case Nos. 01-2094 through 01-2104; *In re Owens Corning, et al.,* 00-3837 through 3854; and *In re Combustion Engineering, Inc.,* No. 03-10495.

H.    "You" means the individuals or entities to which these Requests for Production of Documents are directed, either individually or collectively and their partners, associates, paralegals, attorneys, directors, officers, employees, agents, representatives, successors and others acting on their behalf.

I.    "Communication" means any oral, written or recorded statement (via whatever medium) transmitted by one person to another.

J.    "Document" means any written, recorded, electronic or graphic matter (including any business record in any form), however produced, reproduced or stored (including any digital, electronic, analog or physical medium), including all non-identical copies

containing notations not contained on the original thereof, and including without limitation correspondence, memoranda, notes, calendar entries, diary entries, time and billing records, and electronic mail ("e-mail"), disks, diskettes, compact disks, tapes or other media used in data and/or word processing together with the programming instructions and other materials necessary to understand such media.

K.  "Person" means any natural person, corporate entity, partnership, association, or sole proprietorship.

L.  Reference to any person shall include the person's partners, associates, paralegals, attorneys, directors, officers, employees, agents, representatives, successors and others acting on the person's behalf.

M.  The terms "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this Request for Production of Documents any information which might otherwise be construed to be outside its scope.

N.  The term "concern," "concerning," "relate" or "relating to" means constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, summarizing, concerning, or referring to, directly or indirectly.

O.  "Including" means including but not limited to.

P.  All documents that are withheld under a claim of privilege, under a claim that such documents form a part of the attorney's work product, or under a claim that such documents were prepared in anticipation of litigation, shall be identified in sufficient detail (including an identification of the document's date, the document's author and all recipients, and a general description of the subject matter of the document) to permit a request for in camera inspection of each such document in the event any such claim is disputed.

Q.  Whenever appropriate herein, the singular form of a word shall also be interpreted as its plural.

R.  To the extent that no single document exists or is in your possession, custody or control which contains all the information sought in any particular Request herein, you are to provide such other documents in your possession, custody or control which are sufficient to show, compute, compile or explain all the information requested in such Requests or as much thereof as is available.

S.  If any documents sought by this Request for Production of Documents have been destroyed or are no longer in your possession, identify the documents no longer in your possession, the date(s) on which such documents were destroyed, and describe in detail your regular policy regarding the maintenance, retention and destruction of records that have at one time been in your possession, as well as the identity of the person or persons responsible for the maintenance, retention, and destruction of such records.

T.    Unless otherwise stated in a particular Request each Request for Production of Documents refers to the time period between October 4, 2000 and December 31, 2003.

U.    This Request for Production of Documents is continuing in nature, requiring a supplemental response and production when new, different or clarifying information comes into the possession of the party whom this Request is addressed or the possession of said party's counsel.

Respectfully submitted,

By: _Charles O. Monk, II_

Norman L. Pernick
J. Kate Stickles
SAUL EWING LLP
222 Delaware Avenue, Suite 1200
Wilmington, DE  19801
(302) 421-6800

and

Charles O. Monk, II
Matthew G. Dobson
SAUL EWING LLP
100 South Charles Street
Baltimore, MD  21201
(410) 332-8600
Counsel to Owens Corning *et al.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of December, 2003, I sent copies of this Request for Production via e-mail to all counsel of record and, via telecopy to Evans Wohlforth, Esquire, United States District Court for the District of New Jersey.

_Henry R. Abrams_

Henry R. Abrams

788895.2 12/24/03                                    -7-