IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors | ) | Re: Docket Nos. 4667 & 4749 |

### DEBTORS' BRIEF OUTLINING THE APPLICATION OF THE "EXCUSABLE NEGLECT STANDARD" TO MISTAKES OF LAW REGARDING ROYAL'S MOTION TO FILE A LATE PROOF OF CLAIM

Royal's failure to file a timely proof of claim appears to have been the result of a mistake of law, and the equitable concept of "excusable neglect" rarely applies to mistakes of law. A mistake of law exists when a person knows the facts as they really are, but has a mistaken belief as to the legal consequences of those facts. See Glover v. Metropolitan Life Ins. Co., 499 F.Supp. 1308, 1314 (D.C. Mo. 1980). Royal received the Notice Package[2], which states that any claims not filed on or before the Bar Date "**SHALL BE FOREVER BARRED,**

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms not otherwise defined herein have the meaning given in Debtors' Objection to Royal's Motion for Leave to File a Late Proof of Claim.

**ESTOPPED, AND ENJOINED** FROM ASSERTING ANY SUCH CLAIMS (OR FILING A PROOF OF CLAIM WITH RESPECT TO SUCH CLAIMS) AGAINST ANY OF THE DEBTORS, THEIR PROPERTY, OR THEIR ESTATES." Bar Date Notice pg. 7, ¶9 (emphasis in original). However, the Royal agent solely responsible for handling Grace matters did not have the bankruptcy-related knowledge necessary to determine whether the Bar Date applied to Royal's unliquidated, contingent claim. Accordingly, Royal's failure to file a timely proof of claim was the result of a mistake of law.

Royal now argues that it should be granted leave to file a late proof of claim. Royal relies upon the equitable theory of "excusable neglect," which gives this Court limited authority to excuse mistakes in certain situations. During the December 15, 2003 hearing before this Court, it became clear that: (a) Royal's failure to file a timely proof of claim may have been the result of a mistake of law; and (b) the legal standards for applying the doctrine of excusable neglect to mistakes of law had not been fully briefed by Royal or the Debtors.

In this Brief, the Debtors submit a concise summary of the applicability of excusable neglect for mistakes of law. After reviewing the case law, and applying it to the facts of this situation, it appears that Royal's failure to file a timely proof of claim was the result of a mistake of law. The great weight of legal authority indicates that mistakes of law are not "excusable neglect." Therefore, this Court should deny, with prejudice, Royal's Motion for Leave to File a Late Proof of Claim.

**A.  Royal's Failure to File a Timely Proof of Claim was the Result of a Mistake of Law**

1.  A mistake of fact is any mistake except a mistake of law. See Jordan v. Brady Transfer & Storage Co., 284 N.W. 73, 77 (Iowa 1939). A mistake of fact has been defined as a

2

mistake that takes place when some fact that exists is unknown, or a fact that is thought to exist, in reality does not exist. See Savings Bank of Rockville v. Wilcox, 167 A. 713 (Conn. 1933); Terre Haute Paper Co. v. Price, 47 N.E.2d 166, 170 (Ind. App. 1943); Pomeroy, Equity Jurisprudence § 839 (1941). "The distinction between a mistake of fact and a mistake of law is that a mistake of fact exists where one understands the fact to be other than it is, and a mistake of law exists when one knows the fact as it really is but has a mistaken belief of the legal consequences of that fact." Glover v. Metropolitan Life Ins. Co., 499 F.Supp. 1308, 1314 (D.C. Mo. 1980). Put simply, a mistake of law is a "legal error." U.S. v. Syme, 276 F.3d 131, 145 (3d Cir. 2002).

2.  Royal's failure to file a timely proof of claim was the result of a mistake of law. Ms. Huston was the Royal employee solely responsible for matters related to the Grace Bankruptcy cases. See Huston Aff. pg. 1, ¶1. When she received the Notice Package and "briefly reviewed" the materials, she: (a) had "only limited experience in handling bankruptcy-related matters;" (b) "was concerned only with any potential obligations owed by Grace to Royal for outstanding premiums or unpaid deductibles;" (c) and "did not think that the Bar Date would apply to any indemnification claims arising under the Settlement Agreement given that no actions ha[d] ever been filed against Royal which would trigger Grace's indemnification obligations." Huston Aff. pg. 4, ¶13. Ms. Huston's affidavit does not indicate whether she actually read the passage on page 2 of the Bar Date Notice, which clearly states that the Bar Date applies to "derivative asbestos claims, and asbestos- related claims for contribution, indemnity, reimbursement and subrogation."[3] However, Ms. Huston's affidavit makes it clear that she

---

[3] Ms. Huston's affidavit merely states that she does "not recall" reading this passage.

believed the Bar Date did not apply to any claims that Royal may have against Grace pursuant to the Royal Settlement Agreement. Royal admits in its "Reply to Objections (D.I. 4749, 4757, 4758, 4760) and in Further Support of Royal's Motion for Leave to File a Late Proof of Claim" (the "Royal Reply") that the Bar Date applies to its contingent contractual-indemnification claims. See Royal Reply at pg. 2, 1. Accordingly, Royal simply had a mistaken belief as to the legal consequences of the facts, which is a mistake of law.

### B.    Mistakes of Law are Generally Not "Excusable Neglect"

3.    When considering whether a movant's error was the result of "excusable neglect," a court must first determine whether the error was a "mistake of law" or a "mistake of fact." Courts have consistently held movants to a significantly higher standard for establishing excusable neglect when their errors have stemmed from mistakes of law. In fact, some courts have adopted a steadfast rule that mistakes of law may never constitute excusable neglect. See, e.g., Advanced Estimating System Inc. v. Riney, 130 F.3d 996 (11th Cir. 1997) (holding that a mistake of law is not excusable neglect). This position traces back to Pioneer, itself, where the Supreme Court for the United States acknowledged that ignorance of the law or mistakes in its construction do not usually constitute excusable neglect. See Pioneer Investment Services Co. v. Brunswick Associates Ltd. P'ship ("Pioneer"), 507 U.S. 380, 390-92 (1993). In Pioneer, the Supreme Court also stated that a conscious informed incorrect decision does not constitute "neglect." See id.

4.    Several courts have adopted a steadfast rule that mistakes of law may never constitute excusable neglect. See, e.g., In re Riedner, 94 F.Supp 289, 293 (D.C. Wis. 1950). The Court of Appeals for the Ninth Circuit has been the most vocal proponent of this position. The general rule, according to the 9th Circuit, is that a mistake in interpreting or applying the law is

4

never excusable neglect. See Kyle v. Campbell Soup Co., 28 F.3d 928 (9th Cir. 1994) (holding that an attorney's mistake of law in interpreting the time to file a post-trial motion did not constitute excusable neglect); Speiser, Krause & Madole P.C. v. Ortiz, 271 F.3d 884, 886 (9th Cir. 2001) (affirming district court's decision that an attorney-litigant's failure to read and understand pellucid command of Federal Rule of Civil Procedure governing the time for answering complaint did not rise to level of "excusable neglect" or even "good cause," such as might entitle attorney to relief from his default and to enlargement of time for filing answer to complaint); Townsel v. County of Contra Costa, 820 F.2d 319 (9th Cir. 1987) (holding that ignorance of the time of service Rule 4(j) -- the predecessor to 4(m)--is not excusable neglect); Familian Northwest, Inc. v. RG & B Contractors, Inc., 21 F.3d 952 (9th Cir. 1994) (holding that the inadvertent omission of invoices from a claim due to corporate restructuring was not excusable neglect).

5. The Ninth Circuit is not alone in its reluctance to acknowledge excusable neglect for mistakes of law. Numerous other district court decisions support the proposition that a mistake in interpreting Rules or statutes does not constitute excusable neglect. See, e.g., In re Waggoner, 157 B.R. 433 (Bankr. E.D. Ark. 1993).

6. The Court of Appeals for the Second Circuit has stated that excusable neglect is generally not available to avoid the consequences stemming from mistakes of law. The Second Circuit has explained Pioneer's application to mistakes of law as follows:

> Pioneer noted that inadvertence, ignorance of the rules, or mistakes in construing the rules do not usually constitute excusable neglect.... [F]ailure to follow the clear dictates of a court rule will generally not constitute such excusable neglect.... [W]here counsel failed to offer a persuasive justification for failing to comply with ... local court rules, there was no basis for deviating from the general rule that a mistake of law does not constitute excusable neglect.... Where ... the rule is

5

entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose under the Pioneer test.

Canfield v. Van Atta Buick/GMC Truck, Inc., 127 F.3d 248, 250-251 (2d Cir. 1997) (citations and internal quotation marks omitted); see also Weinstock v. Cleary, Gottlieb, Steen & Hamilton, 16 F.3d 501, 503 (2d Cir. 1994) ("As this court has explained numerous times: The excusable neglect standard can never be met by a showing of inability or refusal to read and comprehend the plain language of the federal rules. Counsel's lack of familiarity with federal procedure is not an acceptable excuse.") (citations and internal quotation marks omitted).

7.  The Fifth, Eleventh and D.C. Circuits have articulated similar standards. See Midwest Employers Cas. Co. v. Williams, 161 F.3d 877 (5th Cir. 1998) (holding that counsel's mistaken belief that he had three extra days to file motion for new trial did not constitute "excusable neglect" warranting extension of time for filing notice of appeal); Advanced Estimating System, Inc. v. Riney, 130 F.3d 996 (11th Cir. 1997) (holding that mistake of law on the part of the defendants' attorney was not "excusable neglect" that would qualify defendant for extension of time to file notice of appeal); Graham v. Pennsylvania R.R., 342 F.2d 914, 915-916 (D.C. Cir. 1964) (lack of awareness of a change in a federal rule is not excusable neglect).

8.  The Court of Appeals for the Third Circuit has not opined on when, if ever, a mistake of law may be considered the product of excusable neglect. However, the great weight of authority from other circuits makes it clear that mistakes of law are rarely, if ever, considered excusable neglect. Circuits that have acknowledged excusable neglect for mistakes of law have done so sparingly, and only in situations where equity demands a liberal construction of Pioneer. This is not one of those situations. First, Ms. Huston, the person solely responsible for determining whether Royal should file a claim, lacked the bankruptcy knowledge necessary to

determine whether the Bar Date applied to Royal's contingent and unliquidated claim. Second, Ms. Huston failed to educate herself with the rules of bankruptcy. Finally, Ms. Huston did not give the materials to a person more familiar with the rules of bankruptcy (*i.e.*, someone within Royal that would have recognized that Royal's claim is a claim "for contribution, indemnity, reimbursement or subrogation…" Bar Date Notice at 2.). Royal cannot rely on the narrow "excusable neglect" exception to gain refuge from Ms. Huston's admitted ignorance of the bankruptcy laws.

9.   When considering whether excusable neglect is proper, courts will consider whether the rule or order (that the movant failed to meet) was clear. See, e.g., Canfield v. Van Atta Buick/GMC Truck, Inc., 127 F.3d 248 (2d Cir. 1997) ("Where, the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose under the Pioneer test."). In the present situation, both the Bar Date Order and the Notice Package were abundantly clear that Royal would be barred from filing its claim after the Bar Date. First, the Bar Date Order states that claimants that fail to file a timely proof of claim against any of the Debtors shall, "be forever barred from asserting such claims, voting on any plan or plans of reorganization or participating in any distribution from the Debtors' estates…" Bar Date Order at pg. 2. Similarly, the Notice Package states that any claims not filed on or before the Bar Date **"SHALL BE FOREVER BARRED, ESTOPPED, AND ENJOINED** FROM ASSERTING ANY SUCH CLAIMS (OR FILING A PROOF OF CLAIM WITH RESPECT TO SUCH CLAIMS) AGAINST ANY OF THE DEBTORS, THEIR PROPERTY, OR THEIR ESTATES." Bar Date Notice pg. 7, ¶9 (emphasis in original). Second, the Notice Package clearly states that Royal's claim was covered by the Bar Date Order. The Bar Date Notice states on page 2, in its

own separate paragraph, under the heading "**WHO MUST FILE A PROOF OF CLAIM**," the following:

> The Bar Date does apply to derivative asbestos claims and asbestos-related claims for contribution, indemnity, reimbursement or subrogation. The Bar Date applies to personal injury and/or wrongful death claims which are not asbestos-related.

Bar Date Notice at pg. 2. The Debtors went to great lengths to insure that the draft Bar Date Order and Notice Package were written in a "user friendly" format.

### C. Royal Has Not Alleged Any Facts That Would Meet the Stringent Standard for Recognizing Excusable Neglect for Mistakes of Law

10. Royal has not asserted any facts that would meet the stringent standard for recognizing excusable neglect when the movant's failure stemmed from a mistake of law, and courts asked to allow late claims in similar circumstances have not granted the late-movants' requests. See, e.g. California Dep't of Health Services v. Bicostal Corp., 242 B.R. 43 (M.D. Fla 1998) (holding that filing a claim one year after the claims bar-date had expired was not excusable neglect). Instead, Royal relies solely upon an unsubstantiated assertion that its claim will not prejudice the Debtors because the Debtors have yet to submit a reorganization plan. Royal is correct that the Debtors have yet to submit a reorganization plan. However, a serious impediment to the creation of such a plan is the need to determine, with a reasonable degree of certainty, the scope of outstanding claims. The Debtors requested a claims bar date to obtain this level of certainty, and this Court would undermine this protection by allowing Royal to file a late proof of claim. Further, Royal has not considered the effects on other creditors of Grace. Any recovery by Royal will come at the expense of other claimants - claimants that filed their proofs of claim within the allotted time. These claimants would be prejudiced if this Court grants Royal permission to file a late proof of claim, and this court must consider the possibility of prejudice

91100-001\DOCS_DE:86570.1

to creditors when considering Royal's Motion.  See In re Intelligent Medical Imaging, Inc., 262 B.R. 142 (Bankr. S.D. Fla. 2001) (disallowing a late filed claim because of prejudice to other creditors).

## Conclusion

11.   Royal failed to file a timely claim because it gave sole responsibility for Grace matters to a person with limited familiarity with the Bankruptcy Code.  Royal cannot seek refuge from Ms. Hustons' legal error within the doctrine of excusable neglect.  Ms. Huston's mistake was a mistake of law, for which Royal has not asserted facts that meet the extremely high standards for finding excusable neglect.  See U.S. v. Bircher, 229 F.3d 1159 (9th Cir. 2000) (finding that movant's status as a person that was "unschooled in the esoteric science of law" was not persuasive justification and presented no basis for deviating from the general rule that a mistake of law does not constitute excusable neglect).  Grace and the other claimants should not be penalized for Royal's decision to give authority for Grace matters to an individual that was not familiar with bankruptcy law.

**WHEREFORE**, for the foregoing reasons, the Debtors respectfully request this Court deny, with prejudice, Royals' Motion for Leave to File a Late Proof of Claim.

Respectfully Submitted:

Dated: January 6, 2004

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet S. Baer
James W. Kapp, III
Samuel L. Blatnick
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

and

PACHULSKI, STANG, ZIEHL, YOUNG JONES & WEINTRAUB PC

Laura Davis Jones (#2436)
David W. Carickhoff, Jr. (# 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:   (302) 652-4400

Co-Counsel for the Debtors and Debtors in Possession