UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
-------------------------
IN RE: OWENS CORNING,      :      Chapter 11
et al.,                    :      Case Nos. 00-3837 through
                           :                00-3854
          Debtors.         :
-------------------------
-------------------------
IN RE: W.R. GRACE & CO.,   :      Chapter 11
et al.,                    :      Case Nos. 01-1139 through
                           :                01-1200
          Debtors.         :
-------------------------
-------------------------
IN RE: USG CORPORATION,    :      Chapter 11
a Delaware Corporation,    :      Case Nos. 01-2094 through
et al.,                    :                01-2104
                           :
          Debtors.         :
-------------------------
```

This matter having been opened before the Court upon the motions of Kensington International Limited and Springfield Associates, L.P. in the chapter 11 case In re Owens Corning, D.K. Acquisition Partners, L.P., Fernwood Associates L.P. and Deutsche Bank Trust Co. America in the chapter 11 case In re W.R. Grace and the debtor-in-possession and Offcial Committee of Unsecured Creditors in the chapter 11 case In re USG Corporation for the Court to recuse itself from further proceedings in the above-captioned, administratively consolidated chapter 11 cases (the "Motion" or "Motions"); and the United States Court of Appeals for the Third Circuit having issued an Order on December 18, 2003, to this Court to cause discovery to be expedited and an

Opinion to issue from this Court on the Motions on or before January 31, 2004; and the parties having set forth their positions through the Court's law clerk in a telephone conference as memorialized in the letter of Scott D. Devereaux, Esq., attached to this Order for convenient reference only; and those counsel on the telephone conference being listed in the second attachement to this Order; and it being represented that, except as noted in Mr. Devereaux's letter, the parties are in agreement concerning the propriety of certain further discovery in relation to the Motions; and good cause appearing

IT IS this 8th day of January 2004

ORDERED that the Court hereby approves and will permit further discovery in relation to the Motions as set forth in Mr. Devereaux's letter as follows:

1. Item number one is granted.

2. Item number two is granted.

3. Item number three is granted, subject to any properly asserted ground of privilege.

4. Item number four is granted.

5. Item number five is granted, subject to any properly asserted ground of privilege.

6. Item number six is granted.

7. Item number seven is granted, subject to any properly asserted ground of privilege.

2

8. The Court will not rule upon item number eight at this time, except that the parties may propound a request for expedited discovery upon Fleet Bank for the information set forth in Mr. Devereaux's letter. All rights of Fleet Bank to object this request are preserved. Any application for an Order compelling compliance by Fleet Bank with an expedited request for discovery shall afford Fleet Bank such time to respond as is consonant with fairness and due process of law and shall be subject to the deadline for discovery set forth elsewhere in this Order.

9. The Court will not rule upon item number nine at this time as no dispute has been presented to the Court for resolution.

and it is further

ORDERED that the discovery granted in this Order shall be produced, subject to any privileges asserted in accordance with the immediately preceding paragraph and as further set forth in Mr. Devereaux's letter, on or before 4:00 p.m. of the afternoon of January 12, 2004, to the same persons and in the same manner as production of documents has been made in relation to the Motions pursuant to the prior Orders of the Court, and it is further

ORDERED that no further discovery in relation to the Motions

may be had and no further requests for such discovery will be entertained except on the terms expressly granted in this Order and the prior Orders of the Court, and it is further

ORDERED that the hearing previously scheduled for January 8, 2004 is cancelled, and it is further

ORDERED that the debtor-in-possession USG Corporation's renewed request for document discovery of the law firms Caplin & Drysdale, Law Offices of Elizabeth Magner, Motley Rice, Weitz & Luxembourg and Cooney & Conway, previously made and denied on the record by the Court, is again denied and USG Corporation's objection to that denial is noted, and it is further

ORDERED that all prior Orders of the Court in relation to the Motions, including without limitation those Orders setting dates by or upon which counsel must appear or take certain actions in relation to the Motions, remain in full force and effect except as expressly modified by this Order.

ALFRED M. WOLIN, U.S.D.J.

4

# Cooley Godward LLP

ATTORNEYS AT LAW

Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA
94306-2155
Main       650 843-5000
Fax        650 857-0663

www.cooley.com

Broomfield, CO
720 566-4000

Reston, VA
703 456-8000

San Diego, CA
858 550-6000

San Francisco, CA
415 693-2000

SCOTT D. DEVEREAUX
(650) 843-5152
devereauxsd@cooley.com

January 7, 2004

VIA FACSIMILE & FEDERAL EXPRESS

Hon. Alfred M. Wolin
U.S. District Court
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ  07101

Re:     **In re Five Asbestos Cases -- Discovery Issues Related to Recusal
         Motions**

Dear Judge Wolin:

At the direction of Evans Wohlforth given on a conference call with the parties held earlier
today, I provide here a list of those discovery items agreed to by the parties or otherwise
addressed with Mr. Wohlforth in our call.  The parties have reached agreement generally
regarding the following additional discovery:

> (1) Stroock & Stroock & Lavan has agreed to provide a Declaration re: its
>     knowledge of certain facts related to notice of Judge Hamlin's role in G-I
>     Holdings and Stroock's communication, if any, concerning those facts to other
>     parties.  Final verbiage has not yet been reached;
>
> (2) USG Debtors have agreed to enter a stipulation re: its knowledge of certain
>     facts related to notice of Judge Hamlin's role in G-I Holdings and USG's
>     communication, if any, concerning those facts to a limited set of other parties.
>     Final verbiage has not yet been reached;
>
> (3) Davis Polk and Wardwell has agreed to produce Robert Jones' log entries
>     regarding the Owens Corning case covering the period of September to
>     December of 2003.  This production is agreed not to constitute a waiver of the
>     attorney/client privilege, attorney work product privilege or any other
>     applicable privilege;
>
> (4) Davis Polk and Wardwell has agreed to produce the names and dates of
>     membership, to the extent available, of the members of the e-mail distribution
>     lists known as oc.dpw@dpw.com and oc.committee@dpw.com;
>
> (5) Davis Polk and Wardwell has agreed to produce any reports produced for/to
>     the Official Committee of Unsecured Creditors of Owens Corning concerning
>     activities in the G-I Holdings case.  Davis Polk and Wardwell reserves the

# Cooley Godward LLP

Hon. Alfred M. Wolin
January 7, 2004
Page Two

right to assert privilege with respect to the contents of these reports and produce redacted copies and a privilege log;

(6) Kramer Levin has agreed to produce an e-mail authored by Jeffrey Trachtman seeking to determine if anyone at Kramer Levin had knowledge of Messrs. Hamlin and Gross's roles in G-I Holdings, and all responses thereto, including the response received from David Klein;

(7) Kramer Levin has agreed to produce original time sheets and billing records for all of its activity related to G-I Holdings. Kramer Levin reserves the right to assert privilege with respect to these original time sheets and billing records and produce redacted copies;

(8) Owens Corning sought the right to serve discovery on Fleet Bank to determine to whom Honor Heath sent information regarding the Hamlin appointment in G-I Holdings. Mr. Wohlforth indicated that the Court declined to intervene, but stated that it was concerned about Fleet Bank's rights of due process in responding to the discovery on an expedited basis. Mr. Wohlforth also indicated that a separate application for expedited treatment would have to be made by Owens Corning if it intended to proceed and that, in any event, the application and the discovery would have to be concluded by no later than Monday, January 12, 2003.

(9) Kensington and Springfield movants have requested that Mr. Gross reconsider certain assertions of privilege in his privilege log. Mr. Wohlforth indicated the Court will not take a position at this time as to that request. The requests relate to documents:

DRG005142-5183
DRG005518
DRG6030-6040
DRG6045-6046
DRG6056-6057
DRG6287-6289
DRG6432-6439
DRG6676
DRG6677-6678
DRG6737-6738

During the call, USG Debtors also requested document discovery of the Budd Larner law firm related to the time records for the period that Mr. Gross was a partner with Budd Larner and which show the identity of the "Names Withheld" or "Redacted" in the fee applications submitted by Budd Larner in this matter. It is USG's understanding that the Court will deny that

TELEPHONE CONFERENCE ATTENDEES
6:00 p.m. JANUARY 7, 2004

Theodore Tacconelli, Esq.
David Bernick, Esq.
Michael Crames, Esq.
Jane Parver, Esq.
Lawrence Robbins, Esq.
Gary Orsek, Esq.
John Gibbons, Esq.
Ellen Nadler, Esq.
Jeffery Trachtman, Esq.
Charles Monk, Esq.
Henry Abrams, Esq.
Nathan Finch, Esq.
Sharon Katz, Esq.
Allyn Danzeisen, Esq.
Joane Wills, Esq.
Jennifer Scoliard, Esq.
Kenneth Pasquale, Esq.
Christopher St. Geanos, Esq.
John Schaffer, Esq.
Evans Wohlforth, Esq.