IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | Re: Docket No. 3009 |

**DEBTORS' OBJECTION TO THE MOTION OF CATERPILLAR FINANCIAL SERVICES CORPORATION TO COMPEL PAYMENT OF ADMINISTRATIVE EXPENSES AND FOR RELIEF FROM AUTOMATIC STAY OR IN THE ALTERNATIVE FOR ADEQUATE PROTECTION**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), by their undersigned counsel, respectfully submit this objection to the Motion of Caterpillar Financial Services Corporation for an Order to Compel Payment of Administrative Expenses and for Relief from Automatic Stay or in the Alternative for Adequate Protection (the "Motion"). The Debtors respectfully represent as follows:

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

## INTRODUCTION

1. The Debtors have paid amounts properly due to Caterpillar Financial Services Corporation ("Caterpillar") when invoiced and properly charged. These payments provide Caterpillar with adequate protection and prevent Caterpillar from making the showing necessary for relief from the automatic stay to repossess certain equipment.

2. Caterpillar has been inconsistent with both its billing practices for the monthly lease payments and its crediting of payments made to the proper accounts. The Debtors have expended great effort in attempting to determine the amount of the administrative expenses due to Caterpillar. Caterpillar, however, has never provided the Debtors with an amount due free from accounting errors. While the Debtors desire to resolve the issue and make any payments properly due to Caterpillar, the Debtors have been unable to obtain from Caterpillar information which adequately details the amounts actually due. Further, Caterpillar has not responded to the Debtors' numerous attempts to resolve the matter with any sense of urgency.

3. Accordingly, for the reasons set forth herein, the Motion should be denied.

## BACKGROUND

4. On April 2, 2001 (the "Petition Date"), the Debtors filed voluntary petitions pursuant to chapter 11 of title 11 of the United States Code (as amended, the "<u>Bankruptcy Code</u>") and are continuing in the management of their properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5. As of the Petition Date, the Debtors leased from Caterpillar twelve pieces of equipment used in the Debtors' operations (the "Equipment") pursuant to seven leases (collectively, the "Leases").[2]

6. On October 18, 2001, Caterpillar filed a motion requesting that the Court compel the Debtors to (a) comply with the terms of the Leases and (b) comply with their obligations under section 365(d)(10) of the Bankruptcy Code (the "2001 Motion").

7. The Debtors and Caterpillar agreed to resolve the 2001 Motion by the Debtors assuming the Leases pursuant to section 365 of the Bankruptcy Code as of the date of entry of a Stipulation and Agreed Order (the "Stipulation"). The Stipulation was entered by this Court on May 20, 2002. Pursuant to the Stipulation, the Debtors paid Caterpillar the cure amount of $23,890.60[3] (the "Cure Amount") with respect to the Leases,[4] and Caterpillar waived its right to make demand for payment of any amount, other than the Cure Payment, arising prior to the date of the Stipulation related to the Debtors' obligations arising under Leases. The Stipulation additionally provided that, upon payment of the Cure Amount, the Debtors were deemed to have fully satisfied all claims for cure which may have been asserted by Caterpillar pursuant to section 365 of the Bankruptcy Code.

---

[2] Since the Petition Date, certain of the Leases have expired by their terms and the Equipment leased thereunder remains in the Debtors possession on a month-to-month basis.

[3] The Cure Payment consisted of approximately $3,261.04 in pre-petition amounts due and $20,629.56 in post-petition amounts due.

[4] The contract numbers of the Leases are: 116042; 123062; 123062-001; 123062-002; 123062-003; 123062-004; 123965; 150335; and 150335-001.

8. On November 15, 2002, Caterpillar filed the Motion asserting that the Debtors had failed to pay over $51,000 due under the Leases (the "Motion Claim"). Included in the Motion Claim amount were significant payments due prior to the entry of the Stipulation, and presumably included in the Cure Amount, and payments due after the entry of the Stipulation for which Caterpillar had not invoiced the Debtors. Prior to the filing of the Motion, on November 14, 2002, the Debtors had issued a check to Caterpillar in the amount of $31,049.76 for undisputed amounts which were included in the Motion Claim.

9. Upon receipt of the Motion, the Debtors sought to reconcile the payments made to Caterpillar with the amounts asserted to be outstanding. This reconciliation indicated that significant amounts had been misallocated between the Leases and thus the actual amount due was considerably less than the Motion Claim amount. The Debtors issued another check in the amount of $2,345.00 on November 21, 2002 and attempted to resolve the remaining disputed amounts with Caterpillar.

10. In particular, the Debtors' counsel contacted Caterpillar's counsel on several occasions in December 2002 and January, February, March and April 2003 seeking revised invoices accounting for the payment of the undisputed amounts and properly allocating all payments. The Debtors did receive some invoices and paid a total of $6,935.81 in January 2003. On March 7, 2003, the Debtors' counsel requested that Caterpillar's counsel withdraw the motion so that the parties could resolve the dispute outside the court. Caterpillar's counsel declined to withdraw the motion, representing that the matter could be wrapped up reasonably quickly.

11.  Caterpillar provided revised invoices on April 22, 2003. Upon review, the Debtors determined that the revised invoices did not properly account for all payments made. In May 2003, the Debtors did make payment of undisputed amounts totaling $7,357.95. Discussions continued between the Debtors and Caterpillar, as well as their counsel, from May through August 2003, without the inconsistencies being resolved. In or about September 2003, Caterpillar provided invoices totaling $15,988.40 which the Debtors paid without dispute in October 2003. However, invoices delivered in October of 2003 again reflected disputed amounts which the Debtors noted to Caterpillar. Caterpillar has not responded to the Debtors' inquiries regarding these disputed amounts and has not delivered any invoices to the Debtors since November 2003. The Debtors believe that the current uninvoiced amounts total $28,943.71 for amounts due through January 2004. The Debtors' counsel has contacted Caterpillar's counsel several times since early December but the Debtors have not yet received any additional invoices.

12.  The discussions between the Debtors and Caterpillar have led to the payments noted above having been made to Caterpillar in the ordinary course for amounts due post-petition under the Lease—the Debtors make these payments when properly invoiced by Caterpillar. However, both prior to and after the filing of the Motion, Caterpillar has sent invoices to the Debtors on a very irregular basis. The irregularity of Caterpillar's invoicing has perpetuated the problem of apparently unpaid amounts and has created a situation where the Debtors are unable to remain current, as payments which are made are not credited properly and late fees improperly accrue on uninvoiced amounts. As of the date of this Objection, the Debtors do not know what amount Caterpillar asserts is outstanding.

## ARGUMENT

13.     Caterpillar is not entitled to relief from the automatic stay as their rights to the Equipment are adequately protected by the payments the Debtors are making pursuant to the Leases. While there remains a dispute over certain non-current amounts Caterpillar asserts are due, the payment of the current amounts due is all that adequate protection requires. Indeed, section 361 of the Bankruptcy Code provides that:

> When adequate protection is required under section 362, 363, or 364 of this title of an interest of an entity in property, such adequate protection may be provided by . . . a cash payment or periodic cash payments to such entity, to the extent that the stay under section 362 of this title . . . results in a decrease in the value of such entity's interest in such property.

Thus, the fact that the Debtors have been making the lease payments when invoiced combined with the fact that Caterpillar's residual interest in the Equipment has not changed in value constitutes the adequate protection which Caterpillar request. In re Dabney, 45 B.R. 312, 313 (Bank. E.D. Pa. 1985) ("the adequate protection required for a lessor is the performance for which he has contracted ... Adequate protection may be provided by the lessee's compliance with the provisions of the lease."). Because Caterpillar's rights in the Equipment are being adequately protected, Caterpillar cannot be entitled to relief from the automatic stay. The Debtors should not be compelled to make additional payment or face the loss of the use of the Equipment merely because Caterpillar cannot deliver invoices on a regular monthly basis. The Debtors have made and will continue to make payments for current amounts due when invoiced.

14.     Other than uninvoiced monthly lease payments, the only currently outstanding amounts asserted by Caterpillar are amounts which the Debtors believe to arise from Caterpillar allocating current payments to amounts accrued prior to the assumption of the Leases or the charging of late fees where no invoice was provided. The Debtors liability for such amounts is

in bona fide dispute. The Debtors have made repeated efforts to reconcile these amounts with Caterpillar, but have not been able to reach a resolution, in part because of the continuing irregularity of invoices for the current amounts due. The Debtors should not be compelled to pay amounts which are in bona fide dispute, notwithstanding that the amounts, if due, may be administrative expenses. Notwithstanding this, the Debtors continue to attempt to reconcile the payment discrepancies with Caterpillar and will pay any undisputed amounts for which Caterpillar provides an invoice.

## CONCLUSION

For these reasons, the relief requested in the Motion should be denied.

Dated: January 9, 2004

        KIRKLAND & ELLIS LLP
        David M. Bernick, P.C.
        James W. Kapp, III
        Janet S. Baer
        Christian J. Lane
        200 East Randolph Drive
        Chicago, Illinois 60601
        Telephone: (312) 861-2000
        Facsimile: (312) 861-2200

        and

        PACHULSKI, STANG, ZIEHL, YOUNG, JONES &
        WEINTRAUB P.C.

        */s/ Laura Davis Jones*
        Laura Davis Jones (Bar No. 2436)
        Scotta E. McFarland (Bar No. 4184)
        David W. Carickhoff, Jr. (Bar No. 3715)
        919 North Market Street, 16th Floor
        P.O. Box 8705
        Wilmington, DE 19899-8705 (Courier 19801)
        Telephone: (302) 652-4100
        Facsimile: (302) 652-4400

        Co-Counsel for the Debtors and Debtors in Possession