IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) ) ) | Chapter 11 |
| W. R. GRACE & CO., et al., | ) ) | Case No. 01-01139 (JKF) |
| Debtors. | ) ) ) ) ) ) ) | (Jointly Administered) |
|  |  | **Re: Docket No.: 4853** |
| _____ |  | Objection Deadline:  January 12, 2004 (by agreement) Hearing Date:  January 26, 2004 |

**OBJECTION OF THE OFFICIAL COMMITTEE OF ASBESTOS PROPERTY DAMAGE CLAIMANTS TO MOTION OF DEBTORS FOR LIMITED WAIVER OF DEL.BANKR.LR 3007-1 FOR PURPOSES OF STREAMLINING OBJECTIONS TO ASBESTOS PROPERTY DAMAGE CLAIMS**

The Official Committee of Asbestos Property Damage Claimants (the "PD Committee"), by and through undersigned counsel, hereby files this Objection (the "Objection") to the Motion of Debtors for Limited Waiver of Del.Bankr.LR 3007-1 for Purposes of Streamlining Objections to Certain Claims Filed Pursuant to the Bar Date Order (the "Motion"), filed by the above-referenced debtors (the "Debtors").  In support hereof, the PD Committee would show as follows:

**Preliminary Statement**

The Debtors seek unprecedented "limited" relief from Del.Bankr.LR 3007-1 (the "Local Rule") - - a rule of this Court designed to prevent the very abuses that would be caused if the relief sought in the Motion were granted.  The Local Rule, which was carefully constructed by

\74817\15537\ # 658059 v 2

the Judges of the Bankruptcy Court for the District of Delaware, protects creditors from iterative substantive objections to their claims. By the Motion, the Debtors seek authority to object to individual property damage claims piecemeal, one objection at a time. If the Debtors are permitted to do so, property damage claimants ("PD Claimants") surviving an objection hurdle can only expect more hurdles to come until the Debtors have exhausted their repertoire of conceivable objections. Thus, PD Claimants will not be able to claim victory via the allowance of their claims in the foreseeable future and will be forced to endure the expense of in seriatim objections, truncated discovery and numerous court appearances.

## Background

1.	On April 2, 2001, each Debtor filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to operate their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2.	On April 12, 2001, the Office of the United States Trustee (the "UST") appointed the PD Committee, the Official Committee of Unsecured Creditors and the Official Committee of Asbestos Personal Injury Claimants.

3.	On April 22, 2002, over the objection of the PD Committee, the Court entered the Bar Date Order,[1] setting March 31, 2003 (the "Bar Date") as the deadline for filing Asbestos Property Damage Claims, Medical Monitoring Claims and Non-Asbestos Claims (collectively, the "Claims").

4.	Over 4000 Asbestos Property Damage Claims representing substantial claims were filed prior to the Bar Date.

---

[1] All capitalized terms used, but not defined herein, shall have the meanings ascribed thereto in the Motion.
\74817\15537\ # 658059 v 2

**The Debtors Should Not Be Granted Relief From Del.Bankr.LR 3007-1**

5.      The Local Rule applies to "any objection to the allowance of a claim pursuant to an omnibus objection . . .." <u>See</u> Del.Bankr.LR 3007-1(a).  Moreover, "[a]n objection based on substantive grounds shall include <u>all</u> objections on substantive grounds." <u>See</u> Del.Bankr.LR 3007-1(f)(iii) (emphasis added).  A substantive objection is an objection to a claim that "has attached to it any supporting documents regardless of content . . .." <u>See</u> Del.Bankr.LR 3007-1(d)(vi).

6.      The Local Rule fairly and equitably takes into consideration and balances the interest of claimants in having their claims adjudicated in a fair manner and the interest of the estate in efficiently adjudicating a large number of objections.

7.      Ironically, the Debtors argue that waiver of the requirements of the Local Rule "is efficient" and will "preserve the resources of this Court."  See Motion at ¶ 12.  It is disingenuous for the Debtors to seek relief from the Local Rule by hiding behind the rubric of efficiency and orderly administration of the estate.  The Debtors propounded the specialized proof of claim for Asbestos Property Damage Claims - - a form that was far greater in detail and requirements than any prior asbestos bankruptcy case - - that required a yeoman's effort on the part of PD Claimants.  Now, when the Debtors are faced with a task that will require substantial amounts of their time and energy -- analyzing and determining all substantive objections to each PD Claim -- the Debtors want this Court to give them relief.  There is no exception to the Local Rule for asbestos claims -- nor should there be.

8.      Rather than complying with the requirements of the Local Rule, the Debtors continue to be heavy-handed with PD Claimants and seek relief from a Local Rule designed to prevent abuse by debtors during the claims objection process.  The Debtors seek relief to file

\74817\15537\ # 658059 v 2

omnibus objections "against all Claims subject to a particular Gateway Objection." See Motion at ¶ 6. Included among the specified Gateway Objections are Claims that allegedly: (i) contain incomplete Proof of Claim Forms; (ii) contain materially deficient supporting documentation; (iii) fail to include any product identification information; (iv) are barred by applicable statutes of limitation or repose; (v) are barred by laches; and (vi) are barred by prior settlements. Id. at ¶ 5.

9. In reviewing the alleged "gateway" substantive deficiencies, the Debtors' attempt to hide behind the rubric of advancing the orderly administration of the claims objection process patently fails. For example, the Debtors assert that many Claims "are barred by applicable statutes of limitation or repose" and that by objecting on such grounds, they would be able to eliminate many Claims that have been filed. However, the determination of whether a particular Claim is barred by the applicable statute of limitations or repose is a fact intensive, case by case determination. In fact, there are multiple layers involved. First, you have to determine the applicable statute of limitation of the particular state. Next, you have to analyze whether the state follows the contamination or accrual theory. Then, you have to analyze the specific facts to determine if the statute of limitations has expired. Thus, it is clear that the claims objection process will not be advanced by pursuing such Gateway Objection through an omnibus format, i.e., a blanket statement by the Debtors that the Claims at issue are barred by applicable statutes of limitation.

10. Moreover, an examination of other purported Gateway Objections leads to the same conclusion. The Debtors assert that many Claims (a) contain incomplete Proof of Claim Forms or (b) materially deficient supporting information, and thus may be disposed of via Gateway Objections. Again, the Debtors misperceive the fact intensiveness of these allegedly

\74817\15537\ # 658059 v 2

valid objections. As this Court noted during heated debate over the content of the Asbestos Property Damage Proof of Claim Form, it would not set a standard of what exact documentation needed to be included to comply with the applicable Proof of Claim Form. Indeed, as the PD Committee explained to the Court, there are numerous different ways for a PD Claimant to demonstrate product identification. Thus, it is virtually impossible for the Debtors to assert an omnibus objection based on insufficient product identification, without an exacting examination of each particular claim to determine whether it complied with the Proof of Claim Form.

11. Further, allowing the Debtors to file multiple rounds of substantive objections in violation of the Local Rule is severely prejudicial to individual claimants. As a result of the specific examination of Claims that is required by law, if the Debtors were allowed to proceed with the Gateway Objections on a piecemeal, one-off basis, PD Claimants could be forced to attend multiple hearings on objections to their Claims. On its face, the relief requested could subject a PD Claimant to six different Gateway Objections - - and those are only the specific categories listed by the Debtors. The Debtors, in fact, reserve the right to add additional Gateway Objections to the gauntlet. To force a PD Claimant - - many of whom are individuals or small businesses - - to attend multiple hearings on objections to its Claim is simply unfair.

12. In addition, one particular category of Claims warrants special mention. Medical Monitoring Claims that were filed by the Bar Date should be exempt from any substantive objections at this time due to the pending Zonolite Attic Insulation (ZAI) science trial. Medical Monitoring Claims, although distinct from the property damage claims at issue in the ZAI science trial, do have some connection to the issues in the trial, and thus, any objection to such Claims should be abated pending the resolution of the ZAI science trial.

\74817\15537\ # 658059 v 2

13. The Debtors' proposed objection process is proscribed by the law of this jurisdiction and there is no compelling justification to relax or modify a local rule painstakingly crafted to prevent such abuse. The Debtors chose to file for chapter 11 protection in this District and should have to abide by its Local Rules and not be able to discard those rules that do not fit into their neatly crafted litigation strategy.

**WHEREFORE**, the PD Committee respectfully requests that the Court hear and consider this Objection, and thereupon enter an order sustaining it, and for such other relief that the Court deems appropriate.

Wilmington, Delaware
Dated: January 12, 2004

Respectfully submitted,

BILZIN SUMBERG BAENA
  PRICE & AXELROD LLP
200 South Biscayne Boulevard
Suite 2500
Miami, Florida  33131-2336
Telephone:  (305) 374-7580

Scott L. Baena (Admitted Pro Hac Vice)
Jay M. Sakalo (Admitted Pro Hac Vice)

-and-

FERRY JOSEPH & PEARCE, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, Delaware  19899
Telephone:  (302) 575-1555

By:/s/ Theodore J. Tacconelli
    Theodore J. Tacconelli
    (Del. Bar No. 2678)

CO-COUNSEL FOR THE OFFICIAL
COMMITTEE OF ASBESTOS PROPERTY
DAMAGE CLAIMANTS

\74817\15537\ # 658059 v 2