## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| W.R. GRACE & CO., *et al.*, | Case No. 01-01139 (JKF) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date:  January 26, 2004 at 12:00 p.m.**<br>**Objection Deadline:  January 9, 2004 at 4:00 p.m.**<br>**(extended to January 13, 2004 at 12:00 p.m.)**<br>**Related Docket No. 4859** |

## OPPOSITION OF LIBBY COUNSEL TO DEBTORS' MOTION REQUESTING AN ORDER (I) FINDING COUNSEL FOR GERARD IN CONTEMPT OF COURT AND (II) STAYING CERTAIN PROCEEDINGS PENDING APPEAL

Carol Gerard, Alfred Pennock, Billie Schull, *et al.* (the "Libby Victims"), and their counsel, Brian C. Parker and Jon L. Heberling ("Libby Counsel"), by and through bankruptcy counsel for the Libby Victims, Cohn Khoury Madoff & Whitesell LLP and Landis Rath & Cobb LLP, hereby oppose the Debtors' Motion Requesting an Order (i) Finding Counsel for Gerard in Contempt of Court and (ii) Staying Certain Proceedings Pending Appeal (the "Contempt Motion") [Docket No. 4859].  As set forth more fully below, Libby Counsel have violated neither the automatic stay nor any orders related to the Preliminary Injunction[1] because: (a) they have taken no action against the Debtors; (b) the action they have taken against Maryland Casualty Company (the "Maryland Casualty Litigation") is not barred by the Preliminary Injunction; and (c) they do not seek to proceed against CNA if the Preliminary Injunction applies to CNA.  Further, this Court has no jurisdiction to stay the action against Maryland Casualty Company ("Maryland Casualty") pending the appeal of the District Court's order to the Third Circuit Court of Appeals.  In support of this Opposition, the Libby Victims and Libby Counsel state:

---

[1] Capitalized terms not defined herein are as defined in the Contempt Motion.

## Introduction

1.     Despite the clear holding of the District Court that this Court did not have jurisdiction to enjoin the independent actions of the Libby Victims against Maryland Casualty, the Debtors return to this Court to ask again that it stay the Libby Victims' litigation against Maryland Casualty, while seeking to hold Libby Counsel in contempt for acting in accordance with the District Court's order (the "Wolin Order"). The Libby Victims and Libby Counsel have acted wholly within their rights under the Wolin Order. They have not sought to proceed in any way against the Debtors. They have merely exercised their rights to proceed against Maryland Casualty because the only bar to such litigation – this Court's order enjoining independent claims against Maryland Casualty – was removed by the Wolin Order determining that this Court does not have jurisdiction to enjoin such claims. Finally, the Libby Victims are not proceeding against CNA at this time; they filed the Amended Complaint only to protect their rights against CNA in the event that the holding regarding this Court's lack of jurisdiction in the Wolin Order can be read to apply to CNA, thus affecting potential statutes of limitation.

## Background

2.     On April 2, 2001 (the "Petition Date"), the Debtors filed a petition for relief under Chapter 11 of the Bankruptcy Code. On the same date, W.R. Grace & Company ("Grace") filed an adversary complaint seeking, *inter alia*, to preliminarily enjoin asbestos-related claims against insurers and other affiliates of Grace (the "Injunction Proceeding"). The Bankruptcy Court entered a temporary restraining order on April 2, 2001, and on May 3, 2001 entered the Preliminary Injunction sought by Grace.

3.     The Libby Victims were not named as parties in the Injunction Proceeding, and did not appear at the hearing on the preliminary injunction motion. While the Chapter 11

petition stayed the Libby Victims' claims against Grace, the Libby Victims' litigation against Maryland Casualty litigation proceeded.   It was the Libby Victims' position that the injunction did not apply to their independent tort causes of action against Maryland Casualty.   Initially, Maryland Casualty did not dispute this position, participating in depositions even after entry of the injunction. However, in August 2001, responding to a discovery request in the Maryland Casualty Litigation in Baltimore, Grace refused Gerard access to a document repository set up for the various asbestos-related claims, asserting that the litigation was enjoined.

4.    On February 4, 2002, Gerard filed a Motion to Intervene in the Injunction Proceeding, as well as a Motion to Clarify the Scope of the Preliminary Injunction or, in the Alternative, to Modify the Preliminary Injunction (the "Clarification Motion"), seeking a determination that the injunction did not apply to the independent tort causes of action against Maryland Casualty in the Maryland Casualty Litigation pending in Baltimore. After hearings on the Clarification Motion, on June 20, 2002, this Court entered an order denying the Clarification Motion (the "Clarification Order"), and specifically ordered that the injunction applied to the Maryland Casualty Litigation.   A subsequent motion by the Libby Victims to amend and reconsider the Clarification Order was also unsuccessful.

5.    The Libby Victims appealed from the Clarification Order to the District Court. On June 16, 2003, the District Court entered the Wolin Order, which provides that the Clarification Order "is hereby vacated." The Wolin Order further provides that "this matter is remanded to the Bankruptcy Court for further proceedings consistent with this Court's Memorandum Opinion."

6.    Reflecting the reality that the Wolin Order was a final order, notwithstanding the ministerial remand, the Debtors appealed the Wolin Order to the Court of Appeals for the Third Circuit. That appeal is pending.

**Argument**

## I.    Libby Counsel Is Not In Contempt

7.    The Libby Victims, through Libby Counsel, are proceeding in the Maryland Casualty Litigation in a manner consistent with the Wolin Order, and in violation of neither the automatic stay nor any extant order of this Court.

### A.    The Libby Victims Have Not Taken Action Against The Debtors

8.    In the Contempt Motion, "the Debtors note that the Amended Complaint appears not to specifically seek recovery from Grace," see Contempt Motion at ¶ 26, but inexplicably go on to complain: "it is not clear whether Gerard is attempting to advance her claims against Grace," id., and to ask for contempt sanctions for such conduct. The Debtors are correct that the Libby Victims are not seeking recovery from the Debtors by the Amended Complaint, nor are they proceeding against the Debtors in any way. The Amended Complaint expressly identifies the parties against whom relief is being sought, and leaves no doubt that the Libby Victims have sought no relief against the Debtors. If this were in any way "not clear," a phone call to Libby Counsel would have been the appropriate remedy, not an 18-page motion for contempt. The Debtors are named in the caption only because they were there before the Petition Date. The automatic stay does not prevent a plaintiff from litigating against a debtor's co-defendants merely because the debtor's name is in the caption. Libby Counsel are not in violation of the automatic stay.

### B.    Maryland Casualty Is Not Protected By The Preliminary Injunction

9.     The Debtors are wrong in asserting that the Libby Victims are bound by the Clarification Order of June 20, 2002.  The Wolin Order does not instruct this Court to "reexamine" the Clarification Order, as the Debtors suggest.  See Contempt Motion at ¶ 17.  The Wolin Order vacated the Clarification Order, holding that this Court had no jurisdiction to enjoin the Maryland Casualty Litigation.  That the Wolin Order also remanded the matter to this Court does not make it any less effective as a final order.  "A remand that requires the bankruptcy court to perform only ministerial tasks does not detract from the finality of an otherwise appealable order."  In re Pransky, 318 F.3d 536, 540 (3d Cir. 2003).   The Debtors themselves understood the Wolin Order to be a final order, when they appealed to the Court of Appeals.

10.     An order that vacates another order has the effect of rendering the first order "utterly and entirely void."  See In re Sciortino, 120 B.R. 369, 376 (Bankr. E.D. Pa. 1990); In re Allen, 69 B.R. 867, 872 n. 6 (Bankr. E.D. Pa. 1987) (stating also that Court was "inclined to treat vacated dismissal order as if it were totally null and void and never existed"); see also N.L.R.B. v. Goodless Brothers Electrical Co., 285 F.3d 102, 110 (1st Cir. 2002) (vacate means "to render inoperative; deprive of validity; void; annul").   The Wolin Order has thus rendered the Clarification Order null and void, which means that the Libby Victims are enjoined by no order from proceeding against Maryland Casualty.

11.     Most fundamentally, the Supreme Court established over 50 years ago that when a court enters an injunction that is beyond the jurisdiction of that court, there is no right to remedial relief for civil contempt from a party who is alleged to have violated the injunction.  See United States v. United Mine Workers, 330 U.S. 258, 294-95 (1947); see Latrobe Steel Co. v. United Steelworkers of America, 545 F.2d 1336, 1345 (3d Cir. 1976); Hampton Tree Farms, Inc. v. Yeutter, 956 F.2d 869, 871 (9th Cir. 1992). The Libby Victims are within their rights in

proceeding against Maryland Casualty, and Libby Counsel is not in contempt for so advising them.

**C.    The Libby Victims Are Not Proceeding Against CNA If The Preliminary Injunction Applies to CNA**

12.    Although the Libby Victims did not appeal from the inclusion of CNA in the Preliminary Injunction, the holding in the Wolin Order that this Court is without jurisdiction to enjoin claims for independent torts against third parties almost certainly means that this Court did not have jurisdiction to enjoin actions against CNA. As a result, the Libby Victims were concerned that CNA would argue that, as of the date of the Wolin Order, the statute of limitations is now running as to actions against CNA. To guard against this, the Libby Victims amended their complaint to include claims against CNA. The Libby Victims, however, have no intention of proceeding against CNA unless and until there is a ruling that the Preliminary Injunction does not apply to actions against CNA for its independent torts.

13.    Where the applicability of an injunction is unclear, a litigant that is later determined to have violated the injunction is not subject to sanctions. See International Longshoremen's Ass'n, Local 1291 v. Philadelphia Marine Trade Ass'n, 389 U.S. 64, 76 (1967); Fonar Corp. v. Deccaid Services, Inc., 983 F.2d 427, 429 (2d Cir. 1993). The Libby Victims filed the Amended Complaint in order to protect their rights only because the Wolin Order made the Preliminary Injunction unclear as to CNA. They are not pursuing their claims until a definitive determination has been made with respect to the CNA claims.

**II.    This Court Does Not Have Jurisdiction To Stay The Maryland Casualty Litigation**

14.    In federal court, an appeal does not automatically stay the order from which the appeal is taken. Stays of district court decisions pending appeal to the court of appeals are governed by Fed. R. Civ. P. 8(a). This rule provides for an appellant to first seek a stay from the

*district court* whose order is the subject of the appeal; if the district court denies the motion, then the appellant may seek a stay from the court of appeals.  More fundamentally, it is nonsensical for the Debtors to ask a bankruptcy court to stay an order of the district court vacating the bankruptcy court's order.  See, e.g., In re Wright, 187 B.R. 826, 831 n.1 (Bankr. D. Conn. 1995) ("as a court which enjoys its jurisdiction only on reference from the district court, 28 U.S.C. §157(a), the bankruptcy court has no authority to vacate a district court order"); In re Gomes, 63 B.R. 300, 302-03 (Bankr. D. R.I. 1986) (noting that it was "preposterous" to ask the bankruptcy court to undo a district court order modifying the automatic stay, because it would require the bankruptcy court to reverse the district court).

15.    Another insurmountable obstacle the Debtors face in requesting a stay is that the District Court has ruled that this Court has no jurisdiction over the Maryland Casualty Litigation. Unless reversed by a higher court, that ruling is law of the case.  See In re Continental Airlines, Inc., 279 F.3d 226 (3d Cir. 2002); Pension Benefit Guaranty Corp. v. Consolidated Industries, 215 F.3d 407, 413 (3d Cir. 2000).  Therefore, there can be no contested matter before this Court that seeks to stay the Maryland Casualty Litigation.

**REMAINDER OF PAGE INTENTIONALLY LEFT BLANK**

**Conclusion**

Based on the foregoing, the Contempt Motion should be denied.

Dated:  January *13*, 2004

COHN KHOURY MADOFF &
  WHITESELL LLP
Daniel C. Cohn
David B. Madoff
Christopher M. Candon
101 Arch Street
Boston, MA 02110
Telephone:    (617) 951-2505
Facsimile:    (617) 951-0679

- and -

LANDIS RATH & COBB LLP

Adam G. Landis (No. 3407)
Kerri Mumford (No. 4186)
919 Market Street, Suite 600
P.O. Box 2087
Wilmington, DE  19899
Telephone:    (302) 467-4400
Facsimile:    (302) 467-4450

Counsel to CAROL GERARD, ALFRED
PENNOCK, BILLIE SCHULL, *et al.* and their
Counsel, BRIAN C. PARKER and JON L.
HEBERLING