IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| ------------------------------------------------- | ) | |
| W.R. GRACE & CO., et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| -against- | ) | Adversary No. A-01-771 |
| | ) | |
| MARGARET CHAKARIAN, et al. | ) | |
| and JOHN DOES 1-1000, | ) | |
| | ) | |
| Defendants. | ) | |
| ------------------------------------------------- | ) | |

**RESPONSE OF CONTINENTAL CASUALTY COMPANY TO THE
DEBTORS' MOTION REQUESTING AN ORDER (i) FINDING COUNSEL
FOR GERARD IN CONTEMPT OF COURT AND (ii) STAYING
<u>CERTAIN PROCEEDINGS PENDING APPEAL</u>**

Continental Casualty Company ("Continental Casualty") hereby responds to and, joins, to the extent of actions taken against Continental Casualty, the Debtors' Motion Requesting an Order (i) Finding Counsel for Gerard in Contempt of Court and (ii) Staying Certain Proceedings Pending Appeal (the "Motion," Doc. No. 4859).

**SUMMARY AND OVERVIEW**

1. As this Court is aware, the *Gerard* counsel have consistently represented that their motions and actions in this Court were not directed to the prosecution of Grace-related asbestos personal injury actions against Continental Casualty, or toward seeking relief from the preliminary injunction staying such prosecution. Notwithstanding those representations, the *Gerard* counsel have taken steps in violation of the January 22, 2002 injunction and the Court's

June 20, 2002 order, without having sought relief from this Court or even having sought review of the stay this Court entered with respect to Continental Casualty. The *Gerard* counsels' actions are properly the subject of the Debtor's motion for contempt with respect to Continental Casualty because:

    i) In their original motion for relief or modification from the stay, the *Gerard* counsel did *not* seek "modification or clarification" of the Court's January 22, 2002 preliminary injunction with respect to Continental Casualty; that motion was only directed to claims involving the so-called "independent acts" of Maryland Casualty. (Gerard 2/4/04 Motion For Clarification or Modification, on file with the Court.)

    ii) In their papers, the *Gerard* counsel expressly represented to this court that "the case against Continental Casualty *involves different acts and most importantly, a different time period, 1973-1996*," and that therefore, they were not seeking relief on the motion from the injunction as to Continental Casualty. (*See* Exh. A, excerpt from Gerard Reply, on file with the Court.)

    iii) This Court denied that motion for modification and clarification in an order dated June 20, 2002. In doing so, the Court issued a further order regarding stay of filing of cases which may deeply involve the Debtor in the very issues for which it filed for bankruptcy protection. The *Gerard* plaintiffs then filed an appeal to the district court *only as to the application of the June 20, 2002 order and only as to their claims against Maryland Casualty.* They expressly stated to the Court that: "*Appellants do not seek reversal of the injunction against their prosecution of litigation against Continental Casualty . . . ."* (Exh. B, excerpts from Designation of the Record and Statement of Issues on Appeal, on file with the Court.)

    iv) Counsel then addressed *only* their claims against Maryland Casualty in their appeal to the District Court. By their own admission and representations to this Court, those claims "involve different acts" and most importantly, "a different time period" than the allegations against Continental Casualty. (Therefore, any possible claims involve recent and current management, and extensive discovery that has not been taken from the Debtors, thus defeating the *Gerard's* counsel's glib claims of no burden on, or involvement of, the Debtors.) Thus, the issues raised by the injunction and the Court's order were *not* – by the deliberate choice of the *Gerard* counsel – the subject of the appeal and *not* put before the District Court.

v) Even after the District Court's June 2003 decision with respect to Maryland Casualty, the *Gerard* counsel sought no relief with respect to Continental Casualty. Instead, they very recently chose to attempt to unilaterally and knowingly proceed to amend the *Gerard* complaint, and prosecute that action against Continental Casualty. The *Gerard* counsel have recently also filed additional amendments of complaints in Maryland state court (involving asbestos claims of Montana residents exposed by Grace operations) joining Continental Casualty into pending actions against Maryland Casualty.

2.  In sum, the Gerard's recently-filed Amended Complaint and Demand for Jury Trial and Motion Requesting Entry of Scheduling Order in the Baltimore Litigation[1] (and other further and additional attempts to prosecute cases in Maryland state court) are in clear violation of the express terms of the Preliminary Injunction, and this Court's June 20, 2002 Order, from which no relief has been sought.

## BACKGROUND

3.  As set forth in the Debtor's Informational Brief filed on April 2, 2001, the cause of the Debtors' Chapter 11 filing was its mounting asbestos liabilities, which were being raised in ever-increasing numbers and fora. Since nearly the outset of this case – based on the Debtors' need to maintain control of cases involving alleged asbestos exposure caused by the Debtors and to prevent the undermining of the Debtors' efforts to deal with its asbestos liabilities in the bankruptcy court – this Court has enjoined actions against Continental Casualty and its affiliates that arise out of Grace's asbestos liabilities.

4.  On February 4, 2002, Gerard filed a Motion to Clarify the Scope of the Preliminary Injunction or in the Alternative to Modify the Preliminary Injunction with the Court,

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Debtors' Motion.

3

seeking entry of an order stating that the Preliminary Injunction did not stay the Baltimore Litigation against Maryland Casualty based upon Maryland's own alleged independent tortious conduct. Because Gerard's counsel had just added Continental Casualty in the then newly-filed *Pennock* action in Montana, Continental Casualty filed a submittal as an "interested party," opposing the *Gerard* plaintiffs' attempts to modify the Preliminary Injunction to the extent that any such modification involved the stay against Grace-related asbestos claims against Continental Casualty. (Although the claimants made vigorous arguments and voluminous filings regarding the alleged "independent acts" of Maryland Casualty, no such showing was made or even attempted as to Continental Casualty.)

5.  After entry of this Court's June 20, 2002 Order denying the *Gerard* plaintiffs' Motion to Clarify or Modify, and further ordering the stay of litigation against the Grace insurers, Gerard and the other Appellants appealed the order. But, the Appellants expressly sought reversal of the June 20, 2002 Order only as it applied to Maryland Casualty, and not with respect to Continental Casualty:

> *Appellants expressly state herein that their appeal seeks reversal only to the extent that the orders appealed from enjoin appellants' litigation against Maryland Casualty; Appellants do not seek reversal as to the injunction against their further prosecution of litigation against Continental Casualty....*

(*See* Exh. B.) Furthermore, the six specific issues stated as the Appellants' issues on appeal all refer exclusively to Maryland Casualty, and make no reference whatsoever to Continental Casualty. (*See* Exh. B.) The Appellants' intention to limit their appeal solely to Maryland Casualty was carried over to the briefing on appeal, where the Appellants made no mention in

4

their briefs of seeking reversal of the Order as it applied to Continental Casualty.

6. On July 16, 2003, the U.S. District Court for the District of Delaware issued a memorandum opinion reversing this Court, vacating the Order as to Maryland Casualty and remanding the matter to this Court for further proceedings (the "Wolin Order"). (The standing Preliminary Injunction was not addressed or altered in that decision.) Understandably – as the issue of the Preliminary Injunction as applied to Continental Casualty was not before the District Court on appeal – the Wolin Order only dealt with the question of whether the independent claims against Maryland Casualty should be excluded from the Preliminary Injunction. The Wolin Order did *not* address the Preliminary Injunction as it applies to Continental Casualty. The Debtors and Maryland Casualty filed a notice of appeal of the Wolin Order with the Court of Appeals for the Third Circuit; the Third Circuit appeal is currently pending.

## ARGUMENT

7. An injunction prohibiting litigation against the Debtors' "Affiliated Entities" (including Continental Casualty, as Grace's insurer), involving the Debtors' asbestos-related operations and liabilities, has been in place since the filing of this bankruptcy. Gerard's counsel have been involved in such issues for close to two years and have had ample opportunity to seek review or to challenge this Court's orders with respect to Continental Casualty. They chose, for strategic reasons, not to do so. Those orders are specific, clear and unambiguous, and remain valid and binding as to matters not raised, not appealed, and from which no relief was sought.

8. "One of the overarching goals of a court's power is to ensure that litigants do not anoint themselves with the power to adjudge the orders to which they are subject." *United States*

*v. United Mine Workers*, 330 U.S. 258, 290 n.56 (1947). Court orders carry a presumption of validity which must be challenged through established procedures and orderly review, not unilateral non-compliance.

9. As noted in the Debtors' Motion, the Wolin Order does not address claims against Continental Casualty, consistently limiting its holding to the independent claims asserted against Maryland Casualty. Gerard's counsel has consistently foregone opportunities to challenge the validity of the Court's order with respect to Continental Casualty or any other affiliated entity. The Debtors' complex affairs will be thrown into chaos if claimants are free to disregard pending orders without court review, or if such matters are not properly put before the Court. As the Court is aware, the Debtors were forced into the bankruptcy court to deal with thousands of asbestos claims, and sought the stay so as to try to reach orderly resolution and to avoid being drawn into, as well as burdened and prejudiced by, a floodgate of litigation involving its operations and manufacture of asbestos products.

10. Notwithstanding the Preliminary Injunction and the unappealed portion of this Court's order, the *Gerard* counsel seek in the Amended Complaint and accompanying order in the Baltimore Litigation to assert and prosecute claims against Continental Casualty and its related entities. The record fully supports the Debtor's motion for contempt and/or alternative relief.

## CONCLUSION

For all of the foregoing reasons and in addition to those set forth in the Debtors' Motion, the Court should (a) grant the Debtors' motion for contempt of the orders; (b) order the *Gerard* counsel to withdraw their Amended Complaint and Demand for Jury Trial and their Motion Requesting Entry of Scheduling Orders and/or stay the Baltimore Litigation as against Continental Casualty; and (c) award any such further and additional relief that this Court deems proper.

Dated: January 13, 2004

        Respectfully Submitted,

        ROSENTHAL, MONHAIT, GROSS & GODDESS, P.A.

        _____
        Kevin Gross (I.D. No. 209)
        919 Market Street, Suite 1401
        P.O. Box 1070
        Wilmington, Delaware 19899-1070
        (302) 656-4433

        -and-

        FORD MARRIN ESPOSITO WITMEYER
        & GLESER, L.L.P.
        Wall Street Plaza, 23rd Floor
        New York, New York 10005-1875
        (212) 269-4900

        Counsel for Continental Casualty Company

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | * | |
| W.R. GRACE & CO., et al., | * | Chapter 11 |
| Debtors. | * | Case No. 01-01139 (JJF) |
| | * | (Jointly Administered) |
| | * | |
| W.R. GRACE & CO., et al., | * | |
| Plaintiffs, | * | |
| v. | * | |
| | * | Adversary No. A-01-771 |
| MARGARET CHAKARIAN, et al. | * | |
| and JOHN DOES 1-1000, | * | |
| | * | Hearing Date: May 20, 2002 |
| Defendants. | * | |

## CAROL GERARD'S REPLY TO MARYLAND CASUALTY AND CONTINENTAL CASUALTY

The Court's Order of April 2, 2002 reset the hearing on this matter for May 20, 2002, and required responses to the Motion to Clarify from parties in interest. Maryland Casualty and Continental Casualty have filed objections and opposition to the Motion to Clarify.[1] We will respond to Maryland Casualty's arguments and similar points raised by Continental Casualty.[2]

**Issue: Whether the Preliminary Injunction applies – or may permissibly apply[3] - to the case of *Gerard v. Maryland Casualty*.**

---

[1] Continental Casualty is not an "interested party" in the Gerard Motion to Clarify, which relates solely to the case of *Gerard v. Maryland Casualty*. Continental Casualty claims to be an interested party because it has been sued in a separate case in Montana. That case involves different acts and most importantly, a different time period, 1973-1996. No plaintiffs have sought relief from the Notice of Injunction filed in Montana by Continental Casualty.

[2] Maryland Casualty, ¶ 15, states "Gerard's counsel failed to inform . . . [of] Grace's position regarding the injunction." This is incorrect. Counsel for Maryland Casualty was told that Grace had refused to produce the documents requested by Ms. Gerard and was advised that Ms. Gerard intended to seek relief from the bankruptcy court.

[3] The United States Supreme Court has made clear that the equitable powers of any federal court are limited to those extant at the 1789 merger of law and equity. Grupo Mexicano De Desarrollo v. Alliance Bond Fund, Inc., 527 U.S. 308 (1999)("We have long held that '[t]he "jurisdiction" . . . conferred [by The Judiciary Act of 1789] is an authority to administer in equity suits the principles of the system of judicial remedies which had been devised and was being administered by the English Court of Chancery at the time of the separation of the two countries.'"). Though Continental Casualty for one argues for an extremely broad interpretation of this Court's "section 105 powers", no party has shown the existence of an equitable doctrine

# EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | |
| W.R. GRACE & CO., et al., ) | Chapter 11 |
| ) | |
| Debtors. ) | Case No. 01-01139 (JKF) |
| ) | (Jointly Administered) |
| ) | |
| W.R. GRACE & CO., et al., ) | |
| ) | |
| Plaintiffs, ) | Adversary Proceeding No. 01-771 (JKF) |
| ) | |
| -against- ) | |
| ) | |
| MARGARET CHAKARIAN, et al., ) | |
| and JOHN DOES 1-1000, ) | |
| ) | |
| Defendants. ) | |

## APPELLANTS' DESIGNATION OF THE RECORD AND STATEMENT OF ISSUES ON APPEAL

Carol Gerard; Alfred Pennock, et al.; and Billie Schull, et al. collectively, the Appellants herein, by and through their undersigned counsel, hereby file their designation of the record on appeal and statement of issues appeal under Federal Rule of Bankruptcy Procedure 8001, et seq. with respect to their appeal to the United States District Court for the District of Delaware from the following orders of the United States Bankruptcy Court for the District of Delaware in the above-captioned adversary proceeding: (1) the "Order Denying Carol Gerard's Motion to Clarify the Scope of the Preliminary Injunction or in the Alternative, to Modify the Preliminary Injunction", dated June 20, 2002 and entered June 24, 2002 (Adv. Docket No. 109); and (2) the "Order Denying Carol Gerard's Motion To Reconsider the Court's Order Denying Motion to Clarify the Scope of the Preliminary Injunction, or in the Alternative, to Modify the Preliminary Injunction", dated and entered on September 12, 2002 (Adv. Docket No. 133). **Appellants**

DEL1 45865v1

expressly state herein that their appeal seeks reversal only to the extent that the orders appealed from enjoin appellants' litigation against Maryland Casualty; Appellants do not seek reversal as to the injunction against their further prosecution of litigation against Continental Casualty, provided that all rights with respect to Continental Casualty are reserved for further proceedings other than this appeal.

Appellants designate the following items as they appear on the docket in the above-captioned adversary proceeding, including all exhibits, attachments and other papers included within each docket entry and any exhibits, demonstrative or otherwise, admitted at any relevant hearing with respect to Appellant's underlying requests for relief:

| Filing Date | # | Docket Text |
|---|---|---|
| 4/2/01 | 1 | COMPLAINT [VERIFIED] for Declaratory & Injunctive Relief [Filed by David B. Siegel, Sr. V. Pres. & General Counsel/DEBTORS.] , [JW], ORIGINAL NIBS DOCKET ENTRY #1 (Entered: 04/10/2001) |
| 4/2/01 | 2 | MOTION for TRO & Preliminary Injunction Staying All Asbestor-Related & Fraudulent Transfer Claims Against Affiliated Entities [Bench Filed by Laura Davis Jones, Proposed Counsel/DEBTORS.] , [JW], ORIGINAL NIBS DOCKET ENTRY #2 (Entered: 04/10/2001) |
| 4/2/01 | 3 | MEMORANDUM of Law in Support of Motion for TRO [Bench Filed by Laura Davis Jones, Proposed Counsel/DEBTORS.] Re: Item # 2, [JW], ORIGINAL NIBS DOCKET ENTRY #3 (Entered: 04/10/2001) |
| 4/2/01 | 4 | DECLARATION of David B. Siegel, Sr. V. Pres. & General Counsel/DEBTORS In Support of Complaint & Motion for TRO Re: Item # 1, [JW], ORIGINAL NIBS DOCKET ENTRY #4 (Entered: 04/10/2001) |
| 4/2/01 | 6 | ORDER Signed Granting TRO Re: Item # 2, [JW], ORIGINAL NIBS DOCKET ENTRY #6 (Entered: 04/12/2001) |
| 4/10/01 | 5 | SUMMONS AND NOTICE [No Date] , [JW], ORIGINAL NIBS DOCKET ENTRY #5 (Entered: 04/10/2001) |

Designation of Relevant Hearing Transcripts, in the main case docket referenced above, Case No. 01-1139 (JKF):

| Filing Date | # | Docket Text |
|---|---|---|
| 3/27/02 | 1912 | Transcript. Hearing Held 3/18/02 (BAM, ) (Entered: 04/09/2002) |
| 6/4/02 | 2162 | Transcript. Hearing Held on 5/20/02 (Attachments: Second Part) (BAM, ) (Entered: 06/05/2002) |
| 9/9/02 | 2670 | Transcript Of Hearing Held On 8/26/2002 At 10:00 a.m. (MML, ) (Entered: 09/10/2002) |

The Appellants state the following issues as their issues on the within appeal:

1. Whether the Bankruptcy Court erred in not determining that the Appellants had in fact demonstrated a prima facie case, and a likelihood of success, in their direct tort causes of action against Maryland Casualty?

2. Whether the Bankruptcy Court erred in not holding that under Montana Law, and in particular MCA § 27-1-703, no findings made in Appellants' case against Maryland Casualty could have collateral estoppel or res judicata effect upon Grace, or otherwise adversely impact the bankruptcy estate, because Grace is not a party?

3. Whether the Bankruptcy Court erred in determining that Maryland Casualty had indemnity rights against Grace with respect to Appellants' claims against Maryland Casualty, when no evidence in the record, and no applicable law, supports that conclusion?

4. Whether the Bankruptcy Court erred in determining that the January 22, 2002 original injunction order in the adversary proceeding enjoined the Appellants' direct tort causes of action against Maryland Casualty, given that Appellants' direct claims against Maryland Casualty did not meet any of the criteria of the January 22, 2002 order?

DEL1 45868v1

5. Whether the Bankruptcy Court erred in extending the section 105 injunction to Appellants' direct tort claims against Maryland Casualty, since the record does not contain clear and convincing evidence of irreparable harm to the bankruptcy estate that would outweigh potential harm to Appellants, nor does it contain sufficient evidence that the extension of the injunction is essential to the debtor's efforts at reorganization?

6. Whether the Court erred in using section 105 as a basis for extending the injunction to Appellants' direct tort claims against Maryland Casualty, given the mandate of the Supreme Court under Grupo Mexicano that the equitable powers of the federal courts is only "the authority to administer in equity suits the principles of the system of judicial remedies which had been devised and was being administered by the English Courts of Chancery at the time of the separation of the two countries?"

      /s/ Steven K. Kortanek
Steven K. Kortanek #3106
Klehr, Harrison, Harvey, Branzburg & Ellers, LLP
919 Market Street, Suite 1000
Wilmington, DE 19801
(302) 426-1189

Co-counsel to the Appellants

## **CERTIFICATE OF SERVICE**

I, Kevin Gross, hereby certify that on this 13th day of January, 2004, I caused a copy of the foregoing to be served upon all persons on the attached Service List to be served by first class mail, postage prepaid:

_____
Kevin Gross

W. R. Grace
Service List For Libby Plaintiffs
Case No. 01-1139 (JJF)
Document Number: 83994
12 – Hand Delivery
13 – First Class
03 – Overnight Mail

(Counsel to Debtors and Debtors in Possession)
Laura Davis Jones, Esquire
David Carickhoff, Esquire
Pachulski, Stang, Ziehl, Young & Jones
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

(Counsel to Debtors and Debtors in Possession)
Hamid R. Rafatjoo, Esquire
Pachulski, Stang, Ziehl, Young & Jones
10100 Santa Monica Boulevard, Suite 1100
Los Angeles, CA 90067-4100

(Copy Service)
Parcels, Inc.
Vito I. DiMaio
10th & King Streets
Wilmington, DE 19801

*Hand Delivery*
(Counsel to Official Committee of Unsecured Creditors)
Michael R. Lastowski, Esquire
Duane, Morris & Heckscher LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246

*Hand Delivery*
(Local Counsel to DIP Lender)
Steven M. Yoder, Esquire
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899

**Via Hand Delivery**
(Counsel to Carol Gerard, Alfred Pennock, Billie Schull, et al.)
Steven Kortanek, Esq.
Klehr, Harrison, Harvey, Branzburg & Ellers, LLP
919 Market Street
Suite 1000
Wilmington, DE 19801

**Via Hand Delivery**
(Counsel to Maryland Casualty Company)
Jeffrey C. Wisler, Esq.
Connolly Bove Lodge & Hutz LLP
1220 Market Street
P.O. Box 2207
Wilmington, DE 19899

**Via Hand Delivery**
(Local Counsel to Asbestos Claimants)
Marla Eskin, Esquire
Campbell & Levine
Chase Manhattan Centre
1201 N. Market Street, Suite 1500
Wilmington, DE 19801

**Via Hand Delivery**
(Counsel for The Chase Manhattan Bank)
Mark D. Collins, Esquire
Deborah E. Spivack, Esquire
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

**Via Hand Delivery**
(Counsel for Property Damage Claimants)
Michael B. Joseph, Esquire
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Via Hand Delivery**
(United States Trustee)
Frank J. Perch, Esquire
Office of the United States Trustee
844 King Street, Room 2311
Wilmington, DE 19801

**Via Hand Delivery**
(Equity Committee Counsel)
Teresa K. D. Currier
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**Via Hand Delivery**
(Counsel to Carol Gerard, Alfred Pennock,
Billie Schull, et al.)
Adam G. Landis, Esq.
Kerri Mumford, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 600
P.O. Box 2087
Wilmington, DE 19801

**Via Hand Delivery**
(Counsel For Gary and Alice Smelker)
McCarter & English, LLP
919 Market Street
Suite 1800
Wilmington, DE 19899

**Via First Class**
(Counsel to Carol Gerard, Alfred Pennock,
Billie Schull, et al.)
Jon L. Heberling, Esq.
McGarvey, Heberling, Sullivan &
McGarvey, P.C.
745 South Main
Kalispell, MT 59904

**Via First Class**
(Counsel to Carol Gerard, Alfred Pennock,
Billie Schull, et al.)
Daniel C. Cohn, Esq.
David B. Madoff, Esq.
Cohn Khoury Madoff & Whitesell LLP
101 Arch Street
Boston, MA 02110

**Via First Class**
(Counsel to W. R. Grace & Co., *et al)*
David M. Bernick, P.C.
Janet S. Baer, Esq.
James W. Kapp III, Esq.
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601

**Via First Class**
(Counsel to Debtor)
James H.M. Sprayregen, Esquire
James Kapp, III, Esquire
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

**Via First Class**
(W. R. Grace & Co.)
David B. Siegel
W.R. Grace and Co.
7500 Grace Drive
Columbia, MD 21044

**Via First Class**
(Official Committee of Unsecured
Creditors)
Lewis Kruger, Esquire
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038-4982

**Via First Class**
(Official Committee of Personal Injury Claimants)
Elihu Inselbuch, Esquire
Rita Tobin, Esquire
Caplin & Drysdale, Chartered
399 Park Avenue, 27th Floor
New York, NY 10022

**Via First Class**
(Official Committee of Property Damage Claimants)
Scott L. Baena, Esquire
Bilzin Sumberg Dunn Baena Price & Axelrod LLP
First Union Financial Center
200 South Biscayne Blvd, Suite 2500
Miami, FL 33131

**Via First Class**
(Equity Committee Counsel)
Philip Bentley, Esquire
Kramer Levin Naftalis & Frankel LLP
919 Third Avenue
New York, NY 10022

**Via First Class**
Peter Van N. Lockwood, Esquire
Julie W. Davis, Esquire
Trevor W. Swett, III, Esquire
Nathan D. Finch, Esquire
Caplin & Drysdale, Chartered
One Thomas Circle, N.W.
Washington, DC 20005

**Via First Class**
(Counsel to Official Committee of Unsecured Creditors)
William S. Katchen, Esquire
Duane, Morris & Heckscher LLP
One Riverfront Plaza, 2nd Floor
Newark, NJ 07102

**Via First Class**
(Counsel to DIP Lender)

J. Douglas Bacon, Esquire
Latham & Watkins
Sears Tower, Suite 5800
Chicago, IL 60606

**Via Overnight Mail**
Lawrence H. Sverdrup, P.C.
503 California Avenue
Libby, Montana 59923

**Via Overnight Mail**
Jon L. Heberling
John F. Lacey
McGarvey, Heberling, Sullivan & McGarvey, P.C.
745 South Main
Kalispell, Montana 59901-5399

**Via Overnight Mail**
Carl Pennicone, Esq.
Wilson Elser Moskowitz Edelman & Dicker LLP
150 East 42nd Street
New York, NY 10017-5639