IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

**APPENDIX OF EXHIBITS TO W.R. GRACE'S RESPONSE TO THE**
**MOTION OF D.K. ACQUISITION PARTNERS, L.P., *ET AL.*,**
**TO DISQUALIFY THE HONORABLE ALFRED M. WOLIN**

Dated: January 15, 2004

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Michelle H. Browdy
Janet Baer
Samuel Blatnick
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

KIRKLAND & ELLIS LLP
Christopher Landau
655 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 879-5000

PACHULSKI, STANG, ZIEHL, YOUNG,
JONES & WEINTRAUB P.C.
Laura Davis Jones (Bar No. 2436)
David W. Carickhoff, Jr. (Bar No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-counsel for Debtors and
Debtors in Possession

# **TABLE OF CONTENTS**

1.  11/27/2001 Order re Designation of a District Judge for Service in Another District Within the Circuit, In re: Armstrong World Industries, et al.

2.  Asbestos Case Management Conference of 12/20/2001, Notes attached to 11/21/2003 Supplemental Response by the District Court Judge to the Petition for a Writ of Mandamus, Pursuant to the Invitation of the Court of Appeals

3.  12/28/2001 Order Designating Court Appointed Consultants and Special Masters, In re: Armstrong World Industries, et al.

4.  11/14/2003 Affidavit of David R. Gross

5.  10/10/2001 Order Appointing Legal Representative of Present and Future Holders of Asbestos-related Demands in G-I's Chapter 11 Case, In re: G-I Holdings Inc., (f/k/a GAF Corporation)

6.  1/2/2004 Privilege Log of David R. Gross (pages 1, 28, 29, 50)

7.  1/9/2004 E-mail from Nancy Washington (Counsel to David Gross) to Gary Orseck

8.  1/8/2002 Letter from Trevor Swett, Caplin & Drysdale, to Martin Bienenstock, Esq.

9.  12/6/2002 Letter from Caplin & Drysdale to Judge Bassler

10. 2/3/2003 Letter from David Gross to Judge Bassler

11. 5/6/2003 Letter from David Gross to Judge Bassler

12. 1/12/2004 USG Stipulation

13. 3/12/2002 Order re: Fraudulent Conveyance Proceedings: 1) Authorization to Prosecute; 2) Appointment of Special Masters; and 3) Case Management Schedule, In re: W. R. Grace & Co., et al.

14. 9/24/2003 Letter from David Gross to David M. Bernick, Esq., et al., attaching 9/12/2003 order

15. 10/27/2003 Letter from David Gross to Jeffrey Prol, Esq.

16. 7/22/2003 Letter from E. Inselbuch to D. Bernick

17. 7/31/2003 E-mail from S. Baena to J. Baer

18. 7/31/2003 E-mail from J. Baer to D. Bernick

19. 8/15/2003 E-mail from J. Baer to L. Kruger, et al.

20.   Privilege Log of Kirkland & Ellis LLP

21.   9/5/2003 E-mail from C. Lane to D. Gross

22.   9/16/2003 E-mail from J. Baer to L. Kruger, et al.

23.   8/1/2003 E-mail from J. Baer to D. Bernick

24.   9/16/2003 E-mail from A. Krieger to J. Baer

25.   9/25/2003 Letter from E. Inselbuch to D. Bernick

26.   10/1/2003 E-mail from J. Baer to L. Kruger, et al.

27.   10/1/2003 E-mail from S. Baena to J. Baer, et al.

28.   10/1/2003 E-mail from A. Krieger to J. Baer, et al.

29.   10/3/2003 E-mail from C. Lane to J. Hamlin

30.   10/6/2003 E-mail from C. Lane to J. Hamlin

31.   10/7/2003 E-mail from J. Hamlin to C. Lane

32.   10/10/2003 E-mail from A. Krieger to J. Baer, et al.

33.   11/17/2003 Transcript of Proceedings Before the Honorable Judith K. Fitzgerald, United States Bankruptcy Court Judge (pages 1, 30-31), In re: W. R. Grace & co., et al.

# EXHIBIT 1

## DESIGNATION OF A DISTRICT JUDGE
## FOR SERVICE IN ANOTHER DISTRICT WITHIN THE CIRCUIT


WHEREAS, in my judgment the public interest so requires NOW, THEREFORE,

pursuant to the provisions of Title 28 U.S.C. § 292(b), I do hereby designate and assign the

Honorable Alfred M. Wolin of the United States District Court for the District of New Jersey to

hold court in the District of Delaware during the period beginning November 27, 2001 and

ending November 27, 2002, and for such additional time thereafter as may be required to

complete unfinished business in the following cases:

| | |
|---|---|
| Armstrong Work Industries | No. 00-4471 |
| Federal-Mogul | No. 01-10578 |
| USA | No. 01-2094 |
| W.R. Grace | No. 01-1139 |
| Owens Corning | No. 00-3837 |

This order is entered after consultation with and with and the assent of Chief Judge Sue

L. Robinson, Judge Joseph J. Farnan, Jr., Judge Roderick R. McKelvie and Judge Gregory M.

Sleet of the District of Delaware. As Chief Judge of the Court of Appeals and presiding officer

of the Judicial Council of the Third Circuit, it is my considered judgment that these bankruptcy

cases, which carry with them tens of thousands asbestos claims, need to be consolidated before a

single judge so that a coordinated plan for management can be developed and implemented. It is

contemplated that Judge Wolin will assign a portion of these cases to various bankruptcy judges

sitting in the District of Delaware so they may assist in moving these matters forward. As a

significant portion of the asbestos cases in this country are proceeding under the aegis of this

litigation, I deem this assignment and consolidation critically important to the administration of

justice.

_____

Edward R. Becker
Chief Judge of the Third Judicial Circuit

Dated: 11-27-01

# EXHIBIT 2

ASBESTOS CASES MANAGEMENT CONFERENCE
December 20, 2001

In 1988 I joined the United States District Court. The first three cases I handled were asbestos cases. One of your number gathered here today reminded me that in a written opinion I stated as follows:

"Asbestos exposure litigation has created a court logjam of unprecedented dimension" and that the magnitude of this problem "invites the employment of extraordinary case management techniques." Little did I know that I would once again be thrust headlong into the current waive of asbestos litigation. Nevertheless, what I said in 1988 is just as valid today, and perhaps even more so.

There are many matters which, from a case management point-of-view, I wish to discuss with

you.

First and foremost is my strong belief that case management is a participatory undertaking that involves the lawyers, as well as the Court. No one seated here today possesses all of the answers, including the Court. Accordingly, I look forward to constructive suggestions with the understanding that the final decision rests with me. Gathered here today are many diverse interests that present extraordinary complex legal issues. I realize that it is an impossible task to satisfy everyone at the same time. During this litigation there may be actions taken by the Court that aggrieve you. Conversely, there may be actions taken that please you. Rest assured that whatever my decision is in any circumstance, such decision

2

is institutional and not personal and is based on the law or policy best suited towards issue resolution. Moreover, I possess no bias in favor of or against victims of asbestos exposure. My sole interest is a fair result through good case management - the type of case management that will permit you to fulfill your professional responsibility to your client, yet be responsive to the needs of the Court. If that occurs, then we all win. If we get bogged down in internecine warfare, then we all lose. I look forward to your cooperation.

1.   Since my assignment to this case on November 27th, I have entered several orders. Each of these orders has been posted on the Delaware Bankruptcy Court Website. Likewise, all future orders of this Court will be posted

3

on that website.

2.  The December 10, 2001 order of the Court anticipates the withdrawal of references with respect to asbestos-related claims.  Counsel for the debtors and counsel for other interested parties shall, within ten days of the entry of this order, on an _ex parte_ basis, identify those issues with specificity to enable the Court to implement a representative case management plan. No privileges shall be waived as a result of any communication of information between counsel and the Court.  I recognize that there exist five separate Chapter 11 proceedings and that a case management plan for one may not fit all.

3.  All motions, if any, as to asbestos related issues, except for the transfer motions, are hereby deemed withdrawn.  Future motions

4

000345

specifically reserved for this Court shall not be filed without prior consent of the Court. Through periodic case management conferences, I am satisfied that this advance notice provision will not serve as a cause of delay.

4.  On December 19, 2001, I entered a housekeeping order that is incorporated herein by reference.  It deals with fax transmissions, as well as fixed dates before this Court.  READ IT.

5.  In order to effectively case manage complex litigation, it is necessary for the judge to speak and/or meet with attorneys on an ex parte basis, without permission of adversary attorneys.  Any objection to such ex parte communication is deemed waived.  It is a power that calls for an act of faith on your part and

5

000346

a power that I intend to use sparingly.

6. With the number of firms involved, I am unsure whether I have a personal relationship with any of your associates or partners. I leave it to you to so advise the Court so that I can make the appropriate disclosure.

7. To assist the Court in identifying any problems of recusal or disqualification, counsel will submit to the Clerk of the Bankruptcy Court within seven days of today's date, a statement of all companies affiliated with your client and all counsel associated in the litigation. It shall thereafter be posted on the Bankruptcy Court's Website.

8. Each party shall preserve all documents and other records containing information potentially relevant to the subject matter of

000347

this litigation.  Subject to further order of
the Court, parties may continue routine erasures
of computerized data pursuant to existing
programs, and preserve any printouts of such
data.  Within seven days of today's date, each
party shall establish a written policy for its
employees to implement that party's documents
preservation obligations pursuant to the
directives of this Court, and each party shall
deliver a hard copy of that policy to each of
their employees.  The written policy shall be
preserved and made available for inspection or
filing with the Court as may be required in the
future.

9.  The Court has evolved an overall case
management plan that is calculated towards a
division of responsibility between this Court

7

and the Bankruptcy Courts assigned to the
Chapter 11 proceedings.  The plan is a starting
point with no pride of authorship or design
involved.  It was conceived with the Court's
desire to develop procedures to promote the
efficient and rational resolution of asbestos-
related claims.  Thus, modalities that permits a
structure capable of application to multiple
Chapter 11 proceedings and eliminates
duplication will, in the final analysis, result
in making more money available for the
resolution of deserving claims.

(DISCUSS STRUCTURE)

10.  With regard to non-jury issues, I shall
hold court in Newark under the auspices of my
temporary assignment to the District of
Delaware.  Any issue that requires a disposition

000349

by jury trial shall be held in Wilmington,

Delaware.

11.   Lastly, any application to withdraw the

reference as to any issue (in the first

instance) should be made to the appropriate

Bankruptcy Judge.

9

000350

## CERTIFICATE OF SERVICE

I, Joanne B. Wills, hereby certify that on this 21st day of November, 2003, I caused a copy of the foregoing **Appendix to the Emergency Petition for Writ of Mandamus Of D.K. Acquisition Partners, L.P., Fernwood Associates, L.P. And Deutsche Bank Trust Company Americas** on the attached Service List in the manner there indicated.

KLEHR, HARRISON, HARVEY,
BRANZBURG & ELLERS LLP

By: _Joanne B Wills_

Joanne B. Wills (#2357)
919 Market Street, Suite 1000
Wilmington, DE 19801-3062
(302) 426-1189

# EXHIBIT 3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: ARMSTRONG WORLD INDUSTRIES, INC., et al., | : | Chapter 11 |
| | : | Case Nos. 00-4471, 00-4469, |
| Debtors. | : | 00-4470 |
| | : | |
| IN RE: W.R. GRACE & CO., et al., | : | Chapter 11 |
| | : | Case Nos. 01-1139 through |
| Debtors. | : | 0-1200 |
| | : | |
| IN RE: FEDERAL-MOGUL GLOBAL, INC., T&N LIMITED, et al., | : | Chapter 11 |
| | : | Case Nos. 01-10578, et al.[1] |
| Debtors. | : | |
| | : | |
| IN RE: USG CORPORATION, a Delaware Corporation, et al., | : | Chapter 11 |
| | : | Case Nos. 01-2094 through |
| Debtors. | : | 01-2104 |
| | : | |
| IN RE: OWENS CORNING, et al., | : | Chapter 11 |
| | : | Case Nos. 00-3837 through |
| Debtors. | : | 00-3854 |

ORDER DESIGNATING COURT APPOINTED CONSULTANTS
AND SPECIAL MASTERS

This matter having been opened by the Court upon its own

motion in each of the above-captioned Chapter 11 cases; and the

interested parties having been put on notice by the Court at the

joint case management conference held on December 20, 2001, that

the Court anticipated appointing special masters and/or case

---

[1]See attached list.

000014

management consultants to whom the Court may from time to time delegate certain authority to hear matters and to advise the Court on issues that may arise in these five large Chapter 11 cases; and for good cause shown

It is this 28th day of December, 2001

ORDERED that the following Order applies to the lead cases identified in the caption of this Order and to all cases filed as related cases thereto, and it is further

ORDERED that William A. Drier, Esq., David R. Gross, Esq., C. Judson Hamlin, Esq., John E. Keefe, Esq., and Professor Francis E. McGovern are hereby designated as Court Appointed Consultants to advise the Court and to undertake such responsibilities, including by way of example and not limitation, mediation of disputes, holding case management conferences, and consultation with counsel, as the Court may delegate to them individually, and it is further

ORDERED that the parties are on notice that the Court may, without further notice, appoint any of the Court-Appointed Consultants to act as a Special Master to hear any disputed matter and to make a report and recommendation to the Court on the disposition of such matter, and it is further

ORDERED that William A. Drier, Esq., is hereby appointed Special Master in the matter of In re W.R. Grace & Co., Bankruptcy No. 01 1139 through 01-1200, to hear all disputed matters in that Chapter 11 case for which the Court's Order of

000015

Reference may be withdrawn from the Honorable Judith K. Fitzgerald, United States Bankruptcy Judge, and it is further

ORDERED that the fees of the Court Appointed Consultants and Special Master(s) shall be borne by the debtors in such manner and apportionment as this Court or the Bankruptcy Courts may hereinafter direct.

_____
ALFRED M. WOLIN, U.S.D.J.

000016

**EXHIBIT 4**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | CHAPTER 11 |
| | ) | |
| OWENS CORNING, et al. | ) | |
| | ) | |
| Debtors. | ) | Case No. 00-03837(JKF) |
| | ) | |
| | ) | |
| | ) | Jointly Administered |
| | ) | |

| | | |
|---|---|---|
| STATE OF FLORIDA | ) | |
| | ) ss: | |
| COUNTY OF ORANGE | ) | |

### AFFIDAVIT OF DAVID R. GROSS

I, DAVID R. GROSS, of full age, being duly sworn upon my oath, do hereby depose and say:

1.  I respectfully submit this affidavit in accordance with the October 28, 2003 Case Management Order entered by the Honorable Alfred M. Wolin, U.S.D.J., concerning the pending recusal motion brought by Kensington International Ltd. and Springfield Associates, LLC. That order directs the "Court Appointed Advisors" previously named by Judge Wolin to state under oath

> all occasions on which the Court Appointed Advisor provided advice or other assistance in connection with the [*Owens Corning*] case and the [*G I Holdings*] case, including the substance of that advice and/or the nature of the assistance, and including without limitation of the foregoing any advice of a legal nature on a matter pending or likely to come before the Court and any activity in the nature of mediation of disputes before the Court or likely to come before the Court.

{00316746.DOC}

A copy of the Case Management Order is attached as Exhibit A.  I have personal knowledge of the facts set forth herein.

2.      I am an attorney at law admitted to practice and in good standing in New Jersey and New York and a member of Saiber Schlesinger Satz & Goldstein, LLC.  I have over 40 years of experience in mass tort, products liability, primary and excess insurance coverage, class actions and multidistrict litigation, including complex asbestos and asbestos-related bankruptcy litigation.  I was national defense counsel to Johns-Manville Co., the first company to seek bankruptcy protection based on asbestos liabilities, and have since handled a number of asbestos and other mass tort cases, principally on behalf of corporate defendants.  While I have represented both plaintiffs and defendants, I have been considered a "defense lawyer" by reputation for most of my career.  I have also frequently served as a mediator, court-appointed and otherwise, in varied complex commercial litigation.  My curriculum vitae is attached as Exhibit B.

3.      I was a member of Budd, Larner, Gross, Rosenbaum, Greenberg & Sade, P.C. ("Budd Larner") in Short Hills, New Jersey from 1970 through 2002.  From September 1, 2002 through November 11, 2002, I was the managing partner of D.R. Gross & Associates, LLC in Morristown, New Jersey.  On November 11, 2002, that firm merged with Saiber Schlesinger Satz & Goldstein, LLC ("SSS&G") in Newark, New Jersey.

4.      In early December 2001, I was contacted by retired New Jersey Superior Court Judge C. Judson Hamlin regarding *In re G-I Holdings, Inc.*, a Chapter 11 proceeding filed in the United States Bankruptcy Court for the District of New Jersey.  Mr. Hamlin had recently been appointed by the Honorable Rosemary Gambardella, U.S.B.J., as the Legal Representative of Present and Future Holders of Asbestos-Related Demands in that

2

matter. He was seeking local counsel to represent him in that role, having already chosen Keating, Muething & Klekamp ("KMK"), a Cincinnati, Ohio firm known for its bankruptcy practice, as his bankruptcy counsel. Mr. Hamlin retained Budd Larner on or about December 18, 2001 and we immediately began providing service as local counsel. Budd Larner's employment application was approved by order dated January 16, 2002 *nunc pro tunc* to December 18, 2001. My successive firms have continued to represent Mr. Hamlin following my departure from Budd Larner, again with Bankruptcy Court approval. Copies of the approval orders are attached as Exhibits C, D and E.

5.      In November 2001, Chief Judge Becker of the United States Court of Appeals for the Third Circuit assigned the *Owens Corning* bankruptcy, along with four other major asbestos-related bankruptcies, to Judge Wolin. In light of their extraordinary reach and complexity, Judge Wolin announced to all interested parties his intention to appoint consultants to assist in the task of managing and administering the five cases.

6.      In December 2001, Judge Wolin contacted me and requested that I serve on a panel of advisors of varying experience and expertise that he was planning to appoint to assist him in the administration of the cases. Although he did not identify my specific tasks or responsibilities, Judge Wolin expressed his view that, with my asbestos, insurance and mass tort experience, I could help the Court and the parties avoid or overcome the many procedural and operational complexities that bedevil asbestos-related bankruptcies, and that I might facilitate the ultimate settlement of one or more of the cases. Neither in our initial discussions, nor at any time thereafter, did Judge Wolin state, suggest or imply that he would seek from me any advice of a legal nature, or any legal or factual research, or any reports or evaluations of the parties' legal or factual claims, or

3

any like services. Nor did I at any time suggest that I could, or would, perform any such services for Judge Wolin.

7.    In conformity with those discussions, and with my acquiescence, Judge Wolin entered his December 28, 2001 order naming me and four others as "Court Appointed Consultants to advise the Court and to undertake such responsibilities . . . as the Court may delegate...." These responsibilities "includ[ed] by way of example and not limitation, mediation of disputes, holding case management conferences, and consultation with counsel...." A copy of the December 28, 2001 Order is attached as Exhibit F.

8.    At all relevant times, Judge Wolin was aware of my representation of Mr. Hamlin in *G-I Holdings*. My concurrent roles as a consultant for Judge Wolin and counsel to Mr. Hamlin are, of course, matters of public record, and all filings with Judge Wolin and Judge Gambardella appear on the electronic court docket. Moreover, the cases before Judge Wolin and the *G-I Holdings* bankruptcy have all been subjects of on-going media interest, particularly in national publications serving the asbestos-litigation community.

9.    Throughout the course of my service, I have performed the tasks -- and only the tasks -- discussed in my initial meetings with Judge Wolin and confirmed in the appointment order. Essentially, my role has been that of a settlement facilitator. The vast majority of my time has been occupied in meetings I arranged with representatives of all parties, including debtors, creditors and insurers. Those meetings -- which I usually conducted together with Professor Francis E. McGovern, another of Judge Wolin's appointees -- were designed to bring the parties and the insurers to the negotiating table, where I could, as mediator, assist in untangling the procedural complexities and advancing settlement discussions. My billing records, which are attached to my

4

applications for compensation and are a matter of public record, confirm that my efforts were of that nature.

10.     At no time have I discussed, participated or assisted in any way in Judge Wolin's decision-making function. I have not discussed with Judge Wolin, in any manner or form, any legal or factual issues before the Court or likely to come before the Court in any of the five bankruptcies assigned to Judge Wolin, or, indeed, in the *G-I Holdings* case before either Judge Gambardella or Judge Bassler. (The Honorable William G. Bassler, U.S.D.J., has handled all *G-I Holdings* matters at the District Court level to date.) Judge Wolin has not solicited, nor have I submitted, any written or oral advice or recommendations, or any analysis or commentary concerning any such matters.

11.     The involvement of my successive firms in my work as consultant has been solely administrative and ministerial, as reflected in my billing records. Associates and paralegals provided support only with respect to (i) the administration of my role, such as compensation matters and filing, (ii) my initial efforts to familiarize myself with the current asbestos bankruptcy landscape, and (iii) my mediation efforts. At no time did my associates or colleagues undertake legal research, legal or factual analysis, or drafting of any sort for Judge Wolin's review or consideration.

12.     Additionally, I have had no communication, written or oral, with Judge Gambardella -- other than in open court -- concerning the cases before Judge Wolin, or my role or activities in those cases.

13.     Certain other assertions made in the recusal motion papers warrant a brief response:

(i) I have had no communication with Judge Wolin, either written or oral, concerning the reputation, expertise or opinions of Dr. Leticia Chambers, or concerning her testimony in any of the cases before Judge Wolin and Judge Gambardella.

(ii) I redacted from my bills certain names of persons with whom I had met. Those redactions were made in aid of the settlement discussions then being conducted, either at the request of the parties or at the instruction of the Court. The United States Trustee's Office requested, and was provided, unredacted versions of the bills.

(iii) The June 20, 2002 billing that included 5.2 hours in part to "[p]repare for and appear at Bankruptcy Court before Judge Gambardella" (*see* Notice of Motion to Recuse, ¶ 34) was submitted by the Budd Larner firm after my leaving that firm and without my review. The entry and charge appear to be in error. I will look into the matter and report to the Court any mistaken charge or payment.

(iv) My argument to Judge Gambardella as to what Judge Wolin "would not have held" about the dischargeability of certain claims (*id.* at ¶ 30) was based solely on a reading and analysis of Judge Wolin's published opinions and other authorities. I never discussed the issue with him, nor did I have any information or insight from any source concerning his thinking on the issue.

14.    To date, four applications for compensation for services rendered pursuant to the December 28, 2001 Order have been filed on my behalf. The aggregate fees and disbursements applied for and paid to date are $305,546.59, for the period through March 31, 2003. Each application was made on notice to all parties in interest and no objections were raised. My billing records, submitted with my applications for compensation,

reflect a total of 838.3 hours billed. For the most part, charges for my fees have been divided equally among the five (5) cases. Of these hours, 32.05 hours were billed for work related to *Owens Corning* alone.

15.    No application has yet been filed on my behalf for fees incurred since April 1, 2003. My billing records show fees and disbursements for the period from April 1, 2003 in the aggregate amount of $102,465.85. All of my billing records, previously submitted and to be submitted, reflect the performance of tasks consistent with my role throughout my appointment -- that of a settlement facilitator.

16.    In addition, by agreement of two non-debtor entities, Sealed Air Corporation and Fresenius Medical Care Holdings, Inc., I was asked to mediate issues between the parties in two pending adversary proceedings in the *W.R. Grace & Co.* bankruptcy case, one of the five cases assigned to Judge Wolin. This engagement was independent from my role as a court appointed consultant. After a successful resolution of the matters, the non-debtor parties reached an agreement with the debtor, W.R. Grace, whereby W.R. Grace would bear a portion of the mediation cost. As a debtor, W.R. Grace's payment of any portion of the fees required Court approval, thereby subjecting the portion proposed to be paid by W.R. Grace to the scrutiny of all parties in interest. No objection was raised and $300,000 in fees were allowed -- $150,000 by the non-debtor parties, $150,000 by W.R. Grace. A copy of the June 17, 2003 Letter Opinion and subsequently issued Order dated July 7, 2003 are attached as Exhibits G and H.

7

17.     I trust the Court will find that this affidavit fully satisfies the directive of the

October 28, 2003 Case Management Order.  I stand ready, of course, to respond to any

further inquiries the Court may have.

_____

DAVID R. GROSS

Dated: _November 14, 2003_

Sworn to and subscribed before me
this __14__ day of  November, 2003.


Notary Public

> LAURIE J. FROELICH
> MY COMMISSION # CC 999682
> EXPIRES: February 8, 2005
> Bonded Thru Pichard Insurance Agency

# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | Delaware Bankruptcy |
| OWENS CORNING, et al. | : | Case Nos. 00-3837 to 3854 (JKF) |
| | : | Jointly Administered |
| Debtors. | : | |

**CASE MANAGEMENT ORDER AND ORDER TO SHOW CAUSE CONCERNING MOTION
TO RECUSE ALFRED M. WOLIN, U.S.D.J.**

This matter having been opened by the Court upon its own

motion in the above-captioned chapter 11 case; and this Court

having partially withdrawn the reference to the Bankruptcy Court

of the above-captioned chapter 11 case with respect to the motion

titled "Motion to Recuse the Honorable Alfred M. Wolin, United

States District Judge, from Further Participation in These

Jointly Administered Cases" (the "Motion to Recuse"); and the

Court having stayed all proceedings in this matter by Order dated

October 23, 2003, in anticipation of issuing this Case Management

Order; and good cause appearing

It is on this 28th day of October, 2003

ORDERED that those persons named Court Appointed Advisors in

this Court's Order dated December 28, 2001 (the "Appointment

Order"), shall, on or before November 14, 2003,

    i.    review the Motion to Recuse and the affidavits filed in
          support of the Motion to Recuse,

    ii.   review their time records recording time spent in
          execution of the duties set forth in the Appointment
          Order and all other activities whereby the Court

Appointed Advisor provided advice or any other assistance to the Court,

3. file with the Court and serve on all interested parties an affidavit stating under oath all occasions on which the Court Appointed Advisor provided advice or other assistance in connection with the above-captioned chapter 11 case and the chapter 11 case titled In re G-1 Holdings, Inc., including the substance of that advice and/or the nature of the assistance, and including without limitation of the foregoing any advice of a legal nature on a matter pending or likely to come before the Court and any activity in the nature of mediation of disputes before the Court or likely to come before the Court.

and it is further

ORDERED that the affidavits provided by the Court Appointed Advisors pursuant to this Order shall be full and complete and in the spirit of cooperation with the Court's intent to fully reveal all aspects of the Court Appointed Advisors' communications with and assistance to the Court, if any, including without limitation any knowledge of deliberations of the Court with respect to matters pending before it or likely to come before it to which the Court Appointed Advisors may be privy, and it is further

ORDERED that the content of the affidavits of the Court Appointed Advisors filed pursuant to this Order shall be limited to matters concerning the above captioned chapter 11 case and the chapter 11 case titled In re G-1 Holdings, Inc., and it is further

ORDERED that the content of the affidavits of the Court Appointed Advisors shall not be limited by any privilege or rule

2

of confidentiality regarding their communications with the Court, provided however that this paragraph shall not be construed to waive any privilege or rule of confidentiality with respect to communications or activities of the Court's regular staff regardless of subject matter, and it is further

ORDERED that any interested party may show cause why the Motion to Recuse should be denied without further proceedings or, in the alternative, why further proceedings including discovery should be had on the Motion to Recuse, by filing a brief not to exceed 30 pages with the Court on or before November 28, 2003, and it is further

ORDERED that any interested party may file a brief in response to a brief filed pursuant to the foregoing paragraph not to exceed 15 pages, on or before December 5, 2003, and it is further

ORDERED that no oral argument or hearing shall be heard on this Order to Show Cause except as may be scheduled by the Court on its own motion, and it is further

ORDERED that, except as modified by this Order, the stay of proceedings on the Motion to Recuse provided by this Court's Order of October 23, 2003, shall remain in force.

ALFRED M. WOLIN, U.S.D.J.

# Exhibit B

<u>DAVID R. GROSS</u>

EMPLOYMENT:

Senior Partner, SAIBER SCHLESINGER SATZ & GOLDSTEIN, LLC, One Gateway Center, 13th Floor, Newark, New Jersey 07102
November 2002 to present

Name Partner, D.R. Gross & Associates, LLC, 55 Madison Avenue, Morristown, New Jersey 07960
September 2002 to November 2002

Senior Partner, BUDD LARNER GROSS ROSENBAUM GREENBERG & SADE, P.C., 150 John F. Kennedy Parkway, Short Hills, New Jersey 07078
1970 to August 2002

EXPERIENCE:

Litigation of all types, including products liability, primary and excess insurance coverage disputes, medical malpractice, commercial class actions, commercial fraud and contract litigation, class action and multidistrict litigation in numerous areas.

National and Lead Counsel to Manville in Asbestos Litigation

National and Lead Counsel to Thompson Chemical Company in Agent Orange Litigation

Special counsel to A.H. Robins in Dalkon-Shield Litigation

Lead Trial Counsel in Federal District Court in at least 15 States

Argument in United States Circuit Courts of Appeal in 4 to 5 Circuits

PROFESSIONAL ASSOCIATIONS:

Fellow:          American College of Trial Lawyers
                 American Bar Foundation
                 International Academy of Trial Lawyers
                 (500 Members in the United States)

Diplomate:    American Board of Trial Advocates

Master, Justice William J. Brennan, Jr. Essex Inn of Court

Chairman, American College of Trial Lawyers Committee on Complex Litigation for 7 years

Member:      The American law Institute Advisory Committee
             on Complex Litigation
             Editorial Board of NEW JERSEY LAWYER
Board of Editors:

    Environmental Hazards (The Superfund, ECRA and
    Toxic Tort Law Advisor. Prentice Hall Law & Business)

Editorial Advisory Board:

    Inside Litigation (Prentice Hall Law & Business)
    International Litigation Forum (Hawksmere Limited, London)
    The Litigation Analyst (The Litigation Analysis Group, Inc.)

Past President of the Association of the Federal Bar of the State of New Jersey

Member of the Lawyers Advisory Committee of the New Jersey District Court,
appointed by Chief Judge

Member of Nominating and Reappointment Committee of the United States
District Court of New Jersey for Magistrate Judges

PUBLICATIONS:

Numerous publications for PLI, DRI, Law & Business, ALI-ABA, and ICLE
in the fields of products liability, insurance law, and general toxic tort
litigation. Chairman of various seminars in the U.S. and abroad dealing with
the above topics for 20 years

OTHER:

Listed in THE BEST LAWYERS IN AMERICA since 1983.

# Exhibit C

IT IS THE DIRECTION OF THIS COURT THAT THE
SUCCESSFUL PARTY SERVE A FILED COPY OF THIS
ORDER UPON ALL PARTIES TO THIS ACTION.

David R. Gross (DG6431)
Sonya M. Longo (SL7921)
**BUDD LARNER GROSS**
**ROSENBAUM GREENBERG & SADE, P.C.**
150 John F. Kennedy Parkway, CN 1000
Short Hills, NJ  07078-0999
(973) 379-4800

Kevin E. Irwin (KI3828)
Michael L. Scheier (MS9173)
Daniel A. Austin (DA0335)
**KEATING, MUETHING & KLEKAMP, P.L.L.**
1400 Provident Tower
One East Fourth Street
Cincinnati, OH  45202
(513) 579-6400
*Counsel for the Legal Representative of*
*Present and Future Holders of Asbestos-Related*
*Demands*



UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK VICINAGE

In re:                                    )       CHAPTER 11
                                          )       Hon. Rosemary Gambardella, Chief Judge
G-I HOLDINGS INC.,                        )       CASE NO. 01-30135 (RG)
                                          )
                 Debtor.                  )
                                          )

ORDER APPROVING EMPLOYMENT OF BUDD LARNER
GROSS ROSENBAUM GREENBERG& SADE, P.C. AS COUNSEL
FOR ASBESTOS DEMANDS REPRESENTATIVE
*NUNC PRO TUNC* TO DECEMBER 18, 2001

THIS MATTER having been opened to the Court upon the application (the

"Application") of the Legal Representative of Present and Future Holders of Asbestos-Related

Demands in G-I's Chapter 11 case ("Asbestos Demands Representative") for an Order approving

the employment of Budd Larner Gross Rosenbaum Greenberg & Sade, P.C. ("Budd Larner") as

local counsel to the Asbestos Demands Representative *nunc pro tunc* to December 18, 2001;

797

2

- 2 -

upon the Affidavit and Verified Statement of David R. Gross, sworn to the 7th day of January, 2002; proper notice of the Application having been given; and the Court being satisfied that these attorneys represent no entity having an adverse interest in connection with regard to the matters upon which they are to be engaged; and being satisfied that the employment of Budd Larner is necessary and in the best interest of the Asbestos Demands Representative; and the Court having jurisdiction to consider the Application under 28 U.S.C. § 1334; and for good and sufficient cause appearing therefore;

IT IS on this _16_ day of January 2002

ORDERED that the Application is GRANTED in all respects; and it is further

ORDERED that Budd Larner is hereby approved to serve as local counsel to the Asbestos Demands Representative in this Chapter 11 bankruptcy case *nunc pro tunc* to December 18, 2001; and it is further

ORDERED that Budd Larner shall be compensated in accordance with the same procedures applicable under Bankruptcy Code §§ 330 and 331; and it is further

ORDERED that a copy of this Order shall be served upon all interested parties within _7_ days from the date hereof.

Honorable Rosemary Gambardella,
Chief United States Bankruptcy Judge

369118

# Exhibit D

David R. Gross (DG6431)
D. R. GROSS & ASSOCIATES, LLC
55 Madison Avenue, Suite 400
Morristown, NJ 07960
*Counsel for the Legal Representative of*
*Present and Future Holders of Asbestos-Related*
*Demands*

**FILED**
JAMES J. WALDRON, CLERK

OCT - 3 2002

U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY_____ DEPUTY

**FILED**
JAMES J. WALDRON CLERK

SEP 2 4 2002

U.S. BANKRUPTCY COURT
NEWARK, N.J.
_____ DEPUTY

UNITED STATES BANKRUPTCY COURTS
FOR THE DISTRICT OF NEW JERSEY
NEWARK VICINAGE

| | |
|---|---|
| In re: | ) CHAPTER 11 |
| | ) Hon. Rosemary Gambardella, Chief Judge |
| G-I HOLDINGS INC., | ) CASE NO. 01-30135 (RG) |
| | ) Hearing Date: |
| Debtor | ) Oral argument waived |
| | ) |

**ORDER APPROVING SUBSTITUTION OF D. R. GROSS & ASSOCIATES, LLC AND
WITHDRAWAL OF BUDD LARNER GROSS ROSENBAUM GREENBERG & SADE,
P.C. AS LOCAL COUNSEL FOR THE LEGAL REPRESENTATIVE OF PRESENT
AND FUTURE HOLDERS OF ASBESTOS-RELATED DEMANDS *NUNC PRO TUNC*
TO SEPTEMBER 1, 2002**

THIS MATTER having been opened to the Court upon the application (the
"Application") of the Legal Representative of Present and Future Holders of Asbestos-Related
Demands in G-I'2 Chapter 11 case ("Legal Representative") for an Order approving the
substitution of D. R. Gross & Associates, LLC as local counsel to the Legal Representative *nunc
pro tunc* to September 1, 2002; upon the Affidavit and Verified Statement of David R. Gross,
sworn to the ___ day of September, 2002; proper notice of the Application having been given; and
the Court being satisfied that these attorneys represent no entity having an adverse interest in
connection with regard to the matters upon which they are to be engaged; and being satisfied that
the substitution of D. R. Gross & Associates, LLC and withdrawal of Budd Larner Rosenbaum
Greenberg & Sade, P.C. ("Budd Larner") is necessary and in the best interest of the Legal
Representative; and the Court having jurisdiction to consider the Application under 28 U.S. C. §
1334; and for good and sufficient cause appearing therefore;

406903W

IT IS on this 3rd ~~October~~ day of ~~September~~ 2002

ORDERED that the Application is GRANTED in all respects; and it is further

ORDERED that D. R. Gross & Associates, LLC is hereby approved to serve as local counsel to the Legal Representative in this Chapter 11 bankruptcy case *nunc pro tunc* to September 1, 2002; and it is further

ORDERED that D. R. Gross & Associates, LLC shall be compensated in accordance with the same procedures applicable under Bankruptcy Code §§ 330 and 331; and it is further

ORDERED that Budd Larner is hereby withdrawn as local counsel to the Legal Representative as of this day; and it is further

ORDERED that a copy of this Order shall be served upon all interested parties within 7 days from the date hereof.

_____
Honorable Rosemary Gambardella,
Chief United States Bankruptcy Judge

# Exhibit E

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-2(c)**

David R. Gross (DG6431)
Whitney R. Chelnik (WC5643)
SAIBER SCHLESINGER SATZ & GOLDSTEIN
LLC
One Gateway Center, 13th Floor
Newark, New Jersey 07102-5311

Kevin E. Irwin (KI3828)
Michael L. Scheier (MS9173)
KEATING, MUETHING & KLEKAMP P.L.L.
1400 Provident Tower
One East Fourth Street
Cincinnati, OH 45202

*Counsel to the Legal Representative of Present and
Future Holders of Asbestos-Related Demands*

| | |
|---|---|
| In Re: | Chapter 11 |
| G-I HOLDINGS INC., f/k/a<br>GAF CORPORATION, | Case No.: 01-30135 (RG) |
| | Hearing Date: Oral Argument waived |
| Debtor. | Honorable Rosemary Gambardella, Chief Judge |

FILED
JAMES J. WALDRON, CLERK

JAN 2 4 2003

U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY_____ DEPUTY

**ORDER APPROVING THE EMPLOYMENT AND SUBSTITUTION OF SAIBER,
SCHLESINGER, SATZ & GOLDSTEIN, LLC AS LOCAL COUNSEL FOR THE LEGAL
REPRESENTATIVE OF PRESENT AND FUTURE HOLDERS OF ASBESTOS
RELATED DEMANDS *NUNC PRO TUNC* TO NOVEMBER 11, 2002**

The relief set forth on the following page, numbered two (2), is hereby ORDERED.

1/24/03

HONORABLE ROSEMARY GAMBARDELLA
CHIEF BANKRUPTCY JUDGE

Debtor: G-I Holdings, Inc.
Case No.: 01-30135 (RG)
Caption of Order:    Order Approving the Employment and Substitution of Saiber, Schlesinger,
satz & Goldstein, LLC as Local Counsel for the Legal Representative of Present and Future
Holders of Asbestos-Related Demands *Nunc Pro Tunc* to November 11, 2002

This matter having been opened to the Court upon the application of the Legal Representative of Present and Future Holders of Asbestos-Related Demands ("Legal Representative") in G-I's Chapter 11 case for an Order approving the employment and substitution of Saiber, Schlesinger, Satz & Goldstein, LLC ("SSSG") as local counsel to the Legal Representative *nunc pro tunc* to November 11, 2002; upon the Affidavit and Disclosure Statement of David R. Gross, Esq., sworn to the 18th day of December; proper notice of the Application having been given; and the Court being satisfied that these attorneys represent no entity having an adverse interest with regard to the matters upon which they are to be engaged; and being satisfied that the employment and substitution of SSSG is necessary and in the best interest of the Legal Representative; and the Court having jurisdiction to consider the Application under 28 U.S.C. § 1334; and for good and sufficient cause appearing therefore; it is

ORDERED the Application is GRANTED in all respects; and it is further

ORDERED that SSSG is hereby approved to serve as local counsel to the Legal Representative in this Chapter 11 bankruptcy case *nunc pro tunc* to November 11, 2002; and it is further

ORDERED that SSSG shall be compensated in accordance with the same procedures applicable under Bankruptcy Code §§ 330 and 331; and it is further

ORDERED that a copy of this Order shall be served upon all interested parties within 7 days from the date hereof.

{00277059.DOC}                                 2

# Exhibit F

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: ARMSTRONG WORLD | : | Chapter 11 |
| INDUSTRIES, INC., et al., | : | Case Nos. 00-4471, 00-4469, |
| | : | 00-4470 |
| Debtors. | : | |
| ------------------------ | | |
| IN RE: W.R. GRACE & CO., | : | Chapter 11 |
| et al., | : | Case Nos. 01-1139 through |
| | : | 0-1200 |
| Debtors. | : | |
| ------------------------ | | |
| IN RE: FEDERAL-MOGUL | : | Chapter 11 |
| GLOBAL, INC., T&N | : | Case Nos. 01-10578, et al.[1] |
| LIMITED, et al., | : | |
| | : | |
| Debtors. | : | |
| ------------------------ | | |
| IN RE: USG CORPORATION, | : | Chapter 11 |
| a Delaware Corporation, | : | Case Nos. 01-2094 through |
| et al., | : | 01-2104 |
| | : | |
| Debtors. | : | |
| ------------------------ | | |
| IN RE: OWENS CORNING, | : | Chapter 11 |
| et al., | : | Case Nos. 00-3837 through |
| | : | 00-3854 |
| Debtors. | : | |

ORDER DESIGNATING COURT APPOINTED CONSULTANTS
AND SPECIAL MASTERS

This matter having been opened by the Court upon its own

motion in each of the above-captioned Chapter 11 cases; and the

interested parties having been put on notice by the Court at the

joint case management conference held on December 20, 2001, that

the Court anticipated appointing special masters and/or case

---

[1]See attached list.

C  -    1

management consultants to whom the Court may from time to time
delegate certain authority to hear matters and to advise the
Court on issues that may arise in these five large Chapter 11
cases; and for good cause shown

It is this 28th day of December, 2001

ORDERED that the following Order applies to the lead cases
identified in the caption of this Order and to all cases filed as
related cases thereto, and it is further

ORDERED that William A. Drier, Esq., David R. Gross, Esq.,
C. Judson Hamlin, Esq., John E. Keefe, Esq., and Professor
Francis E. McGovern are hereby designated as Court Appointed
Consultants to advise the Court and to undertake such
responsibilities, including by way of example and not limitation,
mediation of disputes, holding case management conferences, and
consultation with counsel, as the Court may delegate to them
individually, and it is further

ORDERED that the parties are on notice that the Court may,
without further notice, appoint any of the Court-Appointed
Consultants to act as a Special Master to hear any disputed
matter and to make a report and recommendation to the Court on
the disposition of such matter, and it is further

ORDERED that William A. Drier, Esq., is hereby appointed
Special Master in the matter of In re W.R. Grace & Co.,
Bankruptcy No. 01-1139 through 01-1200, to hear all disputed
matters in that Chapter 11 case for which the Court's Order of

C  —  ᴸ

Reference may be withdrawn from the Honorable Judith K. Fitzgerald, United States Bankruptcy Judge, and it is further

ORDERED that the fees of the Court Appointed Consultants and Special Master(s) shall be borne by the debtors in such manner and apportionment as this Court or the Bankruptcy Courts may hereinafter direct.


                                                        _____
                                                    ALFRED M. WOLIN, U.S.D.J.

IN RE: FEDERAL-MOGUL GLOBAL, INC.
Case Numbers

| | | | |
|---|---|---|---|
| 01-10578 | 01-10643 | 01-10700 | 01-10750 |
| 01-10580 | 01-10644 | 01-10701 | 01-10751 |
| 01-10582 | 01-10646 | 01-10702 | 01-10752 |
| 01-10585 | 01-10647 | 01-10703 | 01-10753 |
| 01-10586 | 01-10649 | 01-10704 | 01-10754 |
| 01-10587 | 01-10650 | 01-10705 | 01-10755 |
| 01-10589 | 01-10651 | 01-10706 | 01-10756 |
| 01-10591 | 01-10652 | 01-10707 | 01-10757 |
| 01-10593 | 01-10653 | 01-10708 | 01-10758 |
| 01-10594 | 01-10654 | 01-10710 | 01-10759 |
| 01-10596 | 01-10655 | 01-10711 | 01-10760 |
| 01-10598 | 01-10656 | 01-10712 | 01-10761 |
| 01-10599 | 01-10657 | 01-10713 | 01-10762 |
| 01-10600 | 01-10658 | 01-10714 | 01-10763 |
| 01-10601 | 01-10659 | 01-10715 | 01-10764 |
| 01-10603 | 01-10660 | 01-10716 | 01-10765 |
| 01-10604 | 01-10661 | 01-10717 | 01-10766 |
| 01-10605 | 01-10662 | 01-10718 | 01-10767 |
| 01-10606 | 01-10664 | 01-10719 | 01-10768 |
| 01-10608 | 01-10665 | 01-10721 | 01-10769 |
| 01-10610 | 01-10666 | 01-10722 | 01-10770 |
| 01-10611 | 01-10668 | 01-10723 | 01-10771 |
| 01-10613 | 01-10669 | 01-01724 | 01-10772 |
| 01-10614 | 01-10672 | 01-10726 | 01-10773 |
| 01-10615 | 01-10673 | 01-10727 | 01-10774 |
| 01-10617 | 01-10675 | 01-10728 | |
| 01-10618 | 01-10682 | 01-10729 | |
| 01-10619 | 01-10683 | 01-10730 | |
| 01-10620 | 01-10684 | 01-10731 | |
| 01-10621 | 01-10685 | 01-10732 | |
| 01-10622 | 01-10686 | 01-10733 | |
| 01-10623 | 01-10687 | 01-10734 | |
| 01-10625 | 01-10688 | 01-10736 | |
| 01-10626 | 01-10689 | 01-10737 | |
| 01-10627 | 01-10690 | 01-10739 | |
| 01-10629 | 01-10691 | 01-10741 | |
| 01-10630 | 01-10692 | 01-10742 | |
| 01-10632 | 01-10693 | 01-10743 | |
| 01-10633 | 01-10694 | 01-10744 | |
| 01-10634 | 01-10695 | 01-10745 | |

C   -   ʻ

| | | |
|---|---|---|
| 01-10637 | 01-10696 | 01-10746 |
| 01-10638 | 01-10697 | 01-10747 |
| 01-10640 | 01-10698 | 01-10748 |
| 01-10641 | 01-10699 | 01-10749 |

# Exhibit G

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

CHAMBERS OF
ALFRED M. WOLIN
JUDGE

MARTIN LUTHER KING JR. FEDERAL BUILDING
50 WALNUT ST., ROOM 4069
P.O. BOX 999
NEWARK, NJ 07101-0999
(973)645-2580

June 17, 2003

LETTER OPINION - NOT FOR PUBLICATION
ORIGINAL FILED WITH THE CLERK OF THE COURT

All Counsel in the Captioned Case

     RE:  W.R. Grace & Co., et al., Debtors
           Chapter 11, Case Nos. 01-1139 thru 01-1200
           Official Committee of Asbestos Personal Injury
           Claimants, et al., v. Sealed Air Corporation, et al.
           Adv. No. 02-2210
           Official Committee of Asbestos Personal Injury
           Claimants, et al., v. Fresenius Medical Care
           Holdings, Inc., et al.
           Adv. No. 02-2211

Dear Counsel:

    This matter is opened before the Court upon its own motion.

The Court has received a proposed Order approving the payment of

professional fees to Professor Francis E. McGovern and Mr. David

R. Gross for services rendered in connection with the mediation

and ultimate settlement of the above-captioned adversary

proceedings.  This submission is obviously not the typical motion

for approval of fees received and adjudicated by this Court and

the Bankruptcy Courts in this and other chapter 11 cases.  For

the reasons set forth in this letter opinion, the Court will make

the necessary provisions for notice and opportunity for parties-

at-interest to be heard in connection with the proposed order.
Notwithstanding the departure from normal procedures, the Court
is satisfied that the Order filed herewith will satisfy the
requirements of fairness and legality that are the end purpose of
the standing Orders of the Court and the Bankruptcy Rules.

As the Court has chronicled in the course of many Opinions
and Orders, these consolidated adversary proceedings were
important factors in the reorganization of the debtors.  They
were hotly contested by the parties over the course of several
months of accelerated discovery and motion practice.  The
settlement, whose consummation is expected shortly, will
represent a very substantial recovery for the estate.

As the parties are aware, McGovern and Gross were appointed
as advisors to the Court by an Order dated December 28, 2001.
They have been functioning in that role since and submitting
applications for compensation in the usual course.  With respect
to these proceedings, by agreement of the non-debtor parties,
Sealed Air Corporation, and Fresenius Medical Care Holdings,
Inc., they acted as mediators and their fees were to be borne by
the non-debtors.  Obviously, where the parties agree and there is
no suggestion of conflict of interest or otherwise, the Court has
no role in approving the payment of fees by non-debtors in such a
situation.

However, since the settlement of the adversary proceedings

2

in late November 2002, the parties have negotiated with the debtor and the debtor has agreed that it would be fair for it to bear some of the cost of McGovern's and Gross's fees. Plainly, this makes the Court's involvement inevitable. The Court must review all such expenditures on professional services to ensure that they are necessary, fair and proportionate to the benefit provided. 11 U.S.C. § 330. Likewise, this requires that the parties be given notice and opportunity to be heard. Id.

The situation is complicated by the fact that the bills originally submitted to Sealed Air and Fresenius were not in the detailed form required by the Local Bankruptcy Rules of the District of Delaware. On the contrary, they are in the form of traditional "services rendered" bills, listing generally the activities undertaken and the subjects to which those activities were directed. It is difficult to find fault with the professionals themselves for the form of their bills in light of the evolution of this matter from a private one between themselves and the non debtors to one requiring the supervision of the Court.

To obviate any difficulties in the situation, the Court will enter an Order attaching the proposed order and giving all parties an opportunity to object. At the close of the stated period for objections, the Court will rule on the propriety of the proposed order and either enter it as drafted or modify it.

3

The Court will base its ruling on any objections received and upon its own knowledge, gained first-hand in the course of engineering the settlement of the adversary proceedings, of the performance of McGovern and Gross.  The parties should be aware that any Order granting compensation shall be subject to final approval at the conclusion of the chapter 11 case, including the possibility of disgorgement should it appear that compensation was improvidently granted.  11 U.S.C. § 328.  The parties should also be aware that the only portion of the Order to which they may object is that portion governing compensation by the debtor.

Very truly yours,

ALFRED M. WOLIN
U.S.D.J.

4

# Exhibit H

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
| | : | Case Nos. 01-1139 through 01-1200 |
| W. R. GRACE & CO., et al., | : | |
| | : | |
| Debtors. | : | |
| ------------------------------------ | : | |
| OFFICIAL COMMITTEE OF | : | Adv. No. 02-2210 |
| ASBESTOS PERSONAL INJURY | : | [LEAD DOCKET] |
| CLAIMANTS and OFFICIAL | : | |
| COMMITTEE OF ASBESTOS | : | |
| PROPERTY DAMAGE | : | |
| CLAIMANTS OF W.R. GRACE & | : | |
| CO., suing in behalf of the Chapter | : | |
| 11 Bankruptcy Estate of W. R. | : | |
| GRACE & CO., et al., | : | |
| | : | |
| Plaintiffs, | : | |
| v. | : | |
| SEALED AIR CORPORATION | : | |
| And CRYOVAC, INC., | : | |
| | : | |
| Defendants. | : | |
| ------------------------------------ | : | |
| OFFICIAL COMMITTEE OF | : | Adv. No. 02-2211 |
| ASBESTOS PERSONAL INJURY | : | |
| CLAIMANTS and OFFICIAL | : | |
| COMMITTEE OF ASBESTOS | : | |
| PROPERTY DAMAGE | : | |
| CLAIMANTS OF W.R. GRACE & | : | |
| CO., suing in behalf of the Chapter | : | |
| 11 Bankruptcy Estate of W. R. | : | |
| GRACE & CO., et al., | : | |
| | : | |
| Plaintiffs, | : | |
| v | : | |
| FRESENIUS MEDICAL CARE | : | |
| HOLDINGS, INC. and | : | |
| NATIONAL MEDICAL CARE | : | |
| INC., | : | ORDER AWARDING COMPENSATION |
| | : | TO COURT APPOINTED CONSULTANTS |
| Defendants. | : | DAVID R. GROSS AND FRANCIS R. |
| | : | MCGOVERN |

This matter having been opened by the Court upon its own motion in the above-caption Chapter 11 case and adversary proceedings; and the Court having by previous Order appointed Professor Francis E. McGovern and David R. Gross, Esq. as Court Appointed Consultants to advise the Court and undertake certain responsibilities including, but not limited to, mediation of disputes and consultations with counsel; and having directed that their fees shall be borne by the debtors in such manner and apportionment as this Court may instruct; and the Court having found that the fees and expenses requested by Professor Francis E. McGovern and David R. Gross, Esq. are reasonable and necessary to the administration of the debtor W. R. Grace & Company's estate; and for other good cause shown

IT IS on this _7TH_ day of ~~June,~~ JULY 2003,

ORDERED that fees and expenses are hereby granted to Professor Frances E. McGovern in the amount of $500,000 for services rendered during the months of August, 2002, through and including December, 2002; and it is further

ORDERED that fees and expenses are hereby granted to D.R. Gross & Associates, L.L.C. on behalf of David R. Gross, Esq. in the amount of $200,000 for services rendered during the months of September, 2002 through and including October, 2002 and to Saiber, Schlesinger, Satz & Goldstein, L.L.C. on behalf of David R. Gross, Esq. in the amount of $100,000 for services rendered during the month of November, 2002; and it is further

ORDERED that the fees and expenses allowed by this Order are to be allocated as follows: 50% of the fees borne by W. R. Grace & Company, 25% of the fees borne by Sealed Air Corporation, and 25% of the fees borne by Fresenius Medical Care Holdings, Inc.; and it is further

ORDERED that W. R. Grace & Company is authorized and directed to pay:

$250,000 in fees and expenses to Professor Francis E. McGovern;

$100,000 in fees and expenses to D. R. Gross & Associates, L.L.C.; and

$50,000 in fees and expenses to Saiber, Schlesinger, Satz & Goldstein, L.L.C.; and it is further

ORDERED that Sealed Air Corporation is authorized and directed to pay:

$125,000 in fees and expenses to Professor Francis E. McGovern;

$50,000 in fees and expenses to D. R. Gross & Associates, L.L.C.; and

$25,000 in fees and expenses to Saiber, Schlesinger, Satz & Goldstein, L.L.C.; and if is further

ORDERED that Fresenius Medical Care Holdings, Inc. is authorized and directed to pay:

$125,000 in fees and expenses to Professor Francis E. McGovern;

$50,000 in fees and expenses to D. R. Gross & Associates, L.L.C.; and

$25,000 in fees and expenses to Saiber, Schlesinger, Satz & Goldstein, L.L.C; and it is further

ORDERED that the amounts received by Professor Francis E. McGovern and David R. Gross, Esq. pursuant to this Order may be subject to disgorgement by them as may be provided in the final Order of allowance of fees and expenses at the conclusion of the above-captioned Chapter 11 case.

ALFRED M. WOLIN, U.S.D.J.

# EXHIBIT 5

RIKER, DANZIG, SCHERER,
HYLAND & PERRETTI LLP
Co-Attorneys for the Debtor
Headquarters Plaza
One Speedwell Avenue
Morristown, New Jersey 07962
(973) 538-0800
Dennis J. O'Grady (DJO 7430)

WEIL, GOTSHAL & MANGES LLP
Co-Attorneys for the Debtor
767 Fifth Avenue
New York, New York 10153
(212) 310-8000
Martin J. Bienenstock, Esq. (MJB 3001)
Brian S. Rosen, Esq. (BSR 0571)
Kathryn L. Turner, Esq. (KLT 8555)



UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| G-I HOLDINGS INC., <br> (f/k/a GAF Corporation) | Case No. 01-30135 (RG) |
| Debtor. | |

**ORDER APPOINTING LEGAL REPRESENTATIVE OF PRESENT
AND FUTURE HOLDERS OF ASBESTOS-RELATED
DEMANDS IN G-I'S CHAPTER 11 CASE**

Upon consideration of the application dated May 29, 2001 (the

"Application"), of G-I Holdings Inc. ("G-I" or the "Debtor") for an order appointing a

legal representative for present and future holders (collectively, the "Demand Holders")

of asbestos related demands (the "Asbestos Demands Representative"); and the Response

and Partial Objection filed by the statutory committee of asbestos claimants (the

"Committee") and the Reply thereto, and the Court having entered an order on September

*603*

6, 2001 authorizing and approving the appointment of an Asbestos Demand
Representative in the G-I chapter 11 case; and upon the proceedings had before the Court
and good and sufficient cause appearing therefor; it is hereby

ORDERED that  *C. Judson Hamlin*  is appointed the
Asbestos Demand Representative in the G-I Holdings Inc., chapter 11 case; and it is
further

ORDERED that the Asbestos Demands Representative is empowered and
has standing as a party in interest to be heard on every matter relevant to the interests of
Demand Holders in G-I's chapter 11 case, including but not limited to, adversary
proceedings, contested matters, and matters involving section 524(g); and it is further

ORDERED that this order is without prejudice to the Court's power, sua
sponte, or on request, to expend or contract the powers of the Asbestos Demands
Representative and to appoint additional representatives; and it is further

ORDERED that this Order is without prejudice to the position of any party
in interest with respect to the proper role and duties of the Asbestos Demand
Representative in any particular proceeding or matter other than standing to be heard; and
it is further

ORDERED that the Asbestos Demands Representative shall be

compensated in accordance with the same laws and procedures applicable under

Bankruptcy Code sections 330 and 331, and any requests to retain professionals shall be

considered on a case by case basis.

Dated: Newark, New Jersey
       October _10_, 2001

Chief Judge Rosemary Gambardella

# EXHIBIT 6

# PRIVILEGE LOG OF DAVID R. GROSS
## SAIBER SCHLESINGER SATZ & GOLDSTEIN, LLC
### JANUARY 2, 2004

| DATE | TO | FROM | CC | DESCRIPTION | BATES # | BASIS |
|---|---|---|---|---|---|---|
| 8/23/02 | David Gross Budd Larner Gross Rosenbaum Greenberg & Sade | William J. Bowman Hogan & Hartson, LLP | Elisa A. Alcabes, Esq. Sarah M. Shields, Esq. Mark Taylor, Esq. | Letter setting forth the views and concerns of the Coalition for Asbestos Justice, Inc. re: the USG bankruptcy matter | DRG004743-4745 | mediator privilege/ settlement communication/ confidential information |
| Undated | None | None | None | Multi-tabbed document entitled "Table of Proposal by the Insurers" addressing (1) insurer participation in the Delaware cases; (2) bankruptcy efficiency; and (3) settlement issues. The document states on its face "Privileged and Confidential Joint Defense/Common Interest Privileged." | DRG004746-4788 | mediator privilege/ settlement communication/ confidential information |
| 6/18/03 | David Gross | Saul Ewing Norman L. Pernick | None | Term sheet reflecting the principle terms of a Plan of Reorganization for Owens-Corning and its affiliated debtors. | DRG004789-4791 | mediator privilege/ settlement communication/ confidential information |
| Undated | | | None | Multi-tabbed document entitled "Table of Proposal by the Insurers" addressing (1) insurer participation in the Delaware cases; (2) bankruptcy efficiency; and (3) settlement issues. The document states on its face "Privileged and Confidential Joint Defense/Common Interest Privileged." | DRG004792-4834 | mediator privilege/ settlement communication/ confidential information |

{00321807.DOC}

| DATE | TO | FROM | CC | DESCRIPTION | BATES # | BASIS |
|---|---|---|---|---|---|---|
| August 18, 2003 | David Gross, Nancy Washington, Whitney Chelnik, Michael Scheier, Kevin Irwin | C. Judson Hamlin | | E-mail regarding meeting with Kathryn Turner | DRG005996 | Attorney-Client Privilege |
| August 18, 2003 | Kevin Irwin, David Gross | Nancy Washington | Douglas Hensley, Michael Scheier, Whitney Chelnik | E-mail regarding hearings originally set for August 21 | DRG005997-5998 | Attorney-Client Privilege |
| Undated | C. Judson Hamlin | Whitney Chelnik | David Gross, Kevin Irwin | E-mail regarding payments | DRG005999 | Attorney-Client Privilege |
| July 30, 2003 | David Gross, C. Judson Hamlin | Kevin Irwin | Nancy Washington, Whitney Chelnik, Daniel Donnellon | E-mail enclosing Mark Peterson's preliminary report | DRG006000-6026 | Attorney-Client Privilege |
| July 23, 2003 | David Gross, C. Judson Hamlin | Kevin Irwin | Whitney Chelnik, Nancy Washington, Ed Bond, Douglas Hensley, R. Sanker, Michael Scheier | E-mail regarding exclusivity | DRG006027-6029 | Attorney-Client Privilege |
| July 11, 2003 | Jeff Prol | Michael Scheier | Trevor Swett | E-mail enclosing motion to permit retention of expert | DRG006030-6040 | Attorney-Client Privilege |
| June 16, 2003 | Whitney Chelnik | Kevin Irwin | Michael Scheier | E-mail regarding hearing date for motion to intervene | DRG006041-6042 | Attorney-Client Privilege |
| June 10, 2003 | David Gross, C. Judson Hamlin | Kevin Irwin | Whitney Chelnik, R. Sanker, Michael Scheier | E-mail regarding G-1 Holdings status | DRG006043-6044 | Attorney-Client Privilege |
| May 9, 2003 | David Gross, Whitney Chelnik, Michael Scheier, Kevin Irwin | Trevor Swett | | E-mail enclosing opinion granting motion relating to Heyman/ISP case | DRG006045-6046 | Attorney-Client Privilege |
| May 14, 2003 | David Gross, C. Judson Hamlin | Michael Scheier | Whitney Chelnik, Kevin Irwin | E-mail regarding May 14 hearings | DRG006047 | Attorney-Client Privilege |
| May 5, 2003 | C. Judson Hamlin | Kevin Irwin | David Gross | E-mail regarding Dr. Wyant, enclosing analysis of all present and future claims | DRG006048-6052 | Attorney-Client Privilege |

{00321807.DOC}

| DATE | TO | FROM | CC | DESCRIPTION | BATES | STATUS |
|---|---|---|---|---|---|---|
| May 5, 2003 | Rich Saporita | Whitney Chelnik | | E-mail regarding G-I Holdings v. Baron and Budd | DRG006053 | Attorney-Client Privilege |
| Undated | David Gross | Whitney Chelnik | | IRS' motion to withdraw the reference | DRG006054 | Attorney-Client Privilege |
| May 5, 2003 | C. Judson Hamlin, Kevin Irwin, Michael Scheier | Whitney Chelnik | David Gross | E-mail regarding IRS motion to withdraw reference | DRG006055 | Attorney-Client Privilege |
| May 5, 2003 | Whitney Chelnik | Trevor Swett | | E-mail regarding Owens Corning -- unsecured creditors bar date motion | DRG006056-6057 | Attorney-Client Privilege |
| April 30, 2003 | David Gross, C. Judson Hamlin | Michael Scheier | Whitney Chelnik, Douglas Hensley, Amy Behm, Kevin Irwin | E-mail regarding upcoming events | DRG006058-6059 | Attorney-Client Privilege |
| April 30, 2003 | David Gross, C. Judson Hamlin | Michael Scheier | | E-mail regarding upcoming events | DRG006060 | Attorney-Client Privilege |
| April 18, 2003 | Whitney Chelnik | Michael Scheier | David Gallagher | E-mail regarding upcoming Court dates | DRG006061-6062 | Attorney-Client Privilege |
| April 23, 2003 | Matt Schwarz, Ed Bond | Michael Scheier | David Gross, Kevin Irwin, C. Judson Hamlin | E-mail attaching letter from Kathryn Turner to Trevor Swett dated April 23, 2003 | DRG006063-6065 | Attorney-Client Privilege |
| April 22, 2003 | Matt Schwarz | Ed Bond | | E-mail regarding BMCA/ISP granule contract | DRG006066 | Attorney-Client Privilege |
| April 1, 2003 | David Gross, C. Judson Hamlin, Kevin Irwin, Michael Scheier | Whitney Chelnik | Danielle Pantaleo, James Giannimoto | Articles regarding Samuel Heyman and G-I Holdings | DRG006067 | Attorney-Client Privilege |
| April 1, 2003 | Whitney Chelnik | Lexus Nexus | | Research regarding Samuel Heyman | DRG006068 | Attorney-Client Privilege |
| April 1, 2003 | David Gross, Whitney Chelnik, Michael Scheier, Kevin Irwin | C. Judson Hamlin | Danielle Pantaleo, James Giannimoto | E-mail regarding articles concerning Samuel Heyman and G-I Holdings | DRG006069 | Attorney-Client Privilege |

{0002180<br>7.DOC}

| DATE | TO | FROM | CC | DESCRIPTION | BATES | PRIVILEGE |
|---|---|---|---|---|---|---|
| October 1, 2003 | | | | Handwritten notes of David Gross regarding RICO claims in G-1 Holdings | DRG006638 | Attorney-Client and Work Product Privilege |
| Undated | | | | Handwritten notes regarding selection of expert in G-1 Holdings | DRG006639 | Work Product Privilege |
| Undated | | | | Article regarding Casualty Insurance, containing handwritten notations | DRG006640-6643 | Work Product Privilege |
| May 1, 2003 | Ed Bond | Kevin E. Irwin | David Gross, Mike Scheler, C. Judson Hamlin | Correspondence re: valuations of BMCA and ISP; refers to USG litigation. | DRG006644-6645 | Attorney-Work Product |
| July 16, 2003 | | | | Handwritten notes of counsel, Whitney R. Chelnik, from meeting re: GI litigation strategy. | DRG006646-6649 | Attorney-Work Product |
| May 30, 2003 | | | | BMCA Deposition Plan, setting forth key topics and individuals to be deposed. | DRG006650-6656 | Attorney-Work Product |
| May 30, 2003 | | | | BMCA Deposition Plan, setting forth key topics and individuals to be deposed. | DRG006650-6657 | Attorney-Work Product |
| June 2, 2003 | | | | BMCA Deposition Plan, setting forth key topics and individuals to be deposed. | DRG006667-6678 | Attorney-Work Product |
| May 2, 2003 | David Gross, Kevin E. Irwin | Trevor Swett | | Correspondence re: court's sua sponte order withdrawing reference of a bar date motion for asbestos claims in OC. | DRG006676 | Attorney-Work Product |

# EXHIBIT 7

Friday. I'm taking the liberty of forwarding it to you myself, to make certain that you've seen the additional materials that Mr. Gross has produced. Ms. Washington had the documents imaged and attached them to the email below.

Gary Orseck

-----Original Message-----
From: Nancy Washington [mailto:NAW@saiber.com]
Sent: Friday, January 09, 2004 3:52 PM
To: Orseck, Gary
Cc: SSSG.SAIBER.BIG@hub01.allegro.net;
SSSG.SAIBER.JWL@hub01.allegro.net; mscheier@kmklaw.com
Subject: Fwd: Scan from a Xerox WorkCentre Pro

Dear Gary:

This is in response to your e-mail to Bruce Goldstein concerning David Gross's privilege log. As you requested, Mr. Gross's assertions of privilege as to ten particular items you identified in your e-mail have been reconsidered. With regard to each specific request, please note the following:

DRG5142-5183 - Will be produced.

DRG5518 - Will be produced (with David Gross's handwritten notes containing reference to confidential settlement information redacted).

DRG6030-6040 - This document will not be produced as it constitutes attorney work-product that is immune from discovery and contains communications between co-counsel on matters of common interest relating to G-I (please note further that pages 6032-6040 consist of a draft pleading - not required for production per agreement of counsel).

DRG6045--6046 - This document will not be produced as it is outside the scope of the initial request. Further, it contains communications between co-counsel on matters of common interest in the G-I matter and is therefore privileged.

DRG6056-6057 - This document will not be produced as it constitutes communication between co-counsel on matters of common interest relating to G-I and is therefore privileged.

DRG6287-6289 - This document will be produced.

DRG6432-6439 - This document will not be produced as it contains the handwritten notes of David R. Gross reflecting his thoughts and mental impressions and accordingly constitutes attorney work-product that is immune from discovery (please note further that pages DRG6435-6439 contain information that was not within the scope of production - legislative materials specifically denied by the Court).

DRG6676 - This document will not be produced as it is communication between co-counsel on matters of common interest relating to G-I and therefore is privileged.

DRG6677-6678 - This document will be produced.

DRG6737-6738 - This document will not be produced as it contains settlement communications.

Documents being produced have been imaged and are attached to this e-mail. If you have any trouble opening the documents, please contact me.

Very truly yours,

Nancy A. Washington


Nancy A. Washington, Esq.
Saiber Schlesinger Satz & Goldstein, LLC
One Gateway Center
13th Floor
Newark, New Jersey 07102
Firm: 973-622-3333
Direct: 973-622-8398
Fax: 973 -622-3349
E-Mail: NAW@Saiber.com


x-xerox-mail-id: 3PEcKBvuFiulBLmP6HwyPLhcm
MIME-Version: 1.0
Content-Type: multipart/mixed; boundary="----_=_NextPart_002_01C3D6F0.4BE06C80"
X-Mailer: Xerox Mailer /4.03
Content-Class: urn:content-classes:message
X-MimeOLE: Produced By Microsoft Exchange V6.0.5762.3
Subject: Scan from a Xerox WorkCentre Pro
Date: Fri, 9 Jan 2004 16:41:42 -0500
Message-ID: <3PEcKBvuFiulBLmP6HwyPLhcm.1073684502.17@XRX_0000AA70ED24.saiber.com>
X-MS-Has-Attach: yes
X-MS-TNEF-Correlator:
From: <scanner@saiber.com>
To: <naw@saiber.com>
Reply-To: <scanner@saiber.com>


Please open the attached document.  It was scanned and sent to you using a Xerox WorkCentre Pro.

Sent by: Guest [scanner@saiber.com]
Number of Images: 48
Attachment File Type: PDF

WorkCentre Pro Location:  machine location not set
Device Name: XRX_0000AA70ED24


For more information on Xerox products and solutions, please visit http://www.xerox.com

 - Scan001.PDF

**EXHIBIT 8**





Caplin & Drysdale, Chartered
One Thomas Circle, NW, Suite 1100
Washington, DC 20005
202-862-5000  202-429-3301 Fax
www.caplindrysdale.com

202-862-5081 Direct
tws@capdale.com

January 8, 2002

*VIA FACSIMILE AND REGULAR MAIL*

Martin Bienenstock, Esq.
Weil, Gotshal & Manges
767 Fifth Avenue
New York, New York 10153

**Re:    G-I Holdings, Inc.**

Dear Martin:

Peter Lockwood and I have given thought to your draft stipulation under which a bar date pertaining to asbestos claims would apply only to persons who have already filed asbestos claims against G-I. In response to your voicemail, we called you yesterday to discuss this but have not heard back from you. Although we intend to respond in further detail, this letter will serve to update you briefly on our thinking.

First, our preferred position is to have no bar date at all for asbestos claims, but instead to estimate the claims for plan purposes and to leave it to a settlement trust to craft the rules under which particular claims channeled to it would be deemed timely or not. As you know, this has been the prevailing approach in asbestos bankruptcies. In our view, it makes good sense because an estimation process will be necessary in any event with regard to claims arising in the future from injuries that will not yet have manifested themselves by the time a plan is confirmed. Why not take the same approach with respect to claims based on injuries that manifest themselves during the bankruptcy but had not led to the filing of personal injury suits before the petition date?

Second, if our preferred position is not adopted, then the concept underlying your proposed stipulation seems a sound one. That is to say, if there must be a bar date applicable to asbestos claims, exempting from that bar date present claimants who have not yet filed suit, just as future claimants or "demand" holders will be exempted, will save the estate substantial notice costs and will avoid some very difficult problems of due process. That said, we are not

**Caplin&Drysdale**
CHARTERED

- 2 -

satisfied with the word-smithing of the draft stipulation and would like to send you suggested revisions.

Third, whether the committee would waive our preferred position and consent to a specially tailored bar date will depend to a considerable extent on what you propose to use as a proof of claim form. If G-I has in mind an extensive proof of claim form that would be onerous and costly for claimants to fill out and would serve in effect as a device for unilateral discovery, the committee will not agree with that program. At the other end of the spectrum, if the debtor would be satisfied with standard proofs of claim along the lines of Form 10, there would be strong prospects for an agreement.

Finally, now that Judge Hamlin has proposed to hire Kevin Irwin and David Gross as his counsel, we would like to bring them into the loop on this issue and will be discussing the matter with them in the near future.

We appreciate your proposal and hope this preliminary response is helpful.

Very truly yours,

Trevor W. Swett

cc:    Kenneth Rosen, Esq.
       Jeffrey D. Prol, Esq.
       Kathryn Turner, Esq.
       Dennis O'Grady, Esq.

# EXHIBIT 9

**Caplin&Drysdale**
A T T O R N E Y S

Caplin & Drysdale, Chartered
One Thomas Circle, NW, Suite 1100
Washington, DC 20005
202-862-5000  202-429-3301 Fax
www.capdale.com

202-862-5081 Direct
twa@capdale.com

December 6, 2002

**Via UPS**

The Honorable William G. Bassler
United States District Judge
Martin Luther King, Jr. Federal
   Building and Courthouse
50 Walnut Street, Room 5060
Newark, New Jersey 07102

Re:    **Official Committee of Asbestos Claimants v. G-I Holdings, Inc.**
         **Case No. 02-CV-2735 (WGB)**

         **Legal Representative v. G-I Holdings, Inc. v. G-I Holdings, Inc.**
         **Case No. 02-CV-3971 (WGB)**

         **G-I Holdings, Inc. v. Ruddies A. Bennett, Jr., et al.**
         **Case No. 02-CV-3626 (WGB)**

Dear Judge Bassler:

        We are counsel to the Official Committee of Asbestos Claimants in the bankruptcy of
G-I Holdings, Inc. (the "Committee"). We write in response to a letter addressed to Your
Honor under date of December 3, 2002, by Weil Gotshal & Manges ("WGM"), counsel for
G-I Holdings (the "Debtor").

        WGM correctly reports that the Committee has moved in the Bankruptcy Court for the
appointment of a chapter 11 trustee to take control of the Debtor (the "Motion for a Trustee").
WGM goes on to assert that the Motion for a Trustee cuts against motions to withdraw the
reference with respect to various discrete proceedings in the bankruptcy. To our eye, WGM's
letter is almost opaque, failing, as it does, to provide any meaningful explanation of matters
that are before Your Honor on motions to withdraw the reference, or of the limited way in
which the Motion for a Trustee touches on those matters. We suspect that the obliqueness of

KM00349

**Caplin&Drysdale**
C H A R T E R E D                                          - 2 -

WGM's letter was deliberate, because the point made in the letter cannot withstand any
informed analysis.  To explain why the letter is incorrect requires a brief review of the
background to the bankruptcy and the several motions referred to in WGM's letter that have
given rise to docketed matters in the District Court.

### The Asbestos-Driven Bankruptcy of G-I, the Former GAF

The Debtor was formerly known as GAF Corporation, and its bankruptcy results from
massive liabilities for asbestos personal injury claims.  By the Debtor's own account, it
resolved before bankruptcy approximately 350,000 asbestos personal injury claims, mostly by
settlement, at a cost of $1.5 billion.  An additional 150,000 claims were pending and
unresolved by the time the Debtor filed its chapter 11 petition in January 2001, to say nothing
of the many thousands of claims that will predictably be filed in the future.  The Bankruptcy
Court has appointed the Honorable C. Judson Hamlin to serve as the Legal Representative of
those unknown persons who will assert asbestos personal injury claims in the future based on
GAF's products.

### Matters Pending Before Your Honor
### On Motions to Withdraw the Reference

In Case No. 02-CV-2735 (WGB), the Committee moves for the commencement of a
proceeding to estimate the Debtor's asbestos liabilities pursuant to 11 U.S.C. § 502 (c) and for
partial withdrawal of the reference so that the estimation can take place in the District Court.
(the "Committee's Claims Estimation Motion").  That motion was filed on May 23, 2002, and
the briefing was completed on August 5, 2002.  By letter dated August 22, 2002, the
Committee requested that Your Honor hear oral argument on this motion, and hereby renews
that request.

Case No. 02-CV-3971(WGB) involves a reference withdrawal motion by the Legal
Representative.  That motion responds to an application filed by the Debtor in the Bankruptcy
Court wherein it proposes a methodology for liquidating the asbestos personal injury claims
against it (purportedly by way of estimation) and a bar date and proof of claim form that are
integral to the liquidation proposal (the "Debtor's Claims Liquidation Motion").  The Debtor's
Claims Liquidation Motion is in the nature of a cross-motion to the Committee's Estimation
Motion.  Those competing motions deal with a common subject matter — the theory and
practice of valuing asbestos personal injury claims in a bankruptcy arising out of mass tort —
although they approach the problem in radically different ways.  The Legal Representative asks
that the reference be withdrawn as to the Debtor's Claims Liquidation Motion so that Your
Honor can deal both with it and with the first-filed Committee's Claims Estimation Motion

**Caplin&Drysdale**
CHARTERED                                                    - 3 -

with which it overlaps.[1]  Briefing on this motion has also been completed, and the Committee
hereby requests that oral argument be scheduled on this motion in conjunction with oral
argument on the Committee's Claims Estimation Motion.

Case No. 02-CV-3626(WGB) is an adversary proceeding related to the bankruptcy and
is pending before Your Honor on the Committee's motion to withdraw the reference.  That
proceeding involves the Debtor's effort to procure a declaration that its non-bankrupt
subsidiary, known as GAF Materials Corporation,[2] has no liability for the asbestos torts of the
former GAF Corporation under doctrines of successor liability or alter ego and the
Committee's counterclaims for a declaration that GAF Materials Corporation bears full
responsibility for the asbestos torts of its predecessor (the "Declaratory Judgment Action").
The Committee filed its motion to withdraw the reference of the Declaratory Judgment Action
on July 1, 2002, and the briefing was completed on September 17, 2002.

We filed the Motion for a Trustee in the Bankruptcy Court because that motion is a
core matter and because, given an impending statute of limitations, time simply does not
permit a reference withdrawal debate with respect to that particular motion.

By contrast, the Committee's Claims Estimation Motion and the competing Debtor's
Claims Liquidation Motion belong in the District Court because, _inter alia_, they are not core
matters, as the Debtor admits;[3] because, accordingly, the District Court will be the ultimate
decision-maker in these matters pursuant to 11 U.S.C. § 157(c)(1), making it efficient for
Your Honor to hear the matter in the first instance, rather than conducting _de novo_ review of
recommended findings by the Bankruptcy Court;[4] because these matters require the District
Court's expertise in tort matters; because the Debtor's Claims Liquidation Motion is in effect a
cross-motion intended by the Debtor to circumvent the Committee's Claims Estimation
Motion, which was already pending before Your Honor on a separate motion to withdraw the

---

[1]     The Committee has joined in the Legal Representative's reference withdrawal motion.
Conversely, the Legal Representative has joined in the Committee's Claims Estimation
Motion.

[2]     GAF Materials is also known as Building Materials Corporation of America, or
BMCA.

[3]     See 28 U.S.C. § 157(b)(2)(B) (providing that "[c]ore proceedings" do not include "the
liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death
claims against the estate for purposes of distribution").

[4]     If the automatic bankruptcy reference is not withdrawn in a non-core proceeding, the
most that the Bankruptcy Court can do is to render proposed findings and conclusions, and the
parties are entitled to _de novo_ review in the District Court. See 28 U.S.C. § 157(c)(1).

KM00351



Caplin&Drysdale
CHARTERED

- 4 -

reference; and because, insofar as the Debtor's Claims Liquidation Motion seeks to liquidate the asbestos claims, it implicates the claimants' statutorily guaranteed right to jury trial.[5]

Similarly, we moved to withdraw the reference in the Declaratory Judgment Action because, *inter alia*, it is plainly not a core proceeding, making it inefficient to conduct a redundant *de novo* review; because there is a right to jury trial; and because the ultimate issue — whether a non-bankrupt third party, the Debtor's subsidiary, has incurred liability for its predecessors' asbestos torts — is one that calls for the resources and expertise of the District Court.

Juxtaposed against one another, the Motion for a Trustee, on the one hand, and the Declaratory Judgment Action, the Committee's Claims Estimation Motion, and the Debtor's Claims Liquidation Motion, on the other hand, illustrate nicely the distinction between core and non-core matters. Although not by itself controlling, that distinction is central to the analysis on motions to withdraw the reference.

In its letter to the Court, however, WGM claims that the Motion for a Trustee cuts against withdrawing the reference in the other matters because the former "requests the Bankruptcy Court to consider, but not decide, the very motions [the Committee] wants withdrawn from the Bankruptcy Court." WGM Letter at 1. As shown below, this assertion leaps from a premise that is misleadingly incomplete to a conclusion that is both illogical and unwarranted.

### *The Motion for a Trustee*

In applying to the Bankruptcy Court for the appointment of a trustee, the Committee relies on several grounds, chiefly:

- the recent <u>Cybergenics</u> decision,[6] which disables the Committee from pursuing avoidance power claims on behalf of the Debtor's bankruptcy estate, and thus necessitates a trustee to pursue large claims for which the Debtor itself could not be a proper plaintiff due to conflict of interest;

---

[5]    See 28 U.S.C. § 1411(a) (providing that title 11 "[do[es] not affect any right to trial by jury that an individual has under applicable nonbankruptcy law with regard to a personal injury or wrongful death tort claim"). The Bankruptcy Court cannot conduct jury trials where, as here, the parties do not consent. See 11 U.S.C. § 157(e).

[6]    304 F. 3d 316 (3d Cir. September 20, 2002), vacated and rehearing en banc granted 2002 WL 31554591 (3d Cir. November 18, 2002).

**Caplin&Drysdale**
CHARTERED
                                        - 5 -

- the <u>Marvel Entertainment</u> decision,[7] which holds that, beyond certain bounds, acrimony and strife between the debtor-in-possession and the creditors warrant a trustee; and

- the proposition that, in the totality of the circumstances, the Debtor simply is not in a position to fulfill its fiduciary duties to the creditors, considering that its control person, Samuel Heyman, is the principal defendant in a $1 billion fraudulent conveyance suit brought by the Committee for the bankruptcy estate before <u>Cybergenica</u>, and that Mr. Heyman's hostility toward the creditors dictates the Debtor's positions.

The United States Department of Justice, as the representative of the Internal Revenue Service and the Environmental Protection Agency, has filed a paper joining in the Motion for a Trustee. The Legal Representative has also announced his support for that motion.

It is true that the Motion for a Trustee refers to the Declaratory Judgment Action and to the Debtor's Claims Liquidation Motion, among a whole host of other facts and proceedings that underscore the need for a trustee. What makes these matters relevant to the Motion for a Trustee is not their merits or demerits, but the roles assumed and positions taken by the Debtor therein. The Committee contends that those roles and positions are fundamentally inconsistent with the Debtor's fiduciary duty towards its creditors, especially the asbestos claimants who are, far and away, the Debtor's major creditor constituency.

Unless and until a trustee is imposed, the Debtor, as debtor-in-possession, stands in a fiduciary relationship towards unsecured creditors and is required to "perform all the functions and duties * * * of a trustee." 11 U.S.C. Section 1107(a). In calling for a trustee, the Committee notes that the stated purpose of the Debtor's Claims Liquidation Motion is to have most of the asbestos claims disallowed (or, what amounts to the same thing, valued at zero) without the benefit of a hearing. The Committee contends that running roughshod over the claims as the Debtor intends to do is not compatible with its fiduciary duty as debtor-in-possession to treat its creditors fairly. Thus, the position espoused by the Debtor's Claims Liquidation Motion points to the need for a trustee whose approach to the asbestos claims will not be tainted by the hostility and vindictiveness demonstrated by this Debtor. Of course, the Debtor's Claims Liquidation Motion is only one of many factors discussed in the Motion for a Trustee that evince such hostility and vindictiveness. The Committee, moreover, is not inviting the Bankruptcy Court to delve into the merits or details of the Debtor's Claims Liquidation Motion while the District Court deliberates on the request to withdraw the reference. Instead, the Committee is simply asking the Bankruptcy Court to notice what is apparent on the face of the Debtor's approach to the claims, *i.e.*, antipathy that renders the Debtor unfit to serve as the asbestos claimants' fiduciary.

---

[7]     140 F.3d 463(3d Cir. 1988).

KM00353


**Caplin&Drysdale**
CHARTERED

- 6 -

The relevance of the Declaratory Judgment Action to the Motion for a Trustee is likewise clear but limited. Fiduciary duty requires a debtor-in-possession to seek to expand the resources of the estate by prosecuting actions for the avoidance of preferences and fraudulent conveyances. This Debtor, however, is doing much the opposite in the Declaratory Judgment Action, the whole aim of which is to ensure that the Debtor's own creditors, the asbestos victims, are prevented from obtaining recourse against another entity that received all of its assets from the Debtor under questionable circumstances. It does not require any foray into the ultimate merits of the Declaratory Judgment Action to perceive that the role taken by the Debtor in prosecuting that litigation is not one that squares with its fiduciary duty to the very claimants who are the targets of the litigation.

WGM's letter admits that the Committee is not asking the Bankruptcy Court to decide the Declaratory Judgment Action or the Claims Estimation Motion. See WGM Letter at 1-2. Yet, without placing these matters in context or making any serious effort to explain their limited intersection with the demand for a trustee, WGM's letter simply asserts the bald conclusion that the Motion for a Trustee provides "an independent reason" for denying the reference withdrawal motions noted above. Although the basis for this conclusion is obscure, the idea seems to be that judicial economies will be not achieved by withdrawing the reference as to the Debtor's Claims Liquidation Motion or the Declaratory Judgment Action, since the Motion for a Trustee pending in the Bankruptcy Court in some sense implicates those motions. That contention cannot withstand any fair understanding of the matter.

There is no inconsistency between urging the Bankruptcy Court, on the one hand, to observe the Debtor's inordinate hostility to its creditors and unfitness to serve as a bankruptcy fiduciary, and urging the District Court, on the other hand, to withdraw the reference of discrete proceedings for the purpose of deciding once and for all the merits of disputes that do not touch on core bankruptcy matters. Judicial economics, moreover, are not a question of absolutes, but of relativities. The Motion for a Trustee does not invite the Bankruptcy Court to expend large amounts of time or effort in assessing the merits of any matters that are before Your Honor on motions to withdraw the reference.

To the extent, the Debtor's Claims Liquidation Motion and the Declaratory Judgment Action are relevant to the request for a trustee, their significance lies in what is manifest on their face, namely, the Debtor's essential hostility to the creditors. Their relevance thus does not depend upon or determination of their merits. Those proceedings, as shown in the reference withdrawal motions, are plainly non-core matters that do no implicate the specialized functions of the Bankruptcy Court. And the Motion for a Trustee in no way alters the common-sense division of labor under which the Bankruptcy Court continues to hear and determine core matters, while this Court goes forward to decide the merits of the discrete, non-core claims liquidation and declaratory judgment issues based on hearings it conducts once and for all.

KM00354



Caplin&Drysdale
CHARTERED

-7-

The alternative to reference withdrawal in those situations is to put the Bankruptcy Court to the burden of hearing them and recommending findings as a prelude to having them heard all over again and finally decided by the District Court upon redundant *de novo* review. Such redundancy should be avoided whenever possible. The G-I bankruptcy is almost two years old, and while other asbestos bankruptcies of the same or similar vintage (Babcock & Wilcox, Pittsburgh Corning, and Armstrong World Industries) are producing consensual plans of reorganization, G-I's chapter 11 case is mired in a host of disputes with no end in sight. Any chance for progress urgently depends on the District Court's willingness to take up the non-core matters for which reference withdrawal motions have been filed.

WGM did not see fit to provide the Court with a copy of the papers on the Committee's Motion for a Trustee, preferring to make sweeping generalizations out of context. We therefore now enclose a copy of the Committee's legal memorandum in support of its demand for a trustee, so that this Court can assess for itself the arguments the Committee is making in the Bankruptcy Court and whether the conclusion put forth in WGM's oblique letter has any merit. The Debtor is not due to file its responsive papers on the Motion for a Trustee until December 10th.

Very truly yours,

Trevor W. Swett

cc:     Martin J. Bienenstock, Esq.
        Dennis O'Grady, Esq.
        Elihu Inselbuch, Esq.
        Jeffrey D. Prol, Esq.
        Kevin E. Irwin, Esq.
        David R. Gross, Esq.
             (all via facsimile w/out encl.)

KM00355