# EXHIBIT 10

# SAIBER SCHLESINGER
# SATZ & GOLDSTEIN, LLC

ATTORNEYS AT LAW

ONE GATEWAY CENTER
13TH FLOOR
NEWARK, NEW JERSEY 07102-5311
TELEPHONE (973) 622-3333

TELECOPIER (973) 622-3349

WWW.SAIBER.COM

February 3, 2003

DAVID M SATZ, JR
BRUCE I GOLDSTEIN**
WILLIAM F. MADERER**
DAVID J DALDIA*
JEFFREY W. LORELL*
DAVID R GROSS*
SEAN R KELLY**
ARNOLD B. CALMANN*
STEPHEN H. KNEE*
JOAN M. SCHWAB
JENNINE DISOMMA*
JAMES M FORTE
VINCENT F PAPALIA*
RANDI SCHILLINGER*
MICHAEL J. GERAGHTY*
NINO A  COVIELLO*
MICHELLE V. FLOISHMAN*
AGNES I. RYMER*
JAMES H. GIANNINOTO*

SAMUEL S. SAIBER
1929-2002
NORMAN E. SCHLESINGER
JOHN L. CONOVER
GEOFFREY GAULKIN
DAVID J. SATZ
HEIDI WEGRYN GROSS
OF COUNSEL

ROBERT B. NUSSBAUM
SETH E. ZUCKERMAN
COUNSEL

* MEMBER OF NJ & NY BARS
+ CERTIFIED BY THE SUPREME
  COURT OF NEW JERSEY AS A
  CIVIL AND CRIMINAL TRIAL
  ATTORNEY
• CERTIFIED BY THE SUPREME
  COURT OF NEW JERSEY AS A
  CIVIL TRIAL ATTORNEY

ERNEST E. BADWAY*
RUTH D KIRSHNER
MARC C SINGER*
CYNTHIA BROOKS
LAUREN KENDE*
JEREMY P. KLEIMAN*
JENNIFER S MANHEIM*
JEFFREY SOOS
LISA M PAPP*
DANALYNN TOLENTO*
MELISSA A PROVOST
JULIA E. ROMERO*
CHRISTOPHER N CHIAPULLO
CHRISTINA L. FICHERA*
CHRISTOPHER M. WOLFE
JENNIFER R. GREENBAUM
MICHELLE L SPEYER*
PAOLA CIAPPINA
ANTHONY DEL GUERCIO*
DANIELLE PANTALEO*
LAUREN TALAN*
JONATHAN D. LEVY
WHITNEY R CHELNIK*
DANIELE N. HANKIN
DAVID M WHITE

**VIA HAND DELIVERY**

Honorable William G. Bassler
United States District Court Judge
Martin Luther King Jr. Federal Building
  and Courthouse
Room 5060
P.O. Box 999
Newark, New Jersey 07101-0999

     Re:    In re G-I Holdings, Inc., et al.; Case No. 02-CV-3971 (WGB)

Dear Judge Bassler:

     We are co-counsel in the above-referenced case to C. Judson Hamlin, the court appointed Legal Representative of Present and Future Persons Holding Asbestos Related Demands ("Legal Representative"). The Legal Representative is charged with protecting the interests of future asbestos claimants—currently unidentifiable individuals who have ingested Debtor's asbestos fibers prepetition, but who have not yet manifested injury. We write in regard to two pending Motions to Withdraw the reference from the Bankruptcy Court of all matters related to the estimation of Debtor's present and future asbestos liabilities.

     Underlying the Motions to Withdraw the reference are competing proposals filed by the Debtor and the statutory Asbestos Claimants' Committee requesting that the Court establish a method to estimate the number and value of present and future asbestos-related tort claims against the Debtor. The Legal Representative filed a Motion to Withdraw the Reference of all matters relating to the Debtor's estimation proposal. The Committee filed a Motion to Withdraw the Reference of all matters relating to its own estimation plan, and estimation issues in general. The Motions to Withdraw the Reference are now fully briefed, and ready for oral argument or decision.

## SAIBER SCHLESINGER SATZ & GOLDSTEIN, LLC

The difference in the two estimation proposals is stark. The Committee has proposed a method to estimate Debtor's aggregate liability for purposes of funding a victim's trust to be established under Bankruptcy Code § 524(g). Under this proposal, liability to individual present and future claimants will be liquidated on a claim-by-claim basis after the confirmation of a plan of reorganization by the § 524(g) victim's trust. This method of estimation is required to best effectuate § 524(g), and it has been used in every major asbestos-related bankruptcy to date. The Legal Representative supports the Committee's proposal.

The Debtor has proposed a plan to liquidate, not estimate, individual tort claims through a procedure that has never been used before in an asbestos-related bankruptcy, and which is not supported by any Bankruptcy Code provision or other statute. The Legal Representative believes that Debtor's proposal is contrary to Congressional intent in enacting Bankruptcy Code § 524(g).

To expedite matters, the parties agreed to brief the merits of the competing estimation motions while the reference withdrawal motions are pending. Briefing on the legal merits of the competing estimation motions is now complete. The merits briefs primarily focused on whether the Debtor's proposed method to liquidate claims was unacceptable as a matter of law. Accordingly, if the Court grants the Motions to Withdraw the Reference, a bifurcated proceeding may be appropriate for deciding the competing estimation proposals.

In the first stage of the proceedings on the merits, the Court may determine, as a matter of law, which of the two estimation proposals is acceptable. This purely legal issue is fully briefed, and after oral argument, would be ready for decision. The second stage of the proceedings would be evidentiary, and would involve litigating the Debtor's estimated asbestos-related tort liability to present and future claimants within the context of the estimation method chosen by the Court in the first stage of the bifurcated proceedings.

Guidance from the Court in scheduling these matters would be especially helpful at this stage of the case. The Bankruptcy Court has stayed all proceedings relating to the estimation of Debtor's tort liability, except the merits briefing, until this Court decides the reference withdrawal motions. Despite this stay, the Debtor is attempting to conduct discovery on estimation related matters before this Court has had an opportunity to decide whether to withdraw the reference, and before any judicial determination of which of the two competing estimation procedures will be used.

The Legal Representative supports the Committee's recently filed motion in the Bankruptcy Court to prevent Debtor's discovery efforts until a court has chosen an estimation methodology. Direction from this Court would necessarily structure both the timing and substance of estimation related discovery, and tether discovery to a specific

SAIBER SCHLESINGER SATZ & GOLDSTEIN, LLC

estimation framework, a far more logical and constructive process than the Debtor's
current push to conduct discovery outside of any such framework.

Please call if you have any questions, or would like to discuss any of the matters
referenced above.

Respectfully,

DAVID R. GROSS

cc:     Martin J. Bienenstock, Esq. (by fax)
        Kathryn L. Turner (by fax)
        Dennis O'Grady (by fax)
        Trevor W. Swett, III (by fax)
        Jeffrey D. Prol (by fax)
        C. Judson Hamlin (by fax)
        Kevin E. Irwin (by fax)
        Michael L. Scheier (by fax)

1061276.1

KM00395

FEB-03-2003  12:27        SSS&G                              19736226310    P.01/04

## SAIBER SCHLESINGER SATZ & GOLDSTEIN, LLC
### ATTORNEYS AT LAW
### ONE GATEWAY CENTER
### NEWARK, NEW JERSEY  07102-5311

### (973) 622-3333
### TELECOPIER:  (973) 622-3349

### FAX COVER SHEET

Date Sent:        February 3, 2003

                                                    **FAX NUMBER**
To:               Kathryn L. Turner, Esq.           212-310-8007
                  Martin Bienenstock, Esq.          212-310-8007
                  Dennis O'Grady, Esq.              973-538-1984
                  Trevor W. Swett, Esq.             202-429-3301
                  Jeffrey D. Prol, Esq.             973-597-2491
                  Hon. C. Judson Hamlin             908-658-4659
                  Kevin E. Irwin, Esq.              513-579-6457
                  Michael L. Scheier, Esq.          513-579-6457


From:             David R. Gross, Esq.

Re:               In re:  G-I Holdings, Inc., et al.

Pages Sent (including this sheet):  4

Remarks:  Please see attached.

---

### CONFIDENTIALITY NOTE

This transmission contains information that is confidential and/or legally privileged.  It is intended for use only by the person to whom it is directed.  If you have received this telecopy in error, please notify us by telephone immediately so that we can arrange for the return of the original documents to us at no cost to you.
If you do not receive all of the pages indicated above, please call us as soon as possible at (973) 622-3333.

{00274433.WPD}
00211409.WPD

KM00306

# EXHIBIT 11

# SAIBER SCHLESINGER SATZ & GOLDSTEIN, LLC

### ATTORNEYS AT LAW

ONE GATEWAY CENTER
13TH FLOOR
NEWARK  NEW JERSEY 07102-5311
TELEPHONE (973) 622-3333

TELECOPIER (973) 622-3349

WWW.SAIBER.COM

DAVID M SATZ JR
BRUCE I GOLDSTEIN**
WILLIAM F MADERER**
DAVID J DALOIA*
JEFFREY W LORELL*
DAVID R GROSS*
SEAN R KELLY*•
ARNOLD B CALMANN*
STEPHEN H KNEE*
JOAN M SCHWAB
JENNINE DISOMMA*
JAMES H FORTE
VINCENT F PAPALIA*
RANDI SCHILLINGER*
MICHAEL J GERAGHTY*
NINO A COVIELLO*
MICHELLE V FLEISHMAN*
AGNES I RYMER*
JAMES H GIANNINOTO*

SAMUEL S SAIBER
1929-2002
NORMAN E SCHLESINGER
JOHN L CONOVER
GEOFFREY GAULKIN
DAVID J SATZ
HEIDI WEGRYN GROSS
OF COUNSEL

ROBERT B NUSSBAUM
SETH E ZUCKERMAN
COUNSEL

*MEMBER OF NJ & NY BARS
• CERTIFIED BY THE SUPREME
COURT OF NEW JERSEY AS A
CIVIL AND CRIMINAL TRIAL
ATTORNEY
· CERTIFIED BY THE SUPREME
COURT OF NEW JERSEY AS A
CIVIL TRIAL ATTORNEY

ERNEST E BADWAY*
RUTH D KIRSHNER
MARC C SINGER*
CYNTHIA BROOKS
LAUREN KENDE*
JEREMY P KLEIMAN*
JENNIFER S MANHEIM*
JEFFREY SOOS
LISA M PAPP*
DANALYNN TOLENTO*
MELISSA A PROVOST
JULIA E ROMERO*
CHRISTOPHER M CHIAFULLO
CHRISTINA L FICHERA*
CHRISTOPHER M WOLFE
JENNIFER R GREENBAUM
MICHELLE L SPEYER*
PAOLA CIAPPINA
ANTHONY DEL GUERCIO*
DANIELLE PANTALEO*
LAUREN TALAN*
JONATHAN D LEVY
WHITNEY R CHELNIK*
DANIELE N HANKIN
DAVID M WHITE



RECEIVED MAY 1 3 2003 By_____

May 6, 2003

<u>Via Hand Delivery</u>

The Honorable William G. Bassler
United States District Judge
Martin Luther King, Jr. Federal
   Building and Courthouse
50 Walnut Street, Room 5060
Newark, New Jersey 07102

> **Re:**  **Official Committee of Asbestos Claimants v. G-I Holdings, Inc.**
> **Case No. 02-CV-2735 (WGB)**
>
> **Legal Representative v. G-I Holdings, Inc. v. G-I Holdings, Inc.**
> **Case No. 02-CV-3971 (WGB)**

Dear Judge Bassler:

On behalf of the movants, I write with regard to the above-referenced motions to withdraw the reference of certain proceedings in the bankruptcy of G-I Holdings, Inc. (the "Motions"). The Motions urge this Court to exercise jurisdiction over estimation of asbestos-related personal injury tort and wrongful death claims ("PTWD Claims") against the debtor, including the debtor's motion to establish a bar date for the filing of such claims. These motions were argued on April 14, 2003, and Your Honor has taken them under advisement.

The movants ask that the Court take notice of the enclosed Order issued by Judge Wolin on April 25, 2003, in the Owens Corning bankruptcy, another chapter 11 case precipitated by asbestos claims. The unsecured creditors committee in that case, composed of financial creditors, filed a motion to establish a bar date for PTWD claims. By the enclosed Order, Judge Wolin took direct control over the bar date issue, withdrawing the reference *sua sponte* and

{00292438 DOC}

KM00429

SAIBER SCHLESINGER SATZ & GOLDSTEIN, LLC

The Honorable William G. Bassler
May 6, 2003
Page 2

staying all proceedings on the bar date motion pending further order. This Order is in line with
reference withdrawal decisions in other asbestos bankruptcies referred to during oral argument of
the Motions. See In re USG Corporation, Case No. 01-2094, Memorandum Opinion and Order
(D. Del. Feb. 19, 2003) (Wolin, D.J., by designation) (exercising jurisdiction over bar date and
estimation issues relating to asbestos claims), and In re The Babcock & Wilcox Co., 2000 WL
422372 * 5 (E.D. La. Apr. 17, 2000) (Vance, D.J.) (withdrawing the reference of proceedings
involving challenges to the validity of asbestos claims, including "motions to set a bar date").

For the reasons previously submitted in the briefs and at oral argument, the movants
respectfully urge that reference withdrawal is the appropriate course of action for bar date and
estimation issues in the G-I case, as in the other asbestos-related bankruptcies referred to above.

Respectfully submitted,

DAVID R. GROSS

Enc.
cc:     Dennis J. O'Grady, Esq. (Via Facsimile & Regular Mail)
        Martin J. Bienenstock, Esq. (Via Facsimile & Regular Mail)
        Kathryn L. Turner, Esq. (Via Facsimile & Regular Mail)
        Trevor W. Swett, Esq. (Via Facsimile & Regular Mail)
        Jeffrey D. Prol, Esq. (Via Facsimile & Regular Mail)
        C. Judson Hamlin, Esq. (Via Facsimile & Regular Mail)
        Kevin Irwin, Esq. (Via Facsimile & Regular Mail)
        Michael Sheier, Esq. (Via Facsimile & Regular Mail)

{00292438.DOC}

**EXHIBIT 12**

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

CHAPTER 11

| | |
|---|---|
| In re: | Case Nos. 01-2094 through 01-2104 |
| USG CORPORATION, a Delaware Corporation, et al., | Honorable Alfred M. Wolin |
| Debtors. | |

**STIPULATION**

Debtor USG Corporation stipulates to the following facts:

On or before January 25, 2002, USG's general counsel, Stanley Ferguson, learned that Judge C. Judson Hamlin had been appointed as the Representative for Future Demand Holders in the G-I bankruptcy proceedings.

On or before January 25, 2002, USG learned that Judge C. Judson Hamlin had been appointed to serve as a Consultant to Judge Wolin in the Five Asbestos Bankruptcy Cases.

On January 17, 2002, Judge Wolin issued an Order appointing Judge Hamlin as Special Master in the USG case.

On or before February 21, 2002, USG or its lawyers considered whether or not it was a conflict of interest for Judge Hamlin to serve as a special master to Judge Wolin in the USG case.

On or about February 20, 2002, USG's counsel, Cooley Godward, wrote a letter to Judge Wolin in which USG's counsel stated:

"We appreciate the Court's flexibility as to the Special Master who will assist the Court by presiding over these cases. While everything we have heard about Messrs. Hamlin and Keefe suggests they are well-suited for the role the Court envisions, we remain concerned that an unsatisfied party would attempt to overturn an approved plan of reorganization by claiming that they are conflicted. For that reason, we would ask for the appointment of William Dreier in our case."

Dated  January 12, 2004

COOLEY GODWARD LLP

Stephen C. Neal (CA 170085)
Scott D. Devereaux (CA 146050)
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306
Tel: (650) 843-5000
*Counsel for Debtors*

Dated  January 12, 2004

CAPLIN & DRYSDALE, CHTD.

Nathan D. Finch (Bar No VA 34290)
1 Thomas Circle N.W.
Washington, DC 20005
Tel: (202) 862-7801
*Counsel for Official Committee of Asbestos Personal Injury Claimants of USG Corp.*

667524 v1/PA
#B2C01!.DOC

2.

**EXHIBIT 13**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

```
IN RE: W.R. GRACE & CO., :    Chapter 11
et al.,                   :    Case Nos. 01-1139 through
                          :                0-1200
         Debtors.         :
-------------------------
```

**ORDER RE: FRAUDULENT CONVEYANCE PROCEEDINGS -**
**1) AUTHORIZATION TO PROSECUTE;**
**2) APPOINTMENT OF SPECIAL MASTER; AND**
**3) CASE MANAGEMENT SCHEDULE**

This matter having been opened in part upon the Court's own

motion, in part upon the joint motion of the Asbestos Property

Damage Claimants Committee and the Asbestos Personal Injury

Claimants Committee for authorization to prosecute certain

fraudulent transfer claims (the "Motion for Authorization"), and

in part upon the joint application of the all interested parties

for a case management order governing the prosecution of the

fraudulent transfer claims; and the Court having considered the

written submissions of counsel and decided the Motion for

Authorization based upon them pursuant to Federal Rule of Civil

Procedure 78; and the Court having held a case management

conference on February 20, 2002, at which counsel for all parties

were given an opportunity to be heard; and the Court having given

all parties an opportunity to object to the entry of this Order,

including without limitation any objection based upon Bankruptcy

Rule 9031, or otherwise be deemed to have waived any further

objection to it; and no objection being heard (except for the

objections already received to the Motion for Authorization); and
the parties having further manifested their assent, per the
Certification of David W. Carickhoff, Jr., Esq., by the filing of
a joint proposed order substantially in accord with the following
Order; and good cause appearing

    It is this /2 day of March 2002

    ORDERED that pursuant to 28 U.S.C. § 157 and the Order of
this Court issued December 10, 2001, the reference of this case
to the Bankruptcy Court, Judge Judith K. Fitzgerald presiding, is
hereby withdrawn with respect to the Motion for Authorization and
any further proceedings that may take place concerning the
fraudulent transfer claims that are the subject of the Motion for
Authorization, including without limitation any adversary
proceeding that may be filed (hereinafter collectively the
"Fraudulent Conveyance Proceedings") and it is further

    ORDERED that the Motion for Authorization is granted, and it
is further

    ORDERED William A. Drier, Esq., of Norris, McLaughlin &
Marcus, Bridgewater, New Jersey, is hereby appointed Special
Master in the Fraudulent Conveyance Proceedings, and it is
further

    ORDERED that the Special Master shall hear disputes arising
out of discovery matters only, subject to further Order of the
Court, and it is further

ORDERED that practice before the Special Master shall be governed by such rules as he may direct, provided however that

1.    Counsel shall confer among themselves in good faith to resolve any dispute before presenting it to the Special Master.

2.    The Special Master may hear testimony and the arguments of counsel by any means he may deem appropriate, including without limitation by telephone conference, and announce his ruling orally, which announcement shall start the time within which any objection must be filed as further set forth in this Order.

3.    The ruling of the Special Master shall be final and binding on the parties unless a party whose rights are affected by that ruling files a written objection with the Court within five (5) calendar days of its announcement, provided however that any party intending to object must first contact the chambers of the Court by telephone for further instructions on how to proceed.

4.    The Special Master shall, as soon as practicable following the announcement of a ruling, prepare a written report to the Court setting forth those findings of fact and conclusions of law upon which that ruling is based, provided however that the parties may waive the necessity of a written report should no objection be forthcoming.

5.    Upon the objection of any party filed in conformance

3

with this Order, this Court shall review the ruling and report of the Special Master de novo; and it is further

ORDERED that, to the extent this Order may be inconsistent with Bankruptcy Rule 9031, that rule is suspended, and it is further

ORDERED that discovery in the Fraudulent Conveyance Proceedings shall proceed on the following schedule:

3/4/02     A document depository was established by the debtor at its offices at 5400 Broken Sound Blvd., N.W., Suite 300, Boca Raton Florida to house documents produced in this action. All parties to these proceedings shall have access at such times and in accordance with such procedures as is reasonable and mutually agreed by the parties.

3/18/02    The Asbestos Property Damage Claimants Committee and the Asbestos Personal Injury Claimants Committee (hereinafter "Plaintiffs") shall file their complaint or complaints as authorized by this Order. Requests for discovery may be served on or after this date.

4/1/02     Answers to the complaint and any counter-claims and cross-claims shall be served and filed.

4/15/02    All parties shall designate witnesses and individuals likely to have discoverable information and make such further disclosure as required by Federal Rule of Civil Procedure 26(a)(1)(A). Answers to any counter-claims and cross-claims shall be served and filed.

5/1/02     Depositions upon oral examination may commence on or after this date, except for depositions of expert witnesses.

7/15/02    Plaintiffs shall disclose their expert witnesses, including without limitation reports by those expert witnesses, in the manner and making such further disclosure as required by Federal Rule of

4

Civil Procedure 26(a)(2).

8/1/02      The parties shall supplement their designation of
            witnesses and individuals with discoverable
            information with a designation of any additional
            witnesses and other individuals of which the
            parties may have learned. The parties shall file
            with the Court a stipulation setting forth the
            agreed choice of law or laws to govern the
            Fraudulent Conveyance Proceedings or notify the
            Court by letter that the parties have been unable
            to agree on the choice of law.

8/5/02      All parties except plaintiffs shall disclose
            their expert witnesses, including without
            limitation reports by those expert witnesses, in
            the manner and making such further disclosure as
            required by Federal Rule of Civil Procedure
            26(a)(2).

8/16/02     Plaintiffs shall disclose any opinions of their
            expert witnesses rebutting the opinions of the
            expert witness disclosed by any other party, by
            providing a report in the form set forth in
            Federal Rule of Civil Procedure 26(a)(2)(B).

8/19/02     Depositions of expert witnesses may commence on
            or after this date.

8/30/02     All parties shall make pre-trial disclosures as
            set forth in Federal Rule of Civil Procedure
            26(a)(3)(A)(trial witnesses) and (B)(trial
            exhibits).

9/9/02      The parties shall designate deposition testimony
            they intend to introduce as evidence at trial
            ("Will Call" testimony) and make a separate
            designation of deposition testimony which they
            may wish to introduce as evidence at trial, but
            which they do not then intend to introduce at
            trial ("May Call" testimony).

9/16/02     No further discovery will be permitted after this
            date. The parties shall make their objections to
            Will Call testimony designated by another party.
            The parties shall designate any further
            deposition testimony they believe should be

5

required to be introduced into evidence at trial
pursuant to Federal Rule of Civil Procedure
32(a)(4).

9/20/02     The parties shall make their objections to trial
            exhibits designated by any other party.

9/23/02     The parties shall make their objections to
            further designations of deposition testimony
            pursuant to Federal Rule of Civil Procedure
            32(a)(4).  The parties shall file with the Court
            a five-page statement of the law governing the
            dispute between them.

9/30/02     Trial begins.

and it is further

ORDERED that discovery shall be conducted pursuant to the

Federal Rules of Civil Procedure except as modified by the

schedule set forth in this Order and by the following general

provisions:

1.  Requests for production:  Parties shall have fifteen

(15) days to respond to document requests, including objections.

Parties shall produce documents on a rolling basis, to be

completed within thirty (30) days from service of the request.

Interrogatories/ Requests to Admit: Parties shall have fifteen

(15) days from service to interpose objections to those requests

for which the party will provide no substantive answers but only

objections, and thirty (30) days from service to otherwise

interpose objections and respond.  All document discovery shall

be produced into the document depository and may also be produced

among the parties directly as they may agree among themselves.

6

2.    No obligation to provide discovery or make other
disclosures as set forth in this Order shall supersede or limit
any party's obligation to supplement disclosures and responses
pursuant to and as further set forth in Federal Rule of Civil
Procedure 26(e).

3.    The use at trial of any deposition testimony designated
by a party pursuant to this Order is subject to the limitations
set forth in Federal Rule of Civil Procedure 32 and any further
Order of the Court.

4.    No deposition testimony designated as "May Call"
pursuant to this Order shall be used at trial except with leave
of Court granted on a showing of cause why that testimony was not
designated "Will Call" within the time periods specified by this
Order.

5.    The specification in this Order of a date on which a
party shall perform an act shall be construed to permit the party
to perform the act on or before the date specified.

6.    In addition to and without limitation of the
specification of the contents of reports of expert witnesses set
forth in this Order and Federal Rule of Civil Procedure 26,
expert reports shall include data, computer models, programs and
output, spreadsheets and calculations relied upon by the experts
in forming their opinion(s).  The software necessary to read or
understand any portion of an expert's report shall also be made

7

available by the experts.

7.   No dispositive motions shall be filed without leave of Court and all potentially dispositive motions previously filed are deemed withdrawn without prejudice.

8.   Any disclosure, designation or objection required or permitted by this Order shall be in a writing served on all parties to this action and not filed with the Court, except where the Order expressly directs filing the writing with the Court in which case the writing shall be both served and filed.   Service pursuant to this Order shall be by overnight courier and shall be effective upon delivering the documents to be served to the overnight courier by close of business, local time, on the date of service.

9.   The deadlines specified in this Order may not be altered except by the Special Master and/or by Order of the Court for good cause shown.

ALFRED M. WOLIN, U.S.D.J.

8

**EXHIBIT 14**

# SAIBER SCHLESINGER SATZ & GOLDSTEIN, LLC

### ATTORNEYS AT LAW

ONE GATEWAY CENTER
13TH FLOOR
NEWARK, NEW JERSEY 07102-5311
TELEPHONE (973) 622-3333

TELECOPIER (973) 622-3349

WWW.SAIBER.COM

DAVID M. SATZ, JR.
BRUCE I. GOLDSTEIN+°
WILLIAM F. MADERER+°
DAVID J. D'ALOIA°
JEFFREY W. LORELL°
DAVID R. GROSS°
SEAN R. KELLY+°
ARNOLD B. CALMANN°
STEPHEN H. KNEE°
JOAN M. SCHWAB
JENNINE DISOMMA°
JAMES H. FORTE
VINCENT F. PAPALIA°
RANDI SCHILLINGER°
MICHAEL J. GERAGHTY°
NINO A. COVIELLO°
MICHELLE V. FLEISHMAN°
AGNES I. RYMER°
JAMES H. GIANNINOTO°
NANCY A. WASHINGTON

SAMUEL S. SAIBER
1929-2002
NORMAN E. SCHLESINGER
JOHN L. CONOVER
GEOFFREY GAULKIN
MORTON GOLDFEIN°
DAVID J. SATZ
HEIDI WEGRYN GROSS
OF COUNSEL

ROBERT B. NUSSBAUM
SETH E. ZUCKERMAN
COUNSEL

° MEMBER OF NJ & NY BARS
+ CERTIFIED BY THE SUPREME
COURT OF NEW JERSEY AS A
CIVIL AND CRIMINAL TRIAL
ATTORNEY
* CERTIFIED BY THE SUPREME
COURT OF NEW JERSEY AS A
CIVIL TRIAL ATTORNEY

ERNEST E. BADWAY°
RUTH D. KIRSHNER
MARC C. SINGER°
CYNTHIA BROOKS
LAUREN KENDE°
JEREMY P. KLEIMAN°
JENNIFER S. MANHEIM°
JEFFREY SOOS
LISA M. PAPP°
DANALYNN T. COLAO°
MELISSA A. PROVOST
JULIA E. ROMERO°
CHRISTOPHER M. CHIAFULLO
CHRISTINA L. FICHERA°
CHRISTOPHER M. WOLFE
JENNIFER R. O'CONNOR
MICHELLE L. SPEYER°
PAOLA CIAPPINA
ANTHONY DEL GUERCIO°
DANIELLE PANTALEO°
LAUREN TALAN°
JONATHAN D. LEVY
WHITNEY R. CHELNIK°
DANIELE N. HANKIN
DAVID M. WHITE

September 24, 2003

COPY

David M. Bernick, Esq.
Kirkland & Ellis, LLP
200 East Randolph Drive
Chicago, Illinois 60601

Peter Kreindler, Esq.
SVP & General Counsel
Honeywell, Inc.
101 Columbia Road
Morristown, New Jersey 07962

D. Jansing Baker, Esq.
Skadden, Arps, Slate
Meagher & Flom, LLP
4 Times Square
New York, New York 10036

Lewis Kruger, Esq.
Stroock, Stroock & Lavan, LLP
180 Maiden Lane
New York, New York 10038

Craig Litherlane, Esq.
Gilbert Heintz & Randolph, LLP
1100 New York Avenue, N.W.
Suite 700
Washington, DC 20005-3987

Steven M. Fuhrman, Esq.
Simpson Thacher & Bartlett
425 Lexington Avenue
New York, New York 10017

RE:    DEBTORS AND FINANCIAL CREDITORS WORKING COMMITTEE

Gentlemen and Madam:

On September 12, 2003, Judge Wolin ordered the establishment of working committees to explore the resolution of issues common to the asbestos bankruptcies. Professor McGovern and I would like you to become a member of the Debtors and Financial Creditors Working Committee. A copy of Judge Wolin's Order is enclosed.

{00308561.DOC}

K00168

**SAIBER SCHLESINGER SATZ & GOLDSTEIN, LLC**

Debtors and Financial Creditors Working Committee
September 24, 2003
Page 2


Please let us know at your earliest convenience of your interest in participating in the Working Committee.

Very truly yours,

DAVID R. GROSS

Enc.

K00169

{00308561.DOC}

9-12-03;10:27AM;DISTRICT CT. J WOLIN                    ;973 6454545

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

IN RE: ARMSTRONG WORLD      :   Chapter 11
INDUSTRIES, INC., et al.,:      Case Nos. 00-4471, 00-4469,
                            :              00-4470
          Debtors.          :
-------------------------
IN RE: W.R. GRACE & CO., :      Chapter 11
et al.,                     :   Case Nos. 01-1139 through
                            :              0-1200
          Debtors.          :
-------------------------
IN RE: FEDERAL-MOGUL        :   Chapter 11
GLOBAL, INC., T&N           :   Case Nos. 01-10578, et al.[1]
LIMITED, et al.,            :
                            :
          Debtors.          :
-------------------------
IN RE: USG CORPORATION,     :   Chapter 11
a Delaware Corporation,     :   Case Nos. 01-2094 through
et al.,                     :              01-2104
                            :
          Debtors.          :
-------------------------
IN RE: OWENS CORNING,       :   Chapter 11
et al.,                     :   Case Nos. 00-3837 through
                            :              00-3854
          Debtors.          :
-------------------------

        This matter being opened before the Court upon its own

motion; and the Court having appointed David R. Gross, Esq. and

Professor Francis E. McGovern as court appointed advisors in the

above-captioned chapter 11 proceedings by its Order dated

December 28, 2001; and it appearing that these proceedings and

others anticipated to be filed will benefit from the

establishment of working committees to explore resolution of

-------------------
    [1]See attached list.

K00170

9-12-03;10:27AM;DISTRICT CT. J WOLIN                    ;973 6454549          # 3/ 3

issues common to each of the five proceedings and others that may

come before the Court (the "Working Committees"); and other good

cause appearing

    IT IS this 12ᵀᴴ day of September 2003

    ORDERED that David R. Gross, Esq., and Professor Francis E.

McGovern shall establish such Working Committees for the purposes

contemplated by this Order in such number and with such

membership as they shall deem most effective, and it is further

    ORDERED that, without limitation of the preceding paragraph,

the number and membership of the Working Committees shall be

determined such that each interest and constituency in the

above-referenced proceedings is represented to the fullest extent

practicable, and it is further

    ORDERED that members of the Working Committees shall serve

without compensation, and it is further

    ORDERED that, notwithstanding the use of the word

"committee(s)" in this Order, the Working Committees established

herewith shall not be considered a committee created pursuant to

28 U.S.C. § 1102, and no provision of the Bankruptcy Code making

reference to committees shall have any force or effect upon the

Working Committees established pursuant to this Order.

ALFRED M. WOLIN, U.S.D.J.

2

K00171

**E-mail and Fax Numbers:**

| | E-mail: | Fax #: |
|---|---|---|
| Joseph Rice, Esq. | jrice@motleyrice.com | (843) 216.9290 |
| Perry Weitz, Esq. | pweitz@weitzlux.com | (212) 344.0994 |
| John Cooney, Esq. | jcooney@cooneyconway.com | (312) 551.6759 |
| Russell Budd, Esq. | rbudd@baronbudd.com | (214) 523.9157 |
| Steve Kazan, Esq. | skazan@kazanlaw.com | (510) 835.4913 |
| Matt Bergman, Esq. | matt@bergmanpageler.com | (206) 463.4470 |
| Bryan Blevins, Esq. | bblevins@provostumphrey.com | (409) 838.8888 |

K00172

# EXHIBIT 15

# SAIBER SCHLESINGER SATZ & GOLDSTEIN, LLC

## ATTORNEYS AT LAW

ONE GATEWAY CENTER
13TH FLOOR
NEWARK, NEW JERSEY 07102-5311
TELEPHONE (973) 622-3333

TELECOPIER (973) 622-3349

WWW.SAIBER.COM

DAVID M. SATZ, JR.
BRUCE I. GOLDSTEIN+°
WILLIAM F. MADERER+°
DAVID J. D'ALOIA*
JEFFREY W. LORELL°
DAVID R. GROSS°
SEAN R. KELLY*°
ARNOLD B. CALMANN°
STEPHEN H. KNEE°
JOAN M. SCHWAB
JENNINE DISOMMA°
JAMES H. FORTE
VINCENT F. PAPALIA°
RANDI SCHILLINGER°
MICHAEL J. GERAGHTY°
NINO A. COVIELLO°
MICHELLE V. FLEISHMAN°
AGNES I. RYMER°
JAMES H. GIANNINOTO°
NANCY A. WASHINGTON

SAMUEL S. SAIBER
1929-2002
NORMAN E. SCHLESINGER
JOHN L. CONOVER
GEOFFREY GAULKIN
MORTON GOLDFEIN°
DAVID J. SATZ
HEIDI WEGRYN GROSS

*OF COUNSEL*

ROBERT B. NUSSBAUM
SETH E. ZUCKERMAN
*COUNSEL*

° MEMBER OF NJ & NY BARS
* CERTIFIED BY THE SUPREME
COURT OF NEW JERSEY AS A
CIVIL AND CRIMINAL TRIAL
ATTORNEY
+ CERTIFIED BY THE SUPREME
COURT OF NEW JERSEY AS A
CIVIL TRIAL ATTORNEY

ERNEST E. BADWAY°
RUTH D. KIRSHNER
MARC C. SINGER°
CYNTHIA BROOKS
LAUREN KENDE°
JEREMY P. KLEIMAN°
JENNIFER S. MANHEIM°
JEFFREY SOOS
LISA M. PAPP°
DANALYNN T. COLAO°
MELISSA A. PROVOST
JULIA E. ROMERO°
CHRISTOPHER M. CHIAFULLO
CHRISTINA L. FICHERA°
CHRISTOPHER M. WOLFE
JENNIFER R. O'CONNOR
MICHELLE L. SPEYER°
PAOLA CIAPPINA
ANTHONY DEL GUERCIO°
DANIELLE PANTALEO°
LAUREN TALAN°
JONATHAN D. LEVY
WHITNEY R. CHELNIK°
DANIELE N. HANKIN
DAVID M. WHITE

October 27, 2003

Jeffrey Prol, Esq.
LOWENSTEIN SANDLER, PC
65 Livingston Avenue
Roseland, NJ  07068

   Re: Asbestos Bankruptcies Working Committees

Dear Jeff:

  I am enclosing a list of the "Working Committees" established to explore the resolution of issues common to the asbestos bankruptcy matters.

    Very truly yours,

    DAVID R. GROSS

Enc.

DRG000392

{00313937.DOC}

 

## INSURERS WORKING COMMITTEE

| | |
|---|---|
| **Helen Merrick**<br>**Michael J. Sehr**<br>**CNA Insurance Company**<br>333 S. Wabash Avenue<br>19th Floor South<br>Chicago, Illinois 60604<br>Telephone: 312-822-1357<br>Fax: 312-755-3088<br>E-mail: Michael.Sehr@cna.com | **Patricia Henry**<br>**ACE, INA**<br>Two Liberty Place<br>1601 Chestnut Street<br>Philadelphia, Pennsylvania 19103<br>Telephone: 215-640-2098<br>Fax: 215-640-5297<br>E-mail: patricia.henry@ace-ina.com |
| **Susan Stonehill-Claflin**<br>**The Travelers**<br>One Tower Square, 5MS<br>Hartford, Connecticut 06173<br>Telephone: 860-954-4265<br>Fax:<br>E-mail: sstonehi@travelers.com | **Barbara Pennell Van Horn**<br>**Liberty Mutual Insurance Company**<br>150 South Independence Mall, West<br>Suite 500, Public Ledger Building<br>6th & Chestnut Streets<br>Philadelphia, Pennsylvania 19106<br>Telephone:<br>Fax:<br>E-mail: |
| **Joseph L. Ruby**<br>**Baach Robinson & Lewis, PLLC**<br>One Thomas Circle, Suite 200<br>Washington, DC<br>Telephone: 202-833-8900<br>Fax: 202-466-5738<br>E-mail: | |

DRG000393

## PROPERTY DAMAGE WORKING COMMITTEE

| | |
|---|---|
| **Daniel A. Speights, Esq.**<br>**Speights & Runyan**<br>200 Jackson Avenue, POB 685<br>Hampton, South Carolina 29924<br>Telephone: 803-943-4444<br>Fax: 803-943-4599<br>E-mail: | **Edward J. Westbrook, Esq.**<br>**Richardson, Patrick, Westbrook**<br>**& Brickman, LLC**<br>174 East Bay Street<br>Charleston, South Carolina 29402<br>Telephone: 843-727-6513<br>Fax: 843-727-6688<br>E-Mail: ewestbrook@rpwb.com |
| **Martin Dies, Esq.**<br>**Dies, Henderson & Carona**<br>1009 West Green<br>Orange, Texas 77630-5619<br>Telephone:<br>Fax:<br>E-Mail: | |

DRG000394



## DEBTORS AND FINANCIAL CREDITORS WORKING COMMITTEE

| | |
|---|---|
| **David M. Bernick, Esq.**<br>**Kirkland & Ellis, LLP**<br>200 Eat Randolph Drive<br>Chicago, Illinois 60601<br>Telephone: 312-861-2248<br>Fax: 312-312-861-2200<br>E-mail: dbernick@kirland.com | **D. Jansing Baker, Esq.**<br>**Skadden, Arps, Slate, Meagher**<br>  **& Flom, LLP**<br>4 Times Square<br>New York, New York 10036<br>Telephone: 212-735-2150<br>Fax: 917-777-2150<br>E-mail: jbaker@skadden.com |
| **Craig J. Litherland, Esq.**<br>**Gilbert Heintz & Randolph, LLP**<br>1100 New York Avenue, N.W.<br>Suite 700<br>Washington, DC 20005-3987<br>Telephone: 202-772-2264<br>Fax: 202-772-2266<br>E-mail: Litherland@ghrdc.com | Peter Kreindler, Esq.<br>SVP & General Counsel<br>Honeywell, Inc.<br>101 Columbia Avenue<br>Morristown, New Jersey 07962<br>Telephone: 973-455-5513<br>Fax:<br>E-mail: |
| **Lewis Kruger, Eq.**<br>**Stroock, Stroock & Lavan, LLP**<br>180 Maiden Lane<br>New York, New York 10038<br>Telephone: 212-806-5400<br>Fax: 212-806-6006<br>E-mail: | **Steven M. Fuhrman, Esq.**<br>**Simpson Thacher & Bartlett**<br>425 Lexington Avenue<br>New York, New York 10017<br>Telephone: 212-455-7235<br>Fax: 212-455-2502<br>E-mail: |

DRG000395

 

## TORT CLAIMANTS WORKING COMMITTEE

| | |
|---|---|
| **Perry Weitz, Esq.**<br>**Weitz & Luxenberg**<br>180 Maiden Lane<br>New York, New York 10038<br>Telephone: 212-558-550<br>Fax: 212-344-5461<br>E-mail: | **Steven Kazan, Esq.**<br>**Kazan, McCain, Edises, Abrams**<br>**  Fernandez, Lyons & Farrise**<br>171 Twelfth Street, Suite 300<br>Oakland, California 94607<br>Telephone: 510-465-7728<br>Fax: 510-835-4913<br>E-mil: postmaster@kazanlaw.com |
| **Matthew P. Berman, Esq.**<br>**Bergman Senn Pageler & Frockt**<br>17530 Vashon Highway, S.W.<br>P.O. Box 2010<br>Vashon, Washington 98070<br>Telephone: 206-463-4408<br>Fax:<br>E-mail: | **Bryon O. Blevins, Jr., Esq.**<br>**Provost & Umphrey Law Firm,**<br>**LLP**<br>490 Park Street, POB 4905<br>Beaumont, Texas 77704<br>Telephone: 409-835-6000<br>Fax: 409-813-8610<br>E-mail: |
| **Russell Willis Budd, Esq.**<br>**Baron & Budd, PC**<br>3102 Oak Law Avenue, Suite 1100<br>Dallas, Texas 75219<br>Telephone: 214-521-3605<br>Fax:<br>E-mail: | **John D. Cooney, Esq.**<br>**Law Offices of Cooney & Conway**<br>120 LaSalle Street, 30th Floor<br>Chicago, Illinois 60602<br>Telephone: 312-236-6166<br>Fax:<br>E-mail: |
| **Joseph Rice, Esq.**<br>**Motley & Rice, LLC**<br>28 Bridgeside Boulevard<br>POB 1972<br>Mount Pleasant, South Carolina 29465<br>Telephone: 843-216-9000<br>Fax:<br>E-Mail: | |

DRG000396



## FUTURE CLAIMANTS WORKING COMMITTEE

| | |
|---|---|
| **Eric D. Green, Esq.**<br>**Resolutions, LLC**<br>Two Twenty Two Berkeley Street<br>Suite 1060<br>Boston, MA 02116<br>Telephone: 617-556-8000<br>Fax: 617-556-9900<br>E-mail: www.resolutionsllc.com | **James McMonagle, Esq.**<br>**Vorys, Sater, Seymour & Pease,**<br>**LLP**<br>2100 One Cleveland Center<br>1375 East Ninth Street<br>Cleveland, Ohio 44114-1724<br>Telephone:<br>Fax:<br>E-mail: |
| **Charles Renfrew, Esq.**<br>710 Sansome Street<br>San Francisco, CA 94108<br>Telephone:<br>Fax:<br>E-mail: | **C. Judson Hamlin, Esq.**<br>**Purcell Ries Shannon Mulcahy**<br>**& O'Neill, Esqs.**<br>One Pluckemin Way<br>Bedminster, New Jersey 07921<br>Telephone: 908-658-3800<br>Fax: 908-658-4659<br>E-mail: jhamlin@prsmo.com |
| **Lawrence Fitzpatrick, Esq.**<br>**Center for Claims Resolution**<br>Princeton Pike Corporate Cetner<br>1009 Lenox Drive, Suite 101<br>Lawrenceville, New Jersey 08648<br>Telephone: 609-219-8864<br>Fax: 609-219-8864<br>E-mail: | |

DRG000397

**EXHIBIT 16**



**Caplin & Drysdale**
A T T O R N E Y S

Caplin & Drysdale, Chartered
399 Park Avenue, 27th Floor
New York, NY 10022-4614
212-319-7125  212-644-6755 Fax
www.caplindrysdale.com

July 22, 2003

*Via Facsimile*

David M. Bernick, Esq.
Kirland & Ellis
200 East Randolph Drive
Chicago, Illinois  60601

                Re:   <u>W.R. Grace – Futures Representative</u>

Dear David:

        I was told that David Gross has been suggested as the Futures
Representative in this case and, on the assumption that he was someone acceptable to
the Debtor, I have consulted the Committee and can advise you that they have no
objection to his appointment.

        I trust you will take matters from here.

                                        Sincerely yours,

                                        Elihu Inselbuch

EI:lk

K00099

**EXHIBIT 17**

 SBaena@bilzin.com on 07/31/2003 02:31:32 PM

To:     Janet Baer/Chicago/Kirkland-Ellis@K&E
cc:     "Jay Sakalo" <JSakalo@bilzin.com>

Subject:  Grace

---

Jan---

The PD Committee will not oppose the appointment of David Gross as the Futures
Rep.

Best wishes.
Scott

Scott L. Baena
Bilzin Sumberg Baena Price & Axelrod LLP
Direct Number - 305-350-2403
Direct Fax Number - 305-351-2203
Email - sbaena@bilzin.com


"WorldSecure <bilzin.com>" made the following
 annotations on 07/31/03 15:26:10
----------------------------------------------------------------------------

[INFO] -- Access Manager:
This message contains information which may be confidential and privileged.
Unless you are the addressee (or authorized to receive for the addressee), you
may not use, copy or disclose to anyone the message or any information contained
in this message.  If you have received this message in error, please advise the
sender by reply e-mail or reply to info@bilzin.com, and delete the message. Thank
you very much.

============================================================================

K00103

# EXHIBIT 18



Janet Baer
07/31/2003 12:21 PM

To:      David Bernick,
cc:

Subject:  W. R. Grace Futures Representative

I finally spoke with Lou Krueger today with respect to the issue of appointing David Gross as the Futures Represantative. Lou, as you recall, represents the Unsecured Creditors Committee. Lou said that he had no issue with Gross but wanted to know who Gross would be hiring as his counsel. Lou said that they look upon Gross as the Asbestos Committee's guy and in an effort to balance things out, they may not object if they are happy with or can pick his counsel. Lou said that this is the deal they struck in the Owens Corning case. I told him I had no idea who Gross was thinking of as counsel but I would pass on his comments to you. Let me know if you need me to do any follow-up on this matter, etc. Jan

K00102

**EXHIBIT 19**

 Janet Baer
08/15/2003 03:01 PM

To:     lkruger@strook.com, sbaena@bilzin.com, pvnl.capdale.com, gbecker@kramerlevin.com,
cc:     David Bernick, drg@saiber.com, david.siegel@grace.com

Subject:   W.R. Grace Futures Representative

  A few weeks ago I circulated a message to all of you soliciting your input with respect to Grace's
suggestion that David Gross be appointed as the Futures Representative in the Grace Chapter 11 cases.
Your responses suggested that there were no objections to Grace seeking to appoint Mr. Gross but there
was some concern raised with respect to the counsel that may be hired to represent Mr. Gross in that
regard.  We believe that the issue with respect to Mr. Gross's counsel can be taken up after we seek to
appoint Mr. Gross.  As a result, please be advised that Grace intends to move forward and file a Motion to
Appoint Mr. Gross as the Futures Representative in the Grace Chapter 11 cases.  Thanks, Jan Baer

K00107


Janet Baer
08/15/2003 03:39 PM

To:       pvnl@capdale.com
cc:

Subject:  W.R. Grace Futures Representative

------------------------ Forwarded by Janet Baer/Chicago/Kirkland-Ellis on 08/15/2003 03:38 PM --------------------------


Janet Baer
08/15/2003 03:37 PM

To:       lkruger@strook.com, sbaena@bilzin.com, gbecker@kramerlevin.com
cc:       david_bernick@chicago.kirkland.com, drg@saiber.com, david.siegel@grace.com

Subject:  W.R. Grace Futures Representative

A few weeks ago I circulated a message to all of you soliciting your input with respect to Grace's suggestion that David Gross be appointed as the Futures Representative in the Grace Chapter 11 cases. Your responses suggested that there were no objections to Grace seeking to appoint Mr. Gross but there was some concern raised with respect to the counsel that may be hired to represent Mr. Gross in that regard.  We believe that the issue with respect to Mr. Gross's counsel can be taken up after we seek to appoint Mr. Gross.  As a result, please be advised that Grace intends to move forward and file a Motion to Appoint Mr. Gross as the Futures Representative in the Grace Chapter 11 cases.  Thanks, Jan Baer

K00108

**EXHIBIT 20**

## Privilege Log

### Kirkland & Ellis LLP Documents

| Document Number | Date | Asserted Privilege | Description of Document | Bates Range |
|---|---|---|---|---|
| 1 | 01/08/2002 | Attorney Work-Product | Letter from David Bernick to Judge Wolin regarding case theories in the Sealed Air fraudulent transfer proceedings. | KP00001 - KP00010 |
| 2 | No Date Indicated | Attorney Work-Product | Draft of letter from David Bernick to Judge Wolin regarding case theories in the Sealed Air fraudulent transfer proceedings. | KP00011 - KP00022 |
| 3 | 01/09/2002 | Attorney Work-Product | Facsimile transmission of David Bernick's 01/08/2002 letter to Judge Wolin, which was sent by Shirley Pope (on behalf of David Bernick) to Ken Pasquale in the Sealed Air fraudulent transfer proceedings. | KP00023 - KP00034 |
| 4 | 03/18/2002 | Attorney Work-Product | Facsimile from David M. Bernick, P.C. to Evans Wohlforth concerning matters relating to asbestos claims against Grace. | KP00035 - KP00042 |
| 5 | 9/30/2002 | Attorney Work-Product and Settlement-Related Communication[1] | Facsimile from David M. Bernick, P.C. to Judge Wolin concerning the Sealed Air fraudulent transfer proceedings. | KP00043 - KP00048 |

[1] Items listed as "Settlement-Related Communication" have been withheld because they concern communications related to settlement discussions and are not admissible pursuant to Rule 408 of the Federal Rules of Evidence. Also, these documents are not likely to lead to the discovery of other admissible evidence.

| | | | proceedings. | |
|---|---|---|---|---|
| 6 | 8/28/2003 | Attorney Work-Product | Draft version of "Application of Debtors Pursuant to 11 U.S.C. § 105, 327 and 524(g)(4)(B)(i), for the Appointment of David R. Gross as Legal Representative for Future Claimants." | KP00049 - KP00055 |
| 7 | 9/02/2003 | Attorney Work-Product | Draft version of "Application of Debtors Pursuant to 11 U.S.C. § 105, 327 and 524(g)(4)(B)(i), for the Appointment of David R. Gross as Legal Representative for Future Claimants." | KP00056 - KP00065 |
| 8 | 9/02/2003 | Attorney Work-Product | Draft version of "Verified Statement of David R. Gross Pursuant to Bankruptcy Rule 2014(a)." | KP00066 - KP00068 |
| 9 | 9/02/2003 | Attorney Work-Product | Draft version of "Order Appointing David R. Gross as Legal Representative for Future Claimants." | KP00069 - KP00072 |
| 10 | 9/03/2003 | Attorney Work-Product | Draft version of "Application of Debtors Pursuant to 11 U.S.C. § 105, 327 and 524(g)(4)(B)(i), for the Appointment of David R. Gross as Legal Representative for Future Claimants." | KP00073 - KP00082 |
| 11 | 9/04/2003 | Attorney Work-Product | Draft version of "Application of Debtors Pursuant to 11 U.S.C. § | KP00083 - KP00092 |

2

| | | | 105, 327 and 524(g)(4)(B)(i), for the Appointment of David R. Gross as Legal Representative for Future Claimants." | |
|---|---|---|---|---|
| N/A | 9/16/2003 | Attorney Work-Product | **Redacted:** Handwritten notes by Kirkland & Ellis LLP attorney. | K00160 |
| N/A | 9/16/2003 | Attorney Work-Product | **Redacted:** Internal communication between Kirkland & Ellis LLP attorneys. | K00165 |
| N/A | 9/16/2003 | Attorney Work-Product | **Redacted:** Handwritten notes by Kirkland & Ellis LLP attorney. | K00167 |
| 12 | 9/17/2003 | Attorney Work-Product | Email from Janet Baer to Christian Lane, with James Kapp and P. Galbraith cc'd, regarding various Grace bankruptcy matters, including the appointment of Judge Hamlin as the Futures Representative in the Grace cases. | KP00093 |
| N/A | 10/01/2003 | Attorney Work-Product | **Redacted:** Internal communication between Kirkland & Ellis LLP attorneys. | K00180 |
| N/A | 10/01/2003 | Attorney Work-Product | **Redacted:** Handwritten notes by Kirkland & Ellis LLP attorney. | K00182 |
| N/A | 10/10/2003 | Attorney Work-Product | **Redacted:** Internal communication between Kirkland & Ellis LLP attorneys. | K00244 |

# EXHIBIT 21



**Christian Lane**
09/05/2003 04:13 PM

To:     drg@saiber.com
cc:     Janet Baer/Chicago/Kirkland-Ellis@K&E

Subject:   Grace Future Rep Application

David:

Per your discussion with Jan Baer, attached please find the draft application and order to appoint you as Future Representative in the Grace bankruptcy.  I am also attaching a draft verified statement, a sample affidavit and the current list of the "significant" interested parties in the case for your use in developing your disclosure with respect to your status as a "disinterested person."  Please feel free to contact either me or Jan if you have any questions.

Best regards

Chris
Christian J. Lane
Kirkland & Ellis LLP
200 E. Randolph Drive
Chicago, IL 60601
(312) 861-3268
(312) 660-0623 (fax)
clane@kirkland.com

      

Futures Rep App  [9-5].do  Futures Rep Order[9-5].do

                  

Futures Rep Affidavit [9-5].do  Warren Smith Affidavit.pd  Interested Parties v03.DO

K00111

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | **CHAPTER 11** |
| | ) | |
| **W. R. GRACE & CO., ET AL.,**[1] | ) | **CASE NO. 01-01139 (JKF)** |
| | ) | |
| **DEBTORS.** | ) | **JOINTLY ADMINISTERED** |

### APPLICATION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 105, 327 AND 524(g)(4)(B)(i), FOR THE APPOINTMENT OF DAVID R. GROSS AS LEGAL REPRESENTATIVE FOR FUTURE CLAIMANTS

The above-captioned debtors and debtors-in-possession, (collectively, the "Debtors"), by and through undersigned counsel, hereby move this Court for an order under 11 U.S.C. §§ 105, 327, and 524(g)(4)(B)(i) for the appointment of David R. Gross as legal representative for future claimants (the "Application"). In support of this Application, the Debtors respectfully represent as follows:

### Jurisdiction

1.       This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of this motion is proper under 28 U.S.C. § 1408.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

**K00112**

2.     The statutory predicates for this Motion are sections 105 and 363 of the Bankruptcy Code and Rule 9019 the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## Background

3.     On April 2, 2001 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). These Chapter 11 Cases have been consolidated for administrative purposes only, and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

## Relief Requested

4.     Since the commencement of these cases, one of the Debtors' key objectives has been formulating a plan of reorganization acceptable to all parties in interest. A key element of a consensual plan of reorganization will likely be a channeling injunction pursuant to which all current and future asbestos-related claims and demands against the Debtors, will be channeled to a trust established to equitably distribute available assets to holders of all such allowed claims and demands. A channeling injunction is permitted by, among other authority, section 524(g) of the Bankruptcy Code and may be issued if a number of specific conditions are met, including the appointment of a legal representative for the purpose of protecting the rights of persons that might subsequently assert future demands' against the Debtors.   See   11   U.S.C. § 524(g)(4)(B)(i)2.

5.     Congress and the Courts have recognized the need, in chapter 11 cases involving asbestos claims, to protect and represent the interests of persons who may have claims and/or demands against a debtor arising in the future ("Future Claimants"), and have directed

Bankruptcy Courts to appoint a legal representative (the "Future Representative") for Future

Claimants in cases where a channeling injunction is sought. See 11 U.S.C. § 524(g)(4)(B)(i); In

re Amatex Corp., 755 F.2d 1034, 1042 (3rd Cir. 1985).

6.    The appointment of a Future Representative will facilitate the negotiation of a

consensual plan of reorganization by assuring that all parties in interest, including Future

Claimants, will have a fair opportunity to participate in the process.

7.    Throughout the course of these cases, the Debtors have had discussions with the

various Creditors' Committees and their respective legal and financial advisors, with respect to

the appropriate Future Representative.    Following careful consideration of several potential

candidates for Future Representative all known to this Court, the Debtors have determined, in

their sound business judgment, that David R. Gross is well qualified to represent the interests of

any and all persons described in section 524(g)(4)(B)(i) of the Bankruptcy Code who may assert

demands (as that term is defined in section 524(g)(5) of the Bankruptcy Code) against one or

more of the Debtors, and therefore, should be appointed as the Future Representative for such

persons in these cases.

8.    The Debtors have discussed the retention of Mr. Gross as Future Representative

with each of the Creditors' Committees in these cases.  None of the Committees have indicated

any objection to Mr. Gross' retention.  The Unsecured Creditors' Committee has indicated that

they would like to have input with respect to the choice of counsel Mr. Gross may seek to retain

to represent him.

## Qualifications of Mr. Gross

9.    Mr. Gross is one of the nation's leading litigators in class actions, toxic torts,

products liability, insurance coverage and reinsurance litigation, and other complex litigation

matters. Mr. Gross currently serves as President of the Association of the Federal Bar of the State of New Jersey; he is a Fellow of the International Academy of Trial Lawyers, and a fellow of the American College of Trial Lawyers and is the former chairman of that organization's Complex Litigation Committee. He is also a member of the International Association of Defense Counsel and the American Board of Trial Advocates.

10.     Mr. Gross has extensive experience with large mass tort cases and related claims and issues. Mr. Gross served as one of three national counsel for Johns-Manville in asbestos litigation; acted as lead counsel for one of six chemical companies in Agent Orange litigation, and was appointed Special Counsel to A.H. Robins Company in Dalkon Shield litigation. Mr. Gross has served as one of five Special Masters assigned by this Court to assist in the resolution of the five asbestos-related bankruptcy cases pending before this Court. A copy of Mr. Gross' resume is attached hereto as Exhibit A.

11.     The Debtors believe that Mr. Gross's many years of practical experience and involvement in the resolution of substantial numbers of asbestos claims make him well qualified to fully comprehend the relevant issues and to competently and effectively represent the interests of Future Claimants. Further, his knowledge of judicial procedure and the bankruptcy and claims process will be a significant benefit to the Future Claimants.

12.     Accordingly, the Debtors propose that Mr. Gross serve as the Future Representative to represent the interests of the Future Claimants of the Debtors.

### Mr. Gross's Disinterestedness

13.     To the best of the Debtors' knowledge, and as shown by the Verified Statement of Mr. Gross, attached hereto as Exhibit B, (a) Mr. Gross is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code and as required by section 327(a) of the

**K00115**

**EXHIBIT 22**



Janet Baer
09/16/2003 03:57 PM

To:      lkruger@stroock.com, akreiger@stroock.com, sbaena@bilzin.com, jsakalo@bilzin.com, pvnl.capdale.com,
         Gbecker@kramerlevin.com,
cc:      David Bernick/Chicago/Kirkland-Ellis, Jeff Kaplan/Chicago/Kirkland-Ellis, Christopher Landau/Washington
         DC/Kirkland-Ellis,

Subject: Futures Rep for W. R. Grace case

As you may have heard by now, David Gross has decided he does not wish to be retained as Futures
Representative in the Grace Chapter 11 cases. As a result, we are proposing to request the retention of C
Judson Hamlin for the position. Judge Hamlin is a retired Judge of the Superior Court of New Jersey and
currently serves as the Futures Representative in the G-1 Holdings, Inc. case. Please let us know if you
have any objections to the appointment of Judge Hamlin.

Also note, I will be out of the country from 9/18-9/28. As a result, please copy Jay Kapp of my office with
your response in this regard or call Jay if you wish to discuss the matter. Thanks. Jan Baer

K00160

# EXHIBIT 23



Janet Baer
08/01/2003 10:20 AM

To:        david_bernick@chicago.kirkland.com
cc:

Subject:   Grace Futures Rep

David: I spoke with Gary Becker, counsel for the equity committee about the potential of David Gross being appointed the Futures Rep. Gary said that his major concern was with Mr. Gross being "too close to Judge Wolin." He said that he knows that Gross and Wolin were roomates in school and "have lunch and talk frequently." He also said that he knew that Wolin had appointed Gross as an unofficial mediator in the Owens Corning case. Having said this, he has also heard that Gross is a good lawyer and person. He said that he has sent out an inquiry to his committee members for their impression and will let me know if he receives any strong reaction. Bottom line, he is just concerned about whether Gross being so close to Wolin could untimately be a detriment for the non-asbestos creditors and equity. Jan

K00106

# EXHIBIT 24

 AKRIEGER@stroock.com on 09/16/2003 04:40:33 PM

To:      Janet Baer/Chicago/Kirkland-Ellis@K&E
cc:

Subject:  RE: grace

Jan,

I had not heard that, but thank you for the information.  I or Lewis
will get back to you or Jay on Hamlin.

Are you going on vacation?

     Arlene

-----Original Message-----
From: jbaer@kirkland.com [mailto:jbaer@kirkland.com]
Sent: Tuesday, September 16, 2003 5:09 PM
To: Krieger, Arlene
Subject: grace


----------------------- Forwarded by Janet Baer/Chicago/Kirkland-Ellis on
09/16/2003 04:08 PM
---------------------------


As you may have heard by now, David Gross has decided
he does not wish to be retained as Futures
Representative in the Grace Chapter 11 cases. As a
result, we are proposing to request the retention of C
Judson Hamlin for the position.  Judge Hamlin is a
retired Judge of the Superior Court of New Jersey and
currently serves as the Futures Representative in the
G-1 Holdings, Inc. case.  Please let us know if you
have any objections to the appointment of Judge Hamlin.

Also note, I will be out of the country from 9/18-9/28.
As a result, please copy Jay Kapp of my office with
your response in this regard or call Jay if you wish to
discuss the matter. Thanks, Jan Baer
***********************************************************
The information contained in this communication is confidential, may be
attorney-client privileged, may constitute inside information, and is
intended only for the use of the addressee.  It is the property of
Kirkland & Ellis LLP.  Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited and may be
unlawful.  If you have received this communication in error, please
notify us immediately by return e-mail or by e-mail to
postmaster@kirkland.com, and destroy this communication and all copies
thereof, including all attachments.
***********************************************************

K00163

# EXHIBIT 25

09-25-03   05:37pm   From-                                                    T-884   P.02/02   F-266



## Caplin & Drysdale
### A T T O R N E Y S

Caplin & Drysdale, Chartered
399 Park Avenue, 27th Floor
New York, NY 10022-4614
212-319-7125  212-644-6755 fax
www.caplindrysdale.com

September 25, 2003

*Via Facsimile*

David M. Bernick, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, Illinois 60601

Re:  <u>W.R. Grace – Futures Representative</u>

Dear David:

      The Committee will not object to the appointment of Judson Hamlin as the Futures Representative.

Sincerely yours,

Elihu Inselbuch

EI:lk
cc:  Asbestos Personal Injury
        Claimants Committee

K00173

# EXHIBIT 26



Janet Baer
10/01/2003 10:57 AM

To:    lkruger@stroock.com, akreiger@stroock.com, sbaena@bilzin.com, jsakalo@bilzin.com
cc:

Subject:  Futures Rep for W.R. Grace

I am still waiting to hear back from you with respect to the Debtors proposal to appoint Judson Hamlin as the Futures Rep in the Grace case.  The PI Committee has indicated that they have no objections.  We would like to get this matter on the court's call for the November hearing. Motions for that hearing are due to be filed by 10/13.  As a result, your prompt response would be greatly appreciated. Jan Baer

K00179

# EXHIBIT 27



SBaena@bilzin.com on 10/01/2003 11:04:26 AM

To:       Janet Baer/Chicago/Kirkland-Ellis@K&E, akreiger@stroock.com, lkruger@stroock.com
cc:       "Jay Sakalo" <JSakalo@bilzin.com>

Subject:  Re: Futures Rep for W.R. Grace

We have shared this with our Committee, however, they have not voted to approve
as yet as some wanted to find out more about the candidate which is ongoing.
Hopefully, we can respond after our next meeting tomorrow.

Scott L. Baena
Bilzin Sumberg Baena Price & Axelrod LLP
Direct Number - 305-350-2403
Direct Fax Number - 305-351-2203
Email - sbaena@bilzin.com

>>> <jbaer@kirkland.com> 10/01/03 12:00PM >>>

I am still waiting to hear back from you with respect
to the Debtors proposal to appoint Judson Hamlin as the
Futures Rep in the Grace case.  The PI Committee has
indicated that they have no objections.  We would like
to get this matter on the court's call for the November
hearing. Motions for that hearing are due to be filed
by 10/13.  As a result, your prompt response would be
greatly appreciated. Jan Baer
***********************************************************
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee.  It is the property of
Kirkland & Ellis LLP.  Unauthorized use, disclosure or
copying of this communication or any part thereof is
strictly prohibited and may be unlawful.  If you have
received this communication in error, please notify us
immediately by return e-mail or by e-mail to
postmaster@kirkland.com, and destroy this communication
and all copies thereof, including all attachments.
***********************************************************

"WorldSecure <bilzin.com>" made the following
 annotations on 10/01/2003 12:07:41 PM
-----------------------------------------------------------------------------
This message contains information which may be confidential and privileged.
Unless you are the addressee (or authorized to receive for the addressee), you
may not use, copy or disclose to anyone the message or any information contained
in this message.  If you have received this message in error, please advise the
sender by reply e-mail or reply to info@bilzin.com, and delete the message. Thank
you very much.
=============================================================================

 - att1.htm

K00181

**EXHIBIT 28**

 AKRIEGER@stroock.com on 10/01/2003 11:27:54 AM

To:      Janet Baer/Chicago/Kirkland-Ellis@K&E
cc:      "Pasquale, Ken" <KPASQUALE@stroock.com>, "Kruger, Lewis" <LKRUGER@stroock.com>

Subject:  RE: Delivery Status Notification (Failure)

Jan,

Can you tell me how the Debtors came to propose Hamlin and why the
Company believes he is the appropriate person.  Also, shall I assume
Hamlin has already been approached with respect to taking on this
matter?

        Arlene

-----Original Message-----
From: jbaer@kirkland.com [mailto:jbaer@kirkland.com]
Sent: Wednesday, October 01, 2003 12:04 PM
To: Krieger, Arlene
Subject: Delivery Status Notification (Failure)



---------------------- Forwarded by Janet Baer/Chicago/Kirkland-Ellis on
10/01/2003 11:03 AM
-------------------------

postmaster@stroock.com on 10/01/2003 11:01:03 AM

To:     Janet Baer/Chicago/Kirkland-Ellis@K&E
cc:

Subject:  Delivery Status Notification (Failure)


This is an automatically generated Delivery Status Notification.

Delivery to the following recipients failed.

        akreiger@stroock.com

K00183

# EXHIBIT 29



**Christian Lane**
10/03/2003 04:09 PM

To:     jhamlin@prsmo.com
cc:     Janet Baer/Chicago/Kirkland-Ellis@K&E

Subject:   W. R. Grace

Mr. Hamlin:

Jan Baer and I are working with David Bernick on the application to retain you as the futures' representative in
the Grace chapter 11 cases.  We are finalizing our draft of the application and expect to have it ready for your
review on Monday afternoon.  The filing deadline for the application is Monday October 13 for the application to
be heard at the November 17 hearing.  I am attaching the list of significant interested parties that we send to all
professionals retained in the cases for their conflicts review.  Please contact either me or Jan if you have any
questions.

Best Regards

Chris
Christian J. Lane
Kirkland & Ellis LLP
200 E. Randolph Drive
Chicago, IL 60601
(312) 861-3268
(312) 660-0623 (fax)
clane@kirkland.com



Interested Parties v03.DO

# EXHIBIT 30


Christian Lane
10/06/2003 05:38 PM

To:      JHamlin@prsmo.com
cc:      Janet Baer/Chicago/Kirkland-Ellis@K&E

Subject:  Re: W. R. Grace

Mr. Hamlin:

Attached for your review and comment are the draft application, the draft order and the draft affidavit for
your signature.  Please review each document and provide me with any comments you may have.  We
particularly need your input on the accuracy and completeness of the description of your qualifications and
experience.


Regards

Chris

                        

Futures Rep App  [10-3].do Futures Rep Order[10-3].do Futures Rep Affidavit [10-3].do
JHamlin@prsmo.com on 10/06/2003 09:58:12 AM

        JHamlin@prsmo.com on 10/06/2003 09:58:12 AM


To:      Christian Lane/Chicago/Kirkland-Ellis@K&E
cc:      Janet Baer/Chicago/Kirkland-Ellis@K&E

Subject:  Re: W. R. Grace

---

Have reviewed  the extensive  list of parties  in interest.  . I  have no ownership
interest in any of the parties. I know several of the law firms involved through my
long experience in the mass tort field and the G - 1  Bankruptcy. They are  : Caplin
Drysdale, Skadden Arps , Simpson Thatcher , Cozen O'Connor, Lieff Cabraser - None of
the contacts  would produce a conflict.  I have acted as a mediator arbitrator  in
matters involving the following firms:  Pitney Hardin, Reed Smith and Carella  Byrne.
Those contacts have produced no privileged information or conflicts . Believe there is
no problem with the application and await your further advice.

>>> <clane@kirkland.com> 10/03/03 05:09PM >>>

Mr. Hamlin:

Jan Baer and I are working with David Bernick on the
application to retain you as the futures'
representative in the Grace chapter 11 cases.  We are
finalizing our draft of the application and expect to
have it ready for your review on Monday afternoon.  The
filing deadline for the application is Monday October
13 for the application to be heard at the November 17

K00206

# EXHIBIT 31

 JHamlin@prsmo.com on 10/07/2003 07:25:35 AM

To:    Christian Lane/Chicago/Kirkland-Ellis@K&E
cc:    Janet Baer/Chicago/Kirkland-Ellis@K&E

Subject: Re: W. R. Grace

---

Have reviewed  proposed application, certification and order. All acceptable.  As to
items left blank :  Judge  Wolin's order appointing me  was November 11, 2002 ; I have
been handling Asbestos cases as a Judge since  the early 1980's , 20 years experience
would be  correct.  I first tried individual cases and when Judge Keefe went to the
Appellate  Division  I had overall responsibility for managing the case load  ; My
current  approved rate in G-1 is  $500 /hour. I generally review  my fee rate once per
year just prior to the September term. Let me know how you want to arrange  for a
signed copy of the applications and the supporting papers. I will be in the office all
day today but involved in an arbitration . If you have anything you want to discuss
please call me at 908-306-6724. If you get my voice mail  please  switch into the
receptionist and tell her to get me out of the arbitration. Look forward to working
with you.
>>> <clane@kirkland.com> 10/06/03 06:38PM >>>

Mr. Hamlin:

Attached for your review and comment are the draft
application, the draft order and the draft affidavit
for your signature.  Please review each document and
provide me with any comments you may have.  We
particularly need your input on the accuracy and
completeness of the description of your qualifications
and experience.


Regards

Chris

(See attached file: Futures Rep App  [10-3].doc)(See
attached file: Futures Rep Order[10-3].doc)(See
attached file: Futures Rep Affidavit [10-3].doc)


JHamlin@prsmo.com on 10/06/2003 09:58:12 AM

To:    Christian Lane/Chicago/Kirkland-Ellis@K&E
cc:    Janet Baer/Chicago/Kirkland-Ellis@K&E

Subject:  Re: W. R. Grace


Have reviewed  the extensive  list of parties  in
interest.  . I  have no ownership interest in any of
the parties. I know several of the law firms involved
through my long experience in the mass tort field and
the G - 1  Bankruptcy. They are  : Caplin Drysdale,
Skadden Arps , Simpson Thatcher , Cozen O'Connor, Lieff
Cabraser - None of the contacts  would produce a
conflict.  I have acted as a mediator arbitrator  in

K00228

# EXHIBIT 32



**Janet Baer**
10/10/2003 12:10 PM

To:      Christian Lane/Chicago/Kirkland-Ellis@K&E
cc:

Subject:

------------------ Forwarded by Janet Baer/Chicago/Kirkland-Ellis on 10/10/2003 12:08 PM ------------------

       AKRIEGER@stroock.com on 10/10/2003 12:03:47 PM

To:      Janet Baer/Chicago/Kirkland-Ellis@K&E
cc:      "Kruger, Lewis" <LKRUGER@stroock.com>, "Pasquale, Ken" <KPASQUALE@stroock.com>

Subject:  RE: Grace Fuitures rep

```
Date:   October 10, 2003

Jan,

No, you may not represent that at this time.

      Arlene

-----Original Message-----
From: jbaer@kirkland.com [mailto:jbaer@kirkland.com]
Sent: Friday, October 10, 2003 12:27 PM
To: Kruger, Lewis; Krieger, Arlene; sbaena@bilzin.com;
jsakalo@bilzin.com
Subject: Grace Fuitures rep


On Monday we will be filing our Motion to appoint Judge
Hamlin as the Grace futures rep.  May we represent that
your committees have been consulted and do not object
to Mr. Hamlin as the selection? Please advise. Thanks,
Jan
*****************************************************
The information contained in this communication is confidential, may be
attorney-client privileged, may constitute inside information, and is
intended only for the use of the addressee.  It is the property of
Kirkland & Ellis LLP.  Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited and may be
unlawful.  If you have received this communication in error, please
notify us immediately by return e-mail or by e-mail to
postmaster@kirkland.com, and destroy this communication and all copies
thereof, including all attachments.
*****************************************************
```

**K00244**

# EXHIBIT 33

1

2

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

3    IN RE:                              .    Case No. 01-01139 (JKF)
                                         .
4    W. R. GRACE & CO., <u>et al</u>.,       .    Chapter 11
                                         .    Jointly Administered
5         Debtors.                       .
                                         .    Nov. 17, 2003 (12:20 p.m.)
6                                        .    Wilmington

7                    TRANSCRIPT OF PROCEEDINGS
        BEFORE THE HONORABLE JUDITH K. FITZGERALD
8            UNITED STATES BANKRUPTCY COURT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21        Proceedings recorded by electronic sound recording;
22          transcript produced by transcription service.

23

24

25

FORM FED-25 ® PENGAD • 1-800-631-6989



1  little sooner than this when it's holding the information,

2  because it could very well end up penalizing somebody and in

3  fact the next time it probably will. So -- Mr. Perch, I

4  think under these circumstances, it appears that it's not the

5  fault of Protiviti, and I understand the case law that

6  indicates that it's up to the professionals to make sure that

7  the steps are taken, but frankly I'm not sure what else when

8  you're involved in a case and you've got Kirkland & Ellis

9  doing the filing for you, you're supposed to do except rely

10  on the reputation of that firm to get it done. So, I think

11  under these circumstances, this is enough of an excusable

12  neglect that I'll award -- I will approve the application

13  process _nunc pro tunc_ but it's coupled with a severe warning

14  to Kirkland not to do this again, not to delay like this

15  again. All right.

16          MR. PERCH: I understand . . . (microphone not

17  recording), Your Honor.

18          THE COURT: All right, so, do you have an order,

19  Ms. Baer, or would you like to submit one?

20          MS. BAER: We do, Your Honor, have an order.

21          THE COURT: I'll take it then if you have it.

22  Thank you. Okay, that order is entered, thank you.

23          MS. BAER: Thank you, Your Honor.

24          THE COURT: All right. I received on -- with

25  respect to item number 6, that's the debtor's request to

1  retain Mr. Hamlin as the Futures Rep., a request to postpone

2  this, but frankly, I think we should go forward with this

3  matter because I'm very concerned about the application, and

4  under the circumstances, I don't think Mr. Hamlin can

5  represent the Futures.  I don't think he ever will be able to

6  represent the Futures in this case, and I don't see any point

7  to delay that decision.  We need a Futures Rep.  So I asked

8  to keep this on although I saw the request to postpone it, I

9  simply don't see a basis to postpone it because I don't see a

10 basis to grant the application.

11          MS. BAER:  Your Honor, frankly, this all came up

12 very quickly all at one time and --

13          THE COURT:  Yes.

14          MS. BAER:  -- that's why we filed it.  Your Honor,

15 I think under the circumstances, that it would simply make

16 sense for us to withdraw the application.

17          THE COURT:  Okay, if that's the way you want to do

18 it, that's fine.  I'll accept an order that permits the

19 debtor to withdraw or that indicates that the debtor has

20 withdrawn the application.

21          MS. BAER:  Thank you, Your Honor, we will submit

22 that.

23          THE COURT:  All right.  Okay, 7?

24          MS. BAER:  Your Honor, matter number 7, motion to

25 compel filed by Wesconn, we are working through this matter