# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: OWEN S CORNING, et al. | ) | Chapter 11 |
| Debtors. | ) | |
| | ) | |
| | ) | Case Nos. 003837 through 003854 |
| In re:  W.R. GRACE & CO., et al. | ) | Chapter 11 |
| Debtors. | ) | |
| | ) | |
| | ) | Case Nos. 01-1139 through 01-1200 |
| In re:  USG CORPORATION, a Delaware Corporation, et al. | ) | Chapter 11 |
| | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | Case Nos. 002094 through 00-2104 |

## DECLARATION OF JOANNE B. WILLS IN SUPPORT OF MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION OF D.K. ACQUISITION PARTNERS, L.P., FERNWOOD ASSOCIATES, L.P. AND DEUTSCHE BANK TRUST COMPANY AMERICAS TO DISQUALIFY THE HONORABLE ALFRED M. WOLIN, UNITED STATES DISTRICT JUDGE, FROM FURTHER PARTICIPATION IN THESE JOINTLY ADMINISTERED CASES

I, Joanne Wills, being duly sworn, declare as follows:

1.      I am a partner at the law firm of Klehr, Harrison, Harvey, Branzburg & Ellers LLP, counsel to D.K. Acquisition Partners, L.P., Fernwood Associates, L.P. and Deutsche Bank Trust Company Americas (collectively, the "Movants"), creditors in the above-captioned case.

2.      At no time during the pendency of the W.R. Grace & Co., et al. bankruptcy proceedings have any of the Movants been a member of the Official Committee of Unsecured Creditors of W.R. Grace & Co. et al.

3.      If I were called upon to testify, I could and would testify to each of the facts set forth herein based upon my review of the relevant documents and court dockets.

4.      Attached hereto, at the indicated tab letters, are true and correct copies of certain documents filed in the above-captioned case, currently pending before the Court, which have been downloaded from the Court's PACER system, the PACER system of the Bankruptcy Court for the District of New Jersey (Camden Division) and/or the official website for the Third Circuit Court of Appeals.

| A | Designation of a District Court Judge for Service in Another District Within the Circuit dated November 27, 2001 |
|---|---|
| B | Letter Opinion dated October 23, 2003 |
| C | Case Management Order and Order to Show Cause Concerning Motion to Recuse Alfred M. Wolin, U.S.D.J. dated October 28, 2003 |
| D | Order of the Third Circuit Court of Appeals dated October 30, 2003 |
| E | Response of the District Court Judge to the Petition for a Writ of Mandamus, Pursuant to the Invitation of the Court of Appeals |
| F | Order of the Third Circuit Court of Appeals dated November 3, 2003 |
| G | Affidavit of C. Judson Hamlin dated November 14, 2003 |
| H | Affidavit of David R. Gross dated November 14, 2003 |
| I | Affidavit of William A Dreier dated November 14, 2003 |
| J | Affidavit of Francis E. McGovern dated November 14, 2003 |
| K | Affidavit of John E. Keefe, Sr. dated November 14, 2003 |
| L | Supplemental Response of the District Court Judge to the Petition for a Writ of Mandamus, Pursuant to the Invitation of the Court of Appeals |
| M | Sur-Reply of the District Court Judge to the Petition for a Writ of Mandamus, Pursuant to the Invitation of the Court of Appeals |

| N | Movants' Discovery Requests |
|---|---|
| O | Transcript of December 23, 2003 pp. 1, 93 and 101 |
| P | Transcript of December 24, 2003 Hearing |
| Q | Order of the District Court dated December 26, 2003 |
| R | Order Designating Court Appointed Consultants and Special Masters dated December 28, 2001 |
| S | Transcript of January 6, 2004 of C. Judson Hamlin (select pages) |
| T | Transcript of January 5, 2004 of David R. Gross (select pages) |
| U | Transcript of January 6, 2004 of John E. Keefe, Sr. (select pages) |
| V | Transcript of January 6, 2004 of Francis E. McGovern (select pages) |
| W | Transcript of January 5, 2004 of William A. Dreier (select pages) |
| X | Order Appointing Legal Representative of Present and Future Holders of Asbestos-Related Demands in G-I's Chapter 11 Case dated October 10, 2001 |
| Y | Order 1) Partially Withdrawing The Reference And 2) Governing Applications For The Allowance Of Fees And Expenses To Court Appointed Advisors dated March 19, 2002 |
| Z | Timesheet Submitted by David R. Gross, excerpted from First Application Of Budd, Larner, Gross, Rosenbaum, Greenberg & Sade, P.C. On Behalf Of David R. Gross As Court Appointed Advisor For Compensation Of Services Rendered And Reimbursement Of Expenses For The Period From December 27, 2001 Through February 28, 2002 (Submitted in the Five Asbestos Cases)<br><br>Timesheet Submitted by David R. Gross, excerpted from First Application Of D.R. Gross & Associates For Services Rendered And Reimbursement Of Expenses On Behalf Of David R. Gross As A Court Appointed Advisor For The Period From September 1, 2002 Through November 7, 2002 (Submitted in the Five Asbestos Cases)<br><br>Timesheet Submitted by David R. Gross, excerpted from Second Application Of Budd, Larner, Rosenbaum, Greenberg & Sade, P.C. On Behalf Of The Court Appointed Advisor David R. Gross For An Interim Allowance Of Fees For Actual And Necessary Services Rendered And For Reimbursement Of Expenses Incurred For The Period From March 1, |

| | |
|---|---|
| | 2002 Through August 31, 2002 (Submitted in the Five Asbestos Cases)<br><br>Timesheet Submitted by David R. Gross, excerpted from First Application Of Saiber Schlesinger Satz & Goldstein, LLC For Compensation For Services Rendered And Reimbursement Of Expenses On Behalf Of David R. Gross As A Court Appointed Advisor For The Period From November 11,2002 Through March 31, 2003 (Submitted in the Five Asbestos Cases) |
| AA | Memorandum of Whitney Chelnick dated January 23, 2002 |
| BB | Meeting Notes |
| CC | Timesheet Submitted by C. Judson Hamlin, excerpted from First Application Of C. Judson Hamlin As Court Appointed Advisor For Compensation Of Services Rendered And Reimbursement Of Expenses For The Period From January 7, 2002 Through February 28, 2002 (Submitted in the Five Asbestos Cases)<br><br>Timesheet Submitted by C. Judson Hamlin, excerpted from Second Fee Application Of Purcell, Ries, Shannon, Mulcahy & O'neill On Behalf Of C. Judson Hamlin For Compensation For Services Rendered And Reimbursement Of Expenses As A Court Appointed Advisor For The Period From March 1, 2002 Through October 24, 2002 (Submitted in the Five Asbestos Cases)<br><br>Timesheet Submitted by C. Judson Hamlin, excerpted from Third Application Of Purcell, Ries, Shannon, Mulcahy & O'neill On Behalf Of Judson Hamlin For Compensation For Services Rendered And Reimbursement Of Expenses As A Court Appointed Advisor For The Period From March 10, 2003 Through April 10, 2003 (Submitted in the Five Asbestos Cases) |
| DD | Timesheets for Francis E. McGovern |
| EE | Timesheets for John E. Keefe, Sr. |
| FF | Timesheets submitted by David R. Gross, excerpted from First, Fifth, And Sixth Applications Of Budd Larner Gross Rosenbaum Greenberg & Sade, P.C., Local Counsel To The Legal Representative Of Present And Future Holders Of Asbestos-Related Demands For Allowance Of Interim Compensation For Services Rendered And Reimbursement Of Expenses For The Period Of December 18, 2001 Through June 30,2002; And Fifth And Seventh Applications Of Saiber Schlesinger Satz & Goldstein, Llc, As Local Counsel To The Legal Representative Of Present And Future Holders Of Asbestos-Related Demands For Allowance Of Interim Compensation For Services Rendered And Reimbursement Of Expenses For The Period Of March 1, 2003 Through June 30, 2003 (Submitted in |

|  | the G-I Holdings case) |
|---|---|
|  | Timesheets Submitted by C. Judson Hamlin, excerpted from Third, Sixth, Seventh, Eighth, Tenth, Fourteenth, Fifteenth, Seventeenth, Eighteenth, Nineteenth, And Twentieth Applications Of C. Judson Hamlin As Legal Representative Of Present And Future Holders Of Asbestos-Related Demands For The Allowance Of Interim Compensation For Services Rendered And Reimbursement Of Expenses, For The Period Of March 1, 2002 Through August 31, 2003  (Submitted in the G-I Holdings case) |
| GG | Transcript of November 17, 2003 Hearing pp. 30-13 |
|  | Objection of the United States Trustee to Application of the Debtors for the Appointment of C. Judson Hamlin as Legal Representative for Future Claimants |
|  | London Market Insurers' Objection to Debtors' Application for the Appointment of C. Judson Hamlin as Legal Representative for Future Claimants |
|  | Objection of the Unofficial Committee of Unsecured Creditors to the Application Of Debtors Pursuant To 11 U.S.C. §§ 105, 327 And 524(G)(4)(B), For The Appointment Of C. Judson Hamlin As Legal Representative For Future Claimants |
|  | Objection of the Official Committee of Unsecured Creditors to the Application Of Debtors Pursuant To 11 U.S.C. §§ 105. 327 And 524(G)(4)(B), For The Appointment Of C. Judson Hamlin As Legal Representative For Future Claimants |
| HH | Timesheets for William A. Dreier |
| II | Affidavit of Tony Yoseloff, sworn to January 15, 2004 |
| JJ | Movants' Affidavits |
| KK | Application Of Debtors Pursuant To 11 U.S.C. §§ 105, 327 And 524(G)(4)(B), For The Appointment Of C. Judson Hamlin As Legal Representative For Future Claimants |

This 15th day of January, 2004          /s/ *Joanne B. Wills*
                                                           Joanne B. Wills (Del. Bar No. 2357)

**Penalty for filing false statement:  Fine up to $500,000.00 or imprisonment up to 5 years or both. 18 U.S.C. §§ 152 and 3571.**

# EXHIBIT A

NOV-27-2001  14:08        EDWARD R BECKER                        215 597 7217    P.03/04

## DESIGNATION OF A DISTRICT JUDGE
## FOR SERVICE IN ANOTHER DISTRICT WITHIN THE CIRCUIT

WHEREAS, in my judgment the public interest so requires NOW, THEREFORE,

pursuant to the provisions of Title 28 U.S.C. § 292(b), I do hereby designate and assign the

Honorable Alfred M. Wolin of the United States District Court for the District of New Jersey to

hold court in the District of Delaware during the period beginning November 27, 2001 and

ending November 27, 2002, and for such additional time thereafter as may be required to

complete unfinished business in the following cases:

| Armstrong Work Industries | No. 00-4471 |
|---|---|
| Federal-Mogul | No. 01-10578 |
| USA | No. 01-2094 |
| W.R. Grace | No. 01-1139 |
| Owens Corning | No. 00-3837 |

This order is entered after consultation with and with and the assent of Chief Judge Sue

L. Robinson, Judge Joseph J. Farnan, Jr., Judge Roderick R. McKelvie and Judge Gregory M.

Sleet of the District of Delaware. As Chief Judge of the Court of Appeals and presiding officer

of the Judicial Council of the Third Circuit, it is my considered judgment that these bankruptcy

cases, which carry with them tens of thousands asbestos claims, need to be consolidated before a

single judge so that a coordinated plan for management can be developed and implemented. It is

contemplated that Judge Wolin will assign a portion of these cases to various bankruptcy judges

sitting in the District of Delaware so they may assist in moving these matters forward. As a

significant portion of the asbestos cases in this country are proceeding under the aegis of this litigation, I deem this assignment and consolidation critically important to the administration of justice.

Edward R. Becker
Chief Judge of the Third Judicial Circuit

Dated: 11-27-01

# EXHIBIT B

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

CHAMBERS OF
**ALFRED M. WOLIN**
JUDGE

MARTIN LUTHER KING JR. FEDERAL BUILDING
50 WALNUT ST., ROOM 4069
P.O. BOX 999
NEWARK, NJ 07101-0999
(973)645-2580

October 23, 2003

**LETTER OPINION - NOT FOR PUBLICATION**
**ORIGINAL FILED WITH THE CLERK OF THE COURT**

To all Counsel

Re:  **In re: Owens Corning, et al.**

Dear Counsel:

This matter has been opened before the Court upon its own
motion.  By motion dated October 10, 2003, titled "Motion to
Recuse the Honorable Alfred M. Wolin, United States District
Judge, from Further Participation in These Jointly Administered
Cases" (the "Motion"), certain creditors in the above-referenced
chapter 11 case seek the recusal of this Court.  By its Order
dated October 15, 2003, this Court partially withdrew the
reference of this case to the Bankruptcy Court with respect to
the Motion, and suspended all deadlines for opposition briefs and
a hearing.  For the reasons set forth below, the Court will stay
all further proceedings concerning the Motion including discovery

1

by document request, deposition or otherwise, pending further Order of the Court.

This Court intends to treat the Motion in the same manner as it treats all applications before it - fairly, on the merits, and with ample opportunity for all sides to air their positions. However, it is a commonplace observation that motions to recuse a court are susceptible to abuse and "are sometimes driven more by litigation strategies than by ethical concerns." In re Cargill, Inc., 66 F.3d 1256, 1262-63 (1st Cir. 1995), cert. denied, 517 U.S. 1156 (1996); see also FDC v. Sweeney, 136 F.3d 216, 220 (1st Cir. 1992); Thomas v. Trustees for Columbia Univ, 30 F. Supp. 2d 430, 431 (S.D.N.Y. 1998). The courts have always been careful to confine recusal to those grounds specified by Congress. E.g. New York City Housing Dev. Corp. v. Hart, 796 F.2d 976, 981 (7th Cir. 1986).

At present, this Court has no information one way or the other regarding the motives behind the Motion, besides those set forth in the papers themselves. However, the movants state their intention to seek discovery of several parties, including persons acting pursuant to the appointment of this Court. It has been reported to the Court that requests for the production of documents and deposition subpoenas have already been served.

The Court's deference to the movants' right to have their application thoroughly explored and impartially judged need not

2

cause the Court to abdicate its duty to manage the proceedings
before it.  <u>See</u> <u>Landis v. North Am. Co.</u>, 299 U.S. 248, 254 (1936)
(court has inherent power "control the disposition of the causes
on its docket with economy of time and effort for itself, for
counsel, and for litigants").  Moreover, as the Bankruptcy
Appellate Panel found in <u>Goodwin v. Durkin</u>, 194 B.R. 214, 226
(B.A.P. 9th Cir. 1996), the mere filing of a motion to recuse
does not preclude at least a preliminary review of the merits of
the motion before discovery is permitted to proceed.  In <u>Goodwin</u>,
the panel found that, in the absence of a showing of a
"reasonable suspicion that the judge was biased or prejudiced,"
such discovery would amount to no more than a "fishing
expedition."  <u>Id.</u>

The Court intends to set forth a case management order or
orders governing further proceedings on the Motion in the near
future.  Until then, and until the <u>prima</u> <u>facie</u> merits of the
Motion have been tested by the adversarial process, the Court
cannot permit discovery or other related proceedings to go
forward.  The risk of disruption to the business of the Court and
the case as a whole is palpable.  That a recusal motion may be
brought for an improper purpose has been too widely recognized to
be ignored.

Therefore, pending the case management order(s) mentioned
above, and for the reasons expressed in this Letter Opinion, the

3

Court will Order that all proceedings, including discovery proceedings, relative to the Motion be stayed.  An appropriate Order is attached.


Very truly yours,

ALFRED M. WOLIN
U.S.D.J.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | Delaware Bankruptcy |
| OWENS CORNING, et al. | : | Case Nos. 00-3837 to 3854 (JKF) |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | **ORDER** |

This matter having been opened before the Court on its own motion; and this Court having partially withdrawn the reference to the Bankruptcy Court of the above-captioned chapter 11 case with respect to the motion titled "Motion to Recuse the Honorable Alfred M. Wolin, United States District Judge, from Further Participation in These Jointly Administered Cases" (the "Motion"); and for the reasons set forth in the Letter Opinion filed herewith and other good cause appearing

IT IS this 23 day of October, 2003

ORDERED that all further proceedings related to the Motion are hereby stayed, and it is further

ORDERED that, without limitation of the foregoing paragraph, any subpoena, request for the production of documents, or other discovery now outstanding related to the Motion shall be stayed, and it is further

ORDERED that the stay shall continue until further Order of the Court.


_____
ALFRED M. WOLIN, U.S.D.J.

**EXHIBIT C**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | Delaware Bankruptcy |
| OWENS CORNING, et al. | : | Case Nos. 00-3837 to 3854 (JKF) |
| | : | Jointly Administered |
| Debtors. | : | |

**CASE MANAGEMENT ORDER AND ORDER TO SHOW CAUSE CONCERNING MOTION TO RECUSE ALFRED M. WOLIN, U.S.D.J.**

This matter having been opened by the Court upon its own motion in the above-captioned chapter 11 case; and this Court having partially withdrawn the reference to the Bankruptcy Court of the above captioned chapter 11 case with respect to the motion titled "Motion to Recuse the Honorable Alfred M. Wolin, United States District Judge, from Further Participation in These Jointly Administered Cases" (the "Motion to Recuse"); and the Court having stayed all proceedings in this matter by Order dated October 23, 2003, in anticipation of issuing this Case Management Order; and good cause appearing

It is on this 28TH day of October, 2003

ORDERED that those persons named Court Appointed Advisors in this Court's Order dated December 28, 2001 (the "Appointment Order"), shall, on or before November 14, 2003,

1.  review the Motion to Recuse and the affidavits filed in support of the Motion to Recuse,

2.  review their time records recording time spent in execution of the duties set forth in the Appointment Order and all other activities whereby the Court

       Appointed Advisor provided advice or any other
       assistance to the Court,

3.    file with the Court and serve on all interested parties
       an affidavit stating under oath all occasions on which
       the Court Appointed Advisor provided advice or other
       assistance in connection with the above-captioned
       chapter 11 case and the chapter 11 case titled <u>In re G-</u>
       <u>1 Holdings, Inc.</u>, including the substance of that
       advice and/or the nature of the assistance, and
       including without limitation of the foregoing any
       advice of a legal nature on a matter pending or likely
       to come before the Court and any activity in the nature
       of mediation of disputes before the Court or likely to
       come before the Court,

and it is further

     ORDERED that the affidavits provided by the Court Appointed

Advisors pursuant to this Order shall be full and complete and in

the spirit of cooperation with the Court's intent to fully reveal

all aspects of the Court Appointed Advisors' communications with

and assistance to the Court, if any, including without limitation

any knowledge of deliberations of the Court with respect to

matters pending before it or likely to come before it to which

the Court Appointed Advisors may be privy, and it is further

     ORDERED that the content of the affidavits of the Court

Appointed Advisors filed pursuant to this Order shall be limited

to matters concerning the above-captioned chapter 11 case and the

chapter 11 case titled <u>In re G-1 Holdings, Inc.</u>, and it is

further

     ORDERED that the content of the affidavits of the Court

Appointed Advisors shall not be limited by any privilege or rule

2

of confidentiality regarding their communications with the Court, provided however that this paragraph shall not be construed to waive any privilege or rule of confidentiality with respect to communications or activities of the Court's regular staff regardless of subject matter, and it is further

ORDERED that any interested party may show cause why the Motion to Recuse should be denied without further proceedings or, in the alternative, why further proceedings including discovery should be had on the Motion to Recuse, by filing a brief not to exceed 30 pages with the Court on or before November 28, 2003, and it is further

ORDERED that any interested party may file a brief in response to a brief filed pursuant to the foregoing paragraph not to exceed 15 pages, on or before December 5, 2003, and it is further

ORDERED that no oral argument or hearing shall be heard on this Order to Show Cause except as may be scheduled by the Court on its own motion, and it is further

ORDERED that, except as modified by this Order, the stay of proceedings on the Motion to Recuse provided by this Court's Order of October 23, 2003, shall remain in force.

ALFRED M. WOLIN, U.S.D.J.

3

# EXHIBIT D

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 03-4212

IN RE: KENSINGTON INTERNATIONAL LIMITED and
SPRINGFIELD ASSOCIATES, LLC, Petitioners
(Related to U. S. Bankruptcy Court for the District of Delaware No. 00-03837)

Present:      FUENTES, SMITH and GARTH,   Circuit Judges

**ORDER**

It is hereby **ORDERED** on this 30th day of October, 2003, effective 12:00 Noon:

All proceedings affected by this Petition, and in particular all substantive proceedings before the relevant Bankruptcy Court and the District Court pertaining to *In re: Owens Corning, et al.* and bearing the case numbers 00-3837 to and including 00-3854, be and the same are hereby stayed pending a ruling or further action on the Mandamus Petition by this Court; and

It is **FURTHER ORDERED** that to the extent the District Court's October 28, 2003 Order requires actions to be taken and information to be furnished to the District Court concerning and affecting the Motion for Recusal which is the subject of the aforesaid Petition for Mandamus, the said Order is exempt from the stay herein ordered; and

It is **FURTHER ORDERED** in accordance with F.R.A.P. 21(b)(1) all Respondents affected by the Petition for Mandamus are hereby ordered to answer the aforesaid Petition and to serve a copy of the Answer(s) on all parties; and

It is **FURTHER ORDERED** that the original of the aforesaid Answer(s) be filed with the Clerk of this Court and filed with each member of this Court's panel no later than 12 Noon on Thursday, November 6, 2003; and

It is **FURTHER ORDERED** that the Answer(s) to be filed with each member of this Court's panel shall be filed at the time and date aforesaid by Federal Express at the addresses of each member of the panel as noted below; and

It is **FURTHER ORDERED** in accordance with F.R.A.P. 21(b)(4), the District Court Judge is invited to address and respond to the Petition.  The original of the District Court's response, if any, should be filed with the Clerk of this Court and with each member of the panel by Federal Express, if necessary, at the time and date above noted; and

It is **FURTHER ORDERED** that the Clerk of this Court is directed to serve this Order on all parties and persons directed or invited to respond.

For the Court:

_____/s/ Julio M. Fuentes_____

Circuit Judge

Dated: October 30, 2003
nmb/cc:      All Counsel of Record

Honorable Julio M. Fuentes
Martin Luther King Federal Bldg. & Courthouse
50 Walnut Street ~ Room 5032
Newark, New Jersey 07102

Honorable D. Brooks Smith
Allegheny Professional Center ~ Suite 203
1798 Old Route 220 North
Duncansville, PA 16635

Honorable Leonard I. Garth
Martin Luther King Federal Bldg. & Courthouse
50 Walnut Street ~ Room 5040
Newark, New Jersey 07102

**EXHIBIT E**

Case No. 03-4212
IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NOV - 4 2003

U.S.C.A. 3rd. CIR.

In re: KENSINGTON                 :
INTERNATIONAL LIMITED             :
and SPRINGFIELD                   :
ASSOCIATES, LLC,                  :    (Bankruptcy Case No. 00-03837)
                                  :    (Owens Corning, et al.)
            Petitioners,          :
_____      :

On a Petition for a Writ of Mandamus to the Honorable Alfred M.
Wolin, United States District Judge

**RESPONSE BY THE DISTRICT COURT JUDGE TO THE PETITION FOR A WRIT
OF MANDAMUS, PURSUANT TO THE INVITATION OF THE COURT OF APPEALS**

TO THE HONORABLE JUDGES OF THE
UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT GREETINGS:

This Court accepts the thoughtful invitation of the Court of

Appeals issued by it pursuant to Federal Rule of Appellate

Procedure 21(b)(4), and responds to the petition for a writ of

mandamus to the extent this Court is able without addressing the

substantive merits of the Motion to Recuse[1] now pending before

it.  The Court of Appeals will have noted that the petition at

bar raises issues regarding whether this Court should be recused

from presiding over the chapter 11 case titled In re Owens

_____

[1]    This capitalized term refers to the motion filed in In
re Owens Corning, 00-3837 et seq., titled "Motion to Recuse the
Honorable Alfred M. Wolin, United States District Judge, from
Further Participation in these Jointly Administered Cases."

1

Corning and issues regarding this Court's handling of the Motion to Recuse.  In order to preclude any unwarranted conclusion that this Court has already decided the substantive merits of the motion to recuse in advance of all parties' opportunity to be heard, this response will address only the procedural points raised in the petition before the Court of Appeals.

Upon notification that the Motion to Recuse had been filed, this Court partially withdrew the reference to the Bankruptcy Court with respect to The Motion.  The Court's purposes in doing so were several.  First, it is generally recognized that a motion to recuse should generally be heard in the first instance by the judicial officer concerned.  Silo v. City of Philadelphia, 593 F. Supp. 870, 872 (E.D. Pa. 1984) (Pollak, J.); see also United States v. Wilensky, 757 F.2d 594, 599-600 (3d Cir. 1985) ("decision of whether to recuse from hearing a matter lies within the sound discretion of the trial judge").  Second, this Court deemed it inappropriate and unfair to burden the Bankruptcy Court, over which this Court sits as the initial appellate tribunal, with the merits of the Motion to Recuse.

It happened that the Motion to Recuse was filed immediately before the Court's departure on a trip out of New Jersey for ten days.  The undersigned judicial officer was scheduled to speak at a Commercial Law League conference in San Diego, California.  The Court issued its Letter Opinion and Order dated October 23, 2003,

2

staying the matter, including discovery that had already been propounded, until it returned to the jurisdiction.  The Court returned to its duty station on October 27, 2003.  On October 28, the Court issued its Case Management Order and Order to Show Cause, as expressly anticipated in the October 23 Letter Opinion and Order.

As the Court of Appeals is aware, the subject of the Motion to Recuse is, in substantial part, concerned with certain persons who have been acting as Court Appointed Advisors pursuant to an Order of this Court entered December 28, 2001.  The October 28, 2003, Case Management Order directed these persons to set forth by sworn affidavit the substance of all communications with the Court and/or all of their activities assisting the Court with respect to the In re Owens Corning chapter 11 case, and a matter known as In re G I Holding, Inc., pending in a different court. In the Order, the Court waived any privilege or rule of confidentiality that might apply with respect to any advice rendered by the Court Appointed Advisors.  The parties were also invited to submit briefs by way of an Order to Show Cause to determine whether further proceedings should be had, including discovery, or, in the alternative, whether the Motion to Recuse should be dismissed as legally insufficient.

This Court believes that the Court of Appeals should be aware of certain historical events in the Owens Corning matter.

3

On December 20, 2001, this Court held a joint case management conference in all five of the asbestos-related bankruptcy cases before it, attended by approximately 200 attorneys and interested parties. At that conference, the Court announced publicly that the extraordinary size and complexity of these proceedings would require special measures. Among these, the Court further announced was the appointment of a committee of expert counsel with broad experience in mass-tort and asbestos litigation to assist the Court. As previously noted, these persons were appointed shortly thereafter, on December 28, 2001. A copy of the Order is attached. Since then, the Court has made task-specific assignments of the Court Appointed Advisors.

The five appointees are John E. Keefe, Sr., Esq., William Drier, Esq., C. Judson Hamlin, Esq., Professor Francis E. McGovern and David R. Gross, Esq. Messers Keefe, Drier and Hamlin are all former judges of the Appellate Division of the New Jersey Superior Court. For approximately ten years, Mr. Keefe was the designated judge responsible for administering asbestos personal injury litigation in the state system. Mr. Drier has authored a well-known treatise on products liability law. Mr. Hamlin has been involved with asbestos-related bankruptcies as far back as the Johns-Manville bankruptcy, the progenitor of all very large, asbestos-related bankruptcies and the model upon which the current statute 11 U.S.C. § 524(g) is based. Mr. Gross

4

was counsel for Johns-Manville even before its bankruptcy and is
a nationally-prominent mass-tort and products liability lawyer.
Professor McGovern is one of the most respected academics and
neutrals in this field, and has assisted the federal judiciary
for decades in complex litigation matters.

Thus, the involvement of all of the Court Appointed Advisors
has been a matter of record for nearly two years.  Because a
Futures Representative and his counsel cannot be appointed in a
bankruptcy without court approval, the involvement of Gross and
Hamlin in In re G-I Holdings, Inc. must likewise have been public
by virtue of their appointment in that case.  That appointment,
which presumably was not under seal, preceded their appointment
by this Court.  No party has objected to the involvement of any
of the Court Appointed Advisors in any of the chapter 11
proceedings before this Court in the almost two years they have
served.  Nor has any objection been filed regarding their several
fee applications to this Court.

It was represented to this Court in December of 2002 that a
key issue in the Owens Corning bankruptcy was the resolution of a
claim by the debtor and other potential plan proponents that the
various subsidiaries of Owens Corning should be substantively
consolidated for the purposes of the reorganization.  It was
represented at that time, and repeated since in papers filed with
the Court, that substantive consolidation put certain bank

creditors of Owens Corning at risk for their recovery of well in excess of $1 billion in debt guaranteed by these subsidiaries. Absent the consolidation, the Court understands that the banks recovery may approach 100 cents on the dollar.

By Order dated December 23, 2002, this Court withdrew the reference to the Bankruptcy Court of the substantive consolidation issue and appointed the Honorable Judith K. Fitzgerald, U.S.B.J., as settlement judge and Professor McGovern as mediator to explore the possibility of settlement.  The Order also contemplated that the debtors and other parties intended to file a proposed plan of reorganization and that the motion for substantive consolidation was a part of that plan.  It is, of course, "not at all unusual for a plan proponent . . . to seek a determination prior to the confirmation hearing as to the legitimacy of a particular provision of a proposed plan."  In re Stone & Webster, Inc., 286 B.R. 532, 542 (Bankr. D. Del. 2002).

Settlement efforts failed and this Court held a bench trial lasting four weeks on the merits of the substantive consolidation motion.  Meanwhile, the proposed plan had been filed.  The plan proponents are the debtors-in-possession, the Official Committee of Asbestos Claimants, and the Representative of Future Claimants.  The plan proponents and certain members of the unsecured creditors committee representing pre-petition bondholders of Owen Corning, the self-styled "Designated Members

6

of the Official Committee of Unsecured Creditors," prosecuted the substantive consolidation motion during the trial before this Court.

Aware that settlement efforts were ongoing through the summer and fall, this Court has nonetheless been reviewing the extremely extensive record and the many technical financial issues and is preparing an opinion resolving the substantive consolidation motion.  That opinion had not issued, however, when the Motion to Recuse was filed.  This Court believes that it is safe to presume that resolution of the substantive consolidation issue will be the single most momentous event in the life of this important bankruptcy, the successful conclusion of which will effect the fortunes of so many individual persons as well as corporate entities.

Meanwhile, as it enters its third year since the petition was filed, the Owens Corning bankruptcy has arrived at a critical point.  The plan proponents have filed a disclosure statement and Judge Fitzgerald held a hearing on their motion to approve the disclosure statement on October 27, 2003.  Of course, the plan that is the subject of the proposed disclosure statement assumes that the Court will rule in favor of the plan proponents' motion for substantive consolidation.  Judge Fitzgerald has not yet ruled on the disclosure statement and presumably will not rule until this Court's opinion on substantive consolidation is

7

issued.  She has stated on the record that, if this Court denies substantive consolidation, then the plan proponents will have to start again on a clean slate.

As this crisis in the Owens Corning reorganization effort approached, the commercial creditors have not been idle.  The Motion to Recuse was filed by the bank creditors on October 10, 2003.  Seven days later, on October 17, 2003, the unsecured creditors as a whole filed motion for the appointment of a chapter 11 trustee.  On October 24, 2003, the commercial creditors moved to "re-structure" the representation of the Committee of Asbestos Claimants and the Futures Representative, which re-structuring would include disqualification of their present counsel and forfeiture of all of their fees.  Brief in Support of Motion for Structural Relief Required to Eradicate the Legal and Ethical Conflicts of Asbestos Law Firms at 2 n.3.  The Court learned that very extensive document and deposition subpoenas had been served in connection with the Motion to Recuse from the representations of counsel who wished to object and to move to quash, but were seeking the procedural guidance of the Court on how their objections should be presented.

Thus, on its return from California, the Court acted swiftly to take control of proceedings.  The Court has a responsibility to ensure that the reorganization over which it presides is not disrupted by the actions of any particular constituency free of

8

judicial supervision.  The Court is likewise responsible to see
that persons who have served the Court ably and without objection
by any party are not unfairly burdened.  For this reason, the
Court has solicited the affidavits of its Court Appointed
Advisors and briefs setting forth the positions of all the
parties.

The Court is also responsible to ensure that any motion
before it is presented for a proper purpose and not for purposes
of delay or other, self-serving ends.  The Court acknowledges
this responsibility without derogation of its concurrent
responsibility independently to inquire into the continued
propriety of its presiding over the matters before it and
regardless of the source or perceived motive behind a motion
seeking recusal.  Moreover, and contrary to the position taken by
the petitioners before the Court of Appeals, this Court believes
that it has acted with all deliberate speed in building a record
and soliciting the positions of the parties, consonant with the
responsibilities set forth above.

It is, therefore, erroneous to contend that the Court's
decision to preliminarily test the merits of the Motion to Recuse
discloses an intention to pre-judge the motion.  It is also
incorrect to maintain that the Court has stated its view of the
legal standard to be applied, particularly whether the party
seeking recusal must show actual bias or that merely a reasonable

9

perception of bias exists.  This Court has stated and states again here that it will judge the Motion to Recuse on the law and facts presented after all parties have been heard in full. Moreover, the Court recognizes the need to resolve the motion as quickly as possible, regardless of jurisdictional issues, to minimize the inevitable harm that will impact the progress of the several asbestos-related bankruptcies under its supervision.

Lastly, as a factual matter, this Court states to the Court of Appeals that it has had no communications and possesses no knowledge regarding any aspect of the In re G-I Holdings, Inc. chapter 11 proceeding, except that it is pending before the Honorable Rosemary Gambardella, U.S.B.J., and the Honorable William G. Bassler, U.S.D.J.  I have never discussed the substance of this case with any of the Court Appointed Advisors.

Respectfully submitted,

ALFRED M. WOLIN
U.S.D.J.

November 3, 2003

10

*12/28/01*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: ARMSTRONG WORLD INDUSTRIES, INC., et al., : Debtors. | Chapter 11 Case Nos. 00-4471, 00-4469, 00-4470 | *1733* |
| IN RE: W.R. GRACE & CO., et al., : Debtors. | Chapter 11 Case Nos. 01-1139 through 0-1200 | *1427* |
| IN RE: FEDERAL-MOGUL GLOBAL, INC., T&N LIMITED, et al., : Debtors. | Chapter 11 Case Nos. 01-10578, et al.[1] | *812* |
| IN RE: USG CORPORATION, a Delaware Corporation, et al., : Debtors. | Chapter 11 Case Nos. 01-2094 through 01-2104 | *1095* |
| IN RE: OWENS CORNING, et al., : Debtors. | Chapter 11 Case Nos. 00-3837 through 00-3854 | *3893* |

## ORDER DESIGNATING COURT APPOINTED CONSULTANTS AND SPECIAL MASTERS

This matter having been opened by the Court upon its own motion in each of the above-captioned Chapter 11 cases; and the interested parties having been put on notice by the Court at the joint case management conference held on December 20, 2001, that the Court anticipated appointing special masters and/or case

---

[1]See attached list.

ATTACHMENT

management consultants to whom the Court may from time to time

delegate certain authority to hear matters and to advise the

Court on issues that may arise in these five large Chapter 11

cases; and for good cause shown

It is this 28th day of December, 2001

ORDERED that the following Order applies to the lead cases

identified in the caption of this Order and to all cases filed as

related cases thereto, and it is further

ORDERED that William A. Drier, Esq., David R. Gross, Esq.,

C. Judson Hamlin, Esq., John E. Keefe, Esq., and Professor

Francis E. McGovern are hereby designated as Court Appointed

Consultants to advise the Court and to undertake such

responsibilities, including by way of example and not limitation,

mediation of disputes, holding case management conferences, and

consultation with counsel, as the Court may delegate to them

individually, and it is further

ORDERED that the parties are on notice that the Court may,

without further notice, appoint any of the Court-Appointed

Consultants to act as a Special Master to hear any disputed

matter and to make a report and recommendation to the Court on

the disposition of such matter, and it is further

ORDERED that William A. Drier, Esq., is hereby appointed

Special Master in the matter of In re W.R. Grace & Co.,

Bankruptcy No. 01-1139 through 01-1200, to hear all disputed

matters in that Chapter 11 case for which the Court's Order of

ATTACHMENT

Reference may be withdrawn from the Honorable Judith K. Fitzgerald, United States Bankruptcy Judge, and it is further

ORDERED that the fees of the Court Appointed Consultants and Special Master(s) shall be borne by the debtors in such manner and apportionment as this Court or the Bankruptcy Courts may hereinafter direct.

_____
ALFRED M. WOLIN, U.S.D.J.

ATTACHMENT

IN RE: FEDERAL-MOGUL GLOBAL, INC.
Case Numbers

| | | | |
|---|---|---|---|
| 01-10578 | 01-10643 | 01-10700 | 01-10750 |
| 01-10580 | 01-10644 | 01-10701 | 01-10751 |
| 01-10582 | 01-10646 | 01-10702 | 01-10752 |
| 01-10585 | 01-10647 | 01-10703 | 01-10753 |
| 01-10586 | 01-10649 | 01-10704 | 01-10754 |
| 01-10587 | 01-10650 | 01-10705 | 01-10755 |
| 01-10589 | 01-10651 | 01-10706 | 01-10756 |
| 01-10591 | 01-10652 | 01-10707 | 01-10757 |
| 01-10593 | 01-10653 | 01-10708 | 01-10758 |
| 01-10594 | 01-10654 | 01-10710 | 01-10759 |
| 01-10596 | 01-10655 | 01-10711 | 01-10760 |
| 01-10598 | 01-10656 | 01-10712 | 01-10761 |
| 01-10599 | 01-10657 | 01-10713 | 01-10762 |
| 01-10600 | 01-10658 | 01-10714 | 01-10763 |
| 01-10601 | 01-10659 | 01-10715 | 01-10764 |
| 01-10603 | 01-10660 | 01-10716 | 01-10765 |
| 01-10604 | 01-10661 | 01-10717 | 01-10766 |
| 01-10605 | 01-10662 | 01-10718 | 01-10767 |
| 01-10606 | 01-10664 | 01-10719 | 01-10768 |
| 01-10608 | 01-10665 | 01-10721 | 01-10769 |
| 01-10610 | 01-10666 | 01-10722 | 01-10770 |
| 01-10611 | 01-10668 | 01-10723 | 01-10771 |
| 01-10613 | 01-10669 | 01-01724 | 01-10772 |
| 01-10614 | 01-10672 | 01-10726 | 01-10773 |
| 01-10615 | 01-10673 | 01-10727 | 01-10774 |
| 01-10617 | 01-10675 | 01-10728 | |
| 01-10618 | 01-10682 | 01-10729 | |
| 01-10619 | 01-10683 | 01-10730 | |
| 01-10620 | 01-10684 | 01-10731 | |
| 01-10621 | 01-10685 | 01-10732 | |
| 01-10622 | 01-10686 | 01-10733 | |
| 01-10623 | 01-10687 | 01-10734 | |
| 01-10625 | 01-10688 | 01-10736 | |
| 01-10626 | 01-10689 | 01-10737 | |
| 01-10627 | 01-10690 | 01-10739 | |
| 01-10629 | 01-10691 | 01-10741 | |
| 01-10630 | 01-10692 | 01-10742 | |
| 01-10632 | 01-10693 | 01-10743 | |
| 01-10633 | 01-10694 | 01-10744 | |
| 01-10634 | 01-10695 | 01-10745 | |
| 01-10637 | 01-10696 | 01-10746 | |
| 01-10638 | 01-10697 | 01-10747 | |
| 01-10640 | 01-10698 | 01-10748 | |
| 01-10641 | 01-10699 | 01-10749 | |

ATTACHMENT

**EXHIBIT F**

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-4212

*In re* Kensington International Limited and Springfield Associates, LLC, Petitioners
(Related to U.S. Bankruptcy Court for the District of Delaware No. 00-3837)

### ORDER

Upon consideration of the expedited motion of Owens Corning, et al. for clarification of October 30, 2003 Order (the "Motion"); and the Court being satisfied with the representations made in the Motion that the relief sought therein is necessary and in the best interests of the Debtors' estates; and the Court having determined that proper and adequate notice has been given and that no other or further notice is necessary; and upon the record herein; and after due consideration thereof; and for good and sufficient cause appearing therefore, it is hereby

ORDERED, DECREED and ADJUDGED, this 3rd day of November 2003 that:

1.    The stay imposed by this Order applies only to those proceedings for which the reference has been withdrawn and are pending solely before Judge Wolin, namely asbestos related issues and certain matters relating to Movants' proposed plan of reorganization.

2.    The briefing schedule is hereby modified to permit all respondents to submit responses to the Emergency Petition for Writ of Mandamus on November 21, 2003, five (5) business days after the District Court's Advisors submit their affidavits to the District Court.

BY THE COURT:

Dated: November 3, 2003
nmb/cc: All Counsel of Record