# EXHIBIT N

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: OWENS CORNING, *et al.*,<br><br>                **Debtors.** | **SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE**<br><br>**Chapter 11**<br>**Case Nos.: 00-3837 to 3854 (JKF)**<br>**(Jointly Administered)**<br>**(Alfred M. Wolin, U.S.D.J., specially designated)** |

**TO:**   Custodian of Records
       Davis Polk & Wardwell
       450 Lexington Avenue
       New York, New York 10017

___**YOU ARE COMMANDED** to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE: | COURTROOM: |
|---|---|
| | DATE AND TIME: |

**X YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE: Offices of Saul Ewing LLP<br>      100 South Charles Street, 16th Floor<br>      Baltimore, MD 21201 | DATE AND TIME: Wednesday, December 31, 2003<br>           10:00 a.m. and continuing<br>           each day thereafter until<br>           completed. |

**X YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list of documents or objects):   See Attached Schedule A.

| PLACE: Offices of Saul Ewing LLP<br>      100 South Charles Street ,16th Floor<br>      Baltimore, MD 21201 | DATE AND TIME: Wednesday, December 31, 2003<br>           10:00 a.m. and continuing<br>           each day thereafter until<br>           completed. |

___**YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES: | DATE AND TIME: |
|---|---|

Any subpoenaed organization shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, may set forth, for each person designated, the matters on which the person will testify.  Fed.R.Civ.P. 30(b)(6) made applicable to this proceeding by Rule 7030, Fed.R.Bankr.P.  See Rules 1018 and 9014, Fed.R.Bankr.P.

| ISSUING OFFICER'S SIGNATURE AND TITLE.<br><br>Counsel for Debtors | DATE:<br>December 22, 2003 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER:
    Henry R. Abrams, Esquire
    Saul Ewing LLP
    100 South Charles Street, Suite 1600
    Baltimore, Maryland  21201  (410) 332-8600

## PROOF OF SERVICE

| SERVED | DATE | PLACE |
|--------|------|-------|
|        |      |       |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|
|                        |                   |

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|
|                        |       |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on: _____
DATE

**SIGNATURE OF SERVER**

**ADDRESS OF SERVER**

---

**Rule 45, Fed.R.Civ.P., Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed.R.Bankr.P.**

**(c) Protection of Persons Subject to Subpoena.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) required disclosure of privileged or other protected matter and no exception of waiver applies, or

(iv) subject a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party,

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) Duties in Responding to Subpoena.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demand party to contest the claim.

## SCHEDULE A

## DEFINITIONS AND INSTRUCTIONS

A.    "CSFB" means Credit Suisse First Boston.

B.    The "Bank Group" means those financial institutions and lenders participating in or owning portions of the debt issued pursuant to the $2,000,000,000 Credit Agreement dated as of June 26, 1997 among Owens Corning, as Borrower and Guarantor, the Other Borrowers and Guarantors, the Banks listed on Annex A hereto and Credit Suisse First Boston, as that group has changed from time to time.

C.    "Advisors" means C. Judson Hamlin, David R. Gross; Francis McGovern, John Keefe; and William Drier.

D.    "Engage" or "Engaged" means, with respect to services or personnel, the retention of such services or personnel, without regard to which person is to pay for such services or personnel.

E.    The *"Owens Corning* bankruptcy proceedings" means *In re Owens Corning, et al,* Case No. 00-03837 (D. Del.).

F.    The "Steering Committee" means the steering committee established in connection with the *Owens Corning* bankruptcy proceedings, comprised of certain of the financial institutions and lenders participating in or owning portions of the $2,000,000,000 Credit Agreement dated as of June 26, 1997 among Owens Corning, as Borrower and Guarantor, the other Borrowers and Guarantors, the Banks listed on Annex A hereto and Credit Suisse First Boston, and which acts as one of the representatives of the interests of the Bank Group.

G.    The *"G-I* bankruptcy proceedings" means *In re G-I Holdings, Inc., et al,* Case No. 01-30135 (D.N.J.).

H.    The "Six Asbestos Bankruptcy Cases" refers to the following cases pending in the United States District Court for the District of Delaware:  *In re Armstrong World Industries, Inc., et al.,* Case Nos. 00-4471, 00-4469-4470; *In re W.R. Grace & Co., et al.,* Case Nos. 01-1139 through 01-1200; *In re Federal Mogul Global, Inc., et al.,* Case Nos. 01-10578, et al.; *In re USG Corp., et al.,* Case Nos. 01-2094 through 01-2104; *In re Owens Corning, et al.,* 00-3837 through 3854; and *In re Combustion Engineering, Inc.,* No. 03-10495.

I.    "You" means the individuals or entities to which these Requests for Production of Documents are directed, either individually or collectively and their partners, associates, paralegals, attorneys, directors, officers, employees, agents, representatives, successors and others acting on their behalf.

J.    "Communication" means any oral, written or recorded statement (via whatever medium) transmitted by one person to another.

K.    "Ex Parte" means involving less than all parties (or their representatives) to a particular case or controversy.

L.    "Document" means any written, recorded, electronic or graphic matter (including any business record in any form), however produced, reproduced or stored (including any digital, electronic, analog or physical medium), including all non-identical copies containing notations not contained on the original thereof, and including without limitation correspondence, memoranda, notes, calendar entries, diary entries, time and billing records, and electronic mail ("e-mail"), disks, diskettes, compact disks, tapes or other media used in data and/or word processing together with the programming instructions and other materials necessary to understand such media.

M.    "Person" means any natural person, corporate entity, partnership, association, or sole proprietorship.

N.    Reference to any person shall include the person's partners, associates, paralegals, attorneys, directors, officers, employees, agents, representatives, successors and others acting on the person's behalf.

O.    The terms "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this Request for Production of Documents any information which might otherwise be construed to be outside its scope.

P.    The term "concern," "concerning," "relate" or "relating to" means constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, summarizing, concerning, or referring to, directly or indirectly.

Q.    "Including" means including but not limited to.

R.    All documents that are withheld under a claim of privilege, under a claim that such documents form a part of the attorney's work product, or under a claim that such documents were prepared in anticipation of litigation, shall be identified in sufficient detail (including an identification of the document's date, the document's author and all recipients, and a general description of the subject matter of the document) to permit a request for in camera inspection of each such document in the event any such claim is disputed.

S.    Whenever appropriate herein, the singular form of a word shall also be interpreted as its plural.

T.    To the extent that no single document exists or is in your possession, custody or control which contains all the information sought in any particular Request herein, you are to provide such other documents in your possession, custody or control which are sufficient

to show, compute, compile or explain all the information requested in such Requests or as much thereof as is available.

U.  If any documents sought by this Request for Production of Documents have been destroyed or are no longer in your possession, identify the documents no longer in your possession, the date(s) on which such documents were destroyed, and describe in detail your regular policy regarding the maintenance, retention and destruction of records that have at one time been in your possession, as well as the identity of the person or persons responsible for the maintenance, retention, and destruction of such records.

V.  Unless otherwise stated in a particular Request each Request for Production of Documents refers to the time period between October 4, 2000 and December 31, 2003.

W.  This Request for Production of Documents is continuing in nature, requiring a supplemental response and production when new, different or clarifying information comes into the possession of the party whom this Request is addressed or the possession of said party's counsel.

## DOCUMENTS REQUESTED

1.  All documents relating to the appointment of, or activities conducted by, any of the Advisors in the Six Asbestos Bankruptcy Cases.

2.  All documents relating to the appointment of, or activities conducted by, any of the Advisors in the G-I bankruptcy proceedings.

3.  All documents relating to any investigation concerning any of the Advisors or their activities.

4.  Such documents as will show the agenda for, the subject matter of, and the invitees to, participants in and attendees of any *ex parte* communication or meeting with Judge Wolin, and any time or billing records, notes, memoranda, reports or other similar documents reflecting or reporting upon such communications or meetings.

5.  Such documents as will show the agenda for, the subject matter of, and the invitees to, participants in and attendees of any *ex parte* communication or meeting with any of the Advisors, and any time or billing records, notes, memoranda, reports or other similar documents reflecting or reporting upon such communications or meetings.

6.  Such documents as will show your subscription to *Mealey's Asbestos Bankruptcy Reporter, Mealey's Asbestos Reporter, The Daily Deal,* any publication by Bear Stearns & Co., Inc. concerning distressed securities, debtors, or bankruptcy proceedings, any publication by Lehman Brothers concerning distressed securities, debtors, or bankruptcy proceedings, and any other publication that as part of its stated business routinely reports

on distressed securities, debtors or bankruptcy proceedings, and the dates of such subscriptions; or, in lieu thereof, an affidavit or certification providing such information.

7.  All of your distribution lists concerning each of the publications described in Request No. 6, above.

8.  Such documents as will describe, in full, the undertaking by Davis Polk of the representation of the Official Committee of Unsecured Creditors ("OCUC") and of or on behalf of any individual creditors in the *Owens Corning* bankruptcy proceedings, including all engagement letters, file opening forms, and conflict checks.

9.  All engagement letters identifying the clients represented by you in any of the Six Asbestos Bankruptcy Cases.

10. All engagement letters or other documents identifying the clients represented by you in the *G-I* bankruptcy proceedings.

11. Such documents as will identify, in full, the scope of any services to be rendered by you or on your behalf in the *G-I* bankruptcy proceedings.

12. Such documents as will identify, in full, the scope of any services to be rendered by you or on your behalf in any of the Six Asbestos Bankruptcy Cases.

13. All documents reflecting the names of all persons and all other information submitted by you or on your behalf in connection with any examination of potential conflicts arising from your proposed or actual representation of any person, committee or interest in any of the Six Asbestos Bankruptcy Cases; or, in lieu thereof, an affidavit or certification providing such information.

14. All documents reflecting the names of all persons and all other information submitted by you or on your behalf in connection with any examination of potential conflicts arising from your proposed or actual representation of any person, committee or interest in the *G-I* bankruptcy proceedings; or, in lieu thereof, an affidavit or certification providing such information.

15. All documents relating to the formation of the OCUC in the *Owens Corning* bankruptcy proceedings including, but not limited to, any agreements or bylaws.

16. All pleadings, notices and other filings received by you in connection with the *G-I* bankruptcy proceedings.

17. All materials in your possession relating to any one or more of the Advisors.

18. Such documents as will identify each of your persons who worked on, monitored or participated in any of the Six Asbestos Bankruptcy Cases, the dates thereof, and the

subject matter(s) of their work; or, in lieu thereof, an affidavit or certification providing such information sought in this Request.

19.  Such documents as will identify each of your persons who worked on, monitored or participated in the *G-I* Bankruptcy Proceedings, the dates thereof, and the subject matter(s) of their work; or, in lieu thereof, an affidavit or certification providing such information sought in this Request.

20.  All documents constituting, reporting on or memorializing any communications between you and the Washington Legal Foundation, its agents, representatives, members, advisors, counsel or employees, concerning the Advisors, or concerning the possible recusal of the Honorable Alfred M. Wolin in any of the Six Asbestos Bankruptcy Cases.

21.  All documents in any way relating to any communications between you and any other person concerning the possible recusal of the Honorable Alfred M. Wolin in any of the Six Asbestos Bankruptcy Cases.

22.  All of Davis Polk's actual time sheets and billing records, in draft and final form, prepared or issued in connection with any of the Six Asbestos Bankruptcy Cases.

23.  All dockets, logs, reports, diaries and other documents, however known, which were prepared, maintained or distributed by Davis Polk, which are the same as or similar to the docket or log described by R.L. Jones in the billing record found on page 291 of Owens Corning's Appendix filed in the Third Circuit, pertaining to the Six Asbestos Bankruptcy Cases.

24.  Such documents as will show, as to each such docket, log, report, diary, or similar document identified pursuant to Request No. 23, above, the identity of all distributees and recipients; or, in lieu thereof, an affidavit or certification providing such information.

25.  All dockets, logs, reports, diaries and other documents, however known, prepared, maintained or distributed by Davis Polk, which are the same as or similar to the docket or log described by R.L. Jones in the billing record found on page 291 of Owens Corning's Appendix filed in the Third Circuit, pertaining to the *G-I* bankruptcy proceeding.

26.  Such documents as will show, as to each such docket, log, report, diary, or similar document, identified pursuant to Request No. 25, above, the identity of all distributees and recipients; or, in lieu thereof, an affidavit or certification providing such information.

27.  Such documents as will identify each of the members of the Bank Group and of the Steering Committee, their representatives and their separate dates of service or membership; or, in lieu thereof, an affidavit or certification providing such information.

28.  All agendas, minutes, reports or other documents created, maintained, distributed or reflecting the substance of and the identity of each participant or attendee at any

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: OWENS CORNING, *et al.*,<br><br>              Debtors. | **SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE**<br><br>**Chapter 11**<br>**Case Nos.: 00-3837 to 3854 (JKF)**<br>**(Jointly Administered)**<br>**(Alfred M. Wolin, U.S.D.J., specially designated)** |

| | |
|---|---|
| **TO:**  Custodian of Records<br>     Elliott International, L.P.<br>     c/o HSBC Financial Services (Cayman) Ltd<br>     PO Box 1109, Mary Street<br>     Grand Cayman E9 00000 | Serve On: Elliott International Capital Advisors Inc., Attorney-in-Fact<br>712 Fifth Avenue<br>New York, New York 10019 |

__ **YOU ARE COMMANDED** to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE: | COURTROOM: |
|---|---|
|  | DATE AND TIME: |

**X YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE: Offices of Saul Ewing LLP<br>     100 South Charles Street, 16th Floor<br>     Baltimore, MD 21201 | DATE AND TIME: Wednesday, December 31, 2003<br>     10:00 a.m. and continuing<br>     each day thereafter until<br>     completed. |

**X YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list of documents or objects):    See Attached Schedule A.

| PLACE: Offices of Saul Ewing LLP<br>     100 South Charles Street ,16th Floor<br>     Baltimore, MD 21201 | DATE AND TIME: Wednesday, December 31, 2003<br>     10:00 a.m. and continuing<br>     each day thereafter until<br>     completed. |

__ **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES: | DATE AND TIME: |
|---|---|

Any subpoenaed organization shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, may set forth, for each person designated, the matters on which the person will testify. Fed.R.Civ.P. 30(b)(6) made applicable to this proceeding by Rule 7030, Fed.R.Bankr.P. See Rules 1018 and 9014, Fed.R.Bankr.P.

| ISSUING OFFICER'S SIGNATURE AND TITLE.<br><br>Counsel for Debtors | DATE:<br>December 22, 2003 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER:
     Henry R. Abrams, Esquire
     Saul Ewing LLP
     100 South Charles Street, Suite 1600
     Baltimore, Maryland 21201 (410) 332-8600

759120.1 12/22/03

## PROOF OF SERVICE

| SERVED | DATE | PLACE |
|---|---|---|
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on:_____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Fed.R.Civ.P., Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed.R.Bankr.P.

**(c) Protection of Persons Subject to Subpoenas.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) required disclosure of privileged or other protected matter and no exception of waiver applies, or

(iv) subject a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party,

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) Duties in Responding to Subpoena.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demand party to contest the claim.

meetings, whether in person or otherwise, of the OCUC in the *Owens Corning* bankruptcy proceeding.

29.  All agendas, minutes, reports or other documents created, maintained, distributed or reflecting the substance of and the identity of each participant or attendee at any meetings, whether in person or otherwise, of the Steering Committee in the *Owens Corning* bankruptcy proceeding.

30.  All agendas, minutes, reports or other documents created, maintained, distributed or reflecting the substance of and the identity of each participant or attendee at any meetings, whether in person or otherwise, of the Bank Group in the *Owens Corning* bankruptcy proceeding.

31.  All documents reflecting communications with the members of OCUC, or creditors represented by OCUC, concerning the Advisors or the possible recusal of the Honorable Alfred M. Wolin.

32.  All documents reflecting communications with the members of the Steering Committee concerning the Advisors or the possible recusal of the Honorable Alfred M. Wolin.

33.  All documents reflecting communications with the members of the Bank Group concerning the Advisors or the possible recusal of the Honorable Alfred M. Wolin.

34.  All regularly issued reports by or on behalf of Davis Polk to the members of OCUC or to creditors represented by OCUC.

35.  All documents in any way concerning any communications with any experts you expect to testify in connection with the possible recusal of the Honorable Alfred M. Wolin in any of the Six Asbestos Bankruptcy Cases.

36.  All documents which in any way relate to the subject matters for discovery identified on page 26 of the Third Circuit's Opinion.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

DISTRICT OF     **NEW JERSEY**

In re Owens Corning; | **SUBPOENA IN A CIVIL CASE**

In re W.R. Grace; In re USG Corp.     Case Number:[1]

Nos. 00-3837 to 00-3854
01-1139 to 01-1200
01-2094 to 01-2104
(Bankr. D. Del.)

TO: David Gross, c/o Saiber Schlesinger
One Gateway Center, 13th floor
Newark, NJ 07102

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Gibbons Del Deo, 1 Riverfront Plaza, Newark, NJ 07102 | Jan. 12, 2004, 9:30am |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects)

*See attached*

| PLACE | DATE AND TIME |
|---|---|
| Gibbons Del Deo, 1 Riverfront Plaza, Newark, NJ 07102 | Dec. 29, 2003, 9:30am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below

|  | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify  Federal Rules of Civil Procedure, 30(b)(6)

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR | DATE |
|---|---|
| *Amon D Siegel for Kennytonet al.* | Dec. 22, 2003 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Amon Siegel     Robbins, Russell, Englert,
Orseck & Untereiner LLP     (202) 775-4500
1801 K St, NW, Suite 411
Washington, DC 20006 (See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## Attachment A [Gross Subpoena]

### Definitions

1.      All definitions and rules of construction set forth in the Local Rules of the United States Bankruptcy Court for the District of Delaware and the Federal Rules of Civil Procedure shall apply to each command for production of the documents designated below.

2.      "All" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

3.      *"Combustion Engineering"* refers to *In re Combustion Engineering, Inc.*, No. 03-10495 (JKF) (Bankr. D. Del.).

4.      "Debtors" refers to debtors and debtors in possession.

5.      "Document" (in all its forms) means all written, reported, recorded, pictorial, or graphic matter, however produced or reproduced, that are in your possession, custody or control, including, but not limited to, all letters, telegrams, telexes, cables, word processing files, telephone records and notations, invoices, ledgers, journals and other formal and informal books of record and account, minutes, bulletins, instructions, financial statements, photographs, reports, memoranda, notes, notebooks, electronic mail, voice mail, drafts, worksheets, contracts, agreements, computer data, tape recordings, videotapes, transcriptions, intra-company drafts of the foregoing items, and copies or reproductions of the foregoing upon which notations in writing have been made which do not appear on the originals. A document is deemed to be in your possession, custody or control if you have the right to secure the document or a copy thereof from another person or public or private entity having actual physical possession thereof.

6.      "Five Asbestos Cases" refers to the following cases pending in the United States Bankruptcy Court for the District of Delaware: *In re Armstrong World Industries, Inc. et al.*, Nos. 00-4471, 00-4469, 00-4470; *In re W.R. Grace & Co. et al.*, Nos. 01-1139 through 01-1200; *In re Federal-Mogul Global, Inc., T&N Limited, et al.*, Nos. 01-10578 *et al.*; *In re USG Corp. et al.*, Nos. 01-2094 through 01-2104; *In re Owens Corning, et al.*, Nos. 00-03837 *et al.*

7.      "Futures Representative" refers to the legal representative appointed pursuant to section 524(g) of the Bankruptcy Code to represent the interests of present or future asbestos-related demands.

8.      "*G-I Holdings*" refers to *In re G-I Holdings Inc.*, No. 01-30135 (RG)(Bankr. D.N.J.).

9.      "Judge Wolin" refers to the Hon. Alfred Wolin, U.S. District Judge for the District of New Jersey, and to members of his staff, including law clerks, courtroom deputies, secretaries, and interns.

10.     "Person" and "you" (in all their forms) mean David R. Gross and any person or any business, legal, or governmental entity or association that acts or has acted at your direction or control.

11.     The use of the singular form of any word includes the plural and vice versa.

## Instructions

1.      Unless otherwise specified, the subpoena calls for documents created on or after October 5, 2000.

2.      In responding to this subpoena, you are directed to furnish all responsive documents that are in your possession, custody or control at the time of the issuance of this subpoena.

2

3.    The demands set forth in the subpoena are continuing in nature. If, after responding to the subpoena, you obtain or become aware of additional documents responsive to the subpoena such documents shall be produced promptly in accordance with these definitions and instructions.

4.    The documents called for in this subpoena shall be organized and produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories set forth below. See Fed. R. Civ. P. 45(d)(1).

5.    With respect to any requested document, or portion of a document, as to which you assert a claim of privilege or work product, provide the following information:

 a. The nature of the privilege claimed;

 b. A description of the nature of the document or portion of the document not produced that is sufficient to enable the parties to assess the existence and application of the claimed privilege;

 c. The name, job title, work and home addresses, work and home telephone numbers, and capacity of each person who created the document;

 d. The name, job title, work and home addresses, work and home telephone numbers, and capacity of each person to whom the document was directed;

 e. The name, job title, work and home addresses, work and home telephone numbers, and capacity of each person who, at any time, has had possession, custody or control of the document;

 f. The date the document bears and the date the document was created.

3

6.    When a claim is made that a portion of a document is protected from disclosure by a privilege, produce any and all non-privileged portions of the document, and provide the information described in Instruction 5 with respect to the redacted portion.

7.    If any document called for under this subpoena has been lost, misplaced or destroyed, identify for each such document

a.    the date the document was prepared;

b.    the identity of each person who prepared the document;

c.    the content and information contained therein;

d.    the date on which the document was lost, misplaced or destroyed;

e.    the identity of all persons having knowledge or who had knowledge of the contents of the document; and

f.    the identity of all persons having knowledge of the circumstances under which the document was lost, misplaced or destroyed.

4

## Documents Requested

Produce each and every document as described below, pursuant to the instructions stated above:

1.    All documents that reflect, refer to, or relate to, any services or activities performed by you in connection with the Five Asbestos Cases, *G-I Holdings*, or *Combustion Engineering*.

2.    All documents that reflect, refer to, or relate to, your selection as an advisor to Judge Wolin in the Five Asbestos Cases.

3.    All complete, unredacted time and billing records in connection with activities performed by you in any of the Five Asbestos Cases or *Combustion Engineering*.

4.    All documents that reflect, refer to, or relate to, the potential or actual appointment of any individual as Futures Representative, or as counsel for any Futures Representative, in any of the Five Asbestos Cases or *Combustion Engineering*.

5.    All documents that reflect, refer to, or relate to, any communication concerning (i) *G-I Holdings* or (ii) any of the Five Asbestos Cases, between you and any of the following individuals: C. Judson Hamlin; Judge Alfred Wolin; William A. Dreier; John E. Keefe, Sr.; and Francis E. McGovern.

6.    All documents that reflect, refer to, or relate to, any expert engaged in any of the Five Asbestos Cases, including but not limited to Dr. Letitia Chambers, by (i) any of the Debtors; (ii) any Futures Representative; or (iii) any of the official Creditors Committees.

7.    All documents that reflect, refer to, or relate to , any services or activities performed by you in connection with *Combustion Engineering* and related transactions, including but not limited to the negotiation and agreement of a $20 million fee paid to Joseph Rice or his law firm.

8.      For the period January 1, 1993 to the present, all documents that reflect, refer to, or relate to, any service performed by you as counsel to (i) tort plaintiffs in asbestos cases; (ii) Futures Representatives; or (iii) any official or unofficial committee representing the interests of tort plaintiffs in asbestos cases.

9.      With respect to *G-1 Holdings*, all documents that reflect, refer to, or relate to (i) the establishment of a bar date for filing claims or demands for present or future asbestos-related injuries against the Debtor; (ii) the estimation or other calculation, quantification, or liquidation of claims or demands for asbestos-related injuries; or (iii) the substantive consolidation of any Debtor or any Debtor's estate with any other entity or entity's estate.

10.     With respect to the Five Asbestos Cases and *Combustion Engineering*, all documents that reflect, refer to, or relate to (i) the establishment of a bar date for filing claims or demands for present or future asbestos-related injuries against the Debtor; (ii) the estimation or other calculation, quantification, or liquidation of claims or demands for asbestos-related injuries; or (iii) the substantive consolidation of any Debtor or any Debtor's estate with any other entity or entity's estate.

11.     All documents that reflect, refer to, or relate to, any representation, assertion, or statement concerning any decision that Judge Wolin might or might not make in future proceedings in the Five Asbestos Cases.

12.     All documents that reflect, refer to, or relate to, any individuals who are both (i) holders or potential holders of present or future asbestos claims or demands in the Five Asbestos Cases; and (ii) holders or potential holders of present or future asbestos claims or demands in *G-1 Holdings*.

6

13.    All documents that reflect, refer to, or relate to advocacy by you in favor of, or against, asbestos-related legislation.

14.    All documents that reflect, refer to, or relate to, communications or meetings with Futures Representatives in any bankruptcy case.

15.    All documents that reflect, refer to, or relate to, the use of an abbreviated proof-of-claim form in *G-I Holdings* or any of the Five Bankruptcy Cases.

16.    Any and all documents relating to your potential retention as Future Representative, or as counsel for a Futures Representative, in any of the Five Asbestos Cases or in *Combustion Engineering*.

17.    All documents that reflect, refer to, or relate to, communications between you and Judge Wolin regarding the subject of Judge Wolin's potential future employment in the private sector.

18.    All documents that reflect, refer to, or relate to (i) the present motions for recusal of Judge Wolin or (ii) the Petitions for Writs of Mandamus that were filed in the present proceedings.

19.    All resumes, CVs, or bios for you.

20.    Any articles, presentations, or other documents for public circulation that you have authored relating to asbestos or mass torts.

7

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

DISTRICT OF _____ NEW JERSEY

In re Owens Corning;

**SUBPOENA IN A CIVIL CASE**

In re W.R. Grace; In re USG Corp.

Case Number:[1]

Nos. 00-3837 to 00-3854
01-1139 to 01-1200
01-2094 to 01-2104
(Bankr. D. Del.)

TO:  C. Judson Hamlin c/o Purcell Ries
One Pluckemin Way
Bedminster, NJ 07921

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Gibbons Del Deo, 1 Riverfront Plaza, Newark, NJ 07102 | Jan. 13, 2004, 9:30am |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

See attached

| PLACE | DATE AND TIME |
|---|---|
| Gibbons Del Deo, 1 Riverfront Plaza, Newark, NJ 07102 | Dec. 29, 2003, 9:30am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Amon D Siegel for Kensington et al.* | Dec. 22, 2003 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Amon Siegel

Mr. Russell W. Budd, Esquert,
Orseck & Unterener LLP
1801 K St, NW, Suite 411
Washington, DC 20006           (202) 775-4500

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

**Attachment A [Hamlin Subpoena]**

<u>Definitions</u>

1.      All definitions and rules of construction set forth in the Local Rules of the United States Bankruptcy Court for the District of Delaware and the Federal Rules of Civil Procedure shall apply to each command for production of the documents designated below.

2.      "All" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

3.      "*Combustion Engineering*" refers to *In re Combustion Engineering, Inc.*, No. 03-10495 (JKF) (Bankr. D. Del.).

4.      "Debtors" refers to debtors and debtors in possession.

5.      "Document" (in all its forms) means all written, reported, recorded, pictorial, or graphic matter, however produced or reproduced, that are in your possession, custody or control, including, but not limited to, all letters, telegrams, telexes, cables, word processing files; telephone records and notations, invoices, ledgers, journals and other formal and informal books of record and account, minutes, bulletins, instructions, financial statements, photographs, reports, memoranda, notes, notebooks, electronic mail, voice mail, drafts, worksheets, contracts, agreements, computer data, tape recordings, videotapes, transcriptions, intra-company drafts of the foregoing items, and copies or reproductions of the foregoing upon which notations in writing have been made which do not appear on the originals. A document is deemed to be in your possession, custody or control if you have the right to secure the document or a copy thereof from another person or public or private entity having actual physical possession thereof.

6.    "Five Asbestos Cases" refers to the following cases pending in the United States Bankruptcy Court for the District of Delaware: *In re Armstrong World Industries, Inc. et al.*, Nos. 00-4471, 00-4469, 00-4470; *In re W.R. Grace & Co. et al.*, Nos. 01-1139 through 01-1200; *In re Federal-Mogul Global, Inc., T&N Limited, et al.*, Nos. 01-10578 *et al.*; *In re USG Corp. et al.*, Nos. 01-2094 through 01-2104; *In re Owens Corning, et al.*, Nos. 00-03837 *et al.*

7.    "Futures Representative" refers to the legal representative appointed pursuant to section 524(g) of the Bankruptcy Code to represent the interests of present or future asbestos-related demands.

8.    *"G-I Holdings"* refers to *In re G-I Holdings Inc.*, No. 01-30135 (RG) (Bankr. D.N.J.).

9.    "Judge Wolin" refers to the Hon. Alfred Wolin, U.S. District Judge for the District of New Jersey, and to members of his staff, including law clerks, courtroom deputies, secretaries, and interns.

10.   "Person" and "you" (in all their forms) mean C. Judson Hamlin and any person or any business, legal, or governmental entity or association that acts or has acted at your direction or control.

11.   The use of the singular form of any word includes the plural and vice versa.

<u>Instructions</u>

1.    Unless otherwise specified, the subpoena calls for documents created on or after October 5, 2000.

2.    In responding to this subpoena, you are directed to furnish all responsive documents that are in your possession, custody or control at the time of the issuance of this subpoena.

2

3.      The demands set forth in the subpoena are continuing in nature.  If, after responding to the subpoena, you obtain or become aware of additional documents responsive to the subpoena such documents shall be produced promptly in accordance with these definitions and instructions.

4.      The documents called for in this subpoena shall be organized and produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories set forth below.  See Fed. R. Civ. P. 45(d)(1).

5.      With respect to any requested document, or portion of a document, as to which you assert a claim of privilege or work product, provide the following information:

    a.      The nature of the privilege claimed;

    b.      A description of the nature of the document or portion of the document not
            produced that is sufficient to enable the parties to assess the existence and
            application of the claimed privilege;

    c.      The name, job title, work and home addresses, work and home telephone
            numbers, and capacity of each person who created the document;

    d.      The name, job title, work and home addresses, work and home telephone
            numbers, and capacity of each person to whom the document was directed;

    e.      The name, job title, work and home addresses, work and home telephone
            numbers, and capacity of each person who, at any time, has had possession,
            custody or control of the document;

    f.      The date the document bears and the date the document was created.

3

6.      When a claim is made that a portion of a document is protected from disclosure by a privilege, produce any and all non-privileged portions of the document, and provide the information described in Instruction 5 with respect to the redacted portion.

7.      If any document called for under this subpoena has been lost, misplaced or destroyed, identify for each such document

        a.      the date the document was prepared;

        b.      the identity of each person who prepared the document;

        c.      the content and information contained therein;

        d.      the date on which the document was lost, misplaced or destroyed;

        e.      the identity of all persons having knowledge or who had knowledge of the contents of the document; and

        f.      the identity of all persons having knowledge of the circumstances under which the document was lost, misplaced or destroyed.

4

### Documents Requested

Produce each and every document as described below, pursuant to the instructions stated above:

1. All documents that reflect, refer to, or relate to, any services or activities performed by you in connection with the Five Asbestos Cases, *G-I Holdings*, or *Combustion Engineering*.

2. All documents that reflect, refer to, or relate to, your selection as an advisor to Judge Wolin in the Five Asbestos Cases.

3. All complete, unredacted time and billing records in connection with activities performed by you in any of the Five Asbestos Cases or *Combustion Engineering*.

4. All documents that reflect, refer to, or relate to, the potential or actual appointment of any individual as Futures Representative, or as counsel for any Futures Representative, in any of the Five Asbestos Cases or *Combustion Engineering*.

5. All documents that reflect, refer to, or relate to, any communication concerning (i) *G-I Holdings* or (ii) any of the Five Asbestos Cases, between you and any of the following individuals: David R. Gross; Judge Alfred Wolin; William A. Dreier; John E. Keefe, Sr.; and Francis E. McGovern.

6. All documents that reflect, refer to, or relate to, any expert engaged in any of the Five Asbestos Cases, including but not limited to Dr. Letitia Chambers, by (i) any of the Debtors; (ii) any Futures Representative; or (iii) any of the official Creditors Committees.

7. All documents that reflect, refer to, or relate to , any services or activities performed by you in connection with *Combustion Engineering* and related transactions, including but not limited to the negotiation and agreement of a $20 million fee paid to Joseph Rice or his law firm.

8.  For the period January 1, 1993 to the present, all documents that reflect, refer to, or relate to, any service performed by you as counsel to (i) tort plaintiffs in asbestos cases; (ii) Futures Representatives; or (iii) any official or unofficial committee representing the interests of tort plaintiffs in asbestos cases.

9.  With respect to *G-1 Holdings*, all documents that reflect, refer to, or relate to (i) the establishment of a bar date for filing claims or demands for present or future asbestos-related injuries against the Debtor; (ii) the estimation or other calculation, quantification, or liquidation of claims or demands for asbestos-related injuries; or (iii) the substantive consolidation of any Debtor or any Debtor's estate with any other entity or entity's estate.

10.  With respect to the Five Asbestos Cases and *Combustion Engineering*, all documents that reflect, refer to, or relate to (i) the establishment of a bar date for filing claims or demands for present or future asbestos-related injuries against the Debtor; (ii) the estimation or other calculation, quantification, or liquidation of claims or demands for asbestos-related injuries; or (iii) the substantive consolidation of any Debtor or any Debtor's estate with any other entity or entity's estate.

11.  All documents that reflect, refer to, or relate to, any representation, assertion, or statement by you concerning any decision that Judge Wolin might or might not make in future proceedings in the Five Asbestos Cases.

12.  All documents that reflect, refer to, or relate to, any individuals who are both (i) holders or potential holders of present or future asbestos claims or demands in the Five Asbestos Cases; and (ii) holders or potential holders of present or future asbestos claims or demands in *G-1 Holdings*.

6

13.    All documents that reflect, refer to, or relate to advocacy by you in favor of, or against, asbestos-related legislation.

14.    All documents that reflect, refer to, or relate to, communications or meetings with Futures Representatives in any bankruptcy case.

15.    All documents that reflect, refer to, or relate to, the use of an abbreviated proof-of-claim form in *G-I Holdings* or any of the Five Bankruptcy Cases.

16.    Any and all documents relating to your potential retention as Future Representative, or as counsel for a Futures Representative, in any of the Five Asbestos Cases or in *Combustion Engineering*.

17.    All documents that reflect, refer to, or relate to, communications between you and Judge Wolin regarding the subject of Judge Wolin's potential future employment in the private sector.

18.    All documents that reflect, refer to, or relate to (i) the present motions for recusal of Judge Wolin or (ii) the Petitions for Writs of Mandamus that were filed in the present proceedings.

19.    All resumes, CVs, or bios for you.

20.    Any articles, presentations, or other documents for public circulation that you have authored relating to asbestos or mass torts.