OBB (Rev. 1/94) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

SOUTHERN    DISTRICT OF _____ OHIO

In re Owens Corning;

**SUBPOENA IN A CIVIL CASE**

In re W.R. Grace; In re USG Corp.

Case Number:?

Nos. 00-3837 to 00-3854
01-1139 to 01-1200
01-2094 to 01-2104
(Bankr. D. Del.)

TO: Kevin E. Irwin
c/o Keating, Meuthing +Klekanp
1400 Provident Tower, One East 4th St
Cincinnati OH 45202

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION HAMMOND LAW GROUP LLC 7311 Carew Tower, 441 Vine Street, Cincinnati Ohio 45202 | DATE AND TIME Jan. 9. 2004. 9:30am |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects).

See attached

| PLACE HAMMOND LAW GROUP LLC 3311 Carew Tower, 441 Vine Street, Cincinnati, Ohio 45202 | DATE AND TIME Dec. 29, 2003, 9.30am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR | DATE |
|---|---|
| *[signature]* for Kensington et al. | Dec. 22, 2003 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Amon Siegel    Robbins, Russell, Englert,    (202) 775-4500
Oreeck & Untereiner LLP
1801 K St. NW, Suite 411
Washington DC 20006

If action is pending in district other than district of issuance, state district under case number)

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

_____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

Rule 45, Federal Rules of Civil Procedure, Parts C & D.

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party in violation an latter of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

**Attachment A [Irwin Subpoena]**

<u>Definitions</u>

1.     All definitions and rules of construction set forth in the Local Rules of the United States Bankruptcy Court for the District of Delaware and the Federal Rules of Civil Procedure shall apply to each command for production of the documents designated below.

2.     "All" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

3.     "*Combustion Engineering*" refers to *In re Combustion Engineering, Inc.*, No. 03-10495 (JKF) (Bankr. D. Del.).

4.     "Debtors" refers to debtors and debtors in possession.

5.     "Document" (in all its forms) means all written, reported, recorded, pictorial, or graphic matter, however produced or reproduced, that are in your possession, custody or control, including, but not limited to, all letters, telegrams, telexes, cables, word processing files, telephone records and notations, invoices, ledgers, journals and other formal and informal books of record and account, minutes, bulletins, instructions, financial statements, photographs, reports, memoranda, notes, notebooks, electronic mail, voice mail, drafts, worksheets, contracts, agreements, computer data, tape recordings, videotapes, transcriptions, intra-company drafts of the foregoing items, and copies or reproductions of the foregoing upon which notations in writing have been made which do not appear on the originals.  A document is deemed to be in your possession, custody or control if you have the right to secure the document or a copy thereof from another person or public or private entity having actual physical possession thereof.

6. "Five Asbestos Cases" refers to the following cases pending in the United States Bankruptcy Court for the District of Delaware: *In re Armstrong World Industries, Inc. et al.*, Nos. 00-4471, 00-4469, 00-4470; *In re W.R. Grace & Co. et al.*, Nos. 01-1139 through 01-1200; *In re Federal-Mogul Global, Inc., T&N Limited, et al.*, Nos. 01-10578 *et al.*; *In re USG Corp. et al.*, Nos. 01-2094 through 01-2104; *In re Owens Corning, et al.*, Nos. 00-03837 *et al.*

7. "Futures Representative" refers to the legal representative appointed pursuant to section 524(g) of the Bankruptcy Code to represent the interests of present or future asbestos-related demands.

8. "*G-I Holdings*" refers to *In re G-I Holdings Inc.*, No. 01-30135 (RG) (Bankr. D.N.J.).

9. "Judge Wolin" refers to the Hon. Alfred Wolin, U.S. District Judge for the District of New Jersey, and to members of his staff, including law clerks, courtroom deputies, secretaries, and interns.

10. "Person" and "you" (in all their forms) mean Kevin E. Irwin and any person or any business, legal, or governmental entity or association that acts or has acted at your direction or control.

11. The use of the singular form of any word includes the plural and vice versa.

### Instructions

1. Unless otherwise specified, the subpoena calls for documents created on or after October 5, 2000.

2. In responding to this subpoena, you are directed to furnish all responsive documents that are in your possession, custody or control at the time of the issuance of this subpoena.

3.    The demands set forth in the subpoena are continuing in nature. If, after responding to the subpoena, you obtain or become aware of additional documents responsive to the subpoena such documents shall be produced promptly in accordance with these definitions and instructions.

4.    The documents called for in this subpoena shall be organized and produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories set forth below. See Fed. R. Civ. P. 45(d)(1).

5.    With respect to any requested document, or portion of a document, as to which you assert a claim of privilege or work product, provide the following information:

a.    The nature of the privilege claimed;

b.    A description of the nature of the document or portion of the document not produced that is sufficient to enable the parties to assess the existence and application of the claimed privilege;

c.    The name, job title, work and home addresses, work and home telephone numbers, and capacity of each person who created the document;

d.    The name, job title, work and home addresses, work and home telephone numbers, and capacity of each person to whom the document was directed;

e.    The name, job title, work and home addresses, work and home telephone numbers, and capacity of each person who, at any time, has had possession, custody or control of the document;

f.    The date the document bears and the date the document was created.

3

6.    When a claim is made that a portion of a document is protected from disclosure by a privilege, produce any and all non-privileged portions of the document, and provide the information described in Instruction 5 with respect to the redacted portion.

7.    If any document called for under this subpoena has been lost, misplaced or destroyed, identify for each such document

a.    the date the document was prepared;

b.    the identity of each person who prepared the document;

c.    the content and information contained therein;

d.    the date on which the document was lost, misplaced or destroyed;

e.    the identity of all persons having knowledge or who had knowledge of the contents of the document; and

f.    the identity of all persons having knowledge of the circumstances under which the document was lost, misplaced or destroyed.

4

## Documents Requested

Produce each and every document as described below, pursuant to the instructions stated above:

1.      All documents that reflect, refer to, or relate to, any services or activities performed by you in connection with the Five Asbestos Cases.

2.      All documents that reflect, refer to, or relate to, the selection of David R. Gross, C. Judson Hamlin, William A. Dreier, John E. Keefe, Sr., and Francis E. McGovern, as advisors to Judge Wolin in the Five Asbestos Cases.

3.      All documents that reflect, refer to, or relate to, the potential or actual appointment of any individual as a Futures Representative, or as counsel for a Futures Representative, in any of the Five Asbestos Cases or *Combustion Engineering*

4.      All documents that reflect, refer to, or relate to, any communication concerning (i) *G-I Holdings* or (ii) any of the Five Asbestos Cases, between you and any of the following individuals: David R. Gross; C. Judson Hamlin; Judge Alfred Wolin; William A. Dreier; John E. Keefe, Sr.; and Francis E. McGovern.

5.      All documents that reflect, refer to, or relate to, any expert engaged by (i) any of the Debtors; (ii) any Futures Representative; or (iii) any of the official Creditors Committees in any of the Five Asbestos Cases, including but not limited to Dr. Letitia Chambers.

6.      All documents that reflect, refer to, or relate to, *Combustion Engineering* and related transactions, including but not limited to the negotiation and agreement of a $20 million fee paid to Joseph Rice or his law firm.

7.      With respect to *G-I Holdings*, all documents that reflect, refer to, or relate to (i) the establishment of a bar date for filing claims or demands for present or future asbestos-related injuries against the Debtor; (ii) the estimation or other calculation, quantification, or liquidation of claims or demands for asbestos-related injuries; or (iii) the substantive consolidation of any Debtor or any Debtor's estate with any other entity or entity's estate.

8.      With respect to the Five Asbestos Cases and *Combustion Engineering*, all documents that reflect, refer to, or relate to (i) the establishment of a bar date for filing claims or demands for present or future asbestos-related injuries against the Debtor; (ii) the estimation or other calculation, quantification, or liquidation of claims or demands for asbestos-related injuries; or (iii) the substantive consolidation of any Debtor or any Debtor's estate with any other entity or entity's estate.

9.      All documents that reflect, refer to, or relate to, any representation, assertion, or statement concerning any decision that Judge Wolin might or might not make in future proceedings in the Five Asbestos Cases.

10.      All documents that reflect, refer to, or relate to, any individuals who are both (i) holders or potential holders of present or future asbestos claims or demands in the Five Asbestos Cases; and (ii) holders or potential holders of present or future asbestos claims or demands in *G-I Holdings*.

11.      All documents that reflect, refer to, or relate to, meetings with Futures Representatives in any bankruptcy case.

12.      All documents that reflect, refer to, or relate to, the use of an abbreviated proof-of-claim form in *G-I Holdings* or any of the Five Bankruptcy Cases.

6

13.    All documents that reflect, refer to, or relate to (i) the present motions for recusal of Judge Wolin or (ii) the Petitions for Writs of Mandamus that were filed in the present proceeding.

14.    All resumes, CVs, or bios for you.

7

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: OWENS CORNING, *et al.*,<br><br>                        **Debtors.** | **SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE**<br><br>**Chapter 11**<br>**Case Nos.: 00-3837 to 3854 (JKF)**<br>**(Jointly Administered)**<br>**Alfred M. Wolin, U.S.D.J., specially designated)** |

**TO:**    Custodian of Records
        J.P. Morgan Chase & Co.
        270 Park Avenue
        New York, New York 10017

__ **YOU ARE COMMANDED** to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE: | COURTROOM: |
|---|---|
| | DATE AND TIME: |

**X YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE: Offices of Saul Ewing LLP<br>           100 South Charles Street<br>           Baltimore, MD 21201 | DATE AND TIME: Wednesday,<br>        December 31, 2003<br>        9:30 a.m. and continuing each<br>        day thereafter until<br>        completed. |

**X YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list of documents or objects):   See Attached Schedule A.

| PLACE: Offices of Saul Ewing LLP<br>           100 South Charles Street<br>           Baltimore, MD 21201 | DATE AND TIME: Wednesday,<br>        December 31, 2003<br>         9:30 a.m. and continuing each<br>        day thereafter until<br>        completed. |

__ **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES: | DATE AND TIME: |
|---|---|

Any subpoenaed organization shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, may set forth, for each person designated, the matters on which the person will testify. Fed.R.Civ.P. 30(b)(6) made applicable to this proceeding by Rule 7030, Fed.R.Bankr.P. See Rules 1018 and 9014, Fed.R.Bankr.P.

| ISSUING OFFICER'S SIGNATURE AND TITLE:<br><br>Counsel for Debtors | DATE:<br>March 17, 2003 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER:
        Henry R. Abrams, Esquire
        Saul Ewing LLP
        100 South Charles Street, Suite 1600
        Baltimore, Maryland 21201  (410) 332-8600

## PROOF OF SERVICE

| SERVED | DATE | PLACE |
|---|---|---|
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on:_____
                DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Fed.R.Civ.P., Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed.R.Bankr.P.

(c) Protection of Persons Subject to Subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception of waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party,

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in Responding to Subpoena.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demand party to contest the claim.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

DISTRICT OF _____ NEW JERSEY

In re Owens Corning;

**SUBPOENA IN A CIVIL CASE**

In re W.R. Grace; In re USG Corp

Case Number:[1]  Nos. 00-3837 to 00-3854
01-1139 to 01-1200
01-2094 to 01-2104
(Bankr. D. Del.)

TO: John Keefe, Sr. c/o Lynch Martin
1368 How Lane
North Brunswick, NJ 08902

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Gibbons Del Deo, 1 Riverfront Plaza, Newark, NJ 07102 | Jan. 15, 2004, 9:30am |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached

| PLACE | DATE AND TIME |
|---|---|
| Gibbons Del Deo, 1 Riverfront Plaza, Newark, NJ 07102 | Dec. 29, 2003, 9:30am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR | DATE |
|---|---|
| *Arnon D Siegel for Kerington et al.* | Dec. 22, 2003 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER, Englert,

Arnon Siegel        Orseck & Untereiner LLP
1801 K St, NW, Suite 411        (202) 775-4500
Washington, DC 20006

(See Rule 45 Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may, in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

### Attachment A [Keefe Subpoena]

#### Definitions

1. All definitions and rules of construction set forth in the Local Rules of the United States Bankruptcy Court for the District of Delaware and the Federal Rules of Civil Procedure shall apply to each command for production of the documents designated below.

2. "All" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

3. "*Combustion Engineering*" refers to *In re Combustion Engineering, Inc.*, No. 03-10495 (JKF) (Bankr. D. Del.).

4. "Debtors" refers to debtors and debtors in possession.

5. "Document" (in all its forms) means all written, reported, recorded, pictorial, or graphic matter, however produced or reproduced, that are in your possession, custody or control, including, but not limited to, all letters, telegrams, telexes, cables, word processing files, telephone records and notations, invoices, ledgers, journals and other formal and informal books of record and account, minutes, bulletins, instructions, financial statements, photographs, reports, memoranda, notes, notebooks, electronic mail, voice mail, drafts, worksheets, contracts, agreements, computer data, tape recordings, videotapes, transcriptions, intra-company drafts of the foregoing items, and copies or reproductions of the foregoing upon which notations in writing have been made which do not appear on the originals. A document is deemed to be in your possession, custody or control if you have the right to secure the document or a copy thereof from another person or public or private entity having actual physical possession thereof.

6.    "Five Asbestos Cases" refers to the following cases pending in the United States Bankruptcy Court for the District of Delaware: *In re Armstrong World Industries, Inc. et al.*, Nos. 00-4471, 00-4469, 00-4470; *In re W.R. Grace & Co. et al.*, Nos. 01-1139 through 01-1200; *In re Federal-Mogul Global, Inc., Inc., T&N Limited, et al.*, Nos. 01-10578 et al.; *In re USG Corp. et al.*, Nos. 01-2094 through 01-2104; *In re Owens Corning, et al.*, Nos. 00-03837 et al.

7.    "Futures Representative" refers to the legal representative appointed pursuant to section 524(g) of the Bankruptcy Code to represent the interests of present or future asbestos-related demands.

8.    "*G-I Holdings*" refers to *In re G-I Holdings Inc.*, No. 01-30135 (RG) (Bankr. D.N.J.).

9.    "Judge Wolin" refers to the Hon. Alfred Wolin, U.S. District Judge for the District of New Jersey, and to members of his staff, including law clerks, courtroom deputies, secretaries, and interns.

10.    "Person" and "you" (in all their forms) mean John E. Keefe, Sr. and any person or any business, legal, or governmental entity or association that acts or has acted at your direction or control.

11.    The use of the singular form of any word includes the plural and vice versa.

#### Instructions

1.    Unless otherwise specified, the subpoena calls for documents created on or after October 5, 2000.

2.    In responding to this subpoena, you are directed to furnish all responsive documents that are in your possession, custody or control at the time of the issuance of this subpoena.

3.     The demands set forth in the subpoena are continuing in nature. If, after responding to the subpoena, you obtain or become aware of additional documents responsive to the subpoena such documents shall be produced promptly in accordance with these definitions and instructions.

4.     The documents called for in this subpoena shall be organized and produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories set forth below. See Fed. R. Civ. P. 45(d)(1).

5.     With respect to any requested document, or portion of a document, as to which you assert a claim of privilege or work product, provide the following information:

        a.     The nature of the privilege claimed;

        b.     A description of the nature of the document or portion of the document not produced that is sufficient to enable the parties to assess the existence and application of the claimed privilege;

        c.     The name, job title, work and home addresses, work and home telephone numbers, and capacity of each person who created the document;

        d.     The name, job title, work and home addresses, work and home telephone numbers, and capacity of each person to whom the document was directed;

        e.     The name, job title, work and home addresses, work and home telephone numbers, and capacity of each person who, at any time, has had possession, custody or control of the document;

        f.     The date the document bears and the date the document was created.

3

6.     When a claim is made that a portion of a document is protected from disclosure by a privilege, produce any and all non-privileged portions of the document, and provide the information described in Instruction 5 with respect to the redacted portion.

7.     If any document called for under this subpoena has been lost, misplaced or destroyed, identify for each such document

       a.     the date the document was prepared;

       b.     the identity of each person who prepared the document;

       c.     the content and information contained therein;

       d.     the date on which the document was lost, misplaced or destroyed;

       e.     the identity of all persons having knowledge or who had knowledge of the contents of the document; and

       f.     the identity of all persons having knowledge of the circumstances under which the document was lost, misplaced or destroyed.

4

## Documents Requested

Produce each and every document as described below, pursuant to the instructions stated above:

1.      All documents that reflect, refer to, or relate to, any services or activities performed by you in connection with the Five Asbestos Cases, *G-I Holdings*, or *Combustion Engineering*.

2.      All documents that reflect, refer to, or relate to, your selection as an advisor to Judge Wolin in the Five Asbestos Cases.

3.      All complete, unredacted time and billing records in connection with activities performed by you in any of the Five Asbestos Cases or *Combustion Engineering*.

4.      All documents that reflect, refer to, or relate to, the potential or actual appointment of any individual as Futures Representative, or as counsel for any Futures Representative, in any of the Five Asbestos Cases or *Combustion Engineering*.

5.      All documents that reflect, refer to, or relate to, any communication concerning (i) *G-I Holdings* or (ii) any of the Five Asbestos Cases, between you and any of the following individuals: David R. Gross; C. Judson Hamlin; Judge Alfred Wolin; William A. Dreier; and Francis E. McGovern.

6.      All documents that reflect, refer to, or relate to, any expert engaged in any of the Five Asbestos Cases, including but not limited to Dr. Letitia Chambers, by (i) any of the Debtors; (ii) any Futures Representative; or (iii) any of the official Creditors Committees.

7.      All documents that reflect, refer to, or relate to , any services or activities performed by you in connection with *Combustion Engineering* and related transactions, including but not limited to the negotiation and agreement of a $20 million fee paid to Joseph Rice or his law firm.

5

8.     For the period January 1, 1993 to the present, all documents that reflect, refer to, or relate to, any service performed by you as counsel to (i) tort plaintiffs in asbestos cases; (ii) Futures Representatives; or (iii) any official or unofficial committee representing the interests of tort plaintiffs in asbestos cases.

9.     With respect to *G-1 Holdings*, all documents that reflect, refer to, or relate to (i) the establishment of a bar date for filing claims or demands for present or future asbestos-related injuries against the Debtor; (ii) the estimation or other calculation, quantification, or liquidation of claims or demands for asbestos-related injuries; or (iii) the substantive consolidation of any Debtor or any Debtor's estate with any other entity or entity's estate.

10.     With respect to the Five Asbestos Cases and *Combustion Engineering*, all documents that reflect, refer to, or relate to (i) the establishment of a bar date for filing claims or demands for present or future asbestos-related injuries against the Debtor; (ii) the estimation or other calculation, quantification, or liquidation of claims or demands for asbestos-related injuries; or (iii) the substantive consolidation of any Debtor or any Debtor's estate with any other entity or entity's estate.

11.     All documents that reflect, refer to, or relate to, any representation, assertion, or statement by you concerning any decision that Judge Wolin might or might not make in future proceedings in the Five Asbestos Cases.

12.     All documents that reflect, refer to, or relate to, any individuals who are both (i) holders or potential holders of present or future asbestos claims or demands in the Five Asbestos Cases; and (ii) holders or potential holders of present or future asbestos claims or demands in *G-1 Holdings*.

6

13.    All documents that reflect, refer to, or relate to advocacy by you in favor of, or against, asbestos-related legislation.

14.    All documents that reflect, refer to, or relate to, communications or meetings with Futures Representatives in any bankruptcy case.

15.    All documents that reflect, refer to, or relate to, the use of an abbreviated proof-of-claim form in *G-I Holdings* or any of the Five Bankruptcy Cases.

16.    All documents that reflect, refer to, or relate to, communications between you and Judge Wolin regarding the subject of Judge Wolin's potential future employment in the private sector.

17.    All documents that reflect, refer to, or relate to (i) the present motions for recusal of Judge Wolin or (ii) the Petitions for Writs of Mandamus that were filed in the present proceedings.

18.    All resumes, CVs, or bios for you.

19.    Any articles, presentations, or other documents for public circulation that you have authored relating to asbestos or mass torts.

7

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF _____ NEW JERSEY _____

In re Owens Corning;

**SUBPOENA IN A CIVIL CASE**

In re W.R. Grace; In re USG Corp.

Case Number:[1]

Nos. 00-3837 to 00-3854
01-1139 to 01-1200
01-2094 to 01-2104
(Bankr. D. Del.)

TO: Lynch Martin
1368 How Lane
North Brunswick, NJ 08902

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| P | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached

| PLACE | DATE AND TIME |
|---|---|
| Gibbons Del Deo, 1 Riverfront Plaza, Newark, NJ 07102 | Dec. 29, 2003, 9:30am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify  Federal Rules of Civil Procedure, 30(b)(6)

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR | DATE |
|---|---|
| | Dec. 22, 2003 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Amon Siegel          Robbins, Russell, Englert,
                     Orseck & Untereiner LLP
                     1801 K St. NW, Suite 411       (202) 775-4500
                     Washington, DC 20006

Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in or whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## Attachment A [Lynch Martin Subpoena]

### Definitions

1.      All definitions and rules of construction set forth in the Local Rules of the United States Bankruptcy Court for the District of Delaware and the Federal Rules of Civil Procedure shall apply to each command for production of the documents designated below.

2.      "All" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

3.      "*Combustion Engineering*" refers to *In re Combustion Engineering, Inc.*, No. 03-10495 (JKF) (Bankr. D. Del.).

4.      "Debtors" refers to debtors and debtors in possession.

5.      "Document" (in all its forms) means all written, reported, recorded, pictorial, or graphic matter, however produced or reproduced, that are in your possession, custody or control, including, but not limited to, all letters, telegrams, telexes, cables, word processing files, telephone records and notations, invoices, ledgers, journals and other formal and informal books of record and account, minutes, bulletins, instructions, financial statements, photographs, reports, memoranda, notes, notebooks, electronic mail, voice mail, drafts, worksheets, contracts, agreements, computer data, tape recordings, videotapes, transcriptions, intra-company drafts of the foregoing items, and copies or reproductions of the foregoing upon which notations in writing have been made which do not appear on the originals. A document is deemed to be in your possession, custody or control *if* you have the right to secure the document or a copy thereof from another person or public or private entity having actual physical possession thereof.

6.      "Five Asbestos Cases" refers to the following cases pending in the United States Bankruptcy Court for the District of Delaware: *In re Armstrong World Industries, Inc. et al.*, Nos. 00-4471, 00-4469, 00-4470; *In re W.R. Grace & Co. et al.*, Nos. 01-1139 through 01-1200; *In re Federal-Mogul Global, Inc., T&N Limited, et al.*, Nos. 01-10578 *et al.*; *In re USG Corp. et al.*, Nos. 01-2094 through 01-2104; *In re Owens Corning, et al.*, Nos. 00-03837 *et al.*

7.      "Futures Representative" refers to the legal representative appointed pursuant to section 524(g) of the Bankruptcy Code to represent the interests of present or future asbestos-related demands.

8.      "*G-I Holdings*" refers to *In re G-I Holdings Inc.*, No. 01-30135 (RG) (Bankr. D.N.J.).

9.      "Judge Wolin" refers to the Hon. Alfred Wolin, U.S. District Judge for the District of New Jersey, and to members of his staff, including law clerks, courtroom deputies, secretaries, and interns.

10.     "Person" and "you" (in all their forms) mean the Lynch Martin firm and any partner, employee, officer or director of Lynch Martin; any agent of Lynch Martin; and any person or business, legal, or governmental entity or association that acts or has acted at your direction or control, including but not limited to John E. Keefe, Sr.

11.     The use of the singular form of any word includes the plural and vice versa.

### Instructions

1.      Unless otherwise specified, the subpoena calls for documents created on or after October 5, 2000.

2.      In responding to this subpoena, you are directed to furnish all responsive documents that are in your possession, custody or control at the time of the issuance of this subpoena.

2

3.    The demands set forth in the subpoena are continuing in nature. If, after responding to the subpoena, you obtain or become aware of additional documents responsive to the subpoena such documents shall be produced promptly in accordance with these definitions and instructions.

4.    The documents called for in this subpoena shall be organized and produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories set forth below. See Fed. R. Civ. P. 45(d)(1).

5.    With respect to any requested document, or portion of a document, as to which you assert a claim of privilege or work product, provide the following information:

        a.    The nature of the privilege claimed;

        b.    A description of the nature of the document or portion of the document not produced that is sufficient to enable the parties to assess the existence and application of the claimed privilege;

        c.    The name, job title, work and home addresses, work and home telephone numbers, and capacity of each person who created the document;

        d.    The name, job title, work and home addresses, work and home telephone numbers, and capacity of each person to whom the document was directed;

        e.    The name, job title, work and home addresses, work and home telephone numbers, and capacity of each person who, at any time, has had possession, custody or control of the document;

        f.    The date the document bears and the date the document was created.

3

6.    When a claim is made that a portion of a document is protected from disclosure by a privilege, produce any and all non privileged portions of the document, and provide the information described in Instruction 5 with respect to the redacted portion.

7.    If any document called for under this subpoena has been lost, misplaced or destroyed, identify for each such document

a.    the date the document was prepared;

b.    the identity of each person who prepared the document;

c.    the content and information contained therein;

d.    the date on which the document was lost, misplaced or destroyed;

e.    the identity of all persons having knowledge or who had knowledge of the contents of the document; and

f.    the identity of all persons having knowledge of the circumstances under which the document was lost, misplaced or destroyed.

4

<u>Documents Requested</u>

Produce each and every document as described below, pursuant to the instructions stated above:

1.    All documents that reflect, refer to, or relate to, any services or activities performed by you in connection with the Five Asbestos Cases, *G-I Holdings*, or *Combustion Engineering*.

2.    All documents that reflect, refer to, or relate to, your selection as an advisor to Judge Wolin in the Five Asbestos Cases.

3.    All complete, unredacted time and billing records in connection with activities performed by you in any of the Five Asbestos Cases or *Combustion Engineering*.

4.    All documents that reflect, refer to, or relate to, the potential or actual appointment of any individual as Futures Representative, or as counsel for any Futures Representative, in any of the Five Asbestos Cases or *Combustion Engineering*.

5.    All documents that reflect, refer to, or relate to, any communication concerning (i) *G-I Holdings* or (ii) any of the Five Asbestos Cases, between you and any of the following individuals: David R. Gross; C. Judson Hamlin; Judge Alfred Wolin; William A. Dreier; and Francis E. McGovern.

6.    All documents that reflect, refer to, or relate to, any expert engaged in any of the Five Asbestos Cases, including but not limited to Dr. Letitia Chambers, by (i) any of the Debtors; (ii) any Futures Representative; or (iii) any of the official Creditors Committees.

7.    All documents that reflect, refer to, or relate to , any services or activities performed by you in connection with *Combustion Engineering* and related transactions, including but not limited to the negotiation and agreement of a $20 million fee paid to Joseph Rice or his law firm.

8.      For the period January 1, 1993 to the present, all documents that reflect, refer to, or relate to, any service performed by you as counsel to (i) tort plaintiffs in asbestos cases; (ii) Futures Representatives; or (iii) any official or unofficial committee representing the interests of tort plaintiffs in asbestos cases.

9.      With respect to *G-I Holdings*, all documents that reflect, refer to, or relate to (i) the establishment of a bar date for filing claims or demands for present or future asbestos-related injuries against the Debtor; (ii) the estimation or other calculation, quantification, or liquidation of claims or demands for asbestos-related injuries; or (iii) the substantive consolidation of any Debtor or any Debtor's estate with any other entity or entity's estate.

10.     With respect to the Five Asbestos Cases and *Combustion Engineering*, all documents that reflect, refer to, or relate to (i) the establishment of a bar date for filing claims or demands for present or future asbestos-related injuries against the Debtor; (ii) the estimation or other calculation, quantification, or liquidation of claims or demands for asbestos-related injuries; or (iii) the substantive consolidation of any Debtor or any Debtor's estate with any other entity or entity's estate.

11.     All documents that reflect, refer to, or relate to, any representation, assertion, or statement concerning any decision that Judge Wolin might or might not make in future proceedings in the Five Asbestos Cases.

12.     All documents that reflect, refer to, or relate to, any individuals who are both (i) holders or potential holders of present or future asbestos claims or demands in the Five Asbestos Cases; and (ii) holders or potential holders of present or future asbestos claims or demands in *G-I Holdings*.

6

13.    All documents that reflect, refer to, or relate to advocacy by you in favor of, or against, asbestos-related legislation.

14.    All documents that reflect, refer to, or relate to, communications or meetings with Futures Representatives in any bankruptcy case.

15.    All documents that reflect, refer to, or relate to, the use of an abbreviated proof-of-claim form in *G-I Holdings* or any of the Five Bankruptcy Cases.

16.    Any and all documents relating to your potential retention as Future Representative, or as counsel for a Futures Representative, in any of the Five Asbestos Cases or in *Combustion Engineering*.

17.    All documents that reflect, refer to, or relate to, communications between you and Judge Wolin regarding the subject of Judge Wolin's potential future employment in the private sector.

18.    All documents that reflect, refer to, or relate to (i) the present motions for recusal of Judge Wolin or (ii) the Petitions for Writs of Mandamus that were filed in the present proceedings.

19.    Documents sufficient to identify all individuals or entities that you are, or have, since the commencement of the Five Asbestos Cases, represented in connection with claims or demands that such individuals or entities assert or have asserted against the Debtor in any of the Five Asbestos Cases.

AO88 (Rev. 1/94) Subpoena in a Civil Case

### Issued by the

# UNITED STATES DISTRICT COURT

MIDDLE _____ DISTRICT OF _____ NORTH CAROLINA

In re Owens Corning;

**SUBPOENA IN A CIVIL CASE**

In re W.R. Grace; In re USG Corp.

Case Number:[1]

Nos. 00-3837 to 00-3854
01-1139 to 01-1200
01-2094 to 01-2104
(Bankr. D. Del.)

TO: Francis McGovern - Duke Law School
Science Dr. & Towerview Rd.
Durham, NC 27708

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case

| PLACE OF DEPOSITION Marriott Research Triangle Park | DATE AND TIME |
|---|---|
| 4700 Guardian Drive, Durham, NC  27703 | Jan. 9, 2004, 9:30am |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached

| PLACE Marriott Research Triangle Park | DATE AND TIME |
|---|---|
| 4700 Guardian Drive, Durham, NC  27703 | Dec. 29, 2003, 9:30am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR *Amon Siegel* for Kensington et al. | DATE Dec. 22, 2003 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Amon Siegel        Robbins, Russell, Englert,        (202) 775-4500
                    Orseck & Untereiner LLP
1801 K St, NW, Suite 411
Washington, DC 20006

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct

Executed on _____
            DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D·

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena    The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises    If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued    If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production    Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

**Attachment A [McGovern Subpoena]**

<u>Definitions</u>

1.      All definitions and rules of construction set forth in the Local Rules of the United States Bankruptcy Court for the District of Delaware and the Federal Rules of Civil Procedure shall apply to each command for production of the documents designated below.

2.      "All" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

3.      "*Combustion Engineering*" refers to *In re Combustion Engineering, Inc.*, No. 03-10495 (JKF) (Bankr. D. Del.).

4.      "Debtors" refers to debtors and debtors in possession.

5.      "Document" (in all its forms) means all written, reported, recorded, pictorial, or graphic matter, however produced or reproduced, that are in your possession, custody or control, including, but not limited to, all letters, telegrams, telexes, cables, word processing files, telephone records and notations, invoices, ledgers, journals and other formal and informal books of record and account, minutes, bulletins, instructions, financial statements, photographs, reports, memoranda, notes, notebooks, electronic mail, voice mail, drafts, worksheets, contracts, agreements, computer data, tape recordings, videotapes, transcriptions, intra-company drafts of the foregoing items, and copies or reproductions of the foregoing upon which notations in writing have been made which do not appear on the originals. A document is deemed to be in your possession, custody or control if you have the right to secure the document or a copy thereof from another person or public or private entity having actual physical possession thereof.

6.    "Five Asbestos Cases" refers to the following cases pending in the United States Bankruptcy Court for the District of Delaware: *In re Armstrong World Industries, Inc. et al.*, Nos. 00-4471, 00-4469, 00-4470; *In re W.R. Grace & Co. et al.*, Nos. 01-1139 through 01-1200; *In re Federal-Mogul Global, Inc., T&N Limited, et al.*, Nos. 01-10578 *et al.*; *In re USG Corp. et al.*, Nos. 01-2094 through 01-2104; *In re Owens Corning, et al.*, Nos. 00-03837 *et al.*

7.    "Futures Representative" refers to the legal representative appointed pursuant to section 524(g) of the Bankruptcy Code to represent the interests of present or future asbestos-related demands.

8.    *"G-I Holdings"* refers to *In re G-I Holdings Inc.*, No. 01-30135 (RG) (Bankr. D.N.J.).

9.    "Judge Wolin" refers to the Hon. Alfred Wolin, U.S. District Judge for the District of New Jersey, and to members of his staff, including law clerks, courtroom deputies, secretaries, and interns.

10.    "Person" and "you" (in all their forms) mean Francis E. McGovern, and any person or any business, legal, or governmental entity or association that acts or has acted at your direction or control.

11.    The use of the singular form of any word includes the plural and vice versa.

### Instructions

1.    Unless otherwise specified, the subpoena calls for documents created on or after October 5, 2000.

2.    In responding to this subpoena, you are directed to furnish all responsive documents that are in your possession, custody or control at the time of the issuance of this subpoena.

2

3.    The demands set forth in the subpoena are continuing in nature. If, after responding to the subpoena, you obtain or become aware of additional documents responsive to the subpoena such documents shall be produced promptly in accordance with these definitions and instructions.

4.    The documents called for in this subpoena shall be organized and produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories set forth below. See Fed. R. Civ. P. 45(d)(1).

5.    With respect to any requested document, or portion of a document, as to which you assert a claim of privilege or work product, provide the following information:

      a.    The nature of the privilege claimed;

      b.    A description of the nature of the document or portion of the document not produced that is sufficient to enable the parties to assess the existence and application of the claimed privilege;

      c.    The name, job title, work and home addresses, work and home telephone numbers, and capacity of each person who created the document;

      d.    The name, job title, work and home addresses, work and home telephone numbers, and capacity of each person to whom the document was directed;

      e.    The name, job title, work and home addresses, work and home telephone numbers, and capacity of each person who, at any time, has had possession, custody or control of the document;

      f.    The date the document bears and the date the document was created.

3

6.    When a claim is made that a portion of a document is protected from disclosure by a privilege, produce any and all non-privileged portions of the document, and provide the information described in Instruction 5 with respect to the redacted portion.

7.    If any document called for under this subpoena has been lost, misplaced or destroyed, identify for each such document

   a.    the date the document was prepared;

   b.    the identity of each person who prepared the document;

   c.    the content and information contained therein;

   d.    the date on which the document was lost, misplaced or destroyed;

   e.    the identity of all persons having knowledge or who had knowledge of the contents of the document; and

   f.    the identity of all persons having knowledge of the circumstances under which the document was lost, misplaced or destroyed.

4

## Documents Requested

Produce each and every document as described below, pursuant to the instructions stated above:

1.    All documents that reflect, refer to, or relate to, any services or activities performed by you in connection with the Five Asbestos Cases.

2.    All documents that reflect, refer to, or relate to, your selection as an advisor to Judge Wolin in the Five Asbestos Cases.

3.    All complete, unredacted time and billing records in connection with activities performed by you in any of the Five Asbestos Cases or *Combustion Engineering*.

4.    All documents that reflect, refer to, or relate to, the potential or actual appointment of any individual as Futures Representative, or as counsel for any Futures Representative, in any of the Five Asbestos Cases or *Combustion Engineering*.

5.    All documents that reflect, refer to, or relate to, any communication concerning (i) *G-I Holdings* or (ii) any of the Five Asbestos Cases, between you and any of the following individuals: David R. Gross; C. Judson Hamlin; Judge Alfred Wolin; William A. Dreier; and John E. Keefe, Sr.

6.    All documents that reflect, refer to, or relate to, any expert engaged in any of the Five Asbestos Cases, including but not limited to Dr. Letitia Chambers, by (i) any of the Debtors; (ii) any Futures Representative; or (iii) any of the official Creditors Committees.

7.    All documents that reflect, refer to, or relate to, any services or activities performed by you in connection with *Combustion Engineering* and related transactions, including but not limited to the negotiation and agreement of a $20 million fee paid to Joseph Rice or his law firm.

5

8.      For the period January 1, 1993 to the present, all documents that reflect, refer to, or relate to, any service performed by you as counsel to (i) tort plaintiffs in asbestos cases; (ii) Futures Representatives; or (iii) any official or unofficial committee representing the interests of tort plaintiffs in asbestos cases.

9.      With respect to *G-1 Holdings*, all documents that reflect, refer to, or relate to (i) the establishment of a bar date for filing claims or demands for present or future asbestos-related injuries against the Debtor; (ii) the estimation or other calculation, quantification, or liquidation of claims or demands for asbestos-related injuries; or (iii) the substantive consolidation of any Debtor or any Debtor's estate with any other entity or entity's estate.

10.     With respect to the Five Asbestos Cases and *Combustion Engineering*, all documents that reflect, refer to, or relate to (i) the establishment of a bar date for filing claims or demands for present or future asbestos-related injuries against the Debtor; (ii) the estimation or other calculation, quantification, or liquidation of claims or demands for asbestos-related injuries; or (iii) the substantive consolidation of any Debtor or any Debtor's estate with any other entity or entity's estate.

11.     All documents that reflect, refer to, or relate to, any representation, assertion, or statement by you concerning any decision that Judge Wolin might or might not make in future proceedings in the Five Asbestos Cases.

12.     All documents that reflect, refer to, or relate to, any individuals who are both (i) holders or potential holders of present or future asbestos claims or demands in the Five Asbestos Cases; and (ii) holders or potential holders of present or future asbestos claims or demands in *G-I Holdings*.

13.    All documents that reflect, refer to, or relate to, advocacy in favor of, or against, asbestos-related legislation.

14.    All documents that reflect, refer to, or relate to, communications or meetings with Futures Representatives in any bankruptcy case.

15.    All documents that reflect, refer to, or relate to, the use of an abbreviated proof-of-claim form in *G-I Holdings* or any of the Five Bankruptcy Cases.

16.    All documents that reflect, refer to, or relate to communications between you and Joseph Rice, Perry Weitz, John Cooney, Fred Baron, or David Bernick, or their law firms, that pertain to the subject matter of asbestos litigation or mass tort litigation.

17.    All documents that reflect, refer to, or relate to, communications between you and Judge Wolin regarding the subject of Judge Wolin's potential future employment in the private sector.

18.    All documents that reflect, refer to, or relate to (i) the present motions for recusal of Judge Wolin or (ii) the Petitions for Writs of Mandamus that were filed in the present proceedings.

19.    All resumes, CVs, or bios for you.

20.    Any articles, presentations, or other documents for public circulation that you have authored relating to asbestos or mass torts.

AO88 (Rev. 1/94) Subpoena in a Civil Case

### Issued by the

# UNITED STATES DISTRICT COURT

| MIDDLE | DISTRICT OF | NORTH CAROLINA |

In re Owens Corning;

**SUBPOENA IN A CIVIL CASE**

In re W.R. Grace; In re USG Corp.

Case Number:[1]

Nos. 00-3837 to 00-3854
01-1139 to 01-1200
01-2094 to 01-2104
(Bankr. D. Del.)

TO:  Francis McGovern - Duke Law School
Science Dr. & Towerview Rd.
Durham, NC 27708

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case

| PLACE OF DEPOSITION Marriott Research Triangle Park 4700 Guardian Drive, Durham, NC 27703 | DATE AND TIME Jan. 9, 2004, 9:30am |
| --- | --- |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects).

See attached

| PLACE Marriott Research Triangle Park 4700 Guardian Drive, Durham, NC 27703 | DATE AND TIME Dec. 29, 2003, 9:30am |
| --- | --- |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify  Federal Rules of Civil Procedure. 30(b)(6)

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) *Amon Siegel for Kensington et al.* | DATE Dec. 22, 2003 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Arnon Siegel  Robbins, Russell, Englert, Orseck & Untereiner LLP  (202) 775-4500
1801 K St. NW, Suite 411
Washington, DC 20006

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number

AO88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct

Executed on

| DATE | SIGNATURE OF SERVER |
|---|---|
| | ADDRESS OF SERVER |

Rule 45, Federal Rules of Civil Procedure, Parts C & D
(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENA

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production  Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded

(3) (A) On timely motion the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may be ordered to attend

trial may be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

**Attachment A [McGovern Subpoena]**

Definitions

1.    All definitions and rules of construction set forth in the Local Rules of the United States Bankruptcy Court for the District of Delaware and the Federal Rules of Civil Procedure shall apply to each command for production of the documents designated below.

2.    "All" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

3.    *"Combustion Engineering"* refers to *In re Combustion Engineering, Inc.*, No. 03-10495 (JKF) (Bankr. D. Del.).

4.    "Debtors" refers to debtors and debtors in possession.

5.    "Document" (in all its forms) means all written, reported, recorded, pictorial, or graphic matter, however produced or reproduced, that are in your possession, custody or control, including, but not limited to, all letters, telegrams, telexes, cables, word processing files, telephone records and notations, invoices, ledgers, journals and other formal and informal books of record and account, minutes, bulletins, instructions, financial statements, photographs, reports, memoranda, notes, notebooks, electronic mail, voice mail, drafts, worksheets, contracts, agreements, computer data, tape recordings, videotapes, transcriptions, intra-company drafts of the foregoing items, and copies or reproductions of the foregoing upon which notations in writing have been made which do not appear on the originals. A document is deemed to be in your possession, custody or control if you have the right to secure the document or a copy thereof from another person or public or private entity having actual physical possession thereof.

6.      "Five Asbestos Cases" refers to the following cases pending in the United States Bankruptcy Court for the District of Delaware: *In re Armstrong World Industries, Inc. et al.*, Nos. 00-4471, 00-4469, 00-4470; *In re W.R. Grace & Co. et al.*, Nos. 01-1139 through 01-1200; *In re Federal-Mogul Global, Inc., T&N Limited. et al.*, Nos. 01-10578 *et al.*; *In re USG Corp. et al.*, Nos. 01-2094 through 01-2104; *In re Owens Corning. et al.*, Nos. 00-03837 *et al.*

7.      "Futures Representative" refers to the legal representative appointed pursuant to section 524(g) of the Bankruptcy Code to represent the interests of present or future asbestos-related demands.

8.      "*G-I Holdings*" refers to *In re G-I Holdings Inc.*, No, 01-30135 (RG) (Bankr. D.N.J.).

9.      "Judge Wolin" refers to the Hon. Alfred Wolin, U.S. District Judge for the District of New Jersey, and to members of his staff, including law clerks, courtroom deputies, secretaries, and interns.

10.     "Person" and "you" (in all their forms) mean Francis E. McGovern, and any person or any business, legal, or governmental entity or association that acts or has acted at your direction or control.

11.     The use of the singular form of any word includes the plural and vice versa.

<u>Instructions</u>

1.      Unless otherwise specified, the subpoena calls for documents created on or after October 5, 2000.

2.      In responding to this subpoena, you are directed to furnish all responsive documents that are in your possession, custody or control at the time of the issuance of this subpoena.

2

3.      The demands set forth in the subpoena are continuing in nature. If, after responding to the subpoena, you obtain or become aware of additional documents responsive to the subpoena such documents shall be produced promptly in accordance with these definitions and instructions.

4.      The documents called for in this subpoena shall be organized and produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories set forth below. See Fed. R. Civ. P. 45(d)(1).

5.      With respect to any requested document, or portion of a document, as to which you assert a claim of privilege or work product, provide the following information:

   a.      The nature of the privilege claimed;

   b.      A description of the nature of the document or portion of the document not produced that is sufficient to enable the parties to assess the existence and application of the claimed privilege;

   c.      The name, job title, work and home addresses, work and home telephone numbers, and capacity of each person who created the document;

   d.      The name, job title, work and home addresses, work and home telephone numbers, and capacity of each person to whom the document was directed;

   e.      The name, job title, work and home addresses, work and home telephone numbers, and capacity of each person who, at any time, has had possession, custody or control of the document;

   f.      The date the document bears and the date the document was created.

3

6.    When a claim is made that a portion of a document is protected from disclosure by a privilege, produce any and all non-privileged portions of the document, and provide the information described in Instruction 5 with respect to the redacted portion.

7.    If any document called for under this subpoena has been lost, misplaced or destroyed, identify for each such document

      a.    the date the document was prepared;

      b.    the identity of each person who prepared the document;

      c.    the content and information contained therein;

      d.    the date on which the document was lost, misplaced or destroyed;

      e.    the identity of all persons having knowledge or who had knowledge of the contents of the document; and

      f.    the identity of all persons having knowledge of the circumstances under which the document was lost, misplaced or destroyed.

4

### Documents Requested

Produce each and every document as described below, pursuant to the instructions stated above:

1.    All documents that reflect, refer to, or relate to, any services or activities performed by you in connection with the Five Asbestos Cases.

2.    All documents that reflect, refer to, or relate to, your selection as an advisor to Judge Wolin in the Five Asbestos Cases.

3.    All complete, unredacted time and billing records in connection with activities performed by you in any of the Five Asbestos Cases or *Combustion Engineering*.

4.    All documents that reflect, refer to, or relate to, the potential or actual appointment of any individual as Futures Representative, or as counsel for any Futures Representative, in any of the Five Asbestos Cases or *Combustion Engineering*.

5.    All documents that reflect, refer to, or relate to, any communication concerning (i) *G-I Holdings* or (ii) any of the Five Asbestos Cases, between you and any of the following individuals: David R. Gross; C. Judson Hamlin; Judge Alfred Wolin; William A. Dreier; and John E. Keefe, Sr.

6.    All documents that reflect, refer to, or relate to, any expert engaged in any of the Five Asbestos Cases, including but not limited to Dr. Letitia Chambers, by (i) any of the Debtors; (ii) any Futures Representative; or (iii) any of the official Creditors Committees.

7.    All documents that reflect, refer to, or relate to, any services or activities performed by you in connection with *Combustion Engineering* and related transactions, including but not limited to the negotiation and agreement of a $20 million fee paid to Joseph Rice or his law firm.

5

8.    For the period January 1, 1993 to the present, all documents that reflect, refer to, or relate to, any service performed by you as counsel to (i) tort plaintiffs in asbestos cases; (ii) Futures Representatives; or (iii) any official or unofficial committee representing the interests of tort plaintiffs in asbestos cases.

9.    With respect to *G-1 Holdings*, all documents that reflect, refer to, or relate to (i) the establishment of a bar date for filing claims or demands for present or future asbestos-related injuries against the Debtor; (ii) the estimation or other calculation, quantification, or liquidation of claims or demands for asbestos-related injuries; or (iii) the substantive consolidation of any Debtor or any Debtor's estate with any other entity or entity's estate.

10.    With respect to the Five Asbestos Cases and *Combustion Engineering*, all documents that reflect, refer to, or relate to (i) the establishment of a bar date for filing claims or demands for present or future asbestos-related injuries against the Debtor; (ii) the estimation or other calculation, quantification, or liquidation of claims or demands for asbestos-related injuries; or (iii) the substantive consolidation of any Debtor or any Debtor's estate with any other entity or entity's estate.

11.    All documents that reflect, refer to, or relate to, any representation, assertion, or statement by you concerning any decision that Judge Wolin might or might not make in future proceedings in the Five Asbestos Cases.

12.    All documents that reflect, refer to, or relate to, any individuals who are both (i) holders or potential holders of present or future asbestos claims or demands in the Five Asbestos Cases; and (ii) holders or potential holders of present or future asbestos claims or demands in *G-1 Holdings*.

6

13.    All documents that reflect, refer to, or relate to, advocacy in favor of, or against, asbestos-related legislation.

14.    All documents that reflect, refer to, or relate to, communications or meetings with Futures Representatives in any bankruptcy case.

15.    All documents that reflect, refer to, or relate to, the use of an abbreviated proof-of-claim form in *G-I Holdings* or any of the Five Bankruptcy Cases.

16.    All documents that reflect, refer to, or relate to communications between you and Joseph Rice, Perry Weitz, John Cooney, Fred Baron, or David Bernick, or their law firms, that pertain to the subject matter of asbestos litigation or mass tort litigation.

17.    All documents that reflect, refer to, or relate to, communications between you and Judge Wolin regarding the subject of Judge Wolin's potential future employment in the private sector.

18.    All documents that reflect, refer to, or relate to (i) the present motions for recusal of Judge Wolin or (ii) the Petitions for Writs of Mandamus that were filed in the present proceedings.

19.    All resumes, CVs, or bios for you.

20.    Any articles, presentations, or other documents for public circulation that you have authored relating to asbestos or mass torts.

7

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the

## UNITED STATES DISTRICT COURT

DISTRICT OF        NEW JERSEY

In re Owens Corning;

In re W.R. Grace; In re USG Corp.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]    Nos. 00-3837 to 00-3854
01-1139 to 01-1200
01-2094 to 01-2104
(Bankr. D. Del.)

TO: Norris McLaughlin et al.
721 Route 202-206
Bridgewater, NJ 08807

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects).

*See attached*

| PLACE | DATE AND TIME |
|---|---|
| Gibbons Del Deo, 1 Riverfront Plaza, Newark, NJ 07102 | Dec. 29, 2003, 9:30am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR | DATE |
|---|---|
| *Amon Siegel for Kerington, s.d.* | Dec. 22, 2003 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Robbins, Russell, Englert,
Amon Siegel      Orseck & Untereiner LLP      (202) 775-4500
1801 K St. NW, Suite 411

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev 1/94) Subpoena in a Civil Case

| PROOF OF SERVICE | | |
|---|---|---|
| | DATE | PLACE |
| SERVED | | |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D-
(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

**Attachment A [Norris McLaughlin Subpoena]**

<u>Definitions</u>

1.      All definitions and rules of construction set forth in the Local Rules of the United States Bankruptcy Court for the District of Delaware and the Federal Rules of Civil Procedure shall apply to each command for production of the documents designated below.

2.      "All" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

3.      "*Combustion Engineering*" refers to *In re Combustion Engineering, Inc.*, No. 03-10495 (JKF) (Bankr. D. Del.).

4.      "Debtors" refers to debtors and debtors in possession.

5.      "Document" (in all its forms) means all written, reported, recorded, pictorial, or graphic matter, however produced or reproduced, that are in your possession, custody or control, including, but not limited to, all letters, telegrams, telexes, cables, word processing files, telephone records and notations, invoices, ledgers, journals and other formal and informal books of record and account, minutes, bulletins, instructions, financial statements, photographs, reports, memoranda, notes, notebooks, electronic mail, voice mail, drafts, worksheets, contracts, agreements, computer data, tape recordings, videotapes, transcriptions, intra-company drafts of the foregoing items, and copies or reproductions of the foregoing upon which notations in writing have been made which do not appear on the originals. A document is deemed to be in your possession, custody or control if you have the right to secure the document or a copy thereof from another person or public or private entity having actual physical possession thereof.

6.      "Five Asbestos Cases" refers to the following cases pending in the United States Bankruptcy Court for the District of Delaware: *In re Armstrong World Industries, Inc. et al.*, Nos. 00-4471, 00-4469, 00-4470; *In re W.R. Grace & Co. et al.*, Nos. 01-1139 through 01-1200; *In re Federal-Mogul Global, Inc., T&N Limited, et al.*, Nos. 01-10578 *et al.*; *In re USG Corp. et al.*, Nos. 01-2094 through 01-2104; *In re Owens Corning, et al.*, Nos. 00-03837 *et al.*

7.      "Futures Representative" refers to the legal representative appointed pursuant to section 524(g) of the Bankruptcy Code to represent the interests of present or future asbestos-related demands.

8.      "*G-I Holdings*" refers to *In re G-I Holdings Inc.*, No. 01-30135 (RG) (Bankr. D.N.J.).

9.      "Judge Wolin" refers to the Hon. Alfred Wolin, U.S. District Judge for the District of New Jersey, and to members of his staff, including law clerks, courtroom deputies, secretaries, and interns.

10.     "Person" and "you" (in all their forms) mean Norris McLaughlin & Marcus and any partner, employee, officer or director of Norris McLaughlin & Marcus; any agent of Norris McLaughlin & Marcus; and any person or business, legal, or governmental entity or association that acts or has acted at your direction or control, including but not limited to William A. Dreier.

11.     The use of the singular form of any word includes the plural and vice versa.

### Instructions

1.      Unless otherwise specified, the subpoena calls for documents created on or after October 5, 2000.

2.      In responding to this subpoena, you are directed to furnish all responsive documents that are in your possession, custody or control at the time of the issuance of this subpoena.

3.      The demands set forth in the subpoena are continuing in nature. If, after responding to the subpoena, you obtain or become aware of additional documents responsive to the subpoena such documents shall be produced promptly in accordance with these definitions and instructions.

4.      The documents called for in this subpoena shall be organized and produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories set forth below. See Fed. R. Civ. P. 45(d)(1).

5.      With respect to any requested document, or portion of a document, as to which you assert a claim of privilege or work product, provide the following information:

       a.      The nature of the privilege claimed;

       b.      A description of the nature of the document or portion of the document not produced that is sufficient to enable the parties to assess the existence and application of the claimed privilege;

       c.      The name, job title, work and home addresses, work and home telephone numbers, and capacity of each person who created the document;

       d.      The name, job title, work and home addresses, work and home telephone numbers, and capacity of each person to whom the document was directed;

       e.      The name, job title, work and home addresses, work and home telephone numbers, and capacity of each person who, at any time, has had possession, custody or control of the document;

       f.      The date the document bears and the date the document was created.

3