# EXHIBIT O

1

```
 1                    UNITED STATES BANKRUPTCY COURT
                       FOR THE DISTRICT OF DELAWARE
 2

 3

 4     IN RE:  OWENS CORNING,              CHAPTER 11
       et al.,                            Case Nos. 00-3837 through
                                                         00-3854
 5          Debtors.
       - - - - - - - - - - - - - - - - -
 6     IN RE:  W.R. GRACE & CO.,          CHAPTER 11
       et al.,                            Case Nos. 01-1139 through
 7                                                      01-1200

            Debtors.
 8     - - - - - - - - - - - - - - - - -
       IN RE:  USG CORPORATION,           CHAPTER 11
 9     a Delaware Corporation,            Case Nos. 01-2094 through
       et al.,                                         01-2104
10
            Debtors.
11     - - - - - - - - - - - - - - - - -

12                                        December 23, 2003
                                          Newark, New Jersey
13

14     B E F O R E:   ALFRED M. WOLIN, USDJ

15

16

17     Pursuant to Section 753 Title 28 United States Code, the
       following transcript is certified to be an accurate record as
18     taken stenographically in the above-entitled proceedings.

19     _____
       JACQUELINE KASHMER
20     Official Court Reporter

21

22

23                 JACQUELINE KASHMER, C.S.R., C.R.R.
                       OFFICIAL COURT REPORTER
24                          P. O. Box 12
                        Pittstown, NJ 08867
25                        (609) 656-2595
```

1    not.

2              Before the Court of Appeals counsel for the petitioners

3    represented that they needed two depositions and some minor

4    document discovery.  Counsel now argues that they only made this

5    representation with respect to their structural conflict issue.

6    Of course, this argument makes no sense because their structural

7    conflict argument was complete on the record already before the

8    Court of Appeals.

9              In any event, this Court has read the transcript and the

10   opinion of the Court of Appeals and finds that counsel has not

11   accurately reported what happened there.

12             It is perfectly clear that discovery cannot go forward

13   without the Court's active involvement and supervision.  It is

14   the Order of this Court that counsel may not propound any

15   discovery request without this Court's specific approval.  All

16   the discovery requests propounded to date in this matter are

17   hereby quashed, subject to the exceptions that will be set forth

18   on the record here.  It is not this Court's wish to proceed in

19   this manner.  As previously stated, it was not this Court's

20   intention to do so as late as this morning.  Having attempted to

21   convert the discovery to their own parochial interests, counsel

22   cannot be further trusted to guide these proceedings.

23             Requests for additional discovery beyond what the Court

24   will set forth on the record shortly should be guided by the

25   spirit and the letter of the Court of Appeals' Order.  Counsel

1    objections by 11:00 tomorrow morning.

2            And secondly, I believe it would be useful to serve both

3    by e-mail and by fax.

4            THE COURT:  Would it help if I said to counsel exchanged

5    by 9:00, conference with the Court, what did I say, 10:00?

6            MR. BERNICK:  You said 10:00 and the conference would be

7    at 11, yes, something to that effect.

8            THE COURT:  Move it up an hour.  That's fine.  We'll still

9    have our court conference at 11:00.  That should give everybody

10   two hours to look at what the language is and what people are

11   requesting.

12           The Court didn't feel comfortable in circumscribing what

13   the scope of document production should be without first giving

14   the parties the opportunity to determine it for themselves.

15           MR. BERNICK:  And this time can we make sure that all

16   people who are propounding discovery serve that discovery not

17   only -- or language not only upon the people who are going to

18   have to respond but upon all parties at least that are present

19   here so that any party present here has the opportunity to

20   provide comment?

21           THE COURT:  You're preaching to the choir.  Speak to the

22   people at counsel table.

23           MR. BERNICK:  I understand that.  I guess I really was but

24   I thought it appropriate to address my remarks to the Court.

25           THE COURT:  Right.  Mr. Neal.