**EXHIBIT GG**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

IN RE:                                        .        Case No. 01-01139 (JKF)
                                              .
W. R. GRACE & CO., et al.,                    .        Chapter 11
                                              .        Jointly Administered
            Debtors.                          .
                                              .        Nov. 17, 2003 (12:20 p.m.)
                                              .        Wilmington

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE JUDITH K. FITZGERALD
UNITED STATES BANKRUPTCY COURT JUDGE

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

1  little sooner than this when it's holding the information,

2  because it could very well end up penalizing somebody and in

3  fact the next time it probably will. So — Mr. Perch, I

4  think under these circumstances, it appears that it's not the

5  fault of Protiviti, and I understand the case law that

6  indicates that it's up to the professionals to make sure that

7  the steps are taken, but frankly I'm not sure what else when

8  you're involved in a case and you've got Kirkland & Ellis

9  doing the filing for you, you're supposed to do except rely

10  on the reputation of that firm to get it done. So, I think

11  under these circumstances, this is enough of an excusable

12  neglect that I'll award -- I will approve the application

13  process _nunc pro tunc_ but it's coupled with a severe warning

14  to Kirkland not to do this again, not to delay like this

15  again. All right.

16      MR. PERCH: I understand . . . (microphone not

17  recording), Your Honor.

18      THE COURT: All right, so, do you have an order,

19  Ms. Baer, or would you like to submit one?

20      MS. BAER: We do, Your Honor, have an order.

21      THE COURT: I'll take it then if you have it.

22  Thank you. Okay, that order is entered, thank you.

23      MS. BAER: Thank you, Your Honor.

24      THE COURT: All right. I received on -- with

25  respect to item number 6, that's the debtor's request to

1  retain Mr. Hamlin as the Futures Rep., a request to postpone

2  this, but frankly, I think we should go forward with this

3  matter because I'm very concerned about the application, and

4  under the circumstances, I don't think Mr. Hamlin can

5  represent the Futures.  I don't think he ever will be able to

6  represent the Futures in this case, and I don't see any point

7  to delay that decision.  We need a Futures Rep.  So I asked

8  to keep this on although I saw the request to postpone it, I

9  simply don't see a basis to postpone it because I don't see a

10  basis to grant the application.

11      MS. BAER:  Your Honor, frankly, this all came up

12  very quickly all at one time and --

13      THE COURT:  Yes.

14      MS. BAER:  -- that's why we filed it.  Your Honor,

15  I think under the circumstances, that it would simply make

16  sense for us to withdraw the application.

17      THE COURT:  Okay, if that's the way you want to do

18  it, that's fine.  I'll accept an order that permits the

19  debtor to withdraw or that indicates that the debtor has

20  withdrawn the application.

21      MS. BAER:  Thank you, Your Honor, we will submit

22  that.

23      THE COURT:  All right.  Okay, 7?

24      MS. BAER:  Your Honor, matter number 7, motion to

25  compel filed by Wesconn, we are working through this matter

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. Grace & Co., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | Related Docket No. 4575 |
| | ) | Objection Deadline: October 31, 2003 |
| | ) | Hearing Date: November 17, 2003 @ 12:00 p.m. |

## OBJECTION OF THE UNOFFICIAL COMMITTEE TO APPLICATION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 105, 327, AND 524(g)(4)(B) FOR THE APPOINTMENT OF C. JUDSON HAMLIN AS LEGAL REPRESENTATIVE FOR FUTURE CLAIMANTS

D.K. Acquisition Partners, L.P., Bear, Stearns & Co. Inc., Fernwood Associates,

L.P. and Deutsche Bank Trust Company Americas (collectively, the "Unofficial Committee"),

by and through their counsel of record, Klehr, Harrison, Harvey, Branzburg & Ellers LLP and

Willkie Farr & Gallagher LLP, respectfully submit the following objection to the Application of

Debtors Pursuant to 11 U.S.C. §§ 105, 327, and 524(g)(4)(B) for the Appointment of C. Judson

Hamlin as Legal Representative For Future Claimants ("Application").

### Preliminary Statement

1.      Pursuant to the Application, Debtors seek to have appointed as

Representative for Future Claimants (the "Futures Representative") C. Judson Hamlin, Esq., an

individual who, for almost two years, has served as an intimate advisor to the District Court. For

the reasons discussed more fully below, Mr. Hamlin is not, as required by the Bankruptcy Code,

disinterested, and his appointment as an advocate on behalf of future asbestos claimants in this

case would conflict sharply with his past and future role as an advisor to the District Court. If

the Debtors' Application were granted, a key constituency in these bankruptcy proceedings

would be represented by a person who has enjoyed -- and apparently will continue to enjoy --

unparalleled access to and influence with the District Court on the very same issues he will be

called upon to advocate on behalf of the future asbestos claimants. Indeed, given Mr. Hamlin's role in these cases and his close relationship with the District Court, the fact that the Debtors would even seek to have Mr. Hamlin appointed to such a powerful position as Futures Representative is shocking. The Debtors' conduct here raises serious doubts not only concerning the Debtors' judgment, but also the fairness and transparency of these proceedings. As Judge Henry Friendly observed, "the conduct of bankruptcy proceedings not only should be right but must seem right." In re Ira Haupt & Co., 361 F.2d 164, 168 (2d Cir. 1966). The application is deficient on both counts and should be denied.

2.    Though not at issue in this Objection, Mr. Hamlin's dual role as Consultant in this case and Futures Representative in the G-I bankruptcy case, which certainly shares many of the same potential asbestos claimants and issues as these cases, raises serious concerns with respect to whether the District Court should disqualify itself in these cases. The Unofficial Committee is carefully reviewing these issues, and following the recusal proceedings as they unfold in the Owens-Corning case. The Unofficial Committee and each of its members reserve their right to seek disqualification in the future and no waiver of that right should be implied by the submission of this Objection or the Court's disposition thereof.

## Background

3.    On April 2, 2001, W. R. Grace & Co., and 61 of its predecessors, subsidiaries, and other related entities (collectively, "Debtors"), filed for reorganization under Chapter 11 of the United States Bankruptcy Code.

4.    On November 27, 2001, then-Chief Judge Becker of the Third Circuit Court of Appeals ordered that the Debtors' cases, and four other asbestos-related chapter 11 cases

2

pending in the District of Delaware[1] (together, the "Five Asbestos Cases"), be transferred from the Bankruptcy Court and assigned to the Honorable Alfred M. Wolin of the United States District Court for the District of New Jersey, who temporarily was assigned to the District of Delaware.  (See Designation of a District Judge for Service in Another District Within the Circuit (the "Designation Order), Wills Aff. Ex. A.)[2]  Judge Becker directed that "these bankruptcy cases, which carry with them tens of thousands of asbestos claims, need to be consolidated before a single judge so that a coordinated plan for management can be developed and implemented."  (Id. ¶ 2.)

       5.     On December 28, 2001, the District Court appointed C. Judson Hamlin, and four other individuals, as Court Appointed Consultants (the "Consultants") in the Five Asbestos Cases.  (See Order Designating Court Appointed Consultants and Special Masters (the "Appointment Order"), Wills Aff. Ex. B.)[3]

       6.     Each member of the Unofficial Committee is a creditor in these chapter 11 cases, holding claims against the Debtors arising under: (i) a certain $250 million credit facility, entered into as of May 14, 1998; and/or (ii) a certain $250 million revolving credit facility dated as of May 5, 1999 (collectively, the "Credit Facilities").

       7.     As of August 2003, the fixed, liquidated aggregate claim of the members of the Unofficial Committee against the Debtors, exclusive of accrued and accruing post-petition

---

[1]    The four other cases are: In re Armstrong World Indus., Inc., et al., Case Nos. 00-4471, 00-4469,00-4470; In re Owens Corning, et al., Case No. 00-03837; In re Federal Mogul Global, Inc., T&N Ltd., et al., Case Nos. 01-10578; and In re USG Corp., et al., Case Nos. 01-2094 through 01-2104.

[2]    References to "Wills Aff. Ex. __" are to the exhibits attached to the Affidavit of Joanne Wills in Support of Objection of the Unofficial Committee of Unsecured Creditors of W.R. Grace, et al. to Application of Debtors Pursuant to 11 U.S.C. §§ 105, 327, and 524(g)(4)(b) for the Appointment of C. Judson Hamlin as Legal Representative for Future Claimants.

[3]    The four other Consultants are William A Drier, Esq., David R. Gross, Esq., John E. Keefe, Esq., and Professor Francis E. McGovern.  (See Appointment Order, Wills Ex. B.)

date interest, was estimated to be not less than $150 million. This estimate includes outstanding principal as well as estimated prepetition interest and facility fees. (Id.)

8.     As holders of claims against the Debtors arising under the Credit Facilities, the entities referenced herein decided to form the Unofficial Committee to represent the interests of its members in these bankruptcy cases.

**Objection**

9.     As the Third Circuit has noted, "it is important that [future asbestos claimants] have a representative to protect their interests in any discharge of [debtors'] debts . . . ." In re Amatex Corp., 755 F.2d 1034, 1035 (3d Cir. 1985). As such, it is clearly right to seek the appointment of a Futures Representative. See 11 U.S.C. § 524(g)(4)(B)(i). Such an appointment, however, must meet both the requirements of Section 327 of the Bankruptcy Code and the ethical rules governing Mr. Hamlin's conduct as an attorney; Mr. Hamlin's appointment as Futures Representative would meet neither.

**A.     Mr. Hamlin's Appointment As Futures Representative Does Not Meet The Requirements of Section 327 of the Bankruptcy Code.**

10.     Section 327 of the Bankruptcy Code governs the employment of professional persons in all bankruptcy cases. The section provides that the trustee or debtor in possession "may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under [the Bankruptcy Code]." 11 U.S.C. § 327(a). See also In re Roger J. Au & Son, Inc., 71 B.R. 238, 240-41 (Bankr. N.D. Ohio 1986) ("The restrictions of Section 327 apply to a debtor in possession.").

4

11.    The term "disinterested person" is defined under the Bankruptcy Code in section 101(14) as a person who, among other things, "does not have an interest materially adverse to the interest of the estate <u>or of any class of creditors</u> or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor . . . <u>or for any other reason</u>." 11 U.S.C. § 101(14)(E) (emphasis added).

12.    Unlike "disinterested person," the term "adverse interest" is not defined in the Bankruptcy Code. Most courts, however, have defined the phrase "to hold or represent an interest adverse to the estate" as either "(1) to possess or assert any economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute in which the estate is a rival claimant, or (2) to possess a predisposition under circumstances that render such a bias against the estate." <u>In re Tinley Plaza Assocs., L.P.</u>, 142 B.R.. 272, 277 (Bankr. N.D. Ill. 1992); <u>In re CF Holdings Corp.</u>, 164 B.R. 799, 806 (Bankr. D. Conn. 1994). <u>See also In re Marvel Entm't Group, Inc.</u> 140 F.3d 463, 476-77 (3d Cir. 1998) (holding that a mere potential conflict is an unacceptable adverse interest under section 327); <u>In re BH & P, Inc.</u>, 949 F.2d 1300, 1315-16 (3d Cir. 1991) (same). In addition, "having" an interest adverse to the estate and "representing" an interest adverse to the estate are identical considerations. <u>See Roger J. Au & Son, Inc. v. Aetna Ins. Co.</u>, 64 B.R. 600, 604 (Bankr. N.D. Ohio 1986).

13.    As such, section 327 prevents a party from occupying two possibly conflicting roles in a bankruptcy. Thus, for example, section 327 has been held to (i) prevent counsel who previously had advised a creditor from also representing the debtor (<u>see</u> <u>Meespierson Inc. v. Strategic Telecom</u>, 202 B.R. 845, 847, 850 (D. Del. 1996)), (ii) bar a member of a committee of pre-petition claimants from representing future claimants (<u>see</u> <u>Locks</u>

5

v. United States Trustee, 157 B.R. 89, 93-94 (W.D. Pa. 1993)), and (iii) prohibit an accounting

firm that was a creditor of and had provided accounting services to the debtor prior to filing from

providing similar services post-petition. See United States Trustee v. Price Waterhouse, 19 F.3d

138, 141 (3d Cir. 1994). Nor is the "disinterested person" requirement of section 327 limited to

those directly employed by the debtor or trustee; rather, it generally extends to professionals

connected to the bankruptcy. For example, it has been held to apply to the appointment of

examiners (see In re Big Rivers Elec. Corp., 284 B.R. 580, 595 (W.D. Ky. 2002) ("It is clear that

the Examiner must be a 'disinterested person' within the meaning of the Bankruptcy Code and

Bankruptcy Rules")), and to the retention of counsel by creditors' committees (see In re Caldor,

Inc.--NY, 193 B.R. 165, 170-171 (Bankr. S.D.N.Y. 1996)).

14.     As noted above, the District Court appointed Mr. Hamlin as a "Court

Appointed Consultant" in the Five Asbestos Cases, which includes this case, on December 28,

2001. The grant of authority provided to Mr. Hamlin, as well as the other Consultants, was

extremely broad. As the District Court stated, the purpose of the "Consultants is to advise the

Court and to undertake [certain] responsibilities, including by way of example and not limitation,

mediation of disputes, holding case management conferences, and consultation with counsel . . .

." (See Appointment Order, ¶ 3, Wills Aff. Ex. B.)

15.     Pursuant to the Appointment Order, Mr. Hamlin, as well as the other

Consultants, also was delegated "certain authority to hear matters and to advise the District Court

on issues that may arise in these five large Chapter 11 cases." (Id. ¶ 1.) For example, the

Appointment Order provided that the District Court could, "without further notice, appoint any

of the Court Appointed Consultants to act as a Special Master to hear any disputed matter and to

make a report and recommendation to the Court on this disposition of such matter." (Id. ¶ 4.)

6

16.    The District Court itself has described the Consultants, including Mr. Hamlin, as "necessary for the efficient administration of these very large mass-tort chapter 11 cases," and as "occupying a unique position in the [asbestos] cases not shared by other persons employed in these cases." (See Fee Allowance Order, ¶ 1, Wills Aff. Ex. C.)[4] And, the District Court has described the Consultants as "functioning in a manner in all respects similar to examiners as provided for in the Bankruptcy Code." (Id.)

17.    In his role as a Consultant, Mr. Hamlin has, consistent with the grant of authority he received, participated materially in these cases as an advisor to the District Court. Mr. Hamlin's time records show that, over the course of the past 22 months, Mr. Hamlin has been deeply involved in this case and his activities included several meetings with the District Court and the other Consultants and the drafting of a memorandum relating to the propriety of certain motions filed by parties to these bankruptcy cases. (See Wills Aff. Exs. D-F.)

18.    In short, it cannot reasonably be disputed that Mr. Hamlin has had unparalleled access to the District Court, and has had, and continues to have, influence with the District Court and the District Court's decision-making process not shared by the Unofficial Committee or, presumably, by any other party to these proceedings.

19.    Nevertheless, Mr. Hamlin's role as an advisor to the District Court in these cases garnered little more than a passing reference by Debtors in their Application to have Mr. Hamlin appointed as a partisan advocate for future asbestos claimants. Indeed, the only mention of Mr. Hamlin's role as a Consultant is buried within the section of the Application dedicated to Mr. Hamlin's qualifications, and not in the section of the Application discussing Mr. Hamlin's

---

[4]    The "Fee Allowance Order" refers to the Order 1) Partially Withdrawing the Reference and 2) Governing Applications for the Allowance of Fees and Expenses to Court Appointed Advisors.

alleged disinterestedness. (See Application ¶ 11.)[5]  The Debtors' attempt to minimize Mr.
Hamlin's past and continuing role as an advisor to the District Court in these cases is not
surprising, given that Mr. Hamlin's prior and continuing role as a Consultant disqualifies him
from serving as the Futures Representative.

20.      It cannot be disputed that Mr. Hamlin and the other Consultants have
actively participated in these cases and in the four other asbestos cases in which they are advising
the District Court, including devoting many hours to consulting privately with the District Court,
performing legal and factual research for the District Court, attending hearings and assisting the
District Court in preparing for hearings, and engaging in other tasks that may have a material
impact on the manner in which these cases are administered and the results that will be achieved.
(See, e.g. Wills Aff. Exs. D-F.)

21.      Having fulfilled this role for almost two years, Mr. Hamlin simply cannot
now act as a partisan advocate for future asbestos claimants -- a group whose interests clearly are
adverse to the Debtors' direct and immediate stakeholders and perhaps the Debtors themselves in
the same case. Indeed, as Futures Representative, Mr. Hamlin will be duty bound to see that the
future asbestos claimants whom he represents receive the greatest consideration possible, even if
such consideration comes at the expense of other creditor classes -- including the members of the
Unofficial Committee -- or subjects the Debtors to onerous obligations. Thus, on issues such as
discharge, the setting of bar dates, the estimation of future claims, substantive consolidation,

---

[5]      The Unofficial Committee was not privy to the process by which the Debtors determined to seek the
appointment of Mr. Hamlin as Futures Representative. As a result, the Unofficial Committee has served
discovery requests and subpoenas, seeking documents and depositions from the Debtors and others, in
order to ascertain why Mr. Hamlin was selected and the steps that were taken by Debtors in coming to their
decision.

channeling injunctions and successor liability, Mr. Hamlin will -- as he must -- forcefully advocate the interests of future asbestos claimants.

22.    It is not reasonable to believe that the knowledge, insight, and potential advantage Mr. Hamlin has gained based on his role as a close advisor to the District Court simply can be set aside every time he turns to the role of acting as a partisan advocate for his constituents. As troubling is the certain perception that Mr. Hamlin's role as an advisor to the District Court in this very case could play a substantial role in the effectiveness of his position as Futures Representative. Indeed, if Mr. Hamlin were to be appointed Futures Representative he would be in a position to exploit his close connection with the District Court -- and his role in having helped the District Court evaluate the issues in the Debtors' cases -- in his new role as a partisan advocate for the future asbestos claimants, all to the detriment of other creditor classes and to the perception of fairness and impartiality which is critically important to the functioning of the judicial process in these cases.

23.    As such, regardless of whether this conflict ever would, in fact, be acted upon, its very existence violates the requirements of section 327 of the Bankruptcy Code, and renders Mr. Hamlin's appointment as Futures Representative an impossibility.

**B.    The Rules of Professional Conduct Also Militate Against Mr. Hamlin's Appointment As Futures Representative.**

24.    The Code of Conduct for Judicial Employees makes clear that "[e]mployees who occupy positions with functions and responsibilities similar to those for a particular position identified in this code should be guided by the standards applicable to that position, even if the position title differs." Code of Conduct for Judicial Employees , fn. 2 available at http://www.uscourts.gov/guide/vol2/ch2a.html. While the role Mr. Hamlin has

9

fulfilled as a Consultant to the District Court may not technically be that of a law clerk or staff attorney, he clearly has performed similar functions for the District Court.

25.    For example, the District Court's order appointing Mr. Hamlin provided that his role was, among other things, "to advise the Court . . . , mediat[e] disputes, hold[] case management conferences, and consult[] with counsel . . . ." (Appointment Order, ¶ 2, Wills Aff. Ex. B.) Thus, it appears that, as with a law clerk, Mr. Hamlin is a "sounding board[] for tentative opinions and legal researcher[] who seek[s] the authorities that affect [the District Court's] decisions," and Mr. Hamlin has been and will continue to be "privy to the judge's thoughts in a way that [no other] parties to the lawsuit . . . may be." Hall v. Small Bus. Admin., 695 F.2d 175, 179 (5th Cir. 1983).

26.    The time records produced to date by Mr. Hamlin and the other consultants bear this out. Those records show that the Consultants have, among other things, conducted legal research, prepared memoranda, and advised the District Court in connection with hearings and pending motions. (See, e.g., Wills Aff. Exs. D-F.) Based upon these activities, which are at the heart of the judicial decision-making process, the District Court has described Mr. Hamlin and the other Consultants as "necessary for the efficient administration of these very large mass-tort chapter 11 cases," and as "occupying a unique position in the [asbestos] cases not shared by other persons employed in these cases." (Fee Allowance Order, at 2, Wills Aff. Ex. C.)

27.    Thus, while Mr. Hamlin may not, in name, be a law clerk or staff attorney, it is impossible to deny that he has in fact fulfilled that role for almost two years. As such, Mr. Hamlin should be subject to the same ethical considerations as those faced by former judicial law

10

clerks or other court personnel. Those considerations would not permit Mr. Hamlin to assume
the role of Futures Representative.

      28.    For example, New Jersey's Rules of Professional Conduct state as
follows:

> [A] lawyer shall not represent anyone in connection with a matter in which the
> lawyer participated personally and substantially as a judge or other adjudicative
> officer, arbitrator, or <u>law clerk</u> to such a person, unless all parties to the
> proceeding consent after disclosure.

N.J. RPC 1.12 (emphasis added). Delaware's Rules of Professional Conduct are to the same
effect. See Del. RPC 1.12(a) ("a lawyer shall not represent anyone in connection with a matter
in which the lawyer participated personally and substantially as a judge or other adjudicative
officer, arbitrator or law clerk to such person, unless all parties to the proceeding consent after
consultation.").

      29.    As such, Mr. Hamlin's involvement as an advocate now to a party in a
case in which he has been active as an advisor to the District Court clearly would be proscribed
by New Jersey's and Delaware's ethical rules. Indeed, Mr. Hamlin's appointment as Futures
Representative would require the District Court's recusal. See <u>Fredonia Broadcasting Corp., Inc.</u>
<u>v. RCA Corp.</u>, 569 F.2d 251, 255 (5th Cir. 1978) ("Once it appeared that Fredonia might have an
unfair advantage in the litigation because its counsel included a lawyer who had been exposed to
the trial judge's innermost thoughts about the case, the trial judge had no alternative to
disqualifying himself."); <u>Parker v. Connors Steel Co.</u>, 855 F.2d 1510, 1524 (11th Cir. 1988)
(having attorney who was former law clerk to judge appear before him might "reasonably cause
an objective observer to question [Judge's] impartiality.").

11

30.    As the appointment of Mr. Hamlin as Futures Representatives would call into question the intrinsic fairness of this bankruptcy proceeding given his role as an advisor to the District Court in this and the other cases, the Debtors' Application should be denied.

### Conclusion

For all the foregoing reasons, the Unofficial Committee respectfully submits that the Application of Debtors Pursuant to 11 U.S.C. §§ 105, 327, and 524(g)(4)(B) for the Appointment of C. Judson Hamlin as Legal Representative For Future Claimants must be denied.

Dated: October 29, 2003

**KLEHR, HARRISON, HARVEY,
BRANZBURG & ELLERS LLP**

By:    _Joanne B. Wills_
   Joanne B. Wills (#2357)
   919 Market Street, Suite 1000
   Wilmington, DE 19809-3062
   (302) 426-1189

**WILLKIE FARR & GALLAGHER LLP**
787 Seventh Avenue
New York, NY 10019
(212) 728-8000

Counsel for Unofficial Committee
Of Unsecured Creditors

12

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. Grace & Co., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | Related Docket No. 4575 |
| | ) | Objection Deadline: October 31, 2003 |
| | ) | Hearing Date: November 17, 2003 @ 12:00 p.m. |

### AFFIDAVIT OF JOANNE WILLS IN SUPPORT OF OBJECTION OF THE UNOFFICIAL COMMITTEE TO APPLICATION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 105, 327, AND 524(g)(4)(B) FOR THE APPOINTMENT OF C. JUDSON HAMLIN AS LEGAL REPRESENTATIVE FOR FUTURE CLAIMANTS

I, Joanne Wills, being duly sworn, declare as follows:

1.    I am a partner at the law firm of Klehr, Harrison, Harvey, Branzburg & Ellers LLP, counsel to D.K. Acquisition Partners, L.P., Bear, Stearns & Co. Inc., Fernwood Associates, L.P. and Deutsche Bank Trust Company Americas (collectively, the "Unofficial Committee"), creditors in the above-captioned case.

2.    If I were called upon to testify, I could and would testify to each of the facts set forth herein based upon my review of the relevant documents and court dockets.

3.    Attached hereto, at the indicated tab letters, are true and correct copies of certain documents filed in the above-captioned case, currently pending before the Court, which have been downloaded from the Court's PACER system.

| Tab | Description |
|---|---|
| A | DESIGNATION OF A DISTRICT JUDGE FOR SERVICE IN ANOTHER DISTRICT WITHIN THE CIRCUIT |
| B | ORDER DESIGNATING COURT APPOINTED CONSULTANTS AND SPECIAL MASTERS |

DEL1 54146-1

| | |
|---|---|
| C | ORDER 1) PARTIALLY WITHDRAWING THE REFERENCE AND 2) GOVERNING APPLICATIONS FOR THE ALLOWANCE OF FEES AND EXPENSES TO COURT APPOINTED ADVISORS |
| D | Timesheet Submitted by C. Judson Hamlin, excepted from FIRST APPLICATION OF C. JUDSON HAMLIN AS COURT APPOINTED ADVISOR FOR COMPENSATION OF SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES |
| E | Timesheet Submitted by C. Judson Hamlin, excepted from SECOND FEE APPLICATION OF PURCELL, RIES, SHANNON, MULCAHY & O'NEILL ON BEHALF OF C. JUDSON HAMLIN FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS A COURT APPOINTED ADVISOR FOR THE PERIOD FROM MARCH 1, 2002 THROUGH OCTOBER 28, 2002 |
| F | Timesheet Submitted by C. Judson Hamlin, excepted from THIRD APPLICATION OF PURCELL, RIES, SHANNON, MULCAHY & O'NEILL ON BEHALF OF C. JUDSON HAMLIN FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS A COURT APPOINTED ADVISOR FOR THE PERIOD FROM NOVEMBER 1, 2002 THROUGH MARCH 31, 2003 |

Joanne B. Wills

Joanne Wills (#2357)

Subscribed and sworn to before
me this 29th day of October, 2003

Wendy Gale

NOTARY PUBLIC

WENDY GALE
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires Sept. 23, 2003

- 2 -

DEL1 54146-1

# EXHIBIT "A"

NOV-27-2001  14:08        EDWARD R. BECKER                215 597 7217    P.03/04

## DESIGNATION OF A DISTRICT JUDGE
### FOR SERVICE IN ANOTHER DISTRICT WITHIN THE CIRCUIT

WHEREAS, in my judgment the public interest so requires NOW, THEREFORE,

pursuant to the provisions of Title 28 U.S.C. § 292(b), I do hereby designate and assign the

Honorable Alfred M. Wolin of the United States District Court for the District of New Jersey to

hold court in the District of Delaware during the period beginning November 27, 2001 and

ending November 27, 2002, and for such additional time thereafter as may be required to

complete unfinished business in the following cases:

| | |
|---|---|
| Armstrong Work Industries | No. 00-4471 |
| Federal-Mogul | No. 01-10578 |
| USA | No. 01-2094 |
| W.R. Grace | No. 01-1139 |
| Owens Corning | No. 00-3837 |

This order is entered after consultation with and with and the assent of Chief Judge Sue

L. Robinson, Judge Joseph J. Farnan, Jr., Judge Roderick R. McKelvie and Judge Gregory M.

Sleet of the District of Delaware. As Chief Judge of the Court of Appeals and presiding officer

of the Judicial Council of the Third Circuit, it is my considered judgment that these bankruptcy

cases, which carry with them tens of thousands asbestos claims, need to be consolidated before a

single judge so that a coordinated plan for management can be developed and implemented. It is

contemplated that Judge Wolin will assign a portion of these cases to various bankruptcy judges

sitting in the District of Delaware so they may assist in moving these matters forward. As a

A  -  1

NOV-27-2001  14:00        EDWARD R BECKER                    215 597 7217      P.04/04

significant portion of the asbestos cases in this country are proceeding under the aegis of this

litigation, I deem this assignment and consolidation critically important to the administration of

justice.

_____
Edward R. Becker
Chief Judge of the Third Judicial Circuit

Dated: 11-27-01

A

# EXHIBIT "B"

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: ARMSTRONG WORLD INDUSTRIES, INC., et al., | : | Chapter 11<br>Case Nos. 00-4471, 00-4469, 00-4470 |
| Debtors. | : | |
| IN RE: W.R. GRACE & CO., et al., | : | Chapter 11<br>Case Nos. 01-1139 through 0-1200 |
| Debtors. | : | |
| IN RE: FEDERAL-MOGUL GLOBAL, INC., T&N LIMITED, et al., | : | Chapter 11<br>Case Nos. 01-10578, et al.[1] |
| Debtors. | : | |
| IN RE: USG CORPORATION, a Delaware Corporation, et al., | : | Chapter 11<br>Case Nos. 01-2094 through 01-2104 |
| Debtors. | : | |
| IN RE: OWENS CORNING, et al., | : | Chapter 11<br>Case Nos. 00-3837 through 00-3854 |
| Debtors. | : | |

**ORDER DESIGNATING COURT APPOINTED CONSULTANTS
AND SPECIAL MASTERS**

This matter having been opened by the Court upon its own
motion in each of the above-captioned Chapter 11 cases; and the
interested parties having been put on notice by the Court at the
joint case management conference held on December 20, 2001, that
the Court anticipated appointing special masters and/or case

---

[1]See attached list.

E - 4

management consultants to whom the Court may from time to time
delegate certain authority to hear matters and to advise the
Court on issues that may arise in these five large Chapter 11
cases; and for good cause shown

It is this 28th day of December, 2001

ORDERED that the following Order applies to the lead cases
identified in the caption of this Order and to all cases filed as
related cases thereto, and it is further

ORDERED that William A. Drier, Esq., David R. Gross, Esq.,
C. Judson Hamlin, Esq., John E. Keefe, Esq., and Professor
Francis E. McGovern are hereby designated as Court Appointed
Consultants to advise the Court and to undertake such
responsibilities, including by way of example and not limitation,
mediation of disputes, holding case management conferences, and
consultation with counsel, as the Court may delegate to them
individually, and it is further

ORDERED that the parties are on notice that the Court may,
without further notice, appoint any of the Court-Appointed
Consultants to act as a Special Master to hear any disputed
matter and to make a report and recommendation to the Court on
the disposition of such matter, and it is further

ORDERED that William A. Drier, Esq., is hereby appointed
Special Master in the matter of In re W.R. Grace & Co.,
Bankruptcy No. 01 1139 through 01-1200, to hear all disputed
matters in that Chapter 11 case for which the Court's Order of

E - 40

Reference may be withdrawn from the Honorable Judith K.
Fitzgerald, United States Bankruptcy Judge, and it is further

ORDERED that the fees of the Court Appointed Consultants and
Special Master(s) shall be borne by the debtors in such manner
and apportionment as this Court or the Bankruptcy Courts may
hereinafter direct.

_____
ALFRED M. WOLIN, U.S.D.J.

IN RE: FEDERAL-MOGUL GLOBAL, INC.
Case Numbers

| | | | |
|---|---|---|---|
| 01-10578 | 01-10643 | 01-10700 | 01-10750 |
| 01-10580 | 01-10644 | 01-10701 | 01-10751 |
| 01-10582 | 01-10646 | 01-10702 | 01-10752 |
| 01-10585 | 01-10647 | 01-10703 | 01-10753 |
| 01-10586 | 01-10649 | 01-10704 | 01-10754 |
| 01-10587 | 01-10650 | 01-10705 | 01-10755 |
| 01-10589 | 01-10651 | 01-10706 | 01-10756 |
| 01-10591 | 01-10652 | 01-10707 | 01-10757 |
| 01-10593 | 01-10653 | 01-10708 | 01-10758 |
| 01-10594 | 01-10654 | 01-10710 | 01-10759 |
| 01-10596 | 01-10655 | 01-10711 | 01-10760 |
| 01-10598 | 01-10656 | 01-10712 | 01-10761 |
| 01-10599 | 01-10657 | 01-10713 | 01-10762 |
| 01-10600 | 01-10658 | 01-10714 | 01-10763 |
| 01-10601 | 01-10659 | 01-10715 | 01-10764 |
| 01-10603 | 01-10660 | 01-10716 | 01-10765 |
| 01-10604 | 01-10661 | 01-10717 | 01-10766 |
| 01-10605 | 01-10662 | 01-10718 | 01-10767 |
| 01-10606 | 01-10664 | 01-10719 | 01-10768 |
| 01-10608 | 01-10665 | 01-10721 | 01-10769 |
| 01-10610 | 01-10666 | 01-10722 | 01-10770 |
| 01-10611 | 01-10668 | 01-10723 | 01-10771 |
| 01-10613 | 01-10669 | 01-01724 | 01-10772 |
| 01-10614 | 01-10672 | 01-10726 | 01-10773 |
| 01-10615 | 01-10673 | 01-10727 | 01-10774 |
| 01-10617 | 01-10675 | 01-10728 | |
| 01-10618 | 01-10682 | 01-10729 | |
| 01-10619 | 01-10683 | 01-10730 | |
| 01-10620 | 01-10684 | 01-10731 | |
| 01-10621 | 01-10685 | 01-10732 | |
| 01-10622 | 01-10686 | 01-10733 | |
| 01-10623 | 01-10687 | 01-10734 | |
| 01-10625 | 01-10688 | 01-10736 | |
| 01-10626 | 01-10689 | 01-10737 | |
| 01-10627 | 01-10690 | 01-10739 | |
| 01-10629 | 01-10691 | 01-10741 | |
| 01-10630 | 01-10692 | 01-10742 | |
| 01-10632 | 01-10693 | 01-10743 | |
| 01-10633 | 01-10694 | 01-10744 | |
| 01-10634 | 01-10695 | 01-10745 | |

C

| 01-10637 | 01-10696 | 01-10746 |
| 01-10638 | 01-10697 | 01-10747 |
| 01-10640 | 01-10698 | 01-10748 |
| 01-10641 | 01-10699 | 01-10749 |

# EXHIBIT "C"

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: ARMSTRONG WORLD INDUSTRIES, INC., et al., | : : | Chapter 11 Case Nos. 00-4471, 00-4469, 00-4470 |
| Debtors. | : | |
| IN RE: W.R. GRACE & CO., et al., | : : | Chapter 11 Case Nos. 01-1139 through 0-1200 |
| Debtors. | : | |
| IN RE: FEDERAL-MOGUL GLOBAL, INC., T&N LIMITED, et al., | : : : : | Chapter 11 Case Nos. 01-10578, et al.[1] |
| Debtors. | : | |
| IN RE: USG CORPORATION, a Delaware Corporation, et al., | : : : : | Chapter 11 Case Nos. 01-2094 through 01-2104 |
| Debtors. | : | |
| IN RE: OWENS CORNING, et al., | : : : | Chapter 11 Case Nos. 00-3837 through 00-3854 |
| Debtors. | . | |

## ORDER 1) PARTIALLY WITHDRAWING THE REFERENCE AND 2) GOVERNING APPLICATIONS FOR THE ALLOWANCE OF FEES AND EXPENSES TO COURT APPOINTED ADVISORS

This matter being opened upon the Court's own motion pursuant to the authority granted in 11 U.S.C. § 105(a) and the Court's inherent power; and the Court, pursuant to its Order of December 28, 2001, having appointed certain persons as Court Appointed Advisors ("Advisors") and in that Order and in subsequent Orders

---

[1]See attached list.

D - 1

certain of these Advisors having been designated Special Masters to hear and report on matters specifically delegated to them by the Court as set forth in those Orders; and it appearing that the Advisors are functioning in a manner in all respects similar to examiners as provided for in the Bankruptcy Code, 11 U.S.C. §§ 1104, 1106; and the Bankruptcy Code and Rules providing for the compensation of examiners, officers and professional persons pursuant to 11 U.S.C. §§ 330, 331; and the Advisors, by virtue of their direct appointment by the Court, occupying a unique position in the above-captioned cases not shared by other persons employed in these cases; and the Court having determined that the continued employment of the Advisors in their various capacities is necessary for the efficient administration of these very large mass-tort chapter 11 cases and in the best interests of the creditors, equity holders and the estates in bankruptcy and that the debts of the estates as specified in 11 U.S.C. § 1104(c)(2) exceed $5,000,000; and for good cause shown

IT IS this 19th day of March 2002

ORDERED that pursuant to 28 U.S.C. § 157 and the Order of this Court issued December 10, 2001, the reference of these cases to the Bankruptcy Court, Judge Randall J. Newsome and Judge Judith K. Fitzgerald presiding, is hereby withdrawn with respect to any application for an allowance of fees filed by any of the Advisors. and it is further

2

D - L

ORDERED that the Advisors may make application for the allowance of their fees and expenses from the debtors' estates directly to this Court in the first instance, requesting that such applications be reviewed and approved by the Court pursuant to the substantive standards set forth in 11 U.S.C. § 330, and it is further

ORDERED that any application for the allowance of fees and expenses shall set forth how the applicant believes the fees and expenses should be allocated between the debtors, and it is further

ORDERED that, although by its terms local bankruptcy rule 2016-2 does not apply to applications for the allowance of fees and expenses by the Advisors, local rule 2016-2(d) governing information requirements relating to compensation requests is hereby incorporated by reference and made applicable to applications by the Advisors pursuant to this Order, and it is further

ORDERED that the Advisors may make interim applications for the allowance of fees and expenses pursuant to 11 U.S.C. § 331, on a monthly basis, and it is further

ORDERED that an application for the allowance of fees and expenses pursuant to this Order shall not set forth a hearing date for the application and no hearing will be held unless written objection is filed with the Court no later than ten days

3

D - 5

after service upon the objecting party of the fee application, and it is further

ORDERED that no Administrative Order or other Order in any of the above-captioned cases governing applications for the allowance of fees and expenses to professionals shall apply to an application by any of the Court Appointed Advisors pursuant to this Order except as provided below with respect to service, and it is further

ORDERED that any application made pursuant to this Order shall be served on the same parties and in the same manner as provided by applicable rule as superseded or modified by any Administrative Order of the Bankruptcy Court governing applications for the allowance of fees and expenses to professionals for which the reference has not been withdrawn, and it is further

ORDERED that this Order shall not limit the Court's ability, upon adequate notice, to charge fees and expenses of the Advisors upon parties besides the debtors on the grounds of equity, rule of procedure, or other law.

ALFRED M. WOLIN, U.S.D.J.

4

D  -  4.

## IN RE: FEDERAL-MOGUL GLOBAL, INC.
### Case Numbers

| | | | |
|---|---|---|---|
| 01-10578 | 01-10643 | 01-10700 | 01-10750 |
| 01-10580 | 01-10644 | 01-10701 | 01-10751 |
| 01-10582 | 01-10646 | 01-10702 | 01-10752 |
| 01-10585 | 01-10647 | 01-10703 | 01-10753 |
| 01-10586 | 01-10649 | 01-10704 | 01-10754 |
| 01-10587 | 01-10650 | 01-10705 | 01-10755 |
| 01-10589 | 01-10651 | 01-10706 | 01-10756 |
| 01-10591 | 01-10652 | 01-10707 | 01-10757 |
| 01-10593 | 01-10653 | 01-10708 | 01-10758 |
| 01-10594 | 01-10654 | 01-10710 | 01-10759 |
| 01-10596 | 01-10655 | 01-10711 | 01-10760 |
| 01-10598 | 01-10656 | 01-10712 | 01-10761 |
| 01-10599 | 01-10657 | 01-10713 | 01-10762 |
| 01-10600 | 01-10658 | 01-10714 | 01-10763 |
| 01-10601 | 01-10659 | 01-10715 | 01-10764 |
| 01-10603 | 01-10660 | 01-10716 | 01-10765 |
| 01-10604 | 01-10661 | 01-10717 | 01-10766 |
| 01-10605 | 01-10662 | 01-10718 | 01-10767 |
| 01-10606 | 01-10664 | 01-10719 | 01-10768 |
| 01-10608 | 01-10665 | 01-10721 | 01-10769 |
| 01-10610 | 01-10666 | 01-10722 | 01-10770 |
| 01-10611 | 01-10668 | 01-10723 | 01-10771 |
| 01-10613 | 01-10669 | 01-01724 | 01-10772 |
| 01-10614 | 01-10672 | 01-10726 | 01-10773 |
| 01-10615 | 01-10673 | 01-10727 | 01-10774 |
| 01-10617 | 01-10675 | 01-10728 | |
| 01-10618 | 01-10682 | 01-10729 | |
| 01-10619 | 01-10683 | 01-10730 | |
| 01-10620 | 01-10684 | 01-10731 | |
| 01-10621 | 01-10685 | 01-10732 | |
| 01-10622 | 01-10686 | 01-10733 | |
| 01-10623 | 01-10687 | 01-10734 | |
| 01-10625 | 01-10688 | 01-10736 | |
| 01-10626 | 01-10689 | 01-10737 | |
| 01-10627 | 01-10690 | 01-10739 | |
| 01-10629 | 01-10691 | 01-10741 | |
| 01-10630 | 01-10692 | 01-10742 | |
| 01-10632 | 01-10693 | 01-10743 | |
| 01-10633 | 01-10694 | 01-10744 | |
| 01-10634 | 01-10695 | 01-10745 | |
| 01-10637 | 01-10696 | 01-10746 | |
| 01-10638 | 01-10697 | 01-10747 | |
| 01-10640 | 01-10698 | 01-10748 | |
| 01-10641 | 01-10699 | 01-10749 | |

5

# EXHIBIT "D"

CLIENT 0200   MATTER 14554   ARBITRATION/MEDIATION   US DISTRICT CT. BANKR
U.S. DISTRICT COURT, NJ

| | | | | |
|---|---|---|---|---|
| BILL TMKP : | CJH | C. JUDSON HAMLIN | CJH | COUNSEL |
| ORIG TMKP : | CJH | C. JUDSON HAMLIN | CJH | COUNSEL |

| DATE | TIMEKEEPER | HOURS | AMOUNT | DESCRIPTION |
|---|---|---|---|---|
| 01/07/02 | CJH | 4.00 | 1,800.00 | Meeting with Judge Wolin's Chambers U.S. District Courthouse, Newark, N.J. with Prof. F. Govern, Hon. W. Drier, Hon. J. Keefe, and D. Gross re: organization of responsibilities. |
| 01/07/02 | CJH | 2.00 | 450.00 | Travel to and from Newark, N.J. at Half Time |
| 01/10/02 | CJH | 3.00 | 1,350.00 | Review of materials, research of applicable law, Internet research of Pending Bankruptcy Pleadings |
| 01/13/02 | CJH | 6.00 | 2,700.00 | Conference at Budd, Larner with D. Gross, F. McGovern, J. Keefe, W. Drier and Judge Wolin. |
| 01/18/02 | CJH | 1.00 | 225.00 | Travel to and from Livingston, N.J. at Half Time |
| 01/19/02 | CJH | 4.00 | 1,800.00 | Review of material distributed at 1/18/02 meeting |
| 02/20/02 | CJH | .30 | 135.00 | Telephone call with D. Gross re: agenda for 2/27/02 meeting with Judge Wolin. |
| 02/25/02 | CJH | 1.00 | 450.00 | Review of transcript of Vairo conference call re: current asbestos issues from UBS Warburg research. |
| 02/27/02 | CJH | 5.00 | 2,250.00 | Conference with Judge Wolin and management committee at U.S. Courthouse, Newark, NJ |

TIMEKEEPER TOTALS

| | | | |
|---|---|---|---|
| CJH | 26.30 | 424 /hr | 11,160.00 |
| TOTAL | 26.30 | $ | 11,160.00 |

DISBURSEMENTS

| | | | |
|---|---|---|---|
| 12/11/01 | FEDL | 14.20 | Federal Express from C. J. Hamlin to United States District Court. |

DISBURSEMENT TOTALS

| | | |
|---|---|---|
| FEDL | | 14.20 |
| DISB TOTAL | $ | 14.20 |
| BILL TOTAL | $ | 11,174.20 |

LAST ACTIVE   02/28/02   LAST PAYMENT   / /

# EXHIBIT "E"

Nov-04-02  04:11pm  From-                                              T-705  P.04/05  F-751

Purcell, Ries, Shannon, Mulcahy & O'Neill, Esqs.
Crossroads Business Center
One Pluckemin Way        P O Box 754
Bedminster, NJ 07921-0754
(908) 658-3900

October 28, 2002

Billed through 10/24/02

Client #        0950-14554-004 CJH

HON. ALFRED WOLIN
U.S. DISTRICT COURT, NJ

CASE CAPTION:   U.S. DISTRICT COURT BANKRUPTCY MATTERS
OUR TAX I.D.:   22-2017766

Balance forward as of bill number 003 dated 07/09/02        $13,012.61
Payments received since last bill (last payment 08/20/02)   $ 6,704.52
A/R Adjustments made since last bill                        $ 3,626.85   C
                                                            -----------
Net balance forward                                         $ 2,681.24

FOR PROFESSIONAL SERVICES RENDERED

| | | | | |
|---|---|---|---|---|
| 03/18/02 CJH | Review of published asbestos litigation article forwarded by D. Gross | .50 hrs | 450 /hr | 225.00 |
| 03/21/02 CJH | Receipt and review of Orders and procedures for fee applications | .50 hrs | 450 /hr | 225.00 |
| 05/14/02 CJH | Review of article submitted by W. Drier re: asbestos victim claims | 1.00 hrs | 450 /hr | 450.00 |
| 05/14/02 CJH | Review of confidential memorandum submitted by insurance interests addressing substantive and procedural issues. | 1.00 hrs | 450 /hr | 450.00 |
| 05/17/02 CJH | Meeting and conference at U.S. District Courthouse, Newark, NJ with J. Wolin, D. Gross, J. Keefe, J. Drier, Prof. Mcgovern | 3.00 hrs | 450 /hr | 1,350.00 |
| 05/17/02 CJH | Travel to and from Newark at 1/2 time | 2.00 hrs | 225 /hr | 450.00 |
| 08/10/02 CJH | Review and research of motion and briefs filed in application of Official Committee of asbestos property damage claimants for leave to appeal decision of The Bankruptcy Court in the matter of (W.R. GRACE & CO.) | 3.00 hrs | 450 /hr | 1,350.00 |
| 08/12/02 CJH | Drafting and editing of memo regarding application by Official Committee of Asbestos Property Damage claimant for leave to appeal decision of Bankruptcy Court in the Matter of (W.R. GRACE & CO.) | 3.00 hrs | 450 /hr | 1,350.00 |
| 08/17/02 CJH | Research and review of motion for leave to appeal (BY USG) | 2.00 hrs | 450 /hr | 900.00 |
| 08/17/02 CJH | Drafting of memo regarding merits of USG motion for (J. WOLIN) | 2.00 hrs | 450 /hr | 900.00 |

G — 2

```
Nov-04-02 04:11pm  From-                                    T-705  P.05/05  F-781
HON. ALFRED WOLIN                                                    PAGE  2
Client #        0950-14554-004 CJH
```

| Date | | Description | | | | |
|---|---|---|---|---|---|---|
| 09/07/02 | CJH | Review of briefs and appendix and draft memo re: Plaintiff motion for leave to appeal in (ARMSTRONG) matter | 4.00 hrs | 450 /hr | 1,800.00 |
| 09/14/02 | CJH | Research and drafting of memo regarding motion for leave to appeal in (ARMSTRONG) | 4.00 hrs | 450 /hr | 1,800.00 |
| 09/25/02 | CJH | Telephone conference with E. WOHLFORTH re: various legal issues applicable to all cases (SHARED BY ALL BANRUPTCY CASES) | .30 hrs | 450 /hr | 135.00 |
| 09/30/02 | CJH | Continued drafting of memo re: Plant (OWEN CORNING) appeal | 1.00 hrs | 450 /hr | 450.00 |
| 09/30/02 | CJH | Receipt and initial review of appeal in (FEDERAL MOGUL) Computer Sales Intl. | .50 hrs | 450 /hr | 225.00 |
| 10/07/02 | CJH | Final drafting of memo re: Plant appeal re:(OWENS CORNING) bankruptcy matter | 5.00 hrs | 450 /hr | 2,250.00 |
| 10/08/02 | CJH | Final edit of (OWENS CORNING) memo | 1.00 hrs | 450 /hr | 450.00 |

```
          C. JUDSON HAMLIN   CJH   COUNSEL   2.00 hrs   225 /hr     450.00
          C. JUDSON HAMLIN   CJH   COUNSEL  31.80 hrs   450 /hr  14,310.00
                                            33.80 hrs
```

DISBURSEMENTS

```
          Parking fees for C. J. Hamlin at Newark Court            8.95
          Parking fees for C. J. Hamlin at Newark Court            8.95
          Parking fees for C. J. Hamlin at Newark Court            8.95
          Facsimile charge at $ -.25 per page;                     1.50
          Federal Express from C. J. Hamlin to Evans
          Wohforth                                                13.60
                                                         -------------
          Total disbursements for this matter           $     41.95
```

BILLING SUMMARY

```
          C. JUDSON HAMLIN   CJH   COUNSEL                       450.00
          C. JUDSON HAMLIN   CJH   COUNSEL                    14,310.00
                                                         -------------
          TOTAL FEES                                     $14,760.00

          TOTAL DISBURSEMENTS                            $     41.95
                                                         -------------
          TOTAL CHARGES FOR THIS BILL                    $14,801.95

          UNPAID BALANCE                                 $ 2,681.24
                                                         -------------
          TOTAL BALANCE                                  $17,483.19
```

G - 25

# EXHIBIT "F"

Exhibit C

Purcell, Ries, Shannon, Mulcahy & O'Neill, Esqs.
Crossroads Business Center
One Pluckemin Way      P O Box 754
Bedminster, NJ 07921-0754
(908) 658-3800

April 17, 2003

Billed through 04/10/03

Client #        0950-14554-007 CJH

HON. ALFRED WOLIN
U.S. DISTRICT COURT, NJ

CASE CAPTION:   U.S. DISTRICT COURT BANKRUPTCY MATTERS
OUR TAX I.D.:   22-2017766

Balance forward as of bill number 005 dated 01/31/03            $ 2,688.29

FOR PROFESSIONAL SERVICES RENDERED

| | | | | |
|---|---|---|---|---|
| 03/10/03 LC | Review file and create case index (.6); identify, analyze and index documents for case index update (.7) integrate correspondence and pleadings (A1) into index (.7) and update case index (.5) | | | |
| | | 2.50 hrs | 95 /hr | 237.50 |
| 03/26/03 LC | Identify, analyze and index documens for summation update | .50 hrs | 95 /hr | 47.50 |
| 03/27/03 LC | Continue to identify, analyze and index documents for summation update. | .60 hrs | 95 /hr | 57.00 |
| 04/09/03 LC | Identify, analyze and index documents for case index update. | .50 hrs | 95 /hr | 47.50 |
| 04/10/03 LC | Preparation of documents for preliminary index re: testimony before the Senate (.4); update case index (.2); review and analysis of documents for case index update and inegrate documents into index (.4). | | | |
| | | 1.00 hrs | 95 /hr | 95.00 |
| | LYNN CITRINO | 5.10 hrs | 95 /hr | 484.50 |
| | | 5.10 hrs | | |

DISBURSEMENTS

| | |
|---|---|
| Federal Express from C. J. Hamlin to Whitney Chelnik, Esq. | 11.48 |
| Federal Express from C. J. Hamlin to E. Evans Wohlforth, Jr. | 18.73 |
| Total disbursements for this matter | $    30.21 |

BILLING SUMMARY

| | |
|---|---|
| LYNN CITRINO | 484.50 |
| TOTAL FEES | $   484.50 |

K - 1

HON. ALFRED WOLIN
Client #          0950-14554-007 CJH                          PAGE 2

TOTAL DISBURSEMENTS                                    $       30.21

TOTAL CHARGES FOR THIS BILL                            $      514.71

UNPAID BALANCE                                         $ 2,688.29

TOTAL BALANCE                                          $ 3,203.00

K

Purcell, Ries, Shannon, Mulcahy & O'Neill, Esqs.
Crossroads Business Center
One Fluckemin Way      P O Box 754
Bedminster, NJ 07921-0754
(908) 658-3800

April 17, 2003

Billed through 04/10/03

Client #        0950/A-14554-001 CJH

OWENS CORNING


CASE NAME:     OWENS CORNING
OUR TAX I.D.:  22-2017766

FOR PROFESSIONAL SERVICES RENDERED

| | | |
|---|---|---|
| 02/03/03 LC | Continue organization of documents for database entry for Owens Corning. | .40 hrs |
| 02/03/03 LC | Review, index and update database correspondence, discovery and pleadings for Owens Corning. | .30 hrs |
| 02/04/03 LC | Retrieve and prepare documents re: Opinions for Owens Corning. | .10 hrs |
| 03/10/03 LC | Identify, analyze and index documents for case index update for Owens Corning. | 1.00 hrs |


BILLING SUMMARY

| | | | |
|---|---|---|---|
| LYNN CITRINO | 1.80 hrs | 95 /hr | 171.00 |
| TOTAL FEES | 1.80 hrs | $ | 171.00 |
| TOTAL CHARGES FOR THIS BILL | | $ | 171.00 |

K ⊢

Purcell, Ries, Shannon, Mulcahy & O'Neill, Esqs.
Crossroads Business Center
One Fluckemin Way        P O Box 754
Bedminster, NJ 07921-0754
(908) 658-3800

April 17, 2003

Billed through 04/10/03

Client #        0950/B-14554-001 CJH

W.R. GRACE

CASE NAME:     W.R. GRACE
OUR TAX I.D.:  22-2017766

FOR PROFESSIONAL SERVICES RENDERED

03/31/03 LC   Identify, analyze and index documents for case
              index update general file, W.R. Grace          .60 hrs

BILLING SUMMARY

| | | | |
|---|---|---|---|
| LYNN CITRINO | .60 hrs | 95 /hr | 57.00 |
| TOTAL FEES | .60 hrs | ¢ | 57.00 |
| TOTAL CHARGES FOR THIS BILL | | ¢ | 57.00 |

K -

Purcell, Ries, Shannon, Mulcahy & O'Neill, Esqs.
Crossroads Business Center
One Fluckemin Way      P O Box 754
Bedminster, NJ 07921-0754
(908) 658-3800

April 17, 2003

Billed through 04/10/03

Client #        0950/C-14554-001 CJH

ARMSTRONG


CASE NAME:      ARMSTRONG
OUR TAX I.D.:   22-2017766

FOR PROFESSIONAL SERVICES RENDERED

| Date | | Description | Hours |
|------|---|------------|-------|
| 02/03/03 | LC | Continue organization of documents for database entry for Armstrong. | .30 hrs |
| 02/03/03 | LC | Review, index and update database pleadings for Armstrong. | .50 hrs |
| 02/03/03 | LC | Review, index and update database correspondence, discovery and pleadings for Armstrong. | .30 hrs |
| 02/04/03 | LC | Retrieve and prepare documents re: Opinions for Armstrong. | .10 hrs |


BILLING SUMMARY

| | | | |
|--------------|-----------|---------|---------|
| LYNN CITRINO | 1.20 hrs | 95 /hr | 114.00 |
| TOTAL FEES | 1.20 hrs | $ | 114.00 |

TOTAL CHARGES FOR THIS BILL                    $   114.00

K - 2

Purcell, Ries, Shannon, Mulcahy & O'Neill, Esqs.
Crossroads Business Center
One Pluckemin Way      P O Box 754
Bedminster, NJ 07921-0754
(908) 658-3800

April 17, 2003

Billed through 04/10/03

Client #      0950/D-14554-001 CJH

FEDERAL MOGUL

CASE NAME:    FEDERAL MOGUL
OUR TAX I.D.:  22-2017766

FOR PROFESSIONAL SERVICES RENDERED

| Date | | Description | Hours |
|---|---|---|---|
| 02/03/03 | LC | Continue organization of documents for database entry for Federal Mogul. | .30 hrs |
| 02/03/03 | LC | Review, index and update database pleadings for Federal Mogul. | .50 hrs |
| 02/03/03 | LC | Review, index and update database correspondence, discovery and pleadings for Federal Mogul. | .40 hrs |
| 02/04/03 | LC | Search Internet – United State Bankruptcy Court, Delaware for opinion by Judge Randall Newsome for appeal for Federal Mogul. | .80 hrs |
| 02/17/03 | CJH | Research and drafting memorandum for the court re: issues in CSI appeal in Federal Mogul. | 4.00 hrs |
| 02/18/03 | CJH | Final edit of memorandum for District Court re: CSI appeal in Federal Mogul matter. | 1.00 hrs |
| 02/19/03 | LC | Draft cover explanatory note forwarding CSI v. Federal Mogul original documents to E. Evans Wohlforth. | .50 hrs |
| 03/31/03 | LC | Identify, analyze and index documents for case index update general file, Federal Mogul. | .50 hrs |

BILLING SUMMARY

| | | | Hours | Rate | Amount |
|---|---|---|---|---|---|
| C. JUDSON HAMLIN | CJH | COUNSEL | 5.00 hrs | 450 /hr | 2,250.00 |
| LYNN CITRINO | | | 3.00 hrs | 95 /hr | 285.00 |
| TOTAL FEES | | | 8.00 hrs | | $ 2,535.00 |

TOTAL CHARGES FOR THIS BILL          $ 2,535.00

K - 26

Purcell, Ries, Shannon, Mulcahy & O'Neill, Esqs.
Crossroads Business Center
One Pluckemin Way        P O Box 754
Bedminster, NJ 07921-0754
(908) 658-3800

April 17, 2003

Billed through 04/10/03

Client #        0950/E-14554-001 CJH

U.S. GYPSUM

CASE NAME:    U.S. GYPSUM
OUR TAX I.D.:  22-2017766

FOR PROFESSIONAL SERVICES RENDERED

| | | |
|---|---|---|
| 02/04/03 LC | Retrieve and prepare documents re: Opinions for U.S. Gypsum. | .20 hrs |
| 03/31/03 LC | Identify, analyze and index documents for case index update general file, U.S. Gypsum | .50 hrs |
| 04/10/03 LC | Update U.S. Gypsum case index. | .20 hrs |

BILLING SUMMARY

| | | | |
|---|---|---|---|
| LYNN CITRINO | .90 hrs | 95 /hr | 85.50 |
| TOTAL FEES | .90 hrs | $ | 85.50 |
| | | | |
| TOTAL CHARGES FOR THIS BILL | | $ | 85.50 |

K - 2.

## UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ARMSTRONG WORLD INDUSTRIES, INC., et al., | Chapter 11 |
| | Case Nos. 00-4471, 00-4469, 00-4470 |
| | (Jointly Administered) |
| Debtors. | |
| | |
| IN RE: W. R. GRACE & CO., et al., | Chapter 11 |
| | Case Nos. 01-1139 through 01-1200 |
| | (Jointly Administered) |
| Debtors. | |
| | |
| IN RE: FEDERAL MOGUL GLOBAL, INC., T & N LIMITED, et al., | Chapter 11 |
| | Case Nos. 01-10578, et al |
| | (Jointly Administered) |
| Debtors. | |
| | |
| IN RE: USG CORPORATION, a Delaware Corporation, et al., | Chapter 11 |
| | Case Nos. 01-2094 through 01-2104 |
| | (Jointly Administered) |
| Debtors. | |
| | |
| IN RE: OWENS CORNING, et al., | Chapter 11 |
| | Case Nos. 00-3837 through 00-3854 |
| | (Jointly Administered) |
| Debtors. | |

IN RE:      GENERAL ASBESTOS

### THIRD INTERIM ORDER AWARDING FEES AND EXPENSES TO PURCELL, RIES, SHANNON, MULCAHY & O'NEILL ON BEHALF OF THE COURT APPOINTED ADVISOR C. JUDSON HAMLIN

This matter having been opened before the Court upon the third application of Purcell,

Ries, Shannon, Mulcahy & O'Neill on behalf of the Court Appointed Advisor C. Judson Hamlin;

and the Court having by previous Order withdrawn the reference to the Bankruptcy Court with

respect to such applications and granted leave to the Court Appointed Advisors to make interim

K — 2

applications for the allowance of fees and expenses incurred in the course of their appointment by the Court; having received no opposition to the application; and the Court having found that the fees and expenses are reasonable and that the services rendered were necessary for the administration of the debtors' estates and not duplicative of any other services rendered and for other good cause shown

IT IS on this _____ day of _____, 2003

ORDERED that the third application of Purcell, Ries, Shannon, Mulcahy & O'Neill on behalf of C. Judson Hamlin for an interim allowance of fees and expenses is hereby granted and fees and expenses are allowed on an interim basis in the amount of $3,477.20; and it is further

ORDERED that the interim fees and expenses allowed pursuant to this Order are to be allocated among the debtors as follows:

$2,637.90 in fees and expenses against Federal Mogul, Inc.;

$159.90 in fees and expenses against W.R. Grace & Co.;

$216.90 in fees and expenses against Armstrong World Industries, Inc.;

$273.90 in fees and expenses against Owens Corning; and

$188.40 in fees and expenses against U.S.G. Corporation; and it is further

ORDERED that the debtors are authorized and directed to pay to Purcell, Ries, Shannon, Mulcahy & O'Neill the amounts as set forth herein; and it is further

ORDERED that amounts received pursuant to this interim Order may be subject to disgorgement as may be provided in the final Order of allowance of fees and expenses at the conclusion of the above-captioned Chapter 11 cases.

_____
ALFRED M. WOLIN, U.S.D.J.

K - ?

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | Case No. 01-01139 (JKF) |
| W.R. GRACE & CO., et al. | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | **Relates to Docket No. 4575** |

## OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE APPLICATION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 105, 327 AND 524(g)(4)(B), FOR THE APPOINTMENT OF C. JUDSON HAMLIN AS LEGAL REPRESENTATIVE FOR FUTURE CLAIMANTS

TO:   THE HONORABLE JUDITH K. FITZGERALD
      UNITED STATES BANKRUPTCY JUDGE:

The Official Committee of Unsecured Creditors (the "Creditors' Committee"), by its undersigned counsel, submits this objection to the application filed by the Debtors on or about October 13, 2003 (the "Application") seeking the appointment of C. Judson Hamlin as Legal Representative for Future Claimants (the "Futures Representative"), and respectfully states as follows:

### PRELIMINARY STATEMENT

1.      By their Application, the Debtors seek the appointment of C. Judson Hamlin as Futures Representative in these cases. The Debtors contend that Mr. Hamlin is qualified to serve the interests of the class of future asbestos personal injury claimants, but that is not the issue. The Application is almost completely silent as to the pertinent issue that disqualifies Mr. Hamlin from serving as Futures Representative: his participation as a Court Appointed Consultant to

District Judge Wolin in these very same bankruptcy cases, among four others. Mr. Hamlin has, at the Court's request, evaluated and considered various legal matters at issue in the W.R. Grace and other asbestos bankruptcy cases, and advised the Court on those issues. As a result, Mr. Hamlin's quasi-judicial role disqualifies him from serving as Futures Representative. Mr. Hamlin's nearly two year long position as a trusted advisor to Judge Wolin in these bankruptcy cases cannot be erased or remedied in order to cure this conflict. The only remedy is to deny the Application.

## **BACKGROUND**

2.      On April 2, 2001, the Debtors filed voluntary petitions for reorganization under chapter 11 of the Bankruptcy Code and have continued in the management and operation of their business and property.

3.      On or about November 27, 2001, the U.S. Court of Appeals for the Third Circuit appointed District Judge Alfred M. Wolin to preside over five asbestos bankruptcy cases pending in the U.S. Bankruptcy Court for the District of Delaware, including the W.R. Grace bankruptcy cases (the "Delaware Asbestos Bankruptcies").[1]  In appointing Judge Wolin, that Court noted the common issues in the Delaware Asbestos Bankruptcies: "these bankruptcy cases, which carry with them tens of thousands of asbestos claims, need to be consolidated before a single judge so that a coordinated plan for management can be developed and implemented." See Exhibit A

---

[1]     The Delaware Asbestos Bankruptcies are:  In re Armstrong World Industries, Inc. (Nos. 00-4471, 00-4469, 00-4470), In re Federal-Mogul Global, Inc., T & N Limited (Nos. 01-10578 et al.), In re USG Corp., (Nos. 01-2094 through 01-2104), In re Owens Corning (Nos. 00-3847 through 00-3854) and In re W.R. Grace. See caption, Exhibits A, B, C.

hereto, Designation of a District Judge for Services in Another District Within the Circuit, dated November 27, 2001.

4.     On or about December 28, 2001, Judge Wolin issued his Order Designating Court Appointed Consultants and Special Masters (the "Consultants Order"), by which he appointed Mr. Hamlin and four others, including David R. Gross, to serve as advisors to the Court in administering the Delaware Asbestos Bankruptcies now pending before him. The Court Appointed Consultants were named "to advise the Court and to undertake such responsibilities, including by way of example and not limitation, mediation of disputes, holding case management conferences, and consultation with counsel, as the Court may delegate to them individually ...." See Consultants Order, Exhibit B hereto. The Consultants Order also provides that "the parties are on notice that the Court may, without further notice, appoint any of the Court Appointed Consultants to act as a Special Master to hear any disputed matter and to make a report and recommendation to the Court on the disposition of such matter ..." Id. Judge Wolin subsequently described the role of his Consultants as "occupying a unique position in the cases not shared by other persons employed in these cases" and "functioning in a manner in all respects similar to examiners as provided for in the Bankruptcy Code; 11 U.S.C. §§ 1104, 1106...." See Exhibit C hereto, Order 1) Partially Withdrawing the Reference and 2) Governing Applications for the Allowance of Fess and Expenses to Court Appointed Advisors, dated March 19, 2002. The Consultants Order also provided that the Court Appointed Consultants would be compensated by the respective Debtors' estates. See Exhibit B.

5.     Mr. Hamlin continues to serve the Court in his role as Court Appointed Consultant. To date, Mr. Hamlin has filed no less than three fee applications in the Delaware

3

Asbestos Bankruptcies documenting the work he has done to assist the Court, some of which was done specifically in the <u>W.R. Grace</u> bankruptcy cases, and has been awarded over $30,000 in fees for such work. <u>See</u> Exhibit D hereto (collectively, the First, Second and Third Fee Applications filed by Mr. Hamlin).

### ARGUMENT

### THE APPLICATION SHOULD BE DENIED BECAUSE MR. HAMLIN SERVES AS A COURT APPOINTED CONSULTANT TO THE COURT AND HE THEREFORE IS DISQUALIFIED AS SERVING AS FUTURES <u>REPRESENTATIVE IN THE VERY SAME CASES</u>

6.    Mr. Hamlin cannot be approved as the Futures Representative in these Chapter 11 cases because of his prior and continuing role as Court Appointed Consultant to Judge Wolin. Indeed, the Debtors' Application and Mr. Hamlin's Verified Statement Pursuant to Bankruptcy Rule 2014(a) (the "Hamlin Verified Statement") both refer to Mr. Hamlin's role to date in the Delaware Asbestos Bankruptcies, including in these <u>W.R. Grace</u> bankruptcy cases, as one of Judge Wolin's advisors.[2] Mr. Hamlin has, in effect, been serving in a quasi-judicial role in the Delaware Asbestos Bankruptcies and he cannot now appear as an advocate for a party in the very same cases that he has played a role in administering. Just as a judge could not step off of the bench and represent a party in an action that was pending before that Court, nor can Mr. Hamlin

---

[2]    The Application itself admits (even if understates) that "Mr. Hamlin's long involvement in mass torts has led to his appointment by this Court to act as special consultant and case manager in six asbestos chapter 11 cases." Application at 5, ¶ 11. The Hamlin Verified Statement discloses that Mr. Hamlin "presently serves as a special consultant and case manager assigned by this Court to assist in the resolution of the five asbestos-related cases pending before this Court, including these Chapter 11 cases." Hamlin Verified Statement at ¶ 4. Mr. Hamlin then represents that "I do not believe that serving as the Futures Representative to represent the rights and interest of the Future Claimants of the Debtors presents a conflict of interest." <u>Id.</u> at ¶ 6. The Creditors' Committee disagrees with this conclusion, for the reasons set forth <u>infra</u>.

represent the class of future asbestos personal injury claimants in the very same bankruptcy cases in which he served -- and continues to serve -- as a Court Appointed Consultant.[3]

7.      Moreover, Mr. Hamlin's retention is sought by the Debtors pursuant to, inter alia, section 327 of the Bankruptcy Code.  Section 327(f) of the Bankruptcy Code, however, expressly provides that "[t]he trustee may not employ a person that has served as an examiner in the case." 11 U.S.C. § 327(f).  Judge Wolin, in his order approving fees to be paid by the respective debtors to Mr. Hamlin and the other Court Appointed Consultants, expressly found that these consultants were "functioning in a manner in all respects similar to examiners as provided for in the Bankruptcy Code; 11 U.S.C. §§ 1104, 1106...." See Exhibit C hereto, Order 1) Partially Withdrawing the Reference and 2) Governing Applications for the Allowance of Fess and Expenses to Court Appointed Advisors, dated March 19, 2002.  That Mr. Hamlin has functioned judicially as the equivalent of an examiner in the Delaware Asbestos Bankruptcies – including in

---

[3]      Indeed, this very situation – the retention by a party of person who served in a judicial capacity in the same matter – is, not surprisingly, barred by the applicable Delaware ethical rules.  Rule 1.12 of the Delaware Rules of Professional Conduct provides that:

> a lawyer shall not represent anyone in connection with a matter in which the lawyer participated personally and substantially as a judge or other adjudicative officer or law clerk to such a person or as an arbitrator, mediator or other third-party neutral, unless all parties to the proceeding consent after full disclosure.

Del. Prof. Cond. R. 1.12.The "comment" to Rule 1.12 further explains that "[t]he term 'adjudicative officer' includes such officials as judges pro tempore, referees, special masters, hearing officers and other parajudicial officers, and also layers who serve as part-time judges." Accordingly, because Mr. Hamlin has served "personally and substantially" as an "adjudicative officer" in the Delaware Asbestos Bankruptcies, Delaware Rule 1.12 applies.

Delaware District Court Rule 83.6(d)(2) adopts "the Model Rules of Professional Conduct of the American Bar Association, subject to such modifications as may be required or permitted by Federal statute, court rule or decision of law ..." Pursuant to D. Del. Bankruptcy Rule 1001-1(b), the Delaware Bankruptcy Court adopted the District of Delaware Local rules, including the ethical rules.

The New Jersey rule is virtually identical to the Delaware rule. See N.J. Court Rules, RPC 1.12.

SSL-DOCS2 70137196v2

these very W.R. Grace chapter 11 cases – requires denial of the Debtors' Application under section 327(f).

8.     Further, the Committee submits that Mr. Hamlin's services to the Court pose an actual or a potential conflict with his proposed appointment as Futures Representative because, in the former role, he has considered and advised the Court on a host of issues in the very same cases in which he now seeks the role of an advocate. Section 327(a) of the Bankruptcy Code precludes his appointment. It provides that

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent the trustee in carrying out the trustee's duties under this title.

Id. "Disinterested person" is defined in section 101(14) of the Bankruptcy Code as, inter alia, a person that "does not have an interest materially adverse to the interests of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor or an investment banker ... or for any other reason." In In re Marvel, the Court of Appeals for the Third Circuit held that, "§ 327(a) allows disqualification of attorneys only if they have an *actual* or a *potential* conflict of interest." In re Marvel Entm't Group, 140 F.3d 463, 476 (3d Cir. 1998) (emphasis in original); see also In re Pillowtex, Inc., 304 F.3d 246, 251 (3d Cir. 2002) (reiterating holding in Marvel and stating that the same standards apply to retention of counsel by a debtor-in-possession).

9.     Marvel and its progeny apply to the Application and preclude the proposed appointment of Mr. Hamlin. See Locks v. United States Trustee, 157 B.R. 89, 93 (W.D. Pa.

SSL-DOCS2 70137196v2

6

1993) (applying 327(a) conflict standard to proposed appointment of Futures Representative in an asbestos bankruptcy case). Mr. Hamlin's disabling conflict is that he has served in a quasi-judicial role as to all constituencies in these cases, including the future claimants. According to his time records (through the spring of 2003) submitted in the Delaware Asbestos Bankruptcies, Mr. Hamlin charged in excess of $30,000 in fees for services rendered in these five cases. He provided certain services solely with respect to the W.R. Grace cases (advising the Court with respect to the Debtors' filing of certain proofs of claim on behalf of certain claimants without those claimants' consent; see Ex. D), and did other work that he charged equally to each of the Delaware Asbestos Bankruptcies because it was "applicable to all cases." Id.

10.    In his role as Court Appointed Consultant, Mr. Hamlin is part of Judge Wolin's inner circle of advisors. It therefore would be patently inequitable and prejudicial to all other constituencies in these cases for Mr. Hamlin to now step out from his position next to Judge Wolin to represent exclusively a particular constituency before the very same Court and in the very same cases in which Mr. Hamlin has acted as a judicial officer and examiner. He has consulted with the Court on issues in each of the Delaware Asbestos Bankruptcies, including on issues common to them all. See Exhibit A hereto ("these bankruptcy cases, which carry with them tens of thousands of asbestos claims, need to be consolidated before a single judge so that a coordinated plan for management can be developed and implemented."). This circumstance requires denial of the Application pursuant to Section 105.

## REQUEST FOR ADJOURNMENT OF APPLICATION

11.    A motion to recuse (the "Recusal Motion") Judge Wolin has been filed by certain creditors in the In re Owens Corning bankruptcy case (one of the Delaware Asbestos

SSL-DOCS2 70137196v2

Bankruptcies) on the basis that Mr. Hamlin is presently serving as Futures Representative in the case of <u>In re G-I Holdings, Inc.</u>, pending in the Bankruptcy Court for the District of New Jersey.

12.     If the Court is not inclined at this time to deny the Application to appoint Mr. Hamlin, the Committee respectfully requests that the Court defer its determination of the merits of the Application pending final disposition of the issues raised by the Recusal Motion.

13.     The Creditors' Committee reserves its rights to amend or supplement this objection in any manner, including to assert additional grounds of objection to the Application.

**WHEREFORE,** the Creditors' Committee respectfully requests that this Court

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

deny the Application, and grant such other and further relief as may be just and proper.

Dated: New York, New York
      October 31, 2003

                Respectfully submitted:

                **STROOCK & STROOCK & LAVAN LLP**
                Lewis Kruger
                Kenneth Pasquale
                (Members of the Firm)
                180 Maiden Lane
                New York, NY 10038
                Telephone:   (212) 806-5400
                Facsimile:    (212) 806-6006

                and

                **DUANE MORRIS LLP**

                Michael R. Lastowski (DE I.D. No. 3892)
                William S. Katchen
                1100 North Market Street
                Suite 1200
                Wilmington, Delaware 19801
                Telephone:   (302) 657-4942
                Facsimile:    (302) 657-4901

                Co-Counsel for the Official Committee of
                Unsecured Creditors of W.R. Grace & Co, et. al.

# EXHIBIT A

NOV-27-2001   14:08        EDWARD R BECKER                              215 597 7217      P.03/04

## DESIGNATION OF A DISTRICT JUDGE
### FOR SERVICE IN ANOTHER DISTRICT WITHIN THE CIRCUIT


WHEREAS, in my judgment the public interest so requires NOW, THEREFORE,

pursuant to the provisions of Title 28 U.S.C. § 292(b), I do hereby designate and assign the

Honorable Alfred M. Wolin of the United States District Court for the District of New Jersey to

hold court in the District of Delaware during the period beginning November 27, 2001 and

ending November 27, 2002, and for such additional time thereafter as may be required to

complete unfinished business in the following cases:

| | |
|---|---|
| Armstrong Work Industries | No. 00-4471 |
| Federal-Mogul | No. 01-10578 |
| USA | No. 01-2094 |
| W.R. Grace | No. 01-1139 |
| Owens Corning | No. 00-3837 |


This order is entered after consultation with and with and the assent of Chief Judge Sue

L. Robinson, Judge Joseph J. Farnan, Jr., Judge Roderick R. McKelvie and Judge Gregory M.

Sleet of the District of Delaware. As Chief Judge of the Court of Appeals and presiding officer

of the Judicial Council of the Third Circuit, it is my considered judgment that these bankruptcy

cases, which carry with them tens of thousands asbestos claims, need to be consolidated before a

single judge so that a coordinated plan for management can be developed and implemented. It is

contemplated that Judge Wolin will assign a portion of these cases to various bankruptcy judges

sitting in the District of Delaware so they may assist in moving these matters forward. As a

A  -  1

significant portion of the asbestos cases in this country are proceeding under the aegis of this

litigation, I deem this assignment and consolidation critically important to the administration of

justice.

_____
            Edward R. Becker
    Chief Judge of the Third Judicial Circuit


Dated:  11-27-01

A

# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IN RE: ARMSTRONG WORLD       :    Chapter 11
INDUSTRIES, INC., et al.,:         Case Nos. 00-4471, 00-4469,
                             :              00-4470
          Debtors.          :
-------------------------
IN RE: W.R. GRACE & CO., :        Chapter 11
et al.,                     :    Case Nos. 01-1139 through
                             :              0-1200
          Debtors.          :
-------------------------
IN RE: FEDERAL-MOGUL         :    Chapter 11
GLOBAL, INC., T&N           :    Case Nos. 01-10578, et al.[1]
LIMITED, et al.,            :
                             :
          Debtors.          :
-------------------------
IN RE: USG CORPORATION,      :    Chapter 11
a Delaware Corporation,     :    Case Nos. 01-2094 through
et al.,                     :              01-2104
                             :
          Debtors.          :
-------------------------
IN RE: OWENS CORNING,        :    Chapter 11
et al.,                     :    Case Nos. 00-3837 through
                             :              00-3854
          Debtors.          :

**ORDER DESIGNATING COURT APPOINTED CONSULTANTS
AND SPECIAL MASTERS**

This matter having been opened by the Court upon its own
motion in each of the above-captioned Chapter 11 cases; and the
interested parties having been put on notice by the Court at the
joint case management conference held on December 20, 2001, that
the Court anticipated appointing special masters and/or case

-------------------------

[1]See attached list.

C - 1

management consultants to whom the Court may from time to time
delegate certain authority to hear matters and to advise the
Court on issues that may arise in these five large Chapter 11
cases; and for good cause shown

It is this 28th day of December, 2001

ORDERED that the following Order applies to the lead cases
identified in the caption of this Order and to all cases filed as
related cases thereto, and it is further

ORDERED that William A. Drier, Esq., David R. Gross, Esq.,
C. Judson Hamlin, Esq., John E. Keefe, Esq., and Professor
Francis E. McGovern are hereby designated as Court Appointed
Consultants to advise the Court and to undertake such
responsibilities, including by way of example and not limitation,
mediation of disputes, holding case management conferences, and
consultation with counsel, as the Court may delegate to them
individually, and it is further

ORDERED that the parties are on notice that the Court may,
without further notice, appoint any of the Court-Appointed
Consultants to act as a Special Master to hear any disputed
matter and to make a report and recommendation to the Court on
the disposition of such matter, and it is further

ORDERED that William A. Drier, Esq., is hereby appointed
Special Master in the matter of In re W.R. Grace & Co.,
Bankruptcy No. 01-1139 through 01-1200, to hear all disputed
matters in that Chapter 11 case for which the Court's Order of

C  —  1

Reference may be withdrawn from the Honorable Judith K.
Fitzgerald, United States Bankruptcy Judge, and it is further

ORDERED that the fees of the Court Appointed Consultants and
Special Master(s) shall be borne by the debtors in such manner
and apportionment as this Court or the Bankruptcy Courts may
hereinafter direct.


_____
ALFRED M. WOLIN, U.S.D.J.

C  -  3

IN RE: **FEDERAL-MOGUL GLOBAL, INC.**
**Case Numbers**

| | | | |
|---|---|---|---|
| 01-10578 | 01-10643 | 01-10700 | 01-10750 |
| 01-10580 | 01-10644 | 01-10701 | 01-10751 |
| 01-10582 | 01-10646 | 01-10702 | 01-10752 |
| 01-10585 | 01-10647 | 01-10703 | 01-10753 |
| 01-10586 | 01-10649 | 01-10704 | 01-10754 |
| 01-10587 | 01-10650 | 01-10705 | 01-10755 |
| 01-10589 | 01-10651 | 01-10706 | 01-10756 |
| 01-10591 | 01-10652 | 01-10707 | 01-10757 |
| 01-10593 | 01-10653 | 01-10708 | 01-10758 |
| 01-10594 | 01-10654 | 01-10710 | 01-10759 |
| 01-10596 | 01-10655 | 01-10711 | 01-10760 |
| 01-10598 | 01-10656 | 01-10712 | 01-10761 |
| 01-10599 | 01-10657 | 01-10713 | 01-10762 |
| 01-10600 | 01-10658 | 01-10714 | 01-10763 |
| 01-10601 | 01-10659 | 01-10715 | 01-10764 |
| 01-10603 | 01-10660 | 01-10716 | 01-10765 |
| 01-10604 | 01-10661 | 01-10717 | 01-10766 |
| 01-10605 | 01-10662 | 01-10718 | 01-10767 |
| 01-10606 | 01-10664 | 01-10719 | 01-10768 |
| 01-10608 | 01-10665 | 01-10721 | 01-10769 |
| 01-10610 | 01-10666 | 01-10722 | 01-10770 |
| 01-10611 | 01-10668 | 01-10723 | 01-10771 |
| 01-10613 | 01-10669 | 01-01724 | 01-10772 |
| 01-10614 | 01-10672 | 01-10726 | 01-10773 |
| 01-10615 | 01-10673 | 01-10727 | 01-10774 |
| 01-10617 | 01-10675 | 01-10728 | |
| 01-10618 | 01-10682 | 01-10729 | |
| 01-10619 | 01-10683 | 01-10730 | |
| 01-10620 | 01-10684 | 01-10731 | |
| 01-10621 | 01-10685 | 01-10732 | |
| 01-10622 | 01-10686 | 01-10733 | |
| 01-10623 | 01-10687 | 01-10734 | |
| 01-10625 | 01-10688 | 01-10736 | |
| 01-10626 | 01-10689 | 01-10737 | |
| 01-10627 | 01-10690 | 01-10739 | |
| 01-10629 | 01-10691 | 01-10741 | |
| 01-10630 | 01-10692 | 01-10742 | |
| 01-10632 | 01-10693 | 01-10743 | |
| 01-10633 | 01-10694 | 01-10744 | |
| 01-10634 | 01-10695 | 01-10745 | |

C - 4

| | | |
|---|---|---|
| 01-10637 | 01-10696 | 01-10746 |
| 01-10638 | 01-10697 | 01-10747 |
| 01-10640 | 01-10698 | 01-10748 |
| 01-10641 | 01-10699 | 01-10749 |

# EXHIBIT C

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ARMSTRONG WORLD : INDUSTRIES, INC., et al.,: : Debtors.    : | Chapter 11 Case Nos. 00-4471, 00-4469, 00-4470 |
| ------------------------- IN RE: W.R. GRACE & CO., : et al.,             : :           Debtors.    : | Chapter 11 Case Nos. 01-1139 through 0-1200 |
| ------------------------- IN RE: FEDERAL-MOGUL    : GLOBAL, INC., T&N       : LIMITED, et al.,        : :           Debtors.    : | Chapter 11 Case Nos. 01-10578, et al.[1] |
| ------------------------- IN RE: USG CORPORATION, : a Delaware Corporation, : et al.,                 : :           Debtors.    : | Chapter 11 Case Nos. 01-2094 through 01-2104 |
| ------------------------- IN RE: OWENS CORNING,   : et al.,                 : :           Debtors.    : | Chapter 11 Case Nos. 00-3837 through 00-3854 |

**ORDER 1) PARTIALLY WITHDRAWING THE REFERENCE AND 2) GOVERNING APPLICATIONS FOR THE ALLOWANCE OF FEES AND EXPENSES TO COURT APPOINTED ADVISORS**

This matter being opened upon the Court's own motion pursuant to the authority granted in 11 U.S.C. § 105(a) and the Court's inherent power; and the Court, pursuant to its Order of December 28, 2001, having appointed certain persons as Court Appointed Advisors ("Advisors") and in that Order and in subsequent Orders

---

[1]See attached list.

D - 1

certain of these Advisors having been designated Special Masters to hear and report on matters specifically delegated to them by the Court as set forth in those Orders; and it appearing that the Advisors are functioning in a manner in all respects similar to examiners as provided for in the Bankruptcy Code, 11 U.S.C. §§ 1104, 1106; and the Bankruptcy Code and Rules providing for the compensation of examiners, officers and professional persons pursuant to 11 U.S.C. §§ 330, 331; and the Advisors, by virtue of their direct appointment by the Court, occupying a unique position in the above-captioned cases not shared by other persons employed in these cases; and the Court having determined that the continued employment of the Advisors in their various capacities is necessary for the efficient administration of these very large mass-tort chapter 11 cases and in the best interests of the creditors, equity holders and the estates in bankruptcy and that the debts of the estates as specified in 11 U.S.C. § 1104(c)(2) exceed $5,000,000; and for good cause shown

IT IS this 19 day of March 2002

ORDERED that pursuant to 28 U.S.C. § 157 and the Order of this Court issued December 10, 2001, the reference of these cases to the Bankruptcy Court, Judge Randall J. Newsome and Judge Judith K. Fitzgerald presiding, is hereby withdrawn with respect to any application for an allowance of fees filed by any of the Advisors, and it is further

2

D - 2

ORDERED that the Advisors may make application for the allowance of their fees and expenses from the debtors' estates directly to this Court in the first instance, requesting that such applications be reviewed and approved by the Court pursuant to the substantive standards set forth in 11 U.S.C. § 330, and it is further

ORDERED that any application for the allowance of fees and expenses shall set forth how the applicant believes the fees and expenses should be allocated between the debtors, and it is further

ORDERED that, although by its terms local bankruptcy rule 2016-2 does not apply to applications for the allowance of fees and expenses by the Advisors, local rule 2016-2(d) governing information requirements relating to compensation requests is hereby incorporated by reference and made applicable to applications by the Advisors pursuant to this Order, and it is further

ORDERED that the Advisors may make interim applications for the allowance of fees and expenses pursuant to 11 U.S.C. § 331, on a monthly basis, and it is further

ORDERED that an application for the allowance of fees and expenses pursuant to this Order shall not set forth a hearing date for the application and no hearing will be held unless written objection is filed with the Court no later than ten days

3

D - 5

after service upon the objecting party of the fee application,
and it is further

ORDERED that no Administrative Order or other Order in any
of the above-captioned cases governing applications for the
allowance of fees and expenses to professionals shall apply to an
application by any of the Court Appointed Advisors pursuant to
this Order except as provided below with respect to service, and
it is further

ORDERED that any application made pursuant to this Order
shall be served on the same parties and in the same manner as
provided by applicable rule as superseded or modified by any
Administrative Order of the Bankruptcy Court governing
applications for the allowance of fees and expenses to
professionals for which the reference has not been withdrawn, and
it is further

ORDERED that this Order shall not limit the Court's ability,
upon adequate notice, to charge fees and expenses of the Advisors
upon parties besides the debtors on the grounds of equity, rule
of procedure, or other law.

ALFRED M. WOLIN, U.S.D.J.

4

D - 4

IN RE: FEDERAL-MOGUL GLOBAL, INC.
Case Numbers

| | | | |
|---|---|---|---|
| 01-10578 | 01-10643 | 01-10700 | 01-10750 |
| 01-10580 | 01-10644 | 01-10701 | 01-10751 |
| 01-10582 | 01-10646 | 01-10702 | 01-10752 |
| 01-10585 | 01-10647 | 01-10703 | 01-10753 |
| 01-10586 | 01-10649 | 01-10704 | 01-10754 |
| 01-10587 | 01-10650 | 01-10705 | 01-10755 |
| 01-10589 | 01-10651 | 01-10706 | 01-10756 |
| 01-10591 | 01-10652 | 01-10707 | 01-10757 |
| 01-10593 | 01-10653 | 01-10708 | 01-10758 |
| 01-10594 | 01-10654 | 01-10710 | 01-10759 |
| 01-10596 | 01-10655 | 01-10711 | 01-10760 |
| 01-10598 | 01-10656 | 01-10712 | 01-10761 |
| 01-10599 | 01-10657 | 01-10713 | 01-10762 |
| 01-10600 | 01-10658 | 01-10714 | 01-10763 |
| 01-10601 | 01-10659 | 01-10715 | 01-10764 |
| 01-10603 | 01-10660 | 01-10716 | 01-10765 |
| 01-10604 | 01-10661 | 01-10717 | 01-10766 |
| 01-10605 | 01-10662 | 01-10718 | 01-10767 |
| 01-10606 | 01-10664 | 01-10719 | 01-10768 |
| 01-10608 | 01-10665 | 01-10721 | 01-10769 |
| 01-10610 | 01-10666 | 01-10722 | 01-10770 |
| 01-10611 | 01-10668 | 01-10723 | 01-10771 |
| 01-10613 | 01-10669 | 01-01724 | 01-10772 |
| 01-10614 | 01-10672 | 01-10726 | 01-10773 |
| 01-10615 | 01-10673 | 01-10727 | 01-10774 |
| 01-10617 | 01-10675 | 01-10728 | |
| 01-10618 | 01-10682 | 01-10729 | |
| 01-10619 | 01-10683 | 01-10730 | |
| 01-10620 | 01-10684 | 01-10731 | |
| 01-10621 | 01-10685 | 01-10732 | |
| 01-10622 | 01-10686 | 01-10733 | |
| 01-10623 | 01-10687 | 01-10734 | |
| 01-10625 | 01-10688 | 01-10736 | |
| 01-10626 | 01-10689 | 01-10737 | |
| 01-10627 | 01-10690 | 01-10739 | |
| 01-10629 | 01-10691 | 01-10741 | |
| 01-10630 | 01-10692 | 01-10742 | |
| 01-10632 | 01-10693 | 01-10743 | |
| 01-10633 | 01-10694 | 01-10744 | |
| 01-10634 | 01-10695 | 01-10745 | |
| 01-10637 | 01-10696 | 01-10746 | |
| 01-10638 | 01-10697 | 01-10747 | |
| 01-10640 | 01-10698 | 01-10748 | |
| 01-10641 | 01-10699 | 01-10749 | |

5

D - 5

# EXHIBIT D

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

FILED

2002 MAY -6 AM 9:41

CLERK
U.S. BANKRUPTCY COURT.
DISTRICT OF DELAWARE

IN RE: ARMSTRONG WORLD : Chapter 11
INDUSTRIES, INC., et al.,: Case Nos. 00-4471, 00-4469,
                         : 00-4470
                         : (Jointly Administered)
          Debtors. :

IN RE: W. R. GRACE & CO.,: Chapter 11
       et al., : Case Nos. 01-1139 through
                         : 01-1200
                         : (Jointly Administered)
          Debtors. :

IN RE: FEDERAL MOGUL : Chapter 11
GLOBAL, INC., T & N : Case Nos. 01-10578, et al.
LIMITED, et al., : (Jointly Administered)
          Debtors. :

IN RE: USG CORPORATION, : Chapter 11
a Delaware Corporation, : Case Nos. 01-2094 through
et al., : 01-2104
                         : (Jointly Administered)
          Debtors. :

IN RE: OWENS CORNING, : Chapter 11
et al., : Case Nos. 00-3837 through
                         : 00-3854
                         : (Jointly Administered)
          Debtors. : Objections due: May 16, 2002
                         : Hearing date set only if
                         : objections are timely filed

## NOTICE OF FILING OF FIRST FEE APPLICATION

TO: The Parties listed on Exhibit 1 hereto.

1

E - 17

**PLEASE TAKE NOTICE** that C. Judson Hamlin has filed this Notice of First Fee Application as a Court Appointed Advisor for Allowance of Compensation of Fees for Actual and Necessary Services Rendered and for Reimbursement of Expenses Incurred for the Period from January 1, 2002 through February 28, 2002 ("Fee Application").

**PLEASE TAKE FURTHER NOTICE** that responses or objections to the aforementioned Fee Application, if any, must be filed on or before May 16, 2002 by 4:00 p.m. (E.S.T.) with the with the United States Bankruptcy Court for the District of Delaware, 5th Floor, 824 Market Street, Wilmington, Delaware 19801 and served upon and received by (i) C. Judson Hamlin, Purcell Ries Shannon Mulcahy & O'Neill, One Pluckemin Way, Box 754, Bedminster, NJ 07921; (ii) ATTN: Frank J. Perch, Esq., Office of the United States Trustee, 844 King Street, Lockbox 35, Room 2311, Wilmington, DE 19801.

**PLEASE TAKE FURTER NOTICE** that in the event that timely objections to the Application are filed, a hearing will be scheduled at the convenience of the Court.

**PLEASE TAKE FURTHER NOTICE** that, in the absence of timely filed objections, the Court may enter an Order approving the aforementioned Fee Application on an interim basis without further notice or hearing.

2          E-12

Dated: May 3, 2002

C. Judson Hamlin
Court Appointed Advisor

389468

3

E - 13

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

IN RE: ARMSTRONG WORLD       : Chapter 11
INDUSTRIES, INC., et al.,: Case Nos. 00-4471, 00-4469, 00-4470
                             : (Jointly Administered)
            Debtors.     :

---

IN RE: W. R. GRACE & CO.,: Chapter 11
        et al.,            : Case Nos. 01-1139 through 01-1200
                             : (Jointly Administered)
            Debtors.     :

---

IN RE: FEDERAL MOGUL        : Chapter 11
GLOBAL, INC., T & N         : Case Nos. 01-10578, et al.
LIMITED, et al.,            : (Jointly Administered)
                             :
            Debtors.     :

---

IN RE: USG CORPORATION,     : Chapter 11
a Delaware Corporation,     : Case Nos. 01-2094 through 01-2104
et al.,                      : (Jointly Administered)
                             :
            Debtors.     :

---

                             : Chapter 11
IN RE: OWENS CORNING,       : Case Nos. 00-3837 through 00-3854
et al.,                      : (Jointly Administered)
                             :
            Debtors.     :    Objections due: May 16, 2002
                             : Hearing date set only if
                             : objections are timely filed

IN RE:    GENERAL ASBESTOS

          FIRST APPLICATION OF THE COURT APPOINTED
          ADVISOR C. JUDSON HAMLIN, FOR AN INTERIM
          ALLOWANCE OF FEES FOR ACTUAL AND NECESSARY
          SERVICES RENDERED AND FOR REIMBURSEMENT OF
          EXPENSES    INCURRED    FOR    THE    PERIOD
          JANUARY 1, 2002 THROUGH FEBRUARY 28, 2002

E- 36