TO THE HONORABLE ALFRED M. WOLIN, U.S.D.J.:

Pursuant to 11 U.S.C. §330 and §331 and Rule 2016 of the Federal Rules of Bankruptcy Procedure, C. Judson Hamlin hereby moves this Honorable Court for an Order allowing an interim allowance of reasonable compensation with respect to the five above-captioned Chapter 11 cases for professional services rendered in his capacity as a Court Appointed Advisor in connection with the Court's management of these very large, mass-tort bankruptcy cases, in the amount of $11,160.00 and reimbursement of related expenses of $14.20 for the period of January 1, 2002 through February 28, 2002.

In support of this Application and pursuant to Bankruptcy Rule 2016, C. Judson Hamlin respectfully represents as follows:

1.    On various dates, the debtors in the above-captioned cases filed voluntary petitions for reorganization relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§101-1330.    The debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.    On December 28, 2001, the Court appointed C. Judson Hamlin and several other persons as "Court Appointed Advisors" to assist the Court as set forth in that Order and in subsequent Orders with the management of the above-captioned very large, mass-tort bankruptcy cases and to undertake such duties as the Court has and may in the future assign to C.

387076

2

E - 4

Judson Hamlin.   A copy of this Order is attached hereto as Exhibit A.

3.   By its Order dated March 19, 2002, the Court withdrew the reference to the Bankruptcy Court for any application for allowance of fees and/or costs by Court Appointed Advisors and gave leave to the Court Appointed Advisors to file interim fee applications in accordance with the directions set forth therein.   A copy of this Order is attached hereto as Exhibit B.   This Application is the first such application by C. Judson Hamlin.

4.   There is no agreement or understanding between C. Judson Hamlin and any other person, other than the members, associates and employees of the law firm of Purcell, Ries, Shannon, Mulcahy & O'Neill, of which C. Judson Hamlin is of counsel, for the sharing of compensation received or to be received for services rendered in connection with these proceedings.

5.   No agreement exists with any person or entity regarding the rate or amount of compensation C. Judson Hamlin shall receive in connection with his appointment by this Court.   The hourly rate of $450.00 is reasonable and customary for an attorney of C. Judson Hamlin's experience rendering services such as those involved with his appointment as Court Appointed Advisor.

6.   C. Judson Hamlin has expended a total of 26.3 hours in rendering professional services as a Court Appointed Advisor.   The time spent and the services rendered were

387076                                     3

E - 41

reasonable in relation to the size and complexity of the matters handled, not duplicative of other services rendered, and necessary to the administration of the debtors' estates. An overall billing statement is attached as Exhibit C. Exhibit C sets forth the total hours spent by C. Judson Hamlin related to all five consolidated bankruptcies.

7.    The billing statement attached as Exhibit C presents the hours expended in increments of one-tenth of an hour, with a description of the service rendered for each entry.

8.    In addition to the time expended in rendering services, C. Judson Hamlin incurred out-of-pocket expenses in connection with his appointment as Court Appointed Advisor in the amount of $14.20.    These expenses were reasonable in relation to the size and complexity of the matters handled, not duplicative of other expenses incurred, and necessary to the administration of the debtors' estates.

9.    C. Judson Hamlin respectfully submits that the compensation for services and reimbursement of expenses requested is consistent with the nature and extent of the services rendered for the period January 1, 2002 through February 28, 2002, the size and complexity of the case, the time, labor and special expertise brought to bear on the questions, and other related factors.

10. A proposed form of Order is submitted herewith.

WHEREFORE, C. Judson Hamlin respectfully requests that an interim allowance of compensation for fees for services rendered and reimbursement of costs be allowed, in the amount

387076                                    4

E - 4.

of $11,174.20 subject to disgorgement as may be directed in a final Order of allowance at the conclusion of these Chapter 11 cases.

WHEREFORE, C. Judson Hamlin further respectfully requests that the interim allowance of his fees and costs be allocated evenly among the debtors as to all consolidated proceedings as set forth in Exhibit C for a total amount of $11,174.20, resulting in each debtor paying $2,234.84. The sum of fees and costs allowed against each debtor pursuant to this interim allowance shall total $2,234.84 against Federal-Mogul Global, Inc.; $2,234.84 against W. R. Grace & Co.; $2,234.84 against Armstrong World Industries, Inc.; $2,234.84 against Owens Corning; and $2,234.84 against U.S.G. Corporation.

C. Judson Hamlin
Court Appointed Advisor

Dated: 4/26, 2002

Exhibit A

E - 4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: ARMSTRONG WORLD INDUSTRIES, INC., et al., | : : : | Chapter 11<br>Case Nos. 00-4471, 00-4469,<br>00-4470 |
| Debtors. | : | |
| IN RE: W.R. GRACE & CO., et al., | : : | Chapter 11<br>Case Nos. 01-1139 through<br>0-1200 |
| Debtors. | : | |
| IN RE: FEDERAL-MOGUL GLOBAL, INC., T&N LIMITED, et al., | : : : : | Chapter 11<br>Case Nos. 01-10578, et al.[1] |
| Debtors. | : | |
| IN RE: USG CORPORATION, a Delaware Corporation, et al., | : : : | Chapter 11<br>Case Nos. 01-2094 through<br>01-2104 |
| Debtors. | : | |
| IN RE: OWENS CORNING, et al., | : : | Chapter 11<br>Case Nos. 00-3837 through<br>00-3854 |
| Debtors. | : | |

## ORDER DESIGNATING COURT APPOINTED CONSULTANTS
## AND SPECIAL MASTERS

This matter having been opened by the Court upon its own
motion in each of the above-captioned Chapter 11 cases; and the
interested parties having been put on notice by the Court at the
joint case management conference held on December 20, 2001, that
the Court anticipated appointing special masters and/or case

---

[1] See attached list.

E - 4.

management consultants to whom the Court may from time to time delegate certain authority to hear matters and to advise the Court on issues that may arise in these five large Chapter 11 cases; and for good cause shown

It is this 28th day of December, 2001

ORDERED that the following Order applies to the lead cases identified in the caption of this Order and to all cases filed as related cases thereto, and it is further

ORDERED that William A. Drier, Esq., David R. Gross, Esq., C. Judson Hamlin, Esq., John E. Keefe, Esq., and Professor Francis E. McGovern are hereby designated as Court Appointed Consultants to advise the Court and to undertake such responsibilities, including by way of example and not limitation, mediation of disputes, holding case management conferences, and consultation with counsel, as the Court may delegate to them individually, and it is further

ORDERED that the parties are on notice that the Court may, without further notice, appoint any of the Court-Appointed Consultants to act as a Special Master to hear any disputed matter and to make a report and recommendation to the Court on the disposition of such matter, and it is further

ORDERED that William A. Drier, Esq., is hereby appointed Special Master in the matter of In re W.R. Grace & Co., Bankruptcy No. 01 1139 through 01-1200, to hear all disputed matters in that Chapter 11 case for which the Court's Order of

E - 40

Reference may be withdrawn from the Honorable Judith K.
Fitzgerald, United States Bankruptcy Judge, and it is further

ORDERED that the fees of the Court Appointed Consultants and
Special Master(s) shall be borne by the debtors in such manner
and apportionment as this Court or the Bankruptcy Courts may
hereinafter direct.

ALFRED M. WOLIN, U.S.D.J.

IN RE: FEDERAL-MOGUL GLOBAL, INC.
Case Numbers

| | | | |
|---|---|---|---|
| 01-10578 | 01-10643 | 01-10700 | 01-10750 |
| 01-10580 | 01-10644 | 01-10701 | 01-10751 |
| 01-10582 | 01-10646 | 01-10702 | 01-10752 |
| 01-10585 | 01-10647 | 01-10703 | 01-10753 |
| 01-10586 | 01-10649 | 01-10704 | 01-10754 |
| 01-10587 | 01-10650 | 01-10705 | 01-10755 |
| 01-10589 | 01-10651 | 01-10706 | 01-10756 |
| 01-10591 | 01-10652 | 01-10707 | 01-10757 |
| 01-10593 | 01-10653 | 01-10708 | 01-10758 |
| 01-10594 | 01-10654 | 01-10710 | 01-10759 |
| 01-10596 | 01-10655 | 01-10711 | 01-10760 |
| 01-10598 | 01-10656 | 01-10712 | 01-10761 |
| 01-10599 | 01-10657 | 01-10713 | 01-10762 |
| 01-10600 | 01-10658 | 01-10714 | 01-10763 |
| 01-10601 | 01-10659 | 01-10715 | 01-10764 |
| 01-10603 | 01-10660 | 01-10716 | 01-10765 |
| 01-10604 | 01-10661 | 01-10717 | 01-10766 |
| 01-10605 | 01-10662 | 01-10718 | 01-10767 |
| 01-10606 | 01-10664 | 01-10719 | 01-10768 |
| 01-10608 | 01-10665 | 01-10721 | 01-10769 |
| 01-10610 | 01-10666 | 01-10722 | 01-10770 |
| 01-10611 | 01-10668 | 01-10723 | 01-10771 |
| 01-10613 | 01-10669 | 01-10724 | 01-10772 |
| 01-10614 | 01-10672 | 01-10726 | 01-10773 |
| 01-10615 | 01-10673 | 01-10727 | 01-10774 |
| 01-10617 | 01-10675 | 01-10728 | |
| 01-10618 | 01-10682 | 01-10729 | |
| 01-10619 | 01-10683 | 01-10730 | |
| 01-10620 | 01-10684 | 01-10731 | |
| 01-10621 | 01-10685 | 01-10732 | |
| 01-10622 | 01-10686 | 01-10733 | |
| 01-10623 | 01-10687 | 01-10734 | |
| 01-10625 | 01-10688 | 01-10736 | |
| 01-10626 | 01-10689 | 01-10737 | |
| 01-10627 | 01-10690 | 01-10739 | |
| 01-10629 | 01-10691 | 01-10741 | |
| 01-10630 | 01-10692 | 01-10742 | |
| 01-10632 | 01-10693 | 01-10743 | |
| 01-10633 | 01-10694 | 01-10744 | |
| 01-10634 | 01-10695 | 01-10745 | |
| 01-10637 | 01-10696 | 01-10746 | |
| 01-10638 | 01-10697 | 01-10747 | |
| 01-10640 | 01-10698 | 01-10748 | |
| 01-10641 | 01-10699 | 01-10749 | |

E - 4

Exhibit B

E - 4

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: ARMSTRONG WORLD INDUSTRIES, INC., et al., | : : : | Chapter 11 Case Nos. 00-4471, 00-4469, 00-4470 |
| Debtors. | : | |
| IN RE: W.R. GRACE & CO., et al., | : : | Chapter 11 Case Nos. 01-1139 through 0-1200 |
| Debtors. | : | |
| IN RE: FEDERAL-MOGUL GLOBAL, INC., T&N LIMITED, et al., | : : : : | Chapter 11 Case Nos. 01-10578, et al.[1] |
| Debtors. | : | |
| IN RE: USG CORPORATION, a Delaware Corporation, et al., | : : : | Chapter 11 Case Nos. 01-2094 through 01-2104 |
| Debtors. | : | |
| IN RE: OWENS CORNING, et al., | : : | Chapter 11 Case Nos. 00-3837 through 00-3854 |
| Debtors. | : | |

## ORDER 1) PARTIALLY WITHDRAWING THE REFERENCE AND 2) GOVERNING APPLICATIONS FOR THE ALLOWANCE OF FEES AND EXPENSES TO COURT APPOINTED ADVISORS

This matter being opened upon the Court's own motion pursuant to the authority granted in 11 U.S.C. § 105(a) and the Court's inherent power; and the Court, pursuant to its Order of December 28, 2001, having appointed certain persons as Court Appointed Advisors ("Advisors") and in that Order and in subsequent Orders

---

[1] See attached list.

E - 50

certain of these Advisors having been designated Special Masters
to hear and report on matters specifically delegated to them by
the Court as set forth in those Orders; and it appearing that the
Advisors are functioning in a manner in all respects similar to
examiners as provided for in the Bankruptcy Code, 11 U.S.C. §§
1104, 1106; and the Bankruptcy Code and Rules providing for the
compensation of examiners, officers and professional persons
pursuant to 11 U.S.C. §§ 330, 331; and the Advisors, by virtue of
their direct appointment by the Court, occupying a unique
position in the above-captioned cases not shared by other persons
employed in these cases; and the Court having determined that the
continued employment of the Advisors in their various capacities
is necessary for the efficient administration of these very large
mass-tort chapter 11 cases and in the best interests of the
creditors, equity holders and the estates in bankruptcy and that
the debts of the estates as specified in 11 U.S.C. § 1104(c)(2)
exceed $5,000,000; and for good cause shown

    IT IS this | 9th day of March 2002

    ORDERED that pursuant to 28 U.S.C. § 157 and the Order of
this Court issued December 10, 2001, the reference of these cases
to the Bankruptcy Court, Judge Randall J. Newsome and Judge
Judith K. Fitzgerald presiding, is hereby withdrawn with respect
to any application for an allowance of fees filed by any of the
Advisors, and it is further

ORDERED that the Advisors may make application for the
allowance of their fees and expenses from the debtors' estates
directly to this Court in the first instance, requesting that
such applications be reviewed and approved by the Court pursuant
to the substantive standards set forth in 11 U.S.C. § 330, and it
is further

ORDERED that any application for the allowance of fees and
expenses shall set forth how the applicant believes the fees and
expenses should be allocated between the debtors, and it is
further

ORDERED that, although by its terms local bankruptcy rule
2016-2 does not apply to applications for the allowance of fees
and expenses by the Advisors, local rule 2016-2(d) governing
information requirements relating to compensation requests is
hereby incorporated by reference and made applicable to
applications by the Advisors pursuant to this Order, and it is
further

ORDERED that the Advisors may make interim applications for
the allowance of fees and expenses pursuant to 11 U.S.C. § 331,
on a monthly basis, and it is further

ORDERED that an application for the allowance of fees and
expenses pursuant to this Order shall not set forth a hearing
date for the application and no hearing will be held unless
written objection is filed with the Court no later than ten days

3

E + 5.

after service upon the objecting party of the fee application, and it is further

ORDERED that no Administrative Order or other Order in any of the above-captioned cases governing applications for the allowance of fees and expenses to professionals shall apply to an application by any of the Court Appointed Advisors pursuant to this Order except as provided below with respect to service, and it is further

ORDERED that any application made pursuant to this Order shall be served on the same parties and in the same manner as provided by applicable rule as superseded or modified by any Administrative Order of the Bankruptcy Court governing applications for the allowance of fees and expenses to professionals for which the reference has not been withdrawn, and it is further

ORDERED that this Order shall not limit the Court's ability, upon adequate notice, to charge fees and expenses of the Advisors upon parties besides the debtors on the grounds of equity, rule of procedure, or other law.

ALFRED M. WOLIN, U.S.D.J.

4

E - 53

IN RE: FEDERAL-MOGUL GLOBAL, INC.
Case Numbers

| | | | |
|---|---|---|---|
| 01-10578 | 01-10643 | 01-10700 | 01-10750 |
| 01-10580 | 01-10644 | 01-10701 | 01-10751 |
| 01-10582 | 01-10646 | 01-10702 | 01-10752 |
| 01-10585 | 01-10647 | 01-10703 | 01-10753 |
| 01-10586 | 01-10649 | 01-10704 | 01-10754 |
| 01-10587 | 01-10650 | 01-10705 | 01-10755 |
| 01-10589 | 01-10651 | 01-10706 | 01-10756 |
| 01-10591 | 01-10652 | 01-10707 | 01-10757 |
| 01-10593 | 01-10653 | 01-10708 | 01-10758 |
| 01-10594 | 01-10654 | 01-10710 | 01-10759 |
| 01-10596 | 01-10655 | 01-10711 | 01-10760 |
| 01-10598 | 01-10656 | 01-10712 | 01-10761 |
| 01-10599 | 01-10657 | 01-10713 | 01-10762 |
| 01-10600 | 01-10658 | 01-10714 | 01-10763 |
| 01-10601 | 01-10659 | 01-10715 | 01-10764 |
| 01-10603 | 01-10660 | 01-10716 | 01-10765 |
| 01-10604 | 01-10661 | 01-10717 | 01-10766 |
| 01-10605 | 01-10662 | 01-10718 | 01-10767 |
| 01-10606 | 01-10664 | 01-10719 | 01-10768 |
| 01-10608 | 01-10665 | 01-10721 | 01-10769 |
| 01-10610 | 01-10666 | 01-10722 | 01-10770 |
| 01-10611 | 01-10668 | 01-10723 | 01-10771 |
| 01-10613 | 01-10669 | 01-01724 | 01-10772 |
| 01-10614 | 01-10672 | 01-10726 | 01-10773 |
| 01-10615 | 01-10673 | 01-10727 | 01-10774 |
| 01-10617 | 01-10675 | 01-10728 | |
| 01-10618 | 01-10682 | 01-10729 | |
| 01-10619 | 01-10683 | 01-10730 | |
| 01-10620 | 01-10684 | 01-10731 | |
| 01-10621 | 01-10685 | 01-10732 | |
| 01-10622 | 01-10686 | 01-10733 | |
| 01-10623 | 01-10687 | 01-10734 | |
| 01-10625 | 01-10688 | 01-10736 | |
| 01-10626 | 01-10689 | 01-10737 | |
| 01-10627 | 01-10690 | 01-10739 | |
| 01-10629 | 01-10691 | 01-10741 | |
| 01-10630 | 01-10692 | 01-10742 | |
| 01-10632 | 01-10693 | 01-10743 | |
| 01-10633 | 01-10694 | 01-10744 | |
| 01-10634 | 01-10695 | 01-10745 | |
| 01-10637 | 01-10696 | 01-10746 | |
| 01-10638 | 01-10697 | 01-10747 | |
| 01-10640 | 01-10698 | 01-10748 | |
| 01-10641 | 01-10699 | 01-10749 | |

5

E - 54

Exhibit C

E - 5.7

CALL THROUGH PHONE 10/03/00-02/28/02

US DISTRICT CT. BANKR

CLIENT  0950      MATTER  14554      ARBITRATION/MEDIATION
                                     U.S. DISTRICT COURT, NJ

BILL TIMEKEEPER :  CJH      C. JUDSON HAMLIN    CJH   COUNSEL
ORIG TIMEKEEPER :  CJH      C. JUDSON HAMLIN    CJH   COUNSEL

| DATE | TIMEKEEPER | HOURS | AMOUNT | DESCRIPTION |
|---|---|---|---|---|
| 01/07/02 | CJH | 4.00 | 1,800.00 | Meeting with Judge Wolin's Chambers U.S. District Courthouse, Newark, N.J. with Prof. F. Govern, Hon. W. Drier, Hon. J. Keefe, and D. Gross re: organization of responsibilities. |
| 01/07/02 | CJH | 2.00 | 450.00 | Travel to and from Newark, N.J. at Half Time |
| 01/10/02 | CJH | 5.00 | 1,550.00 | Review of materials, research of applicable law, Internet research of Pending Bankruptcy Pleadings. |
| 01/18/02 | CJH | 6.00 | 2,700.00 | Conference at Budd, Larner with D. Gross, F. McGovern, J. Keefe, W. Drier and Judge Wolin. |
| 01/18/02 | CJH | 1.00 | 225.00 | Travel to and from Livingston, N.J. at Half Time |
| 01/19/02 | CJH | 4.00 | 1,800.00 | Review of material distributed at 1/18/02 meeting |
| 02/20/02 | CJH | .30 | 135.00 | Telephone call with D.Gross re: agenda for 2/27/02 meeting with Judge Wolin. |
| 02/25/02 | CJH | 1.00 | 450.00 | Review of transcript of Vairo conference call re: current asbestos issues from UBS Warburg research. |
| 02/27/02 | CJH | 5.00 | 2,250.00 | Conference with Judge Wolin and management committee at U.S. Courthouse, Newark, NJ |

TIMEKEEPER TOTALS

| CJH | 26.30 | 424 /hr | 11,160.00 |
|---|---|---|---|
| TOTAL | 26.30 | $ | 11,160.00 |

DISBURSEMENTS

| 12/11/01 | FEDL | 14.20 | Federal Express from C. J. Hamlin to United States District Court. |
|---|---|---|---|

DISBURSEMENT TOTALS

| FEDL | | 14.20 |
|---|---|---|
| DISB TOTAL | $ | 14.20 |
| BILL TOTAL | $ | 11,174.20 |

LAST ACTIVE   02/28/02        LAST PAYMENT    /  /

E - 5

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ARMSTRONG WORLD INDUSTRIES, INC., et al.,<br><br>Debtors. | Chapter 11<br>Case Nos. 00-4471, 00-4469, 00-4470<br>(Jointly Administered |
| IN RE: W. R. GRACE & CO., et al.,<br><br>Debtors. | Chapter 11<br>Case Nos. 01-1139 through 01-1200<br>(Jointly Administered |
| IN RE: FEDERAL MOGUL GLOBAL, INC., T & N LIMITED, et al.,<br><br>Debtors. | Chapter 11<br>Case Nos. 01-10578, et al<br>(Jointly Administered |
| IN RE: USG CORPORATION, a Delaware Corporation, et al.,<br><br>Debtors. | Chapter 11<br>Case Nos. 01-2094 through 01-2104<br>(Jointly Administered |
| IN RE: OWENS CORNING, et al.,<br><br>Debtors. | Chapter 11<br>Case Nos. 00-3837 through 00-3854<br>(Jointly Administered<br>Objections due:_____ 2002<br>Hearing date set only if objections are timely filed |

## NOTICE OF FILING OF SECOND FEE APPLICATION

TO:    The Parties listed on Exhibit 1 hereto.

PLEASE TAKE NOTICE that Purcell, Ries, Shannon, Mulcahy & ONeill has filed this Notice of Second Fee Application on behalf of C. Judson Hamlin as a Court Appointed Advisor for an Allowance of Compensation of Fees for Actual and Necessary services Rendered and for

{00274298.DOC}

G - 1

Reimbursement of Expenses Incurred for the Period from March 1, 2002 through October 28, 2002.

PLEASE TAKE FURTHER NOTICE that responses or objections to the aforementioned Fee Application must be timely filed with the United States Bankruptcy Court for the District of Delaware, 5th Floor, 824 Market Street, Wilmington, Delaware 19801 and served upon and received by (i) C. Judson Hamlin, Purcell, Ries, Shannon, Mulcahy & O'Neill, One Pluckemin Way, P.O. Box 754, Bedminster, New Jersey 07921; and (ii) Frank J. Perch, Esq., Office of the United States Trustee, 844 King Street, Lockbox 35, Room 2311, Wilmington, DE 19801.

PLEASE TAKE FURTHER NOTICE that in the event that timely objections to the Application are filed, a hearing will be scheduled at the convenience of the Court.

PLEASE TAKE FURTHER NOTICE that, in the absence of timely filed objections, the Court may enter an Order approving the aforementioned Fee Application on an interim basis without further notice or hearing.

Dated: 12/3/ , 2002

C. JUDSON HAMLIN
COURT APPOINTED ADVISOR
Purcell, Ries, Shannon, Mulcahy &
O'Neill
One Pluckemin Way
P.O. Box 754
Bedminster, New Jersey 07921
(908) 658-3800

{00274294.DOC}

G - 2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In Re: General Asbestos

Chapter 11

Case Nos. 00-4471, 00-4469,
00-4470,
01-1139 through 01-1200
01-10578, et al.
01-2094 through 01-2104
00-3837 through 00-3854

**SECOND APPLICATION OF PURCELL, RIES, SHANNON, MULCAHY & O'NEILL
ON BEHALF OF C. JUDSON HAMLIN FOR COMPENSATION FOR SERVICES
RENDERED AND REIMBURSEMENT OF EXPENSES AS A COURT APPOINTED
ADVISOR FOR THE PERIOD FROM MARCH 1, 2002 THROUGH OCTOBER 28, 2002**

Name of Applicant:                                     C. Judson Hamlin

Authorized to Provide Professional Services            Alfred M. Wolin, U.S.D.J.
to:

Date of Order:                                         December 28, 2001

Period for which Compensation and                      March 1, 2002 through October 28, 2002
Reimbursement Are Sought:

Amount of Compensation Sought as Actual,               $ 14,760.00
Reasonable and Necessary:

Amount of Expense Reimbursement Sought as              $ 41.95
Actual, Reasonable and Necessary:

This is an: X   interim    ___final application

The total time expended for fee application preparation is approximately hours and the
corresponding compensation requested is approximately $__N/A[1]__

If this is not the first application filed, disclose the following for each prior application:

_____

[1] C. Judson Hamlin's First Fee Application was prepared entirely by Budd Larner Gross Rosenbaum Greenberg &
Sade, P.C ("Budd Larner"). To avoid duplication, the time expended and compensation requested appears only on
Budd Larner's Second Fee Application.

{00274296.1XX;}

| | | Requested | | Approved | |
|---|---|---|---|---|---|
| Date Filed | Period Covered | Fees | Expenses | Fees | Expenses |
| 5/3/2002 | 1/1/02 – 2/28/02 | $11,160.00 | $14.20 | $11,160.00 | $14.20 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

{002742\6.1XX'}

G

## ATTACHMENT B
## TO FEE APPLICATION

| Name of Professional Person | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| C. Judson Hamlin | Admitted to Practice in 1963 | $450.00 | 33.8 | $14,760.00 |
| | | | | |
| Grand Total: | | $450.00 | | $14,760.00 |
| Blended Rate: | | | | |

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees |
|---|---|---|
| General Asbestos Advisor | 6.3 | $2,835.00 |
| W.R. Grace | 6.0 | $2,700.00 |
| USG Corporation | 4.0 | $1,800.00 |
| Armstrong World Industries | 8.0 | $3,600.00 |
| Owens Corning | 7.0 | $3,150.00 |
| Federal Mogul Global | 0.5 | $225.00 |
| Travel Time | 2.0 | $450.00 |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

G

{00274297.DOC}

## EXPENSE SUMMARY

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Computer Assisted Legal Research | | |
| Facsimile (with rates) | $0.25 per page | $1.50 |
| Telephone, Postage, Photocopying | | |
| Outside Reproduction | | |
| Outside Research | | |
| Filing/Court Fees | | |
| Court Reporting | | |
| Travel Expenses | Parking | $26.85 |
| Courier & Express Carriers | Federal Express | $13.60 |
| Other (explain) | | |

Local Form 102 (Fee Application/Attachment B)

G — G

{00274297.DOC}

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ARMSTRONG WORLD INDUSTRIES, INC., et al., <br><br> Debtors. | Chapter 11 <br> Case Nos. 00-4471, 00-4469, 00-4470 <br> (Jointly Administered |
| IN RE: W. R. GRACE & CO., et al., <br><br> Debtors. | Chapter 11 <br> Case Nos. 01-1139 through 01-1200 <br> (Jointly Administered |
| IN RE: FEDERAL MOGUL GLOBAL, INC., T & N LIMITED, et al., <br><br> Debtors. | Chapter 11 <br> Case Nos. 01-10578, et al <br> (Jointly Administered |
| IN RE: USG CORPORATION, a Delaware Corporation, et al., <br><br> Debtors. | Chapter 11 <br> Case Nos. 01-2094 through 01-2104 <br> (Jointly Administered |
| IN RE: OWENS CORNING, et al., <br><br> Debtors. | Chapter 11 <br> Case Nos. 00-3837 through 00-3854 <br> (Jointly Administered <br><br> Hearing date set only if objections are timely filed |

IN RE:        GENERAL ASBESTOS

SECOND APPLICATION OF PURCELL, RIES, SHANNON, MULCAHY & O'NEILL FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES ON BEHALF OF C. JUDSON HAMLIN AS A COURT APPOINTED ADVISOR FOR THE PERIOD FROM MARCH 1, 2002 THROUGH OCTOBER 28, 2002

{00274295.DOC}

G — 17

**TO THE HONORABLE ALFRED M. WOLIN, U.S.D.J.:**

Pursuant to 11 U.S.C. §330 and §331 and Rule 2016 of the General Rules of Bankruptcy Procedure, Purcell, Ries, Shannon, Mulcahy & O'Neill ("Purcell Ries") hereby moves this Honorable Court on behalf of C. Judson Hamlin for an Order awarding an interim allowance of reasonable compensation with respect to the five above-captioned Chapter 11 cases for professional services rendered in C. Judson Hamlin's capacity as a Court Appointed Advisor in connection with the Court's management of these very large, mass-tort bankruptcy cases, in the amount of $14,760.00 and reimbursement of related expenses of $41.95 for the period of March 1, 2002 through October 28, 2002.

In support of this Application and pursuant to Bankruptcy Rule 2016, C. Judson Hamlin respectfully represents as follows:

1.    On various dates, the debtors in the above-captioned cases filed voluntary petitions for reorganization relief under Chapter 11 of Title 11 of U.S.C. §§101-1330. The debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to §§ 1107 (a) and 1108 of the Bankruptcy Code.

2.    On December 28, 2001, the Court appointed Mr. Hamlin and several other persons as "Court Appointed Advisors" to assist the Court, as set forth in that Order and in subsequent Orders, with the management of the above-captioned very large, mass-tort bankruptcy cases and to undertake such duties as the Court has and may in the future assign to Mr. Hamlin. A copy of this Order is annexed hereto as Exhibit A.

3.    By its Order dated March 19, 2002, the Court withdrew the reference to the Bankruptcy Court for any application for allowance of fees and/or costs by Court Appointed Advisors and gave leave to the Court Appointed Advisors to file interim fee applications in

{00274295.DOC}2

G

accordance with the directions set forth therein. A copy of this Order is annexed hereto as Exhibit B. This Application is the second such application by C. Judson Hamlin.

4.    There is no agreement or understanding between Mr. Hamlin and any other person, other than the members, associates and employees of the law firm of Purcell Ries of which Mr. Hamlin is of counsel, for the sharing of compensation received or to be received for services rendered in connection with these proceedings.

5.    No agreement exists with any person or entity regarding the rate or amount of compensation Mr. Hamlin shall receive in connection with his appointment by this Court. The hourly rate of $450.00 is reasonable and customary for an attorney of Mr. Hamlin's experience rendering services such as those involved with his appointment as Court Appointed Advisor.

6.    Mr. Hamlin has expended a total of 33.8 hours in rendering professional services as a Court Appointed Advisor. The time spent and the services rendered were reasonable in relation to the size and complexity of the matters handled, not duplicative of other services rendered, and necessary to the administration of the debtors' estates.    An overall billing statement is attached as Exhibits C setting forth the total hours spent by Mr. Hamlin related to all five consolidated bankruptcies.

7.    The billing statement attached as Exhibits C presents the hours expended in increments of one-tenth of an hour, with a description of the service rendered for each entry.

8.    In addition to the time expended in rendering services, C. Judson Hamlin incurred out-of-pocket expenses in connection with his appointment as a Court Appointed Advisor in the amount of $41.95, as set forth in Exhibit C. These expenses were reasonable in relation to the size and complexity of the matters handled, not duplicative of other expenses incurred, and necessary to the administration of the debtor's estates.

{00274295.DOC}3

G - 5

9.      C. Judson Hamlin respectfully submits that the compensation for services and reimbursement of expenses requested is consistent with the nature and extent of the services rendered for the period March 1, 2002 through October 28, 2002, the size and complexity of the case, the time, labor and special expertise brought to bear on the questions, and other related factors.

10.     C. Judson Hamlin, having reviewed Local Rule 2016-2 regarding compensation and reimbursement of expenses, certifies that this application complies with the requirements of Local Rule 2016-2.

11.     A proposed form of order is submitted herewith.

WHEREFORE, C. Judson Hamlin respectfully requests that an interim allowance of compensation for fees for services rendered and reimbursement of costs be allowed, in the amount of $14,801.95, subject to disgorgement as may be directed in a final Order of allowance at the conclusion of these Chapter 11 cases.

WHEREFORE, C. Judson Hamlin further respectfully requests that the interim allowance of his fees and costs be allocated among the debtors as follows:

1.      Evenly among the debtors as to all consolidated proceedings as set forth in Exhibit C for a total amount of $3,326.95, resulting in each debtor paying $665.39;

2.      Plus the additional sums of $2,700.00 as to the debtor W.R. Grace; $1,800.00 as to the debtor USG Corporation; $3,600.00 as to the debtor Armstrong World Industries; $3,150.00 as to the debtor Owens Corning; and $225.00 as to the debtor Federal Mogul.

The sum of fees and costs allowed against each debtor pursuant to this interim allowance shall total $890.39 against Federal-Mogul Global, Inc.; $3,365.39 against W. R. Grace & Co.; $4,265.39 against Armstrong World Industries, Inc.; $3,815.39 against Owens Corning; and

{00274293.DOC}4          6 — 1 5

$2,465.39 against U.S.G. Corporation.

C. JUDSON HAMLIN
Court Appointed Advisor

Dated: 12/3/02, 2002

(00274295.DOC) 5

G - 11

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: ARMSTRONG WORLD | : | Chapter 11 |
| INDUSTRIES, INC., et al., | : | Case Nos. 00-4471, 00-4469, |
| | : | 00-4470 |
| Debtors. | : | |

---

| | | |
|---|---|---|
| IN RE: W.R. GRACE & CO., | : | Chapter 11 |
| et al., | : | Case Nos. 01-1139 through |
| | : | 0-1200 |
| Debtors. | : | |

---

| | | |
|---|---|---|
| IN RE: FEDERAL-MOGUL | : | Chapter 11 |
| GLOBAL, INC., T&N | : | Case Nos. 01-10578, et al.[1] |
| LIMITED, et al., | : | |
| | : | |
| Debtors. | : | |

---

| | | |
|---|---|---|
| IN RE: USG CORPORATION, | : | Chapter 11 |
| a Delaware Corporation, | : | Case Nos. 01-2094 through |
| et al., | : | 01-2104 |
| Debtors. | : | |

---

| | | |
|---|---|---|
| IN RE: OWENS CORNING, | : | Chapter 11 |
| et al., | : | Case Nos. 00-3837 through |
| | : | 00-3854 |
| Debtors. | : | |

---

**ORDER DESIGNATING COURT APPOINTED CONSULTANTS
AND SPECIAL MASTERS**

This matter having been opened by the Court upon its own

motion in each of the above-captioned Chapter 11 cases; and the

interested parties having been put on notice by the Court at the

joint case management conference held on December 20, 2001, that

the Court anticipated appointing special masters and/or case

---

[1]See attached list.

G - 1

management consultants to whom the Court may from time to time
delegate certain authority to hear matters and to advise the
Court on issues that may arise in these five large Chapter 11
cases; and for good cause shown

It is this 28th day of December, 2001

ORDERED that the following Order applies to the lead cases
identified in the caption of this Order and to all cases filed as
related cases thereto, and it is further

ORDERED that William A. Drier, Esq., David R. Gross, Esq.,
C. Judson Hamlin, Esq., John E. Keefe, Esq., and Professor
Francis E. McGovern are hereby designated as Court Appointed
Consultants to advise the Court and to undertake such
responsibilities, including by way of example and not limitation,
mediation of disputes, holding case management conferences, and
consultation with counsel, as the Court may delegate to them
individually, and it is further

ORDERED that the parties are on notice that the Court may,
without further notice, appoint any of the Court-Appointed
Consultants to act as a Special Master to hear any disputed
matter and to make a report and recommendation to the Court on
the disposition of such matter, and it is further

ORDERED that William A. Drier, Esq., is hereby appointed
Special Master in the matter of In re W.R. Grace & Co.,
Bankruptcy No. 01-1139 through 01-1200, to hear all disputed
matters in that Chapter 11 case for which the Court's Order of

G - 14

Reference may be withdrawn from the Honorable Judith K.

Fitzgerald, United States Bankruptcy Judge, and it is further

ORDERED that the fees of the Court Appointed Consultants and

Special Master(s) shall be borne by the debtors in such manner

and apportionment as this Court or the Bankruptcy Courts may

hereinafter direct.

ALFRED M. WOLIN, U.S.D.J.

IN RE: FEDERAL-MOGUL GLOBAL, INC.
Case Numbers

| | | | |
|---|---|---|---|
| 01-10578 | 01-10643 | 01-10700 | 01-10750 |
| 01-10580 | 01-10644 | 01-10701 | 01-10751 |
| 01-10582 | 01-10646 | 01-10702 | 01-10752 |
| 01-10585 | 01-10647 | 01-10703 | 01-10753 |
| 01-10586 | 01-10649 | 01-10704 | 01-10754 |
| 01-10587 | 01-10650 | 01-10705 | 01-10755 |
| 01 10589 | 01-10651 | 01-10706 | 01-10756 |
| 01-10591 | 01-10652 | 01-10707 | 01-10757 |
| 01-10593 | 01-10653 | 01-10708 | 01-10758 |
| 01-10594 | 01-10654 | 01-10710 | 01-10759 |
| 01-10596 | 01-10655 | 01-10711 | 01-10760 |
| 01-10598 | 01-10656 | 01-10712 | 01-10761 |
| 01-10599 | 01-10657 | 01-10713 | 01-10762 |
| 01-10600 | 01-10658 | 01-10714 | 01-10763 |
| 01-10601 | 01-10659 | 01-10715 | 01-10764 |
| 01-10603 | 01-10660 | 01-10716 | 01-10765 |
| 01-10604 | 01-10661 | 01-10717 | 01-10766 |
| 01-10605 | 01-10662 | 01-10718 | 01-10767 |
| 01-10606 | 01-10664 | 01-10719 | 01-10768 |
| 01-10608 | 01-10665 | 01-10721 | 01-10769 |
| 01 10610 | 01-10666 | 01-10722 | 01-10770 |
| 01-10611 | 01-10668 | 01-10723 | 01-10771 |
| 01-10613 | 01-10669 | 01-01724 | 01-10772 |
| 01 10614 | 01-10672 | 01-10726 | 01-10773 |
| 01-10615 | 01-10673 | 01-10727 | 01-10774 |
| 01-10617 | 01-10675 | 01-10728 | |
| 01-10618 | 01-10682 | 01-10729 | |
| 01-10619 | 01-10683 | 01-10730 | |
| 01 10620 | 01-10684 | 01-10731 | |
| 01-10621 | 01-10685 | 01-10732 | |
| 01-10622 | 01-10686 | 01-10733 | |
| 01-10623 | 01-10687 | 01-10734 | |
| 01-10625 | 01-10688 | 01-10736 | |
| 01-10626 | 01-10689 | 01-10737 | |
| 01-10627 | 01-10690 | 01-10739 | |
| 01-10629 | 01-10691 | 01-10741 | |
| 01-10630 | 01-10692 | 01-10742 | |
| 01-10632 | 01-10693 | 01-10743 | |
| 01-10633 | 01-10694 | 01-10744 | |
| 01-10634 | 01-10695 | 01-10745 | |
| 01-10637 | 01-10696 | 01-10746 | |
| 01 10638 | 01-10697 | 01-10747 | |
| 01-10640 | 01-10698 | 01-10748 | |
| 01-10641 | 01-10699 | 01-10749 | |

G — 1.0

G — 1

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: ARMSTRONG WORLD INDUSTRIES, INC., et al.,: | : | Chapter 11<br>Case Nos. 00-4471, 00-4469, 00-4470 |
| Debtors. | : | |
| IN RE: W.R. GRACE & CO., et al., | : | Chapter 11<br>Case Nos. 01-1139 through 0-1200 |
| Debtors. | : | |
| IN RE: FEDERAL-MOGUL GLOBAL, INC., T&N LIMITED, et al., | : | Chapter 11<br>Case Nos. 01-10578, et al.[1] |
| Debtors. | : | |
| IN RE: USG CORPORATION, a Delaware Corporation, et al., | : | Chapter 11<br>Case Nos. 01-2094 through 01-2104 |
| Debtors. | : | |
| IN RE: OWENS CORNING, et al., | : | Chapter 11<br>Case Nos. 00-3837 through 00-3854 |
| Debtors. | : | |

**ORDER 1) PARTIALLY WITHDRAWING THE REFERENCE AND 2) GOVERNING APPLICATIONS FOR THE ALLOWANCE OF FEES AND EXPENSES TO COURT APPOINTED ADVISORS**

This matter being opened upon the Court's own motion pursuant to the authority granted in 11 U.S.C. § 105(a) and the Court's inherent power, and the Court, pursuant to its Order of December 28, 2001, having appointed certain persons as Court Appointed Advisors ("Advisors") and in that Order and in subsequent Orders

---

[1] See attached list.

certain of these Advisors having been designated Special Masters
to hear and report on matters specifically delegated to them by
the Court as set forth in those Orders; and it appearing that the
Advisors are functioning in a manner in all respects similar to
examiners as provided for in the Bankruptcy Code, 11 U.S.C. §§
1104, 1106; and the Bankruptcy Code and Rules providing for the
compensation of examiners, officers and professional persons
pursuant to 11 U.S.C. §§ 330, 331; and the Advisors, by virtue of
their direct appointment by the Court, occupying a unique
position in the above-captioned cases not shared by other persons
employed in these cases; and the Court having determined that the
continued employment of the Advisors in their various capacities
is necessary for the efficient administration of these very large
mass-tort chapter 11 cases and in the best interests of the
creditors, equity holders and the estates in bankruptcy and that
the debts of the estates as specified in 11 U.S.C. § 1104(c)(2)
exceed $5,000,000; and for good cause shown

IT IS this 9th day of March 2002

ORDERED that pursuant to 28 U.S.C. § 157 and the Order of
this Court issued December 10, 2001, the reference of these cases
to the Bankruptcy Court, Judge Randall J. Newsome and Judge
Judith K. Fitzgerald presiding, is hereby withdrawn with respect
to any application for an allowance of fees filed by any of the
Advisors, and it is further

2

G -

ORDERED that the Advisors may make application for the
allowance of their fees and expenses from the debtors' estates
directly to this Court in the first instance, requesting that
such applications be reviewed and approved by the Court pursuant
to the substantive standards set forth in 11 U.S.C. § 330, and it
is further

ORDERED that any application for the allowance of fees and
expenses shall set forth how the applicant believes the fees and
expenses should be allocated between the debtors, and it is
further

ORDERED that, although by its terms local bankruptcy rule
2016-2 does not apply to applications for the allowance of fees
and expenses by the Advisors, local rule 2016-2(d) governing
information requirements relating to compensation requests is
hereby incorporated by reference and made applicable to
applications by the Advisors pursuant to this Order, and it is
further

ORDERED that the Advisors may make interim applications for
the allowance of fees and expenses pursuant to 11 U.S.C. § 331,
on a monthly basis, and it is further

ORDERED that an application for the allowance of fees and
expenses pursuant to this Order shall not set forth a hearing
date for the application and no hearing will be held unless
written objection is filed with the Court no later than ten days

3

G - 2

after service upon the objecting party of the fee application, and it is further

ORDERED that no Administrative Order or other Order in any of the above-captioned cases governing applications for the allowance of fees and expenses to professionals shall apply to an application by any of the Court Appointed Advisors pursuant to this Order except as provided below with respect to service, and it is further

ORDERED that any application made pursuant to this Order shall be served on the same parties and in the same manner as provided by applicable rule as superseded or modified by any Administrative Order of the Bankruptcy Court governing applications for the allowance of fees and expenses to professionals for which the reference has not been withdrawn, and it is further

ORDERED that this Order shall not limit the Court's ability, upon adequate notice, to charge fees and expenses of the Advisors upon parties besides the debtors on the grounds of equity, rule of procedure, or other law.

ALFRED M. WOLIN, U.S.D.J.

4

G + ?

IN RE: FEDERAL-MOGUL GLOBAL, INC.
Case Numbers

| | | | |
|---|---|---|---|
| 01-10578 | 01-10643 | 01-10700 | 01-10750 |
| 01-10580 | 01-10644 | 01-10701 | 01-10751 |
| 01-10582 | 01-10646 | 01-10702 | 01-10752 |
| 01-10585 | 01-10647 | 01-10703 | 01-10753 |
| 01-10586 | 01-10649 | 01-10704 | 01-10754 |
| 01-10587 | 01-10650 | 01-10705 | 01-10755 |
| 01-10589 | 01-10651 | 01-10706 | 01-10756 |
| 01-10591 | 01-10652 | 01-10707 | 01-10757 |
| 01-10593 | 01-10653 | 01-10708 | 01-10758 |
| 01-10594 | 01-10654 | 01-10710 | 01-10759 |
| 01-10596 | 01-10655 | 01-10711 | 01-10760 |
| 01-10598 | 01-10656 | 01-10712 | 01-10761 |
| 01-10599 | 01-10657 | 01-10713 | 01-10762 |
| 01-10600 | 01-10658 | 01-10714 | 01-10763 |
| 01-10601 | 01-10659 | 01-10715 | 01-10764 |
| 01-10603 | 01-10660 | 01-10716 | 01-10765 |
| 01-10604 | 01-10661 | 01-10717 | 01-10766 |
| 01-10605 | 01-10662 | 01-10718 | 01-10767 |
| 01-10606 | 01-10664 | 01-10719 | 01-10768 |
| 01-10608 | 01-10665 | 01-10721 | 01-10769 |
| 01-10610 | 01-10666 | 01-10722 | 01-10770 |
| 01-10611 | 01-10668 | 01-10723 | 01-10771 |
| 01-10613 | 01-10669 | 01-01724 | 01-10772 |
| 01-10614 | 01-10672 | 01-10726 | 01-10773 |
| 01-10615 | 01-10673 | 01-10727 | 01-10774 |
| 01-10617 | 01-10675 | 01-10728 | |
| 01-10618 | 01-10682 | 01-10729 | |
| 01-10619 | 01-10683 | 01-10730 | |
| 01-10620 | 01-10684 | 01-10731 | |
| 01-10621 | 01-10685 | 01-10732 | |
| 01-10622 | 01-10686 | 01-10733 | |
| 01-10623 | 01-10687 | 01-10734 | |
| 01-10625 | 01-10688 | 01-10736 | |
| 01-10626 | 01-10689 | 01-10737 | |
| 01-10627 | 01-10690 | 01-10739 | |
| 01-10629 | 01-10691 | 01-10741 | |
| 01-10630 | 01-10692 | 01-10742 | |
| 01-10632 | 01-10693 | 01-10743 | |
| 01-10633 | 01-10694 | 01-10744 | |
| 01-10634 | 01-10695 | 01-10745 | |
| 01-10637 | 01-10696 | 01-10746 | |
| 01-10638 | 01-10697 | 01-10747 | |
| 01-10640 | 01-10698 | 01-10748 | |
| 01-10641 | 01-10699 | 01-10749 | |

5

G - 22

G - 2

C  4

Purcell, Ries, Shannon, Mulcahy & O'Neill, Esqs.
Crossroads Business Center
One Pluckemin Way        P O Box 754
Bedminster, NJ 07921-0754
(908) 658-5800

October 28, 2002

Billed through 10/24/02

Client #        0950-14554-004 CJH

HON. ALFRED WOLIN
U.S. DISTRICT COURT, NJ


CASE CAPTION:    U.S. DISTRICT COURT BANKRUPTCY MATTERS
OUR TAX I.D.:    22-2017766

Balance forward as of bill number 003 dated 07/09/02        $13,012.61
Payments received since last bill (last payment 08/20/02)   $ 6,704.52
A/R Adjustments made since last bill                        $ 3,626.85   CR
                                                            ------------
Net balance forward                                         $ 2,681.24

FOR PROFESSIONAL SERVICES RENDERED

| Date | | Description | | | |
|---|---|---|---|---|---|
| 03/18/02 | CJH | Review of published asbestos litigation article forwarded by D. Gross | .50 hrs | 450 /hr | 225.00 |
| 03/21/02 | CJH | Receipt and review of Orders and procedures for fee applications | .50 hrs | 450 /hr | 225.00 |
| 05/14/02 | CJH | Review of article submitted by W. Drier re: asbestos victim claims | 1.00 hrs | 450 /hr | 450.00 |
| 05/14/02 | CJH | Review of confidential memorandum submitted by insurance interests addressing substantive and procedural issues. | 1.00 hrs | 450 /hr | 450.00 |
| 05/17/02 | CJH | Meeting and conference at U.S. District Courthouse, Newark, NJ with J. Wolin, D. Gross, J. Keefe, J. Drier, Prof. Mcgovern | 3.00 hrs | 450 /hr | 1,350.00 |
| 05/17/02 | CJH | Travel to and from Newark at 1/2 time | 2.00 hrs | 225 /hr | 450.00 |
| 08/10/02 | CJH | Review and research of motion and briefs filed in application of Official Committee of asbestos property damage claimants for leave to appeal decision of The Bankruptcy Court in the matter of (W.R. GRACE & CO.) | 3.00 hrs | 450 /hr | 1,350.00 |
| 08/12/02 | CJH | Drafting and editing of memo regarding application by Official Committee of Asbestos Property Damage claimant for leave to appeal decision of Bankruptcy Court in the Matter of (W.R. GRACE & CO.) | 3.00 hrs | 450 /hr | 1,350.00 |
| 08/17/02 | CJH | Research and review of motion for leave to appeal (BY USG) | 2.00 hrs | 450 /hr | 900.00 |
| 08/17/02 | CJH | Drafting of memo regarding merits of USG motion for (J. WOLIN) | 2.00 hrs | 450 /hr | 900.00 |

G — 2:

```
Nov-04-02 04:11pm  From-                              T-706  P.08/05  F-781

HON. ALFRED WOLIN                                            PAGE  2
Client #          0950-14554-004 CJH
```

| Date | | Description | | | |
|---|---|---|---|---|---|
| 09/07/02 | CJH | Review of briefs and appendix and draft memo re: Plaintiff motion for leave to appeal in (ARMSTRONG) matter | 4.00 hrs | 450 /hr | 1,800.00 |
| 09/14/02 | CJH | Research and drafting of memo regarding motion for leave to appeal in (ARMSTRONG) | 4.00 hrs | 450 /hr | 1,800.00 |
| 09/25/02 | CJH | Telephone conference with E. WOHLFORTH re: various legal issues applicable to all cases (SHARED BY ALL BANKRUPTCY CASES) | .30 hrs | 450 /hr | 135.00 |
| 09/30/02 | CJH | Continues drafting of memo re: Plant (OWEN CORNING) appeal | 1.00 hrs | 450 /hr | 450.00 |
| 09/30/02 | CJH | Receipt and initial review of appeal in (FEDERAL MOGUL) Computer Sales Intl. | .50 hrs | 450 /hr | 225.00 |
| 10/07/02 | CJH | Final drafting of memo re: Plant appeal re:(OWENS CORNING) bankruptcy matter | 5.00 hrs | 450 /hr | 2,250.00 |
| 10/08/02 | CJH | Final edit of (OWENS CORNING) memo | 1.00 hrs | 450 /hr | 450.00 |

```
                  C. JUDSON HAMLIN  CJH  COUNSEL  2.00 hrs  225 /hr    450.00
                  C. JUDSON HAMLIN  CJH  COUNSEL 31.80 hrs  450 /hr 14,310.00
                                                33.80 hrs
DISBURSEMENTS

                  Parking fees for C. J. Hamlin at Newark Court         8.95
                  Parking fees for C. J. Hamlin at Newark Court         8.95
                  Parking fees for C. J. Hamlin at Newark Court         8.95
                  Facsimile charge at $ -.25 per pages                  1.50
                  Federal Express from C. J. Hamlin to Evans
                  Wohforth                                             13.60
                                                                 ------------
                  Total disbursements for this matter              $    41.95

BILLING SUMMARY

                  C. JUDSON HAMLIN  CJH  COUNSEL                      450.00
                  C. JUDSON HAMLIN  CJH  COUNSEL                   14,310.00
                                                                 ------------
                  TOTAL FEES                                     $14,760.00

                  TOTAL DISBURSEMENTS                             $    41.95
                                                                 ------------
                  TOTAL CHARGES FOR THIS BILL                    $14,801.95

                  UNPAID BALANCE                                 $ 2,681.24
                                                                 ------------
                  TOTAL BALANCE                                  $17,483.19
```

G - 25

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ARMSTRONG WORLD INDUSTRIES, INC., et al.,     **Debtors.** | Chapter 11<br>Case Nos. 00-4471, 00-4469, 00-4470<br>(Jointly Administered) |
| IN RE: W. R. GRACE & CO., et al.,     **Debtors.** | Chapter 11<br>Case Nos. 01-1139 through 01-1200<br>(Jointly Administered) |
| IN RE: FEDERAL MOGUL GLOBAL, INC., T & N LIMITED, et al.,     **Debtors.** | Chapter 11<br>Case Nos. 01-10578, et al<br>(Jointly Administered) |
| IN RE: USG CORPORATION, a Delaware Corporation, et al.,     **Debtors.** | Chapter 11<br>Case Nos. 01-2094 through 01-2104<br>(Jointly Administered) |
| IN RE: OWENS CORNING, et al.,     **Debtors.** | Chapter 11<br>Case Nos. 00-3837 through 00-3854<br>(Jointly Administered)<br><br>Hearing date set only if objections are timely filed |

## NOTICE OF FILING OF THIRD FEE APPLICATION

TO:  The Parties listed on Exhibit 1 hereto.

**PLEASE TAKE NOTICE** that Purcell, Ries, Shannon, Mulcahy & ONeill has filed this

Notice of Third Fee Application on behalf of C. Judson Hamlin as a Court Appointed Advisor

for an Allowance of Compensation of Fees for Actual and Necessary services Rendered and for

{00274298.DOC}

K

Reimbursement of Expenses Incurred for the Period from November 1, 2002 through March 31, 2003.

PLEASE TAKE FURTHER NOTICE that responses or objections to the aforementioned Fee Application must be timely filed with the United States Bankruptcy Court for the District of Delaware, 5th Floor, 824 Market Street, Wilmington, Delaware 19801 and served upon and received by (i) C. Judson Hamlin, Purcell, Ries, Shannon, Mulcahy & O'Neill, One Pluckemin Way, P.O. Box 754, Bedminster, New Jersey 07921; and (ii) Frank J. Perch, Esq., Office of the United States Trustee, 844 King Street, Lockbox 35, Room 2311, Wilmington, DE 19801.

PLEASE TAKE FURTHER NOTICE that in the event that timely objections to the Application are filed, a hearing will be scheduled at the convenience of the Court.

PLEASE TAKE FURTHER NOTICE that, in the absence of timely filed objections, the Court may enter an Order approving the aforementioned Fee Application on an interim basis without further notice or hearing.

Dated: _____, 2003

C. JUDSON HAMLIN
COURT APPOINTED ADVISOR
Purcell, Ries, Shannon, Mulcahy &
O'Neill
One Pluckemin Way
P.O. Box 754
Bedminster, New Jersey 07921
(908) 658-3800

{00274298.DOC}

K

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In Re: General Asbestos

Chapter 11

Case Nos. 00-4471, 00-4469,
00-4470,
01-1139 through 01-1200
01-10578, et al.
01-2094 through 01-2104
00-3837 through 00-3854

**THIRD APPLICATION OF PURCELL, RIES, SHANNON, MULCAHY & O'NEILL ON
BEHALF OF C. JUDSON HAMLIN FOR COMPENSATION FOR SERVICES
RENDERED AND REIMBURSEMENT OF EXPENSES AS A COURT APPOINTED
ADVISOR FOR THE PERIOD OF NOVEMBER 1, 2002 THROUGH MARCH 31, 2003**

| | |
|---|---|
| Name of Applicant: | C. Judson Hamlin |
| Authorized to Provide Professional Services to: | Alfred M. Wolin, U.S.D.J. |
| Date of Order: | December 28, 2001 |
| Period for which Compensation and Reimbursement Are Sought: | March 1, 2002 through October 28, 2002 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $ 3,447.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $ 30.21 |

This is an: X interim ___final application

The total time expended for fee application preparation is approximately hours and the corresponding compensation requested is approximately $__N/A[1]__

If this is not the first application filed, disclose the following for each prior application:

---

[1] C. Judson Hamlin's Third Fee Application was prepared entirely by Saiber Schlesinger Satz & Goldstein, L.L.C., ("SSS&G") and Norris, McLaughlin & Marcus, L.L.C., ("NMM"). To avoid duplication, the time expended and compensation requested appears only on SSS&G's First & NMM's Second Fee Application.

{00274296.DOC}

K

| Date Filed | Period Covered | Requested | | Approved | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| 5/3/2002 | 1/1/02 - 2/28/02 | $11,160.00 | $14.20 | $11,160.00 | $14.20 |
| 12/5/2002 | 3/1/02- 10/28/02 | $14,760.00 | $41.95 | $14,760.00 | $41.95 |
| | | | | | |
| | | | | | |
| | | | | | |

{00274296.DOC}

K — 4

## ATTACHMENT B
## TO FEE APPLICATION

| Name of Professional Person | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| C. Judson Hamlin | Admitted to Practice in 1963 | $450.00 | 5 | $2,250.00 |
| Lynn Citrino | Paralegal, N/A | $ 95.00 | 12.6 | $1,197.00 |
| Grand Total: | | $545.00 | 17.6 | $3,447.00 |
| Blended Rate: | | | | |

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees |
|---|---|---|
| General Asbestos Advisor | 5.10 | $ 484.50 |
| W.R. Grace | .60 | $ 57.00 |
| USG Corporation | 0.9 | $ 85.50 |
| Armstrong World Industries | 1.2 | $ 114.00 |
| Owens Corning | 1.8 | $ 171.00 |
| Federal Mogul Global | 0.8 | $ 2,535.00 |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

{00274297.DOC}

K  -  1

## EXPENSE SUMMARY

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Computer Assisted Legal Research | | |
| Facsimile (with rates) | | |
| Telephone, Postage, Photocopying | | |
| Outside Reproduction | | |
| Outside Research | | |
| Filing/Court Fees | | |
| Court Reporting | | |
| Travel Expenses | | |
| Courier & Express Carriers | Federal Express | $30.21 |
| Other (explain) | | |

Local Form 102 (Fee Application/Attachment B)

{00274297.DOC}

`K`

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ARMSTRONG WORLD INDUSTRIES, INC., et al., | Chapter 11 |
| | Case Nos. 00-4471, 00-4469, 00-4470 |
| | (Jointly Administered) |
| Debtors. | |
| IN RE: W. R. GRACE & CO., et al., | Chapter 11 |
| | Case Nos. 01-1139 through 01-1200 |
| | (Jointly Administered) |
| Debtors. | |
| IN RE: FEDERAL MOGUL GLOBAL, INC., T & N LIMITED, et al., | Chapter 11 |
| | Case Nos. 01-10578, et al |
| | (Jointly Administered) |
| Debtors. | |
| IN RE: USG CORPORATION, a Delaware Corporation, et al., | Chapter 11 |
| | Case Nos. 01-2094 through 01-2104 |
| | (Jointly Administered) |
| Debtors. | |
| IN RE: OWENS CORNING, et al., | Chapter 11 |
| | Case Nos. 00-3837 through 00-3854 |
| | (Jointly Administered) |
| Debtors. | Hearing date set only if objections are timely filed |

IN RE:    GENERAL ASBESTOS

THIRD APPLICATION OF PURCELL, RIES, SHANNON, MULCAHY & O'NEILL FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES ON BEHALF OF C. JUDSON HAMLIN AS A COURT APPOINTED ADVISOR FOR THE PERIOD FROM NOVEMBER 1, 2002 THROUGH MARCH 31, 2003

{00274295.DOC}

K —

TO THE HONORABLE ALFRED M. WOLIN, U.S.D.J.:

Pursuant to 11 U.S.C. §330 and §331 and Rule 2016 of the General Rules of Bankruptcy Procedure, Purcell, Ries, Shannon, Mulcahy & O'Neill ("Purcell Ries") hereby moves this Honorable Court on behalf of C. Judson Hamlin for an Order awarding an interim allowance of reasonable compensation with respect to the five above-captioned Chapter 11 cases for professional services rendered in C. Judson Hamlin's capacity as a Court Appointed Advisor in connection with the Court's management of these very large, mass-tort bankruptcy cases, in the amount of $3,447.00 and reimbursement of related expenses of $30.21 for the period of November 1, 2002 through March 31, 2003.

In support of this Application and pursuant to Bankruptcy Rule 2016, C. Judson Hamlin respectfully represents as follows:

1.      On various dates, the debtors in the above-captioned cases filed voluntary petitions for reorganization relief under Chapter 11 of Title 11 of U.S.C. §§101-1330. The debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to §§ 1107 (a) and 1108 of the Bankruptcy Code.

2.      On December 28, 2001, the Court appointed Mr. Hamlin and several other persons as "Court Appointed Advisors" to assist the Court, as set forth in that Order and in subsequent Orders, with the management of the above-captioned very large, mass-tort bankruptcy cases and to undertake such duties as the Court has and may in the future assign to Mr. Hamlin. A copy of this Order is annexed hereto as Exhibit A.

3.      By its Order dated March 19, 2002, the Court withdrew the reference to the Bankruptcy Court for any application for allowance of fees and/or costs by Court Appointed Advisors and gave leave to the Court Appointed Advisors to file interim fee applications in

{00274295.DOC} 2

K ←   3

accordance with the directions set forth therein. A copy of this Order is annexed hereto as Exhibit B. This Application is the third such application by C. Judson Hamlin.

4.     There is no agreement or understanding between Mr. Hamlin and any other person, other than the members, associates and employees of the law firm of Purcell Ries of which Mr. Hamlin is of counsel, for the sharing of compensation received or to be received for services rendered in connection with these proceedings.

5.     No agreement exists with any person or entity regarding the rate or amount of compensation Mr. Hamlin shall receive in connection with his appointment by this Court. The hourly rate of $450.00 is reasonable and customary for an attorney of Mr. Hamlin's experience rendering services such as those involved with his appointment as Court Appointed Advisor.

6.     Mr. Hamlin and other professionals associated with Purcell Ries expended a total of 5 hours in rendering professional services related to C. Judson Hamlin's position as a Court Appointed Advisor. The time spent and the services rendered were reasonable in relation to the size and complexity of the matters handled, not duplicative of other services rendered, and necessary to the administration of the debtors' estates. Overall billing statements are attached as Exhibit C setting forth the total hours spent by Mr. Hamlin and his associates related to all five consolidated bankruptcies.

7.     The billing statements attached as Exhibit C presents the hours expended in increments of one-tenth of an hour, with a description of the service rendered for each entry.

8.     In addition to the time expended in rendering services, Purcell Ries incurred out-of-pocket expenses in connection with C. Judson Hamlin's appointment as a Court Appointed Advisor in the amount of $30.21, as set forth in Exhibit C. These expenses were reasonable in relation to the size and complexity of the matters handled, not duplicative of other expenses

incurred, and necessary to the administration of the debtor's estates.

9.      C. Judson Hamlin respectfully submits that the compensation for services and reimbursement of expenses requested is consistent with the nature and extent of the services rendered for the period November 1, 2002 through March 31, 2003, the size and complexity of the case, the time, labor and special expertise brought to bear on the questions, and other related factors.

10.     C. Judson Hamlin, having reviewed Local Rule 2016-2 regarding compensation and reimbursement of expenses, certifies that this application complies with the requirements of Local Rule 2016-2.

11.     A proposed form of order is submitted herewith.

**WHEREFORE**, C. Judson Hamlin respectfully requests that an interim allowance of compensation for fees for services rendered and reimbursement of costs be allowed, in the amount of $3,447.20, subject to disgorgement as may be directed in a final Order of allowance at the conclusion of these Chapter 11 cases.

**WHEREFORE**, C. Judson Hamlin further respectfully requests that the interim allowance of his fees and costs be allocated among the debtors as follows:

1.      Evenly among the debtors as to all consolidated proceedings as set forth in Exhibit C for a total amount of $514.70, resulting in each debtor paying $102.90;

2.      Plus the additional sums of $57.00 as to the debtor W.R. Grace; $85.50 as to the debtor USG Corporation; $114.00 as to the debtor Armstrong World Industries; $171.00 as to the debtor Owens Corning; and $2535.00 as to the debtor Federal Mogul.

**WHEREFORE**, the sum of fees and costs allowed against each debtor pursuant to this interim allowance shall total $2,637.90 against Federal-Mogul Global, Inc.; $159.50 against W.

{00274295.DOC} 4

K - 1

R. Grace & Co.; $216.90 against Armstrong World Industries, Inc.; $273.90 against Owens Corning; and $188.40 against U.S.G. Corporation.

_____
C. JUDSON HAMLIN
Court Appointed Advisor

Dated: _____, 2003

K - 1.

*Exhibit A*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: ARMSTRONG WORLD INDUSTRIES, INC., et al., | : : | Chapter 11<br>Case Nos. 00-4471, 00-4469,<br>00-4470 |
| Debtors. | : | |
| IN RE: W.R. GRACE & CO., et al., | : : | Chapter 11<br>Case Nos. 01-1139 through<br>0-1200 |
| Debtors. | : | |
| IN RE: FEDERAL-MOGUL GLOBAL, INC., T&N LIMITED, et al., | : : : | Chapter 11<br>Case Nos. 01-10578, et al.[1] |
| Debtors. | : | |
| IN RE: USG CORPORATION, a Delaware Corporation, et al., | : : : | Chapter 11<br>Case Nos. 01-2094 through<br>01-2104 |
| Debtors. | : | |
| IN RE: OWENS CORNING, et al., | : : | Chapter 11<br>Case Nos. 00-3837 through<br>00-3854 |
| Debtors. | : | |

**ORDER DESIGNATING COURT APPOINTED CONSULTANTS
AND SPECIAL MASTERS**

This matter having been opened by the Court upon its own
motion in each of the above-captioned Chapter 11 cases; and the
interested parties having been put on notice by the Court at the
joint case management conference held on December 20, 2001, that
the Court anticipated appointing special masters and/or case

---

[1] See attached list.

K - 12

management consultants to whom the Court may from time to time
delegate certain authority to hear matters and to advise the
Court on issues that may arise in these five large Chapter 11
cases; and for good cause shown

It is this 28th day of December, 2001

ORDERED that the following Order applies to the lead cases
identified in the caption of this Order and to all cases filed as
related cases thereto, and it is further

ORDERED that William A. Drier, Esq., David R. Gross, Esq.,
C. Judson Hamlin, Esq., John E. Keefe, Esq., and Professor
Francis E. McGovern are hereby designated as Court Appointed
Consultants to advise the Court and to undertake such
responsibilities, including by way of example and not limitation,
mediation of disputes, holding case management conferences, and
consultation with counsel, as the Court may delegate to them
individually, and it is further

ORDERED that the parties are on notice that the Court may,
without further notice, appoint any of the Court-Appointed
Consultants to act as a Special Master to hear any disputed
matter and to make a report and recommendation to the Court on
the disposition of such matter, and it is further

ORDERED that William A. Drier, Esq., is hereby appointed
Special Master in the matter of In re W.R. Grace & Co.,
Bankruptcy No. 01-1139 through 01-1200, to hear all disputed
matters in that Chapter 11 case for which the Court's Order of

K — 1

Reference may be withdrawn from the Honorable Judith K.

Fitzgerald, United States Bankruptcy Judge, and it is further

ORDERED that the fees of the Court Appointed Consultants and

Special Master(s) shall be borne by the debtors in such manner

and apportionment as this Court or the Bankruptcy Courts may

hereinafter direct.


ALFRED M. WOLIN, U.S.D.J.


K — 12

IN RE: FEDERAL-MOGUL GLOBAL, INC.
Case Numbers

| | | | |
|---|---|---|---|
| 01-10578 | 01-10643 | 01-10700 | 01-10750 |
| 01-10580 | 01-10644 | 01-10701 | 01-10751 |
| 01-10582 | 01-10646 | 01-10702 | 01-10752 |
| 01-10585 | 01-10647 | 01-10703 | 01-10753 |
| 01-10586 | 01-10649 | 01-10704 | 01-10754 |
| 01-10587 | 01-10650 | 01-10705 | 01-10755 |
| 01-10589 | 01-10651 | 01-10706 | 01-10756 |
| 01-10591 | 01-10652 | 01-10707 | 01-10757 |
| 01-10593 | 01-10653 | 01-10708 | 01-10758 |
| 01-10594 | 01-10654 | 01-10710 | 01-10759 |
| 01-10596 | 01-10655 | 01-10711 | 01-10760 |
| 01-10598 | 01-10656 | 01-10712 | 01-10761 |
| 01-10599 | 01-10657 | 01-10713 | 01-10762 |
| 01-10600 | 01-10658 | 01-10714 | 01-10763 |
| 01-10601 | 01-10659 | 01-10715 | 01-10764 |
| 01-10603 | 01-10660 | 01-10716 | 01-10765 |
| 01-10604 | 01-10661 | 01-10717 | 01-10766 |
| 01-10605 | 01-10662 | 01-10718 | 01-10767 |
| 01-10606 | 01-10664 | 01-10719 | 01-10768 |
| 01-10608 | 01-10665 | 01-10721 | 01-10769 |
| 01-10610 | 01-10666 | 01-10722 | 01-10770 |
| 01-10611 | 01-10668 | 01-10723 | 01-10771 |
| 01-10613 | 01-10669 | 01-01724 | 01-10772 |
| 01-10614 | 01-10672 | 01-10726 | 01-10773 |
| 01-10615 | 01-10673 | 01-10727 | 01-10774 |
| 01-10617 | 01-10675 | 01-10728 | |
| 01-10618 | 01-10682 | 01-10729 | |
| 01-10619 | 01-10683 | 01-10730 | |
| 01-10620 | 01-10684 | 01-10731 | |
| 01-10621 | 01-10685 | 01-10732 | |
| 01-10622 | 01-10686 | 01-10733 | |
| 01-10623 | 01-10687 | 01-10734 | |
| 01-10625 | 01-10688 | 01-10736 | |
| 01-10626 | 01-10689 | 01-10737 | |
| 01-10627 | 01-10690 | 01-10739 | |
| 01-10629 | 01-10691 | 01-10741 | |
| 01-10630 | 01-10692 | 01-10742 | |
| 01-10632 | 01-10693 | 01-10743 | |
| 01-10633 | 01-10694 | 01-10744 | |
| 01-10634 | 01-10695 | 01-10745 | |
| 01-10637 | 01-10696 | 01-10746 | |
| 01-10638 | 01-10697 | 01-10747 | |
| 01-10640 | 01-10698 | 01-10748 | |
| 01-10641 | 01-10699 | 01-10749 | |

K  -  15

*Exhibit B*

## UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ARMSTRONG WORLD : <br> INDUSTRIES, INC., et al.,: <br> : <br> Debtors. : | Chapter 11 <br> Case Nos. 00-4471, 00-4469, <br> 00-4470 |
| IN RE: W.R. GRACE & CO., : <br> et al., : <br> : <br> Debtors. : | Chapter 11 <br> Case Nos. 01-1139 through <br> 0-1200 |
| IN RE: FEDERAL-MOGUL : <br> GLOBAL, INC., T&N : <br> LIMITED, et al., : <br> : <br> Debtors. : | Chapter 11 <br> Case Nos. 01-10578, et al.¹ |
| IN RE: USG CORPORATION, : <br> a Delaware Corporation, : <br> et al., : <br> : <br> Debtors. : | Chapter 11 <br> Case Nos. 01-2094 through <br> 01-2104 |
| IN RE: OWENS CORNING, : <br> et al., : <br> : <br> Debtors. : | Chapter 11 <br> Case Nos. 00-3837 through <br> 00-3854 |

## ORDER 1) PARTIALLY WITHDRAWING THE REFERENCE AND 2) GOVERNING APPLICATIONS FOR THE ALLOWANCE OF FEES AND EXPENSES TO COURT APPOINTED ADVISORS

This matter being opened upon the Court's own motion pursuant to the authority granted in 11 U.S.C. § 105(a) and the Court's inherent power; and the Court, pursuant to its Order of December 28, 2001, having appointed certain persons as Court Appointed Advisors ("Advisors") and in that Order and in subsequent Orders

---

¹See attached list.

K - 18

certain of these Advisors having been designated Special Masters
to hear and report on matters specifically delegated to them by
the Court as set forth in those Orders; and it appearing that the
Advisors are functioning in a manner in all respects similar to
examiners as provided for in the Bankruptcy Code, 11 U.S.C. §§
1104, 1106; and the Bankruptcy Code and Rules providing for the
compensation of examiners, officers and professional persons
pursuant to 11 U.S.C. §§ 330, 331; and the Advisors, by virtue of
their direct appointment by the Court, occupying a unique
position in the above-captioned cases not shared by other persons
employed in these cases; and the Court having determined that the
continued employment of the Advisors in their various capacities
is necessary for the efficient administration of these very large
mass-tort chapter 11 cases and in the best interests of the
creditors, equity holders and the estates in bankruptcy and that
the debts of the estates as specified in 11 U.S.C. § 1104(c)(2)
exceed $5,000,000; and for good cause shown

     IT IS this 19th day of March 2002

     ORDERED that pursuant to 28 U.S.C. § 157 and the Order of
this Court issued December 10, 2001, the reference of these cases
to the Bankruptcy Court, Judge Randall J. Newsome and Judge
Judith K. Fitzgerald presiding, is hereby withdrawn with respect
to any application for an allowance of fees filed by any of the
Advisors, and it is further

2

K - 17

ORDERED that the Advisors may make application for the allowance of their fees and expenses from the debtors' estates directly to this Court in the first instance, requesting that such applications be reviewed and approved by the Court pursuant to the substantive standards set forth in 11 U.S.C. § 330, and it is further

ORDERED that any application for the allowance of fees and expenses shall set forth how the applicant believes the fees and expenses should be allocated between the debtors, and it is further

ORDERED that, although by its terms local bankruptcy rule 2016-2 does not apply to applications for the allowance of fees and expenses by the Advisors, local rule 2016-2(d) governing information requirements relating to compensation requests is hereby incorporated by reference and made applicable to applications by the Advisors pursuant to this Order, and it is further

ORDERED that the Advisors may make interim applications for the allowance of fees and expenses pursuant to 11 U.S.C. § 331, on a monthly basis, and it is further

ORDERED that an application for the allowance of fees and expenses pursuant to this Order shall not set forth a hearing date for the application and no hearing will be held unless written objection is filed with the Court no later than ten days

3

K - 1

after service upon the objecting party of the fee application, and it is further

ORDERED that no Administrative Order or other Order in any of the above-captioned cases governing applications for the allowance of fees and expenses to professionals shall apply to an application by any of the Court Appointed Advisors pursuant to this Order except as provided below with respect to service, and it is further

ORDERED that any application made pursuant to this Order shall be served on the same parties and in the same manner as provided by applicable rule as superseded or modified by any Administrative Order of the Bankruptcy Court governing applications for the allowance of fees and expenses to professionals for which the reference has not been withdrawn, and it is further

ORDERED that this Order shall not limit the Court's ability, upon adequate notice, to charge fees and expenses of the Advisors upon parties besides the debtors on the grounds of equity, rule of procedure; or other law.

ALFRED M. WOLIN, U.S.D.J.

4

K

IN RE: FEDERAL-MOGUL GLOBAL, INC.
Case Numbers

| | | | |
|---|---|---|---|
| 01-10578 | 01-10643 | 01-10700 | 01-10750 |
| 01-10580 | 01-10644 | 01-10701 | 01-10751 |
| 01-10582 | 01-10646 | 01-10702 | 01-10752 |
| 01-10585 | 01-10647 | 01-10703 | 01-10753 |
| 01-10586 | 01-10649 | 01-10704 | 01-10754 |
| 01-10587 | 01-10650 | 01-10705 | 01-10755 |
| 01-10589 | 01-10651 | 01-10706 | 01-10756 |
| 01-10591 | 01-10652 | 01-10707 | 01-10757 |
| 01-10593 | 01-10653 | 01-10708 | 01-10758 |
| 01-10594 | 01-10654 | 01-10710 | 01-10759 |
| 01-10596 | 01-10655 | 01-10711 | 01-10760 |
| 01-10598 | 01-10656 | 01-10712 | 01-10761 |
| 01-10599 | 01-10657 | 01-10713 | 01-10762 |
| 01-10600 | 01-10658 | 01-10714 | 01-10763 |
| 01-10601 | 01-10659 | 01-10715 | 01-10764 |
| 01-10603 | 01-10660 | 01-10716 | 01-10765 |
| 01-10604 | 01-10661 | 01-10717 | 01-10766 |
| 01-10605 | 01-10662 | 01-10718 | 01-10767 |
| 01-10606 | 01-10664 | 01-10719 | 01-10768 |
| 01-10608 | 01-10665 | 01-10721 | 01-10769 |
| 01-10610 | 01-10666 | 01-10722 | 01-10770 |
| 01-10611 | 01-10668 | 01-10723 | 01-10771 |
| 01-10613 | 01-10669 | 01-01724 | 01-10772 |
| 01-10614 | 01-10672 | 01-10726 | 01-10773 |
| 01-10615 | 01-10673 | 01-10727 | 01-10774 |
| 01-10617 | 01-10675 | 01-10728 | |
| 01-10618 | 01-10682 | 01-10729 | |
| 01-10619 | 01-10683 | 01-10730 | |
| 01-10620 | 01-10684 | 01-10731 | |
| 01-10621 | 01-10685 | 01-10732 | |
| 01-10622 | 01-10686 | 01-10733 | |
| 01-10623 | 01-10687 | 01-10734 | |
| 01-10625 | 01-10688 | 01-10736 | |
| 01-10626 | 01-10689 | 01-10737 | |
| 01-10627 | 01-10690 | 01-10739 | |
| 01-10629 | 01-10691 | 01-10741 | |
| 01-10630 | 01-10692 | 01-10742 | |
| 01-10632 | 01-10693 | 01-10743 | |
| 01-10633 | 01-10694 | 01-10744 | |
| 01-10634 | 01-10695 | 01-10745 | |
| 01-10637 | 01-10696 | 01-10746 | |
| 01-10638 | 01-10697 | 01-10747 | |
| 01-10640 | 01-10698 | 01-10748 | |
| 01-10641 | 01-10699 | 01-10749 | |

5

K -

Exhibit C

Purcell, Ries, Shannon, Mulcahy & O'Neill, Esqs.
Crossroads Business Center
One Pluckemin Way        P O Box 754
Bedminster, NJ 07921-0754
(908) 658-3800

April 17, 2003

Billed through 04/10/03

Client #        0950-14554-007 CJH

HON. ALFRED WOLIN
U.S. DISTRICT COURT, NJ


CASE CAPTION:    U.S. DISTRICT COURT BANKRUPTCY MATTERS
OUR TAX I.D.#    22-2017766

Balance forward as of bill number 003 dated 01/31/03                    $ 2,688.29

FOR PROFESSIONAL SERVICES RENDERED

| | | | |
|---|---|---|---|
| 03/10/03 LC | Review file and create case index (.6); identify, analyze and index documents for case index update (.7) integrate correspondence and pleadings (A1) into index (.7) and update case index (.5) | 2.50 hrs    95 /hr | 237.50 |
| 03/26/03 LC | Identify, analyze and index documens for summation update | .50 hrs    95 /hr | 47.50 |
| 03/27/03 LC | Continue to identify, analyze and index documents for summation update. | .60 hrs    95 /hr | 57.00 |
| 04/02/03 LC | Identify, analyze and index documents for case index update. | .50 hrs    95 /hr | 47.50 |
| 04/10/03 LC | Preparation of documents for preliminary index re: testimony before the Senate (.4); update case index (.2); review and analysis of documents for case index update and inegrate documents into index (.4). | 1.00 hrs    95 /hr | 95.00 |
| | LYNN CITRINO | 5.10 hrs    95 /hr | 484.50 |
| | | 5.10 hrs | |

DISBURSEMENTS

| | | |
|---|---|---|
| | Federal Express from C. J. Hamlin to Whitney Chelnik, Esq. | 11.48 |
| | Federal Express from C. J. Hamlin to E. Evans Wohlforth, Jr. | 18.73 |
| | Total disbursements for this matter | $    30.21 |

BILLING SUMMARY

| | | |
|---|---|---|
| | LYNN CITRINO | 484.50 |
| | TOTAL FEES | $    484.50 |

K - ?

HON. ALFRED WOLIN                                                    PAGE  2
Client #           0950-14554-007 CJH

            TOTAL DISBURSEMENTS                        $      30.21
                                                       ------------
            TOTAL CHARGES FOR THIS BILL               $     514.71

            UNPAID BALANCE                            $  2,688.29
                                                       ------------
            TOTAL BALANCE                             $  3,203.00

                                        K

Purcell, Ries, Shannon, Mulcahy & O'Neill, Esqs.
Crossroads Business Center
One Fluckwmin Way      P O Box 754
Bedminster, NJ 07921-0754
(908) 658-3800

April 17, 2003

Billed through 04/10/03

Client #      0950/A-14354-001 CJH

OWENS CORNING


CASE NAME:    OWENS CORNING
OUR TAX I.D.: 22-2017766

FOR PROFESSIONAL SERVICES RENDERED

| | | | |
|---|---|---|---|
| 02/03/03 | LC | Continue organization of documents for database entry for Owens Corning. | .40 hrs |
| 02/03/03 | LC | Review, index and update database correspondence, discovery and pleadings for Owens Corning. | .30 hrs |
| 02/04/03 | LC | Retrieve and prepare documents re: Opinions for Owens Corning. | .10 hrs |
| 03/10/03 | LC | Identify, analyze and index documents for case index update for Owens Corning. | 1.00 hrs |


BILLING SUMMARY

| | | | |
|---|---|---|---|
| LYNN CITRINO | 1.80 hrs | 95 /hr | 171.00 |
| TOTAL FEES | 1.80 hrs | $ | 171.00 |
| TOTAL CHARGES FOR THIS BILL | | $ | 171.00 |

K ⌐ ₃

Purcell, Ries, Shannon, Mulcahy & O'Neill, Esqs.
Crossroads Business Center
One Pluckemin Way        P O Box 754
Bedminster, NJ 07921-0754
(908) 658-3800

April 17, 2003

Billed through 04/10/03

Client #        0950/B-14554-001 CJH

W.R. GRACE

CASE NAME:       W.R. GRACE
OUR TAX I.D.:    22-2017766

FOR PROFESSIONAL SERVICES RENDERED

03/31/03 LC    Identify, analyze and index documents for case        .60 hrs
               index update general file, W.R. Grace

BILLING SUMMARY

| | | | | |
|---|---|---|---|---|
| LYNN CITRINO | .60 hrs | 95 /hr | 57.00 |
| TOTAL FEES | .60 hrs | $ | 57.00 |
| TOTAL CHARGES FOR THIS BILL | | | $ | 57.00 |

K -

Purcell, Ries, Shannon, Mulcahy & O'Neill, Esqs.
Crossroads Business Center
One Pluckemin Way      P O Box 754
Bedminster, NJ 07921-0754
(908) 658-3800

April 17, 2003

Billed through 04/10/03

Client #      0950/C-14554-001 CJH

ARMSTRONG


CASE NAME:      ARMSTRONG
OUR TAX I.D.:   22-2017766

FOR PROFESSIONAL SERVICES RENDERED

| Date | | Description | Hours |
|---|---|---|---|
| 02/03/03 | LC | Continue organization of documents for database entry for Armstrong. | .30 hrs |
| 02/03/03 | LC | Review, index and update database pleadings for Armstrong. | .50 hrs |
| 02/03/03 | LC | Review, index and update database correspondence, discovery and pleadings for Armstrong. | .30 hrs |
| 02/04/03 | LC | Retrieve and prepare documents re: Opinions for Armstrong. | .10 hrs |

BILLING SUMMARY

| | | | |
|---|---|---|---|
| LYNN CITRINO | 1.20 hrs | 95 /hr | 114.00 |
| TOTAL FEES | 1.20 hrs | $ | 114.00 |
| TOTAL CHARGES FOR THIS BILL | | $ | 114.00 |

K - 2

Purcell, Ries, Shannon, Mulcahy & O'Neill, Esqs.
Crossroads Business Center
One Pluckemin Way          P O Box 754
Bedminster, NJ 07921-0754
(908) 658-3800

April 17, 2003

Billed through 04/10/03

Client #          0950/D-14554-001 CJH

FEDERAL MOGUL

CASE NAME:      FEDERAL MOGUL
OUR TAX I.D.:   22-2017766

FOR PROFESSIONAL SERVICES RENDERED

| Date | | Description | Hours |
|------|---|-------------|-------|
| 02/03/03 | LC | Continue organization of documents for database entry for Federal Mogul. | .30 hrs |
| 02/03/03 | LC | Review, index and update database pleadings for Federal Mogul. | .50 hrs |
| 02/03/03 | LC | Review, index and update database correspondence, discovery and pleadings for Federal Mogul. | .40 hrs |
| 02/04/03 | LC | Search Internet - United State Bankruptcy Court, Delaware for opinion by Judge Randall Newsome for appeal for Federal Mogul. | .80 hrs |
| 02/17/03 | CJH | Research and drafting memorandum for the court re: issues in CSI appeal in Federal Mogul. | 4.00 hrs |
| 02/18/03 | CJH | Final edit of memorandum for District Court re: CSI appeal in Federal Mogul matter. | 1.00 hrs |
| 02/19/03 | LC | Draft cover explanatory note forwarding CSI v. Federal Mogul original documents to E. Evans Wohlforth. | .50 hrs |
| 03/31/03 | LC | Identify, analyze and index documents for case index update general file, Federal Mogul. | .50 hrs |

BILLING SUMMARY

| | | | | Hours | Rate | Amount |
|---|---|---|---|-------|------|--------|
| C. JUDSON HAMLIN | CJH | COUNSEL | | 5.00 hrs | 450 /hr | 2,250.00 |
| LYNN CITRINO | | | | 3.00 hrs | 95 /hr | 285.00 |
| TOTAL FEES | | | | 8.00 hrs | | $ 2,535.00 |
| TOTAL CHARGES FOR THIS BILL | | | | | | $ 2,535.00 |

K - 26

Purcell, Ries, Shannon, Mulcahy & O'Neill, Esqs.
Crossroads Business Center
One Pluckemin Way        P O Box 754
Bedminster, NJ 07921-0754
(908) 658-3800

April 17, 2003

Billed through 04/10/03

Client #        0950/E-14554-001 CJH

U.S. GYPSUM

CASE NAME:      U.S. GYPSUM
OUR TAX I.D.:   22-2017766

FOR PROFESSIONAL SERVICES RENDERED

| | | |
|---|---|---|
| 02/04/03 LC | Retrieve and prepare documents re: Opinions for U.S. Gypsum. | .20 hrs |
| 03/31/03 LC | Identify, analyze and index documents for case index update general file, U.S. Gypsum | .50 hrs |
| 04/10/03 LC | Update U.S. Gypsum case index. | .20 hrs |

BILLING SUMMARY

| | | | |
|---|---|---|---|
| LYNN CITRINO | .90 hrs | 95 /hr | 85.50 |
| TOTAL FEES | .90 hrs | * | 85.50 |
| | | | |
| TOTAL CHARGES FOR THIS BILL | | * | 85.50 |

K —

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: ARMSTRONG WORLD INDUSTRIES, INC., et al., | : : : | Chapter 11 Case Nos. 00-4471, 00-4469, 00-4470 (Jointly Administered) |
| Debtors. | : : | |
| IN RE: W. R. GRACE & CO., et al., | : : : | Chapter 11 Case Nos. 01-1139 through 01-1200 (Jointly Administered) |
| Debtors. | : : | |
| IN RE: FEDERAL MOGUL GLOBAL, INC., T & N LIMITED, et al., | : : : : | Chapter 11 Case Nos. 01-10578, et al (Jointly Administered) |
| Debtors. | : : | |
| IN RE: USG CORPORATION, a Delaware Corporation, et al., | : : : : | Chapter 11 Case Nos. 01-2094 through 01-2104 (Jointly Administered) |
| Debtors. | : : | |
| IN RE: OWENS CORNING, et al., | : : : : | Chapter 11 Case Nos. 00-3837 through 00-3854 (Jointly Administered) |
| Debtors. | : | |

IN RE:      GENERAL ASBESTOS

THIRD INTERIM ORDER AWARDING FEES AND EXPENSES TO PURCELL, RIES, SHANNON, MULCAHY & O'NEILL, ON BEHALF OF THE COURT APPOINTED ADVISOR C. JUDSON HAMLIN

This matter having been opened before the Court upon the third application of Purcell, Ries, Shannon, Mulcahy & O'Neill on behalf of the Court Appointed Advisor C. Judson Hamlin; and the Court having by previous Order withdrawn the reference to the Bankruptcy Court with respect to such applications and granted leave to the Court Appointed Advisors to make interim

{00274299.DOC}

K  —  ﹖﹖

applications for the allowance of fees and expenses incurred in the course of their appointment by the Court; having received no opposition to the application; and the Court having found that the fees and expenses are reasonable and that the services rendered were necessary for the administration of the debtors' estates and not duplicative of any other services rendered and for other good cause shown

IT IS on this _____ day of _____, 2003

ORDERED that the third application of Purcell, Ries, Shannon, Mulcahy & O'Neill on behalf of C. Judson Hamlin for an interim allowance of fees and expenses is hereby granted and fees and expenses are allowed on an interim basis in the amount of $3,477.20; and it is further

ORDERED that the interim fees and expenses allowed pursuant to this Order are to be allocated among the debtors as follows:

$2,637.90 in fees and expenses against Federal Mogul, Inc.;

$159.90 in fees and expenses against W.R. Grace & Co.;

$216.90 in fees and expenses against Armstrong World Industries, Inc.;

$273.90 in fees and expenses against Owens Corning; and

$188.40 in fees and expenses against U.S.G. Corporation; and it is further

ORDERED that the debtors are authorized and directed to pay to Purcell, Ries, Shannon, Mulcahy & O'Neill the amounts as set forth herein; and it is further

ORDERED that amounts received pursuant to this interim Order may be subject to disgorgement as may be provided in the final Order of allowance of fees and expenses at the conclusion of the above-captioned Chapter 11 cases.

ALFRED M. WOLIN, U.S.D.J.

{00274299.DOC}2

K - 2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| W.R. GRACE & CO., | : | |
| et al., | : | |
| Debtors. | : | Bankruptcy No.  01-1139 (JKF) |
| | : | Jointly Administered |

**Objection Deadline: October 31, 2003 at 4:00 PM**
**Hearing Date: November 17, 2003 at Noon**

**OBJECTION OF UNITED STATES TRUSTEE TO APPLICATION OF THE DEBTORS
FOR THE APPOINTMENT OF C. JUDSON HAMLIN AS LEGAL REPRESENTATIVE
FOR FUTURE CLAIMANTS (Dkt. No. 4575)**

COMES NOW Roberta A. DeAngelis, the Acting United States Trustee ("UST") for this

District, by and through her counsel, and objects to the Application Of The Debtors for the

Appointment of C. Judson Hamlin as Legal Representative for Future Claimants (the

"Application") as set forth below:

1.      Pursuant to 28 U.S.C. § 586 , the UST is charged with the administrative

oversight of cases commenced pursuant to Title 11, United States Code.

2.      Pursuant to 11 U.S.C. § 307 the UST has standing to be heard.

3.      The Application seeks to appoint C. Judson Hamlin ("Hamlin") as the Legal

Representative for Future Claimants ("Futures Representative") to fulfill the functions

envisioned under section 524(g)(4)(B) of the Bankruptcy Code.

4.      The disclosures accompanying the Application are incomplete and/or deficient in

several respects as set forth below:

a.    Hamlin's Firm Affiliation and Connections of the Firm: The curriculum vitae of Hamlin attached to the Application as Exhibit A describes him as "Of Counsel" but neither the curriculum vitae nor any other averment in the Application clearly identify the firm to which Hamlin is of counsel.[1]  The Application's disclosures are incomplete without a disclosure of the current firm affiliation of Hamlin and the connections, if any, of that firm with the Debtor, any creditors, or interested parties in this case.

b.    Hamlin's Status and Activities as a Consultant/Advisor to the Court in This Case.  The Application recites that Hamlin has been appointed "to act as a special consultant and case manager in six asbestos chapter 11 cases" (Application at ¶ 11), without indicating that one of those "six asbestos chapter 11 cases" is this case.  While it may be that this fact is known to most of the parties reading the Application, that only serves to point up the question of why the Application is so circumspect on this matter.  Furthermore, the Application fails to disclose the extent to which Hamlin has already provided advice and consultation to this Court in this case (examples of which are cited in the objection to this Application filed by an *ad hoc* committee of certain creditors on October 29, 2003).

c.    Hamlin's Intentions Regarding Continued Service as Advisor to the Court. The Application does not address the question whether Hamlin intends to continue serving as a "Court Appointed Consultant and Special Master" pursuant to the December 28, 2001 Order of the Honorable Alfred M. Wolin (the "Consultant Order"), either in this case or in any of the other cases covered by the Consultant Order.

---

[1]    The C.V. refers to "the Purcell firm" but does not provide the full name of the firm or indicate whether such firm is Hamlin's current affiliation.

-2-

d.    <u>The Motion to Recuse Judge Wolin</u>.  The Application does not disclose or discuss the implications of the motion ("Recusal Motion") that has been filed in the *Owens Corning* case, No. 00-3837, seeking the recusal of Judge Wolin due to, *inter alia*, Hamlin's simultaneous service as an advisor to the Court pursuant to Consultant Order and as Futures Representative in the *G-I Holdings* case pending in the United States Bankruptcy Court for the District of New Jersey.

<u>At a Minimum, This Application Should Be Held in Abeyance<br>Pending Determination of the Recusal Motion</u>

5.    The granting of the Recusal Motion in *Owens Corning* would compel a finding that Hamlin's appointment herein as Futures Representative should not be approved, or, alternatively, would compel the recusal of Judge Wolin from this case in the event that Hamlin were appointed as Futures Representative herein.  Therefore, due to the interrelationship between the factual basis of the Recusal Motion and this Application, and due to the potential impact of granting the Recusal Motion, this Application should be held in abeyance pending determination of the Recusal Motion, unless the Court determines that it should be denied on the independent grounds set forth below.

<u>Separately From the Recusal Motion, Hamlin Possesses Conflicting Interests</u>

6.    Regardless of whether the Bankruptcy Code is interpreted as expressly requiring that a Futures Representative be a "disinterested person" as defined in sections 101(14) and 327, the UST submits that it would be inappropriate for the Court to approve the appointment of a Futures Representative who has a clear conflict of interest and therefore cannot discharge his or

-3-

her duties of representing the constituency of persons as yet unknown holding future demands as defined in section 524(g).

7.     Hamlin's roles as court appointed consultant and special master <u>in this case</u> and as Futures Representative are in direct conflict.  One is an impartial role which Judge Wolin has likened to that of an examiner.  The other role is clearly partisan, to represent the interests of a constituency whose interests are not represented by the Debtor, the Official Committee of Unsecured Creditors, the Official Committee of Asbestos Personal Injury Claimants, or the Official Committee of Asbestos Property Damage Claimants and which are in conflict and competition therewith.  Because Hamlin here has served (and may intend to continue serving) conflicting interests <u>in the same case</u>, this conflict is more direct than, and exists independently of, the conflict alleged in the Recusal Motion between Hamlin's role pursuant to the Consultant Order and his role as Futures Representative in a case pending in another district which Judge Wolin is not supervising.

8.     The UST reserves the right to conduct discovery regarding the Application and to amend this Objection to assert such other grounds as may become apparent upon further factual discovery.

WHEREFORE, the UST respectfully prays this Honorable Court to deny the

Application and for such other relief at law and in equity as this Honorable Court may deem to be

proper.

Respectfully submitted,

**ROBERTA A. DeANGELIS**
**ACTING UNITED STATES TRUSTEE**

BY:  __/s/ Frank J. Perch, III_____
Frank J. Perch, III, Esquire
Assistant United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Room 2207, Lockbox 35
Wilmington, DE  19801
(302) 573-6491
(302) 573-6497 (Fax)

DATED: October 30, 2003

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| **W.R. GRACE & CO., *et al.*,** | Case No. 01-01139 (JKF) |
| Debtors. | Jointly Administered |
| | **Related Docket No. 4575**<br>**Objection Deadline: October 31, 2003**<br>**Hearing Date: November 17, 2003 at Noon** |

## LONDON MARKET INSURERS' OBJECTION TO DEBTORS' APPLICATION FOR THE APPOINTMENT OF C. JUDSON HAMLIN AS LEGAL REPRESENTATIVE FOR FUTURE CLAIMANTS

This objection is filed on behalf of Certain Underwriters at Lloyd's, London and Certain London Market Companies who subscribed policies in favor of W.R. Grace & Co. or its legal predecessors ("London Market Insurers"). London Market Insurers object to the appointment of C. Judson Hamlin as legal representative for future claimants ("Future Claimants Representative" or "FCR") on the ground that his acceptance of that appointment would constitute a conflict of interest with his role as consultant and advisor to Judge Wolin in this and related actions.

Because London Market Insurers may be called upon to pay claims of future claimants, they have an interest in how those claims are treated in this proceeding. Further, like all parties, London Market Insurers have an interest in the maintenance of proceedings that are fair and unbiased and that appear to be so.

00106310

## ARGUMENT

As the Application of the Debtors states, "Mr. Hamlin's long involvement in mass torts has led to his appointment by this Court to act as special consultant and case manager in six asbestos chapter 11 cases." Application, ¶ 11. One of those cases is the instant *W.R. Grace* proceeding.

By order of December 28, 2001, the District Court (Wolin, J.) entered an order appointing five "consultants" to serve in five cases, including this case. Mr. Hamlin and the others were "designated as Court Appointed Consultants to advise the Court and to undertake such responsibilities, including by way of example and not limitation, mediation of disputes, holding case management conferences, and consultation with counsel, as the Court may delegate to them individually." See Order Designating Court Appointed Consultants and Special Masters, at 2 (Docket No. 1427).

On March 19, 2002, the District Court signed a further order providing for payment of the fees and expenses of the Consultants, saying that "the Advisors [*sic*] are functioning in a manner in all respects similar to examiners as provided for in the Bankruptcy Code, 11 U.S.C. §§ 1104, 1106," and that "the Bankruptcy Code and Rules provide[s] for the compensation of examiners, officers and professional persons pursuant to 11 U.S.C. §§ 330, 331 ..." The Court noted that "the continued employment of the Advisors in their various capacities is necessary for the efficient administration of these very large mass-tort chapter 11 cases and in the best interests of the creditors, equity holders and estates in bankruptcy..." See Order 1) Partially Withdrawing the Reference and 2) Governing Applications for the Allowance of Fees and Expenses to Court Appointed Advisors, at 2 (Docket No. 1837).

2

Mr. Hamlin has performed the function of consultant and advisor to the Court, as shown by his fee application of April 26, 2002 filed in this case.  As he acknowledges by making the application "[p]ursuant to 11 U.S.C. § 330 and § 331 and Rule 2016 of the Federal Rules of Bankruptcy Procedure," he is being compensated as an officer of the court.  See First Application of the Court Appointed Advisor C. Judson Hamlin, for an Interim Allowance of Fees For Actual and Necessary Services Rendered and for Reimbursement of Expenses Incurred for the Period January 1, 2002 through February 28, 2002 (Docket No. 2074).  Mr. Hamlin filed two other fee applications for his service as "Court Appointed Advisor."  (Docket Nos. 3179, 3839).  Each was approved by the Court.  (Docket Nos. 2271, 3185, 4035).  Mr. Hamlin's fee applications show that he has taken part in *ex parte* communications with the Court and other consultants, to which the parties to this and the other proceedings have not been privy.

As FCR, Mr. Hamlin would be the "legal representative for the purpose of protecting the rights of persons that might subsequently assert demands" alleging asbestos bodily injury. 11 U.S.C. § 524(g)(4)(B)(i).  This role has been likened to that of a "guardian," In re Eagle-Picher Industries, Inc., 144 B.R. 69, 70 (Bankr. S.D. Ohio 1992), and necessitates a fiduciary relationship between the representative and the future claimants.  Further, as FCR, Mr. Hamlin as a lawyer would have the obligations that all counsel have to their clients.

Thus, as FCR Mr. Hamlin would be both counsel for a party and virtually a party himself. As guardian, it would be his duty to analyze, determine, and represent the interests of unknown future clients.  As counsel, he would have the obligation to serve their interests zealously within ethical boundaries, to the exclusion of the interests of all other parties.

Given his role as a personal consultant, where his service is intended to be "in the best interests of the creditors, equity holders and estates in bankruptcy," Order of March 19, 2002,

3

Mr. Hamlin could not zealously serve the interests of futures claimants or fulfill his duties as their representative consistent with his duties to the court. Because the future claimants are as yet unknown, they cannot waive this conflict and consent to Mr. Hamlin's dual role.

In any event, the conflict is not waivable. The ABA Model Rules of Professional Conduct provide, at Rule 1.12, that (except in the case of a partisan arbitrator), "a lawyer shall not represent anyone in connection with a matter in which the lawyer participated personally and substantially as a judge or other adjudicative officer, arbitrator or law clerk to such a person, unless all parties to the proceeding consent after consultation."[1] Mr. Hamlin, as a special consultant to the Court who also seeks to represent persons in connection with this matter, appears to fall within this rule. Moreover, Rule 1.12 applies equally to former as well as present judicial officers. Therefore, Mr. Hamlin could not resolve the conflict by obtaining an order relieving himself of his duties as consultant to the District Court.

Further, Mr.Hamlin's dual service as FCR and consultant would not be consistent with Judge Wolin's obligations concerning *ex parte* communications pursuant to Canon 3(A)(4) of the Code of Judicial Conduct.

---

[1]   Local Rule 1001-1 of the Bankruptcy Court for the District of Delaware provides that the Local Rules of the United States District Court for the District of Delaware shall apply. Local Rule 83.6(d)(2) of the District Court for the District of Delaware provides that attorneys who practice before the court shall be governed by the Model Rules of Professional Conduct of the American Bar Association.

4

## **CONCLUSION**

For these reasons, the application of the Debtor for the appointment of Mr. Hamlin as

Future Claimants Representative should be denied.

DATED:        October 31, 2003

Respectfully submitted,

/s/ Francis J. Murphy
Francis J. Murphy, Esq.
MURPHY SPADARO & LANDON
824 Market Street, Suite 700
Wilmington, DE  19899
(302) 654-4600

James Sottile
Joseph L. Ruby
BAACH ROBINSON & LEWIS PLLC
One Thomas Circle, NW, Suite 200
Washington, DC  20005
Phone:  (202) 833-8900

Counsel for Certain Underwriters at Lloyd's, London
and Certain London Market Companies

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| W. R. GRACE & CO., et al., | Case No. 01-01139 (JKF) |
| Debtors. | (Jointly Administered) |
| | **Objection Deadline: November 3, 2003 (by agreement)** |
| | **Hearing Date: November 17, 2003 at 12 noon** |

**RESPONSE OF THE OFFICIAL COMMITTEE OF ASBESTOS PROPERTY DAMAGE
CLAIMANTS TO THE DEBTORS' APPLICATION FOR THE APPOINTMENT OF C.
JUDSON HAMLIN AS LEGAL REPRESENTATIVE FOR FUTURE CLAIMANTS
(DOCKET NO. 4575)**

The Official Committee of Asbestos Property Damage Claimants (the "PD Committee")
through its undersigned counsel, hereby files this Response (the "Response") to the application
of the Debtors for the Appointment of C. Judson Hamlin as Legal Representative for Future
Claimants, pursuant to 11 U.S.C.§§ 105, 327 and 524(g)(4)(B) (the "Application"). In support
hereof, the PD Committee respectfully states as follows:

**Preliminary Statement**

By the Application, the Debtors seek the appointment of C. Judson Hamlin as the
Legal Representative for Future Claimants; however, the Application fails to adequately define
the term "Future Claimants" and fails to identify what type of future claims or constituencies
would be covered by the representation. As a result, the information provided in the Application
is insufficient for the PD Committee to assess Mr. Hamlin's qualifications for such a position or
to determine whether conflicts amongst future claimants exist or could develop based upon such
a representation.

## Response

1.      Prior to the filing of the Application, the Debtors shared with counsel for the PD Committee that they intended to seek the appointment of a Futures Representative.  At that time, counsel for the PD Committee understood that the Debtors would only be seeking a legal representative for future asbestos personal injury claims.

2.      As filed, the Application and the proposed order do not identify which claims or constituencies would be covered by the legal representation and, as presented, the term "Future Claimants" could arguably include not just personal injury, but also all other future claims that could arise, which, in turn, raises the concern of conflicts amongst the various future claimants.[1]

3.      Due to the inadequate identification of "Future Claimants" and the potential that other claims could fall within the definition, the PD Committee's counsel contacted the Debtors twice and sought confirmation that the Application's intent was to seek the appointment of a legal representative solely for future asbestos personal injury claimants and sought modification of the proposed order to reflect the limited representation.

4.      When contacted, the Debtors' counsel was not able to confirm or deny that the Legal Representative would only be responsible for future asbestos personal injury claims and stated that the issue had not been decided.  Despite the two inquiries, the Debtors have failed to share with the PD Committee what future claims would fall within the Legal Representative's responsibilities.

5.      As a result of the failure to confirm what claims are to be covered by the representation, the PD Committee has been unable to assess Mr. Hamlin's qualifications for the

---

[1] As the District Court has withdrawn its reference as to all personal injury claims, the PD Committee also questions whether it is appropriate for this Application to have been filed with this Court, rather than the District Court.

\74817\15537\ # 649256 v 2
11/3/03 2:41 PM

2

Case No. 01-01139 (JKF)

Legal Representative or his disinterestedness in light of the potential that the representation would encompass a variety of claims and may create conflicts amongst the future claimants.

      6.    Given the Debtors' failure to provide sufficient information for the PD Committee to assess the appropriateness of the Application, the PD Committee reserves the right to amend its Response to the appointment of C. Judson Hamlin as Legal Representative upon the receipt of additional information that demonstrates the propriety or impropriety of the Application.

      WHEREFORE, the PD Committee respectfully requests that this Court deny the Application, and for such other relief that the Court deems appropriate.

Wilmington, Delaware
Dated:  November 3, 2003

Respectfully submitted,

BILZIN SUMBERG BAENA
  PRICE & AXELROD
2500 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida  33131-2336
Telephone:  (305) 374-7580

Scott L. Baena (Admitted Pro Hac Vice)
Jay M. Sakalo (Admitted Pro Hac Vice)

and

FERRY JOSEPH & PEARCE, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, Delaware  19899
Telephone:  (302) 575-1555

By:/s/ Theodore J. Tacconelli
Theodore J. Tacconelli
(Del. Bar No. 2678)

CO-COUNSEL FOR THE OFFICIAL
COMMITTEE OF ASBESTOS PROPERTY
DAMAGE CLAIMANTS

\74817\15537\ # 649256 \ 2
11/3/03 2:41 PM

3