**EXHIBIT JJ**

No. 03-4526

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

*In re* D.K. ACQUISITION PARTNERS, L.P., FERNWOOD ASSOCIATES, L.P. AND
DEUTSCHE BANK TRUST COMPANY AMERICAS,

Petitioners.

On Petition for a Writ of Mandamus to Judge Alfred M. Wolin, United States
District Judge of New Jersey, sitting by designation in the United States District
Court for the District of Delaware

## AFFIDAVIT OF DAVID FORER IN SUPPORT OF REPLY TO ANSWERS TO EMERGENCY PETITION FOR MANDAMUS

**KLEHR, HARRISON, HARVEY,
BRANZBURG & ELLERS LLP**
919 Market Street, Suite 1000
Wilmington, DE 19809-3062
(302) 426-1189

**WILLKIE FARR & GALLAGHER LLP**
787 Seventh Avenue
New York, NY 10019
(212) 728-8000

I, David Forer, being duly sworn, declare as follows:

1.      I am a General Partner at Fernwood Associates, L P ("Fernwood"). I am the person responsible for monitoring Fernwood's involvement in the W.R. Grace bankruptcy proceedings

2.      I submit this affidavit to correct and clarify the record with respect to the allegations contained in the Answer of the W.R. Grace, & Co. et al Official Committee of Asbestos Personal Injury Claimants to Emergency Petition for a Writ of Mandamus ("OC Answer"), and the Answer of the Unofficial Committee of Select Asbestos Claimants to Emergency Petition for a Writ of Mandamus ("UC Answer") that Fernwood had actual knowledge of the appointments of Messrs. Hamlin and Gross in the G-I Holdings chapter 11 case before the filing of the Motion to Recuse the Honorable Alfred N. Wolin, United States District Judge, from Further Participation in these Jointly Administered Cases, filed by Kensington International Limited and Springfield Associates, LLC on October 10, 2003 ("Kensington Recusal Motion") See OC Answer at 1-2, 10-13; UC Answer at 5

3.      These allegations are incorrect. After reasonable inquiry into the issue, I can confirm that Fernwood only learned of these appointments when the Kensington Recusal Motion was filed

4.      Furthermore, to the extent that any party alleges that Fernwood has engaged in ex parte meetings with Judge Wolin with regard to the W.R. Grace bankruptcy, this allegation is also incorrect. I have not had any conversations with Judge Wolin and am not a aware of anyone else from Fernwood having had such conversations

1304584.1

Dated: New York, New York
December 5, 2003

David Forer

Sworn to before me this
_8_ day of December, 2003

Notary Public

DAVID JEN
Notary Public, State of New York
No. 01JE4045367
Qualified in Queens County
Certificate Filed in New York C____

- 2 -

No. 03-4526

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

*In re* D.K. ACQUISITION PARTNERS, L.P., FERNWOOD ASSOCIATES, L.P. AND
DEUTSCHE BANK TRUST COMPANY AMERICAS,

Petitioners.

On Petition for a Writ of Mandamus to Judge Alfred M. Wolin, United States
District Judge of New Jersey, sitting by designation in the United States District
Court for the District of Delaware

## AFFIDAVIT OF MATTHEW DOHENY IN SUPPORT OF REPLY TO
## ANSWERS TO EMERGENCY PETITION FOR MANDAMUS

KLEHR, HARRISON, HARVEY,
BRANZBURG & ELLERS LLP
919 Market Street, Suite 1000
Wilmington, DE 19809-3062
(302) 426-1189

WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019
(212) 728-8000

I, Matthew Doheny, being duly sworn, declare as follows:

1.      I am a Director of the Distressed Products Group at Deutsche Bank Securities Inc. I am the person responsible for monitoring Deutsche Bank Trust Company Americas ("Deutsche Bank") involvement in the W.R. Grace bankruptcy proceedings.

2.      I submit this affidavit to correct and clarify the record with respect to the allegations contained in the Answer of the W.R. Grace, & Co. et al. Official Committee of Asbestos Personal Injury Claimants to Emergency Petition for a Writ of Mandamus ("OC Answer"), and the Answer of the Unofficial Committee of Select Asbestos Claimants to Emergency Petition for a Writ of Mandamus ("UC Answer") that Deutsche Bank had actual knowledge of the appointments of Messrs. Hamlin and Gross in the G-I Holdings chapter 11 case before the filing of the Motion to Recuse the Honorable Alfred N. Wolin, United States District Judge, from Further Participation in these Jointly Administered Cases, filed by Kensington International Limited and Springfield Associates, LLC on October 10, 2003 ("Kensington Recusal Motion"). See OC Answer at 1-2, 10-13; UC Answer at 5.

3.      These allegations are incorrect. After reasonable inquiry into the issue, I can confirm that Deutsche Bank only learned of these appointments when the Kensington Recusal Motion was filed.

4.      Furthermore, to the extent that any party alleges that Deutsche Bank has engaged in ex parte meetings with Judge Wolin with regard to the W.R. Grace bankruptcy, this allegation is also incorrect. I have not had any conversations with Judge Wolin and am not a aware of anyone else from Deutsche Bank having had such conversations.

SA -005

Dated: New York, New York

December 5, 2003

Matthew Doheny

Sworn to before me this
8th day of December, 2003

Notary Public

BARBARA A KNIGHT
NOTARY PUBLIC State of New York
No 01KN5038083
Qualified in New York County
Commission Expires February 21, 2007

- 3 -

No. 03-4526

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

*In re* D.K. ACQUISITION PARTNERS, L.P., FERNWOOD ASSOCIATES, L.P. AND
DEUTSCHE BANK TRUST COMPANY AMERICAS,

Petitioners.

On Petition for a Writ of Mandamus to Judge Alfred M. Wolin, United States
District Judge of New Jersey, sitting by designation in the United States District
Court for the District of Delaware

**AFFIDAVIT OF MICHAEL LEFFELL IN SUPPORT OF REPLY TO
ANSWERS TO EMERGENCY PETITION FOR MANDAMUS**

**KLEHR, HARRISON, HARVEY,
BRANZBURG & ELLERS LLP**
919 Market Street, Suite 1000
Wilmington, DE 19809-3062
(302) 426-1189

**WILLKIE FARR & GALLAGHER LLP**
787 Seventh Avenue
New York, NY 10019
(212) 728-8000

SA -007

I, Michael Leffell, being duly sworn, declare as follows:

1.      I am a Partner at M.H. Davidson & Co., LLC, the ultimate parent of D.K.
Acquisition Partners, L.P. ("Acquisition"). I am the person responsible for monitoring
Acquisition's involvement in the W.R. Grace bankruptcy proceedings.

2.      I submit this affidavit to correct and clarify the record with respect to the
allegations contained in the Answer of the W.R. Grace, & Co. et al. Official Committee of
Asbestos Personal Injury Claimants to Emergency Petition for a Writ of Mandamus ("OC
Answer"), and the Answer of the Unofficial Committee of Select Asbestos Claimants to
Emergency Petition for a Writ of Mandamus ("UC Answer") that Acquisition had actual
knowledge of the appointments of Messrs. Hamlin and Gross in the G-I Holdings chapter 11 case
before the filing of the Motion to Recuse the Honorable Alfred N. Wolin, United States District
Judge, from Further Participation in these Jointly Administered Cases, filed by Kensington
International Limited and Springfield Associates, LLC on October 10, 2003 ("Kensington
Recusal Motion"). See OC Answer at 1-2, 10-13; UC Answer at 5.

3.      These allegations are incorrect. After reasonable inquiry into the issue, I
can confirm that Acquisition only learned of these appointments when the Kensington Recusal
Motion was filed.

4.      Furthermore, to the extent that any party alleges that Acquistion has
engaged in ex parte meetings with Judge Wolin with regard to the W.R. Grace bankruptcy, this
allegation is also incorrect. I have not had any conversations with Judge Wolin and am not a
aware of anyone else from Acquisition having had such conversations.

Dated: New York, New York
       December 5, 2003

Sworn to before me this
___ day of December, 2003

_____
       Notary Public

**KIMBERLY A. SMITH**
**NOTARY PUBLIC, State of New York**
     **No. 01SM6065854**
   **Qualified in New York County**
**Commission Expires Sept. 9, 2004**

- 2 -

SA -009

# EXHIBIT KK

i                           ..

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

Objection Deadline: October 31, 2003
Hearing Date: November 17, 2003 at noon

**APPLICATION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 105, 327 AND
524(g)(4)(B), FOR THE APPOINTMENT OF C. JUDSON HAMLIN
AS LEGAL REPRESENTATIVE FOR FUTURE CLAIMANTS**

The above-captioned debtors and debtors-in-possession, (collectively, the

"Debtors"), by and through undersigned counsel, hereby move this Court for an order under

sections 105, 327, and 524(g)(4)(B) of title 11 of the United States Code, 11 U.S.C. §§ 101 et.

seq. (the "Bankruptcy Code"), for the appointment of C. Judson Hamlin as legal representative

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

for future claimants (the "Application").  In support of this Application, the Debtors respectfully represent as follows:

### Jurisdiction

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue of this motion is proper under 28 U.S.C. § 1408.

2.      The statutory predicates for this Motion are sections 105, 327 and 524(g)(4)(B) of the Bankruptcy Code.

### Background

3.      On April 2, 2001 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").  These Chapter 11 Cases have been consolidated for administrative purposes only, and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

### Relief Requested

4.      Since the commencement of the Chapter 11 Cases, one of the Debtors' key objectives has been formulating a plan of reorganization acceptable to all parties in interest. A key element of a consensual plan of reorganization will likely be a channeling injunction, pursuant to which all current and future asbestos-related claims and demands against the Debtors will be channeled to a trust established to equitably distribute available assets to holders of all such allowed claims and demands.  A channeling injunction is permitted by, among other

2

authority, section 524(g) of the Bankruptcy Code and may be issued if a number of specific

conditions are met, including the appointment of a legal representative for the purpose of

protecting the rights of persons that might subsequently assert future demands' against the

Debtors. See 11 U.S.C. § 524(g)(4)(B).

5.      Congress and the Courts have recognized the need, in chapter 11 cases

involving asbestos claims, to protect and represent the interests of persons who may have claims

and/or demands against a debtor arising in the future ("Future Claimants"), and have directed

Bankruptcy Courts to appoint a legal representative (the "Future Representative") for Future

Claimants in cases where a channeling injunction is sought. See 11 U.S.C. § 524(g)(4)(B)(i); In

re Amatex Corp., 755 F.2d 1034, 1042 (3rd Cir. 1985).

6.      The appointment of a Future Representative will facilitate the negotiation

of a consensual plan of reorganization by assuring that all parties in interest, including Future

Claimants, will have a fair opportunity to participate in the process.

7.      Throughout the course of these cases, the Debtors have had discussions

with the various Creditors' Committees and their respective legal and financial advisors, with

respect to the appropriate Future Representative. Following careful consideration of several

potential candidates for Future Representative all known to this Court, the Debtors have

determined, in their sound business judgment, that C. Judson Hamlin is well qualified to

represent the interests of any and all persons described in section 524(g)(4)(B)(i) of the

Bankruptcy Code who may assert demands (as that term is defined in section 524(g)(5) of the

Bankruptcy Code) against one or more of the Debtors, and therefore, should be appointed as the

Future Representative for such persons in these cases.

### Qualifications of Mr. Hamlin

        8.     Mr. Hamlin is one of the nation's leading litigators in class actions, toxic

torts, products liability, insurance coverage and reinsurance litigation, and other complex

litigation matters.  Mr. Hamlin is a member of the Middlesex County Bar Association, the New

Jersey State Bar Association, The Association of the Federal Bar and the American Bar

Association.  He is a Life Fellow of the American Bar Foundation.  He currently serves as a

trustee of the Middlesex County Bar Association, the Trial Attorneys of New Jersey Association

and is a member of the Vicinage VIII Ethics Committee upon appointment of the Supreme

Court.

        9.     Mr. Hamlin was appointed to the New Jersey Superior Court bench in

1978.  While on the bench he served in both the Criminal and Civil Divisions.  He concluded his

judicial service as Presiding Judge of the Civil Division of Middlesex County for two and one

half years and as Presiding Judge of the Chancery Division for two years.  During his judicial

tenure, Mr. Hamlin was assigned statewide responsibility for complex Mass Tort matters.  He

managed statewide litigation involving breast implants, Norplant contraceptive devices, the

Global Landfill, large scale environmental claims, the Durham Woods Gas pipeline explosion

cases, and complex coverage actions.  He presided over and successfully completed the

Prudential Brokerage Class Actions filed in New Jersey.  Mr. Hamlin sat on several New Jersey

Supreme Court Committees and was appointed in 1993 to be the sole New Jersey representative

                             4

on the Mass Tort Litigation Committee of the National Conference of State Chief Justices. Most

recently he was appointed to chair the Mass Tort Advisory Committee of the New Jersey

Supreme Court.

10.     Mr. Hamlin has extensive experience with large mass tort cases and

related claims and issues. Mr. Hamlin was appointed as the Interim Claims Administrator of the

National Diet Drug Class Action Settlement Trust. Upon judicial approval of the Class Action

Settlement, Mr. Hamlin was appointed as Executive Director of Claims Administration for the

Trust in which capacity he served through 2001. In that capacity he formulated claims

procedures, supervised staff and interacted with the Courts, counsel for the parties and a 400,000

claimant base. At the conclusion of his tenure the Trust had paid out over $500 million in

compensation as well as providing free Transthoracic Echocardiograms for 125,000 claimants.

Mr. Hamlin has been appointed to act as the Representative of Future Claimants in the G-1

chapter 11 cases.

11.     In addition, Mr. Hamlin's long involvement in mass torts has led to his

appointment by this Court to act as a special consultant and case manager in six asbestos chapter

11 cases. Mr. Hamlin was appointed as Compliance Master by the Superior Court of New Jersey

in 2002 for the Cooper Tire $2 billion national class action settlement which resolved consumer

claims and reconfigured manufacturing, inspection and warranty practices nationwide. His

duties include monitoring compliance, interpreting requirements of the settlement agreement and

reporting to the Court. Mr. Hamlin currently oversees the New Jersey Pension Fund's efforts to

recoup its multi billion dollar losses. In that capacity he coordinated the selection of securities

litigation firms retained by the State and supervised multi jurisdiction litigation in which the State of New Jersey became lead party in the five national class action filings. A copy of Mr. Hamlin's curriculum vitae is attached hereto as Exhibit A.

12.     The Debtors believe that Mr. Hamlin's many years of practical experience and involvement in the resolution of substantial numbers of mass tort claims make him well qualified to fully comprehend the relevant issues in the Debtors' chapter 11 cases and to competently and effectively represent the interests of Future Claimants. Further, his knowledge of judicial procedure and the bankruptcy and claims process will be a significant benefit to the Future Claimants.

13.     Accordingly, the Debtors propose that Mr. Hamlin serve as the Future Representative to represent the interests of the Future Claimants of the Debtors.

## Mr. Hamlin's Disinterestedness

14.     To the best of the Debtors' knowledge, and as shown by the Verified Statement of Mr. Hamlin, attached hereto as Exhibit B, (a) Mr. Hamlin is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code and referenced by section 328(c) of the Bankruptcy Code, and holds no interest adverse to the Debtors or their estates for the matters for which Mr. Hamlin is to be employed and (b) Mr. Hamlin has no connection to the Debtors, their creditors or their related parties herein except as disclosed in the Verified Statement.

**Terms of Retention**

15.     The Debtors request that Mr. Hamlin be appointed as Future

Representative under the following terms:

a.      Standing.  The Future Representative shall have standing under

section 1109(b) of the Bankruptcy Code to be heard as a party-in-interest in all matters relating

to the Debtors' chapter 11 cases, and shall have, inter alia, the powers and duties of a committee,

which powers and duties may be modified by order of the Court at any time during these cases.

b.      Engagement of Professionals.  The Future Representative may

employ attorneys, and other professionals, consistent with sections 327 and 1103 of the

Bankruptcy Code, subject to prior approval of this Court and pursuant to (a) the Administrative

Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation

and Reimbursement of Expenses for Professionals and Official Committee Members, dated May

3, 2001, effective as of April 2, 2001 and (b) the Amended Administrative Order Under 11

U.S.C. §§ 105(a) and 331 Establishing Revised Procedures for Interim Compensation and

Reimbursement of Expenses for Professionals and Official Committee Members, dated April 17,

2002 (together, the "Administrative Compensation Order") entered by this Court.

c.      Compensation.  Compensation, including professional fees and

reimbursement of expenses, shall be payable to the Future Representative and his professionals

from the Debtors' estates, subject to approval of this Court, and in accordance with the terms,

conditions, and procedures set forth in the Administrative Compensation Order.  The Debtors

and Mr. Hamlin have agreed that Mr. Hamlin shall be compensated at the rate of $500.00 per hour.

        d.      Liability Indemnity of Future Representative. The Future Representative shall not be liable for any damages, or have any obligations other than as prescribed by orders of this Court; provided, however, that the Future Representative may be liable for damages caused by his willful misconduct or gross negligence. The Future Representative shall not be liable to any person as a result of any action or omission taken or made by the Future Representative in good faith. The Debtors shall indemnify, defend and hold the Future Representative and his agents and professionals harmless from any claims by any party against the Future Representative arising out of or relating to the performance of his duties as Future Representative, provided, however, that the Future Representative (and his agents and professionals), shall not have such indemnification rights if a court of competent jurisdiction determines pursuant to a final and non-appealable order that the Future Representative is liable upon such claim as a result of willful misconduct or gross negligence. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order and no longer subject to appeal), and (ii) entry of an order closing these chapter 11 cases, the Future Representative believes that he is entitled to payment for any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under this Order, including without limitation the advancement of defense costs, the Future Representative must file an application therefor in this Court, and the Debtors may not pay any such amounts to the Future Representative before the entry of an order by this Court

8

approving the payment. The preceding sentence is intended to specify the period of time under which this Court shall have the jurisdiction over any request for fees and expenses by the Future Representative for indemnification, contribution or reimbursement and is not a limitation on the duration of the Debtors' obligation to indemnify the Future Representative. In the event that a cause of action is asserted against the Future Representative arising out of or relating to the performance of his duties as Future Representative, the Future Representative shall have the right to choose his own counsel.

        e.      Right to Receive Notices. The Future Representative and his counsel shall be entitled to receive all notices and pleadings which are served upon the Committees and their respective counsel pursuant to any and all orders entered in these chapter 11 cases, including, without limitation, (i) the Administrative Compensation Order, and (ii) any and all orders authorizing the Debtors to obtain postpetition financing.

        16.      For all of the foregoing reasons, the Debtors submit that the appointment of Mr. Hamlin as Future Representative is in the best interest of the Debtors, their estates, and all creditors and parties in interest, including the Future Claimants of the Debtors.

## Notice

        17.      Notice of this Application has been given to: (i) the United States Trustee, (ii) counsel to the DIP Lender, (iii) counsel to all official committees appointed by the United States Trustee and (iv) all those parties that requested service and notice of papers in accordance with Fed R. Bankr. P. 2002. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

9

**No Prior Request**

18.    No prior Motion for the relief requested herein has been made to this or

any other Court.

WHEREFORE, the Debtors request that the Court enter an order appointing C.

Judson Hamlin as the Future Representative in accordance with the terms and conditions set

forth herein, and grant such further relief as is just and proper.


Dated:  October 13, 2003

KIRKLAND & ELLIS
James H.M. Sprayregen, P.C.
Janet S. Baer
James W. Kapp III
Christian J. Lane
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

and

PACHULSKI, STANG, ZIEHL, YOUNG, JONES &
WEINTRAUB P.C.


Laura Davis Jones (Bar No. 2436)
Scotta McFarland (Bar No. 4184)
David W. Carickhoff, Jr. (Bar No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400

Co-Counsel for the Debtors and Debtors in Possession

**EXHIBIT A**

**Mr. Hamlin's Curriculum Vitae**

10/13/03   13:05 FAX                                                    ☑002

# C. JUDSON HAMLIN

### OF COUNSEL

C. Judson Hamlin received his B.A. degree from Providence College in 1958. After military service Mr. Hamlin entered New York University School of Law in January 1961. He received his J.D. degree in June 1963 and commenced a judicial clerkship with the Honorable David D. Furman of the Superior Court of New Jersey. Mr. Hamlin was admitted to the New Jersey Bar and the Federal District Court Bar in 1963. He was later admitted to practice before the United States Supreme Court in 1968.

Following his clerkship Mr. Hamlin became involved in an active civil trial practice in tort, contract and land use matters. He served as counsel to the East Brunswick Planning Board for four years. After becoming a partner in the New Brunswick law firm of Hicks, Kuhlthau, Nagle and Hamlin, Mr. Hamlin appeared in banking matters before the New Jersey Department of Banking and the United States Controller of Currency.

In 1967 Mr. Hamlin was appointed to lead the first public defender program in Middlesex County. He served as Deputy Public Defender in charge of that office from 1967 to 1971 supervising attorneys, investigators and support staff. During that term Mr. Hamlin personally tried over 40 criminal cases to conclusion including seven first degree homicide indictments.

Following his service with the Public Defender Mr. Hamlin was appointed First Assistant Prosecutor of Middlesex County in 1971. In that capacity he led major investigations and personally tried high profile indictments and defendants. In 1974, Governor Brendan Byrne appointed Mr. Hamlin to be the Middlesex County Prosecutor in which position he served until 1978. During that tenure Mr. Hamlin conducted major public corruption probes and supervised a staff of thirty-five Assistant Prosecutors, fifty Detective/Investigators plus support staff. His responsibilities included budget management, media relations and coordination with State and Federal law enforcement agencies.

Education:
Providence College
    (B.A., 1958)
New York University
    School of Law
    (J.D., 1963)

Admitted to Practice:
U.S. District Court
    District of New
    Jersey
U.S. Supreme Court
Supreme Court
    of New Jersey

Governor Byrne appointed Mr. Hamlin to the Superior Court bench in 1978. While on the bench he served in both the Criminal and Civil Divisions. He concluded his judicial service as Presiding Judge of the Civil Division of Middlesex County for two and one half years and as Presiding Judge of the Chancery Division for two years. Judge Hamlin is the author of several published opinions.

During his judicial tenure, Mr. Hamlin was assigned statewide responsibility for complex Mass Tort matters. He managed statewide litigation involving breast implants, Norplant contraceptive devices, the Global Landfill, large scale environmental claims, the Durham Woods Gas pipeline explosion cases, and complex coverage actions. He presided over and successfully completed the Prudential Brokerage Class Actions filed in New Jersey. While on the bench Mr. Hamlin sat on several New Jersey Supreme Court Committees and was appointed by the late Chief Justice Robert Wilentz in 1993 to be the sole New Jersey representative on the Mass Tort Litigation Committee of the National Conference of State Chief Justices. Most recently he was appointed by Chief Justice Deborah Poritz to chair the Mass Tort Advisory Committee of the New Jersey Supreme Court.

Mr. Hamlin has been continuously involved in continuing legal education. As prosecutor, he was a frequent lecturer on criminal investigations and trial practice. On the bench, he was selected by his colleagues to lecture at the New Jersey Judicial College on managing complex litigation and environmental damage claims. He has lectured on numerous occasions for the Institute for Continuing Legal Education on a broad range of civil law topics. He continues to lecture on ADR subjects at the invitation of professional organizations.

Since his return to private practice Mr. Hamlin has been engaged in a broad practice area. In addition to a traditional ADR practice Mr. Hamlin has been selected to act as special master in a complex litigation involving mass torts and large scale coverage actions brought by Fortune 500 companies. He has successfully completed assignments as an allocation master in multi year, multi party coverage matters. Mr. Hamlin also served as Special Labor counsel to the County of Middlesex negotiating contracts with public employee unions and supervising the grievance/disciplinary system.

In 1999 Judge Louis Bechtle, of The United States District Court for the Eastern District of Pennsylvania appointed Mr. Hamlin to be the Interim Claims Administrator of the National Diet Drug Class Action Settlement Trust. Upon judicial approval of the Class Action Settlement Mr. Hamlin was appointed as Executive Director of Claims Administration for the Trust in which capacity he served through 2001. In that capacity he formulated claims procedures, supervised staff and interacted with the Courts, counsel for the parties and a 400,000 claimant base. At the conclusion of his tenure the Trust had paid out over $500 million in compensation as well as providing free Transthoracic Echocardiograms for 125,000 claimants.

After completing his Diet Drug assignment Mr. Hamlin returned to the Purcell firm. He continues to engage in an active ADR practice. Mr. Hamlin has been appointed by the Honorable Rosemary Gambardella, Chief Judge of the New Jersey Bankruptcy Court, to act as the Representative of Future Claimants in the G-1, asbestos Chapter XI matter. In addition, Mr. Hamlin's long involvement in mass torts has led to his appointment by Judge Alfred Wolin of the United States District Court for New Jersey to act as a special consultant/case manager in six asbestos chapter XI bankruptcy filings assigned to Judge Wolin by Chief Judge Becker of The United States Court of Appeals.

Mr. Hamlin was appointed as Compliance Master by the Superior Court of New Jersey in 2002 for the Cooper Tire $2 Billion national class action settlement which resolved consumer claims and reconfigured manufacturing, inspection and warranty practices nationwide. His duties include monitoring compliance, interpreting requirements of the settlement agreement and reporting to the Court.

In 2002 New Jersey Attorney General David Samson selected Mr. Hamlin to oversee the New Jersey Pension Fund's efforts to recoup its multi billion dollar losses. In that capacity he coordinated the selection of securities litigation firms retained by the State and supervised multi jurisdiction litigation in which the State of New Jersey became lead party in the five national class action filings. He currently continues in that assignment.

Mr. Hamlin is a member of the Middlesex County Bar Association, the New Jersey State Bar Association, The Association of the Federal Bar and the American Bar Association. He is a Life Fellow of the American Bar Foundation. He currently serves as a trustee of the Middlesex County Bar Association, the Trial Attorneys of New Jersey Association and is a member

**EXHIBIT B**

**Mr. Hamlin's Affidavit**

10/19/03   11:12 FAX                                                                    ☑002

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | **CHAPTER 11** |
| | ) | |
| W. R. GRACE & CO., ET AL.,[1] | ) | **CASE NO. 01-01139 (JKF)** |
| | ) | |
| DEBTORS. | ) | **JOINTLY ADMINISTERED** |

### VERIFIED STATEMENT OF C. JUDSON HAMLIN PURSUANT TO BANKRUPTCY RULE 2014(a)

Pursuant to Bankruptcy Rule 2014(a), C. Judson Hamlin submits the following verified

statement:

1.     At the present time, I am not affiliated with or representing any person or entity

with claims against, or any other interest in, the Debtors'[2] estates.

2.     I previously served on the New Jersey Superior Court bench in both the Criminal

and Civil Divisions. I concluded my judicial service as Presiding Judge of the Civil Division of

Middlesex County for two and one half years and as Presiding Judge of the Chancery Division

---

[1]  The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2]  Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed to them in the Application.

10/10/00   11:12 FAX                                              Ø003

for two years.  During my judicial tenure, I was assigned statewide responsibility for complex Mass Tort matters.   I managed statewide litigation involving breast implants, Norplant contraceptive devices, the Global Landfill, large scale environmental claims, the Durham Woods Gas pipeline explosion cases, and complex coverage actions.  I presided over and successfully completed the Prudential Brokerage Class Actions filed in New Jersey.  I sat on several New Jersey Supreme Court Committees and was appointed in 1993 to be the sole New Jersey representative on the Mass Tort Litigation Committee of the National Conference of State Chief Justices.  Most recently I was appointed to chair the Mass Tort Advisory Committee of the New Jersey Supreme Court..

3.    I have more than 20 years' experience in handling asbestos-related claims and issues, as well as other mass tort, product liability and environmental matters.  I have also served as the Interim Claims Administrator of the National Diet Drug Class Action Settlement Trust. Upon judicial approval of the Class Action Settlement, I was appointed as Executive Director of Claims Administration for the Trust in which capacity I served through 2001.  In that capacity I formulated claims procedures, supervised staff and interacted with the Courts, counsel for the parties and a 400,000 claimant base.  At the conclusion of my tenure the Trust had paid out over $500 million in compensation as well as providing free Transthoracic Echocardiograms for 125,000 claimants.  I have been appointed to act as the Representative of Future Claimants in the G-1 chapter 11 cases.  I was appointed as Compliance Master by the Superior Court of New Jersey in 2002 for the Cooper Tire $2 Billion national class action settlement which resolved consumer claims and reconfigured manufacturing, inspection and warranty practices nationwide. My duties include monitoring compliance, interpreting requirements of the settlement agreement and reporting to the Court.  I currently oversee the New Jersey Pension Fund's efforts to recoup

10/13/03  11:12 FAX                                                      @004

its multi billion dollar losses. In that capacity I coordinated the selection of securities litigation firms retained by the State and supervised multi jurisdiction litigation in which the State of New Jersey became lead party in the five national class action filings.

4.      I presently serve as a special consultant and case manager assigned by this Court to assist in the resolution of the five asbestos-related bankruptcy cases pending before this Court, including these chapter 11 cases. Since being appointed on November 11, 2002, I have become thoroughly familiar with the complex issues facing the future claimants therein.

5.      To the best of my knowledge, I do not have any interest adverse to the Debtors or any of the Future Claimants, as that term is defined in the Application for my appointment as the Future Representative.

6.      I do not believe that serving as the Future Representative to represent the rights and interests of the Future Claimants of the Debtors presents a conflict of interest.

7.      No agreement or understanding exists between me and any other person for the sharing of compensation received or to be received for services rendered by me in connection with this proceeding.

8.      I have not received compensation in this case, nor has an agreement been made as to compensation to be paid except as set forth in the Application as outlined below:

        a.      I have agreed to charge a rate of $500.00 per hour for my time spent plus reimbursement of expenses.

        b.      I have reviewed (a) the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee

☑ 005

Members, dated May 3, 2001, effective as of April 2, 2001 and (b) the Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, dated April 17, 2002 entered by this Court and I agree to comply with the provisions thereof and with a y other orders that may be entered by the Bankruptcy Court with respect to the compensation of professionals in these cases.

Dated: October 13, 2003

C. JUDSON HAMLIN

Sworn to before me this
13 th day of October, 2003

Notary Public

MONICA A. WEGELER
NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES JAN. 26, 2006

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

## ORDER APPOINTING C. JUDSON HAMLIN AS
## LEGAL REPRESENTATIVE FOR FUTURE CLAIMANTS

Upon the application, dated October 13, 2003 (the "Application")[2], of the above-

captioned debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to sections

105, 327 and 524(g)(4)(B)(i) of title 11 of the United States Code, 11 U.S.C. §§ 101 et. seq. (the

"Bankruptcy Code"), for the appointment of C. Judson Hamlin as legal representative for future

claimants; and the Court being satisfied, based on the representations made in the Application

and Affidavit, that C. Judson Hamlin represents no interest adverse to the Debtors' estates with

respect to the matters upon which he is to be engaged, that C. Judson Hamlin is a "disinterested

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Dei Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed to them in the Application.

person" as that term is defined under section 104(14) of title 11 of the United States Code (as amended, the "Bankruptcy Code"), as modified by section 1107(b) of the Bankruptcy Code, and that the appointment of C. Judson Hamlin as Future Representative is necessary and would be in the best interests of the Debtors, their creditors and the Debtors' estates; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. §157(b); and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334; and after due deliberation and sufficient cause appearing therefore, it is hereby:

ORDERED that the Application is GRANTED; and it is further

ORDERED that C. Judson Hamlin is hereby appointed as the legal representative (the "Future Representative") of any and all persons as defined in section 524(g)(4)(B)(i) of the Bankruptcy Code (the "Future Claimants") who may assert demands (as that term is defined in section 524(g)(5) of the Bankruptcy Code) against one or more of the Debtors; and it is further

ORDERED that the Future Representative shall have standing under section 1109(b) of the Bankruptcy Code to be heard as a party-in-interest in all matters relating to the Debtors' chapter 11 cases, and shall have such powers and duties of a committee as set forth in 11 U.S.C. § 1103 as are appropriate for a Future Representative; and it is further

ORDERED that the Future Representative shall be compensated, at the rate of $500.00 per hour, in accordance with (a) the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, dated May 3, 2001, effective as of April 2, 2001 and (b) the Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing

Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, dated April 17, 2002 (together, the "Administrative Compensation Order") entered in these cases; and it is further

ORDERED that the Future Representative may employ attorneys and other professionals consistent with sections 327 and 1103 of the Bankruptcy Code, subject to prior approval of this Court and pursuant to the Administrative Compensation Order; and it is further

ORDERED that the Future Representative shall not be liable for any damages, or have any obligations other than as prescribed by orders of this Court; provided, however, that the Future Representative may be liable for damages caused by his willful misconduct or gross negligence. The Future Representative shall not be liable to any person as a result of any action or omission taken or made by the Future Representative in good faith. The Debtors shall indemnify, defend and hold the Future Representative and his agents and professionals harmless from any claims by any party against the Future Representative arising out of or relating to the performance of his duties as Future Representative, provided however, that the Future Representative (and his agents and professionals), shall not have such indemnification rights if a court of competent jurisdiction determines pursuant to a final and non-appealable order that the Future Representative is liable upon such claim as a result of willful misconduct or gross negligence. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order and no longer subject to appeal), and (ii) entry of an order closing these chapter 11 cases, the Future Representative believes that he is entitled to payment for any amounts by the Debtors on account of the Debtors' indemnification,

contribution and/or reimbursement obligations under this Order, including without limitation the advancement of defense costs, the Future Representative must file an application therefor in this Court, and the Debtors may not pay any such amounts to the Future Representative before the entry of an order by this Court approving the payment. The preceding sentence is intended to specify the period of time under which this Court shall have the jurisdiction over any request for fees and expenses by the Future Representative for indemnification, contribution or reimbursement and is not a limitation on the duration of the Debtors' obligation to indemnify the Future Representative. In the event that a cause of action is asserted against the Future Representative arising out of or relating to the performance of his duties as Future Representative, the Future Representative shall have the right to choose his own counsel; and it is further

ORDERED that the Future Representative and his counsel shall be entitled to receive all notices and pleadings which are served upon the Official Creditors' Committee and the Asbestos Claimants Committee and their respective counsel pursuant to any and all orders entered in these chapter 11 cases, including, without limitation, (i) the Agreed Administrative Compensation Order, and (ii) any and all orders authorizing the Debtors to obtain postpetition financing; and it is further

ORDERED that this Court shall retain jurisdiction to interpret, enforce and
implement the terms and provisions of the Order and to resolve any disputes arising hereunder.

Dated: _____, 2003

_____
The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge