# Exhibit 1

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | Re: Docket Nos. 4853 and 4908 |

# DEBTORS' REPLY TO THE PROPERTY DAMAGE COMMITTEE'S OBJECTION TO DEBTORS' MOTION FOR LIMITED WAIVER OF DEL.BANKR.LR 3007-1 FOR THE PURPOSE OF STREAMLINING OBJECTIONS TO CERTAIN CLAIMS FILED PURSUANT TO THE BAR DATE ORDER

In light of the incredible volume of claims filed against the Debtors, the Debtors filed a motion seeking certain departures from Del.Bankr.LR 3007-1 (the "Motion").[2] In particular, the Debtors have received approximately 15,350 Claims pursuant to the Bar Date Order. Thousands of these Claims contain material, substantive-deficiencies that warrant the dismissal of the respective Claims. In particular, some of the Asbestos Property Damage Claims

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion or the Bar Date Order, as appropriate.

subject to Gateway Objections fall within the following categories: (i) 856 Claims contain a substantially incomplete Proof of Claim Form; (ii) 1,523 Claims contain materially insufficient supporting documentation; (iii) 2,827 Claims fail to include sufficient product identification information; (iv) 3,372 Claims are barred by the applicable statute of limitations or statute of repose; (v) 3,462 Claims are barred by laches; and (vi) 198 Claims are barred by prior settlement.

The Debtors' proposal to resolve the Gateway Objections before considering other applicable substantive objections is the most efficient and reasonable system for resolving such objections. The Debtors, the Claimants, and this Court (collectively, the "Interested Parties") all have an interest in seeking the most efficient resolution to the Claims. If a Claim is disallowed on the basis of a Gateway Objection, then all Interested Parties will not have to spend additional resources with regards to briefing and arguing other objections that have been rendered moot. Moreover, with respect to the 2,379 Claims that are substantially incomplete or contain materially insufficient supporting documentation, the Debtors will likely waive valuable defenses and substantive claims (otherwise available) if compelled to identify all of their substantive objections at one time and prior to the Debtors having the opportunity to determine the underlying basis for such Claims.

## ARGUMENT

**(a)       The Debtor's Proposal Will Conserve the Interested Parties' Resources**

1.     The protocol set forth in the Motion allows for the efficient disposition of claims that contain the same foundational and dispositive substantive defect(s). The Debtors, and all other Interested Parties, will not be compelled to invest time and resources to determine, and dispute any and all additional substantive objections that may apply to the Claims subject to the Gateway Objections, which may not be relevant if the dispositive Gateway Objection is resolved first. Moreover, if the Gateway Objection does result in the disallowance of the Claim, it cannot

be disputed that all Interested Parties, including Claimants, will benefit from not expending additional resources to research, brief, and prepare to argue objections that ultimately had no bearing on the disallowance of such Claim. Given the large number of Claims subject to Gateway Objections, even if the Debtors prevail with respect to just half of such objections, the Debtors' estates, this Court, and the Claimants in the aggregate, will benefit from the significant conservation of resources that would otherwise be expended. This, in turn, will provide all the Interested Parties more time and resources to devote to the orderly disposition of the remaining Claims.

### (b) The Debtors Cannot Ascertain the Appropriate Substantive Objections for Claims that are Substantially Incomplete or Contain Materially Insufficient Supporting Materials at this Time

2. A strict application of Del.Bankr.LR 3007-1 would force the Debtors to raise all of their substantive objections at one time. In particular, under Del.Bankr.LR 3007-1, an objection to a Proof of Claim that has any supporting documentation is considered a substantive objection, which must be raised in the first instance with every other applicable substantive objection to the respective Claim.

3. The Debtors, however, are presently *unable* to ascertain all of the substantive objections that may apply to Claims that (i) are prepared on substantially incomplete Proof of Claim Forms or (ii) contain materially insufficient supporting materials (collectively, the "Materially Insufficient Claims") because these Claims do not provide the Debtors with sufficient information to determine the fundamental nature of the asserted Claim. The Debtors have attached hereto representative Proof of Claim Forms that are (i) substantially incomplete or (ii) contain materially insufficient supporting documentation. See Exhibit A and Exhibit B. The Debtors are not asserting any objections to the Proof of Claim Forms attached hereto at this time

3

and such forms are attached merely to provide this Court with representative examples of the state of the Materially Insufficient Claims. As such examples demonstrate, the Materially Insufficient Claims are woefully incomplete and do not provide the Debtors with sufficient information to determine the full gamut of applicable substantive objections, despite the fact that "supporting" documentation might be attached thereto.

4. Moreover, strict enforcement of Del.Bankr.LR 3007-1 would penalize the Debtors for the Claimants' non-compliance with the Bar Date Order. The Bar Date Order specifically required the Claimants to complete the appropriate Proof of Claim Form and submit documentation. In particular, the Bar Date Order and the court-approved Proof of Claim Forms state that the Claimants must provide basic information and supporting documentation establishing that the respective Debtor owed the debt claimed or, if the documents were too lengthy, a summary of those documents. If the requisite documents were not available, then Claimants were required to attach an explanation of why they were not available. See Specific Instructions for Completing Grace Non-Asbestos Proof of Claim Forms, which is attached hereto as Exhibit C. The Materially Insufficient Claims do not comply with these directives, and this noncompliance has placed the Debtors in a situation where the Debtors are unaware of the basis of the Claim, and as a result, they cannot identify additional, applicable substantive-objections and comply with Del.Bankr.LR 3007-1.

5. In sum, the Debtors are presently unable to ascertain all of the substantive objections that may apply to the Materially Insufficient Claims, as the Debtors are unaware of the basis of such Claims. Strict enforcement of Del.Bankr.LR 3007-1(f)(iii) in this situation would result in the Debtors (i) likely waiving valuable defenses and claims otherwise available, but which are not presently known to the Debtors through no fault of their own and/or (ii)

4

expending unnecessary costs and resources attempting to compile an exhaustive list of objections, which may or may not be applicable to the Materially Insufficient Claims.

### (c) Resolution of Objections to Medical Monitoring Claims Should Not be Delayed Pending Resolution of the ZAI Trial

6. Pursuant to the Bar Date Order, any Claimant that possessed a Medical Monitoring Claim was required to submit an appropriate Proof of Claim on or before the Bar Date. The Property Damage Committee, however, now has requested that resolution of the Medical Monitoring Claims not proceed because resolution of the Medical Monitoring Claims are somehow dependant upon the outcome in the ZAI litigation. The Debtors respectfully disagree and believe that resolution of the Medical Monitoring Claims is no way dependant upon, or related to, the ZAI litigation. Therefore, the Medical Monitoring Claims should not be stayed pending the ZAI trial, and the Property Damage Committee has failed to articulate any credible reason to suggest otherwise. While the Debtors have not yet ascertained whether any Medical Monitoring Claims are subject to Gateway Objections, they reserve the right to make such objections at a later time pursuant to the terms outlined in this Motion and corresponding Order.

### (d) It Would Be Grossly Inefficient to Limit the Number of Claims that Can Be Subject to a Single Substantive-Objection

7. Del.Bankr.LR 3007-1 provides that the maximum number of claims that can be subject to a substantive objection without leave of the Court is 150, and that the debtor may file at most two substantive omnibus objections per month. See Del.Bankr.LR 3007-1(f)(i) and (ii). Given the number of Claims against the Debtors, and the number of those Claims to which the Gateway Objections apply, a limit of 150 Claims per objection will significantly increase the time and money required to fully administer these bankruptcy estates. By way of example, the Debtors have received 3,372 Asbestos Property Damage Claims that are barred by the applicable

5

statute of limitation or repose. Accordingly, the Debtors would be required to file 22 objections, over a span of 11 months just to object to these Claims. Moreover, addressing such objects in the same forum will preserve the resources of the Court and the Debtors' estates.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form of the proposed order that was attached to the Motion, (i) waiving certain requirements and restrictions imposed by Del.Bankr.LR 3007-1; and (ii) granting such other and further relief as is just and proper.

Respectfully submitted:

Dated: January 16, 2004

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet S. Baer
James W. Kapp III
Samuel L. Blatnick
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

and

PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.

Laura Davis Jones (Bar No. 2436)
David W. Carickhoff, Jr. (Bar No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400

Co-Counsel for the Debtors and Debtors in Possession