OFFICIAL COMMITTEE OF ASBESTOS
PROPERTY DAMAGE CLAIMANTS

By: _____
Print Name: _____

Sworn to before me
this _____ day of 200_ .

_____
Notary Public


[AS TO EACH OTHER DEBTOR]

By: _____
Print Name: _____


[WILL ADD SIGNATURE LINE FOR EACH
DEBTOR]

Sworn to before me
this _____ day of 200_ .

_____
Notary Public

SUPP. APP. 003739

**Exhibit 3: RELEASE**

All capitalized terms not otherwise defined in this Release shall have the meaning ascribed thereto in the Agreement.

In consideration of the transfers made pursuant to paragraph II(a) of the Agreement, Plaintiffs and Debtors hereby irrevocably release, acquit, and forever discharge the Released Parties from any and all Asbestos-Related Claims, and any and all Claims, Debts, and Damages on the basis of, arising from, or attributable to (in whole or in part, directly or indirectly) the Fresenius Transaction, that have accrued or been asserted or that hereafter might accrue or be asserted.

Plaintiffs and Debtors further agree that neither the Plaintiffs, the Debtors, nor their bankruptcy estates shall institute, participate in, maintain, maintain a right to or assert against the Released Parties, either directly or indirectly, on its own behalf, derivatively, or on behalf of any other Person any and all Asbestos-Related Claims, and any and all Claims, Debts, and Damages on the basis of, arising from, or attributable to (in whole or in part, directly or indirectly) the Fresenius Transaction.

OFFICIAL COMMITTEE OF ASBESTOS
PERSONAL INJURY CLAIMANTS

By: _____
Print Name: _____

Sworn to before me
this       day of 200_.


_____
Notary Public

-1-

SUPP. APP. 003740

the transfers contemplated by paragraph II(a) of the Agreement, the United States will deliver to Cryovac, Inc. and Sealed Air Corporation a duly executed Stipulation of Dismissal With Prejudice of the Action in the form appended to the Agreement as Exhibit 4.

FOR THE UNITED STATES OF AMERICA:

Date: _____

_____
THOMAS L. SANSONETTI
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice
950 Pennsylvania Ave., NW
Room 2143
Washington, D.C.  20530

Date: _____

_____
JEREL L. ELLINGTON
Senior Counsel
Environmental Enforcement Section
U.S. Department of Justice
999 18th Street, Suite 945N
Denver, CO 80202
Telephone:  (303) 312-7321

-2-

SUPP. APP. 003741

**Exhibit 2: GOVERNMENT RELEASE**

All capitalized terms not otherwise defined in this Government Release shall have the meaning ascribed thereto in the Settlement Agreement and Release (the "Agreement") to which this Government Release is made a part.

In consideration of the transfers to be made pursuant to paragraph II(a) of the Agreement, the United States of America hereby releases the Released Parties from, and covenants not to sue the Released Parties with respect to, any and all civil or administrative Claims, Demands, and Damages arising under: (a) 28 U.S.C. §§ 3304 and 3306 as asserted in the United States' Complaint in Intervention filed in the Action; and (b) theories of successor liability, piercing the corporate veil, or similar claims for which the relief would be the avoidance of all or any part of the Cryovac Transaction or a money judgment for all or any part of the value of the Cryovac Transaction.

This Government Release is conditioned upon the satisfactory performance by Cryovac, Inc. and Sealed Air Corporation of their obligations under the Agreement and extends only to the Released Parties and does not extend to any other person. This Government Release does not pertain to any matters other than those expressly specified herein. The United States reserves any and all claims and demands with respect to all other matters (including the treatment of the Cryovac Cash Amount and the Settlement Shares under the Internal Revenue Code), which it or any department or agency may have against any of the Released Parties. Prior to or simultaneous with

-1-

**SUPP. APP. 003742**

States of America in its complaint in intervention, is discontinued and dismissed with prejudice, without costs as to any party as against any other.  This stipulation may be filed without further notice with the Clerk of the Court.

Dated: _____, 200_

          Skadden, Arps, Slate, Meagher & Flom LLP

          _____

          Four Times Square
          New York, NY  10036-6522
          COUNSEL FOR CRYOVAC, INC.
          AND SEALED AIR CORPORATION

          Caplin & Drysdale, Chartered

          _____

          One Thomas Circle, N.W.
          Washington, D.C.  20005
          COUNSEL FOR THE OFFICIAL COMMITTEE
          OF ASBESTOS PERSONAL INJURY CLAIMANTS

          Bilzin Sumberg Baena Price & Axelrod LLP

          _____

          200 South Biscayne Boulevard
          Suite 2500
          Miami, FL  33131
          COUNSEL FOR THE OFFICIAL COMMITTEE
          OF ASBESTOS PROPERTY DAMAGES CLAIMANTS

          United States Department of Justice

          _____

          999 18th Street
          Denver, CO  80202
          COUNSEL FOR THE UNITED STATES OF AMERICA

SUPP. APP. 003743

**Exhibit 5:**
**FRESENIUS RELEASE**
(The remainder of this page has been intentionally left blank.)

SUPP. APP. 003744

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (the "Agreement") is made as of the ____ day of _____, 200__, by and among Fresenius Medical Care AG, Fresenius Medical Care Holdings, Inc. ("FMCH"), National Medical Care, Inc. ("NMC"), Fresenius USA, Inc., Sealed Air Corporation ("Sealed Air") and Cryovac, Inc. ("Cryovac") (collectively the "Parties").

**Whereas,** a dispute has arisen between the Parties and certain claims have been asserted in a lawsuit captioned, *Sealed Air Corporation vs. Fresenius Medical Care AG, Fresenius Medical Care Holdings, Inc.; National Medical Care, Inc.; and Fresenius USA, Inc.* (No. 600300/02 N.Y. Sup. Ct.) (the "Indemnity Litigation");

**Whereas,** certain of the Parties are involved in Adversary Proceedings pending in the United States District Court for the District of Delaware (Adv. Nos. 02-2210 and 02-2211) (the "Bankruptcy Litigation");

**Whereas,** the Parties desire to resolve the Indemnity Litigation as part of a global settlement of the claims asserted against them in the Bankruptcy Litigation, without any admission of liability.

**Now, therefore,** in consideration of the obligations and agreements stated herein, the Parties agree as follows:

1.    **Definitions.**  When used in this Agreement, the following terms and words shall be defined as follows (such meanings to be equally applicable to both the singular and the plural forms of the terms defined):

A.    "Asbestos-Related Claim" shall mean any claim (including but not limited to personal injury, wrongful death, property damage or medical monitoring) whether sounding in tort, contract, warranty, statute, admiralty, or any other theory of law or equity, based on, relating to, or arising by reason of direct or indirect damages caused or allegedly caused, in whole or in part, by the mining,

-1-

SUPP. APP. 003745

processing, consumption, use, storage, manufacture, design, sale, assembly, distribution, disposal, installation, exposure to, or the presence of asbestos or asbestos containing products or by-products, or products which contain asbestos in any form, consumed, used, stored, manufactured, assembled, distributed, disposed of, or installed by or on behalf of any Grace-Conn. Business.

B.    "Cryovac Transaction" shall mean the transfers of assets, the distribution of stock, the merger, and all predecessor, related, and ancillary transactions, agreements, transfers, and distributions relating to the transactions described in, referred to, or contemplated by Form S-4 Registration Statement filed by W.R. Grace & Co. with the Securities and Exchange Commission under Securities Act of 1933, as amended, on or about February 13, 1998, SEC File No. 333-46281, including all attachments, exhibits, and schedules thereto.

C.    "Debtor" shall mean each of W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc.,   CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace

SUPP. APP. 003746

Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc.,

Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation,

Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation

Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.),

Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA

Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc.

(f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability

Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin &

Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross

Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

    D.    "Grace-Conn. Business" shall mean all of the businesses and operations of Grace-

Conn. and its parents or subsidiaries at any time, other than the NMC Business.

    E.    "Grace New York" shall mean W.R. Grace & Co., a New York corporation, now

known as FMCH (taxpayer identification number 13-3461988).

    F.    "Grace-Related Claims" shall mean, collectively, all claims (including unknown

claims) demands, rights, liabilities and causes of action of every nature and description whatsoever,

known or unknown, direct or indirect, whether concealed or hidden, from the beginning of time up to

and including the date of this Agreement, asserted or that might have been asserted (including without

limitation claims for fraudulent conveyance, successor liability, piercing of corporate veil,

negligence, gross negligence, professional negligence, breach of duty of care, breach of duty of

loyalty, breach of duty of candor, fraud, breach of fiduciary duty, mismanagement, corporate waste,

breach of contract, negligent misrepresentation, contribution, indemnification, any other common

law or equitable claims, and violations of any state or federal statutes, rules or regulations), which

SUPP. APP. 003747

is either an Asbestos-Related Claim or that is based upon, arises out of, or relates in any way to the NMC Transaction, the Cryovac Transaction, or the conduct or operations of any Grace-Conn. Business, including without limitation, any liability or obligation of a Grace-Conn. Business under environmental or tax law, but not including any claims relating to or arising out of sales of goods or services occurring (i) directly between the NMC Parties and the Sealed Air Parties (ii) on or after March 31, 1998.

G.      "NMC Business" shall mean all of the worldwide healthcare business and operations conducted by NMC and the NMC Subsidiaries at any time, whether prior to or after September 29, 1996.

H.      "NMC Parties" shall mean FMCH, NMC, Fresenius Medical Care AG, Fresenius USA, Inc., and each of their respective present and former subsidiaries, parents, affiliates, officers, directors, employees, partners, trustees, shareholders, beneficiaries, agents, attorneys, predecessors, successors, and assigns, including but not limited to Fresenius AG, but not including the Debtors, Sealed Air, and Cryovac.

I.      "NMC Subsidiaries" shall mean all direct and indirect subsidiaries of NMC through which Grace New York or FMCH conducts or conducted the NMC Business.

J.      "NMC Transaction" shall mean the series of transactions that became effective on September 27 - 30, 1996, whereby, *inter alia,* (i) NMC distributed approximately $2.3 billion in cash and assumed debt to Grace-Conn.; (ii) Grace-Conn. distributed 100% of the common shares of NMC stock to Grace New York; (iii) Grace New York contributed 100% of the common shares of Grace-Conn. stock to W.R. Grace & Co. (now known as Sealed Air); (iv) Grace New York distributed 100% of the common shares of the stock of W.R. Grace & Co. (now known as Sealed Air) to its shareholders; and (v) Grace New York merged with a subsidiary of Fresenius Medical Care AG, all

-4-

SUPP. APP. 003748

of which are more fully described in that certain Distribution Agreement dated as of February 4, 1996, among Grace New York, Grace-Conn. and Fresenius AG, and that certain Contribution Agreement dated as of February 4, 1996, among Fresenius AG, Sterilpharma GmbH, and Grace-Conn.

K.     "Sealed Air Parties" shall mean Sealed Air, Cryovac, and each of their respective present and former subsidiaries, parents, affiliates, officers, directors, employees, partners, trustees, shareholders, beneficiaries, agents, attorneys, predecessors, successors, and assigns, but not including the Debtors and the NMC Parties.

2.     **Release of the Sealed Air Parties:** In consideration for the release described in Paragraph 3 of this Agreement, each of the NMC Parties hereby irrevocably releases, acquits, and forever discharges each and every of the Sealed Air Parties from any and all Grace-Related Claims that the NMC Parties have asserted, could have asserted, or that hereafter might be asserted in any forum.

3.     **Release of the NMC Parties:** In consideration for the release described in paragraph 2 of this Agreement, each of the Sealed Air Parties hereby irrevocably releases, acquits, and forever discharges each and every of the NMC Parties from any and all Grace-Related Claims that the Sealed Air Parties have asserted, could have asserted, or that hereafter might be asserted in any forum.

4.     Within 10 days of the execution of this Agreement, the Sealed Air Parties shall dismiss the Indemnity Litigation with prejudice, with each side to pay its respective fees and costs, and shall not file in the future any claims against the NMC Parties in any manner related to, arising out of or based upon the Indemnity Litigation or the subject matter thereof.

5.     **No Admissions:** No Party to this Agreement admits any liability of any sort for any or all claims, controversies, actions, causes of action, demands, debts, damages, costs, attorneys'

-5-

SUPP. APP. 003749

fees, monies due on account, obligations, judgments or liabilities of any nature whatsoever at law or in equity, past or present, whether or not known or heretofore known or suspected, or claims against them which is governed by this Agreement.

6.      **No Assignment:** Each of the Parties to this Agreement respectively warrants and represents that neither such Party nor such Party's subsidiaries or parents has made any assignment or transfer of any of such person's respective rights, claims, demand, and causes of action governed by this Agreement and further represents and warrants that there are no liens, claims for liens, or assignments in law or equity of or against the claims, demands and causes of action governed by this Agreement.

7.      **Choice of Law:** The Parties agree that the construction, operation and enforcement of this Agreement shall be governed by the laws of the State of Delaware (without giving effect to its provisions on conflict of laws).

8.      **Successors and Assigns:** This Agreement shall be binding upon and shall inure to the benefit of the successors and assigns of each of the NMC Parties and the Sealed Air Parties, respectively.

This Agreement comprises seven pages, including the signature page, and can be signed in any number of identical counterparts, any of which may contain the signatures of less than all parties and all of which together shall constitute a single agreement.

**SUPP. APP. 003750**

FRESENIUS MEDICAL CARE AG

By: _____
Print Name: _____
Print Title: _____

FRESENIUS MEDICAL CARE HOLDINGS, INC.

By: _____
Print Name: _____
Print Title: _____

NATIONAL MEDICAL CARE, INC.

By: _____
Print Name: _____
Print Title: _____

FRESENIUS USA, INC.

By: _____
Print Name: _____
Print Title: _____

SEALED AIR CORPORATION

By: _____
Print Name: _____
Print Title: _____

CRYOVAC, INC.

By: _____
Print Name: _____
Print Title: _____

SUPP. APP. 003751

**Exhibit 6:  INDEMNIFICATION AGREEMENT**
(The remainder of this page has been intentionally left blank.)

*SUPP. APP.* 003752

## INDEMNIFICATION AGREEMENT

This Indemnification Agreement is made as of _____ , 200__ , by and among Sealed Air Corporation, a Delaware corporation, and Cryovac, Inc., a Delaware corporation, on behalf of themselves and the other Released Parties, and W.R. Grace & Co., a Delaware corporation, W.R. Grace & Co.-Conn., a Connecticut corporation, and the other related entities of W.R. Grace & Co. set forth in Schedule 1.

1.    **Definitions.**

All capitalized terms not otherwise defined in this Indemnification Agreement shall have the meaning ascribed thereto in the Settlement Agreement and Release (the "Settlement Agreement"), dated as of November 10, 2003, by and among the Official Committee of Asbestos Personal Injury Claimants, the Official Committee of Asbestos Property Damage Claimants, Sealed Air Corporation, a Delaware corporation and Cryovac, Inc., a Delaware corporation

2.    **Indemnification; Survival.**

a.    Indemnification. Each of the Debtors shall jointly and severally, at its own expense, indemnify, defend and hold harmless the Released Parties from and against (i) any and all Asbestos-Related Claims and Indemnified Taxes, (ii) any and all losses, costs, and expenses incurred as a result of any breach of any of the obligations, agreements, or covenants of any of the Debtors or Non-Debtor Affiliates set forth or referred to in the Settlement Agreement, including, without limitation, any such obligation, covenant, or agreement of any Debtor and Non-Debtor Affiliate set forth in the Chapter 11 Plan or Confirmation Order, (iii) if any Non-Debtor Affiliate has not executed and delivered a Release, any and all Asbestos-Related Claims based on, arising out of, or attributable to, directly or indirectly, in whole or in part, such Non-Debtor Affiliate, and (iv) all attorneys' fees or costs and expenses attributable to any indemnification pursuant to this section 2(a), provided, however, that in each case such indemnification shall not apply to Excluded Fees.

b.    Notice. Any Released Party entitled to indemnification under section 2(a) of this Indemnification Agreement shall provide W.R. Grace & Co. (formerly known as Grace Specialty Chemicals, Inc.) or the then parent corporation of the reorganized Debtors ("Grace Specialty") prompt written notice (the "Claim Notice") of any Claim against such Released Party by any third party (a "Third Party Claim") of which such Released Party has received notice to which it may be entitled to indemnification hereunder, provided, however, that no Claim Notice shall be required unless and until the Person asserting the Third-Party Claim has advised the Released Party that such Person intends to contest the application of the injunction referred to in paragraph II(c)(vi) of the Settlement Agreement, and provided, further, that the failure of a Released Party to give the Claim Notice (i) will not relieve the Debtors from any liability hereunder unless solely and to the extent (A) all the Debtors were not otherwise aware of such Third Party Claim (including by Claim Notice from any

-1-

**SUPP. APP. 003753**

other Released Party) and (B) such failure results in the forfeiture by the Debtors of substantial rights and defenses, and (ii) will not in any event relieve the Debtors from any obligations to any Released Party other than with respect to the indemnification obligation that is the subject of the Claim Notice. In the case of a Claim other than a Third Party Claim, the Released Party shall promptly provide to Grace Specialty a written notice (the "<u>Indemnity Notice</u>") describing in reasonable detail the nature of the Claim and the basis of the Released Party's request for indemnification under this Indemnification Agreement, <u>provided, however</u>, that the failure of the Released Party to provide the Indemnity Notice (i) will not relieve the Debtors from liability hereunder, unless solely and to the extent (A) all the Debtors were not otherwise aware of such Claim (including by Indemnity Notice from any other Released Party) and (B) such failure results in the forfeiture by the Debtors of substantial rights and defenses, and (ii) will not in any event relieve the Debtors from any obligations to the Released Party other than with respect to the indemnification obligation that is the subject of the Indemnity Notice.

c.     <u>Conduct of Defense</u>.

i.     The Debtors shall have the right, upon written notice to the Released Party (the "<u>Defense Notice</u>") within five (5) days of its receipt from the Released Party of the Claim Notice, to conduct at its expense the defense against any Third Party Claim in its own name, or, if necessary, in the name of the Released Party. If the Debtors assume the defense of a Third Party Claim in accordance with the preceding sentence, (A) the Released Party shall have the right to approve the defense counsel, which approval shall not be unreasonably withheld, (B) the Released Party shall have the right to participate in the defense of such Third Party Claim assisted by its counsel, (C) the Released Party shall at the Debtors' sole expense cooperate with and make available to the Debtors such assistance, personnel, witnesses, and materials as the Debtors may reasonably request, and (D) the Debtors shall not compromise or settle any such Third Party Claim without the prior written consent of the Released Party, unless the sole relief provided is monetary damages that are paid in full by the Debtors and such compromise or settlement includes a release of each Released Party from any Damages arising out of such Third Party Claim that is reasonably satisfactory to such Released Party.

ii.    If the Debtors shall fail to provide the Defense Notice with respect to a Claim Notice within the time prescribed by section 2(c)(ii), (A) the Released Party shall have the sole right to conduct the defense of any Third Party Claim that is the subject matter of such Claim Notice and the Released Party may pay, compromise or defend such Third Party Claim and (B) the Debtors shall have the right to participate in the defense of such Third Party Claim assisted by its counsel.

SUPP. APP. 003754

  iii. <u>Procedures Relating to Taxes</u>. Notwithstanding anything to the contrary set forth in section 2(c) of this Agreement, the procedures set forth in section 4.2 and 4.3 of the 1998 Tax Sharing Agreement shall govern and control the procedures relating to indemnification for Indemnified Taxes.

 d. <u>Indemnity Payments</u>. Any amounts owed by the Debtors to a Released Party pursuant to this Indemnification Agreement ("Indemnity Payments") shall be paid by wire transfer in immediately available funds within five business days after the receipt of a written request from the Released Party entitled to such indemnification, <u>provided, however</u>, that the Debtors shall pay to a Released Party any payment (the "Settlement Payment") that such Released Party is required to make (including as a result of any settlement, compromise, judgment against the Released Party or otherwise) with respect to a Third Party Claim upon notice by the Released Party at least three business days prior to the date that such Settlement Payment is due. All such Indemnity Payments shall be made to the accounts and in the manner specified by the Released Party. Any Indemnity Payments that are not paid within the period set forth in this section 2(d) shall accrue interest at the prime rate announced from time to time by Bank of America, N.A., compounded annually.

 e. <u>Survival</u>. The obligations of each of the Debtors contained in this Indemnification Agreement shall survive indefinitely and shall not be discharged, expunged, estimated, or otherwise adversely affected in the Debtors' bankruptcy cases or by confirmation of the Chapter 11 Plan and the Debtors' indemnity obligations pursuant to this Indemnification Agreement shall continue as a post-confirmation obligation of each of the reorganized Debtors.

3. **Notices**.

 All notices and other communications hereunder shall be in writing and shall be deemed to have been duly given upon receipt if: (i) mailed by certified or registered mail, return receipt requested, (ii) sent by Federal Express or other express courier, fee prepaid, (iii) sent via facsimile with receipt confirmed, or (iv) delivered personally, addressed as follows or to such other address or addresses of which the respective party shall have notified the other.

  If to the Released Parties, to:

  Sealed Air Corporation/Cryovac, Inc.
  Park 80 East
  Saddle Brook, New Jersey 07663
  Attention: General Counsel and Secretary
  Facsimile: (201) 703-4113

  with copies to:

-3-

SUPP. APP. 003755

Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York  10036-6522
Attention:  Sheila L. Birnbaum
Telephone:  (212) 735-3000
Facsimile:  (212) 735-2000

If to Grace Specialty or the Debtors, to:

W.R. Grace & Co.
7500 Grace Drive
Columbia, Maryland  21044
Attention:  Secretary
Telephone:  (410) 531-4212
Facsimile:  (410) 531-4783

with copies to:

Kirkland & Ellis
Aon Center
200 East Randolph Drive
Chicago, Illinois 60601-6636
Attention: David M. Bernick
Telephone:  (312) 861-2000
Facsimile:  (312) 861-2200

4.    **Miscellaneous**.

a.    <u>Entire Agreement; Amendments</u>.  This Indemnification Agreement (as amended, modified, or supplemented) sets forth the sole and entire agreement among the parties with respect to its subject matter, and may not be waived, amended, modified, or supplemented except by written instrument executed by duly authorized representatives of each of the parties and entitled "Modification of Indemnification Agreement." This Indemnification Agreement supercedes any prior agreement, understanding, or undertaking (written or oral) by and among the parties regarding the subject matter of this Indemnification Agreement.

b.    All parties agree that the terms of this Indemnification Agreement were drafted jointly by counsel for the parties following extensive arm's length negotiations.  If there arises an ambiguity or question of intent or interpretation of this Indemnification Agreement or any provision thereof, this Indemnification Agreement (and each of its provisions) shall be construed as if drafted jointly by the parties and no presumption or burden of proof shall arise favoring or disfavoring any party by virtue of the authorship of any provision of this Indemnification Agreement.

-4-

SUPP. APP. 003756

c.     Successor and Assigns. This Indemnification Agreement shall be binding upon and inure to the benefit of each of each of the Debtors, the Released Parties, and any and all of their respective heirs, legal representatives, administrators, successors and assigns, provided, that (i) neither this Indemnification Agreement nor any substantial right or obligation hereunder may be assigned by any of the Debtors without the written consent of Sealed Air Corporation and Cryovac, Inc. and (ii) none of the Debtors shall transfer or agree to transfer a substantial part of its assets (in one or a series of transactions, whether or not related) to any Person or Persons without a prior determination of the Court by Final Order that at the time of each such transaction such Debtors, collectively with any such successors who will be jointly and severally liable for the obligations of such Debtors, will have the ability to pay and satisfy in the ordinary course of business their respective obligations and liabilities, including, without limitation, all Indemnified Taxes and all obligations set forth or referred to in the Settlement Agreement or this Indemnification Agreement (including, without limitation, all such obligations set forth in the Confirmation Order or Chapter 11 Plan) and provided, further, that section 4(c)(ii) of this Indemnification Agreement shall not apply at any time when the following two conditions in sections 4(c)(ii)(A) and (B) of this Indemnification Agreement are both satisfied: (A)(1) as a result of the expiration of the applicable statutes of limitation, assessment against and collection of Indemnified Taxes from each of the Released Parties (including assessment and collection pursuant to section 6901 of the Internal Revenue Code) is barred by such statutes of limitation and (2) all Indemnified Taxes have been paid by the Debtors in accordance with the 1998 Tax Sharing Agreement and the Released Parties have received from the Debtors (or adequate provision satisfactory to the Released Parties has been made for the payment of) all indemnification and other payments claimed by the Released Parties against any of the Debtors in respect of Indemnified Taxes and related matters in accordance with the 1998 Tax Sharing Agreement; and (B) the injunctions required pursuant to paragraph II(c)(vi) of the Settlement Agreement shall be in effect and there shall not be pending any lawsuit, action or other judicial or administrative proceeding (1) alleging an Asbestos-Related Claim and seeking to impose liability on one or more of the Released Parties notwithstanding the existence and continuing operative effect of such injunctions or (2) challenging in any manner the continuance and operative effect of such injunctions in respect of the Released Parties.

d.     Headings. The article and section headings contained in this Indemnification Agreement are solely for the purpose of reference, are not part of the agreement of the parties, and shall not, in any way, define, limit, extend, or otherwise affect the scope, meaning, intent, or interpretation of this Indemnification Agreement or any provision thereof.

e.     Applicable Law. This Indemnification Agreement and the rights and obligations of the parties hereunder shall be governed by and construed in accordance with the laws of the State of Delaware (without giving effect to its provisions on conflict of laws).

SUPP. APP. 003757

f.    <u>Counterparts</u>.  This Indemnification Agreement may be executed in any number of identical counterparts, any of which may contain the signatures of less than all parties and all of which together shall constitute a single agreement.

IN WITNESS WHEREOF, the parties have executed this Indemnification Agreement as of the date first written above.

SEALED AIR CORPORATION

By: _____
Name: _____
Title: _____

CRYOVAC, INC.

By: _____
Name: _____
Title: _____

W.R. GRACE & CO.

By: _____
Name: _____
Title: _____

W.R. GRACE & CO.-CONN.

By: _____
Name: _____
Title: _____

[AS TO EACH OTHER DEBTOR]

By: _____
Name: _____
Title: _____

[WILL ADD SIGNATURE LINE FOR EACH OTHER DEBTOR]

SUPP. APP. 003758

## SCHEDULE 1

W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.)
W.R. Grace & Co. Conn.
A-1 Bit & Tool Co., Inc.
Alewife Boston Ltd.
Alewife Land Corporation
Amicon, Inc.
CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.)
CCHP, Inc.
Coalgrace, Inc.
Coalgrace II, Inc.
Creative Food 'N Fun Company
Darex Puerto Rico, Inc.
Del Taco Restaurants, Inc.
Dewey and Almy, LLC (f/k/a Dewey and Almy Company)
Ecarg, Inc.
Five Alewife Boston Ltd.
G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.)
G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.)
GEC Management Corporation
GN Holdings, Inc.
GPC Thomasville Corp.
Gloucester New Communities Company, Inc.
Grace A-B Inc.
Grace A-B II Inc.
Grace Chemical Company of Cuba
Grace Culinary Systems, Inc.
Grace Drilling Company
Grace Energy Corporation
Grace Environmental, Inc
Grace Europe, Inc.
Grace H-G Inc.
Grace H-G II Inc.
Grace Hotel Services Corporation
Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.)
Grace Offshore Company
Grace PAR Corporation
Grace Petroleum Libya Incorporated
Grace Tarpon Investors, Inc.
Grace Ventures Corp.
Grace Washington, Inc.
W.R. Grace Capital Corporation
W.R. Grace Land Corporation
Gracoal, Inc.
Gracoal II, Inc.

-7-

SUPP. APP. 003759

Guanica-Caribe Land Development Corporation
Hanover Square Corporation
Hornco International, Inc.
Kootenai Development Company
LB Realty, Inc.
Litigation Management Inc. (f/k/a GHSC Holding, Inc, Grace JVH, Inc, Asbestos Management, Inc.)
Monolith Enterprises, Incorporated
Monroe Street, Inc.
MRA Holdings Corp.. (f/k/a Nestor-BNA Holdings Corporation)
MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.)
MRA Staffing Systems, Inc. (f/k/a/ British Nursing Association, Inc.)
Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp.,
Emerson & Curning, Inc.)
Southern Oil, Resin & Fiberglass, Inc.
Water Street Corporation
Axial Basin Ranch Company
CC Partners (f/k/a Cross Country Staffing)
Hayden-Gulch West Coal Company
H-G Coal Company
Any other Debtor

SUPP. APP. 003760

**Exhibit 7:  LANGUAGE TO BE SET FORTH IN PART II OF FORM 1120X**
**(OR APPLICABLE SECTION OF ANY SIMILAR STATE OR LOCAL TAX FORM)**
(The remainder of this page has been intentionally left blank.)

## <u>PROTECTIVE CLAIM ONLY</u>

**W.R. GRACE & CO. AND AFFILIATES ASSERT ITS RIGHTS TO THE CLAIMED TAX BENEFITS CONDITIONALLY AND CONTINGENTLY, AND ONLY IN THE EVENT THAT SUCH TAX BENEFITS ARE DENIED IN FULL TO CRYOVAC, INC. (OR THE AFFILIATED, COMBINED, UNITARY OR SIMILAR GROUP OF WHICH SEALED AIR CORPORATION IS THE COMMON PARENT) BY A DECISION, DECREE OR OTHER ORDER BY A COURT OF COMPETENT JURISDICTION, WHICH HAS BECOME FINAL AND UNAPPEALABLE, OR BY A CLOSING AGREEMENT OR ACCEPTED OFFER IN COMPROMISE UNDER SECTION 7121 OR 7122 OF THE INTERNAL REVENUE CODE ENTERED INTO BY SEALED AIR CORPORATION AND THE INTERNAL REVENUE SERVICE.**

This protective claim for refund is filed to preserve the taxpayer's right to a refund for the calendar year [     ], including any statutory interest thereon, which is contingent on certain tax benefits claimed on the consolidated return filed by Sealed Air Corporation, Cryovac, Inc. and their affiliates for the year ended 200[ ] being denied in full by a decision, decree, or other order of a court of competent jurisdiction, which has become final and unappealable, or by a closing agreement, or accepted offer in compromise under section 7121 or 7122 of the Internal Revenue Code of 1986 entered into by Sealed Air Corporation and the Internal Revenue Service ("Final Determination").

Sealed Air Corporation (formerly, W.R. Grace & Co.) was formerly the parent of an affiliated group of corporations filing a consolidated return, which group included, among others, W.R. Grace & Co., and W.R. Grace & Co-Conn. This old group effected a reorganization pursuant to which, among other things, W.R. Grace & Co. and W.R. Grace & Co.-Conn. left the group. After this reorganization, W.R. Grace & Co. and W.R. Grace & Co.-Conn. filed for bankruptcy protection. In addition, after these events, Cryovac, Inc., Sealed Air Corporation, and their affiliates became the subject of many lawsuits by plaintiffs claiming asbestos-related injuries suffered by them during and after the time that W.R. Grace & Co. and W.R. Grace & Co. Conn. were members of the Sealed Air Corporation affiliated group. Cryovac, Inc. and Sealed Air Corporation subsequently entered into a settlement agreement with committees representing these plaintiffs. Pursuant to this settlement agreement, Cryovac, Inc. paid [9,000,000] shares of Sealed Air Corporation common stock and $[     ] in cash to trusts established for the benefit of plaintiffs claiming asbestos-related injuries.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>W.R. GRACE & CO., et al.,<br><br>       Debtors. | Chapter 11<br>Case Nos. 01-1139 (JKF)<br>(Jointly Administered) |
| OFFICIAL COMMITTEE OF ASBESTOS<br>PERSONAL INJURY CLAIMANTS, et al.,<br><br>       Plaintiffs,<br><br>       v.<br><br>SEALED AIR CORPORATION and<br>CRYOVAC, INC.,<br>       Defendants. | Adversary Proceeding No.<br>02-2210<br>[Lead Docket] |
| OFFICIAL COMMITTEE OF ASBESTOS<br>PERSONAL INJURY CLAIMANTS, et al.,<br><br>       Plaintiffs,<br><br>       v.<br><br>FRESENIUS MEDICAL CARE<br>HOLDINGS, INC. and<br>NATIONAL MEDICAL CARE, INC.,<br><br>       Defendants. | Adversary Proceeding No.<br>02-2211<br><br><br>This Document Pertains to<br>Adversary Proceeding No. 02-2210 |

ORDER APPROVING, AUTHORIZING, AND IMPLEMENTING
SETTLEMENT AGREEMENT BY AND AMONG THE PLAINTIFFS,
SEALED AIR CORPORATION AND CRYOVAC, INC.

This matter having come before the Court on the joint motion, dated November 26,

2003 (the "Motion"), of the Official Committee of Asbestos Property Damage Claimants

(the "Property Damage Committee") and the Official Committee of Asbestos Personal

Injury Claimants (the "Personal Injury Committee") (collectively, the "Plaintiffs") of the

SUPP. APP. 003763

above-captioned debtors and debtors in possession (collectively, the "Debtors"), Sealed Air

Corporation ("SAC") and Cryovac, Inc. ("Cryovac," and together with SAC, the "SAC

Defendants"), for an order under 11 U.S.C. § 105 and Fed. R. Bankr. P. 9019 (the

"Order"), approving, authorizing, and implementing the Settlement Agreement and

Release, dated November 10, 2003, by and among the Plaintiffs and the SAC Defendants

(the "Settlement Agreement"), a copy of which is annexed to the Motion as Exhibit A, in

connection with the above-captioned adversary proceeding commenced by the Plaintiffs on

behalf of the Debtors' estates against the SAC Defendants (the "SAC Action"); and the

Court having considered the Motion, the files and records in these cases, the pleadings

filed in connection with the Motion and the arguments, objections and evidence offered at

the hearing on the Motion; and after due deliberation thereon; and good and sufficient

cause appearing therefore, the Court hereby

FINDS AND DETERMINES AS FOLLOWS:[1]

A.    This Court has jurisdiction to hear and determine
the Motion and to grant the relief requested therein pursuant
to 28 U.S.C. § 1334(a). The SAC Action and Motion give rise
to a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A),
(H) and (O).

B.    Venue of these cases, the SAC Action and the Motion
is proper in this Court pursuant to 28 U.S.C. §§ 1408 and
1409(a).

---

[1]    The following shall constitute the Court's findings of fact and conclusions of law as required by
Bankruptcy Rule 7052(a). To the extent that findings of fact contain conclusions of law, such
findings shall constitute conclusions of law. To the extent that conclusions of law contain findings
of fact, such conclusions shall constitute findings of fact.

SUPP. APP. 003764

C.    The predicates for the relief granted by this Order are Bankruptcy Code § 105(a) and Bankruptcy Rule 9019(a).

D.    Due, proper and sufficient notice of the Motion and the Hearing was given pursuant to Bankruptcy Rules 2002(a)(3) as modified by the Court for cause shown, and 9019(a).

E.    The result obtained on behalf of these bankruptcy estates in the Settlement Agreement falls comfortably within the reasonable range of litigation possibilities in the SAC Action.

F.    At best, the likely outcome of the SAC Action is uncertain.  The Plaintiffs candidly admit to this Court that litigation risks abound, including, without limitation, the Plaintiffs' standing to prosecute the SAC Action, and that proof of the Debtors' alleged insolvency and the applicable standards to be applied to this issue in the Third Circuit are challenging issues.

G.    The SAC Action indisputably involves complex legal and factual issues.

H.    Prosecuting the SAC Action would create substantial expenses for these bankruptcy estates and the other parties to the proceeding.

I.    In light of the amounts involved, even if the Plaintiffs were successful in the prosecution of the SAC Action, there is no assurance as to when and how much the Plaintiffs would be able to collect.

3

SUPP. APP. 003765

J.   Pursuing the SAC Action would also likely entail the commitment of substantial human resources by key personnel of the Debtors. The commitment of such resources and the duration of the litigation would assuredly result in further delays in developing and confirming a plan of reorganization in the above-captioned cases.

K.   Approval of the Settlement Agreement furthers the paramount interest of creditors in the above-captioned cases.

L.   Approval of the Settlement Agreement would increase the funds available to fund a plan of reorganization, both through the funds provided by the SAC Defendants and by facilitating settlement with the NMC Defendants, as defined in the Motion.

M.   Approval of the Settlement Agreement will permit the Plaintiffs and the Debtors to focus their attention on other important matters in the above-captioned cases, including developing and confirming a plan of reorganization.

N.   Approval of the Settlement Agreement will avoid continued expense in the SAC Action, thereby resulting in a net economic benefit to these bankruptcy estates and their creditors in the range of $1 billion.

O.   The Plaintiffs and the SAC Defendants negotiated and entered into the Settlement Agreement in good faith and at arm's length.

P.   Based on all of the foregoing, this Court concludes that the Settlement Agreement is in the best interests of the

SUPP. APP. 003766

cases, unless the SAC Defendants consent in writing in their absolute discretion to such modification.

5. The terms and provisions of the Settlement Agreement and this Order shall be binding in all respects upon, and shall inure to the benefit of the creditors, the Plaintiffs and the SAC Defendants and their respective successors and assigns, and any affected third parties including, but not limited to, any trustee, responsible person, estate administrator, representative (including any legal representative(s) appointed to represent the interests of future asbestos claimants) or similar person subsequently appointed for or in connection with the Debtors' estates or affairs in these cases or in any subsequent case(s) under the Bankruptcy Code involving the Debtors.

6. Subject to paragraph V(c) of the Settlement Agreement, unless ordered otherwise by this Court, none of the Plaintiffs and the Debtors, shall sue or prosecute, institute or cooperate in the institution, commencement, filing, or prosecution of any suit, administrative proceeding, demand, claim or cause of action, whether asserted individually or derivatively against any of the Released Parties for any Asbestos-Related Claims,[2] pending confirmation of a Chapter 11 Plan consistent with the terms of the Settlement Agreement.

---

[2]   Capitalized terms used and not defined herein shall have the meaning assigned to them in the Settlement Agreement.

SUPP. APP. 003768

7. The Preliminary Injunction shall remain in full force and effect through and including the Effective Date.

8. The Settlement Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by all the parties, without further order of this Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtors' estates.

9. To the extent necessary, the Plaintiffs and the SAC Defendants are hereby granted relief from the automatic stay pursuant to Bankruptcy Code § 362(d) to carry out the provisions of this Order and the Settlement Agreement.

10. This Court hereby retains jurisdiction, even after the closing of these chapter 11 cases, to (i) interpret and enforce the terms and provisions of this Order and the Settlement Agreement and to adjudicate, if necessary, any and all disputes relating to the transactions contemplated by the Settlement Agreement; (ii) enter orders in aid or furtherance of the transactions contemplated in the Settlement Agreement; and (iii) re-open the Debtors' chapter 11 cases to enforce the provisions of this Order.

11. Notwithstanding Bankruptcy Rule 6004(g) (to the extent such Rule applies herein), this Order shall take effect immediately upon entry.

7

SUPP. APP. 003769

Dated: _____, 2003
        Wilmington, Delaware

                                    _____
                                    UNITED STATES DISTRICT JUDGE

8

SUPP. APP. 003770

## SERVICE LIST

**By Hand Delivery**
Marla Rosoff Eskin, Esquire
Campbell & Levine, LLC
800 King St., Suite 300
Wilmington, DE 19801

**By Express Mail**
Henry Wassenstein, Esq.
Bert Wolf, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036

**By Express Mail**
Kenneth Pasquale, Esq.
Arlene Krieger, Esq.
Moshe Sasson, Esq.
Stroock & Stroock & Lavan, LLP
180 Maiden Lane
New York, NY 10038-4982

**By Hand Delivery**
Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones
919 North Market Street, 16th Floor
Wilmington, DE 19899-8705

**By Express Mail**
Philip Bentley, Esq.
Gary Becker, Esq.
Kramer Levin Naftalis & Frankel LLP
919 Third Avenue
New York, NY 10022

**By Hand Delivery**
Mark S. Chehi, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
One Rodney Square
Wilmington, DE 19801

**By Express Mail**
Scott L. Baena, Esq.
Bilzin Sumberg Dunn Baena Price
& Axelrod LLP
First Union Financial Center
200 South Biscayne Blvd., Suite 2500
Miami, FL 33131

**By Hand Delivery**
Theresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling, P.C.
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, DE 19801

**By Hand Delivery**
Michael R. Lastowski, Esq.
Duane Morris & Heckscher LLP
1100 N. Market Street, Suite 1200
Wilmington, DE 19801

**By Express Mail**
David S. Rosenbloom, Esq.
McDermott, Will & Emery
227 West Monroe Street
Chicago, IL 60606-5096

**By Express Mail**
Nathan D. Finch, Esq.
Trevor W. Swett, Esq.
Caplin & Drysdale, Chartered
One Thomas Circle, N.W.
Washington, DC 20005

**By Hand Delivery**
William H. Sudell, Jr., Esq.
Morris, Nichols Arsht & Tunnell
1201 N. Market Street
Wilmington, DE 19899

## CERTIFICATE OF SERVICE

I, , Theodore J. Tacconelli, certify that I am not less than 18 years of age, and that service of this Motion For An Order Approving, Authorizing And Implementing Settlement Agreement was made on November 26, 2003, upon the following parties in the manner indicated:

SEE ATTACHED SERVICE LISTS (including the 2002 Service List)

Upon penalty of perjury I declare that the foregoing is true and correct.

/s/ Theodore J. Tacconelli
Theodore J. Tacconelli (#2678)

SUPP. APP. 003772

**By Express Mail**
David M. Bernick, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL  60601

**By Express Mail**
Elihu Inselbuch, Esq.
Caplin & Drysdale, Chartered
399 Park Avenue, 27th Floor
New York, NY  10022

**By Express Mail**
Brad N. Friedman, Esq.
Rachel S. Fleishman, Esq.
Milberg Weiss Bershad Hynes & Learch
One Pennsylvania Plaza
New York, NY  10119

**By Express Mail**
Jerel Ellington, Esq.
Senior Counsel, U.S. Dept. of Justice
Environmental Enforcement Section
999 18th Street, Suite 945- North Tower
Denver, CO 80202

**By Hand Delivery**
Frank J. Perch, Esquire
Office of the U.S. Trustee
844 King Street, Room 2313
Wilmington, DE 19801

**By Express Mail**
William S. Katchen, Esq.
Duane Morris & Heckscher LLP
744 Broad Street, Suite 1200
Newark, NJ 07102-3889

**By Express Mail**
Lewis Kruger, Esquire
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY  10038-4982

*Hand Delivery*
Laura Davis Jones, Esquire
David Carickhoff, Esquire
Pachulski, Stang, Ziehl, Young & Jones
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

*First Class Mail*
Hamid R. Rafatjoo, Esquire
Pachulski, Stang, Ziehl, Young & Jones
10100 Santa Monica Boulevard, Suite 1100
Los Angeles, CA 90067-4100

*Hand Delivery*
Steven M. Yoder, Esquire
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899

*Hand Delivery*
Marla Rosoff Eskin, Esquire
Campbell & Levine, LLC
800 King St., Suite 300
Wilmington, DE 19801

*Hand Delivery*
William H. Sudell, Jr., Esquire
Eric D. Schwartz, Esquire
Morris, Nichols Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899

*First Class Mail*
Anton Volovsek
Rt2 – Box 200 #42
Kamiah, ID 83536-9229

*Hand Delivery*
Mark S. Chehi
Skadden, Arps, Slate, Meagher & Flom LLP
One Rodney Square
P.O. Box 636
Wilmington, DE 19899-0636

*Hand Delivery*
Robert J. Dehney
Michael G. Busenkell
Morris, Nichols Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899

*Hand Delivery*
Mark D. Collins, Esquire
Deborah E. Spivack, Esquire
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

*Hand Delivery*
Jeffrey C. Wisler, Esquire
Michelle McMahon, Esquire
Connolly Bove Lodge & Hutz LLP
1220 Market Street, 10th Floor
Wilmington, DE 19899

*Hand Delivery*
Francis A. Monaco, Jr., Esquire
Walsh, Monzack and Monaco, P.A.
1201 N. Orange Street, Suite 400
P.O. Box 2031
Wilmington, DE 19801

*Hand Delivery*
Frederick B. Rosner, Esquire
Walsh, Monzack and Monaco, P.A.
1201 N. Orange Street, Suite 400
Wilmington, DE 19801

*Hand Delivery*
Joseph Grey, Esquire
Stevens & Lee
300 Delaware Avenue, Suite 800
Wilmington, DE 19801

*Hand Delivery*
Michael R. Lastowski, Esquire
Duane, Morris & Heckscher LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246

*Hand Delivery*
Laurie Selber Silverstein, Esquire
Monica Leigh Loftin, Esquire
Potter Anderson & Corroon LLP
1313 N. Market Street, 6th Floor
P.O. Box 951
Wilmington, DE 19899

*Hand Delivery*
Frank J. Perch, Esquire
Office of the United States Trustee
844 King Street, Room 2313
Lockbox 35
Wilmington, DE 19801

*Hand Delivery*
Mary M. Maloney Huss
Wolf, Block, Schorr and Solis-Cohen LLP
1100 North Market Street
Suite 1001
Wilmington, DE 19801

*First Class Mail*
Secretary of Treasurer
P.O. Box 7040
Dover, DE 19903

*Hand Delivery*
Selinda A. Melnik, Esquire
Smith, Katzenstein & Furlow LLP
800 Delaware Avenue
P.O. Box 410
Wilmington, DE 19899

*Hand Delivery*
Curtis Crowther, Esquire
White and Williams LLP
824 North Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19801

*Hand Delivery*
Adam G. Landis, Esquire
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

*Hand Delivery*
John D. Demmy, Esquire
Stevens & Lee, P.C.
300 Delaware Avenue
8th Floor, Suite 800
Wilmington, DE 19801

*Hand Delivery*
Aaron A. Garber, Esquire
Pepper Hamilton LLP
1201 Market Street
Suite 1600
Wilmington, DE 19899-1709

*Hand Delivery*
Eric Lopez Schnabel, Esquire
James H. Joseph, Esquire
Klett Rooney Lieber & Schorling
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, DE 19801

*Hand Delivery*
William D. Sullivan, Esquire
Elzon Austin Reardon Tarlov & Mondell, P.A.
300 Delaware Avenue, Suite 1700
P.O. Box 1630
Wilmington, DE 19899

*Hand Delivery*
Francis J. Murphy
John S. Spadaro
Chase T. Brockstedt
Murphy Spadaro & Landon
824 N. Market Street
P.O. Box 8989
Wilmington, DE 19899-8989

*Hand Delivery*
Thomas G. Whalen, Esquire
Stevens & Lee, P.C.
300 Delaware Avenue, Suite 800
Wilmington, DE  19801

*Hand Delivery*
Teresa K.D. Currier, Esquire
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
P.O. Box 1397
Wilmington, DE  19899-1397

*Hand Delivery*
Rachel B. Mersky, Esquire
Walsh Monzack and Monaco, P.A.
1201 N. Orange Street, Suite 400
Wilmington, DE  19801

*First Class Mail*
James H.M. Sprayregen, Esquire
James Kapp, III, Esquire
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL  60601

*First Class Mail*
Derrick Tay, Esquire
Meighen Demers
Suite 1100, Box 11
Merrill Lynch Canada Tower
200 King Street West
Toronto, Ontario
Canada M5H 3T4

*First Class Mail*
David B. Siegel
W.R. Grace and Co.
7500 Grace Drive
Columbia, MD  21044

*First Class Mail*
Charles E. Boulbol, Esquire
26 Broadway, 17th Floor
New York, NY  10004

*First Class Mail*
Elihu Inselbuch, Esquire
Rita Tobin, Esquire
Caplin & Drysdale, Chartered
399 Park Avenue, 27th Floor
New York, NY  10022

*First Class Mail*
Lewis Kruger, Esquire
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY  10038-4982

*First Class Mail*
Scott L. Baena, Esquire
Bilzin Sumberg Dunn Baena Price &
Axelrod LLP
First Union Financial Center
200 South Biscayne Blvd, Suite 2500
Miami, FL  33131

*First Class Mail*
Philip Bentley, Esquire
Kramer Levin Naftalis & Frankel LLP
919 Third Avenue
New York, NY  10022-3852

*First Class Mail*
D. J. Baker, Esquire
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY  10036

*First Class Mail*
J. Douglas Bacon, Esquire
Latham & Watkins
Sears Tower, Suite 5800
Chicago, IL  60606

*First Class Mail*
Nancy Worth Davis, Esquire
Ness, Motley, Loadhold, Richardson & Poole
28 Bridgeside Boulevard
P.O. Box 1792
Mount Pleasant, SC  29465

*First Class Mail*
Todd Meyer, Esquire
Kilpatrick Stockton
1100 Peachtree Street
Atlanta, GA  30309

*First Class Mail*
Office of Reorganization
Securities & Exchange Commission
Suite 1000
3475 Lenox Road, N.E.
Atlanta, GA  30326-1232

*First Class Mail*
District Director
IRS
409 Silverside Road
Wilmington, DE  19809

*First Class Mail*
Michael A. Berman, Esquire
Securities and Exchange Commission
450 Fifth Street, N.W. (Mail Stop 6-6)
Washington, D.C.  20549

*First Class Mail*
Secretary of State
Division of Corporations
Franchise Tax
P.O. Box 7040
Dover, DE  19903

*First Class Mail*
James D. Freeman, Esquire
U.S. Department of Justice
Environmental Enforcement Section
999 18th Street
Suite 945-North Tower
Denver, CO  80202

*First Class Mail*
Jon L. Heberling, Esquire
McGarvey, Heberling, Sullivan &
McGarvey PC
745 South Main Street
Kalispel, MT  59901

*First Class Mail*
Patrick L. Hughes, Esquire
Haynes & Boone LLP
1000 Louisiana Street, Suite 4300
Houston, TX  77002-5012

*First Class Mail*
David S. Heller, Esquire
Latham & Watkins
Sears Tower, Suite 5800
Chicago, IL  60606

*First Class Mail*
Ira S. Greene, Esquire
Squadron, Ellenoff, Plesent & Sheinfeld, LLP
551 Fifth Avenue
New York, NY  10176

*First Class Mail*
James A. Sylvester, Esquire
Intercat, Inc.
104 Union Avenue
Manasquan, NJ  08736

*First Class Mail*
Steven J. Johnson, Esquire
Gibson, Dunn & Crutcher LLP
1530 Page Mill Road
Palo Alto, CA  94304-1125

*First Class Mail*
Charlotte Klenke, Esquire
Schneider National, Inc.
P.O. Box 2545
3101 S. Packerland
Green Bay, WI  54306

*First Class Mail*
David S. Rosenbloom, Esquire
Jeffrey E. Stone, Esquire
Lewis S. Rosenbloom, Esquire
McDermott, Will & Emery
227 West Monroe Street
Chicago, IL  60606-5096

*First Class Mail*
Brad Rogers, Esquire
Office of the General Counsel
Pension Benefit Guaranty Corp
1200 K. Street, N. W.
Washington, D.C.  20005-4026

*First Class Mail*
T. Kellan Grant
Wildman, Harrold, Allen & Dixon
225 West Wacker Drive, Suite 3000
Chicago, IL  60606-1229

*First Class Mail*
R. Scott Williams
PMG Capital Corp.
Four Falls Corporate Center
West Conshohocken, PA  19428-2961

*First Class Mail*
Pamela Zilly
Richard Shinder
David Blechman
Michael Alexander
The Blackstone Group
345 Park Avenue
New York, NY  10154

*First Class Mail*
Josiah Rotenberg
Lazard Freres & Co. LLC
30 Rockefeller Plaza, 60th
New York, NY  10020

*First Class Mail*
Jan M. Hayden
William H. Patrick
Heller, Draper, Hayden, Patrick & Horn, L.L.C.
650 Poydras Street, Suite 2500
New Orleans, LA  70130-6103

*First Class Mail*
Delta Chemical Corporation
2601 Cannery Avenue
Baltimore, MD  21226-1595

*First Class Mail*
Joseph F. Rice
Ness, Motley, Loadholt, Richardson & Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC  29465

*First Class Mail*
Nancy Worth Davis
Ness, Motley, Loadholt, Richardson & Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC  29465

*First Class Mail*
Steven T. Baron, Esquire
Member
Silber Pearlman, LLP
2711 North Haskell Avenue, 5th Floor, LLP
Dallas, TX  75204

*First Class Mail*
Bankruptcy Administration
IOS Capital, Inc.
1738 Bass Road
P.O. Box 13708
Macon, GA  31208-3708

*First Class Mail*
W.J. Winterstein, Jr., Esquire
John J. Winter, Esquire
William M. Aukamp, Esquire
Eleven Penn Center, 29th Floor
1835 Market Street
Philadelphia, PA  19103

*First Class Mail*
Alan R. Brayton, Esquire
Brayton & Purcell
222 Rush Landing Road
Novato, CA  94945

SUPP. APP. 003778

*First Class Mail*
Jonathan W. Young
Wildman, Harrold, Allen & Dixon
225 West Wacker Drive, Suite 3000
Chicago, IL  60606-1229

*First Class Mail*
Russell W. Budd
Alan B. Rich
Baron & Budd, P.C.
3102 Oak Lawn Avenue, P.O. Box 8705
Dallas, TX  75219

*First Class Mail*
Shelby A. Jordan, Esquire
Nathaniel Peter Holzer, Esquire
Jordan, Hyden, Womble & Culbreth, P.C.
500 N. Shoreline Blvd., Suite 900
Corpus Christi, TX  78471

*First Class Mail*
Charles E. Gibson, III
Attorney at Law
620 North Street, Suite 100
Jackson, MS  39202

*First Class Mail*
Courtney M. Labson, Esquire
The Mills Corporation
Legal Department
1300 Wilson Boulevard, Suite 400
Arlington, VA  22209

*First Class Mail*
Cindy Schultz
Ingersoll-Rand Fluid Products
One Aro Center
P.O. Box 151
Bryan, OH  43506

*First Class Mail*
Alan Kolod, Esquire
Moses & Singer LLP
1301 Avenue of the Americas
40th Floor
New York, NY  10019-6076

*First Class Mail*
Mr. Thomas Moskie
Bankers Trust Company
Four Albany Street
Fourth Floor
New York, NY  10006

*First Class Mail*
John P. Dillman, Esquire
Linebarger, Goggan, Blair & Sampson, LLP
P.O. Box 3064
Houston, TX  77253-3064

*First Class Mail*
Sander L. Esserman, Esq.
Stutzman, Bromberg, Esserman & Plifka
A Professional Corporation
2323 Bryan Street, Suite 2200
Dallas, TX 75201-2689

*First Class Mail*
Steven T. Hoort, Esquire
Ropes & Gray
One International Place
Boston, MA  02110-2624

*First Class Mail*
Paul M. Baisier, Esquire
SEYFARTH SHAW
1545 Peachtree Street
Suite 700
Atlanta, GA  30309

*First Class Mail*
Bernice Conn, Esquire
Robins, Kaplan, Miller & Ciresi LLP
2049 Century Park East, Suite 3700
Los Angeles, CA  90067

*First Class Mail*
Steven R. Schlesinger, Esquire
Jaspan Schlesinger Hoffman LLP
300 Garden City Plaza
Garden City, NY  11530

SUPP. APP. 003779

***First Class Mail***
Steven J. Kherkher, Esquire
Laurence G. Tien, Esquire
Williams Bailey Law Firm, L.L.P.
8441 Gulf Freeway, Suite #600
Houston, TX  77017

***First Class Mail***
Kimberly W. Osenbaugh, Esquire
Preston Gates & Ellis LLP
925 Fourth Avenue, Suite 2900
Seattle, WA  98104

***First Class Mail***
Peter Van N. Lockwood, Esquire
Julie W. Davis, Esquire
Trevor W. Swett, III, Esquire
Nathan D. Finch, Esquire
Caplin & Drysdale, Chartered
One Thomas Circle, N.W.
Washington, DC  20005

***First Class Mail***
Peter A. Chapman
572 Fernwood Lane
Fairless Hills, PA 19030

***First Class Mail***
Paul M. Matheny
The Law Offices of Peter G. Angelos, P.C.
5905 Harford Rd.
Baltimore, MD  21214

***First Class Mail***
Michael J. Urbis
Jordan, Hyden, Womble & Culbreth, P.C.
2390 Central Blvd, Suite G
Brownsville, TX  78520

***First Class Mail***
Mary A. Coventry
Sealed Air Corporation
Park 80 East
Saddle Brook, NJ  07663

***First Class Mail***
Attn: Meridee Moore and Kirsten Lynch
Farallon Capital Management, L.L.C.
One Maritime Plaza
Suite 1325
San Francisco, CA  94111

***First Class Mail***
John M. Klamann
Klamann & Hubbard
7101 College Blvd., Suite 120
Overland Park, KS  66210

***First Class Mail***
Joseph T. Kremer, Esquire
Lipsiptz, Green, Fahringer, Roll, Salisbury
& Cambria, LLP
42 Delaware Avenue, Suite 300
Buffalo, NY  14202

***First Class Mail***
Paul D. Henderson, Esquire
Dies, Dies & Henderson
1009 W. Green Avenue
Orange, TX  77630

***First Class Mail***
Robert Jacobs, Esquire
Maria Rosoff Eskin
Jacobs & Crumplar, P.A.
2 East 7th Street
P.O. Box 1271
Wilmington, DE  19899

***First Class Mail***
Elizabeth S. Kardos, Esquire
Gibbons, Del Deo, Dolan Griffinger &
Vecchione, PC
One Riverfront Plaza
Newark, NJ  07102-5497

***First Class Mail***
Thomas J. Noonan, Jr.
c/o R& S Liquidation Company
5 Lyons Mall PMB #530
Basking Ridge, NJ  07920-1928

SUPP. APP. 003780

*First Class Mail*
Harry Lee, Esquire
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, DC  20036

*First Class Mail*
William E. Frese, Esquire
Attn:  Sheree L. Kelly, Esquire
80 Park Plaza, T5D
P.O. Box 570
Newark, NJ  07101

*First Class Mail*
William S. Katchen, Esquire
Duane, Morris & Heckscher LLP
1 Riverfront Plaza, 2nd Floor
Newark, NJ  07102

*First Class Mail*
Paul G. Sumers, Esquire
TN Attorney General's Office, Bankr. Unit
P.O. Box 20207
Nashville, TN  37202-0207

*First Class Mail*
Damon J. Chargois, Esquire
Foster & Sear, L.L.P.
360 Place Office Park
1201 N. Watson Road, Suite 145
Arlington, TX  76006

*First Class Mail*
C. Randall Bupp, Esquire
Plastiras & Terrizzi
24 Professional Center Parkway
Suite 150
San Rafael, CA  94903

*First Class Mail*
Peter S. Goodman, Esquire
Andrews & Kurth LLP
450 Lexington Avenue, 15th Floor
New York, NY  10017

*First Class Mail*
Jonathan H. Alden, Esquire
Assistant General Counsel
3900 Commonwealth Boulevard, MS 35
Tallahassee, FL  32399-3000

*First Class Mail*
Credit Lyonnais
1301 Avenue of the Americas
New York, NY  10019-0602

*First Class Mail*
State Library of Ohio
c/o Michelle T. Sutter
Revenue Recovery
101 E. Town Street, Second Floor
Columbus, OH  43215

*First Class Mail*
Rosa Dominy
Bankruptcy Administration
IOS Capital, Inc.
1738 Bass Road
P.O. Box 13708
Macon, GA  31208-3708

*First Class Mail*
Robert Jacobs, Esquire
Jacobs & Crumplar, P.A.
2 East 7th Street
P.O. Box 1271
Wilmington, DE  19899

*First Class Mail*
Greif Bros. Corp.
250 East Wilson Bridge Rd.
Suite 175
Worthington, OH  43085-2323

*First Class Mail*
Stephanie Nolan Deviney
Brown & Connery, LLP
360 Haddon Avenue
P.O. Box 539
Westmont, NJ  08108

SUPP. APP. 003781

*First Class Mail*
Barbara M. Cook, County Solicitor
Katherine L. Taylor, Senior Assistant
County Solicitor
Howard County Office of Law
George Howard Building
3430 Courthouse Drive
Ellicott City, MD 21043

*First Class Mail*
Danice Sims
P.O. Box 66658
Baton Rouge, LA 70896

*First Class Mail*
M. Diane Jasinski, Esquire
Michael D. Hess
Corporation Counsel of the City of New York
100 Church Street, Room 6-127
New York, NY 10007

*First Class Mail*
Suexirda Prayaga
7365 MacLeod Lane
Ofallon, MO 63366

*First Class Mail*
Janet Napolitano
Robert R. Hall
Russell W. Savory
1275 West Washington Street
Phoenix, AZ 85007-1278

*First Class Mail*
Russell W. Savory
Gotten, Wilson & Savory, PLLC
200 Jefferson Avenue, Suite 900
Memphis, TN 38103

*First Class Mail*
Credit Manager
Belz Enterprises
100 Peabody Place, Suite 1400
Memphis, TN 38103

*First Class Mail*
James P. Ruggeri
Scott A. Shail
Hogan & Harton L.L.P.
555 Thirteenth Street, N.W.
Washington, D.C. 20004-1109

*First Class Mail*
Steven R. Bourne, Esquire
Nutter, McClennen & Fish, LLP
One International Place
Boston, MA 02110-2699

*First Class Mail*
Judy D. Thompson, Esquire
S. Andrew Jurs, Esquire
Poyner & Spruill, L.L.P.
100 North Tryon Street, Suite 4000
Charlotte, NC 28202-4010

*First Class Mail*
Daniel H. Slate, Esquire
Hughes Hubbard & Reed LLP
350 South Grand Avenue
Los Angeles, CA 90071-3442

*First Class Mail*
Andrea L. Hazzard, Esquire
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10004-1482

*First Class Mail*
Authur Stein, Esquire
1041 W. Lacey Road
P.O. Box 1070
Forked River, NJ 08731-6070

*First Class Mail*
Robert H. Rosenbaum, Esquire
M. Evan Meyers, Esquire
Meyers, Rodbell & Rosenbaum, P.A.
Berkshire Building
6801 Kenilworth Avenue, Suite 400
Riverdale, MD 20737-1385

*First Class Mail*
Maggie De La Rosa
Provost * Umphrey
Law Firm, L.L.P.
490 Park Street
Beaumont, TX  77701

*First Class Mail*
Dorine Vork, Esquire
Stibbe, P.C.
350 Park Avenue
New York, NY  10022

*First Class Mail*
Anne Marie P. Kelley, Esquire
Dilworth Paxson, LLP
LibertyView – Suite 700
457 Haddonfield Road
P.O. Box 2570
Cherry Hill, NJ  08034

*First Class Mail*
Kevin James
Deputy Attorney General
1515 Clay Street, 20th Floor
Oakland, CA  94612-1413

*First Class Mail*
Bart Hartman
Treasurer – Tax Collector
Attn: Elizabeth Molina
1600 Pacific Highway, Room 162
San Diego, CA  92101

*First Class Mail*
Mary E. Wurts
P.O. Box #27
Capache Junct, AZ 85217

*First Class Mail*
David Aelvoet, Esquire
Linebarger Goggan Blair & Sampson, LLP
Travis Park Plaza Building
711 Navarro, Suite 300
San Antonio, TX  78205

*First Class Mail*
Michael H. Pinkerson, Esquire
James M. Garner, Esquire
Sher Garner Cahill Richter Klein McAlister
& Hilbert, L.L.C.
909 Poydras Street, Suite 2800
New Orleans, LA  70112

*First Class Mail*
Robert Cimino, Esquire
Suffolk County Attorney
Attn: Diane Leonardo Beckmann, Asst.
County
H. Lee Dennison Building
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge, NY  11788-0099

*First Class Mail*
Robert T. Aulgur, Jr., Esquire
P.O. Box 617
Odessa, DE  19730

*First Class Mail*
Michael T. Kay, Esquire
Nancy Draves, Esquire
The Dow Chemical Company
2030 Dow Center
Midland, MI  48674

*First Class Mail*
Anne Marie P. Kelley, Esquire
Dilworth Paxson, LLP
Liberty View – Suite 700
457 Haddonfield Road
Cherry Hill, NJ  08002

*First Class Mail*
Ronald S. Beacher, Esquire
Pitney, Hardin, Kipp & Szuch LLP
711 Third Avenue, 20th Floor
New York, NY  10017-4014

*First Class Mail*
Attn: Diane Stewart
Peoples First Community Bank
P.O. Box 59950
Panama City, FL 32412-0950

*First Class Mail*
Michael B. Willey, Esquire
Legal Services, 27th Floor
312 8th Avenue North
Nashville, TN 37243

*First Class Mail*
Jeffrey L. Glatzer, Esquire
Anderson, Kill & Olick, P.C.
1251 Avenue of the Americas
New York, NY 10020-1182

*First Class Mail*
Thomas V. Askounis, Esquire
Askounis & Borst, P.C.
303 East Wacker Drive
Suite 1000
Chicago, IL 60601

*First Class Mail*
Attn: Ted Weschler
Peninsula Capital Advisors, L.L.C.
404 East Main Street
Second Floor
Charlottesville, VA 22902

*First Class Mail*
E. Katherine Wells, Esquire
South Carolina Department of Health and
Environmental Control
2600 Bull Street
Columbia, SC 29201-1708

*First Class Mail*
Jeffrey Kaufman, Esquire
Gerald F. Ellesdorfer, Esquire
Kaufman & Logan LLP
100 Spear Street, 12th Floor
San Francisco, CA 94105

*First Class Mail*
Pillsbury Winthrop LLP
One Battery Park Plaza
New York, NY 10004-1490

*First Class Mail*
William H. Johnson, Esquire
Norfolk Southern Corporation
Law Department
Three Commercial Place
Norfolk, VA 23510-9242

*First Class Mail*
Craig Barbarosh, Esquire
Pillsbury Winthrop LLP
650 Town Center Drive, 7th Floor
Costa Mesa, CA 92626-7122

*First Class Mail*
Aldine Independent School District
Jonathan C. Hantke, Esquire
Pamela H. Walters, Esquire
14910 Aldine-Westfield Road
Houston, TX 77032

*First Class Mail*
DAP Products, Inc.
c/o Julien A. Hecht, Esquire
2400 Boston Street, Suite 200
Baltimore, MD 21224

*First Class Mail*
Steven B. Flancher, Esquire
Assistant Attorney General
Department of Attorney General
Revenue Division
First Floor Treasury Building
Lansing, MI 48992

*First Class Mail*
Deirdre Woulfe Pacheco, Esquire
Wilentz, Goldman & Spitzer
90 Woodbridge Center Drive
P.O. Box 10
Woodbridge, NJ 07095

SUPP. APP. 003784

*First Class Mail*
Kay D. Brock, Esquire
Bankruptcy & Collections Division
P.O. Box 12548
Austin, TX  78711-2548

*First Class Mail*
Matthew A. Porter, Esquire
Bernard J. Bonn III, Esquire
Dechert Price & Rhoads
Ten Post Office Square South
Boston, MA  02109

*First Class Mail*
John W. Havins, Esquire
Burt Barr Havins & O'Dea, L.L.P.
1001 McKinney, Suite 500
Houston, TX  77002

*First Class Mail*
Mark Browning, Esquire
Assistant Attorney General
c/o Sherri K. Simpson, Legal Assistant
Office of the Attorney General
Bankruptcy & Collections Division
P.O. Box 12548
Austin, TX  78711-2548

*First Class Mail*
Leonard P. Goldberger, Esquire
White & Williams LLP
1800 One Liberty Place
Philadelphia, PA  19103-7395

*First Class Mail*
General Motors Acceptance Corporation
P.O. Box 5055
Troy, MI  48007-5055

*First Class Mail*
Cynthia C. Hemme, Esquire
Senior Counsel
Nortel Networks, Inc.
4010 E. Chapel Hill-Nelson Hwy.
Research Triangle Park, NC  27709

*First Class Mail*
Daniel A. Speights, Esquire
Speights & Runyan
200 Jackson Avenue, East
P.O. Box 685
Hampton, SC  29924

*First Class Mail*
Julie Quagliano
Quagliano & Seeger
3243 P Street, NW
Washington, DC  20007

*First Class Mail*
Robert M. Fishman, Esquire
Shaw Gussis Domanskis Fishman & Glantz
1144 West Fulton Street, Suite 200
Chicago, IL  60607

*First Class Mail*
Judith Greenspan, Esquire
Associate Counsel
The Amalgamated Industries and Service
Workers Benefit Fund
730 Broadway
Tenth Floor
New York, NY  10003-9511

*First Class Mail*
Donna J. Petrone, Esquire
Exxon Mobil Chemical Company
Law Department – Bankruptcy
13501 Katy Freeway, Room W1-562
Houston, TX  77079-1398

*First Class Mail*
David W. Wirt, Esquire
Winston & Strawn
35 West Wacker Drive
Chicago, IL  60601

*First Class Mail*
Alan H. Katz, Esquire
Entergy Services, Inc.
693 Loyola Avenue, Suite 2600
New Orleans, LA  70113

*First Class Mail*
Glen W. Morgan
Reaud, Morgan & Quinn, Inc.
801 Laurel
Beaumont, TX  77701

*First Class Mail*
Randall A. Rios
Floyd, Isgur, Rios & Wahrlich, P.C.
700 Louisiana, Suite 4600
Houston, TX  77002

*First Class Mail*
Elizabeth J. Cabraser, Esquire
Lieff, Cabraser, Heimann & Bernstein, LLP
Embacadero Center West, 30th Floor
275 Battery Street
San Francisco, CA  94111

*First Class Mail*
Thomas M. Sobol, Esquire
Hagens Berman LLP
225 Franklin Street, 26th Floor
Boston, MA  02110

*First Class Mail*
Scott Barker
Phelps Dodge Corporation
1 N. Central Avenue
Phoenix, AZ 85004-4464

*First Class Mail*
Coudert Brothers
Attn: Joseph D. Farrell, Esquire and
Edward H. Tillinghast, III, Esquire
1114 Avenue of the Americas
New York, NY  10036

*First Class Mail*
Margery N. Reed, Esquire
Duane, Morris & Heckscher LLP
4200 One Liberty Place
Philadelphia, PA  19103-7396

*First Class Mail*
Darrell W. Scott
Lukins & Annis, P.S.
1600 Washington Trust Financial Center
717 West Sprague Avenue
Spokane, WA  99201-0466

*First Class Mail*
William F. Taylor, Jr., Esquire
McCarter & English
919 N. Market Street, 18th Floor
Wilmington, DE  19801

*First Class Mail*
Missouri Department of Revenue
Bankruptcy Unit
Gary L. Barnhart
PO Box 475
Jefferson City, MO  65105-0475

*First Class Mail*
Marsha A. Penn
P.O. Box 3725
Houston, TX  77253-3725

*First Class Mail*
Mr. Charles C. Trascher III, Esquire
Snellings, Breard, Sartor, Inabnett &
Trascher, LLP
PO Box 2055
Monroe, LA  71207

*First Class Mail*
Gary M. Becker, Esquire
Kramer Levin Naftalis & Frankel LLP
919 Third Avenue
New York, NY  10022

*First Class Mail*
Christopher R. Momjian
Senior Deputy Attorney General
I.D. No.  057482
Office of Attorney General
21 S. 12th Street, 3rd. Floor
Philadelphia, PA  19107-3603

SUPP. APP. 003786

*First Class Mail*
Susan Breymaier
Attorney
U.S. Postal Service
Legal Department
225 N. Humphreys Blvd.
Memphis, TN 38166-0170

*First Class Mail*
Denise A. Kuhn
Office of Attorney General
21 S. 12th Street, 3rd Floor
Philadelphia, PA 19107-3603

*First Class Mail*
Thomas J. Matz, Esq.
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166

*First Class Mail*
Vahe Melkonian
Newco Management Company, LLC
6320 Canoga Avenue, Suite 1430
Woodland Hills, CA 91367

*First Class Mail*
David W. Baddley, Esquire
Greenberg Traurig, P.A.
515 East Las Olas Boulevard
Suite 1500
Fort Lauderdale, FL 33301

*First Class Mail*
Richard B. Spector, Esquire
Mark M. Monachino, Esquire
Corbett & Steelman
18200 Von Karman Avenue, Suite 200
Irvine, CA 92612-1086

*First Class Mail*
Barry D. Kleban, Esquire
Adelman Lavine Gold and Levin
1900 Two Penn Center Plaza
Philadelphia, PA 19102-1799

*First Class Mail*
Michael Selig
Westover Investments, L.L.C.
555 Old Garth Road
Charlottesville, VA 22901

*First Class Mail*
Allan H. Ickowitz, Esq.
Nossaman, Guthner, Knox & Elliott, LLP
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071

*First Class Mail*
Oscar B. Fears, III
Assistant Attorney General
40 Capitol Square, S.W.
Atlanta, GA 30334

*First Class Mail*
James Sottile, Esq.
Joseph L. Ruby, Esq.
Michael J. Zoeller, Esq.
Baach Robinson & Lewis PLLC
One Thomas Circle, NW
Suite 200
Washington, DC 20005

*First Class Mail*
Ralph R. Mabey
Penrod W. Keith
LeBoeuf, Lamb, Greene & MacRae, LLP
1000 Kearns Building
Salt Lake City, UT 84101

*First Class Mail*
Kelley B. Gelb
700 Southeast Third Avenue
Suite 100
Fort Lauderdale, FL 33316-1186

*First Class Mail*
Margaret A. Holland
Deputy Attorney General
New Jersey Attorney General's Office
Division of Law
R.J. Hughes Justice Complex
P.O. Box 106
Trenton, NJ 08625

*First Class Mail*
Craig A. Slater, Esquire
Angela M. Demerle, Esquire
Harter, Secrest & Emery LLP
Twelve Fountain Plaza
Suite 400
Buffalo, NY 14202-2293

*First Class Mail*
Rachel Jeanne Lehr
Deputy Attorney General
Office of the Attorney General
R.J.Hughes Justice Complex
P.O. Box 093
Trenton, NJ 08625

*First Class Mail*
Larry A. Feind
133 Peachtree Street, N.E.
7th Floor
Atlanta ,GA 30303

*First Class Mail*
Bryan Shapiro
Bear, Stearns & Co. Inc.
245 Park Avenue
New York, NY 10167

*First Class Mail*
Elizabeth Weller
Linebarger, Goggan, Blair & Sampson, LLP
2323 Bryan Street, Suite 1720
Dallas, TX 75201-2691

*First Class Mail*
Mr. Mark Hankin
HanMar Associates, M.L.P.
P.O. Box 26767
Elkins Park, PA 19027

*First Class Mail*
Lynn K. Neuner, Esquire
Simpson, Thacher, & Bartlett
425 Lexington Avenue
New York, NY 10017-3954

*First Class Mail*
Gerald G. Pecht, Esquire
Fulbright & Jaworski, LLP
1301 McKinney, Suite 5100
Houston, TX 77010-3095

*First Class Mail*
Allison E. Reardon
Delaware Division of Revenue
820 N. French Street
8th Floor
Wilmington, DE 19801

*First Class Mail*
Christopher R. Momjian
Office of Attorney General
21 S. 12th Street, 3rd Floor
Philadelphia, PA 19107-3603

*First Class Mail*
Jonathan D. Berger, Esquire
Russell Henkin, Esquire
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103-6365

*First Class Mail*
Paul P. Daley, Esquire
George W. Shuster, Jr., Esquire
Hale and Dorr LLP
60 State Street
Boston, MA 02109

SUPP. APP. 003788

*First Class Mail*
Nicholas J. LePore, III
Schnader Harrison Segal & Lewis LLP
Suite 3600, 1600 Market Street
Philadelphia, PA 19103

*First Class Mail*
Don C. Fletcher, Esquire
The Cavanagh Firm, P.A.
1850 North Central Avenue
Suite 2400
Phoenix, AZ 85004

*First Class Mail*
Noel C. Burnham, Esquire
Richard G. Placey, Esquire
Montgomery, McCracken, Walker &
Rhoads LLP
123 South Broad Street
Avenue of the Arts
Philadelphia, PA 19109

*First Class Mail*
Steven T. Davis, Esquire
Edmond M. George, Esquire
Obermayer, Rebmann Maxwell & Hippel, LLP
One Penn Center, Suite 1900
1617 John F. Kennedy Boulevard
Philadelphia, PA 19103

*First Class Mail*
DACA V, LLC
Attn: Julie Bubnack
2120 W. Washington Street
San Diego, CA 92110

*First Class Mail*
Sheri Levine
Amroc Investments, LLC
535 Madison Avenue, 15th Floor
New York, NY 10022

*First Class Mail*
Ronald D. Gorsline
Chambliss, Bahner, & Stophel, P.C.
1000 Tallan Building
Two Union Square
Chattanooga, TN 37402-2552

*First Class Mail*
Jon Bauer
Contrarian Capital Management, LLC
411 West Putnam Avenue, Suite 225
Greenwich, CT 06830

*First Class Mail*
Martha E. Romero
Law Offices of Martha E. Romero and Associates
7743 South Painter Avenue, Suite E
Whittier, CA 90602

*First Class Mail*
Ronald D. Gorsline
Chambliss, Bahner & Stophel, P.C.
1000 Tallan Building
Two Union Square
Chattanooga, TN 37402-2552

*First Class Mail*
Michael S. Davis, Esquire
Zeichner Ellman & Krause
575 Lexington Avenue
New York, NY 10022

*First Class Mail*
Theresa L. Wasser, Esquire
Burns, White & Hickton, LLC
120 Fifth Avenue, Suite 2400
Pittsburgh, PA 15222

*First Class Mail*
Michael S. Davis, Esquire
Zeichner Ellman & Krause
575 Lexington Avenue
New York, NY 10022

*First Class Mail*
Stephen A. Donato, Esquire
Hancock & Estabrook, LLP
1400 MONY Tower I
P.O. Box 4976
Syracuse, NY 13221-4976

*First Class Mail*
Douglas Gordon
Linebarger, Goggan, Blair, & Sampson, LLP
P.O. Box 460
Knoxville, TN 37901-0460

*First Class Mail*
Mr. Harvey Schultz
The Schultz Organization
900 Route 9 North
Woodbridge, NJ 07095

*First Class Mail*
Barbara G. Billet, Esquire
Elaine Z. Cole, Esquire
New York State Department of Taxation and
Finance
340 E. Main Street
Rochester, NY 14604

*First Class Mail*
James J. Restivo, Esquire
Reed Smith LLP
435 Sixth Avenue
Pittsburgh, PA 15219

*First Class Mail*
Ted N. Pettit, Esquire
Case Bigelow & Lombardi
Grosvenor Center, Mauka Tower
737 Bishop Street, Suite 2600
Honolulu, HI 96813

*First Class Mail*
Michael S. Sandberg, Esquire
Hellmuth & Johnson, PLLC
10400 Viking Drive, Suite 560
Eden Prairie, MN 55344

*First Class Mail*
Thomas J. Quinn, Esquire
Mendes & Mount, LLP
750 Seventh Avenue
New York, NY 10019-6829

*First Class Mail*
Jerel L. Ellington, Esquire
U.S. Department of Justice
Environmental Enforcement Section
999 18th Street; Suite 945-North Tower
Denver, CO 80202

*First Class Mail*
Ann Beimdiek Kinsella
Assistant Attorney General
445 Minnesota Street, Suite 1200
St. Paul, MN 55101-2127

*First Class Mail*
Brian L. Hansen, Esquire
Frank W. DeBorder, Esquire
Morris, Manning & Martin
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, GA 30326

*First Class Mail*
Deborah L. Thorne, Esquire
FabelHaber LLC
55 East Monroe Street, 40th Floor
Chicago, IL 60603

*First Class Mail*
Jenny J. Hyun
Associate Counsel
Weingarten Realty Investors
2600 Citadel Plaza Drive
Houston, TX 77008

*First Class Mail*
Warren H. Smith
Warren H. Smith and Associates
Republic Center
325 N. St. Paul, Suite 4080
Dallas, TX 75201

**SUPP. APP. 003790**

*First Class Mail*
David E. Cherry
Campbell~Cherry~Harrison~Davis~Dove,
P.C.
P.O. Drawer 21387
Waco, TX 76702-1387

*First Class Mail*
Lori Gruver Robertson
Linebarger Goggan Blair & Sampson, LLP
1949 South I.H. 35 (78741)
P.O. Box 17428
Austin, TX 78760

*First Class Mail*
Cornell University
Office of University Counsel
300 CCC Building, Garden Avenue
Ithaca, NY 14853-2601

*First Class Mail*
Thomas D. Walsh, Esq.
McCarter & English, LLP
919 Market Street, Suite 1800
P.O. Box 111
Wilmington, DE 19899

*First Class Mail*
Jarrett L. Hale, Esq.
The Bleakley Law Firm
101 E. Kennedy Boulevard, Suite 1100
Tampa, FL 33602

*First Class Mail*
Todd Meyers, Esq.
Kathleen M. O'Connell, Esq.
Kilpatrick Stockton LLP,
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309

*First Class Mail*
General Counsel
Enron Energy Services
1400 Smith Street
EB 0889
Houston, TX 770022

*First Class Mail*
Citadel Investment Group, L.L.C.
Attn: S. Jay Novatney
131 South Dearborn St., 36th Floor
Chicago, IL 60603

*First Class Mail*
Afshin Miraly, Esq.
Assistant City Solicitor
Law Department - City Hall
93 Highland Avenue
Somerville, MA 02143

*Hand Delivery*
John V. Fiorella, Esquire
Archer & Greiner, P.C.
1300 North Market Street
Suite 700
Wilmington, DE 19801

*First Class Mail*
Thomas Tew, Esquire
Jeffrey Tew, Esquire
Tew Cardenas Rebak Kellogg Lehman
DeMaria Tague Raymond & Levine, LLP
201 South Biscayne Boulevard, Suite 2600
Miami, Florida 33131

*First Class Mail*
James E. Wimberley, Esquire
McPherson, Monk, Hughes, Bradley
& Wimberley, L.L.P
3120 Central Mall Drive
Port Arthur, TX 77642

*First Class Mail*
Greif, Inc.
Attn: Credit Department
366 Greif Parkway
Delaware, OH 43015

**First Class Mail**
Thomas O. Bean
Peter M. Action, Jr.
Nutter, McClennen & Fish, LLP
World Trade Center West
155 Seaport Blvd.
Boston, MA 02210

**First Class Mail**
Marc Abrams, Esquire
Willkie, Farr & Gallagher
787 Seventh Avenue
New York, NY 10019-6099

**Hand Delivery**
Joanne B. Wills, Esquire
Klehr, Harrison, Harvey, Branzburg &
Ellers, LLP
919 Market Street, Suite 1000
Wilmington, DE 19801

**First Class Mail**
Frederick P. Furth, Esquire
Michael P. Lehman, Esquire
The Furth Firm, LLP
225 Bush Street, 15th Floor
San Francisco, CA 94104