IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors, | ) | |

### J. M. FOSTER, INC'S RESPONSE AND OBJECTION TO NOTICE OF TRANSFER OF CLAIM FILED BY LONGACRE MASTER FUND LTD

Comes now creditor, J.M. Foster, Inc. (hereinafter "J.M. Foster"), by counsel, Spangler, Jennings & Dougherty, P.C., and tenders its Response and Objection to a certain Notice of Transfer of Claim filed by Longacre Master Fund Ltd. (hereinafter "Longacre") bearing Transfer Docket Entry No. 3603 and filed on April 2, 2003, and in support thereof, states as follows:

1. J. M. Foster is a creditor in the W. R. Grace & Co. bankruptcy and filed its Proof of Claim on or about March 26, 2003.

2. On or about April 2, 2003, Longacre Master Fund Ltd. (hereinafter "Longacre") filed its Notice of Transfer of Claim Pursuant to FRBP Rule 3001(e)(1) regarding J.M. Foster's Proof of Claim. (A copy of said Notice is attached hereto as Exhibit "A".)

3. That according to the Trade Confirmation attached to the Notice of Transfer of Claim filed by Longacre, any alleged transfer was to be subject to J. M. Foster executing an Assignment of Claim agreement acceptable to J.M. Foster as Seller and also executing certain necessary releases and/or consents regarding same.

4. No such acceptable Assignment was tendered by Longacre.

5. The Assignment that was tendered had unacceptable language to J.M. Foster and J.M. Foster's counter proposal was rejected by Longacre.

6. The parties were unable to agree as was evidenced by the failure of Longacre to tender the required consideration to J.M. Foster.

7. J.M. Foster has never received any payment for the transfer of this claim and Longacre has never tendered any consideration for payment or this claim to J.M. Foster.

8. Based on the foregoing, and based on the express payment terms of the initial Trade Confirmation which state "Any payments or distributions made on account of the claim <u>after payment of consideration</u> are for the benefit of Buyer" (emphasis supplied), Longacre has no right to receive any payment or dividend distribution from the W.R. Grace Bankruptcy estate on account of the Proof of Claim filed by J.M. Foster.

9. No consideration has been paid or tendered by Longacre to Seller "J.M. Foster" and Longacre is attempting to obtain payment from the W.R. Grace Bankruptcy estate on account of the J.M. Foster Proof of Claim without having purchased the claim.

10. Further evidence of a failure to reach an agreement was that time was of the essence as reflected by the terms of the Trade Confirmation requiring settlement "to be as soon as reasonably practical".

11. Longacre and J.M. Foster have not completed or signed any Assignment of Claim agreement, (nor have they completed any releases and/or consents) and as such any alleged transfer has never been agreed to or consummated by J. M. Foster and Longacre.

12. J. M. Foster objects to any Notice of Transfer of Claim or any other efforts taken by Longacre or any of its affiliates regarding any alleged or purported transfer of J. M. Foster's claim to Longacre as the parties have no agreement regarding same and J. M. Foster has not consented to any alleged transfer of its claim.

13. On or about November 18, 2003, this Court issued a Notice of Defective Transfer of

Claim to Longacre indicating that the alleged transfer was incorrectly listed as "Type E(1)" on the Notice of Transfer Claim previously filed by Longacre. (A true and accurate copy of said Notice is attached hereto as Exhibit "B".) From a review of the Court's docket, it does not appear that Longacre has resubmitted any additional Notice regarding same.

WHEREFORE, J. M. Foster, Inc. respectfully requests that this Court deny and disallow any alleged transfer of J. M. Foster, Inc.'s claim to Longacre Master Fund, Ltd. or its affiliates as the parties have not reached an agreement and no consideration has been paid for same. In addition, J. M. Foster objects to any additional Notice of Transfer of Claim filed by Longacre or any of its affiliates regarding J. M. Foster's claim or any additional efforts taken with regard to any alleged transfer of J. M. Foster Inc.'s claim, whether same have been previously filed with the Court or if same have yet to be filed by Longacre or its affiliates.

Respectfully submitted,

SPANGLER, JENNINGS & DOUGHERTY, P.C.
Attorneys for J. M. Foster, Inc., Creditor

By: /s/ Lawrence A. Kalina
LAWRENCE A. KALINA, #5058-45
8396 Mississippi Street
Merrillville, Indiana 46410
(219) 769-2323
(219) 769-5007 Fax

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE
-----------------------------------------------------------X
In re:                                          |
                                                | Chapter 11
W.R. GRACE & CO.-CONN.                          |
                                                | Case No. 01-01140
                                                |
            Debtors.                            |
-----------------------------------------------------------X

### NOTICE OF TRANSFER OF CLAIM PURSUANT TO FRBP RULE 3001(e)(1)

To: (Transferee)

        LONGACRE MASTER FUND, LTD.
        Transferor: J M Foster Inc.
        810 Seventh Avenue, 22nd Floor
        New York, NY 10019
        Attn: Vladimir Jelisavcic

A transfer in the amount of $157,728.93 from:

        J M Foster Inc.
        c/o Spangler, Jennings, & Dougherty P.C.
        8396 Mississippi Street
        Merriville, IN 46410
        Attn: Larry Kalina, Esq.

is acknowledged. By filing pursuant to Rule 3001 (e)(1), you affirm that you have searched the official claims register and that the transferor has not previously filed a proof of claim.

Refer to INTERNAL CONTROL NUMBER _____ in any further correspondence relative to this transfer.

                                                                                 Intake Clerk
------------------------------------------------------------------------------------

FOR CLERK'S OFFICE USE ONLY:
This notice was mailed to the first named party, by first class mail, post prepaid on _____, 2003.
Copy: Debtor's Attorney_____

                                                                                 Deputy Clerk

EXHIBIT _A_

THE LONGACRE FUNDS

**LONGACRE**

810 Seventh Avenue, 22nd Floor
New York, New York 10019
Tel: 212-259-4350
Fax: 212-259-4345
www.longacrellc.com

## TRADE CONFIRMATION

**To:** J M Foster Inc
c/o Spangler, Jennings & Dougherty P.C.
8396 Mississippi St.
Merrillville, IN 46410
Attn: Larry Kalina, Esq
Tel: 219-769-2323
Fax: 219-769-5007

**From:** Longacre Management, LLC
810 Seventh Avenue, 22nd Floor
New York, NY 10019
Attn: Steven S. Weissman
Tel: 212-259-4350
Fax: 212-259-4345

We are pleased to confirm the following transaction subject to the terms and conditions of the Assignment of Claim agreement which are incorporated herein by reference:

| | |
|---|---|
| **Trade Date:** | 3/25/2003 |
| **Seller:** | J M Foster Inc |
| **Buyer:** | Longacre Master Fund, Ltd. |
| **Debtor:** | W.R. Grace & CO.-CONN., Case No. 01-01140, Debtor-in-Possession |
| **Type of Instrument:** | Claim subject to Debtor's Chapter 11 Proceeding |
| **Claim Amount:** | $157,728.93 |
| **Purchase Rate:** | [deleted]% |
| **Consideration:** | $[deleted] (Claim Amount x Purchase Rate, subject to verification) |
| **Holdback Rate:** | None |

| | |
|---|---|
| **Disclosure:** | Seller agrees not to disclose or communicate the terms of this agreement or information concerning the Claim to any other creditors of Debtor or prospective purchasers of the Claim. |
| **Payments:** | Any payments or distributions made on account of the Claim after payment of the consideration are for the benefit of Buyer. |
| **Subject to:** | 1) Execution of an Assignment of Claim agreement reasonably acceptable to Buyer and Seller; 2) Buyer's due diligence regarding the validity of the Claim; and 3) Buyer obtaining from Seller any necessary releases and/or consents reasonably requested by Buyer. Buyer may waive any condition at its option and settle this transaction without such condition. |
| **Settlement:** | As soon as reasonably practical. |
| **Binding Effect:** | Upon execution by both Buyer and Seller in the space designated below, this letter shall constitute a binding agreement between the parties. This Agreement may be filed in the bankruptcy court as evidence of transfer of the Claim. |
| **Expiration:** | Buyer shall have no obligation to Seller, unless Seller executes this letter by the close of business today or unless waived by Buyer. |

Please provide the signature of a duly authorized officer or other authorized signatory where indicated below and return this letter to the following fax number: (212) 259-4345

ACCEPTED AND AGREED

J M FOSTER INC

Signature: /s/ James A. Lee
Title: President, J.M. Foster Inc.
Name: James A. Lee
Date: 3/25/03

LONGACRE MASTER FUND, LTD.

By: /s/ Steven Weissman
Name: Steven Weissman
Title: Director
Date: 3/25/2003

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In Re: : Chapter 11
: Case Nos. 01-01139
: through 01-1200
W.R. Grace & Co. et al.,[1] : Jointly Administered
:
Debtors. :
:

## NOTICE OF DEFECTIVE TRANSFER OF CLAIM

Transfer Docket Filing Date: 4/2/2003

Transfer Docket Entry: 3603

Claim of: JM FOSTER INC

Transferred to: LONGACRE MASTER FUND LTD

PLEASE TAKE NOTICE, that the Transfer of Claim listed above filed with the Clerk of the Court has been returned to the Transferee as a Defective Transfer of Claim for the following reason(s):

☐ The Claim has been previously transferred in its entirety to another Transferee

☐ A portion of the claim has been previously transferred to another Transferee

☐ Transfer received after Record Date

☑ Other: Transfer should be listed as Type E(2)

Dated: November 18, 2003

W. R. Grace Bankruptcy
Office of the Claims Agent
PO Box 1620
Faribault MN 55021-1620

Official Claims and Noticing Agent for the Clerk of Court in the W. R. Grace & Co., et al. Cases

---

[1] The debtors are the following entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc.(f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W.R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin &Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

EXHIBIT B

## CERTIFICATE OF SERVICE

I certify that on the __21st__ day of January, 2004, service of a true and complete copy of the above and foregoing pleading or paper was made upon the following parties by depositing same in the United States mail in envelopes properly addressed to each of them and with sufficient first class postage affixed:

LONGACRE MASTER FUND, LTD.
810 Seventh Avenue 22nd Floor
New York, New York 10019
Attn: Vladimir Jelisavcic
  Christopher Martinez


James H.M. Sprayregen, P.C.
James W. Kapp, III
Janet S. Baer
Christian J. Lane
Kirkland & Ellis, LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636

Laura Davis Jones
Scotta McFarland
Paula Gailbraith
919 N. Market Street, 16th Floor
P.O. Box 8705
Wilmington, Deleware 19801


**Spangler, Jennings & Dougherty, P.C.**

By: _____