## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| W.R. GRACE & CO., *et. al.,* | Case No. 01-1139 (JKF) |
| Debtors. | Jointly Administered |
| | Objection Deadline: February 12, 2004 at 4:00 p.m. |
| | Hearing Date: TBD only if necessary |

### FOURTH MONTHLY FEE APPLICATION OF PROTIVITI INC.
### AS DEBTORS' SARBANES OXLEY COMPLIANCE ADVISORS
### FOR ALLOWANCE OF COMPENSATION AND
### REIMBURSEMENT OF EXPENSES FOR OCTOBER 2003

| | |
|---|---|
| Name of Applicant: | Protiviti Inc. |
| Authorized to Provide Services to: | Debtors |
| Date of Retention: | Order dated November 17, 2003, *nunc pro tunc* to June 30, 2003 |
| Period for which compensation and reimbursement is sought: | October 1, 2003 through October 31, 2003 |
| Amount of Compensation sought as actual, reasonable and necessary | $ 52,727.50 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary | $ 4,821.56 |

This is a(n):  __X__ interim            ___ final application

Prior applications:     None.

Local Form 102
(Page 1 of 3 Pages)

## TIMEKEEPER SUMMARY

| Name of Professional | Position of the Applicant / Number of Years Experience in Profession | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Blanchard, Victor | Associate Director 17 years | $275.00 | 107.5 | $ 29,562.50 |
| Petito, Matthew | Senior Consultant 5 years | $175.00 | 24.3 | $ 4,252.50 |
| Strickler, Kevin | Senior Consultant 5 years | $175.00 | 105.5 | $ 18,462.50 |
| Byrum, Scott | Consultant 1 year | $150.00 | 3 | $ 450.00 |
| | | Totals | 240.3 | $52,727.50 |

1

**Fee Application Narrative**

Local Form 102
(Page 2 of 3 Pages)

## COMPENSATION BY PROJECT CATEGORY

| Project Category (Examples) | Total Hours | Total Fees |
|---|---|---|
| Asset Analysis and Recovery | N/A | N/A |
| Asset Disposition | N/A | N/A |
| Business Operations | N/A | N/A |
| Case Administration | N/A | N/A |
| Claims Administration and Objections | N/A | N/A |
| Employee Benefits/Pension | N/A | N/A |
| Retention of Professionals | N/A | N/A |
| Fee Applications | N/A | N/A |
| Fee Application Objections | N/A | N/A |
| Financing | N/A | N/A |
| Security Issues | N/A | N/A |
| Litigation | N/A | N/A |
| Plan and Disclosure Statement | N/A | N/A |
| Relief from Stay Proceedings | N/A | N/A |
| Tax Issues | N/A | N/A |
| Valuation | N/A | N/A |
| Other (Explain)<br>• Sarbanes Oxley Compliance Services | 240.3 | $52,727.50 |
| Accounting/Auditing | N/A | N/A |
| Business Analysis | N/A | N/A |
| Corporate Finance | N/A | N/A |
| Data Analysis | N/A | N/A |
| **Total** | **240.3** | **$52,727.50** |

2

**Fee Application Narrative**

Local Form 102
(Page 3 of 3 Pages)

## EXPENSE SUMMARY

| Expense Category (Examples) | Total Hours | Total Expenses |
|---|:---:|---:|
| Transportation | N/A | $2,385.38 |
| Lodging | N/A | $1,174.38 |
| Sundry | N/A | $695.00 |
| Business Meals / Entertainment | N/A | $566.80 |
| **Total Expenses** | | **$4,821.56** |

3

**Fee Application Narrative**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| W.R. GRACE & CO., *et. al.*, | Case No. 01-1139 (JKF)<br>Jointly Administered |
| Debtors. | |

## APPLICATION OF PROTIVITI INC. AS DEBTORS' SARBANES OXLEY COMPLIANCE ADVISORS FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR OCTOBER 2003

Protiviti Inc. ("Protiviti"), Sarbanes Oxley Compliance Advisors for W.R. Grace & Co., and the other above-captioned debtors (collectively, the "Debtors"), by and through its undersigned counsel, hereby submits its Monthly Fee Application for Allowance of Compensation and Reimbursement of Expenses for October 2003 (the "Application"). In support of this Application, Protiviti respectfully represents as follows:

### I.    COMPENSATION REQUESTED

1.    As set forth below, Applicant is requesting an interim allowance of fees in the aggregate amount of $52,727.50 and expenses in the aggregate amount of $4,821.56. These amounts represent the fees generated and expenses incurred by Protiviti during the month of October 2003 or in previous months, which were not previously included in a filing application. A table showing the names of all professionals who rendered services during the period, together with the billing rates of such persons and the number of hours charged by such persons during October 2003, is set forth on the cover sheet to this Application.

### II.    INTRODUCTION AND PROCEDURAL BACKGROUND

2.    On April 2, 2001 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses

4

**Fee Application Narrative**

and managing their properties and assets as debtors and debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.    By Order dated November 17, 2003, the Court authorized the Debtors' retention of Protiviti as Sarbanes Oxley Compliance Advisors, *nunc pro tunc* to June 30, 2003 (the "Retention Order").

### Relief Requested.

4.    By this Application, Protiviti respectfully requests allowing on an interim basis $52,727.50 in compensation and $4,821.56 in reimbursement of expenses for October 2003.  In support of this Application, Protiviti submits the time records attached hereto as Exhibit "A" and the expenses summaries attached hereto as Exhibit "B."

5.    This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue of these proceedings and this motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought herein are sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016.

6.    All of the services for which compensation is sought were rendered by Applicant to the Debtors solely in connection with this case and in furtherance of the duties and responsibilities of the Debtors and not on behalf of any creditor or other person.

7.    Applicant's hourly rates for its auditors and other professionals charged in connection with Applicant's services for the Debtors were commensurate with the rates Applicant customarily charged its clients (whether corporate or individual) in both bankruptcy and non-bankruptcy matters at the time the services were rendered.

8.    By order dated April 17, 2002 (the "Amended Administrative Order"), the Court has adopted procedures (the "Procedures") for all applications for interim compensation and

reimbursement of expenses in this bankruptcy proceeding. Applicant has complied with the Procedures and has instituted a standard timekeeping record system for all professionals in this case recording time in tenths of an hour, and describing tasks performed and the time attributable to each task.

9.      Applicant is not seeking reimbursement for internal charges, including costs associated with airline ticketing and general office services such as computer usage, telephone charges, facsimile transmissions, postage, and photocopying.

10.      None of the amounts requested have been paid. No payments have been made or promised to Applicant for the services described herein and for which Protiviti seeks compensation and reimbursement of expenses in this Fee Application. No agreement exists between Applicant and any other person or entity to share any compensation in connection with the Debtors' Chapter 11 cases.

11.      Pursuant to the Amended Administrative Order, Protiviti caused to be served copies of this Application upon (a) David B. Siegel, W.R. Grace & Co.; (b) co-counsel for the Debtors; (c) co-counsel to the debtor-in-possession lender; (d) counsel to the Committees, including counsel for the Official Committee of Unsecured Creditors; counsel to the Official Committee of Asbestos Property Damage Claimants; counsel to the Official Committee of Personal Injury Claimants; and the Official Committee of Equity Holders; (e) the Fee Auditor; and (f) the United States Trustee.

**III.    SERVICES RENDERED DURING THE INTERIM PERIODS**

12.      The nature of the work performed by Protiviti during October 2003 included the following:

13.      Sarbanes Oxley Compliance Advisory Services: The Applicant provided the following services:

6

   i. Continue pilot assessments in Valleyfield, Canada and Santiago, Mexico

   ii. Continue "close the books" assessment

## IV. ALLOWANCE OF COMPENSATION

  14. Under the Bankruptcy Code, professionals performing services in a bankruptcy case are entitled to "reasonable compensation for actual, necessary services" and "reimbursement for actual, necessary expenses." 11 U.S.C. §330(a)(l)(A).

  15. In determining if the amount of compensation is "reasonable", the courts consider the "nature, the extent, and the value" of the services rendered, taking into account the following factors: the time spent on the services; the rates charged for the services; whether the services were necessary or beneficial to the administration of the case; whether the services were performed in a reasonable amount of time commensurate with the complexity, importance, and nature of the services; and whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under Chapter 11. 11 U.S.C. § 330(a)(3)(A). As described throughout this Application, Protiviti has satisfied the relevant criteria to support the requested award of compensation.

  16. In general, the "baseline rule is for firms to receive their customary rates." Zolfo. Cooper & Co. v. Sunbeam-Oster Co.. Inc., 50 F.3d 253, 259 (3d Cir. 1995). The compensation sought herein is based on Protiviti's customary rates, which are in line with the customary rates charged by comparably skilled practitioners in cases other than cases under Chapter 11.

  17. Applicant's services have been rendered in an efficient manner by professionals who are experts in their fields. Protiviti is a well-respected consulting firm, and its rates are commensurate with its level of expertise.

  18. No prior application for the relief requested herein has been made.

**WHEREFORE,** Protiviti respectfully requests interim allowance of compensation in the amount of $52,727.50 and reimbursement of expenses in the amount of $4,821.56, together with such other and further relief as this Court deems just and proper.

Dated: December 28, 2003.

Protiviti Inc.

*Marie Hendrixson*

Marie Hendrixson
The Wanamaker Building
100 Penn Square East
4th Floor
Philadelphia, PA 19107
Telephone: 267-256-8800
Telecopy: 215-751-9892
Email: Marie.Hendrixson@Protiviti.com

8

reasonable inquiry, except as expressly stated to the contrary, the Application complies with the mandatory provisions set forth in the Amended Administrative Order.

   (c)  To the best of my knowledge, information, and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Administrative Procedures Guidelines.

   (d)  The fees and disbursements for which reimbursement is sought in this Application are billed at rates and in accordance with practices customarily employed by Protiviti and generally accepted by the clients of Protiviti.

   (e)  Protiviti does not make a profit on the expenses for which it seeks reimbursement in the Application.

   (f)  In charging for a particular service, Protiviti does not include in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment, or capital outlay.

   (g)  In seeking reimbursement for a service, which Protiviti justifiably purchased from a third party, Protiviti requests reimbursement only for the actual amount billed to Protiviti by the third party vendor and paid by Protiviti to such vendor.

*Marie Hendrixson*
_____
Marie Hendrixson

Dated: December 28, 2003
    Philadelphia, PA

2