**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. Grace & Co., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Related Docket No. 4951** |

**OPPOSITION OF D.K. ACQUISITION PARTNERS, L.P.,
FERNWOOD ASSOCIATES, L.P. AND DEUTSCHE BANK TRUST
COMPANY AMERICAS TO W.R. GRACE'S OBJECTION TO AND MOTION
TO STRIKE CERTAIN EXHIBITS CONTAINED IN THE JOINT APPENDIX**

**KLEHR, HARRISON, HARVEY,
BRANZBURG & ELLERS LLP**
919 Market Street, Suite 1000
Wilmington, DE 19809-3062
(302) 426-1189

**WILLKIE FARR & GALLAGHER LLP**
787 Seventh Avenue
New York, NY 10019
(212) 728-8000

- 1 -

PHIL1 555127-1

**PRELIMINARY STATEMENT**

D.K. Acquisition Partners, L.P., Fernwood Associates, L.P. and Deutsche Bank Trust Company Americas (collectively, the "Grace Movants"), hereby respectfully submit this opposition to W.R. Grace & Co. et al.'s ("Grace") *Objection to and Motion to Strike Certain Exhibits Contained in the Joint Appendix* (the "Grace Motion To Strike"). Specifically, the Grace Movants object to the Grace Motion To Strike to the extent it seeks to strike from the Joint Appendix, or from the record submitted by the Grace Movants in support of their Motion to Disqualify the District Court (the "Disqualification Motion"), the Affidavit of Anthony Yoseloff, sworn to January 5, 2004 (the "Yoseloff Affidavit) or the notes attached thereto (the "Yoseloff Notes").[1]

**RELEVANT BACKGROUND**

One day after the Third Circuit issued its Opinion, this Court vacated the stay of discovery relating to the recusal motions and set a discovery scheduling conference for December 23, 2003. Prior to that conference, the various movants, including the Grace Movants, served discovery requests (and subpoenas) on a number of parties with information relevant to the recusal motions. (JA-2268-2404.) Those requests included a request for the deposition of Grace and Grace's Counsel, David Bernick. (See Grace Subpoena, Scoliard Dec. Ex. A; Bernick Subpoena, Scoliard Dec. Ex. B.)[2] At the hearing on December 23, 2003, the Court, apparently without having read the subpoenas, issued a blanket order quashing all

---

[1] By limiting their opposition to the portion of the Grace Motion To Strike relating to the Yoseloff Affidavit and Yoseloff Notes, the Grace Movants do not waive any right to respond to any other of Grace's objections. The Grace Movants believe that all of Grace's objections are unfounded, and that the District Court's rulings with respect to certain documents, or portions of documents, that it deemed subject to a "settlement privilege" are incorrect.

[2] References to "Scoliard Dec. Aff. Ex. __" are to the exhibits attached to the Declaration of Jennifer Scoliard, dated January 24, 2004

- 1 -

PHIL1 555127-1

discovery requests served by movants, including the Grace and Bernick Subpoenas. (See JA-2406.) Thus, the Grace Movants sought, but were denied, deposition discovery relating to *ex parte* contacts between the Court and Grace or Grace's counsel.

On December 24, 2003, the District Court ruled on the movants' and respondents revised requests, limiting the scope of several requests and denying many outright, and also permitting discovery of movants and certain other parties supporting recusal. (See JA-2408-2490.) Included in this ruling was a denial of respondents' request to depose and obtain documents from the Grace Movants and their counsel. (Id.) While the Court was delivering its ruling, Grace's counsel renewed its request for, among other things, the deposition of the Grace Movants and their counsel; that request was again denied. (Id.)

Several days later, Grace again asked the Court to reconsider its request for such discovery. This time, the Court granted Grace's request, and, on Tuesday, January 6, 2004, ordered that the Grace Movants produce documents by Friday January 9, 2004, and also make available for deposition on Monday, January 12, 2004 a "person most knowledgeable" from the Grace Movants, and Grace's counsel, Richard Mancino of Willkie Farr & Gallagher LLP. (See Order date January 6, 2004, Scoliard Dec. Ex. C)

On January 9, 2004, the Grace Movants produced documents as ordered. Included within that production were two pages of handwritten notes taken by Anthony Yoseloff, a partner at D.K. Acquisition Partners -- one of the Grace Movants, memorializing a conversation he had with David Siegel, Grace's General Counsel. (Yoseloff Notes, JA-2092.) Among other things, the notes recounted the knowledge Mr. Siegel had obtained when he first learned that C. Judson Hamlin was being considered as a potential Futures representative in

Grace, including that Mr. Hamlin, one of the Court's Five Advisors[3], "was pretty much doing whatever the PI guys asked of him." (Id.) In addition, the Yoseloff Notes disclosed that Mr. Siegel was "going to pass" on seeking to have Mr. Hamlin appointed as the Grace Futures representative until "[Judge] Wolin called Bernick [Grace's counsel] [and] told Bernick Hamlin was a good guy and told him to select him." (Id.)

Despite thrice having asked for the depositions of the Grace Movants and their counsel, after Grace received the Yoseloff Notes and the other documents provided by the Grace Movants, Grace decided to withdraw its request for these depositions. (See Withdrawal Letter, Scoliard Dec. Ex. D.) Thus, although Grace had the opportunity to test the veracity of these notes, it chose not to do so. Then, at the oral argument before the District Court on January 16, 2004, Grace's counsel asked that the Yoseloff Affidavit and Notes, the contents of which clearly relate to the very matters at issue in the Disqualification Motion, be struck from the record. (Transcript of 1/16/04 Oral Argument, at 93, Scoliard Dec. Ex. E.) While he did not deny the veracity of the notes or assert that they did not accurately portray what the Court had said to him or what he said to his client, Grace's counsel argued that the notes were hearsay. (Id.)

For the reasons discussed below, however, neither the Yoseloff Affidavit nor the Yoseloff Notes are inadmissible hearsay, and neither should be struck from the Joint Appendix or the record submitted by the Grace Movants in support of their Disqualification Motion.

---

[3]  Unless otherwise defined, all capitalized terms shall have the same meaning ascribed to them in the *Memorandum Of Law In Further Support Of Motion Of D.K. Acquisition Partners, L.P., Fernwood Associates, L.P. And Deutsche Bank Trust Company Americas To Disqualify The Honorable Alfred M. Wolin, United States District Judge, From Further Participation In These Jointly Administered Cases*.

- 3 -

**ARGUMENT**

I.   **The Yoseloff Notes Are Not Inadmissible Under Federal Rule Of Evidence 802**

First, the Yoseloff Notes themselves are a business record and, as such, fall within the hearsay exception laid out in Rule 803(6) of the Federal Rules of Evidence, commonly referred to as the business records exception. "The business records exception permits admission of documents containing hearsay provided foundation testimony is provided by 'the custodian or other qualified witness,' that (1) the declarant in the records had personal knowledge to make accurate statements; (2) the declarant recorded the statements contemporaneously with the actions that were the subject of the reports; (3) the declarant made the record in the regular course of the business activity; and (4) such records were regularly kept by the business." United States v. Blackwell, 954 F. Supp. 944, 973-74 (D.N.J. 1997) (quoting United States v. Pelullo, 964 F.2d 193, 201 (3d Cir. 1992)). The Yoseloff Notes themselves meet the requirements of this exception.

Mr. Yoseloff's sworn affidavit establishes that the Yoseloff Notes were made by him, contemporaneously with the conversation that they reflect, and that the notes were taken, and kept, in the regular course of his business activity. (See Yoseloff Aff. ¶ 5 ("My contemporaneous notes of this conversation, made and kept as regular practice of my business activity, are attached hereto as Exhibit A."), JA-2897.) As such, the Yoseloff Notes themselves fall within the business records exception to the hearsay rule and are not excluded by Rule 802.

Second, the statements within the Yoseloff Notes, which Grace has asserted are hearsay within hearsay, are, in fact, not hearsay. Indeed, the statements in the Notes by both Mr. Siegel and Mr. Bernick, lawyers who work for and represent Grace, are admissions by a party opponent and, therefore, are excluded from the definition of hearsay by Rule 801(d)(2) of the

- 4 -

Federal Rules of Evidence. That rule provides that, "statements offered against a party," that are either "the party's own statement" or a statement by a party's agent," are <u>not</u> hearsay. Fed R. Evid. 801(d)(2); <u>Savarese v. Agriss</u>, 883 F.2d 1194, 1201 (3d Cir. 1989) ("[S]tatements made out of court by a party-opponent are universally deemed admissible when offered against him . . . [as] he can hardly be heard to complain that he cannot cross-examine himself as to his own utterances.") (citations omitted).

Here, both Mr. Siegel's statements regarding his concerns about the neutrality of Mr. Hamlin and Mr. Bernick's statements regarding the Court's intervention in having Grace seek Mr. Hamlin's appointment as Futures' representative, are being offered against Grace. Indeed, the statements clearly refute positions taken by Grace in opposition to the Grace Movants' Disqualification Motion. Further, there can be no reasonable dispute that, at the time the statements were made by both Mr. Siegel and Mr. Bernick, they were acting on behalf of and as agents of Grace. Clearly, therefore, Grace's contention that the contents of the Yoseloff Notes, which are party admissions, are hearsay-within-hearsay is without merit.

<u>Finally</u>, even if the contents of the Yoseloff Notes somehow were not deemed an admission by a party-opponent, and were, therefore, considered hearsay, the contents of the Notes nevertheless would fall under the hearsay exception laid out in Rule 807 of the Federal Rules of Evidence. Rule 807 provides that statements that otherwise are hearsay are nevertheless not subject to Rule 802's exclusion if: "(A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which is it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the

- 5 -

statement into evidence." Fed. R. Evid. 807.  The statements in the Yoseloff Notes satisfy each of these requirements.

As an initial matter, there can be little doubt that the contents of the Yoseloff Notes are evidence of a material fact.  The basic premise underlying the Grace Movants' motion to disqualify the Court is that the Court's use of an *ex parte* regime of managing these cases, and its appointment of conflicted advisors, mandates disqualification under 28 U.S.C. §§ 455(a) and (b).  Clearly, evidence showing that Grace believed one of the Court's Advisors "was pretty much doing whatever the PI guys asked of him," and that, despite its belief, Grace decided to seek his appointment as Futures representative because its counsel had been directed or urged to do so in an *ex parte* communication from the Court, is material to the Disqualification Motion, and the appearance or existence of impartiality or bias.

Further, the Yoseloff Notes are more probative on the point for which they are offered than any other evidence which the Grace Movants have been able to procure through reasonable efforts.  Indeed, though the Grace Movants sought direct testimony from Grace and Mr. Bernick, their request for such testimony was resisted by Grace and denied by the Court.  And, the Court also denied movants' requests for discovery from the Court itself concerning *ex parte* communications.  (JA-2405-2507.)  Thus, not only are the Yoseloff Notes the most probative evidence relating to Grace's views concerning Mr. Hamlin's conflicts and the Court's involvement in Grace's application to have Mr. Hamlin appointed Futures' representative, but, because of Grace's conduct and the Court's rulings, they are the <u>only</u> such evidence.  The

Court's decision to strike from the record the only evidence that the Grace Movants have been permitted to obtain on this point, therefore, would be the ultimate irony, and injustice.[4]

Finally, admission of the Yoseloff Notes would serve the general purposes of the Federal Rules of Evidence and the interests of justice. As the Rules themselves make clear, the purpose of the Federal Rules of Evidence is to, among other things, "promot[e] [the] growth and development of the law of evidence to the end that <u>truth may be ascertained and proceedings justly determined</u>." Fed. R. Evid. 102 (emphasis added). Where, as here, the issues before the Court concern the conflicting roles and involvement in these cases of the Five Advisors, fairness of the proceedings before the Court, and the appearances of bias or partiality that *ex parte* communications have created, this evidence which bears directly on such issues must be considered. The goal of ascertaining the truth, and laying bare all the facts underlying the Court's handling of these cases, is, therefore, never more pressing or essential. Allowing the Yoseloff Notes -- the accuracy of which no one publicly has challenged -- to remain in the record, and dealing with the matters disclosed by those notes rather than sweeping them under the rug, is the <u>only</u> way that the truth here can <u>be ascertained and these proceedings justly determined</u>. The Yoseloff Notes clearly fall within the exception spelled out in Rule 807.

II.     **The Yoseloff Affidavit Also Should Not Be Struck From The Record.**

The Yoseloff Affidavit also should not be struck from the Joint Appendix or the record filed in support of the Grace Movants' Disqualification Motion. The first three paragraphs of that Affidavit contain nothing more than background statements by Mr. Yoseloff. (JA-2897-2900.) While the fourth and fifth paragraph of the Affidavit do contain a summary of

---

[4]     Further, having had, and deliberately abandoned, the opportunity to test the veracity of the Yoseloff Notes, Grace should not now be heard to complain regarding their admissibility.

certain portions of what is recorded in the Yoseloff Notes, for the same reasons discussed above with respect to the notes themselves, those statements either are not hearsay pursuant to Rule 801(d)(2), or fall within the exception to the hearsay rule laid out in Rule 806. As such, no portion of the Yoseloff Affidavit should be struck.

*[This space intentionally left blank]*

**CONCLUSION**

For all the foregoing reasons, the Grace Movants respectfully submit that the motion by W.R. Grace to strike certain exhibits contained in Joint Appendix be denied.

Dated: January 24, 2004

        **KLEHR, HARRISON, HARVEY, BRANZBURG & ELLERS LLP**

        By:    */s/ Jennifer L. Scoliard*
              Joanne B. Wills (#2357)
              Jennifer L. Scoliard (#4147)
              919 Market Street, Suite 1000
              Wilmington, DE 19809-3062
              (302) 426-1189

        **WILLKIE FARR & GALLAGHER LLP**
        Richard Mancino
        Marc Abrams
        Christopher J. St. Jeanos
        Nisha Menon
        787 Seventh Avenue
        New York, NY 10019
        (212) 728-8000

        Counsel for D.K. Acquisition Partners, L.P., Fernwood Associates, L.P. and Deutsche Bank Trust Company Americas