# EXHIBIT A

Dec. 22, 2003

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF     NEW JERSEY

| In re Owens Corning; | SUBPOENA IN A CIVIL CASE |
|---|---|
| In re W.R. Grace; In re USG Corp. | Case Number:[1] Nos. 00-3837 to 00-3854<br>01-1139 to 01-1200<br>01-2094 to 01-2104<br>(Bankr. D. Del.) |

TO: W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. Fed. R. Civ. P. 30(b)(6)

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Esquire Deposition, 401 Pratt St., Baltimore, MD 21202 | Jan. 16, 2004, 9:30am |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects)

See attached

| PLACE | DATE AND TIME |
|---|---|
| Esquire Deposition, 401 Pratt St., Baltimore, MD 21202 | Dec. 29, 2003, 9:30am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify Federal Rules of Civil Procedure. 30(b)(6)

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Arnon D Siegel for Kensington et al. | Dec. 22, 2003 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Arnon Siegel    Robbins, Russell, Englert, Orseck & Untereiner LLP    (202) 775-4500
1801 K St, NW, Suite 411
Washington, DC 20006

(See Rule 45, Federal Rules of Civil Procedure Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number

AO88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D
(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance.
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

**Attachment A [Grace Subpoena]**

Definitions

1. All definitions and rules of construction set forth in the Local Rules of the United States Bankruptcy Court for the District of Delaware and the Federal Rules of Civil Procedure shall apply to each command for production of the documents designated below.

2. "All" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

3. "*Combustion Engineering*" refers to *In re Combustion Engineering, Inc.*, No. 03-10495 (JKF) (Bankr. D. Del.).

4. "Debtors" refers to debtors and debtors in possession.

5. "Document" (in all its forms) means all written, reported, recorded, pictorial, or graphic matter, however produced or reproduced, that are in your possession, custody or control, including, but not limited to, all letters, telegrams, telexes, cables, word processing files, telephone records and notations, invoices, ledgers, journals and other formal and informal books of record and account, minutes, bulletins, instructions, financial statements, photographs, reports, memoranda, notes, notebooks, electronic mail, voice mail, drafts, worksheets, contracts, agreements, computer data, tape recordings, videotapes, transcriptions, intra-company drafts of the foregoing items, and copies or reproductions of the foregoing upon which notations in writing have been made which do not appear on the originals. A document is deemed to be in your possession, custody or control if you have the right to secure the document or a copy thereof from another person or public or private entity having actual physical possession thereof.

6. "Five Asbestos Cases" refers to the following cases pending in the United States Bankruptcy Court for the District of Delaware: *In re Armstrong World Industries, Inc. et al.*, Nos. 00-4471, 00-4469, 00-4470; *In re W.R. Grace & Co. et al.*, Nos. 01-1139 through 01-1200; *In re Federal-Mogul Global, Inc., T&N Limited, et al.*, Nos. 01-10578 *et al.*; *In re USG Corp. et al.*, Nos. 01-2094 through 01-2104; *In re Owens Corning, et al.*, Nos. 00-03837 *et al.*

7. "Futures Representative" refers to the legal representative appointed pursuant to section 524(g) of the Bankruptcy Code to represent the interests of present or future asbestos-related demands.

8. "*G-I Holdings*" refers to *In re G-I Holdings Inc.*, No. 01-30135 (RG) (Bankr. D.N.J.).

9. "Judge Wolin" refers to the Hon. Alfred Wolin, U.S. District Judge for the District of New Jersey, and to members of his staff, including law clerks, courtroom deputies, secretaries, and interns.

10. "Person" and "you" (in all their forms) mean W.R. Grace; any employee, officer or director of W.R. Grace; any agent of W.R. Grace; and any person or business, legal, or governmental entity or association that acts or has acted at your direction or control.

11. The use of the singular form of any word includes the plural and vice versa.

## Instructions

1. This subpoena is directed at the corporation. You have a duty under the Federal Rules of Civil Procedure to designate one or more officers, directors, managing agents, or other persons to testify on the corporation's behalf.

2. The person or persons you designate should be prepared to testify about (i) communications among or between Judge Alfred P. Wolin; David R. Gross; C. Judson Hamlin;

2

Francis E. McGovern, John E. Keefe, Sr., and William A. Dreier; and (ii) the potential or actual appointment of any individual as Futures Representative, or as counsel for any Futures Representative, in any of the Five Asbestos Cases.

3. You may set forth, for each person you designate, the matters on which the person will testify. The persons so designated shall testify about matters known to or reasonably available to the corporation.

4. Unless otherwise specified, the subpoena calls for documents created on or after October 5, 2000.

5. In responding to this subpoena, you are directed to furnish all responsive documents that are in your possession, custody or control at the time of the issuance of this subpoena.

6. The demands set forth in the subpoena are continuing in nature. If, after responding to the subpoena, you obtain or become aware of additional documents responsive to the subpoena such documents shall be produced promptly in accordance with these definitions and instructions.

7. The documents called for in this subpoena shall be organized and produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories set forth below. See Fed. R. Civ. P. 45(d)(1).

8. With respect to any requested document, or portion of a document, as to which you assert a claim of privilege or work product, provide the following information:

    a. The nature of the privilege claimed;

    b. A description of the nature of the document or portion of the document not produced that is sufficient to enable the parties to assess the existence and application of the claimed privilege;

3

    c.    The name, job title, work and home addresses, work and home telephone numbers, and capacity of each person who created the document;

    d.    The name, job title, work and home addresses, work and home telephone numbers, and capacity of each person to whom the document was directed;

    e.    The name, job title, work and home addresses, work and home telephone numbers, and capacity of each person who, at any time, has had possession, custody or control of the document;

    f.    The date the document bears and the date the document was created.

9.    When a claim is made that a portion of a document is protected from disclosure by a privilege, produce any and all non-privileged portions of the document, and provide the information described in Instruction 5 with respect to the redacted portion.

10.    If any document called for under this subpoena has been lost, misplaced or destroyed, identify for each such document

    a.    the date the document was prepared;

    b.    the identity of each person who prepared the document;

    c.    the content and information contained therein;

    d.    the date on which the document was lost, misplaced or destroyed;

    e.    the identity of all persons having knowledge or who had knowledge of the contents of the document; and

    f.    the identity of all persons having knowledge of the circumstances under which the document was lost, misplaced or destroyed.

4

## Documents Requested

1.     All documents that reflect, refer to, or relate to, any communication concerning (i) *G-I Holdings* or (ii) any of the Five Asbestos Cases, between or among you and any of the following individuals: Judge Alfred Wolin; David R. Gross; C. Judson Hamlin; William A. Dreier; John E. Keefe, Sr.; and Francis E. McGovern.

2.     Any and all documents relating to the appointment of a Futures Representative, or counsel for a Futures Representative, in *In re W.R. Grace & Co.*, No. 01-01139 (JKF) (Bankr. D. Del.).

3.     All documents that reflect, refer to, or relate to (i) the present motions for recusal of Judge Wolin or (ii) the Petitions for Writs of Mandamus that were filed in the present proceeding.