# EXHBIT B

AO88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS

In re W.R. Grace & Co., et al.,
In re USG Corp. et al.,
In re Owens-Corning, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] Nos. 01-1139 through 01-1200
Nos. 01-2094 through 01-2104
No. 00-03937

TO:
David M. Bernick, Esq.
Kirkland & Ellis, Aon Center, 200 East Randolph Drive, Chicago, Illinois 60610-6636

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Howrey Simon Arnold & White, 321 N. Clark Street - Suite 3400, Chicago, IL 60610 | January 8, 2004 at 10:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Exhibit A

| PLACE | DATE AND TIME |
|---|---|
| Howrey Simon Arnold & White, 321 N. Clark Street - Suite 3400, Chicago, IL 60610 | January 2, 2004 at 10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR
Attorneys for D.K. Acquisition Partners, L.P.
Fernwood Assoc., L.P.
Deutsche Bank Trust Company Americas

DATE
December 22, 2003

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Stephen D. Libowsky, Esq.
321 N. Clark Street - Suite 3400, Chicago, Illinois 60610-4714

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
            DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
  (i) fails to allow reasonable time for compliance;
  (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
  (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
  (iv) subjects a person to undue burden.
(B) If a subpoena
  (i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or
  (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
  (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
  (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
  (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT A

## DOCUMENT REQUESTS TO DAVID M. BERNICK, ESQ.

### DEFINITIONS

1. "Five Asbestos Cases" refers to the following cases pending in the United States District Court for the District of Delaware: *In re W.R. Grace & Co. et al.*, Nos. 01-1139 through 01-1200; *In re Armstrong World Industries, Inc. et al.*, Nos. 00-4471, 00-4469, 00-4470; *In re Federal-Mogul Global, Inc., T&N Limited, et al.*, Nos. 01-10578 et al.; *In re USG Corp. et al.*, Nos. 01-2094 through 01-2104; *In re Owens-Corning, et al.*, No. 00-03937.

2. "Grace" refers to *In re W.R. Grace & Co. et al.*, Nos. 01-1139 through 01-1200.

3. "G-I Holdings" refers to *In re G-I Holdings Inc.*, No. 01-30135 (RG) (Bankr. D.N.J.).

4. "Application" means the Application of Debtors Pursuant to 11 U.S.C. §§ 105, 327, and 524(g)(4)(B) for the Appointment of C. Judson Hamlin as Legal Representative for Future Claimants in *Grace*.

5. "Judge Wolin" refers to the Hon. Alfred Wolin, U.S. District Judge for the District of New Jersey, and to members of his staff, including law clerks, courtroom deputies, secretaries, and interns.

6. "Debtors" refers to debtors and debtors in possession.

7. "Petitioners" refers to D.K. Acquisition Partners, L.P., Fernwood Associates, L.P. and Deutsche Bank Trust Company Americas.

8. "You" or "your" refers to David M. Bernick, Esq.

9. "Kirkland" refers to Kirkland & Ellis, including, without limitation, all partners, counsel, and associates of any Kirkland office.

10. "All" and "each" shall be construed as all and each.

11. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these document requests any information which might otherwise be construed to be outside their scope.

12. The use of the singular form of any word includes the plural and vice versa.

13. "Concerning" means relating to, referring to, describing, evidencing, constituting or in any way factually related to.

14. "Documents" shall have the broadest possible meaning including, but not limited to, timesheets, billing records, expense reports, papers, memoranda, reports, notes, correspondence, and electronic or other computerized information or data. A draft or non-identical copy (or which, by reason of subsequent modifications, including but not limited to underlining, showing of blind copies, crossing out, initials, comments, signatures, documents attached, clipped or stapled or referring thereto, etc., are no longer identical) is a separate document within the meaning of this term and each shall be produced.

## INSTRUCTIONS

1. Unless otherwise specified, the subpoena calls for documents created on or after April 1, 2001.

2. In responding to this subpoena, you are directed to furnish all responsive documents available at the time of production, and to supplement your responses whenever necessary, in accordance with the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure.

3. The documents produced shall be organized and labeled so as to correspond with the categories of this request, as set forth in the numbered paragraphs below, or shall be produced as they are kept in the ordinary course of business.

4. If any documents requested are claimed to be privileged, please list the following for each document so claimed:

    a. A description of the nature and contents of the document claimed to be privileged;

    b. The name, job title, and capacity of the person from whom the supposedly privileged document emanated and to whom the supposedly privileged document was sent, including any cc:'s;

    c. The date the document bears or was created, or both; and

    d. The nature of the privilege claimed.

5. When a claim is made that a portion of a document is protected from disclosure by a privilege, any non-privileged portions of the document shall be produced.

## DOCUMENTS REQUESTED

1. With respect to the Five Asbestos Cases and *G-I Holdings*, any and all documents concerning any communications with, between, or among you or Kirkland and Judge Wolin.

2. With respect to the Five Asbestos Cases and *G-I Holdings*, any and all documents submitted by you or Kirkland to Judge Wolin, or received by you or Kirkland from Judge Wolin.

3. With respect to the Five Asbestos Cases and *G-I Holdings* case, any and all documents concerning communications with, between, or among you or Kirkland and one or more of the following individuals: David R. Gross, Esq.; C. Judson Hamlin, Esq.; William A. Drier, Esq., John E. Keefe, Esq., or Professor Francis E. McGovern.

4. With respect to the Five Asbestos Cases and *G-I Holdings*, any and all documents submitted by you or Kirkland to David R. Gross, Esq.; C. Judson Hamlin, Esq.; William A. Drier, Esq., John E. Keefe, Esq., or Professor Francis E. McGovern, or received by you or Kirkland from any of those individuals.

5. With respect to the Five Asbestos Cases and *G-I Holdings*, any and all documents concerning communications with, between, or among you or Kirkland and any party, counsel, or representative of any party involved in any one of the Five Asbestos Cases or *G-I Holdings*.

6. With respect to the Five Asbestos Cases and *G-I Holdings*, any and all documents submitted by you or Kirkland to any party or counsel involved in any one of the Five Asbestos Cases or *G-I Holdings*, or received by you or Kirkland from any party or counsel involved in any one of the Five Asbestos Cases or *G-I Holdings*, and not also provided to Petitioners or their counsel or filed with the court.

7. Any and all documents concerning any communications with, between, or among you, Kirkland, and Judge Wolin, including, but not limited to, documents concerning the subject of Judge Wolin's potential future employment in the private sector and documents regarding entertainment, travel, and conferences with Judge Wolin.

8. Any and all documents concerning any individual considered as a potential legal representative for future asbestos claimants in any one of the Five Asbestos Cases or *G-I Holdings*.

9. Any and all documents concerning the Application and/or the decision to seek to have C. Judson Hamlin appointed as legal representative for future asbestos claimants in *Grace*.

10. Documents concerning any discussions between or among you and/or Kirkland and the various creditors' committees and/or their respective legal and financial advisers with respect to an appropriate legal representative for future asbestos claimants in *Grace*.

11. Documents reflecting and relating to the consideration given by you to potential candidates for legal representative for future asbestos claimants, and for counsel to such legal representative.

12. With respect to the Five Asbestos Cases, any and all documents concerning any one or more of the following subjects: (a) the establishment of a bar date for filing claims for present or future asbestos-related injuries against the Debtor; (b) the estimation or other calculation, quantification, or liquidation of claims for asbestos-related injuries; and (c) the substantive consolidation of any Debtor or any Debtor's estate with any other entity or entity's estate.

5