# Exhibit 1

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | Re: Docket Nos. 4951 and 4983 |

## W.R. GRACE'S REPLY IN SUPPORT OF ITS OBJECTION TO AND MOTION TO STRIKE CERTAIN EXHIBITS CONTAINED IN THE JOINT APPENDIX FILED JANUARY 20, 2004

In further support of its Objection and Motion to Strike Certain Exhibits Contained in the Joint Appendix Dated January 20, 2004, W.R. Grace ("Grace") replies, briefly, to the January 24, 2004 opposition submitted by D.K. Acquisition Partners, L.P. et al (hereinafter "D.K.") as follows:

**First**, nothing in D.K.'s papers cures the fundamental flaw in the handwritten notes and accompanying affidavit that D.K. seeks to offer as Exhibits 84 and 117: These exhibits contain

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

no fewer than **five** layers of hearsay within hearsay. Specifically, Mr. Yoseloff purports to testify in his affidavit as to what his handwritten notes reflect that Mr. Siegel told Mr. Yoseleff that Mr. Bernick had previously told Mr. Siegel that Judge Wolin had told him. *Each* layer of hearsay within hearsay must be cured in order for the underlying notes to become admissible. Fed. R. Evid. 805 ("Hearsay included within hearsay is not excluded under the hearsay rule *if each part of the combined statements* conforms with an exception to the hearsay rule provided in these rules."). No testimony of Mr. Yoseloff -- or argument in D.K.'s brief -- even purports to cure *all* 5 layers of hearsay in these exhibits. As an example, Mr. Yoseloff's attempt to squeeze his memorandum into the business records exception of Rule 803(6) -- even if true, which Grace denies[2] -- would still not cure *all* of the multiple layers of hearsay within hearsay in the handwritten notes.

**Second,** contrary to the assertion in D.K.'s papers, none of the purported discovery identified by D.K. would cure the multiple hearsay problem. (*Cf.* Opp. Br. at 1-3.) At their root, the notes purport to state what -- four people down the line -- Judge Wolin supposedly stated. Only a deposition of the Court could cure that. No deposition of the Grace movants or its counsel Wilkie Farr & Gallagher speaks to the hearsay within hearsay problem at all: no one there would be competent to speak to what was purportedly said by the Court. A deposition of Grace's General Counsel Mr. Siegel would still contain multiple layers of hearsay. And even deposition of Mr. Bernick would still relay only hearsay as to what, if anything, the Court might

---

[2] The notion that an attorney, by taking notes of a conversation with a third party, could overcome the hearsay rules by transforming that conversation into a "business record" would turn the rules of evidence on their head. As the classic example, the Advisory Committee Notes to Rule 803(6) note that a railroad accident report was not 'in the regular course of business' of the railroad, but rather was "prepared for use in litigating, not railroading," and was thus inadmissible. Plainly, *even the first level of hearsay here,* Mr. Yoseloff's notes themselves, do not fall within the business records exception to the hearsay rule, let alone all the multiple layers of hearsay contained in those notes.

2

have said. Thus, D.K.'s citation of the discovery previously sought of Grace and Grace's counsel -- and by Grace -- is utterly irrelevant. In any event, the fact that over-reaching discovery may have been denied by the Court is hardly a cure to hearsay problems. Otherwise, any party denied discovery in any case could simply attempt to offer 'hearsay' evidence at trial in its stead, which obviously is not permitted. More simply put, Grace is unaware of a 'denial of discovery' exception to the hearsay rules.

**Third**, contrary to the assertion in D.K.'s papers, the admission of party-opponent exception provides no cure for the multiple layers of hearsay. Grace is *not* a party opponent to D.K. Recall that Grace *responded* to D.K.'s motion, it did not *oppose* it. As set out in Grace's response to D.K.'s motion to recuse:

> This brief attempts to set out the resulting record, including the full context in which this Court has acted. By contrast, Grace consistently has left to others the ultimate issue of what legal standard should be applied to those facts. Again, in these proceedings, and in this brief, Grace seeks to delineate the unique legal issues that must be analyzed and *does not take a position* on what the appropriate legal standard is. (W.R. Grace's Amended *Response* to the Motion of D.K. Acquisition Partners, L.P. et al. to Disqualify the Honorable Alfred M. Wolin at 2, emphasis added)

Even if Grace were a party-opponent as to D.K., which Grace denies, that would still not cure the multiple layers of hearsay in Exhibits 84 and 117: Judge Wolin is not a party-opponent as against Mr. Bernick, who in turn is not a party-opponent as against his own client, Mr. Siegel. Thus, the 'admission of party opponent rule' could only conceivably cure a direct statement from Mr. Siegel *to* Mr. Yoseloff: It does not cure the multiple hearsay within hearsay statements that Mr. Siegel was supposedly relaying, and it does not cure the hearsay of Mr. Yoseloff's *writing* (in his notes and his affidavit) what Mr. Siegel supposedly told him.

**Fourth**, the Yoseloff affidavit and accompanying notes do *not* fall within the hearsay exception of Rule 807. While purporting to spell out rule 807 in full in its papers, Opp. Br. at 5-

3

6, D.K. omits critical language from that rule: "However, *a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing* to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the declarant." Fed. R. Evid. 807. Here, Grace is adverse to the admission of this hearsay statement[3] and was offered *no* advance notice that D.K. was going to offer it: Indeed, the Yoseloff affidavit is *dated January 15, 2004*, the day it was offered by D.K. in its papers. While D.K.'s opposition papers spell out at length the discovery process that began in December 2003, D.K. does not and cannot state that it *ever* offered anyone advance notice that it would be offering the handwritten notes or accompanying affidavit into evidence. Further, even without the advance notice requirements of Rule 807, it can hardly be the case that *five* layers of hearsay should properly fall into an exception permitted by Rule 807.

---

[3] Note, too, that the reference in Rule 807 to providing notice to an "*adverse party*" is not as limiting as Rule 801's exception to the hearsay rule for "admission[s] by *party opponent*." This makes sense since even aligned parties may have disagreements as to the proper scope of evidence that should be admitted at trial.

**WHEREFORE** for the reasons stated above and in W.R. Grace's Objection and Motion to Strike Certain Exhibits Contained in the Joint Appendix Filed January 20, 2004, Grace respectfully requests that its motion to strike Exhibits 67, 68, 84, 88, 117 and 145 be granted.

Dated: January 27, 2004

Respectfully submitted,

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Michelle H. Browdy
Janet Baer
Samuel Blatnick
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

KIRKLAND & ELLIS LLP
Christopher Landau
655 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 879-5000

and

PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.

/s/ Laura Davis Jones

Laura Davis Jones (Bar No. 2436)
David W. Carickhoff, Jr. (Bar No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for the Debtors and Debtors in Possession

5