**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., et al., | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

**FEE AUDITOR'S FINAL REPORT REGARDING**
**FEE APPLICATION OF PACHULSKI, STANG, ZIEHL,**
**YOUNG, JONES & WEINTRAUB P.C. FOR THE TENTH INTERIM PERIOD**

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the <u>Interim Fee Application of Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C. for the Tenth Interim Period</u>.

**BACKGROUND**

1.      Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C. ("Pachulski") was retained as local counsel to the debtors.  In the Application, Pachulski seeks approval of fees totaling $63,356.00 and costs totaling $81,484.14 for its services from July 1, 2003, through September 30, 2003.

2.      In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued January 30,

**FEE AUDITOR'S FINAL REPORT** - Page 1
wrg FR Pachulski 10int 7-9.03.wpd

1996, (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals.  We served on Pachulski an initial report based on our review, and received a response from Pachulski, portions of which response are quoted herein.

## DISCUSSION

3.    In our initial report, we noted one instance in which PAG ($235) appears to have duplicate time entries for a total overcharge of $23.50 in fees.

| Date | | Description | Hours | Amount |
|---|---|---|---|---|
| 07/02/03 | PAG | Telephone call from J. Butcher regarding filing of motion for summary judgment | 0.10 | $23.50 |
| 07/02/03 | PAG | Telephone call from J. Butcher regarding filing of motion for summary judgment | 0.10 | $23.50 |

The U.S. Bankruptcy Code § 330 (4)(A)(i) states, "[e]xcept as provided in subparagraph (B), the court shall not allow compensation for – (i) unnecessary duplication of services;..."  We asked Pachulski to explain this apparent duplication.  Pachulski responded as follows:

> As Paula Galbraith is no longer with the firm, I have no way of verifying whether the entry is duplicative. As such, we are willing to consent to the proposed reduction of $23.50 in connection therewith.

We appreciate the response and thus recommend a reduction of $23.50 in fees.

4.    We noted that Pachulski seeks reimbursement for a meal expense totaling $44.00 for which additional detail is needed.

| Date | | Description | Amount |
|---|---|---|---|
| 07/28/03 | BM | Business Meal– Cavanaugh's Restaurant. (LDJ) | $44.00 |

The Guidelines Paragraph, II.E.3. states, "[f]actors relevant to a determination that the expense is proper include the following:...3. [w]hether applicant has provided a detailed itemization of all

**FEE AUDITOR'S FINAL REPORT** - Page 2
wrg FR Pachulski 10int 7-9.03.wpd

expense including the date incurred, description of expense (e.g., type of travel, type of fare, rate, destination), method of computation, and where relevant, name of the person incurring the expense and purpose of the expense..." We asked Pachulski to provide additional information, including the number of diners and which meal this represents, so that we might further assess the reasonableness of this expense. Pachulski responded as follows:

> The second issue was for an expense of $44 for a business meal from Cavanaugh's. This was not a meal for one person. It was for lunch on a hearing date (July 28, 2003) and would have been sandwiches for counsel, co-counsel and the client (given the dollar amount it looks like lunch for five people). As such, we think that this expense was reasonable and that we should be reimbursed for it.

We accept this explanation and have no objection to this expense.

## CONCLUSION

5.  Thus, we recommend approval of fees totaling $63,332.50 ($63,356.00 minus $23.50) and costs totaling $81,484.14 for Pachulski's services from July 1, 2003, through September 30, 2003.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
      Warren H. Smith
      Texas State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 4080
Dallas, Texas 75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 28th day of January, 2004.

_____
      Warren H. Smith

## SERVICE LIST
### Notice Parties

**The Applicant**

Laura Davis Jones
Patty Cuniff
PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)

**The Debtors**

David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**

James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**

Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**

Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**

Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE  19801

FEE AUDITOR'S FINAL REPORT - Page 5
wrg FR Pachulski 10int 7-9.03.wpd

**Official Committee of Equity Holders**

Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**

Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801