IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 01-01139 (JKF) |
| W.R. GRACE & CO., et al., | ) | Jointly Administered |
| | ) | |
| Debtor. | ) | Chapter 11 |
| | ) | |

**ROYAL INDEMNITY COMPANY'S BRIEF IN RESPONSE TO DEBTOR'S BRIEF OUTLINING "EXCUSABLE NEGLECT STANDARD" WITH REGARD TO MISTAKES OF LAW (D.I. 4901) AND IN FURTHER SUPPORT OF ROYAL'S MOTION FOR LEAVE TO FILE A LATE PROOF OF CLAIM (D.I. 4667)**

Royal Indemnity Company ("Royal"), by and through its undersigned counsel, respectfully submits this Brief in response to the Debtor's Brief Outlining the Application of the "Excusable Neglect Standard" to Mistakes of Law Regarding Royal's Motion to File a Late Proof of Claim.[1]

**PRELIMINARY STATEMENT**

1. Grace's attempt to invoke what is essentially a *per se* rule prohibiting a late filed proof of claim caused by an alleged mistake of law cannot be squared with the controlling case law. As more fully discussed herein, a "mistake of law" is not a determinative factor when evaluating excusable neglect under the equitable standard established by the United States Supreme Court in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395, 113 S.Ct. 1489, 1498 (1993). Nor has such a bright-line, *per se* test ever been adopted by the Third Circuit Court of Appeals. In fact, both *Pioneer* and the Third Circuit have expressly rejected any *per se* rule when applying the excusable neglect standard. Indeed, in

---

[1] Unless otherwise defined, all capitalized terms used herein are intended to have the meaning ascribed to such terms in Royal's prior Motion papers.

651111.1

accordance with *Pioneer*, the Third Circuit has *never* distinguished a "mistake of law" from any other mistake, but instead instructs that whether the neglect is excusable must be viewed under a totality of the circumstances test.

2.   In this regard, the case law cited by Grace is either inapposite or simply not controlling within the Third Circuit. Much of the case law cited by Grace is pre-*Pioneer*. And, the post-*Pioneer* cases cited by Grace are inherently conflicted and inconsistent. Further, almost all of the cases cited by Grace to support its purported *per se* mistake of law rule involve outside counsel who perhaps should have know better. Regardless of whether the mistake made here by Royal can be construed as one of law or fact, it is undisputed that Grace failed to send the Bar Date Notice to Royal's outside counsel notwithstanding this Court's directives that it do so in the Bar Date Order. Had Royal's outside counsel received the Bar Date Notice, any mistake made by Royal would have been corrected.

3.   Grace's focus on the alleged mistake of law by Royal – rather than its own admitted mistake -- misapplies the *Pioneer* factors and fails to rebut the fact that Royal readily satisfies the criteria for excusable neglect as established by the controlling case law in the Third Circuit. Quite simply, granting Royal's motion will not cause any prejudice to Grace or any other party given that no plan of reorganization has yet to even be filed, let alone confirmed, and Grace is still in the early stages of its claim resolution process. Moreover, Royal's good faith basis for filing this motion remains unchallenged. Accordingly, this Court should disregard Grace's efforts to create a new *per se* rule within the Third Circuit and instead grant Royal's motion for leave to file a late proof of claim.

--651111.1

## ARGUMENT

A    **A "Mistake Of Law" Analysis Is Not Required When Considering Excusable Neglect For Late Proofs Of Claim**

4.    Grace asserts that Royal's failure to timely file a proof of claim prior to the Bar Date is "a mistake of law" and therefore ineligible for any consideration under the "excusable neglect" standard. [Grace Supp. Brief, at ¶¶ 2, 3]. Grace's assertion is merely an attempt to create an issue where none exists. Grace cites a litany of cases -- *none* of which are within the Third Circuit -- in support of its position that "a mistake of law may never constitute excusable neglect." [Grace Supp. Brief, at ¶¶ 3, 4, 6]. Amongst others, Grace cites to *Advanced Estimating System v. Riney* 130 F.3d 996 (11th Cir. 1997), *Kyle v. Campbell Soup Co.*, 28 F.3d 928 (9th Cir. 1994), *Speiser, Krause & Madole P.C. v. Ortiz*, 271 F.3d 884, 886 (9th Cir. 2001) and *Weinstock v. Cleary Gottleib, Steen & Hamilton*, 16 F.3d 501 (2d Cir. 1994), for the proposition that *Pioneer* never allows mistakes of law to qualify under the excusable neglect standard. Each of these cases, however, fails to include the entire *Pioneer* quote relied upon here by Grace, and in doing so eviscerate the very elastic concept established by *Pioneer*.

5.    At bottom, each of these cases cite to that portion of *Pioneer* which states that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect...." *Pioneer*, 507 U.S. at 392, 113 S.Ct. at 1496. Standing alone, this sentence fragment might be read to endorse a rule that a mistake of law should not constitute excusable neglect. But any such bright-line, *per se* test was clearly rejected by the Supreme Court in *Pioneer*. Indeed, this is evident simply by reading the entire quote relied upon by Grace, rather than just the first half. Read in full, the Supreme Court stated as follows:

> *Although* inadvertence, ignorance of the rules, or mistakes construing the rules do not *usually* constitute "excusable" neglect,

-3-

--651111.1

> *it is clear that "excusable neglect" under Rule 60(b) is a somewhat "elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant."*

*Pioneer*, 507 U.S. at 392, 113 S.Ct. at 1496 (emphasis added).

6. Significantly, the very reason the Supreme Court granted *certiorari* in *Pioneer* was "because of the conflict in the Court of Appeals over the meaning of 'excusable neglect'" given that certain Circuits imposed a "narrow view of excusable neglect" while others "applied a more flexible analysis." 507 U.S. at 387, n. 3. There is little doubt that *Pioneer* and its progeny, including applicable Third Circuit case law, plainly opted for the latter and not the former. *See, e.g., In re Cendant Corp PRIDES Litigation*, 311 F.3d 298, 305 (3d Cir. 2002) ("We think the determining factor in arriving at the proper resolution in this equitable proceeding is *Pioneer's* admonition to consider the totality of the circumstances."); *In re O'Brien Environmental Energy, Inc.*, 188 F.3d 116, 125 (3d Cir. 1999) ("While it is certainly relevant that the delay in this case was due in part to this lack of care of [the creditor], the concept of excusable neglect clearly anticipates this, *i.e.* neglect on the part of the one seeking to be excused.").

7. Moreover, it has been specifically recognized by the Third Circuit that *Pioneer* rejected any *per se* test such as the one being proffered by Grace here. *See In re Orthopedic Bone Screw Products Liability Litigation* 246 F.3d 315, 322 (3d. Cir 2001) (*Pioneer* "eschews any *per se* rule that excusable neglect is unavailable to a party whose untimely filing was due to circumstances within his or her control."); *In re O'Brien Environmental Energy, Inc.*, 188 F.3d 116, 125 (3d Cir. 1999) ("In so holding, the *Pioneer* Court explicitly rejected the argument that excusable neglect applies only to those situations where the failure to comply is a result of circumstances beyond the creditor's reasonable control ...." "[D]etermining whether neglect is excusable is an 'equitable' determination that 'tak[es] account of all relevant circumstances

surrounding the party's omission."). *See also In re Herman Sporting Goods, Inc.*, 166 B.R. 581, 584 (Bankr. D.N.J. 1994) (embracing *Pioneer's* rejection of the "bright-line rule of the sort embraced by some Courts of Appeals, erecting a rigid barrier against late filing attributable in any degree to the movant's negligence" and "assigning a more flexible meaning to 'excusable neglect'."); *Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 250 (2d Cir. 1997) ("In *Pioneer*, however, the Supreme Court 'established a more liberal standard for determining whether there had been 'excusable neglect.'.... In short, per se rules ... do not perdure after *Pioneer*.") (citations omitted).

8.   As set forth in detail in Royal's original Brief, Royal's neglect squarely falls within the "rubric" used by the Third Circuit to describe the type of neglect that is excusable. Royal has submitted the Affidavit of Ms. Hutson explaining the circumstances surrounding the receipt of the Bar Date Notice and the subsequent failure to timely file a proof of claim to preserve Royal's indemnification rights under the Settlement Agreement. As noted by Ms. Hutson, she recalls briefly reviewing the Bar Date Notice, but not in detail; she does not recall seeing the one sentence directive that the Bar Date applied to indemnification type claims; she erroneously believed that the Bar Date only applied to fixed and liquidated claims such as for unpaid premiums and deductibles, and not to contingent and unliquidated indemnification claims; she admits to not having any extensive bankruptcy experience; and she admits that she failed to send to or review the Bar Date Notice with outside counsel. [Hutson Aff. at ¶¶ 12-14].

9.   Clearly, Royal's failure to file a proof of claim is more readily characterized as "inadvertence, mistake or carelessness," rather than as a "mistake of law." Moreover, even assuming, *arguendo*, that this Court finds Royal's actions to be a "mistake of law," such a

finding standing alone is simply not determinative given that *Pioneer* and the Third Circuit instruct this Court to utilize an equitable totality of circumstances test.

**B.   The Case Law Cited By Grace Is Inapposite And Not Controlling Within The Third Circuit**

10.   Grace supports its argument that this Court should adopt a *per se* rule for mistakes of law with case law wholly outside the Third Circuit. Indeed, Grace fails to cite a *single* Third Circuit case, applying the *Pioneer* factors, that endorses the "mistake of law" analysis it advances here. In defense of its inability to cite any supporting Third Circuit case law, Grace asserts that "[t]he Court of Appeals for the Third Circuit has not opined on when, if ever, a mistake of law may be considered the product of excusable neglect." [Grace Supp. Brief, at ¶ 8]. This statement, however, is completely unsupportable. The Third Circuit has written extensively about excusable neglect and the *Pioneer* factors, and yet has never seen fit to adopt any kind of a *per se*, bright line test. The reason that Grace cannot find a single Third Circuit case endorsing its mistake of law position is simple -- it is directly at odds with the *equitable totality of circumstances* test established by *Pioneer* and steadfastly followed by the Third Circuit.

11.   Although Grace relies heavily on Ninth Circuit cases to establish its "mistake of law" argument, it is readily apparent that even the Ninth Circuit is itself hopelessly conflicted as to whether or not to apply a *per se* rule to alleged mistakes of law in excusable neglect cases. *Compare, Bateman v. United States Postal Service*, 231 F.3d 1220, 1224 (9th Cir. 2000) ("Before *Pioneer*, we had held that 'ignorance of court rules does not constitute excusable neglect' and had applied a per se rule against the granting of a deadline. After *Pioneer*, however, we recognized that the term covers cases of neglect, carelessness and inadvertent mistake."); *with Pincay v. Andrews*, 351 F.3d 947, 952 (9th Cir. 2003) ("[I]gnorance of the rules or mistakes construing the rules do not usually constitute 'excusable neglect'.") Some of the Ninth Circuit

cases apply the more flexible and liberal standard of excusable neglect, while others impose a more narrow *per se* rule requiring persuasive justification for the misconstruction of rules.

12. Moreover, in each of these cases, regardless of the court's majority opinion, there is a strong dissent. For example, in *Bateman v. U.S. Postal Service*, the dissent acknowledges that the majority opinion has "unnecessarily created an intracircuit conflict." 231 F.3d at 1225. In *In re Warrick*, 278 B.R. 182, 187 (9th Cir. BAP. 2002), the dissent recognizes there are "several divided decisions of the Ninth Circuit going different directions ...." 278 B.R. at 189. In a strongly worded dissent in *Speiser, Krause & Madloe P.C. v. Ortiz*, 271 F.3d 884, 886 (9th Cir. 2001), Judge Ferguson declared that "[b]y applying the former per se rule, the District Court ignored the holdings of *Pioneer* ... and its progeny, which calls for an equitable analysis and broader interpretation of neglect ...", and further added that "by glossing over these developments, the majority implicitly reintroduces the former per se rule." *Id*. Further, in the recent decision in *Pincay v. Andrews*, the dissent admonishes the majority for taking "too constricted a view of the Supreme Court's decision in *Pioneer*" and states that "the right way under *Pioneer* to decide cases involving ignorance of federal rules is with an 'elastic concept' not with a per se rule such as the one on which the majority relies. [The Ninth Circuit] is not free to impose a per se rule." 351 F.3d at 953.

13. Unlike the Third Circuit, the Ninth Circuit is anything but unified in its application of the *Pioneer* factors to excusable neglect. The Third Circuit has more than amply discoursed on the excusable neglect standard and consistently applied an equitable totality of circumstances test. There is no logical reason why this Court should step into the mix and adopt a *per se* rule that has never been endorsed by the Third Circuit and that is subject to much criticism even by those courts who have apparently adopted it.

14. Significantly, it is also worth noting that almost all of the cases cited by Grace concern an *alleged mistake of law committed by an outside attorney*. Here, it is not disputed that Royal failed to consult with its outside counsel about the Bar Date Notice. That was part of its mistake. However, it is equally undisputed that Grace failed to send the Bar Date Notice to Royal's outside counsel, notwithstanding the specific directives in the Bar Date Order to do so. The fact that Grace admittedly failed to give any notice of the Bar Date to Wilson Elser – the known outside counsel for Royal for all asbestos related Grace claims for the past eighteen years -- must be considered when determining whether the cause of Royal's neglect is excusable. It is also the reason why almost all of the cases cited by Grace are inapposite here.

### C. The Totality Of The Equitable Circumstances Weigh Heavily In Favor Of Excusing Royal's Neglect

15. Grace's continued focus on the alleged neglect of Royal, rather than on whether or not that neglect is excusable, misapplies the *Pioneer* factors and fails to rebut the clear showing already made by Royal that its neglect should be excused under the circumstances presented here. It cannot be seriously disputed that granting Royal leave to file a tardy proof claim will not prejudice Grace or its bankruptcy estate, nor will it have any significant impact on the judicial administration of that estate, especially given that Grace has yet to even file a proposed plan of reorganization, let alone confirm one. Moreover, the good faith basis of Royal's motion has not been challenged. As already shown in the prior briefing, under these circumstances, the equitable factors outlined by the Supreme Court in *Pioneer* and applied by the Third Circuit weigh heavily in favor of granting Royal's motion, regardless of whether Royal's neglect is deemed a mistake of law, a mistake of fact or something else.

## CONCLUSION

**WHEREFORE**, for all of the reasons set forth above and in Royal's prior motion and supporting papers, it is respectfully requested that the Court overrule the Debtors' objections and enter an Order granting Royal leave to file a late proof of claim for any indemnity obligations owed by Grace under the Settlement Agreement, together with such other and further relief as this Court deems just and equitable.

Dated: January 30, 2004

Respectfully submitted,

BIFFERATO, BIFFERATO & GENTILOTTI

By: _____
Ian Connor Bifferato, Esq. (#3273)
Joseph K. Koury (#4272)
1308 Delaware Avenue
The Buckner Building
Post Office Box 2165
Wilmington, Delaware 19899-2165
(302) 429-1900

-and-

Carl J. Pernicone, Esq.
WILSON, ELSER, MOSKOWITZ,
 EDELMAN & DICKER LLP
150 East 42nd Street
New York, New York 10017-5639
(212) 490-3000

-and-

Mark G. Ledwin, Esq.
WILSON, ELSER, MOSKOWITZ,
 EDELMAN & DICKER LLP
3 Gannett Drive
White Plains, New York 10604
(914) 323-7000

Counsel for Royal Indemnity Company

-9-

--651111.1