IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| W. R. GRACE & CO., <u>ET AL.</u>,[1] | ) | CASE NO. 01-01139 (JKF) |
| | ) | JOINTLY ADMINISTERED |
| DEBTORS. | ) | |

**Objection Deadline: March 5, 2004**
**Hearing Date: March 22, 2004 at 12:00 pm**

## DEBTORS' MOTION FOR AN ORDER PURSUANT TO FED. R. BANKR. P. 9006(B) FURTHER EXTENDING THE PERIOD WITHIN WHICH THE DEBTORS MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452 AND FED. R. BANKR. P. 9027

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors") hereby move the Court pursuant to Fed. R. Bankr. P. 9006(b) for entry of an order to further extend the period within which the Debtors may remove actions pursuant to 28 U.S.C. § 1452 and Fed. R. Bankr. P. 9027 through and including July 31, 2004. In support of this Motion, the Debtors respectfully represent as follows:

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

## Background

1. On April 2, 2001, (the "Petition Date") each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), which have been consolidated for administrative purposes only and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession (collectively, the "Chapter 11 Cases").[2]

2. The Debtors have a number of non-debtor affiliates (the "Non-Debtor Affiliates"), including, but not limited to, non-debtor subsidiaries and certain "Affiliated Entities," as that term is defined in the Order Granting Preliminary Injunction, entered by this Court on May 3, 2001.

3. One or more of the Debtors are named defendants in approximately 65,000 asbestos-related lawsuits in various state and federal courts involving approximately 232,000 different individual claims (the "Asbestos Actions"). One or more Non-Debtor Affiliates also are named defendants in approximately eight asbestos-related fraudulent conveyance actions in various state and federal courts that also involve large numbers of individual claims (the "Fraudulent Conveyance Actions"). There are also numerous other lawsuits, including, but not limited to environmental actions, in which one or more of the Debtors and/or the Non-Debtor Affiliates are named defendants in various state and federal

---

[2] Any capitalized terms not defined herein shall have the meaning ascribed to them in either the Removal Extension Motion and Second Removal Extension Motion (as defined herein), as the case may be.

courts (the "Miscellaneous Actions"). Many of these Asbestos Actions, Fraudulent Conveyance Actions and Miscellaneous Actions were filed prior to the Petition Date (the "Prepetition Actions").

4. Since the Petition Date, a number of additional Asbestos Actions, Fraudulent Conveyance Actions and Miscellaneous Actions have been filed and are continuing to be filed (the "Postpetition Actions", collectively with the Prepetition Actions, the "Actions"). The Debtor and the Non-Debtor Affiliates believe that these Postpetition Actions are void because they were filed in violation of the automatic stay provisions of section 362(a) of the Bankruptcy Code and reserve the right to subsequently assert such a defense in these Chapter 11 Cases or in any other appropriate forum.

5. On June 23, 2003 the Debtors sought authority to further extend the period (the "Removal Period") within which the Debtors may remove actions pursuant to 28 U.S.C. § 1452 and Fed. R. Bankr. P. 9027 through and including January 31, 2004 (the "Fifth Removal Extension Motion"). On July 15, 2003, a certificate of no objection was filed with the Court regarding the Fifth Removal Extension Motion. At the hearing on July 28, 2003, this Court indicated that the order (the "Fifth Removal Extension Order") had been signed and entered, but not docketed. (July 28, 2003 Hearing Transcript at Page 2). The Debtors have continued to operate as if the Fifth Removal Extension Order had been docketed and have requested that the order be docketed.[3] The Fifth Removal Extension Motion also specifically requested reservation

---

[3] In addition, the Bankruptcy Court's Local Rule 9006-2 applies to extend the deadline for the Removal Period, as the Fifth Removal Extension Motion was timely filed prior to the previous expiration of the Removal Period on June 30, 2003. Rule 9006-2 provides: "If a motion to extend the time to take any action is filed before the expiration of the period prescribed by the Code, the Fed.R.Bankr.P., these Rules, the District Court Rules, or Court Order, the time shall automatically be extended until the Court acts on the motion, without the necessity for the entry of a bridge order."

of the Debtors and the Non-Debtor Affiliates right to seek further extensions of time within which the Debtors and the Non-Debtor Affiliates may remove any and all Actions.

## Relief Requested

6.      By this Motion, the Debtors request the entry of an order pursuant to Fed. R. Bankr. P. 9006(b) further extending the Removal Period, within which the Debtors and the Non-Debtor Affiliates may remove any and all Actions pursuant to 28 U.S.C. § 1452, through and including July 31, 2004, to the extent that such time periods may expire prior to July 31, 2004.

7.      The Debtors further request that the order requested herein be without prejudice to (i) any position the Debtors or the Non-Debtor Affiliates may take regarding whether section 362(b) of the Bankruptcy Code applies to stay any Actions; and (ii) the right of the Debtors and/or the Non-Debtor Affiliates to seek future extensions of time to remove any and all Actions.

## Basis For Relief

8.      Section 1452 of Title 28 of the United States Code and Fed. R. Bankr. P. 9027 govern the removal of pending civil actions. Specifically, 28 U.S.C. § 1452(a) provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a). Fed. R. Bankr. P. 9027(a)(2) further provides:

> If the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of

4

> removal may be filed only within the longest of (A) 90 days after
> the order for relief in the case under the Code, (B) 30 days after
> entry of an order terminating a stay, if the claim or cause of action
> in a civil action has been stayed under § 362 of the Code, or (C) 30
> days after a trustee qualifies in a chapter 11 reorganization case but
> not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2). With respect to postpetition actions, Fed. R. Bankr. P. 9027(a)(3) provides that a notice of removal may be filed with the clerk:

> only within the shorter of (A) 30 days after receipt, through service
> or otherwise, of a copy of the initial pleading setting forth the
> claim or cause of action sought to be removed, or (B) 30 days after
> receipt of the summons if the initial pleading has been filed with
> the court but not served with the summons.

Fed. R. Bankr. P. 9027(a)(3).

9. Fed. R. Bankr. P. 9006(b) provides that the court may extend unexpired time periods, such as the Debtors' removal period, without notice:

> when an act is required or allowed to be done at or within a
> specified period by these rules or by a notice given thereunder or
> by order of court, the court for cause shown may at any time in its
> discretion . . . with or without motion or notice order the period
> enlarged if the request therefor is made before the expiration of the
> period originally prescribed or as extended by a previous order[.]

Fed. R. Bankr. P. 9006(b)(1). Accordingly, this Court is authorized to grant the relief requested herein. See In re Saint Joseph's Hosp., 103 B.R. 643 (Bankr. E.D. Pa. 1989) (court extended the time period in which to seek removal of pending state court litigation); Jandous Electric Constr. Corp. v. City of New York (In re Jandous Elec. Constr. Corp.), 106 B.R. 48 (Bankr. S.D.N.Y. 1989) (period in which to file motion to remove may be expanded pursuant to Fed. R. Bankr. P. 9006).

10. The Debtors have worked diligently in conjunction with a number of constituencies in these Chapter 11 Cases to advance the Chapter 11 Cases, and, as a result, substantial progress has been made in establishing a framework within which to resolve the Actions and various other claims against the Debtors. Indeed, since the Fifth Removal Extension Motion was filed on June 23, 2003, there have been a number of developments which have impeded the Debtors progress toward establishing the framework to deal with asbestos-related Personal Injury Claims against the Debtors. Most significantly, on November 5, 2003, as a result of a motion to recuse filed in the Owens Corning chapter 11 cases, Judge Wolin entered an order staying all proceedings before him in the five asbestos-related cases, including these chapter 11 cases, until the recusal motion has been resolved. On November 14, 2003, three creditors filed a motion to disqualify Judge Wolin from further participation in these chapter 11 cases (the "Recusal Motion"). A decision on the Recusal Motion is currently set to be issued by Judge Wolin by January 31, 2004. The Debtors anticipate that any decision on the Recusal Motion will be appealed to the Court of Appeals for the Third Circuit and therefore expect that the status of Judge Wolin's participation in these chapter 11 cases may remain unresolved for some time. The timing of a final decision on the Recusal Motion has a substantial impact on the Debtors ability to develop a framework within which to resolve the Actions because Judge Wolin retains jurisdiction over all issues related to the Personal Injury Claims in these chapter 11 cases.

11. Because of the uncertainty of Judge Wolin's continued participation in these chapter 11 cases, the Debtors cannot predict when they will be able to move forward with the resolution of the Personal Injury Claims. If a new judge is assigned to fill Judge Wolin's role in these chapter 11 cases, there likely will be additional delays as the new judge will need

significant time to become familiar with the issues in these chapter 11 cases and the Personal Injury Claims.

12. Further, the "Science Trial," regarding factual questions about the scientific risks of Zonolite Attic Insulation ("ZAI"), remains to be completed. The "Science Trial" was scheduled to commence on February 9, 2004, but was cancelled. The parties continue settlement negotiations in an effort to resolve the issues; however, at present, the ZAI issues remain unresolved.

13. The litigation described above should streamline the claims adjudication process. While this litigation will not completely eliminate the Debtors' need to preserve the option to remove Actions to this Court, it should minimize the need to do so. Nonetheless, until the claims arising from the Actions have been resolved, whether through this litigation protocol or otherwise, the Debtors must preserve the option of removing Actions to this Court.

14. Additionally, by an order dated April 25, 2002, this Court also set a claims bar date of March 31, 2003 (the "Bar Date"), for all claims relating to asbestos property damage, non-asbestos claims (including all governmental claims) and medical monitoring claims. Over 15,000 claims were filed by the Bar Date. With the Bar Date having passed, the Debtors and their professionals are in the process of reviewing the filed claims and preparing claims objections. A Personal Injury Claims bar date, however, has yet to be set, and other related issues raised by the Debtors' case management motions also remain unresolved. The Debtors and other constituents have briefed Judge Wolin on how best to resolve the Personal Injury Claims and the procedures for doing so.

15. Other progress has also been made in these Chapter 11 Cases since the Fifth Removal Extension Motion was filed. In particular, the parties in the fraudulent transfer action filed by the official asbestos committees against Sealed Air Corporation in these chapter 11 cases (Adversary Proceeding No. 02-2210) have been negotiating an agreement memorializing the settlement with Sealed Air Corporation reached on November 29, 2002. The parties, excluding Grace, executed a settlement agreement with Sealed Air Corporation and filed a motion seeking approval of the settlement agreement on November 26, 2003. The Debtors are continuing to negotiate with the other parties; however, Judge Wolin also has jurisdiction over the fraudulent transfer action. Therefore, the entry of an order with respect to the settlement will be delayed until the Recusal Motion is resolved.

16. The Debtors submit that further extending the Removal Period through and including July 31, 2004, to protect their right to remove any Actions that are discovered through the Debtors' investigation and the claims review process is both prudent and necessary and in the best interests of the Debtors, their estates and their creditors. This extension will afford the Debtors and the Non-Debtor Affiliates an opportunity to make fully informed decisions concerning removal of all Actions and will assure that the Debtors and the Non-Debtor Affiliates do not forfeit valuable rights under 28 U.S.C. § 1452. Furthermore, the rights of the Debtors' adversaries will not be prejudiced by such an extension because, in the event that a matter is removed, the other parties to such Action(s) sought to be removed may seek to have the action remanded to the state court pursuant to 28 U.S.C. § 1452(b).

DOCS_DE:88027.1

## Notice

17. Notice of this Motion has been given to (i) the Office of the United States Trustee, (ii) counsel to the debtor in possession lenders, (iii) counsel to each official committee appointed by the United States Trustee and (iv) those parties that requested papers under Fed. R. Bankr. P. 2002.

## No Prior Request

18. No prior Motion for the relief requested herein has been made to this or any other Court. The Debtors submit that no further notice or a hearing is necessary for this Court to enter an order granting the relief requested by this Motion.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto, further extending the Removal Period, within which the Debtors and the Non-Debtor Affiliates may remove any and all Actions pursuant to 28 U.S.C. § 1452, through and including July 31, 2004, to the extent that such time periods may expire prior to July 31, 2004.

Wilmington, Delaware
Dated: January 29, 2004

Respectfully submitted,

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
James W. Kapp III
Janet S. Baer
Christian J. Lane
200 East Randolph Drive
Chicago, Illinois 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

and

PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.

Laura Davis Jones (Bar No. 2436)
Scotta E. McFarland (Bar No. 4184)
David Carickhoff (Bar No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for the Debtors and Debtors in Possession

DOCS_DE:88027.1