IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Objection Due By: February 24, 2004 at 4:00 p.m.** |
| | ) | **Hearing Date: June 21, 2004 at 12:00 p.m.** |

## ELEVENTH QUARTERLY INTERIM APPLICATION OF PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C. FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR OCTOBER 1, 2003 THROUGH DECEMBER 31, 2003

<u>Name of Applicant</u>:    Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C. ("PSZYJ&W").

<u>Authorized to Provide Professional Services to</u>:  The above-captioned debtors and debtors-in-possession.

<u>Date of Retention</u>:  May 3, 2001

<u>Period for which Compensation and Reimbursement is Sought</u>:  October 1, 2003 through December 31, 2003.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Amount of Compensation Sought as Actual, Reasonable and Necessary:  $65,790.50.

Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary: $83,514.95.

This is a:      \_\_\_\_  monthly   \_\_X\_\_  quarterly   \_\_\_X\_\_  interim   \_\_\_\_  final application.

Prior Applications filed:

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 07/10/01 | 04/02/01-04/30/01 | $62,472.75 | $23,277.13 | $62,472.75 | $23,277.13 |
| 08/09/01 | 05/01/01-05/31/01 | $29,929.00 | $15,670.64 | $29,929.00 | $15,670.64 |
| 09/07/01 | 06/01/01-06/30/01 | $30,195.50 | $37,763.45 | $30,195.50 | $37,763.45 |
| 09/11/01 | 07/01/01-07/31/01 | $17,040.50 | $20,323.76 | $17,040.50 | $20,323.76 |
| 10/31/01 | 08/01/01-08/31/01 | $ 9,407.50 | $20,486.61 | $ 9,407.50 | $20,486.61 |
| 11/13/01 | 09/01/01-09/30/01 | $13,158.00 | $10,035.46 | $13,158.00 | $10,035.46 |
| 11/27/01 | 10/01/01-10/31/01 | $13,420.75 | $ 8,922.92 | $13,420.75 | $ 8,922.92 |
| 01/22/02 | 11/01/01-11/30/01 | $39,991.50 | $22,398.11 | $39,991.50 | $22,398.11 |
| 01/30/02 | 12/01/01 –12/31/01 | $35,017.00 | $13,575.07 | $35,017.00 | $13,575.07 |
| 04/02/02 | 01/01/02 –01/31/02 | $48,356.50 | $38,671.08 | $48,356.50 | $38,671.08 |
| 05/30/02 | 02/02/02 –02/28/02 | $46,611.50 | $25,627.01 | $46,611.50 | $25,627.01 |
| 06/06/02 | 03/01/02 –03/31/02 | $44,145.00 | $29,280.21 | $44,145.00 | $29,280.21 |
| 06/28/02 | 04/01/02 –04/30/02 | $49,562.00 | $25,475.46 | $49,562.00 | $25,475.46 |
| 07/12/02 | 05/01/02-05/31/02 | $42,495.50 | $21,543.54. | $42,495.50 | $21,543.54 |

| 08/13/02 | 06/01/02 – 06/30/02 | $32,819.00 | $29,869.61 | $32,819.00 | $29,869.61 |
|----------|---------------------|------------|------------|------------|------------|
| 10/01/02 | 07/01/02 – 07/31/02 | $22,630.00 | $17,187.01 | $22,630.00 | $17,187.01 |
| 10/30/02 | 08/01/02 – 08/31/02 | $34,536.00 | $45,540.43 | $34,536.00 | $45,540.43 |
| 11/14/02 | 09/01/02 – 09/30/02 | $32,858.50 | $33,313.79 | $32,858.50 | $33,313.79 |
| 12/30/02 | 10/01/02 – 10/31/02 | $19,370.50 | $24,488.86 | $19,370.50 | $24,488.86 |
| 01/21/03 | 11/01/02 – 11/30/02 | $25,948.50 | $31,181.03 | $25,948.50 | $31,181.03 |
| 01/30/03 | 12/01/02 – 12/31/02 | $16,407.00 | $14,016.95 | $16,407.00 | $14,016.95 |
| 03/18/03 | 01/01/03 – 01/31/03 | $25,984.50 | $19,035.00 | $25,984.50 | $19,035.00 |
| 04/23/05 | 02/01/03 – 02/28/03 | $18,094.50 | $23,616.14 | $18,094.50 | $23,616.14 |
| 06/17/03 | 03/01/03 – 03/31/03 | $15,853.00 | $15,586.33 | $15,853.00 | $15,586.33 |
| 07/21/03 | 04/01/03 – 04/30/03 | $12,134.00 | $17,776.64 | $12,134.00 | $17,776.64 |
| 08/13/03 | 05/01/03 – 05/31/03 | $13,234.50 | $16,624.15 | $13,234.50 | $16,624.15 |
| 09/02/03 | 06/01/03 – 06/30/03 | $11,1137.00 | $14,033.07 | $11,137.00 | $14,033.07 |
| 09/29/03 | 07/01/03 – 07/31/03 | $18,546.50 | $18,663.30 | $18,546.50 | $18,663.30 |
| 10/24/03 | 08/01/03 – 08/31/03 | $20,376.00 | $43,075.91 | $20,376.00 | $43,075.91 |
| 10/30/03 | 09/01/03 – 09/30/03 | $24,433.50 | $19,744.93 | $24,433.50 | $19,744.93 |
| 12/03/03 | 10/01/03 – 10/31/03 | $22,988.00 | $30,531.15 | $22,988.00 | $30,531.15 |
| 12/29/03 | 11/01/03 – 11/30/03 | $20,729.50 | $33,211.18 | $20,729.50 | $33,211.18 |
| 01/26/04 | 12/01/03 – 12/31/03 | $22,073.00 | $19,772.62 | Pending | Pending |

| Name of Professional Individual | Position of the Applicant, Number of years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including changes) | Total Hours Billed[3] | Total Compensation |
|---|---|---|---|---|
| Laura Davis Jones | Shareholder 2000; Joined Firm 2000; Member of DE Bar since 1986 | $560.00 | .90 | $    504.00 |
| Scotta E. McFarland | Of Counsel 2000; Member of DE Bar since 2002; Member of CA Bar since 1993 | $415.00 | 2.50 | $ 1,037.50 |
| William L. Ramseyer | Of Counsel 1989; Member of CA Bar since 1980 | $375.00 | 15.30 | $ 5,737.50 |
| David W. Carickhoff, Jr. | Associate 2000; Member of DE Bar since 1998 | $300.00 $150.00 | 88.70 6.00 | $26,610.00 $    900.00 |
| Paula A. Galbraith | Associate 2002; Member of DE Bar since 2002; Member of IL Bar since 2000 | $235.00 | 8.90 | $ 2,091.50 |
| Laurie A. Gilbert | Paralegal since 2001 | $135.00 | 3.40 | $    459.00 |
| Patricia E. Cuniff | Paralegal since 1998 | $130.00 | 164.50 | $21,385.00 |
| Marlene S. Chappe | Paralegal since 1997 | $125.00 | .60 | $      75.00 |
| Camille E. Ennis | Paralegal since 1997 | $120.00 | .90 | $    108.00 |
| Rita M. Olivere | Case Management Assistant 2000 | $ 70.00 | 1.30 | $      91.00 |
| Donna C. Crossan | Case Management Assistant 2000 | $ 70.00 | 11.20 | $    784.00 |
| Sheryle L. Pitman | Case Management Assistant 2001 | $ 65.00 | 38.80 | $ 2,522.00 |
| Christina M. Shaeffer | Case Management Assistant 2001 | $ 55.00 | 61.20 | $ 3,366.00 |
| Arthur W. Cross | Case Management Assistant 2002 | $ 40.00 | 3.00 | $    120.00 |

Total Fees:     $65,790.50
Total Hours:        407.20
Blended Rate:  $    161.57

---

[3] Some professional time that was spent during the Interim Period may be reflected in a subsequent application and some professional time that was spent during the previous Interim Period may be reflected in this Application.

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees Requested |
|---|---|---|
| Asset Disposition | .90 | $    127.50 |
| Case Administration | 166.60 | $15,856.50 |
| Claim Analysis (Non-Asbestos) | 16.00 | $  3,494.00 |
| Employment Application, Others | 13.30 | $  3,466.50 |
| Fee Applications, Applicant | 29.10 | $  8,622.50 |
| Fee Applications, Others | 54.10 | $  8,903.50 |
| Hearings | 6.90 | $    897.00 |
| Litigation (Non-Bankruptcy) | 109.80 | $22,570.00 |
| Stay Litigation | 1.60 | $    394.00 |
| Tax Issues | 1.90 | $    344.00 |
| ZAI Science Trial | 1.00 | $    215.00 |
| Non Working Travel | 6.00 | $    900.00 |

## EXPENSE SUMMARY

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Delivery/Courier Service | Parcels, Inc./TriState | $  7,344.11 |
| Express Mail | DHL/Federal Express | $  2,007.45 |
| Facsimile ($1.00/page) | | $  6,321.00 |
| Legal Research | Pacer | $  1,867.39 |
| Overtime | | $    276.19 |
| Postage | | $  7,364.99 |
| Reproduction ($.15 per page) | | $37,235.55 |
| Air Fare | | $    688.50 |
| Working Meals | Cavanaughs | $    277.51 |
| Hotel Expense | | $    280.93 |
| Outside Reproduction | DLS | $19,584.73 |
| Travel Expense | Eagle | $    234.44 |
| Conference Calls | Genesys | $      32.16 |

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | Objection Due By:  February 24, 2004 at 4:00 p.m. |
| | ) | Hearing Date:  June 21, 2004 at 12:00 p.m. |

**ELEVENTH QUARTERLY INTERIM APPLICATION OF
PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.
FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES
FOR OCTOBER 1, 2003 THROUGH DECEMBER 31, 2003**

Pursuant to sections 330 and 331 of title 11 of the United States Code (the

"Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), and the Court's 'Amended Administrative Order Under 11 U.S.C.  §§ 105(a) and 331

Establishing Procedures for Interim Compensation and Reimbursement of Expenses for

---

[1]  The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.),
W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc.,
CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food
'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and
Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited
Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN
Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B
II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy
Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel
Services Corporation, Grac e International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace
Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc.,
Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation,
Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation,
Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a
GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe
Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-
BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a
Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin
& Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country
Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Professionals and Official Committee Members', signed April 17, 2002 (the "Amended

Administrative Order"), amending the Court's 'Administrative Order Pursuant to Sections 105(a)

and 331 of the Bankruptcy Code Establishing Procedures for Allowance and Payment of

Monthly Interim Compensation and Reimbursement of Expenses of Professionals', entered May

3, 2001, the law firm of Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C. ("PSZYJ&W")

hereby files this Eleventh Quarterly Interim Application of Pachulski, Stang, Ziehl, Young, Jones

& Weintraub P.C. for Compensation and for Reimbursement of Expenses for October 1, 2003

through December 31, 2003 (the "Eleventh Quarterly Fee Application"). By this Eleventh

Quarterly Fee Application PSZYJ&W seeks the interim allowance of compensation in the

amount of $65,790.50 and reimbursement of actual and necessary expenses in the amount of

$83,514.95 for a total of $149,305.45, or 100% of all compensation and expense reimbursement

requested, for the period October 1, 2003 through December 31, 2003 (the "Interim Period"). In

support of this Eleventh Quarterly Fee Application, PSZYJ&W respectfully represents as

follows:

## Background

1.       On April 2, 2001 (the "Petition Date"), each of the debtors (collectively,

the "Debtors") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors are continuing to

operate their businesses and manage their properties and assets as debtors in possession. Since

the Petition Date, the U.S. Trustee has appointed the following creditors' committees: Official

Committee of Unsecured Creditors, Official Committee of Asbestos Personal Injury Claimants,

Official Committee of Asbestos Property Damage Claimants, and Official Committee of Equity

Security Holders (collectively, the "Committees"). No trustee has been appointed in the

Debtors' chapter 11 cases.

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.      On April 2, 2001, the Court entered its order that the Debtors' chapter 11

cases be consolidated for procedural purposes only and administered jointly.

4.      By this Court's order dated May 3, 2001, the Debtors were authorized to

retain PSZYJ&W as their counsel, effective as of the Petition Dates, with regard to the filing and

prosecution of their chapter 11 cases, and all related matters (the "Retention Order"). The

Retention Order authorizes Debtors to compensate PSZYJ&W at PSZYJ&W's hourly rates

charged for services of this type and to be reimbursed for actual and necessary out-of-pocket

expenses that it incurred, subject to application to this Court in accordance with the Bankruptcy

Code, the Federal Rules of Bankruptcy Procedure, all applicable local rules and orders of this

Court.

5.      On May 3, 2001, the Court entered an Administrative Order establishing

procedures for interim compensation and reimbursement of expenses of professionals. That

order was amended by the Amended Administrative Order, signed on April 17, 2002. Pursuant

to the procedures set forth in the Administrative Order and the Amended Administrative Order,

professionals may request monthly compensation and reimbursement, and interested parties may

object to such requests. If no interested party objects to a professional's request within twenty

(20) days, the applicable professional may submit to the Court a certification of no objection

authorizing the interim compensation and reimbursement of eighty percent (80%) of the fees

requested and 100% of the expenses requested, subject to the filing and approval of interim and

final fee applications of the professional.  The professional is also to file a quarterly interim fee

application.

### Monthly Fee Applications Covered Herein

6.      Prior to the filing of this Eleventh Quarterly Fee Application, the October

1, 2003 through December 31, 2003 monthly fee applications of PSZYJ&W had been filed with

the Court pursuant to the Amended Administrative Order.  The October 1, 2003 through

December 31, 2003 monthly applications are the subject of this Eleventh Quarterly Fee

Application.

7.      On or about December 3, 2003, PSZYJ&W filed the Thirty-First Monthly

Application of Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C. for Compensation for

Services Rendered and Reimbursement of Expenses as Co-counsel to the Debtors for the Period

From October 1, 2003 through October 31, 2003 (the "Thirty-First Monthly," Docket No. 4772),

requesting $22,988.00 in fees and $30,531.15 in expenses.  The Thirty-First Monthly is attached

hereto as Exhibit A.  No objections were received with respect to the Thirty-First Monthly, and a

certificate of no objection was filed on December 29, 2003 (Docket No. 4876).

8.      On or about December 29, 2003, PSZYJ&W filed its Thirty-Second

Monthly Application of Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C. for

Compensation for Services Rendered and Reimbursement of Expenses as Co-counsel to the

Debtors for the Period From November 1, 2003 through November 30, 2003 (the "Thirty-Second Monthly," Docket No. 4878), requesting $20,729.50 in fees and $33,211.18 in expenses. The Thirty-Second Monthly is attached hereto as Exhibit B.

9.    On or about January 26, 2004, PSZYJ&W filed its Thirty-Third Monthly Application of Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C. for Compensation for Services Rendered and Reimbursement of Expenses as Co-counsel to the Debtors for the Period From December 1, 2003 through December 31, 2003 (the "Thirty-Third Monthly," Docket No. 4987 requesting $22,073.00 in fees and $19,772.62 in expenses. The Thirty-Third Monthly is attached hereto as Exhibit C.

10.    The monthly fee applications covered by this Eleventh Quarterly Fee Application contain detailed daily time logs describing the actual and necessary services provided by PSZYJ&W during the Interim Period as well as other detailed information required to be included in fee applications. Those monthly applications, attached hereto as Exhibits A, B, and C, are incorporated herein by reference.

## Requested Relief

11.    By this Eleventh Quarterly Fee Application, PSZYJ&W requests that the Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by PSZYJ&W from October 1, 2003 through December 31, 2003.[2] As stated above, the full scope of the services provided and the related expenses incurred are fully described in the monthly fee applications for the Interim

---

[2] PSZYJ&W reserves its right to seek at a later date compensation for services rendered and expenses incurred during the applicable period that are not otherwise included in the relevant monthly fee application.

Period that already have been filed with the Court and are attached hereto as Exhibits A, B, and C.

12.     At all relevant times, PSZYJ&W has been a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code and has not represented or held an interest adverse to the interest of Debtors.

13.     All services for which compensation is requested by PSZYJ&W were performed for or on behalf of Debtors and not on behalf of any committee, creditor, or other person.

14.     During the Interim Period, PSZYJ&W has received no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with Debtors' cases. There is no agreement or understanding between PSZYJ&W and any other person, other than members of the Firm, for the sharing of compensation to be received for services rendered in these cases.

15.     The professional services and related expenses for which PSZYJ&W requests interim allowance of compensation and reimbursement of expenses were rendered and incurred in connection with these cases in the discharge of PSZYJ&W's professional responsibilities as attorneys for Debtors in their chapter 11 cases. PSZYJ&W's services have been necessary and beneficial to Debtors and their estates, creditors, and other parties in interest.

WHEREFORE, PSZYJ&W respectfully requests that the Court enter an order, substantially in the form attached hereto, providing that, for the period of October 1, 2003 through December 31, 2003, an allowance be made to PSZYJ&W in the sum of $65,790.50 as compensation for reasonable and necessary professional services rendered to Debtors and in the sum of $83,514.95 for reimbursement of actual and necessary costs and expenses incurred, for a total of $149,305.45, that Debtors be authorized and directed to pay to PSZYJ&W the outstanding amount of such sums; and for such other and further relief as this Court deems proper.

Dated: February 4, 2004

PACHULSKI, STANG, ZIEHL, YOUNG, JONES &
WEINTRAUB P.C.

Laura Davis Jones (Bar No. 2436)
David W. Carickhoff, Jr. (Bar No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-counsel for Debtors and Debtors in Possession

<u>VERIFICATION</u>

STATE OF DELAWARE         :
                                          :
COUNTY OF NEW CASTLE  :

David W. Carickhoff, Jr., after being duly sworn according to law, deposes and says:

a)      I am an associate with the applicant law firm Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C., and have been admitted to appear before this Court.

b)      I have personally performed many of the legal services rendered by Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C. as counsel to the Debtors and am thoroughly familiar with the other work performed on behalf of the Debtors by the lawyers and paraprofessionals of PSZYJ&W.

c)      I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Del.Bankr.LR 2016-2 and the 'Amended Administrative Order Under 11 U.S.C. §§105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members', signed April 17, 2002, and submit that the Application substantially complies with such Rule and Order.

David W. Carickhoff, Jr.

SWORN AND SUBSCRIBED
before me this 4th day of February 2004.

Notary Public
My Commission Expires:  7/9/05