IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | | **Ref. D.I. 3009** |

### STIPULATION AND AGREED ORDER RESOLVING THE MOTION OF CATERPILLAR FINANCIAL SERVICES CORPORATION TO COMPEL PAYMENT OF ADMINISTRATIVE EXPENSES AND FOR RELIEF FROM THE AUTOMATIC STAY OR IN THE ALTERNATIVE FOR ADEQUATE PROTECTION

THIS STIPULATION AND AGREED ORDER is before the Bankruptcy Court on the stipulation and agreement of the above-captioned debtors and debtors in possession (collectively, the "Debtors") and Caterpillar Financial Services Corporation ("Caterpillar"), as evidenced and indicated by the signatures hereto; and the Bankruptcy Court being advised that this Stipulation and Agreed Order has been submitted in resolution of the Motion (the "Motion") of Caterpillar Financial Services Corporation to Compel Payment of Administrative Expenses and for Relief

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

from the Automatic Stay or in the Alternative for Adequate Protection; and the Bankruptcy Court being further advised of the following:

A. On April 2, 2001, the Debtors filed voluntary petitions pursuant to chapter 11 of title 11 of the United States Code (as amended, the "Bankruptcy Code") and are continuing in the management of their properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code; and

B. On May 14, 2002, the Bankruptcy Court entered the Stipulation and Agreed Order Resolving the Motion of Caterpillar Financial Services Corporation (the "Assumption Order") pursuant to which the Debtors assumed certain leases (collectively, the "Leases") for equipment used in the Debtors' operations; and

C. Pursuant to the Assumption Order, the Debtors paid Caterpillar the cure amount of $23,890.60[2] (the "Cure Amount") with respect to the Leases. Upon payment of the Cure Amount, the Debtors were deemed to have fully satisfied all claims arising prior to the date of the Assumption Order or for cure which may have been asserted by Caterpillar pursuant to 11 U.S.C. § 365 of the Bankruptcy Code; and

D. On November 19, 2002, Caterpillar filed the Motion requesting that the Court grant Caterpillar (i) an administrative expense claim pursuant to section 503(b) for unpaid post-petition amounts due and owing Caterpillar under the Leases and (ii) relief from the automatic stay; and

---

[2] The Cure Payment consists of approximately $3,261.04 in pre-petition amounts due and $20,629.56 in post-petition amounts due.

2

E.  The Debtors and Caterpillar agree that Debtors shall pay Caterpillar the amount of $36,964.36[3] within ten (10) days of entry of this Stipulation and Agreed Order.

NOW, THEREFORE, IT APPEARING THAT SUFFICIENT CAUSE EXISTS FOR GRANTING THE RELIEF REQUESTED HEREIN AND THAT THE RELIEF REQUESTED HEREIN IS IN THE BEST INTERESTS OF THE DEBTORS' ESTATES AND CREDITORS, IT IS HEREBY ORDERED AS FOLLOWS:

1.  The foregoing recitals are hereby fully incorporated into and made an express part of this Stipulation and Agreed Order.

2.  The Debtors agree to pay Caterpillar the amount of $36,964.36 (the "Payment") for post-petition amounts due under the Leases, as described in more detail in Exhibit A attached to this Stipulation and Agreed Order. This amount represents all amounts due and owing the Leases through February 29, 2004. Accordingly, Caterpillar waives its right to make demand for payment of any amount, other than the Payment, arising prior to the date of this Stipulation and Agreed Order related to the Debtors' obligations arising under Leases. Upon delivery of the Payment to Caterpillar, the Debtors shall be deemed to have fully satisfied all claims for outstanding monthly rent and state tax obligations through February 29, 2004. Nothing herein shall affect the Debtors responsibility for amounts accruing under the Leases after February 29, 2004.

3.  The Debtors shall promptly submit this Stipulation and Agreed Order to the Court for approval. This Stipulation and Agreed Order shall be effective (the "Effective Date") upon

---

[3] The entirety of the $36,964.36 amount relates to post-petition amounts due and owing under the terms of the Leases.

Debtors' delivery of the Payment to Caterpillar on the terms provided for herein. In the event the Payment is not made, this Stipulation and Agreed Order shall be null and void.

4. The ten day stay of Fed. R. Bankr. P. 4001(a)(3) shall not apply to the instant Stipulation and Agreed Order.

5. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Stipulation and Agreed Order.

6. This Stipulation and Agreed Order may be executed in any number of counterparts by the parties on different counterpart signature pages, all of which taken together shall constitute one and the same agreement. Any of the parties hereto may execute this Stipulation and Agreed Order by signing any such counterpart and each of such counterparts shall for all purposes be deemed to be an original.

Dated: _____ , 2004

                                                 The Honorable Judith K. Fitzgerald
                                                 United States Bankruptcy Judge

PACHULSKI, STANG, ZIEHL,
YOUNG & JONES, P.C.

_____
David W. Carickhoff, Jr. (No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899
Telephone: (302) 652-4100
Telecopier: (302) 652-4400
Attorneys for W.R. Grace & Co., et al.


MORRIS, JAMES, HITCHENS &
WILLIAMS LLP

_____
Brett D. Fallon (No. 2480)
Christina M. Thompson (No. 3976)
222 Delaware Avenue, 10th Floor
P.O. Box 2306
Wilmington, Delaware 19899
Telephone: (302) 888-6800
Telecopier: (302) 571-1750
Attorneys for Caterpillar Financial Services, Inc.

**Exhibit A**

| Contract No. | Monthly Rent | Sales Tax | Open Accounts Payable | Total Due |
|---|---|---|---|---|
| 150335-000 | $398.00 | $27.86 | May, 2003 through February, 2004 | $4,258.60 |
| 150335-001 | $333.00 | $23.31 | May, 2003 through February, 2004 | $3,563.10 |
| 123062-000 | $372.00 | $0.00 | October, 2003 through February, 2004 | $1,860.00 |
| 123062-001 | $335.00 | $23.45 | May, 2003 through February, 2004 | $3,584.50 |
| 123062-002 | $335.00 | $0.00 | May, 2003 through February, 2004 | $3,350.00 |
| 123062-003 | $335.00 | $0.00 | May, 2003 through February, 2004 | $3,350.00 |
| 123062-004 | $351.00 | $0.00 | May, 2003 through February, 2004 | $3,510.00 |
| 133046-000 | $644.80 | $0.00 | February, 2004 | $644.80 |
| 123965-000 | $1,598.84 | $0.00 | November, 2003 through February, 2004 | $6,395.36 |
| 116042-000 | $602.62 | $42.18 | May, 2003 through February, 2004 | $6,448.00 |
|  |  |  |  | $36,964.36 |