IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Objection Deadline: March 11, 2004 at 4:00 p.m.** |
| | ) | **Hearing Date: March 22, 2004 at 12:00 p.m.** |
| | ) | |

**FIRST QUARTERLY INTERIM APPLICATION OF PROTIVITI INC.
FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR
JULY 1, 2003 THROUGH SEPTEMBER 30, 2003**

<u>Name of Applicant</u>:    Protiviti Inc. ("Protiviti").

<u>Authorized to Provide Professional Services to</u>:  The above-captioned debtors and debtors-in-possession.

<u>Date of Retention</u>:  November 17, 2003, *nunc pro tunc* to June 30, 2003

<u>Period for which Compensation and Reimbursement is Sought</u>:  July 1, 2003 through September 30, 2003.

<u>Amount of Compensation Sought as Actual, Reasonable and Necessary</u>:  $167,495.00

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

<u>Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary</u>: $7,174.13.

This is a: _____ monthly _____ quarterly __X__ interim _____ final application.

Prior Applications filed:

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 01/20/04 | 07/01/03-07/31/03 | $31,532.50 | $0.00 | Pending | Pending |
| 01/21/04 | 08/01/03-08/31/03 | $42,320.00 | $177.58 | Pending | Pending |
| 01/21/04 | 09/01/03-09/31/03 | $93,642.50 | $6,996.55 | Pending | Pending |

| Name of Professional | Position of the Applicant / Number of Years Experience in Profession | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Dillon, Mark | Managing Director<br>27 years | $300.00 | 1.0 | $ 300.00 |
| Hendrixson, Marie | Managing Director<br>19 years | $300.00 | 7.9 | $2,370.00 |
| Blanchard, Victor | Associate Director<br>17 years | $275.00 | 177.0 | $48,675.00 |
| Beirne, Thomas | Director<br>30 years | $275.00 | 36.0 | $9,900.00 |
| Gray, Gretchen | Manager<br>8 years | $225.00 | 19.5 | $4,387.50 |
| Green, Kenneth | Manager<br>5 years | $225.00 | 100.7 | $22,657.50 |
| Petito, Matthew | Senior Consultant<br>5 years | $175.00 | 213.2 | $37,310.00 |

| Name of Professional | Position of the Applicant / Number of Years Experience in Profession | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Strickler, Kevin | Senior Consultant 5 years | $175.00 | 175.9 | $30,782.50 |
| Conrad, John | Senior Consultant 4 years | $175.00 | 9.5 | $1,662.50 |
| Byrum, Scott | Consultant 1 year | $150.00 | 12.5 | $1,875.00 |
| Beale, Kina | Consultant 1 year | $ 150.00 | 50.5 | $7,575.00 |
| | | Totals | 803.7 | $167,495.00 |
| | | Blended Rate | | $ 208.40 |

**COMPENSATION BY PROJECT CATEGORY**

| Project Category | Total Hours 7/01/03 through 9/30/03 | Total Fees Requested 7/01/03 through 9/30/03 |
|---|---|---|
| Asset Analysis and Recovery | 0 | 0 |
| Asset Disposition | 0 | 0 |
| Business Operations | 0 | 0 |
| Case Administration | 0 | 0 |
| Claims Administration and Objections | 0 | 0 |
| Employee Benefits/Pension | 0 | 0 |
| Retention of Professionals | 0 | 0 |
| Fee Applications | 0 | 0 |
| Fee Application Objections | 0 | 0 |
| Financing | 0 | 0 |
| Security Issues | 0 | 0 |
| Litigation | 0 | 0 |
| Plan and Disclosure Statement | 0 | 0 |
| Relief from Stay Proceedings | 0 | 0 |
| Tax Issues | 0 | 0 |
| Valuation | 0 | 0 |
| Other (Explain) <br>• Sarbanes-Oxley Compliance Services | 803.7 | $167,495.00 |
| Accounting/Auditing | 0 | 0 |
| Business Analysis | 0 | 0 |
| Corporate Finance | 0 | 0 |
| Data Analysis | 0 | 0 |
| **Total** | **803.7** | **$167,495.00** |

**EXPENSE SUMMARY**

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Transportation | N/A | $3,474.94 |
| Lodging | N/A | $2,202.77 |
| Sundry | N/A | $1,007.41 |
| Business Meals / Entertainment | N/A | $489.01 |
| **Total Expenses** | | **$7,174.13** |

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[2] | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Objection Deadline: March 11, 2004 at 4:00 p.m.** |
| | ) | **Hearing Date: March 22, 2004 at 12:00 p.m.** |
| | ) | |

**FIRST QUARTERLY INTERIM APPLICATION OF PROTIVITI INC.
FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES
FOR JULY 1, 2003 THROUGH SEPTEMBER 30, 2003**

Pursuant to sections 330 and 331 of title 11 of the United States Code (the

"Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), and the Court's 'Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331

Establishing Procedures for Interim Compensation and Reimbursement of Expenses for

Professionals and Official Committee Members', signed April 17, 2002 (the "Amended

Administrative Order"), amending the Court's 'Administrative Order Pursuant to Sections 105(a)

---

[2] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grac e International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

6

and 331 of the Bankruptcy Code Establishing Procedures for Allowance and Payment of

Monthly Interim Compensation and Reimbursement of Expenses of Professionals', entered May

3, 2001, Protiviti Inc. ("Protiviti") hereby files this First Quarterly Interim Application of

Protiviti Inc. for Compensation and for Reimbursement of Expenses for July 1, 2003 through

September 30, 2003 (the "First Quarterly Fee Application"). By this First Quarterly Fee

Application Protiviti seeks the interim allowance of compensation in the amount of $167,495.00

and reimbursement of actual and necessary expenses in the amount of $7,174.13 for a total of

$174,669.13, or 100% of all compensation and expense reimbursement requested, for the period

July 1, 2003 through September 30, 2003 (the "Interim Period"). In support of this First

Quarterly Fee Application, Protiviti respectfully represents as follows:

<u>**Background**</u>

      1.     On April 2, 2001, each of the Debtors (collectively, the "Debtors") filed a

voluntary petition for relief under chapter 11 of title 11 of the United States Code (the

"Bankruptcy Code"). Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, Debtors are

continuing to operate their businesses and manage their properties and assets as debtors in

possession. Since the Petition Date, the U.S. Trustee has appointed the following creditors'

committees: Official Committee of Unsecured Creditors, Official Committee of Asbestos

Personal Injurcy Claimants, and Official Committee of Asbestos Property Damage Claimants

(collectively, the "Committees"). No trustee has been appointed in Debtors' Chapter 11 cases.

      2.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.      On April 2, 2001, the Court entered its order that Debtors' chapter 11 cases be consolidated for procedural purposes only and administered jointly.

4.      By this Court's order dated November 17, 2003, Debtors were authorized to retain Protiviti as their Sarbanes-Oxley Compliance Advisors , effective as of June 30, 2003 (the "Retention Order"). The Retention Order authorizes Debtors to compensate Protiviti at Protiviti's hourly rates charged for services of this type and to be reimbursed for actual and necessary out-of-pocket expenses that it incurred, subject to application to this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, all applicable local rules and orders of this Court.

5.      On May 3, 2001, the Court entered an Administrative Order establishing procedures for interim compensation and reimbursement of expenses of professionals. That order was amended by the Amended Administrative Order, signed on April 17, 2002. Pursuant to the procedures set forth in the Administrative Order and the Amended Administrative Order, professionals may request monthly compensation and reimbursement, and interested parties may object to such requests. If no interested party objects to a professional's request within twenty (20) days, the applicable professional may submit to the Court a certification of no objection authorizing the interim compensation and reimbursement of eighty percent (80%) of the fees requested and 100% of the expenses requested, subject to the filing and approval of interim and final fee applications of the professional. The professional is also to file a quarterly interim fee application.

## Monthly Fee Applications Covered Herein

6.      Prior to the filing of this First Quarterly Fee Application, the July 1, 2003

through September 30, 2003 monthly fee applications of Protiviti had been filed with the Court

pursuant to the Administrative Order and Amended Administrative Order.  The July 1, 2003

through September 30, 2003 monthly applications are the subject of this First Quarterly Fee

Application.

7.      On or about January 20, 2004, Protiviti filed the First Monthly Application

of Protiviti Inc. for Compensation for Services Rendered and Reimbursement of Expenses as

Sarbanes-Oxley Compliance Advisors to the Debtors for the Period From July 1, 2003 through

July 31, 2003 (the "First Application," Docket No. 4978), requesting $31,532.50 in fees and

$0.00 in expenses.  The First Application is attached hereto as Exhibit A.  No objections were

received with respect to the First Application, and a certificate of no objection was filed on

January 23, 2004 (Docket No. 4978).

8.      On or about January 21, 2004, Protiviti filed its Second Monthly

Application of Protiviti Inc. for Compensation for Services Rendered and Reimbursement of

Expenses as Sarbanes-Oxley Compliance Advisors to the Debtors for the Period From August 1,

2003 through August 31, 2003 (the "Second Application," Docket No. 4979), requesting

$42,320.00 in fees and $177.58 in expenses.  The Second Application is attached hereto as

Exhibit B.  No objections were received with respect to the Second Application, and a certificate

of no objection was filed on January 23, 2004 (Docket No. 4979).

9.      On or about January 21, 2004, Protiviti filed its Third Monthly

Application of Protiviti Inc.for Compensation for Services Rendered and Reimbursement of

Expenses as Sarbanes-Oxley Compliance Advisors to the Debtors for the Period From

September 1, 2003 through September 30, 2003 (the "Third Application," Docket No. 4980)

requesting $ 93,642.50 in fees and $ 6,996.55 in expenses. The Third Application is attached

hereto as Exhibit C.

        10.     The monthly fee applications covered by this First Quarterly Fee

Application contain detailed daily time logs describing the actual and necessary services

provided by Protiviti during the Interim Period as well as other detailed information required to

be included in fee applications. Those monthly applications, attached hereto as Exhibits A, B,

and C, are incorporated herein by reference.

### Requested Relief

        11.     By this First Quarterly Fee Application, Protiviti requests that the Court

approve the interim allowance of compensation for professional services rendered and the

reimbursement of actual and necessary expenses incurred by Protiviti from July 1, 2003 through

September 30, 2003.[3] As stated above, the full scope of the services provided and the related

expenses incurred are fully described in the monthly fee applications for the Interim Period that

already have been filed with the Court and are attached hereto as Exhibits A, B, and C.

        12.     At all relevant times, Protiviti has been a disinterested person as that term

is defined in section 101(14) of the Bankruptcy Code and has not represented or held an interest

adverse to the interest of Debtors.

---

[3] Protiviti reserves its right to seek at a later date compensation for services rendered and expenses incurred during the applicable period that are not otherwise included in the relevant monthly fee application.

13.     All services for which compensation is requested by Protiviti were performed for or on behalf of Debtors and not on behalf of any committee, creditor, or other person.

14.     During the Interim Period, Protiviti has received no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with Debtors' cases.  There is no agreement or understanding between Protiviti and any other entity for the sharing of compensation to be received for services rendered in these cases.

15.     The professional services and related expenses for which Protiviti requests interim allowance of compensation and reimbursement of expenses were rendered and incurred in connection with these cases in the discharge of Protiviti's professional responsibilities as Sarbanes-Oxley Compliance Advisors for Debtors in their chapter 11 cases.  Protiviti's services have been necessary and beneficial to Debtors and their estates, creditors, and other parties in interest.

WHEREFORE, Protiviti respectfully requests that the Court enter an order, substantially in the form attached hereto, providing that, for the period of July 1, 2003 through September 30, 2003, an allowance be made to Protiviti in the sum of $167,495.00 as compensation for reasonable and necessary professional services rendered to Debtors and in the sum of $7,174.13 for reimbursement of actual and necessary costs and expenses incurred, for a total of $174,669.13, that Debtors be authorized and directed to pay to Protiviti the outstanding amount of such sums; and for such other and further relief as this Court deems proper.


Dated:  January 28, 2004

                                    PROTIVITI INC.

                                    By: _Marie Hendrixson_____
                                    Marie Hendrixson
                                    The Wanamaker Building
                                    100 Penn Square East
                                    4th Floor
                                    Philadelphia, PA 19107
                                    Telephone: 267-256-8800
                                    Telecopy: 215-751-9892
                                    Email: Marie.Hendrixson@Protiviti.com

                                    Sarbanes-Oxley Compliance Advisors to the Debtors

VERIFICATION

STATE OF PENNSYLVANIA:

COUNTY OF PHILADELPHIA:

Marie Hendrixson, after being duly sworn according to law, deposes and says:

a)    I am a Managing Director with the applicant advisory firm Protiviti Inc..

b)    I have personally performed some of the Sarbanes-Oxley compliance services rendered by Protiviti Inc. as Sarbanes-Oxley Compliance Advisors to the Debtors and am thoroughly familiar with the other work performed on behalf of the Debtors by the professionals of Protiviti Inc.

c)    I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Del.Bankr.LR 2016-2 and the 'Amended Administrative Order Under 11 U.S.C. §§105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members,' signed April 17, 2002, and submit that the Application substantially complies with such Rule and Order.

_Marie Hendrixson_
Marie Hendrixson

SWORN AND SUBSCRIBED
before me this 6ᵗʰ day of February, 2004.

_____
Notary Public
My Commission Expires:  10/1/05

NOTARIAL SEAL
SHERI S. McMANUS, Notary Public
City of Philadelphia, Phila. County
My Commission Expires October 1, 2005

13