IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
                                                            )
In re                                                       )
                                                            )   Chapter 11
                                                            )   Case No. 01-01139 (JKF)
W.R. GRACE & CO., et al.,                                   )   (Jointly Administered)
                                                            )
                                                            )
                                                            )   Objections Due: April 9, 2004 at 4:00 p.m.
                                    Debtors.                )   Hearing Date: April 26, 2004 at 12:00 p.m.
------------------------------------------------------------x

**APPLICATION FOR ORDER AUTHORIZING THE EMPLOYMENT
AND RETENTION OF CAPSTONE CORPORATE RECOVERY, LLC,
TO REPLACE FTI CONSULTING, INC. AS FINANCIAL ADVISORS
FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

**TO THE HONORABLE JUDITH K. FITZGERALD,
UNITED STATES BANKRUPTCY JUDGE:**

The Official Committee of Unsecured Creditors (the "Committee") of W.R. Grace & Co., et al., the debtors and debtors-in-possession herein (the "Debtors"), hereby applies (this "Application") to the Court for the entry of an order authorizing it to employ and retain Capstone Corporate Recovery, LLC ("Capstone"), in substitution and replacement of FTI Policano and Manzo (a/k/a FTI Consulting, Inc.) as its financial advisors in these cases, pursuant to sections 327(a), 328 and 1103(a) of the Bankruptcy Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), nunc pro tunc as of February 4, 2004. In support of this Application, the Committee: (i) submits the Affidavit of Edwin N. Ordway, Jr., a principal of Capstone (the "Ordway Affidavit"), a copy of which is attached hereto as Exhibit A and incorporated herein by reference, and (ii) respectfully represents as follows:

WLM\194340.1

**Background**

1. On April 2, 2001 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware.

2. The Debtors continue to operate their businesses and manage their respective properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue in this proceeding is proper in this district pursuant to 28 U.S.C. § 1408 and 1409.

4. On April 12, 2001, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed nine (9) members to the Committee, with J.P. Morgan Chase & Co. as chair. Thereafter, the Committee selected Stroock & Stroock & Lavan LLP ("Stroock") as its attorneys. The Committee also selected Duane Morris LLP ("Duane Morris") to act as its co-counsel with Stroock. On December 3, 2003, the U.S. Trustee amended its appointment of the members to the Committee. The current members are: J.P. Morgan Chase & Co., Wachovia Bank, successor by merger with First Union National Bank, Sealed Air Corporation and The Bank of Nova Scotia.

**Relief Requested**

5. By Order dated June 21, 2001, this Court previously approved the Committee's employment of FTI Policano and Manzo (a/k/a FTI Consulting, Inc.) ("FTI") as its financial advisors in connection with these chapter 11 cases, effective as of April 20, 2001. FTI has been advising the Committee concerning various financial matters since that time.

6. Edwin N. Ordway, Jr., a Managing Director of FTI ("Ordway"), and

certain other senior financial advisors at FTI, were the individuals with principal responsibility for handling this engagement on behalf of FTI. Effective as of January 28, 2004, Ordway and certain other individuals who had day-to-day responsibility for providing financial advisory services to the Committee, withdrew from FTI and formed, with others, Capstone. On February 4, 2004, the Committee was informed that the Edwin N. Ordway, Jr., Senior Managing Director, and Sean M. Cunningham, Managing Director, as well as certain other professional staff on these cases (the "Advisory Professionals"), were no longer working for FTI Consulting and were employed by Capstone. The Committee has considered this change and has determined that it would be beneficial to the Committee and the creditors for which it acts, as well as to the Debtors and their estates, for the Advisory Professionals to continue to render financial advisory services to the Committee. The Advisory Professionals are the individuals with intimate knowledge of the Debtors' business operations and financial affairs and have been the individuals providing the Committee with financial advisory services for nearly three years now. Capstone has agreed to be substituted as financial advisor to the Committee in place of FTI.

7. By this Application, pursuant to sections 327 and 328 of the Bankruptcy Code, the Committee seeks to employ Capstone as its financial advisor, nunc pro tunc to February 4, 2004, the date that the Committee advised Capstone of its desire to retain the services of the Advisory Professionals and in connection therewith the retention of Capstone in place of FTI. Upon entry of Capstone's retention order, FTI's financial advisory services for the Committee shall be deemed terminated (as of February 4, 2004, if nunc pro tunc approval is granted).

8. As set forth in the annexed Affidavit of Edwin N. Ordway, Jr., sworn to on February 20, 2004 (the "Ordway Affidavit"), Capstone has not performed any services for or on behalf of the Committee prior to February 4, 2004, and requests that its retention be made

3

effective as of that date. An engagement letter between the Committee and Capstone (the "Engagement Letter") is attached to the Ordway Affidavit as Schedule I and is incorporated herein by reference.

9. The Committee has selected Capstone for the reason that the members of Capstone have considerable expertise in the fields of bankruptcy, insolvency, reorganizations, liquidations, Debtors' and creditors' rights, debt restructuring and corporate reorganizations, commercial litigation and intellectual property, among others. Moreover, the individuals now working for Capstone are intimately familiar with the Debtors' business operations and financial affairs. The Committee believes that it is in the best interest of the Debtors' estates and its unsecured creditors if the Committee is permitted to continue the employ of the individual financial advisors who are most familiar with and have the greatest experience with the Debtors' operations and finances. Accordingly, the Committee believes that Capstone, which currently employs these individuals, is well qualified and the best suited to represent it in these chapter 11 cases.

## Services to be Provided by Capstone

10. The Committee believes that Capstone is qualified to represent it in these cases in a cost-effective, efficient and timely manner. The professional services that Capstone will render to the Committee will be consistent with the scope of employment previously charged to FTI, including the following:

    a. Advise and assist the Committee in its analysis and monitoring of the Debtors' historical, current and projected financial affairs, including without limitation, schedules of assets and liabilities, statement of financial affairs, periodic operating reports, analyses of cash receipts and disbursements, analyses of cash flow forecasts, analyses of trust accounting, analyses of various asset and liability accounts, analyses of cost-reduction programs, analyses of any unusual or significant transactions between the Debtors and any other entities including business acquisitions, and analyses of proposed restructuring transactions;

4

b. Develop a monthly monitoring report to enable the Committee to effectively evaluate the Debtors' performance on an ongoing basis;

c. Monitor any sale processes undertaken by the Debtors to sell all or parts of the Debtors' businesses;

d. If requested by the Committee and counsel, assist and advise the Committee and counsel in reviewing and evaluating any court motions filed or to be filed by the Debtors or any other parties-in-interest;

e. Analyze and critique any debtor-in-possession financing arrangements;

f. Analyze and advise the Committee as to whether additional cost cutting measures are available;

g. Analyze issues relating to asbestos claims, including:
    1. Debtors' claims estimates and processes used to develop such estimates.
    2. Adequacy of reserves recorded relating thereto.
    3. Proposed program to process, analyze, and establish both pre-petition and post-petition asbestos related claims.

h. Assist the Committee in analyzing all non-asbestos claim liability (EPA, tax) to include adequacy of reserves, claims process and reporting;

i. Advise and assist the Committee in reviewing executory contracts and provide recommendations with respect to the assumption or rejection of such contracts;

j. Advise and assist the Committee in identifying and/or reviewing preference payments, fraudulent conveyances and other causes of action;

k. Analyze the Debtors' assets and analyze unsecured creditors recovery under various recovery scenarios;

l. Analyze alternative reorganization scenarios in an effort to maximize the recovery to general unsecured creditors and develop negotiation strategies to support the Committee's position;

m. Assist and advise the Committee in evaluating and analyzing restructuring proposals by the Debtors;

n. Assist the Committee and its counsel in the negotiation of any and all aspects of a restructuring;

o. Review and provide analysis of any plan of reorganization and disclosure statement relating to the Debtors;

p. Assist and advise the Committee in implementing a plan of reorganization of the

Debtors;

q. Perform a liquidation analysis of the Debtors and advise the Committee and counsel in connection therewith;

r. Advise and assist the Committee in its assessments of the Debtors' management team, including the development of incentives and performance goals for remaining employees;

s. Advise and assist the Committee in its review of the Debtors' existing management processes, including but not limited to organizational structure, cash management and management information and reporting systems;

t. Advise and assist the Committee in its analysis of intercompany debt, transactions and other obligations of the Debtors including transactions between the Debtors and their non-filed subsidiaries and affiliates;

u. Advise and assist the Committee in evaluating the retention arrangements for advisors to be retained by the Debtors;

v. Render expert testimony and litigation support services, as requested from time to time by the Committee and counsel, regarding the feasibility of a plan of reorganization and other matters;

w. Attend Committee meetings and court hearings as may be required in the role as advisors to the Committee; and

x. Provide other services that are consistent with the Committee's role and duties as may be requested from time to time.

11. The Committee has employed and retained the law firm of Stroock effective April 12, 2001 pursuant to an order of the Court date May 30, 2001, and the law firm of Duane Morris effective April 17, 2001 pursuant to an order of the Court dated June 21, 2001, to serve as bankruptcy Counsel to the Committee. It is possible that the Committee may seek to retain other professionals, including experts, in the course of these proceedings. The Committee will endeavor to ensure that its professionals avoid a duplication of services to the fullest extent possible. Capstone has agreed to coordinate its activities with other professionals retained by the Committee and with those retained by the Debtors, whenever possible.

12.     In addition, the Committee will from time to time request that Capstone provide consultation with respect to tax issues of the Debtors. In providing this service to the Committee, it is the intention of Capstone, from time to time, to employ the services of tax professionals at FTI Consulting, Inc., to the extent Capstone cannot provide such services in house. Capstone will obtain, coordinate, supervise, and direct the services of the tax professionals of FTI in providing requested tax advisory services to the Committee. The fees and expenses of the tax professionals of FTI resulting from this arrangement, subject to order of the Court, will be included in the fee applications of Capstone and no separate fee applications will be submitted by FTI. The hourly fees charged by the tax professionals of FTI currently range from $375 to $625.

### Payment of Fees and Expenses

13.     Subject to this Court's approval, Capstone will charge hourly fees for the services of its staff ranging from $50/hour to $495/hour, plus reimbursement of all out-of-pocket expenses. Capstone's hourly rates may change from time to time in accordance with Capstone's billing practices and procedures.[1] Capstone will maintain detailed, contemporaneous records of time and actual and necessary expenses incurred in connection with providing the services described above by category and nature of service rendered.

14.     Capstone intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the applicable Federal Rules of Bankruptcy Procedure and Rules and orders of this Court, including the Administrative Order under §§ 105(a) and 331 Establishing Procedures for Determining Compensation and Reimbursement of Expenses for Professionals and Official

---

[1] Such established billing practice is to review and modify hourly rates annually, effective January 1st.

7

15. Committee Members, approved by the Court on May 3, 2001, as amended by Order dated April 19, 2002 (collectively, the "Administrative Fee Order"). Compensation plus reimbursement of actual, necessary out-of-pocket expenses incurred by Capstone will be payable to Capstone in accordance with the above provisions, rules and orders of the Court.

16. Capstone has agreed to prepare and file a final fee application on behalf of FTI for the period January 1, 2004 through and including February 3, 2004. Hence, any payment of fees and reimbursement of expenses with respect to services provided by FTI to the Committee in these cases will be made directly to FTI for that period. Fees and expenses incurred for the preparation of such final FTI fee application will be incurred by Capstone and included in its own fee applications beginning February 4, 2004.

### Disclosure Concerning Conflicts of Interest

17. To the best of the Committee's knowledge, information and belief, other than in connection with these cases, Capstone does not have any connection with the Debtors, their creditors, or any other party in interest, except as set forth herein and in the annexed Ordway Affidavit.

18. As set forth in the Ordway Affidavit, in order to check and clear potential conflicts of interest in these cases, Capstone researched its client database to determine whether it had any relationships with the following entities (collectively, the "Interested Parties"):

    (a) the Debtors and their affiliates;

    (b) The 20 largest unsecured creditors of the Debtors;

    (c) The members of the Committee; and

    (d) Other known actual or potential parties-in-interest in the Debtors' cases.

19. The Ordway Affidavit states that Capstone does not have a relationship

with any of the foregoing entities in matters related to these chapter 11 cases. To the extent that such client database search indicated that Capstone has a relationship with any such entity in matters unrelated to these chapter 11 cases, the identities of such entities are set forth in Schedule II to Exhibit A, annexed hereto and incorporated by reference.

20.  To the best of the Committee's knowledge, information and belief, Capstone does not represent any interest adverse to the Committee in the matters for which it is proposed to be employed and will not represent any creditor of the Debtors or any other party in these cases in any matter that is adverse to the interests of the Committee. The Committee's knowledge, information and belief regarding the matters set forth herein is based, and made in reliance, upon the Ordway Affidavit.

## Notice

21.  Notice of this Application has been given to (a) the Office of the United States Trustee, (b) counsel to the Debtors, and (c) all parties having filed a notice of appearance. The Committee respectfully submits that such notice is sufficient, and requests that this Court find that no further notice of relief requested herein is necessary or appropriate.

## No Prior Request

22.  No prior request for the relief sought in this Application has been made to this or any other court.

**WHEREFORE**, the Committee respectfully requests entry of an Order, substantially in the form attached hereto as <u>Exhibit B</u>, authorizing it to retain Capstone Corporate Recovery, LLC under general retainer as financial advisors for the Committee in the place of and instead of FTI effective as of February 4, 2004 and for such other and further relief as the Court may deem just and proper.

Dated:  New York, NY
        February 20, 2004

                                    **THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF W.R. GRACE & CO., <u>et al</u>.**

By: _____
           Managing Director
           J.P. Morgan Chase & Co.
           Chair of the Committee