## IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| *In re* | : | Chapter 11 |
| | : | Case No. 01-01139 (JKF) |
| W. R. GRACE & CO., *et al.,* | : | (Jointly Administered) |
| | : | |
| Debtors. | : | Objection Deadline: March 16, 2004 |
| | : | Hearing Date: June 21, 2004 |

## SUMMARY COVERSHEET TO ELEVENTH QUARTERLY FEE APPLICATION
## OF PITNEY, HARDIN, KIPP & SZUCH LLP
## FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES
## FOR OCTOBER 1, 2003 THROUGH DECEMBER 31, 2003

| | |
|---|---|
| Name of Applicant: | **Pitney, Hardin, Kipp & Szuch LLP** |
| Authorized to Provide Professional Services to: | **W. R. GRACE & CO., *et al*.** |
| Date of Retention: | **May 30, 2001 (*nunc pro tunc to* April 2, 2001)** |
| Period for which compensation and reimbursement is sought: | **October 1, 2003 – December 31, 2003** |
| Amount of Compensation sought as actual, reasonable and necessary: | **$41,332.00** |
| Amount of Expense Reimbursement Sought as actual, reasonable and necessary | **$8,825.16** |

This is a: ___ monthly **X** quarterly interim ___ final application

The total time expended for fee application preparation is approximately 10 hours and the corresponding compensation requested is approximately $2,000.00.[1]

---

[1] Applicant will apply to recover compensation relating to this Fee Application in a subsequent application.

| Date Filed Docket No. | Period Covered | REQUESTED | | APPROVED | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| August 14, 2001 #793 CNO filed September 20, 2001 #943 | 4/2/01 – 4/30/01 | $13,859.50 | $7,239.68 | Approved @ 80% ($11,087.60) | Approved @ 100% |
| August 14, 2001 #794 CNO filed September 20, 2001 #944 | 5/1/01 – 5/31/01 | $37,837.50 | $10,539.48 | Approved @ 80% ($30,270.00) | Approved @ 100% |
| August 14, 2001 #795 CNO filed September 20, 2001 #946 | 6/1/01 – 6/30/01 | $29,079.00 | $10,548.57 | Approved @ 80% ($23,263.20) | Approved @ 100% |
| August 14, 2001 #796; Approved 11/25/02 #3091 | 4/2/01 – 6/30/01 | $80,776.00 | $28,327.73 | Approved @ 100% | Approved @ 100% |
| September 27, 2001 #967  Amended Exhibit B October 30, 2001 #1050  CNO filed October 31, 2001 #1062 | 7/1/01 – 7/31/01 | $33,349.00  Volun-tarily Reduced to $32,429.00 | $11,075.18 | Approved @ 80% ($25,943.20) | Approved @ 100% |
| October, 31, 2001 #1046 CNO filed November 28,2001 #1259 | 8/1/01 – 8/31/01 | $60,105.00 | $8,715.77 | Approved @ 80% ($48,084.00) | Approved @ 100% |

| Date Filed Docket No. | Period Covered | REQUESTED | | APPROVED | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| November, 30, 2001 #1292 CNO filed 12/21/01 #1419 | 9/1/01 – 9/30/01 | $94,112.50 | $10,714.88 | Approved @ 80% ($75,290.00) | Approved @ 100% |
| December 4, 2001 #1305 CNO filed 12/27/01 #1423 | 4/2/01 – 12/3/01 | $240,000.00 | $0.00 | Contingency Matter Approved @80% ($192,000.00) | N/A |
| December, 11, 2001 #1331 CNO filed 1/9/02 #1477 | 10/1/01 – 10/31/01 | $68,805.50 | $23,481.14 | Approved @ 80% ($55,044.40) | Approved @ 100% |
| January 9, 2002 #1481; Approved 11/25/02 #3091 | 7/1/01 – 9/30/01 | $186,646.50 | $30,505.83 | Approved @ 100% | Approved @ 100% |
| February 26, 2001 #1723 CNO filed 4/17/02 #1936 | 11/1/01 – 11/30/01 | $62,334.50 | $7,507.05 | Approved @ 80% ($49,867.60) | Approved @ 100% |
| February 26, 2001 #1722 CNO filed 4/17/02 #1937 | 12/1/01 – 12/31/01 | $85,347.50 | $10,019.15 | Approved @ 80% ($68,278.00) | Approved @ 100% |
| March 27, 2002 #1868 CNO filed 4/18/02 #1942 | 1/1/02 – 1/31/02 | $38,823.00 | $11,182.95 | Approved @ 80% ($31,058.40) | Approved @ 100% |
| March 28, 2002 #1871; Approved 11/25/02 #3091 | 10/1/01 – 12/31/01 | $456,487.00 | $28,241.08 | Approved @ 100% | Approved @ 100% |

| Date Filed Docket No. | Period Covered | REQUESTED | | APPROVED | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| April 17, 2002 #1938 CNO filed 5/9/02 #2031 | 2/1/02 – 2/28/02 | $67,270.10 | $8,972.08 | Approved @ 80% ($53,816.08) | Approved @ 100% |
| May 6, 2002 #2061 CNO filed 6/7/02 #2187 | 3/1/02 – 3/31/02 | $30,424.00 | $6,076.45 | Approved @ 80% ($24,339.20) | Approved @ 100% |
| June 19, 2002 #2259-60 (Objections due July 9, 2002; Hearing date August 26, 2002) | 1/1/02 – 3/31/02 | $136,517.10 | $26,231.48 | Approved @ $130,255.00 | Approved @ 100% |
| June 12, 2002 # 2208 CNO filed 7/9/02 #2349 | 4/1/02 – 4/30/02 | $33,180.00 | $1,119.59 | Approved @ 80% ($26,544.00) | Approved @ 100% |
| July 9, 2002 #2349 CNO filed 7/30/02 #2468 | 5/1/02 – 5/31/02 | $10,995.50 | $9,230.90 | Approved @ 80% ($8,796.40) | Approved @ 100% |
| August 23, 2002 #2596 CNO filed 9/17/02 #2696 | 6/1/02 – 6/30/02 | $28,403.00 | $3,922.05 | Approved @ 80% ($22,722.40) | Approved @ 100% |
| September 20, 2002 #2719 and 2721; Approved 11/25/02 #3092 | 4/1/02 – 6/30/02 | $72,578.50 | $14,272.56 | Approved @ 100% | Approved @ 100% |
| October 22, 2002 #2858 CNO filed 11/13/02 #2971 | 7/1/02 – 7/31/02 | $102,925.00 | $17,692.88 | Approved @ 80% ($82,340.00) | Approved @ 100% |
| November 14, 2002 #2977 CNO Filed 12/11/02 # 3139 | 8/1/02 – 8/31/02 | $51,745.50 | $7,075.39 | Approved @ 80% ($41,396.40) | Approved @ 100% |
| November 20, 2002 #3039 CNO filed 12/11/02 # 3135 | 9/1/02 – 9/30/02 | $29,291.10 | $4,744.95 | Approved @ 80% ($23,432.88) | Approved @ 100% |

| Date Filed Docket No. | Period Covered | REQUESTED | | APPROVED | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| November 27, 2002 #3084 & #3087 Order filed 3/14/03; #3511 | 7/1/02 – 9/30/02 | $183,969.60 | $29,513.22 | Approved for $182,143.10 | Approved |
| December 16, 2002 #3165 CNO filed 1/14/03 #3250 | 10/1/02 – 10/31/02 | $26,061.00 | $5,340.26 | Approved @ 80% ($20,848.80) | Approved @ 100% |
| December 27, 2002 #3198 Order signed 3/3/03 # 3446 | 4/4/01 – 12/3/01 | $240,000.00 | N/A | Approved | N/A |
| January 13, 2003 #3238 CNO filed 2/6/03 #3227 | 11/1/02 – 11/30/02 | $28,150.50 | $4,980.91 | Approved @ 80% ($22,520.40) | Approved @ 100% |
| February 6, 2003 #3345 CNO filed 3/27/03 #3557 | 12/1/02 – 12/31/02 | $21,414.00 | $3,594.17 | Approved @ 80% ($17,131.20 ) | Approved @ 100% |
| February 14, 2003 Order signed on 7/28/03 | 10/1/03 – 12/31/03 | $75,625.50 | $13,915.34 | Approved for $72,625.50 | Approved @ 100% |
| March 21, 2003 # 3536 CNO filed 4/15/03 #3666 | 1/1/03 – 1/31/03 | $77,836.00 | $6,477.81 | Approved @ 80% ($62,268.80) | Approved @ 100% |
| April 22, 2003 #3701 CNO filed 5/15/03 #3794 | 2/1/03 – 2/28/03 | $28,050.00 | $3,923.92 | Approved @ 80% ($22,440.00) | Approved @ 100% |
| May 28, 2003 #3836 CNO filed 7/3/03 #3999 | 3/1/03 – 3/31/03 | $14,142.00 | $471.79 | Approved @ 80% ($11,313.60) | Approved @ 100% |
| June 3, 2003 #3864 Order signed 9/22/03 #4480 | 1/1/03 – 3/31/03 | $120,028.00 | $10,873.52 | Approved for $118,379.00 | Approved @ 100% |
| June 18, 2003 #3912 CNO filed 7/11/03 #4054 | 4/1/03 – 4/30/03 | $21,507.50 | $370.10 | Approved @ 80% ($17,206.00) | Approved @ 100% |
| August 7, 2003 | 5/1/03 – | $22,184.50 | $864.72 | Approved @ | Approved @ |

| Date Filed Docket No. | Period Covered | REQUESTED | | APPROVED | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| #4181 CNO filed 9/24/03 #4475 | 5/31/03 | | | 80% ($17,747.60) | 100% |
| September 9, 2003 #4407 CNO filed 10/2/03 #4524 | 6/1/03 – 6/30/03 | $28,764.50 | $9,472.70 | Approved @ 80% ($23,011.60) | Approved @ 100% |
| September 26, 2003 #4495 & 4496 (Objections due 10/16/04) | 4/1/03 – 6/30/03 | $72,456.50 | $10,707.52 | Approved for $72,456.50 | Approved @ 100% |
| October 17, 2003 #4583 CNO filed 11/12/03 #4685 | 7/1/03 – 7/31/03 | $11,104.50 | $2,829.93 | Approved @ 80% ($8,883.60) | Approved @ 100% |
| November 6, 2003 #4666 CNO filed 12/9/03 #4798 | 8/1/03 – 8/31/03 | $3,427.50 | $2,242.92 | Approved @ 80% ($2,742.00) | Approved @ 100% |
| November 25, 2003 #4751 CNO filed 12/16/03 #4813 | 9/1/03 – 9/30/03 | $9,912.00 | $2,311.40 | Approved @ 80% ($7,929.60) | Approved @ 100 % |
| December 16, 2003 #4822 & 4823 (Objections due 1/5/04) | 7/1/03- 9/30/03 | $24,444.00 | $7,370.04 | Pending | Pending |
| November 25, 2003 # 4752 CNO filed 12/16/03 #4814 | 10/1/03- 10/31/03 | $6,779.00 | $3,507.88 | Approved @ 80% ($5,423.20) | Approved @ 100% |
| December 31, 2003 #4893 CNO filed 2/3/04 #5052 | 11/1/03 – 11/30/03 | $16,464.50 | $2,478.06 | Approved @ 80% ($13,171.60) | Approved @ 100% |
| Pending | 12/1/03 – 12/31/03 | $18,088.50 | $2,839.22 | Pending | Pending |
| Pending | 10/1/03 – 12/31/03 | $41,332.00 | $8,825.16 | Pending | Pending |

**SUMMARY OF COMPENSATION FOR THE FEE PERIOD
OCTOBER 1, 2003 THROUGH DECEMBER 31, 2003**

| Name of Professional Person | Year Admitted | Hourly Billing Rate | Total Billed Hours | Total Compensation ($) |
|---|---|---|---|---|
| **PARTNERS** | | | | |
| Anthony J. Marchetta | 1974 | 450.00 | 24.1 | $10,845.00 |
| Robert G. Rose | 1974 | 385.00 | 5.6 | $2,156.00 |
| Scott A. Zuber | 1987 | 340.00 | 1.9 | $646.00 |
| William S. Hatfield | 1993 | 275.00 | 21.5 | $5,912.50 |
| John P. Scordo | 1988 | 320.00 | 0.4 | $128.00 |
| Michael E. Waller | 1990 | 320.00 | 25.6 | $8,192.00 |
| **COUNSEL** | | | | |
| Barry M. Benjamin | 1993 | 320.00 | 14.7 | $4,704.00 |
| **ASSOCIATES** | | | | |
| Brian E. Moffitt | 1992 | 280.00 | 8.4 | $2,352.00 |
| Steven A. Muhlstock | 1999 | 225.00 | 0.8 | $180.00 |
| Kristen M. Jasket | 2000 | 180.00 | 17.0 | $3,060.00 |
| Lori A. Jordan | 2002 | 160.00 | 14.7 | $2,352.00 |
| **PARAPROFESSIONALS** | | | | |
| Sandra L. Purrington | N/A | 110.00 | 4.2 | $462.00 |
| Susan Parker | N/A | 105.00 | 1.0 | $105.00 |
| Steven S. Wattenberg | N/A | 125.00 | 1.9 | $237.50 |
| **Grand Total Time Reports (Hours and Dollars) for the Fee Period October 1, 2003 through December 31, 2003** | | | **141.8 Total Hours** | **$41,332.00** |

## SUMMARY OF EXPENSES FOR THE FEE PERIOD
## OCTOBER 1, 2003 THROUGH DECEMBER 31, 2003

| TYPE OF EXPENSE | |
|---|---:|
| | |
| Duplicating | $329.14 |
| Computer Assisted Research | $1,451.03 |
| Pd Travel Expense; bmb; Ck# 253403 | $7.50 |
| Pd Travel Expense; bmb; Ck# 253403 | $7.00 |
| Pd Travel Expense; bmb; Ck# 253403 | $7.00 |
| Pd Travel Expense; bmb; 10-15-03 | $4.00 |
| Pd Aetna Central Judicial Services for multiple job request; bmb; Ck# 252685 | $15.00 |
| PD UPS TO WILMINGTON DE; KMJ; CK# 253482 | $7.74 |
| DOCUMENT ACCESS FACILITY--ANNEX--OCTOBER 2003 | $2,148.00 |
| Telephone | $0.60 |
| PD UPS TO WILMINGTON DE;  KMJ;  CK# 254427 | $7.74 |
| PD UPS TO WILMINGTON DE; KMJ; INV # 81207463 | $7.74 |
| Postage | $4.20 |
| Paid HCK#152642 to Clerk of the Court for fee to file Motion in Supreme Court, New York County, #10507, S#4989 | $45.00 |
| DOCUMENT ACCESS FACILITY--ANNEX--NOVEMBER 2003 | $2,148.00 |
| PD UPS TO COLUMBIA MD; WSH; INV. # 81207493 | $7.74 |
| PD DELIVERY EXPENSES TO JERSEY CITY, NJ; CK# 255607 | $91.50 |
| Payment for trial transcript on 12/12/03 #10501 S#5044 | $200.00 |
| Postage | $11.45 |
| PD UPS TO WILMINGTON DE; KMJ; INV# 81207473 | $7.74 |
| PD UPS TO WILMINGTON DE; KMJ; INV# 81207473 | $7.74 |
| PD DELIVERY EXPENSES TO NEW YORK, NEW YORK; MEW; CK# 255608 | $122.35 |
| DOCUMENT ACCESS FACILITY--ANNEX--DECEMBER 2003 | $2,148.00 |
| Pd Travel Expense; bmb;  Ck# 255757 | $7.50 |
| Pd Travel Expense; bmb;  Ck# 255757 | $7.00 |
| Pd Travel Expense; bmk; Ck# 255031 | $20.45 |
| Pd Travel expense; sww; Ck# 255339 | $4.00 |
| **Grand Total Expenses for the Fee Period December 1, 2003 through December 31, 2003** | **$8,825.16** |

COMPENSATION BY PROJECT CATEGORY FOR THE FEE PERIOD

| PROJECT CATEGORIES | Total of October 1, 2003 - October 31, 2003 | Total of November 1, 2003 - November 30, 2003 | Total of December 1, 2003 - December 31, 2003 | Total of October 1, 2003 - December 31, 2003 | Total of April 2, 2001 - December 31, 2003 |
|---|---|---|---|---|---|
| 01 - Asset Analysis and Recovery | | | | | $ 3,888.50 |
| 02 - Asset Disposition | | | | | $ 13,881.00 |
| 03 - Business Operations | | | | | $ 88,741.00 |
| 04 - Case Administration | $ 1,217.00 | $ 4,878.50 | $ 10,867.00 | $ 16,962.50 | $ 219,097.10 |
| 05 - Claims Analysis, Objection, & Resolution (Asbestos) | | | | | 6,449.00 |
| 06 - Claims Analysis, Objection, & Resolution (Non-asbestos) | | | | | |
| 07 - Committee, Creditors', Noteholders' or Equity Holders | | | | | $ 1,830.00 |
| 08 - Employee Benefits/ Pension | | | | | |
| 09 - Employment Applications, Applicant | | | | | |
| 10 - Employment Applications, Others | | | $ 882.00 | $ 882.00 | 882.00 |
| 11 - Fee Applications, Applicant | $ 734.00 | $ 1,818.00 | | $ 2,552.00 | $ 63,504.50 |
| 12 - Fee Applications, Others | | | | | 1,179.00 |
| 13 - Financing | | | | | 201.00 |
| 14 - Hearings | | | | | 72,325.50 |
| 15 - Litigation and Litigation Consulting | $ 4,828.00 | $ 9,768.00 | $ 6,188.00 | $ 20,784.00 | 920,775.60 |
| 16 - Plan and Disclosure Statement | | | | | 41,393.00 |
| 17 - Relief from Stay Proceedings | | | | | 185.50 |
| 18 - Tax Issues | | | | | 4,247.00 |
| 19 - Tax Litigation | | | | | |
| 20 - Travel – Non Working | | | | | |
| 21 - Valuation | | | | | |
| 22 - ZAI Science Trial | | | | | |
| 23 - ZAI Science Trial – Expenses | | | | | |
| 24 - Other | | | $ 69.00 | $ 69.00 | 5,741.00 |
| 25 - Accounting/Auditing | | | | | |
| 26 - Business Analysis | | | | | |
| 27 - Corporate Finance | | | | | |
| 28 - Data Analysis | | | | | |
| TOTAL - FEES | $ 6,779.00 | $ 16,464.50 | $ 18,088.50 | $ 41,332.00 | $ 1,444,320.70 |
| TOTAL - EXPENSES | $ 3,507.88 | $ 2,478.06 | $ 2,839.22 | $ 8,825.16 | $ 208,797.69 |
| TOTAL FEES AND EXPENSES | $ 10,286.88 | $ 18,942.56 | $ 20,927.72 | $ 50,157.16 | $ 1,653,118.39 |

7

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| *In re:* | : | Chapter 11 |
| | : | |
| W. R. GRACE & CO., *et al.*,[1] | : | Case No. 01-01139 (JKF) |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | Objection Deadline: March 16, 2004 |
| | : | Hearing Date: June 21, 200 |

**VERIFIED APPLICATION OF PITNEY, HARDIN, KIPP & SZUCH LLP FOR
COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS
SPECIAL COUNSEL TO W. R. GRACE & CO., *ET AL.*, FOR THE INTERIM PERIOD
OCTOBER 1, 2003 THROUGH DECEMBER 31, 2003**

Pursuant to sections 327, 330 and 331 of title 11 of the United States Code (as

amended, the "Bankruptcy Code"), Fed. R. Bankr. P. 2016, the "Retention Order" (as defined

below), the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures

for Interim Compensation and Reimbursement of Professionals and Official Committee

Members (the "Interim Compensation Order") and Del.Bankr.LR 2016-2, the law firm of Pitney,

---

[1]  The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Hardin, Kipp & Szuch LLP ("Pitney, Hardin"), special counsel and ordinary course professional[2] for the above-captioned debtors and debtors in possession (collectively, the "Debtors") in their Chapter 11 cases, hereby applies for an order approving: (i) compensation in the amount of $41,332.00 for the reasonable and necessary legal services Pitney, Hardin has rendered to the Debtors, which amount includes 80% of the fees already approved from prior monthly fee applications; and (ii) reimbursement in the amount of $8,825.16 for the actual and necessary expenses that Pitney, Hardin incurred, which amount was previously paid in accordance with prior fee applications, in representing the Debtors (the "Application"), during the period from October 1, 2003 through December 30, 2003 (the "Fee Period"). In support of this Application, Pitney, Hardin respectfully represents as follows:

## Retention of and Continuing Disinterestedness of Pitney, Hardin

1.      On April 2, 2001 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of Title 11, United States Code (collectively, the "Chapter 11 Cases"). On April 2, 2001, the Court entered an order procedurally consolidating the Chapter 11 Cases for administrative purposes only. Since the Petition Date, the Debtors have continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On April 12, 2001, the office of the United States Trustee appointed: (i) a committee of unsecured creditors in the Chapter 11 Cases; (ii) a committee of asbestos personal injury claimants; and (iii) a committee of asbestos property

---

[2] Through and including the August 2001 application, Pitney, Hardin's fee requests have related only to three (3) matters for which Pitney, Hardin was retained as special counsel to the Debtors. Following discussions with the Office of the United States Trustee and counsel for Debtors, going forward Pitney, Hardin will include in its fee applications all matters in which Pitney, Hardin represents the Debtors either as special counsel or an ordinary course professional.

damage claimants. On June 18, 2001, the office of the United States Trustee appointed a committee of equity security holders.

   2. By this Court's order dated May 30, 2001 (the Retention Order), the Debtors were authorized to retain Pitney, Hardin as special counsel, effective as of the Petition Date, with regard to the following three (3) matters, more particularly described in the application filed in support of such retention: (a) *In re Intercat, Inc.*; (b) *Maryland Cas. v. W. R. Grace & Co., et al.*; and (c) *Gloucester New Communities Company, Inc. v. Del Monte Corporation, et al.*

   3. The Retention Order authorizes the Debtors to compensate Pitney, Hardin at Pitney, Hardin's hourly rates, which are being charged for services of this type and to be reimbursed for actual and necessary out-of-pocket expenses that it incurred, subject to application to this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, all applicable local rules, and orders of this Court. A copy of the Retention Order is attached hereto as **Exhibit "A."**

   As disclosed in the Affidavit of Anthony J. Marchetta in Support of Application of the Debtors for the Entry of an Order Authorizing the Retention and Employment of Pitney, Hardin, Kipp & Szuch LLP as Special Counsel to the Debtors (the "Marchetta Affidavit"), Pitney, Hardin does not hold or represent any interest adverse to the Debtors' estates with respect to the matters on which Pitney, Hardin is to be employed.

   4. Pitney, Hardin may have in the past represented, may currently represent, and likely in the future will represent, parties-in-interest in connection with matters unrelated to the Debtors and the Chapter 11 Cases. Pitney, Hardin disclosed in the Marchetta Affidavit its connections to parties-in-interest that it has been able to ascertain using its reasonable efforts.

3

Pitney, Hardin will update the Marchetta Affidavit when necessary and when Pitney, Hardin becomes aware of material new information.

5.      Pitney, Hardin performed the services for which it is seeking compensation on behalf of or for the Debtors and their estates, and not on behalf of any committee, creditor or other person.

6.      Pitney, Hardin has received payments applied for and authorized under the Interim Compensation Order.

7.      Pursuant to Fed. R. Bank. P. 2016(b), Pitney, Hardin has not shared, nor has agreed to share: (a) any compensation it has received or may receive with another party or person other than with the partners, counsel and associates of Pitney, Hardin; or (b) any compensation another person or party has received or may receive in connection with the Chapter 11 Cases. This is the sixth quarterly application for interim compensation for services rendered that Pitney, Hardin has filed with the Bankruptcy Court in connection with the Chapter 11 Cases.

### Reasonable and Necessary Services Rendered by Pitney, Hardin

8.      Pitney, Hardin submits this Application pursuant to the Retention Order seeking approval of: (a) compensation in the amount of $41,332.00 for the reasonable and necessary legal services Pitney, Hardin has rendered as special counsel to the Debtors in this Chapter 11 case during the Fee Period, which amount includes 80% of the fees already approved from prior monthly fee applications; and (b) reimbursement in the amount of $8,825.16 for the actual and necessary expenses that Pitney, Hardin incurred in the rendition of required professional services on behalf of the Debtors, which amount has been paid in accordance with prior fee applications.

4

9.      Pitney, Hardin has maintained detailed records of the time expended in rendering the professional services performed on behalf of the Debtors in this case. Such time records were generated contemporaneously with the performance of the professional services described therein and in the ordinary course of Pitney, Hardin's practice. The individual time records were recorded by the attorney or legal assistant who rendered the particular services described. Annexed hereto as **Exhibit "B"** is a copy of the actual time records maintained by Pitney, Hardin for services rendered during the Fee Period.

10.     Pitney, Hardin also maintains records of all necessary expenses and disbursements (collectively, the "Expenses") incurred by Pitney, Hardin in connection with the performance of its services. Attached hereto as **Exhibit "C"** is a complete breakdown of all the Expenses incurred during the Fee Period.

11.     Bankruptcy Code section 330 authorizes bankruptcy courts to award professionals employed by the Debtors under Bankruptcy Code Section 327 "reasonable compensation" for actual and necessary services rendered to the Debtors by such professionals. Under Bankruptcy Code section 330, the reasonableness of the compensation sought by a professional is determined by consideration of the nature, extent and value of such services, taking into account, *inter alia*, the following: (a) the time spent on such services; (b) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the task; and (c) the cost of comparable services for non-bankruptcy cases.

12.     Pitney, Hardin respectfully submits that the professional services which it has rendered and the Expenses that it has incurred on behalf of the Debtors were necessary and have resulted in substantial benefits to the Debtors. Set forth below is a summary of the services

5

provided by Pitney, Hardin to the Debtors during the Fee Period. Based upon an analysis of each of the foregoing, Pitney, Hardin respectfully submits that the compensation sought in this Application is reasonable.

### Services Rendered

13.     During the Fee Period, Pitney, Hardin rendered professional legal services, on an hourly basis, to the Debtors in connection with the following matters: *Chapter 11 Administration; Weja, Inc.; New York Superfund Action; Tahari, Ltd.;* and *Intercat, Inc., et al.* Pitney, Hardin respectfully submits that the time entries on Exhibit "B" adequately describe the services rendered on those matters.

14.     A detailed summary of the engagement costs incurred for each of the above-noted matters is set forth in Exhibit "C."

### Representations

15.     Pitney, Hardin believes that the Application is in compliance with the requirements of Del.Bankr.LR 2016-2.

16.     Although every effort has been made to include all fees and expenses from the Fee Period in the Application, some fees and expenses from the Fee Period might not be included in the Application due to accounting and processing delays. Pitney, Hardin reserves the right to make further application to the Court for allowance of fees and expenses for the Fee Period not included herein.

17.     In summary, by this Application, Pitney, Hardin requests approval for compensation of fees and expenses in the total amount of $50,157.16 consisting of: (a) $41,332.00 for reasonable and necessary professional services rendered during the Fee Period,

6

which amount includes 80% of the fees already approved from prior monthly fee applications; and (b) $8,825.16 for actual and necessary costs and expenses, which amount has already been approved from prior fee applications.

WHEREFORE, Pitney, Hardin respectfully requests the Court approve an award to Pitney, Hardin of: (a) 100% of the reasonable and necessary professional services Pitney, Hardin has rendered to the Debtors during the Fee Period, including the 80% already received on an interim basis by way of monthly fee applications and 100% reimbursement of the actual and necessary costs and expenses incurred by Pitney, Hardin during the Fee Period; and (b) that all awarded fees and expenses be paid as administrative expenses of the Debtors' estates; and (c) that this Court grant such further relief as is equitable and just.

Florham Park, New Jersey
Dated: February 5, 2004

Respectfully submitted,
PITNEY, HARDIN, KIPP & SZUCH LLP

Anthony J. Marchetta, Esq.
(Mail) P. O. Box 1945
Morristown, NJ 07962-1945
(Delivery) 200 Campus Drive
Florham Park, NJ 07932-0950