IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Objection Deadline: March 16, 2004 at 4:00 p.m. |
| | ) | Hearing Date: March 22, 2004 at 12:00 p.m. |
| | ) | |

## SUMMARY OF THE ELEVENTH QUARTERLY INTERIM VERIFIED APPLICATION OF KIRKLAND & ELLIS LLP FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS BANKRUPTCY COUNSEL TO W. R. GRACE & CO., ET AL., FOR THE INTERIM PERIOD FROM OCTOBER 1, 2003 THROUGH DECEMBER 31, 2003

| | |
|---|---|
| Name of Applicant: | **Kirkland & Ellis LLP** |
| Authorized to Provide Professional Services to: | **W. R. Grace & Co., et al., Debtors and Debtors-in-Possession** |
| Date of Retention: | **Retention Order entered May 3, 2001, effective as of April 2, 2001** |
| Period for which compensation and reimbursement is sought: | **October 1, 2003 through December 31, 2003** |
| Amount of Compensation sought as actual, reasonable, and necessary: | **$757,520.00** |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | **$20,717.44** |
| This is a: __ monthly  x quarterly application. | |

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

J:\Project Allen\Fee Application\Quarterly Applications\Main\11th Quarterly Fee App\01-1139 11th Quarterly Summary.doc
91100-001\DOCS_DE:46422.2

-1-

Previous fee applications:

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| May 29, 2001 | 4/2 - 4/30/01 | $626,079.00 | $32,439.84 | Interim approval[2] | Interim approval |
| June 29, 2001 | 5/1 - 5/31/01 | $567,151.00 | $77,487.86 | Interim approval | Interim approval |
| July 31, 2001 | 6/1 - 6/30/01 | $560,569.50 | $45,466.13 | Interim approval | Interim approval |
| July 31, 2001 | April - June, 2001 | $1,753,799.50 | $155,393.83 | $1,753,799.50 | $155,393.83 |
| August 28, 2001 | 7/1-7/31/01 | $476,582.50 | $25,312.13 | Interim approval[2] | Interim approval |
| September 28, 2001 | 8/1-8/31/01 | $472,334.50 | $29,022.59 | Interim approval | Interim approval |
| October 30, 2001 | 9/1-9/30/01 | $443,617.50 | $27,147.47 | Interim approval | Interim approval |
| November 7, 2001 | July - September, 2001 | $1,392,534.50 | $81,482.19 | $1,392,534.50 | $81,482.19 |
| December 11, 2001 | 10/1-10/31/01 | $493,074.00 | $27,724.54 | Interim approval[2] | Interim approval |
| December 29, 2001 | 11/1-11/30/01 | $524,980.00 | $29,678.21 | Interim approval | Interim approval |
| January 31, 2002 | 12/1-12/31/01 | $405,278.50 | $27,276.95 | Interim approval | Interim approval |
| February 7, 2002 | October-December, 2001 | $1,423,332.50 | $84,679.70 | $1,419,127.00 | $84,679.70 |
| March 4, 2002 | 1/1-1/31/02 | $439,056.00 | $32,279.54 | Interim approval[3] | Interim approval |
| March 27, 2002 | 2/1-2/28/02 | $412,304.00 | $18,475.64 | Interim approval | Interim approval |
| May 2, 2002 | 3/1-3/31/02 | $430,342.50 | $51,759.20 | Interim approval | Interim approval |
| June 10, 2002 | January-March, 2002 | $1,281,702.50 | $102,514.38 | $1,281,702.50 | $101,656.38 |
| June 10, 2002 | 4/1-4/30/02 | $410,702.50 | $25,286.05 | Interim approval[4] | Interim approval |
| July 2, 2002 | 5/1-5/31/02 | $335,280.50 | $25,556.83 | Interim approval | Interim approval |
| August 8, 2002 | 6/1-6/30/02 | $243,127.00 | $16,326.36 | Interim approval | Interim approval |
| September 3, 2002 | April-June, 2002 | $989,110.00 | $67,169.24 | $981,666.50 | $67,169.24 |
| September 11, 2002 | 7/1-7/31/02 | $335,129.00 | $28,504.48 | Interim approval[5] | Interim approval |
| October 2, 2002 | 8/1-8/31/02 | $344,619.00 | $86,047.20 | Interim approval | Interim approval |
| October 30, 2002 | 9/1-9/30-02 | $238,876.50 | $20,882.49 | Interim approval | Interim approval |
| November 27, 2002 | July-September, 2002 | $918,624.50 | $135,434.17 | $918,624.50 | $134,478.90 |

---

[2]   The fees and expenses requested in the April-June, 2001, July-September, 2001 and October-December, 2001, interim monthly Applications were approved on an interim basis pursuant to the order entered by this Court on November 29, 2002.

[3]   The fees and expenses requested in the January-March, 2002, interim monthly Applications were approved on an interim basis pursuant to the order entered by this Court on October 9, 2002.

[4]   The fees and expenses requested in the April-June, 2002, interim monthly Applications were approved on an interim basis pursuant to the order entered by this Court on November 29, 2002.

[5]   The fees and expenses requested in the July-September, 2002, interim monthly Applications were approved on an interim basis pursuant to the order entered by this Court on March 14, 2003.

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| December 6, 2002 | 10/1-10/31/02 | $207,778.00 | $7,769.74 | Interim approval[6] | Interim approval |
| January 13, 2003 | 11/1-11/30/02 | $122,419.00 | $4,732.30 | Interim approval | Interim approval |
| January 30, 2003 | 12/1-12/31/02 | $129,243.50 | $6,093.80 | Interim approval | Interim approval |
| March 4, 2003 | October-December, 2002 | $459,440.50 | $18,595.84 | $459,440.50 | $18,467.74 |
| March 4, 2003 | 1/1/03-1/31/03 | $162,033.00 | $6,383.16 | Interim approval[7] | Interim approval |
| April 2, 2003 | 2/1/03-2/28/03 | $215,511.50 | $3,784.70 | Interim approval | Interim approval |
| April 29, 2003 | 3/1/03-3/31/03 | $146,603.00 | $6,713.84 | Interim approval | Interim approval |
| May 15, 2003 | January-March, 2003 | $524,147.50 | $16,881.70 | $524,147.50 | $16,881.70 |
| June 3, 2003 | 4/1/03-4/30/03 | $135,130.00 | $2,786.42 | Interim approval[8] | Interim approval |
| July 11, 2003 | 5/1/03-5/31/03 | $109,408.00 | $6,546.04 | Interim approval | Interim approval |
| July 31, 2003 | 6/1/03-6/30/03 | $115,099.00 | $1,925.86 | Interim approval | Interim approval |
| August 27, 2003 | April - June, 2003 | $359,637.00 | $11,258.32 | $357,346.00 | $11,183.48 |
| September 5, 2003 | 7/1/03-7/31/03 | $197,495.50 | $9,235.33 | $157,996.40 | $9,235.33 |
| October 3, 2003 | 8/1/03-8/31/03 | $178,910.50 | $7,009.66 | $143,128.40 | $7,009.66 |
| November 6, 2003 | 9/1/03-9/30/03 | $157,200.00 | $3,817.57 | $125,760.00 | $3,817.57 |
| November 18, 2003 | July – September, 2003 | $533,606.00 | $20,062.56 | Pending | Pending |
| November 26, 2003 | 10/1 – 10/31/03 | $251,093.50 | $7,115.96 | $200,874.80 | $7,115.96 |
| December 29, 2003 | 11/1 – 11/30/03 | $187,914.00 | $4,969.88 | $150,331.20 | $4,969.88 |
| February 2, 2004 | 12/1 – 12/31/03 | $317,880.00 | $8,631.60 | Pending | Pending |

K&E has filed certificates of no objection with the Court with respect to the Monthly Fee Applications for October and November 2003, because no objections were filed with the Court within the objection period. As of the filing of this Quarterly Application, the objection period for the December 2003 Monthly Fee Application has not yet expired. The hearing for the Quarterly Application for the interim period July 1, 2003, through September 30, 2003, has been scheduled for March 22, 2004. The hearing for the Quarterly

---

[6] The fees and expenses requested in the October-December, 2002, interim monthly Applications were approved on an interim basis pursuant to the order entered by this Court on July 28, 2003.

[7] The fees and expenses requested in the January-March, 2003, interim monthly Applications were approved on an interim basis pursuant to the order entered by this Court on September 22, 2003.

[8] The fees and expenses requested in the April-June, 2003, interim monthly Applications were approved on an interim basis pursuant to the order entered by this Court on December 15, 2003.

Application for the interim period October 1, 2003, through December 31, 2003, has been scheduled for June 21, 2004.

The K&E attorneys who rendered professional services in these cases during the Fee Period are:[9]

| Name of Professional Person | Position with the Applicant | Number of Years in that Position | Department | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|---|
| Janet S Baer | Partner | 22 Years | Bankruptcy | $625.00 | 220.20 | $137,625.00 |
| James W Kapp | Partner | 10 Years | Bankruptcy | $510.00 | 175.70 | $89,607.00 |
| Christian J Lane | Associate | 6 Years | Bankruptcy | $445.00 | 393.90 | $175,285.50 |
| Samuel Blatnick | Associate | 1 Year | Bankruptcy | $255.00 | 320.30 | $81,676.50 |
| David M Bernick, P.C. | Partner | 25 Years | Litigation | $715.00 | 106.50 | $76,147.50 |
| Michelle H Browdy | Partner | 14 Years | Litigation | $445.00 | 11.40 | $5,073.00 |
| Mark E Grummer | Partner | 28 Years | Environment | $445.00 | 13.50 | $6,007.50 |
| Natalie H Keller | Partner | 7 Years | Taxation | $450.00 | 14.30 | $6,435.00 |
| Christopher Landau | Partner | 14 Years | Litigation | $510.00 | 53.80 | $27,438.00 |
| Todd F Maynes | Partner | 16 Years | Taxation | $625.00 | 12.00 | $7,500.00 |
| Brett H McGurk | Associate | 4 Years | Litigation | $375.00 | 75.90 | $28,462.50 |
| Scott A McMillin | Partner | 8 Years | Litigation | $410.00 | 10.70 | $4,387.00 |
| James H Mutchnik | Partner | 15 Years | Litigation | $455.00 | 4.60 | $2,093.00 |
| John C O'Quinn | Associate | 3 Years | Litigation | $305.00 | 7.60 | $2,318.00 |
| Pratibha J Shenoy | Associate | 3 Years | Taxation | $330.00 | 12.80 | $4,224.00 |
| Eric B Wolff | Associate | 6 Years | Litigation | $395.00 | 11.30 | $4,463.50 |
| William D A Zerhouni | Associate | Pending | Litigation | $225.00 | 59.40 | $13,365.00 |
| Total for Attorneys | | | | | 1,503.90 | $672,108.00 |

The paraprofessionals of K&E who rendered professional services in these cases during the Fee Period are:

| Name of Professional Person | Position with the Applicant | Number of Years in that Position | Department | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|---|
| Rhonda Lopera | Legal Assistant | 12 Years | Bankruptcy | $210.00 | 132.20 | $27,762.00 |
| Toni L Wallace | Legal Assistant | 3 Years | Bankruptcy | $190.00 | 19.90 | $3,781.00 |
| Maria E Yapan | Case Assistant | 8 Years | Bankruptcy | $100.00 | 20.50 | $2,050.00 |
| Wenette Bradford | Project Assistant | 1 Year | Bankruptcy | $105.00 | 1.00 | $105.00 |
| Tiffany J Wood | Project Assistant | 8 Months | Bankruptcy | $105.00 | 155.00 | $16,275.00 |
| Rosaline Langley | Project Assistant | 4 Months | Bankruptcy | $115.00 | 14.00 | $1,610.00 |
| Mark J Arnot | Project Assistant | 5 Months | Litigation | $110.00 | 13.90 | $1,529.00 |

---

[9] Any capitalized terms not defined herein have the meaning ascribed to them in the Eleventh Quarterly Interim Verified Application of Kirkland & Ellis LLP for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel to W. R. Grace & Co., et al., for October 1, 2003 through December 31, 2003.

4

| Name of Professional Person | Position with the Applicant | Number of Years in that Position | Department | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|---|
| Shirley A Pope | Legal Assistant | 18 Years | Litigation | $190.00 | 170.00 | $32,300.00 |
| | | | Total for Paraprofessionals | | 526.50 | $85,412.00 |

Grand Total for Fees: $757,520.00
Blended Rate:       $373.09

## Compensation by Matter

| Matter Number | Matter | Total Hours | Total Fees Requested |
|---|---|---|---|
| 17 | Relief from Stay | 45.90 | $21,468.00 |
| 19 | Claims Analysis Objection & Resolution (Non-Asbestos) | 102.60 | $45,475.50 |
| 20 | Case Administration | 467.90 | $106,543.50 |
| 21 | Claims Analysis Objection & Resolution (Asbestos) | 91.50 | $28,371.00 |
| 23 | Business Operations | 27.60 | $11,200.00 |
| 26 | Financing | 20.90 | $9,554.00 |
| 27 | Employee Benefits/Pension | 23.30 | $10,557.00 |
| 28 | Litigation and Litigation Consulting | 933.30 | $382,026.50 |
| 30 | Hearings | 33.60 | $19,892.00 |
| 31 | Asset Disposition | 7.80 | $3,653.00 |
| 32 | Fee Applications, Applicant | 74.90 | $24,014.50 |
| 37 | Plan and Disclosure Statement | 1.60 | $885.00 |
| 38 | Employment Applications, Others | 111.60 | $49,214.50 |
| 41 | Tax Issues | 15.80 | $7,076.50 |
| 42 | Travel non-working | 33.00 | $19,430.00 |
| 46 | Tax Litigation | 39.10 | $18,159.00 |
| | **Total** | **2,030.40** | **$757,520.00** |

Expense Summary

| Description | Amount |
|---|---:|
| Telephone | $622.77 |
| Fax Telephone Charge | $11.85 |
| Fax Charge | $227.00 |
| Standard Copies | $2,902.00 |
| Binding | $19.25 |
| Tabs/Indexes/Dividers | $15.80 |
| Color Copies | $199.50 |
| Scanned Images | $291.75 |
| Overnight Delivery | $249.46 |
| Outside Messenger Services | $345.39 |
| Local Transportation | $6.00 |
| Travel Expense | $1,044.62 |
| Airfare | $5,457.54 |
| Transportation to/from airport | $908.56 |
| Travel Meals | $103.40 |
| Court Reporter Fee/Deposition | $635.81 |
| Filing Fees | $40.00 |
| Calendar/Court Services | $30.00 |
| Witness Fees | $(159.00) |
| Outside Copy/Binding Services | $608.79 |
| Working Meals/K&E and Others | $24.08 |
| Information Broker Doc/Svcs | $958.69 |
| Library Document Procurement | $30.00 |
| Computer Database Research | $5,540.87 |
| Overtime Transportation | $187.55 |
| Overtime Meals | $12.00 |
| Overtime Meals - Attorney | $201.04 |
| Secretarial Overtime | $107.55 |
| Word Processing Overtime | $89.17 |
| Miscellaneous Office Expenses | $6.00 |
| **Total** | **$20,717.44** |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Objection Deadline: March 16, 2004 at 4:00 p.m. |
| | ) | Hearing Date: March 22, 2004 at 12:00 p.m. |
| | ) | |

## ELEVENTH QUARTERLY INTERIM VERIFIED APPLICATION OF KIRKLAND & ELLIS LLP FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS BANKRUPTCY COUNSEL TO W. R. GRACE & CO., ET AL., FOR THE INTERIM PERIOD FROM OCTOBER 1, 2003 THROUGH DECEMBER 31, 2003

Pursuant to sections 327, 330 and 331 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Fed. R. Bankr. P. 2016, the Retention Order (as defined below), the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Professionals and Official Committee Members (the "Interim Compensation Order"), the Amended Administrative Order under 11 U.S.C. §§ 105(a) and 331 Establishing Revised Procedures for Interim Compensation and

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

I:\Project Allen\Fee Application\Quarterly Applications\Main\11th Quarterly Fee App\01-1139 11th Quarterly Fee App.doc
91100-001\DOCS_DE:46422.2

-1-

Reimbursement of Expenses for Professionals and Official Committee Members (the "Amended Interim Compensation Order") and Del.Bankr.LR 2016-2, the law firm of Kirkland & Ellis LLP ("Kirkland & Ellis" or "K&E"), bankruptcy counsel for the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") in their chapter 11 cases, hereby applies for an order allowing it (i) compensation in the amount of $757,520.00 for the reasonable and necessary legal services K&E has rendered to the Debtors and (ii) reimbursement for the actual and necessary expenses that K&E has incurred in the amount of $20,717.44 (the "Eleventh Quarterly Fee Application"), in each case for the interim quarterly period from October 1, 2003, through December 31, 2003 (the "Fee Period"). In support of this Application, K&E respectfully states as follows:

## BACKGROUND

### Retention of Kirkland & Ellis

1. On April 2, 2001 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). On April 2, 2001, the Court entered an order procedurally consolidating the Chapter 11 Cases for administrative purposes only. Since the Petition Date, the Debtors have continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. By this Court's order dated May 3, 2001, the Debtors were authorized to retain K&E as their counsel, effective as of the Petition Date, with regard to the filing and prosecution of the Chapter 11 Cases and all related matters (the "Retention Order"). The Retention Order authorizes the Debtors to compensate K&E at K&E's hourly rates charged for services of this type and to be reimbursed for actual and necessary out-of-pocket expenses that it

2

incurred, subject to application to this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, all applicable local rules and orders of this Court.

**Monthly Interim Fee Applications Covered Herein**

3. Pursuant to the procedures set forth in the Interim Compensation Order, as amended by the Amended Interim Compensation Order, professionals may apply for monthly compensation and reimbursement (each such application, a "Monthly Fee Application"), and the notice parties listed in the Amended Interim Compensation Order may object to such request. If no notice party objects to a professional's Monthly Fee Application within twenty (20) days after the date of service of the Monthly Fee Application, the applicable professional may submit to the Court a certification of no objection whereupon the Debtors are authorized to pay interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested.

4. Furthermore, and also pursuant to the Amended Interim Compensation Order, within 45 days of the end of each quarter, professionals are to file and serve upon the notice parties a quarterly request (a "Quarterly Fee Application") for interim Court approval and allowance of the Monthly Fee Applications filed during the quarter covered by that Quarterly Fee Application. If the Court grants the relief requested by the Quarterly Fee Application, the Debtors are authorized and directed to pay the professional 100% of the fees and expenses requested in the Monthly Fee Applications covered by that Quarterly Fee Application less any amounts previously paid in connection with the Monthly Fee Applications. Any payment made pursuant to the Monthly Fee Applications or a Quarterly Fee Application is subject to final approval of all fees and expenses at a hearing on the professional's final fee application.

5. This Quarterly Fee Application, which is submitted in accordance with the Amended Interim Compensation Order, is the eleventh Quarterly Fee Application for compensation for services rendered that K&E has filed with the Bankruptcy Court in connection

incurred, subject to application to this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, all applicable local rules and orders of this Court.

**Monthly Interim Fee Applications Covered Herein**

3. Pursuant to the procedures set forth in the Interim Compensation Order, as amended by the Amended Interim Compensation Order, professionals may apply for monthly compensation and reimbursement (each such application, a "Monthly Fee Application"), and the notice parties listed in the Amended Interim Compensation Order may object to such request. If no notice party objects to a professional's Monthly Fee Application within twenty (20) days after the date of service of the Monthly Fee Application, the applicable professional may submit to the Court a certification of no objection whereupon the Debtors are authorized to pay interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested.

4. Furthermore, and also pursuant to the Amended Interim Compensation Order, within 45 days of the end of each quarter, professionals are to file and serve upon the notice parties a quarterly request (a "Quarterly Fee Application") for interim Court approval and allowance of the Monthly Fee Applications filed during the quarter covered by that Quarterly Fee Application. If the Court grants the relief requested by the Quarterly Fee Application, the Debtors are authorized and directed to pay the professional 100% of the fees and expenses requested in the Monthly Fee Applications covered by that Quarterly Fee Application less any amounts previously paid in connection with the Monthly Fee Applications. Any payment made pursuant to the Monthly Fee Applications or a Quarterly Fee Application is subject to final approval of all fees and expenses at a hearing on the professional's final fee application.

5. This Quarterly Fee Application, which is submitted in accordance with the Amended Interim Compensation Order, is the eleventh Quarterly Fee Application for compensation for services rendered that K&E has filed with the Bankruptcy Court in connection

with the Chapter 11 Cases, and covers the Fee Period of October 1, 2003, through December 31, 2003.

6. K&E has filed the following Monthly Fee Applications for interim compensation during this Fee Period:

   a. Summary Application of Kirkland & Ellis for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel to W.R. Grace & Co., et al., for the First Monthly Period from October 1, 2003, through October 31, 2003, for the Quarter of October-December, 2003, filed November 26, 2003, (the "October Fee Application") attached hereto as Exhibit A;

   b. Summary Application of Kirkland & Ellis for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel to W.R. Grace & Co., et al., for the Second Monthly Period from November 1, 2003, through November 30, 2003, for the Quarter of October-December, 2003, filed December 29, 2003, (the "November Fee Application") attached hereto as Exhibit B; and

   c. Summary Application of Kirkland & Ellis LLP for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel to W.R. Grace & Co., et al., for the Third Monthly Period from December 1, 2003, through December 31, 2003, for the Quarter of October-December, 2003, filed February 2, 2003, (the "December Fee Application") (collectively, the October Fee Application, the November Fee Application and the December Fee Application are the "Applications") attached hereto as Exhibit C.

7. The periods for objecting to the fees and expense reimbursement requested in the October and November Fee Applications passed without any objections being filed, whereupon the Debtors filed certificates of no objection with the Court and have either paid or will pay interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested. The deadline for objecting to the December Fee Application has not passed yet.

8. K&E has advised and represented the Debtors in connection with the operation of their businesses and other matters arising in the performance of their duties as a debtors-in-possession during the period covered by the Eleventh Quarterly Fee Application.

4

Furthermore, K&E has prepared various pleadings, motions and other papers submitted to this Court for consideration, has appeared before this Court during hearings regarding these cases and has performed various other professional services that are described in the Applications.

**Previous Quarterly Fee Applications**

9. K&E has previously filed the following Quarterly Fee Applications:

a. First Quarterly Interim Verified Application of Kirkland & Ellis for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel for W. R. Grace & Co., et al., for the Interim Period from April 2, 2001 through June 30, 2001, filed August 2, 2001, (the "First Quarterly Fee Application");

b. Second Quarterly Interim Verified Application of Kirkland & Ellis for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel for W. R. Grace & Co., et al., for the Interim Period from July 1, 2001 through September 30, 2001, filed November 7, 2001, (the "Second Quarterly Fee Application");

c. Third Quarterly Interim Verified Application of Kirkland & Ellis for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel for W. R. Grace & Co., et al., for the Interim Period from October 1, 2001 through December 31, 2001, filed February 7, 2002, (the "Third Quarterly Fee Application");

d. Fourth Quarterly Interim Verified Application of Kirkland & Ellis for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel for W. R. Grace & Co., et al., for the Interim Period from January 1, 2002 through March 31, 2002, filed June 10, 2002 (the "Fourth Quarterly Fee Application");

e. Fifth Quarterly Interim Verified Application of Kirkland & Ellis for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel for W.R. Grace & Co., et al., for the Interim Period from April 1, 2002 through June 30, 2002, filed September 30, 2002 (the "Fifth Quarterly Fee Application");

f. Sixth Quarterly Interim Verified Application of Kirkland & Ellis for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel for W.R. Grace & Co., et al., for the Interim Period from July 1, 2002 through September 30, 2002, filed November 27, 2002 (the "Sixth Quarterly Fee Application");

5

g.  Seventh Quarterly Interim Verified Application of Kirkland & Ellis for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel for W.R. Grace & Co., et al., for the Interim Period from October 1, 2002 through December 31, 2002, filed March 4, 2003 (the "Seventh Quarterly Fee Application");

h.  Eighth Quarterly Interim Verified Application of Kirkland & Ellis for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel for W.R. Grace & Co., et al., for the Interim Period from January 1, 2003 through March 31, 2003, filed May 15, 2003 (the "Eighth Quarterly Fee Application");

i.  Ninth Quarterly Interim Verified Application of Kirkland & Ellis for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel for W.R. Grace & Co., et al., for the Interim Period from April 1, 2003 through June 30, 2003, filed August 27, 2003 (the "Ninth Quarterly Fee Application"); and

j.  Tenth Quarterly Interim Verified Application of Kirkland & Ellis for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel for W.R. Grace & Co., et al., for the Interim Period from July 1, 2003 through September 30, 2003, filed November 18, 2003 (the "Tenth Quarterly Fee Application") (collectively, the First Quarterly Fee Application, the Second Quarterly Fee Application, the Third Quarterly Fee Application, the Fourth Quarterly Fee Application, the Fifth Quarterly Fee Application, the Sixth Quarterly Fee Application, the Seventh Quarterly Fee Application, the Eighth Quarterly Fee Application, the Ninth Quarterly Fee Application, and the Tenth Quarterly Fee Application are the "Quarterly Applications").

10.  There have been no objections filed with respect to the Quarterly Applications. The Tenth Quarterly Fee Application is scheduled for hearing on March 22, 2004. The Eleventh Quarterly Fee Application is scheduled for hearing June 21, 2004. The Debtors have filed certificates of no objection with respect to each of the three monthly Fee Applications related to each of the above-listed Quarterly Applications and have paid, in each case, 80% of the compensation requested for fees and reimbursed 100% of the expenses requested in the First through Tenth Quarterly Fee Applications. The First, Second, Third and Fifth Quarterly Fee Applications were heard on November 25, 2002, and orders were entered on November 29, 2002, granting interim compensation and reimbursement for the First, Second,

6

Third and Fifth Quarterly Fee Applications. The Fourth Quarterly Fee Application was heard on August 26, 2002, and an order was entered on October 9, 2002, granting interim compensation and reimbursement of expenses requested in the Fourth Quarterly Fee Application. An order was entered on March 14, 2003, granting interim compensation and reimbursement of expenses requested in the Sixth Quarterly Fee Application. The Seventh Quarterly Fee Application was heard on June 17, 2003, and an order was entered on July 28, 2003, granting interim compensation and reimbursement of expenses requested in the Seventh Quarterly Fee Application. The Eighth Quarterly Fee Application was heard on September 22, 2003, and an order was entered on September 22, 2003, granting interim compensation and reimbursement of expenses requested in the Eighth Quarterly Fee Application. The Ninth Quarterly Fee Application was heard on December 15, 2003, and an order was entered on December 15, 2003[2], granting interim compensation and reimbursement of expenses requested in the Ninth Quarterly Fee Application.

**Requested Relief**

11.    By this Eleventh Quarterly Fee Application, K&E requests that the Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by K&E for the Fee Period as detailed in the Applications, less any amounts previously paid to K&E pursuant to the Applications and the procedures set forth in the Interim Compensation Order. As stated above, the full scope of services provided and the related expenses incurred are fully described in the Applications, which are attached hereto as Exhibits A through C.

---

[2]   An amended order correcting certain information on the Exhibit was entered on December 19, 2003.

**Disinterestedness**

12. As disclosed in the following affidavits:

a. Affidavit of James H.M. Sprayregen in Support of Application for Order Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014(a) Authorizing the Employment and Retention of Kirkland & Ellis as Attorneys for the Debtors and Debtors in Possession (the "Original Affidavit"), filed April 2, 2001;

b. First Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "First Supplement"), filed April 17, 2001;

c. Second Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "Second Supplement"), filed May 2, 2001;

d. Third Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "Third Supplement"), filed July 24, 2001;

e. Fourth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "Fourth Supplement"), filed September 13, 2001;

f. Fifth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "Fifth Supplement"), filed October 24, 2001;

g. Sixth Supplemental Affidavit of James H.M. Sprayregen under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "Sixth Supplement"), filed November 13, 2001;

h. Seventh Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "Seventh Supplement"), filed April 11, 2002;

i. Eighth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed R. Bankr. P. 2014 (the "Eighth Supplement"), filed May 23, 2002;

j. Ninth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed R. Bankr. P. 2014 (the "Ninth Supplement"), filed July 19, 2002;

k. Tenth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. Section 327(a) and Fed. R. Bankr. P. 2014 (the "Tenth Supplement"), , filed September 18, 2002; and

l. Eleventh Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. Section 327(a) and Fed. R. Bankr. P. 2014 (the "Eleventh Supplement"), (together with the First Supplement, Second Supplement, Third Supplement, Fourth Supplement, Fifth Supplement, Sixth Supplement, Seventh Supplement, Eighth Supplement, Ninth Supplement, Tenth Supplement and the Original Affidavit are the "Affidavits"), filed March 11, 2003

K&E does not hold or represent any interest adverse to the estates, and has been, at all relevant times, a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code.

13. K&E may have in the past represented, may currently represent, and likely in the future will represent parties-in-interest in connection with matters unrelated to the Debtors and the Chapter 11 Cases. K&E disclosed in the Affidavits its connections to parties-in-interest that it has been able to ascertain using its reasonable efforts. K&E will update the Affidavits when necessary and when K&E becomes aware of material new information.

## REPRESENTATIONS

14. K&E believes that the Eleventh Quarterly Fee Application complies with the requirements of Del.Bankr.LR 2016-2 and the Amended Interim Compensation Order.

15. K&E performed the services for which it is seeking compensation on behalf of or for the Debtors and their estates, and not on behalf of any committee, creditor or other person.

16. During the Fee Period, K&E has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with these Chapter 11 Cases other than the interim compensation payments pursuant to the Interim Compensation Order.

9

17. Pursuant to Fed. R. Bank. P. 2016(b), K&E has not shared, nor has agreed to share, (a) any compensation it has received or may receive with another party or person other than with the partners, counsel and associates of K&E, or (b) any compensation another person or party has received or may receive in connection with the Chapter 11 Cases.

WHEREFORE, K&E respectfully requests that the Court enter an order providing that (a) for the Fee Period, October 1, 2003, through December 31, 2003, an administrative allowance be made to K&E in the sum of (i) $757,520.00 as compensation for reasonable and necessary professional services rendered to the Debtors and (ii) $20,717.44 for reimbursement of actual and necessary costs and expenses incurred, for a total of $778,237.44; (b) the Debtors be authorized and directed to pay to K&E the outstanding amount of such sums less any sums previously paid to K&E pursuant to the Applications and the procedures set forth in the Interim Compensation Order and (c) this Court grant such further relief as is equitable and just.

Wilmington, Delaware
Dated: February 11, 2004

Respectfully submitted,

KIRKLAND & ELLIS LLP

_____
James H.M. Sprayregen, P.C.
James W. Kapp III
Christian J. Lane
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |
| | ) | |

**VERIFICATION**

| | |
|---|---|
| STATE OF ILLINOIS | ) |
| | ) ss. |
| COUNTY OF COOK | ) |

James W. Kapp III, after being duly sworn according to law, deposes and says:

1. I am a partner with the applicant law firm Kirkland & Ellis LLP ("K&E"), and I have been admitted to appear before this Court in the above-captioned proceedings.

2. I have personally performed many of the legal services rendered by K&E as counsel to the above-captioned debtors and debtors in possession (the "Debtors"), and I am familiar with the other work performed on behalf of the Debtors by the lawyers and paraprofessionals of K&E.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

3. I have reviewed the foregoing Application, and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed the Local Bankruptcy Rules for the District of Delaware and submit that the Application substantially complies with such rules.

_____
James W. Kapp III

SWORN AND SUBSCRIBED
before me this 18th day of February, 2004.

_____
Notary Public
My Commission Expires:

OFFICIAL SEAL
TONI L WALLACE
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES:04/09/06

2