## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | § | **Chapter 11** |
| | § | |
| **W.R. GRACE & CO., et al.,** | § | **Jointly Administered** |
| | § | **Case No. 01-01139 (JKF)** |
| Debtors. | § | |
| | § | |

### FEE AUDITOR'S FINAL REPORT REGARDING
### FEE APPLICATION OF KIRKLAND & ELLIS LLP
### FOR THE TENTH INTERIM PERIOD

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the <u>Fee Application of Kirkland & Ellis LLP for the Tenth Interim Period</u>.

### BACKGROUND

1.      Kirkland & Ellis LLP (K&E) was retained as counsel to the Debtors.   In the Application, K&E seeks approval of fees totaling $533,606.00 and costs totaling $20,062.56 for its services from July 1, 2003, through September 30, 2003.

2.      In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued January 30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the United States

Bankruptcy Court for the District of Delaware, the United States District Court for the District of

Delaware, and the Third Circuit Court of Appeals.  We served on K&E an initial report based on our

review, and received a response from K&E, portions of which response are quoted herein.

## DISCUSSION

3.    In our initial report, we noted that JSB ($625) spent 1.8 hours for $1,125.00

performing tasks which appear to be more appropriate for a timekeeper at a lower hourly billing rate.

The questioned entry is provided below.

| 07/03/03 | JSB | 3.50 | Review and organize documents from all outstanding matters (1.8);... |
|---|---|---|---|

The U.S. Trustee Guidelines Rule, I.E. provides, "...[i]n evaluating fees for professional services,

it is relevant to consider various factors including the following: the time spent; the rates charged;..."

We asked K&E to explain why a professional with a lower hourly billing rate could not have

performed this task.  K&E responded as follows:

> The Initial Report questions Ms. Baer's time entry for "review and organize
> documents from all outstanding matters."  Ms. Baer's time was spent on a review of
> the status of all outstanding matters for which she was responsible.  This review and
> organization included assessment of the priorities of the open matters, development
> of strategies and preparation of checklists for the completion of such open matters
> and assignment of responsibility for task completion to other K&E professionals.
> These tasks could not be completed by another K&E professional as Ms. Baer was
> the knowledgeable individual with respect to the status and strategy for the
> outstanding matters.

We appreciate the response and offer no objection to these fees.

4.    We noted that SAM ($410) spent 0.9 hours for $369.00 performing tasks which

appear to be in the nature of noncompensable overhead.  The questioned entry is provided below.

| 9/18/03 | Scott A McMillin | 2.50 | ...;  conferences  with  S.  Slusser  re training and |
|---|---|---|---|

document gathering (.4);...; review training documents

(.5).

The Guidelines Paragraph II.E.7. states, "[f]actors relevant to a determination that the expense is proper include the following:...Whether the expenses appear to be in the nature of nonreimbursable overhead...Overhead includes word processing, proofreading, secretarial and other clerical services,..." We asked K&E to explain why these tasks should be considered compensable. K&E's response is provided below:

> The Initial Report questions Mr. McMillan's time entries for "conferences . . . re training" and "review training documents." Mr. McMillan's time did not relate to training for the benefit of K&E or Mr. McMillan. Mr. McMillan was assisting the Debtors with respect to an investigation by the Cook County State's Attorney (the "State's Attorney") of an incident in which a truck carrying the Debtors' product, which is a hazardous material, spilled some of the product. Although the Debtors' completed a clean up of the spill, the State's Attorney interviewed some of the Debtors' employees and asked questions about hazardous materials training and the Debtors' investigation into the spill incident. As reflected in the time entry and other time entries in September, Mr. McMillan interviewed one of the Debtors' employees before he met with the State's Attorney's investigator, and also talked to the plant manager about the Debtors' hazardous materials training program and related documents. Mr. McMillan also reviewed Grace's hazardous materials training documents in order to provide advice to the Debtors with respect to the appropriate response to the State's Attorney's investigation.

We appreciate the response and have no objection to these fees.

5.    In our initial report, we noted that K&E seeks reimbursement for meal-related expenses totaling $49.90 which, without additional detail, may be excessive.

9/21/03      49.90  James Kapp III, Meals, Travel Meals, Wilmington, DE, 09/21/03, (Court Hearing)

We asked K&E to provide additional detail so that we might further assess the reasonableness of this expense.   K&E responded as follows:

>The Initial Report questions a travel meal expense of $49.90 for Mr. Kapp. The amount was for a dinner and a breakfast for Mr. Kapp at the Hotel Dupont in Wilmington, Delaware. The dinner expense was $40.80 and the breakfast was $9.10. Mr. Kapp arrived in Wilmington on Sunday evening and given the late hour dined at the hotel, as there were no other reasonable options available. Mr. Kapp was in Wilmington to participate in the omnibus hearing on September 22, 2003.

We appreciate the response and have no objection to these expenses.

6.      We also noted that K&E seeks reimbursement for "Tabs/Indexes/Dividers" totaling $18.80 which appear to be in the nature of nonreimbursable overhead. We also noted that Kirkland & Ellis seeks reimbursement for "Word Processing Overtime" expenses totaling $71.09 which also appear to be in the nature of nonreimbursable overhead. We asked K&E to explain why these expenses should be considered reimbursable. K&E responded as follows:

>It would be improper to classify as "nonreimbursable overhead" any of the items that the Initial Report cites in paragraphs 7 and 8. The expense entry listed in paragraph 8 of the Initial Report is for overtime secretarial support. K&E does not, consistent with the U.S. Trustee Guidelines, charge for secretarial services provided during the normal workday. As discussed in previous responses to the Fee Auditor, however, overtime for secretaries is routinely billed as a separate line item when the time is spent on a particular client in response to a particular client requirement. Indeed, as the fee application reflects, these chapter 11 cases have required extensive overtime work by all concerned at K&E, whether attorneys, paralegals or secretarial staff, especially in the various litigation matters. These services are nonetheless distinct from, and in addition to, nonreimbursable secretarial support for attorneys that should not be, and is not, reflected as a separate line item. Similarly, the tabs/indexes/dividers cited in paragraph 7 are copy-related charges for items required above and beyond the copy charges themselves and also should be separately charged to the client.

We accept this explanation and offer no objection to these expenses.

## CONCLUSION

7.      Thus, we recommend approval of fees totaling $533,606.00 and costs totaling $20,062.56 for K&E's services from July 1, 2003, through September 30, 2003.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By:_____

      Warren H. Smith
      Texas State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 4080
Dallas, Texas  75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 4th day of March, 2004.

_____
      Warren H. Smith

## SERVICE LIST
Notice Parties

**The Applicant**

James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

**The Debtors**

David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**

James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**

Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**

Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph,Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**

Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**

Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**

Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801