# EXHIBIT B

{D0007919:1}

```
 2                UNITED STATES BANKRUPTCY COURT
                       DISTRICT OF DELAWARE
 3
                                      .
 4   IN RE:                           .    Chapter 11
                                      .
 5   W.R. Grace & Co., et al.,        .
                                      .
 6        Debtor(s).                  .    Bankruptcy #01-01139 (MD)
     . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

                              Wilmington, DE
 8                          February 23, 2004
                                12:30 p.m.
 9
                       TRANSCRIPT OF OMNIBUS HEARING
10            BEFORE THE HONORABLE JUDITH K. FITZGERALD
                    UNITED STATES BANKRUPTCY JUDGE

     APPEARANCES:

     For The Debtor(s):             James W. Kapp, III, Esq.
                                    Kirkland & Ellis
                                    200 E. Randolph Drive
14                                  Chicago, IL 60601

                                    David Carickoff, Esq.
                                    Pachulski, Stang, Ziehl,
16                                  Young, Jones & Weintraub
                                    919 North Market Street
17                                  Wilmington, DE 19801

18   For Trade Committee:           Michael Lastowski, Esq.
                                    Duane Morris, LLP
19                                  1100 N. Market St.-Ste. 1200
                                    Wilmington, DE 19801
20
                                    Kenneth Pasquale, Esq.
21                                  Stroock Stroock & Lavan, LLP
                                    180 Maiden Lane
22                                  New York, NY 10038

23   For Asbestos PI Committee:     Marla Eskin, Esq.
                                    Campbell & Levine, LLC
24                                  800 North King Street-Ste. 300
                                    Wilmington, DE 19801
25
```

16

1  I mean, why?  You've got -- the reality is, that unfortunately,
2  you have both the business aspects and the asbestos issues to
3  deal with and this Debtor has held up for three years now.  It
4  just can't keep happening.  The Debtor has to start getting to
5  the point where it's resources are used to look at the business
6  issues that it has to address, and this is one of them.
7           MR. KAPP:  Your Honor, the Debtor's are trying,
8  they're trying to move things along.  But the bottom line is,
9  until -- we need to know what -- assess the claims and the
10 dollar amounts, and know what we're dealing with, to have a
11 determination of the impact on the potential reorganization.
12          THE COURT:  Well, I agree, but you have to liquidate
13 this claim as well, because it's going to be either a very
14 large or a very small, but nonetheless, a claim against this
15 estate.  It has to be liquidated.
16          MR. KAPP:  Your Honor, the other problem we have here
17 is by doing that, instead of focusing on what we're trying to
18 do, which frankly, it is a choice, we're trying to focus on one
19 piece of the pie before we get to the other.  But even if we
20 are forced to focus on this other piece of the pie, the
21 question is, Wesconn has provided absolutely no reason why this
22 has to -- this claim has to be adjudicated now, and their
23 discovery has to be taken up now.  Even if it is adjudicated
24 now, it's not going to facilitate any recovery under a plan any
25 faster.  We don't have a plan.  And, in fact, to focus --

|   |   |
|---|---|
|   | THE COURT: Which is the next issue. |
| 2 | MR. KAPP: -- well, but Your Honor, I agree and it is. |
| 3 | But we have to focus somewhere. I mean, limited -- there's |
| 4 | only so much time in the day and I hear you and we agree, but |
| 5 | our determination has been to focus on the plan and dealing |
| 6 | with the asbestos claims, believing that once that's in place, |
|   | non-litigation, non-asbestos litigation will fall into place. |
| 8 | If we put -- it's almost putting the cart in front of the |
| 9 | horse, Your Honor. We've made a determination, if this Court |
| 10 | disagrees with that determination, I know we know how to hear |
|   | about that. But that is what we've determined to do. But in |
| 12 | the meantime, while we're focusing on this aspect, to put -- to |
| 13 | now focus on discovery here, it makes no sense when what are we |
| 14 | doing just to rush along to get to a plan that hasn't been |
| 15 | developed and in fact, our time dealing with the discovery |
| 16 | takes away from our time dealing with the plan. |
| 17 | THE COURT: When is the Debtor going to file a plan? |
| 18 | MR. KAPP: Your Honor, I can't answer that today. |
| 19 | THE COURT: Well, then, I need some answers. This |
| 20 | case is now 3 years old. It's time for the Debtor to know what |
| 21 | it's business plan is, what it's operational plan is, what it's |
| 22 | reorganization plan, in structure. I don't expect that you've |
| 23 | got all the negotiations done. I understand your need to |
| 24 | figure out what the asbestos liabilities are before you can |
| 25 | even conclude that piece. But, I sent you off to talk to all |

```
 1   the other constituent groups 2 months ago, and I expect that
 2   you're still doing that, so that the basis of a plan can be put
 3   together.  It's very long, folks, it's very long, and I'm
 4   starting to wonder whether the Debtor-In-Possession, is going
 5   to be able to get this done, and if not whether to replace the
 6   Debtor.  That's the point I'm at.
 7            MR. KAPP:  Well then, Your Honor, I guess what we
 8   would propose at this point is, if it's acceptable with the
 9   Court, to put this off until the next hearing and then we'll
10   come back with such a plan as to our structure of what we're
11   doing.
12            THE COURT:  I think the Debtor's request to have a
13   structure in place is reasonable.  I don't disagree with the
14   need to focus on the asbestos claims.  I do agree that you need
15   to start somewhere, and that's a big chunk to start with.  With
16   respect to ZAI, while you're on the subject, what is the
17   status.  Is it settling, not settling?
18            MR. KAPP:  Your Honor, as you're aware, the Steveo
19   firm is handling that.  I believe there's talks but I don't
20   know the actual status.
21            THE COURT:  Because in the event that that's settling,
22   then that's a big chunk out of this asbestos issue that can, I
23   think, be taken out of the mix with respect to how else the
24   Debtor wants to treat it's objections to claims.  Good
25   afternoon, why does Wesconn need to go forward with this now.
```