**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**
----------------------------------X
In re

**W.R. GRACE & CO.,**                              Case No. 01-1139 (JKF)

                          Debtors.                        Chapter 11
----------------------------------X

**NOTICE RE TRANSFER OF CLAIM PURSUANT TO FRBP RULE 3001(e)(1)**

To:

Portia Partners, LLC
One Sound Shore Drive Suite 100
Greenwich, CT 06830

A transfer of your claim from:

JOHN KOPAC FLEET REPAIR INC
PO BOX 2030
PERTH AMBOY, NJ  08862

is acknowledged. ***By filing pursuant to Rule 3001 (e)(1), you affirm that you have searched the official claims register and that the transferor has not previously filed a proof of claim.*** Refer to INTERNAL CONTROL NUMBER _____ in any further correspondence relative to this transfer.

                                                David Bird, Clerk
-----------------------------------------------------------------
FOR CLERK'S OFFICE USE ONLY:
This notice was mailed to the first named party, by first class mail, postage prepaid on _____, 2004.

Copy(check): Debtor's Attorney _____ Claims Agent_____

                                         _____
                                         Deputy Clerk

File No: 1015131



# 6

Claim No: 1015131

Claim Amount: $377.02

## SALE AND ASSIGNMENT OF CLAIM

JOHN KOPAC FLEET REPAIR INC having offices at, PO BOX 2030, PERTH AMBOY, NJ 08862 (the "Assignor,") in consideration of the sum of (the "Purchase Price") does hereby transfer to Portia Partners, LLC, (the "Assignee,") all of the Assignor's right, title, and interest in and to the claim or claims of the Assignor, (the "Claim,") against W R Grace & Co, (the "Debtor,") in the United States Bankruptcy Court for the District of Delaware (the "Court"), Case No 01-1139 (PJW) (the "Case") in the currently outstanding amount as set forth above and all rights and benefits of the Assignor relating to the Claim The Claim is based on amounts owed to the Assignor by the Debtor and this assignment shall be deemed an absolute, unconditional, and irrevocable assignment of the Claim for purpose of collection and shall not be deemed to create any security interest

**Assignor represents and warrants that**

☐ A Proof of Claim has been filed    ☐ A Proof of Claim has not been filed

The Assignor represents and warrants that the amount of the Claim is not less than the amount as set forth above and that the amount is a valid claim and that no objection to the Claim exists The Assignor further represents and warrants that no payment has been received by the Assignor, or by any third party claiming through the Assignor, in full or partial satisfaction of the Claim, that the Assignor has not previously assigned, sold or pledged the Claim to any third party, in whole or in part, that the Assignor owns and has title to the Claim free and clear of any and all liens, security interests or encumbrances of any kind or nature whatsoever, and that there are no offsets or defenses or preferential payment demands that have been or may be asserted by or on behalf of the Debtor or any other party to reduce the amount of the Claim or to impair its value

The Assignor is aware that the Purchase Price may differ from the amount ultimately distributed in the Case with respect to the Claim and that such amount may not be absolutely determined until entry of a final order confirming a plan of reorganization The Assignor acknowledges that neither the Assignee nor any agent or representative of the Assignee has made any representation whatsoever regarding the status of the Case, the condition of the Debtor (financial or otherwise) or any other matter relating to the Case, the Debtor or the Claim The Assignor represents that it has adequate information regarding this Sale and Assignment of the Claim, and that it has independently and without any reliance on the Assignee made its own determination to voluntarily enter into this Sale and Assignment of Claim

## CONSENT AND WAIVER

The Assignor hereby acknowledges and consents to all of the terms set forth in this Sale and Assignment of Claim and hereby waives its rights to raise any objection thereto and its right to receive notice pursuant to Rule 3001(e) of the Rules of Bankruptcy Procedure

The undersigned Assignor hereby agrees and sets his hand this _10_ day of _Dec_, 2003

**JOHN KOPAC FLEET REPAIR INC**

By _John T Kopac_          _President / Owner_
   Signature                Print Name and Title

_732-442-2777_           _732-442-2650_
Telephone Number         Fax Number

The undersigned Assignee hereby agrees and sets his hand this _____ day of _____, 2003

**PORTIA PARTNERS, LLC**

By _____
Name Robert Gold
Title Managing Director

DEC 15 2003

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**
----------------------------------X
In re

**W.R. GRACE & CO.,**                           Case No. 01-1139 (JKF)

                                                Chapter 11
         Debtors.
----------------------------------X

**NOTICE RE TRANSFER OF CLAIM PURSUANT TO FRBP RULE 3001(e)(1)**

To:

Portia Partners, LLC
One Sound Shore Drive Suite 100
Greenwich, CT 06830

A transfer of your claim from:

SMITH METAL FAB INC
POBOX 4112
GREENVILLE, SC  29608


is acknowledged. *By filing pursuant to Rule 3001 (e)(1), you affirm that you have searched the official claims register and that the transferor has not previously filed a proof of claim.* Refer to INTERNAL CONTROL NUMBER _____ in any further correspondence relative to this transfer.

                                        David Bird, Clerk
-----------------------------------------------------------------
FOR CLERK'S OFFICE USE ONLY:
This notice was mailed to the first named party, by first class mail, postage prepaid on _____, 2004.

Copy(check): Debtor's Attorney _____  Claims Agent_____


                                        _____
                                        Deputy Clerk



File No: 1015951

# 2



**Claim No: 1015951**



**Claim Amount: $624.75**

## SALE AND ASSIGNMENT OF CLAIM

SMITH METAL FAB INC having offices at, POBOX 4112, GREENVILLE, SC 29608 (the "Assignor,") in consideration of the sum of (the "Purchase Price") does hereby transfer to Portia Partners, LLC, (the "Assignee,") all of the Assignor's right, title, and interest in and to the claim or claims of the Assignor, (the "Claim,") against W R Grace & Co, (the "Debtor,") in the United States Bankruptcy Court for the District of Delaware (the "Court"), Case No 01-1139 (PJW) (the "Case") in the currently outstanding amount as set forth above and all rights and benefits of the Assignor relating to the Claim The Claim is based on amounts owed to the Assignor by the Debtor and this assignment shall be deemed an absolute, unconditional, and irrevocable assignment of the Claim for purpose of collection and shall not be deemed to create any security interest

**Assignor represents and warrants that.**

☐ A Proof of Claim has been filed        ☒ A Proof of Claim has not been filed

The Assignor represents and warrants that the amount of the Claim is not less than the amount as set forth above and that the amount is a valid claim and that no objection to the Claim exists The Assignor further represents and warrants that no payment has been received by the Assignor or by any third party claiming through the Assignor, in full or partial satisfaction of the Claim, that the Assignor has not previously assigned, sold or pledged the Claim to any third party, in whole or in part, that the Assignor owns and has title to the Claim free and clear of any and all liens security interests or encumbrances of any kind or nature whatsoever, and that there are no offsets or defenses or preferential payment demands that have been or may be asserted by or on behalf of the Debtor or any other party to reduce the amount of the Claim or to impair its value

The Assignor is aware that the Purchase Price may differ from the amount ultimately distributed in the Case with respect to the Claim and that such amount may not be absolutely determined until entry of a final order confirming a plan of reorganization The Assignor acknowledges that neither the Assignee nor any agent or representative of the Assignee has made any representation whatsoever regarding the status of the Case the condition of the Debtor (financial or otherwise) or any other matter relating to the Case, the Debtor or the Claim The Assignor represents that it has adequate information regarding this Sale and Assignment of the Claim, and that it has independently and without any reliance on the Assignee made its own determination to voluntarily enter into this Sale and Assignment of Claim

## CONSENT AND WAIVER

The Assignor hereby acknowledges and consents to all of the terms set forth in this Sale and Assignment of Claim and hereby waives its rights to raise any objection thereto and its right to receive notice pursuant to Rule 3001(e) of the Rules of Bankruptcy Procedure

The undersigned Assignor hereby agrees and sets his hand this __8__ day of __Dec.__, 2003

**SMITH METAL FAB INC**

By _Michael B Smith_ (Signature)    _Michael B Smith, V. Pres._ (Print Name and Title)

_864-242-6911_    _864-233-2681_
Telephone Number    Fax Number

The undersigned Assignee hereby agrees and sets his hand this _____ day of _____, 2003

**DEC 12 2003**

**PORTIA PARTNERS, LLC**

By _____
Name  Robert Gold
Title   Managing Director

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**
----------------------------------X
In re

**W.R. GRACE & CO.,**                          Case No. 01-1139 (JKF)

                                               Chapter 11
           Debtors.
----------------------------------X

**NOTICE RE TRANSFER OF CLAIM PURSUANT TO FRBP RULE 3001(e)(1)**

To:

Portia Partners, LLC
One Sound Shore Drive Suite 100
Greenwich, CT 06830

A transfer of your claim from:

BANDWAGON INC.
54 INDUSTRIAL HIGHWAY
WILMINGTON, MA  01887


is acknowledged. *By filing pursuant to Rule 3001 (e)(1), you affirm that you have searched the official claims register and that the transferor has not previously filed a proof of claim.* Refer to INTERNAL CONTROL NUMBER _____ in any further correspondence relative to this transfer.

                                          David Bird, Clerk
-----------------------------------------------------------------
FOR CLERK'S OFFICE USE ONLY:
This notice was mailed to the first named party, by first class mail, postage prepaid on _____, 2004.

Copy(check): Debtor's Attorney _____ Claims Agent_____


                                   _____
                                   Deputy Clerk



File No: 1001108



# 1

Claim No: 1001108



Claim Amount: $2,087 06

## SALE AND ASSIGNMENT OF CLAIM

BANDWAGON INC having offices at, 54 INDUSTRIAL HIGHWAY, WILMINGTON, MA 01887 (the "Assignor,") in consideration of the sum of (the "Purchase Price") does hereby transfer to Portia Partners, LLC, (the "Assignee,") all of the Assignor's right, title, and interest in and to the claim or claims of the Assignor, (the "Claim,") against W R Grace & Co, (the "Debtor,") in the United States Bankruptcy Court for the District of Delaware (the "Court"), Case No 01-1139 (PJW) (the "Case") in the currently outstanding amount as set forth above and all rights and benefits of the Assignor relating to the Claim The Claim is based on amounts owed to the Assignor by the Debtor and this assignment shall be deemed an absolute, unconditional, and irrevocable assignment of the Claim for purpose of collection and shall not be deemed to create any security interest

**Assignor represents and warrants that:**

☐ A Proof of Claim has been filed          ☐ A Proof of Claim has not been filed

The Assignor represents and warrants that the amount of the Claim is not less than the amount as set forth above and that the amount is a valid claim and that no objection to the Claim exists The Assignor further represents and warrants that no payment has been received by the Assignor, or by any third party claiming through the Assignor, in full or partial satisfaction of the Claim, that the Assignor has not previously assigned, sold or pledged the Claim to any third party, in whole or in part, that the Assignor owns and has title to the Claim free and clear of any and all liens, security interests or encumbrances of any kind or nature whatsoever, and that there are no offsets or defenses or preferential payment demands that have been or may be asserted by or on behalf of the Debtor or any other party to reduce the amount of the Claim or to impair its value

The Assignor is aware that the Purchase Price may differ from the amount ultimately distributed in the Case with respect to the Claim and that such amount may not be absolutely determined until entry of a final order confirming a plan of reorganization The Assignor acknowledges that neither the Assignee nor any agent or representative of the Assignee has made any representation whatsoever regarding the status of the Case, the condition of the Debtor (financial or otherwise) or any other matter relating to the Case, the Debtor or the Claim The Assignor represents that it has adequate information regarding this Sale and Assignment of the Claim, and that it has independently and without any reliance on the Assignee made its own determination to voluntarily enter into this Sale and Assignment of Claim

## CONSENT AND WAIVER

The Assignor hereby acknowledges and consents to all of the terms set forth in this Sale and Assignment of Claim and hereby waives its rights to raise any objection thereto and its right to receive notice pursuant to Rule 3001(e) of the Rules of Bankruptcy Procedure

The undersigned Assignor hereby agrees and sets his hand this ___8th___ day of ___Dec___, 2003

**BANDWAGON INC.**

By _Signature_                    JAMES G SATTON       Treasurer
_____          _____
Signature                          Print Name and Title

1-978-658-6252 x216           1-978-657-7023
_____          _____
Telephone Number                Fax Number

The undersigned Assignee hereby agrees and sets his hand this _____ day of _____, 2003

**PORTIA PARTNERS, LLC**

By _____
Name  Robert Gold
Title   Managing Director

DEC 12 2003

Note: Payment of $459 15 to be paid upon acceptance

JG