**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**
-----------------------------------X
In re

**W.R. GRACE & CO.,**                          Case No. 01-1139 (JKF)

                                               Chapter 11

         Debtors.
-----------------------------------X

**NOTICE RE TRANSFER OF CLAIM PURSUANT TO FRBP RULE 3001(e)(1)**

To:

Portia Partners, LLC
One Sound Shore Drive Suite 100
Greenwich, CT 06830

A transfer of your claim from:

ALL-SHRED
3600 E 48TH AVE
261692
DENVER, CO  80216


is acknowledged. *By filing pursuant to Rule 3001 (e)(1), you affirm that you have searched the official claims register and that the transferor has not previously filed a proof of claim.* Refer to INTERNAL CONTROL NUMBER _____ in any further correspondence relative to this transfer.

                                        David Bird, Clerk
-------------------------------------------------------------
FOR CLERK'S OFFICE USE ONLY:
This notice was mailed to the first named party, by first class mail, postage prepaid on _____, 2004.

Copy(check): Debtor's Attorney _____ Claims Agent_____


                                    _____
                                    Deputy Clerk

File No: 1000397

51   Claim No: 1000397

Claim Amount: $117.00

# SALE AND ASSIGNMENT OF CLAIM

ALL-SHRED having offices at, 3600 E 48TH AVE, 261692, DENVER, CO 80216 (the "Assignor,") in consideration of the sum of (the "Purchase Price") does hereby transfer to Portia Partners, LLC, (the "Assignee,") all of the Assignor's right, title, and interest in and to the claim or claims of the Assignor, (the "Claim,") against W R Grace & Co, (the "Debtor,") in the United States Bankruptcy Court for the District of Delaware (the "Court"), Case No 01-1139 (PJW) (the "Case") in the currently outstanding amount as set forth above and all rights and benefits of the Assignor relating to the Claim The Claim is based on amounts owed to the Assignor by the Debtor and this assignment shall be deemed an absolute, unconditional, and irrevocable assignment of the Claim for purpose of collection and shall not be deemed to create any security interest

**Assignor represents and warrants that.**

☑ **A Proof of Claim has been filed**       ☐ **A Proof of Claim has not been filed**

The Assignor represents and warrants that the amount of the Claim is not less than the amount as set forth above and that the amount is a valid claim and that no objection to the Claim exists  The Assignor further represents and warrants that no payment has been received by the Assignor, or by any third party claiming through the Assignor, in full or partial satisfaction of the Claim, that the Assignor has not previously assigned, sold or pledged the Claim to any third party, in whole or in part, that the Assignor owns and has title to the Claim free and clear of any and all liens, security interests or encumbrances of any kind or nature whatsoever, and that there are no offsets or defenses or preferential payment demands that have been or may be asserted by or on behalf of the Debtor or any other party to reduce the amount of the Claim or to impair its value

The Assignor is aware that the Purchase Price may differ from the amount ultimately distributed in the Case with respect to the Claim and that such amount may not be absolutely determined until entry of a final order confirming a plan of reorganization  The Assignor acknowledges that neither the Assignee nor any agent or representative of the Assignee has made any representation whatsoever regarding the status of the Case, the condition of the Debtor (financial or otherwise) or any other matter relating to the Case, the Debtor or the Claim  The Assignor represents that it has adequate information regarding this Sale and Assignment of the Claim, and that it has independently and without any reliance on the Assignee made its own determination to voluntarily enter into this Sale and Assignment of Claim

## CONSENT AND WAIVER

The Assignor hereby acknowledges and consents to all of the terms set forth in this Sale and Assignment of Claim and hereby waives its rights to raise any objection thereto and its right to receive notice pursuant to Rule 3001(e) of the Rules of Bankruptcy Procedure

The undersigned Assignor hereby agrees and sets his hand this ___2___ day of ___Jun___ ~~2003~~ 2004

**ALL-SHRED**

By _____    Bernadette Rodriguez   HR Dept
    Signature                               Print Name and Title

303-336-0144                    303-399-1011
Telephone Number                Fax Number

The undersigned Assignee hereby agrees and sets his hand this _____ day of _____, 2003

**PORTIA PARTNERS, LLC**

By _____
Name  Robert Gold
Title  Managing Director

JAN 8 2004

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**
---------------------------------X
In re

**W.R. GRACE & CO.,**                        Case No. 01-1139 (JKF)

                                          Chapter 11

        Debtors.
---------------------------------X

**NOTICE RE TRANSFER OF CLAIM PURSUANT TO FRBP RULE 3001(e)(1)**

To:

Portia Partners, LLC
One Sound Shore Drive Suite 100
Greenwich, CT 06830

A transfer of your claim from:

WATERWORKS #9, WARD 4
PO BOX 10
SULPHUR, LA  70664


is acknowledged. ***By filing pursuant to Rule 3001 (e)(1), you affirm that you have searched the official claims register and that the transferor has not previously filed a proof of claim.*** Refer to INTERNAL CONTROL NUMBER _____ in any further correspondence relative to this transfer.

                                                 David Bird, Clerk
--------------------------------------------------------------
FOR CLERK'S OFFICE USE ONLY:
This notice was mailed to the first named party, by first class mail, postage prepaid on _____, 2004.

Copy(check): Debtor's Attorney _____  Claims Agent_____


                                               _____
                                             Deputy Clerk

File No: 1016333



**53** Claim No: 1016333



Claim Amount: $1,536.11

## SALE AND ASSIGNMENT OF CLAIM

WATERWORKS #9, WARD 4 having offices at, PO BOX 10, SULPHUR, LA 70664 (the "Assignor,") in consideration of the sum of (the "Purchase Price") does hereby transfer to Portia Partners, LLC, (the "Assignee,") all of the Assignor's right, title, and interest in and to the claim or claims of the Assignor, (the "Claim,") against W R Grace & Co, (the "Debtor,") in the United States Bankruptcy Court for the District of Delaware (the "Court"), Case No 01-1139 (PJW) (the "Case") in the currently outstanding amount as set forth above and all rights and benefits of the Assignor relating to the Claim The Claim is based on amounts owed to the Assignor by the Debtor and this assignment shall be deemed an absolute, unconditional, and irrevocable assignment of the Claim for purpose of collection and shall not be deemed to create any security interest

**Assignor represents and warrants that:**

☑ **A Proof of Claim has been filed**     ☐ **A Proof of Claim has not been filed**

The Assignor represents and warrants that the amount of the Claim is not less than the amount as set forth above and that the amount is a valid claim and that no objection to the Claim exists The Assignor further represents and warrants that no payment has been received by the Assignor, or by any third party claiming through the Assignor, in full or partial satisfaction of the Claim, that the Assignor has not previously assigned, sold or pledged the Claim to any third party, in whole or in part, that the Assignor owns and has title to the Claim free and clear of any and all liens, security interests or encumbrances of any kind or nature whatsoever, and that there are no offsets or defenses or preferential payment demands that have been or may be asserted by or on behalf of the Debtor or any other party to reduce the amount of the Claim or to impair its value

The Assignor is aware that the Purchase Price may differ from the amount ultimately distributed in the Case with respect to the Claim and that such amount may not be absolutely determined until entry of a final order confirming a plan of reorganization The Assignor acknowledges that neither the Assignee nor any agent or representative of the Assignee has made any representation whatsoever regarding the status of the Case, the condition of the Debtor (financial or otherwise) or any other matter relating to the Case, the Debtor or the Claim The Assignor represents that it has adequate information regarding this Sale and Assignment of the Claim, and that it has independently and without any reliance on the Assignee made its own determination to voluntarily enter into this Sale and Assignment of Claim

### CONSENT AND WAIVER

The Assignor hereby acknowledges and consents to all of the terms set forth in this Sale and Assignment of Claim and hereby waives its rights to raise any objection thereto and its right to receive notice pursuant to Rule 3001(e) of the Rules of Bankruptcy Procedure

The undersigned Assignor hereby agrees and sets his hand this 29 day of Dec, 2003

**WATERWORKS #9, WARD 4**

By _Alice Nocilla_             _ALICE Nocilla   Supervisor_
   Signature                      Print Name and Title

_337-583-2777_                 _337-583-4072_
Telephone Number                Fax Number

The undersigned Assignee hereby agrees and sets his hand this _____ day of _____, 2003

**PORTIA PARTNERS, LLC**

By _____
Name Robert Gold
Title Managing Director

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**
----------------------------------X
In re

**W.R. GRACE & CO.,**                              Case No. 01-1139 (JKF)

                                                        Chapter 11

        Debtors.
----------------------------------X

**NOTICE RE TRANSFER OF CLAIM PURSUANT TO FRBP RULE 3001(e)(1)**

To:

Portia Partners, LLC
One Sound Shore Drive Suite 100
Greenwich, CT 06830

A transfer of your claim from:

MAY COATING TECHNOLOGIES INC.
P.O. BOX 9894
NORTH SAINT PAUL, MN  55109


is acknowledged. *By filing pursuant to Rule 3001 (e)(1), you affirm that you have searched the official claims register and that the transferor has not previously filed a proof of claim.* Refer to INTERNAL CONTROL NUMBER _____ in any further correspondence relative to this transfer.

                                                     David Bird, Clerk
-----------------------------------------------------------------
FOR CLERK'S OFFICE USE ONLY:
This notice was mailed to the first named party, by first class mail, postage prepaid on _____, 2004.

Copy(check): Debtor's Attorney _____ Claims Agent_____

                                                     _____
                                                     Deputy Clerk

File No: 1007614



**55**  Claim No: 1007614



Claim Amount: $428.84

## SALE AND ASSIGNMENT OF CLAIM

MAY COATING TECHNOLOGIES INC having offices at, P O BOX 9894, NORTH SAINT PAUL, MN 55109 (the "Assignor,") in consideration of the sum of (the "Purchase Price") does hereby transfer to Portia Partners, LLC, (the "Assignee,") all of the Assignor's right, title, and interest in and to the claim or claims of the Assignor, (the "Claim,") against W R Grace & Co , (the "Debtor,") in the United States Bankruptcy Court for the District of Delaware (the "Court"), Case No 01-1139 (PJW) (the "Case") in the currently outstanding amount as set forth above and all rights and benefits of the Assignor relating to the Claim  The Claim is based on amounts owed to the Assignor by the Debtor and this assignment shall be deemed an absolute, unconditional, and irrevocable assignment of the Claim for purpose of collection and shall not be deemed to create any security interest

**Assignor represents and warrants that:**

☒ **A Proof of Claim has been filed**      ☐ **A Proof of Claim has not been filed**

The Assignor represents and warrants that the amount of the Claim is not less than the amount as set forth above and that the amount is a valid claim and that no objection to the Claim exists  The Assignor further represents and warrants that no payment has been received by the Assignor, or by any third party claiming through the Assignor, in full or partial satisfaction of the Claim, that the Assignor has not previously assigned, sold or pledged the Claim to any third party, in whole or in part, that the Assignor owns and has title to the Claim free and clear of any and all liens, security interests or encumbrances of any kind or nature whatsoever, and that there are no offsets or defenses or preferential payment demands that have been or may be asserted by or on behalf of the Debtor or any other party to reduce the amount of the Claim or to impair its value

The Assignor is aware that the Purchase Price may differ from the amount ultimately distributed in the Case with respect to the Claim and that such amount may not be absolutely determined until entry of a final order confirming a plan of reorganization  The Assignor acknowledges that neither the Assignee nor any agent or representative of the Assignee has made any representation whatsoever regarding the status of the Case, the condition of the Debtor (financial or otherwise) or any other matter relating to the Case, the Debtor or the Claim  The Assignor represents that it has adequate information regarding this Sale and Assignment of the Claim, and that it has independently and without any reliance on the Assignee made its own determination to voluntarily enter into this Sale and Assignment of Claim

### CONSENT AND WAIVER

The Assignor hereby acknowledges and consents to all of the terms set forth in this Sale and Assignment of Claim and hereby waives its rights to raise any objection thereto and its right to receive notice pursuant to Rule 3001(e) of the Rules of Bankruptcy Procedure

The undersigned Assignor hereby agrees and sets his hand this _5_ day of _January, 2004_

**MAY COATING TECHNOLOGIES INC.**

By _Barbara J Hocker_     _Barbara J Hocker,_  Accountant
Signature                  Print Name and Title

_651-765-9686_            _651-765-9187_
Telephone Number           Fax Number

The undersigned Assignee hereby agrees and sets his hand this _____ day of _____, 2003

**PORTIA PARTNERS, LLC**

By _____
Name  Robert Gold
Title  Managing Director

JAN 12 2004

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**
----------------------------------X
In re

**W.R. GRACE & CO.,**                               Case No. 01-1139 (JKF)

                                              Chapter 11

        Debtors.
----------------------------------X

**NOTICE RE TRANSFER OF CLAIM PURSUANT TO FRBP RULE 3001(e)(1)**

To:

Portia Partners, LLC
One Sound Shore Drive Suite 100
Greenwich, CT 06830

A transfer of your claim from:

ORR PROTECTION SYSTEMS, INC.
PO BOX 631702
CINCINNATI, OH  45263


is acknowledged. ***By filing pursuant to Rule 3001 (e)(1), you affirm that you have searched the official claims register and that the transferor has not previously filed a proof of claim.*** Refer to INTERNAL CONTROL NUMBER _____ in any further correspondence relative to this transfer.

                                                   David Bird, Clerk
-----------------------------------------------------------------
FOR CLERK'S OFFICE USE ONLY:
This notice was mailed to the first named party, by first class mail, postage prepaid on _____, 2004.

Copy(check): Debtor's Attorney _____ Claims Agent_____

                                                   _____
                                                   Deputy Clerk

File No: 1015547

**57**  Claim No: 1015547

Claim Amount: $1,513.60

## SALE AND ASSIGNMENT OF CLAIM

ORR PROTECTION SYSTEMS, INC having offices at, PO BOX 631702, CINCINNATI, OH 45263 (the "Assignor,") in consideration of the sum of (the "Purchase Price") does hereby transfer to Portia Partners, LLC, (the "Assignee,") all of the Assignor's right, title, and interest in and to the claim or claims of the Assignor, (the "Claim,") against W R Grace & Co, (the "Debtor,") in the United States Bankruptcy Court for the District of Delaware (the "Court"), Case No 01-1139 (PJW) (the "Case") in the currently outstanding amount as set forth above and all rights and benefits of the Assignor relating to the Claim The Claim is based on amounts owed to the Assignor by the Debtor and this assignment shall be deemed an absolute, unconditional, and irrevocable assignment of the Claim for purpose of collection and shall not be deemed to create any security interest

**Assignor represents and warrants that:**

☒ A Proof of Claim has been filed        ☐ A Proof of Claim has not been filed

The Assignor represents and warrants that the amount of the Claim is not less than the amount as set forth above and that the amount is a valid claim and that no objection to the Claim exists The Assignor further represents and warrants that no payment has been received by the Assignor, or by any third party claiming through the Assignor, in full or partial satisfaction of the Claim, that the Assignor has not previously assigned, sold or pledged the Claim to any third party, in whole or in part, that the Assignor owns and has title to the Claim free and clear of any and all liens, security interests or encumbrances of any kind or nature whatsoever, and that there are no offsets or defenses or preferential payment demands that have been or may be asserted by or on behalf of the Debtor or any other party to reduce the amount of the Claim or to impair its value

The Assignor is aware that the Purchase Price may differ from the amount ultimately distributed in the Case with respect to the Claim and that such amount may not be absolutely determined until entry of a final order confirming a plan of reorganization The Assignor acknowledges that neither the Assignee nor any agent or representative of the Assignee has made any representation whatsoever regarding the status of the Case, the condition of the Debtor (financial or otherwise) or any other matter relating to the Case, the Debtor or the Claim The Assignor represents that it has adequate information regarding this Sale and Assignment of the Claim, and that it has independently and without any reliance on the Assignee made its own determination to voluntarily enter into this Sale and Assignment of Claim

### CONSENT AND WAIVER

The Assignor hereby acknowledges and consents to all of the terms set forth in this Sale and Assignment of Claim and hereby waives its rights to raise any objection thereto and its right to receive notice pursuant to Rule 3001(e) of the Rules of Bankruptcy Procedure

The undersigned Assignor hereby agrees and sets his hand this 5th day of JAN, 2004

**ORR PROTECTION SYSTEMS, INC.**

By _Debbie Kelley_    _Debbie Kelley, Acctg Mgr_
Signature            Print Name and Title

_502-244-4515_        _502-244-4548_
Telephone Number      Fax Number

The undersigned Assignee hereby agrees and sets his hand this _____ day of _____, 2003

**PORTIA PARTNERS, LLC**

By _____
Name  Robert Gold
Title  Managing Director

JAN 12 2004

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**
----------------------------------X
In re

**W.R. GRACE & CO.,**                     Case No. 01-1139 (JKF)

                               Chapter 11

        Debtors.
----------------------------------X

**NOTICE RE TRANSFER OF CLAIM PURSUANT TO FRBP RULE 3001(e)(1)**

To:

Portia Partners, LLC
One Sound Shore Drive Suite 100
Greenwich, CT 06830

A transfer of your claim from:

DATA DOWNLINK CORP.
88 PINE ST 3RD FL
NEW YORK, NY  10005


is acknowledged. *By filing pursuant to Rule 3001 (e)(1), you affirm that you have searched the official claims register and that the transferor has not previously filed a proof of claim.* Refer to INTERNAL CONTROL NUMBER _____ in any further correspondence relative to this transfer.

                                            David Bird, Clerk
-------------------------------------------------------------------
FOR CLERK'S OFFICE USE ONLY:
This notice was mailed to the first named party, by first class mail, postage prepaid on _____, 2004.

Copy(check): Debtor's Attorney _____  Claims Agent_____

                                          _____
                                          Deputy Clerk

File No: 1014478




Claim No: 1014478

**61**

Claim Amount: $665.60

## SALE AND ASSIGNMENT OF CLAIM

DATA DOWNLINK CORP having offices at, 88 PINE ST 3RD FL, NEW YORK, NY 10005 (the "Assignor,") in consideration of the sum of (the "Purchase Price") does hereby transfer to Portia Partners, LLC, (the "Assignee,") all of the Assignor's right, title, and interest in and to the claim or claims of the Assignor, (the "Claim,") against W R Grace & Co, (the "Debtor,") in the United States Bankruptcy Court for the District of Delaware (the "Court"), Case No 01-1139 (PJW) (the "Case") in the currently outstanding amount as set forth above and all rights and benefits of the Assignor relating to the Claim  The Claim is based on amounts owed to the Assignor by the Debtor and this assignment shall be deemed an absolute, unconditional, and irrevocable assignment of the Claim for purpose of collection and shall not be deemed to create any security interest

**Assignor represents and warrants that.**

☒ A Proof of Claim has been filed       ☐ A Proof of Claim has not been filed

The Assignor represents and warrants that the amount of the Claim is not less than the amount as set forth above and that the amount is a valid claim and that no objection to the Claim exists  The Assignor further represents and warrants that no payment has been received by the Assignor, or by any third party claiming through the Assignor, in full or partial satisfaction of the Claim, that the Assignor has not previously assigned, sold or pledged the Claim to any third party, in whole or in part, that the Assignor owns and has title to the Claim free and clear of any and all liens, security interests or encumbrances of any kind or nature whatsoever, and that there are no offsets or defenses or preferential payment demands that have been or may be asserted by or on behalf of the Debtor or any other party to reduce the amount of the Claim or to impair its value

The Assignor is aware that the Purchase Price may differ from the amount ultimately distributed in the Case with respect to the Claim and that such amount may not be absolutely determined until entry of a final order confirming a plan of reorganization  The Assignor acknowledges that neither the Assignee nor any agent or representative of the Assignee has made any representation whatsoever regarding the status of the Case, the condition of the Debtor (financial or otherwise) or any other matter relating to the Case, the Debtor or the Claim  The Assignor represents that it has adequate information regarding this Sale and Assignment of the Claim, and that it has independently and without any reliance on the Assignee made its own determination to voluntarily enter into this Sale and Assignment of Claim

### CONSENT AND WAIVER

The Assignor hereby acknowledges and consents to all of the terms set forth in this Sale and Assignment of Claim and hereby waives its rights to raise any objection thereto and its right to receive notice pursuant to Rule 3001(e) of the Rules of Bankruptcy Procedure

The undersigned Assignor hereby agrees and sets his hand this ___ day of January 2004

**DATA DOWNLINK CORP.**

By _____     Kemraj Singh / Staff Accountant
Signature                                           Print Name and Title

212-804-2927                          212-363-9630
Telephone Number                    Fax Number

The undersigned Assignee hereby agrees and sets his hand this ___ day of January 2004

**PORTIA PARTNERS, LLC**

By _____
Name  Robert Gold
Title   Managing Director

JAN 13 2004

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**
----------------------------------X
In re

**W.R. GRACE & CO.,**                        Case No. 01-1139 (JKF)

                                             Chapter 11

       Debtors.
----------------------------------X

**NOTICE RE TRANSFER OF CLAIM PURSUANT TO FRBP RULE 3001(e)(1)**

To:

Portia Partners, LLC
One Sound Shore Drive Suite 100
Greenwich, CT 06830

A transfer of your claim from:

RIVERSIDE GLASS & MIRROR
P O BOX 2364
AUGUSTA, GA  30903


is acknowledged. *By filing pursuant to Rule 3001 (e)(1), you affirm that you have searched the official claims register and that the transferor has not previously filed a proof of claim.* Refer to INTERNAL CONTROL NUMBER _____ in any further correspondence relative to this transfer.

                                            David Bird, Clerk
-----------------------------------------------------------------
FOR CLERK'S OFFICE USE ONLY:
This notice was mailed to the first named party, by first class mail, postage prepaid on _____, 2004.

Copy(check): Debtor's Attorney _____  Claims Agent_____


                                              _____
                                              Deputy Clerk

File No: 1010193

74

Claim No: 1010193

Claim Amount: $422.50

# SALE AND ASSIGNMENT OF CLAIM

RIVERSIDE GLASS & MIRROR having offices at, P O BOX 2364, AUGUSTA, GA 30903 (the "Assignor,") in consideration of the sum of (the "Purchase Price") does hereby transfer to Portia Partners, LLC, (the "Assignee,") all of the Assignor's right, title, and interest in and to the claim or claims of the Assignor, (the "Claim,") against W R Grace & Co, (the "Debtor,") in the United States Bankruptcy Court for the District of Delaware (the "Court"), Case No 01-1139 (PJW) (the "Case") in the currently outstanding amount as set forth above and all rights and benefits of the Assignor relating to the Claim The Claim is based on amounts owed to the Assignor by the Debtor and this assignment shall be deemed an absolute, unconditional, and irrevocable assignment of the Claim for purpose of collection and shall not be deemed to create any security interest

**Assignor represents and warrants that:**

☒ **A Proof of Claim has been filed**          ☐ **A Proof of Claim has not been filed**

The Assignor represents and warrants that the amount of the Claim is not less than the amount as set forth above and that the amount is a valid claim and that no objection to the Claim exists  The Assignor further represents and warrants that no payment has been received by the Assignor, or by any third party claiming through the Assignor, in full or partial satisfaction of the Claim, that the Assignor has not previously assigned, sold or pledged the Claim to any third party, in whole or in part, that the Assignor owns and has title to the Claim free and clear of any and all liens, security interests or encumbrances of any kind or nature whatsoever, and that there are no offsets or defenses or preferential payment demands that have been or may be asserted by or on behalf of the Debtor or any other party to reduce the amount of the Claim or to impair its value

The Assignor is aware that the Purchase Price may differ from the amount ultimately distributed in the Case with respect to the Claim and that such amount may not be absolutely determined until entry of a final order confirming a plan of reorganization  The Assignor acknowledges that neither the Assignee nor any agent or representative of the Assignee has made any representation whatsoever regarding the status of the Case, the condition of the Debtor (financial or otherwise) or any other matter relating to the Case, the Debtor or the Claim  The Assignor represents that it has adequate information regarding this Sale and Assignment of the Claim, and that it has independently and without any reliance on the Assignee made its own determination to voluntarily enter into this Sale and Assignment of Claim

## CONSENT AND WAIVER

The Assignor hereby acknowledges and consents to all of the terms set forth in this Sale and Assignment of Claim and hereby waives its rights to raise any objection thereto and its right to receive notice pursuant to Rule 3001(e) of the Rules of Bankruptcy Procedure

The undersigned Assignor hereby agrees and sets his hand this 31st day of December 2003

**RIVERSIDE GLASS & MIRROR**

By _Cherylann Hahn_          _Cherylann Hahn_
Signature                              Print Name and Title

_706 737-5511_              _706 737-6010_
Telephone Number                Fax Number

The undersigned Assignee hereby agrees and sets his hand this _____ day of _____, 2003

**PORTIA PARTNERS, LLC**

By _____
Name  Robert Gold
Title  Managing Director

FEB 2 2004