## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| W. R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
|  | ) | Jointly Administered |
| Debtors. | ) |  |

**Objection Deadline: April 5, 2004 at 4:00 p.m.**
**Hearing Date: TBD only if necessary**

## INTERIM FEE APPLICATION OF DUFF & PHELPS, LLC, FINANCIAL ADVISOR TO STATE STREET BANK AND TRUST COMPANY AS INVESTMENT MANAGER AND FIDUCIARY OF THE GRACE STOCK WITHIN THE GRACE SAVINGS & INVESTMENT PLAN FOR THE PERIOD NOVEMBER 2003 THROUGH JANUARY 2004

Name of Applicant:                        Duff & Phelps LLC

Authorized to Provide                     State Street Bank and Trust Company
("State Street"), Investment Manager and Professional Services to: Fiduciary of the
Grace Stock within the Grace Savings & Investment
                                          Plan

Date of Retention:                        State Street was engaged by order of the
Court dated
                                          December 12, 2003.

Period for which
compensation is sought:                   November 2003 through January 2004

Amount of fees and expenses
sought as actual, reasonable
and necessary:                            $59,026.02

This is a(n):                             _X_ interim        ___ final   application

The total time expended for the preparation of this application is approximately 3 hours
by all professionals for a total of $0.

Prior Applications: None

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

**Objection Deadline: April 5, 2004 at 4:00 p.m.**
**Hearing Date: TBD only if necessary**

### INTERIM FEE APPLICATION OF DUFF & PHELPS, LLC, FINANCIAL ADVISOR TO STATE STREET BANK AND TRUST COMPANY AS INVESTMENT MANAGER AND FIDUCIARY OF THE GRACE STOCK WITHIN THE GRACE SAVINGS & INVESTMENT PLAN FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD NOVEMBER 2003 THROUGH JANUARY 2004

In accordance with the Order Authorizing the Debtors to Retain State Street Bank

and Trust Company as Investment Manager and Fiduciary of the Grace Stock within the

W.R. Grace Savings & Investment Plan ("State Street") dated December 12, 2003, Duff

& Phelps LLC (D&P), financial advisor to State Street Bank, hereby submits its interim

fee application for allowance of compensation and reimbursement of expenses for the

period November 2003 through January 2004 (the "Application"). In support of this

Application, D&P respectfully represents as follows:

1.      As set forth below, D&P requests interim allowance of fees in the aggregate

amount of $50,000, representing an agreed upon flat fee for financial analyses rendered

on behalf of State Street, and actual, reasonable expenses in the aggregate amount of

$9,026.02. These amounts represent fees generated and expenses incurred by D&P

during the months of November, December 2003 and January 2004.

2.      On April 2, 2001 (the "Petition Date"), the Debtors filed their voluntary petitions

for relief under Chapter 11 of the Bankruptcy Code. The Debtors are operating their

businesses and managing their properties and assets as debtors and debtors-in-possession

pursuant to sections 1007(a) and 1108 of the Bankruptcy Code.

3.       On August 18, 2003, the Debtors filed their application (the "Retention

Application") seeking entry of an order under sections 105 and 363(b) of the Bankruptcy

Code authorizing the Debtors and the Investment and Benefits Committee of W.R. Grace

to retain State Street for a period of up to one year, approving the terms of the

engagement agreement between W.R. Grace and State Street and approving a limited

indemnification of State Street and D&P (the "Retention Order"). Pursuant to the terms

of State Street's engagement, State Street shall be reimbursed for fees and expenses of its

counsel and financial advisor subject to the fee limitations contained in the Retention

Application. State Street agreed to pay D&P a flat fee of $50,000 in preparing and

presenting an initial financial analysis on the valuation of Grace stock plus reasonable,

accrued expenses. These terms were fully disclosed in the Retention Application.

4.       The Court entered the Retention Order on December 12, 2003. The Retention

Order provides that, among other things, the professionals utilized by State Street in its

engagement shall apply to the Court for payment of their fees and reimbursement of their

expenses.

5.       It is pursuant to the Retention Order that D&P hereby files its interim fee

application. D&P submits that the Application substantially complies with the

Administrative Order under 11 U.S.C. §§105(a) and 331 Establishing Procedures for

Interim Compensation and Reimbursement of Expenses for Professionals and Official

Committee Members, dated May 3, 2001, effective as of April 2, 2001 and (b) the

Amended Administrative Order Under 11 U.S.C. §§105(a) and 331 Establishing Revised

Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, dated April 17, 2002 as required by the Retention Order. Because the terms of the D&P engagement letter approved by the Court in connection with approval of the Retention Application provided that D&P would charge a flat fee in this matter and because D&P does not usually maintain hourly time records, D&P cannot provide a detailed statement of tasks performed broken down into tenths of an hour. D&P however has provided summary charts of the various tasks performed on behalf of State Street during the Application period, including the meetings attended and reports issued. D&P has also attached to this Application a detailed chart of out-of-pocket expenses.

6.       All of the services for which compensation is sought were rendered by D&P to State Street solely in connection with this case and in furtherance of the duties and responsibilities of State Street and not on behalf of any creditor or other person.

7.       None of the amounts requested have been paid. No agreement exists between D&P and any other person or entity (other than a member of D&P) to share any compensation in connection with D&P's services on behalf of State Street.

8.       Pursuant to the Amended Administrative Order, D&P has served copies of this Application upon (a) David B. Siegel, W.R. Grace & Co.; (b) co-counsel for the Debtors; (c) co-counsel to the debtor-in-possession lender; (d) counsel to the Committees, including counsel for the Official Committee of Unsecured Creditors; counsel to the Official Committee of Asbestos Property Damage Claimants; counsel to the Official Committee of Personal Injury Claimants; and the Official Committee of Equity Holders; (e) the Fee Auditor; and (f) the Office of the United States Trustee.

9.      The nature of the work performed by D&P during the Application period included the following:

>       (a)     review of W.R. Grace's operations and financial performance;

>       (b)     review and discuss Grace stock valuation probability scenarios; and

>       (c)     provide detailed financial analysis to support financial outlook for Grace stock.

10.     Under the Bankruptcy Code, professionals performing services in a bankruptcy case are entitled to "reasonable compensation for actual, necessary services" and "reimbursement for actual, necessary expenses." 11 U.S.C. §330(a)(1)(A).

11.     In determining if the amount of compensation is "reasonable," the courts consider the "nature, the extent, and the value" of the services rendered, taking into account the following factors:  the time spent on the services; the rates charged for the services; whether the services were necessary or beneficial to the administration of the case; whether the services were performed in a reasonable amount of time commensurate with the complexity, importance and nature of the services; and whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under Chapter 11.  D&P submits that it has satisfied the relevant criteria to support the requested compensation and reimbursement of expenses.

12.     The compensation sought herein is based on D&P's customary fees, which are in line with the customary fees charged by comparably skilled practitioners in similar cases.

13.     D&P's services have been rendered in an efficient manner by experts in their fields. D&P is a well-respected firm in the area of stock valuation and its fees charged are commensuarate with its level of expertise.

14.     No prior application for the relief requested herein has been made.

WHEREFORE, D&P respectfully requests interim allowance of compensation in the amount of $50,000 and reimbursement of expenses in the amount of $9,026.02 and such other and further relief as this Court deems just and proper.

Dated:  March 4, 2004                    Respectfully submitted,

                                         DUFF & PHELPS, LLC

                                         By:  Daniel Bayston