IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W.R. GRACE & CO., *et al.*,[1] | ) Case No.  01-1139 (JFK) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) **Objection Deadline: April 9, 2004** |
| | ) **Hearing Date: April 26, 2004 at noon** |

## MOTION OF MASSACHUSETTS DEPARTMENT OF ENVIRONMENTAL PROTECTION FOR RELIEF FROM AUTOMATIC STAY AND SETOFF

The Massachusetts Department of Environmental Protection (DEP), a creditor and party in interest herein, by and through the Attorney General of the Commonwealth of Massachusetts, hereby moves this court pursuant to Del. Bankr. L.R. 9013-1, for the entry of an order pursuant to 11 U.S.C. §§ 362(d) and 553 granting relief from the automatic stay to effect the setoff of funds of the Commonwealth owed to debtor W.R. Grace & Co.–Conn. for a 1986 tax refund by the Massachusetts Department of Revenue (DOR) against certain environmental obligations of W.R. Grace & Co.–Conn., W.R. Grace & Co., and Grace Energy Corporation to the Commonwealth for unpaid, prepetition environmental response costs and fees related to certain

---

[1] The Debtors consist of the following 62 entities: W.R. Grace & Co. (f/k/a Grace Specialty Chemcials, Inc.), W.R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc, Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.) G C Management Inc. (f/k/a Grace Cocoa Management , Inc.), GEC Management Corporation, CN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace  H-G Inc., Grace H-G II Inc., Grace Hotel Service Corporation, Grace International Holdings, Inc., (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W.R. Grace Capital Corporation, W.R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International Inc., Kootenai Development Company, L B Realty, Inc., Litigation Managmenet, Inc. (f/k/a GHSC Holding, Inc., Grace JVH Inc., Asbestos Management Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.) MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc.(f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

contaminated sites located in the Commonwealth.  In support of this motion, the DEP states as follows:

1.      On April 2, 2001,  W.R. Grace & Co.–Conn., W.R. Grace & Co., Grace Energy Corporation and other affiliated entities each filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code.

2.      In March 2003, the Commonwealth filed a timely Proof of Claim against each of the debtors W.R. Grace & Co.–Conn., W.R. Grace & Co., and Grace Energy Corporation for environmental liability to the Commonwealth in connection with certain contaminated sites throughout the Commonwealth, under federal and state laws and regulations, including the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. §§ 9606, et seq. ("CERCLA"), the Massachusetts Oil and Hazardous Material Release Prevention and Response Act, Mass. G. L. c. 21E, the Massachusetts Contingency Plan ("MCP"), 310 C.M.R. §§ 40.0000, et seq., and the Timely Action Schedule and Fee Provisions, 310 C.M.R. §§ 4.00, et seq.

3.      The Commonwealth's claims, as filed, included, inter alia, amounts owed to the Commonwealth by Debtors for unreimbursed or unpaid prepetition response costs and fees in a total of $799,418.84.  This amount consists of the following unreimbursed, prepetition costs for the performance of assessment, containment, or removal activities, or the oversight of such activities, at the following sites, consistent with Mass. G.L. c. 21E and the MCP, and for unpaid, prepetition annual compliance fees, that Debtors owe consistent with 310 C.M.R. §§ 4.00, et seq.:

| | |
|---|---|
| Former Zonolite Plant Site | $42,293.39 |
| Acton Superfund Site | $709,642.04 |

| | |
|---|---|
| Wells G&H Aberjona River Valley Site | $17,337.25 |
| Blackburn & Union Privileges Site | $5,980.96 |
| MMR Pipeline Site | $24,165.20 |
| | $799,418.84 |

*See* Exhibits A and B to the Commonwealth's Proofs of Claims, including detailed descriptions

and supporting documentation.  (These amounts do not include, and are in addition to, post-

petition, contingent, unliquidated response costs and fees for which Debtors may be liable to the

Commonwealth at these and other sites, and for which the Commonwealth estimated that the

total may be at least $41,000,000.00.)

4.    By order dated January 22, 2004, the Court authorized W.R. Grace Co.–Conn. to

settle and compromise a Massachusetts corporate excise tax refund claim for the tax year 1986 in

the amount of $1,292,340.  The DOR, acting by and through the Commissioner of Revenue, and

the Debtors have entered, or will shortly enter, into a settlement agreement that does, or will,

establish that amount as the total to be abated to Debtors by the Commonwealth.

5.    Any such tax refund will be paid by the Treasurer of the Commonwealth from the

Commonwealth's general fund.  *See* G.L. c. 62c, § 40.  All payments made to the

Commonwealth for environmental liability, such as for the costs and fees identified in paragraph

3, above, will be deposited into the Commonwealth's general fund.

6.    Relief from the automatic stay should be granted, for cause, when a creditor has a

state law right of setoff and the requirements of Section 553 are satisfied.  *See In re Nuclear

Imaging Sys., Inc*. 260 B.R. 724, 730 (Bankr. E.D. Pa. 2000) ("Courts have generally concluded

that the existence of mutual obligations subject to setoff constitutes sufficient 'cause' to meet the

creditor's initial evidentiary burden in seeking relief from the automatic stay."); *In re Firestone*,

179 B.R. 148, 148 (Bankr. D. Neb. 1995) ("A right to setoff under § 553 establishes a *prima*

3

*facie* case of cause to lift the automatic stay.")

7.      "The right of set off . . . allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding 'the absurdity of making A pay B when B owes A.'" *Citizens Bank of Maryland v. Strumpf*, 116 S.Ct. 286, 289 (1995) *(quoting Studlye v. Boylston Nat'l Bank*, 229 U.S. 523, 528 (1913)).  Setoff "occupie[s] a favored position in our history of jurisprudence," *Bohack Corp. v. Borden, Inc*., 599 F.2d 1160, 1164 (2d Cir. 1979), with which courts should interfere "only under the most compelling circumstances." *In re Utica Floor Maint., Inc.* 441 B.R. 941, 944 (N.D. N.Y. 1984).  "The rule allowing setoff . . . is not one that courts are free to ignore when they think application would be unjust." *In re Applied Logic Corp.*, 576 F.2d 952 (2d Cir. 1978).  To the contrary, "the justification for permitting setoff is based on notions of fairness," *In re IML Freight, Inc*., 65 B.R. 788,791-92 (Bankr. D. Utah 1986), and "[t]he primacy of setoffs is essential to the equitable treatment of creditors. . . . *In re DeLaurentiis Entertainment Group, Inc*., 963 F.2d 1269, 1277 (9th Cir. 1992).

8.      The United States is one party for mutuality purposes and can setoff claims held by or against different agencies  *See e.g., In re HAL, Inc.*, 122 F.3d 851 (9th Cir. 1997), *aff'g*, 196 B.R. 159 (B.A.P. 9th Cir. 1996) ("[F]ederal government agencies, with the exception of those acting in a distinctly private capacity, are a single entity for purposes of setoff under § 553.")' *In re Chateaugay Corp.,* 94 F.3d. 772, 779 (2d cir. 1996) (holding that there is a common law right to offset tax refunds against claims of other federal agencies).  Similarly, a state, such as the Commonwealth, is a single entity for setoff purposes. *See e.g., In re Bennett Co.*, 118 B.R. 564 (M.D. Tenn. 1990) (mutuality existed to setoff taxes owed to state agency against contractual debt owed by state agency); *Wallach v. New York (In re Bison Heating & Equipment, Inc.)*, 177

B.R. 785 (Bankr. W.D. N.Y. 1995) (State agencies as "creatures of the State" are a "single entity capable of holding mutual credits and debts.)

9.      The obligations of the Commonwealth and Debtors to and from each other, at issue herein are mutual and prepetition  The environmental liability of Debtors to the Commonwealth at issue in this motion is all debt that arose prepetition, is liquidated and not contingent, and is owed to the Commonwealth. The funds owing to the Debtors from the Commonwealth arose from the 1986 tax year, and are prepetition liquidated, and not contingent. Moreover, the claims and debt of the Commonwealth at issue herein are each valid and enforceable under state law.

10.      The Commonwealth is therefore entitled to relief from the automatic stay of section 362(d)(1), for cause, based on the Commonwealth's state law right to setoff and due to the fact that the Commonwealth lacks adequate protection for its interest in the tax refund.  The Commonwealth is also entitled to relief from the automatic stay under section 362(d)(2) due to Debtors' lack of equity in the tax refund owing and the fact that the tax refund is not necessary to Debtors' effective reorganization.

WHEREFORE, the Commonwealth requests that the court:

(1) pursuant to 11 U.S.C. §§ 362 and 553, grant the DEP relief from the automatic stay to setoff a portion of the $1,292,340.00, 1986 tax refund owed by the Commonwealth to Debtors against the amount of the Debtors's environmental liability owed to the Commonwealth for prepetition, non-contingent, liquidated response costs and fees totaling $799,418.84; and

(2) order such other relief as the court may deem just and proper.

Respectfully submitted,

5

MASSACHUSETTS DEPARTMENT OF
ENVIRONMENTAL PROTECTION

By its attorney,

THOMAS F. REILLY
ATTORNEY GENERAL


    /s/ Carol Iancu
By:  Carol Iancu, Mass. BBO # 635626
Assistant Attorney General
Massachusetts Office of the Attorney General
Environmental Protection Division
200 Portland Street, 3rd Floor
Boston, MA  02114
Date: March 19, 2004              (617) 727-2200, ext. 3363