IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| W. R. GRACE & CO., ET AL., | ) | CASE NO. 01-01139 (JKF) |
| | ) | |
| DEBTORS. | ) | JOINTLY ADMINISTERED |

### AFFIDAVIT OF W. BRIAN MCGOWAN IN SUPPORT OF THE DEBTORS' MOTION FOR AN ORDER AUTHORIZING, BUT NOT REQUIRING, THE IMPLEMENTATION OF THE 2004-2006 LONG-TERM INCENTIVE PROGRAM FOR KEY EMPLOYEES

1. I am senior vice president of W. R. Grace & Co., a corporation organized under the laws of the State of Delaware, one of the above-captioned debtors and debtors in possession (collectively, the "Debtors") in this proceeding. I offer this affidavit in support of the Debtors' Motion for an Order Authorizing, but not Requiring, the Implementation of the 2004-2006 Long-Term Incentive Program for Key Employees (the "Motion").

2. The Ongoing Long Term Incentive Program[1] was developed in conjunction with Human Capital Advisor Services Group of Deloitte & Touche, at the time that the Debtors sought approval of the 2002-2004 LTIP.

3. The 2004-2006 LTIP will have the effect of continuing the Ongoing Long-Term Incentive Program. Continuing the Ongoing Long-Term Incentive Program by implementing the 2004-2006 LTIP will aid the maximization of the value of the Debtors' estates and further the Debtors' efforts to successfully reorganize.

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

4. The Key Employees are experienced and talented individuals who are intimately familiar with the Debtors' businesses and can easily obtain employment elsewhere. The Debtors' management believes that without continuing the Ongoing Long-Term Incentive Programs, it would be difficult and expensive to attract and hire qualified replacements for any Key Employees who do leave.

5. Any loss of Key Employees likely would adversely affect the Debtors' operations by lowering the morale of the remaining employees because of the appearance of disarray and disruption generated by such departures. It would also burden the Debtors' remaining employees with additional responsibilities. These factors would make it more likely that the remaining Key Employees, too, could explore other employment opportunities.

6. The loss of even a few Key Employees could therefore potentially lead to more losses. Such a scenario would negatively impact the Debtors' operations. The Debtors must protect a critical mass of their high-performing employees in sufficient numbers to profitably operate their businesses during the pendency of these Chapter 11 Cases.

7. Given the current status of the Chapter 11 Cases, the Debtors' management believes that it will be unable to maintain employee morale and loyalty if it does not continue the Ongoing Long-Term Incentive Program by implementing the 2004-2006 LTIP.

8. The employees' morale, continued loyalty to the Debtors and faith in the Debtors' management will be furthered by the 2004-2006 LTIP because the Ongoing Long-Term Incentive Program clearly signals the Debtors' commitment to continuing to profitably grow their businesses for the benefit of the Debtors' stakeholders, including their employees. The Debtors need such programs to maximize their chances of successfully reorganizing.

9.   The Debtors' specific goals in implementing the 2004-2006 LTIP include: (a) continuing the Ongoing Long-Term Incentive Program, which will provide cash-based, long-term incentive opportunities to achieve pay levels that are not only competitive within the specialty chemical industry, but also are competitive with and comparable to similar programs instituted by other companies in chapter 11 because of mass tort liabilities; and (b) providing significant cash incentive compensation potential to Key Employees during the Chapter 11 Cases.

10.  In light of the foregoing, the Debtors believe that the incentives provided by the 2004-2006 LTIP are reasonable and appropriate and will enhance the prospect of retaining Key Employees and, ultimately, attaining a successful result in these Chapter 11 Cases.

AFFIANT FURTHER SAYETH NOT

Dated this 18 day of March, 2004.

                                                W. Brian McGowan

SUBSCRIBED AND SWORN TO BEFORE ME

this 18 day of March, 2004.

Notary Public
My Commission Expires: 9-1-06