# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

**Objection Deadline: April 9, 2004 at 4:00 p.m.**
**Hearing Date: April 26, 2004 at 12:00 p.m.**

## NOTICE OF MOTION OF THE DEBTORS FOR AN ORDER AUTHORIZING, BUT NOT REQUIRING, THE IMPLEMENTATION OF THE 2004-2006 LONG-TERM INCENTIVE PROGRAM FOR KEY EMPLOYEES

TO:    Parties required to receive notice pursuant to Del. Bankr. LR 2002-1.

The above-captioned debtors and debtors in possession (collectively, the "Debtors") filed

the attached *Motion of the Debtors for an Order Authorizing But Not Requiring, the*

*Implementation of the 2004-2006 Long-Term Incentive Program for Key Employees* (the

"Motion") with the United States Bankruptcy Court for the District of Delaware, 824 Market

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

DOCKET #5323

DATE 3/23/2003

Street, Wilmington, Delaware 19801 (the "Bankruptcy Court"). A true and correct copy of the

Motion is attached hereto.

Objections or other responses to the relief requested in the Motion, if any, must be in

writing and be filed with the Bankruptcy Court no later than 4:00 p.m. (prevailing Eastern time)

on **April 9, 2004.**

At the same time, you must also serve a copy of the objections or responses, if any, upon

the following: (i) co-counsel for the Debtors, James H.M. Sprayregen, Esquire, Kirkland & Ellis

LLP, 200 East Randolph Drive, Chicago, Illinois 60601 (fax number 312-861-2200), and Laura

Davis Jones, Esquire, Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C., 919 North

Market Street, Suite 1600, P.O. Box 8705, Wilmington, DE 19899-8705 (Courier 19801) (fax

number 302-652-4400); (ii) counsel to the Official Committee of Unsecured Creditors, Lewis

Kruger, Esquire, Stroock & Stroock & Lavan, 180 Maiden Lane, New York, New York 10038-

4982 (fax number 212-806-6006), and Michael R. Lastowski, Esquire, Duane, Morris &

Heckscher, LLP, 1100 N. Market Street, Suite 1200, Wilmington, Delaware 19801-1246 (fax

number 302-657-4901); (iii) counsel to the Official Committee of Property Damage Claimants,

Scott L. Baena, Esquire, Bilzin, Sumberg, Dunn, Baena, Price & Axelrod, First Union Financial

Center, 200 South Biscayne Boulevard, Suite 2500, Miami, Florida 33131 (fax number 305-

374-7593), and Michael B. Joseph, Esquire, Ferry & Joseph, P.A., 824 Market Street, Suite 904,

P.O. Box 1351, Wilmington, Delaware 19899 (fax number 302-575-1714); (iv) counsel to the

Official Committee of Personal Injury Claimants, Elihu Inselbuch, Esquire, Caplin & Drysdale,

399 Park Avenue, 36th Floor, New York, New York 10022 (fax number 212-644-6755), and

Mark Hurford, Esquire, Campbell & Levine, LLC, Chase Manhattan Centre, 15th Floor, 1201

Market Street, Suite 1500, Wilmington, Delaware 19801 (fax number 302-426-9947); (v) counsel to the DIP Lenders, J. Douglas Bacon, Esquire, Latham & Watkins, Sears Tower, Suite 5800, Chicago, Illinois 60606 (fax number 312-993-9767), and Steven M. Yoder, Esquire, The Bayard Firm, 222 Delaware Avenue, Suite 900, P.O. Box 25130, Wilmington, Delaware 19899 (fax number 302-658-6395); (vi) the Office of the United States Trustee, Attn: Frank J. Perch, Esquire, 844 N. King Street, Wilmington, Delaware 19801 (fax number 302-573-6497); and (vii) counsel to the Official Committee of Equity Holders, Thomas M. Mayer, Esquire, Kramer Levin Naftalis & Frankel LLP, 919 Third Avenue, New York, New York 10022 (fax number 212-715-8000), and Teresa K.D. Currier, Esquire, Klett Rooney Lieber & Schorling, 1000 West Street, Suite 1410, P.O. Box 1397, Wilmington, DE 19899-1397 (fax number 302-552-4220).

IF NO OBJECTIONS ARE TIMELY FILED AND SERVED IN ACCORDANCE WITH THIS NOTICE, THE BANKRUPTCY COURT MAY GRANT THE RELIEF REQUESTED BY THE MOTION WITHOUT FURTHER NOTICE OR HEARING.

IN THE EVENT THAT ANY OBJECTION OR RESPONSE IS FILED AND SERVED

IN ACCORDANCE WITH THIS NOTICE, A HEARING ON THE MOTION WILL BE HELD

BEFORE THE HONORABLE JUDITH K. FITZGERALD AT THE BANKRUPTCY COURT,

ON APRIL 26, 2004 AT 12:00 P.M., EASTERN TIME.

Dated: March 22, 2004

KIRKLAND & ELLIS LLP
James H.M. Sprayregen, P.C.
Janet S. Baer
James W. Kapp III
Christian J. Lane
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

and

PACHULSKI, STANG, ZIEHL, YOUNG, JONES
& WEINTRAUB P.C.

Laura Davis Jones (Bar No. 2436)
David W. Carickhoff, Jr. (Bar No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for the Debtors and Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

Objection Deadline: April 9, 2004 at 4:00 p.m.
Hearing Date: April 26, 2004 at 12:00 p.m.

## MOTION OF THE DEBTORS FOR AN ORDER AUTHORIZING, BUT NOT REQUIRING, THE IMPLEMENTATION OF THE 2004-2006 LONG-TERM INCENTIVE PROGRAM FOR KEY EMPLOYEES

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors") hereby move this Court (the "Motion") for entry of an order authorizing, but not requiring, the implementation of the Grace 2004-2006 Long Term Incentive Plan (the "2004-2006 LTIP") for certain key employees, as part of a continuing long-term, performance-based incentive compensation program for those employees. In support of this Motion, the Debtors respectfully state as follows:

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

## Jurisdiction

1.      This Court has jurisdiction over this Motion under 28 U.S.C. § 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 105(a) and 363(b) of chapter 11 of title 11 of the United States Code (as amended, the "Bankruptcy Code").

## Background

3.      On April 2, 2001 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"), which have been consolidated for administrative purposes only.  Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors-in-possession.

4.      On April 2, 2001, upon a motion of the Debtors (the "Wages Motion"), the Court entered an order that, inter alia, authorized and approved on an interim basis certain compensation programs for key employees (the "Key Employees"), including the 2001-2003 Long-Term Incentive Plan (the "2001-2003 LTIP").  On June 22, 2001, the Court entered a final order authorizing and approving the 2001-2003 LTIP.[2]

---

[2] In the Wages Motion, the Debtors reserved the right to determine whether a particular employee is a Key Employee pursuant to the applicable retention and long-term incentive programs.  For purposes of this Motion, the Debtors continue to reserve the right to determine whether a particular employee is a Key Employee with respect to the 2004-2006 LTIP; and the right to vary the selection of Key Employees under the 2004-2006 LTIP from the Key Employees identified under prior long-term incentive plans.

2

5.      On August 26, 2002, the Court entered an order authorizing, but not requiring, the implementation of revised compensation programs that, inter alia, authorized and approved the implementation of the 2002-2004 long-term incentive plan (the "2002-2004 LTIP") for Key Employees, as part of a continuing long-term, performance-based incentive program for Key Employees (the "Ongoing Long-Term Incentive Program").

6.      On March 26, 2003, the Court entered an order authorizing, but not requiring, the implementation of the 2003-2005 long-term incentive plan (the "2002-2005 LTIP") for Key Employees, as part of the Ongoing Long-Term Incentive Program.

7.      The Ongoing Long-Term Incentive Program contemplates the implementation of a specific long-term incentive plan each year, with payouts based on the performance of the Debtors' businesses, measured on a three-year performance period commencing with the year in which the specific plan is implemented. Currently, the Ongoing Long-Term Incentive Program consists of (i) the 2002-2004 LTIP and (ii) the 2003-2005 LTIP.

8.      In accordance with its design and goals regarding motivating key employees, and the expectation of key employees, the ordinary administration and implementation of the Ongoing Long-Term Incentive Program requires that annual long-term incentive awards be made to key employees in the ordinary course of the Debtors' business in the form of an "LTIP." The 2004-2006 LTIP continues the implementation of that overall strategy. Adoption of the 2004-2006 LTIP is consistent with the Ongoing Long-Term Incentive Program, and with respect to its design is also consistent with the 2002-2004 LTIP, and the 2003-2005 LTIP which were previously adopted as part of the Ongoing Long-Term Incentive Program.

3

## Relief Requested

9.      By this Motion, the Debtors request that the Court authorize the continuation of the Ongoing Long-Term Incentive Program by authorizing, but not requiring, the implementation of the 2004-2006 LTIP, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code.

## Similarity of the 2004-2006 LTIP With Previous LTIP Plans

10.     In all material respects, the provisions of the 2004-2006 LTIP are identical to the provisions of the two previous LTIPs, which were previously authorized and approved by the Court. Specifically, the provisions of the 2004-2006 LTIP are the same as the provisions of the two previous LTIPs in the following respects:

(a)     The payments under the 2004-2006 LTIP will consist of 100% cash.

(b)     Business performance is measured on a three-year performance period, commencing with 2004.[3]

(c)     The applicable compound annual 3-year growth rate in core earnings before interest and taxes ("EBIT") to achieve an award of 100% of the 2004-2006 LTIP target payment (the "Base Target Payment") will be 6% per annum.

(d)     Partial payouts for EBIT growth rates between 0% and 6% will be implemented on a straight-line basis.

(e)     The amount of the 2004-2006 LTIP target payment will be increased at EBIT compound annual growth rates in excess of the 6%, up to a maximum of 200% of the Base Target Payment at an annual compound growth EBIT growth rate of 25%.

(f)     Payouts (if earned) will occur in 1/3 and 2/3 installments, respectively, in March following years 2 and 3 of the plan.

---

[3] The 2002-2004 LTIP three-year performance period commenced with 2002, and the 2003-2005 LTIP three-year performance period commenced with 2003.

4

(g)    The total target payout for the 2004-2006 LTIP will be no more than $11.8 million, which is the same total target payout with respect to the 2002-2004 LTIP and the 2003-2005 LTIP.[4]

11.    The sole difference of significance between the two previous LTIPs and the 2004-2006 LTIP is the three-year period during which performance is measured.  Implementation of the Ongoing Long-Term Incentive Program necessitates a renewed LTIP be initiated each year, with no more than three LTIPs in effect in any year. Thus, upon approval of the Court, in 2004, the 2002-2004 LTIP, the 2003-2005 LTIP and the 2004-2006 LTIP will be active.

## Basis for Relief

12.    Section 105(a) of the Bankruptcy Code "permits the court to issue any order that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  This Court has recognized that the broad reach of its equitable powers under section 105(a) of the Bankruptcy Code authorizes, among other things, implementation of key employee retention programs, including long-term incentive plans.

13.    Section 363(b) provides in relevant part that "the trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." A court has the statutory authority to authorize a debtor to use property of the estate pursuant to section 363(b)(1) of the Bankruptcy Code when such use is an exercise of the debtor's sound business judgment and when the use of the property is proposed in good faith.  In

---

[4]  The estimated total target payout for the 2004-2006 LTIP excludes the targeted payout that will be awarded to the Chief Executive Officer and to the President and Chief Operating Officer of the Debtors.  The calculation of the total targeted payout for the 2002-2004 LTIP and the 2003-2005 LTIP also excluded consideration of the awards to the CEO, since LTIP awards to the CEO are provided under his employment agreement, originally approved by the Court on June 22, 2001. (The Court also approved an amendment to the CEO's employment agreement on October 24, 2002.)  In November 2003, the Debtors retained a President and COO, who reports directly to the CEO.  The President/COO received targeted awards under the 2002-2004 LTIP and the 2003-2005 LTIP, and the President/COO is entitled to awards under subsequent LTIPs, based on his employment agreement with the Debtors, which was approved by the Court on November 13, 2003.  For the 2004-2006 LTIP, if approved by the Board of Debtors, the targeted award for the President/COO will not exceed $687,000.

re Delaware & Hudson Ry. Co., 124 B.R. 169 (D. Del. 1991); see also Fulton State Bank v.

Schipper, 933 F.2d 513, 515 (7th Cir. 1991) (a debtor's decision must be supported by "some

articulated business justification"); Stephen Indus., Inc. v. McClung, 789 F.2d 386, 390 (6th Cir.

1986) (adopting the "sound business purpose" standard for sales proposed pursuant to section

363(b)); In re Montgomery Ward Holding Corp., 242 B.R. 147, 153 (Bankr. D. Del. 1999); In re

Ernst Home Center, Inc., 209 B.R. 974, 979 (Bankr. W.D. Wash. 1997).

14.     Under section 363(b) of the Bankruptcy Code, a debtor has the burden to establish

that it has a valid business purpose for using estate property outside the ordinary course of

business.  See In re Lionel Corp., 722 F.2d 1063, 1070-71 (2d Cir. 1983).  Once the debtor has

articulated such a valid business purpose, however, a presumption arises that the debtor's

decision was made on an informed basis, in good faith and in the honest belief that the action

was in the debtor's best interest.  See In re Integrated Resources, Inc., 147 B.R. 650, 656

(S.D.N.Y. 1992).

15.     Generally, courts authorize debtors to implement key employee incentive

programs because key employees are essential to a debtor's continued operations.  See In re

America West Airlines, Inc., 171 B.R. 674, 678 (Bankr. D. Ariz. 1994) (approving success

bonuses to certain officers and employees as within Debtor's sound business judgment); In re

Interco Inc., 128 B.R. 229, 234 (Bankr. E.D. Mo. 1991) (authorizing the debtor to assume

prepetition severance contracts and approving performance based retention program to ensure

critical employees remained with the debtor).

16.     To continue to maintain cohesive and motivated management teams during the

chapter 11 process—particularly in large chapter 11 cases—debtors frequently implement

6

various combinations of incentive compensation programs. Without such programs, essential key employees will often tend to leave a debtor's employ if other employment opportunities arise offering greater financial rewards without the uncertainties inherent in a debtor's reorganization process. Recognizing these risks, similar employment and incentive plans have been authorized by this and other courts, including In re Homelife Corporation et al., Case No. 01-02412 (Bankr. D. Del. July 16, 2001); In re Acme Metals Incorporated, et al., Case No. 98-2179 (Bankr. D. Del. February 23, 1999 and March 1, 1999); In re FPA Medical Management, Inc., et al., Case Nos. 98-1596 through 98-1685 (Bankr. D. Del. September 23, 1998); In re APS Holding Corp., et. al., Case No. 98-00197 (Bankr. D. Del. September 2, 1998); and In re PWS Holding Corporation, Brunos, Inc., et. al., Case Nos. 98-212 through 98-223 (Bankr. D. Del. June 3, 1998).

17. The Ongoing Long Term Incentive Program was developed in conjunction with Human Capital Advisor Services Group of Deloitte & Touche, at the time that the Debtors sought approval of the 2002-2004 LTIP. The 2004-2006 LTIP will have the effect of continuing the Ongoing Long-Term Incentive Program.

18. Permitting the Debtors to continue the Ongoing Long-Term Incentive Program by implementing the 2004-2006 LTIP will accomplish the sound business purpose of aiding the maximization of the value of the Debtors' estates and furthering the Debtors' efforts to successfully reorganize. The Key Employees are experienced and talented individuals who are intimately familiar with the Debtors' businesses and can easily obtain employment elsewhere. Furthermore, the Debtors' management believes that without continuing the Ongoing Long-Term Incentive Programs, it would be difficult and expensive to attract and hire qualified replacements for any Key Employees who do leave.

7

19.     Moreover, it continues to be the case that such a loss of Key Employees likely would adversely affect the Debtors' operations by lowering the morale of the remaining employees because of the appearance of disarray and disruption generated by such departures. It would also burden the Debtors' remaining employees with additional responsibilities. All of these factors would make it more likely that the remaining Key Employees, too, could explore other employment opportunities. The loss of even a few Key Employees could therefore potentially lead to more losses. Such a scenario would negatively impact the Debtors' operations. The Debtors therefore must protect a critical mass of their high-performing employees in sufficient numbers to profitably operate their businesses during the pendency of these Chapter 11 Cases, thus maximizing the likelihood of a successful restructuring.

20.     Additionally, given the current status of the Chapter 11 Cases, the Debtors' management believes that it will be unable to maintain employee morale and loyalty if it does not continue the Ongoing Long-Term Incentive Program by implementing the 2004-2006 LTIP. The employees' morale, continued loyalty to the Debtors and faith in the Debtors' management will be furthered by the 2004-2006 LTIP because the Ongoing Long-Term Incentive Program clearly signals the Debtors' commitment to continuing to profitably grow their businesses for the benefit of the Debtors' stakeholders, including their employees. The Debtors need such programs to maximize their chances of successfully reorganizing.

21.     In light of these circumstances, the Debtors' specific goals in implementing the 2004-2006 LTIP include:

(a)     Continuing the Ongoing Long-Term Incentive Program, which will provide cash-based, long-term incentive opportunities to achieve pay levels that are not only competitive within the specialty chemical industry, but also are competitive with

8

and comparable to similar programs instituted by other companies in chapter 11 because of mass tort liabilities; and

(b)      Providing significant cash incentive compensation potential to Key Employees during the Chapter 11 Cases.

22.      In light of the foregoing, the Debtors believe that the incentives provided by the 2004-2006 LTIP are reasonable and appropriate and will enhance the prospect of retaining Key Employees and, ultimately, attaining a successful result in these Chapter 11 Cases. For all of the foregoing reasons, the 2004-2006 LTIP should be approved.

## Notice

23.      Notice of this Motion has been given to: (i) the United States Trustee, (ii) counsel to the DIP Lender, (iii) counsel to The Chase Manhattan Bank as agent for the Debtors' prepetition lenders, (iv) counsel to the official committees and (v) all those parties that requested service and notice of papers in accordance with Fed.R.Bankr.P. 2002. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

## No Prior Request

24.      No prior motion for the relief requested herein has been made to this or any other Court.

9

WHEREFORE, the Debtors respectfully request that the Court enter an order (i) authorizing, but not requiring, the Debtors to continue the Ongoing Long-Term Incentive Program by authorizing, but not requiring, the implementation of the 2004-06 Long Term Incentive Plan, (ii) authorizing, but not requiring, the Debtors to take such other action as may be necessary or appropriate to effect the intent of this Motion, and (iii) granting such other and further relief as the Court deems just and proper.

Dated: March 22, 2004

Respectfully submitted,

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
James W. Kapp III
Janet S. Baer
Christian J. Lane
200 East Randolph Drive
Chicago, Illinois 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

and

PACHULSKI, STANG, ZIEHL, YOUNG, JONES &
WEINTRAUB P.C.

Laura Davis Jones (Bar No. 2436)
David W. Carickhoff, Jr. (Bar No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for the Debtors and Debtors in Possession

10

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No: 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | Re: Docket No. _____ |

## ORDER AUTHORIZING, BUT NOT REQUIRING, THE IMPLEMENTATION OF THE 2004-2006 LONG-TERM INCENTIVE PROGRAM FOR KEY EMPLOYEES

Upon the motion (the "Motion")[2] of the debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors") seeking entry of an order under sections 105(a) and 363(b) of the Bankruptcy Code authorizing, but not requiring, the implementation of the 2004-2006 LTIP for certain key employees, as part of a continuing long-term, performance-based incentive compensation program for those employees; and it appearing that the Court has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and it appearing that this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and this Motion is properly in

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion

having been given; and it appearing that the relief requested in the Motion is in the best interests

of the Debtors and their estates and creditors; and after due deliberation and sufficient cause

appearing therefor, it is hereby:

ORDERED that the Motion is granted; and it is further

ORDERED that the Debtors are authorized, but not required, to implement the 2004-

2006 LTIP on the terms described in the Motion; and it is further

ORDERED that the Debtors are authorized to take all actions necessary to effectuate this

order; and it is further

ORDERED that, notwithstanding the possible applicability of Fed.R.Bankr.P. 6004(g),

7062, 9014, or otherwise, the terms and conditions of this order shall be immediately effective

and enforceable upon its entry; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters

arising from the implementation of this Order.

Dated: April ____, 2004

_____
The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| W. R. GRACE & CO., ET AL., | ) | CASE NO. 01-01139 (JKF) |
| | ) | |
| DEBTORS. | ) | JOINTLY ADMINISTERED |

## AFFIDAVIT OF W. BRIAN MCGOWAN IN SUPPORT OF THE DEBTORS' MOTION FOR AN ORDER AUTHORIZING, BUT NOT REQUIRING, THE IMPLEMENTATION OF THE 2004-2006 LONG-TERM INCENTIVE PROGRAM FOR KEY EMPLOYEES

1.    I am senior vice president of W. R. Grace & Co., a corporation organized under the laws of the State of Delaware, one of the above-captioned debtors and debtors in possession (collectively, the "Debtors") in this proceeding.  I offer this affidavit in support of the Debtors' Motion for an Order Authorizing, but not Requiring, the Implementation of the 2004-2006 Long-Term Incentive Program for Key Employees (the "Motion").

2.    The Ongoing Long Term Incentive Program[1] was developed in conjunction with Human Capital Advisor Services Group of Deloitte & Touche, at the time that the Debtors sought approval of the 2002-2004 LTIP.

3.    The 2004-2006 LTIP will have the effect of continuing the Ongoing Long-Term Incentive Program.  Continuing the Ongoing Long-Term Incentive Program by implementing the 2004-2006 LTIP will aid the maximization of the value of the Debtors' estates and further the Debtors' efforts to successfully reorganize.

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

4.    The Key Employees are experienced and talented individuals who are intimately familiar with the Debtors' businesses and can easily obtain employment elsewhere.    The Debtors' management believes that without continuing the Ongoing Long-Term Incentive Programs, it would be difficult and expensive to attract and hire qualified replacements for any Key Employees who do leave.

5.    Any loss of Key Employees likely would adversely affect the Debtors' operations by lowering the morale of the remaining employees because of the appearance of disarray and disruption generated by such departures.  It would also burden the Debtors' remaining employees with additional responsibilities.  These factors would make it more likely that the remaining Key Employees, too, could explore other employment opportunities.

6.    The loss of even a few Key Employees could therefore potentially lead to more losses.  Such a scenario would negatively impact the Debtors' operations.  The Debtors must protect a critical mass of their high-performing employees in sufficient numbers to profitably operate their businesses during the pendency of these Chapter 11 Cases.

7.    Given the current status of the Chapter 11 Cases, the Debtors' management believes that it will be unable to maintain employee morale and loyalty if it does not continue the Ongoing Long-Term Incentive Program by implementing the 2004-2006 LTIP.

8.    The employees' morale, continued loyalty to the Debtors and faith in the Debtors' management will be furthered by the 2004-2006 LTIP because the Ongoing Long-Term Incentive Program clearly signals the Debtors' commitment to continuing to profitably grow their businesses for the benefit of the Debtors' stakeholders, including their employees.  The Debtors need such programs to maximize their chances of successfully reorganizing.

2

9.      The Debtors' specific goals in implementing the 2004-2006 LTIP include:
(a) continuing the Ongoing Long-Term Incentive Program, which will provide cash-based, long-
term incentive opportunities to achieve pay levels that are not only competitive within the
specialty chemical industry, but also are competitive with and comparable to similar programs
instituted by other companies in chapter 11 because of mass tort liabilities; and (b) providing
significant cash incentive compensation potential to Key Employees during the Chapter 11
Cases.

10.     In light of the foregoing, the Debtors believe that the incentives provided by the
2004-2006 LTIP are reasonable and appropriate and will enhance the prospect of retaining Key
Employees and, ultimately, attaining a successful result in these Chapter 11 Cases.

3

AFFIANT FURTHER SAYETH NOT

Dated this 18 day of March, 2004.

_W B mc Gowan_
W. Brian McGowan

SUBSCRIBED AND SWORN TO BEFORE ME

this 18 day of March, 2004.

Notary Public
My Commission Expires: 9-1-06

4