# EXHIBIT A

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
|  | ) | Jointly Administered |
| Debtors. | ) |  |

**Objection Deadline: April 9, 2004 at 4:00 p.m.**
**Hearing Date: April 26, 2004 at 12:00 p.m.**

## NOTICE OF DEBTORS' MOTION FOR ORDER APPROVING SETTLEMENT WITH WILLIAM B. DUNBAR, PURSUANT TO FED. R. BANKR. P. 9019

TO:    Parties required to receive notice pursuant to Del. Bankr. LR 2002-1.

The above-captioned debtors and debtors in possession (collectively, the "Debtors") filed the attached *Debtors' Motion for Order Approving Settlement with William B. Dunbar, Pursuant to Fed. R. Bankr. P. 9019* (the "Motion") with the United States Bankruptcy

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

DOCKET #5324
DATE 3 23 2004

Court for the District of Delaware, 824 Market Street, Wilmington, Delaware 19801 (the "Bankruptcy Court"). A true and correct copy of the Motion is attached hereto.

Objections or other responses to the relief requested in the Motion, if any, must be in writing and be filed with the Bankruptcy Court no later than 4:00 p.m. (prevailing Eastern time) on **April 9, 2004.**

At the same time, you must also serve a copy of the objections or responses, if any, upon the following: (i) co-counsel for the Debtors, James H.M. Sprayregen, Esquire, Kirkland & Ellis LLP, 200 East Randolph Drive, Chicago, Illinois 60601 (fax number 312-861-2200), and Laura Davis Jones, Esquire, Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C., 919 North Market Street, Suite 1600, P.O. Box 8705, Wilmington, DE 19899-8705 (Courier 19801) (fax number 302-652-4400); (ii) counsel to the Official Committee of Unsecured Creditors, Lewis Kruger, Esquire, Stroock & Stroock & Lavan, 180 Maiden Lane, New York, New York 10038-4982 (fax number 212-806-6006), and Michael R. Lastowski, Esquire, Duane, Morris & Heckscher, LLP, 1100 N. Market Street, Suite 1200, Wilmington, Delaware 19801-1246 (fax number 302-657-4901); (iii) counsel to the Official Committee of Property Damage Claimants, Scott L. Baena, Esquire, Bilzin, Sumberg, Dunn, Baena, Price & Axelrod, First Union Financial Center, 200 South Biscayne Boulevard, Suite 2500, Miami, Florida 33131 (fax number 305-374-7593), and Michael B. Joseph, Esquire, Ferry & Joseph, P.A., 824 Market Street, Suite 904, P.O. Box 1351, Wilmington, Delaware 19899 (fax number 302-575-1714); (iv) counsel to the Official Committee of Personal Injury Claimants, Elihu Inselbuch, Esquire, Caplin & Drysdale, 399 Park Avenue, 36th Floor, New York, New York 10022 (fax number

212-644-6755), and Mark Hurford, Esquire, Campbell & Levine, LLC, Chase Manhattan Centre, 15th Floor, 1201 Market Street, Suite 1500, Wilmington, Delaware 19801 (fax number 302-426-9947); (v) counsel to the DIP Lenders, J. Douglas Bacon, Esquire, Latham & Watkins, Sears Tower, Suite 5800, Chicago, Illinois 60606 (fax number 312-993-9767), and Steven M. Yoder, Esquire, The Bayard Firm, 222 Delaware Avenue, Suite 900, P.O. Box 25130, Wilmington, Delaware 19899 (fax number 302-658-6395); (vi) the Office of the United States Trustee, Attn: Frank J. Perch, Esquire, 844 N. King Street, Wilmington, Delaware 19801 (fax number 302-573-6497); and (vii) counsel to the Official Committee of Equity Holders, Thomas M. Mayer, Esquire, Kramer Levin Naftalis & Frankel LLP, 919 Third Avenue, New York, New York 10022 (fax number 212-715-8000), and Teresa K.D. Currier, Esquire, Klett Rooney Lieber & Schorling, 1000 West Street, Suite 1410, P.O. Box 1397, Wilmington, DE 19899-1397 (fax number 302-552-4220).

IF NO OBJECTIONS ARE TIMELY FILED AND SERVED IN ACCORDANCE WITH THIS NOTICE, THE BANKRUPTCY COURT MAY GRANT THE RELIEF REQUESTED BY THE MOTION WITHOUT FURTHER NOTICE OR HEARING.

IN THE EVENT THAT ANY OBJECTION OR RESPONSE IS FILED AND SERVED IN ACCORDANCE WITH THIS NOTICE, A HEARING ON THE MOTION WILL BE HELD BEFORE THE HONORABLE JUDITH K. FITZGERALD AT THE BANKRUPTCY COURT, ON APRIL 26, 2004 AT 12:00 P.M., EASTERN TIME.

Dated: March 22, 2004

> KIRKLAND & ELLIS LLP
> David M. Bernick, P.C.
> Janet S. Baer
> James W. Kapp III
> Christian J. Lane
> 200 East Randolph Drive
> Chicago, Illinois 60601
> Telephone: (312) 861-2000
> Facsimile: (312) 861-2200
>
> and
>
> PACHULSKI, STANG, ZIEHL, YOUNG, JONES
> & WEINTRAUB P.C.
>
>
> Laura Davis Jones (Bar No. 2436)
> Scotta McFarland (Bar No. 4184)
> David W. Carickhoff, Jr. (Bar No. 3715)
> 919 North Market Street, 16th Floor
> P.O. Box 8705
> Wilmington, DE 19899-8705 (Courier 19801)
> Telephone: (302) 652-4100
> Facsimile: (302) 652-4400
>
> Co-Counsel for the Debtors and Debtors in Possession

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

**Objection Deadline: April 9, 2004 at 4:00 p.m.**
**Hearing Date: April 26, 2004 at 12:00 p.m.**

## DEBTORS' MOTION FOR ORDER APPROVING SETTLEMENT WITH WILLIAM B. DUNBAR, PURSUANT TO FED. R. BANKR. P. 9019

The above-captioned debtors and debtors in possession (the "Debtors") hereby move (the

"Motion") the Court for entry of a stipulation and order (the "Stipulation")[2] by and between the

Debtors and William B. Dunbar ("Dunbar") (each a "Party" and, together, the "Parties")

resolving a dispute between the Parties regarding the payment of certain real estate taxes related

---

[1]  The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2]  The Stipulation is annexed as Exhibit A.

to those certain premises commonly known as 4315 Clinton Highway, Knoxville, Tennessee (the "Premises"). In support of this Motion, the Debtors respectfully state as follows:

### JURISDICTION

1.      This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334.  Venue of these cases and this motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A)and (O).

### BACKGROUND

2.      On or about March 24, 2003, the Debtors filed a motion to extend the time to assume, assume and assign, or reject unexpired leases of nonresidential real property (the "Extension Motion").  On or about April 10, 2003, Dunbar filed an objection to the Extension Motion (the "Objection") seeking to compel the Debtors to assume or reject the lease for the Premises (the "Lease").  The Debtors ultimately agreed to assume the Lease.

3.      Pursuant to this Court's order dated April 28, 2003, the Debtors paid the sum of $22,245.23 to the Landlord to cure all amounts owing under the Lease through April 28, 2003 (the "Cure Payment") and assumed the Lease.  Dunbar had previously filed a claim against the Debtors for unpaid pre-petition amounts due under the Lease in the amount of $22,745.25, docketed as claim number 2637 ("Claim No. 2637").  As a result of inadvertence and mutual mistake of the Parties, certain pre-petition real estate taxes payable by the Debtors under the lease (the "Taxes") were not included in the amount of the Cure Payment.  The Parties agree that the Taxes are the obligation of the Debtors pursuant to the specific terms of the Lease and should have been paid as part of the assumption of the Lease.

4.      Upon realization that the Taxes were not included in the Cure Payment, Dunbar notified the Debtors of his intent to seek payment of the amount of the Taxes from the

Debtors. After arms-length negotiations, the Parties agreed to settle the dispute pursuant to the Stipulation,[3] a copy of which is attached hereto as Exhibit A. The Stipulation provides that, upon Court approval, the Debtors will pay $10,922.84 to Dunbar as reimbursement for the Taxes which were the obligation of the Debtors. The Stipulation further provides that, upon the Court's approval of the Stipulation, (a) Dunbar's Claim No. 2637 will be expunged and disallowed for all purposes, and (b) the Debtors shall be deemed to have fully satisfied all claims which may have been asserted by the Landlord against the Debtors with respect to the Cure Payment, Claim No. 2637, the Lease or the Premises for all periods prior to the assumption of the Lease and the Landlord shall not be entitled to any further distribution related thereto.

### RELIEF REQUESTED

5.    By this Motion, the Debtors seek Court approval of the Stipulation, pursuant to Bankruptcy Rule 9019.

### LEGAL BASIS FOR RELIEF

6.    Bankruptcy Rule 9019 authorizes this Court to approve a compromise settlement entered into by a debtor. The decision whether to accept or reject a compromise lies within the sound discretion of the Bankruptcy Court. In re Neshaminy Office Bldg. Assocs., 62 B.R. 798, 803 (E.D. Pa. 1986). Approval of a compromise settlement is appropriate if it is in the "best interests of the estate." Id.

7.    In arriving at the compromise set forth in the Stipulation, the Debtors were guided by the factors established by relevant case law regarding the reasonableness of such settlements. These factors include:

---

[3] If there are any inconsistencies between the summary of the Stipulation in this Motion and the Stipulation itself, the language in the Stipulation shall control.

a.  The probability of success in the litigation;

b.  The complexity, expense and likely duration of the litigation;

c.  All other factors relevant to making a full and fair assessment of the wisdom of the proposed compromise; and

d.  Whether the proposed compromise is fair and equitable to the Debtors, their creditors, and other parties in interest.

See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968) (hereinafter referred to as "TMT"); see also In re Martin, 91 F. 3d 389, 393 (3d. Cir. 1996) ("To minimize litigation and expedite the administration of a bankruptcy estate, '[c]ompromises are favored in bankruptcy'").  Basic to the process of evaluating proposed settlements is "the need to compare the terms of the compromise with the likely rewards of litigation." TMT, 390 U.S. at 425.  The TMT rule does not require the Court to hold a full evidentiary hearing before a compromise can be approved, rather, the Court's obligation is "to canvass the issues and see whether the settlement 'falls below the lowest point in a range of reasonableness.'" 10 Collier on Bankruptcy, ¶ 9019.2, 9019-4 (15th ed.), quoting In re Drexel Lambert Group, Inc., 134 B.R. 493 (Bankr. S.D.N.Y. 1991).

8.    The settlement need not be the best that the debtor could have achieved, but only must fall "within the reasonable range of litigation possibilities." In re Penn Central Transp. Co., 596 F.2d 1102, 1114 (3d Cir. 1979).  In making its determination, a court should not substitute its own judgment for that of the debtor. Neshaminy Office, 62 B.R. at 803.  Moreover, it is not necessary for the court to conduct a "mini trial" of the facts or the merits underlying the dispute. In re Grant Broadcasting of Philadelphia, Inc., 71 B.R. 390, 396 (Bankr. E.D. Pa. 1987). See also In re A & C Properties, 784 F.2d 1377, 1384 (9th Cir.), cert. denied, 479 U.S. 854 (1986).  Rather, the court need only consider those facts that are necessary to enable it to

evaluate the settlement and to make an informed and independent judgment about the settlement. Penn Central, 596 F.2d at 1114; In re Energy Cooperative, Inc., 886 F.2d 921, 924-25 (7th Cir. 1989).

## THE STIPULATION SHOULD BE APPROVED

9.     The Debtors have analyzed the facts, relevant lease provisions and law related to Dunbar's positions with respect to the payment of the Taxes and have determined that there is little likelihood that the Debtors would prevail if the issue of payment of the Taxes were litigated.  Indeed, the Debtors acknowledge their obligation to pay the Taxes under the terms of the Lease and that they failed to do so at the time of assuming the Lease only through inadvertence in determination of the amount of the Cure Payment.  Further, the Debtors anticipate that litigating such issues could require an expenditure of legal fees which would approach or possibly exceed the actual amount in dispute.  Given the lack of reasonable likelihood of success and balancing the cost of the litigation against the amount of the settlement, the Debtors determined, in their business judgment, that entering into the Stipulation is in the best interests of their estates and creditors.

## NOTICE

10.     Notice of this Motion has been given to (i) counsel for Dunbar, and (ii) those parties who have requested notice pursuant to Fed. R. Bankr. P. 2002.  The Debtors submit that no further notice is necessary.

WHEREFORE, the Debtors respectfully request that the Court grant this Motion and such other and further relief as is just and proper.

Dated: March 22, 2004

Respectfully submitted,

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
James W. Kapp III
Janet S. Baer
Christian J. Lane
200 East Randolph Drive
Chicago, Illinois 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

and

PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.

Laura Davis Jones (Bar No. 2436)
Scotta E. McFarland (Bar No. 4184)
David W. Carickhoff, Jr. (Bar No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for the Debtors and Debtors in Possession

# Exhibit A

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

## STIPULATION AND AGREED ORDER BY AND BETWEEN
## WILLIAM B. DUNBAR AND W. R. GRACE & CO.--CONN.

WHEREAS, pursuant to this Court's order dated April 28, 2003, the above captioned debtors and debtors in possession (collectively, the "Debtors") paid the sum of $22,245.23 to William B. Dunbar ("Landlord"), as landlord under that certain lease (the "Lease") for those certain premises commonly known as 4315 Clinton Highway, Knoxville, Tennessee (the "Premises"), as cure of all amounts owing under the Lease through April 28, 2003 (the "Cure Payment"); and

WHEREAS, pursuant to such order, the Debtors assumed the Lease; and

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

WHEREAS, as a result of inadvertence and mutual mistake of the parties, certain pre-petition real estate taxes payable by the Debtors under the lease (the "Taxes") were not included in the Cure Payment; and

WHEREAS, the Debtors and the Landlord agree that the Taxes are the obligation of the Debtors pursuant to the Lease and should have been paid as part of the assumption of the Lease; and

WHEREAS, the Landlord had previously filed a claim related to obligations under the Lease in the amount of $22,745.25, docketed as claim number 2637 ("Claim No. 2637"); and

WHEREAS, the Debtors and the Landlord have reached an agreement to correct the inadvertence and mutual mistake of the parties and resolve the Landlord's claim as set forth herein.

NOW, THEREFORE, IT APPEARING THAT SUFFICIENT CAUSE EXISTS FOR GRANTING THE RELIEF REQUESTED HEREIN AND THAT THE RELIEF REQUESTED HEREIN IS IN THE BEST INTERESTS OF THE DEBTORS' ESTATES AND CREDITORS, IT IS HEREBY ORDERED AS FOLLOWS:

1.    The foregoing recitals are hereby fully incorporated into and made an express part of this Stipulation and Agreed Order.

2.    Upon the Court's approval of this Stipulation and Agreed Order, the Debtors shall pay to the Landlord $10,922.84 to pay all taxes due and payable under the Lease prior to April 28, 2003, and with respect to the Premises. Accordingly, the Landlord waives its right to make demand against the Debtors for payment of any amount, other than as provided herein, arising prior to the date of this Stipulation and Agreed Order related to the Lease, the Premises or Claim No. 2637. Upon payment of the $10,922.84, the Debtors shall be deemed to have fully satisfied

2

all claims which may have been asserted by the Landlord against the Debtors with respect to the Cure Payment, Claim No. 2637, the Lease or the Premises for all amounts due and owing as of April 28, 2003, and the Landlord shall not be entitled to any further distribution related thereto with the exception that this Stipulation shall have no effect on the computation or amount of percentage rent, if any, owed by the Debtors under the Lease for 2003 which rent is due and payable in April 2004.

3.      Claim No. 2637 is hereby expunged and disallowed.

4.      This court shall retain jurisdiction to hear and determine all matters related to the entry of this Stipulation.

5.      This Stipulation is subject to the approval of this Court, and the terms and provisions of the agreement contained herein shall be void and of no further force and effect if such approval is not granted.

6.      Each of the undersigned counsel represents that he is authorized to execute this Stipulation on behalf of his respective client.

7.      This Stipulation may be executed in multiple facsimile or original counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument.

*[Signature on the following page]*

3

So stipulated and agreed this _15th_ day of ~~January,~~ March 2004.

W. R. GRACE & CO.-CONN.

By: _Christian Lane_

Kirkland & Ellis DLP
Its: Attorney
Dated: ~~January~~ March 15, 2004

LANCE DUNBAR
as successor in interest to William Dunbar

By: _[signature]_

Case Bigelow & Lombardi
His: Attorney
Dated: January _15_, 2004

SO APPROVED AND ORDERED this ___ day of _____, 2004

_____

Judith K. Fitzgerald
United States Bankruptcy Judge

4