# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| W. R. GRACE & CO., et al.,[1] ) | Case No. 01-01139 (JKF) |
| ) | Jointly Administered |
| Debtors. ) | |

Objection Deadline: April 9, 2004 at 4:00 p.m.
Hearing Date: April 26, 2004 at 12:00 p.m.

## NOTICE OF MOTION OF THE DEBTORS FOR AN ORDER EXTENDING TIME TO ASSUME, ASSUME AND ASSIGN, OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY

TO: Parties required to receive notice pursuant to Del. Bankr. LR 2002-1.

The above-captioned debtors and debtors in possession (collectively, the "Debtors") filed the attached *Motion of the Debtors for an Order Extending Time to Assume, Assume and Assign, or Reject Unexpired Leases of Nonresidential Real Property* (the "Motion") with the United States Bankruptcy Court for the District of Delaware, 824 Market Street,

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

91100-001\DOCS_DE:90873.1


DOCKET #5325
DATE 3/23/2004

Wilmington, Delaware 19801 (the "Bankruptcy Court"). A true and correct copy of the Motion is attached hereto.

Objections or other responses to the relief requested in the Motion, if any, must be in writing and be filed with the Bankruptcy Court no later than 4:00 p.m. (prevailing Eastern time) on **April 9, 2004**.

At the same time, you must also serve a copy of the objections or responses, if any, upon the following: (i) co-counsel for the Debtors, James H.M. Sprayregen, Esquire, Kirkland & Ellis LLP, 200 East Randolph Drive, Chicago, Illinois 60601 (fax number 312-861-2200), and Laura Davis Jones, Esquire, Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C., 919 North Market Street, Suite 1600, P.O. Box 8705, Wilmington, DE 19899-8705 (Courier 19801) (fax number 302-652-4400); (ii) counsel to the Official Committee of Unsecured Creditors, Lewis Kruger, Esquire, Stroock & Stroock & Lavan, 180 Maiden Lane, New York, New York 10038-4982 (fax number 212-806-6006), and Michael R. Lastowski, Esquire, Duane, Morris & Heckscher, LLP, 1100 N. Market Street, Suite 1200, Wilmington, Delaware 19801-1246 (fax number 302-657-4901); (iii) counsel to the Official Committee of Property Damage Claimants, Scott L. Baena, Esquire, Bilzin, Sumberg, Dunn, Baena, Price & Axelrod, First Union Financial Center, 200 South Biscayne Boulevard, Suite 2500, Miami, Florida 33131 (fax number 305-374-7593), and Michael B. Joseph, Esquire, Ferry & Joseph, P.A., 824 Market Street, Suite 904, P.O. Box 1351, Wilmington, Delaware 19899 (fax number 302-575-1714); (iv) counsel to the Official Committee of Personal Injury Claimants, Elihu Inselbuch, Esquire, Caplin & Drysdale, 399 Park Avenue, 36th Floor, New York, New York 10022 (fax number 212-644-6755), and Mark Hurford, Esquire, Campbell & Levine, LLC, Chase Manhattan Centre,

15th Floor, 1201 Market Street, Suite 1500, Wilmington, Delaware 19801 (fax number 302-426-9947); (v) counsel to the DIP Lenders, J. Douglas Bacon, Esquire, Latham & Watkins, Sears Tower, Suite 5800, Chicago, Illinois 60606 (fax number 312-993-9767), and Steven M. Yoder, Esquire, The Bayard Firm, 222 Delaware Avenue, Suite 900, P.O. Box 25130, Wilmington, Delaware 19899 (fax number 302-658-6395); (vi) the Office of the United States Trustee, Attn: Frank J. Perch, Esquire, 844 N. King Street, Wilmington, Delaware 19801 (fax number 302-573-6497); and (vii) counsel to the Official Committee of Equity Holders, Thomas M. Mayer, Esquire, Kramer Levin Naftalis & Frankel LLP, 919 Third Avenue, New York, New York 10022 (fax number 212-715-8000), and Teresa K.D. Currier, Esquire, Klett Rooney Lieber & Schorling, 1000 West Street, Suite 1410, P.O. Box 1397, Wilmington, DE 19899-1397 (fax number 302-552-4220).

IF NO OBJECTIONS ARE TIMELY FILED AND SERVED IN ACCORDANCE WITH THIS NOTICE, THE BANKRUPTCY COURT MAY GRANT THE RELIEF REQUESTED BY THE MOTION WITHOUT FURTHER NOTICE OR HEARING.

IN THE EVENT THAT ANY OBJECTION OR RESPONSE IS FILED AND SERVED IN ACCORDANCE WITH THIS NOTICE, A HEARING ON THE MOTION WILL BE HELD BEFORE THE HONORABLE JUDITH K. FITZGERALD AT THE BANKRUPTCY COURT, ON APRIL 26, 2004 AT 12:00 P.M., EASTERN TIME.

Dated: March 22, 2004

KIRKLAND & ELLIS LLP
James H.M. Sprayregen, P.C.
Janet S. Baer
James W. Kapp III
Christian J. Lane
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

and

PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.

*[signature]*

Laura Davis Jones (Bar No. 2436)
Scotta McFarland (Bar No. 4184)
David W. Carickhoff, Jr. (Bar No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for the Debtors and Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

Objection Deadline: April 9, 2004 at 4:00 p.m.
Hearing Date: April 26, 2004 at 12:00 p.m.

## MOTION OF THE DEBTORS FOR AN ORDER EXTENDING TIME TO ASSUME, ASSUME AND ASSIGN, OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby move the Court for entry of an order, pursuant to section 365(d)(4) of title 11 of the United States Code (as amended, the "Bankruptcy Code"), extending the time for the Debtors to assume, assume and assign, or reject any lease, sublease or other agreement that may be considered "an unexpired lease of nonresidential real property" (the "Unexpired Leases") under

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

section 365(d)(4) of the Bankruptcy Code through and including September 30, 2004 (the "Motion"). In support of this Motion, the Debtors respectfully represent as follows:

## Background

1. In an order dated October 27, 2003, the Court extended the Debtors' time to assume, assume and assign, or reject Unexpired Leases through and including March 31, 2004, subject to and without prejudice to: (a) the rights of the Debtors to request a further extension of the time to assume, assume and assign, or reject the Unexpired Leases and (b) the rights of any lessor to request that the extension be shortened as to a particular Unexpired Lease (the "Extension Order").

2. The Debtors are currently parties to several hundred Unexpired Leases that fall into two major categories. The first category of Unexpired Leases consists of real property leases for offices and plants throughout the United States and Puerto Rico. The second category of Unexpired Leases consists of several hundred leases where the Debtors are lessees under leases of commercial real estate, often retail stores, restaurants and other, similar facilities, most of which have been sub-leased to other tenants.

## Relief Requested

3. By this Motion, the Debtors are seeking an order further extending the Debtors' time to assume, assume and assign, or reject Unexpired Leases from March 31, 2004, until September 30, 2004 (a six month extension). This extension would be subject to and without prejudice to: (a) the rights of the Debtors to request a further extension of the time to assume, assume and assign, or reject the Unexpired Leases and (b) the rights of any lessor to request that the extension be shortened as to a particular Unexpired Lease.

## **Basis for Relief**

4.   This Motion is filed pursuant to section 365(d)(4) of the Bankruptcy Code, which permits bankruptcy courts to grant, for cause, extensions of the period to assume or assign non-residential leases enumerated therein (the "Rejection Period"). In re Channel Home Centers, Inc., 989 F.2d 682 (3d Cir. 1993), cert. denied, 114 S. Ct. 184 (1993). Congress enacted section 365(d)(4) in order "to protect lessors ... from delay and uncertainty by forcing a trustee or a debtor in possession to decide quickly whether to assume unexpired leases." In re American Healthcare Management, Inc., 900 F.2d 827, 830 (5th Cir., 1990). Congress recognized, however, in enacting section 365(d)(4) of the Bankruptcy Code, that the prescribed time period "will not be enough time for bankrupt lessees to decide whether to assume, assume and assign, or reject leases. In those circumstances, upon adequate demonstration of cause, bankruptcy courts may grant lessees extensions of time in which to assume or reject." Id.

5.   The legislative history of section 365(d)(4) of the Bankruptcy Code indicates that a debtor confronted with the task of analyzing a significant number of leases has sufficient cause to extend the Rejection Period:

> This time period [can] be extended by the court for cause, such as in exceptional cases involving large numbers of leases.

130 Cong. Rec. S8894-95, reprinted at 1984 U.S. Code Cong. & Admin. News 576, 598-601 (remarks of Sen. Hatch concerning the bill). In construing the legislative history, the bankruptcy court in In re Unit Portions of Delaware, Inc., 53 B.R. 83 (Bankr. E.D.N.Y. 1985) concluded:

> Congress recognized that there may be times when it is not possible for the trustee to make a careful and informed assessment of the benefits and burdens of the lease within this 60 day period. Accordingly, it empowered the court to grant a trustee who demonstrates cause for an extension of additional time to make this assessment.

Id. at 85.

6.  Numerous courts have discussed what constitutes sufficient cause to extend the Rejection Period. In <u>In re Wedtech Corp.</u>, 72 B.R. 464 (Bankr. S.D.N.Y. 1987), the court applied the following factors, among others, to determine whether "cause" existed to extend the Rejection Period:

   a.  where the leases are an important asset of the estate such that the decision to assume or reject would be central to any plan of reorganization;

   b.  where the case is complex and involves large numbers of leases; or

   c.  where the debtor has had insufficient time to intelligently appraise each lease's value to a plan of reorganization.

<u>Id.</u> at 471-72.

The Third Circuit Court of Appeals has endorsed the <u>Wedtech</u> decision:

> [N]othing prevents a bankruptcy court from granting an extension because a particular debtor needs additional time to determine whether the assumption or rejection of particular leases is called for by the plan of reorganization that it is attempting to develop. Thus we agree with...<u>In re Wedtech Corp.</u>, 72 Bankr. 464, 471-72 (Bankr. S.D.N.Y. 1987) that it is permissible for a bankruptcy court to consider a particular debtor's need for more time in order to analyze leases in light of the plan that it is formulating.

<u>In re Channel Home Centers, Inc.</u>, 989 F.2d at 689.

7.  Indeed, the deadline for assumption or rejection of leases is often extended for long periods of time. <u>See, e.g.</u>, <u>In re Ernst Home Center, Inc.</u>, 221 B.R. 243, 256 (9th Cir. B.A.P. 1998). Courts routinely grant multiple extensions of the Rejection Period. <u>See e.g.</u>, <u>In re Channel Home Centers, Inc.</u>, 989 F.2d at 688; <u>Matter of American Healthcare Management, Inc.</u>, 900 F.2d at, 830; <u>In re Victoria Station, Inc.</u>, 88 B.R. 231, 239 n.7 (9th Cir. B.A.P. 1988), aff'd 875 F.2d 1380 (9th Cir. 1989) (multiple extensions of 365(d)(4) time period allowed).

8.  The Debtors' present situation meets the requirements in <u>Wedtech</u> for an extension of the 365(d)(4) period to assume or reject the Unexpired Leases. Since the Extension

4

Order was entered, the Debtors' management and professionals have been consumed with the operation of the Debtors' businesses and the complex task of resolving these chapter 11 cases, which were filed as a result of mounting asbestos-related litigation liabilities. Defining these liabilities and then providing for the payment of valid claims on a basis that preserves the Debtors' core business operations is a complex process that is central to resolving these chapter 11 cases. Given its nature, this process involves significant litigation that is, as the Court has recognized, taking time to resolve.

9.    The Debtors have worked diligently in these chapter 11 cases to advance the chapter 11 cases, and, as a result, substantial progress has been made in establishing a framework within which to resolve the mounting asbestos-related litigation liabilities and various other claims against the Debtors. Since the most recent rejection period extension motion was filed, however, there have been a number of developments that have impeded the Debtors progress toward establishing the framework to deal with asbestos-related personal injury Claims against the Debtors. Most significantly, on November 5, 2003, as a result of a motion to recuse filed in the Owens Corning chapter 11 cases, Judge Wolin entered an order staying all proceedings before him in the five asbestos-related cases, including these chapter 11 cases, until the recusal motion has been resolved. On November 14, 2003, three creditors filed a motion to disqualify Judge Wolin from further participation in these chapter 11 cases (the "Recusal Motion"). A decision on the Recusal Motion was issued by Judge Wolin on February 2, 2004. Judge Wolin's decision on the Recusal Motion was appealed to the Court of Appeals for the Third Circuit and therefore the Debtors expect that the status of Judge Wolin's participation in these chapter 11 cases may remain unresolved for some time. The timing of a final decision on the Recusal Motion has a substantial impact on the Debtors' ability to develop a framework within which to

resolve the asbestos-related litigation liabilities and various other claims because Judge Wolin retains jurisdiction over all issues related to the asbestos-related personal injury claims in these chapter 11 cases.

10. Because of the uncertainty of Judge Wolin's continued participation in these chapter 11 cases, the Debtors cannot predict when they will be able to move forward with the resolution of the asbestos-related personal injury claims. If a new judge is assigned to fill Judge Wolin's role in these chapter 11 cases, there likely will be additional delays as the new judge will need significant time to become familiar with the issues in these chapter 11 cases and the asbestos-related personal injury claims.

11. Further, the "Science Trial," regarding factual questions about the scientific risks of Zonolite Attic Insulation ("ZAI"), remains to be completed. The "Science Trial" was scheduled to commence on February 9, 2004, but was continued. The parties continue settlement negotiations in an effort to resolve the issues; however, at present, the ZAI issues remain unresolved.

12. Additionally, by an order dated April 25, 2002, this Court also set a claims bar date of March 31, 2003 (the "Bar Date"), for all claims relating to asbestos property damage, non-asbestos claims (including all governmental claims) and medical monitoring claims. Over 15,000 claims were filed by the Bar Date. With the Bar Date having passed, the Debtors and their professionals are in the process of reviewing the filed claims and preparing claims objections. An asbestos-related personal injury claims bar date, however, has yet to be set, and other related issues raised by the Debtors' case management motions also remain unresolved. The Debtors and other constituents have briefed Judge Wolin on how best to resolve the asbestos-related personal injury claims and the procedures for doing so.

6

13. Other progress has also been made in these chapter 11 cases since the most recent rejection period extension motion was filed. In particular, the parties in the fraudulent transfer action filed by the official asbestos committees against Sealed Air Corporation in these chapter 11 cases (Adversary Proceeding No. 02-2210) have negotiated an agreement memorializing the settlement with Sealed Air Corporation reached on November 29, 2002. The parties, excluding Grace, executed a settlement agreement with Sealed Air Corporation and filed a motion seeking approval of the settlement agreement on November 26, 2003. The Debtors are continuing to negotiate with the other parties; however, Judge Wolin also has jurisdiction over the fraudulent transfer action. Therefore, the entry of an order with respect to the settlement will be delayed until the Recusal Motion is resolved.

14. This lengthy process has affected the Debtors' ability to analyze their Unexpired Leases in several respects. First, the attention of the Debtors' management has been focused elsewhere, and second, the nature of the resolution of the asbestos-related claims may impact the Debtors' decisions regarding some or all of these Unexpired Leases. Finally, due to the inability of the Debtors to develop a consensual plan of reorganization until the above-described issues are resolved, the Debtors have been unable to evaluate the impact that the assumption or rejection of several hundred leases would have upon any such plan of reorganization.

15. The size, nature and complexity of these chapter 11 cases and the Debtors' businesses, the complex legal and economic issues relating to these chapter 11 cases and the development of a plan of reorganization and the potential value of the Unexpired Leases to the ongoing operations of the Debtors all necessitate further extending the Rejection Period. As a result, sufficient cause exists to extend the Rejection Period until September 30, 2004.

16.     The Debtors believe that they are current in all of their postpetition rent payments and other contractual obligations with respect to the Unexpired Leases. The Debtors intend to continue to timely pay all rent obligations on leases until they are either rejected or assumed and will continue to timely perform their contractual obligations with respect to the assumed leases. As a result thereof, the continued occupation of the relevant real property by the Debtors (whether directly or by sublessees) will not prejudice the lessors of such real property or cause such lessors to incur damages that cannot be recompensed under the Bankruptcy Code. Furthermore, these lessors will not be prejudiced because they retain the right under section 365(d)(7) of the Bankruptcy Code to request that the period to assume or reject be shortened with respect to particular leases.

17.     For the reasons set forth herein, the Debtors respectfully submit that the time period under section 365(d)(4) of the Bankruptcy Code should be extended for the Debtors to assume, assume and assign, or reject all Unexpired Leases through and including September 30, 2004.

## Notice

18.     Notice of this Motion has been given to: (i) the United States Trustee; (ii) counsel to the debtor in possession lenders; (iii) counsel to the official committees appointed in these chapter 11 cases; (iv) the non-Debtor parties to the Unexpired Leases; and (v) all those parties that requested service and notice of papers in accordance with Fed R. Bankr. P. 2002. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

WHEREFORE, the Debtors respectfully request that the Court enter an order (i) extending the Rejection Period through and including September 30, 2004, subject to and without prejudice to (a) the rights of the Debtors to request a further extension of the Rejection Period and (b) the rights of any lessor to request that the extension be shortened as to a particular Unexpired Lease, and (ii) grant such other and further relief as the Court deems appropriate.

Respectfully submitted,

Dated: March 22, 2004

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
James W. Kapp III
Janet S. Baer
Christian J. Lane
200 East Randolph Drive
Chicago, Illinois 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

and

PACHULSKI, STANG, ZIEHL, YOUNG, JONES &
WEINTRAUB P.C.

Laura Davis Jones (Bar No. 2436)
Scotta E. McFarland (Bar No. 4184)
David Carickhoff (Bar No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for the Debtors and Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | Re: Docket No. _____ |

## ORDER EXTENDING TIME TO ASSUME, ASSUME AND ASSIGN, OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY

Upon the motion of the above captioned debtors and debtors in possession (collectively, the "Debtors") for an order extending the time to assume, assume and assign, or reject unexpired leases of nonresidential real property (the "Motion")[2]; and it appearing that the Court has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and it appearing that this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and this Motion is proper in

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion.

this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given; and it appearing that the relief requested in the Motion is in the best interests of the Debtors and their estates and creditors; and after due deliberation and sufficient cause appearing therefore,

IT IS HEREBY ORDERED THAT:

1. The Motion is granted.

2. The Debtors' time to elect to assume, assume and assign, or reject the Unexpired Leases is extended pursuant to section 365(d)(4) of the Bankruptcy Code through and including September 30, 2004.

3. Entry of this Order shall be subject to and without prejudice to (a) the rights of the Debtors to request a further extension of the time to assume, assume and assign, or reject Unexpired Leases and (b) the rights of any lessor to request that the extension be shortened as to a particular Unexpired Lease.

4. Pending assumption or rejection of the Unexpired Leases, the Debtors shall timely perform all of their obligations under such Unexpired Leases in accordance with the terms thereof and the provisions of section 365(d)(3) of Bankruptcy Code.

5. By this Order, the Debtors have not waived any claims they may have against any of the counterparties to the Unexpired Leases, whether or not related to the Unexpired Leases.

6. The Court shall retain jurisdiction to hear and determine all matters arising from or relating to this Order.

Dated: April _____, 2004

---

The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge