IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

In re

W.R. GRACE & CO., *et al.*,

Debtor.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Chapter 11
Case No. 01-01139 (JKF)
Jointly Administered

**Hearing Date: April 26, 2004 at 12:00 p.m.**
**Objection Deadline: April 19, 2004**

## LIBBY CLAIMANTS' MOTION FOR RELIEF FROM AUTOMATIC STAY AND PRELIMINARY INJUNCTION TO TAKE PERPETUATION DEPOSITIONS[1]

Claimants injured by exposure to tremolite asbestos from the Debtors' operations in and near Libby, Montana[2] (the "Libby Claimants"), by and through their counsel, McGarvey,



have been diagnosed with tremolite asbestos disease. Thirty-three Libby Claimants have died



oxygen, nursing home care, home health care, and other treatments.

seeking to stay the Libby Claimants' litigation against Montana Vermiculite Company. Based on this Court's comments at oral argument, it appears that this Court is on the verge of granting the Expansion Motion.[4]

5. So long as the automatic stay and Preliminary Injunction act to stay the Libby Claimants' claims from proceeding, a significant risk exists that seriously ill Libby Claimants will be unavailable to testify at the time of trial. To alleviate the risk, the Libby Claimants submit that perpetuation depositions are necessary. At present, perpetuation depositions of the following five Libby Claimants are critical: Irving Ball, Merritt Dutton, Edna Oikle, Claude Paul and Shirley Taylor-Regjovich (the "Proposed Deponents"). All five of the Proposed Deponents



perpetuate testimony (the "December Perpetuation Depositions").[5]

    c.    The Libby Claimants seek relief to take future perpetuation depositions (the "Future Perpetuation Depositions") as the need arises during the course of the Debtors' case. The Libby Claimants propose that prior to the noticing of each Future Perpetuation Deposition, the Libby Claimants will file with this Court and serve upon Debtors' counsel a Certificate of Proposed Perpetuation Deposition (the "Certificate"). The Certificate will include the proposed deponent's medical condition, establishing the need for the Future Perpetuation Deposition. If the Debtors file and serve an objection to the taking of such Future Perpetuation Deposition within 20 days of the date of such a Certificate, the Libby Claimants shall be required to obtain relief from this Court in order to take the Future Perpetuation Deposition. If an objection is not timely filed, the Libby Claimants may take the Future Perpetuation Deposition without further order of this Court.

7.    Given the severity of Libby tremolite asbestos disease, and the fact that the automatic stay and Preliminary Injunction have stayed all of the Libby Claimants' claims from proceeding, perpetuation depositions are critical to preserve the testimony of the Libby Claimants who may not be alive, or may be physically incapacitated, to testify at trial. Accordingly, relief from the automatic stay and Preliminary Injunction, for the limited purpose of taking perpetuation depositions is appropriate.

---

[5] The December Perpetuation Depositions were taken subsequent to this Court's suggestion that relief already existed to take perpetuation depositions. At the September 22, 2003 hearing, this Court stated:

> If there's somebody dying get the deposition scheduled and do it, and you have relief from the injunction to the extent that it's in effect in any event to do that, so that at least the testimony is preserved.

Transcript of Hearing of September 22, 2003, In re W.R. Grace & Co., Inc., Case No. 01-01139 (JKF), Tr. 24:9-12.

### III. Notice and Prior Motion

8. Notice of this Motion has been furnished to (a) the Office of the United States Trustee for this District, (b) the Debtors, (c) Royal Indemnity Company, (d) Continental Casualty Company, (e) Transportation Insurance Company, (f) Maryland Casualty Company, (g) Montana Vermiculite Company, through its successor trustee Lawrence H. Sverdrup, and (h) those entities that have requested notice pursuant to Fed. R. Bankr. P. 2002. The Libby Claimants submit that,



9. No prior request for the relief requested herein has been made to this or any other Court other than the discussion on the record at the September 22, 2003 hearing referred to in paragraph 6, footnote 5.

Respectfully submitted this 8th day of April, 2004

LIBBY CLAIMAINTS

By their attorneys,

_____
Adam G. Landis (No. 3407)
Kerri K. Mumford (No. 4186)
LANDIS RATH & COBB LLP
919 Market Street, Suite 600
P.O. Box 2087
Wilmington, DE 19801
(302) 467-4400

and

Daniel C. Cohn
David B. Madoff
COHN KHOURY MADOFF
 & WHITESELL LLP
101 Arch Street
Boston, MA 02110
(617) 951-2505

and

Jon L. Heberling
MCGARVEY, HEBERLING, SULLIVAN
 & MCGARVEY, P.C.
745 South Main
Kalispell, MT 59904
(406) 752-5566

877P\relief mot main case (perpetuation depos)3