## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO.,  et al., | ) | Case No.:  01-1139 (JJF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Objection Deadline:  May 7, 2004 by 4:00 p.m.** |
| | ) | **Hearing Date: May 24, 2004 at 12:00 p.m.** |

### NOTICE OF MOTION

PLEASE TAKE NOTICE that a hearing in connection with the Renewed Motion of Timothy Kane to Lift the Automatic Stay for Cause (the "Motion") will be heard on May 24, 2004 at 12:00 p.m. before the United States Bankruptcy Court, 824 N. Market Street, 6th Floor, Wilmington, Delaware 19801.

PLEASE TAKE FURTHER NOTICE that any objections to Motion must be filed with the Bankruptcy Court and served upon Neal J. Levitsky, Esquire, Citizens Bank Center, 919 N. Market Street, Suite 1300, Wilmington, Delaware 19801.  All objections must be received and filed on or before Friday, May 7, 2004 by 4:00 p.m.

PLEASE TAKE FURTHER NOTICE that if no objections to the motion are timely filed and received in accordance with the above procedures, an order may be entered granting the relief requested in the motion without further notice or a hearing.  If an objection is properly filed and received in accordance with the above procedures, a hearing on the motion will be held on May 24, 2004 at 12:00 p.m.  Only objections made in writing and timely filed and received will be considered by the Bankruptcy Court at such hearing.

**FOX ROTHSCHILD LLP**

<u>/s/  L. Jason Cornell, Esquire</u>
Neal J. Levitsky, Esquire (No. 2092)
L. Jason Cornell, Esquire (No. 3821)
919 N. Market Street,  Suite 1300
P.O. Box 2323
Wilmington,  DE 19899-2323
(302)  654-7444 Phone
(302) 656-8920 Facsimile

Attorneys for Timothy Kane

Dated:  April 12, 2004

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No.: 01-1139(JJF) |
| | ) | |
| Debtors. | ) | Jointly Administered |

**RENEWED MOTION OF TIMOTHY KANE**
**TO LIFT THE AUTOMATIC STAY FOR CAUSE**

Movant, Timothy Kane (hereinafter "Kane"), hereby files this renewed Motion of Timothy Kane to lift the Automatic Stay for Cause (hereinafter "Renewed Motion"), and in support hrereof, Kane states as follows:

1.      On July 19, 1999 Kane,  while working as a construction worker, was injured while performing scaffold erection at the Grand Floridian Resort Hotel in Orlando, Flordia. Kane's injuries occurred when he slipped and fell on a portion of the roof of the Grand Floridian which had been covered with a roofing underlayment manufactured by Debtor, Grace & Co. (the "Debtor").  As a result of this slip and fall,  Kane fell from the roof of the resort,  sustaining serious personal injuries.

2.      In September of 2000, Kane filed the action known as <u>Kane v. Walt Disney World Co., et al</u>. Case No.: CI-00-6803 (Cir. Ct. Orange Cty. Florida) (the "Kane Action"), wherein Kane brought suit against Debtor and other non-debtor third parties.  The Kane Action arises from claims for negligence and strict products liability under Florida law.

3.      On October 26, 2001, Kane filed a Motion for Relief from Automatic Stay (the "Motion for Relief from Stay").  A copy of the Motion is attached hereto as Exhibit "A".

4.      On January 3, 2002, this Court granted Kane partial relief from the automatic stay to depose certain employees of the Debtors.  The Court granted this partial relief based

on the relative lack of involvement of the particular named employees of the Debtors with the chapter 11 cases and the possibility that depositions would provide information that would dispose of the Kane Action with respect to the Debtors.

5.      On June 18, 2002, Kane filed a Subsequent Motion for Relief from the Automatic Stay (the "Subsequent Motion").  A copy of the Subsequent Motion is attached hereto as Exhibit "B".  Through the Subsequent Motion,  Kane requested this Court lift the automatic stay as no assets of the Debtors' estate could be reached or affected in anyway by the Kane Action since:

> (a.)   Debtor has $10 million in liability insurance coverage available to satisfy any settlement, verdict or judgment rendered in the Kane Action;
>
> (b.)   No policy or coverage defenses have been asserted under the applicable insurance policy which would expose Debtors' assets to Kane' claims;
>
> (c.)   Kane agreed to limit recovery of his claims to the extent of available insurance proceeds thereby eliminating any possibility of the liability insurance proceeds being exhausted; and,
>
> (d.)   The Kane Action does not arise from a "mass tort" claim,  whereby lifting the automatic stay would "lift the flood gates" to similar claims.

6.      On or about August 9, 2002, Debtors filed an Objection to the Motion ("Debtors' Objection").  On August 16, 2002, Kane filed his response to Debtors' Objection ("Kane's Response").  Copies of Debtors' Objection and Kane's Response are attached hereto as Exhibits "C" and "D".

7.      On June 17, 2003, this Court entered a Stipulation and Agreed Order between the Debtors and Timothy Kane Allowing Partial Relief From the Automatic Stay for Certain Discovery (the "Stipulation").  Pursuant to paragraph 1 of the Stipulation,  the parties agreed

to allow discovery to proceed in the Kane Action.  A copy of the Stipulation is attached hereto as Exhibit "E".

**Basis For Relief**

8.      Kane renews his Motion as he disputes Debtors contention, as stated on page 5 of Debtors Objection, that Debtors' "insurance policy have coverage limits that once exhausted leave the insured liable for claims."  Discovery in the Kane Action has revealed no other claims against Debtors for which coverage would be provided under the aforementioned $10 million liability insurance policy.  Mr. Kane therefore asks that the Court permit the Kane Action to proceed to trial and further permit Kane to proceed to Judgment,  limiting his recovery against the Debtors to available insurance proceeds.  By renewing his original Motion, Kane relies on,  and incorporates herein, his arguments more fully set forth in the attached pleadings.

WHEREFORE, Timothy Kane respectfully requests this Court grant his Motion for Relief from the Automatic Stay for the reasons previously stated.

**FOX ROTHSCHILD LLP**

BY:    <u>/s/ L. Jason Cornell, Esquire</u>
Neal J. Levitsky, Esquire (No. 2092)
L. Jason Cornell, Esquire (No. 3821)
919 N. Market Street, Suite 1300
P.O. Box 2323
Wilmington, DE 19899-2323
(302) 654-7444

-and-

Stuart F. Cohen, Esquire
CONROY, SIMBERG GANON, KREVANS & ABEL
3400 Hollywood Blvd., 2nd Floor
Hollywood, FL 33021
(954) 961-1400

Attorneys for Timothy Kane

Dated: <u>April 12, 2004</u>

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No.: 01-1139(JJF) |
| | ) | |
| Debtors. | ) | Jointly Administered |

## <u>ORDER</u>

AND NOW, this _____ day of _____, 2004, the Court having been presented with the Renewed Motion of Timothy Kane for Relief from the Automatic Stay (the "Renewed Motion"), and the Court being of the opinion that the Renewed Motion should be granted;

IT IS THEREFORE ORDERED that the Renewed Motion of Timothy Kane for Relief from the Automatic Stay is allowed to proceed in the action of <u>Kane v. Walt Disney World Co., et al.</u>, Case No. CI00-6803 (Cir.Ct. Orange Cty. Florida) (the "Kane Action");

IT IS FURTHER ORDERED that the Kane Action may proceed to trial and judgment and that Kane is limited in his recovery against the above-captioned Debtors to the extent of available insurance proceeds;

IT IS FURTHER ORDERED that Kane may take all steps necessary to proceed with the Kane Action, including discovery, motion practice, alternative dispute resolution, and other procedures necessary in anticipation for trial.

SO ORDERED

_____
UNITED STATES BANKRUPTCY JUDGE

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that one copy of the attached Notice of Motion was served this 12th day of April, 2004  upon the following individuals in the manner designated below:

David M. Bernick,  Esquire
James H. M. Sprayregen,  Esquire
James W. Kapp,  III,   Esquire
Christopher J. Lane,  Esquire
Kirkland & Ellis
200 E. Randolph Drive
Chicago, IL 60601
**(By First Class Mail, Postage Prepaid)**

Laura Davis Jones,  Esquire
Pachulski Stang Ziehl Young & Jones
919 N. Market Street,  Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705
**(By Hand Delivery)**

William Kevin Harrington,  Esquire
Michael Lastowski,  Esquire
Duane Morris & Heckscher,  LLP
1100 N. Market Street,  Suite 1200
Wilmington,  DE 19801
**(By First Class Mail,  Postage Prepaid)**

Office of the United States Trustee
844 King Street,  Suite 2313
Lockbox 35
Wilmington,  DE 19801-3519
**(By First Class Mail,  Postage Prepaid)**

**/s/  L. Jason Cornell, Esquire**
L. Jason Cornell, Esquire