IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 01-01139 (JKF) |
| W.R. GRACE & CO., et al., | ) | (Jointly Administered) |
| | ) | **Objection Deadline: April 19, 2004** |
| Debtors. | ) | **Hearing Date: April 26, 2004 at 12:00 p.m.** |

## CONDITIONAL OBJECTION TO LIBBY CLAIMANTS' MOTION FOR RELIEF FROM AUTOMATIC STAY AND PRELIMINARY INJUNCTION TO TAKE PERPETUATION DEPOSITIONS [D.I. 5424]

Maryland Casualty Company ("Maryland Casualty"), by and through its undersigned counsel, files the following conditional objection to the *Libby Claimants' Motion for Relief from Automatic Stay and Preliminary Injunction to Take Perpetuation Depositions* [D.I. 5424] ("Motion"), and in support thereof states as follows:

1. Both the automatic stay of 11 U.S.C. §362 and this Court's Preliminary Injunction remain in full force and effect, unaltered by the July 16, 2003, Order of the United States District Court for the District of Delaware ("District Court"). The Preliminary Injunction expressly enjoins all actions against Maryland Casualty "that arise from alleged exposure to asbestos indirectly or directly caused by Debtors ...." (Preliminary Injunction ¶ at pp. 3-4). On July 16, 2003, the Honorable Alfred M. Wolin, United States District Court Judge, issued a Memorandum Opinion and Order vacating this Court's June 20, 2002 Order, and remanding the matter to this Court for further proceedings. Maryland Casualty and Debtor W.R. Grace & Co. ("Grace") filed timely Notices of Appeal to the United States Court of Appeals for the Third Circuit on August 15, 2003. While Grace changed its position on appeal, it did so with the caveat that, should Judge Wolin's improper determination regarding Grace's indemnity obligations to Maryland Casualty be vacated, modified, or reversed, its position would revert to

supporting the existence of subject matter jurisdiction. Nonetheless, the appeal remains pending and, therefore, both the Preliminary Injunction and the automatic stay are in effect.

2.      On April 4, 2004, the Libby plaintiffs filed their Motion seeking relief from the automatic stay and the Preliminary Injunction in order to take perpetuation depositions. The Libby plaintiffs indicate that "a significant risk exists that seriously ill Libby Claimants will be unavailable to testify at the time of trial." The Libby plaintiffs indicate that perpetuation depositions are therefore necessary.

3.      Maryland Casualty leaves to the Court the determination of whether the relief requested is appropriate as it relates to the Debtors in seeking to preserve the testimony of certain plaintiffs that may not be available to testify to the extent that any of the claims are allowed to proceed to a trial. However, to the extent that the relief requested is granted, then certain pre-deposition information and materials need to be provided to the parties by the Libby plaintiffs. Moreover, should the Court permit the preservation depositions to go forward, the Court should not construe the requested relief and participation as a waiver of Maryland Casualty's position regarding the applicability of the Preliminary Injunction and the automatic stay pending appeal to the Third Circuit. Nor should any such ruling by this Court be deemed modification of the Court's previous rulings, or an opening for any additional relief by the Libby plaintiffs. The purpose of the relief should be limited to the request set forth in the Motion.

4.      Should the Court grant the Libby plaintiffs' request and allow the depositions of these plaintiffs to proceed, the following information and documents should be provided no less than thirty days prior to the deposition:

>   *      Medical history including Respiratory Health information (including smoking history)

* All medical records, including B-reader reports, X-ray reports, treating physicians and hospitals

* Employment and work history documentation

* Social security records

* Complete listing of all residences, city and state and the years spent in each location.

* Birth family and education information

* Military service information

* Site work histories and product identification

* Asbestos exposure claims history

* Lost wages claims

* Workers Compensation disability history

* Health and insurance policy information

* Witness and co-worker lists

5. All of the above listed documentation is necessary to make the depositions meaningful since the Libby plaintiffs have indicated that another opportunity to take a deposition at a later point in time may not be possible. The parties should also be afforded the opportunity to take a discovery deposition of the exigent claimant prior to the evidence preservation deposition.

6. The Libby plaintiffs should be required to give appropriate notice of the deposition and should be required to obtain agreeable dates among counsel.

WHEREFORE, should the Libby plaintiffs' request be granted, Maryland Casualty respectfully requests this Court to: (i) require the Libby plaintiffs to provide the involved parties

notice of the deposition and agree upon dates with the parties; (2) provide the parties all the categories of information and documents identified no later than thirty days prior to the deposition; and (3) allow a discovery deposition prior to the deposition for preservation of evidence.

| | |
|---|---|
| Dated: April 19, 2004 | CONNOLLY BOVE LODGE & HUTZ LLP |
| | **/s/ Jeffrey C. Wisler** |
| | Jeffrey C. Wisler, Esquire (#2795) |
| | 1220 Market Street |
| | P.O. Box 2207 |
| | Wilmington, DE 19899 |
| | (302) 658-9141 Telephone |
| | (302) 658-0380 Facsimile |
| | |
| | OF COUNSEL: |
| | |
| | Edward J. Longosz, II |
| | Laura G. Stover |
| | Eckert Seamans Cherin & Mellott, LLC |
| | 1747 Pennsylvania Avenue, N.W., |
| | Suite 1200 |
| | Washington, DC 20006 |
| | (202) 659-6600 Telephone |
| | (202) 659-6699 Facsimile |
| | |
| | Attorneys for Maryland Casualty Company |

#329100