IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | Jointly Administered |

**APPLICATION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 105, 327 AND 524(g)(4)(B)(i), FOR THE APPOINTMENT OF A LEGAL REPRESENTATIVE FOR FUTURE ASBESTOS CLAIMANTS**

The Debtors hereby move this Court for an order, pursuant to sections §§ 105, 327, and 524(g)(4)(B)(i) of the Bankruptcy Code, appointing a legal representative for future asbestos claimants (the "Futures' Representative"). Due to a lack of consensus among the official committees in these cases, the Debtors seek the Courts' determination of the most appropriate individual from among the three candidates identified by the Debtors to act as the Futures' Representative. In support of this application (the "Application"), the Debtors state as follows:

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

## Preliminary Statement

Throughout the course of these bankruptcy cases, the Debtors have consistently sought to appoint a Futures' Representative who was supported by every affected constituency. Unfortunately, the Debtors efforts to identify a consensus candidate have failed. The Debtors have currently identified three candidates for consideration. The Committees have diverging opinions with respect to these candidates and, as a result, the Debtors have not been able to obtain unanimous support for any of the candidates. Therefore, the Debtors respectfully request this Court appoint the most appropriate individual - from the three candidates presented herein - to serve as the Futures' Representative.

## Jurisdiction

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of this Application is proper under 28 U.S.C. § 1408.

2.  The statutory predicates for this Application are sections 105, 327 and 524(g)(4)(B)(i) of the Bankruptcy Code.

## Relief Requested

3.  The Debtors have determined, in their sound business judgment, that (i) Mr. David T. Austern, (ii) Professor Eric D. Green, and (ii) Mr. Dean M. Trafelet, (collectively, the "Candidates") are each candidates to act as the Futures' Representative and represent the interests of any, and all, persons described in section 524(g)(4)(B)(i) of the Bankruptcy Code who may assert demands against one or more of the Debtors.

4.  Throughout the course of these cases, the Debtors have had numerous discussions concerning candidates for the Futures' Representative with each of the official committees (collectively, the "Committees") and their respective legal and financial advisors. Prior to the

controversy which arose with respect to Judge Wolin and his appointed special advisors, the Debtors believed they had obtained support amongst the Committees for their previous applicant for Futures' Representative. With respect to the present application, the Debtors identified three candidates for the position of Futures' Representative, reached-out to each of the Committees with respect to each candidate, and attempted to gain unanimous support for a candidate. The Committees have widely diverging interests and, as a result, the Debtors have been unable to achieve consensus support for any of the candidates.

5. The Committees' respective opinions with respect to the Candidates can be summarized as follows:

|  | **Equity Committee** | **Unsecured Creditors Committee** | **P.I. Committee** | **P.D. Committee** |
|---|---|---|---|---|
| **David T. Austern** | Strongly Support | Strongly Support | Oppose | Oppose |
| **Eric Green** | Slightly Oppose | Oppose | Support | Oppose |
| **Dean Trafelet** | Do not completely oppose, but strongly prefer Mr. Austern | Do not completely oppose, but strongly prefer Mr. Austern | Oppose | Oppose |
| **"New" Candidate** | Oppose | Oppose | Oppose | Support |

6. The Asbestos Property Damage Committee favors the appointment of a candidate who has never served in a similar capacity. The Debtors considered this option and invited the PD Committee to suggest candidates in this regard. To date, no such candidates have been suggested. The Debtors considered seeking out such a candidate themselves, but ultimately decided that the interests of efficiency and fairness would not be well-served through the appointment of a "novice" Futures' Representative. These cases are now three years old and it

would take a significant period of time to educate someone with respect to the pertinent law and facts pertaining to the constituencies affected by the cases. Given the potential impact that the Futures' Representative may have on these chapter 11 cases, the Debtors feel that it is in everyone's best interests to appoint an individual with experience.

7.  As outlined below, of the three Candidates, Mr. Austern is the only candidate that is not presently a futures' representative in any of the active asbestos chapter 11 cases pending in this jurisdiction or otherwise. As a result, the Debtors believe Mr. Austern may be the most appropriate Candidate with the most time available to devote to the role as Futures' Representative in these chapter 11 cases.

### Qualifications of Mr. Austern

8.  David T. Austern is a Yale University Law School graduate who currently serves as an Adjust Professor of Law at the American University Law School.

9.  Mr. Austern was a pioneer in the management of trusts for future asbestos claimants, and has been involved in the management and resolution of future asbestos claims for almost sixteen (16) years. Mr. Austern currently serves as the President of the Claims Resolution Management Corporation ("CRMC"), a wholly-owned subsidiary of the Manville Trust which serves as the claims administrator for that trust and others. Prior to his election by the trustees of CRMC to his current role as President, Mr. Austern served as General Counsel to the Manville Trust since its inception in 1988.

10. Mr. Austern presently serves as the futures' representative in In re Combustion Engineering, Inc., Case No. 03-10495 (Bankr. D. Del.). Mr. Austern's role in that case, however, is almost over, as its chapter 11 plan has been confirmed. Mr. Austern is not actively involved in service as a Futures' Representative in any other chapter 11 cases at the present time.

### Qualifications of Professor Green

11. Eric D. Green is a Professor of Law at Boston University School of Law where he teaches course in evidence, alternative dispute resolution, and mass torts. Professor Green has significant experience in asbestos-related bankruptcy cases. In 1982, Judge Thomas Lambros appointed Professor Green to serve as a Special Master to help address the backlog of asbestos litigation in the Northern District of Ohio. Professor Green has also served as the court-appointed Special Master in asbestos litigation in Connecticut (D.Ct.) and Massachusetts (D.Mass., Superior Ct., Com. Of Mass.). In addition, Professor Green has served as a special-consultant to the Manville Personal Injury Settlement Trust on the issues of preparing the initial trustees for their post-confirmation duties.

12. In 1993 Professor Green was appointed as Guardian *ad Litem* to the class of future claimants in Flanagan v. Ahearn (In re Asbestos Litig.) (E.D. Tex.).

13. Professor Green currently serves as the Legal Representative for future asbestos claimants in the following chapter 11 bankruptcy cases: (a) In re Fuller-Austin Insulation Co., Case No. 98-20388 (Bankr. D. Del.), (b) In re the Babcock and Wilcox Co., Case No. 00-10992 (E.D. La.), and (c) In re Federal-Mogul Global Inc., Case No. 01-10578 (Bankr. D. Del.).

### Qualifications of Mr. Trafelet

14. Dean M. Trafelet served as a trial-judge in the Circuit Court of Cook County, Illinois from 1984 through 1998. During this period, Mr. Trafelet was responsible for the supervision of the asbestos docket in the Circuit Court of Cook County, and he presided over all asbestos-related product-liability and property-damage cases. During this period, Mr. Trafelet disposed of more than 35,000 asbestos-related product-liability cases by verdict and/or settlement.

15. Mr. Trafelet has more than 25 years of experience handling asbestos-related claims and issues, as well as various other mass-tort, product liability and environmental matters. As one of the early creators of the Asbestos Pleural Registry, which became a model for jurisdictions throughout the country, Mr. Trafelet has lectured nationally on its benefits and effects. From 1989 to 1990, Mr. Trafelet served as a Special Mediator to assist the Honorable Barry S. Schermer, United States Bankruptcy Judge for the Eastern District of Missouri, in the disposition of thousands of asbestos-related Jones Act claims arising from asbestos exposure of seamen throughout the world while on-board U.S. ships.

16. Presently, Mr. Trafelet serves as (i) a Trustee of the American Home Products Diet Drug Settlement Trust, (ii) the Trustee of the Amatex Asbestos Settlement Trust, (iii) the Futures' Representative for Future and Unknown Claimants in In re Armstrong World Industries, Inc., Case No. 00-4471 (Bankr. D. Del.) and (iv) the Futures' Representative for Future Claimants in In re USG Corporation, Case No. 01-2094 (Bankr. D. Del.).

### Disinterestedness

17. To the best of the Debtors' knowledge, Mr. Austern, Professor Green, and Mr. Trafelet (i) are each "disinterested persons" within the meaning of section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code and referenced by section 328(c) of the Bankruptcy Code, and each holds no interest adverse to the Debtors or their estates for the matters for which they would be employed; and (ii) each has no connection to the Debtors, their creditors, or their related parties herein. The Debtors will supplement this Application with a Verified Statement from the Candidate that this Court selects as the appropriate Futures' Representative. Appointment of the Candidate will be conditioned upon the Verified Statement certifying that the Candidate is, in fact, a "disinterested person" and has no

connection to the Debtors, the Debtors' creditors, or related parties, except as disclosed in such Verified Statement.

### Terms of Retention

18. The Debtors request an order appointing the appropriate Candidate as Futures' Representative under the following terms:

   a. <u>Standing</u>. The Futures' Representative shall have standing under section 1109(b) of the Bankruptcy Code to be heard as a party-in-interest in all matters relating to the Debtors' chapter 11 cases, and shall have, inter alia, the powers and duties of a committee, which powers and duties may be modified by order of the Court at any time during these cases.

   b. <u>Engagement of Professionals</u>. The Futures' Representative may employ attorneys, and other professionals, consistent with sections 327 and 1103 of the Bankruptcy Code, subject to prior approval of this Court and pursuant to the Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, dated April 17, 2002 (the "Administrative Compensation Order") entered by this Court.

   c. <u>Compensation</u>. Compensation, including professional fees and reimbursement of expenses, shall be payable to the Futures' Representative and his professionals from the Debtors' estates, in accordance with the terms and conditions negotiated by the appointed Candidate and the Debtors, subject to approval by this Court and subject to the Administrative Compensation Order.

   d. <u>Liability Indemnity of Futures' Representative</u>. The Futures' Representative shall not be liable for any damages, or have any obligations other than as

prescribed by orders of this Court; provided, however, that the Futures' Representative may be liable for damages caused by his willful misconduct or gross negligence. The Futures' Representative shall not be liable to any person as a result of any action or omission taken or made by the Futures' Representative in good faith. The Debtors shall indemnify, defend and hold the Futures' Representative and his agents and professionals harmless from any claims by any party against the Futures' Representative arising out of or relating to the performance of his duties as Futures' Representative, provided, however, that the Futures' Representative (and his agents and professionals), shall not have such indemnification rights if a court of competent jurisdiction determines pursuant to a final and non-appealable order that the Futures' Representative is liable upon such claim as a result of willful misconduct or gross negligence. If, before the earlier of: (i) the entry of an order confirming a chapter 11 plan in these Chapter 11 Cases (that order having become a final order and no longer subject to appeal), and (ii) entry of an order closing these chapter 11 cases, the Futures' Representative believes that he is entitled to payment for any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under an order approving this Application, including without limitation the advancement of defense costs, the Futures' Representative must file an application therefor in this Court, and the Debtors may not pay any such amounts to the Futures' Representative before the entry of an order by this Court approving the payment. The preceding sentence is intended to specify the period of time under which this Court shall have the jurisdiction over any request for fees and expenses by the Futures' Representative for indemnification, contribution or reimbursement and is not a limitation on the duration of the Debtors' obligation to

indemnify the Futures' Representative. In the event that a cause of action is asserted against the Futures' Representative arising out of or relating to the performance of his duties as Futures' Representative, the Futures' Representative shall have the right to choose his own counsel.

e. **Right to Receive Notices.** The Futures' Representative and his counsel shall be entitled to receive all notices and pleadings which are served upon the Committees and their respective counsel pursuant to any and all orders entered in these chapter 11 cases, including, without limitation, (i) the Administrative Compensation Order, and (ii) any and all orders authorizing the Debtors to obtain postpetition financing.

## Notice

19. Notice of this Application has been given to: (i) the United States Trustee, (ii) counsel to the DIP Lender, (iii) counsel to each of the Committees, and (iv) all those parties that requested service and notice of papers in accordance with Fed R. Bankr. P. 2002. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

WHEREFORE, for all of the foregoing reasons, the Debtors submit that the appointment of a Futures' Representative is in the best-interests of the Debtors, their estates, and all creditors and parties in-interest, including the future claimants of the Debtors. The Debtors request that the Court enter an order appointing the most-appropriate Candidate to serve as the Futures' Representative in accordance with the terms and conditions set forth herein; and grant such further relief as is just and proper.

Dated: April 19, 2004

Respectfully submitted,

KIRKLAND & ELLIS
David M. Bernick, P.C.
Janet S. Baer
James W. Kapp III
Samuel L. Blatnick
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

and

PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.

Laura Davis Jones (Bar No. 2436)
David W. Carickhoff, Jr. (Bar No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for the Debtors and Debtors in Possession