01-1139   DATE 4/19/04

DEAR CLERK of THE DELAWARE COURT

I'm writting in responce of my claim Relief Requested for the ammount of $250,000,000.00 CASE 01-01139 claim No. 15367 & 15365 one Dated 1/15/04 & the other Date 11/12/03. claim class It's part of Zonolite Attic Insulations) Why it took me so long to answear because the bank Did not want to give me copies I Needed. This claim is about W.R. GRACE & CO and the othe claim was on W.R. GRACE corp. Capital corporations. I filled a proof of claims with you Back IN (2002) (claim No's 21059 & 2161 with capital corporation

I will see you at court May 24, 2004 for my Relief Requested claim of $250,000,000.00 Plus Back In Jan. 15th 04. I sent you my only copies from my Bank. (That's my Proof)

From Dennis Nelson

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.;[1] | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

Hearing Date: May 24, 2004 at 12:00 p.m.
Responses Due: May 14, 2004

## DEBTORS' THIRD OMNIBUS OBJECTION TO CLAIMS (NON-SUBSTANTIVE)

The above-captioned debtors and debtors in possession (the "Debtors") hereby file this Third Omnibus Objection to Claims (the "Third Omnibus Objection"), and in support thereof, state the following:

### Jurisdiction

1.   This Court has jurisdiction over this matter under 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A) and (O).

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc.), E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

2. The statutory bases for the relief requested herein are 11 U.S.C. §§ 105(a) and 502 and Federal Rule of Bankruptcy Procedure 3007.

## Background

3. On April 2, 2001 (the "Petition Date"), each of the Debtors in these chapter 11 cases filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), commencing their respective chapter 11 cases (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for administrative purposes only and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

## Claims Bar Date

4. By an order dated April 25, 2002, this Court set March 31, 2003 as the last date for filing proofs of claim for all pre-petition claims relating to asbestos property damage, non-asbestos claims (including all governmental claims) and medical monitoring claims (the "Bar Date"). A bar date has yet to be set for asbestos personal injury claims and claims related to Zonolite Attic Insulation.

## The Objection and Request For Relief

5. By this Third Omnibus Objection, the Debtors seek disallowance or reduction, as appropriate, of the claims set forth in the exhibits attached hereto[2] (the "Disputed Claims") for the reasons described herein and in such exhibits:

---

[2] The classification of the claims set forth on the exhibits is the classification asserted on the filed proof of claim. The Debtors include such classification for the purpose of identifying the claim to which the objection applies. The inclusion of the classification shall not constitute an acknowledgement by the Debtors that such classification is correct or appropriate.

2

91100-001\DOCS_DE:92108.2

(a) The Claims set forth as "Amended" in **Exhibit A** attached hereto are claims that have been superseded by an amended claim filed subsequent to such claim (the "Amended Claims");

(b) The Claims set forth as "Duplicate" in **Exhibit B** attached hereto are claims that are duplicative of claims previously filed (the "Duplicate Claims");

(c) The Claims set forth as "Late Filed" in **Exhibit C** attached hereto are claims that were filed after the Bar Date established by the Court (the "Late Filed Claims"); and

(d) The Claims set forth as "No Supporting Documentation" in **Exhibit D** attached hereto are claims that have been filed without any documentation to support them (the "No Supporting Documentation Claims").

## The Amended Claims

6. The Debtors object to the Amended Claims because these claims have been superseded by an amended claim filed subsequent to such claim. Therefore, the Amended Claims listed on **Exhibit A** should be disallowed and expunged.

7. If the Debtors' objection is sustained, the claims listed as "Surviving Claims" (the "Surviving Claims") on **Exhibit A** will remain on the claims registry subject to the Debtors' right to object to the Surviving Claims in the future on any grounds allowed under applicable law. Claimants holding Amended Claims will suffer no prejudice by having their Amended Claims disallowed and expunged, because the Surviving Claims, the more recent of the

claimants' claims against the Debtors, will remain on the claims registry after the Amended Claim is expunged.

### The Duplicate Claims

8. The Debtors object to the Duplicate Claims pursuant to section 502(b)(1) of the Bankruptcy Code because these claims are duplicative claims filed by the same creditor. Therefore, the Duplicate Claims set out in **Exhibit B** should be disallowed and expunged.

9. If the Debtors' objection is sustained, the claims listed as Surviving Claims on **Exhibit B** will remain on the claims registry subject to the Debtors' right to object to the Surviving Claims in the future on any grounds allowed under applicable law. Claimants holding Duplicate Claims will suffer no prejudice by having their Duplicate Claims disallowed and expunged, because the Surviving Claims, the more recent of the claimants' claims against the Debtors, will remain on the claims registry after the Duplicate Claim is expunged.

### The Late Filed Claims

10. The Debtors object to the Late Filed Claims pursuant to section 502(b)(1) of the Bankruptcy Code. The Late Filed Claims were filed after the Bar Date established by the Court. Therefore, the Late Filed Claims listed on **Exhibit C** should be disallowed and expunged.

### The No Supporting Documentation Claims

11. The Debtors object to the No Supporting Documentation Claims pursuant to section 502(b)(1) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 3001(c) ("Rule 3001(c)"). The No Supporting Documentation Claims fail to comply with Rule 3001(c) which requires, in pertinent part, that "when a claim, or an interest in property of the debtor securing the claim, is based on a writing, the original or duplicate shall be filed with the proof of

claim." Fed. R. Bankr. P. 3001(c). Therefore, the No Supporting Documentation Claims set forth in **Exhibit D** should be disallowed and expunged.

### Separate Contested Matters

12.  To the extent that a response is filed regarding any claim listed in the Third Omnibus Objection and the Debtors are unable to resolve the response, each such claim and the Objection by the Debtors to each such claim asserted in the Third Omnibus Objection shall constitute a separate contested matter as contemplated by Rule 9014 of the Federal Rules of Bankruptcy Procedure. Any order entered by the Court regarding an objection asserted in the Third Omnibus Objection shall be deemed a separate order with respect to each claim.

### Responses to Omnibus Objections

13.  To contest an objection, a claimant must file and serve a written response to this Third Omnibus Objection (a "Response") so that it is received no later than 4:00 p.m. (Eastern Time) on May 14, 2004. Every Response must be filed with the Office of the Clerk of the United States Bankruptcy Court for the District of Delaware: 824 Market Street, Wilmington, Delaware 19801 and served upon the following entities, so that the response is received no later than 4:00 p.m. (Eastern Time) on May 14, 2004, at the following addresses:

>   Kirkland & Ellis LLP
>   200 E. Randolph Drive
>   Chicago, Illinois 60601
>   Attn:   Rachel R. Schulman

>   -and-

>Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C.
>919 North Market Street, 16th Floor
>P.O. Box 8705
>Wilmington, Delaware 19899-8705 (Courier 19801)
>Attn: David W. Carickhoff, Jr.
>
>Co-Counsel for the Debtors

14. Every Response to this Third Omnibus Objection must contain at a minimum the following:

   (a) a caption setting forth the name of the Court, the name of the Debtors, the case number and the title of the Third Omnibus Objection to which the response is directed;

   (b) the name of the claimant, the claim number and a description of the basis for the amount of the claim;

   (c) the specific factual basis and supporting legal argument upon which the party will rely in opposing the Third Omnibus Objection;

   (d) any supporting documentation, to the extent it was not included with the proof of claim previously filed with the Clerk or Claims Agent, upon which the party will rely to support the basis for and amounts asserted in the proof of claim;

   (e) the name, address, telephone number and fax number of the person(s) (which may be the claimant or the claimant's legal representative) with whom counsel for the Debtors should communicate with respect to the claim or the objection and who

possesses authority to reconcile, settle or otherwise resolve the objection to the Disputed Claim on behalf of the claimant.

15. If a claimant fails to file and serve a timely Response, the Debtors may present to the Court an appropriate order reclassifying, reducing, or disallowing and expunging the claim, as applicable, without further notice to the claimant or a hearing.

### Replies to Responses

16. The Debtors may, at their option, file and serve a reply to a claimant's Response.

### Reservation

17. The Debtors hereby reserve the right to object in the future to any of the claims listed in this Third Omnibus Objection or on the exhibits attached hereto on any ground, and to amend, modify and/or supplement this Third Omnibus Objection, including, without limitation, to object to amended claims and newly-filed claims. Separate notice and hearing will be scheduled for any such objection.

18. Notwithstanding anything contained in this Third Omnibus Objection or the attached exhibits, nothing herein shall be construed as a waiver of any rights that the Debtors may have (a) to bring avoidance actions under the applicable sections of the Bankruptcy Code against the holders of claims subject to the Third Omnibus Objection or (b) to exercise its rights of setoff against the holders of such claims relating to such avoidance actions.

### Notice

19. The Debtors will serve copies of this Third Omnibus Objection (with all exhibits) on the Office of the United States Trustee and on all parties that have requested that they be

served with all pleadings filed in these cases pursuant to Federal Rule of Bankruptcy Procedure 2002 (the "2002 List").

20. Bankruptcy Management Corporation, the Debtors' claims consultant, has served a copy of the Third Omnibus Objection and customized notices that summarize claim-specific detail exactly as reflected in the exhibit on which such creditor is listed upon those creditors that have filed claims that are affected by the Third Omnibus Objection in lieu of serving all exhibits on each such affected creditor. A sample custom notice is attached hereto as **Exhibit E**.

21. The Debtors submit that notice of this Third Omnibus Objection is sufficient under Federal Rule of Bankruptcy Procedure 3007 and that no further notice is necessary.

## No Previous Request

22. No previous request for the specific relief set forth herein has been made to this or any other court.

## Compliance With Rule 3007-1

23. This Third Omnibus Objection, and related exhibits attached hereto, complies with Rule 3007-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware. ("Local Rule 3007-1").

WHEREFORE, the Debtors respectfully request that the Court enter an order disallowing, expunging, reducing and/or reclassifying each of the claims more fully described in this Third Omnibus Objection and/or listed on the exhibits attached hereto.

Dated: April 14, 2004

Respectfully submitted,

KIRKLAND & ELLIS LLP
James H.M. Sprayregen, P.C.
James W. Kapp III
Janet S. Baer
200 East Randolph Drive
Chicago, IL 60601
(312) 861-2000

and

PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.

_____
Laura Davis Jones (Bar No. 2436)
David W. Carickhoff, Jr. (Bar No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
(302) 652-4100

Co-Counsel for Debtors and Debtors in Possession

9

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | Jointly Administered |

### DECLARATION OF DAVID B. SIEGEL IN SUPPORT OF DEBTORS' THIRD OMNIBUS OBJECTION TO CLAIMS (NON- SUBSTANTIVE)

I, David B. Siegel, hereby declare that the following is true to the best of my knowledge, information and belief:

1. I am the Senior Vice President and General Counsel of W.R. Grace & Co., which has offices located at 7500 Grace Drive, Columbia, Maryland 21044. I submit this declaration (the "Declaration") in support of the Third Omnibus Objection (the "Third Omnibus Objection").

2. I am responsible for overseeing the claims review and objection process in these cases. In that capacity, I have reviewed the Third Omnibus Objection and am, directly or through the Debtors' personnel, attorneys and Bankruptcy Management Corporation, the

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., B&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Debtors' claims consultant, familiar with the information contained therein and in the exhibits annexed thereto.

3. Upon information and belief, the Debtors maintain books and records (the "Books and Records"), that reflect, among other things, the Debtors' liabilities and respective amounts owed to their creditors.

4. To date, more that 15,000 Proofs of Claim have been filed against the Debtors in these cases by holders of claims (the "Claimants").

5. Under my supervision, considerable resources and time have been expended to ensure a high level of diligence in reviewing and reconciling the proofs of claim filed in these cases. These claims were carefully reviewed and analyzed by appropriate personnel, and in some cases, the Debtors' professional advisors, resulting in the identification of objectionable claims which are the subject of the Third Omnibus Objection. Based on these efforts, the Debtors have determined that the Disputed Claims should be reclassified, reduced, or disallowed and expunged as indicated in the Third Omnibus Objection.

### The Amended Claims

6. To the best of my knowledge and belief, I have determined that the claims against the Debtors listed on Exhibit A of the Third Omnibus Objection have been superseded by an amended claim filed subsequent to such claim.

### The Duplicate Claims

7. To the best of my knowledge and belief, I have determined that the claims against the Debtors listed on Exhibit B of the Third Omnibus Objection are duplicative claims filed by the same creditor.

### The Late Filed Claims

8. To the best of my knowledge and belief, I have determined that the claims against the Debtors listed on Exhibit C of the Third Omnibus Objection were filed after the claims Bar Date established by the Court.

### The No Supporting Documentation Claim

9. To the best of my knowledge and belief, I have determined that the claims against the Debtors listed on Exhibit D of the Third Omnibus Objection fail to comply with Federal Rule of Bankruptcy Procedure 3001(c) which requires, in pertinent part, that "[w]hen a claim, or an interest in property of the debtor securing the claim, is based on a writing, the original or duplicate shall be filed with the proof of claim." Fed.R.Bankr.P. 3001(c).

The information contained in this Declaration is true and correct to the best of my knowledge and belief.

April 14, 2004

_____
David B. Siegel

Subscribed and sworn to before me
this 14th day of April, 2004.

_____
NOTARY PUBLIC, State of Maryland
My Commission Expires: 09/14/04

DIANE Z. ARMSTRONG
NOTARY PUBLIC STATE OF MARYLAND
My Commission Expires September 14, 2004

3

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | | Re: Docket No. ____ and |
| | | 5/24/04 Agenda Item No. __ |

### ORDER GRANTING THE RELIEF SOUGHT IN DEBTORS' THIRD OMNIBUS OBJECTION TO CLAIMS (Non-Substantive)

Upon the third omnibus objection to claims (the "Third Omnibus Objection")[2] filed by the above-captioned debtors and debtors in possession (the "Debtors"), seeking entry of an order expunging and disallowing certain Claims; and no previous application having been made; and upon consideration of the Third Omnibus Objection and all responses thereto; and due and proper notice of the Third Omnibus Objection having been given, it is hereby

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms used but not defined herein are as defined in the Third Omnibus Objection.

ORDERED that, except as hereinafter stated, the relief sought in the Third Omnibus Objection is granted to the extent not inconsistent with the language herein, with the Orders previously entered with respect to the Third Omnibus Objection, and with the Exhibits attached hereto;[3] and it is further

ORDERED that, to the extent that the relief granted in this Order differs from the relief granted with respect to the Third Omnibus Objection by the Orders previously entered with respect to Third Omnibus Objection, this Order shall control; and it is further

ORDERED that the Objection to each of the Claims listed on Exhibit A to this Order is sustained and each of the claims are expunged and disallowed for all purposes and it is further

ORDERED that the Objection to each of the Claims listed on Exhibit B to this Order is sustained and each of the claims are expunged and disallowed for all purposes; and it is further

ORDERED that the Objection to each Claim listed on Exhibit C to this Order is sustained, and each of the claims are expunged and disallowed for all purposes; and it is further

ORDERED that the Objection to each Claim listed on Exhibit D to this Order is sustained, and the claims are expunged and disallowed for all purposes; and it is further

ORDERED that the rights of the Debtors to object to any claim listed on any exhibit to this Order for any reason are expressly preserved, except as provided for herein; and it is further

ORDERED that, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, made applicable in the contested matter by Rules 7054 and 9014 of the Federal Rules of Bankruptcy Procedure, the Court hereby directs entry of a final judgment with respect to the claim objections

---

[3] To the extent that any claim that is the subject of the Third Omnibus Objection has been or is otherwise addressed by an approved stipulation between the Debtors and the claimant, that stipulation shall control the disposition of that claim.

2

as to which relief is entered by this Order, the Court having determined that there is no just reason for delay in the entry of judgment on these matters; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: May ____, 2004

_____
Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

Case 01-01139-AMC  Doc 5486  Filed 04/26/04  Page 17 of 17