# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **In re:** | ) |
| | ) **Chapter 11** |
| **W.R. GRACE & CO., et al.** | ) **Case No. 01-01139 (JKF)** |
| | ) **Jointly Administered** |
| **Debtors.** | ) |
| | ) **Related to Docket Nos. 5151 and 5427** |

### CONSENT ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF CAPSTONE CORPORATE RECOVERY, LLC AS FINANCIAL ADVISORS FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND LIMITING THE SCOPE OF THE SERVICES TO BE RENDERED BY FTI CONSULTING, INC.

The Official Committee of Unsecured Creditors (the "Committee") of W.R. Grace & Co., et al., the debtors and debtors-in-possession herein (the "Debtors"), by application dated February 20, 2004 (the "Application") for the entry of an order authorizing the Committee to employ and retain Capstone Corporate Recovery, LLC ("Capstone"), in place and instead of FTI Consulting, Inc. as financial advisors in these cases, pursuant to sections 327(a), 328 and 1103(a) of the Bankruptcy Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), nunc pro tunc to February 4, 2004; and upon the affidavit of Edwin N. Ordway, Jr., a principal of Capstone, duly sworn to on the 20th day of February, 2004 (the "Ordway Affidavit"); and the Court being satisfied based upon the representations made in the Application and the Ordway Affidavit that (i) the employment of Capstone is necessary and in the best interests of the Committee and the Debtors' estates, (ii) Capstone represents no interest adverse to the Debtors and their estates, and (iii) Capstone is a "disinterested person" as that term is defined in § 101(14) of the Bankruptcy Code; and due and proper notice having been given to the Office of the United States Trustee (the "US Trustee"), counsel to the Debtors and all parties filing notices of appearance in these

WLM\196711.1

-2-

cases pursuant to Bankruptcy Rule 2002; and the parties having resolved the limited objection filed by the US Trustee to the Application; and the US Trustee having consented to the entry of this Order and the Court's approval of the Application in the manner modified hereby; and after due deliberation, and sufficient cause appearing therefore; it is

**ORDERED**, that the Application is granted as modified hereby; and it is further

**ORDERED**, that the Committee be, and it hereby is, authorized to employ and retain Capstone Corporate Recovery, LLC as financial advisors to represent it in these cases under a general retainer, effective as of February 4, 2004 (the "Effective Date") on the terms set forth in the Application and the Engagement Letter (except as modified hereby) as annexed to the Ordway Affidavit; and it is further

**ORDERED**, that Capstone Corporate Recovery, LLC shall be compensated in accordance with the procedures and standards set forth in sections 328, 330 and 331 of the Bankruptcy Code, including the reasonableness standard, such Bankruptcy Rules as may then be applicable and any procedures established by orders of this Court including, but not limited to, the Administrative Order under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members dated May 3, 2001, as amended, April 19, 2002 (collectively, the "Administrative Fee Order"); and it is further

**ORDERED**, that as of the Effective Date, the engagement of FTI Consulting, Inc. ("FTI") as financial advisors to the Committee shall continue, but be limited to providing tax-related services for the Committee; and it is further

**ORDERED**, that FTI shall be compensated for the tax-related services rendered for the Committee on and after the Effective Date in accordance with the procedures and standards set forth in sections 328, 330 and 331 of the Bankruptcy Code, including the reasonableness standard, such Bankruptcy Rules as may then be applicable and any procedures established by orders of this Court including, but not limited to, the Administrative Order under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members dated May 3, 2001, as amended, April 19, 2002 (collectively, the "Administrative Fee Order").

Dated: Wilmington, Delaware
      May ____, 2004

_____
**UNITED STATES BANKRUPTCY JUDGE**