IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

Hearing Date: June 21, 2004 at 12:00 p.m.
Responses Due: June 4, 2004

## DEBTORS' FOURTH OMNIBUS OBJECTION TO CLAIMS (SUBSTANTIVE)

The above-captioned debtors and debtors in possession (the "Debtors") hereby file this Fourth Omnibus Objection to Claims (the "Fourth Omnibus Objection"), and in support thereof, state the following:

### Jurisdiction

1. This Court has jurisdiction over this matter under 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A) and (O).

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

2. The statutory bases for relief requested herein are 11 U.S.C. §§ 105(a), 502 and 506 and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## Background

3. On April 2, 2001 (the "Petition Date"), each of the Debtors in these chapter 11 cases filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") commencing their respective chapter 11 cases (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for administrative purposes only and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

## Claims Bar Date

4. By an order dated April 25, 2002, this Court set March 31, 2003 as the last date for filing proofs of claim for all pre-petition claims relating to asbestos property damage, non-asbestos claims (including all governmental claims) and medical monitoring claims (the "Bar Date"). A bar date has yet to be set for asbestos personal injury claims and claims related to Zonolite Attic Insulation.

## The Objection And Request For Relief

5. By this Fourth Omnibus Objection, the Debtors seek disallowance, reclassification or reduction, as appropriate, of the claims set forth in the exhibits attached hereto[2] (the "Disputed Claims") for the reasons described herein and in such exhibits:

---

[2] The classification of the claims set forth on the exhibits is the classification asserted on the filed proof of claim. The Debtors include such classification for the purpose of identifying the claim to which the objection applies. The inclusion of the classification shall not constitute an acknowledgement by the Debtors that such classification is correct or appropriate.

2

91100-001\DOCS_DE:93290.1

(a) The claims set forth as "Paid Pre-Petition" in **Exhibit A** attached hereto are claims that have been paid in full by the Debtors pre-petition and should be disallowed (the "Paid Pre-Petition Claims");

(b) The Claims set forth as "Reclassify and Allow" in **Exhibit B** attached hereto are claims that should be reclassified as general unsecured claims (the "Reclassify Claims");

(c) The claims set forth as "Reclassify, Reduce and Allow" in **Exhibit C** attached hereto are claims that should be reclassified, reduced and allowed (the "Reduce and Allow Claims")

(d) The claims set forth as "Reduce and Allow" in **Exhibit D** attached hereto are claims that should be reduced and allowed (the "Reduce and Allow Claims");

## The Paid Pre-Petition Claims

6. The Debtors object to the Paid Pre-Petition Claims pursuant to section 502(b)(1) of the Bankruptcy Code, because these are claims which are not enforceable against the Debtors or their property under any agreement or applicable law. In particular, the Debtors' review of their books and records indicates that they have no liability for these claims because each has been paid in full prior to the Petition Date. Therefore, the Paid Pre-Petition Claims set out in **Exhibit A** should be disallowed and expunged for all purposes.

## The Reclassify and Allow Claims

7. The Debtors object to the Reclassify Claims pursuant to sections 507(a) and 503(b) of the Bankruptcy Code. The claims listed on **Exhibit B** have no basis for priority under section 507(a) of the Bankruptcy Code or secured status and should be reclassified as general unsecured

3

claims. In evaluating the claims to be reclassified, the Debtors have thoroughly reviewed their books and records, proofs of claim, and supporting documentation provided by each claimant, and have determined that the asserted classification of each such claim is not appropriate. Therefore, the Reclassify Claims listed on **Exhibit B** should be reclassified as general unsecured claims.

## The Reclassify, Reduce and Allow Claims

8. The Debtors object to the Reclassify, Reduce and Allow Claims pursuant to sections 502(b)(1), 503(b) and 507 of the Bankruptcy Code because these claims are filed with the wrong classification and for amounts that differ from the amounts reflected on the Debtors' books and records. In evaluating the Reclassify, Reduce and Allow Claims, the Debtors have thoroughly reviewed their books and records and the proofs of claim, as well as the supporting documentation provided by each claimant, and have determined that the classification and amount of each claim requires modification. The claims listed on **Exhibit C** have no basis for priority under section 507(a) of the Bankruptcy Code or secured status and should be reclassified as general unsecured claims. Additionally, the amount of the claims listed on **Exhibit C** are overstated due to the reasons enumerated per each objection set forth on **Exhibit C**. Accordingly, the Debtors object to the Reclassify, Reduce and Allow Claims and request that the Reclassify, Reduce and Allow Claims be reclassified, reduced and allowed in as set forth in **Exhibit C**.

## The Reduce and Allow Claims

9. The Debtors object to the Reduce and Allow Claims pursuant to section 502(b)(1) of the Bankruptcy Code because these claims are filed for amounts that differ from the amounts

reflected on the Debtors' books and records. In evaluating the Reduce and Allow Claims, the Debtors have thoroughly reviewed their books and records, and proofs of claim, as well as the supporting documentation provided by each claimant, and have determined that the amount of each claim is overstated. The amount of the claims listed on **Exhibit D** are overstated due to the reasons enumerated per each objection set forth on **Exhibit D.** Accordingly, the Debtors object to the Reduce and Allow Claims and request that the Reduce and Allow Claims be reduced to and allowed in the amounts set forth in **Exhibit D**.

## Separate Contested Matters

10. To the extent that a response is filed regarding any claim listed in the Fourth Omnibus Objection and the Debtors are unable to resolve the response, each such claim and the Objection by the Debtors to each such claim asserted in the Fourth Omnibus Objection shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court regarding an objection asserted in the Fourth Omnibus Objection shall be deemed a separate order with respect to each claim.

## Responses to Omnibus Objections

11. To contest an objection, a claimant must file and serve a written response to this Fourth Omnibus Objection (a "Response") so that it is received no later than 4:00 p.m. (Eastern Time) on June 4, 2004. Every Response must be filed with the Office of the Clerk of the United States Bankruptcy Court for the District of Delaware: 824 Market Street, Wilmington, Delaware 19801 and served upon the following entities, so that the response is received no later than 4:00 p.m. (Eastern Time) on June 4, 2004, at the following addresses:

>Kirkland & Ellis LLP
>200 E. Randolph Drive
>Chicago, Illinois 60601
>Attn:   Rachel R. Schulman
>
>-and-
>
>Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C.
>919 North Market Street, 16th Floor
>P. O. Box 8705
>Wilmington, Delaware 19899-8705 (Courier 19801)
>Attn:   David W. Carickhoff, Jr.
>
>Co-Counsel for the Debtors

12. Every Response to this Fourth Omnibus Objection must contain at a minimum the following:

(a) a caption setting forth the name of the Court, the name of the Debtors, the case number and the title of the Fourth Omnibus Objection to which the response is directed;

(b) the name of the claimant, their claim number and a description of the basis for the amount of the claim;

(c) the specific factual basis and supporting legal argument upon which the party will rely in opposing the Fourth Omnibus Objection;

(d) any supporting documentation, to the extent it was not included with the proof of claim previously filed with the Clerk or Claims Agent, upon which the party will rely to support the basis for and amounts asserted in the proof of claim;

(e) the name, address, telephone number and fax number of the person(s) (which may be the claimant or the claimant's legal representative) with whom counsel for the

Debtors should communicate with respect to the claim or the objection and who possesses authority to reconcile, settle or otherwise resolve the objection to the Disputed Claim on behalf of the claimant.

13. If a claimant fails to file and serve a timely Response, the Debtors may present to the Court an appropriate order reclassifying, reducing, or disallowing and expunging the claim, as applicable, without further notice to the claimant or a hearing.

### Replies to Responses

14. The Debtors may, at their option, file and serve a reply to a claimant's Response.

### Reservation

15. The Debtors hereby reserve the right to object in the future to any of the claims listed in this Fourth Omnibus Objection or on the exhibits attached hereto on any ground, and to amend, modify and/or supplement this Fourth Omnibus Objection, including, without limitation, to object to amended claims and newly-filed claims. Separate notice and hearing will be scheduled for any such objection.

16. Notwithstanding anything contained in this Fourth Omnibus Objection or the attached exhibits, nothing herein shall be construed as a waiver of any rights that the Debtors may have (a) to bring avoidance actions under the applicable sections of the Bankruptcy Code against the holders of claims subject to the Fourth Omnibus Objection; or (b) to exercise their rights of setoff against the holders of such claims relating to such avoidance actions.

## Notice

17. The Debtors will serve copies of this Fourth Omnibus Objection (with all exhibits) on the Office of the United States Trustee and on all parties that have requested that they be served with all pleadings filed in these cases pursuant to Bankruptcy Rule 2002 (the "2002 List").

18. Bankruptcy Management Corporation, the Debtors' claims consultant, will serve a copy of the Fourth Omnibus Objection and customized notices that summarize claim-specific detail exactly as reflected in the exhibit on which such creditor is listed upon those creditors that have filed claims that are affected by the Fourth Omnibus Objection in lieu of serving all exhibits on each such affected creditor. A sample custom notice is attached hereto as **Exhibit E**.

19. The Debtors submit that notice of this Fourth Omnibus Objection is sufficient under Bankruptcy Rule 3007 and that no further notice is necessary.

## No Previous Request

20. No previous request for the specific relief set forth herein has been made to this or any other court.

## Compliance With Rule 3007-1

21. This Fourth Omnibus Objection, and related exhibits attached hereto, complies with Rule 3007-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware.

8

WHEREFORE, the Debtors respectfully request that the Court enter an order disallowing, expunging, reducing and/or reclassifying each of the Claims more fully described in this Fourth Omnibus Objection and/or listed on the exhibits attached hereto.

Dated: May 5, 2004

KIRKLAND & ELLIS LLP
James H.M. Sprayregen, P.C.
James W. Kapp III
Janet S. Baer
200 East Randolph Drive
Chicago, IL 60601
Telephone: (312) 861-2000

- and -

PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.

_____
Laura Davis Jones (Bar No. 2436)
David W. Carickhoff, Jr. (Bar No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for Debtors and Debtors in Possession

9