IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                          :    Chapter 11
                                                                :    Case No. 01-01139(JKF)
                                                                :
W. R. GRACE & CO., et al.,                                      :    Jointly Administered
                                                                :
                                Debtors.                        :
                                                                :    Hearing Date: May 24, 2004 at 12:00 p.m.
---------------------------------------------------------------- x

**RESPONSE OF OFFICIAL COMMITTEE OF EQUITY SECURITY
HOLDERS TO DEBTORS' APPLICATION FOR THE APPOINTMENT
OF A LEGAL REPRESENTATIVE FOR FUTURE ASBESTOS CLAIMANTS
[Re: Docket No. 5460]**

The Official Committee of Equity Security Holders (the "Equity Committee"), by its undersigned counsel, hereby responds to the Debtors' application pursuant to 11 U.S.C. §§ 105, 327 and 524(g)(4)(B)(i) (the "Application") for the appointment of a legal representative for future asbestos claimants (the "Futures Representative"). As more fully set forth below, the Equity Committee supports the appointment of David T. Austern for the position of Futures' Representative and opposes the appointment of either of the suggested alternatives:

1.      Any Futures Representative selected to serve in this case must meet two primary criteria: a) he must have the qualifications and experience to understand asbestos claims issues, including, most notably, the problems associated with providing payments to future claims from a limited trust fund; and b) he must be free of any other interests or duties that could compromise his service as a fiduciary to the future asbestos claimants in the W.R. Grace case. The Equity Committee has actively participated in the deliberations to appoint a Futures Representative and believes that it is familiar with the qualifications of the three proposed candidates. Of the three, the Equity Committee believes that only Mr. Austern can satisfy the two main criteria for appointment. As the Debtors note in their Application, Mr. Austern has been general counsel

KL2:226107(2

- 2 -

for the Manville Asbestos Trust since 1988. As this Court is aware, *Manville* served as the model for 11 U.S.G. §524(g), and Mr. Austern accordingly has longer and deeper experience in the establishment and operation of asbestos claims trusts than virtually any other person. Moreover, Mr. Austern's service in the confirmed *Combustion Engineering* case has given him specific experience acting as a fiduciary under §524(g).

2. The Equity Committee has no quarrel with the academic and professional qualifications of Messrs. Green and Trafelet, the other two proposed candidates. However, unlike Mr. Austern, these two men serve as futures representatives in currently active Chapter 11 cases that do not have confirmed plans of reorganization. History demonstrates that claimants typically make claims against numerous defendants. Therefore, overlap between the future claimant population of any two chapter 11 debtors is inevitable. This overlap creates an unacceptable risk of conflicts of interest when a single individual serves simultaneously as the futures representative in more than one active chapter 11 case.

3. For this reason, the Equity Committee believes that the appointment of Mr. Trafelet or Mr. Green, each of whom is a futures representatives in other active asbestos-related chapter 11 cases, as described in the Application, would be inadvisable.[1] The current proceedings in the Third Circuit Court of Appeals underscore the wisdom of exercising particular care at the present time to minimize the potential for disabling conflicts of interest.

---

[1] The Equity Committee regrets any miscommunication that may have led the Debtor to characterize the Equity Committee position as to Messrs. Trafelet and Green as "do not completely oppose" and "slightly oppose," respectively (*See* Application at ¶5). The Equity Committee unequivocally opposes the appointment of either of these gentlemen, for the reasons set forth above.

## CONCLUSION

For the reasons set forth above, the Equity Committee opposes Messrs. Green and Trafelet for the position of Futures Representative and urges this Court to appoint Mr. Austern as Futures Representative.

Dated: May 7, 2004

        Respectfully submitted,

        KLETT ROONEY LIEBER & SCHORLING

        By: _____ /s/ with permission
        Teresa K. D. Currier (ID No. 3080)
        The Brandywine Building
        1000 West Street, Suite 1410
        Wilmington, Delaware 19801
        Telephone: (302) 552-4200
        Facsimile: (302) 552-4295

        - and -

        KRAMER LEVIN NAFTALIS & FRANKEL LLP
           Philip Bentley
           Gary M. Becker
           919 Third Avenue
           New York, New York 10022
           Telephone: (212) 715-9100
           Facsimile: (212) 715-8000

        Attorneys for the Official Committee of
        Equity Security Holders

KL2 226107t 2