IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) Case No. 01-01139 (JKF) |
| W.R. GRACE & CO., et al. | ) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) **[Relates to Docket No. 5460]** |

### RESPONSE OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE APPLICATION OF THE DEBTORS PURSUANT TO 11 U.S.C. §§ 105, 327 AND 524(g)(4)(B)(i) FOR THE APPOINTMENT OF A LEGAL REPRESENTATIVE FOR FUTURE ASBESTOS CLAIMANTS

TO:  THE HONORABLE JUDITH K. FITZGERALD
     UNITED STATES BANKRUPATCY JUDGE:

The Official Committee of Unsecured Creditors (the "Committee"), by its undersigned counsel, submits this response to the application filed by the Debtors (the "Application") seeking entry of an order appointing a legal representative for future asbestos claimants, pursuant to 11 U.S.C. §§ 105, 327 and 524 (g)(4)(B)(i) (the "Futures' Representative"), and respectfully states as follows:

### PRELIMINARY STATEMENT

1. The Debtors' Application requests that this Court choose among David Austern, Eric Green and Dean Trafelet as the Futures' Representative in these cases. In that each of the three candidates would presumably be acceptable to the Debtors, the thrust of the issue, then, is the respective positions of the creditors as to these candidates. As explained below, the Committee supports only one of the three candidates, Mr. Austern, for this case. Although all three candidates are qualified, neither Professor Green nor Judge Trafelet is acceptable to the Committee (and should not be acceptable to this Court in this case) because both are currently

NWK\91683.1

representing future claimants in a number of other active asbestos bankruptcy cases. Apart from the need to manage their responsibilities between these other cases, their contemporaneous involvement in other asbestos bankruptcies raises potential conflict of interest issues. Those potential conflicts can easily be avoided by selecting Mr. Austern who is not currently involved in any other active case.[1]

## ARGUMENT

### MR. AUSTERN IS THE ONLY CANDIDATE OF THE THREE PROPOSED BY THE DEBTORS WHO SHOULD BE CONSIDERED BY THIS COURT

2. At the omnibus hearing held on March 22, 2004, counsel for the Committee advised this Court and the parties of the Committee's concern that a Futures' Representative might very well be conflicted in representing the interests of future claimants in more than one pending asbestos bankruptcy case. See Exhibit A hereto, excerpts from transcript of March 22, 2004 hearing, at 52-53. The Debtors, however, proposed (in addition to Mr. Austern), Professor Green and Judge Trafelet as candidates for the role of Futures' Representative in these cases. The Committee has no quarrel with the qualifications of either Professor Green or Judge Trafelet. However, both are unacceptable choices to serve as Futures' Representative in this case because of their involvement in other active asbestos bankruptcy cases.

3. According to the Application, Mr. Green is presently the futures' representative in three pending asbestos bankruptcy cases, In re Fuller-Austin Insulation Co., In re Babcock and Wilcox Co., and In re Federal-Mogul Global Inc. See Application at ¶ 13. Of these matters, according to the respective case dockets, it appears that Fuller-Austin is concluded.

---

[1] The Application incorrectly states that the Committee "do[es] not strongly oppose" the appointment of Judge Trafelet as Futures' Representative. That is incorrect. As explained below, the Committee opposes Judge Trafelet and Mr. Green equally (and strongly), not because they lack the necessary qualifications, but because of the other active asbestos bankruptcy cases in which each is currently involved that creates the potential conflicts.

WILM\196820.1                                    2

Confirmation hearings were recently held in Babcock and Wilcox and the matter is sub judice. In Federal-Mogul, a Second Amended Plan and Disclosure Statement has been filed by the plan proponents, with proceedings on the adequacy of the disclosure statement scheduled to begin this month. Although not set forth in the Application, Mr. Green is also presently the futures' representative in In re Mid-Valley, Inc., a pre-packaged case pending before Your Honor in which confirmation hearings are scheduled to begin in the near term.

4. According to the Application, Judge Trafelet is currently serving as futures' representative in In re Armstrong World Industries, Inc. and In re USG. See Application at ¶ 16. Although the Armstrong case is pending confirmation by the district court following a confirmation recommendation by the bankruptcy court, the USG cases have not advanced that far. Indeed, as this Court knows, the USG cases are in a very similar posture to these W.R. Grace cases, and the work of Judge Trafelet in the USG cases is just beginning.

5. In contrast, Mr. Austern is currently a futures' representative only in In re Combustion Engineering, a pre-packaged asbestos bankruptcy case in which this Court issued a confirmation order in June 2003 that was approved by the district court in July 2003.[2] See Application at ¶ 10. Thus, to the Committee's knowledge, Mr. Austern is not actively serving as a futures' representative in any case at this time. Mr. Austern can devote his time to serving as Futures' Representative here, which is in itself a sufficient reason to appoint him.

6. The positions of Professor Green and Judge Trafelet as futures' representative in other pending asbestos bankruptcy cases raise potential conflict issues. The futures' representative is charged with "protecting the rights of persons that might subsequently assert

---

[2] The confirmation order is presently on appeal to the Court of Appeals for the Third Circuit, with oral argument scheduled for June 3, 2004.

WILM\196820.1                                3

demands." 11 U.S.C. § 524(g)(4)(B)(i). He or she has the fiduciary duty to ensure that the § 524(g) trust has sufficient assets to pay present claims and future demands "in substantially the same manner." 11 U.S.C. § 524(g)(2)(B)(ii)(V). In serving as the representative for a group of presently unknown persons, the futures' representative acts in a role similar to a class representative, with the duty and obligation to advance the interests of the class. Indeed, this Court has held that the futures' representative "stands in the shoes of future demand holders as their representative ... he is their alter ego." In re Mid-Valley, Inc., 2004 WL 287142 (W.D. Pa. 2004).

7. Obviously, the futures' representative will need to advocate a variety of positions in advancing the interests of future claimants. For example, the futures' representative, in order to ensure that sufficient assets exist for his constituency, may argue (as the Debtors and this Committee have argued previously) that the only persons that hold a personal injury claim are those that can demonstrate physical impairment caused by exposure to asbestos in a W.R. Grace product. As a result, those "claimants" that lack present impairment might ultimately hold future demands whose interests would be protected by the futures' representative. Likewise, a future demand holder who becomes a claimant in one asbestos bankruptcy case might very well also be a claimant in another case, so long as that person could make the requisite showing in each case. Positions taken by the futures' representative in one case, including those that seek to define the number or value of present claimants, might be binding against him in another case, because, as this Court held, he is himself a party -- the "alter ego" of future claimants. Those positions may present a conflict between the future claimants' constituency he represents in one case and the future claimants' constituency in the other -- groups that are distinct from each other even while

they may ultimately be shown to consist of a large number of the same people, once those persons assert "present" claims.

8. Mr. Austern is the only one of the three candidates that does not have these potential conflicts of interest. While it is true that the <u>Combustion Engineering</u> case is still pending on appeal, the role of Mr. Austern in that case is, for all practical purposes, completed. If appointed as Futures' Representative here, Mr. Austern's fiduciary responsibility will be to the future claimants in <u>W.R. Grace</u>, and only to that group.

9. In addition, Mr. Austern testified before the U.S. Senate in support of federal legislation in his role as President of Claims Resolution Management Corporation and General Counsel for the Manville Trust that there is "an almost limitless population of potential asbestos claimants" because " a very large percentage of non-malignant claims are based on so-called screenings pursuant to which mostly asymptomatic claimants are identified by screening facilities and encouraged to file a claim." <u>See</u> Exhibit B hereto, Testimony of David Austern before the United States Senate Committee on the Judiciary, March 5, 2003. The Committee is heartened by Mr. Austern's recognition of the problem of asymptomatic claimants, an issue which is especially acute in these bankruptcy cases.

10. In light of his significant qualifications and experience and the fact that he is not currently a futures' representative in any active asbestos bankruptcy case, Mr. Austern would be an appropriate choice as Futures' Representative.

WHEREFORE, the Committee respectfully requests that this Court appoint David T. Austern as Futures' Representative in these cases.

Dated: New York, New York
       May 7, 2004

                        Respectfully submitted:

                        **STROOCK & STROOCK & LAVAN LLP**
                        Lewis Kruger
                        Kenneth Pasquale
                        (Members of the Firm)
                        180 Maiden Lane
                        New York, NY 10038
                        Telephone:  (212) 806-5400
                        Facsimile:  (212) 806-6006

                        and

                        **DUANE MORRIS LLP**

                        */s/ Michael R. Lastowski*
                        Michael R. Lastowski (DE I.D. No. 3892)
                        William S. Katchen
                        1100 North Market Street
                        Suite 1200
                        Wilmington, Delaware 19801
                        Telephone:  (302) 657-4942
                        Facsimile:  (302) 657-4901

                        Co-Counsel for the Official Committee of
                        Unsecured Creditors of W.R. Grace & Co, et. al.