# EXHIBIT A

```
                    UNITED STATES BANKRUPTCY COURT
                         DISTRICT OF DELAWARE


IN RE:                            .    Chapter 11
                                  .
W.R. GRACE & CO., et al.,         .    Case No. 01-01139 (JKF)
                                  .    Jointly Administered
                                  .
         Debtors.                 .    March 22, 2004 (12 p.m.)
                                  .    (Wilmington)


                    TRANSCRIPT OF PROCEEDINGS
          BEFORE THE HONORABLE JUDITH K. FITZGERALD
             UNITED STATES BANKRUPTCY COURT JUDGE
```

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

51

over whether they would go forward on their settlement.

THE COURT: All right. So that won't stop the debtor from deciding whether or not to do a 524(g) or not, then?

MS. BAER: No, Your Honor.

THE COURT: Okay. That's fine. Then a week before the hearing, I either want a motion filed to appoint the Futures Rep -- I realize it won't be heard at the next omnibus, but I want it filed -- if the debtor is seeking a 524(g), and if the debtor isn't, then I want that statement indicated in writing, and then we'll deal with time periods within which the debtor is to file a plan at the next hearing after that and possibly a bar date. If the bar date issue has to go to the District Court, then I'll ask to have a temporary District Court judge assigned. We're going to get this case moving.

MS. BAER: Thank you, Your Honor.

THE COURT: Mr. Baena.

MR. BAENA: I don't want to get caught up in the brinkmanship of some of the comments that were made, but I want to make it very clear that we worked very hard on that Sealed Air settlement. And that Sealed Air settlement could evaporate if there isn't a 524(g) injunction. And that's a -- more than a billion dollars that asbestos claimants, and other claimants, I think, would expect to come into this

1  estate.

2  THE COURT: Okay.

3  MR. KRUGER: Your Honor, just to follow up on the
4  Sealed Air settlement. The Sealed Air settlement has not yet
5  been presented for approval to the Court, because there is
6  not a judge to approve it. But the Committee, my Committee,
7  if you will, has serious objections to various aspects of
8  that settlement. So, it's not quite as simple as being
9  presented here today. And the reality is that I still
10 believe that the debtor has done what it can to try to move
11 these cases forward. The reality is that absent court
12 decisions about the quality of the claims and voting, it's
13 hard to make a consensual plan in this case. And I also am
14 concerned that the issue with respect to a future claims
15 representative, that there seems to be a common belief that a
16 future claims representative serving in one case may serve in
17 all cases or other cases. It seems to me, as I've gotten
18 more and more, and the Committee has gotten more and more
19 involved in these cases, a future claims representative
20 serving in more than one committee -- or, pardon me, on more
21 than one debtor, may indeed have inseparable conflicts of
22 interest. Because instead of defending the estate for which
23 they are the futures claims representative, and being certain
24 that claims that are made apply only to that estate, what has
25 happened is, indeed, that people seem to believe that a claim

1  when made, applies against all debtors -- whether this
2  debtor, USG, Owens, whoever it may be -- equally. It seems
3  to me that that makes future claims representatives incapable
4  of serving more than one master.
5      THE COURT: Well --
6      MR. KRUGER: So, it may be an issue.
7      THE COURT: -- find one who's not appointed.
8      MR. KRUGER: It may be --
9      THE COURT: If you, you know, if you can find
10 somebody else who's willing to do this job, who is not
11 currently appointed in another case, that's fine. You know,
12 my view of the asbestos world is that all these cases ought
13 to be aggregated, all the insurance proceeds ought to be put
14 into one pot, all of the debtor's assets ought to be put in,
15 because all the claims are filed in every case. And there
16 ought to simply be one settlement everywhere to deal with
17 everybody, and then we'd get out of here. But I suppose
18 that's what legislation's for. So, meanwhile we'll keep --
19 we'll keep trudging down the path we're trudging. Okay.
20     MS. BAER: Your Honor, I believe that concludes the
21 agenda.
22     THE COURT: Any housekeeping matters? I have one.
23 The case management order -- it's come to light in another
24 case -- apparently is confusing people with respect to
25 adversaries, and whether or not it applies to motions in