IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>**W.R. GRACE & CO.**, *et al.*,<br><br>        Debtors. | Chapter 11<br><br>Case No. 01-01139 (JKF)<br><br>Jointly Administered<br><br>**Related Docket No. 5460**<br>**Objection Deadline: May 7, 2004**<br>**Hearing Date: May 24, 2004 at Noon** |

## LONDON MARKET INSURERS' RESPONSE TO
## DEBTORS' APPLICATION FOR THE APPOINTMENT OF
## A LEGAL REPRESENTATIVE FOR FUTURE ASBESTOS CLAIMANTS

This response is filed on behalf of Certain Underwriters at Lloyd's, London and Certain London Market Companies who subscribed policies in favor of W.R. Grace & Co. or its legal predecessors ("London Market Insurers"). London Market Insurers file this response to clarify the proper standard by which to appoint a legal representative for future claimants ("Future Claimants Representative" or "FCR"). Of the three FCR candidates proposed by the debtors, LMI submit believe that David Austern is capable of fulfilling the responsibilities of the role of FCR.

Because London Market Insurers may be called upon to pay claims of future claimants, they have an interest in how those claims are treated in this proceeding.[1] Further, like all parties, London Market Insurers have an interest in the maintenance of proceedings that are fair and unbiased and that appear to be so.

---

[1] Debtors advise that they have conferred with every "affected community" regarding the appointment of an FCR. Motion at 2. As they have not conferred with LMI, this statement appears to demonstrate an intent to cut the insurers out of all substantive discussions. This unfortunate decision will make settlement with insurers much less likely and may well lead to prolonged and perhaps unnecessary coverage litigation.

**I.     Section 524(g) Requires The Participation of Independent FCR in Confirmation Proceedings**

Contrary to Debtor's submission, it is not necessary or even desirable for an FCR to have the support of "every affected constituency." Debtor's Motion at 2. To the contrary, the FCR must be independent of and is potentially antagonistic to the interests of such constituencies. In order for the FCR to fulfill his or her duties as the representative of future claimants, the independence of the position must be maintained.

The statutory role of the FCR is clearly set out in 11 U.S.C. Sec. 524(g)(4)(B), which concerns the conditions under which a channeling injunction "shall be valid and enforceable with respect to a demand" that is to be paid by the Trust.[2] No such injunction can be valid unless, "as a part of the proceedings leading to the issuance of such injunction," the court appoints "a legal representative for the purpose of protecting the rights of persons that might subsequently assert demands" that will be paid by the Trust. Furthermore, before confirming the plan, the court must determine that including the debtor or any other party in the injunction is "fair and equitable" to those persons.

Thus, the statute clearly contemplates that the FCR will actively participate in the plan confirmation proceedings as an independent representative of persons who are represented by no-one else. Without that participation, the channeling injunction may not issue. Therefore, it is crucial to be sure that the FCR be properly selected and that his role be properly understood.

---

[2] A "demand," of course, is a "demand for payment, present or future," that (1) "was not a claim" during the confirmation proceedings, (2) arises out of the same or similar conduct giving rise to the claims that are subject to the channeling injunction, and (3) will be paid out of the Trust. 11 U.S.C. Sec. 524(g)(4)(B)(5).

2

### A. The FCR Is A "Legal Representative" of Future Claimants And Therefore is Adverse To The Debtor, The ACC, and The Other Committees

The FCR's role is to be the "legal representative" of persons who may in the future have demands. A "legal representative" is *not* a "professional person" employed by the trustee or the debtor-in-possession to "represent or assist the trustee." The Debtor's citation of 11 U.S.C. Sec. 327, which concerns only the employment of such "professional persons," *e.g.,* Mem. Para. 17, demonstrates a profound misunderstanding of the FCR's role. Far from being an assistant to the Trustee (or the debtor-in-possession), the FCR is an adversary, a representative of claimants who have no interest in the long-term health of the debtor other than to assure that their own future claims will be satisfied.

The phrase "legal representative" is a term of art with a long history. As the Third Circuit said in *Gibbs v. Carnival Cruise Lines*, 314 F.3d 125 (3d Cir. 2002):

> A legal representative, "in its broadest sense, means one who stands in place of, and represents the interests of another." Black's Law Dictionary 896 (6th ed. 1990). Examples include "the executor or administrator of an estate and a court appointed guardian of a minor or incompetent person." *Id*. "The term 'legal representatives' is not necessarily restricted to the personal representatives of one deceased, but is sufficiently broad to cover all persons who, with respect to his property, stand in his place and represent his interests, whether transferred to them by his act or by operation of law." *New York Mutual Life Ins. Co. v. Armstrong,* 117 U.S. 591, 597 (1886).

By his actions or inactions, a legal representative is able to bind those who are unable to act on their own behalf. *Gibbs*, 314 F.3d at 134 (statute of limitations runs from court appointment of legal representative for minor). *See* Fed. R. Civ. P. 17(c)(when an infant or incompetent person has a representative, the representative may sue and defend on his or her behalf.)

The role of "legal representative" in asbestos bankruptcy disputes is borrowed from these traditional concepts of guardianship, *In re Eagle-Picher Industries, Inc.*, 144 B.R. 69, 70 (Bankr. S.D. Ohio 1992). Therefore, as this Court has observed, the FCR stands in a fiduciary relationship to the future claimants. *In re Pittsburgh Corning Corp.*, No. 00-22876 (JKF), Mem. Op. at 29 (Bankr. D. Del. April 27, 2204). Moreover, that relationship puts the FCR's interests in conflict with those of both the Debtor and the ACC. *Id.* As guardian, it is the FCR's duty to analyze, determine, and represent the interests of the unknown future claimants against the interests of the Debtor and the other creditors. The notion that the FCR should be beholden for his appointment to the very adversaries of those that he represents is so repugnant to ordinary legal ethics that it could only arise in the world of asbestos litigation.

## II.     The Terms of Appointment of The FCR Must Preserve His Independence

The debtors' failure to understand the role of the FCR led them, once before, to attempt the appointment of a plainly conflicted candidate in the person of Judge Hamlin. Now, their motion for appointment of an FCR contains unacceptable conditions that cannot be imposed without creating conflicts that would prevent him from performing his role.

First, the views of the Debtor and the Committees concerning the credentials of any candidate for FCR should have no more weight than their views concerning the credentials of each other.

Second, the Debtor and the Committees should be barred from interviewing candidates prior to their appointment, or from "vetting" them in any other way. Any candidate should be interviewed by the Court and should be disqualified if such "vetting" has been found to have taken place.

Third, the compensation of the FCR should not be negotiated with the Debtors, but should be set by the Court.

Fourth, the FCR should not be immunized by the Court from the consequences of his failure to perform his fiduciary duties to the future claimants. By entering the immunity from liability requested by the Debtors, the Court would deprive the future claimants of the protections that the representative is intended to afford them. Either the FCR is a fiduciary, with the responsibilities and obligations that entails, or he is not; and if he is not, then he is not a legal representative and an injunction cannot be approved. There is no such thing as a fiduciary who is immunized from the consequences of failing to act as a fiduciary.

Fifth, the FCR should not be permitted to enter into an indemnity contract with the Debtors, such that his ability to recover is dependent on the financial success of the reorganized debtor. The FCR should have no personal stake in the reorganized debtors, and certainly not one that binds him to them in the event he breaches his fiduciary duty to the future claimants. If the FCR needs an indemnity contract as a condition of service, he should purchase insurance, whose premium can be paid as part of his compensation from the debors' estate as appropriate.

### III. LMI Have No Objection To The Appointment Of David Austern As Futures Representative

Of the three candidates for FCR mentioned, it appears that David Austern has the independence to serve as FCR. So long as he has done nothing to impair his ability to serve, is properly instructed on the independence and the fiduciary obligations inherent in his role, and enters into no transactions inconsistent with those obligations, LMI would have no objection to his appointment.

DATED:  May 7, 2004			Respectfully submitted,


					MURPHY SPADARO & LANDON

					/s/ Francis J. Murphy
					Francis J. Murphy
					DE ID #223
					1011 Centre Road
					Suite 210
					Wilmington, DE 19805
					Tel: (302) 472-8100
					Fax: (302) 472-8135
					E-Mail: Fmurphy@msllaw.com

					James Sottile
					Joseph L. Ruby
					BAACH ROBINSON & LEWIS PLLC
					One Thomas Circle, NW, Suite 200
					Washington, DC  20005
					Phone:  (202) 833-8900

					Counsel for Certain Underwriters
						at Lloyd's, London
					and Certain London Market Companies