IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket No.: 5460** |
| | ) | |
| | ) | **Objection Deadline: May 7, 2004** |
| _____ | ) | **Hearing Date: May 26, 2004** |

**RESPONSE AND OBJECTION OF THE OFFICIAL COMMITTEE OF ASBESTOS PROPERTY DAMAGE CLAIMANTS TO APPLICATION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 105, 327 AND 524(g)(4)(B)(i), FOR THE APPOINTMENT OF A LEGAL REPRESENTATIVE FOR FUTURE ASBESTOS CLAIMANTS**

The Official Committee of Asbestos Property Damage Claimants (the "PD Committee"), by and through undersigned counsel, hereby files this Response and Objection (the "Objection") to the Application of Debtors Pursuant to 11 U.S.C. §§ 105, 327 and 524(g)(4)(B)(i), for the Appointment of a Legal Representative for Future Asbestos Claimants (the "Application"), filed by the above-referenced debtors (the "Debtors"). In support hereof, the PD Committee would show as follows:

**Preliminary Statement**

The PD Committee commends the Debtors for filing the Application and asking for the Court's assistance in determining the Futures' Representative.[1] As the Debtors correctly point out in the Application, the PD Committee opposes the appointment of any of the Debtors' suggested candidates - - David T. Austern, Eric Green and Dean Trafelet (the "Proposed Candidates"). The PD Committee opposes each of the Proposed Candidates due to either his

---

[1] Capitalized terms used, but not defined herein, shall have the meanings set forth in the Application.

current status as a representative of future claimants in other asbestos bankruptcy cases or his prior experience in such role.[2] Indeed, the PD Committee favors the appointment of a Futures' Representative who neither currently serves, nor has served in the past as a Futures' Representative. Incumbent upon the Futures' Representative is the obligation to be independent of and free from (i) past relationships with the Debtors, its official committees (and their respective members) and (ii) past or continuing service as a representative of future claimants in other asbestos bankruptcies. None of the Proposed Candidates meets those criteria, and thus, none should be appointed as the Futures' Representative. Rather, the Court should select (or direct the Office of the United States Trustee (the "UST")) to select a qualified candidate with impeccable credentials, free of current service or past experience as a Futures' Representative, without connections to the principal constituencies in these cases, to serve as the Futures' Representative.

## Argument

1. On April 2, 2001, each Debtor filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to operate their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. On April 12, 2001, the UST appointed the PD Committee, the Official Committee of Unsecured Creditors (the "Commercial Committee") and the Official Committee of Asbestos Personal Injury Claimants (the "PI Committee"). Thereafter, the UST appointed the Official Committee of Equity Holders (the "Equity Committee").

---

[2] By this Response and Objection, the PD Committee does not mean to suggest that the Proposed Candidates are not highly competent to serve as a Futures' Representative, to the contrary.
\74817\15537\ # 672898 v 3

3.      On October 13, 2003, the Debtors filed their Application of Debtors Pursuant to 11 U.S.C.§§105, 327 and 524(g)(4)(B) for the Appointment of C. Judson Hamlin as Legal Representative for Future Claimants (the "Hamlin Application").  The Debtors subsequently withdrew the Hamlin Application.  At the March 22, 2004 omnibus hearing in these cases, the Court directed the Debtors to file an application for the appointment of a Futures Representative in advance of the April omnibus hearing scheduled for April 26, 2004.  Accordingly, the Debtors filed the Application on April 19, 2004.

4.      In the Application, the Debtors provide a matrix that characterizes the views of the PD Committee, the PI Committee, the Commercial Committee and the Equity Committee with respect to each Proposed Candidate.  As the matrix clearly demonstrates, none of the Proposed Candidates are acceptable to a majority of the Committees.  The lack of unanimity demonstrates the need for the Court (or UST) to select the Futures' Representative.

5.      Pursuant to section 524(g) of the Bankruptcy Code, a Futures' Representative represents the "rights of persons that might assert demands" covered by a 524(g) injunction.[3] See 11 U.S.C. §524(g)(4)(B)(ii).  The Futures' Representative is a fiduciary to the future claimants in these cases and must zealously represent their interests and advocate a plan of reorganization that will "provide reasonable assurances that the trust will value, and be in a financial position to pay, present claims and future demands that involve similar claims in substantially the same manner." 11 U.S.C. 524 (g)(2)(B)(ii)(V).

---

[3] 11 U.S.C. 524(g)(5) provides in pertinent part, the "term 'Demand' means a demand for payment, present or future, that - -

    (A) was not a claim during the proceedings leading to the confirmation of a plan of reorganization;
    (B) arises out of the same or similar conduct or events that gave rise to the claims addressed by the injunction issued under [section 524(g)(1)]; and
    (C) pursuant to the plan, is to be paid by a trust described in [section 524(g)(2)(B)(i)]."

\74817\15537\ # 672898 v 3

6. Messrs. Green, Trafelet and Austern currently serve as representatives of future claimants in multiple cases.[4] As such, each of the Proposed Candidates has disabling conflicts that prevents him from serving as the Futures' Representative.

7. Based on the experience in these cases and many other asbestos bankruptcy cases, a future "demand" in these cases will also be asserted against other asbestos manufacturers that currently are (or in the future may be) in bankruptcy. The Futures' Representative will advocate certain positions in these cases to ensure the treatment of future claims in "substantially the same manner" as current claims. The positions that will be taken have the very real likelihood of being in direct conflict with positions that the Futures' Representative must take in other cases where he serves in that role.

8. For example, a future claimant in these cases may assert a "present" claim down the road. That claimant may also assert a "present" claim in the USG bankruptcy at a later point in time. If the Futures' Representative were to take positions today in another case in which he is a futures' representative to fix or determine the amount or value of present claimants, those positions could be binding on him in these cases.[5] Certainly those positions may be contrary and conflicting.

---

[4] Mr. Green is currently the representative of future claimants in In re Federal-Mogul Global, Inc., In re Babcock & Wilcox Co., In re Fuller-Austin Insulation Co., and In re Mid-Valley, Inc.. Judge Trafelet is currently the representative of future claimants in In re Armstrong World Industries, Inc. and In re USG Corp., et al.. Mr. Austern is currently the representative of future claimants in In re Combustion Engineering, Inc. and as the President of Claims Resolution Management Corporation, a wholly-owned subsidiary of the Manville trust responsible for administering asbestos personal injury claims.

[5] This Court recently held that the futures' representative "stands in the shoes of future demand holders as their representatives . . . he is their alter ego." See In re Mid-Valley, Inc., 2004 WL 287142 (W.D. Pa. 2004). If the Futures' Representative is the alter ego, and thus, a party to the proceedings, positions taken may very well be binding in another case.

\74817\15537\ # 672898 v 3

4

9. Moreover, in order for the Futures' Representative to make these informed decisions, the PD Committee submits it must be someone who does not bring historical, pre-conceived notions to the table about the validity, dollar value and amount of claims in these cases. As recent occurrences have noticeably demonstrated, the asbestos bar is relatively small and cohesive. Threshold issues related to a plan of reorganization are on the horizon, including the allowance and payment of "unimpaired" claims. A reasoned, independent view on behalf of future claimants in these proceedings will greatly facilitate, we think, the reorganization process.

[Signature page follows]

\74817\15537\ # 672898 v 3

**WHEREFORE**, the PD Committee respectfully requests that the Court sustain this Objection and appoint a Futures' Representative consistent with the qualifications sought herein, or alternatively, imbue the UST with the authority to appoint the Futures Representative, and for such other relief that the Court deems appropriate.

Wilmington, Delaware
Dated:  May 7, 2004

Respectfully submitted,

BILZIN SUMBERG BAENA
    PRICE & AXELROD LLP
200 South Biscayne Boulevard
Suite 2500
Miami, Florida  33131-2336
Telephone:  (305) 374-7580

Scott L. Baena (Admitted Pro Hac Vice)
Jay M. Sakalo (Admitted Pro Hac Vice)

and

FERRY JOSEPH & PEARCE, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, Delaware  19899
Telephone:  (302) 575-1555

By: /s/ Theodore J. Tacconelli
       Theodore J. Tacconelli
       (Del. Bar No. 2678)

CO-COUNSEL FOR THE OFFICIAL
COMMITTEE OF ASBESTOS PROPERTY
DAMAGE CLAIMANTS

\74817\15537\ # 672898 v 3