# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | Re: Docket Nos. 5317 & 5426 |

# DEBTORS' SUR REPLY TO THE MOTION OF THE MASSACHUSETTS DEPARTMENT OF ENVIRONMENTAL PROTECTION FOR RELIEF FROM THE AUTOMATIC STAY AND SETOFF

This Court should deny the Motion of the Massachusetts Department of Environmental Protection For Relief from the Automatic Stay and Setoff (the "Motion"). The Massachusetts Department of Environmental Protection (the "MDEP") is not entitled to setoff its alleged pre-petition claims for response costs and fees against the amounts owed by the Massachusetts Department of Revenue (the "MDOR") to the Debtors for overpayment of corporate excise taxes because the requirements of section 553 of title 11 of chapter 11 of the U.S. Code (the "Bankruptcy Code") are not satisfied.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Specifically, the MDEP and the MDOR are not the "same creditor" as required to satisfy the mutuality requirement of section 553. The MDEP's continued reliance upon jurisprudence that establishes that "federal agencies are the same entity for common-law setoff" is unfounded. The MDEP and the MDOR are *state agencies* and, therefore, those cases are inapposite. In fact, there is disagreement concerning whether state agencies can be considered the same entity for the mutuality requirement of section 553. When mutuality between state agencies has been recognized, it has been recognized for the specific agencies at issue in the respective cases, and not as a broad and general principle. In fact, In re Bison Heating & Equipment, Inc., 177 B.R. 785 (Bankr. W.D.N.Y. 1995), the case originally cited by the MDEP to support its assertion that mutuality exists in this matter, holds that mutuality amongst state agencies is only proper once the movant has established that the respective agencies are subdivisions of a larger governmental unit that have been divided for operational purposes.

The MDEP has proffered no evidence, beyond its repeated assertion that all state funds go to (and come from) the same metaphorical "pot" to support mutuality between the MDEP and the MDOR. Further, the MDEP's claim is unliquidated and the Debtors plan to object to their claims during the impending claims process. Therefore, even if setoff was otherwise proper, any determination of setoff at this time would be premature because the value, if any, of the MDEP Claim[2] is unresolved. Therefore, this Court should deny the Motion.

---

[2] Capitalized terms not otherwise defined in this Sur Reply have the meanings given in the Debtors' Objection to the Motion of the Massachusetts Department of Environmental Protection for Relief from the Automatic Stay and Setoff.

## Argument

A. **The MDEP's Continued Reliance Upon Cases Concerning Federal Agencies is Inapposite in the Present Matter**

1. The MDEP spends a considerable amount of time in its Reply to Debtors' Objection to the Motion of the Massachusetts Department of Environmental Protection for Relief from the Automatic Stay and Setoff (the "MDEP Reply") citing cases that hold that "the federal government is considered to be a single entity that is entitled to setoff one federal agency's debt to a party against that party's debt to another federal agency." See MDEP Reply ¶6, pg. 4.[3] The Debtors have not argued that this is an incorrect legal proposition. The legal treatment of *federal agencies* for setoff purposes, however, is inapposite in the present matter because the MDEP and the MDOR are separate *states agencies*. There are several cases dealing with the issue of whether state agencies should be considered a single entity for purposes of mutuality in setoff. This Court should look to those cases because they address the exact issue at hand and, therefore, represent the more appropriate rule of law.

B. **There is a Lack of Unanimity Amongst Courts Concerning Whether State Agencies are the Same Entity for Setoff Purposes**

2. The MDEP Reply incorrectly argues that the holding In re Lakeside Community Hosp., Inc., 139 B.R. 886 (Bankr. N.D. Il. 1992) (that separate state agencies are not a "single entity" for purposes of mutuality in setoff) "is no longer good law even within its own jurisdiction." MDEP Reply ¶5, pg. 4. In supporting this argument, the MDEP cites and quotes

---

[3] In fact, pages 4-7 of the MDEP Reply contain a "ping pong" display where the MDEP cites cases dealing with federal agencies interchangeably with cases dealing with state agencies.

3

from the Bankruptcy Court for the Northern District of Illinois' opinion in <u>In re Doctors Hosp. Of Hyde Park, Inc. (Doctors Hospital I)</u>, 272 B.R. 677, 683 (Bankr. N.D. Ill 2002). The MDEP's reliance upon <u>Doctors Hospital I</u> is misplaced for the following two reasons.

3. First, <u>Doctors Hospital I</u> was subsequently appealed to the Court of Appeals for the Seventh Circuit. In the Seventh Circuit's opinion, Judge Posner recognized (i) the validity of <u>In re Lakeside</u> and (ii) the disagreement amongst courts concerning mutuality of state agencies. Judge Posner stated as follows:

> There is disagreement, however, over whether different agencies of the same state government are one party or more than one party for mutuality purposes; if the latter, the "held by the same parties" requirement of mutuality is not satisfied. Compare <u>In re Lakeside Community Hospital</u>, 139 B.R. 886, 889-90 (Bankr. N.D. Ill. 1992) (state agencies not one entity for setoff purposes), aff'd, 151 B.R. 887, 891-93 (N.D. Ill. 1993), with <u>In re Bison Heating & Equipment, Inc.</u>, 177 B.R. 785, 789-91 (Bankr. W.D.N.Y. 1995) (state agencies, as "creatures of the State" are a "single entity capable of holding mutual credits and debts"), and <u>In re Bennett Co.</u>, 118 B.R. 564, 565-66 (Bkrtcy. M.D. Tenn. 1990) (same). In <u>United States v. Maxwell</u>, 157 F.3d 1099, 1102 (7th Cir. 1998), we held that different federal agencies are to be treated as one for setoff purposes, but there does not appear to be a definitive ruling concerning the status of Illinois state agencies."

<u>In re Doctors Hosp. of Hyde Park, Inc. (Doctors Hospital III)</u>, 337 F.3d 951, 955 (7th Cir. 2003).

4. <u>Second</u>, the passage cited by the MDEP from the bankruptcy court opinion in <u>Doctors Hospital I</u> indicates that the bankruptcy court's holding was based upon the specific state-agencies in that matter. The passage quoted in the MDEP Reply states, "Although Maxwell involved the federal government, there is no basis for a differing result with respect ***to the agencies of the state involved in this case.***" <u>Doctors Hospital I</u>, 272 B.R. 677, 683 (Bankr. N.D.

4

Ill. 2002) (emphasis added). The MDEP unjustifiably argues that this represents a *per se* rule that state agencies should be considered one entity for mutuality purposes.

### C. The MDEP has not Established that the MDEP and the MDOR are Subdivisions of the Same Governmental Unit

5. Cases that have found mutuality amongst state governmental units have only done so after the movants established that the respective agencies were subdivisions of the same governmental unit. See In re Bison Heating & Equipment, Inc., 177 B.R. 785 (Bankr. W.D.N.Y. 1995). In In re Bison, the court determined that government agencies should be considered *separate* entities *unless* the two agencies are both subdivisions that have been divided for operational purposes. The court stated as follows:

> As used in section 106 of the Bankruptcy Code, "governmental unit" may certainly refer to subdivisions that are less comprehensive than one of the fifty states. Not every office, however, is necessarily so distinctive as to constitute a separate unit for purposes of this statute. Characterization as a governmental unit depends, therefore, upon the scope of a subdivision's power and authority. As creatures of the State of New York, the Department of Labor and the Department of Taxation and Finance possess structures whose identity is defined by the state .

The court in In re Bison ultimately found that the two agencies should be considered a "single entity." However, its decision was based upon its finding that, "Under New York law, the Department of Labor and the Department of Taxation and Finance function not as sacrosanct governmental units, but as divisions of a larger entity organized into sub-units for operational purposes."

5

6. The MDEP has not established *any* evidence that the Massachusetts Department of Revenue and the Massachusetts Department of Environmental Protection - two seemingly-dissimilar agencies- are divisions of a larger entity organized into sub-units for operational purposes. Instead, the MDEP has simply argued that, under Massachusetts law, "all payments for such liability (the MDOR Tax Refund) go to the Commonwealth's general fund, which is the same fund from which the treasurer pays out any tax refunds owed taxpayers, such as the 1986 tax refund owed to Debtors." MDEP Reply ¶2, pg. 3. The ultimate source of funds, however, is not the test for determining unity between state agencies[4], and the MDEP has failed to establish that the MDEP and the MDOR are subdivisions of a larger governmental unit subdivided for operational purposes.

## D. The Interests of Equity do not Support Setoff in this Matter

7. Courts have recognized that the application of setoff in the bankruptcy context is, "at odds with the fundamental bankruptcy principle of equality of distribution among creditors because it permits a creditor to obtain full satisfaction of a debt by extinguishing an equal amount of the creditors obligation to the debtor." In re Williams, 61 B.R. 567, 570 (Bankr. N.D. Tex. 1986), citing New York County National Bank v. Massey, 192 U.S. 138, 146 (1904); In re B&L Oil Co., 782 F.2d 155, 157 (10th Cir. 1986); In re Braniff Airways, Inc., 42 B.R. 443, 448 (Bankr. N.D. Tex. 1984). Judge Richard Posner of the Seventh Circuit has explained the rationale of Congress for retaining the right of setoff in the Bankruptcy Code as follows: "the

---

[4] If the "same funds" test had been applied in In re Bison, then the above-referenced analysis would have been superfluous.

only sense we can make of the rule is that it recognizes that the creditor who owes his debtor money is like a secured creditor; indeed, the mutual debts, to the extent equal, secure each party against the other's default." Matter of Elcona Homes Corp., 863 F.2d 483, 485 (7th Cir. 1988); also quoted in In re NTC Industries, 103 B.R. 195, 197 (Bankr. N.D. Ill. 1989).

8.   In light of the foregoing, the equities do not favor a determination of setoff at the present time. First, this is not a situation where the MDOR Tax Refund and the MDEP Claim can be seen as "security" for each other's default. The MDOR Tax Refund represents a 1986 overpayment by the Debtors that they have contested since the day the original payment was made. The MDEP Claim represents alleged amounts that are owed for the Debtors' alleged violation of state environmental laws. These are completely unrelated obligations that involve three, separate parties (the MDEP, the MDOR and the Debtors). Second, even if setoff was otherwise proper, it is premature at the present time. The MDOR Tax Refund represent an agreed-upon settlement that was determined after years of negotiations between the Debtors and the MDOR. It is an established and definite amount. The MDEP Claim represents an unresolved, unliquidated claim for amounts that the Debtors allegedly owe the MDEP. There has been no determination as to what amount, if any, that the Debtors will ultimately owe the MDEP.

9.   Put simply, setoff is not warranted in this instance. The Debtors made their overpayment almost 20 years ago and have contested this payment since the day it was made. Now that the Debtors and the MDOR have finally reached an agreement regarding the amounts owed by the MDOR to the Debtors, the MDEP has stepped-in, and is attempting to further delay payment of this amount pending the prospective resolution of the MDEP's

7

unliquidated and contingent claim against the Debtors. The Debtors will resolve the MDEP Claim during the course of their claims-resolution process. It will take time to resolve the MDEP Claim and, in any event, no payment would be owed to the MDEP until a reorganization plan has been confirmed. The Debtors' estates should not be deprived of the MDOR Tax Refund pending resolution of this process.

WHEREFORE, for the foregoing reasons, the Debtors respectfully object to the Massachusetts Department of Environmental Protection's Motion for Relief from Automatic Stay and Setoff and request this Court deny the Motion.

Dated: May __7__, 2004

        KIRKLAND & ELLIS LLP
        David M. Bernick, P.C.
        Janet S. Baer
        James W. Kapp III
        Samuel L. Blatnick
        200 East Randolph Drive
        Chicago, Illinois 60601
        (312) 861-2000

        - and -

        PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.

        _/s/ Laura Davis Jones_
        Laura Davis Jones (Bar No. 2436)
        David W. Carickhoff, Jr. (Bar No. 3715)
        919 North Market Street, 16th Floor
        P.O. Box 8705
        Wilmington, Delaware 19899-8705 (Courier 19801)
        Telephone: (302) 652-4100
        Facsimile:  (302) 652-4400

        Co-Counsel for the Debtors and Debtors in Possession