# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | **Objection Deadline: June 4, 2004 at 4:00 p.m.** |
| | ) | **Hearing Date: September 27, 2004 at 12:00 p.m.** |

## SUMMARY OF THE TWELFTH INTERIM QUARTERLY FEE APPLICATION OF REED SMITH LLP FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS SPECIAL ASBESTOS PRODUCTS LIABILITY DEFENSE COUNSEL TO W. R. GRACE & CO., ET AL., FOR THE INTERIM PERIOD FROM JANUARY 1, 2004 THROUGH MARCH 31, 2004

Name of Applicant: **REED SMITH LLP**

Authorized to Provide Professional Services to: **W. R. Grace & Co., et al., Debtors and Debtors-in-Possession**

Date of Retention: **Retention Order entered July 19, 2001, effective as of April 2, 2001.**

Period for which compensation and reimbursement is sought: **January 1, 2004 through March 31, 2004**

Amount of Compensation sought as actual, reasonable, and necessary: **$56,825.81[2]**

This is a: ___ monthly  **x** quarterly application.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] See the summary chart of fees and hours charged by Reed Smith LLP in this bankruptcy proceeding (attached hereto) for a description of the Firm's revision of the cumulative hours and fees charged in the "Fee Applications—Applicant" fee category

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| November 27, 2001 | 10/1 - 10/31/01 | $229,036.50 | $10,314.97 | Yes | Yes |
| December 26, 2001 | 11/1 - 11/30/01 | $216,703.50 | $22,667.19 | Yes | Yes |
| January 30, 2002 | 12/1 - 12/31/01 | $152,288.00 | $43,025.11 | Yes | Yes |
| March 1, 2002 | 1/1 – 1/31/02 | $152,389.50 | $45,525.87 | Yes | Yes |
| March 28, 2002 | 2/1 – 2/28/02 | $115,694.50 | $39,388.59 | Yes | Yes |
| May 2, 2002 | 3/1 – 3/31/02 | $95,617.50 | $49,224.63 | Yes | Yes |
| May 28, 2002 | 4/1 – 4/30/02 | $125,169.50 | $44,498.12 | Yes | Yes |
| July 1, 2002 | 5/1 – 5/31/02 | $186,811.50 | $88,641.73 | Yes | Yes |
| August 6, 2002 | 6/1 – 6/30/02 | $167,414.75 | $26,462.86 | Yes | Yes |
| September 9, 2002 | 7/1 – 7/31/02 | $113,523.25 | $7,897.17 | Yes | Yes |
| October 1, 2002 | 8/1 – 8/31/02 | $183,876.75 | $18,631.51 | Yes | Yes |
| November 1, 2002 | 9/1 – 9/30/02 | $205,975.00 | $12,810.65 | Yes | Yes |
| November 29, 2002 | 10/1 – 10/31/02 | $172,838.75 | $34,384.69 | Yes | Yes |
| December 30, 2002 | 11/1 – 11/30/02 | $115,576.00 | $12,630.85 | Yes | Yes |
| January 30, 2003 | 12/1 – 12/31/02 | $36,744.50 | $16,310.05 | Yes | Yes |
| March 6, 2003 | 1/1 – 1/31/03 | $123,884.00 | $3,760.28 | Yes | Yes |
| April 2, 2003 | 2/1 – 2/28/03 | $233,867.50 | $21,251.46 | Yes | Yes |
| May 7, 2003 | 3/1 – 3/31/03 | $124,350.00 | $30,380.42 | Yes | Yes |
| June 4, 2003 | 4/1-4/30/03 | $223,770.50 | $19,411.28 | Yes | Yes |
| July 2, 2003 | 5/1-5/31/03 | $190,688.00 | $22,397.08 | Yes | Yes |
| July 31, 2003 | 6/1-6/30/03 | $165,837.25 | $18,778.12 | Yes | Yes |
| August 29, 2003 | 7/1-7/31/03 | $202,033.50 | $13,132.57 | Yes | Yes |
| October 2, 2003 | 8/1-8/31/03 | $155,275.50 | $5,526.19 | Yes | Yes |
| October 28, 2003 | 9/1-9/30/03 | $32,877.00 | $5,836.88 | Yes | Yes |
| November 28, 2003 | 10/1-10/31/03 | $20,656.50 | $3,553.00 | Yes | Yes |
| December 29, 2003 | 11/1-11/30/03 | $16,642.50 | $352.73 | Yes | Yes |
| February 4, 2004 | 12/1-12/31/03 | $9,795.00 | $1,332.05 | Yes | Yes |
| March 10, 2004 | 1/1/04-1/31/04 | $21,531.00 | $85.71 | Yes | Yes |
| April 8, 2004 | 2/1/04-2/29/04 | $21,116.00 | $2,537.94 | Yes | Yes |
| May 6, 2004 | 3/1/04-3/31/04 | $11,113.00 | $442.16 | Pending | Pending |

With the exception of the Application for March 2004, Reed Smith has filed certificates of

no objection with the Court with respect to the above Applications because no objections were filed

2

with the Court within the objection period.  The objection deadline for the Monthly Application for fees and expenses incurred from March 1 through March 31, 2004 has not yet passed.

The Reed Smith attorneys who rendered professional services in these cases during the Fee Period are:[3]

| Name of Professional Person | Position with the applicant | Number of years as an attorney | Department | Hourly billing rate | Total billed hours | Total compensation |
|---|---|---|---|---|---|---|
| James J. Restivo, Jr. | Partner | 33 Years | Litigation | $495.00 | 6.40 | $3,168.00 |
| Lawrence E. Flatley | Partner | 28 Years | Litigation | $470.00 | 17.60 | $8,272.00 |
| Douglas E. Cameron | Partner | 19 Years | Litigation | $465.00 | 31.40 | $14,601.00 |
| James W. Bentz | Partner | 15 Years | Litigation | $370.00 | 58.80 | $21,756.00 |
| Richard A. Keuler | Associate | 4 Years | Litigation | $280.00 | 3.20 | $896.00 |
| Andrew J. Muha | Associate | 3 Years | Litigation | $235.00 | 11.60 | $2,726.00 |

The paraprofessionals who rendered professional service in these cases during the Fee Period are:

| Name of Professional Person | Position with the applicant | Number of years in position | Department | Hourly billing rate | Total billed hours | Total compensation |
|---|---|---|---|---|---|---|
| Maureen L. Atkinson | Paralegal | 27 Years | Litigation | $145.00 | 4.20 | $609.00 |
| John B. Lord | Paralegal | 11 Years | Litigation | $160.00 | 10.00 | $1,600.00 |
| Karen L. Hindman | Lit. Support | 3 Years | Litigation | $110.00 | 1.20 | $132.00 |

Total Fees:  $53,760.00

---

[3] Any capitalized terms not defined herein have the meaning ascribed to them in the Twelfth Interim Quarterly Application of Reed Smith LLP for Compensation for Services and Reimbursement of Expenses as Special Asbestos Products Liability Defense Counsel to W. R. Grace & Co., et al., for the Interim Period from January 1, 2004 through March 31, 2004.

## EXPENSE SUMMARY

| Description | Litigation and Litigation Consulting | ZAI Science Trial |
|---|---|---|
| Telephone Expense | $6.48 | $5.93 |
| Duplicating/Printing | $2,047.35 | $8.10 |
| Outside Duplicating | $1,462.39 | ---- |
| Postage Expense | $13.55 | $1.20 |
| Courier Service – Outside | $152.35 | ---- |
| Other Databases | $62.79 | ---- |
| Documentation Charge | $10.29 | ---- |
| Rail Travel | ---- | $27.00 |
| Taxi Expense | ---- | $152.78 |
| Mileage Expense | ---- | $22.50 |
| Transportation | ---- | $9.50 |
| Expense Advance | ($916.40) | ---- |
| SUBTOTAL | $2,838.80 | $227.01 |
| TOTAL | | $3,065.81 |

**Summary of Reed Smith LLP Hours/Fees for its Twelfth Interim Quarterly Fee Application**
**(January 1, 2004-March 31, 2004)**

| Category | Quarterly Hours<br><br>12th Quarterly | Quarterly Dollar Value<br><br>12th Quarterly | Cumulative Hours | Cumulative Dollar Value |
|---|---|---|---|---|
| Asbestos Product Liability Defense Counsel (Litigation and Litigation Consulting) | 92.50 | $34,920.50 | 9540.35 | $2,035,439.00 |
| Travel—Non-Working (1/2 Time) | 0.00 | $0.00 | 156.85 | $43,544.75 |
| Fee Applications--Applicant | 19.60 | $4,195.00 | 460.60* | $89,102.50* |
| Case Administration | 0.00 | $0.00 | 1.00 | $430.00 |
| Claim Analysis, Objection & Resolution (Asbestos) | 0.00 | $0.00 | 146.40 | $46,419.50 |
| ZAI Science Trial Fees | 32.30 | $14,644.50 | 9107.25 | $1,860,019.00 |
| Employment Applications—Applicant | 0.00 | $0.00 | 16.40 | $4,890.00 |
| Hearings | 0.00 | $0.00 | 113.00 | $42,068.50 |
| Expenses | N/A | $2,838.80 | N/A | $439,488.37 |
| ZAI Science Trial Expenses | N/A | $227.01 | N/A | $193,080.18 |

---

\*    Due to an error in Reed Smith LLP's Thirtieth Monthly Fee Application (for the monthly period from December 1 through December 31, 2003), the amounts of hours and fees charged for "Fee Applications— Applicant" for that monthly application (and the Eleventh Interim Quarterly Application for the Interim Period from October 1, 2003 through December 31, 2003) were overstated by 6.40 hours and $924.00. This error was addressed and resolved prior to any overpayment by the Debtors for the Thirtieth Monthly Interim Period. The cumulative amounts indicated on this chart reflect the correct amounts of hours and fees charged in the "Fee Applications—Applicant" category for the aforementioned periods and through the Twelfth Interim Quarterly Period.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | **Objection Deadline: June 7, 2004 at 4:00 p.m.** |
| | ) | **Hearing Date: September 27, 2004 at 12:00 p.m** |

## TWELFTH INTERIM QUARTERLY FEE APPLICATION OF REED SMITH LLP FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES ASSPECIAL ASBESTOS PRODUCTS LIABILITY DEFENSE COUNSEL TO W. R. GRACE & CO., ET AL., FOR THE INTERIM PERIOD FROM JANUARY 1, 2004 THROUGH MARCH 31, 2004

Pursuant to Sections 327, 330 and 331 of Title 11 of the United States Code (as amended, the "Bankruptcy Code"), Fed. R. Bankr. P. 2016, the Retention Order (as defined below), the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Professionals and Official Committee Members (the "Interim Compensation Order"), the Amended Administrative Order Under 11 U.S.C. §§1059(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Professionals and Official Committee Members (the "Amended Interim Compensation Order" and collectively with the Interim

---

[1]  The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Compensation Order, the "Compensation Order") and Del.Bankr.LR 2016-2, the law firm of Reed

Smith LLP ("Applicant" or "Reed Smith"), Special Asbestos Products Liability Defense Counsel for

the above-captioned debtors and debtors in possession (collectively, the "Debtors") in their chapter

11 cases, hereby applies for an order allowing it (i) compensation in the amount of $53,760.00 for

the reasonable and necessary legal services Reed Smith has rendered to the Debtors and (ii)

reimbursement for the actual and necessary expenses that Reed Smith has incurred in the amount of

$3,065.81 (the "Twelfth Interim Quarterly Fee Application"), for the interim quarterly period from

January 1, 2004, through March 31, 2004 (the "Fee Period"). In support of this Application, Reed

Smith respectfully states as follows:

**Background**

**Retention of Reed Smith**

      1.     On April 2, 2001 (the "Petition Date"), the Debtors each filed voluntary

petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").

On April 2, 2001, the Court entered an order procedurally consolidating the Chapter 11 Cases for

administrative purposes only. Since the Petition Date, the Debtors have continued to operate their

businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and

1108 of the Bankruptcy Code.

      2.     By this Court's order dated July 19, 2001, the Debtors were authorized to

retain Reed Smith as Special Asbestos Products Liability Defense Counsel, effective as of the

Petition Date (the "Retention Order"). The Retention Order authorizes the Debtors to compensate

Reed Smith at Reed Smith's hourly rates charged for services of this type and to be reimbursed for

2

actual and necessary out-of-pocket expenses that it incurred, subject to application to this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, all applicable local rules and orders of this Court. On May 3, 2001, this Court entered the Interim Compensation Order and entered the Amended Interim Compensation Order on April 17, 2002.

**Monthly Interim Fee Applications Covered Herein**

3. Pursuant to the procedures set forth in the Interim Compensation Order and the Amended Interim Compensation Order, professionals may apply for monthly compensation and reimbursement (each such application, a "Monthly Fee Application") subject to any objections lodged by the Notice Parties provided in the Compensation Order. If no objection is filed to a Monthly Fee Application within twenty (20) days after the date of service of the Monthly Fee Application, the applicable professional may submit to the Court a certification of no objection whereupon the Debtors are authorized to pay interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested.

4. Furthermore, and also pursuant to the Compensation Order, professionals are to file and serve upon the notice parties a quarterly request (a "Quarterly Fee Application") for interim Court approval and allowance of the Monthly Fee Applications filed during the quarter covered by that Quarterly Fee Application. If the Court grants the relief requested by the Quarterly Fee Application, the Debtors are authorized and directed to pay the professional 100% of the fees and expenses requested in the Monthly Fee Applications covered by that Quarterly Fee Application less any amounts previously paid in connection with the Monthly Fee Applications. Any payment

made pursuant to the Monthly Fee Applications or a Quarterly Fee Application is subject to final

approval of all fees and expenses at a hearing on the professional's final fee application.

5.      This is the Twelfth Interim Quarterly Fee Application for compensation for

services rendered that Reed Smith has filed with the Bankruptcy Court in connection with the

Chapter 11 cases.

6.      Reed Smith has filed the following Monthly Fee Applications for interim

compensation during this Fee Period:

> 1.      Application of Reed Smith LLP for Compensation for Services and Reimbursement of Expenses as Special Asbestos Products Liability Defense Counsel to Debtors, for the Thirty-First Monthly Interim Period From January 1, 2004 Through January 31, 2004, filed March 11, 2004, (the "January Fee Application") attached hereto as Exhibit A.

> 2.      Application of Reed Smith LLP for Compensation for Services and Reimbursement of Expenses as Special Asbestos Products Liability Defense Counsel to Debtors, for the Thirty-Second Monthly Interim Period From February 1, 2004 Through February 29, 2004, filed April 8, 2004, (the "February Fee Application") attached hereto as Exhibit B.

> 3.      Application of Reed Smith LLP for Compensation for Services and Reimbursement of Expenses as Special Asbestos Products Liability Defense Counsel to Debtors, for the Thirty-Third Monthly Interim Period From March 1, 2004 Through March 31, 2004, filed May 6, 2004, (the "March Fee Application") attached hereto as Exhibit C (collectively, the January Application, the February Application and the March Application are the "Applications").

7.      The periods for objecting to the fees and expense reimbursement requested

in the January and February Fee Applications passed without any objections being filed, whereupon

Reed Smith filed certificates of no objection with the Court and was paid interim compensation and

4

reimbursement of 80% of the fees and 100% of the expenses requested in the January and February

Fee Applications. The period for objecting to the fees and expense reimbursement requested in the

March Fee Application has not yet expired.

        8.     During the Fee Period, Reed Smith has advised and represented the Debtors

in connection with the Asbestos Products Liability Actions and has performed various professional

services that are described in the Applications.

## Requested Relief

        9.     By this Twelfth Interim Quarterly Fee Application, Reed Smith requests that

the Court approve the interim allowance of compensation for professional services rendered and the

reimbursement of actual and necessary expenses incurred by Reed Smith for the Fee Period as

detailed in the Applications, less any amounts previously paid to Reed Smith pursuant to the

Applications and the procedures set forth in the Compensation Order.[2] As stated above, the full

scope of services provided and the related expenses incurred are fully described in the Applications,

which are attached hereto as Exhibits A through C.

## Disinterestedness

        10.    As disclosed in the Affidavit of James J. Restivo, Jr. in Support of the

Application of the Debtors to employ Reed Smith LLP as Special Defense Counsel for the Debtors

in Asbestos Product Liability Actions, (the "Restivo Affidavit"), filed July 2, 2001, Reed Smith does

not hold or represent any interest adverse to the estates, and is a disinterested person as that term is

---

[2] Reed Smith reserves the right to seek at a later date compensation for services rendered and reimbursement for
expenses incurred during the Fee Period that are not otherwise included in the relevant Applications.

defined in section 101(14) of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code.

11.    Reed Smith may have in the past represented, may currently represent, and likely in the future will represent parties-in-interest in connection with matters unrelated to the Debtors and the Chapter 11 Cases.  Reed Smith disclosed in the Restivo Affidavit its connections to parties-in-interest that it has been able to ascertain using its reasonable efforts.  Reed Smith will update the Restivo Affidavit when necessary and when Reed Smith becomes aware of any material new information.

## Representations

12.    Reed Smith believes that the Application is in compliance with the requirements of Del.Bankr.LR 2016-2.

13.    Reed Smith performed the services for which it is seeking compensation on behalf of or for the Debtors and their estates, and not on behalf of any committee, creditor or other person.

14.    During the Fee Period, Reed Smith has received no payment, nor has it received any promises for payment, from any source for services rendered or to be rendered in any capacity whatsoever in connection with these Chapter 11 cases.

15.    Pursuant to Fed. R. Bank. P. 2016(b), Reed Smith has not shared, nor has agreed to share, (a) any compensation it has received or may receive with another party or person other than with the partners, counsel and associates of Reed Smith, or (b) any compensation another person or party has received or may receive in connection with the Chapter 11 cases.

16.     Although every effort has been made to include all fees and expenses from the Fee Period in the Applications, some fees and expenses from the Fee Period might not be included in the Applications due to accounting and processing delays. Reed Smith reserves the right to make further application to the Court for allowance of fees and expenses for the Fee Period not included herein.

WHEREFORE, Reed Smith respectfully requests that the Court enter an order, substantially in the form attached hereto, providing (a) that, for the Fee Period, an administrative allowance be made to Reed Smith (i) in the sum of $53,760.00 as compensation for reasonable and necessary professional services rendered to the Debtors and (ii) in the sum of $3,065.81 for reimbursement of actual and necessary costs and expenses incurred (for a total of $56,825.81), (b) that the Debtors be authorized and directed to pay to Reed Smith the outstanding amount of such sums less any sums previously paid to Reed Smith pursuant to the Applications and the procedures set forth in the Compensation Order and (c) that this Court grant such further relief as is equitable and just.

Wilmington, Delaware
Dated:  May 14, 2004

Respectfully submitted,

REED SMITH LLP

By: /s/ Kurt F. Gwynne
        Kurt F. Gwynne (No. 3951)
        1201 Market Street, Suite 1500
        Wilmington, DE  19801
        Telephone:  (302) 778-7500
        Facsimile:  (302) 778-7575
        E-mail: kgwynne@reedsmith.com

and

James J. Restivo, Jr., Esquire
Lawrence E. Flatley, Esquire
Douglas E. Cameron, Esquire
435 Sixth Avenue
Pittsburgh, PA  15219
Telephone:  (412) 288-3131
Facsimile:  (412) 288-3063

Special Asbestos Products Liability
Defense Counsel