IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| W.R. GRACE & CO., | : | |
| et al., | : | |
| Debtors. | : | Bankruptcy No.  01-1139 (JKF) |
| | : | Jointly Administered |

**Hearing Date: May 24, 2004 at Noon**

**UNITED STATES TRUSTEE'S STATEMENT REGARDING APPLICATION OF THE
DEBTORS FOR THE APPOINTMENT OF A LEGAL REPRESENTATIVE FOR
FUTURE ASBESTOS CLAIMANTS (Dkt. No. 5460)**

Roberta A. DeAngelis, the Acting United States Trustee ("UST") for this District, by and

through her counsel, submits the following statement with respect to the Application of the

Debtors for the Appointment of a Legal Representative for Future Asbestos Claimants (the

"Application").  Although, as indicated below, the UST does not intend to take a position

regarding the selection of a legal representative for future claims from among the candidates

proposed, the UST believes it is necessary to respond to the statements made by certain objectors

to the Application, including the proposal that the UST be directed to make the appointment.

<u>Background</u>

1.      Pursuant to 28 U.S.C. § 586 , the UST is charged with the administrative

oversight of cases commenced pursuant to Title 11, United States Code.

2.      Pursuant to 11 U.S.C. § 307 the UST has standing to be heard.

3.       On or about April 19, 2004, the Debtors filed the Application, seeking to appoint a Legal Representative for Future Claimants ("Futures Representative") to fulfill the functions envisioned under section 524(g)(4)(B) of the Bankruptcy Code.

4.       In the Application, the Debtors did not propose a single candidate for appointment as Futures Representative.  Rather, Debtors indicated that they would be willing to accept the appointment of David T. Austern, Dean M. Trafelet or Eric D. Green as Futures Representative. The Application recites that Debtors have not been able to obtain a consensus among the various constituencies in the case as to a single candidate.  Accompanying the Application is a matrix setting forth the positions of various constituencies for or against selection of each of the three candidates.

<u>The United States Trustee Has No Objection to Appointment<br>of Any One of the Three Candidates</u>

5.       The UST has no objection to appointment of any of the three candidates and does not intend in this Statement to express any preference for one over the others.  Each of them has previously been found by this Court to be eligible and qualified to act as Futures Representative in one or more other cases.

6.       The Official Committee of Unsecured Creditors and insurers Royal, Sun Alliance and Federal (the "Objecting Insurers") have filed objections to the Application suggesting that Messrs. Trafelet and Green have a conflict because they are acting as Futures Representatives in other cases and will be disabled from taking positions in this case contrary to those taken in other cases.  The UST does not believe that the objectors have adequately explained why representing the same interest in more than one case would constitute a conflict.  Nothing in the Application

or in the objections suggests that any of the candidates are representing interests in this or any other case that conflict with the interests of future claimants – thus distinguishing this application from the Debtors' previous application to appoint Mr. Hamlin, who was serving in a conflicting role.  Nor do the objectors identify any positions that the candidates have taken in the other cases that would restrict their ability to advocate zealously for the interests of future claimants in this case.[1]

**The United States Trustee Lacks Statutory Authority
to Appoint the Futures Representative**

7.      The Objecting Insurers propose that the UST designate the Futures Representative, asserting that the UST's involvement in the process will ensure impartiality.  *See* Objecting Insurers' Memorandum of Law at 37.  The UST must respectfully decline this invitation, and requests that the Court not order the UST to make the appointment, because the UST lacks statutory authority to select the Futures Representative.

8.      The Objecting Insurers assert that the UST is "an official whose office was created precisely to handle appointive matters of this kind."  *Id.*  However, the "appointive" powers of the UST are specifically enumerated under the Bankruptcy Code and 28 U.S.C. §586, and they do not include the appointment of Futures Representatives.  Pursuant to 28 U.S.C. §§586(a)(1) and 586(b), the UST has the power to appoint a panel of chapter 7 trustees, as well as chapter 12 and 13 standing trustees.  Pursuant to 11 U.S.C. §§701(a), 703(b) and 703(c), the UST is authorized to appoint interim trustees in chapter 7 cases.  Under section 1102(a), the UST is authorized to appoint committees of creditors and equity security holders.  Finally, pursuant to

---

[1]      Therefore, the UST disagrees with the suggestion of the objecting insurers that only persons who have never served as a future claims representative may be considered.

section 1104(d), if the court orders the appointment of a trustee or an examiner in a chapter 11

case, the UST makes the appointment, subject to the court's approval.

9.      In contrast, the only statutory reference to the appointment of a Futures

Representative, 11 U.S.C. §524(g)(4)(B), states that an injunction of the type described in

subsection 524(g)(1) is valid and enforceable against holders of future demands if "as part of the

proceedings leading to issuance of such injunction, the court appoints a legal representative for

the purpose of protecting the rights of persons that might subsequently assert demands of such

kind" (emphasis added).  The statutory language is inconsistent with the Objecting Insurers'

assertion that section 524(g) was intended to codify the UST's power to appoint as occurred in

the *UNR* case.  Rather, the plain language of the statute reserves the right and power to appoint

the Futures Representative to the court.

10.      The Objecting Insurers also cite a statement in a law review article to the effect

that the Futures Representative "should be selected" by the UST.  Alan N. Resnick, *Bankruptcy

as a Vehicle for Resolving Enterprise-Threatening Mass Tort Liability*, 148 U.Pa.L.Rev. 2045,

2080 (2000).  However, the quoted passage appears in a list of proposed legislative changes that

Professor Resnick recommends to improve the handling of mass tort bankruptcies.  Thus, the

article does not lend support to the proposition that the UST currently possesses such authority.

<u>Defining the Futures Representative's Constituency</u>

11.      Much of the Objecting Insurers' Memorandum of Law is devoted to a discussion

of what should constitute a cognizable asbestos personal injury claim.  The Objecting Insurers

advocate that this Court should adopt a uniform federal rule that a compensable asbestos injury

claim arises only upon manifestation of a functional impairment.  Therefore, in the Objecting

-4-

Insurers' view, "unimpaired" claimants should be reclassified to, at most, holders of future demands.

12.    The UST will not herein express a position on the merits of the Objecting Insurers' argument as to what constitutes a cognizable claim.  While this issue is important, and may need to be addressed at some point in the case, it should be decided on an appropriate record with a full opportunity for all parties to be heard.  It was not raised by Debtors' Application and does not need to be decided now in order to define adequately the Futures Representative's constituency.

13.    Rather, the constituency of the Futures Representative should be defined simply in a manner that is consistent with the Code and does not place the Futures Representative in the position of representing conflicting interests.  The Futures Representative cannot represent holders of present claims in the case because that would create a conflict of interest.  Thus, the simplest and most appropriate definition of the Futures Representative's constituency is that he represents the interests of persons that might subsequently assert demands of the kind described in section 524(g)(2)(B)(ii) of the Bankruptcy Code but in no event including the interests of the holders of "claims" as defined in section 101(5).  Thus, the Order appointing the Futures Representative will define his constituency as the potential holders of future demands, but not the holders of present claims -- whatever the dividing line between the two is determined to be.

WHEREFORE, the UST respectfully prays this Honorable Court to enter an Order on the Application which is consistent with the foregoing, and for such other relief at law and in equity as this Honorable Court may deem to be proper.

Respectfully submitted,

**ROBERTA A. DeANGELIS
ACTING UNITED STATES TRUSTEE**


BY: **/s/ Frank J. Perch, III**
    Frank J. Perch, III, Esquire
    Assistant United States Trustee
    J. Caleb Boggs Federal Building
    844 King Street, Room 2207, Lockbox 35
    Wilmington, DE  19801
    (302) 573-6491
    (302) 573-6497 (Fax)


DATED: May 14, 2004