ORIGINAL

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

In re:                                        )        Chapter 11
                                              )
W.R. GRACE & CO., et al.                      )        Case No. 01-01139 (JKF)
                                              )
                                              )        Jointly Administered
                    Debtors.                  )
_____)

### OPPOSITION OF THE ORANGE COUNTY TREASURER-TAX COLLECTOR TO DEBTORS' THIRD OMNIBUS OBJECTION TO CLAIMS

John M.W. Moorlach, the Treasurer-Tax Collector for the County of Orange,

California ("County"), respectfully submits the following opposition to Debtors' Third

Omnibus Objection to Claims ("Objection"). Said Objection is based on the following

points and authorities, the Declaration of Ana De La Torre, and any other evidence or

argument that may be produced at hearing.

### POINTS AND AUTHORITIES

1.      Debtors filed their bankruptcy petitions on April 2, 2001.

2.      On April 22, 2002, the Court entered an order titled, "Order as to All Non-

Asbestos Claims, Asbestos Property Damage Claims, and Medical Monitoring Claims:

(I) Establishing Bar Date, (II) Approving Proof of Claim Forms and (III) Approving

Notice Program" (hereinafter "Bar Date Order") establishing the bar date of March 31,

2003 for the filing of non-asbestos claims against the Debtors.

3.      On April 26, 2002, Patricia E. Cuniff of Pachulski, Stang, Ziehl, Young &

Jones filed an "Affidavit of Service" declaring to whom she served copies of the Bar

Date Order. The County is not listed on Ms. Cuniff's affidavit.

4.     The County did not learn of the Debtors' bankruptcy until it received a letter from Dewa Mahendra on March 31, 2003. *See*, Declaration of Mike Clairmont, at ¶ 2, 3.

5.     On April 1, 2003, the County completed and mailed a Proof of Claim (Claim No. 15314) for unpaid property taxes of $26,918.96. *See*, Declaration of Ratna Butani, at ¶ 7. Claim No. 15314 is an unsecured priority claim under 11 U.S.C. section 507[1] for taxes owed on Debtors' property within Orange County as of January 1, 2002. *Id.* The Clerk of this Court filed Claim No. 15314 on April 7, 2003. *Id.*

6.     On May 16, 2003, the County amended Claim No. 15314 by completing and mailing a Proof of Claim (Claim No. 15317) for unpaid property taxes of $27,053.18. *See*, Declaration of Ratna Butani, at ¶ 8. Claim No. 15317 is an unsecured priority claim under 11 U.S.C. section 507 for the amount of taxes then owed on Debtors' property within Orange County as of January 1, 2002. *Id.* The Clerk of this Court filed Claim No. 15318 on May 22, 2003. *Id.*

7.     On October 17, 2003, the County amended Claim No. 15317 by completing and mailing a Proof of Claim (Claim No. 15357) for unpaid property taxes of $22,774.20. *See*, Declaration of Ratna Butani, at ¶ 8. Claim No. 15357 is an unsecured priority claim under 11 U.S.C. section 507 for the amount of taxes then owed on Debtors' property within Orange County as of January 1, 2002. *Id.* The Clerk of this Court filed Claim No. 15357 on October 20, 2003. *Id.*

8.     Debtors have objected to the County claims on the following grounds:

    a.     Claim No. 15314 was filed after the bar date.

    b.     Claim No. 15318 was filed after the bar date.

      c.     Claim No. 15318 is a duplicate of Claim No. 15317.

      d.     Claim No. 15357 was filed after the bar date.

9.     The County has no record of Claim No. 15318. *See,* Declaration of Ratna Butani, at ¶ 7. The County did not file a claim on or about June 6, 2003. *Id.* This claim appears to be a duplicate of Claim No. 15317, which was filed on May 22, 2003. The County has no objection to Claim No. 15317 being expunged, so long as Claim No. 15318, as amended by Claim No. 15357, survives and is allowed.

10.    The County filed its claims under Fed. R. Bankr. P. 3001 for taxes Debtors incurred under the California Revenue and Taxation Code. The claims are presumptively valid, "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity of the amount of the claim." Fed. R. Bankr. P. 3001(f). "The Government, in support of its claim, met its initial burden of going forward by introducing the delinquent assessment and proof of claim." *Solari Furs v. United States,* 436 F.2d 683, 685 (8th Cir. 1971). Valid claims are deemed allowed unless an interested party objects. 11 U.S.C. § 502; *Barrows v. IRS,* 231 B.R. 446, 449 (Bankr. D. N.H. 1998).

11.    The Tax Collector did not learn of the Debtors' bankruptcy until March 31, 2003. *See,* Butani Declaration, at ¶ 5-6. Further, the Bar Date Order was not served on the County. Where a government agency was not properly notified of a debtor's bankruptcy, the Court has equitable power to allow a late-filed claim. *See, In re Divco Philadelphia Sales Corp.,* 60 B.R. 323 (Bankr. E.D. Pa. 1986), and *In re H. & C. Table Co.,* 457 F. Supp. 858 (W.D. Tenn. 1978).

//

---

[1] All statutory references are to the Bankruptcy Code unless otherwise noted.

12.     The Court's exercise of its equitable powers is particularly warranted in
this case. The County was not notified of the bankruptcy until the day of the actual bar
date. The County completed and mailed its first formal claim, Claim No. 15314, the day
after it was notified of the bankruptcy. The clerk of the Court filed Claim No. 15314 on
April 7, 2004, a week after the bar date. The County was diligent in presenting its formal
claim immediately after it learned of the Debtors' bankruptcy.

13.     In addition to its formal claims, the County billed Debtors' informing
them of their tax liabilities. *See, e.g.,* Declaration of Mike Clairmont, at ¶ 2. These bills
should be treated as informal proofs of claim. *See, In re Franciscan Vineyards, Inc.,* 597
F.2d 181 (9th Cir. 1979). The bills provided notice to Debtors similar to that found in
Official Form 10, including: the claimant's identity (i.e. the County), the basis for claim
(unsecured taxes), date of accrual of liability (2002 tax year), location of property taxed,
tax collector reference number, and amount of liability.

14.     Whether by formal claim or informal claims, the County provided timely
notice to the Debtors of their tax liabilities. County amended these timely claims with
amended claims, specifically, Claim Nos. 15317, 15318, and 15357. Amendments to
timely filed claims are liberally allowed. *See, In re Metro Transp. Co.,* 117 B.R. 143, 147
(Bankr. E.D. Pa. 1990). The "Rule of Liberality" is limited, however, to amendments
that are based on the same factual background as the original filing. *See, In re Blue Coal
Corp.,* 166 B.R. 816, 822 (Bankr. M.D. Pa. 1993).

15.     The County's amended claims all relate to the 2002 tax bills previously
sent to Debtors and incorporated into the County's original formal claim, Claim No.
15314. The County did not add new tax years in its amended claims. Instead, the

amended claims reflected payments received and adjustments to previously claimed tax

bills.

16.    Even if the Court were to find that the County's amended claims did not

arise out of the same factual background as the original claim, equity demands the

allowance of the County's amended claims.  The standard for allowing an amended claim

on equitable grounds was summarized in *In re Brown*, 159 B.R. 710, 715-716 (Bankr. D.

N.J. 1993):

> Where the proposed amendment is more that
> just a correction of an error or involves
> something beyond the original claim, courts
> will generally apply an equitable test to
> determine whether to allow the amendment
> anyway. Authority for this equitable test is
> based on the broad equitable powers of the
> bankruptcy court. Courts generally consider
> the following questions under this test:
>
> (1) whether the debtors and creditors relied on
> the earlier proofs of claim or had reason to
> know that subsequent proofs of claim would
> be filed;
>
> (2) whether other creditors would receive a
> windfall if the court refused to allow the
> amendment;
>
> (3) whether the creditor intentionally or
> negligently delayed in filing the proof of
> claim;
>
> (4) the justification for the failure of the
> creditor to seek an extension of the bar date;
> and
>
> (5) whether equity requires consideration of
> other facts and circumstances.
> (citations and note omitted).

17.     Under the standards summarized in *Brown*, the County's amended claims should be allowed because the evidence establishes creditors will not be prejudiced by the allowance of the County's good faith claims.

18.     The most important element in this analysis (according to *Brown*) is whether any other parties would be prejudiced by the allowance of the post-bar date claim. *Id.*, at 716. In its Objection, the Debtors fail to provide any evidence that they or creditors will be prejudiced by the allowance of the County's amended claims. The County's final amended claim, Claim No. 15357, is more than $4,000 less than its original claim, Claim No. 15314. In a reorganization as large as that in the case at bar, it is difficult to imagine that creditors will be prejudiced by a government claim that is less than the amount of the original claim.

19.     Although not the most important basis for the County's response to Debtors' Objection, the County believes creditors will receive a windfall if the County's amended claims are disallowed. "Windfall" is defined as "an unexpected or sudden gain or advantage." Webster's Ninth New Collegiate Dictionary, p. 1351 (1987). Certainly disallowing the County's amended claims would be an unexpected advantage for creditors. Creditors should have been alerted in the Debtors' schedules and disclosure statement of the full extent of Debtors' liabilities, including taxes. Debtors, as businesses operating in Orange County, knew or should have known of their tax liability under California law. These entities, therefore, should have been constructively on notice that the Debtors' owed the County the delinquent taxes itemized in the amended claims. The disallowance of those claims would be an unexpected advantage for the creditors.

20. As established in the Declaration, the County did not file a formal proof of claim by the Bar Date because of a lack of notice. As soon as the County became aware of the Debtors' bankruptcy, the County filed its claim.

21. The County's explanation for the filing of the original claim a week after the Bar Date also explains the rationale for the County not seeking an extension of the bar date. At the time of the Bar Date, the County did not know of the Bar Date. It was only notified of the fact of Debtors' bankruptcy.

22. The most important reason to allow the County's amended claims, however, may be equity. The County in good faith amended its original proof of claim to conform to the state of Debtors' tax delinquency. Throughout the County's involvement in this proceeding, the County has acted in good faith to represent a full and accurate accounting for the Debtors' tax liability. Its citizens should not be punished because other taxpayers, namely, the Debtors, failed to pay their taxes on time. There has been no showing of any prejudice to the other creditors in this matter. Equity would be best served by allowing the County's amended claims.

23. If this Court deems the County's amended claims as new claims, rather than as amendments to the original claim, the County respectfully requests this Court extend the time for filing its claim under Fed. R. Bankr. Proc. 9006(b)(1). Under that rule, this Court has the discretion to extend the bar date to allow a proof of claim to be filed where the failure to file such a claim within the regularly proscribed period was due to the movant's excusable neglect. *Brown*, at 717. The County's failure to file a formal proof of claim by the Bar Date was due to Debtors' neglect, not County's. Nonetheless,

County urges the Court to exercise its equitable powers and allow the amended claims as timely filed claims.

24.     The County is well aware of Debtors' concerns in completing it plan of reorganization.  As an entity that has been given the protection of the Bankruptcy Court, the County appreciates the importance of having all claims against the bankruptcy estate determined at the earliest possible moment.  What must also be recognized, however, is that creditors, such as the County, must be afforded the opportunity to file claims as soon as they become aware of the bankruptcy, notwithstanding the Bar Date.  Upon discovery of the Debtors' bankruptcy, the County filed its formal claim.  The County amended that claim to correct the amount due under the same factual circumstances (i.e. the 2002 tax bills) as found in the original claim.  Equity dictates Debtors should not be allowed to rely on technicalities to escape their civic responsibility of redeeming their tax delinquencies.  The County filed valid claims that are properly classified as priority tax claims.  The claims should be allowed in full.

Dated:  May 12, 2004
        Santa Ana, California


BENJAMIN P. de MAYO, COUNTY COUNSEL
and JAMES C. HARMAN, DEPUTY



By_____
    James C. Harman, Deputy
    10 Civic Center Plaza
    P.O. Box 1379
    Santa Ana, California 92701
    Phone: (714) 834-5257
    Fax:    (714) 834-2359

**PROOF OF SERVICE**

I do hereby declare that I am a citizen of the United States employed in the County of Orange, over 18 years old and that my business address is 10 Civic Center Plaza, 4th Floor, Santa Ana, California 92701. I am not a party to the within action.

On May 12, 2004 I served the foregoing **OPPOSITION OF THE ORANGE COUNTY TREASURER-TAX COLLECTOR TO DEBTORS' THIRD OMNIBUS OBJECTION TO CLAIMS** on all other parties to this/ action by placing a true copy of said document in a sealed envelope in the following manner:

[X]    (BY U.S. MAIL) I placed such envelope(s) addressed as shown below for collection and mailing at Santa Ana, California, following our ordinary business practices. I am readily familiar with this office's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

[]    (BY AIRBORNE EXPRESS) I placed such envelope(s) addressed as shown below for collection and delivery by Airborne Express with delivery fees paid or provided for in accordance with this office's practice. I am readily familiar with this office's practice for processing correspondence for delivery the following day by Airborne Express.

[]    (BY FACSIMILE) I caused such document to be telefaxed to the addressee(s) and number(s) shown below, wherein such telefax is transmitted that same day in the ordinary course of business.

[]    (BY PERSONAL SERVICE) I caused such envelope(s) to be hand-delivered to the addressee(s) shown below.

[X]    (STATE) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[]    (FEDERAL) I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Patricia Gary

**NAME AND ADDRESS TO WHOM SERVICE WAS MADE**

**SEE ATTACHED SERVICE LIST**

-1-

**PROOF OF SERVICE**

1

## Service list

2

3   Clerk of the U.S. Bankruptcy Court
4   Sixth Floor
    824 Market Street
5   Wilmington, Delaware 19801

6   Kirkland & Ellis LLP
    Attn:  Rachel R. Schulman
7   200 East Randolph Drive
    Suite 6500
8   Chicago, Illinois 60601

9
    Pachulski, Stang, Ziehl, Young,
10     Jones & Weintrub P.C.
    Attn:  David W. Carickhoff, Jr.
11  919 N. Market Street, 16th Floor
    P.O. Box 8705
12  Wilmington, Delaware 19899-8705 (Courier 19801)

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**