IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| In re | * Chapter 11 |
| | * Case No. 01-01139 (JKF) |
| W.R. GRACE & CO., *et al.*, | * Jointly Administered |
| | * |
| | * Hearing Date: May 24, 2004 at 12:00 p.m. |
| Debtor. | * Related Main Case Docket Nos. 5424 and 5455 |
| | * Adversary Docket Nos. 195 and 199 |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**LIBBY CLAIMANTS' RESPONSE TO OBJECTIONS TO MOTION FOR RELIEF
FROM AUTOMATIC STAY AND PRELIMINARY INJUNCTION TO
TAKE PERPETUATION DEPOSITIONS[1]**

Claimants injured by exposure to tremolite asbestos from the Debtors' operations in and near Libby, Montana[2] (the "Libby Claimants"), by and through their counsel, McGarvey, Heberling, Sullivan & McGarvey, P.C.; Cohn Khoury Madoff & Whitesell LLP; and Landis Rath & Cobb LLP, hereby submit this response to: (i) Debtors' Response in Objection to Libby Claimants' Motion for Relief from the Automatic Stay and Preliminary Injunction to Take Perpetuation Depositions dated April 30, 2004 (the "Debtors' Objection") [Adversary Docket No. 199], (ii) Maryland Casualty Company's Conditional Objection to Libby Claimants' Motion for Relief from the Automatic Stay and Preliminary Injunction to Take Perpetuation Depositions dated April 19, 2004 (the "Maryland Casualty Objection") [Main Case Docket No. 5455], and (iii) Objection of Continental Casualty Company to the Libby Claimants' Motions Requesting an Order (i) Deferring or Staying Entry of an Order on Debtors' Motion for Contempt of Court, and

---

[1] An identical pleading is being filed contemporaneously in Adversary Proceeding No. A-01-771 because relief is being sought from the Preliminary Injunction (as defined in the Motion) as well as from the automatic stay.

[2] As identified in the Verified Statement of Cohn Khoury Madoff & Whitesell LLP and Landis Rath & Cobb LLP Pursuant to Fed. R. Bankr. P. 2019 [Docket No. 4807] filed in Case No. 01-01139 (JFK), as it may be amended and supplemented from time to time.

(ii) Seeking Relief from the Automatic Stay and Injunction dated April 19, 2004 (the "CNA Objection") [Adversary Docket No. 195].

## Introduction

1. Much of the Debtors' Objection is a transparent attempt to distract the Court from the single point of the Libby Claimants' Motion for Relief From Automatic Stay and Preliminary Injunction to Take Perpetuation Depositions dated April 8, 2004 (the "Motion") [Docket No. 5424], which is that it is necessary to perpetuate testimony of Libby Claimants who are barred by the automatic stay under Section 362 of the Bankruptcy Code and by the Preliminary Injunction[3] from commencing or continuing litigation against the Debtors and the parties protected by the Preliminary Injunction (the "Bankruptcy Protected Parties"), and to assure that such testimony may be used for the purpose of establishing claims against the Debtors and the Bankruptcy Protected Parties to the full extent provided by applicable non-bankruptcy law notwithstanding the automatic stay and Preliminary Injunction. In light of this Court's directive, perpetuation depositions should proceed without further delay and with the cooperation of the Debtors.

## I.  Perpetuation Depositions Are Necessary

2. Perpetuation depositions are taken to prevent a failure or delay of justice by preserving and registering testimony which would otherwise be lost before the matter to which it relates can be made ripe for judicial determination. See Ash v. Cort, 512 F.2d 909, 912 (3d Cir. 1975). In this case, so long as the automatic stay and Preliminary Injunction act to stay the Libby Claimants' claims from proceeding, a significant risk exists that seriously ill Libby Claimants will be unavailable to testify at the time of trial. To alleviate the risk, the Libby Claimants submit that perpetuation depositions are necessary.

---

[3] All capitalized terms shall have the definitions provided to them in the Motion unless otherwise defined herein.

2

3.      Prior to the Debtors having filed bankruptcy, the Libby Claimants took numerous perpetuation depositions of clients with severe end stage asbestos disease. See Affidavit of Jon L. Heberling ("Heberling Aff.") at ¶ 2 (a copy of which is attached hereto as Exhibit A). The perpetuation depositions were done in Montana state courts pursuant to Rule 27 of the Montana Rules of Civil Procedure (identical to Rule 27 of the Federal Rules of Civil Procedure), with excellent cooperation of counsel for the Debtors. Id. No motion to the state court was necessary. Id.

4.      In recent months, cooperation of Debtors' counsel concerning perpetuation depositions has been non-existent. The events surrounding the Libby Claimants' request to take perpetuation depositions during the Chapter 11 cases began with a discussion in open court on September 22, 2003. At that hearing, this Court stated:

> If there's somebody dying get the deposition scheduled and do it, and you have relief from the injunction to the extent that it's in effect in any event to do that, so that at least the testimony is preserved.

Transcript of Hearing of September 22, 2003, In re W.R. Grace & Co., Inc., Case No. 01-01139 (JKF), Tr. 34:9-13.

5.      Shortly thereafter, the Libby Claimants began the process with a deposition already taken in Montana Workers' Compensation Court proceedings. On October 15, 2003, Jon L. Heberling, counsel to the Libby Claimants, sent a letter to Janet S. Baer, counsel to the Debtors, which enclosed a copy of the perpetuation deposition of Ruben Fellenberg (the "Fellenberg Perpetuation Deposition") (a copy of the letter is attached hereto as Exhibit B). In his letter, Mr. Heberling explicitly stated that the Libby Claimants' position "for the Proof of Claim will be that the occupational disease deposition is sufficient." See Exhibit B. The letter further states that "[i]f the [Debtors] do not agree with this position, please let me know. If you

3

wish to take [Mr. Fellenberg's] deposition for the bankruptcy proceedings, we will make arrangements." Id. The Libby Claimants received no response from the Debtors to the October 15, 2003 letter. The Debtors do not deny they received the letter. In fact, the October 15, 2003 letter was referenced in Libby Claimants' subsequent letter of April 15, 2004, which was attached to the Debtors' Objection. See Debtors' Objection, Exhibit C.

6.   On November 10, 2003, Laurie Wallace, co-counsel to certain of the Libby Claimants, sent notices of the depositions of Rodney Erickson and Louie O'Brien in Montana Workers' Compensation Court proceedings to counsel to the Debtors, Maryland Casualty Company ("Maryland Casualty"), the State of Montana, and Burlington North Santa Fe ("BNSF"), co-defendants in Mr. Erickson's and Mr. O'Brien's cases (copies of the notices are attached hereto as Exhibit C). The Libby Claimants received no response to these notices from counsel to the Debtors or Maryland Casualty. On December 1, 2003, counsel to the State of Montana and BNSF appeared at the depositions of Mr. Erickson and Mr. O'Brien (the "December Perpetuation Depositions"), but counsel to the Debtors and Maryland Casualty did not.

7.   On December 11, 2003, Daniel C. Cohn, bankruptcy counsel to the Libby Claimants, contacted Ms. Baer to discuss the December Perpetuation Depositions. Ms. Baer stated that she recalled receiving the November 10, 2003 notices, and believed that she might have referred them to the Debtors' local counsel. In any event, Ms. Baer told Mr. Cohn that she did not recognize that Mr. Erickson and Mr. O'Brien were asserting asbestos claims against the Debtors and Maryland Casualty. Mr. Cohn and Ms. Baer agreed that the Libby Claimants would (a) supply the Debtors with the December Perpetuation Depositions transcripts, and (b) identify the lawsuit(s) of which the deponents are a part. Ms. Baer stated she would determine whether

4

the Debtors would request that the December Perpetuation Depositions be reopened. On December 19, 2003, Mr. Heberling sent letters to Debtors' and Maryland Casualty's counsel, enclosing copies of the December Perpetuation Deposition transcripts[4] and inviting each to reopen the depositions for cross-examination (copies of the letters are attached hereto as Exhibit D). On March 4, 2004, Mr. Heberling again invited Debtors' and Maryland Casualty's counsel to further examine Mr. Erickson and Mr. O'Brien (copies of the letters are attached hereto as Exhibit E). Counsel to the Debtors has replied that the Debtors do not wish to reopen the December Perpetuation Depositions, but no response has been received from counsel to Maryland Casualty to date.

8.  On April 8, 2004, the Motion was filed. In order to preserve the testimony of Libby Claimants who are, or who become during the course of the Debtors' case, seriously ill, the Motion seeks: (a) relief from the automatic stay and the Preliminary Injunction to proceed with the perpetuation depositions of Irving Ball, Merritt Dutton, Edna Oikle, Claude Paul and Shirley Taylor-Regjovich (the "Immediate Perpetuation Depositions"); (b) retroactive relief from the automatic stay and Preliminary Injunction for the December Perpetuation Depositions; and (c) relief from the automatic stay and Preliminary Injunction to take future perpetuation depositions (the "Future Perpetuation Depositions") in accordance with certain procedures outlined in the Motion.[5]

9.  On April 19, 2004, counsel to the Debtors' insurer, Transportation Insurance Co. ("Transportation"), noticed the deposition of Harold Wilburn, for May 5, 2004, in a Montana

---

[4] Debtors' Objection incorrectly states that the "Debtors **subsequently** requested copies of the deposition transcripts. . . ." Debtors' Objection at ¶ 3.

[5] Contemporaneously with the filing of this Response, the Libby Claimants filed the Supplement to the Libby Claimants' Motion for Relief From Automatic Stay and Preliminary Injunction to Take Perpetuation Depositions (the "Supplement"), which seeks to: (a) add Harold Wilburn to the list of Immediate Perpetuation Depositions; and (b) include the Fellenberg Perpetuation Deposition for consideration for retroactive relief with the December Perpetuation Depositions.

Workers' Compensation Court case (a copy of the notice is attached hereto as Exhibit F). On April 22, 2004, recognizing that it would make sense, given that Mr. Wilburn is seriously ill, to combine Transportation's deposition with a deposition to preserve Mr. Wilburn's testimony for all purposes, including the establishment of any claim in the Debtors' case, Mr. Heberling sent a letter to Debtors' counsel informing her of the Libby Claimants' intention and providing her with the medical records and exposure history in his possession in advance of the deposition. See Debtors' Objection, Exhibit D. On April 26, 2004, counsel to Transportation and Ms. Wallace each re-noticed the deposition of Harold Wilburn (the "Wilburn Deposition") for May 11, 2004. See Debtors' Objection, Exhibit E. On April 30, 2004, Debtors' counsel sent a letter to Ms. Wallace demanding that the Wilburn Deposition be cancelled and threatening contempt (a copy of the letter is attached hereto as Exhibit G). Counsel to the Libby Claimants replied that Debtors' Objection conveniently omits the fact that the initial notice of the Wilburn Deposition was effectuated by its own insurance company and the subsequent threatening letter to Ms. Wallace.

10.   On April 19, 2004, the Maryland Casualty and CNA Objections were filed with this Court. In response to the concerns raised in those objections, on April 21, 2004, the Libby Claimants sent counsel to the Debtors, Maryland Casualty and Continental Casualty Company ("CNA") a revised proposed form of order for perpetuation depositions. The Debtors, presumably responding for all parties (Maryland Casualty and CNA did not respond), informed the Libby Claimants that **an agreement on any proposed form of order would not be forthcoming**. Instead, on April 30, 2004, the Debtors' Objection was filed containing many of the same procedural concerns raised in the Maryland Casualty Objection, which the Libby Claimants had tried to address through negotiations.

II.   **<u>Perpetuation Depositions Should Proceed Without Further Delay</u>**

11.   The procedural objections raised by the Debtors, Maryland Casualty and CNA do not provide a basis to delay the perpetuation depositions any further. In order to preserve the testimony of Libby Claimants who are, or who become during the course of the Debtors' case, seriously ill, the perpetuation depositions should proceed under the supervision of either this Court or, if this Court would prefer, Montana state courts, which routinely deal with matters of this type. In any case, whether or not the deposition relates to pending litigation that has not been enjoined, the perpetuation depositions should (a) be conducted in such a manner that the Debtors and the Bankruptcy Protected Parties have a full right to cross-examine the deponent, and (b) be binding on and admissible against Bankruptcy Protected Parties for all purposes, including a proof of claim proceeding in connection with the Debtors' bankruptcy cases and any litigation against the Bankruptcy Protected Parties at such time as the Preliminary Injunction is no longer in effect.

12.   Perpetuation depositions are standard practice in the federal courts under Federal Rule of Civil Procedure 27(a)(1), made applicable to these proceedings by Federal Rule of Bankruptcy Procedure 7027. <u>See</u> Fed. R. Civ. P. 27(a)(1); Fed. R. Bankr. P. 7027. Federal Rule of Civil Procedure 27(a)(1) provides:

> A person who desires to perpetuate testimony regarding any matter that may be cognizable in any court of the United States may file a verified petition in the United States district court in the district of the residence of any expected adverse party. The petition shall be entitled in the name of the petitioner and shall show: 1, that the petitioner expects to be a party to an action cognizable in a court of the United States but is presently unable to bring it or cause it to be brought, 2, the subject matter of the expected action and the petitioner's interest therein, 3, the facts which the petitioner desires to establish by the proposed testimony and the reasons for desiring to perpetuate it, 4, the names or a description of the persons the petitioner expects will be adverse parties and their addresses so far as known, and 5, the names and addresses of the persons to be examined and the substance

>of the testimony which the petitioner expects to elicit from each, and shall ask for an order authoring the petitioner to take the depositions of the persons to be examined named in the petition, for the purpose of perpetuating their testimony.

Fed. R. Civ. P. 27(a)(1). The rule is identical in Montana. Mont. R. Civ. P. 27(a)(1). In the Motion, the Libby Claimants have requested that this Court grant relief from the automatic stay and Preliminary Injunction "for the limited purpose of taking perpetuation depositions to preserve the testimony of certain plaintiffs who, due to the severity of their illness, may not be alive to testify at trial." Motion at p. 1-2.

13.     Pursuant to this Court's directive that the Libby Claimants "have relief from the injunction to the extent that it's in effect in any event", Transcript of Hearing of September 22, 2003, In re W.R. Grace & Co., Inc., Case No. 01-01139 (JKF), Tr. 34:9-13, to take perpetuation depositions, such depositions are not stayed. However, out of an abundance of caution, the Libby Claimants filed the Motion, so that there would be no ambiguity in the record. Rather than working with the Libby Claimants to agree on an appropriate written order, the Debtors have adopted a "litigation approach" by requesting this Court to deny the Motion. Debtors' Objection at pp. 1-2. There is no merit to the Debtors' complaint that the Motion is "irreconcilably unclear and vague." Debtors' Objection at p. 1. The Libby Claimants' aim could not be less clear: they need to take perpetuation depositions to support their claims against the Debtors, Maryland Casualty, CNA and any other defendants, before the deponents die. The Debtors' arguments in opposition to the propriety of perpetuation depositions, at bottom, are without legal authority and without practical use. While "[t]he Debtors acknowledge that some of the Libby Claimants may be terminally-ill and may not live much longer," Debtors' Objection at p. 2, they are unwilling to state the obvious – perpetuation depositions must be permitted without further delay.

A. **The Bankruptcy Court May Leave the Supervision of the Perpetuation Depositions to the Montana's State Courts**

14. In the majority of the Libby Claimants' cases, the Libby Claimants have state claims in the Workers Compensation Court, or state court actions against defendants unrelated to the bankruptcy, such as the State of Montana or the railroad. Other Libby Claimants have state court claims against Maryland Casualty and CNA, which are enjoined by the Preliminary Injunction. It would be most economical, and minimize stress on the deponent, for a perpetuation deposition for the proof of claim in bankruptcy and claims against all Bankruptcy Protected Parties to be combined with the Rule 30 deposition taken in connection with the pending action, under the auspices of the Montana courts. Most topics of inquiry at the deposition will cut across all claims: the deponent's employment, the deponent's exposure to asbestos in Libby, Montana, lack of warning of the dangers of asbestos, and so on.

15. Other Libby Claimants who are close to death will not have any pending state court actions. Nevertheless, Rule 27(a)(1) of the Montana Rules of Civil Procedure would permit a perpetuation deposition to be taken under the auspices of the Montana courts. Accordingly, this Court has the option of directing that perpetuation depositions take place under the auspices of the Montana courts, which has been the established method for the taking of perpetuation depositions in these cases.

B. **Should the Bankruptcy Court Choose to Supervise the Perpetuation Depositions, the Libby Claimants Propose Modified Procedures**

   1. **The Libby Claimants Are Amendable to Modifying the Proposed Procedures**

16. The Debtors, Maryland Casualty and CNA have raised specific objections to the procedures proposed by the Libby Claimants in the Motion. The objections, however, do not support a denial of the Motion. In the Debtors, Maryland Casualty and CNA Objections, each

contend that without certain information and documents the perpetuation depositions would not be meaningful. Debtors' Objection at ¶ 21; Maryland Casualty's Objection at ¶ 4; CNA's Objection at ¶ 5. In addition, the Debtors propose an alternative procedure for taking Future Perpetuation Depositions. Debtors' Objection at ¶ 21. While the Libby Claimants object to allowing any party other than the Debtors the right to object to the taking of a Future Perpetuation Depositions (after all, the automatic stay and the Preliminary Injunction exist for the sole benefit of the Debtors), the Libby Claimants are: (a) willing to supply documents and information to the Debtors and any Bankruptcy Protected Party constituting an actual or prospective defendant of the particular deponent (collectively, "Defendants' Counsel") to the extent reasonable and in the possession of the Libby Claimants and; (b) amenable to modifying the procedures for taking Future Perpetuation Depositions so as to accommodate the reasonable concerns raised by the Bankruptcy Protected Parties.

### a. Modified Procedure for Delivery of Documents and Information

17. The Debtors and Maryland Casualty demand a host of discovery information beyond standard practice for perpetuation depositions, and which would be expensive and time consuming to compile. For the reasonable requests, the Libby Claimants are willing to provide what is in their possession; but certain of the demands are not reasonable and seem designed to serve as a roadbock to accomplishment of the perpetuation deposition. The list of discovery requests from the Debtors (Debtors' Objection at ¶ 20) and Maryland Casualty (Maryland Casualty's Objection at ¶ 4) are virtually identical. The Libby Claimants' procedural proposal in the following paragraphs addresses those requests as follows:

- **Medical history including respiratory health history (including smoking)**

LIBBY CLAIMANTS' RESPONSE: All medical history in the Libby Claimants' possession will be supplied before the deposition.

- **All medical records, including B-reader reports, X-ray reports, treating physicians and hospitals**

LIBBY CLAIMANTS' RESPONSE: The medical records in the Libby Claimants' possession will be supplied before the deposition. All medical records from all providers for the claimant's entire life would be enormously expensive. It would also generally take six months to a year to gather. Heberling Aff. at ¶ 6. This type of delay and cost-shifting would not be reasonable. Libby Claimants' counsel Jon Heberling discussed this matter with Ed Longosz, counsel to Maryland Casualty, on April 21, 2004 and with in-house counsel to the Debtors, Jay Hughes, on April 20, 2004. Counsel seemed agreeable to receiving all records of the treating physician for asbestos disease, plus all other medical records in the possession of counsel, with a medical release permitting the Debtors and Maryland Casualty to obtain any additional medical records they might wish, but thereafter the Debtors and Maryland Casualty refused to respond to a proposed form of order incorporating this approach. Upon request, the Libby Claimants will supply a list of medical providers. Then the Debtors or Maryland Casualty may obtain further information and re-depose at a later date if they so choose. But any delay in receiving this additional information should not cause delay in the perpetuation depositions.

- **Employment and work history documentation**

LIBBY CLAIMANTS' RESPONSE: Employment and work history, including information on asbestos exposure, will be supplied before the deposition.

- **Social security records**

LIBBY CLAIMANTS' RESPONSE: For social security records, releases can be obtained so that the Debtors and Maryland Casualty can obtain these records as quickly as the Social Security Administration will provide them. But providing this information is not standard practice in perpetuation depositions, and should not cause delay in the perpetuation depositions.

- **Complete listing of all residences, city and state and the years spent in each location**

LIBBY CLAIMANTS' RESPONSE: Address information will be supplied before the deposition.

- **Birth family and education information**

LIBBY CLAIMANTS' RESPONSE: Birth family and education information will be supplied before the deposition.

- **Military service information**

11

LIBBY CLAIMANTS' RESPONSE: Military service information will be supplied before the deposition, and will be supplied in the exposure history, if there was asbestos exposure in the military.

- **Site work histories and product identification**

LIBBY CLAIMANTS' RESPONSE: Product identification is generally irrelevant for Libby Claimants. For the few Libby Claimants with asbestos exposures outside Libby, Montana, product identification may be obtained at the deposition.

- **Asbestos exposure claim history**

LIBBY CLAIMANTS' RESPONSE: Asbestos exposure claim history will be before the deposition. However, it is rare for a Libby Claimant to have an asbestos claim outside of Libby, Montana.

- **Lost wage claims**

LIBBY CLAIMANTS' RESPONSE: The Libby Claimants are uncertain what is being requested by lost wage claims information. Nevertheless, releases will be supplied to extent possible. Providing this information is not standard practice in perpetuation depositions, and should not cause delay in the perpetuation depositions.

- **Workers compensation disability history**

LIBBY CLAIMANTS' RESPONSE: For workers compensation disability history (non-asbestos related) releases will be supplied. Providing this information is not standard practice in perpetuation depositions, and should not cause delay in the perpetuation depositions.

- **Health and insurance policy information**

LIBBY CLAIMANTS' RESPONSE: For health insurance policy information, releases will be supplied. Providing this information is not standard practice in perpetuation depositions, and should not cause delay in the perpetuation depositions.

- **Witness and co-workers lists**

LIBBY CLAIMANTS' RESPONSE: The Debtors possess a list of all Libby employees to 1986. Also, the Debtors have personnel files on most former workers. Times of employment on the employee list will show who were co-workers. The Libby Claimants do not have co-worker lists for workers at the Libby lumber mill, or any other place of asbestos exposure.

18. Based on the foregoing, in addition to the information contained in the Certificate (defined below), the Libby Claimants propose that the order permitting perpetuation deposition include the following procedures for delivery of information and documents:

> No later than 15 days prior to any deposition, counsel for the Libby Claimants shall deliver to Defendants' Counsel:
>
> (a) Medical records in their possession;
> (b) Exposure history;
> (c) Address history;
> (d) Work history, including information on asbestos exposure;
> (e) Education and military service information; and
> (f) Asbestos exposure claims history.
>
> At the time scheduled for the deposition, without the need for any further notice, a discovery deposition may be conducted by any of the Defendants' Counsel who so elect, followed by the deposition to perpetuate testimony.
>
> Upon request, counsel for the Libby Claimants shall deliver to Defendants' Counsel a list of medical providers seen by the deponent and releases establishing the deponent's permission for Defendants' Counsel to obtain directly:
>
> (a) Medical records;
> (b) Social Security records;
> (c) Workers' Compensation records; and
> (d) Health insurance policy information.
>
> No deposition shall be delayed pending receipt of the above information; however, upon election by any of the Defendants' Counsel after the last of such information has been received for a particular deponent, an additional deposition of such deponent may be taken at a reasonable date to be scheduled cooperatively among Libby Claimants' counsel and Defendants' Counsel.

The proposal exceeds the perpetuation deposition requirements of Rule 27(a)(1) of the Federal Rules of Civil Procedure and requires delivery of more information and documents than is standard practice for a perpetuation deposition. In addition, upon request, releases can be obtained by the Debtors, Maryland Casualty and CNA to collect the rest of the information

requested. **No information is refused.** Finally, a Libby Claimant may be re-deposed at anytime upon new information.

### b. Modified Procedure for Taking Future Perpetuation Depositions

19. In the Debtors' Objection, the Debtors suggest an alternative set of procedures for the taking of Future Perpetuation Depositions, proposing: (a) that the Debtors, the Official Committees that have been appointed in the Debtors' cases and the Debtors' insurers be afforded the opportunity to object to the taking of a Future Perpetuation Deposition; and (b) a slightly altered time frame and structure for filing and resolving objections. Debtors' Objection at ¶¶ 19 and 21.

20. The Libby Claimants are willing to adopt the proposed time frame but consider the first proposal to be unacceptable because the automatic stay and Preliminary Injunction are only for the benefit of the Debtors. Accordingly, the Debtors are the only parties with standing to object when a party seeks relief therefrom to take a perpetuation deposition. Of course, the Libby Claimants will provide notice of any perpetuation deposition to Defendants' Counsel, and would be willing to provide copies to Official Committees if they wish to be so burdened, but submit that permitting any party other than the Debtors to object to the taking of perpetuation depositions is inappropriate and will simply provide opportunities for delay and obstruction by non-debtor parties.

21. Based upon the foregoing, the Libby Claimants submit that the following procedures for the taking of a Future Perpetuation Deposition:

> The Libby Claimants shall provide notice of each Future Perpetuation Deposition to Defendants' Counsel, establishing the scheduled date (the "Scheduled Date") of the Future Perpetuation Deposition. Forty-five days before the Scheduled Date of such Future Perpetuation Deposition, the Libby Claimants will file with this Court and serve upon Debtors' counsel

a Certificate of Proposed Perpetuation Deposition (the "Certificate"). The Certificate will include all information required under Rule 27(a)(1) of the Federal Rules of Civil Procedure. If the Debtors file and serve an objection to the taking of such Future Perpetuation Deposition within 15 days of the date of such a Certificate, the Future Perpetuation Deposition may not proceed and the matter shall be docketed for hearing at the next omnibus hearing in the Debtors' bankruptcy cases. If an objection is not timely filed, the Libby Claimants may take the Future Perpetuation Deposition without further order of this Court.

In the event that a Scheduled Date is not practicable, all counsel shall cooperate in rescheduling a reasonable date for the Future Perpetuation Depositions as soon as feasible but in any event not more than seven days following the original Scheduled Date.

2. **The Motion Does Not Request The Court to Make Any Findings With Respect to the Sufficiency of the Perpetuation Depositions for <u>Purposes of Establishing Proofs of Claims in the Debtors' Cases</u>**

22. Without any basis, the Debtors argue that the Libby Claimants are inappropriately asking the Court to make "findings with respect to the sufficiency of the [perpetuation depositions] for purposes of establishing evidence for subsequent proofs of claims in these bankruptcy cases." Debtors' Objection at ¶ 22. Nowhere in the Motion (or the Proposed Order) do the Libby Claimants seek such relief. The Libby Claimants have merely requested that this Court grant relief from the automatic stay and Preliminary Injunction "for the limited purpose of taking perpetuation depositions to preserve the testimony of certain plaintiffs who, due to the severity of their illness, may not be alive to testify at trial." Motion at p. 1-2. Indeed, the Libby Claimants acknowledge that it would be premature for this or any other court to determine that the perpetuation depositions are sufficient to prove a claim against the Debtors or anyone else. The sole relief requested is to take the depositions, and have them count as testimony that can be used by the Libby Claimants at an appropriate time to **try** to prove claims against the Debtors and the Bankruptcy Protected Parties.

### 3. Retroactive Relief is Warranted

23. The Debtors argue that the Libby Claimants "have failed to present sufficient evidence to warrant a retroactive lifting of the stay." Debtors' Objection at ¶ 24. But as noted above, the Court has already stated that perpetuation depositions could be taken. The Motion was filed as a precautionary measure, and retroactive relief was sought only because the depositions had already been taken. Accordingly, the retroactive relief sought by the Libby Claimants is a matter of common sense, economy and decency. If the Defendants' Counsel do not have any new questions, why should a second deposition be necessary? The Defendants' Counsel were provided transcripts of the depositions over four months ago and were invited, on two occasions, to reopen the depositions. If Defendants' Counsel now wish to reopen the depositions, and this Court believes it is necessary for the depositions to be taken again as a condition that they may serve as perpetuation depositions in these bankruptcy proceedings, the Libby Claimants request that Defendants' Counsel be directed to promptly conduct a supplemental deposition. Mr. Erickson and Mr. O'Brien are still alive and could possibly be deposed. Mr. O'Brien has just one lung, but is available. Mr. Erickson is in a nursing home, in poor health, but a deposition might be attempted.

### III. The Debtors' Should Be Directed to Cooperate in the Perpetuation Deposition Process

24. As recognized by this Court, and as described above and in the Motion, there is a legitimate need for perpetuation depositions to proceed. Notwithstanding the Court's directive to preserve the testimony of dying Libby Claimants, the Debtors have failed to cooperate with the Libby Claimants in the taking of perpetuation depositions. At the September 22, 2003 hearing, Debtors' counsel, James W. Kapp, pledged that the Debtors would "work with the plaintiffs" in the perpetuation deposition process. See Transcript of Hearing of September 22, 2003, In re

16

W.R. Grace & Co., Inc., Case No. 01-01139 (JKF), Tr. 34:7-8. Instead, the Debtors have adopted a litigious approach, delaying the perpetuation depositions of Libby Claimants who have a significant risk of death at any time.

25.    The Debtors total lack of cooperation is best demonstrated by reading the Debtors' Objection. In their objection, the Debtors accuse the Libby Claimants of employing "questionable tactics" during these proceedings. Debtors' Objection ¶ 17. But it is the Debtors' Objection that is rife with misstatements and distortions. Instead of relying on facts, the Debtors suggest that they have somehow been deceived by the Libby Claimants. In doing so, the Debtors' own misrepresentations are revealed. The following accusations contained in the Debtors' Objection are not true:

- The Debtors had "no notice" of the December Perpetuation Depositions. Debtors' Objection at ¶ 15. As discussed above, the Debtors were provided advance notice.

- The Debtors never knew the proposal to perpetuate depositions was for proof of claim purposes. Debtors' Objection at ¶¶ 5, 8, 9, 12, 13 and 16. The October 15, 2003 letter, which was sent by Mr. Heberling to Ms. Baer, belies the Debtors' claim. In that letter, Mr. Heberling explicitly states that the Libby Claimants' position "for the Proof of Claim will be that the occupational disease deposition is sufficient." See Exhibit B.

- That Proposed Deponents Merritt Dutton, Edna Oikle, and Claude Paul are "Libby Claimant[s] not named in the Motion whose deposition[s] the Libby Claimants intend to take." Debtors' Objection at ¶ 11. In fact, each of these Libby Claimants was explicitly listed in the Motion. Motion at ¶ 5.

- The Motion fails to explain the alleged lack of notice before the December Perpetuation Depositions were taken. Debtors' Objection at ¶ 24. However, the Motion clearly describes the series of events that took place both before and after the December Perpetuation Depositions, including the fact the notice of the December Perpetuation Depositions was provided to counsel to the Debtors and counsel to the other co-defendants on November 10, 2003. Motion at ¶ 6, n. 5.

## Conclusion

WHEREFORE, the Libby Claimants respectfully request that this Court (i) enter the attached order granting the Motion; and (ii) grant such other and further relief as this Court may deem just and proper.

Dated: May 14, 2004

LANDIS RATH & COBB LLP

*/s/ Adam G. Landis*

Adam G. Landis (No. 3407)
Kerri K. Mumford (No. 4186)
919 Market Street, Suite 600
P.O. Box 2087
Wilmington, DE 19801
(302) 467-4400

and

Daniel C. Cohn
David B. Madoff
COHN KHOURY MADOFF
& WHITESELL LLP
101 Arch Street
Boston, MA 02110
(617) 951-2505

and

Jon L. Heberling
MCGARVEY, HEBERLING, SULLIVAN
& MCGARVEY, P.C.
745 South Main
Kalispell, MT 59904
(406) 752-5566

Counsel to the Libby Claimants

877P\Main Case Response (perpetuation depos)6