# Exhibit A

(Affidavit of Jon L. Heberling)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
* * * * * * * * * * * * * * * * * * * * * *
                                          *
In re                                     *     Chapter 11
                                          *
W.R. GRACE & CO., et al.,                 *     Case No. 01-01139 (JKF)
                                          *     Jointly Administered
            Debtor.                       *
* * * * * * * * * * * * * * * * * * * * * *
W.R. GRACE & CO., et al.,                 *
                                          *     Adversary No. A-01-771
                                          *
        Plaintiffs,                       *
                                          *
v.                                        *
                                          *
MARGARET CHAKARIAN, et al.,               *
And John Does 1-1000,                     *
                                          *
        Defendants.                       *
* * * * * * * * * * * * * * * * * * * * * *
```

## AFFIDAVIT OF JON L. HEBERLING

STATE OF MONTANA)
                            :ss
County of Flathead     )

1.    I am lead counsel in the Libby cases for the approximately 500 clients of the firm McGarvey, Heberling, Sullivan & McGarvey. I have practiced law as a trial lawyer in Montana since 1974. I am generally familiar with standard practice in pretrial discovery.

2.    Before W.R. Grace & Co. filed for reorganization, we took a number of perpetuation depositions on clients with severe end stage asbestos disease. These were done in the state courts, with excellent cooperation of counsel for Grace. No motion to the court was necessary.

3.    Under standard practice, perpetuation depositions are arranged through cooperation of counsel without need of involvement of a judge.  I am familiar with standard practice for deposition discovery, and the conduct of perpetuation depositions in Montana.  Perpetuation depositions must sometimes be done on very short notice.

4.    Standard practice includes delivery before the perpetuation deposition of a plaintiff, in asbestos cases, of the medical records in possession of counsel, exposure history, address history, and work history.  Standard practice for discovery in general includes delivery of additional information as well, but a perpetuation deposition is not generally delayed for such additional information.

5.    Where the defendant requests medical records beyond those normally obtained by plaintiffs' counsel, such as chiropractor records or records of family doctors of decades past, under standard practice plaintiffs' counsel has the option of delivering a records release to counsel for the defendant, or plaintiffs' counsel obtaining the records, then billing defense counsel for reimbursement of costs.  Where the release is supplied, plaintiffs' counsel supplies a list of medical providers the plaintiff has seen.

6.    Obtaining all medical records of a plaintiff from every provider for decades can take up to a year, and can be extremely expensive.

7.    Under standard practice, a perpetuation deposition is not delayed if records cannot be immediately obtained.  The deposition proceeds, with the opportunity to redepose upon later receipt of records of any kind.

8.    Social Security records can take six months or more to obtain.

9.    Social Security records, lost wage claims, workers' compensation disability

records (non asbestos disease) and health insurance policy information are not normally

obtained for asbestos claimants by claimants' counsel. For items not normally obtained

by claimants' counsel, under standard practice claimants' counsel has the option of

delivering releases to defense counsel, or obtaining the records, then billing defense

counsel for reimbursement of costs.

10.    As to coworkers, there is a Grace "alpha list" of all employees from the

1940s to 1986. Grace also has personnel files on many ex-workers. Dates of

employment are shown on the "alpha list" and coworker presents can be determined from

the list.

DATED this _14th_ day of May, 2004.

_Jon L. Heberling_
JON L. HEBERLING

SUBSCRIBED AND SWORN to before me this _14th_ day of May, 2004.

_Judy A. O'Haire_
Notary Public for the State of Montana
Judy A. O'Haire
Printed Name of Notary
Residing at: Kalispell, Montana
My Commission Expires: July 16, 2006

(NOTARIAL SEAL)
JUDY A. O'HAIRE
STATE OF MONTANA

3