# Exhibit G

(Letter from Janet S. Baer to Laurie Wallace dated April 30, 2004)

# KIRKLAND & ELLIS
PARTNERSHIPS INCLUDING PROFESSIONAL CORPORATIONS

200 East Randolph Drive
Chicago, Illinois 60601

Janet S. Baer
To Call Writer Directly:
312/861-2162
jbaer@kirkland.com

(312) 861-2000

Facsimile:
312/660-0362

April 30, 2004

**VIA FACSIMILE**

Ms. Laurie Wallace
Bothe & Lauridsen, P.C.
5 Highway 2 East
P.O. Box 2020
Columbia Falls, Montana 59912

Re: Deposition of Harold Wilburn

Dear Ms. Wallace:

I am in receipt of your letter of April 26, 2004 and Notice of Deposition with respect to the perpetuation deposition of Harold Wilburn. I am also in receipt of Mr. Heberling's letter of April 22, 2004, which I received on the same day as your letter, enclosing certain information with respect to Mr. Wilburn. Finally, I am in receipt of counsel's Motion for Relief from Automatic Stay and Preliminary Injunction to Take Perpetuation Depositions (the "Motion") wherein counsel requests permission to take the Wilburn deposition. While the Motion does not discuss the scope of the Wilburn deposition, having reviewed your April 26, 2004 letter and the April 22, 2004 Heberling letter, Grace now understands that you do not intend to limit your deposition to perpetuating testimony in the Workers' Compensation matter, and in fact, also intend to conduct a discovery deposition of Mr. Wilburn for other purposes.

As you should be aware, the Bankruptcy Court has not yet heard the Motion. The hearing on the Motion is presently set for May 24, 2004 in Pittsburgh. Grace intends to file an objection to the Motion. Previous objections have already been filed by CNA Insurance and Maryland Casualty Company. Under these circumstances and until the Motion is heard by the Bankruptcy Court and permission is granted to take Mr. Wilburn's deposition, it is a violation of the Automatic Stay of section 362 of the Bankruptcy Code and the Preliminary Injunction dated January 22, 2002, to take such deposition and you are prohibited from proceeding with the deposition.

If you proceed with the deposition, Grace will not hesitate, once again, to seek sanctions from the Bankruptcy Court for violating the Automatic Stay and the Preliminary Injunction. Your co-counsel, Mr. Heberling is well aware of Judge Fitzgerald's attitude with respect to counsel who act in contempt of the Court's Orders or the Automatic Stay.

## KIRKLAND & ELLIS

Ms. Laurie Wallace
April 30, 2004
Page 2

      Finally, you should also be aware that on April 27, 2004 I sent a letter to Mr. Heberling indicating that Grace would not be participating in the Wilburn deposition to the extent that such deposition proceeded in order to preserve testimony in your Workers' Compensation proceeding. However, it will be for the Bankruptcy Court to decide whether Mr. Wilburn's deposition may proceed at all, and under what circumstances. As a result, Grace reserves the right to attend and participate in the deposition at a time to be mutually agreed upon by the parties if you receive permission from the Bankruptcy Court to proceed with the deposition at some point.

                                            Very truly yours

                                            Janet S. Baer

cc:    (All Via Fax)

       Jon Heberling
       Dan Cohn
       Todd Hammer
       Jay Hughes
       Kevin Gross
       Jeffrey C. Wisler
       Edward J. Longosz, II