IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | * | Chapter 11 |
| | * | |
| W.R. GRACE & CO., *et al.*, | * | Case No. 01-01139 (JKF) |
| | * | Jointly Administered |
| Debtor. | * | Related Docket No. 5424 |

## ORDER GRANTING LIBBY CLAIMANTS' MOTION FOR RELIEF FROM AUTOMATIC STAY AND PRELIMINARY INJUNCTION TO TAKE PERPETUATION DEPOSITIONS

Upon consideration of the Libby Claimants' Motion for Relief from the Automatic Stay and Preliminary Injunction to Take Perpetuation Depositions (the "Motion") [Docket No. 5424], the Libby Claimants' Supplement to Motion for Relief from the Automatic Stay and Preliminary Injunction to Take Perpetuation Depositions (the "Supplement") and the Libby Claimants' Response to Objections to Motion for Relief from the Automatic Stay and Preliminary Injunction to Take Perpetuation Depositions (the "Response")[1] filed by the claimants injured by exposure to tremolite asbestos from the Debtors' operations in and near Libby, Montana (the "Libby Claimants"); and after due deliberation and sufficient cause appearing therefor,

**THE COURT FINDS AND CONCLUDES THAT:**

A.  Due and adequate notice has been given to all parties entitled thereto, and no other or further notice is necessary or required.

B.  This Court has reviewed the Motion, the Supplement and the Response and has considered the requests for relief therein.

---

[1] All capitalized terms defined in the Motion, the Supplement and the Response shall have the same meaning when used in this Order unless otherwise defined herein.

C.  It is just and necessary to perpetuate testimony of seriously-ill Libby Claimants who are barred by the automatic stay under Section 362 of the Bankruptcy Code and by the Preliminary Injunction from commencing or continuing litigation against the Debtors and the parties protected by the Preliminary Injunction (the "Bankruptcy Protected Parties"), and to assure that such testimony will be admissible against the Bankruptcy Protected Parties to the full extent provided by applicable non-bankruptcy law notwithstanding the automatic stay and Preliminary Injunction.

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is granted.

2. The Libby Claimants are granted relief from the automatic stay and Preliminary Injunction to proceed with the perpetuation depositions of Irving Ball, Merritt Dutton, Edna Oikle, Claude Paul, Shirley Taylor-Regjovich and Harold Wilburn (the "Immediate Perpetuation Depositions").

3. The Libby Claimants are granted retroactive relief from the automatic stay and Preliminary Injunction for the perpetuation deposition of Ruben Fellenberg that was taken on January 2, 2003 and the depositions of Rodney Erickson and Louie O'Brien that were taken on December 1, 2003 to perpetuate testimony.

4. As the need arises during the course of the Debtors' case, the Libby Claimants are granted relief from the automatic stay and Preliminary Injunction to take future perpetuation depositions (the "Future Perpetuation Depositions") in accordance with the following procedure:

> The Libby Claimants shall provide notice of each Future Perpetuation Deposition to counsel for the Debtors and any Bankruptcy Protected Party constituting an actual or prospective defendant of the particular deponent (collectively, "Defendants' Counsel"), establishing the scheduled date (the

"Scheduled Date") of the Future Perpetuation Deposition. Forty-five days before the Scheduled Date of such Future Perpetuation Deposition, the Libby Claimants will file with this Court and serve upon Debtors' counsel a Certificate of Proposed Perpetuation Deposition (the "Certificate"). The Certificate will include all information required under Rule 27(a)(1) of the Federal Rules of Civil Procedure. If the Debtors file and serve an objection to the taking of such Future Perpetuation Deposition within 15 days of the date of such a Certificate, the Future Perpetuation Deposition may not proceed and the matter shall be docketed for hearing at the next omnibus hearing in the Debtors' bankruptcy cases. If an objection is not timely filed, the Libby Claimants may take the Future Perpetuation Deposition without further order of this Court.

5.  All counsel shall cooperate in setting reasonable dates for the Immediate Perpetuation Depositions as soon as feasible but in any event not more than 30 days after entry of this Order, and for any Future Perpetuation Depositions, in the event that a Scheduled Date is not practicable, as soon as feasible but in any event not more that seven days following the original Scheduled Date. No later than 15 days prior to any deposition, counsel for the Libby Claimants shall deliver to Defendants' Counsel:

(a) Medical records in their possession;

(b) Exposure history;

(c) Address history;

(d) Work history, including information on asbestos exposure;

(e) Education and military service information; and

(f) Asbestos exposure claims history.

At the time scheduled for the deposition, without the need for any further notice, a discovery deposition may be conducted by any of the Defendants' Counsel who so elect, followed by the deposition to perpetuate testimony.

6. Upon request, counsel for the Libby Claimants shall deliver to Defendants' Counsel, a list of medical providers seen by the deponent and releases establishing the deponent's permission for Defendants' Counsel to obtain directly:

(a) Medical records;

(b) Social Security records;

(c) Workers' Compensation records; and

(d) Health insurance policy information.

No deposition shall be delayed pending receipt of the above information; however, upon election by any of the Defendants' Counsel after the last of such information has been received for a particular deponent, an additional deposition of such deponent may be taken at a reasonable date to be scheduled cooperatively among Libby Claimants' counsel and Defendants' Counsel.

Wilmington, Delaware
_____ \_\_\_, 2004

Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

877p\main case order response (perpetuation depos)