IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

**NOTICE OF AGENDA OF MATTERS SCHEDULED
FOR HEARING ON MAY 24, 2004 AT 12:00 P.M. BEFORE THE
HONORABLE JUDITH K. FITZGERALD IN PITTSBURGH, PENNSYLVANIA**

**UNCONTESTED MATTERS**

1.    Application for Order Authorizing the Employment and Retention of Capstone Corporate Recovery, LLC, to Replace FTI Consulting, Inc. as Financial Advisors for the Official Committee of Unsecured Creditors (Docket No. 5151)

   Related Documents:

   a.    [Proposed] Order Authorizing the Employment and Retention of Capstone Corporate Recovery, LLC, to Replace FTI Consulting, Inc. as Financial Advisors for the Official Committee of Unsecured Creditors (Docket No. 5151, Exhibit B)

---

[1]   The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

        b.       Certification of Counsel Regarding Application for Order Authorizing the Employment and Retention of Capstone Corporate Recovery, LLC, to Replace FTI Consulting, Inc. as Financial Advisors for the Official Committee of Unsecured Creditors (Docket No. 5520)

Response Deadline: April 9, 2004 at 4:00 p.m.

Responses Received:

        a.       Limited Objection of United States Trustee to Application of the Official Committee of Unsecured Creditors for Order Authorizing the Retention and Employment of Captone Corporate Recovery, LLC to Replace FTI Consulting, Inc. as Financial Advisors for the Official Committee of Unsecured Creditors (Docket No. 5427)

Status: The Official Committee of Unsecured Creditors was able to resolve the Limited Objection filed by the United States Trustee. The proposed form of order attached to the Certification of Counsel (see item "b" above) addresses the issues raised by the United States Trustee and is a consensual order.

2.      Debtors' Motion Requesting the Approval of an Order Authorizing the Expansion of the Scope of Services Permitted to be Provided By Deloitte & Touche LLP to the Debtors to Include Certain Lease Consulting Services *Nunc Pro Tunc* to October 1, 2003 (Docket No. 5322)

Related Documents:

        a.       [Proposed] Order Authorizing the Expansion of the Scope of Services Permitted to be Provided By Deloitte & Touche LLP to the Debtors to Include Certain Lease Consulting Services *Nunc Pro Tunc* to October 1, 2003 (Docket No. 5322)

        b.       Supplemental Affidavit of Larry D. Ishol in Support of the Motion Requesting the Approval of an Order Authorizing the Expansion of the Scope of Services Permitted to be Provided by Deloitte & Touche LLP to the Debtors to Include Certain Lease Consulting Services (Docket No. 5322)

        c.       Certification of Counsel Regarding Order Authorizing the Expansion of the Scope of the Services Permitted to be Provided By Deloitte & Touche LLP to the Debtors to Include Certain Lease Consulting Services (Docket No. 5539)

Response Deadline: April 9, 2004 at 4:00 p.m.

Responses Received: None as of the date of this Notice of Agenda.

Status: No parties have objected to the relief requested in the motion. The Debtors did receive minor comments from the Creditors' Committee to the proposed form of order. These comments were included in the proposed form of order attached to the Certification of Counsel (see item "c" above). As any issues have been resolved, the Debtors respectfully request the entry of the order attached to the Certification of Counsel.

3. Motion of the Debtors' for an Order Authorizing, But Not Requiring, the Implementation of the 2004-2006 Long-Term Incentive Program for Key Employees (Docket No. 5323)

> Related Documents:

>> a. [Proposed] Order Authorizing, But Not Requiring, the Implementation of the 2004-2006 Long-Term Incentive Program for Key Employees (Docket No. 5323)

>> b. Affidavit of W. Brian McGowan in Support of the Debtors' Motion for an Order Authorizing, But Not Requiring, the Implementation of the 2004-2006 Long-Term Incentive Program for Key Employees (Docket No. 5323)

>> c. Certification of No Objection Regarding Docket No. 5323 (Docket No. 5437)

> Response Deadline: April 9, 2004 at 4:00 p.m. *(Extended until April 12, 2004 at 4:00 p.m. for the Property Damage Committee)*

> Responses Received: None as of the date of this Notice of Agenda.

> Status: No parties have objected to the relief requested in the motion. Accordingly, the Debtors have filed a certificate of no objection and respectfully request the entry of the order attached to the motion.

4. Debtors' Motion for Order Approving Settlement with William B. Dunbar, Pursuant to Fed. R. Bankr. P. 9019 (Docket No. 5324)

> Related Documents:

>> a. [Proposed] Stipulation and Agreed Order By and Between William B. Dunbar and W. R. Grace & Co. – Conn. (Docket No. 5324, Exhibit A)

      b.      Certification of No Objection Regarding Docket No. 5324 (Docket No. 5438)

Response Deadline: April 9, 2004 at 4:00 p.m.

Responses Received: None as of the date of this Notice of Agenda.

Status: No parties have objected to the relief requested in the motion. Accordingly, the Debtors have filed a certificate of no objection and respectfully request the entry of the order attached to the motion.

5.      Motion of the Debtors for an Order Extending Time to Assume, Assume and Assign, or Reject Unexpired Leases of Nonresidential Real Property (Docket No. 5325)

Related Documents:

      a.      [Proposed] Order Extending Time to Assume, Assume and Assign, or Reject Unexpired Leases of Nonresidential Real Property (Docket No. 5325)

      b.      Certification of No Objection Regarding Docket No. 5325 (Docket No. 5439)

Response Deadline: April 9, 2004 at 4:00 p.m.

Responses Received: None as of the date of this Notice of Agenda.

Status: No parties have objected to the relief requested in the motion. Accordingly, the Debtors have filed a certificate of no objection and respectfully request the entry of the order attached to the motion.

6.      Renewed Motion of Timothy Kane to Lift the Automatic Stay for Cause (Docket No. 5429)

Related Documents:

      a.      [Proposed] Order Granting Renewed Motion of Timothy Kane to Lift the Automatic Stay for Cause (Docket No. 5429)

Response Deadline: May 7, 2004 at 4:00 p.m.  (extended to May 10th for Debtors)

Responses Received: None as of the date of this Notice of Agenda.

Status: This matter will be going forward.

## CONTESTED MATTERS

7.      Application of Debtors Pursuant to 11 U.S.C. §§ 105, 327 and 524(g)(B)(i), for the Appointment of a Legal Representative for Future Asbestos Claimants (Docket No. 5460)

>       Related Documents:

>>              a.      [Proposed] Order Granting Application of Debtors Pursuant to 11 U.S.C. §§ 105, 327 and 524(g)(B)(i), for the Appointment of a Legal Representative for Future Asbestos Claimants (Docket No. 5460)

>       Response Deadline: May 7, 2004 at 4:00 p.m.

>       Responses Received:

>>              a.      Response of the Official Committee of Equity Security Holders to Debtors' Application for the Appointment of a Legal Representative for Future Asbestos Claimants (Docket No. 5536)

>>              b.      Response of the Official Committee of Unsecured Creditors to the Application of the Debtors Pursuant to 11 U.S.C. §§ 105, 327 and 524(g)(4)(B)(i) for the Appointment of a Legal Representative for Future Asbestos Claimants (Docket No. 5537)

>>              c.      London Market Insurers' Response to Debtors' Application for the Appointment of a Legal Representative for Future Asbestos Claimants (Docket No. 5542)

>>              d.      Limited Objection of Certain Insurers' to Debtors' Motion to Appoint a Legal Representative for Future Asbestos Claimants (Docket No. 5544)

>>              e.      Response of the Official Committee of Asbestos Personal Injury Claimants to the Debtors' Application for Appointment of a Legal Representative for the Future Asbestos Claimants (Docket No. 5545)

>>              f.      Response and Objection of the Official Committee of Asbestos Property Damage Claimants to Application of Debtors Pursuant to 11 U.S.C. §§ 105, 327 and 524(g)(4)(B)(i), for the Appointment of a Legal Representative for Future Asbestos Claimants (Docket No. 5547)

g.  United States Trustee's Statement Regarding Application of the Debtors for the Appointment of a Legal Representative for Future Asbestos Claimants (Docket No. 5575)

h.  Debtors' Motion for Leave to File Reply to Responses Regarding Application to Appoint a Legal Representative for Future Asbestos Claimants (Docket No. TBD)

(i)  Debtors' Reply to Responses Regarding Application to Appoint a Legal Representative for Future Asbestos Claimants (Docket No. TBD)

Status: This matter will be going forward.

8.  Plaintiffs' Motion Requesting an Order (i) Finding Counsel for Gerard in Contempt of Court and (ii) Staying Certain Proceedings Pending Appeal ("Motion for Contempt") (Adv. Pro. No. 01-771, Docket No. 183)

Related Documents:

a.  Certification of Counsel Re: Docket No. 183 (Adv. Pro. No. 01-771, Docket No. 189) Plaintiffs' Motion Requesting an Order (i) Finding Counsel for Gerard in Contempt of Court and (ii) Staying Certain Proceedings Pending Appeal (Adv. Pro. No. 01-771, Docket No. 189)

b.  Motion by Libby Victims and Libby Counsel to Defer or Stay Ruling on Contempt (Adv. Pro. No. 01-771, Docket No. 191)

(i)  Objection to Motion by Libby Victims and Libby Counsel to Defer or Stay Ruling on Contempt (Adv. Pro. No. 01-771, Docket No. 194)

(ii)  Objection of Continental Casualty Company to the Libby Claimants' Motions Requesting an Order (i) Deferring or Staying Entry of an Order on Debtors' Motion for Contempt of Court, and (ii) Seeking Relief from the Automatic Stay and Injunction (Adv. Pro. No. 01-771, Docket No. 195)

(iii)  Debtors' Response to Motion by Libby Claimants and Libby Counsel to Defer or Stay Ruling on Contempt (Adv. Pro. No. 01-771, Docket No. 196)

  c. Statement of Libby Victims and Libby Counsel in Support of Reduction of Amount of Requested Sanction (Adv. Pro. No. 01-771, Docket No. 192)

    (i) Debtors' Response to the Statement of Libby Claimants and Libby Counsel with Respect to Amount of Requested Sanction (Adv. Pro. No. 01-771, Docket No. 197)

Response Deadline: None.

Responses Received:

Status: The Court has already heard argument on the Motion for Contempt at the February hearing. At the February hearing, the Court indicated that at the April hearing (which was cancelled and is continued to this hearing) it would rule on the amount of attorney fees and expenses payable to Debtors' counsel in connection with bringing the Motion for Contempt and would rule on whether a finding of contempt was appropriate. Libby Claimant's request to stay such a decision will also be going forward.

9. Libby Claimants' Motion for Relief From Automatic Stay and Preliminary Injunction to Take Perpetuation Depositions (Adv. Pro. No. 01-771, Docket No. 190)

  Related Documents:

  a. [Proposed] Order Granting Libby Claimants' Motion for Relief From Automatic Stay and Preliminary Injunction to Take Perpetuation Depositions (Adv. Pro. No. 01-771, Docket No. 190)

  b. Libby Claimants' Supplement to Motion for Relief From Automatic Stay and Preliminary Injunction to Take Perpetuation Depositions (Adv. Pro. No. 01-771, Docket No. 201)

Response Deadline: April 19, 2004 at 4:00 p.m.

Responses Received:

  a. Conditional Objection to Libby Claimants' Motion for Relief From Automatic Stay and Preliminary Injunction to Take Perpetuation Depositions (Adv. Pro. No. 01-771, Docket No. 193)

  b. Objection of Continental Casualty Company to the Libby Claimants' Motions Requesting an Order (i) Deferring or

Staying Entry of an Order on Debtors' Motion for Contempt of Court, and (ii) Seeking Relief from the Automatic Stay and Injunction (Adv. Pro. No. 01-771, Docket No. 195)

c.    Debtors' Response in Objection To Libby Claimants' Motion For Relief From Automatic Stay and Preliminary Injunction To Take Perpetuation Depositions (Adv. Pro. No. 01-771, Docket No. 199)

Replies Received:

a.    Libby Claimants' Motion for Leave to File Libby Claimants' Response to Objections to Motion for Relief From Automatic Stay and Preliminary Injunction to Take Perpetuation Depositions (Adv. Pro. No. 01-771, Docket No. 202)

(i)    Libby Claimants' Response to Objections to Motion for Relief From Automatic Stay and Preliminary Injunction to Take Perpetuation Depositions (Adv. Pro. No. 01-771, Docket No. 202)

Status: This matter will be going forward.

10.    Motion of Yessenia Rodriguez and Carlos Nieves Relief From the Stay Provided By 11 U.S.C. §362 of the Bankruptcy Code (Docket No. 3707)

Related Documents:

a.    [Proposed] Order (Docket No. 3707)

Response Deadline: May 11, 2003 at 4:00 p.m. *(Extended until July 11, 2003 at 4:00 p.m.)*

Responses Received:

a.    Debtor's Objection to Yessenia Rodriguez's and Carlos Nieves' Motion to Lift Automatic Stay (Docket No. 4046)

Status: This matter will be going forward.

11.    Debtors' Sixth Motion for an Order Pursuant to 11 U.S.C. § 1121(d) Extending Debtors' Exclusive Periods in Which to File a Chapter 11 Plan and to Solicit Votes Thereon (Docket No. 5027)

Related Documents:

a.    [Proposed] Order Granting Debtors' Sixth Motion for an Order Pursuant to 11 U.S.C. § 1121(d) Extending Debtors' Exclusive Periods in Which to File a Chapter 11 Plan and to Solicit Votes Thereon (Docket No. 5027)

Response Deadline: March 5, 2004 at 4:00 p.m.

Responses Received:

a.    Objection of the Official Committee of Asbestos Personal Injury Claimants to the Debtors' Sixth Motion for an Order Pursuant to 11 U.S.C. §1121(d) Extending Debtors' Exclusive Periods in Which to File a Chapter 11 Plan and to Solicit Votes Thereon (Docket No. 5229)

(i)    Notice of Filing of Exhibit B to the Objection of the Official Committee of Asbestos Personal Injury Claimants to the Debtors' Sixth Motion for an Order Pursuant to 11 U.S.C. §1121(d) Extending Debtors' Exclusive Periods in Which to File a Chapter 11 Plan and to Solicit Votes Thereon (Docket No. 5261)

Replies Received:

a.    Debtors' Motion for Leave to File Debtors' Reply to Objection of the Official Committee of Asbestos Personal Injury Claimants to the Debtors' Sixth Motion for an Order Pursuant to 11 U.S.C. §1121(d) Extending Debtors' Exclusive Periods in Which to File a Chapter 11 Plan and to Solicit Votes Thereon (Docket No. 5300)

(i)    Debtors' Reply to Objection of the Official Committee of Asbestos Personal Injury Claimants to the Debtors' Sixth Motion for an Order Pursuant to 11 U.S.C. §1121(d) Extending Debtors' Exclusive Periods in Which to File a Chapter 11 Plan and to Solicit Votes Thereon (Exhibit 1 to Docket No. 5300)

Status: This matter will be going forward.

12.    Motion of Massachusetts Department of Environmental Protection for Relief from the Automatic Stay and Setoff (Docket No. 5317)

Related Documents:

a.    [Proposed] Order Granting Massachusetts Department of Environmental Protection for Relief from the Automatic Stay and Setoff (Docket No. 5317)

Response Deadline: April 9, 2004 at 4:00 p.m.

Responses Received:

a.    Debtors' Objection to the Motion of the Massachusetts Department of Environmental Protection for Relief from the Automatic Stay and Setoff (Docket No. 5426)

Replies Received:

a.    Massachusetts Department of Environmental Protection's Motion for Leave to File a Reply to Debtors' Objection to the Motion of the Massachusetts Department of Environmental Protection for Relief From the Automatic Stay and Setoff (Docket No. 5480)

(i)    Reply of Massachusetts Department of Environmental Protection to Debtors' Objection to the Motion of the Massachusetts Department of Environmental Protection for Relief from the Automatic Stay and Setoff (Exhibit 1 to Docket No. 5480)

b.    Debtors' Motion for Leave to File Sur-Reply to the Motion of the Massachusetts Department of Environmental Protection for Relief From the Automatic Stay and Setoff (Docket 5549)

(i)    Debtors' SurReply to the Motion of the Massachusetts Department of Environmental Protection for Relief From the Automatic Stay and Setoff (Exhibit A to Docket 5549).

Status: This matter will be going forward.

## OMNIBUS CLAIM OBJECTIONS

13.    Debtors' Third Omnibus Objection to Claims (Non-Substantive) (Docket No. 5450)

Related Documents:

       a.      Declaration of David B. Siegel in Support of Debtors'
                Third Omnibus Objection to Claims (Non-Substantive)
                (Docket No. 5450)

Response Deadline: May 14, 2004 at 4:00 p.m.

Responses Received: Unresolved Responses to this matter are listed on the
attached Exhibit A.

Status: The status of each claim is indicated in the charts attached as
Exhibit A.

## STATUS CONFERENCE:

14.    Status of ZAI Litigation.

      Status: A status conference on this matter will be going forward.


Dated: May 17, 2004               KIRKLAND & ELLIS LLP
                             James H.M. Sprayregen, P.C.
                             Janet S. Baer
                             James W. Kapp, III
                             Samuel L. Blatnick
                             200 East Randolph Drive
                             Chicago, Illinois 60601
                             (312) 861-2000

                             and

                             PACHULSKI, STANG, ZIEHL, YOUNG, JONES
                             & WEINTRAUB P.C.

                             Laura Davis Jones (Bar No. 2436)
                             David W. Carickhoff, Jr. (Bar No. 3715)
                             919 North Market Street, 16th Floor
                             P.O. Box 8705
                             Wilmington, DE 19899-8705 (Courier 19801)
                             Telephone:  (302) 652-4100
                             Facsimile:  (302) 652-4400

                             Co-counsel for Debtors and Debtors in Possession