IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO. et al.[1] | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |
| Debtors. | ) |

**TWELFTH QUARTERLY VERIFIED APPLICATION OF CARELLA, BYRNE, BAIN, GILFILLAN, CECCHI, STEWART & OLSTEIN FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO W.R. GRACE & CO., ET AL., FOR THE INTERIM PERIOD FROM JANUARY 1, 2004 THROUGH MARCH 31, 2004**

Pursuant to sections 327, 330 and 331 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Fed. R. Bankr. P. 2016, the Retention Order (as defined below), the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Professionals and Official Committee Members (the "Interim Compensation Order") and Del. Bankr. LR 2016-2, the law firm of

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. -Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (Ma Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G_ C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Curving, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein ("CBBG") as special litigation and environmental counsel for the above-captioned debtors and debtors in possession (collectively, "Debtors") in connection with their chapter 11 cases, hereby applies for an order allowing it (i) compensation in the amount $139,967.00 for the reasonable and necessary legal services CBBG has rendered to the Debtors and (ii) reimbursement for the actual and necessary expenses that CBBG incurred in the amount of $4,891.68 (the "Application"), for the interim quarterly period from January 1, 2004 through March 31, 2004 (the "Fee Period"). In support of this Application, CBBG states as follows:

### Retention of CBBG

1. On April 2, 2001 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). On April 2, 2001, the Court entered an order procedurally consolidating the Chapter 11 Cases for administrative purposes only. Since the Petition Date, the Debtors have continued to operate their businesses and manage their properties as Debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. By this Court's order dated March 18, 2002, the Debtors were authorized to retain CBBG as their special counsel, effective as of February 1, 2002, with regard to environmental and litigation matters (the "Retention Order"). The Retention Order authorizes the Debtors to compensate CBBG at hourly rates charged by CBBG for services of this type and to be reimbursed for actual and necessary out-of-pocket expenses that it incurred, subject to application to this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, all applicable local rules and orders of this Court.

## Monthly Interim Fee Applications Covered Herein

3. Pursuant to the procedures set forth in the Interim Compensation Order, professionals may apply for monthly compensation and reimbursement (each such application, a "Monthly Fee Application"), and the notice parties listed in the Interim Compensation Order may object to such request. If no notice party objects to a professional's Monthly Fee Application within twenty (20) days after the date of service of the Monthly Fee Application, the applicable professional may submit to the Court a certification of no objection whereupon the Debtors are authorized to pay interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested.

4. Furthermore, and also pursuant to the Interim Compensation Order, professionals are to file and serve upon the notice parties a quarterly request (a "Quarterly Fee Application") for interim Court approval and allowance of the Monthly Fee Application filed during the quarter covered by the Quarterly Fee Application. If the Court grants the relief requested by the Quarterly Fee Application, the Debtors are authorized and directed to pay the professionals 100% of the fees and expenses requested in the Monthly Fee Applications covered by that Quarterly Fee Application less any amounts previously paid in connection with the Monthly Fee Applications. Any payment made pursuant to the Monthly Fee Applications or a Quarterly Fee Application is subject to final approval of all fees and expenses at a hearing on the professional's final fee application.

5. This is the ninth Quarterly Fee Application (designated as the Twelfth Quarterly Interim Fee Application) for compensation for services rendered that CBBG has filed with the Bankruptcy Court in connection with the Chapter 11 Cases, which covers the Fee Period of January 1, 2004 through March 31, 2004.

6. CBBG has filed the following Monthly Fee Applications for interim compensation during this Fee Period:

(a) Verified application of Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein for compensation for services and reimbursement of expenses as special counsel to W.R. Grace & Co., et al., for the interim period of January 1, 2004 through January 31, 2004 (the "January Fee Application"), attached hereto as Exhibit A.

(b) Verified application of Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein for compensation for services and reimbursement of expenses as special counsel to W.R. Grace & Co., et al., for the interim period of February 1, 2004 through February 29, 2004 (the "February Fee Application"), attached hereto as Exhibit B.

(c) Verified application of Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein for compensation for services and reimbursement of expenses as special counsel to W.R. Grace & Co., et al., for the interim period of March 1, 2004 through March 31, 2004 (the "March Fee Application"), attached hereto as Exhibit C.

7. The period for objecting to the fees and expense reimbursement requested in the January Fee Application and February Fee Application have expired and no objections have been filed. The period for objecting to the fees and expense reimbursement requested in the March Fee Application will expire on May 10, 2004.

8. CBBG has advised and represented the Debtors in connection with environmental and litigation matters.

### Explanation For More Than One Professional
### Attending/Participating in Conferences/Meetings

9.  Two of the attorneys at CBBG who are involved with the *Interfaith Community Organization v. Honeywell International, Inc.* ("*ICO*") matter are John M. Agnello, Esq. ("JMA") and Melissa E. Flax, Esq. ("MEF").

10.  On January 8, 2004, January 12, 2004 and January 15, 2004, both JMA and MEF participated in the same conferences with other attorneys not from CBBG. These three conferences related to the preparation of opposition papers to Honeywell's motion for approval of its Work Plan relating to the cleanup of the property owned by ECARG and located on Route 440, Jersey City, New Jersey.

JMA is co-lead trial counsel with Christopher H. Marraro, Esq. of Wallace, King, Marraro & Branson. As co-lead trial counsel, JMA's participation in the preparation of the opposition to Honeywell's motion to approve Honeywell's Work Plan was essential since he has been intimately involved with all aspects relating to the Work Plan and its implementation.

MEF is part of the litigation trial team. As part of the litigation trial team, MEF's participation was required because MEF was responsible for the coordination, preparation and filing of the Grace Defendants' opposition to Honeywell's motion for approval of its Work Plan.

### Requested Relief

11.  By this Twelfth Quarterly Fee Application, CBBG requests that the Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by CBBG for the Fee Period, which is from January 1, 2004 through March 31, 2004, as detailed in the Applications, less any amounts previously paid to CBBG pursuant to the Application and the procedures set forth in the Interim Compensation

Order. As stated above, the full scope of services provided and the related expenses incurred are fully described in the Applications, which are attached as Exhibits A, B and C.

12.     CBBG may have in the past represented, may currently represent, and likely in the future will represent parties-in-interest in connection with matters unrelated to the Debtors and the Chapter 11 Cases. CBBG disclosed in the Affidavits its connection to parties-in-interest that it has been able to ascertain using its reasonable efforts. CBBG will update the Affidavits when necessary and when CBBG becomes aware of material new information.

### Representations

13.     CBBG believes that the Application is in compliance with the requirements of Del.Bankr.LR 2016-2.

14.     CBBG performed the services for which it is seeking compensation on behalf of or for the Debtors and their estates, and not on behalf of any committee, creditor or other person.

15.     CBBG has not received payment for the January Fee Application. The total amount requested in the January Fee Application was $53,278.05. The total amount outstanding from the January Fee Application (including the $53,278.05) is $66,337.94. CBBG has not received payment for the February Fee Application. The total amount requested in the February Fee Application was $34,405.32. The total amount outstanding from the February Fee Application (including the $34,405.32) is $42,262.80. CBBG has not received payment for the March Fee Application. The total amount requested in the March Fee Application was $29,181.91. The total amount outstanding from the March Fee Application (including the $29,181.91) is $36,257.91.

16.     Pursuant to Fed. R. Bank. P. 2016(b), CBBG has not shared, nor has agreed to share (a) any compensation it has received or may receive with another party or person other

than with the partners, counsel and associates of CBBG, or (b) any compensation another person or party has received or may receive in connection with the Chapter 11 Cases.

WHEREFORE, CBBG respectfully requests that the Court enter an order providing (a) that, for the Fee Period, January 1, 2004 through March 31, 2004, an administrative allowance be made to CBBG in the sum of (i) $139,967.00 as compensation for reasonable and necessary professional services rendered to the Debtors and (ii) in the sum of $4,891.68 for reimbursement of actual and necessary costs and expenses incurred, for a total of $144,858.68, (b) that the Debtors be authorized and directed to pay CBBG the outstanding amount of such sums less any sums previously paid to CBBG pursuant to the Applications and the procedures set forth in the Interim Compensation Order; and (c) that this Court grant such further relief as is equitable and just.

Roseland, New Jersey
Dated: April 29, 2004

Respectfully submitted,

CARELLA, BYRNE, BAIN, GILFILLAN,
CECCHI, STEWART & OLSTEIN

_____
John M. Agnello
5 Becker Farm Road
Roseland, New Jersey 07068
(973) 994-1700

## PROJECT AND EXPENSE CATEGORIES
## TO TWELFTH QUARTERLY INTERIM FEE APPLICATION
## (JANUARY 1, 2004 THROUGH MARCH 31, 2004)

| Name of Professional Person | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| John M. Agnello | Partner – 24 yrs | $375 | 286.50 | $107,437.50 |
| Melissa E. Flax | Partner – 11 yrs | $250 | 95.00 | $23,750.00 |
| Robert C. Scrivo | Associate – 14 yrs | $225 | 33.90 | $7,627.50 |
| Laura Florence | Paralegal | $90 | 13.70 | $1,152.00 |

| | |
|---|---|
| Grand Total: | $139,967.00 |
| Blended Rate: | |

## COMPENSATION BY PROJECT CATEGORY

| Project Category (Examples) | Total Hours | Total Fees | Cumulative Fees |
|---|---|---|---|
| Asset Analysis and Recovery | | | |
| Asset Disposition | | | |
| Business Operations | | | |
| Case Administration | | | |
| Claim Analysis Objection Resolution & Estimation (Asbestos) | | | |
| Claim Analysis Objection Resolution & Estimation (Non-Asbestos) | | | |
| Committee (All – Creditors', Noteholders', Equity Holders', etc) | | | |
| Employee Benefits/Pensions | | | |
| Employment Applications, Applicant | | | |
| Employment Applications, Others | | | |
| Expenses | | $4,891.68 | $62,947.75 |
| Fee Applications, Applicant | 29.00 | $7,637.50 | $67,270.00 |
| Fee Applications, Others | | | |
| Financing | | | |
| Hearings | | | |
| Litigation and Litigation Consulting | 398.30 | $132,248.50 | $1,354,725.00 |
| Plan and Disclosure Statement | | | |
| Relief from Stay Proceedings | | | |

2

| | | | |
|---|---|---|---|
| Tax Issues | | | |
| Tax Litigation | | | |
| Travel – non-working | 1.80 | $81.00 | $14,186.25 |
| Valuation | | | |
| ZAI Science Trial | | | |
| ZAI Science Trial – Expenses | | | |
| Other (Explain) | | | |

2

## EXPENSE SUMMARY

| Expense Category (Examples) | Service Provider (if applicable) | Total Expenses | Cumulative Expenses |
|---|---|---:|---:|
| Computer Assisted Legal Research | Westlaw/Pacer | $2,471.80 | $5,878.37 |
| Facsimile (with rates) | | $394.00 ($1.00 per page) | $3,649.00 |
| Long Distance Telephone | | $768.88 | $5,820.47 |
| In-House Reproduction | | $342.30 ($0.15 per page) | $7,025.25 |
| Outside Reproduction | | $60.00 | $15,683.78 |
| Outside Research | | | |
| Filing/Court Fees | | | |
| Court Reporting | Charles P. McGuire | | $417.30 |
| Local Travel | Parking/mileage/tolls | $35.28 | $510.78 |
| Out-Of-Town Travel<br>    train<br>    airfare<br>    car/taxi service<br>    hotel | | | $10,076.93 |
| Courier & Express Carriers (e.g. Federal Express) | | $252.19 | $3,065.28 |
| Postage | | | |
| Other (Explain) – Corporate record search | State of New Jersey Department of Treasury | | $10.00 |
| Other (Explain) – Photographs | Mr. Photo | | $76.25 |
| Other – Aerial photographs | Air Photo Services (2/2002) | | $664.05 |
| Messenger | | $322.99 | $2,647.40 |
| Working meals | | $244.43 | $715.39 |
| Subpoenas | Guaranteed Subpoena – Trial Witnesses | | $3,226.80 |
| Returned Witness Fees | | | ($802.00) |
| Additional Staff Time | | | $3,732.18 |
| Trial Supplies | | | $230.52 |
| Site Security | SARA Consultants | | $320.00 |

Dated: April 28, 2004

3