# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **W. R. Grace & Co., et al.,**[1] | ) | **Case No. 01-1139** |
| | ) | **(Jointly Administered)** |
| **Debtors** | ) | |
| | ) | |

**AFFIDAVIT OF JAMES D. RANGE IN SUPPORT OF THE APPLICATION OF THE
DEBTORS FOR THE ENTRY OF AN ORDER AUTHORIZING THE RETENTION
AND EMPLOYMENT OF BAKER, DONELSON, BEARMAN, CALDWELL &
BERKOWITZ, P.C. AS A PROFESSIONAL EMPLOYED BY THE ESTATE FOR THE
DEBTORS**

| | | |
|---|---|---|
| **WASHINGTON** | ) | |
| **DISTRICT OF COLUMBIA** | ) | ss: |

James D. Range being duly sworn, upon his oath, deposes and says:

1. I am a senior public policy advisor of Baker, Donelson, Bearman, Caldwell &
   Berkowitz, P.C. located at 555 Eleventh Street, NW, 6th Floor, Washington, D.C.
   20004 ("Baker, Donelson").

2. The Debtors have requested that Baker, Donelson provide professional services and
   counseling regarding public policy and legislative affairs relating to the Debtors, and
   Baker, Donelson has consented to provide such services.

3. I make this Affidavit in support of the application of the above-captioned Debtors and
   Debtors in Possession (collectively, the "Debtors") for an order authorizing the
   employment of Baker, Donelson as professionals to be employed for the Debtors,

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R.Grace & Co.- Conn., A-i Bit & Tool Co., Inc., Alewife Boston, Ltd., Alewife Land Corporation, Amicon, Inc., CBBiomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc. Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'NFun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and AlmyCompany), Ecarg, Inc., Five Alewife Boston, Ltd., G.C. Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G. C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GNHoldings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B, Inc., Grace A-BII, Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace EnergyCorporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G, Inc., Grace H-G II, Inc., Grace HotelServices Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), GraceOffshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc.,Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation,Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation,Homco International, Inc., Kootenai Development Company, LB Realty, Inc., Litigation Management, Inc. (f/k/aGHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, MonroeStreet, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Interdemco, Inc. (f/k/a NestorBNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/aEnvironmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin& Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross CountryStaffing), Hayden-Gulch West Coal Company, H-G Coal Company.

- 1 -

pursuant to sections 327(a) and 328(a) of the Bankruptcy Code (the "Application"). This Affidavit constitutes the statement of Baker Donelson pursuant to the Federal Rules of Bankruptcy Procedure 2014(a) and 2016.

4.  I am not related and, to the best of my knowledge after inquiry of Baker, Donelson's members, counsel and associates, no other attorney or professional of Baker, Donelson is related, to any judge of the United States Bankruptcy Court for the District of Delaware or the United States Trustee for this District.

5.  I do not hold or represent and, to the best of my knowledge and information, no other attorney of Baker, Donelson currently holds or represents, any interest adverse to the Debtors or their estates with respect to any of the matters for which Baker, Donelson's retention is sought. Insofar as Baker, Donelson has been able to ascertain, neither I, nor Baker, Donelson, nor any public policy advisor, shareholder, counsel or associate thereof, has any connection with the Debtors in these cases, their creditors, or any other party in interest, or their respective attorneys or accountants, except hereinafter set forth.

6.  For the past (3) three years, Baker, Donelson and certain of its members and associates have rendered lobbying services to the Debtors and their affiliates.

7.  Baker, Donelson may have performed services in the past and may perform services in the future, in matters unrelated to these chapter 11 cases, for parties-in-interest in the Debtors chapter 11 cases.

8.  In matters unrelated to this case, Baker, Donelson has in the past represented, currently represents, and likely will represent certain of the Debtors' and their affiliates' significant current vendors, unsecured creditors, lenders, letter of credit issuers, equity holders, underwriters, indenture trustees, sureties, lessors and customers, together with certain co-defendants and other parties to litigation with the Debtors (all as identified in the exhibits filed in support of the Debtor's Application to retain Kirkland & Ellis as bankruptcy and reorganization counsel filed herein) (the "K& E Exhibits"), as well as certain attorneys, accountants, and financial advisors for such entities.

9.  Baker, Donelson has undertaken a comparison of the most complete list currently available of Baker, Donelson's clients. To the best of my knowledge and information

- 2 -

*(that)*

as a result of this comparison, it appears the Baker, Donelson may have represented or does represent in certain unrelated corporate matters, litigation, creditors' rights, and other matters for certain entities listed in Exhibit A hereto, or their affiliates, parents, or subsidiaries.

10. To the best of my knowledge, these representations do not include any interest adverse to the Debtors and the matters upon which Baker, Donelson is to be engaged.

11. Summarily, Baker, Donelson will be providing lobbying representation and public policy provided solely by me.

12. As compensation for its services, the Debtors will pay to Baker, Donelson a monthly fee equal to $17,000.00 which will be paid monthly in arrears. In addition, Baker, Donelson will be entitled to payment by the Debtors for Baker, Donelson's reasonable expenses rendered in connection with its lobbying efforts on behalf of the Debtor. Baker, Donelson will charge flat rates to the Debtors that are consistent with customary rates charged by Baker, Donelson, subject to periodic adjustments, plus reimbursement of actual and necessary expenses and other charges the Baker, Donelson incurs. The principal public policy advisor of Baker, Donelson who will be professional services for the Debtors is :

### Public Policy Advisor
James D. Range

13. Neither I nor any shareholder of or professional employed by Baker, Donelson has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the shareholders and regular employees of the firm.

14. No promises have been received by Baker, Donelson as to the compensation in connection with this case other than in accordance with the provisions of the title 11. Baker, Donelson has no agreement with any other entity to share (a) any compensation it has received or may receive for services rendered in connection with this case with another party or person, or (b) any compensation another party or person has received or may receive for services rendered in connection with this case.

15. Baker, Donelson is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during

W JDR 135723 v1
2850487-000001 04/29/2004

the period of its employment, if Baker, Donelson should discover any facts bearing on the matters described herein, Baker, Donelson will supplement the information contained in the Affidavit.

Executed on April 29, , 2004

James D. Range

Sworn to and subscribed before me
This 29th day of April , 2004

_Elizabeth Taylor_
Notary Public
My Commission expires: _____

       **Elizabeth Taylor**
       Notary Public, District of Columbia
       My Commission Expires 12-14-2006

- 4 -

## Exhibit A

1. Issuers of the Debtors' Outstanding Letters of Credit Who May be Current or Former Clients of Baker, Donelson in Matters Not Related to W.R. Grace:

   Chase Manhattan Bank
   Bank of America
   First Union National Bank
   Citibank NA
   Bank of Nova Scotia
   Credit Suisse First Boston
   Bank of New York
   Wachovia Bank
   Barclay's Bank
   Dresdner Bank
   Credit Lyonnais
   ABN Amro
   J.P. Morgan Bank

2. Unsecured Bondholders or Lenders Who May be Current or Former Clients of Baker, Donelson in Matters Not Related to W.R. Grace:

   Chase Manhattan Bank
   Bank of America
   First Union National Bank
   Dresdner Bank
   Barclay's Bank
   Barclay's Bank
   Wachovia Bank

3. All Indenture Trustees Who May be Current or Former Clients of Baker, Donelson in Matters Not Related to W.R. Grace:

   Deposit Guaranty National Bank

4. Official Statutory Committee Members Who May be Current or Former Clients of Baker, Donelson in Matters Not Related to W.R. Grace:

   Bank of New York
   First Union
   Bank of America
   Bankers Trust
   Prudential Insurance Company of America
   Sealed Air Corporation
   ABN Amro
   Wachovia Bank

- 5 -

5. Official Statutory Committee's Members' Attorneys Who May be Current or Former Clients of Baker, Donelson in Matters Not Related to W.R. Grace:

   Moses & Singer

6. Twenty Largest Unsecured Creditors Who May be Current or Former Clients of Baker, Donelson in Matters Not Related to W.R. Grace:

   Chase Manhattan Bank
   Union Carbide
   BASF
   CNA Insurance
   Southern Ionics, Inc.
   Radian International

7. Parties to the Debtor's Significant Executory Contracts and Leases Who May be Current or Former Clients of Baker, Donelson in Matters Not Related to W.R. Grace:

   AMB Property, LP
   Autozone
   FFCA/LLP
   Green Pastures
   Hines Interest Limited Partnership
   LaSalle National Bank
   Marshall's
   New England Mutual Life Ins. Co.
   Rhodes, Inc.
   Stein Mart
   The Salvation Army
   The Lincoln National Life Insurance Co.
   The Pep Boys
   Trammel Crow
   Wal-Mart Stores, Inc.
   Weingarten Realty Investors
   Tony Romas
   Protective Life Insurance Company[2]

---

[2] Baker, Donelson did represent Protective Life Insurance Company in a foreclosure proceeding wherein the W.R. Grace held a leasehold interest in real property in East Tennessee. However, Baker, Donelson's representation of Protective Life Insurance Company in the foreclosure proceeding occurred after W.R. Grace rejected the leasehold interest it possessed. Baker, Donelson, on behalf of Protective Life Insurance Company, has not filed a proof of claim in the instant case asserting a claim pursuant to 11 U.S.C. § 502(g), and the representation has concluded in regard to the W.R. Grace related matter.

8.  Other Significant Parties Who May be Current or Former Clients of Baker, Donelson in Matters Not Related to W.R. Grace:

American International Group, Inc.
The Travelers Insurance Co.
Fireman's Fund Insurance Co.
The Hartford Financial Services Group
St. Paul Companies
ABN Amro
Bank of America
Ctibank NA
J.P. Morgan Bank
Wachovia Bank

M RSC 759947 v1
2850487-000001 04/28/04