IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[3] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

## ORDER AUTHORIZING THE DEBTORS TO RETAIN AND EMPLOY BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C. AS A PROFESSIONAL EMPLOYED BY THE ESTATE FOR THE DEBTORS

Upon the application (the "Application") of the above-captioned debtors and

debtors-in-possession (collectively, the "Debtors") seeking entry of an order under sections

327(a) and 328(a) of title 11 of the United States Code (as amended, the "Bankruptcy Code")

authorizing the Debtors to employ and retain Baker, Donelson, Bearman, Caldwell & Berkowitz,

P.C. ("Baker") as a professional employed by the Debtors as set forth in the Application; and

upon the Affidavit of James D. Range submitted in support of the Application; and it appearing

that the relief requested is in the best interest of the Debtors' estates and their creditors and other

parties in interest; and it appearing that this is a core matter under 28 U.S.C. § 157; and it

---

[3] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey & Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

appearing that Baker does not represent any interest adverse to the Debtors or their estates with

respect to the matters on which Baker is to be employed, and meets all requirements for retention

set forth in the Bankruptcy Code; and it appearing that the terms and conditions of Baker's

employment as further described in the Application are reasonable; and adequate notice having

been given of the Application; and good and sufficient cause existing to grant the Application;

NOW, THEREFORE, IT IS HEREBY:

ORDERED that the Application is GRANTED; and it is further

ORDERED that, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code,

the retention and employment of Baker as a professional as outlined in the Application is hereby

approved, nunc pro tunc to the petition date of the above-captioned proceedings; and it is further

ORDERED that Baker shall be compensated under sections 330 and 331 of the

Bankruptcy Code and any further or other Orders of this Court concerning compensation of

professionals in these cases, and in accordance with the terms set forth in the Application and the

Affidavit of James D. Range in support of the Application, and shall be reimbursed for all

allowed necessary, actual and reasonable expenses; and it is further

ORDERED that the allowed fees and expenses of Baker shall be an administrative

expense of the Debtors' estates; and it is further

ORDERED that this Order shall become effective immediately upon its entry; and

it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from the implementation of this Order.


Dated: _____, 2004

                                              _____

                                              The Honorable Judith K. Fitzgerald
                                              United States Bankruptcy Judge