IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JJF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**CERTIFICATION OF JOHN MCGAHREN IN SUPPORT OF APPLICATION
OF THE DEBTORS FOR THE ENTRY OF AN ORDER AUTHORIZING THE
RETENTION AND EMPLOYMENT OF LATHAM & WATKINS LLP
AS SPECIAL ENVIRONMENTAL COUNSEL FOR THE DEBTORS**

I, John McGahren, of full age, hereby certify as follows:

1. I am an attorney at law, duly licensed to practice before the courts of the State of New Jersey, the United States District Court for the District of New Jersey, the State of New York, the Southern and Eastern Districts of New York, the State of West Virginia, and the Southern District of West Virginia.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

2. I am a partner in the firm of Latham & Watkins LLP ("Latham" or the "Firm"), which maintains offices at One Newark Center, 16th Floor, Newark, New Jersey 07101 (Telephone (973) 639-1234; Facsimile (973) 639-7298). All Latham attorneys who will work on these cases are duly admitted and licensed to practice in the state or states where their services will be performed.

3. This Certification is submitted in support of the Application Authorizing the Retention and Employment of Latham as Special Environmental Counsel for the above-captioned debtors and debtors in possession (collectively, the "Debtors") pursuant to sections 327(e) and 330 of title 11 of the United States Code (as amended, the "Bankruptcy Code") and Federal Rules of Bankruptcy Procedure 2014 and 2016, and for other related relief.

4. The Debtors have requested that the Firm provide legal services to the Debtors, and the Firm has agreed to provide such services.

5. In particular, Latham's services as environmental counsel have included and will include the performance of strategic legal services as such services are required during the course of these Chapter 11 cases in connection with the Debtors' liability and responsibility for historical environmental contamination at a former W.R. Grace & Co.-Conn. facility located in Fords, New Jersey (the "Site").

6. The Firm and certain of its partners, counsel and associates have performed services in the past, currently perform services, and may perform services in the future for entities that are claimants or equity holders of the Debtors in matters totally unrelated to the Debtors' Chapter 11 cases. Latham does not perform services for any such entities in connection with these Chapter 11 cases, or have any relationship with any such entities, their attorneys or accountants that would be adverse to the Debtors or their estates, except as set forth herein.

7. Neither I, the Firm, nor any partner, associate or other attorney thereof, insofar as I have been able to ascertain, represents any interest adverse to that of the Debtors' estates in the matters upon which the Debtors seek to retain Latham.

8. Latham has conducted, and continues to conduct, extensive research into its relations with the Debtors, their creditors, employees of the Office of the United States Trustee, attorneys, and accountants of the foregoing, and other parties interested in these cases. As part of this inquiry, Latham obtained from Debtors' senior management and others over 600 names of individuals or entities who may be parties in interest in these Chapter 11 cases (the "Potential Parties in Interest").[2] Latham then entered the names of the Potential Parties in Interest into a computer database containing the names of all clients and conflict information concerning such clients of Latham. This inquiry revealed that certain of the Potential Parties in Interest are or may be current or former Latham clients. A list of those Potential Parties in Interest is set forth in Exhibit "A" hereto (the "Client Match List"). Through the information generated from the above-mentioned computer inquiry, and through follow-up inquiries with Latham attorneys, it was determined that, except as set forth in paragraphs 9-13 below, the representation of the clients on the Client Match List concerned matters in which such clients were not adverse to the Debtors.

9. The Firm currently represents Bank of America in connection with a debtor-in-possession credit facility to be provided by Bank of America and a syndicate of lenders to W.R. Grace & Co.

---

[2] The Potential Parties in Interest include the Debtors' Directors and Officers, the Debtors' Affiliates, the Debtors' major shareholders, the Debtors' secured creditors, the major unsecured creditors and other creditors identified by the Debtors, certain of the Debtors' strategic partners identified by the Debtors, the Debtors' professional advisors in these Chapter 11 cases and certain other interested parties identified by the Debtors and others.

10. The Firm has obtained the consent of both Bank of America and W.R. Grace with respect to any actual or potential conflict of interest arising out of its continued representation of the respective parties.

11. In order for the Firm to assure both Bank of America and W.R. Grace that no confidential information belonging to one could be disclosed to or used for the benefit of the other in the matter, the Firm has established an "Ethics Wall." The Ethics Wall insulates all attorneys, para-professionals, and their respective secretaries involved in the Firm's representation of Bank of America, from all attorneys, para-professionals, and their respective secretaries involved in the Firm's representation of W.R. Grace.

12. The Firm is representing Indmar Products Co., Inc., Richard C. Rowe, Donna M. Rowe and Hoffman Products Co., Inc. (collectively, the "Rowe Entities") in connection with a dispute between the Rowe Entities and W.R. Grace & Co.-Conn. involving the enforcement of a Settlement and Indemnity Agreement between the Rowe Entities and W.R. Grace & Co.-Conn. dated as of June 30, 1997, and a letter of credit that was posted to secure the obligations of W.R. Grace & Co.-Conn. thereunder. A waiver has been obtained from W.R. Grace & Co.-Conn. for this representation.

13. Additionally, the Firm also represents Ernst & Young LLP in connection with its retention by the Debtors as a professional in this bankruptcy matter. The Firm acts as counsel to Ernst & Young LLP in many bankruptcy matters where Ernst & Young LLP is retained as a professional.

14. While Latham has undertaken, and continues to undertake, extensive efforts to identify connections with the Debtors and other parties of interest, it is possible that connections with some parties in interest have not yet been identified. Should Latham, through its continuing

efforts, learn of any new connections of the nature discussed herein, Latham will so advise the Court.

15. The Debtors have agreed that Latham will not represent the Debtors in connection with (a) objections to the claims against the Debtors asserted by any party which is represented by Latham in matters unrelated to the Debtors, (b) any litigation commenced on behalf of the Debtors seeking to recover damages from any party which is represented by Latham in matters unrelated to the Debtors, or (c) any litigation commenced by any party which is a current client of Latham. Latham believes it is not likely that any such situation will arise. In the event the Debtors require legal representation in connection with any such matters, the Debtors will obtain other counsel for such purposes. Latham, however, will advise the Debtors with respect to the need for such other counsel.

16. I have read the Debtors' Application for the Entry of an Order Authorizing the Retention and Employment of Latham & Watkins LLP as Special Environmental Counsel for the Debtors that accompanies this Certification and, to the best of my knowledge, information and belief, the contents of said Application are true and correct.

### Statement Under Section 329 of the Bankruptcy Code And Under Federal Rule of Bankruptcy Procedure 2016

17. Latham has served as environmental counsel to the Debtors for the Site since approximately November 1999.

18. Latham has billed and collected approximately $248,634.90 for services and expenses during the twelve months prior to the Debtors' Petition Date. In accordance with sections 329 and 504 of the Bankruptcy Code and Bankruptcy Rule 2016, neither I nor Latham have entered into any agreements, express or implied, with any other party in interest, including the Debtors, any creditor, or any attorney for such party in interest in these cases (i) for the purpose of sharing or

fixing fees or other compensation to be paid to any such party in interest or its attorneys for services rendered in connection therewith, (ii) for payment of such compensation from the assets of the estates in excess of the compensation allowed by this Court pursuant to the applicable provisions of the Bankruptcy Code, or (iii) for payment of compensation in connection with these cases other than in accordance with the applicable provisions of the Bankruptcy Code.

19. Latham has an unsecured pre-petition claim for $9,506.46 related to pre-petition services rendered. Latham has not filed a general unsecured claim to recover such amounts in the bankruptcy proceeding and has no intention of doing so.

20. Latham intends to apply for compensation based upon its normal hourly billing rates in effect for the period in which services are performed and intends to seek reimbursement of necessary and reasonable out-of-pocket expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the UST Guidelines, and orders of the Court. A schedule of current hourly rates for the attorneys and para-professionals expected to be the most active in these cases is attached as Exhibit "B" hereto. Latham submits that such rates are reasonable and should be approved by the Court. Latham has informed the Debtors that its prevailing rates may change from time to time consistent with its normal business practices and that any such changes will be reflected in the first Latham invoice following the change. Notice of any change in fee structure will also be submitted to the United States Trustee and this Court. Latham may seek interim compensation and reimbursement of expenses during these cases as permitted by section 331 of the Bankruptcy Code. However, Latham acknowledges and agrees that no compensation will be paid by the Debtor to Latham except (a) upon application under sections 330 and 331 of the Bankruptcy Code and approval by this Court after notice and hearing and (b) as consistent with any interim compensation order entered by this court.

I hereby certify that the foregoing statements made by me are true to the best of my knowledge. I am aware that if any of the foregoing statement made by me are willfully false, I am subject to punishment.

Executed this **12** day of May 2004 in Newark, New Jersey.

LATHAM & WATKINS LLP

*/s/ John McGahren/*

JOHN McGAHREN

JUDITH A. CHRISTOPHER
NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES 9/24/2006

*/s/ Judith A. Christopher/*
5/12/04