IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JJF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

## DEBTORS' SECOND STATUS REPORT ON ITS CLAIMS RECONCILIATION AND OBJECTION PROCESS AND APPROACH TO LITIGATION CLAIMS

On March 18, 2004, the Debtors filed their first status report on their claims reconciliation and objection process. Since that time, the Debtors have filed their Third, Fourth and Fifth Omnibus Objections to Claims. In addition, the Debtors have reviewed all of their pending non-asbestos litigation claims and asbestos property damage claims. This second status report updates the Court with respect to the claims reconciliation and objection process and specifically addresses the Debtors' proposed approach for reconciling and resolving the pending litigation claims.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

## I. Update with respect to Claims Objections

To date, approximately 15,438 claims have been filed against the Debtors. As result of the Debtors' First and Second Omnibus Objections and other matters, 867 claims were expunged and 427 claims were reconciled, leaving 14,446 claims to be reconciled. Pending are the Debtors' Third, Fourth and Fifth Omnibus Objections. Those Objections reconcile an additional 302 claims, leaving 14,144 claims yet to be reconciled and resolved. A revised Claims Summary chart is attached hereto as Exhibit A which summarizes the claims filed, reconciled and pending. The Third Omnibus Objection is set for hearing on May 24, 2004 and the Fourth and Fifth Omnibus Objections are set for hearing on June 21, 2004. The Debtors are currently preparing their Sixth Omnibus Objection to be heard at the July 19, 2004 Omnibus hearing.

## II. Litigation Claims

As outlined in the first status report, there are over 200 non-asbestos litigation related claims (the "Non-Asbestos Litigation") and 4,286 asbestos property damage claims. The Non-Asbestos Litigation claims are primarily pre-petition suits for non-asbestos products liability, breach of contract, personal injury, contract indemnification, employment related discrimination and environmental damage.

In addition, Debtors are aware of as many as 20 additional Non-Asbestos Litigation claims for which no proof of claim has been filed but a pending lawsuit against the Debtors existed at the time the chapter 11 petitions were filed and may remain open to date.

### A. Procedure for Addressing Non-Asbestos Litigation Claims

Generally speaking, Non-Asbestos Litigation claims do not lend themselves to an omnibus objection process. The Debtors have reviewed all of the claims and have determined that, in the vast majority of cases, a Bankruptcy Court supervised mediation process should be

productive. The Debtors will shortly file a motion setting forth a proposed procedure for such mediation process.

In order to determine the specific claims for which to request mediation, the Debtors have reviewed the proofs of claim and related records. The Debtors propose to address the claims in the following manner (see the summary attached as Exhibit B):

1. <u>Proof of Claim Filed</u>

With respect to those claims for which a proof of claim has been filed, the Debtors will request mediation in almost all cases. To the extent that such claims are not resolved through mediation, the Debtors propose the following additional procedures:

(a) <u>Immature Litigation</u>. With respect to unresolved claims where litigation had not substantially progressed prior to the petition date, the Debtors believe such claims should proceed to litigation in the Bankruptcy Court.

(b) <u>Mature Litigation</u>. With respect to unresolved claims where (1) the litigation had progressed through the discovery stage and was substantially ready for trial or (2) where judgment was rendered and the matter was on appeal, the Debtors believe the automatic stay should be lifted and the cases should proceed to trial.

(c) <u>Fully-Insured Claims</u>. With respect to claims which are fully insured and for which there is no deductible, the automatic stay should be lifted and the Debtors' insurer should defend such claims.

2.  <u>No Proof of Claim Filed/Untimely Claims</u>

With respect to the known claims for which no proof of claim has been filed, or a claim was filed untimely, further investigation in necessary to determine that the claims are barred. Specifically:

(a)  <u>Where Bar Date Notice Was Received</u>

With respect to those claims where the Debtors have evidence that notice of the Bar Date was timely received by the claimants, the Debtors intend to take the following steps:

(i)  Review the Debtors' schedules to determine how the claimant was listed;

(ii)  If the claimant was listed as holding an undisputed, liquidated and/or non-contingent claim, treat the claim as if a Proof of Claim was filed and proceed to mediation in the same manner as those claims for which a Proof of Claim was filed; and

(iii)  If the Claimant was listed on the Debtors' Schedules as holding an unliquidated, contingent or disputed claim, notify the Claimant that the Bar Date has passed and the claim is barred.

(b)  <u>Bar Date Notice Not Received Or Untimely Received</u>

With respect to those claims where the Bar Date Notice may not have been received by the claimant at all or received untimely, the Debtors intend to take the following steps:

(i)  Determine if the claimant in fact was sent the Claims Bar Date Notice;

(ii) If the Notice was sent, determine if the Bar Date Notice was sent timely and whether it was returned in the mail;

(iii) If the Bar Date Notice was not sent at all or was returned in the mail as undeliverable, attempt to ascertain the correct contact information;

(iv) Provide the Known Claimants who did not receive the Bar Date Notice or received the Notice untimely an additional opportunity to file a claim within a limited period of time ("Additional Bar Date");

(v) Upon receipt of the claim, proceed with mediation in the same manner as outlined in 1. above; and

(vi) With respect to those claimants who still do not file a Proof of Claim after the Additional Bar Date, proceed in the same manner as outlined in a. (iii) above with respect to barred claims.

B.   Asbestos Property Damage Claims

As outlined on Exhibit A, approximately 3,968 open Asbestos Property Damage Claims are pending against the Debtors. Due to the number of claims, the Debtors filed a motion requesting that the Court waive the provisions of Local Rule of Bankruptcy Procedure 3007-1 (the "3007-1 Motion"), which limits to 150 the number of claims that properly may be subject to a substantive omnibus objection. The Debtors requested that, with respect to certain substantive deficiencies (the "Gateway Objections"), the Debtors be permitted to file multiple omnibus objections without waiving any other substantive objections with respect to such claims. On March 22, 2004 the Court held a hearing on the 3007-1 Motion, granted the Motion with certain qualifications, and instructed counsel for the Debtors and the Asbestos Property Damage Committee to work out a proposed order in light of the Court's ruling.

A copy of the proposed order that has been agreed by the parties is attached as Exhibit C. Upon entry of the order, the Debtors intend to lodge Gateway Objections with respect to all relevant claims. Thereafter, the Debtors will proceed with substantive objections and common issue litigation as outlined in the Debtors case management proposal originally filed with the Court in May, 2001.

One exception is <u>Solow and Solow Development Corp. v. Grace & Co.</u>, pending in the New York State Appellate Court. The Debtors intend to move to voluntarily lift the automatic stay so that this case may proceed. <u>Solow</u> is on appeal, and an appeal bond has been posted by the Debtors. Interest is accruing on the appeal bond, and the Debtors believe it is in the best interest of all parties to conclude the appeal. A separate motion will be filed by the Debtors on this matter shortly.

C.    <u>Asbestos Personal Injury and ZAI Claims</u>

No bar date was set by the Court for either ZAI or Asbestos Personal Injury Claims. The ZAI Claims are subject to a separate procedure already underway before the Court. The Debtors have addressed the Asbestos Personal Injury Claims in various case management proposals still pending before the District Court.

Respectfully submitted,

KIRKLAND & ELLIS
David M. Bernick P.C.
James H.M. Sprayregen P.C.
James W. Kapp III
Janet S. Baer
200 East Randolph Drive
Chicago, Illinois 60601
Tel: (312) 861-2000
Fax: (312) 861-2200

PACHULSKI, STANG, ZIEHL YOUNG
JONES & WEINTRAUB P.C.

*David W. Carickhoff /by CJH*

Laura Davis Jones (#2436)
David W. Carickhoff Jr. (#3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705
(courier 19801)
Tel: (302) 652-4100

Co-Counsel for the Debtors and Debtors in Possession