IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

*Bench Filed on 5/24/04*

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.;[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | | Re: Docket No. |

**ORDER GRANTING THE RELIEF SOUGHT IN DEBTORS'
THIRD OMNIBUS OBJECTION TO CLAIMS (NON-SUBSTANTIVE)**

Upon consideration of the Third Omnibus Objection[2] of the above captioned debtors and debtors in possession (the "Debtors"), seeking entry of an order expunging, reducing, reclassifying and disallowing certain Claims; and no previous application having been made; and upon consideration of the Third Omnibus Objection and all responses thereto; and due and proper notice of the Third Omnibus Objection having been given, it is hereby

ORDERED that the Objection to each of the Claims listed on <u>Exhibit A</u> to this Order is continued to the June 21, 2004 omnibus hearing; and it is further

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms used but not defined herein are as defined in the Debtors' Third Omnibus Objection.

ORDERED that the Objection to each of the Claims listed on <u>Exhibit B</u> to this Order is continued to the June 21, 2004 omnibus hearing; and it is further

ORDERED that the Objection to each of the Claims listed on <u>Exhibit C</u> to this Order is withdrawn without prejudice; and it is further

ORDERED that the Objection to each of the Claims listed on <u>Exhibit D</u> to this Order is sustained and the claims are expunged and disallowed for all purposes; and it is further

ORDERED that the Objection to each of the Claims listed as indicated on <u>Exhibit E</u> to this Order is sustained and the claims are expunged and disallowed for all purposes; and it is further

ORDERED that in Third Omnibus Objection, the Debtors objected to Claim No. 6100 filed by the State of Montana Department of Environmental Quality ("Montana DEQ") contending that such claim is an Amended Claim on the basis that it is amended and superceded by Claim No. 15296 which claim was also filed by Montana DEQ. Upon further discussion with Montana DEQ, Montana DEQ and the Debtors agree as follows: Claim No. 6100 is disallowed and expunged for all purposes and Claim No. 15296 shall be treated as the remaining claim. Furthermore, Montana DEQ and the Debtors agree that Claim Nos. 15296, 15297 and 15298 are timely filed. As to the remaining claims, Claim Nos. 15296, 15297, and 15298 shall be unaffected by this Third Omnibus Objection; however, the Debtors retain the right to object to such claims on any grounds in the future upon proper notice and consistent with applicable bankruptcy rules; and it is further

ORDERED that to the extent that a claimant whose claim is expunged pursuant to this Order has an asbestos-related personal injury claim (a "PI Claim"), the expunging of the claim pursuant to this Order shall not affect the right of that claimant to later file a proof of claim for its

PI Claim, without leave of Court, and with such PI Claim being subject to applicable defenses of the Debtors once any bar date that may be established by the Court relating to the assertion of PI Claims is so established or any other procedure with respect to the assertion of PI Claims is established in these chapter 11 cases; and it is further

ORDERED that the rights of the Debtors to object to any claim listed on any exhibit to this Order for any reason are expressly preserved; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: _____5/24_____, 2004

_____
Honorable Judith K. Fitzgerald
United States Bankruptcy Judge