UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| W.R. GRACE & CO., et al., | ) Case No. 01-01139 (JKF) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) Objection Deadline: July 2, 2004 @ 4:00 p.m. |
| | ) Hearing Date: July 19, 2004 @ 12:00 p.m. |

## MOTION FOR ENTRY OF ORDER MODIFYING THE AUTOMATIC STAY PURSUANT TO SECTION 362(D) OF THE BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 4001(D)

Baker Hughes Oilfield Operations, Inc. ("Baker Hughes"), by and through its undersigned counsel, hereby submits this Motion for Entry of Agreed Order Modifying the Automatic Stay Pursuant to Section 362(d) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 4001(d) (the "Motion"). In support of the Motion Baker Hughes states as follows:

### JURISDICTION

1. This Court has jurisdiction of this contested matter pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. §§157(e), (b)(2)(G). The Court may grant the Motion pursuant to 11 U.S.C. §362(d).

### PRELIMINARY STATEMENT

2. Baker Hughes is the current owner of certain property located at 6880 Highway 89 North, Evanston, Wyoming (the "Evanston Property"). On December 29, 1983, Hughes Tool Company (a predecessor of Baker Hughes), Hughes Drilling Fluids, Inc. (a subsidiary of Hughes Tool Company) and W.R. Grace and Company ("W.R. Grace") became partners in a business partnership called "Hughes Drilling Fluids" ("Hughes Drilling Fluids"). In connection with the

-1-

formation of the Hughes Drilling Fluids partnership, W.R. Grace contributed substantially all the assets of its subsidiary, Drilling Mud, Inc., including the Evanston Property, to the partnership. After certain other conveyances, the Hughes Drilling Fluids partnership was owned fifty percent (50%) by Milpark, a Texas general partnership, and fifty percent (50%) by Drilling Mud, Inc. In 1987, Milpark purchased all of the stock of Drilling Mud, Inc.. Then, on September 25, 1987, Drilling Mud, Inc. was dissolved and all of its assets, including its fifty percent (50%) interest in Hughes Drilling Fluids, were transferred to Milpark. As of April 1, 1993, there were two equal partners in Milpark, Milchem, Inc. and Baker Hughes Incorporated, and on that day Baker Hughes Incorporated transferred all of its interest in Milpark to Milchem, Inc. Milchem, Inc. was merged into Baker Hughes INTEQ, Inc. on July 1, 1993. Baker Hughes INTEQ, Inc. changed its name to Baker Hughes Oilfield Operations, Inc. on July 1, 1993. Baker Hughes and its predecessors-in-interest have maintained possession of and paid all applicable taxes on the Evanston Property since the dissolution of Hughes Drilling Fluids in 1987.

3.     A recent title search conducted by Baker Hughes showed that TRG Drilling Corp. (predecessor to Grace Drilling Company, a subsidiary of W.R. Grace) still holds the record title to the Evanston Property. Baker Hughes believes that W.R. Grace, through TRG Drilling Corp., should have transferred legal title to the Evanston Property to Hughes Drilling Fluids back in 1983. Baker Hughes believes that W.R. Grace's failure to do so was the result of an oversight on the part of W.R. Grace.

4.     W.R. Grace does not claim any interest in the Evanston Property. W.R. Grace did not schedule the Evanston Property as one of its assets and has not exercised any possession or control over the Evanston Property since approximately 1983. Baker Hughes and its predecessors have paid all taxes and upkeep on the property since that time.

5. Baker Hughes has therefore requested that W.R. Grace deed legal title to the Evanston Property to its rightful owner, Baker Hughes. Baker Hughes therefore requests entry of the proposed Order modifying the automatic stay so as to allow W.R. Grace to deed the Property to Baker Hughes.

6. Section 362(d)(1) of the Bankruptcy Code permits the Court to enter an order granting a party-in-interest relief from the automatic stay when adequate "cause" exists. Section 362 (d) states, in relevant part:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if -
>
> (A) the debtor does not have an equity in such property; and
>
> (B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d).

7. Since the term "cause" is not defined by the Bankruptcy Code, Bankruptcy Courts routinely determine whether sufficient cause exists on a case-by-case basis.

8. Baker Hughes submits that adequate and sufficient "cause" exists in the current situation for a modification of the automatic stay in order for W.R. Grace to properly deed the Evanston Property to Baker Hughes.

9. In addition, Baker Hughes understands that W.R. Grace does not claim any interest in the Evanston Property and it is therefore not necessary to an effective reorganization in this case.

10. To the extent that the automatic stay applies to this particular factual situation, Baker Hughes respectfully requests entry of the proposed Order modifying the automatic stay to allow W.R. Grace to deed the Evanston Property to its rightful owner, Baker Hughes. Baker Hughes has consulted with W.R. Grace and understands that W.R. Grace does not oppose this motion.

WHEREFORE, Baker Hughes respectfully requests prays that this Court enter the proposed Agreed Order Modifying the Automatic Stay in order to permit W.R. Grace to deed the Evanston Property to its rightful owner, Baker Hughes, and for all such other and further relief to which Baker Hughes may be entitled, either at law or in equity.

Dated: May 27, 2004.

**ASHBY & GEDDES**

*[signature]*

Christopher S. Sontchi (I.D. #3159)
222 Delaware Avenue, 17th Floor
Wilmington, Delaware 19899
Telephone: 302-654-1888
Facsimile: 302-654-2067

and

**FULBRIGHT & JAWORSKI L.L.P.**

Johnathan C. Bolton
Joseph F. Frost
1301 McKinney, Suite 5100
Houston, Texas 77010
Telephone: 713-651-5151
Facsimile: 713-651-5246

ATTORNEYS FOR BAKER HUGHES OILFIELD OPERATIONS, INC.

143150.1