IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re ) | |
| ) | Chapter 11 |
| W.R. GRACE & CO., et al., ) | |
| ) | Case No. 01-01139 (JKF) |
| Debtors. ) | (Jointly Administered) |
| ) | |
| ) | Hearing Date: June 21, 2004 at 12:00 p.m. |
| ) | Objection Deadline: June 4, 2004 at 4:00 p.m. |

## RESPONSE OF EXXONMOBIL CHEMICAL COMPANY TO DEBTORS' FOURTH OMNIBUS OBJECTION TO CLAIMS (SUBSTANTIVE)

NOW COMES ExxonMobil Chemical Company, ("**ExxonMobil**"), by and through its undersigned counsel, and hereby responds (the "**Response**") to Debtors' Fourth Omnibus Objection to Claims (Substantive) (the "**Objection**"). In support of their Response, ExxonMobil respectfully states as follows:

## BACKGROUND

1. On or about April 2, 2001 (the "**Petition Date**") each of the Debtors in these chapter 11 cases filed a voluntary petition for relief under chapter 11 of the Bankruptcy Reform Act of 1978, as codified in title 11 of The United States Code, 11 U.S.C. §§ 101-1330 (as amended the "**Bankruptcy Code**"). The Debtors' cases are being jointly administered.

2. Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to manage their business and financial affairs as debtors in possession.

3. ExxonMobil is a supplier of various chemicals to the Debtors.

4. On or about April 17, 2002, ExxonMobil filed a valid proof of claim in the Debtors bankruptcy cases for the total amount of $71,547.45 (the "**Claim**").

## ARGUMENT

5. A proof of claim once filed establishes a "prima facie case" that a debtor objecting to such claim must overcome. FED. R. BANKR. P. 3001(f); <u>Machinery Rental, Inc. v. Herpel (In re Multiponics, Inc.)</u>, 622 F.2d 709, 714 (5th Cir. 1980) (proof of claim is claimant's "prima facie case"); <u>Wilson v. Huffman (In re Missionary Baptist Found. of Am.)</u>, 818 F.2d 1135, 1140, 1143 (5th Cir. 1987) ("a claim filed under section 501 of the Bankruptcy Code enjoys prima facie validity"); <u>In re Aerospace Technologies, Inc.</u>, 199 B.R. 331, 341 (Bankr. M.D.N.C. 1996) (Under subsection (f) of Bankruptcy Rule 3001 a proof of claim "executed and filed in accordance with these rules" constitutes <u>prima facia</u> evidence of the validity and amount of the claim); <u>Glinxa v. Darmonic Banking Co. (In re Kelton Motors, Inc.)</u>, 121 B.R. 166, 190 (Bankr. D. Vt. 1990) (bankruptcy rules provide for a presumption of the validity of a proof of claim); <u>Webster v. Barbara (In re Otis & Edwards, P.C.)</u>, 115 B.R. 900, 914 (Bankr. E.D. Mich. 1990) (claimant's insider status does not undermine "the prima facie validity of the verified proof of claim").

6. Once a creditor files a prima facie valid proof of claim, the burden of proof shifts to the debtor "to produce evidence sufficient to negate the prima facie validity of the filed claim." <u>In re Allegheny Inter., Inc.</u>, 954 F.2d 167, 173-74 (3d Cir. 1992); <u>In re TIE/Communications, Inc.</u>, 163 B.R. 435, 440-41 (Bankr. D. Del. 1994); <u>In re Nantucket Aircraft Maintenance Co., Inc.</u>, 54 B.R. 86, 88 (Bankr. Mass. 1985) (When an objection to a proof of claim is made, the objecting party carries the burden of going forward with evidence showing facts tending to defeat the claim).

7.  ExxonMobil's Claim is prima facie valid as filed. The basis for the Debtors' Objection is that the Claim is filed for an amount that differs from the amount reflected on the Debtors' books and records. The Debtors' Objection contains no evidence sufficient to negate the prima facie validity of ExxonMobil's Claim. Nor is it enough for the Debtors to merely state that they believe that the amount of ExxonMobil's Claim is overstated to sustain their Objection. ExxonMobil has clearly established, through the exhibits attached to their Claim, that ExxonMobil is entitled to the full amount of its claim in these cases. The Debtors have tried to improperly shift the burden to ExxonMobil to prove the prima facie validity of the Claim. The Debtors have the burden to produce evidence, at the hearing, sufficient to negate the prima facie validity of the Claim. The Debtors have not provided this Court with a single piece of evidence to dispute the amount of ExxonMobil's claim, and therefore, the Debtors' Objection should be overruled.

WHEREFORE, ExxonMobil respectfully requests that this Court: (1) overrule the Debtors' Objection; and (2) grant ExxonMobil such other and further relief as this Court deems just and proper.

Dated: June 3, 2004

GREENBERG TRAURIG, LLP

_____
Scott D. Cousins (No. 3079)
William E. Chipman Jr. (No. 3818)
The Brandywine Building
1000 West Street, Suite 1540
Wilmington, DE 19801
(302) 661-7000

Counsel for ExxonMobil Chemical Company