UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| W.R. GRACE & CO., et al., ) | Case No. 01-01139 (JKF) |
| Debtors ) | (Jointly Administered) |
| ) | |

**RESPONSE OF SPAULDING & SLYE CONSTRUCTION LP (CLAIM NO. 203)
TO DEBTORS' FOURTH OMNIBUS OBJECTION TO CLAIMS (SUBSTANTIVE)**

Spaulding & Slye Construction LP ("S&S") hereby responds to Debtors' Fourth Omnibus Objection to Claims (Substantive) (the "Objection"), on the grounds that, *inter alia*, the Debtor has failed to establish that S&S' claim is not valid and correct in the full amount stated.

In support of its Response, S&S avers and asserts as follows:

Procedural Facts

1. S&S is a limited partnership with a principal place of business at 255 State Street, Boston, Massachusetts.

2. For purposes of the resolution of S&S' claim, the contact people are Peter B. McGlynn, Esq. and Bruce D. Levin, Esq. of Bernkopf Goodman LLP, and can be reached at 617.790.3000. Messrs. McGlynn and Levin are legal counsel for S&S relative to the above-captioned bankruptcy proceeding.

3. On or about April 2, 2001, W.R. Grace & Co. (the "Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code.

4. On or about June 27, 2002, S&S filed a Proof of Claim for an unsecured claim in the amount of $1,403,017. That claim has been denominated as Claim No. 203. Attached to the

Proof of Claim and incorporated therein, are a synopsis of the bases for S&S' claim and a copy of the pertinent contract between S&S and the Debtor. The documentation concerning the basis of S&S' claim is voluminous and has already been provided to the Debtor or is in the Debtor's possession. S&S is willing to make all relevant and non-privileged documentation to support its claim available to the Debtor for inspection and copying during usual business hours at the location where such documents are maintained in the ordinary course of business.

5. By means of the Objection, the Debtor has moved to "reduce and allow" S&S' claim to $549,159. The sole reason for modification is "mutually-agreed settlement." Objection, Exhibit "D." No particular settlement agreement is identified nor is any detailed information concerning the putative settlement provided.

## Facts Regarding S&S' Claim

6. On or about August 11, 2000, S&S and the Debtor entered into a written contract (the "Contract") under which S&S agreed to provide labor, materials and construction services for the construction and renovation of Buildings 29, 123 and 34 located at 62 Whittemore Avenue, Cambridge, Massachusetts (the "Project"). A copy of the Contract is attached to S&S' Proof of Claim as Exhibit "B."

7. By agreement between the Debtor and S&S, the Contract was amended to delete the work on Building 34.

8. Under the Contract, the Debtor agreed to pay S&S: (A) all costs incurred by S&S for the performance of the Project in accordance with a schedule of reimbursable costs set forth in Article 5 of the Contract; and (B) a Contractor's Fee of $112,543. Also, under the Contract, the total of the costs incurred by S&S in performance of the Project together with the Contractor's Fee of $112,543 was not to exceed the Guaranteed Maximum Price of $2,350,866

(the "GMP Price") although this amount was subject to additions and deductions to the Contract as authorized by the Debtor. Moreover, in the event additional work was authorized by the Debtor which increased the Contract price, S&S was entitled to have the GMP Price increased by an amount equal to the increased cost of the Contract work plus a fifteen percent (15%) markup to the Contractor's Fee and to the Contract's General Conditions work.

9. During the course of S&S' work on the Project, numerous changes in the scope of the Project were performed. A total of 72 change orders were initiated or authorized by the Debtor having a total value of $1,151,890 ("Change Order Work"). All Change Order Work was performed by S&S with the knowledge of the Debtor whose authorized representatives were on the Project site and who observed, acknowledged and accepted S&S' work on a continuous basis.

10. During the course of S&S' performance of the Change Order Work, S&S periodically advised the Debtor's representatives as to the increases in the GMP Price resulting from the Change Order Work.

11. As of December 9, 2000, the Debtor commenced beneficial use and occupancy of Building 29 in the Project. As of December 15, 2000, the Debtor commenced beneficial use and occupancy of Building 123 in the Project.

12. In December, 2000, a Temporary Certificate of Occupancy for the entire Project was issued by the City of Cambridge, Massachusetts.

13. S&S has completed all Contract Work and all Change Order Work as defined therein.

14. Under the Contract, S&S was entitled to be paid the full amount of each Application for Payment by the 25th day of each month, less ten percent (10%) retainage, plus a

proportional amount of the Contractor's Fee; provided, however, that upon S&S' completion of fifty percent (50%) of the Project, no further retention was to be withheld such that the maximum amount of retainage would not exceed five percent (5%) of the cost of the Work and the Contractor's Fee.

15. S&S has previously submitted Applications for Payment to the Debtor totaling $2,350,866 for base Contract work, but has only received the sum of $1,966,887 in payments from the Debtor on such Applications for Payment, leaving a base Contract balance of $388,979.

16. On or about January 5, 2001, S&S submitted Application for Payment No. 4 containing a request for payment of $1,212,877 for the Change Order Work. This amount became due and payable to S&S on or before January 25, 2001.

17. All amounts set forth in the preceding two paragraphs were immediately due and payable to S&S by the Debtor.

18. Under the Contract, S&S is entitled to Interest at the rate of Fleet Bank N.A.'s (now Bank of America) prime rate plus two percent on all unpaid balances.

19. There is currently due and owing to S&S the sum of $1,403,017 from the Debtor together with interest computed at the Contract interest rate.

Legal Discussion

20. Rule 3001 of the Federal Rules of Bankruptcy Procedure ("Rule 3001") provides that a proof of claim shall conform substantially to the appropriate Official Form, which is Form No. 10. S&S' Proof of Claim complies with Official Form No. 10.

21. 11 U.S.C. §502(a) provides, in pertinent part, that, "[a] claim of interest, proof of which is filed under Section 501 of this title, is deemed allowed, unless a party in interest . . . objects." Moreover, Rule 3001(f) provides that, "[a] proof of claim executed and filed in

accordance with these rules shall constitute *prima facie* evidence of the validity and amount of the claim." See H.R. Rep. No. 95-595, 95th Cong., 1st Sess., at 352 (1977); S. Rep. No. 95-989, 95th Sess., at 62 (1978).

22.	Although the Debtor objected to the amount of the Proof of Claim by means of the Objection, the Debtor has the burden to do more than merely file an objection that states that the sum of $549,159 is a "Mutually-Agreed Settlement" of S&S' claim. The Debtor has the burden to overcome the *prima facie* validity of the Proof of Claim to shift the ultimate burden of production to S&S. *In re Wilkinson*, 175 B.R. 627, 628 (Bankr. E.D. Va. 1994); *In re Friedman*, 184 B.R. 883, 887 (Bankr. N.D.N.Y.), *aff'd* 184 B.R. 890 (N.D.N.Y. 1995); *In re Ashline*, 37 B.R. 136, 139 (Bankr. N.D.N.Y. 1984). A debtor objecting to a claim must come forward with facts and evidencing tending to rebut the presumption of validity. *Id.; see In re Allegheny Int'l*, 954 F.2d 167 (3d Cir. 1992) (objecting party must come forward with evidence which, if believed, would refute at least one of the allegations essential to claim). Only after the objecting party produces evidence equal in force to the *prima facie* claim does the burden revert to the claimant to prove the validity of its claim by a preponderance of the evidence. *Id.* at 173-74; *see also Fulmer v. U.S.*, 962 F.2d 1463, 1466 (10th Cir. 1992).

23.	As the Debtor has failed to set forth any legally or factually sufficient basis for the reduction of the Proof of Claim, the Court should dismiss the Objection and allow S&S' claim as an allowed unsecured claim in the amount of $1,403,017. As noted above, the totality of the Debtor's objection is "Mutually-Agreed Settlement." No further information is provided. Although S&S and the Debtor discussed a possible settlement of the amount owed to S&S prior to the Debtor's bankruptcy filing, a settlement was never consummated, a settlement agreement was never executed by the Debtor and no amount was ever paid by the Debtor. Moreover, the

never-consummated settlement discussions did not constitute either an admission by S&S that it was owed less than the full amount it is entitled to pursuant to the Contract nor was the concept that S&S' work be valued as an unsecured bankruptcy claim ever discussed. Summarily, S&S is owed at least $1,403,017 pursuant to the Contract. Pre-petition discussions of the amount owed by the Debtor have no legal or other effect on the amount of S&S' claim.

24. At a minimum, S&S is entitled to discovery and an evidentiary hearing in connection with the Objection. S&S hereby reserves all rights and remedies it may be entitled to pursuant to Bankruptcy Rule 9014.

WHEREFORE, S&S respectfully requests that this Court enter an Order:

1. Denying the Debtor's Fourth Omnibus Objection to Claims, as it relates to S&S' claim (Claim No. 203);

2. Allowing S&S' Proof of Claim in full; or, in the alternative,

3. Establishing a schedule for discovery and scheduling an evidentiary hearing; and

4. Granting S&S such other and further relief as is necessary and just.

SPAULDING & SLYE CONSTRUCTION LP,
By its attorneys,

_____
Peter B. McGlynn, Esquire, BBO No. 333660
Bruce D. Levin, Esquire, BBO No. 548136
Bernkopf Goodman LLP
125 Summer Street, Suite 1300
Boston, Massachusetts 02110
Telephone:   (617) 790-3000
Facsimile:   (617) 790-3300

Dated: June 3, 2004
#291112 v1/37053/32