**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | Hearing Date: June 21, 2004 at 12:00 p.m. |
| | ) | Objection Deadline: June 4, 2004 at 4:00 p.m. |

**RESPONSE OF MARSHALLS OF MA, INC. TO DEBTORS'**
**FIFTH OMNIBUS OBJECTION TO CLAIMS (SUBSTANTIVE)[DOCKET NO. 5527]**

Marshalls of MA, Inc. ("Marshalls") by and through its attorneys, hereby responds (the "Response") to the Debtors' Fifth Omnibus Objection to Claims (Substantive) (the "Objection"). In support of this Response, Marshalls states as follows:

1. W.R. Grace & Co.-Conn., a debtor in the above captioned cases (the "Cases"), is the sublandlord and Marshalls the subtenant under (a) a sublease for premises located in Jericho, NY and (b) a sublease for premises located in East Meadow, NY (collectively referred to herein as the "Subleases"). Upon information and belief, the above-captioned debtors (the "Debtors") have not assumed, assumed and assigned, or rejected the Subleases in the Cases.

2. On or about March 31, 2003 Marshalls filed a proof of claim against W.R. Grace & Co.- Conn. (the "Marshalls Claim"). In the Marshalls Claim, Marshalls asserts a claim for contingent and/or unliquidated amounts due or to become due to Marshalls under the terms of the Subleases, and reserved the right to amend and to supplement the Marshalls Claim as amounts become liquidated. Marshalls further explained that, among other things, (i) W.R. Grace & Co.- Conn. has various liabilities and obligations to Marshalls under the Subleases, (ii) Marshalls may have made prepayments of over-payments on account of obligations due to W.R.

Document #: 34543

Grace & Co.- Conn. under the Subleases and may be entitled to reimbursement, and (iii) Marshalls may incur expenses, including, but not limited to, reasonably foreseeable incidental and consequential damages, in connection with any rejection by the Debtors of the Subleases.

3. In the Objection, the Debtors object to the Marshalls Claim and propose to disallow the Marshalls Claim. In <u>Exhibit C</u> and <u>Exhibit D</u> to the Objection, the Debtors state the following reasons for the requested disallowance: (i) "No Current Liability, Speculative Claim Filed in Connection with 2 Leases That Have Not Been Assumed or Rejected," and (ii) "Claim Amount is Unliquidated."

5. As the Debtors have not yet determined whether to assume or reject either of the Subleases, the Objection, as it relates to the Marshalls Claim, is premature and should therefore be denied. If the Debtors are permitted to disallow the Marshalls Claim and later elect to reject the Subleases, Marshalls would have to file a Proof of Claim in substantially the same form as the Marshalls Claim. The Debtors have not demonstrated any need to disallow the Marshalls Claim prior to a decision regarding the assumption or rejection of the Subleases.

**WHEREFORE,** Marshalls requests that this Court deny the Debtors' Objection with respect to the Marshalls Claim and allow the Marshalls Claim to remain on the Debtors' claims register as unliquidated until such time as the Debtors elect to assume or reject the Subleases and a damage calculation, if any, can be made and grant such other and relief as is just and proper.

Respectfully submitted,

MONZACK AND MONACO, PA

*[signature]*

Francis A. Monaco, Jr. (#2078)
Kevin J. Mangan (#3810)
1201 N. Orange Street, Suite 400
Wilmington, DE 19801
(302) 656-8162

-and-

Steven T. Hoort (MA BBO# 239380)
Darcie P.L. Beaudin (MA BBO# 641669)
ROPES & GRAY LLP
One International Place
Boston, Massachusetts 02110-2624
Tel – (617) 951-7000
Fax – (617) 951-7050

Attorneys for Marshalls of MA, Inc.

Dated: June 4, 2004

Document #: 34543