IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | RE DN 5324 |
| | | 5/24/04 Agenda Item 4 |

**STIPULATION AND AGREED ORDER BY AND BETWEEN
WILLIAM B. DUNBAR AND W. R. GRACE & CO.--CONN.**

WHEREAS, pursuant to this Court's order dated April 28, 2003, the above captioned debtors and debtors in possession (collectively, the "Debtors") paid the sum of $22,245.23 to William B. Dunbar ("Landlord"), as landlord under that certain lease (the "Lease") for those certain premises commonly known as 4315 Clinton Highway, Knoxville, Tennessee (the "Premises"), as cure of all amounts owing under the Lease through April 28, 2003 (the "Cure Payment"); and

WHEREAS, pursuant to such order, the Debtors assumed the Lease; and

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

WHEREAS, as a result of inadvertence and mutual mistake of the parties, certain pre-petition real estate taxes payable by the Debtors under the lease (the "Taxes") were not included in the Cure Payment; and

WHEREAS, the Debtors and the Landlord agree that the Taxes are the obligation of the Debtors pursuant to the Lease and should have been paid as part of the assumption of the Lease; and

WHEREAS, the Landlord had previously filed a claim related to obligations under the Lease in the amount of $22,745.25, docketed as claim number 2637 ("Claim No. 2637"); and

WHEREAS, the Debtors and the Landlord have reached an agreement to correct the inadvertence and mutual mistake of the parties and resolve the Landlord's claim as set forth herein.

NOW, THEREFORE, IT APPEARING THAT SUFFICIENT CAUSE EXISTS FOR GRANTING THE RELIEF REQUESTED HEREIN AND THAT THE RELIEF REQUESTED HEREIN IS IN THE BEST INTERESTS OF THE DEBTORS' ESTATES AND CREDITORS, IT IS HEREBY ORDERED AS FOLLOWS:

1. The foregoing recitals are hereby fully incorporated into and made an express part of this Stipulation and Agreed Order.

2. Upon the Court's approval of this Stipulation and Agreed Order, the Debtors shall pay to the Landlord $10,922.84 to pay all taxes due and payable under the Lease prior to April 28, 2003, and with respect to the Premises. Accordingly, the Landlord waives its right to make demand against the Debtors for payment of any amount, other than as provided herein, arising prior to the date of this Stipulation and Agreed Order related to the Lease, the Premises or Claim No. 2637. Upon payment of the $10,922.84, the Debtors shall be deemed to have fully satisfied

all claims which may have been asserted by the Landlord against the Debtors with respect to the Cure Payment, Claim No. 2637, the Lease or the Premises for all amounts due and owing as of April 28, 2003, and the Landlord shall not be entitled to any further distribution related thereto with the exception that this Stipulation shall have no effect on the computation or amount of percentage rent, if any, owed by the Debtors under the Lease for 2003 which rent is due and payable in April 2004.

3. Claim No. 2637 is hereby expunged and disallowed.

4. This court shall retain jurisdiction to hear and determine all matters related to the entry of this Stipulation.

5. This Stipulation is subject to the approval of this Court, and the terms and provisions of the agreement contained herein shall be void and of no further force and effect if such approval is not granted.

6. Each of the undersigned counsel represents that he is authorized to execute this Stipulation on behalf of his respective client.

7. This Stipulation may be executed in multiple facsimile or original counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument.

*[Signature on the following page]*

So stipulated and agreed this 15th day of ~~January~~ March, 2004.

W. R. GRACE & CO.-CONN.

By: _____
Kirkland & Ellis LLP
Its: Attorney
Dated: ~~January~~ March 15, 2004

LANCE DUNBAR
as successor in interest to William Dunbar

By: _____
Case Bigelow & Lombardi
His: Attorney
Dated: January 15, 2004

SO APPROVED AND ORDERED this 8th day of ___June___, 2004

_Judith K. Fitzgerald_
**reb**
United States Bankruptcy Judge

4