IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

**SECOND INTERIM FEE APPLICATION OF DUFF & PHELPS, LLC,
FINANCIAL ADVISOR TO STATE STREET BANK AND TRUST COMPANY
AS INVESTMENT MANAGER AND FIDUCIARY OF THE
GRACE STOCK WITHIN THE GRACE SAVINGS & INVESTMENT
PLAN FOR THE PERIOD FEBRUARY 2004 THROUGH APRIL 2004**

| | |
|---|---|
| Name of Applicant: | Duff & Phelps LLC |
| Authorized to Provide | State Street Bank and Trust Company ("State Street"), Investment Manager and Professional Services to: Fiduciary of the Grace Stock within the Grace Savings & Investmen Plan |
| Date of Retention: | State Street was engaged by order of the Court dated December 12, 2003. |
| Period for which compensation is sought: | February 2004 through April 2004 |
| Amount of fees and expenses sought as actual, reasonable and necessary: | $52,416.91 |
| This is a(n): | _X_ interim      ___ final application |

The total time expended for the preparation of this application is approximately 2 hours by all professionals for a total of $0.

Prior Applications: Interim Application dated March 4, 2004

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

**SECOND INTERIM FEE APPLICATION OF DUFF & PHELPS, LLC,
FINANCIAL ADVISOR TO STATE STREET BANK AND TRUST COMPANY
AS INVESTMENT MANAGER AND FIDUCIARY OF THE
GRACE STOCK WITHIN THE GRACE SAVINGS & INVESTMENT PLAN
FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF
EXPENSES FOR THE PERIOD FEBRUARY 2004 THROUGH APRIL 2004**

In accordance with the Order Authorizing the Debtors to Retain State Street Bank and Trust Company as Investment Manager and Fiduciary of the Grace Stock within the W.R. Grace Savings & Investment Plan ("State Street") dated December 12, 2003, Duff & Phelps LLC (D&P), financial advisor to State Street Bank, hereby submits its second interim fee application for allowance of compensation and reimbursement of expenses for the period February 2004 through April 2004 (the "Application"). In support of this Application, D&P respectfully represents as follows:

1.   As set forth below, D&P requests second interim allowance of fees in the aggregate amount of $50,000, representing an agreed upon flat fee for financial analyses rendered on behalf of State Street, and actual, reasonable expenses in the aggregate amount of $2,416.91. These amounts represent fees generated and expenses incurred by D&P during the months of February, March and April 2004.

2.   On April 2, 2001 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors are operating their

LIBC/1946458.1

businesses and managing their properties and assets as debtors and debtors-in-possession pursuant to sections 1007(a) and 1108 of the Bankruptcy Code.

3. On August 18, 2003, the Debtors filed their application (the "Retention Application") seeking entry of an order under sections 105 and 363(b) of the Bankruptcy Code authorizing the Debtors and the Investment and Benefits Committee of W.R. Grace to retain State Street for a period of up to one year, approving the terms of the engagement agreement between W.R. Grace and State Street and approving a limited indemnification of State Street and D&P (the "Retention Order"). Pursuant to the terms of State Street's engagement, State Street shall be reimbursed for fees and expenses of its counsel and financial advisor subject to the fee limitations contained in the Retention Application. W.R. Grace agreed to pay D&P a flat fee of $50,000 in preparing and presenting an initial financial analysis on the valuation of Grace stock plus reasonable, accrued expenses. In addition, W.R. Grace agreed to pay D&P a monthly retainer fee of $25,000 for the two month period follwing presentation of the initial financial analysis, for providing State Street periodic update financial analyses and any other financial advisory services that might be reasonably requested. These terms were fully disclosed in the Retention Application.

4. The Court entered the Retention Order on December 12, 2003. The Retention Order provides that, among other things, the professionals utilized by State Street in its engagement shall apply to the Court for payment of their fees and reimbursement of their expenses.

5. It is pursuant to the Retention Order that D&P hereby files its second interim fee application. D&P submits that the Application substantially complies with the

Administrative Order under 11 U.S.C. §§105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, dated May 3, 2001, effective as of April 2, 2001 and (b) the Amended Administrative Order Under 11 U.S.C. §§105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, dated April 17, 2002 as required by the Retention Order. Because the terms of the D&P engagement letter approved by the Court in connection with approval of the Retention Application provided that D&P would charge a flat fee in this matter and because D&P does not usually maintain hourly time records, D&P cannot provide a detailed statement of tasks performed broken down into tenths of an hour. D&P however has provided summary charts of the various tasks performed on behalf of State Street during the Application period, including the meetings attended and reports issued.

6. D&P has also attached to this Application a detailed chart of out-of-pocket expenses.

7. All of the services for which compensation is sought were rendered by D&P to State Street solely in connection with this case and in furtherance of the duties and responsibilities of State Street and not on behalf of any creditor or other person.

8. None of the amounts requested have been paid. No agreement exists between D&P and any other person or entity (other than a member of D&P) to share any compensation in connection with D&P's services on behalf of State Street.

9. Pursuant to the Amended Administrative Order, D&P has served copies of this Application upon (a) David B. Siegel, W.R. Grace & Co.; (b) co-counsel for the Debtors;

(c) co-counsel to the debtor-in-possession lender; (d) counsel to the Committees, including counsel for the Official Committee of Unsecured Creditors; counsel to the Official Committee of Asbestos Property Damage Claimants; counsel to the Official Committee of Personal Injury Claimants; and the Official Committee of Equity Holders; (e) the Fee Auditor; and (f) the Office of the United States Trustee.

10. The nature of the work performed by D&P during the Application period included the following:

    (a)     review of W.R. Grace's operations and financial performance;

    (b)     meetings with State Street to discuss the status of the Chapter 11 proceedings, W.R. Grace's business and financial performance and W.R. Grace stock valuation probability scenarios; and

    (c)     providing summary updates of financial and valuation conclusions.

11. Under the Bankruptcy Code, professionals performing services in a bankruptcy case are entitled to "reasonable compensation for actual, necessary services" and "reimbursement for actual, necessary expenses." 11 U.S.C. §330(a)(1)(A).

12. In determining if the amount of compensation is "reasonable," the courts consider the "nature, the extent, and the value" of the services rendered, taking into account the following factors: the time spent on the services; the rates charged for the services; whether the services were necessary or beneficial to the administration of the case; whether the services were performed in a reasonable amount of time commensurate with the complexity, importance and nature of the services; and whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under Chapter 11. D&P submits that it has

satisfied the relevant criteria to support the requested compensation and reimbursement of expenses.

13. The compensation sought herein is based on D&P's customary fees, which are in line with the customary fees charged by comparably skilled practitioners in similar cases.

14. D&P's services have been rendered in an efficient manner by experts in their fields. D&P is a well-respected firm in the area of stock valuation and its fees charged are commensuarate with its level of expertise.

15. No prior application for the relief requested herein has been made.

WHEREFORE, D&P respectfully requests second interim allowance of compensation in the amount of $50,000 and reimbursement of expenses in the amount of $2,416.91 and such other and further relief as this Court deems just and proper.

Dated: May 17, 2004                    Respectfully submitted,

                                       DUFF & PHELPS, LLC

                                       By: Daniel Bayston

LIBC/1946458.1