*Chart 6*

| Remedium Group, Inc. |
| :---: |
| **Accounts Receivable Reconciliation and Aging** |
| **MOR-5** |
| **February 2004** |

**Trade Accounts Receivable Reconciliation**

| | | |
| :--- | :---: | ---: |
| Trade accounts receivable, beginning of month, gross | $ | - |
| Amounts billed during the period | | - |
| Amounts collected during the period | | - |
| Other | | - |
| Trade accounts receivable at the end of month, gross | $ | - |

**Trade Accounts Receivable Aging**

| | | |
| :--- | :---: | ---: |
| Current | $ | - |
| 1-30 days past due | | - |
| 31-60 days past due | | - |
| +61 days past due | | - |
| Trade accounts receivable, gross | | - |
| Allowance for doubtful accounts | | - |
| Trade accounts receivable, net | $ | - |

**Notes and Accounts Receivable Reconciliation**

| | | |
| :--- | :---: | ---: |
| Trade accounts receivable, net | $ | - |
| Customer notes and drafts receivable | | - |
| Pending customer credit notes | | - |
| Advances and deposits | | - |
| Nontrade receivables, net | | - |
| Total notes and accounts receivable, net | $ | - |

H-000055

*Chart 6*

**Darex Puerto Rico, Inc.**
**Accounts Receivable Reconciliation and Aging**
**MOR-5**
**February 2004**

**Trade Accounts Receivable Reconciliation**

| | | |
|---|---|---:|
| Trade accounts receivable, beginning of month, gross | $ | 3,067,570 |
| Amounts billed during the period | | 846,058 |
| Amounts collected during the period | | (1,074,688) |
| Other | | 23,439 |
| Trade accounts receivable at the end of month, gross | $ | 2,862,379 |

**Trade Accounts Receivable Aging**

| | | |
|---|---|---:|
| Current | $ | 1,757,222 |
| 1-30 days past due | | 375,595 |
| 31-60 days past due | | 563,614 |
| +61 days past due | | 165,948 |
| Trade accounts receivable, gross | | 2,862,379 |
| Allowance for doubtful accounts | | (37,625) |
| Trade accounts receivable, net | $ | 2,824,754 |

**Notes and Accounts Receivable Reconciliation**

| | | |
|---|---|---:|
| Trade accounts receivable, net | $ | 2,824,754 |
| Customer notes and drafts receivable | | - |
| Pending customer credit notes | | - |
| Advances and deposits | | - |
| Nontrade receivables, net | | 3,147 |
| Total notes and accounts receivable, net | $ | 2,827,901 |

H-000056

*Chart 6*

| Grace Europe, Inc. Accounts Receivable Reconciliation and Aging MOR-5 February 2004 | | |
|---|---|---|
| **Trade Accounts Receivable Reconciliation** | | |
| Trade accounts receivable, beginning of month, gross | $ | - |
| Amounts billed during the period | | - |
| Amounts collected during the period | | - |
| Other | | - |
| Trade accounts receivable at the end of month, gross | $ | - |
| **Trade Accounts Receivable Aging** | | |
| Current | $ | - |
| 1-30 days past due | | - |
| 31-60 days past due | | - |
| +61 days past due | | - |
| Trade accounts receivable, gross | | - |
| Allowance for doubtful accounts | | - |
| Trade accounts receivable, net | $ | - |

| **Notes and Accounts Receivable Reconciliation** | | |
|---|---|---|
| Trade accounts receivable, net | $ | - |
| Customer notes and drafts receivable | | - |
| Pending customer credit notes | | - |
| Advances and deposits | | - |
| Nontrade receivables, net | | 95,501 |
| Total notes and accounts receivable, net | $ | 95,501 |

H-000057

Chart 7

| W.R. Grace & Co., et al Debtor Questionnaire MOR - 5 February 2004 | | |
|---|---|---|
| | Yes | No |
| 1.  Have any assets been sold or transferred outside the normal course of business this reporting period?  If yes, provide an explanation below. | | X |
| 2.  Have any funds been disbursed from any account other than a debtor in possession account for this reporting period?  If yes, provide an explanation below. | | See Note #5 below |
| 3.  Have all postpetition tax returns been timely filed? If no, provide an explanation below. | X | |
| 4.  Are workers compensation, general liability and other necessary insurance coverages in affect?  If no, provide and explanation below. | X | |
| 5.  Are post-petition accounts payable and tax obligations current and paid to date? If no, provide an explanation. | X (unless disputed in normal course of business) | |

**Note #5**
As part of the first day orders submitted to the court on April 2, 2001, an application for the Debtors to (a) continue and maintain their consolidated cash management system, (b) continue and maintain their existing bank accounts and (c) continue to use existing business forms and granting related relief was included.  The Debtors have continued to use their existing bank accounts and no new debtor in possession accounts have been established.

| List assets sold/transferred outside the normal course of business over $25,000: Description of Asset | Sale Date | Proceeds |
|---|---|---|
| | | |

H-000058

**Combined Chapter 11 Filing Entity Statements**

H-000059

*Chart 8*

| W. R. Grace & Co. - Chapter 11 Filing Entities | | | | |
| Combined Statement of Operations | | | | |
| | Month Ended February | | Two Months Ended February | |
| In millions | 2004 | 2003 | 2004 | 2003 |
|---|---|---|---|---|
| Net sales to third parties | $    65.0 | $    59.6 | $    133.0 | $    126.7 |
| Net sales to non-filing entities | 18.7 | 9.2 | 40.1 | 20 6 |
| Interest and royalties from non-filing entities | 2.5 | 4 9 | 5.0 | 7.2 |
| Other income | 1.8 | 2.4 | 1.7 | 4 8 |
| | 88.0 | 76.1 | 179.8 | 159.3 |
| Cost of goods sold to third parties | 46.4 | 43.0 | 92.5 | 87.4 |
| Cost of goods sold to non-filing entities | 15.3 | 6.5 | 33.4 | 14.6 |
| Selling, general and administrative expenses | 21.0 | 18.8 | 38.5 | 37 2 |
| Depreciation and amortization | 4.8 | 5.3 | 9.7 | 10.4 |
| Research and development expenses | 2.9 | 3.2 | 5.6 | 7 0 |
| Net pension expense | 3.2 | 4.1 | 7.2 | 8.2 |
| Interest expense | 1.3 | 1.4 | 2.5 | 2 8 |
| | 94.9 | 82.3 | 189.4 | 167.6 |
| Loss before Chapter 11 expenses. income taxes and equity in net income of non-filing entities | (6.9) | (6.2) | (9.6) | (8 3) |
| Chapter 11 expenses, net | (0.7) | (1.2) | (2.0) | (1.6) |
| (Provision for) benefit from income taxes | (1.1) | 1.8 | (2.8) | 0.6 |
| Loss before equity net income of non-filing entities | (8.7) | (5 6) | (14.4) | (9.3) |
| Equity in net income of non-filing entities | 13.6 | 1 8 | 24.2 | 8 6 |
| **Net income (loss)** | $    4.9 | $    (3 8) | $    9.8 | $    (0.7) |

The Notes to Combined Financial Statements are an integral part of these statements.

Chart 9

| W. R. Grace & Co. - Chapter 11 Filing Entities | | |
|---|---|---|
| Combined Functional Basis Statement of Cash Flows | | |
| *In millions* | Month Ended February 29, 2004 | Two Months Ended February 29, 2004 |
| **Core operations cash flow** | | |
| Pre-tax income from core operations | $          (5.8) | $          (6.1) |
| Depreciation and amortization | 4.8 | 9.7 |
| | (1.0) | 3.6 |
| Contributions to defined benefit pension plans | (0.3) | (0.7) |
| Cash received from Non-Filing entity operating loans | - | - |
| Cash received from Non-Filing entity investment | - | - |
| Changes in all core assets/liabilities and other | 4.9 | 15.0 |
| **Core Pre-tax Operating Cash Flow** | 3.6 | 17.9 |
| Capital expenditures | (2.0) | (4.1) |
| **Core Pre-tax Operating Free Cash Flow** | 1.6 | 13.8 |
| **Charges against core reserves** | | |
| Pension liabilities | - | - |
| Deferred compensation | - | - |
| Self insurance | - | - |
| **Total Spending Against Core Reserves** | - | - |
| **Net Core Cash Flow** | 1.6 | 13.8 |
| **Noncore cash flow** | | |
| Proceeds from asset sales | - | - |
| Benefit proceeds under life insurance policies | 5.3 | 5.3 |
| Other noncore pretax cash flow | (0.5) | (0.8) |
| **Noncore Pre-tax Cash Flow** | 4.8 | 4.5 |
| **Charges against noncore reserves** | | |
| Asbestos | | |
|   Asbestos claims processing | (0.6) | (1.1) |
|   Less - insurance recovery | - | - |
| Net asbestos payments | (0.6) | (1.1) |
| Environmental remediation | (1.4) | (1.8) |
| Retained obligations and other | (0.2) | (0.3) |
| Postretirement benefits | (0.9) | (1.8) |
| **Total Spending Against Noncore Reserves** | **(3.1)** | **(5.0)** |
| **Noncore Cash Flow** | 1.7 | (0.5) |
| **Total Pre-tax/Pre-Interest/Pre-Chapter 11 Cash Flow** | 3.3 | 13.3 |
| Cash paid for taxes, net of refunds | (0.4) | (0.5) |
| Cash received from interest, net | - | - |
| Chapter 11 expenses paid | (0.7) | (1.2) |
| **Cash Flow before Strategic Investments** | 2.2 | 11.6 |
| **Strategic Investments** | | |
| Cash paid for businesses acquired | - | - |
| **Cash used for Strategic Investments** | - | - |
| **Cash Flow after Strategic Investments** | 2.2 | 11.6 |
| Borrowings (repayments) under the DIP facility, net of fees | (0.2) | (0.4) |
| Net (investing)/financing activities under life insurance policies | (5.9) | (5.9) |
| **Net Cash Flow** | $          (3.9) | $          5.3 |

The Notes to Combined Financial Statements are an integral part of these statements.

Chart 10

| W. R. Grace & Co. - Chapter 11 Filing Entities | | | |
| --- | --- | --- | --- |
| **Combined Balance Sheet** | | | |
| *In millions* | February 29, 2004 | December 31, 2003 | April 2, 2001 |
| **ASSETS** | | | |
| **Current Assets** | | | |
| Cash and cash equivalents | $        125.8 | $        120.5 | $           8.6 |
| Accounts and other receivables, net | 108.5 | 105.6 | 43.8 |
| Receivables from non-filing entities, net | 38.3 | 46.2 | 51.2 |
| Inventories | 83.1 | 81.2 | 80.6 |
| Deferred income taxes | 25.7 | 26.0 | 80.9 |
| Asbestos-related insurance expected to be realized within one year | - | - | 17.0 |
| Other current assets | 21.7 | 21.9 | 21.9 |
| **Total Current Assets** | 403.1 | 401.4 | 304.0 |
| Properties and equipment, net | 377.2 | 383.9 | 400.4 |
| Goodwill | 14.5 | 14.5 | 13.6 |
| Cash value of life insurance policies, net of policy loans | 92.9 | 90.8 | 64.1 |
| Deferred income taxes | 592.2 | 587.9 | 401.0 |
| Asbestos-related insurance expected to be realized after one year | 269.4 | 269.4 | 323.4 |
| Loans receivable from non-filing entities, net | 459.4 | 448.0 | 387.5 |
| Investment in non-filing entities | 315.4 | 283.8 | 121.0 |
| Other assets | 79.1 | 78.2 | 308.5 |
| **Total Assets** | $     2,603.2 | $     2,557.9 | $     2,323.5 |
| **LIABILITIES AND SHAREHOLDERS' EQUITY (DEFICIT)** | | | |
| **Liabilities Not Subject to Compromise** | | | |
| **Current Liabilities** | | | |
| Debt payable within one year | $            - | - | - |
| Accounts payable | 47.8 | 38.3 | - |
| Income Taxes Payable | 5.0 | 5.0 | - |
| Other current liabilities | 56.2 | 51.3 | - |
| **Total Current Liabilities** | 109.0 | 94.6 | - |
| Debt payable after one year | - | - | - |
| Other liabilities | 187.6 | 181.6 | 31.8 |
| **Total Liabilities Not Subject to Compromise** | 296.6 | 276.2 | 31.8 |
| **Liabilities Subject to Compromise** | | | |
| Debt, pre-petition plus accrued interest | 552.0 | 550.3 | 511.5 |
| Accounts payable | 31.6 | 31.9 | 43.0 |
| Income taxes payable | 223.9 | 217.9 | 210.1 |
| Asbestos-related liability | 991.2 | 992.3 | 1,002.8 |
| Other liabilities | 670.3 | 672.9 | 598.6 |
| **Total Liabilities Subject to Compromise** | 2,469.0 | 2,465.3 | 2,366.0 |
| **Total Liabilities** | 2,765.6 | 2,741.5 | 2,397.8 |
| **Shareholders' Equity (Deficit)** | | | |
| Common stock | 0.8 | 0.8 | 0.8 |
| Paid in capital | 431.6 | 432.1 | 432.6 |
| Accumulated deficit | (161.1) | (170.9) | (201.8) |
| Treasury stock, at cost | (135.2) | (135.9) | (136.4) |
| Accumulated other comprehensive income (loss) | (298.5) | (309.7) | (169.5) |
| **Total Shareholders' Deficit** | (162.4) | (183.6) | (74.3) |
| **Total Liabilities and Shareholders' Equity (Deficit)** | $     2,603.2 | $     2,557.9 | $     2,323.5 |

The Notes to Combined Financial Statements are an integral part of these statements.

H-000062

**W. R. Grace & Co.**
**Notes to Combined Financial Statements**
**February 29, 2004**

## 1. Basis of Presentation and Summary of Significant Accounting and Financial Reporting Policies

W. R. Grace & Co., through its subsidiaries, is engaged in specialty chemicals and specialty materials businesses on a worldwide basis. These businesses consist of catalyst and silica products ("Davison Chemicals") and construction chemicals, building materials and sealants and coatings ("Performance Chemicals").

W. R. Grace & Co. conducts substantially all of its business through a direct, wholly owned subsidiary, W. R. Grace & Co.-Conn. ("Grace-Conn."). Grace-Conn. owns substantially all of the assets, properties and rights of W. R. Grace & Co., either directly or through subsidiaries.

As used in these notes, the term "Company" refers to W. R. Grace & Co. The term "Grace" refers to the Company and/or one or more of its subsidiaries and, in certain cases, their respective predecessors.

**VOLUNTARY BANKRUPTCY FILING**

In response to a sharply increasing number of asbestos-related bodily injury claims, on April 2, 2001 (the "Filing Date"),  W. R. Grace & Co. and 61 of its United States subsidiaries and affiliates, including Grace-Conn. (collectively, the "Debtors"), filed voluntary petitions for reorganization (the "Filing") under Chapter 11 of the United States Bankruptcy Code ("Chapter 11" or the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The cases were consolidated and are being jointly administered under case number 01-01139 (the "Chapter 11 Cases"). Grace's non-U.S. subsidiaries and certain of its U.S. subsidiaries were not included in the Filing.

During 2000 and the first quarter of 2001, Grace experienced several adverse developments in its asbestos-related litigation, including: a significant increase in bodily injury claims, higher than expected costs to resolve bodily injury and certain property damage claims, and class action lawsuits alleging damages from a former attic insulation product. After a thorough review of these developments, the Board

of Directors of Grace concluded on April 2, 2001 that a federal court-supervised Chapter 11 process provided the best forum available to achieve predictability and fairness in the claims settlement process.

By filing under Chapter 11, Grace expects to be able to both obtain a comprehensive resolution of the claims against it and preserve the inherent value of its businesses. Under Chapter 11, the Debtors expect to continue to operate their businesses as debtors-in-possession under court protection from their creditors and claimants, while using the Chapter 11 process to develop and implement a plan for addressing the asbestos-related claims against them.

*Consequence of Filing* – As a consequence of the Filing, pending litigation against the Debtors for pre-petition matters is generally stayed (subject to certain exceptions in the case of governmental authorities), and no party may take action to realize its pre-petition claims except pursuant to an order of the Bankruptcy Court.

The Debtors intend to address all of their pending and future asbestos-related claims and all other pre-petition claims in a plan of reorganization. Such a plan of reorganization may include the establishment of a trust through which all pending and future asbestos-related claims would be channeled for resolution. However, it is currently impossible to predict with any degree of certainty the amount that would be required to be contributed to the trust, how the trust would be funded, how other pre-petition claims would be treated or what impact any reorganization plan may have on the shares of common stock of the Company. The interests of the Company's shareholders could be substantially diluted or cancelled under a plan of reorganization. The value of Grace common stock following a plan of reorganization, and the extent of any recovery by non-asbestos-related creditors, will depend principally on the ultimate value assigned to Grace's asbestos-related claims, which will be addressed through the Bankruptcy Court proceedings. The formulation and implementation of the plan of reorganization is expected to take a significant period of time.

*Status of Chapter 11 Proceedings* – Since the Filing, all motions necessary to conduct normal business

1

activities have been approved by the Bankruptcy Court. In addition, the Debtors have received approval from the Bankruptcy Court to pay or otherwise honor certain of its pre-petition obligations in the ordinary course of business, including employee wages and benefits, customer programs, shipping charges, and a limited amount of claims of essential trade creditors.

As provided by the Bankruptcy Code, the Debtors had the exclusive right to propose a plan of reorganization for a 120-day period following the Filing Date. The Debtors have received extensions of their exclusivity period during which to file a plan of reorganization through February 1, 2004, and extensions of the Debtors' exclusive rights to solicit acceptances of a reorganization plan through April 1, 2004. The Debtors have filed a motion with the Bankruptcy Court to further extend the exclusivity period for an additional six months.

Three creditors' committees, two representing asbestos claimants and the third representing other unsecured creditors, and a committee representing shareholders have been appointed in the Chapter 11 Cases. These committees will have the right to be heard on all matters that come before the Bankruptcy Court and, together with a legal representative of future asbestos claimants (whom Grace expects to be appointed by the Bankruptcy Court in the future), are likely to play important roles in the Chapter 11 Cases. The Debtors are required to bear certain costs and expenses of the committees and of the future asbestos claimants representative, including those of their counsel and financial advisors.

The Debtors' Chapter 11 cases have been assigned to Judge Alfred M. Wolin, a senior federal judge who sits in Newark, New Jersey. Judge Wolin is presiding over asbestos bodily injury matters and the fraudulent conveyance litigation described below. He has assigned the Debtors' other bankruptcy matters to Judge Judith Fitzgerald, a U.S. bankruptcy judge from the Western District of Pennsylvania, sitting in Wilmington, Delaware.

*Claims Filings* – The Bankruptcy Court established a bar date of March 31, 2003 for claims of general unsecured creditors, asbestos-related property damage claims and medical monitoring claims related to asbestos. The bar date did not apply to asbestos-related bodily injury claims or claims related to Zonolite® attic insulation ("ZAI"), which will be dealt with separately.

Approximately 15,000 proofs of claim were filed by the bar date. Of these claims, approximately 10,000 were non-asbestos related, approximately 4,000 were for asbestos-related property damage, and approximately 1,000 were for medical monitoring. In addition, approximately 400 proofs of claim were filed after the bar date. The discussion below refers to claims filed before the bar date.

Approximately 7,000 of the 10,000 non-asbestos related claims involve claims by employees or former employees for future retirement benefits such as pension and retiree medical coverage. Grace views these claims as contingent and does not plan to address them until a later date in the Chapter 11 proceedings. The other non-asbestos related claims include claims for payment for goods and services; taxes; product warranties; principal plus interest under pre-petition credit facilities; amounts due under leases; leases and other contracts rejected in the Bankruptcy Court; environmental remediation; indemnification or contribution from actual or potential co-defendants in asbestos-related and other litigation; pending non-asbestos related litigation; and non-asbestos related personal injury.

The Debtors' preliminary analysis indicated that many claims are duplicates, represent the same claim filed against more than one of the Debtors, lack any supporting documentation, or provide insufficient supporting documentation. As of December 31, 2003, the Debtors had filed with the Bankruptcy Court approximately 1,100 objections with respect to such claims, most of which were non-substantive (duplicates, no supporting documentation, late filed claims, etc.). The Debtors expect to file a substantial number of additional objections, most of which will be substantive, as analysis and evaluation of the claims progresses. However, based on its initial claims analysis and other available information, Grace increased its aggregate estimated liability for environmental remediation and asbestos-related litigation. No other charges to Filing Date liabilities was deemed warranted at this time.

The medical monitoring claims were made by individuals who allege exposure to asbestos through

H-000064

Grace's products or operations. These claims, if sustained, would require Grace to fund ongoing health monitoring costs for qualified claimants. However, based on the number and expected cost of such claims, Grace does not believe such claims will have a material effect on its Consolidated Financial Statements. No specific liability has been established for these claims.

Grace believes that its recorded liabilities represent a reasonable estimate of the ultimate allowable amount for claims that are not in dispute or have been submitted with sufficient information to both evaluate and estimate the cost value of the claim. However, because of the uncertainties of the Chapter 11 and litigation process, the in-progress state of Grace's investigation of submitted claims, and the lack of documentation in support of many claims, such recorded liabilities may prove to be insufficient to satisfy all of such claims. As claims are resolved, or where better information is available and evaluated, Grace will make adjustments to the liabilities recorded on its financial statements as appropriate. Any such adjustments could be material to its consolidated financial position and results of operations.

*Litigation Proceedings in Bankruptcy Court* – In July 2002, the Bankruptcy Court approved special counsel to represent the ZAI claimants, at the Debtors' expense, in a proceeding to determine certain threshold scientific issues regarding ZAI. The Debtors' expect the Bankruptcy Court to establish a schedule for determining pending summary judgment motions following a status conference in May 2004.

In September 2000, Grace was named in a purported class action lawsuit filed in California Superior Court for the County of San Francisco, alleging that the 1996 reorganization involving a predecessor of Grace and Fresenius Medical Care AG ("Fresenius") and the 1998 reorganization involving a predecessor of Grace and Sealed Air Corporation ("Sealed Air") were fraudulent transfers. The Bankruptcy Court authorized the Official Committee of Asbestos Personal Injury Claimants and the Official Committee of Asbestos Property Damage Claimants to proceed with claims against Fresenius and Sealed Air on behalf of the Debtors' estates.

On November 29, 2002, Sealed Air and Fresenius each announced that they had reached agreements in principle with such Committees to settle asbestos and fraudulent conveyance claims related to such transactions. Under the terms of the Fresenius settlement, as subsequently revised and subject to certain conditions, Fresenius would contribute $115.0 million to the Debtors' estate as directed by the Bankruptcy Court upon confirmation of the Debtors' plan of reorganization. In July 2003, the Fresenius settlement was approved by the Bankruptcy Court. Under the terms of the proposed Sealed Air settlement, Sealed Air would make a payment of $512.5 million (plus interest at 5.5% per annum, commencing on December 21, 2003) and nine million shares of Sealed Air common stock (valued at $448.7 million as of February 29, 2004), as directed by the Bankruptcy Court upon confirmation of Debtors' plan of reorganization. The Sealed Air settlement has not been agreed to by the Debtors and remains subject to the approval of the Bankruptcy Court and the fulfillment of specified conditions. The Debtors are unable to predict how these settlements may ultimately affect their plan of reorganization.

*Impact on Debt Capital* – All of the Debtors' pre-petition debt is in default due to the Filing. The accompanying Consolidated Balance Sheet as of February 29, 2004 reflects the classification of the Debtors' pre-petition debt within "liabilities subject to compromise."

The Debtors have entered into a debtor-in-possession post-petition loan and security agreement with Bank of America, N. A. (the "DIP facility") in the aggregate amount of $250 million. The term of the DIP facility expires on April 1, 2006.

*Accounting Impact* – The accompanying Consolidated Financial Statements have been prepared in accordance with Statement of Position 90-7 ("SOP 90-7"), "Financial Reporting by Entities in Reorganization Under the Bankruptcy Code," promulgated by the American Institute of Certified Public Accountants. SOP 90-7 requires that financial statements of debtors-in-possession be prepared on a going concern basis, which contemplates continuity of operations, realization of assets and liquidation of liabilities in the ordinary course of business. However, as a result of the Filing, the realization of

3

H-000065

certain Debtors' assets and the liquidation of certain Debtors' liabilities are subject to significant uncertainty. While operating as debtors-in-possession, the Debtors may sell or otherwise dispose of assets and liquidate or settle liabilities for amounts other than those reflected in the Consolidated Financial Statements. Further, a plan of reorganization could materially change the amounts and classifications reported in the Consolidated Financial Statements, which do not currently give effect to any adjustments to the carrying value or classification of assets or liabilities that might be necessary as a consequence of a plan of reorganization.

Pursuant to SOP 90-7, Grace's pre-petition liabilities that are subject to compromise are required to be reported separately on the balance sheet at an estimate of the amount that will ultimately be allowed by the Bankruptcy Court. As of February 29, 2004, such pre-petition liabilities include fixed obligations (such as debt and contractual commitments), as well as estimates of costs related to contingent liabilities (such as asbestos-related litigation, environmental remediation, and other claims). The recorded amounts of such liabilities generally reflect accounting measurements as of the Filing Date, adjusted as warranted for changes in facts and circumstances and/or rulings under Grace's Chapter 11 proceedings subsequent to the Filing. Obligations of Grace subsidiaries not covered by the Filing continue to be classified on the Consolidated Balance Sheet based upon maturity dates or the expected dates of payment. SOP 90-7 also requires separate reporting of certain expenses, realized gains and losses, and provisions for losses related to the Filing as reorganization items.

**Basis of Presentation**

The interim Combined Financial Statements presented herein represent the results of operations, cash flows and financial position of the Debtors. These financial statements pertain to periods beginning with, and subsequent to, the Filing Date and have been prepared in conformity with requirements of the Bankruptcy Court. Consequently, these financial statements do not purport to present the financial performance of W. R. Grace & Co. in conformity with generally accepted accounting principles which would require the

consolidation of all controlled subsidiaries and more extensive notes and analysis related to the worldwide operations of W. R. Grace & Co. Financial activity of non-Debtor entities is not presented herein. However, all non-Debtor entities are either directly or indirectly controlled by the Debtors and, accordingly, non-Debtor financial results are reflected under the equity method of accounting. These financial statements are unaudited and should be read in conjunction with the consolidated financial statements presented in W. R. Grace & Co.'s 2003 Form 10-K and, when filed, its 2004 Form 10-K and other periodic filings with the U.S. Securities and Exchange Commission.

These interim Combined Financial Statements reflect all adjustments that, in the opinion of management, are necessary for a fair presentation of the results of the interim periods presented under generally accepted accounting principles; all such adjustments are of a normal recurring nature. All significant inter-Debtor accounts and transactions have been eliminated. Transactions and balances with non-Debtor entities are separately disclosed. Certain amounts in prior years' Combined Financial Statements have been reclassified to conform to the 2004 presentation.

**Use of Estimates**

The preparation of financial statements in conformity with U.S. generally accepted accounting principals requires that management make estimates and assumptions affecting the assets and liabilities reported at the date of the Consolidated Financial Statements, and the revenues and expenses reported for the periods presented. Actual amounts could differ from those estimates. Changes in estimates are recorded in the period identified. Grace's accounting measurements that are most affected by management's estimates of future events are:

- Contingent liabilities such as asbestos-related matters, environmental remediation, income taxes and retained obligations of divested businesses.
- Pension and post-retirement liabilities that depend on assumptions regarding discount rates and/or total returns on invested funds.

4

H-000066

- Depreciation and amortization periods for long-lived assets, including property and equipment, intangible, and other assets.
- Realization values of various assets such as trade receivables, inventories, insurance receivables, income taxes, and goodwill.

The accuracy of these and other estimates may also be materially affected by the uncertainties arising under the Chapter 11 Cases.

## 2. Chapter 11 Related Financial Information

As a result of the Filing, Grace's Consolidated Balance Sheet separately identifies the liabilities that are "subject to compromise" as a result of the Chapter 11 proceedings. In Grace's case, "liabilities subject to compromise" represent pre-petition liabilities as determined under U.S. generally accepted accounting principles. Changes to the recorded amount of such liabilities will be based on developments in the Chapter 11 Cases and management's assessment of the claim amounts that will ultimately be allowed by the Bankruptcy Court. Changes to pre-petition liabilities subsequent to the Filing Date reflect: 1) cash payments under approved court orders; 2) the accrual of interest on pre-petition debt at the pre-petition contractual rate; 3) accruals for employee-related programs; and 4) changes in estimates related to pre-petition contingent liabilities and assets.

Set forth below is a reconciliation of the changes in pre-filing date liability balances for the period from the Filing Date through February 29, 2004.

| (In millions) | Current Month | Cumulative Since Filing |
|---|---|---|
| Balance, beginning of period ........ | $ 2,467.1 | $ 2,366.0 |
| Cash disbursements and/or reclassifications under bankruptcy court orders: | | |
| Freight and distribution order ... | -- | (5.7) |
| Trade accounts payable order ... | -- | (9.1) |
| Other court orders including employee wages and benefits, sales and use tax and customer programs ................................ | 0.2 | (183.5) |
| Expense/(income) items: | | |
| Interest on pre-petition debt ...... | 0.9 | 48.6 |
| Current period employment-related accruals ...................... | 0.7 | 21.0 |
| Change in estimate of asbestos-related property damage contingencies ........................ | -- | 30.0 |
| Change in estimate of environmental contingencies | -- | 219.0 |
| Change in estimate of income tax contingencies ........................ | -- | 6.9 |
| Balance sheet reclassifications ..... | 0.1 | (24.2) |
| Balance, end of period .................. | $ 2,469.0 | $ 2,469.0 |

Pre-Filing Date obligations allowable under current court orders and expected to be paid prior to an adopted plan or reorganization are classified as "liabilities not subject to compromise." Additional liabilities subject to compromise may arise due to the rejection of executory contracts or unexpired leases, or as a result of the allowance of contingent or disputed claims.

5

H-000067

## 3. Other Balance Sheet Accounts

| (In millions) | February 29, 2004 | Filing Date |
|---|---|---|
| **Accounts and other receivables, net** | | |
| Trade receivables, less allowance of $1.0 (Filing Date – $0.7) ..... | $ 102.6 | $ 32.3 |
| Other receivables, less allowance of $1.7 (Filing Date – $2.1) .......... | 5.9 | 11.5 |
| | $ 108.5 | $ 43.8 |
| **Inventories** | | |
| Raw materials ................ | $ 21.1 | $ 20.3 |
| In process ....................... | 24.7 | 16.2 |
| Finished products .......... | 63.2 | 63.8 |
| General merchandise ...... | 10.8 | 9.6 |
| Less: Adjustment of certain inventories to a last-in/first-out (LIFO) basis ............ | (36.7) | (29.3) |
| | $ 83.1 | $ 80.6 |
| **Other Assets** | | |
| Deferred pension costs. .......... | $ 6.3 | $ 227.9 |
| Deferred charges ............ | 31.0 | 40.4 |
| Long-term receivables .... | 8.4 | 1.9 |
| Long-term investments ...... | - | 2.1 |
| Patents, licenses and other intangible assets ........ | 13.7 | 25.2 |
| Pension – unamortized prior service cost .............. | 19.8 | 8.1 |
| Other assets ................... | (0.1) | 2.9 |
| | $ 79.1 | $ 308.5 |
| **Other Current Liabilities** | | |
| Accrued compensation .... | $ 23.4 | $ -- |
| Accrued commissions ........ | 5.5 | -- |
| Customer programs ........ | 13.5 | -- |
| Accrued utilities .......... | 0.1 | -- |
| Accrued freight ............ | 2.8 | -- |
| Other accrued liabilities ...... | 10.9 | -- |
| | $ 56.2 | $ -- |
| **Other Liabilities** | | |
| Deferred royalty income– nonfiling entities ........ | -- | 31.8 |
| Pension – underfunded plans .... | 186.6 | -- |
| Other accrued liabilities ...... | 1.0 | -- |
| | $ 187.6 | $ 31.8 |
| **Liabilities Subject to Compromise** | | |
| Other postretirement benefits ... | $ 132.2 | $ 185.4 |
| Environmental remediation ...... | 330.6 | 164.8 |
| Retained obligations of divested businesses ............ | 56.7 | 75.5 |
| Special pension arrangements ... | 69.8 | 70.8 |
| Deferred compensation .......... | 5.1 | 8.2 |
| Self insurance reserve ...... | 20.4 | 11.8 |
| Other accrued liabilities ...... | 55.5 | 82.1 |
| | $ 670.3 | $ 598.6 |

## 4. Life Insurance

Grace is the beneficiary of life insurance policies on certain current and former employees with a net cash surrender value of $92.9 million at February 29, 2004. The policies were acquired to fund various employee benefit programs and other long-term liabilities and are structured to provide cash flow (primarily tax-free) over an extended number of years. The following table summarizes the net cash value at February 29, 2004 and Filing Date:

| Components of Net Cash Value (In millions) | February 29, 2004 | Filing Date |
|---|---|---|
| Gross cash value.......................... | $ 479.7 | $ 453.7 |
| Principal – policy loans .............. | (373.9) | (390.3) |
| Accrued interest – policy loans.... | (12.9) | 0.7 |
| Net cash value ............................ | $ 92.9 | $ 64.1 |
| Insurance benefits in force.......... | $ 2,208.4 | $2,286.0 |

Grace's financial statements display income statement activity and balance sheet amounts on a net basis, reflecting the contractual interdependency of policy assets and liabilities.

## 5. Debt

On February 29, 2004, and Filing Date, Grace's debt was as follows:

| Components of Debt (In millions) | February 29, 2004 | Filing Date |
|---|---|---|
| **Debt payable within one year** | | |
| DIP facility ..... .............................. | $ -- | $ -- |
| Other short-term borrowings ......... | -- | -- |
| | $ -- | $ -- |
| **Debt payable after one year** | | |
| DIP facility .................................. | $ -- | $ -- |
| Other long-term borrowings........ | -- | -- |
| | $ -- | $ -- |
| **Debt Subject to Compromise** | | |
| Bank borrowings ......................... | $ 500.0 | $ 500.0 |
| 8.0% Notes Due 2004 ................. | -- | 5.7 |
| 7.75% Notes Due 2002 ............... | -- | 2.0 |
| Other borrowings ....................... | 1.2 | 1.2 |
| Accrued interest ......................... | 50.8 | 2.6 |
| | $ 552.0 | $ 511.5 |

In April 2001, the Debtors entered into the DIP facility for a two-year term in the aggregate amount of $250 million. The DIP facility is secured by a priority lien on substantially all assets of the Debtors, and bears interest based on LIBOR. The

H-000068

Debtors' have extended the term of the DIP facility through April 1, 2006. Grace had no outstanding borrowings under the DIP facility as of February 29, 2004; however, $26.0 million of standby letters of credit were issued and outstanding under the facility. The letters of credit, which reduce available funds under the facility, were issued mainly for trade-related matters such as performance bonds and certain insurance and environmental matters.

The 7.75% Notes were repaid on June 11, 2001, and the 8.0% Notes were repaid on August 15, 2001, by the unaffiliated guarantor of the Notes. Grace's liability with respect to these notes is included in other liabilities subject to compromise as of February 29, 2004.

H-000069

**Bank Statements**

H-000070

TS

W R GRACE & CO
C/O CORPORATE ACCOUNTING
7500 GRACE DRIVE
COLUMBIA MD 21044-4098

Account No: 910-1-013572
Statement Start Date: 01 JAN 2004
Statement End Date: 30 JAN 2004
000-USA-21
Statement No: 001

Page 1 of 4

ENCLOSURES
Credits
Debits
Checks

## TRANSACTIONS

| | |
|---|---|
| Total Credits | 2 |
| Total Debits (incl. checks) | 20 |
| Total Checks Paid | 0 |

## BALANCES

| | Opening (01 JAN 2004) | Closing (30 JAN 2004) | |
|---|---|---|---|
| Ledger | 200,000.00 | Ledger | 103,701.12 |
| Collected | 202,310.39 | Collected | 103,701.12 |
| | 0.00 | | |

| Posting Date | A/E Ledger Date | Value Date | F T | References | Credit / Debit | Description |
|---|---|---|---|---|---|---|

### CREDITS

| | | | | | | |
|---|---|---|---|---|---|---|
| 09JAN | | 09JAN | | USD YOUR: CAP OF 04/01/09 OUR: 2114900009J0 | 100,000.00 | BOOK TRANSFER CREDIT B/O: W.R. GRACE AND COMPANY CAMBRIDGE MA 02140- REF: CHASE MEDICAL ACCT FUNDING |
| 23JAN | | 23JAN | | USD YOUR: CAP OF 04/01/23 OUR: 2193500023J0 | 100,000.00 | BOOK TRANSFER CREDIT B/O: W.R. GRACE AND COMPANY CAMBRIDGE MA 02140- REF: CHASE MEDICAL ACCT FUNDING |

### DEBITS

| | | | | | | |
|---|---|---|---|---|---|---|
| 02JAN | 31DEC | 31DEC | | USD OUR: 0400200095WA | 8,362.12 | GOVERNMENT ALLOTMENT DEBIT COVERING DRAFTS TO A/C NO. 002-2-416598 FOR WORK OF 12/31/03 W R GRACE & CO C/O CORPORATE ACCOUNTING 7500 GRACE DRIVE COLUMBIA MD 21044-4098 |
| 05JAN | 02JAN | 02JAN | | USD OUR: 0400500093WA | 10,275.69 | GOVERNMENT ALLOTMENT DEBIT COVERING DRAFTS TO A/C NO. 002-2-416598 FOR WORK OF 01/02/04 W R GRACE & CO C/O CORPORATE ACCOUNTING 7500 GRACE DRIVE COLUMBIA MD 21044-4098 |
| 06JAN | 05JAN | 05JAN | | USD OUR: 0400600094WA | 13,839.81 | GOVERNMENT ALLOTMENT DEBIT COVERING DRAFTS TO A/C NO. 002-2-416598 FOR WORK OF 01/05/04 W R GRACE & CO C/O CORPORATE ACCOUNTING 7500 GRACE DRIVE COLUMBIA MD 21044-4098 |

| Date | Closing Balance Amount |
|---|---|
| **LEDGER BALANCES** | |
| 02JAN | 97,649.39 |
| 05JAN | 87,373.70 |
| 06JAN | 73,533.89 |
| 07JAN | 64,949.20 |
| 08JAN | 48,705.78 |
| 09JAN | 141,123.67 |
| 12JAN | 131,907.25 |
| 13JAN | 121,442.43 |
| 14JAN | 113,393.97 |
| 15JAN | 102,386.54 |
| 16JAN | 93,228.55 |
| 20JAN | 85,403.95 |
| 21JAN | 71,351.55 |
| 22JAN | 63,699.84 |
| 23JAN | 150,189.21 |
| 26JAN | 139,561.36 |
| 27JAN | 132,343.74 |
| 28JAN | 127,433.34 |
| 29JAN | 114,509.65 |
| 30JAN | 103,701.12 |
| **COLLECTED BALANCES** | |
| 02JAN | 97,649.39 |
| 05JAN | 87,373.70 |
| 06JAN | 73,533.89 |
| 07JAN | 64,949.20 |
| 08JAN | 48,705.78 |
| 09JAN | 141,123.67 |
| 12JAN | 131,907.25 |

FT CODE:

USD - SAME DAY FUNDS
USN - NEXT DAY FUNDS

US1 - ONE DAY FLOAT
US2 - TWO DAY FUNDS

US3 - THREE DAY FLOAT
US4 - FOUR DAY FLOAT

US5 - FIVE DAY FLOAT
USM - MIXED FLOAT

PLEASE EXAMINE THIS STATEMENT OF ACCOUNT AT ONCE. THE MAINTENANCE OF THIS ACCOUNT IS SUBJECT TO THE PROVISIONS OF THE NEW YORK UNIFORM COMMERCIAL CODE AND THE BANK'S TERMS AND CONDITIONS FOR BUSINESS ACCOUNTS. THE BANK DISCLAIMS RESPONSIBILITY FOR ANY ERROR IN OR IMPROPER CHARGE TO THE ACCOUNT AS RENDERED UNLESS INFORMED IN WRITING OF THIS ERROR OR CHARGE WITHIN SIXTY DAYS OF THE DELIVERY, MAILING OR AVAILABILITY OF THE STATEMENT AND CANCELED VOUCHERS. KINDLY REFER TO THE INSTRUCTIONS ON THE REVERSE SIDE OF THIS STATEMENT IN ORDER TO DIRECT YOUR INQUIRIES TO THE PROPER DEPARTMENT FOR PROMPT ACTION.

H-000071

TS

W R GRACE & CO
C/O CORPORATE ACCOUNTING
7500 GRACE DRIVE
COLUMBIA MD 21044-4098

Account No: 910-1-013572
Statement Start Date: 01 JAN 2004
Statement End Date: 30 JAN 2004
Statement Code: 000-USA-21
Statement No: 001
Page 2 of 4

### DEBITS CONTINUED

| Ledger Date | All Ledger Date | Value Date | References | Credit / Debit | Description | Date | Closing Balances Amount |
|---|---|---|---|---|---|---|---|
| 07JAN | 06JAN | 06JAN | USD OUR: 0400700091WA | 8,584.69 | GOVERNMENT ALLOTMENT DEBIT COVERING DRAFTS TO A/C NO. 002-2-416598 FOR WORK OF 01/06/04 W R GRACE & CO C/O CORPORATE ACCOUNTING 7500 GRACE DRIVE COLUMBIA MD 21044-4098 | 13JAN | 121,442.43 |
| 08JAN | 07JAN | 07JAN | USD OUR: 0400800093WA | 16,243.42 | GOVERNMENT ALLOTMENT DEBIT COVERING DRAFTS TO A/C NO. 002-2-416598 FOR WORK OF 01/07/04 W R GRACE & CO C/O CORPORATE ACCOUNTING 7500 GRACE DRIVE COLUMBIA MD 21044-4098 | 14JAN | 113,393.99 |
| 09JAN | 08JAN | 08JAN | USD OUR: 0400900094WA | 7,582.11 | GOVERNMENT ALLOTMENT DEBIT COVERING DRAFTS TO A/C NO. 002-2-416598 FOR WORK OF 01/08/04 W R GRACE & CO C/O CORPORATE ACCOUNTING 7500 GRACE DRIVE COLUMBIA MD 21044-4098 | 15JAN | 102,386.55 |
| 12JAN | 09JAN | 09JAN | USD OUR: 0401200094WA | 9,216.42 | GOVERNMENT ALLOTMENT DEBIT COVERING DRAFTS TO A/C NO. 002-2-416598 FOR WORK OF 01/09/04 W R GRACE & CO C/O CORPORATE ACCOUNTING 7500 GRACE DRIVE COLUMBIA MD 21044-4098 | 16JAN | 93,238.55 |
| 13JAN | 12JAN | 12JAN | USD OUR: 0401300093WA | 10,464.82 | GOVERNMENT ALLOTMENT DEBIT COVERING DRAFTS TO A/C NO. 002-2-416598 FOR WORK OF 01/12/04 W R GRACE & CO C/O CORPORATE ACCOUNTING 7500 GRACE DRIVE COLUMBIA MD 21044-4098 | 20JAN | 85,403.95 |
| 14JAN | 13JAN | 13JAN | USD OUR: 0401400092WA | 8,048.46 | GOVERNMENT ALLOTMENT DEBIT COVERING DRAFTS TO A/C NO. 002-2-416598 FOR WORK OF 01/13/04 W R GRACE & CO C/O CORPORATE ACCOUNTING 7500 GRACE DRIVE COLUMBIA MD 21044-4098 | 21JAN | 71,351.53 |
| 15JAN | 14JAN | 14JAN | USD OUR: 0401500091WA | 11,007.43 | GOVERNMENT ALLOTMENT DEBIT COVERING DRAFTS TO A/C NO. 002-2-416598 FOR WORK OF 01/14/04 W R GRACE & CO C/O CORPORATE ACCOUNTING 7500 GRACE DRIVE COLUMBIA MD 21044-4098 | 22JAN | 63,699.84 |
| 16JAN | 15JAN | 15JAN | USD OUR: 0401600092WA | 9,147.99 | GOVERNMENT ALLOTMENT DEBIT COVERING DRAFTS TO A/C NO. | 23JAN | 150,189.21 |
| | | | | | | 26JAN | 139,561.36 |
| | | | | | | 27JAN | 132,343.74 |
| | | | | | | 28JAN | 127,433.34 |
| | | | | | | 29JAN | 114,509.65 |
| | | | | | | 30JAN | 103,701.12 |

H-000072

W R GRACE & CO
C/O CORPORATE ACCOUNTING
7500 GRACE DRIVE
COLUMBIA  MD  21044-4098

Account No:
Statement Start Date: 01 JAN 2004
Statement End Date: 30 JAN 2004
Statement Code: 000-USA-21
Statement No: 001

910-1-013572

Page  3  of  4

TS

## DEBITS CONTINUED

| Ledger Date | Adj Ledger Date | Value Date | F | T | Reference | Credit / Debit | Description | Date | Closing Balance | Amount |
|---|---|---|---|---|---|---|---|---|---|---|
| 20JAN | 16JAN | 16JAN | | | USD OUR: 0402000090WA | 7,834.60 | 002-2-416598 FOR WORK OF 01/15/04 W R GRACE & CO C/O CORPORATE ACCOUNTING 7500 GRACE DRIVE COLUMBIA MD 21044-4098 GOVERNMENT ALLOTMENT DEBIT COVERING DRAFTS TO A/C NO. | | | |
| 21JAN | 20JAN | 20JAN | | | USD OUR: 0402100090WA | 14,052.40 | 002-2-416598 FOR WORK OF 01/16/04 W R GRACE & CO C/O CORPORATE ACCOUNTING 7500 GRACE DRIVE COLUMBIA MD 21044-4098 GOVERNMENT ALLOTMENT DEBIT COVERING DRAFTS TO A/C NO. | | | |
| 22JAN | 21JAN | 21JAN | | | USD OUR: 0402200090WA | 7,651.71 | 002-2-416598 FOR WORK OF 01/20/04 W R GRACE & CO C/O CORPORATE ACCOUNTING 7500 GRACE DRIVE COLUMBIA MD 21044-4098 GOVERNMENT ALLOTMENT DEBIT COVERING DRAFTS TO A/C NO. | | | |
| 23JAN | 22JAN | 22JAN | | | USD OUR: 0402300090WA | 13,510.63 | 002-2-416598 FOR WORK OF 01/21/04 W R GRACE & CO C/O CORPORATE ACCOUNTING 7500 GRACE DRIVE COLUMBIA MD 21044-4098 GOVERNMENT ALLOTMENT DEBIT COVERING DRAFTS TO A/C NO. | | | |
| 26JAN | 23JAN | 23JAN | | | USD OUR: 0402600088WA | 10,627.85 | 002-2-416598 FOR WORK OF 01/22/04 W R GRACE & CO C/O CORPORATE ACCOUNTING 7500 GRACE DRIVE COLUMBIA MD 21044-4098 GOVERNMENT ALLOTMENT DEBIT COVERING DRAFTS TO A/C NO. | | | |
| 27JAN | 26JAN | 26JAN | | | USD OUR: 0402700095WA | 7,217.62 | 002-2-416598 FOR WORK OF 01/23/04 W R GRACE & CO C/O CORPORATE ACCOUNTING 7500 GRACE DRIVE COLUMBIA MD 21044-4098 GOVERNMENT ALLOTMENT DEBIT COVERING DRAFTS TO A/C NO. | | | |
| 28JAN | 27JAN | 27JAN | | | USD OUR: 0402800088WA | 4,910.40 | 002-2-416598 FOR WORK OF 01/26/04 W R GRACE & CO C/O CORPORATE ACCOUNTING 7500 GRACE DRIVE COLUMBIA MD 21044-4098 GOVERNMENT ALLOTMENT DEBIT COVERING DRAFTS TO A/C NO. 002-2-416598 FOR WORK OF 01/27/04 W R GRACE & CO C/O CORPORATE | | | |

H-000073

TS

W R GRACE & CO
C/O CORPORATE ACCOUNTING
7500 GRACE DRIVE
COLUMBIA  MD  21044-4098

Account No: 910-1-013572
Statement Start Date: 01 JAN 2004
Statement End Date: 30 JAN 2004
Statement Code: 000-USA-21
Statement No: 001
Page  4  of  4

| Ledger Date | Adj Ledger Date | Value Date | F T | References | Credit / Debit | Description | Date | Closing Balances Amount |
|---|---|---|---|---|---|---|---|---|

**DEBITS CONTINUED**

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 29JAN | 28JAN | 28JAN | | USD OUR: 0402900093WA | 12,923.69 | ACCOUNTING 7500 GRACE DRIVE COLUMBIA MD 21044-4098 GOVERNMENT ALLOTMENT DEBIT COVERING DRAFTS TO A/C NO. 002-2-416598 FOR WORK OF 01/28/04 W R GRACE & CO C/O CORPORATE ACCOUNTING 7500 GRACE DRIVE COLUMBIA MD 21044-4098 | | |
| 30JAN | 29JAN | 29JAN | | USD OUR: 0403000092WA | 10,808.53 | GOVERNMENT ALLOTMENT DEBIT COVERING DRAFTS TO A/C NO. 002-2-416598 FOR WORK OF 01/29/04 W R GRACE & CO C/O CORPORATE ACCOUNTING 7500 GRACE DRIVE COLUMBIA MD 21044-4098 | | |

**CHECKS**

*No Activity*



## Commercial Checking

01        2199500021812   036   130              0      0      122,470

00045274 1 MB  0.309 02    MAAD 193

W R GRACE AND CO-CONN
GENERAL ACCOUNT
ATTN:PATTY ELLIOTT-GRAY                    CB
7500 GRACE DRIVE .BLDG 25
COLUMBIA,MD 21044-4098

---

## Commercial Checking

1/01/2004 thru 1/30/2004

| | |
|---|---|
| Account number: | 2199500021812 |
| Account holder(s): | W R GRACE AND CO-CONN |
| | GENERAL ACCOUNT |
| Taxpayer ID Number: | 135114230 |

## Account Summary

| | |
|---|---|
| Opening balance 1/01 | $23,041.77 |
| **Closing balance 1/30** | **$23,041.77** |

---

H-000075



# WACHOVIA BANK, N.A.
## PAID / RANGE RECONCILEMENT BALANCE SHEET

WR GRACE & CO.-CONN    153           ACCT NO.:   0001    2079900003615
ATTN: NELLIE FAUSTO
7500 GRACE DRIVE

COLUMBIA     MD 21044-4098

| RECONCILEMENT OF DEBITS | | CUTOFF DATE: 01/31/2004 |
|---|---|---|
| CHECKS PAID ON RECONCILIATION REPORTS | | 47,061.90 |
| MISCELLANEOUS DEBITS | + | 1,953,688.44 |
| CREDIT ADJUSTMENTS | + | .00 |
| MISCELLANEOUS ADJUSTMENTS | +/− | .00 |
| DEBIT ADJUSTMENTS | − | .00 |
| TOTAL DEBITS THIS RECONCILEMENT PERIOD | = | 2,000,750.34 |
| TOTAL DEBITS FROM BANK STATEMENT | | 2,000,750.34 |

IF YOU HAVE ANY QUESTIONS, PLEASE
CONTACT COMMERCIAL CUSTOMER SERVICE AT 1-800-222-3862

TEAM NO.: 153



# Commercial Checking

**WACHOVIA**   01       2079900003615   005  108       9  160       11,182   ▬  ▬

Ill....l.l...ll.l.lulll....lll
W R GRACE & CO-CONN
62 WHITMORE AVE.
CAMBRIDGE MD 02140                    CB   153                    ▬
                                                                       ▬

# Commercial Checking                                    1/01/2004 thru 1/30/2004

Account number:          2079900003615
Account holder(s):       W R GRACE & CO-CONN

Taxpayer ID Number:      133461988

## Account Summary

| | |
|---|---|
| Opening balance 1/01 | $0.00 |
| Deposits and other credits | 2,000,750.34 + |
| Other withdrawals and service fees | 2,000,750.34 - |
| **Closing balance 1/30** | **$0.00** |

## Deposits and Other Credits

| Date | Amount | Description |
|---|---|---|
| 1/06 | 2,209.67 | ZBA TRANSFER CREDIT TRANSFER FROM 2000000282172 W R GRACE & COM |
| 1/07 | 531.34 | ZBA TRANSFER CREDIT TRANSFER FROM 2000000282172 W R GRACE & COM |
| 1/08 | 1,326.02 | ZBA TRANSFER CREDIT TRANSFER FROM 2000000282172 W R GRACE & COM |
| 1/09 | 372,440.05 | ZBA TRANSFER CREDIT TRANSFER FROM 2000000282172 W R GRACE & COM |
| 1/12 | 8,862.24 | ZBA TRANSFER CREDIT TRANSFER FROM 2000000282172 W R GRACE & COM |
| 1/12 | 612,396.24 | ZBA TRANSFER CREDIT TRANSFER FROM 2000000282172 W R GRACE & COM |
| 1/13 | 6,646.93 | ZBA TRANSFER CREDIT TRANSFER FROM 2000000282172 W R GRACE & COM |
| 1/14 | 15,272.64 | ZBA TRANSFER CREDIT TRANSFER FROM 2000000282172 W R GRACE & COM |
| 1/15 | 4,749.56 | ZBA TRANSFER CREDIT TRANSFER FROM 2000000282172 W R GRACE & COM |
| 1/15 | 4,979.89 | ZBA TRANSFER CREDIT TRANSFER FROM 2000000282172 W R GRACE & COM |
| 1/20 | 2,232.26 | ZBA TRANSFER CREDIT TRANSFER FROM 2000000282172 W R GRACE & COM |
| 1/21 | 2,991.05 | ZBA TRANSFER CREDIT TRANSFER FROM 2000000282172 W R GRACE & COM |
| 1/22 | 3,055.16 | ZBA TRANSFER CREDIT TRANSFER FROM 2000000282172 W R GRACE & COM |
| 1/22 | 4,776.43 | ZBA TRANSFER CREDIT TRANSFER FROM 2000000282172 W R GRACE & COM |

*Deposits and Other Credits continued on next page.*

H-000077



# Commercial Checking

**WACHOVIA**  02    2079900003615  005  10E      9  160        11.18C

## Deposits and Other Credits  *continued*

| Date | Amount | Description |
|------|--------|-------------|
| 1.2S | 370.988.92 | ZBA TRANSFER CREDIT<br>TRANSFER FROM 2000000282172 W R GRACE & COM |
| 1.'26 | 561.819.65 | ZBA TRANSFER CREDIT<br>TRANSFER FROM 2000000282172 W R GRACE & COM |
| 1.'27 | 9.458.39 | ZBA TRANSFER CREDIT<br>TRANSFER FROM 2000000282172 W R GRACE & COM |
| 1.'28 | 1.952.22 | ZBA TRANSFER CREDIT<br>TRANSFER FROM 2000000282172 W R GRACE & COM |
| 1.'29 | 4.972.96 | ZBA TRANSFER CREDIT<br>TRANSFER FROM 2000000282172 W R GRACE & COM |
| 1.'29 | 9.088.72 | ZBA TRANSFER CREDIT<br>TRANSFER FROM 2000000282172 W R GRACE & COM |
| **Total** | **$2.000.750.34** | |

## Other Withdrawals and Service Fees

| Date | Amount | Description |
|------|--------|-------------|
| 1.0S | 2.209.67 | LIST OF DEBITS POSTED |
| 1/07 | 531.34 | AUTOMATED DEBIT  TAX SERVICE 702  PMT IMPND<br>CO. ID. 1411902914 040107 CCD<br>MISC C4025-022827808 |
| 1.0S | 1.326.02 | AUTOMATED DEBIT                    PAYROLL<br>CO. ID.         040108 CCD<br>MISC SETTL NCVCERIDN |
| 1.0S | 4.117.51 | AUTOMATED DEBIT  TAX SERVICE 702  PMT IMPND<br>CO. ID. 1411902914 040109 CCD<br>MISC C2916-002843894 |
| 1.0S | 13.479.26 | AUTOMATED DEBIT  TAX SERVICE 702  PMT IMPND<br>CO. ID. 1411902914 040109 CCD<br>MISC C4213-002843939 |
| 1.0S | 14.472.38 | AUTOMATED DEBIT  TAX SERVICE 702  PMT IMPND<br>CO. ID. 1411902914 040109 CCD<br>MISC C2918-002843895 |
| 1.0S | 340.370.90 | AUTOMATED DEBIT  TAX SERVICE 702  PMT IMPND<br>CO. ID. 1411902914 040109 CCD<br>MISC C4025-012843931 |
| 1.12 | 3.973.40 | AUTOMATED DEBIT                    PAYROLL<br>CO. ID.         040112 CCD<br>MISC SETTL NCVCERIDN |
| 1.12 | 8.862.24 | AUTOMATED DEBIT  TAX SERVICE 702  PMT IMPND<br>CO. ID. 1411902914 040112 CCD<br>MISC C4025-012848227 |
| 1.12 | 21.223.39 | AUTOMATED DEBIT  REMEDIUM GROUP.  PAYROLL<br>CO. ID.         040112 CCD<br>MISC SETTL NCVCERIDN |
| 1.12 | 38.721.50 | AUTOMATED DEBIT                    PAYROLL<br>CO. ID.         040112 CCD<br>MISC SETTL NCVCERIDN |

*Other Withdrawals and Service Fees continued on next page*

H-000078



# Commercial Checking

03      2079900003615   005   108        9   160        11,184

## Other Withdrawals and Service Fees  *continued*

| Date | Amount | Description |
|------|--------|-------------|
| 1/12 | 54,453.34 | AUTOMATED DEBIT              PAYROLL<br>CO. ID.        040112 CCD<br>MISC SETTL NCVCERIDN |
| 1/12 | 494,024.61 | AUTOMATED DEBIT              PAYROLL<br>CO. ID.        040112 CCD<br>MISC SETTL NCVCERIDN |
| 1/13 | 6,646.93 | LIST OF DEBITS POSTED |
| 1/14 | 1,306.65 | AUTOMATED DEBIT  TAX SERVICE 702  PMT IMPND<br>CO. ID. 1411902914 040114 CCD<br>MISC C2918-002854769 |
| 1/14 | 1,866.50 | AUTOMATED DEBIT  TAX SERVICE 702  PMT IMPND<br>CO. ID. 1411902914 040114 CCD<br>MISC C4025-022854862 |
| 1/14 | 12,099.49 | LIST OF DEBITS POSTED |
| 1/15 | 4,749.56 | AUTOMATED DEBIT              PAYROLL<br>CO. ID.        040115 CCD<br>MISC SETTL NCVCERIDN |
| 1/15 | 4,979.89 | LIST OF DEBITS POSTED |
| 1/20 | 2,232.26 | LIST OF DEBITS POSTED |
| 1/21 | 1,185.58 | LIST OF DEBITS POSTED |
| 1/21 | 1,805.47 | AUTOMATED DEBIT  TAX SERVICE 702  PMT IMPND<br>CO. ID. 1411902914 040121 CCD<br>MISC C4025-022896714 |
| 1/22 | 3,055.16 | LIST OF DEBITS POSTED |
| 1/22 | 4,776.43 | AUTOMATED DEBIT              PAYROLL<br>CO. ID.        040122 CCD<br>MISC SETTL NCVCERIDN WR.GRACE  NC |
| 1/23 | 3,594.37 | AUTOMATED DEBIT  TAX SERVICE 702  PMT IMPND<br>CO. ID. 1411902914 040123 CCD<br>MISC C2916-002913709 |
| 1/23 | 13,919.33 | AUTOMATED DEBIT  TAX SERVICE 702  PMT IMPND<br>CO. ID. 1411902914 040123 CCD<br>MISC C4213-002913744 |
| 1/23 | 353,475.22 | AUTOMATED DEBIT  TAX SERVICE 702  PMT IMPND<br>CO. ID. 1411902914 040123 CCD<br>MISC C4025-012913740 |
| 1/26 | 3,968.50 | AUTOMATED DEBIT              PAYROLL<br>CO. ID.        040126 CCD<br>MISC SETTL NCVCERIDN GRACE WAS NC |
| 1/26 | 22,696.12 | AUTOMATED DEBIT  REMEDIUM GROUP,  PAYROLL<br>CO. ID.        040126 CCD<br>MISC SETTL NCVCERIDN REMEDIUM  NC |
| 1/26 | 535,155.03 | AUTOMATED DEBIT              PAYROLL<br>CO. ID.        040126 CCD<br>MISC SETTL NCVCERIDN WR.GRACE  NC |
| 1/27 | 3,894.19 | AUTOMATED DEBIT  TAX SERVICE 702  PMT IMPND<br>CO. ID. 1411902914 040127 CCD<br>MISC C4025-012918893 |

*Other Withdrawals and Service Fees continued on next page.*

H-000079



# Commercial Checking

WACHOVIA    04    2079900003615  005  108    9  160    11.185

## Other Withdrawals and Service Fees    *continued*

| Date | Amount | Description |
|------|--------|-------------|
| 1/27 | 5,564.20 | LIST OF DEBITS POSTED |
| 1/28 | 1,952.22 | AUTOMATED DEBIT  TAX SERVICE 702  PMT IMPND<br>CO. ID. 1411902914 040128 CCD<br>MISC C4025-02292243( |
| 1/29 | 4,972.96 | AUTOMATED DEBIT            PAYROLL<br>CO. ID.        040129 CCD<br>MISC SETTL NCVCERIDN WR.GRACE  NC |
| 1/29 | 9,088.72 | LIST OF DEBITS POSTED |
| **Total** | **$2,000,750.34** | |

## Daily Balance Summary

| Dates | Amount | Dates | Amount | Dates | Amount |
|-------|--------|-------|--------|-------|--------|
| 1/06 | 0.00 | 1/14 | 0.00 | 1/26 | 0.00 |
| 1/07 | 0.00 | 1/15 | 0.00 | 1/27 | 0.00 |
| 1/08 | 0.00 | 1/20 | 0.00 | 1/28 | 0.00 |
| 1/09 | 0.00 | 1/21 | 0.00 | 1/29 | 0.00 |
| 1/12 | 0.00 | 1/22 | 0.00 | | |
| 1/13 | 0.00 | 1/23 | 0.00 | | |



## Commercial Checking

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 05 | 2079900003615 | 005 | 108 | 9 | 160 | 11,186 | |

---

## Customer Service Information

**For questions about your statement
or billing errors, contact us at:**

| | **Phone number** | **Address** |
|---|---|---|
| Business Checking, CheckCard & Loan Accounts | 1-800-566-3862 | WACHOVIA BANK, NATIONAL ASSOCIATION |
| Commercial Checking & Loan Accounts | 1-800-222-3862 | NC8502 |
| TDD   (For the Hearing Impaired) | 1-800-835-7721 | P O BOX 563966 |
| | | CHARLOTTE NC 28262-3966 |

---

<table>
<tr><th colspan="2">To Balance Your Account</th></tr>
</table>

| | List Outstanding Checks and Withdrawals | | | |
|---|---|---|---|---|
| 1. Compare your account register to your account statement for unrecorded transactions (such as ATM, CheckCard, interest earned, fees, etc.) Your new account register total should match the adjusted balance in line 6 below. | Ck. No. | Amount | Ck. No. | Amount |
| _____  2. Write in the closing balance shown on the front of account statement. | | | | |
| _____  3. Write in any deposits you have made since the date of this statement. | | | | |
| _____ | | | | |
| _____ | | | | |
| _____  4. Add together amounts listed above in steps 2 and 3. | | | | |
| _____  5. In the section to the right, list and total all checks and withdrawals that you have made that are not reported on your account statement.  Write in the total here. | | | | |
| _____  6. Subtract the amount in line 5 from the amount in line 4.  This is your adjusted balance and should match the balance in Step 1 above. | | | | |
| | | | Total | |

In Case of Errors or Questions About Your Electronic Transfers: Telephone us at 1-800-222-3862 or write to us at WACHOVIA BANK, NATIONAL ASSOCIATION, NC8502, P O BOX 563966, CHARLOTTE NC 28262-3966, as soon as you can, if you think your statement or receipt is wrong or if you need more information about a transfer on the statement or receipt.  We must hear from you no later than 60 days after we sent you the FIRST statement on which the error or problem appeared.
1. Tell us your name and account number (if any).
2. Describe the error or the transfer you are unsure about, and explain as clearly as you can why you believe there is an error or why you need more information.
3. Tell us the dollar amount of the suspected error.
We will investigate your complaint and will correct any error promptly.  If we take more than 10 business days to do this, we will credit your account for the amount you think is in error.  You will have use of the money during the time it takes us to complete our investigation.

---

H-000081

# Merrill Lynch   Investment Managers

# Merrill Lynch Funds For Institutions

P.O. Box 8118, Boston, MA 02266-8118   (800) 225-1576

ı 4 6 4

W R GRACE & CO - CONN
ATTN TREASURY DEPT
7500 GRACE DR
COLUMBIA MD 21044-4029

Merrill Lynch Premier Institutional Fund

Cumulative Statement for 01/01/2004 - 01/31/2004

Account Number
318-3323735-8

Financial Advisor
 H P S Group
(--73807646)

Account Value As Of 01/31/2004
$123,365,381.49

Dividends
01/01/2004 - 01/31/2004          Year To Date
$104,857.39                      $104,857.39

> *MERRILL LYNCH FUNDS FOR INSTITUTIONS WILL
> BE CLOSED ON MONDAY, FEBRUARY 16 IN
> OBSERVANCE OF PRESIDENT'S DAY.*

> *THE AVERAGE NET ANNUALIZED YIELD FOR THE
> MONTH OF JANUARY WAS 1.04%. THE TRADING
> DEADLINE ON FEBRUARY 13 IS 3:00 P.M. ET.*



Account Activity



**Merrill Lynch**  Investment Managers          Merrill Lynch Funds For Institutions

Merrill Lynch Premier Institutional Fund

Cumulative Statement for 01/01/2004 - 01/31/2004

Account Number
318-3323735-8

## Account Activity

| Confirm Date | Trade Date | Transaction Description | Dollar Amount of Transaction | Share Price | |
|---|---|---|---|---|---|
| 01/31/2004 | 01/31/2004 | Div Reinvest | $104,857.39 | $1.00 | $123,349,381.49 |
| | | Ending Balance | | | $123,349,381.49 |

Account Number   318-3323735-8          (page  2 of  2)

H-000083

JPMorganChase

Statement of Account

In US Dollars

Account No: 323-223141
Statement Start Date: 01 JAN 2004
Statement End Date: 30 JAN 2004
Statement Code: 00-USA-22
Statement No: 001
Page 1 of 1

W.R. GRACE AND COMPANY
ATTN: CORPORATE FINANCE
7500 GRACE DRIVE
COLUMBIA MD 21044

TS              D

## TRANSACTIONS

| | | |
|---|---|---|
| Total Credits | 1 | |
| Total Debits (Incl. checks) | 1 | |
| Total Checks Paid | 0 | |

## BALANCES

| | Opening (01 JAN 2004) | Closing (30 JAN 2004) |
|---|---|---|
| Ledger | 737,660.10 | .00 Ledger |
| | 737,660.10 | |
| | 0.00 | |

## ENCLOSURES

| | |
|---|---|
| Credits | |
| Debits | .00 |
| Checks | |

## LEDGER BALANCES

| Date | Amount |
|---|---|
| 02 JAN | 0.00 |

## CREDITS

| Value Date | References | Charge & Debits | Description |
|---|---|---|---|
| 02 JAN | USD YOUR: NC0290644801020401 OUR: 04002000001IN | 737,660.10 | NASSAU DEPOSIT TAKEN B/O: WR GRACE & COMPANY JERSEY CITY, NJ 07310 REF: TO REPAY YOUR DEPOSIT FR 03120 1 TO 040102 RATE 1.0000 |

## DEBITS

| Value Date | References | Charge & Debits | Description |
|---|---|---|---|
| 02 JAN | USD YOUR: ND0317428201020401 OUR: 04002000623IN | 737,660.10 | NASSAU DEPOSIT TAKEN A/C: WR GRACE & COMPANY JERSEY CITY, NJ 07310 REF: TO ESTABLISH YOUR DEPOSIT FR 0 40102 TO 040202 RATE 0.9500 |

## CHECKS

No Activity

FT CODE:

USD - SAME DAY FUNDS
USN - NEXT DAY FUNDS

US1 - ONE DAY FLOAT
US2 - TWO DAY FLOAT

US3 - THREE DAY FLOAT
US4 - FOUR DAY FLOAT

US5 - FIVE DAY FLOAT
USM - MIXED FLOAT

PLEASE EXAMINE THIS STATEMENT OF ACCOUNT AT ONCE. THE MAINTENANCE OF THIS ACCOUNT IS SUBJECT TO THE PROVISIONS OF THE NEW YORK UNIFORM COMMERCIAL CODE AND THE BANK'S TERMS AND CONDITIONS FOR BUSINESS ACCOUNTS AND SERVICES. THE BANK DISCLAIMS RESPONSIBILITY FOR ANY ERROR IN COMPUTATION OR IN MAKING ANY DEBIT OR CHARGE TO THE ACCOUNT AS RENDERED UNLESS INFORMED IN WRITING OF THIS ERROR OR CHARGE WITHIN SIXTY DAYS OF THE DELIVERY, MAILING OR AVAILABILITY OF THE STATEMENT AND CANCELED VOUCHERS. KINDLY REFER TO THE INSTRUCTIONS ON THE REVERSE SIDE OF THIS STATEMENT IN ORDER TO DIRECT YOUR INQUIRIES TO THE PROPER DEPARTMENT FOR PROMPT ACTION.

H-000084