## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | **Chapter 11** |
| **W.R. GRACE & CO., et al.** | ) | **Case No. 01-01139 (JKF)** |
| | ) | **(Jointly Administered)** |
| | ) | |
| Debtors. | ) | |

## STATEMENT OF DAVID T. AUSTERN,
## FUTURE CLAIMANTS' REPRESENTATIVE,
## IN ACCORDANCE WITH FED. R. BANKR. P. 2014(a) AND 5002

I, DAVID T. AUSTERN, state:

1.      By order of this Court entered May 24, 2004 (the "Appointment Order"), I was appointed to serve as the legal representative for the purpose of protecting the rights of persons who might in the future assert claims or demands arising out of the activities of W.R. Grace & Co. and its affiliated debtors (collectively, the "Debtors") with respect to asbestos-containing or asbestos-related products or services (the "Future Claimants' Representative"), as contemplated by Section 524(g)(4)(B)(i) of title 11 of the United States Code (the "Bankruptcy Code").

2.      I submit this Statement to provide the same disclosures as those required under Rules 2014(a) and 5002 of the Federal Rules of Bankruptcy Procedure from professionals employed under §§ 327, 1103 or 1114 of the Bankruptcy Code and from a trustee or examiner appointed pursuant to § 1104 of the Bankruptcy Code.

3.      I am the General Counsel of the Manville Personal Injury Settlement Trust (the "Manville Trust"), a trust created to process, manage, settle and pay asbestos claims against the Johns-Manville Corporation.  I also serve as President of Claims Resolution

Management Corporation ("CRMC"), a wholly-owned subsidiary of the Manville Trust, which serves as the claims administrator for that trust and others.

4.      I have significant experience in the field of mass torts and have worked in the asbestos field for over 15 years.  As a result of my work in the asbestos field, I have garnered experience in, among other things, the review, management and settlement of personal injury asbestos claims, and have evaluated such settlements for their fairness, reasonableness and adequacy.

5.      I currently serve as the future claimants' representative in the chapter 11 case of In re Combustion Engineering, Inc., Case No. 03-10495 (Bankr. D. Del. 2003).  I was recently asked and have agreed to serve as the future claimants' representative for an entity that may commence a case under chapter 11 of the Bankruptcy Code.  This matter is confidential and has not been disclosed to the public.  My involvement in each of these matters is unrelated to the Debtors or their chapter 11 cases.

6.      I have agreed to accept the appointment as Future Claimants' Representative upon the terms set forth in the Appointment Order and in a letter agreement with the Debtors dated June 11, 2004, a copy of which is attached hereto as Exhibit A (the "Letter Agreement").  The Debtors have agreed to compensate me for my time expended in serving as the Future Claimants' Representative on an hourly basis, at a rate of $500 per hour, and to reimburse me for reasonable expenses incurred in connection with my duties, subject to approval of the Court.

7.      As authorized by the Appointment Order and the Letter Agreement, I have selected and engaged Swidler Berlin Shereff Friedman, LLP to serve as my bankruptcy counsel.  I also have selected and engaged CIBC World Markets Corp., as financial

consultants to advise me in my duties.  In addition, I intend to employ a professional to advise me in connection with estimating futures claims.  Employment of these professionals, and payment of their fees and costs, is subject to approval of the Court.

8.      To the best of my knowledge, I do not have, and have not had, any business, professional or other connection with the Debtors, their creditors or any other party in interest, or their respective attorneys and accountants, except as set forth in this Statement.

9.      To the best of my knowledge, I have never represented a current plaintiff, defendant or insurer in any litigation matter involving any of the Debtors.

10.      The Manville Trust, CRMC, their officers and employees, and I may have business associations with, professional and social relationships with, or other interests aligned with or adverse to, creditors or parties in interest, or their attorneys, accountants or advisors; as far as I have been able to ascertain, none of these associations, relationships, or interests have any connection with these cases.  Additionally, in my position as the future claimants' representative in the chapter 11 case of Combustion Engineering, Inc., or while serving in a similar position with respect to one or more other entities, I may have associations or relationships with, or other interests aligned with or adverse to, creditors or parties in interest, or their attorneys, accountants or advisors; as far as I have been able to ascertain, none of these associations, relationships, or interests have any connection with the Debtors or these cases.  In fulfilling my duties to the Manville Trust and CRMC, and as the future claimants' representative for Combustion Engineering, Inc. and one or more other entities, I appear in cases, proceedings and transactions throughout the United States involving many different parties, and work

together with many different parties, which may include creditors or parties in interest, or attorneys, accountants or other professional firms or advisors who may represent the Debtors, creditors or parties in interest in these cases.

11.     I am a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, in that:

    a.  I am not a creditor, equity security holder, or insider of the Debtors;

    b.  I am not and was not an investment banker for any outstanding security of the Debtors;

    c.  I have not been, within three years before the date of the filing of the Debtors' chapter 11 petitions:

        i.  an investment banker for a security of the Debtors; or

        ii.  an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the Debtors;

    d.  I am not and was not, within two years before the date of the filing of the Debtors' chapter 11 petitions, a director, officer, or employee of the Debtors or of any investment banker as specified in subparagraph (b) or (c) of this paragraph; and

    e.  I do not hold an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors or an investment banker specified in subparagraph (b) or (c) of this paragraph, or for any other reason.

12.     To the best of my knowledge, I do not hold or represent (other than in my capacity as the Future Claimants' Representative) any interest adverse to the Debtors or

their estates.  I do not hold or represent any interest adverse to persons that might assert

future claims or demands against the Debtors with respect to any matters relating to my

appointment as the Future Claimants' Representative.

13.    I am not related to, and have no connections with, the United States

District Judge or the United States Bankruptcy Judge assigned to these cases, any other

United States District Court Judge or United States Bankruptcy Court Judge for the

District of Delaware, or the United States Trustee for this District or any person known to

me to be an employee of that office.

*       *       *       *       *

I declare under penalty of perjury that the foregoing is true and correct to the best

of my knowledge, information and belief.

David T. Austern

Executed on June 14, 2004

# EXHIBIT A



**David B. Siegel**
Senior Vice President, General Counsel
and Chief Restructuring Officer

W. R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

Tel.: (410) 531-4170
Fax: (410) 531-4545

June 11, 2004

David T. Austern, Esq.
Claims Resolution Management Corporation
8260 Willow Oaks Corporate Drive, Suite 600
P.O. Box 22031
Fairfax, VA  22031

Dear Mr. Austern:

As you know, by Order entered May 24, 2004 (the "Appointment Order"), the United States Bankruptcy Court for the District of Delaware (the "Court") appointed you to serve as the legal representative (the "Legal Representative") for the purpose of protecting the rights of persons who might in the future assert claims or demands arising out of the activities of W. R. Grace & Co. and its affiliated debtors (collectively, "Grace") with respect to asbestos-containing or asbestos-related products or services, as contemplated by Section 524(g) of Title 11 of the United States Code (the "Bankruptcy Code").  As you also know, Grace intends to negotiate and propose a plan of reorganization under Chapter 11 of the Bankruptcy Code and to seek confirmation of the Plan in its Chapter 11 proceedings.

Grace agrees to compensate you for your time expended in serving as the Legal Representative on an hourly basis, at the rate of $500 per hour.  Grace also will reimburse you for reasonable expenses incurred in connection with your duties. Subject to approval of the Court, you may retain such professionals as you deem appropriate to assist you in the performance of your duties as Legal Representative. Grace will pay such fees and expenses incurred by such professionals.

Notwithstanding Grace's agreement to compensate and reimburse you and your professionals, Grace's obligation to do so is expressly subject to approval of and authorization by the Court.  Fees and expenses incurred in connection with your duties as Legal Representative, as well as fees and expenses of such professionals as the Court authorizes you to retain, will be subject to review and approval of the Court.  In order to obtain approval of such fees and expenses, you and your professionals must

David T. Austern, Esq.
June 11, 2004
Page 2

submit appropriate applications to the Court in compliance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the local rules of the Court, and administrative compensation orders entered by the Court including, but not limited to, Amended Administrative Order under 11 U.S.C. §§ 105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, dated April 17, 2002.

The Court's Appointment Order provides you with certain indemnification rights. Subject to approval of the Court, you also may obtain errors and omission insurance at Grace's cost.

If you are willing to accept appointment as the Legal Representative upon the terms set forth in the Appointment Order and this letter, please acknowledge below and return this letter to me.

Very truly yours,

W.R. GRACE & CO., for itself and on behalf of Its Affiliated Debtors

By: _____
David B. Siegel
Senior Vice President, General Counsel
and Chief Restructuring Officer

ACCEPTED AND AGREED:

_____
David T. Austern, in his capacity as
Legal Representative