# Exhibit B

# ADR Procedures

## W.R. Grace & Co., et al.

## ALTERNATIVE DISPUTE RESOLUTION PROCEDURES

**WITHIN THIRTY (30) CALENDAR DAYS OF THE DATE OF SERVICE OF THESE ADR PROCEDURES, YOU MUST SUBMIT TO THE DEBTORS AND ITS REPRESENTATIVES, AT KIRKLAND & ELLIS LLP, 200 E. RANDOLPH ST, CHICAGO, IL 60601, ATTN: SAMUEL L. BLATNICK, A COMPLETED AND SIGNED ADR NOTICE (EXHIBIT 1). THE FAILURE TO DO SO MAY RESULT IN THE LOSS OF YOUR RIGHT OR A DELAY IN YOUR ABILITY TO PURSUE YOUR CLAIM AGAINST THE DEBTORS**

**1.0. Preamble.** These Alternative Dispute Resolution Procedures (the "ADR Procedures" and collectively, the "ADR Program") are designed to achieve prompt, efficient and economical resolution of disputed prepetition claims against one or more of the Debtors. All rules contained herein shall be liberally construed so as to resolve the disputed claims in a fair and equitable manner.

**2.0. Defined Terms.** Capitalized terms used in these ADR Procedures shall have the meanings defined as follows:

**2.1. Additional Bar Date:** "Additional Bar Date" shall mean the deadline for filing a claim, by claimants known by the Debtors on the Petition date that were not properly served with a copy of the Bar Date Order, in accordance with terms outlined in the Debtors' Motion to Establish an Additional Bar Date.

**2.2. ADR Claim:** "ADR Claim" shall mean every claim alleged in a Timely Proof of Claim or other Proof of Claim deemed accepted by the Court for which the holder of such Timely Proof of Claim or other proof of claim has been served with a copy of the ADR Order and these ADR Procedures. ADR Claim does not include (i) any claims relating to the Zonolite Attic Insulation, (ii) asbestos-related personal-injury claims or (iii) any claims arising after the Petition Date.

**2.3. ADR Notice:** "ADR Notice" shall mean a form of notice substantially in the form annexed as <u>Exhibit A</u> to the ADR Motion.

**2.4. ADR Order:** "ADR Order" shall mean the Order entered by the Bankruptcy Court on **[DATE TO BE INSERTED]**, approving the ADR Program as outlined in the W.R. Grace & Co., et al's Motion Pursuant to Sections 105(a), 362, 363, 502 and 503 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedures 9019 to Establish an Alternative Dispute Resolution Program to Liquidate Certain Prepetition Claims and these ADR Procedures.

**2.5.    ADR Notice Package:** "ADR Notice Package" shall mean the compilation of the (a) these ADR Procedures and (b) the ADR Order, which are served upon a Claimant in the manner outlined in these ADR Procedures.

**2.6.    Allowed Claim:** "Allowed Claim" shall mean an ADR Claim that, through negotiation, Mediation and/or litigation, results in (a) an agreement between the Debtors and the relevant ADR Claimant or (b) an order from a court of appropriate jurisdiction establishing the amount of the Claim.

**2.7.    Bankruptcy Code:** "Bankruptcy Code" shall mean the Bankruptcy Reform Act of 1978, as amended, and codified as Title 11 of the United States Code.

**2.8.    Bar Date Order:** "Bar Date Order" shall mean the order, dated April 22, 2002, by which this Court set March 31, 2003 as the last date for filing proofs of claim for all pre-petition claims relating to asbestos property damage, non-asbestos claims and medical monitoring claims.

**2.9.    Claim:** "Claim" shall mean a claim alleged in a Timely Proof of Claim and/or other proof of claim deemed accepted by the Court.

**2.10.    Claimant:** "Claimant" shall mean any holder or holders of a Claim (including a Claimant's guardian or representative if the Claimant is a minor or otherwise incompetent).

**2.11.    Claims Agent:** "Claims Agent" shall mean Rust Consulting, Inc., the Court-appointed claims agent for these bankruptcy cases.

**2.12.    Confirmation Order:** "Confirmation Order" shall mean the order of the Court or any other court of competent jurisdiction confirming the chapter 11 plan or plans involving the Debtors and approving the transactions contemplated by the chapter 11 plan(s).

**2.13.    Court:** "Court" shall mean the United States Bankruptcy Court for the District of Delaware or any other bankruptcy court to which the Debtors' bankruptcy cases are transferred or, if reference to the Bankruptcy Judge is withdrawn, the United States District Court in which such cases are then pending. The withdrawal of the reference for an adversary proceeding, or for a particular contested matter in these cases, shall not constitute a withdrawal of reference of the cases themselves, nor affect the status of the United States Bankruptcy Court for the District of Delaware, as being the "Court" in which these bankruptcy cases proceed.

**2.14.    Debtors:** The "Debtors" shall mean the following sixty-two (62) entities, whose bankruptcy cases are being jointly administered as Case No. 01-01139 before the Court: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto

Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

**2.15. Insurance Policies:** "Insurance Policies" shall mean the relevant policies of insurance issued by the Debtors' carriers naming the Debtors or their predecessor(s) as insured for Claims arising before the Petition Date.

**2.16. Initial Offer:** "Initial Offer" shall mean the first offer of settlement, which the Debtors are required to serve upon a respective Claimant within <u>forty-five (45) calendar days</u> after receipt of a completed Statement of Claim.

**2.17. Mediation:** "Mediation" shall mean the voluntary negotiation of an ADR Claim between the Debtors and a Claimant with the assistance of a Mediator in an attempt to create an Allowed Claim.

**2.18. Mediator:** "Mediator" shall mean any neutral third-party that is appointed by this Court to help facilitate settlements between the Debtors and ADR Claimants.

**2.19. Petition Date:** "Petition Date" shall mean April 2, 2001.

**2.20. Pre-Approved Settlement:** "Preapproved Settlement" shall mean any settlement of a Claim (i) for an amount that is fifty-percent (50%) of less of the amount of the claim asserted in the ADR Claimant's proof of claim (as amended by any subsequent proofs of claims), or (ii) in the Debtors' sole discretion, any single allowed claim of $100,000 or less.

**2.21. Statement of Claim:** "Statement of Claim" shall mean a summary of an ADR Claimant's Claim, substantially in the form annexed hereto as <u>Exhibit 1</u>.

**2.22. Stipulation:** "Stipulation" shall mean any agreement resolving an ADR Claim, substantially in the form annexed hereto as <u>Exhibit 2</u>. Pursuant to the Stipulation, a respective ADR Claimant releases any and all claims that Claimant may have against the Debtors, their predecessors and successors in interest, affiliates, agents, attorneys, insurers, and the respective current and former officers, directors and employees of each concerning or relating to the Claimant's rights to claims pertaining to the Claimant's ADR Claims set forth and described in the Claimant's Statement of Claim.

**2.23. Timely Proof of Claim:** "Timely Proof of Claim" shall mean (i) any proof of claim filed in accordance with the requirements set forth in the Bar Date Order, (ii) any proof of claim for which the Court has granted the respective party leave to file a claim after the bar date specified in the Bar Date Order, or (iii) any applicable proof of claim filed in accordance with the requirements of the order establishing the Additional Bar Date.

**3.0** **Participation in the ADR Program:** Each and every holder of an ADR Claim is strongly encouraged to participate in the ADR Program. If a Claimant elects to participate in the ADR Program and fails to cooperate or participate in good-faith, then the Debtors shall have the right to seek to disallow, discharge, waive, and expunge that Claimant's ADR Claim by separate motion.

**4.0** **Notice, Filing and Service:** Unless a Claimant is otherwise notified in writing, all pleadings, notices and forms required or provided herein, must be timely served upon each of the following parties:

Kirkland & Ellis, LLP
200 E. Randolph Drive
Chicago, IL 60601
Attn: Samuel L. Blatnick

**5.0.** **Effect of a Confirmation Order:** Unless otherwise ordered by the Court, any Claimant holding an ADR Claim who, on the date of entry of a Confirmation Order, has participated in, but not completed the ADR Procedures or otherwise agreed to an Allowed Claim, shall be required to complete the ADR Procedures or otherwise agree to an Allowed Claim in order to receive any distribution on account of such ADR Claim.

**6.0** **Administration**

**6.1** **Debtors' Staffing:** The administration of the ADR Program will be managed and directed by the Debtors' in-house counsel along with Kirkland & Ellis LLP with assistance from the Debtors' applicable insurance broker(s) and carriers and any adjuster(s) appointed by the Debtor's insurers, if applicable, plus any professionals or consultants hired by the Debtors to assist them in administering the ADR Procedures.

91100-001\DOCS_DE:95266.2

**6.2    Employment of a Mediator:** Subject to the conditions set forth elsewhere herein, and in conjunction with Court approval of the ADR Procedures, the Debtors will employ a Mediator under the ADR Program and the Debtors and the Claimants will bear all costs and fees of the Mediator, with respect to the Mediation of a respective ADR Claim, equally.

**6.3    Participation in the ADR Program:** All ADR Claims shall be liquidated as provided in these ADR Procedures. As soon as reasonably practicable after the entry of the ADR Order, the Debtors will serve those Claimants, or their attorneys (if known), who, in the Debtors' sole discretion, have asserted Claims that can be resolved expeditiously under the ADR Program with an ADR Notice Package. Service of the ADR Notice Package shall be effectuated in accordance with Federal Rules of Bankruptcy Procedure 7004 and Federal Rules of Civil Procedure: (i) to the extent counsel for an ADR Claimant is not known, by first-class mail, postage prepaid, on the signatory on the respective ADR Claimant's proof of claim or other representative identified in the proof of claim and any attachment thereto; or (ii) by first-class mail, postage prepaid, on any counsel that has appeared on the respective ADR Claimant's behalf in the Debtors' bankruptcy cases or otherwise. The ADR Notice (included in the ADR Package) will direct the ADR Claimant to (i) indicate on the ADR Notice whether they wish to participate in the ADR Program and (ii) return the complete and signed ADR Notice within thirty (30) calendar days after the date of the ADR Notice. **If an ADR Claimant fails to return a completed and signed ADR Notice within thirty (30) calendar days of the date of the ADR Notice, the ADR Claimant's claim shall be forever discharged, disallowed, waived and expunged.**

**7.0    Statement of Claim:** Within a reasonable period of time following receipt of an ADR Notice that expresses an ADR Claimant's desire to participate in the ADR Program, the Debtors shall mail to such ADR Claimant a Statement of Claim. Within fifteen (15) calendar days, after receipt of the Statement of Claim, those ADR Claimants who still wish to participate in the ADR Program must return a completed Statement of Claim to the Debtors. The Statement of Claim requests information pertinent to resolving the respective ADR Claim. Claimants shall also provide to the Debtors any additional or supplemental documentation, information, or evidence reasonably requested or required by the Debtors. Upon receipt of the completed and signed Statement of Claim, both parties may direct reasonable and good faith requested to the other party for further information to assist them in completing the ADR Procedures in good faith. The Debtors and the Claimant shall timely respond to any good faith request for further information and provide any such information as soon as reasonably practicable. Unless otherwise agreed by the Debtors, no Claimant may participate in the ADR Program unless and until a substantially completed and signed Statement of Claim is received by the Debtors. UNLESS THE DEBTORS AGREE OTHERWISE IN WRITING, THE COMPLETED AND SIGNED STATEMENT OF CLAIM MUST BE RECEIVED BY THE DEBTORS WITHIN THIRTY (30) CALENDAR DAYS FROM THE DATE THE STATEMENT OF CLAIM WAS MAILED TO THE CLAIMANT. IF A CLAIMANT FAILS TO TIMELY SUBMIT A COMPLETED AND SIGNED STATEMENT OF CLAIM, THEN SUCH CLAIMANT'S CLAIMS(S) SHALL BE FOREVER DISALLOWED, DISCHARGED, WAIVED AND EXPUNGED AGAINST

THE DEBTORS AND THEIR BANKRUPTCY ESTATES, WITHOUT FURTHER ORDER OF THE COURT.

**8.0 Settlement Offers**

**8.1.0 Initial Offers.** Subject to the procedures set forth below, the Debtors have the authority to make a settlement offer to each ADR Claimant who timely submits a completed and signed ADR Notice and Statement of Claim that indicates a desire to participate in the ADR Program. Any ADR Claimant accepting a settlement offer shall be deemed to have granted a complete release of every Debtor and every applicable insurer(s) (if any), their predecessors, successors-in-interest, and their respective officers, directors, agents, attorneys and employees. Within forty-five (45) calendar days after receipt of a completed Statement of Claim, the Debtors may serve on the applicable ADR Claimant an Initial Offer.

**8.1.1** Each ADR Claimant will be required to accept or reject the Initial Offer within twenty (20) calendar days after its mailing. Such Claimants must accept the Initial Offer by signing and serving a Stipulation upon the Debtors within the aforementioned period of time. If the Claimant accepts the Initial Offer, and the Initial Offer is a Pre-Approved Settlement, then the Debtors shall file with the Clerk of the Court a Stipulation to that effect and shall immediately mail a copy of the Stipulation to the Claims Agent.

**8.1.2** In the event the Debtors and an ADR Claimant compromise and settle an ADR Claim that is not a Pre-Approved Settlement, the Debtors shall seek Court-approval of such settlement on 20 (twenty) days negative notice of the Stipulation after service upon the Office of the United States Trustee and the counsel for any official committee then-recognized in these bankruptcy cases. If no objections are timely-filed against a respective Stipulation, then the Debtors will submit an order approving the Stipulation without further notice or hearing. If an objection(s) is timely filed, then the matter will be scheduled for hearing at the next-scheduled omnibus hearing that is at least thirty (30) days following the date of the objection. If the Court does not approve the settlement, then the Stipulation shall not be effective and the Debtors, in their sole discretion, may elect to either (i) continue negotiations with the ADR Claimant or (ii) treat the ADR Claimant as no-longer participating in the ADR Program.

**8.2 Second Offers.** If the ADR Claimant rejects the Initial Offer, then the Debtors will have the option of (i) referring the ADR Claim to mediation as set forth below, (ii) making a second written settlement offer to such Claimant pursuant to the same procedural protocols as the Initial Offer, or (iii) treating such ADR Claimant as having elected to no-longer participate in the ADR Program

**8.3 Extension of Settlement Period.** Upon mutual, written-consent, the Debtors and an ADR Claimant may exchange additional settlement offers following rejection by the ADR Claimant of the Debtors' Second Offer. The amount of timing of any such offers will be governed by the written agreement of the Debtors and the ADR Claimant.

**9.0 Mediation**

**9.1 Submission of Claims to Mediation.** After reviewing the results of the settlement-stage, the Debtors may refer disputes between the Debtors and ADR Claimants whose

claims (i) have not been settled consensually or (ii) have not been provisionally barred pursuant to the procedures set forth above, to the Mediatoror any other mediator that has been appointed by the Court, to conduct mandatory, non-binding mediation. The Debtors may submit any Claim to mediation if: (i) the Debtors do not make a Second Offer, within fifteen (15) calendar days of an ADR Claimant's rejection of the Debtors' initial offer; (ii) the Debtors make a Second Offer, within fifteen (15) calendar days of an Claimant's rejection of the Second Offer; or (iii) the Debtors and the Claimant agree to exchange additional offers (after the Second Offer), within fifteen (15) calendar days of the Claimant's rejection of the last offer.

**9.2** **Notice to Claimant.** The Debtors shall notify the Claimant in writing of the submission of his or her ADR Claim to Mediation, and the Debtors shall forward to the Mediator all Statements of Claim and other relevant information they have received from the Claimant regarding the ADR Claimant's Claim . The Mediator shall schedule an initial Mediation conference to occur within forty-five (45) calendar days of the Mediator's receipt of such materials to be held in (i) the greater Baltimore, MD metropolitan-area or (ii) another location that is agreed-upon by the Debtors, the ADR Claimant, and the Mediator. The Debtors and the ADR Claimant shall each have a person with settlement-authority attend the Initial Conference and any subsequent conferences.

**9.3** **Attendance.** If an ADR Claimant fails to attend a properly-noticed Initial Conference (or subsequent Mediation conference if scheduled pursuant to the requirement outlined below) or fails to materially comply with any of the Mediation procedures, the ADR Claimant's claim shall, without further order to the Court, be forever disallowed, discharged, waived, and expunged against the Debtors, their bankruptcy estates, their successors, their directors, officers and agents.

**9.4.** **Outcomes.** After the conclusion of the Initial Conference:

**9.4.0** If no consensual agreement is reached for settlement of the Claimant's Claim, and the Debtors do not believe that further mediation is likely to yield such an agreement, the Debtors shall send the Claimant, within fifteen (15) calendar days following the Initial Conference, a statement indicating that they do not believe the ADR Claim can be settled, and the respective ADR Claim will no longer be eligible to participate in the ADR Program. If no consensual agreement is reached after the Initial Conference, and the Debtors believe that further Mediation may yield such an agreement, the Mediator shall schedule a subsequent Mediation conference or conferences. If the Debtors subsequently believe that further Mediation is not likely to yield an agreement, the Debtors shall promptly send the ADR Claimant a Conclusion Statement.

**9.4.1** If a settlement is reached, the ADR Claimant and the Debtors shall be required to sign and execute a Stipulation. If the agreed-upon settlement is a Pre-Approved Settlement, the Debtors shall file a Stipulation with the Clerk of the Court, and send a copy of the Stipulation to the Claims Agent. The Stipulation will be effective and binding on all parties-in-interest upon its filing with the Clerk and will not require the endorsement or approval of the Court. In the event the Debtors and an ADR Claimant compromise and settle an ADR Claim that is not a Pre-Approved Settlement, the Debtors shall seek Court-approval of such settlement on 20 (twenty) days negative notice of the Stipulation after service upon the Office of the United States Trustee and the counsel for any official committee then-recognized in these bankruptcy cases. If no

8

objections are timely-filed against a respective Stipulation, then the Debtors will submit an order approving the Stipulation without further notice or hearing. If an objection(s) is timely filed, then the matter will be scheduled for hearing at the next-scheduled omnibus hearing that is at least thirty (30) days following the date of the objection. If the Court does not approve the settlement, the Stipulation shall not be effective, and the Debtors, in their sole discretion, may (i) elect further Mediation, (ii) deem the Claimant to no longer participate in the ADR Program, or (iii) refer the ADR Claimant's claim to litigation.

**9.5.** **Costs.** The Mediator's fee will be shared equally by the Debtors and the ADR Claimant. All fees required to be paid by an ADR Claimant must be paid within thirty (30) calendar days after the relevant mediation session. If an ADR Claimant fails to pay all required fees when due, the ADR Claimant's claim shall be forever disallowed, discharged, waived, and expunged in its entirety without further order of the Court.

**9.6.** **Conduct of Mediation.** ADR Claims shall be handled by the Mediator in the order received by him or her, to the extent practicable. Any party may be represented by legal counsel, although the participation of legal counsel shall not be required to conduct the Mediation.

**9.7** **Language.** Mediation shall be conducted in English, or such other language as the parties shall agree to or the Court shall direct.

**10.0** **Litigation.** For those ADR Claimants whose ADR Claims are not resolved through Mediation, the ADR Claimants must send the Debtors, within fifteen (15) days after receipt of the Conclusion Statement, a written notice that they desire to litigate their ADR Claim(s) (the "Litigation Statement"). If the ADR Claimant does not timely serve the Debtors with a Litigation Statement, the ADR Claimant shall be deemed to have elected to no longer participate in the ADR Program, and their ADR Claim shall be forever disallowed, discharged, waived, and expunged against the Debtors and their bankruptcy estates, without any further order by the Court. If the Claimant timely serves the Debtors with a Litigation Statement, then the ADR Claimant's claim shall be litigated in the following manner, depending on whether their respective ADR Claim involves "immature litigation or "mature litigation." With respect to immature litigation - ADR Claims where the underlying litigation had not substantially progressed prior to the Petition Date - such unresolved ADR Claims shall proceed to litigation in the Bankruptcy Court for the District of Delaware. To the extent that the Bankruptcy Court for the District of Delaware does not have the jurisdiction to resolve any such matters, the respective matter shall be resolved in the District Court for the District of Delaware. With respect to mature litigation - unresolved ADR Claims where (i) the litigation had progressed through the discovery stage and was substantially ready for trial or (ii) where judgment was rendered and the matter was on appeal - the Automatic Stay shall be lifted and the cases shall proceed to trial in the forum where the case was pending when the Automatic Stay went into effect.

**11.0** **Satisfaction and Payment of Allowed Claims.** To the extent the amount of any resolved ADR Claim - is (i) agreed-upon in a Stipulation or settlement agreement or (ii) determined by a final order of this Court or the District Court - is uninsured, the Debtors' insurers shall not be required to pay such settlement amount, and such settlement amount shall

9

constitute an allowed claim against the Debtors' estates in its prospective reorganization plan[1]. To the extent that any resolved ADR Claims are covered by applicable insurance, then the respective insurance companies shall make payments for the non-deductible portion of the ADR Claims as set forth in the relevant policies. The deducible portion of any such Claims shall become allowed claims against the Debtors' estates.

**12.0    The Automatic Stay and Preliminary Injunction.** Upon service by the Debtors of the ADR Notice Package on a ADR Claimant as set forth herein, such ADR Claimant shall be enjoined from, among other things, commencing or continuing any action or proceeding in any manner or any place to establish, liquidate, collect or otherwise enforce their claims against the Debtors or their property other than through the ADR Program, including seeking relief from the Automatic Stay and/or the Preliminary Injunction[2]. Although an ADR Claimant can opt-out of the ADR Program, the Automatic Stay and Preliminary Injunction shall remain in effect, unless the Automatic Stay or Preliminary Injunction, as applicable, has been otherwise terminated or modified by an order of this Court.

**13.0    Timely Filed Proofs of Claims.** Nothing in the ADR Program alters the requirement that each ADR Claimant (and any other claimant) must have timely filed a proof of claim or previously received leave from this Court to file a late claim.

**14.0    No Waiver of Defenses.** The submission of any ADR Claim to the ADR Program shall not serve as a waiver or release of any defenses or claims that the Debtors or a Claimant may have with respect to any ADR Claim. Moreover, except for any tolling of any applicable limitations period resulting from the Debtors' bankruptcy, the submission of any ADR Claim to the ADR Program shall not serve as a waiver or release of any claim or defense that may otherwise be available to the Debtors or a Claimant at law or in equity in defending against or prosecuting the ADR Claim in the event that the ADR Claim is litigated.

**15.0    Failure to Act in Good Faith.** If a Claimant elects to participate in the ADR Procedures and fails to participate or cooperate in good faith in the ADR Program, then the

---

[1] The Debtors reserve their rights to seek to subordinate any award of punitive damages to all other claims and to assert any applicable limit or "cap" on claims (such as, by way of example, the limitation on allowed amounts of employee claims as set forth in section 502(b)(7) of the Bankruptcy Code).

[2] On January 22, 2002, this Court entered an Order Granting Modified Preliminary Injunction (the "Preliminary Injunction") in the adversary proceeding entitled W.R. Grace & Co., et al. v. Margaret Chakarian, et al. and John Does 1-1000, Case No A-01-771. In particular, this Court enjoined all "Actions" that had been filed "(a) against Affiliate Entities that arise from alleged exposure to asbestos indirectly or directly allegedly caused by Debtors; or (b) for which there may be coverage under the Insurance Policies; (c) against Affiliated Entities alleging fraudulent transfer or fraudulent conveyance claims; (d) against Insurance Carriers alleging coverage for asbestos-related liabilities..." Preliminary Injunction ¶10 at pp. 3-4. The following Insurance Carriers were listed as Affiliated Entities for purposes of the Preliminary Injunction: (a) Maryland Casualty Company, (b) Continental Casualty Company, (c) Affiliates of Maryland Casualty Co. and Continental Casualty Co., and (d) Other Insurers of the Debtors under the Insurance Policies who have been named as defendants in actions pending in direct action states.

10

Debtors shall have the right to seek by separate motion, notice and opportunity for hearing, to disallow, discharge and waive and expunge the Claimant's ADR Claim in these cases on the ground of such failure to participate or cooperate in the ADR Program.

**16.0** **Cancellation or Modification.** At any time, the Debtors shall have the right, upon further Court order and notice and hearing, to modify or terminate the ADR Program. No such modification or termination shall impact those Claimants whose respective Claims are then pending before the Mediator or any pending settlement offers, and the Debtors shall resolve such Claims consistent with the ADR Program. Similarly, any such termination or modification of the ADR Program shall not affect any previously resolved ADR Claims.