IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | Re: Docket No. _____ and 7/19/04 |
| | | Agenda Item # ____ |

## ORDER PURSUANT TO SECTIONS 105(a), 362, 363, 502 AND 503 OF THE BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019 ESTABLISHING AN ALTERNATIVE DISPUTE RESOLUTION PROGRAM AND TO PERMIT THE DEBTORS TO LIQUIDATE CERTAIN PREPETITION CLAIMS

Upon consideration of the Motion of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for an order, pursuant to sections 105(a), 363, 363, 502 and 503 of title 11 of the United States Code (the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure 9019 to establish an alternative dispute resolution program and to permit Debtors to liquidate certain prepetition Disputed Claims (the "Motion")[2]; and the Court having considered the Motion and finding that the relief requested therein is in the best interest of the

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning given to them in the Motion.

Debtors and their estates; and due and proper notice having been given with no other notice being required; and in light of the nature of the relief requested in the Motion, no further notice or hearing on the Motion being required; and after due deliberation and sufficient cause appearing therefore;

1. IT IS HEREBY ORDERED THAT:

2. The Motion is granted.

3. The ADR Program and the ADR Notice Package are approved in all respects. The Debtors are authorized, but not directed, in their sole discretion to trigger the application of the ADR Program with respect to any Disputed Claim.

4. All time periods and deadline set forth in the ADR Program shall be construed and governed by Federal Rule of Bankruptcy Procedure 9006.

5. The terms and conditions of the ADR Program, including, but not limited to, the time periods set forth in the Motion, shall be binding in every respect upon all ADR Claimants in these cases that are served by the Debtors with the ADR Notice Package.

6. The Debtors are authorized, but not directed, to refer any ADR Claim that is not resolved following the negotiation phase of the ADR Program to a Mediator who will be subsequently approved by this Court.

7. The Debtors are authorized to pay one-half of all fees and related expenses charged by the Mediator for such Mediation, and the respective ADR Claimants are directed to pay the remaining one-half of all fees and related expenses charged by the Mediator for such Mediation.

8. The Debtors are authorized, but not directed, to resolve any ADR Claim by Stipulation in accordance with the ADR Program regardless of whether the ADR Program is

formally invoked as to such ADR Claims. This Order is subject to any previously or subsequently entered orders resolving any Disputed Claim.

9. All holders of ADR Claims that participate in the Mediation segment of the ADR Program are directed to pay, on an equal basis with the Debtors, ½ of the fees and expenses for each Mediation session. If an ADR Claimant fails to pay its share of all fees and expenses for Mediation within thirty (30) calendar days of the date payment is due, the ADR Claimant's claim shall be forever discharged, disallowed, waived and expunged in its entirety, without further Court order.

10. Claimants that are served with an ADR Notice Package, and elect not to participate in the ADR Program, are barred from prosecuting their claim (including seeking relief from the automatic stay) until the earlier of (i) allowance of the subject claim by a settlement agreement, stipulation, or final order of this Court or the District Court, or (ii) the deadline to object to any claims under any confirmed reorganization plan.

11. Pursuant to the ADR Program, the failure of an ADR Claimant who has elected to participate in the ADR Program to participate in good faith may result in the ADR Claimant's Claim(s) being forever discharged, disallowed, waived, and expunged.

12. Pursuant to the ADR Program, the failure of an ADR Claimant who has elected to participate in the ADR Program to perform certain required acts under the ADR Program that are necessary to the resolution of their ADR Claim under the ADR Program shall, without further Court order, result in the ADR Claimant's claim(s) being forever discharged, disallowed, waived and expunged.

91100-001\DOCS_DE:95266.2

13. Nothing in this Order or the Motion alters the requirement that, in order to participate in the ADR Program, each Disputed Claimant must have filed a Timely Proof of Claim (as defined in the ADR Procedures) in these chapter 11 cases.

14. The Debtors are authorized, but not required, to take all actions required or contemplated by the terms and provisions of this Order and the ADR Program.

15. To the extent the Debtors' insurance policies are applicable to any ADR Claim, the Debtors' insurers shall, in good-faith, cooperate and participate in the ADR Program in accordance with the terms;

16. Upon written request by the Debtors, and only to the extent the Debtors' insurance policies are applicable to any ADR Claim, the Debtor's insurers shall use their best efforts to deliver to the Debtors copies of all files relating to such ADR Claims as soon as practicable after receipt of the Debtors' request.

17. This Court shall retain jurisdiction over the Debtors, the Debtors' insurers (to the extent the Debtors' insurance policies are applicable to any ADR Claim), and the Disputed Claimants with respect to all matters and disputes arising out of or relating to the implementation of the Motion, the ADR Program, and/or this Order.

18. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order, which is final.

Dated: _____, 2004

_____
UNITED STATES BANKRUPTCY JUDGE