# EXHIBIT A

Assignment Agreement

## ASSIGNMENT AND ASSUMPTION AGREEMENT

This Assignment and Assumption Agreement (this "Agreement") is made this 16th day of April, 2004, by and between W. R. GRACE & CO. – CONN., a Connecticut corporation having an address of 7500 Grace Drive, Columbia, Maryland 21044 ("Grace") and JAY PEAK, LLC, a Delaware limited liability company, having an address c/o Jaspan Schlesinger Hoffman, LLP, 300 Garden City Plaza, Garden City, New York 11530 ("Jay Peak").

### W I T N E S S E T H:

WHEREAS, by Lease dated November 8, 1978, as amended by Amendment dated March 31, 1983 (the "Prime Lease"), between Douglas W. Maclay, John M. Rife, Jr. and Robert K. Carlin d/b/a MRC Properties, Ft. Myers #1, a joint venture ("MRC Properties"), and Grace, then known as W. R. Grace & Co., MRC Properties leased to Grace that certain property having a street address of 5020 S. Cleveland Avenue, Ft. Myers Florida (the "Premises"); and

WHEREAS, pursuant to assignments dated December 31, 1984 and December 17, 1998, Jay Peak became the successor in interest to MRC Properties under the Prime Lease; and

WHEREAS, by Sublease dated May 31, 1982, as amended and restated by Restated Agreement of Sublease dated November 25, 1986 (the "Internal Grace Sublease"), between Grace and Grace Retail Corporation, Grace subleased the Premises to Grace Retail Corporation; and

WHEREAS, by assignment dated November 25, 1986, Channel Home Centers Realty Corporation, a Delaware corporation ("Channel") became the successor in interest to Grace Retail Corporation; and

WHEREAS, by Agreement of Sublease dated May 8, 1990 (the "Sublease") between Channel and Giant Furniture Industries, Inc. ("Giant Furniture"), Channel further subleased the Premises to Giant Furniture; and

WHEREAS Grace became the successor in interest to Channel, thereby causing the Internal Grace Sublease to be extinguished by the merger of estates; and

WHEREAS Jay Peak became the successor in interest to Giant Furniture under the Sublease; and

WHEREAS the effect of the foregoing Lease and multiple subleases and assignments is that Jay Peak is the owner and prime landlord of

the Premises, Grace is Jay Peak's tenant, and Jay Peak is in turn Grace's subtenant; and

WHEREAS Grace filed a voluntary petition for reorganization relief pursuant to Title 11 of the United States Code, 11 U.S.C. Sections 101 et seq., (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") on April 2, 2001 (the "Filing Date"), and has operated its business as a debtor-in-possession (as defined in Section 1101 of the Bankruptcy Code), as authorized by Sections 1107 and 1108 of the Bankruptcy Code since the Filing Date; and

WHEREAS, by Order of the Bankruptcy Court dated October 25, 2002, Grace assumed the Prime Lease; and

WHEREAS Grace now desires to sell and assign to Jay Peak all of Grace's right, title and interest in and to the Prime Lease, the Sublease, and the Premises, and Jay Peak desires to purchase such interest, accept such assignment and assume the obligations of Grace thereunder, on the terms and conditions hereinafter set forth,

NOW, THEREFORE, FOR GOOD AND VALUABLE CONSIDERATION, the receipt and sufficiency of which is hereby acknowledged, and the mutual covenants herein contained, the parties hereto hereby agree as follows:

1. Assignment and Assumption.

1.1. Assignment. Subject to the terms and conditions of Section 6 of this Agreement, Grace hereby assigns, sets over and transfers unto Jay Peak, to have and to hold from and after the Effective Date (as hereinafter defined), (i) all of the right, title and interest of Grace in, to and under the Prime Lease and the leasehold estate created thereby, for the balance of the term of the Prime Lease, subject to the terms and conditions of the Sublease, and (ii) all of the right, title and interest of Grace in, to and under the Sublease.

1.2. Assumption. Subject to the terms and conditions of Section 6 of this Agreement, Jay Peak hereby accepts such assignment and assumes the performance and observance of, and agrees to be bound by all of the terms, covenants, agreements, provisions and conditions of, the Prime Lease and the Sublease on Grace's part to be performed and observed for the period from and after the Effective Date.

2. Consideration. The parties hereby acknowledge that the annual rent payable by Grace to Jay Peak under the Prime Lease, both for the remainder of the existing term (which expires December 31, 2004) and during the term of each of the renewal options, is $114,670 per annum, and that the annual

rent payable by Jay Peak to Grace under the Sublease is presently $135,000 per annum, increasing to $144,000 per annum for each of the renewal options. Accordingly, in consideration of Grace entering into this Agreement and to compensate Grace for the profit it will be foregoing, Jay Peak shall pay to Grace the sum of Two Hundred Seventy Four Thousand, Three Hundred Fifty Nine and 17/100 Dollars ($274,359.17), which sum shall be payable on or before the Effective Date.

3. <u>Prorations</u>. Grace and Jay Peak shall pay the annual rent payable under the Prime Lease and the Sublease, respectively, through May 31, 2004 (it being acknowledged that the payment described in Section 2 hereinabove contemplates rental having been paid through such date). As the Prime Lease and the Sublease are "triple net" leases, no other prorations shall be necessary.

4. <u>Mutual Release</u>. Each party hereby unconditionally, absolutely and irrevocably agrees to release and hold the other harmless from and against any and all claims, obligations, damages, penalties, causes of action, losses, injuries, liabilities and expenses, including, without limitation, reasonable attorneys' fees, arising by reason of or in connection with such indemnified party's obligations under the Prime Lease or the Sublease arising or accruing prior to the Effective Date.

5. <u>Jay Peak Indemnification to Grace</u>. Jay Peak hereby unconditionally, absolutely and irrevocably agrees to indemnify and hold Grace harmless of, from and against any and all costs, claims, obligations, damages, penalties, causes of action, losses, injuries, liabilities and expenses, including, without limitation, reasonable attorneys' fees, arising by reason of or in connection with the Premises or Jay Peak's possession thereof, or arising by reason of Jay Peak's failure to perform its obligations under the Prime Lease or the Sublease arising or accruing on and after the Effective Date.

6. <u>Bankruptcy Court Approval</u>. This Agreement shall not become effective unless approved by the Bankruptcy Court. Grace shall use its good faith diligent efforts to pursue Bankruptcy Court approval of this Agreement and the transaction which is the subject hereof. As used in the provisions of this Agreement, the "Effective Date" shall be the third business day following the date on which the order entered by the Bankruptcy Court authorizing and approving this Agreement and the transaction which is the subject hereof (the "Bankruptcy Court Order") becomes final. The Bankruptcy Court Order shall not be deemed final until the time to appeal has expired without any appeal having been filed and without entry of any stay pending appeal. Either party shall have the right to terminate this Agreement, by notice to the other, if the Effective Date shall not have occurred on or before July 1, 2004.

7. <u>Miscellaneous</u>.

    7.1. <u>No Broker</u>. Grace and Jay Peak each warrants and represents to the other that no broker, agent or finder has been retained by it in connection with this Agreement or any transaction contemplated hereby, and each agrees to indemnify and hold the other harmless from all losses or claims based on or arising out of any assertion by any such party that it is entitled to any fee or compensation due to an agreement made by such party and the indemnitor in violation of the foregoing.

    7.2. <u>Counterparts</u>. This Agreement may be executed in two counterparts, each of which shall be deemed an original, but both of which together shall constitute one and the same instrument.

    7.3. <u>Time of the Essence</u>. Time is of the essence with respect to all provisions of this Agreement.

    7.4. <u>Entire Agreement</u>. This Agreement constitutes the entire Agreement between the parties hereto with respect to the subject matter hereof, and supersedes any and all written or oral agreements with respect hereto. This Agreement may be amended or modified only by instrument signed by both of the parties hereto.

    7.5. <u>Rules of Construction</u>. Grace and Jay Peak have each been represented by legal counsel in the preparation of this Agreement, and the rule of construction that documents be construed against the drafter shall not apply to this Agreement.

    7.6. <u>Governing Law</u>. The parties agree that the Bankruptcy Court has exclusive jurisdiction to enforce the provisions of this Agreement and to decide any claims or disputes which may arise or result from or be connected with this Agreement, any breach or default hereunder, or the transaction contemplated thereby.

[REST OF PAGE INTENTIONALLY LEFT BLANK]

IN WITNESS WHEREOF, the parties hereto have duly executed this Agreement as a sealed instrument as of the day and year first above written.

W. R. GRACE & CO. – CONN.

By: _W B McGowan_
W. Brian McGowan
Senior Vice President


JAY PEAK, LLC
By: JSS&H Realty LLC,
Managing Member.

By: _____
Name: Steven R. Schlesinger
Title: Managing Member

- 5 -