# Exhibit 1

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

Hearing Date: July 19, 2004 at 12:00 p.m.

### DEBTORS' REPLY TO RESPONSE FILED BY DENNIS NELSON TO THE THIRD OMNIBUS OBJECTION TO CLAIMS (NON-SUBSTANTIVE)

The Debtors hereby file this Reply in further support of their objections to the claims of

Dennis Nelson. The Court should expunge claim numbers 15365 and 15367 filed by Dennis

Nelson from the claims registry because they were filed after the Bar Date (as defined hereafter).

### Background

1.      On April 2, 2001 (the "Petition Date"), each of the Debtors in these chapter 11

cases filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code

(the "Bankruptcy Code") commencing their respective chapter 11 cases (collectively, the

---

[1]      The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

"Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for administrative purposes only and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

2.      By an order dated April 25, 2002, this Court set March 31, 2003 as the last date for filing proofs of claim for all pre-petition claims relating to asbestos property damage, non-asbestos claims (including all governmental claims) and medical monitoring claims (the "Bar Date"). A bar date has yet to be set for asbestos personal injury claims and claims related to Zonolite Attic Insulation.

### The Objection And Request For Relief

3.      On April 14, 2004, the Debtors filed their Third Omnibus Objection to Claims (Non-substantive) (the "Third Omnibus Objection"), in which the Debtors sought to disallow or reduce, as appropriate, the claims set forth in the exhibits attached thereto (the "Disputed Claims"). Included on Exhibit C and identified as "Late Filed Claims" (as that term was defined in the Third Omnibus Objection), the Debtors objected to the following two (2) claims filed by Dennis Nelson after the Bar Date:

(a)     **Claim # 15365**: This claim was received on 11/12/03 for $250,000,000. On its face, Mr. Nelson indicates that the basis of the claim was "Other." He also states that he is owed unpaid compensation for the time period of 1986 to 2003. In the documents attached to the claim, Mr. Nelson attached a letter to the Court requesting a settlement of $150,000,000. The Debtors are unable to discern from the attachments what, if any, legal basis Mr. Nelson asserts for Claim # 15365. A copy of Claim #15365 is attached hereto and incorporated herein as Exhibit A.

(b)     **Claim # 15367**: This claim was filed on 1/15/04 for $250,000,000. On its face, Mr. Nelson indicates that the basis of the claim is "Personal injury/wrongful death" and indicates that he allegedly is owed unpaid wages, salaries and compensation for the time period of 1987 to 2004. Mr. Nelson also indicates that there is real estate as collateral for the claim with a value of $250,000,000. Attached to the claim is a letter to Mr. Nelson from the MBNA Bank and other documents written by Mr. Nelson that state that Mr. Nelson's grandmother left him money but that the MBNA Bank would not let him withdraw such money. A copy of Claim #15367 is attached hereto and incorporated herein as Exhibit B. It

2

is possible that Mr. Nelson is wrongly confusing any rights and claims that he may have against MBNA Bank as claim against the Debtors.

4.    Mr. Nelson filed a response to the Third Omnibus Objection.[2]  His response did not state any legal or equitable argument as to why the two claims in question were filed after the Bar Date.  More importantly, Mr. Nelson's response provides no more information as to the possible basis of his claims.  Upon information and belief, the Debtors' records do not reflect any evidence that Mr. Nelson was ever an employee or a customer.  Mr. Nelson also asserts in his response that he will be in Court on May 24, 2004 to request his relief for his two claims of $250,000,000 each.  In fact, Mr. Nelson did not appear in Court on May 24, 2004.  Accordingly, it remains impossible to ascertain what, if any, basis exists to support the two claims or what, if any, excuse he has to filing the two claims after the Bar Date.[3]

5.    In addition to the two claims described herein, Mr. Nelson timely filed two other claims in this case, claim numbers 2159 and 2160.  Claim #2159 was received on October 10, 2002 and filed on a property damage claim form.  Claim #2159 was expunged from the record pursuant to an order entered by the Court granting certain relief requested in the Debtors' Second Omnibus Objection to Claims.  The order is attached hereto in pertinent part and incorporated herein as Exhibit D.  Claim #2160 was also received on October 10, 2002 and was filed on a medical monitoring form.  To date, Claim #2160 has not been objected to by the Debtors but the Debtors reserve all rights to object in the future to Claim #2160.  Accordingly, separate notice and hearing will be scheduled for any such objection.

---

[2]    Mr. Nelson filed a response with the court but sent slightly different letters to Counsel to the Debtors. The Debtors have attached a copy of all documents as Exhibit C.

[3]    Mr. Nelson's address is at Attica Correctional Facility in Attica, New York, and it is the Debtors' understanding that Mr. Nelson is currently incarcerated at that facility. The Debtors will serve this Reply together with a letter regarding the July 19, 2004 hearing that includes dial-in information upon Mr. Nelson at his address at Attica Correctional Facility.

**Argument**

**A.    This Court May Accept Late Filings of Claims only if there is "Excusable Neglect"**

Bankruptcy Rule 9006(b)(1) grants courts the authority to accept late filings where the claimant's failure to comply with the Bar Date "was the result of excusable neglect." Thus, this Court has the power, but not the obligation, to allow the filing of Mr. Nelson's late filed claims if it finds that Mr. Nelson's failure to file timely claims was the result of "excusable neglect." The Supreme Court has held that under this rule, courts are permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control. See Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). The determination of whether such neglect should be excused is determined by the following factors: (1) the danger of the prejudice to the debtor; (2) the length of delay and it potential impact on judicial proceedings; (3) the reason for delay, including whether it was within the reasonable control of the claimant; and (4) whether the claimant acted in good faith. See 507 U.S. at 395, 113 S.Ct. at 1498.

The Third Circuit has interpreted Pioneer to require a "totality of circumstances" test to determine whether a claimant's failure to file a timely claim was the product of "excusable neglect". See Manus Corp. v. NRG Energy, Inc., (In re O'Brien Environmental Energy, Inc.), 188 F.3d 116, 125 (3d. Cir. 1999). The Third Circuit has recognized that "[t]he determination whether a claimant's neglect of a bar date is "excusable" is essentially an equitable one, in which the courts are to take into account all relevant circumstances surrounding a party's failure to file." See Chemetron Corp. v. Jones, 72 F.3d 341, 350 (3d Cir. 1995). Further, the burden of proving excusable neglect lies with the movant. See Jones v. Chemetron Corp., 212 F.3d 199, 204 (3d. Cir. 2000). Moreover, "[i]gnorance of one's own claim does not constitute excusable

4

neglect." In re Best Prods. Co., Inc., 140 B.R. 353, 359 (Bankr. S.D.N.Y. 1992), cited with approval in In re Trans World Airlines, Inc., 96 F.3d 687, 690 (3d. Cir. 1996).

**B.    Mr. Nelson's Failure to Timely File Claims Does Not Constitute "Excusable Neglect"**

Mr. Nelson's failure to timely file claim numbers 15365 and 15367 does not constitute "excusable neglect." Mr. Nelson timely filed two other proofs of claim in these Chapter 11 Cases. He has not provided any reason for his delay in filing these claims, nor has he provided any evidence that he acted in good faith.

In addition, the Debtors would be severely prejudiced if the Court allowed these claims. The Debtors are in the process of developing a comprehensive, viable plan of reorganization and they need complete and accurate information regarding the nature, amount and status of all claims that will be asserted in these Chapter 11 Cases. Accordingly, the Debtors requested (and this Court granted) March 31, 2003, as the deadline for the filing of certain proofs of claim or interest against the Debtors' estates. The Debtors are diligently proceeding with claim objections and permitting Mr. Nelson to assert these claims against the Debtors for $250,000,000 each would have a significant affect on the Debtors' ability to reorganize.

Lastly, Mr. Nelson's delay was substantial. Claim #15365 was filed approximately 7 ½ months after the Bar Date, while claim # 15367 was filed approximately 9 ½ months after the Bar Date.

To the extent that Mr. Nelson somehow intended to assert an asbestos-related personal injury claim (a "PI Claim"), expunging claim numbers 15365 and 15367 will not affect his right to later file a proof of claim for any PI Claim once a procedure is established by the Court for doing so.

5

WHEREFORE, the Debtors respectfully request that the Court enter an order disallowing and expunging claim numbers 15365 and 15367.

Dated: June 18, 2004

Respectfully submitted,
KIRKLAND & ELLIS LLP
James H.M. Sprayregen, P.C.
James W. Kapp III
Janet S. Baer
200 East Randolph Drive
Chicago, IL 60601
(312) 861-2000

and

PACHULSKI, STANG, ZIEHL, YOUNG, JONES
& WEINTRAUB P.C.

Laura Davis Jones (Bar No. 2436)
David W. Carickhoff, Jr. (Bar No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
(302) 652-4100

Co-Counsel for Debtors and Debtors in Possession

6

**EXHIBIT A**

# WR Grace
## Bankruptcy Form 10
### Index Sheet

SR00000862 ■

| Claim Number: | 00015365 | Receive Date: | 11/12/2003 |
|---|---|---|---|

## Multiple Claim Reference

**Claim Number** _ _ _ _ _ _

- [ ] MMPOC — Medical Monitoring Claim Form
- [ ] PDPOC — Property Damage
- [ ] NAPO — Non-Asbestos Claim Form
- [ ] Amended

**Claim Number**

- [ ] MMPOC — Medical Monitoring Claim Form
- [ ] PDPOC — Property Damage
- [ ] NAPO — Non-Asbestos Claim Form
- [ ] Amended

## Attorney Information

Firm Number:                    Firm Name:

Attorney Number:                Attorney Name:

Zip Code:

Cover Letter Location Number:

| Attachments Medical Monitoring | Attachments Property Damage | Non-Asbestos |
|---|---|---|
| [ ] TBD | [ ] TBD | [ ] Other Attachments |
| [ ] TBD | [ ] TBD | |
| [ ] TBD | [ ] TBD | |
| [ ] TBD | [ ] TBD | |
| [ ] TBD | [ ] TBD | |
| | [ ] Other Attachments | |

| **Other** | [ ] Non-Standard Form | |
|---|---|---|
| | [ ] Amended | |
| | [ ] Post-Deadline Postmark Date | |

■ Box/Batch: WRBF0051/WRBF0203          Document Number: WRBF010138 ■

I want my Pay They owe
ME. OR I will File A Bigger
Claim For $950,000,000.00 million) $

B10 (Official Form 10) (Rev. 04/01)

| UNITED STATES BANKRUPTCY COURT For the District of Delaware | PROOF OF CLAIM |
|---|---|

In re: W.R. GRACE & CO    Case Number: 01-01139

NOTE: This claim should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 501.

**Creditor Name** (Person or entity debtor owes): DENNIS NELSON    94180617EQ

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Address Line 1: PO BOX 149
Address Line 2: Attica CORR. Facility
Address Line 3: Exchange str. Rd
City, ST ZIP: Attica, N.Y. 14011

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court

THIS SPACE IS FOR COURT USE ONLY

ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR: 81259-91100-001
Don't no
☐ Check here if this claim ☐ replaces ☐ amends a previously filed claim dated:

**1. BASIS FOR CLAIM**
☐ Goods sold
☐ Services performed
☐ Money loaned
☐ Taxes
☐ Other (Describe Briefly)
☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (Fill out below)
Your social security No. 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
Unpaid compensation for services performed from 1982 (date) to 2003 (date)

**2. Date Debt Incurred:** (MMDDYY)

**3. If Court Judgment, Date Obtained:** 11-17-03

**4. CLASSIFICATION OF CLAIM.** Under the Bankruptcy Code all claims are classified as one or more of the following: (1) Unsecured nonpriority, (2) Unsecured Priority, (3) Secured. It is possible for part of a claim to be in one category and part in another. CHECK THE APPROPRIATE BOX OR BOXES that best describe your claim and STATE THE AMOUNT OF THE CLAIM AT TIME CASE FILED.

☐ SECURED CLAIM
Attach evidence of perfection of security interest
Brief Description of Collateral:
☐ Real Estate ☐ Motor Vehicle ☐ Other (Describe briefly)
Amount of arrearage and other charges at time case filed included in secured claim above, if any $ 250 Million

☐ UNSECURED NONPRIORITY CLAIM
A claim is unsecured if there is no collateral or lien on property of the debtor securing the claim or to the extent that the value of such property is less than the amount of the claim.

☐ UNSECURED PRIORITY CLAIM - Specify the priority of the claim.
☐ Wages, salaries, or commissions (up to $4,650), earned not more than 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3)
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4)
☐ Up to $2,100 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6)
☐ Taxes or penalties of governmental units - 11 U.S.C. § 507 (a)(7)
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a) _____

**5. AMOUNT OF CLAIM AT TIME CASE FILED:**

(Secured)        (Unsecured Nonpriority)        (Unsecured Priority)

☐ Check this box if claim includes charges in addition to the principal amount of the claim. Attach itemized statement of all additional charges.

**6. CREDITS AND SETOFFS.** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. In filing this claim, claimant has deducted all amounts that claimant owes to debtor.

**7. SUPPORTING DOCUMENTS:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, or evidence of security interests. If the documents are not available, explain. If the documents are voluminous, attach a summary. my documents were Lost.

**8. TIME-STAMPED COPY:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

Date: 11/7/03    Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) Dennis Nelson
DENNIS NELSON

THIS SPACE IS FOR COURT USE ONLY

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

My Claim is For $250,000,000.00
Dollar's IN CASH The Lawyer said
The were going to send it Before
the 11/7/04.

WR Grace    BF.51.203.10138
00015365
SR=862

## U.S. BANKRUPTCY COURT-DISTRICT OF DELAWARE
## INSTRUCTIONS FOR COMPLETING CLAIM FORM

*The instructions and definitions below are general explanations of the law. In particular types of cases or circumstances, such as bankruptcy cases that are not filed voluntarily by a debtor, there may be exceptions to these general rules.*

**Debtor**

The person, corporation, or other entity that has filed a bankruptcy case is called the debtor.

**Creditor**

A creditor is any person, corporation, or other entity to whom the debtor owed a debt on the date the bankruptcy case was filed.

**Proof of Claim**

A form telling the bankruptcy court how much the debtor owed a creditor at the time the bankruptcy case was filed (the amount of the creditor's claim). This form must be filed with the clerk of the bankruptcy court where the bankruptcy case was filed.

**Secured Claim**

A claim is a secured claim to the extent that the creditor has a lien on property of the debtor (collateral) that gives the creditor the right to be paid from that property before creditors who do not have liens on the property.

Examples of liens are a mortgage on real estate and a security interest in a car, truck, boat, television set, or other item of property. A lien may have been obtained through a court proceeding before the bankruptcy case began; in some states a court judgment is a lien. In addition, to the extent a creditor also owes money to debtor (has a right of setoff), the creditor's claim may be a secured claim. (See also *Unsecured Claim.*)

**Unsecured Claim**

If a claim is not a secured claim it is an unsecured claim. A claim may be partly secured and partly unsecured if the property on which a creditor has a lien is not worth enough to pay the creditor in full.

**Unsecured Nonpriority Claim**

Certain types of unsecured claims are given priority, so they are to be paid in bankruptcy cases before most other unsecured claims (if there is sufficient money or property available to pay these claims). The most common types of priority claims are listed on the proof of claim form. Unsecured claims that are not specifically given priority status by the bankruptcy laws are classified as *Unsecured Nonpriority Claims.*

**Court, Name of Debtor, and Case Number:**
If not already pre-printed, fill in the name of the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the name of the debtor in the In re: space provided and the name of the bankruptcy case number. If you received a notice of the case from the court, all of this information is near the top of the notice.

**Information about Creditor:**
If not already pre-printed, complete this section giving the name, address, and telephone number of the creditor to whom the debtor owes money or property, and the debtor's account number, if any. If anyone else has already filed a proof of claim relating to this debt, if you never received notices from the bankruptcy court about this case, if your address differs from that to which the court sent notice, or if this proof of claim replaces or amends a proof of claim that was already filed, check the appropriate box on the form.

**1.    Basis for Claim:**
Check the type of debt for which the proof of claim is being filed. If the type of debt is not listed, check "Other" and briefly describe the type of debt. If you were an employee of the debtor, fill in your social security number and the dates of work for which you were not paid.

**2.    Date Debt Incurred:**
Fill in the date the debt was first owed by the debtor. Use the format MMDDYY (ie 100196 for October 1, 1996).

**3.    Court Judgments:**
If you have a court judgement for this debt, state the date the court entered the judgment.

**4.    Classification of Claim:**
Check either Secured, Unsecured Nonpriority or Unsecured Priority as appropriate. (See DEFINITIONS above.)

**5.    Amount of Claim:**
Insert the amount of claim at the time the case was filed in the appropriate box based on your selected Classification of Claim in item 4. If interest or other charges in addition to the principal amount of the claim are included, check the appropriate place on the form and attach an itemization of the interest and charges.

**6,7,8.    Please read – Important Information.**

Upon completion of this claim form, you are certifying that the statements herein are true.

*Be sure to date the claim and place original signature of claimant or person making claim for creditor where indicated at the bottom of the claim form. Please type or print name of individual under the signature. Be sure all items are answered on the claim form. If not applicable, insert "Not Applicable".*

**RETURN CLAIM FORM (WITH ATTACHMENTS, IF ANY). IF A CHAPTER 13 CASE INCLUDE A SECOND COPY WITH ANY ATTACHMENTS.**

U.S. BANKRUPTCY COURT
ATTN: CLAIMS
824 MARKET STREET
5TH FLOOR
WILMINGTON, DELAWARE 19801

To: Bankrupty court,                                    10/29/03.

My NAME IS DENNIS Nelson
94 B0694    CASE NO. 01-01139 (JKF)
(81269) & 81259 claim No. I's 81259
91100.001  I want A SETTLEMENT FOR
#150million dollars   NO-MORE, NO-LESS
(DOCKet no. 3009)  W.R. GRACE&CO-CONN
DOCKet NO. 4592

I'm writing This FOR Relief
Requested IN This Motion.
          State Street Bank & TRUST comp
19C 2213366 69
TAX ID #                       ID# 983460418

I want A SETTLEMENT
    AGREEMENT (Docket No. 4462)

SETTLEMENT FOR #150million dollar's
        ↓  I want my pay They OWE ME
           FROM 1986 to 2003.    Send ME A
ATN: JAMES CONWAY           PROOF of claim
     c/o DENNIS Nelson            FORM PLEASE
        94 B0694
      Po Box 149
     Attica, CORR. Facility  Let's Go to
     Attica, N.Y. 14011      COURT, I want
                    To COME to COURT

**File a Notice:**
01-01139-JKF W.R. GRACE & CO.

•

**U.S. Bankruptcy Court**

**District of Delaware**

Notice of Electronic Filing

The following transaction was received from McFarland, Scotta Edelen entered on 10/20/2003 at 12:20 PM EDT and filed on 10/20/2003
**Case Name:**      W.R. GRACE & CO.
**Case Number:**     01-01139-JKF
**Document Number:** 4592

**Docket Text:**
Notice of Agenda of Matters Scheduled for Hearing *on October 27, 2003 at 12:00 p.m.* Filed by W.R. GRACE & CO. Hearing scheduled for 10/27/2003 at 12:00 PM at US Bankruptcy Court, 824 Market St., 6th Floor, Wilmington, DE. (Attachments: # (1) Exhibit A) (McFarland, Scotta)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**\\PSZY1_DE\Data\EFileDocuments\W.R. Grace\10-20-03\SEM\Agenda.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=10/20/2003] [FileNumber=1996254-0
] [10d8fbcb3222d4053c73644aa4e2b47cb01ab84160330cccfe9d9c43783c8c9aea2
7f8ad1802b97d4ac3589c575471704ec9b63fb07a07682104e2e5b56b6807]]
**Document description:**Exhibit A
**Original filename:**\\PSZY1_DE\Data\EFileDocuments\W.R. Grace\10-20-03\SEM\Exhibit A.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=10/20/2003] [FileNumber=1996254-1
] [73129432a1f5c1b16c3257f1376282390c839a9e60a7fd96015b271983a55d993b9
753c02f655d56ee4c895d33e4b03c2517a12ea8610d6d8a2a19c22133bb69]]

**01-01139-JKF Notice will be electronically mailed to:**

Peter M. Acton     pacton@nutter.com,

James R. Adams    RBGROUP@rlf.com

Elio Battista     battista@blankrome.com

Neil Matthew Berger   neilberger@teamtogut.com,
clagow@teamtogut.com;dperson@teamtogut.com;jibsen@teamtogut.com;gdiconza@teamtogut.com;msi

Ian Connor Bifferato    bankruptcy@bbglaw.com

Attn: Glenn B. Rice, Esq
office of the united states
Trustee, Customs House
Room 318, 701 Broadway,
Nashville, Tenn, 37203



## UNCONTESTED MATTERS

2.    Motion of the Debtors for an Order Extending Time to Assume, Assume and Assign, or Reject Unexpired Leases of Nonresidential Real Property (Docket No. 4419)

**Related Documents:**

a.    [Proposed] Order Extending Time to Assume, Assume and Assign, or Reject Unexpired Leases of Nonresidential Real Property (Docket No. 4419)

b.    Certification of No Objection Regarding Docket No. 4419 (Docket No. 4525)

**Response Deadline:** September 30, 2003 at 4:00 p.m.

**Responses Received:** None.

**Status:** No parties have objected to the relief requested in the motion. Accordingly, the Debtors have filed a certificate of no objection and request the entry of the order attached to the motion.

3.    Application of the Debtors for Entry of an Order Pursuant to 11 U.S.C. §§327(a) and Fed. R. Bankr. P. 2014(a), 2016 and 5002 Authorizing the Employment and Retention of Protiviti LLP as Sarbanes-Oxley Compliance Advisors to the Debtors Nunc Pro Tunc to June 30, 2003 (Docket No. 4459)

**Related Documents:**

a.    [Proposed] Order Pursuant to 11 U.S.C. §§327(a) and Fed. R. Bankr. P. 2014(a), 2016 and 5002 Authorizing the Employment and Retention of Protiviti LLP as Sarbanes-Oxley Compliance Advisors to the Debtors Nunc Pro Tunc to June 30, 2003 (Docket No. 4459)

**Response Deadline:** October 10, 2003 at 4:00 p.m.

**Responses Received:**

a.    Objection of United States Trustee to Application of the Debtors for Order Authorizing Retention of Protiviti LLP as Sarbanes-Oxley Compliance Consultant (Not filed with the Court)

*Status:* This matter is now contested and will be going forward.

4.    Motion for Entry of an Order Authorizing the Debtors to Settle New York State Tax Audit and for Repayment of the Resulting Tax Refund in Accordance with the Fresenius Settlement Agreement (Docket No. 4462)

HON. WILLIAM BROWN
JUDGE. US BANKRUPTCY
COURT
FOR THE WESTERN
DISTRICT
OF
TENNESSEE

WILLIAM H. BROWN
LAWRENCE R. AHERN
NANCY F. MACLEAN

FOR THE WESTERN
DISTRICT OF TENNESSEE

BERRY & SIMS PLC
2700 FIRST AMERICAN CENTER
NASHVILLE, TENN 37238

**Related Documents:**

a.    [Proposed] Order Authorizing the Debtors to Settle New York State Tax Audit and for Repayment of the Resulting Tax Refund in Accordance with the Fresenius Settlement Agreement (Docket No. 4462)

b.    Certification of No Objection Regarding Docket No. 4462 (Docket No. 4579)

**Response Deadline:** October 10, 2003 at 4:00 p.m.

**Responses Received:** None as of the date of this Agenda Notice.

**Status:** No parties have objected to the relief requested in the motion. Accordingly, the Debtors have filed a certificate of no objection and request the entry of the order attached to the motion.

*PAYMENT*

5.    Motion for Entry of an Order Authorizing the Debtors to Pay Certain Amounts Due Under the Florida Intangible Personal Property Tax Act for the Tax Years 1993 Through 1996 (Docket No. 4463)

**Related Documents:**



a.    [Proposed] Order Authorizing the Debtors to Pay Certain Amounts Due Under the Florida Intangible Personal Property Tax Act for the Tax Years 1993 Through 1996 (Docket No. 4463)

b.    Certification of No Objection Regarding Docket No. 4463 (Docket No. 4580)

**Response Deadline:** October 10, 2003 at 4:00 p.m.

**Responses Received:** None as of the date of this Agenda Notice.

**Status:** No parties have objected to the relief requested in the motion. Accordingly, the Debtors have filed a certificate of no objection and request the entry of the order attached to the motion.

## CONTESTED MATTERS

6.    Application of the Debtors for Entry of an Order Pursuant to 11 U.S.C. §§327(a) and Fed. R. Bankr. P. 2014(A), 2016 and 5002 Authorizing, But Not Requiring, The Employment and Retention of State Street Bank and Trust Company to Act as Investment Manager and Fiduciary of the Grace Stock Within the Grace Savings & Investment Plan (Docket No. 4299)

**Related Documents:**

a.    [Proposed] Order Authorizing the Debtors to Retain State Street Bank and Trust Company to Act as Investment Manager and Fiduciary of the Grace Stock Within the Grace Savings & Investment Plan (Docket No. 4299)

```
  2 46, 000, 000.00
       232. 467. 84
       232. 467. 84
           34, 411, 52
  133,600,000. 00
  198, 765, 753. 35
 ┌─────────────────────┐
 │ 578,865,099.55      │
 └─────────────────────┘


  134, 600, 000. 00
   84, 000, 000, 00
  134, 600, 000, 00
 ─────────────────────
  353, 200, 000. 00
  578, 865, 099. 55
  198, 600, 000. 00
   84, 000, 000. 00
 ─────────────────────
 1004,665,099.55
```

b.    Supplement to Application of the Debtors for Entry of an Order Pursuant to 11
      U.S.C. §§327(a) and Fed. R. Bankr. P. 2014(A), 2016 and 5002 Authorizing, But
      Not Requiring, The Employment and Retention of State Street Bank and Trust
      Company to Act as Investment Manager and Fiduciary of the Grace Stock Within
      the Grace Savings & Investment Plan (Docket No. 4543)

**Response Deadline:** September 5, 2003 at 4:00 p.m. *(extended until September 9, 2002
for the Creditors' Committee and the Personal Injury Committee)*

**Responses Received:**

a.    Objection of Official Committee of Equity Security Holders to Application of the
      Debtors' for Entry of an Order Pursuant to 11 U.S.C. Sections 327(a) and Fed. R.
      Bankr. P. 2014(a), 2016 and 5002 Authorizing the Employment and Retention of
      State Street Bank and Trust Company as Investment Manager (Docket No. 4383)

b.    Objection of the Official Committee of Unsecured Creditors to the Application of
      the Debtors for Entry of an Order Authorizing, But Not Requiring, The
      Employment and Retention of State Street Bank and Trust Company to Act as
      Investment Manager and Fiduciary of the Grace Stock Within the Grace Savings
      & Investment Plan (Docket No. 4401)

c.    Debtors' Response to the Objections of (A) The Official Committee of Unsecured
      Creditors and (B) The Official Committee of Equity Security Holders to the
      Application of the Debtors for Entry of an Order Pursuant to 11 U.S.C. §§ 327(a)
      and 328(a) and Fed. R. Bankr. P. 2014(a), 2016 and 5002 Authorizing, But Not
      Requiring, The Employment and Retention of State Street Bank and Trust
      Company to Act as Investment Manager and Fiduciary of the Grace Stock Within
      the Grace Savings & Investment Plan (Docket No. 4420)

      (i.)    Motion for Leave to File Debtors' Reply to the Objections of (A) The
              Official Committee of Unsecured Creditors and (B) The Official
              Committee of Equity Security Holders to the Application of the Debtors
              for Entry of an Order Pursuant to 11 U.S.C. §§ 327(a) and 328(a) and Fed.
              R. Bankr. P. 2014(a), 2016 and 5002 Authorizing, But Not Requiring, The
              Employment and Retention of State Street Bank and Trust Company to
              Act as Investment Manager and Fiduciary of the Grace Stock Within the
              Grace Savings & Investment Plan (Docket No. 4420)

d.    Notice of Filing of Exhibit A to the Debtors' Response to the Objections of (a) the
      Official Committee of Unsecured Creditors and (b) the Official Committee of
      Equity Security Holders to the Application of the Debtors for Entry of an Order
      Authorizing, But Not Requiring, the Employment and Retention of State Street
      Bank and Trust Company to Act as Investment Manager and Fiduciary of the
      Grace Stock Within the Grace Savings & Investment Plan (Docket No. 4430)

**Status:** This matter will be going forward.

7.    Motion of Oldcastle APG Northeast, Inc. D/B/A Foster-Southeastern for Relief from Stay
      Under Section 362 of the Bankruptcy Code (Docket No. 4458)

      **Related Documents:**

      a.    [Proposed] Order Granting Motion of Oldcastle APG Northeast, Inc. D/B/A
            Foster-Southeastern for Relief from Stay Under Section 362 of the Bankruptcy
            Code (Docket No. 4458)

      **Response Deadline:** October 10, 2003 at 4:00 p.m.

      **Responses Received:**

      a.    Debtors' Objection to Oldcastle's APG Northeast, Inc. D/B/A Foster-South
            Eastern Motion for Relief from Stay Under Section 362 of the Bankruptcy Code
            (Docket No. 4570)

      **Status:** This matter will be going forward.

8.    Debtors' Motion for an Order Approving the Privileged and Confidential Settlement
      Agreement and Release with the KWELMB Companies (Docket No. 4460)

      **Related Documents:**

      a.    [Proposed] Order Approving the Privileged and Confidential Settlement
            Agreement and Release with the KWELMB Companies (Docket No. 4460)

      **Response Deadline:** October 10, 2003 at 4:00 p.m. (Extended for the Property Damage
      Committee until October 14, 2003)

      **Responses Received:**

      a.    London Market Insurers' Objections to Debtors' Disclosure of a Confidential
            Settlement Agreement and Release Between Grace and London Market Insurers
            in Debtors' Motion for an Order Approving the Privileged and Confidential
            Settlement Agreement and Release with the KWELMB Companies (Docket No.
            4569)

      **Status:** This matter will be going forward.

9.    Motion for Modification of Preliminary Injunction to Permit Certain Third Party Appeals
      to Proceed (Adv. Pro. No. 01-771, Docket No. 159)

      **Related Documents:**

      a.    [Proposed] Amendment to Order Granting Preliminary Injunction (Adv. Pro. No.
            01-771, Docket No. 159)

      **Response Deadline:** September 29, 2003 at 4:00 p.m.

**Responses Received:**

a.  Gary Smolker's and Alice Smolker's Opposition and Other Responses to Debtors' Motion for Modification of Preliminary Injunction to Permit Certain Third Party Appeals to Proceed (Adv. Pro. No. 01-771, Docket No. 164)

b.  Reply of James and Julie Holland to Opposition of Gary and Alice Smolker to Debtors' Motion for Modification of Preliminary Injunction to Permit Certain Third Party Appeals to Proceed (Adv. Pro. No. 01-771, Docket No. 168)

    (i)  Motion of James and Julie Holland for Leave to File Reply to Opposition of Gary and Alice Smolker to Debtors' Motion for Modification of Preliminary Injunction to Permit Certain Third Party Appeals to Proceed (Adv. Pro. No. 01-771, Docket No. 168)

**Status:** This matter will be going forward.

## OMNIBUS CLAIM OBJECTIONS

10.  Debtors' First Omnibus Objection to Claims (Substantive) (Docket No. 4088)

**Related Documents:**

a.  Declaration of David B. Siegel in Support of Debtors' First Omnibus Objection to Claims (Substantive) (Docket No. 4105)

**Response Deadline:** August 8, 2003 at 4:00 p.m.

**Responses Received:**

a.  Letter Response of Pipeline Services Inc. (Docket No. TBD)

**Status:** The Court has previously entered an order resolving the claim objections included in the Debtors' First Omnibus Objection to Claims, with the exception of the claim of Pipeline Services Inc. This claim will be going forward.

11.  Debtors' Second Omnibus Objection to Claims (Non-Substantive) (Docket No. 4089)

**Related Documents:**

a.  Declaration of David B. Siegel in Support of Debtors' First Omnibus Objection To Claims (Non-Substantive) (Docket No. 4106)

**Response Deadline:** August 8, 2003 at 4:00 p.m.

**Responses Received:** Unresolved Responses to this matter are listed on the attached Exhibit 1.

**Status:** The status of each claim is indicated in the charts attached as Exhibit A.

## OTHER

12.     Certification of Counsel Regarding Scheduling Order Related to Debtors' Motion to Expand the Preliminary Injunction to Include Actions Against Montana Vermiculite Company (Adv. Pro. No. 01-771, Docket No. 166)

Dated: October 20, 2003

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
James H.M. Sprayregen, P.C.
Janet S. Baer
James W. Kapp III
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

and

PACHULSKI, STANG, ZIEHL, YOUNG, JONES
& WEINTRAUB P.C.

*Scotta E. McFarland*

Laura Davis Jones (Bar No. 2436)
Scotta E. McFarland (Bar No. 4184)
David W. Carickhoff, Jr. (Bar No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-counsel for Debtors and Debtors in Possession



LEAD, MEGA

### U.S. Bankruptcy Court
### District of Delaware (Delaware)
### Bankruptcy Petition #: 01-01139-JKF

*Assigned to:* Judith K. Fitzgerald
Chapter 11
Previous chapter 11                        *Date Filed:* 04/02/2001
Voluntary
Asset

**W.R. GRACE & CO.**                       **Christopher James Lhulier**
7500 Grace Drive                           Pachulski Stang Ziehl Young & Jones
Columbia, MD 21044                         PC
SSN: NA                                    919 N. Market Street
Tax id: 65-0773649                         16th Floor
*Debtor*                                   Wilmington, DE 18899
                                           usa
                                           302-778-6405
                                           Fax : 302-652-4400
                                           Email: clhulier@pszyj.com

                                           **David W. Carickhoff, Jr**
                                           Pachulski Stang Ziehl Young & Jones
                                           919 N. Market St.
```
ATTN: CHRISTOPHER
LHULIER
```
                                           16th Floor
                                           Wilmington, DE 19899-8705
                                           usa
                          represented      302 652-4100
                                  by       Fax : 302-652-4400
                                           Email: dcarickhoff@pszyj.com

                                           **Laura Davis Jones**
                                           Pachulski, Stang, Ziehl Young & Jones
                                           919 N. Market Street
                                           16th Floor
                                           Wilmington, DE 19899-8705
                                           usa
                                           302 652-4100
                                           Fax : 302-652-4400
                                           Email: ljones@pszyj.com

Please forward all claims to claims agent
assigned to case:
RUST CONSULTING INC.                       **Michael R. Lastowski**
                                           Duane Morris LLP
                                           1100 North Market Street
                                           Suite 1200
                                           Wilmington, DE 19801-1246
                                           302-657-4900

**RECD FEB 1 0 2004**

# EXHIBIT B



# WR Grace

### Bankruptcy Form 10

### Index Sheet

SR00000864 ■

| Claim Number: | 00015367 | Receive Date: | 01/15/2004 |

## Multiple Claim Reference

Claim Number        ._ ..

- [ ] MMPOC — Medical Monitoring Claim Form
- [ ] PDPOC — Property Damage
- [ ] NAPO — Non-Asbestos Claim Form
- [ ] Amended

Claim Number

- [ ] MMPOC — Medical Monitoring Claim Form
- [ ] PDPOC — Property Damage
- [ ] NAPO — Non-Asbestos Claim Form
- [ ] Amended

## Attorney Information

Firm Number:                          Firm Name:

Attorney Number:                      Attorney Name:

Zip Code:

Cover Letter Location Number:

| Attachments Medical Monitoring | Attachments Property Damage | Non-Asbestos |
|---|---|---|
| [ ] TBD | [ ] TBD | [ ] Other Attachments |
| [ ] TBD | [ ] TBD | |
| [ ] TBD | [ ] TBD | |
| [ ] TBD | [ ] TBD | |
| [ ] TBD | [ ] TBD | |
| | [ ] Other Attachments | |

**Other**

- [ ] Non-Standard Form
- [ ] Amended
- [ ] Post-Deadline Postmark Date

*I WANT MY MONEY They OWE ME.*
*They TOOK It FROM ME,*

FORM B10 (Official Form 10)(12/03)

| UNITED STATES BANKRUPTCY COURT | | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor    W. R. GRACE | Case Number    01-01139 | |
|---|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. §503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):  DENNIS Nelson

Name and Address where notices should be sent:
PO BOX 149
A.C.F.
ATtica, N.Y 14011
Telephone Number:

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.
☑ Check box if you have never received any notices from the bankruptcy court in this case.
☐ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:
REFERENCE 089885656l-3

Check here if ☐ replaces ☐ amends  this claim    a previously filed claim, dated. 12/30/02

1. Basis for Claim
☐ Goods sold
☐ Services performed
☐ Money loaned
☑ Personal injury/wrongful death
☐ Taxes
☐ Other

☐ Retiree benefits as defined in 11 U.S.C. §1114(a)
☑ Wages, salaries, and compensation (fill out below)
Last four digits of SS #: 6800
Unpaid compensation for services performed
from 1987 to 2004
(date)    (date)

2. Date debt was incurred:  1987

3. If court judgment, date obtained:  12/30/03.

4. Total Amount of Claim at Time Case Filed:  $ _____ _____ _____  $250 MILLION
(unsecured)    (secured)    (priority)    (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

5. Secured Claim.
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☑ Real Estate  ☐ Motor Vehicle
☐ Other_____

Value of Collateral:  $ 250 million

Amount of arrearage and other charges at time case filed included in secured claim, if any: $ 1,000,000,000 ∞

6. Unsecured Nonpriority Claim $_____

☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

7. Unsecured Priority Claim.
☑ Check this box if you have an unsecured priority claim.

Amount entitled to priority $_____
Specify the priority of the claim:
☑ Wages, salaries, or commissions (up to $4,650),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
☐ Contributions to an employee benefit plan - 11 U.S.C. §507(a)(4).
☐ Up to $ 2,100* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(__).
*Amounts are subject to adjustment on 4/1/04 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

8. Credits: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

9. Supporting Documents: Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

10. Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY
CLERK
BANKRUPTCY COURT
DISTRICT OF DELAWARE
2004 JAN 15  AM 10: 51

| Date  1/9/04 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):    Dennis Nelson | |
|---|---|---|

WR Grace                                    BF.S1.203.10140
                                              00015367
SR=864
71.

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years

*Requesting Relief To BE GRANTED.*

FORM B10 (Official Form 10)(12/03)

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In particular types of cases or circumstances, such as bankruptcy cases that are not filed voluntarily by a debtor, there may be exceptions to these general rules.*

## — DEFINITIONS —

### Debtor

The person, corporation, or other entity that has filed a bankruptcy case is called the debtor.

### Creditor

A creditor is any person, corporation, or other entity to whom the debtor owed a debt on the date that the bankruptcy case was filed.

### Proof of Claim

A form telling the bankruptcy court how much the debtor owed a creditor at the time the bankruptcy case was filed (the amount of the creditor's claim). This form must be filed with the clerk of the bankruptcy court where the bankruptcy case was filed.

### Secured Claim

A claim is a secured claim to the extent that the creditor has a lien on property of the debtor (collateral) that gives the creditor the right to be paid from that property before creditors who do not have liens on the property.

Examples of liens are a mortgage on real estate and a security interest in a car, truck, boat, television set, or other item of property. A lien may have been obtained through a court proceeding before the bankruptcy case began; in some states a court judgment is a lien. In addition, to the extent a creditor also owes money to the debtor (has a right of setoff), the creditor's claim may be a secured claim. (See also *Unsecured Claim*.)

### Unsecured Claim

If a claim is not a secured claim it is an unsecured claim. A claim may be partly secured and partly unsecured if the property on which a creditor has a lien is not worth enough to pay the creditor in full.

### Unsecured Priority Claim

Certain types of unsecured claims are given priority, so they are to be paid in bankruptcy cases before most other unsecured claims (if there is sufficient money or property available to pay these claims). The most common types of priority claims are listed on the proof of claim form. Unsecured claims that are not specifically given priority status by the bankruptcy laws are classified as *Unsecured Nonpriority Claims*.

## Items to be completed in Proof of Claim form (if not already filled in)

### Court, Name of Debtor, and Case Number:

Fill in the name of the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the name of the debtor in the bankruptcy case, and the bankruptcy case number. If you received a notice of the case from the court, all of this information is near the top of the notice.

### Information about Creditor:

Complete the section giving the name, address, and telephone number of the creditor to whom the debtor owes money or property, and the debtor's account number, if any. If anyone else has already filed a proof of claim relating to this debt, if you never received notices from the bankruptcy court about this case, if your address differs from that to which the court sent notice, or if this proof of claim replaces or changes a proof of claim that was already filed, check the appropriate box on the form.

### 1. Basis for Claim:

Check the type of debt for which the proof of claim is being filed. If the type of debt is not listed, check "Other" and briefly describe the type of debt. If you were an employee of the debtor, fill in the last four digits of your social security number and the dates of work for which you were not paid.

### 2. Date Debt Incurred:

Fill in the date when the debt first was owed by the debtor.

### 3. Court Judgments:

If you have a court judgment for this debt, state the date the court entered the judgment.

### 4. Total Amount of Claim at Time Case Filed:

Fill in the applicable amounts, including the total amount of the entire claim. If interest or other charges in addition to the principal amount of the claim are included, check the appropriate place on the form and attach an itemization of the interest and charges.

### 5. Secured Claim:

Check the appropriate place if the claim is a secured claim. You must state the type and value of property that is collateral for the claim, attach copies of the documentation of your lien, and state the amount past due on the claim as of the date the bankruptcy case was filed. A claim may be partly secured and partly unsecured (See DEFINITIONS, above).

### 6. Unsecured Nonpriority Claim:

Check the appropriate place if you have an unsecured nonpriority claim, sometimes referred to as a "general unsecured claim". (See DEFINITIONS, above). If your claim is partly secured and partly unsecured, state here the amount that is unsecured. If part of your claim is entitled to priority, state here the amount not entitled to priority.

### 7. Unsecured Priority Claim:

Check the appropriate place if you have an unsecured priority claim, and state the amount entitled to priority. (See DEFINITIONS, above). A claim may be partly priority and partly nonpriority if, for example, the claim is for more than the amount given priority by the law. Check the appropriate place to specify the type of priority claim.

### 8. Credits:

By signing this proof of claim, you are stating under oath that in calculating the amount of your claim you have given the debtor credit for all payments received from the debtor.

### 9. Supporting Documents:

You must attach to this proof of claim form copies of documents that show the debtor owes the debt claimed or, if the documents are too lengthy, a summary of those documents. If documents are not available, you must attach an explanation of why they are not available.

RETURN CLAIM FORM (WITH ATTACHMENTS, IF ANY) AND ADDITIONAL COPY OF CLAIM FORM AND ATTACHMENTS (IF FILER WANTS CLOCKED COPY RETURNED TO THEM, INCLUDE ANOTHER COPY FOR SELF AND SELF ADDRESSED STAMPED ENVELOPE) TO:

U.S. BANKRUPTCY COURT
ATTN: CLAIMS
824 MARKET STREET
3RD FLOOR
WILMINGTON, DE 19801



44 38/5
5 ~ 11

DENNIS J. NELSON
PO BOX 149
ATTICA CORRECTIONAL FCLTY
ATTICA, NY  14011-0149

$Bank$

December 03, 2003
Reference no.:0898856561-3
Batch no::90600009

Dear DENNIS J. NELSON:

If you have any additional information that would allow us to reconsider our decision, please write to us at
MBNA America Bank, N.A., P.O. Box 15023, Wilmington, DE 19850.

Sincerely,

Don Hamilton
Customer Advocate
de

To review the contents of your credit file, please contact:

Trans Union
P.O.Box 1000
Chester, PA  19022
800-888-4213

*Please see important notice on reverse side*

The federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract) because all or part of the applicant's income derives from any public assistance program, or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The federal agency that administers compliance with this law concerning MBNA America Bank, N.A. is the Office of the Comptroller of the Currency, Customer Assistance Unit, 1301 McKinney St. Suite 3710 Houston TX 77010

MBNA America Bank, N.A.*  P.O. Box 15023  Wilmington, Delaware 19850

690 047A

Our credit decision was based in whole or in part on information obtained in a report from the consumer reporting agency listed on this letter. You have the right under the Fair Credit Reporting Act to know the information contained in your credit file at the consumer reporting agency. The consumer reporting agency played no part in our decision and is unable to supply specific reasons why we have taken adverse action. You also have the right to a free copy of your report from the consumer reporting agency. If you request it no later than 60 days after you receive this notice. In addition, if you find that any information contained in the report you receive is inaccurate or incomplete, you have the right to dispute the matter with the consumer reporting agency.

TO THE BaNKRupty couRt,                    12/30/03,

DENNIS NELSON
   Attica CORR. Facility          chapter
POBOX 149                            11
Attica, Ny 14011

      Against
DoN Hamilton customeR Advocate
MBNA AMERICA BaNK, N.A.
   Po Box 15023
Wilmington, DE. 19850


Thés Is why I'm Filing
This in youR couRt. I HaVE
A ReFeRENCE NO: 4 A Batch N:
THE Bank Is Refusing ME
To TAKE MY MONEY out
of THERE BaNK, THE AMMouNt
IS#250million dollae's. I'm SuiNg FOR
The AMMouNt of. $1,000,000,000 Billion
Dollar's To GRANtEd + Relief TO ME
ON THE AMMouNt Listed.

December 03, 2003-
Reference No. 0898856561-3
Batch No. 90000009

VISA card
    4325-1570-7038-4055

            Exp 12/04

My GRAMA left ME she Died
MONEY IN That BANK    Jan 20, 2003
& They won't let ME      INA Evans
with Draw It all out
To my Facility Account # NYSID #
                          6696376N

 · My ~~card~~

    My soc: sec:
    My Birtday 3/29/71

FROM Dennis belson
        # 94BO694
        PO Box 149
        Attica, New York 14011

I NEEd EVERY ThiNG
FOR A chapter 11 LAWSuite
Against A BaNK EN
(2-) & Proof claim DElAWARE, DE
        FORM'S

        SEN d I t To: Dennis Nelson
                      Attica CORR. Facility
                      PO Box 149
                      ExchangE stR Rd
And what                Attica, N.y. 14011
HappeNed toThE
CASE About
W. R. a GRASE CORP. Et. Al.



# U.S. Bankruptcy Court
## District of Delaware (Delaware)
### Bankruptcy Petition #: 01-01139-JKF

*Assigned to:* Judith K. Fitzgerald
Chapter 11
Previous chapter 11                          *Date Filed:* 04/02/2001
Voluntary
Asset

**W.R. GRACE & CO.**
7500 Grace Drive
Columbia, MD 21044
SSN: NA
Tax id: 65-0773649
*Debtor*

**Christopher James Lhulier**
Pachulski Stang Ziehl Young & Jones
PC
919 N. Market Street
16th Floor
Wilmington, DE 19899
usa
302-778-6405
Fax : 302-652-4400
Email: clhulier@pszyj.com

**David W. Carickhoff, Jr**
Pachulski Stang Ziehl Young & Jones
919 N. Market St.
16th Floor
Wilmington, DE 19899-8705
usa
302 652-4100
Fax : 302-652-4400
Email: dcarickhoff@pszyj.com

## ATTN: CHRISTOPHER LHULIER

represented by

**Laura Davis Jones**
Pachulski, Stang, Ziehl Young & Jones
919 N. Market Street
16th Floor
Wilmington, DE 19899-8705
usa
302 652-4100
Fax : 302-652-4400
Email: ljones@pszyj.com

Please forward all claims to claims agent
assigned to case:
RUST CONSULTING INC.

**Michael R. Lastowski**
Duane Morris LLP
1100 North Market Street
Suite 1200
Wilmington, DE 19801-1246
302-657-4900

RECD FEB 1 0 2004

**EXHIBIT C**

DEAR, MR. RAchel R. Schulman.                    4/22/04

My NAME IS DENNis Nelson #94-B-0684
My Claim No's # 15367 & 15365 Claim class (5)
CASE No. 01-01139   Claim Date 1/15/04 & 11/12/03. I'm
Requesting Relief FOR Both claim's FOR ThE
AMMOUNT of $250,000,000.00  Total AMMOUNT
IS $500,000,000.00

("ReQUESTING Relief")

I will SEE you
INCOURt
MAY 24Th 2004.

This is MY RESPONCE
TO you & THE other

TIME WE

FROM Dennis Nelson

FederAl Mail-

ATTICA CORRECTIONAL FACILITY
BOX 149
ATTICA, NEW YORK 14011-0149
NAME: DENNIS NElsON

DIN: 94B0694 CORR. FACILITY



APR 30'04
NY

U.S.POSTAGE
0.3
PB METER
6867505

80601+0036 23

Rachel R. Schulman, Attorney At Law
KirKLand & Ellis L.L.P.
200 East Randolph Drive,
Chicago, Illinois 60601

CLAIM RELIEF
CLAIM NO. 15367 & 15365

DEAR KIRKLAND,                                    4/19/04.

I'm WRITTING IN RESPONCE
OF MY CLAIM RELIEF REQUESTE
FOR THE AMMOUNT OF $250,000,000.00
CASE NO. 01-01139 CLAIM NO 15367 & 15365
ONE DATED 1/15/04 & THE OTHER DATED
11/12/03. CLAIM CLASS
                                (S)
WHY IT TOOK ME SO LONG
TO ANSWEAR BECAUSE THE
BANK DID NOT WANT TO GIVE
ME THE PAPER & COPIES I
NEED FROM THE BACK FOR
THE CLAIM FROM (2002) CLAIM
NO 21059 & 2161 WITH CAPITAL
CORPORATION, SO THAT WHY I SEND
MY ONLY COPIE TO THE
COURT IN DELAWARE ON DATE 1/15/04

I WILL SEE YOU AT THE COURT
MAY 24, 2004 FOR MY RELIEF
REQUEST & RESPONCE FROM
W.R. GRACE & CO. ET AL. TO COME &
TO RESEAVE BOTH CLAIMS FOR
# 50,000,000.00 MILLION TWICE
$250,000,000.00 SEE YOU THERE
                    FROM Dennes Nelson

FederAl mail—

NAME: DENNIS NELSON DIN: 94B0694

ATTICA, NEW YORK 14011-0149
BOX 149
ATTICA CORRECTIONAL FACILITY



Kirkland & Ellis L.L.P
Attn: Rachel R. Schulman
200 East Randolph Drive Suite
6500
Chicago, Illinois 60601

01-1139          DATE 4/19/04

DEAR CLERK of THE DELAWARE court

I'm WRITTING IN RESPONCE of
MY claim Relief Requested FOR
THE AMMOUNT of $250,000,000.00
CASE 01-01139 claim NO. 15367 &
15365 ONE Dated 1/15/04 & THE
OTHER DATE 11/12/03! claim class
It's Part of zonolite Attic INsulation(s)
Why It TOOK ME SO LONG to
ANSWEAR BECAUSE THE BANK
Did not want TO GiVE ME
copies I NEEDED. This Claim
IS About W. R. GRACE & CO And THE
othE claim was ON W. R. GRACE
& CO. CAPital corporation. I FiLLed
A PRoof of claims will you
BacK IN (2002) (Claim NO's
21059 & 2161 with) capital CORPORATION

I will SEE you At court
MAY 24, 2004 FOR MY Relief
Requested claim of $250,000,000.00
PluS BacK IN JaN. 15Th 04. I
Sent you my ONly COPiES
fOM MY BaNk. (That's my PRoof)

TOM Donnie Nelson

*"Claim Relief Requested"*

~~Cost~~ to Claim No. 15367 & 15365 11/23/03
1/15/04.

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.;[1] | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

Hearing Date: May 24, 2004 at 12:00 p.m.
Responses Due: May 14, 2004

### DEBTORS' THIRD OMNIBUS OBJECTION TO CLAIMS (NON-SUBSTANTIVE)

The above-captioned debtors and debtors in possession (the "Debtors") hereby file this Third Omnibus Objection to Claims (the "Third Omnibus Objection"), and in support thereof, states the following:

### Jurisdiction

1.    This Court has jurisdiction over this matter under 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A) and (O).

---

[1]    The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

2.      The statutory bases for the relief requested herein are 11 U.S.C. §§ 105(a) and 502 and Federal Rule of Bankruptcy Procedure 3007.

## Background

3.      On April 2, 2001 (the "Petition Date"), each of the Debtors in these chapter 11 cases filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), commencing their respective chapter 11 cases (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for administrative purposes only and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

## Claims Bar Date

4.      By an order dated April 25, 2002, this Court set March 31, 2003 as the last date for filing proofs of claim for all pre-petition claims relating to asbestos property damage, non-asbestos claims (including all governmental claims) and medical monitoring claims (the "Bar Date"). A bar date has yet to be set for asbestos personal injury claims and claims related to Zonolite Attic Insulation.

## The Objection and Request For Relief

5.      By this Third Omnibus Objection, the Debtors seek disallowance or reduction, as appropriate, of the claims set forth in the exhibits attached hereto[2] (the "Disputed Claims") for the reasons described herein and in such exhibits:

---

[2] The classification of the claims set forth on the exhibits is the classification asserted on the filed proof of claim. The Debtors include such classification for the purpose of identifying the claim to which the objection applies. The inclusion of the classification shall not constitute an acknowledgement by the Debtors that such classification is correct or appropriate.

2

(a)    The Claims set forth as "Amended" in **Exhibit A** attached hereto are claims that have been superseded by an amended claim filed subsequent to such claim (the "Amended Claims");

(b)    The Claims set forth as "Duplicate" in **Exhibit B** attached hereto are claims that are duplicative of claims previously filed (the "Duplicate Claims");

(c)    The Claims set forth as "Late Filed" in **Exhibit C** attached hereto are claims that were filed after the Bar Date established by the Court (the "Late Filed Claims"); and

(d)    The Claims set forth as "No Supporting Documentation" in **Exhibit D** attached hereto are claims that have been filed without any documentation to support them (the "No Supporting Documentation Claims"). ·

### The Amended Claims

6.    The Debtors object to the Amended Claims because these claims have been superseded by an amended claim filed subsequent to such claim. Therefore, the Amended Claims listed on **Exhibit A** should be disallowed and expunged.

7.    If the Debtors' objection is sustained, the claims listed as "Surviving Claims" (the "Surviving Claims") on **Exhibit A** will remain on the claims registry subject to the Debtors' right to object to the Surviving Claims in the future on any grounds allowed under applicable law. Claimants holding Amended Claims will suffer no prejudice by having their Amended Claims disallowed and expunged, because the Surviving Claims, the more recent of the

claimants' claims against the Debtors, will remain on the claims registry after the Amended Claim is expunged.

## The Duplicate Claims

8.      The Debtors object to the Duplicate Claims pursuant to section 502(b)(1) of the Bankruptcy Code because these claims are duplicative claims filed by the same creditor. Therefore, the Duplicate Claims set out in **Exhibit B** should be disallowed and expunged.

9.      If the Debtors' objection is sustained, the claims listed as Surviving Claims on Exhibit B will remain on the claims registry subject to the Debtors' right to object to the Surviving Claims in the future on any grounds allowed under applicable law. Claimants holding Duplicate Claims will suffer no prejudice by having their Duplicate Claims disallowed and expunged, because the Surviving Claims, the more recent of the claimants' claims against the Debtors, will remain on the claims registry after the Duplicate Claim is expunged.

## The Late Filed Claims

10.     The Debtors object to the Late Filed Claims pursuant to section 502(b)(1) of the Bankruptcy Code. The Late Filed Claims were filed after the Bar Date established by the Court. Therefore, the Late Filed Claims listed on **Exhibit C** should be disallowed and expunged.

## The No Supporting Documentation Claims

11.     The Debtors object to the No Supporting Documentation Claims pursuant to section 502(b)(1) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 3001(c) ("Rule 3001(c)"). The No Supporting Documentation Claims fail to comply with Rule 3001(c) which requires, in pertinent part, that "when a claim, or an interest in property of the debtor securing the claim, is based on a writing, the original or duplicate shall be filed with the proof of

4

claim." Fed. R. Bankr. P. 3001(c). Therefore, the No Supporting Documentation Claims set forth in Exhibit D should be disallowed and expunged.

### Separate Contested Matters

12.    To the extent that a response is filed regarding any claim listed in the Third Omnibus Objection and the Debtors are unable to resolve the response, each such claim and the Objection by the Debtors to each such claim asserted in the Third Omnibus Objection shall constitute a separate contested matter as contemplated by Rule 9014 of the Federal Rules of Bankruptcy Procedure. Any order entered by the Court regarding an objection asserted in the Third Omnibus Objection shall be deemed a separate order with respect to each claim.

### Responses to Omnibus Objections

13.    To contest an objection, a claimant must file and serve a written response to this Third Omnibus Objection (a "Response") so that it is received no later than 4:00 p.m. (Eastern Time) on May 14, 2004. Every Response must be filed with the Office of the Clerk of the United States Bankruptcy Court for the District of Delaware: 824 Market Street, Wilmington, Delaware 19801 and served upon the following entities, so that the response is received no later than 4:00 p.m. (Eastern Time) on May 14, 2004, at the following addresses:

>
> Kirkland & Ellis LLP
> 200 E. Randolph Drive
> Chicago, Illinois 60601
> Attn:   Rachel R. Schulman
>
> -and-

91100-001\DOCK_DB-9210A.2

Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C.
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Attn: David W. Carickhoff, Jr.

Co-Counsel for the Debtors


14.     Every Response to this Third Omnibus Objection must contain at a minimum the

following:

(a)     a caption setting forth the name of the Court, the name of the Debtors, the case

number and the title of the Third Omnibus Objection to which the response is

directed;

(b)     the name of the claimant, the claim number and a description of the basis for the

amount of the claim;

(c)     the specific factual basis and supporting legal argument upon which the party will

rely in opposing the Third Omnibus Objection;

(d)     any supporting documentation, to the extent it was not included with the proof of

claim previously filed with the Clerk or Claims Agent, upon which the party will

rely to support the basis for and amounts asserted in the proof of claim;

(e)     the name, address, telephone number and fax number of the person(s) (which may

be the claimant or the claimant's legal representative) with whom counsel for the

Debtors should communicate with respect to the claim or the objection and who

91100-001\DOCS_DE:97108.2

possesses authority to reconcile, settle or otherwise resolve the objection to the Disputed Claim on behalf of the claimant.

15.    If a claimant fails to file and serve a timely Response, the Debtors may present to the Court an appropriate order reclassifying, reducing, or disallowing and expunging the claim, as applicable, without further notice to the claimant or a hearing.

## Replies to Responses

16.    The Debtors may, at their option, file and serve a reply to a claimant's Response.

## Reservation

17.    The Debtors hereby reserve the right to object in the future to any of the claims listed in this Third Omnibus Objection or on the exhibits attached hereto on any ground, and to amend, modify and/or supplement this Third Omnibus Objection, including, without limitation, to object to amended claims and newly-filed claims.  Separate notice and hearing will be scheduled for any such objection.

18.    Notwithstanding anything contained in this Third Omnibus Objection or the attached exhibits, nothing herein shall be construed as a waiver of any rights that the Debtors may have (a) to bring avoidance actions under the applicable sections of the Bankruptcy Code against the holders of claims subject to the Third Omnibus Objection or (b) to exercise its rights of setoff against the holders of such claims relating to such avoidance actions.

## Notice

19.    The Debtors will serve copies of this Third Omnibus Objection (with all exhibits) on the Office of the United States Trustee and on all parties that have requested that they be

91100-001\DOCS_DE:92106.2

served with all pleadings filed in these cases pursuant to Federal Rule of Bankruptcy Procedure 2002 (the "2002 List").

20. Bankruptcy Management Corporation, the Debtors' claims consultant, has served a copy of the Third Omnibus Objection and customized notices that summarize claim-specific detail exactly as reflected in the exhibit on which such creditor is listed upon those creditors that have filed claims that are affected by the Third Omnibus Objection in lieu of serving all exhibits on each such affected creditor. A sample custom notice is attached hereto as **Exhibit E.**

21. The Debtors submit that notice of this Third Omnibus Objection is sufficient under Federal Rule of Bankruptcy Procedure 3007 and that no further notice is necessary.

### No Previous Request

22. No previous request for the specific relief set forth herein has been made to this or any other court.

### Compliance With Rule 3007-1

23. This Third Omnibus Objection, and related exhibits attached hereto, complies with Rule 3007-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware. ("Local Rule 3007-1").

WHEREFORE, the Debtors respectfully request that the Court enter an order disallowing, expunging, reducing and/or reclassifying each of the claims more fully described in this Third Omnibus Objection and/or listed on the exhibits attached hereto.

Dated: April 14, 2004

Respectfully submitted,

KIRKLAND & ELLIS LLP
James H.M. Sprayregen, P.C.
James W. Kapp III
Janet S. Baer
200 East Randolph Drive
Chicago, IL 60601
(312) 861-2000

and

PACHULSKI, STANG, ZIEHL, YOUNG, JONES
& WEINTRAUB P.C.

Laura Davis Jones (Bar No. 2436)
David W. Carickhoff, Jr. (Bar No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
(302) 652-4100

Co-Counsel for Debtors and Debtors in Possession

9

91100-001\DOCS_DE:92104.1

## IN THE UNITED STATES BANKRUPTCY COURT

### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.;[1] | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | Jointly Administered |

### DECLARATION OF DAVID B. SIEGEL IN SUPPORT OF
### DEBTORS' THIRD OMNIBUS OBJECTION TO CLAIMS (NON-SUBSTANTIVE)

I, David B. Siegel, hereby declare that the following is true to the best of my knowledge, information and belief:

1.      I am the Senior Vice President and General Counsel of W.R. Grace & Co., which has offices located at 7500 Grace Drive, Columbia, Maryland 21044. I submit this declaration (the "Declaration") in support of the Third Omnibus Objection (the "Third Omnibus Objection").

2.      I am responsible for overseeing the claims review and objection process in these cases. In that capacity, I have reviewed the Third Omnibus Objection and am, directly or through the Debtors' personnel, attorneys and Bankruptcy Management Corporation, the

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Ir c.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB B iomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace IVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Debtors' claims consultant, familiar with the information contained therein and in the exhibits annexed thereto.

3.      Upon information and belief, the Debtors maintain books and records (the "Books and Records"), that reflect, among other things, the Debtors' liabilities and respective amounts owed to their creditors.

4.      To date, more that 15,000 Proofs of Claim have been filed against the Debtors in these cases by holders of claims (the "Claimants").

5.      Under my supervision, considerable resources and time have been expended to ensure a high level of diligence in reviewing and reconciling the proofs of claim filed in these cases.  These claims were carefully reviewed and analyzed by appropriate personnel, and in some cases, the Debtors' professional advisors, resulting in the identification of objectionable claims which are the subject of the Third Omnibus Objection.  Based on these efforts, the Debtors have determined that the Disputed Claims should be reclassified, reduced, or disallowed and expunged as indicated in the Third Omnibus Objection.

### The Amended Claims

6.      To the best of my knowledge and belief, I have determined that the claims against the Debtors listed on Exhibit A of the Third Omnibus Objection have been superseded by an amended claim filed subsequent to such claim.

### The Duplicate Claims

7.      To the best of my knowledge and belief, I have determined that the claims against the Debtors listed on Exhibit B of the Third Omnibus Objection are duplicative claims filed by the same creditor.

2

## The Late Filed Claims

8.    To the best of my knowledge and belief, I have determined that the claims against the Debtors listed on Exhibit C of the Third Omnibus Objection were filed after the claims Bar Date established by the Court.

## The No Supporting Documentation Claim

9.    To the best of my knowledge and belief, I have determined that the claims against the Debtors listed on Exhibit D of the Third Omnibus Objection fail to comply with Federal Rule of Bankruptcy Procedure 3001(c) which requires, in pertinent part, that "[w]hen a claim, or an interest in property of the debtor securing the claim, is based on a writing, the original or duplicate shall be filed with the proof of claim." Fed.R.Bankr.P. 3001(c).

The information contained in this Declaration is true and correct to the best of my knowledge and belief.

April 14, 2004

_____
David B. Siegel

Subscribed and sworn to before me
this 14th day of April, 2004.

_____
NOTARY PUBLIC, State of Maryland
My Commission Expires: 09/14/04

DIANE Z. ARMSTRONG
NOTARY PUBLIC STATE OF MARYLAND
My Commission Expires September 14, 2004

3

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | | Re: Docket No. _____ and |
| | | 5/24/04 Agenda Item No. __ |

### ORDER GRANTING THE RELIEF SOUGHT IN DEBTORS' THIRD OMNIBUS OBJECTION TO CLAIMS (Non-Substantive)

Upon the third omnibus objection to claims (the "Third Omnibus Objection")[2] filed by

the above-captioned debtors and debtors in possession (the "Debtors"), seeking entry of an order

expunging and disallowing certain Claims; and no previous application having been made; and

upon consideration of the Third Omnibus Objection and all responses thereto; and due and

proper notice of the Third Omnibus Objection having been given, it is hereby

---

[1]    The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2]    Capitalized terms used but not defined herein are as defined in the Third Omnibus Objection.

ORDERED that, except as hereinafter stated, the relief sought in the Third Omnibus Objection is granted to the extent not inconsistent with the language herein, with the Orders previously entered with respect to the Third Omnibus Objection, and with the Exhibits attached hereto;[3] and it is further

ORDERED that, to the extent that the relief granted in this Order differs from the relief granted with respect to the Third Omnibus Objection by the Orders previously entered with respect to Third Omnibus Objection, this Order shall control; and it is further

ORDERED that the Objection to each of the Claims listed on Exhibit A to this Order is sustained and each of the claims are expunged and disallowed for all purposes and it is further

ORDERED that the Objection to each of the Claims listed on Exhibit B to this Order is sustained and each of the claims are expunged and disallowed for all purposes; and it is further

ORDERED that the Objection to each Claim listed on Exhibit C to this Order is sustained, and each of the claims are expunged and disallowed for all purposes; and it is further

ORDERED that the Objection to each Claim listed on Exhibit D to this Order is sustained, and the claims are expunged and disallowed for all purposes; and it is further

ORDERED that the rights of the Debtors to object to any claim listed on any exhibit to this Order for any reason are expressly preserved, except as provided for herein; and it is further

ORDERED that, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, made applicable in the contested matter by Rules 7054 and 9014 of the Federal Rules of Bankruptcy Procedure, the Court hereby directs entry of a final judgment with respect to the claim objections

---

[3]     To the extent that any claim that is the subject of the Third Omnibus Objection has been or is otherwise addressed by an approved stipulation between the Debtors and the claimant, that stipulation shall control the disposition of that claim.

INDEX NO. _____ (to be assigned by Clerk)

This form must be <u>completely</u> filled out and <u>notarized</u>

2004 APR -5 AM 10: 41

STATE OF NEW YORK
SUPREME COURT
COUNTY OF WYOMING

Chapter 11 CASE# 0139

CLERK
BANKRUPTCY COURT
DISTRICT OF DELAWARE

In the Matter of the Application of

<u>DENNIS Nelson #94B0694</u>
                    Petitioner,

v.

<u>W.R. &GRACE CORP. M.B.N.A.</u>
                    Respondent.
<u>BANK of DELAWARE</u>

AFFIDAVIT IN SUPPORT OF
APPLICATION PURSUANT
TO CPLR 1101
(Poor Person Status for an Inmate)

DIN # <u>94B0694</u>

NYSID # <u>66 7369N</u>

STATE OF NEW YORK)
COUNTY OF WYOMING)    ss:

<u>DENNIS Nelson</u>                      , being duly sworn, says:

   1. I am the Petitioner in the above-entitled case and submit this Affidavit in support of my application for poor person status in such case.

   2. During the last six months, I have been incarcerated in the following federal, state or local correctional facilities:

| Facility | Dates |
|---|---|
| Attica Correctional Facility (variable) | From <u>MARCH 28 2004</u> to present |

   3. I own the following valuable property (other than miscellaneous personal property):

   ☐ NONE

   ☑ List Property:                    Value:

   [illegible scribbled out]        [illegible scribbled out]

   4. I have no savings, property, assets or income other than as set forth herein.

   5. I am unable to pay the costs, fees, and expenses necessary to prosecute this case.

   6. No other person who is able to pay these costs, fees, and expenses has a beneficial interest

in the results of this case.

     7. The nature of this case and the facts therein are described in my pleadings and other papers filed with the court.

     8. I have made no prior request for relief in this case.

_Dennis Nelson_
(Signature)

Sworn to before me this

30 day of MARCH 2004

_Carl J Mint_

Notary Public

RONALD J. CHRISTENSEN
Notary Public, State of New York
WYOMING COUNTY #01CH6085?
Com ____ Expires March 3, 20__

## AUTHORIZATION

I, DENNIS Nelson, inmate number 94B0684, request and authorize the agency holding me in custody to send to the Clerk of the Court certified copies of the correctional facility trust fund account statement (or the institutional equivalent) for the past six months.

I further request and authorize the agency holding me in custody to deduct the amount of the filing fee ordered by the Court pursuant to CPLR 1101(f)(2) from my correctional facility trust fund account (or the institutional equivalent) and to disburse such amount as instructed by the Court.

This authorization is furnished in connection with the above entitled case and shall apply to any agency into whose custody I may be transferred.

I UNDERSTAND THAT THE ENTIRE FILING FEE AS DETERMINED BY THE COURT WILL BE PAID IN INSTALLMENTS BY AUTOMATIC DEDUCTIONS FROM MY CORRECTIONAL FACILITY TRUST FUND ACCOUNT (OR THE INSTITUTIONAL EQUIVALENT) EVEN IF MY CASE IS DISMISSED.

_Dennis Nelson_
(Signature)

STATE OF NEW YORK
SUPREME COURT : COUNTY OF WYOMING

| In the Matter of the Application of | INDEX # _____ |
|---|---|
| _____# _____ Petitioner, | **ORDER** Pursuant to CPLR 1101 (Poor Person Status for an Inmate) |
| v. | DIN # _____ |
| | NYSID # _____ |
| _____ Respondent. | ORI # _____ |

The above inmate, having made application pursuant to CPLR 1101 for poor person status, it is hereby

**ORDERED** that this application is:

☐ **DENIED**, and all applicable filing fees must be paid by the inmate within 120 days of the date of this order for this case to proceed, and if the inmate fails to do so, the Clerk of the Court is directed to close the file without further judicial action.

☐ **GRANTED**, and the Court will permit the inmate to pay a reduced filing fee of $_____ to proceed with this case. This fee shall be assessed against the inmate as an outstanding obligation and collected by the facility in which the inmate is lodged.

And further

**ORDERED** that:

☐ The inmate **IS NOT REQUIRED** to make an initial payment of a portion of the reduced filing fee and Wyoming County-Attica Legal Aid Bureau, Inc. is assigned to represent inmate in this matter.

☐ The inmate **IS REQUIRED** to make an initial payment of $_____, of the above-stated reduced filing fee, and the difference between the reduced fee and such amount of the initial payment as is remitted by the inmate shall be assessed against the inmate as an outstanding obligation. The remaining fee is to be collected by the appropriate official of the facility in which the inmate is lodged in the same manner as the reduced filing fee would be if assessed in total.

The inmate ☐ may or ☐ may not proceed with this case until all fees are collected.

DATED: _____

_____
Acting Supreme Court Justice

Copies to:
_____# _____, Attica Correctional Facility
Attica Correctional Facility
Wyoming County-Attica Legal Aid

# EXHIBIT D

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.; | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | | Re: Docket No. 4089 and 8/25/03 |

Agenda Item No. 8

### ORDER GRANTING THE RELIEF SOUGHT IN DEBTORS'
### SECOND OMNIBUS OBJECTION TO CLAIMS (NON-SUBSTANTIVE)

Upon the Second Omnibus Objection of the above captioned debtors and debtors

in possession (the "Debtors"), seeking entry of an order expunging and disallowing

certain Claims; and no previous application having been made; and upon consideration of

the Second Omnibus Objection and all responses thereto; and due and proper notice of

the Second Omnibus Objection having been given, it is hereby

ORDERED that the Objection to each of the Claims listed on Exhibits A & B to

this Order is continued to the September 22, 2003, hearing; and it is further

ORDERED that the Objection to each of the Claims listed on Exhibit C to this

Order is withdrawn without prejudice to the right of the Debtors to object to such Claim

on any grounds in the future; and it is further

ORDERED that the Objection to each Claim listed on Exhibits D & F to this

Order is granted and each claim listed is expunged and disallowed for all purposes; and it

is further

ORDERED that the Objection to each Claim listed on Exhibits E & G to this

Order as an Expunged Claim is expunged and disallowed for all purposes; and it is

further

ORDERED that each Surviving Claim with relates to a duplicate or amended claim as set forth on Exhibits E & G shall be considered to be timely filed, notwithstanding its actual filing date; and it is further

ORDERED that, to the extent that a claimant whose claim is expunged pursuant to this Order has an asbestos-related personal injury claim (a "PI Claim"), the expunging of the claim pursuant to this Order shall not affect the rights of that claimant to later file a proof of claim for its PI Claim, without leave of Court, and with such PI Claim being subject to applicable defenses of the Debtors once any bar date that may be established by the Court relating to the assertion of PI Claims is so established or any other procedure with respect to the assertion of PI Claims is established in these chapter 11 cases; and it is further

ORDERED that the rights of the Debtors to object to any claim listed on any exhibit to this Order for any reason are expressly preserved, except as provided for herein; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: August 25, 2003

_____
Judith K. Fitzgerald
Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

In re: W.R. GRACE & CO.

## OMNIBUS 2 - EXHIBIT D - RESPONSE FILED, SUSTAINED - EXPUNGE

| | Creditor Name / Address | Case Number | Claim Number | Total Claim Dollars* | Claim Class** | Relief Requested | Order Status |
|---|---|---|---|---|---|---|---|
| 1 | BISHOP,VESTER 5640 TRAVIS ST SCOTTSMOOR FL 32775 | 01-01140 W.R. GRACE & CO.-CONN. | 15280 | | | LATE FILED EXPUNGE | SUSTAINED |
| 2 | NELSON, DENNIS JOHN PO BOX 149 EXCHANGE ST ATTICA NY 14011 | 01-01140 W.R. GRACE & CO.-CONN. | 2159 | | | NO SUPPORTING DOCUMENTATION EXPUNGE | SUSTAINED |
| 3 | PIRTLE, FLOYD 531 1ST AVE SE ARDMORE OK 73401 | 01-01139 W.R. GRACE & CO. | 2440 | BLANK | (P) | NO SUPPORTING DOCUMENTATION EXPUNGE | SUSTAINED |
| 4 | SULLIVAN, EUGENE PAUL FEDERAL MEDICAL CENTER PO BOX 14500 LEXINGTON KY 40512 | 01-01140 W.R. GRACE & CO.-CONN. | 1792 | | | NO SUPPORTING DOCUMENTATION EXPUNGE | SUSTAINED |

*Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.

**(A) - Administrative (P) - Priority

(S) - Secured (U) - Unsecured

(T) - Total

8/18/2003 12:00:19 PM