## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 01-01139 (JKF) |
| W.R. GRACE & CO., et al., | (Jointly Administered) |
| Debtors. | Objection Deadline: July 12, 2004 |
| | Hearing Date: To be determined |

## NOTICE OF APPLICATION OF DAVID T. AUSTERN, FUTURE CLAIMANTS' REPRESENTATIVE, FOR AUTHORIZATION TO EMPLOY PHILLIPS, GOLDMAN & SPENCE, P.A., AS LOCAL BANKRUPTCY COUNSEL TO THE FUTURE CLAIMANTS' REPRESENTATIVE

David T. Austern, Future Claimants' Representative for the future asbestos claimants in the above-captioned cases (the "Future Claimants' Representative" or "FCR"), has submitted an application for authorization to employ Phillips, Goldman & Spence, P.A. as his local bankruptcy counsel pursuant to Section 1103(a) of the Bankruptcy Code (the "Application").

You are required to file a response to the attached Application on or before July 12, 2004, and serve it on the following:

> John C. Phillips, Jr., Esquire
> Phillips, Goldman & Spence, P.A.
> 1200 North Broom Street
> Wilmington, DE 19806
> *Proposed Bankruptcy Counsel to David T. Austern*
> *As Future Claimants' Representative*
>
> Roger Frankel, Esquire
> Richard H. Wyron, Esquire
> Matthew W. Cheney, Esquire
> Swidler Berlin Shereff Friedman, LLP
> 3000 K Street, NW, Suite 300
> Washington, DC 20007
> *Proposed Bankruptcy Counsel to David T. Austern*
> *As Future Claimants' Representative*
>
> Frank J. Perch III, Esquire
> Office of the U.S. Trustee
> 844 King Street, Suite 2207, Lock Box 35
> Wilmington, DE 19801
> *United States Trustee*

James H.M. Sprayregen, Esquire
Janet S. Baer, Esquire
James W. Kapp, III, Esquire
Samuel L. Blatnick, Esquire
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601
*Counsel to the Debtors*

Laura Davis Jones, Esquire
Scotta McFarland, Esquire
David W. Carickhoff, Jr., Esquire
Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C.
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
*Counsel to the Debtors*

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED BY THE APPLICATION WITHOUT FURTHER NOTICE OR HEARING.

Dated: June 21, 2004                    PHILLIPS, GOLDMAN & SPENCE, P.A.

_____
JOHN C. PHILLIP, JR., ESQUIRE (#110)
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200
(302) 655-4210

Roger Frankel, Esquire
Richard H. Wyron, Esquire
Matthew W. Cheney, Esquire
The Washington Harbour
3000 K Street, NW, Suite 300
Washington, DC 20007
(202) 424-7500

*Proposed Bankruptcy Counsel to David T. Austern as Future Claimants' Representative*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| | ) | **Chapter 11** |
| **W.R. GRACE & CO., et al.** | ) | **Case No. 01-01139 (JKF)** |
| | ) | **(Jointly Administered)** |
| | ) | |
| **Debtors.** | ) | Objection Deadline: June __, 2004 |
| | ) | Hearing Date:  To be determined |

### APPLICATION OF DAVID T. AUSTERN, FUTURE CLAIMANTS' REPRESENTATIVE, FOR AUTHORIZATION TO EMPLOY PHILLIPS, GOLDMAN & SPENCE, P.A., AS LOCAL BANKRUPTCY COUNSEL TO THE FUTURE CLAIMANTS' REPRESENTATIVE

David T. Austern, the Court appointed legal representative for the holders of future asbestos personal injury claims and demands against the above-captioned Debtors (the "Future Claimants' Representative" or "FCR"), hereby submits this application (the "Application") for the entry of an Order, pursuant to section 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"), authorizing and approving the retention and employment of Phillips, Goldman & Spence, P.A., ("PG&S") as local bankruptcy counsel to the Future Claimants' Representative.  In support of this Application, the Future Claimants' Representative relies upon the Declaration of John C. Phillips, Jr. (the "Phillips Declaration"), a partner of PG&S, attached to this Application as Exhibit A.  In further support of this Application, the Future Claimants' Representative respectfully represents as follows:

### Jurisdiction and Venue

1.    This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core

proceeding within the meaning of 28 U.S.C. § 157(b)(2). The statutory basis for the relief requested herein is section 1103(a) of the Bankruptcy Code.

### Background

2.      On April 2, 2001 (the "Petition Date"), W.R. Grace & Co. and 61 affiliated entities (collectively, the "Debtors") each filed a petition for relief under chapter 11 of the Bankruptcy Code. Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors are continuing in the management of their respective businesses and possession of their respective properties as debtors in possession.

3.      By Order dated May 24, 2004, the Court appointed me as the FCR for these jointly administered cases.

4.      Various matters will be considered by the Court in these cases which affect the interests of holders of future asbestos personal injury claims and demands. In order to permit the FCR to be heard on such matters and the interests of future claimants to be considered, the FCR respectfully asks the Court to consider and grant this Application, and the application filed on or about June 15, 2004 for authority to employ Swidler Berlin Shereff Friedman, LLP ("SBSF") as co-counsel.

### Relief Requested

5.      By this Application, the FCR seeks to retain and employ PG&S as local bankruptcy counsel in these chapter 11 cases, effective as of May 24, 2004, to provide advice on the matters described below, and respectfully requests entry of an order authorizing this retention. The FCR has filed a companion application to employ SBSF as co-counsel with PG&S.

## **Basis for the Relief Sought**

6.      Since May 24, 2004, SBSF has provided advice to the Future Claimants'

Representative in his capacity as the Court-appointed legal representative for persons who may

assert asbestos related claims or demands in the future against the Debtors.  Specifically, the

Future Claimants' Representative and SBSF have begun conducting due diligence with respect to

the Debtors and their non-debtor affiliates, their financial affairs, their pre-petition transactions,

matters which have transpired in these cases and proposals regarding potential plans of

reorganization.  The Future Claimants' Representative and SBSF, along with other professionals,

will be participating in negotiating any plan of reorganization and related documents.  SBSF has

and will require the assistance of local Delaware counsel and, in fact, contacted PG&S shortly

after May 24, 2004 requesting its assistance.  PG&S is intimately familiar with the Local Rules

and Procedures.  In addition, PG&S has previously worked with both the Future Claimants'

Representative[1] and SBSF[2].  Furthermore, PG&S has worked with the Future Claimants'

Representative and SBSF in the Combustion Engineering, Inc. bankruptcy in the capacity as local

counsel for SBSF as counsel to David T. Austern as the Future Claimants' Representative in that

matter.

7.      As a result of PG&S' experience in other asbestos bankruptcy cases, particularly

as bankruptcy counsel to future claimants' representatives in such cases, PG&S is familiar with

the concerns and issues important to the Future Claimants' Representative and to asbestos

personal injury claimants who may assert claims or demands in the future.  Accordingly, the

---

[1] Phillips, Goldman & Spence, P A., was Delaware counsel for the Manville Trust for a number of years and reported directly to David T. Austern.

[2] PG&S has acted as local counsel for SBSF on numerous matters over the past five years

Future Claimants' Representative believes that being represented by PG&S with respect to the specific matters described below is essential to the Future Claimants' Representative's role in these cases, and that PG&S is well suited to assist the Future Claimants' Representative as local bankruptcy counsel during the chapter 11 process.

### Services to be Rendered

8.    Subject to the approval of this Court, PG&S will be engaged to render the following services to the Future Claimants' Representative:

a.    provide legal advice and representation with respect to the Future Claimants' Representative's powers and duties in connection with the chapter 11 cases and any matters which may arise, including in connection with appropriate due diligence, the formulation of a plan of reorganization and one or more asbestos-payment trusts, and other matters;

b.    prepare and file on behalf of the Future Claimants' Representative all applications, motions, responses, objections and other pleadings in these proceedings as may be necessary and as the FCR authorizes;

c.    appear on behalf of and represent the Future Claimants' Representative in these chapter 11 proceedings at hearings, meetings of creditors and other meetings and proceedings, as appropriate;

d.    represent and advise the Future Claimants' Representative with respect to any contested matter, adversary proceeding, lawsuit or other proceeding in which he may become a party or otherwise appear in connection with the chapter 11 proceedings; and

e.    perform all other necessary legal services that the Future Claimants' Representative authorizes and/or requests as may be appropriate in connection with these chapter 11 proceedings.

9.    The Future Claimants' Representative expects SBSF and PG&S to coordinate their work to avoid any duplication of effort.  The Future Claimants' Representative believes, however, that employing PG&S as local bankruptcy counsel as set forth herein will provide the

4

Future Claimants' Representative with advice, assistance and information in a cost effective manner in those areas in which PG&S has particular knowledge and expertise.

10.     The above listed services are necessary and essential to the Future Claimants' Representative. PG&S has indicated a willingness to act on behalf of, and render such services to, the Future Claimants' Representative, upon the terms set forth herein.

### Disclosure Concerning Connections
### Between PG&S and Parties in Interest

11.     To the best of the Future Claimants' Representative's knowledge, except as otherwise set forth herein and in the accompanying Declaration of John C. Phillips, Jr., PG&S does not have any connection with the Future Claimants' Representative, the Debtors, their affiliates, creditors or any other party in interest, or their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, and does not hold or represent any interest adverse to the Future Claimants' Representative on the matters upon which PG&S is to be engaged.

### Professional Compensation

12.     PG&S and the Future Claimants' Representative entered into an Engagement Agreement, pursuant to which PG&S will act as the Future Claimants' Representative's bankruptcy counsel if authorized by this Court. Pursuant to the May 24, 2004 Order appointing the FCR, compensation, including professional fees and reimbursement of expenses, shall be payable to the Future Claimants' Representative and his professionals from the Debtors' estates, in accordance with the terms and conditions negotiated by the FCR and the Debtors, subject to approval by the Court and subject to the Administrative Compensation Order. The terms and

conditions of PG&S' retention are set forth in the Engagement Agreement attached to the Declaration of John C. Phillips, Jr.

13.    PG&S intends to apply for compensation for professional services rendered in connection with these cases, and for reimbursement of actual and necessary expenses incurred, in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and orders of this Court, including the Administrative Compensation Order. PG&S has agreed to accept as compensation such sums as may be allowed by the Court for fees incurred for professional services and for reimbursement of reasonable and necessary expenses. Other than as set forth above, no arrangement is proposed between the Future Claimants' Representative and PG&S for compensation to be paid in these cases.

14.    The Future Claimants' Representative has been advised by PG&S that it has no agreement with any other entity to share any compensation received, nor will any be made, except as permitted under section 504(b)(1) of the Bankruptcy Code.

## Request for Nunc Pro Tunc Authorization

15.    Issues which require the FCR's review and input have arisen and continue to arise in these cases, and the FCR requires the assistance of counsel. In order to avoid delaying this proceeding and the exercise of his duties as the newly-appointed Future Claimants' Representative, the FCR asked PG&S to begin work on the date of his appointment, May 24, 2004, contingent upon the Court's approval of this Application. Given the need for counsel's services, the FCR respectfully asks that the employment of PG&S be authorized effective as of May 24, 2004.

16.     For the reasons set forth above, the FCR believes that the retention of PG&S, effective as of May 24, 2004, is necessary and in the best interests of the FCR, the Debtors, their estates and their creditors.

## No Prior Request

17.     No prior application for the relief requested herein has been made to this or any other Court.

## Notice

18.     Notice of the Application and the requested relief has been provided to (i) counsel and co-counsel for the Debtors, (ii) the Office of the United States Trustee, (iii) counsel for the members of each of the Official Committees appointed in these cases, as follows, Unsecured Creditors, Asbestos Property Damage Claimants, Personal Injury Claimants, Equity Holders, and (iv) the Fee Auditor, and (v) any party who has entered their appearance in these cases pursuant to Bankruptcy Rule 2002. Accordingly, the Future Claimants' Representative believes that such notice of the Application is appropriate and sufficient.

## Conclusion

**WHEREFORE**, the Future Claimants' Representative respectfully requests that the Court enter an order substantially in the form attached hereto (1) granting this Application, (2) authorizing the Future Claimants' Representative to retain and employ PG&S as his local bankruptcy counsel in these chapter 11 cases pursuant to section 1103(a) of the Bankruptcy

Code, in accordance with the terms set forth in this application, and (3) granting such other and

further relief as is appropriate.

DAVID T. AUSTERN,
FUTURE CLAIMANTS' REPRESENTATIVE

David T. Austern
c/o Claims Resolution Management Corporation
3110 Fair View Park Drive
Suite 200
Fall Church, VA 22042
(703) 204-9300

Dated: June 18, 2004

8

**EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) |
| | ) **Chapter 11** |
| W.R. GRACE & CO., et al., | ) **Case No. 01-01139 (JKF)** |
| | ) |
| Debtors. | ) |
| | ) |

**DECLARATION OF JOHN C. PHILLIPS, JR. UNDER FED. R. BANKR. P. 2014
AND 2016(b) IN SUPPORT OF APPLICATION FOR AN ORDER
AUTHORIZING RETENTION AND EMPLOYMENT OF
PHILLIPS, GOLDMAN & SPENCE, P.A., AS LOCAL BANKRUPTCY
COUNSEL TO DAVID T. AUSTERN, FUTURE CLAIMANTS'
REPRESENTATIVE, PURSUANT TO SECTION 1103(a) OF THE BANKRUPTCY CODE**

I, John C. Phillips, Jr., state:

      1.     I am a partner of the law firm of Phillips, Goldman & Spence, P.A., ("PG&S"),

which maintains an office for the practice of law at 1200 North Broom Street, Wilmington, DE

19806, and am admitted to practice law before the Bar of the State of Delaware, the Federal

District Court for the State of Delaware, the Third Circuit Court of Appeal and the United States

Supreme Court. This declaration is submitted pursuant to Fed. R. Bankr. P. 2014, 2016 and 5002,

in support of the Application for an Order Authorizing the Retention and Employment of Phillips,

Goldman & Spence, P.A., as Local Bankruptcy Counsel to David T. Austern, as Future

Claimants' Representative, Pursuant to 11 U.S.C. Section 1103(a) of the Bankruptcy Code  (the

"Application"), filed by David T. Austern, the Future Claimants' Representative (the "Future

Claimants' Representative" or "Mr. Austern"), in the above-captioned case.

      2.     Except as is otherwise provided below, the facts set forth in this declaration are

based upon my personal knowledge, upon records maintained by PG&S in the ordinary course of

---

[1] Unless otherwise defined, capitalized terms used herein shall have the meanings ascribed to them in the Application.

its business, which have been reviewed by me and/or by other partners or employees of PG&S at my direction, or upon information known by other partners or employees of PG&S and conveyed to me.

## PG&S' Qualifications and the Scope of SBSF's Retention

3.     PG&S is a firm engaged in the general practice of law, with lawyers specializing in, among other substantive areas, bankruptcy, litigation, and real estate. The Future Claimants' Representative selected PG&S because of PG&S' extensive experience and knowledge in the field of business reorganizations under chapter 11 of the Bankruptcy Code, debtors' and creditors' rights, asbestos litigation and asbestos claimants trusts. In addition, PS&G has experience in bankruptcy cases affecting the rights of mass-tort asbestos claimants.

4.     Since May 24, 2004, PG&S has provided advice to Mr. Austern and his proposed counsel, Swidler Berline Shereff Friedman, LLP ("SBSF"), in their respective capacities as the legal representative for persons who may assert asbestos related claims or demands in the future against W.R. Grace & Co., et al., (the "Debtors") and counsel for Mr. Austern. A copy of the engagement letter between Mr. Austern and PS&G dated June 9, 2004 (the "Engagement Agreement") is attached hereto as Exhibit 1. Specifically, Mr. Austern and SBSF have relied upon PG&S for advice as to the local Delaware rules and procedures and other general matters concerning this case. As a consequence, PG&S is familiar with the Debtors' business and the current status of the Debtors' cases. PG&S also is familiar with the concerns and issues important to the Future Claimants' Representative and to asbestos personal injury claimants who may assert claims or demands in the future.

5.     The Future Claimants' Representative desires to continue to utilize, in this chapter 11 case, the experience, expertise, and existing knowledge of the PG&S attorneys who have

2

worked on his behalf since May 24, 2004 in connection with the future asbestos claimants issues

and in connection with the anticipated Debtors' cases in general.

6.     The Future Claimants' Representative has requested that PG&S render the

following services in connection with this case:

a.     provide legal advice with respect to the Future Claimants' Representative's
powers and duties in connection with this chapter 11 case and any matters
which may arise, including issues related to the formulation of a plan of
reorganization and one or more asbestos-payment trusts and other matters;

b.     prepare and file on behalf of the Future Claimants' Representative all
applications, motions, responses, objections and other pleadings in these
proceedings as may be necessary;

c.     appear on behalf of and represent the Future Claimants' Representative in
these chapter 11 proceedings at hearings, meetings of creditors and other
meetings and proceedings, as appropriate;

d.     represent and advise the Future Claimants' Representative with respect to
any adversary proceeding, lawsuit or other proceeding in which he may
become a party or otherwise appear in connection with the chapter 11
proceedings; and

e.     perform all other necessary legal services that the Future Claimants'
Representative requests and as may be appropriate in connection with these
chapter 11 proceedings.

Subject to the Court's approval of the Application, PG&S is willing to serve as the Future
Claimants' Representative's local bankruptcy counsel and to perform the services described
above.

### Disinterestedness of PG&S

7.     In preparing this declaration, I have utilized a set of procedures established by

PG&S to insure compliance with the requirements of the Bankruptcy Code and the Court. PG&S

has taken various steps to determine whether any conflict of interest exists that would preclude

PG&S' service as counsel to the Future Claimants' Representative. In connection with PG&S'

proposed representation of the Future Claimants' Representative in this case, I directed that a

3

memorandum be circulated by e-mail to each attorney presently employed at PG&S. This memorandum, like similar memoranda which PG&S circulates throughout the firm before a new representation is undertaken, is intended to elicit, among other things, (i) whether PG&S already represents any other client in connection with the proposed new matter, (ii) whether PG&S already represents any other client in a capacity that may be adverse to the proposed client, or where the proposed representation might be adverse to the interests of such other client, and (iii) whether PG&S has any connections with the Debtor, its creditors and other parties identified in the memorandum. This memorandum identified the Future Claimants' Representative, the Debtors, and contained the names of all parties in interest and their attorneys and accountants then identified to PG&S by the Debtors.

8.    I also instructed the employees responsible for maintaining PG&S' computerized database of client matters to review such database with a view toward determining whether PG&S has or had any significant connections with the listed parties.

9.    Once the database identified a potential connection between PG&S and a listed party in interest, I or an attorney or legal assistant working under my supervision, contacted the responsible attorney(s) and elicited information to discern the nature and scope of the representation or connection for appropriate disclosure in this Declaration.

10.    Based upon the above review, I have identified the following matters:

    a.    PG&S currently represents Mr. Austern in his capacity as the Future Claimants' Representative in the Chapter 11 case of In re Combustion Engineering, Inc., Case No. 03-10495 (Bankr. D. Del. 2003);

    b.    PG&S, through a litigation partner who is no longer with the firm, previously represented W. R. Grace & Co. in defense of asbestos personal injury claims pending in the State of Delaware. As a result of not being paid for that representation immediately prior to the Petition Date, PG&S filed a proof of claim against W. R. Grace & Co. in the amount of

4

$53,393.88. That proof of claim remains pending and W. R. Grace has not objected to the same. No one currently employed at PG&S had any exposure to any of the W. R. Grace files or did any work for W. R. Grace & Co. in conjunction with the foregoing. PG&S has not retained any W. R. Grace files other than the billing file necessary to document its proof of claim. PG&S has no expectation that it will be asked to represent W. R. Grace & Co. in any capacity in the future;

c.    PG&S has represented three of Debtors' secured lenders (Bank of America, N.A., Credit Suisse First Boston Corp., and Wachovia Bank & Trust Company, N.A.) and two of the Debtors' Letter of Credit issuers (Bank of America, N.A. and Wachovia Bank & Trust Company, N.A.) as creditors and/or defendants in preference actions in other bankruptcy cases pending in the District of Delaware. None of these representations have anything to do with the Debtors, the Debtors' estates or any matters that might possibly impact the Debtors; and,

d.    PG&S has been retained and is currently retained as insurance defense counsel by three of the issuers of Debtors' outstanding surety bonds (American International Group, Inc., The Travelers Insurance Company and St. Paul Companies, Inc.). None of these representations have anything to do with the Debtors, the Debtors' estates or any matters that might possibly impact the Debtors.

11.    With respect to the matters referred to in paragraph 10 above, none of the services rendered by PG&S have been in connection with the Debtors as debtors or these chapter 11 cases. PG&S will not represent any of the parties identified in paragraph 10 above in connection with the Debtors or these chapter 11 cases.

12.    The Debtor has or may have other parties in interest, and PG&S may have rendered or may be rendering services to certain of such parties, or may become involved in matters unrelated to this case in which such parties, or attorneys or accountants for such parties, were, are or become, involved. PG&S also may have or represent interests adverse to such creditors or parties in interest in matters unrelated to this case. Based on the information currently available, PG&S believes that no such matter involves representation of any interest

adverse to the Future Claimants' Representative on the matters upon which PG&S is to be engaged.

13.    In addition to the foregoing, PG&S' partners and employees may have business associations with, professional and social relationships with, or interests adverse to, creditors or parties in interest, or their attorneys, accountants or advisors; as far as I have been able to ascertain, none of these associations, relationships, or interests have any connection with this case. As part of its practice, PG&S is asked to act as local counsel for many different parties and law firms appearing in the Bankruptcy Court for the District of Delaware which may include creditors, or parties in interest, or attorneys, accountants or other professional firms or advisors who may represent creditors or parties in interest in this case.

14.    Two attorneys at PG&S, Joseph J. Farnan, III and Brian E. Farnan, are sons of United States District Court Judge Joseph J. Farnan, Jr. No attorney at PG&S is related to any United States Bankruptcy Judge for the District of Delaware or to the United States Trustee for this District or to any known employee of that office.

15.    None of PG&S' representations are adverse to the interests of the Debtor, its estate, any class of creditors or equity security holders, the future asbestos claimants, or the Future Claimants' Representative. Thus, PG&S is disinterested and may act as local bankruptcy counsel to the Future Claimants' Representative notwithstanding the matters described above.

16.    As far as I have been able to ascertain to date and to the best of my knowledge, and except as otherwise set forth herein, PG&S (a) does not hold or represent any interest adverse to the Future Claimants' Representative on the matters upon which PG&S is to be engaged and (b) has no connection with the Debtor, creditors, any other party in interest, their respective

attorneys and retained professionals, the United States Trustee or any person employed in his office (to the extent identified to PG&S).

17.    PG&S has made every reasonable effort to discover and disclose the existence of any conflict of interest or connections based upon the information provided to PG&S by the Debtors. PG&S intends to review periodically its database during the pendency of this chapter 11 case to insure, to the extent reasonably possible, that no conflict or other disqualifying circumstance exists or arises. If any new relevant fact or relationship is discovered or arises, PG&S will use reasonable efforts to identify such further developments and will, as soon as reasonably practicable, file a supplemental declaration with the Court in accordance with Bankruptcy Rule 2014(a).

### Professional Compensation

18.    In connection with this representation, PG&S and the Future Claimants' Representative have negotiated an Engagement Agreement, pursuant to which PG&S has acted as the Future Claimants' Representative's local bankruptcy counsel to date. Pursuant to the Engagement Agreement and the May 24, 2004 Order appointing Mr. Austern as the FCR, compensation, including professional fees and reimbursement of expenses, shall be payable to PG&S from the Debtors' estates, subject to approval by the Court and subject to the Administrative Compensation Order (as defined in the Application).

19.    PG&S intends to apply for compensation for professional services rendered to the Future Claimants' Representative in connection with this case, on an hourly basis, and for reimbursement of actual and necessary expenses incurred, in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules and orders of this Court. In light of confidentiality considerations, PG&S reserves the right to redact its time and

expense records as it believes appropriate. PG&S understands that no compensation may be paid by the Debtors for post-petition services or expenses except to the extent allowed or approved by the Court.

20.    PG&S' currently hourly rates range are as follows: Senior Partners - $350 per hour; Junior Partners - $300 per hour; Associates - $250 per hour; and, Legal Assistants - $110 to $140 per hour. I presently expect the following attorneys will have primary responsibility for representing the Future Claimants' Representative and performing services on its behalf in this case at the following hourly rates:

|  | Attorney | Current Hourly Rate |
|---|---|---|
| (a) | John C. Phillips, Jr. | $350 per hour |
| (b) | Stephen W. Spence | $350 per hour |
| (c) | James P. Hall | $300 per hour |
| (d) | Brian E. Farnan | $250 per hour |
| (e) | Celeste A. Hartman (Sr. Paralegal) | $140 per hour |

PG&S will utilize other attorneys and paraprofessionals as necessary.

21.    The hourly rates set forth above are PG&S' current, customary hourly rates for work of this nature, and are the same hourly rates these attorneys generally charge all clients of the firm. These hourly rates are subject to periodic increases in the normal course of the firm's business. It is PG&S' policy to charge its clients for photocopying charges, travel expenses, expenses for working meals, computerized research, transcription costs, and non-ordinary overhead expenses such as secretarial and other overtime. PG&S agrees to follow the guidelines promulgated by the Office of the United States Trustee and the Local Rules and Orders of this

Court, the Administrative Compensation Order, and any additional administrative procedures that may be established by the Court in this case concerning compensation.

22.    To the best of my knowledge, no promises have been received by PG&S nor any member or associate thereof as to payment or compensation in connection with the above-captioned case other than in accordance with applicable provisions of the Bankruptcy Code. To the best of my knowledge, PG&S has no agreement with any other entity to share with such entity compensation received by PG&S by the Future Claimants' Representative in connection with the Debtor's bankruptcy case, except as permitted by Section 504(b)(1) of the Bankruptcy Code.

*   *   *   *   *   *

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on June 18, 2004

John C. Phillips, Jr.

Exhibit 1

## PHILLIPS, GOLDMAN & SPENCE, P. A.

ATTORNEYS AT LAW

PENNSYLVANIA AVE AND BROOM ST

1200 N BROOM STREET

WILMINGTON DELAWARE 19806

(302) 655-4200

TELECOPIER: (302) 655-4210

JOHN C PHILLIPS JR
STEPHEN W SPENCE
ROBERT S GOLDMAN
LISA C McLAUGHLIN
JAMES P HALL
MICHAEL F DUGGAN
JOSEPH J FARNAN III
THOMAS J FRANCELLA JR

June 9, 2004

David T. Austern, Esquire
CRMC
3110 Fair View Park Drive
Suite 200
Fall Church, VA 22042

Re:    W.R. Grace & Co., et al.
       Case No. 01-01139 (RLB)
       Our File: WRG-AUS

Dear David:

    We are pleased that you have asked us to represent you in connection with the matters described below. This letter memorializes the essential terms of our agreement concerning this representation.

    You have asked us, and we have agreed, to represent and provide legal advice to you, in your capacity as the legal representative of persons who may assert asbestos related claims or demands in the future (the "Futures Representative") in connection with the commencement and prosecution of a case by W.R. Grace under Chapter 11 of the United States Bankruptcy Code (the "Chapter 11 Case"). In connection with this representation, we will:

- advise the Futures Representative in connection with any proposed plan of reorganization;

- provide legal advice with respect to the Futures Representative's powers and duties in connection with the Chapter 11 Case and any matters which may arise, including the formulation of a plan of reorganization, one or more asbestos-payment trusts and other matters;

David T. Austern, Esquire
June 9, 2004
Page 2

- prepare and file on behalf of the Futures Representative all applications, motions, responses, objections and other pleadings in the Chapter 11 Case as may be necessary and as you authorize;

- appear on behalf of and represent the Futures Representative in the Chapter 11 Case at hearings, meetings of creditors and other meetings and proceedings, as appropriate;

- represent and advise the Futures Representative with respect to any adversary proceeding, lawsuit or other proceeding in which you may become a party or otherwise; and

- perform all other necessary which you authorize as may be appropriate in connection with the Chapter 11 Case and any proposed plan of reorganization.

Our services will be billed at hourly rates for the legal personnel performing the services. Our current hourly rates for attorneys range from $250 per hour to $350 per hour and our rates for legal assistants range from $110 to $140 per hour. We reserve the right to adjust our hourly rates prospectively based upon advancements within the firm, seniority and other factors. In addition to our fees, W.R. Grace will be responsible for those expenses which we incur on your behalf, including, but not limited to, photocopying charges, travel expenses, expenses for "working meals", computerized research, transcription costs, non-ordinary overhead expenses such as secretarial and other overtime, and other expenses incurred on the Futures Representative's behalf.

Professional fees and expenses incurred by the Futures Representative after the filing of the Chapter 11 Case are subject to the requirements of the Bankruptcy Code and to review and approval of the Unites States Bankruptcy Court with jurisdiction over the Chapter 11 Case (the "Bankruptcy Court"). While we will provide periodic statements to you of the fees and expenses incurred on your behalf, our fees and expenses may only be paid as authorized by the Bankruptcy Court.

The Futures Representative has the right to terminate our representation at any time. If the Futures Representative does so, W.R. Grace will be responsible for the time, costs and charges incurred in connection with our representation up to the date of termination, including the costs to transfer the work to new counsel. We may also terminate our representation for any reason consistent with the applicable Rules of

David T. Austern, Esquire
June 9, 2004
Page 3

Professional Conduct, including failure to timely pay amounts due to us.

If you have any questions about this letter or about our services, fees or statements rendered hereafter, please call me so that we can discuss them directly

Please execute the enclosed copy of this letter and return it to me to confirm your agreement to engage us upon the terms set forth in this letter.

Thank you for allowing us to be of assistance to you in this matter.

Very truly yours,

JOHN C. PHILLIPS, JR.

JCP:cls

AGREED:

DAVID T AUSTERN, in his capacity as
Futures Representative

Dated: June 18, 2004

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | **Chapter 11** |
| **W.R. GRACE & CO., et al.** | ) | **Case No. 01-01139 (JKF)** |
| | ) | **(Jointly Administered)** |
| Debtors. | ) | |
| | ) | |

**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF
PHILLIPS, GOLDMAN & SPENCE, P.A., AS LOCAL BANKRUPTCY COUNSEL TO
DAVID T. AUSTERN, FUTURE CLAIMANTS' REPRESENTATIVE**

Upon the application (the "Application") of David T. Austern, Future Claimants'

Representative ("Future Claimants' Representative") in the above-captioned chapter 11 cases of

W.R. Grace & Co. and its affiliates (collectively, the "Debtors"), seeking entry of an Order under

section 1103(a) of the Bankruptcy Code authorizing the Future Claimants' Representative to

employ and retain Phillips, Goldman & Spence, P.A., ("PG&S") as local bankruptcy counsel to

the Future Claimants' Representative; and the Court having reviewed the Application and the

accompanying Declaration of John C. Phillips, Jr. (the "Declaration"), a partner of PG&S, and

the Court being satisfied that PG&S neither holds nor represents any interest adverse to the

Future Claimants' Representative on the matters upon which PG&S is to be engaged; and it

appearing that the relief requested is in the best interest of the Future Claimants' Representative

and the Debtors' estates, its creditors and other parties-in-interest; and it appearing that this

proceeding is a core proceeding pursuant to 28 U.S.C. § 158(a); and it further appearing that

notice of the Application was good and sufficient under the particular circumstances and that no

other or further notice need be given and upon the record herein; and it further appearing that the

9

terms and conditions of PG&S' employment as further described in the Application and the

Declaration are reasonable and necessary; it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Application be, and it hereby is, approved;

2.      Pursuant to section 1103(a) of the Bankruptcy Code and the May 24, 2004 Order

appointing David T. Austern as the Future Claimants' Representative [Docket No. 5645], the

Future Claimants' Representative be, and he hereby is, authorized to employ and retain PG&S as

local bankruptcy counsel upon the terms, and to perform the services, set forth in the Application

and Declaration;

3.      PG&S shall be compensated in accordance with procedures set forth in sections

330 and 331 of the Bankruptcy Code and such Bankruptcy Rules and Local Rules as may then be

applicable, from time to time, and such procedures as may be fixed by order of this Court,

including the Administrative Compensation Order(s) entered in these cases; and

4.      The fees and expenses of PG&S allowed by the Court shall be an administrative

expense of the Debtors' estates.


Dated: _____, 2004


                                              _____
                                              The Honorable Judith K. Fitzgerald
                                              United States Bankruptcy Judge

9148127v1

## CERTIFICATE OF SERVICE

I, CELESTE A. HARTMAN, Senior Paralegal, do hereby certify that I am over the age of 18, and that on June 21, 2004, I caused the foregoing *Application of David T. Austern, Future Claimants' Representative, for Authorization to Employ Phillips, Goldman & Spence, P.A., as Local Bankruptcy Counsel to the Future Claimants' Representative* upon the persons on the attached list, via U.S. First Class Mail.

Under penalty of perjury, I certify the foregoing is true and correct.

_____
CELESTE A. HARTMAN

Laura Davis Jones, Esquire
David Carickhoff, Esquire.
Pachulski, Stang, Ziehl, Young & Jones
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

Hamid R. Rafatjoo, Esquire
Pachulski, Stang, Ziehl, Young & Jones
10100 Santa Monica Boulevard, Suite 1100
Los Angeles, CA 90067-4100

Parcels, Inc.
Vito I. DiMaio
10th & King Streets
Wilmington, DE 19801

Ronald D. Gorsline
Chambliss, Bahner & Stophel, P.C.
1000 Tallan Building
Two Union Square
Chattanooga, TN 37402-2552

(Local Counsel to DIP Lender)
Steven M. Yoder, Esquire
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899

(Local Counsel to Asbestos Claimants)
William P. Bowden, Esquire
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899

William H. Sudell, Jr., Esquire
Eric D. Schwartz, Esquire
Morris, Nichols Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899

(Counsel for The Chase Manhattan Bank)
Mark D. Collins, Esquire
Deborah E. Spivack, Esquire
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

Jeffrey C. Wisler, Esquire
Michelle McMahon, Esquire
Connolly Bove Lodge & Hutz LLP
1220 Market Street, 10th Floor
Wilmington, DE 19899

(Counsel for Ingersoll-Rand Fluid Products)
Francis A. Monaco, Jr., Esquire
Walsh, Monzack and Monaco, P.A.
1201 N. Orange Street, Suite 400
P.O. Box 2031
Wilmington, DE 19801

Frederick B. Rosner, Esquire
JASPAN SCHLESINGER HOFFMAN, LLP
1201 N. Orange Street, Suite 1001
Wilmington, DE  19801

(Counsel for Property Damage Claimants)
Michael B. Joseph, Esquire
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE  19899

Mark S. Chehi
Skadden, Arps, Slate, Meagher & Flom LLP
One Rodney Square
P.O. Box 636
Wilmington, DE  19899-0636

Joseph Grey, Esquire
Stevens & Lee
300 Delaware Avenue, Suite 800
Wilmington, DE  19801

(Counsel to Official Committee of Unsecured Creditors)
Michael R. Lastowski, Esquire
Duane, Morris & Heckscher LLP
1100 North Market Street, Suite 1200
Wilmington, DE  19801-1246

Mary M. MaloneyHuss, Esquire
Wolf, Block, Schorr and Solis-Cohen LLP
Wilmington Trust Center
1100 N. Market Street
Suite 1001
Wilmington, DE 19801

Selinda A. Melnik, Esquire
Smith, Katzenstein & Furlow LLP
800 Delaware Avenue
P.O. Box 410
Wilmington, DE  19899

(Counsel to Debtor)
James H.M. Sprayregen, Esquire
James Kapp, III, Esquire
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL  60601

Frank Perch, Esquire
Office of U.S. Trustee
844 King Street, Suite 2313
Lockbox 35
Wilmington, DE 19801-3519

(Canadian counsel for Debtor)
Derrick Tay, Esquire
Meighen Demers
P.O. Box 8705, Box 11, Merrill Lynch Canada Tower
Sun Life Center, 200 Kint Street West
Toronto, Ontario M5H 3T4
CANADA

(W. R. Grace & Co.)
David B. Siegel
W.R. Grace and Co.
7500 Grace Drive
Columbia, MD  21044

(Official Committee of Personal Injury Claimants)
Elihu Inselbuch, Esquire
Rita Tobin, Esquire
Caplin & Drysdale, Chartered
399 Park Avenue, 36th Floor
New York, NY  10022

(Official Committee of Unsecured Creditors)
Lewis Kruger, Esquire
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY  10038-4982

(Official Committee of Property Damage Claimants)
Scott L. Baena, Esquire
Member
Bilzin Sumberg Dunn Baena Price & Axelrod LLP
First Union Financial Center
200 South Biscayne Blvd, Suite 2500
Miami, FL  33131

(Counsel to Sealed Air Corporation)
D. J. Baker, Esquire
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY  10036

(Counsel to DIP Lender)
J. Douglas Bacon, Esquire
Latham & Watkins
Sears Tower, Suite 5800
Chicago, IL  60606

(Counsel to Asbestos Claimants)
Nancy Worth Davis, Esquire
Ness, Motley, Loadhold, Richardson & Poole
28 Bridgeside Boulevard
P.O. Box 1792
Mount Pleasant, SC  29465

Todd Meyer, Esquire
Kilpatrick Stockton
1100 Peachtree Street
Atlanta, GA  30309

Securities & Exchange Commission
15th & Pennsylvania Ave. N.W.
Washington, DC  20020

District Director
IRS
409 Silverside Road
Wilmington, DE  19809

Securities & Exchange Commission
Atlanta Regional Office Branch/Reorganization
3475 Lenox Road, NE, Suite 100
Atlanta, GA  30326-1232

Secretary of Treasurer
P.O. Box 7040
Dover, DE  19903

Secretary of State
Division of Corporations
Franchise Tax
P.O. Box 7040
Dover, DE  19903

James D. Freeman, Esquire
U.S. Department of Justice
Environmental Enforcement Section
999 18th Street
Suite 945-North Tower
Denver, CO  80202

Jon L. Heberling, Esquire
McGarvey, Heberling, Sullivan & McGarvey PC
745 South Main Street
Kalispel, MT  59901

Patrick L. Hughes, Esquire
Haynes & Boone LLP
1000 Louisiana Street, Suite 4300
Houston, TX  77002-5012

David S. Heller, Esquire
Latham & Watkins
Sears Tower, Suite 5800
Chicago, IL  60606

Charles E. Boulbol, Esquire
26 Broadway, 17th Floor
New York, NY  10004

Ira S. Greene, Esquire
Squadron, Ellenoff, Plesent & Sheinfeld, LLP
551 Fifth Avenue
New York, NY  10176

James A. Sylvester, Esquire
Intercat, Inc.
104 Union Avenue
Manasquan, NJ  08736

Steven J. Johnson, Esquire
Gibson, Dunn & Crutcher LLP
1530 Page Mill Road
Palo Alto, CA 94304-1125

Charlotte Klenke, Esquire
Schneider National, Inc.
P.O. Box 2545
3101 S. Packerland
Green Bay, WI 54306

David S. Rosenbloom, Esquire
Jeffrey E. Stone, Esquire
Lewis S. Rosenbloom, Esquire
McDermott, Will & Emery
227 West Monroe Street
Chicago, IL 60606-5096

Brad Rogers, Esquire
Office of the General Counsel
Pension Benefit Guaranty Corp
1200 K. Street, N. W.
Washington, D.C. 20005-4026

Pamela Zilly
Richard Shinder
David Blechman
Michael Alexander
The Blackstone Group
345 Park Avenue
New York, NY 10154

Josiah Rotenberg
Lazard Freres & Co. LLC
30 Rockefeller Plaza, 60th
New York, NY 10020

(Counsel for The Chase Manhattan)
Stephen H. Case, Esquire
Nancy L. Lazar, Esquire
David D. Tawil, Esquire
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017

Jan M. Hayden
William H. Patrick
Heller, Draper, Hayden, Patrick & Horn, L.L.C.
650 Poydras Street, Suite 2500
New Orleans, LA 70130-6103

Joseph F. Rice
Ness, Motley, Loadholt, Richardson & Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465

Nancy Worth Davis
Ness, Motley, Loadholt, Richardson & Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465

(Counsel for Asbestos Claimants)
Steven T. Baron, Esquire
Member
Silber Pearlman, LLP
2711 North Haskell Avenue, 5th Floor, LLP
Dallas, TX  75204

Bankruptcy Administration
IOS Capital, Inc.
1738 Bass Road
P.O. Box 13708
Macon, GA  31208-3708

(Attorneys for PPG Industries, Inc.)
W.J. Winterstein, Jr., Esquire
John J. Winter, Esquire
William M. Aukamp, Esquire
Eleven Penn Center, 29th Floor
1835 Market Street
Philadelphia, PA  19103

R. Scott Williams
PMG Capital Corp.
Four Falls Corporate Center
West Conshohocken, PA  19428-2961

Alan R. Brayton, Esquire
Brayton & Purcell
222 Rush Landing Road
Novato, CA  94945

Jonathan W. Young
Wildman, Harrold, Allen & Dixon
225 West Wacker Drive, Suite 3000
Chicago, IL  60606-1229

Russell W. Budd
Alan B. Rich
Baron & Budd, P.C.
3102 Oak Lawn Avenue, P.O. Box 8705
Dallas, TX  75219

Shelby A. Jordan, Esquire
Nathaniel Peter Holzer, Esquire
Jordan, Hyden, Womble & Culbreth, P.C.
500 N. Shoreline Blvd., Suite 900
Corpus Christi, TX  78471

Courtney M. Labson, Esquire
The Mills Corporation
Legal Department
1300 Wilson Boulevard, Suite 400
Arlington, VA  22209

T. Kellan Grant
Wildman, Harrold, Allen & Dixon
225 West Wacker Drive, Suite 3000
Chicago, IL  60606-1229

Cindy Schultz
Ingersoll-Rand Fluid Products
One Aro Center
P.O. Box 151
Bryan, OH  43506

Alan Kolod, Esquire
Moses & Singer LLP
1301 Avenue of the Americas
40th Floor
New York, NY  10019-6076

Mr. Thomas Moskie
Bankers Trust Company
Four Albany Street
Fourth Floor
New York, NY  10006

John P. Dillman, Esquire
Linebarger Heard Goggan Blair
Graham Peña & Sampson, LLP
P.O. Box 3064
Houston, TX  77253-3064

Charles E. Gibson, III
Attorney at Law
620 North Street, Suite 100
Jackson, MS  39202

Paul M. Baisier, Esquire
SEYFARTH SHAW
1545 Peachtree Street
Suite 700
Atlanta, Georgia  30309

Kevin D. McDonald
Wilshire Scott & Dyer, P.C.
One Houston Center
1221 McKinney, Suite 3000
Houston, Texas  77010

Christopher Beard, Esquire
Beard & Beard
306 N. Market Street
Frederick, MD  21701

Bernice Conn, Esquire
Robins, Kaplan, Miller & Ciresi LLP
2049 Century Park East, Suite 3700
Los Angeles, CA  90067

Steven R. Schlesinger, Esquire
Jaspan Schlesinger Hoffman LLP
300 Garden City Plaza
Garden City, NY  11530

Steven J. Kherkher, Esquire
Laurence G. Tien, Esquire
Williams Bailey Law Firm, L.L.P.
8441 Gulf Freeway, Suite #600
Houston, Texas 77017

Kimberly W. Osenbaugh
Preston Gates & Ellis LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104

Lewis T. LeClair, Esquire
McKool Smith
300 Crescent Court, Suite 1500
Dallas, Texas 75201

Delta Chemical Corporation
2601 Cannery Avenue
Baltimore, MD 21226-1595

Steven T. Hoort, Esquire
Ropes & Gray
One International Place
Boston, Massachusetts 02110-2624

Peter Van N. Lockwood, Esquire
Julie W. Davis, Esquire
Trevor W. Swett, III, Esquire
Nathan D. Finch, Esquire
Caplin & Drysdale, Chartered
One Thomas Circle, N.W.
Washington, DC 20005

Peter A. Chapman
24 Perdicaris Place
Trenton, NJ 08618

Paul M. Matheny
The Law Offices of Peter G. Angelos, P.C.
5905 Harford Rd.
Baltimore, MD 21214

Michael J. Urbis
Jordan, Hyden, Womble & Culbreth, P.C.
2390 Central Blvd, Suite G
Brownsville, TX 78520

Mary A. Coventry
Sealed Air Corporation
Park 80 East
Saddle Brook, New Jersey 07663

Margery N. Reed, Esquire
Duane, Morris & Heckscher LLP
4200 One Liberty Place
Philadelphia, PA  19103-7396

Attn: Meridee Moore and Kirsten Lynch
Farallon Capital Management, L.L.C.
One Maritime Plaza
Suite 1325
San Francisco, California  94111

John M. Klamann
Klamann & Hubbard
7101 College Blvd., Suite 120
Overland Park, KS  66210

Joseph T. Kremer, Esquire
Lipsiptz, Green, Fahringer, Roll, Salisbury &
Cambria, LLP
42 Delaware Avenue, Suite 300
Buffalo, NY  14202

Paul D. Henderson, Esquire
Dies, Dies & Henderson
1009 W. Green Avenue
Orange, TX  77630

Robert Jacobs, Esquire
Maria Rosoff Eskin
Jacobs & Crumplar, P.A.
2 East 7th Street
P.O. Box 1271
Wilmington, DE  19899

Elizabeth S. Kardos, Esquire
Gibbons, Del Deo, Dolan Griffinger & Vecchione, PC
One Riverfront Plaza
Newark, NJ  07102-5497

Thomas J. Noonan, Jr.
c/o R& S Liquidation Company
5 Lyons Mall PMB #530
Basking Ridge, NJ  07920-1928

Harry Lee, Esquire
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, DC  20036

(Counsel for Public Service Electric and Gas Company)
William E. Frese, Esquire
Attn:  Sheree L. Kelly, Esquire
80 Park Plaza, T5D
P.O. Box 570
Newark, NJ  07101

(Counsel to Official Committee of Unsecured Creditors)
William S. Katchen, Esquire
Duane, Morris & Heckscher LLP
1 Riverfront Plaza, 2nd Floor
Newark, NJ  07102

(Tennessee Department of Environment and
Conservation – Superfund)
Paul G. Sumers, Esquire
TN Attorney General's Office, Bankr. Unit
P.O. Box 20207
Nashville, TN  37202-0207

(Counsel for numerous asbestos claimants)
Damon J. Chargois, Esquire
Foster & Sear, L.L.P.
360 Place Office Park
1201 N. Watson Road, Suite 145
Arlington, TX  76006

(Counsel for Berry & Berry)
C. Randall Bupp, Esquire
Plastiras & Terrizzi
24 Professional Center Parkway
Suite 150
San Rafael, CA  94903

Anton Volovsek
Rt2 – Box 200 #42
Kamiah, Idah  83536-9229

Peter S. Goodman, Esquire
Andrews & Kurth LLP
805 Third Avenue
New York, New York  10022

Jonathan H. Alden, Esquire
Assistant General Counsel
3900 Commonwealth Boulevard, MS 35
Tallahassee, Floria  32399-3000

Credit Lyonnais
1301 Avenue of the Americas
New York, New York  10019-0602

State Library of Ohio
c/o Michelle T. Sutter
Revenue Recovery
101 E. Town Street, Second Floor
Columbus, OH  43215

Rosa Dominy
Bankruptcy Administration
IOS Capital, Inc.
1738 Bass Road
P.O. Box 13708
Macon, GA  31208-3708

Robert Jacobs, Esquire
Jacobs & Crumplar, P.A.
2 East 7th Street
P.O. Box 1271
Wilmington, DE  19899

Greif Bros. Corp.
250 East Wilson Bridge Rd.
Suite 175
Worthington, OH  43085-2323

(Counsel for SAP America, Inc.)
Stephanie Nolan Deviney
Brown & Connery, LLP
360 Haddon Avenue
P.O. Box 539
Westmont, NJ  08108

Barbara M. Cook, County Solicitor
Katherine L. Taylor, Senior Assistant County Solicitor
Howard County Office of Law
George Howard Building
3430 Courthouse Drive
Ellicott City, Maryland  21043

Danice Sims
P.O. Box 66658
Baton Rouge, Louisiana  70896

M. Diane Jasinski, Esquire
Michael D. Hess
Corporation Counsel of the City of New York
100 Church Street, Room 6-127
New York, New York  10007

Janet Napolitano
Robert R. Hall
Russell W. Savory
1275 West Washington Street
Phoenix, Arizona  85007-1278

Russell W. Savory
Gotten, Wilson & Savory, PLLC
200 Jefferson Avenue, Suite 900
Memphis, Tennessee  38103

Credit Manager
Belz Enterprises
100 Peabody Place, Suite 1400
Memphis, Tennessee  38103

James P. Ruggeri
Scott A. Shail
Hogan & Harton L.L.P.
555 Thirteenth Street,.N.W.
Washington, D.C.  20004-1109

Steven R. Bourne, Esquire
Nutter, McClennen & Fish, LLP
One International Place
Boston, MA  02110-2699

Judy D. Thompson, Esquire
S. Andrew Jurs, Esquire
Poyner & Spruill, L.L.P.
100 North Tryon Street, Suite 4000
Charlotte, North Carolina  28202-4010

Daniel H. Slate, Esquire
Hughes Hubbard & Reed LLP
350 South Grand Avenue
Los Angeles, CA  90071-3442

Andrea L. Hazzard, Esquire
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY  10004-1482

Mr. James A. Bane
KMCC 204029
P.O. Box 710
Keen Mountain, VA  24624

Authur Stein, Esquire
1041 W. Lacey Road
P.O. Box 1070
Forked River, NJ  08731-6070

Robert H. Rosenbaum, Esquire
M. Evan Meyers, Esquire
Meyers, Rodbell & Rosenbaum, P.A.
Berkshire Building
6801 Kenilworth Avenue, Suite 400
Riverdale, Maryland 20737-1385

Maggie De La Rosa
Provost * Umphrey
Law Firm, L.L.P.
490 Park Street
Beaumont, Texas  77701

Anne Marie P. Kelley, Esquire
Dilworth Paxson, LLP
LibertyView – Suite 700
457 Haddonfield Road
P.O. Box 2570
Cherry Hill, NJ  08034

Richard M. Meth, Esquire
Herrick, Feinstein LLP
2 Penn Plaza, 11th Floor
Newark, New Jersey  07105

Kevin James
Deputy Attorney General
1515 Clay Street, 20th Floor
Oakland, CA  94612-1413

Dorine Vork, Esquire
Stibbe, P.C.
350 Park Avenue
New York, New York  10022

Suexirda Prayaga
7365 MacLeod Lane
Ofallon, Missouri  63366

Bart Hartman
Treasurer – Tax Collector
Attn: Elizabeth Molina
1600 Pacific Highway, Room 162
San Diego, CA  92101

Shelley Bethea Gillette & Clark
3850 E. Baseline Road, Suite 125
Mesa, Arizona  85206

David Aelvoet, Esquire
Linebargerheard Goggan Blair
Graham Pena & Sampson LLP
1000 Tower Life Building
San Antonio, TX  78205

Robert Cimino, Esquire
Suffolk County Attorney
Attn: Diane Leonardo Beckmann, Asst. County
H. Lee Dennison Building
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge, NY  11788-0099

David Balsley, Jr.
535 Smithfield Street, Suite 619
Pittsburg, PA  15222-2302

Robert T. Aulgur, Jr., Esquire
P.O. Box 617
Odessa, DE  19730
(Attorney for Toyota Motor Credit)

James S. Carr, Esquire
Christena A. Lambrianakos, Esquire
101 Park Avenue
New York, NY  10178
(Counsel for Delco Development Company)

Michael T. Kay, Esquire
Nancy Draves, Esquire
The Dow Chemical Company
2030 Dow Center
Midland, MI 48674

Anne Marie P. Kelley, Esquire
Dilworth Paxson, LLP
Liberty View – Suite 700
457 Haddonfield Road
Cherry Hill, New Jersey 08002

(Attorneys for General Electric Capital Corporation)
Ronald S. Beacher, Esquire
Pitney, Hardin, Kipp & Szuch LLP
711 Third Avenue, 20th Floor
New York, New York 10017-4014

Attn: Diane Stewart
Peoples First Community Bank
P.O. Box 59950
Panama City, Florida 32412-0950

Michael B. Willey, Esquire
Legal Services, 27th Floor
312 8th Avenue North
Nashville, Tennessee 37243
(Counsel for Commissioner of Revenue)

Jeffrey L. Glatzer, Esquire
Anderson, Kill & Olick, P.C.
1251 Avenue of the Americas
New York, New York 10020-1182

Thomas V. Askounis, Esquire
Askounis & Borst, P.C.
303 East Wacker Drive
Suite 1000
Chicago, IL 60601

Attn: Ted Weschler
Peninsula Capital Advisors, L.L.C.
404 East Main Street
Second Floor
Charlottesville, VA 22902

E. Katherine Wells, Esquire
South Carolina Department of Health and
Environmental Control
2600 Bull Street
Columbia, South Carolina 29201-1708

Jeffrey Kaufman, Esquire
Gerald F. Ellesdorfer, Esquire
Kaufman & Logan LLP
111 Pine Street, Suite 1300
San Francisco, CA 94111

Michael H. Pinkerson, Esquire
James M. Garner, Esquire
Sher Garner Cahill Richter Klein
    McAlister & Hilbert, L.L.C.
909 Poydras Street, Suite 2800
New Orleans, LA  70112

Matthew G. Zaleski, III, Esquire
Campbell & Levine
800 King Street
Suite 300
Wilmington, DE 19801

Hancock & Estabrook, LLP
Stephen A. Donato, Esquire
1500 MONY Tower I
P.O. Box 4976
Syracuse, New York 13221-4976

Rachel Jeanne Lehr
Deputy Attorney General
Office of the Attorney General
R.J. Hughes Justice Complex
P.O. Box 093
Trenton, New Jersey 08625

Georgia-Pacific Corporation
Larry A. Feind
133 Peachtree Street, N.E.
7th Floor
Atlanta, Georgia 30303

Oscar B. Fears, III
Assistant Attorney General
40 Capitol Square, S.W.
Atlanta, GA 30334

Allan H. Ickowitz, Esquire
NOSSAMAN, GUTHNER, KNOX & ELLIOTT, LLP
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071

James G. Damon, Esquire
Daniel S. Miller, Esquire
VOSS, COOK & THEL LLP
895 Dove Street, Suite 450
Newport Beach, California 92660-2998

Margaret A. Holland
Deputy Attorney General
New Jersey Attorney's General's Office
Division of Law
R.J. Hughes Justice Complex
P.O. Box 106
Trenton, New Jersey 08625

Linebarger Heard Goggan Blair
Graham Pena & Sampson, LLP
2323 Bryan Street, Suite 1720
Dallas, Texas 75201-2691

Janet M. Weiss, Esquire
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, New York 10166

Vahe Melkonian
President
Newco Management Company LLC
6320 Canoga Avenue, Suite 1430
Woodland Hills, CA 91367

Paul P. Daley, Esquire
George W. Shuster, Jr. Esquire
HALE AND DORR LLP
60 State Street
Boston, MA 02109

Sanjay Thapar, Esquire
Pitney, Hardin, Kipp & Szuch LLP
711 Third Avenue, 20th Floor
New York, NY 10017-4014

(Local Counsel to DIP Lender)
Steven M. Yoder, Esquire
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899

Ted N. Pettit, Esquire
Case Bigelow & Lombardi
Grosvenor Center, Mauka Tower
737 Bishop Street, Suite 2600
Honolulu, Hawaii 96813

Brian L. Hansen, Esquire
Frank W. DeBorde, Esquire
Morris, Manning & Martin
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, Georgia 30326

Mary Wurts
P.O. Box 27
Apache Junction, AZ 85217

Rachel B. Mersky, Esquire
Walsh, Monzack and Monaco, P.A.
1201 N. Orange Street
Wilmington, DE 19801

Deborah L. Thorne, Esquire
FagelHaber LLC
55 East Monroe Street, 40th Floor
Chicago, IL 60603

Mark C. Goldberg & Elizabeth V. Heller
Goldenberg, Miller, Heller & Antognoli, P.C.
2227 S. State Route 157, P.O. Box 959
Edwardsville, IL 62025

Jonathan C. Hantke
Pamela H. Walters
14910 Aldine-Westfield Road
Houston, Texas 77032

Thomas M. Sobol, Esquire
Hagens Berman LLP
225 Franklin Street, 26th Floor
Boston, MA 02110

Mohawk Finishing Products, Inc.
P.O. Box 22000
Hickory, N.C. 28603-0200

Law Offices of Robert E. Luna, P.C.
4411 North Central Expressway
Dallas, Texas 75205

Scott Estelle
President
Crossroads Industrial Park, Inc.
P.O. Box 220
Weedsport, New York 13166

David E. Cherry
Campbell Cherry Harrison Davis Dove, P.C.
P.O. Drawer 21387
Waco, Texas 76702-1387

Cornell University
Office of University Counsel
300 CCC Building, Garden Avenue
Ithaca, New York 14853-2601

S. Jay Novatncy
Citadel Investment Group, LLC
225 W. Washington Street, 9th Floor
Chicago, Illinois 60606

Thomas D. Walsh, Esquire
McCarter & English LLP
919 Market Street, Suite 1800
P.O. Box 111
Wilmington, DE 19899

Todd Meyers, Esquire
Kathleen M. O'Connell, Esquire
Kilpatrick Stockton LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309

Longacre Master Fund, Ltd.
Attn: Maurie Shalmone
810 Seventh Avenue, 22nd Floor
New York, NY 10019

David B. Madoff, Esquire
Daniel C. Cohn, Esquire
Cohn Khoury Madoff & Whitesell LLP
101 Arch Street
Boston, MA 02110

Steven K. Kortanek, Esquire
Klehr, Harrison, Harvey, Branzburg & Ellers, LLP
919 Market Street, Suite 1000
Wilmington, DE 19801

Enron Energy Services
Attn: General Counsel 4HC7.325
4 Houston Center
1221 Lamar Street, Suite 1600
Houston, TX 77010

Charles L. Finke, Assistant General Counsel
Brad Rogers, Attorney
Pension Benefit Guaranty Corporation
Office of the General Counsel
1200 K Street, N.W.
Washington, D.C. 20005-4026

Jarrett L. Hale, Esquire
The Bleakley Law Firm
101 E. Kennedy Boulevard, Suite 1100
Tampa, Florida 33602

Craig A. Slater, Esquire
Angela M. Demerle, Esquire
Harter, Secrest & Emery LLP
Twelve Fountain Plaza
Suite 400
Buffalo, New York 14202-2293

Thomas Tew
Tew Cardenas Rebak Kellogg Lehman DeMaria
Tague Raymond & Levine, LLP
201 South Biscayne Boulevard, Suite 2600
Miami, Florida 33131

John V. Fiorella, Esquire
Archer & Greiner, P.C.
1300 North Market Street
Suite 700
Wilmington, DE 19801

James E. Wimberley
McPherson, Monk, Hughes, Bradley & Wimberley
LLP
3120 Central Mall Drive
Port Arthur, TX 77642

Thomas O. Bean
Nutter McClennen & Fish, LLP
World Trade Center West
155 Seaport Blvd.
Boston, MA 02210

Marc Abrams, Esquire
Willkie, Farr & Gallagher
787 Seventh Avenue
New York, NY 10019-6099

Joanne B. Wills, Esquire
Klehr, Harrison, Harvey, Branzburg & Ellers, LLP
919 Market Street, Suite 1000
Wilmington, Delaware 19801

James Sottile, Esq.
Joseph L. Ruby, Esq.
Michael J. Zoeller, Esq.
Baach Robinson & Lewis PLLC
One Thomas Circle, NW
Suite 200
Washington, DC 20005

COZEN O'CONNOR
Jacob C. Cohn, Esq.
1900 Market Street
Philadelphia, PA 19103

Kirk A. Patrick III
CRAWFORD LEWIS, PLLC
450 Laurel St., Suite 1600
P.O. Box 3656
Baton Rouge, Louisiana 70821-3656

Edward B. Cottingham, Jr.
Motley Rice LLC
28 Bridgeside Blvd
P.O. Box 1792
Mt. Pleasant, SC 29465

Daniel M. Glosband, PC
Peter D. Bilowz, Esq.
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109

Kforce Inc
Attn: Roger Hammond
1001 East Palm Ave
Tampa, FL 33605

Internal Revenue Service
31 Hopkins Plaza - Room 1150
Baltimore, MD 21201

Mr. Eugene Paul Sullivan
29-B Plaza Delas Flores
Freehold, NJ 07728

Frederick P. Furth
Michael P. Lehmann
Christopher L. Lebsock
225 Bush Street, 15th Floor
San Francisco, CA 94104

John Preefer, Esq.
JOHN PREEFER
60 East 42nd Street, Suite 1201
New York, NY 10165

Peter B. McGlynn, Esq.
Bruce D. Levin, Esq.
125 Summer Street, Suite 1300
Boston, MA  02110

Elio Battista Jr., Esq.
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, DE 19801-4226

Michael B. Schaedle, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103

Roger Frankel, Esquire
Richard H. Wyron, Esquire
Matthew W. Cheney, Esquire
The Washington Harbour
3000 K Street, NW, Suite 300
Washington, DC 20007

David T. Austern, Esquire
CRMC
3110 Fair View Park Drive
Suite 200
Fall Church, VA 22042