IN THE UNITED STATES BANKRUPTCY COURT FOR THE

DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**INTERNAL REVENUE SERVICE'S OBJECTION TO DEBTORS' MOTION
PURSUANT TO SECTIONS 105(a), 362, 363, 502 AND 503 OF THE
BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY
PROCEDURE 9019 TO ESTABLISH AN ALTERNATIVE DISPUTE
RESOLUTIONS PROGRAM TO LIQUIDATE CERTAIN PREPETITION CLAIMS**

The Internal Revenue Service, a creditor herein, objects to Debtors' Motion Pursuant to

Sections 105(a), 362, 363, 502 and 503 of the Bankruptcy Code and Federal Rule of Bankruptcy

Procedure 9019 to Establish an Alternative Dispute Resolution Program to Liquidate Certain Pre-

petition Claims.  Specifically, the Internal Revenue Service objects to the proposal whereby its

claims would be liquidated if it did not respond within 30 days to the ADR Notice.  As grounds

for its objection, the IRS asserts as follows:

1.  The IRS has two proofs of claim, both of which are dated May 21, 2002.  The first

proof of claim is an estimated claim in the amount of $43 million for the W.R. Grace & Co.'s 1998

corporate income tax return.  The other proof of claim is against W.R. Grace & Co.-Conn for

$311,200,164.87.  In this proof of claim, there are estimated corporate income tax liabilities for

the 1988, 1989, 1993 to 1996, and 1998 tax years, and other assessed tax liabilities.

2.  Pursuant to 11 U.S.C. § 502(a), these claims are deemed allowed unless the debtors

object to them.  Debtors' proposal raises the possibility of these timely-filed claims being

dismissed without debtors ever filing an objection to claim.

3.  Pursuant to Fed.R.Bank.P. 3001(f), the filed claims are *prima facie* evidence of the

existence and amount of the claims.  Debtors' proposal raises the possibility of it disposing of the claims without ever presenting evidence disputing the existence or amount of the claims.

4.    Pursuant to Fed.R.Civ.P. 55(e), which would be incorporated into any contested matter concerning an objection into any of the IRS's claims under Fed.R.Bank.P. 7055 and 9014, the debtors could not prevail on an objection to claim due to an IRS failure to respond unless they could provide evidence to the Court sufficient to sustain their objection.  Debtors' proposal raises the possibility of it disposing of an IRS claim without ever having to present evidence sufficient to satisfy the Court as to the merits of their position.

For these reasons, the Internal Revenue Service requests that this Court deny Debtors' Motion Pursuant to Sections 105(a), 362, 363, 502 and 503 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 9019 to Establish an Alternative Dispute Resolution Program to Liquidate Certain Pre-petition Claims or, alternatively, strike the requirement that creditors not responding within 30 days to debtors' ADR notice be dismissed.

///

///

///

///

///

///

///

///

///

Dated: June 30, 2004

Respectfully submitted,

RICHARD ANDREWS
Acting United States Attorney

ELLEN W. SLIGHTS
Assistant United States Attorney


/s/ Lindsey W. Cooper, Jr.
DAVID M. KATINSKY
LINDSEY W. COOPER, JR.
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6435
Fax: (202) 514-6888

*Counsel for United States of America*

## <u>CERTIFICATE OF SERVICE</u>

IT IS HEREBY CERTIFIED that service of the foregoing INTERNAL REVENUE

SERVICE'S OBJECTION TO DEBTORS' MOTION PURSUANT TO SECTIONS 105(a), 362,

363, 502 AND 503 OF THE BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY

PROCEDURE 9019 TO ESTABLISH AN ALTERNATIVE DISPUTE RESOLUTIONS

PROGRAM TO LIQUIDATE CERTAIN PRE-PETITION CLAIMS and [PROPOSED] ORDER

have been made this 30th day of June 2004 in accordance with this Court's Administrative

Procedures for Electronically filed Cases dated July 2001 and as revised January 2002.

/s/ Lindsey W. Cooper, Jr.
LINDSEY W. COOPER, JR.

4