IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

## SECOND SUPPLEMENTAL AFFIDAVIT OF LARRY D. ISHOL IN SUPPORT OF THE RETENTION OF DELOITTE & TOUCHE LLP AS CUSTOMS SERVICES PROVIDERS, AND TAX AND COMPENSATION ADVISORS TO THE DEBTORS

Larry D. Ishol, being duly sworn, deposes and says:

1.     I am a partner of the firm of Deloitte & Touche LLP ("Deloitte & Touche"), which has an office located at 1750 Tysons Boulevard, McClean, Virginia 22102-4219. My original affidavit in these chapter 11 cases (the "Original Ishol Affidavit") was previously filed in support of the application (the "Application") of the Debtors for entry of an order (the "Retention Order") pursuant to 11 U.S.C. §§ 327(a) and 328(b) and Fed. R. Banker. P. 2014(a), 2016 and 502 authorizing the employment and retention of Deloitte & Touche as customs services providers, and tax and compensation advisors to the Debtors *nunc pro tunc* to February

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

4, 2003.[2] I have also previously filed a supplemental affidavit in support of the motion (the "Expansion Motion") requesting the approval of an order authorizing the expansion of the scope of services permitted to be provided by Deloitte & Touche to the Debtors to include certain lease consulting services.

2. On June 17, 2003, the Court approved the Retention Order. The Expansion Motion is still pending before the Court. I make this second supplemental affidavit of my personal knowledge based upon inquires made by myself or on my behalf in further support of Deloitte & Touche's retention to serve as customs services providers, and tax and compensation advisors to the Debtors.

3. Under the Retention Order, Deloitte & Touche was retained to provide, among other services, the Compensation Services in accordance with the terms of the Compensation Services Engagement Letter attached as Exhibit C to the Original Ishol Affidavit (a copy of the Compensation Services Engagement Letter is attached hereto as Exhibit 1 for the Court's convenience). In summary, the Compensation Services consisted of assisting the Debtors in reviewing and analyzing their current employee retention and incentive programs and in developing new employee retention and incentive programs.

4. Deloitte & Touche has implemented a reorganization of some of its business units, including, among others, the human capital business unit responsible for providing the Compensation Services. This reorganization is intended to align the organizational structure of Deloitte & Touche and its affiliates more closely with the manner in which business is

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application or the Original Ishol Affidavit.

2

conducted.   Under this reorganization, as of December 28, 2003, human capital services, including the Compensation Services, are provided by personnel of Deloitte Consulting LLP ("Deloitte Consulting").[3]   Although the personnel comprising the Compensation Services engagement team for the Debtors in these chapter 11 cases have remained largely unchanged since the date of the Retention Order, consistent with this reorganization, certain of such personnel have been personnel of Deloitte Consulting since December 28, 2003.   Nick Bubnovich, the principal overseeing the Compensation Services, was a principal in Deloitte Consulting during the period from December 28, 2003 through May 31, 2004; however, as of June 1, 2004, Mr. Bubnovich became, and currently remains, a principal of Deloitte & Touche.

5.   Since Deloitte Consulting is an affiliate of Deloitte & Touche, Deloitte Consulting was permitted to provide the Compensation Services pursuant to the Compensation Services Engagement letter.   Specifically, under Paragraph 13 "Assignment" of the General Business Terms attached to such letter, Deloitte & Touche "may, without the consent of the [Debtors], assign or subcontract its rights and obligations hereunder to (a) any affiliate or related entity or (b) any entity which acquires all or a substantial part of the assets or business of [Deloitte & Touche]."

6.   On June 16, 2004, Deloitte & Touche filed monthly statements seeking compensation and reimbursement of expenses in connection with providing services to the Debtors in these chapter 11 cases for January, February and March of 2004; these statements included $6,523 in fees for the Compensation Services.   Approximately $13,000 in fees have

---

[3] Deloitte Consulting's connections, if any, to parties-in-interest in these chapter 11 cases are identified in the Original Ishol Affidavit.

been incurred in connection with the provision of the Compensation Services for April and May of 2004, for which monthly statements have not yet been filed.

Dated: June **29**, 2004

By: _____

Larry D. Ishol
Partner

Sworn to and subscribed before me, a Notary Public for the State of _Virginia_ County of _Fairfax_ this _29th_ day of June, 2004.

Marilyn A. Mezzes
Notary Public

My Commission expires
March 31, 2006.

4