IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| W.R. Grace & Co., *et. al.* ) | Case No. 01-01139 (JKF) |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | |
| ) | Hearing Date: July 19, 2004 @ 12:00 |
| ) | Objections Due: July 2, 2004 |

**OBJECTION OF OLDCASTLE APG NORTHEAST, INC., D/B/A FOSTER-
SOUTHEASTERN TO DEBTORS' MOTION
TO ESTABLISH AN ALTERNATIVE DISPUTE RESOLUTION PROGRAM TO
LIQUIDATE CERTAIN CLAIMS [D.I. # 5808]**

COMES NOW, Oldcastle APG Northeast, Inc., d/b/a Foster-Southeastern ("Oldcastle") who files this objection ("Objection") to Debtors' Motion to Establish an Alternative Dispute Resolution Program to Liquidate Certain Prerepetition Claims[D.I. # 3077], and respectfully represents as follows:

**Introduction**

1.    Oldcastle timely filed two proofs of claim against the Debtors relating to an action pending in the Superior Court of the Commonwealth of Massachusetts, Middlesex County (the "Massachusetts Action") in which Oldcastle is a Fourth-Party Defendant.  The proofs of claim assert rights of indemnification and contribution against the Debtors for any claims asserted against Oldcastle in the Massachusetts Action.  The proofs of claims were filed in the amounts of $8,000,000.00 and 200,000.00.

2.    On September 22, 2003, Oldcastle filed its Motion for Relief from Stay under Section 362 of the Bankruptcy Code (D.I. 4458) for the purpose of filing a Fifth-Party Complaint

1

against the Debtors in the Massachusetts Action and permitting the Massachusetts Action to move forward to trial and final judgment. Debtors filed an opposition to this Motion (D.I. 4570) and after significant discussions, the parties entered into a Stipulation resolving the Motion and Objection. (D.I. 5224) A copy of the Stipulation is attached hereto as Exhibit A. The stipulation provides that the Debtors will cooperate informally with Oldcastle with respect to discovery requests pertaining to the Massachusetts Action, that Oldcastle will keep the Debtors informed regarding the status of the Massachusetts Action, and that Oldcastle is permitted (under certain circumstances) to re-notice its motion for relief from stay to bring the Debtors into the Massachusetts Action.

3. Accordingly, Oldcastle should be excepted from any order entered with respect to Debtors proposed ADR program, and Oldcastle objects to any provision of the Debtors' proposed ADR program which is inconsistent with the Stipulation. The Debtors have already agreed on certain procedures pertaining to the Oldcastle's claims, and submitting Oldcastle's claims to a mediation program at this time is inconsistent with those procedures. Nevertheless, because the motion does not identify the claims which will be submitted to the ADR program, Oldcastle raises the following objections to the Debtors' proposed ADR program.

4. To the extent they are deemed to apply to Oldcastle, the ADR Program specified in the motion are objectionable because its provisions are one-sided in favor of the Debtors, because they permit an automatic default without notice and a hearing, and because they attempt to unilaterally determine the jurisdiction where the claims will be litigated if the ADR is unsuccessful.

**OBJECTIONS**

**A.    THE MOTION SHOULD BE DENIED TO THE EXTENT IT
PROVIDES FOR THE DISALLOWANCE OF CLAIMS BY DEFAULT**

5.      Mediation is intended to be a mechanism to resolve potential claim objections consensually, without the involvement of the court.  It is not intended to be a process where the Debtors create multiple opportunities to default a creditor for failing to respond to certain notices or demands made outside of the purview of this Court.  It should be noted that none of the proposed provisions of the ADR program create a potential default in favor of the creditor, and against the Debtors; rather, the default provisions are one-sided against the creditors.  Default provisions are also inconsistent with this Court's local rules governing mediation, Local Rule 9019-3(c)(iii)(B), which provides that "Wilful failure to attend any mediation conference, and any other material violation of this General Order, shall be reported to the Court by the mediator and may result in the imposition of sanctions by the Court."  As such, the disallowance of any claim during the mediation process must only be permitted upon an application to the Court with notice to the affected creditor.   Permitting a default based solely on the failure to perform various acts referenced in the ADR program, without notice and  a hearing, is an extreme remedy which would substantially prejudice claimants, including Oldcastle, who have valid claims against the Debtors pending in various state courts, and who have been precluded from moving forward with those claims by virtue of the automatic stay for almost three years.  No default provisions of any kind should be permitted.

6.      In particular, the following default provisions should be stricken from the proposed Program, Order, or applicable Notices:

(1)     The default based on failure to return the ADR Notice to Samuel L. Blatnick within 30 calendar days of receipt, as set forth in the ADR Notice;

3

(2) The same 30-day default provision set forth at the beginning of the ADR Procedures (Ex. B to the Motion), as well as sections 6.3 and 7.0 of the Procedures;

(3) The default for failing to attend the mediation or materially comply with any of the mediation procedures, as set forth in Section 9.3;

(4) The default for failing to pay all required fees when due, as set forth in Section 9.5;

(5) The default for failing to file a written notice indicating their desire to litigate their ADR Claims within 15 days after receipt of the Conclusion Statement;

(6) The "failure to act in good faith" provision, which applies only to the claimants, not the Debtors; and

(7) The default provisions of paragraph 9 (second sentence), 10 (entire paragraph), and 12 (entire paragraph) of the Debtors' proposed Order.

**B.  THE MOTION SHOULD BE DENIED TO THE EXTENT IT SEEKS TO DETERMINE WHERE CLAIMS WHICH ARE NOT RESOLVED THROUGH ADR WILL BE LITIGATED.**

7. Paragraph 34 of the Motion states that all claims which are deemed to be "immature litigation" will be litigated in the Bankruptcy Court or the District Court for the District of Delaware at the conclusion of the ADR process. Immature litigation is defined as an unresolved ADR claim where the underlying litigation had not substantially progressed prior to the Petition Date. Oldcastle objects to this provision in its entirety to the extent the Debtors contend that the Massachusetts Action referenced in the Stipulation between Oldcastle and the Debtors is deemed to be immature litigation. In fact, the Massachusetts Action continues to progress outside towards trial outside of the bankruptcy context, and involves numerous other

parties. Debtors have been apprised of its status and continue to monitor the case. Moreover, the Stipulation between Oldcastle and the Debtors gives Oldcastle the right to renew its motion for relief from stay under certain conditions.

8. Accordingly, Oldcastle must be excepted from the provision purporting to determine the jurisdiction where "immature litigation" will be resolved; alternatively the provision must be struck from the procedures. Likewise, the continuing injunction and automatic stay imposed by paragraph 36 of the motion must likewise be inapplicable to Oldcastle, whose stay rights are governed by the Stipulation.

### D. APPLICABLE INSURANCE INFORMATION MUST BE DISCLOSED

9. Debtors motion does not address the issue of which, if any, of Debtors' insurance policies are applicable to the ADR claims and whether the applicable insurer consents to the proposed mediation program. In order for a mediation program to be successful, the Debtors must make disclosures regarding the applicable insurance so that a potential settling party has information necessary to evaluate the proposed treatment of its claim. Accordingly, this Court should require:

1. that the Debtors disclosure the insurance relevant to any claim subject to an ADR Notice by including the insurance information with the Notice;

2. that the Debtors provide additional insurance information upon request during the demand/offer stage; and

3. that any insurer providing coverage for part or all of a claim in the mediation process participate in the mediation, so that any settlement reached is a final settlement.

WHEREFORE, based upon the foregoing, Oldcastle respectfully requests that this Honorable Court deny the Motion to approve the ADR procedures as presented.

DATED:   July 2, 2004
             Wilmington, Delaware

ELZUFON AUSTIN REARDON
TARLOV & MONDELL, P.A.


 /s/ *William D. Sullivan*
William D. Sullivan (No. 2820)
Charles J. Brown  (No. 3368)
300 Delaware Avenue, Suite 1700
Wilmington, DE 19899-1630
(302) 428-3181

- and -

Charles Callahan, Esquire
Connarton, Wood & Callahan
150 Federal Street, 12th Floor
Boston, MA  02110

Attorneys for Oldcastle APG Northeast, Inc., d/b/a Foster-Southeastern

## CERTIFICATE OF SERVICE

    I, William D. Sullivan, Esquire, hereby certify that on July 2, 2004, service of the foregoing *Objection of Oldcastle APG Northeast, Inc., d/b/a Foster-Southeastern to Debtors' Motion to Establish an Alternative Dispute Resolution Program to Liquidate Certain Claims* was made upon the parties on the attached service list by Hand Delivery or First Class Mail.

    I certify the foregoing to be true and correct under the penalty of perjury.

| July 2, 2004 | */s/ William D. Sullivan* |
|---|---|
| Dated | William D. Sullivan |

**SERVICE LIST**

Laura Davis Jones, Esquire
David Carickoff, Esquire
Pachulski, Stang, Ziehl, Young & Jones
919 North Market Street, 16th Floor
Wilmington, DE 19899-8705

Teresa K.D. Currier, Esquire
Klett, Rooney, Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

David M. Bernick, Esquire
James Kapp, III, Esquire
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Frank J. Perch, Esquire
Office of the United States Trustee
844 King Street, Room 2313
Lockbox 35
Wilmington, DE 19801

Michael R. Lastowski, Esquire
Duane Morris & Heckscher LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246

Lewis Kruger, Esquire
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038-4982

Thomas M. Mayer, Esquire
Kramer Levin Naftalis & Frankel LLP
919 Third Avenue
New York, NY 10022

J. Douglas Bacon, Esquire
Latham & Watkins
Sears Tower, Suite 5800
Chicago, IL 60606

Steven M. Yoder, Esquire
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899

Michael B. Joseph, Esquire
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

| | |
|---|---|
| Scott L. Baena, Esquire<br>Bilzin Sumberg Dunn Baena<br>Price & Axelrod, LLP<br>First Union Financial Center<br>200 South Biscayne Boulevard, Suite 2500<br>Miami, FL  33131 | Mark T. Hurford, Esquire<br>Campbell & Levine, LLC<br>800 N. King Street<br>Suite 300<br>Wilmington, DE  19801 |

Elihu Inselbuch, Esquire
Rita Tobin, Esquire
Caplin & Drysdale, Chartered
399 Park Avenue, 27th Floor
New York, NY  10022