# EXHIBIT A

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:                        )      Chapter 11

                           )

W. R. GRACE & CO., et al.,[1]       )      Case No. 01-01139 (JKF)

                           )      Jointly Administered

          Debtors.            )      Re: Docket No 4458 and
                                           2/23/04 Agenda Item 6

## STIPULATION RESOLVING MOTION OF
## OLDCASTLE APG NORTHEAST, INC. D/B/A FOSTER-SOUTHEASTERN
## FOR RELIEF FROM STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE

WHEREAS, Oldcastle APG Northeast, Inc., d/b/a Foster-Southeastern ("Oldcastle") filed

its *Motion of Oldcastle APG Northeast, Inc. d/b/a Foster-Southeastern for Relief from Stay

under Section 362 of the Bankruptcy Code* (the "Motion") on September 22, 2003, by which

Oldcastle sought relief to file a Fifth-Party Complaint against the Debtors in the case captioned

*City of Everett v. Barletta Engineering Corporation et al,* C.A. No. 00-4884, presently pending

in the Superior Court of the Commonwealth of Massachusetts, Middlesex County (the

"Massachusetts Action"), in which Oldcastle is a Fourth Party Defendant; and

WHEREAS, Oldcastle timely-filed two proofs of claim in the Debtors' bankruptcy cases

in the amount of $8,000,000.00, and $200,000.00 respectively, to preserve all claims which

Oldcastle could assert against the Debtors in the Massachusetts Action, including rights of

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace IVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

indemnification and contribution against the Debtors for any claims asserted against Oldcastle in the Massachusetts action, and which proofs of claim were received by the Debtors claims agent on March 31, 2003, and assigned claim numbers 12943 and 12944 (together, the "Proofs of Claim"); and

WHEREAS, the Debtors filed an Objection to the Motion on October 10, 2003; and

WHEREAS, discovery in the Massachusetts Action is ongoing, with a current discovery deadline set for May 2004; and

WHEREAS, Oldcastle delivered to the Debtors and the Debtors responded to preliminary discovery requests relating to the Massachusetts Action; and

WHEREAS, the parties wish to resolve the Motion by continuing to cooperate informally with respect to Oldcastle's defense of the claims asserted against Oldcastle in the Massachusetts Action;

NOW THEREFORE, the parties to this action, by and through their undersigned counsel, hereby stipulate to the following resolution of the Motion:

1.    Following the entry of this stipulation, the Motion will be deemed to be stayed indefinitely and will be removed from the Court's calendar, subject to the provisions outlined below.

2.    Debtors will continue to cooperate with Oldcastle on an informal basis by reviewing any further requests for information or documents submitted by Oldcastle pertaining to the Massachusetts Action, and providing responses to those requests as appropriate.

3.    Debtors may terminate the agreement to cooperate informally by objecting to or failing to respond to any of the requests by Oldcastle, provided that if Debtor objects to providing information requested by Oldcastle, or objects to further cooperating with Oldcastle in

2

the defense of the Massachusetts Action by Oldcastle, then Oldcastle will be permitted to renew its motion for relief from stay by issuing a re-notice of hearing (a) in accordance with the time requirements set forth in the local rules or any existing scheduling order entered in this case to set the Motion for a hearing on an omnibus hearing date and (b) consistent with the requirements of paragraph 5 of this Stipulation.

4.    Oldcastle will continue to defend the Massachusetts Action and will forward copies of all scheduling and trial orders to the Debtors. In the event that facts or circumstances ascertained through discovery in the Massachusetts Action dictate that Oldcastle should no longer cooperate with the Debtors or that Oldcastle cannot defend the Massachusetts Action without implicating the Debtors, then Oldcastle shall be permitted to re-notice the Motion consistent with the requirements of paragraph 5 of this Stipulation.

5.    Should Oldcastle seek to re-notice the Motion pursuant to either paragraph 3 or 4 of this Stipulation, such re-noticing shall only be allowed after providing written notice of Oldcastle's intent to re-notice the Motion to the Debtors at the following addresses: W. R. Grace & Co., 62 Whittemore Avenue, Cambridge, MA 02138 Attn: Michael Cohan and Kirkland & Ellis LLP, 200 East Randolph Drive, Chicago, IL 60601 Attn: James H.M. Sprayregen and James W. Kapp III (the "Notice"). The Notice shall set forth (a) the basis for Oldcastle's determination that re-noticing the Motion is necessary; (b) all reasonable requests to the Debtors required to remedy the situation giving rise to the need to re-notice the Motion and (c) a period of not less than 15 business days for the Debtors to satisfy Oldcastle's requests prior to any re-notice of the Motion.

6.    If Debtors file a claim objection with respect to the Oldcastle proofs of claim, such objection shall be separately noticed and served on undersigned counsel. Upon the filing of

3

a claim objection, Oldcastle shall be entitled to renew the Motion or file such other motion consistent with bankruptcy practice and procedure regarding the determination and/or litigation of Oldcastle's claims. Any such motion shall be heard prior to the hearing on any claim objection.

7.    Nothing contained herein shall affect: (a) the rights of the Debtors to object to, assert defenses to or otherwise contest any discovery requests made in connection with the Massachusetts Action by Oldcastle or any other party; (b) the rights of the parties to prosecute or defend the claims asserted by Oldcastle on any and all grounds; and (c) the rights of the Debtors to object to Oldcastle's Proofs of Claim on any and all grounds that are not inconsistent with any settlement, judgment, or other disposition of the underlying claims or the Bankruptcy Code.

PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB .P.C

Laura Davis Jones (Bar No. 2436)
David Carickhoff (Bar No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

James H.M. Sprayregen, P.C.
James W. Kapp III
Christian Lane
KIRKLAND & ELLIS
200 East Randolph Drive
Chicago, IL 60601

Counsel to Debtors and Debtors in Possession

Dated: 3/5/04

ELZUFON AUSTIN REARDON TARLOV & MONDELL, P.A.

William D. Sullivan, Esq. (Bar No. 2820)
Charles J. Brown, III. Esq. (Bar No. 3368)
300 Delaware Avenue, Suite 100
P.O. Box 1630
Wilmington, DE 19899-1630
(302) 428-3181 telephone
(302) 428-3181 facsimile

Charles Callahan, Esquire
CONNARTON, WOOD & CALLAHAN
150 Federal Street, 12th Floor
Boston, MA 02110

Attorneys for Oldcastle APG Northeast, Inc. d/b/a Foster-Southeastern

Dated: 3/2/04

4