IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

Hearing Date: August 23, 2004 at 12:00 p.m.
Objection Deadline: August 6, 2004 at 4:00 p.m.

### AMENDED APPLICATION OF DEBTORS FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. § 327(e) AUTHORIZING DEBTORS TO EXPAND SCOPE OF EMPLOYMENT OF NELSON MULLINS RILEY & SCARBOROUGH, L.L.P. AS SPECIAL COUNSEL TO DEBTORS

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby submit this amended application (the "Amended Application") for the entry of an order, pursuant to section 327(e) of title 11 of the United States Code (as amended, the "Bankruptcy Code"), authorizing the employment of Nelson Mullins Riley & Scarborough, L.L.P. ("Nelson Mullins" or the "Firm") as special counsel to the Debtors. In support of this Amended Application, the Debtors rely on the updated Affidavit of George B. Cauthen (the "Affidavit"), a member of Nelson Mullins, a copy of which is attached hereto. In further support of this Amended Application, the Debtors respectfully represent as follows:

## Jurisdiction

1. The Court has jurisdiction over this Amended Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and the Amended Application in this District is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 327(e) and 329 of the Bankruptcy Code.

## Background

2. On April 2, 2001 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). Thereafter, the Debtors filed a motion to consolidate, for administrative purposes only, the Chapter 11 Cases. Pursuant to 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

3. On June 8, 2001, the Debtors filed an Application of the Debtors for Entry of an Order Pursuant to 11 U.S.C. § 327(e) Authorizing Employment of Nelson Mullins Riley &

Scarborough, L.L.P. as Special Counsel to the Debtors (the "Application"). Attached to the Application was the affidavit of George B. Cauthen, a member of Nelson Mullins.

4. On July 18, 2001, the Court entered an Order Pursuant to 11 U.S.C. § 327(e) Authorizing Debtors to Employ Nelson Mullins Riley & Scarborough, L.L.P. as Special Counsel to the Debtors (the "Order").

5. The Order authorized the employment of the Firm for the purpose of continuing the Firm's engagement by the Debtors to represent, defend, and advise them as to environmental litigation-related issues.

6. Nelson Mullins has represented the Debtors in this capacity throughout the Chapter 11 Cases.

7. The Debtors now seek to retain Nelson Mullins in other areas as well.

## Relief Requested

8. By this Amended Application, the Debtors respectfully request that the Court enter an order under section 327(e) of the Bankruptcy Code authorizing them to expand the scope of Nelson Mullins employment as special counsel to the Debtors to enable the Firm to perform the services described herein, in addition to those services previously approved by the Court.

## Basis for Relief

9. In addition to the Debtors' retention of Nelson Mullins to represent, defend, and advise them as to environmental litigation-related issues, the Debtors seek to expand the scope of Nelson Mullins retention to represent and advise them in other, more general areas, such as real estate matters.

10. The Debtors first employed Nelson Mullins in 1990 to provide legal services in connection with the Debtors' ongoing business and legal operations. During this time, Nelson

Mullins provided general consulting, litigation, and administrative support regarding the Debtors' environmental matters, and upon approval of the Application, Nelson Mullins has continued to provide such support.

11.  Nelson Mullins is a regional Southeast firm, with offices located in Atlanta, Georgia; Columbia, Greenville, Charleston, and Myrtle Beach, South Carolina; Charlotte, Raleigh, and Winston-Salem, North Carolina, and Washington, D.C. In addition to its expertise in environmental issues, the Firm has expertise in a variety of other areas, including real estate, corporate work, complex litigation, and health care.

12.  Due to the Firm's long standing relationship with the Debtors, and the Debtors' need for regional assistance outside of environmental-litigation issues, the Debtors wish to expand the Firm's representation of the Debtors.

13.  One area in which the Debtors seek the Firm's expertise relates to real estate transactions. The Debtors have requested that the Firm represent them in these matters due to the Debtors' current needs and the Firm's longstanding relationship with the Debtors in similar matters. The Firm's representation may also involve financial, tax, corporate, and environmental issues.

14.  Due to the Firm's long standing relationship with the Debtors, the Firm's current employment in these Chapter 11 Cases, and the Firm's expertise in a variety of areas, Nelson Mullins' expanded employment would be invaluable to the Debtors as they seek to resolve not only the environmental related litigation described in the Application, but other matters as well, including the real estate transactions as described herein.

15.  Section 327(e) of the Bankruptcy Code authorizes a debtor, with the court's approval, to employ "for a specified special purpose, other than to represent the [debtor] in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate,

4

and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed." 11 U.S.C. § 327(e).

16. Nelson Mullins' will not be rendering services typically performed by a debtor's general bankruptcy counsel retained in the Chapter 11 Cases. Nelson Mullins' expanded employment would be invaluable to the Debtors and would be more cost effective due to the Firm's prior experience in working with the Debtors, the Firm's expertise in a variety of areas, and the Debtors' need to seek outside legal assistance due to a reduction in in-house legal staffing. Nelson Mullins' employment as the Debtors' special counsel for the purposes discussed herein is thus in the best interest of the Debtors, their estates, their creditors and other parties-in-interest, and should be approved by the Court.

17. Except as described herein, in the Application and the updated Affidavit, to the best of the Debtors' knowledge, the members and associates of Nelson Mullins (i) do not have any connection with the Debtors, their creditors, or any other party in interest, or their respective attorneys and accountants, and (ii) do not hold or represent an interest adverse to the estates in the matters with respect to which Nelson Mullins is to be employed by the Debtors, other than as set forth in the Affidavit.

## **Professional Compensation**

18. The Debtors understand that Nelson Mullins has applied in the past and will continue to apply in the future to the Court for allowance of compensation for professional services rendered and reimbursement of expenses incurred in connection with its engagement in accordance with the applicable provisions of the Bankruptcy Code, the Federal Bankruptcy Rules, the Local Bankruptcy Rules, and orders of this Court. Nelson Mullins will seek compensation for the services

of each attorney and paralegal acting on behalf of the Debtors in the Chapter 11 Cases at the then current rate charged for such person's services.

19. The members and counsel presently primarily expected to work on these matters, and their hourly rates, are as follows:

| | |
|---|---|
| Bernard F. Hawkins, Jr. - | $280.00 |
| Newman Jackson Smith - | $275.00 |
| William Bobo, Jr. - | $275.00 |
| Joseph M. Melchers - | $250.00 |
| Rose-Marie T. Carlisle – | $250.00 |
| Jeffrey Plowman - | $315.00 |
| James Holmes, Jr. - | $250.00 |
| George B. Cauthen - | $300.00 |
| Betsy Johnson Burn - | $190.00 |
| Anne Price (paralegal) | $95.00 |
| Laurie Jennings (paralegal) | $115.00 |

The hourly rates set forth above are subject to periodic adjustment to reflect economic and other conditions. Other attorneys and paralegals from Nelson Mullins may from time to time also serve the Debtors in connection with the Firm's employment.

20. As noted above, the Debtors understand that Nelson Mullins intends to apply to the Court for allowance of compensation for professional services rendered and reimbursement of expenses incurred in the Chapter 11 Cases. The Debtors, subject to the Court's approval, propose to pay Nelson Mullins its customary hourly rates in effect from time to time, and to reimburse Nelson Mullins for expenses incurred accordance with Nelson Mullins' customary reimbursement policies.

91100-001\DOCS_DE:96124.1

21. Other than as set forth above and in the Affidavit, there are no proposed arrangements between the Debtors and Nelson Mullins for compensation.

22. As noted above, the Debtors filed a previous Application related to Nelson Mullins, which was approved by the Court by Order dated July 18, 2001.

WHEREFORE, the Debtors respectfully request that the Court enter an order (i) authorizing the Debtors to employ Nelson Mullins to represent the Debtors as special counsel to perform the services described herein, and (ii) granting the Debtors such other and further relief as is just and proper.

Dated: July 13, 2004

KIRKLAND & ELLIS LLP
James H.M. Sprayregen, P.C.
Janet S. Baer
James W. Kapp III
Samuel L. Blatnick
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

and

PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.

_____
Laura Davis Jones (Bar No. 2436)
David W. Carickhoff, Jr. (Bar No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400

Co-Counsel for the Debtors and Debtors in Possession

91100-001\DOCS_DE:96124.1