IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| W.R. GRACE & CO., | : | |
| et al., | : | |
| Debtors. | : | Bankruptcy No. 01-1139 (JKF) |
| | : | Jointly Administered |

**Hearing Date: TBD**

### UNITED STATES TRUSTEE'S OBJECTION TO APPLICATION OF THE LEGAL REPRESENTATIVE FOR FUTURE ASBESTOS CLAIMANTS TO EMPLOY PHILLIPS GOLDMAN & SPENCE, P.A., AS LOCAL BANKRUPTCY COUNSEL (Dkt. No. 5839)

Roberta A. DeAngelis, the Acting United States Trustee ("UST") for this District, by and through her counsel, objects as follows to the Application of the Legal Representative for Future Asbestos Claimants to employ Phillips, Goldman & Spence as Local Bankruptcy Counsel (the "Application").

Background

1. Pursuant to 28 U.S.C. § 586, the UST is charged with the administrative oversight of cases commenced pursuant to Title 11, United States Code.

2. Pursuant to 11 U.S.C. § 307 the UST has standing to be heard.

3. On or about June 21, 2004, the Legal Representative for Future Claimants filed the Application, seeking to retain Phillips Goldman & Spence, P.A. ("PGS") as local counsel..

4. In the Application, PGS indicates that it is a prepetition creditor of the Debtor in the amount of $53,393.88. *See* Declaration of John C. Phillips, Jr. at ¶ 10(b). The Application does not indicate that PGS intends to waive its claim.

5. Although the Bankruptcy Code does not set forth specific provisions regarding the standard for employment of professionals for a Future Claims Representative, this Court recognized in this case, in connection with the Debtors' previous motion to appoint Mr. Hamlin as Future Claims Representative, that the Future Claims Representative should be a disinterested person. For that reason and because the Future Claims Representative has been analogized to a committee, it therefore follows that professionals for the Future Claims Representative should also be disinterested persons. *See* Section 328(c) of the Code, imposing a continuing obligation of disinterestedness on all professionals retained under sections 327 and 1103.

6. To the extent PGS is a creditor of the estate, it is not a disinterested person. *United States Trustee v. Price Waterhouse*, 19 F.3d 138 (3d Cir. 1994).

WHEREFORE, the UST respectfully prays this Honorable Court to enter an Order denying the Application and for such other relief at law and in equity as this Honorable Court may deem to be proper.

    Respectfully submitted,

    **ROBERTA A. DeANGELIS**
    **ACTING UNITED STATES TRUSTEE**

    BY:   **/s/ Frank J. Perch, III**
    Frank J. Perch, III, Esquire
    Assistant United States Trustee
    J. Caleb Boggs Federal Building
    844 King Street, Room 2207, Lockbox 35
    Wilmington, DE 19801
    (302) 573-6491
    (302) 573-6497 (Fax)

DATED: July 14, 2004