# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| COMBUSTION ENGINEERING, INC., ) | Case No. 03-10495 (JKF) |
| ) | |
| Debtor. ) | Reference Docket No. 143 |
| ) | |

## ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF SWIDLER BERLIN SHEREFF FRIEDMAN, LLP AS BANKRUPTCY COUNSEL TO DAVID T. AUSTERN AS FUTURE CLAIMANTS' REPRESENTATIVE PURSUANT TO SECTION 1103(a) OF THE BANKRUPTCY CODE

Upon the application (the "Application") of David T. Austern, Future Claimants' Representative ("Future Claimants' Representative") for the future asbestos claimants in the above-captioned chapter 11 case of Combustion Engineering, Inc. (the "Debtor"), seeking entry of an Order under section 1103(a) of the Bankruptcy Code authorizing the Future Claimants' Representative to employ and retain Swidler Berlin Shereff Friedman, LLP ("SBSF") under a retainer as bankruptcy counsel to the Future Claimants' Representative; and the Court having reviewed the Application, the Declaration of Roger Frankel, a partner of SBSF, and the Court being satisfied with the representations made in the Application that SBSF represents no interest adverse to the Future Claimants' Representative on the matters upon which SBSF is to be engaged and is disinterested; and it appearing that the relief requested is in the best interest of the Future Claimants' Representative and the Debtor's estate, its creditors and other parties-in-interest; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 158(a); and it appearing that notice of the Application was good and sufficient under the particular circumstances and that no other or further notice need be given and upon the record

herein; and it appearing that the terms and conditions of SBSF's employment as further described in the Application are reasonable and necessary; it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Application be, and it hereby is, approved on an interim basis and on a final basis upon confirmation of David T. Austern's appointment as Future Claimants' Representative on a final basis;

2. Pursuant to section 1103(a) of the Bankruptcy Code, the Future Claimants' Representative be, and he hereby is, authorized to employ and retain SBSF as bankruptcy counsel effective as of the commencement of this case, upon the terms, and to perform the services, set forth in the Application and Declaration, so long as David T. Austern serves as the legal representative for individuals who may assert asbestos-related claims and/or demands in the future against the Debtor;

3. SBSF shall be compensated in accordance with procedures set forth in sections 330 and 331 of the Bankruptcy Code and such Bankruptcy Rules and Local Rules as may then be applicable, from time to time, and such procedures as may be fixed by order of this Court; provided, however, that, notwithstanding any provisions of the Engagement Agreement (as defined in the Application), any retainer provided by the Debtor to SBSF prior to the Petition Date shall not be replenished after the Petition Date, and no additional retainer shall be provided to SBSF, absent further order of the Court;

4. The fees and expenses of SBSF allowed by the Court shall be an administrative expense of the Debtor's estate;

5. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order; and

6.  Nothing in this Order authorizes, approves or affects liability for transfers that are or may be avoidable under 11 U.S.C. §§ 544-550 inclusive.

*Judith K. Fitzgerald*
Judith K. Fitzgerald
United States Bankruptcy Judge

Dated: Wilmington, Delaware
April 22, 2003

3

7127694v2

# EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | |
| ) | **Chapter 11** |
| W.R. GRACE & CO., et al. ) | **Case No. 01-01139 (JKF)** |
| ) | **(Jointly Administered)** |
| Debtors. ) | |
| ) | |

ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF
SWIDLER BERLIN SHEREFF FRIEDMAN, LLP AS BANKRUPTCY COUNSEL TO
DAVID T. AUSTERN, FUTURE CLAIMANTS' REPRESENTATIVE

Upon the application (the "Application") of David T. Austern, Future Claimants' Representative ("Future Claimants' Representative") in the above-captioned chapter 11 cases of W.R. Grace & Co. and its affiliates (collectively, the "Debtors"), seeking entry of an Order under section 1103(a) of the Bankruptcy Code authorizing the Future Claimants' Representative to employ and retain Swidler Berlin Shereff Friedman, LLP ("SBSF") as bankruptcy counsel to the Future Claimants' Representative; and the Court having reviewed the Application and the accompanying Declaration of Roger Frankel (the "Declaration"), a partner of SBSF, and the Court being satisfied that SBSF neither holds nor represents any interest adverse to the Future Claimants' Representative on the matters upon which SBSF is to be engaged; and it appearing that the relief requested is in the best interest of the Future Claimants' Representative and the Debtors' estates, their creditors and other parties-in-interest; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 158(a); and it further appearing that notice of the Application was good and sufficient under the particular circumstances and that no other or

further notice need be given and upon the record herein; and it further appearing that the terms and conditions of SBSF's employment as further described in the Application and the Declaration are reasonable and necessary; it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Application be, and it hereby is, approved;

2. Pursuant to section 1103(a) of the Bankruptcy Code and the May 24, 2004 Order appointing David T. Austern as the Future Claimants' Representative [Docket No. 5645], the Future Claimants' Representative be, and he hereby is, authorized to employ and retain SBSF as bankruptcy counsel upon the terms, and to perform the services, set forth in the Application and Declaration, so long as David T. Austern serves as the legal representative for individuals who may assert asbestos-related claims and/or demands in the future against the Debtors;

3. SBSF shall be compensated in accordance with procedures set forth in sections 330 and 331 of the Bankruptcy Code and such Bankruptcy Rules and Local Rules as may then be applicable, from time to time, and such procedures as may be fixed by order of this Court, including the Administrative Compensation Order(s) entered in these cases; and

4. The fees and expenses of SBSF allowed by the Court shall be an administrative expense of the Debtors' estates.

Dated: _____, 2004

_____
The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | **Chapter 11** |
| W.R. GRACE & CO., et al. ) | **Case No. 01-01139 (JKF)** |
| ) | **(Jointly Administered)** |
| Debtors. ) | |

## ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF PHILLIPS, GOLDMAN & SPENCE, P.A., AS LOCAL BANKRUPTCY COUNSEL TO DAVID T. AUSTERN, FUTURE CLAIMANTS' REPRESENTATIVE

Upon the application (the "Application") of David T. Austern, Future Claimants' Representative ("Future Claimants' Representative") in the above-captioned chapter 11 cases of W.R. Grace & Co. and its affiliates (collectively, the "Debtors"), seeking entry of an Order under section 1103(a) of the Bankruptcy Code authorizing the Future Claimants' Representative to employ and retain Phillips, Goldman & Spence, P.A., ("PG&S") as local bankruptcy counsel to the Future Claimants' Representative; and the Court having reviewed the Application and the accompanying Declaration of John C. Phillips, Jr. (the "Declaration"), a partner of PG&S, and the Court being satisfied that PG&S neither holds nor represents any interest adverse to the Future Claimants' Representative on the matters upon which PG&S is to be engaged; and it appearing that the relief requested is in the best interest of the Future Claimants' Representative and the Debtors' estates, their creditors and other parties-in-interest; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 158(a); and it further appearing that notice of the Application was good and sufficient under the particular circumstances and that no

other or further notice need be given and upon the record herein; and it further appearing that the terms and conditions of PG&S's employment as further described in the Application and the Declaration are reasonable and necessary; it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Application be, and it hereby is, approved;

2. Pursuant to section 1103(a) of the Bankruptcy Code and the May 24, 2004 Order appointing David T. Austern as the Future Claimants' Representative [Docket No. 5645], the Future Claimants' Representative be, and he hereby is, authorized to employ and retain PG&S as local bankruptcy counsel upon the terms, and to perform the services, set forth in the Application and Declaration, so long as David T. Austern serves as the legal representative for individuals who may assert asbestos-related claims and/or demands in the future against the Debtors;

3. PG&S shall be compensated in accordance with procedures set forth in sections 330 and 331 of the Bankruptcy Code and such Bankruptcy Rules and Local Rules as may then be applicable, from time to time, and such procedures as may be fixed by order of this Court, including the Administrative Compensation Order(s) entered in these cases; and

4. The fees and expenses of PG&S allowed by the Court shall be an administrative expense of the Debtors' estates.

Dated: _____, 2004

_____
The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

2

9156316v1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>W.R. GRACE & CO., et al.<br><br>Debtors. | Chapter 11<br>Case No. 01-01139 (JKF)<br>(Jointly Administered) |

### ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF CIBC WORLD MARKETS CORP. AS FINANCIAL ADVISOR TO DAVID T. AUSTERN, FUTURE CLAIMANTS' REPRESENTATIVE

Upon the application (the "Application") of David T. Austern, Future Claimants' Representative ("Future Claimants' Representative") in the above-captioned chapter 11 cases of W.R. Grace & Co. and its affiliates (collectively, the "Debtors"), seeking entry of an Order under section 1103(a) of the Bankruptcy Code authorizing the Future Claimants' Representative to employ and retain CIBC World Markets Corp. ("CIBC") as his financial advisor; and the Court having reviewed the Application and the accompanying Declaration of Joseph J. Radecki, Jr. (the "Radecki Declaration"), a Managing Director of CIBC; and the Court being satisfied from the Radecki Declaration that CIBC neither holds nor represents any interest adverse to the Future Claimants' Representative on the matters upon which CIBC is to be engaged; and it appearing that the relief requested is in the best interests of the Future Claimants' Representative and the Debtors' estates, their creditors and other parties-in-interest; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 158(a); and it appearing that notice of the Application was good and sufficient under the particular circumstances and that no other or further notice need be given and upon the record herein; and it further appearing that the terms and conditions of CIBC's employment as further described in the Application and the Radecki Declaration are reasonable and necessary; it is hereby

## ORDERED, ADJUDGED AND DECREED THAT:

1. The Application be, and it hereby is, approved;

2. Pursuant to section 1103(a) of the Bankruptcy Code and the May 24, 2004 Order appointing David T. Austern as the Future Claimants' Representative [Docket No. 5645], the Future Claimants' Representative be, and he hereby is, authorized to employ and retain CIBC as financial advisor effective as of June 4, 2004, upon the terms, and to perform the services, set forth in the Application and the Radecki Declaration, so long as David T. Austern serves as the legal representative for individuals who may assert asbestos-related claims and/or demands in the future against the Debtors;

3. The indemnification provisions set forth in the engagement letter between the Future Claimants' Representative and CIBC, attached to the Radecki Declaration as Exhibit 1, including Annex A thereto (the "Engagement Agreement"), are incorporated by reference and are hereby approved;

4. CIBC shall be compensated in accordance with the terms of the Engagement Agreement and section 328(a) of the Bankruptcy Code, subject to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and as may be fixed by order of this Court, including the Administrative Compensation Order(s) entered in these cases; and

5. The fees and expenses of CIBC allowed by the Court shall be an administrative expenses of the Debtors' estates.

Dated: _____, 2004

                                          The Honorable Judith K. Fitzgerald
                                          United States Bankruptcy Judge

## CERTIFICATE OF SERVICE

       I, DEBRA L. FELDER, do hereby certify that I am over the age of 18, and that on July 15, 2004, I caused *Exhibits A and B to the Future Claimants' Representative's Reply to Limited Objections of the Official Committee of Asbestos Property Damage Claimants to Applications of Future Claimants' Representative for Authorization to Employ Swidler Berlin Shereff Friedman, LLP as Bankruptcy Counsel, Phillips, Goldman & Spence, P.A. as Local Bankruptcy Counsel and CIBC World Markets Corp. as Financial Advisor* to be served upon those persons as shown on the attached Service List by first class mail, postage prepaid.

       */s/ Debra L. Felder*
       Debra L. Felder, Esq.
       Swidler Berlin Shereff Friedman, LLP

9157131v1