IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

**Hearing Date: August 23, 2004 at 12:00 p.m.**
**Objection Deadline: August 6, 2004 at 4:00 p.m.**

## DEBTORS' MOTION FOR AN ORDER PURSUANT TO FED. R. BANKR. P. 9006(b) FURTHER EXTENDING THE PERIOD WITHIN WHICH THE DEBTORS MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452 AND FED. R. BANKR. P. 9027

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors")

hereby move the Court pursuant to Fed. R. Bankr. P. 9006(b) for entry of an order to further

extend the period within which the Debtors may remove actions pursuant to 28 U.S.C. § 1452

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

and Fed. R. Bankr. P. 9027 through and including December 31, 2004. In support of this Motion, the Debtors respectfully represent as follows:

## Background

1.      On April 2, 2001, (the "Petition Date") each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (as amended, the "Bankruptcy Code"). The Debtors' chapter 11 cases (collectively, the "Chapter 11 Cases") have been consolidated for administrative purposes only. Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

2.      The Debtors have a number of non-debtor affiliates (the "Non-Debtor Affiliates"), including, but not limited to, non-debtor subsidiaries and certain "Affiliated Entities," as that term is defined in the Order Granting Modified Preliminary Injunction, entered by this Court on May 3, 2001 (the "Preliminary Injunction").

3.      One or more of the Debtors are named defendants in approximately 65,000 asbestos-related lawsuits in various state and federal courts involving approximately 232,000 different individual claims (the "Asbestos Actions"). One or more Non-Debtor Affiliates also are named defendants in approximately eight asbestos-related fraudulent conveyance actions in various state and federal courts that also involve large numbers of individual claims (the "Fraudulent Conveyance Actions"). There are also numerous other lawsuits, including, but not limited to environmental actions, in which one or more of the Debtors and/or the Non-Debtor Affiliates are named defendants in various state and federal courts (the "Miscellaneous Actions"). Many of these Asbestos Actions, Fraudulent Conveyance Actions and Miscellaneous Actions were filed prior to the Petition Date (the "Prepetition Actions").

2

4.      Since the Petition Date, a number of additional Asbestos Actions, Fraudulent Conveyance Actions and Miscellaneous Actions have been filed and are continuing to be filed (the "Postpetition Actions", and together with the Prepetition Actions, the "Actions"). The Debtors and the Non-Debtor Affiliates believe that these Postpetition Actions are void because they were filed in violation of the automatic stay provisions of section 362(a) of the Bankruptcy Code and/or the Preliminary Injunction, and the Debtors reserve the right to subsequently assert such a defense in the Chapter 11 Cases or in any other appropriate forum. The Debtors have also sought enforcement of the Automatic Stay and the Preliminary Injunction with respect to many of the Postpetition Actions.

5.      On January 19, 2004, the Debtors sought authority to further extend the period (the "Removal Period") within which the Debtors may remove actions pursuant to 28 U.S.C. § 1452 and Fed. R. Bankr. P. 9027 through and including July 31, 2004 (the "Removal Extension Motion").[2] At the hearing on March 22, 2004, this Court entered an order granting the Removal Extension Motion. The Removal Extension Motion also specifically requested reservation of the Debtors and the Non-Debtor Affiliates right to seek further extensions of time within which the Debtors and the Non-Debtor Affiliates may remove any and all Actions.[3]

---

[2] Any capitalized terms not defined herein shall have the meaning ascribed to them in the Removal Extension Motion, as defined herein.

[3] The Court's Local Rule 9006-2 applies to extend the deadline for the Removal Period from July 31, 2004 until the Court acts on this Motion. Rule 9006-2 provides: "If a motion to extend the time to take any action is filed before the expiration of the period prescribed by the Code, the Fed.R.Bankr.P., these Rules, the District Court Rules, or Court Order, the time shall automatically be extended until the Court acts on the motion, without the necessity for the entry of a bridge order."

## Relief Requested

6.     By this Motion, the Debtors request the entry of an order pursuant to Fed. R. Bankr. P. 9006(b) further extending the Removal Period, within which the Debtors and the Non-Debtor Affiliates may remove any and all Actions pursuant to 28 U.S.C. § 1452, through and including December 31, 2004, to the extent that such time periods may expire prior to December 31, 2004.

7.     The Debtors further request that the order requested herein be without prejudice to (i) any position the Debtors or the Non-Debtor Affiliates may take regarding whether section 362(b) of the Bankruptcy Code applies to stay any Actions; and (ii) the right of the Debtors and/or the Non-Debtor Affiliates to seek future extensions of time to remove any and all Actions.

## Basis For Relief

8.     Section 1452 of title 28 of the United States Code and Fed. R. Bankr. P. 9027 govern the removal of pending civil actions.  Specifically, 28 U.S.C. § 1452(a) provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).  Fed. R. Bankr. P. 9027(a)(2) further provides:

> If the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

4

Fed. R. Bankr. P. 9027(a)(2). With respect to postpetition actions, Fed. R. Bankr. P. 9027(a)(3)

provides that a notice of removal may be filed with the clerk:

> only within the shorter of (A) 30 days after receipt, through service
> or otherwise, of a copy of the initial pleading setting forth the
> claim or cause of action sought to be removed, or (B) 30 days after
> receipt of the summons if the initial pleading has been filed with
> the court but not served with the summons.

Fed. R. Bankr. P. 9027(a)(3).

9.      Fed. R. Bankr. P. 9006(b) provides that the court may extend unexpired time

periods, such as the Debtors' removal period, without notice:

> when an act is required or allowed to be done at or within a
> specified period by these rules or by a notice given thereunder or
> by order of court, the court for cause shown may at any time in its
> discretion . . . with or without motion or notice order the period
> enlarged if the request therefor is made before the expiration of the
> period originally prescribed or as extended by a previous order[.]

Fed. R. Bankr. P. 9006(b)(1). Accordingly, this Court is authorized to grant the relief requested

herein. See In re Saint Joseph's Hosp., 103 B.R. 643 (Bankr. E.D. Pa. 1989) (court extended the

time period in which to seek removal of pending state court litigation); Jandous Electric Constr.

Corp. v. City of New York (In re Jandous Elec. Constr. Corp.), 106 B.R. 48 (Bankr. S.D.N.Y.

1989) (period in which to file motion to remove may be expanded pursuant to Fed.R.Bankr.P.

9006).

10.     To date, there have been a number of developments which have impeded the

Debtors' progress toward establishing the framework to deal with asbestos-related Personal

Injury Claims against the Debtors.

11.     Most significantly, all matters pending before the District Court were stayed for

over six months pending the resolution of certain proceedings to remove Judge Wolin from

5

further involvement in the Chapter 11 Cases. On November 5, 2003, as a result of a motion for recusal filed in the Owens Corning chapter 11 cases, Judge Wolin entered an order staying all proceedings before him in the five asbestos-related cases, including the Chapter 11 Cases, until the recusal motion was resolved. On November 14, 2003, three creditors filed a motion to disqualify Judge Wolin from further participation in the Chapter 11 Cases (the "Recusal Motion"). Judge Wolin denied the Recusal Motion, and the movants subsequently appealed this decision to the Court of Appeals for the Third Circuit. The cases before Judge Wolin remained stayed pending resolution of the Wolin recusal matter. On May 17, 2004, the Third Circuit issued a *Writ of Mandamus*, which ordered Judge Wolin to recuse himself from these bankruptcy cases and lifted the stay of all matters before Judge Wolin. The Honorable Ronald L. Buckwalter was subsequently assigned to the matters in the Chapter 11 Cases over which Judge Wolin previously presided. All matters pending before Judge Wolin were stayed throughout the course of this lengthy process.

12.     On June 8, 2004, Judge Buckwalter directed certain constituencies in the Chapter 11 Cases to file status reports. Pursuant to that order, the Debtors and several other parties filed status reports on June 21, 2004. The status reports essentially (i) summarize the events that have transpired in the Chapter 11 Cases and (ii) present suggestions for defining and resolving asbestos personal-injury claims.

13.     Judge Buckwalter is currently familiarizing himself with the issues in the Chapter 11 Cases and the Personal Injury Claims. As a result, Judge Buckwalter has yet to establish a "roadmap" for resolving the matters before him. The timing and substance of Judge Buckwalter's roadmap will have a substantial impact on the Debtors' ability to develop a framework within which to resolve the Actions, because Judge Buckwalter retains jurisdiction

6

over all issues related to the asbestos-related Personal Injury Claims in these Chapter 11 Cases. Because of the uncertainty with respect to the timing and substance of the procedures that Judge Buckwalter will ultimately implement, the Debtors cannot predict when they will be able to move forward with the resolution of the asbestos-related Personal Injury Claims.

14.    Further, the "Science Trial," regarding factual questions about the scientific risks of Zonolite Attic Insulation ("ZAI"), remains to be completed. The "Science Trial" was scheduled to commence on February 9, 2004, but was continued so the parties would have further opportunity to reach a settlement. The parties continue settlement negotiations in an effort to resolve the issues; however, at present, the ZAI issues remain unresolved. Discovery has been completed with respect to the issue of "what science demonstrates with regard to whether ZAI creates an unreasonable risk of harm," and summary judgment is fully-briefed. The Court has set a hearing date of October 18-19, 2004.

15.    The litigation described above should streamline the claims adjudication process. While this litigation will not completely eliminate the Debtors' need to preserve the option to remove Actions to this Court, it should minimize the need to do so. Nonetheless, until the claims arising from the Actions have been resolved, whether through this litigation protocol or otherwise, the Debtors must preserve the option of removing Actions to this Court.

16.    Additionally, by an order dated April 25, 2002, this Court also set a claims bar date of March 31, 2003 (the "Bar Date"), for all claims relating to asbestos property damage, non-asbestos claims (including all governmental claims) and medical monitoring claims. Over 15,000 claims were filed by the Bar Date. The Debtors and their professionals have (i) reviewed all of the filed claims; (ii) have obtained a Court-approved limited-waiver of Local Rule 3007-1

7

for purposes of streamlining omnibus objections; (iii) have filed multiple omnibus objections to thousands of claims; and (iv) have filed a motion to establish an alternative dispute resolution program to resolve certain disputed-claims. If this Court approves the alternative disputes resolution program, then the Debtors anticipate pursuing further omnibus objections in addition to, and simultaneous with, the alternative dispute resolution program.

17.    A Personal Injury Claims bar date, however, has yet to be set, and other related issues raised by the Debtors' case management motions also remain unresolved. The Debtors and other constituencies' respective status reports each contained suggestions for resolving the issues relating to asbestos-related Personal Injury Claims. As noted above, Judge Buckwalter is still digesting the information in the status reports, and he has yet to indicate what course he will pursue with respect to the issues before him.

18.    Progress has also been made in the Chapter 11 Cases since the Removal Extension Motion was filed. In particular, on April 19, 2004, the Debtors filed an application pursuant to 11 U.S.C. §§ 105, 327 and 524(g)(4)(B)(i), for the appointment of a legal representative for future asbestos claimants. The matter was heard during the Debtors' May 2004 omnibus hearing, and the Court entered an order appointing David T. Austern as the Futures Representative for the Chapter 11 Cases. Further, this Court has directed the Debtors to file a reorganization plan by October 14, 2004. The Debtors are vigorously developing a confirmable reorganization plan and disclosure statement, and, in this regard, they are actively soliciting the input of each of the official committees that have been appointed in these bankruptcy cases.

8

19.   The Debtors submit that further extending the Removal Period through and including December 31, 2004, to protect their right to remove any Actions that are discovered through the Debtors' investigation and the claims review process is both prudent and necessary and in the best interests of the Debtors, their estates and their creditors.  This extension will afford the Debtors and the Non-Debtor Affiliates an opportunity to make fully informed decisions concerning removal of all Actions and will assure that the Debtors and the Non-Debtor Affiliates do not forfeit valuable rights under 28 U.S.C. § 1452.  Furthermore, the rights of the Debtors' adversaries will not be prejudiced by such an extension because, in the event that a matter is removed, the other parties to such Action(s) sought to be removed may seek to have the action remanded to the state court pursuant to 28 U.S.C. § 1452(b).

## Notice

20.   Notice of this Motion has been given to (i) the Office of the United States Trustee, (ii) counsel to the debtor in possession lenders, (iii) counsel to each official committee appointed by the United States Trustee and (iv) those parties that requested papers under Fed. R. Bankr. P. 2002.

## No Prior Request

21.   No prior Motion for the relief requested herein has been made to this or any other Court. .

9

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto, further extending the Removal Period, within which the Debtors and the Non-Debtor Affiliates may remove any and all Actions pursuant to 28 U.S.C. § 1452, through and including December 31, 2004, to the extent that such time periods may expire prior to December 31, 2004.

Dated:  July 15, 2004

Respectfully submitted,

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
James W. Kapp III
Janet S. Baer
Samuel L. Blatnick
200 East Randolph Drive
Chicago, Illinois 60601
Telephone: (312) 861-2000
Facsimile:  (312) 861-2200

and

PACHULSKI, STANG, ZIEHL, YOUNG, JONES &
WEINTRAUB P.C.

Laura Davis Jones (Bar No. 2436)
David W. Carickhoff, Jr. (Bar No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400

Co-Counsel for the Debtors and Debtors in Possession