IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

*Presented at hearing 7/19/04*

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Re: Docket No. 4853 & 3/22/04 Agenda Item No. 6**

## ORDER GRANTING LIMITED WAIVER OF DEL.BANKR.LR 3007-1 FOR THE PURPOSE OF STREAMLINING OBJECTIONS TO CERTAIN CLAIMS FILED PURSUANT TO THE BAR DATE ORDER

This matter coming before the Court on the Motion of Debtors For Limited Waiver of Del.Bankr.LR 3007-1 for the Purpose of Streamlining Objections to Claims (the "Motion") filed by the above-captioned debtors and debtors in possession (collectively, "Debtors"); the Court having reviewed and considered the Motion; the Court finding that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

28 U.S.C. § 157(b)(2); (iii) the relief requested therein is in the best interest of the Debtors and their estates; and (iv) no further notice or hearing on the Motion being required; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein:

1. IT IS HEREBY ORDERED THAT:

   a. Pursuant to Del.Bankr.LR1001-1(c), the provisions of Local Rule 3007-1 are hereby waived to allow the Debtors to file omnibus objections (the "Gateway Omnibus Objections") asserting any and all Gateway Objections (as herein defined) against all Claims[2], regardless of the aggregate number of such Claims subject to the Gateway Objections.

   b. The Gateway Objections shall consist of the following: (i) Claims with substantially incomplete Proof of Claim Forms; (ii) Claims that contain materially insufficient supporting information; (iii) Claims that fail to include any product identification information; (iv) Claims that are barred by applicable statutes of limitation or repose; (e) Claims that are barred by laches; and (v) Claims that are barred by prior settlements.

   c. Pursuant to Del.Bankr.LR1001-1(c), the provisions of Local Rule 3007-1 that limit (to 150) the number of claims that properly may be subject to a substantive omnibus claims objection are hereby waived with respect to the Gateway Omnibus Objections.

   d. Pursuant to Local Rule 1001-1(c), the provisions of Local Rule 3007-1 that require a debtor to assert all substantive objections to a particular Claim in a single substantive objection are hereby waived with respect to the Gateway Omnibus Objections.

---

[2] Capitalized terms not defined in this Order have the meaning given in the Motion.

Accordingly, (i) the Debtors may file Gateway Omnibus Objections asserting all Gateway Objections to a particular claim without asserting or waiving any other substantive objections (that are not Gateway Objections) to such claim; and (ii) the Debtors may file one subsequent substantive objection to each of the Claims for which a Gateway Omnibus Objection was filed.

    e. Notwithstanding the foregoing, prior to the assertion of any Gateway Objection to an Asbestos Property Damage Proof of Claim, based on materially insufficient supporting information, the Debtors shall serve on any Claimant as to whom such objection is to be asserted, written notice by first-class United States mail of the Debtors intent to object to the respective Claim on the basis of materially insufficient supporting information. A copy of this Notice shall also be served on counsel for the Asbestos Property Damage Committee and counsel for the Claimant, if identified in the respective Proof of Claim form. Each Claimant shall have sixty (60) days (the "Response Period") from the date of such notice in which to provide any supplemental or additional information supporting their respective Claim, and the Debtors shall not assert any Gateway Objections to any such Claim until the last Response Period has ended. Following the last Response Period, the Debtors may assert any applicable Gateway Objections to the Asbestos Property Damage Proof of Claims.

    f. Notwithstanding the foregoing, prior to the assertion of any Gateway Objection to a Non-Asbestos Proof of Claim or Asbestos Medical Monitoring Proof of Claim, based on materially insufficient supporting information, the Debtors shall serve on any Claimant as to whom such objection is to be asserted, written notice by first-class United States mail of the Debtors intent to object to the respective Claim on the basis of materially insufficient supporting information. A copy of such notice shall also be served on the Official Committee of

Unsecured Creditors and counsel for the Claimant, if identified in the respective Proof of Claim form. Each Claimant shall have sixty (60) days from the date of such notice in which to provide any supplemental or additional information supporting their respective Claim, and the Debtors shall not assert a Gateway Objection with respect to any such Claim until sixty (60) days following the date of such notice. Thereafter, the Debtors may assert any applicable Gateway Objections to the respective Non-Asbestos Proof of Claims or Asbestos Medical Monitoring Proof of Claims.

    g.  The Debtors shall cause a copy of this Order to be mailed by first class mail, postage prepaid, to counsel for any Claimant against whom the Debtors anticipate filing a Gateway Omnibus Objection. If any such Claimant's counsel is not known, then the Debtors shall cause a copy of this Order to be mailed by first class mail, postage prepaid, to the respective Claimant.

    h.  This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Wilmington, Delaware

Dated: 7/19, 2004

_____
UNITED STATES BANKRUPTCY JUDGE