**Andrews Kurth LLP**
**Attorneys for Weatherford International, Inc.**
450 Lexington Avenue
New York, NY 10017
(212) 850-2800
Peter S. Goodman (PG 3939)
Justin R. Wyatt (JW 9775)

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 01-01139(JFK) |
| W.R. GRACE & CO., et al., | ) | |
| | ) | Hearing Date:   August 23, 2004 |
| | ) | Hearing Time:   12:00 P.M. |
| Debtors. | ) | |

## RESPONSE OF WEATHERFORD INTERNATIONAL, INC. TO DEBTORS' FIFTH OMNIBUS OBJECTION TO CLAIMS

Weatherford International, Inc., by its attorneys Andrews Kurth LLP, submits this Response to Debtors' Fifth Omnibus Objection to Claims (the "Objection"), and respectfully represents as follows:

### INTRODUCTION

1. This Court should reject the Debtors' request for disallowance of Weatherford's administrative claims Nos. 1694 ($351,758.00) and 1695 ($351,758.00) and unsecured claims Nos. 1719 ($351,758.00) and 1720 ($351,758.00) (collectively, the "Claims"), all of which are set forth on Exhibit C to the Objection. The Claims are valid, enforceable and remain outstanding, and the Debtors' contention to the contrary is flat wrong. Weatherford's Claims arise out of the Debtors' obligation to complete environmental clean-up and remediation of a property in Kalkaska, Michigan ("Kalkaska Property") and apply for and receive a Certificate of Completion from the Michigan Department of Natural Resources ("MDNR") certifying that the

NYC:126374.2

environmental remediation at the Kalkaska Property has been completed. The Debtors' obligation derives from a Consent Decree entered by the State of Michigan Circuit Court for the 30th Judicial District (Ingham County) in the case of *Kelley v. W.R. Grace & Co. et al.*, No. 94-78818-CE and under the terms of the Purchase Agreement, dated March 1, 1994, by which Weatherford USA, Inc. ("Weatherford USA") purchased the Kalkaska Property from Homco, Inc. ("Homco"). The Debtors have failed to fulfill their obligations under the Consent Decree and Purchase Agreement, and as a result, the Debtors' objections to the Claims must be rejected. Moreover, because of the Debtors' failure to fulfill their obligations, the environmental lien placed on the Kalkaska Property by the MDNR remains, which effectively prevents Weatherford from improving the property or selling it for its actual value. Thus, not only have the Debtors failed to clean-up the Kalkaska Property so as to entitle them to expunge the Claims, but their failures are causing Weatherford continuing harm.

## ARGUMENT

2. In 1994, Weatherford USA (a [parent/subsidiairy] of Weatherford) purchased the Kalkaska Property from Homco pursuant to the Purchase Agreement by and among Homco, W.R. Grace Inc. ("Grace") and Weatherford USA. A copy of the Purchase Agreement is annexed hereto as Exhibit A.

3. Pursuant to Section 4 of the Purchase Agreement, Homco and Grace agreed to indemnify Weatherford USA, for, among other things, all liabilities, responsibilities, claims, suits, losses, costs (including remediation, removal, response, abatement, clean up, investigative and/or monitoring cost) associated with environmental cleanup of contamination existing at the Kalkaska Property prior to the date of the sale of the site to Weatherford USA.

4. The Kalkaska Property later became the subject of the Consent Decree, a copy of which is annexed hereto as Exhibit B. Under the Consent Decree, Grace and Homco agreed to

remediatate and clean up the Kalkaska Property. Under Section XXVI of the Consent Decree, Grace and Homco agreed to submit a final report to Michigan Department of Natural Resources ("MDNR"). Upon receipt of the final report, if MDNR determines that Grace and Homco satisfactorily completed all requirements of the Consent Decree, MDNR would issue a Certificate of Completion certifying that remediation is complete.

5. Over the last few years, Grace and Homco have been conducting some remediation efforts and taken the other actions required under the Consent Decree and have paid the costs associated with such actions. When Weatherford filed the Claims, Weatherford estimated that in order to comply with the Consent Decree, Grace and Homco would need to spend an additional $351,758 to fully comply with the Consent Decree.

6. The Bankruptcy Code does not shield debtors from compliance with environmental laws. 28 U.S.C. § 959(b); *See e.g., In re 1820-1838 Amsterdam Equities, Inc.*, 191 B.R. 18, 21 (S.D.N.Y. 1996) (finding that under §959, bankruptcy court could not enjoin governmental unit from enforcing building and fire codes); *Wilner Wood Products, Co. v. State of Maine Dept. of Environmental Protection*, 128 B.R. 1, 3 (D. Maine 1991) (finding under §959 that governmental unit could not be forced to reissue a license it previously revoked). Moreover, the police and regulatory power exception to the automatic stay was enacted to combat the risk that the bankruptcy court would become a sanctuary for environmental wrongdoers. *In re United Healthcare System, Inc.* 1997 WL 176574, at *9 (D.N.J. 1997). Environmental protection merits a higher priority than a debtor's right to a "cease fire" or the creditors' rights to an orderly administration of the estate. *State of New York v. Almy Brothers, Inc.*, 1996 WL 12031, at *1 (N.D.N.Y. 1996).

3

7. The Debtors' statement in the Objection that "Grace has completed remediation to the maximum extent practicable" (*See* Exhibit C to the Objection) is belied by the facts in this case. While remediation on the Kalkaska Property itself is largely complete, Weatherford has been informed that environmental pollution that originated on the Kalkaska Property extended to nearby properties. The MDNR will not issue a Certificate of Completion for the Kalkaska Property so long as clean up on adjacent or nearby properties remains incomplete. Perhaps cognizant of this requirement, the Debtors have failed even to apply for a Certificate of Completion from the MDNR as required by the Consent Decree. As a result, Weatherford's Claims remain outstanding. The Debtors' failure to satisfy its obligations continues to cause Weatherford harm as an environmental lien remains fixed to the Kalkaska Property, which prevents Weatherford from making improvements to the property or the selling it for its actual value.

8. It is the Debtors' burden to demonstrate that the Claims should be expunged. The Debtors provide no evidence to support the Objection. Since the Debtors have failed to satisfy their burden of proof, the Claims must remain outstanding.

9. In sum, the Claims should not be expunged at this time because of the Debtors' failure to remediate completely the Kalkaska Property or obtain a Certificate of Completion from MNDR.

**WHEREFORE**, for all the foregoing reasons, this Court should (i) deny the Debtors' Objection with respect to the Claims, and (ii) grant Weatherford such other relief as is just and proper.

Dated: July 22, 2004
New York, New York

4

NYC:126374.2

ANDREWS KURTH LLP

By: _____
Peter S. Goodman (PG 3939)
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 850-2800
Facsimile: (212) 850-2929

**ATTORNEYS FOR WEATHERFORD INTERNATIONAL INC.**

**FILED**

**UNITED STATES BANKRUPTCY COURT** 2004 JUL 23 AM 10: 04
**FOR THE DISTRICT OF DELAWARE**

CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re:                                    )      Chapter 11
                                          )
                                          )      Case No. 01-01139(JFK)
W.R. GRACE & CO., et al.,                 )
                                          )      Hearing Date:   August 23, 2004
                                          )      Hearing Time:   12:00 P.M.
                  Debtors.                )


### AFFIDAVIT OF SERVICE

I, Helen Ferguson, being over the age of eighteen (18) years, and duly sworn, state under oath that on July 22, 2004, I caused to be served a true and correct copy of the Response of Weatherford International, Inc. to Debtors' Fifth Omnibus Objection to Claims upon the names listed below by first-class mail.

*Helen Ferguson*
Helen Ferguson

Subscribed and sworn to before me this
22nd day of July, 2004

*Michele R. Brown*
Notary Public

MICHELE R. BROWN
Notary Public, State of New York
No. 01BR6006611
Qualified in New York County
Certificate Filed in New York County
Commission Expires May 4, 20__

**Serivce List**

Kirkland & Eliss LLP
Attn: Rachel R. Schulman, Esq.
200 East Randolph Drive, Suite 6500
Chicago, Illinois 60601

Pachulski, Stang, Ziehl, Yooung, Jones &
Weintraub P.C.
Attn: David W. Carickhoff, Jr., Esq.
919 N. Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705

NYC:128042.1

**Andrews Kurth LLP**
**Attorneys for Weatherford International, Inc.**
**450 Lexington Avenue**
**New York, NY 10017**
**Tel: (212) 850-2800**
**Peter S. Goodman (PG 3939)**
**Justin R. Wyatt (JW 9775)**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

------------------------------------- x
In re:                                :   Chapter 11
                                      :
                                      :   Case No. 01-1139 through
W.R. GRACE & CO., *et al.*,           :   01-1200 (JJF) Jointly
                                      :   Administered
         Debtors.                     :
------------------------------------- x

## AFFIDAVIT OF SERGEI LEMBERG

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

Sergei Lemberg, being duly sworn, deposes and says:

1. I am an associate with Andrews Kurth LLP ("AK"), attorneys for Weatherford International, Inc. ("Weatherford"). I am admitted to practice before the courts of the State of New York. I am familiar with the facts as set forth herein.

2. I submit this Affidavit to notify the Court that AK is unable to electronically file the Response (the "Response") of Weatherford International, Inc. to Debtors' Fifth Omnibus Objection to Claims (the "Objection") because AK has no local offices in the State of Delaware, and has not retained local counsel for the purpose of responding to the Objection. Due to the limited nature of AK's representation of Weatherford, AK does not believe that retaining local counsel in Delaware is necessary.

3. Therefore, AK is filing the Response with the Clerk of the Court in hard copy format.

NYC:109895.1

_____
SERGEI LEMBERG

Sworn to before me this 22nd
day of July, 2004

_____
Notary Public

HELEN ELENI FERGUSON
Notary Public, State of New York
No. 01FE6046805
Qualified in Queens County
Commission Expires August 21, 20__

NYC:109895.1

- 2 -