IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| W.R. Grace & Co., *et al.*, | ) | Case No. 01-01139 (JJF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | **Objection Deadline September 10, 2004 at 4:00 pm** |
| | ) | **Hearing Date: September 27, 2004 at 12:00 pm** |

**SEVENTH INTERIM QUARTERLY FEE APPLICATION REQUEST
OF HAMILTON, RABINOVITZ & ALSCHULER, INC. FOR
APPROVAL AND ALLOWANCE OF COMPENSATION FOR SERVICES
RENDERED AND REIMBURSEMENT OF EXPENSES AS CONSULTANTS TO THE
OFFICIAL COMMITTEE OF ASBESTOS PROPERTY DAMAGE CLAIMANTS
FOR THE PERIOD OF JANUARY 1, 2004 THROUGH MARCH 31, 2004**

Hamilton, Rabinovitz & Alschuler, Inc. (the "Applicant"), consultants to the Official Committee of Asbestos Property Damage Claimants ("PD Committee") of the above-captioned debtors (the "Debtors") in this Court, hereby submits its seventh interim quarterly fee application request (the "Request") pursuant to 11 U.S.C. §§ 330 and 331 and in accordance with the Administrative Fee Order (defined below) for approval and allowance of compensation for services rendered and for reimbursement of expenses incurred in connection therewith, respectfully represents as follows:

## I. Introduction

1. Applicant, as consultants to the PD Committee, seeks (i) approval and allowance, pursuant to Section 331 of the Bankruptcy Code of compensation for the professional services rendered by Applicant as consultants for the PD Committee from January 1, 2004 through March 31, 2004[2] (the "Seventh Interim Quarterly Fee Period") in the aggregate amount of $8,877.50 representing 24.9 hours of professional services and (ii) reimbursement of actual and necessary expenses incurred by the Applicant during the Seventh Interim Quarterly Fee Period in connection with the rendition of such professional services in the aggregate amount of $479.86.

---

[2] Also includes Invoice dated March 13, 2002 for the period of February 1, 2002 through February 28, 2002 in the amount of $7,054.86 for fees and expenses incurred in such month. This Invoice was not included in the quarterly application filed for the period of January 1, 2002 through March 31, 2002. The Invoice is attached hereto as Exhibit "C-1".

681880

## ATTACHMENT "B" TO FEE APPLICATION
## SUMMARY OF HOURS – HR&A, Inc.

| Name of Professional Person | Position of Applicant | Number of Years in Position | Dept. | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|---|
| Francine F. Rabinovitz | Exec V.P./Partner | 27 | N/A | $375.00* | 7.2 | $2,700.00 |
| James E. Hass | Partner | 11 | N/A | $450.00 | 2.2 | $990.00 |
| Paul J. Silvern | Partner | 27 | N/A | $375.00 | 3.5 | $1,312.50 |
| Paul J. Silvern | Partner | 11 | N/A | $325.00* | 11.5 | $3,737.50 |
| Robert H. Sims | Principal | 11 | N/A | $275.00* | .5 | $137.50 |
| | | | | Total: | 24.9 | $8,877.50 |
| | | | | | GRAND TOTAL - | $8,877.50 |
| | | | | | Blended Rate: | $356.53 |

* Rates for February 2002

## COMPENSATION BY PROJECT CATEGORY

| PROJECT CATEGORY | TOTAL HOURS | TOTAL FEES |
|---|---|---|
| Case Administration | 22.6 | $8,090.00 |
| Claims Analysis and Valuation/Claim Analysis, Objection & Resolution (Asbestos) | 2.3 | $787.50 |
| Total | 24.9 | $8,877.50 |

681880

## EXPENSE SUMMARY

| | | | | |
|---|---|---|---|---|
| 1. | Staff Overtime | | | $0.00 |
| 2. | Court Reporter | | | $0.00 |
| 3. | Messenger Services | | | $82.61 |
| 4. | Photocopies | | | $397.25 |
| | (a) | In-house copies @ .15 | N/A | |
| | (b) | Outside copies (at cost) | N/A | |
| 5. | Postage | | | $0.00 |
| 6. | Overnight Delivery Charges | | | $0.00 |
| 7. | Long Distance Telephone Charges | | | $0.00 |
| 8. | Telecopies | | | $0.00 |
| 9. | Research Materials | | | $0.00 |
| 10. | Expert Fees and Costs | | | $0.00 |
| 11. | Travel Expenses | | | $0.00 |
| | (a) | Airfare | | |
| | (b) | Meals | | |
| | (c) | Parking, Car Rental & Mileage | | |
| | (d) | Lodging | | |
| | (e) | Taxicabs | | |
| **TOTAL "GROSS" AMOUNT OF REQUESTED DISBURSEMENT** | | | | $479.86 |

681880

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| W.R. Grace & Co., *et al.*, | ) | Case No. 01-01139 (JJF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**SEVENTH INTERIM QUARTERLY FEE APPLICATION REQUEST
OF HAMILTON, RABINOVITZ & ALSCHULER, INC. FOR
APPROVAL AND ALLOWANCE OF COMPENSATION FOR SERVICES
RENDERED AND REIMBURSEMENT OF EXPENSES AS CONSULTANTS TO THE
OFFICIAL COMMITTEE OF ASBESTOS PROPERTY DAMAGE CLAIMANTS
FOR THE PERIOD OF JANUARY 1, 2004 THROUGH MARCH 31, 2004**

Name of Applicant: Hamilton, Rabinovitz & Alschuler, Inc.

Authorized to provide
professional services to: Official Committee of Asbestos Property Damage Claimants

Date of retention: Retention order entered on February 20, 2002, *Nunc Pro Tunc*, to May 2, 2001

Period for which compensation and
reimbursement is sought: January 1, 2004 through March 31, 2004[1]

Amount of compensation sought
as actual reasonable and necessary: $8,877.50

Amount of expense reimbursement
sought as actual reasonable and
necessary: $479.86

This is a(n): _____ monthly  X  interim/quarterly _____ final application

This is the Seventh quarterly application filed.

---

[1] Also includes Invoice dated March 13, 2002 for the period of February 1, 2002 through February 28, 2002 in the amount of $7,054.86 for fees and expenses incurred in such month. This Invoice was not included in the quarterly application filed for the period of January 1, 2002 through March 31, 2002. The Invoice is attached hereto as Exhibit "C-1".

681880

2. This Court has jurisdiction over this application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. Background

3. On April 2, 2001, each of the Debtors filed voluntary petitions for reorganization under Chapter 11 of the Bankruptcy Code. The Debtors continue to operate its business and manage their properties as a debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' Chapter 11 cases have been procedurally consolidated and are being jointly administered. No trustee or examiner has been appointed in this case.

4. On April 12, 2001, the United States Trustee formed the PD Committee. Thereafter, the PD Committee approved the retention of Bilzin Sumberg Baena Price & Axelrod LLP ("Bilzin") as its counsel.

5. By order dated February 20, 2002, the Court authorized the PD Committee to retain the Applicant *nunc pro tunc* to May 2, 2001, pursuant to 11 U.S.C. §§ 1103 and 328, as consultants to the PD Committee in the Consolidated Cases.

6. This is the seventh interim quarterly fee application request that the Applicant has filed with the Court for an allowance of compensation and reimbursement of expenses for services rendered to the PD Committee. This application is submitted pursuant to the terms of the Administrative Order Under §§105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members approved by the Court on May 3, 2001 as amended by the Court's order of April 17, 2002 (collectively, the "Administrative Fee Order"). Previously, in accordance with the Administrative Fee Order, the Applicant has filed with the Court 2 Fee Applications that are the subject of this Request, which are summarized as follows:

| Date Filed | Period Covered | Fees Requested | Expenses Requested | Objections |
|---|---|---|---|---|
| 2/13/03 | 2/1/02 – 2/28/02 | $6,575.00 | $479.86 | N/A |
| 6/21/04 | 1/1/04 – 1/31/04 | $150.00 | $0.00 | N/A |
| 6/21/04 | 2/1/04 – 2/29/04 | $1,740.00 | $0.00 | N/A |
| 6/21/04 | 3/1/04 – 3/31/04 | $412.50 | $0.00 | N/A |
| **Totals** | | **$8,877.50** | **$479.86** | |

681880

7. Applicant has received no payment and no promise for payment from any source for services rendered in connection with these cases. There is no agreement or understanding between Applicant and any other person for the sharing of compensation to be received hereunder.

8. As stated in the Certification of Paul J. Silvern, Partner, attached hereto as Exhibit "A," all of the services for which compensation is sought herein were rendered for and on behalf of the PD Committee solely in connection with these cases.

### III. Summary of Services Rendered

9. In accordance with Local Rule 2016-2 dated December 12, 1996 and the Administrative Fee Order, and to assist the Court, the Debtors, the Trustee and other parties in interest in evaluating this Request, the primary services performed by Applicant during the Seventh Interim Quarterly Fee Period are summarized in the Summary attached hereto as Exhibit "B." The summary reflects certain services of major importance which required the special attention, efforts and skill of Applicant. Applicant's services throughout the Seventh Interim Quarterly Fee Period have been valuable to the PD Committee in providing consultation.

10. In accordance with the Administrative Fee Order and the Local Rules, a summary sheet of the professionals and their corresponding names, years of experience, hourly rates and the number of hours incurred by each is set forth on Attachment B. The hourly rates reflect what Applicant generally charges its other clients for similar services. Itemizations including identification of services performed by the professionals sorted by date and time keeper are attached hereto as Exhibit "C-2," "C-3" and "C-4" which also contain statements of Applicant's disbursements, necessarily incurred in the performance of Applicant's duties as consultants to the PD Committee.

### IV. Conclusion

11. Applicant has necessarily and properly expended 24.9 hours of services in the performance of its duties as consultants to the PD Committee during the Seventh Interim Quarterly Fee Period. Such services have a fair market value of $8,877.50. The work involved

681880

and thus the time expended, was carefully assigned in light of the expertise required for each particular task.

12. In addition, Applicant incurred actual out-of-pocket expenses in connection with the rendition of services to the PD Committee in the sum of $479.86 for which it respectfully requests reimbursement in full.

13. Applicant has reviewed the requirements set forth in Local Rule 2016-2 and believes that this application for interim compensation complies therewith.

14. Applicant has made no prior application in this or any other Court for the relief sought herein.

WHEREFORE, Applicant respectfully requests pursuant to the Administrative Fee Order: a) the approval and allowance, pursuant to section 331 of the Bankruptcy Code of compensation for professional services rendered to the PD Committee during the Seventh Interim Quarterly Fee Period of January 1, 2004 through March 31, 2004 in the amount of $8,877.50, b) the approval and allowance of Applicant's out-of-pocket expenses incurred in connection with the rendition of such services during the Seventh Interim Quarterly Fee Period of January 1, 2004 through March 31, 2004 in the amount of $479.86; and c) such other relief as the Court deems just.

Dated: July 28, 2004

BILZIN SUMBERG BAENA PRICE & AXELROD LLP
Counsel to the Official Committee of Asbestos Property Damage Claimants
2500 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131-2385
Telephone: (305) 374-7580
Facsimile: (305) 374-7593

By: /s/ Allyn S. Danzeisen
    Scott L. Baena (Admitted Pro Hac Vice)
    Allyn J. Danzeisen (Admitted Pro Hac Vice)

681880