IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | **Objection Deadline: August 18, 2004 at 4:00 p.m.** |
| | | **Hearing Date: to be scheduled if necessary** |

FIFTH FEE APPLICATION OF GOODWIN PROCTER LLP, COUNSEL
TO STATE STREET BANK AND TRUST COMPANY AS INVESTMENT
MANAGER AND FIDUCIARY OF THE GRACE STOCK WITHIN
THE GRACE SAVINGS & INVESTMENT PLAN FOR APRIL 2004

| | |
|---|---|
| Name of Applicant: | GOODWIN PROCTER LLP |
| Authorized to Provide Professional Services to: | State Street Bank and Trust Company ("State Street"), Investment Manager and Fiduciary of the Grace Stock within the Grace Savings & Investment Plan |
| Date of Retention: | State Street was engaged by order of the Court dated December 12, 2003. |
| Period for which compensation is sought: | April 2004 |
| Amount of fees and expenses sought as actual, reasonable and necessary: | $25,521.28 |
| This is a(n): | _x_ interim    ___ final application |

The total time expended for the preparation of this application is approximately 1 hour by all professionals for a total of $290.00.

Prior Applications:
1) Fee Application of Goodwin Procter LLP for Period May 1, 2003 Through December 31, 2003 (Dated April 9, 2004)
2) Second Fee Application of Goodwin Procter LLP for January 2004 (Dated May 21, 2004)
3) Third Fee Application of Goodwin Procter LLP for February 2004 (Dated May 21, 2004)
4) Fourth Fee Application of Goodwin Procter LLP for March 2004 (Dated May 21, 2004

LIBC/1981273.1
91100-001\DOCS_DE:47806.1

-1-

DOCS_DE:97607.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | **Objection Deadline: August 18, 2004 at 4:00 p.m.** |
| | | **Hearing Date: to be scheduled if necessary** |

FIFTH FEE APPLICATION OF GOODWIN PROCTER LLP, COUNSEL
TO STATE STREET BANK AND TRUST COMPANY AS INVESTMENT
MANAGER AND FIDUCIARY OF THE GRACE STOCK WITHIN
THE GRACE SAVINGS & INVESTMENT PLAN FOR APRIL 2004

In accordance with the Order Authorizing the Debtors to Retain State Street Bank and Trust Company as Investment Manager and Fiduciary of the Grace Stock within the W.R. Grace Savings & Investment Plan ("State Street") dated December 12, 2003, Goodwin Procter LLP ("Goodwin Procter"), counsel to State Street Bank, hereby submits its fourth interim fee application for allowance of compensation and reimbursement of expenses for April 2004 (the "Application"). In support of this Application, Goodwin Procter respectfully represents as follows:

1. As set forth below, Goodwin Procter requests interim allowance of fees in the aggregate amount of $25,000.00, and actual, reasonable expenses in the aggregate amount of $521.28. These amounts represent fees generated and expenses incurred by Goodwin Procter in April 2004.[1]

2. On April 2, 2001 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors are operating their

---

[1] Actual fees incurred during the month of April were $27,030.50. Pursuant to the Retention Order, however, allowable fees are capped at $25,000 which amount is requested in this Application.

LIBC/1981273.1
91100-001\DOCS_DE:47806.1

-1-

businesses and managing their properties and assets as debtors and debtors-in-possession pursuant to sections 1007(a) and 1108 of the Bankruptcy Code.

3.  On August 18, 2003, the Debtors filed their application seeking entry of an order under sections 105 and 363(b) of the Bankruptcy Code authorizing the Debtors and the Investment and Benefits Committee of W.R. Grace to retain State Street for a period of up to one year, approving the terms of the engagement agreement between W.R. Grace and State Street and approving a limited indemnification of State Street and D&P (the "Retention Order").

4.  The Court entered the Retention Order on December 12, 2003, a copy of which is attached hereto as Exhibit A. The Retention Order provides that, among other things, the professionals utilized by State Street in its engagement shall apply to the Court for payment of their fees and reimbursement of their expenses.

5.  It is pursuant to the Retention Order that Goodwin Procter hereby files its interim fee application. Goodwin Procter submits that the Application substantially complies with the Administrative Order under 11 U.S.C. §§105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, dated May 3, 2001, effective as of April 2, 2001 and (b) the Amended Administrative Order Under 11 U.S.C. §§105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, dated April 17, 2002 as required by the Retention Order. Under the Retention Order, Goodwin Procter's fees after December 31, 2003 are capped at $25,000 per month.

6.  In support of this Application, Goodwin Procter submits the time records and expense summary for April 2004 attached hereto as <u>Exhibit B</u>.

7.  All of the services for which compensation is sought were rendered by Goodwin Procter to State Street solely in connection with this case and in furtherance of the duties and responsibilities of State Street and not on behalf of any creditor or other person.

8.  None of the amounts requested have been paid. No agreement exists between Goodwin Procter and any other person or entity (other than a member of Goodwin Procter) to share any compensation in connection with Goodwin Procter's services on behalf of State Street.

9.  Pursuant to the Amended Administrative Order, Debtors' counsel has served copies of this Application upon (a) David B. Siegel, W.R. Grace & Co.; (b) co-counsel for the Debtors; (c) co-counsel to the debtor-in-possession lender; (d) counsel to the Committees, including counsel for the Official Committee of Unsecured Creditors; counsel to the Official Committee of Asbestos Property Damage Claimants; counsel to the Official Committee of Personal Injury Claimants; and the Official Committee of Equity Holders; (e) the Fee Auditor; and (f) the Office of the United States Trustee.

10. The nature of the work performed by Goodwin Procter during the Application period included the following:

(a)  monitoring the status of, and advising State Street with respect to, the W.R. Grace bankruptcy cases, including all associated adversary proceedings;

(b)  conducting comparative studies of other bankruptcy cases involving asbestos and other mass tort litigation; and

(c)  advising State Street with respect to its obligations and responsibilities under ERISA.

11. Under the Bankruptcy Code, professionals performing services in a bankruptcy case are entitled to "reasonable compensation for actual, necessary services" and "reimbursement for actual, necessary expenses." 11 U.S.C. §330(a)(1)(A).

12. In determining if the amount of compensation is "reasonable," the courts consider the "nature, the extent, and the value" of the services rendered, taking into account the following factors: the time spent on the services; the rates charged for the services; whether the services were necessary or beneficial to the administration of the case; whether the services were performed in a reasonable amount of time commensurate with the complexity, importance and nature of the services; and whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under Chapter 11.

13. The compensation sought herein is based on Goodwin Procter's customary rates, which are in line with the customary rates charged by comparably skilled practitioners in similar cases.

14. Goodwin Procter's services have been rendered in an efficient manner. Goodwin Procter is a well-respected insolvency and business restructuring, litigation and ERISA firm and its fees charged are commensurate with its level of expertise.

15. No prior application for the relief requested herein has been made.

WHEREFORE, Goodwin Procter respectfully requests interim allowance of compensation in the amount of $25,000.00 and reimbursement of expenses in the amount of $521.28 and such other and further relief as this Court deems just and proper.

Dated: July 6, 2004                                         Respectfully submitted,

*Daniel M. Glosband*
Daniel M. Glosband, P.C.
Goodwin Procter LLP
Exchange Place
Boston, Massachusetts 02109

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | | Objection Deadline: August 18, 2004 at 4:00 p.m. |
| | | Hearing Date: to be scheduled if necessary |

**FEE DETAIL FOR GOODWIN PROCTER LLP'S MONTHLY FEE APPLICATION FOR THE PERIOD FROM APRIL 1, 2004 THROUGH APRIL 30, 2004**

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

91100-001\DOCS_DE:47806.1

-1-