UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | § | |
| | § | Chapter 11 |
| W.R. GRACE & CO., et al | § | Jointly Administered |
| | § | Case No. 01-1139 (JJF) |
| Debtors | § | |

FEE AUDITOR'S FINAL REPORT REGARDING
FEE APPLICATION OF PROTIVITI, INC.
FOR THE TWELFTH INTERIM PERIOD

This is the final report of Warren H. Smith & Associates, acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Application of Protiviti, Inc. for the Twelfth Interim Period (the "Application").

BACKGROUND

1.      Protiviti, Inc. (Protiviti) was retained as Sarbanes Oxley compliance advisors for the Debtors. In the Application, Protiviti seeks approval of fees totaling $604,540.00 and expenses totaling $57,358.20 for its services from January 1, 2004, through March 31, 2004.

2.      In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time entries included in the exhibits to the Application, for compliance with Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued January 30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of

Delaware, and the Third Circuit Court of Appeals. We served on Protiviti an initial report based on our review, and received a response from Protiviti, portions of which response are quoted herein.

## DISCUSSION

3.  In our initial report we noted 21 fee entries totaling $2,507.50 that appear to be in the nature of general office overhead and therefore not compensable. The entries in question are provided as Exhibit A. We asked Protiviti to review the exhibit and for each entry explain why the activity described should be compensable. Protiviti responded as follows:

Items 1-18, 20. Time entries totaling 11.7 hours / $2,382.50 that appear to be general office overhead in nature.

**Explanation for items:** Based on the instructions in the Revised Procedures for Interim Compensation, it was Protiviti's understanding that every team member must document those activities related to work performed for the benefit of Grace. As part of that process, time is incurred by every team member documenting activities and reporting that information to the project director for required billing support purposes. Each of the entries in question represent slightly different ways of describing this required activity, and thus should be compensable.

Item 19.  Time entry for Sarah Dilling for .5 hours / $87.50 related to computer setup and checking for client e-mail.

**Explanation for item:** The explanation for this time entry is based on the understanding that, since this time was incurred at the client site and directly affected her ability to perform services for Grace, that it should be compensable.

Item 21.  Time entry for Kina Beale for .25 hours / $37.50 for making travel arrangements.

**Explanation for item:** The explanation for this time entry is based on the understanding that, since this time was incurred for the client's benefit (ensuring a key team leader was present for a meeting) that it should be compensable.

We appreciate the explanations and we concur with Protiviti's understanding of the need to document all activities done for the benefit of the Estate. However, we believe that while preparation of fee applications for bankruptcy courts is customarily compensable, simply keeping descriptive, useful time records for the edification of the client, creditors and court is typically not

compensable. *In re Gillette Holdings, Inc.,* 137 B.R. 475, 482 (Bankr.D.Colo. 1992). We understand that there is a certain amount of editing required to bring time and expense entries into compliance with the Local Rules and to prepare those entries for inclusion in the Application. Still, it appears to us that Protiviti professionals were billing for time spent entering their time, which we view as a simple cost of doing business. For items 1-18 and 20 we therefore recommend a reduction of $2,382.50 in fees. For item 19 we accept the explanation and recommend no reduction. For item 21 we maintain that the making of travel arrangements, regardless of the case-specific necessity, is one of those activities which should also be viewed as the cost of doing business. For item 21 we recommend a reduction of $37.50 in fees. Thus, we recommend a total reduction of $2,420.00 in fees.

## CONCLUSION

4.      Thus, we recommend approval of fees totaling $602,120.00 ($604,540.00 minus $2,420.00) and expenses totaling $57,358.20 for Protiviti's services from January 1, 2004, through March 31, 2004.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES**

By: _____
     Warren H. Smith
     Texas State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 1275
Dallas, Texas  75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 30th day of July, 2004.

_____
     Warren H. Smith

**FEE AUDITOR'S FINAL REPORT** - Page 4
wrg FR Protiviti 12int 1-3.04.wpd

## SERVICE LIST
### Notice Parties

**The Applicant**

Marie Hendrixson
Protiviti, Inc.
The Wanamaker Building
100 Penn Square East
4th Floor
Philadelphia, PA 19107

**The Debtors**

David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**

James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**

Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**

Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**

Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**

Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**

Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801

Exhibit A

| Date | Description | Hours | Amount |
|---|---|---|---|
| 25-Feb-04 | Prepare details in apprvd template format for Jan 04 time and expenses incurred for billing docs and support | 1.5 | $ 412.50 |
| 10-Feb-04 | Tracking and reporting of time spent on Grace for bankruptcy reporting | 0.3 | 67.50 |
| 11-Feb-04 | Tracking and reporting of time spent on Grace for bankruptcy reporting | 0.2 | 45.00 |
| 12-Feb-04 | Tracking and reporting of time spent on Grace for bankruptcy reporting | 0.3 | 67.50 |
| 13-Feb-04 | Tracking and reporting of time spent on Grace for bankruptcy reporting | 0.3 | 67.50 |
| 17-Feb-04 | Tracking and reporting of time spent on Grace for bankruptcy reporting | 0.4 | 90.00 |
| 18-Feb-04 | Tracking and reporting of time spent on Grace for bankruptcy reporting | 0.3 | 67.50 |
| 19-Feb-04 | Tracking and reporting of time spent on Grace for bankruptcy reporting | 0.3 | 67.50 |
| 20-Feb-04 | Tracking and reporting of time spent on Grace for bankruptcy reporting | 0.3 | 67.50 |
| 23-Feb-04 | Tracking and reporting of time spent on Grace for bankruptcy reporting | 0.3 | 67.50 |
| 24-Feb-04 | Tracking and reporting of time spent on Grace for bankruptcy reporting | 0.2 | 45.00 |
| 25-Feb-04 | Tracking and reporting of time spent on Grace for bankruptcy reporting | 0.2 | 45.00 |
| 26-Feb-04 | Tracking and reporting of time spent on Grace for bankruptcy reporting | 0.3 | 67.50 |
| 27-Feb-04 | Tracking and reporting of time spent on Grace for bankruptcy reporting | 0.3 | 67.50 |
| 18-Mar-04 | Track Grace time and expenses | 2.0 | 350.00 |
| 15-Mar-04 | Update time | 0.50 | 87.50 |
| 15-Mar-04 | Document and Report time | 0.50 | 87.50 |
| 16-Mar-04 | Send Time and Expenses to Victor Blanchard for 3/15 pay period | 0.50 | 87.50 |
| 31-Mar-04 | Setup computer and check for client e-mail | 0.50 | 87.50 |

| | | | |
|---|---|---|---|
| 31-Mar-04 | Compute Time and Expenses for pay period end | 3.00 | 525.00 |
| 30-Mar-04 | Make Travel Arrangements for Lynn Bruneau | 0.25 | 37.50 |