## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., et al., | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

## FEE AUDITOR'S FINAL REPORT REGARDING
## FEE APPLICATION OF STROOCK & STROOCK & LAVAN, LLP
## FOR THE TWELFTH INTERIM PERIOD

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Twelfth Interim Fee Application of Stroock & Stroock & Lavan, LLP (the "Application").

### BACKGROUND

1.   Stroock & Stroock & Lavan, LLP ("Stroock") was retained as counsel to the Official Committee of Unsecured Creditors. In the Application, Stroock seeks approval of fees totaling $254,857.00 and costs totaling $9,965.36 for its services from January 1, 2004, through March 31, 2004, as well as payment of fees and costs of $83,147.07 for Chambers Associates Incorporated ("Chambers"), an asbestos issues expert[1].

2.   In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time entries included in the exhibits to the Application, for compliance with 11 U.S.C. 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended

---

[1] We do not review the fees and expenses of Chambers per Stroock's request.

**FEE AUDITOR'S FINAL REPORT** - Page 1
wrg FR Stroock 12int 1-3.04.wpd

Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued January 30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served on Stroock an initial report based on our review, and received a response from Stroock, portions of which response are quoted herein.

## DISCUSSION

3.      In our initial report, we noted that on March 31, 2004, four firm members attended a meeting. The total time spent including any preparation time was 28.80 hours for a total fee of $16,970.00. The entries are provided below.

| Date | Init. | Hours | Description |
|---|---|---|---|
| 03/25/03 | AK | 3.80 | ..........; attend to review of materials for Committee meeting including Debtors' September 2003 plan proposal (2.3). |
| 03/26/04 | AK | 4.20 | .........; review materials for Committee meeting (1.0). |
| 03/26/04 | AK | 0.30 | Review Navigant draft presentation to Committee (.3). |
| 03/29/04 | AK | 5.50 | ........; attend to review of materials for meeting (1.8);....... |
| 03/30/04 | AK | 3.60 | ..........; attend to documents for 3/31/04 meeting (.9);........ |
| 03/31/04 | MG | 4.60 | Review presentation and materials in preparation for company presentation (.9); attend meeting with Company and Creditor Committee (3.7). |
| 03/31/04 | AK | 5.10 | Attend to extended Committee meeting, Debtors' presentation regarding 2004 business plan, plan preparation, other matters (5.1). |
| 03/31/04 | LK | 5.60 | Creditor committee conference prior to meeting with Debtors considering future claims, Zonolte and Seal ed Air settlement (.8); Creditor Committee conference with Debtors regarding Debtors' financial performance, business plan, future claims |

         representative, asbestos issues, environmental issues and related matters (3.0); Committee meeting with Navigant presentation, discussion of future representation, analysis of Debtors' financial performance, Sealed Air settlement and tax issues (1.8).

| 03/31/04 | KP | 6.90 | Preparation for and Creditors' Committee meeting, including joint meeting with WR Grace (5.8);......... |
|---|---|---|---|
| 03/30/04 | KP | 1.40 | Attention to memos from M. Neidell, M. Greenberg and related Sealed Air issues in preparation for Committee meeting (1.4). |

We asked Stroock to explain each participant's role in the meeting and why it was necessary for four firm members to attend. Stroock's response is provided as Response Exhibit 1. We accept the explanation and offer no objection to these fees.

  4.  We noted a local transportation charge of $100.47 on January 8, 2004, that is lacking in supporting detail and may be excessive. The entry is provided below.

| 01/08/2004 | Elite Limousine KRUGER 12/11/03 16:38 from 767 3 AVE to PIERRE HOTEL | 100.47 |
|---|---|---|

We asked Stroock to explain how the expense relates specifically to this estate and why more reasonably priced transportation was not available. Stroock responded as follows:

> This expense was charged erroneously to this client. Stroock will therefore reduce the expenses it is requesting by $100.47.

We appreciate the correction and thus recommend a reduction of $100.47 in expenses.

  5.  We noted two airfare charges of $1,159.20 on March 17, 2004 that lack sufficient detail. The entries are provided below.

| 3/17/2004 | AMEX EICHLER/MARK LGA PBI LGA on 02/12/2004 | 1,159.20 |
|---|---|---|
| 3/17/2004 | AMEX EICHLER/MAYER LGA PBI LGA on 02/12/2004 | 1,159.20 |


We asked Stroock to confirm that both airfares were booked for coach or economy class. Stroock did so confirm and we offer no objection to these expenses.

## CONCLUSION

6.    Thus we recommend approval of fees totaling $254,857.00 and costs totaling $9,864.89 ($9,965.36 minus $100.47) for Stroock's services from January 1, 2004, through March 31, 2004. We make no recommendation regarding payment of fees and costs of $83,147.07 for Chambers Associates Incorporated.

                        Respectfully submitted,

                        **WARREN H. SMITH & ASSOCIATES, P.C.**

By: _/s/ Warren H. Smith_
                        Warren H. Smith
                        Texas State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 1275
Dallas, Texas 75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 30th day of July, 2004.

                                                Warren H. Smith

## SERVICE LIST
### Notice Parties

**The Applicant**

Lewis Kruger
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, New York 10038-4982

Alexandra Caskadon
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, New York 10038-4982

**The Debtors**

David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**

James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**

Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**

Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**

Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**

Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**

Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801


Response Exhibit 1

The Report notes that on March 31, 2004, four counsel from the firm attended a meeting and seeks an explanation of each participant's role in the meeting and why such counsel needed to attend. (Report at paragraph 3).

As a general response, Stroock states it has informed the Fee Auditor on several prior occasions that the issues in these cases require from time to time the expertise of professionals from different disciplines within Stroock and depending upon the needs of the particular matter at issue, professionals at different levels of responsibility within the same legal discipline. As reflected by the time records generally, Mr. Kruger, a senior partner in the bankruptcy department, while certainly knowledgeable about the day to day motions filed in these cases, focuses on global and all long term plan and chapter 11 strategy and emergence issues, as well as chapter 11 issues of material importance to the Committee. Mr. Pasquale, a partner in the litigation department, focuses upon all of the asbestos claim-related and Sealed Air litigation-related issues in these cases, and is necessarily involved in plan and emergence issues given the importance of those issues to plan and emergence matters. Mr. Greenberg, a partner in the tax department, provides his expertise and advice to all tax-related issues that arise in these cases including those involved in the proposed Sealed Air settlement agreement, in various operation-related transactions, in governmental claims and audit-related matters and in plan issues. Ms. Krieger has the day to day responsibility for these cases including review of all motions and pleadings filed in these cases, prepares many of the memoranda for the Committee and is expected to provide bankruptcy-related services with respect to plan and emergence issues. It is Stroock's position that each of these professionals play necessary but distinct roles in the proceedings which are not duplicative and for whose services Stroock should be compensated in full.

The March 31, 2004 Committee meeting held in New York was attended by each of the above mentioned counsel from Stroock. The Report states that such counsel billed an aggregate amount of $16,970.00 for 28.80 hours of time in connection with preparing for and participating in the meeting. The meeting was lengthy, lasting in excess of five (5) hours, and involved presentations from the Debtors on numerous matters and separate discussions with the Committee and its representatives both prior to and following the Debtors' presentations. The time detail for March 31, 2004 reflects the breadth of the matters the Debtors addressed with the Committee including the Debtors' 2004 business plan and 2003 financial performance, the appointment of a futures representative, asbestos claims-related issues including the ZAI litigation and related settlement discussions, the Sealed Air settlement and COLI tax matters, and proposed plan and emergence issues. During its Committee only meetings not only were those matters discussed, but Navigant Consulting, Inc., the Committee's asbestos-issues expert, made a presentation to the Committee on asbestos liability-related matters. Given the asbestos-related, tax-related and plan and emergence-related chapter 11 issues addressed during the March 31, 2004 meeting, it is imminently understandable why attorneys from different disciplines and at different levels would be required at this extended Committee meeting to properly meet the needs of the Creditors' Committee. Stroock believes that the attendance of all of the counsel present at the March 31, 2004 meeting was appropriate, and that allowance of the compensation sought with respect to such services should be granted in its entirety.