## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. Grace & Co., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | Objection deadline: September 10, 2004 at 4:00 p.m. |
| | | Hearing date: September 27, 2004 at 12:00 p.m. |

## THIRTEENTH QUARTERLY FEE APPLICATION OF
## DUANE MORRIS LLP FOR COMPENSATION FOR SERVICES RENDERED AND
## REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE OFFICIAL COMMITTEE
## OF UNSECURED CREDITORS FOR THE PERIOD
## FROM APRIL 1, 2004 THROUGH AND INCLUDING JUNE 30, 2004

| Applicant: | Duane Morris LLP |
|---|---|
| Professional Services To: | Official Committee of Unsecured Creditors |
| Date of Retention: | Effective April 17, 2001 (Order entered June 21, 2001) |

---

[1]The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings. Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA  Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, and H-G Coal Company.

| | |
|---|---|
| Period For Which Compensation And Reimbursement Is Sought: | <u>April 1, 2004 to June 30, 2004</u> |
| Amount of Compensation Sought As Actual, Reasonable And Necessary: | $77,218.00 |
| Amount of Expense Reimbursement Sought As Actual, Reasonable And Necessary: | $3,909.57 |

This is an interim fee application.

WLM\199362.1

## PRIOR APPLICATIONS:

## Monthly Interim Fee Applications

| | | Requested | | Approved for Payment | |
|---|---|---|---|---|---|
| Date Filed | Period Covered | Fees | Expenses | Fees | Expenses |
| August 30, 2001 | 7/1/01-7/31/01 | $9,490.50 | $1209.90 | $7,592.40 | $1,209.90 |
| February 5, 2002 (combined 2nd and 3rd applications) | 8/1/01 – 9/30/01 | $12,885.00 | $7,903.44 | $10,308.00 | $7,903.44 |
| February 11, 2002 (combined 4th, 5th and 6th applications) | 10/1/01 – 12/31/01 | $17,349.50 | $3,436.30 | $13,879.60 | $3,436.30 |
| March 28, 2002 | 1/1/02–1/31/02 | $13,454.50 | $776.18 | $10,763.60 | $776.18 |
| May 16, 2002 | 2/2/02–2/28/02 | $16,428.50 | $3,859.31 | $13,142.80 | $3,859.31 |
| May 16, 2002 | 3/1/02-3/31/02 | $8,876.50 | $478.10 | $7,101.20 | $478.10 |
| August 28, 2002 | 4/1/02 – 6/30/02 | $50,323.00 | $4,181.96 | $40,258.40 | $4,181.96 |
| October 24, 2002 | 7/1/02 – 9/30/02 | $89,953.00 | $8,038.01 | $89,652.00 | $8,038.01 |
| March 28, 2003 (Combined and prepared as a quarterly application.) | 10/1/02 – 12/31/02 | $61,880.50 | $3,757.47 | (Refer to Quarterly Application Chart below for further details.) | |
| March 31, 2003 | 1/1/03 – 1/31/03 | $9,834.00 | $1,066.57 | $7,867.20 | $1,066.57 |

WLM\199362.1

| March 31, 2003 | 2/1/03 – 2/28/03 | $12,454.00 | $96.87 | $9,963.20 | $96.87 |

WLM\199362.1

| | | Requested | | Approved for Payment | |
|---|---|---|---|---|---|
| June 18, 2003 | 3/1/03 – 3/31/03 | $10,612.90 | $252.18 | $8,490.32 | $252.18 |
| June 19, 2003 | 4/1/03 - 4/30/03 | $13,689.00 | $2,335.98 | $10,951.20 | $2,335.98 |
| July 21, 2003 | 5/1/03 - 5/31/03 | $11,483.00 | $697.27 | $9,186.40 | $697.27 |
| September 18, 2003 | 6/1/03 - 6/30/03 | $7,691.50 | $756.70 | $6,153.20 | $756.70 |
| September 18, 2003 | 7/1/03 - 7/31/03 | $14,784.00 | $87.89 | $11,827.20 | $87.89 |
| September 18, 2003 | 8/1/03 - 8/31/03 | $10,760.00 | $1.50 | $8,608.00 | $1.50 |
| October 20, 2003 | 9/1/03 – 9/30/03 | $14,496.50 | $262.21 | $11,597.20 | $262.21 |
| January 29, 2004 | 10/1/03 – 10/31/03 | $31,068.50 | $342.06 | $24,854.80 | $342.06 |
| January 29, 2004 | 11/1/03 – 11/30/03 | $13,101.50 | $193.46 | $10,481.20 | $193.46 |
| January 29, 2004 | 12/1/03 – 12/31/03 | $20,454.50 | $221.26 | $16,363.60 | $221.26 |
| June 22, 2004 | 1/1/04 – 1/31/04 | $22,612.50 | $872.84 | $18,090.00 | $872.84 |
| June 22, 2004 | 2/1/04 – 2/29/04 | $11,260.50 | $489.46 | $9,008.40 | $489.46 |
| June 22, 2004 | 3/1/04 – 3/31/04 | $11,766.00 | $16.05 | $9,412.80 | $16.05 |

WLM\199362.1

| June 28, 2004 | 4/1/04- 4/30/04 | $16,984.50 | $980.26 | $13,587.60 | $980.26 |
| June 30, 2004 | 5/1/04 – 5/31/04 | $32,817.00 | $2,190.53 | $26,253.60 | $2,190.53 |

**Quarterly Fee Applications**

| | | Requested | | Approved | |
|---|---|---|---|---|---|
| Date Filed | Period Covered | Fees | Expenses | Fees | Expenses |
| August 30, 2001 | 4/17/01-6/30/01 | $41,314.50 | $4,026.77 | Fees approved for a combined total of $68,886.50 | $4,026.77 |
| February 5, 2002 | 7/01/01 – 9/30/01 | $22,375.50 | $9,113.34 | | $9,113.34 |
| February 11, 2002 | 10/01/01 – 12/31/01 | $17,349.50 | $3,436.30 | | $3,436.30 |
| May 16, 2002 | 1/1/02 – 3/31/02 | $38,759.50 | $5,113.59 | $37,486.50 | $5,113.59 |
| November 7, 2002 | 4/1/02 – 6/30/02 | $50,323.00 | $4,181.96 | $49,098.00 | $4,181.96 |
| October 24, 2002 | 7/1/02 – 9/30/02 | $89,953.00 | $8,038.01 | $89,652.00 | $8,038.01 |
| March 28, 2003 | 10/1/02 – 12/31/02 | $61,880.50 | $3,757.47 | $61,880.50 | $3,757.47 |
| June 23, 2003 | 1/1/03 - 3/31/03 | $32,900.90 | $1,415.62 | $32,900.90 | $1,319.72 |
| September 18, 2003 | 4/1/03 - 6/30/03 | $32,863.50 | $3,789.95 | $32,863.50 | $3,789.95 |
| January 29, 2004 | 7/1/03 – 9/30/03 | $40,040.50 | $351.60 | $40,040.50 | $351.60 |
| April 16, 2004 | 10/1/03 – 12/31/03 | $64,624.50 | $756.78 | $64,624.50 | $756.78 |
| July 2, 2004 | 1/1/04 – 3/31/04 | $45,639.00 | $1,378.35 | | |

WLM\199362.1

## Attachment "A"

### SUMMARY OF TIME AND THE HOURLY RATES CHARGED BY THE APPLICANT FOR ITS ATTORNEY AND PARALEGAL TIME FOR THE PERIOD FROM APRIL 1, 2004 THROUGH AND INCLUDING JUNE 30, 2004

|  | Year Admitted | Rate Per Hour | No. of Hours | Total Value |
|---|---|---|---|---|
| William S. Katchen ("WS KATCHEN"), Partner | 1965 | $545.00 | 81.00 | $44,145.00 |
| Michael R. Lastowski ("MR LASTOWSKI"), Partner | 1980 | $495.00 | 46.20 | $22,869.00 |
| Richard W. Riley ("RW RILEY"), Partner | 1988 | $385.00 | 3.30 | $1,270.50 |
| Joseph H. Lemkin ("JH LEMKIN") Associate | 1994 | $295.00 | .80 | $236.00 |
| Christopher M. Winter ("CM WINTER") Associate | 2001 | $275.00 | .40 | $110.00 |
| Rasheena A. Harris ("RA HARRIS") | 2003 | $220.00 | 6.80 | $1,496.00 |
| David M. Speers ("DM SPEERS"), Paralegal | N/A | $190.00 | 8.30 | $1,577.00 |
| Shelley A. Caban ("SA CABAN"), Paralegal | N/A | $170.00 | 17.90 | $3,043.00 |
| Virginia L. Akin ("VL AKIN") Paralegal | N/A | $170.00 | 11.20 | $1,904.00 |
| PA Siebel, Jr. ("PA SIEBEL, JR.") Paralegal | N/A | $160.00 | .20 | $32.00 |
| Carolyn B. Fox ("CB FOX") Paralegal | N/A | $170.00 | .70 | $119.00 |
| Rachel Deely ("R Deely") Legal Assistant | N/A | $105.00 | 1.10 | $115.50 |
| Vanessa Marchello ("V MARCHELLO"), Legal Assistant | N/A | $80.00 | 2.20 | $176.00 |

WLM\199362.1

| Alison T. Ash ("AT ASH") Legal Assistant | N/A | $125.00 | 1.0 | $125.00 |
|---|---|---|---|---|
| **BLENDED RATE** | | **$426.38** | | |
| **GRAND TOTAL** | | | **181.10** | **$77,218.00** |

WLM\199362.1

## COMPENSATION BY PROJECT CATEGORY

| DESCRIPTION | HOURS | AMOUNT |
|---|---|---|
| Asset Analysis and Recovery ("001") | 4.30 | $2,343.50 |
| Asset Disposition ("002") | .10 | $49.50 |
| Business Operations ("003") | 1.80 | $891.00 |
| Case Administration ("004") | 13.90 | $2,761.50 |
| Claim Analysis, Objection, Resolution and Estimation (Asbestos) ("005") | 79.0 | $41,982.00 |
| Claim Analysis, Objection, Resolution and Estimation (Non-Asbestos) ("006") | .20 | $99.00 |
| Committees (All-Inclusive) ("007") | 21.50 | $10,612.50 |
| Employment Applications, Applicant ("009") | 6.90 | $1,949.50 |
| Employment Applications (Others) ("010") | 8.90 | $3,710.50 |
| Fee Applications (Applicant) ("012") | 15.70 | $2,992.50 |
| Fee Applications (Others) ("013) | 5.80 | $1,091.50 |
| Financing ("014") | .40 | $198.00 |
| Hearings ("015") | 12.60 | $4,302.00 |
| Litigation and Litigation Consulting ("016") | 1.70 | $354.00 |
| Plan and Disclosure Statement ("017") | 1.90 | $940.50 |
| Relief from Stay Proceedings ("018") | 4.20 | $2,079.00 |
| Other ("025") | 1.0 | $268.00 |
| Fraudulent Conveyance Adv. Proceeding ("030") | 1.20 | $594.00 |
| **TOTAL:** | **181.10** | **$77,218.00** |

WLM\199362.1

## EXPENSE SUMMARY

| CATEGORIES | PROVIDER | EXPENSES |
|---|---|---|
| Telephone | N/A | $21.02 |
| Postage | | $1.75 |
| Printing and Duplicating | N/A | $1,804.21 |
| Printing and Duplicating - Internal | N/A | $22.65 |
| Telecopier | N/A | $333.45 |
| Document Retrieval Costs | N/A | $87.69 |
| Document E-Filing | | $130.70 |
| Messenger Service | | $1,045.98 |
| Meeting Expense | N/A | $30.13 |
| Legal Research | Lexis Nexis/Westlaw | $268.90 |
| Overnight Mail | Federal Express/UPS | $99.33 |
| Overtime Related Costs | N/A | $63.76 |
| **TOTAL** | | **$3,909.57** |

WLM\199362.1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. Grace & Co., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Objection deadline September 10, 2004 at 4:00 p.m.** |
| | | **Hearing date: September 27, 2004 at 12:00 p.m.** |

## THIRTEENTH QUARTERLY APPLICATION OF DUANE MORRIS LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM APRIL 1, 2004 THROUGH AND INCLUDING JUNE 30, 2004

Duane Morris LLP (the "Applicant"), co-counsel to the Official Committee of Unsecured

Creditors (the "Committee"), for its Thirteenth Quarterly Application of Duane Morris LLP for

Compensation for Services Rendered and Reimbursement of Expenses as Counsel to the Official

Committee of Unsecured Creditors for the Period From April 1, 2004 Through and Including

June 30, 2004 (the "Application"), respectfully represents and alleges:

## I. INTRODUCTION

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings. Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, and H-G Coal Company.

WLM\199362.1

1.    Applicant makes this Application for payment of professional services rendered and expenses incurred in its representation of the Committee as provided under §§ 330 and 331 of title 11 of the United States Code ("Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), the applicable local rules of this Court and the Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members entered by this Court on April 17, 2002 (Docket No. 1949) (the "Administrative Order").

2.    Applicant, in its Application, seeks an award of compensation in the amount of $77,218.00 for 181.10 hours of professional services rendered from April 1, 2004 through and including June 30, 2004 (the "Compensation Period"); and reimbursement of disbursements actually and necessarily incurred in the amount of $3,909.57 during the Compensation Period. Detailed documentation for compensation for services rendered and expense reimbursement requested is attached hereto as Exhibit "C".

## II. BACKGROUND

3.    On April 2, 2001 (the "Petition Date"), the Debtors commenced their reorganization cases by filing voluntary petitions for relief under chapter 11 title 11 of the United States Code, 11 U.S.C. §§101 et seq. (the "Bankruptcy Code").

4.    The Debtors have continued in possession of their properties and have continued to operate and manage their businesses as debtors-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code. Pursuant to an order of the Court, the Debtors chapter 11 cases have been procedurally consolidated and are being jointly administered.

5.    The Debtors operate a world wide specialty chemicals and materials business

-17-

predominately through two business units, Davison Chemicals and Performance Chemicals. The Debtors employ approximately 3860 full-time employees. On a consolidated basis, for the fiscal year 2000, Grace reported a net loss of $89.7 million from $1.59 billion in net revenues. The Debtors' bankruptcy filings report that in fiscal year 2000, on a consolidated basis, Grace's sales are generated approximately 50% by the Debtors and 50% by the Debtors' non-debtor subsidiaries and affiliates.

6.      Grace, as the Debtors' parent company, is a global holding company that conducts substantially all of its business through a direct, wholly owned subsidiary of W.R. Grace & Co.-Conn ("Grace-Conn"). Grace-Conn owns substantially all of the assets, properties and rights of Grace in the United States. Grace and Grace-Conn have 76 domestic subsidiaries and affiliates, 60 of which are debtors and debtors-in-possession in these chapter 11 cases and 71 foreign-non-debtor subsidiaries and affiliates. Prior to the Petition Date, the Debtors' non-debtor foreign subsidiaries and affiliates received credit support and loans for their operations from their respective domestic parent companies.

7.      On April 22, 2001, the United States Trustee formed the Committee consisting of the following members: J.P. Morgan Chase & Co., ABN AMRO Bank N.V., Bank of America, N.A., The Bank of New York, as indenture Trustee, Bankers Trust Company, as indenture Trustee, First Union National Bank, Sealed Air Corporation, Wachovia Bank N.A., and Zhagrus Environmental, Inc. During the first meeting of the Committee on April 22, 2001, the Committee duly selected Stroock, Stroock & Lavan, LLP as its counsel to represent the Committee in all matters during the pendency of the Debtors' chapter 11 cases.

8.      The Committee, thereafter, requested the assistance of Duane Morris LLP,[2] with an office located at 1100 North Market Street, Suite 1200, Wilmington, DE 19801, to act as local

---

[2] Duane Morris LLP was formerly known as Duane, Morris & Heckscher, LLP.

WLM\199362.1

counsel to the Committee during the pendency of the Debtors' chapter 11 cases.

### III. PROFESSIONAL SERVICES RENDERED

9.     Applicant is seeking compensation for services performed on behalf of or for the Committee, and not on behalf of any debtor, creditor or other person.

10.     Applicant has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with this case. There is no agreement or understanding between Applicant and any other person for the sharing of compensation to be received for services rendered in this case.

11.     In accordance with the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and the Administrative Order and amendments thereto, to assist the Court, the Debtor, the United States Trustee, the Official Committee of Unsecured Creditors and other parties in interest in evaluating this Application, the primary services performed by Applicant during the Compensation Period are summarized in Exhibit "A." This summary reflects the performance of certain services which were necessary and essential in assisting the Committee, all of which required the special attention, efforts and skill of the Applicant.

12.     During the Compensation Period, Applicant provided significant professional services to the Committee in connection with this chapter 11 case.  These services included, among other things, assisting, advising and representing the Committee with respect to the following matters: (i) the administration of this case and the exercise of oversight with respect to the Committee; (ii) preparation and review on behalf of the Committee of applications, motions, memoranda, orders, reports and other legal papers; (iii) appearances in court and at meetings to represent the interests of the Committee; (iv) research and investigation; (v) communication with

WLM\199362.1

the Committee's constituents and others; and (vi) the performance of all of the Committee's duties and powers under the Bankruptcy Code and the Bankruptcy Rules and the performance of such other services as were in the interests of those represented by the Committee.

13.    In accordance with the Local Rules and the Administrative Order, a summary sheet of the attorneys and their corresponding initials, billing rates, the number of hours incurred by each, the services performed by each and a summary of the necessary disbursements incurred is annexed hereto. Hourly rates reflect what Applicant generally charges its non-bankruptcy clients for similar services.

14.    In accordance with the Local Rules and the Administrative Order, a computerized printout of the Applicant's itemized time records and disbursements ("Time Records"), necessarily incurred in the performance of Applicant's duties as co-counsel to the Committee, is annexed hereto as Exhibit "C". The Applicant has ordered the entries in its Time Records into various categories in accordance with the guidelines issued by the Office of the United States Trustee.

15.    It is Applicant's policy to charge its clients in all areas of practice for identifiable non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. Applicant has photocopying performed by an outside service whose rates range from $0.11 to $0.15 per page. Applicant charges $0.15 per page for internal printing and duplicating and $.95 per page for outgoing telecopy services.

16.    Applicant has worked closely with the Debtor, the Committee, the Debtor's advisors, and other professionals in the case to avoid unnecessary duplication of the services charged  to the Committee.

17.    A certification pursuant to Del. Bankr. LR 2016-2(f)  is annexed hereto as Exhibit

WLM\199362.1

"B."

## IV. CONCLUSION

18. Applicant has necessarily and properly expended 181.10 hours of service in performance of its duties as counsel to the Committee during the Compensation Period. Accordingly, Applicant respectfully requests a fee allowance for professional services rendered in the amount of $77,218.00.

19.     Applicant also respectfully requests reimbursement of disbursements actually and necessarily incurred in the amount of $3,909.57 during the Compensation Period.

20.     Although every effort has been made to include all fees and expenses incurred during the Compensation Period in this Application, some fees and expenses from the Compensation Period might not be included in the Application due to the delays caused by accounting and processing procedures. Applicant reserves the right to make further application to the Court for allowance of fees and expenses not included herein. As to fees and expenses incurred after June 30, 2004, Applicant will file subsequent fee applications in accordance with the Bankruptcy Code, the Bankruptcy Rules, the applicable local rules, the Administrative Order and any other procedures established by this Court.

WHEREFORE, Applicant respectfully requests an interim award of compensation for professional services rendered as counsel to the Committee during the Compensation Period in the sum of $77,218.00, and reimbursement of disbursements actually and necessarily incurred in

WLM\199362.1

the amount of $3,909.57 during the Compensation Period, and for such other and further relief as this Court deems just and proper.

Dated: July 30, 2004

_Michael R. Lastowski (DE I.D. No. 3892)_
DUANE MORRIS LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246
Telephone:  (302) 657-4900
Facsimile:  (302) 657-4901
E-mail:      mlastowski@duanemorris.com

*Co-Counsel to the Official Committee
of Unsecured Creditors*

WLM\199362.1

**EXHIBIT "A"**

## SUMMARY OF THE PRINCIPAL SERVICES PERFORMED BY THE APPLICANT ON BEHALF OF THE COMMITTEE BY WORK/LITIGATION TASK CODE FOR THE PERIOD FROM APRIL 1, 2004 THROUGH AND INCLUDING JUNE 30, 2004

### I.   ASSET ANALYSIS AND RECOVERY (TASK CODE NO. 001)

Applicant reviewed Sealed Air Motion and Exhibits for Reconsideration Strategy on Bankruptcy Court's Decision.

### II.   ASSET DISPOSITION (TASK CODE NO. 002)

Applicant reviewed Debtor's quarterly report of asset sales.

### III.   BUSINESS OPERATIONS (TASK CODE NO. 003)

Applicant reviewed monthly operating reports of the Debtor.

### IV.   CASE ADMINISTRATION (TASK CODE NO. 004)

Applicant maintained the case calendar and the critical dates list, reviewed the agenda for various court hearings, filed with the court certain documents and pleadings and monitored the docket. Further, Applicant responded to inquiries from interested parties as to the status of various matters.

### V.   CLAIM ANALYSIS, OBJECTION, RESOLUTION & ESTIMATION (ASBESTOS)(TASK CODE NO. 005)

Applicant provided advice and counsel regarding issues involving claims.

### VI.   COMMITTEE - ALL - CREDITORS', NOTEHOLDERS', EQUITY HOLDERS' (TASK CODE NO. 007)

Applicant reviewed and monitored filings related to the recusal of Judge Wolin, and various submissions to the Third Circuit Court. Applicant also reviewed case status reports from other asbestos related committees.

### VII.   EMPLOYMENT APPLICATIONS, APPLICANT (TASK CODE 009)

Applicant spent time preparing, filing and serving monthly and quarterly fee applications for the applicant.

WLM\199362.1

## VIII.   EMPLOYMENT APPLICATIONS (OTHERS) (TASK CODE NO. 010)

Applicant spent time on issues surrounding the retention of Capstone Recovery and reviewing retention applications filed by the Debtors.

## IX.   FEE APPLICATIONS (APPLICANT) (TASK CODE NO. 012)

Applicant prepared and coordinated the service and filing of its fees applications in the case. Applicant also responded to inquiries of the Fee Auditor and the Court regarding these fee applications.

## X.   FEE APPLICATIONS (OTHERS) (TASK CODE NO. 013)

Applicant assisted in the preparation, and coordinated the service and filing of fee applications of other professionals, including Stroock & Stroock & Lavan and FTI Policano & Manzo.

## XI.   FINANCING (TASK CODE NO. 014)

Applicant reviewed Debtor's motion to make certain advances to subsidiary in connection with the Alltech Acquisition.

## XII.   HEARINGS (TASK CODE NO. 015)

Applicant prepared for and attended various hearings for the benefit of the Committee as necessary.

## XIII.   LITIGATION AND LITIGATION CONSULTING (TASK CODE NO. 016)

From its appointment, Applicant has provided critical services to the Committee with regards to litigation, and helped to coordinate the actions of several of the other professionals retained by the Committee in order to achieve a unified and organized response to all outstanding litigation.

## XIV.   PLAN AND DISCLOSURE STATEMENT (TASK CODE NO. 017)

Applicant spent time in conferences regarding extension of exclusivity and reviewed potential plan issues.

## XV.   RELIEF FROM STAY PROCEEDINGS (TASK CODE NO. 018)

Applicant reviewed and monitored various motions seeking relief from automatic stay.

## XVI.   OTHER (TASK CODE NO. 025)

Applicant conducted research on 363(f) issues and reviewed orders regarding transfer of matter to alternative District Court Judge.

WLM\199362.1

## XVII. FRADULENT CONVEYANCE ADV. PROCEEDING (TASK CODE NO. 30)

Applicant reviewed Sealed Air Corporation and Cryovac, Inc.'s motion for an order vacating Judge Wolin's July 2002 order regarding in limine standards.

-25-

# EXHIBIT "B"

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. Grace & Co., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |

## AFFIDAVIT OF MICHAEL R. LASTOWSKI

| | |
|---|---|
| STATE OF DELAWARE | ) |
| | ) SS |
| NEW CASTLE COUNTY | ) |

Michael R. Lastowski, being duly sworn, deposes and says:

1.      I am a partner at the law firm of Duane Morris LLP, counsel for the Official Committee of Unsecured Creditors (collectively, the "Committee").

2.      I have read the *Thirteenth Quarterly Application of Duane Morris LLP for Compensation for Services Rendered and Reimbursement of Expenses as Counsel to the Official Committee of Unsecured Creditors for the Period from April 1, 2004 Through And Including June 30, 2004* (the "Application"), and know the contents thereof. The same are true to the best of my knowledge, except as to matters therein alleged to be upon information and belief, and as to those matters, I believe them to be true. I am familiar with all work performed on behalf of the Committee by the attorneys and para-professionals in the firm of Duane Morris LLP.

Dated: July 30, 2004

_____
Michael R. Lastowski

SWORN TO AND SUBSCRIBED before me this 30th day of July, 2004.

ALISON T. ASH
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires Sept. 15, 2006

_____
Notary Public

-27-