IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

**Objection deadline: September 10, 2004 at 4:00 p.m.**
**Hearing date: September 27, 2004 at 12:00 p.m.**

## DEBTORS' APPLICATION FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§ 327(a) AND 328(a) AND FED. R. BANKR. P. 2014(a), 2016 AND 5002 AUTHORIZING THE EMPLOYMENT AND RETENTION OF DELOITTE CONSULTING LLP AS COMPENSATION ADVISORS TO THE DEBTORS NUNC PRO TUNC TO JULY 1, 2004

The above-captioned debtors and debtors in possession (the "Debtors") hereby submit this Application (this "Application") for Entry of an Order Pursuant to 11 U.S.C §§ 327(a) and 328(a) and Fed. R. Bankr. P. 2014(a), 2016 and 5002 Authorizing the Employment and Retention of Deloitte Consulting LLP ("Deloitte Consulting") as Compensation Advisors to

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

the Debtors <u>Nunc Pro Tunc</u> to July 1, 2004. Attached hereto as Exhibit A is the affidavit of Steven Kraus filed in support of this Application (the "Kraus Affidavit").

## Jurisdiction

1.  The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (O). Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought herein is section 327(a) of the Bankruptcy Code and Fed. R. Bank. P. 2014(a).

## Background

2.  On April 2, 2001 (the "Petition Date"), the Debtors each commenced with the Court a voluntary case under Chapter 11 of Title 11, United States Code (the "Bankruptcy Code") and such cases have been ordered jointly administered. The Debtors continue to be authorized to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.  The Application of the Debtors for Entry of an Order Pursuant to 11 U.S.C. §§ 327(a) and 328(b) and Fed. R. Banker. P. 2014(a), 2016 and 5002 Authorizing the Employment and Retention of Deloitte & Touche LLP ("Deloitte & Touche") as Customs Services Providers, and Tax and Compensation Advisors to the Debtors Nunc Pro Tunc to February 4, 2003 (the "Deloitte & Touche Retention Application") was filed by the Debtors on April 25, 2003. The affidavit of Larry D. Ishol (the "Ishol Affidavit") was filed in support of the Deloitte & Touche Retention Application. The order (the "Deloitte & Touche Retention

Order") approving the Deloitte & Touche Retention Application was entered by the Court on June 17, 2003.

4. Under the Deloitte & Touche Retention Applicaion, Deloitte & Touche was retained to provide, among other services, certain compensation services (the "Compensation Services") in accordance with the terms of the engagement letter entered into between the Debtors and Deloitte & Touche dated March 14, 2003, as modified by the Deloitte & Touche Retention Order (the "Compensation Services Engagement Letter"). A copy of the Compensation Services Engagement Letter is attached hereto as Exhibit B.

5. Deloitte & Touche has implemented a reorganization of some of its business units, including, among others, the human capital business unit which is providing a portion of the Compensation Services. This reorganization is intended to align the organizational structure of Deloitte & Touche and its affiliates more closely with the manner in which business is conducted. Under this reorganization, as of December 28, 2003, human capital services, including a portion of the Compensation Services, are provided by personnel of Deloitte Consulting. Although the personnel comprising the Compensation Services engagement team for the Debtors in these chapter 11 cases have remained largely unchanged since the date of the Retention Order, consistent with this reorganization, certain of such personnel have been personnel of Deloitte Consulting since December 28, 2003. Nick Bubnovich, the principal overseeing the Compensation Services, was a principal in Deloitte Consulting during the period from December 28, 2003 through May 31, 2004; however, as of June 1, 2004, Mr. Bubnovich became, and currently remains, a principal of Deloitte & Touche.

3

6.      Deloitte & Touche, an affiliate of Deloitte Consulting, was permitted to subcontract or assign the provision of the Compensation Services pursuant to the Compensation Services Engagement Letter. Specifically, under Paragraph 13 "Assignment" of the General Business Terms attached to such letter, Deloitte & Touche "may, without the consent of the [Debtors], assign or subcontract its rights and obligations hereunder to (a) any affiliate or related entity or (b) any entity which acquires all or a substantial part of the assets or business of [Deloitte & Touche]." In accordance with these terms of the Compensation Services Engagement Letter, certain portions of the Compensation Services are being performed by Deloitte Consulting.

### Relief Requested

7.      Recently, in connection with the filing of the Motion Requesting the Approval of an Order Authorizing the Expansion of the Scope of Services Permitted to be Provided by Deloitte & Touche LLP to the Debtors to Include Certain Lease Consulting Services, Deloitte Consulting and Deloitte & Touche became aware of certain questions posed by the Court with respect to the subcontracting or assignment of the provision of services in these chapter 11 cases to affiliates of Deloitte & Touche, as set forth in the Compensation Services Engagement Letter. In order to address these questions, the Debtors are herein seeking separate approval for Deloitte Consulting to serve the Debtors in these chapter 11 cases by providing certain portions of the Compensation Services in accordance with the terms of this Application, the Kraus Affidavit and the Compensation Services Engagement Letter.[2]

---

[2] Much of the information contained herein regarding the reorganization of some of Deloitte & Touche's business units, and the subcontracting or assignment of services in these chapter 11 cases to affiliates of Deloitte & Touche, was previously disclosed
(Continued...)

## Deloitte Consulting's Connections to Parties-in-Interest

8. Deloitte Consulting's connections to the parties-in-interest in these chapter 11 cases are set forth in the Ishol Affidavit. Except as may be disclosed therein, to the best of the Debtors' knowledge, Deloitte Consulting and the principals and directors of Deloitte Consulting anticipated to provide services to the Debtors in these chapter 11 cases do not hold or represent any interest adverse to the Debtors with respect to the matters on which Deloitte Consulting is to be retained, and the Debtors' believe that Deloitte Consulting and such Deloitte Consulting principals and directors are "disinterested persons" as that term is defined in Section 101(14) of the Bankruptcy Code, as modified by Section 1107(b) of the Bankruptcy Code. If Deloitte Consulting discovers additional material information that it determines requires disclosure, it will file a supplemental disclosure promptly with the Court.

9. Deloitte Consulting provided no services to the Debtors prior to the Petition Date, and the Debtors are not aware of any pre-petition claims held by Deloitte Consulting against the Debtors.[3] Further, Deloitte Consulting has received no retainers from the Debtors in respect of any services it may in the future provide to the Debtors.

10. Deloitte Consulting has received no promises regarding compensation in these chapter 11 cases other than in accordance with the Bankruptcy Code and as set forth in this

---

in the Second Supplemental Affidavit of Larry D. Ishol in Support of the Retention of Deloitte & Touche LLP as Customs Services Providers, and Tax and Compensation Advisors to the Debtors recently filed with the Court.

[3] Deloitte Consulting has provided approximately $21,000 in Compensation Services since December 28, 2003.

Application and the Kraus Affidavit. Deloitte Consulting has no agreement with any nonaffiliated entity to share any compensation earned in these chapter 11 cases.

### Qualifications of Deloitte Consulting and Scope of the Compensation Services

11. Deloitte Consulting is one of the country's leading professional services firms with offices nationwide and has considerable experience in providing clients, both in and out of bankruptcy, with the scope of services it anticipates providing to the Debtors in these chapter 11 cases. Because of Deloitte Consulting's (a) experience and knowledge in providing services of the nature for which Deloitte Consulting's retention is sought in these chapter 11 cases, and (b) familiarity with the Debtors' business and affairs, the Debtors' management believes that Deloitte Consulting is uniquely qualified to serve the Debtors in these chapter 11 cases in an efficient and cost-effective manner.

12. In summary, the Compensation Services consist of assisting the Debtors in reviewing and analyzing their current employee retention and incentive programs and in developing new employee retention and incentive programs as described in the Compensation Services Engagement Letter.

13. The Debtors continue to believe that the Compensation Services are necessary to enable the Debtors to maximize the value of their estates and to reorganize successfully. The Debtors also believe that the Compensation Services will not duplicate the services that, subject to the Court entering or having entered appropriate orders, other professionals may provide to the Debtors in these chapter 11 cases. Deloitte Consulting will use reasonable efforts to coordinate with the Debtors' other retained professionals to avoid unnecessary duplication of services.

6

**Compensation and Expense Reimbursement**

14. The estimated fees and the terms of expense reimbursement pertaining to Deloitte Consulting's provision of the Compensation Services are set forth in the Compensation Services Engagement Letter. Deloitte Consulting's actual fees in connection with the provision of the Compensation Services will be based upon the time that Deloitte Consulting personnel spend in providing such services to the Debtors, multiplied by its hourly rates as set forth below.

| Classification | Hourly Billing Rate |
| --- | --- |
| Principal/Director | $350-$600 per hour |
| Senior Manager | $250-$550 per hour |
| Manager | $180-430 per hour |
| Senior Consultants | $135-$340 per hour |
| Staff Consultants | $100-180 per hour |

15. The range of hourly billing rates reflects, among other things, differences in experience levels within classifications, geographic differentials and differences between types of services being provided. In the normal course of business, Deloitte Consulting revises its regular hourly billing rates to reflect changes in responsibilities, increased experience, and increased costs of doing business. Accordingly, the Debtors request that Deloitte Consulting be permitted to revise the aforementioned rates to the hourly billing rates that will be in effect from time to time. Changes in regular hourly billing rates will be noted by Deloitte Consulting on the invoices for the first time period in which the revised rates became effective.

7

16. Deloitte Consulting will maintain reasonably detailed records of any actual and necessary costs and expenses incurred in connection with its provision of the Compensation Services.

17. Deloitte Consulting will seek compensation and reimbursement of expenses for the provision of the Compensation Services in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules and any orders of the Court, including without limitation, (a) the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, dated May 3, 2001, effective as of April 2, 2001 and (b) the Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, dated April 17, 2002.

### Notice

18. Notice of this Application has been given to: (i) the United States Trustee, (ii) counsel to the DIP Lender, (iii) counsel to The Chase Manhattan Bank as agent for the Debtors' prepetition lenders, (iv) counsel to all official committees appointed by the United States Trustee and (v) all those parties that requested service and notice of papers in accordance with Fed R. Bankr. P. 2002. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

### No Prior Request

19. No prior Motion for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form attached hereto, authorizing the employment and retention of Deloitte Consulting as compensation advisors pursuant to the terms of this Application, the Kraus Affidavit and the Compensation Services Engagement Letter nunc *pro tunc* to July 1, 2004; and grant such further relief as is just and proper.

Dated: August 5, 2004

KIRKLAND & ELLIS
James H.M. Sprayregen
Janet S. Baer
James W. Kapp III
Samuel Blatnick
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

and

PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.

Laura Davis Jones (Bar No. 2436)
David W. Carickhoff, Jr. (Bar No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for the Debtors and Debtors in Possession