# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

**AFFIDAVIT OF STEVEN KRAUS IN SUPPORT OF THE DEBTORS' APPLICATION FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§ 327(a) AND 328(a) AND FED. R. BANKR. P. 2014(a), 2016 AND 5002 AUTHORIZING THE EMPLOYMENT AND RETENTION OF DELOITTE CONSULTING LLP AS COMPENSATION ADVISORS TO THE DEBTORS**

Steven Kraus, being duly sworn, deposes and says:

1. I am a principal in the firm of Deloitte Consulting LLP ("Deloitte Consulting"), which has an office located at Two Prudential Plaza, 180 N. Stetson Avenue, Chicago, Illinois 60601-6779. I make this affidavit (this "Affidavit") of my personal knowledge based upon inquiries made by myself or on my behalf in support of the Debtors' Application for Entry of an Order Pursuant to U.S.C. §§ 327(a) and 328(a) and Fed. Bankr. P. 2014(a), 2016 and 5002 Authorizing the Employment and Retention of Deloitte Consulting LLP as Compensation

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Advisors to the Debtors <u>Nunc Pro Tunc</u> to July 1, 2004 (the "Deloitte Consulting Retention Application").

2.      On April 2, 2001 (the "Petition Date"), the Debtors each commenced with the Court a voluntary case under Chapter 11 of Title 11, United States Code (the "Bankruptcy Code") and such cases have been ordered jointly administered. The Debtors continue to be authorized to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      The Application of the Debtors for Entry of an Order Pursuant to 11 U.S.C. §§ 327(a) and 328(b) and Fed. R. Banker. P. 2014(a), 2016 and 5002 Authorizing the Employment and Retention of Deloitte & Touche LLP ("Deloitte & Touche") as Customs Services Providers, and Tax and Compensation Advisors to the Debtors <u>Nunc Pro Tunc</u> to February 4, 2003 (the "Deloitte & Touche Retention Application") was filed by the Debtors on April 25, 2003. The affidavit of Larry D. Ishol (the "Ishol Affidavit") was filed in support of the Deloitte & Touche Retention Application. The order (the "Deloitte & Touche Retention Order") approving the Deloitte & Touche Retention Application was approved by the Court on June 17, 2003.

4.      Under the Deloitte & Touche Retention Application, Deloitte & Touche was retained to provide, among other services, certain compensation services (the "Compensation Services") in accordance with the terms of the engagement letter entered into between the Debtors and Deloitte & Touche dated March 14, 2003, as modified by the Deloitte & Touche Retention Order (the "Compensation Services Engagement Letter"). A copy of the Compensation Services Engagement Letter is attached as Exhibit B to Deloitte Consulting Retention Application.

5. Deloitte & Touche has implemented a reorganization of some of its business units, including, among others, the human capital business unit which is providing a portion of the Compensation Services. This reorganization is intended to align the organizational structure of Deloitte & Touche and its affiliates more closely with the manner in which business is conducted. Under this reorganization, as of December 28, 2003, human capital services, including a portion of the Compensation Services, are provided by personnel of Deloitte Consulting. Although the personnel comprising the Compensation Services engagement team for the Debtors in these chapter 11 cases have remained largely unchanged since the date of the Retention Order, consistent with this reorganization, certain of such personnel have been personnel of Deloitte Consulting since December 28, 2003. Nick Bubnovich, the principal overseeing the Compensation Services, was a principal in Deloitte Consulting during the period from December 28, 2003 through May 31, 2004; however, as of June 1, 2004, Mr. Bubnovich became, and currently remains, a principal of Deloitte & Touche.

6. Deloitte & Touche, an affiliate of Deloitte Consulting, was permitted to subcontract or assign the provision of the Compensation Services pursuant to the Compensation Services Engagement Letter. Specifically, under Paragraph 13 "Assignment" of the General Business Terms attached to such letter, Deloitte & Touche "may, without the consent of the [Debtors], assign or subcontract its rights and obligations hereunder to (a) any affiliate or related entity or (b) any entity which acquires all or a substantial part of the assets or business of [Deloitte & Touche]." In accordance with these terms of the Compensation Services Engagement Letter, certain portions of the Compensation Services are being performed by Deloitte Consulting.

7. Recently, in connection with the filing of the Motion Requesting the Approval of an Order Authorizing the Expansion of the Scope of Services Permitted to be Provided by Deloitte & Touche LLP to the Debtors to Include Certain Lease Consulting Services, Deloitte Consulting and Deloitte & Touche became aware of certain questions posed by the Court with respect to the subcontracting or assignment of the provision of services in these chapter 11 cases to affiliates of Deloitte & Touche. In order to address these questions, the Debtors are filing herewith the Deloitte Consulting Retention Application seeking separate approval for Deloitte Consulting to serve the Debtors in these chapter 11 cases by providing certain aspects of the Compensation Services in accordance with the terms of the Deloitte Consulting Retention Application, this Affidavit and the Compensation Services Engagement Letter.[2]

8. Deloitte Consulting provided no services to the Debtors prior to the Petition Date, and I am not aware of any pre-petition claims held by Deloitte Consulting against the Debtors. Further, Deloitte Consulting has received no retainers from the Debtors in respect of any services it may in the future provide to the Debtors.

9. Deloitte Consulting's connections to the parties-in-in-interest in these chapter 11 cases are set forth in the Ishol Affidavit. Except as may be disclosed therein, to the best of my knowledge, Deloitte Consulting and the principals and directors of Deloitte Consulting anticipated to provide services to the Debtors in these chapter 11 cases do not hold or represent any interest adverse to the Debtors with respect to the matters on which Deloitte Consulting is to

---

[2] Much of the information contained herein regarding the reorganization of some of Deloitte & Touche's business units, and the subcontracting or assignment of services in these chapter 11 cases to affiliates of Deloitte & Touche, was previously disclosed in the Second Supplemental Affidavit of Larry D. Ishol in Support of the Retention of Deloitte & Touche LLP as Customs Services Providers, and Tax and Compensation Advisors to the Debtors recently filed with the Court.

4

be retained, and I believe that Deloitte Consulting and such Deloitte Consulting principals and directors are "disinterested persons" as that term is defined in Section 101(14) of the Bankruptcy Code, as modified by Section 1107(b) of the Bankruptcy Code.

10. On June 16, 2004, Deloitte & Touche filed monthly statements seeking compensation and reimbursement of expenses in connection with providing services to the Debtors in these chapter 11 cases for January, February and March of 2004. These statements included $6,523 in fees for the Compensation Services provided by Deloitte Consulting. Approximately $14,400 in Compensation Services have been provided by Deloitte Consulting for April, May and June of 2004, for which Deloitte & Touche anticipates filing monthly statements seeking compensation and expense reimbursement pursuant to the terms of the Compensation Services Engagement Letter.

11. Deloitte Consulting will include appropriate time and expense detail as part of joint monthly and interim fee applications filed in these chapter 11 cases in accordance with the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules and any applicable orders of the Court for compensation and expense reimbursement in connection with any Compensation Services rendered to the Debtors by Deloitte Consulting in these chapter 11 cases as of such date.

12. Deloitte Consulting has received no promises regarding compensation in these chapter 11 cases other than in accordance with the Bankruptcy Code and as set forth in this Affidavit. Deloitte Consulting has no agreement with any nonaffiliated entity to share any compensation earned in these chapter 11 cases.

Dated: August 2, 2004

By: _____
Steven Kraus
Principal

Sworn to and subscribed before me, a Notary Public for the State of _Illinois_ County of _Cook_ this _2nd_ day of August, 2004.

_____
Barbara Knight
Notary Public

Official Seal
Barbara Knight
Notary Public State of Illinois
My Commission Expires 06/21/05

6