IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) Case No. 01-01139 (JKF) |
| W. R. GRACE & CO., et al., | ) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| | ) **Hearing Date: August 23, 2004 at 12:00 p.m.** |
| | ) **Objection Date: August 6, 2004 at 4:00 p.m.** |

**RESPONSE OF KATTEN MUCHIN ZAVIS ROSENMAN TO DEBTORS'
FOURTH OMNIBUS OBJECTION TO CLAIMS (SUBSTANTIVE)**

TO:   THE HONORABLE JUDITH K. FITZGERALD
      UNITED STATES BANKRUPTCY JUDGE:

Katten Muchin Zavis Rosenman (the "Claimant"), formerly known as Rosenman & Colin LLP, appearing pro se, hereby responds to the Fourth Omnibus Objection to Claims (Substantive), dated May 5, 2004 (the "Claims Objection") filed by W. R. Grace & Co., et al. and respectfully represents as follows:

**Background**

1.   KMZ Rosenman is counsel to Mr. J. P. Bolduc, ("Mr. Bolduc"), a former officer and director of debtor W. R. Grace & Co. (the "Company"). On or about March 7, 1995, Mr. Bolduc and the Company entered into an agreement (the "Separation Agreement") pursuant to which Mr. Bolduc resigned from the Company and its Board of Directors. A copy of the Separation Agreement is attached as Exhibit "A" hereto.

2.   The Separation Agreement provides, inter alia, that "the Company agrees that Mr. Bolduc shall continue to be indemnified by the Company to the full extent permitted under the Company's By-Laws and Charter as now in effect for all actions taken by Mr. Bolduc on behalf

31150502.01

of the Company during his period of employment." In the Separation Agreement, Mr. Bolduc agreed that, until reaching the age of 62, he would not engage in any business which is in substantial competition with the Company or in any of its then-current six core businesses. Mr. Bolduc has continued to honor the terms of the Separation Agreement which has not been rejected by the Company.

3. In order to implement Mr. Bolduc's indemnification rights, On March 22, 1995, the Claimant sent a letter (the "Letter Agreement") to Robert Berber, Esq., the Company's General Counsel, in which the Claimant reiterated Mr. Bolduc's right to choose individual counsel and that the Company was to pay all reasonable legal expenses incurred by Mr. Bolduc on a monthly basis. Mr. Berber agreed to these terms, as is evidence his counter-signature on the Letter Agreement, a copy of which is attached as Exhibit "B" hereto. Like the Separation Agreement, the Letter Agreement makes clear the Mr. Bolduc is entitled to be indemnified for his legal expenses. Accordingly, the Claimant is an intended third-party-beneficiary of the Separation Agreement and the Letter Agreement.

4. After entering into the Separation Agreement and the Letter Agreement, Claimant rendered legal services to Mr. Bolduc on various matters relating to Mr. Bolduc's service with the Company. As was the understanding between Claimant and the Company, Claimant forwarded bills directly to the Company, and was paid directly by the Company. Attached hereto as Exhibit "C" are copies of the cover page from a sampling of invoices sent to the Company, as well as corresponding checks from the Company made payable to the Claimant. These documents make clear that the Company and the Claimant operated pursuant to the terms of the Letter Agreement.

5.  On April 2, 2001, (the "Petition Date"), the Company petitioned for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

6.  Claimant's proof of claim, number 15176 (the "Claim") seeks to recover $58,292.87 in legal fees for services rendered to Mr. Bolduc with respect to an investigation conducted by the Securities and Exchange Commission, and which should have been paid to the Claimant pursuant to the indemnification provisions of the Separation Agreement and the Letter Agreement. A copy of the Claim is attached as Exhibit "D" hereto.

## Response

6.  The Claims Objection seeks to reduce the Claim from $58,292.87 to $1,153.13 and to allow the Claim as a general unsecured claim in the amount of $1,153.13.

7.  The Claims Objection provides mere conclusory allegations by stating only that the amount of the Claim "differ[s] from the amounts reflected in the Debtors' books and records" and that the Claim is overstated because "Grace has no liability for Balance of Claim." See Claims Objection at ¶ 9, and Exhibit D to the Claims Objection.

8.  The Claims Objection should be overruled. The Claim, as filed, contains detailed invoices of the services provided on behalf of Mr. Bolduc. Furthermore, the Claim clearly states that the amounts stated therein are for "Legal Services rendered and reimbursement of expenses incurred as 3rd party beneficiaries of an indemnity provided by the Debtor to J. P. Bolduc." The Letter Agreement, coupled with the Company's practice of regularly paying the Claimant for legal services rendered to Mr. Bolduc, clearly establishes that the Company is liable for the full amount of the Claim.

9.  Furthermore, the Company's position that it has no liability to the Claimant for the balance of the Claim is inconsistent with the fact that it is willing to accept liability for part

3

of the Claim. The Claims Objection seeks to allow the Claim in the amount of $1,153.13 – the precise amount of Claimant's invoice number 85358 for services rendered on behalf of Mr. Bolduc in the above-referenced SEC investigation, and which invoice is included in the Claim.

10.  Finally, a review of the Claim makes clear that the overwhelming majority of the amounts sought therein are for services rendered after the Petition Date. Accordingly, the Company's effort to classify the Claim as a general unsecured claim is improper. Rather, to the extent services were provided after the Petition Date, the Claim should be allowed as an administrative expense claim.

Dated: New York, New York
       July 30, 2004

                                        KATTEN MUCHIN ZAVIS ROSENMAN
                                        (Pro Se)


                                        By: _____
                                        Jeff J. Friedman
                                        575 Madison Avenue
                                        New York, New York 10022
                                        Telephone: (212) 940-8800

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) Case No. 01-01139 (JKF) |
| W. R. GRACE & CO., et al., | ) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| | ) **Hearing Date: August 23, 2004 at 12:00 p.m.** |
| | ) **Objection Date: August 6, 2004 at 4:00 p.m.** |

STATE OF NEW YORK    )
                     :   ss.:
COUNTY OF NEW YORK   )

MERRITT A. PARDINI, being duly sworn, deposes and says:

I am not a party to this action, am over 18 years of age, and am employed by the firm of Katten Muchin Zavis Rosenman. On the 5th day of August, 2004, I served the: RESPONSE OF KATTEN MUCHIN ZAVIS ROSENMAN TO DEBTORS' FOURTH OMNIBUS OBJECTION TO CLAIMS (SUBSTANTIVE) upon (1) Kirkland & Ellis LLP, Attention Rachel R. Schulman, Esq., 200 East Randolph Drive, Suite 6500, Chicago, Illinois 60601; and (2) Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C., Attention David W. Carickoff, Esq., 919 N. Market Street, 16th Floor, Wilmington, Delaware 19899-8705 (Courier 19801) by Federal Express overnight courier.

_____
Merritt A. Pardini

Sworn to before me this:
5th Day of August, 2004

_____
NOTARY PUBLIC

JEFF FRIEDMAN
NOTARY PUBLIC, State of New York
No. 02FR4952054
Qualified in New York County
Commission Expires June 12, 20 07

5

31150502.01

# EXHIBIT A

## AGREEMENT

Agreement made this 2nd day of March, 1995 between W. R. Grace & Company (the "Company") and J. P. Bolduc ("Mr. Bolduc"):

A. The parties agree to make no disclosure to any third person with respect to Mr. Bolduc's resignation except as may be required by law or pursuant to an order from a Court or Administrative Agency of competent Jurisdiction or in response to relevant questions posed in testimony or in response to relevant discovery requests in any proceedings commenced by a third party to the extent necessary for defense, and except as follows:

1. The parties may make any statement concerning the business and financial operations of the Company during Mr. Bolduc's tenure as an officer of the Company and concerning his management of the Company;

2. If any inquiry is made relating to Mr. Bolduc, other than concerning the operations and financial results of the Company, and his management of the Company, and if the Company determines that a public statement is required to be made or if Mr. Bolduc determines that the Company should make such a statement and communicates that determination to the Company, then the Company will state only that no complaint of misconduct has ever been filed against Mr. Bolduc.

The parties also agree that any violation of Paragraph A of this Agreement by any officer, director and/or employee of the Company shall be grounds for dismissal from his/her position as officer, director and/or employee.

B. The parties shall enter into an Agreement providing to Mr. Bolduc the monetary compensation, severance and other benefits

set forth in the letter and schedule attached hereto.

C. The Company shall pay all reasonable legal fees incurred by Mr. Bolduc in connection with his resignation and negotiation of this Agreement.

D. Mr. Bolduc agrees that, until he reaches the age of 62, he will not engage in any business which is in substantial competition with the Company in any of the Company's current six core businesses.

E. In consideration of the mutual undertakings of the parties and for other good and valuable consideration, receipt of which is hereby acknowledged, Mr. Bolduc agrees to release the Company, its subsidiaries and affiliates, and their respective directors, officers, employees, agents and representatives in their corporate capacity, as well as any individual who consulted with or provided information to the Board of Directors and any committee thereof in connection with Mr. Bolduc's resignation as an employee of the Company, and the Company agrees to release Mr. Bolduc, from any and all claims, causes of action or demands against each other, including without limitation any such matters arising out of, or related to, Mr. Bolduc's employment by the Company and his resignation from such employment with the exception of any claims by Mr. Bolduc or the Company with respect to his or its rights under this Agreement. Notwithstanding the foregoing, the Company agrees that Mr. Bolduc shall continue to be indemnified by the Company to the full extent permitted under the Company's By-Laws

and Charter as now in effect for all actions taken by Mr. Bolduc on behalf of the Company during his period of employment.

W. R. GRACE & COMPANY

By: /s/ R.A. Holmes

/s/ J. P. Bolduc
J. P. Bolduc

# EXHIBIT B

## ROSENMAN & COLIN

575 MADISON AVENUE, NEW YORK, NY 10022-2585

TELEPHONE (212) 940-8800
CABLE ROCOKAY NEWYORK
TELECOPIER (212) 940-8776
    (212) 935-0679
TELEX 427571 ROSCOL (ITT)
971520 RCFLC NYK (W U)

SAMUEL I. ROSENMAN (1896-1973)
RALPH F. COLIN (1900-1985)

WASHINGTON OFFICE
1300 19TH STREET, N W
WASHINGTON, D C 20036
TELEPHONE (202) 463-7177

GERALD WALPIN
(212) 940-7100

March 22, 1995

Robert Beber, Esq.
General Counsel
W. R. Grace & Company
One Town Center Road
Boca Raton, Florida  33486-1010

**Re: J. P. Bolduc**

Dear Mr. Beber:

I write as counsel to J. P. Bolduc to confirm, in detail, part of the understanding under the agreement dated March 7, 1995 between J. P. Bolduc and W. R. Grace & Company (the "Agreement").

This will confirm:

1. The Company will pay the legal expenses actually incurred by J. P. Bolduc in connection with his resignation as an officer and employee and his resignation, concurrently submitted, as a director of the Company. The Company has previously agreed to pay his legal fees to the date of the Agreement in the sum of $25,000, and agrees that it will pay any additional amount incurred based upon actual time charges.

2. Despite his resignation from the Board of Directors, Mr. Bolduc will continue to receive the same rights of indemnification with respect to his service to the Company (and subject to the same limitations) as granted to the other members of the Board generally with respect to his service to the Company, as if he had remained a member of the Board, subject, of course, to the requirements of New York State law concerning indemnification of directors and officers. In this regard, the Company confirms that, in connection with the lawsuit entitled Weiser v. Grace, et al. (and any other lawsuit that might be commenced against Mr. Bolduc due to his service as, and resignation from, his positions as officer, employee and director of the Company), Mr. Bolduc will receive indemnification for all legal expenses, costs and liabilities, if any, he incurs in defending. Because it is recognized that Mr. Bolduc's current situation is different from other directors, precluding at this time one lawyer representing all directors including Mr. Bolduc, it is understood that Mr. Bolduc may choose individual counsel to defend him, and that the

Robert Beber, Esq.
March 22, 1995
Page 2


Company will pay all reasonable legal expenses incurred by Mr. Bolduc in that defense on an ongoing monthly basis, subject only to the provision of New York State law concerning repayment by an indemnified officer or director for amounts thus advanced.

Please signify that the above correctly reflects our understanding by signing a copy of this letter on the line indicated and returning it to me.

Very truly yours,

*Gerald Walpin*

GW:vb

AGREED:

W. R. Grace & Co.

By _____
   Robert Beber