**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 01-01139 (JKF) |
| W.R. GRACE & CO., et al., | ) | (Jointly Administered) |
| | ) | **Objection Deadline: August 6, 2004** |
| Debtors. | ) | **Hearing Date: August 23, 2004 at 12:00 p.m.** |

**CONDITIONAL OBJECTION TO LIBBY CLAIMANTS' MOTIONS FOR RELIEF
FROM AUTOMATIC STAY AND PRELIMINARY INJUNCTION TO TAKE
PERPETUATION DEPOSITIONS [D.I. NOS. 236, 237, 238, and 239]**

Maryland Casualty Company ("Maryland Casualty"), by and through its undersigned counsel, files this Objection to: (i) *Libby Claimants' Motion for Relief From the Automatic Stay and Preliminary Injunction to Take Perpetuation Deposition [Shirley Taylor-Regjovich]*; (ii) *Libby Claimants' Motion for Relief From the Automatic Stay and Preliminary Injunction to Take Perpetuation Deposition [Lois Shea]*; (iii) *Libby Claimants' Motion for Relief From the Automatic Stay and Preliminary Injunction to Take Perpetuation Deposition [Dayton Hill]*; and (iv) *Libby Claimants' Motion for Relief From the Automatic Stay and Preliminary Injunction to Take Perpetuation Deposition [Rodney Erickson]* [D.I. Nos. 236, 237, 238, and 239] (collectively "Motions"), and in support thereof states as follows:

1. On April 8, 2004, the Libby plaintiffs filed *Libby Claimants' Motion For Relief From Automatic Stay And Preliminary Injunction To Take Perpetuation Depositions* [D.I. No. 192] ("Original Motion") seeking relief from the automatic stay and preliminary injunction in order to take perpetuation depositions. The Libby Claimants indicated that "a significant risk exists that seriously ill Libby Claimants will be unavailable to testify at the time of trial." The Libby Claimants indicated that perpetuation depositions were therefore necessary for the following individuals: Irving Hall, Merritt Dutton, Edna Oikle, Claude Paul, Shirley Taylor

Regiovich. In their original motion, the Libby Claimants indicate that all five suffered from severe asbestos disease and were unfortunately not expected to live two years. To support these statements, the Libby Claimants attached letters from Alan C. Whitehouse, M.D. the physician to each proposed deponent that indicated the status of each plaintiff.

2. At the May 24, 2004 hearing, this Court denied the Libby Claimants' Original Motion, indicating that the "order that I entered with respect to the injunctions indicates that if there is a situation where deposition testimony needs to be perpetuated, I'll permit it. What I want, though is some evidence that it needs to be [taken]."

3. On July 19, 2004, the Libby Claimants filed the Motions for relief to take perpetuation depositions of the following plaintiffs: Lois Shea, Dayton Hill, Rodney Erickson & Shirley Taylor-Regjovich.[1] Each of the Motions attached minimal medical information, but indicated that the survival rate of these individuals was two years or less for all except Rodney Erickson whose records indicated that he is in "end-stage lung disease."

4. The Motions included draft orders for each of these individuals granting the relief requested and leaving MCC and other parties with the significant burden of obtaining records, without enough time to adequately secure these documents prior to the depositions. The draft orders propose the following:

> No later than 15 days prior to the deposition, counsel for the Libby Claimants shall deliver to the Debtors and any Bankruptcy Protected Party constituting an actual or prospective defendant of . . . (collectively, "Defendants' Counsel")
>
> (a) Medical records in their possession;
> (b) Exposure history;
> (c) Address history;
> (d) Work history, including information on asbestos exposure;
> (e) Education and military service information; and

---

[1] Only one of these plaintiffs, Shirley Taylor-Regjovich, was among the original plaintiffs filing motions for perpetuation depositions. Mr. Erickson's deposition was taken on November 10, 2003, in violation of the automatic stay, and without appropriate notice to the interested parties.

        (f) Asbestos exposure claims history.

Upon request, counsel for the Libby Claimants shall deliver to Defendants' Counsel, a list of medical providers seen by the deponent and releases establishing the deponent's permission for Defendants' Counsel to obtain directly:

        (a) Medical Records;
        (b) Social Security Records;
        (c) Workers' Compensation records and
        (d) Health insurance policy information.

5. The proposed orders further provide that "[t]he deposition shall not be delayed pending the receipt of the above information; however an additional deposition can be secured after the last of the information is received "if [plaintiff] is still alive and able to testify at a deposition."

6. Maryland Casualty leaves to the Court the determination of whether the relief requested is appropriate. However, to the extent that the relief requested is granted, then Maryland Casualty objects to the Libby Claimants' proposed orders.

7. Certain pre-deposition information and materials must be provided to the parties by the Libby Claimants well in advance of the depositions. These items are not burdensome for the Libby Claimants to collect, as the Libby Claimants have been attempting to schedule these depositions since at least May, 2004, and in some instances at the end of 2003. These are records that could have been easily obtained by the Libby Claimants in a timely fashion, especially given the urgency with which the Libby Claimants indicate these depositions need to be scheduled. Allowing a deposition to proceed where medical records, social security records, workers' compensation records and health insurance policy information is not available will not provide the parties with the ability to conduct a meaningful examination.

8.      If the Court grants the Libby Claimants' request and allows the depositions of these plaintiffs to proceed, the following information and documents should be provided at least thirty days prior to the deposition:

- *   Medical history including Respiratory Health information (including smoking history)
- *   All medical records, including B-reader reports, X-ray reports, treating physicians and hospitals
- *   Employment and work history documentation
- *   Social security records
- *   Complete listing of all residences, city and state and the years spent in each location.
- *   Birth family and education information
- *   Military service information
- *   Site work histories and product identification
- *   Asbestos exposure claims history
- *   Lost wages claims
- *   Workers Compensation disability history
- *   Health and insurance policy information
- *   Witness and co-worker lists

These items are essential to make the depositions consequential since the Libby Claimants have indicated that another opportunity to take a deposition at a later point in time may not be possible. The parties should also be afforded the opportunity to take a discovery deposition of the exigent claimant prior to the evidence preservation deposition.

9.      Finally, if the preservation depositions are permitted to proceed, this Court should not construe Maryland Casualty's participation as a waiver of its position regarding the applicability of the preliminary injunction pending appeal to the Third Circuit, nor as a modification of the Court's previous rulings and an opening for any additional relief from stay by the Libby Claimants. The purpose of the relief should be limited to this request.

For all the reasons stated, should the Libby Claimants' request be granted, Maryland Casualty respectfully requests this Court require the Libby Claimants to provide to all of the involved parties: (1) notice of the deposition and agree upon dates with the parties; (2) thirty

days prior to the deposition, provide the parties with all of the categories of information and documents identified; and (3) allow a discovery deposition prior to the deposition for preservation of evidence.

Dated: August 6, 2004

CONNOLLY BOVE LODGE & HUTZ LLP

**/s/ Jeffrey C. Wisler**
Jeffrey C. Wisler, Esquire (#2795)
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141 Telephone
(302) 658-0380 Facsimile

OF COUNSEL:

Edward J. Longosz, II
Laura G. Stover
Eckert Seamans Cherin & Mellott, LLC
1747 Pennsylvania Avenue, N.W.,
Suite 1200
Washington, DC 20006
(202) 659-6600 Telephone
(202) 659-6699 Facsimile

Attorneys for Maryland Casualty Company

#349487