# Exhibit A

Revised Proposed Order

and

Blackline

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | Re: Docket No. 5808 and |
| | | 8/23/04 Agenda Item 3 |

## ORDER PURSUANT TO SECTIONS 105(a), 362, 363, 502 AND 503 OF THE BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019 ESTABLISHING AN ALTERNATIVE DISPUTE RESOLUTION PROGRAM AND TO PERMIT THE DEBTORS TO LIQUIDATE CERTAIN PREPETITION CLAIMS

Upon consideration of the motion of the above-captioned debtors and debtors in

possession (collectively, the "Debtors") for an order, pursuant to sections 105(a), 363, 363, 502

and 503 of title 11 of the United States Code (the "Bankruptcy Code") and Federal Rule of

Bankruptcy Procedure 9019 to establish an alternative dispute resolution program and to permit

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Debtors to liquidate certain prepetition Disputed Claims (the "Motion");[2] and the Debtors having

amended the ADR Program and ADR Procedures to address concerns raised by the Court, the

Official Committee of Unsecured Creditors, Oldcastle APG Northeast, Inc., the Asbestos

Personal Injury Claimants Committee, and the Internal Revenue Service; and the Court having

considered the Motion and finding that the relief requested therein is in the best interest of the

Debtors and their estates; and due and proper notice having been given with no other notice

being required; and in light of the nature of the relief requested in the Motion, no further notice

or hearing on the Motion being required; and after due deliberation and sufficient cause

appearing therefore;

IT IS HEREBY ORDERED THAT:

1.      The Motion, as modified by the revised ADR Procedures (and the revised exhibits

to the ADR Procedures) attached hereto, is granted.

2.      The ADR Program, as modified by the revised ADR Procedures attached hereto,

is approved.

3.      The ADR Notice Package, as modified and attached hereto, is approved.

4.      Prior to triggering the application of the ADR Program with respect to a Disputed

Claim, the Debtors shall first file an objection to such Disputed Claim.  After the Claimant has

responded to the Debtors' objection(s) pursuant to Bankruptcy Rule 3007, the Debtors are

authorized, but not directed, in their sole discretion to submit the Disputed Claim to the ADR

Program.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meaning given to them in the Motion.

2

5.    All time periods and deadlines set forth in the ADR Program shall be construed and governed by Federal Rule of Bankruptcy Procedure 9006.

6.    The terms and conditions of the ADR Program, including, but not limited to, the time periods set forth in the revised ADR Procedures, shall be binding in every respect upon all ADR Claimants in these cases that are served by the Debtors with the ADR Notice Package.

7.    The Debtors are authorized, but not directed, to refer any ADR Claim, that is not resolved following the negotiation phase of the ADR Program, to a Mediator that has been approved by this Court.

8.    Pursuant to the ADR Program, the Debtors are authorized to pay one-half of all fees and related expenses charged by the Mediator for such Mediation, and the respective ADR Claimants are directed to pay the remaining one-half of all fees and related expenses charged by the Mediator for such Mediation.

9.    Pursuant to the ADR Program, if an ADR Claimant fails to pay its share of fees and expenses for Mediation within thirty (30) calendar days of the date payment is due, the ADR Claimant's claim may, upon order of the Court, be forever discharged, disallowed, waived and expunged.

10.    The Debtors are authorized, but not directed, to resolve any ADR Claim by Stipulation in accordance with the terms of the ADR Program.

11.    Upon service by the Debtors of the ADR Notice Package on an ADR Claimant as set forth herein, such ADR Claimant shall be enjoined from commencing or continuing any action or proceeding in any manner or any place to establish, liquidate, collect or otherwise enforce their Claims against the Debtors or their property, other than through the ADR Program or within the course of the Debtors' normal claims resolution process, including seeking relief

3

from the Automatic Stay and/or the Preliminary Injunction.  The Automatic Stay and Preliminary Injunction shall remain in effect, unless the Automatic Stay or Preliminary Injunction, as applicable, are otherwise terminated or modified by an order of this Court.

12.     Pursuant to the ADR Program, the failure of an ADR Claimant who has elected to participate in the ADR Program to participate in good faith, may, upon order of the Court, result in the ADR Claimant's Claim(s) being forever discharged, disallowed, waived, and expunged as against the Debtors, and their bankruptcy estates.

13.     Pursuant to the ADR Program, if an ADR Claimant fails to return a substantially completed and signed ADR Notice so that it is received by the Debtors within thirty (30) calendar days following the date of its mailing by the Debtors, the Debtors shall send the ADR Claimant a written statement indicating that the ADR Claimant's failure to respond to the ADR Notice will result in the disallowance and expungement of the ADR Claim.  If the ADR Claimant fails to return a substantially completed and signed ADR Notice or Second Notice so that it is received by the Debtors within twenty (20) calendar days following the date this second notice is mailed by the Debtors, then the ADR Claimant's claim shall be forever discharged, disallowed, waived and expunged as against the Debtors and their bankruptcy estates, without further order of the Court.

14.     Pursuant to the ADR Program, the failure of an ADR Claimant who has elected to participate in the ADR Program to return a substantially completed Statement of Claim, or an explanation of why such information is not available, so that it is received by the Debtors within thirty (30) calendar days following the date the Statement of Claim is mailed by the Debtors, may result, upon an order of the Court, the ADR Claim being

4

forever discharged, disallowed, waived and expunged as against the Debtors and their

bankruptcy estates.

15.     Paragraph 6.3.1 of the ADR Procedures shall not apply to the Internal Revenue

Service's Claims that have been assigned Claims Nos. ------ and ------.

16.     Nothing in this Order or the Motion alters the requirement that, in order to

participate in the ADR Program, each Disputed Claimant must have filed a Timely Proof of

Claim (as defined in the ADR Procedures) in these chapter 11 cases.

17.     The Debtors are authorized to take any reasonable actions required, contemplated,

or reasonably necessary to carry out the provisions of this Order or the ADR Program.

18.     To the extent the Debtors' insurance policies are applicable to any ADR Claim,

the Debtors' insurers shall, in good-faith, cooperate and participate in the ADR Program in

accordance with the terms of any such policies.

19.     Upon written request by the Debtors, and only to the extent the Debtors'

insurance policies are applicable to any ADR Claim, the Debtor's insurers shall use their best

efforts to deliver to the Debtors copies of all files relating to such ADR Claims as soon as

practicable after receipt of the Debtors' request.

20.     This Court shall retain jurisdiction over the Debtors, the Debtors' insurers (to the

extent the Debtors' insurance policies are applicable to any ADR Claim), and the Disputed

Claimants with respect to all matters and disputes arising out of or relating to the implementation

of the Motion, the ADR Program, and/or this Order.

5

21.     This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order, which is final.


Dated: August_____, 2004

                                          _____
                                          The Honorable Judith K. Fitzgerald
                                          United States Bankruptcy Judge

6

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|                                      |     |                              |
| ------------------------------------ | --- | ---------------------------- |
| **In re:**                           | )   |                              |
|                                      | )   |                              |
| **W. R. GRACE & CO., et al.**[1]     | )   | **Chapter 11**               |
|                                      | )   |                              |
| **Debtors.**                         | )   | **Case No. 01-01139 (JKF)**  |
|                                      | )   | **(Jointly Administered)**   |

### ORDER PURSUANT TO SECTIONS 105(a), 362, 363, 502 AND 503 OF THE BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019 ESTABLISHING AN ALTERNATIVE DISPUTE RESOLUTION PROGRAM AND TO PERMIT THE DEBTORS TO LIQUIDATE CERTAIN PREPETITION CLAIMS

Upon consideration of the Motion of the above-captioned debtors and debtors in

possession (collectively, the "Debtors") for an order, pursuant to sections 105(a), 363, 363, 502

and 503 of title 11 of the United States Code (the "Bankruptcy Code") and Federal Rule of

Bankruptcy Procedure 9019 to establish an alternative dispute resolution program and to permit

Debtors to liquidate certain prepetition Disputed Claims (the "Motion"); and the **Debtors having**

**amended the ADR Program**[2] **and ADR Procedures to address concerns raised by the**

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] **Capitalized terms used but not otherwise defined herein shall have the meaning given to them in the Motion.**

**Court, the Official Committee of Unsecured Creditors, Oldcastle APG Northeast, Inc., the**

**Asbestos Personal Injury Claimants Committee, and the Internal Revenue Service; and the**

Court having considered the Motion and finding that the relief requested therein is in the best

interest of the Debtors and their estates; and due and proper notice having been given with no

other notice being required; and in light of the nature of the relief requested in the Motion, no

further notice or hearing on the Motion being required; and after due deliberation and sufficient

cause appearing therefore;

      1.      IT IS HEREBY ORDERED THAT:

      2.      The Motion**, as modified by the revised ADR Procedures (and the revised**

**exhibits to the ADR Procedures) attached hereto,** is granted;

      3.      The ADR Program² ~~and the~~**, as modified by the revised ADR Procedures**

**attached hereto, is approved;**

      **4.**      **The** ADR Notice Package ~~are~~**, as modified and attached hereto, is** approved ~~in~~

~~all respects~~**;**

      **5.**      **Prior to triggering the** *application of* **the ADR Program** *with respect to* **a**

**Disputed Claim, the Debtors shall first file an objection to such Disputed Claim**. ~~The~~**After**

**the Claimant has responded to the Debtors' objection(s) pursuant to Bankruptcy Rule**

**3007, the** Debtors are authorized, but not directed, in their sole discretion to ~~trigger~~**submit** the

*~~application of~~* **Disputed Claim to** the ADR Program ~~*with respect to* any Disputed Claim~~;

      4.**7.**      All time periods and deadlines set forth in the ADR Program shall be construed

and governed by Federal Rule of Bankruptcy Procedure 9006;

---

² ~~Capitalized terms used but not otherwise defined herein shall have the meaning given to them in the Motion.~~

~~5.~~**8.**     The terms and conditions of the ADR Program, including, but not limited to, the time periods set forth in the ~~Motion~~**revised ADR Procedures,** shall be binding in every respect upon all ADR Claimants in these cases that are served by the Debtors with the ADR Notice Package;

~~6.~~**9.**     The Debtors are authorized, but not directed, to refer any ADR Claim**,** that is not resolved following the negotiation phase of the ADR Program**,** to a Mediator ~~who will be subsequently~~**that has been** approved by this Court;

~~7.         The~~**10. Pursuant to the ADR Program, the** Debtors are authorized to pay one-half of all fees and related expenses charged by the Mediator for such Mediation, and the respective ADR Claimants are directed to pay the remaining one-half of all fees and related expenses charged by the Mediator for such Mediation;

~~8.         The Debtors are authorized, but not directed, to resolve any ADR Claim by Stipulation in accordance with the~~ ~~ADR Program regardless of whether the ADR Program is formally invoked as to such ADR Claims.  This Order is subject to any previously or subsequently entered orders resolving any Disputed Claim;~~

~~9.         All holders of~~*11.* **Pursuant to the** ADR ~~Claims that participate in the Mediation segment of the ADR~~ Program ~~are directed to pay, on an equal basis with the Debtors, ½ of the fees and expenses for each Mediation session.  If~~**if** an ADR Claimant fails to pay its share of ~~all~~ fees and expenses for Mediation within thirty (30) calendar days of the date payment is due, the ADR Claimant's claim ~~shall~~**may, upon order of the Court,** be forever discharged, disallowed, waived and expunged ~~in its entirety, without further Court order;~~

**12.**     *The Debtors are authorized, but not directed, to resolve any ADR Claim by Stipulation in accordance with the* **terms of the ADR Program;**

~~10.         Claimants that are served with an~~**13. Upon service by the Debtors of the** ADR Notice Package **on an ADR Claimant as set forth herein,** ~~and elect not~~**such ADR Claimant**

shall be enjoined from commencing or continuing any action or proceeding in any manner or any place to ~~participate~~ establish, liquidate, collect or otherwise enforce their Claims against the Debtors or their property, other than through the ADR Program or within the course of the Debtors' normal claims resolution process, ~~are barred from prosecuting their claim~~ (including seeking relief from the ~~automatic stay) until the earlier of (i) allowance of the subject claim by a settlement agreement, stipulation,~~ Automatic Stay and/or ~~final~~ the Preliminary Injunction. The Automatic Stay and Preliminary Injunction shall remain in effect, unless the Automatic Stay or Preliminary Injunction, as applicable, are otherwise terminated or modified by an order of this Court ~~or the District Court, or (ii) the deadline to object to any claims under any confirmed reorganization plan~~;

~~11.~~14. Pursuant to the ADR Program, the failure of an ADR Claimant who has elected to participate in the ADR Program to participate in good faith, may, upon order of the Court, result in the ADR Claimant's Claim(s) being forever discharged, disallowed, waived, and expunged as against the Debtors, and their bankruptcy estates;

15. Pursuant to the ADR Program, if an ADR Claimant fails to return a substantially completed and signed ADR Notice so that it is received by the Debtors within thirty (30) calendar days following the date of its mailing by the Debtors, the Debtors shall send the ADR Claimant a written statement indicating that the ADR Claimant's failure to respond to the ADR Notice will result in the disallowance and expungement of the ADR Claim. If the ADR Claimant fails to return a substantially completed and signed ADR Notice or Second Notice so that it is received by the Debtors within twenty (20) calendar days following the date this second notice is mailed by the Debtors, then the ADR Claimant's claim shall be forever discharged, disallowed, waived and expunged as against the Debtors and their bankruptcy estates, without further order of the Court;

~~12.~~**16.** Pursuant to the ADR Program, the failure of an ADR Claimant who has elected to participate in the ADR Program to ~~perform certain required acts under the ADR Program~~**return a substantially completed Statement of Claim, or an explanation of why such information is not available, so** that ~~are necessary to~~**it is received by** the ~~resolution of their ADR Claim under~~**Debtors within thirty (30) calendar days following** the ~~ADR Program shall~~**date the Statement of Claim is mailed by the Debtors**, ~~without further Court order,~~**may** result ~~in,~~**upon an order of** the **Court, the** ADR ~~Claimant's claim(s)~~**Claim** being forever discharged, disallowed, waived and expunged **as against the Debtors and their bankruptcy estates**;

**17.    Paragraph 6.3.1 of the ADR Procedures shall not apply to the Internal Revenue Service's Claims that have been assigned Claims Nos. ------ and ------.**

~~13.~~**18.** Nothing in this Order or the Motion alters the requirement that, in order to participate in the ADR Program, each Disputed Claimant must have filed a Timely Proof of Claim (as defined in the ADR Procedures) in these chapter 11 cases;

~~14.~~**19.** The Debtors are authorized~~, but not required,~~ to take ~~all~~**any reasonable** actions required ~~or,~~ contemplated ~~by~~**, or reasonably necessary to carry out** the ~~terms and~~ provisions of this Order ~~and~~**or** the ADR Program;

~~15.~~**20.** To the extent the Debtors' insurance policies are applicable to any ADR Claim, the Debtors' insurers shall, in good-faith, cooperate and participate in the ADR Program in accordance with the terms **of any such policies**;

~~16.~~**21.** Upon written request by the Debtors, and only to the extent the Debtors' insurance policies are applicable to any ADR Claim, the Debtor's insurers shall use their best

efforts to deliver to the Debtors copies of all files relating to such ADR Claims as soon as practicable after receipt of the Debtors' request.;

17.22. This Court shall retain jurisdiction over the Debtors, the Debtors' insurers (to the extent the Debtors' insurance policies are applicable to any ADR Claim), and the Disputed Claimants with respect to all matters and disputes arising out of or relating to the implementation of the Motion, the ADR Program, and/or this Order.;

18.23. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order, which is final.

Wilmington, Delaware

Dated: _____, 2004        _____
                                UNITED STATES BANKRUPTCY JUDGE

Document comparison done by DeltaView on Friday, August 06, 2004 13:47:04

| Input: | |
|---|---|
| Document 1 | file://C:\MED-ORDER.doc |
| Document 2 | file://I:\Project Allen\Sblatnick\Mediation - Order revised for filing.doc |
| Rendering set | Basic K&E |

| Legend: | |
|---|---|
| **Insertion** | |
| ~~Deletion~~ | |
| *~~Moved from~~* | |
| *Moved to* | |
| Format change | |
| ~~Moved deletion~~ | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Redline Summary: | | |
|---|---|---|
| No. | Change | Text |
| 1 | Deletion | 2 |
| 2 | Insertion | 5 |
| 3 | Insertion | IN THE UNITED STATES...THE DISTRICT OF DELAWARE |
| 4 | Insertion | "Motion"); and the...amended the ADR Program2 |
| 5 | Insertion | 2 Capitalized terms used...to them in the Motion. |
| 6 | Change | "Court having" changed to "and ADR Procedures to...and the Court having" |
| 7 | Change | "2.     The Motion is granted;" changed to "2.     The Motion, as...hereto, is granted;" |
| 8 | Deletion | ADR Program2 |
| 9 | Deletion | 2 Capitalized terms used...to them in the Motion. |
| 10-11 | Change | "and the" changed to ", as modified by the...hereto, is approved;" |

| 12 | Change | "ADR Notice" changed to "4.     The ADR Notice" |
|----|--------|-------------------------------------------------|
| 13-16 | Change | "Notice Package are approved in all respects" changed to "Notice Package, as...hereto, is approved;" |
| 17 | Insertion | 5.     Prior to triggering the |
| 18 | Moved to | application of |
| 19 | Insertion | the ADR Program |
| 20 | Moved to | with respect to |
| 21-23 | Change | ".  The Debtors are" changed to "a Disputed Claim, the...3007, the Debtors are" |
| 24-27 | Change | "discretion to trigger the...of the ADR Program" changed to "discretion to submit the...Claim to the ADR Program" |
| 28 | Moved from | ADR Program with respect to |
| 29 | Change | "any Disputed Claim;" changed to ";" |
| 30-31 | Change | "4.     All time periods" changed to "7.     All time periods" |
| 32 | Insertion | and deadlines |
| 33-34 | Change | "5.     The terms and" changed to "8.     The terms and" |
| 35-36 | Change | "forth in the Motion, shall be binding" changed to "forth in the revised ADR...shall be binding" |
| 37-38 | Change | "6.     The Debtors" changed to "9.     The Debtors" |
| 39 | Change | "any ADR Claim that is not" changed to "any ADR Claim, that is not" |
| 40 | Change | "ADR Program to a Mediator" changed to "ADR Program, to a Mediator" |
| 41-42 | Change | "a Mediator who will be subsequently approved by" changed to "a Mediator that has been approved by" |
| 43-44 | Change | "7.     The Debtors are" changed to "10.     Pursuant to the ADR Program, the Debtors are" |
| 45 | Deletion | 8. |

| 46 | Moved from | The Debtors are...in accordance with the |
|----|-----------|------------------------------------------|
| 47 | Deletion | ADR Program regardless of...any Disputed Claim; |
| 48-54 | Change | "9.    All holders of ADR... If an ADR Claimant" changed to "11. Pursuant to the ADR...if an ADR Claimant" |
| 55 | Change | "its share of all fees and expenses" changed to "its share of fees and expenses" |
| 56-57 | Change | "Claimant's claim shall be forever" changed to "Claimant's claim may,...of the Court, be forever" |
| 58 | Deletion | and expunged in its...further Court order |
| 59 | Insertion | 12. |
| 60 | Moved to | The Debtors are...in accordance with the |
| 61 | Insertion | terms of the ADR Program; |
| 62-63 | Change | "10.    Claimants that are served with an ADR Notice" changed to "13.    Upon service by the Debtors of the ADR Notice" |
| 64-69 | Change | "Notice Package, and elect...the ADR Program" changed to "Notice Package on an ADR...through the ADR Program" |
| 70-71 | Change | "ADR Program, are barred...claim (including seeking" changed to "ADR Program or within the...including seeking" |
| 72-75 | Change | "relief from the automatic...or final order of this" changed to "relief from the Automatic...by an order of this" |
| 76 | Change | "of this Court or the...reorganization plan;" changed to "of this Court;" |
| 77-78 | Change | "11.    Pursuant to" changed to "14.    Pursuant to" |
| 79-80 | Change | "in good faith may result in the" changed to "in good faith, may, upon...the Court, result in the" |
| 81 | Insertion | and expunged as against...their bankruptcy estates |
| 82 | Insertion | 15.    Pursuant to the ADR...order of the Court; |
| 83-84 | Change | "12.    Pursuant to" changed to "16. |

| | | |
|---|---|---|
| | | Pursuant to" |
| 85-99 | Change | "Program to perform...claim(s) being forever" changed to "Program to return a...ADR Claim being forever" |
| 100 | Insertion | and expunged as against...their bankruptcy estates |
| 101 | Insertion | 17.    Paragraph 6.3.1 of...Nos. ------ and ------ . |
| 102-103 | Change | "13.    Nothing in" changed to "18.    Nothing in" |
| 104-105 | Change | "14.    The Debtors" changed to "19.    The Debtors" |
| 106-108 | Change | "are authorized, but not...all actions required" changed to "are authorized to take...actions required" |
| 109-110 | Change | "actions required or contemplated" changed to "actions required, contemplated" |
| 111-113 | Change | "contemplated by the terms and provisions" changed to "contemplated, or...carry out the provisions" |
| 114-115 | Change | "this Order and the ADR Program;" changed to "this Order or the ADR Program;" |
| 116-117 | Change | "15.    To the extent" changed to "20.    To the extent" |
| 118 | Change | "with the terms;" changed to "with the terms of any such policies;" |
| 119-120 | Change | "16.    Upon written" changed to "21.    Upon written" |
| 121-122 | Change | "Debtors' request." changed to "Debtors' request;" |
| 123-124 | Change | "17.    This Court" changed to "22.    This Court" |
| 125-126 | Change | "and/or this Order." changed to "and/or this Order;" |
| 127-128 | Change | "18.    This Court" changed to "23.    This Court" |

**Statistics:**

| | Count |
|---|---|
| Insertions | 67 |
| Deletions | 53 |
| Moved from | 4 |
| Moved to | 4 |
| Format changed | 0 |

| Total changes | 128 |
|---------------|-----|