**EXHIBIT B**

January 22, 2002 Bankruptcy Court Order Granting Modified Preliminary Injunction

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | |
| W. R. GRACE & CO., et al., ) | Chapter 11 |
| ) | |
| ) | Case No. 01-01139 (JKF) |
| Debtors. ) | (Jointly Administered) |
| _____) | |
| ) | |
| W.R. GRACE & CO., ) | |
| et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| -against- ) | |
| ) | Adversary No. A-01-771 |
| MARGARET CHAKARIAN, et al. ) | |
| and JOHN DOES 1-1000, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

### ORDER GRANTING MODIFIED PRELIMINARY INJUNCTION

This matter came on for hearing on January 3, 2002 on the motion of W.R. Grace & Co. and certain of its subsidiaries (collectively, the "Debtors"), to modify the Preliminary Injunction staying all asbestos-related and fraudulent transfer claims against Affiliated Entities. On June 21, 2001, the Debtors, as plaintiffs in this adversary proceeding, filed a Amended Verified Complaint seeking entry of a preliminary injunction pursuant to Section 105(a) of the Bankruptcy Code and 28 U.S.C. § 1651 enjoining the commencement and/or further prosecution of the Actions against Affiliated Entities, as defined below.

A temporary restraining order ("TRO") was entered on April 2, 2001 enjoining the commencement or prosecution of Asbestos Actions against the Affiliated Entities. On April 12, 2001, the Court extended the TRO until April 24, 2001. On April 18, 2001, the Court set this

87.

matter for a preliminary injunction hearing on May 3, 2001, and entered a preliminary injunction barring the commencement or prosecution of Asbestos Actions against the Affiliated Entities until that time. On May 3, 2001, the Court granted Debtors' motion for a preliminary injunction, as modified in their reply brief, and issued a preliminary injunction barring the prosecution of currently pending asbestos-related actions and fraudulent transfer actions against certain affiliates of Debtors. Debtors have now moved to modify that preliminary injunction to add several additional claims and parties and to reinstate the bar against the commencement of new Actions against Affiliated Entities.

The following terms are defined for purposes of this Order:

1. "Fresenius" means National Medical Care, Inc.; Fresenius A.G.; Fresenius, U.S.A., Inc.; Fresenius Medical Care A.G.; and Fresenius National Medical Care Holdings, Inc.

2. "Sealed Air" means Sealed Air Corporation, Sealed Air Corporation (US), Cryovac, Inc., and Sealed Air (Canada) Inc.

3. "Merrill Lynch" means Merrill, Lynch, Pierce, Fenner & Smith, Inc. ("Merrill Lynch").

4. "CSFB" means Credit Suisse First Boston Corporation.

5. "Non-Debtor Affiliates" means affiliates of the Debtors that are not filing entities for purposes of these chapter 11 cases, as well as present and former officers, directors and employees of Debtors. The Non-Debtor Affiliates are listed in Exhibit A hereto.

6. "Insurance Carriers" means Maryland Casualty Company, Continental Casualty Company, their affiliates and any other insurer of the Debtors under the Insurance Policies as

outlined on Exhibit B hereto who has been named as a defendant in actions pending in direct action states.

7. "Robinson" means Robinson Insulation, Co.

8. "Affiliated Entities" means Fresenius, Sealed Air, Merrill Lynch, CSFB, Insurance Carriers, Robinson and the Non-Debtor Affiliates. The Affiliated Entities are listed in Exhibit A.

9. The "Insurance Policies" are those insurance policies that may provide coverage for asbestos-related claims asserted against the Debtors. The Insurance Policies include those listed in Exhibit B.

10. The "Actions" means pending actions and actions that have not been filed or are not pending as of the date of entry of this Order as follows:

    a) against Affiliated Entities that arise from alleged exposure to asbestos indirectly or directly allegedly caused by Debtors; or

    b) for which there may be coverage under the Insurance Policies; or

    c) against Affiliated Entities alleging fraudulent transfer or fraudulent conveyance claims;

    d) against Insurance Carriers alleging coverage for asbestos-related liabilities; or

    e) against current or former officers, directors or employees of Debtors that arise out of such officer's, employee's or director's employment or relationship with Debtors except the action entitled <u>Robert Locke v. W. R. Grace and Robert Bettacchi</u>, No.

99-2530 (Mass. Sup. Ct., Middlesex Cty) wherein the Debtors request for an injunction is continued to January 29, 2002 at 1:00 p.m. for further hearing.

The definition of "Actions" does not include the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's police or regulatory power, as outlined in section 362(b)(4) of the Bankruptcy Code.

In support of this Order, the Court finds that:

1. Without the injunctive relief sought, the Debtors would suffer the risk of irreparable harm, including potential diminution of estate property; and

2. The injunctive relief requested is in the best interests of the Debtors and their estates, creditors and other parties in interest;

3. This proceeding is a core proceeding pursuant to 28 U.S.C. § 158(a); and

4. This Order is without prejudice to the Debtors' or others' rights to seek relief pursuant to the automatic stay under 11 U.S.C. § 362.

After due deliberation and cause appearing therefore, accordingly:

IT IS HEREBY ORDERED that the prosecution of all of the following actions are stayed and enjoined pending a final judgment in this adversary proceeding or further order of this Court:

    a. all Actions as defined above. Any additional Actions that are filed and served upon Affiliated Entities are, upon completion of service, stayed and enjoined pending a final judgment in this adversary proceeding or further order of this Court;

b.  the action entitled TIG Ins. Co. v. Smolker, No. BC 173952 (Los Angeles County Superior Court) and all related appeals pending in the California Court of Appeals, Second Appellate District, consolidated as No. B 138229, in their entirety;

c.  the State of Michigan, Dept. of Corrections' (the "State") third party action against Grace Dearborn Company and Betzdearborn, Inc. in the case entitled Ruppel K. Perry v. State of Michigan, Dept. of Corrections v. Grace Dearborn Company, predecessor company of Betzdearborn, Inc., No. 95 15855 CM (Mich. Ct. Claims), but the Plaintiff, Ruppel K. Perry is not stayed and enjoined from proceeding with his Complaint against the State;

d.  the action entitled Ellison v. FPC Disposal, Inc., No. CJ-99-151-01, (Okla. Dist. Ct., Canadian Cty.) as to Samson Investment Company, Samson Hydrocarbons Co. and their subsidiaries and affiliates (the "Samson entities") unless plaintiff Ellison identifies in writing to counsel for the Debtors any Samson affiliate not entitled to indemnification by the Debtors and counsel for the Debtors, within 20 days of such notification does not disagree with Ellison. In the event the Debtors disagree with Ellison's identification of a Samson affiliate that is not entitled to indemnification by the Debtors, Ellison shall only proceed against such Samson affiliate by further order of this Court after notice and a hearing;

e.  the action entitled Exxon Corp. v. Samson Hydrocarbons Co., No. CJ-99-390, (Okla. Dist. Ct., Creek Cty.) as to the Samson entities and plaintiff Exxon's Motion for Summary Judgment in this adversary proceeding (Docket No. 72) shall be continued for hearing to January 29, 2002 at 1:00 p.m; and

f.  the action entitled <u>Youpee v. Samson Hydrocarbons Co.</u>, No. CV-98-108-BLD-JDS (D. Mont.) which has been conditionally settled in the Montana District Court and is thus stayed and enjoined herein as to the Samson entities only in the event that the conditions to the settlement are not met and the action is not dismissed by the Montana District Court as to the Samson entities.

Dated: January 22, 2002

_____
THE HONORABLE JUDITH K. FITZGERALD.
UNITED STATES BANKRUPTCY JUDGE

*EXHIBIT A*

## AFFILIATED ENTITIES

1. **Fresenius Entities.**

    a) National Medical Care, Inc.
    b) Fresenius A.G.
    c) Fresenius, U.S.A., Inc.
    d) Fresenius Medical Care, Inc.
    e) Fresenius National Medical Care, Inc.

2. **Sealed Air Entities.**

    a) Sealed Air Corporation
    b) Sealed Air Corporation (US)
    c) Cryovac, Inc.
    d) Sealed Air (Canada) Inc.

3. **Other Abner Defendants**

    a) Merrill, Lynch, Pierce, Fenner & Smith, Inc.
    b) Credit Suisse First Boston Corporation

4. **Insurance Carriers**

    a) Maryland Casualty Company
    b) Continental Casualty Company
    c) Affiliates of Maryland Casualty Co. and Continental Casualty Co.
    d) Other insurers of the Debtors under the Insurance Policies who have been named as defendants in actions pending in direct action states.

5. **Robinson Insulation, Co.**

6. **Non-Debtor Affiliates of W.R. Grace & Co.**

    a) Advanced Refining Technologies LLC
    b) Advanced Refining Technologies LP
    c) Advanced Refining Technologies Management, Inc.
    d) Carbon Dioxide Slurry Systems LP
    e) Construction Products Dubai, Inc.
    f) Grace Asia Pacific, Inc.
    g) Grace Chemicals, Inc.
    h) Grace Collections, Inc.
    i) Grace Germany Holdings, Inc.
    j) Grace Foundation Inc.

k)  Grace Management Services, Inc.
l)  Grace Offshore Turnkey
m) Grace Receivables Purchasing, Inc.
n)  Ichiban Chemical Co., Inc.
o)  Grace Canada, Inc.
p)  Debtors' current and former officers, directors and employees