**EXHIBIT C**

June 25, 2004 Letter to from Debtors' Counsel to Evans' Counsel

# KIRKLAND & ELLIS LLP

**AND AFFILIATED PARTNERSHIPS**

200 East Randolph Drive
Chicago, Illinois 60601

Janet S. Baer
To Call Writer Directly:
312/861-2162
jbaer@kirkland.com

312 861-2000

www.kirkland.com

Facsimile:
312 861-2200
Dir. Fax 312/660-0362

June 25, 2004

## VIA FAX

David Pastor
Gilman and Pastor, L.L.P
999 Broadway
Suite 500
Saugus, MA 01906
dpastor@gilmanpastor.com

Joseph H. Meltzer
Edward W. Ciolko
Gerald D. Wells, III
Schiffrin & Barroway, LLP
Three Bala Plaza East
Suite 400
Bala Cynwyd, PA 19004

Thomas J. Hart
Slevin & Hart, P.C.
1625 Massachusetts Avenue, N.W.
Suite 450
Washington, DC 20036

Re:    Keri Evans v. John F. Akers, et al.

Dear Counsel:

I am one of the attorneys for W. R. Grace & Co. and its affiliates. I am in receipt of the
above captioned class action Complaint which relates to the W. R. Grace & Co. Savings and
Investment Plan. As you know, Grace and its affiliates are Debtors in chapter 11 cases pending
in the United States Bankruptcy Court for the District of Delaware. Thus, pursuant to section
362 of the Bankruptcy Code, your Complaint is stayed against Grace.

Additionally, please be advised that pursuant to that certain Order Granting Modified
Preliminary Injunction entered by the Bankruptcy Court on January 22, 2002, your Complaint
constitutes an "Action" which is stayed and enjoined from prosecution "against current or former
officers, directors or employees of Debtors that arise out of such officer's, employee's or
director's employment or relationship with Debtors." A copy of the Preliminary Injunction is
attached for your reference.

Since the Complaint triggers certain written indemnity agreements between Grace and
Fidelity Management Trust Company and State Street Bank & Trust Company, prosecution of
the Complaint as to Fidelity and State Street would constitute an Action wherein the "Debtors
would suffer the risk of irreparable harm, including potential diminution of estate property."

London          Los Angeles          New York          San Francisco          Washington, D.C.

I:\Project Alia\baer\correspondence\Pastor Letter.doc

## KIRKLAND & ELLIS LLP

David Pastor
Joseph H. Meltzer
Edward W. Ciolko
Gerald D. Wells, III
Thomas J. Hart
June 25, 2004
Page 2

Thus, Grace believes prosecution of your Complaint against Fidelity and State Street is also stayed. In the event you attempt to proceed against Fidelity or State Street, Grace will seek an appropriate order from the Bankruptcy Court prohibiting such prosecution.

Please provide written confirmation by no later than the close of business on Monday, June 28, 2004 that you will not proceed further with your Complaint against any Defendants until an Order is obtained from the Bankruptcy Court permitting you to do so.

If you have any questions with respect to the above or attached, please do not hesitate to contact me.

Very truly yours

Janet S. Baer

JSB/dme

Enclosures

cc:    David Siegel
       William C. Weitzel, Jr.

I:\Project Allen\baer\correspondence\Pastor Letter.doc

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:                                     )
                                           )
W. R. GRACE & CO., et al.,                 )   Chapter 11
                                           )
                                           )   Case No. 01-01139 (JKF)
            Debtors.                       )   (Jointly Administered)
_____)
                                           )
W.R. GRACE & CO.,                          )
    et al.,                                )
                                           )
            Plaintiffs,                    )
                                           )
    -against-                              )
                                           )   Adversary No. A-01-771
MARGARET CHAKARIAN, et al.                 )
and JOHN DOES 1-1000,                      )
                                           )
            Defendants.                    )
_____)

### ORDER GRANTING MODIFIED PRELIMINARY INJUNCTION

This matter came on for hearing on January 3, 2002 on the motion of W.R. Grace
& Co. and certain of its subsidiaries (collectively, the "Debtors"), to modify the Preliminary
Injunction staying all asbestos-related and fraudulent transfer claims against Affiliated Entities.
On June 21, 2001, the Debtors, as plaintiffs in this adversary proceeding, filed a Amended
Verified Complaint seeking entry of a preliminary injunction pursuant to Section 105(a) of the
Bankruptcy Code and 28 U.S.C. § 1651 enjoining the commencement and/or further prosecution
of the Actions against Affiliated Entities, as defined below.

A temporary restraining order ("TRO") was entered on April 2, 2001 enjoining
the commencement or prosecution of Asbestos Actions against the Affiliated Entities. On April
12, 2001, the Court extended the TRO until April 24, 2001. On April 18, 2001, the Court set this

87.

matter for a preliminary injunction hearing on May 3, 2001, and entered a preliminary injunction barring the commencement or prosecution of Asbestos Actions against the Affiliated Entities until that time. On May 3, 2001, the Court granted Debtors' motion for a preliminary injunction, as modified in their reply brief, and issued a preliminary injunction barring the prosecution of currently pending asbestos-related actions and fraudulent transfer actions against certain affiliates of Debtors. Debtors have now moved to modify that preliminary injunction to add several additional claims and parties and to reinstate the bar against the commencement of new Actions against Affiliated Entities.

The following terms are defined for purposes of this Order:

1.      "Fresenius" means National Medical Care, Inc.; Fresenius A.G.; Fresenius, U.S.A., Inc.; Fresenius Medical Care A.G.; and Fresenius National Medical Care Holdings, Inc.

2.      "Sealed Air" means Sealed Air Corporation, Sealed Air Corporation (US), Cryovac, Inc., and Sealed Air (Canada) Inc.

3.      "Merrill Lynch" means Merrill, Lynch, Pierce, Fenner & Smith, Inc. ("Merrill Lynch").

4.      "CSFB" means Credit Suisse First Boston Corporation.

5.      "Non-Debtor Affiliates" means affiliates of the Debtors that are not filing entities for purposes of these chapter 11 cases, as well as present and former officers, directors and employees of Debtors. The Non-Debtor Affiliates are listed in Exhibit A hereto.

6.      "Insurance Carriers" means Maryland Casualty Company, Continental Casualty Company, their affiliates and any other insurer of the Debtors under the Insurance Policies as

outlined on Exhibit B hereto who has been named as a defendant in actions pending in direct action states.

7.    "Robinson" means Robinson Insulation, Co.

8.    "Affiliated Entities" means Fresenius, Sealed Air, Merrill Lynch, CSFB, Insurance Carriers, Robinson and the Non-Debtor Affiliates.  The Affiliated Entities are listed in Exhibit A.

9.    The "Insurance Policies" are those insurance policies that may provide coverage for asbestos-related claims asserted against the Debtors. The Insurance Policies include those listed in Exhibit B.

10.    The "Actions" means pending actions and actions that have not been filed or are not pending as of the date of entry of this Order as follows:

a)    against Affiliated Entities that arise from alleged exposure to asbestos indirectly or directly allegedly caused by Debtors; or

b)    for which there may be coverage under the Insurance Policies; or

c)    against Affiliated Entities alleging fraudulent transfer or fraudulent conveyance claims;

d)    against Insurance Carriers alleging coverage for asbestos-related liabilities; or

e)    against current or former officers, directors or employees of Debtors that arise out of such officer's, employee's or director's employment or relationship with Debtors except the action entitled Robert Locke v. W. R. Grace and Robert Bettacchi, No.

-3-

99-2530 (Mass. Sup. Ct., Middlesex Cty) wherein the Debtors request for an injunction is continued to January 29, 2002 at 1:00 p.m. for further hearing.

The definition of "Actions" does not include the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's police or regulatory power, as outlined in section 362(b)(4) of the Bankruptcy Code.

In support of this Order, the Court finds that:

1.     Without the injunctive relief sought, the Debtors would suffer the risk of irreparable harm, including potential diminution of estate property; and

2.     The injunctive relief requested is in the best interests of the Debtors and their estates, creditors and other parties in interest;

3.     This proceeding is a core proceeding pursuant to 28 U.S.C. § 158(a); and

4.     This Order is without prejudice to the Debtors' or others' rights to seek relief pursuant to the automatic stay under 11 U.S.C. § 362.

After due deliberation and cause appearing therefore, accordingly:

IT IS HEREBY ORDERED that the prosecution of all of the following actions are stayed and enjoined pending a final judgment in this adversary proceeding or further order of this Court:

a.     all Actions as defined above. Any additional Actions that are filed and served upon Affiliated Entities are, upon completion of service, stayed and enjoined pending a final judgment in this adversary proceeding or further order of this Court;

-4-

b.      the action entitled TIG Ins. Co. v. Smolker, No. BC 173952 (Los Angeles

County Superior Court) and all related appeals pending in the California Court of

Appeals, Second Appellate District, consolidated as No. B 138229, in their entirety;

c.      the State of Michigan, Dept. of Corrections' (the "State") third party action

against Grace Dearborn Company and Betzdearborn, Inc. in the case entitled Ruppel K.

Perry v. State of Michigan, Dept. of Corrections v. Grace Dearborn Company,

predecessor company of Betzdearborn, Inc., No. 95 15855 CM (Mich. Ct. Claims), but

the Plaintiff, Ruppel K. Perry is not stayed and enjoined from proceeding with his

Complaint against the State;

d.      the action entitled Ellison v. FPC Disposal, Inc., No. CJ-99-151-01, (Okla.

Dist. Ct., Canadian Cty.) as to Samson Investment Company, Samson Hydrocarbons Co.

and their subsidiaries and affiliates (the "Samson entities") unless plaintiff Ellison

identifies in writing to counsel for the Debtors any Samson affiliate not entitled to

indemnification by the Debtors and counsel for the Debtors, within 20 days of such

notification does not disagree with Ellison.  In the event the Debtors disagree with

Ellison's identification of a Samson affiliate that is not entitled to indemnification by the

Debtors, Ellison shall only proceed against such Samson affiliate by further order of this

Court after notice and a hearing;

e.      the action entitled Exxon Corp. v. Samson Hydrocarbons Co., No. CJ-99-

390, (Okla. Dist. Ct., Creek Cty.) as to the Samson entities and plaintiff Exxon's Motion

for Summary Judgment in this adversary proceeding (Docket No. 72) shall be continued

for hearing to January 29, 2002 at 1:00 p.m; and

-5-

f.    the action entitled <u>Youpee v. Samson Hydrocarbons Co.</u>, No. CV-98-108-

BLD-JDS (D. Mont.) which has been conditionally settled in the Montana District Court

and is thus stayed and enjoined herein as to the Samson entities only in the event that the

conditions to the settlement are not met and the action is not dismissed by the Montana

District Court as to the Samson entities.

Dated: January 22, 2002

THE HONORABLE JUDITH K. FITZGERALD.
UNITED STATES BANKRUPTCY JUDGE

-6-

## *EXHIBIT A*

### AFFILIATED ENTITIES

1.  **Fresenius Entities.**

    a)   National Medical Care, Inc.
    b)   Fresenius A.G.
    c)   Fresenius, U.S.A., Inc.
    d)   Fresenius Medical Care, Inc.
    e)   Fresenius National Medical Care, Inc.

2.  **Sealed Air Entities.**

    a)   Sealed Air Corporation
    b)   Sealed Air Corporation (US)
    c)   Cryovac, Inc.
    d)   Sealed Air (Canada) Inc.

3.  **Other Abner Defendants**

    a)   Merrill, Lynch, Pierce, Fenner & Smith, Inc.
    b)   Credit Suisse First Boston Corporation

4.  **Insurance Carriers**

    a)   Maryland Casualty Company
    b)   Continental Casualty Company
    c)   Affiliates of Maryland Casualty Co. and Continental Casualty Co.
    d)   Other insurers of the Debtors under the Insurance Policies who have been
named as defendants in actions pending in direct action states.

5.  **Robinson Insulation, Co.**

6.  **Non-Debtor Affiliates of W.R. Grace & Co.**

    a)   Advanced Refining Technologies LLC
    b)   Advanced Refining Technologies LP
    c)   Advanced Refining Technologies Management, Inc.
    d)   Carbon Dioxide Slurry Systems LP
    e)   Construction Products Dubai, Inc.
    f)   Grace Asia Pacific, Inc.
    g)   Grace Chemicals, Inc.
    h)   Grace Collections, Inc.
    i)   Grace Germany Holdings, Inc.
    j)   Grace Foundation Inc.

k)    Grace Management Services, Inc.
l)    Grace Offshore Turnkey
m)    Grace Receivables Purchasing, Inc.
n)    Ichiban Chemical Co., Inc.
o)    Grace Canada, Inc.
p)    Debtors' current and former officers, directors and employees