## **EXHIBIT I**

Excerpts from Fifteenth Amendment to Trust Agreement Between Fidelity Management Trust Company and W.R. Grace & Co.

# FIFTEENTH AMENDMENT TO TRUST AGREEMENT BETWEEN FIDELITY MANAGEMENT TRUST COMPANY AND W.R. GRACE & CO.

This FIFTEENTH AMENDMENT, dated as of the fifteenth day of December, 2003, by and between Fidelity Management Trust Company (the "Trustee") and W.R. Grace & Co. (the "Sponsor");

WITNESSETH:

WHEREAS, the Trustee and the Sponsor heretofore entered into a Trust Agreement dated July 1, 1993, as subsequently amended, with regard to the W.R. Grace & Co. Savings and Investment Plan (the "Plan"); and

WHEREAS, the Investment Committee has the power to appoint an investment manager with respect to some or all of the assets of the Trust; and

WHEREAS, the Investment Committee desires to appoint an investment manager with respect to the assets of the Stock Fund (the "Investment Manager"), such investment manager to have the power to dispose of the assets of the Stock Fund and to take certain other actions as specified herein but only to the extent that (a) the Investment Manager determines that the continued holding of such assets in the Stock Fund would not be consistent with the provisions of ERISA (within the meaning of Section 404(a)(1)(D) of ERISA) and (b) such sales are permitted under applicable securities and other law. The Trustee shall have no responsibility to determine whether the Investment Manager's directions regarding the Stock Fund are consistent with ERISA or other applicable law; and

WHEREAS, the Trustee and the Sponsor now desire to further amend such Trust Agreement as provided for in Section 14 thereof;

NOW, THEREFORE, in consideration of the above premises, the Trustee and the Sponsor hereby amend the Trust Agreement by:

1. Restating Section 1(j), "Investment Committee," in its entirety, as follows:

    (j) "Investment Committee" shall mean the committee designated by the Sponsor which has the responsibility (i) for investing the assets of the Plans and, with respect to Plans where Participants have the right to direct the assets allocated to their accounts among investment options, for selecting those investment options, (ii) for assuring that the Plans do not violate any provisions of ERISA limiting the acquisition or holding of Sponsor Stock or other property of the Sponsor (except to the extent that such responsibility has been delegated to an investment manager), (iii) for the appointment and removal of investment managers or investment advisers, if any, and (iv) for other matters described

direction or such other means set forth in Schedule "L", attached hereto; provided, however, that the Trustee shall be protected in relying on such direction as if it were a direction made in writing by the Investment Manager. The Trustee shall provide the Investment Manager such information regarding the Trust's ownership of Sponsor Stock, including without limitation the trading activity effected by the Trustee pursuant to subsection (iii) and (iv) of this Section 5(e), as the Investment Manager reasonably requests. In the event that the Trustee has sought direction from the Investment Manager and the Investment Manager has failed to provide the Trustee with the necessary direction, the Trustee shall notify the Sponsor and seek direction from the Sponsor.

(F) In the event the Investment Manager resigns or is removed, the duties and responsibilities delegated to the Investment Manager under this subsection (ix) will immediately become the duties of the Investment Committee. The Sponsor shall notify the Trustee as soon as administratively feasible of any such resignation or removal.

(G) The Sponsor shall have the initial responsibility to advise participants of relevant changes to the Stock Fund by reason of the appointment of an Investment Manager. The Investment Manager has the responsibility to notify the Sponsor of any relevant changes to the Stock Fund. The Investment Manager shall have the responsibility for causing the participants to be notified of any relevant directions given pursuant to this Section 5(e) as the Investment Manager deems necessary in order to fulfill its duties under the Investment Guidelines. In the event that the Investment Manager has not communicated or has indicated that it does not intend to communicate a direction given pursuant to this section that the Trustee deems necessary in order to fulfill its duties under this Agreement, the Trustee shall notify the Sponsor. If requested by the Investment Manager or the Sponsor, or if the Trustee otherwise determines a communication is necessary, the Trustee will communicate the change, direction or other appropriate information to Participants and the Sponsor or the Trust shall bear all costs for said communication.

(H) The Trustee shall accept direction from the Investment Manager only with regard to the duties and responsibilities set forth herein with regard to the Stock Fund.

(I) The Sponsor may direct the Trustee to pay from the Trust any reasonable expenses incurred by the Investment Manager including the compensation of the Investment Manager. Any such direction shall include a direction as to the manner in which such expenses shall be allocated across Participant accounts.

6. Amending Section 8(e), Indemnification, to add the following paragraph:

(iv) The Sponsor shall indemnify the Trustee against, and hold the Trustee harmless from any and all loss, damage, penalty, liability, cost and expense, including without limitation, reasonable attorney's fees and disbursements

4

("Losses"), that may be incurred by, imposed upon, or asserted against the Trustee by reason of any claim, regulatory proceeding, or litigation arising from any act done or omitted to be done by the Investment Manager with regard to the Stock Fund, excepting only any and all Losses arising primarily from the Trustee's negligence, gross negligence, willful misconduct or bad faith.

7. Amending Schedule "B" to add the following:

<u>Investment Manager trading of Sponsor Stock</u>: For each instance where the Investment Manager initiates a trade through its own brokers in accordance with Schedule "M", a fee of $500 shall be due and payable by the Sponsor or the Trust to the Trustee.

8. Restating Schedule "L" in its entirety, as attached hereto.

9. Adding Schedule "M" as attached hereto.

IN WITNESS WHEREOF, the Trustee and the Plan Sponsor have caused this Fifteenth Amendment to be executed by their duly authorized officers effective as of the day and year first above written.

W.R. GRACE & CO.                    FIDELITY MANAGEMENT TRUST COMPANY

By: _____           By: _____
                                         FMTC Authorized Signatory

Date: 12/8/03                       Date: 12/19/03

5