**EXHIBIT K**

June 24, 2004 Letter from John Cleary of Goodwin Proctor, Counsel for State Street, to W.R. Grace

## GOODWIN | PROCTER

John J. Cleary, P.C.
617.570.1199
jcleary@
goodwinprocter.com

Goodwin Procter LLP
Counsellors at Law
Exchange Place
Boston, MA 02109
T: 617.570.1000
F: 617.523.1231

June 24, 2004

*By Facsimile and First*
*Class Certified Mail*
*Return Receipt Requested*

W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044
Attn: Mr. John Forgach

Re:   Notice of Indemnification Claim

Dear Mr. Forgach:

    We are counsel for State Street Bank and Trust Company ("State Street"). State Street was retained on December 15, 2003 by W.R. Grace, et al, debtors and debtors-in-possession in chapter 11 proceedings in the United States Bankruptcy Court for the District of Delaware ("Grace"), to act as investment manager with respect to the shares of common stock of Grace maintained under the W.R. Grace Savings and Investment Plan (the "Plan"). A copy of the Bankruptcy Court's order authorizing Grace to retain State Street (the "Retention Order") is attached to the mailed copy of this letter as Exhibit A. Under the Retention Order, the Indemnification Agreement dated December 15, 2003 between Grace and State Street (the "Agreement") was also approved. This letter constitutes a notice, given on behalf of State Street, pursuant to Paragraph C of the Agreement. A copy of the Agreement is also attached to the letter as Exhibit B.

    State Street has been named as a defendant in a complaint styled *Keri Evans, on behalf of herself and a class of all others similarly situated v. John F. Akers et al.*, Case No. 04-11380-WGY, *Class Action Complaint for Violations of the Employee Retirement Income Security Act*, and filed in the United States District Court for the District of Massachusetts (the "Complaint"). I have attached a copy of this Complaint to the letter as Exhibit C for your information and review.

    The Complaint purports to state claims under the Employee Retirement Income Security Act, as amended ("ERISA") on behalf of all persons who were participants in, or beneficiaries of, the Plan at any time between July 1, 1999 and February 27, 2004 against parties who are

LIBC/1969433.2

# GOODWIN | PROCTER

W.R. Grace & Co.
June 24, 2004
Page 2

alleged to be or have been *fiduciaries* of the Plan during that time period and responsible for investing, selecting and monitoring investment options offered under the Plan. The Complaint alleges, among other things, that the defendants breached their duties to the plaintiffs in violation of ERISA with regard to the Plan's holdings of Grace stock.

Under the Agreement, State Street and its officers, directors, employees and controlling persons of State Street (the "Indemnified Parties") are entitled to be indemnified with respect to the litigation described above. Paragraph A of the Agreement provides that Grace will indemnify the Indemnified Parties:

> to the fullest extent lawful from and against any and all losses, claims, damages, liabilities, costs and expenses (or actions in respect thereof) joint or several, arising out of any actions taken or omitted to be taken by an Indemnified Party in connection with services performed under the Engagement Agreement [other than for losses or claims which are finally judicially determined to have resulted primarily from negligence, gross negligence, recklessness or willful misconduct] ("Covered Losses").... [Grace] agrees to pay any legal or other expenses incurred by the Indemnified Parties in respect to Covered Losses... paid in connection with, incident to, or in settlement or compromise of any actions, suits or other legal proceedings... (collectively, "Proceedings")....

Therefore, under the terms of the Agreement, State Street hereby requests indemnification in connection with the litigation described above.

Further, Paragraph C, subparagraph (i) of the Agreement expressly permits an Indemnified Party to retain its own counsel in any Proceeding and provides that Grace will pay reasonable fees and expenses of such counsel as they are incurred where counsel has advised the Indemnified Party that there are legal defenses available to it that it reasonably believes it will assert as a part of its defense which are different from and in conflict with the defenses available to Grace. We have advised State Street that it likely will have different defenses that may be in conflict with the defenses available to Grace. In particular, State Street will likely assert defenses based upon the timing of its engagement as investment manager and its commencement of a selling program with respect to the Grace stock in February, 2004. Accordingly, State Street expects Grace to pay the fees and expenses of separate counsel retained by State Street to represent it in connection with the litigation.

LIBC/1969433.2

# GOODWIN | PROCTER

W.R. Grace & Co.
June 24, 2004
Page 3

If you have any questions, please do not hesitate to call.

Very truly yours,

*[signature]*

John J. Cleary, P.C.

JJC:has
Enclosures

cc:   Monet T. Ewing, Esq.
      Kelly Q. Driscoll, Esq.
      Mitchell H. Shames, Esq.
      Daniel M. Glosband, P.C.

LIBC/1969433.2