IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : | Case No. 01-01139 (JKF) |
| W.R. GRACE & CO., et al., | : | (Jointly Administered) |
| Debtors. | : | Hearing Date: September 27, 2004 @ 12:00 p.m. |
|  | : | Objection Deadline: September 20, 2004 |

## MOTION OF INTERCAT, INC.
## FOR LEAVE TO FILE A LATE PROOF OF CLAIM

Intercat, Inc. ("Intercat") by and through their attorneys Hogan & Hartson L.L.P. and Seitz, Van Ogtrop & Green, P.A., hereby moves pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 9006(b)(1) for the entry of an order granting Intercat leave to file a late proof of claim, and respectfully represents as follows:

### BACKGROUND

1. On April 2, 2001 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court"). The chapter 11 cases have been consolidated for administrative purposes only and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are continuing to operate their businesses and manage their properties as debtors-in-possession.

2. On April 25, 2002, this Court entered an order setting March 31, 2003 as the last date for filing proofs of claim for all pre-petition claims relating to asbestos property damage, non-asbestos claims (including all governmental claims) and medical monitoring claims (the

43044 v1

"Bar Date"). A bar date has yet to be set for asbestos personal injury claims and claims related to Zonolite Attic Insulation.

3. As of the date hereof, a chapter 11 plan has not been filed and distributions to creditors have not yet been made pursuant to such a plan. Moreover, the filing of a plan by the Debtors does not appear imminent as the Debtors recently moved this Court for a further extension of exclusivity through and including November 24, 2004.

4. Prior to the Petition Date, Intercat held an unliquidated contingent claim against the Debtors arising from the infringement of a certain Intercat patent. On November 11, 2002, Intercat filed a patent infringement action against Noltec Systems, Inc., ("Noltec"), an equipment manufacturer, alleging infringement of U.S. Patent No. 5,389,236 relating to the method and apparatus for controlling the introduction of catalysts into FCC units (the "Action"). The Action is currently pending in Minnesota.

5. Grace was involved with the equipment, along with a co-defendant, in connection with various refinery customers. Subsequently, Grace filed a motion to intervene in the Action and the Court granted Grace's motion on May 8, 2003.

6. At the time Intercat commenced the Action, it was unaware of the extent of the infringement involved and the extent of Grace's role in the infringing conduct. Based upon discovery conducted in the case to-date, however, Intercat is now more fully apprised of Grace's role in the infringement and has also learned that the infringement may have begun years before the commencement of the Action.

7. Even after commencing the Action, however, Intercat has not been privy to, and free to rely upon, many if not all of the facts uncovered during the discovery process, as it has been sheltered by a protective order issued by the Minnesota court.

## BASIS FOR RELIEF

8.      Bankruptcy Rule 9006(b) provides that a bankruptcy court "for cause shown may at any time in its discretion" grant an enlargement of time to act "where the failure to act was the result of excusable neglect." Fed. R. Bankr. P. 9006(b)(1). The United States Supreme Court has held that the decision regarding whether a party's failure to timely file a proof of claim can constitute "excusable neglect" is "at bottom an equitable one" to be determined by weighing all of the relevant circumstances surrounding the failure to act. See Pioneer Investment Services Co. v. Brunswick Associates, L.P., 507 U.S. 380, 113 S.Ct. 1489 (1993). The Supreme Court further opined that such an equitable determination is consistent with the policies underlying chapter 11, since "Chapter 11 provides for reorganization with the aim of rehabilitating the debtor and avoiding forfeitures by creditors." Pioneer, 507 U.S. at 389, 113 S.Ct. at 1495.

9.      This proposition is well-settled in the Third Circuit. See In re Cendant Corp. Prides Litigation, 233 F.3d 176, 181-82 (3d Cir. 2002) (applying the Pioneer test to allow a late-filed securities claim); See also In re Orthopedic Bone Screw Products Liability Litigation, 246 F.3d 315, 321-22 (3d Cir. 2001); Chemetron Corp. v. Jones, 72 F.3d 341, 349-50 (3d Cir. 2000) (Pioneer requires a "totality of the circumstances" test in order to determine excusable neglect); In re O'Brien Environmental Energy, Inc., 188 F.3d 116, 125 (3d Cir. 1999) (allowing a late-filed proof of claim on the basis of Pioneer).

10.     Under the first prong of the Pioneer test, the moving party must show that its failure to act constitutes neglect. The basis for a finding of neglect can either be due to circumstances beyond the control of the movant or due to the movant's "inadvertence, mistake, or carelessness." Pioneer, 507 U.S. at 388, 113 S.Ct. at 1495. Intercat's failure to timely file a proof of claim constitutes excusable neglect, as it was unintentional.

11.     As previously noted, when Intercat commenced the Action, it was unaware of the full extent of Grace's role in the infringing conduct. In addition, Intercat started to obtain a better understanding of Grace's infringement during discovery, albeit to a limited extent, since Intercat remained sheltered from the discovery process by, and subject to, a protective order of the Minnesota court. Thus, Intercat's failure to timely file a proof of claim was both unintentional and inadvertent, and satisfies the criteria under the first prong of Pioneer.

12.     After establishing neglect, the movant must demonstrate that the neglect was "excusable," which constitutes the second prong of the Pioneer test. The court may consider the following factors in deciding whether a party's neglect is excusable: (1) danger of prejudice to the debtor; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay; and (4) whether the party acted in good faith. See Pioneer, 507 U.S. at 395, 113 S.Ct. at 1498.

13.     Allowing Intercat leave to file a late proof of claim creates no danger of prejudice to the Debtors or its creditors. Although the Debtors' failed to schedule Intercat's claim at the time these cases were filed, Grace should have been aware of the potential claim because the infringing conduct began almost four years prior to the Petition Date. Moreover, at the very least, Grace was put on notice of Intercat's claim when Intercat commenced the Action, and could have amended its schedules at that time to include a contingent claim in favor of Intercat. The lack of prejudice to Debtors is also made plain by the fact that Grace itself, with full knowledge of Intercat's infringement claim, intervened in the Action (after seeking authorization by this Court).

14.     Additionally, since Intercat is filing this claim as a precautionary measure to protect its rights in the pending Action, at present, Intercat's claim is contingent and

unliquidated. Furthermore, allowing Interact to file a late claim will not preclude the Debtors or other creditors from objecting to Intercat's claim on the merits, to the extent that any valid grounds for objecting exists. Thus, it appears clear that granting Intercat's motion to file a late claim is clearly not prejudicial to the Debtors.

15. The Third Circuit has held that "prejudice is not merely the loss of an advantageous position, but must be something more closely tied to the merits of the issue." See In re O'Brien v. Environmental Energy, Inc., 188 F.3d 116, 125 (3d Cir. 1999). If the Court permits Intercat's claim to be filed late, the Debtors and other interested parties (Noltec) will be in the same position as if the proof of claim had been timely filed. Under these circumstances, it is clear that no prejudice will result to the Debtors or any other party-in-interest if Intercat is given leave to file a late claim.

16. Furthermore, the length of the delay will not impact the efficiency of these chapter 11 proceedings, as no plan has been confirmed nor any distribution made to creditors. Although the Debtors have begun to undertake the claims reconciliation process for claims filed in response to the March 31, 2003 Bar Date, it appears that this process is far from complete. Moreover, as previously noted, no plan has been filed nor any estate assets been distributed, nor has even a bar date been set for asbestos personal injury claimants or administrative claims. Thus, there is no basis for concluding that Intercat's motion will delay or disrupt these proceedings in any way.

17. In allowing a late proof of claim to be filed, the court in In re McKissick, 298 B.R. 535, 540 (Bankr. W.D. Pa. 2003) noted that "[t]his is not a case where [the] Debtor has negotiated a plan, sought creditor approval, and obtained confirmation of a plan." As in McKissick, these chapter 11 cases are a long way off from confirmation, and it appears clear that

5

granting Intercat leave to file a late claim will not cause any disruption to the efficient administration of these judicial proceedings.

18. Finally, Intercat has acted in good faith. There has been no dishonesty, deceitfulness, or malfeasance on Intercat's part. At the time it filed the Action, Intercat was unaware of the full extent of Grace's involvement in the infringement and, notwithstanding discovery, it has remained sheltered from the full disclosure of the fact-finding process due to the protective orders issued by the court.

19. Thus, for all of the aforementioned reasons, Intercat submits that under the criteria enunciated by the Supreme Court in Pioneer, Intercat's motion should be granted.

## NOTICE

20. Notice of this motion will be served upon (i) the Office of the United States Trustee, (ii) bankruptcy counsel for the Debtors, (iii) counsel to the Official Committee of Unsecured Creditors, and (iv) all parties who have filed a request for service of notices pursuant to Fed.R.Bankr.P. 2002.

## NO PRIOR REQUEST

21. No prior request for the relief sought herein has been made to this or any other Court.

## CONCLUSION

**WHEREFORE**, Intercat respectfully requests entry of an order: (a) granting Intercat leave to file a late proof of claim, and (b) granting such other and further relief as this Court deems just and proper.

Dated: August 10, 2004                                SEITZ, VAN OGTROP & GREEN, P.A.

/s/ R. Karl Hill
R. Karl Hill (DE #2747)
222 Delaware Avenue, Suite 1500
Wilmington, Delaware 19899
(302) 888-0600 (Telephone)
(302) 888-0606 (Telecopier)

and

HOGAN & HARTSON L.L.P.
David M. Posner (DP-6505)
875 Third Avenue
New York, New York 10022
(212) 918-3000 (Telephone)
(212) 918-3100 (Telecopier)

Attorneys for Intercat, Inc.