# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| W.R. GRACE & CO., *et al*. | Case No. 01-01139 (JFK) |
| Debtors. | (Jointly Administered) |
| W.R. GRACE & CO., *et al*. | |
| Plaintiffs, | |
| v. | Adversary No. A-01-771 |
| MARGARET CHAKARIAN, *et al*. and John Does 1-1000, | |
| Defendants. | |

**OBJECTION OF KERI EVANS TO
DEBTORS' MOTION FOR AN EXPEDITED HEARING
ON AND TO SHORTEN NOTICE PERIOD OF DEBTORS'
MOTION REQUESTING AN ORDER (i) TO SHOW CAUSE WHY
COUNSEL FOR EVANS IS NOT IN CONTEMPT OF COURT FOR
REFUSING TO REFRAIN FROM PROSECUTING A PROHIBITED
ACTION AGAINST DEBTORS' AFFILIATES AND (ii) EXTENDING THE
<u>SCOPE OF THE AUTOMATIC STAY AND THE PRELIMINARY INJUNCTION</u>**

Keri Evans, a participant in the W.R. Grace & Co. Savings and Investment Plan, on behalf of herself and a class of all others similarly situated, having filed a class action complaint (the "Complaint") entitled *Keri Evans, on behalf of herself and a Class of All Others Similarly Situated v. John F. Akers, et al.*, in the United States District Court for the District of Massachusetts, Civil Action No. 04-11380 WGY (the "Class Action"), objects to Debtors'

17175/2
08/11/04 1591445.01

Motion for an expedited hearing (Document No. 6149) on its motion for an Order to Show Cause (Document No. 6150) and states the following:

1. Without addressing the merits of the relief sought in the underlying Motion Requesting an Order (i) To Show Cause Why Counsel For Evans Is Not In Contempt Of Court For Refusing To Refrain From Prosecuting A Prohibited Action Against Debtors Affiliates And (ii) Extending The Scope Of The Automatic Stay And The Preliminary Injunction (the "Show Cause Motion"), the Show Cause Motion need not be heard on an expedited basis; Debtors have not established the requisite cause for same.

2. Debtors' request for an expedited hearing is based on mere speculation and alleges conduct that has not yet occurred.

3. Thus far, Evans has only served the Complaint on the defendants therein. No further action has been taken. The injunction upon which the Debtors base the relief requested in the Show Cause Motion, even if applicable to the Class Action (which Evans disputes), allows for the service of the Complaint. (*See* ordered paragraph 4a of the Order Granting Modified Preliminary Injunction (the "Order"), at page 4; "[a]ny additional Actions that are filed and served upon Affiliated Entities are, *upon completion of service*, stayed and enjoined…" (emphasis added)). The Complaint has only been served as permitted by the Order. No conduct has occurred that would be violative of the injunction even assuming, *arguendo*, it applies to the Class Action. To the extent an answer or other responsive pleading must be filed by a defendant because of any deadline under the Federal Rules of Civil Procedure, that party need only request an extension of time to file the responsive pleading. Any such request has thus far been consented to by counsel for Evans in the Class Action.

4. The issues raised in the Show Cause Motion regarding the applicability of the automatic stay and/or the preliminary injunction to the Class Action can be litigated in due course without regard to any imagined emergent circumstances by the Debtor.

5. Again, Evans submits that a hearing, let alone an expedited hearing, on the Show Cause Motion is not warranted as no action in the Class Action, other than service of the Complaint, has occurred and suggests that a briefing schedule be established so that these issues may be heard by the Court in an orderly fashion.

**WHEREFORE,** Evans respectfully requests that an Order be entered denying the request for an expedited hearing and granting such other and further relief as the Court deems just and proper.

Dated: August 11, 2004                              Respectfully submitted,

**LOWENSTEIN SANDLER PC**

 /s/ Michael S. Etkin
Michael S. Etkin, Esq. (ME 0570)
Ira M. Levee, Esq. (IL 9978)
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500  (Telephone)
(973) 597-2481  (Facsimile)

*Bankruptcy Counsel for Keri Evans on behalf of herself and a class of all others similarly situated*

and

**GILMAN AND PASTOR, LLP**
David Pastor, Esq.
999 Broadway,  Suite 500
Sagus,  Massachusetts  01906
(781) 231-7850  (Telephone)
(791) 231-7840  (Facsimile)

**SCHIFFRIN & BARROWAY, LLP**
John H. Meltzer, Esq.
Three Bala Plaza East,  Suite 400
Bala Cynwyd, Pennsylvania 19004
(610) 667-7706  (Telephone)
(610) 667-7056  (Facsimile)

*Co-Counsel for Keri Evans on behalf of herself and a class of all others similarly situated*