IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO. et al.[1] | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |
| Debtors. | ) |

Objection Deadline: September 7, 2004 at 4:00 p.m.
Hearing Date: December 20, 2004 at 12:00 p.m.

**THIRTEENTH QUARTERLY VERIFIED APPLICATION OF CARELLA, BYRNE, BAIN, GILFILLAN, CECCHI, STEWART & OLSTEIN FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO W.R. GRACE & CO., ET AL., FOR THE INTERIM PERIOD FROM APRIL 1, 2004 THROUGH JUNE 30, 2004**

Pursuant to sections 327, 330 and 331 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Fed. R. Bankr. P. 2016, the Retention Order (as defined below), the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Professionals and Official Committee Members (the "Interim Compensation Order") and Del. Bankr. LR 2016-2, the law firm of

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. -Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G_ C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners 1, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Curving, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein ("CBBG") as special litigation and environmental counsel for the above-captioned debtors and debtors in possession (collectively, "Debtors") in connection with their chapter 11 cases, hereby applies for an order allowing it (i) compensation in the amount $301,607.00 for the reasonable and necessary legal services CBBG has rendered to the Debtors and (ii) reimbursement for the actual and necessary expenses that CBBG incurred in the amount of $11,541.85 (the "Application"), for the interim quarterly period from April 1, 2004 through June 30, 2004 (the "Fee Period"). In support of this Application, CBBG states as follows:

### Retention of CBBG

1. On April 2, 2001 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). On April 2, 2001, the Court entered an order procedurally consolidating the Chapter 11 Cases for administrative purposes only. Since the Petition Date, the Debtors have continued to operate their businesses and manage their properties as Debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. By this Court's order dated March 18, 2002, the Debtors were authorized to retain CBBG as their special counsel, effective as of February 1, 2002, with regard to environmental and litigation matters (the "Retention Order"). The Retention Order authorizes the Debtors to compensate CBBG at hourly rates charged by CBBG for services of this type and to be reimbursed for actual and necessary out-of-pocket expenses that it incurred, subject to application to this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, all applicable local rules and orders of this Court.

**Monthly Interim Fee Applications Covered Herein**

3.  Pursuant to the procedures set forth in the Interim Compensation Order, professionals may apply for monthly compensation and reimbursement (each such application, a "Monthly Fee Application"), and the notice parties listed in the Interim Compensation Order may object to such request. If no notice party objects to a professional's Monthly Fee Application within twenty (20) days after the date of service of the Monthly Fee Application, the applicable professional may submit to the Court a certification of no objection whereupon the Debtors are authorized to pay interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested.

4.  Furthermore, and also pursuant to the Interim Compensation Order, professionals are to file and serve upon the notice parties a quarterly request (a "Quarterly Fee Application") for interim Court approval and allowance of the Monthly Fee Application filed during the quarter covered by the Quarterly Fee Application. If the Court grants the relief requested by the Quarterly Fee Application, the Debtors are authorized and directed to pay the professionals 100% of the fees and expenses requested in the Monthly Fee Applications covered by that Quarterly Fee Application less any amounts previously paid in connection with the Monthly Fee Applications. Any payment made pursuant to the Monthly Fee Applications or a Quarterly Fee Application is subject to final approval of all fees and expenses at a hearing on the professional's final fee application.

5.  This is the tenth Quarterly Fee Application (designated as the Thirteenth Quarterly Interim Fee Application) for compensation for services rendered that CBBG has been filed with the Bankruptcy Court in connection with the Chapter 11 Cases, which covers the Fee Period of April 1, 2004 through June 30, 2004.

6.  CBBG has filed the following Monthly Fee Applications for interim compensation during this Fee Period:

(a) Verified application of Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein for compensation for services and reimbursement of expenses as special counsel to W.R. Grace & Co., et al., for the interim period of April 1, 2004 through April 30, 2004 (the "April Fee Application"), attached hereto as Exhibit A.

(b) Verified application of Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein for compensation for services and reimbursement of expenses as special counsel to W.R. Grace & Co., et al., for the interim period of May 1, 2004 through May 31, 2004 (the "May Fee Application"), attached hereto as Exhibit B.

(c) Verified application of Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein for compensation for services and reimbursement of expenses as special counsel to W.R. Grace & Co., et al., for the interim period of June 1, 2004 through June 30, 2004 (the "June Fee Application"), attached hereto as Exhibit C.

7.  The period for objecting to the fees and expense reimbursement requested in the April Fee Application and May Fee Application have expired and no objections have been filed. The period for objecting to the fees and expense reimbursement requested in the June Fee Application will expire on August 9, 2004.

8.  CBBG has advised and represented the Debtors in connection with environmental and litigation matters.

### Explanation For More Than One Professional Attending/Participating in Conferences/Meetings

9.  Two of the attorneys at CBBG who are involved with the *Interfaith Community Organization v. Honeywell International, Inc.* ("*ICO*") matter are John M. Agnello, Esq. ("JMA") and Melissa E. Flax, Esq. ("MEF").

10. On April 21, 2004, April 26, 2004, June 14, 2004, June 21, 2004 and June 28, 2004, both JMA and MEF participated in the same conferences with other attorneys not from

CBBG. These conferences related to various aspect of the appeal filed by Honeywell including the issue of a deferred appendix, Honeywell's principal brief and Grace's response, Honeywell's motion to expand the district court record and Grace's response to that application and Grace's application for additional time to file and serve its principal brief.

JMA is co-lead trial counsel with Christopher H. Marraro, Esq. ("CHM")of Wallace, King, Marraro & Branson. As co-lead trial counsel, JMA's participation in all aspects of the appeal is essential to the presentation of the Grace Defendants' claims and defenses, and to their appellate strategy.

MEF is part of the litigation trial team. As part of the litigation trial team, MEF's participation was required because MEF was responsible for the coordination, preparation and filing of the Grace Defendants' papers in connection with all aspects of the appeal.

11.     On April 30, 2004, May 27, 2004, June 1, 2004 and June 4, 2004, both JMA and MEF participated in the same conferences with other attorneys not from CBBG. These conferences related to the preparation of Findings of Fact and Conclusions of Law in connection with the petition for fees, expert costs and expenses under the Resource Conservation and Recovery Act ("RCRA"). The Grace Defendants were successful on their RCRA claim and the District Court ordered an award of fees, expert costs and expenses with respect to the Grace Defendants' RCRA claim. The RCRA Fee Petition was comprised of CBBG's fees, costs and expenses and Wallace King Marraro & Branson's fees, costs and expenses. The parties were required to prepare and circulate draft findings of fact and conclusions of law and then file and serve final Proposed Findings of Fact and Conclusions of Law.

JMA is co-lead trial counsel with Christopher H. Marraro, Esq. of Wallace, King, Marraro & Branson. As co-lead trial counsel, JMA's participation in the preparation and content

of the RCRA Fee Petition Findings of Fact and Conclusions of Law was essential to the Grace Defendants' recovery of its fees, costs and expenses under the RCRA claim.

MEF is part of the litigation trial team. As part of the litigation trial team, MEF's participation was required because MEF was responsible for the coordination and preparation of the RCRA Fee Petition Findings of Fact and Conclusions of Law to be filed with the Court. MEF was also responsible for drafting portions of the RCRA Fee Petition Findings of Fact and Conclusions of Law.

### Explanation for Certain Expenses

11. In the June Fee Application, there is an expense for working meals totaling $104.68 that is not broken down. The following explains the basis for the $104.68 working meal charges:

| Date | Meal | Participants | Total Billed |
| --- | --- | --- | --- |
| 06/01/04 | Lunch | JMA, MEF, CHM | $23.17 |
| 06/04/04 | Lunch | JMA | $6.98 |
| 06/04/04 | Lunch | JMA, MEF, Lois | $27.55 |
| 06/14/04 | Lunch | JMA, MEF, CHM | $24.55 |
| 06/24/04 | Lunch | JMA, MEF, Lois | $22.43 |
| | Total: | | $104.68 |

12. In the June Fee Application, there is an expense in the amount of $195.94 for supplies purchased at Staples. The supplies included three ring binders and colored paper and were used for compiling the evidence cited by Honeywell in its principal appeal brief. This was necessary because the United States Court of Appeals for the Third Circuit granted the parties' request to file a deferred appendix in light of the thousands of documents moved into evidence at the trial. A copy of the receipt is attached to Exhibit B of the June Fee Application.

6

**Requested Relief**

12. By this Thirteenth Quarterly Fee Application, CBBG requests that the Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by CBBG for the Fee Period, which is from April 1, 2004 through June 30, 2004, as detailed in the Applications, less any amounts previously paid to CBBG pursuant to the Application and the procedures set forth in the Interim Compensation Order. As stated above, the full scope of services provided and the related expenses incurred are fully described in the Applications, which are attached as Exhibits A, B and C.

13. CBBG may have in the past represented, may currently represent, and likely in the future will represent parties-in-interest in connection with matters unrelated to the Debtors and the Chapter 11 Cases. CBBG disclosed in the Affidavits its connection to parties-in-interest that it has been able to ascertain using its reasonable efforts. CBBG will update the Affidavits when necessary and when CBBG becomes aware of material new information.

**Representations**

14. CBBG believes that the Application is in compliance with the requirements of Del.Bankr.LR 2016-2.

15. CBBG performed the services for which it is seeking compensation on behalf of or for the Debtors and their estates, and not on behalf of any committee, creditor or other person.

16. CBBG has received payment for the April Fee Application. The total amount requested in the April Fee Application was $53,478.05. The total amount outstanding from the April Fee Application (excluding the $53,278.05 which has been paid) is $12,921.30. CBBG has not received payment for the May Fee Application. The total amount requested in the May Fee

7

Application was $97,148.51. The total amount outstanding from the May Fee Application (including the $97,148.51) is $121,181.70. CBBG has not received payment for the June Fee Application. The total amount requested in the June Fee Application was $102,200.03. The total amount outstanding from the June Fee Application (including the $102,200.03) is $125,566.93.

17.  Pursuant to Fed. R. Bank. P. 2016(b), CBBG has not shared, nor has agreed to share (a) any compensation it has received or may receive with another party or person other than with the partners, counsel and associates of CBBG, or (b) any compensation another person or party has received or may receive in connection with the Chapter 11 Cases.

WHEREFORE, CBBG respectfully requests that the Court enter an order providing (a) that, for the Fee Period, April 1, 2004 through June 30, 2004, an administrative allowance be made to CBBG in the sum of (i) $301,607.00 as compensation for reasonable and necessary professional services rendered to the Debtors and (ii) in the sum of $11,541.85 for reimbursement of actual and necessary costs and expenses incurred, for a total of $313,148.85, (b) that the Debtors be authorized and directed to pay CBBG the outstanding amount of such sums less any sums previously paid to CBBG pursuant to the Applications and the procedures set forth in the Interim Compensation Order; and (c) that this Court grant such further relief as is equitable and just.

Roseland, New Jersey　　　　　　　　Respectfully submitted,
Dated: July 21, 2004

　　　　　　　　　　　　　　　　　CARELLA, BYRNE, BAIN, GILFILLAN,
　　　　　　　　　　　　　　　　　CECCHI, STEWART & OLSTEIN

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　John M. Agnello
　　　　　　　　　　　　　　　　　5 Becker Farm Road
　　　　　　　　　　　　　　　　　Roseland, New Jersey 07068
　　　　　　　　　　　　　　　　　(973) 994-1700

**PROJECT AND EXPENSE CATEGORIES**
**TO THIRTEENTH QUARTERLY INTERIM FEE APPLICATION**
**(APRIL 1, 2004 THROUGH JUNE 30, 2004)**

| Name of Professional Person | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| John M. Agnello | Partner | $375 | 526.10 | $197,287.50 |
| Jan Alan Brody | Partner | $375 | 4.50 | $1,687.50 |
| Melissa E. Flax | Partner | $250 | 206.60 | $51,650.00 |
| Kenneth L. Winters | Partner | $260 | 79.10 | $20,566.00 |
| David G. Gilfillan | Partner | $250 | 4.40 | $1,100.00 |
| Robert C. Scrivo | Associate | $225 | 75.20 | $16,695.00 |
| JA Kubert | Associate | $160 | 5.70 | $912.00 |
| Laura Florence | Paralegal | $90 | 109.50 | $9,855.00 |
| Jeff Falduto | Paralegal | $90 | 2.50 | $225.00 |
| Janice Lee | Paralegal | $90 | .60 | $54.00 |
| Nicole DePalma | Law Clerk | $90 | 7.90 | $711.00 |
| Ramon Camejo | Law Clerk | $90 | 9.60 | $864.00 |

| | |
|---|---|
| Grand Total: | $301,607.00 |
| Blended Rate: | |

## COMPENSATION BY PROJECT CATEGORY

| Project Category (Examples) | Total Hours | Total Fees | Cumulative Fees |
|---|---|---|---|
| Asset Analysis and Recovery | | | |
| Asset Disposition | | | |
| Business Operations | | | |
| Case Administration | | | |
| Claim Analysis Objection Resolution & Estimation (Asbestos) | | | |
| Claim Analysis Objection Resolution & Estimation (Non-Asbestos) | | | |
| Committee (All – Creditors', Noteholders', Equity Holders', etc) | | | |
| Employee Benefits/Pensions | | | |
| Employment Applications, Applicant | | | |
| Employment Applications, Others | | | |
| Expenses | | $11,541.85 | $74,489.60 |
| Fee Applications, Applicant | 33.60 | $8,775.00 | $76,045.00 |
| Fee Applications, Others | | | |
| Financing | | | |
| Hearings | | | |
| Litigation and Litigation Consulting | 996.40 | $292,607.00 | $1,647,332.00 |
| Plan and Disclosure Statement | | | |
| Relief from Stay Proceedings | | | |
| Tax Issues | | | |
| Tax Litigation | | | |
| Travel – non-working | 2.00 | $225.00 | $14,411.25 |
| Valuation | | | |
| ZAI Science Trial | | | |
| ZAI Science Trial – Expenses | | | |
| Other (Explain) | | | |

2

## EXPENSE SUMMARY

| Expense Category (Examples) | Service Provider (if applicable) | Total Expenses | Cumulative Expenses |
|---|---|---|---|
| Computer Assisted Legal Research | Westlaw/Pacer | $975.03 | $6,853.40 |
| Facsimile (with rates) | | $1,025.00 ($1.00 per page) | $4,674.00 |
| Long Distance Telephone | | $618.20 | $6,438.67 |
| In-House Reproduction | | $5,010.75 ($0.15 per page) | $12,036.00 |
| Outside Reproduction | | | $15,683.78 |
| Outside Research | | | |
| Filing/Court Fees | | | |
| Court Reporting | Charles P. McGuire | $125.40 | $542.70 |
| Local Travel | Parking/mileage/tolls | $85.31 | $596.09 |
| Out-Of-Town Travel<br>   train<br>   airfare<br>   car/taxi service<br>   hotel | | | $10,076.93 |
| Courier & Express Carriers (e.g. Federal Express) | | $929.93 | $3,995.21 |
| Postage | | | |
| Other (Explain) – Corporate record search | State of New Jersey Department of Treasury | | $10.00 |
| Other (Explain) – Photographs | Mr. Photo | | $76.25 |
| Other – Aerial photographs | Air Photo Services (2/2002) (6/2004) | $798.25 | $1,462.30 |
| Messenger | | $100.00 | $2,747.40 |
| Working meals | | $558.68 | $1,274.07 |
| Subpoenas | Guaranteed Subpoena – Trial Witnesses | | $3,226.80 |
| Returned Witness Fees | | | ($802.00) |
| Additional Staff Time | | $1,119.36 | $4,851.54 |
| Trial Supplies | | | $230.52 |
| Site Security | SARA Consultants | | $320.00 |
| Stationary & Supplies | Staples | $195.94 | $195.94 |

Dated: July 13, 2004

3