**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>W.R. Grace & Co., et. al..,<br><br>Debtors. | Chapter 11<br><br>Case No. 01-1139 (JFK)<br><br>Hearing Date: August 23, 2004 at 2:00 PM |

**OBJECTION OF KERI EVANS, ON BEHALF OF HERSELF AND A CLASS OF ALL OTHERS SIMILARLY SITUATED, TO THE DEBTOR'S MOTION PURSUANT TO SECTIONS 105(A), 362, 363, 502 AND 503 OF THE BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019 TO ESTABLISH AN ALTERNATIVE DISPUTE RESOLUTION PROGRAM TO LIQUIDATE CERTAIN <u>PRE-PETITION CLAIMS</u>**

Keri Evans, on behalf of herself and a class of all others similarly situated, ("Keri Evans Class"), by and through its proposed counsel, hereby submits this objection (the "Objection") to the Debtor's motion, pursuant to §§ 105(A), 362, 363, 502 and 503 of Title 11 of the United States Code, 11 U.S.C. §§ 101 <u>et</u> <u>seq.</u> (the "Bankruptcy Code"), and Rule 9019 of the Federal Rules of Bankruptcy Procedure (each a "Bankruptcy Rule" and collectively, the "Bankruptcy Rules"), to establish an Alternative Dispute Resolution ("ADR") program to liquidate certain pre-petition claims (the "Motion") and Debtors' proposed ADR resolution program, including as recently revised pursuant to the Debtors' submission in clarification and revision of their proposed ADR program. In support of its Objection, Keri Evans respectfully represents as follows:

17175/2
08/18/04 1590931.01

## BACKGROUND

1. The Keri Evans Class participated in the Debtors' savings and investment plan during the period between July 1, 1999 and February 27, 2004. During that period, the Debtors' officers and directors caused ongoing plan investments consisting in part of the Debtors' common stock after such investments became imprudent as a result of setbacks in asbestos litigation, which ultimately led the Debtors into Chapter 11.

2. In response, the Keri Evans Class initiated a class action pursuant to § 502 of the Employee Retirement Income Security Act ("ERISA) 29 U.S.C. § 1132 against plan fiduciaries, including the Debtors' officers and directors.

3. On June 14, 2004, the Debtors filed their Motion to establish an ADR Program to liquidate claims via a proposed system of settlement and mediation procedures.

4. During the July 19, 2004 omnibus hearing, the Court expressed concerns regarding the Debtors' ADR Program and did not grant the Motion as filed.

5. In response to the concerns of the Court and objecting parties, the Debtors submitted a clarification and revision of their ADR Program.

## OBJECTION

6. The Court and objecting parties expressed two concerns at the July 19, 2004 hearing: a lack of justification for substituting the normal claims resolution process with the proposed ADR program; and concerns regarding the adequacy of notice and due process for claimants under the new process.

7.  The Debtors addressed the first concern by clarifying the scope of their proposed ADR Program, which is apparently designed for the 7,000 disputed non asbestos related claims. The Debtors suggest that the sheer magnitude of the disputed claims warrants an ADR Program, which is meant to augment rather than replace the normal claims resolution procedure. Accordingly, the revised ADR Program requires the Debtors to also file a claim objection pursuant to the normal claims resolution process.

8.  In response to the second concern, the Debtors made a number of revisions to their proposed ADR Program. One of the changes involves the ADR notice requirements. Originally, the Debtors proposed a 30 day notice period within which claimants must respond or their claims will be expunged. The revised ADR Program adds a second 20 day notice period within which claimants must respond or their claims will be discharged against the Debtors and their bankruptcy estates without further order of the Court.

9.  The Keri Evans Class objects to this automatic discharge in the event a claimant fails to respond to the second notice. The procedural rules surrounding the claims objection process are consistent with the general scheme of procedural due process safeguards contemplated by Congress. See In Re Lomas Financial Corp., 212 B.R. 46; 54 (Bankr. D. De. 1997). The claims adjudication process also contemplates circumstances where a claimant who misses the bar date is nevertheless entitled to consideration. See Pioneer Investment Services, Co., v. Brunswick Assoc., 507 US 380 (1993). Yet the proposed ADR procedures effectively do away with such considerations. Accordingly, the Debtors should not be permitted to use the ADR Program as an end run around such safeguards.

10. Given that participation in the ADR Program is elective, the notice provision should be modified to reflect that any failure to respond to the second notice will be construed as opting out of the ADR program, while preserving the claimant's rights to pursue claims under the normal claims resolution process pursuant to § 502 of the Bankruptcy Code. It is for precisely this reason that the revised provisions now require court approval to expunge claims where a claimant fails to return a completed statement of claims, acts in bad faith or fails to pay its share of mediation fees. Accordingly, these safeguards should also be extended to the notice provisions.

11. The original ADR procedures provided that upon service of the ADR notice, a claimant is precluded from pursuing action other than through the ADR Program. Because this ignored a claimant's right to opt out and pursue the normal claims resolution process, the Debtors revised their order to also permit claims resolution through the normal claims objection process. However, the revised black-lined procedures, which is attached to the order, appears to be missing this revision. To the extent that the revised procedures are not modified to comport with the order, the Keri Evans Class objects to its content.

12. Finally, the Debtors have not addressed several procedural rights normally available to claimants in the normal claims resolution process, and how such rights will be impacted or preserved via the ADR process. For example, a claimant normally has the right to challenge the jurisdiction of the Bankruptcy Court or petition the District Court to withdraw its reference under 28 U.S.C. §§ 1334(a), 157(b)(1). In re G-I Holdings, Inc., 295 B.R. 211, (D.N.J 2003) (withdrawing reference in connection with successor liability relating to asbestos claims).

Similarly, a claimant may decide to move for abstention under 28 U.S.C. § 1334(c)(1-2).  <u>See, e.g.</u>, <u>In re A. Barletta & Sons</u>, 1993 Bankr. LEXIS 2095 (Bankr. M.D. Pa. Dec. 17, 1993)(evaluating permissive abstention factors in connection with a breach of contract claim and the debtor's claim objection).  Accordingly, the ADR procedures should be revised to reflect the preservation of such rights.

## **NOTICE**

13.     The Keri Evans Class has provided notice of this Objection to (a) counsel for the Debtor, (b) counsel for the Committee of Unsecured Creditors, and (c) all parties who have filed and served requests for notice pursuant to Bankruptcy Rule 2002.  Keri Evans submits that no other or further notice is necessary or required.

## **CONCLUSION**

WHEREFORE, Keri Evans respectfully requests that (i) the Court deny the Motion or, alternatively, (ii) direct that any order approving the Debtors' Motion reflect Keri Evans' comments and concerns set forth in this Objection; and (iii) the Court grant Keri Evans such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

**LOWENSTEIN SANDLER PC**

By: /s/ Michael Etkin, Esq.
Michael Etkin, Esq. (ME 0570)
Bruce Schlanger, Esq. (BS 5026)
65 Livingston Avenue
Roseland, New Jersey  07068
Telephone:  (973) 597-2500
Facsimile:  (973) 597-2400
*Bankruptcy Counsel to Keri Evans and the Class*

Dated:  August 18, 2004
Wilmington, Delaware