IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

**Objection Deadline: September 10, 2004 at 4:00 p.m.**
**Hearing Date: September 27, 2004 at 12:00 Noon**

## JOINT MOTION OF DEBTORS AND ZAI CLAIMANTS TO INCREASE BUDGET FOR ZAI SCIENCE TRIAL

The above-captioned debtors and debtors in possession (collectively, the "Debtors") and the ZAI Claimants, by and through their respective counsel, move this Court for

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

an order increasing the litigation budget to allow for additional work necessary to complete the ZAI Science Trial and state the following in support of their motion:

1. During the Omnibus Hearing on July 22, 2002, some two years ago, this Court set an initial litigation budget of $1.5 million of attorneys' fees and $500,000 of expenses (including expert witness costs) per side.

2. By Order dated October 21, 2002, this Court set forth a discovery and pretrial schedule in the ZAI Science Trial and subsequently enlarged that schedule by Order dated November 25, 2002.

3. Thereafter, counsel for the Debtors and the ZAI Claimants completed very substantial amounts of work in successfully meeting this Court's deadlines for completion of fact discovery, completion and submission of all expert reports, and completion of the depositions of the expert witnesses of the Debtors and ZAI Claimants.

4. For example, counsel for the parties spent vast amounts of time and resources engaging in and completing the following:

a. Several massive productions of documents from the Debtors to ZAI Claimants including the production of approximately 500,000 pages of documents produced electronically via compact disc and multiple productions of the Debtors' repository of asbestos-related documents. These document productions have required, among other things: (1) the Debtors' electronic organization of data to allow ZAI Claimants the benefit of the Debtors' search capabilities without disclosing Debtors' counsel's work product; (2) work of counsel and outside vendors in ensuring proper coordination and electronic transfer of documents and data; (3) Debtors' counsel's generation of privilege logs; (4) ZAI Claimants' counsel's extensive

review of thousands of documents; (5) facilitation of review of materials through procurement and use of microfilm readers and other necessary equipment; and (6) conversion of old films onto videotape.

      b.     Serving and responding to multiple sets of written discovery requests including interrogatories, requests for admissions and requests for production of documents.

      c.     The depositions of five (5) former employees of the Debtors in: Naples, Florida; Charleston, South Carolina; Boston, Massachusetts; Cambridge, Massachusetts; and San Francisco, California.

      d.     The depositions of thirteen (13) individuals listed by ZAI Claimants as fact witnesses, including eleven homeowners and a contractor and former contractor, in: Spokane, Washington; Waterloo, New York; Tacoma, Washington; Minneapolis, Minnesota; Virginia Beach, Virginia; Washington, D.C.; Charleston, South Carolina; Moscow, Idaho; Boston, Massachusetts; and St. Johnsberry, Vermont.

      e.     Extensive negotiations by and between counsel that resulted in the deferral and/or elimination of numerous additional requested fact depositions without intervention by the Court.

      f.     ZAI Claimants' submission of seven (7) expert reports and voluminous materials from the following: Dr. William Longo; Richard Hatfield; William Ewing; Ronald Gobbell; Steven Hays; Dr. Henry Anderson; and John Kilpatrick.

g. Debtors' submission of five (5) expert reports and voluminous materials from the following: Dr. Elizabeth Anderson; Dr. Morton Corn; Dr. Ed Ilgren; Dr. William Hughson; and Dr. Richard Lee.

h. The depositions of ZAI Claimants' seven (7) expert witnesses in: Atlanta, Georgia; Madison, Wisconsin; and Seattle, Washington.

i. The deposition of the Debtors' five (5) expert witnesses in Baltimore, Maryland; Philadelphia, Pennsylvania; Pittsburgh, Pennsylvania; and San Diego, California.

5. Counsel have also engaged in extensive negotiations necessary to the successful resolution, without court intervention, of issues relating to the scope of discovery, the production of original materials versus hard copies and/or electronic copies, numerous documents withheld on the basis of privilege, and the Debtors' work product regarding the document repository, among other things.

6. The parties' mutual effort to conduct fact discovery efficiently on both sides without protracted motion practice both kept trial preparation on schedule and reduced the cost in time and delay that numerous motions to compel would have required.

7. By June 25, 2003, the parties had substantially completed all fact and expert discovery, and had begun preparing motions in limine and/or motions for summary judgment, in accordance with the briefing schedule set forth by the Court.

8. By that time, however, despite the best efforts of counsel to minimize costs by various measures (including continual negotiation of limits on discovery requests and, where possible, scheduling multiple depositions for one location), the amount of work necessary

to timely complete the extensive fact and expert discovery had exceeded expectations, and the attorney fees and expenses generated through that work neared the budgeted amounts originally set by the Court.

9.  The parties therefore jointly filed a motion to increase the budget for the ZAI Science Trial on or around June 25, 2003. In that motion, the parties requested that the Court increase the budget for each side by $950,000 for additional attorney fees and expenses. No objections were filed to the June 25, 2003 motion, and on July 28, 2003 the Court entered an order increasing the budget for the ZAI Science Trial by $950,000 per side for additional attorney fees and expenses.

10. Following the filing of the June 25, 2003 motion, both counsel for the Debtors and counsel for the ZAI Claimants engaged in substantial work on a number of evidentiary motions and dispositive motions, with lengthy and detailed supporting briefs. The complete cycle of briefing addressed a host of complex legal and scientific issues and required not only counsel's exhaustive analysis of the fact and expert discovery materials that were produced in the case, but also extensive legal research and analysis. Many of the briefs were filed with appendices consisting of hundreds of pages of documents, which counsel also needed to assemble and review extensively.

11. The parties' total briefing cycle consisted of the motions and briefs indicated on the following chart, which materials were filed according to the schedule implemented by the Court.

| DATE | FILED BY | DOCUMENT TITLE |
|---|---|---|
| 7/7/03 | ZAI Claimants | ZAI Claimants' Motion for [Partial] Summary Judgment<br><br>ZAI Claimants' Memorandum In Support of ZAI Claimants' Motion For Partial Summary Judgment Re: W.R. Grace's Consumer Protection Liability; <u>Declaration of Darrell W. Scott</u> In Support of ZAI Claimants' Motion For Partial Summary Judgment Re: W.R. Grace's Consumer Protection Liability<br>Motion to Exclude Dr. R. J. Lee's Opinion on Cleavage Fragments; Memorandum in Support of the Claimants' Motion to Exclude R. J. Lee's Opinion on Cleavage Fragments |
| 7/7/03 | Debtors | Debtors' Motion For Summary Judgment;<br>Brief of Debtors in Support of Motion for Summary Judgment<br><br>Debtors' Motion to Consolidate the Actions of ZAI Claimants Pursuant to Rule 42<br><br>Debtors' Motion in Limine to Exclude Evidence of Any Alleged Damages from the ZAI Science Trial; Memorandum in Support of Debtors' Motion in Limine to Exclude Evidence of Any Alleged Damages from the ZAI Science Trial |
| 7/8/03 | ZAI Claimants | ZAI Claimants' Motion for Summary Judgment [Re: Issues that (1) ZAI Can Contaminate Homes/Pose an Unresolved Danger upon Disturbance; and (2) ZAI Claimants Have Viable Claims Under Tort and/or Other Legal Theories.]<br><br>Memorandum in Support of the ZAI Claimants' Motion for Summary Judgment |
| 8/8/03 | Debtors | Grace's Memorandum in Opposition to ZAI Claimants' Motion for Partial Summary Judgment Regarding Consumer Protection Act Claims |
| 8/8/03 | ZAI Claimants | ZAI Claimants' Response to [Debtors'] Motion for Summary Judgment<br><br>Response of ZAI Claimants to Debtors' Motion in Limine to |

| DATE | FILED BY | DOCUMENT TITLE |
|---|---|---|
| | | Exclude Evidence of Any Alleged Damages From the ZAI Science Trial<br><br>ZAI Claimants' Response to Debtors' Motion to Consolidate the Actions of ZAI Claimants Pursuant to Rule 42 |
| 8/8/03 | Debtors | Opposition of [Debtors] to [ZAI] Claimants' Motion to Exclude Dr. R. J. Lee's Opinion on Cleavage Fragments<br><br>Opposition of [Debtors] to [ZAI] Claimants' Motion for Summary Judgment [Re: Issues that (1) ZAI Can Contaminate Homes/Pose an Unresolved Danger upon Disturbance; and (2) ZAI Claimants Have Viable Claims Under Tort and/or Other Legal Theories.] |
| 8/18/03 | ZAI Claimants | [ZAI] Claimants' Reply to [Debtors'] Response to [ZAI] Claimants' Motion for Summary Judgment<br><br>[ZAI] Claimants' Reply to [Debtors'] Response to [ZAI] Claimants' Motion to Exclude Dr. R.J. Lee's Opinion on Cleavage Fragments<br><br>[ZAI] Claimants' Reply to Grace's Memorandum in Opposition to ZAI Claimants' Motion for Partial Summary Judgment Re: W.R. Grace's Consumer Protection Liability |
| 8/18/03 | Debtors | Reply of [Debtors] to ZAI Claimants' Response to [Debtors'] Motion For Summary Judgment<br><br>Appendix to Reply of W.R. Grace & Co. to ZAI Claimants' Response to Grace's Motion For Summary Judgment<br><br>Reply in Support of Debtors' Motion In Limine to Exclude Evidence of Any Alleged Damages from the ZAI Science Trial |

12. After the parties had completed and filed the foregoing motions and briefs, they forwarded to the Court a full set of all materials so filed (with accompanying appendices), which filled thirteen (13) three-inch binders.

13. Hearings on the evidentiary and dispositive motions listed above were originally scheduled by the Court for September 16-17, 2003. To facilitate the parties' expressed desire to find a non-judicial resolution of the ZAI claims, the Court encouraged an additional exchange of information addressing the scope of ZAI sales and the cost and methods of removal. To accommodate this continued information exchange, the Court postponed the hearings until November 24-25, 2003. The parties' continuing discussions concerning the information exchange led the Court to grant one additional continuance of the hearings, and ultimately to adjourn the hearings pending a May 24, 2004 status conference. During the parties' negotiations, counsel incurred additional travel expenses, as well as attorney fees generated by the preparation of negotiation materials and time spent in the negotiation sessions themselves.

14. At the Status Conference in the ZAI Science Trial held during the May, 24, 2004 Omnibus Hearing in the Debtors' bankruptcy proceeding, the Debtors requested that the Court again schedule a date for hearings on the evidentiary and dispositive motions filed in the summer of 2003. The Court thereupon ordered that the hearings take place on October 18-19, 2004.

15. Although the parties have made every attempt to minimize the fees and expenses incurred in their briefing of the aforementioned evidentiary and dispositive motions, as well as in their greatly expanded document exchange and negotiations, the exhaustive work involved in these pursuits has again brought the parties to the limits of the Court's budget for the ZAI Science Trial.

16. Through March 2004, Debtors have incurred attorney fees of approximately $2.12 million and expenses of approximately $750,000, not including certain

expert witness fees incurred during the late stages of the Debtors' evidentiary and dispositive motion briefing in June, July and August 2003. The ZAI Claimants have incurred attorneys' fees of approximately $2.54 million and expenses of approximately $695,000 through March 2003. In order to continue their work uninterrupted toward the judicial or a consensual resolution of the ZAI issue, ZAI Claimants' counsel have maintained their efforts despite having no more funds to draw against.

17. The parties are currently reviewing the briefs and extensive record submitted in conjunction with the evidentiary and dispositive motions at issue, and shortly will begin more extensive preparation for the October 18-19, 2004 hearings.

18. In order to timely complete the ZAI Science Trial in a manner that properly presents the relevant facts, witnesses, evidence and advocacy, the Debtors and the ZAI Claimants anticipate that each will need an additional $750,000 for attorneys' fees and expenses. In the context of the important ZAI issue, these additional costs are warranted.

WHEREFORE, the Debtors and the ZAI Claimants respectfully request that this Court enter an Order, substantially in the form attached hereto, increasing the litigation budget in the ZAI Science Trial by $750,000 per side for additional attorneys' fees and expenses.

Dated: August 20, 2004

| | |
|---|---|
| RICHARDSON, PATRICK, WESTBROOK<br>  & BRICKMAN, LLC<br>Edward J. Westbrook<br>Robert M. Turkewitz<br>174 East Bay Street<br>Charleston, SC  29401<br><br>LEAD SPECIAL COUNSEL FOR<br>ZAI CLAIMANTS | REED SMITH LLP<br>James J. Restivo, Jr.<br>Lawrence E. Flatley<br>Douglas E. Cameron<br>James W. Bentz<br>435 Sixth Avenue<br>Pittsburgh, PA  15219<br>Telephone:  412.288.3131<br>Facsimile:  412.288.3063<br><br>SPECIAL ASBESTOS PRODUCTS LIABILITY<br>DEFENSE COUNSEL FOR DEBTORS<br><br>and<br><br>KIRKLAND & ELLIS LLP<br>David M. Bernick, P.C.<br>Janet S. Baer<br>James W. Kapp, III<br>Samuel L. Blatnick<br>200 East Randolph Drive<br>Chicago, Illinois 60601<br>Telephone:     (312) 861-2000<br>Facsimile:      (312) 861-2200<br><br>and |

PACHULSKI, STANG, ZIEHL, YOUNG, JONES
& WEINTRAUB P.C.

_____
Laura Davis Jones (Bar No. 2436)
David W. Carickhoff, Jr. (Bar No. 3715)
919 N. Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705
Telephone:   (302) 652-4100
Facsimile:   (302) 652-4400

Co-Counsel to Debtors and Debtors-in-Possession