# Exhibit B

## AGREEMENT BETWEEN W.R. GRACE & CO.
## AND W.R. GRACE & CO-CONN. AND
## THE KWELM COMPANIES REGARDING THE
## RESOLUTION OF ASBESTOS-RELATED CLAIMS AND
## NON-ASBESTOS PRODUCTS LIABILITY CLAIMS

This AGREEMENT ("the Supplemental Agreement") is entered into by and between W.R. GRACE & CO. and W.R. GRACE & CO-CONN. (collectively "Grace") on the one hand, and the KWELM Companies[1], on the other hand (collectively "The Parties hereto"), in order to effectuate the KWELM Companies' participation in the resolution of Asbestos-Related Claims and Non-Asbestos Products Liability Claims against Grace.

WHEREAS, the KWELM Companies previously subscribed to certain policies of insurance in favour of Grace, to which certain solvent London Market Insurance Companies also subscribed; and

WHEREAS, certain of those policies of insurance were the Subject Policies of a Settlement Agreement (the "Settlement Agreement"), appended hereto as Exhibit A, previously executed by Grace and certain London Market Insurance Companies with regard to the resolution of Asbestos-Related Claims and Non-Asbestos Products Liability Claims against Grace; and

WHEREAS, the KWELM Companies are insolvent and have entered into a Scheme of Arrangement with their creditors, appended hereto as Exhibit B, for winding down the business affairs of the KWELM Companies; and

---

[1] The KWELM Companies are: Kingscroft Insurance Company Limited (formerly Dart Insurance Company Limited and Dart and Kraft Insurance Company Limited), Walbrook Insurance Company Limited, El Paso Insurance Company Limited, Lime Street Insurance Company Limited (formerly Louisville Insurance Company Limited), and Mutual Reinsurance Company Limited.

WHEREAS, the aforesaid Scheme of Arrangement has been authorised by applicable law of the United Kingdom and, in the case of Mutual Reinsurance Company Limited, by the applicable law of Bermuda, and is recognised as binding on the KWELM CompaniesSouthern District of New York; and

WHEREAS, the aforesaid Scheme of Arrangement includes a Scheme Payment System for payment of liabilities of the KWELM Companies established pursuant to procedures set forth in the Scheme of Arrangement; and

WHEREAS, the United States Bankruptcy Court for the Southern District of New York has issued a permanent injunction pursuant to § 304 of the United States Bankruptcy Code, appended hereto as Exhibit C, which, among other things, enjoins the commencement or continuation of any judicial action or proceeding against the KWELM Companies except in accordance with provisions of the Scheme of Arrangement; and

WHEREAS, the Parties hereto desire to adopt the terms and conditions embodied in the Settlement Agreement as the procedure for determining which of the polices of insurance subscribed to by the KWELM Companies in favour of Grace are triggered and must respond to Asbestos-Related Claims and Non-Asbestos Product Liability Claims against Grace, and to reimburse Grace for those claims by the KWELM Companies pursuant to the Scheme of Arrangement;

NOW, THEREFORE, it is hereby agreed this ___*19th*___ day of *August*1996, as follows, by and between the Parties hereto

1.    To the extent the following terms are used herein, they have the following meaning:

• KMS: shall mean KWELM Management Services Limited, the run off agent for the Scheme Administrators of the KWELM Companies

3

- <u>Scheme of Arrangement</u>: shall mean that procedure authorised pursuant to § 425 of the UK Companies Act 1985 and, in the case of Mutual Reinsurance Company Limited, § 99 of the Bermudian Companies Act 1987, and recognised by Order of the United States Bankruptcy Court of the Southern District of New York pursuant to § 304 of the United States Bankruptcy Code, to which the KWELM Companies are bound, and pursuant to which provision is made for the orderly handling of business of the KWELM Companies and claims against the KWELM Companies.
- <u>Scheme Administrators</u>: shall mean the persons appointed pursuant to the Scheme of Arrangement to manage the winding down of the KWELM Companies.
- <u>Established Scheme Liabilities</u>: shall mean claims and other liabilities for which the existence and amount of a present obligation to pay a Scheme Creditor (as that term is defined in the Scheme of Arrangement) has been established, and as stated in the Creditor Verification Statement, after taking account of any available security, Letters of Credit, trusts, set-off or cross-claims.
- <u>Scheme Payment System</u>: shall mean that method set forth in the Scheme of Arrangement for payment of Established Scheme Liabilities.

2.     The Parties hereto recognise that the KWELM Companies are insolvent, and have entered into and are bound by a Scheme of Arrangement with their creditors for payment of liabilities established pursuant to the Scheme of Arrangement.

3.     The Settlement Agreement appended hereto as Exhibit A is incorporated herein by reference and the provisions thereof are adopted by the parties hereto as if the provisions of the Settlement Agreement were restated in full herein, except to the extent they are modified herein.  The KWELM Companies shall be afforded the same rights, and shall have the same obligations as the Party Insurers under the Settlement Agreement except as otherwise provided herein.

4

4.    To the extent that any of the provisions set forth herein may conflict with any provisions of the Settlement Agreement, the provisions herein supersede and take precedence over conflicting provisions in the Settlement Agreement.

5.    The parties hereto agree that the presentation of Asbestos-Related Claims and Non-Asbestos Product Liability Claims against Grace and allocated under this Supplemental Agreement will be sufficient to satisfy the agreement of claim criteria set out in the Scheme of Arrangement.  KMS promises to exert its best efforts to approve as Established Scheme Liabilities, Grace's Asbestos-Related Claims and Non-Asbestos Product Liability Claims in an expedited manner.  Nothing in this Supplemental Agreement shall waive any provision contained in the Scheme of Arrangement.

6.    The Parties hereto agree that any payment of liabilities of the KWELM Companies to Grace pursuant to the Settlement Agreement shall be made pursuant to the Scheme Payment System, and shall be payable in the manner and in accordance with the time schedules set forth therein, notwithstanding any provisions in the Settlement Agreement to the contrary.

7.    The parties hereto acknowledge that certain judicial proceedings involving the KWELM Companies are stayed by virtue of the § 304 Order of the United States Bankruptcy Court of the Southern District of New York, and notwithstanding paragraph XII of the Settlement Agreement, no steps shall be taken to dismiss any such proceedings until KMS notifies Grace of the correct procedure for dismissals.  The parties agree to act reasonably and co operate fully to obtain a prompt dismissal of the proceedings.

8.    The Parties hereto agree that the rights and obligations of either party under this Supplemental Agreement arising from the Scheme of Arrangement shall be construed in accordance with and governed by English Law, as required by the § 304 Order of the United States Bankruptcy Court of the Southern District of New York.  The Parties hereto further agree that the rights and obligations of either Party under this Supplemental Agreement arising from the Settlement Agreement shall be construed in accordance with paragraph XXI of the Settlement Agreement.

9.     Notwithstanding paragraph XIII of the Settlement Agreement, when an Asbestos-Related Claim or a Non-Asbestos Products Liability Claim within the scope of the Settlement Agreement ("Claim" or "Claims") has been approved as an Established Scheme Liability, and the KWELM Companies have made the first Scheme Payment with respect thereto, Grace shall release the KWELM Companies from all obligations with respect to such Claim, up to the amount of such Established Scheme Liability, other than the obligation to make such additional Scheme Payments, if any, with respect to such Established Scheme Liability as may be provided for under the Scheme of Arrangement. For purposes of allocation of such Claims to the Subject Insurance Policies under the Settlement Agreement and this Supplemental Agreement, when the KWELM Companies have paid to Grace the first Scheme Payment with respect to any Claim, they shall be deemed to have paid the full amount of the Established Scheme Liability with respect to such Claim. When the total amount of the Established Scheme Liabilities for such Claims equals the limits of the KWELM Companies' obligations under a Subject Insurance Policy, the KWELM Companies shall be released from any obligation to make any payments under such Subject Insurance Policy with respect to any other Asbestos-Related Claim or Non-Asbestos Products Liability Claim, other than the obligation to make additional Scheme Payments, if any, with respect to such Established Scheme Liabilites as may be provided for under the Scheme of Arrangement.

10.     Notwithstanding paragraph VIII of the Settlement Agreement, the parties hereto agree that notice by Grace to the KWELM Companies of any Defense Costs and/or Indemnity Payments for which reimbursement is requested of the KWELM Companies pursuant to this Supplemental Agreement shall be contained in a quarterly statement provided by Grace to the Designated Representative for the KWELM Companies. The Parties hereto also agree that the Designated Representative for the KWELM Companies is Mr. Richard Radley, KMS, 40 Bermondsey Street, London, SE1 3UD.

11.     The Parties hereto agree that the KWELM Companies, through its Designated Representative, shall independently have all rights and benefits conferred upon Party Insurers and their Designated Representative under paragraph VIII of the Settlement Agreement.

12.    The Parties hereto agree that this Supplemental Agreement may be executed in counterparts, each of which shall be deemed an original and all of which together shall be deemed to be one and the same instrument.


**W.R. GRACE & CO.**

BY:

DATE:    8/15/96


**W.R. GRACE & CO-CONN.**

BY:

DATE:    8/15/96


**FOR AND ON BEHALF OF THE KWELM**
**COMPANIES BY**

BY:

POSITION:    Joint Scheme Administrator

DATE:

Executed pursuant to the powers and functions
vested in the Scheme Administrators and
contained at Part 5. of the Scheme of
Arrangement.