# Exhibit C

## POWER OF ATTORNEY

Reference is made to (i) the Agreement and Plan of Reorganization dated as of February 4, 1996, as amended (the "Reorganization Agreement"), between W. R. Grace & Co., a New York corporation (the "Corporation"), Fresenius AG, a German stock company ("FAG"), and Fresenius USA, Inc., a Massachusetts corporation, and (ii) the Distribution Agreement dated February 4, 1996 (the "Distribution Agreement"), between the Corporation, W. R. Grace & Co.-Conn., a Connecticut corporation ("Grace-Conn."), and FAG.  In connection with the transactions contemplated by the Reorganization Agreement (the "Reorganization"):  (i) the Corporation will cease to be an affiliate of Grace-Conn. and will become a subsidiary of Fresenius Medical Care AG, a German stock company, and the Corporation's corporate name will be changed to Fresenius National Medical Care, Inc.; and (ii) Grace-Conn. will become a subsidiary of Grace Holding, Inc., a Delaware corporation ("Grace Holding"), and Grace Holding's corporate name will be changed to W. R. Grace & Co.

1. The Corporation hereby appoints each of Grace-Conn. and Grace Holding and their respective officers (each an "Attorney"), with full powers of substitution and revocation:

(i) to execute and deliver in the name and on behalf of the Corporation agreements for the settlement of policies and other agreements of insurance, including without limitation coverage claims thereunder, which policies and other agreements have terms expiring on or before December 31, 1987, and under which Grace-Conn. or any of its subsidiaries or affiliates is or was a named insured and/or beneficiary, which insurance settlement agreements (the "Insurance Settlement Agreements") shall contain such

A:\POAWRG.926

terms and conditions as such Attorney shall approve (such Attorney's execution and delivery thereof to evidence conclusively such approval);

(ii) to execute, deliver and/or file in the name and on behalf of the Corporation such releases and other agreements, instruments, certificates and documents, and take such other and further actions, as such Attorney may deem necessary or advisable to effect the transactions contemplated by the Insurance Settlement Agreements.

2. By its acceptance of this instrument, Grace-Conn. hereby acknowledges and agrees for the benefit of the Corporation and FAG that any and all Indemnifiable Losses (as defined in the Distribution Agreement) arising out of Grace-Conn.'s or Grace Holding's exercise of the rights granted to it in this instrument shall be subject to and indemnifiable under Section 4.02 of the Distribution Agreement. Except as specifically provided in the immediately preceding sentence, nothing in this instrument shall or shall be deemed to amend, modify or terminate any obligation of Grace-Conn. under Section 4.02 of the Distribution Agreement.

3. This instrument shall become effective upon the occurrence of the Distribution (as such term is defined in the Distribution Agreement).

IN WITNESS WHEREOF, the undersigned has signed this instrument as of the 27th day of September, 1996.

Witnesses:

W. R. GRACE & CO.
A New York Corporation

By: _____
Name: Paul McMahon
Title: VICE PRESIDENT