## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | § | **Chapter 11** |
| | § | |
| **W.R. GRACE & CO., et al.,** | § | **Jointly Administered** |
| | § | **Case No. 01-01139 (JKF)** |
| Debtors. | § | |
| | § | |

### FEE AUDITOR'S FINAL REPORT REGARDING
### FEE APPLICATION OF WALLACE, KING, MARRARO & BRANSON, PLLC
### FOR THE TWELFTH INTERIM PERIOD

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the <u>Twelfth Interim Fee Application of Wallace, King Marraro & Branson, PLLC</u> (the "Application").

### BACKGROUND

1.      Wallace, King, Marraro & Branson, PLLC ("Wallace King") was retained as special litigation and environmental counsel to the Debtor.  In the Application, Wallace King seeks approval of fees totaling $272,266.20[1] and costs totaling $30,467.74 for its services from January 1, 2004, through March 31, 2004.

2.      In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended

---

[1]Although the Application requests $272,266.20 in fees for this period, this amount reflects a 40% reduction, $62,840.80, for time spent with regard to the Honeywell litigation. Notwithstanding this discount, the actual amount of fees reviewed is $335,107.00.

Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued January 30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served on Wallace King an initial report based on our review, and received a response from Wallace King, portions of which response are quoted herein.

## DISCUSSION

3.      In our initial report we noted that on February 17, 2004, WFH spent a total of 1.00 hours for a total fee of $380.00 on an exit interview with Ms. Banks. The entries are provided below.

| 02/17/04 | WFH | 0.50 | Conferences with Ms. Banks re location of trial exhibits, depositions, expert files, etc. in connection with her departure and transition to new paralegal (.5). |
| 02/17/04 | WFH | 0.50 | Conferences with Ms. Banks re location of documents, files, etc. in connection with her departure and transition to new paralegal (.5). |

Regardless of the case-specific relationship, this appears to us to be an internal administrative matter and therefore not billable as a part of normal overhead expenses. We asked Wallace King to explain why the time spent in an exit interview should be billable to the estate. Wallace King responded as follows:

These are not billable charges and we agree to delete them.

We appreciate the response and thus recommend a reduction of $380.00 in fees.

4.      We noted four instances in which the summary of hours differs from the parenthetical

entries.  The total fee discrepancy is $1,030.50.  The entries are provided below.

On March 10, 2004, CHM has a time entry listed as 2.10 hours for a total fee of $997.50.  The parenthetical entries total only 1.20 hours for a fee of $570.00.  The difference is $427.50.

| | | | |
|---|---|---|---|
| 03/10/04 | CHM | 2.10 | Travel to NJ for meeting with Agnello and all parties' meeting (1.2).  (Note: Travel time billed at 50%; 10% here and 40% at end of statement) |

On March 11, 2004, NAB has a time entry listed as 7.50 hours for a total fee of $502.50.  The parenthetical entries total only 4.50 hours for a fee of $301.50.  The difference is $201.00.

| | | | |
|---|---|---|---|
| 03/11/04 | NAB | 7.50 | Review and analyze documents to be integrated into existing case files (4.5). |

On March 16, 2004, NAB has a time entry listed as 7.50 hours for a total fee of $502.50.  The parenthetical entries total only 4.00 hours for a fee of $268.00.  Difference in fees is $234.50.

| | | | |
|---|---|---|---|
| 03/16/04 | NAB | 7.50 | Analyze documents received from several EPA Regional offices (4.0). |

On March 17, 2004, NAB has a time entry listed as 7.50 hours for a total fee of $502.50.  The parenthetical entries total only 5.00 hours for a fee of $335.00.  Difference in fees is $167.50.

| | | | |
|---|---|---|---|
| 03/17/04 | NAB | 7.50 | Continue to analyze documents received from several EPA Regional offices (5.0). |

We asked Wallace King to review the entries and confirm that they are inadvertent miscalculations, or, if not, to provide detail to explain the discrepancies.  Wallace King responded as follows:

> The time listed in the parenthetical is correct and the erroneous calculation was an inadvertent mistake.

We appreciate the response and thus recommend a reduction of $1,030.50 in fees.

5.      In our initial report, we noted two hotel entries totaling $1,431.53 that appear to be excessive.  The entries are provided below.

| | |
|---|---|
| W. Hughes - Hotel in New York for Brown deposition on 2/11/04 | 508.14 |
| C. Marraro - Hotel in Newark on 12/17-18/03 (2 nights) | 923.39 |

For most cities we recommend a ceiling of $250.00 per night for hotel expense, with a suggested ceiling of $350.00 per night for New York and other select cities. We asked Wallace King to explain why these entries should not be viewed as excessive. Wallace King responded as follows:

> The hotel bill for Dr. Brown is a disbursement paid by Wallace King and then billed to the client. Wallace King had no control over the expert's charge. The Marraro charge was unavoidable as there were no vacancies on those days at New York hotels at normal rates and the premium rate had to be paid.

We appreciate the response, and we concur that in the first instance Wallace King should not be held responsible for any overcharge relating to Dr. Brown's stay. For the entry regarding Mr. Marraro's stay, we do not find the explanation sufficiently compelling to alter our suggested ceiling for hotel rates and thus recommend a reduction of $223.39 in expenses.

6.    We noted an auto rental expense of $375.74 which appears excessive compared to similar rental expenses contained in the application. The entry is provided below.

C. Marraro - Auto Rental in Newark on 11/04/03 - 2 days                375.74

We asked Wallace King to explain any special circumstances that may have caused this rental to be so much higher than the others listed in the application. Wallace King responded as follows:

> The charge was for three days not two as the car was picked up in the morning and returned in the afternoon.

We accept this explanation and offer no objection to this expense.

7.    We further noted three meal expense entries totaling $1,165.68 which appear to be excessive. The entries are provided below.

C. Marraro - Dinner meeting on 1/03/04 with Mr. & Mrs.                514.67
           Sentfelben and Mr. And Mrs. Nagy

C. Marraro - Meal with Messrs. Nagy, Agnello and McGuire in          302.01
           Summit, NJ on 11/06/03 (4 people)

C. Marraro - Meals dinner with Agnello, Hughes, Flax, Marraro in DC 11/24/03   249.00

We suggest a ceiling of $50.00 per person for dinner expense.  We asked Wallace King to explain why these entries should not be viewed as excessive.  Wallace King responded as follows:

> The 1/3/04 dinner was actually for 7 persons as Mr. And Mrs. Agnello and Mrs. Marraro were also at dinner.  However, we did not include Mrs. Agnello and Mrs. Marraro in computing the amount except for the tip and taxes.  The 11/6/03 was necessary to prepare for a significant meeting with the Special Master.  Dinner was held in NYC which is typically more than $50/person.  The 11/24/03 dinner included taxes and tip which brings the total food bill to $50/person.

We appreciate the response.  For the January 3, 2004, expense, we believe that Wallace King's decision not to include three of the diners in the expense citation was appropriate and that the expense should thus be reviewed as listed.  In that light, we recommend a reduction of $264.67 for this expense.  For the November 6, 2003, expense, we recommend a reduction of $102.01.  For the November 24, 2003, expense, we recommend a reduction of $49.00.  Thus, for the three instances listed in the paragraph, we recommend a total reduction of $415.68 in expenses.

## CONCLUSION

8.    Thus, we recommend approval of fees totaling $270,855.70 ($272,266.20 minus $1,410.50) and costs totaling $29,828.67 ($30,467.74 minus $639.07) for Wallace King's services from January 1, 2004, through March 31, 2004.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By:_____
              Warren H. Smith
              Texas State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 1275
Dallas, Texas  75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**


**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 23rd day of August, 2004.

_____
              Warren H. Smith

**SERVICE LIST**
Notice Parties

**The Applicant**

Christopher H. Marraro, Esq.
Wallace King Marraro & Branson PLLC
1050 Thomas Jefferson St. N.W.
Washington, DC 20007

**The Debtors**

David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**

James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**

Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**

Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph,Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**

Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE  19801

**<u>Official Committee of Equity Holders</u>**

Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**<u>United States Trustee</u>**

Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801