## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | § | **Chapter 11** |
| | § | |
| **W.R. GRACE & CO., et al.,** | § | **Jointly Administered** |
| | § | **Case No. 01-01139 (JKF)** |
| Debtors. | § | |
| | § | |

### FEE AUDITOR'S FINAL REPORT REGARDING
### FEE APPLICATION OF KIRKLAND & ELLIS
### FOR THE TWELFTH INTERIM PERIOD

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the <u>Fee Application of Kirkland & Ellis for the Twelfth Interim Period</u>.

### BACKGROUND

1.      Kirkland & Ellis was retained as counsel to the Debtors.  In the Application, Kirkland & Ellis seeks approval of fees totaling $1,136,980.50 and costs totaling $56,439.68 for its services from January 1, 2004, through March 31, 2004.

2.      In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued January 30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the United States

Bankruptcy Court for the District of Delaware, the United States District Court for the District of

Delaware, and the Third Circuit Court of Appeals.  We served on K&E an initial report based on our

review, and received a response from K&E, portions of which response are quoted herein.

### DISCUSSION

3.    In our initial report, we noted that on March 2, 2004, four firm members participated

in a conference call.  The time spent including any preparation time was 11.10 hours for a total fee

of $4,922.00.  The entries are provided below.

| | | | |
|---|---|---|---|
| 03/01/04 | JSB | 0.50 | Review materials in preparation for meeting with clients on claims approach and analysis. |
| 03/01/04 | WFH | 0.60 | Telephone conference re conference call on March 2 with representatives from Grace and claims adjudication procedures (.2); prepare for 2 conference calls re claims adjudication process (.4). |
| 03/02/04 | JSB | 2.80 | Participate in call with Grace claims team on claims analysis, status and approach (2.5);....... |
| 03/02/04 | RS | 5.30 | .........; prepare for and attend telephone conference with client re heading up claims analysis process (3.0);......... |
| 03/02/04 | WFH | 3.80 | Conference call with Grace representatives re the resolution of pending claims remaining against the estate and procedures for resolving same (2.0);........ |
| 03/02/04 | SB | 3.00 | Telephone conference with client concerning claims, claims objections, and process for resolving claims (2.5);.... |

We asked K&E to explain why it was necessary for four members of the firm to participate in this

call.  K&E responded as follows:

The Initial Report asks why it was necessary for four professionals to participate in
a meeting on March 1, 2004 concerning the analysis and resolution of claims filed
against Grace's estates.  This meeting concerned the process and assignment of

responsibility for addressing the (approximately) 15,000 claims that were filed against Grace's estates pursuant to the March 31, 2003 claims bar date. All four of the K&E professionals were needed for this conference because each professional is responsible for specific segments of this expansive project.

During Grace's February 2004 omnibus hearing, Judge Fitzgerald directed Grace to move swiftly with the resolution of the approximately 15,000 claims that were filed pursuant to Grace's March 31, 2003 claims bar date. The March 1, 2004 telephonic conference was held between representatives of W.R. Grace and K&E to: (i) determine the company's status with respect to reviewing and categorizing these claims, (ii) discuss timing, strategies, and logistics for filing objections to these claims, (iii) determine a general framework for resolving all of the claims, and (iv) discussing and assigning specific individuals and professionals that would be responsible for addressing each category of claims.

To efficiently cope with the workload associated with a project of this size, both K&E and the Debtors have adopted a team approach with respect to various facets of the claims resolution process. The attorneys participated on the call were necessary because each has discrete responsibilities with respect to the claims resolution process. In particular, Rachel Schulman (RS) and William Hurley (WFH) are responsible for general claims resolution matters and the preparation and filing of omnibus objections. Janet Baer (JSB) and Samuel Blatnick (SLB) are responsible for the resolution of contested claims, particularly with respet to litigation and environmental matters, and coordinating the claims resolution process within the general framework of these bankruptcy cases. Therefore, all four individuals were needed to (i) provide input into potential roadmaps and (ii) maintain apprised of the status and game-plans with respect to the claims resolution process.

We appreciate the response and offer no objection to these fees.

4.      We noted that on March 23, 2004, JCO, MEG and CL attended a meeting. The time spent including any preparation time was 24.90 hours for a total fee of $11,200.50. The entries are provided below.

| | | | |
|---|---|---|---|
| 03/23/04 | JCO | 10.50 | Meeting with K. Coggon and W.R. Grace officials re Libby Ninth Circuit brief. |
| 03/23/04 | MEG | 5.40 | Prepare for and participate in meeting with K. Coggon re Libby appeal brief (1.3); meet with same and D. Siegel, W. |

Corcoran, and R. Emmett to review and revise Libby appeal brief (4.1).

03/23/04    CL    9.00    Meeting with team to discuss appellate brief.

We asked K&E to explain why it was necessary for all three to attend the meeting as well as addressing the variance among the three participants in the time spent at the meeting.  K&E responded as follows:

> This day-long meeting concerned K&E legal strategy with respect to Grace's pending Ninth Circuit appeal in the Libby matter.  John O'Quinn (JCO) is the principle associate researching and drafting the brief.  Mr. O'Quinn billed 10.50 hours to (i) prepare for the meeting (1.5 hours) and (ii) attend the meeting (9 hours).  In particular Mr. Quinn's preparation included researching and summarizing issues to be discussed during the meeting.  Chris Landau is the partner overseeing strategy and drafting of the brief.  He attended the meeting (9 hours), but did incur any time to prepare for the meeting, which is why his time is 1.50 hours less than Mr. O'Quinn's time.  Finally, Mark Grummer only spent 1.30 hours to prepare for and attend this meeting because he is an environmental specialist who works with CERCLA and Superfund matters on a regular basis.  Mr. Grummer participated in only a small fraction of the day-long meeting pertaining to his areas of expertise.  Mr. Grummer's remaining time (4.1 hours) was spent revising the brief based upon information obtained during the course of the meeting.

We appreciate the response and offer no objection to these fees.

5.    In our initial report, we noted that during the month of February, 2004, SAA spent a 47.90 hours for a total fee of $12,933.00 on research and preparation of a summary regarding Proof of Claim issues and strategy.  The entries are provided below.

02/17/04    SAA    3.20    Research re class Proof of Claim issues and strategy.

02/18/04    SAA    6.70    Research re class Proof of Claim issues and strategy.

02/19/04    SAA    8.00    Research re class Proof of Claim issues and strategy.

02/20/04    SAA    3.00    Research re class Proof of Claim issues and strategy.

02/21/04    SAA    2.20    Research re class Proof of Claim issues and strategy.

| 02/23/04 | SAA | 8.40 | Research re class Proof of Claim issues and strategy. |
| 02/04/04 | SAA | 6.70 | Research re class Proof of Claim. |
| 02/25/04 | SAA | 8.50 | Research re class Proof of Claim and draft bullet point summary. |
| 02/26/04 | SAA | 1.20 | Draft summary of Class Proof of Claim research (1.0); telephone conference re same (.2). |

We asked K&E to more fully explain the nature of the research and to address the reasons so many hours were required to complete it. We also asked K&E to address the ultimate use of the summary.

K&E responded as follows:

> The research that Ms. Arbeit performed concerns the allowability and requirements for class proof of claims in the context of bankruptcy, which is a complicated and convoluted issue. Specifically, Ms. Arbeit's research focused on (i) whether class proof of claims are permissible in the context of mass-tort bankruptcies, (ii) the factors that courts (those that permit class proofs of claims) examine when they determine whether class proofs of claim are appropriate, (iii) procedure that class proofs of claim need to follow, and (iv) representative lawyer's ability to vote for class. Her research included a detailed analysis of (i) applicable federal statutes, (ii) reported cases, (iii) unreported cases, and (iv) confirmed plans of reorganization that incorporated class proofs of claims, and it culminated with the preparation of a memorandum, which summarized her findings.
>
> Ms. Arbeit's task was time-intensive because courts have taken differing views with respect to the allowability of class proofs of claims, and the courts that have allowed such proofs of claims have adopted differing requirements and standards. Ms. Arbeit's research is being utilized by the Debtors in exploring and evaluating the potential contours of reorganization plans that may be proposed by the Debtors and issues that certain constituencies have raised in that regard. Therefore, her research was necessarily thorough. Given the complexity and importance of this research, K&E believes that the time that Ms. Arbeit spent to (i) research this issue and (ii) document her findings is entirely reasonable.

We appreciate the response and have no objection to these fees.

6.    In our initial report, we noted five instances in which the summary of hours differs from the parenthetical entries. The total fee discrepancy is $2,225.50. The entries are provided

below.

On January 4, 2004, DMB has a time entry listed as 7.80 hours for a total fee of $5,850.00.  The parenthetical entries total only 5.80 hours for a  fee of $4,350.00. The difference is $1,500.00.

| | | | |
|---|---|---|---|
| 01/04/04 | DMB | 7.80 | Participate in telephone conference with Coleman re depositions (.8); preparation for depositions (5.0). |

On January 16, 2004, RL has a time entry listed as 4.50 hours for a total fee of $945.00.  The parenthetical entries total only 4.20 hours for a  fee of $882.00. The difference is $63.00.

| | | | |
|---|---|---|---|
| 01/16/04 | RL | 4.50 | Review and analyze briefs filed re Wolin Recusal (2.2); inter-office conference re same (.5); arrange logistics re receiving consolidated appendix (1.); inter-office conference re same (.5). |

On January 29, 2004, JWK has a time entry listed as 5.80 hours for a total fee of $3,161.00.  The parenthetical entries total only 5.60 hours for a fee of $3,052.00.  The difference is $109.00.

| | | | |
|---|---|---|---|
| 01/29/04 | JWK | 5.80 | Review removal extension motion (1.1); review settlement agreement with Missouri Department of Natural Resources (.7); develop strategy re response to same (.4); review National Unions response to summary judgment motion (2.2); develop response strategy re same (.8); attend to issues re Gerard appeal (.4). |

On March 4, 2004, WFH has a time entry listed as 1.70 hours for a total fee of $459.00.  The parenthetical entries total only 1.30 hours for a fee of $351.00.  Difference in fee total is $108.00.

| | | | |
|---|---|---|---|
| 03/04/04 | WFH | 1.70 | Review correspondence from S. Herrschaft at BMC and attached documents re various objection reports for non-asbestos claims as well as asbestos monitoring claims telephone conference re bar date notices sent to various scheduled claimants (.2); office conferences re status of scheduled litigation claim analysis and related finding and information on the receipt of bar date notices (.5); review and respond to correspondence with W. Sparks re review of bar date notice issues with regard to various scheduled litigation claims and related issues (.6). |

On March 18, 2004, CJL has a time entry listed as 3.50 hours for a total fee of $1,417.50.  The parenthetical entries total only 3.00 hours for a  fee of $1,215.00.  Difference in fee total is $202.50.

| 03/18/04 | CJL | 3.50 | Revise motion to extend time to assume or reject leases (2.0); telephone conferences and office conferences re same (1.0). |

We asked K&E to review the entries and confirm that they are inadvertent miscalculations, or, if not, to provide detail to explain the discrepancies. K&E responded as follows:

> The Initial Report identifies five instances were the summary of hours differs from the parenthetical time entries. Based upon a review of the attorneys' notes, the respective time entries should be reduced as noted in the Initial Report. K&E agrees with the reduction of $2,225.50.

We appreciate the response and thus recommend a reduction of $2,225.50 in fees.

7.    We noted nine meal expense entries totaling $624.44 which lack sufficient detail to fairly assess them. The entries are provided below.

| 12/29/2003 | 32.08 | Samuel Blatnick, Overtime Meal-Attorney, Chicago, 12/29/03, (Overtime Meals), Overtime Meal |
| 1/3/2004 | 43.46 | Janet Baer, Overtime Meal-Attorney, Chicago,IL, 01/03/04, (Overtime Meals |
| 1/3/2004 | 49.30 | Rhonda Lopera, Overtime Meal-Legal Assistant, Chicago,IL, 01/03/04, (Overtime Meals) |
| 1/4/2004 | 35.17 | Samuel Blatnick, Overtime meal-Attorney, Chicago, 01/04/04, (Overtime Meals), Overtime Meal |
| 1/6/2004 | 32.82 | Samuel Blatnick, Overtime meal-Attorney, Chicago, 01/06/04, (Overtime Meals), Overtime Meal |
| 2/19/2004 | 102.98 | HIGH NOON ALWAYS, INC. - Working Meals/K&E and Others LUNCH ON 2/19/04 FOR CLANDAU AND ABOVE CLIENT |
| 3/03/04 | 153.45 | FESTIVE FOODS - Working Meals/K&E and Others LUNCH ON 3/4/04 WITH D. BEREK AND ABOVE CLIENT |
| 3/03/04 | 45.10 | FESTIVE FOODS - Working Meals/K&E and Others BREAKFAST ON 3/4/04 FOR D. BEREK AND ABOVE CLIENT |
| 3/23/04 | 130.08 | FESTIVE FOODS - Working Meals/K&E and Others LUNCH ON |

3/23/04 FOR CLANDAU AND ABOVE CLIENT

We asked K&E to provide the number of diners present at each meal and to specify for each entry

whether the meal represented breakfast, lunch or dinner.  K&E responded as follows:

> With respect to the five overtime meals, K&E has a policy whereby
> employees that work overtime - either during evenings or on weekends - may bill
> their working overtime-meals to the client for which they are serving.  The five
> entries identified in the Initial Report each relate to instances where the respective
> professionals were called upon to work overtime, and they submitted an expense
> report for the cost of their respective meals.  These meals are consistent with K&E's
> policies and the terms of the retention agreement by which K&E was engaged.
>
> K&E's policy provides that meetings between K&E professionals and the
> client may be catered when such meetings occur during traditional meal-times.  This
> policy allows for participants to continue working, without the delay and related
> inconveniences associated with an adjournment for a meal.  The four entries for
> working meals each represent the cost of meals consumed during meetings between
> K&E professionals and representatives of W.R. Grace.  In particular, (i) the March
> 3, 2004 breakfast ($45.10) and lunch ($153.45) reflect the cost of the lunch and
> breakfast that were ordered for the K&E and Grace representatives (8 total) that took
> place in a full-day meeting concerning W.R. Grace's pending Ninth Circuit Appeal;
> (ii) the ($102.98) lunch on February 19, 2004 was for a working-meal between Chris
> Landau and Grace representatives (6 total) that was incurred while K&E was working
> on Grace's Third Circuit brief for the Maryland Casualty matter; and (iii) the March
> 23, 2004 lunch ($130.08) was similarly incurred during a meeting between Grace
> representatives and Chris Landau, John O'Quinn, and others (8 total) relating to the
> Ninth Circuit appeal.  Therefore, these costs were all incurred in connection with
> working meals, and K&E submits that these costs are entirely reasonable and
> consistent with (i) the retention order by which K&E was engaged and (ii) K&E's
> internal policies.

We accept this explanation and offer no objection regarding these expenses.

> 8.      Finally, we noted three beverage expenses totaling $53.00.  The entries are provided

below.

| 3/06/04 | 18.00 | Working Meals/K&E and Others BEVERAGES-02/18/04 |
| 3/06/04 | 15.00 | Working Meals/K&E and Others BEVERAGES-02/19/04 |
| 3/06/04 | 20.00 | Working Meals/K&E and Others BEVERAGES-02/19/04 |

We asked K&E to explain the nature of these beverage expenses.  K&E responded as follows:

The Initial Report identifies three beverage expenses.  Each of the beverage expenses relates to a working meal.  As noted above, when lengthy meetings between the client and K&E overlap traditional meal-times, K&E typically will have such meetings catered.  The first beverage expense relates to a meeting on Sunday, February 18, 2004 between Grace and K&E concerning the Maryland Casualty Third Circuit appellate brief**.**  The second two entries relate to the costs of beverages for the February 19, 2004 working-lunch that was addressed in the preceding section.

We accept this explanation and offer no objection to these expenses.

## CONCLUSION

9.      Thus we recommend approval of fees totaling $1,134,755.00 ($1,136,980.50 minus $2,225.50) and costs totaling $56,439.68 for K&E's services from January 1, 2004, through March 31, 2004.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By:_____

Warren H. Smith
Texas State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 1275
Dallas, Texas  75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 25th day of August, 2004.

_____
Warren H. Smith

**SERVICE LIST**
Notice Parties

**The Applicant**

James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

**The Debtors**

David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**

James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**

Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**

Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph,Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**

Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE  19801

**Official Committee of Equity Holders**

Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**

Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801