# Attachment 2

# Affidavit of W. Brian McGowan

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

### AFFIDAVIT OF W. BRIAN MCGOWAN WITH RESPECT TO DEBTORS' PROPOSED SALE OF THEIR DAREX FACILITY IN ATLANTA, GEORGIA

| | |
|---|---|
| STATE OF MARYLAND | ) |
| | ) ss |
| HOWARD COUNTY | ) |

W. Brian McGowan, being duly sworn, deposes and says:

1.  I am the Senior Vice President, Administration of W. R. Grace & Co.-Conn. ("Grace"), one of the above captioned debtors and debtors in possession (collectively, the "Debtors"). All facts set forth in this Affidavit are based on my personal knowledge, upon

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

information supplied to me by the Debtors or upon my opinion based upon my experience and knowledge of Grace's businesses.

2. Further, I am generally familiar with the operations and ordinary course of business of Grace and the Debtors.

3. I have reviewed the Debtor's Notice of Proposed Sale of Their Darex Facility in Atlanta, Georgia Pursuant to that Certain Order Establishing Procedures for the Sale of De Minimis Assets and concur with the facts and conclusions set forth therein. In furtherance and support of the facts set forth therein, I note the following:

(a) The Darex Facility was shut down by Grace in late 2001, and is of no further purpose to Grace.

(b) The offer set forth in the Alchem Sale Agreement is the highest and best offer received by Grace during the entire time Grace and/or its agents marketed the property for sale.

(c) The carrying costs to Grace, which approximate $265,000 per annum, represent approximately 31% of the entire market value of the Darex Facility. Based on the poor market conditions in the Atlanta area generally and the Fulton Industrial Park more specifically, as well as the fact that the Darex Facility is a manufacturing facility located in a distribution park, it is unlikely in the foreseeable future that the value of the property would increase enough to offset the carrying costs if Grace were to continue to hold the property.

(d) Environmental issues associated with the property will adversely impact Grace's ability to attract subsequent purchasers for this property.

4. For the foregoing reasons, the Debtors believe that the sale price reflected in the Alchem Sale Agreement will provide fair value to Debtors for this asset.

5. The sale complies with Debtors' internal management policies.

I declare under penalty of perjury that the foregoing is true and correct.

*W. Brian McGowan*
W. Brian McGowan
Senior Vice President, Administration

SWORN and SUBSCRIBED
before me on this 25th day
of August, 2004.

*M. Beth Eller*
Notary Public

> M. BETH ELLER
> NOTARY PUBLIC
> HOWARD COUNTY
> MARYLAND
> MY COMMISSION EXPIRES APRIL 18, 2006