UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

FILED
2004 AUG 30 AM 11: 59
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

IN RE:  W. R. GRACE & COMPANY     :     CASE NO. 01-01139

                                   :     CHAPTER 11

### IF AND ONLY IF NOTICE OF HEARING

NOTICE IS HEREBY GIVEN THAT a hearing on the Motion for Relief from Automatic Stay filed by David Slaughter shall be heard on September 27, 2004, at 12:00 p.m., before the U. S. Bankruptcy Judge, Honorable Judge Judith K. Fitzgerald, in the Bankruptcy Courtroom located at 824 Market Street, 6th Floor, Courtroom #2, 824 Market Street, Wilmington, Delaware 19801.

The RESPONSE DEADLINE to answer, object, or oppose (and file same with respect to) the instant Motion is the September 20, 2004.

DATED: August 30, 2004

### CERTIFICATE OF SERVICE

I hereby certify that a copy of this Notice was mailed postage prepaid and properly addressed to all counsel of record.

ROGER G. BURGESS #3665



UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

FILED
2004 AUG 30 AM 11: 59

US BANKRUPTCY COURT
DISTRICT OF DELAWARE

IN RE:  W. R. GRACE & COMPANY          :          CASE NO. 01-01139

                                       :          CHAPTER 11

## MOTION TO LIFT AUTOMATIC STAY

NOW INTO COURT, through undersigned counsel comes, DAVID SLAUGHTER, who moves this Court to lift and/or modify the Stay granted in the above-captioned proceeding, to allow DAVID SLAUGHTER to proceed to exercise his cause of action for the following reasons, to wit:

1.

The Debtor herein filed a petition under Chapter 11 of the Bankruptcy Code on April 2, 2001.

2.

On September 20, 2001, David Slaughter filed a Petition for Damages in the 14th Judicial District Court, Calcasieu Parish, State of Louisiana, entitled "David Slaughter Versus No. 2001-4742 Turner Industries, Ltd. and W. R. Grace & Company", for damages sustained in a personal injury.

3.

As a result of the personal injury the Debtor is indebted to David Slaughter for monetary damages that need to be determined in the above described state court proceedings. It is the position of David Slaughter that the debt owed by Debtor is non-dischargeable in bankruptcy.

4.

As a result of the filing of the bankruptcy and the issuance of the Stay Order, David Slaughter, is unable to pursue discovery and pursue his petition for damages.

5.

David Slaughter is entitled to have the Stay lifted and/or modified as against the Debtor, W. R. Grace & Company, all as provided in the Bankruptcy Code.

WHEREFORE, Mover prays that upon a hearing of the motion herein that the Stay Order be lifted and/or modified so as to permit the Mover to continue discovery and have the matter set for trial.

Mover further prays for such relief as is just in the premises.

Mover further prays that the Order sought herein continue in effect in the event that these proceedings are converted to any other chapter for relief under the Bankruptcy Code and that the provisions of the Bankruptcy Rule 4001 (a) (3) be waived and the order sought herein be in full force and effect upon signature by the Court.

By His Attorneys,
BAGGETT, McCALL, BURGESS,
WATSON & GAUGHAN
(A Professional Law Corporation)

By: _____
ROGER G. BURGESS #3665
3006 Country Club Road
P.O. Drawer 7820
Lake Charles, LA 70606-7820
(337) 478-8888 : Telephone
(337) 478-8946 : Telecopier

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion to Lift Automatic Stay has been served upon all counsel for all parties to this proceeding by mailing the same to each by First Class United States Mail, postage prepaid and properly addressed on this 30th day of August, 2004.

ROGER G. BURGESS