IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Objection Due By: September 21, 2004 at 4:00 p.m.** |
| | ) | **Hearing Date: September 27, 2004 at 12:00 p.m.** |

### SECOND INTERIM APPLICATION OF DELOITTE & TOUCHE LLP FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR JANUARY 1, 2004 THROUGH MARCH 31, 2004

<u>Name of Applicant</u>:   Deloitte & Touche LLP  ("Deloitte & Touche").

<u>Authorized to Provide Professional Services to</u>:  The above-captioned debtors and debtors-in-possession.

<u>Date of Retention</u>:  February 4, 2003.

<u>Period for which Compensation and Reimbursement is Sought</u>:  January 1, 2004 through March 31, 2004.

<u>Amount of Compensation Sought as Actual, Reasonable and Necessary</u>:  $151,981.00.[2]

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Some professional time that was spent during the Interim Period may be reflected in a subsequent application.

<u>Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary:</u>

$50.00.

This is a:      __monthly    _X_ interim    __ final application.

Prior Applications filed:

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 10/31/03 | 02/04/03-02/28/03 | $12,938.00 | $0.00 | $12,938.00 | $0.00 |
| 01/23/04 | 03/01/03-03/31/03 | $45,454.00 | $0.00 | $45,454.00 | $0.00 |
| 02/20/04 | 04/01/03-04/30/03 | $49,357.00 | $3,396.00 | $49,357.00 | $3,396.00 |
| 02/20/04 | 05/01/03-05/31/03 | $79,822.00 | $6,649.00 | $79,822.00 | $6,649.00 |
| 02/20/04 | 06/01/03-06/30/03 | $50,388.00 | $410.00 | $50,388.00 | $410.00 |
| 03/10/04 | 07/01/03-07/31/03 | $66,168.00 | $2,427.00 | $66,168.00 | $2,427.00 |
| 03/10/04 | 08/01/03-08/31/03 | $59,593.00 | $106.00 | $59,593.00 | $106.00 |
| 03/10/04 | 09/01/03-09/30/03 | $84,261.00 | $1,487.00 | $84,261.00 | $1,487.00 |
| 04/20/04 | 10/01/03-10/31/03 | $129,621.00 | $3,500.00 | $129,621.00 | $3,500.00 |
| 04/20/04 | 11/01/03-11/30/03 | $44,352.00 | $2,708.00 | $44,352.00 | $2,708.00 |
| 04/20/04 | 12/01/03-12/31/03 | $29,954.00 | $1,078.00 | $29,954.00 | $1,078.00 |
| 06/16/04 | 01/01/04-01/31/04 | $34,441.00 | $50.00 | Pending per this interim application | Pending per this interim application |
| 06/16/04 | 02/01/04-02/28/04 | $36,391.00 | $-0- | Pending per this interim application | Pending per this interim application |
| 06/16/04 | 03/01/04 | $81,149.00 | $-0- | Pending per this interim application | Pending per this interim application |

## COMPENSATION BY PROFESSIONAL

| Name of Professional | Position of Applicant | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Nick Bubnovich | Partner - Human Capital | $625 | 3.00 | $1,875.00 |
| John Covington | Senior Manager – National Tax | $515 | 11.50 | $5,922.50 |
| Fran Meder | Exp. Sr. Consultant | $285 | 14.60 | $4,161.00 |
| Jane Zeis | Senior Manager – Human Capital | $500 | 1.80 | $900.00 |
| Allison Prybylo | Sr. Consultant – Human Capital | $285 | 21.30 | $6,070.50 |
| Darla Yager | Admin. Assist. – Human Capital | $65 | 4.30 | $279.50 |
| Darla Yager | Admin. Assist. – Human Capital | $67 | 0.80 | $53.00 |
| John Forest | Senior Manager – National Tax | $515 | 47.00 | $24,205.00 |
| Bryan Collins | Partner- National Tax | $600 | 50.00 | $30,000.00 |
| Glenn Carrington | Partner- National Tax | $600 | 1.00 | $600.00 |
| John Keenan | Senior Manager- National Tax | $585 | 5.00 | $2,925.00 |
| John Keenan | Senior Manager- National Tax | $515 | 2.70 | $1,390.50 |
| Sarah Mahn | Manager – National Tax | $475 | 75.00 | $35,625.00 |
| Tim Tuerff | Partner- National Tax | $600 | 1.20 | $720.00 |
| Matthew Frank | Sr. Consultant – Customs and International Tax | $340 | 19.50 | $6,630.00 |
| Michelle McGuire | Principal- Customs & International Tax | $660 | 1.00 | $660.00 |
| Robin Raley | Associate - Customs and International Tax | $230 | 26.40 | $6,072.00 |
| Melissa Stephanou | Manager – Customs & International Tax | $440 | 54.30 | $23,892.00 |

Total Fees:      $151,981.00
Total Hours:      340.40
Blended Rate:  $346.48

## COMPENSATION FOR CUSTOMS TAX PROCEDURES REVIEW SERVICES BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees Requested |
|---|---|---|
| Customs Audit | 70.00 | $28,543 |

## COMPENSATION FOR COMPENSATION AND BENEFITS SERVICES BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees Requested |
|---|---|---|
| German Benchmarking | 7.30 | $2,761 |
| International Compensation Benchmarking | 6.50 | $2,193 |
| Hong Kong Compensation Benchmarking | 1.80 | $513 |
| Compensation | 3.10 | $1,056 |

## COMPENSATION FOR NATIONAL TAX ADVISORY SERVICES BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees Requested |
|---|---|---|
| IRS Controversy Issues | 59.40 | $31,191 |
| IRS Issues/Consolidated Return Tax Consulting | 34.00 | $19,013 |
| Ruling Request | 100.00 | $51,185 |

## COMPENSATION FOR MONTHLY STATEMENT AND FEE APPLICATION PREPARATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees Requested |
|---|---|---|
| Fee Applications Preparation/Billing | 58.30 | $15,526 |

## EXPENSE SUMMARY

| Expense Category | Service Provider (if applicable) | Total Expense |
|---|---|---|
| Travel Expenses | | $50 |

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. **01-1139 (JKP)** |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) **Objection Due By: September 21, 2004 at 4:00 p.m.** | |
| | ) **Hearing Date: September 27, 2004 at 12:00 p.m.** | |

## SECOND INTERIM APPLICATION OF DELOITTE & TOUCHE LLP FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR JANUARY 1, 2004 THROUGH MARCH 31, 2004

Pursuant to sections 330 and 331 of title 11 of the United States Code (the

"Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), and the Court's 'Amended Administrative Order Under 11 U.S.C.

§§ 105(a) and 331 Establishing Procedures for Interim Compensation and

Reimbursement of Expenses for Professionals and Official Committee Members', signed

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

April 17, 2002, amending the Court's 'Administrative Order Pursuant to Sections 105(a)

and 331 of the Bankruptcy Code Establishing Procedures for Allowance and Payment of

Monthly Interim Compensation and Reimbursement of Expenses of Professionals',

entered May 3, 2001 (together, the "Administrative Order"), the firm of Deloitte &

Touche LLP ("Deloitte & Touche") hereby files this Second Interim Application of

Deloitte & Touche LLP for Compensation and for Reimbursement of Expenses for

January 1, 2004 through March 31, 2004 (the "Second Fee Application"). By this

Second Fee Application Deloitte & Touche seeks the interim allowance of compensation

in the amount of $151,981.00 and reimbursement of actual and necessary expenses in the

amount of $50.00 for a total of $152,031.00 for the period January 1, 2004 through

March 31, 2004 (the "Interim Period"). In support of this Second Fee Application,

Deloitte & Touche respectfully represents as follows:

**Background**

1.      On April 2, 2001 (the "Petition Date"), each of the debtors (collectively,

the "Debtors") filed a voluntary petition for relief under chapter 11 of the Bankruptcy

Code. Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors are

continuing to operate their businesses and manage their properties and assets as debtors

in possession. Since the Petition Date, the U.S. Trustee has appointed the following

creditors' committees: Official Committee of Unsecured Creditors, Official Committee

of Asbestos Personal Injurcy Claimants, Official Committee of Asbestos Property

Damage Claimants, and Official Committee of Equity Security Holders (collectively, the "Committees"). No trustee has been appointed in the Debtors' chapter 11 cases.

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2).

3.      On April 2, 2001, the Court entered its order that the Debtors' chapter 11 cases be consolidated for procedural purposes only and administered jointly.

4.      By this Court's order dated June 17, 2003, the Debtors were authorized to retain Deloitte & Touche to provide customs procedures review services, tax advisory services, and compensation and benefits services during the pendency of these chapter 11 cases, effective as of February 4, 2003 (the "Retention Order"). The Retention Order authorizes Debtors to compensate Deloitte & Touche's hourly rates charged for services of this type and to be reimbursed for actual and necessary out-of-pocket expenses that it incurred, subject to application to this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, all applicable local rules and orders of this Court.

5.      Pursuant to the procedures set forth in the Administrative Order, professionals may request monthly compensation and reimbursement, and interested parties may object to such requests. If no interested party objects to a professional's request within twenty (20) days, the applicable professional may submit to the Court a certification of no objection authorizing the interim compensation and reimbursement of eighty percent (80%) of the fees requested and 100% of the expenses requested, subject

to the filing and approval of interim and final fee applications of the professional. The
professional is also to file a quarterly interim fee application.

      6.     Attached hereto as Appendix A is the Verification of Tim Tuerff.

<b><u>Previously Filed Monthly Fee Applications</u></b>

      7.     Prior to the filing of this Second Fee Application, Deloitte & Touche filed
with the Court, pursuant to the Amended Order, the following monthly fee applications:

      8.     On or about October 31, 2003, Deloitte & Touche filed the First Monthly
Application of Deloitte & Touche LLP for Compensation for Services Rendered and
Reimbursement of Expenses to the Debtors for the Period from January 1, 2003 through
February 28, 2003 (the "First Monthly", Docket No. 4647) requesting $12,938.00 in fees.
No objections were received with respect to the First Monthly, and a certificate of no
objection was filed on November 21, 2003 (Docket No. 4726).

      9.     On or about January 23, 2004, Deloitte & Touche filed the Second
Monthly Application of Deloitte & Touche LLP for Compensation for Services Rendered
and Reimbursement of Expenses to the Debtors for the Period from March 1, 2003
through March 31, 2003 (the "Second Monthly", Docket No.4973) requesting $45,454.00
in fees. No objections were received with respect to the Second Monthly, and a
certificate of no objection was filed on March 25, 2004 (Docket No. 5347).

      10.    On or about February 20, 2004, Deloitte & Touche filed the Third
Monthly Application of Deloitte & Touche LLP for Compensation for Services Rendered
and Reimbursement of Expenses to the Debtors for the Period from April 1, 2003 through

April 30, 2003 (the "Third Monthly", Docket No. 5141) requesting $49,357.00 in fees

and $3,396.00 in expenses. No objections were received with respect to the Third

Monthly, and a certificate of no objection was filed on March 25, 2004 (Docket No.

5348).

11.     On or about February 20, 2004, Deloitte & Touche filed the Fourth

Monthly Application of Deloitte & Touche LLP for Compensation for Services Rendered

and Reimbursement of Expenses to the Debtors for the Period from May 1, 2003 through

May 31, 2003 (the "Fourth Monthly", Docket No. 5142) requesting $79,822.00 in fees

and $6,649.00 in expenses. No objections were received with respect to the Fourth

Monthly, and a certificate of no objection was filed on March 25, 2004 (Docket No.

5349).

12.     On or about February 20, 2004, Deloitte & Touche filed the Fifth Monthly

Application of Deloitte & Touche LLP for Compensation for Services Rendered and

Reimbursement of Expenses to the Debtors for the Period from June 1, 2003 through

June 30, 2003 (the "Fifth Monthly", Docket No. 5143) requesting $50,388.00 in fees and

$410.00 in expenses. No objections were received with respect to the Fifth Monthly, and

a certificate of no objection was filed on March 25, 2004 (Docket No. 5350).

13.     On or about March 10, 2004, Deloitte & Touche filed the Sixth Monthly

Application of Deloitte & Touche LLP for Compensation for Services Rendered and

Reimbursement of Expenses to the Debtors for the Period from July 1, 2003 through July

31, 2003 (the "Sixth Monthly", Docket No. 5259) requesting $66,168.00 in fees and

$2,427.00 in expenses. No objections were received with respect to the Sixth Monthly, and a certificate of no objection was filed on April 7, 2004 (Docket No. 5412).

14.    On or about March 10, 2004, Deloitte & Touche filed the Seventh Monthly Application of Deloitte & Touche LLP for Compensation for Services Rendered and Reimbursement of Expenses to the Debtors for the Period from August 1, 2003 through August 31, 2003 (the "Seventh Monthly", Docket No. 5262) requesting $59,593.00 in fees and $106.00 in expenses. No objections were received with respect to the Seventh Monthly, and a certificate of no objection was filed on April 7, 2004 (Docket No. 5413).

15.    On or about March 10, 2004, Deloitte & Touche filed the Eighth Monthly Application of Deloitte & Touche LLP for Compensation for Services Rendered and Reimbursement of Expenses to the Debtors for the Period from September 1, 2003 through September 30, 2003 (the "Eighth Monthly", Docket No. 5263) requesting $84,261.00 in fees and $1,487.00 in expenses. No objections were received with respect to the Eighth Monthly, and a certificate of no objection was filed on April 7, 2004 (Docket No. 5414).

16.    On or about April 20, 2004, Deloitte & Touche filed the Ninth Monthly Application of Deloitte & Touche LLP for Compensation for Services Rendered and Reimbursement of Expenses to the Debtors for the Period from October 1, 2003 through October 31, 2003 (the "Ninth Monthly", Docket No. 5466) requesting $129,621.00 in

fees and $3,500.00 in expenses.  No objections were received with respect to the Ninth

Monthly, and a certificate of no objection was filed on April 7, 2004 (Docket No. 5414)

17.    On or about April 20, 2004, Deloitte & Touche filed the Tenth Monthly

Application of Deloitte & Touche LLP for Compensation for Services Rendered and

Reimbursement of Expenses to the Debtors for the Period from November 1, 2003

through November 30, 2003 (the "Tenth Monthly", Docket No. 5467) requesting

$44,352.00 in fees and $2,708.00 in expenses.  No objections were received with respect

to the Tenth Monthly, and a certificate of no objection was filed on April 7, 2004 (Docket

No. 5414).

18.    On or about April 20, 2004, Deloitte & Touche filed the Eleventh Monthly

Application of Deloitte & Touche LLP for Compensation for Services Rendered and

Reimbursement of Expenses to the Debtors for the Period from December 1, 2003

through March 31, 2004 (the "Eleventh Monthly", Docket No. 5468) requesting

$29,954.00 in fees and $1,078.00 in expenses.  No objections were received with respect

to the Eleventh Monthly, and a certificate of no objection was filed on April 7, 2004

(Docket No. 5414).

### Monthly Fee Applications Covered Herein

19.    The monthly fee applications covered by this Second Interim Fee

Application contain detailed daily time logs describing the actual and necessary services

provided by Deloitte & Touche during the Interim Period as well as other detailed

information required to be included in the fee applications. Those monthly applications, attached hereto as Exhibits A, B, and C, include the following:

20.     On or about June 16, 2004, Deloitte & Touche filed the Twelfth Monthly Application of Deloitte & Touche LLP for Compensation for Services Rendered and Reimbursement of Expenses to the Debtors for the Period from January 1, 2004 through January 31, 2004 (the "Twelfth Monthly", Docket No. 5827) requesting $34,411.00 in fees and $50.00 in expenses. No objections were received with respect to the Twelfth Monthly, and a certificate of no objection was filed on July 7, 2004 (Docket No. 5938). A copy of the Twelfth Monthly is attached hereto as Exhibit A.

21.     On or about June 16, 2004, Deloitte & Touche filed the Thirteenth Monthly Application of Deloitte & Touche LLP for Compensation for Services Rendered and Reimbursement of Expenses to the Debtors for the Period from February 1, 2004 through February 28, 2004 (the "Thirteenth Monthly", Docket No. 5828) requesting $36,391.00. No objections were received with respect to the Thirteenth Monthly, and a certificate of no objection was filed on July 7, 2004 (Docket No. 5939). A copy of the Thirteenth Monthly is attached hereto as Exhibit B.

22.     On or about June 16, 2004, Deloitte & Touche filed the Fourteenth Monthly Application of Deloitte & Touche LLP for Compensation for Services Rendered and Reimbursement of Expenses to the Debtors for the Period from March 1, 2004 through March 31, 2003 (the "Fourteenth Monthly", Docket No. 5829) requesting $81,149.00 in fees. No objections were received with respect to the Fourteenth Monthly,

and a certificate of no objection was filed on July 7, 2004 (Docket No. 5940). A copy of the Fourteenth Monthly is attached hereto as Exhibit C.

**Requested Relief**

23.    By this Second Fee Application, Deloitte & Touche requests that the Court approve the interim allowance of compensation for professional services rendered in the amount of $151,981.00, and the reimbursement of actual and necessary expenses incurred in the amount of $50.00 by Deloitte & Touche during the Interim Period. As stated above, the full scope of the services provided and related expenses incurred are fully described in the monthly fee applications for the Interim Period that already have been filed with the Court and are attached hereto as Exhibits A, B, and C.

24.    At all relevant times, Deloitte & Touche has been a disinterested person as that term is defined in section 101 (14) of the Bankruptcy Code and has not represented or held an interest adverse to the interest of Debtors.

25.    All services for which compensation is requested by Deloitte & Touche were performed for or on behalf of Debtors and not on behalf of any committee, creditor, or other person.

26.    During the Interim Period, Deloitte & Touche has received no promises for payment from any source for services rendered or to be rendered in any capacity

whatsoever in connection with Debtors' cases.  Deloitte & Touche has no agreement with any nonaffiliated entity to share any compensation earned in these chapter 11 cases.[1]

27.    The professional services and related expenses for which Deloitte & Touche requests interim allowance of compensation and reimbursement of expenses were rendered and incurred in connection with Deloitte & Touche's provision of customs procedures review services, tax advisory services, and compensation and benefits services for Debtors in these chapter 11 cases.  Deloitte & Touche's services have been necessary and beneficial to Debtors and their estates, and other parties in interest.

---

[1] As set forth in the Second Supplemental Affidavit of Larry D. Ishol in Support of the Retention of Deloitte & Touche LLP as Customs Services Providers, and Tax and Compensation Advisors to the Debtors filed with the Court on July 1, 2004, certain of the Compensation Services were performed during the Interim Period by personnel of Deloitte Consulting LLP.

WHEREFORE, Deloitte & Touche respectfully requests that the Court enter an order, substantially in the form attached hereto, providing that, for the period of January 1, 2004 through March 31, 2004, an allowance be made to Deloitte & Touche in the sum of $151,981.00 as compensation for reasonable and necessary professional services rendered to Debtors and in the sum of $50.00 for reimbursement of actual and necessary costs and expenses incurred, for a total of $152,031.00 that Debtors be authorized and directed to pay to Deloitte & Touche the outstanding amount of such sums; and for such other and further relief as this Court deems proper.

Dated: August 31, 2004

DELOITTE & TOUCHE LLP

Tim Tuerff, Partner
555 West 12th Street
Suite 500
Washington, DC 20004-1207
Telephone: (202) 378-5223
Facsimile: (202) 661-1934

Customs services providers, and tax and compensation advisors for Debtors and Debtors-in-Possession

## APPENDIX A

### VERIFICATION

WASHINGTON                    :
                              :
DISTRICT OF COLUMBIA    :

Tim Tuerff, after being duly sworn according to law, deposes and says:

a)    I am a partner with the applicant accounting firm of Deloitte & Touche LLP.

b)    I have personal knowledge of Deloitte & Touche's retention as customs services providers, and tax and compensation advisors to the Debtors in these chapter 11 cases.

c)    I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed Del.Bankr.LR 2016-2 and the 'Amended Administrative Order Under 11 U.S.C. §§105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members', signed April 17, 2002, and submit that the Application substantially complies with such Rule and Order.

_____
Tim Tuerff

SWORN AND SUBSCRIBED
before me this **31st** day of August, 2004.

_____
Notary Public
My Commission Expires:  3/14/2005