IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |
| W. R. GRACE & CO., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Adversary No. A-01-771 |
| | ) | |
| MARGARET CHAKARIAN, et al., | ) | Re: Docket No. 208 |
| And John Does 1-1000, | ) | 7/6/04 Agenda Item 1 |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING THE EXPEDITED MOTION OF THE SCOTTS COMPANY FOR AN ORDER (I) ENFORCING THE DEBTORS' PRELIMINARY INJUNCTION AND AUTOMATIC STAY TO ENJOIN PROSECUTION OF CERTAIN ASBESTOS-RELATED ACTIONS AGAINST THE SCOTTS COMPANY AND (II) FINDING ALL SUCH ACTIONS COMMENCED POST-PETITION TO BE VOID *AB INITIO***

Upon consideration of the Expedited Motion of the Scotts Company ("Scotts") for an Order Under 11 U.S.C. §§105(a) and 362(a): (i) Enforcing this Court's January 22, 2002 Order Granting the Debtors' Modified Preliminary Injunction; (ii) Enforcing the Debtors' Automatic Stay to Enjoin Prosecution of Certain Asbestos-Related Actions Against the Scotts Company; and (iii) Finding All Such Actions Commenced Post-Petition to be Void *Ab Initio* (the "Motion"); and the Court having considered the Motion; and due and proper notice having been given with no other notice being required; and in light of the nature of the relief requested in the Motion, no further notice or hearing on the Motion being required;

IT IS HEREBY ORDERED THAT:

1. The Motion is denied, subject to the following additional provisions.

PRIVILEGED AND CONFIDENTIAL
ATTORNEY WORK PRODUCT

2. The Insurance Carriers[1] as to which Scotts makes a claim on shared insurance are prohibited from paying those claims until the issue of coverage is litigated in an appropriate forum.

3. Unless the Debtors voluntarily consent, the Debtors shall not be required to participate in discovery or as witnesses at trial in any action in which Scotts is a party, until the Debtors have filed a plan of reorganization in October 2004.

4. Nothing in this Order shall affect Scotts' right to take advantage of the offer to have a tolling agreement or to be dismissed without prejudice or to seek an order of continuance in pending state actions from trial courts until the Debtors' plan of reorganization is filed in October 2004.

5. This Order shall have no effect on either the Debtors' automatic stay or the Modified Preliminary Injunction.

6. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order, which is final.

Dated: July 22, 2004

_Judith K. Fitzgerald_
The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

---

[1] As defined in this Court's January 22, 2002 Order Granting Modified Preliminary Injunction in the above-capitioned adversary proceeding (the "Modified Preliminary Injunction").