

# STANDSTILL AGREEMENT

THIS AGREEMENT is made as of this 5th day of June, 1998 by and between the City of Cambridge, a Massachusetts municipal corporation having its principal place of business at City Hall, 795 Massachusetts Avenue, Cambridge, MA 02139 (the "City") and W.R. Grace & Co. – Conn., a corporation organized under the laws of Connecticut (formerly known as W. R. Grace & Co.) with a place of business at 62 Whittemore Avenue, Cambridge, MA ("Grace"), the City and Grace collectively referred to herein as the "Parties".

## WITNESSETH:

WHEREAS, The City owns certain real property in North Cambridge located on and in the vicinity of Rindge Avenue, Alewife Brook Parkway and Clifton Street, which is used for public recreation purposes and is known as Russell Field (the "Russell Field Property");

WHEREAS, Grace owns certain real property in North Cambridge located on and in the vicinity of Whittemore Avenue, Alewife Brook Parkway and Rindge Avenue, which is adjacent to the Russell Field Property and is and/or has been used for industrial and manufacturing purposes (the "Grace Property");

WHEREAS, The City is conducting certain investigations to determine whether the Russell Field Property (including the soil and/or groundwater beneath it) has been damaged or affected by the release of oil or hazardous material;

**WHEREAS**, in conjunction with the City's investigations with respect to the Russell Field Property, Grace has offered to conduct investigations, at Grace's expense, on the Russell Field Property to determine groundwater flow direction;

**WHEREAS**, The City and Grace intend to review the results of the investigations to determine what further actions, if any, may be necessary at the Russell Field Property;

**WHEREAS**, The City and Grace desire to defer for the time being any suit or countersuit by the Parties, one against the other, arising out of or in connection with whether the Russell Field Property (including the soil and/or groundwater beneath it) has been damaged or affected by the release of oil or hazardous material (the "Potential Dispute");

**WHEREAS**, The City and Grace may engage in discussions with respect to investigation of, and any further actions taken or to be taken at, the Russell Field Property and are therefore willing, to the extent and subject to the conditions herein provided, to toll for their mutual benefit any statutes of limitation which might bar a suit or proceeding if it were not sooner brought;

**NOW, THEREFORE,** for adequate consideration, the receipt and sufficiency of which are hereby acknowledged, including without limitation the temporary forbearance of the City and Grace from any suit or countersuit, the City and Grace agree as follows:

1. In any suit, countersuit, or proceeding in any Court or administrative agency which may hereafter be brought by the Parties, one against the other, in connection with the Potential Dispute described above, neither Party shall plead or otherwise assert as a defense that the period between April 15, 1998 (hereinafter the "Tolling Date") and the Termination Date, as hereinafter defined (such period hereinafter referred to as the "Tolling Period"), is or should be considered in determining whether any statute of limitations bars such suit or proceeding. In any such suit or proceeding, the Tolling Period shall not be counted or considered in determining whether any statute of limitation bars such suit or proceeding.

2. Nothing in this Agreement shall limit or otherwise affect any defense available to either Party as of the end of the day immediately preceding the Tolling Date. Nothing in this Agreement nor in the circumstances which gave rise to this Agreement shall be construed as an acknowledgement by either Party that any claim was or was not barred, or was or was not about to be barred, by any statute of limitation as of the end of the day immediately preceding the Tolling Date.

3. This Agreement shall not operate as, not be construed to be or contain, an admission of any fact or liability by either Party. Neither this Agreement nor any action taken hereunder shall be offered or received in evidence in any action or proceeding as an admission of liability or wrongdoing of any nature on the part of either Party.

4. The Termination Date of this Agreement shall be a date thirty (30) days after the actual receipt of written notice of termination by either Party to the other, by

certified or registered mail with return receipt requested. Notice by service shall be addressed to:

    For Grace:        O. Mario Favorito, Esq.
                            Grace Legal Services (Cambridge)
                            62 Whittemore Avenue
                            Cambridge, MA  02140

For the City:   Stephen D. Anderson, Esq.
Anderson & Kreiger
The Bulfinch Building
47 Thorndike Street
Cambridge, MA 02141

or such other address at which either Party may elect to receive such notice, designated by written notice of a change of address to the other Party as aforesaid. As of the first business day after the Termination Date, all applicable statutes of limitations previously tolled by this Agreement shall immediately resume running.

5. This Agreement may be modified, amended, supplemented or extended only by a written instrument signed by both Parties hereto which specifically references this Agreement.

6. This Agreement shall inure to the benefit of, and be binding upon Grace and its successor and assigns and upon the City and its successors and assigns.

7. This Agreement shall be governed by and construed and enforced in accordance with the laws of the Commonwealth of Massachusetts.

8. **IN WITNESS WHEREOF**, Grace and the City have executed this Agreement as a contract under seal as of the date first above written.

W.R. GRACE & CO. – CONN.,

By: _____
Vice President, Engineering &
Manufacturing Support – GCP
Its duly authorized: ___

ATTEST: _____
O. Mario Favorito
Assistant Secretary

CITY OF CAMBRIDGE,

By: _/s/ Robert W. Healy_____

Its duly authorized: __City Manager__

ATTEST: _/s/ D. Margaret Drury_____
D. Margaret Drury, City Clerk

Approved as to form:

_/s/ Russell B. H._____

\33527\018\50AGRSEC.02
05/13/98 10:53 AM