IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | **Related Docket No. 6244** |
| | ) | **Hearing Date: September 27, 2004 @ 12:00 p.m.** |

**LIMITED OBJECTION OF THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS TO THE DEBTORS' MOTION FOR AN ORDER APPROVING THE PRIVILEGED AND CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE WITH THE KWELMBS COMPANIES**

The Official Committee of Asbestos Personal Injury Claimants (the "PI Committee"), by and through its undersigned counsel, respectfully submits its objection to the Debtors' Motion for an Order Approving the Privileged and Confidential Settlement Agreement and Release with the KWELMBS Companies (the "Settlement Motion"). In support of its objection, the PI Committee states as follows:

**BACKGROUND**

1. On April 2, 2001, W.R. Grace & Co. ("Grace") and its affiliated debtors and debtors in possession (collectively, the "Debtors") commenced the instant proceedings by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the Clerk of this Court. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. On the Petition Date, the Court entered an order authorizing the joint administration of these cases for procedural purposes.

2. No trustee or examiner has been appointed in these cases. On April 12, 2001, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed

{D0025427:1 }

the PI Committee, the Official Committee of Asbestos Property Damage Claimants and the Official Committee of Unsecured Creditors. On June 18, 2001, the U.S. Trustee appointed the Official Committee of Equity Security Holders.

**The Settlement Motion**

3. Through the Settlement Motion, the Debtors seek entry of an Order approving the KWELMBS Settlement Agreement[1]. According to the Settlement Motion, the KWELMBS Companies issued insurance policies in favor of the Debtors. The KWELMBS Companies were later adjudicated insolvent through various legal mechanisms more fully described in the Settlement Motion. The Debtors represent in the Settlement Motion that they have $24,097,509 of coverage remaining under these policies, and that they have claims against these policies that exceed this amount.

4. The KWELMBS Settlement Agreement will provide for the allowance of the Debtors' claim in the KWELMBS Companies' insolvency proceedings in the aggregate amount of $21,723,767 (the "Agreed Amount"). The Agreed Amount is based upon the coverage remaining under the Subject Insurance Policies "discounted to net present value based on (i) discount rates established in the Schemes of Arrangement for all payments to creditors, and (ii) estimated timing of claims payments under the Subject Insurance Policies if they would have been paid in accordance with the policies' terms." Settlement Motion, at ¶14. Within 90 days after the approval of the KWELMBS Settlement Agreement, the Debtors will receive approximately $11 million in cash (the "Settlement Funds"). The Debtors "could receive additional payments in the future if the

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Settlement Motion.

{D0025427:1 }

percentages payable under the Schemes of Arrangement are increased." Settlement Motion, at ¶15.

5.      Pursuant to the KWELMBS Settlement Agreement, the Parties seek to settle and compromise all Asbestos-Related Claims not previously made under the Original KWELM Settlement Agreement.  In connection with the KWELMBS Settlement Agreement, the Debtors and the KWELMBS Companies will execute "a full and final settlement that releases and terminates all rights, obligations and liabilities of the Parties under the Subject Insurance Policies, without prejudice to their respective positions on policy wordings or any other issues, or any other actions. . ." Settlement Motion, ¶12.  This release includes any Non-Asbestos Product Liability Claims as well as the Asbestos-Related Claims being settled.  The Debtors represent in the Settlement Motion that the full release was an "integral part of the settlement as proposed by the KWELMBS Companies, and was accepted by the Debtors because of the imminence of the KWELMBS Bar Date and the fact that the Debtors are not aware of any Non-Asbestos Product Liability Claims that could be made under the Subject Insurance Policies." Settlement Motion, ¶12.

6.      The Debtors represent in the Settlement Motion that the KWELMBS Companies "have indicated that if the KWELMBS Settlement Agreement is not executed and approved before the KWELMBS Bar Date, then they will not enter into the proposed settlement." Settlement Motion, ¶ 10.  The KWELMBS Bar Date is September 29, 2004.

7.      The PI Committee has been advised by the Debtors that the Settlement Funds are an advance for payment of future Asbestos-related Claims.  The Debtors have further advised the PI Committee that the Debtors intend to deposit the Settlement Funds into a general account of the Debtors.

{D0025427:1 }

**LIMITED OBJECTION**

8. The PI Committee does not object to the entry of a Court Order authorizing the Debtors to execute the KWELMBS Settlement Agreement and take any other actions necessary to consummate the transactions contemplated by the KWELMBS Settlement Agreement.

9. However, the PI Committee asserts that any Order granting the Settlement Motion should require the Debtors to deposit the Settlement Funds into a segregated account to be distributed, for the benefit of the tort claimants, pursuant to a Plan(s) of Reorganization. Any funds (in addition to the Settlement Funds) that may be received by the Debtors in the future (if the percentages payable under the Schemes of Arrangement are increased) should also be deposited into the same segregated account. The PI Committee objects to the KWELMBS Settlement Agreement being deposited into the Debtors' general account for use in ongoing business operations.

10. The Settlement Funds, pursuant to the language of the Subject Insurance Policies, are for the benefit of the tort claimants and are not intended to be used by the Debtors' estates. If the Settlement Funds are not deposited into a separate account, there is a risk that the Settlement Funds could be improperly depleted by the estates.

11. The PI Committee does not seek to delay the consummation of the KWELMBS Settlement Agreement, due to the representation of the Debtors that the KWELMBS Companies will not enter into the Settlement Agreement if it is not approved and executed by the September 29, 2004 KWELMBS Bar Date. Therefore, if the Debtors' dispute the proposition that the Settlement Funds belong to the tort claimants, then the Settlement Funds should be deposited, at least temporarily, into a segregated account,

{D0025427:1 }

separate from the general business accounts of the Debtors to allow for the resolution of any such dispute.

WHEREFORE, for the foregoing reasons, the PI Committee respectfully requests that the Court enter an order: (a) requiring the Debtors to deposit the Settlement Funds in to a segregated account trust pending resolution of any disputes related to the appropriate disposition of the Settlement Funds; and (b) granting such other and further relief as the Court deems just and proper.

Date:   September 9, 2004

                              CAMPBELL & LEVINE, LLC

                              */s/ Mark T. Hurford*
                              Marla R. Eskin (No. 2989)
                              Mark T. Hurford (No. 3299)
                              800 King Street, Suite 300
                              Wilmington, DE  19801
                              (302) 426-1900

                                  -and-

                              CAPLIN & DRYSDALE, CHARTERED
                              Elihu Inselbuch
                              399 Park Avenue, 27th Floor
                              New York, NY  10022-4614
                              (212) 319-7125

                                  -and-

                              CAPLIN & DRYSDALE, CHARTERED
                              Peter Van N. Lockwood
                              One Thomas Circle, N.W.
                              Washington, D.C.  20005
                              (202) 862-5000

                              Counsel to the Official Committee of
                                  Asbestos Personal Injury Claimants

{D0025427:1 }