IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | Re: Docket No. 6301 |

## DEBTORS' OBJECTION TO DAVID SLAUGHTER'S MOTION TO LIFT THE AUTOMATIC STAY

The Court should deny David Slaughter's Motion to Lift the Automatic Stay (the

"Motion"). The Motion requests *extraordinary relief* from a fundamental debtor-protection and

favorable treatment for one isolated-claimant, but it fails to provide *any* meaningful substantive-

support or justification for this request. Further, the Motion relates to a specific complaint that

was filed by the movant against a Debtor *after* the date on which the Debtors filed their

respective petitions for bankruptcy. The movant did not seek leave from the automatic stay

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

before he filed the complaint, and, accordingly, the complaint violates the Debtors' automatic

stay. Since the movant has (i) filed a proof of claim against the Debtors' bankruptcy estates,

which asserts the same claims as the claims alleged in the movant's complaint and (ii) proffered

no reason why he will be prejudiced if his claims are resolved in the course of the Debtors'

claims resolution process, the Court should (i) deny the Motion and (ii) enter an order directing

the movant to immediately withdraw the complaint (a proposed order is attached as Exhibit A).

### Background

1.      On April 2, 2001 (the "Petition Date"), the Debtors commenced their respective

reorganization cases by filing petitions under chapter 11 of title 11 of the United States

Bankruptcy Code (as amended, the "Bankruptcy Code"). By operation of law, all pending and

prospective judicial proceedings against any of the Debtors were automatically stayed pursuant

to 11 U.S.C. § 362(a)(1) (the "Automatic Stay").

2.      On September 20, 2001, David Slaughter (the "Movant") filed a Petition for

Damages in the 14th Judicial District Court, Calcasieu Parish, State of Louisiana (No. 2001-

4742) (the "Complaint", a copy of which is attached as Exhibit B). The Complaint names Turner

Industries, Ltd. and W.R. Grace & Company ("Grace"), one of the Debtors in the above-

referenced bankruptcy cases, as defendants, and seeks recovery from the defendants for alleged

damages that the Movant purportedly suffered when asphalt allegedly crumbled beneath his feet

while he was making a delivery to Grace on or about December 24, 2000.

3.      On March 18, 2003, the Movant filed a proof of claim in the Debtors' bankruptcy

cases, which was received by the Debtors' claims agent on March 24, 2003. The Movant's proof

of claim asserts an unsecured nonpriority claim for $1,375,000 for the injuries alleged in the

Complaint.

2

4.      On August 30, 2004, the Movant filed the Motion. The Motion (i) refers to the

Complaint; (ii) states, without any legal support, that the debt allegedly owed by Grace is

nondischargeable in bankruptcy; and (iii) concludes, without any additional legal or factual

support, that the Movant is entitled to have the Automatic Stay lifted and/or modified "all as

provided in the Bankruptcy Code." See Exhibit B ¶¶ 2-5.

## Relief Requested

5.      The Court should deny the Motion because the Movants have presented

absolutely no meaningful support for the extraordinary relief that they have requested. Further,

the Complaint violates the Automatic Stay, and, therefore, the Court should enter an order

directing the Movants to promptly withdraw the Complaint.[2]

## Argument

### The Movant Has Presented Essentially No Legal or Factual Support for His Requested Relief

6.      The Automatic Stay is a fundamental debtor protection, and the Movant has

provided absolutely no meaningful explanation supporting his assertion that relief from the

Automatic Stay is warranted in the present matter. Further, the Movant seeks to be treated in a

manner different from other alleged, general unsecured-creditors. This special treatment is

---

[2] The Debtors also note that the Motion was filed on August 30, 2004, and it requests that the Court hear the Motion during the Debtors' September 27, 2004 omnibus hearing. Pursuant to this Court's Order Establishing Case Management Procedures and Hearing Schedule, dated April 17, 2002 (Docket # 1909) (the "Scheduling Order"), the deadline for filing motions to be heard during the September 27, 2004, hearing was August 23, 2004. The Motion does not provide any explanation as to why the Motion was filed a week after the Scheduling Order's deadline. Therefore, the Motion is unjustifiably late, and this Court should dismiss the Motion.

inconsistent with the Bankruptcy Code's fundamental tenet of treating similar creditors in a

similar fashion. Therefore, the Movant bears a substantial burden, and he has essentially

presented no factual or legal support for his requested relief.

7.      The legislative history to section 362(a) of the Bankruptcy Code states as follows:

> The automatic stay is one of the fundamental debtor protections provided by the
> bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops
> all collection efforts, all harassment, and all foreclosure actions. It permits the
> debtor to attempt a repayment, or reorganization plan, or simply to be relieved of
> the financial pressures that drove him into bankruptcy.

Historical and Statutory Notes to 11 U.S.C.§ 362(a). This relief provided by the automatic stay

is particularly key to the Debtors during the current stage in their bankruptcy cases, as this Court

has instructed the Debtors to file a plan of reorganization by October 14, 2004. The Debtors are

working diligently to meet this deadline, and the demands of defending against the Complaint

would distract the Debtors from this pending task.

8.      Further, the Debtors would not be the only parties prejudiced if the Court grants

the Motion. The Debtors have thousands of other general, unsecured claimants that filed timely

proofs of claims pursuant to the Debtors' claims bar date. These parties are waiting patiently, as

the Debtors resolve their claims: (i) through omnibus objections, (ii) the Debtors' proposed ADR

program and (iii) through allowance of claims in the Debtors' prospective reorganization plan. If

the Court grants the Motion, then it would afford the Movant superior treatment to all of the

Debtors' remaining creditors, which would "violate the basic bankruptcy purpose of treating all

similarly situated creditors alike." In re Mako, Inc., 985 F.2d 1052, 1056 (10th Cir. 1993).

9.      The Movant has failed to establish that he is entitled -at the expense of the

Debtors and similarly situated creditors - to leave from the Automatic Stay. The Movant's only

4

support for his request is an unsubstantiated assertion that the claims asserted in the Complaint -

a pleading that was filed in violation of the Automatic Stay - are not dischargeable in

bankruptcy. The Movant fails to present any evidence of (i) why such claims are not

dischargeable in bankruptcy or (ii) why the non dischareability of those claims should have any

bearing on his request for leave from the Automatic Stay. Therefore, the Movant has failed to

satisfy its burden, and the Court should deny the Motion.

### The Complaint Should be Withdrawn Because it Violates the Automatic Stay

10.    Section 362(a) of the Bankruptcy Code (entitled, "The Automatic Stay") states

that the filing of a bankruptcy petition under the Bankruptcy Code operates as a stay, applicable

to all entities of the following:

> the commencement or continuation, including the issuance or employment of
> process, of a judicial administrative, or other action or proceeding against the
> debtor that was or could have been commenced before the commencement of the
> case under this title, or to recover a claim against the debtor that arose before the
> commencement of the case under this title.

11 U.S.C. § 362(a).

11.    The Complaint was filed on September 20, 2001, almost six months after the

Petition Date. The filing of the Complaint, which names Grace as a defendant, serves as the

commencement of an action or proceeding against Grace. The Movant did not seek relief from

the Automatic Stay before (or after) the Complaint was filed, and, therefore, the Complaint is

prohibited by the Automatic Stay.[3] Further, the Movant has filed a proof of claim in the

---

[3] The Movant has not sought retroactive relief in the Motion. In any event, the Movant is not
entitled to such relief. Courts have the power to award retroactive relief from a debtor's
automatic stay, but, " if congressional intent is to be honored and the integrity of the
automatic stay preserved, retroactive relief should be the long-odds exception, not the general

(Continued...)

5

Debtors' bankruptcy cases, which is the appropriate post-petition method for asserting his claim against the Debtors' bankruptcy estates.  Therefore, the Debtors request that the Court order the Movant to immediately withdraw the Complaint against Grace.

### The Movant's Claims Should be Resolved During the Course of the Debtors' Claims Resolution Process

12.    The Movant submitted a proof of claim in the Debtors' bankruptcy cases, which seeks recovery for the same damages that are asserted in the Complaint, and the Movant has presented no evidence that he would be prejudiced if his claim is resolved during the Debtors' normal claims objection process.  The Debtors recently moved the Court for approval to institute an alternative dispute resolution program (the "ADR Program") to deal with contested claims that can not be efficiently resolved during the Debtors' standard claims objection procedures. The Movant's claim is the exact sort of contested, litigation-based claim for which the Debtors developed the ADR Program.  Therefore, the Court should afford the Debtors an opportunity to resolve the Movant's proof of claim (and the substantive merits underlying the proof of claim and the Complaint) in the Debtors claims resolution process, including the ADR Program, as appropriate.

---

rule ... only a strict standard will ensure the accomplishment of these objectives ...therefore, although courts possess a limited discretion to grant retroactive relief from the automatic stay, instances in which the exercise of that discretion is justified are likely to be few and far between." In re Soares, 107 F.3d 969, 977 (1st cir. 1997); see In re Albany Partners, Ltd., 749 F.2d 670, 675 (11th Cir. 1984);  (explaining that "the important congressional policy behind the automatic stay demands that courts be especially hesitant to validate acts committed during the pendency of the stay"); In re D'Alfonso, 211 B.R. 508 (Bankr. E.D. Pa. 1997).

91100-001\DOCS_DE:99709.1

WHEREFORE, for all of the foregoing reasons, the Debtors respectfully request that the Court deny the Motion and enter an order, substantially in the form of the proposed order attached hereto as Exhibit A, that (i) denies the Motion; (ii) directs the Movant to promptly withdraw the Complaint, and (iii) awards the Debtors any additional relief that this Court deems just and proper.

Respectfully Submitted:

Dated: September 10, 2004

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet S. Baer
James W. Kapp III
Samuel L. Blatnick
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

and

PACHULSKI, STANG, ZIEHL, YOUNG
JONES & WEINTRAUB PC

Laura Davis Jones (#2436)
David W. Carickhoff, Jr. (#3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:   (302) 652-4400

Co-Counsel for the Debtors and Debtors in Possession