# Exhibit A

## Exhibit A

### Description of Proposed Settlement

W.R. Grace & Co. – Conn. ("Grace") and Coudert Brothers LLP ("Coudert") entered into a agreement, dated February 26, 1992, pursuant to which Grace subleased certain space at 1114 Avenue of the Americas, New York, NY, to Coudert. The sublease was subsequently amended by letter agreements dated February 26, 1992, March 11, 1992, September 3, 1992, August 29, 1995 and October 30, 1996 (as amended, the "Sublease"). The Sublease covered multiple floors in the building, which encompassed approximately 214,110 square feet.

As the Sublease was due to expire on May 31, 2003, Grace retained Deloitte & Touche, LLP ("D&T") to perform certain audits and procedures with respect to the Sublease. D&T discovered that certain increases in the cost of electricity over the 1993 base year for certain of the floors were not properly assessed to Coudert. In particular, D&T determined that Grace did not bill Coudert for electricity rate increases for any of the subleased floors pursuant to Sections 4.1 and 4.2 of the Sublease since the lease commencement date. As a result, D&T initially reported that it appeared that Coudert was under billed by $317,134.

Coudert challenged D&T's findings, asserting that Grace did not have sufficient independent documentation supporting its claimed base year electricity payments to the prime landlord, or for its claimed increases in electricity payments to the prime landlord. Coudert also challenged certain calculations supporting the initial demand. Ultimately, Coudert demanded a reduction in the amount claimed by $64,372.07, to $252,761.93.

Coudert also challenged Grace's demand because Coudert, during the time period in question, relied on Grace's billing presented to it as accurate in connection with preparing and administering its own financial affairs, including, for example, annual budges and partnership distributions. Thus, Coudert asserted, Grace's billing errors caused Coudert to make certain economic decisions that were either irreversible or which could not be reversed without economic harm to Coudert. Coudert argued that Grace should therefore be estopped from collecting any additional electricity expenses from Coudert.

In response, Grace consulted with D&T about Coudert's assertions regarding the electricity charges and calculations, and ultimately concurred with the requested reduction of the amount claimed to $252,761.93. Grace disagreed with the legal argument that it is estopped from collecting the amount claimed from Coudert.

The parties have negotiated a resolution of the claim, in the amount of $220,000. Grace and Coudert have agreed for Coudert to pay Grace $220,000 in exchange for mutual general releases (the "Settlement").

The Debtors believe that the Settlement is fair and reasonable because, given the litigation risk and costs associated with contesting this matter, the Debtors may not ultimately recover more if the matter was litigated. Further, the resolution of such litigation may not occur in the near future, and litigating the matter would also serve as a distraction from the Debtors' reorganization efforts.