# Exhibit C

# Debtors' Motion to Intervene in the Action

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DAVID B. BARTHOLIC and<br>INTERCAT, INC.,<br><br>    Plaintiffs,<br><br>    v.<br><br>NOL-TEC SYSTEMS, INC.<br><br>    Defendant. | )<br>)<br>)<br>)<br>) Civil Action No. 2:02CV408JM<br>)<br>)<br>)<br>)<br>) |

**UNOPPOSED MOTION OF W.R. GRACE & CO.-CONN., INC. TO INTERVENE
AS A DEFENDANT PURSUANT TO FED. R. CIV. P. 24(b)**

Pursuant to Rule 24(b) of the Federal Rules of Civil Procedure, W.R. Grace & Co.-Conn., Inc. ("Grace") files this unopposed motion to intervene in this pending action as a defendant. The defenses and associated counter-claims that Grace intends to raise, as set forth in Grace's Proposed Answer to the Complaint, attached hereto as Exhibit 1, present numerous questions of law and fact in common with those raised by existing defendant Nol-Tec. Indeed, Grace's involvement in the underlying dispute between plaintiffs and Nol-Tec arises out of a common nucleus of operative facts: Grace distributes the majority of catalyst-loading systems whose initial sale by Nol-Tec is charged in this matter as contributing to or inducing infringement of plaintiffs' patent. All other requirements of Rule 24(b) have been satisfied, including timely filing of the intervention motion, and Grace's motion should therefore be granted.

**I.    Factual Background**

On October 18, 2002, Plaintiffs brought suit for patent infringement against Nol-Tec, alleging that Nol-Tec is inducing and contributing to the infringement of plaintiffs'

U.S. Patent No. 5,389,236 ("the 236 patent"), through, *inter alia*, the supply of an Automated Additive Catalyst Injection System ("AACI system") to petroleum refiners. Plaintiffs contend that the refiners, by operating the systems in a particular manner, directly infringe the method claims of the 236 patent. Plaintiffs have not brought suit against any refinery, but instead have charged that Nol-Tec causes the infringement by supplying these systems to the refineries. Plaintiffs seek damages and injunctive relief.

One of the fundamentally important operations in a petroleum refinery is fluid catalytic cracking ("FCC"), a process in which complex petroleum feedstocks are broken down, or "cracked," into simpler hydrocarbon compounds that are ultimately refined into usable products such as gasoline or kerosene. The cracking process is conducted in a large reaction unit, the FCC unit. Circulating within the FCC unit is a large inventory of cracking catalyst, which is generally in the form of fine particulates or powders with high surface area, which provides the sites for the cracking operation. In addition to the cracking catalyst, certain other "additives," which are also in the form of fine particulates, are usually introduced into the FCC unit to enhance the underlying process or control environmentally undesirable emissions from the units. For example, certain FCC additives are introduced into the FCC unit to trap $SO_x$ and $NO_x$ compounds that would otherwise be emitted by the unit into the atmosphere. AACI systems can be used by refineries to introduce additives into the FCC unit in a regular, controlled fashion.

Grace is a leading supplier of FCC catalysts and additives to petroleum refiners around the world. As part of that business, Grace sells or leases AACI systems to petroleum refiners. Since 1997, Nol-Tec has been the major supplier to Grace of AACI systems, which Grace then places with petroleum refiners. One of the kinds of systems

2

supplied by Nol-Tec to Grace is the AACI system whose use is contended in the complaint to be an infringement. Grace has been one of Nol-Tec's largest customers for this kind of system, and an injunction against Nol-Tec's continued supply of this system could affect Grace's business.

## II. Grace Qualifies to Intervene as a Defendant In the Pending Action

Permissive intervention is governed by Fed.R.Civ.P. 24(b), which states in relevant part:

> [u]pon timely application anyone may be permitted to intervene in an action ... when an applicant's claim or defense and the main action have a question of law or fact in common.

It does not seem to be disputed that Grace's proposed defenses and those already raised by Nol-Tec have questions of law and fact in common, with extensive overlap. Plaintiffs allege that Nol-Tec induces and/or contributes to the infringement of claims 1-6 of the 236 patent through the supply of the AACI loaders to petroleum refiners. Nol-Tec denies that any of the systems it has supplied is being used in a manner that infringes the patent. Grace buys these systems from Nol-Tec and places them with refineries as part of its business. Because the AACI systems whose continued use Grace seeks to defend by intervention in this suit originate with Nol-Tec and are therefore precisely the same as the ones that form the basis of the pending infringement charge against Nol-Tec, the defenses raised in Grace's proposed Answer necessarily involve questions of law and fact in common with the defenses already interposed by Nol-Tec.

Grace believes its motion is filed well within the timeliness requirement of Rule 24(b). Substantive discovery in the action has not yet begun and the case schedule should not be substantially affected by Grace's entry, nor should either of the existing parties be

3

prejudiced in any way. Grace understands that Nol-Tec has filed a motion to transfer this action to the District of Minnesota. As an intervening party, Grace would take no side on this motion, but Grace would not oppose such a transfer and its intervention in the case should not affect disposition of the motion.

Grace has discussed this proposed motion with the parties, who have indicated through counsel that they would file no opposition to this motion.

### III. Conclusion

For each of the foregoing reasons, Grace's unopposed motion to intervene pursuant to FED. R. CIV. P. 24(b) should be granted.

Respectfully submitted,

Dated:

*Daniel W. Glavin* (signature)

Daniel W. Glavin, Esquire
BECKMAN, KELLY & SMITH
5920 Hohman Avenue
Hammond, Indiana 46320
(219) 933-6200

Counsel for Intervenor
W.R. Grace & Co.-Conn.

Of Counsel:

Gary H. Levin
David R. Bailey
Chad E. Ziegler
WOODCOCK WASHBURN LLP
One Liberty Place - 46th Floor
17th and Market Streets
Philadelphia, PA 19103
(215) 568-3100

4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DAVID B. BARTHOLIC and<br>INTERCAT, INC.,<br><br>    Plaintiffs,<br><br>    v.<br><br>NOL-TEC SYSTEMS, INC.<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 2:02CV408JM<br>)<br>)<br>)<br>) |

### PROPOSED ANSWER OF APPLICANT FOR INTERVENTION,
### W.R. GRACE & Co.-CONN., INC.

Pursuant to FED. R. CIV. P. 24(c), W.R. Grace & Co.-Conn., Inc. ("Grace"), a corporation organized and existing under the laws of the State of Connecticut, having its principal place of business at One Town Center Road, Boca Raton, Florida 33486, hereby answers the complaint of Plaintiffs David Bartholic ("Bartholic") and Intercat Inc. ("Intercat"), as intervening defendant, in accordance with the numbered paragraphs thereof, as follows.

### THE PARTIES

1. Grace admits, on information and belief, the averments of paragraph 1.

2. Grace is without knowledge or information sufficient to form a belief as to the truth regarding plaintiff Bartholic's residence and therefore denies the same.

3. Grace admits, on information and belief, the averments of paragraph 3 of the complaint.

## JURISDICTION

4.  Grace admits that the complaint alleges a claim for patent infringement under 35 U.S.C. § 271 *et seq*, but denies that there is any infringement or liability based on such a cause of action. Grace admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) to decide the allegations set forth in Count I of the complaint.

5.  Grace is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the complaint as to Nol-Tec, and Grace denies that it has done and is doing "substantial" business in this district. Grace denies that Nol-Tec or Grace has committed acts of infringement, inducement of infringement, and/or contributory infringement in this or any other judicial district.

6.  Grace admits that Plaintiffs purport to base venue on the specified sections of the United States Code, but denies that Nol-Tec or Grace has committed any acts resulting in liability for patent infringement, inducement of infringement, and/or contributory infringement. Grace understands that Nol-Tec has filed a motion to transfer venue pursuant to 28 U.S.C. § 1404(a).

## COUNT I

7.  Grace admits that, on February 14, 1995, the United States Patent and Trademark Office issued United States Patent No. 5,389,236 ("the 236 patent"), entitled "Method and Apparatus for Controlling Production of Catalysts into FCC Units," and that a copy of the 236 patent forms Exhibit A to the complaint. The remaining averments in paragraph 7 of the complaint are denied, including that the 236 patent was duly and legally issued to David B. Bartholic and Regis B. Lippert.

8. Grace is without knowledge or information sufficient to form a belief as to the truth of any of the averments in paragraph 8 of the complaint and therefore denies the same.

9. Grace admits that fluid catalyst cracking processes are employed in the petrochemical industry, and that fluid catalytic cracking is a refinery process that converts heavy molecular weight compounds in crude oil into lighter weight compounds such as gasoline, diesel fuel, and jet fuel. Grace admits that the 236 patent contains the cited disclosure set forth therein, but Grace further states that the 236 ptent speaks for itself.

10. Grace admits that it has provided AACI systems to third parties that it has received from Nol-Tec, but denies the remaining averments of paragraph 10 of the complaint and specifically denies that that any of the acts alleged in paragraph 10 constitute infringement of one or more of claims 1-6 of the 236 patent.

11. Grace admits that it has provided an AACI system, which it received from Nol-Tec, to a third party in Indiana, but denies the remaining averments of paragraph 11 of the complaint and specifically denies that that any of the acts alleged in paragraph 11 constitute infringement of one or more of claims 1-6 of the 236 patent.

12. Grace denies the averments of paragraph 12 of the complaint.

13. The first sentence of paragraph 13 is denied. Grace is without knowledge or information sufficient to form a belief as to the source, identity, and authenticity of Exhibit B and therefore denies the remaining averments in paragraph 13. Grace further states that the Exhibit B of the complaint speaks for itself.

14. Grace denies the allegations of paragraph 14 of the complaint.

15. Grace denies the allegations of paragraph 15 of the complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

16.     The manufacture, use and/or sale of defendant Nol-Tec's Automated Additive Catalyst Injection System, or any other additive catalyst systems designed and/or manufactured by Nol-Tec, does not directly infringe, induce infringement, or contribute to infringement of any of asserted claims 1-6 of the 236 patent, either literally or under the doctrine of equivalents.

### Second Affirmative Defense

17.     The asserted claims 1-6 of the 236 patent are invalid for failure to meet the "Conditions for Patentability" of 35 U.S.C. § 103 because the alleged invention thereof is obvious in view of the prior art.

### Third Affirmative Defense

18.     The asserted claims 1-6 of the 236 patent are invalid for failure to meet the "Conditions for Patentability" of 35 U.S.C. § 112, first paragraph, because the specification of the 236 patent does not contain a written description of the claimed invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected to make and use the same.

### Fourth Affirmative Defense

19.     The asserted claims 1-6 of the 236 patent are invalid for failure to meet the "Conditions for Patentability" of 35 U.S.C. § 112, second paragraph, because the claims do not particularly point out and distinctly claim the subject matter that is regarded by the applicants as their invention.

### Fifth Affirmative Defense

20. The plaintiffs' claim for damages prior to the filing of the complaint is barred by the doctrine of laches.

### COUNTERCLAIMS

### First Counterclaim

21. Intervening Defendant/Counter-claimant Grace is a corporation organized and existing under the laws of the State of Connecticut, having its principal place of business at One Town Center Road, Boca Raton, Florida 33486. Grace supplies to the refining industry AACI systems received from defendant Nol-Tec of the kind charged with infringement in the complaint in this case.

22. This is a counterclaim arising under the Patent Laws, Title 35 of the United States Code, for a declaratory judgment of invalidity and noninfringement of the asserted claims of the 236 patent. Jurisdiction of the Court over this counterclaim is based on 28 U.S.C. §§ 1338(a), 2201, and 2202.

23. An actual controversy exists between Grace and Plaintiffs as to whether the manufacture, sale, and use of the Nol-Tec AACI systems infringe the claims of the 236 patent, and whether the claims of the 236 patent are valid.

24. The averments and allegations of paragraphs 1-20, above, are hereby incorporated by reference as if the same were here set forth in full.


WHEREFORE, Grace requests:

1. That the Court enter a declaratory judgment that the claims of the 236 patent are invalid and not infringed by the manufacture, sale, or use of the Nol-Tec catalyst additive injection systems, either directly or indirectly.

2. That the Court dismiss Plaintiffs' complaint with prejudice.

3. That the Court award to Grace its costs and reasonable attorneys' fees; and

4. That the Court award to Grace such other relief as is just and proper.

Dated: March 4, 2003

*Daniel W. Glavin*

Daniel W. Glavin, Esquire
BECKMAN, KELLY & SMITH
5920 Hohman Avenue
Hammond, Indiana 46320
(219) 933-6200

Counsel for Intervenor
W.R. Grace & Co.-Conn.

Of Counsel:

Gary H. Levin
David R. Bailey
Chad E. Ziegler
WOODCOCK WASHBURN LLP
One Liberty Place - 46th Floor
17th and Market Streets
Philadelphia, PA 19103
(215) 568-3100

## CERTIFICATE OF SERVICE

I certify that on March 4, 2003, service of a true complete copy of the foregoing Unopposed Motion of W.R. Grace & Co.-Conn, Inc. to Intervene as a Defendant Pursuant to Fed.R.Civ.P. 24(b) was made upon all parties herein as listed below by depositing the same in the United States mail with sufficient first class postage affixed:

Patrick J. Galvin
Krieg DeVault Galvin LLP
5231 Hohman Ave.
Suite 717
Hammond, IN 46320
Attorney for Intercat

David A. Allgeyer
Linquist and Vennum PLLP
4200 IDS Center
80 S. Eighth St.
Minneapolis, MN 55402-2205
Attorney for Nol-Tec

Beckman, Kelly & Smith

By: [signature]

210337.v1/99-00001

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DAVID B. BARTHOLIC and<br>INTERCAT, INC.,<br><br>    Plaintiffs,<br><br>    v.<br><br>NOL-TEC SYSTEMS, INC.<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 2:02CV408JM<br>)<br>)<br>)<br>) |

## [PROPOSED] ORDER GRANTING W.R. GRACE & Co.-CONN., INC.'S UNOPPOSED MOTION TO INTERVENE AS A DEFENDANT PUSUANT TO FED. R. CIV. P. 24(b)

Having considered W.R. Grace & Co.-Conn., Inc.'s ("Grace") Unopposed Motion to Intervene as Defendant Pursuant to FED. R. CIV. P. 24(b), it is hereby ORDERED that Grace is permitted to intervene in this pending action as a party defendant.

Entered this ___ day of _____, 2003.

                                                                _____
                                                                Honorable James T. Moody

Distribution:
P. Galvin
D. Allgeyer
D. Clavin