## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | **Chapter 11** |
|  | ) | **Case No. 01-1139 (JKF)** |
| **W.R. GRACE & CO., et al.** | ) | **(Jointly Administered)** |
|  | ) |  |
|  | ) | Related Docket Nos. 5815, 5833 |
| **Debtors.** | ) | 5835, 5927, 5950 |
|  | ) | Hearing Date: September 27, 2004 |

## SUPPLEMENTAL BRIEF OF THE FUTURE CLAIMANTS' REPRESENTATIVE REGARDING HIS APPLICATIONS TO EMPLOY SWIDLER BERLIN SHEREFF FRIEDMAN, LLP AND CIBC WORLD MARKETS CORP.

David T. Austern, the legal representative for future asbestos claimants (the "Future Claimants' Representative" or "FCR"), by his proposed counsel, files this Supplemental Brief in support of his applications to employ Swidler Berlin Shereff Friedman, LLP ("SBSF") as bankruptcy counsel and CIBC World Markets Corp. ("CIBC") as financial advisors.

When these applications were first presented at the August 23, 2004 hearing, the Court raised certain questions as to each application.[1]  The FCR, through proposed counsel, asked that these matters be continued so that the affected professionals could address the Court's concerns. As set out below, SBSF and CIBC have now done so, and the FCR respectfully requests that the Court grant his applications and authorize the employment of these professionals.

---

[1] At the August 23, 2004 hearing, SBSF requested an opportunity to brief the issue that family relationships between partners at SBSF and partners at law firms representing the Debtors do not give rise to a disqualifying conflict. The Court permitted such briefing, limited to 10 pages. This Supplemental Brief undertakes to address that issue as well as the issues the Court raised with respect to the employment of CIBC. The issues raised by the Court with respect to the employment of Phillips, Goldman & Spence, P.A. as Delaware co-counsel will be addressed separately.

## I.    Application To Employ SBSF

The Court raised two questions regarding the Future Claimants' Representative's application to employ SBSF:  (a) whether the family relationships between certain partners in SBSF and partners in counsel for the Debtors created a disqualifying conflict; and (b) whether a proof of claim filed against the Debtors by SBSF, in its own name but in reality on behalf of its then-client, a former employee of the Debtors, seeking reimbursement from the Debtors for legal fees incurred by the former employee, could be transferred to the former employee client or should be waived by SBSF.  Both questions are addressed below.

### A.    Familial Relationships Are Not Imputed To Disqualify SBSF

In its Rule 2014 disclosures, SBSF advised the Court and parties-in-interest that a partner in SBSF's DC telecommunications group, Catherine Wang, is married to a partner in the DC office of Kirkland & Ellis, LLP ("Kirkland"); Kirkland serves as bankruptcy counsel to the Debtors.  SBSF also disclosed that two partners in SBSF's New York office, Martin Nussbaum and Neil Forrest,[2] have brothers who are partners at Wachtell, Lipton, Rosen & Katz, LLP's NY office ("Wachtell"); Wachtell is special corporate counsel to the Debtors.  None of these SBSF partners have had any involvement with these cases (or with SBSF's representations of Mr. Austern in other matters).

Under the applicable rules of professional conduct, close family members (spouses, siblings, parents or children) in different law firms may not represent adverse clients in the same matter.  Conflicts arising from such familial relationships are personal conflicts, however, and

---

[2] Mr. Forrest was a member of SBSF's New York bankruptcy group at the time SBSF filed its original 2014 disclosures; in July 2004, Mr. Forrest left SBSF and joined another law firm.

are not imputed to the family members' respective law firms.  Because none of the affected

SBSF partners is involved in these cases, SBSF has no conflict here.[3]

Rule 1001-1(b) of this Court states that the rules of the U.S. District Court for the District

of Delaware shall be followed insofar as they are not inconsistent with the Bankruptcy Code and

the Federal Rules of Bankruptcy Procedure.  Rule 83.6(d) of the District Court's local rules

indicates that the ABA Model Rules of Professional Conduct (the "ABA Model Rules") are the

governing standard for professional conduct of counsel appearing before the Court.

ABA Model Rule 1.7 states in relevant part:

(a)  Except as provided in paragraph (b), a lawyer shall not represent a client if the
representation involves a concurrent conflict of interest.  A concurrent conflict of
interest exists if:

\*\*\*

(2) there is a significant risk that the representation of one or more clients will be
materially limited by the lawyer's responsibilities to another client, a former client
or a third person or by a personal interest of the lawyer.

Comment 11 to ABA Model Rule 1.7 addresses family relationships:

When lawyers representing different clients in the same matter or in substantially
related matters are closely related by blood or marriage, there may be a significant
risk that client confidences will be revealed and that the lawyer's family
relationship will interfere with both loyalty and independent professional
judgment.  As a result, each client is entitled to know of the existence and
implications of the relationship between the lawyers before the lawyer agrees to
undertake the representation.  Thus, a lawyer related to another lawyer, e.g., as
parent, child, sibling or spouse, ordinarily may not represent a client in a matter
where that lawyer is representing another party, unless each client gives informed
consent.  **The disqualification arising from a close family relationship is
personal and ordinarily is not imputed to members of firms with whom the
lawyers are associated.  See Rule 1 .10.** [Emphasis added.]

---

[3] Although not required by any ethical rule, SBSF has instituted the "ethical wall" described below.  See infra at 5.

ABA Model Rule 1.10(a) provides:

(a) While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7 or 1.9, **unless the prohibition is based on a personal interest of the prohibited lawyer and does not present a significant risk of materially limiting the representation of the client by the remaining lawyers in the firm.** [Emphasis added.]

Comment 3 to ABA Rule 1.10 explains:

The rule in paragraph [1.10](a) does not prohibit representation where neither questions of client loyalty nor protection of confidential information are presented. Where one lawyer in a firm could not effectively represent a given client because of strong political beliefs, for example, but that lawyer will do no work on the case and the personal beliefs of the lawyer will not materially limit the representation by others in the firm, the firm should not be disqualified.

SBSF also has considered the ethical rules of the District of Columbia as well as the ethical rules of Delaware. The rules in each of these jurisdictions support the conclusion that personal conflicts of SBSF partners arising from familial relationships are not imputed to SBSF. See, e.g., D.C. Rules of Prof'l Conduct 1.8(h) and 1.10[4]; Delaware Rules of Prof'l Conduct 1.7 and 1.10 and Comment 11 to Rule 1.7 (adopting the ABA Model Rules quoted above).

Although the case law on this point is sparse, the few reported opinions support the conclusion that there is no per se rule of disqualification based on marital status. See Fox v. Indiana, 717 N.E. 2d 957, 963-64 (Ind. Ct. App. 1999) (applying a version of the model rules similar to those adopted in the District of Columbia and holding that criminal defendant's counsel was not ineffective with regard to counsel's failure to notify defendant that attorney working for his firm was married to a deputy prosecutor); Jones v. Jones, 369 S.E.2d 478, 478-79 (Ga. 1988) (quoting Blumenfeld v. Borenstein, 276 S.E.2d 607, 609 (Ga. 1981) (Holding, in a

---

[4] DC Rule 1.8(h) prohibits a lawyer from representing a client directly adverse to the client of a parent, child, sibling or spouse; DC Rule 1.10(a) identifies the types of conflicts imputed to law firms, but does not include the 1.8(h) conflict as imputed to the firm.

case where married attorneys were associated with law firms on opposing sides, but only wife/attorney actively participated in the handling of the case, "[a]bsent a showing that special circumstances exist which prevent the adequate representation of the client, disqualification based solely on marital status is not justified.")); compare People v. Jackson, 213 Cal. Rptr. 521 (Cal. Ct. App. 1985) (finding criminal defendant was denied effective assistance of counsel because his lawyer failed to disclose her romantic relationship with the prosecutor assigned to the case). The American Bar Association has issued a formal opinion on this subject, stating:

> No disciplinary rule expressly requires a lawyer to decline employment if a husband, wife, son, daughter, brother, father, or other close relative represents the opposing party in negotiation or litigation. Likewise, it is not necessarily improper for a law firm having a married partner or associate to represent clients whose interests are opposed to those of other clients represented by another law firm with which the married lawyer's spouse is associated as a lawyer.

ABA Comm. On Ethics and Prof'l Responsibility, Formal Op. 340, *2 (Sept. 23, 1975).

SBSF's partners who are married to or are brothers of attorneys in law firms representing the Debtors are not working on this matter for Mr. Austern. Ms. Wang is a telecommunications attorney in DC and Mr. Nussbaum is a corporate attorney in New York. Neither Mr. Nussbaum nor anyone else from SBSF's corporate practice in New York, and neither Ms. Wang nor anyone else in SBSF's telecommunications practice in DC, has or will work on any matter for Mr. Austern. Moreover, although not required by the applicable rules, SBSF erected an "ethical wall," directing that information relating to this case is not to be shared with Ms. Wang or Mr. Nussbaum, and the matter is not to be discussed with either of them or in their presence.

Given the sizes of SBSF, Kirkland and Wachtell,[5] and SBSF's information screening procedures, it is clear that the existence of these familial relationships will have no impact upon the respective firms' work in these cases. Under these circumstances, the personal interests arising from these familial relationships should not be imputed to disqualify SBSF.

**B.    The Proof of Claim Has Been Withdrawn And The Claim Has Been Waived**

In the pre-petition period, lawyers at SBSF's New York office represented Phillip Ryan, an employee (now former employee) of the Debtors, in connection with certain matters for which Mr. Ryan was entitled to indemnification and reimbursement of attorneys' fees from the Debtors. Prior to the claims bar date in these cases, SBSF filed a proof of claim (number 13235) for Mr. Ryan's legal fees and expenses. Although that proof of claim was filed in SBSF's name, it asserted rights on behalf of Mr. Ryan, and should have been filed in Mr. Ryan's own name, since he (not SBSF) is the one entitled to reimbursement from the Debtors.

SBSF recognized that continuing to hold this claim in its own name appeared to be a conflict, and would be an actual conflict if the claim were really SBSF's claim rather than a claim on behalf of a client. In order to avoid any appearance of a conflict, SBSF proposed to transfer the claim to Mr. Ryan, who is the real party in interest, so that he could be reimbursed by the Debtors to the extent his claim were allowed. SBSF proposed to waive any right to payment of further fees by Mr. Ryan and any interest in the proof of claim, so that SBSF would hold no economic interest in the outcome of any claims allowance proceeding, and would have no interest in the amounts paid to unsecured claimants generally.

---

[5] SBSF is a firm of 215 lawyers, of whom 90 are partners. Wachtell's website indicates that it is a firm of 181 lawyers, with 80 partners. We are advised by Kirkland that it is a firm of more than 900 lawyers, of whom 383 are partners.

At the August 23, 2004 hearing, the Court indicated that the transfer of the claim to Mr. Ryan did not resolve the matter in the Court's view. Accordingly, in order to avoid any uncertainty or dispute, and with the agreement of its former client Mr. Ryan, SBSF has now withdrawn proof of claim number 13235 with prejudice. [See Docket No. 6383].

In light of the foregoing, the Future Claimants' Representative respectfully suggests that there is no conflict, or even the appearance of a conflict, prohibiting SBSF's employment in these cases.

## II.  Application To Employ CIBC

The Court raised two questions regarding the Future Claimants' Representative's application to employ CIBC: (a) that CIBC's proposed engagement letter called for monthly payments in advance, instead of in arrears; and (b) that the terms of CIBC's indemnity from the Debtors (i) failed to exclude willful acts or gross negligence by CIBC and (ii) was to be given by the Debtors and their estates, rather than from any trust to be created under any proposed plan of reorganization.

### A.    CIBC's Amended Engagement Letter Provides For Payment In Arrears

Mr. Austern and CIBC have entered into an Amended Engagement Letter, a copy of which is attached as Exhibit 1.[6] The Amended Engagement Letter, among other things, provides that payments to CIBC will be made monthly in arrears, subject to approval of the Court and the existing compensation orders.[7]

---

[6] Also attached with Exhibit 1 is a red-lined version of the Amended Engagement Letter, marked to show changes from the original CIBC engagement letter dated June 4, 2004.

[7] At the August 23, 2004 hearing, the Court also noted its concern generally with financial advisors being compensated on a fixed monthly fee. In order to address the Court's concern, CIBC has agreed to submit to the fee auditor in these cases and to file with the Court with each monthly fee request a summary of the services performed and hours spent by CIBC during the month.

**B.      The Debtors' Indemnification Of CIBC In The Amended Engagement Letter Is Customary And Reasonable**

**1.      CIBC is not indemnified for willful misconduct or gross negligence.**

The original CIBC engagement letter provided for indemnification by the Debtors; the original proposed form of order sought approval of the indemnifications set forth in that engagement letter.  CIBC's original engagement letter contained the following exclusion from the Debtors' indemnification obligations:

> provided, that the [Debtors] will not be liable to any such Indemnified Party to the extent that any Damages are found in a final non-appealable judgment by a court of competent jurisdiction to have resulted solely from the bad faith, gross negligence or willful malfeasance of the Indemnified Party seeking indemnification hereunder or any breach by CIBC World Markets of this letter agreement.

Thus, the engagement letter as originally proposed excluded indemnification for CIBC's wrongful acts or gross negligence, and this provision is carried over in the Amended Engagement Letter.[8]  See Exhibit 1, Annex A:  Indemnification, ¶ A.

**2.      The Debtors' indemnification of CIBC is similar to court-approved indemnities given by debtors in other asbestos cases to financial advisors.**

The indemnification language in the proposed Amended Engagement Letter is comparable to the language used in connection with the appointment of financial advisors in this and other asbestos cases.  See, e.g., W.R. Grace & Co., Case No. 01-1139 (Bankr. D. Del.), Doc. Nos. 14 and 558 (Application and Order appointing The Blackstone Group as financial advisor to debtors); Combustion Engineering, Inc., Case No. 03-10495 (Bankr. D. Del.), Doc. Nos. 16 and

---

[8] CIBC has agreed that the word "solely" should not remain in the indemnity exclusion, and that word does not appear in the indemnity provisions of the Amended Engagement Letter, see Exhibit 1, as the inclusion of the word "solely" in this provision is not consistent with the Third Circuit's decision in In re United Artists Co., 315 F.3d 217 (3d Cir. 2003).

230 (Application and Order appointing The Blackstone Group as financial advisor to debtor);

Doc. Nos. 313, 603, 961 and 1362 (Applications and Orders appointing CIBC as financial

advisor to future claimants representative); <u>Congoleum Corp.</u>, Case No. 03-51524 (Bankr. D.

N.J.), Doc. Nos. 222 and 339 (Application and Order appointing SSG Capital Advisors, LP as

financial advisor to debtors); Doc. Nos. 459 and 500 (Application and Order appointing CIBC as

financial advisor to future claimants representative); <u>Owens Corning</u>, Case No. 00-3837 (Bankr.

D. Del.), Doc. Nos. 3694 and 4253 (Application and Order appointing Peter J. Solomon

Company as financial advisor to future claimants representative); <u>USG Corp.</u>, Case No. 01-2094

(Bankr. D. Del.), Doc. Nos. 2845, 2893, 3532, and 3648 (Applications and Orders appointing

CIBC as financial advisor to future claimants representative); <u>Armstrong World Industries, Inc.</u>,

Case No. 00-4471 (Bankr. D. Del.), Doc. Nos. 420 and 581 (Application and Order appointing

Houlihan, Lokey, Howard & Zukin, Inc. as financial advisor to creditors committee); Doc. Nos.

2120 and 2664 (Application and Order appointing Peter J. Solomon Company as financial

advisor to future claimants representative).[9]

The Future Claimants' Representative is not aware of an instance where a financial

advisor in an asbestos case at this stage of the proceedings received an indemnity in connection

with its employment from a person other than a debtor. Each of the indemnities approved in the

cases listed in the previous paragraph were indemnities from the debtors and their bankruptcy

estates. The Future Claimants' Representative respectfully submits that an indemnity from the

Debtors is appropriate in this case, as no plan has been proposed and no Section 524(g) trust has

---

[9] Copies of these orders and applications contained in a separate Appendix being filed with this Supplemental Brief.

yet been formed.   Accordingly, in light of the foregoing, the Future Claimants Representative respectfully requests that he be authorized to employ CIBC as his financial advisor.[10]

WHEREFORE, the Future Claimants' Representative respectfully requests that the Court (1) enter an Order granting the Future Claimants' Representative's applications to retain and employ SBSF as his bankruptcy counsel and CIBC as his financial advisor, for so long as he serves as the Future Claimants' Representative; and (2) grant such other and further relief as is appropriate.

September 13, 2004                              Respectfully submitted,

                                               By: _____
                                                   Roger Frankel, Esquire*
                                                   Richard H. Wyron, Esquire*
                                                   Matthew W. Cheney, Esquire*
                                                   Swidler Berlin Shereff Friedman, LLP
                                                   The Washington Harbour
                                                   3000 K Street, NW, Suite 300
                                                   Washington, DC 20007
                                                   (202) 424-7500

                                                   *Proposed Counsel to David T. Austern
                                                   as Future Claimants' Representative*

                                                   * Pro hac vice application pending

---

[10] A proposed amended form of order authorizing the employment of CIBC is attached at Exhibit 2.

# EXHIBIT 1

# CIBC WORLD MARKETS

CIBC World Markets Corp.
425 Lexington Avenue
New York, NY 10017

Tel: 212-885-4400
Fax: 212-885-4998

September 10, 2004

PERSONAL AND CONFIDENTIAL

David T. Austern
Claims Resolution Management Corporation
3110 Fairview Park Drive, Suite 200
Falls Church, VA 22042-0683

Dear Mr. Austern:

This letter agreement (the "Agreement") amends and supercedes the letter agreement dated June 4, 2004 and confirms our understanding of the engagement effective as of June 4, 2004, subject to Bankruptcy Court approval, of CIBC World Markets Corp. ("CIBC World Markets") by David T. Austern, the Court appointed representative for future asbestos claimants (the "Future Representative") to W.R. Grace & Co. (together with its subsidiaries and affiliates the "Company") to act as exclusive financial advisor to the Future Representative in connection with a proposed restructuring of the Company and implementation of a trust as contemplated under Section 524(g) of the Bankruptcy Code (the "Transaction"). The Future Representative will undertake to apply to the Bankruptcy Court, which has jurisdiction over the Company's chapter 11 bankruptcy proceeding, for authorization to employ CIBC in accordance with the terms and conditions of this Agreement, with this Agreement attached as an exhibit to such application. Subject to the terms and conditions hereof, CIBC agrees to accept as compensation for the services that CIBC renders pursuant to the terms hereof such sums as may be allowed by the Bankruptcy Court for fees incurred for professional services and for reimbursement of reasonable and necessary expenses.

Notwithstanding anything contained in this letter agreement to the contrary: (a) CIBC World Markets makes no representations or warranties about the Company's ability to (i) successfully improve its operations, (ii) maintain sufficient liquidity to operate its business or (iii) successfully complete a Transaction, and (b) CIBC World Markets makes no representation, warranty or commitment to underwrite, place or purchase any securities or provide any form of financing to the Company.

**Services.** Subject to approval of the Bankruptcy Court, the Future Representative hereby retains CIBC World Markets as the financial advisor to the Future Representative in connection with the Transaction. In connection with this engagement, CIBC World Markets will:

(a) assist the Future Representative in analyzing and reviewing the acts, conduct, assets, liabilities and financial condition of the Company;
(b) familiarize itself to the extent appropriate with the operation of the Company's businesses, advise the Future Representative with respect to the Transaction including analyzing, negotiating and effecting a plan of reorganization or recapitalization for the Company to the extent necessary, performing valuation analyses on the Company and their assets;
(c) evaluate the financial effect of the implementation of any plan of reorganization upon the assets or securities of the Company; and
(d) any other tasks as mutually agreed upon by CIBC World Markets and the Future Representative.

It is expressly understood that CIBC World Markets is working for and will take direction from the Future Representative and will share any work product with the Company only with the permission of the Future Representative.

In rendering its services to the Future Representative hereunder, CIBC World Markets is not assuming any responsibility for the Company's underlying business decision to pursue or not to pursue any business strategy or to effect or not to effect any Transaction.

**Compensation.** In full payment for services rendered and to be rendered hereunder by CIBC World Markets, the Company shall pay to CIBC World Markets, in cash, subject to approval of the Bankruptcy Court, monthly fees (the "Monthly Fees"), as follows:

   (a)   for the initial six (6) months of this engagement, starting upon the date of the original letter agreement dated June 4, 2004, a fee of $150,000 per month, payable monthly in arrears; and

   (b)   following the initial six (6) month period, a fee to be negotiated that is mutually acceptable to the Future Representative and CIBC World Markets, subject to approval of the Bankruptcy Court, for each month thereafter up through the month of the effective date of a plan of reorganization or termination of this letter agreement, whichever first occurs.

Both CIBC and the Future Representative recognize and acknowledge that the compensation proposed has been accepted by all parties based on their understanding of the proposed Transaction. The Monthly Fee to be paid to CIBC pursuant to the terms of the this letter agreement shall be subject to the standard of review provided in section 328(a) of the Bankruptcy Code and are not subject to any other standard of review, under section 330 of the Bankruptcy Code or otherwise, provided, however, that the Future Representative may, on a monthly basis, confer with CIBC whether any adjustment shall be made in the Monthly Fee based on CIBC's activity level for such month.

**Reimbursement of Expenses.** Subject to Bankruptcy Court approval, the Company shall periodically reimburse CIBC World Markets promptly when invoiced for all of its reasonable out-of-pocket expenses (including, without limitation, reasonable fees and expenses of its legal counsel, travel and lodging expenses, word processing charges, messenger and duplicating services, facsimile expenses and other customary expenditures) in connection with the performance of its services hereunder, regardless of whether a Transaction occurs. Upon termination of this letter agreement or completion of a Transaction, subject to Bankruptcy Court approval, the Company shall pay promptly in cash any unreimbursed expenses that have accrued as of such date. To the extent officers of CIBC World Markets assist in, or provide testimony in trial or deposition for any action, suit or proceeding relating to a Transaction or our engagement hereunder after the consummation of a Transaction or termination of our engagement hereunder, subject to Bankruptcy Court approval, the Company shall pay CIBC World Markets a per diem charge for the services of such officers in an amount to be mutually agreed upon by the Future Representative and CIBC World Markets prior to such assistance.

**Term.** This engagement will commence on the date hereof and terminate 30 days from the date on which the Future Representative or CIBC World Markets, as the case may be, receives written notice from the other of termination of this engagement. CIBC World Markets may resign at any time and the Future Representative may terminate CIBC World Markets' services at any time, each by giving written notice to the other. Notwithstanding the foregoing, the Future Representative agrees that the provisions relating to the payment of fees, reimbursement of expenses, indemnification and contribution, and waiver of the right to trial by jury will survive any such termination.

If Joseph J. Radecki, Jr. shall cease to be employed by CIBC, CIBC shall give prompt notice to the Future Representative and the Future Representative shall have the right to terminate this Agreement immediately by giving notice to CIBC and the Company shall not be obligated to pay CIBC the fees outlined above beyond the effective date of such termination under such circumstances. CIBC will also provide appropriate levels of staffing to complete the engagement in a timely and commercially reasonable manner.

**Liability for Fees and Expenses**.  Subject to approval by the Bankruptcy Court, the Company shall be solely responsible for the payment of compensation and reimbursement of expenses to CIBC under this Agreement. The Future Representative shall not be liable for the payment of any compensation or reimbursement of any expenses to CIBC hereunder.

**Use of Information**.  The Future Representative shall use its reasonable best efforts to have the Company furnish to CIBC World Markets such information as CIBC World Markets requests for purposes of performing services under this letter agreement (the "Information").  The Future Representative will use its reasonable best efforts to have the Company agree and represent that all Information relating to the Company furnished to CIBC World Markets will be accurate and complete in all material respects at the time provided, and that, if the Company is aware of any Information becoming materially inaccurate, incomplete or misleading during the engagement hereunder, the Company will promptly advise CIBC World Markets. The Future Representative recognizes and confirms that CIBC World Markets assumes no responsibility for the accuracy and completeness of the Information and will be using and relying upon the Information (and information available from generally recognized public sources) without assuming responsibility for independent verification or independent evaluation of any of the assets or liabilities of the Company.

**Indemnification.**  Subject to Bankruptcy Court approval, in addition to the payment of fees and reimbursement of fees and expenses provided for above, and regardless if any Transaction is consummated, the Company shall agree to indemnify CIBC World Markets with regard to the matters contemplated herein, as set forth in Annex A, attached hereto, which is incorporated by reference as if fully set forth herein.

**Governing Law.**  This letter agreement will be governed by and construed in accordance with the laws of the State of New York applicable to agreements made and to be fully performed therein.

Each of the Future Representative and CIBC World Markets hereby waives any right it may have to a trial by jury in respect of any claim brought by or on behalf of either party based upon, arising out of or in connection with this letter agreement, our engagement hereunder or the transactions contemplated hereby.

**Confidentiality.** Except as required by law, this Agreement and the services, information and advice to be provided by CIBC World Markets hereunder, is for the confidential use of the Future Representative and shall not be disclosed to third parties without CIBC World Markets' prior written permission.

**Advertisements.** CIBC World Markets shall be permitted, at its own expense, to advertise the services it provided in connection with any transaction subsequent to the consummation thereof.

**Use of Name.**  The Future Representative agrees that any reference to CIBC World Markets, as financial advisor in any release or communication or materials distributed, is subject to CIBC World Markets' prior written approval, unless such release or communication is required by law or regulation. If CIBC World Markets resigns prior to the dissemination of any such release, communication or material, no reference shall be made therein to CIBC World Markets.

**Authorization.** The Future Representative represents and warrants that, subject to Bankruptcy Court approval, it has all requisite power and authority, and all necessary authorizations, to enter into and carry out the terms and provisions of this Agreement and the execution, delivery and performance of this Agreement does not breach or conflict with any agreement, document or instrument to which it is a party or bound.

**No Brokers.**   The Future Representative represents and warrants to CIBC World Markets that there are no brokers, representatives or other persons which have an interest in compensation due to CIBC World Markets from any transaction contemplated herein or which would otherwise be due any fee, commission or remuneration upon consummation of any Transaction.

4

**Conflicts.** The Future Representative acknowledges that CIBC World Markets and its affiliates shall have no obligation to disclose any information acquired in connection with various investment banking, commercial banking and financial advisory relationships with, or services for, other clients and customers, to the Company or to use such information in connection with any transactions contemplated by this letter agreement.

**Independent Contractor.** The Future Representative acknowledges that CIBC World Markets has been retained solely to provide the services set forth in this letter agreement. The Future Representative acknowledges that in performing its services, CIBC World Markets shall act as an independent contractor, and not as agent or otherwise, and any duties of CIBC World Markets arising out of its engagement hereunder shall be owed solely to the Future Representative and CIBC World Markets shall have no duties or liabilities to the equity holders or other stakeholders of the Company or any third party in connection with its engagement hereunder, all of which are expressly waived. No one other than the Future Representative is authorized to rely upon the engagement of CIBC World Markets hereunder or any statements, advice, opinions or conduct by CIBC World Markets. The Future Representative further acknowledges that CIBC World Markets may perform certain of the services described herein through one or more of its affiliates and any such affiliates shall be entitled to the benefit of this Agreement.

**Anti-Money Laundering.** To help the United States government fight the funding of terrorism and money laundering activities, the federal law of the United States requires all financial institutions to obtain, verify and record information that identifies each person with whom they do business. This means we must ask you for certain identifying information, including a government-issued identification number (e.g., a U.S. taxpayer identification number) and such other information or documents that we consider appropriate to verify your and the Company's identity, such as certified articles of incorporation, a government-issued business license, a partnership agreement or a trust instrument.

**Miscellaneous.** This Agreement constitutes the entire understanding and agreement between the Future Representative and CIBC World Markets with respect to the subject matter hereof and supersedes all prior understanding or agreements between the parties with respect thereto, whether oral or written, express or implied. Any amendments or modifications must be executed in writing by both parties. This Agreement and all rights, liabilities and obligations hereunder shall be binding upon and inure to the benefit of each party's successors but may not be assigned without the prior written approval of the other party. This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, but such counterparts shall, together, constitute only one instrument. The descriptive headings of the Paragraphs of this Agreement are inserted for convenience only, do not constitute a part of this Agreement and shall not affect in anyway the meaning or interpretation of this Agreement.

If the foregoing meets with your approval, please sign the attached duplicate copy of this letter and return it to the undersigned.

Very truly yours

CIBC World Markets Corp.

By **Jonathan L. Brownstein**
**Executive Director**

Accepted and agreed
to as of the date first
written above:

**Future Representative to W.R. Grace & Co.**

By

**David T. Austern**
**Future Representative**

## ANNEX A: INDEMNIFICATION

(A)    In consideration of CIBC World Markets' agreement to act on behalf of the Future Representative, notwithstanding any limitations set forth herein, subject to approval by the Bankruptcy Court, the Company agrees to indemnify and hold harmless CIBC World Markets and its affiliates and their respective present and former directors, officers, employees, agents and controlling persons within the meaning of section 15 of the Securities Act of 1933, as amended (each such person, including CIBC World Markets, an "Indemnified Party" and collectively the "Indemnified Parties") to the fullest extent permitted by law from and against any losses, claims, damages and liabilities, joint or several (collectively, the "Damages"), to which such Indemnified Party may become subject in connection with or otherwise relating to or arising from (i) any transaction or matter in any way relating to or referred to in this letter agreement or arising out of the matters contemplated by this letter agreement or the engagement of or performance of services or any involvement or alleged involvement in a Transaction (as defined in this letter agreement) by CIBC World Markets thereunder or (ii) an untrue statement or an alleged untrue statement of a material fact or the omission or alleged omission to state a material fact necessary in order to make a statement not misleading in light of the circumstances under which it was made, and will reimburse each Indemnified Party for all fees and expenses (including the fees and expenses of counsel) (collectively, "Expenses") as incurred, subject to the provisions of paragraph (D), below, in connection with investigating, preparing, pursuing or defending any threatened or pending claim, action, proceeding or investigation (collectively, the "Proceedings") arising therefrom, whether or not such Indemnified Party is a formal party to such Proceeding; provided, that the Company will not be liable to any such Indemnified Party to the extent that any Damages are found in a final non-appealable judgment by a court of competent jurisdiction to have resulted from the bad faith, gross negligence or willful malfeasance of the Indemnified Party seeking indemnification hereunder or any breach by CIBC World Markets of this letter agreement. The Company also agrees that no Indemnified Party will have any liability (whether direct or indirect, in contract, tort or otherwise) to the Company or any person asserting claims on behalf of the Company arising out of or in connection with any transactions contemplated by this letter agreement or the engagement of or performance of services by any Indemnified Party thereunder except to the extent that any Damages are found in a final non-appealable judgment by a court of competent jurisdiction to have resulted from the bad faith, gross negligence or willful malfeasance of the Indemnified Party or any breach by CIBC World Markets of this letter agreement.

(B)    If for any reason other than in accordance with this letter agreement, the foregoing indemnity is unavailable to an Indemnified Party in respect of any Damages (including all Expenses incurred) referred to herein or insufficient to hold an Indemnified Party harmless, then the Company agrees that in lieu of indemnifying such Indemnified Party, the Company shall contribute to the amount paid or payable by such Indemnified Party as a result of such Damages (including all Expenses incurred) (i) in such proportion as is appropriate to reflect the relative benefits to the Company and/or its stockholders on the one hand, and of the Indemnified Party on the other hand, from the services rendered under this letter agreement or (ii) if the allocation provided by clause (i) above is not permitted by applicable law, in such proportion as is appropriate to reflect not only the relative benefits referred to in clause (i) above but also the relative fault of the Company on the one hand and of the Indemnified Party on the other. The Company agrees that for purposes of this paragraph the relative benefits to the Company and/or its stockholders and CIBC World Markets in connection with the matters covered by this letter agreement will be deemed to be in the same proportion that the total value paid or received or to be paid or received by the Company and/or its stockholders in connection with the transactions contemplated by this letter agreement, whether or not consummated, bears to the fees paid to CIBC World Markets under this letter agreement; provided, that in no event will the total contribution of all Indemnified Parties to all such Damages exceed the amount of fees actually received and retained by CIBC World Markets under this letter agreement (excluding any amounts received by CIBC World Markets as reimbursement of expenses). Relative fault shall be determined by reference to, among other things, whether any alleged untrue statement or omission or any alleged conduct relates to information provided by

the Company or other conduct by the Company (or its employees or other agents) on the one hand, or by CIBC World Markets, on the other hand.

(C)     The Company agrees not to enter into any waiver, release or settlement of any Proceeding (whether or not CIBC World Markets or any other Indemnified Party is a formal party to such Proceeding) in respect of which indemnification may be sought hereunder without the prior written consent of CIBC World Markets (which consent will not be unreasonably withheld), unless such waiver, release or settlement (i) includes an unconditional release of CIBC World Markets and each Indemnified Party from all liability arising out of such Proceeding and (ii) does not contain any factual or legal admission by or with respect to any Indemnified Party or any adverse statement with respect to the character, professionalism, expertise or reputation of any Indemnified Party or any action or inaction of any Indemnified Party.  In the event that a cause of action is asserted against an Indemnified Party arising out of or relating to the performance of his, her or its duties as financial advisor to the Future Representative, the Indemnified Party shall have the right to choose its own counsel.

(D)     If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in the Company's chapter 11 bankruptcy cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing the Company's chapter 11 bankruptcy cases, CIBC World Markets believes that it is entitled to the payment of any amounts by the Company on account of the Company's indemnification, contribution and/or reimbursement obligations under this letter agreement or arising out of the matters contemplated by this letter agreement or the engagement of or performance of services by an Indemnified Party thereunder, including without limitation, the advancement of defense costs, CIBC World Markets must file an application therefore with the Bankruptcy Court, and the Company may not pay any such amounts to CIBC before the entry of an order by the Bankruptcy Court approving payment.  This paragraph is intended only to specify the period of time under which the Bankruptcy Court shall have jurisdiction over any request for fees and expenses by CIBC World Markets for indemnification, contribution or reimbursement and not to limit the duration of the Company's obligation to indemnify CIBC.

(E)     The indemnity, reimbursement and contribution obligations of the Company hereunder will be in addition to any liability which the Company may have at common law or otherwise to any Indemnified Party and will be binding upon and inure to the benefit of any successors, assigns, heirs and personal representatives of the Company or an Indemnified Party.  The provisions of this Annex will survive the modification or termination of this letter agreement.

~~June 4,~~**September 10,** 2004

PERSONAL AND CONFIDENTIAL

David T. Austern
Claims Resolution Management Corporation
3110 Fairview Park Drive, Suite 200
Falls Church, VA 22042-0683

Dear Mr. Austern:

This letter agreement (the "Agreement") **amends and supercedes the letter agreement dated June 4, 2004 and** confirms our understanding of the engagement, **effective as of June 4, 2004,** subject to Bankruptcy Court approval, of CIBC World Markets Corp. ("CIBC World Markets") by David T. Austern, the Court appointed representative for future asbestos claimants (the "Future Representative") to W.R. Grace & Co. (together with its subsidiaries and affiliates the "Company") to act as exclusive financial advisor to the Future Representative in connection with a proposed restructuring of the Company and implementation of a trust as contemplated under Section 524(g) of the Bankruptcy Code (the "Transaction"). The Future Representative will undertake to apply to the Bankruptcy Court, which has jurisdiction over the Company's chapter 11 bankruptcy proceeding, for authorization to employ CIBC in accordance with the terms and conditions of this Agreement, with this Agreement attached as an exhibit to such application. Subject to the terms and conditions hereof, CIBC agrees to accept as compensation for the services that CIBC renders pursuant to the terms hereof such sums as may be allowed by the Bankruptcy Court for fees incurred for professional services and for reimbursement of reasonable and necessary expenses.

Notwithstanding anything contained in this letter agreement to the contrary: (a) CIBC World Markets makes no representations or warranties about the Company's ability to (i) successfully improve its operations, (ii) maintain sufficient liquidity to operate its business or (iii) successfully complete a Transaction, and (b) CIBC World Markets makes no representation, warranty or commitment to underwrite, place or purchase any securities or provide any form of financing to the Company.

**Services.** Subject to approval of the Bankruptcy Court, the Future Representative hereby retains CIBC World Markets as the financial advisor to the Future Representative in connection with the Transaction. In connection with this engagement, CIBC World Markets will:

    (a) assist the Future Representative in analyzing and reviewing the acts, conduct, assets, liabilities and financial condition of the Company;

    (b) familiarize itself to the extent appropriate with the operation of the Company's businesses, advise the Future Representative with respect to the Transaction including analyzing, negotiating and effecting a plan of reorganization or recapitalization for the Company to the extent necessary, performing valuation analyses on the Company and their assets;

    (c) evaluate the financial effect of the implementation of any plan of reorganization upon the assets or securities of the Company; and

    (d) any other tasks as mutually agreed upon by CIBC World Markets and the Future Representative.

It is expressly understood that CIBC World Markets is working for and will take direction from the Future Representative and will share any work product with the Company only with the permission of the Future Representative.

In rendering its services to the Future Representative hereunder, CIBC World Markets is not assuming any responsibility for the Company's underlying business decision to pursue or not to pursue any business strategy or to effect or not to effect any Transaction.

**Compensation.** In full payment for services rendered and to be rendered hereunder by CIBC World Markets, the Company shall pay to CIBC World Markets, in cash, subject to approval of the Bankruptcy Court, monthly fees (the "Monthly Fees"), as follows:

    (a)    for the initial six (6) months of this engagement, starting upon the date of ~~this~~**the original** letter agreement~~,~~ **dated June 4, 2004,** a fee of $150,000 per month, payable monthly in ~~advance~~**arrears**; and

    (b)    following the initial six (6) month period, a fee to be negotiated that is mutually acceptable to the Future Representative and CIBC World Markets, subject to approval of the Bankruptcy Court, for each month thereafter up through the month of the effective date of a plan of reorganization or termination of this letter agreement, whichever first occurs.

Both CIBC and the Future Representative recognize and acknowledge that the compensation proposed has been accepted by all parties based on their understanding of the proposed Transaction. The Monthly Fee to be paid to CIBC pursuant to the terms of the this letter agreement shall be subject to the standard of review provided in section 328(a) of the Bankruptcy Code and are not subject to any other standard of review, under section 330 of the Bankruptcy Code or otherwise, provided, however, that the Future Representative may, on a monthly basis, confer with CIBC whether any adjustment shall be made in the Monthly Fee based on CIBC's activity level for such month.

**Reimbursement of Expenses.** Subject to Bankruptcy Court approval, the Company shall periodically reimburse CIBC World Markets promptly when invoiced for all of its reasonable out-of-pocket expenses (including, without limitation, reasonable fees and expenses of its legal counsel, travel and lodging expenses, word processing charges, messenger and duplicating services, facsimile expenses and other customary expenditures) in connection with the performance of its services hereunder, regardless of whether a Transaction occurs. Upon termination of this letter agreement or completion of a Transaction, subject to Bankruptcy Court approval, the Company shall pay promptly in cash any unreimbursed expenses that have accrued as of such date. To the extent officers of CIBC World Markets assist in, or provide testimony in trial or deposition for any action, suit or proceeding relating to a Transaction or our engagement hereunder after the consummation of a Transaction or termination of our engagement hereunder, subject to Bankruptcy Court approval, the Company shall pay CIBC World Markets a per diem charge for the services of such officers in an amount to be mutually agreed upon by the Future Representative and CIBC World Markets prior to such assistance.

**Term.** This engagement will commence on the date hereof and terminate 30 days from the date on which the Future Representative or CIBC World Markets, as the case may be, receives written notice from the other of termination of this engagement. CIBC World Markets may resign at any time and the Future Representative may terminate CIBC World Markets' services at any time, each by giving written notice to the other. Notwithstanding the foregoing, the Future Representative agrees that the provisions relating to the payment of fees, reimbursement of expenses, indemnification and contribution, and waiver of the right to trial by jury will survive any such termination.

If Joseph J. Radecki, Jr. shall cease to be employed by CIBC, CIBC shall give prompt notice to the Future Representative and the Future Representative shall have the right to terminate this Agreement immediately by giving notice to CIBC and the Company shall not be obligated to pay CIBC the fees outlined above beyond

the effective date of such termination under such circumstances. CIBC will also provide appropriate levels of staffing to complete the engagement in a timely and commercially reasonable manner.

**Liability for Fees and Expenses.** Subject to approval by the Bankruptcy Court, the Company shall be solely responsible for the payment of compensation and reimbursement of expenses to CIBC under this Agreement. The Future Representative shall not be liable for the payment of any compensation or reimbursement of any expenses to CIBC hereunder.

**Use of Information.** The Future Representative shall use its reasonable best efforts to have the Company furnish to CIBC World Markets such information as CIBC World Markets requests for purposes of performing services under this letter agreement (the "Information"). The Future Representative will use its reasonable best efforts to have the Company agree and represent that all Information relating to the Company furnished to CIBC World Markets will be accurate and complete in all material respects at the time provided, and that, if the Company is aware of any Information becoming materially inaccurate, incomplete or misleading during the engagement hereunder, the Company will promptly advise CIBC World Markets. The Future Representative recognizes and confirms that CIBC World Markets assumes no responsibility for the accuracy and completeness of the Information and will be using and relying upon the Information (and information available from generally recognized public sources) without assuming responsibility for independent verification or independent evaluation of any of the assets or liabilities of the Company.

**Indemnification.** Subject to Bankruptcy Court approval, in addition to the payment of fees and reimbursement of fees and expenses provided for above, and regardless if any Transaction is consummated, the Company shall agree to indemnify CIBC World Markets with regard to the matters contemplated herein, as set forth in Annex A, attached hereto, which is incorporated by reference as if fully set forth herein.

**Governing Law.** This letter agreement will be governed by and construed in accordance with the laws of the State of New York applicable to agreements made and to be fully performed therein.

Each of the Future Representative and CIBC World Markets hereby waives any right it may have to a trial by jury in respect of any claim brought by or on behalf of either party based upon, arising out of or in connection with this letter agreement, our engagement hereunder or the transactions contemplated hereby.

**Confidentiality.** Except as required by law, this Agreement and the services, information and advice to be provided by CIBC World Markets hereunder, is for the confidential use of the Future Representative and shall not be disclosed to third parties without CIBC World Markets' prior written permission.

**Advertisements.** CIBC World Markets shall be permitted, at its own expense, to advertise the services it provided in connection with any transaction subsequent to the consummation thereof.

**Use of Name.** The Future Representative agrees that any reference to CIBC World Markets, as financial advisor in any release or communication or materials distributed, is subject to CIBC World Markets' prior written approval, unless such release or communication is required by law or regulation. If CIBC World Markets resigns prior to the dissemination of any such release, communication or material, no reference shall be made therein to CIBC World Markets.

**Authorization.** The Future Representative represents and warrants that, subject to Bankruptcy Court approval, it has all requisite power and authority, and all necessary authorizations, to enter into and carry out the terms and provisions of this Agreement and the execution, delivery and performance of this Agreement does not breach or conflict with any agreement, document or instrument to which it is a party or bound.

**No Brokers.** The Future Representative represents and warrants to CIBC World Markets that there are no brokers, representatives or other persons which have an interest in compensation due to CIBC World Markets

from any transaction contemplated herein or which would otherwise be due any fee, commission or remuneration upon consummation of any Transaction.

**Conflicts.**    The Future Representative acknowledges that CIBC World Markets and its affiliates shall have no obligation to disclose any information acquired in connection with various investment banking, commercial banking and financial advisory relationships with, or services for, other clients and customers, to the Company or to use such information in connection with any transactions contemplated by this letter agreement.

**Independent Contractor.** The Future Representative acknowledges that CIBC World Markets has been retained solely to provide the services set forth in this letter agreement.   The Future Representative acknowledges that in performing its services, CIBC World Markets shall act as an independent contractor, and not as agent or otherwise, and any duties of CIBC World Markets arising out of its engagement hereunder shall be owed solely to the Future Representative and CIBC World Markets shall have no duties or liabilities to the equity holders or other stakeholders of the Company or any third party in connection with its engagement hereunder, all of which are expressly waived.  No one other than the Future Representative is authorized to rely upon the engagement of CIBC World Markets hereunder or any statements, advice, opinions or conduct by CIBC World Markets. The Future Representative further acknowledges that CIBC World Markets may perform certain of the services described herein through one or more of its affiliates and any such affiliates shall be entitled to the benefit of this Agreement.

**Anti-Money Laundering.**  To help the United States government fight the funding of terrorism and money laundering activities, the federal law of the United States requires all financial institutions to obtain, verify and record information that identifies each person with whom they do business.  This means we must ask you for certain identifying information, including a government-issued identification number (e.g., a U.S. taxpayer identification number) and such other information or documents that we consider appropriate to verify your and the Company's identity, such as certified articles of incorporation, a government-issued business license, a partnership agreement or a trust instrument.

**Miscellaneous**. This Agreement constitutes the entire understanding and agreement between the Future Representative and CIBC World Markets with respect to the subject matter hereof and supersedes all prior understanding or agreements between the parties with respect thereto, whether oral or written, express or implied.  Any amendments or modifications must be executed in writing by both parties. This Agreement and all rights, liabilities and obligations hereunder shall be binding upon and inure to the benefit of each party's successors but may not be assigned without the prior written approval of the other party.  This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, but such counterparts shall, together, constitute only one instrument.  The descriptive headings of the Paragraphs of this Agreement are inserted for convenience only, do not constitute a part of this Agreement and shall not affect in anyway the meaning or interpretation of this Agreement.

If the foregoing meets with your approval, please sign the attached duplicate copy of this letter and return it to the undersigned.

<div style="margin-left: 40%;">

Very truly yours

CIBC World Markets Corp.


By_____
~~Joseph J. Radecki, Jr.~~
Jonathan L. Brownstein
~~Managing~~Executive Director

</div>

Accepted and agreed
to as of the date first
written above:

**Future Representative to W.R. Grace & Co.**



By_____
    **David T. Austern**
    **Future Representative**

## ANNEX A: INDEMNIFICATION

(A)    In consideration of CIBC World Markets' agreement to act on behalf of the Future Representative, notwithstanding any limitations set forth herein, subject to approval by the Bankruptcy Court, the Company agrees to indemnify and hold harmless CIBC World Markets and its affiliates and their respective present and former directors, officers, employees, agents and controlling persons within the meaning of section 15 of the Securities Act of 1933, as amended (each such person, including CIBC World Markets, an "Indemnified Party" and collectively the "Indemnified Parties") to the fullest extent permitted by law from and against any losses, claims, damages and liabilities, joint or several (collectively, the "Damages"), to which such Indemnified Party may become subject in connection with or otherwise relating to or arising from (i) any transaction or matter in any way relating to or referred to in this letter agreement or arising out of the matters contemplated by this letter agreement or the engagement of or performance of services or any involvement or alleged involvement in a Transaction (as defined in this letter agreement) by CIBC World Markets thereunder or (ii) an untrue statement or an alleged untrue statement of a material fact or the omission or alleged omission to state a material fact necessary in order to make a statement not misleading in light of the circumstances under which it was made, and will reimburse each Indemnified Party for all fees and expenses (including the fees and expenses of counsel) (collectively, "Expenses") as incurred, subject to the provisions of paragraph (D), below, in connection with investigating, preparing, pursuing or defending any threatened or pending claim, action, proceeding or investigation (collectively, the "Proceedings") arising therefrom, whether or not such Indemnified Party is a formal party to such Proceeding; provided, that the Company will not be liable to any such Indemnified Party to the extent that any Damages are found in a final non-appealable judgment by a court of competent jurisdiction to have resulted ~~solely~~ from the bad faith, gross negligence or willful malfeasance of the Indemnified Party seeking indemnification hereunder or any breach by CIBC World Markets of this letter agreement. The Company also agrees that no Indemnified Party will have any liability (whether direct or indirect, in contract, tort or otherwise) to the Company or any person asserting claims on behalf of the Company arising out of or in connection with any transactions contemplated by this letter agreement or the engagement of or performance of services by any Indemnified Party thereunder except to the extent that any Damages are found in a final non-appealable judgment by a court of competent jurisdiction to have resulted ~~solely~~ from the bad faith, gross negligence or willful malfeasance of the Indemnified Party or any breach by CIBC World Markets of this letter agreement.

(B)    If for any reason other than in accordance with this letter agreement, the foregoing indemnity is unavailable to an Indemnified Party in respect of any Damages (including all Expenses incurred) referred to herein or insufficient to hold an Indemnified Party harmless, then the Company agrees that in lieu of indemnifying such Indemnified Party, the Company shall contribute to the amount paid or payable by such Indemnified Party as a result of such Damages (including all Expenses incurred) (i) in such proportion as is appropriate to reflect the relative benefits to the Company and/or its stockholders on the one hand, and of the Indemnified Party on the other hand, from the services rendered under this letter agreement or (ii) if the allocation provided by clause (i) above is not permitted by applicable law, in such proportion as is appropriate to reflect not only the relative benefits referred to in clause (i) above but also the relative fault of the Company on the one hand and of the Indemnified Party on the other. The Company agrees that for purposes of this paragraph the relative benefits to the Company and/or its stockholders and CIBC World Markets in connection with the matters covered by this letter agreement will be deemed to be in the same proportion that the total value paid or received or to be paid or received by the Company and/or its stockholders in connection with the transactions contemplated by this letter agreement, whether or not consummated, bears to the fees paid to CIBC World Markets under this letter agreement; provided, that in no event will the total contribution of all Indemnified Parties to all such Damages exceed the amount of fees actually received and retained by CIBC World Markets under this letter agreement (excluding any amounts received by CIBC World Markets as reimbursement of expenses). Relative fault shall be determined by reference to, among other things, whether any alleged untrue statement or omission or any alleged conduct relates to information provided by

the Company or other conduct by the Company (or its employees or other agents) on the one hand, or by CIBC World Markets, on the other hand.

(C)     The Company agrees not to enter into any waiver, release or settlement of any Proceeding (whether or not CIBC World Markets or any other Indemnified Party is a formal party to such Proceeding) in respect of which indemnification may be sought hereunder without the prior written consent of CIBC World Markets (which consent will not be unreasonably withheld), unless such waiver, release or settlement (i) includes an unconditional release of CIBC World Markets and each Indemnified Party from all liability arising out of such Proceeding and (ii) does not contain any factual or legal admission by or with respect to any Indemnified Party or any adverse statement with respect to the character, professionalism, expertise or reputation of any Indemnified Party or any action or inaction of any Indemnified Party.  In the event that a cause of action is asserted against an Indemnified Party arising out of or relating to the performance of his, her or its duties as financial advisor to the Future Representative, the Indemnified Party shall have the right to choose its own counsel.

(D)     If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in the Company's chapter 11 bankruptcy cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing the Company's chapter 11 bankruptcy cases, CIBC World Markets believes that it is entitled to the payment of any amounts by the Company on account of the Company's indemnification, contribution and/or reimbursement obligations under this letter agreement or arising out of the matters contemplated by this letter agreement or the engagement of or performance of services by an Indemnified Party thereunder, including without limitation, the advancement of defense costs, CIBC World Markets must file an application therefore with the Bankruptcy Court, and the Company may not pay any such amounts to CIBC before the entry of an order by the Bankruptcy Court approving payment.  This paragraph is intended only to specify the period of time under which the Bankruptcy Court shall have jurisdiction over any request for fees and expenses by CIBC World Markets for indemnification, contribution or reimbursement and not to limit the duration of the Company's obligation to indemnify CIBC.

(E)     The indemnity, reimbursement and contribution obligations of the Company hereunder will be in addition to any liability which the Company may have at common law or otherwise to any Indemnified Party and will be binding upon and inure to the benefit of any successors, assigns, heirs and personal representatives of the Company or an Indemnified Party.  The provisions of this Annex will survive the modification or termination of this letter agreement.

# EXHIBIT 2

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | **Chapter 11** |
| **W.R. GRACE & CO., et al.** | ) | **Case No. 01-01139 (JKF)** |
| | ) | **(Jointly Administered)** |
| | ) | |
| Debtors. | ) | |
| | ) | |

### ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF
### CIBC WORLD MARKETS CORP. AS FINANCIAL ADVISOR TO
### DAVID T. AUSTERN, FUTURE CLAIMANTS' REPRESENTATIVE

Upon the application (the "Application") of David T. Austern, Future Claimants' Representative ("Future Claimants' Representative") in the above-captioned chapter 11 cases of W.R. Grace & Co. and its affiliates (collectively, the "Debtors"), seeking entry of an Order under section 1103(a) of the Bankruptcy Code authorizing the Future Claimants' Representative to employ and retain CIBC World Markets Corp. ("CIBC") as his financial advisor; and the Court having reviewed the Application and the accompanying Declaration of Joseph J. Radecki, Jr. (the "Radecki Declaration"), a Managing Director of CIBC; and the Court being satisfied from the Radecki Declaration that CIBC neither holds nor represents any interest adverse to the Future Claimants' Representative on the matters upon which CIBC is to be engaged; and it appearing that the relief requested is in the best interests of the Future Claimants' Representative and the Debtors' estates, their creditors and other parties-in-interest; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 158(a); and it appearing that notice of the Application was good and sufficient under the particular circumstances and that no other or further notice need be given and upon the record herein; and it further appearing that the terms and conditions of CIBC's employment as further described in the Application and the Radecki Declaration are reasonable and necessary; it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1.     The Application be, and it hereby is, approved;

2.      Pursuant to section 1103(a) of the Bankruptcy Code and the May 24, 2004 Order appointing David T. Austern as the Future Claimants' Representative [Docket No. 5645], the Future Claimants' Representative be, and he hereby is, authorized to employ and retain CIBC as financial advisor effective as of June 4, 2004, upon the terms, and to perform the services, set forth in the Application and the Radecki Declaration, so long as David T. Austern serves as the legal representative for individuals who may assert asbestos-related claims and/or demands in the future against the Debtors;

3.      The indemnification provisions set forth in the amended engagement letter between the Future Claimants' Representative and CIBC, attached to the Supplemental Brief of the Future Claimants' Representative Regarding His Applications to Employ Professionals as Exhibit 1, including Annex A thereto (the "Amended Engagement Agreement"), are incorporated by reference and are hereby approved;

4.      CIBC shall be compensated in arrears in accordance with the terms of the Amended Engagement Agreement and section 328(a) of the Bankruptcy Code, subject to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and as may be fixed by order of this Court, including the Administrative Compensation Order(s) entered in these cases.  With each monthly fee request, CIBC shall file with the Court and submit to the fee auditor in these cases a summary of the services performed and hours spent by CIBC during such month; and

5.      The fees and expenses of CIBC allowed by the Court shall be an administrative expenses of the Debtors' estates.

Dated: _____, 2004

_____
The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

9166109v3

### CERTIFICATE OF SERVICE

I, DEBRA L. FELDER, do hereby certify that I am over the age of 18, and that on

September 13, 2004, I caused the *Supplemental Brief of the Future Claimants' Representative*

*Regarding His Applications to Employ Swidler Berlin Shereff Friedman, LLP and CIBC World*

*Markets Corp.* to be served upon those persons as shown on the attached Service List by first

class mail, postage prepaid.

Debra L. Felder
Swidler Berlin Shereff Friedman, LLP

**W. R. Grace 2002 Service List**
Case No. 01-1139 (JKF)

Laura Davis Jones, Esquire
Scotta McFarland, Esquire
Pachulski, Stang, Ziehl, Young Jones
& Weintraub
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
*(Counsel to Debtors and Debtors in Possession)*

Parcels, Inc.
Vito I. DiMaio
10th & King Streets
Wilmington, DE 19801

Steven M. Yoder, Esquire
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
*(Local Counsel to DIP Lender)*

Marla Eskin, Esquire
Mark Hurford, Esquire
Campbell & Levine, LLC
800 N. King Street, #301
Wilmington, DE 19801-3549
*(Local Counsel to Asbestos Claimants)*

William H. Sudell, Jr., Esquire
Eric D. Schwartz, Esquire
Morris, Nichols Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899

Robert J. Dehney
Michael G. Busenkell
Morris, Nichols Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
*(Counsel to Travelers Casualty and Surety
Company)*

Mark D. Collins, Esquire
Deborah E. Spivack, Esquire
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
*(Counsel to The Chase Manhattan Bank)*

Jeffrey C. Wisler, Esquire
Michelle McMahon, Esquire
Connolly Bove Lodge & Hutz LLP
1220 Market Street, 10th Floor
Wilmington, DE 19899

Francis A. Monaco, Jr., Esquire
Monzack and Monaco, P.A.
1201 N. Orange Street, Suite 400
P.O. Box 2031
Wilmington, DE 19801
*(Counsel to Ingersoll-Rand Fluid Products)*

Frederick B. Rosner, Esquire
Monzack and Monaco, P.A.
1201 N. Orange Street, Suite 400
Wilmington, DE 19801
*(Counsel to Ingersoll-Rand Fluid Products)*

Michael B. Joseph, Esquire
Theodore J. Tacconelli, Esquire
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899
*(Counsel to Property Damage Claimants)*

Mark S. Chehi
Skadden, Arps, Slate, Meagher
& Flom LLP
One Rodney Square
P.O. Box 636
Wilmington, DE 19899-0636

Joseph Grey, Esquire
Stevens & Lee
300 Delaware Avenue, Suite 800
Wilmington, DE 19801

Michael R. Lastowski, Esquire
Duane, Morris & Heckscher LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246
*(Counsel to Official Committee of Unsecured Creditors)*

Laurie Selber Silverstein, Esquire
Monica Leigh Loftin, Esquire
Potter Anderson & Corroon LLP
1313 N. Market Street, 6th Floor
P.O. Box 951
Wilmington, DE 19899

Frank J. Perch, Esquire
Office of the United States Trustee
844 King Street, Suite 2207
Lockbox 35
Wilmington, DE 19801
*(United States Trustee)*

Todd C. Schiltz, Esquire
Wolf, Block, Schorr and Solis-Cohen LLP
Wilmington Trust Center
1100 N. Market Street, Suite 1001
Wilmington, DE 19801
*(Counsel for General Electric Corporation)*

Selinda A. Melnik, Esquire
Smith, Katzenstein & Furlow LLP
800 Delaware Avenue
P.O. Box 410
Wilmington, DE 19899

Curtis Crowther, Esquire
White and Williams LLP
824 North Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19801
*(Counsel to Century Indemnity Company)*

Adam G. Landis, Esquire
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801
*(Counsel to Wachovia Bank, N.A.)*

John D. Demmy, Esquire
Stevens & Lee, P.C.
300 Delaware Avenue
8th Floor, Suite 800
Wilmington, DE 19801
*(Counsel to First Union Leasing)*

Aaron A. Garber, Esquire
Pepper Hamilton LLP
1201 Market Street
Suite 1600
Wilmington, DE 19899-1709
*(Counsel to Potash Corp.)*

Eric Lopez Schnabel, Esquire
James H. Joseph, Esquire
Klett Rooney Lieber & Schorling
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, DE 19801
*(Counsel to Entergy Services, Inc.)*

William D. Sullivan, Esquire
Elzufon Austin Reardon Tarlov
  & Mondell, P.A.
300 Delaware Avenue, Suite 1700
P.O. Box 1630
Wilmington, DE 19899
*(Zonolite Attic Litigation Plaintiffs)*

Francis J. Murphy
John S. Spadaro
Chase T. Brockstedt
Murphy Spadaro & Landon
1011 Centre Road #210
Wilmington, DE 19805

Thomas G. Whalen, Esquire
Stevens & Lee, P.C.
300 Delaware Avenue, Suite 800
Wilmington, DE 19801
*(Counsel to Mark Hankin and HanMar Associates)*

Teresa K.D. Currier, Esquire
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
P.O. Box 1397
Wilmington, DE 19899-1397

Rachel B. Mersky, Esquire
Monzack and Monaco, P.A.
1201 N. Orange Street, Suite 400
Wilmington, DE  19801
*(Counsel to Union Tank Car Company)*

Megan N. Harper, Esquire
Bifferato, Bifferator & Gentilotti
1308 Delaware Avenue
P.O. Box 2165
Wilmington, DE  19899
*(Counsel to Royal Insurance)*

Allison E. Reardon
Delaware Division of Revenue
820 N. French Street
8th Floor
Wilmington, DE  19801
*(Counsel to The Delaware Division of Revenue)*

Steven K. Kortanek, Esquire
Klehr, Harrison, Harvey, Branzburg & Ellers,
LLP
919 Market Street, Suite 1000
Wilmington, DE  19801
*(Counsel to the Libby Mine Claimants)*

William F. Taylor, Jr., Esquire
McCarter & English, LLP
Mellon Bank Center
919 Market Street, Suite 1800
Wilmington, Delaware 19899
*(L.A. Unified School District)*

Frederick B. Rosner, Esquire
Jaspan Schlesinger Hoffman, LLP
1201 N. Orange Street
Suite 1001
Wilmington, DE  19801

James H.M. Sprayregen, Esquire
James Kapp, III, Esquire
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL  60601
*(Counsel to Debtor)*

Derrick Tay, Esquire
Meighen Demers
Suite 1100, Box 11
Merrill Lynch Canada Tower
200 King Street West
Toronto, Ontario
CANADA M5H 3T4
*(Canadian Counsel to Debtor)*

David B. Siegel
W.R. Grace and Co.
7500 Grace Drive
Columbia, MD  21044
*(W. R. Grace & Co.)*

Elihu Inselbuch, Esquire
Rita Tobin, Esquire
Caplin & Drysdale, Chartered
399 Park Avenue, 27th Floor
New York, NY  10022
*(Official Committee of Personal Injury
Claimants)*

Lewis Kruger, Esquire
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY  10038-4982
*(Official Committee of Unsecured Creditors)*

Scott L. Baena, Esquire
Bilzin Sumberg Dunn Baena Price & Axelrod
LLP
First Union Financial Center
200 South Biscayne Blvd, Suite 2500
Miami, FL  33131
*(Official Committee of Property Damage
Claimants)*

Philip Bentley, Esquire
Kramer Levin Naftalis & Frankel LLP
919 Third Avenue
New York, NY  10022-3852
*(Counsel to Equity Committee)*

D. J. Baker, Esquire
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY  10036
*(Counsel to Sealed Air Corporation)*

J. Douglas Bacon, Esquire
Latham & Watkins
Sears Tower, Suite 5800
Chicago, IL  60606
*(Counsel to DIP Lender)*

Nancy Worth Davis, Esquire
Motley Rice LLC
28 Bridgeside Boulevard
P.O. Box 1792
Mount Pleasant, SC  29465
*(Counsel to Asbestos Claimants)*

Todd Meyer, Esquire
Kilpatrick Stockton
1100 Peachtree Street
Atlanta, GA  30309

Office of Reorganization
Securities & Exchange Commission
Suite 1000
3475 Lenox Road, N.E.
Atlanta, GA  30326-1232

Internal Revenue Service
Attn: Insolvency
31 Hopkins Plaza, Room 1150
Baltimore, MD 21201

Michael A. Berman, Esquire
Securities and Exchange Commission
450 Fifth Street, N.W. (Mail Stop 6-6)
Washington, D.C.  20549

Secretary of Treasurer
P.O. Box 7040
Dover, DE  19903

Secretary of State
Division of Corporations
Franchise Tax
P.O. Box 7040
Dover, DE  19903

James D. Freeman, Esquire
U.S. Department of Justice
Environmental Enforcement Section
999 18th Street
Suite 945-North Tower
Denver, CO  80202

Jon L. Heberling, Esquire
McGarvey, Heberling, Sullivan & McGarvey PC
745 South Main Street
Kalispel, MT  59901

Patrick L. Hughes, Esquire
Haynes & Boone LLP
1000 Louisiana Street, Suite 4300
Houston, TX  77002-5012

David S. Heller, Esquire
Latham & Watkins
Sears Tower, Suite 5800
Chicago, IL  60606

Charles E. Boulbol, Esquire
26 Broadway, 17th Floor
New York, NY  10004

Ira S. Greene, Esquire
Hogan & Hartson LLP
875 Third Avenue
New York, NY  10022-6225

James A. Sylvester, Esquire
Intercat, Inc.
104 Union Avenue
Manasquan, NJ  08736

Steven J. Johnson, Esquire
Gibson, Dunn & Crutcher LLP
1530 Page Mill Road
Palo Alto, CA  94304-1125

Charlotte Klenke, Esquire
Schneider National, Inc.
P.O. Box 2545
3101 S. Packerland
Green Bay, WI 54306

David S. Rosenbloom, Esquire
Jeffrey E. Stone, Esquire
Lewis S. Rosenbloom, Esquire
McDermott, Will & Emery
227 West Monroe Street
Chicago, IL  60606-5096

Charles L. Finke, Assistant General Counsel
Brad Rogers, Esquire
Office of the General Counsel
Pension Benefit Guaranty Corp
1200 K. Street, N. W.
Washington, D.C. 20005-4026

Pamela Zilly
Richard Shinder
David Blechman
Michael Alexander
The Blackstone Group
345 Park Avenue
New York, NY 10154

Josiah Rotenberg
Quadrangle
375 Park Avenue
New York, NY 10152

Jan M. Hayden
William H. Patrick
Heller, Draper, Hayden, Patrick
 & Horn, L.L.C.
650 Poydras Street, Suite 2500
New Orleans, LA 70130-6103

Joseph F. Rice
Motley Rice LLC
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465

Steven T. Baron, Esquire
Member
Silber Pearlman, LLP
2711 North Haskell Avenue, 5th Floor, LLP
Dallas, TX 75204
*(Counsel to Asbestos Claimants)*

Bankruptcy Administration
IOS Capital, Inc.
1738 Bass Road
P.O. Box 13708
Macon, GA 31208-3708

W.J. Winterstein, Jr., Esquire
John J. Winter, Esquire
William M. Aukamp, Esquire
Eleven Penn Center, 29th Floor
1835 Market Street
Philadelphia, PA 19103
*(Attorneys for PPG Industries, Inc.)*

Alan R. Brayton, Esquire
Brayton & Purcell
222 Rush Landing Road
Novato, CA 94945

Jonathan W. Young
Wildman, Harrold, Allen & Dixon
225 West Wacker Drive, Suite 3000
Chicago, IL 60606-1229

Russell W. Budd
Alan B. Rich
Baron & Budd, P.C.
3102 Oak Lawn Avenue, P.O. Box 8705
Dallas, TX 75219

Shelby A. Jordan, Esquire
Nathaniel Peter Holzer. Esquire
Jordan, Hyden, Womble & Culbreth, P.C.
500 N. Shoreline Blvd., Suite 900
Corpus Christi, TX 78471

Courtney M. Labson, Esquire
Ontario Mills LP
Legal Department
1300 Wilson Boulevard, Suite 400
Arlington, VA 22209

T. Kellan Grant
Wildman, Harrold, Allen & Dixon
225 West Wacker Drive, Suite 3000
Chicago, IL 60606-1229

Cindy Schultz
Ingersoll-Rand Fluid Products
One Aro Center
P.O. Box 151
Bryan, OH 43506

Alan Kolod, Esquire
Moses & Singer LLP
1301 Avenue of the Americas
40th Floor
New York, NY 10019-6076

Mr. Thomas Moskie
Bankers Trust Company
Four Albany Street
Fourth Floor
New York, NY 10006

John P. Dillman, Esquire
Linebarger Heard Goggan Blair
Graham Peña & Sampson, LLP
P.O. Box 3064
Houston, TX 77253-3064

Charles E. Gibson, III
Attorney at Law
620 North Street, Suite 100
Jackson, MS 39202

Paul M. Baisier, Esquire
SEYFARTH SHAW
1545 Peachtree Street
Suite 700
Atlanta, GA 30309

Christopher L. Beard, Esquire
The Beard Group
502 W. Patrick Street
Frederick, MD 21701-4002

Bernice Conn, Esquire
Robins, Kaplan, Miller & Ciresi LLP
2049 Century Park East, Suite 3700
Los Angeles, CA 90067

Steven R. Schlesinger, Esquire
Jaspan Schlesinger Hoffman LLP
300 Garden City Plaza
Garden City, NY 11530

Steven J. Kherkher, Esquire
Laurence G. Tien, Esquire
Williams Bailey Law Firm, L.L.P.
8441 Gulf Freeway, Suite #600
Houston, TX 77017

Kimberly W. Osenbaugh
Preston Gates & Ellis LLP
925 4th Avenue
Suite 2900
Seattle, WA 98104-1158

Delta Chemical Corporation
2601 Cannery Avenue
Baltimore, MD 21226-1595

Steven T. Hoort, Esquire
Ropes & Gray
One International Place
Boston, MA 02110-2624

Peter Van N. Lockwood, Esquire
Julie W. Davis, Esquire
Trevor W. Swett, III, Esquire
Nathan D. Finch, Esquire
Caplin & Drysdale, Chartered
One Thomas Circle, N.W.
Washington, DC 20005

Peter A. Chapman
572 Fernwood Lane
Fairless Hills, PA 19030

Paul M. Matheny
The Law Offices of Peter G. Angelos, P.C.
5905 Harford Rd.
Baltimore, MD 21214

Michael J. Urbis
Jordan, Hyden, Womble & Culbreth, P.C.
2390 Central Blvd, Suite G
Brownsville, TX 78520

Mary A. Coventry
Sealed Air Corporation
Park 80 East
Saddle Brook, NJ 07663

John M. Klamann
Klamann & Hubbard
7101 College Blvd., Suite 120
Overland Park, KS 66210

Joseph T. Kremer, Esquire
Lipsiptz, Green, Fahringer, Roll, Salisbury &
Cambria, LLP
42 Delaware Avenue, Suite 300
Buffalo, NY  14202

Paul D. Henderson, Esquire
Dies, Dies & Henderson
1009 W. Green Avenue
Orange, TX  77630

Robert Jacobs, Esquire
Maria Rosoff Eskin
Jacobs & Crumplar, P.A.
2 East 7th Street
P.O. Box 1271
Wilmington, DE  19899

Elizabeth S. Kardos, Esquire
Gibbons, Del Deo, Dolan Griffinger &
Vecchione, PC
One Riverfront Plaza
Newark, NJ  07102-5497

Thomas J. Noonan, Jr.
c/o R& S Liquidation Company
5 Lyons Mall PMB #530
Basking Ridge, NJ  07920-1928

Harry Lee, Esquire
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, DC  20036

William E. Frese, Esquire
Attn:  Sheree L. Kelly, Esquire
80 Park Plaza, T5D
P.O. Box 570
Newark, NJ  07101
(Counsel to Public Service Electric and Gas
Company)

William S. Katchen, Esquire
Duane, Morris & Heckscher LLP
1 Riverfront Plaza, 2nd Floor
Newark, NJ  07102
(Counsel to Official Committee of Unsecured
Creditors)

Paul G. Sumers, Esquire
TN Attorney General's Office, Bankr. Unit
P.O. Box 20207
Nashville, TN  37202-0207
(Tennessee Department of Environment and
Conservation – Superfund)

Scott Wert, Esquire
Foster & Sear, LLP
524 E. Lamar Blvd., Ste 200
Arlington, TX  76011
(Counsel to numerous asbestos claimants)

C. Randall Bupp, Esquire
Plastiras & Terrizzi
24 Professional Center Parkway
Suite 150
San Rafael, CA  94903
(Counsel to Berry & Berry)

Anton Volovsek
Rt2 – Box 200 #42
Kamiah, ID  83536-9229

Peter S. Goodman, Esquire
Andrews & Kurth LLP
450 Lexington Avenue, 15th Floor
New York, NY  10017
(Counsel to Weatherford U.S. Inc., and
Weatherford International Inc.)

Jonathan H. Alden, Esquire
Assistant General Counsel
3900 Commonwealth Boulevard, MS 35
Tallahassee, FL  32399-3000

State Library of Ohio
c/o Michelle T. Sutter
Revenue Recovery
101 E. Town Street, Second Floor
Columbus, OH  43215

Rosa Dominy
Bankruptcy Administration
IOS Capital, Inc.
1738 Bass Road
P.O. Box 13708
Macon, GA  31208-3708

Greif, Inc.
Attn:  Credit Department
366 Greif Parkway
Delaware, OH  43015

Stephanie Nolan Deviney
Brown & Connery, LLP
360 Haddon Avenue
P.O. Box 539
Westmont, NJ  08108
*(Counsel to SAP America, Inc.)*

Barbara M. Cook, County Solicitor
Katherine L. Taylor, Senior Assistant County
Solicitor
Howard County Office of Law
George Howard Building
3430 Courthouse Drive
Ellicott City, MD  21043

Danice Sims
P.O. Box 66658
Baton Rouge, LA  70896

M. Diane Jasinski, Esquire
Michael D. Hess
Corporation Counsel of the
 City of New York
100 Church Street, Room 6-127
New York, NY  10007

Janet Napolitano
Robert R. Hall
Russell W. Savory
1275 West Washington Street
Phoenix, AZ  85007-1278

Russell W. Savory
Gotten, Wilson & Savory, PLLC
200 Jefferson Avenue, Suite 900
Memphis, TN  38103

Credit Manager
Belz Enterprises
100 Peabody Place, Suite 1400
Memphis, TN  38103

James P. Ruggeri
Scott A. Shail
Hogan & Harton L.L.P.
555 Thirteenth Street,.N.W.
Washington, D.C.  20004-1109

Steven R. Bourne, Esquire
Nutter, McClennen & Fish, LLP
155 Seaport Blvd
Boston, MA  02210-2604

Judy D. Thompson, Esquire
S. Andrew Jurs, Esquire
Poyner & Spruill, L.L.P.
One Wachovia Center
301 S. College Street, Suite 2300
Charlotte, NC  28202

Daniel H. Slate, Esquire
Hughes Hubbard & Reed LLP
350 South Grand Avenue
Los Angeles, CA  90071-3442

Andrea L. Hazzard, Esquire
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY  10004-1482

Authur Stein, Esquire
1041 W. Lacey Road
P.O. Box 1070
Forked River, NJ  08731-6070

Robert H. Rosenbaum, Esquire
M. Evan Meyers, Esquire
Meyers, Rodbell & Rosenbaum, P.A.
Berkshire Building
6801 Kenilworth Avenue, Suite 400
Riverdale, MD 20737-1385

Maggie De La Rosa
Provost & Umphrey
Law Firm, L.L.P.
490 Park Street
Beaumont, TX  77701

Anne Marie P. Kelley, Esquire
Dilworth Paxson, LLP
LibertyView – Suite 700
457 Haddonfield Road
P.O. Box 2570
Cherry Hill, NJ 08034

Kevin James
Deputy Attorney General
1515 Clay Street, 20th Floor
Oakland, CA 94612-1413

Dorine Vork, Esquire
Stibbe, P.C.
350 Park Avenue
New York, NY 10022

Suexirda Prayaga
7365 MacLeod Lane
Ofallon, MO 63366

Bart Hartman
Treasurer – Tax Collector
Attn: Elizabeth Molina
1600 Pacific Highway, Room 162
San Diego, CA 92101

David Aelvoet, Esquire
Linebarger Goggan Blair Graham Pena &
Sampson, LLP
Travis Park Plaza Building
711 Navarro, Suite 300
San Antonio, TX 78205

Robert Cimino, Esquire
Suffolk County Attorney
Attn: Diane Leonardo Beckmann, Asst. County
H. Lee Dennison Building
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge, NY 11788-0099

Robert T. Aulgur, Jr., Esquire
P.O. Box 617
Odessa, DE 19730
*(Counsel to Toyota Motor Credit)*

Michael T. Kay, Esquire
Nancy Draves, Esquire
The Dow Chemical Company
2030 Dow Center
Midland, MI 48674
*(Counsel to Dow Chemical Company,
Hampshire Chemical Corporation and Union
Carbide Corporation)*

Anne Marie P. Kelley, Esquire
Dilworth Paxson, LLP
Liberty View – Suite 700
457 Haddonfield Road
Cherry Hill, NJ 08002

Ronald S. Beacher, Esquire
Pitney, Hardin, Kipp & Szuch LLP
685 3rd Avenue
New York, NY 10017-4024
*(Counsel to General Electric Capital
Corporation)*

Attn: Diane Stewart
Peoples First Community Bank
P.O. Box 59950
Panama City, FL 32412-0950

Gina Baker Hantel, Esquire
Attorney General Office
Bankruptcy Division
State of Tennessee
425 5th Avenue North, Floor 2
Nashville, TN 37243

Jeffrey L. Glatzer, Esquire
Anderson, Kill & Olick, P.C.
1251 Avenue of the Americas
New York, NY 10020-1182

Thomas V. Askounis, Esquire
Askounis & Borst, P.C.
303 East Wacker Drive
Suite 1000
Chicago, IL 60601

Attn: Ted Weschler
Peninsula Capital Advisors, L.L.C.
404 East Main Street
Second Floor
Charlottesville, VA 22902

E. Katherine Wells, Esquire
South Carolina Department of Health and
Environmental Control
2600 Bull Street
Columbia, SC 29201-1708

Michael H. Pinkerson, Esquire
James M. Garner, Esquire
Sher Garner Cahill Richter Klein McAlister &
Hilbert, L.L.C.
909 Poydras Street, Suite 2800
New Orleans, LA 70112

William H. Johnson, Esquire
Norfolk Southern Corporation
Law Department
Three Commercial Place
Norfolk, VA 23510-9242

Pillsbury Winthrop LLP
One Battery Park Plaza
New York, NY 10004-1490
*(Counsel to Wells Fargo Bank Minnesota,
National Association)*

Craig Barbarosh, Esquire
Pillsbury Winthrop LLP
650 Town Center Drive, 7th Floor
Costa Mesa, CA 92626-7122
*(Counsel to Wells Fargo Bank Minnesota,
National Association)*

Aldine Independent School District
Jonathan C. Hantke, Esquire
Pamela H. Walters, Esquire
14910 Aldine-Westfield Road
Houston, TX 77032
*(Counsel to Aldine Independent School District)*

DAP Products, Inc.
c/o Julien A. Hecht, Esquire
2400 Boston Street, Suite 200
Baltimore, MD 21224

Steven B. Flancher, Esquire
Assistant Attorney General
Department of Attorney General
Revenue Division
First Floor Treasury Building
Lansing, MI 48992

Deirdre Woulfe Pacheco, Esquire
Wilentz, Goldman & Spitzer
90 Woodbridge Center Drive
P.O. Box 10
Woodbridge, NJ 07095
*(Counsel to Asbestos Claimants)*

Matthew A. Porter, Esquire
Bernard J. Bonn III, Esquire
Dechert Price & Rhoads
200 Clarendon Street
27th Floor
Boston, MA 02116-5021
*(Counsel to LaVantage Solutions)*

John W. Havins, Esquire
Burt Barr Havins & O'Dea, L.L.P.
1001 McKinney, Suite 500
Houston, TX 77002
*(Counsel to Occidental Permian, Ltd.)*

Mark Browning, Esquire
Assistant Attorney General
c/o Sherri K. Simpson, Legal Assistant
Office of the Attorney General
Bankruptcy & Collections Division
P.O. Box 12548
Austin, TX 78711-2548
*(Counsel to The Texas Comptroller of Public
Accounts)*

Leonard P. Goldberger, Esquire
White & Williams LLP
1800 One Liberty Place
Philadelphia, PA 19103-7395
*(Counsel to Century Indemnity Company)*

Kay D. Brock, Esquire
Bankruptcy & Collections Division
P.O. Box 12548
Austin, TX 78711-2548
*(Comptroller of Public Accounts of the State of
Texas)*

Cynthia C. Hemme, Esquire
Senior Counsel
Nortel Networks, Inc.
4010 E. Chapel Hill-Nelson Hwy.
Research Triangle Park, NC 27709

Daniel A. Speights, Esquire
Speights & Runyan
200 Jackson Avenue, East
P.O. Box 685
Hampton, SC  29924
*(Counsel to Anderson Memorial Hospital)*

Julie Quagliano
Quagliano & Seeger
3243 P Street, NW
Washington, DC  20007
*(Counsel to WESCO Distribution, Inc.)*

General Motors Acceptance Corporation
P.O. Box 5055
Troy, MI  48007-5055

Judith Greenspan, Esquire
Associate Counsel
The Amalgamated Industries and Service
Workers Benefit Fund
730 Broadway, Tenth Floor
New York, NY  10003-9511
*(Counsel to Amalgamated Industries and Service
Workers Benefit Fund)*

Donna J. Petrone, Esquire
ExxonMobil Chemical Company
Law Department – Bankruptcy
13501 Katy Freeway, Room W1-562
Houston, TX  77079-1398

David W. Wirt, Esquire
Winston & Strawn
35 West Wacker Drive
Chicago, IL  60601
*(Counsel to Potash Corp.)*

Alan H. Katz, Esquire
Entergy Services, Inc.
693 Loyola Avenue, Suite 2600
New Orleans, LA  70113

Sander L. Esserman
Stutzman Bromberg, Esserman & Plifka
A Professional Corporation
2323 Bryan Street
Dallas, TX  75201-2689

Randall A. Rios
Floyd, Isgur, Rios & Wahrlich, P.C.
700 Louisiana, Suite 4600
Houston, TX  77002
*(Counsel to Huntsman Corporation)*

Elizabeth J. Cabraser, Esquire
Lieff, Cabraser, Heimann & Bernstein, LLP
Embacadero Center West, 30th Floor
275 Battery Street
San Francisco, CA  94111
*(Zonolite Attic Litigation Plaintiffs)*

Thomas M. Sobol, Esquire
Hagens Berman LLP
225 Franklin Street, 26th Floor
Boston, MA  02110
*(Zonolite Attic Litigation Plaintiffs)*

Robert M. Fishman, Esquire
Shaw Gussis Domanskis Fishman & Glantz
321 N. Clark Street
Suite 800
Chicago, Illinois 60610
*(Zonolite Attic Litigation Plaintiffs)*

Scott Barker
Credit Manager
Phelps Dodge Corp.
(Formerly Climax Molybdenum Marketing
Corporation)
One North Central Avenue
Phoenix, AZ  85004

Coudert Brothers
Attn:  Joseph D. Farrell, Esquire and Edward H.
Tillinghast, III, Esquire
1114 Avenue of the Americas
New York, NY  10036

Margery N. Reed, Esquire
Duane, Morris & Heckscher LLP
4200 One Liberty Place
Philadelphia, PA  19103-7396

Darrell W. Scott
Lukins & Annis, P.S.
1600 Washington Trust Financial Center
717 West Sprague Avenue
Spokane, WA 99201-0466
*(Counsel to Marco Barbanti)*

Missouri Department of Revenue
Bankruptcy Unit
Gary L. Barnhart
PO Box 475
Jefferson City, MO 65105-0475
*(Missouri Department of Revenue)*

Mr. Charles C. Trascher III, Esquire
Snellings, Breard, Sartor, Inabnett
 & Trascher, LLP
PO Box 2055
Monroe, LA 71207
*(Peters, Smith & Company)*

Gary M. Becker, Esquire
Kramer Levin Naftalis & Frankel LLP
919 Third Avenue
New York, NY 10022
*(The Baupost Group LLC)*

Christopher R. Momjian
Senior Deputy Attorney General
I.D. No. 057482
Office of Attorney General
21 S. 12th Street, 3rd. Floor
Philadelphia, PA 19107-3603
*(Attorney General of PA, Commonwealth of PA, Dept. of Revenue)*

Denise A.Kuhn
Office of Attorney General
21 S. 12th Street, 3rd Floor
Philadelphia, PA 19107-3603

Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166
*(Snack, Inc.)*

Vahe Melkonian
Newco Management Company, LLC
6320 Canoga Avenue, Suite 1430
Woodland Hills, CA 91367
*(Snack, Inc.)*

Richard B. Spector, Esquire
Mark M. Monachino, Esquire
Corbett & Steelman
18200 Von Karman Avenue, Suite 200
Irvine, CA 92612-1086
*(W.C. Baker, E.E. Jaques, B.H. Miller, M.R. Fisher, S.R. Ormsbee, M. Rea and the Fisher Trust)*

Barry D. Kleban, Esquire
Adelman Lavine Gold and Levin
Suite 900
Four Penn Center
Philadelphia, PA 19103
*(Counsel to AON Consulting, Inc.)*

Michael Selig
Westover Investments, L.L.C.
555 Old Garth Road
Charlottesville, VA 22901

Allan H. Ickowitz, Esq.
Nossaman, Guthner, Knox & Elliott, LLP
445 South Figueroa Street, 31st Floor
Los Angeles,CA 90071
*(Hearthside Residential Corp.)*

Oscar B. Fears, III
Assistant Attorney General
40 Capitol Square, S.W.
Atlanta, GA 30334
*(Georgia Department of Revenue)*

Philip J. Ward
Victoria Radd Rollins
Williams & Connolly LLP
725 Twelfth Street NW
Washington, DC 20005

Ralph R. Mabey
Penrod W. Keith
LeBoeuf, Lamb, Greene & MacRae, LLP
1000 Kearns Building
Salt Lake City, UT 84101

Kelley B. Gelb
700 Southeast Third Avenue
Suite 100
Fort Lauderdale, FL  33316-1186

Margaret A. Holland
Deputy Attorney General
New Jersey Attorney General's Office
Division of Law
R.J. Hughes Justice Complex
P.O. Box 106
Trenton, NJ  08625

Craig A. Slater, Esquire
Harter, Secrest & Emery LLP
Twelve Fountain Plaza, Suite 400
Buffalo, NY  14202

Rachel Jeanne Lehr
Deputy Attorney General
Office of the Attorney General
R.J. Hughes Justice Complex
P.O. Box 093
Trenton, NJ  08625

Larry A. Feind
133 Peachtree Street, N.E.
7th Floor
Atlanta, GA  30303

Bryan Shapiro
Bear, Stearns & Co. Inc.
383 Madison Avenue
New York, NY  10179

Elizabeth Weller
Linebarger Goggan Blair & Sampson, LLP
2323 Bryan Street, Suite 1720
Dallas, TX  75201-2691
*(Counsel to County Of Dallas)*

Mr. Mark Hankin
HanMar Associates, M.L.P.
P.O. Box 26767
Elkins Park, PA 19027

Lynn K. Neuner, Esquire
Simpson, Thacher, & Bartlett
425 Lexington Avenue
New York, NY  10017-3954
*(Counsel to Travelers Casualty and Surety Company)*

Gerald G. Pecht, Esquire
Fulbright & Jaworski, LLP
1301 McKinney, Suite 5100
Houston, TX  77010-3095
*(Counsel to Kaneb Pipe Line Operating Partnership LP and Support Terminal Services, Inc.)*

Jonathan D. Berger, Esquire
Russell Henkin, Esquire
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA  19103-6365

Nicholas J. LePore, III
Schnader Harrison Segal & Lewis LLP
Suite 3600, 1600 Market Street
Philadelphia, PA  19103
*(Counsel to Louis S. Robles, Esq. and Robles Law Center, P.A.)*

Noel C. Burnham, Esquire
Richard G. Placey, Esquire
Montgomery, McCracken, Walker &
   Rhoads LLP
123 South Broad Street
Avenue of the Arts
Philadelphia, PA  19109
*(Counsel to Novak Landfill RD/RA Group)*

DACA V, LLC
Attn:  Julie Bubnack
2120 W. Washington Street
San Diego, CA  92110

Ronald D. Gorsline
Chambliss, Bahner, & Stophel, P.C.
1000 Tallan Building, Ste. 1000
Two Union Square
Chattanooga, TN 37402-2552
*(Counsel to Lawson Electric Co.)*

Jon Bauer
Contrarian Capital Management, LLC
411 West Putnam Avenue, Suite 225
Greenwich, CT 06830

Martha E. Romero
Law Offices of Martha E. Romero and
Associates
7743 South Painter Avenue, Suite E
Whittier, CA 90602
*(Counsel to County of San Diego)*

Michael S. Davis, Esquire
Zeichner Ellman & Krause
575 Lexington Avenue
New York, NY 10022
*(Counsel to National Union Fire Insurance Co.
of Pittsburgh, PA)*

Theresa L. Wasser, Esquire
Burns, White & Hickton, LLC
120 Fifth Avenue, Suite 2400
Pittsburgh, PA 15222
*(Counsel to The Burlington Northern and Santa
Fe Railway Company)*

Scott Estelle, President
Crossroads Industrial Park, Inc.
P.O. Box 220
Weedsport, NY 13166
*(Counsel to Crossroads Industrial Park, Inc.
and Weedsport Associates, LLC)*

Hillary Browning-Jones
Assistant City Attorney
P.O. Box 1631
Knoxville, TN 37901
*(Counsel to the City of Knoxville)*

Don C. Fletcher, Esquire
The Cavanagh Firm, P.A.
1850 North Central Avenue
Suite 2400
Phoenix, AZ 85004
*(Counsel to Westcor)*

Mr. Harvey Schultz
The Schultz Organization
4 Woods End
Ocean, NJ 07712-4181
*(Carteret Venture)*

Barbara G. Billet, Esquire
Elaine Z. Cole, Esquire
New York State Department of Taxation
and Finance
340 E. Main Street
Rochester, NY 14604
*(Counsel to State of New York, Dept. of Taxation
and Finance)*

James J. Restivo, Esquire
Reed Smith LLP
435 Sixth Avenue
Pittsburgh, PA 15219

Ted N. Pettit, Esquire
Case Bigelow & Lombardi
Grosvenor Center, Mauka Tower
737 Bishop Street, Suite 2600
Honolulu, HI 96813
*(Counsel to William B. Dunbar)*

Michael S. Sandberg, Esquire
Hellmuth & Johnson, PLLC
10400 Viking Drive, Suite 560
Eden Prairie, MN 55344
*(Counsel to West Group)*

Thomas J. Quinn, Esquire
Mendes & Mount, LLP
750 Seventh Avenue
New York, NY 10019-6829
*(Counsel to Certain Underwriters at Lloyd's
London)*

Jerel L. Ellington, Esquire
U.S. Department of Justice
Environmental Enforcement Section
999 18th Street; Suite 945-North Tower
Denver, CO 80202
*(Counsel to the U.S. Environmental Protection Agency)*

Ann Beimdiek Kinsella
Assistant Attorney General
445 Minnesota Street, Suite 1200
St. Paul, MN 55101-2127
*(Counsel to the State of Minnesota)*

Deborah L. Thorne, Esquire
FabelHaber LLC
55 East Monroe Street, 40th Floor
Chicago, IL 60603
*(Counsel to Union Tank Car Company)*

Jenny J. Hyun, Esquire
Weingarten Realty Investors
2600 Citadel Plaza Drive
Houston, TX 77008

Brad N. Friedman
Rachel Fleishman
Milberg Weiss Bershad Hynes
   & Lerach LLP
One Pennsylvania Plaza
New York, NY 10119-0165

Xerox Capital Services, LLC
Attention: Cathy Flowers
800 Carillon Parkway
St. Petersburg, FL 33716-9876

Carl Pericone, Esquire
Wilson, Elser, Moskowitz, Edelman,
   Dicker LLP
150 East 42nd Street
New York, NY 10019-5639
*(Counsel to Royal Insurance)*

Edward L. Jacobs, Esquire
Bankemper & Jacobs
The Shaw House
26 Audubon Place
P.O. Box 70
Fort Thomas, KY 41075-0070
*(Counsel to James Grau, Anna Grau and Harry Grau & Sons, Inc.)*

Lori Gruver Robertson, Esquire
Linebarger Goggan Blair Pena & Sampson, LLP
1949 South I.H. 35 (78741)
P.O. Box 17428
Austin, TX 78760
*(Counsel to Ben Bolt-Palito-Blanco ISD, Brownsville ISD, Cameron County, Hildalgo County, Orange Grove, Orange Grove ISD, Premont ISD)*

Andrea Sheehan, Esquire
Law Offices Of Robert E. Luna, P.C.
4411 North Central Expressway
Dallas, TX 75205
*(Counsel to Carrollton-Farmers Branch Independent School District)*

Anthony F. Parise
Cornell University
Office of University Counsel
300 CCC Building, Garden Avenue
Ithaca, NY 14853-2601
*(Counsel to Cornell University)*

Citadel Investment Group, L.L.C.
Attn: S. Jay Novatney
131 South Dearborn Street, 36th Floor
Chicago, IL 60603
*(Counsel to Citadel Investment Group, LLC)*

David B. Madoff, Esquire
Daniel C. Cohn, Esquire
Cohn Khoury Madoff & Whitesell LLP
101 Arch Street
Boston, MA 02110
*(Counsel to the Libby Mine Claimants)*

General Counsel
Enron Energy Services
1400 Smith Street
EB 0889
Houston, TX 77002
*(Counsel to Enron Corp., et al.)*

Thomas Tew, Esquire
Jeffrey Tew, Esquire
Tew Cardenas Rebak Kellogg Lehman DeMaria
Tague Raymong & Levin, LLP
201 South Biscayne Boulevard, Suite 2600
Miami, FL 33131
*(Inventory Attorneys on behalf of all clients of
the Robles law firm)*

Thomas O. Bean
Nutter, McClennen & Fish, LLP
World Trade Center West
155 Seaport Blvd.
Boston, MA 02210
*(Counsel to Town of Acton, MA)*

Jacob C. Cohn, Esquire
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103
*(Federal Insurance Company)*

Contrarian Capital Trade Claims LP
Attn: Alisa Minsch
411 W. Putnam Ave. S-225
Greenwich, CT 06830-6263

Debt Acquisition Co of America V LLC
2120 W. Washington Street
San Diego, CA 92110-2052

Longacre Master Fund Ltd.
Attn: Maurie Shalome
810 7th Avenue, 22nd Fl.
New York, NY 10019-5818

Sierra Asset Management LLC
2699 White Rd., Ste. 225
Irvine, CA 92614-6264

Trade-Debt.Net
P.O. Box 1487
West Babylon, NY 11704-0487

Edward B. Cottingham, Jr.
Motley Rice LLC
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465

Daniel M. Glosband, P.C.
Peter D. Bilowz, Esq.
Goodwin Procter LLP
Exchange Place
Boston, MA 02109
*(Counsel for State Street Global Advisors)*

Jeffrey Kaufman, Esq.
Gerald F. Ellersdorfer, Esq.
Kaufman & Logan LLP
100 Spear Street, 12th Floor
San Francisco, CA 94105
*(Fireman's Fund Insurance Company)*

Ed Cottingham, Jr., Esq.
Motley Rice LLP
28 Bridgeside Boulevard
P. O. Box 1792
Mount Pleasant, SC 29465

John Preefer, Esq.
John Preefer
60 East 42nd Street, Suite 1201
New York, NY 10165

Michael B. Schaedle, Esquire
Blank Rome LLP
One Logan Square
130 North 18th Street
Suite 1300
Boston, MA 02110

Lauren Holzman
Claims Processor
Euler Hermes ACI
800 Red Brook Boulevard
Owings Mills, MD 21117

Michael S. Etkin, Esq.
Ira M. Levee, Esq.
Lowenstein Sandler PC
65 Livingston Avenue
Roseland, NJ 07068
*(Counsel to Keri Evans, on behalf of herself and*
*all others similarly situated as Plaintiff in*
*ERISA litigation, Civil Action No. 01-11380)*

Amy Pritchard-Williams, Esq.
Margaret R. Westbrook, Esq.
Kennedy Covington Lobdell & Hickman LLP
Hearst Tower, 47th Floor
214 N. Tryon Street
Charlotte, NC 28202

John C. Phillips, Jr., Esquire
Phillips, Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, DE 19806
*(Counsel for David T. Austern)*

9149211