# TAB 4

**ORIGINAL**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Combustion Engineering, Inc., | ) | Case No. 03-10495 (JKF) |
| | ) | |
| Debtor. | ) | [3/17/03 Agenda Item No. 5; Docket No. 16.] |

*Amended*

## ORDER GRANTING DEBTOR'S APPLICATION PURSUANT TO SECTIONS 327, 328 AND 1107 OF THE BANKRUPTCY CODE FOR ORDER AUTHORIZING THE DEBTOR AND DEBTOR IN POSSESSION TO RETAIN THE BLACKSTONE GROUP L.P. AS ITS FINANCIAL ADVISOR

Upon consideration of the Application (the "Application") of Combustion Engineering, Inc. (the "Debtor") for the entry of an order, pursuant to Sections 327, 328 and 1107 of Title 11 of the United States Code., 11 U.S.C. §§ 101 *et. seq.*, as amended (the "Bankruptcy Code"), authorizing the Debtor to employ and retain The Blackstone Group L.P. ("Blackstone") as its financial advisor in the above-captioned case (the "Chapter 11 Case"); the Court being satisfied that: (i) the members and associates of Blackstone who will be engaged in the Chapter 11 Case do not hold or represent an interest adverse to the Debtor, its creditors, or estate with respect to the matters for which Blackstone will be engaged; (ii) Blackstone is a "disinterested person" within the meaning of Section 101(14) of the Bankruptcy Code, as modified by Section 1107(b) of the Bankruptcy Code, and has disclosed any matter which Blackstone could bear upon the finding by this Court that Blackstone is such a "disinterested person;" and (iii) the employment and retention of Blackstone necessary and in the best interests of the Debtor, its creditors and estate; and it appearing that the notice of the Application was good and sufficient under the circumstances and that no further notice need be given; and good

15252-001\DOCS_DE:66754.2

Appendix 121

and sufficient cause appearing therefor; it is hereby

ORDERED, that the Application is granted as provided by this Order, and it is further

ORDERED, that pursuant to sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rules of Procedure 2014 and 2016, the Debtors are authorized to employ and retain Blackstone as their financial advisors, as of the Petition Date, to act as the Debtor's financial advisors, pursuant to the Application, as modified by this Order; and it is further

ORDERED, that Blackstone shall be compensated and reimbursed for expenses in accordance with the terms of the Application, as modified by this Order, subject to the procedures set forth in the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules and any orders of this Court; provided, however, that Blackstone shall keep detailed time records in half-hour increments; and provided further, that the approval of Blackstone's Monthly Advisory Fee and expenses in this Chapter 11 Case will be subject to the standards contained in section 328(a) of the Bankruptcy Code; and it is further

ORDERED, that no restructuring fee, transaction fee or other fee shall be paid to Blackstone without specific prior approval by this Court subject to the standards contained in section 330(a) of the Bankruptcy Code. The amount of such fee shall not exceed that set forth in the Application; and it is further

ORDERED, that pursuant to an agreement between the United States Trustee and Blackstone, the indemnification provisions set forth in the Application are approved, subject to the following:

a) subject to the provisions of subparagraphs (b) and (c) below, the Debtor is authorized to indemnify, and shall indemnify, Blackstone in accordance with the terms of the Application, including the provisions of paragraph 22, for any claim arising from, related to, or in connection with Blackstone's engagement, but not for any claim arising from, related to, or in connection with Blackstone's post-petition performance of any services other than those in connection with the engagement, unless such post-petition services and indemnification therefore are approved by this Court; and

b) notwithstanding any provision of the Application to the contrary, the Debtor shall have no obligation to indemnify Blackstone, or provide contribution or reimbursement to Blackstone, for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen primarily from Blackstone's bad faith, gross negligence or willful misconduct, or (ii) settled prior to a judicial determination as to Blackstone's bad faith, gross negligence or willful misconduct, but determined by this Court, after notice and a hearing pursuant to subparagraph (c) infra, to be a claim or expense for which Blackstone is not entitled to receive indemnity, contribution or reimbursement under the terms of the Letter Agreement as modified by this Order; and

c) if, before the earlier of (i) the entry of an order confirming a Chapter 11 plan in this case (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing this Chapter 11 case, Blackstone believes that it is entitled to the payment of any amounts by the Debtor on account of the Debtor's indemnification, contribution and/or reimbursement obligations under the Application (as modified by this Order), including, without limitation, the advancement of defense costs, Blackstone must file an application therefore in this Court, and the Debtor may not pay any such amounts to Blackstone before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Blackstone for indemnification, contribution or reimbursement and not as a provision limiting the duration of the Debtor's obligation to indemnify Blackstone; and it is further

ORDERED, that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order; and it is further

ORDERED that nothing in this Order authorizes, approves or affects liability for transfers that are or may be avoidable under 11 U.S.C. §§ 544-550 inclusive.

Dated: March 17, 2003

                                              The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge