# TAB 6

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:  )
 )
 ) **Chapter 11**
COMBUSTION ENGINEERING, INC.,  ) **Case No. 03-10495 (JKF)**
 )
Debtor.  ) Re: 490
 )

### ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF CIBC WORLD MARKETS CORP. AS FINANCIAL ADVISOR TO DAVID T. AUSTERN AS FUTURE CLAIMANTS' REPRESENTATIVE PURSUANT TO SECTION 1103(a) OF THE BANKRUPTCY CODE

Upon the application (the "Application") of David T. Austern, Future Claimants' Representative ("Future Claimants' Representative") for the future asbestos claimants in the above-captioned chapter 11 case of Combustion Engineering, Inc. (the "Debtor"), seeking entry of an Order under section 1103(a) of the Bankruptcy Code authorizing the Future Claimants' Representative to employ and retain CIBC World Markets Corp. ("CIBC") as financial advisor to the Future Claimants' Representative; and the Court having reviewed the Application, the Declaration of Joseph J. Radecki, Jr., a Managing Director of CIBC, and the Court being satisfied with the representations made in the Application that CIBC represents no interest adverse to the Future Claimants' Representative on the matters upon which CIBC is to be engaged; and it appearing that the relief requested is in the best interest of the Future Claimants' Representative and the Debtor's estate, its creditors and other parties-in-interest; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 158(a); and it appearing that notice of the Application was good and sufficient under the particular circumstances and that no other or further notice need be given and upon the record herein; and it appearing that the terms and conditions of CIBC's employment as further described in the Application are reasonable and necessary; it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Application be, and it hereby is, approved on an interim basis and on a final basis upon confirmation of David T. Austern's appointment as Future Claimants' Representative on a final basis;

2. Pursuant to section 1103(a) of the Bankruptcy Code, the Future Claimants' Representative be, and he hereby is, authorized to employ and retain CIBC as financial advisor effective as of February 17, 2003, upon the terms, and to perform the services, set forth in the Application, the Post-Petition Engagement Agreement (as defined in the Application) and Declaration, so long as David T. Austern serves as the legal representative for individuals who may assert asbestos-related claims and/or demands in the future against the Debtor;

3. The indemnification provisions of the Post-Petition Engagement Agreement are approved, subject during the pendency of the Debtor's bankruptcy case to the following:

    (a) subject to the provisions of subparagraph (b) below, the Debtor is authorized to and shall indemnify, defend and hold harmless any Indemnified Party (as defined in the Post-Petition Engagement Agreement) in accordance with the Post-Petition Engagement Agreement, provided, however, that indemnification therefore is approved by the Court;.

    (b) notwithstanding any provisions of the Post-Petition Engagement Agreement to the contrary, the Debtor shall have no obligation to indemnify an Indemnified Party or provide contribution or reimbursement to an Indemnified Party for any claim or expense that is either (i) judicially determined to have resulted primarily from the willful misconduct, gross negligence, bad faith or self-dealing of an Indemnified Party, or (ii) settled prior to a judicial determination as to an Indemnified Party's willful misconduct, gross negligence, bad faith or self-dealing, but determined by the Court, after notice and a hearing pursuant to

paragraph (c) below, to be a claim or expense for which an Indemnified Party should not receive indemnity, contribution or reimbursement under the terms of the Post-Petition Engagement Agreement as modified by this Order;

(c) if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in this case (that order having become a final order and no longer subject to appeal), and (ii) the entry of an order closing this chapter 11 case, an Indemnified Party believes that he, she or it is entitled to payment of any amounts by the Debtor on account of the Debtor's indemnification, contribution and/or reimbursement obligations under this Order, including, without limitation, the advancement of defense costs, such Indemnified Party must file an application for such amounts in this Court, and the Debtor may not pay any such amounts to the Indemnified Party before the entry of an order by this Court approving the payment. The preceding sentence is intended to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses by an Indemnified Party for indemnification, contribution or reimbursement, and is not a limitation on the duration of the Debtor's obligation to indemnify any Indemnified Party;

(d) in the event that a cause of action is asserted against an Indemnified Party arising out of or relating to the performance of his, her or its duties as financial advisor to the Future Claimants' Representative, the Indemnified Party shall have the right to choose his own counsel;

4. CIBC shall be compensated in accordance with the terms of the Post-Petition Engagement Agreement, subject to the procedures set forth in the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules and any orders of this Court; provided, however, that CIBC may submit records in a summary format which shall set forth a

description of the work performed by each professional rendering services on behalf of the Future Claimants' Representative and, therefore, the information requirements of Del. Bankr. LR 2016-2 are hereby modified and waived, to the extent necessary, with respect to CIBC. Notwithstanding anything to the contrary herein or in the Post-Petition Engagement Agreement, all of CIBC's fees and expenses shall be subject to approval by the Court under a reasonableness standard upon proper application by CIBC; provided, however, that the approval of the reasonableness of CIBC's fees shall not be evaluated on an hourly or length of case based criteria;

5. The fees and expenses of CIBC allowed by the Court shall be an administrative expense of the Debtor's estate;

6. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order; and

7. Nothing in this Order authorizes, approves or affects liability for transfers that are or may be avoidable under 11 U.S.C. §§ 544-550 inclusive.

_____
Judith K. Fitzgerald
United States Bankruptcy Judge

Dated: Wilmington, Delaware
April 22, 2003