# TAB 8

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re: )
) Chapter 11
COMBUSTION ENGINEERING, INC., ) Case No. 03-10495 (JKF)
)
Debtor. )

**ORDER AUTHORIZING EXTENSION OF THE RETENTION AND EMPLOYMENT OF CIBC WORLD MARKETS CORP. AS FINANCIAL ADVISOR TO DAVID T. AUSTERN AS FUTURE CLAIMANTS' REPRESENTATIVE PURSUANT TO SECTION 1103(a) OF THE BANKRUPTCY CODE**

Upon the application (the "Application") of David T. Austern, Future Claimants' Representative (the "FCR") for the future asbestos claimants in the above-captioned chapter 11 case of Combustion Engineering, Inc. (the "Debtor"), seeking entry of an Order under section 1103(a) of the Bankruptcy Code authorizing the FCR to extend the retention and employment of CIBC World Markets Corp. ("CIBC") as financial advisor to the FCR; and the Court having reviewed the Application, and the Court being satisfied with the representations made in the Application; and it appearing that the relief requested is in the best interest of the FCR and the Debtor's estate, its creditors and other parties-in-interest; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 158(a); and it appearing that notice of the Application was good and sufficient under the particular circumstances and that no other or further notice need be given and upon the record herein; and it appearing that the terms and conditions of CIBC's continued employment as further described in the Application are reasonable and necessary; it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Application be, and it hereby is, approved;

2. Pursuant to Section 1103(a) of the Bankruptcy Code, the FCR be, and he hereby is, authorized to extend the retention and employment of CIBC as financial advisor through and including the month of the effective date on the Debtor's plan, upon the terms and conditions set forth in the Application, the Retention Letter and the Amended Retention Letter (each as defined in the Application), so long as David T. Austern serves as the legal representative for individuals who may assert asbestos-related claims and/or demands in the future against the Debtor;

3. The indemnification provisions of the Retention Letter are approved, subject during the pendency of the Debtor's bankruptcy case to the following:

(a) subject to the provisions of subparagraph (b) below, the Debtor is authorized to and shall indemnify, defend and hold harmless any Indemnified Party (as defined in the Retention Letter) in accordance with the Retention Letter, provided, however, that indemnification therefore is approved by the Court;.

(b) notwithstanding any provisions of the Retention Letter to the contrary, the Debtor shall have no obligation to indemnify an Indemnified Party or provide contribution or reimbursement to an Indemnified Party for any claim or expense that is either (i) judicially determined to have resulted primarily from the willful misconduct, gross negligence, bad faith or self-dealing of an Indemnified Party, or (ii) settled prior to a judicial determination as to an Indemnified Party's willful misconduct, gross negligence, bad faith or self-dealing, but determined by the Court, after notice and a hearing pursuant to paragraph (c) below, to be a claim or expense for which an Indemnified Party should not receive indemnity, contribution or reimbursement under the terms of the Retention Letter as modified by this Order;

(c) if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in this case (that order having become a final order and no longer subject to appeal), and (ii) the entry of an order closing this chapter 11 case, an Indemnified Party believes that he, she

or it is entitled to payment of any amounts by the Debtor on account of the Debtor's indemnification, contribution and/or reimbursement obligations under this Order, including, without limitation, the advancement of defense costs, such Indemnified Party must file an application for such amounts in this Court, and the Debtor may not pay any such amounts to the Indemnified Party before the entry of an order by this Court approving the payment. The preceding sentence is intended to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses by an Indemnified Party for indemnification, contribution or reimbursement, and is not a limitation on the duration of the Debtor's obligation to indemnify any Indemnified Party;

(d) in the event that a cause of action is asserted against an Indemnified Party arising out of or relating to the performance of his, her or its duties as financial advisor to the FCR, the Indemnified Party shall have the right to choose his own counsel;

4. CIBC shall be compensated in accordance with the terms of the Retention Letter and the Amended Retention Letter, subject to the procedures set forth in the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules and any orders of this Court, including the administrative order establishing procedures for interim compensation for professionals (Docket No. 228); provided, however, that CIBC may submit records in a summary format which shall set forth a description of the work performed by each professional rendering services on behalf of the FCR and, therefore, the information requirements of Del. Bankr. LR 2016-2 are hereby modified and waived, to the extent necessary, with respect to CIBC. Notwithstanding anything to the contrary herein or in the Retention Letter or the Amended Retention Letter, all of CIBC's fees and expenses shall be subject to approval by the Court under a reasonableness standard upon proper application by CIBC; provided, however,

that the approval of the reasonableness of CIBC's fees shall not be evaluated on an hourly or length of case based criteria;

5. The fees and expenses of CIBC allowed by the Court shall be an administrative expense of the Debtor's estate;

6. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order; and

7. Nothing in this order authorizes, approves or affects liability for transfers that are or may be avoidable under 11 U.S.C. §§ 544-550 inclusive. *This Order effective nunc pro tunc to 7/2/03*

*Judith K. Fitzgerald*
Judith K. Fitzgerald
United States Bankruptcy Judge

Dated: Wilmington, Delaware
       Jan. 19, 2003

7131652v3