# TAB 14

ORIGINAL

FILED

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

2004 FEB 25 PM 3: 19

US BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| OWENS CORNING, *et al.*, | ) | Case No. 00-3837 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**ORDER PURSUANT TO SECTIONS 327(a), 328(a) AND 1103(a)
OF THE BANKRUPTCY CODE AUTHORIZING THE RETENTION
AND EMPLOYMENT OF PETER J. SOLOMON COMPANY
AS FINANCIAL ADVISOR AND INVESTMENT BANKER TO JAMES J.
McMONAGLE, LEGAL REPRESENTATIVE FOR FUTURE CLAIMANTS**
Re: Docket No. 3694

Upon the application (the "Application") of James J. McMonagle, Legal Representative for Future Claimants (the "Futures Representative") in connection with the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors" or the "Company"), seeking entry of an order pursuant to sections 327(a), 328(a) and 1103(a) of the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the retention and employment of Peter J. Solomon Company ("PJSC") as financial advisor and investment banker to the Futures Representative and for the approval of the proposed terms of such employment set forth in the letter agreement attached as Exhibit B to the Application (the "Letter Agreement"); and upon the Affidavit of Bradley I. Dietz (the "Dietz Affidavit") in support of the Application; and due notice of the Application having been given and appearing that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefor; it is hereby

**FOUND THAT:**

Appendix 322

i.  PJSC does not have or represent any interest materially adverse to the interests of the Futures Representative, the future claimants represented by the Futures Representative, the Debtors or their estates.

ii.  PJSC is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

iii.  The retention and employment of PJSC is necessary and in the best interests of the Futures Representative, the future claimants represented by the Futures Representative, the Debtors and their estates.

iv.  The terms of the Letter Agreement are reasonable terms of employment for purposes of section 328(a) of the Bankruptcy Code; and it is hereby.

**ORDERED THAT**:

(1)  The Application is granted and approved in all respects.

(2)  In accordance with sections 327(a), 328(a) and 1103(a) of the Bankruptcy Code, and Rules 2014(a) and 2016 of the Bankruptcy Rules, the Futures Representative is authorized to retain and employ PJSC as its financial advisor and investment banker, *nunc pro tunc* to November 6, 2001, for the purpose of providing financial advisory, investment banking and other related services in connection with the Debtors' chapter 11 cases in accordance with the terms of the Letter Agreement.

(3)  The fees to be paid to PJSC pursuant to the terms of the Letter Agreement are approved and shall be subject to the standard review provided in section 328(a) of the Bankruptcy Code and, except as provided in the Letter Agreement, are not subject to any other standard of review under section 330 of the Bankruptcy Code. Notwithstanding the foregoing, nothing in this Order shall be deemed to pre-approve any Reorganization Fee for PJSC, *and any such Reorganization fee must be applied for by proper application to the court.*

(4) The indemnification provisions of the Letter Agreement are approved, subject to the following:

(a) Subject to the provisions of subparagraph (c), *infra*, the Debtors are authorized to indemnify, and shall indemnify PJSC in accordance with the Letter Agreement, for any claim arising from, related to, or in connection with the services provided for in the Letter Agreement, but not for any claim arising from, related to, or in connection with PJSC's postpetition performance of any other services unless such postpetition services and indemnification therefor are approved by this Court;

(b) Notwithstanding any provisions of the Letter Agreement to the contrary, the Debtors shall have no obligation to indemnify PJSC, or provide contribution or reimbursement to PJSC, for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen solely from PJSC's gross negligence, bad faith or willful misconduct, or (ii) settled prior to a judicial determination as to PJSC's gross negligence or willful misconduct, but determined by this Court, after notice and a hearing, to be a claim or expense for which PJSC should not receive indemnity, contribution or reimbursement under the terms of the Letter Agreement and this Order; and

(c) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these chapter 11 cases, PJSC believes it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Letter Agreement (as modified by this Order), including without limitation the advancement of defense costs, PJSC must file an application therefor in this Court, and the Debtors may not pay any such amounts to PJSC before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by PJSC for indemnification, contribution or reimbursement and not a provision limiting the duration of the Debtors' obligation to indemnify PJSC.

(5) PJSC shall be entitled to recover reasonable attorneys' fees only (i) under the indemnification, contribution and/or reimbursement provisions of the Letter Agreement (as

modified by this Order) and/or (ii) if, and to the extent, PJSC requires the advice and assistance of a law firm to represent it in response to any pleadings, discovery requests or requests for information and Kaye Scholer LLP is unable or unwilling to represent PJSC for such purpose, *and the court, after notice and hearing, approves the retention* (B)

(6) The compensation and reimbursement payments due under the Letter Agreement shall be entitled to priority as expenses of administration under Sections 503(b)(1)(A) and 507(a)(1) of the Bankruptcy Code and shall be entitled to the benefits of any "carve outs" for professionals' fees and expenses in effect in these Chapter 11 cases pursuant to one or more financing orders now or hereinafter in effect.

(7) Subject to the foregoing, awards of compensation and expenses shall be sought pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and the *Agreed Amended Administrative Compensation Order, Pursuant to Section 105(a) and 331 of the Bankruptcy Code, Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, entered by this Court..

(8) This Court shall retain exclusive jurisdiction to construe and enforce the terms of the Application, the Letter Agreement, and this Order.

Dated: Wilmington, Delaware
~~January ___, 2002~~

(B) *of counsel and fees as and when applied for.*

_____
UNITED STATES BANKRUPTCY JUDGE
2-12-02

**MOVANT SHALL IMMEDIATELY SERVE A COPY OF THIS ORDER ON ALL PARTIES IN INTEREST AND FILE A CERTIFICATE OF SERVICE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN (5) DAYS.**