# TAB 18

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------- x
In re:                                         : Chapter 11
                                               :
USG CORPORATION, et al.,                       : Case No. 01-2094 (RJN)
                         Debtors.              : (Jointly Administered)
                                               :
                                               : Docket Ref. No. _____
---------------------------------------------- x M.C. No.: YCST - 56

### ORDER PURSUANT TO 11 U.S.C. §§ 327, 524(g) AND 1103 AND FED. R. BANKR. P. 2014 MODIFYING AND EXTENDING THE RETENTION AND EMPLOYMENT OF CIBC WORLD MARKETS CORP. AS FINANCIAL ADVISOR AND INVESTMENT BANKER TO DEAN M. TRAFELET, LEGAL REPRESENTATIVE FOR FUTURE CLAIMANTS

Upon the supplemental application (the "Supplemental Application") of Dean M. Trafelet, Esq., legal representative for future claimants (the "Futures Representative") in connection with the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), seeking entry of an order pursuant to sections 327, 524(g) and 1103 of the Bankruptcy Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the retention and employment of CIBC World Markets Corp. ("CIBC") as financial advisor and investment banker to the Futures Representative and for the approval of the proposed terms of such employment set forth in the letter agreement attached as Exhibit B to the Supplemental Application (the "Supplemental Letter Agreement"); and upon the Affidavit of Joseph J. Radecki, Jr. (the "Radecki Affidavit") in support of the Supplemental Application; and the Court being satisfied that except as otherwise set forth in the Radecki Affidavit, (i) CIBC does not have or represent any interest materially adverse to the interests of the Futures Representative, the Debtors or their estates, creditors or equity holders; (ii) CIBC is a "disinterested person" as that

WP3:876192.1                                                                    59945.1001

Appendix 415

term is defined in section 101(14) of the Bankruptcy Code; and (iii) the retention and employment of CIBC are necessary and in the best interests of the Debtors and their estates, creditors, and equity holders; and due notice of the Supplemental Application having been given and appearing that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefor; it is hereby

**ORDERED**, that the Supplemental Application is granted and approved in all respects, and it is further;

**ORDERED**, that in accordance with sections 327, 524(g) and 1103 of the Bankruptcy Code, and Rule 2014 of the Bankruptcy Rules, the Futures Representative is authorized to extend and modify the terms of the retention and employment of CIBC as his financial advisor and investment banker, as of April 29, 2003, for the purpose of providing financial advisory, investment banking and other related services in connection with the Debtors' chapter 11 cases in accordance with the terms of the Supplemental Letter Agreement; and it is further

**ORDERED**, that the fees to be paid to CIBC pursuant to the terms of the Supplemental Letter Agreement are approved and shall be subject to the standard review provided in section 328(a) of the Bankruptcy Code and, except as provided in the Supplemental Letter Agreement, are not subject to any other standard of review under section 330 of the Bankruptcy Code; and it is further

**ORDERED**, that the indemnification provisions of the Supplemental Letter Agreement are approved, subject to the following:

    (a)    Subject to the provisions of subparagraph (c), *infra*, the Debtors are authorized to indemnify, and shall indemnify CIBC in accordance with the Supplemental Letter Agreement, for any claim arising from, related to, or in connection with the services provided

for in the Supplemental Letter Agreement, but not for any claim arising from, related to, or in connection with CIBC's postpetition performance of any other services unless such postpetition services and indemnification therefor are approved by this Court;

(b) Notwithstanding any provisions of the Supplemental Letter Agreement to the contrary, the Debtors shall have no obligation to indemnify CIBC, or provide contribution or reimbursement to CIBC, for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen solely from CIBC's gross negligence, bad faith or willful misconduct, or (ii) settled prior to a judicial determination as to CIBC's gross negligence or willful misconduct, but determined by this Court, after notice and a hearing, to be a claim or expense for which CIBC should not receive indemnity, contribution or reimbursement under the terms of the Supplemental Letter Agreement and this Order; and

(c) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these chapter 11 cases, CIBC believes it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Supplemental Letter Agreement (as modified by this Order), including without limitation the advancement of defense costs, CIBC must file an application therefor in this Court, and the Debtors may not pay any such amounts to CIBC before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by CIBC for indemnification, contribution or reimbursement and not a provision limiting the duration of the Debtors' obligation to indemnify CIBC; and it is further

**ORDERED**, that the compensation and reimbursement payments due under the Supplemental Letter Agreement shall be entitled to priority as expenses of administration under sections 503(b)(1)(A) and 507(a)(1) of the Bankruptcy Code and shall be entitled to the benefits of any "carve outs" for professionals' fees and expenses in effect in these Chapter 11 cases pursuant to one or more financing orders now or hereinafter in effect; and it is further

ORDERED, that neither the Futures Representative nor any of his advisors or counsel shall be liable for the fees payable to CIBC under the Supplemental Letter Agreement; and it is further

ORDERED, that CIBC shall be compensated in such amounts as may be allowed by this Court upon the filing of appropriate applications for allowance of interim or final compensation in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules and the *Administrative Order, Pursuant to 11 U.S.C. §§ 105(a) and 331 and Del. Bankr. LR 2016-2, Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, and the *Order Appointing a Fee Auditor and Establishing Related Procedures Concerning the Allowance and Payment of Compensation and Reimbursement of Expenses of Professionals, Members of Official Committees and Consideration of Fee Applications*, entered by this Court; and it is further

ORDERED, that this Court shall retain exclusive jurisdiction to construe and enforce the terms of the Supplemental Application, the Supplemental Letter Agreement, and this Order.

Dated: Wilmington, Delaware
_____, 2003

RANDALL J. NEWSOME
UNITED STATES BANKRUPTCY JUDGE