# TAB 19

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| | ) | Chapter 11 |
| | ) | |
| STRONG WORLD | ) | Case No. 00-4417 (JJF) |
| STRIES, INC., et al., | ) | |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

**APPLICATION FOR ORDER PURSUANT
TO SECTIONS 1103(a) AND 328(a) OF THE
BANKRUPTCY CODE AUTHORIZING THE RETENTION
AND EMPLOYMENT OF HOULIHAN, LOKEY, HOWARD &
ZUKIN, INC., AS FINANCIAL ADVISOR AND INVESTMENT
KER TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
ND FOR APPROVAL OF PROPOSED TERMS OF EMPLOYMENT**

THE HONORABLE JOSEPH J. FARNAN, JR.,
UNITED STATES DISTRICT COURT JUDGE:

The Official Committee of Unsecured Creditors (the "Creditors

tee") of the above-captioned debtors and debtors in possession (the "Debtors" or

mpany"), by and through their undersigned attorneys and this application (the

ation"), respectfully seek entry of an order pursuant to sections 1103(a) and

f title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy

and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the

ptcy Rules"), authorizing the retention and employment of Houlihan, Lokey,

& Zukin, Inc. ("Houlihan Lokey") as financial advisor and investment banker to

74219.3

the Creditors Committee and for approval of Houlihan Lokey's proposed terms of

employment. In support of this Application, the Creditors Committee relies upon the

Affidavit of Donald V. Smith (the "Affidavit"), attached hereto as Exhibit A, and

represents as follows.

## BACKGROUND

1.    On December 6, 2000 (the "Petition Date"), each of the Debtors

filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy

Code. The Debtors continue to operate their businesses and manage their properties as

debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2.    These chapter 11 cases have been consolidated for procedural

purposes and are being jointly administered.

3.    On December 15, 2000, the Office of the United States Trustee

appointed the Creditors Committee. At a scheduled meeting of the Creditors Committee

on December 21, 2000, at which a majority of its members were present, the Creditors

Committee selected Houlihan Lokey to provide financial advisory services to the

Creditors Committee during the pendency of these chapter 11 cases.

4.    This Court has jurisdiction over these cases pursuant to 28 U.S.C.

§§ 157 and 1334 and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

5.    By this Application, the Creditors Committee respectfully requests

that the Court enter an order pursuant to sections 1103(a) and 328(a) of the Bankruptcy

Code, and Rules 2014(a) and 2016 of the Bankruptcy Rules:

Appendix 420

(a)    authorizing the retention and employment of Houlihan Lokey as its financial advisor and investment banker for the purpose of providing financial advisory, investment banking and other related services in connection with the Debtors' chapter 11 cases, all in accordance with the terms of the letter agreement, dated January 11, 2001, which is attached hereto as Exhibit B (the "Letter Agreement");

(b)    approving the proposed fee structure, including the indemnification provisions, set forth in the Letter Agreement; and

(c)    granting such further and other relief as this Court deems just and proper.

6.    The Creditors Committee requests that such retention be nunc pro tunc to January 4, 2001, the date Houlihan Lokey commenced postpetition services for the Debtors.[1]

## HOULIHAN LOKEY'S QUALIFICATIONS

7.    The Creditors Committee has selected Houlihan Lokey as its financial advisor and investment banker because of its extensive and diverse experience, knowledge and reputation in the restructuring field, its understanding of the issues involved in chapter 11 cases, and because the Creditors Committee believes that Houlihan Lokey is well-qualified to provide the financial advisory and investment banking services that will be required here.  Houlihan Lokey has served as financial advisor and/or investment banker in many large chapter 11 cases.

---

[1]    Houlihan Lokey has proceeded with all diligence to file this Application, however, due to the large number of creditors and parties in interest, it has taken longer than expected to complete the required disclosures, thus delaying the filing of the Application.

Appendix 421

8.      During the past six weeks, Houlihan Lokey has been active on the Creditors Committee's behalf and familiarized itself with the Debtors so as to be able to advise and assist the Creditors Committee in respect of these chapter 11 cases.

9.      The Creditors Committee believes that Houlihan Lokey is eminently qualified to serve it in these chapter 11 cases and that accordingly, the retention of Houlihan Lokey by the Creditors Committee is in the best interests of the creditors, the Debtors and their estates.

## SERVICES TO BE PROVIDED BY HOULIHAN LOKEY

10.     The Creditors Committee anticipates that Houlihan Lokey will render financial advisory, investment banking and related services to the Creditors Committee as needed throughout the course of these chapter 11 cases.  As set forth in the Letter Agreement, upon approval of its retention, Houlihan Lokey will provide the following professional services to the Creditors Committee:

(a)      valuation analyses of the Company as a going-concern, in whole and part;

(b)      valuation analyses of the Company's asbestos exposure;

(c)      review of and consultation on the financing options for the company, including proposed DIP financing;

(d)      review of and consultation on the potential divestiture, acquisition and merger transactions for the Company;

(e)      review of and consultation on the capital structure issues for the reorganized Company, including debt capacity;

      (f)     review of and consultation on the financial issues and options concerning potential plans of reorganization, and coordinating negotiations with respect thereto;

      (g)     review of and consultation on the Company's operating and business plans, including an analysis of the company's long term capital needs and changing competitive environment;

      (h)     testimony in court on behalf of the Creditors Committee, if necessary; and

      (i)     any other necessary services as the Creditors Committee or the Creditors Committee's counsel may request from time to time with respect to the financial, business and economic issues that may arise.

Houlihan Lokey proposes to coordinate any such services performed at the Creditors Committee's request with services of other advisors and counsel, as appropriate, to avoid duplication of effort.

      11.     The Creditors Committee requires knowledgeable financial advisors to render these essential professional services.  As noted above, Houlihan Lokey has substantial expertise in all of these areas and, moreover, has obtained valuable knowledge of the Debtors' particular facts and circumstances.  Accordingly, Houlihan Lokey is well-qualified to perform these services and assist the Creditors Committee in these cases.

## TERMS OF HOULIHAN LOKEY'S RETENTION

      12.     As set forth in the Letter Agreement, as compensation for its services, Houlihan Lokey will charge the Debtors' estate as follows: Under the Letter

Appendix 423

Agreement, as compensation for its services Houlihan Lokey will be entitled to receive, subject to Court approval under section 328(a) of the Bankruptcy Code, a fee of $225,000 per month commencing as of January 4, 2001 for a period of one year, a fee of $200,000 per month for the second year, a fee of $175,000 per month for the third year, a fee of $150,000 per month for the fourth year, a fee of $125,000 per month for the fifth year, and a fee of $100,000 per month thereafter for the duration of the Debtors' chapter 11 cases.

13.    In the event of a conflict in description between this Application and the Letter Agreement, the terms of the Letter Agreement shall control.

14.    The fees described above are consistent with Houlihan Lokey's normal and customary billing practices for cases of this size and complexity, which require the level and scope of services outlined in the Letter Agreement.  Houlihan Lokey and the Creditors Committee also believe that the foregoing compensation arrangements are market-based and reasonable.  By comparison, Houlihan Lokey is serving as financial advisor to the Official Committee of Unsecured Creditors of Owens Corning, a case of similar complexity and size, for which it is receiving a fee of $250,000 per month for twenty-four months and $200,000 per month thereafter for the duration of that case.

15.    In addition to any fees payable by the Debtors' estate to Houlihan Lokey pursuant to the Letter Agreement, whether or not any transaction contemplated by the Letter Agreement is proposed or consummated, Houlihan Lokey shall be reimbursed on a monthly basis for its travel and other reasonable out-of-pocket expenses, as set forth in the Letter Agreement.  Again, Houlihan Lokey will follow its customary expense

reimbursement guidelines and practices in setting expense reimbursements for these cases.

16.    The Debtor will indemnify Houlihan Lokey and certain related persons in accordance with the indemnification provisions set forth in the Letter Agreement.  Houlihan Lokey believes that these provisions are customary and reasonable for financial advisory engagement and express the standard of liability set forth in section 1103(c) of the Bankruptcy Code.  See In re PWS Holding Corp., 228 F.3d 224, 246-47 (3d Cir. 2000).

### APPROVAL OF THE TERMS OF
### HOULIHAN LOKEY'S ENGAGEMENT PURSUANT
### TO SECTION 328(a) OF THE BANKRUPTCY CODE

17.    The Creditors Committee requests approval of the terms of Houlihan Lokey's engagement, including (i) the terms of the Letter Agreement and (ii) the indemnification provisions contained therein, subject to the standard of review provided in section 328(a) of the Bankruptcy Code.  Section 328(a) of the Bankruptcy Code provides, in part, that a committee "with the court's approval, may employ or authorize the employment of a professional person under section…1103…on any reasonable terms and conditions of employment, including a retainer, on an hourly basis, or on a contingent fee basis."  11 U.S.C. § 328(a).  As recognized by numerous courts, Congress intended in section 328(a) to enable debtors and committees to retain professionals pursuant to specific fee arrangements to be determined at the time of the court's approval of the retention, subject to reversal only if the terms are found to be improvident in light of "developments not capable of being anticipated at the time of the fixing of such terms and conditions."  11 U.S.C. § 328(a).  See In re Nat'l Gypsum Co.,

Appendix 425

123 F.3d 861, 862-63 (5th Cir. 1997) ("If the most competent professionals are to be available for complicated capital restructuring and the development of successful corporate reorganization, they must know what they will receive for their expertise and commitment.").

18.     The Creditors Committee believes that the fee structure and indemnification provisions set forth in the Letter Agreement are reasonable terms and conditions of employment and should be approved under section 328(a) of the Bankruptcy Code. The fee structure and indemnification provisions appropriately reflect (i) the nature of the services to be provided by Houlihan Lokey and (ii) the fee structures and indemnification provisions typically utilized by Houlihan Lokey and other leading financial advisory and investment banking firms, which do not bill their clients on an hourly basis and generally are compensated on a transactional basis. In sum, therefore, the Creditors Committee believes that the fee structure and indemnification provisions are reasonable terms and conditions of employment in light of (a) industry practice, (b) market rates charged for comparable services both in and out of the chapter 11 context, (c) Houlihan Lokey's substantial experience with respect to financial advisory and investment banking services, and (d) the nature and scope of work to be performed by Houlihan Lokey in these chapter 11 cases.

19.     Subject to the foregoing, including the standards imposed by section 328(a) of the Bankruptcy Code, awards of compensation and expenses will be sought by Houlihan Lokey pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and the rules and orders of this Court.

Appendix 426

## DISCLOSURE CONCERNING CONFLICTS AND PREPETITION PAYMENTS

20.     Houlihan Lokey has informed the Creditors Committee that, except as described in the Affidavit, Houlihan Lokey (i) does not have or represent any interest materially adverse to the interests of the Debtors or their estates, creditors or equity interest holders, and (ii) is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.  Moreover, the retention and employment of Houlihan Lokey are necessary and in the best interests of the Creditors Committee, the Debtors and their estates and creditors.

21.     As set forth in the Affidavit, Houlihan Lokey has not shared or agreed to share any of its compensation with any other person, other than a managing director, professional or employee of Houlihan Lokey, as permitted by section 504 of the Bankruptcy Code.

### NOTICE

22.     Proper notice of this Application has been given and the Creditors Committee submits that no further notice be given.

### WAIVER OF MEMORANDUM OF LAW

23.     As there are no novel issues of law presented herein, the Creditors Committee waives its right to file a memorandum of law in support of the Application, pursuant to Rule 7.1.2(a) of the Local Rules, incorporated by reference into the Local Bankruptcy Rules by General Order #9D.

### PRIOR REQUEST FOR RELIEF

24.     No previous application for the relief sought in this Application has been made to this or any other court.

Doc#: NY5: 874219.3                                        9

WHEREFORE, the Creditors Committee respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit C, pursuant to sections 1103(a) and 328(a) of the Bankruptcy Code, and Rules 2014(a) and 2016 of the Bankruptcy Rules (a) authorizing the retention and employment of Houlihan Lokey as its financial advisor and investment banker pursuant to the terms of the Letter Agreement nunc pro tunc to January 4, 2001, (b) approving the proposed fee structure and indemnification provisions set forth in the Letter Agreement as reasonable under section 328(a) of the Bankruptcy Code, and (c) granting such further and other relief as this Court deems just and proper.

Dated:  February 16, 2001

COZEN AND O'CONNOR

Mark E. Felger (3919)
David W. Carickhoff, Jr. (3715)
Chase Manhattan Bank Centre
1201 N. Market Street
Suite 1400
Wilmington, Delaware 19801
(302) 295-2000

-and-

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON

Robert D. Drain
Andrew N. Rosenberg
Alexander V. Rohan*
1285 Avenue of the Americas
New York, New York 10019
(212) 373-3000

Co-Counsel to the Official Committee of
Unsecured Creditors of Armstrong World Industries, Inc.

*Not admitted in New York

**ORIGINAL**

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

FILED WD

2001 FEB 16  PM 1:12

U.S. BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | *4471* |
| **ARMSTRONG WORLD** | ) | Case No. 00-~~4417~~(JJF) |
| **INDUSTRIES, INC., et al.,** | ) | |
| | ) | **Jointly Administered** |
| **Debtors.** | ) | |
| | ) | **Objection Deadline: 3/2/01 at 4:00 p.m.** |
| | ) | **Hearing Date: Negative Notice** |

### NOTICE OF APPLICATION

PLEASE TAKE NOTICE that on February 16, 2001, the Official Committee of

Unsecured Creditors of Armstrong World Industries, Inc. and its affiliated debtors and debtors in

possession (the "Creditors Committee"), filed the Application for Order Pursuant to Sections

1103(a) and 328(a) of the Bankruptcy Code Authorizing the Retention and Employment of

Houlihan, Lokey, Howard & Zukin, Inc., as Financial Advisor and Investment Banker to the

Official Committee of Unsecured Creditors and for Approval of Proposed Terms of Employment

(the "Application") nunc pro tunc to January 4, 2001 with the United States Bankruptcy Court

for the District of Delaware.

PLEASE TAKE FURTHER NOTICE that any party wishing to oppose the entry of an

order approving the Application must file an objection ("Objection") with the Clerk of the

United States Bankruptcy Court for the District of Delaware, 824 Market Street, 5th Floor,

Wilmington, Delaware 19801 and serve such Objection on the undersigned attorneys so as to be

received on or before 4:00 p.m. Eastern Standard Time on March 2, 2001. Only those

Objections timely filed and served will be considered by the Court.

4/5

WILM1\4735\1 111206.000

*Appendix 429*

PLEASE TAKE FURTHER NOTICE that a hearing to consider the Application will be held only if timely objections are made, before the Honorable Joseph J. Farnan, Jr., United States District Court Judge, in the United States District Court for the District of Delaware, 824 Market Street, 6th Floor, Wilmington, Delaware 19801.

PLEASE TAKE FURTHER NOTICE that if no Objections are timely Filed and served upon the undersigned attorneys, the Court may enter an order granting the relief requested with no further notice or hearing.

Dated: Wilmington, Delaware
February 16, 2001

COZEN AND O'CONNOR

Mark E. Felger (3919)
Chase Manhattan Bank Centre
1201 N. Market Street
Suite 1400
Wilmington, Delaware 19801
(302) 295-2000

-and-

PAUL, WEISS, RIFKIND, WHARTON & GARRISON
Robert D. Drain
Andrew N. Rosenberg
Alexander V. Rohan*
1285 Avenue of the Americas
New York, New York 10019
(212) 373-3000
Co-Counsel to the Official Committee of Unsecured
Creditors of Armstrong World Industries, Inc.

*Not admitted in New York.

WILM1\4735\1 111206.000

# EXHIBIT A

## [Affidavit]

Doc#: NY5: 874219.3

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| | ) | |
| | ) | Case No. 00-4417 (JJF) |
| ARMSTRONG WORLD | ) | |
| INDUSTRIES, INC., et al., | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

**AFFIDAVIT OF DONALD V. SMITH
IN SUPPORT OF APPLICATION FOR
ORDER PURSUANT TO SECTIONS 1103(a)
AND 328(a) OF THE BANKRUPTCY CODE AND
FED. R. BANKR. P. 2014 AND 2016 AUTHORIZING
RETENTION AND EMPLOYMENT OF HOULIHAN, LOKEY,
HOWARD & ZUKIN, INC. AS FINANCIAL ADVISOR AND INVESTMENT
BANKER TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

| | | |
|---|---|---|
| STATE OF NEW YORK | ) | |
| | : | ss.: |
| COUNTY OF NEW YORK | ) | |

Donald V. Smith, being duly sworn, deposes and says:

      1.    I am a Senior Managing Director of Houlihan, Lokey, Howard &

Zukin, Inc. ("Houlihan Lokey"), which maintains its New York office at 685 Third

Avenue, New York, New York 10017. I am authorized to execute this affidavit (the

"Affidavit") on behalf of Houlihan Lokey. This Affidavit is submitted pursuant to

sections 328(a), 504 and 1103 of title 11 of the United States Code, 11 U.S.C. §§ 101 et

seq. (the "Bankruptcy Code"), and rules 2014 and 2016 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), in support of the application (the

"Application") of the Official Committee of Unsecured Creditors (the "Creditors

Doc#: NY5: 874219.3

Committee") of the above-captioned debtors and debtors in possession (the "Debtors" or the "Company"), for an order authorizing the retention and employment of Houlihan Lokey as financial advisor and investment banker to the Creditors Committee.  Unless otherwise stated, I have personal knowledge of the facts set forth herein.

2.    Houlihan Lokey is a worldwide leader in working with financially troubled companies in complex financial reorganizations, in both chapter 11 cases and out-of-court restructurings.  Houlihan Lokey has served as financial advisor and/or investment banker to official committees and debtors in possession in many large chapter 11 cases, including several recently before this Court, including Owens Corning, AmeriServ Food Distribution, Inc., Fruit of the Loom, Harnischfeger Industries, Inc., and Pathmark Stores, Inc.  Based upon this experience, I believe that Houlihan Lokey is well-qualified to perform the financial advisory and investment banking services required by the Creditors Committee.

## TERMS OF HOULIHAN LOKEY'S RETENTION

3.    Pursuant to an agreement dated January 11, 2001 between the Creditors Committee and Houlihan Lokey (the "Letter Agreement"), a copy of which is attached as an Exhibit to the Application,[1] Houlihan Lokey will provide the following services:

(a)    valuation analyses of the Company as a going-concern, in whole and part;

---

[1]    In the event of a conflict between this Affidavit and the Letter Agreement the terms of the Letter Agreement shall control.

Doc#: NY5: 874219.3

2

(b)     valuation analyses of the Company's asbestos exposure;

(c)     review of and consultation on the financing options available to the Company, including proposed DIP financing;

(d)     review of and consultation on the potential divestiture, acquisition and merger transactions for the Company;

(e)     review of and consultation on the capital structure issues for the reorganized Company, including debt capacity;

(f)     review of and consultation on the financial issues and options concerning potential plans of reorganization, and coordinating negotiations with respect thereto;

(g)     review of and consultation on the Company's operating and business plans, including an analysis of the Company's long term capital needs and changing competitive environment;

(h)     testimony in court on behalf of the Creditors Committee, if necessary; and

(i)     any other necessary services as the Creditors Committee or the Creditors Committee's counsel may request from time to time with respect to the financial, business and economic issues that may arise.

4.     Under the Letter Agreement, as compensation for its services, Houlihan Lokey will be entitled to receive, subject to Court approval under section 328(a) of the Bankruptcy Code, a fee of $225,000 per month commencing as of January 4, 2001 for a period of one year, a fee of $200,000 per month for the second year, a fee of $175,000 per month for the third year, a fee of $150,000 per month for the fourth

year, a fee of $125,000 per month for the fifth year, and a fee of $100,000 per month thereafter for the duration of the Debtors' chapter 11 cases.

5.     The fees described above are consistent with Houlihan Lokey's normal billing practices for cases of this size and complexity that require the level and scope of services outlined in the Letter Agreement. I also believe that such fees are consistent with fees charged in comparable engagements in chapter 11 cases and out-of-court workouts.

6.     In addition to any fees payable to Houlihan Lokey pursuant to the Letter Agreement, whether or not any transaction contemplated by the Letter Agreement is proposed or consummated, Houlihan Lokey shall be reimbursed on a monthly basis for its travel and other reasonable out-of-pocket expenses, as set forth in the Letter Agreement.

7.     Under the Letter Agreement, the Debtors shall indemnify Houlihan Lokey, and certain related persons also shall be entitled to indemnification in accordance with the provisions set forth in the Letter Agreement. I believe that such provisions are consistent with indemnification provisions in comparable engagements in out-of-court workouts and chapter 11 cases in this District and elsewhere.

8.     I believe that the fee structure and indemnification provisions set forth in the Letter Agreement are reasonable terms and conditions of employment and should be approved under section 328(a) of the Bankruptcy Code. The fee and indemnification provisions appropriately reflect the nature of the services to be provided by Houlihan Lokey and the fee and indemnification provisions typically utilized by

Houlihan Lokey and other leading financial advisory and investment banking firms,

which do not bill their clients on an hourly basis.

## DISCLOSURE CONCERNING CONFLICTS

      9.    Houlihan Lokey has conducted a conflicts check and due inquiry

regarding its relations with the Debtors, their significant creditors, their equity security

holders, the attorneys and accountants for the foregoing, and the Office of the United

States Trustee to determine whether it has any conflicts or other relationships that might

bear on its retention by the Creditors Committee.  Among other things, Houlihan Lokey

has researched its client files and records which contain information retained under its

normal record retention policies.  In connection with this check, Houlihan Lokey

obtained from the Debtors and/or their representatives the names of individuals or entities

that may be parties in interest in these chapter 11 cases (collectively, the "Potential

Parties in Interest"), which parties are listed on the schedule attached hereto as Exhibit D.

In addition, I caused to be disseminated by electronic mail within Houlihan Lokey a list

of the Potential Parties in Interest, accompanied by a request for information pertaining to

any connections between Houlihan Lokey and such parties.  To the best of my

knowledge, information, and belief, insofar as I have been able to ascertain after due

inquiry, neither I, Houlihan Lokey, nor any professional employee of Houlihan Lokey

has any connection with the Debtors or any Potential Parties in Interest herein, except as

hereinafter set forth.

      (a)    Houlihan Lokey is not employed by, and has not been

employed by, any entity other than the Creditors Committee in matters related to these

chapter 11 cases.

Doc#: NY5: 874219.3

5

(b)     From time to time, Houlihan Lokey has provided services, and likely will continue to provide services, to certain creditors of the Debtors and various other parties adverse to the Debtors in matters unrelated to these chapter 11 cases.

(c)     Houlihan Lokey has approximately 250 professional employees. It is possible that certain employees of Houlihan Lokey hold interests in mutual funds or other investment vehicles that may own the Debtors' securities.

10.     In the ordinary course of its activities as a full service firm, Houlihan Lokey (i) in the past has had, and may in the future have, directly or indirectly, ordinary course relationships with persons who hold debt or equity securities issued by the Debtors or their direct and indirect corporate parents or investors, (ii) as discussed further below in paragraph 11, has in the past provided advice, may currently be providing advice, and may in the future advise certain of the Debtors' creditors or other Potential Parties in Interest herein, or interests adverse to such creditors or parties in interest herein, all, however, in matters unrelated to these chapter 11 cases, and (iii) has working capital financial and operating relationships with various banking institutions which may be Potential Parties in Interest. In addition, Houlihan Lokey, its directors, officers, employees, counsel and I may have appeared in the past and may appear in the future in cases in which one or more of the Debtors' creditors or other Potential Parties in Interest are involved in matters unrelated to the Debtors.

11.     Houlihan Lokey currently is engaged in over 75 major restructuring transactions and has completed over 100 such transactions over the last five years. Houlihan Lokey's general inquiry and review of its records revealed that Houlihan Lokey has previously advised, currently advises and will likely advise in the future, a

Appendix 437

substantial number of Potential Parties in Interest or parties adverse thereto.  In particular,

Houlihan Lokey has had relationships with the parties listed in Exhibit E, on matters

unrelated to these chapter 11 cases.  In addition, since August 2000, Houlihan Lokey has

in the past provided financial advisory services to Reliance Group Holdings, the parent

company of Reliance Insurance Company, one of the Debtors' insurance carriers, on

matters that are not related to the Debtors' chapter 11 cases or any other asbestos

litigation.  It is possible that there are other parties listed in Exhibit D with whom

Houlihan Lokey previously had, currently has or in the future will have, relationships on

matters that have not been discovered in our initial review; to the extent that this is

discovered later, Houlihan Lokey will make supplemental disclosure.

        12.     As part of its diverse practice, and in the course of the investment

activities of its affiliates, Houlihan Lokey has worked previously, currently works and

likely will work in the future, with a variety of legal and financial institutions, some of

which represent Potential Parties in Interest, including: (a) KPMG Peat Marwick,

(b) Lazard Freres & Co., LLC, (c) Weil, Gotshal & Manges, LLP, (d) Richards, Layton &

Finger, P.A., and other attorneys, accountants, and financial consultants, one or more of

which may represent, or may themselves be, claimants and interested parties in these

chapter 11 cases.  Based on our current knowledge of the professionals involved, and to

the best of our knowledge, none of these business relations constitutes an interest adverse

to the Creditors Committee herein in matters upon which Houlihan Lokey is to be

employed, and none are in connection with these chapter 11 cases.  Furthermore,

Houlihan Lokey has been represented and advised in the past, is represented and advised

currently and may be represented and advised in the future, by several law firms and

Doc#: NY5: 874219.3

7

accounting firms, some of which may be involved in these proceedings. Specifically,

Houlihan Lokey retains the accounting firm of Deloitte & Touche as its auditor and the

law firms of Paul, Weiss, Rifkind, Wharton & Garrison, Jones, Day, Reavis & Pogue,

McDermott, Will & Emery and Skadden, Arps, Slate, Meagher & Flom as counsel on

various matters.

13.     Houlihan Lokey or its affiliates have sponsored a number of

investment funds that have made investments in a wide range of enterprises in which one

or more of the Potential Parties in Interest may have been involved, directly or indirectly.

Specifically, Fleet Capital and Mellon Ventures have interests in one or more investment

fund(s) in which a Houlihan Lokey affiliate is a general partner.

14.     Houlihan Lokey currently serves as financial advisor to the

Official Committee of Unsecured Creditors of Owens Corning, which may assert claims

in these chapter 11 cases.

15.     Houlihan Lokey has provided financial advisory services to certain

parties involved in asbestos litigation.

16.     To the best of my knowledge, Houlihan Lokey has not been

retained to assist any entity or person other than the Creditors Committee on matters

relating to, or in connection with, these chapter 11 cases. If this Court approves the

proposed employment of Houlihan Lokey by the Creditors Committee, Houlihan Lokey

will not accept any engagement or perform any service in these cases for any entity or

person other than the Creditors Committee. Houlihan Lokey will, however, continue to

provide professional services to, and engage in commercial or professional relationships

with, entities or persons that may be creditors of the Debtors or otherwise are Potential

Doc#: NY5: 874219.3

8

Parties in Interest in these chapter 11 cases, provided that such services will not relate to, or have any direct connection with, these chapter 11 cases. Houlihan Lokey is confident that the representation of such entities in unrelated matters will not affect its representation of the Creditors Committee in these cases.

17.    Despite the efforts described above to identify and disclose Houlihan Lokey's connections with Potential Parties in Interest, because the Debtors are a large enterprise with numerous unidentified creditors and other relationships, Houlihan Lokey is unable to state with absolute certainty that every relevant client representation or other connection has been disclosed. To the extent Houlihan Lokey determines that it may be engaged in a matter that gives rise to an interest adverse to the Creditors Committee or the Debtors, Houlihan Lokey will promptly file a supplemental disclosure with this Court.

18.    To the best of my knowledge, information and belief, Houlihan Lokey does not have or represent any interest materially adverse to the interests of the Debtors or their estates, creditors or equity interest holders, and has no material connections to the Debtors or Potential Parties in Interest except as noted above. Accordingly, I believe that Houlihan Lokey is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code, in that Houlihan Lokey, its officers and employees:

(a)    Are not creditors, equity security holders or insiders of the Debtors;

(b)    Are not and were not investment bankers for any outstanding security of the Debtors;

Doc#: NY5: 874219.3

9

(c)     Have not been within three years before the date of the

filing of the Debtors' chapter 11 petitions (i) investment bankers for a security of the

Debtors or (ii) an attorney for such an investment banker in connection with the offer,

sale, or issuance of a security of the Debtors; and

(d)     Were not, within two years before the date of filing of the

Debtors' chapter 11 petitions, a director, officer, or employee of the Debtors or of any

investment banker as specified in subparagraph (b) or (c) above.

19.     Houlihan Lokey has not shared or agreed to share any of its

compensation from the Creditors Committee with any other person, other than a

managing director, professional or employee of Houlihan Lokey, as permitted by

section 504 of the Bankruptcy Code.  The proposed engagement of Houlihan Lokey is

not prohibited by Bankruptcy Rule 5002.

_____

Donald V. Smith

Sworn to and subscribed
before me this 12 day
of Feb , 2001
Notary Public

ANITA C. MORELL
Notary Public, State of New York
No. 01MO5023690
Qualified in Nassau County
Commission Expires: 2-7-02

**EXHIBIT B**

**[Engagement Letter]**

Doc#: NY5: 874219.3



# HOULIHAN LOKEY HOWARD & ZUKIN
## FINANCIAL ADVISORS

January 11, 2001

Mr. Peter Faulkner
Third Avenue Funds (Co-Chair)
MJ Whitman Management, LLC
767 Third Avenue
New York, NY 10017-2023

James S. Barwis
Wachovia Bank, N.A. (Co-Chair)
191 Peachtree Street, 28th Floor
Atlanta, GA 30303

      Re:    General Unsecured Creditors of Armstrong World Industries, Inc.

Dear Messrs. Faulkner and Barwis:

    The purpose of this letter is to confirm the understanding and agreement (the "Agreement") concerning the engagement of Houlihan Lokey Howard & Zukin, Inc. ("Houlihan Lokey") by the General Unsecured Creditors Committee (the "Committee") of Armstrong World Industries, Inc., and its subsidiaries, Chapter 11 debtors and debtors-in-possession (together, the "Company"). Houlihan Lokey has been retained to provide financial advisory services as requested from time to time by the Committee in connection with the Company's Chapter 11 case, (the "Case") as follows:

    (1)    Valuation analyses of the Company as a going-concern, in whole and part;

    (2)    Valuation analyses of the Company's asbestos exposure;

    (3)    Review of and consultation on the financing options for the Company, including the proposed debtor in possession financing;

    (4)    Review of and consultation on potential divestiture, acquisition and merger transactions for the Company;

    (5)    Review of and consultation on the capital structure issues for the reorganized Company, including debt capacity;

    (6)    Review of and consultation on the financial issues and options concerning potential plans of reorganization, and coordinating negotiations with respect thereto;

    (7)    Review of and consultation on the Company's operating and business plans, including its long term capital needs and changing competitive environment;

**New York**

685 Third Avenue, 15th Floor
New York, New York 10017-4024
Tel 212.497.4100  Fax 212.661.3070

Investment advisory services through Houlihan Lokey Howard & Zukin Financial Advisors.

Los Angeles    Chicago    San Francisco    Minneapolis    Washington, D.C.    Dallas    Atlanta    Toronto    Seoul

Mr. Peter Faulkner
Mr. James S. Barwis
January 11, 2001
Page 2

(8)     Testimony in court on behalf of the Committee, if necessary; and

(9)     Any other necessary services as the Committee or the Committee's counsel may request from time to time with respect to the financial, business and economic issues that may arise.

This Agreement does not contemplate the provision of any "crisis management" or investment banking services, such as underwriting, or lead sale, merger or acquisition services, for the Committee and/or the Company. Should Houlihan Lokey be requested by the Company and/or the Committee to perform such services, it shall be entitled to receive normal and customary investment banking fees for such services, as may be agreed to at that time, by the Committee and/or the Company and approved by the Court.

During the course of this engagement, the Company shall pay Houlihan Lokey a monthly fee of $225,000 commencing as of January 4, 2001 for a period of one year and, a monthly fee of $200,000 for the second year, a monthly fee of $175,000 for the third year, a monthly fee of $150,000 for the fourth year, a monthly fee of $125,000 for the fifth year, and a monthly fee of $100,000 thereafter for the duration of the Chapter 11 case, (the "Monthly Fees"). The Company also shall reimburse Houlihan Lokey for all reasonable out-of-pocket expenses, including fees and expenses of counsel and of other advisors or consultants retained by Houlihan Lokey with the Committee's consent, that are incurred by Houlihan Lokey in connection with its engagement by the Committee. Neither the Committee, its constituents, nor any of its advisors or professionals shall be liable for the fees and expenses payable to Houlihan Lokey hereunder.

The first Monthly Fee of $225,000 shall be due and payable upon execution of this Agreement. Subsequent payments of Monthly Fees plus reimbursement for the prior month's reasonable out-of-pocket expenses, shall be due upon the 15th of each succeeding month. Prior to the 15th of each succeeding month, Houlihan Lokey shall endeavor to provide the Company with an invoice, which will include the amount of the Monthly Fee and the out-of-pocket expenses to be reimbursed. Payment shall be made to Houlihan Lokey by wire transfer or as otherwise agreed at the address above.

The Committee acknowledges that a substantial professional commitment of time and effort will be required by Houlihan Lokey and its professionals hereunder, and that such commitment may foreclose other opportunities for the Firm. Moreover, the actual time and commitment required for the engagement may vary substantially from week to week or month to month, creating "peak load" issues for the Firm. Based on mutual discussion between the Committee and Houlihan Lokey of the various issues which may arise in the case, the Firm's commitment to the variable level of time and effort necessary to address such issues, the level of staffing requested by the Committee, and the market prices for Houlihan Lokey's engagements of this nature in an out-of-court context, the Committee believes that the fee arrangement hereunder fairly compensates Houlihan Lokey and provides certainty to the Committee and further agree that the provisions herein will be set forth in a court order pursuant to 11 U.S.C. Section 328(a).

Out-of-pocket expenses shall include, but not be limited to, all documented and reasonable travel expenses, duplicating charges, computer charges, messenger services and long-distance telephone calls incurred by Houlihan Lokey in connection with its engagement. The Company shall not be responsible for any fees or expenses of Houlihan Lokey's counsel, except as specifically proposed in the next paragraph.

The Company agrees to indemnify Houlihan Lokey in accordance with Exhibit A, which provisions are incorporated herein and made a part hereof and which shall survive the termination, expiration or suppression of this Agreement.

Mr. Peter Faulkner
Mr. James S. Barwis
January 11, 2001
Page 3

    The obligations of Houlihan Lokey are solely corporate obligations, and no officer, director, employee, agent, shareholder or controlling person of Houlihan Lokey shall be subjected to any personal liability whatsoever to any person, nor will any such claim be asserted by or on behalf of any other party to this Agreement. There shall be no third party beneficiaries to this Agreement, and neither the Committee nor any other parties who purport to rely on this Agreement may assert any claim hereunder against Houlihan Lokey or the Company in contravention of this paragraph. This paragraph shall survive any termination of this Agreement.

    Houlihan Lokey will not be responsible for independently verifying the accuracy of any information provided to Houlihan Lokey by the Company or its agents (the "Information") and shall not be liable for inaccuracies in any Information provided to Houlihan Lokey by or at the direction of the Company.

    This Agreement is terminable by Houlihan Lokey or the Committee upon 30 days written notice. Such termination will not, however, affect the Company's liability for Monthly Fees and expenses through the date of such termination. Unless otherwise terminated, this Agreement will terminate on the date of a confirmed plan of reorganization of the Company.

    This Agreement includes the entire understanding between the parties, and may be modified only in a writing signed by the parties hereto, supersedes all previous agreements should they exist and shall be governed by, and construed in accordance with, the laws of the State of New York, without regard to principles of conflicts of law that might provide for any other choice of law.

**HOULIHAN, LOKEY, HOWARD & ZUKIN FINANCIAL ADVISORS, INC.**

By: _____
    Donald V. Smith
    Senior Managing Director


**THE GENERAL UNSECURED CREDITORS COMMITTEE OF ARMSTRONG WORLD INDUSTRIES, INC.**

By: _____       By: _____
    Peter M. Faulkner

**ARMSTRONG WORLD INDUSTRIES, INC.**


By: _____
    Name: _____
    Title: _____


**Appendix 445**

Mr. Peter Faulkner
Mr. James S. Barwis
January 11, 2001
Page 3

The obligations of Houlihan Lokey are solely corporate obligations, and no officer, director, employee, agent, shareholder or controlling person of Houlihan Lokey shall be subjected to any personal liability whatsoever to any person, nor will any such claim be asserted by or on behalf of any other party to this Agreement. There shall be no third party beneficiaries to this Agreement, and neither the Committee nor any other parties who purport to rely on this Agreement may assert any claim hereunder against Houlihan Lokey or the Company in contravention of this paragraph. This paragraph shall survive any termination of this Agreement.

Houlihan Lokey will not be responsible for independently verifying the accuracy of any information provided to Houlihan Lokey by the Company or its agents (the "Information") and shall not be liable for inaccuracies in any Information provided to Houlihan Lokey by or at the direction of the Company.

This Agreement is terminable by Houlihan Lokey or the Committee upon 30 days written notice. Such termination will not, however, affect the Company's liability for Monthly Fees and expenses through the date of such termination. Unless otherwise terminated, this Agreement will terminate on the date of a confirmed plan of reorganization of the Company.

This Agreement includes the entire understanding between the parties, and may be modified only in a writing signed by the parties hereto, supersedes all previous agreements should they exist and shall be governed by, and construed in accordance with, the laws of the State of New York, without regard to principles of conflicts of law that might provide for any other choice of law.

HOULIHAN, LOKEY, HOWARD & ZUKIN FINANCIAL ADVISORS, INC.

By: _____
   Donald V. Smith
   Senior Managing Director


THE GENERAL UNSECURED CREDITORS COMMITTEE OF
ARMSTRONG WORLD INDUSTRIES, INC.

By: _____        By: _____


ARMSTRONG WORLD INDUSTRIES, INC.


By: _____
   Name: _____
   Title: _____


**Appendix 446**

## Exhibit A

This Exhibit A is part of and incorporated into that certain letter agreement (the "Agreement"), dated January 11, 2001.

(a)    If Houlihan Lokey or any employee, agent, officer, director, attorney, shareholder or any person who controls Houlihan Lokey (any or all of the foregoing, hereinafter an "Indemnified Person") becomes involved in any capacity in any legal or administrative action, suit, proceeding, investigation or inquiry, regardless of the legal theory or the allegations made in connection therewith, directly or indirectly in connection with, arising out of, based upon, or in any way related to (i) the Agreement; (ii) the services that are the subject of the Agreement; (iii) any document or information, whether verbal or written, referred to herein or supplied to Houlihan; (iv) the breach of the representations, warranties or covenants by the Company given pursuant hereto; (v) Houlihan's involvement in the Chapter 11 case of the Company (the "Case") or any part thereof; (vi) any filings made by or on behalf of any party with any governmental agency in connection with the Case; (vii) the Case; or (viii) proceedings by or on behalf of any creditors or equity holders of the Company, the Company will on demand, advance or pay promptly, on behalf of each Indemnified Person, reasonable attorney's fees and other expenses and disbursements (including, but not limited to, the cost of any investigation and related preparation) as they are incurred by the Indemnified Person. The Company also indemnifies and holds harmless each Indemnified Person against any and all losses, claims, damages, liabilities, costs and expenses (including, but not limited to, attorney's fees, disbursements and court costs, and costs of investigation and preparation ("Losses") to which such Indemnified Person may become subject in connection with any such matter.

(b)    If for any reason the foregoing indemnification is determined to be unavailable to any Indemnified Person or insufficient fully to indemnify any such person, then the Company will contribute to the amount paid or payable by such person as a result of any such Losses in such proportion as is appropriate to reflect (i) the relationship between Houlihan's fee on the one hand and the aggregate value of the Company on the other hand or (ii) if the allocation provided by clause (i) is not permitted by applicable law, not only such relative benefit but also the relative fault of the other participants in the Case, on the one hand, and Houlihan and the Indemnified Persons on the other hand, and any other relevant equitable considerations in connection with the matters as to which such Losses relate."

(c)    If any action or proceeding shall be brought or asserted against Houlihan Lokey or any other Indemnified Person in respect of which indemnity or contribution may be sought from the Company hereunder, Houlihan Lokey shall promptly notify the Company in writing, provided that failure to notify the Company shall not relieve it from any liability hereunder except to the extent of any material prejudice resulting therefrom. The Company may, upon notice to Houlihan Lokey, assume the defense thereof, by retaining counsel reasonably satisfactory to Houlihan Lokey. Any Indemnified Person shall have the right to employ separate counsel in any such action and to participate in the defense thereof, but the fees and expenses of such counsel shall be at the expense of the Indemnified Person (but not other reasonable defense or investigation expenses incurred by or on behalf of Houlihan Lokey or any other Indemnified Person) unless (i) the Company has agreed to pay the reasonable fees and expenses of such counsel, (ii) the Company shall have failed to promptly assume the defense of such action or proceeding, or (iii) the named parties to such action or proceeding (including any impleaded parties) include both the Indemnified Person and the Company and the Indemnified Person reasonably believes that the joint representation of the Indemnified Person may result, in a conflict of interest (in which case, if the Indemnified Person shall notify the Company in writing of the facts underlying the perceived conflict and that it elects to employ separate counsel at

*Appendix 447*

Exhibit A
Page 2

the expense of the Company, the Company shall not have the right to assume the defense of such action or proceeding on behalf of the Indemnified Person, provided the fees and expenses of such separate counsel are reasonable).

(d) The indemnification obligations hereunder shall not apply to any Losses that are judicially determined to have resulted from the gross negligence, fraud, lack of good faith, bad faith, willful misfeasance, or reckless disregard of the obligations or duties of Houlihan Lokey. In the event of such judicial determination, the Company shall be entitled to recover from Houlihan Lokey the costs and expenses paid on behalf of any Indemnified Person pursuant to this indemnification obligation.

(e) The Company agrees that it will not settle, compromise or discharge any suit, claim, litigation, threatened litigation or threatened claim arising out of, based upon, or in any way related to the Case and to which Houlihan Lokey or any Indemnified Person is or may reasonably be expected to be a party, unless and until the Company has obtained a written agreement, approved by Houlihan Lokey (which shall not be unreasonably withheld) and executed by each party to such proposed settlement, compromise or discharge, releasing Houlihan Lokey and each Indemnified Person from any and all liability. Houlihan Lokey agrees that it will not settle, compromise or discharge any such suit, claim, litigation, threatened litigation or threatened claim without the prior written consent of the Company, which will not be unreasonably withheld.

(f) The Company further agrees that neither Houlihan Lokey nor any other Indemnified Person shall have any liability, regardless of the legal theory advanced, to the Company or any other person or entity (including the Company's equity holders and creditors) related to or arising out of Houlihan Lokey's engagement, except for any liability for losses, claims, damages, liabilities, costs and expenses incurred by the Company which are judicially determined to have resulted from the gross negligence, fraud, lack or good faith, bad faith, willful misfeasance, or reckless disregard of the obligations or duties of Houlihan Lokey.

(g) The Company's obligations under this Exhibit shall be in addition to any liability that the Company or any other person may otherwise have to Houlihan Lokey or any Indemnified Person. The foregoing provisions shall be enforceable by each Indemnified Person and such person's heirs, representatives and successors, and shall survive any termination of this Agreement or the completion of services hereunder.

**Appendix 448**

# EXHIBIT C

**[Proposed Order]**

Doc#: NY5: 874219.3

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| | ) | |
| ARMSTRONG WORLD | ) | Case No. 00-4417 (JJF) |
| INDUSTRIES, INC., et al., | ) | |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

### ORDER PURSUANT TO SECTIONS 1103(a) AND 328(a) OF THE BANKRUPTCY CODE AUTHORIZING THE RETENTION AND EMPLOYMENT OF HOULIHAN, LOKEY, HOWARD & ZUKIN, INC. AS FINANCIAL ADVISOR AND INVESTMENT BANKER TO THE OFFICIAL COMMTTEE OF UNSECURED CREDITORS AND APPROVING PROPOSED TERMS OF EMPLOYMENT

Upon the application (the "Application") of the Official Committee of

Unsecured Creditors (the "Creditors Committee") of the above-captioned debtors and

debtors in possession (collectively, the "Debtors"), seeking entry of an order pursuant to

sections 1103(a) and 328(a) of the Bankruptcy Code, 11 U. S. C. §§ 101 et seq. (the

"Bankruptcy Code"), and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), authorizing the retention and employment of

Houlihan, Lokey, Howard, & Zukin, Inc. ("Houlihan Lokey") as financial advisor and

investment banker to the Creditors Committee and for the approval of the proposed terms

of such employment set forth in the letter agreement dated as of January 11, 2001

attached as Exhibit B to the Application (the "Letter Agreement"); and upon the Affidavit

of Donald V. Smith (the "Affidavit") in support of the Application; and due notice of the

Application having been given and it appearing that no other or further notice need be

Doc#: NY5: 874219.3

Appendix 450

given; and after due deliberation and sufficient cause appearing therefor, it is hereby

**FOUND THAT**

      A.      Houlihan Lokey does not have or represent any interest materially adverse to the interests of the Debtors or their estates, creditors or equity interest holders.

      B.      Houlihan Lokey is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

      C.      The retention and employment of Houlihan Lokey are necessary and in the best interests of the Debtors and their estates and creditors.

      D.      The terms of the Letter Agreement are reasonable terms of employment for purposes of section 328(a) of the Bankruptcy Code.

Therefore, it is hereby **ORDERED THAT**

      1.      The Application is **GRANTED** and **APPROVED**.

      2.      In accordance with sections 1103(a) and 328(a) of the Bankruptcy Code, and Rules 2014(a) and 2016 of the Bankruptcy Rules, the Creditors Committee is authorized to retain and employ Houlihan Lokey as its financial advisor and investment banker for the purpose of providing financial advisory, investment banking and other related services in connection with the Debtors' chapter 11 cases in accordance with the terms of the Letter Agreement, nunc pro tunc to January 4, 2001.

      3.      The fees to be paid to Houlihan Lokey pursuant to the terms of the Letter Agreement, and the indemnification provisions contained therein, are approved and shall be subject to the standard of review provided in section 328(a) of the Bankruptcy Code and not subject to any other standard of review under section 330 of the Bankruptcy Code.

4.      The indemnification provisions of the Letter Agreement are

approved, subject to the following:

(a)      notwithstanding any provision of the Letter Agreement to the
contrary, the Debtors shall have no obligation to indemnify Houlihan Lokey, or provide
contribution or reimbursement to Houlihan Lokey, for any claim or expense that is either
(a) judicially determined (the determination having become final) to have arisen solely
from Houlihan Lokey's bad faith or gross negligence, or (b) settled prior to a judicial
determination as to Houlihan Lokey's bad faith or gross negligence, but determined by
this Court, after notice and a hearing, to be a claim or expense for which Houlihan Lokey
should receive indemnity, contribution or reimbursement under the terms of the Letter
Agreement, as modified by this Order; and

(b)      if, before the earlier of (i) the entry of an order confirming a
chapter 11 plan in these cases (that order having become a final order no longer subject to
appeal), and (ii) the entry of an order closing these chapter 11 cases, Houlihan Lokey
believes that it is entitled to the payment of any amounts by the Debtors on account of the
Debtors' indemnification, contribution and/or reimbursement obligations under the Letter
Agreement (as modified by this Order), including without limitation the advancement of
defense costs, Houlihan Lokey must file an application therefor in this Court, and the
Debtors may not pay any such amounts to Houlihan Lokey before the entry of an order
by this Court approving the payment.  This subparagraph (b) is intended only to specify
the period of time under which the Court shall have jurisdiction over any request for fees
and expenses by Houlihan Lokey for indemnification, contribution or reimbursement and
not a provision limiting the duration of the Debtors' obligation to indemnify Houlihan
Lokey.

5.      Subject to the foregoing, awards of compensation and expenses

shall be sought pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy

Rules, and the rules and orders of this Court.

6.      This Court shall retain exclusive jurisdiction to construe and

enforce the terms of the Application, the Letter Agreement, and this Order.

Dated: Wilmington, Delaware
        _____, 2001


_____
UNITED STATES DISTRICT COURT JUDGE

# EXHIBIT D

**[Potential Parties In Interest]**

Doc#: NY5: 874219.3

**Exhibit D**

**Twenty Largest Creditors (includes members of the pre-petition bank group):**

The Chase Manhattan Bank
Bank One N.A. (f/k/a The First National Bank of Chicago)
Wells Fargo Bank Minnesota, N.A.
Mellon Bank, N.A.
Fleet National Bank
Oxy Vinyls, LP
Bankers Trust Company
W.W. Henry Company
Berry Floor NV
Exxonmobil Chemical Company
IFCO Systems
Dupont Company
Scana Energy Marketing, Inc.
Occidental Chemical Corp.

**Creditors Committee:**

Bank One, N.A.
Barclays Bank PLC
Deutsche Bank
Exxonmobil Chemical Company
OakTree Capital Management, LLC
Oxy Vinyls LP
Third Avenue Funds (MJ Whitman Management, LLC)
Wachovia Bank, N.A.
Wells Fargo Bank Minnesota, N.A.

**Lenders to Debtors**

Bank of America National Trust & Savings Association
J.P. Morgan Securities, Inc.
Morgan Guaranty Trust Company of New York
Citibank, N.A.
First Union National Bank
Hong Kong Singapore Banking Corp. f/k/a Marine Midland Bank, N.A.
Societe Generale Finance (Ireland) Limited
Banque Nationale de Paris
Unicredito Italiano S.p.A.
PNC Bank, N.A.
SunTrust Bank f/k/a Sun Bank, N.A.
Westdeutsche Landesbank
The Bank of New York

**Significant Stockholders of Debtors' Parent**

Morgan Stanley Dean Witter & Co.
T. Rowe Price Associates, Inc.
J&W Seligman & Co. Incorporated

**Senior Officers & Directors:**

George A. Lorch (Chairman; CEO)

Doc#: NY5: 902080.1

Appendix 454

Marc R. Olivie (President-Building Prods.)
Robert J. Shannon, Jr. (President-Floor Prods.)
Ulrich J. Weimer (President-Insulation Prods.)
Douglas L. Boles (E.V.P.)
Deborah K. Owen (S.V.P. & G.C.)
Frank A. Riddick, III (E.V.P. & C.O.O.)
William C. Rodruan (V.P. & Controller)
H. Jesse Arnelle (Director)
Van C. Campbell (Director)
Donald C. Clark (Director)
Judith R. Haberkorn (Director)
John A. Krol (Director)
David M. LeVan (Director)
James E. Marley (Director)
David W. Raisbeck (Director)
Jerre L. Stead (Director)

**Debtors' Counsel:**

Richards Layton & Finger, P.A.
Weil, Gotshal & Manges, LLP

**Debtors' Financial Advisor:**

Lazard Freres & Co. LLC

**Debtors' Reorganization Consultant and Accountants:**

KPMG

**Debtors' Insurance Providers:**

Zurich Insurance Company
AXA Colonia Verishcerung, A.G.
USAIG
American Home Insurance Company
National Union Fire Insurance Company
X.L. Insurance Company, Ltd.
A.C.E. Insurance Company, Ltd.
FM Global
ACE-CIGNA
Royal Insurance Co.
Reliance Insurance Co.
AIG Life Insurance Company

**Underwriting Investment Banker for Debtors**

Salomon Smith Barney, Inc.

**Indenture Trustee for Debtors**

State Street Bank and Trust Company

**Lessee**

Excel Productions

Doc#: NY5: 902080.1

Appendix 455

**Licensee / Licensor of Debtors**

Battelle Memorial Institute
Bayer AG
Dai Ichi Electronics Manufacturing Corporation
Dow Chemical Corp.
Copyright Clearance Center, Inc.
Ecolab, Inc.
E. Heller & Co.
Owens Corning Fiberglass Corp.
Pantasote, Inc.
S.C. Johnson & Son, Inc.
Science Applications International Corp. (SAIC)

**Secured Creditors of Debtors**

Caterpillar Financial Services Corp.
Toyota Motor Credit Corp.
Fuji Photo Film USA, Inc.
Nissan Motor Acceptance Equipment Finance
IBM Credit Corp.
American Equipment Co.

**Purchaser of Debentures Used to Fund ESOP**

The Franklin Life Insurance Company
IDS Life Insurance Company
Massachusetts Mutual Life Insurance Company
NCNB National Bank of North Carolina
Provident National Bank

**Affiliates of Present/Former Officers/Directors of Debtors Parent or Debtors**
Cargill Incorporated
Bechtel Corporation
Verizon f/k/a Bell Atlantic
Household International, Inc.
Mead Corporation
R.R. Donnelley & Sons Company
Thomas & Betts
Womble, Carlyle, Sandridge & Rice
Corning Incorporated f/k/a Corning Glass Works
Dow Corning Corp.
Union Pacific Resources
Textron, Inc.
Pfizer, Inc., successor in interest to Warner-Lambert Company
Quest Diagnostics Incorporated

**Professionals Retained by Debtors**

Clifford Chance Rogers & Wells  (counsel)
McDermott Will & Emery  (counsel)
Arthur Andersen  (accountants)

**Unsecured Creditors of Debtors**
BBDO
El Paso Merchant Energy Gas LP

Doc#: NY5: 902080.1

Appendix 456

Donaldson Lufkin & Jenrette Securities
MFS, Inc.
Southern California Edison Company
Vanguard Enterprises, Inc.
AT&T
American Express Company
Union Carbide Corporation
AEP Industries, Inc.
Air Products and Chemicals, Inc.
Hercules, Inc.
Cananwill Inc.
Berry Floor NV
Borden Chemicals and Plastics
Scana Energy Marketing Inc.
Ferro Corporation
Polyone Corporation
J-Mar Trucking Inc.
Weyerhaeuser Company
Ridge Pallets
UGI Utilities Inc.
Palex Logistics Services
Interface Solutions Inc.
May Trucking Company
Owens Corning Fiberglass Corp.
Rodolfo Comerio SAS
Keysor-Century Corporation
Sloss Industries Corporation
Ned Bard & Son Company
Solutia Inc.
J.M. Huber Corp-Hem
Miller Truck Lines Inc.
Georgia-Pacific Resins Inc.
Inacom
Silver & Baryte North America Inc.
J.M. Huber Corporation
Herr & Sacco Inc.
Thiele Kaolin Company
Vanguard Enterprises Inc.
L.E. Schwartz & Sons
Imerys
McClendon Trucking Company
Schaedler/Yesco Distribution Inc.
Jagtrux Inc.
Anderson Material Handling Co.
Kronos Inc.
UAI Group Inc.
PP & L
Mereen-Johnson Machine Co.
DeBoer Inc.
Olbrich Machinery Corporation
Specialty Minerals Inc.
BE & K Industrial Services
Bayer Corporation
Sartomer
Astro MachineWorks Inc.
Boyle Brothers Inc.

Doc#: NY5: 902080.1

Sitton Motor Lines Inc.
Ashland Distribution Company
Computer Aid Inc.
Cypress Truck Lines Inc.
MFS Inc.
Southern Erectors Inc.
Richmond Engineering
DLW Aktiengesellschaft
R & T Mechanical Inc.
Domco
Hertzler Electric Inc.
Pittsburgh Tubular Shafting
Gulf Electric Co. Inc. of Mobile
IDEA Integration
T.T.I., Inc.

Doc#: NY5: 902080.1

# EXHIBIT E

**[Parties With Relationships]**

Doc#: NY5: 874219.3

**Exhibit E**

Reliance Insurance Co.
KPMG
Lazard Freres & Co. LLC
Richards Layton & Finger, P.A.
Weil, Gotshal & Manges, LLP
Mellon Bank, N.A.
First Union National Bank
Oaktree Capital Management, LLC
AIG Life Insurance Company
SunTrust Bank f/k/a Sun Bank, N.A.
J.P. Morgan Securities, Inc.
Morgan Guaranty Trust Company of New York
Owens Corning Fiberglass Corp.
Science Applications International Corp. (SAIC)
McDermott Will & Emery  (counsel)
Southern California Edison Company
Wells Fargo Bank Minnesota, N.A.
State Street Bank and Trust Company
Fleet National Bank

Doc#: NY5: 902080.1