# TAB 20

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re; | Chapter 11 |
| ARMSTRONG WORLD INDUSTRIES, INC., et al. | Case No. 00-4471 (JJF) |
| Debtors. | Jointly Administered |
| | Objection due by: 3/2//01@ 4:00 p.m. |
| | Hearing date: Negative Notice |

### ORDER PURSUANT TO SECTIONS 1103(A) AND 328(A) OF THE BANKRUPTCY CODE AUTHORIZING THE RETENTION AND EMPLOYMENT OF HOULIHAN, LOKEY, HOWARD & ZUKIN, INC., AS FINANCIAL ADVISOR AND INVESTMENT BANKER TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND FOR APPROVAL OF PROPOSED TERMS OF EMPLOYMENT

Upon the application (the "Application") of the Official Committee of Unsecured Creditors (the "Creditors Committee") of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), seeking entry of an order pursuant to sections 1103(a) and 328(a) of the Bankruptcy Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the retention and employment of Houlihan, Lokey, Howard & Zukin, Inc. ("Houlihan Lokey"), as financial advisor and investment banker to the Creditors Committee and for the approval of the proposed terms of such employment set forth in the letter agreement dated January 11, 2001 attached as Exhibit B to the Application (the "Letter Agreement"); and upon the Affidavit of Donald V. Smith (the "Affidavit") in support of the Application; and due notice of the Application having been given and it appearing that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefor, it is hereby **FOUND THAT**

WILM1\4937\1 111206.000

Appendix 461

A.   Houlihan Lokey does not have or represent any interest materially adverse to the interests of the Debtors or their estates, creditors or equity interest holders.

B.   Houlihan Lokey is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

C.   The retention and employment of Houlihan Lokey are necessary and in the best interests of the Debtors and their estates and creditors.

D.   The terms of the Letter Agreement are reasonable terms of employment for purposes of section 328(a) of the Bankruptcy Code.

Therefore, it is hereby **ORDERED THAT**

1.   The Application is **GRANTED** and **APPROVED**.

2.   In accordance with sections 1103(a) and 328(a) of the Bankruptcy Code, and Rules 2014(a) and 2016 of the Bankruptcy Rules, the Creditors Committee is authorized to retain and employ Houlihan Lokey as its financial advisor and investment banker for the purpose of providing financial advisory, investment banking and other related services in connection with the Debtors' chapter 11 cases in accordance with the terms of the Letter Agreement, nunc pro tunc to January 4, 2001.

3.   The fees to be paid to Houlihan Lokey pursuant to the terms of the Letter Agreement, and the indemnification provisions contained therein, are approved and shall be subject to the standard of review provided in section 328(a) of the Bankruptcy Code and not subject to any other standard of review under section 330 of the Bankruptcy Code.

4. The indemnification provisions of the Letter Agreement are approved, subject to the following:

(a) notwithstanding any provision of the Letter Agreement to the contrary, the Debtors shall have no obligation to indemnify Houlihan Lokey, or provide contribution or reimbursement to Houlihan Lokey, for any claim or expense that is either (a) judicially determined (the determination having become final) to have arisen solely from Houlihan Lokey's bad faith or gross negligence, or (b) settled prior to a judicial determination as to Houlihan Lokey's bad faith or gross negligence, but determined by this Court, after notice and a hearing, to be a claim or expense for which Houlihan Lokey should not receive indemnity, contribution or reimbursement under the terms of the Letter Agreement, as modified by this Order; and

(b) if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, Houlihan Lokey believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Letter Agreement (as modified by this Order), including without limitation the advancement of defense costs, Houlihan Lokey must file an application therefor in this Court, and the Debtors may not pay any such amounts to Houlihan Lokey before the entry of an order by this Court approving the payment. This subparagraph (b) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Houlihan Lokey for indemnification, contribution or reimbursement and not a provision limiting the duration of the Debtors' obligation to indemnify Houlihan Lokey.

5. Subject to the foregoing, awards of compensation and expenses shall be sought pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and the rules and orders of this Court.

6. This Court shall retain exclusive jurisdiction to construe and enforce the terms of the Application, the Letter Agreement, and this Order.

Dated: Wilmington, Delaware
       March 30, 2001

_____
UNITED STATES DISTRICT COURT JUDGE