# TAB 22

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| ARMSTRONG WORLD INDUSTRIES, | ) |
| INC., *et al.*, | ) Case No. 00-4471 (RJN) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) Docket Ref. No. 2120 |
| | ) |
| | ) M.C. No. YCST 3 |
| | ) |

## ORDER PURSUANT TO SECTIONS 105(a), 327, 524(g) AND 1103 OF THE BANKRUPTCY CODE AUTHORIZING THE RETENTION AND EMPLOYMENT OF PETER J. SOLOMON COMPANY AS FINANCIAL ADVISOR AND INVESTMENT BANKER TO DEAN M. TRAFELET, LEGAL REPRESENTATIVE FOR FUTURE CLAIMANTS *NUNC PRO TUNC* TO FEBRUARY 20, 2002

WHEREAS, the Futures Representative[1] appropriately noticed and filed the original Application seeking entry of an order in the Debtors' chapter 11 cases pursuant to sections 105(a), 327, 524(g) and 1103 of the Bankruptcy Code, and Rules 2014 of the Bankruptcy Rules, authorizing the retention and employment of Peter J. Solomon Company ("PJSC") as financial advisor and investment banker to the Futures Representative and for the approval of the proposed terms of such employment, as more fully set forth in the Revised Letter Agreement attached as Exhibit B to the Supplement; and no objections to the Application were received by the Futures Representative or the Court;

WHEREAS, the Court conducted a hearing in connection with the Application on May 3, 2002 and raised certain concerns with respect to the amount of the compensation sought for PJSC in the Application and the Futures Representative's need for independent financial advisory and investment banking services;

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Supplement.

WP3:780212.3                                                                                              59140.1001

WHEREAS, counsel to the Futures Representative had conversations with the Debtors, the Committees, and the U.S. Trustee subsequent to the May 3 Hearing to discuss the Court's concerns and the compensation of PJSC;

WHEREAS, the parties agreed to adjust the amount of PJSC's compensation to attempt to alleviate the Court's concerns while maintaining an appropriate amount of compensation for PJSC commensurate with the level of work required of PJSC in these cases;

WHEREAS, upon the Supplement, the original Application and the Affidavit of Bradley I. Dietz (the "Dietz Affidavit") in support of the Application; and the Court being satisfied that except as otherwise set forth in the Dietz Affidavit, (i) PJSC does not have or represent any interest materially adverse to the interests of the Futures Representative, the Debtors or their estates, creditors or equity holders; (ii) PJSC is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code; and (iii) the retention and employment of PJSC are necessary and in the best interests of the Debtors and their estates, creditors, and equity holders; and due notice of the Application having been given and appearing that no other or further notice need be given; and after a hearing conducted before the Court, due deliberation and sufficient cause appearing therefor; it is hereby

ORDERED, that the Supplement and the terms of the Revised Letter Agreement are granted and approved in all respects, and it is further;

ORDERED THAT in accordance with sections 105(a), 327, 524(g) and 1103 of the Bankruptcy Code, and Rule 2014 of the Bankruptcy Rules, the Futures Representative is authorized to retain and employ PJSC as its financial advisor and investment banker, *nunc pro tunc* to February 20, 2002, for the purpose of providing financial advisory, investment banking and other related services in connection with the Debtors' chapter 11 cases in accordance with the terms of the Revised Letter Agreement; and it is further

ORDERED THAT PJSC shall receive a monthly fee (the "Monthly Fee") of one hundred and fifty-five thousand ($155,000) commencing February 20, 2002 for a period of two years, and a Monthly Fee of one hundred and forty-five thousand ($145,000) for the for the duration of the case as compensation for PJSC's services.[2]

ORDERED THAT the fees to be paid to PJSC pursuant to the terms of the Revised Letter Agreement are approved and shall be subject to the standard review provided in section 328(a) of the Bankruptcy Code and, except as provided in the Revised Letter Agreement, are not subject to any other standard of review under section 330 of the Bankruptcy Code; and it is further

ORDERED THAT the indemnification provisions of the Revised Letter Agreement are approved, subject to the following:

(a) Subject to the provisions of subparagraph (c), *infra*, the Debtors are authorized to indemnify, and shall indemnify PJSC in accordance with the Revised Letter Agreement, for any claim arising from, related to, or in connection with the services provided for in the Revised Letter Agreement, but not for any claim arising from, related to, or in connection with PJSC's postpetition performance of any other services unless such postpetition services and indemnification therefor are approved by this Court;

(b) Notwithstanding any provisions of the Revised Letter Agreement to the contrary, the Debtors shall have no obligation to indemnify PJSC, or provide contribution or reimbursement to PJSC, for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen solely from PJSC's gross negligence, bad faith or willful misconduct, or (ii) settled prior to a judicial determination as to PJSC's gross negligence or willful misconduct, but determined by this Court, after notice and a hearing, to be a claim or expense for which PJSC should not receive indemnity, contribution or reimbursement under the terms of the Revised Letter Agreement and this Order;

(c) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become

---

[2] The fees described herein shall be subject to the extension of the term of the Revised Letter Agreement after the First Period and the limitations more fully set forth in Section 2 of the Revised Letter Agreement.

a final order no longer subject to appeal) and (ii) the entry of an order closing these chapter 11 cases, PJSC believes it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Revised Letter Agreement (as modified by this Order), including without limitation the advancement of defense costs, PJSC must file an application therefor in this Court, and the Debtors may not pay any such amounts to PJSC before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by PJSC for indemnification, contribution or reimbursement and not a provision limiting the duration of the Debtors' obligation to indemnify PJSC; and

(d) Notwithstanding subparagraphs (a) through (c) infra, the United States Trustee, and only the United States Trustee, shall have the right to object to the indemnification provisions approved herein if, during the Debtors' cases, the United States Court of Appeals for the Third Circuit issues a ruling with respect to the appeal from the decision of the United States District Court for the District of Delaware with respect to indemnification rights in United Artists Theatre Company, et al., Case. No. 00-3514 (SLR); provided that the United States Trustee shall be required to file any such objection within 60 days after the date the United States Court of Appeals for the Third Circuit issues such ruling; and it is further

ORDERED THAT the compensation and reimbursement payments due under the Revised Letter Agreement shall be entitled to priority as expenses of administration under sections 503(b)(1)(A) and 507(a)(1) of the Bankruptcy Code and shall be entitled to the benefits of any "carve outs" for professionals' fees and expenses in effect in these Chapter 11 cases pursuant to one or more financing orders now or hereinafter in effect; and it is further

ORDERED THAT neither the Futures Representative nor any of his advisors or counsel shall be liable for the fees payable to PJSC under the Revised Letter Agreement; and it is further

ORDERED THAT PJSC shall be compensated in such amounts as may be allowed by this Court upon the filing of appropriate applications for allowance of interim or final compensation in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules and the *Administrative Order, Pursuant to Sections 105(a) and 331 of the Bankruptcy Code, Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* entered by this Court on January 5, 2001 and the *Order Appointing a Fee Auditor and Establishing Related Procedures Concerning the Allowance and Payment of Compensation and Reimbursement of Expenses of Professionals, Members of Official Committees, and Legal Representative for Future Claimants and Consideration of Fee Applications* entered by the Court on March 20, 2002; and it is further

ORDERED THAT this Court shall retain exclusive jurisdiction to construe and enforce the terms of the Supplement, the Revised Letter Agreement, and this Order.

Dated: Wilmington, Delaware
\_\_6 / 26\_\_, 2002

_____
UNITED STATES BANKRUPTCY JUDGE

WP3:780212.3                                                                59140.1001

Appendix 502