IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Docket No.: 6244 |
| | ) | |
| | ) | Objection Deadline: September 14, 2004 |
| | ) | (by agreement) |

Hearing Date: September 27, 2004 @12:00pm.

### LIMITED OBJECTION OF THE OFFICIAL COMMITTEE OF ASBESTOS PROPERTY DAMAGE CLAIMANTS TO THE DEBTORS' MOTION TO APPROVE PRIVILEGED AND CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE WITH THE KWELMBS COMPANIES

The Official Committee of Asbestos Property Damage Claimants (the "PD Committee"), by and through undersigned counsel, hereby files this Limited Objection (the "Limited Objection") to the Debtors' Motion to Approve Privileged and Confidential Settlement Agreement and Release with the KWELMBS Companies (the "Settlement Motion") in the bankruptcy cases of the above-captioned debtors (the "Debtors"). In support hereof, the PD Committee respectfully states as follows:

### Limited Objection

1.  On April 2, 2001, each Debtor filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to operate their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

\74817\15537\ # 683925 v 1

2.     On April 12, 2001, the UST appointed the PD Committee, the Official Committee of Unsecured Creditors and the Official Committee of Asbestos Personal Injury Claimants. Thereafter, the UST appointed the Official Committee of Equity Holders.

3.     Pursuant to the Settlement Motion, the Debtors seek court approval of the KWELMBS Settlement Agreement.[1]  As described in the Settlement Motion, courts have concluded that the KWELMBS Companies are insolvent.

4.     The Debtors have indicated that $24,097,509 of coverage remains under the KWELMBS policies and that the Debtors' claims under the policies exceed such coverage. Counsel for the PD Committee contacted the Debtors to inquire if the claims the Debtors had actually paid exceeded the policies or if the Debtors were also relying on claims made to demonstrate its claims would exceed the limits of the policies. Debtors' counsel confirmed that "estimated future claims" were included in the calculation to show that the claims were in excess of the limits.

5.     Under the terms of the KWELMBS Settlement Agreement, the Debtors' claim will be allowed in the KWELMBS insolvency proceedings in the aggregate amount of $21,723,767.  Within 90 days of the approval of the KWELMBS Settlement Agreement, the Debtors will receive approximately $11 million in cash. There is also a potential that the Debtors could receive "additional payments in the future if the payment percentages payable under the Schemes of Arrangements are increased." Settlement Motion at ¶ 15.

---

[1] Capitalized terms used, but not defined herein, shall have the meanings set forth in the Settlement Motion.
\74817\15537\ # 683925 v 1

6. Significantly, the KWELMBS Settlement Agreement will settle all Asbestos-Related Claims that have not previously been made under the Original KWELMB Settlement Agreement. By virtue of the KWELMBS Settlement Agreement, "all rights, obligations and liabilities" of the parties under the Agreement will be released and terminated upon its execution. Settlement Motion at ¶ 12. The release will also include Non-Asbestos Product Liability Claims.

7. The PD Committee understands that the Debtors intend to place the funds received from the KWELMBS Settlement Agreement into a general account of the Debtors.

8. The PD Committee has no objection to the Court approving the KWELMBS Settlement Agreement; however, the PD Committee believes that any funds received in connection with the KWELMBS Settlement Agreement, including the $11 million in cash and any future funds paid as a result of an increase in the payment percentage under the Schemes of Arrangements, should be held in a segregated account for the benefit of the asbestos claimants in connection with a plan of reorganization.

**WHEREFORE**, the PD Committee respectfully requests that the Court enter an order requiring the Debtors to deposit any funds received from the KWELMBS Settlement Agreement in a segregated account and grant such other relief that the Court deems appropriate.

BILZIN SUMBERG BAENA
PRICE & AXELROD LLP
200 South Biscayne Boulevard
Suite 2500
Miami, Florida 33131-2336
Telephone: (305) 374-7580

Scott L. Baena (Admitted Pro Hac Vice)
Jay M. Sakalo (Admitted Pro Hac Vice)

\74817\15537\ # 683925 v 1

-and-

FERRY JOSEPH & PEARCE, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, Delaware 19899
Telephone: (302) 575-1555

By:/s/ Theodore J. Tacconelli
    Theodore J. Tacconelli
    (Del. Bar No. 2678)

CO-COUNSEL FOR THE OFFICIAL
COMMITTEE OF ASBESTOS PROPERTY
DAMAGE CLAIMANTS

Wilmington, Delaware
Dated: September 14, 2004

\74817\15537\ # 683925 v 1