# Exhibit B

**BLACKLINE**

**BLACKLINE**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

## ORDER PURSUANT TO 11 U.S.C. §§ 327(a) AND 328(a) AND FED. R. BANKR. P. 2014(a), 2016 AND 5002 AUTHORIZING THE EMPLOYMENT AND RETENTION OF DELOITTE CONSULTING LLP AS COMPENSATION ADVISORS TO THE DEBTORS NUNC PRO TUNC TO JULY 1, 2004

Upon consideration of the application (the "Application")[2] of the above captioned debtors and debtors in possession (collectively, the "Debtors") for Entry of an Order Pursuant to U.S.C. §§ 327(a) and 328(a) and Fed. R. Bankr. P. 2014(a), 2016 and 5002 Authorizing the Employment and Retention of Deloitte Consulting LLP ("Deloitte Consulting") as Compensation Advisors to the Debtors Nunc Pro Tunc to July 1, 2004, and upon the affidavit of Steven Kraus (the "Kraus Affidavit") filed in support of the Application; and the Court being satisfied, based

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms not otherwise described herein will have the meanings ascribed to them in the Application.

on the representations made in the Application and Kraus Affidavit, that Deloitte Consulting represents no interest adverse to the Debtors' estates with respect to the matters upon which they are to be engaged, that Deloitte Consulting is a "disinterested person" as that term is defined under section 104(14) of title 11 of the United States Code (as amended, the "Bankruptcy Code"), as modified by section 1107(b) of the Bankruptcy Code, and that the provision of the Compensation Services, as requested pursuant to the Application, is necessary and would be in the best interests of the Debtors, their creditors and the Debtors' estates; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. §157(b); and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the Application is granted; and it is further

ORDERED that the Debtors are authorized to employ and retain Deloitte Consulting to provide certain portions of the Compensation Services on the terms set forth in the Application, the Kraus Affidavit and the Compensation Services Engagement Letter *nunc pro tunc* to July 1, 2004; and it is further

ORDERED that the indemnification provisions of the Compensation Services Engagement Letter are approved subject to the following:

(a)    subject to the provisions of subparagraph (c) infra, the Debtors are authorized to indemnify, and shall indemnify Deloitte Consulting, in accordance with the Compensation Services Engagement Letter for any claim arising from, related to, or in connection with the Compensation Services, but not for any claim arising from, related to, or in connection with Deloitte Consulting's postpetition performance of any services, other than the Compensation Services, unless such other postpetition services and indemnification thereof are approved by the Court;

(b)    notwithstanding any provisions of the Compensation Services Engagement Letter to the contrary, the Debtors shall have no obligation to indemnify Deloitte Consulting, or provide contribution or reimbursement to Deloitte Consulting, for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen solely from

2

Deloitte Consulting's gross negligence or willful misconduct, or (ii) settled prior to a judicial determination as to Deloitte Consulting's gross negligence or willful misconduct, but determined by the Court, after notice and a hearing, to be claim or expense for which Deloitte Consulting should not receive indemnity, contribution or reimbursement under terms of the Compensation Services Engagement Letter as modified; and

(c) if, before the earlier of (i) the entry of an order confirming a plan under chapter 11 of the Bankruptcy Code (that Order having become a final order no longer subject to appeal), or (ii) the entry of an order closing this chapter 11 case, Deloitte Consulting believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtor's indemnification, contribution and/or reimbursement obligations under the Compensation Services Engagement Letter (as modified by this Order), including without limitation the advancement of defense costs, Deloitte Consulting must file an application thereof in this Court, and the Debtors may not pay any such amounts to Deloitte Consulting before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Deloitte Consulting for indemnification, contribution or reimbursement and is not a provision limiting the duration of the Debtors' obligation to indemnify Deloitte Consulting; and it is further

ORDERED that paragraph 6(a) of the General Business Terms attached to the Compensation Services Engagement Letter (applicable to the provision of the Compensation Services), which services are not subject to the Debtors' indemnification obligations set forth above, shall be null and void to the extent the claims, liabilities or expenses referred to in such paragraph arise during the pendency of these chapter 11 cases; and it is further

ORDERED that paragraph 9 of the General Business Terms attached to the Compensation Services Engagement Letter (applicable to the provision of the Compensation Services), shall be null and void to extent the actions referred to in such paragraph arise during the pendency of these chapter 11 cases; and it is further

ORDERED that Deloitte Consulting will provide such Compensation Services as the Debtors shall deem appropriate and feasible in order to assist the Debtors in the course of these

chapter 11 cases as set forth in the Application, the Kraus Affidavit and the Compensation Services Engagement Letter; and it is further

ORDERED that Deloitte Consulting's right to assign or subcontract its rights and obligations to any affiliate or related entity as set forth in paragraph (13) of General Business Terms attached to the Compensation Services Engagement Letter is subject to the Court's approval of the retention of such affiliate or related entity by the Debtors in these chapter 11 cases;

ORDERED that Deloitte Consulting may render Compensation Services deemed appropriate and necessary by the Debtors and Deloitte Consulting to benefit the Debtors' estates; and it is further

ORDERED that Deloitte Consulting shall be compensated for its provision of the Compensation Services and reimbursed for expenses incurred consistent with the terms of the Application, the Krause Affidavit and the Compensation Services Engagement Letter, and in accordance with the procedures set forth in the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules and orders of the Court, including without limitation, (a) the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, dated May 3, 2001, effective as of April 2, 2001 and (b) the Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, dated April 17, 2002 (together, the "Administrative Order"); and it is further

4

5

ORDERED that, notwithstanding anything to the contrary herein or in the Application, the Kraus Affidavit, the Compensation Services Engagement Letter, or the Administrative Order, Deloitte Consulting's fees shall be subject to the approval of the Court under a reasonableness standard upon proper application by Deloitte Consulting in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any applicable orders of the Court, including, without limitation, the Administrative Order; and it is further

ORDERED that the Court retains jurisdiction with respect to all matters arising from or relating to the implementation of this Order.

Dated:_____, 2004

------

The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge