# EXHIBIT A

DUPLICATE
ORIGINAL

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JJF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

ORDER PURSUANT TO 11 U.S.C. §§ 327(a) AND 328(a)
AND FED. R. BANKR. P. 2014(a) AND 2016 AUTHORIZING THE EMPLOYMENT
AND RETENTION OF THE BLACKSTONE GROUP L.P.
AS FINANCIAL ADVISOR TO THE DEBTORS AND DEBTORS IN POSSESSION

Upon consideration of the application (the "Application")[2] of the above-captioned

debtors and debtors in possession (collectively, the "Debtors") for entry of an order pursuant to

sections 327(a) and 328 (a) of the Bankruptcy Code and Fed. R. Bankr. P. 2014(a) and 2016

authorizing the Debtors to employ and retain The Blackstone Group L.P. ("Blackstone") as their

financial advisor; and upon consideration of the affidavit of Pamela D. Zilly (the "Affidavit"); and

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Guich West Coal Company, H-G Coal Company.

[2] Capitalized terms not defined herein shall have the same meaning as in the Application.

#558

NIBS

the Court being satisfied, based on the representations made in the Application and Affidavit, that

Blackstone represents no interest adverse to the Debtors' estates with respect to the matters upon

which they are to be engaged, that Blackstone is a "disinterested person" as that term is defined

under section 101(14) of title 11 of the United States Code (as amended, "Bankruptcy Code"), as

modified by section 1107(b) of the Bankruptcy Code; and that the employment of Blackstone is

necessary and would be in the best interests of the Debtors, their creditors and their estates; and

sufficient notice of the Application having been given under the circumstances; and after due

deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Application is granted as modified herein; and it is further

ORDERED that the Debtors shall pay Blackstone in consideration of the Financial

Advisory Services provided by Blackstone:

        a.     a Monthly Advisory Fee in the amount of $175,000 in cash in accordance with the procedures set forth herein; and

        b.     a Restructuring Fee in the amount of $5,000,000 in cash, but only upon (i) the consummation of a Successful Restructuring and (ii) an order of this Court approving such Restructuring Fee; and it is further

ORDERED that the Debtors reserve the right, as set forth in the Blackstone

Agreement, to request Blackstone to make adjustments to its Monthly Fee (as defined in the

Blackstone Agreement) in the event that Blackstone's activity in connection with its retention

2

decreases significantly during any period commencing six months from the Effective Date (as

defined in the Blackstone Agreement); and it is further

ORDERED that Blackstone will provide such financial advisory services as

Blackstone and the Debtors shall deem appropriate and feasible in order to advise the Debtors in the

course of the Chapter 11 Cases, including, but not limited to, the following:

a.  assisting in the evaluation of the Debtors' businesses and prospects;

b.  assisting in the development of the Debtors' long-term business plan;

c.  analyzing the Debtors' financial liquidity and financing requirements;

d.  assisting in the estimation of asbestos claims including the preparation of an estimation model for payments and costs and the analyses of payment and funding scenarios;

e.  evaluating the Debtors' debt capacity and alternative capital structures;

f.  developing valuation, debt capacity and recovery analyses in connection with developing and negotiating a potential Restructuring (as defined in the Blackstone Agreement);

g.  analyzing various restructuring scenarios and the potential impact of these scenarios on the value of the Debtors and the recoveries of those stakeholders impacted by the restructuring;

h.  developing a negotiation strategy and assisting in negotiations with the Debtors' creditors and other interested parties with respect to plan of reorganization issues;

i.  valuing securities offered by the Debtors in connection with a Restructuring;

3

j.       making presentations to the Debtors' board of directors, creditor groups and other parties in interest, as appropriate;

k.       providing expert testimony, as requested; and

l.       providing such other advisory services as are customarily provided in connection with the analysis and negotiation of a Restructuring, as requested and mutually agreed upon by the Debtors and Blackstone; and it is further

ORDERED that Blackstone shall file interim and final fee applications and shall be compensated and reimbursed for expenses in accordance with the terms of the Blackstone Agreement as set forth in the Application, subject to the procedures set forth in the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and any orders of this Court, including, without limitation, the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, dated May 3, 2001, effective as of April 2, 2001 (the "Administrative Order"); provided, however, that Blackstone shall keep time records in half-hour increments. The Debtors are authorized to pay Blackstone's monthly fees and to reimburse Blackstone for its costs and expenses as provided in the Blackstone Agreement upon Blackstone's compliance with the Administrative Order; and it is further

ORDERED that, notwithstanding anything to the contrary herein or in the Application, the Blackstone Agreement or the Administrative Order, the Restructuring Fee shall be

4

subject to the approval of the Court under a reasonableness standard upon proper application by

Blackstone in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy

Rules, the Local Rules and any applicable orders of this Court, including, without limitation, the

Administrative Order; and it is further

ORDERED the indemnification provisions of the Blackstone Agreement are

approved, subject to the following:

a. subject to the provisions of subparagraph (d), infra, the Debtors are authorized to indemnify, and shall indemnify Blackstone, in accordance with the Blackstone Agreement, for any claim arising from, related to or in connection with Blackstone's prepetition performance of the services described in the Blackstone Agreement;

b. subject to the provisions of subparagraph (d), infra, the Debtors are authorized to indemnify, and shall indemnify, Blackstone in accordance with the Blackstone Agreement, for any claim arising from, related to or in connection with the Financial Advising Services but not for any claim arising from related to or in connection with Blackstone's postpetition performance of any services other than the Financial Advisory Services unless such postpetition services and indemnification therefore are approved by the Court;.

c. notwithstanding any provision of the Blackstone Agreement to the contrary, the Debtors shall have no obligation to indemnify Blackstone, or to provide contribution or reimbursement to Blackstone, for any claim or expense to the extent any losses, claims, damages or liabilities (or expenses relating thereto) are judicially determined by a court of competent jurisdiction (the determination having become final) to have primarily resulted from the bad faith, gross negligence or willful misconduct of Blackstone; and

d.    if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in the Chapter 11 Cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing the Chapter 11 Cases, Blackstone believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Blackstone Agreement, including without limitation, the advancement of defense costs, Blackstone must file an application therefor in this Court, and the Debtors may not pay any such amounts to Blackstone before the entry of an order by this Court approving payment. This subparagraph (d) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Blackstone for indemnification, contribution or reimbursement and not to limit the duration of the Debtors' obligation to indemnify Blackstone; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from

or related to the implementation of this Order.

Dated: June 22, 2001

_____
Joseph J. Farnan, Jr.
United States District Judge

6