IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

**Objection Deadline: October 8, 2004**
**Hearing Date: October 25, 2004 at Noon**

**MOTION OF THE DEBTORS FOR AN ORDER EXTENDING TIME TO ASSUME, ASSUME AND ASSIGN, OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby move the Court for entry of an order, pursuant to section 365(d)(4) of title 11 of the United States Code (as amended, the "Bankruptcy Code"), extending the time for the Debtors to assume, assume and assign, or reject any lease, sublease or other agreement that may be

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

considered "an unexpired lease of nonresidential real property" (the "Unexpired Leases") under section 365(d)(4) of the Bankruptcy Code through and including the effective date of the Debtor's eventual, confirmed plan of reorganization (the "Motion"). Given the impending deadline by which the Debtors must file a plan of reorganization (October 14, 2004), and the fact that the plan will necessarily assume or reject each of the Unexpired Leases, it would be most-efficient for the Debtors to resolve such leases in the context of their plan, rather than through separate, piecemeal motion(s). In support of this Motion, the Debtors respectfully represent as follows:

**Background**

1. On March 22, 2004, the Debtors filed their most-recent motion to extend the deadline by which they must assume, assume or assign, or reject Unexpired Leases (the "Extension Motion"). In an order dated June 8, 2004, the Court extended the Debtors' time to assume, assume and assign, or reject Unexpired Leases through and including September 30, 2004, subject to and without prejudice to: (a) the rights of the Debtors to request a further extension of the time to assume, assume and assign, or reject the Unexpired Leases and (b) the rights of any lessor to request that the extension be shortened as to a particular Unexpired Lease (the "Extension Order").

2. The Debtors are currently parties to several hundred Unexpired Leases that fall into two major categories. The first category of Unexpired Leases consists of real property leases for offices and plants throughout the United States and Puerto Rico. The second category of Unexpired Leases consists of several hundred leases where the Debtors are lessees under leases of commercial real estate, often retail stores, restaurants and other, similar facilities, most of which have been sub-leased to other tenants.

3. This Court directed the Debtors to file a plan of reorganization (the "Plan") on, or before, October 14, 2004. The Debtors are currently working with various constituent groups in these bankruptcy cases to develop a confirmable reorganization plan before this deadline. The Debtors anticipate the Plan will (i) call for the assumption of a majority of the Debtors' unexpired leases and (ii) detail those few unexpired leases that will be rejected on the effective date of the Plan.

**Relief Requested**

4. By this Motion, the Debtors are seeking an order further extending the Debtors' time to assume, assume and assign, or reject Unexpired Leases from September 30, 2004, until the effective date of the Debtors' confirmed Plan. This extension would be subject to and without prejudice to: (a) the rights of any lessor to request that the extension be shortened as to a particular Unexpired Lease, and (b) the rights of the Debtors to request a further extension of the time to assume, assume and assign, or reject the Unexpired Leases, in the event that their Plan is not confirmed or does not go effective.

**Basis for Relief**

5. This Motion is filed pursuant to section 365(d)(4) of the Bankruptcy Code, which permits bankruptcy courts to grant, for cause, extensions of the period to assume or assign non-residential leases enumerated therein (the "Rejection Period"). See In re Channel Home Centers, Inc., 989 F.2d 682 (3d Cir. 1993), cert. denied, 114 S. Ct. 184 (1993). Congress enacted section 365(d)(4) in order "to protect lessors ... from delay and uncertainty by forcing a trustee or a debtor in possession to decide quickly whether to assume unexpired leases." In re American Healthcare Management, Inc., 900 F.2d 827, 830 (5th Cir. 1990). Congress recognized, however, in enacting section 365(d)(4) of the Bankruptcy Code, that the prescribed time period "will not be enough time for bankrupt lessees to decide whether to assume, assume and assign, or

reject leases. In those circumstances, upon adequate demonstration of cause, bankruptcy courts may grant lessees extensions of time in which to assume or reject." Id.

6. The legislative history of section 365(d)(4) of the Bankruptcy Code indicates that a debtor confronted with the task of analyzing a significant number of leases has sufficient cause to extend the Rejection Period:

> This time period [can] be extended by the court for cause, such as in exceptional cases involving large numbers of leases.

130 Cong. Rec. S8894-95, reprinted at 1984 U.S. Code Cong. & Admin. News 576, 598-601 (remarks of Sen. Hatch concerning the bill). In construing the legislative history, the bankruptcy court in In re Unit Portions of Delaware, Inc., 53 B.R. 83 (Bankr. E.D.N.Y. 1985) concluded:

> Congress recognized that there may be times when it is not possible for the trustee to make a careful and informed assessment of the benefits and burdens of the lease within this 60 day period. Accordingly, it empowered the court to grant a trustee who demonstrates cause for an extension of additional time to make this assessment.

Id. at 85.

7. Numerous courts have discussed what constitutes sufficient cause to extend the Rejection Period. In In re Wedtech Corp., 72 B.R. 464 (Bankr. S.D.N.Y. 1987), the court applied the following factors, among others, to determine whether "cause" existed to extend the Rejection Period:

a. where the leases are an important asset of the estate such that the decision to assume or reject would be central to any plan of reorganization;

b. where the case is complex and involves large numbers of leases; or

c. where the debtor has had insufficient time to intelligently appraise each lease's value to a plan of reorganization.

Id. at 471-72.

The Court of Appeals for the Third Circuit (the "Third Circuit") has endorsed the Wedtech decision:

> [N]othing prevents a bankruptcy court from granting an extension because a particular debtor needs additional time to determine whether the assumption or rejection of particular leases is called for by the plan of reorganization that it is attempting to develop. Thus we agree with...In re Wedtech Corp., 72 Bankr. 464, 471-72 (Bankr. S.D.N.Y. 1987) that it is permissible for a bankruptcy court to consider a particular debtor's need for more time in order to analyze leases in light of the plan that it is formulating.

In re Channel Home Centers, Inc., 989 F.2d at 689.

8.  Indeed, the deadline for assumption or rejection of leases is often extended through (or after) the effective date of a chapter 11 debtor's plan of reorganization. See, e.g., In re Gunter Hotel Associates, 96 B.R. 696 (Bankr. W.D. Tex. 1988) (extending deadline to 60 days after the effective date of the debtor's plan of reorganization); In re PWS Holding Corp., 1999 WL 33510165 (Bankr.D.Del. Dec. 30, 1999).

**Argument**

9.  The Debtors' present situation meets the requirements in Wedtech for an extension of the 365(d)(4) period to assume or reject the Unexpired Leases. First, the Debtors have made substantial progress in these bankruptcy cases since the Extension Motion was filed. There have been a number of lingering developments, however, that have demanded the Debtors attention and otherwise impeded the Debtors progress towards establishing a framework to addresses asbestos-related personal injury claims against the Debtors. Further, given that (i) the Debtors will be filing a reorganization plan by October 14, 2004 and (ii) the reorganization plan will deal with each of the Unexpired Leases, it would be inefficient and duplicative for the Debtors to otherwise deal with the Unexpired Leases at this time.

10. Until recently, the Debtors' progress had been severely delayed by the proceedings to disqualify Judge Wolin from these chapter 11 cases. All matters pending before Judge Wolin were, in fact, stayed throughout the course of this lengthy process. On June 8, 2004, Judge Buckwalter directed certain constituencies in these bankruptcy cases to file status reports. Pursuant to that order, the Debtors and several other parties filed status reports on June 21, 2004. The status reports essentially (i) summarize the events that have transpired in these chapter 11 cases and (ii) present suggestions for defining and resolving asbestos personal-injury claims. Judge Buckwalter is currently familiarizing himself with the issues in these bankruptcy cases and the personal injury claims. As a result, Judge Buckwalter has yet to establish a "roadmap" for resolving the matters before him.

11. Further, the "Science Trial," regarding factual questions about the scientific risks of Zonolite Attic Insulation ("ZAI"), remains to be completed. The "Science Trial" was scheduled to commence on February 9, 2004, but was continued so the parties would have further opportunity to reach a settlement. The parties continue settlement negotiations in an effort to resolve the issues; however, at present, the ZAI issues remain unresolved. Discovery has been completed with respect to the issue of "what science demonstrates with regard to whether ZAI creates an unreasonable risk of harm," and summary judgment is fully-briefed. The Court has set a hearing date of October 19, 2004.

12. Additionally, by an order dated April 25, 2002, this Court also set a claims bar date of March 31, 2003 (the "Bar Date"), for all claims relating to asbestos property damage, non-asbestos claims (including all governmental claims) and medical monitoring claims. Over 15,000 claims were filed by the Bar Date. With the Bar Date having passed, the Debtors and their professionals are in the process of reviewing the filed claims and preparing claims

objections. In this regard, the Debtors recently sought the Court's approval to implement an alternative disputed resolution program to resolve certain disputed claims that are not resolved during the standard claims objection process.[2] The Debtors anticipate using this alternative dispute resolution program concurrently with the series of omnibus claims objections to resolve claims that were filed pursuant to the Bar Date. An asbestos-related personal injury claims bar date, however, has yet to be set, and other related issues raised by the Debtors' case management motions also remain unresolved. The Debtors and other constituents have briefed the district court on how best to resolve the asbestos-related personal injury claims and the procedures for doing so.

13. Also, on May 24, 2004, the Court entered an order appointing David T. Austern as the legal representative for future asbestos claimants in these chapter 11 cases. The Official Committee of Asbestos Property Damage Claimants (the "PD Committee"), Federal Insurance Company, and Royal Indemnity Company each appealed this order. The PD Committee subsequently withdrew its appeal; the District Court for the District of Delaware has yet to consider Federal Insurance Company and Royal Indemnity Company's joint- appeal.

14. This Court has directed the Debtors to file a reorganization plan by October 14, 2004. The Debtors are vigorously developing a reorganization plan and disclosure statement, and, in this regard, they are actively soliciting the input of each of the official committees that have been appointed in these bankruptcy cases. The Debtors are currently evaluating each of the Unexpired Leases in connection with the treatment of such leases in the Debtors' reorganization

[2] The Court heard this motion during the Debtors' August 23, 2004 omnibus hearing and directed the Debtors to file revised ADR Procedures and a revised order. The Debtors filed these documents with the Court on or about September 9, 2004.

plan, and the Debtors' proposed reorganization plan will address all of the Unexpired Leases. Therefore, it would be inefficient for the Debtors to separately also pursue motions to assume, assume and assign, or reject the Unexpired Leases.

15. Finally, the size, nature and complexity of these chapter 11 cases and the Debtors' businesses, the complex legal and economic issues relating to these chapter 11 cases and the development of a plan of reorganization and the potential value of the Unexpired Leases to the ongoing operations of the Debtors all necessitate further extending the Rejection Period. As a result, sufficient cause exists to extend the Rejection Period through the effective date of the Debtors' plan.

16. The Debtors believe that they are current in all of their postpetition rent payments and other contractual obligations with respect to the Unexpired Leases. The Debtors intend to continue to timely pay all rent obligations on leases until they are either rejected or assumed and will continue to timely perform their contractual obligations with respect to the assumed leases. As a result thereof, the continued occupation of the relevant real property by the Debtors (whether directly or by sublessees) will not prejudice the lessors of such real property or cause such lessors to incur damages that cannot be recompensed under the Bankruptcy Code. Furthermore, these lessors will not be prejudiced because they retain the right under section 365(d)(7) of the Bankruptcy Code to request that the period to assume or reject be shortened with respect to particular leases.

17. For the reasons set forth herein, the Debtors respectfully submit that the time period under section 365(d)(4) of the Bankruptcy Code should be extended for the Debtors to assume, assume and assign, or reject all Unexpired Leases through the effective date of the Debtors' confirmed Plan.

## Notice

18.     Notice of this Motion has been given to: (i) the United States Trustee; (ii) counsel to the debtor in possession lenders; (iii) counsel to the official committees appointed in these chapter 11 cases; (iv) the non-Debtor parties to the Unexpired Leases; and (v) all those parties that requested service and notice of papers in accordance with Fed R. Bankr. P. 2002. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

WHEREFORE, the Debtors respectfully request that the Court enter an order (i) extending the Rejection Period through and including the effective date of the Debtors' confirmed Plan, subject to and without prejudice to (a) the rights of any lessor to request that the extension be shortened as to a particular Unexpired Lease, and (b) the rights of the Debtors to request a further extension of the Rejection Period, in the event the Plan is not confirmed or does not go effective.

Respectfully submitted,

Dated: September 20, 2004

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
James W. Kapp III
Janet S. Baer
Samuel L. Blatnick
200 East Randolph Drive
Chicago, Illinois 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

and

PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.

Laura Davis Jones (Bar No. 2436)
David W. Carickhoff, Jr. (Bar No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for the Debtors and Debtors in Possession