# Exhibit A

DRAFT April 9, 2004
Closing Agreement On Final Determination

Covering Specific Matters

Under section 7121 of the Internal Revenue Code, each of

> Fresenius Medical Care Holdings, Inc. (f/k/a as W.R. Grace & Co., and after that f/k/a Fresenius National Medical Care Holdings, Inc.), a New York corporation ("Fresenius"), and affiliated corporations (the "Fresenius Affiliated Group") (EIN 13-3461988),

> Sealed Air Corporation (f/k/a W.R. Grace & Co. and before that f/k/a Grace Holding, Inc.), a Delaware corporation ("Sealed Air"), and affiliated corporations (the "Sealed Air Affiliated Group") (EIN 65-0654331),

> W.R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), a Delaware Corporation ("New Grace"), and affiliated corporations (the "New Grace Affiliated Group") (EIN 65-0773649) and, together with the Fresenius Affiliated Group and the Sealed Air Affiliated Group, (the "Affiliated Groups"),

> W.R. Grace & Co.—Conn., a Connecticut corporation ("Grace-Conn.") (EIN 13-5114230), and

> The Commissioner of Internal Revenue (the "Commissioner")

make the following Closing Agreement:

WHEREAS on September 28, 1996, Sealed Air and certain directly and indirectly wholly-owned subsidiaries, including Grace-Conn., were spun out of the Fresenius Affiliated Group and, immediately following the spin-off, Sealed Air and Grace-Conn. became members of the Sealed Air Affiliated Group and, on March 31, 1998, Grace-Conn. and its new parent, New Grace, were spun out of the Sealed Air Affiliated Group and, immediately following the spin-off, Grace-Conn. became a member of the New Grace Affiliated Group,

WHEREAS, the Fresenius Affiliated Group filed consolidated income tax returns for the taxable years ended December 31, 1989, through December 31, 1996, (the "Fresenius Applicable Periods"),

**Closing Agreement on Final Determination Covering Specific Matters with:**
Fresenius Medical Care Holdings, Inc and affiliated corporations (EIN 13-3461988)
Sealed Air Corporation and affiliated corporations (EIN 65-0654331)
W.R. Grace & Co. and affiliated corporations (EIN 65-0773649)
W.R. Grace & Co.---Conn. (EIN 13-5114230)

WHEREAS, the Sealed Air Affiliated Group filed consolidated income tax returns for the taxable years ended December 31, 1996, (short year) through December 31, 1998, (the "Sealed Air Applicable Periods"),

WHEREAS, the New Grace Affiliated Group filed a consolidated income tax return for the taxable year ended December 31, 1998, (short year) (the "New Grace Applicable Period" and, together with the Fresenius Applicable Periods and the Sealed Air Applicable Periods, the "Applicable Periods") and for taxable years ended December 31, 1999, through December 31, 2001,

WHEREAS, the Fresenius Affiliated Group claimed deductions for interest paid or accrued on loans secured by life insurance contracts owned by Grace-Conn. under Plan Number MBO 38 (COLI V) issued on June 1, 1988, and Plan Number MBO 39 (COLI VIII) issued on February 20, 1990, by Mutual Benefit Life Insurance Company (the relevant business of which was purchased in 1993 by Hartford Life Insurance Company ("Hartford")) (the "Contracts") on federal income tax returns for the Fresenius Applicable Periods,

WHEREAS, the Sealed Air Affiliated Group claimed deductions for interest paid or accrued on loans secured by the Contracts on federal income tax returns for the Sealed Air Applicable Periods,

WHEREAS, the New Grace Affiliated Group claimed deductions for interest paid or accrued on loans secured by the Contracts on federal income tax returns for the New Grace Applicable Period,

WHEREAS, a dispute has arisen between each of the Affiliated Groups, on the one hand, and the Commissioner, on the other hand, regarding whether amounts claimed as deductions for interest on loans secured by the Contracts are deductible on the respective consolidated income tax returns of the Affiliated Groups,

WHEREAS, Grace-Conn. terminated the Contracts, effective on [March 19, 2004], by completely surrendering them to Hartford and received approximately $_____ [$385,251,741] from Hartford in full discharge of Hartford's obligations under the Contracts, approximately $_____ [$19,275,795] of which was received in cash and approximately $_____ [$365,975,946] of which was applied to satisfy Grace-Conn.'s obligations on loans from Hartford to Grace-Conn. which are secured by the Contracts,

WHEREAS, of the [$385,251,741] in the preceding clause received from Hartford in full discharge of Hartford's obligations under the Contracts,

[$202,125,705] represents policy value plus paid up additions for MB038

**Closing Agreement on Final Determination Covering Specific Matters with:**
Fresenius Medical Care Holdings, Inc and affiliated corporations (EIN 13-3461988)
Sealed Air Corporation and affiliated corporations (EIN 65-0654331)
W.R. Grace & Co. and affiliated corporations (EIN 65-0773649)
W.R. Grace & Co.—Conn. (EIN 13-5114230)

>	[$172,761,173] represents policy value for MB039,

>	[$7,751,166] represents mortality contingency reserve dividends for MB038,

>	[$1,917,987] represents mortality contingency reserve dividends for MB039

>	[$530,812] represents post termination DAC based dividends for MB038 and

>	[$164,898] represents post termination dividend DAC based dividends for MB039,

WHEREAS at the time of termination and surrender of the Contracts, Grace-Conn's collective basis (investment in the Contracts) was [$142,210,519], which, when the portion of such basis attributable to each policy is applied against the policy value and paid up additions received for each policy, there is total gross income of [$236,211,238] for policies where the sum of the policy values and paid up additions exceed the basis. In addition, there are certain policies where the basis of the policies exceeds the sum of the policy values and paid up additions and the amount of such excess in the aggregate is [$3,534,879]

WHEREAS, the Commissioner and the New Grace Affiliated Group wish to resolve how the amounts received upon surrender of the Contracts by Grace-Conn. should be taxed to the New Grace Affiliated Group,

WHEREAS, a dispute has arisen whether any interest expense paid or accrued on loans secured by the Contracts, if deductible, is directly allocable to the income generated from the Contracts under Treasury Regulations Section 1.861-10T( c) or whether it such interest expense is subject to the general allocation rules of Treasury Regulations Section 1.861-9T,

WHEREAS, the members of the New Grace Affiliated Group are debtors (the "Debtors") in chapter 11 bankruptcy proceedings that commenced on April 2, 2001 under title 11 of the Bankruptcy Code, case numbers 01-1139 through 01-1200, in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") and the Bankruptcy Court has authorized the Debtors to enter into a closing agreement in a form substantially similar to this Closing Agreement,

WHEREAS, each of the Fresenius Affiliated Group, the Sealed Air Affiliated Group, the New Grace Affiliated Group, Grace-Conn. and the Commissioner desire to resolve these matters with finality.

**NOW IT IS HEREBY DETERMINED AND AGREED for Federal income tax purposes that:**

**Closing Agreement on Final Determination Covering Specific Matters with:**
Fresenius Medical Care Holdings, Inc and affiliated corporations (EIN 13-3461988)
Sealed Air Corporation and affiliated corporations (EIN 65-0654331)
W.R. Grace & Co. and affiliated corporations (EIN 65-0773649)
W.R. Grace & Co.---Conn. (EIN 13-5114230)

1. Except as otherwise provided herein, no deduction is allowable in any year under any provision of the Internal Revenue Code for interest paid or accrued by the Affiliated Groups and Grace-Conn on loans secured by the Contracts during the Applicable Periods.

2. The pending claims for refund of the Fresenius Affiliated Group for tax and interest paid or accrued for the taxable years ending December 31, 1990, December 31, 1991, and December 31, 1992, relating to the disallowance by the Commissioner of deductions claimed by the Fresenius Group for the interest paid or accrued on loans secured by the Contracts are disallowed and will not be reinstated.

3. Schedule A, Part I sets forth (under appropriate headings) the deductions claimed by the Fresenius Affiliated Group and disallowed by the Commissioner for those taxable years for interest paid or accrued on loans secured by the Contracts.

4. Schedule A, Part II sets forth (under appropriate headings) the deductions claimed by the Fresenius Affiliated Group for taxable years ending December 31, 1993, through December 31, 1996, for interest on loans secured by the Contracts and the amounts that shall be allowed and those that shall be disallowed as deductions by the Fresenius Affiliated Group for those taxable years for interest on loans secured by the Contracts.

5. Schedule A, Part III sets forth (under appropriate headings) the deductions claimed by the Sealed Air Affiliated Group for taxable year ending December 31, 1996, (short year) for interest on loans secured by the Contracts and the amounts that shall be allowed and those that shall be disallowed as deductions by the Sealed Air Affiliated Group for that taxable year for interest on loans secured by the Contracts.

6. For interest amounts paid or accrued by the Sealed Air Affiliated Group on or after January 1, 1997, and before January 1, 1999, on loans secured by the Contracts, 20% of the amounts otherwise allowable under the provisions of P.L. 104-191 as amended by P.L. 105-34 shall be allowed as interest deductions by the Sealed Air Affiliated Group for the taxable years ending December 31, 1997, and December 31, 1998. Notwithstanding this Closing Agreement, the Commissioner shall have the right to examine and adjust the Sealed Air Affiliated Group's determinations of Qualified Interest under section 501(c)(2)-(3) of P.L. 104-191 as amended by P.L. 105-34 for any taxable year beginning after December 31, 1996.

7. For interest amounts paid or accrued by the New Grace Affiliated Group on or after January 1, 1997, and before January 1, 1999, on loans secured by the Contracts, 20% of the amounts otherwise allowable under the provisions of P.L. 104-191 as amended by P.L. 105-34 shall be allowed as interest deductions by the New Grace Affiliated Group for the New Grace Applicable Period. Notwithstanding this

**Closing Agreement on Final Determination Covering Specific Matters with:**
Fresenius Medical Care Holdings, Inc and affiliated corporations (EIN 13-3461988)
Sealed Air Corporation and affiliated corporations (EIN 65-0654331)
W.R. Grace & Co. and affiliated corporations (EIN 65-0773649)
W.R. Grace & Co.---Conn. (EIN 13-5114230)

Closing Agreement, the Commissioner shall have the right to examine and adjust the New Grace Affiliated Group's determinations of Qualified Interest under section 501(c)(2)-(3) of P.L. 104-191 as amended by P.L. 105-34 for any taxable year beginning after December 31, 1996.

8. No amount disallowed as an interest deduction, whether by reason of this Closing Agreement or any provision of the Internal Revenue Code, shall be allowable as a deduction under any provision of the Internal Revenue Code; nor shall that amount be allowed as an adjustment to Grace-Conn.'s (or any other member of the New Grace Affiliated Group's) or the Affiliated Groups' (or any member of the Affiliated Groups') investment in the Contracts for purposes of section 72 of the Internal Revenue Code; nor shall any portion of the interest or administration fees paid or accrued during the Applicable Periods be allowed as an increase in Grace-Conn.'s basis in the Contracts or in the Affiliated Groups' basis in the Contracts (or in any other asset of Grace-Conn., any other member of the New Grace Affiliated Group, the Affiliated Groups or any member of the Affiliated Groups) for any taxable year under any provision of the Internal Revenue Code.

9. Of the [$385,251,741] received by Grace-Conn. from Hartford upon termination and surrender of the Contracts on [March 19, 2004] New Grace Affiliated Group shall include in its gross income as ordinary income for the taxable year ending [December 31, 2004] the amount of [$57,607,111] which consists of:

> [$47,242,248] representing 20% of the [$236,211,238] gross income realized from the termination and surrender of the Contracts; the [$3,534,879] total excess of basis over the sum of the policy values and paid up additions received for policies meeting this condition is not deductible

> [$9,669,153] representing 100% of the entire mortality contingency reserve dividend and

> [$695,710] representing 100% of the discounted DAC dividends.

10. Any amount paid to or accrued by Grace-Conn. (or any other member of the New Grace Affiliated Group) with respect to the Contracts after they were surrendered by Grace-Conn. is taxable 100% as ordinary income, except that the Federal income tax treatment of amounts paid as death benefits on the lives of individuals who died prior to the surrender of the Contracts shall be determined by the provisions of the Internal Revenue Code in effect at the time of receipt by Grace-Conn.

The Contracts will not be reinstated.

**Closing Agreement on Final Determination Covering Specific Matters with:**
Fresenius Medical Care Holdings, Inc and affiliated corporations (EIN 13-3461988)
Sealed Air Corporation and affiliated corporations (EIN 65-0654331)
W.R. Grace & Co. and affiliated corporations (EIN 65-0773649)
W.R. Grace & Co.---Conn. (EIN 13-5114230)

12. To the extent any interest expense paid or accrued on loans secured by the Contracts is allowable as an interest deduction such interest is not directly allocable to the income generated from the Contracts under Treasury Regulation Section 1.861-10T(c).

13. Each of the Affiliated Groups agrees, as to itself, that, if it or any member of its group is under examination at the time this Closing Agreement is executed, it or a member of its group shall notify both the Examination Division Technical Advisor for COLI and either the Examination Division LMSB Team Manager (formerly, the Examination Division Case Manager) or the Examination Division Group Manager, whichever is applicable, of this Closing Agreement and the terms of this Closing Agreement regarding the disallowance or allowance of interest deductions shall apply to all taxable years under examination by the Internal Revenue Service.

14. There has not been an examination, investigation or inspection of the books of account of the New Grace Affiliated Group for the taxable year ending December 31, 2002.

15. Any schedules, exhibits or annexes to this Closing Agreement are hereby incorporated by reference and form part of this Closing Agreement.

16. This closing agreement is being executed in multiple counterparts for ease of execution.

This Closing Agreement is final and conclusive except:

    (1)    the matter to which it relates may be reopened in the event of fraud, malfeasance, or misrepresentation of material fact;

    (2)    it is subject to the Internal Revenue Code sections that expressly provide that effect be given to their provisions (including any stated exception for Code section 7122) notwithstanding any other law or rule of law; and

    (3)    if it relates to a tax period ending after the date of this agreement, it is subject to any law, enacted after the agreement date, that applies to that tax period.

Each of Fresenius, Sealed Air, and New Grace is executing this Closing Agreement solely with respect to matters set forth in this Closing Agreement (including any representations or agreements made hereunder) for those taxable years (or portions

**Closing Agreement on Final Determination Covering Specific Matters with:**
Fresenius Medical Care Holdings, Inc and affiliated corporations (EIN 13-3461988)
Sealed Air Corporation and affiliated corporations (EIN 65-0654331)
W.R. Grace & Co. and affiliated corporations (EIN 65-0773649)
W.R. Grace & Co.---Conn. (EIN 13-5114230)

thereof) for which the respective signatory was the parent corporation of the respective Affiliated Group.

**By signing, the above parties certify that they have read and agreed to the terms of this document**

Fresenius Medical Care Holdings, Inc., on its behalf and on behalf of the Fresenius Affiliated Group

Fresenius Medical Care Holdings, Inc.
95 Hayden Avenue
Lexington, MA 02493

By_____        Date Signed
   Name:
   Title:

Sealed Air Corporation, on its behalf and on behalf of the Sealed Air Affiliated Group
Park 80 East
Saddle Brook, New Jersey 07663-5291

By_____        Date Signed
   Name:
   Title:

W.R. Grace & Co., on its behalf and on behalf of the New Grace Affiliated Group
5400 Broken Sound Blvd. NW, Suite 300
Boca Raton, Florida 33486

By_____        Date Signed
   Name:
   Title:

W.R. Grace & Co.-Conn.
5400 Broken Sound Blvd. NW, Suite 300
Boca Raton, Florida 33486

By_____        Date Signed
   Name:
   Title:

Commissioner of Internal Revenue

By_____        Date Signed
   Name:
   Title:

**Closing Agreement on Final Determination Covering Specific Matters with:**
Fresenius Medical Care Holdings, Inc and affiliated corporations (EIN 13-3461988)
Sealed Air Corporation and affiliated corporations (EIN 65-0654331)
W.R. Grace & Co. and affiliated corporations (EIN 65-0773649)
W.R. Grace & Co.—Conn. (EIN 13-5114230)

## SCHEDULE A

### Part I: Fresenius Affiliated Group – TY 12/31/89 – 12/31/92

| Taxable Year | Deduction Claimed per IRS adjustments 190 (1989) and 179 (1990-1992) | Deduction Initially Disallowed | Deduction Allowed per this Agreement | Deduction Disallowed per this Agreement |
|---|---|---|---|---|
| 12/31/89 | $13,252,852 | -0- | $2,650,570 | $10,602,282 |
| 12/31/90 | $15,532,143 | $15,532,143 | $- 0 - | $15,532,143 |
| 12/31/91 | $33,523,016 | $33,523,016 | $- 0 - | $33,523,016 |
| 12/31/92 | $32,421,764 | $32,421,764 | $- 0 - | $32,421,764 |

### Part II: Fresenius Affiliated Group – TY 12/31/93 – 12/31/96

| Taxable Year | Deduction Claimed per IRS adjustment 129 | Deduction Initially Disallowed | Deduction Allowed per this Agreement | Deduction Disallowed per this Agreement |
|---|---|---|---|---|
| 12/31/93 | $30,781,976 | $30,781,976 | $22,451,780 | $8,330,196 |
| 12/31/94 | $26,954,034 | $26,954,034 | $5,390,807 | $21,563,227 |
| 12/31/95 | $32,836,273 | $32,836,273 | $6,567,255 | $26,269,018 |
| 12/31/96 | $19,291,369 | $19,291,369 | $3,858,274 | $15,433,095 |

### Part III: Sealed Air Affiliated Group – TY 12/31/96 (short year)

| Taxable Year | Deduction Claimed per IRS adjustment G 129 | Deduction Initially Disallowed | Deduction Allowed per this Agreement | Deduction Disallowed per this Agreement |
|---|---|---|---|---|
| 12/31/96 | $6,666,870 | $6,666,870 | $1,333,374 | $5,333,496 |