IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 01-01139 (JKF) |
| W.R. GRACE & CO., et al., | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Reference Docket Nos. 5815, 5839 & 5980 |
| | ) | Hearing Date: 9/27/04 @ 12:00 noon |

### SUPPLEMENTAL BRIEF OF THE FUTURE CLAIMANTS' REPRESENTATIVE REGARDING HIS APPLICATION TO EMPLOY PHILLIPS, GOLDMAN & SPENCE, P.A.

David T. Austern, the legal representative for future asbestos claimants (the "Future Claimants' Representative" or "FCR"), by his proposed local counsel, files this Supplemental Brief in Support of his Application to Employ Phillips, Goldman & Spence, P.A. ("PG&S") as Delaware co-counsel.

When this application was first presented at the August 23, 2004 hearing, the Court raised certain questions as to the application. The FCR, through proposed counsel, asked that this matter be continued so that PG&S could address the Court's concerns. As set forth below, PG&S has now done so,[1] and the FCR respectfully requests that the Court grant the professional application and authorize the employment of PG&S. The Court raised three (3) questions regarding the FCR's application to employ PG&S: (a) two of Federal District Court Judge Farnan's sons are employed by PG&S; (b) PG&S holds a claim against the Debtors' estates for work PG&S performed for W. R. Grace & Co. prepetition; and, (c) John C. Phillips, Jr.'s Declaration in Support of the Application of PG&S was deficient.

---

[1] At the August 23, 2004 hearing, PG&S requested an opportunity to brief the issues raised by the Court. The Court permitted such briefing, limited to ten (10) pages. This Supplemental Brief undertakes to address the issues raised by the Court.

### A. That Judge Farnan's Two Sons Are Employed By PG&S Does Not Disqualify PG&S

While it is true that Judge Farnan's two sons are employed by PG&S, Judge Farnan is no longer assigned to this case. Judge Farnan was assigned to this case on April 6, 2001, and was replaced by Judge Wolin on November 29, 2001. Upon Judge Wolin's recusal, this case was assigned to Judge Buckwalter. The FCR respectfully submits that the fact that Judge Farnan was originally assigned to this case but subsequently terminated over two years prior to the appointment of the Future Claimants' Representative does not create a conflict for PG&S. Moreover, the Delaware State Bar Association Committee on Professional Ethics issued an opinion on an analogous issue and concluded that, if an attorney is married to Judge B, while the attorney is precluded from appearing before Judge B, the other lawyers in the attorney's firm are not precluded by the Delaware Rules of Processional Conduct from appearing before Judge B. See Del. State Bar Ass'n Comm. On Prof'l Ethics, Op. 1999-2 (Oct. 27, 1999). The Future Claimants' Representative respectfully submits that PG&S' connection to Judge Farnan should not disqualify the firm from serving as his Delaware co-counsel.

### B. PG&S Will Withdraw And Waive The Claim That It Filed Against The Debtors' Estates

In the prepetition period, a former partner at PG&S, Richard P.S. Hannum, Esquire, represented W. R. Grace & Co. defending a number of asbestos personal injury suits filed against it in Delaware Superior Court. As of the Petition Date, PG&S was owed $44,455.80 and filed a proof of claim for that amount (Claim No. 664).[2] At the August 23, 2004 hearing, the Court indicated that the existence of the PG&S proof of claim placed PG&S in a conflict position as to

---

[2] Debtors' Schedules listed the amount owed to PG&S as being $53,393.88. The correct dollar amount is reflected in PG&S' Proof of Claim.

the future claimants.[3] Accordingly, in order to avoid any such conflict, PG&S will withdraw its proof of claim No. 664 with prejudice (a copy of the Notice of Withdrawal which will be filed is attached hereto as Exhibit A) immediately upon resolution of the Court's other reservations regarding PG&S serving as Delaware co-counsel to the FCR.

### C. John C. Phillips, Jr. Will Submit A Supplemental Declaration In Support Of PG&S' Application

John C. Phillips, Jr. will submit a Supplemental Declaration in Support of PG&S' Application addressing, and hopefully curing, the Court's concern that the original Declaration did not state that there was disinterestedness with respect to the Debtors and that there is no adverse interest to the Debtors, creditors, the estate and the future claimants. A copy of the proposed Supplemental Affidavit is attached hereto as Exhibit B and will be filed upon resolution of the Court's other issues and the withdrawal of PG&S' proof of claim. In light of the foregoing, the Future Claimants' Representative respectfully suggests that there is no conflict, or even the appearance of a conflict, prohibiting PG&S' employment in these cases.

WHEREFORE, the Future Claimants' Representative respectfully requests that the Court enter an Order granting the Future Claimants' Representative's Application to Retain and Employ PG&S as his Delaware bankruptcy co-counsel *nunc pro tunc* for so long as he serves as the Future Claimants' Representative and grant such other and further relief as is appropriate.

DATED: September 22, 2004

PHILLIPS, GOLDMAN & SPENCE, P.A.

JOHN C. PHILLIPS, JR., ESQUIRE (#110)
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200
Proposed Delaware Co-Counsel to David T. Austern as Future Claimants' Representative

---

[3]The U.S. Trustee has also objected to the FCR's retention of PG&S because of PG&S' claim against the Debtors (Dk. No. 5980). The proposed withdrawal of the PG&S claim resolves the U.S. Trustee's objection.