IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | Case No. 01-01139 (JKF) |
| W.R. GRACE & CO., et al., ) | (Jointly Administered) |
| ) | |
| Debtors. ) | Reference Docket Nos. 5815, 5839 & 5980 |
| ) | Hearing Date: 9/27/04 |

**SUPPLEMENTAL DECLARATION OF JOHN C. PHILLIPS, JR.
UNDER FED. R. BANKR. P. 2014 AND 5002 IN SUPPORT OF APPLICATION
FOR AN ORDER AUTHORIZING RETENTION AND EMPLOYMENT
OF PHILLIPS, GOLDMAN & SPENCE, P.A., AS DELAWARE BANKRUPTCY
CO-COUNSEL TO DAVID T. AUSTERN AS
FUTURE CLAIMANTS' REPRESENTATIVE**

I, John C. Phillips, Jr., state:

1.     I am a partner of the law firm of Phillips, Goldman & Spence, P.A., ("PG&S"), which maintains an office for the practice of law at 1200 North Broom Street, Wilmington, Delaware 19806. I am admitted to practice before the Bar of the State of Delaware, The Federal District Court for the State of Delaware, The Third Circuit Court of Appeals and The United States Supreme Court and am authorized to execute this Supplemental Declaration on behalf of PG&S. PG&S is proposed Delaware bankruptcy co-counsel to David T. Austern, the Future Claimants' Representative (the "FCR") appointed by the Court in the above-captioned cases.

2.     On June 21, 2004, I submitted my declaration pursuant to Rules 2014 and 5002 of the Federal Rules of Bankruptcy Procedure (the "Rules") in support of the Application of the FCR seeking the entry of an Order authorizing the retention and employment of PG&S as his Delaware bankruptcy co-counsel. This Supplemental Declaration provides additional and amended disclosures.


EXHIBIT B

3.      Paragraph 10(b) of my original declaration advised that PG&S had filed a proof of claim against the Debtors' estates in the amount of $53,393.88. The Debtors had actually scheduled the claim in that amount, however, PG&S' proof of claim as filed was in the amount of $44,455.80 (Claim No. 664). That proof of claim has now been withdrawn with prejudice. Thus, none of PG&S' representations are adverse to the interest of the Debtor, its estate, any class of creditors or equity security holders, the future asbestos claimants, or the Future Claimants' Representative. Therefore, PG&S is disinterested and may act as local counsel to the Future Claimants' Representative notwithstanding any of the matters described in my original Declaration.

4.      PG&S will use reasonable efforts to identify any additional relevant fact or relationship not previously disclosed. If any such fact or relationship is discovered, PG&S will, as soon as reasonably practical, file additional supplemental declarations with the Court.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

_____
JOHN C. PHILLIPS, JR.

Executed on September ___, 2004.

SWORN TO AND SUBSCRIBED before me this ____ day of September, 2004.

_____
NOTARY PUBLIC