IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| ARMSTRONG WORLD INDUSTRIES, | ) | |
| INC., et al., | ) | Jointly Administered |
| | ) | Case No. 00-04471 (RJN) |
| Debtors. | ) | |
| | ) | |

# FEE AUDITOR'S FINAL REPORT REGARDING THE FEE APPLICATION OF GILBERT HEINTZ & RANDOLPH LLP FOR THE EIGHTH INTERIM PERIOD

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Fee Application of Gilbert Heintz & Randolph LLP for the Eighth Interim Period (the "Application").

## BACKGROUND

1. Gilbert Heintz & Randolph LLP ("Gilbert") was retained as special insurance counsel to the debtors. In the Application, Gilbert seeks approval of fees totaling $62,514.00 and costs totaling $9,585.49 for its services from December 1, 2003 through February 29, 2004 (the "Application Period").

2. In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications

for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, Issued January 30, 1996 (the Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served on Gilbert an initial report based on our review, and received a response from Gilbert, portions of which response are quoted herein.

## DISCUSSION

### Specific Time and Expense Issues

3. In our initial report, we noted apparent duplicate entries resulting in .10 additional hour and an additional expense to the estate of $21.00. The time entries are provided below.

| Date | Attorney | Hours | Amount | Description |
|---|---|---|---|---|
| 12/09/03 | T. Feldman | 0.10 | 21.00 | Communications with client re conference call to discuss strategy for meeting with Liberty Mutual. |
| 12/09/03 | T. Feldman | 0.10 | 21.00 | Communications with client re conference call to discuss strategy for meeting with Liberty Mutual. |

We recognize the possibility that these entries may reflect the performance of the same nominal activity more than once on the same day. We asked Gilbert to review the above referenced and explain whether these entries relate to discrete instances of a repeated activity or are duplicate billing of the same time. Gilbert responded as follows:

> In response to paragraph 3 of the Fee Auditor's Initial Report for the 8th Interim Period, it does appear that T. Feldman's two entries on 12/9/04 are duplicates. Thus, GHR withdraws its request for one of the time entries in the amount of $21.00.

We appreciate Gilbert's response and recommend a reduction of $21.00 in fees.

### Fee Application

4.    The Order Appointing Fee Auditor and Establishing Related Procedures Concerning

the Allowance and Payment of Compensation and Reimbursement of Expenses of Professionals and Members of Official Committees and Consideration of Fee Applications, entered on March 22, 2002 (the "Fee Auditor Order"), provides, in paragraph 7, that "[a]pplicants shall not be compensated for fees incurred in preparing a Fee Application in an amount in excess of 5% of the fees subject to such Fee Application, in the absence of a sufficient showing of cause for any such fees."  As the compensation for preparing a particular fee application is generally sought in the following fee application (we have heard this referred to as a "trailing expense"), it is very difficult to determine which fee application costs are attributable to which particular application, and it does not appear to us that such attribution is required by paragraph 7 of the Fee Auditor Order.  Thus, we interpret paragraph 7 to require that an applicant's cumulative fee application costs be applied to the applicant's cumulative fees.

5.	We note that during the Application period, Gilbert billed $4,719.00 for securing its own compensation.  We note that the cumulative fees of Gilbert through February 29, 2004 are $1,158,180.20, and we calculate that 5% of that amount is $57,909.01.  Gilbert's cumulative charge for preparing its own fee applications is $36,918.00, which is under the 5% cap and we have no objections to these fees.

## CONCLUSION

6.	Thus we recommend approval of fees totaling $62,493.00 ($62,514.00 minus $21.00) and expenses totaling $9,585.49, for Gilbert's services from December 1, 2003 through February 29, 2004.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
      Warren H. Smith
      Texas State Bar No. 18757050

Republic Center
325 N. St. Paul Street, Suite 1275
Dallas, Texas  75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 27th day of September, 2004.

_____
Warren H. Smith

## SERVICE LIST

Notice Parties

**The Applicant**

Craig J. Litherland
Bette M. Orr
Peggy Holland
Gilbert Heintz & Randolph LLP
1100 New York Avenue, NW
Suite 700
Washington, DC 20005-3987

**Accountants to the Debtors**
Stephen Darr
KPMG LLP
99 High Street
Boston, MA 02110

**The Debtors**
Walter T. Gangl
Kenneth L. Jacobs
Mary J. Huwaldt
Donita J. Swayne
Armstrong World Industries, Inc.
2500 Columbia Avenue, Building 701
Lancaster, PA 17603

**Counsel to the Debtors**
Mark D. Collins
Rebecca L. Booth
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899

Stephen Karotkin
Debra A. Dandeneau
Weil, Gotshal & Manges, LLP
767 Fifth Avenue
New York, NY 10153

**Counsel to the Official Committee of Unsecured Creditors**
Mark E. Felger
Cozen & O'Connor, PC
Chase Manhattan Centre
1201 North Market Street, Suite 1400
Wilmington, DE 19801

Robert D. Drain
Paul, Weiss, Rifkind, Wharton & Garrison
1285 Avenue of the Americas
New York, NY 10019-6064

**Counsel to the Official Committee of Asbestos Property Damage Claimants**
Joanne B. Wills
Klehr, Harrison, Harvey, Branzburg & Ellers, LLP
919 Market Street, Suite 1000
Wilmington, DE 19801

**Counsel to the Official Committee of Asbestos Personal Injury Claimants**
Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

Elihu Inselbuch, Esq.
Caplin & Drysdale, Chartered
399 Park Avenue
New York, NY 10022-4614

Peter Van N. Lockwood, Esq.
Caplin & Drysdale, Chartered
One Thomas Circle, N.W.
Washington, D.C. 20005-5802

| | |
|---|---|
| **Counsel to the Legal Representative for Future Claimants**<br>James L. Patton, Jr., Esq.<br>Young, Conaway, Stargatt & Taylor, LLP<br>1000 West Street, 17@ Floor<br>P.O. Box 391<br>Wilmington, Delaware 19899 | Michael R. Lastowski<br>Duane, Morris & Heckscher LLP<br>1100 North Market Street, Suite 1200<br>Wilmington, DE 19801-1246 |
| Michael J. Crames, Esq.<br>Kaye Scholer LLP<br>425 Park Avenue<br>New York, New York 10022-3598 | Robert Scheibe<br>Richard S. Toder<br>Scott Talmadge<br>Morgan, Lewis & Bockius LLP<br>10 1 Park Avenue<br>New York, NY 10 1780060 |
| **Office of the United States Trustee**<br>Frank J. Perch, III, Esq.<br>Office of the United States Trustee<br>844 King Street, Room 23 11<br>Wilmington, DE 19801<br>Facsimile No.: 302-573-6497 | Denise Wildes<br>Lewis Kruger<br>Stroock, Stroock & Lavin LLP<br>180 Maiden Lane<br>New York, NY 10038-4982 |
| **Counsel to Chase Manhattan Bank**<br>Terry Currier<br>Eric L. Schnabel<br>Klett Rooney Lieber & Schorling PC<br>The Brandywine Building, 1000 West Street<br>Suite 1410, P.O. Box 1397<br>Wilmington, DE 19899-1397 | |