IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| **ARMSTRONG WORLD INDUSTRIES,** | ) | |
| **INC., et al.,** | ) | Jointly Administered |
| | ) | Case No. 00-04471 (RJN) |
| Debtors. | ) | |
| | ) | |

**FEE AUDITOR'S FINAL REPORT REGARDING
FEE APPLICATION OF CAPLIN & DRYSDALE, CHARTERED
FOR THE EIGHTH INTERIM PERIOD**

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Fee Application of Caplin & Drysdale, Chartered for the Eighth Interim Period (the "Application").

**BACKGROUND**

1.  Caplin & Drysdale, Chartered ("Caplin") was retained as counsel to the asbestos personal injury claimants' committee. In the Application, Caplin seeks approval of fees totaling $75,744.50 and costs totaling $5,383.03 for its services from December 1, 2003, through February 29, 2004 (the "Application Period").

2.  In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, Issued January 30,

1996 (the Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served on Caplin an initial report based on our review, and received a response from Caplin, portions of which response are quoted herein.

## DISCUSSION

### Specific Time and Expense Issues

3. In our initial report, we noted that the Application contains apparent duplicate time entries which may have resulted in .60 additional hours and an additional expense to the estate of $108.00.

| Date | Tkpr | Rate | Hours | Description |
|---|---|---|---|---|
| 12/1/2003 | RCS | 180.00 | 0.30 | Analyze and annotate for distribution all hard copy and electronic court papers, pleadings and correspondence received 11/26/03 (.3). |
| 12/1/2003 | RCS | 180.00 | 0.30 | Analyze and annotate for distribution all hard copy and electronic court papers, pleadings and correspondence received 11/26/03 (.3). |
| 12/2/2003 | RCS | 180.00 | 0.30 | Analyze and annotate for distribution all hard copy and electronic court papers, pleadings and correspondence received 12/1/03 (.3). |
| 12/2/2003 | RCS | 180.00 | 0.30 | Analyze and annotate for distribution all hard copy and electronic court papers, pleadings and correspondence received 12/1/03 (.3). |

We asked Caplin to explain whether these entries relate to discrete instances of a repeated activity or are duplicate billing of the same time. Caplin responded as follows:

> We believe that these time entries are duplicative and will accept a reduction in time of .6 hours, or a total reduction of $108.00, for Mr. Spohn's services on these dates.

We appreciate Caplin's response and recommend a reduction of $108.00 in fees.

4. We noted that on February 19, 20, and 23, 2004, RCS billed for the exact same time

entry.  The total time for the three entries is .90 hours for fees of $162.00.

| 2/19/04 | RCS | 180.00 | .30 | Analyze and annotate for distribution all hard copy and electronic court papers, pleadings and correspondence received 2/19/04 (.3). |
| 2/20/04 | RCS | 180.00 | 0.30 | Analyze and annotate for distribution all hard copy and electronic court papers, pleadings and correspondence received 2/19/04 (.3). |
| 2/23/04 | RCS | 180.00 | 0.30 | Analyze and annotate for distribution all hard copy and electronic court papers, pleadings and correspondence received 2/19/04 (.3). |

We asked Caplin to review these time entries and advise us as to this apparent duplication.  Caplin

responded as follows:

> Mr. Spohn is a senior paralegal who is responsible for maintaining electronic and
> hard-copy files for all of Caplin & Drysdale's bankruptcy matters.  His assignment
> on the dates in question included (1) the identification and selection of court papers
> and other documents that were received by Caplin & Drysdale or filed with the Court
> by one of the many parties in these bankruptcy cases; (2) the annotation and indexing
> of such documents based on their subject and, if the document related to an adversary
> action or other court proceeding, the procedural posture of that proceeding; (3) the
> distribution of such documents, along with information regarding deadlines and
> return dates, to the responsible attorney or attorneys.  The dates are typos: each set
> of documents reviewed corresponded to the date of the entry (in each case, Bob
> forgot to update the date included in the entry).

We appreciate Caplin's response and have no objection to these fees.

5.      We also noted that on December 15 and 16, 2003, ADK billed for the exact same time

entry for a total of 1.0 hours and $160.00.

| 12/15/2003 | ADK | 160.00 | 0.50 | Created 12 month chart of fee application deadlines for 2004. |
| 12/16/2003 | ADK | 160.00 | 0.50 | Created 12 month chart of fee application deadlines for 2004. |

We asked Caplin to advise us as to this apparent duplication.  Caplin responded as follows:

> Mr. Katznelson's assignment on these dates was to create a 12-month fee application
> schedule for these bankruptcy cases.  Creation of this chart required a review of the

Court's administrative order and update of information to be provided to attorneys regarding monthly and interim filing dates, the documentation required for expense reimbursements and payment and holdback payment schedules. The completion of this assignment required one hour of Mr. Katznelson's time.

We appreciate Caplin's response and have no objection to these fees.

Fee Application

6. The Fee Auditor Order provided, in paragraph 7, that "[a]pplicants shall not be compensated for fees incurred in preparing a Fee Application in an amount in excess of 5% of the fees subject to such Fee Application, in the absence of a sufficient showing of cause for any such fees." As the compensation for preparing a particular fee application is generally sought in the following fee application (we have heard this referred to as a "trailing expense"), it is very difficult to determine which fee application costs are attributable to which particular application, and it does not appear to us that such attribution is required by paragraph 7 of the Fee Auditor Order. Thus, we interpret paragraph 7 to require that an applicant's cumulative fee application costs be applied to the applicant's cumulative fees.

7. We note that during the Application period, Caplin billed $7,151.00[1] for securing its own compensation. We note that the cumulative fees of Caplin through February 29, 2004 are $1,369,407.23, and we calculate that 5% of that amount is $68,470.36. Caplin's cumulative charge for preparing its own fee applications is $46,237.50, which is under the 5% cap and we have no objection to these fees.

**CONCLUSION**

8. Thus we recommend approval of fees totaling $75,636.50 ($75,744.50 minus

---

[1] Of this amount $2,732.50 was included in the category "Fee Applications/Self" and $4,418.50 in the category "Fee Auditor Matters - Self".

**FEE AUDITOR'S FINAL REPORT - 4**
arm FR re Caplin 8int 12.03-2.04.wpd

$108.00) and expenses totaling $5,383.03, for Caplin's services from December 1, 2003, through February 29, 2004.

        Respectfully submitted,

        **WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
        Warren H. Smith
        Texas State Bar No. 18757050

        Republic Center
        325 N. St. Paul, Suite 1275
        Dallas, Texas 75201
        Telephone: 214.698.3868
        Facsimile: 214.722.0081
        whsmith@whsmithlaw.com

        **FEE AUDITOR**

## CERTIFICATE OF SERVICE

   I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 27th day of September 2004.

_____
        Warren H. Smith

## SERVICE LIST
### Notice Parties

**The Applicant**
Elihu Inselbuch, Esq.
Rita C. Tobin, Esq.
Caplin & Drysdale, Chartered
399 Park Avenue, 27th Floor
New York, NY 10022-4614

**The Debtors**
Walter T. Gangl
Kenneth L. Jacobs
Mary J. Huwaldt
Donita J. Swayne
Armstrong World Industries, Inc.
2500 Columbia Avenue, Building 701
Lancaster, PA 17603

**Counsel to the Debtors**
Mark D. Collins
Rebecca L. Booth
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899

Stephen Karotkin
Debra A. Dandeneau
Weil, Gotshal & Manges, LLP
767 Fifth Avenue
New York, NY 10153

**Counsel to the Official Committee of Unsecured Creditors**
Mark E. Felger
Cozen & O'Connor, PC
Chase Manhattan Centre
1201 North Market Street, Suite 1400
Wilmington, DE 19801

Robert D. Drain
Paul, Weiss, Rifkind, Wharton & Garrison
1285 Avenue of the Americas
New York, NY 10019-6064

**Counsel to the Official Committee of Asbestos Property Damage Claimants**
Joanne B. Wills
Klehr, Harrison, Harvey, Branzburg & Ellers, LLP
919 Market Street, Suite 1000
Wilmington, DE 19801

**Counsel to the Official Committee of Asbestos Personal Injury Claimants**
Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

Elihu Inselbuch, Esq.
Caplin & Drysdale, Chartered
399 Park Avenue
New York, NY 10022-4614

Peter Van N. Lockwood, Esq.
Caplin & Drysdale, Chartered
One Thomas Circle, N.W.
Washington, D.C. 20005-5802

**Counsel to the Legal Representative for Future Claimants**
James L. Patton, Jr., Esq.
Young, Conaway, Stargatt & Taylor, LLP
1000 West Street, 17@ Floor
P.O. Box 391
Wilmington, Delaware 19899

Michael J. Crames, Esq.
Kaye Scholer LLP
425 Park Avenue
New York, New York 10022-3598

FEE AUDITOR'S FINAL REPORT - 6
arm FR re Caplin 8int 12.03-2.04.wpd

**Office of the United States Trustee**
Frank J. Perch, III, Esq.
OffIce of the United States Trustee
844 King Street, Room 23 11
Wilmington, DE 19801

**Counsel to Chase Manhattan Bank**
Terry Currier
Eric L. Schnabel
Klett Rooney Lieber & Schorling PC
The Brandywine Building, 1000 West Street
Suite 1410, P.O. Box 1397
Wilmington, DE 19899-1397

Michael R. Lastowski
Duane, Morris & Heckscher LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246

Robert Scheibe
Richard S. Toder
Scott Talmadge
Morgan, Lewis & Bockius LLP
10 1 Park Avenue
New York, NY 10 1780060

Denise Wildes
Lewis Kruger
Stroock, Stroock & Lavin LLP
180 Maiden Lane
New York, NY 10038-4982