# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) **Chapter 11** |
| W.R. GRACE & CO., et al. | ) **Case No. 01-01139 (JKF)** |
| | ) **(Jointly Administered)** |
| Debtors. | ) |

## ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF PHILLIPS, GOLDMAN & SPENCE, P.A., AS LOCAL BANKRUPTCY COUNSEL TO DAVID T. AUSTERN, FUTURE CLAIMANTS' REPRESENTATIVE

Upon the application (the "Application") of David T. Austern, Future Claimants' Representative ("Future Claimants' Representative") in the above-captioned chapter 11 cases of W.R. Grace & Co. and its affiliates (collectively, the "Debtors"), seeking entry of an Order under section 1103(a) of the Bankruptcy Code authorizing the Future Claimants' Representative to employ and retain Phillips, Goldman & Spence, P.A., ("PG&S") as local bankruptcy counsel to the Future Claimants' Representative; and the Court having reviewed the Application and the accompanying Declaration of John C. Phillips, Jr. (the "Declaration"), a partner of PG&S, and the Court being satisfied that PG&S neither holds nor represents any interest adverse to the Future Claimants' Representative on the matters upon which PG&S is to be engaged; and it appearing that the relief requested is in the best interest of the Future Claimants' Representative and the Debtors' estates, their creditors and other parties-in-interest; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 158(a); and it further appearing that notice of the Application was good and sufficient under the particular circumstances and that no

other or further notice need be given and upon the record herein; and it further appearing that the terms and conditions of PG&S's employment as further described in the Application and the Declaration are reasonable and necessary; it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Application be, and it hereby is, approved;

2. Pursuant to section 1103(a) of the Bankruptcy Code and the May 24, 2004 Order appointing David T. Austern as the Future Claimants' Representative [Docket No. 5645], the Future Claimants' Representative be, and he hereby is, authorized to employ and retain PG&S as local bankruptcy counsel upon the terms, and to perform the services, set forth in the Application and Declaration, so long as David T. Austern serves as the legal representative for individuals who may assert asbestos-related claims and/or demands in the future against the Debtors;

3. PG&S shall be compensated in accordance with procedures set forth in sections 330 and 331 of the Bankruptcy Code and such Bankruptcy Rules and Local Rules as may then be applicable, from time to time, and such procedures as may be fixed by order of this Court, including the Administrative Compensation Order(s) entered in these cases; and

4. The fees and expenses of PG&S allowed by the Court shall be an administrative expense of the Debtors' estates.

Dated: 9/27, 2004

> The Honorable Judith K. Fitzgerald
> United States Bankruptcy Judge

2

9156316v1