UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

*In re***:**

| | |
|---|---|
| OWENS CORNING, et al. | 00-3837-JKF |
| ARMSTRONG WORLD INDUSTRIES, et al. | 00-4471-JKF |
| W.R. GRACE & CO., et al. | 01-1139-JKF |
| USG CORPORATION, et al. | 01-2094-JKF |
| UNITED STATES MINERAL PRODUCTS COMPANY, et al. | 01-2471-JKF |
| KAISER ALUMINUM CORP., et al. | 02-10429 JKF |
| ACANDS, INC., et al. | 02-12687-JKF |
| THE FLINTKOTE COMPANY, et al. | 04-11300-JKF |
| Debtors. | Chapter 11 |

Hearing Date: October 6, 2004 at Noon
Objection Deadline: October 4, 2004 at Noon

**STATEMENT OF THE UNITED STATES TRUSTEE REGARDING
MOTIONS OF BARON & BUDD AND SILBER PEARLMAN
PURSUANT TO BANKRUPTCY RULE 9023 TO ALTER OR AMEND
(1) AMENDATORY ORDER REQUIRING FILING OF STATEMENTS
PURSUANT TO FED. R. BANKR. P. 2019,
and (2) ORDER REQUIRING FILING OF STATEMENTS
PURSUANT TO FED. R. BANKR. P. 2019,
<u>OR ALTERNATIVELY, FOR NEW TRIAL</u>**

Roberta A. DeAngelis, the Acting United States Trustee (the "UST") for Region 3, hereby submits the following Statement with respect to the Motions of Baron & Budd and Silber Pearlman in the above-captioned cases to Alter or Amend (1) Amendatory Order Requiring Filing of Statements Pursuant to Fed. R. Bankr. P. 2019, and (2) Order Requiring Filing of Statements

1

Pursuant to Fed. R. Bankr. P. 2019, or Alternatively, for New Trial (the "Motions"). For the reasons set forth below, the UST believes that the Motions should be granted at most only in part.

1. This Court has jurisdiction over the subject matter of this Statement.

2. Pursuant to 28 U.S.C. § 586, the UST is charged with the administrative oversight of cases commenced pursuant to Title 11 of the United States Bankruptcy Code.

3. Pursuant to 11 U.S.C. § 307, the UST has standing to be heard in this matter.

4. The Court entered Orders and/or Amended Orders in each of the above-captioned cases on or about August 26 and 27, 2004, requiring all counsel representing multiple creditors to comply with Fed.R.Bankr.P. 2019 ("Rule 2019") and setting forth certain specific requirements regarding the content of all Rule 2019 disclosures (the "Orders").

5. Baron & Budd and Silber Pearlman, who represent asbestos personal injury claimants in the above-referenced cases, have filed the Motions seeking several limitations on the required disclosures that they assert are necessary to reduce the burden of compliance and protect the privacy of their clients. In particular, but without limitation, the firms ask that (a) they be required only to attach exemplar copies of retention agreements, (b) that their clients' full Social Security Numbers not be disclosed, and (c) that they be permitted to list the addresses of their clients as "in care of" the firms, rather than provide the actual addresses.

6. Rule 2019 serves an important function of assuring transparency and full disclosure in the bankruptcy process by requiring disclosure of the identities of all creditors represented by an attorney and evidence of the attorney's authority to act on behalf of each claimant. *In re CF Holding Corp.*, 145 B.R. 124, 126 (Bankr.D.Conn.1992); *In re Ionosphere Clubs, Inc.*, 101 B.R. 844 (Bankr. S.D.N.Y. 1989); *In re Vestra Indus., Inc.*, 82 B.R. 21 (Bankr. D.S.C. 1987); *In re Electronic Theatre*

*Restaurants Corp.*, 57 B.R. 147 (Bankr. N.D. Ohio 1986); *In re Baldwin-United Corp.*, 52 B.R. 146 (Bankr. S.D. Ohio 1985). Thus, any limitation on the requirements of the Orders should be tailored so as not to prevent the Orders from achieving the Rule's essential purpose.

*Use of Exemplar Retention Agreements*

7. The UST agrees that the disclosure of exemplar retention agreements will reduce the burden on the complying parties as well as the Court by substantially diminishing the bulk of the document and accompanying exhibits. However, this relief should be granted with appropriate safeguards:

   a. Each such "exemplar" should be a copy of an <u>actual</u> retention agreement executed by a client, rather than an unsigned "form" or "draft" agreement that may not reflect fully the terms of any actual agreement with any claimant.

   b. Any diversions from the exemplar for particular claimants should be attached for each such claimant.

   c. If there are multiple exemplars, lists should be attached of the names of the claimants whose agreements follow each of the respective forms.

*Disclosure of Addresses and Social Security Numbers*

8. One of the purposes which the Rule 2019 disclosures can and appropriately should serve is to permit clear identification of claimants and prevent duplicate claims. In order to accomplish that, the addresses and Social Security numbers of the claimants should be disclosed. Positive identifiers will permit the various firms' lists to be cross-checked to eliminate duplicate claims and also prevent duplicate plan voting.

9.  Disclosure of addresses will also facilitate improved noticing. In the early stages of virtually all asbestos cases, debtors file a motion seeking leave to serve various required notices on counsel for personal injury claimants rather than the claimants themselves, averring that debtors do not have all of the actual addresses of the claimants in their records. At the UST's request in many cases, the orders approving such motions expressly provide that the order shall not apply to and shall be without prejudice regarding the form and manner of notice to be given for any claims bar date or for plan solicitation and plan voting. *See, e.g.,* Order in *Flintkote Co.*, May 5, 2004 (Docket Entry 23). By requiring the address information to be provided, the Orders will facilitate noticing of key events such as bar dates and plan voting to be provided directly to the affected claimants as well as to the attorneys.

10.  The privacy concerns raised in the Motions can be met by appropriately crafted relief. The UST does not object to having portions of any Rule 2019 disclosure containing address and Social Security number data for individual personal injury claimants redacted from the public docket and filed under seal, with full disclosure made to the Debtors, all official committees, the Debtors' noticing agents and the UST, not to be disclosed by any of them on the public record without further leave of Court. Any affidavit of service or similar subsequent document that would contain the protected information would similarly be filed under seal and appear on the public docket in redacted form.

WHEREFORE, the UST requests that this Court issue an order granting the Motions only in part, consistently with the foregoing, and/or granting such other relief that this Court deems appropriate.

        Respectfully submitted,

        **ROBERTA A. DeANGELIS**
        **ACTING UNITED STATES TRUSTEE**

        **BY:** /s/Frank J. Perch, III
            Frank J. Perch, III, Esquire
            Assistant United States Trustee
            J. Caleb Boggs Federal Building
            844 King Street, Suite 2207, Lockbox 35
            Wilmington, DE 19801
            (302) 573-6491
            (302) 573-6497 (Fax)

**Date: October 1, 2004**