# EXHIBIT B

<u>EXHIBIT B</u>

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al. [1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | Re: Docket No. 5322 and |
| | | 5/24/04 Agenda Item #2 |

## ORDER AUTHORIZING THE EXPANSION OF THE SCOPE OF THE SERVICES PERMITTED TO BE PROVIDED BY DELOITTE & TOUCHE LLP TO THE DEBTORS TO INCLUDE CERTAIN LEASE CONSULTING SERVICES

Upon consideration of the motion (the "Motion")[2] of the above captioned debtors and

debtors in possession (collectively, the "Debtors") for entry of an order (this "Order")

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms not otherwise described herein will have the meanings ascribed to them in the Motion.

authorizing the expansion of the scope of the services permitted to be provided by Deloitte &
Touche LLP to the Debtors to include certain Lease Consulting Services, and upon the
supplemental affidavit of Larry D. Ishol (the "Supplemental Ishol Affidavit") filed in support of
the Motion; and the Court being satisfied, based on the representations made in the Motion and
Supplemental Ishol Affidavit, that Deloitte represents no interest adverse to the Debtors' estates
with respect to the matter upon which they are to be engaged, that Deloitte is a "disinterested
person" as that term is defined under section 104(14) of title 11 of the United States Code (as
amended, the "Bankruptcy Code"), as modified by section 1107(b) of the Bankruptcy Code, and
that the expansion of the scope of the Deloitte Services to include the Lease Consulting Services,
as requested pursuant to the Motion, is necessary and would be in the best interests of the
Debtors, their creditors and the Debtors' estates; and it appearing that this proceeding is a core
proceeding pursuant to 28 U.S.C. §157(b); and it appearing that this Court has jurisdiction over
this matter pursuant to 28 U.S.C. §§ 157 and 1334; and after due deliberation and sufficient
cause appearing therefore,

IT IS HEREBY ORDERED THAT:

1.    The Motion is granted as modified herein.

2.    The Debtors are authorized to expand the scope of the Deloitte Services to include
Deloitte's provision of the Lease Consulting Services on the terms set forth in the Motion, the
Supplemental Ishol Affidavit and the Lease Consulting Services Engagement Letter, *nunc pro
tunc* to October 1, 2003.

3.    Deloitte will provide such Lease Consulting Services as Deloitte and the Debtors
shall deem appropriate and feasible in order to assist the Debtors in the course of these Chapter

11 Cases as set forth in the Motion, the Supplemental Ishol Affidavit and the Lease Consulting
Services Engagement Letter.

    4.    The indemnification provisions of the Lease Consulting Services Engagement
Letter are approved subject to the following:

    (a)    subject to the provisions of subparagraph (c) infra, the Debtors are
authorized to indemnify, and shall indemnify Deloitte, in accordance with the
Lease Consulting Services Engagement Letter for any claim arising from, related
to, or in connection with the Lease Consulting Services, but not for any claim
arising from, related to, or in connection with Deloitte's postpetition performance
of any services, other than the Lease Consulting Services, unless such other
postpetition services and indemnification thereof are approved by the Court;

    (b)    notwithstanding any provisions of the Lease Consulting Services
Engagement Letter to the contrary, the Debtors shall have no obligation to
indemnify Deloitte, or provide contribution or reimbursement to Deloitte, for any
claim or expense that is either (i) judicially determined (the determination having
become final) to have arisen solely from Deloitte's gross negligence or willful
misconduct, or (ii) settled prior to a judicial determination as to Deloitte's gross
negligence or willful misconduct, but determined by the Court, after notice and a
hearing, to be claim or expense for which Deloitte should not receive indemnity,
contribution or reimbursement under terms of the Engagement Letters as
modified; and

    (c)    if, before the earlier of (i) the entry of an order confirming a plan under
chapter 11 of the Bankruptcy Code (that Order having become a final order no
longer subject to appeal), or (ii) the entry of an order closing this chapter 11 case,
Deloitte believes that it is entitled to the payment of any amounts by the Debtors
on account of the Debtor's indemnification, contribution and/or reimbursement
obligations under the Lease Consulting Services Engagement Letter (as modified
by this Order), including without limitation the advancement of defense costs,
Deloitte must file an application thereof in this Court, and the Debtors may not
pay any such amounts to Deloitte before the entry of an order by this Court
approving the payment. This subparagraph (c) is intended only to specify the
period of time under which the Court shall have jurisdiction over any request for
fees and expenses by Deloitte for indemnification, contribution or reimbursement
and is not a provision limiting the duration of the Debtors' obligation to
indemnify Deloitte.

    5.    Paragraph 6(a) of Section III ("General") of the Lease Consulting Services
Engagement Letter (applicable to the provision of the Lease Consulting Services), which
services are not subject to the Debtors' indemnification obligations set forth above) shall be null

3

and void to the extent the claims, liabilities or expenses referred to in such paragraphs arise during the pendency of these chapter 11 cases.

6.    Deloitte's right to assign or subcontract its rights and obligations to any affiliate or related entity as set forth in paragraph (13) of Section III ("General") of the Lease Consulting Services Engagement Letter- is subject to this Court's approval of the retention of such affiliate or related entity by the Debtors in these Chapter 11 Cases.

7.    Deloitte may render Lease Consulting Services deemed appropriate and necessary by the Debtors and Deloitte to benefit the Debtors' estates.

8.    Deloitte shall be compensated for services its provisions of the Lease Consulting Services and reimbursed for expenses incurred consistent with the terms of the Motion, the Supplemental Ishol Affidavit and the Lease Consulting Services Engagement Letter, and in accordance with the procedures set forth in the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules and orders of this Court, including without limitation, (a) the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, dated May 3, 2001, effective as of April 2, 2001 and (b) the Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, dated April 17, 2002 (together, the "Administrative Order").

9.    Notwithstanding anything to the contrary in the Administrative Order, Deloitte (a) not be required to submit detailed daily time records or expense records as part of any monthly statements, or interim or final fee applications submitted by Deloitte with respect to its provision of the Lease Consulting Services; provided, however, that in lieu of such records, Deloitte shall

4

submit a reasonably detailed summary of such services and the contingent fee compensation earned in connection therewith as part of such monthly statements, or interim or final fee applications, and (b) that Deloitte's contingent fee compensation earned in connection with such services, not be subject to any holdbacks imposed on the compensation of professionals in these Chapter 11 Cases.

10.    Notwithstanding anything to the contrary herein or in the Application, the Affidavit or the Administrative Order, Deloitte's fees shall be subject to the approval of the Court under a reasonableness standard upon proper application by Deloitte in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any applicable orders of this Court, including, without limitation, the Administrative Order.

11.    This Court retains jurisdiction with respect to all matters arising from or relating to the implementation of this Order.

Dated: _7/19_ , 2004

_JF Fitzgerald_
The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

5