# EXHIBIT B

## Commonwealth of Massachusetts
### County of Middlesex
### The Superior Court

CIVIL DOCKET#: **MICV2001-02209-L2**

RE: W.R. Grace & Co.-Conn v Acton

TO: Acheson H Callaghan Jr, Esquire
Anderson & Kreiger
43 Thorndike Street
Bulfinch Building
East Cambridge, MA 02141



### NOTICE OF DOCKET ENTRY

You are hereby notified that on **08/04/2003** the following entry was made on the above referenced docket:

**MEMORANDUM AND ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT (which see)-ORDER-For the abovementioned reasons, this Court ORDERS that the Defendant's Motion for Summary Judgment is ALLOWED. It is FURTHER ORDERED that the plaintiff's Cross Motion for Summary Judgment is DENIED. Judgment shall enter dismissing the plaintiff's challenge to its assessment as applied, for failure to exhaust administrative remedies. It is FURTHER ORDERED that Judgment shall enter declaring hat the Town of Acton's Sewer Assessment Bylaw is valid on its face. COUNSEL to submit Judgment forthwith. (Butler, J.) Copies mailed**

Dated at Lowell, Massachusetts this 4th day of August, 2003.

Edward J. Sullivan,
Clerk of the Courts

BY: Philip Massa
Assistant Clerk

Telephone: 978-453-0201 EXT 231

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.    SUPERIOR COURT
CIVIL ACTION
NO. 01-2209

W. R. GRACE & CO. - CONN.

vs.

TOWN OF ACTON

## MEMORANDUM AND ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT

The plaintiff, W.R. Grace & Co. - Conn. ("Grace"), commenced this declaratory judgment action to obtain a ruling that the Sewer Assessment Bylaw ("Bylaw") adopted by the defendant, Town of Acton ("Acton"), is inconsistent with the requirements of G.L. c. 83 and is thus invalid under Section 6 of the Home Rule Amendment. Acton now moves for summary judgment, arguing (1) that the bylaw is valid and must therefore be upheld by the court and (2) that Grace's "as-applied" challenge is premature. Grace opposes and seeks summary judgment on its behalf. For the following reasons, Acton's motion for summary judgment is **ALLOWED** and Grace's cross motion for summary judgment is **DENIED**.

### BACKGROUND

The Court accepts as true the following undisputed facts based on the summary judgment record and sets forth only those which are relevant to this decision.

Grace owns land which is located within the Technology District (one of five subdistricts of the Industrial District) and Groundwater Protection District of the Zoning Bylaw of Acton, Massachusetts. The zoning of the Grace land permits commercial and business purposes.

Acton initiated the Middle Fort Pond Brook Sewer Project (the sewer project) which was

designed to establish and provide public sewer service to portions of Acton. All of Grace's property is located within the district to be served by a public sewer.

Acton adopted a Sewer Assessment Bylaw (Chapter D, Section 10 of the Town of Acton Bylaws) on October 5, 1998 (the Bylaw). An amended version of the Bylaw was approved by the Attorney General on November 30, 1999. The pertinent provisions are as follows:

> Section D10.1, <u>Allocation of Cost of Sewer System</u>. The entire cost of laying out, constructing and operating system for the collection, treatment and disposal of sewage for all or any part of the Town shall be borne by the land benefited by such system, in accordance with the following provisions, except that costs incurred in connection with the planning and construction of the sewer collection and treatment facility for Middle Fort Pond Brook Sewer District, for archeological studies, paving of roads, engineering peer reviews, police details, traffic studies, and land acquisition, amounting in total to $1,336,6000, shall be allocated to taxpayers at large; and except for such costs as the Town Meeting, by a two-thirds vote, at a town meeting subsequent to this November 15, 1999 Special Town Meeting, shall allocate to taxpayers at large.
>
> Section D10.2, <u>Assessment by Uniform Unit Method</u>. The Town, acting through its Sewer Commissioners, shall assess the owners of all land abutting any way in which there is a public sewer line constructed by the Town, by the uniform unit method, as authorized by G.L. c. 83, § 15.
>
> Section D 10.2 (b), The Sewer Commissioners shall establish sewer assessment units, as follows:
> Section 2.b(i) - The owner of land used for a single family residence shall be assessed on the basis of one sewer unit. The owner of undeveloped land zoned for single family residential use shall be assessed on the basis of the maximum number of single family residences which may be constructed on such land as of right under the zoning requirements then in effect, without approval of the further subdivision of such land under the Subdivision Control Law.
>
> Section 2.b(ii) - The owner of land used for multi-family residential use, shall be assessed on the basis of .67 times the number of dwelling units presently existing on such land, provided each unit has fewer than three bedrooms as defined by Title V. Vacant land zoned for multi-family use shall be assessed on the basis of .67 times the maximum number of units which can be constructed as of right under the zoning then in effect, without approval of further subdivision of such land under the Subdivision Control Law. Multi-family units with three or more bedrooms shall be assessed on the basis of one sewer unit per dwelling unit.

Each owner of a condominium or cooperative dwelling unit in a multi-family residential building shall be assessed only for his or her dwelling unit.

Section 2.b(iii) - The owner of land used or zoned for business use, including land in the Village, Office, business districts, except land in such districts actually used for residential or other purposes, shall be assessed on the basis of a number of sewer units calculated by multiplying the maximum floor area ratio (FAR) permitted as of right under the zoning requirements then in effect times the lot area and dividing the result by 4000, in accordance with the following formula.

$$\text{Number of Sewers Units} = \frac{\text{Maximum FAR} \times \text{Lot Area}}{4000}$$

Section 2.b.(iv) - The owner of land used or zoned for industrial use shall be assessed on the basis of a number of sewer units to be determined by the Sewer Commissioners, taking into account the expected daily sewage flow from such land based on Title V design flows.

This formula was adopted upon the advice of the City's Health Director in consultation with the Town Planner. The formula was based upon the Title V sewer calculations contained in the regulations of the Massachusetts Department of Environmental Protection.

Where the zoning of land within the Sewer District, including the Grace land, permits commercial and business uses, these were taken into account during the calculation of the buildout potential for such land. The Town treated the Grace property as if it were situated in a business zoning district for the purpose of determining the number of sewer units for the property. Notice of the preliminary calculation of sewer assessments was sent to each property owner, including Grace, in late 2000.

Acton imposed the estimated sewer assessments in accordance with G.L. c. 83, § 15B, on all properties in the area served by the Sewer Project. The total incurred construction costs for the sewer systems as of January 2, 2001 were $20,799,146. The total estimated assessments

imposed under the Bylaw were slightly less than half of $20,799,146.[1]

Grace's estimated sewer assessment was $2,249,541.65, based on an assignment to Grace of 302.66 sewer units.[2] That figure reflects a potential build-out calculation of 1,210,640 square feet office space for the property. The calculation did not include all parcels owned by Grace. The final amount of the sewer assessment has not been determined or assessed.

## DISCUSSION

Grace contends (1) that the Bylaw is inconsistent with G.L. c. 83 §§14 et seq. and is thus invalid under Section 6 of the Home Rule Amendment and (2) that the Bylaw was not properly applied to its property. Acton seeks summary judgment, asking that the Court declare the Bylaw to be valid, and to rule that Grace's as-applied challenge to the Bylaw is premature. Grace opposes and cross-moves for summary judgment for itself. The standard for summary judgment is well established. Mass. R. Civ. P. 56(c); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983), as are the burdens imposed on the parties seeking summary judgment, Community Nat'l Bank v. Dawes, 369 Mass. 550, 554 (1976); and procedures to be followed, LaLonde v. Eisner, 405 Mass. 207, 209 (1989); G.S. Enterprises, Inc. v. Falmouth Marine, Inc., 410 Mass. 262, 263 (1991). Where cross-motions for summary judgment have been brought, disposition of a case in this manner is

---

[1] In addition, the Town has incurred additional construction costs since the date of that calculation. The total incurred construction costs were $24,925,792 in the late fall of 2002. Because of certain contractor disputes related to the project, the final total costs of the project are not yet known with certainty, but are expected to exceed this figure.

[2] Grace elected to make its quarterly payments in installments over a thirty-year period. Grace has paid $95,105.88 as of November 7, 2002.

particularly appropriate, the parties having asserted there are no material facts in dispute. Colley v. Benson, Young & Downs Ins. Agency, Inc., 42 Mass.App.Ct. 527, 529 (1997).

### The Enabling Statute and the Bylaw

G.L. c. 83, §§ 14 *et. seq.* provides the mechanism by which a town may make assessments for a proportional charge of making and repairing a main drain or common sewer. General Laws c. 83, § 14, entitled "Authorization," states that "[a] person who enters his particular drain into a main drain or common sewer, or who by a more remote means receives benefit thereby for draining his land or buildings, shall pay to the town a proportional part of the charge of making and repairing the same." G.L. c. 83, § 15 provides the two alternative methods by which a town may make these assessments: fixed uniform rate or uniform unit method. G.L. c. 83, § 15 states in pertinent part:

> The city council of a city or a town may adopt a system of sewerage for a part or the whole of its territory, and may provide that assessments under section fourteen shall be made upon owners of land within such territory by a fixed uniform rate or a rate based upon a uniform unit method.
> ...
> A uniform unit method shall be based upon sewerage construction costs divided among the total number of existing and potential sewer units to be served, after having proportioned the cost of special and general benefit facilities. Each sewer unit shall be equal to a single family residence. Potential sewer units shall be calculated on the basis of zoning then in effect. Existing and potential multifamily, commercial, and semipublic uses shall be converted into sewer units on the basis of residential equivalents.

Acton adopted the uniform unit method in the Bylaw.[3]

---

[3] "D 10.2 Assessment by Uniform Unit Method. The Town, acting through its Sewer Commissioners, shall assess the owners of all land abutting any way in which there is a public sewer line constructed by the Town, by the uniform unit method, as authorized by G.L. c. 83, § 15."

Grace contends that it has been disproportionally assessed for its portion of the sewer project as a result of the formula used by Acton to convert Grace's sewer units into residential equivalents.[4] Specifically, it argues that Acton is incorrect in using residential units which are rounded down from numbers based on Title V regulations in the same formula with commercial units that are calculated using maximum amounts.

The Massachusetts' Home Rule Amendment specifically grants certain legislative powers to cities and towns. Art. 89, § 6, of the Amendments to the Massachusetts Constitution. Acton's bylaw was enacted in accordance with the Home Rule Amendment, and as authorized by the Legislature pursuant to G.L. c. 83, § 15.

Moreover, municipal bylaws are presumed to be valid. Take Five Vending, Ltd. v. Town of Provincetown, 415 Mass. 741, 744 (1993); Fafard v. Conservation Commission of Barnstable, 432 Mass. 194, 203 (2000). A town exceeds its power to govern locally only when it passes a bylaw that is inconsistent with the Constitution or the laws of the Commonwealth. Art. 89, § 6, of the Amendments to the Massachusetts Constitution; G.L. c. 43B, § 13 (1984 ed.). Municipalities have considerable latitude in adopting bylaws consistent with the laws of the state; a bylaw will be invalidated only when a "sharp conflict" exists between the bylaw and the statute. Take Five Vending, Ltd. at 744, citing Bloom v. Worcester, 363 Mass. 136, 154 (1973). This conflict "appears when either the legislative intent to preclude local action is clear, or, absent plain expression of such intent, the purpose of the statute cannot be achieved in the face of the local bylaw." Id., citing Grace v. Brookline, 379 Mass. 43, 54 (1979); see also, Fafard v. Conservation Commission of Barnstable, 432 Mass. at 200. No such conflict exists here.

---

[4] Grace advances no argument concerning the validity of G. L. c. 83 §§ 14 et seq.

Nothing in the statute precludes the town from enacting a bylaw that sets forth the uniform unit method and explains the process that will be used to assess charges. In fact, the statute expressly allows the town to choose the uniform unit method, and thus enables the town to act accordingly. "When analyzing a grant of power of to a municipal government we must keep in mind 'a grant of an express power carries with it all unexpressed, incidental powers necessary to carry it into effect.'" Fafard, 232 Mass. at 206, quoting Greater Boston Real Estate Bd. v. Boston, 397 Mass. 870, 876-877 (1986), quoting Flynn v. Cambridge, 383 Mass. 152, 158 (1981).

Given the express authorization in G.L. c. 83, § 15, for a uniform unit method of assessment, an analysis concerning the attainability of the statute's purpose in the face of the Bylaw is unnecessary. In any event, the presumed purpose of G.L. c. 83 §§ 14 *et seq.* is to ensure that those benefitting from the creation and repair of a common sewer pay their proportional part of the charge. The Legislature set forth the two methods by which the town could ensure proportional charges but allowed the town the discretion to decide the formula with which it may follow the method. The town has chosen one of the two methods and applied it, following Title V regulations as a basis for its calculations. Upon review of the entire summary judgment record, this Court rules that Acton's formula does not frustrate the goal of proportionality. The Bylaw is not inconsistent with G.L. c. 83 §§ 14 *et seq.* For this reason, and on the grounds stated above, the court declares the Bylaw to be valid.

### Prematurity of Claim

Grace argues not only that the bylaw is inconsistent with G.L. c. 83 §§ 14 et seq. but that the method applied allowed for an overestimation of its property. For example, when calculating the estimated assessment, Acton assumes that each business use will be converted to office space and developed to the maximum presently permissible floor area ratio. Grace alleges that it cannot develop its property to the 1.2 million square feet that the formula assumes.[5]

G.L. c. 83, § 15B allows towns to collect estimated sewer assessments and, upon the determination of the final costs of construction, to collect actual assessments. G.L. c. 83, § 15B. The statute specifically provides that the abatement procedures available through G.L. c. 80 apply only to actual assessments and do not apply to the estimated assessments. G.L. c. 83, § 15B. Grace's challenge to the bylaw based upon the evaluation of its property is an appropriate argument for an abatement which, according to G.L. c. 83, § 15B, may only occur after the final costs have been assessed. Therefore, Grace's as-applied challenge is premature.

### ORDER

For the abovementioned reasons, this Court **ORDERS** that the defendant's motion for summary judgment is **ALLOWED**. It is **FURTHER ORDERED** that the plaintiff's cross motion for summary judgment is **DENIED**.

Judgment shall enter dismissing the plaintiff's challenge to its assessment as applied, for failure to exhaust administrative remedies.

---

[5] In its comprehensive summary judgment materials, Grace challenges several other premises by which Acton calculated its estimated assessment. These, too, should be advanced by means of an application for abatement.

It is **FURTHER ORDERED** that judgment shall enter declaring that the Town of Acton's Sewer Assessment Bylaw is valid on its face.

*Elizabeth Butler*
Elizabeth Butler
Justice of the Superior Court

DATED: July 29, 2003

ENTERED: August 4, 2003

COUNSEL TO SUBMIT JUDGMENT FORTHWITH