# EXHIBIT A

## ASSIGNMENT AND ASSUMPTION AGREEMENT

This Assignment and Assumption Agreement (this "Agreement") is made this 29th day of September, 2004, by and between W. R. GRACE & CO. – CONN., a Connecticut corporation having an address of 7500 Grace Drive, Columbia, Maryland 21044 ("Grace") and MAF VENTURES, LP, having an address c/o WP Realty, Inc., 940 Haverford Road, Bryn Mawr, Pennsylvania 19010 ("the Prime Landlord").

## WITNESSETH:

WHEREAS, by Agreement of Lease dated May 24, 1979, as amended by Addendum to Lease dated May, 1985 (the "Prime Lease"), between West York Associates, predecessor in interest to Prime Landlord, and Grace, then known as W. R. Grace & Co., West York Associates leased to Grace that certain property having a street address of 1201 Carlisle Road, York, Pennsylvania (the "Premises"); and

WHEREAS, pursuant to assignment dated January 25, 1998, Delco Mall Corp. became the successor in interest to West York Partnership, which had succeeded to the interests of West York Associates, under the Prime Lease; and

WHEREAS, pursuant to assignment dated July 14, 2004, the Prime Landlord became the successor in interest to Delco Mall Corp. under the Prime Lease; and

WHEREAS, by Agreement of Sublease dated May 24, 1979 between Grace and Channel Home Centers, Inc., a Delaware corporation, as amended and restated by Restated Agreement of Sublease dated November 25, 1986 (the "Internal Grace Sublease"), between Grace and Grace Retail Corporation, a Delaware corporation, Grace subleased the Premises to Grace Retail Corporation; and

WHEREAS, pursuant to Assignment and Assumption of Sublease dated November 26, 1986, Channel Home Centers Realty Corporation, a Delaware corporation ("Channel") became the successor in interest to Grace Retail Corporation; and

WHEREAS, by Agreement of Sublease dated August 20, 1990 (the "Sublease") between Channel and Ollie's Bargain Outlet, Inc., a Pennsylvania corporation ("Ollie's"), Channel further subleased the Premises to Ollie's; and

WHEREAS, in connection with the bankruptcy of Channel, pursuant to an order of court dated March 18, 1992, Grace became the successor in

- 1 -

interest to Channel, thereby causing the Internal Grace Sublease to be extinguished by the merger of estates; and

WHEREAS the effect of all of the foregoing transactions is that the Prime Landlord is the owner and prime landlord of the Premises, Grace is the Prime Landlord's tenant, and Ollie's is Grace's subtenant; and

WHEREAS Grace filed a voluntary petition for reorganization relief pursuant to Title 11 of the United States Code, 11 U.S.C. Sections 101 et seq., (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") on April 2, 2001 (the "Filing Date"), and has operated its business as a debtor-in-possession (as defined in Section 1101 of the Bankruptcy Code), as authorized by Sections 1107 and 1108 of the Bankruptcy Code since the Filing Date; and

WHEREAS Grace now desires to sell and assign to the Prime Landlord all of Grace's right, title and interest in and to the Prime Lease and the Sublease, and the Prime Landlord desires to purchase such interest, accept such assignment and assume the obligations of Grace thereunder, on the terms and conditions hereinafter set forth,

NOW, THEREFORE, FOR GOOD AND VALUABLE CONSIDERATION, the receipt and sufficiency of which is hereby acknowledged, and the mutual covenants herein contained, the parties hereto hereby agree as follows:

1. Assignment and Assumption.

    1.1. Assignment. Subject to the terms and conditions of Section 6 of this Agreement, Grace hereby assigns, conveys, sets over and transfers unto the Prime Landlord, to have and to hold from and after the Effective Date (as hereinafter defined), (i) all of the right, title and interest of Grace in, to and under the Prime Lease and the leasehold estate created thereby, for the balance of the term of the Prime Lease, subject to the terms and conditions of the Sublease, and (ii) all of the right, title and interest of Grace in, to and under the Sublease.

    1.2. Assumption. Subject to the terms and conditions of Section 6 of this Agreement, the Prime Landlord hereby accepts such assignment and assumes the performance and observance of, and agrees to be bound by all of the terms, covenants, agreements, provisions and conditions of, the Prime Lease and the Sublease on Grace's part to be performed and observed for the period from and after the Effective Date.

    1.3. Obligations Until Effective Date. To the best of each party's knowledge, Grace and the Prime Landlord each hereby represents to the

-2-

other that it is not aware of any default that remains uncured under the Prime Lease and/or the Sublease prior to the date hereof. From the date hereof until the Effective Date, (i) the Prime Landlord shall continue to remain liable for all obligations of Prime Landlord under the Prime Lease, (ii) Grace shall continue to remain liable for all obligations of Grace under the Prime Lease and the Sublease, and (iii) each party shall indemnify and hold the other harmless of, from and against any and all costs, claims, obligations, damages, penalties, causes of action, losses, injuries, liabilities and expenses, including, without limitation, reasonable attorneys' fees, arising by reason of such party's failure to so perform its obligations from the date hereof until the Effective Date.

2. <u>Consideration</u>. In consideration of Grace entering into this Agreement, the Prime Landlord shall pay to Grace the sum of One Hundred Thousand Dollars ($100,000.00), which sum shall be payable on or before the Effective Date.

3. <u>Prorations</u>. Grace and the Prime Landlord shall make all normal and customary prorations under the Prime Lease and the Sublease, including, without limitation, rents, real estate taxes, common area maintenance charges, and utility charges, such prorations to be made on, and as of, the Effective Date.

4. <u>Mutual Release</u>. Each party hereby unconditionally, absolutely and irrevocably agrees to release and hold the other harmless from and against any and all claims of any nature whatsoever, now existing or hereafter arising, that it may now possess against the other relating to the Prime Lease or the Premises, except for such obligations as are created pursuant to the express provisions of this Agreement.

5. <u>Indemnification</u>.

5.1. <u>By Prime Landlord</u>. The Prime Landlord hereby unconditionally, absolutely and irrevocably agrees to indemnify and hold Grace harmless of, from and against any and all costs, claims, obligations, damages, penalties, causes of action, losses, injuries, liabilities and expenses, including, without limitation, reasonable attorneys' fees, arising by reason of or in connection with the Prime Landlord's failure to perform its obligations under the Sublease arising or accruing on and after the Effective Date.

5.2. <u>By Grace</u>. Grace hereby unconditionally, absolutely and irrevocably agrees to indemnify and hold the Prime Landlord harmless of, from and against any and all costs, claims, obligations, damages, penalties, causes of action, losses, injuries, liabilities and expenses, including, without limitation, reasonable attorneys' fees, arising by reason of or in connection with Grace's failure to perform its obligations under the Sublease arising or accruing prior to the Effective Date.

6. <u>Bankruptcy Court Approval</u>. This Agreement shall not become effective unless approved by the Bankruptcy Court. Grace shall use its good faith diligent efforts to pursue Bankruptcy Court approval of this Agreement and the transaction which is the subject hereof. As used in the provisions of this Agreement, the "Effective Date" shall be the third business day following the date on which the order entered by the Bankruptcy Court authorizing and approving this Agreement and the transaction which is the subject hereof (the "Bankruptcy Court Order") becomes final. The Bankruptcy Court Order shall not be deemed final until the time to appeal has expired without any appeal having been filed and without entry of any stay pending appeal. Either party shall have the right to terminate this Agreement, by notice to the other, if the Effective Date shall not have occurred on or before February 28, 2005.

7. <u>Miscellaneous</u>.

7.1. <u>No Broker</u>. Grace and the Prime Landlord each warrants and represents to the other that no broker, agent or finder has been retained by it in connection with this Agreement or any transaction contemplated hereby, and each agrees to indemnify and hold the other harmless from all losses or claims based on or arising out of any assertion by any such party that it is entitled to any fee or compensation due to an agreement made by such party and the indemnitor in violation of the foregoing.

7.2. <u>Counterparts</u>. This Agreement may be executed in two counterparts, each of which shall be deemed an original, but both of which together shall constitute one and the same instrument.

7.3. <u>Time of the Essence</u>. Time is of the essence with respect to all provisions of this Agreement.

7.4. <u>Entire Agreement</u>. This Agreement constitutes the entire agreement between the parties hereto with respect to the subject matter hereof, and supersedes any and all written or oral agreements with respect hereto. This Agreement may be amended or modified only by instrument signed by both of the parties hereto.

7.5. <u>Rules of Construction</u>. Grace and the Prime Landlord have each been represented by legal counsel in the preparation of this Agreement, and the rule of construction that documents be construed against the drafter shall not apply to this Agreement.

7.6. <u>Governing Law</u>. The parties agree that the Bankruptcy Court has exclusive jurisdiction to enforce the provisions of this Agreement and to decide any claims or disputes which may arise or result from or be connected with this Agreement, any breach or default hereunder, or the transaction contemplated thereby.

IN WITNESS WHEREOF, the parties hereto have duly executed this Agreement as a sealed instrument as of the day and year first above written.

W. R. GRACE & CO. – CONN.

By: _____
W. Brian McGowan
Senior Vice President


MAF VENTURES, LP

By: Delco WP Developers, Inc., its general partner

By: _____
Name: Bryan S. Weingarten
Title: President