IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

**DEBTORS' MOTION FOR LEAVE FROM THIS COURT'S NOVEMBER 25, 2003 SCHEDULING ORDER AND TO SHORTEN NOTICE PERIOD OF DEBTORS' MOTION FOR ENTRY OF AN ORDER EXTENDING THE TIME WITHIN WHICH THE DEBTORS MUST FILE A CHAPTER 11 PLAN**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby move this Court (the "Motion"), pursuant to Del. Bankr. LR 9006-1(e), Rule 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 102 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), for an Order shortening the notice period with respect to the *Debtors' Motion for Entry of an Order Extending the Time Within which the Debtors Must File a Chapter 11 Plan* (the "Plan Extension Motion") and for

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

leave from this Court's *Amended Order Scheduling Omnibus Hearing Dates* (the "Scheduling Order"), dated November 25, 2003, so that the Plan Extension Motion may be heard at the Debtors' October 25, 2004 omnibus hearing that is scheduled in the above-referenced bankruptcy cases.

Pursuant to the Scheduling Order, motions to be heard at the October 25, 2004 omnibus hearing were to be filed on or before September 20, 2004.

Del. Bankr. LR 9006-1(c) provides that unless the Federal Rules of Bankruptcy Procedure or the Local Rules state otherwise, "all motion papers shall be filed and served in accordance with Local Rule 2002-1(b) at least fifteen (15) days (eighteen (18) days if service is by mail) prior to the hearing date."

Bankruptcy Rule 9006(c) provides that when an act is required to be done within a specified time by the Bankruptcy Rules "the court for cause shown may in its discretion with or without motion or notice order the period reduced." Similarly, Del.Bankr.LR 9006-1(e) provides in pertinent part that "no motion will be scheduled on less notice than required by these Rules or the Fed. R. Bankr. P. except by Order of the Court, on written motion . . . specifying the exigencies justifying shortened notice."

Accordingly, the Debtors file this motion seeking an Order of this Court for leave of the Scheduling Order and shortening the notice period prescribed by Del. Bankr. LR 9006-1(c) to enable the Debtors to have the Plan Extension Motion heard at the Debtors' next omnibus hearing on October 25, 2004 at 12:00 p.m. The Debtors also respectfully request that the Court establish October 20, 2004 at 4:00 p.m. as the deadline to object to the Plan Extension Motion.

The Debtors currently have a chapter 11 plan and disclosure statement drafted and ready to be filed. Nonetheless, the Debtors have continued to meet with all of the creditors'

committees in an attempt to arrive at a consensual chapter 11 plan. In a meeting today among the Debtors, the Asbestos Personal Injury Committee, and the Asbestos Property Damage Committee (collectively, the "Asbestos Committees"), sufficient progress was made for the parties to conclude that additional negotiations could lead to a consensual chapter 11 plan. The Debtors and the Asbestos Committees feel that it would hinder the process, if the Debtors' current chapter 11 plan were to be filed and made public at this time.

Counsel for the Asbestos Committees have indicated that they support the relief requested herein and the relief requested in the Plan Extension Motion.

Given the nature of the relief requested in the Plan Extension Motion and the fact that counsel for the Asbestos Committees have already consented to the shortened notice period, the Debtors respectfully submit that the limited notice described above is appropriate. Under the circumstances, the Debtors submit that shortening the notice period of the Plan Extension Motion is in the best interests of the Debtors' estates, as it will allow the Debtors additional time to pursue a consensual chapter 11 plan process.

WHEREFORE, the Debtors respectfully request the entry of an Order (i) granting the Debtors' leave from the Scheduling Order, (ii) shortening the notice period with respect to the Plan Extension Motion, and (iii) and setting the objection deadline to the Plan Extension Motion at October 20, 2004 at 4:00 p.m., as set forth above.

Dated:  October 14, 2004

                          KIRKLAND & ELLIS LLP
                          David M. Bernick, P.C.
                          Janet S. Baer
                          Jonathan Friedland
                          Samuel L. Blatnick
                          200 East Randolph Drive
                          Chicago, IL  60601
                          Telephone:  (312) 861-2000

                          Bennett L. Spiegel
                          Lori Sinanyan
                          777 South Figueroa Street
                          Los Angeles, CA  90017
                          Telephone:  (213) 680-8400

                          and

PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.

_____
Laura Davis Jones (Bar No. 2436)
David W. Carickhoff, Jr. (Bar No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for the Debtors and
Debtors in Possession

**The Plan Extension Motion is hereby scheduled to be heard at the Debtors' October 25, 2004 omnibus hearing.**

**Any objections to the Plan Extension Motion must be filed and served so as to be received by October 20, 2004 at 4:00 p.m.**

**SO ORDERED** this 15th day
of October, 2004

_Judith K. Fitzgerald_ / reb
_____
The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge