UNITED STATES BANKRUPTCY COURT

DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>W.R. GRACE & CO., INC., et al.,<br><br>Debtors, | Chapter 11<br><br>Case No.: 01-01139 (JFK)<br><br>(Jointly Administered)<br><br>Hearing Date: November 15, 2004 @ 12:00 p.m.<br><br>Response Date: October 15, 2004 12:00 p.m. |

## RESPONSE OF ROCCO & ZWEIFACH TO DEBTORS' FIFTH OMNIBUS OBJECTION TO CLAIMS (SUBSTANTIVE)

TO: THE HONORABLE JUDITH K. FITZGERALD
UNITED STATES BANKRUPTCY JUDGE:

Rocco & Zweifach (the "Claimant" or "R&Z"), appearing pro se, hereby responds to Debtors' Fifth Omnibus Objection to Claims (Substantive), dated May 5, 2004 (the "Claims Objection") filed by W. R. Grace & Co. ("W.R. Grace"), and respectfully represents as follows:

### BACKGROUND

1. R&Z's claim, **claim no. 1205**, seeks payment of the amount of $19,454.00 for legal services rendered to Richard N. Sukenik, the former controller of debtor W.R. Grace, during the period March 1, 2000 through May 31, 2000 (hereinafter the "R&Z Claim"). A copy of the R&Z Claim is attached as Exhibit A to the accompanying Declaration of Ratification of Richard N. Sukenik ("Sukenik Declaration").

2. The legal services relate to an investigation by the Miami Office of the Securities Exchange Commission concerning reserves accrued by W.R. Grace (the "SEC

Reserve Investigation"). By Letter Agreement dated March 12, 1997, W.R. Grace agreed to defend and indemnify Mr. Sukenik in accordance with the provisions of Article VI of its by-laws and "pay upon request the reasonable expenses, including attorneys' fees, incurred by [Mr. Sukenik] or on [his] behalf in the defense of the [SEC Reserve Investigation] through its final conclusion." (See Sukenik Declaration Ex. B thereto.)

3. Initially, Mr. Sukenik was represented in the SEC Reserve Investigation by the law firm of Gordon Altman Butowsky Weitzen Shalov & Wein ("Gordon Altman"). (See id.) Lawrence J. Zweifach, then a partner of Gordon Altman, was the lead attorney representing Mr. Sukenik. Samuel L. Barkin, also a partner of Gordon Altman, also represented Mr. Sukenik in connection with the matter.

4. After entering into the Letter Agreement, Gordon Altman rendered legal services to Mr. Sukenik in connection with the SEC Reserve Investigation. Gordon Altman forwarded all bills directly to W.R. Grace and of the fees relating to the Sukenik representation were paid directly by W.R. Grace. Attached hereto as Exhibit 1 are copies of the cover pages from a sampling of invoices and correspondence sent to W.R. Grace. These documents make clear that W.R. Grace, Mr. Sukenik and his counsel operated pursuant to the terms of the Letter Agreement and that Mr. Sukenik's counsel was a third-party-beneficiary of the Letter Agreement.

5. On February 29, 2000, Gordon Altman ceased practicing law and the firm went into liquidation. On March 1, 2000, Mr. Zweifach, Mr. Barkin, Victor J. Rocco and Richard Cashman formed the law firm of Rocco & Zweifach. From that point forward R&Z represented Mr. Sukenik in the SEC Reserve Investigation.

6. R&Z ceased practicing law on June 1, 2000, when all of its attorneys joined the firm of Heller Ehrman White & McAuliffe LLP. Thereafter, Mr. Sukenik has been represented by Heller Ehrman White & McAuliffe LLP.

7. None of the fees or expenses associated with the R&Z Claim have been paid by Mr. Sukenik or W.R. Grace. Accordingly, the entire amount of the R&Z Claim

is still due and owing.

## RESPONSE

### I. R&Z IS A THIRD PARTY BENEFICIARY ENTITLED TO ENFORCE THE LETTER AGREEMENT

8. The Claims Objection seeks to have the R&Z Claim disallowed on the grounds that the "obligation is owed to client [Mr. Sukenik] and not law firm [R&Z]." See Notice of Filing Debtors' Fifth Omnibus Objection to Claims (Substantive) – Reason for Proposed Disallowance. This is incorrect.

9. As noted above, the Letter Agreement states that W.R. Grace would "pay upon request the reasonable expenses, including attorneys' fees, incurred by [Mr. Sukenik] or on [his] behalf." (Sukenik Declaration Ex. B, emphasis added.) The promise to pay upon request attorneys' fees incurred on Mr. Sukenik's behalf evidences W.R. Grace's intent to pay Mr. Sukenik's attorneys directly for legal services rendered on Mr. Sukenik's behalf. In fact, after the Letter Agreement was signed, all of Gordon Altman's fees incurred on Mr. Sukenik's behalf were billed directly to W.R. Grace by Gordon Altman, and all of those fees were paid directly to Gordon Altman by W.R. Grace.

10. Consistent with that understanding and course of dealing, after Mr. Zweifach formed R&Z, he continued to bill W.R. Grace directly for legal services rendered to Mr. Sukenik. At no time did W.R. Grace object to R&Z's invoices.

11. It is established under Delaware law that if performance of a promise will satisfy an obligation which a promisee owes a beneficiary, the latter is a creditor beneficiary with standing to sue. Blair v. Anderson, 325 A.2d 94, 97 (Del. Supr. 1974); see Royal Indemnity Co. v. Alexander Industries, Inc., 211 A.2d 919, 921 (Del. Supr. 1965) (where one party assumes another party's responsibility to perform its contract to pay for services, that promise confers upon the service providers right of action as third party beneficiaries).

12. Here, W. R. Grace undertook to pay Mr. Sukenik or his attorneys directly

3

for services rendered to Mr. Sukenik. Accordingly R&Z is a third-party beneficiary to the Letter Agreement and is owed the monies at issue in the R&Z Claim by W.R. Grace.

## II. MR. SUKENIK HAS RATIFIED THE R&Z CLAIM

13. Even if R&Z were not a third-party beneficiary, which it is, W.R. Grace's Claims Objection should still be denied. The core of W.R. Grace's objection is that R&Z is not the real party in interest with respect the monies owed to R&Z pursuant to the R&Z Claim. As the foregoing demonstrates, this contention is without merit. Nevertheless, in order to assure the Court and W.R. Grace that Mr. Sukenik will not make any claim for legal fees due R&Z that are the subject of the R&Z Claim, Mr. Sukenik has ratified the R&Z Claim pursuant to Fed. R. Bankr. P. 7017(a).

14. Through its incorporation of Fed. R. Civ. P. 17(a), Fed. R. Bankr. P. 7017(a) provides, in relevant part, that

> [E]very action shall be prosecuted in the name of the real party in interest. ... No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; ... and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

15. The concern behind Rule 17(a) is to protect a defendant from a subsequent action by the party actually entitled to recover and to insure generally that the judgment will have its proper res judicata effect. In re National Paragon Corp., 1987 U.S. Dist. LEXIS 11270, at *4 (E.D. Pa. Dec. 2, 1987). When a real party in interest ratifies the commencement of the action by another, however, under Rule 17(a) such ratification has "the same effect as if the action had been commenced in the name of the real party in interest." Fed. R. Civ. Pr. 17(a). "Ratification by the real party in interest, moreover, will serve to bar a subsequent action by that party." In re National Paragon Corp., 1987 U.S. Dist. LEXIS 11270, at *5.

16. In Icon Group, Inc. v. Mahogany Run Dev. Corp., 829 F.2d 473 (3d Cir. 1987), the Third Circuit addressed the sufficiency of a ratification for purposes of Rule

4

17(a). The Third Circuit stated that for a proper ratification the ratifying party must submit a ratifying instrument which identifies the action as the subject of the ratification, authorizes the continuation of the action by one other than the ratifying party, and expresses the agreement of the ratifying party to be bound by the outcome of the action. 829 F.2d at 478.

17. Here, Mr. Sukenik has executed a Declaration of Ratification in which he ratifies and approves the filing and continued prosecution by R&Z of the R&Z Claim, agrees to be bound by any order or judgment resulting from, arising out of, or relating to the R&Z Claim, and warrants (so long as the instant objection to the R&Z Claim is denied), that he will bring no claim against the debtors relating to the R&Z Claim or for payment of the legal services covered by the R&Z Claim. Sukenik Declaration ¶¶ 6-8.

18. This Declaration is sufficient to constitute a proper ratification for purposes of Rule 17(a).

## CONCLUSION

For the foregoing reasons, Debtors' Fifth Omnibus Objection to Claims (Substantive), dated May 5, 2004, to the Claim of Rocco & Zweifach (claim no. 1205) should be denied.

DATED: October 15, 2004

ROCCO & ZWEIFACH, *pro se*

By: _____
Samuel L. Barkin
c/o Heller Ehrman White & McAuliffe LLP
120 West 45th Street
New York, NY 10036
Telephone: (212) 832-8300
Facsimile: (212) 763-7600

**EXHIBIT 1**

**GRACE**

Robert H. Beber

W. R. Grace & Co.
One Town Center Road
Boca Raton, FL 33486-1010

(561) 362-1959
Fax: (561) 362-1970

January 7, 1999

Lawrence J. Zweifach, Esq.
Gordon Altman Butowsky
    Weitzen Shalov & Wein
114 West 47th Street
New York, NY 10036-1510

Dear Mr. Zweifach:

    I have reviewed the proposed voluntary reduction to your June 8, 1998 statement for services, and find it acceptable. That statement has now been submitted for payment.

                                   Yours truly,

cc:    Richard Sukenik

GORDON ALTMAN BUTOWSKY WEITZEN SHALOV & WEIN

114 WEST 47TH STREET

NEW YORK, N.Y. 10036-1510

W. R. GRACE & CO.

June 8, 1998

Re: Grace CMS #96-05348
    SEC Reserve Investigation
    In re W. R. Grace & Co. (A-1507)

For professional services rendered
during April 1998 as per attached
worksheet

|  |  |  |
|---|---|---|
|  | $50,941.50 |  |
| Voluntary Reduction | 5,500.00 | $45,441.50 |
| Disbursements: |  |  |
| Duplicating (1,858 pages) | $185.80 |  |
| Postage | 10.75 |  |
| Messenger services | 20.00 |  |
| Computer research fees | 776.62 | 993.17 |
| Amount Due |  | $46,434.67 |

42110/1010

A PARTNERSHIP WHICH INCLUDES A PROFESSIONAL CORPORATION

DISBURSEMENTS INCURRED FOR WHICH BILLS HAVE NOT BEEN RECEIVED OR HAVE NOT BEEN POSTED
AS OF THE DATE HEREOF WILL BE BILLED IN DUE COURSE.

# GORDON ALTMAN BUTOWSKY WEITZEN SHALOV & WEIN

TELEPHONE: (212) 626-0800
TELECOPIER: (212) 626-0799

114 WEST 47TH STREET
NEW YORK, N.Y. 10036-1510

WRITER'S DIRECT DIAL NUMBER
(212) 626-0850



OF COUNSEL

*ADMITTED IN CA ONLY

March 17, 1999

**By Federal Express**

Ms. Nelsa Bartley
W.R. Grace & Co.
Legal Department
One Town Center Road
Boca Raton, FL 33486-1010

Re:   Grace CMS #96-05348
      In re W.R. Grace & Co. (A-1507)

Dear Ms. Bartley:

As you requested, I have enclosed our check to W.R. Grace & Co. in the sum of $88,423.42, as a refund of the overpayment resulting from Grace's recent check to us in the sum of $233,888.56. Please do not hesitate to contact me if you have any questions.

Very truly yours,

Lawrence J. Zweifach

LJZ:sjm
Enclosure

A PARTNERSHIP WHICH INCLUDES A PROFESSIONAL CORPORATION

0038847

GORDON ALTMAN BUTOWSKY
WEITZEN SHALOV & WEIN

89069   03/10/99   03/10/99       68,423.42   OVER PAYMENT

03/17/99
038847
031492   W.R. GRACE          88,423.42

**CHASE** The Chase Manhattan Bank
270 Park Avenue, New York, NY 10017
1-2210

0038847
NO.

GORDON ALTMAN BUTOWSKY
WEITZEN SHALOV & WEIN
114 WEST 47TH STREET
NEW YORK, NY 10036

DATE 03/17/99      AMOUNT  $****88,423.42

88,423 DOLLARS & 42 CENTS

PAY TO THE ORDER OF   W.R. GRACE

BY [signature]

⑆038847⑆ ⑆021000021⑆ 0400395B7⑆

# GORDON ALTMAN BUTOWSKY WEITZEN SHALOV & WEIN

114 WEST 47TH STREET  
NEW YORK, N.Y. 10036-1510

W. R. GRACE & CO.

April 23, 1999

Re: Grace CMS #96-05348  
SEC Reserve Investigation  
In re W. R. Grace & Co. (A-1507)

| | | |
|---|---:|---:|
| For professional services rendered during March 1999 as per attached worksheet | $90,076.25 | |
| Accommodation: Deduction for professional services rendered by partner David Butowsky and all February time submitted late by associate Erika Gorrin | 8,774.25 | $81,302.00 |

Disbursements:

| | | |
|---|---:|---:|
| Duplicating (5,368 copies) | $536.80 | |
| Messenger services | 256.86 | |
| Computer research fees (80% of Billing Memorandum charge, $1,903.74) | 1,522.99 | 2,316.65 |
| Amount Due | | $83,618.65 |

42110/1010

A PARTNERSHIP WHICH INCLUDES A PROFESSIONAL CORPORATION

DISBURSEMENTS INCURRED FOR WHICH BILLS HAVE NOT BEEN RECEIVED OR HAVE NOT BEEN POSTED AS OF THE DATE HEREOF WILL BE BILLED IN DUE COURSE.

## GORDON ALTMAN BUTOWSKY WEITZEN SHALOV & WEIN

114 WEST 47TH STREET                                    NEW YORK, N.Y. 10036-1510

W. R. GRACE & CO.

June 8, 1999

Re:   Grace CMS #96-05348
      SEC Reserve Investigation
      In re W. R. Grace & Co. (A-1507)

| | | |
|---|---|---|
| For professional services rendered during April 1999 as per attached worksheet | | $39,338.00 |

Disbursements:

| | | |
|---|---|---|
| Duplicating (17,963 pages) | $1,796.30 | |
| Postage | 25.04 | |
| Messenger services | 114.25 | |
| Computer research fees (80% of Billing Memorandum Charge, $389.23) | 311.38 | 2,246.97 |
| Amount Due | | $41,584.97 |

42110/1010

A PARTNERSHIP WHICH INCLUDES A PROFESSIONAL CORPORATION

DISBURSEMENTS INCURRED FOR WHICH BILLS HAVE NOT BEEN RECEIVED OR HAVE NOT BEEN POSTED
AS OF THE DATE HEREOF WILL BE BILLED IN DUE COURSE.

GORDON ALTMAN BUTOWSKY WEITZEN SHALOV & WEIN
114 WEST 47TH STREET                                    NEW YORK, N.Y. 10036-1510

W. R. GRACE & CO.

June 17, 1999

Re:   Grace CMS #96-05348
      SEC Reserve Investigation
      In re W. R. Grace & Co. (A-1507)

| | | |
|---|---|---|
| For professional services rendered during May 1999 as per attached worksheet | | $48,698.75 |
| Disbursements: | | |
| Duplicating (1,359 copies) | $135.90 | |
| Messenger services | 30.60 | |
| Computer research fees (80% of Billing Memorandum charge, $245.99) | 196.79 | 363.29 |
| Amount Due | | $49,062.04 |

42110/1010

A PARTNERSHIP WHICH INCLUDES A PROFESSIONAL CORPORATION

DISBURSEMENTS INCURRED FOR WHICH BILLS HAVE NOT BEEN RECEIVED OR HAVE NOT BEEN POSTED AS OF THE DATE HEREOF WILL BE BILLED IN DUE COURSE.

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>W.R. GRACE & CO., INC., et al.,<br><br>Debtors, | Chapter 11<br><br>Case No.: 01-01139 (JFK)<br><br>(Jointly Administered)<br><br>Hearing Date: November 15, 2004 @ 12:00 p.m. |

### CERTIFICATE OF SERVICE

I, Samuel L. Barkin, hereby certify that on the 15th day of October, 2004, I served the

**RATIFICATION DECLARATION OF RICHARD N. SUKENIK CONCERNING ROCCO & ZWEIFACH CLAIM #1205;**

and

**RESPONSE OF ROCCO & ZWEIFACH TO DEBTORS' FIFTH OMNIBUS OBJECTION TO CLAIMS (SUBSTANTIVE)**

upon (1) Kirkland & Ellis LLP, Attention Rachel R. Schulman, Esq., 200 East Randolph Drive, Suite 6500, Chicago, Illinois 60601; and (2) Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C., Attention David W. Carickoff, Esq., 919 N. Market Street, 16th Floor, Wilmington, Delaware 19899-8705 (Courier 19801) by electronic means and Federal Express overnight courier.

_____
Samuel L. Barkin