IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| W.R. Grace & Company | ) | |
| | ) | Case No. 01-01139 |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Hearing Date: October 25, 2004, 12:00 p.m.** |
| | ) | **Related to Docket Nos. 6301, 6371** |

**SUPPLEMENTAL MOTION OF DAVID SLAUGHTER TO LIFT STAY AND
TO PROCEED TO LIQUIDATE HIS PERSONAL INJURY CLAIM IN THE PARISH
14TH JUDICIAL DISTRICT COURT OF THE CALCASIEU PARISH OF
THE STATE OF LOUISIANA**

**NOW COMES** Debtor, by and through counsel, and states as follows:

1.    On August 30, 2004, David Slaughter filed a Motion to Lift Stay pursuant to the rules of this Court. The lift stay concerned an action in Louisiana court in which W.R. Grace & Company is a co-defendant with Turner Industries, Ltd. The clear intent of this motion was to pursue discovery and liquidate damages. Attached to this supplement is the affidavit of the attorney for Mr. Slaughter (attached as Exhibit "A") and an affidavit of Mr. Slaughter (attached as Exhibit "B"), setting out the status of the case in Louisiana and why the case was actually filed subsequent to the petition for Chapter 11 relief being filed by the Debtor.

2.    The nature of the injuries and damages of Mr. Slaughter are specifically and particularly pointed out in the affidavit of Mr. Burgess and in the affidavit attached hereto of Mr. Slaughter. It is clear that Mr. Slaughter has sustained major injuries, including substantial special damages due to lost income and that W.R. Grace & Company is one of only two companies who are probably responsible.

3.    Debtor argues that the Movant overstepped bounds when it filed said motion by indicating that Mr. Slaughter believes that the obligation is non-dischargeable. That, of course, will be determined by this Court at a future date. The petition, however, does not seek relief of

non-dischargeability, but just the right to pursue discovery and, if necessary, liquidate the obligation with respect to W.R. Grace & Company.

    4.    Debtor argues that the stay gives the Debtor a breathing space.  That is true.  However, with respect to a personal injury claim, which is ripe to go forward against only two potential Defendants, it would seem imperative that the fairness of this Court should come down on the side to allow this claim to be litigated.  It is not a claim which, in and of itself, opens the floodgates to other litigation such as the asbestos claims against W.R. Grace & Company.  It is an individual claim, needing individual relief, for a severely injured claimant.  Obviously, the Court in Louisiana would prefer to go forward against both Defendants and avoid a trial now against Turner Industries, Ltd. and a trial in the future against W.R. Grace & Company, should this Court allow a case to go forward.  Claimant urges that this Court should allow this type of personal injury action to go forward in state court, rather than encumber the docket of this Court to liquidate each and every personal injury case against a corporation as large as W.R. Grace & Company, aside from the asbestos obligations which allegedly placed W.R. Grace & Company into the position to file a Chapter 11 proceeding.

    5.    A Bankruptcy Court clearly has the power to remand a proceeding to state court on equitable grounds.  It should weigh several factors:

    a.    duplication and uneconomic judicial effort;

    b.    prejudice to the parties;

    c.    forum non-convenes with state court is better able to respond;

    d.    comity;

    e.    lessen the possibility of inconsistent result; and

    f.    the expertise of the state court.

Continental Holdings, Inc. v. Continental Holdings, Inc., 158 B.R. 442 (1993) (attached as Exhibit "C"). Petitioner urges that the factors listed above clearly weigh in favor of lifting the stay to allow the proceedings to advance in Louisiana.

      6.      Debtor further requests that this case should be stayed so that the ADR program which they propose in their plan be allowed to deal with this case. However, Debtor has not filed its plan or program and has instead again moved for an extension to file a plan. The ADR proposed does not allow discovery, and clearly this must be accomplished to settle the liability of the two state defendants. This is not an asbestos case. Rather, it is a unique case and needs to be resolved at the state level. The delay of resolution, since Mr. Slaughter is unemployable at this point in time, would work gross injustice on Mr. Slaughter. When the equities are weighed, the denial of lifting the stay is clearly more prejudicial to Mr. Slaughter than allowing the action to proceed would be to the Debtor. The equities are in favor of lifting the stay. In Re: Rexene Products Company, 141 B.R. 574 (Bankr. D.DE 1992) (attached as Exhibit "D").

      7.      With respect to the Debtor's complaint that the action was filed on September 20th, slightly under six months after the petition was filed, there is no contest. However, to now order the case dismissed, when Mr. Slaughter's attorney had no understanding of the bankruptcy prior to filing the state action, is a harsh remedy. The injury occurred prior to the bankruptcy. Therefore, Plaintiff herein urges that the Court approve the late filing of this state court action against Defendant W.R. Grace & Company although, when filed, it inadvertently did violate the stay. Seeking permission to have a state suit proceed to liquidate a state claim, is not unusual. It is afforded to keep the calendar of this Court unencumbered and allow the state court, where there are multiple defendants, to try the case for judicial economy. The Defendants cite to In Re: Mako, Inc., 985 F.2d 1052, 1056 (10th Cir. 1993), as indicating that this would somehow give this Plaintiff an advantage over other unliquidated personal injury claimants. With respect to

similar tort claimants, it would not.  That is, it is not unusual to allow a state court action containing more than one defendant to go forward and liquidate the claim.  This frees the Bankruptcy Court from having to take evidence in a state case which belongs, in this case, in the state of Louisiana.  It also allows quick adjudication in that state of the issues of liability and damages.  Thus, it liquidates the claim and allows this Court to approve a plan with the Claimant herein merely being one liquidated unsecured creditor and more easily dealt with in any plan.  The Claimant herein has a unique and individual claim which is unlike any other claim of a personal injury currently pending against W.R. Grace & Company.  It will not give him any additional rights above those of other unsecured creditors except that his case would be liquidated.  <u>In Re: Mako, Inc.</u> deals with preferences and raising certain creditors to a position of receiving funds that were not even due them.  Thus, this language is not applicable to a lifting of a stay to allow a personal injury claim to go forward and be liquidated.

       8.      It is clear from Mr. Burgess' affidavit that the violation of the stay was inadvertent and unknowing.  Since being advised of the bankruptcy, he had advised the Louisiana court and no proceedings have occurred, nor will they occur without this Court's permission.  The Louisiana court is awaiting this Court's decision to understand how to proceed.  Furthermore, the employees of Debtor will be witnesses in the state action even if Debtor is severed.  Thus, Debtor may be involved if it provides counsel for its employees.

      **WHEREFORE**, Claimant/Creditor respectfully requests that this Court approve the filing of the suit in Louisiana on September 20, 2001, and that this Court lift the stay to allow discovery and/or trial on the merits for liquidation of these claims against the bankrupt entity W.R. Grace & Company.  The Claimant would then come before the Bankruptcy Court before

exercising any rights against insurance, which might cover this injury. The claim would then stand as a liquidated unsecured claim for proper administration by this Court.

        By:    */s/ Robert Jacobs, Esquire*
              Robert Jacobs, Esquire (Attorney ID # 0244)
              Jacobs & Crumplar, P.A.
              P.O. Box 1271
              2 East 7th Street
              Wilmington, DE 19899
              (302) 656-5445

              *Attorney for David Slaughter*

Dated: October 15, 2004

F:\WP70\Bankruptcies\Bankruptcies\SLAUGHTER, David v. W.R. Grace & Co\Pleadings\Motion to Lift Stay (J&C) - Never Filed\Supplemental Motion to Lift Stay_101404.rj.doc