Westlaw.

141 B.R. 574    FOR EDUCATIONAL USE ONLY
141 B.R. 574
**(Cite as: 141 B.R. 574)**

United States Bankruptcy Court,
D. Delaware.

In the Matter of REXENE PRODUCTS COMPANY, Rexene Corporation, Debtors.
Leonard N. IZZARELLI and Donald J. Schelfhout, on Behalf of Themselves and All
Other 1986 Participants in the El Paso Products Company Stock Bonus Plan,
Movants,
v.
REXENE PRODUCTS COMPANY, Rexene Corporation, Debtors.

**Bankruptcy Nos. 91-1057, 91-1058.
Motion No. 92-2.**

April 10, 1992.

Civil plaintiffs moved for relief from stay in order to pursue class action against Chapter 11 debtor. The Bankruptcy Court, Helen S. Balick, J., held that plaintiffs demonstrated cause for relief from stay.

Relief granted.

West Headnotes

**[1] Bankruptcy ☞2422.5(4.1)**
51k2422.5(4.1) Most Cited Cases
 (Formerly 51k2422.5(4))

Factors to consider in determining whether claimant is entitled to relief from stay in order to pursue action pending against debtor in nonbankruptcy forum are whether any great prejudice to either estate or debtor would result from continuation of civil suit, whether hardship to claimant by maintenance of stay considerably outweighs hardship to debtor, and whether creditor has probability of prevailing on merits. Bankr.Code, 11 U.S.C.A. § 362(d)(1).

**[2] Bankruptcy ☞2439(3.1)**
51k2439(3.1) Most Cited Cases
 (Formerly 51k2439(3))

Claimant seeking relief from stay in order to proceed with pending civil suit has initial burden of establishing prima facie case of cause for relief which must then be rebutted by debtor. Bankr.Code, 11 U.S.C.A. § 362(g).

**[3] Bankruptcy ☞2422.5(4.1)**
51k2422.5(4.1) Most Cited Cases
 (Formerly 51k2422.5(4))

Civil plaintiffs were entitled to relief from stay in order to prosecute class action against Chapter 11 debtor; discovery was nearly complete, with both parties ready for trial prior to bankruptcy filing, trial of claim in bankruptcy court would be burdensome to plaintiffs and risk unnecessary, duplicative litigation, and plaintiffs had at least some probability of success on merits of suit. Bankr.Code, 11 U.S.C.A. § 362(d)(1).
*574 Judith A. Reigel, Bradley W. Hoover, Houston, Tex., David B. Stratton, Wilmington, Del., for movants.

W. Ted Minick, Benjamin C. Wilson, Houston, Tex., David E. Massengill, Mark Thompson, Jay S. Handlin, New York City, James L. Patton, Jr., Laura Davis Jones, Wilmington, Del., for debtors.

*575 MEMORANDUM OPINION AND ORDER

HELEN S. BALICK, Bankruptcy Judge.

Leonard N. Izzarelli and Donald J. Schelfhout, individually and as class representatives, seek relief from stay to prosecute a class action against Rexene Products Company and Rexene Corporation. For the reasons that follow, the motion is GRANTED.

I. *Facts*

The lawsuit stems from the allocation of a company stock contribution to the El Paso Products Company Stock Bonus Plan (now the Rexene Products Company Stock Bonus Plan) (Plan) for the 1986 plan year. Movants allege various ERISA violations and breaches of fiduciary duties owed the Plan and its participants. The suit was filed February 8, 1991 in the United States District Court for the Western District of Texas and assigned to Chief Judge Lucious D. Bunton. Also named as defendants are Texas Commerce Bank-Odessa (the Trustee under the Plan) and the Plan itself.

A motion for class certification was filed in the lawsuit on May 8, 1991. Debtors filed a motion for summary judgment in the lawsuit on May 24, 1991. On July 18, 1991, the District Court held an oral hearing on the two motions; stipulated facts, documentary evidence, and arguments of counsel were submitted at the hearing. The District Court issued an order staying the action, certifying the class, and denying Debtor's motion for summary judgment on December 10, 1991. (In the meantime, an August 5, 1991 trial date was continued.)

The Debtors filed for relief under Chapter 11 of Title 11 on October 18, 1991. Movants filed proofs of claim annexing the lawsuit complaint in this bankruptcy proceeding. The relief from stay motion was filed January 6, 1992. A hearing was held March 4, 1992, with decision reserved. This is the promised Opinion.

Many of the relevant facts were stipulated to by the parties. Additionally, the court heard the testimony of Jacks C. Nickens, lead counsel to *Izzarelli* claimants in the lawsuit, and Margaret Vandervalk, associate general counsel for litigation with Rexene Products Company.

Mr. Nickens testified that if the stay were lifted, the case would be ready for trial in six weeks, the time it would take to get the class notice out and receive the responses. Discovery is virtually complete: he would like to take three depositions, but could forego that small amount of remaining discovery if necessary. He will not rely on expert testimony at trial.

In rebuttal Ms. Vandervalk testified to the added burden implementation of a potential *Izzarelli* award would be on the already over-worked in-house legal team and personnel department. Additionally, Mr. Ted Minick, outside counsel to the Rexene defendants in the lawsuit, revealed that both the Plan and Texas Commerce Bank have filed in Judge Bunton's court a motion to transfer that case to this court.

II. *Analysis*

Movants argue that they have established cause to lift the stay to liquidate their claim. Discovery is virtually complete because both sides were recently prepared to go forward last August. If the stay were not lifted, this court would conduct a claims estimation hearing, forcing Movants to litigate their claim in Delaware against the Debtors and in Texas against the Trustee and the Plan. The dual litigation concern and the fact that Chief Judge Bunton has already heard and decided two issues support the granting of relief on the grounds of judicial economy.

Debtors counter that Movants have not met their burden that cause exists to lift the stay. For one thing, if the entire lawsuit is transferred to this court, there is no risk of duplicative litigation. For another, the time and effort already spent on the case by Chief Judge Bunton is not substantial. Therefore, judicial economy does not mandate relief. The burden to the Debtors to go to trial at this juncture would be substantial; they would prefer to have a trial in this court as part of the bankruptcy proceeding.

*576 A. The Law

The automatic stay is one of the most fundamental protections granted the debtor under the Bankruptcy Code. Midlantic Nat'l Bank v. New Jersey Dept. of Envtl. Protection, 474 U.S. 494, 503, 106 S.Ct. 755, 760, 88 L.Ed.2d 859 (1986) reh'g denied 475 U.S. 1090, 106 S.Ct. 1482, 89 L.Ed.2d 736. Its purpose is three-fold: "to prevent certain creditors from gaining a preference for their claims against the debtor; to forestall the depletion of the debtor's assets due to legal costs in defending proceedings against it; and, in general, to avoid interference with the orderly liquidation

or rehabilitation of the debtor." *Borman v. Raymark Ind., Inc.*, 946 F.2d 1031, 1036 (3d Cir.1991) (quoting *St. Croix Condominium Owners v. St. Croix Hotel*, 682 F.2d 446, 448 (3d Cir.1982) ).

However, the stay is not meant to be indefinite or absolute, and in appropriate instances, relief may be granted. *Wedgewood Inv. Fund, Ltd. v. Wedgewood Realty Group, Ltd. (In re Wedgewood)*, 878 F.2d 693, 697 (3d Cir.1989) . When property of the estate is not involved, section 362(d) provides:
> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-
> (1) for cause....

"Cause" is not defined in the Code; it must be "determined on a case-by-case basis." *Int'l Bus. Machines v. Fernstrom Storage and Van Co. (Matter of Fernstrom Storage and Van Co. )*, 938 F.2d 731, 735 (7th Cir.1991) (citing *In re Tuscon Estates*, 912 F.2d 1162, 1166 (9th Cir.1990) ). The legislative history indicates that cause may be established by a single factor such as "a desire to permit an action to proceed ... in another tribunal," or "lack of any connection with or interference with the pending bankruptcy case." H.R.Rep. No. 95-595, 95th Cong., 1st Sess., 343-344 (1977) U.S.Code Cong. & Admin.News pp. 5787, 6300. *See also In re Drexel Burnham Lambert Group, Inc.*, 113 B.R. 830, 838 n. 8 (Bankr.S.D.N.Y.1990) (citing various findings of § 362(d)(1) "cause" to permit litigation in another forum such as liquidation of a personal injury, arbitration or specialized jurisdiction claim).

The legislative history to section 362(d)(1) emphasizes the section's applicability to proceedings in another tribunal. "[I]t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere." H.R.Rep. No. 595, 95th Cong., 1st Sess., 341 (1977). This theme is echoed in the equitable balancing test most courts apply to determine if cause exists to lift the stay to allow pending litigation to proceed or continue in another forum. *See, e.g., Fernstrom*, 938 F.2d at 735; *Peterson v. Cundy (In re Peterson)*, 116 B.R. 247, 249 (D.Colo.1990) (discussion of two and three-prong tests).

[1] Movants have cited the recent formulation of the balancing test in *Fernstrom* to this court, which the Debtor seems to have implicitly accepted, as it has not challenged the test, only the application, in its answer.
> [Whether]:
> a) Any great prejudice to either the bankrupt estate or the debtor will result from continuation of the civil suit,
> b) the hardship to the [non-bankrupt party] by maintenance of the stay considerably outweighs the hardship of the debtor, and
> c) the creditor has a probability of prevailing on the merits.

*Fernstrom*, 938 F.2d at 735 (citing *In re Pro Football Weekly*, 60 B.R. 824, 826 (N.D.Ill.1986) ).

[2] The final issue remaining is who bears the burden of proof. Section 362(g) provides:
> (g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section--
> *577 (1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and
> (2) the party opposing such relief has the burden of proof on all other issues.

Generally, in the determination of "cause," section 362(g) is interpreted as placing an initial burden on the moving party to establish its prima facie case which must then be rebutted by the party opposing such relief. To apply section 362(g)(2) otherwise to section 362(d)(1) would force the debtor to prove a negative, that no cause exists. *In re Stranahan Gear Co., Inc.*, 67 B.R. 834, 837 (Bankr.E.D.Pa.1986) ; *but see Todd Shipyards*, 92 B.R. 600, 602 & n. 2, 602-603 (D.N.J.1988) (debtor has burden of proving that cause does not exist to lift stay).

B. Application

[3] The first prong asks whether any great prejudice to the Debtor will result from the lifting of the stay. Given these facts, it will not. Discovery is nearly complete. The Debtors argue that "classical discovery" has not yet begun (merely that the discovery in a prior related case has been delivered to these Movants.) However, Mr. Nickens testified that he would seek to depose at most three witnesses of the Debtors, and if necessary, he could forego those. In addition, he will not rely on any expert testimony. Therefore, the trial preparation will not be very burdensome to the Debtors or the estate.

The Debtors argued that there could be a significant burden on its three person in-house legal department and personnel department if required to implement a potential District Court award. However at this stage, any award is

sheer speculation. Besides, Movants seek relief only to liquidate their claim--not implement it.

Finally, both sides are represented by local Texas counsel who were ready to go to trial in Texas District Court last August. The longer the trial is delayed, the more burdensome it is to both parties to prepare once again for trial.

The second factor balances the hardship to Movants in continuing the stay with the hardship to the Debtor in lifting the stay. Here again, the court finds the equities greatly favor the Movants. The hardship to the Movants in denying relief is considerable, whereas the prejudice to the Debtors in denying relief, as discussed in the first prong, is very slight, if any.

The claim against the Debtors would certainly have to be resolved prior to confirmation (currently scheduled for June 24, 1992) through a claims estimation proceeding. 11 U.S.C. § 502(c) . There would be an added logistical burden to Movants if forced to litigate in Delaware. The attorneys, witnesses, documents and parties are all located in Texas. The added expense of transporting the lawsuit to Delaware is unnecessary.

In addition to the geographic burden, there is the risk of duplicative litigation. Conceivably a full trial on the merits would follow a claims estimation proceeding, particularly against the two defendants (the Plan and the Trustee) not subject to the jurisdiction of this court. "[O]ne of the primary purposes in granting relief from the stay to permit claim liquidation is to economize judicial resources." _Peterson, 116 B.R. at 250._ All indications are that the lawsuit will come to trial quickly in Texas, in a court that has jurisdiction over all the defendants. If the lawsuit were moved to this court, it is not clear whether it would go to trial in this court or the District Court. 28 U.S.C. § 157(d) ; _Pension Benefit Guaranty Corp. v. Continental Airlines, Inc. (In re Continental Airlines, Inc.), 138 B.R. 442, 444-445 (D.Del.1992)_ .

The risk of unnecessary, duplicative litigation is great even if the non-debtor defendants succeed in their efforts to transfer the entire lawsuit to this District (and they have not as yet). The duplicative litigation is burdensome both to Movants and the courts involved. Judicial economy dictates a prompt resolution in a single forum and with the same judge who was originally assigned to the case. "[T]his Court is of the opinion that to begin this litigation anew in this bankruptcy court would result in more of a hardship to the Movant and would certainly result in a waste of judicial resources." _Murray Indus., Inc. v. Aristech Chem. Corp. (In re Murray Indus., Inc.), 121 B.R. 635, 637 (Bankr.M.D.Fla.1990)_ .

*578 Finally, the third prong examines Movants' probability of success on the merits. The required showing is very slight. _See, e.g. Peterson, 116 B.R. at 250_ (foregoing merits analysis entirely in a relief from stay motion merely to liquidate claim). "Only strong defenses to state court proceedings can prevent a bankruptcy court from granting relief from the stay in cases where, as here, we believe that the decision-making process should be relegated to bodies other than this court." _Fonseca v. Philadelphia Housing Authority (In re Fonseca), 110 B.R. 191, 196 (Bankr.E.D.Pa.1990)_ . This slight showing is easily met by the fact that there has already been a denial of defendants' motion for summary judgment in the lawsuit.

III. _Conclusion_

After an analysis of the facts and equitable considerations, the court finds that relief from stay is justified.

141 B.R. 574

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.