PROJECT AND EXPENSE CATEGORIES
TO FOURTEENTH QUARTERLY INTERIM FEE APPLICATION
(JULY 1, 2004 THROUGH SEPTEMBER 30, 2004)

| Name of Professional Person | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| John M. Agnello | Partner | $375 | 494.40 | $185,475.00 |
| Melissa E. Flax | Partner | $250 | 207.20 | $51,037.50 |
| Kenneth L. Winters | Partner | $260 | 3.20 | $832.00 |
| L.H. Taylor | Counsel | $260 | 1.50 | $390.00 |
| R.K. Matanle | Counsel | $275 | 0.60 | $165.00 |
| K.R. Heslin | Associate | $250 | 6.70 | $1,675.00 |
| Robert C. Scrivo | Associate | $225 | 67.30 | $15,142.00 |
| JA Kubert | Associate | $160 | 1.70 | $272.00 |
| Laura Florence | Paralegal | $90 | 39.10 | $3,519.00 |

| Grand Total: | $258,508.00 |
|---|---|
| Blended Rate: | |

## COMPENSATION BY PROJECT CATEGORY

| Project Category (Examples) | Total Hours | Total Fees | Cumulative Fees |
|---|---|---|---|
| Asset Analysis and Recovery | | | |
| Asset Disposition | | | |
| Business Operations | | | |
| Case Administration | | | |
| Claim Analysis Objection Resolution & Estimation (Asbestos) | | | |
| Claim Analysis Objection Resolution & Estimation (Non-Asbestos) | | | |
| Committee (All – Creditors', Noteholders', Equity Holders', etc) | | | |
| Employee Benefits/Pensions | | | |
| Employment Applications, Applicant | | | |
| Employment Applications, Others | | | |
| Expenses | | $12,346.06[1] | $86,835.66 |
| Fee Applications, Applicant | 25.30 | $6537.50 | $82,582.50 |
| Fee Applications, Others | | | |
| Financing | | | |
| Hearings | | | |
| Litigation and Litigation Consulting | 790.50 | $251,208.00 | $1,898,540.00 |
| Plan and Disclosure Statement | | | |
| Relief from Stay Proceedings | | | |
| Tax Issues | | | |
| Tax Litigation | | | |
| Travel – non-working | 6.10 | $762.50 | $15,173.75 |
| Valuation | | | |
| ZAI Science Trial | | | |
| ZAI Science Trial – Expenses | | | |
| Other (Explain) | | | |

---

[1] CBBG has voluntarily reduced the following expenses: (a) dinner on 8/18/04 has been reduced from $160.88 to $150.00; and (b) dinner on 9/14/04 has been reduced from $232.45 to $200.00. *See* Fourteenth Verified Quarterly Application at pp. 6-7.

2

## EXPENSE SUMMARY

| Expense Category (Examples) | Service Provider (if applicable) | Total Expenses | Cumulative Expenses |
|---|---|---|---|
| Computer Assisted Legal Research | Westlaw/Pacer | $874.19 | $7,727.59 |
| Facsimile (with rates) | | $840.00 ($1.00 per page) | $5,514.00 |
| Long Distance Telephone | | $1,789.94 | $8,228.61 |
| In-House Reproduction | | $2,189.40 ($0.15 per page) | $14,225.40 |
| Outside Reproduction | | $3,252.63 | $18,936.41 |
| Outside Research | | | |
| Filing/Court Fees | | | |
| Court Reporting | Charles P. McGuire | | $542.70 |
| Local Travel | Parking/mileage/tolls | $11.50 | $607.59 |
| Out-Of-Town Travel<br>    train<br>    airfare<br>    car/taxi service<br>    hotel | | $487.70 | $10,564.63 |
| Courier & Express Carriers (e.g. Federal Express) | | $650.04 | $4,645.25 |
| Postage | | | |
| Other (Explain) – Corporate record search | State of New Jersey Department of Treasury | | $10.00 |
| Other (Explain) – Photographs | Mr. Photo | | $76.25 |
| Other – Aerial photographs | Air Photo Services (2/2002) (6/2004) | | $1,462.30 |
| Messenger | | $1,171.00 | $3,918.40 |
| Working meals | | $634.52 | $1,908.59 |
| Subpoenas | Guaranteed Subpoena – Trial Witnesses | | $3,226.80 |
| Returned Witness Fees | | | ($802.00) |
| Additional Staff Time | | $445.14 | $5,296.68 |
| Trial Supplies | | | $230.52 |
| Site Security | SARA Consultants | | $320.00 |
| Stationary & Supplies | Staples | | $195.94 |

Dated: October 19, 2004

3

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| ) | |
| W. R. GRACE & CO. et al.[1] ) | Case No. 01-01139 (JKF) |
| ) | (Jointly Administered) |
| Debtors. ) | |

**FOURTEENTH QUARTERLY VERIFIED APPLICATION OF CARELLA, BYRNE, BAIN, GILFILLAN, CECCHI, STEWART & OLSTEIN FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO W.R. GRACE & CO., ET AL., FOR THE INTERIM PERIOD FROM JULY 1, 2004 THROUGH SEPTEMBER 30, 2004**

Pursuant to sections 327, 330 and 331 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Fed. R. Bankr. P. 2016, the Retention Order (as defined below), the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Professionals and Official Committee Members (the "Interim Compensation Order") and Del. Bankr. LR 2016-2, the law firm of

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. -Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G_ C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners 1, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Curving, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein ("CBBG") as special litigation and environmental counsel for the above-captioned debtors and debtors in possession (collectively, "Debtors") in connection with their chapter 11 cases, hereby applies for an order allowing it (i) compensation in the amount $258,508.00 for the reasonable and necessary legal services CBBG has rendered to the Debtors and (ii) reimbursement for the actual and necessary expenses that CBBG incurred in the amount of $12,346.06 (the "Application"), for the interim quarterly period from July 1, 2004 through September 30, 2004 (the "Fee Period"). In support of this Application, CBBG states as follows:

### Retention of CBBG

1. On April 2, 2001 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). On April 2, 2001, the Court entered an order procedurally consolidating the Chapter 11 Cases for administrative purposes only. Since the Petition Date, the Debtors have continued to operate their businesses and manage their properties as Debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. By this Court's order dated March 18, 2002, the Debtors were authorized to retain CBBG as their special counsel, effective as of February 1, 2002, with regard to environmental and litigation matters (the "Retention Order"). The Retention Order authorizes the Debtors to compensate CBBG at hourly rates charged by CBBG for services of this type and to be reimbursed for actual and necessary out-of-pocket expenses that it incurred, subject to application to this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, all applicable local rules and orders of this Court.

2

### Monthly Interim Fee Applications Covered Herein

3.  Pursuant to the procedures set forth in the Interim Compensation Order, professionals may apply for monthly compensation and reimbursement (each such application, a "Monthly Fee Application"), and the notice parties listed in the Interim Compensation Order may object to such request. If no notice party objects to a professional's Monthly Fee Application within twenty (20) days after the date of service of the Monthly Fee Application, the applicable professional may submit to the Court a certification of no objection whereupon the Debtors are authorized to pay interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested.

4.  Furthermore, and also pursuant to the Interim Compensation Order, professionals are to file and serve upon the notice parties a quarterly request (a "Quarterly Fee Application") for interim Court approval and allowance of the Monthly Fee Application filed during the quarter covered by the Quarterly Fee Application. If the Court grants the relief requested by the Quarterly Fee Application, the Debtors are authorized and directed to pay the professionals 100% of the fees and expenses requested in the Monthly Fee Applications covered by that Quarterly Fee Application less any amounts previously paid in connection with the Monthly Fee Applications. Any payment made pursuant to the Monthly Fee Applications or a Quarterly Fee Application is subject to final approval of all fees and expenses at a hearing on the professional's final fee application.

5.  This is the eleventh Quarterly Fee Application (designated as the Fourteenth Quarterly Interim Fee Application) for compensation for services rendered that CBBG has been filed with the Bankruptcy Court in connection with the Chapter 11 Cases, which covers the Fee Period of July 1, 2004 through September 30, 2004.

6. CBBG has filed the following Monthly Fee Applications for interim compensation during this Fee Period:

(a) Verified application of Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein for compensation for services and reimbursement of expenses as special counsel to W.R. Grace & Co., et al., for the interim period of July 1, 2004 through July 31, 2004 (the "July Fee Application"), attached hereto as Exhibit A.[2]

(b) Verified application of Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein for compensation for services and reimbursement of expenses as special counsel to W.R. Grace & Co., et al., for the interim period of August 1, 2004 through August 31, 2004 (the "August Fee Application"), attached hereto as Exhibit B.

(c) Verified application of Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein for compensation for services and reimbursement of expenses as special counsel to W.R. Grace & Co., et al., for the interim period of September 1, 2004 through September 30, 2004 (the "September Fee Application"), attached hereto as Exhibit C.

7. The period for objecting to the fees and expense reimbursement requested in the July Fee Application and August Fee Application have expired and no objections have been filed. The period for objecting to the fees and expense reimbursement requested in the September Fee Application will expire on November 1, 2004.

8. CBBG has advised and represented the Debtors in connection with environmental and litigation matters.

### Explanation For More Than One Professional Attending/Participating in Conferences/Meetings

9. Two of the attorneys at CBBG who are involved with the *Interfaith Community Organization v. Honeywell International, Inc.* ("*ICO*") matter are John M. Agnello, Esq. ("JMA") and Melissa E. Flax, Esq. ("MEF").

---

[2] On Attachment B, there was a typographical error with respect to the Total Compensation for Robert C. Scrivo. The correct amount should be $562.50, not $562.

10. On July 26, 2004 and July 29, 2004, both JMA and MEF participated in the same conferences with other attorneys not from CBBG. These conferences related to an annotated addendum of the District Court's decision to be included with Grace's principal brief on appeal.

JMA is co-lead trial counsel with Christopher H. Marraro, Esq. ("CHM")of Wallace, King, Marraro & Branson. As co-lead trial counsel, JMA's participation in all aspects of the appeal is essential to the presentation of the Grace Defendants' claims and defenses, and to their appellate strategy.

MEF is part of the litigation trial team. As part of the litigation trial team, MEF's participation was required because MEF was responsible for the coordination, preparation and filing of the Grace Defendants' papers in connection with all aspects of the appeal.

11. On August 10, 2004, both JMA and MEF participated in the same conference with other attorneys not from CBBG. This conference related to revisions to Grace's principal brief on appeal.

JMA is co-lead trial counsel with Christopher H. Marraro, Esq. of Wallace, King, Marraro & Branson. As co-lead trial counsel, JMA's participation in the principal brief on appeal was essential to the Grace Defendants' successful defense of Honeywell's appeal.

MEF is part of the litigation trial team. As part of the litigation trial team, MEF's participation was required because MEF was responsible for the coordination, preparation and filing of the Grace Defendants' papers in connection with all aspects of the appeal.

12. On September 8, 2004, both JMA and MEF participated in the same conference with other attorneys not from CBBG. This conference related to issues surrounding the deferred appendix and Honeywell's inclusion of certain documents.

JMA is co-lead trial counsel with Christopher H. Marraro, Esq. of Wallace, King, Marraro & Branson. As co-lead trial counsel, JMA's participation with the deferred appendix was essential to the Grace Defendants' successful defense of Honeywell's appeal.

MEF is part of the litigation trial team. As part of the litigation trial team, MEF's participation was required because MEF was responsible for the coordination and preparation of portions of the deferred joint appendix.

13. On September 10, 2004, both JMA and MEF participated in the same conference with other attorneys not from CBBG. This conference related to issues surrounding the settlement of the claims between Honeywell and Grace.

JMA is co-lead trial counsel with Christopher H. Marraro, Esq. of Wallace, King, Marraro & Branson. As co-lead trial counsel, JMA's participation in settlement negotiations and the preparation of the settlement papers was essential to the Grace Defendants' successful resolution of the *ICO* matter.

MEF is part of the litigation trial team. As part of the litigation trial team, MEF's participation was required because MEF was responsible for reviewing various issues involved with the settlement documents.

**Explanation for Certain Expenses**

14. In the August Fee Application, there is an expense relating to a meal which entry is as follows:

08/30/04   Meals JMA, Sentfleben, MEF 8/18, Fiorino's                           160.88

This meal was for dinner. Based upon a previous quarterly fee application, it is CBBG's understanding that there is a $50 per person limit for dinner. Accordingly, CBBG voluntarily reduces this expense from $160.88 to $150.00.

6

15. In the September Fee Application, there is an expense relating to a meal which entry is as follows:

09/21/04   Meals 9/14 Strip House CHM, MEF, JMA & R. Sentfleben      232.45

16. This meal was for dinner. Based upon a previous quarterly fee application, it is CBBG's understanding that there is a $50 per person limit for dinner. Accordingly, CBBG voluntarily reduces this expense from $232.45 to $200.00.

### Requested Relief

17.   By this Fourteenth Quarterly Fee Application, CBBG requests that the Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by CBBG for the Fee Period, which is from July 1, 2004 through September 30, 2004, as detailed in the Applications, less any amounts previously paid to CBBG pursuant to the Application and the procedures set forth in the Interim Compensation Order. As stated above, the full scope of services provided and the related expenses incurred are fully described in the Applications, which are attached as Exhibits A, B and C.

18.   CBBG may have in the past represented, may currently represent, and likely in the future will represent parties-in-interest in connection with matters unrelated to the Debtors and the Chapter 11 Cases. CBBG disclosed in the Affidavits its connection to parties-in-interest that it has been able to ascertain using its reasonable efforts. CBBG will update the Affidavits when necessary and when CBBG becomes aware of material new information.

### Representations

19.   CBBG believes that the Application is in compliance with the requirements of Del.Bankr.LR 2016-2.

7

20. CBBG performed the services for which it is seeking compensation on behalf of or for the Debtors and their estates, and not on behalf of any committee, creditor or other person.

21. CBBG has received payment for the July Fee Application. The total amount requested in the July Fee Application was $64,251.43. The total amount outstanding from the July Fee Application (excluding the $64,251.43) is $14,635.80. CBBG has not received payment for the August Fee Application. The total amount requested in the August Fee Application was $91,449.56. The total amount outstanding from the August Fee Application (including the $91,449.56) is $113,385.86. CBBG has not received payment for the September Fee Application. The total amount requested in the September Fee Application was $63,494.80. The total amount outstanding from the September Fee Application (including the $63,494.80) is $78,624.30.

22. Pursuant to Fed. R. Bank. P. 2016(b), CBBG has not shared, nor has agreed to share (a) any compensation it has received or may receive with another party or person other than with the partners, counsel and associates of CBBG, or (b) any compensation another person or party has received or may receive in connection with the Chapter 11 Cases.

WHEREFORE, CBBG respectfully requests that the Court enter an order providing (a) that, for the Fee Period, July 1, 2004 through September 30, 2004, an administrative allowance be made to CBBG in the sum of (i) $258,508.00 as compensation for reasonable and necessary professional services rendered to the Debtors and (ii) in the sum of $12,346.06 for reimbursement of actual and necessary costs and expenses incurred, for a total of $270,897.39, (b) that the Debtors be authorized and directed to pay CBBG the outstanding amount of such sums less any sums previously paid to CBBG pursuant to the Applications and

the procedures set forth in the Interim Compensation Order; and (c) that this Court grant such further relief as is equitable and just.

Roseland, New Jersey
Dated: October 19, 2004

Respectfully submitted,

CARELLA, BYRNE, BAIN, GILFILLAN,
CECCHI, STEWART & OLSTEIN

_____
John M. Agnello
5 Becker Farm Road
Roseland, New Jersey 07068
(973) 994-1700

9