IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & Co., et al., | ) | Case No. 01-1139 (JFK) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

### DEBTORS' MOTION FOR LEAVE FROM THIS COURT'S NOVEMBER 25, 2003 SCHEDULING ORDER TO HAVE THE DEBTORS' EMERGENCY MOTION FOR AN INTERIM ORDER LIMITING CERTAIN TRANSFERS OF EQUITY INTERESTS HEARD DURING THE DEBTORS' OCTOBER 25, 2004 OMNIBUS HEARING

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby move this Court (the "Motion"), pursuant to Del. Bankr. LR 9006-1(e), Rule 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 102 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), for an Order shortening the notice period with respect to the *Debtors' Emergency Motion for Entry of an Interim Order Pursuant to Rule 7065 of the Federal Rules of Bankruptcy Procedure and Sections 105(a), 362(a)(3), and 541 of the Bankruptcy Code(A) Limiting Certain Transfers of Equity Interests of the Debtors and (B) Approving Related Notice Procedures* (the "Stock Motion") and for leave from this Court's *Amended Order Scheduling Omnibus Hearing Dates* (the "Scheduling Order"), dated November 25, 2003, so that the Stock Motion may be heard at the Debtors' October 25, 2004 omnibus hearing that is scheduled in the above-referenced bankruptcy cases.

Pursuant to the Scheduling Order, motions to be heard at the October 25, 2004 omnibus hearing were to be filed on or before September 20, 2004.

Del. Bankr. LR 9006-1(c) provides that unless the Federal Rules of Bankruptcy Procedure or the Local Rules state otherwise, "all motion papers shall be filed and served in

accordance with Local Rule 2002-1(b) at least fifteen (15) days (eighteen (18) days if service is by mail) prior to the hearing date."

Bankruptcy Rule 9006(c) provides that when an act is required to be done within a specified time by the Bankruptcy Rules "the court for cause shown may in its discretion with or without motion or notice order the period reduced." Similarly, Del.Bankr.LR 9006-1(e) provides in pertinent part that "no motion will be scheduled on less notice than required by these Rules or the Fed. R. Bankr. P. except by Order of the Court, on written motion . . . specifying the exigencies justifying shortened notice."

Accordingly, the Debtors file this Motion seeking an Order of this Court for leave of the Scheduling Order and shortening the notice period prescribed by Del. Bankr. LR 9006-1(c) to enable the Debtors to have the interim relief requested in the Stock Motion heard at the Debtors' next omnibus hearing on October 25, 2004 at 12:00 p.m.

### Argument

1.  The Stock Motion requests emergency and temporary relief that is necessary for the Debtors to preserve certain significant tax benefits, specifically, certain net operating losses ("NOLs"), which are assets that would be available for the Debtors' ongoing operations as contemplated under its anticipated chapter 11 Plan. If these tax benefits are restricted, it could adversely affect the value of the distributions to be made under the Debtors' chapter 11 Plan.

2.  In recent days, following an announcement by the Debtors on October 15, 2004, that the Debtors had made sufficient progress in discussions with the official representatives of the asbestos creditors and the futures representative to conclude that additional negotiations could lead to a consensual chapter 11 plan, the trading volume in Grace common stock has significantly increased over recent average trading volumes. As a result of this significant

amount of additional trading, the risk that another party has acquired a 5% or greater interest in Grace common stock has increased, leading the Debtors to file this Motion and the Stock Motion on an emergency basis in order to ensure that the Debtors' NOLs are protected.

3.  Because this Motion is filed as an emergency motion, the Debtors' are seeking only an interim order to implement certain notice requirements with respect to the trading of Grace's equity securities. Any party adversely affected by the requested interim order may file an objection seeking to prevent the interim order from becoming permanent. The Debtors will request the hearing for permanent relief be set for the Debtors' December 20, 2004 omnibus hearing. As a result, interested parties will have their statutorily-prescribed opportunity to respond prior to any relief requested in the Stock Motion becoming final.

## Notice

4.  Notice of this Motion and the Stock Motion has been given via overnight delivery to: (i) the United States Trustee, (ii) counsel to the DIP Lender, (iii) counsel to each of the official Committees and the futures representative, and (iv) all known shareholders that own 5% or more of the Debtors' stock. In light of the interim nature of the relief requested, the Debtors submit that no further notice is required.

## Conclusion

5.  Given the significance of the Stock Motion and its importance to the Debtors ongoing operations and anticipated chapter 11 Plan, the Debtors respectfully request leave from the Scheduling Order, so that the Stock Motion may be heard on an emergency basis during the Debtors' October 25, 2004 hearing.

WHEREFORE, the Debtors respectfully request the entry of an Order (i) granting the Debtors' leave from the Scheduling Order with respect to the Stock Motion and (ii) allowing the Debtors to have the Stock Motion added to the list of items for consideration during the Debtors' October 25, 2004 hearing.

Dated: October 20, 2004

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet S. Baer
James W. Kapp, III
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

and

PACHULSKI, STANG, ZIEHL, YOUNG,
JONES & WEINTRAUB P.C.

*[signature]*

Laura Davis Jones (Bar No. 2436)
David W. Carickhoff, Jr. (Bar No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705
(Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Counsel for Debtors and Debtors in Possession

**The interim relief requested in the Stock Motion is hereby scheduled to be heard during the Debtors' scheduled October 25, 2004 hearing.**

**SO ORDERED** this 21st day of October, 2004

*[signature]*

The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

4