## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | **Chapter 11** |
| W.R. GRACE & CO., et al. | ) | **Case No. 01-01139 (JKF)** |
| | ) | **(Jointly Administered)** |
| Debtors. | ) | Objection Deadline: November 11, 2004 |
| | ) | Hearing: December 20, 2004 at 12:00 p.m. |

### NOTICE OF FILING OF
### FIRST QUARTERLY INTERIM FEE APPLICATION OF
### CIBC WORLD MARKETS CORP., FINANCIAL ADVISOR
### TO DAVID T. AUSTERN, FUTURE CLAIMANTS REPRESENTATIVE, FOR
### COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD
### JUNE 4, 2004 THROUGH JUNE 30, 2004

TO:    (1) The Debtors; (2) Counsel to the Debtors; (3) The Office of the United States Trustee; (4) Counsel to the Official Committee of Asbestos Personal Injury Claimants; (5) Counsel to the Official Committee of Asbestos Property Damage Claimants; (6) Counsel to the Official Committee of Equity Holders; (7) Counsel to the Debtors-in-Possession Lender; and (8) the Fee Auditor

CIBC World Markets Corp. ("CIBC"), Financial Advisor to David T. Austern, Future Claimants' Representative (the "FCR"), has filed and served its First Quarterly Interim Fee Application for Compensation and Reimbursement of Expenses Incurred for the Period June 4, 2004 through June 30, 2004 seeking payment in the amount of $135,000.00 in fees and $391.78 in expenses for a total of $135,391.78 (the "Application").

This Application is submitted pursuant to this Court's Administrative Order, as Amended, Under 11 U.S.C. Sections 105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members dated April 17, 2002  (the "Administrative Order").

Objections or responses to the Application, if any, must be made in writing and filed with the United States Bankruptcy Court for the District of Delaware, Marine Midland Plaza, 824 Market Street, Fifth Floor, Wilmington, DE 19801, on or before **November 11, 2004 at 4:00 p.m., Eastern Time.**

At the same time you must also serve a copy of the objections or responses, if any, upon the following: (i) CIBC World Markets Corp., Joseph J. Radecki, Jr., 425 Lexington Avenue, New York, New York 10017; (ii) co-counsel to David T. Austern, Roger Frankel, Esquire and Richard H. Wyron, Esquire, Swidler Berlin Shereff Friedman, LLP, 3000 K Street, NW, Suite 300, Washington, DC 20007; (iii) co-counsel for the Debtors, David M. Bernick, Esquire, Kirkland & Ellis LLP, 200 East Randolph Drive, Chicago, IL 60601 and Laura Davis Jones, Esquire, Pachulski, Stang, Ziehl, Young & Jones, P.C., 919 North Market Street, Suite 1600, P.O. Box 8705, Wilmington, DE 19899-8705; (iv) co-counsel to the Official Committee of Unsecured Creditors, Lewis Kruger, Esquire, Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, NY 10038-4982 and Michael R. Lastowski, Esquire, Duane Morris, LLP, 1100 N. Market Street, Suite 1200, Wilmington, DE 19801-1246; (v) co-counsel to the Official Committee of Asbestos Property Damage Claimants, Scott L. Baena, Esquire, Blizin, Sumberg, Dunn, Baena, Price & Axelrod, First Union Financial Center, 200 South Biscayne Boulevard, Suite 2500, Miami, FL 33131 and Michael B. Joseph, Esquire, Ferry & Joseph, P.A., 824 Market Street, Suite 904, P.O. Box 1351, Wilmington, DE 19899; (vi) co-counsel to the Official Committee of Asbestos Personal Injury Claimants, Elihu Inselbuch, Esquire, Caplin & Drysdale, 399 Park Avenue, 36th Floor, New York, NY 10022 and Mark Hurford, Esquire, Campbell & Levine, LLC, Chase Manhattan

Centre, 15th Floor, 1201 Market Street, Suite 1500, Wilmington, DE 19801; (vii) co-counsel to the DIP Lender, J. Douglas Bacon, Esquire, Latham & Watkins, Sears Tower, Suite 5800, Chicago, IL 60606 and Steven M. Yoder, Esquire, The Bayard Firm, 222 Delaware Avenue, Suite 900, P.O. Box 25130, Wilmington, DE 19899; (viii) counsel to the Official Committee of Equity Holders, Thomas Moers Mayer, Esquire, Kramer Levin Naftalis & Frankel LLP, 919 Third Avenue, New York, NY 10022; (ix) the Office of the United States Trustee, ATTN: Frank J. Perch, Esquire, 844 N. King Street, Wilmington, DE 19801; and (x) the Fee Auditor, Warren H. Smith, Warren H. Smith and Associates, Republic Center, 325 N. St. Paul, Suite 4080, Dallas, TX 75201.

Any questions regarding this Notice or attachments may be directed to the undersigned counsel.

Respectfully submitted,

SWIDLER BERLIN SHEREFF FRIEDMAN, LLP

By: _____

Roger Frankel, *admitted pro hac vice*
Richard H. Wyron, *admitted pro hac vice*
3000 K Street, NW, Suite 300
Washington, DC 20007
(202) 424-7500
Counsel to David T. Austern,
As Future Claimants Representative

Dated: October 22, 2004

# THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **W.R. GRACE & CO., et al.,** | ) | **Case No. 01-01139 (JKF)** |
| | ) | |
| | ) | **(Jointly Administered)** |
| **Debtors.** | ) | Objection Date: November 11, 2004 |
| | ) | Hearing Date: December 20, 2004 at 12:00 p.m. |

## FIRST QUARTERLY INTERIM FEE APPLICATION OF CIBC WORLD MARKETS CORP, AS FINANCIAL ADVISOR TO DAVID T. AUSTERN, FUTURE CLAIMANTS' REPRESENAVIVE, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD OF JUNE 4, 2004 THROUGH JUNE 30, 2004

### SUMMARY SHEET

| | |
|---|---|
| Name of Applicant: | CIBC World Markets Corp. |
| Authorized to Provide Professional Services to: | David T. Austern, Future Claimants Representative |
| Date of Retention: | As of June 4, 2004 (pursuant to this Court's Order entered September 27, 2004) |
| Period for which compensation and reimbursement is sought: | June 4, 2004 – June 30, 2004 |
| Amount of Compensation sought as actual, reasonable and necessary: | $135,000.00 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $391.78 |

This is a   ___ monthly      _x_ interim      ___ final application

**COMPENSATION BY PROJECT CATEGORY (Exhibit A, Time Detail)**

**JUNE 2004**

| Project Category | Total Hours | Total Fees[1] |
|---|---|---|
| Case Administration | 17.4 | NA |
| Business Operations Related | 172.8 | NA |
| Travel Time (Nonworking) | 12.0 | NA |
| **TOTAL** | **202.2** | **NA** |

**EXPENSE SUMMARY (Exhibit B, Expense Detail)**

**JUNE 2004**

| Expense Category | Total |
|---|---|
| Airfare | $242.35 |
| Transportation | $142.20 |
| Research | $7.23 |
| **TOTAL** | **$391.78** |

---

[1] CIBC does not bill on an hourly basis; therefore, a calculation of total fees by hour, by category is not applicable.

THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **W.R. GRACE & CO., et al.,** | ) | **Case No. 01-01139 (JKF)** |
| | ) | |
| | ) | **(Jointly Administered)** |
| **Debtors.** | ) | Objection Date: November 11, 2004 |
| | ) | Hearing Date: December 20, 2004 at 12:00 p.m. |

**FIRST QUARTERLY INTERIM FEE APPLICATION OF
CIBC WORLD MARKETS CORP, AS FINANCIAL ADVISOR TO
DAVID T. AUSTERN, FUTURE CLAIMANTS' REPRESENTATIVE,
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR
THE PERIOD OF JUNE 1, 2004 THROUGH JUNE 30, 2004**

Pursuant to 11 U.S.C. §§ 330 and 331 of title 11 of the United States Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure, the Retention Order (as defined herein), and this Court's Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members (the "Procedures"), CIBC World Markets Corp. ("CIBC") hereby submits this first quarterly interim application (the "First Quarterly Interim Application") for an allowance of (i) compensation for professional services rendered to the future claimants representative of W.R. Grace & Co. and its affiliates (collectively, the "Debtors") for the period of June 4, 2004 through June 30, 2004 (the "Interim Period"), and (ii) the reimbursement of expenses incurred during the same period. In support of this First Quarterly Interim Application, CIBC respectfully represents as follows:

### I.    Jurisdiction

1.   This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1334.

## II.    Background

2.    On April 2, 2001 (the "Petition Date"), the Debtors filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code.  The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3.    By an Order dated May 24, 2004, the Court appointed David T. Austern as the Legal Representative for Future Asbestos Claimants (the "FCR") for the above captioned cases. The same Order authorizes the FCR to employ professionals under the provision applicable to employment of professionals by an official committee (Section 1103 of the bankruptcy code).  On June 17, 2004, the FCR applied to this Court for an order authorizing the retention of CIBC pursuant to an engagement agreement dated June 4, 2004 (the "Engagement Agreement") as his financial advisor.

4.    On September 27, 2004, this Court entered an order (the "Retention Order") authorizing the FCR to employ CIBC as financial advisor effective nunc pro tunc as of the June 4, 2004 pursuant to the terms of the Engagement Agreement.  A copy of this order is annexed as Exhibit C.

## III.    Summary of Services Rendered

5.    The financial services provided to the FCR by CIBC during this period included but was not limited to:

    (a)  Conducting due diligence and familiarizing itself to the extent appropriate with, and advising the FCR with respect to, the specialty chemicals industry in which the Debtor operates;

    (b)  Conducting due diligence and familiarizing itself to the extent appropriate with, and advising the FCR with respect to, the financial condition of the Debtors' businesses;

(c) Conducting due diligence and familiarizing itself to the extent appropriate with, and advising the FCR with respect to, the operations of the Debtors' businesses;

(d) Advising the FCR with respect to ongoing acquisition and divestiture activities of the Debtor;

(e) Advising the FCR with respect to a proposed restructuring and implementation of a trust as contemplated under Section 524(g) of the Bankruptcy Code including analyzing, negotiating and effecting a plan of reorganization or recapitalization for the Debtors;

(f) Familiarizing itself to the extent appropriate with, and advising the FCR with respect to, the Court docket and the numerous previous court motions and orders filed in connection with this case;

(g) Analyzing the financial impact on the Debtor of current motions in this case, including those related to pension funding and other economic matters;

(h) Evaluating the financial effect of the implementation of any plan of reorganization upon the assets or securities of the Debtors; and

(i) Performing valuation analyses on the Debtors and their assets.

**IV.  CIBC's Request for Compensation and Expense Reimbursement**

6.    Pursuant to the Procedures, professionals may request monthly compensation and the reimbursement of expenses incurred.  The notice parties listed in the Procedures may object to such a request.  If no notice party objects to a professional's request within twenty (20) days after the date of service of the request, the applicable professional may submit to this Court a certification of no objection whereupon the Debtors are authorized to pay 80% of the fees and 100% of the expenses requested.

7.    Furthermore, and also pursuant to the Procedures, professionals are to file with this Court and serve upon the notice parties a quarterly request for interim approval and allowance of the monthly fee applications filed during the quarter.  If this Court grants the relief requested in these quarterly requests, the Debtors are authorized and directed to pay 100% of the fees and expenses requested in the monthly fee applications for the applicable quarter (less amounts previously paid as a result of monthly fee applications).

8.    With this First Quarterly Interim Application, CIBC seeks interim allowance of compensation in the amount of $135,000.00, representing a pro rata amount of the monthly fees of $150,000.00 for the period of June 4, 2004 through June 30, 2004.  CIBC is filing a monthly fee application for this June monthly period, the only month included in this First Quarterly Interim Application, contemporaneously with the filing of this First Quarterly Interim Application.

9.    During the First Interim Period, CIBC has recorded expenses in the amount of $391.78. The actual and necessary costs and expenses for which CIBC seeks reimbursement include the following:

a.    ***Research*** -- It is CIBC's practice to use financial market research in providing financial advisory services.  This primarily consists of research reports on public companies and market/industry reports issued by investment banks other than CIBC as well as other research services. The charge to the client is actual cost, without a premium.

b.    ***Transportation and Meals*** -- CIBC charges clients for necessary transportation costs related to travel to and from an airport as well as late night transport from place of work to home.   The charge to the client is actual cost, without a premium.

c.    ***Airfare*** -- CIBC charges clients for necessary airfare costs in connection with travel to meetings, due diligence, etc.  The charge to the client is actual cost, without a premium.

## V.    <u>Relief Requested</u>

10.   With this First Quarterly Interim Application, CIBC requests that this Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred during the Interim Period.

11.   Except for the Debtors' promise to pay compensation and reimbursement as allowed by the Court, and such compensation and reimbursement which has been or may be paid pursuant

to the Procedures, CIBC has received no payment and no promise for payment from any source for services rendered, or to be rendered, in any capacity whatsoever in connection with this case.

12.   Pursuant to Rule 2016(b) of the Federal Rules of Bankruptcy Procedure, CIBC has not shared and has not agreed to share (a) any compensation it has received or may receive with another party or person, or (b) any compensation another person or party has received or may receive in connection with this case.

WHEREFORE, for all these reasons, CIBC respectfully requests that the Court allow CIBC the sum of $135,000.00 in fees and expenses of $391.78 for a total compensation of $135,391.78 for the period June 4, 2004 to June 30, 2004, that such sums be authorized for payment, and that the Court grant such other and further relief as is just and proper.

Dated: October 21, 2004

Respectfully submitted,

CIBC WORLD MARKETS CORP.

By: _____
Joseph J. Radecki, Jr.
425 Lexington Avenue
New York, New York 10017
(212) 885-4744
Financial Advisor to Davis T. Austern
Future Claimants Representative

# EXHIBIT A

## W.R. Grace
### CIBC Time Records
#### June-04

| Professional | Date | Hours | Category | Description |
|---|---|---|---|---|
| Jonathan Brownstein | 6/4/04 | 3.0 | Business Operations | Discussions with FCR and Swidler |
| Jonathan Brownstein | 6/4/04 | 6.0 | Travel Time | Discussions with FCR and Swidler |
| Jonathan Brownstein | 6/7/04 | 8.0 | Business Operations | Review of public information on Grace, Competitors and Industry |
| Jonathan Brownstein | 6/8/04 | 6.5 | Business Operations | Review of public information on Grace, Competitors and Industry |
| Jonathan Brownstein | 6/9/04 | 4.4 | Business Operations | Review of public information on Grace, Competitors and Industry |
| Jonathan Brownstein | 6/10/04 | 4.5 | Business Operations | Review of public information on Grace, including prior court filings |
| Jonathan Brownstein | 6/11/04 | 3.5 | Business Operations | Review of public information on Grace, including prior court filings |
| Jonathan Brownstein | 6/11/04 | 3.0 | Case Administration | Drafting of Joseph Radecki's Declaration / Conflict Check |
| Jonathan Brownstein | 6/14/04 | 2.0 | Business Operations | Review of Preliminary Valuation Analysis |
| Jonathan Brownstein | 6/15/04 | 8.0 | Business Operations | Review of information on Grace, Competitors and Industry |
| Jonathan Brownstein | 6/15/04 | 1.0 | Business Operations | Review of Proposed Alltech Acquisition |
| Jonathan Brownstein | 6/16/04 | 2.0 | Case Administration | Finalize Joseph Radecki's Declaration / Conflict Check |
| Jonathan Brownstein | 6/16/04 | 0.5 | Case Administration | Finalize Joseph Radecki's Declaration / Conflict Check |
| Jonathan Brownstein | 6/16/04 | 0.3 | Business Operations | Preparation of Document Request List |
| Jonathan Brownstein | 6/22/04 | 4.3 | Business Operations | Review of Grace's Industry and Competitors |
| Jonathan Brownstein | 6/23/04 | 2.8 | Business Operations | Review of Grace's Industry and Competitors |
| Jonathan Brownstein | 6/24/04 | 3.3 | Business Operations | Review of Grace's Industry and Competitors |
| Jonathan Brownstein | 6/25/04 | 2.0 | Business Operations | Review of Grace's Industry and Competitors |
| Jonathan Brownstein | 6/29/04 | 6.0 | Business Operations | Review of Alltech Acquisition / Due Diligence Documents |
| Jonathan Brownstein | 6/30/04 | 2.0 | Business Operations | Call with Grace Management Re: Proposed Acquisition of Alltech |
| Subtotal: | | 73.3 | | |
| | | | | |
| Ritwik Chatterjee | 6/7/04 | 3.0 | Business Operations | Review of public information on Grace, Competitors and Industry |
| Ritwik Chatterjee | 6/9/04 | 2.2 | Business Operations | Review of public information on Grace, Competitors and Industry |
| Ritwik Chatterjee | 6/10/04 | 1.4 | Business Operations | Review of public information on Grace, Competitors and Industry |
| Ritwik Chatterjee | 6/14/04 | 4.7 | Business Operations | Review of public information on Grace, including prior court filings |
| Ritwik Chatterjee | 6/15/04 | 1.5 | Business Operations | Review of public information on Grace, including prior court filings |
| Ritwik Chatterjee | 6/16/04 | 3.3 | Case Administration | Assist in internal conflict check process |
| Ritwik Chatterjee | 6/16/04 | 4.3 | Business Operations | Review of public information on Grace and general industry |
| Ritwik Chatterjee | 6/17/04 | 2.0 | Business Operations | Review of public information on Grace and general industry |
| Ritwik Chatterjee | 6/18/04 | 1.8 | Case Administration | Assist in internal conflict check process |
| Ritwik Chatterjee | 6/18/04 | 2.0 | Business Operations | Review of public information on Grace and general industry |
| Ritwik Chatterjee | 6/22/04 | 2.8 | Business Operations | Review of public information on Grace and general industry |
| Ritwik Chatterjee | 6/23/04 | 2.8 | Business Operations | Review of public information on Grace and general industry |
| Ritwik Chatterjee | 6/24/04 | 3.3 | Business Operations | Review of public information on Grace and general industry |
| Ritwik Chatterjee | 6/25/04 | 2.0 | Business Operations | Review of public information on Grace and general industry |
| Ritwik Chatterjee | 6/30/04 | 3.8 | Business Operations | Review of public information on Grace and general industry |
| Subtotal: | | 40.6 | | |
| | | | | |
| Joseph Radecki | 6/1/04 | 4.0 | Business Operations | Research Company financials |
| Joseph Radecki | 6/2/04 | 5.0 | Business Operations | Research Company financials |
| Joseph Radecki | 6/3/04 | 2.5 | Business Operations | Research Company bankruptcy to date |
| Joseph Radecki | 6/4/04 | 3.0 | Business Operations | Discussions with FCR and Swidler |
| Joseph Radecki | 6/4/04 | 6.0 | Travel Time | Discussions with FCR and Swidler |
| Joseph Radecki | 6/8/04 | 2.0 | Case Administration | Work on engagement letter |
| Joseph Radecki | 6/9/04 | 2.0 | Business Operations | Review case filings |
| Joseph Radecki | 6/10/04 | 4.0 | Business Operations | Review of public information on Grace, Competitors and Industry |
| Joseph Radecki | 6/11/04 | 1.5 | Business Operations | Review business information |
| Joseph Radecki | 6/11/04 | 1.5 | Business Operations | Discussions with Blackstone regarding case management |
| Joseph Radecki | 6/14/04 | 0.7 | Business Operations | Discussions with counsel regarding case management |
| Joseph Radecki | 6/15/04 | 1.2 | Business Operations | Meeting with counsel |
| Joseph Radecki | 6/16/04 | 1.3 | Case Administration | Review Declaration / Conflict Check |
| Joseph Radecki | 6/18/04 | 3.5 | Case Administration | Review case filings |
| Joseph Radecki | 6/24/04 | 2.0 | Business Operations | Review of Grace's Industry and Competitors |
| Joseph Radecki | 6/25/04 | 3.0 | Business Operations | Review of public information on Grace, Competitors and Industry |
| Joseph Radecki | 6/28/04 | 1.0 | Business Operations | Review Alltech information |
| Joseph Radecki | 6/29/04 | 1.0 | Business Operations | Review Alltech information |
| Joseph Radecki | 6/30/04 | 2.0 | Business Operations | Call with Grace Management Re: Proposed Acquisition of Alltech |
| Subtotal: | | 48.2 | | |
| | | | | |
| Scott Sozio | 6/8/04 | 3.0 | Business Operations | Review of public information on Grace, Competitors and Industry |
| Scott Sozio | 6/9/04 | 2.2 | Business Operations | Review of public information on Grace, Competitors and Industry |
| Scott Sozio | 6/10/04 | 1.6 | Business Operations | Review of public information on Grace, Competitors and Industry |
| Scott Sozio | 6/11/04 | 2.0 | Business Operations | Review of public information on Grace, including prior court filings |
| Scott Sozio | 6/16/04 | 2.8 | Business Operations | Review of public information on Grace, including prior court filings |
| Scott Sozio | 6/17/04 | 3.5 | Business Operations | Review of public information on Grace, including prior court filings |
| Scott Sozio | 6/22/04 | 1.0 | Business Operations | Review of public information on Grace, including prior court filings |
| Scott Sozio | 6/25/04 | 4.5 | Business Operations | Review of public information on Grace and general industry |
| Scott Sozio | 6/28/04 | 3.2 | Business Operations | Review of public information on Grace and general industry |
| Scott Sozio | 6/29/04 | 4.6 | Business Operations | Retrieve public documents related to Grace and general industry |
| Subtotal: | | 28.4 | | |
| | | | | |
| Tim Wilding | 6/28/04 | 4.1 | Business Operations | Review of public information on Grace |
| Tim Wilding | 6/29/04 | 3.8 | Business Operations | Review of public information on Grace |
| Tim Wilding | 6/30/04 | 3.9 | Business Operations | Review of public information on Grace |
| Subtotal: | | 11.8 | | |
| | | | | |
| Total: | | 202.3 | | |

# EXHIBIT B

### W.R. Grace & Co.
### CIBC Expense Detail Report (June 4, 2004 – June 30, 2004)
### (with date expense was posted)

| Charge | Date | | Amount |
|---|---|---|---|
| Air fare: | | | |
| Joe Radecki | 6/24/04* | | $242.35 |
| | | Subtotal Air fare: | 242.35 |
| | | | |
| Transportation: | | | |
| Joe Radecki (taxis) | 6/24/04* | | 142.20 |
| | | Subtotal Transportation: | 142.20 |
| | | | |
| Research: | | | |
| Dow Jones Reuters Business | 6/29/04 | | 7.23 |
| | | Subtotal Research: | 7.23 |
| | | | |
| | | TOTAL EXPENSES: | $391.78 |

\* For travel on June 4, 2004

# EXHIBIT C

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) | Case No. 01-01139 (JKF) |
| W.R. GRACE & CO., et al. | ) | (Jointly Administered) |
|  | ) | Ref. Docket Nos. 5833, 5950, 5979, |
| Debtors. | ) | 5981 & 6208 |
|  | ) | 9/27/04 agenda 8 |

### ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF CIBC WORLD MARKETS CORP. AS FINANCIAL ADVISOR TO DAVID T. AUSTERN, FUTURE CLAIMANTS' REPRESENTATIVE

Upon the application (the "Application") of David T. Austern, Future Claimants' Representative ("Future Claimants' Representative") in the above-captioned chapter 11 cases of W.R. Grace & Co. and its affiliates (collectively, the "Debtors"), seeking entry of an Order under section 1103(a) of the Bankruptcy Code authorizing the Future Claimants' Representative to employ and retain CIBC World Markets Corp. ("CIBC") as his financial advisor; and the Court having reviewed the Application and the accompanying Declaration of Joseph J. Radecki, Jr. (the "Radecki Declaration"), a Managing Director of CIBC; and the Court being satisfied from the Radecki Declaration that CIBC neither holds nor represents any interest adverse to the Future Claimants' Representative on the matters upon which CIBC is to be engaged; and it appearing that the relief requested is in the best interests of the Future Claimants' Representative and the Debtors' estates, their creditors and other parties-in-interest; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 158(a); and it appearing that notice of the Application was good and sufficient under the particular circumstances and that no other or further notice need be given and upon the record herein; and it further appearing that the terms and conditions of CIBC's employment as further described in the Application and the Radecki Declaration are reasonable and necessary; it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1.    The Application be, and it hereby is, approved;

2.    Pursuant to section 1103(a) of the Bankruptcy Code and the May 24, 2004 Order appointing David T. Austern as the Future Claimants' Representative [Docket No. 5645], the Future Claimants' Representative be, and he hereby is, authorized to employ and retain CIBC as financial advisor effective as of June 4, 2004, upon the terms, and to perform the services, set forth in the Application and the Radecki Declaration, so long as David T. Austern serves as the legal representative for individuals who may assert asbestos-related claims and/or demands in the future against the Debtors;

3.    The indemnification provisions set forth in the engagement letter between the Future Claimants' Representative and CIBC, attached to the Radecki Declaration as Exhibit 1, including Annex A thereto (the "Engagement Agreement"), are incorporated by reference and are hereby approved;

4.    CIBC shall be compensated in accordance with the terms of the Engagement Agreement and section 328(a) of the Bankruptcy Code, subject to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and as may be fixed by order of this Court, including the Administrative Compensation Order(s) entered in these cases; and

5.    The fees and expenses of CIBC allowed by the Court shall be an administrative expenses of the Debtors' estates.

Dated: _____9/27____, 2004

_____
The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

9156110v1

## THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **W.R. GRACE & CO., et al.,** | ) | Case No. 01-01139 (JKF) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

## AFFIDAVIT

STATE OF NEW YORK    )
                         ) ss.:
COUNTY OF NEW YORK )

Joseph J. Radecki  being duly sworn, deposes and says:

1.    I am a managing director of CIBC World Markets Corp. ("CIBC"), Financial Advisor to David T. Austern, the Future Claimants' Representative in the above captioned case.

2.    No agreement or understanding in any form or guise exists between CIBC and any other person for a division of compensation for services rendered in or in connection with this proceeding, and that no such division of compensation prohibited by §504 of the Bankruptcy Code will be made by CIBC, except with employees of CIBC.

3.    I hereby state, in accordance with §504 of the Bankruptcy Code, that CIBC has not entered into any agreement, express or implied, with any other party in interest, including the Debtors herein, any creditor or the representative of any of them, or with any attorney for such party in interest in the proceeding, for the purpose of fixing the amount of any of the fees or other compensation to be allowed out of or paid from the assets of the estate to any party in interest in the within proceeding for services rendered into connection herewith.

4.      I have reviewed the First Quarterly Interim Application of CIBC World Markets Corp. for the time period June 4, 2004 through June 30, 2004 and state that the information set forth therein is true and correct to the best of my knowledge, information and belief.

_____
Joseph J. Radecki, Jr.

Sworn to and subscribed before me

this 21 day of October, 2004

My commission expires:

4

## CERTIFICATE OF SERVICE

I, DEBRA O. FULLEM, do hereby certify that I am over the age of 18 and on October 22, 2004, I caused a copy of the *Notice, First Quarterly Fee Application of CIBC World Markets Corp., Financial Advisor to David T. Austern, Future Claimants Representative for Compensation and Reimbursement of Expenses Incurred for the Period June 4, 2004 through June 30, 2004, Exhibits A-C, Affidavit and proposed Order* to be served upon those persons listed in the attached Service List in the manner so indicated.

Debra O. Fullem, Senior Legal Assistant
Swidler Berlin Shereff Friedman, LLP

## SERVICE LIST

***Federal Express***
Laura Davis Jones, Esquire
David W. Carickhoff, Jr., Esquire
Pachulski, Stang, Ziehl, Young & Jones P.C.
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE  19899-8705

***Regular Mail***
Vito I. DiMaio
Parcels, Inc.
10th & King Streets
P.O. Box 27
Wilmington, DE  19899

***Federal Express***

Frank J. Perch, Esquire
Office of the United States Trustee
844 King Street, Room 2311
Wilmington, DE  19801

***Federal Express and Email: feeaudit@whsmithlaw.com and slbossay@whsmithlaw.com***

Warren H. Smith
Warren H. Smith & Associates
Republic Center
325 N. St. Paul
Suite 1275
Dallas, TX  75201

***Federal Express and E-mail: william.sparks@grace.com***
(W.R. Grace & Co.)
David B. Siegel
W.R. Grace and Co.
7500 Grace Drive
Columbia, MD  21044

***E-mail: syoder@bayardfirm.com***
(Local Counsel to DIP Lender)
Steven M. Yoder, Esquire
The Bayard Firm

*E-mail: meskin@del.camlev.com*
(Local Counsel to Asbestos Claimants)
Marla Eskin, Esquire
Campbell & Levine, LLC


*E-mail: ttacconelli@ferryjoseph.com*
(Counsel for Property Damage Claimants)
Theodore Tacconelli, Esquire
Ferry & Joseph, P.A.


*E-mail: mlastowski@duanemorris.com*
(Counsel to Official Committee of Unsecured Creditors)
Michael R. Lastowski, Esquire
Duane, Morris & Heckscher LLP


*E-mail: currier@klettrooney.com*
(Counsel for Official Committee of Equity Holders)
Teresa K.D.Currier, Esquire
Klett Rooney Lieber & Schorling


*E-mail: james_kapp@chicago.kirkland.com*
(Counsel to Debtor)
James H.M. Sprayregen, P.C.
James Kapp, III, Esquire
Kirkland & Ellis


*E-mail: pvnl@capdale.com*
(Official Committee of Personal Injury Claimants)
Elihu Inselbuch, Esquire
Caplin & Drysdale, Chartered


*E-mail: rserrette@stroock.com*
(Official Committee of Unsecured Creditors)
Lewis Kruger, Esquire
Stroock & Stroock & Lavan LLP


*E-mail: jsakalo@bilzin.com*
(Official Committee of Property Damage Claimants)
Scott L. Baena, Esquire

Bilzin Sumberg Dunn Baena Price & Axelrod LLP


*E-mail: david.heller@lw.com and carol.hennessey@lw.com*
(Counsel to DIP Lender)
J. Douglas Bacon, Esquire
Latham & Watkins


*E-mail: pbentley@kramerlevin.com*
(Counsel to Official Committee of Equity Holders)
Philip Bentley, Esquire
Kramer Levin Naftalis & Frankel LLP