IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Objection Deadline: December 3, 2004 at 4 p.m.**
**Hearing Date: December 20, 2004 at 12:00 p.m. (Pittsburgh, PA)**

## DEBTORS' APPLICATION FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§ 327(a) AND 328(a) AND FED. R. BANKR. P. 2014(a), 2016 AND 5002 AUTHORIZING THE EMPLOYMENT AND RETENTION OF DELOITTE TAX LLP AS TAX SERVICE PROVIDERS TO THE DEBTORS *NUNC PRO TUNC* TO AUGUST 22, 2004

The above-captioned debtors and debtors in possession (the "Debtors") hereby submit

this Application (the "Application") for Entry of an Order Pursuant to 11 U.S.C §§ 327(a) and

328(a) and Fed. R. Bankr. P. 2014(a), 2016 and 5002 Authorizing the Employment and

Retention of Deloitte Tax LLP ("Deloitte Tax") as Tax Service Providers to the Debtors *Nunc*

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

*Pro Tunc* to August 22, 2004. Attached hereto as <u>Exhibit A</u> is the affidavit of T. Timothy Tuerff filed in support of this Application (the "Tuerff Affidavit").

### Jurisdiction

1.      The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (O). Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought herein is section 327(a) of title 11 of the United States Code (the "Bankruptcy Code") and Fed. R. Bank. P. 2014(a).

### Background

2.      On April 2, 2001 (the "Petition Date"), the Debtors each commenced with the Court a voluntary case under chapter 11 of the Bankruptcy Code, and such cases have been ordered jointly administered. The Debtors continue to be authorized to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      The application of the Debtors seeking authority to employ and retain Deloitte & Touche LLP ("Deloitte & Touche") as customs services providers, and tax and compensation advisors to the Debtors, *nunc pro tunc* to February 4, 2003 (the "Deloitte & Touche Retention Application") was filed by the Debtors on April 25, 2003. The affidavit of Larry D. Ishol (the "Deloitte & Touche Retention Affidavit") was filed in support of the Deloitte & Touche Retention Application. The order (the "Deloitte & Touche Retention Order") approving the Deloitte & Touche Retention Application was signed by the Court on June 17, 2003. On July 19, 2004, the Court entered an order authorizing the expansion of the scope of services permitted to be provided by Deloitte & Touche to the Debtors to include certain lease consulting services.

2

4.      In addition to the above described retention of Deloitte & Touche, on August 5, 2004, the Debtors filed the application to employ Deloitte & Touche's affiliate, Deloitte Consulting LLP ("Deloitte Consulting") as compensation advisors to the Debtors *nunc pro tunc* to July 1, 2004. The order authorizing the employment and retention of Deloitte Consulting was entered by the Court on September 27, 2004.

5.      As set forth in the Deloitte & Touche Retention Application, Deloitte & Touche was retained to provide, among other services, certain tax services (the "Tax Services") which included tax advisory services, including without limitation, services pertaining to assisting the Debtors by consulting on various corporate and sales tax issues, and in reviewing and analyzing the tax implications of various inter-company transactions, in accordance with the terms of the engagement letter entered into between the Debtors and Deloitte & Touche dated April 8, 2003 (the "Tax Services Engagement Letter") and the Deloitte & Touche Retention Order. A copy of the Tax Services Engagement Letter is attached hereto as Exhibit B.

6.      Deloitte & Touche has implemented a reorganization of some of its business units, including, among others, the business unit providing tax services. This reorganization is intended to align the organizational structure of Deloitte & Touche and its affiliates more closely with the manner in which business is conducted.[2] Under this reorganization, as of August 22, 2004, Deloitte Tax began providing tax services to its clients, including the Tax Services for the Debtors. Although the personnel comprising the Tax Services engagement team for the Debtors

---

[2] The business unit providing compensation services to the Debtors was similarly reorganized, and such services are currently being provided to the Debtors by Deloitte Consulting. Deloitte Consulting is seeking separate authorization to provide such services as described in paragraph 4 above.

in these chapter 11 cases have remained largely unchanged since the date of the Deloitte &
Touche Retention Order, consistent with this reorganization, such personnel have now become
personnel of Deloitte Tax as of August 22, 2004.

### Relief Requested

7.      The Debtors are herein seeking separate approval, *nunc pro tunc* to August 22,
2004, for Deloitte Tax to serve the Debtors in these chapter 11 cases by providing the Tax
Services in accordance with the terms of this Application, the Tuerff Affidavit and the Tax
Services Engagement Letter as modified by the Deloitte & Touche Retention Order.

### Deloitte Tax's Connections to Parties-in-Interest

8.      Deloitte Tax's connections to the parties-in-in-interest in these chapter 11 cases
are set forth in the Deloitte & Touche Retention Affidavit.  Based upon the internal review
conducted in connection with the Deloitte & Touche Retention Affidavit, except as may be
disclosed therein, to the best of the Debtors' knowledge, Deloitte Tax and the partners, principals
and directors of Deloitte Tax anticipated to provide services to the Debtors in these chapter 11
cases do not hold or represent any interest adverse to the Debtors with respect to the matters on
which Deloitte Tax is to be retained, and the Debtors' believe that Deloitte Tax and such Deloitte
Tax partners, principals and directors are "disinterested persons" as that term is defined in
Section 101(14) of the Bankruptcy Code, as modified by Section 1107(b) of the Bankruptcy
Code.  If Deloitte Tax discovers additional material information that it determines requires
disclosure, it will file a supplemental disclosure promptly with the Court.

9.      Deloitte Tax provided no services to the Debtors prior to the Petition Date.
Additionally, the Debtors are not aware of any pre-petition claims held by Deloitte Tax against

them for fees and expenses in respect of services rendered; however, to the extent such claims exist, Deloitte Tax agrees not to seek or accept any recovery thereon. Further, Deloitte Tax has received no post-petition retainers from the Debtors in respect of any services it may in the future provide to the Debtors.

10.    Deloitte Tax has received no promises regarding compensation in these chapter 11 cases other than in accordance with the Bankruptcy Code and as set forth in this Application and the Tuerff Affidavit. Deloitte Tax does not have any agreement to share its revenues from the services for which it is seeking to be retained hereunder with any nonaffiliated entity.

## Qualifications of Deloitte Tax and Scope of the Tax Services

11.    The personnel associated with Deloitte Tax have considerable experience in providing clients, both in and out of bankruptcy, with the scope of services it anticipates providing to the Debtors in these chapter 11 cases. Because of (a) the experience and knowledge of the personnel of Deloitte Tax in providing services of the nature for which Deloitte Tax's retention is sought in these chapter 11 cases, and (b) the familiarity of such personnel with the Debtors' business and affairs, the Debtors' management believes that Deloitte Tax is well-qualified to serve the Debtors in these chapter 11 cases in an efficient and cost-effective manner.

12.    In summary, the Tax Services consist of tax advisory services, including without limitation, services pertaining to assisting the Debtors by consulting on various corporate and sales tax issues, and in reviewing and analyzing the tax implications of various inter-company transactions as more fully described in the Tax Services Engagement Letter.

13.    The Debtors continue to believe that the Tax Services are necessary to enable the Debtors to maximize the value of their estates and to reorganize successfully. The Debtors also

91100-001\DOCS_DE:101698.1

believe that the Tax Services will not duplicate the services that, subject to the Court entering or having entered appropriate orders, other professionals may provide to the Debtors in these chapter 11 cases. Deloitte Tax will use reasonable efforts to coordinate with the Debtors' other retained professionals to avoid unnecessary duplication of services.

## Compensation and Expense Reimbursement

14.    The fees and the terms of expense reimbursement pertaining to Deloitte Tax's provision of the Tax Services are set forth in the Tax Services Engagement Letter. As set forth in the Tax Services Engagement Letter, Deloitte Tax will charge hourly billing rates in performing the Tax Services for the Debtors in these chapter 11 cases. The range of hourly billing rates are as follows:

| Classification | Hourly Billing Rate |
|---|---|
| Partner/Principal/Director | $400 - $650 per hour |
| Senior Manager | $300 - $600 per hour |
| Manager | $200 - $450per hour |
| Senior Accountants/Consultants | $150 - $250 per hour |
| Staff Accountants/Consultants | $125 - $200 per hour |

15.    The range of hourly billing rates reflects, among other things, differences in experience levels within classifications, geographic differentials and differences between types of services being provided. In the normal course of business, Deloitte Tax revises its regular hourly billing rates to reflect changes in responsibilities, increased experience, and increased costs of doing business. Accordingly, the Debtors request that Deloitte Tax be permitted to revise the aforementioned rates to the hourly billing rates that will be in effect from time to time. Changes in regular hourly billing rates will be noted by Deloitte Tax on the invoices for the first time period in which the revised rates became effective.

6

16.    Deloitte Tax will maintain reasonably detailed records of any costs and expenses incurred in connection with its provision of the Tax Services.

17.    Deloitte Tax will seek compensation and reimbursement of expenses for the provision of the Tax Services in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules and any orders of the Court. Pursuant to section 328(a) of the Bankruptcy Code, however, the Court may not allow Deloitte Tax's compensation on terms different from those described herein unless such compensation "prove[s] to have been improvident in light of developments not capable of being anticipated at the time" the Deloitte & Touche Retention Application was approved.

### Notice

18.    Notice of this Application has been given to: (i) the United States Trustee, (ii) counsel to the DIP Lender, (iii) counsel to The Chase Manhattan Bank as agent for the Debtors' prepetition lenders, (iv) counsel to all official committees appointed by the United States Trustee, and (v) and all those parties that requested service and notice of papers in accordance with Fed. R. Bankr. P. 2002. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

### No Prior Request

19.    No prior Motion for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form attached hereto, authorizing the employment and retention of Deloitte Tax as tax service providers pursuant to the terms of this Application, the Tuerff Affidavit and the Tax Services Engagement Letter *nunc pro tunc* to August 22, 2004, and grant such further relief as is just and proper.

Dated:  October 22, 2004

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet S. Baer
Samuel L. Blatnick
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

and

PACHULSKI, STANG, ZIEHL, YOUNG, JONES
& WEINTRAUB P.C.

Laura Davis Jones (Bar No. 2436)
David W. Carickhoff, Jr. (Bar No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400

Co-Counsel for the Debtors and
Debtors in Possession

91100-001\DOCS_DE:101698.1