# Exhibit A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | Jointly Administered |

**AFFIDAVIT OF T. TIMOTHY TUERFF IN SUPPORT OF THE DEBTORS'
APPLICATION FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§ 327(a) AND
328(a) AND FED. R. BANKR. P. 2014(a), 2016 AND 5002 AUTHORIZING THE
EMPLOYMENT AND RETENTION OF DELOITTE TAX LLP AS
TAX SERVICE PROVIDERS TO THE DEBTORS**

T. Timothy Tuerff, being duly sworn, deposes and says:

1. I am a partner in the firm of Deloitte Tax LLP ("Deloitte Tax"), which has an office located at 1750 Tysons Boulevard, McLean, Virginia 22102-4219. I make this affidavit (this "Affidavit") of my personal knowledge based upon inquiries made by myself or on my behalf in support of the Debtors' Application for Entry of an Order Pursuant to 11 U.S.C. §§ 327(a) and 328(a) and Fed. R. Bankr. P. 2014(a), 2016 and 5002 Authorizing the Employment and Retention of Deloitte Tax LLP as Tax Service Providers to the Debtors *Nunc Pro Tunc* to August 22, 2004 (the "Deloitte Tax Retention Application").

2. On April 2, 2001 (the "Petition Date"), the Debtors each commenced with the Court a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and such cases have been ordered jointly administered. The Debtors continue to be authorized to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. The application of the Debtors seeking authority to employ and retain Deloitte & Touche LLP ("Deloitte & Touche") as customs services providers, and tax and compensation advisors to the Debtors *nunc pro tunc* to February 4, 2003 (the "Deloitte & Touche Retention Application") was filed by the Debtors on April 25, 2003. The affidavit of Larry D. Ishol (the "Deloitte & Touche Retention Affidavit") was filed in support of the Deloitte & Touche Retention Application. The order (the "Deloitte & Touche Retention Order") approving the Deloitte & Touche Retention Application was signed by the Court on June 17, 2003. On July 19, 2004, the Court entered an order authorizing the expansion of the scope of services permitted to be provided by Deloitte & Touche to the Debtors to include certain lease consulting services.

4. In addition to the above described retention of Deloitte & Touche, on August 5, 2004 the Debtors filed the application to employ and retain Deloitte & Touche's affiliate, Deloitte Consulting LLP, ("Deloitte Consulting") as compensation advisors to the Debtors *nunc pro tunc* to July 1, 2004. The order authorizing the employment and retention of Deloitte Consulting was entered by the Court on September 27, 2004.

5. As set forth in the Deloitte & Touche Retention Application, Deloitte & Touche was retained to provide, among other services, certain tax services (the "Tax Services") which included tax advisory services, including without limitation, services pertaining to assisting the Debtors by consulting on various corporate and sales tax issues, and in reviewing and analyzing the tax implications of various inter-company transactions, in accordance with the terms of the engagement letter entered into between the Debtors and Deloitte & Touche dated April 8, 2003 (the "Tax Services Engagement Letter") and the Deloitte & Touche Retention Order. A copy of

the Tax Services Engagement Letter is attached to the Deloitte Tax Retention Application as Exhibit B.

6.  Deloitte & Touche has implemented a reorganization of some of its business units, including, among others, the business unit providing tax services. This reorganization is intended to align the organizational structure of Deloitte & Touche and its affiliates more closely with the manner in which business is conducted.[1] Under this reorganization, as of August 22, 2004, Deloitte Tax began providing tax services to its clients, including the Tax Services for the Debtors. Although the personnel comprising the Tax Services engagement team for the Debtors in these chapter 11 cases have remained largely unchanged since the date of the Deloitte & Touche Retention Order, consistent with this reorganization, such personnel have now become personnel of Deloitte Tax as of August 22, 2004.

7.  In light of this reorganization, the Debtors are filing herewith the Deloitte Tax Retention Application seeking separate approval for Deloitte Tax to serve the Debtors in these chapter 11 cases by providing the Tax Services in accordance with the terms of the Deloitte Tax Retention Application, this Affidavit and the Tax Services Engagement Letter.

8.  Deloitte Tax provided no services to the Debtors prior to the Petition Date. Additionally, I am not aware of any pre-petition claims held by Deloitte Tax against the Debtors for fees and expenses in respect of services rendered; however, to the extent such claims exist,

---

[1] The business unit providing compensation services to the Debtors was similarly reorganized, and such services are correctly being provided to the Debtors by Deloitte Consulting. Deloitte Consulting is seeking separate authorization to provide such services as described in paragraph 4 above.

3

Deloitte Tax agrees not to seek or accept any recovery thereon. Further, Deloitte Tax has received no post-petition retainers from the Debtors in respect of any services it may in the future provide to the Debtors.

9. Deloitte Tax's connections to the parties-in-in-interest in these chapter 11 cases are set forth in the Deloitte & Touche Retention Affidavit. Based upon the internal review conducted in connection with the Deloitte & Touche Retention Affidavit, except as may be disclosed therein, to the best of my knowledge, Deloitte Tax and the partners, principals and directors of Deloitte Tax anticipated to provide services to the Debtors in these chapter 11 cases do not hold or represent any interest adverse to the Debtors with respect to the matters on which Deloitte Tax is to be retained, and I believe that Deloitte Tax and such Deloitte Tax partners, principals and directors are "disinterested persons" as that term is defined in Section 101(14) of the Bankruptcy Code, as modified by Section 1107(b) of the Bankruptcy Code.

10. Subject to the Court's *nunc pro tunc* approval of the Deloitte Tax Retention Application to August 22, 2004, Deloitte Tax will file separate monthly and interim fee applications in accordance with the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules and any applicable orders of the Court for compensation and expense reimbursement in connection with any Tax Services rendered to the Debtors by Deloitte Tax in these chapter 11 cases on or after such date.

11. Deloitte Tax has received no promises regarding compensation in these chapter 11 cases other than in accordance with the Bankruptcy Code and as set forth in this Affidavit. Deloitte Tax does not have any agreement to share its revenues from the services for which it is seeking to be retained hereunder with any nonaffiliated entity.

4

By: _____
T. Timothy Tyerff
Partner

Sworn to and subscribed before me
this 21st day of October, 2004.

_____
Notary Public

my commission
expires 3/14/2005