IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | | Re: Docket No. 5450 and 10/25/04 Agenda Item 8 |

*Bench Filed 10/25/04*

## FIFTH CONTINUATION ORDER GRANTING THE RELIEF SOUGHT IN DEBTORS' THIRD OMNIBUS OBJECTION TO CLAIMS (NON-SUBSTANTIVE) AS TO CONTINUED OBJECTIONS

1. On April 14, 2004, the Debtors filed their Third Omnibus Objection[2] to Claims (the "Third Omnibus Objection") [Docket No. 5450]. The deadline to respond to the Third Omnibus Objection was May 14, 2004.

2. On May 25, 2004, the Court entered an Order Granting the Relief Sought in Debtors' Third Omnibus Objection to Claims [Docket No. 5646].

3. On July 19, 2004, the Court entered the Continuation Order Granting the Relief Sought in Debtors' Third Omnibus Objection to Claims as to Continued Objections

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners 1, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms used but not defined herein are as defined in the Debtors' Third Omnibus Objection.

[Docket No. 6001] and the Second Continuation Order Granting the Relief Sought in Debtors' Third Omnibus Objection to Claims as to Continued Objections [Docket No. 6005].

4. On August 23, 2004, the Court entered the Third Continuation Order Granting the Relief Sought in Debtors' Third Omnibus Objection to Claims (Non-Substantive) as to Continued Objections [Docket No. 6263].

5. On September 30, 2004, the Court entered the Fourth Continuation Order Granting the Relief Sought in Debtors' Third Omnibus Objection to Claims (Non-Substantive) as to Continued Objections [Docket No. 6508].

NOW, THEREFORE, upon consideration of the Debtors' Third Omnibus Objection seeking an order disallowing certain claims; and it appearing that this Court has jurisdiction over this matter, that venue is proper and proper notice having been given and no further notice being required; and after due deliberation and sufficient cause appearing therefore, it is hereby

ORDERED that the Objection to each claim listed on Exhibit A to this Order is continued until November 15, 2004; and it is further

ORDERED that the Objection to the Claim of Ronald Mitchell (Claim No. 4993) listed on Exhibit B to this Order is sustained and the Claim is expunged and disallowed for all purposes. Despite attempts by Debtors' counsel to serve the Third Omnibus Objection upon the claimant at the claimant's address listed on Claim No. 4993 and again upon an alternative address obtained through the research of the Debtors' claim consultant, Bankruptcy Management Corporation ("BMC"), the Third Omnibus Objection was returned as undeliverable. To date, no response has been filed by Ronald Mitchell; and it is further

2

ORDERED that Ronald Mitchell shall have ten (10) days from the entry of this Order to file any motion for reconsideration regarding the disallowance of his claim; and it is further

ORDERED that the Objection to the Claim of International Paper Arizona (Claim No. 349) listed on Exhibit C to this Order is sustained and the Claim is expunged and disallowed for all purposes. Despite attempts by Debtors' counsel to serve the Third Omnibus Objection upon the claimant at the claimant's address listed on Claim No. 349, the document was returned as undeliverable. After service of the Third Omnibus Objection upon an alternative address obtained through the research of the Debtors' claim consultant, BMC, the Third Omnibus Objection was not returned as undeliverable. To date, no response has been filed; and it is further

ORDERED that International Paper Arizona shall have ten (10) days from the entry of this Order to file any motion for reconsideration regarding the disallowance of its claim; and it is further

ORDERED that except as provided for herein and consistent with applicable local rules and Bankruptcy Rules, the rights of the Debtors to object to any claim listed on any exhibit to this Order for any reason are expressly preserved; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: October 25, 2004

_____
Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

91100-001\DOCS_DE:101725.1