IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 ) |
| W.R. GRACE & CO., *et al.*, | ) Case No. 01-1139 (JFK) ) Jointly Administered |
| Debtors. | ) ) ) |

# AFFIDAVIT OF ROBERT D. LUCCI

I, Robert D. Lucci, being of legal age, do hereby depose and state the following is true:

1. I earned a Bachelor of Science degree in Geological Sciences from Salem State College in 1990. From 1990 to 2000 I was employed as a Chemist and/or Geologist/ Senior Project Manager for environmental consulting and engineering firms in Massachusetts including National Environmental Testing, Inc., Geotechnical and Environmental Services, Inc., Tundra Corporation, and Nautilus Environmental Services, Inc. As a consultant I managed environmental assessment and remediation projects of varying complexity and assisted clients in maintaining compliance with 310 CMR 40.0000, the Massachusetts Contingency Plan (MCP).

2. I am a Massachusetts Licensed Site Professional (LSP), License Number 8882, Massachusetts Licensed Waste Water Treatment Plant Operator, License Number 10042, and a New Hampshire Licensed Professional Geologist, License Number 563

3. I have been employed as an Environmental Analyst by the Massachusetts Department of Environmental Protection (the Department) Bureau of Waste Site Cleanup (BWSC) in the Boston office since January 2000. I am currently a Branch Chief within the Cost Recovery, Fees & Revenue Section.

4. As part of my job description as Branch Chief, I am responsible for reviewing Department records to identify the appropriate type of Annual Compliance Assurance Fees applicable for hazardous waste disposal sites regulated under Massachusetts General Law Chapter 21E and the MCP. I am responsible for identifying billable parties for selected disposal sites based on evidence of response actions pursuant to M.G.L. ch.21E.

5. As part of my duties I reviewed selected Department records for the site identified in Department database records as Release Tracking Number (RTN) 4-11812, which is commonly referred to as the MMR Pipeline Site.

6. Based on my review, a release notification condition associated with a pipeline was identified on November 20, 1995 and Release Tracking Number (RTN) 4-11812 was assigned by the Department. Department database records show this RTN to have a Status Date of November 20, 1996.

7. Department database records show that Grace Energy Corporation conducted one or more response actions under the MCP during each of the following billable years:

- November 20, 1995 to November 20, 1996
- November 21, 1996 to November 20, 1997;
- November 21, 1997 to November 20, 1998;
- November 21, 1998 to November 20, 1999;
- November 21, 1999 to November 20, 2000;
- November 21, 2000 to November 20, 2001;
- November 21, 2001 to November 20, 2002;

These response actions include but are not limited to submittals associated with Immediate Response Action (IRA) activities, Phase II Comprehensive Site Investigation activities, Release Abatement Measure activities, and Response Action Outcome Statement activities.

8. Except an exempt state agency, any entity that conducts such response action activities at a Site is responsible for paying annual compliance assurance fees for the billable year in which such activities are conducted.

9. Department billing records for the MMR Pipeline Site, RTN 4-11812, show that invoice REEQE4300CR02453 was issued May 2, 1997 for one Tier IB Annual Compliance Assurance Fee for the billable year ending November 20, 1996. Records show that a payment of $2,632.77 was credited to this invoice on October 28, 1997 with check number 72578. Records show that this payment was received at the Department's Lockbox accompanied by the invoice remittance stub issued to W.R.Grace & Co. – Conn.

Signed under the pains and penalties of perjury, this _22nd day of October, 2004

___/s/_____
Robert D. Lucci