IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | Re: Docket No. 5808 and |
| | | 8/23/04 Agenda Item 3 |

## CERTIFICATION OF COUNSEL RE: DOCKET NO. 5808

1.  On June 14, 2004, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed the *Debtors' Motion Pursuant to Sections 105(a), 362, 363, 502 and 503 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 9019 to Establish an Alternative Dispute Resolution Program to Liquidate Certain Prepetition Claims* (the "Motion") (Docket No. 5808) with the United States Bankruptcy Court for the District of

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Delaware, 824 Market Street, Wilmington, Delaware 19801. The deadline to object to the Motion was July 2, 2004.

2. Four objections to the Motion were filed. The Debtors filed a clarification, revised alternative dispute procedures ("ADR Procedures"), and a revised proposed order approving the Motion to address many of the objections and issues raised by various parties.

3. On August 23, 2004, this Court held a hearing on the Motion and approved the Motion subject to certain revisions set forth on the record.

4. Thereafter, on September 10, 2004, the Debtors submitted a Certification of Counsel (Docket No. 6377) attaching a revised proposed form of Order and ADR Procedures that the Debtors believed to reflect the Court's rulings on the Motion at the August 23, 2004 hearing.

5. At a subsequent hearing on October 25, 2004, the Court provided the Debtors with two additional comments regarding the revised proposed form of Order and ADR Procedures submitted with the Certification of Counsel. Specifically, the Court asked the Debtors to revise paragraphs 7 and 8 of the revised proposed form of Order. In accordance with the Court's direction, the Debtors have revised paragraph 7 to make it clear that mediation is not mandatory for those claims that have not been resolved (or otherwise removed from the ADR Program) by the conclusion of the negotiation phase of the ADR Program. The Debtors have also revised paragraph 8 to clarify that the Debtors are "directed" to pay one-half of all fees and related expenses charged by the Mediator for such Mediation.

6.       The Debtors would also like to call to the Court's attention the fact that paragraph 6.3 of the ADR Procedures requires the Debtors to send an "ADR Notice Package" to any claimant that has a claim that the Debtors are submitting to the ADR Program. The ADR Notice Package includes a copy of the ADR Order.

7.       The Debtors respectfully request that the Court enter the revised form of Order attached hereto as Exhibit A at its earliest convenience, as the Debtors believe it reflects this Court's comments at the October 25, 2004 hearing.

Dated: October 28, 2004

        KIRKLAND & ELLIS LLP
        David M. Bernick, P.C.
        James W. Kapp III
        Janet S. Baer
        Samuel L. Blatnick
        200 East Randolph Drive
        Chicago, Illinois 60601
        Telephone: (312) 861-2000
        Facsimile:  (312) 861-2200

        and

        PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.

        /s/ _____
        Laura Davis Jones (Bar No. 2436)
        David W. Carickhoff, Jr. (Bar No. 3715)
        919 North Market Street, 16th Floor
        P.O. Box 8705
        Wilmington, DE 19899-8705 (Courier 19801)
        Telephone: (302) 652-4100
        Facsimile:  (302) 652-4400

        Co-counsel for Debtors and Debtors in Possession