# Exhibit A

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | Re: Docket No. 5808 and |
| | | 8/23/04 Agenda Item 3 |

## ORDER PURSUANT TO SECTIONS 105(a), 362, 363, 502 AND 503 OF THE BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019 ESTABLISHING AN ALTERNATIVE DISPUTE RESOLUTION PROGRAM AND TO PERMIT THE DEBTORS TO LIQUIDATE CERTAIN PREPETITION CLAIMS

Upon consideration of the Motion of the above-captioned debtors and debtors in

possession (collectively, the "Debtors") for an order, pursuant to sections 105(a), 363, 363, 502

and 503 of title 11 of the United States Code (the "Bankruptcy Code") and Federal Rule of

Bankruptcy Procedure 9019 to establish an alternative dispute resolution program and to permit

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Debtors to liquidate certain prepetition Disputed Claims (the "Motion"); and the Debtors having

amended the ADR Program[2] and ADR Procedures to address concerns raised by the Court, the

Official Committee of Unsecured Creditors, Oldcastle, APG Northeast, Inc., the Asbestos

Personal Injury Claimants Committee, and the Internal Revenue Service; and the Court having

considered the Motion and finding that the relief requested therein is in the best interest of the

Debtors and their estates; and due and proper notice having been given with no other notice

being required; and in light of the nature of the relief requested in the Motion, no further notice

or hearing on the Motion being required; and after due deliberation and sufficient cause

appearing therefore;

    IT IS HEREBY ORDERED THAT:

    1.    The Motion, as modified by the revised ADR Procedures (and the revised exhibits

to the ADR Procedures) attached hereto, is granted.

    2.    The ADR Program, as modified by the revised ADR Procedures attached hereto,

is approved.

    3.    The ADR Notice Package, as modified and attached hereto, is approved.

    4.    Prior to triggering the application of the ADR Program with respect to a Disputed

Claim, the Debtors shall first file an objection to such Disputed Claim.  After the Claimant has

responded to the Debtors' objection(s) pursuant to Bankruptcy Rule 3007, the Debtors are

authorized, but not directed, in their sole discretion to submit the Disputed Claim to the ADR

Program.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meaning given to them in the Motion.

2

5.    All time periods and deadlines set forth in the ADR Program shall be construed and governed by Federal Rule of Bankruptcy Procedure 9006.

6.    The terms and conditions of the ADR Program, including, but not limited to, the time periods set forth in the revised ADR Procedures, shall be binding in every respect upon all ADR Claimants in these cases that are served by the Debtors with the ADR Notice Package.

7.    For any ADR Claim where (i) the respective Claimant has elected to participate in the ADR Program and (ii) the ADR Claim has not been resolved (or otherwise removed from the ADR Program) by the conclusion of the negotiation phase of the ADR Program, the Debtors are authorized, but not directed, to refer such Claim to a Mediator that has been approved by this Court.

8.    Pursuant to the ADR Program, the Debtors are directed to pay one-half of all fees and related expenses charged by the Mediator for such Mediation, and the respective ADR Claimants are directed to pay the remaining one-half of all fees and related expenses charged by the Mediator for such Mediation.

9.    Pursuant to the ADR Program, if an ADR Claimant fails to pay its share of fees and expenses for Mediation within thirty (30) calendar days of the date payment is due, the ADR Claimant's claim may, upon order of the Court, be forever discharged, disallowed, waived and expunged.

10.    The Debtors are authorized, but not directed, to resolve any ADR Claim by Stipulation in accordance with the terms of the ADR Program.

11.    Pursuant to paragraphs 8.1.1 and 9.4.1 of the ADR Procedures, if the Debtors and an ADR Claimant settle an ADR Claim that is a Pre-Approved Settlement, then the Debtors shall file with the Clerk of the Court a Stipulation to that effect and shall promptly mail a copy of the

3

Stipulation to the Claims Agent, so that the Claims Docket may be amended to reflect the Claim as provided for in the Stipulation.

12.     Pursuant to paragraphs 8.1.2 and 9.4.1 of the ADR Procedures, if the Debtors and an ADR Claimant settle an ADR Claim that is not a Pre-Approved Settlement and the settlement amount is equal to or less than $5 million (five million dollars), then the Debtors shall seek approval on 20 (twenty) days negative notice of the Stipulation after service upon the Office of the United States Trustee and the counsel for any official committee then-recognized in these bankruptcy cases.  Such service shall include (i) a copy of the Stipulation and (ii) a written statement indicating (a) the basis and amount of the original Claim and (b) an explanation of why the Debtors' believe the settlement is in the best-interests of the Debtors' estates.  If no objections are timely-filed against a respective Stipulation, then the Debtors will submit to the Court an order approving the Stipulation without further notice or hearing.  If the Court enters an order approving the Stipulation, the Debtors shall promptly mail of copy of the Stipulation to the Claims Agent.  If the Court enters an Order approving the Stipulation, the Debtors shall promptly mail a copy of the Stipulation to the Claims Agent, who shall then revise the Claims Docket to reflect the Claim as provided for in the Stipulation.

13.     Upon service by the Debtors of the ADR Notice Package on an ADR Claimant as set forth herein, such ADR Claimant shall be enjoined from commencing or continuing any action or proceeding in any manner or any place to establish, liquidate, collect or otherwise enforce their Claims against the Debtors or their property, other than through the ADR Program or within the course of the Debtors' normal claims resolution process, except (i) as provided in paragraph 18.0 of the ADR Procedures, or (ii) upon leave of the Court from the Automatic Stay and/or the Preliminary Injunction, as applicable.  The Automatic Stay and Preliminary Injunction

4

shall remain in effect, unless the Automatic Stay or Preliminary Injunction, as applicable, are

otherwise terminated or modified by an order of this Court.

14.    Pursuant to the ADR Program, the failure of an ADR Claimant who has elected to

participate in the ADR Program to participate in good faith, may, upon order of the Court, result

in the ADR Claimant's Claim(s) being forever discharged, disallowed, waived, and expunged as

against the Debtors, and their bankruptcy estates.

15.    Pursuant to the ADR Program, if an ADR Claimant fails to return a

substantially completed and signed ADR Notice so that it is received by the Debtors

within thirty (30) calendar days following the date of its mailing by the Debtors, the

Debtors shall send the ADR Claimant a written statement indicating that the ADR

Claimant's failure to respond to the ADR Notice will result in the disallowance and

expungement of the ADR Claim.  If the ADR Claimant fails to return a substantially

completed and signed ADR Notice or Second Notice so that it is received by the Debtors

within twenty (20) calendar days following the date this second notice is mailed by the

Debtors, then the ADR Claimant's claim shall be forever discharged, disallowed, waived

and expunged as against the Debtors and their bankruptcy estates, without further order

of the Court.

16.    Pursuant to the ADR Program, the failure of an ADR Claimant who has

elected to participate in the ADR Program to return a substantially completed Statement

of Claim, or an explanation of why such information is not available, so that it is received

by the Debtors within thirty (30) calendar days following the date the Statement of Claim

is mailed by the Debtors, may result, upon an order of the Court, the ADR Claim being

5

forever discharged, disallowed, waived and expunged as against the Debtors and their bankruptcy estates.

17.    Paragraph 6.3.1 of the ADR Procedures shall not apply to ADR Claims filed by the "Department of Treasury - Internal Revenue Service" (a.k.a. "Department of Treasury - IRS").

18.    Nothing in this Order or the Motion alters the requirement that, in order to participate in the ADR Program, each Disputed Claimant must have filed a Timely Proof of Claim (as defined in the ADR Procedures) in these chapter 11 cases.

19.    The Debtors are authorized to take any reasonable actions required, contemplated, or reasonably necessary to carry out the provisions of this Order or the ADR Program.

20.    To the extent the Debtors' insurance policies are applicable to any ADR Claim, the Debtors' insurers shall, in good-faith, cooperate and participate in the ADR Program in accordance with the terms of any such policies.

21.    Upon written request by the Debtors, and only to the extent the Debtors' insurance policies are applicable to any ADR Claim, the Debtor's insurers shall use their best efforts to deliver to the Debtors copies of all files relating to such ADR Claims as soon as practicable after receipt of the Debtors' request.

22.    Nothing in this Order, the Motion or the ADR Procedures shall (i) enlarge, reduce, modify or affect in any way the respective claims, defenses, exclusions, rights and duties of the insurers or Debtors under policies issued for the benefit of the Debtors or (ii) require the insurers to pay claims or other charges not otherwise covered under the policies.

23.    The Debtors are directed to work with Transportation Insurance Company, Continental Casualty Company, American Casualty Insurance Company of Reading,

6

Pennsylvania, Continental Insurance Company, Transcontinental Insurance Company and their affiliates (individually or collectively, the "CNA Insurance Companies" or "CNA") to develop a protocol by which CNA may participate in the ADR Procedures relative to the ADR Claims alleged to be covered by policies issued by CNA. Unless and until this protocol has been finalized and memorialized (by stipulation and/or court order), then notwithstanding anything to the contrary contained in this Order, the Motion or the ADR Procedures, CNA shall not be bound or obligated to fund any settlement under the ADR Procedures absent further order of this Court. Notwithstanding, this paragraph shall not apply to any ADR Claims for which CNA would not otherwise have a right to participate in, approve or otherwise affect settlement, before becoming obligated to fund such settlement.

24.     Pursuant to paragraph 10.0 of the ADR Procedures, except with respect to ADR Claims filed and held by (i) OldCastle APG Northeast, Inc. or (ii) the City of Cambridge, MA, the Debtors shall have sole discretion to determine whether a particular ADR Claim involves "immature" or "mature" litigation. With respect to ADR Claims filed and held by Oldcastle APG Northeast, Inc. or the City of Cambridge, MA, to the extent that the Debtors and the respective claimant do not agree with respect to whether their claims involve "immature" or "mature" litigation, the respective claimant shall have the right to move the Court for a determination of whether the litigation is "immature" or "mature," or move for modification of the Automatic Stay or Preliminary Injunction, as applicable, with respect to such claims.

25.     This Court shall retain jurisdiction over the Debtors, the Debtors' insurers (to the extent the Debtors' insurance policies are applicable to any ADR Claim), and the Disputed Claimants with respect to all matters and disputes arising out of or relating to the implementation of the Motion, the ADR Program, and/or this Order.

7

26.     This Court shall retain jurisdiction to hear and determine all matters arising from

the implementation of this Order, which is final.


Dated:  October ____, 2004

_____
The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

8

## W.R. Grace & Co., et al.

### ALTERNATIVE DISPUTE RESOLUTION PROCEDURES

**WITHIN THIRTY (30) CALENDAR DAYS OF THE DATE OF SERVICE OF THESE ADR PROCEDURES, YOU MUST SUBMIT TO THE DEBTORS AND ITS REPRESENTATIVES, AT KIRKLAND & ELLIS LLP, 200 E. RANDOLPH ST, CHICAGO, IL 60601, A COMPLETED AND SIGNED ADR NOTICE (EXHIBIT 1). THE FAILURE TO DO SO MAY RESULT IN THE LOSS OF YOUR RIGHT OR A DELAY IN YOUR ABILITY TO PURSUE YOUR CLAIM AGAINST THE DEBTORS**

**1.0    Preamble.**  These Alternative Dispute Resolution Procedures (the "ADR Procedures" and collectively, the "ADR Program") are designed to achieve prompt, efficient and economical resolution of disputed prepetition claims against one or more of the Debtors.  All rules contained herein shall be liberally construed so as to resolve the disputed claims in a fair and equitable manner.

**2.0    Defined Terms.**  Capitalized terms used in these ADR Procedures are defined as follows:

**2.01    Additional Bar Date:**  "Additional Bar Date" shall mean the deadline for filing a Claim, by Claimants known to the Debtors on the Petition Date, that were not properly served with a copy of the Bar Date Order, in accordance with terms outlined in the Debtors' Motion to Establish an Additional Bar Date.

**2.02    ADR Claim:**  "ADR Claim" shall mean every claim alleged in a Timely Proof of Claim or other Proof of Claim deemed accepted by the Court for which the holder of such Timely Proof of Claim or other proof of claim has been served with a copy of the ADR Order and these ADR Procedures.  ADR Claim does not include (i) any claims relating to the Zonolite Attic Insulation, (ii) asbestos-related personal-injury claims, or (iii) any claims arising after the Petition Date.

**2.03    ADR Claimant:**  "ADR Claimant" shall mean the holder of an ADR Claim.

**2.04    ADR Notice:**  "ADR Notice" shall mean a form of notice substantially in the form annexed as Exhibit 1 hereto.

**2.05    ADR Order:**  "ADR Order" shall mean the Order entered by the Bankruptcy Court on **[DATE TO BE INSERTED]**, approving the ADR Program as described in these revised ADR Procedures.

**2.06    ADR Notice Package:** "ADR Notice Package" shall mean the compilation of the (a) these ADR Procedures and (b) the ADR Order, which are served upon a Claimant in the manner outlined in these ADR Procedures.

**2.07    Allowed Claim:** "Allowed Claim" shall mean an ADR Claim that, through negotiation, Mediation and/or litigation, results in (a) an agreement between the Debtors and the relevant ADR Claimant or (b) an order from a court of appropriate jurisdiction establishing the amount of the Claim.

**2.08    Automatic Stay:** "Automatic Stay" shall mean the automatic stay of all proceedings against the Debtors and their estates that commenced, pursuant to 11 U.S.C. §362, on the Petition Date.

**2.09    Bankruptcy Code:** "Bankruptcy Code" shall mean the Bankruptcy Reform Act of 1978, as amended, and codified as Title 11 of the United States Code.

**2.10    Bar Date Order:** "Bar Date Order" shall mean the order, dated April 22, 2002, by which this Court set March 31, 2003 as the last date for filing Proofs of Claim for all pre-petition claims relating to asbestos property damage, non-asbestos claims and medical monitoring claims.

**2.11    Claim:** "Claim" shall mean a claim alleged in a Timely Proof of Claim and/or other proof of claim deemed accepted by the Court.

**2.12    Claimant:** "Claimant" shall mean any holder or holders of a Claim (including a Claimant's guardian or representative if the Claimant is a minor or otherwise incompetent).

**2.13    Claims Agent:** "Claims Agent" shall mean Rust Consulting, Inc., the claims agent appointed for these bankruptcy cases pursuant to The Order Approving and Authorizing the Retention of Rust Consulting, Inc., as the Official Claims Handling Agent, dated November 5, 2001 (Docket # 1097).

**2.14    Claims Docket:** "Claims Docket" shall mean the official claims docket of all proofs of claim filed against the Debtors' estates, which is being maintained by the Claims Agent.

**2.15    Confirmation Order:** "Confirmation Order" shall mean the order of the Court or any other court of competent jurisdiction confirming the chapter 11 plan or plans involving the Debtors and approving the transactions contemplated by the chapter 11 plan(s).

**2.16    Court:** "Court" shall mean the United States Bankruptcy Court for the District of Delaware or any other bankruptcy court to which the Debtors' bankruptcy cases are transferred or, if reference to the Bankruptcy Judge is withdrawn, the United States District Court in which such cases are then pending. The withdrawal of the reference for an adversary proceeding, or for a particular contested matter in these cases,

2

shall not constitute a withdrawal of reference of the cases themselves, nor affect the status of the United States Bankruptcy Court for the District of Delaware, as being the "Court" in which these bankruptcy cases proceed.

**2.17    Debtors:** The "Debtors" shall mean the following sixty-two (62) entities, whose bankruptcy cases are being jointly administered as Case No. 01-01139 before the Court: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

**2.18    Insurance Policies:** "Insurance Policies" shall mean the relevant policies of insurance issued by the Debtors' carriers naming the Debtors or their predecessor(s) as insured for Claims arising before the Petition Date.

**2.19    Initial Offer:** "Initial Offer" shall mean the first offer of settlement. The Debtors are not obligated to make an Initial Offer, but, to the extent the Debtors choose to make an Initial Offer to a respective Claimant, it must be made mailed by the Debtors within <u>forty-five (45) calendar days</u> following receipt of a substantially completed Statement of Claim.

**2.20    Mediation:** "Mediation" shall mean the voluntary negotiation of an ADR Claim between the Debtors and a Claimant with the assistance of a Mediator in an attempt to create an Allowed Claim.

**2.21    Mediator:** "Mediator" shall mean any neutral third-party that is appointed by this Court to help facilitate settlements between the Debtors and ADR Claimants.

**2.22    Petition Date:** "Petition Date" shall mean April 2, 2001.

**2.23    Pre-Approved Settlement:** "Preapproved Settlement" shall mean any settlement of a Claim (i) for an amount that is fifty-percent (50%) or less of the amount of the Claim asserted in the ADR Claimant's proof of claim (as amended by any subsequent proofs of claims) up to a cap of $500,000, or (ii) in the Debtors' sole discretion, any single allowed Claim of $100,000 or less.

**2.24    Preliminary Injunction:** "Preliminary Injunction" shall mean the Order Granting Modified Preliminary Injunction that was granted by the Bankruptcy Court for the District of Delaware on January 22, 2002, in the adversary proceeding entitled W.R. Grace & Co., et al. v. Margaret Chakarian, et al. and John Does 1-1000, Case No A-01-771, as modified by any subsequent order of the Court.

**2.25    Second Notice:** "Second Notice" shall mean the written notice that Debtors shall send to any ADR Claimant that fails to return a completed and signed ADR Notice so that it is received by the Debtors within thirty (30) calendar days following the date of its mailing by the Debtors, substantially in the form annexed hereto as Exhibit 2.

**2.26    Second Offer:** "Second Offer" shall mean the Debtors second offer to settle an ADR Claim, which is made pursuant to the provisions of Section 8.2 herein.

**2.27    Statement of Claim:** "Statement of Claim" shall mean a summary of an ADR Claimant's Claim, substantially in the form annexed hereto as Exhibit 3.

**2.28    Stipulation:** "Stipulation" shall mean any agreement resolving an ADR Claim, substantially in the form annexed hereto as Exhibit 4. Pursuant to the Stipulation, a respective ADR Claimant releases any and all claims that Claimant may have against the Debtors, their predecessors and successors in interest, affiliates, agents, attorneys, insurers, and the respective current and former officers, directors and employees of each concerning or relating to the ADR Claim set forth and described in the Claimant's Statement of Claim.

**2.29    Timely Proof of Claim:** "Timely Proof of Claim" shall mean (i) any proof of claim filed in accordance with the requirements set forth in the Bar Date Order, (ii) any proof of claim for which the Court has granted the respective party leave to file a claim after the bar date specified in the Bar Date Order, or (iii) any applicable proof of claim filed in accordance with the requirements of the order establishing the Additional Bar Date.

**3.0    Participation in the ADR Program:** Each and every holder of an ADR Claim is strongly encouraged to participate in the ADR Program. If a Claimant elects to

4

participate in the ADR Program and fails to cooperate or participate in good-faith, then the Debtors shall have the right to seek to disallow, discharge, waive, and expunge that Claimant's ADR Claim by separate motion, notice and opportunity for hearing.  If an ADR Claimant (i) chooses to not participate in the ADR Program or (ii) is deemed to no longer participate in the ADR Program, then the applicable ADR Claim(s) shall be resolved during the course of the Debtors' normal claims resolution process.

**4.0**    **Notice, Filing and Service:** Unless a Claimant is otherwise notified in writing, all pleadings, notices and forms required or provided herein, must be timely served upon each of the following parties:

Kirkland & Ellis, LLP
200 E. Randolph Drive
Chicago, IL 60601
Attn: Samuel L. Blatnick

**5.0**    **Effect of a Confirmation Order:** Unless otherwise ordered by the Court, any Claimant holding an ADR Claim who, on the date of entry of a Confirmation Order, has returned a timely ADR Notice that indicates a desire to participate in the ADR Program, but has not (i) completed the ADR Program, (ii) been deemed to no longer participate in the ADR Program, (iii) had their claim disallowed and expunged, or (iv) otherwise agreed to an Allowed Claim, shall be required to complete the ADR Procedures or otherwise agree to an Allowed Claim in order to receive any distribution on account of such ADR Claim.

**6.0**    **Administration**

**6.1**    **Debtors' Staffing:** The administration of the ADR Program will be managed and directed by the Debtors' in-house counsel along with Kirkland & Ellis LLP with assistance from the Debtors' applicable insurance broker(s) and carriers and any adjuster(s) appointed by the Debtor's insurers, if applicable, plus any professionals or consultants hired by the Debtors to assist them in administering the ADR Procedures.

**6.2**    **Employment of a Mediator:** Subject to the conditions set forth elsewhere herein, and in conjunction with Court approval of the ADR Procedures, the Debtors will employ a Mediator under the ADR Program and the Debtors and the Claimants will share equally the costs and fees of the Mediator with respect to the Mediation of a respective ADR Claim.

**6.3**    **Participation in the ADR Program:** All ADR Claims shall be liquidated as provided in these ADR Procedures.  As soon as reasonably practicable after the entry of the ADR Order, the Debtors will serve those Claimants, or their attorneys (if known), who, in the Debtors' sole discretion, have asserted Claims that can be resolved expeditiously under the ADR Program with an ADR Notice Package.  Service of the ADR Notice Package upon the ADR Claimants  shall be effectuated: (i) in accordance with Federal Rules of Bankruptcy Procedure 7004 and Federal Rules of Civil Procedure: (ii) by first-class mail, postage prepaid, on the signatory on the respective ADR

5

Claimant's proof of claim or other representative identified in the proof of claim and any attachment thereto and by first-class mail, postage prepaid, on any counsel that has appeared on behalf of the respective ADR Claimant's behalf in the Debtors' bankruptcy cases or otherwise. The ADR Notice (included in the ADR Package) will direct the ADR Claimant to (i) indicate on the ADR Notice whether they wish to participate in the ADR Program and (ii) return the complete and signed ADR Notice so that it is received by the Debtors within thirty (30) calendar days after the date of its mailing by the Debtors.

**6.3.1 Disallowance and Expungement of Claims for Which an ADR Notice is not Timely Returned:** *If an ADR Claimant fails to return a completed and signed ADR Notice so that it is received by the Debtors within thirty (30) calendar days following the date of its mailing by the Debtors, the Debtors shall send the ADR Claimant a Second Notice. If the ADR Claimant fails to return a completed and signed ADR Notice so that it is received by the Debtors within twenty (20) calendar days following the date the Second Notice is mailed by the Debtors, then the ADR Claimant's Claim shall be forever discharged, disallowed, waived and expunged as against the Debtors and their bankruptcy estates, without further order of the Court.* This Paragraph 6.3.1 shall not apply to ADR Claims filed by the "Department of Treasury - Internal Revenue Service" (a.k.a. "Department of Treasury - IRS").

**7.0    Statement of Claim:** Within a reasonable period of time following receipt of an ADR Notice that expresses an ADR Claimant's desire to participate in the ADR Program, the Debtors will send a Statement of Claim to the respective ADR Claimant. Within thirty (30) calendar days after the date on which the Debtors mail the Statement of Claim, the respective ADR Claimant must return a substantially completed Statement of Claim to the Debtors, so that the Debtor receive the substantially completed Statement of Claim within this thirty-day period. The Statement of Claim requests information pertinent to resolving the respective ADR Claim. Claimants shall also provide to the Debtors any additional or supplemental documentation, information, or evidence reasonably requested or required by the Debtors. Upon receipt of the substantially completed and signed Statement of Claim, both parties may direct reasonable and good faith requests to the other party for further information to assist them in completing the ADR Procedures in good faith. The Debtors and the Claimant shall timely respond to any good faith request for further information and provide any such information as soon as reasonably practicable. Unless otherwise agreed by the Debtors, no Claimant may participate in the ADR Program unless and until a substantially completed and signed Statement of Claim is received by the Debtors. **UNLESS THE DEBTORS AGREE OTHERWISE IN WRITING, THE SUBSTANTIALLY COMPLETED AND SIGNED STATEMENT OF CLAIM MUST BE RECEIVED BY THE DEBTORS WITHIN THIRTY (30) CALENDAR DAYS FROM THE DATE THE STATEMENT OF CLAIM WAS MAILED TO THE CLAIMANT. IF A CLAIMANT FAILS TO TIMELY SUBMIT A SUBSTANTIALLY COMPLETED AND SIGNED STATEMENT OF CLAIM, OR A WRITTEN EXPLANATION AS TO WHY SUCH INFORMATION IS NOT AVAILABLE, THEN THE DEBTORS SHALL HAVE THE RIGHT TO MOVE THE COURT TO HAVE THE CLAIM FOREVER DISALLOWED, DISCHARGED, WAIVED AND**

6

EXPUNGED AGAINST THE DEBTORS AND THEIR BANKRUPTCY
ESTATES.

### 8.0    Settlement Offers

**8.1.0    Initial Offers.** Subject to the procedures set forth below, the Debtors have
the authority to make a settlement offer to each ADR Claimant who timely submits a completed
and signed ADR Notice and Statement of Claim that indicates a desire to participate in the ADR
Program. Any ADR Claimant accepting a settlement offer shall be deemed to have granted a
complete release, with respect to any claims or demands relating to the respective ADR Claim,
of every Debtor and every applicable insurer(s) (if any), their predecessors, successors-in-
interest, and their respective officers, directors, agents, attorneys and employees . Within forty-
five (45) calendar days after Debtors' receipt of a substantially completed Statement of Claim,
the Debtors may serve on the applicable ADR Claimant an Initial Offer. If the Debtors do not
make an Initial Offer, then the ADR Claim shall proceed directly to the Mediation phase of the
ADR Procedures.

**8.1.1** Each ADR Claimant will be required to accept or reject the Initial Offer
within thirty (30) calendar days after the date of its mailing by the Debtors. Such Claimants
must accept the Initial Offer by signing and serving a Stipulation upon the Debtors so that it is
received within the aforementioned period of time. If the Claimant accepts the Initial Offer, and
the Initial Offer is a Pre-Approved Settlement, then the Debtors shall file with the Clerk of the
Court a Stipulation to that effect and shall promptly mail a copy of the Stipulation to the Claims
Agent, so that the Claims Agent may adjust the Claims Docket to reflect the Claim as provided
for in the Stipulation. To the extent an ADR Claimant does not sign and return a timely
Stipulation, the Initial Offer shall be deemed rejected.

**8.1.2** In the event the Debtors and an ADR Claimant compromise and settle an
ADR Claim that is not a Pre-Approved Settlement and the settlement amount is equal to or less
than $5 million (five million dollars), then the Debtors shall seek approval on 20 (twenty) days
negative notice of the Stipulation after service upon the Office of the United States Trustee and
the counsel for any official committee then-recognized in these bankruptcy cases. Such service
shall include (i) a copy of the Stipulation and (ii) a written statement indicating (a) the basis and
amount of the original Claim and (b) an explanation of why the Debtors' believe the settlement is
in the best-interests of the Debtors' estates. If no objections are timely-filed against a respective
Stipulation, then the Debtors will submit an order approving the Stipulation without further
notice or hearing. If an objection(s) is timely filed, then the matter will be scheduled for hearing
at the next-scheduled omnibus hearing that is at least thirty (30) days following the date of the
objection. If the Court enters an order approving the Stipulation, the Debtors shall promptly mail
of copy of the Stipulation to the Claims Agent, so that the Claims Agent may adjust the Claims
Docket to reflect the Claim as provided for in the Stipulation. If the settlement amount is greater
than $5 million (five million dollars), the Debtors shall file a motion with the Court seeking
approval of the Stipulation. If the Court does not approve a settlement that is not a Pre-
Approved Settlement, then the Stipulation shall not be effective and the Debtors, in their sole
discretion, may elect to either (i) continue negotiations with the ADR Claimant or (ii) treat the
ADR Claimant as no-longer participating in the ADR Program.

**8.2    Second Offers.** If the ADR Claimant rejects the Initial Offer, then the
Debtors will have the option of (i) referring the ADR Claim to mediation as set forth below, (ii)

7

making a second written settlement offer to such Claimant, or (iii) treating such ADR Claimant as having elected to no-longer participate in the ADR Program. If the Debtors make a Second Offer, then the ADR Claimant will be required to accept or reject the Second Offer within thirty (30) calendar days after the date of its mailing by the Debtors. Such Claimants must accept the Second Offer by signing and serving a Stipulation upon the Debtors so that it is received within the aforementioned period of time. If the Claimant accepts the Second Offer, and the Second Offer is a Pre-Approved Settlement, then the Debtors shall file with the Clerk of the Court a Stipulation to that effect and shall promptly mail a copy of the Stipulation to the Claims Agent. To the extent an ADR Claimant does not sign and return a timely Stipulation, the Second Offer shall be deemed rejected.

**8.3    Extension of Settlement Period.**    Upon mutual, written-consent, the Debtors and an ADR Claimant may exchange additional settlement offers following rejection by the ADR Claimant of the Debtors' Second Offer. The amount of timing of any such offers will be governed by the written agreement of the Debtors and the ADR Claimant.

## 9.0    Mediation

**9.1    Submission of Claims to Mediation.** After reviewing the results of the settlement-stage, the Debtors may refer disputes between the Debtors and ADR Claimants whose Claims (i) have not been settled consensually, (ii) have not been deemed to no longer participate in the ADR Program, or (iii) whose Claims have not been expunged and disallowed to the Mediator or any other mediator that has been appointed by the Court, to conduct mandatory, non-binding mediation. The Debtors may submit any Claim to mediation if: (i) the Debtors do not make an Initial Offer, within a reasonable period of time following receipt of a substantially completed Statement of Claim; (ii) the Debtors make an Initial Offer, but do not make a Second Offer, within a reasonable period of time following ADR Claimant's rejection of the Debtors' Initial Offer; (iii) the Debtors make an Initial Offer and a Second Offer, within a reasonable period of time following the Claimant's rejection of the Second Offer; or (iv) in the event the Debtors and the Claimant agree to exchange additional offers (after the Second Offer), within a reasonable period of time following the Claimant's rejection of the last offer.

**9.2    Notice to Claimant.** The Debtors shall notify the Claimant in writing of the submission of his or her ADR Claim to Mediation, and the Debtors shall forward to the Mediator all Statements of Claim and other relevant information they have received from the Claimant regarding the ADR Claimant's Claim . The Mediator shall schedule an initial Mediation conference to occur within forty-five (45) calendar days of the Mediator's receipt of such materials to be held in (i) the greater Baltimore, MD metropolitan-area or (ii) another location that is agreed-upon by the Debtors, the ADR Claimant, and the Mediator. The Debtors and the ADR Claimant shall each have a person with settlement-authority attend the Initial Conference and any subsequent conferences.

**9.3    Attendance.** If an ADR Claimant fails to attend a properly-noticed Initial Conference (or subsequent Mediation conference if scheduled pursuant to the requirements outlined below), then the ADR Claimant shall bear all reasonable fees and costs incurred by the Debtors and the Mediator with respect to the canceled Initial Conference or Mediation. The Debtors and the Mediator shall each have an obligation to use reasonable efforts to mitigate any

8

such fees and costs. To the extent that the failure of an ADR Claimant to attend a properly-noticed Initial Conference (or subsequent Mediation conference if scheduled pursuant to the requirements outlined below) is the result of bad-faith, the Debtors shall have the right to move the Court to disallow, discharge, waive, and expunge the ADR Claim as against the Debtors, their bankruptcy estates, their successors, their directors, officers and agents.

**9.4.    Outcomes.** After the conclusion of the Initial Conference:

**9.4.0**   If no consensual agreement is reached for settlement of the Claimant's Claim, and the Debtors do not believe that further mediation is likely to yield such an agreement, the Debtors shall send the Claimant, within fifteen (15) calendar days following the Initial Conference, a statement indicating that they do not believe the ADR Claim can be settled, and the respective ADR Claim will no longer be eligible to participate in the ADR Program. If no consensual agreement is reached after the Initial Conference, and the Debtors and the ADR Claimant agree that further Mediation may yield such an agreement, the Mediator shall schedule a subsequent Mediation conference or conferences. If the Debtors subsequently believe that further Mediation is not likely to yield an agreement, the Debtors shall promptly send the ADR Claimant a statement indicating that they do not believe the ADR Claim can be settled, and the respective ADR Claim will no longer be eligible to participate in the ADR Program.

**9.4.1**   If a settlement is reached, the ADR Claimant and the Debtors shall be required to sign and execute a Stipulation. If the agreed-upon settlement is a Pre-Approved Settlement, the Debtors shall file a Stipulation with the Clerk of the Court, and send a copy of the Stipulation to the Claims Agent. The Stipulation will be effective and binding on all parties-in-interest upon its filing with the Clerk and will not require the endorsement or approval of the Court. In the event the Debtors and an ADR Claimant compromise and settle an ADR Claim that is not a Pre-Approved Settlement, the Debtors shall seek Court-approval of such settlement. If the settlement amount is equal to or less than $5 million (five million dollars), then the Debtors shall seek Court-approval on 20 (twenty) days negative notice of the Stipulation after service upon the Office of the United States Trustee and the counsel for any official committee then-recognized in these bankruptcy cases. Such service shall include (i) a copy of the Stipulation and (ii) a written statement indicating (a) the basis and amount of the original Claim and (b) an explanation of why the Debtors' believe the settlement is in the best-interests of the Debtors' estates. If no objections are timely-filed against a respective Stipulation, then the Debtors will submit an order approving the Stipulation without further notice or hearing. If an objection(s) is timely filed, then the matter will be scheduled for hearing at the next-scheduled omnibus hearing that is at least thirty (30) days following the date of the objection. If the Court enters an order approving the Stipulation, the Debtors shall promptly mail of copy of the Stipulation to the Claims Agents so that the Claims Agent may adjust the Claims Docket to reflect the Claim as provided for in the Stipulation. If the settlement amount is greater than $5 million (five million dollars), then the Debtors shall file a motion with the Court seeking approval of the Stipulation. If the Court does not approve the settlement, the Stipulation shall not be effective, and the Debtors and the ADR Claimant may mutually elect to conduct additional Mediation. If the Debtors and the ADR Claimants do not elect to conduct additional Mediation, then the Debtors, in their sole discretion, may choose to (ii) deem the Claimant to no longer participate in the ADR Program, or (iii) refer the ADR Claimant's Claim to litigation.

9

**9.4.2    Extension of Mediation.**    After conclusion of the initial Mediation session, the Debtors and an ADR Claimant may mutually agree to conduct additional Mediation sessions. The amount and timing of any such sessions will be governed by written agreement between Debtors and the respective ADR Claimant.

**9.5    Costs.**    The Mediator's fees and costs will be shared equally by the Debtors and the ADR Claimant. All fees and costs required to be paid by an ADR Claimant must be paid within thirty (30) calendar days after the relevant mediation session. If an ADR Claimant fails to pay all required fees when due, the Debtors shall have the right to move the Court to forever disallow, discharge, waive, and expunge the ADR Claim(s) in its entirety.

**9.6.    Conduct of Mediation.**    ADR Claims shall be handled by the Mediator in the order received by him or her, to the extent practicable. Any party may be represented by legal counsel, although the participation of legal counsel shall not be required to conduct the Mediation.

**9.7    Language.**    Mediation shall be conducted in English, or such other language as the parties shall agree to or the Court shall direct.

**10.0    Litigation.**    The ADR Claims that are not resolved through Mediation shall be litigated in the following manner, depending on whether their respective ADR Claim involves "immature litigation or "mature litigation." With respect to immature litigation - ADR Claims where the underlying litigation had not substantially progressed prior to the Petition Date - such unresolved ADR Claims shall proceed to litigation in the Bankruptcy Court for the District of Delaware. To the extent that the Bankruptcy Court for the District of Delaware does not have the jurisdiction to resolve any such matters, the respective matter shall be resolved in the District Court for the District of Delaware. With respect to mature litigation - unresolved ADR Claims where (i) the litigation had progressed through the discovery stage and was substantially ready for trial or (ii) where judgment was rendered and the matter was on appeal - the Automatic Stay shall be lifted and the cases shall proceed to trial in the forum where the case was pending when the Automatic Stay went into effect. **EXCEPT WITH RESPECT TO ADR CLAIMS FILED AND HELD BY (i) OLDCASTLE APG NORTHEAST, INC. OR (II) THE CITY OF CAMBRIDGE, MA, THE DEBTORS SHALL HAVE SOLE DISCRETION TO DETERMINE WHETHER A PARTICULAR ADR CLAIM INVOLVES "IMMATURE" OR "MATURE" LITIGATION.** With respect to ADR Claims filed and held by Oldcastle APG Northeast, Inc. or the City of Cambridge, MA, to the extent that the Debtors and the respective claimant do not agree with respect to whether a particular claim involves "immature" or "mature" litigation, the respective parties shall have the right to move the Court for a determination of whether the litigation is "immature" or "mature," or move for modification of the Automatic Stay or Preliminary Injunction, as applicable, with respect to such claims.

**11.0    Satisfaction and Payment of Allowed Claims.**    To the extent the amount of any resolved ADR Claim - is (i) agreed-upon in a Stipulation or settlement agreement or (ii) determined by a final order of this Court or the District Court - is uninsured, the Debtors'

10

insurers shall not be required to pay such settlement amount, and such settlement amount shall constitute an allowed claim against the Debtors' estates in its confirmed reorganization plan[1]. To the extent that any resolved ADR Claims are covered by applicable insurance, then the respective insurance companies shall make payments for the non-deductible portion of the ADR Claims as set forth in the relevant policies. The deducible portion of any such Claims shall become allowed claims against the Debtors' estates.

**12.0    The Automatic Stay and Preliminary Injunction.** Upon service by the Debtors of the ADR Notice Package on a ADR Claimant as set forth herein, such ADR Claimant shall be enjoined from, among other things, commencing or continuing any action or proceeding in any manner or any place to establish, liquidate, collect or otherwise enforce their Claims against the Debtors or their property other than (i) through the ADR Program, (ii) within the course of the Debtors' normal claims resolution process, or (iii) upon leave of the Court from the Automatic Stay or Preliminary Injunction. The Automatic Stay and Preliminary Injunction shall remain in effect, unless the Automatic Stay or Preliminary Injunction, as applicable, has been otherwise terminated or modified by an order of this Court.

**13.0    Timely Filed Proofs of Claims.** Nothing in the ADR Program alters the requirement that each ADR Claimant (and any other claimant) must have timely filed a proof of claim or previously received leave from this Court to file a late claim.

**14.0    No Waiver of Defenses.** The submission of any ADR Claim to the ADR Program shall not serve as a waiver or release of any defenses or claims that the Debtors or a Claimant may have with respect to any ADR Claim. Moreover, except for any tolling of any applicable limitations period resulting from the Debtors' bankruptcy, the submission of any ADR Claim to the ADR Program shall not serve as a waiver or release of any claim or defense that may otherwise be available to the Debtors or a Claimant at law or in equity in defending against or prosecuting the ADR Claim in the event that the ADR Claim is subsequently litigated. This provision shall apply equally to ADR Claims for which: (i) the ADR Claimant elects to participate in the ADR Program and (ii) the ADR Claim is subsequently deemed to no longer participate in the ADR Program. This provision also applies equally to ADR Claimants that choose to not participate in the ADR Program.

**15.0    Failure to Act in Good Faith.** If a Claimant elects to participate in the ADR Procedures and fails to participate or cooperate in good faith in the ADR Program, then the Debtors shall have the right to seek by separate motion, notice and opportunity for hearing, to disallow, discharge and waive and expunge the Claimant's ADR Claim.

**16.0    Cancellation or Modification.** At any time, the Debtors shall have the right, upon further Court order and notice and hearing, to modify or terminate the ADR Program. No

---

[1] The Debtors reserve their rights to seek to subordinate any award of punitive damages to all other claims and to assert any applicable limit or "cap" on claims (such as, by way of example, the limitation on allowed amounts of employee claims as set forth in section 502(b)(7) of the Bankruptcy Code).

such modification or termination shall impact those Claimants whose respective Claims are then pending before the Mediator or where there are any pending settlement offers, and the Debtors shall resolve such Claims consistent with the ADR Program. Similarly, any such termination or modification of the ADR Program shall not affect any (i) previously resolved ADR Claims or (ii) ADR Claims for which the respective Claimant or the Debtors have validly exercised their respective rights to no longer participate in the ADR Program with respect to the particular ADR Claim.

**17.0** __Confidentiality and Inadmissibility of Materials Exchanged.__ Any materials shared by the Debtors or ADR Claimants during the course of the ADR Program shall be considered confidential. The party to whom such documents are given (i) shall treat them with the same level of care that its treats its own confidential materials; (ii) shall not share such materials with any other party unless they have (a) first obtaining permission of the party from whom it received such materials or (b) been ordered to disclose the materials by order of a court of competent jurisdiction; and (iii) shall be liable for any unwarranted distribution of such materials or any notes, summaries, etc. that were created from such materials. Further, any participant in the ADR Program that receives materials must either return or destroy any materials, including any notes, summaries, or documents obtained from such materials, promptly after the time at which the ADR Claim is either resolved or deemed to no longer be part of the ADR Program. Finally, any information shared during the ADR Program shall be considered "exchanged in the course of litigation for the purposes of settlement," and any provisions limiting the admissibility of such materials as evidence in further proceedings shall apply.

**18.0** __No Effect on Prior Stipulations.__ To the extent that the Debtors and an ADR Claimant have entered into a valid and binding stipulation that includes provisions governing the resolution of such Claim (including, but not limited to, procedures by which the ADR Claimant may re-notice a prior motion for relief from the Automatic Stay), and such stipulation is inconsistent with the provisions of the ADR Program: (i) the stipulation shall govern the terms by which the Claim may be resolved and (ii) the ADR Procedures do not affect the ADR Claimant's rights under such stipulation.

12

## Exhibit 1 to ADR Procedures

### ADR Notice

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **W. R. GRACE & CO., et al.**[1] | ) | **Chapter 11** |
| | ) | |
| Debtors. | ) | **Case No. 01-01139 (JKF)** |
| | ) | **(Jointly Administered)** |

## ADR NOTICE

Your Claim in the above-captioned Chapter 11 cases (a copy of which is attached hereto) is subject to the alternative dispute resolution procedures established by the Bankruptcy Court's Order Pursuant to Sections 105(a) 362, 363, 502 and 503 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 9019 Establishing Alternative Dispute Resolution Program to Permit Debtors to Liquidate Certain Prepetition Claims entered on _____ __, 2004 (Docket No. _____) (the "ADR Order"). A copy of the ADR Order and the ADR Procedures - in which the ADR Program is described - are attached hereto.

**YOU HAVE THE OPTION AT THIS TIME TO ELECT TO PARTICIPATE IN THE ALTERNATIVE DISPUTE RESOLUTION PROGRAM ESTABLISHED BY THE ADR ORDER. IF YOU ELECT NOT TO PARTICIPATE IN THE ALTERNATIVE**

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

DISPUTE PROGRAM, THE YOU MUST AWAIT A SUBSEQUENT LIQUIDATION OF YOUR RESPECTIVE CLAIM AGAINST THE DEBTORS THROUGH THE DEBTORS' CLAIMS OBJECTION PROCESS, AS OUTLINED IN THE ADR PROCEDURES.

BY ELECTING TO PARTICIPATE IN THE ADR PROGRAM, YOU ARE AGREEING TO BE BOUND BY THE TERMS OF THE ADR PROCEDURES. THE ADR PROCEDURES PROVIDE THAT <u>YOUR FAILURE TO TAKE CERTAIN ACTIONS</u>, INCLUDING, BUT NOT LIMITED TO (I) PAYING FOR ONE HALF OF ALL MEDIATION COSTS, (II) PARTICIPATING IN GOOD FAITH, OR (III) TIMELY SUBMITTING A SUBSTANTIALLY COMPLETED STATEMENT OF CLAIM, <u>MAY RESULT IN THE DISALLOWANCE OF YOUR CLAIM.</u>

PLEASE FIND A COPY OF THE COURT-APPOINTED MEDIATOR'S RATES ATTACHED AS <u>EXHIBIT A</u> TO THIS NOTICE.

Claimant:_____

Address:_____

Claimant's Attorney (if known):_____

Address:_____

| | |
|---|---|
| **I DO** elect to participate in the Alternative Dispute Resolution Procedures established by the Bankruptcy Court's _____, 2004 Order. By doing so, I agree to be bound by all of the terms of the Alternative Dispute Resolution Procedures, including any provision that may provide for the disallowance of my Claim. | **I DO NOT** elect to participate in the Alternative Dispute Resolution Procedures established by the Bankruptcy Court's _____, 2004 Order. |

_____        _____

Date                                         Signature of Claimant or Authorized Representative

_____

Printed Name of Claimant or Authorized Representative

ON OR BEFORE _____, 2004, YOU MUST RETURN THIS ADR NOTICE COMPLETED AND SIGNED TO THE DEBTORS' COUNSEL, KIRKLAND & ELLIS LLP, AT THE FOLLOWING ADDRESS:

**KIRKLAND & ELLIS LLP**
**200 E. RANDOLPH DRIVE**
**CHICAGO, IL 60601**
**ATTN: SAMUEL L. BLATNICK**

2

## Exhibit A to ADR Notice

### Rates for the Mediator

## Exhibit 2 to ADR Procedures

**Second Notice**

91100-001\DOCS_DE:98512.5

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **W. R. GRACE & CO., et al.**[1] | ) | **Chapter 11** |
| | ) | |
| **Debtors.** | ) | **Case No. 01-01139 (JKF)** |
| | ) | **(Jointly Administered)** |

## SECOND NOTICE

Your Claim in the above-captioned Chapter 11 cases (a copy of which is attached hereto) is subject to the alternative dispute resolution procedures established by the Bankruptcy Court's Order Pursuant to Sections 105(a) 362, 363, 502 and 503 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 9019 Establishing Alternative Dispute Resolution Program to Permit Debtors to Liquidate Certain Prepetition Claims entered on _____, 2004 (Docket No. _____) (the "ADR Order"). A copy of the ADR Order and the ADR Procedures - in which the ADR Program is described - are attached hereto.

**YOU HAVE THE OPTION AT THIS TIME TO ELECT TO PARTICIPATE IN THE ALTERNATIVE DISPUTE RESOLUTION PROGRAM ESTABLISHED BY THE ADR ORDER. IF YOU ELECT NOT TO PARTICIPATE IN THE ALTERNATIVE DISPUTE PROGRAM, YOU MUST AWAIT A SUBSEQUENT LIQUIDATION OF**

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

**YOUR RESPECTIVE CLAIM AGAINST THE DEBTORS THROUGH THE DEBTORS' CLAIMS OBJECTION PROCESS, AS OUTLINED IN THE ADR PROCEDURES..**

**BY ELECTING TO PARTICIPATE IN THE ADR PROGRAM, YOU ARE AGREEING TO BE BOUND BY THE TERMS OF THE ADR PROCEDURES.  THE ADR PROCEDURES PROVIDE THAT <u>YOUR FAILURE TO TAKE CERTAIN ACTIONS</u>, INCLUDING, BUT NOT LIMITED TO (I) PAYING FOR ONE HALF OF ALL MEDIATION COSTS, (II) PARTICIPATING IN GOOD FAITH, OR (III) TIMELY SUBMITTING A SUBSTANTIALLY COMPLETED STATEMENT OF CLAIM, <u>MAY RESULT IN THE DISALLOWANCE OF YOUR CLAIM.</u>**

**THE DEBTORS ALREADY SENT YOU AN ADR NOTICE, AND YOU FAILED TO RESPOND SO THAT THE DEBTORS RECEIVED THE COMPLETED ADR NOTICE WITHIN 30 DAYS FROM THE DATE ON WHICH THE DEBTORS MAILED THE ADR NOTICE TO YOU. *IF YOU FAIL TO COMPLETE THIS SECOND NOTICE AND RETURN IT TO THE ADDRESS LISTED BELOW WITHIN TWENTY (20) CALENDAR DAYS FOLLOWING THE DATE THIS SECOND NOTICE IS POST-MARKED, THEN YOUR CLAIM SHALL BE FOREVER DISCHARGED, DISALLOWED, WAIVED, AND EXPUNGED AS AGAINST THE DEBTORS AND THEIR BANKRUPTCY ESTATES, WITHOUT FURTHER ORDER OF THE COURT.***

**PLEASE FIND A COPY OF THE COURT-APPOINTED MEDIATOR'S RATES ATTACHED AS <u>EXHIBIT A</u> TO THIS SECOND NOTICE.**

Claimant:_____

Address:_____

Claimant's Attorney (if known):_____

Address:_____

| | |
|---|---|
| ☐ | ☐ |
| **I DO** elect to participate in the Alternative Dispute Resolution Procedures established by the Bankruptcy Court's _____, 2004 Order.  By doing so, I agree to be bound by all of the terms of the Alternative Dispute Resolution Procedures, including any provision that may provide for the disallowance of my Claim. | **I DO NOT** elect to participate in the Alternative Dispute Resolution Procedures established by the Bankruptcy Court's _____, 2004 Order. |

_____        _____
Date                                            Signature of Claimant or Authorized Representative


                                          _____
                                          Printed Name of Claimant or Authorized Representative

91100-001\DOCS_DE:98512.5

ON OR BEFORE _____, 2004, YOU MUST RETURN THIS SECOND
NOTICE COMPLETED AND SIGNED TO THE DEBTORS' COUNSEL,
KIRKLAND & ELLIS LLP, AT THE FOLLOWING ADDRESS:

**KIRKLAND & ELLIS LLP**
**200 E. RANDOLPH DRIVE**
**CHICAGO, IL 60601**
**ATTN: SAMUEL L. BLATNICK**

3

## EXHIBIT 3 TO ADR PROCEDURES

### Statement of Claim

## STATEMENT OF CLAIM

**PLEASE COMPLETE AND RETURN THIS FORM TO
_____ , SO THAT IT IS RECEIVED NO MORE THAN
THIRTY (30) CALENDAR DAYS AFTER _____, 2004, OR YOU
WILL BE DEEMED TO HAVE ELECTED NOT TO PARTICIPATE IN
THE ALTERNATE DISPUTE RESOLUTION PROGRAM.  IF YOU
ELECT NOT TO PARTICIPATE IN THE ALTERNATIVE DISPUTE
PROGRAM, THEN YOU MUST AWAIT A SUBSEQUENT
LIQUIDATION OF YOUR RESPECTIVE CLAIM AGAINST THE
DEBTORS THROUGH THE DEBTORS' CLAIMS OBJECTION
PROCESS, AS OUTLINED IN THE ADR PROCEDURES. WHENEVER
APPLICABLE, PLEASE ATTACH ALL SUPPORTING
DOCUMENTATION.**

**FAILURE TO TIMELY SUBMIT A SUBSTANTIALLY COMPLETED
STATEMENT OF CLAIM, MAY RESULT IN THE DISALLOWANCE OF
YOUR CLAIM.**

### ALTERNATIVE DISPUTE RESOLUTION PROGRAM

(a)     **Please Provide the Following Information**

    1.     Full Legal Name of Claimant:

_____

    2.     Proof of Claim Number, or date of Proof of Claim, for which this
Statement of Claim is being filed:

_____

(b)     **For the following items please update any information that has changed since
your original proof of claim was filed**

    1.     Street Address of Claimant:

_____

_____

_____

    2.     City and State Address of Claimant (including Zip Code):

_____

_____

3.    Telephone Number(s) of Claimant:

_____

4.    Social Security Number or Tax Identification Number of Claimant:

_____

5.    Alleged Amount of Claim:

_____

_____

_____

6.    Name of Attorney/Law Firm (if applicable):

_____

_____

_____

7.    Street Address of Attorney/Law Firm (if applicable)

_____

_____

_____

8.    City and State Address of Attorney/Law Firm (including Zip Code) (if applicable):

_____

_____

_____

9.    Telephone Number(s) of Attorney/Law Firm (if applicable):

_____

2

**(c)**    **For the following items, please provide any applicable information pertaining to your Claim:**

1.    A short statement of the Claimant's contentions with respect to the basis of the Claim (e.g., identify goods sold, services provided and when, or, incidents for which claim arose) and the amount of the Claim:

_____

_____

2.    Copies of all invoices, requisitions, purchase orders and all other documentation (including medical reports and bills for personal injury claims) which the Claimant contends supports its Claim (if applicable):

_____

_____

3.    The location of the incident (if applicable), and the identity of any other third-party the Claimant asserts is responsible:

_____

_____

_____

4.    The property damaged, or individual injured, if different from the Claimant (if applicable):

_____

_____

_____

5.    The date of the incident (if applicable):

_____

_____

_____

6.    The location of the incident (if applicable):

_____

_____

3

7.  A full list of witnesses to the incident and their last known addresses, if known (if applicable):

_____

_____

_____

8.  Provide photographs, videotapes and any other documentation relevant to the evaluation of the Claimant's Claim (if applicable):

_____

_____

_____

9.  A list of the Claimant's employees, former employees and others of whom the Claimant is aware that have knowledge regarding the basis and the amount of the Claimant's Claim (if applicable):

_____

_____

_____

10. Provide any other relevant information or documents supporting the Claim:

_____

_____

_____

_____

_____
Signature of Claimant or Authorized Representative
Date: _____

4

_____
Printed Name of Claimant or Authorized Representative

5

## EXHIBIT 4 TO ADR PROCEDURES

**Stipulation, Release and Settlement Agreement**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **W. R. GRACE & CO., et al.**[1] | ) | **Chapter 11** |
| | ) | |
| **Debtors.** | ) | **Case No. 01-01139 (JKF)** |
| | ) | **(Jointly Administered)** |

### STIPULATION AND SETTLEMENT AGREEMENT CONCERNING CLAIM OF

This stipulation is entered into this ___ day of _____, 2004, between W.R. Grace &

Co. and its affiliates (collectively, the "Debtors") and _____.

WHEREAS, on April 2, 2001 (the "Petition Date"), the Debtors commenced their respective

reorganization cases by filing voluntary petitions for relief under chapter 11 of the

Bankruptcy Code.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

WHEREAS, this Court issued its Bar Date Order on April 22, 2002, which established March 31, 2003 as the Bar Date for the filing of certain pre-petition (a) non-asbestos, (b) asbestos property damage and (c) medical monitoring claims.

[WHEREAS, this Court issued its Additional Bar Date Order on _____, which established _____ as the Additional Bar date for filing pre-petition claims that relate to certain pre-petition litigation cases: (a) that were known by the Debtors on the Petition Date; and (ii) for which the respective claim holder was not served with a copy of the Bar Date Order.]

WHEREAS, on _____, _____ filed a Proof of Claim, designated as a _____ claim, claim no. _____ in the amount of $_____ against Debtor _____ (the "Claim").

WHEREAS, on _____, the Court entered an Order Pursuant to Sections 105(a), 362, 363, 502 and 503 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 9019 Establishing Alternative Dispute Resolution Program to Permit Debtors to Liquidate Pre-petition Claims (the "ADR Order").

WHEREFORE, for good and valuable consideration, the parties hereby stipulate and agree to settle the Claim, pursuant to the ADR Order, as follows:

1.    The Claim of _____ shall be allowed as an unsecured, pre-petition, non-priority claim against the chapter 11 estate of _____ in the amount of $ _____, and all other amounts outlined in the Claim shall hereby be forever disallowed and expunged.

2

2.    The Debtors acknowledge a pre-petition, unsecured, non-priority claim of

_____ in the total amount of $ _____, which claim will be

paid, in the same manner as all other similarly situated claims, pursuant to the Debtors'

anticipated chapter 11 Plan or Plans.

3.    The Debtors shall direct Rust Consulting, Inc., the Court-appointed claims agent

for these bankruptcy cases, to mark the Claims Register to reflect that the _____

Claim is allowed as outlined herein.

5.    The parties shall take whatever reasonable additional actions, if any, are necessary

to ensure that the _____ Claim is allowed as outlined herein.

6.  It is further STIPULATED and AGREED that, by signing this agreement, the Claimant

hereby agrees to and hereby releases any and all claims and/or rights - concerning or relating

to the Claim only - that Claimant may have against the Debtors, their predecessors and

successors in interest, affiliates, agents, attorneys, insurers, and the respective current and

former officers, directors and employees.  This agreement is without prejudice to the

Debtors' or Claimants' rights to dispute or prosecute any other claims asserted by Claimant.

7.  It is further STIPULATED and AGREED that, by signing this agreement, the Claimant

also represents that it is the holder of the Claim and is authorized and empowered to settle

such Claim.

## STIPULATED AND AGREED:

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet S. Baer
James W. Kapp III
Samuel L. Blatnick
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

3

and

PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.

_____

Laura Davis Jones (#2436)
David W. Carickhoff, Jr. (#3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:   (302) 652-4400

Co-Counsel for the Debtors and Debtors in Possession

**STIPULATED AND AGREED:**

_____

[Claimant]

4