IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | | Chapter 1 |
| W.R. Grace & Co., <u>et al.</u>, | ) ) | Case No. 01-01139 (JKF) (Jointly Administered) |
| Debtors. | ) ) | Hearing Date: December 20, 2004 @ 12:00 PM Objections Due: December 3, 2004 |

**MOTION OF COUNSEL FOR ZAI CLAIMANTS TO MODIFY ORDERS WITH REGARDS TO CERTAIN QUARTERLY FEE APPLICATIONS**

COMES NOW, Richardson Patrick Westbrook & Brickman, LLP ("RPWB"), Lukins and Annis, P.C. ("L&A") and Elzufon Austin Reardon Tarlov & Mondell, P.A. ("EARTM") (collectively the "Movants") hereby submit this Motion to Modify Orders entered with Regards to the Tenth, Eleventh and Twelfth Quarterly Fee Applications (Docket Nos. 5482, 5822 and 6465, respectively) for professionals retained by the Debtors in these jointly administered cases (the "Certain Quarterly Fee Applications"). In support of this motion, the Movants state as follows:

1      On or about April 2, 2001, the Debtors filed for protection under Chapter 11 of the Bankruptcy Code.

2.     By this Court's order effective July 22, 2002, RPWB was appointed as ZAI Lead Special Counsel to prosecute the ZAI "Science Trial" and L&A was appointed as ZAI Additional Special Counsel to prosecute the ZAI "Science Trial" issues on behalf or the ZAI Claimants. EARTM served as Delaware Bankruptcy Counsel to the ZAI Claimants prior to the appointment

675594.1

of RPWB and L&A as special counsel to represent the ZAI Claimants, and EARTM has continued in that role after special counsel was appointed.[1]

3. On May 3, 2001, the Court entered the Interim Compensation Order and on April 17, 2002, the Court entered the Amended Compensation Order authorizing a total budget of $1.5 million in fees and $500,000 in expenses for prosecuting the Science Trial, against which the Movants would be compensated for legal services at their hourly rates as specified to the Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and all applicable local rules and orders of this Court.

4. The budget for both sides for prosecuting the Science Trial was increased by $950,000 upon the Court's order dated July 28, 2003.

5. The Administrative Order on Compensation for this case permits eighty percent of fees and one-hundred percent of expenses set forth in the monthly fee applications to be paid to the requesting party upon the filing of a Certificate of No Objection without a further Order of the Court. However, payment of the remaining twenty percent of fees set forth in the monthly fee applications (the "Holdback Fees"), as well as approval of the monthly fees and expenses already paid, must be made pursuant to quarterly fee applications submitted to and approved by the Court.

6. In accordance with the Administrative Order on Compensation, Movants have filed the appropriate monthly and quarterly fee applications since the effective date of their retention. Movants' Quarterly Fee Applications for the sixth through ninth periods have previously been approved by the Court.

---

[1] Buchanan Ingersoll presently serves as Delaware Bankruptcy Counsel to the ZAI Claimants. EARTM served as Delaware Bankruptcy Counsel through September 20, 2004. The matter was transferred when William D. Sullivan, the attorney representing the ZAI Claimants at EARTM, moved his practice to Buchanan Ingersoll. At all times relevant to this motion, EARTM served as Delaware Bankruptcy Counsel to the ZAI Claimants.

675594.1

7.  On or about October of 2003 (the "Exhausted Date"), the budget was exhausted with respect to the above-referenced counsel for the ZAI Claimants.

8.  The Movants continued to file both monthly and quarterly fee applications with the Court after the Exhausted Date. There have been no objections filed to the monthly fee applications by the Movants since the Exhausted Date. However, based on the fact that the budget was exhausted, no payments were made by the Debtors to the Movants on the monthly fee applications beginning in October, 2003.

9.  Likewise, Movants received a pro-rata reduction of their fees in the 10th Interim Order, and had no fees approved with their eleventh and twelfth Quarterly Fee Applications, based solely on the fact that the budget was exhausted. The fee auditor reports issued in connection with these applications recommended that the Movants be compensated $0 for fees and expenses requested in these applications, as the "budget has been exceeded." Accordingly, the Court entered orders reducing the Movants allowed fees in the tenth Quarterly period, and awarding no fees or expenses for the eleventh and twelfth period.

10. On September 27, 2004, the Court entered an Order granting the Joint Motion of Debtors and ZAI Claimants to Increase Budget for ZAI Science Trial (see exhibit A), which increased the Science Trial budget $750,000 for each side [Docket No. 6476]

## RELIEF REQUESTED

11  As a result of the September 27, 2004 increase in budget, the Movants seek modification of the orders regarding the tenth[2], eleventh and twelfth quarterly fee applications

---

[2] With regards to the tenth quarterly fee application, the Movants were granted partial reimbursement of fees requested in the tenth quarterly fee application. The Fee Auditor recommended, and the Movants accepted, pro-rata reductions in the amounts approved under the tenth quarterly application, based solely on the budget constraints imposed by the Court. The Movants are now seeking full reimbursement of fees requested, less amounts previously paid by the Debtors, during the tenth period as no objections were filed or received regarding the monthly and quarterly fee applications filed by the Movants during that period. Furthermore, the tenth quarter is improperly

675594.

(attached respectively as Exhibits B, C and D) granting partial reimbursement of the fees incurred during the tenth period and awarding $0 in compensation for the eleventh and twelfth period to the Movants, so that the fees and expenses requested in the Certain Quarterly Fee Applications are approved. As previously noted, no party has objected to these fee applications and payment was denied or limited solely on the fact that the budget for the ZAI Claimants was exhausted at the time these applications were submitted.

12. The fee auditor's reports concerning the fees requested during the tenth period by RPWB, L&A and EARTM are attached as Exhibit E. While there were no objections to the Movants' fees requested during this period, the fee auditor found that the budget would be exceeded if each firm were to receive the full amount requested in their individual quarterly fee applications. Accordingly, the fee auditor calculated a reduced interim compensation of partial fees in order to comply with the budget, as set forth in his reports.

| Movant | Certain Quarterly Fee Applications | Fees Requested | Expenses Requested | Pro Rata Fees Granted | Expenses Granted | Additional Fees Requested* |
|---|---|---|---|---|---|---|
| RPWB | 10th Quarter, July 1, 2003 through September 30, 2003 | $314,476.75 | $72,160.55 | $166,471.51 | $72,160.55 | $148,005.24 |
| L&A | 10th Quarter, July 1, 2003 through September 30, 2003 | $122,675.00 | $11,917.57 | $93,557.40 | $11,917.57 | $29,117.60 |
| EARTM | 10th Quarter, July 1, 2003 through September 30, 2003 | $10,919.00 | $2,387.21 | $8,027.37 | $2,387.21 | $2,891.63 |
| | | | | | TOTAL | $180,014.47 |

13. The fees and expenses requested in the eleventh and twelfth fee applications are as follows:

---

identified as April through June of 2003 in the order regarding the tenth quarterly fee applications; the correct time period for the tenth quarterly period is July through September of 2003.
* The Additional Fees Requested is the difference between the amount set forth in the Fee Application (the "Fees Requested" column) and the Pro Rata Fees previously awarded by the Court.

175594.1

| Movant | Certain Quarterly Fee Applications | Fees Requested | Expenses Requested |
|---|---|---|---|
| RPWB | 11th, Quarter, October 1, 2003 through December 31, 2003 | $50,460.00 | $17,216.00 |
| RPWB | 12th Quarter, January 1, 2004 through March 30, 2004 | $60,060.00 | $4,551.24 |
| **RPWB Total** | | **$110,060.00** | **$21,767.24** |
| L&A | 11th, Quarter, October 1, 2003 through December 31, 2003 | $17,860.00 | $641.90 |
| L&A | 12th Quarter, January 1, 2004 through March 30, 2004 | $39.00 | $1,107.72 |
| **L&A Total** | | **$17,899.00** | **$1,749.62** |
| EARTM | 11th, Quarter, October 1, 2003 through December 31, 2003 | $5,973.50 | $3,343.18 |
| EARTM | 12th Quarter, January 1, 2004 through March 30, 2004 | $4,345.50 | $0.0 |
| **EARTM Total** | | **$10,319.00** | **$3,343.18** |
| | **Total ZAI CLAIMANTS:** | **$138,277.00** | **$26,860.04** |

4. The orders entered by this Court approving the payment of fees to retained professionals on an interim basis should be amended to permit the payment of the Movants' fees in accordance with the revised budget.

15 The amounts requested in the Certain Quarterly Fee Applications as set forth above are within the increased budget amount approved by this Court on September 27, 2004.

WHEREFORE, for the foregoing reasons, Movants respectfully request that the Court amend its orders entered with respect to the retained professionals' Quarterly Fee Applications for the Tenth, Eleventh and Twelfth Quarters to approve payment of the Movants' fees and expenses, pursuant to this Court's Interim Compensation Order and Amended Interim Compensation Order.

Dated: November 4, 2004

BUCHANAN INGERSOLL PC

/s/ William D. Sullivan
William D. Sullivan (Bar No. 2820)
The Nemours Building
1007 North Orange Street, Suite 1110
Wilmington, DE 19801
Tel: (302) 428-5500
Fax: (302) 428-3996
Delaware Counsel to the ZAI Claimants

and

575594.

Edward J. Westbrook
RICHARDSON PATRICK WESTBROOK &
BRICKMAN
174 East Bay Street
Charleston, SC 29401
Telephone: (843) 727-6513
FAX: (843) 727-6688
Lead Counsel for ZAI Claimants

and

Darrell W. Scott, Esq..
Lukins & Annis, P.S.
717 W. Sprague Avenue, Suite 1600
Spokane, WA  99201
Phone: (509) 455-9555
FAX: (509) 747-2323
Additional Special Counsel for ZAI Claimants

675594.

## CERTIFICATE OF SERVICE

I, William D. Sullivan, hereby certify that I caused a copy of the foregoing *Motion to Amend Orders with Regards to Certain Quarterly Fee Applications* to be served the upon those parties identified on the attached service list via hand delivery or US Mail.

I certify the foregoing to be true and correct under the penalty of perjury

Dated: November 4, 2004                              */s/ William D. Sullivan*
                                                     William D. Sullivan

675594.1

## SERVICE LIST

Laura Davis Jones, Esquire
David Carickoff, Esquire
Pachulski, Stang, Ziehl, Young & Jones
919 North Market Street, 16th Floor
Wilmington, DE 19899-8705

Hamid R. Rafatjoo, Esquire
Pachulski, Stang, Ziehl, Young & Jones
10100 Santa Monica Boulevard
Los Angeles, CA 90067-4100

David M. Bernick, Esquire
James Kapp, III, Esquire
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

David B. Seigel
W.R. Grace and Co.
7500 Grace Drive
Columbia, MD 21044

Michael R. Lastowski, Esquire
Duane Morris & Heckscher LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246

Lewis Kruger, Esquire
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038-4982

William S. Katchen, Esquire
Duane, Morris & Heckscher LLP
One Riverfront Plaza, 2nd Floor
Newark, NJ 07102

J. Douglas Bacon, Esquire
Latham & Watkins
Sears Tower, Suite 5800
Chicago, IL 60606

Steven M. Yoder, Esquire
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899

Michael B. Joseph, Esquire
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

Scott L. Baena, Esquire
Bilzin Sumberg Dunn Baena
Price & Axelrod, LLP
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Mark Hurford
Marla Eskin
Campbell & Levine
800 King Street, Suite 300
Wilmington, DE 19801

#675594-v1