# **Exhibit 2**

W.R. Grace First Day Wage Order

DUPLICATE
ORIGINAL

Bench Filed
on 4/2/01

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (___) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

ORDER: (a) AUTHORIZING, BUT NOT REQUIRING, THE DEBTORS TO
PAY CERTAIN PREPETITION (i) WAGES, SALARIES, INCENTIVE PAY,
BONUS PLANS AND OTHER COMPENSATION AND AMOUNTS WITHHELD
FROM SUCH COMPENSATION, (ii) EMPLOYEE MEDICAL, PENSION AND
SIMILAR BENEFITS, (iii) EMPLOYEE SEVERANCE PAY, (iv) WORKERS'
COMPENSATION BENEFITS (v) AMOUNTS RELATING TO RETIREE HEALTH
BENEFITS AND (vi) REIMBURSABLE EMPLOYEE EXPENSES, (b) AUTHORIZING
AND APPROVING CERTAIN KEY EMPLOYEE RETENTION PROGRAMS,
ON AN INTERIM BASIS, AND (c) AUTHORIZING APPLICABLE
BANKS AND OTHER FINANCIAL INSTITUTIONS TO RECEIVE,
PROCESS, HONOR AND PAY ALL CHECKS PRESENTED FOR PAYMENT
AND TO HONOR ALL ELECTRONIC PAYMENT REQUESTS
MADE BY THE DEBTORS RELATING TO THE FOREGOING

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Upon the motion (the "Motion")[2] of the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") seeking entry of an order (a) authorizing, but not requiring, the Debtors to pay certain prepetition (i) wages, salaries, incentive pay, bonus plans and other compensation and amounts withheld from such compensation, (ii) employee medical, pension and similar benefits, (iii) employee severance pay, (iv) workers' compensation benefits, (v) amounts relating to retiree health benefits and (vi) reimbursable employee expenses, (b) authorizing and approving certain key employee retention program on an interim basis and (c) authorizing applicable banks and other financial institutions to receive, process, honor and pay all checks presented for payment and to honor all electronic payment requests made by the Debtors relating to the foregoing, all as more fully set forth in the Motion; and due notice of the Motion having been given under the circumstances; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and after due deliberation and sufficient cause appearing therefor, it is hereby:

ORDERED that, except as otherwise provided herein, the Motion is granted with respect to (a) authorizing, but not requiring, the Debtors to pay certain prepetition (i) wages, salaries,

---

[2] Capitalized terms not defined herein shall have the same meaning as in the Motion.

2

incentive pay, bonus plans and other compensation and amounts withheld from such compensation, (ii) employee medical, pension and similar benefits, (iii) employee severance pay, (iv) workers' compensation benefits, (v) amounts relating to retiree health benefits and (vi) reimbursable employee expenses and (b) authorizing applicable banks and other financial institutions to receive, process, honor and pay all checks presented for payment and to honor all electronic payment requests made by the Debtors relating to the foregoing; and it is further

ORDERED that, except as otherwise provided herein, the Debtors are authorized, but not directed to pay, in their sole discretion, the Employee Obligations in accordance with the Debtors' stated policies, including, without limitation, Unpaid Compensation, Vacation and Paid Holidays, Paid Leave, Bonus Plans, Directors' and Key Executives' Benefit Programs, Employee Benefits, Retiree Welfare Benefit Plans, Miscellaneous Employee Benefits, Employee Deductions, Employee Severance Plans and Retirement Benefits; and it is further

ORDERED that the Debtors are authorized, but not directed, to pay Workers' Compensation Obligations and Related Insurance, including, without limitation, (i) all Deductible Amounts, (ii) all premiums for the workers' compensation insurance policies in force since June 30, 2000, (iii) amounts with respect to obligations arising under the insurance arrangements in place prior to June 30, 2000, and (iv) as required, any amounts owed to the state of Ohio with respect to alleged unpaid workers' compensation insurance policy premiums (the grant of such authority to pay

such amounts being deemed not to be an admission of liability with respect to such amounts); and it is further

ORDERED that the Motion is granted with respect to the Key Employee Retention Programs, on an interim basis until the Employee Retention Hearing, and the Debtors are authorized, but not directed, in their sole discretion, to (i) continue to honor and perform all of the Key Employee Retention Programs and (ii) modify the Key Employee Retention Programs in the ordinary course of business as the Debtors determine necessary during such interim period; and it is further

ORDERED that any payments under the Key Employee Retention Programs to which a Key Employee may be entitled prior to the Employee Retention Hearing shall be deemed an administrative expense of the Debtors estates under section 503(b)(1)(A) of the Bankruptcy Code; and it is further

ORDERED that the Employee Retention Hearing shall be held on ____, 2001, at ___ .__m; and it is further

ORDERED that any objection to the Key Employee Retention Programs must be filed on or before April __, 2001, and served upon counsel to the Debtors so as to be actually received before 5:00 p.m. eastern standard time; and it is further

ORDERED that the Debtors are authorized but not directed to pay the Reimbursable Expenses in accordance with the Debtors' stated policies; and it is further

4

ORDERED that in accordance with this Order and any other order of this Court, each of the banks and financial institutions at which the Debtors maintain their accounts relating to the payment of the Employee Obligations and the Reimbursable Expenses is authorized to honor checks presented for payment, and to honor all funds transfer requests made by the Debtors related thereto, to the extent that sufficient funds are on deposit in such accounts; and it is further

ORDERED that the Debtors are authorized to take all actions to implement and effectuate the relief granted herein; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: April 2, 2001.

_____
JUDGE

5