IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | Re: Docket No. ____ and |
| | | 11/15/04 Agenda Item ____ |

## ORDER AUTHORIZING DEBTORS TO ADVANCE CERTAIN DEFENSE COSTS INCURRED BY CERTAIN OF THE DEBTORS' CURRENT AND FORMER OFFICERS, DIRECTORS AND EMPLOYEES

Upon consideration of the Debtors' Motion for the Entry of an Order Authorizing Debtors to Pay for Certain Legal Fees and Expenses Incurred by Certain of Debtors' Current and Former Officers, Directors and Employees (the "Motion"); and it appearing that this Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of the Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given; and after due deliberation and it appearing that sufficient cause exists

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

for granting the requested relief and that the relief requested is in the best interest of the Debtors' estates and creditors;

IT IS HEREBY ORDERED THAT:

1. The Debtors are authorized, but not directed, to advance payment for any reasonable legal expenses (fees and costs) for legal services provided to the Debtors' current or former officers, directors or employees in connection with the Investigation[2] and/or any action(s) that may arise from, or that are related to, the Investigation (the "Defense Payments").

2. Payment of any Defense Payments by the Debtors shall be made in accordance with the procedures enumerated in the existing orders governing compensation of professionals, in these bankruptcy cases, as may be subsequently amended.

3. To the extent that the Debtors make any Defense Payments, and any of the Individuals are subsequently found to have engaged in conduct for which they are not entitled to reimbursement under (i) the applicable Debtors' Certificate of Incorporation or By-laws or (ii) Delaware (or any other applicable) law, the Debtors (or their successor(s) in-interest) shall, at that time, hold an undertaking with respect to such Individual, during which the Debtors will seek recovery of any Defense Payments made on account of such Individual.

4. This Court shall retain jurisdiction over this Order, which is final.

Dated: November ___, 2004

The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

---

[2] Capitalized terms not otherwise defined in the Order have the respective meanings given in the Motion.

91100-001\DOCS_DE:102203.1