IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & Co., et al., | ) Case No. 01-1139 (JFK) |
| | ) (Jointly Administered) |
| Debtors. | ) |

### DEBTORS' MOTION FOR LEAVE FROM THIS COURT'S NOVEMBER 25, 2003 SCHEDULING ORDER TO HAVE DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING DEBTORS TO PAY CERTAIN LEGAL FEES AND EXPENSES FOR CERTAIN OF DEBTORS' CURRENT AND FORMER OFFICERS, DIRECTORS AND EMPLOYEES HEARD DURING DEBTORS' NOVEMBER 15, 2004 OMNIBUS HEARING

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby move this Court (the "Motion") for leave from this Court's *Amended Order Scheduling Omnibus Hearing Dates* (the "Scheduling Order"), dated November 25, 2003, so that the *Debtors' Motion for Entry of an Order Authorizing Debtors to Pay Certain Legal Fees and Expenses for Certain of Debtors' Current and Former Officers, Directors and Employees* (the "Defense Motion") may be heard during the November 15, 2004 omnibus hearing that is scheduled in the above-referenced bankruptcy cases.

Pursuant to the Scheduling Order, motions to be heard at the November 15, 2004 omnibus hearing were to be filed on or before October 11, 2004.

Del.Bankr.LR 9006-1(c) provides that unless the Federal Rules of Bankruptcy Procedure or the Local Rules state otherwise, "all motion papers shall be filed and served in accordance with Local Rule 2002-1(b) at least fifteen (15) days (eighteen (18) days if service by mail) prior to the hearing date."

Bankruptcy Rule 9006(c) provides that when an act is required to be done within a

specified time by the Bankruptcy Rules "the court for cause shown may in its discretion with or without motion or notice order the period reduced." Similarly, Del.Bankr.LR 9006-1(e) provides in pertinent part that "no motion will be scheduled on less notice than required by these Rules or the Fed.R.Bankr.P. except by Order of the Court, on written motion ... specifying the exigencies justifying shortened notice."

Accordingly, the Debtors file this Motion seeking an Order of this Court for leave of the Scheduling Order and shortening the notice period prescribed by Del.Bankr.LR 9006-1(c) to enable the Debtors to have the relief requested in the Defense Motion heard at the Debtors' next omnibus hearing on November 15, 2004 at 12:00 p.m.

### Argument

1.  In the Defense Motion, the Debtors request the Court's approval to pay any reasonable legal fees (and related expenses) for legal services provided to the Debtors' current or former officers, directors or employees to defend themselves in the federal grand jury investigation that has been brought by the United States Department of Justice, District of Montana and/or any action that may arise from this grand jury investigation.

2.  The Court should grant the Motion because (i) the Debtors are filing the Defense Motion shortly after receipt of the grand jury target-letter, which was not received in enough time to permit compliance with the terms of the Scheduling Order; and (ii) it is vital that the Court hear the Defense Motion in advance of December 3, 2004, the date which the United States District Attorney has indicated the Debtor and the Debtors' directors, officers, and employees will be required to appear before the grand jury.

3.  The target letters, which prompted to Defense Motion, were not mailed until October 27, 2004. Pursuant to the Scheduling Order, October 11, 2004 was the deadline for filing new matters to be heard during the November 15, 2004 omnibus hearing. Therefore, it was impossible for the Debtors to comply with the Scheduling Order.

4.  It is vital, however, that the Court hear the Defense Motion during the Debtors' November 15, 2004 omnibus hearing. Even with the benefit of the government's proposed tolling agreement, the federal grand jury is still scheduled to consider the investigation when it meets in early December 2004. The Debtors' next-scheduled omnibus hearing (after November 15, 2004) is scheduled for December 20, 2004. Therefore, unless the Court hears the Defense Motion during the November 15, 2004 hearing (or schedules a special hearing for purposes of considering the Defense Motion), the individuals that have received the target letters may not be able to obtain adequate legal representation before the grand jury considers the matter. Any adverse findings made during the pendency of the investigation could have material, adverse effects on the Debtors' estates.

5.  The Debtors also respectfully request that the Court establish an objection deadline to the Defense Motion of November 10, 2004 at 12:00 p.m. Eastern Time. This will afford the Debtors and the Court with an opportunity to review any responses to the Defense Motion in advance of the November 15, 2004 omnibus hearing.

### Notice

6. Notice of this Motion and the Defense Motion has been given to the United States Trustee, counsel to the DIP Lender, counsel to each of the official committees, and counsel to the future claimants' representative by hand delivery and/or overnight mail. Notice of this Motion and the Defense Motion has been given to all other parties that requested service and notice of papers in accordance with Fed R. Bankr. P. 2002 by regular first class U.S. mail. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

### Conclusion

7. Given the significance of the Defense Motion and its importance to the Debtors' estates, the Debtors respectfully request leave from the Scheduling Order, so that the Defense Motion may be heard during the Debtors' November 15, 2004 hearing, and so that objections to the Defense Motion must be filed on or before November 10, 2004 at 12:00 p.m. Eastern Time.

WHEREFORE, the Debtors respectfully request the entry of an Order (i) granting the Debtors' leave from the Scheduling Order with respect to the Defense Motion and (ii) allowing the Debtors to have the Defense Motion added to the list of items for consideration during the Debtors' November 15, 2004 hearing.

Dated: November 4, 2004

    KIRKLAND & ELLIS LLP
    David M. Bernick, P.C.
    Janet S. Baer
    Samuel L. Blatnick
    200 East Randolph Drive
    Chicago, Illinois 60601
    (312) 861-2000

    and

    PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.

    _____
    Laura Davis Jones (Bar No. 2436)
    David W. Carickhoff, Jr. (Bar No. 3715)
    919 North Market Street, 16th Floor
    P.O. Box 8705
    Wilmington, Delaware 19899-8705 (Courier 19801)
    Telephone: (302) 652-4100
    Facsimile: (302) 652-4400

    Counsel for Debtors and Debtors in Possession

**The Defense Motion is hereby scheduled to be heard during the Debtors' November 15, 2004 omnibus hearing.**

**Any objections to the Defense Motion must be filed and served so as to be received by November 10, 2004 at 12:00 p.m.**

**SO ORDERED** this ___ day of November, 2004

_____
The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge