IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) Objections Due By: November 24, 2004, at 4:00 p.m. | |
| | ) Hearing Date: December 20, 2004 at 12:00 p.m. | |

**THIRD QUARTERLY INTERIM APPLICATION OF
DELOITTE & TOUCHE LLP FOR
COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR
APRIL 1, 2004 THROUGH JUNE 30, 2004**

<u>Name of Applicant</u>:    Deloitte & Touche LLP  ("Deloitte & Touche").

<u>Authorized to Provide Professional Services to</u>:  The above-captioned debtors and debtors-in-possession.

<u>Date of Retention</u>:  February 4, 2003.

<u>Period for which Compensation and Reimbursement is Sought</u>:  April 1, 2004 through June 30, 2004.

<u>Amount of Compensation Sought</u>: $543,118.04.[2]

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Some professional time that was spent during the Interim Period may be reflected in a subsequent application.

Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary:

$1,760.00.

Total Amount of Compensation and Expense Reimbursement Sought: $544,878.04

This is a:     __monthly     X  quarterly     X  interim     __ final application.

Prior Applications filed:

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 10/31/03 | 02/04/03-02/28/03 | $12,938.00 | $0.00 | $12,938.00 | $0.00 |
| 01/23/04 | 03/01/03-03/31/03 | $45,454.00 | $0.00 | $45,454.00 | $0.00 |
| 02/20/04 | 04/01/03-04/30/03 | $49,357.00 | $3,396.00 | $49,357.00 | $3,396.00 |
| 02/20/04 | 05/01/03-05/31/03 | $79,822.00 | $6,649.00 | $79,822.00 | $6,649.00 |
| 02/20/04 | 06/01/03-06/30/03 | $50,388.00 | $410.00 | $50,388.00 | $410.00 |
| 03/10/04 | 07/01/03-07/31/03 | $66,168.00 | $2,427.00 | $66,168.00 | $2,427.00 |
| 03/10/04 | 08/01/03-08/31/03 | $59,593.00 | $106.00 | $59,593.00 | $106.00 |
| 03/10/04 | 09/01/03-09/30/03 | $84,261.00 | $1,487.00 | $84,261.00 | $1,487.00 |
| 04/20/04 | 10/01/03-10/31/03 | $129,621.00 | $3,500.00 | $129,621.00 | $3,500.00 |
| 04/20/04 | 11/01/03-11/30/03 | $44,352.00 | $2,708.00 | $44,352.00 | $2,708.00 |
| 04/20/04 | 12/01/03-12/31/03 | $29,954.00 | $1,078.00 | $29,954.00 | $1,078.00 |
| 6/16/04 | 01/01/04-01/31/04 | $34,441.00 | $50.00 | $34,441.00 | $50.00 |
| 6/16/04 | 02/01/04-02/29/04 | $36,391.00 | $0.00 | $36,391.00 | $0.00 |
| 6/16/04 | 03/01/04-03/31/04 | $81,149.00 | $0.00 | $81,149.00 | $0.00 |
| 10/4/04 | 04/01/04-04/30/04 | $150,157.00 | $316.00 | Pending | Pending |
| 10/4/04 | 05/1/04- | $119,252.00 | $383.00 | Pending | Pending |

|         | 05/31/04            |              |            |         |         |
|---------|---------------------|--------------|------------|---------|---------|
| 10/4/04 | 06/01/04-06/30/04   | $260,556.24  | $1,061.00  | Pending | Pending |

## COMPENSATION BY PROFESSIONAL

| Name of Professional | Position of Applicant | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Nick Bubnovich | Partner - Human Capital | $625 | .5 | $313.00 |
| Allison Prybylo | Sr. Consultant – Human Capital | $285 | 13.7 | $3,905.00 |
| Allison Prybylo | Sr. Consultant – Human Capital | $390 | 21.2 | $8,268.00 |
| Zach Georgeson | Associate - Human Capital | $255 | 4.8 | $1,224.00 |
| Darla Yager | Admin. Assist. – Human Capital | $65 | 2.4 | $156.00 |
| Jane Zeis | Senior Manager – Human Capital | $500 | 1.5 | $750.00 |
| Irwin Panitch | Partner- National Tax | $600 | 6 | $3,600.00 |
| Bryan Collins | Partner- National Tax | $600 | 98.5 | $59,100.00 |
| John Keenan | Senior Manager- National Tax | $515 | 2 | $1,030.00 |
| John Forrest | Senior Manager- National Tax | $515 | 185 | $95,275.00 |
| Sarah Mahn | Manager – National Tax | $475 | 172 | $81,700.00 |
| Tim Tuerff | Partner- National Tax | $600 | 2.8 | $1,680.00 |
| Carlita Smith | Administrative Asst – National Tax | $75 | 1 | $75.00 |
| Midori Owaki | Administrative Asst – National Tax | $75 | 1.7 | $128.00 |
| Carol L. Washington | Asst – National Tax | $75 | 3.5 | $263.00 |
| Vinita L. Chavis | Asst – National Tax | $75 | 12.5 | 938.00 |

| Name of Professional | Position of Applicant | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Michelle McGuire | Principal- Customs & International Tax | $600 | 36 | $21,600.00 |
| Robin Raley | Associate - Customs and International Tax | $230 | 24.4 | $5,612.00 |
| Melissa Stephanou | Manager – Customs & International Tax | $440 | 43.6 | $19,181.00 |
| Matthew Frank | Sr. Consultant – Customs & International Tax | $440 | 7.5 | $3,300.00 |
| Matthew Frank | Sr. Consultant – Customs & International Tax | $340 | 74.0 | $25,160.00 |
| Fred Levitan | Sr. Consultant – Customs & International Tax | $340 | 1.8 | $612.00 |
| Guillermo Del Nogal | Associate - Customs & International Tax | $230 | 1.0 | $230.00 |
| Bill Vawter | Associate - Customs & International Tax | $230 | 4.0 | $920.00 |
| Deb Chiemelski | Administrative Asst – Customs & International Tax | $65 | 2.1 | $137.00 |

Total Fees:     $335,161.00
Total Hours:         723.5
Blended Rate:  $    463.25

## COMPENSATION FOR CUSTOMS PROCEDURES REVIEW SERVICES BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees Requested |
|---|---|---|
| Customs Audit | 181.4 | $73,068 |
|  |  |  |

## COMPENSATION FOR COMPENSATION AND BENEFITS SERVICES BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees Requested |
|---|---|---|
| Compensation | 3 | $1,172 |
|  |  |  |

## COMPENSATION FOR NATIONAL TAX ADVISORY SERVICES BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees Requested |
|---|---|---|
| Ruling Request | 480.5 | $241,981 |
| International Tax | 3 | $1,695 |
|  |  |  |

## COMPENSATION FOR MONTHLY STATEMENT AND FEE APPLICATION PREPARATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees Requested |
|---|---|---|
| Fee Applications Preparation/Billing | 55.6 | $17,245.00 |

## SUMMARY OF CONTINGENT FEE SERVICES

### Lease Consulting Services

| Project Category | Total Savings to the Debtors' Estate | Total Contingent Fees Requested |
|---|---|---|
|  |  |  |
| TOTAL | $594,163 | $207,957.04 |

## EXPENSE SUMMARY

| Expense Category | Service Provider (if applicable) | Total Expense |
|---|---|---|
| Travel Expenses |  | $981 |
| Accommodations |  | $173 |
| Working Meals |  | $591 |
| Administrative |  | $15 |

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) Objections Due By: November 24, 2004, at 4:00 p.m. | |
| | ) Hearing Date: December 20, 2004 at 12:00 p.m. | |

**THIRD QUARTERLY INTERIM APPLICATION OF
DELOITTE & TOUCHE LLP FOR
COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES
FOR APRIL 1, 2004 THROUGH JUNE 30, 2004**

Pursuant to sections 330 and 331 of title 11 of the United States Code (the

"Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), and the Court's 'Amended Administrative Order Under 11 U.S.C.

§§ 105(a) and 331 Establishing Procedures for Interim Compensation and

Reimbursement of Expenses for Professionals and Official Committee Members', signed

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

April 17, 2002, amending the Court's 'Administrative Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code Establishing Procedures for Allowance and Payment of Monthly Interim Compensation and Reimbursement of Expenses of Professionals', entered May 3, 2001 (together, the "Administrative Order"), the firm of Deloitte & Touche LLP ("Deloitte & Touche") hereby files this Third Quarterly Interim Application of Deloitte & Touche LLP for Compensation and for Reimbursement of Expenses for April 1, 2004 through June 30, 2004 (the "Third Interim Fee Application"). By this Third Interim Fee Application, Deloitte & Touche seeks the interim allowance of compensation in the amount of $335,161.00 for hourly rate services, $207,957.04 for contingent fee services, and reimbursement of actual and necessary expenses in the amount of $1,760.00, for a total of $543,118.04 or 100% of all compensation and expense reimbursement requested, for the period of April 1, 2004 through June 30, 2004 (the "Interim Period"). In support of this Third Interim Fee Application, Deloitte & Touche respectfully represents as follows:

## **Background**

1. On April 2, 2001 (the "Petition Date"), each of the debtors (collectively, the "Debtors") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors are continuing to operate their businesses and manage their properties and assets as debtors in possession. Since the Petition Date, the U.S. Trustee has appointed the following creditors' committees: Official Committee of Unsecured Creditors, Official Committee of Asbestos Personal Injury Claimants, Official Committee of Asbestos Property Damage

Claimants, and Official Committee of Equity Security Holders (collectively, the "Committees"). No trustee has been appointed in the Debtors' chapter 11 cases.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2).

3. On April 2, 2001, the Court entered its order that the Debtors' chapter 11 cases be consolidated for procedural purposes only and administered jointly.

## The Retention of Deloitte & Touche

4. By this Court's order dated June 17, 2003, the Debtors were authorized to retain Deloitte & Touche to provide customs procedures review services, tax advisory services, and compensation and benefits services during the pendency of these chapter 11 cases, effective as of February 4, 2003 (the "Retention Order"), and to compensate Deloitte & Touche at Deloitte & Touche's hourly rates for services of this type (collectively, the "Hourly Rate Services") and to reimburse Deloitte & Touche for actual and necessary out-of-pocket expenses that it incurred, subject to application to this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and all applicable local rules and orders of this Court.

5. Pursuant to the Order Authorizing the Expansion of the Scope of the Services Permitted to be Provided by Deloitte & Touche LLP to the Debtors to Include Certain Lease Consulting Services, entered by this Court on July 19, 2004 (the "Expansion Order"), the Debtors were authorized to retain Deloitte & Touche to provide certain lease consulting services effective as of October 1, 2003, and to compensate Deloitte & Touche on a contingent fee basis (the "Lease Consulting Services"), subject to

application to this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, all applicable local rules and orders of this Court, as modified by the Expansion Order. As described in greater detail in the Seventeenth Monthly attached hereto as Exhibit C, and as approved by the Expansion Order, Deloitte & Touche is not required to submit detailed daily time records with respect to its provision of the Lease Consulting Services as part of any monthly fee statements, or interim or final fee applications seeking compensation for the provision of such services, nor is the payment of such compensation to be subject to any compensation holdbacks imposed in these Chapter 11 Cases..

6. Pursuant to the procedures set forth in the Administrative Order, professionals may request monthly compensation and reimbursement, and interested parties may object to such requests. If no interested party objects to a professional's request within twenty (20) days, the applicable professional may submit to the Court a certification of no objection authorizing the interim compensation and reimbursement of eighty percent (80%) of the fees requested and 100% of the expenses requested (except that Deloitte & Touche may request 100% of its contingent fees earned in connection with the provision of the Lease Consulting Services, as described above), subject to the filing and approval of interim and final fee applications of the professional. The professional is also to file a quarterly interim fee application.

7. Attached hereto as Appendix A is the Verification of Larry D. Ishol of Deloitte & Touche.

## Monthly Fee Application Covered Herein

8. Prior to the filing of this Third Interim Fee Application, Deloitte & Touche filed with the Court, pursuant to the Amended Order, the following monthly fee applications:

9. On or about October 4, 2004, Deloitte & Touche filed the Fifteenth Monthly Application of Deloitte & Touche LLP for Compensation for Services Rendered and Reimbursement of Expenses to the Debtors for the Period from April 1, 2004 through April 30, 2004 (the "Fifteenth Monthly", Docket No. 6525) requesting $150,157.00 in fees and $316.00 in expenses. The Fifteenth Monthly is attached hereto as Exhibit A. No objections were received with respect to the Fifteenth Monthly, and a certificate of no objection was filed on October 26, 2004 (Docket No. 6727).

10. On or about October 4, 2004, Deloitte & Touche filed the Sixteenth Monthly Application of Deloitte & Touche LLP for Compensation for Services Rendered and Reimbursement of Expenses to the Debtors for the Period from May 1, 2004 through May 31, 2004 (the "Sixteenth Monthly", Docket No. 6526) requesting $119,252.00 in fees and $383.00 in expenses. The Sixteenth Monthly is attached hereto as Exhibit B. No objections were received with respect to the Sixteenth Monthly, and a certificate of no objection was filed on October 26, 2004 (Docket No. 6728).

11. On or about October 4, 2004, Deloitte & Touche filed the Seventeenth Monthly Application of Deloitte & Touche LLP for Compensation for Services Rendered and Reimbursement of Expenses to the Debtors for the Period from June 1, 2004 through June 30, 2004 (the "Seventeenth Monthly", Docket No. 6527) requesting $260,556.24 in

fees and $1,061.00 in expenses. The Seventeenth Monthly is attached hereto as <u>Exhibit C</u>. No objections were received with respect to the Seventeenth Monthly, and a certificate of no objection was filed on October 26, 2004 (Docket No. 6729).

12. The monthly fee applications covered by this Third Interim Fee Application contain detailed daily time logs describing the actual and necessary services provided by Deloitte & Touche during the Interim Period as well as other detailed information required to be included in the fee applications. Those monthly applications, attached hereto as Exhibits A, B and C, are incorporated herein by reference.

### **Requested Relief**

13. By this Third Interim Fee Application, Deloitte & Touche requests that the Court approve the interim allowance of (a) compensation for professional services rendered in the amount of $543,118.04 (provided however, that any holdbacks which may be imposed on the compensation sought in connection with the Hourly Rate Services not be imposed on the compensation sought in connection with the Lease Consulting Services, consistent with the Expansion Order, and (b) the reimbursement of actual and necessary expenses incurred by Deloitte & Touche in the amount of $1,760.00 during the Interim Period. As stated above, the full scope of the services provided and related expenses incurred are fully described in the monthly fee applications for the Interim Period that already have been filed with the Court and are attached hereto as Exhibits A, B and C.

14. At all relevant times, Deloitte & Touche has been a disinterested person as that term is defined in section 101 (14) of the Bankruptcy Code and has not represented or held an interest adverse to the interest of Debtors.

15. All services for which compensation is requested by Deloitte & Touche were performed for or on behalf of Debtors and not on behalf of any committee, creditor, or other person.

16. During the Interim Period, Deloitte & Touche has received no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with Debtors' cases. There is no agreement or understanding between Deloitte & Touche and any unaffiliated entity for the sharing of compensation to be received for services rendered in these chapter 11 cases.

17. The professional services and related expenses for which Deloitte & Touche requests interim allowance of compensation and reimbursement of expenses were rendered and incurred in connection with Deloitte & Touche's provision of customs procedures review services, tax advisory services, compensation and benefits services and lease consulting services for Debtors in these chapter 11 cases. Deloitte & Touche's services have been necessary and beneficial to Debtors and their estates, and other parties in interest.

WHEREFORE, Deloitte & Touche respectfully requests that the Court enter an order, substantially in the form attached hereto, providing that, for the period of April 1, 2004 through June 30, 2004, an allowance be made to Deloitte & Touche in the sum of $335,161.00 for Hourly Rate Services, $207,957.04 for Lease Consulting Services and

$1,760.00 for reimbursement of actual and necessary costs and expenses incurred, for a total of $544,878.04 that Debtors be authorized and directed to pay to Deloitte & Touche the outstanding amount of such sums; and for such other and further relief as this Court deems proper.

Dated: 11-2, 2004

                        DELOITTE & TOUCHE LLP

                        _____
                        Larry D. Ishol, Partner
                        1750 Tysons Blvd.
                        Suite 800
                        McLean, VA 22102
                        Telephone: (703) 251-1860
                        Facsimile: (703) 332-7532

                        Customs services providers, tax and compensation
                        advisors, and lease consulting services providers for
                        Debtors and Debtors-in-Possession

## APPENDIX A

## VERIFICATION

WASHINGTON           :
                     :
DISTRICT OF COLUMBIA :

Larry D. Ishol, after being duly sworn according to law, deposes and says:

a) I am a partner with the applicant accounting firm of Deloitte & Touche LLP.

b) I have personal knowledge of Deloitte & Touche's retention as customs services providers, tax and compensation advisors, and lease consulting services providers to the Debtors in these chapter 11 cases.

c) I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Del.Bankr.LR 2016-2 and the 'Amended Administrative Order Under 11 U.S.C. §§105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members', signed April 17, 2002, and submit that the Application substantially complies with such Rule and Order.

Larry D. Ishol

SWORN AND SUBSCRIBED
before me this 2nd day of November, 2004.

Notary Public
My Commission Expires: March 31, 2008
County of Fairfax, Commonwealth of Virginia