## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------- x
|  | : | Chapter 11 |

In re                           :

W.R. GRACE et al.,                :   Delaware Bankruptcy
                                    :   Case No. 01-01139 (JKF)

              Debtors.        :   Jointly Administered

                                    :   Objection Deadline: December 3, 2004
------------------------------------------------------- x   Hearing Date: December 20, 2004 at 12pm

**APPLICATION OF THE OFFICIAL COMMITTEE OF EQUITY SECURITY
HOLDERS FOR AN ORDER, *NUNC PRO TUNC* TO
OCTOBER 29, 2004, APPROVING AND AUTHORIZING THE
RETENTION AND EMPLOYMENT OF LEXECON LLC AS ASBESTOS
CLAIMS CONSULTANT
TO THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS**

The Official Committee of Equity Security Holders (the **"Equity Committee"**) of

the above-captioned debtors and debtors in possession (the **"Debtors"**), by and through their

undersigned attorneys, respectfully submit this application (the **"Application"**), which seeks

entry of an order, *nunc pro tunc* to October 29, 2004, authorizing the Equity Committee to

employ Lexecon LLC (**"Lexecon"**) as asbestos claims consultants to the Equity Committee

pursuant to sections 1103(a) and 328(a) of title 11 of the United States Code, 11 U.S.C. §§ 101

et seq. (the **"Bankruptcy Code"**), and Rules 2014(a) and 2016 of the Federal Rules of

Bankruptcy Procedure (the **"Bankruptcy Rules"**).  In support of this Application, the Equity

Committee relies upon the Declaration of Dr. Gustavo E. Bamberger (the **"Bamberger**

**Declaration"**), attached hereto as Exhibit A, and represents as follows:

## BACKGROUND

1.  On April 2, 2001 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. These Chapter 11 cases are jointly administered for procedural purposes only.

2.  On June 18, 2001, the United States Trustee for the District of Delaware appointed the Equity Committee. Pursuant to an Order of this Court, the Equity Committee retained Kramer Levin Naftalis & Frankel LLP as its counsel in these cases.

3.  On October 29, 2004, the Equity Committee selected Lexecon to provide asbestos claims consulting services to the Equity Committee for the remainder of these Chapter 11 cases and to act if necessary as an expert witness for the Equity Committee in estimation of claims in contemplation of or in connection with Chapter 11 plan litigation.

4.  This Court has jurisdiction over these cases pursuant to 28 U.S.C. §§ 157 and 1334 and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

5.  To date, the Debtors have taken the lead in contesting the asbestos claims asserted against the estate. The Debtors' recent pronouncements regarding negotiation of a potential consensual plan of reorganization with the asbestos claimants, however, make it necessary for the Equity Committee to retain its own asbestos valuation expert so that it is in a position to conduct its own evaluation of any proposed settlement, to participate in settlement negotiations, and, if necessary, undertake its own challenge to the allowability and amount of

asbestos claims. The Equity Committee therefore seeks to retain an asbestos valuation expert as described herein.

6.      Accordingly, by this Application, the Equity Committee respectfully requests that the Court enter an order pursuant to sections 1103(a) and 328(a) of the Bankruptcy Code, and Rules 2014(a) and 2016 of the Bankruptcy Rules:

(a)      authorizing the retention and employment of Lexecon as asbestos claims consultant to the Equity Committee for the purpose of providing the services described herein on the terms and conditions set forth in that certain Retention Agreement dated November 5, 2004 and attached as Exhibit B, and

(b)      granting such further and other relief as this Court deems just and proper.

7.      The Equity Committee requests that such retention be *nunc pro tunc* to October 29, 2004, the date Lexecon commenced services for the Equity Committee.

## LEXECON'S QUALIFICATIONS

8.      The Equity Committee has selected Lexecon as its asbestos claims consultant because of its extensive and diverse experience, knowledge and reputation in the field of economic and statistical analysis, including in the asbestos claims field. Lexecon is well-qualified to provide the asbestos claims consulting services and expertise that are required by the Equity Committee in these chapter 11 cases. Lexecon is a leading consulting firm that specializes in the analysis of complex economic and statistical issues in connection with legal and regulatory proceedings and other business activities. Lexecon often serves as an expert on such issues and has been retained by national and international companies to assist with litigation in numerous forums. Gustavo E. Bamberger, Ph.D., a Senior Vice President of Lexecon who will take the lead role in Lexecon's services to the Equity Committee, in addition to testifying as

-3-

an expert witness in the Western Asbestos Company bankruptcy and submitting an expert report in the Congoleum bankruptcy, has provided expert witness testimony on economic issues before the United States Senate and numerous federal courts and regulatory agencies.

9.     The Equity Committee believes that the services of Lexecon are both necessary to assist the Equity Committee in plan negotiations and in reaching a resolution to these cases.  Accordingly the retention of Lexecon by the Equity Committee is in the best interests of the Debtors' estates.

## SERVICES TO BE PROVIDED BY LEXECON

10.     Lexecon provides expert services regarding the estimation of liabilities associated with asbestos claims.  The services that Lexecon may perform for the Equity Committee include, but are not limited to, the following:

(a)     estimating costs associated with liquidating present and future asbestos claims and resulting allocation of value to holders of claims and interests;

(b)     estimating the costs under a plan of resolving such claims;

(c)     testifying on behalf of the Equity Committee, if necessary; and

(d)     performing any other necessary services as the Equity Committee or the Equity Committee's counsel may request from time to time with respect to any asbestos-related issue.

Lexecon will coordinate any such services performed at the Equity Committee's request with services of the Equity Committee's counsel, as appropriate.

KL2:2361212.1

## TERMS OF LEXECON'S RETENTION

11.    As set forth in the Retention Agreement, Lexecon will be compensated on
an hourly basis to be paid by the Debtors. The current hourly rates to be paid are:[1]

| Gustavo E. Bamberger, Ph.D. | $525 |
| --- | --- |
| Lynette R. Neumann, Ph.D. | $450 |
| Senior Professionals | $450-530 |
| Consultants | $325-415 |
| Analysts/Data Analysis Research/Support Staff | $100-295 |

The range of billing rates reflects, among other things, differences in experience levels within
classifications and differences in services provided.

12.    Lexecon includes in its hourly rates:  (1) direct labor costs; (2) fringe
benefits; (3) overhead; and (4) fees.  Hourly rates do not include fees for use of Lexecon's
computer capability or out-of-pocket expenses, such as travel, long distance telephone calls,
purchased data, messenger service, express mail, bulk mailing, photocopies, or entertainment.
Lexecon bills for such out-of-pocket expenses at actual cost or an allocation of estimated actual
cost for purchased data used on multiple engagements. This compensation arrangement is
consistent with and typical of the arrangements entered into by Lexecon regarding the provision
of similar services for clients such as the Equity Committee.

---

[1] Rates are subject to reasonable and customary increases, beginning no earlier than January 1,
2005, and Lexecon requests that the aforementioned rates be revised to the regular hourly rates in
effect from time to time.  Members of Lexecon who may perform work for the Equity
Committee in this engagement include, but are not limited to, Dr. Gustavo E. Bamberger, Senior
Vice President and Dr. Lynette R. Neumann, Vice President.

## DISCLOSURE CONCERNING CONNECTIONS WITH THE CASE

13.     To the best of the Equity Committee's knowledge, based upon the information set forth in the Bamberger Declaration, (a) Lexecon is a "disinterested person" within the meaning of § 101(14) of the Bankruptcy Code and as required by § 328(c) of the Bankruptcy Code, and holds no interest adverse to the Debtors and their estates for the matters for which Lexecon is to be employed and (b) Lexecon has no connection to the Debtors, their creditors or their related parties herein, except as disclosed in the Declaration.

14.     Lexecon has conducted a review of its records and files and to the best of its knowledge, no conflicts or other disqualifying circumstances exist.  Lexecon will continue to periodically review its files to ensure that no such conflicts or other disqualifying circumstances exist.  If any applicable facts or relationships are newly discovered, Lexecon will supplement its disclosure with the Court.

## NOTICE

15.     Notice of the Application and the requested relief has been provided to (i) counsel and co-counsel for the Debtors, (ii) The Office of the United States Trustee, (iii) counsel for the Official Committee of Unsecured Creditors, (iv) counsel for the Official Committee of Asbestos Property Damage Claimants, (v) counsel for the Official Committee of Personal Injury Claimants, (vi) the Future Claimants' Representative, (vii) the Fee Auditor, and (viii) each party that has entered its appearance in these cases pursuant to Bankruptcy Rule 2002.  Accordingly, the Equity Committee believes that such notice of the Application is appropriate and sufficient.

KL2:2361212.1

## PRIOR REQUEST FOR RELIEF

16.     No previous application for the relief sought in this Application has been made to this or any other court.

WHEREFORE, the Equity Committee respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit C, authorizing the retention and employment of Lexecon, *nunc pro tunc* to October 29, 2004, as asbestos claims consultant, pursuant to the terms stated herein, and granting such further and other relief as this Court deems just and proper.

Dated:   Wilmington, Delaware
        November 5, 2003

Respectfully submitted,

KLETT ROONEY LIEBER & SCHORLING

By: /s/ Teresa K. D. Currier
     Teresa K. D. Currier (ID No. 3080)
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, Delaware  19801
Telephone:  (302) 552-4200
Facsimile:  (302) 552-4295

- and -

KRAMER LEVIN NAFTALIS & FRANKEL LLP
     Philip Bentley
     Gary M. Becker
919 Third Avenue
New York, New York  10022
Telephone:  (212) 715-9100
Facsimile:  (212) 715-8000

Attorneys for the Official Committee of
Equity Security Holders

-7-

KL2:2361212.1