IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | Re: Docket No. 5808 and |
| | | 8/23/04 Agenda Item 3 |

## ORDER PURSUANT TO SECTIONS 105(a), 362, 363, 502 AND 503 OF THE BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019 ESTABLISHING AN ALTERNATIVE DISPUTE RESOLUTION PROGRAM AND TO PERMIT THE DEBTORS TO LIQUIDATE CERTAIN PREPETITION CLAIMS

Upon consideration of the Motion of the above-captioned debtors and debtors in

possession (collectively, the "Debtors") for an order, pursuant to sections 105(a), 363, 363, 502

and 503 of title 11 of the United States Code (the "Bankruptcy Code") and Federal Rule of

Bankruptcy Procedure 9019 to establish an alternative dispute resolution program and to permit

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Debtors to liquidate certain prepetition Disputed Claims (the "Motion"); and the Debtors having amended the ADR Program[2] and ADR Procedures to address concerns raised by the Court, the Official Committee of Unsecured Creditors, Oldcastle, APG Northeast, Inc., the Asbestos Personal Injury Claimants Committee, and the Internal Revenue Service; and the Court having considered the Motion and finding that the relief requested therein is in the best interest of the Debtors and their estates; and due and proper notice having been given with no other notice being required; and in light of the nature of the relief requested in the Motion, no further notice or hearing on the Motion being required; and after due deliberation and sufficient cause appearing therefore;

IT IS HEREBY ORDERED THAT:

1.    The Motion, as modified by the revised ADR Procedures (and the revised exhibits to the ADR Procedures) attached hereto, is granted.

2.    The ADR Program, as modified by the revised ADR Procedures attached hereto, is approved.

3.    The ADR Notice Package, as modified and attached hereto, is approved.

4.    Prior to triggering the application of the ADR Program with respect to a Disputed Claim, the Debtors shall first file an objection to such Disputed Claim. After the Claimant has responded to the Debtors' objection(s) pursuant to Bankruptcy Rule 3007, the Debtors are authorized, but not directed, in their sole discretion to submit the Disputed Claim to the ADR Program.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meaning given to them in the Motion.

2

5.     All time periods and deadlines set forth in the ADR Program shall be construed and governed by Federal Rule of Bankruptcy Procedure 9006.

6.     The terms and conditions of the ADR Program, including, but not limited to, the time periods set forth in the revised ADR Procedures, shall be binding in every respect upon all ADR Claimants in these cases that are served by the Debtors with the ADR Notice Package.

7.     For any ADR Claim where (i) the respective Claimant has elected to participate in the ADR Program and (ii) the ADR Claim has not been resolved (or otherwise removed from the ADR Program) by the conclusion of the negotiation phase of the ADR Program, the Debtors are authorized, but not directed, to refer such Claim to a Mediator that has been approved by this Court.

8.     Pursuant to the ADR Program, the Debtors are directed to pay one-half of all fees and related expenses charged by the Mediator for such Mediation, and the respective ADR Claimants are directed to pay the remaining one-half of all fees and related expenses charged by the Mediator for such Mediation.

9.     Pursuant to the ADR Program, if an ADR Claimant fails to pay its share of fees and expenses for Mediation within thirty (30) calendar days of the date payment is due, the ADR Claimant's claim may, upon order of the Court, be forever discharged, disallowed, waived and expunged.

10.     The Debtors are authorized, but not directed, to resolve any ADR Claim by Stipulation in accordance with the terms of the ADR Program.

11.     Pursuant to paragraphs 8.1.1 and 9.4.1 of the ADR Procedures, if the Debtors and an ADR Claimant settle an ADR Claim that is a Pre-Approved Settlement, then the Debtors shall file with the Clerk of the Court a Stipulation to that effect and shall promptly mail a copy of the

3

Stipulation to the Claims Agent, so that the Claims Docket may be amended to reflect the Claim as provided for in the Stipulation.

12.    Pursuant to paragraphs 8.1.2 and 9.4.1 of the ADR Procedures, if the Debtors and an ADR Claimant settle an ADR Claim that is not a Pre-Approved Settlement and the settlement amount is equal to or less than $5 million (five million dollars), then the Debtors shall seek approval on 20 (twenty) days negative notice of the Stipulation after service upon the Office of the United States Trustee and the counsel for any official committee then-recognized in these bankruptcy cases.  Such service shall include (i) a copy of the Stipulation and (ii) a written statement indicating (a) the basis and amount of the original Claim and (b) an explanation of why the Debtors' believe the settlement is in the best-interests of the Debtors' estates.  If no objections are timely-filed against a respective Stipulation, then the Debtors will submit to the Court an order approving the Stipulation without further notice or hearing.  If the Court enters an order approving the Stipulation, the Debtors shall promptly mail of copy of the Stipulation to the Claims Agent.  If the Court enters an Order approving the Stipulation, the Debtors shall promptly mail a copy of the Stipulation to the Claims Agent, who shall then revise the Claims Docket to reflect the Claim as provided for in the Stipulation.

13.    Upon service by the Debtors of the ADR Notice Package on an ADR Claimant as set forth herein, such ADR Claimant shall be enjoined from commencing or continuing any action or proceeding in any manner or any place to establish, liquidate, collect or otherwise enforce their Claims against the Debtors or their property, other than through the ADR Program or within the course of the Debtors' normal claims resolution process, except (i) as provided in paragraph 18.0 of the ADR Procedures, or (ii) upon leave of the Court from the Automatic Stay and/or the Preliminary Injunction, as applicable.  The Automatic Stay and Preliminary Injunction

4

shall remain in effect, unless the Automatic Stay or Preliminary Injunction, as applicable, are otherwise terminated or modified by an order of this Court.

14.     Pursuant to the ADR Program, the failure of an ADR Claimant who has elected to participate in the ADR Program to participate in good faith, may, upon order of the Court, result in the ADR Claimant's Claim(s) being forever discharged, disallowed, waived, and expunged as against the Debtors, and their bankruptcy estates.

15.     Pursuant to the ADR Program, if an ADR Claimant fails to return a substantially completed and signed ADR Notice so that it is received by the Debtors within thirty (30) calendar days following the date of its mailing by the Debtors, the Debtors shall send the ADR Claimant a written statement indicating that the ADR Claimant's failure to respond to the ADR Notice will result in the disallowance and expungement of the ADR Claim.  If the ADR Claimant fails to return a substantially completed and signed ADR Notice or Second Notice so that it is received by the Debtors within twenty (20) calendar days following the date this second notice is mailed by the Debtors, then the ADR Claimant's claim shall be forever discharged, disallowed, waived and expunged as against the Debtors and their bankruptcy estates, without further order of the Court.

16.     Pursuant to the ADR Program, the failure of an ADR Claimant who has elected to participate in the ADR Program to return a substantially completed Statement of Claim, or an explanation of why such information is not available, so that it is received by the Debtors within thirty (30) calendar days following the date the Statement of Claim is mailed by the Debtors, may result, upon an order of the Court, the ADR Claim being

5

forever discharged, disallowed, waived and expunged as against the Debtors and their bankruptcy estates.

17.     Paragraph 6.3.1 of the ADR Procedures shall not apply to ADR Claims filed by the "Department of Treasury - Internal Revenue Service" (a.k.a. "Department of Treasury - IRS").

18.     Nothing in this Order or the Motion alters the requirement that, in order to participate in the ADR Program, each Disputed Claimant must have filed a Timely Proof of Claim (as defined in the ADR Procedures) in these chapter 11 cases.

19.     The Debtors are authorized to take any reasonable actions required, contemplated, or reasonably necessary to carry out the provisions of this Order or the ADR Program.

20.     To the extent the Debtors' insurance policies are applicable to any ADR Claim, the Debtors' insurers shall, in good-faith, cooperate and participate in the ADR Program in accordance with the terms of any such policies.

21.     Upon written request by the Debtors, and only to the extent the Debtors' insurance policies are applicable to any ADR Claim, the Debtor's insurers shall use their best efforts to deliver to the Debtors copies of all files relating to such ADR Claims as soon as practicable after receipt of the Debtors' request.

22.     Nothing in this Order, the Motion or the ADR Procedures shall (i) enlarge, reduce, modify or affect in any way the respective claims, defenses, exclusions, rights and duties of the insurers or Debtors under policies issued for the benefit of the Debtors or (ii) require the insurers to pay claims or other charges not otherwise covered under the policies.

23.     The Debtors are directed to work with Transportation Insurance Company, Continental Casualty Company, American Casualty Insurance Company of Reading,

6

Pennsylvania, Continental Insurance Company, Transcontinental Insurance Company and their affiliates (individually or collectively, the "CNA Insurance Companies" or "CNA") to develop a protocol by which CNA may participate in the ADR Procedures relative to the ADR Claims alleged to be covered by policies issued by CNA. Unless and until this protocol has been finalized and memorialized (by stipulation and/or court order), then notwithstanding anything to the contrary contained in this Order, the Motion or the ADR Procedures, CNA shall not be bound or obligated to fund any settlement under the ADR Procedures absent further order of this Court. Notwithstanding, this paragraph shall not apply to any ADR Claims for which CNA would not otherwise have a right to participate in, approve or otherwise affect settlement, before becoming obligated to fund such settlement.

24.     Pursuant to paragraph 10.0 of the ADR Procedures, except with respect to ADR Claims filed and held by (i) OldCastle APG Northeast, Inc. or (ii) the City of Cambridge, MA, the Debtors shall have sole discretion to determine whether a particular ADR Claim involves "immature" or "mature" litigation. With respect to ADR Claims filed and held by Oldcastle APG Northeast, Inc. or the City of Cambridge, MA, to the extent that the Debtors and the respective claimant do not agree with respect to whether their claims involve "immature" or "mature" litigation, the respective claimant shall have the right to move the Court for a determination of whether the litigation is "immature" or "mature," or move for modification of the Automatic Stay or Preliminary Injunction, as applicable, with respect to such claims.

25.     This Court shall retain jurisdiction over the Debtors, the Debtors' insurers (to the extent the Debtors' insurance policies are applicable to any ADR Claim), and the Disputed Claimants with respect to all matters and disputes arising out of or relating to the implementation of the Motion, the ADR Program, and/or this Order.

7

26.    This Court shall retain jurisdiction to hear and determine all matters arising from
the implementation of this Order, which is final.

Dated: ~~October~~ November 8, 2004

_____    Judith K. Fitzgerald

The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

8

91100-001\DOCS_DE:98512.5