IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | Re:  Docket Nos. 6829 & 6835 |

## DEBTORS' SUBMISSION IN SUPPORT OF THEIR MOTION TO ADVANCE DEFENSE COSTS FOR CERTAIN OF THE DEBTORS' CURRENT AND FORMER OFFICERS, DIRECTORS AND EMPLOYEES

The Debtors make this submission in response to the Court's *Order Scheduling Hearing*

*and Requiring Submission of Certain Documents*, by which the Court ordered the Debtors to

submit to the Court, on or before November 10, 2004, copies of the Certificate of Incorporation,

By-Laws, and any other documents upon which the Debtors rely in support of their *Motion For*

*the Entry of an Order Authorizing the Debtors to Advance Certain Legal Fees and Expenses for*

*Certain of the Debtors' Current and Former Officers, Directors and Employees* (the "Motion")

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

(Docket No. 6829), with relevant portions highlighted and an explanation of how the asserted

obligation to advance defense costs applies to cover targets of criminal investigations.

The Certificates of Incorporation and By-laws of W. R. Grace & Co. ("Grace") and W. R.

Grace & Co. -Conn. ("Grace-Conn.") obligate the Debtors to indemnify their respective current

and former officers, directors and employees for legal fees and expenses incurred in connection

with the pending grand jury investigation.  One (or both) of these documents are applicable to

each of the individuals that have received copies of the grand-jury investigation letter.[2]

In particular, the Restated Certificate of Incorporation of W. R. Grace & Co. provides

that each person who is, or was, or has agreed to, become a director or officer of Grace, or each

such person who agrees to serve as an officer, director or employee of another corporation at the

request of Grace's board, shall be indemnified by Grace, in accordance with Grace's By-Laws,

to the fullest extent allowed under Delaware law.  See Restated Certificate of Incorporation of

W. R. Grace & Co. pg. II, Article IX, (a copy of which is attached as Exhibit 1). The Grace By-

Laws, in turn, provide that Grace must, to the fullest extent allowed under applicable law,

indemnify each person who was or is made a party or is threatened to be made a party to or is

"involved in any action, suit or proceeding, *whether civil, criminal, administrative or*

*investigative*," by reason of the fact that he or she is or was a director or officer of Grace or was

serving at the request of Grace as a director, officer, employee or agent of another corporation.

See Amended and Restated By-Laws of W. R. Grace & Co. Article II, §6.7 (a copy of which is

attached as Exhibit 2).  Grace's By-Laws also provide that Grace shall advance such individuals

---

[2]     Grace-Conn. is a direct, wholly-owned subsidiary of Grace.  Therefore, any person who
serves (or has served) as an officer or director of Grace-Conn. has served as a "director or
employee of another corporation at the request of Grace's board."

2

defense expenses, subject to an undertaking (to the extent that Delaware Law requires such an undertaking). See id.

Further, the Amended and Restated Certificate of Incorporation of W. R. Grace & Co.-Conn. requires Grace-Conn. to indemnify its directors for liability from *any action* taken (or not taken) as director, except with respect to actions that (a) involve a knowing and culpable violation of law, (b) enable such director or associate to receive an improper personal gain, (c) show a lack of good faith and conscious disregard for the duty of the director, (d) constitute a sustained and unexcused pattern of inattention that amounts to an abdication of the director's duties, or (e) create liability for an unlawful distribution under section 33-757 of the Connecticut Business Corporation Act. See Amended and Restated Certificate of Incorporation of W. R. Grace & Co.-Conn., pg. 2 (a copy of which is attached as Exhibit 3). Grace-Conn.'s Articles of Incorporation further state that Grace-Conn. may, at the discretion of its board of directors, indemnify or advance expenses to, any current or former employee or agent of the corporation who is not a director to the fullest extent permitted by law. See id. In addition, Grace.-Conn.'s By-Laws state that Grace-Conn. must, to the fullest extent permitted by law, indemnify any current or former director or officer of Grace-Conn. and may, at the discretion of the board of directors, indemnify any current or former employee or agent of Grace-Conn. against all liabilities, expenses, judgments, fines and amounts paid in settlement in connection with any threatened, pending or completed action, suit or proceeding brought or threatened by reason of such individual's position with the corporation. See Amended and Restated By-Laws of W. R. Grace & Co.-Conn., Article VI, §1 (a copy of which is attached as Exhibit 4). Grace-Conn.'s By-Laws also provide that Grace-Conn. shall advance funds to pay for or reimburse the reasonable expenses incurred by current or former directors or officers and may advance funds to

3

any current or former employees or agents under such terms and conditions as the board deems appropriate. See Exhibit 4, Article VI, §2.

The relevant corporate documents either explicitly include criminal investigations or actions within the terms of the matters covered by the indemnities or certain language that clearly does not exclude criminal investigations or actions. Further, Grace and Grace-Conn.'s boards convened on November 3, 2004, and approved the reimbursement and advancement of legal expenses for the individuals that have received letters concerning the grand jury investigation.

Dated: November 10, 2004

> KIRKLAND & ELLIS LLP
> David M. Bernick, P.C.
> Janet S. Baer
> James W. Kapp, III
> Samuel L. Blatnick
> 200 East Randolph Drive
> Chicago, Illinois 60601
> (312) 861-2000
>
> and
>
> PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.
>
> Laura Davis Jones (Bar No. 2436)
> David W. Carickhoff, Jr. (Bar No. 3715)
> 919 North Market Street, 16th Floor
> P.O. Box 8705
> Wilmington, Delaware 19899-8705 (Courier 19801)
> Telephone: (302) 652-4100
> Facsimile: (302) 652-4400
>
> Counsel for Debtors and Debtors in Possession

4