**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., et al., | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

**FEE AUDITOR'S FINAL REPORT REGARDING**
**FEE APPLICATION OF CAPSTONE CORPORATE RECOVERY, LLC**
**FOR THE THIRTEENTH INTERIM PERIOD**

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Fee Application of Capstone Corporate Recovery, LLC for the Thirteenth Interim Period (the "Application").

**BACKGROUND**

1. Capstone Corporate Recovery, LLC ("Capstone") was retained as financial advisors to the Official Committee of Unsecured Creditors. In the Application, Capstone seeks approval of fees totaling $201,060.50 and costs totaling $2,275.11 for its services from April 1, 2004, through June 30, 2004.

2. In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued

January 30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served on Capstone an initial report based on our review, and received a response from Capstone, portions of which response are quoted herein.

## DISCUSSION

3.      In our initial report, we noted a meal expense dated April 23, 2004, that may be excessive. The entry is provided below.

4/23/2004     S. Cunningham                                           $36.50

We asked Capstone to provide additional information regarding this expense. Capstone responded as follows:

> We examined this expense entry for an out-of-town lunch for two Capstone employees, S. Cunningham and C. Troyer, both of whom are involved in these cases on a regular basis. The meal was taken after a meeting with Committee chair for the Official Committee of Unsecured Creditors (the "Committee") to discuss case issues. Additionally, please note that although the meeting was attended by both timekeepers, S. Cunningham did not charge the case with professional fees for his attendance.

We appreciate the response and offer no objection to the expense.

4.      We noted two telecom charges totaling $315.14 which lack sufficient detail to fairly assess them. The entries are provided below.

4/30/2004     CCR Direct Expenses                               $167.71
5/11/2004     E. Ordway - Verizon 5/11/04                  $147.43

We asked Capstone for further information regarding these expenses, and Capstone responded as follows:

**FEE AUDITOR'S FINAL REPORT** - Page 2
wrg FR Capstone 13int 4-6.04.wpd

We would like to address the first expense query by the Fee Auditor, as follows:

The "CCR Direct Expense" represents a portion of Capstone's monthly cost for its office telephone service that was allocated to these cases based on client hours.

We would like to address the second expense query by the Fee Auditor, as follows:

The Verizon charge represents a portion of the Verizon Wireless telephone charges for E. Ordway for two periods, as follows:

| | |
|---|---|
| April | $63.99 |
| January | $83.44 |
| Total | $147.43 |

Timekeeper E. Ordway is often working outside of the office or traveling, and uses his cellular telephone to keep up-to-date on case issues and in contact with case team members as well as members of the Committee.

The April charges of $63.99 represent an allocated portion (approximately 15%) of the total 5/11/2004 Verizon bill for wireless calls by E. Ordway.

The January Verizon charges of $83.44 similarly represent an allocated portion of Ordway's wireless bill for January. Upon further review, we have determined that this charge, while attributable to the Debtors' cases, should not have been billed as they represent expenses incurred pre-retention. Mr. Ordway incurred this cost while an employee of FTI Consulting, Inc. and while working on the Debtors' cases. We apologize for this one-time error, which occurred during Capstone's first month of operations.

We note from this response that all of these charges are allocated charges. We note that Section 330(a)(1)(B) of the U.S. Bankruptcy Code allows for "reimbursement for actual, necessary expenses." As used in §§ 330(a)(1)(B), an expense is "actual" to the extent that it is not based upon any sort of guesswork, formula, or pro rata allocation." *In re Williams*, 102 B.R. 197, 199 (Bankr.N.D.Calif. 1989). We believe that telephone charges calculated in this manner are not actual expenses as contemplated by the Bankruptcy Code, and should, therefore, not be reimbursed. Thus we recommend a reduction of $315.14 in expenses.

**FEE AUDITOR'S FINAL REPORT** - Page 3
wrg FR Capstone 13int 4-6.04.wpd

## CONCLUSION

5. Thus we recommend approval of fees totaling $201,060.50 and costs totaling $1,959.97 ($2,275.11 minus $315.14) for Capstone's services from April 1, 2004, through June 30, 2004.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
Warren H. Smith
Texas State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 1275
Dallas, Texas  75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 10th day of November, 2004.

_____
Warren H. Smith

## SERVICE LIST
### Notice Parties

**The Applicant**

Libby Hamilton
Capstone Corporate Recovery, LLC
Park 80 West, Plaza One
Saddle Brook, N.J. 07663

**The Debtors**

David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**

James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**

Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**

Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**

Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**

Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**

Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801