IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | Re: Docket Nos. 6829 & 6835 |

## DEBTORS' SUBMISSION IN SUPPORT OF THEIR MOTION TO ADVANCE DEFENSE COSTS FOR CERTAIN OF THE DEBTORS' CURRENT AND FORMER OFFICERS, DIRECTORS AND EMPLOYEES

The Debtors make this submission in response to the Court's *Order Scheduling Hearing and Requiring Submission of Certain Documents*, by which the Court ordered the Debtors to submit to the Court, on or before November 10, 2004, copies of the Certificate of Incorporation, By-Laws, and any other documents upon which the Debtors rely in support of their *Motion For the Entry of an Order Authorizing the Debtors to Advance Certain Legal Fees and Expenses for*

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

*Certain of the Debtors' Current and Former Officers, Directors and Employees* (the "Motion")
(Docket No. 6829), with relevant portions highlighted and an explanation of how the asserted
obligation to advance defense costs applies to cover targets of criminal investigations.

The Certificates of Incorporation and By-Laws of W. R. Grace & Co. ("Grace," a
Delaware corporation) and W. R. Grace & Co. -Conn. ("Grace-Conn.," a Connecticut
corporation) obligate the Debtors to indemnify their respective current and former officers and
directors for legal fees and expenses incurred in connection with the pending grand-jury
investigation, and the Certificate of Incorporation and By-Laws for Grace-Conn. permit the
Debtors to do the same with regard to Grace-Conn.'s employees. The constitute documents for
one (or both) of these entities is applicable to each of the individuals that have received copies of
the grand-jury investigation letter.[2]

In particular, the Restated Certificate of Incorporation of W. R. Grace & Co. provides
that each person who is, or was, or has agreed to, become a director or officer of Grace, or each
such person who agrees to serve as an officer, director or employee of another corporation at the
request of Grace's board, shall be indemnified by Grace, in accordance with Grace's By-Laws,
to the fullest extent allowed under Delaware law. See Restated Certificate of Incorporation of
W. R. Grace & Co. pg. II, Article IX, (a copy of which is attached as Exhibit 1). The Grace By-
Laws, in turn, provide that Grace must, to the fullest extent allowed under applicable law,
indemnify each person who was or is made a party or is threatened to be made a party to or is
"involved in any action, suit or proceeding, *whether civil, criminal, administrative or*

---

[2]    Grace-Conn. is a direct, wholly-owned subsidiary of Grace. Therefore, any person who
serves (or has served) as an officer or director of Grace-Conn. has served as a "director or
employee of another corporation at the request of Grace's board."

*investigative*," by reason of the fact that he or she is or was a director or officer of Grace or was serving at the request of Grace as a director, officer, employee or agent of another corporation. Amended and Restated By-Laws of W. R. Grace & Co. Article II, §6.7 (emphasis added) (a copy of which is attached as Exhibit 2). Grace's By-Laws also provide that Grace shall advance its officers and directors defense expenses, subject to an undertaking by or on behalf of such director or officer to repay all amounts so advanced if it shall ultimately be determined that such director or officer is not entitled to be indemnified under §6.7 of the Grace By-Laws. See id.

Delaware General Corporate Law ("DGCL"), provides that, "a corporation shall have [the] power to indemnify any person who was or is a party *or is threatened to be made a party* to any threatened, pending or completed action, suit or proceeding, whether civil, *criminal, administrative or investigative* ... by reason of the fact that the person is or was a *director, officer, employee or agent* of the corporation..." DGCL § 145(a) (emphasis added) (a copy of which is attached as Exhibit 5). With respect to the advancement of defense costs, the DGCL provides as follows:

> Expenses (including attorneys' fees) incurred by an officer or director in defending any civil, criminal, administrative or investigative action, suit or proceeding may be paid by the corporation in advance of the final disposition of such action, suit or proceeding upon receipt of an undertaking by or on behalf of such director or officer to repay such amount if it shall ultimately be determined that such person is not entitled to be indemnified by the corporation as authorized in this section. *Such expenses (including attorneys' fees) incurred by former directors and officers or other employees and agents may be so paid upon such terms and conditions, if any, as the corporation deems appropriate.*

DGCL 145(c) (emphasis added).

The Amended and Restated Certificate of Incorporation of W. R. Grace & Co.-Conn. requires Grace-Conn. to indemnify its directors for liability for *any action* taken (or not taken) as director, except with respect to actions that (a) involve a knowing and culpable violation of law,

3

(b) enable such director or associate to receive an improper personal gain, (c) show a lack of good faith and conscious disregard for the duty of the director, (d) constitute a sustained and unexcused pattern of inattention that amounts to an abdication of the director's duties, or (e) create liability for an unlawful distribution under section 33-757 of the Connecticut Business Corporation Act. See Amended and Restated Certificate of Incorporation of W. R. Grace & Co.-Conn., pg. 2 (a copy of which is attached as Exhibit 3). Grace-Conn.'s Articles of Incorporation further state that Grace-Conn. may, at the discretion of its board of directors, indemnify or advance expenses to, any current or former employee or agent of the corporation who is not a director to the fullest extent permitted by law. See id. In addition, Grace.-Conn.'s By-Laws state that Grace-Conn. must, to the fullest extent permitted by law, indemnify any current or former director or officer of Grace-Conn. and may, at the discretion of the board of directors, indemnify any current or former employee or agent of Grace-Conn. against all liabilities, expenses, judgments, fines and amounts paid in settlement in connection with any threatened, pending or completed action, suit or proceeding brought or threatened by reason of such individual's position with the corporation. See Amended and Restated By-Laws of W. R. Grace & Co.-Conn., Article VI, §1 (a copy of which is attached as Exhibit 4). Grace-Conn.'s By-Laws also provide that Grace-Conn. shall advance funds to pay for or reimburse the reasonable expenses incurred by current or former directors or officers and may advance funds to any current or former employees or agents under such terms and conditions as the board deems appropriate. See Exhibit 4, Article VI, §2.

Connecticut law provides that, with respect to the indemnification of directors for criminal proceedings, a corporation may indemnify its directors if he "had no reasonable cause to believe his conduct was unlawful." § 33-771 (a copy of which is attached as Exhibit 6). With

4

respect to the advancement of defense costs to directors, applicable Connecticut law provides

that advancements for reasonable expenses may be made before the final disposition of a

proceeding is he or she: (1) delivers a written affirmation of his good faith belief that he has met

the relevant standard of conduct described in § 33-771; and (2) provides a written undertaking to

repay any such funds advanced if he or she is not entitled to mandatory indemnification under §

33-772[3], and it is ultimately determined that he or she is not entitled to indemnification under §

33-771. See § 33-773 (a copy of which is attached as Exhibit 7).[4]

With respect to the indemnification of officers and employees, Connecticut law provides

that a corporation may indemnify such individuals "(i) to the same extent as a director, and (2) if

he [or she] is an officer, employee or agent but not a director, to such further extent, consistent

with public policy, as may be provided by contract, the certificate of incorporation, the bylaws,

*or a resolution of the board of directors...*" See Conn. Gen. Stat. §33-776 (emphasis added) (a

copy of which is attached as Exhibit 8).

Therefore, the relevant corporate documents either explicitly include criminal

investigations or actions within the terms of the matters covered by the indemnities or contain

language that clearly does not exclude criminal investigations or actions.

---

[3]   § 33-772 (Mandatory Indemnification) states that, "[a] corporation shall indemnify a director who was wholly successful, on the merits or otherwise, in the defense of any proceeding to which he was a party because he was a director of the corporation against reasonable expenses incurred by him in connection with the proceeding."

[4]   Given the extreme ambiguity of the target letters, it would be impossible for the individuals to determine the specific conduct being investigated and, therefore, it would be premature for the individuals to make such an affirmation at this time. However, the Debtors' proposed-order provides that, to the extent the individuals are found to have engaged in conduct that would preclude indemnification, the Debtors shall hold an undertaking, at which time the respective individual would be obligated to pay such funds.

Further, Grace and Grace-Conn.'s boards convened on November 4, 2004 and approved the reimbursement and advancement of legal expenses for the individuals that have received letters concerning the grand jury investigation.

Respectfully Submitted:

Dated: November 10, 2004

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet S. Baer
James W. Kapp, III
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

and

PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.

Laura Davis Jones (Bar No. 2436)
David W. Carickhoff, Jr. (Bar No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware  19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400

Counsel for Debtors and Debtors in Possession