# Exhibit 3

# CERTIFICATE OF AMENDMENT

**STOCK CORPORATION**

Office of the Secretary of the State

30 Trinity Street/P.O. Box 150470/Hartford, CT 06115-0470 Rev. 12/1999

| Space For Of | FILING #0002234426 PG 01 OF 04 VOL B-00400<br>FILED 03/30/2001 11:00 AM PAGE 03114<br>SECRETARY OF THE STATE<br>CONNECTICUT SECRETARY OF THE STATE |
|---|---|

**1. NAME OF CORPORATION:**

**W. R. GRACE & CO. - CONN.**

**2. THE CERTIFICATE OF INCORPORATION IS** (check A., B. or C.)

_____ A. AMENDED.

__XX__ B. AMENDED AND RESTATED.

_____ C. RESTATED.

**3. TEXT OF EACH AMENDMENT/RESTATEMENT:**

A. THE AUTHORIZED SHARES OF THE CORPORATION ARE REDUCED BY CANCELING THE PREFERRED, CLASS A PREFERRED, CLASS B PREFERRED, AND CLASS C PREFERRED SHARES SET FORTH BELOW:

| CLASS | NUMBER OF SHARES | PAR VALUE |
|---|---|---|
| PREFERRED | 40,000 | $100 |
| CLASS A PREFERRED | 50,000 | $100 |
| CLASS B PREFERRED | 40,000 | $100 |
| CLASS C PREFERRED | 5,000,000 | WITHOUT PAR VALUE |

B. THE TOTAL NUMBER OF AUTHORIZED SHARES, AFTER THE FOREGOING REDUCTION OF THE SHARES, IS AS FOLLOWS:

| CLASS | NUMBER OF SHARES | PAR VALUE |
|---|---|---|
| COMMON | 300,000,000 | $1.00 |

C. THE CERTIFICATE OF INCORPORATION OF W. R. GRACE & CO. - CONN., IS AMENDED AND RESTATED IN ITS ENTIRETY AND REPLACED WITH THE AMENDED AND RESTATED CERTIFICATE OF INCORPORATION SET FORTH IN EXHIBIT A.

**(Please reference an 8 1/2 X 11 attachment if additional space is needed)**

Space For Office Use Only

FILING #0002234426 PG  02 OF  04 VOL B-00400
FILED 03/30/2001 11:00 AM PAGE 03115
SECRETARY OF THE STATE
CONNECTICUT SECRETARY OF THE STATE

**4. VOTE INFORMATION** (check A., B. or C.)

__XX__  **A. The resolution was approved by shareholders as follows:**

(set forth all voting information required by Conn. Gen. Stat. Section 33-800 as amended in the space provided below)

| Number of Outstanding Voting Shares | Number of Shares Entitled to Vote | Votes Cast in favor of Amendment |
|---|---|---|
| 84,500,000 | 84,500,000 | 84,500,000 |

The number of votes cast in favor of the amendment was sufficient for approval of the amendment.

The resolution was duly authorized by the board of directors.

_____  **B.  The amendment was adopted by the board of directors without shareholder action. No shareholder vote was required for adoption.**

_____  **C.  The amendment was adopted by the incorporators without shareholder action. No shareholder vote was required for adoption.**

**5. EXECUTION**

Dated this 30th day of March, 2001

| W. Brian McGowan | Senior Vice President | W B mcGowan |
|---|---|---|
| **Print or type name of signatory** | **Capacity of signatory** | **Signature** |

HrtLib1:361039.1 March 28, 2001

FILING #0002234426 PG 03 OF 04 VOL B-00400
FILED 03/30/2001 11:00 AM PAGE 03116
SECRETARY OF THE STATE
CONNECTICUT SECRETARY OF THE STATE

## EXHIBIT A

### AMENDED AND RESTATED
### CERTIFICATE OF INCORPORATION
### OF
### W. R. GRACE & CO. - CONN.

FIRST: The name of the corporation (the "Corporation") is: W. R. Grace & Co. - Conn.

SECOND: The nature of the business to be transacted, or the purposes to be promoted or carried out by the Corporation, is to engage in any lawful act or activity for which Corporations may be formed under the Connecticut Business Corporation Act or any applicable successor act thereto, as the same may be amended from time to time.

THIRD: The designation of each class of shares, the authorized number of shares of each such class, and the par value of each share thereof are as follows:

| CLASS | NUMBER OF SHARES | PAR VALUE PER SHARE |
|---|---|---|
| Common | 300,000,000 | $1.00 |

All shares of common stock have unlimited voting rights and together are entitled to receive the net assets of the Corporation upon dissolution.

FOURTH: The personal liability to the Corporation or its shareholders of a person who is or was a director of the Corporation for monetary damages for breach of duty as a director shall be limited to the amount of the compensation received by the director for serving the Corporation during the year of the violation if such breach did not (a) involve a knowing and culpable violation of law by the director, (b) enable the director or an associate, as defined in subdivision (3) of Section 33-840 of the Connecticut Business Corporation Act as in effect on the date hereof and as it may be amended from time to time, to receive an improper personal economic gain, (c) show a lack of good faith and a conscious disregard for the duty of the director to the Corporation under circumstances in which the director was aware that the director's conduct or omission created an unjustifiable risk of serious injury to the Corporation, (d) constitute a sustained and unexcused pattern of inattention that amounted to an abdication of the director's duty to the Corporation, or (e) create liability under Section 33-757 of the Connecticut Business Corporation Act as in effect on the effective date hereof and as it may be amended from time to time. The personal liability of a person who is or was a director to the Corporation or its shareholders for breach of duty as a director shall further be limited to the fullest

FILING #0002234426 PG   04 OF   04 VOL B-00400
FILED 03/30/2001 11:00 AM PAGE   03117
SECRETARY OF THE STATE
CONNECTICUT SECRETARY OF THE STATE                    2

extent allowed from time to time by Connecticut law. This Article Fourth shall not limit or
preclude the liability of a person who is or was a director for any act or omission occurring
prior to the effective date hereof. Any lawful repeal or modification of this Article Fourth
or the adoption of any provision inconsistent herewith by the Board of Directors and the
shareholders of the Corporation shall not, with respect to a person who is or was a director,
adversely affect any limitation of liability, right or protection of such person existing at or
prior to the effective date of such repeal, modification or adoption of a provision
inconsistent herewith.

FIFTH: The Corporation shall indemnify its directors for liability, as
defined in Section 33-770(5) of the Connecticut Business Corporation Act, as in effect on
the date hereof and as it may be amended from time to time, to any person for any action
taken, or any failure to take any action, as a director, except liability that (a) involved a
knowing and culpable violation of law by the director, (b) enabled the director or an
associate (as defined in Section 33-840 of the Connecticut Business Corporation Act, as in
effect on the date hereof and as it may be amended from time to time) to receive an
improper personal gain, (c) showed a lack of good faith and conscious disregard for the
duty of the director to the Corporation under circumstances in which the director was
aware that the director's conduct or omission created an unjustifiable risk of serious injury
to the Corporation, (d) constituted a sustained and unexcused pattern of inattention that
amounted to an abdication of the director's duty to the Corporation, or (e) created liability
under Section 33-757 of the Connecticut Business Corporation Act, as in effect on the date
hereof and as it may be amended from time to time. Notwithstanding the preceding
sentence, the Corporation shall not be required to indemnify an indemnitee in connection
with a proceeding commenced by the indemnitee against the Corporation. This Article
shall not affect the indemnification or advance of expenses to a director for any liability
stemming from acts or omissions occurring prior to the effective date of this Article. Any
lawful repeal or modification of this Article or the adoption of any provision inconsistent
herewith by the board of directors and the shareholders of the Corporation shall not, with
respect to a person who is or was a director adversely affect any right to indemnification of
such person existing at or prior to the effective date of such repeal, modification or
adoption of a provision inconsistent herewith.

The Corporation shall not be obligated by Section 33-776(d) of the
Connecticut Business Corporation Act to indemnify, or advance expenses, to any current
or former employee or agent of the Corporation who is not a director. However, the
Corporation may, at the discretion of the board of directors, indemnify, or advance
expenses to, any current or former employee or agent of the Corporation who is not a
director to the fullest extent permitted by law.

.HrtLib1:361030.1 03/30/01