# Exhibit 4

# AMENDED AND RESTATED BYLAWS
# OF
# W. R. GRACE & CO. - CONN.

## ARTICLE I. IDENTIFICATION

Section 1. Name. The name of the Corporation is W. R. Grace & Co. - Conn.

Section 2. Seal. Upon the seal of the Corporation shall appear the name of the Corporation and the state and year of incorporation, and the words "Corporate Seal."

Section 3. Offices. The principal office of the Corporation shall be located in Columbia, Maryland. The Board of Directors (the "Board") may from time to time, in its discretion, or as the activities of the Corporation may require, establish a different location for the Corporation's principal office and may establish such other offices of the Corporation, each which may be located within or without the State of Connecticut.

## ARTICLE II. MEETINGS OF SHAREHOLDERS

Section 1. Place of Meetings. Meetings of the shareholders of the Corporation shall be held at the principal office of the Corporation, or at such other place, either within or without the State of Connecticut, as may be fixed by the Board or the President of the Corporation and stated in the notice of meeting or in a duly executed waiver of notice thereof.

Section 2. Annual Meeting. An annual meeting of the shareholders shall be held each year at such place, date and time as the Board shall from time to time prescribe. At each annual meeting of the shareholders, the shareholders shall elect the Board for the ensuing year and shall transact such other business as may properly come before the meeting. Unless the Certificate of Incorporation of the Corporation or these Bylaws provide otherwise, notice of an annual meeting need not include a description of the purpose or purposes for which the meeting is called.

Section 3. Special Meetings. Special meetings of the shareholders shall be held: (1) on call of the Board or the President of the Corporation, or (2) if the holders of at least ten percent (10%) of all of the votes entitled to be cast on any issue proposed to be considered at the proposed special meeting sign, date and deliver to the Corporation's Secretary one or more written demands for the meeting describing the purpose or purposes for which the meeting is to be held. Notice of a special meeting of shareholders shall include a description of the purpose or purposes for which the meeting is called. Only business within the purpose or purposes described in the notice of special shareholders' meeting may be conducted at the special meeting of the shareholders that is the subject of such meeting notice.

is a party. No certificate shall be valid without such signatures and legends as are required hereby.

Section 3. Lost Certificates. Whenever a person shall request the issuance of a certificate of stock to replace a certificate alleged to have been lost by theft, destruction or otherwise, the Board shall require that such person make an affidavit to the fact of such loss before the Board shall authorize the requested issuance. Before issuing a new certificate, the Board may also require a bond of indemnity against any claim that may be made against the Corporation with respect to the certificate alleged to have been lost.

Section 4. Transfer of Stock. The Corporation or its transfer agent shall register a transfer of a stock certificate, issue a new certificate and cancel the old certificate upon presentation for transfer of a stock certificate duly endorsed or accompanied by proper evidence of succession, assignment or authority to transfer. Notwithstanding the foregoing, no such transfer shall be effected by the Corporation or its transfer agent if such transfer is prohibited by law, by the Certificate of Incorporation or by any contract or agreement to which the Corporation is a party.

## ARTICLE VI. INDEMNIFICATION

Section 1. Indemnification. To the fullest extent permitted by law, the Corporation shall indemnify any current or former director or officer of the Corporation and may, at the discretion of the board of directors, indemnify any current or former employee or agent of the Corporation against all liabilities, expenses, judgments, fines and amounts paid in settlement actually and reasonably incurred by such individual in connection with any threatened, pending or completed action, suit or proceeding brought by or in the right of the Corporation or otherwise, to which such individual was or is a party or is threatened to be made a party by reason of such individual's current or former position with the Corporation or by reason of the fact that such individual is or was serving, at the request of the Corporation, as a director, officer, partner, trustee, employee or agent of another corporation, partnership, joint venture, trust, employee benefit plan or other entity. Notwithstanding the preceding sentence, the Corporation shall not be required to indemnify an indemnitee in connection with a proceeding (or part thereof) commenced by the indemnitee against the Corporation.

Section 2. Advance of Expenses. The Corporation shall advance funds to pay for or reimburse the reasonable expenses incurred by a current or former director or officer who is or was a party to a proceeding because the individual is or was a director or officer if the individual delivers to the Corporation: (i) a written affirmation of the individual's good faith belief that the individual has met the relevant standard of conduct or that the proceeding involves conduct for which liability has been eliminated under a provision of the Corporation's certificate of incorporation; and (ii) the individual's written undertaking to repay any funds advanced if the individual is not entitled to mandatory indemnification under the Connecticut Business

Case 01-01139-AMC  Doc 6878-4  Filed 11/10/04  Page 4 of 4

Corporation Act and it is ultimately determined that the individual has not met the relevant standard of conduct required by the Corporation's certificate of incorporation or by of the Connecticut Business Corporation Act. The Corporation, in its discretion, may advance funds to any current or former employee or agent of the Corporation upon such terms and conditions as the board of directors deems appropriate.

### ARTICLE VII.  MISCELLANEOUS

Section 1. Fiscal Year. The fiscal year of the Corporation shall be determined from time to time by resolution of the Board.

Section 2. Inconsistencies with Certificate of Incorporation. If any provision of the Bylaws shall be inconsistent with any provision of the Certificate of Incorporation of the Corporation, the Certificate of Incorporation shall prevail.

### ARTICLE VIII.  AMENDMENT OF BYLAWS

The Board may amend or repeal the Corporation's Bylaws unless (1) the Certificate of Incorporation or the Act reserve this power exclusively to the shareholders in whole or in part, or (2) the shareholders, in amending or repealing a particular Bylaw, provide expressly that the Board may not amend or repeal that Bylaw. The shareholders may amend or repeal the Corporation's Bylaws even though the Bylaws may also be amended or repealed by the Board.

Amended and Restated as of March 30, 2001.

.HrtLib1:361031.1 11/8/2004

-10-