# Exhibit 6

**Connecticut General Statutes § 33-771**

91100-001\DOCS_DE:102391.1

§ 33-770

CORPORATIONS
Title 33

Words and Phrases (Perm.Ed.)

### § 33-771. Authority to indemnify

(a) Except as otherwise provided in this section, a corporation may indemnify an individual who is a party to a proceeding because he is a director against liability incurred in the proceeding if: (1) (A) He conducted himself in good faith; (B) he reasonably believed (i) in the case of conduct in his official capacity, that his conduct was in the best interests of the corporation; and (ii) in all other cases, that his conduct was at least not opposed to the best interests of the corporation; and (C) in the case of any criminal proceeding, he had no reasonable cause to believe his conduct was unlawful; or (2) he engaged in conduct for which broader indemnification has been made permissible or obligatory under a provision of the certificate of incorporation as authorized by subdivision (5) of subsection (b) of section 33-636, as amended by section 4 of this act.

(b) A director's conduct with respect to an employee benefit plan for a purpose he reasonably believed to be in the interests of the participants in and beneficiaries of the plan is conduct that satisfies the requirement of subparagraph (ii) of subdivision (1) of subsection (a) of this section.

(c) The termination of a proceeding by judgment, order, settlement or conviction or upon a plea of nolo contendere or its equivalent is not, of itself, determinative that the director did not meet the relevant standard of conduct described in this section.

(d) Unless ordered by a court under section 33-774, as amended by section 16 of this act, a corporation may not indemnify a director under this section: (1) In connection with a proceeding by or in the right of the corporation except for reasonable expenses incurred in connection with the proceeding if it is determined that the director has met the relevant standard of conduct under subsection (a) of this section; or (2) in connection with any proceeding with respect to conduct for which he was adjudged liable on the basis that he received a financial benefit to which he was not entitled, whether or not involving action in his official capacity.

(e) Notwithstanding any provision of this section to the contrary, a corporation which was incorporated under the laws of this state, whether under chapter 599 [1] of the general statutes, revised to January 1, 1995, or any other general law or special act, prior to January 1, 1997, shall, except to the extent that the certificate of incorporation expressly provides otherwise, indemnify under sections 33-770 to 33-778, inclusive, as amended by sections 12 to 20, inclusive, of this act, and section 21 of this act, except subdivision (2) of subsection (a) of this section, a director to the same extent the corporation is permitted to provide the same to a director pursuant to subdivision (1) of subsection (a) and subsections (b), (c) and (d) of this section as limited by the provisions of section 33-775, as amended by section 17 of this act.

(1994, P.A. 94-186, § 108, eff. Jan. 1, 1997; 1996, P.A. 96-271, § 77, eff. Jan. 1, 1997; 1997, P.A. 97-246, § 13, eff. June 27, 1997.)

ion may indemni-
a director against
l himself in good
ict in his official
poration; and (ii),
the best interests
eding, he had no
2) he engaged in
le permissible or
t as authorized by
ed by section 4 of

enefit plan for a
articipants in and
ment of subpara-

lement or convic-
is not, of itself,
ndard of conduct

ended by section
nder this section:
orporation except
roceeding if it is
of conduct under
proceeding with
he basis that he
whether or not

itrary, a corpora-
y whether under
995, or any other
cept to the extent
rwise, indemnify
sections 12 to 20,
ubdivision (2) of
he corporation is
ubdivision (1) of
as limited by the
act.

7, eff. Jan. 1, 1997;

¹ C.G.S.A. § 33-282 et seq.

### Historical and Statutory Notes

**Amendments**

**1996 Amendment.** 1996, P.A. 96-271, § 77, in subsec. (f), changed the applicable date from prior to January 1, 1996, to prior to January 1, 1997, and substituted "certificate of incorporation expressly provides" for "articles of incorporation expressly provide".

**1997 Amendment.** 1997, P.A. 97-246, § 13, rewrote this section which prior thereto read:

"(a) Except as provided in subsection (d) of this section, a corporation may indemnify an individual made a party to a proceeding because he is or was a director against liability incurred in the proceeding if: (1) He conducted himself in good faith; and (2) he reasonably believed (A) in the case of conduct in his official capacity with the corporation, that his conduct was in its best interests, and (B) in all other cases, that his conduct was at least not opposed to its best interests; and (3) in the case of any criminal proceeding, he had no reasonable cause to believe his conduct was unlawful.

"(b) A director's conduct with respect to an employee benefit plan for a purpose he reasonably believed to be in the interests of the participants in and beneficiaries of the plan is conduct that satisfies the requirement of subparagraph (B) of subdivision (2) of subsection (a) of this section.

"(c) The termination of a proceeding by judgment, order, settlement or conviction or upon a plea of nolo contendere or its equivalent is not, of itself, determinative that the director did not meet the standard of conduct described in this section.

"(d) A corporation may not indemnify a director under this section: (1) In connection with a proceeding by or in the right of the corporation in which the director was adjudged liable to the corporation; or (2) in connection with any other proceeding charging improper personal benefit to him, whether or not involving action in his official capacity, in which he was adjudged liable on the basis that personal benefit was improperly received by him.

"(e) Indemnification permitted under this section in connection with a proceeding by or in the right of the corporation is limited to reasonable expenses incurred in connection with the proceedings.

"(f) Notwithstanding any provision of this section to the contrary, a corporation which was incorporated under the laws of this state, whether under chapter 599 of the general statutes, revised to January 1, 1995, or any other general law or special act, prior to January 1, 1997, shall, except to the extent that the certificate of incorporation expressly provides otherwise, provide its directors with the full amount of indemnification that the corporation is permitted to provide to such directors pursuant to this section as limited by the provisions of section 33-775."

**Prior Laws:**
1943, Supp. § 601g; 1945, Supp. § 716h; 1949 Rev., § 5129; 1958 Rev., §§ 33-8, 33-320, 33-320a; 1959, P.A. 618, §§ 39, 137; 1961, P.A. 327, § 1; 1969, P.A. 312, §§ 1, 2; 1971, P.A. 360, §§ 7 to 10; 1975, P.A. 75-146, § 3; 1978, P.A. 78-204, § 3; 1978, P.A. 78-280, § 2; 1979, P.A. 79-356, §§ 2, 3; 1982, P.A. 82-407, § 1; 1994, P.A. 94-186, § 214.

### Cross References

Similar provisions under the Nonstock Corporation Act, see C.G.S.A. § 33-1117.

### Law Review and Journal Commentaries

Corporate liability strategies and the costs of legal controls. Reinier H. Kraakman (1984) 93 Yale L.J. 857.

1982 corporate law developments. William H. Cuddy and Robert B. Titus (1983) 57 Conn. B.J. 124.

Presumptions: A theoretical overview. Harold A. Ashford and D. Michael Risinger (1969) 79 Yale L.J. 165.

Recovery of attorneys' fees in consumer contract actions. Edward J. Rodriguez (1980) 14 U. Bridgeport L. Rev. 55.

Reflections on Corporation Law in the 1970's. Samuel S. Cross (1980) 54 Conn. B.J. 126.

Trends in indemnification of corporate directors and officers. Joseph W. Bishop, Jr. (May 1968) 77 Yale L.J. 1078.

### Library References

**American Digest System**
Corporations ⟲416.