# Exhibit Tab 7

PI-AO Trust Distribution Procedures

## W. R. GRACE & CO. 524(g)
## PI-AO TRUST DISTRIBUTION PROCEDURES

This set of W. R. Grace & Co. 524(g) PI-AO Trust Distribution Procedures (the "PI-AO TDP") provides for the liquidation of all Asbestos PI-AO Cash-Out Claims and for the payment of all Allowed Asbestos PI-AO Claims.

The Plan and the Asbestos Trust Agreement establish the Asbestos Trust. The Trustees of the Asbestos Trust shall implement and administer this PI-AO TDP in accordance with the Asbestos Trust Agreement.

### Section I

### Introduction

1.1     **Purpose**.  This PI-AO TDP has been adopted pursuant to the Asbestos Trust Agreement. It is designed to provide (a) fair and equitable treatment for Asbestos PI-AO Claims that may presently exist or may arise in the future in substantially the same manner as each other; and (b) the mechanism by which all Allowed Asbestos PI-AO Claims are to be paid once they have been liquidated, whether such liquidation is pursuant to the Litigation Option or the Cash-Out Option.

1.2     **Interpretation**.  Nothing in this PI-AO TDP shall be deemed to create a substantive right for any Claimant, beyond the right of a Claimant who is treated under this PI-AO TDP to enforce its terms.

1.3     **Definitions**.  Capitalized terms used herein, but not otherwise defined herein, shall have the meanings assigned to them in the Glossary.

## Section II

## Overview

2.1     **Asbestos Trust Goals**.  A primary goal of the Asbestos Trust is to treat all Holders of Asbestos Claims equitably.  This PI-AO TDP furthers that goal by setting forth procedures for processing, Allowing or Disallowing, and paying Holders of Allowed Asbestos PI-AO Cash-Out Claims on an impartial, first-in-first-out ("FIFO") basis.  This PI-AO TDP also provides the mechanism for paying Holders of Allowed Asbestos PI-AO Claims whose Claims are liquidated through the Litigation Option.

2.2     **Claims Liquidation Procedures**.  Asbestos PI-AO Cash-Out Claims shall be processed, Allowed or Disallowed, and otherwise determined in the order of their place in the FIFO Processing Queue to be established pursuant to Sections 5.1(a) and 5.1(b) of this PI-AO TDP.

The Asbestos Trust shall liquidate and offer to pay all Asbestos PI-AO Cash-Out Claims that it in the first instance determines to meet the Medical/Exposure Criteria set forth in Section 5.2(a)(3) of this PI-AO TDP, efficiently and expeditiously under the Expedited Review Process described in Section 5.2(a) of this PI-AO TDP.  An Asbestos PI-AO Cash-Out Claim that the Asbestos Trust determines does not meet the Medical/Exposure Criteria may undergo the Individual Review Process described in Section 5.2(b) of this PI-AO TDP, if the Holder of such Claim elects.  In such a case, notwithstanding that the Asbestos Trust initially determined the Asbestos PI-AO Cash-Out Claim does not meet the Medical/Exposure Criteria, the Asbestos Trust can offer the Claimant the Scheduled Value if the Asbestos Trust is satisfied, upon reconsideration pursuant to Individual Review, that its initial determination was in error.

2

Disputes over an Asbestos PI-AO Cash-Out Claim, including whether the Medical/Exposure Criteria are satisfied, shall be subject to the Individual Process provided for in Section 5.2(b) of this PI-AO TDP, at the election of the Holder of such Claim.

## Section III

## PI-AO TDP Administration

3.1   **Trust Advisory Committee and Future Claimants' Representative**. Pursuant to the Plan and the Asbestos Trust Agreement, this PI-AO TDP will be administered by the Trustees in consultation with the TAC (which represents, among others, the interests of Holders of present Asbestos PI-AO Claims), and the Future Claimants' Representative (who represents, among others, the interests of Holders of Asbestos PI-AO Claims that may be asserted in the future). The initial members of the TAC and the initial Future Claimants' Representative are identified on the signature pages to the Asbestos Trust Agreement.

3.2   **Consent and Consultation Procedures**. In those circumstances in which consultation or consent is required hereunder, the Trustees shall provide written notice to the TAC and the Future Claimants' Representative of the specific action that is proposed. The Trustees shall not take such action unless and until the parties have engaged in the consent process described in the Asbestos Trust Agreement.

## Section IV

## Offsets

4.1   **Offsets**. If an Allowed Asbestos PI-AO Claim is secured by an appeal bond or is entitled to the benefit of any other security provided by or on behalf of a Grace Entity, the Asbestos Trust shall offset against the Allowed Amount of such Asbestos PI-AO Claim an amount equal to the amount such Holder is entitled to receive from, under, or in respect of such appeal bond or other security, and the amount the Holder of such Allowed Asbestos PI-AO

3

Claim shall receive under this PI-AO TDP shall equal the Allowed Amount of such Claim, as reduced by such offset.

### Section V

### Resolution of Asbestos PI-AO Claims

5.1    **Ordering, Processing and Payment of Claims**

5.1(a)  **Ordering of Asbestos PI-AO Claims**

5.1(a)(1)    **Establishment of the FIFO Processing Queue**. The Asbestos Trust will order Asbestos PI-AO Cash-Out Claims for processing and determination purposes on a FIFO basis except as otherwise provided herein (the "FIFO Processing Queue"). For all Asbestos PI-AO Cash-Out Claims that constitute Asbestos PI Pre-petition Litigation Claims, a Claimant's position in the FIFO Processing Queue shall be determined according to the date prior to the Petition Date that the specific Asbestos PI-AO Cash-Out Claim was filed against Grace in the tort system, with an earlier filing date given priority over a later filing date. For all Asbestos PI-AO Cash-Out Claims that do not constitute Asbestos PI Pre-petition Litigation Claims, a Claimant's position in the FIFO Processing Queue shall be determined according to the later of the Effective Date and the date that the Claims Materials with respect to the specific Asbestos PI-AO Cash-Out Claim were filed with the Asbestos Trust, with an earlier filing date given priority over a later filing date. Any Asbestos PI-AO Cash-Out Claims that do not constitute Asbestos PI Pre-petition Litigation Claims and as to which the Claims Materials were filed with the Asbestos Trust prior to the Effective Date shall be deemed to have been filed on the Effective Date.

If any Claims are filed or are deemed to be filed on the same date, the Claimant's position in the FIFO Processing Queue shall be determined by the date of the diagnosis of the asbestos-related disease, with an earlier diagnosis date given priority over a later diagnosis date.

4

5.1(a)(2)     **Effect of Statutes of Limitations and Repose**.  To be eligible for a place in the FIFO Processing Queue, an Asbestos PI-AO Cash-Out Claim must meet the following requirements, as applicable:  (i) for Claims first filed in the tort system against Grace prior to the Petition Date, such Claims must have been filed prior to the expiration of the applicable statutes of limitation and repose that were in effect at the time of the filing of the Claim in the tort system, or (ii) for Claims not filed against Grace in the tort system prior to the Petition Date, such Claims must have been filed prior to the expiration of the applicable statutes of limitation and repose that were in effect at the time of the filing with the Asbestos Trust, including any extension of such periods pursuant to Bankruptcy Code § 108(c), if applicable.  However, the running of the relevant statute of limitation shall be tolled as of the earliest of (A) the actual filing of the Claim in the tort system against Grace prior to the Petition Date; (B) the filing of the Claim against another defendant in the tort system prior to the Petition Date if the Claim was tolled against Grace at the time by an agreement or otherwise; or (C) the filing of complete Claims Materials with the Asbestos Trust after the Effective Date.

Any Claims that were first diagnosed after the Petition Date, irrespective of the application of any relevant statute of limitation or repose, may be filed with the Asbestos Trust within, but not later than, three (3) years after the date of diagnosis or within, but not later than, three (3) years after the Effective Date, whichever occurs later.

5.1(b) **Processing of Asbestos PI-AO Cash-Out Claims**.  As a general practice, the Asbestos Trust will review its Claims files on a regular basis and notify all Claimants whose Claims are likely to come up in the FIFO Processing Queue in the near future.

5.1(c) **Payment of Asbestos PI-AO Claims**.  Claims shall be paid in FIFO order based on the date their liquidation became final (the "FIFO Payment Queue"), with an earlier

liquidation date given priority over a later liquidation date, regardless of whether liquidation occurred under the Cash-Out Option or under the Litigation Option.

Where the Claimant is deceased or incompetent, and the settlement and payment of his or her Asbestos PI-AO Cash-Out Claim must be approved by a court of competent jurisdiction prior to acceptance of an offer made by the Asbestos Trust on the Claim by the Claimant's representative, such offer shall remain open so long as proceedings before that court remain pending, provided that the Asbestos Trust has been furnished with evidence that the settlement offer has been submitted to such court for approval. If the offer ultimately is approved by that court and accepted by the Claimant's representative, the Asbestos Trust shall pay the Claim in the amount so offered.

If any Claims are liquidated on the same date, each such Claimant's position in the FIFO Payment Queue shall be determined by the date of the diagnosis of such Claimant's asbestos-related disease, with earlier diagnosis dates given priority over later diagnosis dates.

5.2 **Resolution of Unliquidated Asbestos PI-AO Cash-Out Claims.** Within six months after the establishment of the Asbestos Trust, the Trustees, with the consent of the TAC and the Future Claimants' Representative, shall adopt procedures that are consistent with this PI-AO TDP for reviewing and liquidating all unliquidated Asbestos PI-AO Cash-Out Claims, which shall include deadlines for processing such Claims. Such procedures shall also require Claimants seeking resolution of unliquidated Asbestos PI-AO Cash-Out Claims to file Claims Materials, to the extent such Claimants did not previously file Asbestos PI Proof of Claim Forms and Asbestos PI Questionnaires during the Chapter 11 Cases. The Asbestos Trust shall endeavor to provide an initial response to the Claimant within six months of receiving the Claims Materials.

6

K&E 9934332.10

Upon filing of Claims Materials, the Claim shall be placed in the FIFO Processing Queue in accordance with the ordering criteria described in Sections 5.1(a) and 5.1(b) of this PI-AO TDP, and shall be liquidated under the Expedited Review Process described in Section 5.2(a) of this PI-AO TDP.

### 5.2(a)  Expedited Review Process

      5.2(a)(1)    **In General**.   The Asbestos Trust's Expedited Review Process is designed to provide a fair, expeditious, efficient, and inexpensive method for liquidating an Asbestos PI-AO Claim where the Claim can be readily verified by the Asbestos Trust as meeting the Medical/Exposure Criteria.  Expedited Review thus provides Holders of Asbestos PI-AO Cash-Out Claims with a substantially less burdensome process for pursuing Asbestos PI-AO Claims than does litigating such Claims.

Thus, Asbestos PI-AO Cash-Out Claims that undergo Expedited Review and meet the Medical/Exposure Criteria shall be offered the Scheduled Value set forth in Section 5.2(a)(3) of this PI-AO TDP.  Claims treated under the Cash-Out Option that are found not to meet the Medical/Exposure Criteria are eligible for the Individual Review Process set forth in Section 5.2(b) of this PI-AO TDP, if the Holders of such Claims elect to pursue that option.

      5.2(a)(2)    **Claims Processing under Expedited Review**.   As a particular Claimant's Claims Materials or Asbestos PI Proof of Claim Form and Asbestos PI Questionnaire, as applicable, are reached in the FIFO Processing Queue, the Asbestos Trust shall determine whether the Claim described therein meets the Medical/Exposure Criteria, and shall advise the Claimant of its determination. If the Asbestos Trust determines the Claim is eligible for payment under Expedited Review, the Claim shall be a "Qualified Asbestos PI-AO Cash-Out

7

Claim" and shall be placed in the FIFO Payment Queue, in accordance with Section 5.1(c) of this PI-AO TDP, following which the Trust shall disburse payment.

        5.2(a)(3)       **Scheduled Value and Medical/Exposure Criteria**. The medical/exposure criteria (the "Medical/Exposure Criteria") and the Scheduled Value (as applicable, the "Scheduled Value") for a Qualified PI-AO Cash-Out Claim are set forth in this Section.

| Scheduled Value | Medical/Exposure Criteria |
|---|---|
| $250.00 | Medical Criteria:  Satisfaction of the Medical Criteria for Disease Level I, II, III, IV, or V, as set forth in the PI-SE TDP, or diagnosis[1] by a board certified pulmonologist or internist of a bilateral asbestos-related nonmalignant disease or an asbestos-related malignancy other than those that constitute Asbestos PI-SE Claims.<br><br>Exposure Criteria:  Grace Exposure.[2] |

        5.2(b) **Individual Review Process.** Claimants holding Asbestos PI-AO Cash-Out Claims shall be eligible, upon election, to seek Individual Review of the evidence supporting their alleged satisfaction of the Medical/Exposure Criteria if the Trust in the first instance determines such Criteria not to be satisfied.  Individual Review shall consist of a reconsideration by the Asbestos Trust of the Claims Materials or Asbestos PI Proof of Claim Form and Asbestos PI Questionnaire, as applicable, previously submitted by the Claimant, along with any additional information that the Claimant submits along with the Claimant's request for Individual Review. In such a case, notwithstanding that the Asbestos Trust initially determined the Asbestos PI-AO Cash-Out Claim does not meet the Medical/Exposure Criteria for the Scheduled Value, the

---

[1]    The requirements for a diagnosis of an asbestos-related disease that may be compensated under the provisions of this PI-AO TDP are set forth in Section 5.4(a) of this PI-AO TDP.

[2]    The term "Grace Exposure" is defined in Section 5.4(b)(2).

Asbestos Trust can offer the Claimant the Scheduled Value if the Asbestos Trust is satisfied, upon reconsideration pursuant to Individual Review, that its initial determination was in error. The Trustees may institute procedures governing the Individual Review Process that are not inconsistent with this PI-AO TDP, the Asbestos Trust Agreement, or the Plan.

      5.3    **Certain Derivative Claimants**.

      5.3(a)  **Second Hand Claims.**  If a Claimant alleges an asbestos-related disease resulting solely from exposure to an occupationally exposed person, such as a family member, (a "Second Hand Claim") the Claimant may seek Individual Review of his or her Claim pursuant to Section 5.2(b) of this PI-AO TDP.  In such a case, the Claimant must establish that the occupationally exposed person would have met the exposure requirements under this PI-AO TDP that would have been applicable had that person filed a direct Claim against the Asbestos Trust.  In addition, the Holder of a Second Hand Claim must establish that (i) he or she meets the medical criteria described in this PI-AO TDP; (ii) his or her own exposure to the occupationally exposed person occurred within the same time frame as the occupationally exposed person experienced Grace Exposure as defined in Section 5.4(b)(2); and (iii) such Grace Exposure was a cause of the claimed disease.  The Claims Materials to be provided by the Asbestos Trust shall include provisions for capturing information about Second Hand Claims.  All liquidation and payment rights and limitations under this PI-AO TDP shall be applicable to such Claims.

      5.3(b)  **Third Party Indemnity/Contribution Claims**.  As set forth in the Plan, Third Party Indemnification/Contribution Claims, if any, with respect to Asbestos PI-AO Claims constitute Asbestos PI-AO Claims, but are not eligible to be treated as Asbestos PI-AO Cash-Out Claims and will be deemed to have elected the Litigation Option.

9

5.4    **Medical/Exposure Requirements**

5.4(a)  **Medical Evidence**

5.4(a)(1)    **In General**.  All diagnoses must be accompanied by either (i) a statement by the board certified physician providing the diagnosis that at least 10 years have elapsed between the date of first Grace Exposure and the diagnosis, or (ii) a history of the Claimant's Grace Exposure sufficient to establish a 10-year latency period.  A finding by a physician that a Claimant's disease is "consistent with" or "compatible with" asbestosis will not alone be treated by the Asbestos Trust as a diagnosis.  All diagnoses shall be based upon (A) a physical examination of the Claimant by the physician providing the diagnosis of the asbestos-related disease, and (B) an independent, replicated X-ray reading by a certified B-reader; provided, however, that pathological evidence of the non-malignant asbestos-related disease in the case of a Claimant who was deceased at the time the Claim was filed shall suffice in lieu of (A) and (B) above.

5.4(a)(2)    **Credibility of Medical Evidence**.  Before making any payment to a Claimant, the Asbestos Trust must have reasonable confidence that the medical evidence provided in support of the Claim is credible and consistent with recognized medical standards.  The Asbestos Trust may require the submission of x-rays, CT scans, laboratory tests, tissue samples, results of medical examination or reviews of other medical evidence, and may require that medical evidence submitted comply with recognized medical standards regarding equipment, testing methods, and procedure to assure that such evidence is reliable.  Medical evidence that is of a kind shown to be receivable in evidence under the Federal Rules of Evidence is presumptively reliable, although the Asbestos Trust may seek to rebut the presumption.  In addition, Claimants who otherwise meet the requirements of this PI-AO TDP

10

for payment shall be paid irrespective of the results in any litigation at anytime between the Claimant and any other defendant in the tort system. However, any relevant evidence submitted in a proceeding in the tort system, other than any findings of fact, a verdict, or a judgment, involving another defendant may be introduced by either the Claimant or the Asbestos Trust in any Individual Review proceeding conducted pursuant to Section 5.2(b) of this PI-AO TDP.

### 5.4(b) Exposure Evidence

5.4(b)(1)    **In General**. As set forth in Section 5.2(a)(3) of this PI-AO TDP, to qualify for any payment under the Cash-Out Option, the Claimant must demonstrate Grace Exposure. Claims based on alleged agreements between, or concerted action between, Grace and any other Entity, and that involve no Grace Exposure are not compensable under this PI-AO TDP.

5.4(b)(2)    **Grace Exposure**. "Grace Exposure" means meaningful exposure to asbestos or asbestos-containing products for which Grace has legal responsibility. The Asbestos Trust shall consider the credible evidence presented by the Claimant, including an adequate affidavit of the Claimant, an affidavit of a co-worker or the affidavit of a family member in the case of a deceased Claimant (providing the Asbestos Trust finds such evidence reasonably reliable), invoices, employment, construction or similar records, or other credible evidence. The Asbestos Trust may also require submission of other or additional evidence of exposure when it deems such evidence to be necessary.

5.5    **Claims Audit Program**. The Asbestos Trust, with the consent of the TAC and the Future Claimants' Representative, may develop methods for auditing the reliability of medical evidence, including additional reading of x-rays, CT scans and verification of pulmonary function tests, as well as the reliability of evidence of exposure to asbestos for which Grace has

11

legal responsibility. In the event that the Asbestos Trust reasonably determines that any individual or entity has engaged in a pattern or practice of providing unreliable medical evidence to the Asbestos Trust or to similar trusts established in connection with other chapter 11 cases, it may decline to accept additional evidence from such provider.

Further, in the event that an audit reveals that fraudulent information has been provided to the Asbestos Trust, the Asbestos Trust may penalize any Claimant or Claimant's attorney by disallowing the Asbestos PI-AO Claim or by other means including, but not limited to, (i) requiring the source of the fraudulent information to pay the costs associated with the audit and any future audit or audits, (ii) reordering the priority of payment of all affected Claimants' Asbestos PI-AO Claims, (iii) raising the level of scrutiny of additional information submitted from the same source or sources, (iv) refusing to accept additional evidence from the same source or sources, (v) seeking the prosecution of the Claimant or Claimant's attorney for presenting a fraudulent claim in violation of 18 U.S.C. § 152, (vi) seeking sanctions from the Bankruptcy Court, and (vii) filing complaints for disciplinary action with appropriate State Bar organizations.

5.6     **Second Disease Claims**. The Holder of an Asbestos PI-AO Claim may file a new Claim for an Asbestos-Related Disease that is subsequently diagnosed and that qualifies as an Asbestos PI-SE Claim. The election by the Holder of an Asbestos PI-AO Claim of the Cash-Out Option, Registry Option, or Litigation Option with respect to such Claim shall have no effect on the right of that Holder to choose a different option with respect to the subsequent Asbestos PI-SE Claim.

12

## Section VI

## General Guidelines for Liquidating and Paying Claims

6.1     **Showing Required**. To establish a Qualified Asbestos PI-AO Cash-Out Claim, a Claimant must meet the requirements set forth in this PI-AO TDP. The Asbestos Trust may require the submission of x-rays, CT scans, laboratory tests, medical examinations or reviews, other medical evidence, or any other evidence to support or verify the Asbestos PI-AO Cash-Out Claim, and may further require that medical evidence submitted comply with recognized medical standards regarding equipment, testing methods, and procedures to assure that such evidence is reliable.

6.2     **Costs Considered**. Notwithstanding any contrary provisions of this PI-AO TDP, the Trustees shall always give appropriate consideration to the cost of investigating and uncovering invalid Asbestos PI-AO Cash-Out Claims. The Trustees shall also have the discretion to make judgments regarding the amount of transaction costs to be expended by the Asbestos Trust. Nothing herein shall prevent the Trustees, in appropriate circumstances, from contesting the validity of any Claim against the Asbestos Trust, whatever the costs, or to decline to accept medical evidence from sources that the Trustees have determined to be unreliable pursuant to the Claims Audit Program described in Section 5.5 of this PI-AO TDP.

6.3     **Payment of Litigation Claims**. For purposes of Section 5.1(c), if and when an Asbestos PI-AO Claimant who elected the Litigation Option obtains a judgment pursuant to the CMO or enters into a binding settlement with the Asbestos Trust, the Claimant's Claim shall be placed in the FIFO Payment Queue based on (a) in the case of a judgment, the date on which the judgment becomes final or (b) in the case of a settlement, (i) if no court approval of the settlement is required, the date on which all parties to the settlement have executed a written settlement agreement or (ii) if court approval is required, the date on which the order approving

13

the settlement becomes a Final Order. In each case, an earlier date will be given priority over a later date.

6.4    **Releases**.  The Trustees shall have the discretion to determine the form and substance of the releases to be provided to the Asbestos Trust. As a condition to making any payment to a Claimant, the Asbestos Trust shall obtain a general, partial, or limited release, as appropriate, in accordance with the applicable state or other law. If allowed by state law, the endorsing of a check or draft for payment by or on behalf of a Claimant shall constitute such a release.

6.5    **Third-Party Services**.  Nothing in this PI-AO TDP shall preclude the Asbestos Trust from contracting with another asbestos claims resolution organization to provide services to the Asbestos Trust so long as decisions about the categorization of Asbestos PI-AO Claims are based on the relevant provisions of this PI-AO TDP, including the Medical/Exposure Criteria set forth in this PI-AO TDP.

6.6    **Asbestos Trust Disclosure of Information**.  Periodically, but not less often than once a year, the Asbestos Trust shall make available to Claimants and other interested parties the number of Claims that have been resolved both by Individual Review and by trial, indicating the amounts of the awards and the averages of the awards by jurisdiction.

**Section VII**

**Miscellaneous**

7.1    **Amendments**.  No amendments to this PI-AO TDP shall be permitted without the written consent of the Reorganized Debtors, the TAC and the Future Claimants' Representative, and any applicable requirements of the Asbestos Trust Agreement.

14

7.2 **Severability**.  Should any provision contained in this PI-AO TDP be determined to be unenforceable, such determination shall in no way limit or affect the enforceability and operative effect of any and all other provisions of this PI-AO TDP.

7.3 **Governing Law**.  For all purposes, including the liquidation of Asbestos PI-AO Cash-Out Claims in the case of Individual Review, administration of this PI-AO TDP shall be governed by, and construed in accordance with, the internal laws of the State of Delaware without regard to its conflict of laws provisions.

7.4 **Relation to Other Plan Documents.**  In the event that this PI-AO TDP conflicts with the Plan or the Asbestos Trust Agreement, the Plan or the Asbestos Trust Agreement, as applicable, shall control.