IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

Objection Deadline: December 3, 2004
Hearing Date: December 20, 2004 at Noon (Pittsburgh, PA)

## DEBTORS' MOTION FOR THE ENTRY OF AN ORDER APPROVING SOLICITATION AND CONFIRMATION PROCEDURES AND SCHEDULE

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), by their undersigned counsel, file this motion (the "Confirmation Procedures Motion") seeking entry of an order (i) establishing procedures for solicitation and tabulation of votes to accept or reject the Plan;[2] (ii) approving forms and distribution of Ballots and Master Ballots;

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed thereto in the Glossary, which is Exhibit 2 to the Exhibit Book, filed on November 13, 2004.

(iii) establishing a record date for voting purposes only; and (iv) establishing dates and deadlines in connection with confirmation of the Plan.

## Background

1.  On January 28, 2004, the Debtors filed their sixth motion seeking authority to extend the exclusive periods in which to file and solicit votes for a chapter 11 plan. On June 16, 2004, the Bankruptcy Court granted the motion, but instructed the Debtors to file a chapter 11 plan no later than October 14, 2004. At the Debtors' request, the Bankruptcy Court subsequently extended the Debtors' plan filing deadline to November 15, 2004. The Debtors filed the Plan on November 13, 2004.

2.  The following Exhibits are annexed to this Confirmation Procedures Motion and incorporated by reference:

| | | |
|---|---|---|
| Exhibit A | - | Proposed Confirmation Procedures Order; |
| Exhibit B | - | Voting Procedures; |
| Exhibit C | - | Ballots and Master Ballot (including Voting Instructions); |
| Exhibit D | - | Notification of Non-Voting Status; and |
| Exhibit E | - | Confirmation Hearing Notice. |

### *Debtors' Plan of Reorganization*

3.  The Plan will pay all Claimants in full and will leave most Claimants, including Holders of Asbestos Claims, unimpaired. Specifically, the Plan provides that the following Classes of Claims or Equity Interests will be unimpaired, and are thus deemed to accept the Plan without the need to solicit their respective votes:

- Priority Claims (Class 1);
- Secured Claims (Class 2);
- Unsecured Pass-Through Employee Related Claims (Class 3);
- Workers' Compensation Claims (Class 4);
- Intercompany Claims (Class 5);

2

- Asbestos PI-SE Claims (Class 6);
- Asbestos PI-AO Claims (Class 7);
- Asbestos PD Claims (Class 8); and
- Equity Interests of Debtors Other than the Parent (Class 11).

4. Only General Unsecured Claims (Class 9) and Equity Interests in the Parent (Class 10) are impaired under the Plan and entitled to vote to accept or reject the Plan. As discussed herein, the solicitation of votes of General Unsecured Claims and Equity Interests in the Parent is straightforward and contemplates the use of standard balloting forms and voting instructions.

### Relief Requested

5. By this Confirmation Procedures Motion, the Debtors request an order substantially in the form of that which is annexed hereto as Exhibit A (the "Confirmation Procedures Order"):

   i.   Approving the Voting Procedures, as set forth in Exhibit B hereto;

   ii.  Approving the forms and distribution of the Ballots and Master Ballot to be used in connection with the solicitation of votes to accept or reject the Plan, which forms are annexed hereto collectively as Exhibit C;

   iii. Establishing a record date for voting purposes only; and

   iv.  Establishing dates and deadlines in connection with confirmation of the Plan.

**B.    Proposed Voting Procedures.**

6. Pursuant to Bankruptcy Code § 1126 and Bankruptcy Rule 3018, the Debtors will distribute Solicitation Packages (defined below), including Ballots and/or Master Ballots, to Holders of General Unsecured Claims (Class 9) and Equity Interests in the Parent (Class 10). Although the Court and parties-in-interest are respectfully referred to Exhibit B for a full

3

understanding of the Voting Procedures, certain key aspects of the Voting Procedures are described below:[3]

7.  <u>Contents of Solicitation Package</u>:  The Debtors propose that each Holder of a Claim or Equity Interest that is entitled to vote be sent a package (the "Solicitation Package") by the Voting Agent (defined below) that contains: (i) the court-approved Confirmation Hearing Notice (defined below), (ii) the order approving the Disclosure Statement (the "Disclosure Statement Order"), (iii) the Disclosure Statement as approved by the Bankruptcy Court, (iv) the Exhibit Book, with a copy of the Plan attached as an exhibit thereto, (v) one or more applicable Ballots or Master Ballots, together with voting instructions and information relative to the return of the Ballots or Master Ballots, and (vi) any other material ordered by this Court to be included.

8.  For purposes of efficiency and economy, the Debtors request that their Voting Agent (defined below), at the Debtors' discretion, be authorized to utilize CD-Rom diskettes, in lieu of printed documents, for purposes of distributing the Disclosure Statement and contents of the Exhibit Book to Holders of Claims and Equity Interests who are entitled to vote to accept or reject the Plan.  Holders of Claims and Equity Interests will have the opportunity to request that the Debtors' Voting Agent send such Holders printed copies of the subject documents.

9.  Consistent with Bankruptcy Code § 1126 and Bankruptcy Rule 3017(d), Solicitation Packages will not be distributed to (i) Holders of Claims against, or Interests in, the Debtors who are placed in a class under the Plan that is not entitled to vote to accept or reject the Plan under Bankruptcy Code § 1126, or (ii) those persons requesting notice pursuant to Bankruptcy Rule 2002 who are not entitled to vote to accept or reject the Plan (collectively, the "Non-Voting Parties").  Instead, the Debtors will send the Non-Voting Parties (a) the

---

[3] The description of the Voting Procedures set forth herein is intended only as a summary. In the event of any inconsistency between this summary and the Voting Procedures, the Voting Procedures shall control.

4

Confirmation Hearing Notice and (b) notification of non-voting status, including instructions on how to obtain copies of the Solicitation Package, if so desired ("Notification of Non-Voting Status"). A copy of the proposed Notification of Non-Voting Status is annexed hereto as <u>Exhibit D</u>.

10. <u>The Voting Agent</u>: The Debtors will be using their court-approved agent for purposes of distributing Solicitation Packages and tabulating votes to accept or reject the Plan. The Voting Agent (BMC Corp.) is the entity that developed the Debtors' computerized claims database and will be responsible for the distribution of Solicitation Packages to, and the tabulation of Ballots and Master Ballots received from, all individuals and entities.

11. <u>Solicitation Distribution Date</u>: Pursuant to the Voting Procedures, the Voting Agent will distribute Solicitation Packages to all known Holders of General Unsecured Claims and Equity Interest in the Parent on or before the date (the "Solicitation Distribution Date") which is twenty (20) calendar days after the date on which this Court enters an order approving the adequacy of the Disclosure Statement (the "Disclosure Statement Order").

12. <u>Pending Objections</u>: Consistent with provisions of the Bankruptcy Code and Bankruptcy Rules, the Voting Procedures will provide that the Holders of Class 9 Claims or Class 10 Equity Interests that are the subject of pending objections are not entitled to vote on the Plan unless the Bankruptcy Court enters an order allowing their Class 9 Claims or Class 10 Equity Interests (whether by disposition of objection or temporarily for voting purposes).

13. <u>Voting Motion</u>: Any Holder of a Claim or Equity Interest that is not entitled to vote because its Claim or Equity Interest is the subject of an objection pending before the Bankruptcy Court or is entitled to vote but seeks to challenge the amount of the Claim or Equity Interest for voting purposes, may file a Voting Motion. A Voting Motion must be filed within

twenty (20) calendar days after the later of (i) service of the Confirmation Hearing Notice and (ii) service of the notice of an objection, in any, to such Claim or Equity Interest.

14.     <u>Voting Deadline</u>: The Debtors request that the Court set April 1, 2005, at 4:00 p.m., prevailing Eastern time (the "Voting Deadline"), as the deadline for Ballots and Master Ballots to be received by the Voting Agent to be counted for accepting or rejecting the Plan. Any Ballots or Master Ballots submitted after the Voting Deadline will be disregarded.

15.     <u>Other Matters</u>:  The Voting Procedures propose that the Holders of timely-filed Claims or Equity Interests that are unliquidated and/or contingent shall be deemed, for voting purposes only, to have a Claim amount of $1.00, so long as such Claim or Equity Interest has not been disallowed or expunged by the Court or is not the subject of an objection as of the Voting Record Date.  The Voting Procedures further provide that the Debtors are to give notice of the "one dollar/one vote" procedures to Holders of filed Claims or Equity Interests that are wholly unliquidated, contingent and/or undetermined by first-class mail at the time of service of the Solicitation Packages.  This notice will advise affected Claimants that in the event they wish to have their Claims or Equity Interests allowed for voting purposes in an amount greater than $1.00, they must file within twenty (20) calendar days after service of the notice, a motion pursuant to Bankruptcy Rule 3018 for an order temporarily allowing such Claim or Equity Interest in a different amount for voting purposes.

16.     The Voting Procedures address various issues raised by the proposed substantive consolidation of the Debtors through the Plan and the resultant potential existence of duplicate Claims for voting purposes.

17.     Specifically, the Voting Procedures provide that Holders of separate Claims filed against multiple Debtors on account of the same underlying debt shall be sent only one

6

Solicitation Package and one Ballot and shall be entitled to cast only one vote in favor of or against the Plan on account of such Claims.

18.     The Plan constitutes a motion for the deemed substantive consolidation of the Debtors' estates for Plan confirmation and distribution purposes only. Accordingly, if a creditor has filed proofs of claim against more than one Debtor for the same obligation, the Debtors propose that the creditor receive only a single Ballot with respect to that obligation and that the corresponding vote count as a single vote, whether or not the creditor submits multiple Ballots. Likewise, the Voting Procedures further provide that single Claims purported to be asserted against multiple Debtors (*e.g.*, Claims filed against "W. R. Grace & Co., et al.") shall be deemed to be one Claim for voting purposes. The Debtors acknowledge that this particular aspect of the Voting Procedures is appropriate only if the Court orders substantive consolidation of the Debtors for Plan purposes, and that votes counted by this method could not be used to confirm a plan in any other circumstance.

19.     General Unsecured Claims (Class 9): Holders of General Unsecured Claims were required to file a proof of claim by the March 2003 Bar Date. The Voting Procedures provide that, unless the Court enters an order allowing the Claim in a different amount, Holders of timely-filed General Unsecured Claims will be entitled to a vote equal to the amount of their respective General Unsecured Claims as indicated on their proofs of claim as of the Voting Record Date (except for those General Unsecured Claims referenced in paragraph 14 above, for which such General Unsecured Claims will be entitled to a $1.00 vote). Each Holder of a General Unsecured Claim that timely filed a proof of claim that has not been withdrawn, expunged or disallowed by the Voting Record Date will be sent a Solicitation Package, and, if no objection to the General Unsecured Claim is pending as of the Voting Record Date, a Ballot.

20.  Equity Interests in the Parent (Class 10): As of the Petition Date, Grace had common stock (the "Parent Common Stock") that was issued and outstanding. The Voting Procedures provide that Holders of Equity Interests in the Parent will be entitled to a vote equal to the number of their shares of the Parent Common Stock as of the Voting Record Date. The Voting Agent will cause a Solicitation Package to be served upon each registered record Holder, as of the Voting Record Date, of any Equity Interest in the Parent.

C.  **The Voting Procedures Should Be Approved.**

21.  Subject to the limitations set forth in Bankruptcy Code § 1126(a) on those parties that may vote on a plan of reorganization, Solicitation Packages will be distributed to Holders of Claims against, and Equity Interests in, one or more of the Debtors, and certain other parties in interest, as set forth in the Voting Procedures. Pursuant to Bankruptcy Rules 1007(i) and 3017(e), the Debtors may establish special procedures to solicit Holders of Equity Interests in the Parent who own Parent Common Stock. The Debtors' proposed procedures for the solicitation of Holders of Equity Interests in the Parent (who are in Class 10 of the Plan) are set forth in detail in the Voting Procedures. The Debtors submit that these procedures adequately recognize the complex structure of the securities industry, enable the Debtors to transmit materials to the Holders of the publicly-traded Parent Common Stock, and afford beneficial owners of Parent Common Stock a fair and reasonable opportunity to vote.

22.  The Voting Procedures are solely for purposes of voting to accept or reject the Plan and not for the purpose of allowance of or distribution on account of a Claim or Equity Interest, and are without prejudice to the rights of the Debtors, or the Asbestos Trust to dispute any unresolved Claim or Equity Interest. The Debtors believe the proposed Voting Procedures provide for a fair and equitable voting process.

23.     With respect to the provisions set forth in the Voting Procedures relating to the tabulation of votes, Bankruptcy Code § 1126(c) provides as follows:

> A class of claims has accepted a plan if such plan has been accepted by creditors, other than any entity designated under subsection (e) of this section, that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors, other than any entity designated under subsection (e) of this section, that have accepted or rejected such plan.

Further, Bankruptcy Rule 3018(a) provides that the "court after notice and hearing may temporarily allow the claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting the plan."

24.     The Debtors believe that the proposed Voting Procedures embody an orderly and logical method for soliciting and tabulating the Ballots of those parties entitled to vote as is contemplated by the Bankruptcy Code and the Bankruptcy Rules.  Accordingly, the Debtors request that the Court approve the Voting Procedures.

**D.     The Forms of Ballots and Master Ballots Should Be Approved.**

25.     Bankruptcy Rule 3017(d) requires the Debtors to mail a form of ballot which substantially conforms to Official Form No. 14, only to "creditors and equity security holders entitled to vote on the plan." The Debtors propose to distribute to certain Holders of Claims or Equity Interests, as described herein, one or more Ballots or Master Ballots substantially in the forms annexed hereto collectively as <u>Exhibit C</u> and incorporated herein by reference.  The forms for the Ballots and Master Ballot are based on Official Form No. 14, but have been modified to address the particular aspects of these Chapter 11 Cases and to include certain additional information that the Debtors believe to be relevant and appropriate for each such class of Claims or Equity Interests.  The appropriate Ballot and/or Master Ballot forms, as applicable, will be

distributed to Holders of Claims or Equity Interests in Classes 9 (General Unsecured Claims), and 10 (Equity Interests in the Parent) under the Plan.

### E. Establishing the Voting Record Date.

26. Bankruptcy Rule 3017(d) provides that, for the purposes of soliciting votes in connection with the confirmation of a plan of reorganization, ". . . creditors and equity security Holders shall include Holders of stock, bonds, debentures, notes and other securities of record on the date the order approving the disclosure statement is entered or another date fixed by the court, for cause, after notice and a hearing." Bankruptcy Rule 3018(a) contains a similar provision regarding determination of a record date for voting purposes.

27. In accordance with these rules, the voting record date is typically the date an order approving the disclosure statement is entered. Nevertheless, in order to set a voting record date, the registrars of the Parent Common Stock need advance notice of approximately two (2) full business days to enable those responsible for assembling ownership lists of the Parent Common Stock to compile a list of Holders as of a certain date. Accurate lists often cannot be prepared retroactively as to ownership on a prior date. Moreover, although the Debtors may be able to give entities advance notice of the date of the hearing on the Disclosure Statement, such hearing could be continued by the Bankruptcy Court (necessitating new notice of a potential record date), or the Disclosure Statement Order might not be entered on the date of such hearing (rendering information obtained as of the hearing date useless). Accordingly, the Debtors request that this Court exercise its authority under Bankruptcy Rules 3017(d) and 3018(a) and Bankruptcy Code § 105(a) to set the date that is two (2) business days after the entry of the Disclosure Statement Order as the Voting Record Date for purposes of determining creditors and interest holders entitled to vote on the Plan.

91100-001\DOCS_DE:102467.1

28. With respect to transfers of Claims or Equity Interests governed by Bankruptcy Rule 3001(e), the Voting Procedures specify that the deadline for any objection to the proposed transfer of a Claim must have passed as of the Voting Record Date in order for the transferee to be considered the Holder of the Claim entitled to vote such Claim or otherwise receive a Solicitation Package.

### F. Establishing Notice and Objection Procedures for Confirmation of the Plan.

#### (i) Setting the Confirmation Hearing

29. Bankruptcy Rule 3017(c) provides:

> On or before approval of the disclosure statement, the court shall fix a time within which the Holders of claims and interests may accept or reject the plan and may fix a date for the hearing on confirmation.

30. In accordance with Bankruptcy Rule 3017(c) and in view of the Debtors' proposed solicitation schedule outlined herein, the Debtors request that a hearing on confirmation of the Plan (the "Confirmation Hearing") be scheduled for June 27, 2005, at 12:00 p.m., prevailing Eastern time. The Confirmation Hearing may be continued from time to time by the Court or the Debtors without further notice except for adjournments announced in open court. The proposed schedule is in compliance with the Bankruptcy Rules and will enable the Debtors to pursue consummation of the Plan in accordance with the statutory timetable.

#### (ii) Establishing Procedures for Notice of the Confirmation Hearing

31. Bankruptcy Rules 2002(b) and (d) require not less than twenty-five (25) days' notice to all creditors and interest holders of the time fixed for filing objections and the hearing to consider confirmation of a chapter 11 plan. In accordance with Bankruptcy Rules 2002 and 3017(d), the Debtors propose to provide to all known holders of Claims and Equity Interests, simultaneously with the distribution of the Solicitation Packages, a copy of the Confirmation

11

Hearing Notice, substantially in the form annexed hereto as <u>Exhibit E</u> and incorporated herein by reference, setting forth (i) the Voting Deadline for the submission of Ballots and Master Ballots, (ii) the time fixed for filing objections to confirmation of the Plan.

32. Bankruptcy Rule 2002(l) permits the Court to "order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice." In addition to mailing the Confirmation Hearing Notice, the Debtors propose to publish the Confirmation Hearing Notice, not less than twenty-five (25) days before the time fixed for filing objections to confirmation of the Plan in the national editions of *The Wall Street Journal* and *The USA Today*.

33. Additionally, the Debtors will publish the Confirmation Hearing Notice electronically on their website, http://www.grace.com, and the website of the Debtors' noticing agent, http://www.bmccorp.net.

34. The Debtors believe that publication of the Confirmation Hearing Notice on the Internet and in widely-circulated newspapers will provide sufficient notice of the Voting Deadline, the time fixed for filing objections to confirmation of the Plan, and the time, date, and place of the Confirmation Hearing to persons who do not otherwise receive notice by mail as provided for herein.

35. The Debtors submit that the foregoing procedures will provide adequate notice of the Confirmation Hearing and, accordingly, request that the Court deem such notice adequate.

**(iii) Establishing Procedures for Objections to the Plan**

36. Pursuant to Bankruptcy Rule 3020(b)(1), objections to confirmation of a plan must be filed and served "within a time fixed by the court." The proposed Confirmation Hearing Notice provides, and the Debtors request that the Court direct, that objections or proposed modifications, if any, to confirmation of the Plan must (i) be in writing, (ii) state the name and

12

91100-001\DOCS_DE:102467.1

address of the objecting party and the amount and nature of any objection or proposed modification, and (iii) be filed, together with proof of service, with the Bankruptcy Court and served so that they are received by (a) the Clerk of the Court, (b) counsel for the Debtors, (c) counsel to all official committees appointed by the United States Trustee, and (d) the United States Trustee, at the addresses set forth in the Confirmation Hearing Notice, no later than June 1, 2005, at 4:00 p.m., prevailing Eastern time (the "Plan Objection Deadline"). The proposed timing of service of objections and proposed modifications, if any, will afford the Bankruptcy Court and the Debtors sufficient time to consider the objections and proposed modifications before the Confirmation Hearing.

37. The Debtors additionally propose that the Bankruptcy Court set June 20, 2005, at 4:00 p.m., prevailing Eastern time, as the date by which the Debtors must file their omnibus reply to any objections and supplemental brief in support of confirmation of the Plan (including a Ballot analysis and certified voting report).

38. The Debtors request that the Bankruptcy Court approve this schedule pursuant to Bankruptcy Rule 3020.

### Notice

39. Notice of this Confirmation Procedures Motion has been given to: (i) the Office of the United States Trustee, (ii) counsel to all official committees appointed by the United States Trustee and (iii) all those parties that requested service and notice of papers in accordance with Fed R. Bankr. P. 2002. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

### No Prior Request

40. No prior Motion for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form attached hereto (i) approving the Voting Procedures; (ii) approving the forms and distribution of the Ballots and Master Ballots; (iii) establishing the Voting Record Date; and (iv) establishing dates and deadlines in connection with confirmation of the Plan.

Dated: November 13, 2004

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet S. Baer
Jonathan Friedland
Samuel L. Blatnick
200 East Randolph Drive
Chicago, IL 60601
Telephone: (312) 861-2000

Bennett L. Spiegel
Lori Sinanyan
777 South Figueroa Street
Los Angeles, CA 90017
Telephone: (213) 680-8400

and

PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.

_____
Laura Davis Jones (Bar No. 2436)
David W. Carickhoff, Jr. (Bar No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for the Debtors and
Debtors in Possession

91100-001\DOCS_DE:102467.1