# Exhibit A

Proposed Confirmation Procedures Order

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | Re: Docket No. _____ and |
| | | 12/20/04 Agenda Item ___ |

## ORDER APPROVING SOLICITATION AND
## CONFIRMATION PROCEDURES AND SCHEDULE

Upon the Debtors' motion (the "Confirmation Procedures Motion")[2] of the

Debtors seeking entry of an order approving solicitation and confirmation procedures and

schedule; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C.

§§ 157 and 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C.

§ 157(b)(2); and it appearing that venue of this proceeding and the Confirmation Procedures

Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and adequate notice of

---

[1]  The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2]  Capitalized terms not defined herein shall have the same meaning as in the Confirmation Procedures Motion.

A-1

the Confirmation Procedures Motion having been given; and it appearing that no other notice need be given; and after due deliberation and sufficient cause appearing therefore,

IT IS HEREBY ORDERED THAT:

*Confirmation Hearing:*

1.      A hearing to consider confirmation of the Plan (the "Confirmation Hearing") will commence on June 27, 2005, at 12:00 p.m., prevailing Eastern time, before the Honorable Judith K. Fitzgerald, United States Bankruptcy Judge, United States Bankruptcy Court for the District of Delaware. The Court will consider the substantive consolidation of the Debtors' estates that is requested in the Plan as an aspect of confirmation of the Plan.

2.      The Confirmation Hearing may be continued from time to time by announcing such continuance in open court and providing written notice to parties that have filed objections to confirmation or Voting Motions.

*Plan Objection and Voting Deadline:*

3.      The deadline to file objections to confirmation of the Plan (the "Plan Objection Deadline") is June 1, 2005, at 4:00 p.m., prevailing Eastern time.

4.      All objections to confirmation of the Plan, including objections to the substantive consolidation of the Debtors proposed by the Plan, must be served in a manner so that they are actually received on or before 4:00 p.m., prevailing Eastern time, on the Plan Objection Deadline by the following parties (the "Notice Parties"):

A-2

| | |
|---|---|
| **Co-Counsel to the Debtors:**<br>Kirkland & Ellis LLP<br>777 South Figueroa Street, 37th Floor<br>Los Angeles, CA 90017<br>Attn: Bennett L. Spiegel / Lori Sinanyan<br>Telephone:    (213) 680-8400<br>Facsimile:    (213) 680-8500<br><br>and<br><br>Kirkland & Ellis LLP<br>200 East Randolph Drive<br>Chicago, IL 60601<br>Attn: Jonathan Friedland / Ryan Bennett<br>Telephone:    (312) 861-2000<br>Facsimile:    (312) 861-2200<br><br>and<br><br>Pachulski, Stang, Ziehl, Young, Jones<br>& Weintraub P.C.<br>919 North Market Street, Suite 1600<br>P.O. Box 8705<br>Wilmington, DE 19899-8705 (Courier 19801)<br>Attn: Laura Davis Jones ./ David Carickhoff<br>Telephone:    (302) 652-4100<br>Facsimile:    (302) 652-4400 | **United States Trustee**<br>Office of U.S. Trustee<br>J. Caleb Boggs Federal Building<br>844 N. King Street, Suite 2207<br>Lock Box 35<br>Wilmington, DE 19801<br>**Attn: Frank Perch, Esq.**<br><br><br>**Counsel to the Asbestos PI Committee:**<br>Caplin & Drysdale, Chartered<br>One Thomas Circle NW, Suite 1100<br>Washington D.C. 20005<br>Attn: Peter Van N. Lockwood<br>Telephone:    (202) 862-5000<br>Facsimile:    (202) 429-3301 |
| **Counsel to the Future Claimants' Representative:**<br>Swidler, Berlin, Shereff, Friedman LLP<br>The Washington Harbour<br>3000 K Street, NW, Suite 300<br>Washington, DC 20007<br>Attn: Roger Frankel<br>Telephone:    (202) 424-7500<br>Facsimile:    (202) 424-7643 | **Counsel to the Asbestos PD Committee:**<br>Bilzin Sumberg Baena Price & Axelrod LLP<br>200 South Biscayne Blvd., Suite 2500<br>Miami, FL 33131-2336<br>Attn: Scott L. Baena / Jay Sacalo / Minda A. Mora<br>Telephone:    (305) 374-7580<br>Facsimile:    (305) 374-7593 |
| **Counsel to the Unsecured Creditors' Committee:**<br>Stroock & Stroock & Lavan LLP<br>180 Maiden Lane<br>New York, NY 10038-4982<br>Attn: Lewis Kruger / Arlene Krieger<br>Telephone:    (212) 806-5400<br>Facsimile:    (212) 806-6006 | **Counsel to the Equity Committee:**<br>Kramer Levin Naftalis & Frankel LLP<br>919 Third Avenue<br>New York, NY 10022<br>Attn: Phillip Bentley / Gary M. Becker<br>Telephone:    (212) 715-9100<br>Facsimile:    (212) 715-8000 |

5.    All objections to the Plan shall (a) state with particularity the legal and factual grounds for such objection, (b) provide, where applicable, the specific text, if any, that the objecting party believes to be appropriate to insert into the Plan, and (c) describe the nature and amount of the objector's Claim or Equity Interest.

A-3

6.    Objections not timely filed and served in accordance with the provisions of this Order shall not be heard and shall be overruled.

7.    The Debtors may file an omnibus reply (the "Omnibus Reply Brief in Support of Confirmation") to any timely-filed objection(s) and/or supplemental brief in support of confirmation on or before June 20, 2005, at 4:00 p.m., prevailing Eastern time, and the Debtors shall serve a copy of their Omnibus Reply Brief in Support of Confirmation by facsimile transmission or overnight mail on the same date upon the relevant objecting parties and the Notice Parties.

8.    The Debtors shall file the Exhibit Book Supplement described in the Plan on or before June 20, 2005.

9.    All ballots or master ballots accepting or rejecting the Plan ("Ballots" and "Master Ballots", respectively) must be received by BMC Corp. (the "Voting Agent") by 4:00 p.m., prevailing Eastern time, no later than April 1, 2005 (the "Voting Deadline"), at the following address:

> **By U.S. Mail:**
>
> BMC
> Attn: W. R. Grace Voting Agent
> P.O. Box 913
> El Segundo, CA 90245-0913
>
> **By Courier:**
>
> BMC
> Attn: W. R. Grace Voting Agent
> 1330 E. Franklin Avenue
> El Segundo, CA 90245

A-4

10.    The Court may extend or waive the period during which votes will be accepted, in which case the Voting Deadline for such solicitation shall mean the last time and date to which such solicitation is extended.

*Form and Manner of Confirmation Hearing and Solicitation Packages Notice:*

11.    The Confirmation Hearing Notice, substantially in the form attached to the Confirmation Procedures Motion as Exhibit E, is hereby approved.    Except as otherwise provided herein, the Debtors are directed to mail the Confirmation Hearing Notice to all parties on the mailing matrix maintained by the Debtors' notice and claims agent (which includes all creditors and equity security holders) on or before the date which is not less than twenty-five (25) days before the Plan Objection Deadline.

12.    Not less than twenty-five (25) calendar days before the Plan Objection Deadline, the Debtors shall also publish the Confirmation Hearing Notice once in the national editions of *The Wall Street Journal* and *The USA Today*.

13.    Not more than twenty (20) days after the date on which this Court enters the Disclosure Statement Order (the "Solicitation Distribution Date"), the Debtors shall mail the following solicitation materials (the "Solicitation Package") to those parties entitled to vote to accept or reject the Plan:    (i) the Disclosure Statement; (ii) the appropriate Ballot(s) and/or Master Ballot(s) and Voting Instructions; (iii) the Exhibit Book (including the Plan which is annexed as Exhibit 1 thereto); (iv) the Confirmation Hearing Notice; and (v) a pre-addressed return envelope.    The Debtors shall also cause the Plan, Disclosure Statement, Confirmation Hearing Notice, and this Confirmation Procedures Order to be posted on their website at http://www.grace.com    and    the    website    maintained    by    the    Voting    Agent    at http://www.bmccorp.net.

A-5

14.    At the Debtors' discretion, the Voting Agent may, in the interests of economy, distribute the Disclosure Statement and Exhibit Book on CD-Rom diskettes, in lieu of printed paper, in connection with the distribution of Solicitation Packages. Should a Holder of a Claim or Equity Interest request printed copies of the subject documents, the Voting Agent shall mail such documents to the requesting Holder at the Debtors' expense.

15.    To avoid duplication and reduce expenses, Claimants who have more than one Claim shall receive only one Solicitation Package, but shall receive one Ballot for each Claim. Except as set forth in this paragraph, all amounts owed by a Debtor to a single creditor that fall within a single Class under the Plan constitute a single Claim for purposes of the numerosity requirement of Bankruptcy Code § 1126(c). Each Claim held by a particular creditor as a result of such Claim having been transferred to such creditor by another creditor (or former creditor), either before or after the Petition Date, constitutes a separate Claim.

16.    If a Claimant has filed proofs of claim against more than one Debtor for the same obligation, the Claimant shall receive only a single Ballot with respect to that obligation and the corresponding vote shall count as a single vote, whether or not the Claimant submits multiple Ballots. Ballots solicited and tabulated pursuant to this paragraph may be used to confirm the Plan only if the Court orders substantive consolidation of the Debtors' estates as the Plan requests.

17.    On or before the Solicitation Distribution Date, the Debtors shall mail or cause to be mailed the Confirmation Hearing Notice, together with the Notification of Non-Voting Status (in the form attached to the Confirmation Procedures Motion as Exhibit D), to (a) all Holders of Claims or Equity Interests who are not entitled to vote to accept or reject the Plan and (b) all parties on the 2002 list who are not entitled to vote to accept or reject the Plan.

18.     The Debtors are excused from re-mailing Solicitation Packages or Notices, as the case may be, to those entities whose addresses differ from the addresses in the claims register or the Debtors' records as of the Voting Record Date, or whose Solicitation Packages or Confirmation Hearing Notices are returned for any other reason not the fault of the Debtors.

*Voting Record Date:*

19.     Pursuant to Bankruptcy Rule 3018(a), the record date for purposes of determining which creditors are entitled to receive Solicitation Packages and, where applicable, vote on the Plan shall be the date which is two (2) business days following the date on which this Court enters the Disclosure Statement Order (the "Voting Record Date"). The Debtors shall specify the Voting Record Date in the Confirmation Hearing Notice. Only Holders of Claims and Equity Interests as of the Voting Record Date shall be entitled to vote to accept or reject the Plan.

20.     With respect to a Claim transferred after the applicable proof of claim has been filed, the transferee shall be entitled to receive a Solicitation Package and cast a Ballot on account of such Claim only if (a) all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Voting Record Date or (b) the transferee files by the Voting Record Date (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer and (ii) a sworn statement of the transferor supporting the validity of the transfer.

21.     In the event a proof of claim is withdrawn after the Voting Record Date, any Ballot or Master Ballot submitted with respect to the Claim represented by such proof of claim shall not be counted.

*Form of Ballots, Voting Instructions and Notices of Non-Voting Status:*

22.    The Ballot, Master Ballot and Voting Instructions, substantially in the forms collectively attached to the Confirmation Procedures Motion as <u>Exhibit C</u>, are hereby approved.

23.    All votes to accept or reject the Plan must be cast by using the appropriate Ballot and Master Ballot.

24.    The Notification of Non-Voting Status, substantially in the form attached to the Confirmation Procedures Motion as <u>Exhibit D</u>, is hereby approved.

*Voting Procedures and Determination of Voting Status:*

25.    The Voting Procedures annexed to the Confirmation Procedures Motion as <u>Exhibit B</u> are hereby approved.

26.    Solely for purposes of voting to accept or reject the Plan — and not for any other purpose, including the allowance or distribution on account of a Claim, and without prejudice to the rights of the Debtors in any other context — each Claim within a Class of Claims entitled to vote to accept or reject the Plan shall be temporarily Allowed in accordance with the following rules (the "Tabulation Rules"):

27.    **Claims and Equity Interests:**  With respect to the tabulation of Ballots and Master Ballots for all Claims and Equity Interests, for purposes of voting, the amount to be used to tabulate acceptance or rejection of the Plan is as follows (in order of priority):

    i.    If, prior to the Voting Deadline, (i) this Court enters an order fully or partially allowing a Claim or Equity Interest, whether for all purposes or for voting purposes only, or (ii) the Debtors and the Holder of a Claim or Equity Interest agree to fully or partially allow such Claim or Equity Interest for voting purposes only and no objection to such allowance is received by the Debtors within seven (7) calendar days after service by first-class mail of notice of such agreement to the parties upon whom notice is required, the amount allowed thereunder.

    ii.    The liquidated amount specified in a proof of claim timely filed in accordance with the March 2003 Bar Date Order (where applicable), so

A-8

long as such Claim or Equity Interest has not been disallowed or expunged by this Court and is not the subject of an objection pending as of the Voting Record Date.

iii.     The Claim amount listed in the Schedules as liquidated, undisputed, and noncontingent.

iv.     If a Claim is recorded on a proof of claim as unliquidated, contingent and/or undetermined as to amount only in part, the Holder of the Claim shall be entitled to vote the portion of the Claim that is liquidated, noncontingent and undisputed in the liquidated, noncontingent and undisputed amount, subject to any limitations set forth herein and unless otherwise ordered by this Court.

v.     Wholly Unliquidated, Contingent and/or Undetermined Claims:

(I)     If a proof of claim has been timely filed in accordance with the March 2003 Bar Date Order and such Claim is wholly unliquidated, contingent and/or undetermined, the Claim amount, for voting purposes only, shall be $1.00 so long as such Claim has not been disallowed or expunged by the Court and is not the subject of an objection pending as of the Voting Record Date.

28.     **Voting Motion:**  The Debtors shall give notice of the "one dollar, one vote" procedure to Holders of filed Claims and Equity Interests that are wholly unliquidated, contingent and/or undetermined as to amount by first class mail no later than the Solicitation Distribution Date.  Such notice will inform the claimants of the "one dollar, one vote" provision and will further state that any claimant wishing to have its Claim or Equity Interest allowed for voting purposes in a greater amount must file, within twenty (20) calendar days after service of the notice, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim or Equity Interest in a different amount for purposes of voting (a "Voting Motion").  A Voting Motion must set forth with particularity the amount and classification at which such claimant or interest Holder believes its Claim or Equity Interest should be allowed for voting purposes, and the evidence in support of that belief.  A hearing regarding timely-filed Voting Motions, if any, shall be held at the commencement of the Confirmation Hearing.  In connection

A-9

with such hearing, the Debtors shall be excused from compliance with Bankruptcy Rule 3007 and Del. Bankr. LR 3007-1(e)(4)(C). A ruling on a Voting Motion will determine only the voting rights with respect to a Claim or Equity Interest; the ruling will not affect the rights of the Holder of the Claim or Equity Interest, the Debtors or the Asbestos Trust with respect to allowance and distribution with respect to the Claim or Equity Interest.

29.     **Determination of Number of Equity Interests Voted by Beneficial Owners of Equity Interests in the Parent:** Each beneficial owner of an Equity Interest in the Parent is entitled to a vote equal to the number of such beneficial owner's shares of Parent Common Stock as of the Voting Record Date.

*Voting and Tabulation Procedures:*

30.     A Ballot or Master Ballot will not be counted if any of the following, without limitation, applies to such Ballot or Master Ballot:

i.      The Holder submitting the Ballot or Master Ballot is not entitled to vote pursuant to section 5(a) of the Voting Procedures.

ii.     The Ballot or Master Ballot is not *actually received* by the Voting Agent in the manner set forth herein by the Voting Deadline.

iii.    The Ballot or Master Ballot is returned to the Voting Agent indicating acceptance or rejection of the Plan but is unsigned.

iv.     The Ballot or Master Ballot is received after the Voting Deadline, regardless of when it is postmarked.

v.      The Ballot or Master Ballot is illegible or contains insufficient information to permit the identification of the Claimant or Equity Interest Holder.

vi.     The Ballot or Master Ballot is transmitted to the Voting Agent by facsimile or other electronic means.

vii.    The Ballot or Master Ballot is submitted in a form that is not appropriate for such Claim or Equity Interest.

31.     The following general voting procedures and standard assumptions shall be used in tabulating votes:

    i.    A Holder of a Claim or Equity Interest may not split his, her, or its vote. Accordingly, except as provided otherwise in the Voting Procedures, (a) each creditor or interest holder shall have a single vote within a particular class, (b) the full amount of all such creditor or interest holder's Claims or Equity Interests (calculated in accordance with these procedures) within a particular class shall be deemed to have been voted either to accept or reject a Plan, and (c) any Ballot that partially rejects and partially accepts the Plan shall not be counted.

    ii.    The Voting Agent, in its discretion, may contact voters to cure any defects in a Ballot or Master Ballot.

    iii.    Subject to section 9(d) of the Voting Procedures, if multiple Ballots are received on or prior to the Voting Deadline on account of the same Claim or Equity Interest, in the absence of contrary information establishing which Holder held such Claim or Equity Interest as of the Voting Record Date, the last valid Ballot that is received by the Voting Agent prior to the Voting Deadline will be the Ballot that is counted. In the event multiple conflicting Ballots are received on account of the same claim or interest on the same day, such Ballots will be disregarded.

    iv.    If multiple Ballots are received prior to the Voting Deadline from a Holder of a Claim or Equity Interest and someone purporting to be his, her, or its attorney or agent, the Ballot received from the Holder of the Claim or Equity Interest will be the Ballot that is counted, and the vote of the purported attorney or agent will not be counted.

    v.    There shall be a rebuttable presumption that any Claimant or interest holder who submits a properly completed superseding Ballot on or before the Voting Deadline has sufficient cause, within the meaning of Bankruptcy Rule 3018(a), to change or withdraw such Holder's acceptance or rejection of the Plan.

    vi.    A Ballot that is completed, but on which the Claimant or interest holder did not note whether to accept or reject the Plan, shall not be counted as a vote to accept or reject the Plan.

    vii.    Separate Claims filed against multiple Debtors on account of the same underlying debt shall be deemed, collectively, to be one Claim for voting purposes.

91100-001\DOCS_DE:102467.1

viii.    Single Claims filed against multiple Debtors (e.g., Claims filed against "W. R. Grace & Co. et al.) shall be deemed to be one Claim for voting purposes.

ix.    Where a Holder of a Claim or Equity Interest chooses to both accept and reject the Plan on the same Ballot, such Ballot shall not be counted as a vote to accept or reject the Plan.

32.    The Voting Agent shall file a certification of ballots on before June 20, 2005. If pending Voting Motions or any other matters may affect the voting results, a representative of the Voting Agent shall attend the Confirmation Hearing to prepare and submit an updated certification of Ballots.

33.    The Debtors are authorized and empowered to take all actions and execute such other documents as may be necessary to implement the relief granted herein.

34.    This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Confirmation Procedures Order.

Dated:_____, 200__

_____
Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

A-12