# Exhibit B

## Voting Procedures

**EXHIBIT B**

**VOTING PROCEDURES**

## W. R. GRACE & CO. ET AL BALLOT
## SOLICITATION AND TABULATION PROCEDURES

The following procedures (the "Voting Procedures") govern the distribution of

solicitation materials with respect to the Debtors' Plan of Reorganization, dated November 13,

2004 (as it may be from time to time amended, supplemented or modified, the "Plan"), the return

of Ballots and Master Ballots for purposes of voting to accept or reject the Plan, and tabulation of

such votes with respect to same.

Capitalized terms used herein shall have the meanings set forth in section 11 hereof or, if

not defined, in the Glossary, which is Exhibit 2 to the Exhibit Book, filed on November 13,

2004.

1.    **Publication Notice:**

    a.    **Confirmation Hearing Notice**:    The Debtors will cause the Confirmation Hearing Notice to be published once in the weekday edition of the national editions of *The USA Today,* and *The Wall Street Journal*, on a date not less than twenty-five (25) calendar days prior to the Plan Objection Date.

2.    **Distribution of Solicitation Packages -- Generally:**[1]

    a.    **Scheduled Claims:** Except as otherwise provided herein, the Voting Agent will cause a Solicitation Package to be served upon each Holder of a Claim against the Debtors entitled to vote to accept or reject the Plan and listed in the Debtors' Schedules of Assets and Liabilities (as amended or supplemented, the "Schedules") as of the Voting Record Date with a claim amount in excess of $0.00 other than claims designated in the Schedules as contingent, unliquidated and/or disputed.

    b.    **Filed Claims:** Except as otherwise provided herein, the Voting Agent will cause a Solicitation Package to be served upon each Holder of a Claim entitled to vote to accept or reject the Plan and represented by a proof of claim filed against the

---

[1]    See sections 3, 6 and 7 hereof for procedures governing the manner in which Solicitation Packages are to be distributed to Holders of Equity Interests in the Parent.

Debtors that has not been withdrawn or disallowed or expunged by an order of the Bankruptcy Court entered on or before the Voting Record Date, other than a proof of claim asserting (a) a Claim under, or evidenced by, any Claim Interests of Grace; and (b) a Claim in the amount of $0.00 or filed as "unliquidated". If the relevant proof of claim does not indicate the appropriate classification of a Claim, such Claim shall be treated as a General Unsecured Claim.

c.   **Parties to Executory Contracts and Unexpired Leases:**  Each Entity that is listed on the Schedules or is otherwise known to be a party to an executory contract or an unexpired lease with a Debtor, irrespective of whether, pursuant to Bankruptcy Code § 365(a), such contract is, in fact, an "executory contract" or such lease is, in fact, an "unexpired lease," will receive a Solicitation Package.

d.   **Determination of Holders of Record:**  Except as otherwise provided for herein, appropriate Solicitation Packages will be served upon the Entity that holds a Claim or Equity Interest as of the Voting Record Date, and the Debtors will have no obligation to cause a Solicitation Package to be served upon any subsequent Holder of such Claim (as evidenced by any notice of assignment of such Claim entered on the Bankruptcy Court's docket or that only becomes effective after the Voting Record Date or otherwise) or Equity Interest.

e.   **Solicitation Distribution Date:**  The Voting Agent will cause Solicitation Packages to be distributed to all known Holders of General Unsecured Claims and Equity Interests in the Parent on or before the date which is twenty (20) calendar days following the date on which the Bankruptcy Court enters the Disclosure Statement Order.

3.   **Distribution of Solicitation Packages -- To Holders of Parent Common Stock.**

a.   **Equity Interests:**  Except as otherwise provided herein, the following procedures shall apply to Holders of Parent Common Stock:

    i.   **List of Record Holders:**  Pursuant to Bankruptcy Rules 1007(i) and 3017(e), within five (5) Business Days after the Voting Record Date, the Equity Securities Transfer Agents shall provide to the Voting Agent (a) a copy of the list of the names, addresses, and holdings of the Holders of Equity Securities, as applicable, as of the Voting Record Date, (b) an electronic file or two sets of mailing labels for such Holders, and (c) such other information as the Voting Agent deems reasonable and necessary to perform its duties hereunder.  Upon request by the Voting Agent, the Equity Securities Transfer Agents shall provide additional sets of mailing labels.  The Voting Agent shall use such lists, mailing labels and other information only for purposes consistent with these Voting Procedures.

    ii.   **Determination of Number of Beneficial Owners:**  As soon as practicable after the entry of the Disclosure Statement Order, the Voting Agent shall attempt to contact the institutional Holders of record of Parent

91100-001\DOCS_DE:102467.1

Common Stock to determine whether such Holders hold as Equity Nominees and to ascertain the number of beneficial owners of such Parent Common Stock holding through such Equity Nominee.

iii.   **Distribution to Record Holders Other than Equity Nominees:** The Voting Agent will cause to be served upon each registered record Holder (other than Equity Nominees), as of the Voting Record Date, of any Parent Common Stock, a Solicitation Package.

iv.   **Distribution to Equity Nominees:** For Parent Common Stock, the Voting Agent will cause to be served upon each Equity Nominee materials comprising of Solicitation Packages, in sufficient numbers estimated to allow dissemination of Solicitation Packages to each of the beneficial owners of Parent Common Stock for which it serves, with instructions to each Equity Nominee to (i) contact the Voting Agent for additional sets of Solicitation Packages, if necessary, and (ii) promptly (within five (5) Business Days after receipt of the Solicitation Packages) distribute the Solicitation Packages to the beneficial owners for which it serves. Upon request by an Equity Nominee, the Voting Agent shall send any such Entity a Solicitation Package.

v.   **Reimbursement of Expenses:** The Debtors may, upon written request, and without application to or Order of the Bankruptcy Court, reimburse Equity Securities Transfer Agents, Equity Nominees, or any of their agents, for reasonable, actual, and necessary out-of-pocket expenses incurred in performing the tasks described above, and will utilize the guidelines of the New York Stock Exchange in approving such requests.

4.   **Distribution of Solicitation Packages -- To Other Parties:**

a.   The Voting Agent will cause a Solicitation Package to be served upon the Securities and Exchange Commission, the Office of the United States Trustee for the District of Delaware, the Internal Revenue Service, the attorneys for the agent for the Debtors' pre-petition bank lenders, the attorneys for the Debtors' post-petition bank lenders, the attorneys for the Unsecured Creditors' Committee, the attorneys for the Asbestos PI Committee, the attorneys for the Asbestos PD Committee, the attorneys for the Equity Holders' Committee, and the attorneys for the Future Claims' Representative.

5.   **Return of Ballots:**

a.   **Claimants or Equity Interest Holders that Are Entitled to Vote:** Except as provided herein, each Holder of a Claim or Equity Interest that has a Claim or Equity Interest (i) for which a Claim or Equity Interest amount may be determined pursuant to section 6 hereof as of the Voting Deadline, (ii) which Claim or Equity Interest is not deemed to accept or reject the Plan, and (iii) which Claim or Equity Interest is not the subject of an objection that is pending as of the

Voting Record Date unless an order is entered by the Bankruptcy Court allowing such Claim or Equity Interest by the Voting Deadline, is entitled to vote to accept or reject the Plan. The assignee of a transferred and assigned Claim or Equity Interest (whether a filed or scheduled) shall be permitted to vote such Claim or Equity Interest only if the transfer and assignment has been noted on the Bankruptcy Court's docket and is effective pursuant to Bankruptcy Rule 3001(e) as of the close of business on the Voting Record Date.

b.    **Authority to Complete and Execute Ballots:** If a Ballot or Master Ballot is signed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or any other Entity acting in a fiduciary or representative capacity, such person must indicate such capacity when signing. The authority of the signatory of each Ballot or Master Ballot to complete and execute the Ballot or Master Ballot shall be presumed, but each such signatory shall certify under penalty or perjury, by executing the Ballot or Master Ballot, that he or she has such authority and shall provide evidence of such authority upon request of the Voting Agent.

c.    **Place to Send Completed Ballots and Master Ballots:**

   i.    **Voting Agent:** All Ballots and Master Ballots should be returned by mail, hand-delivery or overnight courier to:

   **By U.S. Mail:**

   BMC
   Attn: W. R. Grace Voting Agent
   P.O. Box 913
   El Segundo, CA 90245-0913

   **By Courier:**

   BMC
   Attn: W. R. Grace Voting Agent
   1330 E. Franklin Avenue
   El Segundo, CA 90245

d.    **Deadline for Receiving Completed Ballots and Master Ballots:**

   i.    All Ballots and Master Ballots must be *actually received* by the Voting Agent by the Voting Deadline. The Voting Agent will NOT accept Ballots or Master Ballots submitted by facsimile or electronic transmission.

   ii.    The Voting Agent will date and time-stamp all Ballots and Master Ballots when received. In addition, the Voting Agent will retain a copy of such Ballots and Master Ballots for a period of one (1) year after the Effective

Date of the Plan, unless otherwise instructed by the Debtors, in writing, or otherwise ordered by the Bankruptcy Court.

6.   **Tabulation of Ballots -- Determination of Amount of Claims and Equity Interests Voted:**

a.   **Claims and Equity Interests:**  With respect to the tabulation of Ballots and Master Ballots for all Claims and Equity Interests, for purposes of voting, the amount to be used to tabulate acceptance or rejection of the Plan is as follows (in order of priority):

i.    If, prior to the Voting Deadline, (i) the Bankruptcy Court enters an order fully or partially allowing a Claim or Equity Interest, whether for all purposes or for voting purposes only, or (ii) the Debtors and the Holder of a Claim or Equity Interest agree to fully or partially allow such Claim or Equity Interest for voting purposes only and no objection to such allowance is received by the Debtors within seven (7) calendar days after service by first-class mail of notice of such agreement to the parties upon whom notice is required, the amount allowed thereunder.

ii.   The liquidated amount specified in a proof of claim timely filed in accordance with the March 2003 Bar Date Order (where applicable), so long as such Claim or Equity Interest has not been disallowed or expunged by the Bankruptcy Court and is not the subject of an objection pending as of the Voting Record Date.

iii.  The Claim amount listed in the Schedules as liquidated, undisputed, and noncontingent.

iv.   If a Claim is recorded on a proof of claim as unliquidated, contingent and/or undetermined as to amount only in part, the Holder of the Claim shall be entitled to vote the portion of the Claim that is liquidated, noncontingent and undisputed in the liquidated, noncontingent and undisputed amount, subject to any limitations set forth herein and unless otherwise ordered by the Bankruptcy Court.

v.    Wholly Unliquidated, Contingent and/or Undetermined Claims:

(I)   If a proof of claim has been timely filed in accordance with the March 2003 Bar Date Order and such Claim is wholly unliquidated, contingent and/or undetermined, the Claim amount, for voting purposes only, shall be $1.00 so long as such Claim has not been disallowed or expunged by the Court and is not the subject of an objection pending as of the Voting Record Date.

(II)  **Voting Motion:**  The Debtors shall give notice of the "one dollar, one vote" procedure to Holders of filed Claims and Equity

B-5

Interests that are wholly unliquidated, contingent and/or undetermined as to amount by first class mail no later than the date Solicitation Packages are mailed. Such notice will inform the claimants of the "one dollar, one vote" provision and will further state that any claimant wishing to have its Claim or Equity Interest allowed for voting purposes in a greater amount must file, within twenty (20) calendar days after service of the notice, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim or Equity Interest in a different amount for purposes of voting (a "Voting Motion"). A Voting Motion must set forth with particularity the amount and classification at which such claimant or interest Holder believes its Claim or Equity Interest should be allowed for voting purposes, and the evidence in support of that belief.

b. **Determination of Number of Claims Voted by Beneficial Owners of Parent Common Stock:** Each beneficial owner of Parent Common Stock is entitled to a vote equal to the number of such beneficial owner's shares of Parent Common Stock as of the Voting Record Date.

7. **Tabulation of Votes -- Aggregation of Multiple General Unsecured Claims for Voting, Classification, and Treatment under the Plan:**

a. **Specific Rules Relating to Transfers of General Unsecured Claims:** For purposes of voting, classification, and treatment under the Plan, the number and amount of General Unsecured Claims held by an Entity to which any General Unsecured Claim is transferred and which transfer is effective pursuant to Bankruptcy Rule 3001(e) on or before the close of business on the Voting Record Date shall be determined based upon the identity of the original Holder of such General Unsecured Claim.

8. **Tabulation of Votes -- Ballots Excluded:**

A Ballot or Master Ballot will not be counted if any of the following, without limitation, applies to such Ballot:

a. The Holder submitting the Ballot or Master Ballot is not entitled to vote pursuant to section 5(a) hereof.

b. The Ballot or Master Ballot is not *actually received* by the Voting Agent in the manner set forth in sections 5(c) and 5(d) hereof by the Voting Deadline.

c. The Ballot or Master Ballot is returned to the Voting Agent indicating acceptance or rejection of the Plan but is unsigned.

d. The Ballot or Master Ballot is received after the Voting Deadline, regardless of when it is postmarked.

B-6

e.      The Ballot or Master Ballot is illegible or contains insufficient information to permit the identification of the Claimant or Equity Interest Holder.

f.      The Ballot or Master Ballot is transmitted to the Voting Agent by facsimile or other electronic means.

g.      The Ballot or Master Ballot is submitted in a form that is not appropriate for such Claim or Equity Interest.

h.      A Ballot or Master Ballot that is not completed and/or lacks an original signature.

**9.      Tabulation of Votes -- General Voting Procedures and Standard Assumptions:**

In addition to the foregoing, the following voting procedures and standard assumptions will be used in tabulating Ballots and Master Ballots:

a.      A creditor or interest holder may not split his, her, or its vote. Accordingly, except as provided in section 7(a) hereof, (a) each creditor or interest holder shall have a single vote within a particular class, (b) the full amount of all such creditor or interest holder's Claims or Equity Interests (calculated in accordance with these procedures) within a particular class shall be deemed to have been voted either to accept or reject a Plan, and (c) any Ballot that partially rejects and partially accepts the Plan shall not be counted.

b.      The Voting Agent, in its discretion, may contact voters to cure any defects in a Ballot or Master Ballot.

c.      Subject to section 9(d) hereof, if multiple Ballots are received on or prior to the Voting Deadline on account of the same Claim or Equity Interest, in the absence of contrary information establishing which Holder held such Claim or Equity Interest as of the Voting Record Date, the last valid Ballot that is received by the Voting Agent prior to the Voting Deadline will be the Ballot that is counted. In the event multiple conflicting Ballots are received on account of the same claim or interest on the same day, such Ballots will be disregarded.

d.      If multiple Ballots are received prior to the Voting Deadline from a Holder of a Claim or Equity Interest and someone purporting to be his, her, or its attorney or agent, the Ballot received from the Holder of the Claim or Equity Interest will be the Ballot that is counted, and the vote of the purported attorney or agent will not be counted.

e.      There shall be a rebuttable presumption that any Holder of a Claim or Equity Interest who submits a properly completed superseding Ballot on or before the Voting Deadline has sufficient cause, within the meaning of Bankruptcy Rule 3018(a), to change or withdraw such Holder's acceptance or rejection of the Plan.

B-7

f.  A Ballot that is completed, but on which the Claimant or interest holder did not note whether to accept or reject the Plan, shall not be counted as a vote to accept or reject the Plan.

g.  Separate Claims filed against multiple Debtors on account of the same underlying debt shall be deemed, collectively, to be one Claim for voting purposes.

h.  Single Claims filed against multiple Debtors (e.g., Claims filed against "W. R. Grace & Co. et al.) shall be deemed to be one Claim for voting purposes.

i.  Where a Holder of a Claim or Equity Interest chooses to both accept and reject the Plan on the same Ballot, such Ballot shall not be counted as a vote to accept or reject the Plan.

**10.  Definitions:**

a.  **"Bankruptcy Court"** means the United States Bankruptcy Court for the District of Delaware.

b.  **"Confirmation Hearing"** means the hearing on the confirmation of the Plan, as such hearing may be adjourned from time to time.

c.  **"Confirmation Hearing Notice"** means a published notice of, inter alia, the approval of the Disclosure Statement and the scheduling of the Confirmation Hearing, in a form approved by the Bankruptcy Court in the Confirmation Procedures Order.

d.  **"Disclosure Statement"** means the disclosure statement in connection with the Plan, as approved by the Bankruptcy Court in the Disclosure Statement Order.

e.  **"Disclosure Statement Order"** means the Order of the Bankruptcy Court approving the adequacy of the Disclosure Statement.

f.  **"Equity Nominees"** means institutional Holders of record of Equity Securities who hold Equity Securities in "street name" on behalf of beneficial owners or otherwise represent such beneficial owners.

g.  **"Equity Securities Transfer Agents"** means the transfer agent for any issue of Parent Common Stock.

h.  **"March 2003 Bar Date"** means bar date set by order of the Bankruptcy Court, fixing March 31, 2003, as the deadline for filing certain proofs of claim against the Debtors' estates.

i.  **"Master Ballot"** means a Ballot filed on behalf of one or more beneficial owners of Parent Common Stock in accordance with the procedures set forth in section 3 of these Voting Procedures.

B-8

j.  **"Notification of Non-Voting Status"** means that certain notice indicating that Holders of certain Claims and Equity Interests are not entitled to vote to accept or reject the Plan because such Holders are deemed to accept or reject the Plan, in a form approved by the Bankruptcy Court in the Confirmation Procedures Order.

k.  **"Plan Objection Date"** means the deadline established by the Court, in the Confirmation Procedures Order or otherwise, for the filing and serving of objections to confirmation of the Plan.

l.  **"Record Amount"** means the amount shown on the records of the Equity Nominees (as confirmed by record and depository listings) as of the Voting Record Date.

m.  **"Schedules"** shall have the meaning set forth in section 2(a) hereof.

n.  **"Solicitation Package"** means, and will consist of, all of the following:

   i.  Confirmation Hearing Notice.

   ii.  Disclosure Statement Order (without exhibits)

   iii.  Disclosure Statement

   iv.  Exhibit Book (with the Plan attached as an Exhibit 1 thereto).

   v.  The Voting Procedures.

   vi.  Appropriate Ballot(s) and voting instructions.

   vii.  Pre-addressed return envelope(s).

   viii.  Any other materials ordered by the Court to be included.

o.  **"Voting Agent"** means with respect to all Holders of Claims entitled to vote on the Plan (BMC Corp).

p.  **"Voting Deadline"** means <u>4:00 p.m. (prevailing Eastern time)</u>, on <u>April 1, 2005</u>, as the date established by the Bankruptcy Court to be the deadline for the Voting Agent to receive Ballots and Master Ballots on the Plan.

q.  **"Voting Motion"** shall have the meaning set forth in section 6(a)(v)(II) hereof.

r.  **"Voting Record Date"** means the date that is two (2) Business Days after the entry of the Disclosure Statement Order.