## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| | ) | |
| **In re:** | ) | |
| | ) | **Chapter 11** |
| **W.R. GRACE & CO., et al.** | ) | **Case No. 01-01139 (JKF)** |
| | ) | **(Jointly Administered)** |
| **Debtors.** | ) | Objection Deadline: March 4, 2005 at 4:00 p.m. |
| | ) | Hearing: March 21, 2005 at 12:00 p.m. |

### NOTICE OF FILING OF
### SECOND QUARTERLY INTERIM FEE APPLICATION OF
### DAVID T. AUSTERN, FUTURE CLAIMANTS REPRESENTATIVE, FOR
### COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR
### THE PERIOD JULY 1, 2004 THROUGH SEPTEMBER 30, 2004

TO:     (1) The Debtors; (2) Counsel to the Debtors; (3) The Office of the United States Trustee;
(4) Counsel to the Official Committee of Asbestos Personal Injury Claimants;
(5) Counsel to the Official Committee of Asbestos Property Damage Claimants;
(6) Counsel to the Official Committee of Equity Holders; (7) Counsel to the
Debtors-in-Possession Lender; and (8) the Fee Auditor

David T. Austern, Future Claimants' Representative (the "FCR"), has filed and served his

Second Quarterly Interim Fee Application for Compensation and Reimbursement of Expenses

Incurred for the Period July 1, 2004 through September 30, 2004 seeking payment in the amount

of $16,150.000 in fees and $273.00 in expenses for a total of $16,423.00 (the "Application").

This Application is submitted pursuant to this Court's Administrative Order, as

Amended, Under 11 U.S.C. Sections 105(a) and 331 Establishing Revised Procedures for Interim

Compensation and Reimbursement of Expenses for Professionals and Official Committee

Members dated April 17, 2002  (the "Administrative Order").

Objections or responses to the Application, if any, must be made in writing and filed with

the United States Bankruptcy Court for the District of Delaware, Marine Midland Plaza, 824

Market Street, Fifth Floor, Wilmington, DE  19801, on or before **March 4, 2005 at 4:00 p.m.,**
**Eastern Time.**

At the same time you must also serve a copy of the objections or responses, if any, upon
the following: (i) David T. Austern, FCR for W.R. Grace & Co., c/o Claims Resolution
Management Corporation, 3110 Fairview Park Drive, Suite 200, Falls Church, VA  22042-0683;
(ii) co-counsel to David T. Austern, FCR, Roger Frankel, Esquire, Richard H. Wyron, Esquire,
Swidler Berlin Shereff Friedman, LLP, 3000 K Street, NW, Suite 300, Washington, DC  20007
and John C. Phillips, Jr., Esquire, Phillips Goldman & Spence, P.A., 1200 North Broom Street,
Wilmington, DE  19806; (iii) co-counsel for the Debtors, David M. Bernick, Esquire, Kirkland &
Ellis LLP, 200 East Randolph Drive, Chicago, IL  60601 and Laura Davis Jones, Esquire,
Pachulski, Stang, Ziehl, Young & Jones, P.C., 919 North Market Street, Suite 1600, P.O. Box
8705, Wilmington, DE  19899-8705; (iv) co-counsel to the Official Committee of Unsecured
Creditors, Lewis Kruger, Esquire, Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New
York, NY  10038-4982  and Michael R. Lastowski, Esquire, Duane Morris, LLP, 1100 N.
Market Street, Suite 1200, Wilmington, DE  19801-1246; (v) co-counsel to the Official
Committee of Asbestos Property Damage Claimants, Scott L. Baena, Esquire, Blizin, Sumberg,
Dunn, Baena, Price & Axelrod, First Union Financial Center, 200 South Biscayne Boulevard,
Suite 2500, Miami, FL  33131 and Michael B. Joseph, Esquire, Ferry & Joseph, P.A., 824
Market Street, Suite 904, P.O. Box 1351, Wilmington, DE  19899; (vi) co-counsel to the Official
Committee of Asbestos Personal Injury Claimants, Elihu Inselbuch, Esquire, Caplin & Drysdale,
399 Park Avenue, 36th Floor, New York, NY  10022 and Mark Hurford, Esquire, Campbell &

Levine, LLC, Chase Manhattan Centre, 15th Floor, 1201 Market Street, Suite 1500, Wilmington, DE 19801; (vii) co-counsel to the DIP Lender, J. Douglas Bacon, Esquire, Latham & Watkins, Sears Tower, Suite 5800, Chicago, IL 60606 and Steven M. Yoder, Esquire, The Bayard Firm, 222 Delaware Avenue, Suite 900, P.O. Box 25130, Wilmington, DE 19899; (viii) counsel to the Official Committee of Equity Holders, Thomas Moers Mayer, Esquire, Kramer Levin Naftalis & Frankel LLP, 919 Third Avenue, New York, NY 10022; (ix) the Office of the United States Trustee, ATTN: Frank J. Perch, Esquire, 844 N. King Street, Wilmington, DE 19801; and (x) the Fee Auditor, Warren H. Smith, Warren H. Smith and Associates, Republic Center, 325 N. St. Paul, Suite 4080, Dallas, TX 75201.

Any questions regarding this Notice or attachments may be directed to the undersigned counsel.

SWIDLER BERLIN SHEREFF FRIEDMAN, LLP

By: _____
    Roger Frankel, *admitted pro hac vice*
    Richard H. Wyron, *admitted pro hac vice*
    3000 K Street, NW, Suite 300
    Washington, DC 20007
    (202) 424-7500
    Co-Counsel to David T. Austern, Future Claimants
    Representative

--and--

PHILLIPS, GOLDMAN & SPENCE, P.A.
John C. Phillips, Jr. (#110)
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200
(302) 655-4210 (fax)
Co-Counsel to David T. Austern, Future Claimants
Representative

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) |
| | ) **Chapter 11** |
| **W.R. GRACE & CO., et al.** | ) **Case No. 01-01139 (JKF)** |
| | ) **(Jointly Administered)** |
| **Debtors.** | ) Objection Deadline: March 4, 2005 |
| | ) Hearing: March 21, 2005 at 12:00 p.m. |

### SECOND QUARTERLY INTERIM FEE APPLICATION OF
### DAVID T. AUSTERN, FUTURE CLAIMANTS REPRESENATIVE,
### FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED
### FOR THE PERIOD JULY 1, 2004 THROUGH SEPTEMBER 30, 2004

### SUMMARY SHEET

| | |
|---|---|
| Name of Applicant: | David T. Austern, Future Claimants Representative (the "FCR") |
| Authorized to Provide Professional Services to: | Not Applicable |
| Date of Retention: | As of May 24, 2004 (pursuant to this Court's Order entered September 27, 2004) |
| Period for which Compensation and Reimbursement is sought: | July 1, 2004 – September 30, 2004 |
| Amount of Compensation sought as Actual Reasonable and Necessary: | $16,150.00 |
| Amount of Expense Reimbursement sought as Actual, Reasonable and Necessary: | $    273.00 |

This is a    ___ monthly        _x_ interim        ___ final application

## PRIOR APPLICATIONS FILED

The FCR was retained effective as of May 24, 2004, pursuant to this Court's
Order entered September 27, 2004.  The FCR has not filed any previous fee applications.

### FCR

| Name of Professional **Person** | Position of Applicant, No. of Years in Position, Prior Relevant Experience, Yr. Obtained License to Practice, **Area of Expertise** | Hourly Billing Rate (including changes) | Total Billed **Hours** | Total **Compensation** |
|---|---|---|---|---|
| David T. Austern | Future Claimants Representative | $500.00 | 32.30 | $16,150.00 |
| **Total** | | | **32.30** | **$16,150.00** |

**Total Fees:**     **$16,150.00**
**Total Hours:**     **32.30**
**Blended Rate:**     **$16,150.00**

## COMPENSATION BY PROJECT CATEGORY

| **Project Category** | **Total Hours** | **Total Fees** |
|---|---|---|
| Case Administration | 7.30 | $3,650.00 |
| Claims | 6.10 | $3,050.00 |
| Insurance | 6.50 | $3,250.00 |
| Litigation | .40 | $200.00 |
| Retention of Professionals | 6.40 | $3,200.00 |
| Plan and Disclosure Statement | .80 | $400.00 |
| Travel (Non-Working) | 4.80 | $2,400.00[1] |
| **TOTAL** | **32.30** | **$16,150.00** |

## EXPENSE SUMMARY

| **Expense Category** | **Total** |
|---|---|
| Parking | $83.00 |
| Travel – Airfare | $190.00 |
| **TOTAL** | **$273.00** |

---

[1] This amount reflects the 50% reduction for non-working travel.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | **Chapter 11** |
| **W.R. GRACE & CO., et al.** | ) | **Case No. 01-01139 (JKF)** |
| | ) | **(Jointly Administered)** |
| **Debtors.** | ) | Objection Deadline: March 4, 2005 |
| | ) | Hearing: March 21, 2005 at 12:00 p.m. |

### SECOND QUARTERLY INTERIM FEE APPLICATION OF
### DAVID T. AUSTERN, FUTURE CLAIMANTS REPRESENTATIVE,
### FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED
### FOR THE PERIOD OF JULY 1, 2004 THROUGH SEPTEMBER 30, 2004

Pursuant to 11 U.S.C. §§ 330 and 331 of title 11 of the United States Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Code"), and this Court's Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, signed April 17, 2002, amending the Court's Administrative Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code Establishing Procedures for Allowance and Payment of Monthly Interim Compensation and Reimbursement of Expenses of Professionals, entered May 3, 2001 (collectively, the "Administrative Order"), David T. Austern, the Future Claimants Representative ("FCR") hereby submits this second quarterly interim application (the "Second Quarterly Interim Application") for an allowance of (i) compensation for professional services rendered to W.R. Grace & Co. and its affiliates (collectively, the "Debtors") for the period of July 1, 2004 through September 30, 2004 (the "Interim Period"), and (ii) the reimbursement of expenses incurred during the same period.

By this Second Quarterly Fee Application the FCR seeks the interim allowance of compensation in the amount of $16,150.00 and reimbursement of actual and necessary expenses in the amount of $273.00 for a total of $16,423.00, or 100% of all compensation and expense reimbursement requested, for the period July 1, 2004 through September 30, 2004 (the "Interim Period"). In support of this Second Quarterly Interim Application, the FCR respectfully represents as follows:

### Jurisdiction

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1334.

### Background

2.    On April 2, 2001 (the "Petition Date"), the Debtors filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code. The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3.    By an Order dated May 24, 2004, the Court appointed the FCR for the above captioned cases, a copy of which is attached hereto as Exhibit A.

### Monthly Fee Applications Covered Herein

4.    Simultaneously with the filing of this Second Quarterly Fee Application, the July, August and September monthly fee applications of the FCR are being filed with the Court pursuant to the Administrative Order.

2

5.      On November 15, 2004, the FCR filed its Third Monthly Application for Compensation for Services Rendered and Reimbursement of Expenses as Bankruptcy Counsel to the FCR for the Period July 1-31, 2004 (the "Third Monthly") requesting $1,250.00 in fees and $10.00 in expenses.  The deadline to file objections is December 6, 2004, and if no objections are filed with respect to the Third Monthly, a Certificate of No Objection will be filed promptly with the Court.  The Third Monthly is attached hereto as Exhibit B.

6.      On November 15, 2004, the FCR filed its Fourth Monthly Application for Compensation for Services Rendered and Reimbursement of Expenses as Bankruptcy Counsel to the FCR for the Period August 1-31, 2004 (the "Fourth Monthly") requesting $9,550.00 in fees and $7.00 in expenses.  The deadline to file objections is December 6, 2004, and if no objections are filed with respect to the Fourth Monthly, a Certificate of No Objection will be filed promptly with the Court.  The Fourth Monthly is attached hereto as Exhibit C.

7.      On November 15, 2004, the FCR filed its Fifth Monthly Application for Compensation for Services Rendered and Reimbursement of Expenses as Bankruptcy Counsel to the FCR for the Period September 1-30, 2004 (the "Fifth Monthly") requesting $5,350.00 in fees and $256.00 in expenses.  The deadline to file objections is December 6, 2004, and if no objections are filed with respect to the Fifth Monthly, a Certificate of No Objection will be filed promptly with the Court.  The Fifth Monthly is attached hereto as Exhibit D.

8.     The Third, Fourth and Fifth Monthlys covered by this Second Quarterly Fee Application contain detailed daily time logs describing the actual and necessary services provided by the FCR during the Interim Period as well as other detailed information to be included in fee applications.  Those monthly applications attached hereto as Exhibits B-D are incorporated herein by reference.

## Requested Relief

9.     By this Second Quarterly Application, the FCR requests that the Court approve the interim allowance of compensation for professionals services rendered and the reimbursement of actual and necessary expenses incurred by the FCR from July 1, 2004 through September 30, 2004.  As stated above, the full scope of the services provided and the related expenses incurred are fully described in the monthly fee applications for the Interim Period that already have been filed with the Court and are attached hereto as Exhibits B-D.

10.     At all relevant times, the FCR has been an disinterested person as that term is defined in section 101(14) of the Bankruptcy Code and has not represented or held an interest adverse to the interest of future asbestos claimants.

11.     All services for which compensation is requested by the FCR were performed in his capacity as FCR and not on behalf of any Debtor, committee, creditor, or other person.

12.     Other than the Debtors' obligation to pay fees and expenses allowed by this Court, the FCR has received no payment and no promise for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the Debtors' cases.  There is no agreement or understanding between the FCR and

4

any other person for the sharing of compensation to be received for services rendered in this case.

WHEREFORE, the FCR respectfully requests that the Court enter an order, substantially in the form attached hereto, providing that, for the period July 1, 2004 through September 30, 2004, an allowance be made to the FCR in the sum of $16,150.00 as compensation for reasonable and necessary professional services rendered and in the sum of $273.00 for the reimbursement of actual and necessary costs and expenses incurred, for a total of $16,423.00, that the Debtors be authorized and directed to pay to FCR the outstanding amount of such sums, and for such other and further relief as this Court may deem just and proper.

Dated: November 15, 2004

Respectfully submitted,

David T. Austern, Future Claimants Representative
3110 Fairview Park Drive, Suite 200
Falls Church, VA  22042-0683
(703) 205-0835

5

# **VERIFICATION**

**STATE OF VIRGINIA, TO WIT:**

David T. Austern, after being duly sworn according to law, deposes and says:

1. I am the Future Claimants Representative appointed by the Court in these cases.

2. I have reviewed the Second Quarterly Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. I have reviewed the requirements of Local Rule 2016-2 and the Administrative Order as Amended dated April 17, 2002, and I believe the Application to be in compliance therewith.

DAVID T. AUSTERN

SWORN AND SUBSCRIBED TO BEFORE ME

THIS 15th DAY OF NOVEMBER, 2004

Notary Public

My commission expires: 3/31/06

# EXHIBIT A

Bench Filed
on 5/24/04

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | **Re: 5/24/04 Agenda Item # 7** |
| | ) | **Docket No. 5460** |

## ORDER GRANTING APPLICATION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 105, 327 AND 524(g)(4)(B)(i), FOR THE APPOINTMENT OF A LEGAL REPRESENTATIVE FOR FUTURE ASBESTOS CLAIMANTS

Upon the application of the above-captioned debtors and debtors in possession

(collectively, the "Debtors") for the appointment of a legal representative for future asbestos

claimants (the "Application")[2]; *Motion of Neutocrete Products, Inc. for Relief from Stay Under*

*Section 362 of the Bankruptcy Code* (the "Motion"); and it appearing that the Court has

jurisdiction to consider the Application and the relief requested therein in accordance with 28

---

[1]  The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2]  Unless otherwise defined herein, all capitalized terms shall have the meanings described to them in the Application.

U.S.C. §§ 157 and 1334; and it appearing that this matter is a core proceeding within the

meaning of 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and this

Application is properly in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and

proper notice of the Application having been given; and after due deliberation and sufficient

cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.    The Application is granted.

2.    *David Austern* is hereby appointed as the Futures'

Representative.

3.    The Futures' Representative shall have standing under section 1109(b) of

the Bankruptcy Code to be heard as a party-in-interest in all matters relating to the Debtors'

chapter 11 cases, and shall have, *inter alia*, the powers and duties of a committee, which powers

and duties may be modified by order of the Court at any time during these cases.

4.    The Futures' Representative may employ attorneys, and other

professionals, consistent with sections 327 and 1103 of the Bankruptcy Code, subject to prior

approval of this Court and pursuant to the Administrative Compensation Order.

5.    Compensation, including professional fees and reimbursement of

expenses, shall be payable to the Futures' Representative and his professionals from the Debtors'

estates, in accordance with the terms and conditions negotiated by the appointed Candidate and

the Debtors, subject to approval by this Court and subject to the Administrative Compensation

Order.

6.      The Futures' Representative shall not be liable for any damages, or have any obligations other than as prescribed by orders of this Court; provided, however, that the Futures' Representative may be liable for damages caused by his willful misconduct or gross negligence. The Futures' Representative shall not be liable to any person as a result of any action or omission taken or made by the Futures' Representative in good faith. The Debtors shall indemnify, defend and hold the Futures' Representative and his agents and professionals harmless from any claims by any party against the Futures' Representative arising out of or relating to the performance of his duties as Futures' Representative, provided, however, that the Futures' Representative (and his agents and professionals), shall not have such indemnification rights if a court of competent jurisdiction determines pursuant to a final and non-appealable order that the Futures' Representative is liable upon such claim as a result of willful misconduct or gross negligence. If, before the earlier of: (i) the entry of an order confirming a chapter 11 plan in these Chapter 11 Cases (that order having become a final order and no longer subject to appeal), and (ii) entry of an order closing these chapter 11 cases, the Futures' Representative believes that he is entitled to payment for any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under an order approving this Application, including without limitation the advancement of defense costs, the Futures' Representative must file an application therefor in this Court, and the Debtors may not pay any such amounts to the Futures' Representative before the entry of an order by this Court approving the payment. The preceding sentence is intended to specify the period of time under which this Court shall have the jurisdiction over any request for fees and expenses by the Futures'

Representative for indemnification, contribution or reimbursement and is not a limitation on the

duration of the Debtors' obligation to indemnify the Futures' Representative.  In the event that a

cause of action is asserted against the Futures' Representative arising out of or relating to the

performance of his duties as Futures' Representative, the Futures' Representative shall have the

right to choose his own counsel.

       7.    The Futures' Representative and his counsel shall be entitled to receive all

notices and pleadings which are served upon the Committees and their respective counsel

pursuant to any and all orders entered in these chapter 11 cases, including, without limitation, (i)

the Administrative Compensation Order, and (ii) any and all orders authorizing the Debtors to

obtain post-petition financing.

       8.    This Court shall retain jurisdiction to hear and determine all matters

related to the entry of this Order.

Dated: May ____24____, 2004.

 

 

_____
The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

 

4

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) ) ) |
| **W.R. GRACE & CO., et al.** | ) ) |
| **Debtors.** | ) ) ) |

**Chapter 11
Case No. 01-01139 (JKF)
(Jointly Administered)**

### ORDER GRANTING SECOND QUARTERLY INTERIM APPLICATION OF DAVID T. AUSTERN, FUTURE CLAIMANTS REPRESENTATIVE FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR THE TIME PERIOD JULY 1, 2004 THROUGH SEPTEMBER 30, 2004

David T. Austern, the Future Claimants Representative (the "FCR"), in the above captioned debtors and debtors-in-possession (the "Debtors"), filed his Second Quarterly Interim Application for allowance of compensation and reimbursement of expenses for the time period July 1, 2004 through September 30, 2004 (the "Second Quarterly Application"). The Court has reviewed the Second Quarterly Application and finds that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 157 and 1334; and (b) notice of the Second Quarterly Application, and any hearing on the Second Quarterly Application, was adequate under the circumstances; and (c) all persons with standing have been afforded the opportunity to be heard on the Second Quarterly Application. Accordingly, it is hereby

ORDERED that the Second Quarterly Application of the FCR is GRANTED on an interim basis. The Debtors shall pay to the FCR the sum of $16,150.00 as compensation and $273.00 as reimbursement for expenses for a total of $16,423.00 for services rendered and disbursements incurred by the FCR for the period July 1, 2004

through September 30, 2004, less any amounts which may have been previously paid in connection with the FCR's monthly fee applications for this period.


Dated: _____


                                    _____
                                    United States Bankruptcy Judge

## CERTIFICATE OF SERVICE

I, DEBRA O. FULLEM, do hereby certify that I am over the age of 18 and on November 15, 2004, I caused a copy of the *Notice, Second Quarterly Fee Application of David T. Austern, Future Claimants Representative for Compensation and Reimbursement of Expenses Incurred for the Period July 1, 2004 through September 30, 2004, Exhibits A-D, Verification and proposed Order* to be served upon those persons listed in the attached Service List in the manner so indicated.

Debra O. Fullem, Senior Legal Assistant
Swidler Berlin Shereff Friedman, LLP

## SERVICE LIST

***Federal Express***
Laura Davis Jones, Esquire
David W. Carickhoff, Jr., Esquire
Pachulski, Stang, Ziehl, Young & Jones P.C.
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE  19899-8705

***Regular Mail***
Vito I. DiMaio
Parcels, Inc.
10th & King Streets
P.O. Box 27
Wilmington, DE  19899


***Federal Express***

Frank J. Perch, Esquire
Office of the United States Trustee
844 King Street, Room 2311
Wilmington, DE  19801

***Federal Express and Email: feeaudit@whsmithlaw.com***
Warren H. Smith
Warren H. Smith & Associates
Republic Center
325 N. St. Paul
Suite 1275
Dallas, TX  75201

***Federal Express and E-mail: william.sparks@grace.com***
(W.R. Grace & Co.)
David B. Siegel
W.R. Grace and Co.
7500 Grace Drive
Columbia, MD  21044

***E-mail: syoder@bayardfirm.com***
(Local Counsel to DIP Lender)
Steven M. Yoder, Esquire
The Bayard Firm

***E-mail: meskin@del.camlev.com***
(Local Counsel to Asbestos Claimants)
Marla Eskin, Esquire
Campbell & Levine, LLC


***E-mail: ttacconelli@ferryjoseph.com***
(Counsel for Property Damage Claimants)
Theodore Tacconelli, Esquire
Ferry & Joseph, P.A.


***E-mail: mlastowski@duanemorris.com***
(Counsel to Official Committee of Unsecured Creditors)
Michael R. Lastowski, Esquire
Duane, Morris & Heckscher LLP


***E-mail: currier@klettrooney.com***
(Counsel for Official Committee of Equity Holders)
Teresa K.D.Currier, Esquire
Klett Rooney Lieber & Schorling


***E-mail: james_kapp@chicago.kirkland.com***
(Counsel to Debtor)
James H.M. Sprayregen, P.C.
James Kapp, III, Esquire
Kirkland & Ellis


***E-mail: pvnl@capdale.com***
(Official Committee of Personal Injury Claimants)
Elihu Inselbuch, Esquire
Caplin & Drysdale, Chartered


***E-mail: rserrette@stroock.com***
(Official Committee of Unsecured Creditors)
Lewis Kruger, Esquire
Stroock & Stroock & Lavan LLP

*E-mail: jsakalo@bilzin.com*
(Official Committee of Property Damage Claimants)
Scott L. Baena, Esquire
Bilzin Sumberg Dunn Baena Price & Axelrod LLP


*E-mail: david.heller@lw.com and carol.hennessey@lw.com*
(Counsel to DIP Lender)
J. Douglas Bacon, Esquire
Latham & Watkins


*E-mail: pbentley@kramerlevin.com*
(Counsel to Official Committee of Equity Holders)
Philip Bentley, Esquire
Kramer Levin Naftalis & Frankel LLP