# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | **Chapter 11** |
|  | ) |  |
| **W.R. GRACE & CO., et al.** | ) | **Case No. 01-1139 (JKF)** |
|  | ) | **Jointly Administered** |
|  | ) |  |
| **Debtor.** | ) | Objection Date: March 4, 2005 at 4:00 p.m. |
|  | ) | Hearing: March 21, 2005 at 12:00 p.m. |

## NOTICE OF FILING OF
## SECOND QUARTERLY INTERIM FEE APPLICATION OF
## CIBC WORLD MARKETS CORP., FINANCIAL ADVISOR TO
## DAVID T. AUSTERN, FUTURE CLAIMANTS' REPRESENTATIVE

TO:  (1) The Debtors; (2) Counsel to the Debtors; (3) The Office of the United States Trustee;
(4) Counsel to the Official Committee of Asbestos Personal Injury Claimant;
(5) Counsel to the Official Committee of Asbestos Property Damage Claimants;
(6) Counsel to the Official Committee of Equity Holders; and (7) Counsel to the
Debtors-in-Possession Lender; and (8) the Fee Auditor

CIBC World Markets Corp., financial advisor to David T. Austern, in his capacity as the

Court-appointed legal representative for future asbestos claimants (the "FCR"), has filed and

served its Second Quarterly Interim Fee for Compensation for Services Rendered and

Reimbursement of Expenses as financial advisor to the FCR for the time period August 1, 2004

through August 31, 2004 seeking payment of fees in the amount of $450,000.00 and

reimbursement of expenses in the amount of $3,580.19 (the "Application") for a total of

$453,580.19.

This Application is submitted pursuant to this Court's Administrative Order, as

Amended, Under 11 U.S.C. Sections 105(a) and 331 Establishing Revised Procedures for Interim

Compensation and Reimbursement of Expenses for Professionals and Official Committee

Members dated April 17, 2002 (the "Administrative Order").

Objections or responses to the Application, if any, must be made in writing and filed with the United States Bankruptcy Court for the District of Delaware, Marine Midland Plaza, 824 Market Street, Fifth Floor, Wilmington, DE 19801, on or before **March 4, 2005 at 4:00 p.m., Eastern Time.**

At the same time you must also serve a copy of the objections or responses, if any, upon the following: (i) co-counsel to David T. Austern, FCR, Roger Frankel, Esquire, Richard H. Wyron, Esquire, Swidler Berlin Shereff Friedman, LLP, 3000 K Street, NW, Suite 300, Washington, DC 20007 and John C. Phillips, Jr., Esquire, Phillips Goldman & Spence, P.A., 1200 North Broom Street, Wilmington, DE 19806; (ii) co-counsel for the Debtors, David M. Bernick, Esquire, Kirkland & Ellis LLP, 200 East Randolph Drive, Chicago, IL 60601 and Laura Davis Jones, Esquire, Pachulski, Stang, Ziehl, Young & Jones, P.C., 919 North Market Street, Suite 1600, P.O. Box 8705, Wilmington, DE 19899-8705; (iii) co-counsel to the Official Committee of Unsecured Creditors, Lewis Kruger, Esquire, Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, NY 10038-4982 and Michael R. Lastowski, Esquire, Duane Morris, LLP, 1100 N. Market Street, Suite 1200, Wilmington, DE 19801-1246; (iv) co-counsel to the Official Committee of Asbestos Property Damage Claimants, Scott L. Baena, Esquire, Blizin, Sumberg, Dunn, Baena, Price & Axelrod, First Union Financial Center, 200 South Biscayne Boulevard, Suite 2500, Miami, FL 33131 and Michael B. Joseph, Esquire, Ferry & Joseph, P.A., 824 Market Street, Suite 904, P.O. Box 1351, Wilmington, DE 19899; (v) co-counsel to the Official Committee of Asbestos Personal Injury Claimants, Elihu Inselbuch, Esquire, Caplin & Drysdale, 399 Park Avenue, 36th Floor, New York, NY 10022 and Mark Hurford, Esquire, Campbell & Levine, LLC, Chase Manhattan Centre, 15th Floor, 1201 Market Street, Suite 1500, Wilmington, DE 19801; (vi) co-counsel to the DIP Lender, J. Douglas

2

Bacon, Esquire, Latham & Watkins, Sears Tower, Suite 5800, Chicago, IL 60606 and Steven M.

Yoder, Esquire, The Bayard Firm, 222 Delaware Avenue, Suite 900, P.O. Box 25130,

Wilmington, DE 19899; (vii) counsel to the Official Committee of Equity Holders, Thomas

Moers Mayer, Esquire, Kramer Levin Naftalis & Frankel LLP, 919 Third Avenue, New York,

NY 10022; (viii) the Office of the United States Trustee, ATTN: Frank J. Perch, Esquire, 844 N.

King Street, Wilmington, DE 19801; and (ix) the Fee Auditor, Warren H. Smith, Warren H.

Smith and Associates Republic Center, 325 N. St. Paul, Suite 4080, Dallas, TX 75201.

Any questions regarding this Notice or attachments may be directed to undersigned

counsel.

SWIDLER BERLIN SHEREFF FRIEDMAN, LLP

By:_____

    Roger Frankel, *admitted pro hac vice*
    Richard H. Wyron, *admitted pro hac vice*
    3000 K Street, NW, Suite 300
    Washington, DC 20007
    (202) 424-7500
    Co-Counsel to David T. Austern, Future Claimants
    Representative

    --and--

PHILLIPS, GOLDMAN & SPENCE, P.A.
John C. Phillips, Jr. (#110)
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200
(302) 655-4210 (fax)
Co-Counsel to David T. Austern, Future Claimants
Representative

Dated: November 15, 2004

# THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **W.R. GRACE & CO., et al.,** | ) | **Case No. 01-01139 (JKF)** |
| | ) | |
| | ) | **(Jointly Administered)** |
| **Debtors.** | ) | Objection Date: March 4, 2005 |
| | ) | Hearing Date: March 21, 2004 at  12:00 p.m. |

### SECOND QUARTERLY INTERIM FEE APPLICATION OF
### CIBC WORLD MARKETS CORP., AS FINANCIAL ADVISOR TO
### DAVID T. AUSTERN, FUTURE CLAIMANTS' REPRESENAVIVE,
### FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR
### THE PERIOD OF JULY 1, 2004 THROUGH SEPTEMBER 30, 2004

### SUMMARY SHEET

| | |
|---|---|
| Name of Applicant: | CIBC World Markets Corp. |
| Authorized to Provide Professional Services to: | David T. Austern, Future Claimants' Representative |
| Date of Retention: | As of June 4, 2004 (pursuant to this Court's Order entered September 27, 2004) |
| Period for which compensation and reimbursement is sought: | July 1, 2004 – September 30, 2004 |
| Amount of Compensation sought as actual, reasonable and necessary: | $450,000.00 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $3,580.19 |

This is a \_\_\_ monthly         \_x\_ interim         \_\_\_ final application

## COMPENSATION BY PROJECT CATEGORY (Exhibit A, Time Detail)

July 1, 2004 – September 30, 2004

| Project Category | Total Hours | Total Fees[1] |
|---|---|---|
| Case Administration | 1.0 | NA |
| Business Operations Related | 463.0 | NA |
| Valuation Related | 92.2 | NA |
| Travel Time (Nonworking) | 36.0 | NA |
| **TOTAL** | **592.2** | **NA** |

## EXPENSE SUMMARY (Exhibit B, Expense Detail)

July 1, 2004 – September 30, 2004

| Expense Category | Total |
|---|---|
| Catering | $86.03 |
| Telephone | 51.04 |
| Messenger | 25.90 |
| Airfare | 2,746.65 |
| Transportation | 529.37 |
| Research | 141.20 |
| **TOTAL** | **$3,580.19** |

---

[1] CIBC does not bill on an hourly basis; therefore, a calculation of total fees by hour, by category is not applicable.

## THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **W.R. GRACE & CO., et al.,** | ) | **Case No. 01-01139 (JKF)** |
| | ) | |
| | ) | **(Jointly Administered)** |
| **Debtors.** | ) | Objection Date: March 4, 2004 |
| | ) | Hearing Date: March 21, 2004 at 12:00 p.m. |

## SECOND QUARTERLY INTERIM FEE APPLICATION OF CIBC WORLD MARKETS CORP., AS FINANCIAL ADVISOR TO DAVID T. AUSTERN, FUTURE CLAIMANTS' REPRESENTATIVE, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD OF JULY 1, 2004 THROUGH SEPTEMBER 30, 2004

Pursuant to 328(a) U.S.C. §§ 330 and 331 of title 11 of the United States Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure, the Retention Order (as defined herein), and this Court's Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members (the "Procedures"), CIBC World Markets Corp. ("CIBC") hereby submits this second quarterly interim application (the "Second Quarterly Interim Application") for an allowance of (i) compensation for professional services rendered to the future claimants' representative of W.R. Grace & Co. and its affiliates (collectively, the "Debtors") for the period of July 1, 2004 through September 30, 2004 (the "Interim Period"), and (ii) the reimbursement of expenses incurred during the same period. In support of this Second Quarterly Interim Application, CIBC respectfully represents as follows:

## I.   Jurisdiction

1.   This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1334.

## II.   Background

2.   On April 2, 2001 (the "Petition Date"), the Debtors filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code.  The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3.   By an Order dated May 24, 2004, the Court appointed David T. Austern as the Legal Representative for Future Asbestos Claimants (the "FCR") for the above captioned cases.  The same Order authorizes the FCR to employ professionals under the provision applicable to employment of professionals by an official committee (Section 1103 of the bankruptcy code).  On June 17, 2004, the FCR applied to this Court for an order authorizing the retention of CIBC pursuant to an engagement agreement dated June 4, 2004 (the "Engagement Agreement") as his financial advisor.

4.   On September 27, 2004, this Court entered an order (the "Retention Order") authorizing the FCR to employ CIBC as financial advisor effective nunc pro tunc as of the June 4, 2004 pursuant to the terms of the Engagement Agreement.  A copy of the Retention Order is annexed hereto as Exhibit C.

## III.   Summary of Services Rendered

5.   The financial services provided to the FCR by CIBC during this period included but was not limited to:

    (a)  Conducting due diligence and familiarizing itself to the extent appropriate with, and advising the FCR with respect to, the specialty chemicals industry in which the Debtor operates;

    (b)  Conducting due diligence and familiarizing itself to the extent appropriate with, and advising the FCR with respect to, the financial condition of the Debtors' businesses;

(c) Conducting due diligence and familiarizing itself to the extent appropriate with, and advising the FCR with respect to, the operations of the Debtors' businesses;

(d) Advising the FCR with respect to ongoing acquisition and divestiture activities of the Debtor;

(e) Advising the FCR with respect to a proposed restructuring and implementation of a trust as contemplated under Section 524(g) of the Bankruptcy Code including analyzing, negotiating and effecting a plan of reorganization or recapitalization for the Debtors;

(f) Reviewing and analyzing the Debtors' claim analysis and contemplated plan treatment;

(g) Familiarizing itself to the extent appropriate with, and advising the FCR with respect to, the Court docket and the numerous previous court motions and orders filed in connection with this case;

(h) Analyzing the financial impact on the Debtor of current motions in this case, including those related to pension funding and other economic matters;

(i) Evaluating the financial effect of the implementation of any plan of reorganization upon the assets or securities of the Debtors; and

(j) Performing valuation analyses on the Debtors and their assets.


### IV.  CIBC's Request for Compensation and Expense Reimbursement

6.   Pursuant to the Procedures, professionals may request monthly compensation and the reimbursement of expenses incurred.  The notice parties listed in the Procedures may object to such a request.  If no notice party objects to a professional's request within twenty (20) days after the date of service of the request, the applicable professional may submit to this Court a certification of no objection whereupon the Debtors are authorized to pay 80% of the fees and 100% of the expenses requested.

7.   Furthermore, and also pursuant to the Procedures, professionals are to file with this Court and serve upon the notice parties a quarterly request for interim approval and allowance of the monthly fee applications filed during the quarter.  If this Court grants the relief requested in these quarterly requests, the Debtors are authorized and directed to pay 100% of the

fees and expenses requested in the monthly fee applications for the applicable quarter (less amounts previously paid as a result of monthly fee applications).

8.   With this Second Quarterly Interim Application, CIBC seeks interim allowance of compensation in the amount of $450,000.00, representing three monthly fees of $150,000.00 for the period of July 1, 2004 through September 30, 2004.

9.   During the Second Interim Period, CIBC has recorded expenses in the amount of $3,580.19. The actual and necessary costs and expenses for which CIBC seeks reimbursement include the following:

a.   ***Research*** -- It is CIBC's practice to use financial market research in providing financial advisory services. This primarily consists of research reports on public companies and market/industry reports issued by investment banks other than CIBC as well as other research services. The charge to the client is actual cost, without a premium.

b.   ***Transportation*** -- CIBC charges clients for necessary transportation costs related to travel to and from an airport as well as late night transport from place of work to home.   The charge to the client is actual cost, without a premium.

c.   ***Airfare*** -- CIBC charges clients for necessary airfare costs in connection with travel to meetings, due diligence, etc.  The charge to the client is actual cost, without a premium.

d.   ***Catering*** -- CIBC charges clients for third party catering charges incurred for client meetings.  The charge to the client is actual cost, without a premium.

e.   ***Telephone*** -- CIBC charges clients for mobile telephone charges. Necessary mobile phone usage is reimbursed to professionals submitting an appropriate bill.

f.   ***Messenger and Courier Service*** -- It is CIBC's practice to use Federal Express or similar express mail delivery and third-party messenger services only in exigent circumstances (i.e., when needed to meet a deadline or when a next-day response from the recipient was necessary or beneficial to the case) and only when less costly than other available alternatives.

## V.      Relief Requested

10.    With this Second Quarterly Interim Application, CIBC requests that this Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred during the Interim Period.

11.    Except for the Debtors' promise to pay compensation and reimbursement as allowed by the Court, and such compensation and reimbursement which has been or may be paid pursuant to the Procedures, CIBC has received no payment and no promise for payment from any source for services rendered, or to be rendered, in any capacity whatsoever in connection with this case.

12.    Pursuant to Rule 2016(b) of the Federal Rules of Bankruptcy Procedure, CIBC has not shared and has not agreed to share (a) any compensation it has received or may receive with another party or person, or (b) any compensation another person or party has received or may receive in connection with this case.

WHEREFORE, for all these reasons, CIBC respectfully requests that the Court allow CIBC the sum of $450,000.00 in fees and expenses of $3,580.19 for a total compensation of $453,580.19 for the period July 1, 2004 to September 30, 2004, that such sums be authorized for payment, and that the Court grant such other and further relief as is just and proper.

Dated: November _15_, 2004

Respectfully submitted,

CIBC WORLD MARKETS CORP.

By:_____

Joseph J. Radecki, Jr.
425 Lexington Avenue
New York, New York 10017
(212) 885-4744
Financial Advisor to Davis T. Austern
Future Claimants' Representative

# EXHIBIT A

# W.R. Grace

## CIBC Time Records

### 7/1/2004 - 9/30/2004

| Professional | Date | Hours | Category | Description |
|---|---|---|---|---|
| Jonathan Brownstein | 7/1/2004 | 3.5 | Business Operations | Review of Alltech Acquisition / Due Diligence Documents |
| Jonathan Brownstein | 7/2/2004 | 0.5 | Business Operations | Review of Alltech Acquisition with FCR Counsel |
| Jonathan Brownstein | 7/7/2004 | 3.5 | Business Operations | Review of public information on Grace, Competitors and Industry |
| Jonathan Brownstein | 7/7/2004 | 1.0 | Business Operations | Review of Pension Contribution Motion |
| Jonathan Brownstein | 7/8/2004 | 3.0 | Business Operations | Discussions with FCR and Swidler |
| Jonathan Brownstein | 7/8/2004 | 6.0 | Travel Time | Discussions with FCR and Swidler |
| Jonathan Brownstein | 7/12/2004 | 0.5 | Business Operations | Review of Pension Contribution Motion |
| Jonathan Brownstein | 7/15/2004 | 2.0 | Business Operations | Review of Initial Due Diligence Materials Received from Grace |
| Jonathan Brownstein | 7/15/2004 | 0.5 | Business Operations | Review of Additional Requested Pension Diligence Materials |
| Jonathan Brownstein | 7/19/2004 | 0.8 | Business Operations | Call with Grace Management Re: Pension Contribution Motion |
| Jonathan Brownstein | 7/20/2004 | 0.5 | Business Operations | Review of Pension Motion with FCR's Counsel |
| Jonathan Brownstein | 7/21/2004 | 5.8 | Business Operations | Review of Due Diligence Materials Received |
| Jonathan Brownstein | 7/22/2004 | 5.0 | Business Operations | Due Diligence Meeting with Grace Management |
| Jonathan Brownstein | 7/22/2004 | 6.0 | Travel Time | Due Diligence Meeting with Grace Management |
| Jonathan Brownstein | 7/23/2004 | 2.8 | Business Operations | Review of Due Diligence Materials Received |
| Jonathan Brownstein | 7/24/2004 | 1.5 | Business Operations | Review of Due Diligence Materials Received |
| Jonathan Brownstein | 7/27/2004 | 4.0 | Business Operations | Review of Due Diligence Materials Received |
| Jonathan Brownstein | 8/2/2004 | 0.3 | Business Operations | Review of Docket; Review of News on Grace and Competitors |
| Jonathan Brownstein | 8/3/2004 | 2.0 | Business Operations | Review of Q2 Financial Briefing |
| Jonathan Brownstein | 8/3/2004 | 0.3 | Business Operations | Review of Docket, Review of News on Grace and Competitors |
| Jonathan Brownstein | 8/4/2004 | 0.3 | Business Operations | Review of Docket, Review of News on Grace and Competitors |
| Jonathan Brownstein | 8/5/2004 | 0.3 | Business Operations | Review of Docket, Review of News on Grace and Competitors |
| Jonathan Brownstein | 8/5/2004 | 1.5 | Business Operations | Conference Call Re: Q2 2004 Results |
| Jonathan Brownstein | 8/9/2004 | 1.5 | Business Operations | Review of Grace's Filed 10-Q |
| Jonathan Brownstein | 8/10/2004 | 0.3 | Business Operations | Review of Docket, Review of News on Grace and Competitors |
| Jonathan Brownstein | 8/10/2004 | 2.0 | Business Operations | Review of Information Provided on Proposed Acquisition / Divestiture |
| Jonathan Brownstein | 8/11/2004 | 0.3 | Business Operations | Review of Docket, Review of News on Grace and Competitors |
| Jonathan Brownstein | 8/12/2004 | 0.3 | Business Operations | Review of Docket, Review of News on Grace and Competitors |
| Jonathan Brownstein | 8/12/2004 | 1.0 | Business Operations | Conference Call with Grace Management Re: Acquisition / Divestiture |
| Jonathan Brownstein | 8/13/2004 | 0.3 | Business Operations | Review of Docket, Review of News on Grace and Competitors |
| Jonathan Brownstein | 8/13/2004 | 1.0 | Business Operations | Conference Call with FCR's Counsel |
| Jonathan Brownstein | 8/13/2004 | 5.0 | Business Operations | Prepared Draft Memos on Acquisition / Divestiture Proposals |
| Jonathan Brownstein | 8/15/2004 | 4.0 | Business Operations | Review of Sealed Air / Fresenius Settlements |
| Jonathan Brownstein | 8/16/2004 | 0.3 | Business Operations | Review of Docket, Review of News on Grace and Competitors |
| Jonathan Brownstein | 8/17/2004 | 0.3 | Business Operations | Review of Docket, Review of News on Grace and Competitors |
| Jonathan Brownstein | 8/17/2004 | 0.8 | Business Operations | Review of Sealed Air / Fresenius Settlements |
| Jonathan Brownstein | 8/17/2004 | 2.0 | Valuation | Review of Comparable Companies |
| Jonathan Brownstein | 8/18/2004 | 0.3 | Business Operations | Review of Docket, Review of News on Grace and Competitors |
| Jonathan Brownstein | 8/18/2004 | 1.0 | Business Operations | Finalized Memos on Acquisition / Divestiture Proposal |
| Jonathan Brownstein | 8/19/2004 | 1.0 | Business Operations | Review of K&E / Blackstone Presentation to FCR |
| Jonathan Brownstein | 8/19/2004 | 0.3 | Business Operations | Review of Docket, Review of News on Grace and Competitors |
| Jonathan Brownstein | 8/20/2004 | 0.3 | Business Operations | Review of Docket, Review of News on Grace and Competitors |
| Jonathan Brownstein | 8/23/2004 | 2.0 | Business Operations | Meeting with Blackstone re: Claims Analysis / Proposed Plan Treatment |
| Jonathan Brownstein | 8/23/2004 | 0.3 | Business Operations | Review of Docket, Review of News on Grace and Competitors |
| Jonathan Brownstein | 8/24/2004 | 0.3 | Business Operations | Review of Docket, Review of News on Grace and Competitors |
| Jonathan Brownstein | 8/24/2004 | 0.8 | Business Operations | Review of KWELMS Motion |
| Jonathan Brownstein | 8/25/5004 | 0.3 | Business Operations | Review of Docket, Review of News on Grace and Competitors |
| Jonathan Brownstein | 8/25/5004 | 4.0 | Valuation | Reviewed Preliminary Valuation Analysis |
| Jonathan Brownstein | 8/26/5004 | 0.3 | Business Operations | Review of Docket, Review of News on Grace and Competitors |
| Jonathan Brownstein | 8/27/2004 | 0.3 | Business Operations | Review of Docket, Review of News on Grace and Competitors |
| Jonathan Brownstein | 8/27/2004 | 1.5 | Valuation | Reviewed Preliminary Valuation Analysis |
| Jonathan Brownstein | 8/30/2004 | 0.3 | Business Operations | Review of Docket, Review of News on Grace and Competitors |
| Jonathan Brownstein | 8/30/2004 | 0.5 | Business Operations | Review of Darex Facility Sale Motion |
| Jonathan Brownstein | 8/31/2004 | 0.3 | Business Operations | Review of Docket, Review of News on Grace and Competitors |
| Jonathan Brownstein | 8/31/2004 | 5.3 | Business Operations | Review of Due Diligence Materials Received |
| Jonathan Brownstein | 9/1/2004 | 0.3 | Business Operations | Review of Docket, Review of News on Grace and Competitors |
| Jonathan Brownstein | 9/1/2004 | 2.3 | Business Operations | Review of Due Diligence Materials Received |
| Jonathan Brownstein | 9/1/2004 | 0.8 | Business Operations | Conference Call Re: Darex Facility Sale / KWELMS Settlement |
| Jonathan Brownstein | 9/2/2004 | 4.0 | Business Operations | Meeting with L. Tersigni Regarding Sealed Air Settlement |
| Jonathan Brownstein | 9/2/2004 | 0.3 | Business Operations | Review of Draft Brief Prepared by FCR's Counsel |
| Jonathan Brownstein | 9/3/2004 | 0.3 | Business Operations | Review of Draft Brief Prepared by FCR's Counsel |
| Jonathan Brownstein | 9/3/2004 | 2.3 | Business Operations | Review of Monthly Operating Report |

| Professional | Date | Hours | Category | Description |
|---|---|---|---|---|
| Jonathan Brownstein | 9/7/2004 | 1.5 | Valuation | Meeting with FCR / Counsel re: Preliminary Valuation / Case Update |
| Jonathan Brownstein | 9/13/2004 | 0.3 | Business Operations | Review of Docket; Review of News on Grace and Competitors |
| Jonathan Brownstein | 9/14/2004 | 0.3 | Business Operations | Review of Docket; Review of News on Grace and Competitors |
| Jonathan Brownstein | 9/15/2004 | 0.3 | Business Operations | Review of Docket; Review of News on Grace and Competitors |
| Jonathan Brownstein | 9/20/2004 | 0.3 | Business Operations | Review of Docket; Review of News on Grace and Competitors |
| Jonathan Brownstein | 9/21/2004 | 0.3 | Business Operations | Review of Docket; Review of News on Grace and Competitors |
| Jonathan Brownstein | 9/21/2004 | 6.5 | Business Operations | Preparation of Report to FCR |
| Jonathan Brownstein | 9/22/2004 | 9.3 | Business Operations | Preparation of Report to FCR |
| Jonathan Brownstein | 9/23/2004 | 4.8 | Business Operations | Preparation of Report to FCR |
| Jonathan Brownstein | 9/23/2004 | 1.3 | Business Operations | Review of Revised Claims Analysis |
| Jonathan Brownstein | 9/23/2004 | 1.8 | Business Operations | Review of Honeywell Settlement Motion |
| Jonathan Brownstein | 9/27/2004 | 8.0 | Business Operations | Preparation of Report to FCR |
| Jonathan Brownstein | 9/28/2004 | 0.8 | Business Operations | Discussion with Blackstone Regarding Revised Claims Analysis |
| Jonathan Brownstein | 9/28/2004 | 2.0 | Business Operations | Preparation of Report to FCR |
| | **Subtotal:** | **135.5** | | |
| | | | | |
| Ritwik Chatterjee | 7/1/2004 | 5.3 | Business Operations | Review of public information on Grace and general industry |
| Ritwik Chatterjee | 7/2/2004 | 1.5 | Business Operations | Review of public information on Grace and general industry |
| Ritwik Chatterjee | 7/7/2004 | 3.5 | Business Operations | Review of public information on Grace and general industry |
| Ritwik Chatterjee | 7/7/2004 | 4.0 | Business Operations | Review of Pension Contribution Motion / Review of public information |
| Ritwik Chatterjee | 7/8/2004 | 3.3 | Business Operations | Review of Pension Contribution Motion / Review of public information |
| Ritwik Chatterjee | 7/9/2004 | 5.5 | Business Operations | Review of public information on Grace and general industry |
| Ritwik Chatterjee | 7/12/2004 | 4.0 | Business Operations | Review of public information on Grace and general industry |
| Ritwik Chatterjee | 7/13/2004 | 3.3 | Business Operations | Review of public information on Grace and general industry |
| Ritwik Chatterjee | 7/15/2004 | 3.5 | Business Operations | Review of due diligence materials received from Grace |
| Ritwik Chatterjee | 7/16/2004 | 4.0 | Business Operations | Review of due diligence materials received from Grace |
| Ritwik Chatterjee | 7/19/2004 | 0.8 | Business Operations | Call with Grace Management Re: Pension Contribution Motion |
| Ritwik Chatterjee | 7/20/2004 | 3.5 | Business Operations | Review of pension retirement information |
| Ritwik Chatterjee | 7/21/2004 | 4.5 | Business Operations | Review of pension retirement information / due diligence Materials Received |
| Ritwik Chatterjee | 7/22/2004 | 5.0 | Business Operations | Meeting with Grace Management at Company HQ (including travel) |
| Ritwik Chatterjee | 7/22/2004 | 6.0 | Business Operations | Meeting with Grace Management at Company HQ (including travel) |
| Ritwik Chatterjee | 7/23/2004 | 2.8 | Business Operations | Review of Due Diligence Materials Received |
| Ritwik Chatterjee | 7/27/2004 | 4.0 | Business Operations | Review of Due Diligence Materials Received |
| Ritwik Chatterjee | 7/28/2004 | 5.0 | Business Operations | Review of Due Diligence Materials Received |
| Ritwik Chatterjee | 8/2/2004 | 2.3 | Business Operations | Review of News on Grace and Competitors |
| Ritwik Chatterjee | 8/3/2004 | 2.5 | Business Operations | Review of second quarter financial results |
| Ritwik Chatterjee | 8/3/2004 | 1.0 | Case Administration | Review of court docket |
| Ritwik Chatterjee | 8/5/2004 | 1.5 | Business Operations | Conference call with Company re: second quarter results |
| Ritwik Chatterjee | 8/6/2004 | 3.0 | Business Operations | Review of court docket; Review of general industry |
| Ritwik Chatterjee | 8/9/2004 | 2.8 | Business Operations | Review of Grace's 10-Q |
| Ritwik Chatterjee | 8/9/2004 | 3.8 | Business Operations | Review memos re: acquisitions and divestitures |
| Ritwik Chatterjee | 8/10/2004 | 1.3 | Business Operations | Review of Docket; Review of News on Grace and Competitors |
| Ritwik Chatterjee | 8/12/2004 | 1.0 | Business Operations | Conference call with Grace management re: acquisition & divestiture |
| Ritwik Chatterjee | 8/13/2004 | 4.0 | Valuation | Review of Comparable Companies |
| Ritwik Chatterjee | 8/16/2004 | 3.5 | Business Operations | Review of settlements concerning Sealed Air & Fresenius |
| Ritwik Chatterjee | 8/16/2004 | 0.3 | Business Operations | Review of Docket; Review of News on Grace and Competitors |
| Ritwik Chatterjee | 8/17/2004 | 2.8 | Business Operations | Assist in preparation of memo to counsel |
| Ritwik Chatterjee | 8/17/2004 | 5.5 | Valuation | Review of Comparable Companies |
| Ritwik Chatterjee | 8/18/2004 | 2.0 | Business Operations | Assist in preparation of memo to counsel |
| Ritwik Chatterjee | 8/18/2004 | 6.0 | Valuation | Review of Comparable Companies |
| Ritwik Chatterjee | 8/19/2004 | 0.5 | Business Operations | Review of Docket; Review of public information |
| Ritwik Chatterjee | 8/20/2004 | 4.3 | Valuation | Review of Comparable Companies |
| Ritwik Chatterjee | 8/20/2004 | 1.5 | Business Operations | Review of Docket; Review of public information |
| Ritwik Chatterjee | 8/30/2004 | 0.3 | Business Operations | Review of Docket; Review of public information |
| Ritwik Chatterjee | 8/30/2004 | 1.3 | Business Operations | Review of motion on Darex sale |
| Ritwik Chatterjee | 8/31/2004 | 6.0 | Business Operations | Review of due diligence materials |
| Ritwik Chatterjee | 9/1/2004 | 0.8 | Business Operations | Conference call with Company re: Darex sale / KWELMS settlement |
| Ritwik Chatterjee | 9/2/2004 | 4.0 | Business Operations | Meeting with L. Tersigni Regarding Sealed Air Settlement |
| Ritwik Chatterjee | 9/2/2004 | 5.0 | Valuation | Comparable companies and other financial analysis |
| Ritwik Chatterjee | 9/3/2004 | 3.0 | Business Operations | Review of monthly Operating Report |
| Ritwik Chatterjee | 9/3/2004 | 4.3 | Valuation | Comparable companies and other financial analysis |
| Ritwik Chatterjee | 9/6/2004 | 4.3 | Valuation | Comparable companies and other financial analysis |
| Ritwik Chatterjee | 9/7/2004 | 4.8 | Valuation | Comparable companies and other financial analysis |
| Ritwik Chatterjee | 9/7/2004 | 1.5 | Valuation | Meeting with FCR / Counsel re: Preliminary Valuation / Case Update |
| Ritwik Chatterjee | 9/9/2004 | 2.0 | Business Operations | Review industry research coverage |
| Ritwik Chatterjee | 9/10/2004 | 0.5 | Business Operations | Review industry research coverage |
| Ritwik Chatterjee | 9/14/2004 | 2.0 | Business Operations | Review of public information on Grace and general industry |
| Ritwik Chatterjee | 9/15/2004 | 2.8 | Business Operations | Review of public information on Grace and general industry |
| Ritwik Chatterjee | 9/16/2004 | 1.0 | Business Operations | Review of public information on Grace and general industry |
| Ritwik Chatterjee | 9/17/2004 | 0.8 | Business Operations | Review of public information on Grace and general industry |
| Ritwik Chatterjee | 9/20/2004 | 0.3 | Business Operations | Review of Docket; Review of News on Grace and Competitors |

| Professional | Date | Hours | Category | Description |
|---|---|---|---|---|
| Ritwik Chatterjee | 9/21/2004 | 3.0 | Business Operations | Assist in preparation of report to FCR |
| Ritwik Chatterjee | 9/22/2004 | 3.3 | Business Operations | Assist in preparation of report to FCR |
| Ritwik Chatterjee | 9/23/2004 | 3.0 | Business Operations | Assist in preparation of report to FCR |
| Ritwik Chatterjee | 9/23/2004 | 2.0 | Business Operations | Review of claims analysis |
| Ritwik Chatterjee | 9/24/2004 | 1.5 | Business Operations | Review of claims analysis |
| Ritwik Chatterjee | 9/27/2004 | 4.0 | Business Operations | Assist in preparation of report to FCR |
| Ritwik Chatterjee | 9/28/2004 | 4.3 | Business Operations | Assist in preparation of report to FCR |
| Ritwik Chatterjee | 9/30/2004 | 1.3 | Business Operations | Review industry research coverage |
| | **Subtotal:** | **185.0** | | |
| | | | | |
| Joseph Radecki | 7/2/2004 | 0.5 | Business Operations | Review of Alltech Acquisition with FCR Counsel |
| Joseph Radecki | 7/5/2004 | 5.5 | Business Operations | Prepare due diligence findings |
| Joseph Radecki | 7/6/2004 | 1.2 | Business Operations | Prepare due diligence findings |
| Joseph Radecki | 7/7/2004 | 1.0 | Business Operations | Review of Pension Contribution Motion |
| Joseph Radecki | 7/8/2004 | 3.0 | Business Operations | Discussions with FCR and Swidler |
| Joseph Radecki | 7/8/2004 | 6.0 | Travel Time | Discussions with FCR and Swidler |
| Joseph Radecki | 7/12/2004 | 1.3 | Business Operations | Prepare due diligence list for discussions with Blackstone |
| Joseph Radecki | 7/13/2004 | 0.5 | Business Operations | Due diligence |
| Joseph Radecki | 7/16/2004 | 1.5 | Business Operations | Due diligence |
| Joseph Radecki | 7/15/2004 | 4.5 | Business Operations | Review of Initial Due Diligence Materials Received from Grace |
| Joseph Radecki | 7/16/2004 | 3.0 | Business Operations | Review of Additional Requested Pension Diligence Materials |
| Joseph Radecki | 7/19/2004 | 0.8 | Business Operations | Call with Grace Management Re: Pension Contribution Motion |
| Joseph Radecki | 7/20/2004 | 0.5 | Business Operations | Review of Pension Motion with FCR's Counsel |
| Joseph Radecki | 7/22/2004 | 5.0 | Business Operations | Due Diligence Meeting with Grace Management |
| Joseph Radecki | 7/22/2004 | 6.0 | Travel Time | Due Diligence Meeting with Grace Management |
| Joseph Radecki | 7/28/2004 | 3.4 | Business Operations | Review of Due Diligence Materials Received |
| Joseph Radecki | 8/3/2004 | 2.3 | Business Operations | Review of Q2 Financial Briefing |
| Joseph Radecki | 8/5/2004 | 1.5 | Business Operations | Conference Call Re: Q2 2004 Results |
| Joseph Radecki | 8/10/2004 | 2.3 | Business Operations | Review of Grace's Filed 10-Q |
| Joseph Radecki | 8/11/2004 | 1.0 | Business Operations | Review of Information Provided on Proposed Acquisition / Divestiture |
| Joseph Radecki | 8/12/2004 | 3.0 | Business Operations | Review of Docket, Review of News on Grace and Competitors |
| Joseph Radecki | 8/12/2004 | 1.0 | Business Operations | Conference Call with Grace Management Re: Acquisition / Divestiture |
| Joseph Radecki | 8/13/2004 | 2.2 | Business Operations | Review Draft Memos on Acquisition / Divestiture Proposals |
| Joseph Radecki | 8/13/2004 | 1.0 | Business Operations | Conference Call with FCR's Counsel |
| Joseph Radecki | 8/16/2004 | 2.4 | Business Operations | Review of Sealed Air / Fresenius Settlements |
| Joseph Radecki | 8/16/2004 | 1.0 | Business Operations | Call with counsel to FCR |
| Joseph Radecki | 8/18/2004 | 2.5 | Valuation | Review of Comparable Companies |
| Joseph Radecki | 8/18/2004 | 1.1 | Business Operations | Call with counsel to FCR |
| Joseph Radecki | 8/19/2004 | 1.5 | Business Operations | Review Memos on Acquisition / Divestiture Proposal |
| Joseph Radecki | 8/23/2004 | 2.0 | Business Operations | Meeting with Blackstone re: Claims Analysis / Proposed Plan Treatment |
| Joseph Radecki | 8/23/2004 | 2.0 | Business Operations | Review of reclamation data |
| Joseph Radecki | 8/24/2004 | 0.5 | Business Operations | Review of Docket, Review of News on Grace and Competitors |
| Joseph Radecki | 8/24/2004 | 2.0 | Business Operations | Review of KWELMS Motion |
| Joseph Radecki | 8/27/2004 | 3.8 | Valuation | Reviewed Preliminary Valuation Analysis |
| Joseph Radecki | 8/30/2004 | 3.3 | Business Operations | Review of Darex Facility Sale Motion and due diligence materials |
| Joseph Radecki | 9/1/2004 | 0.8 | Business Operations | Conference Call Re: Darex Facility Sale / KWELMS Settlement |
| Joseph Radecki | 9/2/2004 | 4.0 | Business Operations | Meeting with L. Tersigni Regarding Sealed Air Settlement |
| Joseph Radecki | 9/3/2004 | 0.5 | Business Operations | Review of Draft Brief Prepared by FCR's Counsel |
| Joseph Radecki | 9/6/2004 | 1.8 | Business Operations | Review of Monthly Operating Report |
| Joseph Radecki | 9/7/2004 | 4.0 | Valuation | Meeting with FCR / Counsel re: Preliminary Valuation / Case Update |
| Joseph Radecki | 9/14/2004 | 2.0 | Business Operations | Review of Docket; Review of News on Grace and Competitors |
| Joseph Radecki | 9/15/2004 | 3.3 | Business Operations | Review of Docket, Review of News on Grace and Competitors |
| Joseph Radecki | 9/16/2004 | 2.8 | Business Operations | Review of Docket, Review of News on Grace and Competitors |
| Joseph Radecki | 9/20/2004 | 1.0 | Business Operations | Review of Docket, Review of News on Grace and Competitors |
| Joseph Radecki | 9/21/2004 | 2.0 | Business Operations | Review Report to FCR |
| Joseph Radecki | 9/22/2004 | 3.0 | Business Operations | Review Report to FCR |
| Joseph Radecki | 9/23/2004 | 2.0 | Business Operations | Review of Honeywell Settlement Motion |
| Joseph Radecki | 9/24/2004 | 2.0 | Business Operations | Review of Revised Claims Analysis |
| Joseph Radecki | 9/27/2004 | 6.5 | Business Operations | Hearing regarding retention |
| Joseph Radecki | 9/27/2004 | 6.0 | Travel Time | Hearing regarding retention |
| Joseph Radecki | 9/28/2004 | 0.8 | Business Operations | Discussion with Blackstone Regarding Revised Claims Analysis |
| | **Subtotal:** | **122.3** | | |

| Professional | Date | Hours | Category | Description |
|---|---|---|---|---|
| Scott Sozio | 7/15/2004 | 4.8 | Business Operations | Review of due diligence materials received from Grace |
| Scott Sozio | 7/16/2004 | 3.3 | Business Operations | Review of due diligence materials received from Grace |
| Scott Sozio | 7/19/2004 | 0.8 | Business Operations | Call with Grace Management Re: Pension Contribution Motion |
| Scott Sozio | 7/20/2004 | 4.5 | Business Operations | Review of due diligence materials received from Grace |
| Scott Sozio | 7/21/2004 | 3.7 | Business Operations | Review of due diligence materials received from Grace |
| Scott Sozio | 8/4/2004 | 3.8 | Business Operations | Review of due diligence materials received from Grace |
| Scott Sozio | 8/5/2004 | 1.5 | Business Operations | Conference call with Company re: second quarter results |
| Scott Sozio | 8/9/2004 | 2.5 | Business Operations | Review memos re: acquisitions and divestitures |
| Scott Sozio | 8/12/2004 | 1.0 | Business Operations | Conference call with Grace management re: acquisition & divestiture |
| Scott Sozio | 8/17/2004 | 5.2 | Valuation | Review of Comparable Companies |
| Scott Sozio | 8/18/2004 | 5.8 | Valuation | Review of Comparable Companies |
| Scott Sozio | 8/19/2004 | 3.7 | Valuation | Review of Comparable Companies |
| Scott Sozio | 8/20/2004 | 4.9 | Valuation | Review of Comparable Companies |
| Scott Sozio | 8/25/2004 | 3.0 | Business Operations | Review of due diligence materials received from Grace |
| Scott Sozio | 8/27/2004 | 2.1 | Business Operations | Review of due diligence materials received from Grace |
| Scott Sozio | 8/30/2004 | 3.5 | Valuation | Review of Comparable Companies |
| Scott Sozio | 8/31/2004 | 1.8 | Valuation | Review of Comparable Companies |
| Scott Sozio | 9/1/2004 | 0.8 | Business Operations | Conference call with Company re: Darex sale / KWELMS settlement |
| Scott Sozio | 9/2/2004 | 2.2 | Valuation | Comparable companies and other financial analysis |
| Scott Sozio | 9/3/2004 | 1.9 | Business Operations | Review of monthly Operating Report |
| Scott Sozio | 9/7/2004 | 3.6 | Valuation | Comparable companies and other financial analysis |
| Scott Sozio | 9/21/2004 | 4.6 | Business Operations | Assist in preparation of report to FCR |
| Scott Sozio | 9/22/2004 | 0.5 | Business Operations | Assist in preparation of report to FCR |
| Scott Sozio | 9/23/2004 | 1.6 | Business Operations | Assist in preparation of report to FCR |
| Scott Sozio | 9/23/2004 | 6.0 | Business Operations | Assist in preparation of report to FCR |
| Scott Sozio | 9/24/2004 | 5.3 | Business Operations | Assist in preparation of report to FCR |
| Scott Sozio | 9/27/2004 | 2.2 | Business Operations | Assist in preparation of report to FCR |
| Scott Sozio | 9/28/2004 | 2.9 | Business Operations | Assist in preparation of report to FCR |
| Scott Sozio | 9/29/2004 | 5.8 | Business Operations | Assist in preparation of report to FCR |
| Scott Sozio | 9/30/2004 | 3.7 | Business Operations | Assist in preparation of report to FCR |
|  |  | **Subtotal:** 96.9 |  |  |
|  |  |  |  |  |
| Tim Wilding | 7/1/2004 | 4.9 | Business Operations | Review of Alltech Acquisition / Due Diligence Documents |
| Tim Wilding | 7/16/2004 | 3.4 | Business Operations | Review of Alltech Acquisition / Due Diligence Documents |
| Tim Wilding | 7/19/2004 | 5.3 | Business Operations | Review of Alltech Acquisition / Due Diligence Documents |
|  |  | **Subtotal:** 13.6 |  |  |
|  |  |  |  |  |
| Peter Williams | 7/1/2004 | 5.6 | Business Operations | Review of Alltech Acquisition / Due Diligence Documents |
| Peter Williams | 7/15/2004 | 4.6 | Business Operations | Review of due diligence materials received from Grace |
| Peter Williams | 7/22/2004 | 5.0 | Business Operations | Due Diligence Meeting with Grace Management |
| Peter Williams | 7/22/2004 | 6.0 | Travel Time | Due Diligence Meeting with Grace Management |
| Peter Williams | 9/7/2004 | 2.5 | Valuation | Review of comparable companies and other financial analysis |
| Peter Williams | 9/21/2004 | 2.0 | Business Operations | Assist in preparation of report to FCR |
| Peter Williams | 9/22/2004 | 1.6 | Business Operations | Assist in preparation of report to FCR |
| Peter Williams | 9/23/2004 | 3.9 | Business Operations | Assist in preparation of report to FCR |
| Peter Williams | 9/23/2004 | 4.0 | Business Operations | Assist in preparation of report to FCR |
| Peter Williams | 9/24/2004 | 3.7 | Business Operations | Assist in preparation of report to FCR |
|  |  | **Subtotal:** 38.9 |  |  |
|  |  |  |  |  |
|  |  | **Total:** 592.2 |  |  |

# EXHIBIT B

**<u>W.R. Grace & Co.</u>**
**<u>CIBC Expense Detail Report (July 1, 2004 – September 30, 2004)</u>**
**<u>(with date expense was posted)</u>**

## JULY

**Air fare**

| | | |
|---|---|---|
| Jonathan  Brownstein | 7/06/04 * | 242.35 |
| Jonathan Brownstein | 7/29/04 ** | 242.35 |
| Jonathan  Brownstein | 7/29/04 *** | 673.20 |
| | **Subtotal Air fare:** | **$1,157.90** |

**Transportation**

| | | |
|---|---|---|
| Jonathan Brownstein (taxi) | 7/06/04 * | 9.00 |
| Jonathan Brownstein (taxi) | 7/29/04 ** | 18.00 |
| | **Subtotal Transportation:** | **$   27.00** |

**Messenger**

| | | |
|---|---|---|
| United Parcel Service | 7/16/04 | 25.90 |
| | **Subtotal Messenger:** | **$  25.90** |

**Research**

| | | |
|---|---|---|
| Pacer Service Center | 7/26/04 | 58.80 |
| | **Subtotal Research:** | **$  58.80** |
| | **TOTAL EXPENSES:** | **$1,269.60** |

\*  **For travel on June 4, 2004**
\*\*  **For travel on July 8, 2004**
\*\*\*  **For travel on July 22, 2004**

## AUGUST

**Air fare**

| | | |
|---|---|---|
| Joseph Radecki | 8/04/04 ** | 673.20 |
| Joseph Radecki | 8/04/04 * | 242.35 |
| Ritwik Chatterjee | 8/10/04 ** | 673.20 |
| **Subtotal Air fare:** | | **$1,588.75** |

**Transportation**

| | | |
|---|---|---|
| Joseph Radecki (car rental) | 8/04/04 ** | 65.57 |
| Joseph Radecki (taxi) | 8/04/04 * | 151.20 |
| Joseph Radecki (taxi) | 8/04/04 ** | 250.60 |
| **Subtotal Transportation:** | | **$  467.37** |

**Telephone**

| | | |
|---|---|---|
| Joseph Radecki | 8/04/04 | 45.66 |
| Joseph Radecki | 8/20/04 | 5.38 |
| **Subtotal Telephone:** | | **$  51.04** |

**Research**

| | | |
|---|---|---|
| Dow Jones Reuters Business | 8/16/04 | 82.40 |
| **Subtotal Research:** | | **$  82.40** |

| | |
|---|---|
| **TOTAL EXPENSES:** | **$2,189.56** |

\* **For travel on July 8, 2004**
\*\* **For travel on July 22, 2004**

**SEPTEMBER**

**<u>Meals</u>**

| | | |
|---|---|---|
| Meeting Catering | 9/28/04 | <u>86.03</u> |
| **Subtotal Meals:** | | **$ 86.03** |

**<u>Transportation</u>**

| | | |
|---|---|---|
| Ritwik Chatterjee (train) | 9/16/04 * | <u>35.00</u> |
| **Subtotal Transportation:** | | **$ 35.00** |

**TOTAL EXPENSES:**                    <u>**$121.03**</u>

**\* For travel on September 2, 2004**

# EXHIBIT C

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:                                          )
                                                )       Chapter 11
W.R. GRACE & CO., et al.                        )       Case No. 01-01139 (JKF)
                                                )       (Jointly Administered)
                                                )       Ref. Docket Nos. 5833, 5950, 5979,
                          Debtors.              )                    5981 & 6208
                                                )       9/27/04 agendas

ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF
CIBC WORLD MARKETS CORP. AS FINANCIAL ADVISOR TO
DAVID T. AUSTERN, FUTURE CLAIMANTS' REPRESENTATIVE

Upon the application (the "Application") of David T. Austern, Future Claimants'

Representative ("Future Claimants' Representative") in the above-captioned chapter 11 cases of

W.R. Grace & Co. and its affiliates (collectively, the "Debtors"), seeking entry of an Order under

section 1103(a) of the Bankruptcy Code authorizing the Future Claimants' Representative to

employ and retain CIBC World Markets Corp. ("CIBC") as his financial advisor; and the Court

having reviewed the Application and the accompanying Declaration of Joseph J. Radecki, Jr. (the

"Radecki Declaration"), a Managing Director of CIBC; and the Court being satisfied from the

Radecki Declaration that CIBC neither holds nor represents any interest adverse to the Future

Claimants' Representative on the matters upon which CIBC is to be engaged; and it appearing

that the relief requested is in the best interests of the Future Claimants' Representative and the

Debtors' estates, their creditors and other parties-in-interest; and it appearing that this proceeding

is a core proceeding pursuant to 28 U.S.C. § 158(a); and it appearing that notice of the

Application was good and sufficient under the particular circumstances and that no other or

further notice need be given and upon the record herein; and it further appearing that the terms

and conditions of CIBC's employment as further described in the Application and the Radecki

Declaration are reasonable and necessary; it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1.    The Application be, and it hereby is, approved;

2.    Pursuant to section 1103(a) of the Bankruptcy Code and the May 24, 2004 Order appointing David T. Austern as the Future Claimants' Representative [Docket No. 5645], the Future Claimants' Representative be, and he hereby is, authorized to employ and retain CIBC as financial advisor effective as of June 4, 2004, upon the terms, and to perform the services, set forth in the Application and the Radecki Declaration, so long as David T. Austern serves as the legal representative for individuals who may assert asbestos-related claims and/or demands in the future against the Debtors;

3.    The indemnification provisions set forth in the engagement letter between the Future Claimants' Representative and CIBC, attached to the Radecki Declaration as Exhibit 1, including Annex A thereto (the "Engagement Agreement"), are incorporated by reference and are hereby approved;

4.    CIBC shall be compensated in accordance with the terms of the Engagement Agreement and section 328(a) of the Bankruptcy Code, subject to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and as may be fixed by order of this Court, including the Administrative Compensation Order(s) entered in these cases; and

5.    The fees and expenses of CIBC allowed by the Court shall be an administrative expenses of the Debtors' estates.

Dated: _____9/27____, 2004

_____
The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

2

91561l0v1

THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**<u>AFFIDAVIT</u>**

| | |
|---|---|
| STATE OF NEW YORK | ) |
| | ) ss.: |
| COUNTY OF NEW YORK | ) |

Joseph J. Radecki Jr. being duly sworn, deposes and says:

1.     I am a managing director of CIBC World Markets Corp. ("CIBC"), Financial Advisor to David T. Austern, the Future Claimants' Representative in the above captioned case.

2.     No agreement or understanding in any form or guise exists between CIBC and any other person for a division of compensation for services rendered in or in connection with this proceeding, and that no such division of compensation prohibited by §504 of the Bankruptcy Code will be made by CIBC, except with employees of CIBC.

3.     I hereby state, in accordance with §504 of the Bankruptcy Code, that CIBC has not entered into any agreement, express or implied, with any other party in interest, including the Debtors herein, any creditor or the representative of any of them, or with any attorney for such party in interest in the proceeding, for the purpose of fixing the amount of any of the fees or other compensation to be allowed out of or paid from the assets of the estate to any party in interest in the within proceeding for services rendered in connection herewith.

4.      I have reviewed the Second Quarterly Interim Application of CIBC World Markets Corp. for the time period July 1, 2004 through September 30, 2004 and state that the information set forth therein is true and correct to the best of my knowledge, information and belief.

_____

Joseph J. Radecki, Jr.

Sworn to and subscribed before me

this ____ day of November, 2004

_____

My commission expires:



**THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

**ORDER GRANTING SECOND QUARTERLY INTERIM APPLICATION OF CIBC WORLD MARKETS CORP. FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR JULY 1, 2004 THROUGH SEPTEMBER 30, 2004**

CIBC World Markets Corp. ("CIBC"), as financial advisor to the captioned debtors and debtors-in-possession (the "Debtors"), filed its Second Quarterly Interim Application for allowance of compensation and reimbursement of expenses for July 1, 2004 through September 30, 2004 (the "Second Quarterly Application"). The Court has reviewed the Second Quarterly Application and finds that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 157 and 1334; and (b) notice of the Second Quarterly Application, and any hearing on the Second Quarterly Application, was adequate under the circumstances; and (c) all persons with standing have been afforded the opportunity to be heard on the Second Quarterly Application. Accordingly, it is hereby ORDERED that the Second Quarterly Application of CIBC is GRANTED on an interim basis. The Debtors shall pay to CIBC the sum of $450,000.00 as compensation and $3,580.19 as reimbursement for expenses for a total of $453,580.19 for services rendered and disbursements incurred by CIBC for the period July 1, 2004 through September 30, 2004, less any amounts which may have been previously paid in connection with the monthly fee applications.

Dated: _____

_____
United States Bankruptcy Judge

## CERTIFICATE OF SERVICE

I, DEBRA O. FULLEM, do hereby certify that I am over the age of 18, and that on November 15, 2004, I caused the *Notice, Second Quarterly Application of CIBC World Markets Corp. to David T. Austern, Future Claimants' Representative for Compensation for Services Rendered and Reimbursement of Expenses for the time period July 1, 2004 through September 30, 2004, Affidavit and Exhibits A-C,* to be served upon those persons as shown on the attached Service List in the manner set forth therein.

Under penalty of perjury, I certify the foregoing to be true and correct.

*Debra O Fullem*

Debra O. Fullem, Senior Legal Assistant
Swidler Berlin Shereff Friedman, LLP

## SERVICE LIST

**Federal Express**
Laura Davis Jones, Esquire
David W. Carickhoff, Jr., Esquire
Pachulski, Stang, Ziehl, Young & Jones P.C.
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE  19899-8705

**Regular Mail**
Vito I. DiMaio
Parcels, Inc.
10th & King Streets
P.O. Box 27
Wilmington, DE  19899


**Federal Express**

Frank J. Perch, Esquire
Office of the United States Trustee
844 King Street, Room 2311
Wilmington, DE  19801

**Federal Express and Email: feeaudit@whsmithlaw.com**
Warren H. Smith
Warren H. Smith & Associates
Republic Center
325 N. St. Paul
Suite 1275
Dallas, TX  75201

**Federal Express and E-mail: william.sparks@grace.com**
(W.R. Grace & Co.)
David B. Siegel
W.R. Grace and Co.
7500 Grace Drive
Columbia, MD  21044

**E-mail: syoder@bayardfirm.com**
(Local Counsel to DIP Lender)
Steven M. Yoder, Esquire
The Bayard Firm

*E-mail: meskin@del.camlev.com*
(Local Counsel to Asbestos Claimants)
Marla Eskin, Esquire
Campbell & Levine, LLC


*E-mail: ttacconelli@ferryjoseph.com*
(Counsel for Property Damage Claimants)
Theodore Tacconelli, Esquire
Ferry & Joseph, P.A.


*E-mail: mlastowski@duanemorris.com*
(Counsel to Official Committee of Unsecured Creditors)
Michael R. Lastowski, Esquire
Duane, Morris & Heckscher LLP


*E-mail: currier@klettrooney.com*
(Counsel for Official Committee of Equity Holders)
Teresa K.D.Currier, Esquire
Klett Rooney Lieber & Schorling


*E-mail: james_kapp@chicago.kirkland.com*
(Counsel to Debtor)
James H.M. Sprayregen, P.C.
James Kapp, III, Esquire
Kirkland & Ellis


*E-mail: pvnl@capdale.com*
(Official Committee of Personal Injury Claimants)
Elihu Inselbuch, Esquire
Caplin & Drysdale, Chartered


*E-mail: rserrette@stroock.com*
(Official Committee of Unsecured Creditors)
Lewis Kruger, Esquire
Stroock & Stroock & Lavan LLP

**E-mail: jsakalo@bilzin.com**
(Official Committee of Property Damage Claimants)
Scott L. Baena, Esquire
Bilzin Sumberg Dunn Baena Price & Axelrod LLP


**E-mail: david.heller@lw.com and carol.hennessey@lw.com**
(Counsel to DIP Lender)
J. Douglas Bacon, Esquire
Latham & Watkins


**E-mail: pbentley@kramerlevin.com**
(Counsel to Official Committee of Equity Holders)
Philip Bentley, Esquire
Kramer Levin Naftalis & Frankel LLP

9181695v1