## THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **W.R. GRACE & CO., <u>et</u> <u>al</u>.,** | ) | **Case No. 01-01139 (JKF)** |
| | ) | |
| | ) | **(Jointly Administered)** |
| **Debtors.** | ) | |

## TENTH QUARTERLY INTERIM FEE APPLICATION OF THE BLACKSTONE GROUP L.P., AS FINANCIAL ADVISOR TO W.R. GRACE & CO. AND AFFILIATES FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD OF <u>JULY 1, 2004 THROUGH SEPTEMBER 30, 2004</u>

### <u>SUMMARY SHEET</u>

Name of Applicant:                                   The Blackstone Group L.P.

Authorized to Provide
Professional Services to:                            Debtors

Date of Retention:                                   June 22, 2001, effective April 2, 2001

Period for which compensation and
reimbursement is sought:                             July 1, 2004 through September 30, 2004

Amount of Compensation
sought as actual, reasonable and necessary:     $525,000.00

Amount of Expense Reimbursement
sought as actual, reasonable and necessary:     $22,158.70

This is a        __ monthly           _x_ interim            ___ final application

**CUMULATIVE SUMMARY OF MONTHLY APPLICATIONS OF
THE BLACKSTONE GROUP L.P., AS FINANCIAL ADVISOR TO
W.R. GRACE & CO. AND AFFILIATES FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES INCURRED DURING
THE PERIOD OF JULY 1, 2004 TO SEPTEMBER 30, 2004**

| Fee Application, Filing Date, Docket No. (if available) | Total Fees Requested | Total Expenses Requested | Certification of No Objection Filing Date, Docket No. | Amount of Fees Paid (80%) | Amount of Expenses Paid (100%) | Amount of Holdback Fees Sought |
|---|---|---|---|---|---|---|
| 07/01/2004 - 07/31/2004 | 175,000.00 | 9,017.45 | NA | 0.00 | 0.00 | 0.00 |
| 08/01/2004 - 08/31/2004 | 175,000.00 | 6,104.23 | NA | 0.00 | 0.00 | 0.00 |
| 09/01/2004 – 09/30/2004 | 175,000.00 | 7,037.02 | NA | 0.00 | 0.00 | 0.00 |
| **Total** | **$525,000.00** | **$22,158.70** | | **$0.00** | **$0.00** | **$0.00** |

**CUMULATIVE COMPENSATION SUMMARY BY PROJECT CATEGORY**

| Project Category | Total Hours for the Interim Period | Total Fees for the Interim Periods[1] | Total Fees from the Petition Date[2] |
|---|---|---|---|
| Accounting/Auditing | 0.0 | NA | NA |
| Asset Dispositions | 1.5 | NA | NA |
| Business Analysis | 20.0 | NA | NA |
| Case Administration | 18.0 | NA | NA |
| Claims Analysis | 0.0 | NA | NA |
| Committee | 73.3 | NA | NA |
| Corporate Finance | 0.0 | NA | NA |
| Employment Applications | 0.0 | NA | NA |
| Employee Benefits | 21.0 | NA | NA |
| Fee Applications | 0.0 | NA | NA |
| Financing | 0.0 | NA | NA |
| Hearings | 8.3 | NA | NA |
| Non-Working Travel Time | 14.0 | NA | NA |
| Other | 0.0 | NA | NA |
| Plan & Disclosure Statement | 579.3 | NA | NA |
| Tax Issues | 37.8 | NA | NA |
| Valuation | 97.0 | NA | NA |

**CUMULATIVE EXPENSE SUMMARY ($)**

| Expense Categories | Total Expenses for the Interim Period | Total Expenses from the Petition date |
|---|---|---|
| Airfare/Railroad/Ground Transportation | $10,756.60 | $42,315.99 |
| Meals and Lodging | 2,346.62 | 15,676.66 |
| Research | 4,829.12 | 19,881.72 |
| Communications | 4,030.01 | 6,664.13 |
| Word Processing | 0.00 | 15,374.94 |
| Photocopying | 196.35 | 8,589.80 |
| Other | 0.00 | 3,342.14 |

---

[1] Blackstone does not bill by the hour; therefore, a calculation of total fees by hour, by category is not applicable.

## THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **W.R. GRACE & CO., et al.,** | ) | **Case No. 01-01139 (JKF)** |
| | ) | |
| | ) | **(Jointly Administered)** |
| **Debtors.** | ) | |

## TENTH QUARTERLY INTERIM FEE APPLICATION OF THE BLACKSTONE GROUP L.P., AS FINANCIAL ADVISOR TO W.R. GRACE & CO. AND AFFILIATES FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD OF JULY 1, 2004 THROUGH SEPTEMBER 30, 2004

Pursuant to 11 U.S.C. §§ 330 and 331 of title 11 of the United States Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure, Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, the Retention Order (as defined herein), and this Court's *Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members* ("Procedures"), The Blackstone Group L.P. ("Blackstone") hereby submits this tenth quarterly interim application (the "Tenth Quarterly Interim Application") for allowance of (i) compensation for actual and necessary professional services rendered by it as financial advisor to the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for the period of July 1, 2004 through September 30, 2004 (the "Tenth Interim Period), and (ii) the reimbursement of expenses recorded in providing said services during the Tenth Interim Period.

In support of this Tenth Quarterly Interim Application, Blackstone respectfully represents as follows:

## I. <u>Jurisdiction</u>

1.   This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## II. <u>Background</u>

2.   Blackstone is financial advisor to the Debtors.

3.   On April 2, 2001 (the "Petition Date"), the Debtors filed a voluntary petition for reorganization under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (as amended, the "Bankruptcy Code").  The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.   On April 2, 2001, the Debtors applied to this Court for an order authorizing them to retain Blackstone pursuant to an engagement agreement dated February 15, 2001 (the "Engagement Agreement") as their financial advisor, effective as of the Petition Date.

5.   On June 22, 2001, this Court entered an order (the "Retention Order") authorizing the Debtors to employ Blackstone as their financial advisor effective as of the Petition Date pursuant to the terms of the Engagement Agreement.

## III. <u>Narrative Description of Blackstone's Activities During the Tenth Interim Period</u>

6.   The financial services provided by Blackstone to the Debtors during the Tenth Interim Period included:

> a)   Advising the Debtors with respect to preparing a Plan of Reorganization, including the following:
>
> > i)   Developing and updating an operating and POR model, incorporating the Debtors' financial results and projections;
> >
> > ii)   Analyzing the financial implications of various Plan alternatives, including the effects of such alternatives on the reorganized Debtors' cash flows;

iii)    Analyzing anticipated tax effects of various Plan alternatives;

iv)    Attending meetings and conference calls with the Debtors and legal counsel with respect to a Plan;

v)    Performing due diligence on filed claims and estimating allowed claims;

vi)    Analyzing the treatment of claims – including employee claims, environmental claims, tax claims, other administrative and priority claims, general unsecured claims, asbestos claims and equity interests – under various Plan alternatives;

vii)    Assisting legal counsel in their evaluation of claims;

viii)    Researching exit financing, including the potential issuance of various new securities and other potential capital raising activities in connection with a Plan;

ix)    Preparing valuations of the Debtors for a Plan;

x)    Preparing financial exhibits for a Plan, including a Best Interests Analysis and Financial Projections; and

xi)    Providing other strategic advice as requested, including organizing weekly strategy meetings and coordinating with management and legal counsel;

b)  Interfacing with the key creditor constituents (including the Official Committee of Unsecured Creditors, the Bodily Injury Asbestos Committee, the Property Damage Asbestos Committee, the Future Claims Representative and the Equity Committee, as well as their respective legal and financial advisors) related to the following:

i)    Responding to due diligence requests by key creditor constituents about claims, financial results and other Court motions, including attending in-person due diligence meetings;

ii)    Negotiating with key creditor constituents regarding proposed treatment under a Plan; and

iii)    Assisting key creditor constituents with inter-creditor issues;

c)  Advising the Debtors with respect to several Court motions, including for two business acquisitions, one divestment, an insurance settlement, pension funding and to provide certain severance arrangements.

d)  Attending a meeting of the Board of Directors; and

e)  Providing strategic and business advice in connection with the bankruptcy.

**IV. <u>Blackstone's Request for Compensation and Reimbursement of Expenses</u>**

7.   Pursuant to the Procedures, professionals may request monthly compensation and the reimbursement of expenses incurred.  The notice parties listed in the Procedures may object to such a request.  If no notice party objects to a professional's request within twenty (20) days after the date of service of the request, the applicable professional may submit to this Court a certification of no objection whereupon the Debtors are authorized to pay 80% of the fees and 100% of the expenses requested.

8.   Furthermore, and also pursuant to the Procedures, professionals are to file with this Court and serve upon the notice parties a quarterly request (the "Quarterly Interim Application") for interim approval and allowance of the monthly fee applications filed during the quarter covered by the Quarterly Interim Application.  If this Court grants the relief requested in the Quarterly Interim Application, the Debtors are authorized and directed to pay the professional 100% of the fees and expenses requested in the monthly fee applications covered by that Quarterly Interim Application less any amounts previously paid in connection with the monthly fee applications.  Any payment made pursuant to the monthly fee applications or the Quarterly Interim Application is subject to final approval of all fees and expenses at a hearing on the professional's final fee application.

**A. Blackstone's Request for Compensation**

9.   With this Tenth Quarterly Interim Application, Blackstone seeks interim allowance of compensation in the amount of $525,000.00 for the period of July 1, 2004 through September 30, 2004.  Blackstone has filed a cumulative (monthly) fee application pertaining to the Tenth Interim Period contemporaneously with the filing of its Tenth Quarterly Interim Application.  Copies of Blackstone's invoices pertaining to the Tenth Interim Period are attached hereto as

Exhibit A.  As of the date of this Tenth Quarterly Interim Application, Blackstone has not received payment from the Debtors in connection with the cumulative (monthly) fee application pertaining to the Tenth Interim Period.

**B. Blackstone's Request for Reimbursement of Expenses**

10. During the Tenth Interim Period, Blackstone has recorded expenses in the amount of $22,158.70.  The details of these expenses are attached hereto as Exhibit A.  Railroad charges are incurred solely in connection with traveling to and from a site to attend a meeting with the Debtors' management.  Car Services charges are for transportation provided by a car service company in New York as opposed to a yellow cab and are billed directly form the car service company and allocated to a client based on the client code provided at the time of the transportation.  These charges generally are the expense for transportation to and from an airport, railroad station, place of work to home and exclusively cover charges for transportation in New York.

11.  Local Travel is primarily for cash out-of-pocket transportation expenses incurred either (i) in New York traveling to and from meetings related to the client's matter, traveling to/from home/office prior to normal working hours or after 8:00 pm, and the employee has traveled at those times as a result of the time exigencies of that client's matter or (ii) at the site of a meeting.

12. Meal Expenses include employee meals while traveling on client matters and in accordance with the restrictions set forth below and meals provided during meetings with the Debtors, committees and their advisors.  Blackstone's general policy permits its employees to bill lunch or dinner meals to a client if the employee is required to provide services to the client during such meal time due to extreme time constraints.  Blackstone employees are permitted to

order meals in the office if the employee is required to work on client related matters after 8:00p.m.  Blackstone caps its meal expenses at $25 per meal.

## V. **Requested Relief**

13. With this Tenth Quarterly Interim Application, Blackstone requests that this Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses recorded by Blackstone during the Interim Period.  At all relevant times, Blackstone has been a disinterested person as that term is defined in § 101(14) of the Bankruptcy Code and has not represented or held an interest adverse to the interest of the Debtors.

14. All services for which Blackstone is requesting compensation were performed for or on behalf of the Debtors and not on behalf of any committee, creditor, or other person.

15. During the Interim Period, Blackstone has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the Debtors' cases.

**WHEREFORE**, Blackstone respectfully requests that this Court enter an order, substantially in the form attached hereto, providing that, for the period of July 1, 2004 through September 30, 2004, an allowance be made to Blackstone in the sum of $525,000.00 as compensation for reasonable and necessary professional services rendered to the Debtors and in the sum of $22,158.70 for reimbursement of actual and necessary costs and expenses incurred, for a total of $547,158.70 and that the Debtors be authorized and directed to pay to Blackstone the outstanding amount of such sums; and for such other and further relief as this Court deems proper.

Dated: November 15, 2004

                                          The Blackstone Group L.P.
                                          Financial Advisor to W.R. Grace &
                                          Co.

                                          By: *Pamela D Zilly*
                                          Pamela D. Zilly
                                          Senior Managing Director
                                          345 Park Avenue
                                          New York, NY 10154
                                          (212) 583-5000
                                          (212) 583-5707 (fax)

## THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **W.R. GRACE & CO., et al.,** | ) | **Case No. 01-01139 (JKF)** |
| | ) | |
| | ) | **(Jointly Administered)** |
| Debtors. | ) | |

## <u>AFFIDAVIT</u>

STATE OF NEW YORK    )
                                ) ss.:
COUNTY OF NEW YORK )

Pamela D. Zilly being duly sworn, deposes and says:

1. I am a Senior Managing Director of the firm of The Blackstone Group L.P. ("Blackstone"), which firm maintains offices for providing financial advisory services at 345 Park Avenue, New York, New York 10154.    Blackstone is acting as financial advisor for the above-captioned debtors and debtors in possession (collectively, the "Debtors") in the captioned case.

2. This affidavit is submitted pursuant to Delaware Bankruptcy Local Rule 2016-2 in connection with Blackstone's Tenth Quarterly Interim Application for allowance of (i) compensation for services rendered to the Debtors for the period of July 1, 2004 through September 30, 2004 (the "Tenth Interim Period") in the amount of $525,000.00; and (ii) the reimbursement of expenses recorded during the Tenth Interim Period in the amount of $22,158.70.

3. All of the services for which Blackstone seeks compensation were performed for and on behalf of the Debtors and not on behalf of any other person or stakeholder.

4.  No agreement or understanding exists between Blackstone and any other entity for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

5.  I have reviewed and I understand the requirements of Delaware Bankruptcy Local Rule 2016-2 and I believe that this Tenth Quarterly Interim Application fully complies with all provisions contained in said Order.

By: _Pamela D Zilly_

Pamela D. Zilly
Senior Managing Director

Sworn to before me this
/5/ day of November 2004

_Notary Public_

ADELE D ALONSO
Notary Public - State of New York
NO. 01AL4965431
Qualified in Kings County
My Commission Expires Apr 23, 20__

2