# EXHIBIT B

04/01/2004 10:52    7135719505                SHRADER WILLIAMSON                    PAGE 03/99

**FILED**

CAUSE NO. 22045-02

| | | |
|---|---|---|
| KENNETH MADDEN AND JUANITA MADDEN | § § § § | IN THE DISTRICT COURT OF MAR 3 1 2004 |
| | § § | BRAZORIA COUNTY, TEXAS JERRY DEERE |
| VS. | § § | By_____ DEPUTY |
| AMETEK, INC., ET AL | § | IN THE 23rd JUDICIAL DISTRICT |

### PLAINTIFFS' KENNETH MADDEN and JUANITA MADDEN RESPONSE TO DEFENDANT, SCOTTS COMPANY'S "NO EVIDENCE" MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Plaintiffs, KENNETH MADDEN AND JUANITA MADDEN who file this response to Scotts Company's No Evidence Motion for Summary Judgment and would respectfully show the court the following:

I.

### INTRODUCTION

1. This case arises out of asbestos exposure to Kenneth Madden from Scotts Company's and other defendants' products that contained asbestos. As a result of this exposure, Mr. Madden contracted mesothelioma, a terminal rare type of cancer. Defendant, Scotts Company, has filed a "No Evidence" Motion for Summary Judgment on the basis that the there is no evidence the Plaintiff has been injured by any Scotts Company product.

2. Scotts Company manufactured fertilizer and other home garden products that contained vermiculite mined by W.R. Grace in Libby Montana. That vermiculite was contaminated with asbestos. Mr. Madden used Scotts Company's products for his

Response to Scotts MSJ 03-31-04                    1

own lawn from the 1950's until the 1990's. The Plaintiff has provided sufficient evidence to defeat the Defendant's Motion attached hereto as Exhibits 1-7. The following will establish the legal basis and factual evidence in support of Plaintiff's response.

## II.
## LAW OF "NO EVIDENCE" MOTION

3.  A "no evidence" motion for summary judgment "authorizes a motion for summary judgment based on the assertion that, after adequate opportunity for discovery, there is no evidence to support one or more specified elements of an adverse party's claim or defense." Comment to Tex.R.Civ.P. 166(a)(i). The comment continues as follows: "To defeat a motion made under paragraph (i), the respondent <u>is not required to marshall its proof; its response need only point out evidence that raises a fact issue on the challenged elements</u>." *Id.* emphasis added.

4.  The law also makes it clear that the trial court must resolve all reasonable doubts about the facts in favor of the non-movant. *Lehrer v. Zwernemann*, 14 S.W. 3d 775, 777 (Tex.App. -- Houston [1st Dist.] 2000, pet. denied). Respondent need only present a scintilla (defined by Webster's Dictionary as a "trace") of evidence. *Macias v. Fiesta Mart, Inc.*, 988 S.W.2d 316, 317 (Tex.App.-Houston [1st Dist.] 1999, n.p.h). The trial court must resolve all reasonable doubts about the facts in favor of the non-movant, must assume that all the non-movant's proof is true, and must indulge every reasonable inference in favor of the non-movant. *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 912 (Tex. 1997).

2

5.  Every reasonable inference must be indulged in favor of the non-movant and any doubt resolved in favor of the non-movant. *Nixon v. Property Management Company*, 690 S.W. 2d 546, 548-549 (Tex. 1985). *Turboff v. Gertner, Aron and Ledet*, 763 S.W.2d 827, 829 (Tex. Ct. App.–Houston, [14th Dist.] 1988, writ den'd). The court must deny a "no evidence" summary judgment where the respondent brings more than a scintilla of probative evidence which raises a genuine issue of fact. *Zapata v. Children's Clinic* 997 S.W.2d 745, 747 (Tex. App-Corpus Christi 1999, pet denied). When the evidence creates a probability that reasonable and fair minded people could differ in the conclusions reached from that evidence, is more than a scintilla of evidence. *Id.*

### III.

### PLAINTIFF WAS EXPOSED TO SCOTT'S COMPANY PRODUCTS

6.  Kenneth Madden took care of his own lawn for a period of over 40 years. During that time he personally used Scott's "Turfbuilder" and "Weed and Feed" on his own lawn. These facts are testified to in Exhibit 1, Mr. Madden's affidavit. Mr. Madden has also testified that the products were in bags and had the "Scotts" name on the bag' He used a lot of the products each year. He also has stated that during the use of these products, he was exposed to a lot of "dust" and breathed in this dust. He did not wear any type of respiratory protection during this time. It is undisputed that Mr. Madden has been diagnosed with mesothelioma and that disease was caused by asbestos exposure. (See Exhibit 2, pathology report)

3

## IV

## EVIDENCE OF SCOTTS COMPANY'S LIABILITY

**Scotts' Products**

7.     Scotts Company is a company founded in 1868 in Ohio that established a market for lawn care and garden products. Scotts currently controls 62% of the U.S. market for fertilizers and 59% of the U.S. market for plant food products. It has a world wide distribution and currently controls 25% of the market in Europe. In 1928, the company began manufacturing "Turf Builder," the first fertilizer formulated specifically for grass. "Turf Builder" and other Scotts Products contain vermiculite.

**Asbestos Contaminated Vermiculite**

8.     Vermiculite is a mineral that has been produced commercially since the 1920s. It is a pourous material that is used in agricultural, insulating and construction products. It is mined from ore and may vermiculite deposits are contaimined with asbestos fiber (Exhibit 3, page 1). The Libby mine in Montanna, owned and operated by W.R. Grace was found by the E.P.A to be contaminated with asbestos through several studies from 1980 and 1991. Currently there are four active vermiculite mines, all of which have been found to be contiminated with asbestosform minerals (Exhibit 3, page 3). The fact that asbestos exposure causes cancer, mesothelioma and other diseases is well established and has been since the beginning of the twentieth century (Exhibit 3, page 4). A 1985 EPA study of the raw ore from the Libby Mine determined that the ore contained 21% to 26% asbestos. Studies from other vermiculite mines also determined that the ore was contaminated with asbestos (Exhibit 4, page 1).

Scotts Company was the largest domestic customer of W.R. Grace and Scott's main supplier of vermiculite until 1980. W.R. Grace used Scotts Products as representative of products made with

4

W.R. Grace vermiculite in data submitted to the Consumer Product Safety Commission) in 1980. (See Exhibit 6, Letter From W.R. Grace Executive Vice President, April 1, 1980)

### Scotts Products were Contaminated with Asbestos

9. The Scotts Company has known that its product was contaminated with asbestos since 1971 and has acknowledged that fact. Scotts Vermiculite presently contains a trace amount of asbestos according to the most recent EPA study. (See Exhibit 3, "Sampling and Analysis of Consumer Garden Products that Contain Vermiculite). The most current SEC filing of Scotts Company acknowledges that "a third party vendor supplied contaminated vermiculite ore to the Company. Although our use of contaminated source ended over twenty years ago, our relationship with this supplier enhances the risk that the Company will be subjected to personal injury and product liability claims relating to the use of vermiculite in some of our products." (See Exhibit 5, Scotts SEC filing Form 10-q, page 45 filed Febuary 11, 2003 and Exhibit 5a, Certification of Scotts Company SEC Filings by Chief Executive and Chief Financial Officers)

### Conspiracy

10. Scott contends the Plaintiff has no evidence of "conspiracy." However Plaintiff has put forth evidence that Scott sold products that were contaminated with asbestos and has known that fact from at least 1980. Yet, Scott continues to have vermiculite in its products with the knowledge that vermiculite has a high probability of being contaminated with asbestos at the present time. Scott implicitly acknowledges this in occupational safety data from the company that states "In accordance with exposure regulations, the vermiculite used to produce Scotts-Sierra soilless mixes has been blinded with water and other raw material to assure that no airborne asbestos fibers in excess of regulatory limits will be released." (See exhibit . ) The Plaintiff has established that Scott knew and

5

has continued to know that its product is contaminated with asbestos but yet has still failed to put any adequate warnings or remove the vermiculite from its product.

11. Conspiracy and other torts the Plaintiffs have alleged involve an element of intent. Texas courts have recognized that where there is an issue as to intent[1], a summary judgment will not be proper because the issue of intent is fact intensive and usually left to the fact finder. *See Frais v. Atlantic Richfield Co.* 999 S.W.2d 97, 106 (Tex. App- Houston [14th] 1997, pet. Denied; *RRR Farms, Ltd. V. American Horse Assn'n Inc.* 957 S.W.2d 121, 132 (Tex. App.-Houston [14th] 1997, pet denied. The intent to harm is generally a question of fact uniquely within the province of the jury. *State Farm Fire and Cas. Co. v. S.S.*, 858 S.W.2d 374 (Tex. 1993)

V

CONCLUSION

12. The Plaintiff has provided ample evidence to defeat Scotts "No Evidence " Summary Judgment. Mr. Madden used the Defendants products extensively over a long period of time. Scotts products contained vermiculite contaminated with asbestos for which there is not safe level of exposure. Mr. Madden contracted mesothelioma caused by asbestos exposure. Scotts motion should be denied.

VI.

EVIDENCE

In support of its Objections to the Hearing on Motion for Summary Judgment and Motion to Strike Scotts Company's Motion for Summmary Judgment, Plaintiffs rely on:

Exhibit 1-Affidavit of Kenneth Madden

Exhibit 2-Pathology Report of Samuel P. Hammar, M.D.

6

Exhibit 3-"Sampling and Analysis of Consumer Garden Products That Contain Vermiculite", EPA, August 2000

Exhibit 4-Report Prepared for the EPA on Sampling and Analysis of Consumer Garden Products that Contain Vermiculite by Versar Inc., August 22, 2000

Exhibit 5-SEC FILING for Scotts Company, Form 10-q, February 3, 2003
Exhibit 5a- Certification of Scotts Company SEC Filings by Chief Executive and Chief Financial Officers

Exhibit 6- Letter from W.R. Grace to the Consumer Product Safety Commission, April 1, 1980 (also attachment 4 to EPA report and incorporated therein)

Exhibit 7- Affidavit of Che Williamson

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request this Court to Denie Scotts Company's No evidence for Summary Judgment, and for such other and further relief to which they may be justly entitled.

Respectfully submitted,

SHRADER & WILLIAMSON, L.L.P.

By _____
Justin H. Shrader, SBN 24008797
Che D. Williamson, SBN 21617150
1600 Smith Street, Suite 4050
Houston, TX 77002
713 571-7704
713 650-0251
Mike Phillips
Attorney at Law
515 N. Velasco
P.O. Box 1030
Angleton, Texas 77516-1030

7

ATTORNEYS FOR KENNETH AND
JUANITA MADDEN

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded to counsel for The Scotts Company, by the undersigned, by U.S. Mail Certified delivery this 31st day of March, 2004.

*/s/ Che D. Williamson*

Che D. Williamson

8

CAUSE NO. 22045-2

| | | |
|---|---|---|
| MADDEN, ET AL | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | BRAZORIA COUNTY, TEXAS |
| | § | |
| VS. | § | |
| | § | |
| AMETEK, INC., ET AL | § | IN THE 23rd JUDICIAL DISTRICT |

## ORDER DENYING SCOTTS COMPANYS
## FOR SUMMARY JUDGMENT

Came on to be heard this _____ day of _____ 2004, Defendant, Scotts Company's Motion for Summary Judgment against KENNETH MADDEN AND JUANITA MADDEN, Plaintiffs. After considering all motions, reponses and pleadings on file, and the argument of counsel, the court is of the opinion that the Motion should be DENIED.

IT IS THEREFORE ORDERED that Defendant, Scotts Company's Motion for Summary Judgment is DENIED.

Signed this _____ day of _____ 2004.

_____
PRESIDING JUDGE

9

APPROVED IN FORM AND SUBSTANCE
SHRADER & WILLIAMSON

*Che D Williamson* (signature)
_____
Che D. Williamson
SBN 21617150
16903 Red Oak Dr. Suite 130
Houston, Texas 77090
281-444-0604
Fax 281-440-0124
ATTORNEYS FOR JUANITA AND KENNETH MADDEN