IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

Objection Deadline: December 3, 2004
Hearing Date: December 20, 2004 at Noon (Pittsburgh, PA)

### DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE APPOINTMENT OF RAYMOND G. THIEME, JR. AS THE MEDIATOR FOR THE DEBTORS' ADR PROGRAM

The Debtors hereby move this Court (the "Motion") for an order under §§ 105 and 327 of the Bankruptcy Code appointing Raymond G. Thieme, Jr. as the Mediator[2] for the Debtor's ADR Program. In support of this Motion, the Debtors respectfully represent as follows:

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms not otherwise defined in this Application have the meaning given in the Debtors' Motion Pursuant to Sections 105(a), 362, 363, 502 and 503 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 9019 to Establish an Alternative Dispute Resolution Program to Liquidate Certain Prepetition Claims.

## Jurisdiction

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of the Motion is proper under 28 U.S.C. § 1408.

2. The statutory predicates for the Motion are §§ 105 and 327 of the Bankruptcy Code and Rule 9019 the Federal Rules of Bankruptcy Procedure.

## Background

3. On June 12, 2004, the Debtors filed a motion pursuant to sections 105(a), 362, 363, 502 and 503 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 9019 requesting the establishment of an Alternative Dispute Resolution Program (the "ADR Program") to liquidate certain prepetition non-asbestos claims (the "ADR Motion").

4. On November 9, 2004, the Court entered an order (the "ADR Order") approving the Debtors' ADR Program, as amended to address concerns raised by the Court and other parties.

5. Pursuant to the provisions of the ADR Order, the Debtors are authorized, but not directed, to refer certain Disputed Claims to a Mediator that has been approved by this Court.

## Relief Requested

6. By this Motion, the Debtors request this Court to enter an order appointing Raymond G. Thieme, Jr. ("Judge Thieme" or the "Mediator") as the initial Mediator[3] for the ADR Program. The Debtors have determined, in their sound business judgment, that Judge

---

[3] It is unclear how many of the Disputed Claimants will choose to participate in the ADR Program. As a result, it is impossible to determine the scope of the demands on the Mediator. The situation could become too burdensome for one person to handle. Therefore, the Debtors reserve their right to seek appointment of additional Mediators at a later date, if necessary.

Thieme is qualified to serve as the Mediator in the Debtors' ADR Program and to efficiently facilitate the fair and equitable settlement of the ADR Claims.

### Basis for the Requested Relief

7.  Section 327(a) of the Bankruptcy Code states, "Except as otherwise provided in this section, the trustee (or debtor in possession), with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's [or debtor-in-possession's] duties under this title." 11 U.S.C. § 327(a). Section 105(a) grants this Court with the authority to, "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Therefore, this Court has the power to appoint Raymond G. Thieme, Jr. as the Mediator for the Debtors' ADR Program.

### Qualifications of Raymond G. Thieme, Jr.

8.  Judge Thieme served as a judge in various Maryland state courts for 27 years. In 2000, he retired from his then-current position as Judge with the court of Special Appeals, 5th Appellate Circuit (Anne Arundel, Calverty, Charles & St. Mary's Counties). He currently serves as the chairman of a Maryland medical task force concerning medical malpractice, and, for the past four years, he has served as a part-time mediator and arbitrator. He has been involved in many high-profile assignments, including serving as chairman of Governor Ehrlich's committee on medical-malpractice reform.

### Disinterestedness

9.  To the best of the Debtors' knowledge, Judge Thieme (i) is a "disinterested persons" within the meaning of section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code and referenced by section 328(c) of the Bankruptcy Code;

(ii) holds no interest adverse to the Debtors or their estates for the matters for which he would be employed; and (iii) has no connection to the Debtors, their creditors, or their related parties herein. An affidavit of Judge Thieme's disinterestedness is attached hereto as <u>Exhibit 1</u>.

### **Terms of Retention**

10.    The Debtors request the appointment of Judge Thieme under the following terms:

a.  <u>Compensation</u>.  Compensation for each Mediation, including professional fees and reimbursement of expenses, shall be payable to the Mediator equally by the Debtors and the respective ADR Claimant, and the Debtors and a respective ADR Claimant shall be jointly and severally liable for amounts owed on account of their respective Mediation(s).  Judge Thieme will be compensated for his services at a rate of $300/hr. plus out-of-pocket expenses.

b.  <u>Liability Indemnity of Mediator</u>.  The Mediator shall not be liable for any damages, or have any obligations other than as prescribed by orders of this Court; <u>provided</u>, <u>however</u>, that the Mediator may be liable for damages caused by his willful misconduct or gross negligence.  The Mediator shall not be liable to any person as a result of any action or omission taken or made by the Mediator in good faith.  The Debtors and the respective ADR Claimant shall equally indemnify, defend (and shall be jointly and severally liable for any such indemnification and/or defense), and hold the Mediator harmless from any claims by any party against the Mediator arising out of or relating to the performance of his duties as mediator, <u>provided</u>, <u>however</u>, that the Mediator shall not have such indemnification rights if a court of competent jurisdiction determines pursuant to a final and non-appealable order that the Mediator is liable upon such claim as a result of willful misconduct or gross negligence.  If, before the earlier of: (i) the entry of an order confirming a chapter 11 plan in these Chapter 11 Cases (that order having become a final order and no longer subject to appeal), and (ii) entry of an order closing these chapter 11 cases, the Mediator believes that he is entitled to payment for any

amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under this Order, including without limitation the advancement of defense costs, the Mediator must file an application therefor in this Court, and the Debtors may not pay any such amounts to the Mediator before the entry of an order by this Court approving the payment. The preceding sentence is intended to specify the period of time under which this Court shall have the jurisdiction over any request for fees and expenses by the Mediator for indemnification, contribution or reimbursement and is not a limitation on the duration of the Debtors' obligation to indemnify the Mediator. In the event that a cause of action is asserted against the Mediator arising out of or relating to the performance of his duties as Mediator, the Mediator shall have the right to choose his own counsel.

### Notice

11.    Notice of this Application has been given to: (i) the United States Trustee, (ii) counsel to the DIP Lender, (iii) counsel to each of the Committees[4], (iv) counsel to David T. Austern, the Legal Representative for Future Asbestos Claimants, and (v) all those parties that requested service and notice of papers in accordance with Fed R. Bankr. P. 2002. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

---

[4] To date, four official committees have been established in these bankruptcy cases: an equity committee, a committee of unsecured creditors, a personal-injury committee, and a property-damage committee (collectively, the "Committees").

WHEREFORE, for all of the foregoing reasons, the Debtors submit that the appointment of Judge Thieme as Mediator is in the best-interests of the Debtors, their estates, the ADR Claimants, and all creditors and parties in-interest. The Debtors request that the Court (i) enter an ordering substantially in the form of <u>Exhibit 2</u>, appointing Raymond G. Thieme, Jr. to serve as the Mediator in accordance with the terms and conditions set forth herein; and (ii) grant such further relief as is just and proper.

Dated: November 15, 2004

Respectfully submitted,

KIRKLAND & ELLIS
David M. Bernick, P.C.
Janet S. Baer
James W. Kapp III
Samuel L. Blatnick
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

<u>and</u>

PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.

*[signature]*

Laura Davis Jones (Bar No. 2436)
David W. Carickhoff, Jr. (Bar No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for the Debtors and Debtors in Possession