## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 01-01139 (JKF) |
| W.R. GRACE & CO., et al., | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | **Objection Deadline: 12/6/04** |
| | ) | **Hearing Date: 3/21/05 @12:00 Noon** |

### NOTICE OF FILING OF
### SECOND QUARTERLY APPLICATION OF PHILLIPS, GOLDMAN & SPENCE, P.A. AS LOCAL COUNSEL TO DAVID T. AUSTERN, FUTURE CLAIMANTS' REPRESENTATIVE FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OF JULY 1, 2004 TO SEPTEMBER 30, 2004

TO:     (1) The Debtors; (2) counsel to the Debtors; (3) Office of the U.S. Trustee
         (4) Counsel to the Official Committee of Asbestos Personal Injury Claimants;
         (5) Counsel to the Official Committee of Asbestos Property Damage Claimants;
         (6) Counsel to the Official Committee of Equity Holders; (7) Counsel to the Debtors
         in Possession Lender; and (8) the Fee Auditor

Phillips, Goldman & Spence, P.A., ("PG&S") local counsel to David T. Austern, in his capacity as the Court appointed legal representative for future asbestos claimants (the "FCR"), has filed and served its *Second Quarterly Interim Application of Phillips, Goldman & Spence, P.A. as Local Counsel to David T. Austern, Future Claimants' Representative for Compensation and Reimbursement of Expenses for the Period of July 1, 2004 to September 30, 2004* seeking payment of fees in the amount of $10,863.00 and $1,722.87 for expenses incurred (the "Quarterly Fee Application") for a total of $12,585.87.

Objections or responses to the Application, if any, must be made in writing and filed with the United States Bankruptcy Court for the District of Delaware, Marine Midland Plaza, 824 North Market Street, 3rd Floor, Wilmington, DE 19801, on or before **December 6, 2004.**

At the same time, you must also serve a copy of the objection or response upon the following:

**Co-counsel to David T. Austern,**
**Future Claimants Representative**
Roger Frankel, Esquire
Richard Wyron, Esquire
Swidler Berlin Shereff Friedman, LLP
3000 K Street, NW, Suite 300
Washington, DC 20007

John C. Phillips, Jr., Esquire
Phillips, Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, DE 19806

**Co-counsel to the Debtors**
David M. Bernick, Esquire
Kirkland & Ellis, LLP
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esquire
Pachulski, Stang, Ziehl, Young &Jones, P.C.
919 North Market Street, Suite 1600
Wilmington, DE 19801

**Co-counsel to Official Committee**
**of Unsecured Creditors**
Lewis Kruger, Esquire
Strook & Strook & Lavan LLP
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esquire
Duane Morris, LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801

**Co-counsel to Official Committee of Asbestos**
**Property Damage Claimants**
Scott L. Baena, Esquire
Blizin, Sumber, Dunn, Baena, Rocie & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esquire
Ferry & Joseph, P.A.
824 North Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899-1351

**Co-counsel to Official Committee**
**to Asbestos Personal Injury Claimants**
Elihu Inselbuch, Esquire
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Mark Hurford, Esquire
Campbell & Levine, LLC
Chase Manhattan Centre, 15th Floor
1201 Market Street, Suite 1500
Wilmington, DE 19801

**Co-counsel to DIP Lender**
J. Douglas Bacon, Esquire
Latham & Watkins
Sears Tower, Suite 5800
Chicago, IL 60606

Steven M. Yoder, Esquire
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899

**Counsel to Official Committee**
**of Equity Holders**
Thomas Moers Mayer, Esquire
Kramer Levin Naftalis & Frankel, LLP
919 Third Avenue
New York, NY 10022

**Counsel to the U.S. Trustee**
Office of the U.S. Trustee
Frank J. Perch, Esquire
844 King Street, Suite 2313
Lockbox 35
Wilmington, DE 19801-3519

**Fee Auditor**
Warren H. Smith
Warren H. Smith and Associates
Republic Center
325 North St. Paul, Suite 4080
Dallas, TX 75201

A HEARING ON THIS APPLICATION WILL BE HELD ON **MARCH 21, 2005 AT 12:00 NOON**.

PHILLIPS, GOLDMAN & SPENCE, P.A.

JOHN C. PHILLIPS, JR., ESQUIRE (#110)
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200
(302) 655-4210
Local Counsel to David T. Austern, Future
Claimants' Representative

Date:  November 15, 2004

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 01-01139 (JKF) |
| W.R. GRACE & CO., et al., | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | **Objection Deadline: 12/6/04** |
| | ) | **Hearing Date: 3/21/05 @12:00 Noon** |

## COVER SHEET
## SECOND QUARTERLY APPLICATION OF PHILLIPS, GOLDMAN & SPENCE, P.A. AS LOCAL COUNSEL TO DAVID T. AUSTERN, FUTURE CLAIMANTS' REPRESENTATIVE FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OF JULY 1, 2004 TO SEPTEMBER 30, 2004

Name of Applicant: Phillips, Goldman & Spence, P.A. ("PG&S")

Authorized to Provide Professional
Services to: David T. Austern, Future Claimants' Representative (the "FCR")

Date of Retention PG&S Retention Order entered September 27, 2004
*Nunc Pro Tunc* to May 24, 2004

Period for which Compensation is
Sought: July 1, 2004 through September 30, 2004

Amount of Compensation (100%) sought
as actual, reasonable, and necessary: $10,863.00

Amount of Expense Reimbursement
sought as actual, reasonable, and necessary: $1,722.87

Total Requested: $12,585.87

This is an:  __X__ interim  __X__ quarterly  _____ monthly  ____ final application

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 01-01139 (JKF) |
| W.R. GRACE & CO., et al., | (Jointly Administered) |
| Debtors. | **Objection Deadline: 12/6/04** |
| | **Hearing Date: 3/21/05 @12:00 Noon** |

## SUMMARY OF THE SECOND QUARTERLY APPLICATION
## OF PHILLIPS, GOLDMAN & SPENCE, P.A. AS LOCAL COUNSEL
## TO DAVID T. AUSTERN, FUTURE CLAIMANTS' REPRESENTATIVE
## FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR
## THE PERIOD OF JUNE 1, 2004 TO SEPTEMBER 30, 2004

### PREVIOUS APPLICATIONS FILED

| Application Period | Total Fees Requested | Total Expenses Requested Fees | CNO Filing Date and No. | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 1st Monthly 5/24/04-6/30/04 Filed: 10/6/04 Dkt. No. 6549 | $5,034.50 | $0.00 | Filed 10/27/04 Dkt. No. 6751 | Pending | Pending |
| 1st Quarterly 5/24/04-6/30/04 Filed: 10/27/04 Dkt. No. 6752 | $5,034.50 | $0.00 | Pending | Pending | Pending |
| 2nd Monthly 7/1/04-7/31/04 Filed: 10/6/04 Dkt. No. 6550 | $2,619.00 | $852.87 | Filed 11/11/04 Dkt. No. 6883 | Pending | Pending |
| 3rd Monthly 8/1/04-8/31/04 Filed: 10/8/04 Dkt. No. 6569 | $3,110.00 | $450.36 | Filed 11/11/04 Dkt. No. 6884 | Pending | Pending |
| 4th Monthly 9/1/04-9/30/04 Filed:10/28/04 Dkt. No. 6783 | $5,134.00 | $419.64 | Pending | Pending | Pending |

Phillips, Goldman & Spence, P.A. ("PG&S") was only retained in this case effective May 24, 2004. This is our second quarterly fee application. The hearing on the Quarterly Fee Application has been scheduled for March 21, 2005 at 12:00 Noon in Pittsburgh, PA.

The PG&S professionals who rendered professional services in these cases during this Quarterly Fee Period are as follows:

| Name of Professional Person | Position of the Applicant, Number of years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| John C. Phillips, Jr. | Director/14years/1974/ litigation/bankruptcy | 350.00 | 25.40[1] | $8,890.00 |
| Stephen W. Spence | Director/14years/1981/ bankruptcy | 350.00 | 2.00[2] | $700.00 |
| Celeste A. Hartman | Sr. Paralegal/6 years/20 years prior experience | 130.00 | 9.60[3] | $1,248.00 |
| Tanya L. Birdsell | Legal Assistant (N/A) | 125.00 | .20 | $25.00 |
| Grand Total: | | | | $10,863.00 |
| Blended Rate: | | | | $292.02 |

---

[1] This is the net hours after the application of a courtesy discount of .2 hours crreating a savings of $70.00.

[2] This is the net hours after the application of a courtesy discount of .3 hours, creating a savings of $105.00.

[3] This is the net hours after the application of a courtesy discount of .1 hours, creating a savings of $135.00.

### SECOND QUARTERLY COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Litigation | 10.9 | $3,177.00 |
| Fee/Employment Applications | 25.6 | $7,595.00 |
| Case Administration | .7 | $91.00 |
| Total | 37.2 | $10,863.00 |

### SECOND QUARTERLY EXPENSE SUMMARY

| Expense Category | Service Provider | Total Expenses |
|---|---|---|
| Long Distance Phone Charges | N/A | $22.23 |
| In-house Reproductions (15¢ per page) | N/A | $11.25 |
| Postage | N/A | $17.07 |
| Overnight Courier | Federal Express | $35.54 |
| Document retrieval/service/copy/mail service | Parcels, Inc. | $1,634.78 |
| Parking for Hearings | John C. Phillips, Jr. | $2.00 |
| Total | | $1,722.87 |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) | Case No. 01-01139 (JKF) |
| W.R. GRACE & CO., et al., | ) | (Jointly Administered) |
|  | ) |  |
| Debtors. | ) | **Objection Deadline: 12/6/04** |
|  | ) | **Hearing Date: 3/21/04 @12:00 Noon** |

### SECOND QUARTERLY APPLICATION OF PHILLIPS, GOLDMAN & SPENCE, P.A. AS LOCAL COUNSEL TO DAVID T. AUSTERN, FUTURE CLAIMANTS' REPRESENTATIVE FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OF JULY 1, 2004 TO SEPTEMBER 30, 2004

Phillips, Goldman & Spence, P.A., ("PG&S"), local counsel to David T. Austern, Future Claimants Representative (the "FCR"), pursuant to sections 327, 330 and 331 of title 11 of the U.S. Bankruptcy Code, (as amended, the "Bankruptcy Code"), Fed. R. Bankr. P. 2016, the *Administrative Order Under 11 U.S.C. §§105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Professionals and Official Committee Members* ("Interim Compensation Order") [Docket No. 198], and the *Amended Administrative Order Under 11 U.S.C. §§105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Professionals and Official Committee Members* ("Amended Interim Compensation Order") [Docket No. 1949], and Del. Bankr. LR 2016-2, hereby applies for an order allowing it (i) compensation in the amount of $10,863.00 for the reasonable and necessary legal services PG&S has rendered to the FCR and reimbursement of expenses in the amount of $1,722.87 (the "Second Quarterly Fee Application") in these cases for the interim quarterly fee period from July 1, 2004 through September 30, 2004 (the "Fee Period"). In support of this Second Quarterly Fee Application, PG&S respectfully represents the following:

## Background

1.　　On April 2, 2001 (the ("Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). On April 2, 2001, the Court entered an order procedurally consolidating the Chapter 11 Cases for administrative purposes only. Since the Petition Date, the Debtors have continued to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.　　On September 27, 2004, the Court entered its *Order Authorizing the Retention and Employment of Phillips, Goldman & Spence, P.A. as Local Bankruptcy Counsel to David T. Austern, Future Claimants Representative* [Docket No. 6478](the "Retention Order"). The Retention Order authorizes PG&S to be compensated at its hourly rates charged for services of this type and necessary out of pocket expenses incurred, subject to its applications to the Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, all applicable local rules and orders of this Court.

## Monthly Interim Fee Applications Covered Herein

3.　　Pursuant to the procedures set forth in the Interim Compensation Order as amended by the Amended Interim Compensation Order, professionals may apply for monthly compensation and reimbursement (each such applications, a "Monthly Fee Application"), and the notice parties listed in the Amended Interim Compensation Order may object to such request. If no notice party objects to a professional's Monthly Fee Application within twenty (20) days after the date of service of the Monthly Fee Application, the professional may submit to the Court a

certification of no objections whereupon the Debtors are authorized to pay interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested.

4.    Pursuant to the Amended Interim Compensation Order, within forty-five (45) days of the end of each quarter, professionals are to file and serve upon the notice parties a quarterly request (a "Quarterly Fee Application") for interim Court approval and allowance of the Monthly Fee Applications filed during the quarter covered by the Quarterly Fee Application. If the Court grants the relief requested by the Quarterly Fee Application, the Debtors are authorized and directed to pay the professional 100% of the fees and expenses requested in the Monthly Fee Applications covered by that Quarterly Fee Application less any amounts previously paid in connection with the Monthly Fee Applications. Any payment made pursuant to the Monthly Fee Applications or any Quarterly Fee Application is subject to final approval of all fees and expenses at a hearing on the professional's final fee application.

5.    This Quarterly Fee Application, which is submitted in accordance with the Amended Interim Compensation Order, is the Second Quarterly Fee Application for compensation for services rendered that PG&S has filed with the Bankruptcy Court in connection with the Chapter 11 Cases, and covers the Fee Period of July 1, 2004, through September 30, 2004.

6.    PG&S filed the following Monthly Fee Applications for interim compensation during this Quarterly Fee Application period:

    a.    *Second Monthly Interim Application of Phillips, Goldman & Spence, P.A. as Local Counsel to David T. Austern, Future Claimants' Representative, for Compensation and Reimbursement of Expenses for the Period of July 1, 2004 through July 31, 2004* [Docket No. 6550]which is attached hereto as Exhibit "A".;

3

b.   *Third Monthly Interim Application of Phillips, Goldman & Spence, P.A. as Local Counsel to David T. Austern, Future Claimants' Representative, for Compensation and Reimbursement of Expenses for the Period of August 1, 2004 through August 31, 2004* [Docket No. 6569], which is attached hereto as Exhibit "B"; and

c.   *Fourth Monthly Interim Application of Phillips, Goldman & Spence, P.A., Local Bankruptcy Counsel to David T. Austern, Future Claimant's Representative for Compensation for Services Rendered and Reimbursement of Expenses for the time period September 1, 2004 through September 30, 2004* [Docket No. 6783], which is attached hereto as Exhibit "C".

7.   The period for objecting to the fees and expense reimbursement requested in the July and August Fee Applications has passed without any objections being filed, whereupon PG&S filed its Certificates of No Objection with the Court, and the Debtors are authorized to pay the interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested.

8.   PG&S has advised and represented the FCR as local counsel, focusing on due diligence with respect to the Debtors and events occurring in these cases over the previous three years, and on preparation for negotiations with the Debtors, the Committees and other parties in interest.

### Previous Quarterly Fee Applications

9.   PG&S previously filed the following Quarterly Fee Applications:

a.   *First Quarterly Application of Phillips, Goldman & Spence, P.A., Local Bankruptcy Counsel to David T. Austern, Future Claimant's Representative for Compensation for Services Rendered and Reimbursement of Expenses for the time period May 24, 2004 through June 30, 2004*, filed on October 27, 2004 [Docket No. 6752] (the "First Quarterly Fee Application").

4

10.    The objection deadline for parties to file objections to the First Quarterly Fee Application is November 16, 2004. If no objections are filed, PG&S will file its Certificate of No Objection prior to the hearing.

## Relief Requested

11.    By this Second Quarterly Fee Application, PG&S requests that the Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual necessary expenses incurred by PG&S for the Fee Period as detailed in the Application, less any amounts previously paid to PG&S pursuant to the Monthly Applications and the procedures set forth in the Interim Compensation Order. As stated above, the services provided and the related expenses incurred are fully described in the Monthly Applications, referenced hereto as Exhibits A through C.

## Disinterestedness

12.    As disclosed in the following affidavits:

a.    *Declaration of John C. Phillips, Jr. under Fed. R. Bankr. P. 2014 and 2016(b) in Support of Application for an Order Authorizing Retention and Employment of Phillips, Goldman & Spence, P.A., as Local Bankruptcy Counsel to David T. Austern, Future Claimants' Representative, Pursuant to Section 1103(a) of the Bankruptcy Code* (the "Original Declaration"), filed on June 21, 2004;

b.    *Supplemental Declaration of John C. Phillips, Jr. Under Fed. R. Bankr. P. 2014 and 5002 in Support of Application for an Order Authorizing Retention and Employment of Phillips, Goldman & Spence, P.A., as Delaware Bankruptcy Co-Counsel to David T. Austern as Future Claimants' Representative* (the "First Supplemental Declaration"), filed on October 13, 2004.

PG&S does not hold or represent any interest adverse to the estates, and has been, at all relevant times, a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code.

13.     PG&S may have in the past represented, may currently represent and will likely in the future represent parties in interest in connection with matters unrelated to the Debtors and the Chapter 11 Cases. PG&S disclosed in its Declarations, its connections to parties in interest that it has been able to ascertain using its reasonable efforts. PG&S will update the Declarations when necessary and when PG&S becomes aware of material new information.

### Representations

14.     PG&S believes that the Second Quarterly Application complies with the requirements of Del.Bankr.LR 20126-2 and the Amended Interim Compensation Order.

15.     PG&S performed the services for which it is seeking compensation on behalf of or for the FCR and the future asbestos claimants whom he represents.

16.     During the Fee Period, PG&S has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with these Chapter 11 Cases, but has sought an interim compensation payment pursuant to the Interim Compensation Order.

17.     Pursuant to Fed. R. Bankr. P. 2016(b), PG&S has not shared, nor has it agreed to share, any compensation it has or will receive with any other party or person other than with the partners, counsel and associates of PG&S. PG&S has not agreed to share any compensation another person or party has received, or may receive, in connection with the Chapter 11 Cases.

WHEREFORE, PG&S respectfully requests that the Court enter an order providing that (a) for the Fee Period of July 1, 2004 through September 30, 2004, an administrative allowance be made to PG&S in the sum of (i) $10,863.00 as compensation for reasonable and necessary professional services rendered to the FCR and (ii) $1,722.87 for reimbursement of actual and necessary costs and expenses, as none were occurred during the Application Period, for a total of $12,585.87; (b) the Debtors be authorized and directed to pay PG&S the outstanding amount of such sums less any sums previously paid to PG&S pursuant to the Monthly Application and the procedures set forth in the Interim Compensation Order; and (c) this Court grant such further relief as is equitable and just.

PHILLIPS, GOLDMAN & SPENCE, P.A.


JOHN C. PHILLIPS, JR., ESQUIRE (#110)
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200
(302) 655-4210
Local Counsel to David T. Austern,
Future Claimants Representative

Date:   November 15, 2004

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) | Case No. 01-01139 (JKF) |
| W.R. GRACE & CO., et al., | ) | (Jointly Administered) |
|  | ) |  |
| Debtors. | ) | **Objection Deadline: 12/6/04** |
|  | ) | **Hearing Date: 3/21/04 @12:00 Noon** |

## <u>VERIFICATION OF JOHN C. PHILLIPS, JR.</u>

State of Delaware    :
                     : ss
New Castle County    :

John C. Phillips, Jr., after being duly sworn according to law, deposes and says:

1.    I am senior director of the applicant law firm Phillips, Goldman & Spence, P.A. ("PG&S") and am a member in good standing of the Delaware Bar Association and am authorized to appear before this Court.

2.    I am familiar with the work performed on behalf of David T. Austern as Future Claimants' Representative by the lawyers, legal assistants, and other professionals of PG&S as set forth in the attached invoices.

3.    I have reviewed the Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. I have reviewed the requirements of Local Rule 2016-2 and the Administrative Order, and I believe the Application to be in compliance therewith.

JOHN C. PHILLIPS, JR., ESQUIRE (#110)
Co-counsel to David T. Austern,

SWORN AND SUBSCRIBED TO BEFORE ME THIS 16th DAY OF NOVEMBER 2004.

Notary Public    ANN MARIE MILLER
                 NOTARY PUBLIC
                 STATE OF DELAWARE
                 My Commission Expires Nov. 18, 2006

# EXHIBIT A

# July 2004 Fee Application

Available on the docket of the Bankruptcy Court for the District of Delaware at Docket No. 6550 under Case No. 01-01139 (JKF).  Also available, upon request from the Law Offices of Phillips, Goldman & Spence, P.A.

# EXHIBIT B

# August 2004 Fee Application

Available on the docket of the Bankruptcy Court for the District of Delaware at Docket No. 6569 under Case No. 01-01139 (JKF).  Also available, upon request from the Law Offices of Phillips, Goldman & Spence, P.A.

# EXHIBIT C

# September 2004 Fee Application

Available on the docket of the Bankruptcy Court for the District of Delaware at Docket No. 656783 under Case No. 01-01139 (JKF).  Also available, upon request from the Law Offices of Phillips, Goldman & Spence, P.A.

## CERTIFICATE OF SERVICE

I, CELESTE A. HARTMAN, Senior Paralegal, do hereby certify that I am over the age of 18, and that on November 16, 2004, I caused the *Second Quarterly Application of Phillips, Goldman & Spence, P.A., Local Bankruptcy Counsel to David T. Austern, Future Claimant's Representative for Compensation for Services Rendered and Reimbursement of Expenses for the time period July 1, 2004 through September 30, 2004,* be served upon those persons as shown on the attached Service List in the manner set forth.

Under penalty of perjury, I certify the foregoing to be true and correct.

_____

CELESTE A. HARTMAN

***Hand Delivery and E-mail: ljones@pszyj.com***
(Local Counsel to the Debtors)
Laura Davis Jones, Esquire
Pachulski, Stang, Ziehl, Young &Jones, P.C.
919 North Market Street, Suite 1600
Wilmington, DE 19801

***Via First Class U.S. Mail***
Vito I. DiMaio
Parcels, Inc.
P.O. Box 27
4 East 7th Street,
Wilmington, DE 19899

(Counsel to the U.S. Trustee)
Office of the U.S. Trustee
Frank J. Perch, Esquire
844 King Street, Suite 2313
Lockbox 35
Wilmington, DE 19801-3519
***Via Hand Delivery***

**E-mail: james _kapp@ chicago.kirkland.com**
(Counsel to the Debtors)
James Kapp, III, Esquire
Kirkland & Ellis, LLP

***Via Federal Express and E-mail: feeaudit@whsmithlaw.com***
(Fee Auditor)
Warren H. Smith, Warren H. smith and Associates
Republic Enter
325 North St. Paul, Suite 4080
Dallas, TX 75201

***Via Federal Express and E-mail: william.sparks@grace.com***
(Debtor)
David B. Siegel
W.R. Grace and Co.
7500 Grace Drive
Columbia, MD 21044

***E-mail: syoder@bayardfirm.com***
(local Counsel to DIP Lender)
Steven M. Yoder, Esquire
The Bayard Firm

*E-mail: meskin@del.camlev.com*
(Local Counsel to Asbestos Claimants)
Marla Eskin, Esquire,
Campbell & Levine, LLC

*E-mail: ttacconelli@ferryjoseph.com*
(Local Counsel to Propery Damage Claimants)
Theodore Tacconelli, Esquire
Ferry & Joseph, P.A.

*E-mail: mlastowski@duanemorris.com*
(Local Counsel to Official Committee of Unsecured Creditors)
Michael R. Lastowski, Esquire
Duane Morris, LLP

*E-mail: currier@klettrooney.com*
(Local Counsel to Official Committee of Equity Holders)
Teresa K.D. Currier, Esquire
Klett, Rooney, Lieber & Schorling

*E-mail: pvnl@capdale.com*
(Counsel to Official Committee to Asbestos Personal Injury Claimants)
Elihu Inselbuch, Esquire
Caplin & Drysdale

*E-mail: rserrette@stroock.com*
(Counsel to Official Committee of Unsecured Creditors)
Lewis Kruger, Esquire
Strook & Strook & Lavan LLP

*E-mail: jsakalo@bilzin.com*
(Counsel to Official Committee of Asbestos Property Damage Claimants)
Scott L. Baena, Esquire
Blizin, Sumber, Dunn, Baena, Rocie & Axelrod

*E-mail: david.heller@lw.com* and *carol.hennessey@lw.com*
(Counsel to DIP Lender)
J. Douglas Bacon, Esquire
Latham & Watkins

*E-mail: pbentley@kramerlevin.com*
**(Counsel to Official Committee of Equity Holders)**
Phillip Bentley, Esquire
Kramer Levin Naftalis & Frankel, LLP