IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JJF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Re: ~~Docket No. 5525~~ |

## STIPULATION AND ORDER RESOLVING OBJECTION TO CLAIM NO. 896 OF EXXONMOBIL CHEMICAL COMPANY

This stipulation and agreed order (the "**Stipulation**") is made effective as of the date hereof between and among ExxonMobil Chemical Company ("**ExxonMobil**"), a division of Exxon Mobil Corporation, and the above-captioned debtors and debtors-in-possession (the "**Debtors**"), through their respective undersigned counsel.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

**WHEREAS**, on or about April 2, 2001 (the **"Petition Date"**) each of the Debtors in these chapter 11 cases filed a voluntary petition for relief under chapter 11 of the Bankruptcy Reform Act of 1978, as codified in title 11 of The United States Code, 11 U.S.C. §§ 101-1330 (as amended the **"Bankruptcy Code"**). The Debtors' cases have been consolidated for administrative purposes only and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

**WHEREAS**, on or about April 17, 2002, ExxonMobil filed a proof of claim in the Debtors' bankruptcy cases for the total amount of $71,547.45 (**"Claim #896"**).

**WHEREAS**, Claim #896 asserts an unsecured claim for monies owed in connection with the supply of various chemicals to the Debtors.

**WHEREAS**, on May 5, 2004, the Debtors filed their Fourth Omnibus Objection to Claims (Substantive) (the **"Fourth Omnibus Objection"**) in which the Debtors sought to reduce and allow ExxonMobil's Claim #896 in the amount of $63,059.42.

**WHEREAS**, on June 3, 2004, ExxonMobil filed its Response to the Fourth Omnibus Objection.

**WHEREAS**, the parties worked together to review the documentation supporting Claim #896 and have determined that Claim #896 should be increased and allowed as set forth herein.

**WHEREAS**, the parties seek to formalize their agreement respecting Claim #896 asserted by ExxonMobil against the Debtors pursuant to the terms of this Stipulation.

**NOW, THEREFORE**, in consideration of the foregoing recitals and of the following terms and provisions, it is hereby stipulated and agreed between ExxonMobil and the Debtors, by their undersigned counsel, as follows:

1. Claim #896 shall be allowed, for all purposes in the Debtors' cases, in the amount of $110,985.86 as a general unsecured non-priority pre-petition claim.

2. This stipulation shall remain subject to the approval of the Bankruptcy Court and shall not be binding on the parties hereto until so approved.

3. Each party executing this Stipulation represents that such party has the full authority and legal power to do so. This Stipulation may be executed in counterparts and each such counterpart together with the others shall constitute one and the same instrument. The parties further agree that facsimile signatures hereon shall be deemed to be original signatures. This Stipulation shall be binding upon and inure to the benefit of each of the parties, and upon their respective assignees, successors and/or partners.

4. Neither this Stipulation nor any actions taken pursuant hereto shall constitute evidence admissible against the Debtors or ExxonMobil in any action or proceeding other than one to enforce the terms of the Stipulation, and nothing in this Stipulation shall constitute an admission.

5. This Stipulation constitutes the complete expression of the agreement of the parties hereto concerning the subject matter hereof, and no modification of or amendment to this Stipulation shall be valid unless it is in writing and signed by the party or parties to be charged.

6.  The Bankruptcy Court shall retain jurisdiction to enforce this Stipulation and all matters relating hereto.

7.  After approved by the Bankruptcy Court of this stipulation, the Debtors shall direct the Claims Agent, Rust Consulting, Inc., to make the Claims Register to reflect that Claim #896 shall be Allowed as outlined herein.

**STIPULATED AND AGREED:**

| **GREENBERG TRAURIG, LLP** | **KIRKLAND & ELLIS LLP** |
|---|---|
| *[signature]* | *[signature]* |
| Scott D. Cousins (DE I.D. No. 3079) | ~~Janet S. Baer~~ |
| William E. Chipman, Jr. (DE. I.D. No. 3818) | ~~James~~ W. Kapp III |
| Dennis A. Meloro (DE I.D. No. 4435) | Rachel R. Schulman |
| The Brandywine Building | 200 East Randolph Drive |
| 1000 West Street, Suite 1540 | Chicago, Illinois 60601-6636 |
| Wilmington, DE 19801 | Telephone: (312) 861-2000 |
| Telephone: (302) 661-7000 | Facsimile: (312) 861-2200. |
| Facsimile: (302) 661-7360 | |

*Attorneys for ExxonMobil Chemical Company*

-and-

**PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.**

Laura Davis Jones (DE I.D. No. 2436)
David W. Carickhoff, Jr. (DE I.D. No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

*Attorneys for Debtors
and Debtors-in Possession*

Dated: November 15, 2004

SO ORDERED this 15 day of Nov, 2004

*[signature]*
The Honorable Judith K. Fitzgerald