**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., et al., | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

**FEE AUDITOR'S FINAL REPORT REGARDING**
**FEE APPLICATION OF KIRKLAND & ELLIS**
**FOR THE THIRTEENTH INTERIM PERIOD**

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Fee Application of Kirkland & Ellis for the Thirteenth Interim Period.

**BACKGROUND**

1.      Kirkland & Ellis was retained as counsel to the Debtors. In the Application, Kirkland & Ellis seeks approval of fees totaling $924,700.00 and costs totaling $35,634.14 for its services from April 1, 2004, through June 30, 2004.

2.      In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued January 30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the

United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served on K&E an initial report based on our review, and received a response from K&E, portions of which response are quoted herein.

## DISCUSSION

3. In our initial report, we noted that on April 13 and 18, 2004, DMB spent a total of 14.80 hours for a fee of $11,100.00 traveling. The entries are provided below.

04/13/04        DMB   8.80            Travel to New York and review of recusal briefs (5.8);......

04/18/04        DMB   9.50            Preparation for recusal hearing and travel (9.0)........

Pursuant to Local Rules, time spent traveling during which no work is done is to be charged at 50%. We asked K&E to separate the non-working travel time in the cited entries and to state a total time for such. K&E responded as follows:

> The Initial Report identifies two instances were travel time was apparently billed at 100%, rather than 50%. Based upon a review of the attorneys' notes, these entries were inadvertently billed at 100%. Pursuant to Local Rules, each of the entries should have been billed at 50%, and, therefore, K&E agrees with the reduction of $5,550.

We appreciate the response and thus recommend a reduction of $5,550.00 in fees.

4. We noted three instances totaling $189.50 in difference for which the time entries do not match the parenthetical entries. The instances are provided below.

On April 6, 2004, RS has a time entry listed as 4.50 hours for a fee of $2,182.50. The parenthetical entries total only 4.30 hours for a fee of $2,085.50. Difference in fee total is $97.00.

04/06/04      RS      4.50         Work on preparations for filing omnibus objections 3,4, and 5 (.6); review and revise omnibus objection 3 and order and notice and exhibits (.7); review and revise omnibus objection 4 and exhibits and order (.8); review and revise omnibus

> objection 5 and exhibits and order (.6); prepare for and participate in telephone conference and e-mails re upcoming filings and status of numerous issues re claims with client (1.2); review correspondence from client re upcoming telephone conference and filings (.4).

On April 13, 2004, JSB has a time entry listed as 5.20 hours for a fee of $3.406.00. The parenthetical entries total only 5.10 hours for a fee of $3,340.50. Difference in fee total is $65.50.

> 04/13/04    JSB    5.20    Review claim status chart in preparation for claims call (1.0); confer with client re same and approach to claims resolution (.8); participate in claims call with Grace litigation attorney re approach/alternatives for non-asbestos litigation (3.3)

On May 20, 2004, WFH has a time entry listed as 2.90 hours for a fee of $783.00. The parenthetical entries total only 2.80 hours for a fee of $756.00. Difference in fee total is $27.00.

> 05/20/04    WFH   2.90    Conference with J. Bear re preparation for the May 24 hearing on the 3rd omnibus claims objection (.5); telephone call with J. Rivenbark re trade payable claimants addressed by the 3rd omnibus claims objection and handle open issues re same (.4); telephone conferences with S. Herrschaft at BMC re claimant respondents in the 3rd omnibus claims objection and exhibits and related to the hearing on May 24 (.4); review and respond to correspondence from S. Herrschaft and review attached exhibits prepared by BMC appended to proposed order on 3rd omnibus claims objection (.4); review and revise stipulation with counsel for State of Montana re resolution to 3rd omnibus claims objection and confer with claimant's counsel re same (.5); revise proposed order and status chart for 3rd omnibus claims objection and handle open issues for hearing on same (.6).

We asked K&E to examine the cited instances and state whether these are inadvertent miscalculations and should therefore be deducted from the fee request. K&E responded as follows:

> The Initial Report identifies three instances were the summary of hours differs from the parenthetical time entries. Based upon a review of the attorneys' notes, the respective time entries should be reduced as noted in the Initial Report. K&E agrees with the reduction of $189.50.

We appreciate the response and recommend a reduction of $189.50 in fees.

**FEE AUDITOR'S FINAL REPORT** - Page 3
wrg FR K&E 13int 4-6.04.wpd

5.  We noted three "local transportation" charges totaling $117.39 for which no explanation is offered as to need or relevant tie to this specific case. The entries are provided below.

| | | |
|---|---|---|
| 3/15/2004 | 76.59 | RED TOP CAB COMPANY - Local Transportation 03/04/2004 |
| 4/13/2004 | 22.44 | Vital Transportation - Local Transportation, Theodore L. Freedman |
| 4/13/2004 | 18.36 | Vital Transportation - Local Transportation, Theodore L. Freedman |

For each instance, we asked K&E to show specific justification for the expense and how it relates solely to this estate. K&E responded as follows:

> The Initial Report identifies three "local transportation" charges for which no explanation is offered, and requests a specific justification for each of the expenses. The first charge ($76.59 on March 4, 2004) was incurred by David M. Bernick for a different client, and was inadvertently billed to Grace. The second and third charges (on April 13, 2004 for $22.44 and $18.36, respectively) were incurred by Theodore L. Freedman in this case for transportation to and from a meeting with Counsel to the Official Committee of Unsecured Creditors concerning the Grace chapter 11 plan. Therefore, K&E agrees with a reduction of $76.59.

We appreciate the response and concur with the voluntary reduction. Thus we recommend a reduction of $76.59 in expenses.

6.  We noted 11 entries totaling $722.05 for ministerial tasks that seem to have been billed as expenses. The entries are provided below.

| | | |
|---|---|---|
| 4/22/2004 | 25.48 | Errin D. Washington - FILING |
| 4/23/2004 | 25.48 | Lawrence H. Bradley, Jr. - Filing for Ken Sturek |
| 4/23/2004 | 50.96 | Lawrence H. Bradley, Jr. - Filing for Ken Sturek |
| 4/23/2004 | 101.92 | Bonny A. Jackson - working in repro for K. Sturek |
| 5/11/2004 | 143.40 | Clinton J. Boyd - Initial input |
| 5/16/2004 | 17.92 | Clinton J. Boyd - Initial input |
| 5/19/2004 | 53.77 | Clinton J. Boyd - Revisions |
| 5/20/2004 | 35.85 | Clinton J. Boyd - Revisions |
| 6/04/2004 | 97.76 | Sopczak, D. - PowerPoint; Visio |
| 6/04/2004 | 124.43 | Harris, L. - Revisions |
| 6/04/2004 | 44.44 | Sopczak, D. - Revisions |

We asked K&E to explain why the cited tasks should be worthy of compensation instead of viewed

as normal firm overhead. K&E responded as follows:

> The Initial Reports notes eleven entries, totaling $722.05, where allegedly "ministerial tasks" were billed by non-professional K&E employees as overtime expenses. The eleven entries were each billed by non-professionals for services performed in support of attorneys working on the Grace bankruptcy case. While the tasks, themselves, may appear "ministerial," they were each performed in support of attorneys working on the Grace bankruptcy cases, for projects that needed to be completed promptly, at all hours of the day or night. In this respect, each of the entries constitutes "necessary legal services ... to the Debtors in connection with the Chapter 11 Cases" as referenced in the *Order Pursuant to 11 U.S.C. § 327(a) and Fed.R.Bankr.P. 2014(a) Authorizing the Employment and Retention of Kirkland & Ellis*, and each entry is consistent with Grace's *Application for an Order Authorizing the Employment and Retention of K&E as Attorneys for the Debtors and Debtors in Possession (April 2, 2001)*, which states that K&E's expenses may include, "*among other things*, photocopying, witness fees, travel expenses, including airline upgrade certificates, *certain secretarial and other overtime expenses,* filing and recording fees..." Id at pg. 5, ¶8 (emphasis added).

We appreciate the response and offer no objection to these expenses.

    7.    We noted two entries totaling $51.36 for overtime meal charges by the same firm member on the same day. The entries are provided below.

| | | |
|---|---|---|
| 6/15/2004 | 28.92 | Samuel Blatnick, Overtime Meal-Attorney, Chicago, 06/15/04, (Overtime Meals), Overtime Meal |
| 6/15/2004 | 22.44 | Samuel Blatnick, Overtime Meal-Attorney, Chicago, 06/15/04, (Overtime Meals), Overtime Meal |

We asked K&E to explain. K&E responded as follows:

> The Initial Report notes that Samuel L. Blatnick billed two overtime meals on June 15, 2004 (for $28.92 and $22.44, respectively). Based upon a review of Mr. Blatnick's notes, the second expense relates to an overtime meal for June 16, 2004 and should have been billed for that date. It's inclusion on June 15, 2004 was apparently a clerical oversight.

We appreciate the response and offer no objection to these expenses.

    8.    Finally, we noted another overtime meal expense that may be excessive. The entry is provided below.

6/18/2004    108.05   Jonathan Friedland, Overtime Meal-Attorney, Chicago, IL, 06/18/04, (Overtime Meals)

We asked K&E to provide the number of diners at the meal. K&E responded as follows:

> The Initial Reports also questions whether another overtime meal ($108.05 meal billed by Jonathan Friedland on June 18, 2004) was excessive. This expense relates to overtime meals for all of the following people: Jonathan Friedland, Paul Kinealy, Ingrid Warren, and Audrey Johnson. Therefore, the average cost for each person was only $27.01.

We appreciate the response and offer no objection to the expense.

## CONCLUSION

9.  Thus we recommend approval of fees totaling $918,960.50 ($924,700.00 minus $5,739.50) and costs totaling $35,557.55 ($35,634.14 minus $76.59) for K&E's services from April 1, 2004, through June 30, 2004.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
    Warren H. Smith
    Texas State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 1275
Dallas, Texas 75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 18th day of November, 2004.

_____
Warren H. Smith

## SERVICE LIST
### Notice Parties

**The Applicant**

James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

**The Debtors**

David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**

James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**

Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**

Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**

Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**

Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**

Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801