**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **In Re:** | § | **Chapter 11** |
| | § | |
| **W.R. GRACE & CO., et al.,** | § | **Jointly Administered** |
| | § | **Case No. 01-01139 (JKF)** |
| **Debtors.** | § | |
| | § | |

**FEE AUDITOR'S FINAL REPORT REGARDING**
**FEE APPLICATION OF LATHAM & WATKINS LLP**
**FOR THE THIRTEENTH INTERIM PERIOD**

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Fee Application of Latham & Watkins, LLP for the Thirteenth Interim Period (the "Application").

**BACKGROUND**

1. Latham & Watkins, LLP (L&W) was retained as special environmental counsel to the Debtors. In the Application, Latham seeks approval of fees totaling $211,719.00 and costs totaling $6,927.50 for its services from December 1, 2003, through June 30, 2004[1].

2. In conducting this audit and reaching the conclusions and recommendations contained

[1]L&W's retention order was entered June 16, 2004, effective nunc pro tunc from April 1, 2001. In the Application, L&W states, "L&W has been the Debtors' longtime legal advisor with respect to liability and responsibility for historical environmental contamination at a facility located in Fords, New Jersey that was formerly owned and operated by W,R. Grace & Co. - Conn. (The "Site") and with respect to environmental regulatory requirements related to the remediation of the Site. During the Debtors' pending bankruptcy, Debtors compensated L&W as a professional in the ordinary course. Beginning with the December 2003 billing cycle, Debtors ceased remitting monthly payments due to concerns regarding the aggregate cap on fees governing professionals in the ordinary course. As such, Debtors sought to have L&W retained as Special Environmental Counsel."

herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued January 30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served on L&W an initial report based on our review, and received a response from L&W, portions of which response are quoted herein.

**DISCUSSION**

3. In our initial report, we noted nine fee entries totaling 21.1 hours and $6,941.00 for time spent on conflict checks. The entries are provided as Exhibit A. Ordinarily, time spent performing the conflict checks required as a condition of a firm's employment is not compensable. *See In re ACT Manufacturing, Inc.*, 281 B.R. 468, 490 (Bankr.D.Mass. 2002); *In re Sterling Chemicals Holdings, Inc.*, 293 B.R. 701, 704 (Bankr.S.D.Tex. 2003). )(Court ruled 2014(a) compliance efforts to be compensable). We asked L&W to explain why it believes the referenced activities should be compensable. L&W's response is provided as Response Exhibit 1. We accept this explanation and offer no objection to these fees.

4. We noted a meal expense totaling $235.25 which lacks sufficient detail to properly assess it. The entry is provided below.

| 04/29/04 | MEALS-LOCAL | MEALS-LOCAL-D&D | J MCGAHREN | 235.25 |
|---|---|---|---|---|

CATERING PLUS

We asked L&W to provide additional information regarding this expense. L&W responded as follows:

> According to John McGahren, the $235.25 meal expense was incurred on April 29, 2004, during a lunch meeting of representatives of W.R. Grace and Hatco Corporation in preparation for a subsequent meeting that afternoon with the New Jersey Department of Environmental Protection to discuss remediation activities at the Hatco facility. There were eight (8) people who attended that lunch meeting.

We appreciate the response. We recommend a ceiling of $25 per person for lunch. Thus we recommend a reduction of $35.25 in expenses.

**CONCLUSION**

5. Thus we recommend approval of fees totaling $211,719.00 and costs totaling $6,892.25 ($6,927.50 minus $35.25) for L&W's services from December 1, 2003, through June 30, 2004.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By:______________________________
Warren H. Smith
Texas State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 1275
Dallas, Texas 75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 18th day of November, 2004.

Warren H. Smith

**SERVICE LIST**

Notice Parties

**The Applicant**
John McGahren
Latham & Watkins LLP
One Newark Center, 16th Floor
Newark, New Jersey 07101

**The Debtors**

David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**

James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**

Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**

Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph,Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**

Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**

Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**

Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801

Exhibit A

| | | | |
|---|---|---|---|
| WUNDERLE | 12/30/03 | .50 | MEETING WITH J. LEJAVA ABOUT CREATING A CHART FOR CONFLICT CHECK; WORK REGARDING CHART FOR CONFLICT CHECK |
| WUNDERLE | 12/31/03 | 2.00 | WORK REGARDING CHART FOR CONFLICT CHECK REVIEW |
| LEJAVA | 01/02/04 | 4.80 | CONTINUED TO REVIEW CONFLICTS CHECKS AS FORWARDED BY CONFLICTS DEPARTMENT FOR PURPOSES OF PREPARATION AS SPECIAL COUNSEL |
| LEJAVA | 01/07/04 | .60 | TELEPHONE CALL WITH S. SORRELL REGARDING PROCESSOF PERFORMING CONFLICTS CHECK FOR BECOMING SPECIAL COUNSEL;PREPARED BRIEF E-MAIL TO S. SORRELL REGARDING SPECIAL COUNSEL |
| LEJAVA | 02/10/04 | .30 | DISCUSSION WITH S. SORRELL REGARDING SCOPE OF CONFLICTS REVIEW |
| WUNDERLE | 02/23/04 | .50 | MEETING WITH J. LEJAVA AND K. BARRETT REGARDING CONFLICT CHECK PROJECT; TELEPHONE CALL WITH L. RUGGIERO REGARDING CONFLICT CHECK PROJECTS |
| BARRETT | 02/24/04 | 6.70 | REVIEW CONFLICT CHECKS |
| WUNDERLE | 02/24/04 | 4.20 | PRINT AND ORGANIZE CONFLICT CHECK REPORTS; REVIEW FILED DOCUMENTS REGARDING BANKRUPTCY CASE; TELEPHONE CALL WITH K. BARRETT REGARDING PROCEDURE FOR REVIEW OF REPORTS; MEETING WITH J. LEJAVA AND K. BARRETT REGARDING PROCEDURE FOR REVIEWING REPORTS |
| BARRETT | 02/28/04 | 1.50 | REVIEW CONFLICTS CHECKS |

Response Exhibit 1

Latham has served as environmental counsel to W.R. Grace with respect to the Hatco facility in Fords, New Jersey since November 1999. W.R. Grace owned and operated this facility for many years prior to its sale to Hatco Corporation. Subsequent to the sale of the property, contamination was discovered on-site. Latham has assisted W.R. Grace in its efforts to remediate this facility and ensure compliance with applicable environmental laws.

Upon W.R. Grace's filing of its Chapter 11 Petition in April 2001, Latham continued to act as environmental counsel to the company with respect to the Hatco facility as a professional in the ordinary course. Then, in December 2003, W.R. Grace ceased remitting monthly payments against Latham invoices due to its concerns regarding the aggregate cap on fees imposed on professionals in the ordinary course. W.R. Grace requested that Latham file an application to be retained as special environmental counsel so that Latham could continue to function as the company's environmental counsel.

In accordance with the section 327(e) of title 11 of the Bankruptcy Code, and Federal Rule of Bankruptcy Procedure 2014, Latham prepared an application to serve as special counsel. As part of the application process, Latham was required to perform a conflicts check to be able to satisfies the disclosure requirements of Code Section 327(e) and Federal Rule of Bankruptcy Procedure 2014(b). Without performing this check, Latham, and more particularly, partner John McGahren, would not be able to certify that the firm does not hold or represents any interest adverse to the estate other than as disclosed. The conflicts check was <u>not</u> performed for purposes of being initially retained by W.R. Grace as required by the ethical canons – that conflicts check had been performed many years earlier. Performance of the conflicts check at issue here squarely falls within the exception set forth in <u>In Re Sterling Chemicals Holdings, Inc.</u>, 293 B.R. 701 (Bankr.S.D.Tex. 2003). Accordingly, Latham is entitled to the entire $6,941.00 set forth in its interim fee application.