# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | § | |
| | § | **Chapter 11** |
| **W.R. GRACE & CO., et al** | § | **Jointly Administered** |
| | § | **Case No. 01-1139 (JJF)** |
| Debtors | § | |

## FEE AUDITOR'S FINAL REPORT REGARDING
## FEE APPLICATION OF PROTIVITI, INC.
## FOR THE THIRTEENTH INTERIM PERIOD

This is the final report of Warren H. Smith & Associates, acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the <u>Application of Protiviti, Inc. for the Thirteenth Interim Period</u> (the "Application").

## BACKGROUND

1.      Protiviti, Inc. (Protiviti) was retained as Sarbanes Oxley compliance advisors for the Debtors.  In the Application, Protiviti seeks approval of fees totaling $824,025.00 and expenses totaling $114,439.40 for its services from April 1, 2004,  through June 30, 2004.

2.      In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued January 30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of

Delaware, and the Third Circuit Court of Appeals.  We served on Protiviti an initial report based on

our review, and received a response from Protiviti, portions of which response are quoted herein.

### DISCUSSION

3.    In our initial report, we noted three travel entries totaling $407.00 that appear to

describe non-working travel time and should therefore be billed at 50% the normal rate.  The entries

are provided below.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 04/20/04 | TD | 0.60 | 105.00 | Return to Cutis Bay | | | |
| 04/22/04 | TD | 0.70 | 122.50 | Travel form Columbia to Curtis Bay | | | |
| 15-Jun-04 | | Travel to BWI train station to pick up Celeste Loredo, the new senior for Protiviti's WR Grace project team. | | | $150.00 | 1.2 | $180.00 |

We asked Protiviti to explain why these entries should not be reduced by 50%.  Protiviti responded

as follows:

> The entries noted can be considered non-working travel time, and the related fees
> should be reduced by half.

We appreciate the response and recommend reducing the first two entries by 50% or $113.75.  We

believe the third entry should not be compensable.  Thus we recommend a reduction of $293.75 in

fees.

4.    We noted eight entries totaling $1,685.00 for the billing of time or related activities.

The entries are provided below.

| | | | | |
|---|---|---|---|---|
| 11-May-04 | Update my own time and expenses summary for recent activity. (Victor Blanchard) | $275.00 | 1.0 | $275.00 |
| 4-May-04 | Collect payroll time cards | $175.00 | 1.2 | $210.00 |
| 4-May-04 | Review time cards | $175.00 | 1.5 | $262.50 |
| 5-May-04 | Call Dave Fairchild re time cards | $175.00 | 0.3 | $ 52.50 |
| 5-May-04 | Collect missing time cards from Vanessa Williams | $175.00 | 0.6 | $105.00 |
| 5-May-04 | Review time-keeping gaps with Art Sorak | $175.00 | 0.6 | $105.00 |
| 5-May-04 | Review time-keepings with John Barnes | $175.00 | 1.5 | $262.50 |
| 15-Jun-04 | Catch-up on own time and expense tracking and support | $275.00 | 1.5 | $412.50 |

Compilation of billable time is normally viewed as a standard administrative overhead activity and thus not compensable.   We asked Protiviti to explain why time spent on the cited entries should be billable. Protiviti responded as follows:

> The one hour incurred by Victor Blanchard on May 11, 2004, is in fact related to the tracking of time for billing purposes as required pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Court's 'Amended Administrative Order Under 11 U.S.C.  §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members', signed April 17, 2002 (the "Amended Administrative Order"), amending the Court's 'Administrative Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code Establishing Procedures for Allowance and Payment of Monthly Interim Compensation and Reimbursement of Expenses of Professionals', entered May 3, 2001.
>
> The remaining entries totaling 7.2 hours / $1,410.00 are not related to the tracking of time for billing purposes, but are in fact Sarbanes-Oxley Section 404 documentation and testing procedures being performed on the W.R. Grace payroll process.  This activity is directly related to Protiviti's appointment as W.R. Grace's Sarbanes-Oxley Compliance Advisors and is fully compensable.

We appreciate the response; however, we believe Victor Blanchard's time submitted for updating his own time and expenses should not be compensated.  Thus we recommend a reduction of $275.00 in fees.

5.    We noted six meal entries totaling $780.88 that may be excessive.  The entries are provided below.

| 23-Mar-04 | Dinner at Hilton Hobby Airport Houston alone | $54.00 | |
|---|---|---|---|
| 30-May-04 | Lunch alone at Tivoli Rest, Worms, Germany | | $42.86 |
| 30-May-04 | Dinner-London-Levantine Restaurant | | $59.38 |
| 30-May-04 | Breakfast at Arabella Sheraton in Munich Germany w/KStrickler (in lieu of going home) | $89.87 | |
| 10-Jun-04 | Dinner at TGI Fridays in London England with M Petito L VanLoan, J Martin for Grace | $282.62 | |

3-Jun-04      Dinner at Rascati in London with Loren VanLoan, Ryan    $252.15

                Heaps, John Martin and myself

We recommend ceilings of $15 per person for breakfast, $25 per person for lunch and $50 per person for dinner. We asked Protiviti to explain why the cited entries should not be viewed as excessive. Protiviti's response is provided as Response Exhibit 1. While we appreciate the response, we do not believe that the reasons given are sufficient for us to deviate from the suggested ceilings. Therefore we recommend a reduction of $225.88 in expenses.

6.      We noted 16 charges for laundry totaling $685.90 that may not be subject to reimbursement. The entries are provided as Exhibit A. Paragraph II.E. of the Guidelines states, "[a]ny expense for which reimbursement is sought must be actual and necessary and supported by documentation as appropriate." Recent guidelines from the Office of the United States Trustee further support the position that laundry and dry cleaning expenses while traveling should not be reimbursed by the estate. We asked Protiviti to explain why these costs should be reimbursed. Protiviti responded as follows:

> At the request of W.R. Grace, many of our consultants were requested to travel internationally for extended periods of time (the trips in question were either three or four weeks in duration without returning home in between weeks). All of the laundry expenses noted were necessary in order to have clean clothing beyond the first week or two, and all of the expenses were properly supported by documentation, generally consisting of hotel invoices. In addition, the Vice President of Internal Audit for W.R. Grace (responsible for day-to-day leadership of the Grace's Sarbanes-Oxley compliance project) has expressed his opinion that all of the highlighted laundry expenses should be reimbursed. The full amount associated with laundry / travel expenses should be compensable.

While we appreciate the response, we believe that laundry and dry cleaning expenses are noncompensable, and thus we recommend a reduction of $685.90 in expenses.

## CONCLUSION

7.    Thus we recommend approval of fees totaling $823,456.25 ($824,025.00 minus $568.75) and expenses totaling ($114,439.40 minus $911.78) for Protiviti's services from April 1, 2004, through June 30, 2004.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES**

By:_____
        Warren H. Smith
        Texas State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 1275
Dallas, Texas  75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 18th day of November, 2004.

_____
        Warren H. Smith

# SERVICE LIST
Notice Parties

**The Applicant**

Marie Hendrixson
Protiviti, Inc.
The Wanamaker Building
100 Penn Square East
4th Floor
Philadelphia, PA 19107

**The Debtors**

David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**

James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones,
P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of
Unsecured Creditors**

Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of
Property Damage Claimants**

Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price &
Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph,Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of
Personal Injury Claimants**

Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE  19801

**Official Committee of Equity Holders**

Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**

Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801

Exhibit A

| 23-Mar-04 | Laundry service used at Le Meridien hotel | $55.40 |
| 28-May-04 | Laundry | $60.54 |
| 15-Jun-04 | Laundry service at Hilton London Paddinton hotel for Grace | $65.66 |
| 5-Jun-04 | Laundry at Prinz Carl Hotel in Worms, Germany | $45.00 |
| 8-Jun-04 | Laundry at Prinz Carl Hotel in Worms, Germany | $55.00 |
| 4-Jun-04 | Laundry | $71.75 |
| 17-Jun-04 | Laundry | $66.30 |
| 17-Jun-04 | Laundry | $67.16 |
| 1-Jun-04 | Laundry | $40.18 |
| 4-Jun-04 | Laundry | $21.20 |
| 8-Jun-04 | Laundry | $24.92 |
| 9-Jun-04 | Laundry | $23.68 |
| 12-Jun-04 | Laundry | $21.33 |
| 14-Jun-04 | Laundry | $ 3.97 |
| 15-Jun-04 | Laundry | $37.82 |
| 16-Jun-04 | Laundry | $ 4.22 |

Response Exhibit 1

- <u>March 23, 2004 for $54.00</u>:  Kevin Strickler's total meal cost for the day in question was $63 because he chose to skip and work through lunch.  According to the recommended guidelines, the daily ceiling totals $90 including breakfast, lunch and dinner.  Mr. Strickler's total meal cost for the day is $27 less than that recommended total.  The $54.00 should be compensable.

- <u>May 30, 2004 for $42.86</u>:  Robert Purvis' total meal cost for the day in question was approximately $64 having chosen to skip breakfast.  In addition, restaurants are in limited supply in the small town of Worms Germany, and even fewer are open on a Sunday, which May 30, 2004 was, in a country that still observes "blue laws" or limited business activity on Sundays.  The $42.86 should be compensable.

- <u>May 30, 2004 for $59.38</u>:  John Martin's dinner cost of $59.38 is reasonable given the general cost of living in London England.  In general, all of the expenses incurred during our Sarbanes-Oxley Section 404 documentation and testing procedures in London were high for this same reason.  Therefore, the $59.38 should be compensable.

- <u>May 30, 2004 for $89.87</u>:  Victor Blanchard and Kevin Strickler incurred a total of $185.21 on the day in question for breakfast, lunch and dinner.  According to the recommended ceilings, Mr. Blanchard and Mr. Strickler came in under the recommended ceiling by $7.39 each.  The $89.87 should be compensable.

- <u>June 10, 2004 for $282.62</u>:  The location of the dinner in question was selected because of its relatively low cost as compared to other restaurants in London England.  The average cost of $70/person is higher than the recommended ceilings, but is relative low as compared to the potential cost of meals in this city.  The conversion rate at the time of this visit was approximately 1.8 to 1; resulting in all expenses being nearly double what would be experienced in the United States.

<u>June 3, 2004 for $252.15</u>:  The location of this dinner was also selected because of its relatively low cost as compared to other restaurants in London England.  The average cost of $63/person is higher than the recommended ceilings, but is relatively low as compared to the potential cost of meals in this city.  The conversion rate at the time of this visit was approximately 1.8 to 1; resulting in all expenses being nearly double what would be experienced in the United States.