UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., et al., | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

**FEE AUDITOR'S FINAL REPORT REGARDING
FEE APPLICATION OF SWIDLER BERLIN SHEREFF FRIEDMAN, LLP
FOR THE THIRTEENTH INTERIM PERIOD**

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Fee Application of Swidler Berlin Shereff Friedman, LLP for the Thirteenth Interim Period (the "Application").

### BACKGROUND

1. Swidler Berlin Shereff Friedman, LLP (SBSF) was retained as counsel to David T. Austern, legal representative for future asbestos claimants. In the Application, SBSF seeks approval of fees totaling $120,681.00 and costs totaling $15,846.02 for its services from May 1, 2004, through June 30, 2004.

2. In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued

January 30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served on SBSF an initial report based on our review, and received a response from SBSF, portions of which response are quoted herein.

## DISCUSSION

3.    In our initial report, we noted repeated fee entries totaling 19.1 hours and $3,840.00 for time spent on retention issues and conflict checks. The entries are provided as Exhibit A. Ordinarily, time spent performing the conflict checks required as a condition of a firm's employment is not compensable. *See In re ACT Manufacturing, Inc.*, 281 B.R. 468, 490 (Bankr.D.Mass. 2002); *In re Sterling Chemicals Holdings, Inc.*, 293 B.R. 701, 704 (Bankr.S.D.Tex. 2003). )(Court ruled 2014(a) compliance efforts to be compensable). We believe that the activities referenced in Exhibit A may not qualify for the exception provided by the Sterling court, but are indicative of a firm's ethical responsibilities. We asked SBSF to explain why it believes the referenced activities should be compensable. SBSF's response is provided as Response Exhibit 1. While we appreciate the response, it does not change the appearance that all of these time entries are non-compensable, and thus we recommend a reduction for all of these time entries, for a reduction of $3,840.00 in fees.

4.    We noted an entry for non-working travel totaling $650.00 that may be excessive. The entry is provided below.

| Date | Name | Description | Hours |
|---|---|---|---|
| 06/28/04 | Roger L. Frankel | Non-working travel to New York for meetings with Committee counsel. | 1.00 |

Rule 2016-2(d)(viii) states, "Travel time during which no work is performed shall be separately

described and may be billed at no more than 50% of regular hourly rates." While the entry is designated as non-working travel, the time appears to have been charged at the regular hourly rate. We asked SBSF to explain why this fee should not be reduced by 50%. SBSF responded as follows:

> We agree to reduce the entry for non-working travel totaling $605.00 by 50%, to $302.50.

We appreciate the response and recommend a reduction of $302.50 in fees.

## CONCLUSION

5.   Thus we recommend approval of fees totaling $116,538.50 ($120,681.00 minus $4,142.50) and costs totaling $15,846.02 for SBSF's services from May 1, 2004, through June 30, 2004.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By:_____
     Warren H. Smith
     Texas State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 1275
Dallas, Texas  75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 18th day of November, 2004.

                                              _____
                                                    Warren H. Smith

## SERVICE LIST
<u>Notice Parties</u>

**The Applicant**

Roger Frankel
Richard H. Wyron
Swidler Berlin Shereff Friedman, LLP
3000 K Street, NW, Suite 300
Washington, DC 20007

**The Debtors**

David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**

James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**
Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**
Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph,Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**

Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**

Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**

Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801

**FEE AUDITOR'S FINAL REPORT** - Page 5
wrg FR Swidler 13int 4-6.04.wpd

Exhibit A

| Date | Name | Description | Hours |
|---|---|---|---|
| 05/27/04 | Richard H. Wyron | Review retention issues and confer with R. Frankel regarding same. | 0.40 |
| 05/31/04 | Matthew W. Cheney | Conference with R. Wyron re conflicts search | 0.10 |
| 06/01/04 | Debra O. Fullem | ...review list of parties to check for conflicts (.5);... | |
| 06/01/04 | Matthew W. Cheney | Review conflicts list. | 0.20 |
| 06/03/04 | Debra O. Fullem | Work on disclosures of conflicts and application to employ. | 5.00 |
| 06/04/04 | Debra O. Fullem | ...prepare e-mails to firm attorneys regarding conflict issues and review numerous responses thereto (1.0);... | |
| 06/08/04 | Debra O. Fullem | ...review of list from Debtor's counsel and process for conflict reports to accounting (.5)... | |
| 06/08/04 | Debra O. Fullem | Conference with M. Cheney regarding case status, including timing of conflict reports and filing of employment application. | 0.50 |
| 06/10/04 | Debra O. Fullem | Conference with M. Cheney regarding status of application to employ and R. Frankel disclosure; review and discuss status of conflict reports. | 0.50 |
| 06/10/04 | Debra O. Fullem | ...numerous follow-up calls and e-mails from various attorneys re conflict information to provide in disclosure (.8); conference with R. Wyron and M. Cheney to review status of documents and conflict reports (.5) | |
| 06/10/04 | Matthew W. Cheney | Conference with D. Fullem re conflicts search. | 0.10 |
| 06/10/04 | Richard H. Wyron | Confer with D. Fullem regarding conflicts reports and follow-up (.9) | |
| 06/11/04 | Debra O. Fullem | Prepare e-mails and responses to e-mails to and from attorneys for follow up on various conflict reports. | 1.00 |
| 06/11/04 | Debra O. Fullem | Review conflict report on professionals employed in the case. | 0.50 |
| 06/14/04 | Debra O. Fullem | Review conflict reports; prepare follow up e-mails to attorneys as necessary regarding additional infromation. | 1.00 |
| 06/14/04 | Richard H. Wyron | ...review Ryan conflict resolution (.2); follow-up on disclosure information (.8); revise R. Frankel declaration (.4) | |
| 06/15/04 | Matthew W. Cheney | Conference with R. Wyron and D. Fullem re application and disclosure statement. | 0.90 |
| 06/21/04 | Richard H. Wyron | Review updated conflicts system reports (.3); work on response to US trustee's inquiry (.9); draft email response (.3). | 1.50 |
| 06/22/04 | Debra O. Fullem | Finish review of remaining conflict reports from | 2.60 |

**FEE AUDITOR'S FINAL REPORT** - Page 6
wrg FR Swidler 13int 4-6.04.wpd

| | | | |
|---|---|---|---|
| | | accounting (1.0); prepare summary of same (1.0); review summary with Richard Wyron (.2); prepare emails to a attorneys regarding follow up information in reports (.4). | |
| 06/04/04 | Matthew W. Cheney | Draft correspondence to J. Brownstein re conflicts search | 0.20 |

Response Exhibit 1

Based upon the Report and the case law cited, SBSF agrees that time spent performing conflicts checks required as a condition of a firm's employment, as a matter of professional responsibility and ethical obligations, is not ordinarily compensable. We believe, however, that certain of the time entries described in Exhibit A to the Report fall into the exception articulated by the Court in In re Sterling Chemicals Holdings, Inc., 293 B.R. 701 (Bankr. S.D. Tex. 2003), and therefore are compensable.

While the process of identifying any conflicts was relatively straightforward, the process of identifying any and all of SBSF's "connections" for purposes of SBSF's Bankruptcy Rule 2014(a) disclosures required more detailed work. In order to comply with its Bankruptcy Rule 2014(a) obligations, SBSF requested and received from Debtors' counsel a list of interested parties (the "Listed Parties"). The Debtors apparently prepared this list sometime ago but had not updated it. The "Listed Parties" were then circulated by e-mail to each attorney employed at SBSF in order to elicit, among other things, whether SBSF had any connections with the Listed Parties. Additionally, SBSF's computerized database of client matters was reviewed with a view toward determining whether SBSF had any reported connections with the Listed Parties. If the computerized database or a response to the attorney e-mail described above identified a potential connection between SBSF and a Listed Party, one of the SBSF lawyers supervising this process contacted the responsible attorney(s) and elicited information to discern the nature and scope of the connection for appropriate disclosure pursuant to Bankruptcy Rule 2014(a). These activities constituted reasonable and necessary efforts to comply with the disclosure requirements of Bankruptcy Rule 2014(a), and therefore are compensable under Sterling Chemicals.

SBSF's time records included all work relating to both conflicts and connections, not just the work involving Rule 2014(a) disclosures. Thus, SBSF agrees to reduce its request for compensation to reflect this fact. It is difficult, however, to draw the line precisely between conflicts searches relating to ethical obligations and those required under Rule 2014, since there is some overlap. SBSF was retained and the FCR was appointed three years after the case began, which required that SBSF review data not only from the Debtors old list but also that update the identities of parties appearing in the case within the past three years (since the debtors apparently have not done so), and process those names through its system in the manner described above to identify potential connections. In an effort to respond to the Report, but at the same time reflect the burden placed upon SBSF under these circumstances under Rule 2014, SBSF proposes that we resolve this item on this fee application by reducing its request for this period by $1,920.00, or 50% of the amount identified in paragraph 3 of the Report.[1]

---

[1] SBSF billed for similar work in subsequent months, and is willing to address any concerns on later months' filings after the Fee Auditor has had the chance to review these statements in due course.