IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | Jointly Administered |

Objection Deadline: January 7, 2005, at 4:00 p.m. Eastern time
Hearing Date: January 24, 2005, at 12:00 p.m. Eastern time

## DEBTORS' SEVENTH MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. § 1121(d) EXTENDING DEBTORS' EXCLUSIVE PERIODS IN WHICH TO FILE A CHAPTER 11 PLAN AND TO SOLICIT VOTES THEREON

The above-captioned debtors and debtors-in-possession (collectively, the

"Debtors") hereby move the Court (the "Motion") for entry of an order, pursuant to section

1121(d) of title 11 of the United States Code (as amended, the "Bankruptcy Code"), (a)

extending the period under section 1121(b) of the Bankruptcy Code during which the Debtors

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

have the exclusive right to file a chapter 11 plan of reorganization (the "Exclusive Filing Period") and (b) extending the period under section 1121(c)(3) of the Bankruptcy Code during which the Debtors have the exclusive right to solicit acceptances thereof (the "Exclusive Solicitation Period" and, together with the Exclusive Filing Period, the "Exclusive Periods").

The Court should grant the Motion because the Debtors have made substantial progress towards developing a confirmable chapter 11 plan of reorganization in these chapter 11 cases, and the requested relief will allow the Debtors to complete the plan process and perhaps develop a consensus among their creditors with respect to the plan. The Debtors filed their Disclosure Statement and Plan of Reorganization on November 13, 2004. While not a joint plan, the equity committee has indicated general support for the plan and the Official Committee of Unsecured Creditors has only one open issue of significance to be resolved. However, the Asbestos Committees and the Future Claimants Representative do not currently support the plan. The requested relief would afford the Debtors an opportunity to complete the confirmation process, respond to objections, and continue to negotiate with the asbestos parties, without the distraction of addressing competing plans.

## Background

1.      On January 28, 2004, the Debtors filed their Sixth Motion for an Order Pursuant to 11 U.S.C. § 1121(d) Extending Debtors' Exclusive Periods In Which to File a Chapter 11 Plan and to Solicit Votes Thereon (the "Sixth Motion").

2.      The Sixth Motion was heard during the Debtors' March omnibus hearing, and the Bankruptcy Court (i) directed the Debtors to either: (a) file a motion to appoint a legal representative for future asbestos claimants in these bankruptcy cases or (b) file a statement that

2

the Debtors' would not propose a reorganization plan that included a 524(g) injunction; and (ii) continued the extension motion pending the resolution of such matters.

3.      On April 19, 2004, the Debtors filed the Application of Debtors pursuant to 11 U.S.C. §§ 105, 327 and 524(g)(4)(B)(i), for the appointment of a Legal Representative for Future Asbestos Claimants.  On May 24, 2004, the Court entered an order appointing David T. Austern as the legal representative for future asbestos claimants (the "Future Claimants Representative" in these bankruptcy cases.

4.      On June 16, 2004, the Court entered an order (i) extending the Debtors' exclusive period to file a reorganization plan (or plans) through and including November 24, 2004, (ii) extended the Debtors' exclusive solicitation period through and including January 24, 2005, and (iii) directing the Debtors to file a chapter 11 plan no later than October 14, 2004.

5.      On October 14, 2004, the Debtors filed a *Motion for Entry of an Order Extending the Time Within Which the Debtors Must File a Chapter 11 Plan*, by which the Debtors asked the Court to extend the Debtors' deadline for filing a chapter 11 plan through November 15, 2004.  While the Debtors were prepared to file a plan and disclosure statement on October 14, 2004,  sufficient progress had been made in discussions among the Debtors, the Future Claimants Representative, the Official Committee of Asbestos Personal Injury Claimants, and the Official Committee of Asbestos Property Damage Claimants (collectively, the "Asbestos Parties") for the parties to conclude that additional negotiations could lead to a consensual chapter 11 plan.  The Debtors and the Asbestos Parties also felt at that time that the settlement process would have been hindered if the Debtors' filed a plan of reorganization on October 14,

3

2004. Accordingly, the Debtors requested an extension through November 15, 2004, and the Asbestos Parties supported this request.

6.    On October 25, 2004, the Court entered an order extending the Debtors' deadline for filing a chapter 11 plan until November 15, 2004.

7.    On November 13, 2004, the Debtors filed several documents, which included their: (i) Plan of Reorganization, (ii) Disclosure Statement, (iii) Motion for Entry of an Order Seeking the Estimation of Asbestos Claims and Certain Related Relief, (iv) Motion for Entry of a Case Management Order Establishing Protocols for Litigating Asbestos-Related Claims Following Plan Confirmation, and (v) Motion for the Entry of an Order Establishing Procedures for Soliciting and Tabulating Votes for the Plan of Reorganization (collectively, the "Plan Materials").

8.    The Plan of Reorganization filed on November 13, 2004 is not a consensual plan. However, the Debtors, the Asbestos Parties, the Official Committee of Equity Holders (the "Equity Committee") and the Official Committee of Unsecured Creditors (the "Unsecured Creditors Committee") continue to discuss the potential for a consensual plan.

### Relief Requested

9.    By this Motion, the Debtors seek to extend the Exclusive Filing Period six months through and including May 24, 2005. The Debtors also seek to extend the Exclusive Solicitation Period six months, through and including July 24, 2005. The Debtors further request that such an order be without prejudice to the Debtors' rights to seek additional extensions of the Exclusive Filing Period and the Exclusive Solicitation Period.

4

**Basis for Relief**

10.    Section 1121(d) of the Bankruptcy Code grants this Court authority to extend the Exclusive Periods "for cause" after notice and a hearing. Although the term "cause" is not defined by the Bankruptcy Code, the legislative history indicates that it is to be viewed flexibly "in order to allow the debtor to reach an agreement." H.R. Rep. No. 95, 95th Cong., 1st Sess. 232 (1997); see also, In re McLean Indus., Inc., 87 B.R. 830, 833 (Bankr. S.D.N.Y. 1987) (quoting H.R. Rep. No. 595, 95th Cong., 2d Sess. 231 (1978), reprinted in 1978, U.S.C.C.A.N. 5963, 6190); and In re Public Serv. Co. of New Hampshire, 88 B.R. 521, 534 (Bankr. D.N.H. 1988) ("legislative intent . . . [is] to promote maximum flexibility").

11.    To facilitate this legislative intent, a debtor should be given a reasonable opportunity to negotiate an acceptable plan with creditors and to prepare adequate financial and nonfinancial information concerning the ramifications of any proposed plan for disclosure to creditors. See, e.g., McLean Indus., 87 B.R. at 833-34; In re Texaco Inc., 76 B.R. 322, 327 (Bankr. S.D.N.Y. 1987). The decision to extend a debtor's Exclusive Periods is committed to the sound discretion of the bankruptcy court based upon the facts and circumstances of each particular case. See, e.g., First American Bank of New York v. Southwest Gloves and Safety Equip., Inc., 64 B.R. 963, 965 (D. Del. 1986).

12.    Courts have relied on a variety of factors to determine whether cause exists to extend the Exclusive Periods, each of which may provide sufficient grounds for such an extension. These factors include (1) the size and complexity of the case, (2) the necessity of sufficient time to negotiate and prepare adequate information, (3) the existence of good faith progress toward reorganization, (4) whether the debtor is paying its debts as they come due, (5)

5

whether the debtor has demonstrated reasonable prospects for filing a viable plan, (6) whether

the debtor has made progress in negotiating with creditors, (7) the length of time the case has

been pending, (8) whether the debtor is seeking the extension to pressure creditors and (9)

whether unresolved contingencies exist. See In re Express One International, Inc., 194 B.R. 98,

100 (Bankr. E.D. Tex. 1996) (finding cause to extend the Exclusive Periods where the debtor has

been diligent in its attempts to reorganize and the extension was not sought for an indefinite

period); see also, In re Gibson & Cushman Dredging Corp., 101 B.R. 405, 409-10 (E.D.N.Y.

1989) (listing some of the above-referenced factors); In re Grand Traverse Development Co. Ltd.

Partnership, 147 B.R. 418, 420 (Bankr. W.D. Mich. 1992) (same); In re General Bearing Corp.,

136 B.R. 361, 367 (Bankr. S.D.N.Y. 1992) (same); and In re Southwest Oil Co. of Jourdanton,

84 B.R. 448, 451-54 (Bankr. W.D. Tex. 1987) (same).

## Argument

13.     The Debtors submit that each of the above-described factors support

extending the Exclusive Filing Period and the Exclusive Solicitation Period. These chapter 11

cases were filed as a result of mounting asbestos-related litigation liabilities. Defining these

liabilities and then providing for the payment of valid claims on a basis that preserves the

Debtors' core business operations is a complex process that is central to resolving these chapter

11 cases. The Debtors have filed Plan Materials that present a comprehensive process for

defining, estimating and liquidating such liabilities. However, to the extent that any parties file

responses or objections to any of the Plan Materials, the relief requested herein would afford the

Debtors an opportunity to pursue discussions with any such parties, without the ancillary

distraction of addressing potential, competing plans. Further, the Debtors, the Asbestos Parties,

6

the Unsecured Creditors Committee, and the Equity Committee continue to engage in

discussions concerning a consensual plan. The requested relief would allow the Debtors a

meaningful opportunity, now that the Plan Materials have been filed, to pursue confirmation of

the plan as well as continue discussions with other constituents regarding amendments that could

result in a consensual plan.

14.     Further, at all times during the course of these chapter 11 cases, the

Debtors have acted in good faith and have continued to pay their post-petition obligations. In

light of these circumstances, the Debtors clearly are not seeking a further extension in order to

unduly pressure creditors, nor will such an extension harm the Debtors' creditors or other parties

in interest.

15.     Instead, the Debtors seek an extension so that they may pursue

confirmation of their plan as well as discussions with the Asbestos Parties and other constituent

groups to develop a consensus on the plan. Terminating the Exclusive Periods would defeat the

primary purpose of section 1121 of the Bankruptcy Code, which is to afford the Debtors a

meaningful and reasonable opportunity to negotiate with their creditors and to then propose and

confirm a consensual plan of reorganization.

16.     Further, in light of the size and complexity of these chapter 11 cases and

in light of the current time frame for resolving the case management and litigation protocol

issues, which are elemental components of the proposed plan, the Debtors' request for an

extension of six months is reasonable. Given the extremely unusual length of time to set a bar

date and the unexpected delays related to the motion to recuse Judge Wolin , the Debtors'

request is not beyond the range of extensions granted by this and other courts in large

7

reorganization cases, which did not involve such complexities in their administration. <u>See</u>, <u>e.g.</u>, <u>In re Loewen Group Int'l, Inc.</u>, Case No. 99-1244 (PJW) (Bankr. D. Del. June 1, 1999) (Exclusive Periods extended for 25 months because ongoing litigation complicated the resolution of the chapter 11 case). Indeed, even when no complex litigation was key to resolving chapter 11 cases, courts have routinely granted Exclusive Period extensions covering several years. <u>See</u>, <u>e.g.</u>, <u>In re Phar-Mor, Inc.</u>, Case No. 92-41599 (Bankr. N.D. Ohio) (Exclusive Periods extended approximately three years).

17.     Accordingly, extending the Exclusive Periods a further six months as requested by the Debtors is reasonable and appropriate under the circumstances.

### Notice

18.     Notice of this Motion has been given to (i) the Office of the United States Trustee, (ii) counsel to the debtor-in-possession lenders, (iii) counsel to the committees appointed by the United States Trustee and (iv) those parties that requested papers under Fed. R. Bankr. P. 2002.

DOCS_DE:102928.1

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto: (i) extending the Debtors' Exclusive Filing Period through and including May 24, 2005, (ii) extending the Debtors' Exclusive Solicitation Period through and including July 24, 2005, (iii) without prejudice to the Debtors' rights to seek additional extensions of the Exclusive Filing Period and the Exclusive Solicitation Period, and (iv) granting such other relief as may be fair and equitable.

Dated: November 23, 2004

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet S. Baer
Samuel L. Blatnick
200 East Randolph Drive
Chicago, Illinois 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

and

PACHULSKI, STANG, ZIEHL, YOUNG, JONES &
WEINTRAUB P.C.

David W. Carickhoff, by SGh 4283

Laura Davis Jones (Bar No. 2436)
David W. Carickhoff (Bar No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for the Debtors and Debtors in Possession