## Exhibit E

*Motion to Correct the Court's Order Transferring Certain Asbestos Personal Injury Claim Matters to the Honorable Alfred M. Wolin*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., *et al.*, | ) | Case No. 01-1139 (JKF) |
| | ) | |
| Debtors. | ) | **Objection Deadline: 4/15/02 at 4 p.m.** |
| | ) | **Hearing Date: 4/22/02 at 10 a.m.** |
| | ) | **(Only if Objections are Filed)** |

## MOTION OF THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS TO CORRECT THE COURT'S ORDER TRANSFERRING CERTAIN ASBESTOS PERSONAL INJURY CLAIM MATTERS TO THE HONORABLE ALFRED M. WOLIN, D. N.J. [D.I. # 1813]

The Official Committee of Asbestos Personal Injury Claimants (the "P.I. Committee"), by and through its undersigned counsel, hereby moves (the "Motion") for the entry of an Order correcting the Court's Order Transferring Certain Asbestos Personal Injury Asbestos Claim Matters to the Honorable Alfred M. Wolin, D. N.J., dated March 15, 2002 [D.I. # 1813][1] (the "Transfer Order"). In support of the Motion, the P.I. Committee respectfully represents as follows:

### BACKGROUND

1. On April 2, 2001 (the "Petition Date"), W.R. Grace & Co. and its affiliated debtors in the above-captioned cases (the "Debtors") commenced these proceedings by filing voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") with the Clerk of this Court.

---

[1] All Docket Item references employed herein are drawn from those assigned to the various pleadings on the Court's CM/ECF Website (https://ecf.deb.uscourts.gov/cgi-bin/login.pl?635575432739258-L_20_0-1) as of the date hereof.

{D0001953:1 }

2. Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, the Debtors have continued to operate their businesses and manage their properties as debtors-in-possession since the Petition Date.

3. On April 12, 2001 (the "Appointment Date"), the Office of the United States Trustee appointed the P.I. Committee, pursuant to Section 1102 of the Bankruptcy Code.

4. On or about June 27, 2001, the Debtors filed and served the (a) Motion for Entry of Case Management Order, Establishment of a Bar Date, Approval of the Proof of Claim Forms and Approval of Notice Program [D.I. # 586] (the "Original Bar Date Motion"), (b) Memorandum in Support Thereof [D.I. # 587] (the "Original Memorandum"), and (c) Exhibits Thereto [D.I. # 595] (the "Original Exhibits"). On September 10, 2001, the P.I. Committee filed and served the (a) Opposition of the Official Committee of Asbestos Personal Injury Claimants to Debtors Motion for Entry of Case Management Order, Establishment of a Bar Date, Approval of the Proof of Claim Forms and Approval of Notice Program [D.I. # 902] (the "Original Objection") and (b) Affidavit of Mark Peterson in Support Thereof [D.I. # 903] (the "Peterson Affidavit"). Several other parties also responded to the Original Bar Date Motion.

5. On or about November 10, 2001, the Debtors filed their Motion for Leave to File Omnibus Reply to Various Objections to Debtors' Motion for Entry of Case Management Order, Establishment of a Bar date, Approval of Claim Forms and Approval of the Notice Program [D.I. # 1106] (the "Motion for Leave"). On December 19, 2001, the P.I. Committee filed its Opposition to the Motion for Leave [D.I. # 1388]. No Hearing to consider the Motion for Leave was held. On or about January 3, 2001, the Bankruptcy Court entered an Order granting the Motion for Leave [D.I. # 1504].

6.    No Hearing to consider the Original Bar Date Motion on the merits was ever held. On or about December 10, 2001, Judge Wolin entered the Order (1) Referring Certain Cases to the Bankruptcy Court and (2) Allocating Responsibilities Between the District Court and the Bankruptcy Court [D.I. # 1321] ordering "that the withdrawal of the references is specifically contemplated with respect to asbestos-related claims and issues . . . ." Subsequently, at a conference held on December 20, 2001, Judge Wolin specified that the withdrawal of the reference to the Bankruptcy Court applied to the Original Bar Date Motion. Consequently, on or about February 12, 2002, the Debtors filed and served (a) Debtors' Revised Motion as to All Asbestos Personal Injury Claims for Entry of Case Management Order, Establishment of Bar Date, Approval of the Proof of Claim Forms and of Notice Programs [D.I. # 1664] (the "Revised Bar Date Motion") and (b) Debtors' Consolidated Reply in Support of Thereof [D.I. # 1666]. No Objection Deadline, Briefing Schedule, or Hearing on the Revised Bar Date Motion was ever established. On or about March 15, 2002, the Court entered the Transfer Order.

### RELIEF REQUESTED AND BASIS THEREFOR

7.    The P.I. Committee submits that the Transfer Order contains certain mistakes that are the result of oversight or omission and that the Court may correct these errors. First, although the Transfer Order references the Original Objection as a relevant document, it omits reference to the related and contemporaneously-filed Peterson Affidavit [D.I. # 903]. Second, although the Transfer Order references the Motion for Leave and related Order, it omits reference to the P.I. Committee's Objection thereto [D.I. # 1388] (together with the Peterson Affidavit, the "Omitted Pleadings"). The P.I. Committee submits that the Omitted Pleadings are a part of the record on this matter, should have been referenced in the Transfer Order, and that the Transfer Order should be modified to reflect their inclusion. Additionally, the P.I.

Committee notes that certain other pleadings in the record on this matter should have been included in the Transfer Order or were incorrectly referenced therein.

8.  Rule 60(a) of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable to these proceedings by Rule 9024 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), provides:

> (a) **Clerical Mistakes.** Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.

Fed. R. Civ. P. 60(a).

9.  The P.I. Committee notes that during the pendency of these Chapter 11 cases, the Clerk of the Bankruptcy Court implemented several changes and modifications to the Court's filing and docketing system. The P.I. Committee submits that this may have led to certain mistakes concerning the docket numbers of several pleadings. A review of the Court's CM/ECF website docket reflects numerous entries that are non-sequential or otherwise confusing. The docket numbers contained in the Transfer Order thus do not correctly represent documents that the Court may believe are relevant to the adjudication of the Revised Bar Date Motion.[2]

10.  The Docket Numbers employed in the Transfer Order appear to have been drawn in significant part from the Debtors' Notice of Agenda of Matters Scheduled for Hearing on February 25, 2002 (the "Agenda"). When compared to the CM/ECF docket numbers, the docket numbers contained on the Agenda appear to be incorrect. For example, the Agenda lists the Original Bar Date Motion as "Docket No. 536," the CM/ECF lists the Original Bar Date Motion as Number 586.

---

[2] By way of example, the Transfer Order references Docket Number 621 as a relevant pleading. According to the CM/ECF Docket, Number 621 is an Entry of Appearance on behalf of Nortel Networks, Inc.

11. Additionally, the P.I. Committee believes that the Transfer Order citations to Docket Numbers 620, 621, and 623 were intended to reference the (a) United States Response to Debtors Motion for Entry of a Case Management Order, Motion to Establish Bar Date, Motion to Approve Claim Forms, and Motion to Approve Notice Program [D.I. # 671], (b) Medical Monitoring Claimants' Objection to Debtors' Motion for Entry of Case Management Order, Establishment of Bar Date, Approval of Proof of Claim Forms and Approval of Notice Program, etc. [D.I. # 672], and (c) Zonolite Plaintiffs' Objection to Debtors' Motion for Entry of Case Management Order, Establishment of Bar Date, Approval of Proof of Claim Forms and Approval of Notice Program, etc. [D.I. # 674], respectively. Consequently, the P.I. Committee submits that, if the Court's intention was to include these pleadings in the record of this matter, the Court should further correct the Transfer Order so that the CM/ECF Docket Numbers are substituted for those originally included.

12. Counsel for the P.I. Committee has discussed the relief requested herein with counsel for the Debtors and has provided a draft of the Motion for their review and consideration. The Debtors have no objection to the requested correction of the Transfer Order. Rather, the Debtors have requested that the P.I. Committee seek to have the Transfer Order further corrected to include the Original Bar Date Order [D.I. # 586], Original Memorandum [D.I. # 587], and Original Exhibits [D.I. # 595] (collectively, the "Original Bar Date Pleadings").

## CONCLUSION

WHEREFORE, the P.I. Committee respectfully requests that the Court enter an Order, in substantially the form annexed hereto, (a) correcting the Transfer Order to include the Omitted Pleadings and the Original Bar Date Pleadings, (b) correcting certain docket numbers contained in the Transfer Order so as to reflect the numbers assigned to such pleadings on the Bankruptcy Court's CM/ECF Docket, and (c) granting such other and further relief as the Court deems just and equitable.

CAMPBELL & LEVINE, LLC

/s/Matthew G. Zaleski, III
Matthew G. Zaleski, III (No. 3557)
Chase Manhattan Centre
1201 N. Market Street, 15th Floor
Wilmington, DE 19801
(302) 426-1900

-and-

CAPLIN & DRYSDALE, CHARTERED
Elihu Inselbuch
399 Park Avenue
New York, New York 10022-4614
(202) 319-7125

-and-

CAPLIN & DRYSDALE, CHARTERED
Peter Van N. Lockwood
One Thomas Circle, N.W.
Washington, D.C., 20005
(202) 862-5000

Counsel to the Official Committee
of Asbestos Personal Injury Claimants

Dated: April 5, 2002

{D0001953:1}

6