## Exhibit H

In re PSA, Inc., 2003 WL 22938894 (Bankr. D.Del. Dec. 8, 2003)

K&E 10009899.6

2003 WL 22938894 (Bankr.D.Del.)
Only the Westlaw citation is currently available.

United States Bankruptcy Court,
D. Delaware.
In re PSA, INC, a Delaware Corporation, and affiliates, Debtors.
PSA, INC., Plaintiff,
v.
INTER-WORLD COMMUNICATIONS, INC., Corpserve, S.A. de C.V., World Center of
Video Conferences, S.A. de C.V., Dean Hollis Velazco, and John Remke,
Defendants.
Nos. 00-3570(CGC), 00-3571(CGC), 00-3572(CGC), 00-3718(CGC), 003719(CGC), 00-
3725(CGC), ADV. 02-5565.
Dec. 8, 2003.

**Background:** Chapter 11 debtors brought adversary proceeding against other participants in joint venture to operate telephones in Mexico, and against related entities, asserting claims for turnover of estate property, fraudulent transfers, breach of contract, and conversion of estate assets. Defendants filed motion to abstain.

**Holdings:** The Bankruptcy Court, Case, J., held that:
(1) abstention was not warranted on grounds that proceeding was non-core breach of contract action;
(2) mandatory abstention did not apply, given absence of pending state-court action; and
(3) permissive abstention was not warranted.

Motion denied.

West Headnotes

[1] KeyCite Notes

☞51 Bankruptcy
  ☞51I In General
    ☞51I(E) Reference
      ☞51k2103 k. Withdrawal or Transfer to District Court. Most Cited Cases

☞170B Federal Courts KeyCite Notes
  ☞170BI Jurisdiction and Powers in General
    ☞170BI(B) Right to Decline Jurisdiction; Abstention Doctrine
      ☞170Bk47 Particular Cases and Subjects, Abstention
        ☞170Bk47.5 k. Bankruptcy. Most Cited Cases

Bankruptcy court was not required to abstain from hearing adversary proceeding in which Chapter 11 debtors asserted claims against other participants in joint venture and related entities on grounds that proceeding was non-core breach of contract action, inasmuch as some of debtors' claims, alleging fraudulent transfers and seeking turnover of estate property, were core claims, while other claims, such as claims for breach of contract and conversion, were, at the least, "related to" claims based substantially on state law, and appropriate remedy, to the extent one was required, was to seek withdrawal of the reference, rather than abstention in favor of non-existent proceeding in the Republic of Mexico, in that withdrawal of the reference would solve any jurisdictional and jury trial issues, and denial of withdrawal motion would be explicit determination that bankruptcy court was proper forum. 28 U.S.C.A. § 157.

[2] KeyCite Notes

⇌170B Federal Courts
    ⇌170BI Jurisdiction and Powers in General
        ⇌170BI(B) Right to Decline Jurisdiction; Abstention Doctrine
            ⇌170Bk47 Particular Cases and Subjects, Abstention
                ⇌170Bk47.5 k. Bankruptcy. Most Cited Cases

Mandatory abstention did not apply in adversary proceeding for which there was no parallel pending state-court action. 28 U.S.C.A. § 1334(c)(2).

[3] KeyCite Notes

⇌170B Federal Courts
    ⇌170BI Jurisdiction and Powers in General
        ⇌170BI(B) Right to Decline Jurisdiction; Abstention Doctrine
            ⇌170Bk47 Particular Cases and Subjects, Abstention
                ⇌170Bk47.5 k. Bankruptcy. Most Cited Cases

Permissive abstention was not warranted in Chapter 11 debtors' adversary proceeding against other participants in joint venture and related entities, in which debtors asserted claims for turnover of estate property, fraudulent conveyance, breach of contract, and conversion of estate assets, inasmuch as claims would have no adverse impact on efficient administration of debtors' estates, state-law issues did not predominate litigation, there was no pending parallel action in another court, there was basis for federal diversity jurisdiction, proceeding was related to main bankruptcy case and was core proceeding, proceeding's outcome would have direct effect on creditor distributions, and jury trial could be conducted by either bankruptcy court, with parties' express consent and special designation by district court, or by district court, if defendants held and asserted right to jury trial. Bankr.Code, 11 U.S.C.A. § 548; 28 U.S.C.A. §§ 157(b)(2)(E), (e), 1332, 1334(c)(1).

Sarah Robinson Borders, Jonathan W. Jordan, King & Spalding LLP, Atlanta, Georgia, and Brendan Linehan Shannon, Sean M. Beach, Young Conaway Stargatt & Taylor, LLP, Wilmington, Delaware, for Debtors and Debtors in Possession.

Marla R. Eskin, Mark T. Hurford, Campbell & Levine, LLC, Wilmington, Delaware, and David B. Salzman, Campbell & Levine, LLC, Pittsburgh, Pennsylvania, for Defendants.

*MEMORANDUM OPINION*

CASE, Bankruptcy J.

INTRODUCTION

*1 The issue before this Court is whether to abstain from hearing the pending adversary proceeding (Doc, # 5). After considering the parties' briefs and oral argument, the Court denies the Motion.

FACTS

PSA, Inc., ETS Payphones, Inc, and related debtor entities (collectively the "Debtors") filed petitions for relief under Chapter 11 of the Bankruptcy Code on September 11, 2000 and September 21, 2000 (collectively the "Petition Date"). On September 10, 2002, Debtors filed an Adversary Complaint for turnover of property of the estates, fraudulent conveyance, breach of contract, and conveyance of assets of the estate against Inter-World Communications, Inc. ("IWCI"), Corpserve, S.A. de C.V. ("Corpserve"), World Center of Video Conferences, S.A. de C.V. ("WCVC"), Dean Hollis Velazco ("Hollis"), and John Remke ("Remke") (collectively the "Defendants").

These claims arose out of a relationship among the parties that began in 1998, when the Debtors and IWCI, Hollis and Remke negotiated an agreement to form a joint business venture to operate telephones in Mexico. On November 20, 1998, Pay Phones of the Americas, LLC ("POA") was formed and a certificate of formation was filed with the Delaware Secretary of State on November 30, 1998. POA's principal place of business was in Duluth, Georgia.

Debtors paid approximately $7,000,000 in cash and equipment from 1998 through 2000 to IWCI, Hollis, Remke, Corpserve and WCVC in exchange for (1) 12,000 site agreements for pay telephone locations in Mexico, (2) 133 Elcotel pay telephones, (3) licenses from Mexico telecommunications to operate business in Mexico, (4) 60% ownership in POA (IWCI would own the other 40% of POA) and (5) an additional 12,000

sites for pay telephone locations in Mexico. None of these items were ever delivered to Debtors.
On January 8, 2003, the Defendants filed a Motion to Dismiss for Insufficiency of Service of Process Pursuant to Federal Rule of Bankruptcy Procedure 7012 and a Motion to Abstain Pursuant to 28 U.S .C. § 1334(c)(1) (Doc. # 5). Judge Kevin J. Carey's Order, dated February 21, 2003, denied Defendants' Motion to Dismiss, ordered Debtors to serve Defendants Corpserve, WCVC, Hollis and Remke pursuant to the Hague Convention on Service abroad and Judicial Extrajudicial Documents in Civil and Commercial Matter, and reserved the Defendants' Motion to Abstain (Doc. # 10). Thus, the only issue before this Court now is whether to abstain from hearing this Adversary Proceeding. [FN1]

*DISCUSSION*

A. 28 U.S.C. Section 157

[1] Defendants assert that the Court should abstain because Debtors' Complaint is a non-core breach of contract action. In relevant part, 28 U.S.C. section 157 states:
(a) Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.
(b)(1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11 ...
*2 (b)(2) Core proceedings include, but are not limited to -
(E) orders to turn over property of the estate;
(F) proceedings to determine, avoid, or recover preferences;
(H) proceedings to determine, avoid, or recover fraudulent conveyances;
(O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship ...
(b)(3) The bankruptcy judge shall determine ... whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to the case under title 11. A determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by State law.
(c)(1) A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to the case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.
28 U.S.C. § 157.
The substance of Debtors' Complaint is as follows. In Count I, Debtors seek turnover of property of the estates, pursuant to 11 U.S .C. sections 541 and 542, that Defendants allegedly acquired with funds provided by Debtors. Debtors assert that the property includes pay telephones, a site lease agreement, licenses, and a operating entity, allegedly causing damages in the amount of $9,000,000. In Count II, Debtors seek recovery of $7,000,000 fraudulently conveyed to Defendants to create and operate POA. Count III seeks damages for breach of contract relating to the formation, funding, and operation of a joint business venture with the Defendants. Counts IV and V allege conversion of corporate assets that belonged in part to Debtors.
In the Third Circuit, a proceeding is a core proceeding "(1) if it invokes a substantive right provided by title 11 or (2) if it is a proceeding, that by its nature, could arise only in the context of a bankruptcy case." *In re Integrated Health Services, Inc.*, 291 B.R. 615, 618 (Bankr.D.Del.2003), quoting *Halper v. Halper*, 164 F.3d 830, 836 (3d Cir.1999); see also *Sun Healthcare Group, Inc. v. Levin (In re Sun Healthcare Group, Inc.)*, 267 B.R. 673, 678 (Bankr.D.Del.2000); *Beard v. Braunstein*, 914 F.2d 434, 444 (3d Cir.1990). Simply put, if the claim could not have been brought in the absence of a bankruptcy filing, the claim is a core proceeding. See *In re Omna Medical Partners, Inc.*, 2000 WL 33712302, at *2 (Bankr.D.Del. June 12, 2000) (holding claim for turnover of property of the estate pursuant to 11 U.S.C. § 542 is a core proceeding where claim arises solely because of bankruptcy filing).
At the least, a number of the claims asserted are core claims-i.e ., fraudulent transfer and turnover. [FN2] Other claims may or may not be core-i.e., breach of contract and conversion. [FN3] However, even if such claims are non-core, they are based substantially on Delaware law. The appropriate remedy, if one is required, is not to abstain in favor of a non-existent proceeding in the Republic of Mexico but rather to seek a withdrawal of the reference. A withdrawal by the United States District Court ("District Court") would solve any jurisdictional and jury trial issues; likewise, if the District Court declined to withdraw the reference, it would be an explicit determination that the bankruptcy court is the appropriate forum. Finally, this Court

could enter final judgments on the core issues and make recommendations to the District Court on the non-core issues. Any of these options address the jurisdictional question in a manner that is superior to abstention where there is no pending proceeding in a state court.
B. Abstention Under 11 U.S.C. Section 1334
*3 Section 1334 of the Bankruptcy Code provides for both mandatory and permissive abstention.
1. 28 U.S.C. Section 1334(c)(2)--Mandatory Abstention

[2] The Bankruptcy Code provides for mandatory abstention if the matter is non-core and an action is commenced and can be timely adjudicated in state court. See *In re Integrated Health Services*, 291 B.R. at 618. In particular, section 1334(c)(2) states:
[u]pon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.
28 U.S.C. § 1334(c)(2).
Mandatory abstention does not apply here for the simple reason that there is no pending state action, an explicit statutory requirement under section 1334(c)(2).
2. 28 U.S.C. Section 1334(c)(1)--Permissive Abstention

[3] Courts consider twelve factors when deciding whether to abstain under section 1334(c)(1):
1. the effect or lack thereof on the efficient administration of the estate;
2. the extent to which state law issues predominate over bankruptcy issues;
3. the difficulty or unsettled nature of the applicable state law;
4. the presence of a related proceeding commenced in state court or other non-bankruptcy court;
5. the jurisdictional basis, if any, other than 28 U.S.C. § 1334;
6. the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;
7. the substance rather than form of an asserted "core" proceeding;
8. the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;
9. the burden of the court's docket;
10. the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;
11. the exercise of a right to a jury trial; and
12. the presence in the proceeding of non-debtor parties.
*Valley Media, Inc. v. Toys R Us, Inc. (In re Valley Media, Inc.)*, 289 B.R. 27, 29 (Bankr.D.Del.2003). [FN4]
Courts consider these factors on a case-by-case basis given the facts and circumstances of each case: "Evaluating the twelve factors is not a mathematical formula." *In re Sun Healthcare Group*, 267 B.R. at 679, citing *Trans World Airlines, Inc. v. Karabus Corp.*, 196 B.R. 711, 715 (Bankr.D.Del.1996). Under the circumstances of this case, the factors do not weigh in favor of abstention. For example, the Court finds that hearing Debtors' claims will have no adverse impact on the efficient administration of the bankruptcy estates. Further, state law issues do not predominate the litigation and, even if they did, bankruptcy courts frequently are asked to pass on questions of state law, such as when determining the allowability of various claims, breach of contract and tort. See *In re HQ Global Holdings, Inc.*, 293 B.R. 839, 845 (Bankr.D.Del.2003). And, again, because there is no pending proceeding where a state court could apply its own law, this factor's importance is minimal.
*4 In addition, the parties acknowledge that there is no unsettled state law at issue here and no state court or other federal court proceeding already commenced. See *In re Valley Media*, 289 B.R. at 30 (holding that the court's abstention would require the plaintiff to file a new complaint because a state court proceeding never filed, which would impose additional costs and attorneys fees for the new filing and cause delay in resolution of the dispute). Further, as Defendants concede, there is independent basis for federal diversity jurisdiction. 28 U.S.C. § 1332. Further, the adversary proceeding is related to the main bankruptcy case in that the outcome of this action will have a direct effect on the distributions to creditors and is a core proceeding under 11 U.S.C. section 548 and 28 U.S.C. section 157(b)(2)(E). The breach of contract and conversion causes of action are in turn closely related to the chapter 11 case under 28 U.S.C. section 1334. It would be difficult to sever the state law claims since all of the causes of action involve the same facts and severing would not lead to a resolution of those issues by an appropriate state court. There is also no

evidence that a different court will hear this matter any more quickly than this Court or that Debtors are forum shopping by seeking this Court's jurisdiction. Although Defendants seem to assert a right to jury trial, there is no suggestion that such a right would be available in Mexico while, pursuant to 28 U.S.C. section 157(e), "[i]f the right to a jury trial applies in a proceeding ..., the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties." [FN5]

Last, this case has been pending for over a year in this Court; Defendants' motion to dismiss has previously been denied. To abstain at this point, with no other action pending, would do little to further this case to a quick, efficient resolution. Abstention at this time would result in Debtors incurring additional, unnecessary litigation expenses. Under the circumstances of this case, it is not in the interest of justice for the Court or the parties to abstain from this adversary proceeding.

Beyond the weighing of the factors is the fundamental flaw that there is no parallel state proceeding pending; indeed, it appears no such proceeding has been or is currently contemplated. At most, there may be a Mexican proceeding. Although section 1334(c)(1) does not explicitly require a pending state proceeding, at least one Circuit has held that "abstention can exist only where there is a parallel proceeding in state court." *In re Integrated Health Services*, 291 B.R. at 621, quoting *Sec. Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1009 (9th Cir.1997). This makes sense. Abstention, by its nature, is an exercise of comity to a sister court. Where there is no such court, the doctrine loses considerable meaning. [FN6]

*CONCLUSION*

*5 For the foregoing reasons, the Defendants' Motion for Abstention under the 28 U.S.C. section 1334 is denied.

Counsel for plaintiff is to submit an order.

> FN1. Although Debtors filed an Amended Complaint, it was withdrawn on the same day it was filed, October 22, 2003.

> FN2. Whether these claims have merit is not before the Court.

> FN3. At the least, these are "related to" claims.

> FN4. *In re Integrated Health Services*, 291 B.R. at 619; *In re Sun Healthcare Group*, 267 B.R. at 678; *In re Omna Medical Partners, Inc.*, 2000 WL 33712302, at *2; *Cont'l Airlines, Inc. v. Allen (In re Cont'l Airlines, Inc.)*, 156 B.R. 441, 443 (Bankr.D.Del.1993); *TTS, Inc. v. Stackfleth (Matter of Total Technical Services, Inc.)*, 142 B.R. 96, 100 (Bankr.D.Del.1992); See also *Trans World Airlines, Inc. v. Karabus Corp.*, 196 B.R. 711 (Bankr.D.Del.1996).

> FN5. Of course, a jury trial could be held as of right in District Court.

> FN6. Certainly, other remedies may exist where there is no parallel proceeding-a motion to dismiss for lack of jurisdiction or for forum non conveniens, a motion to transfer venue, or the like come to mind. But abstention is different and these facts do not fit that doctrine.

Bkrtcy.D.Del.,2003.
In re PSA, Inc.

2003 WL 22938894 (Bankr.D.Del.)
END OF DOCUMENT

Copr. (C) 2004 West. No Claim to Orig. U.S. Govt. Works.