## Exhibit J

Kaiser Aluminum & Chemical Corp. v. Monument Select Insurance Corp., 2004 WL 2223297, *2 (D. Del Sep. 30, 2004)

2004 WL 2223297 (D.Del.)
Motions, Pleadings and Filings
Only the Westlaw citation is currently available.

United States District Court,
D. Delaware.
KAISER ALUMINUM & CHEMICAL CORPORATION, Plaintiff,
v.
MONUMENT SELECT INSURANCE CORPORATION, Incorrectly named as Monument Select
Insurance Company, Defendant.
No. 03-889-JJF.
Sept. 30, 2004.

Daniel J. DeFranceschi, and Kimberly D. Newmarch, of Richards, Layton & Finger, P.A., Wilmington, Delaware, Danny G. Shaw, and Mark W. Mercante, of Shaw Norton Degan, L.L.P., Mandeville, Louisiana, Gregory M. Gordon, Daniel P. Winikka, and David G. Adams, of Jones Day, Dallas, Texas, for Plaintiff, of counsel.
Joseph H. Huston, Jr., and Marnie E. Simon, of Stevens & Lee, Wilmington, Delaware, Sidney L. Shushan, and Jonathan M. Shushan, of Guste, Barnett & Shushan, L.L.P., New Orleans, Louisiana, for Defendant, of counsel.

*MEMORANDUM OPINION*

FARNAN, J.
**\*1** Presently before the Court is a Motion To Refer Case To Delaware Bankruptcy Court (D.I.108) filed by Plaintiff, Kaiser Aluminum Chemical Corporation ("Kaiser Aluminum") and a Cross-Motion To Remand Case To The United States District Court For The Eastern District Of Louisiana (D.I.112) filed by Defendant, Monument Select Insurance Corporation ("Monument"). For the reasons set forth below, the Court will grant Kaiser Aluminum's Motion and deny Monument's Cross-Motion.
I. BACKGROUND
This action was originally filed by Kaiser Aluminum against Travelers Indemnity Company of Illinois ("Travelers"), Monument and Willis of Maryland ("Willis") in December 2001 in Louisiana state court. Citing diversity jurisdiction, Monument removed this case to the United States District Court for the Eastern District of Louisiana (the "Louisiana District Court") with the consent of Kaiser Aluminum. The case proceeded in the Louisiana District Court for nearly two years through discovery and the filing of dispositive motions. Monument's parent company, Kaiser Group International, Inc. ("KGI"), a company with no affiliation to Kaiser Aluminum, then filed an adversary proceeding in its bankruptcy case in Delaware against Travelers raising similar issues to the instant case. Citing multiple concerns including (1) avoiding piecemeal litigation, (2) the possibility of inconsistent liabilities among the parties involved, and (3) that KGI's action might be a violation of the automatic stay in Kaiser Aluminum's bankruptcy proceeding (also filed in Delaware), the Louisiana District Court reluctantly transferred this action to this Court.
II. Parties' Contentions
By its Motion, Kaiser Aluminum requests the Court to refer this case to the Bankruptcy Court. In particular, Kaiser Aluminum requests that the case be assigned to Judge Fitzgerald because she is familiar with the procedural history and merits of the parties' claims as a result of her approval of a settlement agreement between Kaiser Aluminum and Travelers in this case. Judge Fitzgerald also granted a motion to stay a related adversary proceeding filed by KGI against Travelers in the KGI bankruptcy litigation. In granting the stay, Judge Fitzgerald found that Kaiser Aluminum was the real party in interest in KGI's adversary proceeding and that KGI's lawsuit violated the automatic stay protection afforded Kaiser Aluminum as a result of its bankruptcy.
In response, Monument contends that the Bankruptcy Court lacks jurisdiction to consider this case, because it involves pre-petition, non-core claims primarily under state law. Monument also contends that its defense raises constitutional issues under the 5th and 14th Amendments concerning the constitutionality of the Louisiana state statute at issue, and that the Bankruptcy Court is not equipped to render a decision on these issues. In the alternative, Monument requests the Court to abstain under 28 U.S.C. § 1334, and to remand this case back to the Louisiana state court or the Louisiana District Court pursuant to 28 U.S.C. § 1447.
III. DISCUSSION
**\*2** The Court's subject matter jurisdiction over this case arises under 28 U.S.C. § 1334(b), which confers on this Court "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or

related to cases under title 11." Pursuant to 28 U.S.C. § 157(a), the Court has further discretion to refer "any or all cases under title 11 or any or all proceedings arising under title 11 or arising in or related to a case under title 11 ... to the bankruptcy judges for [its] district." See e.g. *Corestates Bank v. Huls Am., Inc., 176 F.3d 187, 195 (3d Cir.1999).*

The Court agrees with Kaiser Aluminum that this case falls within the category of "related to" jurisdiction contemplated by Section 157, because the outcome of this case will affect the amount of property available in the debtors' estate. See e.g. *Miller v. Vigilant Ins. Co. (In re Eagle Enter.), 259 B.R. 83, 87 (Bankr.E.D.Pa.2001); Peterson v. 610 W. 142 Owners Corp. (In re 610 W. 142 Owners Corp.), 219 B.R. 363, 370-371 (Bankr.S.D.N.Y.1998); S.N.A. Nut Co. v. National Union Fire Ins. Co. of Pittsburgh, Pa. (In re S.N.A. Nut Co.), 210 B.R. 140, 142 (Bankr.N.D.Ill.1997).* If Kaiser Aluminum is successful in its claims for return of certain insurance premiums in dispute, Kaiser Aluminum's estate will have more money available for distribution to its creditors. As Monument points out, however, this case is a non-core proceeding, because it involves state law contract claims based on pre-petition contracts. See e.g. *Beard v. Braunstein, 914 F.2d 434 (3d Cir.1990); Peter J. Schmitt Co. v. Firestone Star Market, Inc., 150 B.R. 556 (Bankr.D.Del.1993).* As a non-core proceeding, the Bankruptcy Court can only make recommended findings of fact and conclusions of law. It cannot enter a final judgment, and all the findings and conclusions of the Bankruptcy Court are subject to de novo review by this Court. 28 U.S.C. § 157(c)(1); see *Copelin v. Spirco, Inc., 182 F.3d 174, 179 (3d Cir.1999); Continental Airlines v. First Sec. Bank, 146 B.R. 534, 535 (Bankr.D.Del.1992).*

The status of this proceeding as a non-core proceeding is not sufficient to preclude the Court from referring this case to the Bankruptcy Court. *Phar-Mor, Inc. v. Coopers & Lybrand, 22 F.3d 1228, 1234 (3d Cir.1994)* (recognizing that district court may refer core and non-core proceedings to bankruptcy court). The Court is also not persuaded that the circumstances of this case justify abstention under 28 U.S.C. § 1334. Mandatory abstention is limited to actions that "could not have been commenced in a court of the United States absent jurisdiction under [section 1334]," and this case could have been commenced in the Louisiana District Court instead of the Louisiana state court based on diversity jurisdiction. As for permissive abstention, the Court would be required to remand this case back to the Louisiana state court and/or the Louisiana District Court. The Court is reluctant to remand this case back to the Louisiana state court when the parties agreed to its removal to the federal court. Similarly, the Court is not persuaded that remand to the Louisiana District Court is appropriate. The Louisiana District Court was particularly reluctant to transfer this action, but felt compelled to do so in light of Kaiser Aluminum's bankruptcy proceeding in this District and the actions of Monument's parent company in filing a related adversary proceeding in its bankruptcy case in this District. This Court will not second guess the decision of the Louisiana District Court. Further, the Court is persuaded that the Bankruptcy Court, and Judge Fitzgerald in particular, is the proper forum to efficiently adjudicate the issues raised in this case. Judge Fitzgerald has presided over the settlement approval in this case, and therefore, she already has some familiarity with the parties and claims at issue. Further, it is evident to the Court that, while the case does not involve bankruptcy law, it will have an impact on the Debtors' estate, such that referral to the Bankruptcy Court is appropriate under 28 U.S.C. § 157(a). Accordingly, the Court will refer this matter, including the pending motions for summary judgment, to the Bankruptcy Court for assignment to Judge Fitzgerald.

CONCLUSION

*3 For the reasons discussed, the Court will grant Kaiser Aluminum's Motion To Refer Case To Delaware Bankruptcy Court (D.I.108) and deny Monument's Cross-Motion To Remand Case To The United States District Court For The Eastern District Of Louisiana (D.I.112).

An appropriate Order will be entered.

ORDER

At Wilmington, this 30th day of September 2004, for the reasons set forth in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that:

1. The Motion To Refer Case To Delaware Bankruptcy Court filed by Kaiser Aluminum & Chemical Corporation (D.I.108) is *GRANTED.*

2. The Cross-Motion To Remand Case To The United States District Court For The Eastern District Of Louisiana (D.I.112) filed by Monument Select Insurance Corporation is *DENIED.*

3. The Court will refer this matter, including the pending motions for summary judgment, to the Bankruptcy Court for assignment to Judge Fitzgerald.

D.Del.,2004.

Kaiser Aluminum & Chemical Corp. v. Monument Select Insurance Corp.

2004 WL 2223297 (D.Del.)

Motions, Pleadings and Filings (Back to top)

- 1:03CV00889 (Docket) (Sep. 22, 2003)

END OF DOCUMENT

Copr. (C) 2004 West. No Claim to Orig. U.S. Govt. Works.