# Exhibit A

# Proposed Order

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | Re: Docket No. 6829 and |
| | | 11/15/04 Agenda Item 11 |

## ORDER AUTHORIZING THE DEBTORS TO ADVANCE CERTAIN DEFENSE COSTS INCURRED BY CERTAIN OF THE DEBTORS' CURRENT AND FORMER OFFICERS, DIRECTORS AND EMPLOYEES

Upon consideration of the Debtors' Motion for the Entry of an Order Authorizing the

Debtors to Pay for Certain Legal Fees and Expenses Incurred by Certain of the Debtors' Current

and Former Officers, Directors and Employees (the "Motion"); and it appearing that this Court

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that

this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of the

Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper

notice of the Motion having been given; and after due deliberation and it appearing that

sufficient cause exists for granting the requested relief and that the relief requested is in the best

interest of the Debtors' estates and creditors;

IT IS HEREBY ORDERED THAT:

1.      The Debtors are authorized, but not directed, to advance payment for any

reasonable legal expenses (fees and costs) for legal services provided to the Debtors' current or

former officers, directors or employees in connection with the Investigation[2] and/or any action(s)

that may arise from, or that are related to, the Investigation (the "Defense Payments").

2.      The Debtors shall note in their Monthly Operating Reports that are filed with the

Court, a line item statement of the amount of any Defense Payments that are made on behalf of

any Individuals in the applicable period.  To the extent that any parties-in-interest seek to object

to the amount of any such payments, such parties shall have twenty (20) days after the date of the

Monthly Operating Report to file an objection with the Court and to move the Court for (a) a

hearing with respect to such objection or (b) an order directing the Debtors to supplement the

information in the Monthly Operating Report in greater detail.  To the extent that the Court

directs the Debtors to produce any additional information, such information shall be submitted to

the Court under seal.

---

[2] Capitalized terms not otherwise defined in the Order have the respective meanings given in the Motion.

3.     Before advancing any funds to any Individuals for Defense Payments, the Debtors shall obtain a written undertaking from each Individual to repay Defense Payments advanced by the Debtors if it is ultimately determined that he or she is not entitled to be indemnified.  The undertaking shall also contain an affirmation from the Individual of his or her good faith belief that he or she had no reasonable cause to believe his or her conduct was unlawful.

4.     To the extent that the Debtors make any Defense Payments, and any of the Individuals are subsequently found to have engaged in conduct for which they are not entitled to indemnification under (i) the applicable Debtors' Certificate of Incorporation or By-laws or (ii) Delaware or Connecticut law, the Debtors (or their successor(s) in-interest) shall, at that time, seek recovery of any Defense Payments made on account of such Individual.

5.     So long as these chapter 11 cases remain pending, this Court shall retain jurisdiction of this final Order, including any determinations concerning the recovery by the Debtors of Defense Payments that are made to any individual that is subsequently found to have engaged in conduct for which he or she is not entitled to indemnification.

Dated:  December ____, 2004.

_____
The Honorable Judith K. Fitzgerald