# Exhibit A

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | Re: Docket No. 6557 and |
| | | 11/15/04 Agenda Item 4 |

## ORDER WITH RESPECT TO TOWN OF ACTON'S MOTION FOR RELIEF FROM AUTOMATIC STAY AND FOR RELATED DETERMINATIONS

Upon consideration of the Town of Acton's Motion for Relief from Automatic Stay and for Related Determinations (the "Motion");[2] good and sufficient notice of the Motion having been given; and a hearing having been held on November 15, 2004; and after due deliberation and sufficient cause appearing thereof; it is hereby

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms not otherwise defined herein shall assume the meanings ascribed to them in the Motion.

2

ORDERED that, to the extent relief from stay may be required, but without deciding whether relief from stay is required, the Town may make the actual assessments of final betterments relating to the Debtor's property in the Sewer District, certify such assessments to the Town assessors, commit them to the Town tax collector, and issue bills to the Debtors on account of such assessments; and it is further

ORDERED that the Town may record notice of the actual assessments in the Middlesex County registry and land registration office, provided that such notice shall not create or perfect a new lien on the Debtors' property; and it is further

ORDERED that except as provided above the Town shall not take any action to collect said assessments without further order of this Court; and it is further

ORDERED that if the Debtors seek an abatement of the actual sewer assessments, they are authorized but not directed to make any payments which the Debtors believe may be necessary or desirable under state law to participate in such abatement process; provided, however, that nothing in this Order shall be construed as a determination that such payments are required under state law to participate in such abatement process, nor shall any such payments be construed as an admission or acknowledgement that such payments are required under state law to participate in such abatement process; and it is further

ORDERED that the Court reserves for future determination, if necessary, the issues of whether the Town's claim against the Debtors for the actual sewer assessments (a) is a pre-petition or a post-petition claim; and (b) is secured or unsecured; and it is further

ORDERED that nothing in this Order shall otherwise affect the Debtors' automatic stay or the modified preliminary injunction that has been entered in these chapter 11 cases; and it is further

2

3

ORDERED that this Court shall retain jurisdiction over the parties with respect to any matters related to or arising from the Motion or the implementation of this Order, which is a final order.

Dated: December ___, 2004

_____
The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge