IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Re: Docket No. 6898 and |
| | | 1/21/05 Agenda Item ___ |

## ORDER ESTABLISHING PROTOCOLS FOR LITIGATING ASBESTOS-RELATED CLAIMS FOLLOWING PLAN CONFIRMATION

Upon the Debtors' motion (the "New CMO Motion")[2] seeking entry of a case management order establishing protocols for litigating asbestos-related claims following plan confirmation; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of this proceeding and the New CMO Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and adequate notice of

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms not defined herein shall have the same meaning as in the New CMO Motion.

the New CMO Motion having been given; and it appearing that no other notice need be given; and after due deliberation and sufficient cause appearing therefore,

IT IS HEREBY ORDERED THAT:

1. The New CMO Motion is granted.

2. This Order shall be applicable to Holders of (i) Asbestos PI Claims who elect (or are deemed to elect) the Litigation Option under the Plan; and (ii) non-ZAI Asbestos PD Claims.

3. With respect to non-ZAI Asbestos PD Claims, the litigation protocols under this Order shall apply for purposes of resolving those non-ZAI Asbestos PD Claims that withstand, or otherwise are not subject to, the Gateway Omnibus Objections.

4. For all other Asbestos Claims (except for ZAI Claims), the Debtors shall file omnibus claims objections and, where necessary, move for summary judgment, requesting dismissal of Asbestos Claims that fail to meet certain threshold requirements for a valid Claim, including, but not limited to:

(i) Asbestos Claims that fail to comply with the requirements for completing and submitting the Court-Approved Proofs of Claim and Asbestos PI Questionnaires;

(ii) Asbestos Claims that are based upon unreliable scientific evidence of injury or causation;

(iii) Asbestos Claims that are subject to the statute of limitations defense;

(iv) Asbestos Claims that fail to allege the necessary exposure to the Debtors' products; and

(v) Asbestos Claims that lack reliable evidence that the Debtors' products or conduct caused the claimed disease or property damage.

2

5.  The Debtors shall provide notice and serve the claims objections and summary judgment motions upon counsel for each of the affected Asbestos Claimants if known, or if no counsel is known or has been identified, upon the affected Asbestos Claimants themselves.

6.  Holders of disputed Asbestos Claims shall then have thirty (30) days to file a written response with this Court that complies with the applicable Bankruptcy Rules and Local Rules, after which the Court shall then determine briefing schedules, motions, an appropriate structure and schedule for discovery (if any), an appropriate structure and schedule for evidentiary hearings, and the sequence of timing for the various categories of claim objections.

7.  For those Asbestos Claims that withstand summary judgment scrutiny, but which present common issues capable of resolution on an aggregate basis, the parties shall proceed to Rule 42 Common Issue Trials.

8.  The Debtors (or the Asbestos Trust, as applicable) shall file motions for summary judgment with respect to those individual claims or groups of claims that failed to state a claim pursuant to the Court's rulings at the Common Issue Trials.

9.  Following the completion of the aforementioned summary judgment proceedings and any necessary Common Issue Trials, the Debtors (or the Asbestos Trust, as applicable) may, at their discretion, evaluate the settlement value of the remaining Asbestos Claims and make settlement offers, where such offers are deemed appropriate by the Debtor (or Asbestos Trust, as applicable). Where such a settlement offer is extended to, and accepted by, an Asbestos Claimant, the Asbestos Claimant shall obtain payment from the Asbestos Trust pursuant to the PI-SE TDP, PI-AO TDP or PD-TDP, wherever is appropriate. Asbestos Claims that are not

settled are subject to a mandatory settlement conference to be conducted by Court-appointed mediators.

10. Any Asbestos Claims that remain unresolved due to the Asbestos Claimant's refusal of the Debtors' settlement offer or otherwise shall be transferred to this District's litigation docket for further pretrial proceedings and, if appropriate, a jury trial before the District Court pursuant to 28 U.S.C. § 157(b)(5).

11. The litigation protocols provided in this Order shall apply in the same manner to future Asbestos Claims.

12. The Debtors are authorized and empowered to take all actions and execute such other documents as may be necessary to implement the relief granted herein.

13. Nothing in this Order shall limit the Debtors' right to request that the litigation protocols provided herein be subsequently extended to ZAI Claims upon conclusion of the ZAI Science Trial.

5

14. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated:_____, 2005

                                                                                               _____
                                                                                               Honorable Judith K. Fitzgerald
                                                                                                United States Bankruptcy Judge