IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Re: Docket No. 6899 and |
| | | 1/21/05 Agenda Item ___ |

**PROCEDURAL ORDER ESTABLISHING A SCHEDULE AND PROCEDURES FOR THE IDENTIFICATION AND ESTIMATION OF CERTAIN PRE-PETITION ASBESTOS CLAIMS AGAINST THE DEBTORS' ESTATES AND FOR THE DETERMINATION OF THE AGGREGATE AMOUNT NEEDED TO FUND THE ASBESTOS TRUST SUCH THAT ALL ALLOWED ASBESTOS CLAIMS AND ASBESTOS TRUST EXPENSES MAY BE PAID IN FULL BY THE ASBESTOS TRUST AS AND WHEN THEY COME DUE**

Upon the Debtors' motion (the "Estimation Motion")[2] seeking (a) entry of an order determining estimates of the aggregate amounts needed to fund the Asbestos Trust to enable the Asbestos Trust to pay in full all Allowed Asbestos Claims and Asbestos Trust

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms not defined herein shall have the same meaning as in the Estimation Motion.

Expenses, as and when they become due, and (b) entry of an order establishing a schedule and procedures for carrying out the requested estimations; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Estimation Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and adequate notice of the Estimation Motion having been given; and it appearing that no other notice need be given; and after due deliberation and sufficient cause appearing therefore,

IT IS HEREBY ORDERED THAT:

1. The Estimation Motion is granted.

### *Estimation Process for Asbestos PI-SE Claims and Asbestos PI-AO Claims:*

*Asbestos PI Pre-petition Litigation Bar Date and Questionnaire Return Date:*

2. Asbestos PI Pre-Petition Bar Date. At 5:00 p.m. (prevailing Eastern Time) on the date which is Forty (40) days after the entry of this Order shall be the Asbestos PI Pre-petition Litigation Bar Date, which shall be the last date and time by which those parties who believe that they hold Asbestos PI Pre-petition Litigation Claims against any of the Debtors must complete and file the Asbestos PI Proof of Claim Form on account of such Claims or be forever barred from asserting such Claims against the Debtors.

3. Questionnaire Return Date. At 5:00 p.m. (prevailing Eastern Time) on the date which is thirty (30) days following the date on which the Debtors mails Asbestos PI Questionnaires to Holders of Asbestos PI Pre-Petition Claims shall be the Questionnaire Return Date, which shall be the last date and time by which those parties who believe that they hold

Asbestos PI Pre-petition Litigation Claims against any of the Debtors must complete and file the Asbestos PI Questionnaire or be forever barred from asserting such Claims against the Debtors.

*Scope and Manner of Notice of the Asbestos PI Pre-petition Litigation Bar Date and Questionnaire Return Date:*

4.  The Debtors shall serve the Asbestos PI Pre-petition Litigation Bar Date Notice and Asbestos PI Proof of Claim Form on counsel of record for all Holders of Asbestos PI Pre-petition Litigation Claims (and the Holders themselves where such information is available) via direct U.S. mail within ten (10) calendar days after entry of this Order.

5.  No later than five (5) days after the Asbestos PI Pre-petition Litigation Bar Date, the Debtors shall serve, via direct U.S. mail, the Asbestos PI Questionnaire Notice and the Asbestos PI Questionnaire on counsel of record for all Holders of Asbestos PI Pre-petition Litigation Claims (and the Holders themselves where such information is available) who timely filed Asbestos PI Proof of Claim Forms.

6.  In addition, the Debtors shall mail the Asbestos PI Claim Materials to the Office of the United States Trustee and to counsel to the official committees appointed in these Chapter 11 Cases.

*Form and Manner of Distribution of Asbestos PI Proof of Claim Forms and Asbestos PI Questionnaires:*

7.  The form and use of the Asbestos PI Pre-petition Litigation Bar Date Notice, annexed to the Estimation Motion as <u>Exhibit B</u>, are approved.

8.  The form and use of the Asbestos PI Proof of Claim, annexed to the Estimation Motion as <u>Exhibit C</u>, are approved.

91100-001\DOCS_DE:103326.1

9. The form and use of the Asbestos PI Questionnaire Notice, annexed to the Estimation Motion as <u>Exhibit D</u>, are approved.

10. The form and use of the Asbestos PI Questionnaire, annexed to the Estimation Motion as <u>Exhibit E</u>, are approved.

11. The Holders of Asbestos PI Pre-petition Litigation Claims shall complete, certify, and submit (1) the Asbestos PI Proof of Claim by the Asbestos PI Pre-petition Litigation Bar Date, and (2) the Asbestos PI Questionnaire by the Questionnaire Return Date.

*Expert Discovery Schedule:*

12. The Claims Processing Agent shall have twenty-one (21) days from the deadline for receipt of the Asbestos PI Questionnaire to compile the Claims information into a navigable database and make it available to the Debtors' and the various official committees' experts, if any.

13. The experts shall have forty-five (45) days to complete their reports, followed by an additional two (2) weeks in which the experts may be deposed.

*Evidentiary Hearing to Estimate the Requisite Monetary Allocations to the Asbestos Trust on account of Allowed Asbestos PI-SE Claims and Allowed Asbestos PI-A0 Claims:*

14. After the completion of expert depositions, the Court shall hold an evidentiary hearing to estimate the amount necessary to fund the Asbestos Trust on account of Allowed Asbestos PI-SE Claims and Allowed Asbestos PI-AO Claims, providing estimates of the aggregate amounts of such Claims needed to fund the Asbestos Trust to enable the Asbestos Trust to pay in full Allowed Asbestos PI-SE Claims and Allowed Asbestos PI-AO Claims.

### *Estimation Process for traditional Asbestos PD Claims, ZAI Claims and Asbestos Trust Expenses:*

15. <u>Traditional Asbestos PD Claims</u>. To estimate the aggregate amount of traditional Asbestos PD Claims, the following procedures shall be followed:

   (i) First, the Debtors shall object to the Claims that failed to provide material information or documentation required by the Claim form. The Debtors shall serve notice of such Claim objections and shall seek an order disallowing any Claim with respect to which the required information or documentation is not provided within two months of the date of the Claim objection.

   (ii) Second, after the Debtors' threshold objections to those Claims that failed to provide the required information or documentation are resolved, the Debtors shall file within two months an expert report estimating the Debtors' liability for the remaining Claims. Such estimation report shall address the value of the Claims in light of the Debtors' liability defenses, and while that estimation report is being prepared, the Debtors shall attempt to negotiate a resolution of some or all of the Claims.

   (iii) Third, after the Debtors' and the Asbestos PD Committee's estimation experts file their reports and are deposed, the Court shall hold a hearing on the Debtors' estimation motion for the remaining Claims.

   (iv) Fourth, after the completion of the expert depositions, the Court shall hold an evidentiary hearing to estimate the amount necessary to fund the Asbestos Trust, providing an estimate of the aggregate amount needed to fund the Asbestos Trust to enable the Asbestos Trust to pay in full Allowed traditional Asbestos PD Claims, as and when they come due.

16. <u>ZAI Claims</u>. Subject to further modification by the Court, to estimate the aggregate amount of ZAI Claims, the following procedures shall be followed:

   (i) The Court shall set a ZAI Claims Bar Date and approve a ZAI claim form and notice program for any types of ZAI Claims that remain viable following the Court's decision on the "ZAI Science Trial" summary judgment motions, and, if necessary, after the trial of any material disputes of fact identified in the Court's summary judgment ruling. To this end, the Debtors shall propose the specific claim form and shall detail their proposed ZAI Notice Program promptly after the ZAI Science Trial phase is concluded.

91100-001\DOCS_DE:103326.1

(ii) The Debtors shall submit within two (2) months following the ZAI Claims Bar Date an expert report estimating their liability, if any, to the present and future ZAI Claimants.

(iii) The Debtors shall be prepared to try this estimation issue promptly after the completion of the depositions of the estimation experts.

(iv) Finally, after the completion of the expert depositions, the Court shall hold an evidentiary hearing to estimate the amount necessary to fund the Asbestos Trust, providing an estimate of the aggregate amount of needed to fund the Asbestos Trust to enable the Asbestos Trust to pay in full Allowed ZAI Claims, as and when they come due.

17. <u>Asbestos Trust Expenses</u>: The Court shall establish the amount of the Asbestos Trust Expenses Fund, which is the estimated aggregate dollar value amount by which the Asbestos Trust must be funded in order to assure that the Asbestos Trust shall be able to pay all Asbestos Trust Expenses in full as, or as soon as practicable after, they become due. This estimate shall be addressed in the experts' reports and shall be based on, among other things, the information gathered from the Asbestos PI Claim Materials, the number of Asbestos Claims, and estimates of certain fixed costs of the Asbestos Trust.

18. The Debtors are authorized and empowered to take all actions and execute such other documents as may be necessary to implement the relief granted herein.

19. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated:_____, 2005

Honorable Judith K. Fitzgerald
United States Bankruptcy Judge