IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------x
In re                                         : Chapter 11
                                              :
W. R. GRACE & CO., et al.,                    : Case No. 01-01139 (JKF)
                                              : Jointly Administered
         Debtors.                             :
                                              :
------------------------------x
                                              :
W. R. GRACE & CO., et al.,                    :
                                              :
         Plaintiffs,                          :
                                              :
    -against-                                 :
                                              : Adversary No. A-01-771 (JKF)
MARGARET CHAKARIAN, et al.,                   :
And John Does 1-1000,                         : Re: Docket Nos. 322, 333, 334, 335 & 336
                                              :
         Defendants.                          :
------------------------------x

**REPLY OF THE SCOTTS COMPANY IN SUPPORT OF
MOTION OF THE DEBTORS AND THE SCOTTS COMPANY
FOR A TEMPORARY STAY TO ENJOIN THE PROSECUTION
OF ALL CLAIMS AGAINST SCOTTS IN THE STATE ACTIONS**

The Scotts Company ("Scotts") submits the following Reply in support of the Joint Motion of the Debtors and Scotts for a Temporary Stay to Enjoin the Prosecution of all Claims Against Scotts in the State Actions (D.I. 322) (the "Joint Motion") and in response to the opposition papers (individually and collectively, the "Response") of Certain Plaintiffs Represented by SimmonsCooper, LLC, The Official Committee of Asbestos Personal Injury Claimants, Donald and Judith Webber, and the Lanier Firm Plaintiffs (D.I.s 333, 335, 336 and 334) (individually and collectively, the "Respondents"):

      1.      In their Response, the Respondents do not dispute that the discovery, pleadings, and disclosures in the State Actions focus on W. R. Grace's Libby vermiculite. The

Respondents also do not dispute that "but for" Scotts' use of W. R. Grace vermiculite, the possibility of Scotts' liability would not exist.

2. Instead, Respondents argue that there is an independent basis for liability against Scotts. They assert that the sole issue in the State Actions "will be whether or not Scotts' extensive processing and 'trionizing' of the vermiculite eliminated the possibility of asbestos exposure to the consumer." See D.I., p. 2, ¶1. Of course, as this Court has already acknowledged, if the Libby vermiculite was not dangerous in the first instance, there could be no failure to warn case at all (and nothing to "eliminate" through processing or trionizing). Stated otherwise, if there is a failure to warn case (or a finding that Scotts' processing or trionizing did not "eliminate" asbestos in the vermiculite), then such a finding would necessarily include a finding that the W. R. Grace Libby vermiculite is defective. In effect, the State Actions are actions against Grace and its product because all their theories of recovery depend upon defective vermiculite, and the W. R. Grace Libby vermiculite is the only potentially provable source. The Court's January 22, 2002 Modified Preliminary Injunction ("Modified Preliminary Injunction") and the automatic stay thus prohibit the continuation of the State Actions as to Scotts.

3. Respondents erroneously contend that this Court does not have subject matter jurisdiction to decide the Joint Motion. The Respondents have apparently lost sight of the fact that the Debtors are moving parties. This Court undeniably has subject matter jurisdiction to decide matters raised by the Debtors that affect property of the Debtors' estates and the administration of this bankruptcy case. 28 U.S.C. § 157(b)(2)(A), (O). The Debtors (and Scotts) filed the Joint Motion because the discovery, pleadings, and disclosures in the State Actions are focused on W. R. Grace's Libby vermiculite, and because the State Actions will

negatively affect the W. R. Grace bankruptcy estate and its prospects for reorganization, especially at this critical stage of the Chapter 11 process.

4. Respondents also suggest that the recent In re Combustion Engineering case impairs this Court's jurisdiction to grant the Joint Motion. This is incorrect. The Joint Motion has nothing to do with the Section 524(g) issue decided by the Combustion Engineering court. See In re Combustion Engineering, Inc., 2004 WL 2743565 (3d Cir. December 2, 2004). Moreover, Scotts believes that the only source of allegedly contaminated vermiculite identified in the State Actions is that from W. R. Grace's Libby mine. Thus, as distinguished from In re Combustion Engineering, any liability against Scotts in the State Actions would necessarily be derivative of W. R. Grace's liability because any Scotts' asbestos liability would necessarily derive from a finding that W. R. Grace's vermiculite was defective. See, e.g., Tromza v. Tecumseh Products Co., 378 F.2d 601, 606 (3rd Cir. 1967); Burbage v. Boiler Engineering & Supply Co., 249 A.2d 563, 567 (Pa. 1969); Builders Supply Co. v. McCabe, 77 A.2d 368, 371 (Pa. 1951); Union Stock Yards Co. of Omaha v. Chicago, B. & Q.R. Co., 196 U.S. 217, 228 (1905). This Court may properly exercise its jurisdiction under these circumstances, and indeed it should do so to protect W. R. Grace's reorganization prospects. By contrast, the non-debtors in the Combustion Engineering case were trying to extend the stay to cover wholly independent asbestos liability for wholly independent asbestos products manufactured by them having nothing to do with any liability or product supplied by the debtor. In re Combustion Engineering, Inc., 2004 WL 2743565, at * 26 ("the asbestos-related personal injury claims asserted against Combustion Engineering, Basis and Lummas arise from different products, involved different asbestos-containing materials, and were sold to different markets"). Here, a finding that the W. R. Grace vermiculite ore that Scotts' processed and put in its products was

3

defective is an indispensable underpinning of any Scotts' asbestos liability

5. Respondents incorrectly conclude that the Preliminary Injunction Order is inapplicable and that the automatic stay should not be extended. Respondents' focus on the issue of shared insurance and indemnification is misplaced. The Joint Motion does not even address shared insurance or indemnification claims as a basis for the requested relief. Instead, it highlights the on-going efforts by Plaintiffs in the State Actions, through their discovery, pleadings, and disclosures, to effectively put pursue W. R. Grace and its Libby vermiculite on trial in those cases.[1]

6. Respondents argue that there is insufficient evidence to conclude that the continued prosecution would deplete Grace's estate. However, none of the Respondents address Debtors' and Scotts' cited authority addressing the risk that testimony adduced in the State Actions could be used against the Debtors. See Exhibit G to Joint Motion, Gerard v. Maryland Casualty Company (In re W.R. Grace & Co.), 2004 WL 2404546, *4 n.4 (3d Cir. Oct. 28, 2004) (quoting In re Johns-Manville Corp., 40 B.R. 219, 225 (S.D.N.Y. 1984)); see, also, 5 Wigmore, Evidence, §§ 1386-1388 (3d Ed. 1940); Tug Raven v. Trexler, 419 F.2d 536 (4th Cir. 1969). As set forth more fully in the Joint Motion, there is a real risk of adverse collateral consequences to the Debtors from, among other testimony, Plaintiffs' experts or other witnesses discussing W. R. Grace's Libby vermiculite.

7. It is also curious that the Respondents do not dispute the content of the

---

[1] Although the shared insurance is not at issue in the Joint Motion, it is important to note that at the time of the Expedited Motion, Scotts' status as an additional insured under many of the Insurance Policies addressed by the Injunction Order (the "Shared Insurance Policies") was not yet before the Court. After the Expedited Motion, on September 2, 2004, Scotts filed its now pending Declaratory Judgment Action (the "Declaratory Judgment Action") in this bankruptcy case asserting its rights as an insured under the Shared Insurance Policies. The implication of the Shared Insurance Policies, which was largely theoretical at the time of the Expedited Motion, is now a reality. The State Actions are undeniably an action for which may be coverage under the Shared Insurance Policies, which are specifically identified as Insurance Policies on Exhibit B to the Injunction Order and which are the subject of Scotts' now pending Declaratory Judgment Action.

Aronowitz Affidavit. Instead, they suggest it is inadmissible evidence, speculating (with no evidentiary support) that the statement made to Scotts was made during settlement discussions, which it was not.

8. In their Response, Respondents also contend that granting the requested stay would violate the Due Process Clause of the United States Constitution, contending that insufficient notice to claimants has been given. This Court may take judicial notice of those served with the Joint Motion, including counsel for all known plaintiffs in the active State Actions. There has been full and fair notice to all affected parties.

9. Finally, Respondents argue that the equities favor the continuation of the State Actions as to Scotts. However, it is undisputed that claimants allegedly injured by W. R. Grace vermiculite who seek to recover from Grace are currently precluded from prosecuting their claims. Granting the stay motion as to Scotts imposes no greater burden on these claimants, but rather would benefit the creditors of this bankruptcy estate by placing all claimants alleging injuries as a result of exposure to allegedly asbestos-contaminated W. R. Grace vermiculite on equal footing.

WHEREFORE, for the foregoing reasons and for the reasons set forth in the Joint Motion, Scotts respectfully requests that this Court enter an Order temporarily staying the State Actions as to Scotts pending confirmation of Debtors' plan of reorganization and further order of the Court.

Dated: December 10, 2004

MORRIS, NICHOLS, ARSHT & TUNNELL

/s/ [signature]

William H. Sudell, Jr. (#0463)
Daniel B. Butz (#4227)
1201 North Market Street
P. O. Box 1347
Wilmington, DE 19899-1347
Phone: (302) 658-9200
Facsimile: (302) 658-3989

and

Robert J. Sidman (Ohio Bar #0017390)
Tiffany Strelow Cobb (Ohio Bar #0067516)
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43215
Phone: (614) 464-6400
Facsimile: (614) 719-4663

Attorneys for Movant, The Scotts Company

441277