IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |
| | ) | **Hearing Date: Not Applicable** |
| | ) | **Responses Due: January 14, 2005** |

## NOTICE OF CLAIMS PREVIOUSLY SATISFIED

W. R. Grace & Co. and its affiliated debtors and debtors in possession herein (collectively, the "Debtors"), by and through their undersigned attorneys, hereby file this notice (the "Notice") identifying (a) claims filed against the Debtors that the Debtors believe have been satisfied postpetition in full (the "Fully Satisfied Filed Claims"), (b) claims filed against the Debtors that the Debtors believe have been satisfied postpetition in part (the "Partially Satisfied Filed Claims"), and (c) scheduled claims that the Debtors believe have been satisfied postpetition (the "Satisfied Scheduled Claims") (collectively, the "Satisfied Claims") by (i) payments made pursuant to an order of the court authorizing such payments or (ii) by payments made in the

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

ordinary course of the Debtors' business for postpetition goods and/or services. In support of this Notice, the Debtors respectfully represent as follows:

## BACKGROUND

1. On April 2, 2001 (the "Petition Date"), each of the Debtors in these Chapter 11 cases filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") commencing their respective Chapter 11 cases.

## PROOFS OF CLAIM AND BAR DATE

2. By an order dated April 25, 2002, this Court set March 31, 2003 as the last date for filing proofs of claim for all prepetition claims relating to asbestos property damage, non-asbestos claims (including all governmental claims) and medical monitoring claims. A bar date has yet to be set for asbestos personal injury claims and claims related to Zonolite Attic Insulation.

## CLAIMS SATISFIED POSTPETITION

3. In connection with its review of all claims filed to date against the Debtors' estates, the Debtors have identified the Satisfied Claims as claims that the Debtors believe were satisfied postpetition. The Satisfied Claims generally fall into the following categories:

>    a. *Fully Satisfied Filed Claims.* The claims identified on Exhibit A and annexed hereto are filed claims that were satisfied in full by the Debtors after the Petition Date. Certain of these Fully Satisfied Claims are claims that were satisfied by payments made pursuant to the Debtors' authority pursuant to orders of the Court authorizing such payments.

2

    b.    ***Partially Satisfied Filed Claims.*** The claims identified on Exhibit B and annexed hereto are filed claims that were partially satisfied by the Debtors after the Petition Date. Certain of these Partially Satisfied Claims are claims that were satisfied by payments made pursuant to the Debtors' authority pursuant to orders of the Court authorizing such payments.

    c.    ***Satisfied Scheduled Claims.*** The claims identified on Exhibit C and annexed hereto are scheduled claims that were satisfied by the Debtors after the Petition Date. Certain of these Satisfied Scheduled Claims are claims that were satisfied by payments made pursuant to the Debtors' authority pursuant to orders of the Court authorizing such payments.

### A.    Fully Satisfied Filed Claims

4. The Debtors have reviewed their Books and Records and have determined that the Fully Satisfied Filed Claims listed on Exhibit A have been satisfied by payments made after the Petition Date and that no further payments or distributions are required on account of such claims. Accordingly, the Debtors intend to designate the Fully Satisfied Filed Claims on their claims register as having been previously satisfied so that their records are accurate for purposes of making distributions under any plan of reorganization.

5. Furthermore, holders of Fully Satisfied Filed Claims are, as of the applicable voting record date, precluded from voting on any Chapter 11 plan filed in the Debtors' cases.

6. Out of an abundance of caution, however, the Debtors thought it appropriate to serve this Notice on all affected parties to the Fully Satisfied Filed Claims, so that

3

such parties are provided an opportunity to object to the Debtors' position that such claims have been satisfied in full.

**B.     Partially Satisfied Filed Claims**

7.     The Debtors have also determined that the Partially Satisfied Filed Claims listed on Exhibit B have been partially satisfied by payments made after the Petition Date. Accordingly, the Debtors intend to designate the Partially Satisfied Filed Claims on their claims register as having been previously partially satisfied so that their records reflect the correct amount due for purposes of making distributions under any plan of reorganization.

8.     Additionally, the Debtors thought it appropriate to serve this Notice on all affected parties to the Partially Satisfied Filed Claims, so that such parties are provided an opportunity to object to the Debtors' position that such claims have been partially satisfied.

**C.     Satisfied Scheduled Claims**

9.     Finally, the Debtors have determined that the Satisfied Scheduled Claims listed on Exhibit C have been satisfied by payments made after the Petition Date. Accordingly, the Debtors intend to designate the Satisfied Scheduled Claims on their claims register as having been previously satisfied so that their records are accurate for purposes of making distributions under any plan of reorganization.

10.    Furthermore, holders of Fully Satisfied Filed Claims are, as of the applicable voting record date, precluded from voting on any Chapter 11 plan filed in the Debtors' cases.

11.    Out of an abundance of caution, however, the Debtors thought it appropriate to serve this Notice on all affected parties to the Satisfied Scheduled Claims, so that such parties are provided an opportunity to object to the Debtors' position that such claims have been satisfied in full.

## **RESPONSES**

12. By this Notice, the Debtors request that any party (1) disputing the Debtors' position, with respect to any of the Fully Satisfied Filed Claims, that such claims have been paid in full, (2) disputing the Debtors' position, with respect to any of the Partially Satisfied Filed Claims, that such claims have been partially satisfied, or (3) disputing the Debtors' position, with respect to any of the Satisfied Scheduled Claims, that such claims have been paid in full, file a written response with the United States Bankruptcy Court, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801, and serve such response upon the following entities, so that the response is received no later than January 14, 2005 at 4:00 p.m. (Eastern Time), at the following addresses:

>   Kirkland & Ellis LLP
>   200 E. Randolph Drive
>   Chicago, Illinois 60601
>   Attn:   Joseph S. Nacca
>
>   -and-
>
>   Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C.
>   919 North Market Street, 16th Floor
>   P. O. Box 8705
>   Wilmington, Delaware 19899-8705 (Courier 19801)
>   Attn:   David W. Carickhoff, Jr.
>
>   Co-Counsel for the Debtors

13. The Debtors will then make every effort to review the Satisfied Claim with the claimant to determine whether (1) in the case of a Fully Satisfied Filed Claim or a Satisfied Scheduled Claim, any obligation remains outstanding, or (2) in the case of a Partially Satisfied Filed Claim, any obligation in addition to the modified claim amount remains outstanding. In the event that the parties are unable to reach a resolution, the Debtors will file a formal objection to such claims and set such dispute for a hearing with the Court.

91100-001\DOCS_DE:103676.1

## RESERVATION OF RIGHTS

14. The Debtors reserve their rights to file additional objections to any claims in these cases, including, without limitation, objections as to the amounts asserted by each of the Satisfied Claims, or any other claims (filed or not) against the Debtors.

Dated: December 14, 2004

                KIRKLAND & ELLIS LLP
                James H.M. Sprayregen, P.C.
                James W. Kapp III
                Janet S. Baer
                200 East Randolph Drive
                Chicago, IL 60601
                (312) 861-2000

                and

                PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.

                */s/ Laura Davis Jones*
                Laura Davis Jones (Bar No. 2436)
                David W. Carickhoff, Jr. (Bar No. 3715)
                919 North Market Street, 16th Floor
                P.O. Box 8705
                Wilmington, DE 19899-8705 (Courier 19801)
                (302) 652-4100

                Co-Counsel for Debtors and Debtors in Possession