# EXHIBIT 1

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |
| | ) | **Hearing Date: Not Applicable** |
| | ) | **Responses Due: February 7, 2005** |

1 PENN PLAZA
C/O AMANDA G STEINMEYER
SPEIGHTS & RUNYAN
200 JACKSON AVE E
PO BOX 685
HAMPTON, SC 29924

**SAMPLE**

Claim Number:  10704
Date of Claim:  3/31/2003

## NOTICE OF INTENT TO OBJECT TO CLAIMS ON THE BASIS OF MATERIALLY INSUFFICIENT SUPPORTING INFORMATION AND OPPORTUNITY TO SUPPLEMENT CLAIMS

**PLEASE TAKE NOTICE** that on April 2, 2001, each of the Debtors in the above-captioned chapter 11 cases filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code commencing their respective chapter 11 cases in the United States Bankruptcy Court for the District of Delaware.

**PLEASE TAKE FURTHER NOTICE** that by an order dated April 25, 2002, the Court set March 31, 2003 as the last date for filing proofs of claim for all prepetition claims relating to asbestos property damage, non-asbestos claims (including all governmental claims) and medical monitoring claims (the "Bar Date"). A bar date has yet to be set for asbestos personal injury claims and claims related to Zonolite Attic Insulation.

**PLEASE TAKE FURTHER NOTICE** that the Debtors are in the process of reviewing all claims filed, and, during this review process, the Debtors have discovered, among other things, that certain proofs of claim were filed with (a) no supporting documentation submitted to validate the claim; (b) materially insufficient supporting documentation to validate the claim; and/or (c) the claimant failing to answer one or more specific questions that require answers necessary to support the claim (collectively, "Materially Insufficient Supporting Information").

**PLEASE TAKE FURTHER NOTICE** that on July 19, 2004, the Court entered an Order [Docket No. 6009] (the "Order"), attached hereto as Exhibit A, pursuant to which the Debtors, prior to asserting any objection to a claim on the basis of Materially Insufficient Supporting Information, must serve written notice by first-class United States mail of the

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Debtors' intent to object to the respective claim on the basis of Materially Insufficient Supporting Information upon: (a) any claimant as to whom such objection is to be asserted; (b) counsel for such claimant; (c) counsel for the Asbestos Property Damage Committee; and (d) the Official Committee of Unsecured Creditors.

**PLEASE TAKE FURTHER NOTICE** that the Debtors' claims consultant, Bankruptcy Management Corporation ("BMC"), will, in lieu of serving each claimant with all Exhibits, serve a customized Notice summarizing the claim detail exactly as reflected on Exhibit B, attached hereto, upon those claimants that have filed claims that are affected by the Notice (with a copy of Exhibit A). In addition, BMC will serve upon the attorney of any claimant listed on Exhibit B a copy of the Notice with a customized Exhibit B listing only that attorney's clients. Any party may obtain a copy of the Notice with all Exhibits by requesting the same from BMC at (888) 909-0100 or by going to the BMC website at www.bmccorp.net/wrgrace.

**PLEASE TAKE FURTHER NOTICE** that claimants have sixty (60) days (the "Response Period") from the date of this Notice in which to provide any supplemental or additional information supporting the respective claims. Such information must be sent to the following addresses:

**By Mail:**
Rust Consulting, Inc.
Claims Processing Agent
Re: W.R. Grace and Co. (Supplemental Information)
P.O. Box 162
Faribault, Minnesota 55021-1620

**By Courier:**
Rust Consulting, Inc.
Claims Processing Agent
Re: W.R. Grace and Co. (Supplemental Information)
201 South Lyndale Avenue
Faribault, Minnesota 55021

-and-

Kirkland & Ellis LLP
200 E. Randolph Drive
Chicago, Illinois 60601
Attn: Joseph S. Nacca

**PLEASE TAKE FURTHER NOTICE** that each claimant who provides any supplemental or additional information supporting his/her/its respective claim must include with that information:
(a)    a caption setting forth the names of the Debtors and the case number;
(b)    the name of the claimant, the original claim number of the claim for which the claimant is providing supplemental information, claimant's federal taxpayer ID, and a description of the basis for the amount of the claim;
(c)    the name, address, telephone number, and fax number of the person(s) (which may be the claimant or the claimant's legal representative) with whom counsel for the Debtors should communicate with respect to the claim and who possesses authority to reconcile, settle, or otherwise resolve the claim on behalf of the claimant;
(d)    for holders of asbestos property damage claims: (i) to the extent that it was not included with the proof of claim previously filed with the Claims Agent, accurate and truthful responses to all questions in Parts 3 and 4 of the W.R. Grace & Co. Asbestos Property Damage Proof of Claim Form; and (ii) to the extent that it was not included with the proof of claim previously filed with the Claims Agent, any supporting documentation, as required by questions 16, 17, 18, 22, 23, 36, 37, 38, 39, 42, and 43 of the W.R. Grace & Co. Asbestos Property Damage Proof of Claim Form, upon which claimant will rely to support the basis for and amounts asserted in the proof of claim;
(e)    for holders of claims other than asbestos property damage claims, any supporting documentation upon which the party will rely to support the basis for and amounts asserted in the proof of claim.

**PLEASE TAKE FURTHER NOTICE** that, following the Response Period, the Debtors may assert any applicable objections to your claims (or those of your client), including, but not limited to, objections on the basis of Materially Insufficient Supporting Information.

**W. R. GRACE & CO., et al.**

Janet S. Baer
James W. Kapp III
Rachel R. Schulman
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
Telephone:   (312) 861-2000
Facsimile:    (312) 861-2200

        and

_____/s/_____
Laura Davis Jones (DE I.D. No. 2436)
David W. Carickhoff, Jr. (DE I.D. No. 3715)
PACHULSKI, STANG, ZIEHL, YOUNG, JONES &
WEINTRAUB P.C.
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone:   (302) 652-4100
Facsimile:    (302) 652-4400

Counsel for the Debtors and Debtors in Possession

# Exhibit A

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

Presented at hearing 7/19/04

Re: Docket No. 4853 & 3/22/04 Agenda Item No. 6

## ORDER GRANTING LIMITED WAIVER OF DEL.BANKR.LR 3007-1 FOR THE PURPOSE OF STREAMLINING OBJECTIONS TO CERTAIN CLAIMS FILED PURSUANT TO THE BAR DATE ORDER

This matter coming before the Court on the Motion of Debtors For Limited Waiver of Del.Bankr.LR 3007-1 for the Purpose of Streamlining Objections to Claims (the "Motion") filed by the above-captioned debtors and debtors in possession (collectively, "Debtors"); the Court having reviewed and considered the Motion; the Court finding that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

28 U.S.C. § 157(b)(2); (iii) the relief requested therein is in the best interest of the Debtors and their estates; and (iv) no further notice or hearing on the Motion being required; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein:

    1.    IT IS HEREBY ORDERED THAT:

        a.    Pursuant to Del.Bankr.LR1001-1(c), the provisions of Local Rule 3007-1 are hereby waived to allow the Debtors to file omnibus objections (the "Gateway Omnibus Objections") asserting any and all Gateway Objections (as herein defined) against all Claims[2], regardless of the aggregate number of such Claims subject to the Gateway Objections.

        b.    The Gateway Objections shall consist of the following: (i) Claims with substantially incomplete Proof of Claim Forms; (ii) Claims that contain materially insufficient supporting information; (iii) Claims that fail to include any product identification information; (iv) Claims that are barred by applicable statutes of limitation or repose; (e) Claims that are barred by laches; and (v) Claims that are barred by prior settlements.

        c.    Pursuant to Del.Bankr.LR1001-1(c), the provisions of Local Rule 3007-1 that limit (to 150) the number of claims that properly may be subject to a substantive omnibus claims objection are hereby waived with respect to the Gateway Omnibus Objections.

        d.    Pursuant to Local Rule 1001-1(c), the provisions of Local Rule 3007-1 that require a debtor to assert all substantive objections to a particular Claim in a single substantive objection are hereby waived with respect to the Gateway Omnibus Objections.

---

[2] Capitalized terms not defined in this Order have the meaning given in the Motion.

2

Accordingly, (i) the Debtors may file Gateway Omnibus Objections asserting all Gateway Objections to a particular claim without asserting or waiving any other substantive objections (that are not Gateway Objections) to such claim; and (ii) the Debtors may file one subsequent substantive objection to each of the Claims for which a Gateway Omnibus Objection was filed.

e.  Notwithstanding the foregoing, prior to the assertion of any Gateway Objection to an Asbestos Property Damage Proof of Claim, based on materially insufficient supporting information, the Debtors shall serve on any Claimant as to whom such objection is to be asserted, written notice by first-class United States mail of the Debtors intent to object to the respective Claim on the basis of materially insufficient supporting information. A copy of this Notice shall also be served on counsel for the Asbestos Property Damage Committee and counsel for the Claimant, if identified in the respective Proof of Claim form. Each Claimant shall have sixty (60) days (the "Response Period") from the date of such notice in which to provide any supplemental or additional information supporting their respective Claim, and the Debtors shall not assert any Gateway Objections to any such Claim until the last Response Period has ended. Following the last Response Period, the Debtors may assert any applicable Gateway Objections to the Asbestos Property Damage Proof of Claims.

f.  Notwithstanding the foregoing, prior to the assertion of any Gateway Objection to a Non-Asbestos Proof of Claim or Asbestos Medical Monitoring Proof of Claim, based on materially insufficient supporting information, the Debtors shall serve on any Claimant as to whom such objection is to be asserted, written notice by first-class United States mail of the Debtors intent to object to the respective Claim on the basis of materially insufficient supporting information. A copy of such notice shall also be served on the Official Committee of

3

DOCS_DE:91262.1

Unsecured Creditors and counsel for the Claimant, if identified in the respective Proof of Claim form. Each Claimant shall have sixty (60) days from the date of such notice in which to provide any supplemental or additional information supporting their respective Claim, and the Debtors shall not assert a Gateway Objection with respect to any such Claim until sixty (60) days following the date of such notice. Thereafter, the Debtors may assert any applicable Gateway Objections to the respective Non-Asbestos Proof of Claims or Asbestos Medical Monitoring Proof of Claims.

    g.  The Debtors shall cause a copy of this Order to be mailed by first class mail, postage prepaid, to counsel for any Claimant against whom the Debtors anticipate filing a Gateway Omnibus Objection. If any such Claimant's counsel is not known, then the Debtors shall cause a copy of this Order to be mailed by first class mail, postage prepaid, to the respective Claimant.

    h.  This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Wilmington, Delaware

Dated: 7/19, 2004

                   _____
                   UNITED STATES BANKRUPTCY JUDGE

4

DOCS_DE:93262.1