IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

**DEBTORS' SUGGESTION TO THE COURT OF PROTOCOL FOR PROCEEDINGS FOR THE JANUARY 21, 2005 AND JANUARY 24, 2005 HEARINGS SCHEDULED IN THESE CASES**

As this Court is aware, the Debtors' consistent position in these chapter 11 cases has been that any resolution of these cases must be tailored to deal with the different types of asbestos claims against the Debtors. Since the Informational Brief was filed in 2001, the Debtors have made clear that Asbestos Property Damage Claimants, Asbestos Personal Injury Claimants and ZAI Claimants each stand on somewhat different footing, are making separate types of claims against the Debtors and must be dealt with separately. The need to differentiate these

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

various types of asbestos claims has been reflected in these chapter 11 cases -- literally for years -- through the litigation tracks that this Court instituted, and is reflected again in the Plan and accompanying papers that the Debtors filed on November 13, 2004.

Since the Plan was filed, the Debtors have continued discussions with other constituencies as well and the Debtors are hopeful that other groups may join as Plan Proponents soon.  Nonetheless, because it is unlikely that *all* constituencies -- particularly the different asbestos claimant groups -- will sign onto the Debtors' Plan in advance of the late January hearings, the Debtors now offer the Court this proposed Protocol for setting the order of the matters currently scheduled to be heard on January 21, 2005 and January 24, 2005.  The Debtors respectfully submit that hearing their pending motions in the following order will provide this Court and all parties with the most efficient means of resolving these cases.

**First**, as indicated in the November 14, 2004 Cover Letter accompanying and explaining the Plan Materials, the Debtors' Estimation Motion should be heard before anything else.  [*See* 11/14/04 Cover Letter attached as Exhibit A, at p. 3.]  As discussed in the Cover Letter, the information gained through the Estimation Motion is crucial for defining the Debtors' liability and necessarily serves as a precursor for deciding the other pending motions.  Critically, too, the Estimation Motion clearly sets out the steps that need to be taken to estimate the value of the different claims of Asbestos Property Damage Claimants, Asbestos Personal Injury Claimants and ZAI Claimants -- work that *must* be accomplished if any resolution of these chapter 11 cases is ever to be achieved, whether through litigation or otherwise.  Specifically:

- **Asbestos Property Damage Claims**: The Debtors already have in hand (and have analyzed) nearly 4,000 Asbestos PD claims that were filed by the March 31, 2003 claims bar date for traditional PD claims.  The Debtors are prepared to proceed immediately to estimation (and disallowance) of these claims.  The Debtors propose (1) objecting to all claims that failed to provide material information or documentation required by the Claim form, such as those that

2

failed to produce any evidence of product identification or supporting documentation and (2) filing within two months an expert report estimating the Debtors' liability for the remaining claims, while at the same time attempting a negotiated resolution. After expert reports and depositions are completed, the Debtors anticipate a hearing on the estimation of PD claims could proceed promptly. The Debtors expect this entire process could be completed within approximately 6 months. [Estimation Motion at ¶¶ 85-90.]

- **ZAI Claims**: The Debtors have proposed that the Court set a ZAI Claims Bar Date and approve a ZAI claim form and notice program for ZAI Claims in order to estimate these claims. While the Court earlier heard a request for class certification, the evidence developed in connection with the ZAI Science Trial has shown clearly that there is no impediment to proceeding with a bar date. [*See* Estimation Motion at ¶¶ 92-93.]

- **Asbestos Personal Injury Claims**: However these chapter 11 cases are to be resolved, a necessary first step must be to better understand the population of claimants with unresolved personal injury lawsuits *on file as of the Petition Date*. As the Estimation Motion notes, those claimants have already retained counsel who were in turn sufficiently prepared to file suit against the Debtors. The Debtors know who those claimants and their counsel are, so direct notice of a bar date can be served with minimal expense and prompt responses can be required. As set out further in the Estimation Motion, claims forms can be followed up with claims questionnaires, which will enable the parties to develop a detailed 'snapshot' of the actual medical conditions and exposure histories of the claiming population as it existed on the Petition Date. From that information, the parties can develop meaningful estimates of the Debtors' actual liability to these claimants *for plan confirmation purposes*, as well as projections of the Debtors' liability to future claimants. Alternatively, the claims questionnaires could be used to litigate common issues through pre-confirmation litigation. Under either approach, obtaining the information requested in the questionnaire is a critical first step. [Estimation Motion at ¶ 8.] The Estimation Motion seeks to get this entire process underway, including the approval of the Debtors' proposed form of questionnaire. The Debtors expect that the estimation of the Debtors' aggregate asbestos personal injury claims using this procedure could similarly be completed within approximately 6 months.

**Second**, the Court should take up the Debtors' Supplement to their Estimation Motion requesting a ZAI Bar Date (the "Estimation Supplement"), which Grace anticipates filing no later than December 20, 2004. This motion recognizes that there is no need to wait to approve a bar date and simple proof of claim form for ZAI claims and is expressly designed to

3

keep the ZAI claims progressing swiftly toward resolution, rather than permitting them to lag behind the estimation of Asbestos Property Damage and Asbestos Personal Injury Claims.

**Third**, if there is time remaining at the hearing after the previous two motions are heard -- which Grace doubts -- the Court could take up the Debtors' New CMO Motion and Old CMO Motion, alternative proposals for setting litigation procedures for dealing with litigation of asbestos claims *post-confirmation* (New CMO Motion) or *pre-confirmation* (Old CMO Motion). The New CMO Motion was filed with the Plan materials before this Court on November 13, 2004, and on November 24, 2004, the Debtors moved the District Court to refer the Old CMO Motion back to this Court so that both the Old and New CMO Motions may be considered by this Court as alternatives, simultaneously.

**Fourth**, the Debtors submit that the hearings on the adequacy of the Disclosure Statement and on the Confirmation Procedures Motion should be deferred. Resolving the Estimation Motion and Estimation Supplement alone on January 21, 2005 and January 24, 2005 would result in immediate progress in defining the Debtors' liability and could help prompt consensual resolution of these chapter 11 cases. The Debtors respectfully suggest that the Disclosure Statement should be taken up 60 days after the January hearings, with hearings on the Confirmation Procedures Motion to follow thereafter. The Debtors also suggest that the deadline for (a) submitting objections to the Disclosure Statement, (b) submitting replies in

support of the Disclosure Statement, and (c) submitting an objection chart be extended accordingly to reflect the new date of the Disclosure Statement hearing.

                    Respectfully Submitted:

Dated: December 15, 2004

                    KIRKLAND & ELLIS LLP
                    David M. Bernick, P.C.
                    Janet S. Baer
                    Jonathan P. Friedland
                    Joseph S. Nacca
                    200 East Randolph Drive
                    Chicago, Illinois 60601
                    Telephone: (312) 861-2000

and

                    PACHULSKI, STANG, ZIEHL, YOUNG,
                    JONES & WEINTRAUB P.C.

                    /s/ Laura Davis Jones

                    Laura Davis Jones (Bar No. 2436)
                    David W. Carickhoff, Jr. (Bar No. 3715)
                    919 North Market Street, 16th Floor
                    P.O. Box 8705
                    Wilmington, Delaware 19899-8705
                    (Courier 19801)
                    Telephone: (302) 652-4100
                    Facsimile: (302) 652-4400

                    Co-Counsel for Debtors and Debtors in Possession

5