# Exhibit A

# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

200 East Randolph Drive
Chicago, Illinois 60601

David M. Bernick, P.C.
To Call Writer Directly:
312-861-2248
dbernick@kirkland.com

312 861-2000

www.kirkland.com

Facsimile:
312-861-2200

November 13, 2004

Honorable Ronald L. Buckwalter
United States District Court for the
 Eastern District of Pennsylvania
U.S. Courthouse
601 Market Street, Room #14614
Philadelphia, PA 19106-1755

Honorable Judith K. Fitzgerald
United States Bankruptcy Court for the
 Western District of Pennsylvania
5490 U.S. Steel Tower
600 Grant Street
Pittsburgh, PA 15219

Re:  *In re W. R. Grace & Co., et al.,*
     *Chapter 11 Case No. 01-1139 (JKF)*

Dear Judge Buckwalter and Judge Fitzgerald:

On January 28, 2004, the Debtors filed their sixth motion seeking authority to extend the exclusive periods in which to file and solicit votes for a chapter 11 plan. The Asbestos PI Committee objected. On June 16, 2004, the Bankruptcy Court granted the motion, but instructed the Debtors to file a chapter 11 plan no later than October 14, 2004. Thereafter, the Bankruptcy Court extended the Debtors' deadline to file the chapter 11 plan until November 15, 2004, because the Debtors and the Asbestos Committees (among others) reported on October 14th that a settlement appeared within reach and that the parties believed that filing a plan on that day would be counterproductive to the likelihood of such settlement.

Negotiations are ongoing but a settlement with the Asbestos Committees has not been reached to date. Therefore, the Debtors today filed their proposed Chapter 11 Plan (the "Plan"), accompanying Disclosure Statement, and accompanying Exhibit Book. The Debtors also filed these additional documents today:

- *Debtors' Motion for Entry of an Order Seeking the Estimation of Asbestos Claims and Certain Related Relief* (the "Estimation Motion");

- *Debtors' Motion for the Entry of an Order Approving Solicitation and Confirmation Procedures and Schedule* (the "Confirmation Procedures Motion"); and

- *Debtors' Motion for Entry of a Case Management Order Establishing Protocols for Litigating Asbestos-Related Claims Following Plan Confirmation* (the "New CMO Motion").

Honorable Ronald L. Buckwalter
Honorable Judith K. Fitzgerald
November 13, 2004
Page 2

In the Debtors' June 21, 2004 Status Report, the Debtors delineated two options for defining and resolving Grace's asbestos liability. The Debtors originally proposed the first option in their June 27, 2001 *Motion for Entry of Case Management Order, Establishment of Bar Date, Approval of Proof of Claim Forms, and Approval of Notice Program* (the "Original CMO Motion"). The Original CMO Motion contemplates *pre-confirmation* common issue litigation. Grace remains prepared to pursue litigation immediately under the Original CMO Motion.

The second option for resolution of these cases, embodied by the documents we filed today (and described further below), would capture hoped for settlements of Asbestos Claims, while preserving the rights of Asbestos Litigants to litigate their Claims *post-confirmation*, again utilizing common issue litigation. The Debtors remain hopeful that the bulk of the Asbestos Claims can be settled consensually and have been engaged in ongoing discussions with various interested parties, including each of the official committees, to discuss potential settlement alternatives.

The Debtors propose that the notice, bar date, and questionnaire process embodied in the Debtors' Estimation Motion proceed immediately, regardless of whether the first or second option is pursued. Estimation can be used to determine the feasibility of the Plan and to cap Grace's liability for all Classes of Asbestos Claims other than the Asbestos PI-AO Claims.[1] Alternatively, the information gained through the estimation process would be of critical value in defining Grace's liability through the *pre-confirmation* litigation process proposed in the Original CMO Motion.

All of this may be visualized as follows:

---

[1] Asbestos PI-AO Claims are defined in the Glossary that is attached to the Exhibit Book as Exhibit 2. Essentially, the Plan divides all Asbestos Personal Injury Claims (Asbestos PI Claims) into two categories: Asbestos PI-SE (Symptomatic-Eligible) Claims and Asbestos PI-AO (Asymptomatic / Other) Claims. Asbestos PI Claims must meet certain defined criteria to be considered Asbestos PI-SE Claims. Most other Asbestos PI Claims are Asbestos PI-AO Claims.

Honorable Ronald L. Buckwalter
Honorable Judith K. Fitzgerald
November 13, 2004
Page 3



Honorable Ronald L. Buckwalter
Honorable Judith K. Fitzgerald
November 13, 2004
Page 4


We summarize each of the two alternatives below.

### *Alternative 1: Pre-Confirmation Litigation Under the Original CMO*

The Debtors have previously summarized the pre-confirmation litigation mechanism embodied in the Original CMO as follows:

- Pursuant to Bankruptcy Rule 3004, Grace would promptly file Claims on behalf of all Claimants who had lawsuits pending against Grace as of the Petition Date;

- Grace would also serve a Court-approved Claim form on counsel for these Claimants;

- The Claimants would then complete and return the form, which will provide information critical to the litigation that would follow;

- Grace would file omnibus Claims objections, FRCP 42 consolidation and Bankruptcy Rule 7056 summary judgment motions raising common issues for litigation before this Court;

- The Court could decide at an early stage whether to appoint a FRE 706 Expert Panel to facilitate the resolution of disputes over scientific issues and, in any event, those disputes could be resolved through expert discovery and *Daubert* proceedings;

- After the Court rules on the motions, Grace would then execute a Court-approved notice program to advise all other Claimants of the Court's bar date; A Claim form tailored to the Court's liability rulings would be used by these new Claimants to file their Claims, expediting the completion of this last phase of the litigation; and

- A show cause hearing would be held after the bar date to provide these new Claimants with the opportunity to challenge or seek modifications to the Court's liability rulings.

As explained in detail in the Original CMO Motion and related briefs, this process would afford the Court an opportunity to identify efficiently and resolve all of the critical common issues raised by the pending asbestos personal injury Claims.

### *Alternative 2: Post-Confirmation Litigation and Settlements*

The alternative approach we propose by today's filings would expedite greatly the confirmation of a plan of reorganization and the conclusion of these cases.

The Debtors believe that this Court has the option of establishing a procedure for the resolution of the personal injury Claims *following* plan confirmation, provided that (i) case management procedures for litigation similar to those proposed in the Original CMO Motion are established, and (ii) the estimation of the size of the personal injury trust needed to satisfy certain present and future Claims for which Grace is actually liable is also completed.

Honorable Ronald L. Buckwalter
Honorable Judith K. Fitzgerald
November 13, 2004
Page 5

### *The Plan*

The Debtors' Plan will pay all Claimants in full and will leave most Claimants, including Holders of Asbestos Claims, unimpaired.

The Plan provides for, among other things, the creation of a post-confirmation trust (the "Asbestos Trust") to which all Asbestos Claims will be channeled for recovery. The Plan proposes that the Asbestos Trust be funded with an amount of money and securities the Court determines pursuant to the Estimation Motion to be sufficient to enable the Asbestos Trust to pay all Asbestos Claims in full, once they are settled (pursuant to Trust Distribution Procedures that are contained in the Exhibit Book) or adjudicated on the merits under the New CMO Motion.

The Plan divides Asbestos Claims into two categories: Asbestos PD Claims and Asbestos PI Claims. Asbestos PD Claims (Class 8) are unimpaired because each Holder of an Asbestos PD Claim will retain his right to litigate his Claim against the Asbestos Trust and will also retain the right to recover the full amount of his Allowed Claim against the Asbestos Trust.

The Plan, as discussed above, further divides Asbestos PI Claims into two Classes: Asbestos PI-SE Claims (Class 6) and Asbestos PI-AO Claims (Class 7). A key goal of the Plan is to set up a structure under which Holders of Asbestos PI Claims are able to settle with the Asbestos Trust in a fair, efficient, and expedient manner. The Debtors believe that this will allow Asbestos PI Claimants to recover the full value of their respective Claims as quickly as possible. To this end, most Asbestos PI Claimants will be able to elect to enter into a settlement (the terms of which are contained in the PI-SE TDP and PI-AO TDP, respectively) with the Asbestos Trust instead of litigating against it. The Plan refers to this election as the "Cash-Out Option."

Holders of Asbestos PI Claims who do not settle with the Asbestos Trust will retain their rights to litigate their Claims against the Asbestos Trust and to recover the full amount of their Allowed Claims from the Asbestos Trust. The Plan refers to this election as the "Litigation Option."

All other Classes of Claims will either be paid in full on the Effective Date or will "ride through" confirmation and be paid in the ordinary course of the Reorganized Debtors' businesses.

### *Estimation Motion*

The Estimation Motion, as described above, seeks an order estimating the aggregate amounts needed to fund the Asbestos Trust to enable the Asbestos Trust to pay in full, as and when they come due, all Allowed Asbestos PI-SE, Asbestos PI-AO, and Asbestos PD Claims. It also seeks an estimate of Asbestos Trust expenses.

Honorable Ronald L. Buckwalter
Honorable Judith K. Fitzgerald
November 13, 2004
Page 6

The Estimation Motion seeks entry of an appropriate procedural order at the December 20th omnibus hearing to authorize the commencement of the estimation process. If the Court grants this relief, the estimation timeline could look like this:



Estimation is intended to provide an efficient, fair and cost-effective process by which the hundreds of thousands of Asbestos Claims against the Debtors can be estimated in the aggregate for purposes of (i) determining the feasibility of the Debtors' Plan and (ii) proving the other facts necessary to support confirmation. In addition, regardless of whether the Debtors' proposed Plan is confirmed, the estimations sought will be useful in determining the feasibility of *any* plan of reorganization that does not contemplate the *pre-confirmation* liquidation of hundreds of thousands of Asbestos Claims. Moreover, as touched upon above (and discussed at length in our Estimation Motion), the data collected as part of the estimation process would also be of critical value in connection with *pre-confirmation* litigation under the Original CMO Motion.

### *New CMO Motion*

The New CMO Motion seeks relief that is similar to that sought in the Original CMO Motion. By the New CMO Motion, the Debtors request that the Court institute litigation protocols by which Holders of Asbestos Claims who do not wish to settle with the Asbestos Trust can resolve their Claims effectively and efficiently *after* confirmation of the Plan.

A substantial majority of Asbestos Claims share similar deficiencies that can be resolved effectively *en masse*, saving both the Debtors and the Court valuable time and resources. The New CMO Motion proposes (as does the Original CMO Motion) establishing case management protocols for the efficient resolution of such Asbestos Claims.

### *Confirmation Procedures Motion*

To expedite the Plan confirmation process, the Debtors also filed the Confirmation Procedures Motion with the Bankruptcy Court. The Confirmation Procedures Motion requests approval of the Debtors' proposed Plan solicitation process.

Honorable Ronald L. Buckwalter
Honorable Judith K. Fitzgerald
November 13, 2004
Page 7

## *Overall Schematic of Alternative #2*

The following timeline illustrates how the Debtors will be able to confirm this case within about six months under Alternative #2 and also superimposes the earlier estimation timeline in order to illustrate how the two processes would work in tandem:



Honorable Ronald L. Buckwalter
Honorable Judith K. Fitzgerald
November 13, 2004
Page 8

I hope this letter serves as a useful overview as you review our papers.

Very truly yours,

David M. Bernick, P.C.

cc: Roger Frankel / Richard Wyren
Swidler, Berlin, Shereff, Friedman LLP
Counsel to the Future Claimants' Representative

Lewis Kruger / Arlene Krieger
Stroock & Stroock & Lavan LLP
Counsel to the Unsecured Creditors' Committee

Frank Perch
Office of U.S. Trustee
United States Trustee

Peter Van N. Lockwood
Caplin & Drysdale, Chartered
Counsel to the Asbestos PI Committee

Scott L. Baena / Jay Sakalo
Bilzin Sumberg Baena Price & Axelrod LLP
Counsel to the Asbestos PD Committee

Phillip Bentley / Gary M. Becker
Kramer Levin Naftalis & Frankel LLP
Counsel to the Equity Committee