IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

Objection Deadline: January 7, 2005 at 4:00 p.m.
Hearing Date: January 24, 2005 at 12:00 p.m.

### DEBTORS' MOTION FOR AN ORDER AUTHORIZING AND APPROVING REIMBURSEMENT OF DEFENSE COSTS AND ADVANCEMENT OF FUNDS TO SETTLE CERTAIN ACTIONS PURSUANT TO NATIONAL UNION'S EMPLOYEE BENEFIT PLAN FIDUCIARY LIABILITY INSURANCE POLICY

The above-referenced Debtors hereby move (the "Motion") this Court for entry of an order authorizing payment, reimbursement and/or advancement by National Union Fire Insurance Company of Pittsburgh, Pa. (the "Insurer") of (i) reasonable and necessary legal fees, costs and expenses that have been incurred, are being incurred, or that may be incurred in the future by the Debtors and other entities and individuals, including, but not limited to, those

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

named as defendants (collectively, the "Defendants") in the defense of certain civil actions that are currently pending, including but not limited to, those listed in paragraph 4 below, or that may be filed in the future (collectively, the "Actions") and (ii) payment, reimbursement and/or advancement of money to be used to settle the Actions. In support of the Motion, the Debtors respectfully submit as follows:

## JURISDICTION

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is section 105(a) of chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

## BACKGROUND

2. On April 2, 2001 (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code.

3. Prior to the Petition Date, the Insurer issued National Union's Employee Benefit Plan Fiduciary Liability Insurance Policy, Policy Number 549-80-77 to W. R. Grace & Co. (the "Policy"). The Policy provides for the payment, reimbursement or advancement of reasonable and necessary fees, costs and expenses (collectively, "Defense Costs") incurred in the defense of "Claims" as defined in the Policy. The Policy has a limit of liability for all covered "Loss" as defined in the Policy, including Defense Costs.[2] Settlements of "Claims" ("Settlement Payments") are included in the Policy's definition of "Loss."

---

[2] The Debtors and the Insurer are concerned that (i) making the Policy available on the Court's website or otherwise in connection with this Motion and/or (ii) publicizing the actual limits of liability of the Policy, will spawn
(Continued...)

2

4. A lawsuit entitled <u>Evans v. Akers et al,</u> Case No. 04-11380 (WGY) has been filed in the United States District Court for the District of Massachusetts against members of the Debtors' Board of Directors and certain key employees. A lawsuit entitled <u>Bunch, et al. v. W.R. Grace & Co., et al.</u>, Case No. 04-218 (DLB) has been filed in the United States District Court for the Eastern District of Kentucky against certain of the Debtors, members of the Debtors' Board of Directors, and certain key employees.

5. Subsequent to the Petition Date, notwithstanding the automatic stay imposed by Section 362 of the Bankruptcy Code as to private lawsuits against the Debtors as a result of their chapter 11 filings, the Defendants have incurred, and likely will continue to incur, significant Defense Costs in connection with the Actions. Thus, the Defendants are seeking payment, reimbursement or advancement of Defense Costs by the Insurer pursuant to the Policy.

6. The Insurer has agreed to pay, reimburse and/or advance the Defendants' Defense Costs and Settlement Payments, subject to: (i) this Court's approval; and (ii) the Insurer's reservation of its rights, privileges and defenses under the Policy, at law and in equity with respect to the Actions. To secure interim payment, reimbursement and/or advancement of Defense Costs and Settlement Payments by the Insurer, the Debtors are hereby requesting, pursuant to Section 105(a) of the Bankruptcy Code, that the Court enter an Order authorizing and approving the direct payment, reimbursement and/or advancement of Defense Costs and Settlement Payments to or for the benefit of the Defendants pursuant to the terms and conditions of the Policy.

---

frivolous litigation by plaintiffs merely seeking to collect from the proceeds of the Policy. For these reasons, the Policy has not been attached to the Motion. However, the Debtors will provide a copy of the Policy upon request of this Court and the United States Trustee.

3

7. Payment, reimbursement or advancement of Defense Costs under the Policy will be limited to the reasonable and necessary fees, costs and expenses charges by (i) one "lead" law firm, (ii) any reasonable and necessary local other special counsel and (iii) various other providers of services in support of the defense of the Actions for each subset of the Defendants who reasonably require separate counsel.

## RELIEF REQUESTED

8. By this Motion, the Debtors seek an Order by the Court pursuant to Section 105(a) of the Bankruptcy Code that: (i) authorizes the Insurer to pay, reimburse and/or advance Defense Costs (including the fees and costs of experts), subject to a full reservation of rights, to or for the benefit of the Defendants under the Policy, for one lead law firm, any reasonable and necessary local or other special counsel and various other providers of services; (ii) authorizes the Insurer to make Settlement Payments under the Policy; and (iii) grants relief from the automatic stay for the limited purpose of allowing such payments, reimbursement and/or advancements of Defense Costs and Settlement Payments by the Insurer to or for the benefit of the Defendants.

## GROUNDS FOR RELIEF

9. The Court's general equitable powers are codified in Section 105(a) of the Bankruptcy Code. Section 105(a) empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). The relief requested in this Motion would allow the Debtors to avail themselves of their benefits under the Policy and, therefore, is appropriate to carry out the provisions of the Bankruptcy Code.

10. As noted above, the Policy provides for the payment, reimbursement or advancement of Defense Costs incurred in defense of "Claims" and also provides for Settlement Payments. Accordingly, this Motion merely asks the Court to afford the Debtors their contractual rights

4

under the Policy. Courts typically allow intended beneficiaries of insurance policies, such as the Debtors, to assert their rights under such policies. See, e.g., In re First Central Financial Corp., 238 B.R, 9,21 (Bankr. E.D.N.Y. 1999) ("This court is unwilling to divest the Officers and Directors of the liability protection they bargained for, including ongoing draw down of legal fees.").

11. The relief sought in this Motion would not prejudice the interests of the Debtors' creditors, and would inure to the benefit of the Debtors' estates. This Motion does not prejudice the interests of the Debtors' creditors because it seeks only to authorize the Insurer to pay, reimburse and/or advance Defense Costs and make Settlement Payments from its own funds, not the Debtors' funds, in accordance with the Policy. Granting the relief sought herein would inure to the benefit of the Debtors' estates because the Debtors are likely to face substantial claims for indemnification from the non-Debtor Defendants for Defense Costs incurred in defense of the Actions and amounts paid to settle the Actions. Thus, to the extent the non-Debtor Defendants are entitled to indemnification, the Debtors' estates may ultimately be liable to those Defendants if the amounts at issue are not paid by the Insurer. Further, to the extent that the Insurer pays, reimburses and/or advances the Defense Costs of the non-Debtor Defendants and/or makes Settlement Payments, the Debtors' estates would be relieved of their indemnification obligations to pay those amounts. Moreover, if the Insurer does not pay the Defense Costs of the non-Debtor Defendants, the likelihood that the non-Debtor Defendants would be properly represented in the Actions would decrease, and the risk of increased indemnity claims against the Debtors would increase. Any such increase in indemnity claims would place a burden on the Debtors' estates and prejudice the Debtors' creditors.

12. Accordingly, the Debtors respectfully submit that there are no legal barriers to the Insurer's direct payment, reimbursement and/or advancement of the Defense Costs of the Defendants and Settlement Payments, and it is very much in the interests of the Debtors and their creditors that this Motion be granted.

## NOTICE

13. No trustee or examiner has been appointed in these chapter 11 cases. Notice of this Motion has been given to (i) the Office of the United States Trustee, (ii) counsel to the debtor in possession lenders, (iii) counsel to each official committee appointed by the United States Trustee and (iv) those parties that requested papers under Fed. R. Bankr. P. 2002. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

*[Remainder of Page Left Intentionally Blank]*

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested herein, enter the proposed form of order submitted simultaneously with the filing of this Motion, and provide for such other and further relief as may be just.

Dated: December 20, 2004            Respectfully Submitted:

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet S. Baer
Samuel L. Blatnick
200 East Randolph Drive
Chicago, IL  60601
(312) 861-2000

and

PACHULSKI, STANG, ZIEHL, YOUNG, JONES
& WEINTRAUB P.C.

*David W. Carickhoff (by CAH)*

Laura Davis Jones ( Bar No. 2436)
David W. Carickhoff, Jr. ( Bar No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:   (302) 652-4400

Co-Counsel for the Debtors and Debtors in Possession