IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | | **Related Docket No. _____** |

## ORDER AUTHORIZING AND APPROVING REIMBURSEMENT OF DEFENSE COSTS AND ADVANCEMENT OF FUNDS TO SETTLE CERTAIN ACTIONS PURSUANT TO NATIONAL UNION'S EMPLOYEE BENEFIT PLAN FIDUCIARY LIABILITY INSURANCE POLICY

Upon consideration of the Debtors' Motion for an Order Authorizing and Approving Reimbursement of Defense Costs and Advancement of Funds to Settle Certain Actions Pursuant to National Union's Employee Benefit Plan Fiduciary Liability Insurance Policy (the "Motion"); and it appearing that this Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of the Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

1409; and due and proper notice of the Motion having been given; and after due deliberation and it appearing that sufficient cause exists for granting the requested relief and that the relief requested is in the best interest of the Debtors' estates and creditors; it is hereby

### ORDERED, ADJUDGED AND DECREED THAT:

1. The Motion is granted as set forth herein.

2. The Insurer[2] is hereby authorized to make payments, reimbursements and/or advancements of Defense Costs[3] and Settlement Payments to or for the benefit of the Defendants. Any such payments are subject to a full reservation of the Insurer's rights, privileges and defenses under the Policy, at law and in equity.

3. This Court shall retain jurisdiction with respect to any matters related to or arising from the implementation of this Order.

SO ORDERED, this ____ day of _____, 2005.


                                              The Honorable Judith K. Fitzgerald
                                              United States Bankruptcy Judge

---

[2] Capitalized terms not otherwise defined in this Order have the meanings given in the Motion.

[3] Payment of Defense Costs shall be limited to the reasonable and necessary fees, costs and expenses charged by one "lead" law firm, any reasonable and necessary local or other special counsel and various other providers of services for each subset of the Defendants who reasonably require separate counsel.