IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

Proposed Hearing Date: January 21, 2005, 9:00 a.m.
Objection Deadline: January 4, 2005

## DEBTORS' SUPPLEMENT TO THEIR ESTIMATION MOTION AND REQUEST FOR RELATED RELIEF

By this supplement to their November 13, 2004 Motion for Entry of an Order Seeking the Estimation of Asbestos Claims and Certain Related Relief, the Debtors hereby request that the Court (i) set a ZAI Claims Bar Date and (ii) approve a ZAI Claim form and notice program for ZAI Claims. There is no need to wait to approve a bar date and simple proof of claim form for ZAI Claims. While the Court earlier heard a request for class certification, the evidence

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

developed in connection with the ZAI Science Trial has shown clearly that there is no impediment to proceeding with a bar date. Establishing a bar date will keep the ZAI Claims progressing swiftly toward resolution, rather than permitting them to lag behind the estimation of Asbestos Property Damage and Asbestos Personal Injury Claims.[2]

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding as provided by 28 U.S.C. § 157(b)(2)(B).

2. The statutory bases for the relief requested herein are Bankruptcy Code §§ 105(a) and 502(c).

## BACKGROUND AND RELIEF REQUESTED

3. The Debtors filed their Plan, Disclosure Statement and related documents on November 13, 2004. The Plan provides for, among other things, the creation of a post-confirmation trust (the "Asbestos Trust") to which all Asbestos PD Claims (including ZAI Claims) and Asbestos PI Claims[3] will be channeled for recovery. The Debtors propose, in their Plan, that the Asbestos Trust be funded initially with the amount of money the Court estimates pursuant to the Estimation Motion to be sufficient to enable the Asbestos Trust to pay in full all Allowed Asbestos PI-SE Claims, Asbestos PI-AO Claims, Asbestos PD Claims (including ZAI Claims), and all Asbestos Trust Expenses.

---

[2] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Glossary filed with the Plan on November 13, 2004.

[3] Asbestos PI Claims consist of Asbestos PI-SE Claims and Asbestos PI-AO Claims as defined in the Plan.

4. The Debtors intend to use the Court's estimates in support of feasibility and other findings necessary to achieve confirmation of their Plan. The only alternative would be to litigate hundreds of thousands of Asbestos Claims individually prior to confirmation, an expensive and unwieldy proposition that would delay distributions for years.

5. To further carry out the proposed estimations, this Supplement seeks an order (the "ZAI Bar Date Order") adopting the following procedures:

    (a) Establishing a ZAI Bar Date;

    (b) Approving the scope and manner of notice of the ZAI Bar Date; and

    (c) Approving the form of the ZAI Bar Date Proof of Claim and Notices.

6. As the matter proceeds, the debtor will file a request to (i) approve a ZAI Questionnaire to be sent to all ZAI Claimants that properly return a completed ZAI Proof of Claim Form and (ii) establish a return deadline for parties to return completed ZAI Questionnaires. That detailed questionnaire will request specific information necessary for purposes of determining the allowability and/or estimation of ZAI Claims. As set out in the initial Estimation Motion, an expert discovery schedule and evidentiary hearing could move forward quickly once this detailed information is collected. In the meantime, however, going forward with approval of notice program and simple proof of claim form requested today in the current Supplement will keep the estimation of ZAI claims from lagging behind estimation of traditional Asbestos PD and Asbestos PI claims.

## A. Establishing a ZAI Bar Date

7. As the first step in the ZAI Claims estimation process, the Debtors request that this Court establish the ZAI Bar Date as the final date by which any person or entity holding a ZAI Claim must file a ZAI Proof of Claim Form, in order to receive a distribution in these chapter 11 cases.

8. The Debtors propose that, pursuant to Bankruptcy Rule 3003(c)(2), any Entity who fails to complete and return a ZAI Proof of Claim by the ZAI Bar Date on account of such ZAI Claim shall be forever barred, estopped and enjoined from (a) asserting the ZAI Claim against any of the Debtors, and/or (b) receiving distributions under, any plan or plans of reorganization in these chapter 11 cases, or otherwise, in respect of the ZAI Claim, notwithstanding that such Entity may later discover facts in addition to, or different from, those which that Entity knows or believes to be true as of the ZAI Bar Date.

9. The Debtors request that the ZAI Bar Date be 90 days after entry of the ZAI Bar Date Order, which would also require the Debtors to (i) mail ZAI Bar Date Notice Package to all known Holders of ZAI Claims and their counsel and (ii) publish notice of the ZAI Bar Date and ZAI Proof of Claim within 60 days of the ZAI Bar Date Order. Claimants will have 30 days to return completed material by the ZAI Bar Date.

**B.     Approving the scope and manner of notice of the ZAI Bar Date.**

10. In connection with establishing the ZAI Bar Date described above, this Supplement seeks approval of the form and manner of notice of such bar date.

11. In that regard, the Debtors propose that, within 60 days after entry of the Order granting the relief requested herein, the Debtors will distribute notice of the ZAI Bar Date (the "ZAI Bar Date Notice"), the ZAI Proof of Claim Form, and General Instructions for completing the ZAI Proof of Claim Form (collectively, the "ZAI Bar Date Notice Package," a copy of which is attached as Exhibit A) to all known holders of ZAI Claims and their counsel. In addition, within 60 days after the entry of the Order granting the relief requested herein, the Debtors will publish notice of the ZAI Bar Date (the "ZAI Bar Date Publication Notices," copies of which are included in the ZAI Bar Date Notice Program, which is attached as Exhibit B) through various

media, as outlined in the ZAI Bar Date Notice Program. The ZAI Bar Date Notice Package, and the ZAI Bar Date Notice Program are hereinafter referred to collectively as the "ZAI Claim Materials."

### C. Approving the form of ZAI Claim Materials.

12. As the third step in the ZAI estimation process, the Debtors request the Court to approve the form of the ZAI Claim Materials to be used in providing Notice of the ZAI Bar Date and identifying holders of potential ZAI Claims.

### D. Additional Steps.

13. Shortly, the Debtors will file an additional Supplement to the November 13, 2004 Estimation Motion seeking approval of a detailed ZAI questionnaire. This questionnaire would promptly be sent to all ZAI Claimants who return the ZAI Proof of Claim Form, and will be due back within 30 days As set out in the Estimation Motion, an expert discovery schedule and hearing on estimation of ZAI claims could proceed quickly once this data is collected.

## ARGUMENT

### A. The Need and Basis for the ZAI Bar Date

14. Unlike traditional (non-ZAI) Asbestos PD Claims and General Unsecured Claims, no bar date has been set in these chapter 11 cases for Asbestos PI Claims or ZAI Claims. In the Estimation Motion, the Debtors requested the establishment of a bar date for certain Asbestos PI Claims. By this Supplement, the Debtors request the entry of an order establishing a procedure that would (i) provide parties that wish to assert ZAI Claims an opportunity to do so and (ii) afford the Court, the Debtors, and other parties-in interest an opportunity to ascertain the total number and amount of ZAI Claims that will be asserted against the Debtors' estates.

15. Bankruptcy Rule 3003(c)(3) provides: "[t]he court shall fix and for cause shown may extend the time within which proofs of claims or interest may be filed." The Local Rules of

Practice and Procedure for the United States Bankruptcy Court for the District of Delaware do not specify a time by which proofs of claims or interest shall be filed in chapter 11 cases. Accordingly, the Debtors bring the Motion in order to establish the ZAI Bar Date regarding the filing of ZAI Claims.[4]

### B. There is no Reason to Wait to Establish a ZAI Bar Date

16. There is no need to wait to approve a bar date and simple proof of Claim form for ZAI Claims. While the Court earlier heard a request for class certification, the evidence developed in connection with the ZAI Science Trial[5] has shown clearly that there is no impediment to proceeding with a bar date.

---

4 ZAI Claims are defined for purposes of the ZAI Bar Date as "(i) a claim, demand, or remedy, including all related claims, debts, obligations, or liabilities for compensatory (including general, special, and consequential damages) and punitive damages, (ii) a cross-claim, contribution claim, subrogation claim, reimbursement claim or indemnity claim, or (iii) any debt, liability, or obligation of one or more of the Debtors (or any of their respective past or present Affiliates, or any other Entity for whose products or operations any of the Debtors allegedly has liability or is otherwise liable) (whether or not such claim, demand, remedy, debt, liability, or obligation is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; whether or not the facts of or legal bases therefor are known or unknown; and whether in the nature of or sounding in tort, or under contract, warranty, guarantee, contribution, joint and several liability, subrogation, reimbursement or indemnity, or any other theory of law, equity, or admiralty), for, relating to, or arising out of, resulting from, or attributable to, directly or indirectly property damage, including the cost of removal, abatement, or diminution in the value thereof, or environmental damage or economic loss caused or allegedly caused, by the ZAI sold, manufactured, supplied, produced, specified, selected, distributed or in any way marketed by one or more of the Debtors (or any of their respective past or present Affiliates, or any of the predecessors of any of the Debtors or any of their respective past or present Affiliates, or any other Entity for whose products or operations any of the Debtors allegedly has liability or is otherwise liable)."

5 On July 7, 2003, following the completion of fact and expert discovery on the issue of "whether ZAI creates an unreasonable risk of harm," the Debtors moved for summary judgment. Contending that <u>Daubert</u> standards require exclusion of much of the ZAI Claimants' evidence, the Debtors sought summary judgment on the ground that there is no valid scientific evidence showing any causal relationship between ZAI and disease. The ZAI Claimants also moved for summary judgment, contending that ZAI contaminates homes and poses an unreasonable danger to persons in the vicinity of any disturbance of ZAI. The ZAI Claims and objections, and subsequent responses and summary judgment motions are collectively known as the "ZAI Science Trial."

17.     Critically, establishing a ZAI Bar Date now will keep the ZAI Claims progressing swiftly toward resolution, rather than permitting them to lag behind the estimation of Asbestos PD and Asbestos PI Claims.

### C.     The Court Should Approve the ZAI Proof of Claim and General Instructions for Completing the ZAI Proof of Claim Form

18.     The Debtors seek this Court's approval of the ZAI Proof of Claim Form and General Instructions for Completing the ZAI Proof of Claim Form (copies of which are included in Exhibit A). The ZAI Proof of Claim Form and related instructions are modeled after the Official Bankruptcy Form 10 ("Form 10"). However, the ZAI Proof Claim Form has been tailored so that it only requests information relevant to ZAI Claims.

19.     Specifically, the ZAI Proof of Claim Form asks the Claimant to provide the following, critical information with respect to the property for which the ZAI Claim is being asserted:

- The address of the building that allegedly contains ZAI;
- The approximate date the building was constructed;
- The approximate date the ZAI was installed in the building, if known;
- The building's use (i.e. residential, commercial, etc.); and
- The claimant's legal interest in the building.

20.     The information requested in each of these questions is critical in order to (a) ascertain the general basis of the asserted ZAI Claim and (b) make a meaningful estimate of the Debtors' maximum potential liability to these Claimants for purposes of Plan feasibility and capping the Debtors' liability on account of ZAI Claims.

21.     This information should be readily available to every Claimant, who should be able to complete this section (and the entire ZAI Proof of Claim Form) in a minimal amount of

time and with *minimal* burden. Similarly, it will not be onerous for Claimants to provide any supporting documentation they may have in their possession or control.

22. Critically, collecting these simple Proof of Claim Forms now, while imposing a minimal burden on claimants, will keep the ZAI portion of the Debtors' Chapter 11 moving forward and prevent the estimation of ZAI claims from falling well behind the estimation of traditional Asbestos PD Claims and Asbestos PI Claims. The more detailed information necessary to estimate the ZAI claims will be requested shortly in another Supplemental Motion seeking to approve the use of detailed questionnaires to be sent promptly to all ZAI Claimants who submit Proof of Claim Forms by the Bar Date.

**D.  The Court Should Approve the ZAI Bar Date Notice and ZAI Bar Date Publication Notices**

23. The Debtors also seek the Court's approval of the ZAI Bar Date Notice and ZAI Bar Date Publication Notices (included in Exhibit A and Exhibit B, respectively). The ZAI Bar Date Notice has been designed to alert known ZAI Claimants and their Counsel of (i) the procedures necessary to file a ZAI Proof of Claim by the Bar Date and (ii) the consequences of failing to properly file.

24. The ZAI Bar Date Publication Notices are written in simple, colloquial English, and is easy to understand. It will serve to alert all potential, unknown Claimants of (i) the ZAI Bar Date, (ii) the procedures necessary to file a ZAI Proof of Claim, (iii) the consequences of failing to file a ZAI Proof of Claim by the Bar Date, and (iv) how to determine if they have a ZAI Claim. These Notices are similar to the Notices previously approved by the Court for the March, 2003 Bar Date for Non-Asbestos, Asbestos PD and Medical Monitoring Claims. See In re W.R. Grace & Co, et al, Case No. 01-01139 (JKF), Order Establishing March 31, 2003 as the

Bar Date for Filing Non-Asbestos Claims, Property Damage Claims and Medical Monitoring Claims (Bankr. D. Del. April 22, 2002) (the "March 2003 Bar Date Order") (Docket No. 1963).

### E. The Debtors' Proposed ZAI Bar Date Notice Program

25. The Debtors also seek this Court's approval of the manner and scope of notice of the ZAI Bar Date (the "ZAI Bar Date Notice Program"). The ZAI Bar Date Notice Program employs three primary methods for providing notice: (a) direct notice by mail to all known Holders of ZAI Claims and their counsel of record, (b) broad nationally published notice through the use of U.S. and Canadian paid media vehicles, and (c) U.S. and Canadian notice through earned media vehicles.

26. Specifically, the Debtors propose to mail, via first-class mail, a ZAI Bar Date Notice Package to each known ZAI Claimant and his or her counsel of record. The ZAI Bar Date Notice Package contains (i) a ZAI Proof of Claim Form, (ii) General Instructions for Completing the ZAI Proof of Claim Form, and (iii) a Notice of ZAI Bar Date. The Debtors also propose to implement a comprehensive system of publication notice, which was developed by the Debtors' in conjunction with their notice expert, Kinsella/Novak Ltd.

27. The Debtors' proposed publication consists of a separate notice plan for the United States and Canada. Each plan targets adults 35 years of age and older ("Adults 35+"), because 76.6% of homeowners are Adults 35+. The United States' plan calls for multiple notices: (i) in three national consumer magazines, (ii) in two newspaper supplements, and (iii) on network and cable television. In addition, a press release would be distributed nationally and sent to seven "do-it-yourself" publications requesting coverage in their magazines. Information would also be provided on Grace's web site. The Canadian plan uses (i) four consumer magazines (three of which are published in English and one of which is published in French), (ii)

two national newspapers, (iii) 35 local daily-newspapers in the 10 provinces, (iv) one to two weeks of television, and (v) a national press release. The ZAI Bar Date Notice Program is explained in greater detail in Exhibit B.

28.  Courts have developed general guidelines for the content of a bar date notice. Such bar date notice must include notice of (i) the bar date, (ii) any impending hearings affecting claims covered under the bar date, so that the notice recipients can take steps to safeguard their interest, (iii) information on the effects of not filing a proof of claim by the bar date, and (iv) information on who must file a claim. In re Amdura Corp., 170 B.R. 445, 452 (D. Colo. 1994); In re Keene Corp., 188 B.R. 903, 908 (Bankr. S.D.N.Y. 1995).

29.  The ZAI Bar Date Notice satisfies each of these guidelines. In this respect, the ZAI Bar Date Notice Package clearly (i) identifies the ZAI Bar Date, (ii) states that parties who wish to assert a ZAI Claim must file a ZAI Proof of Claim before the ZAI Bar Date, or they will forever be barred from asserting such claim against the Debtors, and (iii) provides detailed definitions so that parties can ascertain whether their claim is a "ZAI Claim." See Exhibit A.

30.  To determine the adequacy of notice given to a creditor, bankruptcy law distinguishes between "known" and "unknown" creditors. See Chemetron Corp. v. Jones (In re Chemetron Corp.), 72 F.3d 341, 345 (3d Cir. 1995). As the Third Circuit in Chemetron explained, "[k]nown creditors must be provided with actual written notice of a debtor's bankruptcy filing and bar Claims date. For unknown Claimants, notification by publication will generally suffice." Id. at 346 (citations omitted). A "known" creditor is one whose identity is either known or is "reasonably ascertainable by the debtor." Id, citing Tulsa Professional Collection Serv., Inc. v. Pope, 485 U.S. 478, 490, 108 S.Ct. 1340, 1347, 99 L.Ed.2d 565 (1988)). An "unknown" creditor is one whose "interests are either conjectural or future or, although they

could be discovered upon investigation, do not in due course of business come to knowledge [of the debtor]." Chemetron, 72 F.3d at 346, citing Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 317, 70 S.Ct. 652, 659, 94 L.Ed. 865 (1950).

31. In defining the efforts required to identify "known" creditors, the Third Circuit stated:

> Precedent demonstrates that what is required is not a vast, open-ended investigation . . .The requisite search instead focuses on the debtor's own books and records. Efforts beyond a careful examination of these documents are generally not required. Only those Claimants who are identifiable through a diligent search are 'reasonably ascertainable' and hence 'known' creditors.

Chemetron, 72 F.3d at 346-47 (citations omitted). As for the particular efforts a debtor must exert to identify known creditors, "[w]hether a creditor received adequate notice of a bar date 'depends upon the facts and circumstances of a given case.'" In re The Grand Union Co., 204 B.R. 864, 871 (Bankr. D.Del. 1997), citing Oppenheim, Appel, Dixon & Co. v. Bullock (In re Robintech, Inc.), 863 F.2d 393, 396 (5th Cir.), cert. denied, 493 U.S. 811, 110 S.Ct. 55, 107 L.Ed.2d 24 (1989)).

32. The parties named as plaintiffs in the pre-petition lawsuits that were filed in various jurisdictions on behalf of owners of homes containing ZAI are "known" to the Debtors within the guidelines of Chemetron. Accordingly, the Debtors will mail a copy of the ZAI Bar Date Notice Package to each of these parties, as well as their respective attorneys of record. However, there are other parties that the Debtors understand may assert ZAI Claims against the Debtors' estates, and the Debtors do not know who they are. Therefore, the ZAI Bar Date Notice Program contains an extensive procedure for providing publication notice to these "unknown" parties.

33.   In reviewing requests to approve publication-notice programs, some courts require debtors to provide greater specificity than merely identifying the media that the debtors expect to use. For example, in In re Eagle-Picher, 137 B.R. 679, 682 (Bankr. S.D. Ohio 1992), the court ordered the debtors to prepare a "specific detailed program of notice by publication," including such elements as: the identification of media to be used; "explanation [of] why such media are to be [used] and why other media are not to be [used]; the frequency of any publication and/or broadcast;" and a program of publication notice "based on real lead times for the particular media involved as to when the program is to begin." Id. Accordingly, this information is provided in Exhibit B.

34.   In providing notice in this case to unknown asbestos property damage claimants and other unknown claimants, this Court approved a publication program that was very similar to the ZAI Bar Date Notice Program. Specifically, on April 22, 2002, the Court entered the March 2003 Bar Date Order, which established March 31, 2003 as the last date for filing proofs of claim for all pre-petition Claims relating to (1) Asbestos PD Claims (excluding ZAI Claims), (2) non-Asbestos Claims (including all governmental Claims), and (3) Asbestos Medical Monitoring Claims.[6] The proposed ZAI Bar Date Notice Program is substantially similar to the notice program approved by this Court in the March 2003 Bar Date Order.

35.   The proposed publication notice program for the ZAI Bar Date (i) is designed to reach a similar percentage of relevant recipients as the March 2003 Bar Date notice program; and (ii) more than satisfies the standards enumerated in Eagle-Picher. The Debtors have identified specific publications and the periods during which the ZAI Bar Date Publication Notices will be

---

[6] The March 2003 Bar Date did not include Asbestos PI Claims or ZAI Claims.

run. The Debtors' notice expert has determined that the proposed publication notice program will ensure, with high degree of probability, that a vast majority of potential holder of a ZAI Claim will have a reasonable opportunity to file a ZAI Proof of Claim before the ZAI Bar Date. In particular, the Debtors' proposed published notice program in the United States reaches an estimated 88.1% of Adults 35+, providing an estimated average of 4.3 opportunities to see the notice. The Debtors' proposed notice program in Canada reaches an estimated 85.2% of Adults 35+ providing an estimated average of 5.4 opportunities to see the notice. See Affidavit of Katherine Kinsella, (a copy of which is attached as Exhibit C).

36. Then, as the Debtors will soon request, shortly after the ZAI Bar Date the Debtors would send ZAI Questionnaires to all Entities that properly filed ZAI Proof of Claims. These parties would then have thirty days by which to return their completed ZAI Questionnaires. The information obtained from the ZAI Proof of Claims and ZAI Questionnaires would allow the Court to conduct evidentiary hearings and, ultimately, estimate the Debtors' liability on account of ZAI Claims for purposes of plan feasibility and capping the Debtors' liability.

## NOTICE

37. Notice of this Supplement has been given to: (i) counsel for each of the plaintiffs in the pending ZAI lawsuits, (i) the Office of the United States Trustee, (ii) counsel to the debtor-in-possession lenders, (iii) counsel to the agent for the Debtors' pre-petition lenders, (iv) counsel to all official committees appointed by the United States Trustee, and (v) all those parties that requested service and notice of papers in accordance with Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

## NO PRIOR REQUEST

38.     No prior motion for the relief requested herein has been made to this or any other Court.

## CONCLUSION

WHEREFORE, the Debtors request that this Court enter an order that (in addition to the relief requested in the Estimation Motion): (i) sets the ZAI Bar Date, (ii) approves the Debtor's proposed ZAI Proof of Claim Form, General Instructions for Completing the ZAI Proof of Claim Form, ZAI Bar Date Notice, and ZAI Bar Date Publication Notices, and (iii) approves the Debtors' proposed ZAI Bar Date Notice Program. A form of proposed order is attached as Exhibit D to this Supplement.

Wilmington, Delaware
Dated: December 20, 2004


Respectfully submitted,


KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet S. Baer
Samuel L. Blatnick
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

KIRKLAND & ELLIS LLP
Bennett L. Spiegel
Lori Sinanyan
777 South Figueroa Street
Los Angeles, California 90017
(213) 680-8400

And

PACHULSKI, STANG, ZIEHL, YOUNG, JONES
& WEINTRAUB, PC

_David W. Carickhoff / by CHH_
Laura Davis Jones (#2436)
David W. Carickhoff, Jr. (Bar #3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
(302) 652-4100

Co-Counsel for the Debtors and Debtors in Possession

# EXHIBIT SUMMARY SHEET

**Exhibit A -**     ZAI Bar Date Notice Package

**Exhibit B -**     ZAI Bar Date Notice Program

**Exhibit C -**     Affidavit of Kathy Kinsella

**Exhibit D -**     Form of Proposed Order

91100-001\DOCS_DE:103933.1