## Exhibit A

ZAI Bar Date Notice Package

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **W. R. GRACE & CO., et al.,**[1] | ) | **Case No. 01-01139 (JKF)** |
| | ) | **(Jointly Administered)** |
| Debtors. | ) | |
| | ) | |
| | ) | |

### NOTICE OF DEADLINE FOR SUBMITTING A COMPLETED AND SIGNED
### ZAI PROOF OF CLAIM FORM

PLEASE TAKE NOTICE THAT on _____, 2005 the Honorable Judith K. Fitzgerald, United States Bankruptcy Judge, United States Bankruptcy Court for the District of Delaware (the "Court"), having jurisdiction over the chapter 11 cases of W. R. Grace & Co. and certain of its affiliates (collectively, the "U.S. Debtors" or "Grace"), entered a ZAI Procedures Order in the above-referenced bankruptcy cases.

Pursuant to the ZAI Procedures Order, any person or entity that wishes to assert a ZAI Claim (as defined below) against the (i) U.S. Debtors or (ii) Canadian Affiliates[2] (the Canadian

---

[1]   The U.S. Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2]  The Canadian Affiliates consist of the following entities: Grace Canada Inc., Sealed Air (Canada) Co., Grace Construction Materials Ltd., Cryovac Canada Inc., 1282824 Ontario Inc., W.R. Grace & Co. of Canada Ltd., Sealed Air (Canada) Inc., 3079931 Nova Scotia Company, W.R. Grace & Cie du Canada Ltee, Sealed Air Foam
(Continued...)

Affiliates and U.S. Debtors are collectively referred to as the "Debtors"), must properly submit a completed and signed W. R. Grace & Co. ZAI Proof of Claim Form on or before the ZAI Bar Date which is _____, 2005 at 4:00 P.M. prevailing Eastern Time.

   *"ZAI Claims"* shall mean: (i) a claim, demand, or remedy, including all related claims, debts, obligations, or liabilities for compensatory (including general, special, and consequential damages) and punitive damages, (ii) a cross-claim, contribution claim, subrogation claim, reimbursement claim or indemnity claim, or (iii) any debt, liability, or obligation of one or more of the Debtors (or any of their respective past or present Affiliates, or any other Entity for whose products or operations any of the Debtors allegedly has liability or is otherwise liable) (whether or not such claim, demand, remedy, debt, liability, or obligation is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; whether or not the facts of or legal bases therefor are known or unknown; and whether in the nature of or sounding in tort, or under contract, warranty, guarantee, contribution, joint and several liability, subrogation, reimbursement or indemnity, or any other theory of law, equity, or admiralty), for, relating to, or arising out of, resulting from, or attributable to, directly or indirectly property damage, including the cost of removal, abatement, or diminution in the value thereof, or environmental damage or economic loss caused or allegedly caused, by the ZAI sold, manufactured, supplied, produced, specified, selected, distributed or in any way marketed by one or more of the Debtors (or any of their respective past or present Affiliates, or any of the predecessors of any of the Debtors or any of their respective past or present Affiliates, or any other Entity for whose products or operations any of the Debtors allegedly has liability or is otherwise liable).

   **In order to assert a ZAI Claim, you must properly complete, sign, and submit a ZAI Proof of Claim Form (along with any applicable supporting materials you may have in your possession or control), so that it is received by Rust Consulting, Inc. (the "Claims Processing Agent") on or before the ZAI Bar Date, _____, 2005 at 4:00 P.M. Eastern Time.**

1.    WHO MUST FILE A ZAI PROOF OF CLAIM FORM

   If you wish to assert a ZAI Claim, as defined herein, then you MUST file a ZAI Proof of Claim Form, or you may forever lose your right to assert your claim or demand against the Debtors, their successors, and certain related parties.

   **THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A ZAI CLAIM OR THAT THE DEBTORS OR THE COURT BELIEVE YOU HAVE SUCH A CLAIM.**

2.    WHEN AND WHERE TO FILE

---

Products (Canada) Inc., Sealed Air of Canada Limited, Cascades Sealed Air Inc., Cascades Sentinel Inc., Indusfoam Canada Inc., and Smith Packaging Limited.

2

To submit a ZAI Claim, you must do the following:

- Complete and sign a ZAI Proof of Claim Form, a copy of which is enclosed as Exhibit 1. **You must also attach all relevant supporting materials in your possession or control**.

- For additional copies of the ZAI Proof of Claim Form:

  - Contact Rust Consulting, Inc., toll-free at 1-800-432-1909, 9:00 a.m. - 4:00 p.m., Eastern Time, Monday through Friday. Claimants will not be charged for this call; or

  - Visit the Grace chapter 11 website at www.graceclaims.com to request a ZAI Proof of Claim Form.

- A ZAI Proof of Claim Form will be deemed filed only when it has been actually received by the Claims Processing Agent. ZAI Proof of Claim Forms that are submitted by facsimile, telecopy or other electronic transmission will **not** be accepted and will **not** be deemed filed. If you are returning your ZAI Proof of Claim Form by mail, allow sufficient mailing time so that the document is received on or before _____, 2005 at 4:00 P.M. Eastern Time. ZAI Proof of Claim Forms that are postmarked before that date, but are received thereafter, will be considered late.

- ZAI Proof of Claim Forms must be mailed or hand delivered so as to be received on or before _____, 2005 at 4:00 P.M. Eastern Time at the following address:

If mailed, to:

> Rust Consulting, Inc.
> Claims Processing Agent
> Re: W.R. Grace & Co. Bankruptcy
> P.O. Box 1620
> Faribault, MN 55021

If hand delivered, to:

> Rust Consulting, Inc.
> Claims Processing Agent
> Re: W.R. Grace & Co. Bankruptcy
> 201 S. Lyndale Ave.
> Faribault, MN 55021

(between the hours of 9:00 a.m. and 4:00 p.m., Eastern Time, on business days).

- ZAI Proof of Claim Forms <u>must</u> be signed by the claimant or the party submitting the document on behalf of the claimant.

3

- Do not file or send copies of any ZAI Proof of Claim Forms to the Debtors, counsel for the Debtors, the Official Committee of Unsecured Creditors, the Official Committee of Asbestos Personal Injury Claimants, the Official Committee of Asbestos Property Damage Claimants, the Official Committee of Equity Security Holders, or such Committees' counsel.

3.    WHAT TO FILE

To submit the requisite information pertaining to your asserted ZAI Claim, you must use the court-ordered ZAI Proof of Claim Form, which is supplied with this notice.

Your ZAI Proof of Claim Form must (i) be written in English and (ii) attach relevant supporting materials.

4.    EFFECT OF NOT PROPERLY FILING A ZAI PROOF OF CLAIM FORM

ANY HOLDER OF A ZAI CLAIM WHO IS REQUIRED TO FILE A ZAI PROOF OF CLAIM FORM MUST USE THE COURT-APPROVED ZAI PROOF OF CLAIM FORM. ANY SUCH HOLDER WHO FAILS TO FILE THEIR ZAI PROOF OF CLAIM FORM ON OR BEFORE _____, 2005 at 4:00 P.M. Eastern Time, **SHALL BE FOREVER BARRED, ESTOPPED AND ENJOINED** FROM ASSERTING ANY SUCH CLAIMS (OR FILING A SUBSEQUENT PROOF OF CLAIM WITH RESPECT TO SUCH CLAIMS) AGAINST ANY OF THE DEBTORS OR THEIR PREDECESSORS-IN-INTEREST, INSURANCE CARRIERS, PROPERTY OR ESTATES. IF ANY SUCH CLAIMS ARE SO BARRED, EACH OF THE DEBTORS AND THEIR PROPERTY SHALL BE FOREVER DISCHARGED FROM ALL INDEBTEDNESS AND LIABILITIES WITH RESPECT TO SUCH CLAIMS AND THE HOLDERS OF SUCH CLAIMS SHALL NOT BE ENTITLED TO RECEIVE ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIMS, OR RECEIVE FURTHER NOTICES REGARDING SUCH CLAIMS OR REGARDING THESE CHAPTER 11 CASES.

5.    QUESTIONS REGARDING COMPLETION OF THE ZAI PROOF OF CLAIM FORM

If you have any questions concerning whether or not you need to file a ZAI Proof of Claim, then you should consult your attorney. If you have questions concerning how to complete a ZAI Proof of Claim Form or for additional information regarding this notice or the ZAI Proof of Claim Form, then please contact the Claims Processing Agent toll-free at 1-800-432-1909 between 9:00 a.m. and 4:00 p.m. (Eastern Time), Monday through Friday, or write to the Claims Processing Agent. You may also request a ZAI Proof of Claim Form via Grace's chapter 11 website, at www.graceclaims.com.

BY ORDER OF THE COURT

_____

4

The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

# GENERAL INSTRUCTIONS FOR COMPLETING THE W.R. GRACE & CO.
## ZAI PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In particular types of cases or circumstances, there may be exceptions to these general rules.*

**THE ZAI BAR DATE, AS DEFINED HEREIN, APPLIES ONLY TO ZAI CLAIMS, AS DEFINED BELOW.**

**The ZAI Bar Date does not apply to Non-Asbestos Claims, Asbestos Property Damage Claims, and Asbestos Medical Monitoring Claims, all as defined below. These Claims were subject to a Court-approved March 31, 2003 Bar Date, which has lapsed. The ZAI Bar Date also does not apply to Asbestos Personal Injury Claims.**

### – GENERAL DEFINITIONS –

*"ZAI Bar Date"* is the date set by the Court as the date by which all persons and entities who have ZAI Claims against the Debtors must file proofs of claim or be forever barred from asserting any such claims against the Debtors.

*"U.S. Debtor"* is the person, corporation, or other entities listed below that has filed a bankruptcy case.

*"Canadian Affiliates"* are Grace Canada Inc., Sealed Air (Canada) Co., Grace Construction Materials Ltd., Cryovac Canada Inc., 1282824 Ontario Inc., W.R. Grace & Co. of Canada Ltd., Sealed Air (Canada) Inc., 3079931 Nova Scotia Company, W.R. Grace & Cie du Canada Ltee, Sealed Air Foam Products (Canada) Inc., Sealed Air of Canada Limited, Cascades Sealed Air Inc., Cascades Sentinel Inc., Indusfoam Canada Inc., and Smith Packaging Limited.

*"Creditor"* is any person, corporation, or other entity to whom the debtor owed a debt on the date the bankruptcy case was filed.

*"Debtors"* are the U.S. Debtors and the Canadian Affiliates, collectively, and "Debtor" is any one of them, individually.

*"Petition Date"* is April 2, 2001, the date on which the Debtors each filed voluntary petitions for bankruptcy under Chapter 11 of Title 11 of the United States Code.

*"ZAI Proof of Claim Form"* is the form telling the bankruptcy court how much the Debtor owed a Creditor, on account of a ZAI Claim, on the Petition Date (the amount of the Creditor's ZAI Claim). This form must be filed with the claims agent as described below.

### – THE U.S. DEBTORS –

The U.S. Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

### – SPECIFIC DEFINITIONS –

The Debtors have created a ZAI Proof of Claim Form for ZAI Claims. Such claims are defined as follows:

*"Zonolite Attic Insulation Claim"* or *"ZAI Claim"* shall mean: (i) a claim, demand, or remedy, including all related claims, debts, obligations, or liabilities for compensatory (including general, special, and consequential damages) and punitive damages, (ii) a cross-claim, contribution claim, subrogation claim, reimbursement claim or indemnity claim, or (iii) any debt, liability, or obligation of one or more of the Debtors (or any of their respective past or present Affiliates, or any other Entity for whose products or operations any of the Debtors allegedly has liability or is otherwise liable) (whether or not such claim, demand, remedy, debt, liability, or obligation is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; whether or not the facts of or legal bases therefor are known or unknown; and whether in the nature of or sounding in tort, or under contract, warranty, guarantee, contribution, joint and several liability, subrogation, reimbursement or indemnity, or any other theory of law, equity, or admiralty), for, relating to, or arising out of, resulting from, or attributable to, directly or indirectly property damage, including the cost of removal, abatement, or diminution in the value thereof, or environmental damage or economic loss caused or allegedly caused, by the ZAI sold, manufactured, supplied, produced, specified, selected, distributed or in any way marketed by one or more of the Debtors (or any of their respective past or present Affiliates, or any of the predecessors of any of the Debtors or any of their respective past or present Affiliates, or any other Entity for whose products or operations any of the Debtors allegedly has liability or is otherwise liable). The defined term "ZAI Claim" is not intended to include those claims separately defined herein as (a) Asbestos Property Damage Claims; (b) Asbestos Personal Injury Claims; (c) Non-Asbestos Claims; or (d) Asbestos Medical Monitoring Claims.

*"Asbestos Personal Injury Claims"* are claims that involve personal injuries or damages related to exposure to asbestos containing products manufactured by the Debtors or exposure to vermiculite mined, milled or processed by the Debtors. More specifically, Asbestos Personal Injury Claims are those claims against one or more of the Debtors, whether in nature of or sounding in tort, contract, warranty or any other theory of law or equity for, relating to or arising by reason of, directly or indirectly, physical, emotional or other personal injuries or other damages caused, or allegedly caused, directly or indirectly, by the exposure to, asbestos containing products or materials manufactured, sold, supplied, produced, specified, selected, distributed or in any way marketed by one or more of the Debtors or by the exposure to vermiculite mined, milled or processed by the Debtors, and arising or allegedly arising, directly or indirectly, from acts or omissions of one or more of the Debtors, including, but not limited to, all claims, debts, obligations or liabilities for compensatory damages such as loss of consortium, medical monitoring, personal or bodily injury, wrongful death, survivorship, proximate, consequential, general and special damages and punitive damages. For purposes of the ZAI Bar Date, the defined term "Asbestos Personal Injury Claim" is not intended to include those claims separately defined herein as (a) Asbestos Property Damage Claims; (b) Zonolite Attic Insulation Claims; (c) Non-Asbestos Claims; or (d) Asbestos Medical Monitoring Claims.

*"Asbestos Property Damage Claims"* are claims that relate, for example, to the cost of removal, diminution of property value or economic loss caused by asbestos in products manufactured by the Debtors or from vermiculite mined, milled, or processed by the Debtors. More specifically, Asbestos Property Damage Claims are those claims against, or any debt, obligation or liability of, one or more of the Debtors, whether in the nature of or sounding in tort, contract, warranty or any other theory of law or equity for, relating to or arising by reason of, directly or indirectly, property damage, including, but not limited to, diminution in the value thereof, or environmental damage or economic loss caused or allegedly caused, directly or indirectly, by asbestos in products or materials, manufactured, sold, supplied, produced, specified, selected, distributed or in any way marketed by one or more of the Debtors or from vermiculite mined, milled, or processed by the Debtors and arising or allegedly arising, directly or indirectly, from acts or omissions of one or more of the Debtors, including, but not limited to, all claims, debts, obligations or liabilities for compensatory and punitive damages. For purposes of the ZAI Bar Date, the defined term "Asbestos Property Damage Claim" is not intended to include those claims separately defined herein as (a) Zonolite Attic Insulation Claims; (b) Asbestos Personal Injury Claims; (c) Non-Asbestos Claims; or (d) Asbestos Medical Monitoring Claims.

*"Non-Asbestos Claims"* are any claims against the Debtors, other than Asbestos Personal Injury Claims, Asbestos Property Damage Claims, Zonolite Attic Insulation Claims, or Asbestos Medical Monitoring Claims. More specifically, Non-Asbestos Claims are those claims against one or more of the Debtors, whether in the nature of or sounding in tort, contract, warranty or any other theory of law or equity for, relating to or arising by reason of, directly or indirectly, any injury, damage or economic loss caused or allegedly caused directly or indirectly by any of the Debtors or any products or materials manufactured, sold, supplied, produced, specified, selected, distributed or in any way marketed by one or more of the Debtors and arising or allegedly arising directly or indirectly, from acts or omissions of one or more of the Debtors, including, but not limited to, all claims, debts, obligations or liabilities for compensatory and punitive damages. For purposes of the ZAI Bar Date, the defined term "Non-Asbestos Claim" is not intended to include those claims separately defined herein as (a) Asbestos Personal Injury Claims; (b) Asbestos Property Damage Claims; (c) Zonolite Attic Insulation Claims; or (d) Asbestos Medical Monitoring Claims.

*"Asbestos Medical Monitoring Claims"* are claims against the Debtors by or on behalf of those who have not, as of the applicable Asbestos PI Bar Date, suffered any personal injury but who are alleging that the Debtors wrongfully caused them to be significantly exposed to hazardous asbestos fibers, that this exposure significantly increased the claimant's risk of contracting a serious latent disease, that medical monitoring could reasonably be expected to result in early detection of the onset and mitigation of the severity of such disease, and that because of this exposure it is necessary for the claimant to be examined by a physician or receive medical testing more often than he or she otherwise would. For purposes of the ZAI Bar Date, the defined

2

term "Non-Asbestos Claim" is not intended to include those claims separately defined herein as (a) Asbestos Personal Injury Claims; (b) Asbestos Property Damage Claims; (c) Zonolite Attic Insulation Claims; or (d) Asbestos Medical Monitoring Claims.

**The ZAI Bar Date for filing ZAI CLAIMS is _____, 2005 at 4:00 p.m. Eastern Time.**

*Be sure to date the claim and place original signature of claimant or person making claim for creditor where indicated at the bottom of the claim form. Please type or print name of individual under the signature. Be sure all items are answered on the claim form. If not applicable, insert "Not Applicable".*

**RETURN ZAI PROOF OF CLAIM FORM (WITH ATTACHMENTS, IF ANY) TO THE FOLLOWING CLAIMS AGENT FOR THE DEBTORS:**

Rust Consulting, Inc.
Claims Processing Agent
Re:  W.R. Grace & Co. Bankruptcy
201 S. Lyndale Ave.
Faribault, MN  55021

**– SPECIFIC INSTRUCTIONS FOR COMPLETING THE ZAI PROOF OF CLAIM FORM –**

1.  A separate ZAI Proof of Claim Form must be completed for each ZAI Claim.

2.  Please read the ZAI Proof of Claim Form carefully and fill it in completely and accurately.

3.  Print legibly.  Your claim may be disallowed if it cannot be read and understood.

4.  The ZAI Proof of Claim Form must be completed in English.  The amount of any ZAI Claim identified on the form must be as of April 2, 2001, and must be denominated in United States currency.

5.  Attach additional pages if more space is required to complete the ZAI Proof of Claim Form.

6.  To obtain verification that your proof of claim was received by Rust Consulting, Inc., include a copy of the completed form and a self-addressed, postage prepaid return envelope when you file the Proof of Claim form with Rust Consulting, Inc.

7.  The claimant must attach copies of any and all available supporting documents.

8.  To be considered timely filed, the proof of claim form must be actually received by Rust Consulting, Inc. by [INSERT] 2005, at 4:00 p.m. prevailing Eastern Time and must include any appropriate supporting materials.

**– EFFECT OF FAILING TO PROPERLY FILE A ZAI PROOF OF CLAIM FORM –**

**Pursuant to Bankruptcy Rule 3003(c)(2), any person or entity who fails to complete and file a ZAI Proof of Claim by the ZAI Bar Date on account of such ZAI Claim shall be forever barred, estopped and enjoined from (a) asserting the ZAI Claim against any of the Debtors, or (b) receiving distributions under, any plan or plans of reorganization in these chapter 11 cases in respect of the ZAI Claim, notwithstanding that such person or entity may later discover facts in addition to, or different from, those which that entity knows or believes to be true as of the ZAI Bar Date, and without regard to the subsequent discovery or existence of such different or additional facts.**

3

| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF **Delaware** | | **W.R. GRACE & CO. ZAI PROOF OF CLAIM FORM** |
|---|---|---|
| W.R. Grace & Co., et al. | 01-1139 | |

**NOTE: Use this form _only_ if you have a ZAI Claim.  This form should not be used to file a claim for a Non-Asbestos Claim, Asbestos Property Damage Claim, or Asbestos Medical Monitoring Claim (capitalized terms are defined in the General Instructions to this ZAI Proof of Claim Form).  Those claims were subject to a March 31, 2003 claims bar date, and were required to be filed using specialized proof of claim forms.  Also, this form should not be used for an Asbestos Personal Injury Claim.**

| Name of Creditor (The injured person or other entity to whom the Debtor(s) owe money or property): | „Check if you are aware that anyone else has filed a proof of claim relating to your claim  Attach copy of statement giving particulars. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|---|
| Name and address where notices should be sent: | „Check if you have never received any notices from the bankruptcy court in this case. „Check if the address differs from the address on the envelope sent to you by the court | |
| Telephone Number: | „Check here if this claim amends or replaces a previously filed claim, and provide the previous claim number and/or date of claim _____-_____ | |

Corporate Name, Common Name, and/or d/b/a name of specific Debtor[1] against whom the claim is asserted:

**1.  Building Information:**
**a.  Address of the building that contains ZAI:**
_____
_____

THIS SPACE INTENTIONALLY LEFT BLANK

**b.  Approximate date the building was constructed:**
_____

**c.  Approximate date the ZAI was installed in the building: (if known)** _____

**d.  Is the building used for residential, commercial or other purposes (if other, please specify?**
_____

**e.  What is your legal interest in the building (i.e. own or lease)?**
_____

**2. Damages Asserted Against the Debtors:**
_____ Check here if you seek funds to have the ZAI removed from the building
_____ Check here if you seek reimbursement for already completed removal of the ZAI

_____ Check here if you seek compensation for diminution in value of the building or the related property
_____ Check here if you seek other damages and briefly describe the damages sought: _____
_____

**3.  Total Amount of ZAI Claim: $** _____
(Total Claim in U.S. Currency)

| **4.  Supporting Documents:** _Attach copies of supporting documents_, such as invoices, receipts, removal estimates, etc. that you have in your possession or control.  DO NOT SEND ORIGINAL DOCUMENTS.  If the documents are voluminous, please attach only a summary. **5.  Date-Stamped Copy:**  To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim. | This Space is for Court Use Only |
|---|---|
| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |

---

[1] See General Instructions and Claims Bar Date Notice and its exhibits for names of all Debtors and any other names used by the Debtors.

C:\Documents and Settings\cah\Local Settings\Temporary Internet Files\OLK15\(LEGAL_10033115_3)_ZAI proof of claim.DOC