**Exhibit D**

**Form of Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## PROCEDURAL ORDER ESTABLISHING PROCEDURES FOR THE IDENTIFICATION OF ZAI CLAIMS

Upon the Debtors' motion (the "Estimation Supplement")[2] seeking entry of an

order (i) setting a ZAI Claims Bar Date and (ii) approving a ZAI Claim form and notice program

for ZAI Claims; and it appearing that this Court has jurisdiction over this matter pursuant to 28

U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core proceeding pursuant to 28

U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Estimation

Supplement is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and adequate

---

[1]    The Debtors consist of the following 62 entities:  W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2]    Capitalized terms not defined herein shall have the same meaning as in the Estimation Motion.

notice of the Estimation Supplement having been given; and it appearing that no other notice need be given; and after due deliberation and sufficient cause appearing therefore, it is hereby ORDERED THAT:

1.    The Estimation Supplement is granted.

*The ZAI Bar Datee:*

2.    <u>ZAI Bar Date</u>.  4:00 p.m. (prevailing Eastern Time) on the date which is ninety (90) days after the entry of this Order shall be the ZAI Claims Bar Date, which shall be the last date and time by which those parties who believe that they hold ZAI Claims against (i) any of the Debtors and/or (ii) the Canadian Affiliates[3] must complete and file the ZAI Proof of Claim Form on account of such ZAI Claims or be forever barred from asserting such ZAI Claims against the Debtors, the Canadian Affiliates, or any of their respective successors.

*Scope and Manner of Notice of the ZAI Bar Date:*

3.    Within 60 days of the date of this Order, the Debtors shall

(A)   mail via first-class United States mail, a copy of the ZAI Bar Date Notice Package, to (i) all known Holders of ZAI Claims and their counsel of record, (ii) the Office of the United States Trustee and (iii) counsel to the official committees appointed in these Chapter 11 Cases; and

(B)   complete the publication notice and third-party mailings that are outlined in the ZAI Bar Date Notice Program.

---

[3] The "Canadian Affiliates" include the following entities: Grace Canada Inc., Sealed Air (Canada) Co., Grace Construction Materials Ltd., Cryovac Canada Inc., 1282824 Ontario Inc., W.R. Grace & Co. of Canada Ltd., Sealed Air (Canada) Inc., 3079931 Nova Scotia Company, W.R. Grace & Cie du Canada Ltee, Sealed Air Foam Products (Canada) Inc., Sealed Air of Canada Limited, Cascades Sealed Air Inc., Cascades Sentinel Inc., Indusfoam Canada Inc., and Smith Packaging Limited.

2

*Form and Manner of Distribution of the ZAI Bar Date Notice Package and ZAI Proof of Claim Form:*

4.      The form and use of the ZAI Bar Date Notice Package, annexed to the Estimation Supplement as Exhibit A, is approved.

5.      The form and use of the ZAI Bar Date Notice, included in Exhibit A to the Estimation Supplement, is approved.

6.      The form and use of the ZAI Proof of Claim and General Instructions for Completing the ZAI Proof of Claim Form, which are each included in Exhibit A to the Estimation Supplement, are approved.

7.      The form and use of the ZAI Bar Date Publication Notices, which are included in Exhibit B to the Estimation Supplement, are approved.

8.  The ZAI Bar Date Notice Program, which is described in Exhibit C to the Estimation Supplement, is approved and shall constitute adequate notice of the ZAI Bar Date to all unknown ZAI Claimants.

9.      The Holders of ZAI Claims shall complete, certify, and submit the ZAI Proof of Claim Form by the ZAI Bar Date.

10.     The Debtors are authorized and empowered to take all actions and execute such other documents as may be necessary to implement the relief granted herein.

3

This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Pittsburgh, Pennsylvania
Dated:_____, 2005


_____
Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

4