# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **W. R. GRACE & CO., et al.**[1] | ) | **Case No. 01-01139 (JKF)** |
| | ) | |
| **Debtors.** | ) | **(Jointly Administered)** |

Hearing Date: January 24, 2005, 12:00 P.M. E.T.
Objection Deadline: January 7, 2005

## APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF ARENT FOX PLLC AS A PROFESSIONAL EMPLOYED BY THE ESTATES OF THE DEBTORS

The Debtors submit this application (the "Application") for the entry of an order pursuant to sections 327(e) and 330 of title 11 of the United States Code (the "Bankruptcy Code") and Federal Rules of Bankruptcy Procedure 2014 and 2016, authorizing and approving the retention of Arent Fox PLLC ("Arent Fox") as professional engaged by the Debtors' estates. In support thereof, the Debtors respectfully represent as follows:

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

## JURISDICTION

1.      This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested are sections 327 and 330 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2014 and 2016.

## BACKGROUND

2.      On April 2, 2001 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code. The chapter 11 cases have been consolidated for administrative purposes only, and, pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors continue to operate their business and manage their properties as debtors-in-possession.

3.      Prior to the Petition Date, the Debtors procured an Employee Benefit Plan Fiduciary Liability Insurance Policy, Policy Number 549-80-77 (the "Policy") from National Union Fire Insurance Company of Pittsburgh, Pa (the "Insurer"). The Policy provides for the payment, reimbursement or advancement of reasonable and necessary fees, costs and expenses (collectively, the "Defense Costs") incurred in the defense of certain claims made against the Debtors, subject to a deductible of One Hundred Fifty Thousand Dollars ($150,000) per claim.

4.      Subsequent to the procurement of the Policy and the Petition Date, a class action lawsuit entitled *Evans v. Akers*, Case No. 041-11380 (WGY) was filed in the United States District Court for the District of Massachusetts against, *inter alia*, members of the Debtors' Board of Directors, the Investments and Benefits Committee for the W. R. Grace & Co. Savings and Investment Plan (the "Plan"), the Administrative Committee for the Plan, and certain key

2

employees (the "*Evans* Defendants"). Subsequently, a class action lawsuit entitled *Bunch v. W.R. Grace & Co.*, Case No. 04-218 (DLB) was filed in the United States District Court for the Eastern District of Kentucky against, *inter alia*, Debtor W. R. Grace & Co., the W. R. Grace Investment and Benefits Committee, members of the Debtors' Board of Directors, and certain key employees (the "*Bunch* Defendants," and together with the *Evans* Defendants, the "Defendants").[2] These civil actions, which allege claims under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.* ("ERISA"), are collectively referred to as the "ERISA Actions."

5.      The Defendants have incurred, and will continue to incur, significant costs associated with defending the ERISA Actions; thus, the Debtors sought reimbursement of these costs and expenses under the Policy. As a result of this request, the Debtors will file the Debtors' Motion for an Order Authorizing and Approving Reimbursement of Defense Costs and Advancement of Funds to Settle Certain Actions Pursuant to National Union's Employee Benefit Plan Fiduciary Liability Insurance Policy (the "Motion"). By the Motion, the Debtors seek entry of an order authorizing the Insurer to pay, reimburse and/or advance costs and expenses that have been incurred, are being incurred, or that may be incurred in the future by the Defendants for the purpose of defending the ERISA Actions. Assuming the Motion is granted, the Insurer will be responsible for compensating and reimbursing Arent Fox as lead counsel in the ERISA Actions, for its reasonable fees, costs, and expenses, subject to the Policy's deductible, should this Court grant this Application.

---

[2] Fidelity Management Trust Company, State Street Bank and Trust Company, and State Street Global Advisors are also defendants in one or both of the ERISA Actions; however, these defendants have retained or will be retaining their own, separate counsel.

## RELIEF REQUESTED

6.     The Debtors respectfully request the entry of an order pursuant to sections 327 and 330 of the Bankruptcy Code authorizing them to retain Arent Fox as a professional employed by the estates to represent the Defendants in the ERISA Actions during the course of these chapter 11 cases. Specifically, and as more particularly described below, the Debtors seek authorization for Arent Fox to represent the Defendants in the ERISA Actions and to take all necessary steps to defend and/or settle the ERISA Actions on behalf of the Defendants.

## BASIS FOR RELIEF REQUESTED

7.     The Defendants have selected Arent Fox to represent them in connection with all matters relating to the ERISA Actions. The Defendants have selected Arent Fox because of the firm's expertise in litigating ERISA matters and because Arent Fox is among a small number of firms whose employment has been previously approved by the Insurer for cases of the type represented by the ERISA Actions.

8.     Arent Fox has represented numerous entities against claims similar to those asserted against the Defendants in the ERISA Actions. Arent Fox, and more specifically, Carol Connor Flowe, have handled a substantial number of federal cases involving ERISA claims. Ms. Flowe, who will be primarily responsible for the Defendants' representation in the ERISA Actions, is a 1976 law graduate and has nearly 30 years of experience, primarily in ERISA cases. She will be assisted by Caroline Turner English, a 1996 law graduate with eight years of litigation experience in complex matters, including ERISA. Arent Fox has considerable depth in both ERISA and litigation matters, and will call upon other members and associates as needed.

4

## SCOPE OF PROPOSED REPRESENTATION

9.      The Debtors seek to retain Arent Fox, subject to this Court's approval, to advise and represent the Defendants, as needed, with respect to the ERISA Actions, one or both of which may or may not be stayed under section 362 of the Bankruptcy Code.

10.     The Debtors have previously received authorization to employ the law firms of Kirkland & Ellis and Pachulski, Stang, Ziehl, Young & Jones to serve as bankruptcy and reorganization counsel.  In addition, the Debtors have received authorization to employ various other professionals to assist in the Debtors' reorganization efforts and/or to represent the Debtors in specialized areas of the law.  Arent Fox's representation of the Defendants will not be duplicative of the services to be performed by the other professionals employed by the Debtors. The Debtors are mindful of the need to avoid duplication of services, and appropriate procedures will be implemented to ensure that there is minimal duplication of effort as a result of Arent Fox's role as special counsel for the ERISA Actions.

## NO ADVERSE INTEREST

11.     To the best of the Debtors' knowledge, and based upon the Declaration of Carol Connor Flowe (the "Flowe Declaration," a copy of which is attached as Exhibit A) filed in support of this Application, Arent Fox does not represent any interest adverse to the Debtors or their estates with respect to the matters on which Arent Fox will be employed.  Further, to the best of the Debtors' knowledge and based on the Flowe Declaration, Arent Fox does not have any connection with any of the Debtors' equity security holders, insiders, creditors or other parties in interest, or their respective attorneys or accountants, or the office of the United States Trustee or any of its employees, except as set forth in the Flowe Declaration.

5

## COMPENSATION

12.    Until the deductible is satisfied and the Insurer begins paying for the fees and expenses incurred in the ERISA Actions, Arent Fox will be compensated in accordance with the *Order Pursuant to 11 U.S.C. §§1107(a) and 1108 Authorizing the Debtors to Employ and Compensate Certain Professionals Utilized in the Ordinary Course of the Debtors' Business,* entered May 3, 2001 (the "OCP Order"). To the extent that payments by the Debtors to Arent Fox exceed the limits of the OCP Order, Arent Fox will submit interim fee applications pursuant to the terms of the Amended Interim Compensation Order, entered April 17, 2002.

## CONCLUSION

13.    For the reasons set forth above, the Debtors believe that the attorneys at Arent Fox are well-qualified to act on the Debtors' behalf in light of their expertise with the issues involved in the ERISA Actions. The Debtors further believe that the engagement of Arent Fox is essential to the Debtors' successful reorganization and that the retention of Arent Fox is necessary and in the best interests of the Debtors and their estates.

## NOTICE

14.    Notice of this Application has been given to (i) the United States Trustee; (ii) counsel to the DIP Lender; (iii) counsel to The Chase Manhattan Bank as agent for the Debtors' cases; and (iv) all those parties that requested service and notice of papers in accordance with Fed. R. Bankr. P. 2002. In light of the nature of the relief requested, the Debtors submit that no further notice should be required.

## NO PRIOR REQUEST

15.    The Debtors have made no prior request to this or any other court to employ

Arent Fox as special counsel for the purposes of handling the ERISA Actions.

WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form attached hereto as Exhibit B, authorizing the retention of Arent Fox as special ERISA counsel for the Debtors and grant them such other and further relief as is just and proper.

Dated: December 20, 2004

Kirkland & Ellis LLP
James H.M. Sprayregen, P.C.
Janet S. Baer
James W. Kapp, III
Samuel Blatnick
200 East Randolph Drive
Chicago, Illinois 60601
Telephone:    (312) 861-2000
Facsimile:     (312) 861-2200

and

PACHULSKI, STANG, ZIEHL, YOUNG, JONES
& WEINTRAUB P.C.

Laura Davies Jones (Bar No. 2436)
David W. Carickhoff, Jr. (Bar No. 3715)
919 N. Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705
Telephone:    (302) 652-4100
Facsimile:     (302) 652-4400

Co-counsel to Debtors and Debtors-in-Possession

# EXHIBIT SUMMARY SHEET

**Exhibit A -**    Declaration of Carol Connor Flowe

**Exhibit B -**    Form of Proposed Order