## **Exhibit A**

Flowe Declaration

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| W.R. GRACE CO., et al.[1] | ) | CASE NO. 01-01139 (JKF) |
| | ) | (JOINTLY ADMINISTERED) |
| DEBTORS. | ) | |

## DECLARATION OF CAROL CONNOR FLOWE

I, Carol Connor Flowe, declare and state:

1. I am a member of Arent Fox PLLC, located at 1050 Connecticut Avenue, N.W., Washington, DC 20036 (the "Firm").

2. Pursuant to an Employee Benefit Plan Fiduciary Liability Insurance Policy, Policy Number 549-80-77 (the "Policy") with National Union Fire Insurance Company of Pittsburgh, Pa (the "Insurer"), the Debtors have engaged Arent Fox to represent the Defendants (as defined below) in class action lawsuits entitled *Evans v. Akers*, Case No. 041-11380 (WGY), filed in the United States District Court for the District of Massachusetts against, *inter alia*, members of the Debtors' Board of Directors, the Investments and Benefits Committee for the W.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

R. Grace & Co. Savings and Investment Plan (the "Plan"), the Administrative Committee for the Plan, and certain key employees (the "*Evans* Defendants"), and *Bunch v. W.R. Grace & Co.*, Case No. 04-218 (DLB), filed in the United States District Court for the Eastern District of Kentucky against, *inter alia*, Debtor W. R. Grace & Co., the W. R. Grace Investment and Benefits Committee, members of the Debtors' Board of Directors, and certain key employees (the "*Bunch* Defendants," and together with the *Evans* Defendants, the "Defendants").[2] These civil actions, which allege claims under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.* ("ERISA"), are collectively referred to as the "ERISA Actions."

3. Simultaneously with the filing of this Declaration, the Debtors are filing an Application for Entry of an Order Authorizing the Retention and Employment of Arent Fox PLLC as a Professional Employed by the Estates of the Debtors, requesting authorization of Arent Fox's retention as special ERISA counsel for the Debtors.

4. Under the Policy, the Insurer is generally obligated to compensate Arent Fox for representing the Defendants in the ERISA Actions, after satisfaction of a deductible of $150,000 per claim. With respect to its services that are subject to the deductible, Arent Fox is being engaged and will be compensated as an ordinary course professional under the *Order Pursuant to 11 U.S.C. § 1107(a) and 1108 Authorizing the Debtors to Employ and Compensate Certain Professionals Utilized in the Ordinary Course of the Debtors' Business*, entered May 3, 2001.

---

[2] Fidelity Management Trust Company, State Street Bank and Trust Company, and State Street Global Advisors are also defendants in one or both of the ERISA Actions; however, these defendants have retained or will be retaining their own, separate counsel.

5.     The Firm may have performed services in the past and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties-in-interest in the Debtors' chapter 11 cases.

6.     As part of its customary practice, the Firm is retained in cases, proceedings and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants and parties-in-interest in these chapter 11 cases. The Firm does not perform services for any such person in connection with these chapter 11 cases, or have any relationship with any such person, their attorneys or accountants that would be adverse to the Debtors or their estates.

7.     Neither I nor any member of or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the members and regular employees of the Firm.

8.     Neither I nor any member of or professional employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates.

9.     The Firm did not perform any prepetition services for the Debtors.

10.    The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed on December 20, 2004.

                                                                                  */s/ Carol Connor Flowe*
                                                                                   Carol Connor Flowe