IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> W. R. GRACE & CO., et al., <br><br> Debtors. | ) Chapter 11 <br> ) <br> ) Case No. 01-01139 (JKF) <br> ) <br> ) (Jointly Administered) <br> ) <br> ) Objection Deadline: 1/7/05 @4:00 p.m. <br> ) Hearing Date: 1/24/05 @ 12:00 p.m. <br> ) <br> ) **Re: Docket No. 7104** <br> ) |

### THE OFFICIAL COMMITTEE OF ASBESTOS PROPERTY DAMAGE CLAIMANTS' MOTION TO STRIKE THE DEBTORS' NOTICE OF INTENT TO OBJECT TO CLAIMS ON THE BASIS OF MATERIALLY INSUFFICIENT SUPPORTING INFORMATION AND OPPORTUNITY TO SUPPLEMENT CLAIMS

The Official Committee of Asbestos Property Damage Claimants (the "PD Committee"), by and through undersigned counsel and pursuant to 11 U.S.C. §105(a), hereby moves to strike the Debtors' Notice of Intent to Object to Claims on the Basis of Materially Insufficient Supporting Information and Opportunity to Supplement (the "Notice of Intent") served on or about December 8, 2004 on individual claimants (the "Motion to Strike"). In support hereof, the PD Committee states as follows:

### INTRODUCTION

Last Spring, when considering the Debtors' request to waive Delaware Local Bankruptcy Rule 3007-1, the Court required the Debtors to serve notices on various asbestos property damage claimants ("PD Claimants") with the intended purposes of 1) apprising the Claimants that their claims will be included in an objection process, 2) informing each particular Claimant that the Debtors found certain of its Proof of Claim responses and documentation to be deficient, and 3) providing a fair opportunity to the

Claimant to correct those defects.[1] In turn, the notice requirement would streamline the process for the Court so that it would not have to address claims that presumably could be easily corrected or withdrawn, thereby saving judicial time and resources. The Notice of Intent achieves none of these goals.

Therefore, the PD Committee requests that the Court strike the Debtors' Notice of Intent as non-compliant with this Court's mandate during the March 22, 2004 hearing (the "March Hearing") and Order of July 17, 2004 (the "Waiver Order"), and require the Debtors to renotice the PD Claimants they served with individualized notices identifying the particular Proof of Claim responses and documentation submissions that the Debtors deem insufficient.

## DISCUSSION

1. On April 2, 2001, each Debtor filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to operate their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. On April 12, 2001, the Office of the United States Trustee appointed the PD Committee, the Official Committee of Unsecured Creditors and the Official Committee of Asbestos Personal Injury Claimants.

3. On April 22, 2002, the Court entered the Bar Date Order, setting March 31, 2003 (the "Bar Date"), as the deadline for filing Asbestos Property Damage Claims ("PD Claims"), Medical Monitoring Claims and Non-Asbestos Claims. The Court

---

[1] By the Court's order, the failure of a PD Claimant to correct any purported deficiencies in its filed Proof of Claim does not result in the automatic disallowance of such claim.

approved a particularized proof of claim form for PD Claimants (the "Proof of Claim"). Over 4000 PD Claims were filed prior to the Bar Date.

4. On December 22, 2003, the Debtors sought a waiver of Delaware Local Bankruptcy Rule 3007-1 that permits only one substantive objection to be filed in respect of each Proof of Claim and sets a limitation of two omnibus objections to be filed each month, not to exceed a maximum of 150 claims per omnibus objection (the "Waiver Motion"). The Debtors made clear in the Waiver Motion that they wanted to file several substantive omnibus objections against various PD Claimants in excess of the 150-claim limit and suggested that a waiver of the Local Rule would streamline the process.

5. Significantly, although the Waiver Motion impacted the rights of individual PD Claimants, the Debtors failed to comply with the notice requirements under Delaware Local Bankruptcy Rule 2002-1 and did not serve the individual PD Claimants with the Waiver Motion.

6. The PD Committee objected to the Waiver Motion based on, among other things, its concern that the relief sought in the Waiver Motion would not allow PD Claimants to have their claims adjudicated in a fair manner and that there was no compelling justification for the relaxation of the Delaware Local Rule.

7. The Court addressed the Waiver Motion at the March Hearing, during which Debtors' counsel indicated that the Debtors had reviewed the PD Claims and had identified specific "Gateway Objections" to various individual claims. In fact, the Debtors provided specific numbers of PD Claims that they believed would be impacted by each of the proposed Gateway objections. See Hearing Transcript pp. 5-7 attached

hereto as Exhibit "A." Debtors' counsel indicated the proposal would simplify the PD Claims objection process. Id. at p. 7.

8. In response, counsel for the PD Committee first raised the concern that PD Claimants had not received adequate notice of the Waiver Motion and its proposed process and then addressed the specific objections to the Waiver Motion itself. Id. at 14-17.

9. After hearing argument, the Court granted the requested waiver with the proviso that fairness be afforded to the PD Claimants and required the Debtors to provide notice of the purported deficiencies to each individual Claimant and to allow 60 days to respond. Id. at 23. The Court further ordered that no Gateway Objections to the PD Claims could be filed until adequate notice was given and the time to respond had passed.

10. The Court then directed the Debtors to work together with the PD Committee on both the form of the Waiver Order and the proposed Notice of Intent. The parties reached an agreement as to the language of the Waiver Order later that Spring, and the Court entered it on July 17, 2004.[2]

11. However, without ever consulting the PD Committee about appropriate language for the required notice, on or about December 8, 2004, the Debtors served a generic Notice of Intent on over 3000 PD Claimants. See Notice of Intent attached hereto as Exhibit "B."

12. The Notice of Intent fails to provide individualized notice to PD Claimants of the answers or documentation contained in or accompanying the Proof of Claim which the Debtors deem deficient. Rather, the Notice of Intent identifies three omnibus

---

[2] Pursuant to the Waiver Order, the Court retained jurisdiction to hear and determine all matters arising from the implementation of the Order.

categories of objections, without apprising each recipient of the Notice which of those objections apply to its Proof of Claim and the specific basis therefor.[3] Making matters worse, the Notice of Intent advises that the Debtors' objection may relate to Parts 3 and 4 of the Proof of Claim form, which happen to contain over 50 separate questions.

13. Clearly, the Notice of Intent, as designed by the Debtors, fails to provide any meaningful notice of purported deficiencies of Proofs of Claim and an opportunity for PD Claimants to cure to such deficiencies.

14. Upon receiving the Notice of Intent, counsel for the PD Committee immediately contacted Debtors' counsel and expressed the foregoing concerns. Debtors' counsel failed to assuage these concerns and gave absolutely no indication of any willingness to amend the Notices of Intent.

15. Requiring the Debtors to comply with the Notice of Intent process as provided for in the Order will not cause undue delay as the Debtors previously at the March Hearing that the analysis of Gateway Objections for each particular claim was complete. Counsel for the PD Committee remains willing to work with the Debtors' counsel in formulating the appropriate language and structure of the new notice as the Court previously directed.

---

[3] Paragraph 3 of the Notice of Intent provides, in pertinent part, "during this review process, the Debtors have discovered, among other things, that certain proofs of claim were filed with (a)no supporting documentation submitted to validate the claim; (b) materially insufficient supporting documentation to validate the claim; and/or (c) the claimant failing to answer on or more specific questions that require answers necessary to support the claim."

## CONCLUSION

For the foregoing reasons, the PD Committee respectfully requests that the Court grant this Motion to Strike and require the Debtors to provide a proper of Notice of Intent that complies with the Order.

Wilmington, Delaware

Dated: December 20, 2004

Respectfully submitted,

BILZIN SUMBERG BAENA
PRICE & AXELROD LLP
Scott L. Baena, Esquire
Jay M. Sakalo, Esquire
Allyn S. Danzeisen, Esquire
200 South Biscayne Boulevard
Suite 2500
Miami, Florida 33131-2336
Telephone: (305) 374-7580

-and-

FERRY JOSEPH & PEARCE, P.A.

By: /s/ Theodore J. Tacconelli
Theodore J. Tacconelli (No. 2678)
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, Delaware 19899
Telephone: (302) 575-1555

CO-COUNSEL FOR THE OFFICIAL
COMMITTEE OF ASBESTOS
PROPERTY DAMAGE CLAIMANTS