# EXHIBIT "A"

1

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

2

3    IN RE:                                    .        Chapter 11
                                              .
4    W.R. GRACE & CO., et al.,                .        Case No. 01-01139(JKF)
                                              .        Jointly Administered
5                                             .
            Debtors.                          .        March 22, 2004 (12 p.m.)
6                                             .        (Wilmington)

7
                        TRANSCRIPT OF PROCEEDINGS
8            BEFORE THE HONORABLE JUDITH K. FITZGERALD
               UNITED STATES BANKRUPTCY COURT JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22          Proceedings recorded by electronic sound recording;
              transcript produced by transcription service.
23

24

25

4

1  action, and the response from Neutocrete was a very

2  significant products liability counterclaim. Neutocrete has

3  filed a timely proof of claim for that claim, and W.R. Grace

4  has since withdrawn its post-petition collection action. So

5  Neutocrete has agreed to withdraw this motion. That matter

6  will be dealt with through the claims process.

7           THE COURT: Is something more to be filed that will

8  actually withdraw it?

9           MS. BAER: We actually have an order, Your Honor,

10 which we can hand up for entry.

11          THE COURT: All right.

12          MS. BAER: Your Honor, I've been informed by our

13 Delaware counsel that he conversed this morning further and

14 was informed that counsel from Neutocrete is going to file a

15 motion withdrawing -- or a stipulation withdrawing the

16 matter.

17          THE COURT: All right. Just a second, then. Okay.

18 Thank you.

19          MS. BAER: Your Honor, that -- the next matter on

20 your agenda, item number 6, is the debtor's motion for

21 limited waiver of Bankruptcy Rule 3007-1, for the purpose of

22 streamlining the objection process. Your Honor, we have

23 identified several gateway objections, as we've called them,

24 that we would like waiver of the local rules to file. These,

25 Your Honor, are ways in which we believe will streamline the

1  process and hopefully get rid of a lot of objections without

2  having to take a lot of time and attention.  Your Honor,

3  there are approximately fifteen thousand claims that have

4  been filed in the case.  Over forty three hundred of those

5  claims are asbestos property damage claims.  In reviewing the

6  claims, we've identified 856 claims that are substantially

7  incomplete claim forms.  We've actually attached, as Exhibit

8  A, to our motion, or -- I'm sorry -- to our reply, one of

9  those claim forms where you can see, Your Honor, that

10  effectively, all that's happened is somebody's filled in

11  their name, their address, maybe the name of the lawyer, and

12  one other piece of information, like where they work.  Your

13  Honor, that's essentially all that's there.  Under the local

14  rules, that would actually be a substantive objection, and we

15  would be limited by the hundred and fifty per filing, two

16  filings a month.  Likewise a -- 1,523 proof of claim forms

17  have been identified that have materially insufficient

18  supporting documentation.  As you may recall, the asbestos

19  property damage proof of claim form here is very detailed.

20  Asks for documentation or an explanation of where the

21  documentation is.  As you can see from Exhibit B to the

22  reply, the kind of information we received in many of these

23  proof of claim forms is essentially nothing.  The material --

24  the documentation that's attached is not documentation.  It

25  is in some instances, an objection to the request for

6

documentation. It is in some instances, a one line note that
says, We will supply documentation at another period in time.
Your Honor, these two gateway objections are situations
where, from the proof of claim forms that have been filed, we
would have to file substantive objections, yet we don't even
know really what the claim is for. If we were required to
both adhere to the hundred and fifty per claim limit, as well
as adhere to the rule that we have to file all our
substantive objections at one time, we really could be
materially harmed here, because, frankly, we can't tell from
the proof of claim form what our objections might be, other
than the fact that the proof of claim form tells us nothing.
As we move along, Your Honor, with the other gateway
objections, we've identified over twenty eight hundred claim
forms that fail to include any product identification
information. Again, Your Honor, here we have no idea if this
is a claim against W.R. Grace, because there's not a single
clue in the proof of claim form as to how it could be a claim
against Grace. Likewise, Your Honor, we've identified over
three thousand three hundred statute of limitations and
latches-type objections which can be brought. Very routine,
Your Honor, situations where, based on the information in the
proof of claim form, clearly the statute of limitations has
run -- run by many, many years. Finally, Your Honor, we've
identified approximately two hundred claims that have been

1    filed where there's already been a settlement of the claim

2    involved in the proof of claim that was filed.  Your Honor,

3    what we would like to do here is simplify this process.

4    These gateway objections, if filed, can get rid of, or sort

5    out, a tremendous number of claims so we can then get to what

6    are the real merits of the claims.  With a waiver of the

7    hundred and fifty per omnibus objection rule, we can get

8    these brought in much sooner.  For example, if we had to

9    adhere to the rule, just on statute of limitations alone, it

10   would take twenty two separate objections and eleven months

11   to get through that one gateway.  Now, Your Honor, the

12   Asbestos Property Damage Committee has objected to this

13   motion, indicating that this is more burdensome to the

14   claimants, because theoretically, we could bring them back

15   time and time again.  That's not our intention, Your Honor.

16   These gateway objections can, potentially, only have them

17   come here once, if at all, and get rid of it.  For example,

18   if we win on statute of limitations, there's nothing else to

19   talk about.  We don't necessarily say that we're going to

20   bring six separate gateway objections in all separate.  Some

21   of these can be combined.  For example, substantially

22   incomplete claim forms and material insufficient

23   documentation are two objections that can be combined into

24   one omnibus objection that can potentially take care of over

25   two thousand claims.  If those are gone, we will either have

10

1   eliminated them completely, which happens in the claims

2   objection process, or we will then get into a situation where

3   we can identify what these claims really are.  Then we can

4   review the substance and determine all of our substantive

5   objections to the claims.  Your Honor, these are not

6   situations where we are trying to, and in any way want to

7   hamper, individuals and make them keep coming to court.

8   Asbestos property damage claims in this case, by and large,

9   are building owners, hospitals, large entities.  They're not

10  mom and pop who have a problem with their house.  As you

11  recall, Your Honor, there is no ZAI bar date.  Therefore, the

12  individual claims on property damages, ZAI type claims are

13  not involved here.  In addition, Your Honor, as you know

14  there is no bar date for asbestos personal injury claims.

15  So, while we reserve the right to pursue this kind of a

16  process for asbestos personal injury, if and when we get

17  there, we're not asking for any relief at this time with

18  respect to asbestos personal injury.  Finally, Your Honor,

19  with respect to medical monitoring.  Medical monitoring

20  claims are a little bit of a hybrid, somewhat related to

21  asbestos personal injury claims.  The analysis we have done

22  and the gateway objections that we have identified do not

23  include medical monitoring claims.  And at the present time,

24  we do not anticipate the gateway objections will apply to the

25  medical monitoring claims.  They do apply, however, to the

1  asbestos property damage claims and, in some circumstances,

2  to the non-asbestos unsecured claims. Your Honor, under

3  these circumstances, we would ask for a waiver of local rule

4  3007, so that we could bring these gateway objections without

5  being -- having to fit into the numbers that we would

6  otherwise be required to bring. As well as, without having

7  to bring all substantive objections at one time.

8       THE COURT: Okay. Mr. Baena.

9       MR. BAENA: May it please the Court. Good morning,

10  Your Honor. Scott Baena on behalf of the Official Committee

11  of Asbestos Property Damage Claimants. Your Honor, over the

12  course of this case, we've heard the debtors say, rather

13  unequivocally at times, that the extent of property damage

14  claims in this case are relatively insubstantial. And now,

15  ironically, we hear them say that by virtue of the sheer

16  number of property damage claims that were filed, in excess

17  of four thousand, we need to streamline the manner in which

18  we deal with the objections that they wish to lodge to those

19  claims. Some of which relate, as alluded to by counsel, to

20  installations of Grace product in properties across the

21  United States more than thirty years ago. What's apparent to

22  us is that despite the apparent good intentions, what we are

23  being confronted by, in this instance, again, is just a war

24  of attrition. We started this process with an

25  extraordinarily detailed proof of claim form -- unparalleled

in any other asbestos bankruptcy case -- that required a
considerable amount of information.  Information, which even
Your Honor recognized might not be readily attainable in all
instances, and you indicated that you would keep an open mind
as we went through this process.  There's a good reason why
what they wish to do is prohibited.  But, before I get to
that reason, I would like to point out a threshold reason why
this motion is inappropriate.  And, in particular, Your
Honor, Local Rule 2002-1 would require the debtor to give
notice to any person that has rights that are affected
adversely by a motion before the Court.  Ironically, the
response filed to our objection to this claim, enumerated
illustratively, problems with various proofs of claim forms
that were filed by property damage claimants.  Yet, based
upon the service list that we have been provided by the
debtor, the only persons that have been provided with notice
of this motion was the Property Damage Committee and its
members.  None of the claimants have been provided with any
notice of this hearing or of the motion itself.  None of the
claimants, whose claims are implicated by this -- this count
that's provided for in their response have been apprised of
the fact that they might be within one of those baskets, and
they might have a reason to be here today, and so, there was
improper notice of this hearing.  And for that reason alone,
we don't think that the Court can proceed.  But, even if we

1  are to consider the substance of the motion, I think the

2  substance of the motion, too, proves why it's not well taken.

3  Firstly, Judge, the six categories of gateway -- the so-

4  called gateway objections, is so pervasive, particularly by

5  virtue of the inclusion of statute of limitations, statute of

6  repose, and latches objections, that it doesn't lend itself

7  to the kinds of objections that we're talking about the

8  debtor lodging here.  Judge Rolin made it very plain in his

9  standards opinion in the Sealed Air litigation, over the

10  fraudulent transfers that ensued, that there was nothing

11  about bankruptcy that abrogates the application of state law

12  to the determination of when particular asbestos claims

13  arose.  We're not creating federal common law here as to a

14  statute of limitation.  And so, beyond being merely labelled

15  commonly as statute of limitations objections, and statute

16  repose, and latches objections, every objection of that

17  nature will depend upon the application of the state law of

18  the particular jurisdiction whose law controls this dispute.

19  And, in that application of that law will depend, as you well

20  know, upon the particular facts and circumstances of each

21  claim.  So --

22          THE COURT:  But that's always true, Mr. Baena.  I

23  mean, I could compel the debtor to say that if the property

24  is in Florida or the issue is governed by Florida law, to put

25  all the Florida ones in one objection.  But, omnibus

1   objections always have each claim examined on their own

2   merits.  It's just that you're looking at the same issue with

3   respect to the claims.

4   　　　　MR. BAENA:  I understand that.  But, you see Judge,

5   therein lies, we think, the -- and I don't believe it was an

6   intentional, but certainly at least an inadvertent mistake.

7   And that is, in order to bring the gateway objections, in

8   respect of limitations, repose, and latches, the debtor will

9   necessarily have had to make detailed examinations in respect

10  of each of the clients.  They need to know what the product

11  is, they need to know where it was installed, they need to

12  know when it was installed, they need to know the nature of

13  the application of the product.  They need to know everything

14  they would need to know, we submit, for purposes of bringing

15  all other objections in respect to that client.  And, so,

16  it's just a pretense to just drag out and truncate this

17  process in respect to property damage claims.  And if you can

18  bring a gateway objection, so to speak, in respect of the

19  statute of limitations, then I submit you can object to

20  everything else you find offensive about that particular

21  proof of claim.  And there is absolutely no logical basis to

22  then say, Okay, having done all that drilling, to find all

23  those circumstances, fact and the law that apply to that

24  claim, having lost the statute of limitations argument, they

25  can now come back and bring some other argument.  Subjecting

1  a property damage claimant, that's been content up till that

2  point in time to allow a committee to represent its

3  interests, collectively, with it's entire constituency, to

4  come back to this court on several occasions.  It's just --

5          THE COURT:  But there's not --

6          MR. BAENA:  -- inappropriate.

7          THE COURT:  But if there were statute of

8  limitations issues, raised in a substantive objection on the

9  merits, I'd probably bifurcate them out anyway.  Because, why

10  get to the merits if the issue's going to be controlled by a

11  principle of law.

12          MR. BAENA:  Well, you may well wish to bifurcate

13  it, Judge, but that claimant will have had the benefit of

14  knowing all the objections to its claim.

15          THE COURT:  But, what difference is it going to

16  make if the issue is -- if the issue is adjudicated by way of

17  a statute of limitations?  And if it isn't, then what harm is

18  there in letting the folks address the merits later?

19          MR. BAENA:  Well, Judge, not to be flip, but that's

20  exactly the type of due process that that rule was intended

21  to provide.  The claimant is entitled to know all of the

22  objections that are being asserted.

23          THE COURT:  I don't think that was --

24          MR. BAENA:  It's not supposed to be a --

25          THE COURT:  -- a due process --

14

1    MR. BAENA:  -- slow leak.

2    THE COURT:  The thirty -- the 3007 rule or the

3    notice rule?  What -- which rule are we talking about?

4    MR. BAENA:  Well, the notice rule we already know

5    hasn't been complied with.

6    THE COURT:  Okay.  On the --

7    MR. BAENA:  We're talking about --

8    THE COURT:  The 3007.

9    MR. BAENA:  We're talking about the rule that

10   limits objections to a single objection.

11   THE COURT:  Okay.  I don't think that's a due

12   process issue on behalf of the claimants at all.  I think

13   that's a convenience of the Court issue.  It's difficult to

14   handle a hundred and fifty objections or more in any one set

15   of pleadings.  Particularly in this district, where you have

16   to file the proofs of claim along with everything.  It has

17   nothing to do with due process.  It has to do with Court

18   convenience.

19   MR. BAENA:  Well, Judge, I do believe that the

20   limitation on the number of objections that could be brought

21   at one time, clearly, is a matter that goes to the management

22   of the Court's docket.

23   THE COURT:  Yeah.

24   MR. BAENA:  But, I do believe that there is another

25   sense that one could perceive from that rule, that goes

1   beyond just managing one's docket.  And that is the

2   expectations of a claimant to know all of the objections that

3   are going to be lodged against it, so that there's finality

4   as to the allowance or disallowance of it's claim.

5           THE COURT:  Well, with --

6           MR. BAENA:  By this basis, Judge, it's not until

7   the end of the day that anybody knows anything in respect of

8   their claim.

9           THE COURT:  This case could go on for the next

10  twenty five years if the debtor is forced to bring a claim

11  objection, one at a time, against every -- every claimant.

12  Not just the property damage claims, but every claimant.

13  There is no court, that I know of, that handles mega cases

14  like this, that requires a specific objection for every

15  claim.  They're all handled by omnibus objections.  In fact,

16  Chapter 7s are handled by omnibus objections.  So, I don't

17  see that as the problem.  Now, if there is an issue with

18  respect to the fact that some claimants said they would

19  submit documentation later and hasn't, it seems to me that

20  before I struck that claim, it might be more appropriate to

21  have the debtors send out one more notice saying, You said

22  you were going to submit the documents, you didn't, you've

23  got X number of days to do it, and if you don't, we're going

24  to file an objection based on the fact that there's improper

25  documentation.  Now, I'm willing to provide one more

opportunity for claimants who have timely filed claims to do it. I'm not reopening the bar date. But, if it's a -- if it's a supplement to the documentation, I may be willing to do something along those lines. But, I really don't see a reason why we shouldn't be addressing matters that may be able to be defended or prosecuted, one or the other, as matters of law first. If they can be addressed -- if they can be addressed in that fashion, we never get to the merits issue. Why incur all that expense on behalf of the claimant?

MR. BAENA: Well, perhaps the claimant ought to have the opportunity, Judge, to decide whether or not to withdraw their claim based upon the totality of the objections that will be lodged against that claimant.

THE COURT: Well, they can always do that.

MR. BAENA: But --

THE COURT: I mean, if the notice goes out that says the Court's approved, you know, a piecemeal objection for the reason of court convenience and making sure that we address the propositions of law first, you know, then they know. They may be subject to it. I'll put a -- I think I can impose a limitation on the number of times that the debtor is able to go back to the well for any specific claimant. But I really don't see why the gateway objections idea isn't a sound one. It seems me to be a sound method of proceeding.

1       MR. BAENA:  I would like to follow up on an earlier

2   remark you made about unnoticed.  I would point out, in fact,

3   that in U.S. Gypsum, Judge Newsome did just that.  He

4   required the debtor to give a notice and until the notice was

5   given and a response was not provided or an inadequate

6   response was provided, the objection process didn't really

7   start.  And, at the very least, we would encourage the Court

8   to direct that they be required to provide such a notice that

9   they aver that the notice was inadequate or not -- or did not

10  list -- or the response, rather, was inadequate or not given

11  at all before they lodge an objection based upon the

12  insubstantial or incomplete information --

13      THE COURT:  Yeah.  I'm willing --

14      MR. BAENA:  -- they're complaining about.

15      THE COURT:  I'm willing to do that Mr. Baena.  I

16  recognize that in many instances these buildings were built

17  with the product installed many years ago.  Nonetheless, it's

18  still the claimant's burden to prove that there is a claim

19  against this debtor.  So, yes, although I realize that the

20  deadline for objecting -- I'm sorry -- for filing proofs of

21  claim was set, and I did require significant information, it

22  seems to me now those claimants have had -- I'm not sure when

23  the bar date was, but it was several months ago, at least.

24  They've had, certainly, sufficient time to go back into their

25  stacks of paper, or whatever records, and find those

18

1 documents now, if they exist.

2 MR. BAENA: Judge, I don't represent a particular

3 claimant, as you well know, but I am unaware of any dialogue,

4 if you will, between the debtor and any particular claimant,

5 asking for that particular information. We see a couple of

6 proofs of claims, out of four thousand, it's a rather

7 insubstantial number attached to their response, in which the

8 claimant said that they were in the process of preparing

9 information or that they would supplement. I don't know if

10 that's an epidemic or not. But, I am unaware, and it

11 certainly isn't stated in any of the pleadings, that they

12 followed up with any of those claims.

13 THE COURT: Okay. Well, as I said, I'm content to

14 have I'll call it the one more opportunity to get on the

15 bandwagon notice go out. But, if that fails, I think at that

16 point in time, I'm going to let the debtor prosecute these

17 types of gateway claims that have been identified. And I

18 also think that there should be a limitation. You know, the

19 debtor should not be able to go back to each claimant so

20 often that it's harassing. So, I think maybe one gateway

21 objection, and then that's it. The rest of the things have

22 to be on the merits, because I think that's enough. Two

23 times against any claimant is enough. But, if there's a

24 statute of limitations issue, I really see no benefit to

25 having a claimant have to go to the expense of attempting to

1    prove up the whole claim, when, in fact, it's going to be

2    discharged essentially because the statute of limitations has

3    expired.

4           MR. BAENA: Well, Judge, you know, a statute of

5    limitations defense could be virtually a trial on the merits.

6           THE COURT: Well, maybe. But, I'm not sure how.

7    It depends -- because of the timing in which the asbestos

8    injury was made known?

9           MR. BAENA: It -- there are a number of issues that

10    are implicated by the statute of limitations issue that

11    literally go to the heart of the claim.

12           THE COURT: In the property damage instance, the

13    building owners didn't know that asbestos was installed in

14    their building when the building was made or when the

15    installation took place?

16           MR. BAENA: Judge, unless you're prepared to issue

17    a ruling that everybody should have known, and very few

18    courts -- I don't know of any courts that have ever issued

19    such a ruling, that proof has to be determined as to each

20    property damage claimant that they serve that defense

21    against. And --

22           THE COURT: I think that won't be a difficult

23    thing, because depositions or something else can determine

24    it. I can't understand how, if you have a product that's

25    installed in your building that says, This contains asbestos,

1   that you didn't know.

2   MR. BAENA:  Oh, Judge, if this were like a pack of

3   cigarettes that had an inscription on it giving everybody

4   full warning, this would be an entirely different landscape

5   that we were walking upon here.

6   THE COURT:  I don't know about the --

7   MR. BAENA:  But that's not what asbestos was like.

8   THE COURT:  It's not about the forewarning, it's

9   the fact that there was asbestos.  So they know that this --

10   that the product is in the building.  Then when they -- when

11   there is an injury likely to happen, that's a different

12   issue.

13   MR. BAENA:  Judge, I ask you to keep an open mind.

14   I don't want to --

15   THE COURT:  I do have an open mind.

16   MR. BAENA:  -- debate that with you.  It's not

17   necessarily the case that somebody knew there was asbestos in

18   the material that they installed on their premises.  It's not

19   necessarily clear, from the product, who's product it was.

20   THE COURT:  Well then, how are they going to prove

21   their claim?

22   MR. BAENA:  Well, my point is, it took time to

23   determine that in respective claims.

24   THE COURT:  Oh.  Okay.  That's fine.

25   MR. BAENA:  All of that is implicated in this, and

the very nature of the harm goes to the statute of

limitations issue, as well, in some jurisdictions.  There's

differences of view as to when the course of action occurs

and accrues under various laws.

THE COURT:  Give me --

MR. BAENA:  This is a --

THE COURT:  -- the outside time limits.

MR. BAENA:  -- major undertaking.

THE COURT:  Six years from the date that you know

is probably the longest statute of limitations for the date

that you find out that you're subject to an injury in the

tort system?

MR. BAENA:  Well, that's not necessarily true

either.

THE COURT:  Well, what is?

MR. BAENA:  Well, Judge, there's nolens tempus in

some states, and there's no statute of limitations

whatsoever.  And, again, there's --

THE COURT:  Well, they won't have a statute of

limitations defense if there's no statute of limitations.

MR. BAENA:  Well, in some --

THE COURT:  So, we won't be hearing those.

MR. BAENA:  In some jurisdictions, the course of

action doesn't accrue until there's contamination.

THE COURT:  Okay.  Then we won't be hearing those,

22

1    I guess.

2          MR. BAENA:  So, there's a large variety of matter

3    being covered by it, and what I was suggesting earlier is

4    that it's that finite information that -- it goes right to

5    the nature of any other objection that you can conceive of

6    that they might have.  What else could it be?  I mean, you've

7    got a, you know, the statute of limitation argument is going

8    to implicate every other kind of objection that they could

9    raise.

10          THE COURT:  Well, and conversely, it's the first

11   thing that's going to be looked at with respect to every

12   other objection that's raised.  Because, if, in fact, there

13   is, as a legal matter, a defense to the claim based on the

14   statute of limitations, that's the first thing that's going

15   to be addressed.  So, one way or another, I guess we're going

16   to get to that statute of limitations issue.  Why does the

17   debtor need to do the statute of limitations, latches,

18   statutes of repose issues as gateways?  As to the property

19   damage?*

20          MS. BAER:  Well, Your Honor, again, with how many

21   of them, given how many years ago these buildings were built,

22   and how long people have been on notice that asbestos in

23   buildings is an issue, they're extremely obvious.  And in,

24   frankly, the great majority of the asbestos property damage

25   claims that have been filed would be subject to statute of

1   limitations objections.  And we've done the state by state

2   analysis.  And we know the rules on accrual.  This is what

3   W.R. Grace has been doing for years and years.  And these are

4   so obviously falling within the statute of limitations that

5   doing it as a gateway will get rid of it.  These claims will

6   be gone, and we'll get to what the real claims are.

7            THE COURT:  Well, I don't know.  I think what I'll

8   do is permit the debtor to make a stab at it.  If it turns

9   out to be inappropriate, and there are too many other issues

10  that come up, then I think at some point, I can always

11  require the debtor to amend the claim to put the whole nine

12  yards in.  But, I think I'll permit it.  However, not until

13  the debtor sends out one more notice that attempts to get the

14  claims that are insufficient, for whatever reason, the timely

15  filed claims that are insufficient, fixed.  So, why don't you

16  work with Mr. Baena and see whether you can come up with an

17  appropriate order and some deadlines by which the claimants

18  will file whatever it is that's missing from their claims, to

19  support the claim.  And if they don't, then at that point in

20  time, I think the objection process against the property

21  damage claims has to start.

22           MS. BAER:  Your Honor, I'm sure Mr. Baena and I can

23  work out the wording of an order.  Couple of questions just

24  to make sure we don't have any disputes.  Are you also

25  directing that all of the gateway objections as to a claimant

24

1    be done at one time so that they don't have to keep coming

2    back?  I know you had talked about it, but you weren't clear

3    about what --

4         THE COURT:  Yeah.  I think -- I think you -- one

5    round of gateway objections, you know, should take care of

6    all the gateway objections that the debtor intends to raise

7    against any specific claimants.  So, it should be one gateway

8    objection, and then, if the claim still survives that

9    process, then it should be one objection for everything else.

10   I don't think anybody should have to come back here more than

11   twice for this.  I appreciate the need to sort of get this

12   winnowed down to the point where it's manageable, and it may

13   not be manageable right now, but nonetheless, I think there

14   is a fairness component to this that has to be attributed to

15   the claimants too.  So I'm comfortable with one gateway

16   process, but then after that process works itself out, I

17   think at that point in time, it should be addressed on the

18   merits.  So, if for example, claim number one is subject to

19   two gateway objections and an objection on the merits, then I

20   think you should make sure that all of your gateway

21   objections for claim number one go -- get filed at the same

22   time so there's only one response date as to all of those

23   gateway objections for claim number one.  Does that --

24        MS. BAER:  I understand --

25        THE COURT:  -- make sense?

1         MS. BAER:  Yes.  I think it does make sense.

2         THE COURT:  All right.  So they only have to be

3 here -- for example, if the first hearing is set in May, then

4 they need to either be here or prepare to address the

5 responses in May.  And then, that's it for that round of

6 objections.  The next round of objections should be on the

7 merits.

8         MS. BAER:  Your Honor, one other point of

9 clarification.  Given that these omnibus objections could

10 have a thousand claims at one time, what do we do with the

11 rule in terms of submitting proof of claim forms?  Do you

12 want us to not submit them?  See where we get responses, and

13 then only submit proof of claim forms for those --

14         THE COURT:  I don't think I want --

15         MS. BAER:  -- with responses?

16         THE COURT:  -- the proof of claim forms right now.

17 If we get responses, yes.  I definitely want them then.

18 Unless there are responses, though, I think I'll wait and see

19 what the objections the debtor files are -- or, why don't we

20 do this:  why don't you just pick ten at random, and just

21 include for every objection ten, so I can see a sample of

22 what it is that the debtor is alleging, but I really don't

23 think I need to see them all, if it goes through by default.

24 If there's a response, then I definitely want the claims.

25         MS. BAER:  We will do that, Your Honor.  We'll put

1  together an order and work with Mr. Baena.

2         THE COURT:  Okay.

3         MR. BAENA:  Judge, we would ask that we be provided

4  with copies of the notices that they send.

5         THE COURT:  Which notices?

6         MR. BAENA:  The notice of the deficiency in the

7  proof of claim

8         THE COURT:  Oh, sure.  I'm expecting that you're

9  going to work out the terms of that notice, and yes, you can

10  certainly be served with the copies of those notices.  Yes.

11  I expect that service is going to go on to all parties in

12  interest.

13         MR. BAENA:  Okay.  And as I understand it, Judge,

14  by requiring all of the gateway objections to be done at one

15  time and the notice requirement, if somebody is only subject

16  to a statute of limitations defense, that can't be filed yet,

17  either until the notices went out.

18         THE COURT:  That's right.

19         MR. BAENA:  Okay.

20         THE COURT:  Yeah.  The notices have to go out so

21  that whatever supporting documents come in are in.

22         MR. BAENA:  Right.

23         THE COURT:  Before the debtor starts these -- this

24  objection process, because there may be something in the

25  documents that will convince the debtor that maybe a statute

1   of limitations defense isn't appropriate.  That they may

2   think is right now.  So, I want the notice process to work

3   it's way through, and then the debtor can start.  Now, as to

4   the non-property damage claims, though, I think the debtor

5   can get started on those objections.  There's no reason to

6   hold up on those, as I understand it.  That's not a

7   documentation issue; correct?

8        MS. BAER:  I don't think it is in most instances,

9   Your Honor, but we will, in light of what you said, be

10  consistent in terms of the non-property damage claims.  If it

11  makes sense for insufficient documentation there, we can do

12  the same thing with the same notice.  One question on notice,

13  Your Honor, so again we don't have a dispute and have to come

14  back to you.  In terms of timing for response on the notice,

15  Mr. Baena and I could end up having a very different

16  viewpoint on that.  Obviously, we think something like a

17  forty-five day period would be appropriate.  I don't know

18  what Mr. Baena's viewpoint would be.  It might make some

19  sense to just talk about that right now.

20       THE COURT:  Mr. Baena?

21       MR. BAENA:  Well, just to be contrary, sixty days,

22  Judge, would be nice.

23       THE COURT:  Fine.  Make it sixty days.  I mean, at

24  this point in time, they should have -- they should have the

25  documents together because they've certainly had sufficient

1  notice to be working on it.  So, I'm -- was more sympathetic

2  before, they've had lots of time now, I'm starting to get

3  less sympathetic, so, sixty days ought to be enough.

4          MS. BAER:  Thank you, Your Honor.

5          THE COURT:  Okay.

6          MS. BAER:  We'll provide that.

7          THE COURT:  All right.

8          MR. BAENA:  And just for the record, Judge, you're

9  overruling the notice objection.

10          THE COURT:  To the parties in interest?

11          MR. BAENA:  Yes.

12          THE COURT:  The reason I'm going to overrule that

13  objection, Mr. Baena, is because this notice that I'm

14  requiring the debtor to send out I think will have to advise

15  the parties that this is the process that the Court's

16  approving.  So, if they have some objection to it, it's

17  without prejudice that they're raising whatever objection

18  they're going to have to it, and I'll hear it.

19          MR. BAENA:  Thank you.

20          THE COURT:  So, yes.  I'm raising it for now -- I'm

21  sorry, I'm overruling it for now.

22          MR. BAENA:  Okay.

23          THE COURT:  All right.  So, I'll get an order on

24  number 5.  Actually, I think -- wasn't that 6?

25          MR. BAENA:  Yes, Your Honor.