IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No. 01-1139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | Re: Docket No. 6708 and |
| | | 12/20/04 Agenda Item 1 |

**ORDER PURSUANT TO 11 U.S.C. §§ 327(a) AND 328(a) AND FED. R. BANKR. P. 2014(a), 2016 AND 5002 AUTHORIZING THE EMPLOYMENT AND RETENTION OF DELOITTE TAX LLP AS TAX SERVICE PROVIDERS TO THE DEBTORS *NUNC PRO TUNC* TO AUGUST 22, 2004**

Upon consideration of the application (the "Application")[1] of the above captioned debtors and debtors in possession (collectively, the "Debtors") for Entry of an Order Pursuant to 11 U.S.C. §§ 327(a) and 328(a) and Fed. R. Bankr. P. 2014(a), 2016 and 5002 Authorizing the Employment and Retention of Deloitte Tax LLP ("Deloitte Tax") as Tax Service Providers to the Debtors *Nunc Pro Tunc* to August 22, 2004, and upon the affidavit of Timothy T. Tuerff (the "Tuerff Affidavit") filed in support of the Application; and the Court being satisfied, based on the representations made in the Application and Tuerff Affidavit, that Deloitte Tax represents no interest adverse to the Debtors' estates with respect to the matters upon which it is to be engaged, that Deloitte Tax is a "disinterested person" as that term is defined under section 104(14) of title 11 of the United States Code (as amended, the "Bankruptcy Code"), as modified by section 1107(b) of the Bankruptcy Code, and that the provision of the Tax Services, as requested pursuant to the Application, is necessary and would be in the best interests of the Debtors, their creditors and the Debtors' estates; and it appearing that this proceeding is a core proceeding

---

[1] Capitalized terms not otherwise defined herein will have the meanings ascribed to them in the Application.

pursuant to 28 U.S.C. §157(b); and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Application is granted.

2. The Debtors are authorized to employ and retain Deloitte Tax to provide the Tax Services on the terms set forth in the Application, the Tuerff Affidavit and the Tax Services Engagement Letter *nunc pro tunc* to August 22, 2004.

3. Deloitte Tax will provide such Tax Services as the Debtors shall deem appropriate and feasible in order to assist the Debtors in the course of these chapter 11 cases as set forth in the Application, the Tuerff Affidavit and the Tax Services Engagement Letter.

4. The indemnification provisions of the Tax Services Engagement Letter are approved subject to the following:

(a) subject to the provisions of subparagraph (c) infra, the Debtors are authorized to indemnify, and shall indemnify Deloitte Tax, in accordance with the Tax Services Engagement Letter for any claim arising from, related to, or in connection with the Tax Services, but not for any claim arising from, related to, or in connection with Deloitte Tax's postpetition performance of any services, other than the Tax Services, unless such other postpetition services and indemnification thereof are approved by the Court;

(b) notwithstanding any provisions of the Tax Services Engagement Letter to the contrary, the Debtors shall have no obligation to indemnify Deloitte Tax, or provide contribution or reimbursement to Deloitte Tax, for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen solely from Deloitte Tax's gross negligence or willful misconduct, or (ii) settled prior to a judicial determination as to Deloitte Tax's gross negligence or willful misconduct, but determined by the Court, after notice and a hearing, to be claim or expense for which Deloitte Tax should not receive indemnity,

91100-001\DOCS_DE:101698.1

contribution or reimbursement under terms of the Tax Services Engagement Letter as modified; and

(c)     if, before the earlier of (i) the entry of an order confirming a plan under chapter 11 of the Bankruptcy Code (that Order having become a final order no longer subject to appeal), or (ii) the entry of an order closing this chapter 11 case, Deloitte Tax believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtor's indemnification, contribution and/or reimbursement obligations under the Tax Services Engagement Letter (as modified by this Order), including without limitation the advancement of defense costs, Deloitte Tax must file an application thereof in this Court, and the Debtors may not pay any such amounts to Deloitte Tax before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Deloitte Tax for indemnification, contribution or reimbursement and is not a provision limiting the duration of the Debtors' obligation to indemnify Deloitte Tax.

5.     Paragraph J of the Tax General Business Terms attached to the Tax Services Engagement Letter (applicable to the provision of the Tax Services), which services are not subject to the Debtors' indemnification obligations set forth above, shall be null and void to the extent the claims, liabilities or expenses referred to in such paragraph arises during the pendency of these chapter 11 cases.

6.     Paragraph L of the General Business Terms attached to the Tax Services Engagement Letter (applicable to the provision of the Tax Services), shall be null and void to extent the actions referred to in such paragraph arise during the pendency of these chapter 11 cases.

7.     Deloitte Tax shall be compensated for its provision of the Tax Services and reimbursed for expenses incurred consistent with the terms of the Application, the Tuerff Affidavit and the Tax Services Engagement Letter, and in accordance with the procedures set forth in the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules and orders of the Court.

8. Notwithstanding anything to the contrary herein or in the Application, the Tuerff Affidavit or the Tax Services Engagement Letter, Deloitte Tax's fees shall be subject to the approval of the Court under a reasonableness standard upon proper application by Deloitte Tax in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any applicable orders of the Court.

9. The Court retains jurisdiction with respect to all matters arising from or relating to the implementation of this Order.

Dated: December 20, 2004

*Judith K. Fitzgerald*
reb

The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge