IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | Chapter 11 |
| W.R. Grace & Co., *et al.*, | Case No. 01-01139 (JKF)<br>Jointly Administered |
| Debtors. | Objection Deadline: December 21, 2004<br>Hearing Date: January 21, 2005 at 9:00 a.m. |
| | Ref. Doc. No. 6896 |

## TOWN OF ACTON'S OBJECTION TO THE ADEQUACY OF THE DEBTORS' DISCLOSURE STATEMENT

The Town of Acton, Massachusetts (the "Town"), hereby objects to the adequacy of the Debtors' Disclosure Statement dated November 13, 2004 (the "Disclosure Statement") as not containing "adequate information," as that term is described in 11 U.S.C. § 1125, concerning the Town's claim and its potential impact on the Debtors' proposed plan. Specifically, the Disclosure Statement, which "estimates" that there are no allowed secured claims, should disclose (1) that the Town has asserted a secured claim in the principal amount of $3,691,692.38, and (2) the impact, if any, on the Debtors' plan of reorganization if the Town's claim is allowed in full as secured.

In further support thereof, the Town states as follows:

### Background Facts

1. In section 4.3.1.2 of the Disclosure Statement, the Debtors "estimate that there are no Allowed Secured Claims as of the Effective Date." It is unclear from the Disclosure Statement, however, whether the efficacy of the Debtors' plan depends on the accuracy of this "estimate."

2. In accordance with this Court's Order With Respect to the Town of Acton's Motion for Relief from Stay and for Related Determinations (D.I. 7144), the Town recently

470.001-6231

made an actual sewer assessment in the principal amount of $3,691,692.38 with respect to six parcels of land owned by one or more of the Debtors.[1]

3. Under Massachusetts General Laws c. 83, § 27, because the Town recorded the Orders for Construction of the sewer prepetition in the appropriate Massachusetts registries of deeds, the Town's claim for the actual sewer assessment is secured by duly perfected and validly enforceable liens on the six parcels of land.

4. Although neither the Disclosure Statement nor the Plan specifically refer to the Town's claim, the Town infers from the language in section 4.3.1.2 of the Disclosure Statement, quoted above, that the Debtors do not consider the Town's claim to be secured.

## Argument

5. Under section 1125 of the Bankruptcy Code, the Debtors' Disclosure Statement must contain "adequate information." "Adequate information" is such information as would enable a typical, hypothetical, reasonable investor of each voting class of claims "to make an informed judgment about the plan." Bankruptcy Code section 1125(a)(1).

6. While the Debtors may "estimate" that the Town's claim is not secured, for a reasonable investor of each voting class to make an informed judgment about the efficacy of the Plan, the Debtors should disclose to creditors the existence and amount of the Town's asserted secured claim and the impact, if any, on the Debtors' plan of reorganization if the Town's claim is allowed as a secured claim in the principal amount of $3,691,692.38.

---

[1] According to the Middlesex County (South) Registry of Deeds in Massachusetts, the property that is the subject of this motion is owned by W.R. Grace & Co. W.R. Grace & Co. – Conn. filed a Complaint in Massachusetts Superior Court (Civil Action No. 01-2209) against the Town alleging that W.R. Grace & Co. – Conn. owns the same six parcels.

**REQUEST FOR RELIEF**

For the above reasons, the Town respectfully asks the Court to enter an order:

(A)   Requiring the Debtors to amend their Disclosure Statement to disclose (1) that the Town has asserted a secured claim in the principal amount of $3,691,692.38; and (2) the impact, if any, allowance of the Town's claim as a secured claim will have on the Debtors' plan of reorganization; and

(B)   Granting the Town such other relief as may be appropriate and just.

Dated: December 21, 2004          **LANDIS RATH & COBB LLP**

By: /s/ Adam G. Landis
Adam G. Landis (No. 3407)
Megan N. Harper (No. 4103)
919 Market Street, Suite 600
Wilmington, DE 19801
Telephone: (302) 467-4400
Fax: (302) 467-4450

-and-

Thomas O. Bean, Esquire
NUTTER, MCCLENNEN & FISH, LLP
World Trade Center West
155 Seaport Boulevard
Boston, Massachusetts 02210-2604
Telephone: (617) 439-2000

Counsel for the Town of Acton, Massachusetts

470.001-6231                              3