IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| W. R. GRACE & CO., et al. ) | Case No. 01-01139 (JKF) |
| ) | (Jointly Administered) |
| Debtors. ) | |
| ) | Re: Docket Nos. 6898 & 6899 |
| ) | |
| ) | Objection Deadline: December 21, 2004 at 4:00 p.m. |
| ) | Hearing Date: January 21, 2005 at 9:00 a.m. |
| ) | |

## JOINDER OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DEBTORS' (1) MOTION FOR ENTRY OF AN ORDER SEEKING ESTIMATION OF ASBESTOS CLAIMS AND CERTAIN RELATED RELIEF AND (2) MOTION FOR ENTRY OF A CASE MANAGEMENT ORDER ESTABLISHING PROTOCOLS FOR LITIGATING ASBESTOS-RELATED CLAIMS FOLLOWING PLAN CONFIRMATION

The Official Committee of Unsecured Creditors of W. R. Grace & Co., et al. (the "Creditors' Committee"), by its undersigned counsel, submits this Joinder to the Debtors' (1) Motion For Entry Of An Order Seeking The Estimation Of Asbestos Claims And Certain Related Relief ("Estimation Motion") and (2) Motion For Entry Of A Case Management Order Establishing Protocols For Litigating Asbestos-Related Claims Following Plan Confirmation ("New CMO Motion"), and respectfully states as follows:

1. As stated on the record of the Court hearing held on December 20, 2004, the Creditors' Committee has determined (subject to the expected resolution of some open issues) to be a co-proponent of the plan of reorganization initially proposed by the Debtors. The Creditors' Committee thus joins in and fully supports the Debtors' attempts to define and resolve their asbestos liability -- personal injury, property damage and ZAI alike -- in an efficient and effective manner through the Estimation Motion and the New CMO Motion. With respect to the asbestos personal injury claims, such a process will properly result in payments from the trust to

only those claims brought by persons with cognizable injuries caused by exposure to a Grace product.

2.  Debtors' original motion for a case management order (the "Original CMO Motion"), filed shortly after the inception of these Chapter 11 cases, attempted to resolve the Debtors' actual liability to asbestos personal injury claimants through, in sum, detailed proof of claim forms to be filed by asbestos personal injury claimants, to be followed by objections by the Debtors to those proofs of claims to be resolved through pre-confirmation common issue litigation under Fed. R. Civ. P. 42 and Fed. R. Evid. 702. By those objections, the Debtors' various defenses to the asbestos claims could be adjudicated. However, no case management order was ever issued, no claims bar date was set and no order was issued with regard to a resolution of the issues underlying the asbestos claims. Thus, three and one-half years after the filing of the Original CMO Motion, the Debtors' asbestos liability remains unresolved.

3.  The Creditors' Committee concurs with the Debtors' willingness to proceed with the procedures set forth in the Original CMO Motion should the Court so determine. However, in light of the significant passage of time and the recent filing of the plan by the Debtors on November 13, 2004, the relief requested in the Estimation Motion and New CMO Motion is warranted, which propose, *inter alia*, an estimation of the Debtors' liability pre-confirmation and litigation protocols for the post-confirmation resolution of non-settling asbestos claims. Debtors' proposed process for the litigation and allowance/disallowance of all asbestos claims still depends for its administration and efficacy upon the filing of detailed proof of claim forms designed to resolve, on an aggregate basis, critical threshold issues -- including product identification, causation and impairment -- but from only those claimants who commenced litigation against the Debtors pre-petition. The proposed estimation procedures are critical for

2

whatever protocol is ultimately adopted by the Court because they can be used to determine the feasibility of the Plan, the establishment of the asbestos trust, and be used to determine Debtors' liability for all classes of asbestos claims (other than the Asbestos PI-AO Claims). Alternatively, they can used to define Debtors' liability through the litigation process proposed in the Original CMO Motion. The procedures should be adopted by the Court.

4. Debtors' New CMO Motion is predicated upon certain litigation protocols designed to resolve Debtors' liability in an efficient, effective and just manner, following confirmation of the Plan. The submission of Court-approved Proofs of Claim and PI Questionnaires will be utilized to obtain certain information essential to resolving common issues through omnibus objections to claims and summary judgment proceedings designed to litigate certain threshold liability issues, including (1) whether an alleged injury is based on scientifically reliable and admissible evidence, including reliable diagnostic methods; (2) whether claimants can demonstrate an occupational history involving actual exposure to the Debtors' products; and (3) whether claimants can demonstrate that exposure to the Debtors' product substantially contributed to the claimed asbestos- related injury. Submissions that fail to meet the minimum requisites for establishing a valid Asbestos Claim would be disallowed.

5. The Debtors are entitled to a determination, based on evidence that conforms with the Daubert requirements, of issues such as those listed in Debtors' New CMO Motion at 18-29 regarding the medical criteria to be applied to claims in order to ensure that the threshold requirements of harm and causation are met. These criteria should require a showing based on reliable diagnostic procedures that the claimant either has a malignant illness or has a non-malignant illness that has caused impairment – i.e., actual harm – and that the illness is caused by exposure to asbestos. Asbestos claimants should also be able to show that they

WLM\203692 1

worked in an occupation or workplace where they would have been exposed to the Debtors' asbestos products – otherwise, it should go without saying, the Debtors have no liability whatsoever to the claimant.

6. Thus, Debtors' proposal to estimate Debtors' asbestos liability pre-confirmation, with common issues litigation to follow post-confirmation, is eminently sensible. Likewise, the procedures set forth in the Estimation Motion are critical to the appropriate funding of the Asbestos Trust. First, the establishment of the Asbestos PI Pre-Petition Litigation Bar Date and Questionnaire Return Date is a crucial first step in the process of defining the magnitude and types of claims to be evaluated in these Chapter 11 cases. Second, the direct notice campaign, as described in the Estimation Motion, will be sufficient to capture the entire universe of affected pre-petition claimants because all such claimants are already known to the Debtors. Third, as noted, the customized short-form proof of claim and questionnaire forms for Asbestos PI Pre-Petition Litigation claimants elicits necessary information, thereby enabling the parties and the Court to properly evaluate and resolve threshold liability issues against the Debtors' estates. Fourth, after the completion of expert discovery as to the amount of Asbestos Claim liability and aggregate trust expenses, the parties and the Court will be in the best position to (1) determine the amount of funding and allocations for each of the respective asbestos claimants' funds; and (2) cap the maximum distribution to Asbestos PI-SE and Asbestos-PD Claims, as set forth in the Plan.

7. These cases have been pending for well over three years, and to date little substantive progress has been made in determining the extent of the Debtors' asbestos liabilities. The proposed plan of reorganization, in conjunction with the Estimation Motion and New CMO Motion, represent progress and a process for finally determining those liabilities. The Creditors'

Committee respectfully requests that the Court grant the Estimation Motion and the CMO Motion so that the issues necessary to confirm a plan of reorganization in these cases can finally be determined.

## CONCLUSION

8. For the reasons set forth above and those set forth in the Debtors' Estimation Motion and New CMO Motion, and accompanying submissions, it is respectfully submitted that this Court grant the Debtors' motions.

Dated: December 21, 2004

Respectfully submitted:

**STROOCK & STROOCK & LAVAN LLP**
Lewis Kruger, Esquire
Kenneth Pasquale, Esquire
(Members of the Firm)
180 Maiden Lane
New York, New York  10038-4982
Tel: (212) 806-5400
Fax: (212) 806-6006

and

**DUANE MORRIS LLP**

_/s/ Michael R. Lastowski_
Michael R. Lastowski, Esquire (DE I.D. No. 3892)
William S. Katchen, Esquire
1100 North Market Street, Suite 1200
Wilmington, Delaware 19801
Tel: (302) 657-4900
Fax: (302) 657-4901

Co-Counsel for the Official Committee
of Unsecured Creditors

WLM\203692.1