IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>W.R. Grace & Co. *et al.*<br><br>Debtors. | Chapter 11<br><br>Case No. 01-1139 (JKF)<br><br>Jointly Administered<br><br>Hearing Date: 1/21/05 at 9:00 a.m.<br>Objection Deadline: 12/21/04 at 4:00 p.m.<br><br>Re: Docket Nos. 6898, 6899 |

**CERTAIN INSURERS' LIMITED OBJECTION TO DEBTORS' MOTION FOR ENTRY OF AN ORDER SEEKING THE ESTIMATION OF ASBESTOS CLAIMS AND CERTAIN RELATED RELIEF AND DEBTORS' MOTION FOR ENTRY OF A CASE MANAGEMENT ORDER ESTABLISHING PROTOCOLS FOR LITIGATING ASBESTOS-RELATED CLAIMS FOLLOWING PLAN CONFIRMATION**

Certain Insurers[1] hereby submit this limited objection to Debtors' Motion for Entry of An Order Seeking the Estimation of Asbestos Claims and Certain Related Relief (the "Estimation Motion") and Debtors' Motion for Entry of a Case Management Order Establishing Protocols for Litigating Asbestos-Related Claims Following Plan Confirmation (the "CMO Motion").

---

[1] "Certain Insurers" joining this Limited Objection consist of: Certain Underwriters at Lloyd's, London and Certain London Market Insurers; Allstate Insurance Company, solely as successor-in-interest to Northbrook Excess and surplus Insurance Company, formerly Northbrook Insurance Company; U.S. Fire Insurance Company; Fireman's Fund Insurance Company; Federal Insurance Company; Continental Casualty Co. and Continental Insurance Co.; Royal & SunAlliance; and Travelers Casualty and Surety Company.

1. Certain Insurers have issued excess liability insurance contracts to the Debtors which, subject to their terms and conditions, may be called upon to respond to certain Asbestos Claims asserted against the Debtors in these proceedings.[2] The purpose of this limited objection is to ensure that the insurers' rights are in no way affected, altered or prejudiced by the Debtors' proposals, and to have the Court preserve the insurers' right to object to these proposals, should the Debtors, or any other party, file a new plan of reorganization or amend the Plan in a way that differs from the current Plan in any material way. The Debtors have stated that Grace will seek "$500 million from settled and solvent unsettled insurance carriers if the Asbestos Trust Aggregate Fund is determined by the Court to be the maximum permitted under the Plan."

2. Certain Insurers do not, in principle, oppose the procedures set forth in the Estimation Motion or the CMO Motion, and they support the Debtors' effort to ensure that resources of the Asbestos Trust are appropriately focused on the meritorious claims of the genuinely ill. Rather, Certain Insurers submit this limited objection in order to (i) request that this Court enforce so-called "insurance neutrality" in connection with any estimation, litigation or liquidation of Asbestos Claims; (ii) preserve Certain Insurers' rights to contest the procedures contemplated in the Estimation Motion and the CMO Motion, and any estimation, litigation or liquidation of Asbestos Claims arising therefrom, should the Debtors, or any other party, file a new plan of reorganization or amend the current Plan or modify the procedures set forth in the Estimation Motion and/or the CMO Motion; and (iii) reserve Certain Insurers' rights under their various insurance contracts with the Debtors, including but not limited to their rights to control

---

[2] Capitalized terms are used herein as they are defined in the Glossary of Terms Used in Plan Documents filed November 13, 2004, unless otherwise noted.

or associate in the defense and settlement of claims, in connection with any estimation, liquidation or litigation of Asbestos Claims.

## "Insurance Neutrality" Should Be Enforced

3.  As noted in the Status Report requested by the Court and filed by some of the Certain Insurers on June 21, 2004, a principal concern of Certain Insurers is to avoid any purported adjudication of their coverage obligations in these proceedings. The Debtors' bankruptcy cases are not proper fora for the litigation or adjudication of any insurance coverage disputes. This Court need not and should not adjudicate state law insurance coverage issues.[3]

4.  Certain Insurers therefore request the inclusion of protective language from the Court that ensures that any estimation as proposed by the Debtors in the Estimation Motion or any ruling or order issued in connection with the procedures proposed by the Debtors in the CMO Motion are not used against Certain Insurers by parties claiming that such an estimation, ruling or order triggers any indemnification obligation on the part of the Certain Insurers. As the Court is aware, there is bankruptcy precedent that could be misused to support a position that plan estimation constitutes something akin to an adjudication of the insured's liability. For example, claimants argue that *UNR Indus. v. Continental Cas. Co.,* 942 F.2d 1101 (7th Cir. 1991), stands for the disputed proposition that when an aggregate amount of current and anticipated future asbestos claims is estimated by a bankruptcy court and then subsequently embodied in a confirmed plan of reorganization, the estimated amount constitutes a "loss" under insurance contracts and a "judgment or settlement" sufficient to overcome a "no action" clause in

---

[3] While Certain Insurers maintain that this Court lacks jurisdiction over any insurance coverage disputes, or alternatively would be obligated to abstain from the exercise of any such jurisdiction, even if this Court could properly exercise jurisdiction over any insurance coverage dispute, any such dispute could only properly be litigated in the context of a duly-commenced adversary action. *See Conxus Fin. Corp. v. Motorola, Inc., (In re Conxus Comms., Inc.),* 262 B.R. 893, 899 (D. Del. 2001).

an insurance contract. *UNR*, 942 F.2d at 1104-05. While this concept has been rejected, *see Amatex Corp. v. Aetna Cas. & Sur. Co. (In re Amatex Corp.)*, 97 B.R. 220, 221 (Bankr. E.D. Pa.), *aff'd sub nom, Amatex Corp. v. Stonewall Ins. Co.*, 102 B.R. 411 (E.D. Pa. 1989), confirmation of that fact should be in any order or ruling approving the estimation process or establishing case management procedures for the litigation of Asbestos Claims.

5. Although the Debtors state in the Estimation Motion that "estimates are to be used in conjunction with determining confirmation of the Debtors' Plan, not for distribution purposes," Estimation Motion ¶ 28, the fact is that once an estimation is performed in these proceedings, the amount or fact of estimation may be argued to have an unintended effect, absent language in the proposed Estimation Order that protects insurers. Certain Insurers share the same concern with respect to rulings or orders made by the Court in any of the proceedings envisioned in the CMO Motion. The Court's order should specifically prohibit such misuse. Certain Insurers seek the inclusion of language in any order establishing case management procedures for the pre- or post-confirmation litigation of Asbestos Claims that protects insurers.

6. Therefore, Certain Insurers respectfully request that this Court include "insurance neutrality" language in any Estimation Order and any order establishing case management procedures for the pre- or post-confirmation litigation of Asbestos Claims. This language is necessary to ensure that Certain Insurers' rights are in no way affected, altered or prejudiced by the fact or outcome of any estimation proceeding or any pre- or post-confirmation proceeding regarding the Debtors' liability for Asbestos Claims. More specifically, Certain Insurers request that "insurance neutrality" language substantially similar to that contained in Exhibit A and Exhibit B to this Limited Objection be included in any Estimation Order and any order establishing case management procedures for the pre- or post-confirmation litigation of

Asbestos Claims. The language contained in Exhibit A and Exhibit B is consistent with the so-called "super-preemptory" provision recently approved by the U.S. Court of Appeals for the Third Circuit in *In re Combustion Engineering, Inc.*, (Nos. 03-3392 et al.), slip op. at 56-59 (3d Cir. Dec. 2, 2004).

**<u>Certain Insurers Do Not Waive, But Rather Reserve, Their Rights To Contest Any Estimation Procedures, Estimation Order or Case Management Order Regarding the Pre- or Post-Confirmation Litigation of Asbestos Claims Should the Debtors Amend or Withdraw the Current Plan of Reorganization</u>**

7. The Plan currently proposed by the Debtors contemplates that the Debtors will contribute the primary funding to the Asbestos Trust. Although there are certain provisions in the Plan to which Certain Insurers may make objection at a later date, the Plan does not purport to assign insurance rights or proceeds to the Asbestos Trust. Therefore, Certain Insurers do not object to the Estimation Motion or the CMO Motion on their respective merits, as contemplated in conjunction with the Plan as presently formulated.

8. However, as the Debtors have stated, several parties in interest have not consented to this Plan, including the FCR, the Asbestos PI Committee, and the Asbestos PD Committee. Disclosure Statement at 42. The Debtors have advised the Court that they will continue negotiations with these parties in an effort to achieve consensus. Nov. 15, 2004 Hr'g Tr. at 8. In subsequent negotiations, the parties may agree to a different plan of reorganization proposing a different treatment of Asbestos Claims, including a plan that may purport to address or pre-empt state law insurance coverage issues or violate Certain Insurers' contractual rights. To the extent that the current version of the Plan and/or any subsequent version breaches or violates Certain Insurers' contractual rights, Certain Insurers will interpose objections to the Plan at the appropriate time.

9. The Court should make clear that should such a new or amended plan of reorganization be proposed, all rights are reserved to object to any estimation procedures, estimation order, or case management procedures regarding the pre- or post-confirmation litigation of Asbestos Claims presently proposed by the Debtors or other parties in interest.

### Certain Insurers Do Not Waive, But Rather Reserve, Their Contractual Rights With Respect to Any Estimation Procedures, Litigation, Allowance, or Settlement of Asbestos Claims

10. Certain Insurers' insurance contracts and/or settlement agreements with the Debtors contain bargained-for rights and protections benefiting the insurers. For instance, many of the relevant insurance contracts and/or settlement agreements impose on the Debtors duties of assistance and cooperation with their insurers, and confer on Certain Insurers the right to associate in any defense or settlement of Asbestos Claims. Many of the relevant insurance contracts and settlement agreements also require the insurers' consent to settlement and payment of asbestos-related claims.

11. Certain Insurers expect that the Debtors will honor their contractual obligations during the course of any estimation process, in formulating and proposing any Estimation Order, and in litigating or settling Asbestos Claims, whether pursuant to any order setting forth procedures for the pre- or post-confirmation litigation of Asbestos Claims, or otherwise.

12. Should the Debtors fail to honor their contractual obligations to Certain Insurers at any stage of estimation, litigation, allowance, or settlement of claims, Certain Insurers will object accordingly.

**Certain Insurers Do Not Waive, But Rather Reserve, Their Rights Regarding Neutrality Language**

13.     Certain Insurers believe the neutrality language contained in Exhibit A and Exhibit B will protect their interests in connection with any proceedings that may take place pursuant to the Estimation Motion and the CMO Motion.

14.     Notwithstanding the protections provided by the language in Exhibit A and Exhibit B, Certain Insurers reserve their rights to seek additional or alternative neutrality language in connection with any subsequent motions and/or proceedings in the Debtors' bankruptcy case, including without limitation, any plan confirmation proceedings.

**Conclusion**

For the reasons stated herein, Certain Insurers reserve their rights and remedies, and respectfully request that the Court include language substantially similar to that contained in Exhibit A and Exhibit B hereto in any Estimation Order and any order establishing procedures for the pre- or post-confirmation litigation of Asbestos Claims.

Dated:  Wilmington, Delaware
        December 21, 2004

ZUCKERMAN SPAEDER LLP

*Elizabeth D. Power*

Thomas G. Macauley (DE Bar No. 3411)
Elizabeth D. Power (DE Bar No. 4135)
919 Market Street, Suite 990
P.O. Box 1028
Wilmington, Delaware 19899-1028
Telephone: (302) 427-0400
Facsimile: (302) 427-8242

James Sottile
Zuckerman Spaeder LLP
1201 Connecticut Avenue, NW
Washington, DC 20036-2638
Telephone: (202) 778-1800
Facsimile: (202) 822-8106

Mary K. Warren
Brenda D. DiLuigi
LINKLATERS
1345 Avenue of the Americas
New York, New York 10105
Telephone: (212) 424-9000
Facsimile: (212) 424-9100

Attorneys for Certain Underwriters at Lloyd's, London and Certain London Market Companies

-and-

James S. Yoder, Esquire
WHITE AND WILLIAMS LLP
824 N. Market Street, Suite 902
P. O. Box 709
Wilmington, DE 19899-0709
Telephone: (302) 467-4524
Facsimile: (302) 467-4554

Stefano V. Calogero
Andrew K. Craig
CUYLER BURK, LLP
Parsippany Corporate Center
Four Century Drive
Parsippany, NJ 07054
Telephone: (973) 734-3200
Facsimile: (973) 734-3201

Attorneys for Allstate Insurance Company, solely as successor-in-interest to Northbrook Excess and Surplus Insurance Company, formerly Northbrook Insurance Company

-and-

George R. Calhoun, V
March D. Coleman
STEPTOE & JOHNSON, LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 429-3000
Facsimile: (202) 429-3902

Counsel for U.S. Fire Insurance Company

-and -

Gerald F. Ellersdorfer
KAUFMAN & LOGAN LLP
100 Spear Street, 12th Floor
San Francisco, California 94105
Telephone: (415) 247-8300
Facsimile: (515) 247-8310

Attorneys for Fireman's Fund Insurance Company

-and-

Shelley A. Kinsella (DE No. 4023)
COZEN O'CONNOR
1201 North Market Street
Suite 1400
Wilmington, DE 19801
Telephone: (302) 295-2000
Facsimile: (302) 295-2013

William P. Shelley (PA ID 40875)
Jacob C. Cohn (PA ID 54139)
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA 19103
Telephone: (215) 665-2000
Facsimile: (215) 665-2013

Attorneys for Federal Insurance Company

-and-

Elizabeth M. DeCristofaro, Esq.
Charles A. Booth, Esq.
FORD MARRIN ESPOSITO WITMEYER
& GLESER, L.L.P.
Wall Street Plaza
New York, New York 1000-1875
Telephone: (212) 269-4900

Robert Fishman, Esq.
SHAW GUSSIS FISHMAN GLANTZ
WOLFSON & TOWBIN LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60610
Telephone: (312) 541-0151

Attorneys for Continental Casualty Co. and
Continental Insurance Co.

-and-

Robert J. Dehney (#3578)
Michael G. Busenkell (#3933)
MORRIS, NICHOLS, ARSHT &
TUNNELL
1201 N. Market Street
P.O. Box 1347
Wilmington, Delaware  19899
Telephone:  (302) 658-9200

Mary Beth Forshaw
Elisa Alcabes
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017-3954
Telephone:  (212) 455-2000
Facsimile:  (212) 455-2502 (fax)

Attorneys for Travelers Casualty and Surety Company

-and-

Ian Connor Bifferato, Esq. (#3273)
BIFFERATO, BIFFERATO & GENTILOTTI
1308 Delaware Avenue
The Buckner Building
PO Box 2165
Wilmington, Delaware 19899-2165
Telephone:  (302) 429-1900

Carl J. Pernicone, Esq.
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP
150 East 42nd Street
New York, New York 10017-5639
Telephone: (212) 490-3000

Attorneys for Royal and SunAlliance