**EXHIBIT B**

Notwithstanding anything to the contrary in this order establishing procedures for the pre or post-confirmation litigation of Asbestos Claims, the Plan, or any of the Plan Documents, nothing in this order establishing procedures for the pre- or post-confirmation litigation of Asbestos Claims, the Plan, or any of the Plan Documents (including any other provision that purports to be preemptory or supervening), shall in any way operate to, or have the effect of, impairing any insurers' legal, equitable or contractual rights, if any, in any respect. The rights of insurers shall be determined pursuant to their respective insurance contracts and/or settlement agreements, and under applicable law. Without limiting the foregoing, no proceedings undertaken pursuant to this Order shall constitute a trial or hearing on the merits, or an adjudication or judgment, or be used as evidence to prove:

(a) that any insurer is liable for, or otherwise obligated to pay with respect to, any individual asbestos personal injury claim or demand against the Debtors;

(b) that the procedures established pursuant to this Order are reasonable and/or consistent with any procedures that were used to evaluate or settle asbestos personal injury claims against the Debtors before the Petition Date;

(c) that the value(s) assigned to any asbestos personal injury claim(s) pursuant to the procedures established pursuant to this Order was or were reasonable and/or otherwise appropriate; or

(d) that any of the insurers participated in and/or consented to the procedures undertaken pursuant to this Order.

Nothing in this Order shall limit the right of any insurer in any action to assert any coverage defenses, including by presenting evidence and/or argument with respect to any of the matters specified in clauses (a) through (d) above; nor shall any of the matters specified in clauses (a) through (d) have any *res judicata* or collateral estoppel effect against any insurer.