## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO. *et al.*, | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Related to Dkt. Nos. 6895, 6896, 6897 |
| | ) | Hearing Date: January 21, 2005, 9:00 a.m. |

## LIMITED OBJECTION OF EVEREST REINSURANCE COMPANY AND MT. McKINLEY INSURANCE COMPANY TO THE DISCLOSURE STATEMENT FOR DEBTORS' PLAN OF REORGANIZATION

Everest Reinsurance Company (f/k/a Prudential Reinsurance Company) ("Everest") and Mt. McKinley Insurance Company (f/k/a Gibraltar Casualty Company) ("MMIC"), parties in interest, hereby object to approval of the proposed disclosure statement (the "Disclosure Statement") with respect to Debtors' Plan of Reorganization Pursuant to Chapter 11 of the United States Bankruptcy Code (the "Plan").[1]

In sum, the Disclosure Statement fails to meet the requirements of Section 1125 of the Bankruptcy Code insofar as it misleadingly suggests that insurance policies issued by Everest and MMIC to Grace potentially provide coverage for asbestos claims against Grace. In fact, pursuant to a 1993 settlement among Grace, Everest, and MMIC, Grace expressly and comprehensively released all of its rights to coverage of asbestos-related claims under the Everest and MMIC policies. Because the Disclosure Statement suggests that such coverage does or may exist notwithstanding Grace's release of such coverage rights, the Disclosure Statement

---

[1]  Unless otherwise defined, capitalized terms herein shall have the meaning ascribed to them in the Glossary of Terms Used in Plan Documents, Exhibit 2 in Debtors' Exhibit Book.

is misleading and fails to provide "adequate information." The Disclosure Statement should

therefore be disapproved unless it is first amended to either delete all references to the Everest

and MMIC released policies or expressly state that coverage for asbestos-related claims is no

longer available under those policies.

## FACTUAL BACKGROUND

### The Settlement Agreement Among Grace, Everest, and MMIC

For many years, Debtors (collectively, "Grace") have been subject to claims

asserted by persons alleging that Grace is liable to them for asbestos-related personal injury

("PI") and asbestos-related property damage ("PD") claims. Grace, in turn, has claimed that it is

entitled to coverage from its insurers with respect to such underlying asbestos-related claims.

Everest and MMIC issued or allegedly issued to Grace certain excess liability

insurance policies (collectively, the "Everest-MMIC Policies"). Grace previously sought

coverage under the Everest-MMIC Policies with respect to asbestos-related PI and PD claims

asserted against it. Everest, MMIC, and Grace disputed the scope of coverage available under

the alleged policies, and litigation ensued.

In October, 1993, Grace, Everest, and MMIC resolved their coverage dispute and

entered into a confidential settlement agreement. In exchange for payment of significant sums

by Everest and MMIC, Grace agreed, among other things, to the "cancellation of . . . any and all

coverage for Asbestos-Related Claims." The settlement agreement broadly defined "Asbestos-

Related Claims" as "claims and lawsuits asserted by or on behalf of persons alleging (1) bodily

injury sickness, disease and/or death as a result of an exposure to asbestos, and (2) damages for

injury or damage to buildings and property allegedly caused by asbestos or asbestos-containing

materials." In addition, Grace specifically released Everest and MMIC from all claims "in any

way relating to the . . . payment or handling of Asbestos-Related Claims . . . under the Policies."

Pursuant to the settlement agreement, Everest and MMIC agreed to make certain payments to Grace over time, commencing in 1994 and ending in 1999.  Everest and MMIC have fully performed all of their obligations under the agreement.

**Grace's Plan and Disclosure Statement**

Grace's Plan proposes to establish a § 524(g) trust to pay asbestos-related claims. Grace plans to fund the trust with cash, stock, and warrants in its parent company's stock. Grace also asserts that it will recover $500 million from its insurers for the payment of asbestos claims.  (Disclosure Statement at 25.)  The Disclosure Statement contains an "Exhibit 10," titled "List of Subject Asbestos Insurance Policies," that lists dozens of insurance policies, including the Everest-MMIC Policies that were settled and released pursuant to the 1993 settlement.

Exhibit 10 describes these policies as "primary and excess insurance policies that *were or are* applicable to asbestos related claims" (emphasis added), but fails to specify which policies currently "are" applicable and which "were" applicable.  The Glossary accompanying the Plan does not contain any definition of "Subject Asbestos Insurance Policies."  It does, however, define "Asbestos Insurance Policy," in relevant part, as "any insurance policy, whether known or unknown, including the policies listed in Exhibit 10 . . . that actually or potentially provides coverage for any Asbestos Claim."  (Glossary, ¶ 12.)

By including the Everest-MMIC Policies in a list of "Subject Insurance Policies" that purportedly "were or are applicable to asbestos related claims," Grace implies in the Disclosure Statement that the Everest-MMIC Policies may provide additional coverage for asbestos-related claims.  Such a suggestion would be misleading, given that Grace previously released all rights to coverage of asbestos-related claims under these policies.

## LIMITED OBJECTION TO APPROVAL OF THE DISCLOSURE STATEMENT

Everest and MMIC submit this limited objection to Grace's Disclosure Statement because the Disclosure Statement inaccurately suggests that the Everest-MMIC Policies may be available to pay asbestos-related claims against Grace when, in fact, the Everest-MMIC Policies were released and cancelled with respect to asbestos-related claims pursuant to the 1993 settlement.

Section 1125 of the Bankruptcy Code requires that a disclosure statement contain "adequate information" sufficient to permit creditors and interest holders knowledgeably to vote in favor of or against the plan to which the disclosure statement relates. The provision of adequate information in a disclosure statement is a key requirement of the Bankruptcy Code. *See, e.g.*, Ryan Ops. G.P. v. Santiam-Midwest Lumber Co., 81 F.3d 355, 362 (3d Cir. 1996), citing Oneida Motor Freight, Inc. v. United Jersey Bank (In re Oneida Motor Freight, Inc.), 848 F.2d 414 (3d Cir. 1988).

By listing the Everest-MMIC Policies on Exhibit 10, the Disclosure Statement misleadingly suggests, and thus may lead readers of the Disclosure Statement to believe, that there is or may be additional coverage available under the Everest-MMIC Policies to pay asbestos-related claims. In light of the 1993 settlement, such a suggestion is completely misleading, and therefore the Disclosure Statement cannot provide "adequate information," to the extent that the Everest-MMIC Policies are included in Exhibit 10. In fact, the 1993 settlement among Grace, MMIC, and Everest specifically cancels coverage for "any and all Asbestos-Related Claims" and releases all of Grace's rights under the Everest-MMIC policies to coverage of such claims, thus, those policies no longer "actually or potentially" provide coverage for any Asbestos Claim. (*See* Glossary, ¶ 12.)

At an absolute minimum, Grace should be required to revise the Disclosure Statement to note that Everest and MMIC contend that, based on the 1993 settlement agreement which expressly releases the Everest-MMIC Policies with respect to all Asbestos-Related Claims, coverage is no longer available under the Everest-MMIC Policies for Asbestos-Related Claims.  Grace should also state whether or not it agrees with that contention.  If, notwithstanding the clear and unambiguous language of the settlement agreement, Grace wishes to dispute this contention by Everest and MMIC, Grace should be required to state in the Disclosure Statement that it does so and to explain why, so that those relying on the Disclosure Statement can know of such dispute and not be misled by the inclusion of the Everest-MMIC Policies in Exhibit 10.

This Court in Combustion Engineering required the debtor to make just such revisions to a list of insurance policies in the plan in that case.  Specifically, this Court required Combustion Engineering and its co-proponents to amend the plan's listing of "Subject Insurance Policies" available for the payment of asbestos claims, which in its original form read almost identically to Grace's Exhibit 10, to state which policies were subject to settlement agreements, which were already exhausted, which had already paid, and which were paying pursuant to a negotiated schedule.  The Court required the debtor to review every policy listed on the exhibit and to "put in an explanation of what has been settled, what has been repaid, what has been released, and what's left," because "no one can understand what this list is." *See* Transcript of Hearing, In re Combustion Engineering, Inc., No. 03-10495 (JKF) (Bankr. D. Del. Apr. 24, 2003) at 320:9-321:2 (statement by the Court).

Everest and Mt. McKinley respectfully submit that a more expedient and proper way to ensure that persons relying on the Disclosure Statement are not misled by Exhibit 10's

listing of policies that "were or are" available would be for the Court to require Grace to amend

the Disclosure Statement by removing the Everest-MMIC Policies from the list of policies on

Exhibit 10.  In the alternative, to the extent it is relevant for some reason for parties to know

which policies "were" available,[2] Grace should revise the Disclosure Statement to eliminate any

confusion about whether the Everest-MMIC Policies "were" or "are" available for the payment

of asbestos claims, by stating expressly in the Disclosure Statement that the Everest-MMIC

Policies "were" available once but, as a result of the 1993 settlement, have since been cancelled

and released and do not at this point provide even potential coverage for asbestos claims against

Grace.

      Unless the Court requires Grace to (i) delete the Everest-MMIC Policies from

Exhibit 10, (ii) explain that the Everest-MMIC Policies no longer even potentially provide

coverage for asbestos-related claims, or (iii) at least acknowledge the existence of a dispute over

the availability of remaining asbestos-related coverage under the Everest-MMIC Policies,

Grace's Disclosure Statement in this case will fail to provide "adequate information" as required

by the Code, because – just like the similar listing in <u>Combustion Engineering</u>, which this Court

required the debtor to amend – "no one [will be able to] understand what this list is."  Unless

amended as requested above, the Disclosure Statement ought not be approved.

<u>CONCLUSION</u>

      The Disclosure Statement as currently written is misleading and fails to provide

---

[2]      We cannot think of any reason why someone voting on the Plan would need to know what coverage used to be, but is no longer, available to pay asbestos claims against Grace.  The identification of any released or settled coverage in the Disclosure Statement would appear to be misleading on its face, particularly in the absence of any clear statement that such coverage is settled, released, and not available.

accurate information with respect to the Everest-MMIC Policies. As a result of the 1993 settlement, the Everest-MMIC Policies were released and cancelled and therefore are not available to Grace for the payment of asbestos-related claims. Yet, without explanation or elaboration, the Disclosure Statement lists the Everest-MMIC Policies on a list of policies that "were or are" available to pay such claims. The Court should not approve the Disclosure Statement until it is amended to delete the Everest-MMIC Policies or, at least, to clarify that the Everest-MMIC Policies are no longer available to pay asbestos claims.

Dated: December 21, 2004                    Respectfully submitted,


                         _____/s/ Brian L. Kasprzak_____
                         Brian L. Kasprzak (No. 3846)
                         MARKS, O'NEILL, O'BRIEN AND COURTNEY
                         913 North Market Street, Suite 800
                         Wilmington, Delaware 19801
                         Telephone: (302) 658-6538
                         Facsimile: (302) 658-6537

                         Mark D. Plevin
                         Leslie A. Epley
                         CROWELL & MORING LLP
                         1001 Pennsylvania Avenue, N.W.
                         Washington, D.C. 20004
                         Telephone: (202) 624-2500
                         Facsimile: (202) 628-5116

                         Attorneys for Everest Reinsurance Company (f/k/a
                         Prudential Reinsurance Company) and Mt.
                         McKinley Insurance Company (f/k/a Gibraltar
                         Casualty Company)


2197342.03