IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 01-01139 (JJF) |
| W.R. GRACE & CO., *et al*., | ) | Jointly Administered |
| | ) | **Objection Deadline: December 21, 2004** |
| Debtors. | ) | Re: D.I. No.: 6900 |

**OBJECTION OF THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS TO DEBTORS' MOTION FOR ENTRY OF AN ORDER APPROVING SOLICITATION AND <u>CONFIRMATION PROCEDURES AND SCHEDULE</u>**

The Official Committee of Asbestos Personal Injury Claimants ("Committee") hereby objects to Debtors' Motion for Entry of an Order Approving Solicitation and Confirmation Procedures and Schedule ("Motion"). The stated purpose of Debtors' Motion is to establish procedures for solicitation and tabulation of votes to accept or reject Debtors' Proposed Plan of Reorganization (the "Plan"), approve forms and distribution of Ballots and Master Ballots, establish a record date for voting purposes, and establish dates and deadlines in connection with confirmation of the Plan. *See* Motion 1-2. For the reasons explained below, Debtors' Motion is entirely premature.

First, Debtors' Motion seeks approval of its proposed voting procedures, which include distribution of the "Disclosure Statement as approved by the Bankruptcy Court" and "Ballots and/or Master Ballots." Motion 3, 4. However, the Committee has objected to Debtors' proposed Disclosure Statement because, among other reasons, it does not permit personal injury claimants to vote on the proposed Plan of Reorganization. If the Court were to determine upon consideration of the Committee's objections that personal injury claimants are entitled to vote, then both the Disclosure Statement and the Ballots would have to be amended.

{D0032907:1 }DOC# 231837

Second, the Motion seeks to establish dates and deadlines in connection with confirmation of the Plan, including setting April 1, 2005 as the deadline for submitting Ballots and Master Ballots to the Voting Agent and scheduling the Confirmation Hearing for June 27, 2005.  *See* Motion 6, 11.  Again, however, the Committee is objecting to Debtors' proposed Plan at the Disclosure Statement stage.  To establish a voting deadline and hold a confirmation hearing before the Committee's objections to the Disclosure Statement have been resolved would be an inefficient expenditure of judicial resources; if the Committee's objections are upheld, as they should be, then the entire voting and plan confirmation process would have to be reconsidered.

Finally, one of the prerequisites to confirming Debtors' proposed Plan is that Debtors' overall asbestos liability could not exceed a pre-determined cap of approximately $1.483 billion — a figure arbitrarily set by Grace for all present and future PI claimants, PD claimants, and Trust administrative expenses.  *See* Debtors' Plan of Reorganization § 3.1.6; Debtors' Disclosure Statement § 4.3.1.6.  Thus, an estimation hearing must occur before confirmation because if Debtors' overall asbestos liability is estimated to be more than $1.483 billion, then the Plan by its own terms would fail.  Moreover, to anticipate completion of the estimation process and a fair determination of all creditors' rights in time for a June 2005 confirmation hearing is not realistic — Debtors themselves expect the proposed estimation process, a process to which the Committee resolutely objects, to take a full six months.  *See* Debtors' Motion for Entry of an Order Seeking the Estimation of Asbestos Claims and Certain Other Relief 9.

The Committee strenuously objects to Debtors' proposed Plan of Reorganization and Disclosure Statement.  As such, Debtors' Motion for Entry of an Order Approving Solicitation and Confirmation Procedures and Schedule should be denied as premature.

**CONCLUSION**

WHEREFORE, the Official Committee of Asbestos Personal Injury Claimants respectfully request that the Court enter an order (i) denying the Debtors' Motion for Entry of an Order Approving Solicitation and Confirmation Procedures and Schedule; and (ii) granting such other and further relief as the Court deems just and proper.

Dated:  December 21, 2004

**CAMPBELL & LEVINE, LLC**

*/s/Mark T. Hurford*
Marla R. Eskin (No. 2989)
Mark T. Hurford (No. 3299)
800 N. King Street, Suite 300
Wilmington, DE 19801
Telephone:   (302) 426-1900
Telefax:   (302) 426-9947

**CAPLIN & DRYSDALE, CHARTERED**
Elihu Inselbuch
399 Park Avenue, 36th Floor
New York, NY 10022
Telephone:   (212) 319-7125
Telefax:   (212) 644-6755

Peter Van N. Lockwood
Albert G. Lauber
Kimberly N. Brown
Brian A. Skretny
One Thomas Circle, N.W.
Washington, D.C. 20005
Telephone:   (202) 862-5088
Telefax:   (202) 429-3301

*Counsel for the Official Committee of Asbestos Personal Injury Claimants*