**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | Case No. 01-1139 (JKF) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | Objection Date: February 11, 2005 @ 4:00 p.m. |
| | ) | Hearing Date: February 28, 2005 @ 12:00 p.m. |

**MOTION FOR AN ORDER PURSUANT TO SECTION 107(b) OF
THE BANKRUPTCY CODE, RULE 9018 OF THE FEDERAL RULES OF
BANKRUPTCY PROCEDURE, AND LOCAL RULE 5003-1(b)
AUTHORIZING THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL
INJURY CLAIMANTS, AND DIRECTING THE CLERK OF THE COURT,
TO FILE UNDER SEAL THE OBJECTION OF THE OFFICIAL COMMITTEE
OF ASBESTOS PERSONAL INJURY CLAIMANTS TO DEBTORS' MOTION
FOR ENTRY OF AN ORDER SEEKING THE ESTIMATION OF
<u>ASBESTOS CLAIMS AND CERTAIN RELATED RELIEF</u>**

The Official Committee of Asbestos Personal Injury Claimants (the "Committee"), by and through its undersigned counsel, hereby moves (the "Motion") for the entry of an order pursuant to Section 107(b) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 5003-1(b) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") authorizing the Committee, and directing the Clerk of the Court, to file under seal the Objection of the Official Committee of Asbestos Personal Injury Claimants to Debtors' Motion for Entry of an Order Seeking the Estimation of Asbestos Claims and Certain Related Relief ("Objection"). In support of this Motion, the Committee respectfully represents as follows:

{D0032909:1}

**JURISDICTION**

1. The Court has jurisdiction over these proceedings, the parties and property affected thereby, and the Motion, pursuant to 28 U.S.C. §§157(b) and 1334. Venue is before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. §157(b). The statutory predicates for the relief requested in the Motion are Section 107(b) of the Bankruptcy Code, Rule 9018 of the Bankruptcy Rules, and Rule 5003-1(b) of the Local Rules.

**BACKGROUND**

2. On or about April 1, 2001 (the "Petition Date"), W.R. Grace & Co. and certain of its affiliates (the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the Clerk of this Court. The Debtors continue to be in possession of their respective properties and are operating and managing their respective businesses and assets, as debtors–in–possession, pursuant to Sections 1107 and 1108 of the Bankruptcy Code. The proceedings are being jointly administered, for procedural purposes, pursuant to an Order of this Court.

3. No Trustee or examiner has been appointed in the Debtors' chapter 11 cases On April 13, 2001, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors, the Official Committee of Asbestos Property Damage Claimants, and the Committee pursuant to Section 1102(a)(1) of the Bankruptcy Code.

4. On December 21, 2004, the Committee filed the Objection. The Objection contains brief references to information provided to the Committee by the Debtors. The Debtors have designated this information as confidential. Therefore, the Committee

seeks to have this Court enter an Order permitting the filing of the Objection under seal so as to protect the Debtors' interest in the confidential, commercial information and the Committee's agreement to maintain the confidentiality of the information.

## **RELIEF REQUESTED**

5. By this Motion, the Committee requests authority to file the Objection under seal for *in camera* review by this Court.

6. In pertinent part, Section 107(b) of the Bankruptcy Code provides:

(b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may--

(1) protect an entity with respect to a trade secret or confidential research development, or commercial information;

7. Similarly, Bankruptcy Rule 9018, provides:

On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a cased under the Code, or (3) to protect governmental matters that are made confidential by statute or regulation. If an order is entered under this rule without notice, any entity affected thereby may move to vacate or modify the order, and after a hearing on notice the court shall determine the motion.

8. The protective order sought herein is the least intrusive means of achieving the goal of protecting the integrity of the judicial process, protecting legitimate confidential commercial information, and fostering the creation of a full and fair record for the Court's adjudication of disputes. *In re 50-Off Stores*, 213 B.R. 646, 659 (Bankr. W.D. Tex. 1997) ("The sealing device permits the court to do its job fully, permitting both a full inquiry and assuring the protection of the asset the cause of action represents.).

9.  It is a long-standing practice in the federal courts for relevant evidence to be received at trial *in camera*, so as to protect the non-public character of qualified material while allowing the Court to perform its adjudicative functions. *See John T. Lloyd Lab., Inc. v. Lloyd Bros. Pharmaceuticals, Inc.*, 131 F.2d 703, 707 (6th Cir.1942) (trial court ordered to receive evidence in trade secret litigation *in camera*); *Standard & Poor's Corp. v. Commodity Exch., Inc.*, 541 F. Supp. 1273, 1276 (S.D.N.Y. 1982) (closure of part of trial may be ordered to preserve trade secret confidentiality and avoid irreparable harm).

10. The Committee submits that it is necessary to file the Objection under seal as it contains confidential information relating to the Debtors' policies regarding the settling and/or litigating of asbestos personal injury claims and the history of personal injury judgments against the Debtors. Additionally, as noted, the information contained in the Objection was provided to the Committee by the Debtors upon agreement to maintain the confidentiality of the information. The Committee recognizes the Debtors' interest in preventing the information from becoming known to its competitors and thereby jeopardizing the Debtors' reorganization efforts. Consequently, the Committee seeks the relief requested herein.

**NO PRIOR REQUEST**

11. No previous motion to file the Objection under seal has been made to this or any other Court.

**CONCLUSION**

WHEREFORE, the Committee respectfully requests entry of an order authorizing the Committee, and directing the Clerk of the Court, to file under seal the Objection of

{D0032909:1}    4

the Official Committee of Asbestos Personal Injury Claimants to Debtors' Motion for Entry of an Order Seeking the Estimation of Asbestos Claims and Certain Related Relief and granting other and further relief as is just and equitable.

Dated:  December 21, 2004

                CAMPBELL & LEVINE, LLC

                */s/Mark T. Hurford*
                Marla R. Eskin (No. 2989)
                Mark T. Hurford (No. 3299)
                800 North King Street, Suite 300
                Wilmington, DE  19801

                  -and-

                CAPLIN & DRYSDALE, CHARTERED
                Elihu Inselbuch
                399 Park Avenue
                New York, NY  10022-4614
                (212) 319-7125

                  -and-

                CAPLIN & DRYSDALE, CHARTERED
                Peter Van N. Lockwood
                One Thomas Circle, N.W.
                Washington, D.C.  20005
                (202) 862-5000

                *Counsel to the Official Committee of*
                  *Asbestos Personal Injury Claimants*