IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. Grace & Co., et al., | ) | Case No.  01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Objection Deadline: December 21, 2004** |
| | ) | **Hearing Date: January 21, 2005 @ 9:00 a.m.** |
| | ) | **Related Docket: 6896** |

**OBJECTION OF LONGACRE MASTER FUND, LTD. TO APPROVAL OF THE
DISCLOSURE STATEMENT FILED BY THE DEBTORS [D.I. 6896]**

Longacre Master Fund, Ltd. ("Longacre"), by and through its undersigned

counsel, hereby files this objection to approval of the Disclosure Statement (the

"Disclosure Statement") filed by the Debtors on November 13, 2004, and in support

thereof, respectfully states as follows:[1]

**BACKGROUND**

1.      On April 2, 2001 (the "Commencement Date"), W.R. Grace & Co. and

certain of its direct and indirect subsidiaries commenced cases under Chapter 11 of Title

11 of the United States Code (the "Bankruptcy Code").  By an Order entered by the Court

on the Commencement Date, the Debtors' chapter 11 cases were consolidated for

procedural purposes only and are being jointly administered.

2.      On November 13, 2004, the Debtors filed their Plan of Reorganization

(the "Plan") and attendant Disclosure Statement.

3.      The Plan and Disclosure Statement provide that General Unsecured

Claims shall be paid:

---

[1]      All capitalized terms not defined herein shall have the meanings ascribed thereto in the Disclosure
Statement.

in full, plus post-petition interest, for those Claimants who, but for the Filing of the Chapter 11 Cases, would be entitled to accrue or to be paid interest on such Claim in a non-default (or non-overdue payment) situation under applicable non-bankruptcy law....

<u>See</u> Disclosure Statement, §§ 1.2.1, 2.6.3.5 and 4.3.1.9 and Plan, § 3.1.9(b).

4.      Longacre objects to the Debtors' Disclosure Statement on the grounds that: (a) the Disclosure Statement is inadequate under Bankruptcy Code section 1125 because it fails to disclose (and properly explain) to creditors their entitlement to postpetition interest, and (b) the Plan is facially unconfirmable under Bankruptcy Code section 1129 because, at a minimum, the Plan does not treat all creditors within the same class of General Unsecured Claims (Class 9) equally and, thus, violates Bankruptcy Code section 1123(a)(4).

## OBJECTION

### Applicable Legal Standard

5.      The purpose of a disclosure statement is to provide "adequate information" to creditors and other parties in interest about the terms of a proposed plan, allowing for both an informed vote and knowledgeable participation in the confirmation process. <u>See</u> 11 U.S.C. § 1125(a)(1); <u>Kunica v. St. Jean Financial, Inc.</u>, 233 B.R. 46, 54 (S.D.N.Y. 1999). <u>See also</u> <u>Ridge at Hiwan, Ltd. v. Thompson (In re Thompson)</u>, 231 B.R. 802, 807 (D. Colo. 1999).

6.      Under the Bankruptcy Code, the Debtors are obliged to engage in full and fair disclosure and the Disclosure Statement must contain information adequate to allow a "hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan . . . ." <u>Momentum Mfg. Corp. v. Employee Creditors Comm. (In re Momentum Mfg. Corp.)</u>, 25 F.3d 1132, 1136 (2d Cir.

1994); 11 U.S.C. § 1125(a)(1). "A disclosure statement . . . is evaluated . . . in terms of whether it provides sufficient information to permit enlightened voting by holders of claims or interests. " In re BSL Operating Corp., 57 B.R. 945, 950 (Bankr. S.D.N.Y. 1986).

  7. The determination of what constitutes adequate information is subjective, and is made on a case by case basis. See In re Ionosphere Clubs, Inc., 197 B.R. 24, 28 (S.D.N.Y. 1995). See also In re River Village Assocs., 181 B.R. 795, 804 (E.D. Pa. 1995); In re Cardinal Congregate I, 121 B.R. 760, 765 (Bankr. S.D. Ohio 1990).

## Solvent Estates Must Pay Postpetition Interest

  8. When a debtor is solvent and proposes to pay all creditors in full, as is the case with the Debtors, all unsecured creditors are entitled to interest on their claims. In re Cardelucci, 285 F.3d 1231, 1234 (9th Cir. 2002); In re Schoeneberg, 156 B.R. 963, 970 (Bankr. W.D. Tex. 1993). See, 11 U.S.C. §§ 1129(a)(7) and 726(a)(5). Bankruptcy Code section 1129(a)(7) requires that creditors either accept the plan or receive not less than what they would receive under a Chapter 7 liquidation. Bankruptcy Code section 726(a)(5) requires that in a Chapter 7 liquidation, creditors are entitled to a fifth-priority payment of "interest at the legal rate" from the date of filing of the petition. 11 U.S.C. § 726(a)(5). Thus, unless a holder of General Unsecured Claims accepts the Plan, the creditor must receive postpetition interest on account of its General Unsecured Claims. 11 U.S.C. §§ 1129(a)(7) and 726(a)(5).

  9. The Plan provides for the accrual of postpetition interest only for those unsecured creditors entitled to interest on such claims in a non-default situation. It appears that this is intended to cover, primarily, the lenders under the prepetition credit

facilities (the "Banks"), with no interest accruing for many other unsecured creditors, including holders of trade claims.

10.     The Disclosure Statement includes an estimate of approximately $951 million for General Unsecured Claims. Disclosure Statement, § 1.2.1.  Of this amount, approximately $573 million is attributed to principal <u>and interest accrued at the prepetition interest rate</u> under the Debtors' prepetition credit facilities as of September 30, 2004. Disclosure Statement, § 2.6.3.1.  For the remaining approximately $378 million of General Unsecured Claims classified in Class 9 with the Banks (including approximately $31.4 million attributed to trade payables), Disclosure Statement, § 2.6.3.5, the Debtors do not propose to pay interest unless the underlying claim is supported by documents that provide for the accrual of interest prior to default.  For reasons which are not apparent, and without legal authority, the Debtors intend to favor the Banks while depriving other similarly situated unsecured creditors their right to postpetition interest.

11.     Despite the fact <u>all</u> non-consenting unsecured creditors are entitled to postpetition interest in a solvent case, the Debtors provide no basis in the Disclosure Statement why some unsecured creditors (the Banks) are awarded postpetition interest while other unsecured creditors (trade creditors and others) are not.  The Debtors fail to disclose why similarly situated unsecured creditors are being treated differently.

12.     The Debtors also fail to disclose to creditors that if they do not vote to accept the Plan, they are legally entitled to the accrual of postpetition interest, regardless of whether they are entitled to such interest under a contract in a non-default situation and regardless of whether they have a contract that provides for interest at all.  The Disclosure

Statement must include this information, as well as the rate at which the Debtors propose to pay such postpetition interest. By withholding such significant information, creditors are left without adequate information to make an informed judgment about the Plan.

### Accrual of Postpetition Interest as provided in Plan is Contrary to Case Law and Bankruptcy Code

13.     Bankruptcy Code section 1123(a)(4) provides that a plan shall provide the same treatment for each claim in a particular class. 11 U.S.C. § 1123(a)(4). As discussed above, the Plan and Disclosure Statement currently provide for disparate treatment of creditors in the same class--providing for accrual of postpetition interest for some unsecured creditors but not for other unsecured creditors in the same class. Accordingly, the Plan fails to comply with the "equal treatment" required by Bankruptcy Code section 1123(a)(4), and thus, the Plan is unconfirmable under Bankruptcy Code section 1129(a). Therefore, the Disclosure Statement cannot be approved as currently drafted. In re Eastern Maine Elec. Coop., Inc., 125 B.R. 329, 333 (Bankr. D. Me. 1991) ("Where the plan's inadequacies are patent, they may, and should be addressed at the disclosure statement stage.").

14.     Accordingly, for the reasons stated above, the Plan and Disclosure Statement should be modified to provide for the accrual of postpetition interest for all unsecured creditors.

WHEREFORE, Longacre respectfully requests that this Court:

(i)     Require the Debtors to modify the Disclosure Statement in the manner requested herein as a condition of approving the Disclosure Statement;

(ii)     Decline to approve the Disclosure Statement; or

(iii)    Grant such other and further relief as is just and appropriate under

the circumstances.

Dated:  December 22, 2004                Respectfully submitted,

                                         LONGACRE MASTER FUND, LTD.
                                         By its counsel,

                                         By: _____
                                         Steven D. Pohl
                                         Sunni P. Beville
                                         BROWN RUDNICK BERLACK ISRAELS LLP
                                         One Financial Center
                                         Boston, Massachusetts  02111
                                         (617) 856-8200

#1318551 v\2 - bevillsp - 24416/4

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of December, 2004, a true and accurate copy of the within Objection of Longacre Master Fund, Ltd. To Approval of the Disclosure Statement Filed by the Debtors was served on the parties listed below by facsimile, unless otherwise indicated.

_Carol S. Ennis_

Carol S. Ennis

| | |
|---|---|
| Ryan B. Bennett, Esq.<br>Kirkland & Ellis LLP<br>200 East Randolph Drive<br>Chicago, IL 60601<br>Fax: 312-861-2200 | Laura Davis Jones, Esq.<br>Pachulski, Stang, Ziehl, Young, Jones &<br>Weintraub P.C.<br>919 North Market Street<br>Suite 1600<br>P.O. Box 8705<br>Wilmington, DE 19899-8705<br>(Courier 19801)<br>Fax: 302-652-4400 |
| Lewis Kruger, Esq.<br>Stroock & Stroock & Lavan<br>180 Maiden Lane<br>New York, NY 10038-4982<br>Fax: 212-806-6006 | Michael R. Lastowski, Esq.<br>Duane, Morris & Heckscher, LLP<br>1100 N. Market Street<br>Suite 1200<br>Wilmington, DE 19801-1246<br>Fax: 302-657-4901 |
| Scott L. Baena, Esq.<br>Bilzin, Sumberg, Dunn, Baena, Price &<br>Axelrod<br>First Union Financial Center<br>200 South Biscayne Boulevard<br>Suite 2500<br>Miami, FL 33131<br>Fax: 305-374-7593 | Michael B. Joseph, Esq.<br>Ferry & Joseph, P.A.<br>824 Market Street<br>Suite 904<br>P.O. Box 1351<br>Wilmington, DE 19899<br>Fax: 302-575-1714 |
| Elihu Inselbuch, Esq.<br>Caplin & Drysdale<br>399 Park Avenue<br>36th Floor<br>New York, NY 10022<br>Fax: 212-644-6755 | Marla Eskin, Esq.<br>Campbell & Levine, LLC<br>800 N. King Street<br>Suite 300<br>Wilmington, DE 19801<br>Fax: 302-426-9947 |

Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel LLP
919 Third Avenue
New York, NY  10022
Fax:  212-715-8000

Richard H. Wyron, Esq.
Swindler Berlin Shereff Friedman, LLP
3000 K Street, NW
Suite 300
Washington, DC  20007
Fax:  202-424-7643

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street
Suite 1410
P.O. Box 1397
Wilmington, DE  19899-1397
Fax:  302-552-4220

John C. Phillips, Jr., Esq.
Phillips, Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, DE  19806
Fax:  302-655-4210

Office of the United States Trustee
Attn:  Frank J. Perch, Esq.
844 N. King Street
Wilmington, DE  19801
Fax:  302-573-6497

#1318551 v\2 - bevillsp - 24416/4