IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 01-01139 (JKF) |
| W.R. GRACE & CO., et al., | ) | (Jointly Administered) |
| | ) | |
| | ) | **Objection Deadline: 12/22/04 @ 4:00 p.m.** |
| Debtors. | ) | **Hearing Date: 01/21/05 @ 9:00 a.m. (Pittsburgh, PA)** |

## OBJECTION TO DISCLOSURE STATEMENT [D.I. 6896]

Maryland Casualty Company, Zurich American Insurance Company, and Zurich International (Bermuda) Ltd. (collectively "MCC"), by and through their undersigned counsel, file this Objection to the *Disclosure Statement for Debtors' Plan of Reorganization Pursuant to Chapter 11 of the United States Bankruptcy Code* [D.I. 6896] ("Disclosure Statement") as follows:

1.    MCC and W.R. Grace & Co. ("Grace") entered into certain insurance contracts ("Contracts") which, subject to their terms and conditions, may have been called upon in response to certain Asbestos Claims[1] against Grace. MCC and Grace are also parties to certain settlement agreements ("Agreements") relating to certain of the Contracts. These Agreements address, *inter alia*, claims asserted against Grace by third-parties for alleged bodily injuries from the exposure to asbestos, alleged loss resulting from the presence of asbestos in buildings, and alleged contamination from Grace operations. The Agreements require Grace to defend and indemnify MCC for such claims asserted against MCC.

2.    MCC has carefully reviewed the Plan and the Disclosure Statement. Based on MCC's understanding thereof, it appears that the Plan and Disclosure Statement represent a good

---

[1] Capitalized terms not defined herein shall have the meaning provided in the Disclosure Statement.

faith effort to resolve this Chapter 11 case. However, the Disclosure Statement, as filed, fails to fully and clearly provide MCC with the information necessary to make an informed decision on the Plan. Therefore, MCC objects to the Disclosure Statement on the basis that it fails to satisfy the requirements of section 1125 of the Bankruptcy Code. *See e.g., Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 362 (3d Cir. 1996) ("Because creditors and the bankruptcy court rely heavily on the debtor's disclosure statement in determining whether to approve a proposed reorganization plan, the importance of full and honest disclosure cannot be overstated.").

3. MCC specifically objects to the following:

- Ø The unrestricted and undefined ability of Reorganized Grace to arbitrarily alter the Asbestos Insurance Entity Injunction leaves Asbestos Insurance Entities uncertain as to their treatment under the Plan.

- Ø Through the Plan's statement that Asbestos Insurance Entities are not intended beneficiaries of the Asbestos Insurance Entity Injunction, it appears that Grace intends to render Asbestos Insurance Entities unable to enforce the Asbestos Insurance Entity Injunction. This must be clarified so that Asbestos Insurance Entities fully understand the utility of the Asbestos Insurance Entity Injunction.

- Ø The definition of an Asbestos Insurance Policy excludes any insurance policy or settlement agreement "insofar as the insurance policy or settlement agreement relates to Workers' Compensation Claims." This definition, when coupled with the definition of a Worker's Compensation

        Claim, creates an ambiguous and overly-broad exclusion. This definition must be narrowed and clarified.

- MCC believes that it is a Resolved Asbestos Insurance Company with respect to the Agreements, but cannot be certain that it will be treated as such until the "list" of Resolved Insurance Companies is filed by Grace. Until then, MCC is uncertain as to how it will be treated under the Plan.

- To the extent that MCC is deemed not to be a Resolved Asbestos Insurance Company, MCC believes that it is a Settled Asbestos Insurance Company, but cannot be certain that it will be treated as such until the "list" is filed by Grace. Until then, MCC is uncertain as to how it will be treated under the Plan.

- As the holder of a Third-Party Indemnification/Contribution Claim, MCC is deemed "unimpaired" by the Plan. However, it is not certain that the Asbestos Trust will have sufficient funds to pay attorneys' fees and other costs that MCC may assert pursuant to its indemnity rights under the Agreements. Thus, MCC is impaired, and the Plan and Disclosure Statement must be modified accordingly.

4.    MCC expressly reserves all of its rights, including: (i) its right to raise other and further objections to the Disclosure Statement; (ii) its right to object to any amended disclosure statement and/or amended proposed plan of reorganization on any grounds; and (iii) all of its rights and claims under the Contracts and the Agreements.

| | |
|---|---|
| Dated:  December 22, 2004 | CONNOLLY BOVE LODGE & HUTZ LLP |
| | |
| | **/s/ Jeffrey C. Wisler** |
| | Jeffrey C. Wisler, Esquire (#2795) |
| | Marc J. Phillips (#4445) |
| | The Nemours Building |
| | 1007 N. Orange Street |
| | P.O. Box 2207 |
| | Wilmington, DE  19899 |
| | (302) 658-9141 Telephone |
| | (302) 658-0380 Facsimile |
| | |
| | Attorneys for Maryland Casualty Company, Zurich American Insurance Company, Zurich International (Bermuda) Ltd. |
| #372232 | |