IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| *In re* | : | |
| | | Chapter 11 |
| W.R. GRACE & CO., INC | : | |
|   *et al.,* | | |
| | : | Case Number 01-1139 (JKF) |
|        Debtors. | | (Jointly Administered) |

**OBJECTIONS OF THE UNITED STATES TRUSTEE TO
APPROVAL OF DEBTORS' DISCLOSURE STATEMENT (Dkt. No. 6896)**

In support of her Objections to approval of the Debtor's Disclosure Statement (the "DS"), Roberta A. DeAngelis, the Acting United States Trustee (UST) for Region 3, avers:

1. This Court has jurisdiction to hear the above-captioned Objection.

2. Pursuant to 28 U.S.C. § 586(a)(3)(B), the UST is given the discretion to monitor disclosure statements and plans filed in Chapter 11 cases and to file comments with respect to disclosure statements and plans in connection with hearings on those documents.

3. Pursuant to 11 U.S.C. § 307, the UST has standing to be heard with regard to the above-captioned Objection.

**BASIS FOR RELIEF**

**Relevant Substantive Law**

4. Section 1125 of the Bankruptcy Code prohibits solicitation of votes on a reorganization plan prior to court approval of a written disclosure statement (after notice and a hearing) which contains "adequate information." *See* 11 U.S.C. § 1125(b).

5. "Adequate information" is defined in section 1125 as being

> information of a kind, and in sufficient detail, as far as is reasonably
> practicable in light of the nature and history of the debtor and the condition of debtor's books and records, that would enable a reasonable hypothetical investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan.

11 U.S.C. § 1125(a)(1).

6. "Investor typical of holders of claims or interests of the relevant class" is defined in section 1125 as being an investor having

> (A) a claim or interest of the relevant class;
> (B) such a relationship with the debtor as the holders of other claims or interests of such class generally have; and
> (C) such ability to obtain such information from sources other than the disclosure required by this section as holders of claims or interests in such class generally have.

11 U.S.C. § 1125(a)(2).

7. The disclosure statement requirement of section 1125 is "crucial to the effective functioning of the federal bankruptcy system[;] . . . the importance of full and honest disclosure cannot be overstated." *Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 362 (3d Cir. 1996) (citing *Oneida Motor Freight, Inc. v. United Jersey Bank* (*In re Oneida Motor Freight, Inc.*), 848 F.2d 414 (3d Cir. 1988)).

8. "Adequate information" under section 1125 is "determined by the facts and circumstances of each case." *See Oneida*, 848 F.2d at 417 (citing H.R. Rep. No. 595, 97th Cong., 2d Sess. 266 (1977)). The "adequate information" requirement is designed to help creditors in their negotiations with Debtors over the plan. *See Century Glove, Inc. v. First American Bank*, 860 F.2d 94 (3d Cir. 1988).

9. Section 1129(a)(2) conditions confirmation upon compliance with applicable Code provisions. The disclosure requirement of section 1125 is one of those provisions. *See* 11 U.S.C. § 1129(a)(2); *In re PWS Holding Corp.*, 228 F.3d 224, 248 (3d. Cir. 2000).

**Relevant Procedural Law**

10. Federal Rule of Bankruptcy Procedure 3016(b) requires the filing of a disclosure statement under section 1125 "with the plan or within a time fixed by the court." FED. R. BANKR. P. 3016(b).

11. Rule 3017(a) requires the court to hold a hearing "on at least 25 days notice" to the parties in interest entitled to receive notice under Rule 2002. FED. R. BANKR. P. 3017(a). Rule 3017(a) also requires the plan and the disclosure statement to be mailed, along with notice of the hearing, "only to the debtor, any trustee or committee appointed under the Code, the Securities and Exchange Commission and any party in interest who requests in writing a copy of the statement or plan." *Id.*

12. Rule 3018(c) requires that a Ballot: "...shall be in writing, identify the Plan or Plans accepted or rejected, be signed by the creditor or equity security holder or an authorized agent, and conform to the appropriate Official Form."

13. Rule 9034(h) requires any entity filing a "pleading, motion, objection or similar paper relating to" a disclosure statement and plan to transmit a copy of those documents to the UST within the time required by the Federal Rules of Bankruptcy Procedure for service of the paper. FED. R. BANKR. P. 9034(h).

14. Rule 3017(b) directs this Court to determine whether the disclosure statement should be approved following the hearing on the document.

**GROUNDS FOR RELIEF**

15. The UST objects to the approval of the DS on the following grounds:

a. The DS does not adequately explain and support the proposed treatment of asbestos claimants in that it asserts that asbestos claimants are unimpaired and will be paid in full but does not fully explain the basis upon which claimants can conclude that those payments will be fully funded..

b. The procedures described in the DS at page 51 and at section 5.1 of the Plan for objecting to claims after confirmation are contrary to law to the extent that they purport to divest the UST and other parties of statutory rights to object to claims that are provided for under section 502 of the Code or otherwise.  In particular, but without limitation, the UST objects to the extent the Debtors seek to preclude the UST or other interested parties from objecting to applications for final professional compensation as well as applications for "substantial contribution" awards or the like.  Because final professional fee applications, as well as applications for administrative claim awards in the nature of "substantial contribution" awards under section 503(b), may not all be filed until after the Effective Date, this provision would have the effect of divesting the UST of the right and power to review and object to professional fees in the case, which the UST enjoys pursuant to numerous statutory provisions, including 28 U.S.C. §§ 586 (a)(3)(A) and (G), and 11 U.S.C. §§ 307 and 502(a).

c. The procedures described at page 58-59 of the DS and at section 8.1.3 of the Plan regarding the disallowance of certain claims are contrary to law.  Taken literally, the provision that the Confirmation Order "shall constitute an order disallowing all Claims (other than Asbestos Claims) to the extent such Claims are not allowable under any provision of

Bankruptcy Code §502" would mean that the mere <u>filing</u> of an objection to any claim on the day before confirmation would result in the claim being permanently disallowed and discharged, without the necessity for adjudicating the objection. This section also appears to cut off arbitrarily the rights of holders of claims for reimbursement or contribution to have their claims fixed and determined under §502(e)(2).

        d.    The DS proposes a plan that is unconfirmable as a matter of law, in that the Plan purports (via the "Released Matters Injunction" at section 8.4.1 and the release at section 8.6.4 of the Plan) to release claims of unsecured creditors (beyond asbestos claimants) and interest holders against numerous third parties without requiring the express consent of such parties to such releases (and without providing parties voting for the Plan the opportunity to opt out of giving such releases). Releases of third-party claims cannot be accomplished without "the affirmative agreement of the creditor affected." *See In re Zenith Electronics Corp.*, 241 B.R. 92, 111 (Bankr.D.Del. 1999). Linking the release to an affirmative vote or to a receipt of distributions is not permissible. Furthermore, the release appears to be quite overbroad in that taken literally, the injunction would bar any claim that any creditor has against any party that is released under the Plan, including apparently claims having nothing to do with the Debtors or the case.

        e.    The exculpatory provision of the Plan (described at page 68 of the DS) is contrary to law in that it is facially overbroad and does not comport with Third Circuit authority, because it does not except from the exculpation liability for gross negligence or willful misconduct. *See In re Genesis Health Ventures, Inc.,* 266 B.R. 591, 605-06 (Bankr.D.Del. 2001)

(disapproving releases that exceeded the scope of the exculpation approved in *In re PWS Holdings*, 228 F.3d 224 (3rd Cir. 2000)) .

16. The UST objects to the approval of the DS to the extent it describes a plan which is contrary to law and therefore cannot be confirmed.

## CONCLUSION

WHEREFORE the UST requests that this Court issue an order denying approval of the Disclosure Statement and/or granting other relief that this Court deems appropriate.

Respectfully submitted,

**ROBERTA A. DeANGELIS**
**ACTING UNITED STATES TRUSTEE**

BY:   **/s/ Frank J. Perch, III**
Frank J. Perch, III, Esquire
Assistant United States Trustee
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(302) 573-6491
(302) 573-6497 (Fax)

DATED: December 22, 2004