## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | : | |
| | : | CHAPTER 11 |
| W.R. GRACE & CO., et al., | : | |
| | : | Case No. 01-1139 (JKF) |
| | : | |
| Debtors | : | Jointly Administered |
| | : | **Hearing Date: 2/28/04 @ 12:00 p.m.** |
| | | **Objection Deadline: 2/11/05 @ 4:00 p.m.** |

### MOTION OF CITICORP DEL-LEASE, INC. FOR ORDER COMPELLING DEBTOR TO ASSUME OR REJECT EQUIPMENT LEASES AND COMPELLING PERFORMANCE THEREUNDER

Citicorp Del-Lease, Inc. d/b/a Citicorp Dealer Finance ("Citicorp"), hereby moves the Court for the entry of an order compelling Debtor to assume or reject an unexpired lease and lease supplement for material handling equipment described herein, and compelling the Debtor to perform thereunder, and respectfully represents:

### INTRODUCTION

1. Movant, Citicorp, is a corporation organized under the laws of the State of Delaware.

2. On April 2, 2001 ("Petition Date"), the above captioned Debtor filed a voluntary petition under 11 U.S.C. §§101-1330 (as amended, the "Bankruptcy Code").

3. The Debtor is acting in its capacity as debtor-in-possession.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. §157(b)(2).  The statutory predicates for the relief sought herein is Section 365 of the Code and Rule 6006 of the Bankruptcy Rules.

### BACKGROUND

5. On or about December 23, 1999, the Debtor entered into a Lease Agreement and lease schedule (collectively "Lease") with Citicorp, for the lease of four (4) Linde Baker Model

H25T triplex mast forklifts, s/n 682325; 684425; 685125; and 698825 (collectively "Equipment"), as more particularly set forth in the Lease, a copy of which is attached to the motion as Exhibit "A".

6.  Pursuant to the terms of the Lease, title to the aforementioned Equipment at all times remained in Citicorp.

7.  Debtor leased the Equipment from Citicorp for use in connection with the Debtor's business at its Birmingham and/or Jefferson, Alabama facility.

8.  Pursuant to the Lease, Debtor is obligated to, *inter alia*, make monthly lease payments to Citicorp in the amount of $2,452.34 inclusive of taxes (collectively the "Monthly Rental").

9.  Debtor's last payment was made on August 25, 2004 and applied to the Debtor's March 15, 2003 Monthly Rental.  The Lease is due for the April 15, 2003 Monthly Rental and all subsequent rentals.

10. There is no pre-petition arrearage on the account, however the total post-petition arrears through and including the December 15, 2004 Monthly Rental is $55,282.23, inclusive of $3,783.09 in late charges.

11. The original term of the Lease at the end of December 2004 and commencing January 15, 2005 the Lease will continue to run on a month-to month basis due to the Debtor's failure to surrender the Equipment or make an election to exercise its purchase option.

12. Pursuant to the Lease, Citicorp is entitled to recover attorneys' fees expended or incurred to enforce its rights.

13. Upon information and belief, Debtor continues to use the Equipment to generate income for its benefit and for the benefit of the unsecured creditors and to the detriment of Citicorp.

14. As of this date, Debtor has not assumed or rejected the Lease.

15. Since the Petition Date, Debtor has not returned any of the Equipment.

### RELIEF REQUESTED

16. By this Motion, Citicorp seeks the entry of an Order, pursuant to §365(d)(2) of the Bankruptcy Code and Rule 6006(b) of the Federal Rules of Bankruptcy Procedure compelling Debtor to assume or reject the Lease within ten (10) days of the date of such order.  In addition, Citicorp seeks entry of an order pursuant to 365(d)(10) compelling Debtor to perform under the Lease.

### BASIS FOR RELIEF

17. While a debtor in possession ordinarily may assume or reject an unexpired lease of property at any time before the confirmation of a Chapter 11 Plan, upon request by a party to such lease a bankruptcy court may order the debtor to assume or reject within a specified time period. 11 U.S.C.§365(d)(2).  Courts consider what constitutes a "reasonable time" for the debtor to decide whether to assume or reject a particular lease. *Theatre Holding Corp. v. Mauro*, 681 F.2d 102 (2d Cir. 1982); *In re Wallace*, 122 B.R. 222, 234 (Bkrtcy. D.N.J. 1990).

18. A reasonable time is "left to the bankruptcy court's discretion in light of the circumstances of the case." *Id.*  In exercising that discretion bankruptcy courts consider several factors, including: the nature of the interests at stake; the balance of hurt to the

litigants; the safeguards afforded those litigants; whether the action to be taken is so in derogation of Congress' scheme that the court may be said to be arbitrary. *Id*. at 234-35.

19. A failure to perform obligations under a lease may be sufficient grounds for compelling assumption or rejection. *In re O-Jay Foods, Inc*., 110 B.R. 95, 97-98 (Bkrtcy. D. Minn. 1989).

20. The Equipment may not be adequately maintained or secured as a result of the bankruptcy, putting Citicorp's interest in the Equipment at substantial risk.

21. Moreover, the Equipment is mobile, could be taken or damaged and is subject to sudden and catastrophic depreciation or loss in value.

22. In the event Debtor assumes the Lease, Citicorp requests that Debtor be directed to pay the applicable pre-petition and post-petition arrearages within ten days of the date of an Order approving such assumption.

23. If Debtor rejects the Lease, Citicorp requests that Debtor be directed to perform thereunder by returning the Equipment within ten days of the date of an Order approving such rejection, and, in any case, paying the Monthly Rental and all other sums due and owing until such Equipment is returned.

### *Section 365(d)(1) Mandates Debtor's Performance*

24. The Bankruptcy Code requires Debtor to pay all post-petition obligations under the leases.

25. Section 365(d)(10) provides, in relevant part: "the trustee shall timely perform all of the obligations of the debtor...first arising from or after 60 days after the Order for relief in a

case under Chapter 11 of this title under an unexpired lease of personal property...until such lease is assumed or rejected..." 11 U.S.C. §365(d)(10).

26. Section 365(d)(10) was enacted by Congress to protect commercial lessors such as Citicorp whom, in effect, are being forced to extend post-petition credit to debtors. *See In re Leisure Time Sports, Inc.*, 189 B.R. 511, 513 (Bkrtcy. S.D. Cal. 1995) (section 365(d)(10) constitutes a "clear Congressional mandate that commercial lessors be given special protection."); *In re Ernst Home Center, Inc.*, 209 B.R. 955, 965 (Bkrtcy. W.D. Wash. 1997). This Court has exercised the broad authority given under section 365(d)(1) by compelling debtors to pay post-petition obligations. *See e.g. In re Edison Brothers Stores, Inc.*, 207 B.R. 801, 805 (Bkrtcy. D. Del. 1997) ("[D]ebtor must timely perform under §365(d)(10) and may only retain the equipment by assuming the lease agreement and complying with §365(b)(1).").

27. Here, the necessity of granting such relief to Citicorp is especially critical since the amount of unpaid post-petition rent is already substantial, and growing. Each month that passes without the Debtor paying the Monthly Rental in full means an additional credit extension by Citicorp. This situation is precisely what Congress intended to address by offering the protection of §365(d)(10). The Debtor must perform until the Equipment is returned.

28. Notice of this Motion has been given to the Debtor; counsel for the Debtor; counsel for the Official Committee of Unsecured Creditors; the Office of the United States Trustee and those persons requesting notice under Rule 2002.

29. No previous motion for the relief requested herein has been filed in this or any other court.

WHEREFORE, Movant, Citicorp Del-Lease, Inc. d/b/a Citicorp Dealer Finance, prays for an Order, pursuant to 11 USCS § 365(d)(2) and (10), directing Debtor to either assume or reject the Lease within (10) ten days; and

a. In the event Debtor rejects the Lease, (a) Debtor is directed to perform thereunder by returning the Equipment within ten (10) days of the date of the order approving such reject and, in any case, paying the Monthly Rental and all other sums due and owing to Citicorp until the Equipment is returned and (b) Citicorp is granted relief from the automatic stay to retake possession of the Equipment, if necessary;

b. In the event Debtor assumes the Lease, Debtor is directed to pay all rents owed prior to the filing of the petition and all rents accrued since the filing of the petition through the date of assumption, including rents falling due during the first 60 days of the proceeding, within ten (10) days of the date of the order approving such assumption; and

c. Pending the entry of an order approving any assumption or rejection, Debtor is directed to pay as and when due all rents accruing since the filing of the petition, including rents falling due during the first 60 days of the proceeding, with all amounts due as of the date of this order to be paid within ten (10) days of the entry of this order.

Dated: Wilmington, Delaware
December 23, 2004

FARR, BURKE, GAMBACORTA & WRIGHT
A Professional Corporation

By:    /s/ John R. Weaver, Jr.
JOHN R. WEAVER, JR. (No. 911)
831 North Tatnall Street, Suite 200
P.O. Box 510
Wilmington, Delaware 19899
Telephone (302) 428-1077
Telecopier (856) 931-3940
Attorneys for Citicorp Del-Lease, Inc. d/b/a
Citicorp Dealer Finance