**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In Re: | : | |
| | : | CHAPTER 11 |
| W.R. GRACE & CO., et al., | : | |
| | : | Case No. 01-1139 (JKF) |
| | : | |
| Debtors | : | Jointly Administered |
| | : | **Hearing Date: 2/28/04 @ 12:00 p.m.** |
| | | **Objection Deadline: 2/11/05 @ 4:00 p.m.** |

**AFFIDAVIT OF CITICORP DEL-LEASE, INC. IN SUPPORT OF MOTION
FOR ORDER COMPELLING DEBTOR TO ASSUME OR REJECT EQUIPMENT
LEASES AND COMPELLING PERFORMANCE THEREUNDER**

| | |
|---|---|
| STATE OF TEXAS | : |
| | : ss. |
| COUNTY OF DALLAS | : |

JULIE PEOPLES, being duly sworn, does depose and say:

1. I am employed by Citicorp Del-Lease, Inc. d/b/a Citicorp Dealer Finance ("Citicorp") and I am authorized to make this Affidavit.

2. I am submitting this Affidavit in support of Citicorp's motion for the entry of an order compelling the Debtor to assume or reject an unexpired lease and lease supplement for four (4) material handling equipment, and compelling the Debtor to perform thereunder.

3. On or about December 23, 1999, the Debtor entered into a Lease Agreement and lease schedule (collectively "Lease") with Citicorp, for the lease of four (4) Linde Baker Model H25T triplex mast forklifts, s/n 682325; 684425; 685125; and 698825 (collectively "Equipment"), as more particularly set forth in the Lease, a copy of which is attached to the motion as Exhibit "A".

4. Pursuant to the terms of the Lease, title to the aforementioned Equipment at all times remained in Citicorp.

1

5. Debtor leased the Equipment from Citicorp for use in connection with the Debtor's business at its Birmingham and/or Jefferson, Alabama facility.

6. Pursuant to the Lease, Debtor is obligated to, *inter alia*, make monthly lease payments to Citicorp in the amount of $2,452.34 inclusive of taxes (collectively the "Monthly Rental").

7. Debtor's last payment was made on August 25, 2004 and applied to the Debtor's March 15, 2003 Monthly Rental. The Lease is due for the April 15, 2003 Monthly Rental and all subsequent rentals.

8. There is no pre-petition arrearage on the account, however the total post-petition arrears through and including the December 15, 2004 Monthly Rental is $55,282.23, inclusive of $3,783.09 in late charges.

9. The original term of the Lease at the end of December 2004 and commencing January 15, 2005 the Lease will continue to run on a month-to month basis due to the Debtor's failure to surrender the Equipment or make an election to exercise its purchase option.

10. Pursuant to the Lease, Citicorp is entitled to recover attorneys' fees expended or incurred to enforce its rights.

11. Upon information and belief, Debtor continues to use the Equipment to generate income for its benefit and for the benefit of the unsecured creditors and to the detriment of Citicorp.

12. As of this date, Debtor has not assumed or rejected the Lease.

13. Since the Petition Date, Debtor has not returned any of the Equipment.

14. I am competent to testify to the foregoing and would do so if called as a witness in this

matter.

_/s/ Julie Peoples_____
JULIE PEOPLES

Sworn to and subscribed before me
this 22nd day of December, 2004.

_/s/ Melissa Hanson_____
NOTARY PUBLIC
My commission expires: 8/12/07