**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In Re: | : | |
| | : | CHAPTER 11 |
| W.R. GRACE & CO., et al., | : | |
| | : | Case No. 01-1139 (JKF) |
| | : | |
| Debtors | : | Jointly Administered |
| | : | **Hearing Date: 2/28/04 @ 12:00 p.m.**  **Objection Deadline: 2/11/05 @ 4:00 p.m.** |

**CITICORP DEL-LEASE, INC.'S APPLICATION FOR ALLOWANCE**
**AND PAYMENT OF ADMINISTRATIVE CLAIM PURSUANT**
**TO 11 U.S.C. §365(d)(10) and §503(b)**

Citicorp Del-Lease, Inc. d/b/a Citicorp Dealer Finance ("Citicorp"), by its attorneys, and pursuant to Sections 365(d)(10) and 503 of the Bankruptcy Code, respectfully submits this Request for Allowance and Payment of Administrative Claim (the "Administrative Claim") and in support thereof states:

### *JURISDICTION*

1. On April 2, 2001 ("Petition Date"), the above captioned Debtor filed a voluntary petition under 11 U.S.C. §§101-1330 (as amended, the "Bankruptcy Code").

2. The Debtors continue in possession of their assets and operate and manage their businesses as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory basis for the relief sought herein is Sections 365(d)(10) and 503(b)(1)(A) of the Bankruptcy Code.

1

## *BACKGROUND*

4. Citicorp is an equipment lessor to the Debtor, W.R. Grace & Co.

5. On or about December 23, 1999, the Debtor entered into a Lease Agreement and lease schedule (collectively "Lease") with Citicorp, for the lease of four (4) Linde Baker Model H25T triplex mast forklifts, s/n 682325; 684425; 685125; and 698825 (collectively "Equipment"), as more particularly set forth in the Lease, a copy of which is attached to the motion as Exhibit "A".

6. Pursuant to the terms of the Lease, title to the aforementioned Equipment at all times remained in Citicorp.

7. Debtor leased the Equipment from Citicorp for use in connection with the Debtor's business at its Birmingham and/or Jefferson, Alabama facility.

8. Pursuant to the Lease, Debtor is obligated to, *inter alia*, make monthly lease payments to Citicorp in the amount of $2,452.34 inclusive of taxes (collectively the "Monthly Rental").

9. Debtor's last payment was made on August 25, 2004 and applied to the Debtor's March 15, 2003 Monthly Rental. The Lease is due for the April 15, 2003 Monthly Rental and all subsequent rentals.

10. There is no pre-petition arrearage on the account, however the total post-petition arrears through and including the December 15, 2004 Monthly Rental is $55,282.23, inclusive of $3,783.09 in late charges.

11. The original term of the Lease at the end of December 2004 and commencing January 15, 2005 the Lease will continue to run on a month-to month basis due to the Debtor's failure to surrender the Equipment or make an election to exercise its purchase option.

12. The said total amount of $55,282.23 is presently due and owing to Citicorp as an administrative obligation for the Debtor's use and enjoyment of the Equipment.

### *ARGUMENT*

13. Section 503(b)(1)(A) of the Bankruptcy Code provides that "the actual, necessary costs and expenses of preserving the estate" shall be allowed as an administrative expense after notice and a hearing. 11 U.S.C. § 503(b)(1)(A).

14. In determining whether a creditor has an allowed administrative expense claim, the Court will apply a two-prong test: (1) the transaction must be between the creditor and the debtor; and (2) the estate must receive a benefit from the transaction. See *In re MUMA Services, Inc.*, 2002 WL 1358366 (Bankr. D. Del. June 14, 2002) (Walrath, J.); *In re O'Brien Environmental Energy, Inc.*, 181 F.3d 527, 532-33 (3d Cir. 1999).

15. Moreover, a lessor is "generally entitled to an administrative claim under section 503(b) for the fair rental value of the lessor's property actually used by the debtor." *MUMA Services*, 2002 WL 1358366; *Zagata Fabricators, Inc. v. Superior Air Products*, 893 F.2d 624, 627 (3d Cir. 1998). "The rental value fixed in the lease will control, unless there is convincing evidence that such rental rate is unreasonable." *MUMA Services*, 2002 WL 1358366 (quoting In re *F.A. Potts & Co., Inc.*, 137 B.R. 13, 18 (E.D.Pa. 1992)).

16. The Debtor made post-petition use of the Equipment, and that use benefited the Debtor's estate.

3

17. Citicorp also has a claim by virtue of §365(d)(10) of the Bankruptcy Code which provides, in relevant part: "the trustee shall timely perform all of the obligations of the debtor...first arising from or after 60 days after the Order for relief in a case under Chapter 11 of this title under an unexpired lease of personal property...until such lease is assumed or rejected..." 11 U.S.C. §365(d)(10). Claims under Section 365(d)(10) are based on the terms of the lease, without regard to whether or not the lease payments are 'actual' or 'necessary'.

18. Numerous published decisions recognize Section 365(d)(10) as fixing an obligation upon the Debtor's Estate to meet all of its post-petition lease obligations first arising on or after 60 days after the entry of the order for relief in these cases. Thus, *In The Elder-Beerman Stores Corp.*, 201 B.R. 759, 763 (Bankr. S.D. Ohio 1996), the Court observed that:

> . . . by shifting the burden of proof from the lessor to the debtor, §365(d)(10) makes it unnecessary for the lessor to make an initial showing of benefit conferred to the estate in order to be entitle to administrative tent. After the passage of the 60-day abeyance period, the entitlement to such rent is now automatic under §365(d)(10). Second and equally important, it is this court's determination that by shifting the burden of proof to the debtor, Congress has also tacitly adopted the objective approach to administrative rent valuation. It therefore falls upon the debtor to demonstrate, as the language of §365(d)(10) pertaining to the equities of the matter permits, that something less than the rent due under the contract should be awarded.

19. Outside the Section 365(d)(10) period, no "free period" is available to the debtor. Rather, with respect to such period the normal requirements of Section 503(b)(1) that the given charges were actual and necessary and benefited the estate apply. *In re Russell Cave Company*, 247 B.R. 656 (Bankr. E.D. Kty. 2000); *In re Pan American Airways Corp.*, 245 B.R. 897 (Bankr. S.D. Fla. 2000). But even then, the rent reserved in the parties'

lease is presumptively the reasonable value of debtor's use of the particular equipment. *In re Raymond Cassette Trucking, Inc.*, 231 B.R. 80, 85-6 (Bankr. N.D. 1999).

20. Citicorp reserves its rights to amend and supplement this Administrative Claim.

WHEREFORE, Citicorp Del-Lease, Inc. d/b/a Citicorp Dealer Finance, respectfully requests that this Court enter an Order allowing it an administrative claim in the amount of $55,282.23 (plus $2,452.34 for each month after December 2004); requiring the Debtor to pay such amount within ten (10) days; and for such other and further relief as the Court deems appropriate and just.

Dated: Wilmington, Delaware
       December 23, 2004

                FARR, BURKE, GAMBACORTA & WRIGHT
                A Professional Corporation

By: */s/ John R. Weaver, Jr.*
     JOHN R. WEAVER, JR. (No. 911)
     831 North Tatnall Street, Suite 200
     P.O. Box 510
     Wilmington, Delaware 19899
     Telephone (302) 428-1077
     Telecopier (856) 931-3940
     Attorneys for Citicorp Del-Lease, Inc. d/b/a
     Citicorp Dealer Finance