# Citicorp Dealer Finance
## Master Equipment Lease Agreement

**CITICORP●**

| Lessor | Citicorp Del-Lease, Inc, doing business as Citicorp Dealer Finance | Lessee (Complete Legal Name) | W R GRACE & CO. |
|---|---|---|---|
| | | Headquarters Address | 7500 GRACE DRIVE |
| Address | 450 Mamaroneck Avenue, Harrison, NY 10528 | City/State/Zip Code | COLUMBIA, MD 21044 |

| Federal Tax ID: 13-5114230 | Social Security No. (if sole proprietorship) | Requested Rental Due Day 15 of each month (see Paragraph 2 of Equipment Leasing Schedule) |
|---|---|---|

## TERMS AND CONDITIONS OF MASTER EQUIPMENT LEASE AGREEMENT

**1 LEASE.** Lessor leases to Lessee and Lessee leases from Lessor, subject to the terms of this Master Equipment Lease Agreement ('Lease'), the personal property together with all replacements, repairs, additions and accessories thereto ('Equipment') described in any leasing schedule ('Leasing Schedule') executed by the parties hereto pursuant to this Lease The terms of each Leasing Schedule shall be incorporated into this Lease as though written in full herein

**2. TERM AND RENT.** The term of rental ('Term') and Rent for each unit of Equipment included in the Lease shall be as defined in the applicable Leasing Schedule To the extent permitted by applicable law, whenever any portion of a Rent payment is not paid for more than ten (10) days after it is due, Lessee agrees to pay to Lessor on demand (as a fee to offset Lessor's collection and administrative expenses) the greater of twenty-five dollars ($25 00) or ten percent (10%) of the overdue amount All payments provided herein shall be payable at the address of Lessor set forth above or at such other address as Lessor may designate

This Lease cannot be canceled or terminated except as expressly provided herein. Lessee acknowledges and agrees that Lessee's obligation to pay all Rent payments due or to become due hereunder for the Term shall be absolute and unconditional and shall not be subject to any reduction, set-off, defense, counterclaim or deferment for any reason whatsoever

**3. LOCATION AND USE OF EQUIPMENT.** All Equipment leased hereunder will be kept and used at the location and for the purpose set forth herein Lessee agrees not to remove any of the Equipment to any other location without the prior written consent of Lessor Lessee shall provide an acceptable installation environment as specified in any applicable manufacturer's manual, and, except as otherwise specified by the manufacturer, shall furnish all labor required to install the Equipment Lessee shall be responsible for any delivery, rigging, or other charges by manufacturer, distributor or dealer with respect to the Equipment Lessee shall not, without the written approval of Lessor, make any alterations to the Equipment or affix or install any accessory, attachment or other device to any Equipment All repairs, replacements, parts, supplies, accessories, attachments and devices furnished or affixed to the Equipment shall thereupon, unless otherwise agreed in writing, become the property of Lessor

**4. TITLE; LABELING.** Lessor retains title to the Equipment and no right, title or interest in the Equipment shall pass to Lessee except as expressly set forth in this Lease Lessee (a) shall not sell, assign, sublet or otherwise dispose of, or permit legal process or encumbrance upon or against any interest in this Lease or the Equipment, (b) shall give immediate written notice to Lessor of any such process or encumbrance, (c) shall, at its sole expense, protect and defend Lessor's title and interest against all persons claiming against or through Lessee and indemnify and hold Lessor harmless from and against any loss caused thereby. Lessee shall affix to the Equipment any markings requested by Lessor showing Lessor's interest therein

**5. TAXES.** Lessee shall be liable for all sales, use, property, excise and other taxes, fees or other charges of any nature whatsoever (except for any taxes based upon Lessor's net income), however designated, now or hereafter imposed by any governmental entity, whether based upon the Rent or the Equipment or the purchase, delivery, ownership, leasing, use, possession or return thereof Any fees, taxes, penalties, interest or other charges paid by Lessor upon failure of Lessee to make such payments shall at Lessor's demand become immediately due from Lessee to Lessor Unless Lessor notifies Lessee otherwise in writing, Lessor will file all returns and remit all personal property taxes applicable to the Equipment Lessee agrees to reimburse Lessor for all such personal property taxes immediately upon receipt of Lessor's invoice

**6. RETURN OF EQUIPMENT.** Except as otherwise provided for in the applicable Leasing Schedule, upon termination or expiration of the Term of a unit of Equipment or upon demand of Lessor as set forth in Paragraph 10, Lessee, at its own risk and expense, shall immediately return the unit of Equipment to Lessor at a location to be designated by Lessor Lessee shall contact Lessor to obtain shipping instructions The Equipment shall be returned to Lessor in the same condition as delivered, ordinary wear and tear excepted, and in such condition that it passes all performance tests within the manufacturer's specifications The Equipment shall be returned complete, without any missing or broken components or accessories, and in compliance with the provisions of the applicable Leasing Schedule Failure of the Equipment to meet the foregoing specifications shall result in Lessee being liable to Lessor for the cost to bring the Equipment into compliance with such specifications If Lessee fails to return the Equipment when required to do so, the terms and conditions of this Lease shall continue to be applicable and Lessee shall be obligated to make monthly Rent payments until the Equipment is received by Lessor

**7 INSURANCE.** Lessee shall obtain and maintain during the Term, at its own expense, liability insurance and insurance against property damage or loss, insuring such risks as are customarily insured against on the type of Equipment leased hereunder by businesses in which Lessee is engaged, in such amounts, in such form, and with insurers satisfactory to Lessor, provided, however, that the amount of insurance against damage or loss shall not be less than the greater of (a) the replacement value of the Equipment or (b) the Stipulated Loss Value, as set forth in the applicable Leasing Schedule Each liability insurance policy shall name Lessor as an additional insured and each property damage policy shall name Lessor as a loss payee as its interest may appear and all policies shall contain a clause requiring the insurer to give Lessor at least ten (10) days' prior written notice of any alteration in the terms or cancellation of the policy Lessee shall furnish a certificate of insurance or other evidence satisfactory to Lessor that the required Insurance coverage is in effect and, upon Lessor's request, shall provide such evidence of renewals or replacements of said insurance at least 60 days prior to its scheduled expiration However, Lessor shall have no duty to ascertain the existence of or to examine the insurance policies to advise Lessee if the insurance coverage does not comply with the requirements of this Paragraph If Lessee fails to insure the Equipment as required, Lessor shall have the right but not the obligation to obtain such insurance, and the cost of the Insurance shall be for the account of Lessee, due as part of the next due Rent payment

**8. LOSS OR DAMAGE.** Until the Equipment is returned to (and received by) Lessor as provided in Paragraph 6, Lessee shall bear the entire risk of loss, theft, damage to or destruction of the Equipment (including, but not limited to, any condemnation, seizure, or requisition of title or use) ('Event of Loss') No Event of Loss shall relieve Lessee from its obligations to pay Rent except as provided in (c) below When any Event of Loss occurs, Lessee shall immediately notify Lessor and, at the option of Lessor, shall (a) place such

(CONTINUED ON REVERSE)

---

This Lease, consisting of the foregoing, and THE REVERSE SIDE HEREOF, correctly sets forth the entire agreement between Lessor and Lessee with respect to the use, possession and lease of the Equipment No agreements or understandings concerning the foregoing shall be binding on either of the parties hereto unless specifically set forth in this Lease The term "Lessee" as used herein shall mean and include any and all Lessees who sign hereunder, each of whom shall be jointly and severally bound hereby. This Lease will not be binding on Lessor until accepted below

By execution hereof, the signer hereby certifies that he or she has read this Lease, INCLUDING THE REVERSE SIDE HEREOF, and that he or she is duly authorized to execute this Lease on behalf of Lessee

| LESSOR CITICORP DEL-LEASE, INC., doing business as Citicorp Dealer Finance | LESSEE W R GRACE & CO |
|---|---|
| By: _[signature]_ | By X: _[signature]_ Clarence B Duckworth |
| AUTHORIZED SIGNATURE 914-899-7125/MS & S | AUTHORIZED SIGNATURE |
| PRINTED NAME AND TITLE          DATE | CLARENCE B. DUCKWORTH   12-23-99 |
| | PRINTED NAME AND TITLE          DATE |
| | PLANT MGR / V.P |

Equipment in good repair and working order, or (b) replace such Equipment with like Equipment in good repair and working order, with clear title to the replacement Equipment in Lessor, or (c) promptly pay to Lessor the Stipulated Loss Value of the Equipment (as set forth in the applicable Leasing Schedule), whereupon Lessor shall transfer to Lessee, without recourse or warranty (express or implied), all of Lessor's interest, if any, in and to such Equipment on an "as is, where is" basis The proceeds of any insurance payable with respect to the Equipment shall be applied, at the option of Lessor, either towards (i) replacement or repair of the Equipment or (ii) payment of any of Lessee's obligations hereunder Lessee hereby appoints Lessor as Lessee's attorney-in-fact to make claim for, receive payment of, and execute and endorse all documents, checks or drafts issued with respect to any Event of Loss under any Insurance policy relating to the Equipment

9. EVENTS OF DEFAULT Each of the following (a 'Default') shall be a default under the Lease Lessee (a) fails to pay any portion of a Rent payment within ten (10) days of its due date, or (b) fails to perform or observe any other covenant or agreement in this Lease, or any representation in this Lease or in any document furnished in connection with this Lease is inaccurate in any material respect and such failure or inaccuracy continues unremedied for ten (10) days after written notice sent by Lessor, or (c) shall or shall attempt to abandon, remove, sell, encumber or sublet any item of Equipment, or (d) shall become insolvent or make an assignment for the benefit of creditors, or a trustee or receiver shall be appointed for Lessee or for a substantial part of its assets, or bankruptcy, reorganization or insolvency proceedings shall be instituted by or against Lessee, or (e) shall suffer a material adverse change in its financial condition or operations, or (f) shall be in default under any other agreement with Lessor or any of its affiliates; or (g) shall cause or suffer to exist any sale or transfer of any interest which would result in a change in majority ownership of the Lessee

10. REMEDIES. Upon the occurrence of a Default and at any time thereafter, Lessor may, in its sole discretion, to the extent permitted by and in conformity with applicable law, do any one or more of the following (a) upon notice to Lessee, terminate the rights but not the obligations of Lessee under this Lease with respect to any or all units of Equipment, (b) declare the Stipulated Loss Value of any or all units of Equipment immediately due and payable, (c) increase the Minimum Monthly Rental by twenty percent (20%) to compensate Lessor for its costs of exercising its remedies hereunder, (d) demand the return of any or all units of Equipment in accordance with Paragraph 6 hereof, (e) without demand or legal process, enter the premises where the Equipment may be located and take immediate possession of and remove the same, without liability to Lessor or its agents for such entry or for damage to property or otherwise, (f) sell any or all of the Equipment at public or private sale, with or without notice to Lessee or advertisement, or otherwise dispose of, lease to others or keep idle the Equipment, all free and clear of any rights of Lessee to the Equipment, (g) exercise any other right or remedy available to Lessor under applicable law or proceed by court action to enforce the terms of this Lease or to recover damages or expenses resulting from the breach of this Lease. (h) terminate any obligations Lessor may have to lease additional equipment to Lessee Lessee shall be liable for and shall pay to Lessor all attorneys' fees and other costs incurred by Lessor in exercising Lessor's remedies, including placing any Equipment in the condition required by Paragraph 6 hereof In addition, Lessee will provide Lessor with copies of Lessee's balance sheet, profit and loss statement, and such other financial reports as Lessor may from time to time request If this Lease is deemed at any time to be one intended as security, Lessee agrees that the Equipment shall secure, in addition to the indebtedness herein, all other indebtedness at any time owing by Lessee to Lessor No remedy referred to in this Lease is intended to be exclusive, but each shall be in addition to any other remedy referred to or otherwise available to Lessor at law or in equity No express or implied waiver by Lessor of any Default shall constitute a waiver of any other Default by Lessee or a waiver of any of Lessor's rights and no delay by Lessor in enforcing any right or requiring performance of any provisions of this Lease by Lessee shall be a waiver of such right or affect the right of Lessor to enforce such provision To the extent permitted by applicable law, Lessee hereby waives any rights now or hereafter conferred by statute or otherwise which may require Lessor to sell, lease or otherwise use any Equipment in mitigation of Lessor's damages as set forth in this Paragraph or which may otherwise limit or modify any of Lessor's rights or remedies under this Paragraph Lessee expressly and irrevocably waives any rights to a trial by jury in any action ensuing out of or relating to this Lease and agrees that, at Lessor's sole election, Lessor may submit any matter arising out of this Lease to binding arbitration, the decision from which shall be final and binding on all parties and may be entered as though rendered in any court having jurisdiction thereof

11 MAINTENANCE AND CARE OF EQUIPMENT Lessor reserves the right to inspect the Equipment periodically If Lessor, during its periodic inspection, determines that Lessee has failed to perform its obligations as set forth below, Lessor shall give to Lessee written notice thereof Unless Lessee performs such obligations within thirty (30) days from the date of such notice, Lessor shall have the right, but shall not be obligated, to perform the maintenance, service and repairs required to be performed by Lessee under this Lease and Lessee agrees to reimburse Lessor for any such services performed Lessee agrees to use the Equipment in compliance with all applicable operating instructions and to use properly trained personnel in the operation and maintenance thereof Lessee agrees to perform, at its own cost and expense, all maintenance, service and repair (including both labor and materials) of each unit of Equipment according to the manufacturer's recommended guidelines or the equivalent

12 DISCLAIMER OF WARRANTIES. This Lease contains the entire agreement of the parties LESSEE HAS SELECTED THE EQUIPMENT BASED UPON ITS OWN JUDGMENT AND EXPRESSLY DISCLAIMS ANY RELIANCE UPON ANY STATEMENTS OR REPRESENTATIONS MADE BY LESSOR LESSOR MAKES NO REPRESENTATIONS OR WARRANTIES EITHER EXPRESS OR IMPLIED, AS TO ANY MATTER WHATSOEVER INCLUDING, BUT NOT LIMITED TO, THE DESIGN OR CONDITION OF THE EQUIPMENT, ITS MERCHANTABILITY, SUITABILITY, QUALITY OR FITNESS FOR A PARTICULAR PURPOSE, AND HEREBY DISCLAIMS ANY SUCH WARRANTIES IN NO EVENT SHALL LESSOR BE LIABLE FOR SPECIAL OR CONSEQUENTIAL DAMAGES WHATSOEVER OR HOWEVER CAUSED Lessor shall not be liable to Lessee hereunder or at law or in equity for any liability, claim, loss, damage or expense caused directly or indirectly by the Equipment or any deficiency or defect thereof or the operation maintenance or repair thereof Lessor agrees to assign to Lessee, for the sole purpose of making and prosecuting a claim, all rights Lessor may have against the Equipment manufacturer/seller for breach of warranty or other representation to the extent the same are assignable

13. GENERAL INDEMNITY. Lessee agrees to comply with all laws, regulations and orders applicable to this Lease and the Equipment and to use the Equipment only in its business for the purpose for which the Equipment was designed Lessee indemnifies and agrees to defend and hold Lessor harmless from and against all claims, costs, expenses (including, but not limited to, attorneys' fees), damages and liabilities arising from or pertaining to the ownership, use, leasing, delivery, return or disposition of the Equipment Any payments made hereunder to Lessor shall include the amount of any taxes required to be paid by Lessor as the result of the receipt of such payment The provisions of this Paragraph 13 shall survive the expiration and termination of this Lease

14. ASSIGNMENT BY LESSOR Lessee acknowledges that Lessor may sell and/or assign all or part of its interests in the Equipment and/or this Lease Lessee agrees that UPON NOTICE OF SUCH ASSIGNMENT IT SHALL PAY DIRECTLY TO ASSIGNEE (UNLESS OTHERWISE DIRECTED BY LESSOR) WITHOUT ABATEMENT, DEDUCTION OR SETOFF ALL AMOUNTS WHICH BECOME DUE HEREUNDER AND FURTHER AGREES THAT IT WILL NOT ASSERT AGAINST ASSIGNEE ANY DEFENSE, COUNTERCLAIM OR SETOFF FOR ANY REASON WHATSOEVER IN ANY ACTION FOR RENT OR POSSESSION BROUGHT BY ASSIGNEE Upon such assignment and except as may otherwise be provided therein (a) assignee shall have and be entitled to any and all rights and remedies of Lessor hereunder, (b) all references in this Lease to Lessor shall mean assignee, and (c) assignee shall not be chargeable with any obligations or liabilities of Lessor hereunder Such assignment shall not diminish any of Lessee's rights against Lessor hereunder

15. FURTHER ASSURANCES. Lessee shall promptly execute and deliver to Lessor such further documents and take such further action as Lessor may request to more effectively carry out the intent and purpose of this Lease The parties agree that this Lease is a 'Finance Lease' as defined by Section 2A-103(g) of the UCC Lessee acknowledges either (a) that Lessee has reviewed and approved any written Supply Contract (as defined by UCC 2A-103(y)) covering the Equipment purchased from the 'Supplier' (as defined by UCC 2A-103(x)) thereof for lease to Lessee or (b) that Lessor has informed or advised Lessee, in writing, of the following (i) the identity of the Supplier, (ii) that the Lessee may have rights under the Supply Contract, and (iii) that the Lessee may contact the Supplier for a description of any such rights Lessee may have under the Supply Contract To the extent permitted by applicable law, Lessee hereby waives any and all rights and remedies conferred upon a Lessee by Sections 2A-508 through 2A-522 of the UCC

16. NOTICES. Any notices or demands required to be given herein shall be in writing and delivered by overnight delivery service or first class United States mail, postage prepaid, to the addresses set forth above, or to such other addresses as the parties may substitute by written notice given in the manner described in this Paragraph

17. MISCELLANEOUS. This Lease may not be amended except in writing and shall be binding upon and inure to the benefit of the parties, their permitted successors and assigns Any provision of this Lease which is unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective to the extent of such unenforceability without invalidating the remaining provisions hereof This Lease shall be governed by, and construed in accordance with, the laws of the State of New York At Lessor's option, each payment received from Lessee will be applied first to the oldest charge due under the Lease The acceptance by Lessor of a smaller sum than due at any time under this Lease shall not constitute satisfaction for any greater sum due regardless of any endorsement restriction

GEF/CDF/New Master Lease dot mej 04 0698 000pc

**Citicorp Dealer Finance**
**Equipment Leasing Schedule** 

**CITICORP**

Schedule No **001** to Master Equipment Lease Agreement Dated *12/23/99* ("Lease")

| Lessor | Citicorp Del-Lease, Inc., doing business as Citicorp Dealer Finance | Lessee (Complete Legal Name) W R. GRACE & CO |
|---|---|---|
| | | Headquarters Address 7500 GRACE DRIVE |
| Address | 450 Mamaroneck Avenue, Harrison, NY 10528 | City/State/Zip Code COLUMBIA, MD 21044 |

### Billing Information

Contact: *Same 2601 Commerce Blvd* *  Phone No.: *205-956-9545*
Address: 7500 GRACE DRIVE *Irondale, Al. 35210*  City/State/Zip Code: COLUMBIA, MD 21044

Special reference numbers which should appear on our invoices (e.g., Purchase Order No.): |_|_|_|_|_|_|_|_|_|_|_|_|_|_|_|_|_|_|_|

### Insurance Information

Insurance Agency: *CNA*  Insurance Carrier: *CNA*
Agency Address: *2302 Parklake Dr. N.E. Atl., Ga.*  Agency Phone No.: *770-491-5100*

### Equipment Information

Equipment Location: ☐ Headquarters Address ☐ Billing Address
If neither, please specify equipment location, including zip code: 2601 COMMERCE BLVD, BIRMINGHAM, JEFFERSON, AL 35210 *

### Schedule of Equipment

| Item | Quantity | Year | Manufacturer | Model | Specifications | Serial No |
|---|---|---|---|---|---|---|
| 1 | 4 | New | LINDE BAKER | H25T | TRIPLEX MAST, SIDE SHIFT, & 48" FORKS | *682325* |
| | | | | | | *684425* |
| | | | | | | *685125* |
| | | | | | | *698825* |

Lessee hereby authorizes Lessor to insert in this Leasing Schedule serial numbers and other Equipment identification which Lessor deems necessary

Equipment Delivery Date: *12/28/99*  Survey Report Date: *12/28/99* (must be filled in, except for $1 option leases)
**End of Term Purchase Option:** ☐ None ☒ Fair Market Value ☐ $1.00 Option ☐ Fixed Purchase Option
(see Paragraph 5 below)
**Applicable Return Provisions:** ☒ Material Handling Equipment ☐ Construction Equipment

### Payment Information

Number of Months **60** (see Paragraph 2 below)  Contract Rate:

Minimum Monthly Rental: **$2,400.00** + Applicable Sales Tax **$52.34** (subject to change) = **$2,452.34**
If exempt from sales tax, please provide exemption certificate to Citicorp Del-Lease, Inc

Advance Payment Applicable Sales Tax of + First **1** Payment(s) + Last Payment(s) = **$2,452.34**

In consideration of the mutual promises contained herein, Lessor and Lessee agree as follows

**1. STATEMENT OF PURPOSE.** This Leasing Schedule is entered into pursuant to the terms of the Lease between the parties hereto, which Lease is hereby incorporated by reference into this Leasing Schedule The terms of this Leasing Schedule shall take precedence in the event that any terms and conditions of the Lease conflict herewith

**2. TERM AND RENT.** The term of rental ('Term') for each unit of Equipment included in the Lease shall commence with the delivery thereof ('Commencement Date') and, unless sooner terminated as provided in the Lease, shall continue for the Number of Months specified above from the first Rental Due Date, as defined below Lessee shall pay as rent ('Rent') for use of
(CONTINUED ON REVERSE)

### DELIVERY AND ACCEPTANCE OF EQUIPMENT

Lessee hereby certifies that on the Equipment Delivery Date specified above all the Equipment described above has been furnished, that delivery and installation has been fully completed as required and that the Equipment is accepted as satisfactory in all respects If the Equipment Delivery Date is N/A or left blank, Lessee agrees to execute such delivery and acceptance certificate as Lessor requires when the Equipment is delivered and accepted by Lessee

In Witness Whereof, the parties have caused this Leasing Schedule to be executed by their duly authorized officers

LESSOR  CITICORP DEL-LEASE, INC., doing business as Citicorp Dealer Finance
By: [signature]  *12/30/99*
AUTHORIZED SIGNATURE
*HORROVIC* Manager
*GEF/Dealer Finance/MS 8-3*
PRINTED NAME AND TITLE  DATE

LESSEE, W R GRACE & CO.
COMPLETE LEGAL NAME
By X: [signature] *Clarence B Duckworth*
AUTHORIZED SIGNATURE
*Clarence B. Duckworth*  *12-23-99*
PRINTED NAME AND TITLE  DATE
*Plant Mgr / V.P.*

GEF/CDF/New Schedule dot  mej 06 0698 000pc

the Equipment aggregate rental payments equal to the sum of all the Minimum Monthly Rentals for the Term together with interim rent for any partial first month during the Term and any other amounts payable under this Lease Rent shall be due and payable hereunder in advance on the day of each month specified as the Requested Rental Due Day in the Lease or such other day designated by Lessor ('Rental Due Date') Rent for any partial first month during the Term shall be an amount equal to one thirtieth (1/30) of the Minimum Monthly Rental payment for each day from and including the Commencement Date to and excluding the first Rental Due Date

3 SURVEY REPORT. The Minimum Monthly Rental charges stated above (other than for Equipment subject to a $1 00 End of Term Purchase Option) have been calculated on the basis of information supplied by Lessee and data developed by Lessor as set forth in the Survey Report attached hereto and hereby accepted by Lessee and made a part hereof In the event the usage for any unit of Equipment exceeds the hours as stated in the Survey Report, an overtime charge shall be computed by dividing the average Minimum Monthly Rental for the unit by 160, multiplying the result by 1 5, and then multiplying the resulting hourly overtime charge by the number of hours usage in excess of those stated in the Survey Report for the unit Lessor shall have the option to bill and collect such overtime charges at any time during the Term and up to one hundred eighty (180) days following the expiration of the Lease

4. STIPULATED LOSS VALUE As to the Equipment described above, Stipulated Loss Value as of any date shall mean an amount equal to the sum of (a) all Rent and other applicable amounts then due and remaining unpaid hereunder, plus (b) all Minimum Monthly Rental payments for the remainder of the stated Term for the Equipment, discounted to present value at five percent (5%) simple interest per annum, plus (c) Lessor's estimate of the Fair Market Value of the Equipment at the end of the stated Term (or Lessee's fixed purchase option price, if applicable), plus (d) all sales and other taxes applicable to any transfer of Lessor's right, title and interest in the Equipment to Lessee

5. END OF TERM PURCHASE OPTION. Provided no Default has occurred and is continuing and provided the Lease shall not have previously terminated, Lessee shall have the option to purchase on the day following the last day of such Term ('Purchase Date'), all but not less than all of the above-described Equipment for a price, as specified above, equal to either (a) the Fair Market Value of such Equipment, (b) one United States dollar ($1 00), or (c) such other Fixed Purchase Option amount as specified above Such purchase option shall be exercisable by written notice to Lessor received by Lessor at least ninety (90) days but not more than one hundred eighty (180) days before the expiration of the Term, provided that no advance notice shall be required of Lessee if a $1 00 End of Term Purchase Option is specified The Fair Market Value of the Equipment shall be as mutually agreed to by Lessor and Lessee, or, if they cannot agree, as determined by an independent appraiser selected by Lessor and approved by Lessee, who shall pay the cost of appraisal, calculated as of the Purchase Date Provided Lessee has exercised such option, Lessee shall pay to Lessor on the Purchase Date the aforementioned purchase price in cash, together with all sales and other taxes applicable to the transfer of the Equipment and any other amounts due and owing hereunder, whereupon Lessor shall cause said Equipment to be transferred to Lessee without recourse or warranty on an "as-is, where-is" basis If the End of Term Purchase Option as specified above is None or is left blank, Lessee shall have no option to purchase the Equipment specified above

6. RETURN OF EQUIPMENT. Other than as provided for in Paragraph 5 above, Lessee hereby agrees that if the Material Handling Equipment Return Provisions are applicable (as specified above) the Equipment shall be returned to Lessor in such condition that it passes all performance tests within the manufacturer's specifications, including without limitation, the ability to lift the weight for which it was originally designed, tires must have at least fifty percent (50%) usable wear remaining, there must be no oil leaks, lift and lift cylinders must be dry and free of leaks, transmission and differential, and all drive pumps and motors must be in good condition, and engines must be free of smoke and knocks Other than as provided for in Paragraph 5 above, Lessee hereby agrees that if the Construction Equipment Return Provisions are applicable (as specified above) the Equipment shall be returned to Lessor in such condition that it passes all performance tests within the manufacturer's specifications, is free of all broken glass and decals, tires/tracks have at least fifty percent (50%) usable wear remaining and are of original casings, undercarriage has at least fifty percent (50%) remaining wear as measured by the manufacturer, there are no oil leaks and the unit has had an oil change immediately prior to lease expiry, all cutting edges and end bits are freshly turned and have at least fifty percent (50%) remaining wear, all shanks are in dozer rippers, and all chains and flights have at least fifty percent (50%) wear remaining

7. FINANCING STATEMENTS Lessee hereby irrevocably constitutes and appoints Lessor, or its designee, with full power of substitution, as its agent and attorney-in-fact to execute and file on Lessee's behalf any UCC financing statements (or their equivalent), including amendments thereto, which Lessor deems advisable in its discretion to secure the interests of Lessor, and Lessee further authorizes Lessor to file same with or without Lessee's signature appearing thereon