# Exhibit A

In re: W.R. GRACE & CO., et al

OMNIBUS 6 - EXHIBIT A - STIPULATION

Hearing Date: Monday, December 20, 2004

| Creditor Name / Address | Case Number | Claim Number | Total Claim Claim Dollars*Class** | Allowed Claim Claim Amount* Class** Ref of Requested |
|---|---|---|---|---|
| 1 LASON SYSTEMS INC SUE MOORE 1305 STEPHENSON HWY TROY MI 48083 | 01-01140 3210 W.R. GRACE & CO.-CONN. | | $283,279.92 (P) | $250,000.00 (U) STIPULATION |

*Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.

**(A) - Administrative
(P) - Priority

(S) - Secured
(U) - Unsecured

12/15/2004 12:56:10 PM

# Exhibit B

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JJF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

### STIPULATION RESOLVING CLAIM NO. 3210

This stipulation is entered into this 2 day of DEC, 2004, between W.R. Grace & Co. and its affiliates (collectively, the "Debtors") and Longacre Master Fund, Ltd. ("Longacre"), successor in interest to Claim No. 3210.

**WHEREAS**, on April 2, 2001 (the "Petition Date"), the Debtors commenced their respective reorganizations by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors' cases have been consolidated for administrative purposes only and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

---

[1]  The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

**WHEREAS**, this Court issued its Bar Date Order on April 22, 2002, which established March 31, 2003 as the Bar Date for the filing of certain pre-petition (a) non-asbestos, (b) asbestos property damage and (c) medical monitoring claims.

**WHEREAS**, on or about March 10, 2003, Lason Systems, Inc. ("Lason") filed one proof of claim against the Debtors in the amount of $283,279.92 ("Claim #3210").

**WHEREAS**, on July 26, 2004, the Debtors filed their Sixth Omnibus Objection to Claims (the "Sixth Omnibus Objection") in which the Debtors sought to reduce and allow Claim #3210 in the amount of $204,990.45.

**WHEREAS**, on August 24, 2004, Lason filed its Response to the Sixth Omnibus Objection.

**WHEREAS**, on or about September 7, 2004, Lason transferred and assigned all of its right, title and interest in and to Claim No. 3210 to Longacre. Evidence of the transfer was filed with this Court on October 6, 2004. [See Docket # 6554-6556]

**WHEREAS**, the parties worked together to review the documentation supporting Claim #3210 and have determined that Claim #3210 should be decreased and allowed as set forth herein.

**WHEREAS**, the parties seek to formalize their agreement respecting Claim #3210 against the Debtors pursuant to the terms of this Stipulation.

**NOW, THEREFORE**, in consideration of the foregoing recitals and of the following terms and provisions, it is hereby stipulated and agreed between Longacre and the Debtors as follows:

1.     Claim #3210 shall be allowed, for all purposes in the Debtors' cases, in the amount of $250,000.00 as a general unsecured non-priority pre-petition claim.

2

2.    This Stipulation shall remain subject to the approval of the Bankruptcy Court and shall not be binding upon the parties until so approved.

3.    Each party executing this Stipulation represents that such party has the full authority and legal power to do so. This Stipulation may be executed in counterparts and each such counterpart together with the others shall constitute one and the same instrument. The parties further agree that facsimile signatures hereon shall be deemed to be original signatures. This Stipulation shall be binding upon and inure to the benefit of each of the parties, and upon their respective assignees, successors and/or partners.

4.    This Stipulation constitutes the complete expression of the agreement of the parties hereto concerning the subject matter hereof, and no modification of or amendment to this Stipulation shall be valid unless it is in writing and signed by the party or parties to be charged.

5.    The Bankruptcy Court shall retain jurisdiction to enforce this Stipulation and all matters relating hereto.

6.    After approved by the Bankruptcy Court of this stipulation, the Debtors shall direct the Claims Agent, Rust Consulting, Inc., to make the Claims Register to reflect that Claim #3210 shall be Allowed as outlined herein.

3

7.    The parties shall take whatever additional action, if any, is necessary to make sure that Claim No. 3210 is allowed as outlined herein.

**STIPULATED AND AGREED:**

LONGACRE MASTER FUND, LTD.          W. R. GRACE & CO., et al.

By: _____      By: _____

Its: ____DIRECTOR_____      One of their attorneys

KIRKLAND & ELLIS LLP
Janet S. Baer
James W. Kapp III
200 East Randolph Drive
Chicago, Illinois 60601-6636
Telephone: (312) 861-2000
Facsimile: (312) 861-2200.

-and-

PACHULSKI, STANG, ZIEHL, YOUNG,
JONES & WEINTRAUB P.C.

Laura Davis Jones (DE I.D. No. 2436)
David W. Carickhoff, Jr. (DE I.D. No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

*Attorneys for Debtors
and Debtors-in Possession*

4