IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

Objection Deadline: February 11, 2005
Hearing Date: February 28, 2005, 12:00 p.m.

## DEBTORS' MOTION FOR AN ORDER PURSUANT TO FED. R. BANKR. P. 9006(b) FURTHER EXTENDING THE PERIOD WITHIN WHICH THE DEBTORS MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452 AND FED. R. BANKR. P. 9027

The above-captioned debtors and debtors-in-possession (collectively, the

"Debtors") hereby move the Court pursuant to Fed. R. Bankr. P. 9006(b) for entry of an order to

further extend the period within which the Debtors may remove actions pursuant to 28 U.S.C.

§ 1452 and Fed. R. Bankr. P. 9027 through the effective date of the Debtors' plan (or plans) of

reorganization.  Given that the Debtors are currently working towards confirmation of a plan of

reorganization, which will necessarily deal with many of the actions that could be removed, it

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

would be most-efficient for the decisions with respect to removal to be addressed upon

confirmation of the Debtors' Plan.  In support of this Motion, the Debtors respectfully represent

as follows:

### Background

1.      On April 2, 2001, (the "Petition Date") each of the Debtors filed a

voluntary petition for relief under chapter 11 of title 11 of the United States Code (as amended,

the "Bankruptcy Code").  The Debtors chapter 11 cases (collectively, the "Chapter 11 Cases")

have been consolidated for administrative purposes only.  Pursuant to sections 1107(a) and 1108

of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their

properties as debtors in possession.[2]

2.      The Debtors have a number of non-debtor affiliates (the "Non-Debtor

Affiliates"), including, but not limited to, non-debtor subsidiaries and certain "Affiliated

Entities," as that term is defined in the Order Granting Modified Preliminary Injunction, entered

by this Court on May 3, 2001 (the "Preliminary Injunction").

3.      One or more of the Debtors are named defendants in approximately

65,000 asbestos-related lawsuits in various state and federal courts involving approximately

232,000 different individual claims (the "Asbestos Actions").  One or more Non-Debtor

Affiliates also are named defendants in approximately eight asbestos-related fraudulent

conveyance actions in various state and federal courts that also involve large numbers of

individual claims (the "Fraudulent Conveyance Actions").  There are also numerous other

---

[2] Any capitalized terms not defined herein shall have the meaning ascribed to them in the Removal Extension Motion, as defined herein.

6

lawsuits, including, but not limited to environmental actions, in which one or more of the

Debtors and/or the Non-Debtor Affiliates are named defendants in various state and federal

courts (the "Miscellaneous Actions"). Many of these Asbestos Actions, Fraudulent Conveyance

Actions and Miscellaneous Actions were filed prior to the Petition Date (the "Prepetition

Actions").

        4.     Since the Petition Date, a number of additional Asbestos Actions,

Fraudulent Conveyance Actions and Miscellaneous Actions have been filed and are continuing

to be filed (the "Postpetition Actions", collectively with the Prepetition Actions, the "Actions").

The Debtors and the Non-Debtor Affiliates believe that these Postpetition Actions are void

because they were filed in violation of the automatic stay provisions of section 362(a) of the

Bankruptcy Code and/or the Preliminary Injunction, and the Debtors reserve the right to

subsequently assert such a defense in the Chapter 11 Cases or in any other appropriate forum.

The Debtors have also sought enforcement of the Automatic Stay and the Preliminary Injunction

with respect to many of the Postpetition Actions.

        5.     On July 15, 2004, the Debtors sought authority to further extend the period

(the "Removal Period") within which the Debtors may remove actions pursuant to 28 U.S.C.

§ 1452 and Fed. R. Bankr. P. 9027 through and including December 31, 2004 (the "Removal

Extension Motion") (Docket No. 5983). On September 30, 2004, this Court entered order

granting the Removal Extension Motion (Docket No. 6504). The Removal Extension Motion

also specifically requested reservation of the Debtors and the Non-Debtor Affiliates right to seek

7

further extensions of time within which the Debtors and the Non-Debtor Affiliates may remove

any and all Actions.[3]

      6.      On November 13, 2004, the Debtors filed (amongst other documents) the

following documents in the Chapter 11 Cases (collectively, the "Plan Materials"): (i) Plan of

Reorganization (the "Plan"), (ii) Disclosure Statement, (iii) Motion for Entry of an Order

Seeking the Estimation of Asbestos Claims and Certain Related Relief (the "Estimation

Motion"), (iv) Motion for Entry of a Case Management Order Establishing Protocols for

Litigating Asbestos-Related Claims Following Plan Confirmation (the "CMO Motion"), and

(v) Motion for the Entry of an Order Approving Solicitation and Confirmation Procedures and

Schedules for the Plan of Reorganization.

      7.      Collectively, the Plan Materials propose procedures for estimating and

resolving the Debtors' liability on accounts of asbestos claims.  The Plan provides for, amongst

other things, the creation of an asbestos trust, to which all allowed asbestos property-damage

claims and asbestos personal-injury claims would be channeled for recovery.

      8.      The Plan is not a consensual plan.  However, the Debtors, the Asbestos

Parties, the Official Committee of Equity Holders (the "Equity Committee") and the Official

Committee of Unsecured Creditors (the "Unsecured Creditors Committee") continue to discuss

the potential for a consensual plan.  During the Debtors' December 20, 2004 omnibus hearing,

the Debtors announced that the Debtors have come to terms with the Official Committee of

---

[3] The Court's Local Rule 9006-2 applies to extend the deadline for the Removal Period from December 31, 2004 until the Court acts on this Motion.  Rule 9006-2 provides: "If a motion to extend the time to take any action is filed before the expiration of the period prescribed by the Code, the Fed.R.Bankr.P., these Rules, the District Court Rules, or Court Order, the time shall automatically be extended until the Court acts on the motion, without the necessity for the entry of a bridge order."

Equity Holders and the Official Committee of Unsecured Creditors concerning the structure for a

joint-plan, which the Debtors' expect to file shortly.

### Relief Requested

9.     By this Motion, the Debtors request the entry of an order pursuant to Fed.

R. Bankr. P. 9006(b) further extending the Removal Period, within which the Debtors and the

Non-Debtor Affiliates may remove any and all Actions pursuant to 28 U.S.C. § 1452, through

and including the effective date of the Debtors' confirmed plan of reorganization, to the extent

that such time periods may expire prior to that date.

10.     The Debtors further request that the order requested herein be without

prejudice to (i) any position the Debtors or the Non-Debtor Affiliates may take regarding

whether section 362(b) of the Bankruptcy Code applies to stay any Action; (ii) the right of the

Debtors and/or the Non-Debtor Affiliates to seek future extensions of time to remove any and all

Actions, or (iii) the rights of interested third-parties to request that the Removal Period be

shortened as to a particular Action.

### Basis For Relief

11.     Section 1452 of Title 28 of the United States Code and Fed. R. Bankr. P.

9027 govern the removal of pending civil actions.  Specifically, 28 U.S.C. § 1452(a) provides:

> A party may remove any claim or cause of action in a civil action
> other than a proceeding before the United States Tax Court or a
> civil action by a governmental unit to enforce such governmental
> unit's police or regulatory power, to the district court for the
> district where such civil action is pending, if such district court has
> jurisdiction of such claim or cause of action under section 1334 of
> this title.

28 U.S.C. § 1452(a).  Fed. R. Bankr. P. 9027(a)(2) further provides:

9

> If the claim or cause of action in a civil action is pending when a
> case under the [Bankruptcy] Code is commenced, a notice of
> removal may be filed only within the longest of (A) 90 days after
> the order for relief in the case under the Code, (B) 30 days after
> entry of an order terminating a stay, if the claim or cause of action
> in a civil action has been stayed under § 362 of the Code, or (C) 30
> days after a trustee qualifies in a chapter 11 reorganization case but
> not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).  With respect to postpetition actions, Fed. R. Bankr. P. 9027(a)(3)

provides that a notice of removal may be filed with the clerk:

> only within the shorter of (A) 30 days after receipt, through service
> or otherwise, of a copy of the initial pleading setting forth the
> claim or cause of action sought to be removed, or (B) 30 days after
> receipt of the summons if the initial pleading has been filed with
> the court but not served with the summons.

Fed. R. Bankr. P. 9027(a)(3).

12.     Fed. R. Bankr. P. 9006(b) provides that the court may extend unexpired

time periods, such as the Debtors' removal period, without notice:

> when an act is required or allowed to be done at or within a
> specified period by these rules or by a notice given thereunder or
> by order of court, the court for cause shown may at any time in its
> discretion . . . with or without motion or notice order the period
> enlarged if the request therefor is made before the expiration of the
> period originally prescribed or as extended by a previous order[.]

Fed. R. Bankr. P. 9006(b)(1).  Accordingly, this Court is authorized to grant the relief requested

herein.  See In re Saint Joseph's Hosp., 103 B.R. 643 (Bankr. E.D. Pa. 1989) (court extended the

time period in which to seek removal of pending state court litigation); Jandous Electric Constr.

Corp. v. City of New York (In re Jandous Elec. Constr. Corp.), 106 B.R. 48 (Bankr. S.D.N.Y.

1989) (period in which to file motion to remove may be expanded pursuant to Fed.R.Bankr.P.

9006).

10

## **Argument**

13.     The Chapter 11 Cases were filed as a result of mounting asbestos-related litigation liabilities.  Defining these liabilities and then providing for the payment of valid claims on a basis that preserves the Debtors' core business operations is a complex process that is central to resolving the Chapter 11 Cases.  The Debtors continue to make significant progress towards this goal and, in particular, the Debtors have filed the Plan Materials that present a comprehensive process for defining, estimating and liquidating such liabilities.  The Plan Materials request procedures for litigating asbestos claims, including claims that stem from the Asbestos Actions.

14.     The CMO Motion requests litigation protocols by which unsettled asbestos claims (including asbestos personal-injury claims and asbestos property-damage claims) could be effectively and efficiently resolved in the Chapter 11 Cases.  In particular, the Debtors request that the Court enter an order that either establishes (a) pre Plan-confirmation litigation protocols for the resolution of asbestos claims, or (b) post Plan-confirmation litigation protocols to resolve unsettled asbestos claims.  In either event, the Court would have the opportunity to ascertain the standards for claimants to establish compensable asbestos injury.

15.     Further, the Estimation Motion requests an order adopting a five-step process for estimating the Debtors' asbestos personal injury liabilities for purposes of Plan feasibility and capping the Debtors' liability with respect to certain asbestos personal injury claims.

16.     The Debtors also continue to make progress towards resolving ZAI claims.  On October 18-19, 2004, the Court heard oral arguments regarding the parties' summary

11

judgment motions on the issue of "what science demonstrates with regard to whether ZAI creates an unreasonable risk of harm." The Court has yet to issue a ruling on the summary judgment motions.

17.     On December 20, 2004, the Debtors' filed their *Supplement to their Estimation Motion and Request for Related Relief* (the "Estimation Supplement"), which request that the Court (i) set a ZAI Claims Bar Date and (ii) approve a ZAI Claim form and notice program for ZAI Claims.

18.     The Plan Materials are set to be heard on January 21, 2004 and January 24, 2004.

19.     The litigation procedures outlined in the CMO Motion should streamline the claims adjudication process. While this litigation will not completely eliminate the Debtors' need to preserve the option to remove Actions to this Court, it should minimize the need to do so. Nonetheless, until the claims arising from the Actions have been resolved, whether through these litigation protocols or otherwise, the Debtors must preserve the option of removing Actions to this Court.

20.     Additionally, by an order dated April 25, 2002, this Court also set a claims bar date of March 31, 2003 (the "Bar Date"), for all claims relating to asbestos property damage, non-asbestos claims (including all governmental claims) and medical monitoring claims. Over 15,000 claims were filed by the Bar Date. The Debtors and their professionals (i) have reviewed all of the filed claims; (ii) have obtained a Court-approved limited-waiver of Local Rule 3007-1 for purposes of streamlining omnibus objections; (iii) have filed multiple omnibus objections to thousands of claims; and (iv) have filed a motion to establish an alternative dispute resolution

12

program to resolve certain disputed-claims. On November 9, 2004 (Docket No. 6853), the Court entered an order approving the Debtors' ADR program and, on December 20, 2004, the Court approved the Debtors' application to employ Judge Raymond Thieme to serve as the mediator for the Debtors' ADR program (Docket No. 7255). The Debtors anticipate filing objections to claims that they would like to resolve in the confines of the ADR program (to the extent they cannot be previously resolved in the normal claims objection process). The Debtors anticipate pursuing further omnibus objections in addition to, and simultaneous with, this alternative dispute resolution program.

21.     The Debtors submit that further extending the Removal Period through and including the effective date of the Debtors' plan of reorganization to protect their right to remove any Actions that are discovered through the Debtors' investigation and the claims review process is both prudent and necessary and in the best interests of the Debtors, their estates and their creditors. This extension will afford the Debtors and the Non-Debtor Affiliates an opportunity to make fully informed decisions concerning removal of all Actions and will assure that the Debtors and the Non-Debtor Affiliates do not forfeit valuable rights under 28 U.S.C. § 1452. Furthermore, the rights of the Debtors' adversaries will not be prejudiced by such an extension because, in the event that a matter is removed, the other parties to such Action(s) sought to be removed may seek to have the action remanded to the state court pursuant to 28 U.S.C. § 1452(b).

## Notice

22.     Notice of this Motion has been given to (i) the Office of the United States Trustee, (ii) counsel to the debtor in possession lenders, (iii) counsel to each official committee

appointed by the United States Trustee, (v) counsel to David Austern, the Representative for

Future Asbestos Claimants, and (v) those parties that requested papers under Fed. R. Bankr. P.

2002.

## **No Prior Request**

23.    No prior Motion for the relief requested herein has been made to this or

any other Court.

*[Remainder of Page Intentionally Left Blank]*

14

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto, further extending the Removal Period, within which the Debtors and the Non-Debtor Affiliates may remove any and all Actions pursuant to 28 U.S.C. § 1452, through and including the effective date of Debtors' plan, to the extent that such time periods may expire prior to that date.

Dated:  December 30, 2004

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet S. Baer
Samuel L. Blatnick
200 East Randolph Drive
Chicago, Illinois 60601
Telephone: (312) 861-2000
Facsimile:  (312) 861-2200

and

PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.

David W. Carickhoff with permission
Rachel L. Wentheiser
Laura Davis Jones (Bar No. 2436)
David W. Carickhoff, Jr. (Bar No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400

Co-Counsel for the Debtors and Debtors in Possession

15