# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| W.R. GRACE & CO., et al., ) | Case No. 01-01139 (JKF) |
| ) | Jointly Administered |
| Debtors. ) | |
| ) | Supplemental Verified Statement Under |
| ) | Bankruptcy Rule 2019 |

## SUPPLEMENTAL VERFIED STATEMENT IN CONNECTION WITH THE REPRESENTATION OF CREDITORS AS REQUIRED BY FED.R.BANKR.P.2019

THOMAS C. CRUMPLAR hereby makes the following supplemental verified statement (the "Statement"), pursuant to Rule 2019 of the Federal Rules of Bankruptcy Procedure under the penalty of perjury:

I am an attorney with the law firm of Jacobs & Crumplar, P.A, with offices at 2 East 7th Street, Wilmington, DE 19899. Jacobs & Crumplar (the "Firm") have been retained as counsel for numerous asbestos personal injury and/or wrongful death creditors in the above-referenced bankruptcy, (the "Creditors").

1. A blank, but unredacted, exemplar copy of a bankruptcy specific Power of Attorney authorizing Jacobs & Crumplar to act on behalf of the Creditors is referenced herein as Exhibit "A", which has not been attached but may be accessed by parties who obtain Court order authorizing access.

2. An Excel spreadsheet outlining the name and personal address of each Creditor, form of agreement empowering Jacobs & Crumplar to act on behalf of each Creditor, amount of each Creditor's claim, date of acquisition of each Creditor's claim, type of each Creditor's disease, and the pertinent facts regarding the employment of Jacobs & Crumplar is referenced as

Exhibit "B", which has not been attached but may be accessed by parties who obtain court order authorizing access.

3. The nature of the claim held by each Claimant is a personal injury tort claim for damages caused by asbestos products manufactured by the Debtor.

4. Since the Claimants were exposed to asbestos products manufactured by the Debtor more than one year prior to the filing of the above-captioned bankruptcy case, each of the Claimants may have "acquired" his or her claim more than one year prior to the filing of this bankruptcy case. The Claimants affirmatively assert that the statutes of limitations applicable to the claims did not begin to run on the date of exposure and reserve all procedural and substantive rights pertaining to their claims.

5. The Claimants are represented by the Firm under a fee agreement which is subject to the attorney-client privilege. The Firm holds each such instrument as executed between the parties.

6. At time of employment, Jacobs & Crumplar retained a contingency fee interest in each creditor's claim. The times when such interest was acquired in each claim depends upon the date each creditor signed his/her Employment Contract. Amounts paid to date varies per creditor and Jacobs & Crumplar has not sold or disposed of any creditor's claims.

7. The Firm does not hold any claims against or interests in the Debtors, excepting what some could characterize as a beneficial interest (a contingent fee) in certain claims, settlements and/or judgments for asbestos personal injuries of some of the Firm's clients.

8. The filing of the Firm's Verified Statement does not waive any rights including (i) the Claimants' rights to have final orders in non-core matters entered only after *de novo* review by a district judge; (ii) the Claimants' rights to trial by jury in any proceeding and any trial on

their claims, (iii) the Claimants' rights to have the reference withdrawn by the District court in any matter subject to mandatory or discretionary withdrawal or abstention to the extent not previously directed; (iv) the Claimants' rights in not submitting themselves to the jurisdiction of the Bankruptcy Court; or (v) any other rights, claims, actions, defenses, reclamations, setoffs or recoupments to which the Claimants are or may be entitled under any agreements, in law or in equity, all of which rights, claims, actions, defenses, reclamations, setoffs and recoupments of the Firm's Claimants expressly reserve.

9. Jacobs & Crumplar will file an amended and supplemental statement setting forth any material changes in the acts contained in this Verified Statement should any changes occur.

This Statement is filed solely to comply with the format required by the Revised Order Requiring Filing of Statements Pursuant to Fed.R.Bankr.P. 2019, which was entered on October 22, 2004. Exhibits "A" and "B", as defined in the Order, have not been scanned and are available from the Clerk upon motion to and order of the Court.

I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed on January 3, 2005, at Wilmington, Delaware.

                                          Thomas C. Crumplar (Attorney Bar ID # 0942)
**JACOBS & CRUMPLAR, P.A.**
2 East 7th Street, P.O. Box 1271
Wilmington, DE 19899
Telephone: (302) 656-5445
Facsimile: (302) 656-5875
*Attorney for Plaintiffs*

F:\WP70\Bankruptcies\Asbestos Bankruptcies\W.R. Grace Co\Pleadings\123004_Verified Statement (Supplemental) Under Bankruptcy Rule 2019.skm.doc

Sworn to and subscribed before me, a Notary Public, on the day and year aforesaid.

JEANNE M. WHAM
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires July 15, 2007