## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **W. R. GRACE & CO., et al.**[1] | ) | **Chapter 11** |
| | ) | |
| **Debtors.** | ) | **Case No. 01-01139 (JKF)** |
| | ) | **(Jointly Administered)** |

## STIPULATION RESOLVING CLAIMS OF WESTERN PROCESSING TRUST FUND II

This stipulation is entered into this 22d day of December , 2004,

between W.R. Grace & Co. and its affiliates (collectively, the "Debtors") and Western

Processing Trust Fund II ("Claimant").

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

WHEREAS, on April 2, 2001 (the "Petition Date"), the Debtors commenced their respective reorganization cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

WHEREAS, this Court issued its Bar Date Order on April 22, 2002, which established March 31, 2003 as the Bar Date for the filing of certain pre-petition (a) non-asbestos, (b) asbestos property damage, and (c) medical monitoring claims.

WHEREAS, on March 28, 2003, Claimant filed one Proof of Claim against the Debtors with respect to the Kent, Washington property (the "Western Site"), described as follows:

| Claim No. | Amount | Priority | Basis |
|---|---|---|---|
| 8573 | $3,668.73 | Unsecured, Non-Priority | Clean-Up Costs |

WHEREFORE, for good and valuable consideration, the parties hereby stipulate and agree as follows:

1.    Claim Number 8573 shall be allowed as an unsecured, pre-petition, non-priority claim against the chapter 11 estates of the Debtors in the amount of $3,668.73.  All other amounts outlined in Claim No. 8573 shall hereby be disallowed and expunged.

2.  The Debtors acknowledge a pre-petition, unsecured, non-priority claim of Claimant in the total amount of $3,668.73, which claim will be paid, in the same manner as all other similarly situated claims, pursuant to the Debtors' anticipated confirmed chapter 11 Plan or Plans.

3.  The Debtors shall direct their Claims Agent, Rust Consulting, Inc. ("Claims Agent"), to mark the Claims Register to reflect that Claim No. 8573 shall be Allowed as outlined herein.

4.  Claimant agrees that it is forever barred, estopped, and enjoined from asserting any additional pre-petition claims against the Debtors.

K&E 9958790.1

5. The parties shall take whatever additional action, if any, is necessary to make sure that Claim No. 8573 is allowed as outlined herein.

Claimant

By: _____

Name: _Kirk J. Thomson_____

Title: _Trustee._____

W.R. Grace & Co., *et al.*

By: _____
      William M. Corcoran
      Vice President
      Public and Regulatory Affairs