UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------- x
                                                        :
In re                                                   : Chapter 11
                                                        :
W.R. GRACE & Co., et al.,                               : Case No. 01-01139 (JKF)
                                                        :
            Debtors.                                    : Jointly Administered
                                                        :
                                                        : Objection Deadline: January 7, 2005
                                                        : Hearing Date: January 24, 2005, at 12:00 p.m.
------------------------------------------------------- x

**RESPONSE OF THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS IN SUPPORT OF THE DEBTORS' SEVENTH MOTION PURSUANT TO 11 U.S.C. §1121(D) FOR AN ORDER MAINTAINING AND FURTHER EXTENDING EXCLUSIVE PERIODS DURING WHICH ONLY THE DEBTORS MAY FILE A PLAN OF REORGANIZATION AND SOLICIT ACCEPTANCES THEREOF
[RE: DOCKET NO. 7017]**

The Official Committee of Equity Security Holders of W.R. Grace & Co. (the "Equity Committee") strongly supports the Debtors' Seventh Motion (the "Motion") for entry of an order pursuant to Sections 1121(d) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") maintaining and further extending their exclusive right to file a chapter 11 plan of reorganization (the "Exclusive Filing Period") and extending the period under section 1121(c)(3) of the Bankruptcy Code during which the Debtors have the exclusive right to solicit acceptances thereof (the "Exclusive Solicitation Period" and, together with the exclusive Filing Period, the "Exclusive Periods"). The Equity Committee respectfully submits that an extension of the Exclusive Periods makes sense because it would, among other things, foster the environment most conducive to further negotiations in connection with the Plan of Reorganization filed on November 13, 2004 (the "Plan"). The Equity Committee believes that, although the Plan is not currently consensual, there is a realistic possibility that a consensual plan

KL2:2365678.3

can be forged through negotiations. The extension requested by the Debtors will facilitate these negotiations without the distraction of addressing potential competing plans. So long as exclusivity is retained, it is more likely that such negotiations will bear fruit; without exclusivity, it is more likely that the parties will simply disengage and file their own preferred plans.

Even if consensus ultimately proves elusive, there is no current justification for allowing competing plans. The Debtors have filed a plan of reorganization that is clearly confirmable. And by virtue of Asbestos Claims Estimation Motion, the Asbestos Litigation Protocol Case Management Motion and the Solicitation Motion[1], filed concurrently with the Plan, the Debtors have taken steps to establish a comprehensive process to define, estimate and liquidate the Debtors' asbestos related liabilities. Not only will establishing asbestos liabilities set the stage for confirming the Debtors' Plan, it will be essential to *any* non-consensual plan of reorganization. To permit the filing of competing plans while that that process is ongoing would not only serve no useful purpose, but also would likely divert the parties from any constructive negotiations toward a consensual plan.

In light of the Debtors' significant progress reflected in the Plan and Disclosure Statement, the Equity Committee believes that an extension of exclusivity is warranted. The Equity Committee requests that the Motion be granted.

---

[1] Respectively, the Motion for Entry of an Order Seeking the Estimation of Asbestos Claims and Certain Related Relief; Motion for Entry of a Case Management Order Establishing Protocols for Litigating Asbestos-Related Claims Following Plan Confirmation; and Motion for the Entry of an Order Establishing Procedures for Soliciting and Tabulating Votes for the Plan of Reorganization, all dated November 13, 2004

Dated: Wilmington, Delaware
       January 6, 2005

          Respectfully submitted,

          KLETT ROONEY LIEBER & SCHORLING

          By: _____
              Teresa K. D. Currier (ID No. 3080)
              The Brandywine Building
              1000 West Street, Suite 1410
              Wilmington, Delaware 19801
              Telephone: (302) 552-4200
              Facsimile: (302) 552-4295

          - and -

          KRAMER LEVIN NAFTALIS & FRANKEL LLP
              Philip Bentley
              Gary M. Becker
              919 Third Avenue
              New York, New York 10022
              Telephone: (212) 715-9100
              Facsimile: (212) 715-8000

          Attorneys for the Official Committee of
          Equity Security Holders