**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>W.R. GRACE & CO., et al.<br><br>Debtors. | Chapter 11<br><br>Case No. 01-01139 (JKF)<br><br>(Jointly Administered)<br><br>**Objection Deadline: January 7, 2005 at 4:00 p.m.**<br>**Hearing Date: January 24, 2005 at 12:00 p.m.** |

**KERI EVANS' RESPONSE TO DEBTORS' MOTION**
**FOR AN ORDER AUTHORIZING AND APPROVING**
**REIMBURSEMENT OF DEFENSE COSTS AND ADVANCEMENT**
**OF FUNDS TO SETTLE CERTAIN ACTIONS PURSUANT TO**
**NATIONAL UNION'S EMPLOYEE BENEFIT PLAN FIDUCIARY**
<u>**LIABILITY INSURANCE POLICY**</u>

Keri Evans, a participant in the W.R. Grace & Co. Savings & Investment Plan ("S&I Plan"), having filed a complaint (the "Evans ERISA Action") entitled *Keri Evans, On Behalf of Herself And A Class Of All Others Similarly Situated v. John Akers et al.*, in the United States District Court for the District of Massachusetts, Civil Action No. 04-11380 (WGY), by and through her undersigned counsel, objects to the Debtors' Motion For An Order Authorizing And Approving Reimbursement Of Defense Costs And Advancement Of Funds To Settle Certain Actions Pursuant To National Union's Employee Benefit Plan Fiduciary Liability Insurance Policy (the "Motion"),[1] and respectively states as follows:

<u>**BACKGROUND**</u>

1.  In or about June 2004, Evans filed the Evans ERISA Action in the United States District Court for the District of Massachusetts against certain of the Debtors'

---

[1] Capitalized terms shall have the meanings ascribed to them in the Motion unless defined otherwise herein.

17175/2
01/06/2005 1659826.01

officers, directors and key employees who served as fiduciaries of the S&I Plan (the "Non-Debtor Defendants"), claiming violations of the Employee Retirement Income Security Act ("ERISA") by the Non-Debtor Defendants for, *inter alia*, their breach of their fiduciary duties under the S&I Plan.

2. The Evans ERISA Action was stayed by a decision of this Court for all purposes until January 1, 2004. No additional stay has been sought and the Evans ERISA Action is proceeding against the Non-Debtor Defendants.

3. The Debtors' Motion seeks authorization under 11 U.S.C. §105(a) for National Union Fire Insurance Company of Pittsburgh, PA (the "Insurer") to reimburse the defense costs of the non-Debtor defendants in certain Actions, including the Non-Debtor Defendants in the Evans ERISA Action, and to make Settlement Payments in said Actions from the proceeds of the Employee Benefit Plan Fiduciary Liability Insurance Policy (the "Policy").

## RESPONSE

4. Evans contends that the relief requested is not necessary. Indeed, the proceeds of the Policy are not property of the Debtors' estates.

5. In fact, the Debtors admit that the reimbursements and advances will be made from the Insurer's own funds, "not the Debtors' funds." *See* Motion, ¶ 11. Therefore, property of the Debtors' estates is not implicated by the Motion and Bankruptcy Court approval is not required; nor is such approval "necessary or appropriate to carry out the provisions" of title 11 as required by 11 U.S.C. § 105(a).

6. Clearly, the Motion was made out of an abundance of caution (apparently at the request of the Insurer) and relief under 11 U.S.C. §105 is not required. Because the proceeds of the Policy are not property of the Debtors' estates and property of the Debtors' estates is not implicated in any way, the entry of the Order by this Court as requested by the Debtors may infer or imply (i) that such relief is required before the subject payments may be made and (ii) that the proceeds of the Policy may be property of the Debtors' estates.

7. Evans has an interest in the proceeds of the Policy and, therefore, she objects to the entry of an order authorizing reimbursement by the Insurer of defendants' expense costs to the extent the order or the entry of the order infers or implies that (i) such Court approval is necessary and (ii) the proceeds of the Policy are property of the Debtors' estates.

8. Because there is no need for relief under 11 U.S.C. §105(a) to authorize reimbursement of defense costs or payment of Policy proceeds to settle the litigation against the Non-Debtor Defendants, and because, in its present form, the proposed Order, at the very least, implies that the proceeds of the Policy are property of the Debtors' estates (which they are not), the Order should not be entered until it is modified to address the issues raised herein by Evans.

9. Accordingly, any order entered as a result of the Motion should include the following, or substantially similar, language:

A. The title of the Order and the second numbered paragraph should be modified (as shown in italics) to reflect that the relief is provided only to the extent necessary as follows:

**ORDER AUTHORIZING AND
APPROVING *TO THE EXTENT NECESSARY*
REIMBURSEMENT OF DEFENSE COSTS AND
ADVANCEMENT OF FUNDS TO SETTLE CERTAIN
ACTIONS PURSUANT TO NATIONAL UNION'S EMPLOYEE
BENEFIT FIDUCIARY LIABILITY INSURANCE POLICY**

2. The Insured is hereby authorized, *to the extent necessary*, to make payments, reimbursements and/or advancements of Defense Costs...

B. The following language should be added to the Order:

4. Nothing in this Order shall be deemed a determination that the proceeds of the Policy are property of the Debtors' estates.

10. Furthermore, Evans has not engaged in any settlement negotiations with the Non-Debtor Defendants and is not aware of any ongoing settlement negotiations in the other Actions. Accordingly, the request for authorization to advance settlement payments may be premature.

## CONCLUSION

11. Based upon the foregoing, Evans respectfully requests that an Order be entered (i) denying the Motion unless the modifications set forth in paragraph 9 herein are incorporated in the Order, and (ii) granting such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: January 7, 2005 | Respectfully submitted,<br><br>MONZACK & MONACO, P.A.<br><br>By: /s/ Francis A. Monaco, Jr.<br>Francis A. Monaco, Jr. (Bar I.D. No. 2078)<br>1201 N. Orange Street, Suite 400<br>PO Box 2031<br>Wilmington, Delaware 19899-2031<br>(302) 656-8162 (Telephone)<br>(302) 656-2769 (Facsimile)<br><br>LOWENSTEIN SANDLER PC<br>Michael S. Etkin (ME-0570)<br>Ira M. Levee (IL-9958)<br>65 Livingston Avenue<br>Roseland, New Jersey 07068<br>(973) 597-2500 (Telephone)<br>(973) 597-2481 (Facsimile)<br><br>*Bankruptcy Counsel for Keri Evans*<br><br>-and-<br><br>GILMAN & PASTOR, LLP<br>David Pastor, Esq.<br>999 Broadway, Suite 500<br>Sagur, Massachusetts 01906<br>(791) 231-7850 (Telephone)<br>(781) 231-7840 (Facsimile)<br><br>SCHIFFRIN & BARROWAY LLP<br>Joseph H. Meltzer, Esq.<br>Katherine Bornstein, Esq.<br>Three Bala Plaza East, Suite 400<br>Bala Cynwyd, Pennsylvania 19004<br>(610) 667-7706 (Telephone)<br>(610) 667-7056 (Facsimile)<br><br>*Co- Counsel for Keri Evans* |