IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

Re: Docket Nos. 6900, 7306, 7340 & 7343

**DEBTORS' OMNIBUS REPLY TO OBJECTIONS AND BRIEF IN SUPPORT OF MOTION FOR ENTRY OF AN ORDER APPROVING SOLICITATION AND CONFIRMATION PROCEDURES AND SCHEDULE**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby submit this omnibus reply to objections and brief in support (the "Reply") of the motion for entry of an order approving solicitation and confirmation procedures and schedule (the "Confirmation Procedures Motion").[1]

### Introduction

The Debtors received only three objections to the Confirmation Procedures Motion, which were filed by the following parties: (i) the Official Committee of Asbestos Personal Injury Claimants (the "Asbestos PI Committee") on December 21, 2004 (Docket No. 7306) (the "PI Committee Objection"), (ii) the Official Committee of Asbestos Property Damage Claimants (the "Asbestos PD Committee") on December 22, 2004 (Docket No. 7343) (the "PD Committee Objection"); and (iii) the Future Claimants' Representative on December 22, 2004 (Docket No. 7340) (the "Future Claimants' Representative Objection", together with the PI Committee Objection and PD Committee Objection, the "Objections").

---

[1] Capitalized terms not defined herein shall have the same meaning as in the Confirmation Procedures Motion.

The Objections assert the following arguments in opposition to the Confirmation Procedures Motion:

(i) Asbestos classes are impaired under the Plan, and thus entitled to receive ballots and vote;

(ii) The proposed confirmation and solicitation scheduling process is premature, and the dates included therein are unreasonable; and

(iii) Additional notice and time is required to apprise parties in interest of the confirmation process.

The Debtors reply as follows:

(i) <u>Impairment</u>: The Plan's proposed treatment of the asbestos classes is not an issue that is germane to the approval of the Confirmation Procedures Motion, but should be addressed separately by the Court and is addressed by the Debtors in the Debtors' Brief Regarding Certain Confirmation Issues (the "Confirmation Issues Brief");

(ii) <u>Proposed confirmation and solicitation schedule</u>: The objecting parties have ignored the contemplated sequence of Plan Documents approvals and deadlines; the Debtors agree, of course, that deadlines will be derived from the date the Disclosure Statement is ultimately approved; and

(iii) <u>Notice and timing</u>: The Debtors have revised the proposed order and related exhibits (collectively, the "Revised Confirmation Procedures Order") to include additional provisions for noticing, dates and time for parties in interest to obtain and review the Plan-related documents. A copy of the Revised Confirmation Procedures Order is attached hereto as <u>Exhibit A</u>.

### Discussion

**I. Impairment Is A Separate Issue Related To Plan Confirmation And Is Currently Being Addressed Outside The Context Of The Confirmation Procedures Motion**

Each objecting party asserts that the Confirmation Procedures Motion should be denied because the scope of the proposed solicitation procedures is premised upon the unimpaired (and thus non-voting) status of certain classes of asbestos claimants under the Plan. The objecting parties assert that, because these classes are actually impaired by the Plan and thus entitled to vote, the Confirmation Procedures Motion should be denied because it does not seek to solicit

the votes of such classes. These assertions are wholly misplaced. The question of impairment is not one to be raised in the context of the Confirmation Procedures Motion, but rather in connection with Plan confirmation. Accordingly, the Debtors have filed the Confirmation Issues Brief, which addresses, among other things, the treatment of the asbestos classes as unimpaired under the Plan. This and the other threshold confirmation issues will be addressed by the Court prior to the other pending motions, including the Confirmation Procedures Motion. As a result, when the Court turns to the Confirmation Procedures Motion, it will have already addressed the Plan's treatment of the classes of asbestos claims and whether or not such treatment constitutes impairment.

Furthermore, once the Court has ruled on impairment, the requisite confirmation procedures (and the Debtors' steps in connection with the approval of such) will be readily ascertainable. If all classes of asbestos claims are unimpaired by the Plan, the Debtors will simply proceed with the solicitation and noticing processes in the manner set out in the Confirmation Procedures Motion (*i.e.*, soliciting the votes of only the two remaining classes entitled to vote - GUC Claims (Class 9) and Equity Interests in the Parent (Class 10)). In the alternative, should the Court determine that one or more such classes of asbestos claims is impaired under the Plan and thus entitled to vote, the Debtors will either withdraw or amend the Plan.

**II.     The Proposed Solicitation Procedures and Confirmation Timeline Are Appropriate and Reasonable Under The Circumstances**

The PI Committee Objection additionally asserts that the solicitation procedures requested in the Confirmation Procedures Motion are premature because this Court has yet to approve the Disclosure Statement. (See PI Committee Objection, at 1) Here, too, the Asbestos PI Committee fails to recognize the relevant sequence of the Plan-related approval processes. In

this instance, the Asbestos PI Committee neglects to consider that the processes outlined in the Confirmation Procedures Motion and the timeline pursuant to which they are to be implemented call for the Court's prior approval of the Disclosure Statement. Indeed, except with respect to certain precise dates addressed below, all of the key operative components and deadlines contained in the proposed Voting Procedures and confirmation schedule contemplate the prior entry of an order approving the adequacy of the Disclosure Statement (the "Disclosure Statement Order"). (See, e.g., Confirmation Procedures Mot. ¶ 27) (requesting that the Voting Record Date be the date two business days following the date on which the Court enters the Disclosure Statement Order); (see also id. at ¶ 11) (proposing the Solicitation Distribution Date to be twenty days after entry of the Disclosure Statement Order).

The Asbestos PI Committee and Asbestos PD Committee also take issue with the Debtors' use of specific dates with respect to the Confirmation Hearing and Voting Deadline, and the Debtors' proposed timeline for Plan objections and briefing. (See PI Committee Objection, at 2) (asserting that the Debtors' suggested dates for the Voting Deadline and Confirmation Hearing of April 1 and June 27, 2005, respectively, are premature); (see also PD Committee Objection ¶ 59) (questioning the time allotted for briefing and discovery). The Debtors agree that such specific dates and deadlines must be adjusted to reflect this Court's subsequent adjournment of relevant hearings from December 20, 2004 to January 21, 2005 (and with respect to any such further time that is required prior to entry of the Disclosure Statement Order). The Debtors therefore prepared the Revised Confirmation Procedures Order (and related exhibits) to allow for adjustments that account for the relevant hearing adjournments and any additional scheduling requirements.

The Debtors nevertheless believe that the same general six-month timeline should be applied with respect to the various key dates and filing deadlines for the Plan confirmation process. The Debtors believe that a six-month timeline -- from the date of entry of the Disclosure Statement Order to the Confirmation Hearing -- provides for adequate time to (a) permit interested parties to review and vote on the Plan, and (b) allow the Court to address other matters that are relevant to confirmation, including proceedings related to a case management order and estimation of asbestos claims.

With respect to the dates for the Confirmation Hearing and related objection and reply deadlines, these dates can be changed in the event that subsequent events should dictate a need for additional time. At the present, however, no such extension is necessary.

### III. The Proposed Notice Procedures Have Been Revised To Adequately Apprise Potentially Interested Parties Of The Plan Confirmation and Solicitation Process

Finally, the PD Committee Objection asserts that the notice procedures proposed in the Confirmation Procedures Motion are not adequate with respect to asbestos claims. (See PD Committee Objection ¶ 60) In consideration thereof, and at the similar suggestion of the Unsecured Creditors' Committee, the Debtors revised their proposed notice procedures to further expand the scope of notice through additional publications (including specific asbestos-related publications) and to require that such notice be published twenty-five days in advance of the Voting Deadline (as opposed to twenty-five days in advance of the Confirmation Hearing). This will allow interested parties additional time to obtain and review the Plan Documents and participate, if desired, in the confirmation process. (See Revised Confirmation Procedures Order ¶ 12)

WHEREFORE, this Court should overrule the Objections, and enter an order substantially in the form of that which is attached hereto as <u>Exhibit A</u>.

Dated: January 7, 2005

Respectfully submitted,

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet S. Baer
Jonathan P. Friedland
200 East Randolph Drive
Chicago, IL 60601
Telephone:   (312) 861-2000
Facsimile:    (312) 861-2200

KIRKLAND & ELLIS LLP
Bennett L. Spiegel
777 South Figueroa Street
Los Angeles, CA 90017
Telephone:   (213) 680-8400
Facsimile:    (213) 680-8500
-and-

PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.

*/s/ Paul W Carickhoff/*

Laura Davis Jones (Bar No. 2436)
David W. Carickhoff, Jr. (Bar No. 3715)
919 North Market Street, 16th Floor,
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone:   (302) 652-4100
Facsimile:    (302) 652-4400

Co-Counsel for the Debtors and Debtors in Possession