# Exhibit A

**Revised Confirmation Procedures Order**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | | Re: Docket No. 6900 and |
| | | 1/24/05 Agenda Item 1 |

## REVISED ORDER APPROVING SOLICITATION AND CONFIRMATION PROCEDURES AND SCHEDULE

Upon the motion (the "Confirmation Procedures Motion")[2] of the Debtors seeking

entry of an order approving solicitation and confirmation procedures and schedule; and it

appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334;

and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and

it appearing that venue of this proceeding and the Confirmation Procedures Motion is proper in

this District pursuant to 28 U.S.C. §§ 1408 and 1409; and adequate notice of the Confirmation

---

[1]     The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2]     Capitalized terms not defined herein shall have the same meaning as in the Confirmation Procedures Motion.

Procedures Motion having been given; and it appearing that no other notice need be given; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

*Confirmation Hearing:*

1.      A hearing (the "Confirmation Hearing") to consider confirmation of the Debtors' Amended Joint Plan of Reorganization (as may be further amended, the "Plan") will commence on the _____ day of _____, 2005, at ____:00 ___.m., prevailing Eastern time, before the Honorable Judith K. Fitzgerald, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware.   The Court will consider the substantive consolidation of the Debtors' estates that is requested in the Plan as an aspect of confirmation of the Plan.

2.      The Confirmation Hearing may be continued from time to time by announcing such continuance in open court and providing written notice to parties that have filed Voting Motions or objections to confirmation.

*Plan Objection and Voting Deadline:*

3.      The deadline to file objections to confirmation of the Plan (the "Plan Objection Deadline") is 4:00 p.m., prevailing Eastern time on the date which is twenty-five (25) calendar days prior to the Confirmation Hearing.

4.      All objections to confirmation of the Plan, including objections to the substantive consolidation of the Debtors proposed by the Plan, must be served in a manner so that they are actually received on or before 4:00 p.m., prevailing Eastern time, on the Plan Objection Deadline by the following parties (the "Notice Parties"):

| | |
|---|---|
| **Co-Counsel to the Debtors:**<br>Kirkland & Ellis LLP<br>777 South Figueroa Street, 37th Floor<br>Los Angeles, CA 90017<br>Attn: Bennett L. Spiegel / Lori Sinanyan<br>Telephone: (213) 680-8400<br>Facsimile: (213) 680-8500<br><br>and<br><br>Kirkland & Ellis LLP<br>200 East Randolph Drive<br>Chicago, IL 60601<br>Attn: Jonathan Friedland / Ryan Bennett<br>Telephone: (312) 861-2000<br>Facsimile: (312) 861-2200<br><br>and<br><br>Pachulski, Stang, Ziehl, Young, Jones<br>& Weintraub P.C.<br>919 North Market Street, Suite 1600<br>P.O. Box 8705<br>Wilmington, DE 19899-8705 (Courier 19801)<br>Attn: Laura Davis Jones / David Carickhoff<br>Telephone: (302) 652-4100<br>Facsimile: (302) 652-4400 | **United States Trustee**<br>Office of U.S. Trustee<br>J. Caleb Boggs Federal Building<br>844 N. King Street, Suite 2207<br>Lock Box 35<br>Wilmington, DE 19801<br>Attn: Frank Perch, Esq.<br><br>**Counsel to the Asbestos PI Committee:**<br>Caplin & Drysdale, Chartered<br>One Thomas Circle NW, Suite 1100<br>Washington D.C. 20005<br>Attn: Peter Van N. Lockwood<br>Telephone: (202) 862-5000<br>Facsimile: (202) 429-3301 |
| **Counsel to the Future Claimants' Representative:**<br>Swidler, Berlin, Shereff, Friedman LLP<br>The Washington Harbour<br>3000 K Street, NW, Suite 300<br>Washington, DC 20007<br>Attn: Roger Frankel<br>Telephone: (202) 424-7500<br>Facsimile: (202) 424-7643 | **Counsel to the Asbestos PD Committee:**<br>Bilzin Sumberg Baena Price & Axelrod LLP<br>200 South Biscayne Blvd., Suite 2500<br>Miami, FL 33131-2336<br>Attn: Scott L. Baena / Jay Sacalo / Minda A. Mora<br>Telephone: (305) 374-7580<br>Facsimile: (305) 374-7593 |
| **Counsel to the Unsecured Creditors' Committee:**<br>Stroock & Stroock & Lavan LLP<br>180 Maiden Lane<br>New York, NY 10038-4982<br>Attn: Lewis Kruger / Arlene Krieger<br>Telephone: (212) 806-5400<br>Facsimile: (212) 806-6006 | **Counsel to the Equity Committee:**<br>Kramer Levin Naftalis & Frankel LLP<br>919 Third Avenue<br>New York, NY 10022<br>Attn: Phillip Bentley / Gary M. Becker<br>Telephone: (212) 715-9100<br>Facsimile: (212) 715-8000 |

5.     All objections to the Plan shall (a) state with particularity the legal and factual grounds for such objection, (b) provide, where applicable, the specific text, if any, that the objecting party believes to be appropriate to insert into the Plan, and (c) describe the nature and amount of the objector's Claim or Equity Interest.

3

6.      Objections not timely filed and served in accordance with the provisions of this Order shall not be heard and shall be overruled.

7.      The Debtors may file an omnibus reply (the "Omnibus Reply Brief in Support of Confirmation") to any timely-filed objection(s) and/or supplemental brief in support of confirmation on or before the date which is ten (10) calendar days before the Confirmation Hearing, and the Debtors shall serve a copy of their Omnibus Reply Brief in Support of Confirmation by facsimile transmission or overnight mail on the same date upon the relevant objecting parties and the Notice Parties.

8.      The Debtors shall file the Plan Supplement described in the Plan on or before the date which is ten (10) calendar days before the Confirmation Hearing

9.      All ballots or master ballots accepting or rejecting the Plan ("Ballots" and "Master Ballots", respectively) must be received by BMC Corp. (the "Voting Agent") by 4:00 p.m., prevailing Eastern time, no later than _____, ____, 2005 (the "Voting Deadline"), at the following address:

**By U.S. Mail:**

BMC
Attn:  W. R. Grace Voting Agent
P.O. Box 913
El Segundo, CA 90245-0913

**By Courier:**

BMC
Attn:  W. R. Grace Voting Agent
1330 E. Franklin Avenue
El Segundo, CA 90245

10.      The Court may extend or waive the period during which votes will be accepted, in which case the Voting Deadline for such solicitation shall mean the last time and date to which such solicitation is extended.

4

*Form and Manner of Confirmation Hearing and Solicitation Packages Notice:*

11.     The Confirmation Hearing Notice, substantially in the form attached to this Revised Confirmation Procedures Order as <u>Exhibit A</u>, is hereby approved.  Except as otherwise provided herein, the Debtors are directed to mail the Confirmation Hearing Notice to all parties on the mailing matrix maintained by the Debtors' notice and claims agent (which includes all creditors and equity security holders) on or before the date which is not less than twenty-five (25) calendar days before the Voting Deadline.

12.     Not less than twenty-five (25) calendar days before the Voting Deadline, the Debtors shall also publish the Confirmation Hearing Notice once in each of the following publications (a) the weekday edition of the national editions of *The Wall Street Journal*, *USA Today* and *The New York Times*, and (b) Andrews's Asbestos Litigation Reporter and Mealey's Litigation Report: Asbestos (or such other comparable publications, as determined by the Debtors' Notice Consultant).

13.     Not more than twenty (20) days after the date on which this Court enters the Disclosure Statement Order (the "Solicitation Distribution Date"), the Debtors shall mail the following solicitation materials (the "Solicitation Package") to those parties entitled to vote to accept or reject the Plan: (i) the Disclosure Statement; (ii) the appropriate Ballot(s) and/or Master Ballot(s) and Voting Instructions; (iii) the Voting Procedures, (iv) the Exhibit Book (including the Plan which is annexed as Exhibit 1 thereto); (v) the Confirmation Hearing Notice; and (vi) a pre-addressed return envelope.  The Debtors shall also cause the Plan, Disclosure Statement, Confirmation Hearing Notice, Exhibit Book and this Revised Confirmation Procedures Order (with all exhibits) to be posted on their website at  http://www.grace.com  and the website maintained by the Voting Agent at http://www.bmccorp.net.

14.     At the Debtors' discretion, the Voting Agent may, in the interests of economy, distribute the Disclosure Statement and Exhibit Book on CD-Rom diskettes, in lieu of printed paper, in connection with the distribution of Solicitation Packages.  Should a Holder of a Claim or Equity Interest request printed copies of the subject documents, the Voting Agent shall mail such documents to the requesting Holder at the Debtors' expense.

15.     To avoid duplication and reduce expenses, Claimants who have more than one Claim shall receive only one Solicitation Package, but shall receive one Ballot for each Claim. Each Claim held by a particular creditor as a result of such Claim having been transferred to such creditor by another creditor (or former creditor), either before or after the Petition Date, constitutes a separate Claim.

16.     If a Claimant has filed proofs of claim against more than one Debtor for the same debt obligation, the Claimant shall receive only a single Ballot with respect to that obligation and the corresponding vote shall count as a single vote, whether or not the Claimant submits multiple Ballots.  Ballots solicited and tabulated pursuant to this paragraph may be used to confirm the Plan only if the Court orders substantive consolidation of the Debtors' estates as the Plan requests.

17.     On or before the Solicitation Distribution Date, the Debtors shall mail or cause to be mailed this Revised Confirmation Procedures Order (with all exhibits), the Confirmation Hearing Notice, together with the Notification of Non-Voting Class Status (in the form attached to this Revised Confirmation Procedures Order as Exhibit D), to all Holders of Claims or Equity Interests in Classes which are not entitled to vote to accept or reject the Plan.

18.     On or before the Solicitation Distribution Date, the Debtors shall mail or cause to be mailed copies of this Revised Confirmation Procedures Order (with exhibits), the

Confirmation Hearing Notice, together with the Notification of Non-Voting Claim Status (in the form attached to this Revised Confirmation Procedures Order as Exhibit E) to those Holders of Claims and Interests for which the Debtors have filed an objection that is pending as of the Voting Record Date.

19.     On or before the Solicitation Distribution Date, the Debtors shall mail or cause to be mailed copies of this Revised Confirmation Procedures Order (with exhibits) and the Confirmation Hearing Notice to all parties requesting notice in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002 who are not otherwise Holders of Claims or Interests in Classes that are entitled to vote to accept or reject the Plan.

20.     The Debtors are excused from re-mailing Solicitation Packages or Notices, as the case may be, to those entities whose addresses differ from the addresses in the claims register or the Debtors' records as of the Voting Record Date, or whose Solicitation Packages or Confirmation Hearing Notices are returned for any other reason not the fault of the Debtors.

*Voting Record Date:*

21.     Pursuant to Bankruptcy Rule 3018(a), the record date for purposes of determining which creditors are entitled to receive Solicitation Packages and, where applicable, vote on the Plan shall be the date which is two (2) business days following the date on which this Court enters the Disclosure Statement Order (the "Voting Record Date").  The Debtors shall specify the Voting Record Date in the Confirmation Hearing Notice.  Only Holders of Claims and Equity Interests as of the Voting Record Date shall be entitled to vote to accept or reject the Plan.

22.     With respect to a Claim transferred after the applicable proof of claim has been filed, the transferee shall be entitled to receive a Solicitation Package and cast a Ballot on account of such Claim only if (a) all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Voting Record Date or (b) the

7

transferee files by the Voting Record Date (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer and (ii) a sworn statement of the transferor supporting the validity of the transfer.

23.     Unless otherwise listed on the Debtors' Schedules' as non-contingent, liquidated and undisputed, in the event a proof of claim is withdrawn after the Voting Record Date, any Ballot or Master Ballot submitted with respect to the Claim represented by such proof of claim shall not be counted.

*Form of Ballots, Voting Instructions and Notification of Non-Voting Status:*

24.     The Ballot, Master Ballot and Voting Instructions, substantially in the forms collectively attached to this Revised Confirmation Procedures Order as Exhibit C, are hereby approved.

25.     All votes to accept or reject the Plan must be cast by using the appropriate Ballot and Master Ballot.

26.     The Notification of Non-Voting Class Status, substantially in the form attached to this Revised Confirmation Procedures Order as Exhibit D, is hereby approved.

27.     The Notification of Non-Voting Claim Status, substantially in the form attached to this Revised Confirmation Procedures Order as Exhibit E is hereby approved.

*Voting Procedures and Determination of Voting Status:*

28.     The Voting Procedures annexed to this Revised Confirmation Procedures Order as Exhibit B are hereby approved.

29.     Solely for purposes of voting to accept or reject the Plan — and not for any other purpose, including the allowance or distribution on account of a Claim, and without prejudice to the rights of the Debtors in any other context — each Claim within a Class of Claims entitled to

8

vote to accept or reject the Plan shall be temporarily Allowed in accordance with the following rules (the "Tabulation Rules"):

30. **Claims and Equity Interests:**  With respect to the tabulation of Ballots and Master Ballots for all Claims and Equity Interests, for purposes of voting, the amount to be used to tabulate acceptance or rejection of the Plan is as follows (in order of priority):

    i.    If, prior to the Voting Deadline, (i) this Court enters an order fully or partially allowing a Claim or Equity Interest, whether for all purposes or for voting purposes only, or (ii) the Debtors and the Holder of a Claim or Equity Interest agree to fully or partially allow such Claim or Equity Interest for voting purposes only and no objection to such allowance is received by the Debtors within seven (7) calendar days after service by first-class mail of notice of such agreement to the parties upon whom notice is required, the amount allowed thereunder.

    ii.    The liquidated amount specified in a proof of claim timely filed in accordance with the March 2003 Bar Date Order (where applicable), so long as such Claim or Equity Interest has not been disallowed or expunged by this Court and, as of the Confirmation Hearing, is not the subject of a pending objection for which a Voting Motion has not been timely filed.

    iii.    The Claim amount listed in the Schedules as liquidated, undisputed, and noncontingent.

    iv.    If a Claim is recorded on a proof of claim as unliquidated, contingent and/or undetermined as to amount only in part, the Holder of the Claim shall be entitled to vote the portion of the Claim that is liquidated, noncontingent and undisputed in the liquidated, noncontingent and undisputed amount, subject to any limitations set forth herein and unless otherwise ordered by this Court.

    v.    Wholly Unliquidated, Contingent and/or Undetermined Claims:  If a proof of claim has been timely filed in accordance with the March 2003 Bar Date Order and such Claim is wholly unliquidated, contingent and/or undetermined, the Claim amount, for voting purposes only, shall be $1.00 so long as such Claim has not been disallowed or expunged by the Court and, as of the Confirmation Hearing, is not the subject of a pending objection for which a Voting Motion has not been timely filed.

31. **Voting Notice and Voting Motion:**  The Debtors shall provide notice (the "Voting Notice") of the "one dollar, one vote" procedure to Holders of filed Claims and Equity

Interests that are wholly unliquidated, contingent and/or undetermined as to amount by first class mail on or before the Solicitation Distribution Date.  The Voting Notice, substantially in the form of that which is attached to this Revised Confirmation Procedures Order as <u>Exhibit F</u>, will inform the claimants of the "one dollar, one vote" provision and will further state that any claimant wishing to have its Claim or Equity Interest allowed for voting purposes in an amount greater than one dollar must file, within twenty (20) calendar days after service of the Voting Notice, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim or Equity Interest in a different amount for purposes of voting (a "Voting Motion").

32.     A Voting Motion must set forth with particularity the amount and classification at which such claimant or interest Holder believes its Claim or Equity Interest should be allowed for voting purposes, and the evidence in support of that belief.  Unless otherwise ordered by this Court, a hearing regarding timely-filed Voting Motions, if any, shall be held at the commencement of the Confirmation Hearing.  In connection with such hearing, the Debtors shall be excused from compliance with Bankruptcy Rule 3007 and Del. Bankr. LR 3007-1(e)(4)(C). A ruling on a Voting Motion will determine only the voting rights with respect to a Claim or Equity Interest; the ruling will not affect the rights of the Holder of the Claim or Equity Interest, the Debtors or their successors with respect to allowance and distribution with respect to the Claim or Equity Interest.

33.     **Determination of Number of Equity Interests Voted by Beneficial Owners of Equity Interests in the Parent:**  Each beneficial owner of an Equity Interest in the Parent is entitled to a vote equal to the number of such beneficial owner's shares of Parent Common Stock as of the Voting Record Date.

34.    **Distribution of Solicitation Packages and Ballots to Beneficial Holders of Claims Arising From One or Both of the Debtors' Prepetition Credit Facilities:**  Within three (3) business days after the Voting Record Date, the agent for the Prepetition Bank Group (the "Bank Group Agent") will provide to the Voting Agent a separate list of the Holders of record of bank debt Claims (each a "Bank Debt Claim") arising from each of the Debtors' Prepetition Credit Facilities as of the Voting Record Date with respect to each Credit Facility. The list shall include addresses to which the Voting Agent shall directly send Solicitation Packages on behalf of each Holder of a Bank Debt Claim, and the amount of the Bank Debt Claim consisting of principal amount of the debt and accrued interest as of the Petition Date held by such Holder under the applicable Prepetition Credit Facility.

35.    Subject to all other non-conflicting provisions and requirements in this Revised Confirmation Procedures Order and the Voting Procedures, the Ballots of Holders of Bank Debt Claims are to be completed and returned to the Voting Agent by the Voting Deadline, with a request that a copy be sent to the Bank Group Agent, to the extent possible.  The Bank Group Agent may request that the Voting Agent forward further copies of Solicitation Packages to the Bank Group Agent or to an addressee to be nominated by the Bank Group Agent, promptly on receipt by the Voting Agent of such request.

*Voting and Tabulation Procedures:*

36.    A Ballot or Master Ballot will not be counted if any of the following, without limitation, applies to such Ballot or Master Ballot:

     i.    The Holder submitting the Ballot or Master Ballot is not entitled to vote pursuant to section 5(a) of the Voting Procedures.

    ii.    The Ballot or Master Ballot is not ***actually received*** by the Voting Agent in the manner set forth herein by the Voting Deadline.

11

iii.    The Ballot or Master Ballot is returned to the Voting Agent indicating acceptance or rejection of the Plan but is unsigned.

iv.    The Ballot or Master Ballot is received after the Voting Deadline, regardless of when it is postmarked.

v.    The Ballot or Master Ballot is illegible or contains insufficient information to permit the identification of the Claimant or Equity Interest Holder.

vi.    The Ballot or Master Ballot is transmitted to the Voting Agent by facsimile or other electronic means.

vii.    The Ballot or Master Ballot is submitted in a form that is not appropriate for such Claim or Equity Interest.

37.    The following general voting procedures and standard assumptions shall be used in tabulating votes:

i.    A Holder of a Claim or Equity Interest may not split his, her, or its vote. Accordingly, except as provided otherwise in the Voting Procedures, (a) each creditor or interest holder shall have a single vote for each Claim within a particular class held by such holder as of the Voting Record Date, (b) the full amount of all such creditor or interest holder's Claim or Equity Interest (calculated in accordance with these procedures) within a particular Class (as reflected on the respective Ballot(s) and/or Master Ballot(s))shall be deemed to have been voted either to accept or reject a Plan, and (c) any Ballot that partially rejects and partially accepts the Plan shall not be counted.

ii.    The Voting Agent, in its discretion, may contact voters to cure any defects in a Ballot or Master Ballot.

iii.    Subject to section 9(d) of the Voting Procedures, if multiple Ballots are received on or prior to the Voting Deadline on account of the same Claim or Equity Interest, in the absence of contrary information establishing which Holder held such Claim or Equity Interest as of the Voting Record Date, the last valid Ballot that is received by the Voting Agent prior to the Voting Deadline will be the Ballot that is counted. In the event multiple conflicting Ballots are received on account of the same Claim or Equity Interest on the same day, such Ballots will be disregarded.

iv.    If multiple Ballots are received prior to the Voting Deadline from a Holder of a Claim or Equity Interest and someone purporting to be his, her, or its attorney or agent, the Ballot received from the Holder of the Claim or Equity Interest will be the Ballot that is counted, and the vote of the purported attorney or agent will not be counted.

v.       There shall be a rebuttable presumption that any Claimant or interest holder who submits a properly completed superseding Ballot on or before the Voting Deadline has sufficient cause, within the meaning of Bankruptcy Rule 3018(a), to change or withdraw such Holder's acceptance or rejection of the Plan.

vi.      A Ballot that is completed, but on which the Claimant or interest holder did not note whether to accept or reject the Plan, shall not be counted as a vote to accept or reject the Plan.

vii.     Separate proofs of claim filed against multiple Debtors on account of the same underlying debt obligation shall be deemed, collectively, to be one Claim for voting purposes.

viii.    Single proofs of claim filed against multiple Debtors (e.g., proofs of claim filed against "W. R. Grace & Co. et al.) shall be deemed to be one Claim for voting purposes.

ix.     Where a Holder of a Claim or Equity Interest chooses to both accept and reject the Plan on the same Ballot, such Ballot shall not be counted as a vote to accept or reject the Plan.

38.     The Voting Agent shall file a certification of Ballots no later than seven (7) calendar days prior to the Confirmation Hearing. If pending Voting Motions or any other matters may affect the voting results, a representative of the Voting Agent shall attend the Confirmation Hearing to prepare and submit an updated certification of Ballots.

39.     The Debtors are authorized and empowered to take all actions and execute such other documents as may be necessary to implement the relief granted herein.

13

40.     This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Revised Confirmation Procedures Order.

Dated:_____, 2005

_____
Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

## Exhibit A

## Confirmation Hearing Notice

**Exhibit A**

**Confirmation Hearing Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

TO:  **[INSERT]**

PLEASE TAKE NOTICE that on January __, 2005, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed that certain Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (as it may further be amended, the "Plan"), and an Amended Disclosure Statement with respect to the Plan (as it may further be amended, the "Disclosure Statement").[2]

PLEASE TAKE FURTHER NOTICE that on [_____], 2005, after notice and a hearing, pursuant to section 1125 of title 11 of the United States Code (the "Bankruptcy Code"), the Bankruptcy Court approved the Disclosure Statement as providing adequate information for

---

[1]    The Debtors consist of the following 62 entities:  W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc.,  CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2]    All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Glossary, which is Exhibit 2 to the Exhibit Book, filed on January __, 2005.

A-1

Holders of claims and interests to make a decision as to whether to accept or reject the Plan.  In addition, the Bankruptcy Court has entered an order (the "Revised Confirmation Procedures Order") establishing procedures for creditors and interest holders to vote to accept or reject the Plan, including (i) approving the forms of ballots, balloting instructions and solicitation and tabulation procedures, (ii) establishing a voting deadline, and (iii) scheduling dates in connection with Plan confirmation. The Revised Confirmation Procedures Order establishes the deadline by which votes to accept or reject the Plan must be <u>actually received</u> by BMC Corp. (the "Voting Agent" or "BMC") as of _____ ___, 2005, at 4:00 p.m. (prevailing Eastern time) (the "Voting Deadline").

**PLEASE TAKE FURTHER NOTICE that the Plan proposes injunctions under Bankruptcy Code §§ 524(g) and 105, applicable to all persons and entities, that result in the permanent channeling of all Asbestos PI-SE Claims, Asbestos PI-AO Claims and Asbestos PD Claims against the Debtors and various other entities, to an Asbestos Trust as described in the Plan.  These injunctions provide the Debtors and the other identified parties in the Plan with a release from further liability on account of the claims covered by the particular injunctions.  You should read the Plan and the Disclosure Statement for a more complete discussion of how such injunctions will operate and affect your rights.**

PLEASE TAKE FURTHER NOTICE that:

A hearing (the "Confirmation Hearing") will be held before the Honorable Judith K. Fitzgerald, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Western District of Pennsylvania, 5414 U.S. Steel Tower, 600 Grant Street, Pittsburgh, PA, 15219, **on _____ ___, 2005, at ___:00 __.m. (prevailing Eastern time)** or as soon thereafter as counsel may be heard, to consider the entry of an order, among other things, confirming the Plan under section 1129 of the Bankruptcy Code.

In accordance with the Revised Confirmation Procedures Order, copies of the other materials in the Solicitation Package [3] should have been received by you or your authorized agent if you are entitled to vote to accept or reject the Plan.   If you did not receive a Solicitation Package, but wish to receive one, you should send a written request via U.S. Mail to BMC, Attn.: W. R. Grace Voting Agent, P.O. Box 913, El Segundo, CA 90245-0913.  Creditors and interest holders who are entitled to vote on the Plan should receive ballots and instructions for voting in their Solicitation Package.  Creditors who are holders of claims in classes that are not entitled to vote on the Plan should receive only a copy of this notice, the Revised Confirmation Procedures Order (with exhibits), and a notification of non-voting status.

Holders of untimely filed claims or claims that are subject to a pending objection will receive this notice, a Notification of Non-Voting Claim Status and the Revised Confirmation Procedures Order (with exhibits). If such holders wish to vote on the Plan, such holders must each file a motion with the Bankruptcy Court, pursuant to Bankruptcy Rule 3018(a), requesting temporary allowance of their claim in an amount which the Bankruptcy Court deems proper

---

[3]   Contents of the Solicitation Package are described in detail in the Confirmation Procedures Motion, and include the following documents:  (i) Plan, (ii) Disclosure Statement, (iii) Exhibit Book, (iv) Voting Procedures, (v) Voting Instructions and Ballot(s).

solely for the purpose of casting a vote to accept or reject the Plan (a "Voting Motion"). Likewise, if the holder of a wholly-unliquidated Claim, or a Claim filed in the amount of $0.00 or an indeterminate amount, wishes to vote in an amount other than $1.00, then such Holder must file a Voting Motion.  In any case, a Voting Motion must be served upon the following notice parties:

| | |
|---|---|
| **Co-Counsel to the Debtors:**<br>Kirkland & Ellis LLP<br>777 South Figueroa Street, 37th Floor<br>Los Angeles, CA 90017<br>Attn:  Bennett L. Spiegel / Lori Sinanyan<br>Telephone:        (213) 680-8400<br>Facsimile:        (213) 680-8500<br><br>and<br><br>Kirkland & Ellis LLP<br>200 East Randolph Drive<br>Chicago, IL 60601<br>Attn:  Jonathan Friedland / Ryan Bennett<br>Telephone:        (312) 861-2000<br>Facsimile:        (312) 861-2200<br><br>and<br><br>Pachulski, Stang, Ziehl, Young, Jones<br>& Weintraub P.C.<br>919 North Market Street, Suite 1600<br>P.O. Box 8705<br>Wilmington, DE 19899-8705 (Courier 19801)<br>Attn:  Laura Davis Jones ./ David Carickhoff<br>Telephone:        (302) 652-4100<br>Facsimile:        (302) 652-4400 | **United States Trustee**<br>Office of U.S. Trustee<br>J. Caleb Boggs Federal Building<br>844 N. King Street, Suite 2207<br>Lock Box 35<br>Wilmington, DE  19801<br>Attn: Frank Perch, Esq.<br><br><br>**Counsel to the Asbestos PI Committee:**<br>Caplin & Drysdale, Chartered<br>One Thomas Circle NW, Suite 1100<br>Washington  D.C. 20005<br>Attn:  Peter Van N. Lockwood<br>Telephone:        (202) 862-5000<br>Facsimile:        (202) 429-3301 |
| **Counsel to the Future Claimants' Representative:**<br>Swidler, Berlin, Shereff, Friedman LLP<br>The Washington Harbour<br>3000 K Street, NW, Suite 300<br>Washington, DC 20007<br>Attn:  Roger Frankel<br>Telephone:        (202) 424-7500<br>Facsimile:        (202) 424-7643 | **Counsel to the Asbestos PD Committee:**<br>Bilzin Sumberg Baena Price & Axelrod LLP<br>200 South Biscayne Blvd., Suite 2500<br>Miami, FL  33131-2336<br>Attn:  Scott L. Baena / Jay Sacalo / Minda A. Mora<br>Telephone:        (305) 374-7580<br>Facsimile:        (305) 374-7593 |
| **Counsel to the Unsecured Creditors' Committee:**<br>Stroock & Stroock & Lavan LLP<br>180 Maiden Lane<br>New York, NY  10038-4982<br>Attn:  Lewis Kruger / Arlene Krieger<br>Telephone:        (212) 806-5400<br>Facsimile:        (212) 806-6006 | **Counsel to the Equity Committee:**<br>Kramer Levin Naftalis & Frankel LLP<br>919 Third Avenue<br>New York, NY 10022<br>Attn:  Phillip Bentley / Gary M. Becker<br>Telephone:        (212) 715-9100<br>Facsimile:        (212) 715-8000 |

**All Voting Motions must be filed within twenty (20) calendar days after the later of (i) service of the Confirmation Hearing Notice and (ii) service of the notice of an objection, if any, to such Claim or Equity Interest.** If counsel has filed a Voting Motion, it shall submit a

copy of such Voting Motion along with a completed ballot (reflecting the vote amount requested in the corresponding Voting Motion) to the Voting Agent. The ballot will be counted only if the Voting Motion is granted and in the amount ordered by the Bankruptcy Court.

To be counted, a ballot (or a master ballot, in the case of Equity Interests in the Parent) to accept or reject the Plan must be actually received by the Voting Agent by the Voting Deadline. In accordance with the Revised Confirmation Procedures Order, ballots or master ballots may be delivered: **(i) by delivery or courier to: BMC, Attn.: W. R. Grace Voting Agent, 1330 E. Franklin Avenue, El Segundo, CA 90245 or (ii) by U.S. Mail to: BMC, Attn.: W. R. Grace Voting Agent, P.O. Box 913, El Segundo, CA 90245-0913.**

**The Voting Deadline is _____ ___, 2005, at 4:00 p.m., prevailing Eastern time.**

Responses and objections, if any, to the confirmation of the Plan or any of the other relief sought by the Debtors in connection with confirmation of the Plan, must (a) be in writing and state with particularity the grounds therefore, (b) be filed with the Bankruptcy Court and served, in a manner so as to be received by the following parties, no later than 4:00 p.m., prevailing Eastern time, on the date which is twenty-five days prior to the Confirmation Hearing:

| Co-Counsel to the Debtors: | United States Trustee |
|---|---|
| Kirkland & Ellis LLP | Office of U.S. Trustee |
| 777 South Figueroa Street, 37th Floor | J. Caleb Boggs Federal Building |
| Los Angeles, CA 90017 | 844 N. King Street, Suite 2207 |
| Attn: Bennett L. Spiegel / Lori Sinanyan | Lock Box 35 |
| Telephone: (213) 680-8400 | Wilmington, DE 19801 |
| Facsimile: (213) 680-8500 | **Attn: Frank Perch, Esq.** |
| | |
| and | |
| | |
| Kirkland & Ellis LLP | |
| 200 East Randolph Drive | |
| Chicago, IL 60601 | |
| Attn: Jonathan Friedland / Ryan Bennett | **Counsel to the Asbestos PI Committee:** |
| Telephone: (312) 861-2000 | Caplin & Drysdale, Chartered |
| Facsimile: (312) 861-2200 | One Thomas Circle NW, Suite 1100 |
| | Washington D.C. 20005 |
| and | Attn: Peter Van N. Lockwood |
| | Telephone: (202) 862-5000 |
| Pachulski, Stang, Ziehl, Young, Jones | Facsimile: (202) 429-3301 |
| & Weintraub P.C. | |
| 919 North Market Street, Suite 1600 | |
| P.O. Box 8705 | |
| Wilmington, DE 19899-8705 (Courier 19801) | |
| Attn: Laura Davis Jones / David Carickhoff | |
| Telephone: (302) 652-4100 | |
| Facsimile: (302) 652-4400 | |

A-4

| **Counsel to the Future Claimants' Representative:** | **Counsel to the Asbestos PD Committee:** |
|---|---|
| Swidler, Berlin, Shereff, Friedman LLP | Bilzin Sumberg Baena Price & Axelrod LLP |
| The Washington Harbour | 200 South Biscayne Blvd., Suite 2500 |
| 3000 K Street, NW, Suite 300 | Miami, FL 33131-2336 |
| Washington, DC 20007 | Attn: Scott L. Baena / Jay Sacalo / Minda A. Mora |
| Attn: Roger Frankel | Telephone:      (305) 374-7580 |
| Telephone:      (202) 424-7500 | Facsimile:      (305) 374-7593 |
| Facsimile:      (202) 424-7643 | |
| **Counsel to the Unsecured Creditors' Committee:** | **Counsel to the Equity Committee:** |
| Stroock & Stroock & Lavan LLP | Kramer Levin Naftalis & Frankel LLP |
| 180 Maiden Lane | 919 Third Avenue |
| New York, NY 10038-4982 | New York, NY 10022 |
| Attn: Lewis Kruger / Arlene Krieger | Attn: Phillip Bentley / Gary M. Becker |
| Telephone:      (212) 806-5400 | Telephone:      (212) 715-9100 |
| Facsimile:      (212) 806-6006 | Facsimile:      (212) 715-8000 |

ANY OBJECTION TO THE CONFIRMATION OF THE PLAN THAT IS NOT FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN SHALL NOT BE CONSIDERED.

A-5

The Confirmation Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by an announcement in Court of such adjournment on the date scheduled for the Hearing.

Dated:_____, 2005

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Jonathan Friedland
Ryan Blaine Bennett
200 East Randolph Drive
Chicago, IL 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

--and--

Bennett L. Spiegel
Lori Sinanyan
777 South Figueroa Street
Los Angeles, California 90017
(213) 680-8400

--and--

PACHULSKI, STANG, ZIEHL, YOUNG,
JONES & WEINTRAUB P.C.

_____
Laura Davis Jones (Bar #2436)
David W. Carickhoff, Jr. (Bar #3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
(302) 652-4100

Co-Counsel for the Debtors and Debtors in Possession

# EXHIBIT B

# VOTING PROCEDURES

## EXHIBIT B

## VOTING PROCEDURES

## W. R. GRACE & CO. ET AL BALLOT
## SOLICITATION AND TABULATION PROCEDURES

The following procedures (the "Voting Procedures") govern the distribution of solicitation materials with respect to the Debtors' Amended Joint Plan of Reorganization, dated January __, 2005 (as it may be from time to time amended, supplemented or modified, the "Plan"), the return of Ballots and Master Ballots for purposes of voting to accept or reject the Plan, and tabulation of such votes with respect to same.

Capitalized terms used herein shall have the meanings set forth in section 11 hereof or, if not defined, in the Glossary, which is Exhibit 2 to the Exhibit Book, filed on January__, 2005.

1.    **Publication Notice:**

a.    **Confirmation Hearing Notice**:  The Debtors will cause the Confirmation Hearing Notice to be published once in the following publications on a date not less than twenty-five (25) calendar days prior to the Voting Deadline: (a) the weekday edition of the national editions of *USA Today, The Wall Street Journal*, and *The New York Times*, and (b) Andrews's Asbestos Litigation Reporter and Mealey's Litigation Report: Asbestos (or comparable publications, as determined by the Debtors' Notice Consultant).

2.    **Distribution of Solicitation Packages -- Generally:**[1]

a.    **Scheduled Claims:**  Except as otherwise provided herein, the Voting Agent will cause a Solicitation Package to be served upon each Holder of a Claim against the Debtors entitled to vote to accept or reject the Plan and listed in the Debtors' Schedules of Assets and Liabilities (as amended or supplemented, the "Schedules") as of the Voting Record Date with a claim amount in excess of $0.00 other than claims designated in the Schedules as contingent, unliquidated and/or disputed.

b.    **Filed Claims:**  Except as otherwise provided herein, the Voting Agent will cause a Solicitation Package to be served upon each Holder of a Claim entitled to vote to accept or reject the Plan and represented by a proof of claim filed against the

---

[1]    See sections 3, 6 and 7 hereof for procedures governing the manner in which Solicitation Packages are to be distributed to Holders of Equity Interests in the Parent.

Debtors that has not been withdrawn or disallowed or expunged by an order of the Bankruptcy Court entered on or before the Voting Record Date. If the relevant proof of claim does not indicate the appropriate classification of a Claim, such Claim shall be treated as a General Unsecured Claim.

c.    **Parties to Executory Contracts and Unexpired Leases:** Each Entity that is listed on the Schedules or is otherwise known to be a party to an executory contract or an unexpired lease with a Debtor, irrespective of whether, pursuant to Bankruptcy Code § 365(a), such contract is, in fact, an "executory contract" or such lease is, in fact, an "unexpired lease," will receive a Solicitation Package.

d.    **Determination of Holders of Record:** Except as otherwise provided for herein, appropriate Solicitation Packages will be served upon the Entity that holds a Claim or Equity Interest as of the Voting Record Date, and the Debtors will have no obligation to cause a Solicitation Package to be served upon any subsequent Holder of such Claim (as evidenced by any notice of assignment of such Claim entered on the Bankruptcy Court's docket or that only becomes effective after the Voting Record Date or otherwise) or Equity Interest.

e.    **Solicitation Distribution Date:** The Voting Agent will cause Solicitation Packages to be distributed to all known Holders of General Unsecured Claims and Equity Interests in the Parent on or before the date which is twenty (20) calendar days following the date on which the Bankruptcy Court enters the Disclosure Statement Order.

f.    **Obtaining Additional Copies:** Copies of the Plan, Disclosure Statement, Exhibit Book and the Revised Confirmation Procedures Order (with exhibits) are available on the Debtors' website at http://www.grace.com and the website maintained by the Voting Agent at http://www.bmccorp.net. Parties in interest may also request hard copies via U.S. mail by sending a written request to the Voting Agent at: BMC, Attn: W. R. Grace Voting Agent, P.O. Box 913, El Segundo, CA 90245.

3.    **Distribution of Solicitation Packages -- To Holders of Parent Common Stock.**

a.    **Equity Interests:** Except as otherwise provided herein, the following procedures shall apply to Holders of Parent Common Stock:

i.    **List of Record Holders:** Pursuant to Bankruptcy Rules 1007(i) and 3017(e), within five (5) Business Days after the Voting Record Date, the Equity Securities Transfer Agents shall provide to the Voting Agent (a) a copy of the list of the names, addresses, and holdings of the Holders of Equity Securities, as applicable, as of the Voting Record Date, (b) an electronic file or two sets of mailing labels for such Holders, and (c) such other information as the Voting Agent deems reasonable and necessary to perform its duties hereunder. Upon request by the Voting Agent, the Equity Securities Transfer Agents shall provide additional sets of mailing

B-2

labels.  The Voting Agent shall use such lists, mailing labels and other information only for purposes consistent with these Voting Procedures.

ii.      **Determination of Number of Beneficial Owners:**  As soon as practicable after the entry of the Disclosure Statement Order, the Voting Agent shall attempt to contact the institutional Holders of record of Parent Common Stock to determine whether such Holders hold as Equity Nominees and to ascertain the number of beneficial owners of such Parent Common Stock holding through such Equity Nominee.

iii.     **Distribution to Record Holders Other than Equity Nominees:**  The Voting Agent will cause to be served upon each registered record Holder (other than Equity Nominees), as of the Voting Record Date, of any Parent Common Stock, a Solicitation Package.

iv.      **Distribution to Equity Nominees**:  For Parent Common Stock, the Voting Agent will cause to be served upon each Equity Nominee materials comprising of Solicitation Packages, in sufficient numbers estimated to allow dissemination of Solicitation Packages to each of the beneficial owners of Parent Common Stock for which it serves, with instructions to each Equity Nominee to (i) contact the Voting Agent for additional sets of Solicitation Packages, if necessary, and (ii) promptly (within five (5) Business Days after receipt of the Solicitation Packages) distribute the Solicitation Packages to the beneficial owners for which it serves.  Upon request by an Equity Nominee, the Voting Agent shall send any such Entity a Solicitation Package.

v.       **Reimbursement of Expenses:**  The Debtors may, upon written request, and without application to or Order of the Bankruptcy Court, reimburse Equity Securities Transfer Agents, Equity Nominees, or any of their agents, for reasonable, actual, and necessary out-of-pocket expenses incurred in performing the tasks described above, and will utilize the guidelines of the New York Stock Exchange in approving such requests.

**4.**      **Special Procedures For Holders of Bank Debt Claims**

a.       Subject to all other applicable provisions and requirements in the Revised Confirmation Order and these Voting Procedures, the following special procedures relate specifically to Holders of Class 9 Claims arising from one or both of the Debtors' prepetition credit facilities:

i.       Within three (3) business days after the Voting Record Date, the agent for the Prepetition Bank Group (the "Bank Group Agent") shall provide to the Voting Agent a separate list of the Holders of record of bank debt claims (each a "Bank Debt Claim") arising from each of the Debtors' Prepetition Credit Facilities as of the Voting Record Date. The list shall include addresses to which the Voting Agent shall directly send Solicitation

B-3

Packages on behalf of each Holder of a Bank Debt Claim, and the amount of the Bank Debt Claim consisting of principal amount of the debt and accrued interest as of the Petition Date held by such Holder under the applicable Prepetition Credit Facility.

ii.      Subject to the Voting Procedures herein, Ballots of Holders of Bank Debt Claims are to be completed and returned to the Voting Agent, with a request that a copy be sent to the Bank Group Agent, to the extent possible.  The Bank Group Agent may request that the Voting Agent forward further copies of Solicitation Packages to the Bank Group Agent or to an addressee to be nominated by the Bank Group Agent, promptly on receipt by the Voting Agent of such request.

**5.      Distribution of Solicitation Packages -- To Other Parties:**

a.       The Voting Agent will cause a Solicitation Package to be served upon the Securities and Exchange Commission, the Office of the United States Trustee for the District of Delaware, the Internal Revenue Service, the attorneys for the agent for the Debtors' pre-petition bank lenders, the attorneys for the Debtors' post-petition bank lenders, the attorneys for the Unsecured Creditors' Committee, the attorneys for the Asbestos PI Committee, the attorneys for the Asbestos PD Committee, the attorneys for the Equity Holders' Committee, and the attorneys for the Future Claims' Representative.

**6.      Return of Ballots:**

a.       **Claimants or Equity Interest Holders that Are Entitled to Vote:**  Except as provided herein, each Holder of a Claim or Equity Interest that has a Claim or Equity Interest (i) for which a Claim or Equity Interest amount may be determined pursuant to section 7 hereof as of the Voting Deadline, (ii) which Claim or Equity Interest is not deemed to accept or reject the Plan, and (iii) which Claim or Equity Interest is not the subject of an objection that is pending as of the Voting Record Date unless an order is entered by the Bankruptcy Court allowing such Claim or Equity Interest by the Voting Deadline, is entitled to vote to accept or reject the Plan.  With respect to a Claim transferred after the applicable proof of claim has been filed, the transferee shall be entitled to receive a Solicitation Package and cast a Ballot on account of such Claim only if (a) all actions necessary to the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Voting Record Date or  (b) the transferee files by the Voting Record Date (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer and (ii) a sworn statement of the transferor supporting the validity of the transfer.

b.       **Authority to Complete and Execute Ballots:**  If a Ballot or Master Ballot is signed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or any other Entity acting in a fiduciary or representative capacity, such person must indicate such capacity when signing.  The authority of the

B-4

signatory of each Ballot or Master Ballot to complete and execute the Ballot or Master Ballot shall be presumed, but each such signatory shall certify under penalty or perjury, by executing the Ballot or Master Ballot, that he or she has such authority and shall provide evidence of such authority upon request of the Voting Agent.

c.    **Place to Send Completed Ballots and Master Ballots:**

i.    **Voting Agent:**  All Ballots and Master Ballots should be returned by mail, hand-delivery or overnight courier to:

**By U.S. Mail:**

BMC
Attn:  W. R. Grace Voting Agent
P.O. Box 913
El Segundo, CA 90245-0913

**By Courier:**

BMC
Attn:  W. R. Grace Voting Agent
1330 E. Franklin Avenue
El Segundo, CA 90245

d.    **Deadline for Receiving Completed Ballots and Master Ballots:**

i.    All Ballots and Master Ballots must be ***actually received*** by the Voting Agent by the Voting Deadline.  The Voting Agent will NOT accept Ballots or Master Ballots submitted by facsimile or electronic transmission.

ii.    The Voting Agent will date and time-stamp all Ballots and Master Ballots when received.  In addition, the Voting Agent will retain a copy of such Ballots and Master Ballots for a period of one (1) year after the Effective Date of the Plan, unless otherwise instructed by the Debtors, in writing, or otherwise ordered by the Bankruptcy Court.

7.    **Tabulation of Ballots -- Determination of Amount of Claims and Equity Interests Voted:**

a.    **Claims and Equity Interests:**  With respect to the tabulation of Ballots and Master Ballots for all Claims and Equity Interests, for purposes of voting, the amount to be used to tabulate acceptance or rejection of the Plan is as follows (in order of priority):

i.    If, prior to the Voting Deadline, (i) the Bankruptcy Court enters an order fully or partially allowing a Claim or Equity Interest, whether for all

purposes or for voting purposes only, or (ii) the Debtors and the Holder of a Claim or Equity Interest agree to fully or partially allow such Claim or Equity Interest for voting purposes only and no objection to such allowance is received by the Debtors within seven (7) calendar days after service by first-class mail of notice of such agreement to the parties upon whom notice is required, the amount allowed thereunder.

ii.      The liquidated amount specified in a proof of claim timely filed in accordance with the March 2003 Bar Date Order (where applicable), so long as such Claim or Equity Interest has not been disallowed or expunged by the Bankruptcy Court and, as of the Confirmation Hearing, is not the subject of a pending objection for which a Voting Motion has not been timely filed.

iii.     The Claim amount listed in the Schedules as liquidated, undisputed, and noncontingent.

iv.      If a Claim is recorded on a proof of claim as unliquidated, contingent and/or undetermined as to amount only in part, the Holder of the Claim shall be entitled to vote the portion of the Claim that is liquidated, noncontingent and undisputed in the liquidated, noncontingent and undisputed amount, subject to any limitations set forth herein and unless otherwise ordered by the Bankruptcy Court.

v.       Wholly Unliquidated, Contingent and/or Undetermined Claims:

(I)      If a proof of claim has been timely filed in accordance with the March 2003 Bar Date Order and such Claim is wholly unliquidated, contingent and/or undetermined, the Claim amount, for voting purposes only, shall be $1.00 so long as such Claim has not been disallowed or expunged by the Court and, as of the Confirmation Hearing, is not the subject of a pending objection for which a Voting Motion has not been timely filed.

(II)     **Voting Motion:**  The Debtors shall serve notice (the "Voting Notice") of the "one dollar, one vote" procedure to Holders of filed Claims and Equity Interests that are wholly unliquidated, contingent and/or undetermined as to amount by first class mail no later than the date on which the Solicitation Packages are mailed. Such Voting Notice will inform the claimants of the "one dollar, one vote" provision and will further state that any claimant wishing to have its Claim or Equity Interest allowed for voting purposes in a greater amount must file, within twenty (20) calendar days after service of the Voting Notice, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim or Equity Interest in a different amount for purposes of voting (a "Voting Motion").   A Voting Motion must set forth with

B-6

particularity the amount and classification at which such claimant or interest Holder believes its Claim or Equity Interest should be allowed for voting purposes, and the evidence in support of that belief.

b.   **Determination of Number of Claims Voted by Beneficial Owners of Parent Common Stock:**  Each beneficial owner of Parent Common Stock is entitled to a vote equal to the number of such beneficial owner's shares of Parent Common Stock as of the Voting Record Date.

**8.    Tabulation of Votes -- Specific Rules Relating to Transfers of General Unsecured Claims:**

a.   For purposes of voting, classification, and treatment under the Plan, the number and amount of General Unsecured Claims held by an Entity to which any General Unsecured Claim is transferred and which transfer is effective pursuant to Bankruptcy Rule 3001(e) on or before the close of business on the Voting Record Date shall be determined based upon the identity of the original Holder of such General Unsecured Claim.

**9.    Tabulation of Votes -- Ballots Excluded:**

A Ballot or Master Ballot will not be counted if any of the following, without limitation, applies to such Ballot or Master Ballot:

a.   The Holder submitting the Ballot or Master Ballot is not entitled to vote pursuant to section 6(a) hereof.

b.   The Ballot or Master Ballot is not ***actually received*** by the Voting Agent in the manner set forth in sections 6(c) and 6(d) hereof by the Voting Deadline.

c.   The Ballot or Master Ballot is returned to the Voting Agent indicating acceptance or rejection of the Plan but is unsigned.

d.   The Ballot or Master Ballot is received after the Voting Deadline, regardless of when it is postmarked.

e.   The Ballot or Master Ballot is illegible or contains insufficient information to permit the identification of the Claimant or Equity Interest Holder.

f.   The Ballot or Master Ballot is transmitted to the Voting Agent by facsimile or other electronic means.

g.   The Ballot or Master Ballot is submitted in a form that is not appropriate for such Claim or Equity Interest.

h.   A Ballot or Master Ballot that is not completed and/or lacks an original signature.

B-7

10.     **Tabulation of Votes -- General Voting Procedures and Standard Assumptions:**

In addition to the foregoing, the following voting procedures and standard assumptions will be used in tabulating Ballots and Master Ballots:

a.      A creditor or interest holder may not split his, her, or its vote with respect to each of its Claims.  Accordingly, (a) each creditor or interest holder shall have a vote within a particular class for each Claim or Equity Interest held by such holder as of the Voting Record Date, (b) the full amount of such creditor or interest holder's Claim or Equity Interest (calculated in accordance with these procedures) within a particular class shall be deemed to have been voted either to accept or reject a Plan, and (c) any Ballot submitted by or on behalf of a particular Claim or Equity Interest that partially rejects and partially accepts the Plan shall not be counted.

b.      The Voting Agent, in its discretion, may contact voters to cure any defects in a Ballot or Master Ballot.

c.      Subject to section 10(d) hereof, if multiple Ballots are received on or prior to the Voting Deadline on account of the same Claim or Equity Interest, in the absence of contrary information establishing which Holder held such Claim or Equity Interest as of the Voting Record Date, the last valid Ballot that is received by the Voting Agent prior to the Voting Deadline will be the Ballot that is counted.  In the event multiple conflicting Ballots are received on account of the same claim or interest on the same day, such Ballots will be disregarded.

d.      If multiple Ballots are received prior to the Voting Deadline from a Holder of a Claim or Equity Interest and someone purporting to be his, her, or its attorney or agent, the Ballot received from the Holder of the Claim or Equity Interest will be the Ballot that is counted, and the vote of the purported attorney or agent will not be counted.

e.      There shall be a rebuttable presumption that any Holder of a Claim or Equity Interest who submits a properly completed superseding Ballot on or before the Voting Deadline has sufficient cause, within the meaning of Bankruptcy Rule 3018(a), to change or withdraw such Holder's acceptance or rejection of the Plan.

f.      A Ballot that is completed, but on which the Claimant or interest holder did not note whether to accept or reject the Plan, shall not be counted as a vote to accept or reject the Plan.

g.      Separate proofs of claim filed against multiple Debtors on account of the same underlying debt obligation shall be deemed, collectively, to be one Claim for voting purposes.

h.      Single proofs of claim filed against multiple Debtors (e.g., proofs of claim filed against "W. R. Grace & Co., et al.) shall be deemed to be one Claim for voting purposes.

B-8

i.      Where a Holder of a Claim or Equity Interest chooses to both accept and reject the Plan on the same Ballot, such Ballot shall not be counted as a vote to accept or reject the Plan.

**11.    Definitions:**

a.      **"Bankruptcy Court"** means the United States Bankruptcy Court for the District of Delaware.

b.      **"Confirmation Hearing"** means the hearing on the confirmation of the Plan, as such hearing may be adjourned from time to time.

c.      **"Confirmation Hearing Notice"** means a published notice of, <u>inter alia</u>, the approval of the Disclosure Statement and the scheduling of the Confirmation Hearing, in a form approved by the Bankruptcy Court in the Revised Confirmation Procedures Order.

d.      **"Disclosure Statement"** means the disclosure statement in connection with the Plan, as approved by the Bankruptcy Court in the Disclosure Statement Order.

e.      **"Disclosure Statement Order"** means the Order of the Bankruptcy Court approving the adequacy of the Disclosure Statement.

f.      **"Equity Nominees"** means institutional Holders of record of Equity Securities who hold Equity Securities in "street name" on behalf of beneficial owners or otherwise represent such beneficial owners.

g.      "**Equity Securities Transfer Agents"** means the transfer agent for any issue of Parent Common Stock.

h.      **"March 2003 Bar Date"** means bar date set by order of the Bankruptcy Court, fixing March 31, 2003, as the deadline for filing certain proofs of claim against the Debtors' estates.

i.      **"Master Ballot"** means a Ballot filed on behalf of one or more beneficial owners of Parent Common Stock in accordance with the procedures set forth in section 3 of these Voting Procedures.

j.      **"Notification of Non-Voting Class Status"** means that certain notice indicating that Holders of certain Claims and Equity Interests are not entitled to vote to accept or reject the Plan because such Holders are deemed to accept or reject the Plan, in a form approved by the Bankruptcy Court in the Revised Confirmation Procedures Order.

k.      **"Plan Objection Date"** means the deadline established by the Court, in the Revised Confirmation Procedures Order or otherwise, for the filing and serving of objections to confirmation of the Plan.

91100-001\DOCS_DE:104393.1

l.    **"Record Amount"** means the amount shown on the records of the Equity Nominees (as confirmed by record and depository listings) as of the Voting Record Date.

m.    **"Schedules"** shall have the meaning set forth in section 2(a) hereof.

n.    **"Solicitation Package"** means, and will consist of, all of the following:

    i.    Confirmation Hearing Notice.

    ii.    Disclosure Statement Order (without exhibits)

    iii.    Disclosure Statement

    iv.    Exhibit Book (with the Plan attached as an Exhibit 1 thereto).

    v.    The Voting Procedures.

    vi.    Appropriate Ballot(s) and voting instructions.

    vii.    Pre-addressed return envelope(s).

    viii.    Any other materials ordered by the Court to be included.

o.    **"Voting Agent"** means with respect to all Holders of Claims entitled to vote on the Plan (BMC Corp).

p.    **"Voting Deadline"** means <u>4:00 p.m. (prevailing Eastern time)</u>, on _____ ___ <u>2005</u>, as the date established by the Bankruptcy Court to be the deadline for the Voting Agent to receive Ballots and Master Ballots on the Plan.

q.    **"Voting Motion"** shall have the meaning set forth in section 7(a)(v)(II) hereof.

r.    **"Voting Record Date"** means the date that is two (2) Business Days after the entry of the Disclosure Statement Order.

91100-001\DOCS_DE:104393.1

**Exhibit C**

**Ballots and Voting Instructions**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | BALLOT FOR ACCEPTING OR |
| | ) | REJECTING AMENDED JOINT PLAN OF |
| | ) | REORGANIZATION FOR W. R. GRACE. & |
| | ) | CO. AND ITS AFFILIATED DEBTORS |
| | ) | AND DEBTORS-IN-POSSESSION, DATED |
| | ) | JANUARY __, 2005 |

**Class 9
General Unsecured Claims**

**BALLOT AND VOTING INSTRUCTIONS FOR HOLDERS OF CLASS 9
GENERAL UNSECURED CLAIMS**

W. R. Grace & Co. and its affiliated debtors and debtors-in-possession (the "Debtors") are soliciting votes with respect to the Amended Joint Plan of Reorganization for W. R. Grace & Co. and its affiliated Debtors and Debtors-in-Possession, dated January __, 2005 (as it may further be amended, the "Plan"), for the Holders of certain claims against the Debtors.

The Ballot included in this packet is to be used for voting by Holders of Class 9 General Unsecured Claims only. In order for your vote to be counted, your Ballot must be properly

---

[1]   The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

completed, signed, and returned by mail, hand delivery or overnight courier to the Debtors' court-approved Voting Agent:

**By U.S. Mail:**

BMC
Attn:  W. R. Grace Voting Agent
P.O. Box 913
El Segundo, CA 90245-0913

**By Courier:**

BMC
Attn:  W. R. Grace Voting Agent
1330 E. Franklin Avenue
El Segundo, CA 90245

**Your ballot must be RECEIVED by the Voting Agent no later than 4:00 p.m., prevailing Eastern time, on _____  ____, 2005.  Facsimiles and electronic submissions will NOT be accepted.**

On [_____,___], 2005, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") signed an order which establishes certain procedures (the "Voting Procedures") for the solicitation and tabulation of votes to accept or reject the Plan.  The Voting Procedures contain important information regarding the balloting process.  Please read the Voting Procedures prior to submitting your Ballot.  The Voting Procedures are included in the Solicitation Package accompanying this Ballot.

If you have questions about your Ballot, or if you did not receive a copy of the Disclosure Statement, Plan, Exhibit Book or Voting Procedures, you may contact the Voting Agent at (888) 909-0100.  Copies of the Plan and related documents are also available on the Debtors' website at   http://www.grace.com   and   at   the   website   maintained   by   the   Voting   Agent   at http://www.bmccorp.net.

**By signing this Ballot, you make the following certifications:**

- I have been provided with a copy of the Plan, the Disclosure Statement, the Exhibit Book, the Voting Procedures and the exhibits thereto."

- I have the full power and authority to vote and accept or reject the Plan of the Claimant listed on the Ballot.

*The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the Holders of two-thirds in amount and more than one-half in number of claims voting in each class.  In the event the requisite acceptances are not obtained, the Bankruptcy Court may nevertheless confirm the Plan if it finds that the Plan accords fair and equitable*

**[Ballot Code 9]**

C-2

*treatment to the class or classes rejecting it and otherwise satisfies the requirements of Section 1129 (a) and (b) of the Bankruptcy Code.*

**As more fully described in Section 8.4.1 of the Plan, pursuant to the Plan, all Entities that have held or asserted, that hold or assert, or that may in the future hold or assert any Claim, Demand, or cause of action, against any Entity released under any provision of the Plan, shall be enjoined from taking any action for the purpose of directly or indirectly collecting, recovering, or receiving payments, satisfaction, or recovery on account of such released matters.**

**As more fully provided for in § 8.6.4 of the Plan, each Holder of a Claim who votes in favor of the Plan or receives or retains any property under the Plan shall be deemed to have unconditionally released the Asbestos Protected Parties, the Asbestos Insurance Entities, the Unsecured Creditors' Committee, the Asbestos PI Committee, the Asbestos PD Committee, the Equity Committee and the FCR, and each party's Representatives, as of the Effective Date from any and all Claims, obligations, rights, suits, damages, causes of action, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity or otherwise, that such Holder would have been legally entitled to assert in its own right, based in whole or in part upon any act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date in any way relating or pertaining to, the Debtors or the Reorganized Debtors, the Chapter 11 Cases, or the negotiation, formulation, and preparation of the Plan or any related documents, instruments, or other documents.**

This Ballot is for voting purposes only and does not constitute and shall not be deemed to be a proof of claim or interest or an admission by the Debtors of the validity or amount of a claim.

**Please follow these instructions to complete your Ballot:**

1.  **(Item 1)** Review the Instructions for Completing Ballot for Plan of Reorganization for W. R Grace & Co., **et** **al**.
2.  **(Item 1)  This is the amount of your Claim, for voting purposes only.**
3.  **(Item 2)  Vote to accept or reject the Plan by marking an "X" in the box that corresponds to your choice.**
4.  **(Item 3)  If the mailing address printed on your Ballot is incorrect, mark the address correction box and supply corrected address information.**
5.  **(Item 3)  Print telephone number, name of signatory (if different than Claimant) and Title of Agent, if applicable.**
6.  **(Item 3)  Read, sign and date the Ballot.  Unsigned Ballots WILL NOT BE COUNTED.**
7.  **Return the Ballot in the envelope provided.  Do NOT fold the Ballot.  The Ballot must be RECEIVED by the Voting Agent by the date specified in the instructions or IT WILL NOT BE COUNTED.  Facsimiles and electronic submissions will NOT be accepted.**

**Item 1.    PRINCIPAL AMOUNT OF GENERAL UNSECURED CLAIM.**    The undersigned certifies that as of **[_____],** 2005 (the *"Voting Record Date"*), the undersigned was the Holder of the General Unsecured Claim in the aggregate unpaid principal amount set forth below (insert amount in box below).



**[Ballot Code 9]**

$

**Item 2.** **VOTE ON THE PLAN**.  Holder of the General Unsecured Claim in the amount set forth in Item 1 hereby votes to:

Check one box:                    ?        Accept the Plan

                                 ?        Reject the Plan

*The Plan will be accepted by Class 9 if it is accepted by the Holders of two-thirds in amount and more than one-half in number of Claims in Class 9 voting on the Plan.  If the Plan is confirmed by the Bankruptcy Court, all Holders of Claims against and Equity Interests in the Debtors (including those Holders who abstain from voting on or reject the Plan and those Holders who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby.*

**Item 3.** **ACKNOWLEDGEMENTS AND CERTIFICATIONS.**  By returning this Ballot, the General Unsecured Creditor acknowledges that it has been provided with a copy of the Plan, the Disclosure Statement, Exhibit Book, the Voting Procedures, and all exhibits thereto.   The General Unsecured Creditor certifies that (i) it was the Beneficial Owner of the General Unsecured Claim identified in Item 1 above on the Voting Record Date, and (ii) it has full power and authority to vote and accept or reject the Plan with respect to the General Unsecured Claim identified in Item 1 on the Voting Record Date.

Print or Type Name of Claimant:                    _____

Social Security or Federal Tax I.D. No. of Claimant:      _____

Signature:                                         _____

Name of Signatory (if different than Claimant):      _____

If by Authorized Agent, Title or Agent:             _____

Street Address:                                    _____

City, State, and Zip Code:                          _____

Telephone Number:                                  _____

Date:                                              _____

**[Ballot Code 9]**

C-4

**IF YOU HAVE ANY QUESTIONS REGARDING YOUR BALLOT, OR IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT, PLAN, EXHIBIT BOOK OR VOTING PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT, BMC, TOLL-FREE AT (888) 909-0100.**

**COPIES OF THE PLAN, DISCLOSURE STATEMENT, EXHIBIT BOOK AND VOTING PROCEDURES (AND ALL EXHIBITS THERETO) ARE ALSO AVAILABLE ON THE DEBTORS' WEBSITE AT HTTP://WWW.GRACE.COM AND THE WEBSITE MAINTAINED BY THE VOTING AGENT AT HTTP://WWW.BMCCORP.NET.**

**[Ballot Code 9]**

91100-001\DOCS_DE:104393.1

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | BALLOT FOR ACCEPTING OR |
| | ) | REJECTING AMENDED JOINT PLAN OF |
| | ) | REORGANIZATION FOR W. R. GRACE. & |
| | ) | CO. AND ITS AFFILIATED DEBTORS |
| | ) | AND DEBTORS-IN-POSSESSION, DATED |
| | ) | JANUARY __, 2005 |

**Class 10 Equity Interests in the Parent**

## BALLOT AND VOTING INSTRUCTIONS FOR HOLDERS OF CLASS 10 EQUITY INTERESTS OF W. R. GRACE & CO., et al. (CUSIP #___)

W. R. Grace & Co. and its affiliated debtors and debtors-in-possession (the "Debtors") are soliciting votes with respect to the Amended Joint Plan of Reorganization for W. R. Grace & Co. and its Affiliated Debtors and Debtors-in-Possession, dated January __, 2005 (as it may further be amended, the "Plan"), from the Holders of certain impaired claims and interests against/in the Debtors. If you have any questions on how to complete this Ballot, please call BMC (the "Voting Agent") toll-free at (888) 909-0100.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

C-6

This Ballot is to be completed by Holders of Class 10 equity interests in W. R. Grace & Co. ("Equity Interests in the Parent") in such Holders' capacity as beneficial Holders of common stock interests in W.R. Grace & Co. (the "Parent Common Stock" ). Please complete, sign and date this Ballot and promptly return it to the Voting Agent:

**By U.S. Mail:**

BMC
Attn: W. R. Grace Voting Agent
P.O. Box 913
El Segundo, CA 90245-0913

**By Courier:**

BMC
Attn: W. R. Grace Voting Agent
1330 E. Franklin Avenue
El Segundo, CA 90245

**In order for your vote to be counted, your Ballot (or the Master Ballot cast on your behalf) must be RECEIVED by the Voting Agent by 4:00 p.m., prevailing Eastern time, on _____ ____, 2005 (the "Voting Deadline").**

**IF THE ENCLOSED RETURN ENVELOPE IS ADDRESSED TO YOUR NOMINEE, BANK, OR BROKER, RETURN YOUR COMPLETED BALLOT TO SUCH PARTY (RATHER THAN TO THE VOTING AGENT) IN ENOUGH TIME FOR THE NOMINEE, BANK, OR BROKER TO RECEIVE YOUR BALLOT AND TRANSMIT YOUR VOTE ON A MASTER BALLOT BEFORE THE VOTING DEADLINE.**

YOU MUST VOTE ALL CLASS 10 INTERESTS THAT YOU BENEFICIALLY HOLD EITHER TO ACCEPT OR REJECT THE PLAN, AND YOU MAY NOT SPLIT YOUR VOTE.

**DO NOT RETURN ANY SECURITIES WITH THIS BALLOT.**

On [_____ __], 2005, the United States Bankruptcy Court of the District Court of Delaware signed an order that establishes certain procedures (the "Voting Procedures") for the solicitation and tabulation of votes to accept or reject the Plan. The Voting Procedures are included within the Solicitation Package that accompanies this Ballot. Capitalized terms not defined shall have the meaning ascribed to them in the Voting Procedures and Glossary.

**As more fully described in Section 8.4.1 of the Plan, pursuant to the Plan, all Entities that have held or asserted, that hold or assert, or that may in the future hold or assert any Claim, Demand, or cause of action, against any Entity released under any provision of the Plan, shall be enjoined from taking any action for the purpose of directly**

**[Ballot Code 10-I]**
**[CUSIP # ____]**

C-7

or indirectly collecting, recovering, or receiving payments, satisfaction, or recovery on account of such released matters.

As more fully described in § 8.6.4 of the Plan, each Holder of an Equity Interest in the Parent who votes in favor of the Plan or receives or retains any property under the Plan shall be deemed to have unconditionally released the Asbestos Protected Parties, the Asbestos Insurance Entities, the Unsecured Creditors' Committee, the Asbestos PI Committee, the Asbestos PD Committee, the Equity Committee and the FCR, and each party's Representatives, as of the Effective Date from any and all Claims, obligations, rights, suits, damages, causes of action, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity or otherwise, that such Holder would have been legally entitled to assert in its own right, based in whole or in part upon any act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date in any way relating or pertaining to, the Debtors or the Reorganized Debtors, the Chapter 11 Cases, or the negotiation, formulation, and preparation of the Plan or any related documents, instruments, or other documents.

**PLEASE COMPLETE THE FOLLOWING:**

Item 1:    **PRINCIPAL AMOUNT OF EQUITY INTERESTS IN THE PARENT VOTED.** The undersigned certifies that as of [_____], 2005 (the *"Voting Record Date"*), the undersigned was either the beneficial owner, or the nominee of a beneficial owner, of shares of Parent Common Stock in the total number of shares set forth below (insert amount in box below).  If your Equity Securities are held by a nominee, bank, or broker on your behalf and you do not know the amount, please contact  your nominee, bank, or broker immediately.

> _____    shares of Parent
> Common Stock

Item 2:    **VOTE ON THE PLAN.**   The beneficial owner of Parent Common Stock in the number set forth in Item 1 (the "Beneficial Owner") hereby votes to:

Check one box:            ?        Accept the Plan

                         ?        Reject the Plan

*The Plan will be accepted by Class 10 if it is accepted by the Holders of two-thirds in amount and more than one-half in number of Interests in Class 10 voting on the Plan. If the Plan is confirmed by the Bankruptcy Court, all Holders of Claims against and Equity Interests in the Debtors (including those Holders who abstain from voting on*

**[Ballot Code 10-I]**
**[CUSIP # ____]**

C-8

*or reject the Plan and those Holders who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby.*

**Item 3:**   **IDENTIFY ALL OTHER CLASS 10 INTERESTS VOTED.**  By returning this Ballot, the Beneficial Owner certifies that (a) this Ballot is the only Ballot submitted for the Class 10 Interests held by such Beneficial Owner, except for the Class 10 Interests identified in the following table, and (b) all Ballots for Class 10 Interests submitted by the Beneficial Owner indicate the same vote to accept or reject the Plan that the Beneficial Owner has indicated in Item 2 of this Ballot (please use additional sheets of paper if necessary).

| Account Number | Name of Holder* | Number of Shares of Other Class 10 Interests Voted |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

\*    Insert your name if the other Class 10 Interest is in your name; or, if the other Class 10 Interest is derived from Equity Securities held in street name, insert name of your bank or broker.

**Item 4.**   **ACKNOWLEDGEMENTS AND CERTIFICATIONS.**  By returning this Ballot, the Beneficial Owner acknowledges that it has been provided with a copy of the Plan, the Disclosure Statement, Exhibit Book, the Voting Procedures, and all exhibits thereto.  The Beneficial Owner certifies that (i) it was the Beneficial Owner of the Equity Securities identified in Item 1 above on the Voting Record Date, and (ii) it has full power and authority to vote to accept or reject the Plan with respect to the Equity Securities identified on Item 1 on the Voting Record Date.  If this Ballot has been "prevalidated" by a bank or broker, such bank or broker certifies that it held the Securities identified in Item 1 as the registered or record owner on the Voting Record Date.

Print or Type Name of Interest Holder:       _____

Social Security or Federal Tax I.D. No. of Interest Holder:   _____

Signature:                    _____

Name of Signatory (if different than Interest Holder):   _____

**[Ballot Code 10-I]**
**[CUSIP # ____]**

C-9

If by Authorized Agent, Title of Agent:    _____

Street Address:    _____

City, State, and Zip Code:    _____

Telephone Number:    _____

Date:    _____

**IF YOU HAVE ANY QUESTIONS REGARDING YOUR BALLOT, OR IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT, PLAN, EXHIBIT BOOK OR VOTING PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT, BMC, AT (888) 909-0100.**

**COPIES OF THE PLAN, DISCLOSURE STATEMENT, EXHIBIT BOOK AND VOTING PROCEDURES (AND ALL EXHIBITS THERETO) ARE ALSO AVAILABLE ON THE DEBTORS' WEBSITE AT HTTP://WWW.GRACE.COM AND THE WEBSITE MAINTAINED BY THE VOTING AGENT AT HTTP://WWW.BMCCORP.NET.**

**[Ballot Code 10-I]**
**[CUSIP # _____]**

C-10

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | MASTER BALLOT FOR ACCEPTING OR |
| | ) | REJECTING AMENDED JOINT PLAN OF |
| | ) | REORGANIZATION FOR W. R. GRACE. & |
| | ) | CO. AND ITS AFFILIATED DEBTORS |
| | ) | AND DEBTORS-IN-POSSESSION, DATED |
| | ) | JANUARY __, 2005 |

**Class 10 Equity Interests in the Parent**

## MASTER BALLOT AND VOTING INSTRUCTIONS FOR CLASS 10 EQUITY INTERESTS OF W. R. GRACE & CO., et al., (CUSIP #___)

W. R. Grace & Co. and its affiliated debtors and debtors-in-possession (the "Debtors") are soliciting votes with respect to the Amended Joint Plan of Reorganization for W. R. Grace & Co. and its Affiliated Debtors and Debtors-in-Possession, dated January __, 2005 (as it may further be amended, the "Plan"), from the Holders of certain impaired claims and interests against/in the Debtors.

---

[1]   The Debtors consist of the following 62 entities:  W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

**[Ballot Code 10-M]**
**[CUSIP # _____]**

This Master Ballot for the Class 10 equity interests in W. R. Grace & Co. (the "Equity Interests in the Parent") represented by common stock (the "Parent Common Stock") may not be used for any purpose other than for casting votes to accept or reject the Plan.  This Master Ballot is to be used by you as a broker, bank or other nominee (each of the foregoing a "Nominee"), or as the proxy Holder of a Nominee or beneficial owner of Equity Securities.

On [_____], 2005, the United States Bankruptcy Court for the District of Delaware signed an order that establishes certain procedures (the *"Voting Procedures"*) for the solicitation and tabulation of votes to accept or reject the Plan.  The Voting Procedures are included with the Solicitation Package which accompanies this Ballot.  If you have any questions on how to properly complete this Master Ballot, please call BMC (the *"Voting Agent"*) at (888) 909-0100.  Capitalized terms not defined herein shall have the meaning ascribed to them in the Voting Procedures and Glossary, which is Exhibit 2 to the Exhibit Book.

**Please read and follow the attached instructions carefully.  Complete, sign and date this Master Ballot and promptly return it to the Debtors' court-approved Voting Agent at:**

**By U.S. Mail:**

**BMC**
**Attn:  W. R. Grace Voting Agent**
**P.O. Box 913**
**El Segundo, CA 90245-0913**

**By Courier:**

**BMC**
**Attn:  W. R. Grace Voting Agent**
**1330 E. Franklin Avenue**
**El Segundo, CA 90245**

**This Master Ballot must be RECEIVED by the Voting Agent by 4:00 p.m., prevailing Eastern time, on _____, ____, 2005 (the *"Voting Deadline"*).  Otherwise, the votes transmitted hereby will not be counted.**

**As more fully described in Section 8.4.1 of the Plan, pursuant to the Plan, all Entities that have held or asserted, that hold or assert, or that may in the future hold or assert any Claim, Demand, or cause of action, against any Entity released under any provision of the Plan, shall be enjoined from taking any action for the purpose of directly or indirectly collecting, recovering, or receiving payments, satisfaction, or recovery on account of such released matters.**

**As more fully described in § 8.6.4 of the Plan, each Holder of an Equity Interest in the Parent who votes in favor of the Plan or receives or retains any property under the Plan shall be deemed to have unconditionally released the Asbestos Protected Parties, the Asbestos Insurance Entities, the Unsecured Creditors' Committee, the Asbestos PI**

**[Ballot Code 10-M]**
**[CUSIP # ____]**

Committee, the Asbestos PD Committee, the Equity Committee and the FCR, and each party's Representatives, as of the Effective Date from any and all Claims, obligations, rights, suits, damages, causes of action, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity or otherwise, that such Holder would have been legally entitled to assert in its own right, based in whole or in part upon any act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date in any way relating or pertaining to, the Debtors or the Reorganized Debtors, the Chapter 11 Cases, or the negotiation, formulation, and preparation of the Plan or any related documents, instruments, or other documents.

**PLEASE COMPLETE THE FOLLOWING:**

Item 1.  **CERTIFICATIONS OF AUTHORITY TO VOTE.**  The undersigned certifies that as of the Voting Record Date, the undersigned (please check one box):

?  Is a broker, bank, or other nominee for the beneficial owners of the aggregate principal amount of Parent Common Stock listed in Item 1 of the beneficial owner's Class 10 Ballot, and is the Holder of such securities, or

?  Is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other nominee that is the registered Holder of the number of securities listed in Item 1 of the beneficial owner's Class 10 Ballot, or

?  Has been granted a proxy (an original of which is attached hereto) from a broker, bank, or other nominee, or a beneficial owner, that is the registered Holder of the number of securities listed in Item 1 of the beneficial owner's Class 10 Ballot, and accordingly has full power and authority to vote to accept or reject the Plan on behalf of the beneficial owners of the Equity Interests in the Parent listed in Item 1 of the beneficial owner's Class 10 Ballot.

Item 2.  **TABULATION OF VOTES WITH RESPECT TO THE PLAN.**  Please note that each beneficial owner of the Parent Common Stock that votes must vote its entire interest to accept or reject the Plan and may not split such vote.  Accordingly, for purposes of tabulating the vote, each voting beneficial owner should be deemed to have voted the full amount of its interest as of [_____], 2005 (the "Voting Record Date"), as shown by your records.  A Ballot received from a beneficial owner that partially accepts and partially rejects the Plan will not be counted.

The undersigned transmits the following votes of beneficial owners in respect of their Parent Common Stock, and certifies that the following beneficial owners of the Equity Securities, as identified by their respective customer account numbers set forth below, are beneficial owners of such securities as of the Voting Record Date and have

**[Ballot Code 10-M]**
**[CUSIP # _____]**

delivered to the undersigned, as Nominee, Ballots casting such votes. Indicate in the appropriate column the total number of shares voted for each account, or attach such information to this Master Ballot in the form of the following table:

| Your Customer Account Number for Each Beneficial Owner of Voting Parent Common Stock | Principal Number of Parent Common Stock Voted to Accept or Reject the Plan* | |
|---|---|---|
| | ACCEPT | REJECT |
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |
| 6. | | |
| 7. | | |
| 8. | | |
| 9. | | |
| 10. | | |
| TOTALS: | | |

\*      In order to vote on the Plan, the beneficial owner must have checked a box in item 2 to ACCEPT or REJECT the Plan on the Class 10 Ballot (Ballot Code 10).  Accordingly, if the beneficial owner did not check a box in item 2 on the Class 10 Ballot (Ballot Code 10), please do not enter any vote in this column.

**Item 3.      CERTIFICATION AS TO TRANSCRIPTION OF INFORMATION FROM ITEM 3 AS TO PARENT COMMON STOCK VOTED THROUGH OTHER BALLOTS BY BENEFICIAL OWNERS.**  The undersigned certifies that the undersigned has transcribed into the following table the information, if any, provided by the beneficial owners in Item 3 of the Class 10 Ballot (Ballot Code 10-I), identifying any other Class 10 Interests for which such beneficial owners have submitted other Ballots other than to the undersigned.

**[Ballot Code 10-M]**
**[CUSIP # ____]**

91100-001\DOCS_DE:104393.1

| Your Customer Account Number For Each Beneficial Owner Who Completed Item 3 of the Class 10 Ballot (Ballot Code 10-I) | **TRANSCRIBE FROM ITEM 3 OF THE CLASS 10 BALLOT (BALLOT CODE 10-I)** | | |
|---|---|---|---|
| | Account Number | Name of Holder | Number of Shares of Other Class 10 Claims Voted |
| 1. | | | |
| 2. | | | |
| 3. | | | |
| 4. | | | |
| 5. | | | |
| 6. | | | |
| 7. | | | |
| 8. | | | |
| 9. | | | |
| 10. | | | |

**[Ballot Code 10-M]**
**[CUSIP # _____]**

C-15

**Item 4.**    **CERTIFICATIONS.**    By signing this Master Ballot, the undersigned certifies as follows:

1)    Each beneficial owner of Parent Common Stock whose vote is being transmitted by this Master Ballot has been provided with a copy of the Plan, the Disclosure Statement and the Voting Procedures, including all exhibits thereto.

2)    A record of the Ballots received from each beneficial owner will remain on file with the undersigned (and be subject to inspection by the Bankruptcy Court) until one year after the Voting Deadline, unless otherwise instructed in writing by the Debtors or otherwise ordered by the Bankruptcy Court.

Name of the Broker, Bank, or other Nominee:    _____

Name of Proxy Holder or Agent for Broker,
Bank, or other Nominee (if applicable):    _____

Signature:    _____

By (Print name of signatory):    _____

Title:    _____

Street Address:    _____

City, State, and Zip Code:    _____

Telephone Number:    _____

Date:    _____

**[Ballot Code 10-M]**
**[CUSIP # _____]**

C-16

### INSTRUCTIONS FOR COMPLETING THE MASTER BALLOT

**VOTING DEADLINE/VOTING AGENT:**

**The Voting Deadline is 4:00 p.m., prevailing Eastern time, on _____  ___, 2005.** To have the vote of the beneficial owners for whom you act as Nominee count, you must complete, sign, and return this Master Ballot so that it is received by the Voting Agent before the Voting Deadline.  The Voting Agent is:

> BMC
> Attn:  W. R. Grace Voting Agent
> 1330 E. Franklin Avenue
> El Segundo, CA 90245
> (888) 909-0100

HOW TO VOTE:

If you are both the owner and the beneficial owner of any principal amount of Equity Interests you wish to vote such Equity Interests, you may complete, execute, and return to the Voting Agent <u>either</u> a Class 10 Ballot (Ballot Code 10-I) or this Master Ballot (Ballot Code 10-M).

**If you are transmitting the votes of any beneficial owners of Parent Common Stock other than yourself, you may <u>either</u>:**

Complete and execute the Class 10 Ballot (other than Items 2 and 3) and deliver to the beneficial owner of such "prevalidated" Class 10 Ballot (Ballot Code 10-I), along with the Plan, the Disclosure Statement and the Voting Procedures, return envelopes addressed to the Voting Agent, and other materials requested to be forwarded.  The beneficial owner should complete Items 2 and 3 of that Ballot and return the completed Ballot directly to the Voting Agent so that it will be received before the Voting Deadline;

**OR**

For any Class 10 Ballots you do not "prevalidate":

Deliver the Class 10 Ballot (Ballot Code 10-I) to the beneficial owner, along with the Plan, the Disclosure Statement, the Voting Procedures and all exhibits thereto, a postage-paid return envelope addressed to you, and other materials requested to be forwarded, and take the necessary action to enable such beneficial owner to complete and execute such Class 10 Ballot (Ballot Code 10) voting to accept or reject the Plan, and return the completed, executed Ballot to you in sufficient time to enable you to complete the Master Ballot and deliver it to the Voting Agent before the Voting Deadline; and

With respect to all Class 10 Ballots (Ballot Code 10) returned to you, you must properly complete the Master Ballot as follows:

**[Ballot Code 10-M]**
**[CUSIP # ____]**

a.     Check the appropriate box in Item 1 on the Master Ballot;

b.     Indicate the votes to accept or reject the Plan in Item 2 of the Master Ballot, as transmitted to you by the beneficial owners of Parent Common Stock.  To identify such beneficial owners without disclosing their names, please use the customer account number assigned by you to each such beneficial owner, or if no such customer account number exists, please assign a number to each account (making sure to retain a separate list of such beneficial owner and the assigned number).  **IMPORTANT:  EACH BENEFICIAL OWNER MUST VOTE <u>ALL</u> HIS, HER, OR ITS EQUITY INTERESTS IN THE PARENT <u>EITHER</u> TO ACCEPT OR REJECT THE PLAN, AND MAY NOT SPLIT THEIR VOTES.  IF ANY BENEFICIAL OWNER HAS ATTEMPTED TO SPLIT HIS/HER/ITS VOTE, PLEASE CONTACT THE VOTING AGENT IMMEDIATELY.**  Any Ballot or Master Ballot that is signed, dated, and timely received, but does not indicate acceptance or rejection of the Plan, will not be counted for purposes of voting on the Plan;

c.     Review the certifications in Item 4 of the Master Ballot;

d.     Sign and date the Master Ballot, and provide the remaining information requested;

e.     If additional space is required to respond to any item on the Master Ballot, please use additional sheets of paper clearly marked to indicate the applicable item of the Master Ballot to which you are responding;

f.     Contact the Voting Agent if you need any additional information; and

g.     Return the completed, executed Master Ballot so as to be <u>received</u> by the Voting Agent before the Voting Deadline.

**If you return a Master Ballot, please retain in your files each completed, executed Class 10 Ballot (Ballot Code 10) returned to you by a beneficial owner for one year from the Voting Deadline (or as modified in writing by the Debtors or an order of the Bankruptcy Court).**

**If you elect to "prevalidate" Ballots, please maintain a list of those beneficial owners as of the Voting Record Date to whom Ballots were sent for one year from the Voting Deadline (or as modified in writing by the Debtors or an order of the Bankruptcy Court).**

This Master Ballot is *not* a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan.  Holders should not surrender, at this time, certificates representing their securities.  Neither the Debtors nor the Voting Agent will accept delivery of any such certificates surrendered together with this Master Ballot.  *Surrender of securities for exchange may only be made by you and will be accepted pursuant to a letter of transmittal that will be furnished following the confirmation of the Plan by the United States Bankruptcy Court.*

**[Ballot Code 10-M]**
**[CUSIP # _____]**

No Ballot or Master Ballot shall constitute or be deemed a proof of claim or equity interest or an assertion of claim or equity interest.

No fees, commissions, or other remuneration will be payable to any broker, dealer or other person for soliciting votes on the Plan. The Debtors will, however, reimburse you for customary mailing and reasonable handling expenses incurred by you in forwarding the Ballots and other enclosed materials to the beneficial owners of Equity Securities held by you as a nominee or in a fiduciary capacity.

**NOTHING CONTAINED HEREIN OR IN THE ENCLOSED DOCUMENTS SHALL CONSTITUTE AUTHORITY FOR YOU OR ANY OTHER PERSON TO ACT AS THE AGENT OF W. R. GRACE & CO. OR THE VOTING AGENT, OR AUTHORIZE YOU OR ANY PERSON TO USE ANY DOCUMENT OR MAKE ANY STATEMENTS ON BEHALF OF ANY OF THEM WITH RESPECT TO THE PLAN, EXCEPT FOR THE STATEMENTS CONTAINED IN THE ENCLOSED DOCUMENTS.**

**IF YOU HAVE ANY QUESTIONS REGARDING THE MASTER BALLOT, OR IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT, PLAN, OR VOTING PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF THE MASTER BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE DEBTORS' VOTING AGENT, BMC, AT (888) 909-0100.**

**COPIES OF THE PLAN, DISCLOSURE STATEMENT, EXHIBIT BOOK AND VOTING PROCEDURES (AND ALL EXHIBITS THERETO) ARE ALSO AVAILABLE ON THE DEBTORS' WEBSITE AT HTTP://WWW.GRACE.COM AND THE WEBSITE MAINTAINED BY THE VOTING AGENT AT HTTP://WWW.BMCCORP.NET.**

**[Ballot Code 10-M]**
**[CUSIP # _____]**

91100-001\DOCS_DE:104393.1

**Exhibit D**

**Notification of Non-Voting Class Status**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**NOTIFICATION OF NON-VOTING CLASS STATUS**
**FOR AMENDED JOINT PLAN OF REORGANIZATION**

On January __, 2005, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed the Amended Joint Plan of Reorganization (as it may be further amended, the "Plan") and an Amended Disclosure Statement with respect to the Plan (as it may be further amended, the "Disclosure Statement") pursuant to section 1125 of the Bankruptcy Code. On [_____ __] 2005, after notice and a hearing, the Bankruptcy Court approved the Disclosure Statement.[2]

---

[1]    The Debtors consist of the following 62 entities:  W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2]    All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Glossary, which is Exhibit 2 to the Exhibit Book, filed on January __, 2005.

D-1

IF YOUR CLAIM IS IN CLASS 1 (PRIORITY CLAIMS), YOU SHALL BE PAID THE ALLOWED AMOUNT OF YOUR ALLOWED PRIORITY CLAIM, AT THE OPTION OF THE REORGANIZED DEBTORS EITHER (A) IN CASH, IN FULL, IN THE ALLOWED AMOUNT OF YOUR CLAIM ON THE LATER OF (I) THE EFFECTIVE DATE OR AS SOON AS PRACTICABLE THEREAFTER OR (II) THE DATE SUCH ALLOWED PRIORITY CLAIM BECOMES AN ALLOWED PRIORITY CLAIM OR (B) UPON SUCH OTHER TERMS AS MAY BE MUTUALLY AGREED UPON BETWEEN EACH HOLDER OF AN ALLOWED PRIORITY CLAIM AND THE REORGANIZED DEBTORS.    PURSUANT TO SECTION 1124 OF THE BANKRUPTCY CODE, YOUR CLAIM IS IN A CLASS THAT IS NOT IMPAIRED THEREFORE, PURSUANT TO SECTION 1126(f) OF THE BANKRUPTCY CODE, YOU ARE CONCLUSIVELY DEEMED TO HAVE ACCEPTED THE PLAN, AND ARE NOT ENTITLED TO VOTE.

IF YOUR CLAIM IS IN CLASS 2 (SECURED CLAIMS), YOU SHALL BE PAID THE ALLOWED AMOUNT OF YOUR ALLOWED NON-PRIORITY SECURED CLAIM AT THE OPTION OF THE REORGANIZED DEBTORS EITHER (A) IN CASH, IN FULL, ON THE EFFECTIVE DATE OR AS SOON AS PRACTICABLE THEREAFTER, (B) UPON SUCH OTHER TERMS AS MAY BE MUTUALLY AGREED UPON BETWEEN EACH HOLDER OF AN ALLOWED NON-PRIORITY SECURED CLAIM AND THE REORGANIZED DEBTORS, OR (C) BY SURRENDER OF THE PROPERTY SECURING THE ALLOWED SECURED CLAIM.  PURSUANT TO SECTION 1124 OF THE BANKRUPTCY CODE, YOUR CLAIM IS IN A CLASS THAT IS NOT IMPAIRED. THEREFORE, PURSUANT TO SECTION 1126(f) OF THE BANKRUPTCY CODE, YOU ARE CONCLUSIVELY DEEMED TO HAVE ACCEPTED THE PLAN, AND ARE NOT ENTITLED TO VOTE.

IF YOUR CLAIM IS IN CLASS 3 (UNSECURED PASS-THROUGH EMPLOYEE RELATED CLAIMS), YOUR CLAIM SHALL BE UNALTERED BY THE PLAN, AND YOUR LEGAL, EQUITABLE, AND CONTRACTUAL RIGHTS WITH RESPECT TO YOUR CLAIM WILL PASS-THROUGH TO THE REORGANIZED DEBTORS. PURSUANT TO SECTION 1124 OF THE BANKRUPTCY CODE, YOUR CLAIM IS IN A CLASS THAT IS NOT IMPAIRED. THEREFORE, PURSUANT TO SECTION 1126(f) OF THE BANKRUPTCY CODE, YOU ARE CONCLUSIVELY DEEMED TO HAVE ACCEPTED THE PLAN, AND ARE NOT ENTITLED TO VOTE.

IF YOUR CLAIM IS IN CLASS 4 (WORKERS' COMPENSATION CLAIMS), YOUR CLAIM SHALL BE PAID IN THE ORDINARY COURSE PURSUANT TO SUCH RIGHTS THAT EXISTED UNDER ANY STATE WORKERS' COMPENSATION SYSTEM OR LAWS APPLICABLE TO SUCH CLAIMS.  PURSUANT TO SECTION 1124 OF THE BANKRUPTCY CODE, YOUR CLAIM IS IN A CLASS THAT IS NOT IMPAIRED.    THEREFORE,    PURSUANT    TO    SECTION    1126(f)    OF    THE BANKRUPTCY CODE, YOU ARE CONCLUSIVELY DEEMED TO HAVE ACCEPTED THE PLAN, AND, AND ARE NOT ENTITLED TO VOTE.

IF YOUR CLAIM IS IN CLASS 5 (INTERCOMPANY CLAMS) YOUR CLAIM SHALL NOT BE DISCHARGED BY THE CONFIRMATION OF THE DEBTORS'

D-2

PLAN AND SHALL BE SETTLED AND/OR TREATED IN ACCORDANCE WITH THE ORDINARY PROCEDURES IN PLACE PRIOR TO THE PETITION DATE. PURSUANT TO SECTION 1124 OF THE BANKRUPTCY CODE, YOUR CLAIM IS IN A CLASS THAT IS NOT IMPAIRED. THEREFORE, PURSUANT TO SECTION 1126(F) OF THE BANKRUPTCY CODE, YOU ARE CONCLUSIVELY DEEMED TO HAVE ACCEPTED THE PLAN, AND ARE NOT ENTITLED TO VOTE.

IF YOUR CLAIM IS IN CLASS 6 (ASBESTOS PI-SE CLAIMS), YOUR CLAIM WILL BE CHANNELED TO THE ASBESTOS TRUST FOR LITIGATION AND/OR SETTLEMENT PURSUANT TO THE TERMS OF THE PLAN. PURSUANT TO SECTION 1124 OF THE BANKRUPTCY CODE, YOUR CLAIM IS IN A CLASS THAT IS NOT IMPAIRED. THEREFORE, PURSUANT TO SECTION 1126(f) OF THE BANKRUPTCY CODE, YOU ARE CONCLUSIVELY DEEMED TO HAVE ACCEPTED THE PLAN, AND ARE NOT ENTITLED TO VOTE.

IF YOUR CLAIM IS IN CLASS 7 (ASBESTOS PI-AO CLAIMS), YOUR CLAIM WILL BE CHANNELED TO THE ASBESTOS TRUST FOR LITIGATION AND/OR SETTLEMENT PURSUANT TO THE TERMS OF THE PLAN. PURSUANT TO SECTION 1124 OF THE BANKRUPTCY CODE, YOUR CLAIM IS IN A CLASS THAT IS NOT IMPAIRED. THEREFORE, PURSUANT TO SECTION 1126(f) OF THE BANKRUPTCY CODE, YOU ARE CONCLUSIVELY DEEMED TO HAVE ACCEPTED THE PLAN, AND ARE NOT ENTITLED TO VOTE.

IF YOUR CLAIM IS IN CLASS 8 (ASBESTOS PD CLAIMS), YOUR CLAIM WILL BE CHANNELED TO THE ASBESTOS TRUST FOR RESOLUTION PURSUANT TO THE TERMS OF THE PLAN. PURSUANT TO SECTION 1124 OF THE BANKRUPTCY CODE, YOUR CLAIM IS IN A CLASS THAT IS NOT IMPAIRED. THEREFORE, PURSUANT TO SECTION 1126(f) OF THE BANKRUPTCY CODE, YOU ARE CONCLUSIVELY DEEMED TO HAVE ACCEPTED THE PLAN, AND ARE NOT ENTITLED TO VOTE.

IF YOU ARE A HOLDER OF AN EQUITY INTEREST IN CLASS 11 (EQUITY INTERESTS IN DEBTORS OTHER THAN THE PARENT), YOU SHALL RETAIN YOUR EQUITY INTEREST UNALTERED BY THE PLAN. PURSUANT TO SECTION 1124 OF THE BANKRUPTCY CODE, YOUR EQUITY INTEREST IS IN A CLASS THAT IS NOT IMPAIRED. THEREFORE, PURSUANT TO SECTION 1126(f) OF THE BANKRUPTCY CODE, YOU ARE CONCLUSIVELY DEEMED TO HAVE ACCEPTED THE PLAN, AND ARE NOT ENTITLED TO VOTE.

D-3

If you disagree that your claim should be so classified, you may request a ballot by sending a written request via U.S. Mail to the Debtors' court-approved Voting Agent, BMC, at:

> BMC
> Attn:  W. R. Grace Voting Agent
> P.O. Box 913
> El Segundo, CA 90245-0913

**COPIES OF THE PLAN, DISCLOSURE STATEMENT, EXHIBIT BOOK AND VOTING PROCEDURES (AND ALL EXHIBITS THERETO) ARE ALSO AVAILABLE ON THE DEBTORS' WEBSITE AT HTTP://WWW.GRACE.COM AND THE WEBSITE MAINTAINED BY THE VOTING AGENT AT HTTP://WWW.BMCCORP.NET.**

Dated: _____, 2005

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Jonathan Friedland
Ryan Blaine Bennett
200 East Randolph Drive
Chicago, IL 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

--and--

Bennett L. Spiegel
Lori Sinanyan
777 South Figueroa Street
Los Angeles, California 90017
(213) 680-8400

--and--

PACHULSKI, STANG, ZIEHL, YOUNG,
JONES & WEINTRAUB P.C.


_____
Laura Davis Jones (Bar #2436)
David W. Carickhoff, Jr. (Bar #3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
(302) 652-4100

Co-Counsel for the Debtors and Debtors in Possession

**Exhibit E**

**Notification of Non-Voting Claim Status**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**NOTIFICATION OF NON-VOTING CLAIM STATUS**
**FOR AMENDED JOINT PLAN OF REORGANIZATION**

On January __, 2005, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed the Amended Joint Plan of Reorganization (as it may be further amended, the "Plan") and an Amended Disclosure Statement with respect to the Plan (as it may be further amended, the "Disclosure Statement") pursuant to section 1125 of the Bankruptcy Code. On [_____ __] 2005, after notice and a hearing, the Bankruptcy Court approved the Disclosure Statement.[2]

---

[1]    The Debtors consist of the following 62 entities:  W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2]    All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Glossary, which is Exhibit 2 to the Exhibit Book, filed on January__, 2005.

On _____ ___, 2005, the Bankruptcy Court entered the Revised Confirmation Procedures Order, which, among other things, approved certain voting and tabulation procedures for parties entitled to vote to accept or reject the Plan.

Pursuant to the Revised Confirmation Procedures Order, the Bankruptcy Court directed that the Debtors send to you this notice of voting treatment (the "Notification of Non-Voting Claim Status") with respect to the treatment (for voting purposes only) of one or more Claims you have filed against the Debtors.

**Non-Voting Treatment:**  Please take notice that, pursuant to the Revised Confirmation Procedures Order, you are not entitled to vote to accept or reject the Plan because either or both of the following are true with respect to one or more of your Claims: (a) such Claim is subject to a currently pending objection filed by the Debtors or (b) such Claim was not timely-filed pursuant to the applicable bar date order.

**Voting Motion:**  Should you wish to have your Claim allowed for voting purposes only, you must file with the Bankruptcy Court, within twenty (20) calendar days after service of this Notification of Non-Voting Status, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim in a specified amount for purposes of voting (a "Voting Motion") to accept or reject the Plan.  The Voting Motion must set forth with particularity the amount and classification at which you believe your Claim should be allowed for voting purposes, and the evidence in support of that belief.

Such Voting Motion must be served upon the following notice parties:

| **Co-Counsel to the Debtors:** | **United States Trustee** |
|---|---|
| Kirkland & Ellis LLP | Office of U.S. Trustee |
| 777 South Figueroa Street, 37th Floor | J. Caleb Boggs Federal Building |
| Los Angeles, CA 90017 | 844 N. King Street, Suite 2207 |
| Attn:  Bennett L. Spiegel / Lori Sinanyan | Lock Box 35 |
| Telephone:          (213) 680-8400 | Wilmington, DE  19801 |
| Facsimile:          (213) 680-8500 | Attn: Frank Perch, Esq. |
| and | |

E-2

| | |
|---|---|
| Kirkland & Ellis LLP<br>200 East Randolph Drive<br>Chicago, IL 60601<br>Attn: Jonathan Friedland / Ryan Bennett<br>Telephone:        (312) 861-2000<br>Facsimile:        (312) 861-2200<br><br>and<br><br>Pachulski, Stang, Ziehl, Young, Jones<br>& Weintraub P.C.<br>919 North Market Street, Suite 1600<br>P.O. Box 8705<br>Wilmington, DE 19899-8705 (Courier 19801)<br>Attn: Laura Davis Jones / David Carickhoff<br>Telephone:        (302) 652-4100<br>Facsimile:        (302) 652-4400 | **Counsel to the Asbestos PI Committee:**<br>Caplin & Drysdale, Chartered<br>One Thomas Circle NW, Suite 1100<br>Washington D.C. 20005<br>Attn: Peter Van N. Lockwood<br>Telephone:        (202) 862-5000<br>Facsimile:        (202) 429-3301 |
| **Counsel to the Future Claimants' Representative:**<br>Swidler, Berlin, Shereff, Friedman LLP<br>The Washington Harbour<br>3000 K Street, NW, Suite 300<br>Washington, DC 20007<br>Attn: Roger Frankel<br>Telephone:        (202) 424-7500<br>Facsimile:        (202) 424-7643 | **Counsel to the Asbestos PD Committee:**<br>Bilzin Sumberg Baena Price & Axelrod LLP<br>200 South Biscayne Blvd., Suite 2500<br>Miami, FL  33131-2336<br>Attn: Scott L. Baena / Jay Sacalo / Minda A. Mora<br>Telephone:        (305) 374-7580<br>Facsimile:        (305) 374-7593 |
| **Counsel to the Unsecured Creditors' Committee:**<br>Stroock & Stroock & Lavan LLP<br>180 Maiden Lane<br>New York, NY  10038-4982<br>Attn: Lewis Kruger / Arlene Krieger<br>Telephone:        (212) 806-5400<br>Facsimile:        (212) 806-6006 | **Counsel to the Equity Committee:**<br>Kramer Levin Naftalis & Frankel LLP<br>919 Third Avenue<br>New York, NY 10022<br>Attn: Phillip Bentley / Gary M. Becker<br>Telephone:        (212) 715-9100<br>Facsimile:        (212) 715-8000 |

In addition, immediately upon filing a Voting Motion, you must submit a copy of the Voting Motion along with a completed ballot (reflecting the vote amount requested in the corresponding Voting Motion) to the Voting Agent at the following address: **(i) by delivery or courier to:  BMC, Attn.:  W. R. Grace Voting Agent, 1330 E. Franklin Avenue, El Segundo, CA 90245 or (ii) by U.S. Mail to: BMC, Attn.:  W. R. Grace Voting Agent, P.O. Box 913, El Segundo, CA 90245-0913.**  The ballot will be counted in a different amount only if the Voting Motion is granted (in whole or in part) and in the amount ordered by the Bankruptcy Court.

Unless otherwise ordered by the Court, a hearing regarding timely-filed Voting Motions, if any, shall be held at the commencement of the Confirmation Hearing.  A ruling on a Voting Motion will determine only the voting rights with respect to a Claim; the ruling will not affect the rights of the Holder of the Claim or Equity Interest, the Debtors or the Asbestos Trust with respect to allowance and distribution with respect to the Claim or Equity Interest.

You may request ballots by sending a written request via U.S. Mail to the Debtors' court-approved Voting Agent, BMC, at:

BMC
Attn:  W. R. Grace Voting Agent
P.O. Box 913
El Segundo, CA 90245-0913

**COPIES OF THE PLAN, DISCLOSURE STATEMENT, EXHIBIT BOOK, VOTING
PROCEDURES (AND ALL EXHIBITS THERETO) AND ADDITIONAL BALLOTS
AND VOTING INSTRUCTIONS ARE ALSO AVAILABLE ON THE DEBTORS'
WEBSITE AT HTTP://WWW.GRACE.COM AND THE WEBSITE MAINTAINED BY
THE VOTING AGENT AT HTTP://WWW.BMCCORP.NET.**

Dated: _____, 2005

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Jonathan Friedland
Ryan Blaine Bennett
200 East Randolph Drive
Chicago, IL 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

--and--

Bennett L. Spiegel
Lori Sinanyan
777 South Figueroa Street
Los Angeles, California 90017
(213) 680-8400

--and--

PACHULSKI, STANG, ZIEHL, YOUNG,
JONES & WEINTRAUB P.C.


_____
Laura Davis Jones (Bar #2436)
David W. Carickhoff, Jr. (Bar #3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
(302) 652-4100

E-4

**Exhibit F**

**Voting Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., <u>et al.</u>[1] | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**NOTIFICATION OF VOTING TREATMENT**
**FOR AMENDED JOINT PLAN OF REORGANIZATION**

On January ___, 2005, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed the Amended Joint Plan of Reorganization (as it may be further amended, the "Plan") and an Amended Disclosure Statement with respect to the Plan (as it may be further amended, the "Disclosure Statement") pursuant to section 1125 of the Bankruptcy Code. On [_____ __] 2005, after notice and a hearing, the Bankruptcy Court approved the Disclosure Statement.[2]

---

[1]    The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2]    All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Glossary, which is Exhibit 2 to the Exhibit Book, filed on January __, 2005.

F-1

On _____  ___, 2005, the Bankruptcy Court entered the Revised Confirmation Procedures Order, which, among other things, approved certain voting and tabulation procedures for parties entitled to vote to accept or reject the Plan.

Pursuant to the Revised Confirmation Procedures Order, the Bankruptcy Court directed that the Debtors send to you this notice of voting treatment (the "Voting Notice") with respect to the treatment (for voting purposes only) of one or more Claims you have filed against the Debtors.

**Voting Treatment:**   Please take notice that your Claim amount, for voting purposes only, as reflected on the enclosed Ballot, shall be $1.00 so long as such Claim has not been disallowed or expunged by the Court prior to the Voting Deadline or, as of the Confirmation Hearing, is not subject to a pending objection for which a Voting Motion has not be timely filed. Your Claim is subject to this prescribed treatment because, as of the Voting Record Date, the amount of such Claim, as indicated on the corresponding timely filed proof of claim, was wholly unliquidated, contingent and/or undetermined.

**Voting Motion:**   Should you wish to have your Claim allowed for voting purposes only in a greater amount, you must file with the Bankruptcy Court, within twenty (20) calendar days after service of this Voting Notice, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim in a different amount for purposes of voting (a "Voting Motion") to accept or reject the Plan.  The Voting Motion must set forth with particularity the amount and classification at which you believes your Claim should be allowed for voting purposes, and the evidence in support of that belief.

Such Voting Motion must be served upon the following notice parties:

| Co-Counsel to the Debtors: | United States Trustee |
|---|---|
| Kirkland & Ellis LLP | Office of U.S. Trustee |
| 777 South Figueroa Street, 37th Floor | J. Caleb Boggs Federal Building |
| Los Angeles, CA 90017 | 844 N. King Street, Suite 2207 |
| Attn:  Bennett L. Spiegel / Lori Sinanyan | Lock Box 35 |
| Telephone:        (213) 680-8400 | Wilmington, DE  19801 |
| Facsimile:        (213) 680-8500 | Attn: Frank Perch, Esq. |
| | |
| and | |

F-2

| | |
|---|---|
| Kirkland & Ellis LLP<br>200 East Randolph Drive<br>Chicago, IL 60601<br>Attn: Jonathan Friedland / Ryan Bennett<br>Telephone:     (312) 861-2000<br>Facsimile:     (312) 861-2200<br><br>and<br><br>Pachulski, Stang, Ziehl, Young, Jones<br>& Weintraub P.C.<br>919 North Market Street, Suite 1600<br>P.O. Box 8705<br>Wilmington, DE 19899-8705 (Courier 19801)<br>Attn: Laura Davis Jones / David Carickhoff<br>Telephone:     (302) 652-4100<br>Facsimile:     (302) 652-4400 | **Counsel to the Asbestos PI Committee:**<br>Caplin & Drysdale, Chartered<br>One Thomas Circle NW, Suite 1100<br>Washington D.C. 20005<br>Attn: Peter Van N. Lockwood<br>Telephone:     (202) 862-5000<br>Facsimile:     (202) 429-3301 |
| **Counsel to the Future Claimants' Representative:**<br>Swidler, Berlin, Shereff, Friedman LLP<br>The Washington Harbour<br>3000 K Street, NW, Suite 300<br>Washington, DC 20007<br>Attn: Roger Frankel<br>Telephone:     (202) 424-7500<br>Facsimile:     (202) 424-7643 | **Counsel to the Asbestos PD Committee:**<br>Bilzin Sumberg Baena Price & Axelrod LLP<br>200 South Biscayne Blvd., Suite 2500<br>Miami, FL  33131-2336<br>Attn: Scott L. Baena / Jay Sacalo / Minda A. Mora<br>Telephone:     (305) 374-7580<br>Facsimile:     (305) 374-7593 |
| **Counsel to the Unsecured Creditors' Committee:**<br>Stroock & Stroock & Lavan LLP<br>180 Maiden Lane<br>New York, NY  10038-4982<br>Attn: Lewis Kruger / Arlene Krieger<br>Telephone:     (212) 806-5400<br>Facsimile:     (212) 806-6006 | **Counsel to the Equity Committee:**<br>Kramer Levin Naftalis & Frankel LLP<br>919 Third Avenue<br>New York, NY 10022<br>Attn: Phillip Bentley / Gary M. Becker<br>Telephone:     (212) 715-9100<br>Facsimile:     (212) 715-8000 |

In addition, immediately upon filing a Voting Motion, the you must submit a copy of the Voting Motion along with a completed ballot (reflecting the vote amount requested in the corresponding Voting Motion) to the Voting Agent at the following address: **(i) by delivery or courier to:  BMC, Attn.:  W. R. Grace Voting Agent, 1330 E. Franklin Avenue, El Segundo, CA 90245 or (ii) by U.S. Mail to: BMC, Attn.:  W. R. Grace Voting Agent, P.O. Box 913, El Segundo, CA 90245-0913.**  The ballot will be counted in a different amount only if the Voting Motion is granted and in the amount ordered by the Bankruptcy Court.

Unless otherwise ordered by the Court, a hearing regarding timely-filed Voting Motions, if any, shall be held at the commencement of the Confirmation Hearing.  A ruling on a Voting Motion will determine only the voting rights with respect to a Claim; the ruling will not affect the rights of the Holder of the Claim or Equity Interest, the Debtors or the Asbestos Trust with respect to allowance and distribution with respect to the Claim or Equity Interest.

You may request additional ballots by sending a written request via U.S. Mail to the Debtors' court-approved Voting Agent, BMC, at:

BMC
Attn: W. R. Grace Voting Agent
P.O. Box 913
El Segundo, CA 90245-0913

**COPIES OF THE PLAN, DISCLOSURE STATEMENT, EXHIBIT BOOK, VOTING PROCEDURES (AND ALL EXHIBITS THERETO) AND ADDITIONAL BALLOTS AND VOTING INSTRUCTIONS ARE ALSO AVAILABLE ON THE DEBTORS' WEBSITE AT HTTP://WWW.GRACE.COM AND THE WEBSITE MAINTAINED BY THE VOTING AGENT AT HTTP://WWW.BMCCORP.NET.**

Dated: _____, 2005

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Jonathan Friedland
Ryan Blaine Bennett
200 East Randolph Drive
Chicago, IL 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

--and--

Bennett L. Spiegel
Lori Sinanyan
777 South Figueroa Street
Los Angeles, California 90017
(213) 680-8400

--and--

PACHULSKI, STANG, ZIEHL, YOUNG,
JONES & WEINTRAUB P.C.

_____
Laura Davis Jones (Bar #2436)
David W. Carickhoff, Jr. (Bar #3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
(302) 652-4100

Co-Counsel for the Debtors and Debtors in Possession

F-4