## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **In re:** | ) |
| | ) **Chapter 11** |
| | ) **Case No. 01-1139 (JKF)** |
| **W.R. GRACE & CO., et al.,** | ) **(Jointly Administered)** |
| | ) |
| **Debtors.** | ) **Related Docket Nos. 7017** |
| | ) **Hearing Date: January 24, 2005 at 12:00pm** |

### FUTURE CLAIMANTS REPRESENTATIVE'S OBJECTION TO DEBTORS' SEVENTH MOTION FOR ORDER FURTHER EXTENDING EXCLUSIVE PERIODS FOR FILING A PLAN AND SOLICITING VOTES THEREON

David T. Austern, the legal representative for future asbestos claimants (the "Future Claimants Representative") appointed by this Court in the above-captioned Chapter 11 cases, by counsel, objects to the Seventh Motion for an Order Pursuant to 11 U.S.C. § 1121(d) Extending Debtors' Exclusive Periods in Which to File A Chapter 11 Plan and to Solicit Votes Thereon (the "Motion") [Docket No. 7017], filed by W.R. Grace & Co. and 61 of its affiliates (collectively, the "Debtors"), and in support thereof states:

### PRELIMINARY STATEMENT

The Debtors commenced their cases in 2001. After almost four years in chapter 11, the Debtors have neither formulated a consensual chapter 11 plan of reorganization nor filed a confirmable plan. On October 14, 2004, the deadline set by the Court for the Debtors to file their long-awaited plan, they sought and received an extension to November 15, 2004 to do so. The Debtors premised the need for such an extension on the fact that there had been various discussions with various parties, and in the Debtors' view, "sufficient progress was made for the parties to conclude that additional negotiations could lead to a consensual chapter 11 plan."[1] While that may have been true in mid-October, it was no longer true by November 13, 2004,

---

[1] Debtors' Motion for Entry of an Order Extending the Time Within Which the Debtors Must File a Chapter 11 Plan, dated October 14, 2004, p. 3 (the "Motion to Extend") [Docket No. 6641].

when the Debtors filed their Disclosure Statement (defined below) and Plan (defined below), without the consent of the asbestos constituencies, including the Future Claimants Representative.

The filing of a non-consensual plan, after four years in Chapter 11, is bad enough. But the Debtors' plan is so patently unconfirmable that it provides no basis for meaningful further discussions. As a result, it should be obvious to the Court that the Debtors are clinging to exclusivity as leverage in negotiations over the terms of a real plan in these cases. Accordingly, the time has come to create a level playing field among the parties-in-interest by denying the Debtors continued exclusivity and permitting the filing of one or more alternative plans.

Accordingly, the Future Claimants Representative respectfully requests that the Debtors' Motion be denied.

## BACKGROUND

1.        On April 2, 2001, the Debtors each filed a petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware.

2.        On July 25, 2001, the Debtors filed their first motion seeking to extend their exclusive periods to file a plan and to solicit acceptances. That motion was granted; since that time, the Debtors have sought and obtained five further extensions of their exclusive periods.

3.        Under the Court's Order dated June 16, 2004, the Debtors' exclusive periods to file a plan expired on November 24, 2004, and their exclusive period to solicit acceptances expires on January 24, 2005. See Docket Nos. 5027 (sixth exclusivity motion) and 5820 (Order). The June 16, 2004 Order also required the Debtors to file a Chapter 11 plan no later than 120 days after the entry of the Order (i.e., on or before October 14, 2004).

4.        On October 14, 2004, the Debtors filed their Motion to Extend seeking to extend their time to file a plan through November 15, 2004. [Docket No. 6641]. The Debtors'

2

Motion to Extend states that they had a plan and disclosure statement drafted and ready to be filed, but that the Debtors were continuing to meet with all of the creditors' committees in an attempt to arrive at a consensual chapter 11 plan. The Motion to Extend further states that "sufficient progress was made for the parties to conclude that additional negotiations could lead to a consensual chapter 11 plan." Motion to Extend, p. 3. The motion was granted on October 25, 2004. [Docket No. 6734].[2]

5.        On November 13, 2004, the Debtors filed their Disclosure Statement [Docket No. 6896], their Plan of Reorganization (the "Plan") [Docket No. 6895] and several plan related motions (the "Plan Related Motions") [Docket Nos. 6898, 6899 and 6900].[3] More than twenty objections to the Disclosure Statement and Plan Related Motions have been filed by various parties-in-interest, including a consolidated objection filed by the Future Claimants Representative, which establish, inter alia, that the Disclosure Statement should not be approved because the Plan is patently unconfirmable.

6.        On November 23, 2004, the Debtors filed this Motion seeking an order extending their exclusive periods for an additional six months. Despite the fact that they have already filed a plan (albeit an unconfirmable one), the Debtors seek to extend their time to file a plan to and including May 24, 2005. The Debtors also seek to extend their time for soliciting acceptances to and including July 24, 2005. If granted, the Motion would bring the Debtors' total period of exclusivity to more than four years.

---

[2]        Unfortunately, soon after the Presidential elections on November 2, 2004 (and, perhaps, in anticipation of federal legislation), any meaningful plan discussions with the Future Claimants Representative ceased. We believe that such discussions with the two asbestos committees and its members also ceased.

[3]        The Plan Related Motions consist of: (i) the Debtors' Motion for Entry of a Case Management Order Establishing Protocols for Litigation Asbestos-Related Claims Following Plan Confirmation [Docket No. 6896]; (ii) the Debtors' Motion for Entry of an Order Seeking the Estimation of Asbestos Claims and Certain Related Relief [Docket No. 6899]; and (iii) the Debtors' Motion for the Entry of an Order Approving Solicitation and Confirmation Procedures and Schedule [Docket No. 6900]. On December 20, 2004, the Debtors filed a supplement to their estimation motion [Docket No. 7250].

## **ARGUMENT**

7.        Section 1121(d) of the Bankruptcy Code provides that the Court may reduce or increase the 120-day or 180-day exclusive periods for a debtor to file and solicit acceptances of its reorganization plan if "cause" exists.  11 U.S.C. § 1121(d).

8.        Requests to extend or reduce a period of exclusivity should "be granted neither routinely nor cavalierly."  In re McLean Indus., Inc., 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987); In re Curry Corp., 148 B.R. 754, 756 (Bankr. S.D.N.Y. 1992) ("This court will not routinely extend the exclusivity period absent a showing of 'cause' when creditors object to such requests for extensions.");  In re Pine Run Trust, Inc., 67 B.R. 432, 434 (Bankr. E.D. Pa. 1986) ("Furthermore, both the language and purpose of this statutory provision require that an extension not be granted routinely.").

9.        The burden is on the Debtors to demonstrate the existence of good cause warranting extensions.  In re Newark Airport/Hotel LP, 156 B.R. 444, 451 (Bankr. D. N.J.), aff'd, FGH Realty Credit Corp. v. New Airport/Hotel LP, 155 B.R. 93 (D. N.J. 1993).  The Debtors have failed to meet this burden at this time.

10.        While Courts consider a series of factors in determining whether section 1121(d)'s "for cause" language has been satisfied,[4] the Debtors here argue principally that the cases are complex, and that the Debtors are making progress.  When these factors are considered in light of the length of time that has elapsed in these cases and the Debtors' pending Plan, they do not weigh in favor of a seventh extension of the exclusive periods.

---

[4]        Courts usually consider (1) the size and complexity of the case; (2) the necessity of sufficient time to negotiate and prepare adequate information; (3) the existence of good faith progress; (4) whether the debtor is paying its debts as they become due; (5) whether the debtor has demonstrated reasonable prospects for filing a viable plan; (6) whether the debtor has made progress negotiating with creditors; (7) the length of time a case has been pending; (8) whether the debtor is seeking an extension to pressure creditors; and (9) whether or not unresolved contingencies exist.  In re Central Jersey Airport Servs., LLC, 282 B.R. 176, 184 (Bankr. D. N.J. 2002); McLean Indus., Inc., 87 B.R. at 834.

11.    The Debtors argue that cause exists because the cases are large and complex. Motion ¶ 16. However, the size and complexity of the Debtors' cases alone do not provide cause for an extension of the exclusive periods. In re Public Serv. Co. of New Hampshire, 88 B.R. 521, 537 (Bankr. D. N.H. 1988); Curry Corp., 148 B.R. at 756. If size and complexity alone were sufficient to find cause, then debtors in complex cases would have an unlimited right to exclusivity and Section 1121(d) would be rendered meaningless in complex cases.

12.    The Debtors cannot demonstrate at this time that cause for yet another extension exists, because they have not made good faith progress toward confirming a consensual plan. Motion ¶¶ 13 and 15. Despite the passage of years during which the Debtors could have negotiated with their asbestos constituencies, even while various motions were pending, it was only last November, when the Court set a firm deadline, that the Debtors filed any plan, and the Plan they chose to file is so fatally flawed as to be unconfirmable on its face. That hardly shows sufficient progress to warrant a seventh extension. See In re Am. Fed'n of Television and Radio Artists, 30 B.R. 772, 774 (Bankr. S.D.N.Y. 1983) (cause for extension of a debtor's exclusive periods does not exist where the debtor has made no showing that it can successfully reorganize if the exclusive periods are extended).

13.    The Debtors' Motion reveals the true purpose of the requested extension. The Debtors state that, to the extent any parties file responses or objections to the Disclosure Statement or Plan Related Motions, an extension of the Debtors' exclusive periods would afford the Debtors an opportunity to pursue discussions with any such parties, without the distraction of competing plans. Motion ¶ 13. A number of interested parties have filed responses or objections to the Disclosure Statement and Plan Related Motions, which highlight the numerous deficiencies in the Plan that make the Plan patently unconfirmable.[5]

---

[5]    The Disclosure Statement and Plan Related Motions are scheduled to be heard by the Court on January 21,

14.　　　The Debtors, however, hardly needed objections to their Disclosure Statement to understand the points of disagreement among the constituencies and to continue the discussions about which the Debtors appeared so optimistic when they sought to delay filing their plan last October.  The Debtors know well the issues separating the parties, and are merely using exclusivity, their unconfirmable Plan and their newest round of motions as leverage in their negotiations with the asbestos constituencies.  There is no reason to believe that the Debtors, after four years, will now begin meaningful discussions as long as no other party has the authority to file a competing plan.

15.　　　Permitting the filing of competing plans, including, for example, one or more plans filed by various asbestos constituencies, will create a meaningful discourse among the various parties in interest, which should weed out unfavorable plans and lead to the best possible result for all concerned parties.  In re Geriatrics Nursing Home, Inc., 187 B.R. 128, 133 (D. N.J. 1995) (affirming bankruptcy court's denial of debtors' motion to extend exclusive period).

16.　　　Denial of the Debtors' Motion will not end their chances for reorganization. See, e.g., In re All Seasons Indus., Inc., 121 B.R. 1002, 1005 (Bankr. N.D. Ind. 1990) ("Denying such a motion only affords creditors their right to file the plan; there is no negative effect upon the debtor's co-existing right to file its plan."); In re Grossinger's Assocs., 116 B.R. 34, 36 (Bankr. S.D.N.Y. 1990) ("loss of plan exclusivity does not mean the debtor is foreclosed from promulgating a meaningful plan of reorganization; only that the right to propose a Chapter 11 plan will not be exclusive with the debtor").  Rather, denying the Motion at this time will level the playing field and permit others to file competing plans.  See, e.g., Curry Corp., 148 B.R. at 756 (denying debtors' motion to extend exclusive periods, noting that extensions "should not be

---

2005  If the Court determines that the Disclosure Statement should not be approved because, among other things, the Plan is unconfirmable, the Debtors' Motion should be denied at that time.

6

employed as a tactical devise to put pressure on creditors to yield to a plan that they might consider unsatisfactory").    The Future Claimants Representative suggests that authorizing constituencies in addition to the Debtors to file a plan is the best way, at this time in these cases, to facilitate meaningful negotiations among the parties in interest.

### CONCLUSION

For the foregoing reasons, the Future Claimants Representative respectfully requests that the Court deny the Motion.

Dated: January 7, 2005

Respectfully submitted,

PHILLIPS, GOLDMAN & SPENCE, P.A.

_____
JOHN C. PHILLIPS, JR., ESQUIRE (#110)
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200
(302) 655-4210 (facsimile)

Roger Frankel, Esquire
Richard H. Wyron, Esquire
Matthew W. Cheney, Esquire
Debra L. Felder, Esquire
Swidler Berlin LLP
3000 K Street, N.W., Suite 300
Washington, D.C. 20007
(202) 424-7500
(202) 424-7643 (facsimile)

Counsel for David T. Austern,
Future Claimants Representative

<u>CERTIFICATE OF SERVICE</u>

        I hereby certify that on this 7th day of January, 2005, I caused the foregoing Future
Claimants Representative's Objection to Debtors' Seventh Motion for Order Further Extending
Exclusive Periods for Filing a Plan and Soliciting Votes Thereon to be served on the following
persons via email (where available via Pacer) and first class mail, postage prepaid:

David M. Bernick, P.C.
Janet S. Baer, Esquire
Jonathan P. Friedland, Esquire
Samuel L. Blatnick, Esquire
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601
Fax: 312-861-2200
*Counsel for the Debtors*

Bennett L. Spiegel, Esquire
Kirkland & Ellis LLP
777 South Figueroa Street
Los Angeles, CA 90017
Fax: 213-680-8400
*Counsel for the Debtors*

Laura Davis Jones, Esquire
Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705
Fax: 302-652-4400
*Counsel for the Debtors*

Lewis Kruger, Esquire
Stroock & Stroock & Levan
180 Maiden Lane
New York, NY 10038-4982
Fax: 212-806-6006
*Counsel for the Official Committee of Unsecured Creditors*

Michael R. Lastowski, Esquire
Duane, Morris & Heckscher, LLP
1100 N. Market Street, Suite 1200
Wilmington, DE 19801-1246
Fax: 302-657-4901
*Counsel to the Official Committee of Unsecured Creditors*

Scott L. Baena, Esquire
Jay M. Sakalo, Esquire
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Blvd., Suite 2500
Miami, FL 33131
Fax: 305-374-7593
*Counsel to the Official Committee of Property Damage Claimants*

Michael B. Joseph, Esquire
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899
Fax: 302-575-1714
*Counsel to the Official Committee of Property Damage Claimants*

Elihu Inselbuch, Esquire
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022
Fax: 212-644-6755
*Counsel to the Official Committee of Personal Injury Claimants*

Peter Van N. Lockwood, Esq.
Caplin & Drysdale
One Thomas Circle, NW
Washington, DC  20005
*Counsel to the Official Committee of Personal Injury Claimants*

Mark Hurford, Esquire
Marla Eskin, Esquire
Campbell & Levine, LLC
800 North King Street, Suite 300
Wilmington, DE 19801
Fax: 302-426-9947
*Counsel to the Official Committee of Personal Injury Claimants*

J. Douglas Bacon, Esquire
Latham & Watkins
Sears Tower
Suite 5800
Chicago, IL 60606
*Counsel to the DIP Lenders*

Steven M. Yoder, Esquire
The Bayard Firm
222 Delaware Avenue
Suite 900
P.O. Box 25130
Wilmington, DE 19899
*Counsel to the DIP Lenders*

Thomas M. Mayer, Esquire
Kramer Levin Naftalis & Frankel LLP
919 Third Avenue
New York NY 10022
Fax: 212-715-8000
*Counsel to the Official Committee of Equity Holders*

Teresa K.D. Currier, Esquire
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
P.O. Box 1397
Wilmington, DE 19899-1397
Fax: 302-552-4220
*Counsel to the Official Committee of Equity Holders*

Office of the United States Trustee
Attn: Frank J. Perch
844 N. King Street
Wilmington, DE 19801
Fax: 302-573-6497

Debra L. Felder