## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 01-01139 (JKF) |
| W.R. GRACE & CO., et al., | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | **Re. Docket No. 7252** |

**AFFIDAVIT OF JAMES HUGHES IN SUPPORT OF PD CREDITORS'
JOINDER OF THE OFFICIAL ASBESTOS PROPERTY DAMAGE
CLAIMANTS' MOTION TO STRIKE THE DEBTORS' NOTICE OF INTENT
TO OBJECT TO CLAIMS ON THE BASIS OF MATERIALLY INSUFFICIENT
SUPPORTING INFORMATION AND OPPORTUNITY TO SUPPLEMENT
CLAIMS**

| | |
|---|---|
| State of South Carolina | ) |
| | )ss: |
| County of Charleston | ) |

James M. Hughes, being duly sworn, deposes and says as follows:

1.    I am a member of Motley Rice LLP, a law firm located in Mount Pleasant, South Carolina and counsel to thirteen Property Damage Claimants against the Debtors, to wit, the American Legion, the City of Barnesville, Cherry Hill Plaza, Church of the Most Holy Redeemer, Church of St. Joseph, Church of St. Luke, First United Methodist, Fargo Housing Authority, Catholic Diocese of Little Rock, Al Foss, State of Washington, Port of Seattle, Church of St. Helena of Minneapolis, and Church of St. Leo the Great (the "Motley Rice PD Claimants"). I am a member in good standing admitted to the bar of the State of South Carolina.

2.    I submit this affidavit on behalf of the Motley Rice PD Claimants and in support of the both the Joinder filed by them and the Motion of the Official Asbestos Property Damage Claimants' Motion To Strike The Debtors' Notice Of Intent To Object

To Claims On The Basis Of Materially Insufficient Supporting Information And Opportunity To Supplement Claims (the "PD Committee Motion to Strike").

3.    The PD Committee Motion to Strike seeks to strike the Debtors' Notice of Intent and to require the Debtors to provide a proper Notice of Intent that complies with the applicable order and that also complies with fundamental requirements of due process and a fair opportunity to be informed of the grounds for any objections to PD Claims.

4.    The Motley Rice PD Claimants have experienced and are suffering from just the type of denial of due process and fair opportunity that is the subject of the PD Committee Motion to Strike.  Motley Rice received from the Debtors a Notice of Intent to Object to Claims on the Basis of Materially Insufficient Supporting Information and Opportunity to Supplement Claims, Exhibit A hereto, with respect to five of its clients' PD Claims.

5.    In response I wrote a letter to the designated persons for the Debtors dated December 17, 2004, Exhibit B hereto, providing certain answers and specifically requesting (a) with respect to the claim of Catholic Diocese of Little Rock, "Could you please let me know as soon as possible what information is insufficient so that we may correct it as soon as possible" and (b) with respect to the 3 claims of the Port of Seattle "Therefore, we would like to know as soon as possible what the nature of the materially insufficient supporting information is so that we may begin collecting any such information that is not already provided as soon as possible."

6.    Motley Rice followed up my letter of December 17, 2004 with two telephone calls, one from me to Joseph S. Nacca of  Kirkland & Ellis on January 4, 2005

and a second call from my paralegal, Jamie Whalen, to Mr. Nacca on December 30, 2004.

7.      Finally, I wrote a second letter dated January 5, 2005 to Mr. Nacca and Rust Consulting, Inc., Exhibit C hereto, in which I stated, *inter alia*, "As you may recall, I expressed some confusion as to the nature of the information that is materially insufficient.  If you could, please clarify what information is needed in the matters listed below."

8.      On January 6, 2005 I received a phone call from Mr. Nacca, who said that he would not be able to get information on any possible material insufficiencies for the Motley Rice Claimants until sometime the week of January 10, 2005.  He also stated that he did not think there would be a problem in getting any extension to a deadline to cure any such material insufficiencies if the Motley Rice claimants requested one.

9.      Motley Rice has filed a joinder and supports the PD Committee Motion to Strike.  My unsuccessful efforts to obtain from the Debtors' a meaningful explanation of the alleged insufficiencies, the obvious denial of due process and a fair opportunity to protect my clients' rights, and my frustration with the Debtors' failure to promptly respond while imperiling my clients' rights evidence a serious failure of the procedures authorized and employed by the Debtors.

10.     I respectfully request that the Court remedy this situation by granting the PD Committee's Motion to Strike and prohibiting the Debtors from employing processes to eliminate PD Claims when such processes so clearly do not inform PD Claimants of the deficiencies and  deny PD Claimants a fair opportunity to respond to informed, specified, and identifiable deficiencies.

I say nothing further.

James M. Hughes

Sworn to before me this
7th day of January, 2005

Notary Public

My Commission Expires  July 26, 2014

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |
| | ) | **Hearing Date: Not Applicable** |
| | ) | **Responses Due: February 7, 2005** |

**NOTICE OF INTENT TO OBJECT TO CLAIMS ON THE BASIS OF MATERIALLY INSUFFICIENT SUPPORTING INFORMATION AND OPPORTUNITY TO SUPPLEMENT CLAIMS**

    **PLEASE TAKE NOTICE** that on April 2, 2001, each of the Debtors in the above-captioned chapter 11 cases filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code commencing their respective chapter 11 cases in the United States Bankruptcy Court for the District of Delaware.

    **PLEASE TAKE FURTHER NOTICE** that by an order dated April 25, 2002, the Court set March 31, 2003 as the last date for filing proofs of claim for all prepetition claims relating to

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

asbestos property damage, non-asbestos claims (including all governmental claims) and medical monitoring claims (the "Bar Date"). A bar date has yet to be set for asbestos personal injury claims and claims related to Zonolite Attic Insulation.

**PLEASE TAKE FURTHER NOTICE** that the Debtors are in the process of reviewing all claims filed, and, during this review process, the Debtors have discovered, among other things, that certain proofs of claim were filed with (a) no supporting documentation submitted to validate the claim; (b) materially insufficient supporting documentation to validate the claim; and/or (c) the claimant failing to answer one or more specific questions that require answers necessary to support the claim (collectively, "Materially Insufficient Supporting Information").

**PLEASE TAKE FURTHER NOTICE** that on July 19, 2004, the Court entered an Order [Docket No. 6009] (the "Order"), attached hereto as Exhibit A, pursuant to which the Debtors, prior to asserting any objection to a claim on the basis of Materially Insufficient Supporting Information, must serve written notice by first-class United States mail of the Debtors' intent to object to the respective claim on the basis of Materially Insufficient Supporting Information upon: (a) any claimant as to whom such objection is to be asserted; (b) counsel for such claimant, if counsel is identified on the underlying proof of claim; (c) counsel for the Asbestos Property Damage Committee; and (d) counsel for the Official Committee of Unsecured Creditors.

**PLEASE TAKE FURTHER NOTICE** that the Debtors' claims consultant, Bankruptcy Management Corporation ("BMC"), will, in lieu of serving each claimant with all Exhibits, serve a customized Notice summarizing the claim detail exactly as reflected on Exhibit B, attached hereto, upon those claimants that have filed claims that are affected by the Notice (with a copy of Exhibit A). A sample of the customized Notice is attached hereto as Exhibit C. In addition,

2

BMC will serve upon the attorney of any claimant listed on <u>Exhibit B</u> a copy of the Notice with a customized <u>Exhibit B</u> listing only that attorney's clients. Any party may obtain a copy of the Notice with all Exhibits by requesting the same from BMC at (888) 909-0100 or by going to the BMC website at www.bmccorp.net/wrgrace.

    **PLEASE TAKE FURTHER NOTICE** that claimants have sixty (60) days (the "Response Period") from the date of this Notice in which to provide any supplemental or additional information supporting the respective claims. Such information must be sent to the following addresses:

> **By Mail:**
> Rust Consulting, Inc.
> Claims Processing Agent
> Re: W.R. Grace and Co. (Supplemental Information)
> P.O. Box 162
> Faribault, Minnesota 55021-1620
>
> **By Courier:**
> Rust Consulting, Inc.
> Claims Processing Agent
> Re: W.R. Grace and Co. (Supplemental Information)
> 201 South Lyndale Avenue
> Faribault, Minnesota 55021
>
>         -and-
>
> Kirkland & Ellis LLP
> Attn: Joseph S. Nacca
> 200 E. Randolph Drive
> Chicago, Illinois 60601

    **PLEASE TAKE FURTHER NOTICE** that each claimant who provides any supplemental or additional information supporting his/her/its respective claim must include with that information:

    (a)    a caption setting forth the names of the Debtors and the case number;

3

(b)      the name of the claimant, the original claim number of the claim for which the claimant is providing supplemental information, claimant's federal taxpayer ID, and a description of the basis for the amount of the claim;

(c)      the name, address, telephone number, and fax number of the person(s) (which may be the claimant or the claimant's legal representative) with whom counsel for the Debtors should communicate with respect to the claim and who possesses authority to reconcile, settle, or otherwise resolve the claim on behalf of the claimant;

(d)      for holders of asbestos property damage claims: (i) to the extent that it was not included with the proof of claim previously filed with the Claims Agent, accurate and truthful responses to all questions in Parts 3 and 4 of the W.R. Grace & Co. Asbestos Property Damage Proof of Claim Form; and (ii) to the extent that it was not included with the proof of claim previously filed with the Claims Agent, any supporting documentation, as required by questions 16, 17, 18, 22, 23, 36, 37, 38, 39, 42, and 43 of the W.R. Grace & Co. Asbestos Property Damage Proof of Claim Form, upon which claimant will rely to support the basis for and amounts asserted in the proof of claim;

(e)      for holders of claims other than asbestos property damage claims, any supporting documentation upon which the party will rely to support the basis for and amounts asserted in the proof of claim.

**PLEASE TAKE FURTHER NOTICE** that, following the Response Period, the

Debtors may assert any applicable objections to your claims (or those of your client), including,

but not limited to, objections on the basis of Materially Insufficient Supporting Information.

Dated:  December 6, 2004

                                  **W. R. GRACE & CO., et al.**

                                  KIRKLAND & ELLIS LLP
                                  Janet S. Baer
                                  James W. Kapp III
                                  Rachel R. Schulman
                                  200 East Randolph Drive
                                  Chicago, Illinois 60601-6636
                                  Telephone:  (312) 861-2000
                                  Facsimile:     (312) 861-2200

                                     and

                                  PACHULSKI, STANG, ZIEHL, YOUNG,
                                  JONES & WEINTRAUB P.C.

                                  _[signature]_

                                  Laura Davis Jones (DE I.D. No. 2436)
                                  David W. Carickhoff, Jr. (DE I.D. No. 3715)
                                  919 North Market Street, 16th Floor
                                  P.O. Box 8705
                                  Wilmington, DE 19899-8705 (Courier 19801)
                                  Telephone:  (302) 652-4100
                                  Facsimile:  (302) 652-4400

                                  Counsel for the Debtors and
                                  Debtors in Possession

# Exhibit A

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

*Presented at hearing 7/19/04*

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., *et al.*, [1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

Re: Docket No. 4853 & 3/22/04 Agenda
Item No. 6

## ORDER GRANTING LIMITED WAIVER OF DEL.BANKR.LR 3007-1 FOR THE PURPOSE OF STREAMLINING OBJECTIONS TO CERTAIN CLAIMS FILED PURSUANT TO THE BAR DATE ORDER

This matter coming before the Court on the Motion of Debtors For Limited Waiver of

Del.Bankr.LR 3007-1 for the Purpose of Streamlining Objections to Claims (the "Motion") filed

by the above-captioned debtors and debtors in possession (collectively, "Debtors"); the Court

having reviewed and considered the Motion; the Court finding that (i) the Court has jurisdiction

over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

28 U.S.C. § 157(b)(2); (iii) the relief requested therein is in the best interest of the Debtors and their estates; and (iv) no further notice or hearing on the Motion being required; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein:

      1.    IT IS HEREBY ORDERED THAT:

      a.    Pursuant to Del.Bankr.LR1001-1(c), the provisions of Local Rule 3007-1 are hereby waived to allow the Debtors to file omnibus objections (the "Gateway Omnibus Objections") asserting any and all Gateway Objections (as herein defined) against all Claims[2], regardless of the aggregate number of such Claims subject to the Gateway Objections.

      b.    The Gateway Objections shall consist of the following: (i) Claims with substantially incomplete Proof of Claim Forms; (ii) Claims that contain materially insufficient supporting information; (iii) Claims that fail to include any product identification information; (iv) Claims that are barred by applicable statutes of limitation or repose; (e) Claims that are barred by laches; and (v) Claims that are barred by prior settlements.

      c.    Pursuant to Del.Bankr.LR1001-1(c), the provisions of Local Rule 3007-1 that limit (to 150) the number of claims that properly may be subject to a substantive omnibus claims objection are hereby waived with respect to the Gateway Omnibus Objections.

      d.    Pursuant to Local Rule 1001-1(c), the provisions of Local Rule 3007-1 that require a debtor to assert all substantive objections to a particular Claim in a single substantive objection are hereby waived with respect to the Gateway Omnibus Objections.

[2] Capitalized terms not defined in this Order have the meaning given in the Motion.

2

Accordingly, (i) the Debtors may file Gateway Omnibus Objections asserting all Gateway Objections to a particular claim without asserting or waiving any other substantive objections (that are not Gateway Objections) to such claim; and (ii) the Debtors may file one subsequent substantive objection to each of the Claims for which a Gateway Omnibus Objection was filed.

        e.     Notwithstanding the foregoing, prior to the assertion of any Gateway Objection to an Asbestos Property Damage Proof of Claim, based on materially insufficient supporting information, the Debtors shall serve on any Claimant as to whom such objection is to be asserted, written notice by first-class United States mail of the Debtors intent to object to the respective Claim on the basis of materially insufficient supporting information. A copy of this Notice shall also be served on counsel for the Asbestos Property Damage Committee and counsel for the Claimant, if identified in the respective Proof of Claim form. Each Claimant shall have sixty (60) days (the "Response Period") from the date of such notice in which to provide any supplemental or additional information supporting their respective Claim, and the Debtors shall not assert any Gateway Objections to any such Claim until the last Response Period has ended. Following the last Response Period, the Debtors may assert any applicable Gateway Objections to the Asbestos Property Damage Proof of Claims.

        f.     Notwithstanding the foregoing, prior to the assertion of any Gateway Objection to a Non-Asbestos Proof of Claim or Asbestos Medical Monitoring Proof of Claim, based on materially insufficient supporting information, the Debtors shall serve on any Claimant as to whom such objection is to be asserted, written notice by first-class United States mail of the Debtors intent to object to the respective Claim on the basis of materially insufficient supporting information. A copy of such notice shall also be served on the Official Committee of

3

Unsecured Creditors and counsel for the Claimant, if identified in the respective Proof of Claim form. Each Claimant shall have sixty (60) days from the date of such notice in which to provide any supplemental or additional information supporting their respective Claim, and the Debtors shall not assert a Gateway Objection with respect to any such Claim until sixty (60) days following the date of such notice. Thereafter, the Debtors may assert any applicable Gateway Objections to the respective Non-Asbestos Proof of Claims or Asbestos Medical Monitoring Proof of Claims.

g.  The Debtors shall cause a copy of this Order to be mailed by first class mail, postage prepaid, to counsel for any Claimant against whom the Debtors anticipate filing a Gateway Omnibus Objection. If any such Claimant's counsel is not known, then the Debtors shall cause a copy of this Order to be mailed by first class mail, postage prepaid, to the respective Claimant.

h.  This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Wilmington, Delaware

Dated: __7/19__, 2004

_____
UNITED STATES BANKRUPTCY JUDGE

4

**In re: W.R. GRACE & CO., et al**
**EXHIBIT B - MATERIALLY INSUFFICIENT SUPPORTING INFORMATION**
**EDWARD B COTTINGHAM JR**

| | Creditor Name / Address | Case Number | Claim Number | Claim Date |
|---|---|---|---|---|
| 1 | CATHOLIC DIOCESE OF LITTLE ROCK<br>2500 N TYLER<br>LITTLE ROCK, AR 72202 | 01-01140<br>W.R. GRACE & CO.-CONN. | 3515 | 3/18/2003 |
| 2 | FOSS, ALDEN L<br>10 BRIARWOOD<br>FARGO, ND 58072 | 01-01140<br>W.R. GRACE & CO.-CONN. | 3185 | 3/10/2003 |
| 3 | PORT OF SEATTLE<br>17600 PACIFIC HIGHWAY<br>SEATAC, WA 98188 | 01-01140<br>W.R. GRACE & CO.-CONN. | 9647 | 3/28/2003 |
| 4 | PORT OF SEATTLE<br>17600 PACIFIC HIGHWAY<br>SEATAC, WA 98188 | 01-01140<br>W.R. GRACE & CO.-CONN. | 9645 | 3/28/2003 |
| 5 | PORT OF SEATTLE<br>17600 PACIFIC HIGHWAY<br>SEATTLE, WA 98188 | 01-01140<br>W.R. GRACE & CO.-CONN. | 9646 | 3/28/2003 |

# Exhibit C

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |
| | ) | **Hearing Date: Not Applicable** |
| | ) | **Responses Due: February 7, 2005** |

1 PENN PLAZA
C/O AMANDA G STEINMEYER
SPEIGHTS & RUNYAN
200 JACKSON AVE E
PO BOX 685
HAMPTON, SC 29924

Claim Number:    10704
Date of Claim:    3/31/2003

### EXHIBIT C – SAMPLE CUSTOM NOTICE

### NOTICE OF INTENT TO OBJECT TO CLAIMS ON THE BASIS OF MATERIALLY INSUFFICIENT SUPPORTING INFORMATION AND OPPORTUNITY TO SUPPLEMENT CLAIMS

    **PLEASE TAKE NOTICE** that on April 2, 2001, each of the Debtors in the above-captioned chapter 11 cases filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code commencing their respective chapter 11 cases in the United States Bankruptcy Court for the District of Delaware.

    **PLEASE TAKE FURTHER NOTICE** that by an order dated April 25, 2002, the Court set March 31, 2003 as the last date for filing proofs of claim for all prepetition claims relating to asbestos property damage, non-asbestos claims (including all governmental claims) and medical monitoring claims (the "Bar Date"). A bar date has yet to be set for asbestos personal injury claims and claims related to Zonolite Attic Insulation.

    **PLEASE TAKE FURTHER NOTICE** that the Debtors are in the process of reviewing all claims filed, and, during this review process, the Debtors have discovered, among other things, that certain proofs of claim were filed with (a) no supporting documentation submitted to validate the claim; (b) materially insufficient supporting documentation to validate the claim; and/or (c) the claimant failing to answer one or more specific questions that require answers necessary to support the claim (collectively, "Materially Insufficient Supporting Information").

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

**PLEASE TAKE FURTHER NOTICE** that on July 19, 2004, the Court entered an Order [Docket No. 6009] (the "Order"), attached hereto as Exhibit A, pursuant to which the Debtors, prior to asserting any objection to a claim on the basis of Materially Insufficient Supporting Information, must serve written notice by first-class United States mail of the Debtors' intent to object to the respective claim on the basis of Materially Insufficient Supporting Information upon: (a) any claimant as to whom such objection is to be asserted; (b) counsel for such claimant; (c) counsel for the Asbestos Property Damage Committee; and (d) the Official Committee of Unsecured Creditors.

**PLEASE TAKE FURTHER NOTICE** that the Debtors' claims consultant, Bankruptcy Management Corporation ("BMC"), will, in lieu of serving each claimant with all Exhibits, serve a customized Notice summarizing the claim detail exactly as reflected on Exhibit B, attached hereto, upon those claimants that have filed claims that are affected by the Notice (with a copy of Exhibit A). In addition, BMC will serve upon the attorney of any claimant listed on Exhibit B a copy of the Notice with a customized Exhibit B listing only that attorney's clients. Any party may obtain a copy of the Notice with all Exhibits by requesting the same from BMC at (888) 909-0100 or by going to the BMC website at www.bmccorp.net/wrgrace.

**PLEASE TAKE FURTHER NOTICE** that claimants have sixty (60) days (the "Response Period") from the date of this Notice in which to provide any supplemental or additional information supporting the respective claims. Such information must be sent to the following addresses:

> **By Mail:**
> Rust Consulting, Inc.
> Claims Processing Agent
> Re: W.R. Grace and Co. (Supplemental Information)
> P.O. Box 162
> Faribault, Minnesota 55021-1620
>
> **By Courier:**
> Rust Consulting, Inc.
> Claims Processing Agent
> Re: W.R. Grace and Co. (Supplemental Information)
> 201 South Lyndale Avenue
> Faribault, Minnesota 55021
>
> -and-
>
> Kirkland & Ellis LLP
> 200 E. Randolph Drive
> Chicago, Illinois 60601
> Attn: Joseph S. Nacca

**PLEASE TAKE FURTHER NOTICE** that each claimant who provides any supplemental or additional information supporting his/her/its respective claim must include with that information:

(a)     a caption setting forth the names of the Debtors and the case number;

(b)     the name of the claimant, the original claim number of the claim for which the claimant is providing supplemental information, claimant's federal taxpayer ID, and a description of the basis for the amount of the claim;

(c)     the name, address, telephone number, and fax number of the person(s) (which may be the claimant or the claimant's legal representative) with whom counsel for the Debtors should communicate with respect to the claim and who possesses authority to reconcile, settle, or otherwise resolve the claim on behalf of the claimant;

(d)     for holders of asbestos property damage claims: (i) to the extent that it was not included with the proof of claim previously filed with the Claims Agent, accurate and truthful responses to all questions in Parts 3 and 4 of the W.R. Grace & Co. Asbestos Property Damage Proof of Claim Form; and (ii) to the extent that it was not included with the proof of claim previously filed with the Claims Agent, any supporting documentation, as required by questions 16, 17, 18, 22, 23, 36, 37, 38, 39, 42, and 43 of the W.R. Grace & Co. Asbestos Property Damage Proof of Claim Form, upon which claimant will rely to support the basis for and amounts asserted in the proof of claim;

(e)     for holders of claims other than asbestos property damage claims, any supporting documentation upon which the party will rely to support the basis for and amounts asserted in the proof of claim.

**PLEASE TAKE FURTHER NOTICE** that, following the Response Period, the Debtors may assert any applicable objections to your claims (or those of your client), including, but not limited to, objections on the basis of Materially Insufficient Supporting Information.

**W. R. GRACE & CO., et al.**

Janet S. Baer
James W. Kapp III
Rachel R. Schulman
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
Telephone:     (312) 861-2000
Facsimile:      (312) 861-2200

and

Laura Davis Jones (DE I.D. No. 2436)
David W. Carickhoff, Jr. (DE I.D. No. 3715)
PACHULSKI, STANG, ZIEHL, YOUNG, JONES &
WEINTRAUB P.C.
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone:     (302) 652-4100
Facsimile:      (302) 652-4400

Counsel for the Debtors and Debtors in Possession

# EXHIBIT B



Direct Dial: (843) 216-9133
Facsimile:  (843) 216-9440
JHughes@motleyrice.com

December 17, 2004

**VIA FEDERAL EXPRESS**
**Tracking No. 8472 1001 5205**
Rust Consulting, Inc.
Claims Processing Agent
RE: W.R. Grace & Co. (Supplemental Information)
201 S. Lyndale Avenue
Faribault, MN  55021

**VIA FEDERAL EXPRESS**
**Tracking No. 8472 1001 5190**
Kirkland & Ellis, LLP
Attn:  Joseph S. Nacca, Esq.
200 E. Randolph Drive
Chicago, IL  60601

      RE:   Questions about supplemental information required for Catholic
               Diocese of Little Rock, Alden L. Foss and Port of Seattle

Dear Sirs or Madams:

     We represent the Catholic Diocese of Little Rock, Alden L. Foss and the Port
of Seattle in the W.R. Grace & Co. bankruptcy for property damage claims. We
recently received an Exhibit B (Materially Insufficient Supporting Information). I am
writing to inquire of the nature of the information that is materially insufficient for
these claims. One problem seems to be that the original claim numbers for Port of
Seattle and claim numbers submitted with supplemental information are different. I
will go through the creditors in order.

Motley Rice, LLC
Attorneys at Law

28 BRIDGESIDE BLVD.
P.O. BOX 1792
MT. PLEASANT, SC 29465
843-216-9000
843-216-9450 FAX

1750 JACKSON ST.
P.O. BOX 365
BARNWELL, SC 29812
803-224-8800
803-259-7048 FAX

321 SOUTH MAIN ST.
P.O. BOX 6067
PROVIDENCE, RI 02940
401-457-7700
401-457-7708 FAX

9701 LAKE FOREST BLVD.
NEW ORLEANS, LA 70127
504-245-1612
504-245-1816 FAX

ONE CORPORATE CENTER
20 CHURCH ST., 17TH FLOOR
HARTFORD, CT 06103
860-882-1681
860-882-1682 FAX



**Catholic Diocese of Little Rock.**

To the best of our knowledge, the supporting information for the Catholic Diocese of Little Rock property damage claim is complete. Could you please let me know as soon as possible what information is insufficient so that we may correct it as soon as possible.

**Alden L. Foss.**

As we noted in our claim for Alden L. Foss, they suffered a fire in 1993 making the production of any documents relating to its claim in the W.R. Grace bankruptcy impossible. Please let us know if there is anything we can do about this. We previously informed the court and the parties of this.

**Port of Seattle.**

This is where there seems to be some discrepancy in claim numbers. On the Exhibit B of the Notice of Intent to Object to Claims on the Basis of Materially Insufficient Supporting Information, the three claims on behalf of the Port of Seattle are listed as the following: 9645, 9646, and 9647. The claim dates are all listed as 3/28/2003. However, in a letter dated August 25, 2004 from the W.R. Grace Bankruptcy Claims Agent, the claim numbers are listed as 15441, 15442, and 15443. The receipt date of these claims is listed as 4/20/2004. Thus, we have two questions. The first is whether there are supposed to be two different claim form numbers for the Port of Seattle claims and, if there are not, could this be the basis for the claim of materially insufficient supporting information? The second question is that if there are supposed to be two different claim numbers, what is the nature of the materially insufficient supporting information filed in the claims. As in the Catholic Diocese of Little Rock claim, we would like to know what the nature of the materially insufficient supporting information is so that we may cure it as soon as possible.

As you know, our responses are due February 7, 2005. Therefore, we would like to know as soon as possible what the nature of the materially insufficient supporting information is so that we may begin collecting any such information that is not already provided as soon as possible. If you have any questions, please feel free

Motley Rice, LLC
Attorneys at Law

28 BRIDGESIDE BLVD.
P.O. BOX 1792
MT. PLEASANT, SC 29465
843-216-9000
843-216-9450 FAX

1750 JACKSON ST.
P.O. BOX 365
BARNWELL, SC 29812
803-224-8800
803-259-7048 FAX

321 SOUTH MAIN ST
P.O. BOX 6067
PROVIDENCE, RI 02940
401-457-7700
401-457-7708 FAX

9701 LAKE FOREST BLVD.
NEW ORLEANS, LA 70127
504-245-1612
504-245-1816 FAX

ONE CORPORATE CENTER
20 CHURCH ST., 17TH FLOOR
HARTFORD, CT 06103
860-882-1681
860-882-1682 FAX



to contact me immediately at (843) 216-9133.  I have taken this file over from Edward
B. Cottingham, Jr. here at Motley Rice.  Thank you very much for your attention.

Sincerely,

*James M. Hughes*

James M. Hughes

JMH:dlg
cc:     Jim Driedrick, Catholic Diocese of Little Rock
        Dave Menz, Esq., Catholic Diocese of Little Rock
        Al Foss, Foss Drug
        Craig Watson, Port of Seattle

Motley Rice, LLC
Attorneys at Law

28 BRIDGESIDE BLVD.
P.O. BOX 1792
MT. PLEASANT, SC 29465
843-216-9000
843-216-9450 FAX

1750 JACKSON ST.
P.O. BOX 365
BARNWELL, SC 29812
803-224-8800
803-259-7048 FAX

321 SOUTH MAIN ST.
P.O. BOX 6067
PROVIDENCE, RI 02940
401-457-7700
401-457-7708 FAX

9701 LAKE FOREST BLVD.
NEW ORLEANS, LA 70127
504-245-1612
504-245-1816 FAX

ONE CORPORATE CENTER
20 CHURCH ST., 17TH FLOOR
HARTFORD, CT 06103
860-882-1681
860-882-1682 FAX

# EXHIBIT C



James M. Hughes, Ph.D.
Licensed in SC
DIRECT DIAL 843.216.9133
DIRECT FAX 843.216.9440
JHughes@motleyrice.com

January 5, 2005

**VIA FEDERAL EXPRESS**
**Tracking No. 8472 0102 3323**
Joseph S. Nacca, Esq.
Kirkland & Ellis LLP
200 E Randolph Drive
Chicago, Illinois 60601

**VIA FEDERAL EXPRESS**
**Tracking No. 8472 0102 3312**
Rust Consulting, Inc.
Claims Processing Agent
RE: WR Grace & Co. (Supplemental Information)
201 S. Lyndale Avenue
Faribault, MN 55021

Re:    Questions about supplemental information required for Catholic Diocese of Little
Rock, Alden L. Foss and Port of Seattle

Dear Mr. Nacca:

On December 17, 2004 I sent you a letter concerning the supplemental information that you require and have requested for the Catholic Diocese of Little Rock (Claim # 00003515), Alden L. Foss (Claim # 003185) and the Port of Seattle (Claim #'s 00009645, 00009646, 00009647, 0015441, 0015442, and 0015443). I spoke with you on the phone yesterday, January 4, 2005 and my paralegal, Jamie Whalen, spoke with you last Thursday, December 30, 2004 to follow up in this matter. As you may recall, I expressed some confusion as to the nature of the information that is materially insufficient. If you could, please clarify what information is needed in the matters listed below.

**Port of Seattle**

Two sets of claims numbers have been assigned to this client. The first set, 00009645, 00009646, and 00009647 were assigned to the filing of the initial claim. The second set, 0015441, 0015442, and 0015443 were

www.motleyrice.com

Motley Rice, LLC
Attorneys at Law

MT. PLEASANT
28 BRIDGESIDE BLVD.
P.O. BOX 1792
MT. PLEASANT, SC 29465
843-216-9000
843-216-9450 FAX

BARNWELL
1750 JACKSON ST.
P.O. BOX 365
BARNWELL, SC 29812
803-224-8800
803-259-7048 FAX

PROVIDENCE
321 SOUTH MAIN ST.
P.O. BOX 6067
PROVIDENCE, RI 02940
401-457-7700
401-457-7708 FAX

NEW ORLEANS
9701 LAKE FOREST BLVD.
NEW ORLEANS, LA 70127
504-245-1612
504-245-1816 FAX

HARTFORD
ONE CORPORATE CENTER
20 CHURCH ST, 17TH FLOOR
HARTFORD, CT 06103
860-882-1681
860-882-1682 FAX



assigned respectively to signify the amendment of the initial claims.  I expect that this discrepancy may cure any further deficiencies with the Port of Seattle, but if not, I need to know immediately.

**Alden L. Foss**

As we noted in our claim for Alden L. Foss and in our previous letter, they suffered a fire in 1993.  As a result, the production of any supplemental documents in this claim is impossible.

**Catholic Diocese of Little Rock**

To the best of our knowledge, the supporting information for the Catholic Diocese of Little Rock property damage claim is complete.  We need to know immediately what is lacking so we can supplement accordingly.

As you are aware, our response date of February 7, 2005 is quickly approaching.  Please let us know what needs to be done.  We would like to resolve this matter as soon as possible so that any outstanding deficiency can be cured.  Thank you for your time and I look forward to hearing from you.

Sincerely,

James M. Hughes

JMH/jw

Cc:    Jim Dreidrick, Catholic Diocese of Little Rock
       Dave Menz, Esq., Catholic Diocese of Little Rock
       Al Foss, Foss Drug
       Craig Watson, Port of Seattle
       John Preefer, Esq.

www.motleyrice.com

Motley Rice, LLC
Attorneys at Law

MT. PLEASANT
28 BRIDGESIDE BLVD.
P.O. BOX 1792
MT. PLEASANT, SC 29465
843-216-9000
843-216-9450 FAX

BARNWELL
1750 JACKSON ST.
P.O. BOX 365
BARNWELL, SC 29812
803-224-8800
803-259-7048 FAX

PROVIDENCE
321 SOUTH MAIN ST.
P.O. BOX 6067
PROVIDENCE, RI 02940
401-457-7700
401-457-7708 FAX

NEW ORLEANS
9701 LAKE FOREST BLVD.
NEW ORLEANS, LA 70127
504-245-1612
504-245-1816 FAX

HARTFORD
ONE CORPORATE CENTER
20 CHURCH ST. 17TH FLOOR
HARTFORD, CT 06103
860-882-1681
860-882-1682 FAX