## Exhibit A

Claim No. 4383

*Terrace Properties Limited*
*Partnership*

SR00000400

# WR Grace
## Property Damage
### Index Sheet

| | | |
|---|---|---|
| **Claim Number:** | 00004383 | |
| | **Receive Date:** | **03/20/2003** |

**Multiple Claim Reference**

Claim Number _____

- [ ] MMPOC — Medical Monitoring Claim Form
- [ ] PDPOC — Property Damage
- [ ] NAPO — Non-Asbestos Claim Form
- [ ] Amended

Claim Number _____

- [ ] MMPOC — Medical Monitoring Claim Form
- [ ] PDPOC — Property Damage
- [ ] NAPO — Non-Asbestos Claim Form
- [ ] Amended

**Attorney Information**

Firm Number:               Firm Name:

Attorney Number:           Attorney Name:

Zip Code:

Cover Letter Location Number:

| Attachments Medical Monitoring | Attachments Property Damage | Non-Asbestos |
|---|---|---|
| [ ] TBD | [ ] TBD | [ ] Other Attachments |
| [ ] TBD | [ ] TBD | |
| [ ] TBD | [ ] TBD | |
| [ ] TBD | [ ] TBD | |
| [ ] TBD | [ ] TBD | |
| | [X] Other Attachments | |

| **Other** | | |
|---|---|---|
| | [ ] Non-Standard Form | |
| | [ ] Amended | |
| | [ ] Post-Deadline Postmark Date | |

Box/Batch: WRPD0002/WRPD0007                 Document Number: WRPD000335

## PART 1: CLAIMING PARTY INFORMATION

**NAME:**

TERRACE PROPERTIES LIMITED PARTNERSHIP

*Name of individual claimant (first, middle and last name) or business claimant*

**SOCIAL SECURITY NUMBER (Individual Claimants):**

*(last four digits of SSN)*

**F.E.I.N. (Business Claimants)**

37 - 1418287

**Other names by which claiming party has been known (such as maiden name or married name):**

*First* | *MI* | *Last*

*First* | *MI* | *Last*

**GENDER:** ☐ MALE    ☐ FEMALE

**Mailing Address:**

C/O 4255 GLADES ROAD SUITE 223A
*Street Address*

BOCA RATON
*City*

**State (Province)** FL

**Zip Code (Postal Code)** 33431

USA
*Country*

## PART 2: ATTORNEY INFORMATION

The claiming party's attorney, if any (You do not need an attorney to file this form):

**Law Firm Name:**

**Name of Attorney:**

*First* | *MI* | *Last*

**Mailing Address:**

*Street Address*

*City*

**State (Province)**

**Zip Code (Postal Code)**

**Telephone:**

( ) -
*Area Code*

RECD MAR 2 0 2003

WR Grace        PD.2.7.335
00004383
SR=400

9276101        1018128

## PROOF OF CLAIM INFORMATION

### Real Property For Which A Claim Is Being Asserted

1. What is the address of the real property for which a claim is being asserted (referred to herein as "the property")?

| 7 | 5 | | W | E | S | T | | S | I | X | T | H | | S | T | R | E | E | T | | | | | |

*Street Address*

| C | I | N | C | I | N | N | A | T | I | | | | | | | | | | | | | | | |

*City*

| U | S | A | | | | | | | | | | | | | | | | | | | | | | |

*Country*

State (Province): O H

Zip Code (Postal Code): 4 5 2 0 2

2. Are you completing an Asbestos Property Damage Proof of Claim Form for any other real property other than the one listed at "1" above?

☒ Yes   ☐ No

3. Do you currently own the property listed in Question 1, above?

☒ Yes   ☐ No

4. When did you purchase the property?

1 0 - ☐☐ - 1 9 9 7

Month  Day  Year

5. What is the property used for (check all that apply)

☐ Owner occupied residence
☐ Residential rental
☒ Commercial
☐ Industrial   Specify: _____
☐ Other   Specify: _____

6. How many floors does the property have? 2 0

7. What is the approximate square footage of the property? 5 9 8, 4 0 0

8. When was the property built?

☒ Before 1969
☐ 1969 - 1973
☐ After 1973

9. What is the structural support of the property?

☐ Wood frame
☐ Structural concrete
☒ Brick
☐ Steel beam/girder
☐ Other   Specify: _____

10. Have you or has someone on your behalf completed any interior renovations on the property which affected any asbestos on the property?

☒ Yes   ☐ No

9276102                    1018120

## A.  Real Property For Which A Claim Is Being Asserted (continued)

If yes, please specify the dates and description of such renovations.

| Year | Description | VARIOUS RENOVATIONS |
|---|---|---|

| Year | Description | |
|---|---|---|

| Year | Description | |
|---|---|---|

11. To the best of your knowledge, have any other interior renovations been completed on the property during any other period of time which affected any asbestos on the property?

☑ Yes    ☐ No

If yes, please specify the dates and descriptions of such renovations.

| Year | Description | VARIOUS RENOVATIONS |
|---|---|---|

| Year | Description | |
|---|---|---|

| Year | Description | |
|---|---|---|

## B.  Claim Category

12. For which category are you making a claim on the property?

☑ Category 1:   Allegation with respect to asbestos from a Grace product in the property

☐ Category 2:   Allegation with respect to one of Grace's vermiculite mining, milling or processing operations

*If you checked Category 1, complete Section C below.*
*If you checked Category 2, go directly to Section D, starting on page 8.*

## C.  Category 1 Claim:  Allegation With Respect To Asbestos From A Grace Product In The Property

13. For what alleged asbestos-containing product(s) are you making a claim?

☑ Monokote-3 fireproofing insulation
☐ Other    Specify: _____

(For a list of the brand names under which Grace manufactured products that may have contained commercially added asbestos, see Exhibit 2 to the Claims Bar Date Notice provided with this Proof of Claim Form.)

14. When did you or someone on your behalf install the asbestos containing product(s) in the property?

| Year | ☑ I did not install the product(s) |
|---|---|

15. If you or someone on your behalf did not install the asbestos containing product(s), to the best of your knowledge, when was/were the product(s) installed?

| 1948 | ☐ Don't know. |
|---|---|
| Year | |

9276103              1018128

16. Do you have documentation relating to the purchase and/or installation of the product in the property?

☐ Yes  ☑ No

If Yes, attach all such documents. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

17. If you do not have any such documents, explain why not and indicate who may have possession or control of such documents with respect to the property.

NOT DELIVERED TO US BY PRIOR OWNER, AT+T

18. When did you first know of the presence of asbestos in the property of the Grace product for which you are making this claim?

☐☐☐☐
Year

Please attach all documents relating or referring to the presence of asbestos in the property for which you are making this claim. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

19. How did you first learn of the presence of asbestos in the property of the Grace product for which you are making this claim?

UNSURE OF SPECIFICS AT THIS TIME

20. When did you first learn that the Grace product for which you are making this claim contained asbestos?

☐☐☐☐
Year

21. How did you first learn that the Grace product for which you are making the claim contained asbestos?

UNSURE OF SPECIFICS AT THIS TIME

22. Have you or someone on your behalf made an effort to remove, contain and/or abate the Grace product for which you are making this claim?

☐ Yes  ☑ No

If Yes, attach all documents relating or referring to such efforts. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

23. If you do not have any such documents, explain why not and indicate who may have possession and control of such documents with respect to the property.

NOT DELIVERED TO US BY PRIOR OWNER, AT+T

24. If you or someone on your behalf did not make an effort to remove, contain and/or abate the Grace product(s) for which you are making a claim, to the best of your knowledge, did anyone else make such an effort?

☐ Yes  ☑ No

9276104                                    1018120

25. If you responded Yes to question 22. or 24, and you have not supplied documents, please specify the dates and descriptions of any such efforts.

| Year | Description | |
|---|---|---|
| | Description | |
| | Description | |

26. Have you or anyone on your behalf ever conducted any testing or sampling for the presence of asbestos or other particulates in the property?

☐ Yes  ☑ No   [If Yes, Attach All Documents Related To Any Testing Of The Property.]

27. If you responded Yes to question 26., but you have not provided documents, indicate who may have possession or control of such testing documents or where such documents may be located.

28. If you or someone on your behalf did not conduct any testing or sampling for the presence of asbestos or other particulates on the property, to the best of your knowledge, did anyone else conduct such testing or sampling with respect to the property?

☐ Yes  ☑ No

29. If you responded Yes to question 26. or 28. and you have not supplied related documents, please describe when and by whom and the type of testing and/or sampling (e.g. air, bulk and dust sampling).

| Year | Company/Individual | |
|---|---|---|
| | Type of testing: | |
| | Company/Individual | |
| | Type of testing: | |
| | Company/Individual | |
| | Type of testing: | |

30. Has the Grace product or products for which you are making this claim ever been modified and/or disturbed?

☐ Yes  ☑ No   *TO THE BEST OF OUR KNOWLEDGE*

31. If yes, specify when and in what manner the Grace product or products was modified and/or disturbed?

| Year | Description | |
|---|---|---|
| | Description | |
| | Description | |

9276105                    1018128

**Category 2 Claim:  Allegation With Respect To One of Grace's Vermiculite Mining, Milling Or Processing Operations**

32.  What is the business address or location of the Grace operation which has led to your claim?

*Business Name*  N/A

*Street Address*

*City*   *State (Province)*   *Zip Code (Postal Code)*

*Country*

33.  If your claim relates to a personal residence, does (or did) anyone living in the household work for Grace?

☐ Yes   ☐ No   N/A

34.  If yes, specify the following for each such individual:

| Name of Individual Working at Grace Operation | Name of Individual Working at Grace Operation |
|---|---|
| N/A | |
| **Date of Birth** | **Date of Birth** |
| Month  Day  Year | Month  Day  Year |
| **Occupation(s) of Individual** | **Occupation(s) of Individual** |
| **Dates Worked at Operation** | **Dates Worked at Operation** |
| From:  To:  Year  Year | From:  To:  Year  Year |
| **Name of Individual Working at Grace Operation** | **Name of Individual Working at Grace Operation** |
| | |
| **Date of Birth** | **Date of Birth** |
| Month  Day  Year | Month  Day  Year |
| **Occupation(s) of Individual** | **Occupation(s) of Individual** |
| **Dates Worked at Operation** | **Dates Worked at Operation** |
| From:  To:  Year  Year | From:  To:  Year  Year |

35.  When did you first know of the presence of asbestos on your property?  Year  N/A

9276106                    1018120

36. How did you first learn of the presence of asbestos on your property?

*N/A*

Attach all documents relating or referring to the presence of asbestos on the property. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession or control of the document.

If you provide a summary of the documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

37. If you do not have any documents relating or referring to the presence of asbestos on the property, explain why not and indicate who may have possession or control of any such documents with respect to the property.

*N/A*

38. Have you or anyone on your behalf made an effort to remove, contain and/or abate the asbestos on your property?

☐ Yes     ☐ No     *N/A*

If Yes, attach all documents relating or referring to such efforts. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession or control of the document.

If you provide a summary of the documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

39. If you do not have any documents relating or referring to the removal, containment and/or abatement of the asbestos on your property, explain why not and indicate who may have possession and control of such documents with respect to the property.

*N/A*

40. If you or someone on your behalf did not make an effort to remove, contain and/or abate the asbestos on your property, to the best of your knowledge, did anyone else make such an effort?

☐ Yes     ☐ No     *N/A*

9276107                                    1018128

41. If you responded Yes to question 38. or question 40. and you have not supplied related documents, please specify the dates and descriptions of any such efforts.

| | | Description | *N/A* |
|---|---|---|---|
Year

| | | Description | . |
|---|---|---|---|
Year

| | | Description | |
|---|---|---|---|
Year

42. Have you or anyone on your behalf conducted any other testing or sampling for the presence of asbestos on your property?    *N/A*

☐ Yes    ☐ No

If Yes, attach all documents relating or referring to such efforts. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession or control of the document.

If you provide a summary of the documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

43. If you do not have any documents relating or referring to any other such testing or sampling for the presence of asbestos on your property, explain why not and indicate who may have possession or control of such documents with respect to the property.

*N/A*

44. If you or someone on your behalf did not conduct any other testing or sampling for the presence of asbestos on your property, to the best of your knowledge, did anyone else conduct such testing or sampling?

☐ Yes    ☐ No    *N/A*

45. If you responded Yes to question 42. or question 44. and you have not supplied related documents, please specify the dates and descriptions of any such efforts.

| | | Description | *N/A* |
|---|---|---|---|
Year

| | | Description | |
|---|---|---|---|
Year

| | | Description | |
|---|---|---|---|
Year

46. Were you aware of the presence of asbestos on your property when you purchased your property?

☐ Yes    ☐ No    *N/A*

47. If you have sold the property, were you aware of the presence of asbestos on your property when you sold your property?

☐ Yes    ☐ No    ☐ Not Applicable, have not sold the property    *N/A*

9276108                                    1018120

## INTRODUCTION

1. Has any asbestos-related property damage lawsuit or claim been filed against Grace on behalf of this claiming party relating to the property for which you are making this claim?

   ☑ No
   ☐ Yes – lawsuit
   ☐ Yes – non-lawsuit claim (other than a workers' compensation claim)

2. Has any asbestos-related property damage lawsuit or claim been filed against any other party on behalf of this claiming party relating to the property for which you are making this claim?

   ☑ No
   ☐ Yes – lawsuit
   ☐ Yes – non-lawsuit claim (other than a workers' compensation claim)

   *If an asbestos-related property damage lawsuit has been filed by or on behalf of this claiming party relating to the property for which you are making a claim, complete Section B. below.*

   *If an asbestos-related property damage non-lawsuit claim has been made by or on behalf of this claiming party relating to the property for which you are making a claim, complete Section C. on the following page.*

## B. LAWSUITS

1. Please provide the following information about each asbestos-related property damage lawsuit which has been filed relating to the property for which you are making this claim or attach a copy of the face page of each complaint filed.

   a. Caption [                                        ]

   b. Court where suit originally filed: [            ] Docket No.: [        ]
      County/State

   c. Date filed: [  ] - [  ] - [    ]
      Month  Day  Year

   a. Caption [                                        ]

   b. Court where suit originally filed: [            ] Docket No.: [        ]
      County/State

   c. Date filed: [  ] - [  ] - [    ]
      Month  Day  Year

   a. Caption [                                        ]

   b. Court where suit originally filed: [            ] Docket No.: [        ]
      County/State

   c. Date filed: [  ] - [  ] - [    ]
      Month  Day  Year

   (Attach additional pages if necessary.)

9276109                          1018128

## NON-LAWSUIT CLAIMS

1. If this claiming party has made any claims relating to the property for which you are making a claim (including administrative claims) against anyone, that was not filed with a court of law, please provide the following information for each claim:

   a. Description of claim:

   b. Date submitted: ☐☐ - ☐☐ - ☐☐☐☐
                   Month  Day   Year

   c. Name of entity to whom claim was submitted:
      ☐ Grace
      ☐ Other
           Name of Entity

---

   a. Description of claim:

   b. Date submitted: ☐☐ - ☐☐ - ☐☐☐☐
                   Month  Day   Year

   c. Name of entity to whom claim was submitted:
      ☐ Grace
      ☐ Other
           Name of Entity

---

   a. Description of claim:

   b. Date submitted: ☐☐ - ☐☐ - ☐☐☐☐
                   Month  Day   Year

   c. Name of entity to whom claim was submitted:
      ☐ Grace
      ☐ Other
           Name of Entity

## PART 4. SIGNATURE PAGE

All claims must be signed by the claiming party.

I have reviewed the information submitted on this proof of claim form and all documents submitted in support of my claim. I declare, under penalty of perjury,* that the above statements are true, correct, and not misleading.

CONSENT TO RELEASE OF RECORDS AND INFORMATION: To the extent that I have produced a summary rather than the documents themselves as requested above or indicated who has possession and control of certain documents, I hereby authorize and request that all other parties with custody of any documents or information concerning my property damage or the information contained in this Form, upon the reasonable request of Grace or Grace's representative, with a copy to the claiming party, disclose any and all records to Grace or to Grace's representative.

*TERRACE PROPERTIES LTD. PARTNERSHIP /BY: TERRACE PROPERTIES CORP. GP.* ✗ (SEE

By: _~~Signature~~_ , Pres.       ☐3 - ☐7 - 2☐☐3 FOLLOWING

    SIGNATURE OF CLAIMANT                Month  Day   Year  PAGE)

*The penalty for presenting a fraudulent claim is a fine up to $500,000.00 or imprisonment up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

9276110

Copyright © 2002 NCS Pearson, Inc. All rights reserved.

1018120

\* As of this time Claimant has been unable to conclusively
  determine the sources of the ACM in its property, and the
  precise amount of damages actually suffered.  Accordingly,
  Claimant reserves the right to amend or withdraw this claim
  at such time as these determinations are completed.

## Exhibit B

Claim No. 11309

# WR Grace
## Property Damage
### Index Sheet

SR00000676

| Claim Number: | 00011309 | Receive Date: | 03/31/2003 |
|---|---|---|---|

## Multiple Claim Reference

Claim Number _____

- [ ] MMPOC — Medical Monitoring Claim Form
- [ ] PDPOC — Property Damage
- [ ] NAPO — Non-Asbestos Claim Form
- [ ] Amended

Claim Number _____

- [ ] MMPOC — Medical Monitoring Claim Form
- [ ] PDPOC — Property Damage
- [ ] NAPO — Non-Asbestos Claim Form
- [ ] Amended

## Attorney Information

| Firm Number: | 00379 | Firm Name: | Dean & Fulkerson PC |
|---|---|---|---|
| Attorney Number: | 00259 | Attorney Name: | Richard A Barr |

Zip Code: 48084

Cover Letter Location Number: SR00000676

| Attachments<br>Medical Monitoring | Attachments<br>Property Damage | Non-Asbestos |
|---|---|---|
| [ ] TBD | [ ] TBD | [ ] Other Attachments |
| [ ] TBD | [ ] TBD | |
| [ ] TBD | [ ] TBD | |
| [ ] TBD | [ ] TBD | |
| [ ] TBD | [ ] TBD | |
| | [ ] Other Attachments | |

**Other**

- [ ] Non-Standard Form
- [ ] Amended
- [ ] Post-Deadline Postmark Date

Document Number: WRPD002625

# PART 1: CLAIMING PARTY INFORMATION

**NAME:**

`D*S ASSoCiATES`

*Name of individual claimant (first, middle and last name) or business claimant*

**SOCIAL SECURITY NUMBER (Individual Claimants):**

*(last four digits of SSN)*

**F.E.I.N. (Business Claimants)**

`38 - 3029294`

**Other names by which claiming party has been known (such as maiden name or married name):**

*First* *MI* *Last*

*First* *MI* *Last*

**GENDER:** ☐ MALE   ☐ FEMALE

**Mailing Address:**

`14400 HENN`
*Street Address*

`DEARBORN` *City*   `MI` *State (Province)*   `48126` *Zip Code (Postal Code)*

`USA` *Country*

# PART 2: ATTORNEY INFORMATION

**The claiming party's attorney, if any (You do not need an attorney to file this form):**

**Law Firm Name:**

`DEAN & FULKERSON P. C.`

**Name of Attorney:**

`RICHARD` *First*   `A` *MI*   `BARR` *Last*

**Mailing Address:**

`801 W BIG BEAVER STE 500`
*Street Address*

`TROY` *City*   `MI` *State (Province)*   `48084` *Zip Code (Postal Code)*

**Telephone:**

`(248) 253-2161`
*Area Code*

REC'D MAR 3 1 2003

WR Grace    PD.14.53.2625
00011309
SR=676

9276101

1012063

# PART 3: PROPERTY INFORMATION

## A. Real Property For Which A Claim Is Being Asserted

1. What is the address of the real property for which a claim is being asserted (referred to herein as "the property")?

   Street Address: `14900 HENN`

   City: `DEARBORN`

   State (Province): `MI`    Zip Code (Postal Code): `48126`

   Country: `USA`

2. Are you completing an Asbestos Property Damage Proof of Claim Form for any other real property other than the one listed at "1" above?

   ☐ Yes    ☒ No

3. Do you currently own the property listed in Question 1, above?

   ☒ Yes    ☐ No

4. When did you purchase the property?    `03` - `12` - `1992`
   Month    Day    Year

5. What is the property used for (check all that apply)
   - ☐ Owner occupied residence
   - ☐ Residential rental
   - ☐ Commercial
   - ☒ Industrial    Specify: `Machining Operations`
   - ☐ Other    Specify:

6. How many floors does the property have?    `001`

7. What is the approximate square footage of the property?    `118000`

8. When was the property built?
   - ☒ Before 1969
   - ☐ 1969 - 1973
   - ☐ After 1973

9. What is the structural support of the property?
   - ☐ Wood frame
   - ☐ Structural concrete
   - ☐ Brick
   - ☐ Steel beam/girder
   - ☒ Other    Specify: `Concrete block`

10. Have you or has someone on your behalf completed any interior renovations on the property which affected any asbestos on the property?

    ☐ Yes    ☒ No

`9276102`    `1012063`

239276-2-2/3

## A.  Real Property For Which A Claim Is Being Asserted (continued)

If yes, please specify the dates and description of such renovations.

| | | | | Description | |
|---|---|---|---|---|---|
*Year*

| | | | | Description | |
|---|---|---|---|---|---|
*Year*

| | | | | Description | |
|---|---|---|---|---|---|
*Year*

11.  To the best of your knowledge, have any other interior renovations been completed on the property during any other period of time which affected any asbestos on the property?

☐ Yes          ☐ No

If yes, please specify the dates and descriptions of such renovations.

| | | | | Description | |
|---|---|---|---|---|---|
*Year*

| | | | | Description | |
|---|---|---|---|---|---|
*Year*

| | | | | Description | |
|---|---|---|---|---|---|
*Year*

## B.  Claim Category

12.  For which category are you making a claim on the property?

☐ Category 1:  Allegation with respect to asbestos from a Grace product in the property

☑ Category 2:  Allegation with respect to one of Grace's vermiculite mining, milling or processing operations

---

• **If you checked Category 1 in question 12, complete section C.**

• **If you checked Category 2 in question 12, complete section D.**

---

## C.  Category 1 Claim:  Allegation With Respect To Asbestos From A Grace Product In The Property

13.  For what alleged asbestos-containing product(s) are you making a claim?

☐ Monokote-3 fireproofing insulation

☐ Other     Specify: 

(For a list of the brand names under which Grace manufactured products that may have contained commercially added asbestos, see Exhibit 2 to the Claims Bar Date Notice provided with this Proof of Claim Form.)

14.  When did you or someone on your behalf install the asbestos containing product(s) in the property?

| | | | |
|---|---|---|---|
*Year*          ☐ I did not install the product(s)

15.  If you or someone on your behalf did not install the asbestos containing product(s), to the best of your knowledge, when was/were the product(s) installed?

| | | | |
|---|---|---|---|
*Year*          ☐ Don't know.

16. Do you have documentation relating to the purchase and/or installation of the product in the property?

☐ Yes        ☐ No

If Yes, attach all such documents. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

17. If you do not have any such documents, explain why not and indicate who may have possession or control of such documents with respect to the property.

18. When did you first know of the presence of asbestos in the property of the Grace product for which you are making this claim?

*Year*

Please attach all documents relating or referring to the presence of asbestos in the property for which you are making this claim. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

19. How did you first learn of the presence of asbestos in the property of the Grace product for which you are making this claim?

20. When did you first learn that the Grace product for which you are making this claim contained asbestos?

*Year*

21. How did you first learn that the Grace product for which you are making the claim contained asbestos?

22. Have you or someone on your behalf made an effort to remove, contain and/or abate the Grace product for which you are making this claim?

☐ Yes        ☐ No

If Yes, attach all documents relating or referring to such efforts. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

23. If you do not have any such documents, explain why not and indicate who may have possession and control of such documents with respect to the property.

24. If you or someone on your behalf did not make an effort to remove, contain and/or abate the Grace product(s) for which you are making a claim, to the best of your knowledge, did anyone else make such an effort?

☐ Yes        ☐ No

9276104                                    1012063

25. If you responded Yes to question 22. or 24. and you have not supplied documents, please specify the dates and descriptions of any such efforts.

| | Year | | | | | Description | |

| | Year | | | | | Description | |

| | Year | | | | | Description | |

26. Have you or anyone on your behalf ever conducted any testing or sampling for the presence of asbestos or other particulates in the property?

☐ Yes        ☐ No        **If Yes, Attach All Documents Related To Any Testing Of The Property.**

27. If you responded Yes to question 26., but you have not provided documents, indicate who may have possession or control of such testing documents or where such documents may be located.

28. If you or someone on your behalf did not conduct any testing or sampling for the presence of asbestos or other particulates on the property, to the best of your knowledge, did anyone else conduct such testing or sampling with respect to the property?

☐ Yes        ☐ No

29. If you responded Yes to question 26. or 28. and you have not supplied related documents, please describe when and by whom and the type of testing and/or sampling (e.g. air, bulk and dust sampling).

| Year | Company/Individual |
| | Type of testing: |

| Year | Company/Individual |
| | Type of testing: |

| Year | Company/Individual |
| | Type of testing: |

30. Has the Grace product or products for which you are making this claim ever been modified and/or disturbed?

☐ Yes        ☐ No

31. If yes, specify when and in what manner the Grace product or products was modified and/or disturbed?

| Year | Description |

| Year | Description |

| Year | Description |

**D.** **Category 2 Claim:  Allegation With Respect To One of Grace's Vermiculite Mining, Milling Or Processing Operations**

32. What is the business address or location of the Grace operation which has led to your claim?

W R GRACE ZONOLITE DIVISION
*Business Name*

14300 HENN
*Street Address*

DEARBORN
*City*

MI
*State (Province)*

48126
*Zip Code (Postal Code)*

USA
*Country*

33. If your claim relates to a personal residence, does (or did) anyone living in the household work for Grace?

☐ Yes    ☐ No

34. If yes, specify the following for each such individual:

| Name of Individual Working at Grace Operation | Name of Individual Working at Grace Operation |
|---|---|
| **Date of Birth** ☐☐ - ☐☐ - ☐☐☐☐ *Month  Day    Year* | **Date of Birth** ☐☐ - ☐☐ - ☐☐☐☐ *Month  Day    Year* |
| **Occupation(s) of Individual** | **Occupation(s) of Individual** |
| **Dates Worked at Operation** From: \_\_\_\_ To: \_\_\_\_ *Year      Year* | **Dates Worked at Operation** From: \_\_\_\_ To: \_\_\_\_ *Year      Year* |
| **Name of Individual Working at Grace Operation** | **Name of Individual Working at Grace Operation** |
| **Date of Birth** ☐☐ - ☐☐ - ☐☐☐☐ *Month  Day    Year* | **Date of Birth** ☐☐ - ☐☐ - ☐☐☐☐ *Month  Day    Year* |
| **Occupation(s) of Individual** | **Occupation(s) of Individual** |
| **Dates Worked at Operation** From: \_\_\_\_ To: \_\_\_\_ *Year      Year* | **Dates Worked at Operation** From: \_\_\_\_ To: \_\_\_\_ *Year      Year* |

35. When did you first know of the presence of asbestos on your property?  2002
*Year*

36. How did you first learn of the presence of asbestos on your property?

> Notice from U.S. EPA

Attach all documents relating or referring to the presence of asbestos on the property. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession or control of the document.

If you provide a summary of the documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

37. If you do not have any documents relating or referring to the presence of asbestos on the property, explain why not and indicate who may have possession or control of any such documents with respect to the property.

> Documents are being prepared and summarized for later submission

38. Have you or anyone on your behalf made an effort to remove, contain and/or abate the asbestos on your property?

☐ Yes        ☒ No

If Yes, attach all documents relating or referring to such efforts. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession or control of the document.

If you provide a summary of the documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

39. If you do not have any documents relating or referring to the removal, containment and/or abatement of the asbestos on your property, explain why not and indicate who may have possession and control of such documents with respect to the property.

> N/A

40. If you or someone on your behalf did not make an effort to remove, contain and/or abate the asbestos on your property, to the best of your knowledge, did anyone else make such an effort?

☐ Yes        ☒ No

9276107                                    1012063

41. If you responded Yes to question 38. or question 40. and you have not supplied related documents, please specify the dates and descriptions of any such efforts.

| | | | | | Description | |
|---|---|---|---|---|---|---|
*Year*

| | | | | | Description | |
|---|---|---|---|---|---|---|
*Year*

| | | | | | Description | |
|---|---|---|---|---|---|---|
*Year*

42. Have you or anyone on your behalf conducted any other testing or sampling for the presence of asbestos on your property?

☒ Yes    ☐ No

If Yes, attach all documents relating or referring to such efforts. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession or control of the document.

If you provide a summary of the documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

43. If you do not have any documents relating or referring to any other such testing or sampling for the presence of asbestos on your property, explain why not and indicate who may have possession or control of such documents with respect to the property.

Documents are to be received soon from U.S. EPA

44. If you or someone on your behalf did not conduct any other testing or sampling for the presence of asbestos on your property, to the best of your knowledge, did anyone else conduct such testing or sampling?

☒ Yes    ☐ No

45. If you responded Yes to question 42. or question 44. and you have not supplied related documents, please specify the dates and descriptions of any such efforts.

| 2 | 0 | 0 | 3 | Description | US EPA Testing |
|---|---|---|---|---|---|
*Year*

| | | | | Description | |
|---|---|---|---|---|---|
*Year*

| | | | | Description | |
|---|---|---|---|---|---|
*Year*

46. Were you aware of the presence of asbestos on your property when you purchased your property?

☐ Yes    ☒ No

47. If you have sold the property, were you aware of the presence of asbestos on your property when you sold your property?

☐ Yes    ☐ No    ☒ Not Applicable, have not sold the property

# PART 4: ASBESTOS LITIGATION AND CLAIMS

## A. INTRODUCTION

1. Has any asbestos-related property damage lawsuit or claim been filed against Grace on behalf of this claiming party relating to the property for which you are making this claim?

   ☒ No
   ☐ Yes – lawsuit
   ☐ Yes – non-lawsuit claim (other than a workers' compensation claim)

2. Has any asbestos-related property damage lawsuit or claim been filed against any other party on behalf of this claiming party relating to the property for which you are making this claim?

   ☒ No
   ☐ Yes – lawsuit
   ☐ Yes – non-lawsuit claim (other than a workers' compensation claim)

   *If an asbestos-related property damage lawsuit has been filed by or on behalf of this claiming party relating to the property for which you are making a claim, complete Section B. below.*

   *If an asbestos-related property damage non-lawsuit claim has been made by or on behalf of this claiming party relating to the property for which you are making a claim, complete Section C. on the following page.*

## B. LAWSUITS

1. Please provide the following information about each asbestos-related property damage lawsuit which has been filed relating to the property for which you are making this claim or attach a copy of the face page of each complaint filed.

   a. Caption   N/A

   b. Court where suit **originally filed**: 　　　　　　　　　　　　　 Docket No.: 　　　　　　
      *County/State*

   c. Date filed: ☐☐ - ☐☐ - ☐☐☐☐
      *Month   Day   Year*

   ---

   a. Caption

   b. Court where suit **originally filed**: 　　　　　　　　　　　　　 Docket No.: 　　　　　　
      *County/State*

   c. Date filed: ☐☐ - ☐☐ - ☐☐☐☐
      *Month   Day   Year*

   ---

   a. Caption

   b. Court where suit **originally filed**: 　　　　　　　　　　　　　 Docket No.: 　　　　　　
      *County/State*

   c. Date filed: ☐☐ - ☐☐ - ☐☐☐☐
      *Month   Day   Year*

(Attach additional pages if necessary.)

## C. NON-LAWSUIT CLAIMS

1. If the claiming party has made any claims relating to the property for which you are making a claim (including administrative claims) against anyone, that was not filed with a court of law, please provide the following information for each claim:

   a. Description of claim:

   b. Date submitted: ☐☐ – ☐☐ – ☐☐☐☐ ■
      *Month  Day   Year*

   c. Name of entity to whom claim was submitted:
     ☐ Grace
     ☐ Other
       *Name of Entity*

---

   a. Description of claim:

   b. Date submitted: ☐☐ – ☐☐ – ☐☐☐☐
      *Month  Day   Year*     ■

   c. Name of entity to whom claim was submitted:
     ☐ Grace
     ☐ Other
       *Name of Entity*

---

   a. Description of claim:

   b. Date submitted: ☐☐ – ☐☐ – ☐☐☐☐
      *Month  Day   Year*

   c. Name of entity to whom claim was submitted:
     ☐ Grace
     ☐ Other
       *Name of Entity*

## PART 5: SIGNATURE PAGE

All claims must be signed by the claiming party.

I have reviewed the information submitted on this proof of claim form and all documents submitted in support of my claim. I declare, under penalty of perjury,* that the above statements are true, correct, and not misleading.

CONSENT TO RELEASE OF RECORDS AND INFORMATION: To the extent that I have produced a summary rather than the documents themselves as requested above or indicated who has possession and control of certain documents, I hereby authorize and request that all other parties with custody of any documents or information concerning my property damage or the information contained in this Form, upon the reasonable request of Grace or Grace's representative, with a copy to the claiming party, disclose any and all records to Grace or to Grace's representative.

SIGNATURE OF CLAIMANT               0 3 – 2 8 – 2 0 0 3
                                                                     *Month  Day   Year*

*The penalty for presenting a fraudulent claim is a fine up to $500,000.00 or imprisonment up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

9276110

1012063

## Exhibit C

Claim No. 11316

11316                    PD
**UNIFIED GOVERNMENT OF
WYANDOTTE COUNTY KCK,**

# WR Grace
Property Damage
Index Sheet

Claim Number:    00011316

Receive Date:    03/31/2003

## Multiple Claim Reference

Claim Number _____

- [ ] MMPOC — Medical Monitoring Claim Form
- [ ] PDPOC — Property Damage
- [ ] NAPO — Non-Asbestos Claim Form
- [ ] — Amended

Claim Number _____

- [ ] MMPOC — Medical Monitoring Claim Form
- [ ] PDPOC — Property Damage
- [ ] NAPO — Non-Asbestos Claim Form
- [ ] — Amended

## Attorney Information

Firm Number:    00365

Firm Name:    Evans & Mullinix PA

Attorney Number:    00245

Attorney Name:    Joanne B Stutz

Zip Code:    66217

Cover Letter Location Number:    SR00000648

| Attachments Medical Monitoring | Attachments Property Damage | Non-Asbestos |
|---|---|---|
| [ ] TBD | [ ] TBD | [ ] Other Attachments |
| [ ] TBD | [ ] TBD | |
| [ ] TBD | [ ] TBD | |
| [ ] TBD | [ ] TBD | |
| [ ] TBD | [ ] TBD | |
| | [X] Other Attachments | |

**Other**

- [ ] Non-Standard Form
- [ ] Amended
- [ ] Post-Deadline Postmark Date

Box/Batch: WRPD0014/WRPD0053

Document Number: WRPD002632

## PART 1: CLAIMING PARTY INFORMATION

**NAME:**

| U | N | I | F | I | E | D |   | G | O | V | E | R | N | M | E | N | T |   | O | F |   | W | Y | A | N | D | O | T | T | E |   | C | O | U | N | T | Y |   | K | C | K |  |  |

*Name of individual claimant (first, middle and last name) or business claimant*

**SOCIAL SECURITY NUMBER (Individual Claimants):**

[ ] [ ] [ ] [ ]

*(last four digits of SSN)*

**F.E.I.N. (Business Claimants)**

[ ] [ ] - [ ] [ ] [ ] [ ] [ ] [ ]

**Other names by which claiming party has been known (such as maiden name or married name):**

*First* [ ... ]   *MI* [ ]   *Last* [ ... ]

*First* [ ... ]   *MI* [ ]   *Last* [ ... ]

**GENDER:** ☐ MALE   ☐ FEMALE

**Mailing Address:**

| 7 | 0 | 1 |   | N | O | R | T | H |   | 7 | T | H |   | S | T | R | E | E | T |   | S | U | I | T | E |   | 5 | 3 | 2 |  |  |

*Street Address*

| K | A | N | S | A | S |   | C | I | T | Y |  |  |

*City*

State (Province): **KS**   Zip Code (Postal Code): **66101**

| U | S | A |  |  |

*Country*

## PART 2: ATTORNEY INFORMATION

**The claiming party's attorney, if any (You do not need an attorney to file this form):**

**Law Firm Name:**

| E | V | A | N | S |   | & |   | M | U | L | L | I | N | I | X |   | P | A |  |  |

**Name of Attorney:**

*First* | J | O | A | N | N | E |   *MI* | B |   *Last* | S | T | U | T | Z |

**Mailing Address:**

| 7 | 2 | 2 | 5 |   | R | E | N | N | E | R |   | R | D |   | S | U | I | T | E |   | 2 | 0 | 0 |  |  |

*Street Address*

| S | H | A | W | N | E | E |  |  |

*City*

State (Province): **KS**   Zip Code (Postal Code): **66217**

**Telephone:**

( 9 1 3 ) 9 6 2 - 8 7 0 0

*Area Code*

REC'D MAR 3 1 2003

WR Grace   PD.14.53.2632
00011316
SR=648

9276101

1000650

# PART 3: PROPERTY INFORMATION

## A. Real Property For Which A Claim Is Being Asserted

1. What is the address of the real property for which a claim is being asserted (referred to herein as "the property")?

Street Address: 8 0 5 | N O R T H | 6 T H | S T R E E T

City: K A N S A S | C I T Y    State: K S    Zip Code (Postal Code): 6 6 1 0 1

Country: U S A

2. Are you completing an Asbestos Property Damage Proof of Claim Form for any other real property other than the one listed at "1" above?

☒ Yes    ☐ No

3. Do you currently own the property listed in Question 1, above?

☒ Yes    ☐ No

4. When did you purchase the property?

☐☐ - ☐☐ - ☐☐☐☐
Month   Day   Year

5. What is the property used for (check all that apply)

☐ Owner occupied residence
☐ Residential rental
☐ Commercial
☐ Industrial    Specify: _____
☒ Other    Specify: Vacant Building - Previously housed City Hall

6. How many floors does the property have?    [ 4 ]

7. What is the approximate square footage of the property?    4 5 0 0 0

8. When was the property built?
☒ Before 1969
☐ 1969 - 1973
☐ After 1973

9. What is the structural support of the property?
☐ Wood frame
☒ Structural concrete
☐ Brick
☐ Steel beam/girder
☐ Other    Specify: _____

10. Have you or has someone on your behalf completed any interior renovations on the property which affected any asbestos on the property?

☐ Yes    ☐ No

9276102

1000650

## A. Real Property For Which A Claim Is Being Asserted (continued)

i  If yes, please specify the dates and description of such renovations.

| | | | | Description | |
|---|---|---|---|---|---|
Year

Description

Year

Description

Year

11. To the best of your knowledge, have any other interior renovations been completed on the property during any other period of time which affected any asbestos on the property?

☐ Yes    ☐ No

If yes, please specify the dates and descriptions of such renovations.

Description

Year

Description

Year

Description

Year

## B. Claim Category

12. For which category are you making a claim on the property?

☒ Category 1:  Allegation with respect to asbestos from a Grace product in the property

☐ Category 2:  Allegation with respect to one of Grace's vermiculite mining, milling or processing operations

> • If you checked Category 1 in question 12, complete section C.
> • If you checked Category 2 in question 12, complete section D.

## C. Category 1 Claim:  Allegation With Respect To Asbestos From A Grace Product In The Property

13. For what alleged asbestos-containing product(s) are you making a claim?

☐ Monokote-3 fireproofing insulation

☒ Other    Specify:  Unknown

(For a list of the brand names under which Grace manufactured products that may have contained commercially added asbestos, see Exhibit 2 to the Claims Bar Date Notice provided with this Proof of Claim Form.)

14. When did you or someone on your behalf install the asbestos containing product(s) in the property?

| | | | Year

☐ I did not install the product(s)

15. If you or someone on your behalf did not install the asbestos containing product(s), to the best of your knowledge, when was/were the product(s) installed?

Year

☒ Don't know.

9276103

1000650

16. Do you have documentation relating to the purchase and/or installation of the product in the property?

☐ Yes    ☒ No

If Yes, attach all such documents. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

17. If you do not have any such documents, explain why not and indicate who may have possession or control of such documents with respect to the property.

> Documents have been lost or destroyed.

18. When did you first know of the presence of asbestos in the property of the Grace product for which you are making this claim?

☐☐☐☐
*Year*

Please attach all documents relating or referring to the presence of asbestos in the property for which you are making this claim. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

19. How did you first learn of the presence of asbestos in the property of the Grace product for which you are making this claim?

> Unknown

20. When did you first learn that the Grace product for which you are making this claim contained asbestos?

☐☐☐☐
*Year*

21. How did you first learn that the Grace product for which you are making the claim contained asbestos?

> Unknown

22. Have you or someone on your behalf made an effort to remove, contain and/or abate the Grace product for which you are making this claim?

☐ Yes    ☐ No

If Yes, attach all documents relating or referring to such efforts. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

23. If you do not have any such documents, explain why not and indicate who may have possession and control of such documents with respect to the property.

24. If you or someone on your behalf did not make an effort to remove, contain and/or abate the Grace product(s) for which you are making a claim, to the best of your knowledge, did anyone else make such an effort?

☐ Yes    ☒ No

9276104              1000650

25. If you responded Yes to question 22. or 24. and you have not supplied documents, please specify the dates and descriptions of any such efforts.

| | | | | | Description | |
|--|--|--|--|--|--|--|
Year

| | | | | | Description | |
Year

| | | | | | Description | |
Year

26. Have you or anyone on your behalf ever conducted any testing or sampling for the presence of asbestos or other particulates in the property?

☐ Yes    ☐ No    **If Yes, Attach All Documents Related To Any Testing Of The Property.**

27. If you responded Yes to question 26., but you have not provided documents, indicate who may have possession or control of such testing documents or where such documents may be located.

28. If you or someone on your behalf did not conduct any testing or sampling for the presence of asbestos or other particulates on the property, to the best of your knowledge, did anyone else conduct such testing or sampling with respect to the property?

☐ Yes    ☐ No

29. If you responded Yes to question 26. or 28. and you have not supplied related documents, please describe when and by whom and the type of testing and/or sampling (e.g. air, bulk and dust sampling).

| | | | | Company/Individual | |
Year    Type of testing:

| | | | | Company/Individual | |
Year    Type of testing:

| | | | | Company/Individual | |
Year    Type of testing:

30. Has the Grace product or products for which you are making this claim ever been modified and/or disturbed?

☐ Yes    ☐ No

31. If yes, specify when and in what manner the Grace product or products was modified and/or disturbed?

| | | | | Description | |
Year

| | | | | Description | |
Year

| | | | | Description | |
Year

**D. Category 2 Claim: Allegation With Respect To One of Grace's Vermiculite Mining, Milling Or Processing Operations**

32. What is the business address or location of the Grace operation which has led to your claim?

Business Name

Street Address

City

State (Province)

Zip Code (Postal Code)

Country

33. If your claim relates to a personal residence, does (or did) anyone living in the household work for Grace?

☐ Yes    ☐ No

34. If yes, specify the following for each such individual:

Name of Individual Working at Grace Operation

Date of Birth

Month   Day   Year

Occupation(s) of Individual

Dates Worked at Operation

From:   Year   To:   Year

Name of Individual Working at Grace Operation

Date of Birth

Month   Day   Year

Occupation(s) of Individual

Dates Worked at Operation

From:   Year   To:   Year

Name of Individual Working at Grace Operation

Date of Birth

Month   Day   Year

Occupation(s) of Individual

Dates Worked at Operation

From:   Year   To:   Year

Name of Individual Working at Grace Operation

Date of Birth

Month   Day   Year

Occupation(s) of Individual

Dates Worked at Operation

From:   Year   To:   Year

35. When did you first know of the presence of asbestos on your property?

Year

9276106

1000650

36. `How did you first learn of the presence of asbestos on your property?

Attach all documents relating or referring to the presence of asbestos on the property. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession or control of the document.

If you provide a summary of the documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

37. If you do not have any documents relating or referring to the presence of asbestos on the property, explain why not and indicate who may have possession or control of any such documents with respect to the property.

38. Have you or anyone on your behalf made an effort to remove, contain and/or abate the asbestos on your property?

☐ Yes      ☐ No

If Yes, attach all documents relating or referring to such efforts. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession or control of the document.

If you provide a summary of the documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

39. If you do not have any documents relating or referring to the removal, containment and/or abatement of the asbestos on your property, explain why not and indicate who may have possession and control of such documents with respect to the property.

40. If you or someone on your behalf did not make an effort to remove, contain and/or abate the asbestos on your property, to the best of your knowledge, did anyone else make such an effort?

☐ Yes      ☐ No

9276107                    1000650

41. If you responded Yes to question 38, or question 40, and you have not supplied related documents, please specify the dates and descriptions of any such efforts.

| | | | | Description | |
|--|--|--|--|--|--|
Year

| | | | | Description | |
|--|--|--|--|--|--|
Year

| | | | | Description | |
|--|--|--|--|--|--|
Year

42. Have you or anyone on your behalf conducted any other testing or sampling for the presence of asbestos on your property?

☐ Yes      ☐ No

If Yes, attach all documents relating or referring to such efforts. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession or control of the document.

If you provide a summary of the documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

43. If you do not have any documents relating or referring to any other such testing or sampling for the presence of asbestos on your property, explain why not and indicate who may have possession or control of such documents with respect to the property.

44. If you or someone on your behalf did not conduct any other testing or sampling for the presence of asbestos on your property, to the best of your knowledge, did anyone else conduct such testing or sampling?

☐ Yes      ☐ No

45. If you responded Yes to question 42, or question 44, and you have not supplied related documents, please specify the dates and descriptions of any such efforts.

| | | | | Description | |
|--|--|--|--|--|--|
Year

| | | | | Description | |
|--|--|--|--|--|--|
Year

| | | | | Description | |
|--|--|--|--|--|--|
Year

46. Were you aware of the presence of asbestos on your property when you purchased your property?

☐ Yes      ☐ No

47. If you have sold the property, were you aware of the presence of asbestos on your property when you sold your property?

☐ Yes      ☐ No      ☐ Not Applicable, have not sold the property

9276108                                    1000650

# PART 4: ASBESTOS LITIGATION AND CLAIMS

## A. INTRODUCTION

1. Has any asbestos-related property damage lawsuit or claim been filed against Grace on behalf of this claiming party relating to the property for which you are making this claim?

   ☒ No

   ☐ Yes – lawsuit

   ☐ Yes – non-lawsuit claim (other than a workers' compensation claim)

2. Has any asbestos-related property damage lawsuit or claim been filed against any other party on behalf of this claiming party relating to the property for which you are making this claim?

   ☒ No

   ☐ Yes – lawsuit

   ☐ Yes – non-lawsuit claim (other than a workers' compensation claim)

   *If an asbestos-related property damage lawsuit has been filed by or on behalf of this claiming party relating to the property for which you are making a claim, complete Section B. below.*

   *If an asbestos-related property damage non-lawsuit claim has been made by or on behalf of this claiming party relating to the property for which you are making a claim, complete Section C. on the following page.*

## B. LAWSUITS

1. Please provide the following information about each asbestos-related property damage lawsuit which has been filed relating to the property for which you are making this claim or attach a copy of the face page of each complaint filed.

   a. Caption

   b. Court where suit originally filed:             Docket No.:
                *County/State*

   c. Date filed:   __ __ – __ __ – __ __ __ __
            *Month  Day   Year*

   a. Caption

   b. Court where suit originally filed:             Docket No.:
                *County/State*

   c. Date filed:   __ __ – __ __ – __ __ __ __
            *Month  Day   Year*

   a. Caption

   b. Court where suit originally filed:             Docket No.:
                *County/State*

   c. Date filed:   __ __ – __ __ – __ __ __ __
            *Month  Day   Year*

   (Attach additional pages if necessary.)

9276109

## C. NON-LAWSUIT CLAIMS

1. If the claiming party has made any claims relating to the property for which you are making a claim (including administrative claims) against anyone, that was not filed with a court of law, please provide the following information for each claim:

   a. Description of claim:

   b. Date submitted: ☐☐ - ☐☐ - ☐☐☐☐ ■
      Month   Day   Year

   c. Name of entity to whom claim was submitted:
      ☐ Grace
      ☐ Other
         Name of Entity

   ---

   a. Description of claim:

   b. Date submitted: ☐☐ - ☐☐ - ☐☐☐☐
      Month   Day   Year

   c. Name of entity to whom claim was submitted:
      ☐ Grace
      ☐ Other ■
         Name of Entity

   ---

   a. Description of claim:

   b. Date submitted: ☐☐ - ☐☐ - ☐☐☐☐
      Month   Day   Year

   c. Name of entity to whom claim was submitted:
      ☐ Grace
      ☐ Other
         Name of Entity

## PART 5: SIGNATURE PAGE.

All claims must be signed by the claiming party.

I have reviewed the information submitted on this proof of claim form and all documents submitted in support of my claim. I declare, under penalty of perjury,* that the above statements are true, correct, and not misleading.

CONSENT TO RELEASE OF RECORDS AND INFORMATION: To the extent that I have produced a summary rather than the documents themselves as requested above or indicated who has possession and control of certain documents, I hereby authorize and request that all other parties with custody of any documents or information concerning my property damage or the information contained in this Form, upon the reasonable request of Grace or Grace's representative, with a copy to the claiming party, disclose any and all records to Grace or to Grace's representative.

| SIGNATURE OF CLAIMANT | 0 3 - 2 7 - 2 0 0 3 |
|---|---|
|  | Month   Day   Year |

Joanne B. Stutz, Attorney for Unified Government

*The penalty for presenting a fraudulent claim is a fine up to $500,000.00 or imprisonment up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

9276110

Copyright © 2002 NCS Pearson, Inc. All rights reserved.

1000650

## SUPPLEMENT TO PROOF OF CLAIM OF
## UNIFIED GOVERNMENT OF WYANDOTTE COUNTY, KANSAS CITY, KANSAS
## FOR 805 NORTH 6TH STREET, KANSAS CITY, KANSAS

Question:

(4)     Unknown.  Building was erected in 1930.

(10)    Unknown

(11)    Unknown

(14)    Unknown

(18)    Unknown

(20)    Unknown

(22)    Unknown

(24)    Unknown

(26)    Unknown

(28)    Unknown

(30)    Unknown

# **Exhibit D**

Letter Response

William H. Pritchett
203 El Monte Drive
Santa Barbara, CA
(805) 899-4377      93109
Fax 206-282-5865
willprt@cs.com


Claim Number 1860


IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELEWARE


In re
W.R. GRACE & CO, et al.                          ) Case No. 01-01139(JFK)
                                                 ) Jointly Administered
                                                 ) Response to Notice of Intent to
                                                 ) ObjectION to Claim
_____                  ) NO APPEARANCE


TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE **that Debtor(s) have not requested nor motioned this court**

**for additional information, supporting documentation, or other with regard to said claim. That claimant will willingly furnish all information necessary in order to document and substantiate claim or proof of claim filed in good faith and with good faith showing. My claim arises from asbestos damages to my commercial office building. The report disclosed asbestos damages in December 1998, amounting to $67,000.00 in reparations to building for removal. Sufficient information to document said claim and has been submitted as proof thereof to debtor(s).**


Dated: 12/24/2004


_William H. Pritchett_

WILLIAM H. PRITCHETT SR.

WILLIAM H. PRITCHETT SR.
203 EL MONTE DRIVE
SANTA BARBARA, CA 93109-2005

FACSIMILE: (206) 282-5865
WILLPRT@CS.COM


December 25, 2004

Leigh Callaghan   Personal & Confidential
Colliers International
601 Union Street, Suite 5300
Seattle, WA 98101-4045


RE: Claim number 1860, Debtor, Grace & Co. et al., Class Action Suit for Damages
United States Bankruptcy Court, District of Delaware, Case 01-01139(JFK)

Supplemental Information for asbestos claim

Dear Leigh

   As you may recall, I filed an asbestos claim with Grace & Co. the manufacturers of the
product which was installed in the original 1966 construction of the building located 226 Second
Avenue West, Seattle , WA  98119.  The court is requesting additional information in the form of
the inspection report from the buyer.  This report is normally part of the escrow file.  If you could
forward this report to the address listed above as soon as possible in order to assist the processing
of this claim.  In the alternative, if you could send the name of the company who performed the
inspection, so I can contact them for more documentation. . Your prompt attention to this very
important matter is greatly appreciated.


Very Truly Yours,

*WP.*

William H. Pritchett


cc  Kirkland & Ellis, LLP
cc United States Bankruptcy Court

WILLIAM H. PRITCHETT SR.
203  EL MONTE DRIVE
SANTA BARBARA,  CA  93109-2005

FACSIMILE:  (206) 282-5865
WILLPRT@CS.COM


December 25, 2004


Kirkland & Ellis LLP
200 E. Randolf Drive
Chicago, IL  60601
Att: Joseph S. Nacca

RE: Claim number 1860, Debtor, Grace & Co. et al., Class Action Suit for Damages
United States Bankruptcy Court, District of Deleware, Case 01-01139(JFK)

Supplemental Information for asbestos claim.

Mr. Nacca,

    This claim arises from an investigative report. During the course of inspection for escrow, it was determined by the buyer that asbestos was present and that there would be additional costs incurred as a result for the removal, according to health and safety codes.  I was the owner/seller of the building located 226 Second Avenue West, Seattle  WA  98119, which  was constructed in 1966. The report is part of the escrow file with Chicago Title Company provided by the buyer. The report outlines where the asbestos was located specifically in the building and the cost of removal. The cost was deducted in the amount of $67,000.00.  The damages to the buyer for the removal is claimed and any proof can be provided in the report.  I will contact the real estate agent forthwith in order to obtain any additional material information to be supplemental to this claim for damages.


Sincerely,

*William H. Pritchett*

William H. Pritchett



cc  Leigh Callaghan, Colliers International Real Estate Broker

## Exhibit E

Claim No. 11657



# WR Grace
## Property Damage
### Index Sheet

SR00000611

| Claim Number: | 00011657 | | Receive Date: | 03/31/2003 |
|---|---|---|---|---|

## Multiple Claim Reference

Claim Number _____

- ☐ MMPOC — Medical Monitoring Claim Form
- ☐ PDPOC — Property Damage
- ☐ NAPO — Non-Asbestos Claim Form
- ☐ Amended

Claim Number _____

- ☐ MMPOC — Medical Monitoring Claim Form
- ☐ PDPOC — Property Damage
- ☐ NAPO — Non-Asbestos Claim Form
- ☐ Amended

## Attorney Information

Firm Number: 00131          Firm Name: Speights & Runyan

Attorney Number: 00227          Attorney Name: Daniel A Speights

Zip Code: 29924

Cover Letter Location Number: SR00000611

| Attachments Medical Monitoring | Attachments Property Damage | Non-Asbestos |
|---|---|---|
| ☐ TBD | ☐ TBD | ☐ Other Attachments |
| ☐ TBD | ☐ TBD | |
| ☐ TBD | ☐ TBD | |
| ☐ TBD | ☐ TBD | |
| ☐ TBD | ☐ TBD | |
| | ☒ Other Attachments | |

**Other**

- ☐ Non-Standard Form
- ☐ Amended
- ☐ Post-Deadline Postmark Date

Box/Batch: WRPD0015/WRPD0060

Document Number: WRPD002973

## PART 1:  CLAIMING PARTY INFORMATION

**NAME:**

SCHOOL DISTRICT 43 COQUITLAM

*Name of individual claimant (first, middle and last name) or business claimant*

**SOCIAL SECURITY NUMBER (Individual Claimants):**

*(last four digits of SSN)*

**F.E.I.N. (Business Claimants)**

Other names by which claiming party has been known (such as maiden name or married name):

*First*    *MI*    *Last*

*First*    *MI*    *Last*

**GENDER:** ☐ MALE    ☐ FEMALE

**Mailing Address:**

MONTGOMERY MIDDLE 1900 EDGEWOOD AVE.

*Street Address*

COQUITLAM

*City*

CANADA

*Country*

BC  *State (Province)*

V3K2Y 1  *Zip Code (Postal Code)*

## PART 2:  ATTORNEY INFORMATION

The claiming party's attorney, if any (You do not need an attorney to file this form):

**Law Firm Name:**

SPEIGHTS & RUNYAN

**Name of Attorney:**

DANIEL    *First*    A  *MI*    SPEIGHTS  *Last*

**Mailing Address:**

200 JACKSON AVENUE EAST PO BOX 685

*Street Address*

HAMPTON

*City*

SC  *State (Province)*

29924  *Zip Code (Postal Code)*

**Telephone:**

(803) 943-4444

*Area Code*

REC'D MAR 3 1 2003

9276101

WR Grace    PD.15.60.2973
00011657
SR=611

SERIAL #

## PART 3: PROPERTY INFORMATION

### A. Real Property For Which A Claim Is Being Asserted

1. What is the address of the real property for which a claim is being asserted (referred to herein as "the property")?

MONTGOMERY MIDDLE 1900 EDGEWOOD AVE.
*Street Address*

PORT COQUITLAM
*City*

BC
*State (Province)*

V3K2Y 1
*Zip Code (Postal Code)*

CANADA
*Country*

2. Are you completing an Asbestos Property Damage Proof of Claim Form for any other real property other than the one listed at "1" above?

☒ Yes    ☐ No

3. Do you currently own the property listed in Question 1, above?

☒ Yes    ☐ No

4. When did you purchase the property?

☐☐ - ☐☐ - 1963
*Month   Day   Year*

5. What is the property used for (check all that apply)
   ☐ Owner occupied residence
   ☐ Residential rental
   ☐ Commercial
   ☐ Industrial    Specify: _____
   ☒ Other    Specify: EDUCATIONAL

6. How many floors does the property have?    2

7. What is the approximate square footage of the property?    82787

8. When was the property built?
   ☒ Before 1969
   ☐ 1969 - 1973
   ☐ After 1973

9. What is the structural support of the property?
   ☐ Wood frame
   ☐ Structural concrete
   ☐ Brick
   ☐ Steel beam/girder
   ☒ Other    Specify: CONCRETE FRAME

10. Have you or has someone on your behalf completed any interior renovations on the property which affected any asbestos on the property?

☒ Yes    ☐ No

9276102

**SERIAL #**

**A. Real Property For Which A Claim Is Being Asserted (continued)**

If yes, please specify the dates and description of such renovations.

| Year | Description | VARIOUS YEARS, NUMEROUS PROJECTS |
| Year | Description | |
| Year | Description | |

11. To the best of your knowledge, have any other interior renovations been completed on the property during any other period of time which affected any asbestos on the property?

☐ Yes    ☒ No

If yes, please specify the dates and descriptions of such renovations.

| Year | Description | |
| Year | Description | |
| Year | Description | |

**B. Claim Category**

12. For which category are you making a claim on the property?

☒ Category 1:  Allegation with respect to asbestos from a Grace product in the property
☐ Category 2:  Allegation with respect to one of Grace's vermiculite mining, milling or processing operations

• If you checked Category 1 in question 12, complete section C.
• If you checked Category 2 in question 12, complete section D.

**C. Category 1 Claim:  Allegation With Respect To Asbestos From A Grace Product In The Property**

13. For what alleged asbestos-containing product(s) are you making a claim?

☐ Monokote-3 fireproofing insulation
☒ Other    Specify: SURFACE TREATMENT

(For a list of the brand names under which Grace manufactured products that may have contained commercially added asbestos, see Exhibit 2 to the Claims Bar Date Notice provided with this Proof of Claim Form.)

14. When did you or someone on your behalf install the asbestos containing product(s) in the property?

| Year | ☒ I did not install the product(s) |

15. If you or someone on your behalf did not install the asbestos containing product(s), to the best of your knowledge, when was/were the product(s) installed?

| Year | ☒ Don't know. |

9276103

SERIAL #

16. Do you have documentation relating to the purchase and/or installation of the product in the property?

☐ Yes        ☒ No

If Yes, attach all such documents. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

17. If you do not have any such documents, explain why not and indicate who may have possession or control of such documents with respect to the property.

```
SEE ATTACHED "APPENDIX I"
```

18. When did you first know of the presence of asbestos in the property of the Grace product for which you are making this claim?

```
2003
```
Year

Please attach all documents relating or referring to the presence of asbestos in the property for which you are making this claim. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

19. How did you first learn of the presence of asbestos in the property of the Grace product for which you are making this claim?

```
SEE ANSWER 17 ABOVE
```

20. When did you first learn that the Grace product for which you are making this claim contained asbestos?

```
2003
```
Year

21. How did you first learn that the Grace product for which you are making the claim contained asbestos?

```
SAME AS QUESTION 19
```

22. Have you or someone on your behalf made an effort to remove, contain and/or abate the Grace product for which you are making this claim?

☒ Yes        ☐ No

If Yes, attach all documents relating or referring to such efforts. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

23. If you do not have any such documents, explain why not and indicate who may have possession and control of such documents with respect to the property.

```
SAME AS QUESTION 17
```

24. If you or someone on your behalf did not make an effort to remove, contain and/or abate the Grace product(s) for which you are making a claim, to the best of your knowledge, did anyone else make such an effort?

☐ Yes        ☒ No

9276104                              SERIAL #:

25. If you responded Yes to question 22. or 24. and you have not supplied documents, please specify the dates and descriptions of any such efforts.

| | | | | Description | VARIOUS YEARS, NUMEROUS PROJECTS |
|---|---|---|---|---|---|

*Year*

| | | | | Description | |
|---|---|---|---|---|---|

*Year*

| | | | | Description | |
|---|---|---|---|---|---|

*Year*

26. Have you or anyone on your behalf ever conducted any testing or sampling for the presence of asbestos or other particulates in the property?

☒ Yes    ☐ No    **If Yes, Attach All Documents Related To Any Testing Of The Property.**

27. If you responded Yes to question 26., but you have not provided documents, indicate who may have possession or control of such testing documents or where such documents may be located.

SEE ATTACHED "APPENDIX I"

28. If you or someone on your behalf did not conduct any testing or sampling for the presence of asbestos or other particulates on the property, to the best of your knowledge, did anyone else conduct such testing or sampling with respect to the property?

☐ Yes    ☐ No    NOT APPLICABLE

29. If you responded Yes to question 26. or 28. and you have not supplied related documents, please describe when and by whom and the type of testing and/or sampling (e.g. air, bulk and dust sampling).

| | | | | Company/Individual | VARIOUS YEARS, NUMEROUS PROJECTS |
|---|---|---|---|---|---|

*Year*    Type of testing:

| | | | | Company/Individual | |
|---|---|---|---|---|---|

*Year*    Type of testing:

| | | | | Company/Individual | |
|---|---|---|---|---|---|

*Year*    Type of testing:

30. Has the Grace product or products for which you are making this claim ever been modified and/or disturbed?

☒ Yes    ☐ No

31. If yes, specify when and in what manner the Grace product or products was modified and/or disturbed?

| | | | | Description | AFFECTED BY NUMOROUS CUSTODIAL AND MAINTENANCE ACTIVITIES & RENOVATIO |
|---|---|---|---|---|---|

*Year*

| | | | | Description | |
|---|---|---|---|---|---|

*Year*

| | | | | Description | |
|---|---|---|---|---|---|

*Year*

9276105

**SERIAL #**

**D.** **Category 2 Claim:  Allegation With Respect To One of Grace's Vermiculite Mining, Milling Or Processing Operations** ■

32. What is the business address or location of the Grace operation which has led to your claim?

*Business Name*

*Street Address*

*City*                                                                                    *State*          *Zip Code*
                                                                                         *(Province)*   *(Postal Code)*

*Country*

33. If your claim relates to a personal residence, does (or did) anyone living in the household work for Grace?

☐ Yes      ☐ No

■

34. If yes, specify the following for each such individual:

| Name of Individual Working at Grace Operation | Name of Individual Working at Grace Operation |
|---|---|
| **Date of Birth** | **Date of Birth** |
| □□ - □□ - □□□□ | □□ - □□ - □□□□ |
| *Month   Day   Year* | *Month   Day   Year* |
| **Occupation(s) of Individual** | **Occupation(s) of Individual** |
| | |
| **Dates Worked at Operation** | **Dates Worked at Operation** |
| From: □□□□  To: □□□□ | From: □□□□  To: □□□□ |
| *Year       Year* | *Year       Year* |
| **Name of Individual Working at Grace Operation** | **Name of Individual Working at Grace Operation** |
| **Date of Birth** | **Date of Birth** |
| □□ - □□ - □□□□ | □□ - □□ - □□□□ |
| *Month   Day   Year* | *Month   Day   Year* |
| **Occupation(s) of Individual** | **Occupation(s) of Individual** |
| | |
| **Dates Worked at Operation** | **Dates Worked at Operation** |
| From: □□□  To: □□□□ | From: □□□  To: □□□□ |
| *Year       Year* | *Year       Year* |

35. When did you first know of the presence of asbestos on your property?   □□□□   ■
                                                                            *Year*

9 2 7 6 1 0 6                          **SERIAL #** ■

36. How did you first learn of the presence of asbestos on your property?

Attach all documents relating or referring to the presence of asbestos on the property. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession or control of the document.

If you provide a summary of the documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

37. If you do not have any documents relating or referring to the presence of asbestos on the property, explain why not and indicate who may have possession or control of any such documents with respect to the property.

38. Have you or anyone on your behalf made an effort to remove, contain and/or abate the asbestos on your property?

☐ Yes        ☐ No

If Yes, attach all documents relating or referring to such efforts. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession or control of the document.

If you provide a summary of the documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

39. If you do not have any documents relating or referring to the removal, containment and/or abatement of the asbestos on your property, explain why not and indicate who may have possession and control of such documents with respect to the property.

40. If you or someone on your behalf did not make an effort to remove, contain and/or abate the asbestos on your property, to the best of your knowledge, did anyone else make such an effort?

☐ Yes        ☐ No

9276107

SERIAL #⌋

41. If you responded Yes to question 38. or question 40. and you have not supplied related documents, please specify the dates and descriptions of any such efforts.

| | Description | |
|---|---|---|
| Year | | |

| | Description | |
|---|---|---|
| Year | | |

| | Description | |
|---|---|---|
| Year | | |

42. Have you or anyone on your behalf conducted any other testing or sampling for the presence of asbestos on your property?

☐ Yes      ☐ No

If Yes, attach all documents relating or referring to such efforts. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession or control of the document.

If you provide a summary of the documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

43. If you do not have any documents relating or referring to any other such testing or sampling for the presence of asbestos on your property, explain why not and indicate who may have possession or control of such documents with respect to the property.

44. If you or someone on your behalf did not conduct any other testing or sampling for the presence of asbestos on your property, to the best of your knowledge, did anyone else conduct such testing or sampling?

☐ Yes      ☐ No

45. If you responded Yes to question 42. or question 44. and you have not supplied related documents, please specify the dates and descriptions of any such efforts.

| | Description | |
|---|---|---|
| Year | | |

| | Description | |
|---|---|---|
| Year | | |

| | Description | |
|---|---|---|
| Year | | |

46. Were you aware of the presence of asbestos on your property when you purchased your property?

☐ Yes      ☐ No

47. If you have sold the property, were you aware of the presence of asbestos on your property when you sold your property?

☐ Yes      ☐ No      ☐ Not Applicable. have not sold the property

9276108                           SERIAL #⌐

# PART 4:  ASBESTOS LITIGATION AND CLAIMS

## A. INTRODUCTION

1. Has any asbestos-related property damage lawsuit or claim been filed against Grace on behalf of this claiming party relating to the property for which you are making this claim?

☐ No
☒ Yes – lawsuit
☐ Yes – non-lawsuit claim (other than a workers' compensation claim)

2. Has any asbestos-related property damage lawsuit or claim been filed against any other party on behalf of this claiming party relating to the property for which you are making this claim?

☐ No
☒ Yes – lawsuit
☐ Yes – non-lawsuit claim (other than a workers' compensation claim)

*If an asbestos-related property damage lawsuit has been filed by or on behalf of this claiming party relating to the property for which you are making a claim, complete Section B. below.*

*If an asbestos-related property damage non-lawsuit claim has been made by or on behalf of this claiming party relating to the property for which you are making a claim, complete Section C. on the following page.*

## B. LAWSUITS

1. Please provide the following information about each asbestos-related property damage lawsuit which has been filed relating to the property for which you are making this claim or attach a copy of the face page of each complaint filed.

   a. Caption   ANDERSON MEMORIAL HOSPITAL, ON BEHALF OF ITSELF AND OTHERS SIMILARLY SITUATED V W.R.GRACE AND COMPANY, ET AL.

   b. Court where suit originally filed: HAMPTON COUNTY SC   Docket No.: 92CP25279
      *County/State*

   c. Date filed: 12 - 23 - 1992
      *Month   Day   Year*

   a. Caption

   b. Court where suit originally filed: 
      *County/State*    Docket No.:

   c. Date filed: ☐ - ☐ - ☐
      *Month   Day   Year*

   a. Caption

   b. Court where suit originally filed:
      *County/State*    Docket No.:

   c. Date filed: ☐ - ☐ - ☐
      *Month   Day   Year*

   (Attach additional pages if necessary.)

9276109                                    SERIAL #

## C. NON-LAWSUIT CLAIMS

1. If the claiming party has made any claims relating to the property for which you are making a claim (including administrative claims) against anyone, that was not filed with a court of law, please provide the following information for each claim:

a. Description of claim:

b. Date submitted: [  ] - [  ] - [    ]
   Month  Day  Year

c. Name of entity to whom claim was submitted:
   ☐ Grace
   ☐ Other
      _Name of Entity_

---

a. Description of claim:

b. Date submitted: [  ] - [  ] - [    ]
   Month  Day  Year

c. Name of entity to whom claim was submitted:
   ☐ Grace
   ☐ Other
      _Name of Entity_

---

a. Description of claim:

b. Date submitted: [  ] - [  ] - [    ]
   Month  Day  Year

c. Name of entity to whom claim was submitted:
   ☐ Grace
   ☐ Other
      _Name of Entity_

## PART 5: SIGNATURE PAGE

All claims must be signed by the claiming party.

I have reviewed the information submitted on this proof of claim form and all documents submitted in support of my claim. I declare, under penalty of perjury,* that the above statements are true, correct, and not misleading.

CONSENT TO RELEASE OF RECORDS AND INFORMATION: To the extent that I have produced a summary rather than the documents themselves as requested above or indicated who has possession and control of certain documents, I hereby authorize and request that all other parties with custody of any documents or information concerning my property damage or the information contained in this Form, upon the reasonable request of Grace or Grace's representative, with a copy to the claiming party, disclose any and all records to Grace or to Grace's representative.

SIGNATURE OF CLAIMANT

03 - 36 - 2003
Month  Day  Year

*The penalty for presenting a fraudulent claim is a fine up to $500,000.00 or imprisonment up to 5 years, or both.
18 U.S.C. §§ 152 & 3571.

9276110
Copyright © 2002 NCS Pearson, Inc.   All rights reserved.

SERIAL #

03/25/03   TUE 11:24 FAX 604 941 9369          S.D. #43-MAINTENANCE                          @042



1982 Kingsway Avenue, Port Coquitlam, BC. V3C 1S8 , Phone 604-941-6278, Fax 604-941-9369

Date: March 24, 2003

Speights & Runyan
200 Jackson Avenue, East
Hampton, South Carolina
USA 29924

To Whom It May Concern,

RE: Montgomery Middle School, 1900 Edgewood Avenue, Coquitlam V3K 2Y1

The purpose of this letter is to verify that to the best of my knowledge the Montgomery Middle School
was built in ___1963___.

Sincerely,

School District 43 (Coquitlam)

for    Keith Horne,

Manager – Facilities, P.Eng.

Serving the communities of Anmore, Belcarra, Coquitlam, Port Coquitlam and Port Moody

# APPENDIX I

**Response to Question 17:** The Claimant understands Question 16 to ask for the existence of historical documents demonstrating that Grace's asbestos-containing product was purchased and/or installed in the property. As indicated in its response, the Claimant does not know of any such specific documents at this time. The Claimant assumes that there would have been a large number of original construction documents, including drawings and specifications, which, if not destroyed in the ordinary course of business, might possibly be found at a number of storage facilities, including those under the control of various persons involved with the design and construction of the property and the sale and installation of products in the property. In addition,
this claim is based upon an assertion that debtors manufactured or sold products containing asbestos that are or were present in this property and/or all other theories of liability that are allowed by law including but not limited to conspiracy and fraudulent transfer. Moreover, Claimant believes Grace itself may be in control of supporting documentation, or other supporting information, regarding whom Grace or their salesmen sold their products to, and Claimant may need documentation or discovery from Grace on this issue. Claimant does not waive any rights, but is willing to discuss this matter with Grace if it believes Claimant's response is insufficient.

**Response to Question 23:** Taken literally, Question 22 seeks all documents relating to not only the removal, enclosure and encapsulation, but operations and maintenance documents which attempt to contain contamination from Grace's product. There is insufficient time to locate all such documents that might be called for in Question 22. To the extent that such documents have not been destroyed in the ordinary course of business, they may exist in the files or dead storage of many persons involved with such projects. Before undertaking an effort of this magnitude, Claimant would like to work with Grace to understand exactly what it is that Grace is seeking and whether Claimant can easily accommodate that request.

**Response to Question 27:** As Claimant understands Question 26, Grace seeks all documents of every kind and description not only related to the testing or sampling for the presence of asbestos, including samples taken during any abatement projects, as well as all samples related to any other particulates, including, by way of example only, all silicates, lead dust and other metal dust, beta glucans, etc. Such documents, to the extent they exist, may not only be in the possession of Claimant, but a number of third party contractors and/or consultants as well. Before undertaking the search for all of these documents, Claimant wishes to discuss this matter with Grace and obtain a clarification.

**Exhibit F**

Claim No. 11591

# WR Grace

SR00000611

## Property Damage

### Index Sheet

Claim Number:    00011591

Receive Date:  - 03/31/2003

**Multiple Claim Reference**

Claim Number _____

☐ MMPOC    Medical Monitoring Claim Form
☐ PDPOC    Property Damage
☐ NAPO    Non-Asbestos Claim Form
☐    Amended

Claim Number _____

☐ MMPOC    Medical Monitoring Claim Form
☐ PDPOC    Property Damage
☐ NAPO    Non-Asbestos Claim Form
☐    Amended

**Attorney Information**

Firm Number:    00131         Firm Name:    Speights & Runyan

Attorney Number:    00227      Attorney Name:    Daniel A Speights

Zip Code:    29924

Cover Letter Location Number:    SR00000611

| Attachments Medical Monitoring | Attachments Property Damage | Non-Asbestos |
|---|---|---|
| ☐ TBD | ☐ TBD | ☐ Other Attachments |
| ☐ TBD | ☐ TBD | |
| ☐ TBD | ☐ TBD | |
| ☐ TBD | ☐ TBD | |
| ☐ TBD | ☐ TBD | |
| | ☒ Other Attachments | |

**Other**

☐ Non-Standard Form
☐ Amended
☐ Post-Deadline Postmark Date

# PART 1: CLAIMING PARTY INFORMATION

**NAME:**

LABORER'S 310 UNION OFFICE BUILDING

*Name of individual claimant (first, middle and last name) or business claimant*

**SOCIAL SECURITY NUMBER (Individual Claimants):**      **F.E.I.N. (Business Claimants)**

*(last four digits of SSN)*

**Other names by which claiming party has been known (such as maiden name or married name):**

*First*    *MI*   *Last*

*First*    *MI*   *Last*

**GENDER:** ☐ MALE   ☐ FEMALE

**Mailing Address:**

*Street Address*

*City*    *State (Province)*   *Zip Code (Postal Code)*

*Country*

# PART 2: ATTORNEY INFORMATION

**The claiming party's attorney, if any (You do not need an attorney to file this form):**

**Law Firm Name:**

SPEIGHTS & RUNYAN

**Name of Attorney:**

AMANDA   G   STEINMEYER

*First*   *MI*   *Last*

**Mailing Address:**

P O BOX 685 - 200 JACKSON AVENUE EAST

*Street Address*

HAMPTON    SC   29924

*City*    *State (Province)*   *Zip Code (Postal Code)*

**Telephone:**

(803) 943-4444

*Area Code*

REC'D MAR 3 1 2003

9276101    WR Grace   PD.15.59.2907    **SERIAL #**

00011591

# PART 3: PROPERTY INFORMATION

## A. Real Property For Which A Claim Is Being Asserted

1.  What is the address of the real property for which a claim is being asserted (referred to herein as "the property")?

    `3250 EUCLID AVENUE`
    *Street Address*

    `CLEVELAND`                    `OH`
    *City*                         *State*      *Zip Code*
                                   *(Province)* *(Postal Code)*

    `UNITED STATES`
    *Country*

2.  Are you completing an Asbestos Property Damage Proof of Claim Form for any other real property other than the one listed at "1" above?

    ☐ Yes    ☒ No    ■

3.  Do you currently own the property listed in Question 1, above?

    ☒ Yes    ☐ No

4.  When did you purchase the property?    ☐☐ - ☐☐ - `1972`
                                            *Month*  *Day*  *Year*

5.  What is the property used for (check all that apply)?
    - ☐ Owner occupied residence
    - ☐ Residential rental
    - ☒ Commercial
    - ☐ Industrial    Specify: [                                    ]
    - ☐ Other         Specify: [                                    ]

6.  How many floors does the property have?    ☐☐    UNKNOWN

7.  What is the approximate square footage of the property?    `UNKNOWN`

8.  When was the property built?
    - ☐ Before 1969
    - ☒ 1969 - 1973
    - ☐ After 1973

9.  What is the structural support of the property?
    - ☐ Wood frame
    - ☐ Structural concrete               ■
    - ☐ Brick
    - ☒ Steel beam/girder
    - ☐ Other    Specify: [                                    ]

10. Have you or has someone on your behalf completed any interior renovations on the property which affected any asbestos on the property?

    ☒ Yes    ☐ No

    9276102                              **SERIAL #⌋**

**A.  Real Property For Which A Claim Is Being Asserted (continued)**

If yes, please specify the dates and description of such renovations.

| Year | | | | Description | MULTIPLE RENOVATIONS OVER VARIOUS YEARS |
|---|---|---|---|---|---|
| *Year* | | | | Description | |
| *Year* | | | | Description | |

11. To the best of your knowledge, have any other interior renovations been completed on the property during any other period of time which affected any asbestos on the property?

☒ Yes     ☐ No

If yes, please specify the dates and descriptions of such renovations.

| Year | | | | Description | MULTIPLE RENOVATIONS OVER VARIOUS YEARS |
|---|---|---|---|---|---|
| *Year* | | | | Description | |
| *Year* | | | | Description | |

**B.  Claim Category**

12. For which category are you making a claim on the property?

☒ Category 1:  Allegation with respect to asbestos from a Grace product in the property

☐ Category 2:  Allegation with respect to one of Grace's vermiculite mining, milling or processing operations

> • If you checked Category 1 in question 12, complete section C.
> • If you checked Category 2 in question 12, complete section D.

**C.  Category 1 Claim:  Allegation With Respect To Asbestos From A Grace Product In The Property**

13. For what alleged asbestos-containing product(s) are you making a claim?

☒ Monokote-3 fireproofing insulation

☐ Other     Specify: _____

(For a list of the brand names under which Grace manufactured products that may have contained commercially added asbestos, see Exhibit 2 to the Claims Bar Date Notice provided with this Proof of Claim Form.)

14. When did you or someone on your behalf install the asbestos containing product(s) in the property?

| Year | | | |
|---|---|---|---|

☒ I did not install the product(s)

15. If you or someone on your behalf did not install the asbestos containing product(s), to the best of your knowledge, when was/were the product(s) installed?

| 1 | 9 | 7 | 2 |
|---|---|---|---|

*Year*     ☐ Don't know.

16. Do you have documentation relating to the purchase and/or installation of the product in the property?

    ☒ Yes    ☐ No

If Yes, attach all such documents. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

17. If you do not have any such documents, explain why not and indicate who may have possession or control of such documents with respect to the property.

NOT APPLICABLE

18. When did you first know of the presence of asbestos in the property of the Grace product for which you are making this claim?

2003
Year

Please attach all documents relating or referring to the presence of asbestos in the property for which you are making this claim. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

19. How did you first learn of the presence of asbestos in the property of the Grace product for which you are making this claim?

SEE ATTACHED

20. When did you first learn that the Grace product for which you are making this claim contained asbestos?

2003
Year

21. How did you first learn that the Grace product for which you are making the claim contained asbestos?

SEE ATTACHED

22. Have you or someone on your behalf made an effort to remove, contain and/or abate the Grace product for which you are making this claim?

    ☒ Yes    ☐ No

If Yes, attach all documents relating or referring to such efforts. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

23. If you do not have any such documents, explain why not and indicate who may have possession and control of such documents with respect to the property.

SEE ATTACHED

24. If you or someone on your behalf did not make an effort to remove, contain and/or abate the Grace product(s) for which you are making a claim, to the best of your knowledge, did anyone else make such an effort?

    ☒ Yes    ☐ No

9276104          **SERIAL #⅃**

25. If you responded Yes to question 22. or 24. and you have not supplied documents, please specify the dates and descriptions of any such efforts.

| | Description | VARIOUS YEARS, NUMEROUS PROJECTS |
|---|---|---|
| *Year* | | |
| *Year* | Description | |
| *Year* | Description | |

26. Have you or anyone on your behalf ever conducted any testing or sampling for the presence of asbestos or other particulates in the property?

☒ Yes     ☐ No    **If Yes, Attach All Documents Related To Any Testing Of The Property.**

27. If you responded Yes to question 26., but you have not provided documents, indicate who may have possession or control of such testing documents or where such documents may be located.

SEE ATTACHED

28. If you or someone on your behalf did not conduct any testing or sampling for the presence of asbestos or other particulates on the property, to the best of your knowledge, did anyone else conduct such testing or sampling with respect to the property?

☐ Yes     ☐ No   NOT APPLICABLE

29. If you responded Yes to question 26. or 28. and you have not supplied related documents, please describe when and by whom and the type of testing and/or sampling (e.g. air, bulk and dust sampling).

| | Company/Individual | VARIOUS YEARS, NUMEROUS SAMPLES |
|---|---|---|
| *Year* | Type of testing: | |
| *Year* | Company/Individual | |
| | Type of testing: | |
| *Year* | Company/Individual | |
| | Type of testing: | |

30. Has the Grace product or products for which you are making this claim ever been modified and/or disturbed?

☒ Yes     ☐ No

31. If yes, specify when and in what manner the Grace product or products was modified and/or disturbed?

| | Description | AFFECTED BY NUMEROUS CUSTODIAL AND MAINTENANCE ACTIVITIES AND RENOVATIONS. |
|---|---|---|
| *Year* | | |
| *Year* | Description | |
| *Year* | Description | |

9 2 7 6 1 0 5            **SERIAL #⌐**

# W.R. Grace & Co.

# Asbestos Property Damage

# (9276)

# Proof of Claim Form

# Missing Page

1    2    3    4    5

(6)    (7)    (8)    9    10

# PART 4: ASBESTOS LITIGATION AND CLAIMS

## A. INTRODUCTION

1. Has any asbestos-related property damage lawsuit or claim been filed against Grace on behalf of this claiming party relating to the property for which you are making this claim?

   ☐ No

   ☒ Yes – lawsuit

   ☐ Yes – non-lawsuit claim (other than a workers' compensation claim)

2. Has any asbestos-related property damage lawsuit or claim been filed against any other party on behalf of this claiming party relating to the property for which you are making this claim?

   ☐ No

   ☒ Yes – lawsuit

   ☐ Yes – non-lawsuit claim (other than a workers' compensation claim)

   *If an asbestos-related property damage lawsuit has been filed by or on behalf of this claiming party relating to the property for which you are making a claim, complete Section B. below.*

   *If an asbestos-related property damage non-lawsuit claim has been made by or on behalf of this claiming party relating to the property for which you are making a claim, complete Section C. on the following page.*

## B. LAWSUITS

1. Please provide the following information about each asbestos-related property damage lawsuit which has been filed relating to the property for which you are making this claim or attach a copy of the face page of each complaint filed.

   a. Caption   ANDERSON MEMORIAL HOSPITAL, ON BEHALF OF ITSELF & OTHERS SIMILARLY SITUATED
   V. W.R. GRACE & COMPANY ET AL

   b. Court where suit originally filed: `HAMPTON  SC` Docket No.: `92CP25279`
   *County/State*

   c. Date filed: `12` - `23` - `1992`
   *Month   Day   Year*

   a. Caption

   b. Court where suit originally filed: Docket No.:
   *County/State*

   c. Date filed: ⬚ - ⬚ - ⬚
   *Month   Day   Year*

   a. Caption

   b. Court where suit originally filed: Docket No.:
   *County/State*

   c. Date filed: ⬚ - ⬚ - ⬚
   *Month   Day   Year*

(Attach additional pages if necessary.)

9276109                                    SERIAL #⌋

## C. NON-LAWSUIT CLAIMS

1. If the claiming party has made any claims relating to the property for which you are making a claim (including administrative claims) against anyone, that was not filed with a court of law, please provide the following information for each claim:

   a. Description of claim:

   b. Date submitted: [ ][ ] – [ ][ ] – [ ][ ][ ][ ]
      *Month    Day    Year*

   c. Name of entity to whom claim was submitted:
      ☐ Grace
      ☐ Other
      *Name of Entity*

---

   a. Description of claim:

   b. Date submitted: [ ][ ] – [ ][ ] – [ ][ ][ ][ ]
      *Month    Day    Year*

   c. Name of entity to whom claim was submitted:
      ☐ Grace
      ☐ Other
      *Name of Entity*

---

   a. Description of claim:

   b. Date submitted: [ ][ ] – [ ][ ] – [ ][ ][ ][ ]
      *Month    Day    Year*

   c. Name of entity to whom claim was submitted:
      ☐ Grace
      ☐ Other
      *Name of Entity*

## PART 5: SIGNATURE PAGE

All claims must be signed by the claiming party.

I have reviewed the information submitted on this proof of claim form and all documents submitted in support of my claim. I declare, under penalty of perjury,* that the above statements are true, correct, and not misleading.

CONSENT TO RELEASE OF RECORDS AND INFORMATION: To the extent that I have produced a summary rather than the documents themselves as requested above or indicated who has possession and control of certain documents, I hereby authorize and request that all other parties with custody of any documents or information concerning my property damage or the information contained in this Form, upon the reasonable request of Grace or Grace's representative, with a copy to the claiming party, disclose any and all records to Grace or to Grace's representative.

SIGNATURE OF CLAIMANT   AMANDA G. STEINMEYER

[ 0 3 ] – [ 3 0 ] – [ 2 0 0 3 ]
*Month    Day    Year*

*The penalty for presenting a fraudulent claim is a fine up to $500,000.00 or imprisonment up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

9276110

SERIAL #

Copyright © 2002 NCS Pearson, Inc. All rights reserved.

**Response to Question 19:** Through this bankruptcy process.

**Response to Question 21:** Refer to Question 19 Response.

**Response to Question 23:** Taken literally, Question 22 seeks all documents relating to not only the removal, enclosure and encapsulation, but operations and maintenance documents which attempt to contain contamination from Grace's product. There is insufficient time to locate all such documents that might be called for in Question 22. To the extent that such documents have not been destroyed in the ordinary course of business, they may exist in the files or dead storage of many persons involved with such projects. Before undertaking an effort of this magnitude, Claimant would like to work with Grace to understand exactly what it is that Grace is seeking and whether Claimant can easily accommodate that request.

**Response to Question 27:** As Claimant understands Question 26, Grace seeks all documents of every kind and description not only related to the testing or sampling for the presence of asbestos, including samples taken during any abatement projects, as well as all samples related to any other particulates, including, by way of example only, all silicates, lead dust and other metal dust, beta glucans, etc. Such documents, to the extent they exist, may not only be in the possession of Claimant, but a number of third party contractors and/or consultants as well. Before undertaking the search for all of these documents, Claimant wishes to discuss this matter with Grace and obtain a clarification.

INVOICE

## ZONOLITE
### CONSTRUCTION PRODUCTS DIVISION
P.O. BOX 7093   CHICAGO, ILLINOIS 60680

**W. R. GRACE & CO.**

**GRACE**

6-5-72

| INVOICE DATE | INVOICE NO. | LOCATION | | | PLANT | DIST. | TERRITORY | OUR ORDER NO. | CUST. ORDER NO. AND DATE |
|---|---|---|---|---|---|---|---|---|---|
| 5- | 57-051 | 4-934-035 | | | 657 | 651 | 511 | | PM  5-26-72 |

SHIPPED VIA                    CUST. NO.
ZONOLITE TRUCK              21994

SHIPPED FROM    CAR NO.
NEW CASTLE                      BILL OF LADING NO. CHECKED
                                          F-024

SOLD TO
PARATORE PLASTERING
1940 E. 123RD ST.
CLEVELAND, OHIO 44106

SHIP TO
SAME
C/O LABORER'S LOCAL 310
UNION OFFICE BLDG.
3250 EUCLID AVE.
CLEVELAND, OHIO

| QUANTITY ORDERED | QUANTITY SHIPPED | DESCRIPTION | UNIT PRICE | AMOUNT |
|---|---|---|---|---|
| | 140 | BAGS MONO-KOTE MK-3 | 2.40 | 1360.00 |
| | | 41-04-01-1-19 | | |
| | | PLUS 4 1/2% SALES TAX | | 16.20 |
| | | PLUS FREIGHT CHARGE | | 24.00 |
| | | | | $400.20 |

1.7.20   CASH DISCOUNT ALLOWED IF PAID BY _____ 6-16-72
□ NO CASH DISCOUNT - NET 30 DAYS

PLEASE MAKE ALL REMITTANCES PAYABLE TO CONSTRUCTION PRODUCTS DIVISION, W. R. GRACE & CO.
THIS ORDER IS SCHEDULED FOR SHIPMENT ON OR ABOUT






# ZONOLITE

**CONSTRUCTION PRODUCTS DIVISION**

P.O. BOX 7093    CHICAGO, ILLINOIS 60680

6-28-72

| LOCATION | CUST. NO. | PLANT | DIST. | TERRITORY | OUR ORDER NO. | CUST. ORDER NO. AND DATE |
|---|---|---|---|---|---|---|
| 1-031-035 | | 657 651 511 | | | | PI 6-13-72 |

SHIPPED FROM: NEW CASTLE    CAR. NO.

BILL OF LADING NO. CHECKED 7-125

**ATLAS PLASTERING**
80 E. 123RD. ST.
CLEVELAND, OHIO 44106

SHIP TO: SAME
LOCAL 310 LABOR UNION HALL
EAST 32ND & ENGLID AVE.
CLEVELAND, OHIO

| QUANTITY ORDERED | DESCRIPTION | | UNIT PRICE | AMOUNT |
|---|---|---|---|---|
| 125 | BAGS MONO KOTE MK-3 | 41-06-01-1-19 | 2.40 | 300.00 |
| | PLUS 4½% SALES TAX.......... | | | 13.50 |
| | PLUS FREIGHT CHARGE.......... | | | 23.48 |
| | | | | 336.98 |

$316.00

☐ CASH DISCOUNT ALLOWED IF PAID BY    6-30-72
☐ NO CASH DISCOUNT - NET 30 DAYS

PLEASE MAKE ALL REMITTANCES PAYABLE TO CONSTRUCTION PRODUCTS DIVISION, W. R. GRACE & CO.
THIS ORDER IS SCHEDULED FOR SHIP▮T ON OR ABOUT



## **Exhibit G**

Claim No. 11133

K&E 10124600.7

# WR Grace

Property Damage

Index Sheet

SR00000616

| Claim Number: | 00011133 | Receive Date: | 03/31/2003 |

## Multiple Claim Reference

Claim Number _____

- ☐ MMPOC — Medical Monitoring Claim Form
- ☐ PDPOC — Property Damage
- ☐ NAPO — Non-Asbestos Claim Form
- ☐ Amended

Claim Number _____

- ☐ MMPOC — Medical Monitoring Claim Form
- ☐ PDPOC — Property Damage
- ☐ NAPO — Non-Asbestos Claim Form
- ☐ Amended

## Attorney Information

| Firm Number: | 00131 | Firm Name: | Speights & Runyan |
| Attorney Number: | 00168 | Attorney Name: | Amanda G Steinmeyer |

Zip Code: 29924

Cover Letter Location Number: SR00000616

| Attachments Medical Monitoring | Attachments Property Damage | Non-Asbestos |
|---|---|---|
| ☐ TBD | ☐ TBD | ☐ Other Attachments |
| ☐ TBD | ☐ TBD | |
| ☐ TBD | ☐ TBD | |
| ☐ TBD | ☐ TBD | |
| ☐ TBD | ☐ TBD | |
| | ☒ Other Attachments | |

**Other**

- ☐ Non-Standard Form
- ☐ Amended
- ☐ Post-Deadline Postmark Date

Box/Batch: WRPD0013/WRPD0049          Document Number: WRPD002449

# PART 1: CLAIMING PARTY INFORMATION

**NAME:**

ABBEVILLE HOSPITAL

*Name of individual claimant (first, middle and last name) or business claimant*

**SOCIAL SECURITY NUMBER (Individual Claimants):**

*(last four digits of SSN)*

**F.E.I.N. (Business Claimants)**

**Other names by which claiming party has been known (such as maiden name or married name):**

*First*    *MI*    *Last*

*First*    *MI*    *Last*

**GENDER:** ☐ MALE ☐ FEMALE

**Mailing Address:**

*Street Address*

*City*    *State (Province)*    *Zip Code (Postal Code)*

*Country*

# PART 2: ATTORNEY INFORMATION

**The claiming party's attorney, if any (You do not need an attorney to file this form):**

**Law Firm Name:**

SPEIGHTS & RUNYAN

**Name of Attorney:**

AMANDA   G STEINMEYER

*First*    *MI*    *Last*

**Mailing Address:**

P O BOX 685 - 200 JACKSON AVENUE EAST

*Street Address*

HAMPTON

*City*    SC    29924

*State (Province)*    *Zip Code (Postal Code)*

**Telephone:**

(803) 943-4444

*Area Code*

**REC'D MAR 3 1 2003**

9276101

WR Grace   PD.13.49.2449
00011133
SR=616

**SERIAL #**

## PART 3: PROPERTY INFORMATION

### A. Real Property For Which A Claim Is Being Asserted

1. What is the address of the real property for which a claim is being asserted (referred to herein as "the property")?

Street Address

**ABBEVILLE**
City

**LA**
State (Province)

Zip Code (Postal Code)

**UNITED STATES**
Country

2. Are you completing an Asbestos Property Damage Proof of Claim Form for any other real property other than the one listed at "1" above?

☐ Yes    ☒ No

3. Do you currently own the property listed in Question 1, above?

☒ Yes    ☐ No

4. When did you purchase the property?    ☐☐ - ☐☐ - **1966**
Month    Day    Year

5. What is the property used for (check all that apply)
☐ Owner occupied residence
☐ Residential rental
☒ Commercial
☐ Industrial    Specify:
☐ Other    Specify:

6. How many floors does the property have?    ☐☐    UNKNOWN

7. What is the approximate square footage of the property?    ☐☐☐☐☐☐    UNKNOWN

8. When was the property built?
☒ Before 1969
☐ 1969 - 1973
☐ After 1973

9. What is the structural support of the property?
☐ Wood frame
☐ Structural concrete
☐ Brick
☒ Steel beam/girder
☐ Other    Specify:

10. Have you or has someone on your behalf completed any interior renovations on the property which affected any asbestos on the property?

☒ Yes    ☐ No

9 2 7 6 | 0 2

**SERIAL #**

**A.** **Real Property For Which A Claim Is Being Asserted (continued)**

If yes, please specify the dates and description of such renovations.

| | Description | MULTIPLE RENOVATIONS OVER VARIOUS YEARS |
*Year*

| | Description | |
*Year*

| | Description | |
*Year*

11. To the best of your knowledge, have any other interior renovations been completed on the property during any other period of time which affected any asbestos on the property?

☒ Yes        ☐ No

If yes, please specify the dates and descriptions of such renovations.

| | Description | MULTIPLE RENOVATIONS OVER VARIOUS YEARS |
*Year*

| | Description | |
*Year*

| | Description | |
*Year*

**B.** **Claim Category**

12. For which category are you making a claim on the property?

☒ Category 1:  Allegation with respect to asbestos from a Grace product in the property

☐ Category 2:  Allegation with respect to one of Grace's vermiculite mining, milling or processing operations

• If you checked Category 1 in question 12, complete section C.
• If you checked Category 2 in question 12, complete section D.

**C.** **Category 1 Claim:  Allegation With Respect To Asbestos From A Grace Product In The Property**

13. For what alleged asbestos-containing product(s) are you making a claim?

☒ Monokote-3 fireproofing insulation

☐ Other     Specify: |

(For a list of the brand names under which Grace manufactured products that may have contained commercially added asbestos, see Exhibit 2 to the Claims Bar Date Notice provided with this Proof of Claim Form.)

14. When did you or someone on your behalf install the asbestos containing product(s) in the property?

| | ☒ I did not install the product(s)
*Year*

15. If you or someone on your behalf did not install the asbestos containing product(s), to the best of your knowledge, when was/were the product(s) installed?

| 1 | 9 | 6 | 6 |     ☐ Don't know.
*Year*

SERIAL #

16. Do you have documentation relating to the purchase and/or installation of the product in the property?

☒ Yes        ☐ No

If Yes, attach all such documents. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

17. If you do not have any such documents, explain why not and indicate who may have possession or control of such documents with respect to the property.

```
NOT APPLICABLE
```

18. When did you first know of the presence of asbestos in the property of the Grace product for which you are making this claim?

```
2003
```
Year

Please attach all documents relating or referring to the presence of asbestos in the property for which you are making this claim. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

19. How did you first learn of the presence of asbestos in the property of the Grace product for which you are making this claim?

```
SEE ATTACHED
```

20. When did you first learn that the Grace product for which you are making this claim contained asbestos?

```
2003
```
Year

21. How did you first learn that the Grace product for which you are making the claim contained asbestos?

```
SEE ATTACHED
```

22. Have you or someone on your behalf made an effort to remove, contain and/or abate the Grace product for which you are making this claim?

☒ Yes        ☐ No

If Yes, attach all documents relating or referring to such efforts. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

23. If you do not have any such documents, explain why not and indicate who may have possession and control of such documents with respect to the property.

```
SEE ATTACHED
```

24. If you or someone on your behalf did not make an effort to remove, contain and/or abate the Grace product(s) for which you are making a claim, to the best of your knowledge, did anyone else make such an effort?

☒ Yes        ☐ No

9276104                                    **SERIAL #⌐**

25. If you responded Yes to question 22. or 24. and you have not supplied documents, please specify the dates and descriptions of any such efforts.

|  | Description | VARIOUS YEARS, NUMEROUS PROJECTS |
| --- | --- | --- |
| *Year* | | |
|  | Description | |
| *Year* | | |
|  | Description | |
| *Year* | | |

26. Have you or anyone on your behalf ever conducted any testing or sampling for the presence of asbestos or other particulates in the property?

☒ Yes      ☐ No      | If Yes, Attach All Documents Related To Any Testing Of The Property. |

27. If you responded Yes to question 26., but you have not provided documents, indicate who may have possession or control of such testing documents or where such documents may be located.

SEE ATTACHED

28. If you or someone on your behalf did not conduct any testing or sampling for the presence of asbestos or other particulates on the property, to the best of your knowledge, did anyone else conduct such testing or sampling with respect to the property?

☐ Yes      ☐ No   NOT APPLICABLE

29. If you responded Yes to question 26. or 28. and you have not supplied related documents, please describe when and by whom the type of testing and/or sampling (e.g. air, bulk and dust sampling).

|  | Company/Individual | VARIOUS YEARS, NUMEROUS SAMPLES |
| --- | --- | --- |
| *Year* | Type of testing: | |
|  | Company/Individual | |
| *Year* | Type of testing: | |
|  | Company/Individual | |
| *Year* | Type of testing: | |

30. Has the Grace product or products for which you are making this claim ever been modified and/or disturbed?

☒ Yes      ☐ No

31. If yes, specify when and in what manner the Grace product or products was modified and/or disturbed?

|  | Description | AFFECTED BY NUMEROUS CUSTODIAL AND MAINTENANCE ACTIVITIES AND RENOVATIONS. |
| --- | --- | --- |
| *Year* | | |
|  | Description | |
| *Year* | | |
|  | Description | |
| *Year* | | |

**9276105**                                         **SERIAL #**

# W.R. Grace & Co.

# Asbestos Property Damage

# (9276)

# Proof of Claim Form

# Missing Page

1        2        3        4        5

(6)    (7)    (8)    9    10

# PART 4: ASBESTOS LITIGATION AND CLAIMS

## A. INTRODUCTION

1. Has any asbestos-related property damage lawsuit or claim been filed against Grace on behalf of this claiming party relating to the property for which you are making this claim?

   ☐ No
   ☒ Yes – lawsuit
   ☐ Yes – non-lawsuit claim (other than a workers' compensation claim)

2. Has any asbestos-related property damage lawsuit or claim been filed against any other party on behalf of this claiming party relating to the property for which you are making this claim?

   ☐ No
   ☒ Yes – lawsuit
   ☐ Yes – non-lawsuit claim (other than a workers' compensation claim)

   *If an asbestos-related property damage lawsuit has been filed by or on behalf of this claiming party relating to the property for which you are making a claim, complete Section B. below.*

   *If an asbestos-related property damage non-lawsuit claim has been made by or on behalf of this claiming party relating to the property for which you are making a claim, complete Section C. on the following page.*

## B. LAWSUITS

1. Please provide the following information about each asbestos-related property damage lawsuit which has been filed relating to the property for which you are making this claim or attach a copy of the face page of each complaint filed.

   a. Caption  ANDERSON MEMORIAL HOSPITAL, ON BEHALF OF ITSELF & OTHERS SIMILARLY SITUATED V. W.R. GRACE & COMPANY ET AL.

   b. Court where suit originally filed: HAMPTON SC    Docket No.: 92CP25279
      *County/State*

   c. Date filed: 12 - 23 - 1992
      *Month   Day   Year*

   a. Caption

   b. Court where suit originally filed:    Docket No.:
      *County/State*

   c. Date filed:    -    -
      *Month   Day   Year*

   a. Caption

   b. Court where suit originally filed:    Docket No.:
      *County/State*

   c. Date filed:    -    -
      *Month   Day   Year*

   (Attach additional pages if necessary.)

9276109

## C. NON-LAWSUIT CLAIMS

1. If the claiming party has made any claims relating to the property for which you are making a claim (including administrative claims) against anyone, that was not filed with a court of law, please provide the following information for each claim:

   a. Description of claim:

   b. Date submitted:
      Month   Day   Year

   c. Name of entity to whom claim was submitted:
      ☐ Grace
      ☐ Other
      *Name of Entity*

---

   a. Description of claim:

   b. Date submitted:
      Month   Day   Year

   c. Name of entity to whom claim was submitted:
      ☐ Grace
      ☐ Other
      *Name of Entity*

---

   a. Description of claim:

   b. Date submitted:
      Month   Day   Year

   c. Name of entity to whom claim was submitted:
      ☐ Grace
      ☐ Other
      *Name of Entity*

## PART 5:  SIGNATURE PAGE

All claims must be signed by the claiming party.

I have reviewed the information submitted on this proof of claim form and all documents submitted in support of my claim. I declare, under penalty of perjury,* that the above statements are true, correct, and not misleading.

CONSENT TO RELEASE OF RECORDS AND INFORMATION:  To the extent that I have produced a summary rather than the documents themselves as requested above or indicated who has possession and control of certain documents, I hereby authorize and request that all other parties with custody of any documents or information concerning my property damage or the information contained in this Form, upon the reasonable request of Grace or Grace's representative, with a copy to the claiming party, disclose any and all records to Grace or to Grace's representative.

SIGNATURE OF CLAIMANT  AMANDA G. STEINMEYER

0 3 - 3 0 - 2 0 0 3
Month   Day   Year

*The penalty for presenting a fraudulent claim is a fine up to $500,000.00 or imprisonment up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

9276110

SERIAL #

Copyright © 2002 NCS Pearson, Inc.   All rights reserved.

**Response to Question 19:** Through this bankruptcy process.

**Response to Question 21:** Refer to Question 19 Response.

**Response to Question 23:** Taken literally, Question 22 seeks all documents relating to not only the removal, enclosure and encapsulation, but operations and maintenance documents which attempt to contain contamination from Grace's product. There is insufficient time to locate all such documents that might be called for in Question 22. To the extent that such documents have not been destroyed in the ordinary course of business, they may exist in the files or dead storage of many persons involved with such projects. Before undertaking an effort of this magnitude, Claimant would like to work with Grace to understand exactly what it is that Grace is seeking and whether Claimant can easily accommodate that request.

**Response to Question 27:** As Claimant understands Question 26, Grace seeks all documents of every kind and description not only related to the testing or sampling for the presence of asbestos, including samples taken during any abatement projects, as well as all samples related to any other particulates, including, by way of example only, all silicates, lead dust and other metal dust, beta glucans, etc. Such documents, to the extent they exist, may not only be in the possession of Claimant, but a number of third party contractors and/or consultants as well. Before undertaking the search for all of these documents, Claimant wishes to discuss this matter with Grace and obtain a clarification.



AREA CODE 312 | CENTRAL 6-3883 · CABLE ADDRESS "ZONOCO" CHICAGO, IL

# ZONOLITE

## DIVISION W. R. GRACE & CO.

135 SOUTH LA SALLE
CHICAGO, ILLINOIS 6

MINERS AND MANUFACTURERS OF VERMICULITE PRODUCTS

October 4, 1966

Mr. C. R. Lowe
Zonolite Division
W. R. Grace & Co.
P. O. Box 8127, Station F
Atlanta, Georgia  30306

Subject:  Mono-Kote Job List

Dear Cort:

We are seeking to publish a partial list of Mono-Kote
Fireproofing Jobs around the country, for use in
soliciting other business for fireproofing.

Attached is a partial list submitted to us previously
for your area, listing some of the more prominent
fireproofing applications.

Will you please check the list for spelling, accuracy,
etc.  If you want to make additions, please do so.
The results will be used in a published job list of
partial installations.

We would appreciate a reply from you by October 24.

Very truly yours,

ZONOLITE DIVISION
W. R. Grace & Co.

Philip R. Strand
Advertising Manager

PRS/rab
Encl.

## DISTRIBUTION LIST

R. L. Asher - Zono/Boca Raton Poly.
C. R. Babb
P. P. Benditz
E. D. Bossier - Zono/New Orleans
W. J. Bourke - Zono/Chicago Plant
R. K. Burnham - Ari-Zonolite
N. T. Burns - Zono/Beltsville (Muirkirk)
Norm Bushell - Grant Industries
R. F. Chaney
J. Cintani - Zono/Trenton
W. V. Culver - Zono/Auburn
A. W. Dambros - Zono/Los Angeles Office
R. O. de Bastian - Zono/St. Louis
W. T. Dingler - Zono/Denver
R. E. Dunham - Zono/Minneapolis Office
P. P. Farrell
R. A. Feddeck
W. A. Garrison
Floyd Gebert - Robinson Insulation Co.
D. G. Gehring - Zono/Milwaukee
W. G. Gray - Zono/Dearborn
J. H. Greer - Vermiculite Products, Inc.
C. W. Guenther
R. G. Hartman - Zono/New Castle
R. Hodges
L. P. Hollis, Jr. - Zono/High Point
L. K. Irvine - Vermiculite-Intermountain, Inc.
R. P. Johnson
R. C. LaRue
C. R. Lowe - Zono/Atlanta Verm. **THIS COPY FOR**
Jack Lyall - Southwest Vermiculite Co.
A. H. Mann - Zono/Minneapolis Plant
J. N. McDougall - Zono/Omaha
J. A. McEachern - Zono/St. Louis
J. R. McLeod - Zono/Atlanta Verm.
E. E. Miller - Zono/Dearborn
V. G. Monroe - Zono/Wilders
R. B. Moran - Texas Vermiculite Co.
N. R. Moss - Zono/High Point
D. D. Nigh - Zono/Los Angeles Plant
J. C. Ottinger
T. W. Pickthall - Zono/Newark, Calif.
P. F. Riegner
G. W. Schwartz
S. J. Sheeran
R. F. Spencer
G. R. Taylor - Zono/Little Rock
J. S. Titus - Zono/Trenton
E. VanVliet
Drew Webster - F. Hyde & Co., Ltd.
C. H. Wendel - Zono/Los Angeles Office
L. A. White - Zono/Nashville

## MONO-KOTE JOBS

STATE - Louisiana

| Job Name & Location | Architect & Location | Fireproofing Contractor & Location |
|---|---|---|
| Martin Hall University of Southwest Louisiana Lafayette, La. | Perry Segura & Assoc. New Iberia, La. | J. W. Delahousaeye & Sons, Inc. Lafayette, La. |
| Lady of Lourdes Hospital Addition Lafayette, La. | Lagroue & Perkins AIA Lafayette, La. | " |
| Lafayette Memorial Hosp. Lafayette, La. | Perry Segura & Assoc. Lafayette, La. | " |
| Monteleone Hotel New Orleans, La. | Bernard & Bernard Architects New Orleans, La. | Belou & Co. New Orleans, La. |
| Abbeville Hospital Abbeville, La. | Perry Segura & Assoc. Lafayette, La. | The Bolton Co. Baton Rouge, La. |
| Earl L. Long Charity Hosp. Baton Rouge, La. | " | |

*Is this job cleared for advertising?

# **Exhibit H**

Claim No. 10877

# WR Grace
## Property Damage
### Index Sheet

SR00000617

Claim Number:    00010877                    Receive Date:    03/31/2003

---

## Multiple Claim Reference

Claim Number    _____    ☐ MMPOC    Medical Monitoring Claim Form

☐ PDPOC    Property Damage

☐ NAPO    Non-Asbestos Claim Form

☐        Amended

Claim Number    _____    ☐ MMPOC    Medical Monitoring Claim Form

☐ PDPOC    Property Damage

☐ NAPO    Non-Asbestos Claim Form

☐        Amended

---

## Attorney Information

Firm Number:    00131          Firm Name:    Speights & Runyan

Attorney Number:    00168          Attorney Name:    Amanda G Steinmeyer

Zip Code:    29924

Cover Letter Location Number:    SR00000617

| Attachments Medical Monitoring | Attachments Property Damage | Non-Asbestos |
|---|---|---|
| ☐ TBD | ☐ TBD | ☐ Other Attachments |
| ☐ TBD | ☐ TBD | |
| ☐ TBD | ☐ TBD | |
| ☐ TBD | ☐ TBD | |
| ☐ TBD | ☐ TBD | |
| | ☒ Other Attachments | |

| Other | ☐ Non-Standard Form | |
|---|---|---|
| | ☐ Amended | |
| | ☐ Post-Deadline Postmark Date | |

---

## PART 1: CLAIMING PARTY INFORMATION

**NAME:**

CAROLINA DRYWALL INSURANCE COMPANY

*Name of individual claimant (first, middle and last name) or business claimant*

**SOCIAL SECURITY NUMBER (Individual Claimants):**

*(last four digits of SSN)*

**F.E.I.N. (Business Claimants)**

**Other names by which claiming party has been known (such as maiden name or married name):**

*First*     *MI*     *Last*

*First*     *MI*     *Last*

**GENDER:** ☐ MALE    ☐ FEMALE

**Mailing Address:**

*Street Address*

*City*      *State (Province)*    *Zip Code (Postal Code)*

*Country*

## PART 2: ATTORNEY INFORMATION

**The claiming party's attorney, if any (You do not need an attorney to file this form):**

**Law Firm Name:**

SPEIGHTS & RUNYAN

**Name of Attorney:**

AMANDA    *First*    G   *MI*    STEINMEYER   *Last*

**Mailing Address:**

P O BOX 685 - 200 JACKSON AVENUE EAST

*Street Address*

HAMPTON    *City*      SC   *State (Province)*   29924   *Zip Code (Postal Code)*

**Telephone:**

(803) 943-4444

*Area Code*

REC'D MAR 3 1 2003    WR Grace    PD.11.44.2195
                                00010877
                           SR=617

9276101                     **SERIAL #**

# PART 3: PROPERTY INFORMATION

## A. Real Property For Which A Claim Is Being Asserted

1. What is the address of the real property for which a claim is being asserted (referred to herein as "the property")?

*Street Address*

CHARLESTON

*City*

SC  *State (Province)*

29407  *Zip Code (Postal Code)*

UNITED STATES

*Country*

2. Are you completing an Asbestos Property Damage Proof of Claim Form for any other real property other than the one listed at "1" above?

☐ Yes    ☒ No

3. Do you currently own the property listed in Question 1, above?

☒ Yes    ☐ No

4. When did you purchase the property?

☐☐ - ☐☐ - 1973
*Month   Day   Year*

5. What is the property used for (check all that apply)
   ☐ Owner occupied residence
   ☐ Residential rental
   ☒ Commercial
   ☐ Industrial    Specify: _____
   ☐ Other    Specify: _____

6. How many floors does the property have?    ☐☐    UNKNOWN

7. What is the approximate square footage of the property?    ☐☐☐☐☐☐☐    UNKNOWN

8. When was the property built?
   ☐ Before 1969
   ☒ 1969 - 1973
   ☐ After 1973

9. What is the structural support of the property?
   ☐ Wood frame
   ☐ Structural concrete
   ☐ Brick
   ☒ Steel beam/girder
   ☐ Other    Specify: _____

10. Have you or has someone on your behalf completed any interior renovations on the property which affected any asbestos on the property?

   ☒ Yes    ☐ No

9276102

SERIAL #

**A.** **Real Property For Which A Claim Is Being Asserted (continued)**

If yes, please specify the dates and description of such renovations.

| | | | |
|---|---|---|---|
| Year | Description | MULTIPLE RENOVATIONS OVER VARIOUS YEARS | |
| Year | Description | | |
| Year | Description | | |

11. To the best of your knowledge, have any other interior renovations been completed on the property during any other period of time which affected any asbestos on the property?

☒ Yes    ☐ No

If yes, please specify the dates and descriptions of such renovations.

| | | | |
|---|---|---|---|
| Year | Description | MULTIPLE RENOVATIONS OVER VARIOUS YEARS | |
| Year | Description | | |
| Year | Description | | |

**B.** **Claim Category**

12. For which category are you making a claim on the property?

☒ Category 1:  Allegation with respect to asbestos from a Grace product in the property

☐ Category 2:  Allegation with respect to one of Grace's vermiculite mining, milling or processing operations

• **If you checked Category 1 in question 12, complete section C.**
• **If you checked Category 2 in question 12, complete section D.**

**C.** **Category 1 Claim:  Allegation With Respect To Asbestos From A Grace Product In The Property**

13. For what alleged asbestos-containing product(s) are you making a claim?

☐ Monokote-3 fireproofing insulation

☒ Other    Specify: PERTEX SUPER 40 COARSE

(For a list of the brand names under which Grace manufactured products that may have contained commercially added asbestos, see Exhibit 2 to the Claims Bar Date Notice provided with this Proof of Claim Form.)

14. When did you or someone on your behalf install the asbestos containing product(s) in the property?

| | |
|---|---|
| Year | ☒ I did not install the product(s) |

15. If you or someone on your behalf did not install the asbestos containing product(s), to the best of your knowledge, when was/were the product(s) installed?

| 1 | 9 | 7 | 3 |
|---|---|---|---|
Year    ☐ Don't know.

9 2 7 6 1 0 3

SERIAL #

16. Do you have documentation relating to the purchase and/or installation of the product in the property?

☒ Yes       ☐ No

If Yes, attach all such documents. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

17. If you do not have any such documents, explain why not and indicate who may have possession or control of such documents with respect to the property.

```
NOT APPLICABLE
```

18. When did you first know of the presence of asbestos in the property of the Grace product for which you are making this claim?

2003
Year

Please attach all documents relating or referring to the presence of asbestos in the property for which you are making this claim. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

19. How did you first learn of the presence of asbestos in the property of the Grace product for which you are making this claim?

```
SEE ATTACHED
```

20. When did you first learn that the Grace product for which you are making this claim contained asbestos?

2003
Year

21. How did you first learn that the Grace product for which you are making the claim contained asbestos?

```
SEE ATTACHED
```

22. Have you or someone on your behalf made an effort to remove, contain and/or abate the Grace product for which you are making this claim?

☒ Yes       ☐ No

If Yes, attach all documents relating or referring to such efforts. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

23. If you do not have any such documents, explain why not and indicate who may have possession and control of such documents with respect to the property.

```
SEE ATTACHED
```

24. If you or someone on your behalf did not make an effort to remove, contain and/or abate the Grace product(s) for which you are making a claim, to the best of your knowledge, did anyone else make such an effort?

☒ Yes       ☐ No

9276104                                    SERIAL #⌋

25. If you responded Yes to question 22. or 24. and you have not supplied documents, please specify the dates and descriptions of any such efforts.

| Year | Description | VARIOUS YEARS, NUMEROUS PROJECTS |

| Year | Description | |

| Year | Description | |

26. Have you or anyone on your behalf ever conducted any testing or sampling for the presence of asbestos or other particulates in the property?

☒ Yes     ☐ No     **If Yes, Attach All Documents Related To Any Testing Of The Property.**

27. If you responded Yes to question 26., but you have not provided documents, indicate who may have possession or control of such testing documents or where such documents may be located.

SEE ATTACHED

28. If you or someone on your behalf did not conduct any testing or sampling for the presence of asbestos or other particulates on the property, to the best of your knowledge, did anyone else conduct such testing or sampling with respect to the property?

☐ Yes     ☐ No   NOT APPLICABLE

29. If you responded Yes to question 26. or 28. and you have not supplied related documents, please describe when and by whom and the type of testing and/or sampling (e.g. air, bulk and dust sampling).

| Year | Company/Individual | VARIOUS YEARS, NUMEROUS SAMPLES |
| | Type of testing: | |

| Year | Company/Individual | |
| | Type of testing: | |

| Year | Company/Individual | |
| | Type of testing: | |

30. Has the Grace product or products for which you are making this claim ever been modified and/or disturbed?

☒ Yes     ☐ No

31. If yes, specify when and in what manner the Grace product or products was modified and/or disturbed?

| Year | Description | AFFECTED BY NUMEROUS CUSTODIAL AND MAINTENANCE ACTIVITIES AND RENOVATIONS. |

| Year | Description | |

| Year | Description | |

# W.R. Grace & Co.

# Asbestos Property Damage

# (9276)

# Proof of Claim Form

# Missing Page

1        2        3        4        5

(6)      (7)      (8)      9        10

# PART 4:  ASBESTOS LITIGATION AND CLAIMS

## A. INTRODUCTION

1. Has any asbestos-related property damage lawsuit or claim been filed against Grace on behalf of this claiming party relating to the property for which you are making this claim?

   ☐ No
   ☒ Yes – lawsuit
   ☐ Yes – non-lawsuit claim (other than a workers' compensation claim)

2. Has any asbestos-related property damage lawsuit or claim been filed against any other party on behalf of this claiming party relating to the property for which you are making this claim?

   ☐ No
   ☒ Yes – lawsuit
   ☐ Yes – non-lawsuit claim (other than a workers' compensation claim)

   *If an asbestos-related property damage lawsuit has been filed by or on behalf of this claiming party relating to the property for which you are making a claim, complete Section B. below.*

   *If an asbestos-related property damage non-lawsuit claim has been made by or on behalf of this claiming party relating to the property for which you are making a claim, complete Section C. on the following page.*

## B. LAWSUITS

1. Please provide the following information about each asbestos-related property damage lawsuit which has been filed relating to the property for which you are making this claim or attach a copy of the face page of each complaint filed.

   a. Caption  ANDERSON MEMORIAL HOSPITAL, ON BEHALF OF ITSELF & OTHERS SIMILARLY SITUATED V. W.R. GRACE & COMPANY ET AL

   b. Court where suit originally filed:  HAMPTON SC     Docket No.: 92CP25279
      *County/State*

   c. Date filed:  12 - 23 - 1992
      *Month   Day   Year*

   a. Caption

   b. Court where suit originally filed:        Docket No.:
      *County/State*

   c. Date filed:    -   -
      *Month   Day   Year*

   a. Caption

   b. Court where suit originally filed:        Docket No.:
      *County/State*

   c. Date filed:    -   -
      *Month   Day   Year*

   (Attach additional pages if necessary.)

9276109                                    SERIAL #⌐

## C. NON-LAWSUIT CLAIMS ▪

1. If the claiming party has made any claims relating to the property for which you are making a claim (including administrative claims) against anyone, that was not filed with a court of law, please provide the following information for each claim:

a. Description of claim: [                                                                                    ]

b. Date submitted: [ | ] – [ | ] – [ | | | ]   ▪
           *Month*  *Day*  *Year*

c. Name of entity to whom claim was submitted:
   ☐ Grace
   ☐ Other [                                                                        ]
          *Name of Entity*

---

a. Description of claim: [                                                                                    ]

b. Date submitted: [ | ] – [ | ] – [ | | | ]
           *Month*  *Day*  *Year*              ▪

c. Name of entity to whom claim was submitted:
   ☐ Grace
   ☐ Other [                                                                        ]
          *Name of Entity*

---

a. Description of claim: [                                                                                    ]

b. Date submitted: [ | ] – [ | ] – [ | | | ]
           *Month*  *Day*  *Year*

c. Name of entity to whom claim was submitted:
   ☐ Grace
   ☐ Other [                                                                        ]
          *Name of Entity*

---

## PART 5: SIGNATURE PAGE

All claims must be signed by the claiming party.

I have reviewed the information submitted on this proof of claim form and all documents submitted in support of my claim. I declare, under penalty of perjury,* that the above statements are true, correct, and not misleading.

CONSENT TO RELEASE OF RECORDS AND INFORMATION: To the extent that I have produced a summary rather than the documents themselves as requested above or indicated who has possession and control of certain documents, I hereby authorize and request that all other parties with custody of any documents or information concerning my property damage or the information contained in this Form, upon the reasonable request of Grace or Grace's representative, with a copy to the claiming party, disclose any and all records to Grace or to Grace's representative.

[ 0 3 ] – [ 3 0 ] – [ 2 0 0 3 ]
            *Month*  *Day*   *Year*

SIGNATURE OF CLAIMANT  AMANDA G. STEINMEYER

*The penalty for presenting a fraudulent claim is a fine up to $500,000.00 or imprisonment up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

9276110

SERIAL #⌐

Copyright © 2002 NCS Pearson, Inc.  All rights reserved.

**Response to Question 17:** The Claimant understands Question 16 to ask for the existence of historical documents demonstrating that Grace's asbestos-containing product was purchased and/or installed in the property. As indicated in its response, the Claimant does not know of any such specific documents at this time. The Claimant assumes that there would have been a large number of original construction documents, including drawings and specifications, which, if not destroyed in the ordinary course of business, might possibly be found at a number of storage facilities, including those under the control of various persons involved with the design and construction of the property and the sale and installation of products in the property. In addition, this claim is based upon an assertion that debtors manufactured or sold products containing asbestos that are or were present in this property and/or all other theories of liability that are allowed by law including but not limited to conspiracy and fraudulent transfer. Moreover, Claimant believes Grace itself may be in control of supporting documentation, or other supporting information, regarding whom Grace or their salesmen sold their products to, and Claimant may need documentation or discovery from Grace on this issue. Claimant does not waive any rights, but is willing to discuss this matter with Grace if it believes Claimant's response is insufficient.

**Response to Question 19:** Through this bankruptcy process.

**Response to Question 21:** Refer to Question 17 Response.

**Response to Question 23:** Taken literally, Question 22 seeks all documents relating to not only the removal, enclosure and encapsulation, but operations and maintenance documents which attempt to contain contamination from Grace's product. There is insufficient time to locate all such documents that might be called for in Question 22. To the extent that such documents have not been destroyed in the ordinary course of business, they may exist in the files or dead storage of many persons involved with such projects. Before undertaking an effort of this magnitude, Claimant would like to work with Grace to understand exactly what it is that Grace is seeking and whether Claimant can easily accommodate that request.

**Response to Question 27:** As Claimant understands Question 26, Grace seeks all documents of every kind and description not only related to the testing or sampling for the presence of asbestos, including samples taken during any abatement projects, as well as all samples related to any other particulates, including, by way of example only, all silicates, lead dust and other metal dust, beta glucans, etc. Such documents, to the extent they exist, may not only be in the possession of Claimant, but a number of third party contractors and/or consultants as well. Before undertaking the search for all of these documents, Claimant wishes to discuss this matter with Grace and obtain a clarification.

W. R. GRACE & CO.

**GRACE**

**INVOICE**
# ZONOLITE
CONSTRUCTION PRODUCTS DIVISION
62 WHITTEMORE AVE., CAMBRIDGE, MASS. 02140

PLEASE REMIT
WITH COPY OF INVOICE
TO:
P.O. BOX 96160
CHICAGO, ILLINOIS 60693

SHIPPED 7-6-73

| INVOICE DATE | INVOICE NO. | LOCATION | PLANT | DIST. | TERRITORY | OUR ORDER NUMBER | CUST. ORDER NO. AND DATE |
|---|---|---|---|---|---|---|---|
| 7-13-73 | 16-060 | 6-939-019 | 616 | 611 | 114 | 10-552 | |

| SHIPPED VIA | | CUSTOMER NO. | SHIPPED FROM | CAR NUMBER | BILL OF LADING NO | CHECKE |
|---|---|---|---|---|---|---|
| OVERNITE TRANS. CO. | | 05146 | KEARNEY | M/C | 7-124 | |

D - U - N - S 04 - 827 - 2637

SOLD TO

CAROLINA DRYWALL INS. CO.
P. O. BOX 3634
CHARLESTON, S. C. 29407

SHIP TO   SAME

| QUANTITY ORDERED | QUANTITY SHIPPED | DESCRIPTION | UNIT PRICE | AMOUNT |
|---|---|---|---|---|
| 100 | 100 | BAGS PERLTEX SUPER 40 COA. (41-08-36-1-18) | 3.85 | $ 385.00 |
| | | PLUS 4% SALES TAX | | 15.40 |
| | | | | $ 400.40 |

30086795

X  $ 7.70 ___ CASH DISCOUNT ALLOWED IF PAID BY ___ 7-23-

___ NO CASH DISCOUNT   NET 30 DAYS   141536

**Exhibit I**

Claim No. 11086 ("ZOO Job Claim")

# WR Grace

## Property Damage

### Index Sheet

SR00000616

Claim Number:    00011086

Receive Date:    03/31/2003

## Multiple Claim Reference

Claim Number    _____

- [ ] MMPOC    Medical Monitoring Claim Form
- [ ] PDPOC    Property Damage
- [ ] NAPO    Non-Asbestos Claim Form
- [ ]    Amended

Claim Number    _____

- [ ] MMPOC    Medical Monitoring Claim Form
- [ ] PDPOC    Property Damage
- [ ] NAPO    Non-Asbestos Claim Form
- [ ]    Amended

## Attorney Information

Firm Number:    00131            Firm Name:    Speights & Runyan

Attorney Number:    00168        Attorney Name:    Amanda G Steinmeyer

Zip Code:    29924

Cover Letter Location Number:    SR00000616

| Attachments Medical Monitoring | Attachments Property Damage | Non-Asbestos |
|---|---|---|
| [ ] TBD | [ ] TBD | [ ] Other Attachments |
| [ ] TBD | [ ] TBD | |
| [ ] TBD | [ ] TBD | |
| [ ] TBD | [ ] TBD | |
| [ ] TBD | [ ] TBD | |
| | [x] Other Attachments | |
| **Other** | [ ] Non-Standard Form | |
| | [ ] Amended | |
| | [ ] Post-Deadline Postmark Date | |

## PART 1: CLAIMING PARTY INFORMATION

NAME:

ZOO JOB

*Name of individual claimant (first, middle and last name) or business claimant*

SOCIAL SECURITY NUMBER (Individual Claimants):

*(last four digits of SSN)*

F.E.I.N. (Business Claimants)

Other names by which claiming party has been known (such as maiden name or married name):

*First*    MI    *Last*

*First*    MI    *Last*

GENDER:  ☐ MALE    ☐ FEMALE

Mailing Address:

*Street Address*

*City*    *State (Province)*    *Zip Code (Postal Code)*

*Country*

## PART 2: ATTORNEY INFORMATION

The claiming party's attorney, if any (You do not need an attorney to file this form):

Law Firm Name:

SPEIGHTS & RUNYAN

Name of Attorney:

AMANDA    G    STEINMEYER
*First*    MI    *Last*

Mailing Address:

P O BOX 685 - 200 JACKSON AVENUE EAST
*Street Address*

HAMPTON    SC    29924
*City*    *State (Province)*    *Zip Code (Postal Code)*

Telephone:

(803) 943-4444
*Area Code*

RECD MAR 3 1 2003

9276101

WR Grace    PD.13.49.2402
00011086
SR=616

SERIAL #

## PART 3: PROPERTY INFORMATION

**A.** **Real Property For Which A Claim Is Being Asserted**

1. What is the address of the real property for which a claim is being asserted (referred to herein as "the property")?

*Street Address*

L I T T L E   R O C K
*City*

A R
*State (Province)*

*Zip Code (Postal Code)*

U N I T E D   S T A T E S
*Country*

2. Are you completing an Asbestos Property Damage Proof of Claim Form for any other real property other than the one listed at "1" above?

☐ Yes      ☒ No

3. Do you currently own the property listed in Question 1, above?

☒ Yes      ☐ No

4. When did you purchase the property?

☐ ☐ - ☐ ☐ - 1 9 6 8
Month    Day    Year

5. What is the property used for (check all that apply)?
☐ Owner occupied residence
☐ Residential rental
☒ Commercial
☐ Industrial    Specify:
☐ Other         Specify:

6. How many floors does the property have?    ☐ ☐    UNKNOWN

7. What is the approximate square footage of the property?    U N K N O W N

8. When was the property built?
☒ Before 1969
☐ 1969 - 1973
☐ After 1973

9. What is the structural support of the property?
☐ Wood frame
☐ Structural concrete
☐ Brick
☒ Steel beam/girder
☐ Other    Specify:

10. Have you or has someone on your behalf completed any interior renovations on the property which affected any asbestos on the property?

☒ Yes      ☐ No

**9 2 7 6 1 0 2**

**SERIAL #**

2292276-1 - 2/3

## A. Real Property For Which A Claim Is Being Asserted (continued)

If yes, please specify the dates and description of such renovations.

| Year | Description | MULTIPLE RENOVATIONS OVER VARIOUS YEARS |
| --- | --- | --- |

| Year | Description | |
| --- | --- | --- |

| Year | Description | |
| --- | --- | --- |

11. To the best of your knowledge, have any other interior renovations been completed on the property during any other period of time which affected any asbestos on the property?

☒ Yes    ☐ No

If yes, please specify the dates and descriptions of such renovations.

| Year | Description | MULTIPLE RENOVATIONS OVER VARIOUS YEARS |
| --- | --- | --- |

| Year | Description | |
| --- | --- | --- |

| Year | Description | |
| --- | --- | --- |

## B. Claim Category

12. For which category are you making a claim on the property?

☒ Category 1:   Allegation with respect to asbestos from a Grace product in the property

☐ Category 2:   Allegation with respect to one of Grace's vermiculite mining, milling or processing operations

> • If you checked Category 1 in question 12, complete section C.
> • If you checked Category 2 in question 12, complete section D.

## C. Category 1 Claim:  Allegation With Respect To Asbestos From A Grace Product In The Property

13. For what alleged asbestos-containing product(s) are you making a claim?

☒ Monokote-3 fireproofing insulation

☐ Other       Specify:

(For a list of the brand names under which Grace manufactured products that may have contained commercially added asbestos, see Exhibit 2 to the Claims Bar Date Notice provided with this Proof of Claim Form.)

14. When did you or someone on your behalf install the asbestos containing product(s) in the property?

| | | | |
| --- | --- | --- | --- |

Year          ☒ I did not install the product(s)

15. If you or someone on your behalf did not install the asbestos containing product(s), to the best of your knowledge, when was/were the product(s) installed?

| 1 | 9 | 6 | 8 |
| --- | --- | --- | --- |

Year          ☐ Don't know.

**SERIAL #**

16. Do you have documentation relating to the purchase and/or installation of the product in the property?

☒ Yes    ☐ No

If Yes, attach all such documents. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of the documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

17. If you do not have any such documents, explain why not and indicate who may have possession or control of such documents with respect to the property.

NOT APPLICABLE

18. When did you first know of the presence of asbestos in the property of the Grace product for which you are making this claim?

2003
Year

Please attach all documents relating or referring to the presence of asbestos in the property for which you are making this claim. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

19. How did you first learn of the presence of asbestos in the property of the Grace product for which you are making this claim?

SEE ATTACHED

20. When did you first learn that the Grace product for which you are making this claim contained asbestos?

2003
Year

21. How did you first learn that the Grace product for which you are making the claim contained asbestos?

SEE ATTACHED

22. Have you or someone on your behalf made an effort to remove, contain and/or abate the Grace product for which you are making this claim?

☒ Yes    ☐ No

If Yes, attach all documents relating or referring to such efforts. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

23. If you do not have any such documents, explain why not and indicate who may have possession and control of such documents with respect to the property.

SEE ATTACHED

24. If you or someone on your behalf did not make an effort to remove, contain and/or abate the Grace product(s) for which you are making a claim, to the best of your knowledge, did anyone else make such an effort?

☒ Yes    ☐ No

9276104    SERIAL #⌋

25. If you responded Yes to question 22. or 24. and you have not supplied documents, please specify the dates and descriptions of any such efforts.

| | Description | VARIOUS YEARS, NUMEROUS PROJECTS |
|---|---|---|
| *Year* | | |
| *Year* | Description | |
| *Year* | Description | |

26. Have you or anyone on your behalf ever conducted any testing or sampling for the presence of asbestos or other particulates in the property?

☒ Yes      ☐ No      **If Yes, Attach All Documents Related To Any Testing Of The Property.**

27. If you responded Yes to question 26., but you have not provided documents, indicate who may have possession or control of such testing documents or where such documents may be located.

SEE ATTACHED

28. If you or someone on your behalf did not conduct any testing or sampling for the presence of asbestos or other particulates on the property, to the best of your knowledge, did anyone else conduct such testing or sampling with respect to the property?

☐ Yes      ☐ No   NOT APPLICABLE

29. If you responded Yes to question 26. or 28. and you have not supplied related documents, please describe when and by whom the type of testing and/or sampling (e.g. air, bulk and dust sampling).

| | Company/Individual | VARIOUS YEARS, NUMEROUS SAMPLES |
|---|---|---|
| *Year* | Type of testing: | |
| *Year* | Company/Individual | |
| | Type of testing: | |
| *Year* | Company/Individual | |
| | Type of testing: | |

30. Has the Grace product or products for which you are making this claim ever been modified and/or disturbed?

☒ Yes      ☐ No

31. If yes, specify when and in what manner the Grace product or products was modified and/or disturbed?

| | Description | AFFECTED BY NUMEROUS CUSTODIAL AND MAINTENANCE ACTIVITIES AND RENOVATIONS. |
|---|---|---|
| *Year* | | |
| *Year* | Description | |
| *Year* | Description | |

9276105

**SERIAL #**

# W.R. Grace & Co.

# Asbestos Property Damage

# (9276)

# Proof of Claim Form

# Missing Page

1    2    3    4    5

(6)    (7)    (8)    9    10

## PART 4: ASBESTOS LITIGATION AND CLAIMS

### A. INTRODUCTION

1. Has any asbestos-related property damage lawsuit or claim been filed against Grace on behalf of this claiming party relating to the property for which you are making this claim?

   ☐ No
   ☒ Yes – lawsuit
   ☐ Yes – non-lawsuit claim (other than a workers' compensation claim)

2. Has any asbestos-related property damage lawsuit or claim been filed against any other party on behalf of this claiming party relating to the property for which you are making this claim?

   ☐ No
   ☒ Yes – lawsuit
   ☐ Yes – non-lawsuit claim (other than a workers' compensation claim)

   *If an asbestos-related property damage lawsuit has been filed by or on behalf of this claiming party relating to the property for which you are making a claim, complete Section B. below.*

   *If an asbestos-related property damage non-lawsuit claim has been made by or on behalf of this claiming party relating to the property for which you are making a claim, complete Section C. on the following page.*

### B. LAWSUITS

1. Please provide the following information about each asbestos-related property damage lawsuit which has been filed relating to the property for which you are making this claim or attach a copy of the face page of each complaint filed.

   a. Caption  ANDERSON MEMORIAL HOSPITAL, ON BEHALF OF ITSELF & OTHERS SIMILARLY SITUATED V. W.R. GRACE & COMPANY ET AL.

   b. Court where suit **originally filed:** HAMPTON SC
      *County/State*     Docket No.: 92CP25279

   c. Date filed: 12 - 23 - 1992
      *Month   Day   Year*

   ---

   a. Caption

   b. Court where suit **originally filed:**
      *County/State*     Docket No.:

   c. Date filed: ☐☐ - ☐☐ - ☐☐☐☐
      *Month   Day   Year*

   ---

   a. Caption

   b. Court where suit **originally filed:**
      *County/State*     Docket No.:

   c. Date filed: ☐☐ - ☐☐ - ☐☐☐☐
      *Month   Day   Year*

   (Attach additional pages if necessary.)

9276109                                SERIAL #

## C. NON-LAWSUIT CLAIMS

1. If the claiming party has made any claims relating to the property for which you are making a claim (including administrative claims) against anyone, that was not filed with a court of law, please provide the following information for each claim:

a. Description of claim:

b. Date submitted: ☐☐ - ☐☐ - ☐☐☐☐
   Month  Day  Year

c. Name of entity to whom claim was submitted:
   ☐ Grace
   ☐ Other
   *Name of Entity*

---

a. Description of claim:

b. Date submitted: ☐☐ - ☐☐ - ☐☐☐☐
   Month  Day  Year

c. Name of entity to whom claim was submitted:
   ☐ Grace
   ☐ Other
   *Name of Entity*

---

a. Description of claim:

b. Date submitted: ☐☐ - ☐☐ - ☐☐☐☐
   Month  Day  Year

c. Name of entity to whom claim was submitted:
   ☐ Grace
   ☐ Other
   *Name of Entity*

## PART 5: SIGNATURE PAGE

All claims must be signed by the claiming party.

I have reviewed the information submitted on this proof of claim form and all documents submitted in support of my claim. I declare, under penalty of perjury,* that the above statements are true, correct, and not misleading.

CONSENT TO RELEASE OF RECORDS AND INFORMATION: To the extent that I have produced a summary rather than the documents themselves as requested above or indicated who has possession and control of certain documents, I hereby authorize and request that all other parties with custody of any documents or information concerning my property damage or the information contained in this Form, upon the reasonable request of Grace or Grace's representative, with a copy to the claiming party, disclose any and all records to Grace or to Grace's representative.

SIGNATURE OF CLAIMANT  AMANDA G. STEINMEYER

Date: 03 - 30 - 2003
      Month  Day  Year

*The penalty for presenting a fraudulent claim is a fine up to $500,000.00 or imprisonment up to 5 years, or both.
18 U.S.C. §§ 152 & 3571.

9276110

Copyright © 2002 NCS Pearson, Inc.  All rights reserved.

SERIAL #⌋

**Response to Question 19:** Through this bankruptcy process.

**Response to Question 21:** Refer to Question 19 Response.

**Response to Question 23:** Taken literally, Question 22 seeks all documents relating to not only the removal, enclosure and encapsulation, but operations and maintenance documents which attempt to contain contamination from Grace's product. There is insufficient time to locate all such documents that might be called for in Question 22. To the extent that such documents have not been destroyed in the ordinary course of business, they may exist in the files or dead storage of many persons involved with such projects. Before undertaking an effort of this magnitude, Claimant would like to work with Grace to understand exactly what it is that Grace is seeking and whether Claimant can easily accommodate that request.

**Response to Question 27:** As Claimant understands Question 26, Grace seeks all documents of every kind and description not only related to the testing or sampling for the presence of asbestos, including samples taken during any abatement projects, as well as all samples related to any other particulates, including, by way of example only, all silicates, lead dust and other metal dust, beta glucans, etc. Such documents, to the extent they exist, may not only be in the possession of Claimant, but a number of third party contractors and/or consultants as well. Before undertaking the search for all of these documents, Claimant wishes to discuss this matter with Grace and obtain a clarification.

**GRACE.**

### ZONOLITE DIVISION
### W.R. GRACE & CO.
P.O. BOX 7093 CHICAGO, ILLINOIS 60680

| INVOICE DATE | INVOICE NO. | LOCATION | | PLANT | DIST. | TERRITORY | OUR ORDER NO. | CUST. ORDER NO. AND DATE |
|---|---|---|---|---|---|---|---|---|
| 10/15/68 | 10-686 | 2-003-119 | | 212 | 212 | 122 | | VERBAL |
| SHIPPED VIA | | | | SHIPPED FROM | | CAR NO. | | BILL OF LADING NO.   CHECKED |
| 15818 | CUSTOMERS TRUCK | | | L. ROCK | | | | 10-78 |

S OLD TO   KIRKO, INC.
319 N. GILL ST.
LITTLE ROCK, ARK. K 72205

S HIP TO   ZOO JOB

| QUANTITY ORDERED | QUANTITY SHIPPED | DESCRIPTION | | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|
| | | BAGS INSULATING FILL | (   -01-01-1-02) | | |
| | | BAGS ATTIC INSULATION | (   -01-02-1-04) | | |
| | | BAGS MASONRY FILL | (   -04-01-1-02) | | |
| | | BAGS PLAIN CONCRETE AGGREGATE | (   -02-02-1-02) | | |
| | | BAGS STABILIZED CONCRETE AGGREGATE | (   -02-01-1-02) | | |
| | | BAGS PLASTER AGGREGATE | (   -03-01-1-02) | | |
| | | BAGS INDUSTRIAL INSULATION | (   -07-01-1-02) | | |
| | | BAGS PERL-AG PLASTER | (35-09-02-1-02) | | |
| | | BAGS PERLITE CONCRETE AGGREGATE | (35-09-01-1-02) | | |
| 600 | 600 | LBS. ASBESTOS .30 TONS | | 71.50/TON | $ 25.45 |

ST#60-14989/51

$ 1.14 CASH DISCOUNT ALLOWED IF PAID BY 11/4/68

☐ NO CASH DISCOUNT - NET 30 DAYS

PLEASE MAKE ALL REMITTANCES PAYABLE TO ZONOLITE DIVISION, W. R. GRACE & CO.

AR-59

DELIVERY TICKET

**ZONOLITE DIVISION**

**W.R. GRACE & CO.**

GRACE

P.O. BOX 7093 CHICAGO, ILLINOIS  60680

| INVOICE DATE | INVOICE NO. | LOCATION | PLANT | DIST. | TERRITORY | OUR ORDER NO. | | CUST. ORDER NO. AND DATE |
|---|---|---|---|---|---|---|---|---|
| 10/15/68 | | | 212 | | | | | Verbal |
| SHIPPED VIA | | | SHIPPED FROM: | | CAR NO. | | | BILL OF LADING NO. | CHECKED |
| Customers Truck | | | Little Rock | | | | | 10-78 | BRB |

S OLD TO     Kirbo Inc.
119 Gill Street
Little Rock Arkansas

S HIP TO     SAME
Lee Job

| QUANTITY ORDERED | QUANTITY SHIPPED | DESCRIPTION | UNIT PRICE | AMOUNT |
|---|---|---|---|---|
| | 600 | lbs Asbestos ( 6- 100lb. Bags) | | |
| | | BAGS INSULATING FILL | | |
| | | BAGS ATTIC INSULATION | | |
| | | BAGS MASONRY FILL | | |
| | | BAGS PLAIN CONCRETE AGGREGATE | | |
| | | BAGS STABILIZED CONCRETE AGGREGATE | | |
| | | BAGS PLASTER AGGREGATE | | |
| | | BAGS INDUSTRIAL INSULATION | | |
| | | BAGS PERL-AG PLASTER | | |
| | | BAGS PERLITE CONCRETE AGGREGATE | | |
| | | BAGS DRI-PAC | | |

RECEIVED BY_____     DATE_____

**DELIVERY  RECEIPT**

Customer's
Order No. _Verbal_ ___ Date _10/8_ ___ 196_8_

M. _Weika Jac._

Address ___

| SOLD BY DND | CASH | C. O. D. | CHARGE | ON ACCT. | MDSE. RETD. | PAID OUT |
|---|---|---|---|---|---|---|

| QUAN. | | DESCRIPTION | | PRICE | | AMOUNT | |
|---|---|---|---|---|---|---|---|
| 600 | Lbs | AsBesTos (6-100 Lb Bag) | | | | | |
| | | FoR | | | | | |
| | | Tib Job | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

All claims and returned goods MUST be accompanied by this bill.

0984 _Received Thomas H. Thomas_

## Exhibit J

Order Granting Leave from Local Rule 3007-1 For Purposes of Streamlining Objections

# ROTATORI, BENDER,
## GRAGEL, STOPER & ALEXANDER CO., L.P.A.

ATTORNEYS AT LAW
800 LEADER BUILDING
526 SUPERIOR AVENUE EAST
CLEVELAND, OHIO 44114-1498
(216) 928-1010
FACSIMILE (216) 928-1007

ROBERT J. ROTATORI
J. TIMOTHY BENDER

SUSAN L. GRAGEL
RICHARD L. STOPER, JR.
JOSEPH P. ALEXANDER
J. SCOTT BROOME

December 29, 2004

*VIA OVERNIGHT MAIL*

Rust Consulting, Inc.
Claims Processing Agent
Re:    W.R. Grace and Co. (Supplemental Information)
201 South Lyndale Avenue
Faribault, Minnesota  55021

Kirkland & Ellis LLP
Attn:  Joseph S. Nacca
200 E. Randolph Drive
Chicago, Illinois  60601

Re:    W.R. Grace Bankruptcy, Claim No. 00002785

Dear Sir and/or Madam:

I represent Building Laborers Local 310 in Cleveland, Ohio and have filed a Property Damage claim on their behalf, Claim No. 00002785.  In reviewing the recently filed Exhibit B to Notice of Intent to Object (filed 12/6/2004), I noticed a claim that appears to have been filed on behalf of my client without authorization.  It is Claim No. 11591 filed on behalf of Laborers 310 Union Office Building and is no. 956 on Exhibit B.  The claim is being challenged for Materially Insufficient Supporting Information.

Please advise regarding the effect of this unauthorized claim upon the claim that I previously filed for Building Laborers Local 310.  For your convenience, a copy of the Acknowledgement for Claim No. 00002785 together with the supporting documentation enclosed with the original claim is enclosed.

Very truly yours,

Richard L. Stoper, Jr.

c3.

**W. R. Grace Co., et al Bankruptcy**
**Claim Acknowledgement**

| Type Code | Claim Number | Receipt Date | Claimant Name | SSN or FIN # | Attorney Name |
|-----------|--------------|--------------|---------------|--------------|---------------|
| PD | 00002785 | 2-18-2003 | BUILDING LABORERS UNION LOCAL 310 | | RICHARD L STOPER JR |



**INVOICE**

ESC ENVIRONMENTAL SERVICES LTD
364 GRISWOLD RD.
ELYRIA, OH  44035

INVOICE #: 1607

INVOICE DATE: 25-Jan-02

FAX: 440-322-2706
VOICE: 440-322-7300

PAGE: 1

SOLD TO:

Building Laborers Local 310
3250 Euclid Avenue
Cleveland, Ohio 44115
Mr. James Deane

PROJECT LOCATION:

Laborers Hall
Asbestos Abatement Project
Oversight and Air Monitoring

| CUSTOMER PO | | PAYMENT TERMS | DUE DATE |
|---|---|---|---|
| | | NET 30 Days | February 25, 2002 |

| DATE OF COMPLETION | | PROJECT DATES | |
|---|---|---|---|
| | | January 2-4, 21 and 22, 2002 | |

| QTY | ITEM | DESCRIPTION | UNIT PRICE | EXTENSION |
|---|---|---|---|---|
| 2.0 | 8-Hour Shifts | *Project Oversight and Air Monitoring* Day Shifts | $320.00 | $640.00 |
| 2.0 | 8-Hour Shifts | *Final Report and Documentation Prep* Day Shifts | $320.00 | $640.00 |

RECEIVED FEB - 4 2002

B# CK 4589
2-12-02
$1280.00

| | |
|---|---|
| SUBTOTAL | $1,280.00 |
| SALES TAX | 0.00 |
| FREIGHT | |
| TOTAL | $1,280.00 |

REMIT TO:
364 GRISWOLD ROAD
ELYRIA, OHIO  44035

A FINANCE CHARGE OF 1.5% WILL BE ADDED TO PAST DUE INVOICES

THANK YOU FOR USING *ESC ENVIRONMENTAL SERVICES, LTD.*

1ˢᵀ & 2ᴺᴰ FLOOR



**ESC ENVIRONMENTAL SERVICES LTD**
364 GRISWOLD RD.
ELYRIA, OH  44035

FAX: 440-322-2706
VOICE: 440-322-7300

**INVOICE**

INVOICE #: 1603

INVOICE DATE: 31-Dec-01

PAGE: 1

**SOLD TO:**

Building Laborers Local 310
3250 Euclid Avenue
Cleveland, Ohio  44115
Mr. James Deane

**PROJECT LOCATION:**

Laborers Hall
Asbestos Abatement Project
Oversight and Air Monitoring

| CUSTOMER PO | PAYMENT TERMS | DUE DATE |
|---|---|---|
|  | NET 30 Days | January 31, 2002 |

| DATE OF COMPLETION | PROJECT DATES |
|---|---|
|  | December 3-7, 10-14, 17-21, 24, 26-28 and 31, 2001 |

| QTY | ITEM | DESCRIPTION | UNIT PRICE | EXTENSION |
|---|---|---|---|---|
| 20.0 | 8-Hour Shifts | Project Oversight and Air Monitoring Day Shifts | $320.00 | $6,400.00 |
| 2.0 | Per Hour | Overtime on Dec. 28 | $50.00 | $100.00 |

RECEIVED
FEB - 4 2002
BFCK 4285

2-12-02
$6500.00

| | SUBTOTAL | $6,500.00 |
|---|---|---|
| | SALES TAX | 0.00 |
| | FREIGHT | |
| | TOTAL | $6,500.00 |

**REMIT TO:**
364 GRISWOLD ROAD
ELYRIA, OHIO  44035

A FINANCE CHARGE OF 1.5% WILL BE ADDED TO PAST DUE INVOICES

THANK YOU FOR USING *ESC ENVIRONMENTAL SERVICES, LTD.*



**ESC ENVIRONMENTAL SERVICES LTD**
364 GRISWOLD RD.
ELYRIA, OH  44035

FAX: 440-322-2706
VOICE: 440-322-7300

**INVOICE**

INVOICE #: 1586

INVOICE DATE: 30-Nov-01

PAGE: 1

**SOLD TO:**

Building Laborers Local 310
3250 Euclid Avenue
Cleveland, Ohio  44115
Mr. James Deane

**PROJECT LOCATION:**

Laborers Hall
Asbestos Abatement Project
Oversight and Air Monitoring

| CUSTOMER PO | | PAYMENT TERMS | | DUE DATE | |
|---|---|---|---|---|---|
| | | NET 30 Days | | December 30, 2001 | |
| DATE OF COMPLETION | | PROJECT DATES | | | |
| | | October 5-9, 12-16, 19-21, 23, and 26-30, 2001 | | | |
| QTY | ITEM | DESCRIPTION | UNIT PRICE | | EXTENSION |
| | | Project Oversight and Air Monitoring | | | |
| 19.0 | 8-Hour Shifts | Day Shifts | $320.00 | | $6,080.00 |
| 14.0 | 8-Hour Shifts | Night Shifts | $320.00 | | $4,480.00 |
| 2.5 | Per Hour | Overtime on Nov. 30 | $50.00 | | $125.00 |

RECEIVED
DEC 6 2001
BFCK4236    12-11-01
$10,685.00

| | |
|---|---|
| SUBTOTAL | $10,685.00 |
| SALES TAX | 0.00 |
| FREIGHT | |
| TOTAL | $10,685.00 |

**REMIT TO:**
364 GRISWOLD ROAD
ELYRIA, OHIO  44035

A FINANCE CHARGE OF 1.5% WILL BE ADDED TO PAST DUE INVOICES

THANK YOU FOR USING *ESC ENVIRONMENTAL SERVICES, LTD.*



3:48 PM
02/06/03
Accrual Basis

# Building Fund
## Find Report
### All Transactions

| Type | Date | Num | Name | Memo | Clr | Amount | Balance |
|---|---|---|---|---|---|---|---|
| Check | 2/12/2002 | 4285 | ESC Environmental Services LTD | Inv. 1603 | X | (8,500.00) | (8,500.00) |
| Check | 2/12/2002 | 4286 | ESC Environmental Services LTD | Inv. 1607 | X | (1,280.00) | (7,780.00) |
| Check | 12/11/2001 | 4238 | ESC Environmental Services LTD | Inv. 1558 | X | (10,685.00) | (18,465.00) |
| Total | | | | | | (18,465.00) | (18,465.00) |



# Standard Form of Agreement Between Owner and Contractor *where the basis of payment is a* STIPULATED SUM

## AIA Document A101-1997
### 1997 Edition -Electronic Format

THIS DOCUMENT HAS IMPORTANT LEGAL CONSEQUENCES. CONSULTATION WITH AN ATTORNEY IS ENCOURAGED WITH RESPECT TO ITS COMPLETION OR MODIFICATION. AUTHENTICATION OF THIS ELECTRONICALLY DRAFTED AIA DOCUMENT MAY BE MADE BY USING AIA DOCUMENT D401.

AIA Document A201-1997, General Conditions of the Contract for Construction, is adopted in this document by reference. Do not use with other general conditions unless this document is modified.

This document has been approved and endorsed by The Associated General Contractors of America.

Copyright 1915, 1918, 1925, 1937, 1951, 1958, 1961, 1963, 1967, 1974, 1977, 1987, © 1997 by The American Institute of Architects. Reproduction of the material herein or substantial quotation of its provisions without written permission of the AIA violates the copyright laws of the United States and will subject the violator to legal prosecution.

AGREEMENT made as of the *TWELFTH* day of ___NOVEMBER___ in the year of 2001
*(In words, indicate day, month and year)*

BETWEEN the Owner:
*(Name, address and other information)*
Laborers Local 310
3250 Euclid Avenue
Cleveland, OH  44115

and the Contractor
*(Name, address and other information)*
Precision Environmental
5722 Schaaf Road
Independence, OH  44131

1ST & 2ND FLOORS

The Project is:
*(Name and location)*
Laborers Local 310
3250 Euclid Avenue
Cleveland, OH  44115

The Architect is:
*(Name, address and other information)*
Kaczmar Architects, Inc.
110A Atrium Office Plaza
668 Euclid Avenue
Cleveland, OH  44114

The Owner and Contractor agree as follows.

## ARTICLE 1 THE CONTRACT DOCUMENTS

AIA DOCUMENT A101 -OWNER - CONTRACTOR AGREEMENT - 1997 EDITION - AIA - COPYRIGHT 1997 - THE AMERICAN INSTITUTE OF ARCHITECTS, 1735 NEW YORK AVENUE N.W., WASHINGTON, D.C. 20006-5292. WARNING: Unlicensed photocopying violates U.S. copyright laws and will subject the violator to legal prosecution. This document was electronically produced with permission of the AIA and can be reproduced without violation until the date of expiration as noted below.

Electronic Format A101-1997
User Document: LABORERS — 10/25/2001. AIA License Number 120097, which expires on 10/31/2001 -- Page #1

The Contract Documents consist of this Agreement, Conditions of the Contract (General, Supplementary and other Conditions), Drawings, Specifications, Addenda issued prior to execution of this Agreement, other documents listed in this Agreement and Modifications issued after execution of this Agreement; these form the Contract, and are as fully a part of the Contract as if attached to this Agreement or repeated herein. The Contract represents the entire and integrated agreement between the parties hereto and supersedes prior negotiations, representations or agreements, either written or oral. An enumeration of the Contract Documents, other than Modifications, appears in Article 8.

Insert A: See Exhibit E

## ARTICLE 2 THE WORK OF THIS CONTRACT

The Contractor shall fully execute the Work described in the Contract Documents, except to the extent specifically indicated in the Contract Documents to be the responsibility of others.

Insert B: Specifically including but is not limited to asbestos abatement and fireproofing including disposal offsite off all asbestos fireproofing, light fixtures, ceiling grid, ceiling tile, carpet, transaction windows/walls and associated cabinetry at Laborers #310, "U" shaped wall at lateral files at Laborers #310. Precision to supply own temporary power panels and feeds from owners source.

Insert C: Specifically excluded are VCT removal and wall covering removal only.

## ARTICLE 3 DATE OF COMMENCEMENT AND SUBSTANTIAL COMPLETION

3.1 The date of commencement of the Work shall be the date of this Agreement unless a different date is stated below or provision is made for the date to be fixed in a notice to proceed issued by the Owner.
*(Insert the date of commencement if it differs from the date of this Agreement or, if applicable, state that the date will be fixed in a notice to proceed.)*
November 8, 2001

If, prior to the commencement of the Work, the Owner requires time to file mortgages, mechanic's liens and other security interests, the Owner's time requirement shall be as follows:

3.2 The Contract Time shall be measured from the date of commencement.

3.3 The Contractor shall achieve Substantial Completion of the entire Work not later than 45 calendar days from the date of commencement, or as follows:
*(Insert number of calendar days. Alternatively, a calendar date may be used when coordinated with the date of commencement. Unless stated elsewhere in the Contract Documents, insert any requirements for earlier Substantial Completion of certain portions of the Work.)*
December 25, 2001

, subject to adjustments of this Contract Time as provided in the Contract Documents.
*(Insert provisions, if any, for liquidated damages relating to failure to complete on time or for bonus payments for early completion of the Work.)*

## ARTICLE 4 CONTRACT SUM

4.1 The Owner shall pay the Contractor the Contract Sum in current funds for the Contractor's performance of the Contract. The Contract Sum shall be Three Hundred Seventy Two Thousand Five Hundred Fifty Dollars ($ 372,550.00 ), subject to additions and deductions as provided in the Contract Documents.

4.2 The Contract Sum is based upon the following alternates, if any, which are described in the Contract Documents and are hereby accepted by the Owner:
*(State the numbers or other identification of accepted alternates. If decisions on other alternates are to be made by the Owner subsequent to the execution of this Agreement, attach a schedule of such other alternates showing the amount for each and the date when that amount expires)*
N/A

4.3 Unit prices, if any, are as follows:
N/A

## ARTICLE 5 PAYMENTS
### 5.1 PROGRESS PAYMENTS
5.1.1 Based upon Applications for Payment submitted to the Architect by the Contractor and Certificates for Payment issued by

AIA DOCUMENT A101 -OWNER - CONTRACTOR AGREEMENT - 1997 EDITION - AIA - COPYRIGHT 1997 - THE AMERICAN INSTITUTE OF ARCHITECTS, 1735 NEW YORK AVENUE N.W., WASHINGTON, D.C. 20006-5292. WARNING: Unlicensed photocopying violates U.S. copyright laws and will subject the violator to legal prosecution. This document was electronically produced with permission of the AIA and can be reproduced without violation until the date of expiration as noted below.

the Architect, the Owner shall make progress payments on account of the Contract Sum to the Contractor as provided below and elsewhere in the Contract Documents.

**5.1.2**    The period covered by each Application for Payment shall be one calendar month ending on the last day of the month, or as follows:

**5.1.3**    Provided that an Application for Payment is received by the Architect not later than the 25th day of a month, the Owner shall make payment to the Contractor not later than the 30th day of the following month. If an Application for Payment is received by the Architect after the application date fixed above, payment shall be made by the Owner not later than 60 days after the Architect receives the Application for Payment.

**5.1.4**    Each Application for Payment shall be based on the most recent schedule of values submitted by the Contractor in accordance with the Contract Documents. The schedule of values shall allocate the entire Contract Sum among the various portions of the Work. The schedule of values shall be prepared in such form and supported by such data to substantiate its accuracy as the Architect may require. This schedule, unless objected to by the Architect, shall be used as a basis for reviewing the Contractor's Applications for Payment.

**5.1.5**    Applications for Payment shall indicate the percentage of completion of each portion of the Work as of the end of the period covered by the Application for Payment.

**5.1.6**    Subject to other provisions of the Contract Documents, the amount of each progress payment shall be computed as follows:

    **.1**    Take that portion of the Contract Sum properly allocable to completed Work as determined by multiplying the percentage completion of each portion of the Work by the share of the Contract Sum allocated to that portion of the Work in the schedule of values, less retainage of _ten_ percent ( _10_ %). Pending final determination of cost to the Owner of changes in the Work, amounts not in dispute shall be included as provided in Subparagraph 7.3.8 of AIA Document A201-1997;

    **.2**    Add that portion of the Contract Sum properly allocable to materials and equipment delivered and suitably stored at the site for subsequent incorporation in the completed construction (or, if approved in advance by the Owner, suitably stored off the site at a location agreed upon in writing), less retainage of _ten_ percent ( _10_ %);

    **.3**    Subtract the aggregate of previous payments made by the Owner; and

    **.4**    Subtract amounts, if any, for which the Architect has withheld or nullified a Certificate for Payment as provided in Paragraph 9.5 of AIA Document A201-1997.

**5.1.7**    The progress payment amount determined in accordance with Subparagraph 5.1.6 shall be further modified under the following circumstances:

    **.1**    Add, upon Substantial Completion of the Work, a sum sufficient to increase the total payments to the full amount of the Contract Sum, less such amounts as the Architect shall determine for incomplete Work, retainage applicable to such work and unsettled claims; and
    *(Subparagraph 9.8.5 of AIA Document A201-1997 requires release of applicable retainage upon Substantial Completion of Work with consent of surety, if any.)*

    **.2**    Add, if final completion of the Work is thereafter materially delayed through no fault of the Contractor, any additional amounts payable in accordance with Subparagraph 9.10.3 of AIA Document A201-1997.

**5.1.8**    Reduction or limitation of retainage, if any, shall be as follows:
*(If it is intended, prior to Substantial Completion of the entire Work, to reduce or limit the retainage resulting from the percentages inserted in Clauses 5.1.6.1 and 5.1.6.2 above, and this is not explained elsewhere in the Contract Documents, insert here provisions for such reduction or limitation.)*
N/A

**5.1.9**    Except with the Owner's prior approval, the Contractor shall not make advance payments to suppliers for materials or

AIA DOCUMENT A101 -OWNER - CONTRACTOR AGREEMENT - 1997 EDITION - AIA - COPYRIGHT 1997 - THE AMERICAN INSTITUTE OF ARCHITECTS, 1735 NEW YORK AVENUE N.W., WASHINGTON, D.C. 20006-5292. WARNING: Unlicensed photocopying violates U.S. copyright laws and will subject the violator to legal prosecution. This document was electronically produced with permission of the AIA and can be reproduced without violation until the date of expiration as noted below.

equipment which have not been delivered and stored at the site.

## 5.2 FINAL PAYMENT

5.2.1    Final payment, constituting the entire unpaid balance of the Contract Sum, shall be made by the Owner to the Contractor when:

.1    the Contractor has fully performed the Contract except for the Contractor's responsibility to correct Work as provided in Subparagraph 12.2.2 of AIA Document A201-1997, and to satisfy other requirements, if any, which extend beyond final payment; and

.2    a final Certificate for Payment has been issued by the Architect.

5.2.2    The Owner's final payment to the Contractor shall be made no later than 30 days after the issuance of the Architect's final Certificate for Payment, or as follows:

## ARTICLE 6 TERMINATION OR SUSPENSION

6.1 The Contract may be terminated by the Owner or the Contractor as provided in Article 14 of AIA Document A201-1997.

6.2 The Work may be suspended by the Owner as provided in Article 14 of AIA Document A201-1997.

## ARTICLE 7 MISCELLANEOUS PROVISIONS

7.1 Where reference is made in this Agreement to a provision of AIA Document A201-1997 or another Contract Document, the reference refers to that provision as amended or supplemented by other provisions of the Contract Documents.

7.2 Payments due and unpaid under the Contract shall bear interest from the date payment is due at the rate stated below, or in the absence thereof, at the legal rate prevailing from time to time at the place where the Project is located.
*(Insert rate of interest agreed upon, if any.)*
N/A

*(Usury laws and requirements under the Federal Truth in Lending Act, similar state and local consumer credit laws and other regulations at the Owner's and Contractor's principal places of business, the location of the Project and elsewhere may affect the validity of this provision. Legal advice should be obtained with respect to deletions or modifications, and also regarding requirements such as written disclosures or waivers.)*
N/A

7.3 The Owner's representative is:
*(Name, address and other information)*
James Deane
Laborers Local 310
3250 Euclid Avenue
Cleveland, OH  44115

7.4 The Contractor's representative is:
*(Name, address and other information)*
John Savage
Precision Environmental
5722 Schaaf Road
Independence, OH  44131

7.5 Neither the Owner's nor the Contractor's representative shall be changed without ten days written notice to the other party.

7.6 Other provisions:
N/A

## ARTICLE 8 ENUMERATION OF CONTRACT DOCUMENTS

8.1 The Contract Documents, except for Modifications issued after execution of this Agreement, are enumerated as follows:

AIA DOCUMENT A101 -OWNER - CONTRACTOR AGREEMENT - 1997 EDITION - AIA - COPYRIGHT 1997 - THE AMERICAN INSTITUTE OF ARCHITECTS, 1735 NEW YORK AVENUE N.W., WASHINGTON, D.C. 20006-5292.  WARNING: Unlicensed photocopying violates U.S. copyright laws and will subject the violator to legal prosecution. This document was electronically produced with permission of the AIA and can be reproduced without violation until the date of expiration as noted below.

**8.1.1**    The Agreement is this executed 1997 edition of the Standard Form of Agreement Between Owner and Contractor, AIA Document A101-1997.

**8.1.2** .   The General Conditions are the 1997 edition of the General Conditions of the Contract for Construction, AIA Document A201-1997.

**8.1.3**    The Supplementary and other Conditions of the Contract are those contained in the Project Manual dated <u>8/17/01</u> , and are as follows:

| Document | Title | Pages |
|---|---|---|
| See Exhibit E | | |

**8.1.4**    The Specifications are those contained in the Project Manual dated as in Subparagraph 8.1.3, and are as follows:
*(Either list the Specifications here or refer to an exhibit attached to this Agreement.)*

| Section | Title | Pages |
|---|---|---|
| See Exhibit E | | |

**8.1.5**    The Drawings are as follows, and are dated unless a different date is shown below:
*(Either list the Drawings here or refer to an exhibit attached to this Agreement.)*

| Number | Title | Date |
|---|---|---|
| See Exhibit E | | |

**8.1.6**    The Addenda, if any, are as follows:

| Number | Date | Pages |
|---|---|---|
| N/A | | |

Portions of Addenda relating to bidding requirements are not part of the Contract Documents unless the bidding requirements are also enumerated in this Article 8.

**8.1.7**    Other documents, if any, forming part of the Contract Documents are as follows:
*(List here any additional documents that are intended to form part of the Contract Documents. AIA Document A201-1997 provides that bidding requirements such as advertisement or invitation to bid, Instructions to Bidders, sample forms and the Contractor's bid are not part of the Contract Documents unless enumerated in this Agreement. They should be listed here only if intended to be part of the Contract Documents.)*
<u>Letter from Laborers International Union of North America Inspector General dated 10/11/01.</u>

This Agreement is entered into as of the day and year first written above and is executed in at least three original copies, of which one is to be delivered to the Contractor, one to the Architect for use in the administration of the Contract, and the remainder to the Owner.

**OWNER** *(Signature)*

<u>Laborers Local 310.</u>
<u>James Deane, Business Manager</u>
*(Printed name and title)*

**CONTRACTOR** *(Signature)*

<u>Precision Environmental</u>
<u>John Savage /Vice President</u>
*(Printed name and title)*

AIA DOCUMENT A101 -OWNER - CONTRACTOR AGREEMENT - 1997 EDITION - AIA - COPYRIGHT 1997 - THE AMERICAN INSTITUTE OF ARCHITECTS, 1735 NEW YORK AVENUE N.W., WASHINGTON, D.C. 20006-5292.    WARNING: Unlicensed photocopying violates U.S. copyright laws and will subject the violator to legal prosecution. This document was electronically produced with permission of the AIA and can be reproduced without violation until the date of expiration as noted below.



## Electro-Analytical Group

Environmental Consultants • Certified Laboratories
7118 Industrial Park Blvd., Mentor, Ohio 44060-5314
440-951-3514, FAX 440-951-3774

INVOICE NUMBER:  0214000-IN
INVOICE DATE:  04/30/98

ORDER NUMBER:  OH28233
ORDER DATE:  04/30/98
SALESPERSON:  PGH
CUSTOMER NO:  0601198

SOLD TO:
Building Laborers' Union
Local No. 310
3250 Euclid Avenue
Cleveland          OH 441152520
CONFIRM TO:
John Kilbane

SHIP TO:
Building Laborers' Union
Local No. 310
3250 Euclid Avenue
Cleveland          OH 441152520

CUSTOMER P.O.

TERMS
2%-10 Net 30 Days

| ITEM | UNIT | ORDERED | COMPLETED | PRICE | AMOUNT |
|------|------|---------|-----------|-------|--------|
| BULK SAMPLING | EACH | 3.00 | 3.00 | 65.00 | 195.00 |
| G. Kalevakis-4/13/98 | | | | | |
| PLM-PS | EACH | 5.00 | 5.00 | 20.00 | 100.00 |
| Bulk Asbestos Analysis | | | | | |
| REPORTING | EACH | 0.25 | 0.25 | 65.00 | 16.25 |
| Technical Writer | | | | | |
| REPORTING | EACH | 0.75 | 0.75 | 65.00 | 48.75 |
| Project Manager | | | | | |



ASBESTOS
TESTING

COMMENT:

Ceiling Tile Sampling

NET INVOICE:    360.00
LESS DISCOUNT:    .00

INVOICE TOTAL:    360.00

# INVOICE



# PRECISION ENVIRONMENTAL CO.

### INDUSTRIAL — COMMERCIAL

5722   SCHAAF   ROAD   •   INDEPENDENCE,   OHIO   44131
216/642-6040   •   FAX:   216/642-0891

Regular Invoice

| Bill To: 44228 | Ship To: *SAME* |
|---|---|
| LABORERS LOCAL #310<br>ATT: MR. JAMES DEAN<br>3250 EUCLID AVENUE<br>CLEVELAND, OH 44115 | |

Invoice No. — 9854

Page 1 of
Transaction Date: 08/17/9:

| Due Date | Project Number | Reference | Terms |
|---|---|---|---|
| 09/16/98 | 985107 | LOCAL #310 HALL | NET 30 DAYS |

| Description | Quantity | U/M | Unit Price | Ext. Price |
|---|---|---|---|---|
| 7-14-98 THRU 8-13-98<br>   AMOUNT DUE FOR ASBESTOS ABATEMENT<br>   PROJECT AT LABORERS LOCAL #310 HALL<br>   AS STATED IN CONTRACT/PROPOSAL | | | | |
| BASE PRICE | | | | 68600.00 |
| 3RD. PARTY AIR MONIT. | | | | 4500.00 |
| 7-16-98 QUOTE | | | | 18600.00 |





RECEIVED
T.V.
AUG 26 1998
GFCK-3320 & 9-14-98
$91,700.00

|  |  |
|---|---|
| Materials & Services Subtotal | $ 91,700.00 |
| Sales Tax | $ 0.00 |
| Freight | $ 0.00 |
| Other Amounts | $ 0.00 |
| **Invoice Total** | **$ 91,700.00** |
| Net Invoice Total | $ 91,700.00 |

ORIGINAL

# Electro-Analytical Group

Environmental Consultants • Certified Laboratories

April 24, 1998

Mr. John Kilbane
Laborers' Union Local 310
3250 Euclid Avenue
Cleveland, Ohio 44115

RE: Bulk Sampling of Suspect Asbestos-Containing Materials.
Laborer's Union Local 3100 Meeting Hall, 3250 Euclid Avenue, Cleveland, Ohio
OH-28233

## Executive Summary

Electro-Analytical Group, Mentor, Ohio was contracted by the Laborers' Union Local 310, Cleveland, Ohio to conduct bulk sampling of suspect asbestos-containing materials (ACM) in the meeting hall of Laborers' Union Local 310, 3250 Euclid Avenue, Cleveland, Ohio. All secured materials and sampling locations were at the discretion of Mr. John Kilbane of Laborers' Union Local 310. The following material was sampled as suspect and identified as asbestos-containing:

- Fireproofing

The inspector's *Asbestos Inspection Data Sheet,* which provides additional material descriptions and locations, is attached as Appendix A.

## Description of Work

Sampling activities to identify the presence of suspect ACM were performed by Electro-Analytical Group's Certified Asbestos Hazard Evaluation Specialist (CAHES), Mr. George Kalevakis (CAHES #3830) on April 13, 1998. Homogeneous areas of suspect ACM are identified on the Asbestos Inspection Data Sheet attached as Appendix A.

## Objective and Limitations of the Inspection

The purpose of this survey was to sample designated fireproofing, elbow insulation and lay-in ceiling tile to identify suspect ACM pursuant to National Emission Standards for Hazardous Air Pollutants (NESHAPs) regulations.

The results of this survey are based on sampling locations determined by Mr. John Kilbane of Building Laborers' Union Local 310. No inaccessible interior areas were noted during the survey.

F:\PROJECTS\ASB\OH28233\OH28233.BS

7118 Industrial Park Blvd.   •   Mentor, Ohio 44060-5314   •   (216) 951-3514   •   (800) 875-3514   •   FAX (216) 951-3774



Electro-Analytical.
Group
Environmental Consultants • Certified Laboratories

April 24, 1998
Laborers' Union Local 310
Bulk Sampling of Suspect Asbestos Containing Materials/3250 Euclid Avenue, Cleveland, Ohio
OH-28233
Page 2

Additional suspect asbestos-containing materials may be present behind permanent walls. If
renovations are planned that might expose additional materials, then further bulk sampling and
analysis is recommended at that time.

### Analysis

The bulk samples were analyzed by polarized light microscopy for asbestos content at the Laboratory
Division of Electro-Analytical Group, which is accredited by the National Institute of Standards and
Technology/National Voluntary Laboratory Accreditation Program. The United States Environmental
Protection Agency requires all materials containing greater than one percent asbestos by weight to be
considered asbestos-containing materials.

### Results

Three homogeneous groups were noted during the inspection. A total of seven bulk samples were
collected from these homogeneous groups.

Three of the samples from one homogeneous group were determined to contain ACM. Analytical
results are provided in Appendix B.

### Recommendations

ACM that is in good condition or ACM that has been repaired should be incorporated into an
Operations and Maintenance Plan whereby it is routinely inspected for signs of damage. If damage
occurs or if renovation or demolition is planned which might disturb the ACM, then it may need to be
repaired or removed at that time.

Activities which involve the handling of ACM should be carried out by a licensed abatement
contractor in accordance with all applicable regulations.

F:\PROJECTS\ASB\OH28233\OH28233.BS


Electro-Analytical
Group
Environmental Consultants • Certified Laboratories

April 24, 1998
**Laborers' Union Local 310**
Bulk Sampling of Suspect Asbestos Containing Materials/3250 Euclid Avenue, Cleveland, Ohio
OH-28233
Page 3

If you have any questions or concerns regarding the above information, please contact the
undersigned. Thank you for consulting Electro-Analytical Group.

Sincerely,

Electro-Analytical Group

Daniel C. Peders, CAHAPD, CAHES, CAHAS
Asbestos Section Manager



Electro-Analytical
Group
Environmental Consultants • Certified Laboratories

# APPENDIX A

Asbestos Inspection Data Sheets

# ASBESTOS INSPECTION DATA SHEET

**Client:** Building Laborers' Union Local 310

**Project:** Bulk Sampling of Suspect Asbestos Containing Materials

**Building:** 3250 Euclid Avenue, Cleveland, Ohio

**Functional Space:** Meeting Hall

| Group / No. | Material Description | Location | Quantity | Type of ACM | Condition | PRESENT / DAMAGE |
|---|---|---|---|---|---|---|
| A | -1 | 12' x 2' lay-in ceiling tile | Meeting hall | | | O |
| B | -2 | Fireproofing | Rear section | 6300 SF | T  ND | D |
| | -3 | | East wall | | T  ND | D |
| | -4 | | Stage | | T  ND | D |
| C | -5 | Elbow Insulation | Rear section | | | O |
| | -6 | | East wall | | | O |
| | -7 | | Stage | | | O |

Legend:
- Potential Significant Damage (PSD)
- Potential Damage (PD)
- Low Potential Damage (LPD)
- Friable
- Activity Low/Med/High
- Air Movement Low/Med/High
- Accessible
- Visible
- O = Other (indicate in Comments)
- D = Deterioration
- W = Water damage
- P = Physical damage

**COMMENTS:**

**MATERIALS:**

**TYPE:**
- S - Surfacing
- T - Thermal
- M - Miscellaneous
- NF1 - Non-friable Cat. I
- NF2 - Non-friable Cat. II

**CONDITION:**
- ND - No Damage
- D - Damage
- SD - Significant Damage

**HAZARD ASSESSMENT:**
- 0 - Non-ACM
- 1 - Poor damage extensive & severe
- 2 - Damage w/high PSD
- 3 - Damage w/moderate PD
- 4 - Damage w/low PD
- 5 - Good condition w/high PSD
- 6 - Good Condition w/moderate PSD
- 7 - Good Condition w/low PD
- A - Point count/layering recommended; assume ACM
- B - Verified by point counting
- C - TEM recommended; assume ACM
- D - Scheduled for renovation; no assessment required.

ELECTRO-ANALYTICAL GROUP
7118 Industrial Park Blvd., Mentor, OH
44060-5314        (216) 951-3514

EAG Technician(s): George Kalevatis, CAHES #3330

Survey Date(s): April 13, 1998

EAG OH28233

Page 1 of 1

**Electro-Analytical Group**

Environmental Consultants • Certified Laboratories

# ASBESTOS INSPECTION DATA SHEET KEY

**Client and Project** - Information provided by either Work Order or Scope of Work

**Building** - Name or address of building.

**Functional Space** - A room, group of rooms, or homogeneous area designated by the inspector to prepare management plans, design abatement projects, or conduct response actions.

**Group No.** - An arbitrary number/letter assigned to each homogeneous material (material that is uniform in color and texture, serves the same function, and was installed at the same time) encountered during sampling.

**ID #** - A sample number assigned by the inspector which begins with the work order number (OH 2B233) at the top of the column and then a unique sample number for each sample.

**Material Description** - Distinguishing characteristics which may include system type, function, size, color, shape etc. Also describes any layering information.

**Location** - Location of homogeneous material being sampled. This should include enough detail to be able to locate the sample location.

**Quantity** - Defined as linear footage (LF), square footage (SF), or number of fittings (FTGS), or number of miscellaneous items, each (EA or @)

**Material Type :**    Abbreviations provided on the forms as:

S -  Surfacing Material (troweled or sprayed-on)                          NF1 -  Non-friable Category I
T -  Thermal System Insulation                                           NF2 -  Non-friable Category II
M -  Miscellaneous

All miscellaneous material should be accompanied with a NESHAP classification of NF1 or NF2.

**Material Condition**
ND -  No Damage. The material is in visibly good condition with no apparent damage.
D -  Damage. Material that has "Damage" is defined as damage to less than 10% of the entire homogeneous group or less than 25% of a localized section of the homogeneous group.
SD -  Significant Damage. Material that has been "significantly damaged" is defined as damage to greater than 10% of the entire homogeneous group or greater than 25% of a localized section of the homogeneous group.

D -  Deterioration. Deterioration from age
Other -  Additional influences that may cause damage

**Cause of Damage** -
P -  Physical, Vandalism or accidental damage
W -  Water, Water damage

**Present Disturbance Factors** - Visible, Accessible, Air Movement, Activity, and Friable

Visible -  Can it be seen; Yes or No
Accessible -  Yes - The material is accessible to both the occupants of the building and custodial and maintenance personnel.
No - The material is not easily accessible to people; i.e., crawl spaces, pipe chases, etc.
Air Movement -  Low - No air flow/plenum; air flow not recognizable to human touch.
Medium - Air flow/plenum present; noticeable air flow; recognizable to human touch.
High - Air flow/plenum/air handling unit/fan present; steady to gusty air flow; air flow obvious to human touch.
Activity -  Low - No traffic/vibrations.
Medium - Moderate traffic and/or vibration.
High - High traffic and/or continuous vibration.
Friable -  A material is considered friable if, when dry, it may be crumbled, pulverized, or reduced to powder by hand pressure.

**Present Potential for Damage** -  Low Potential for Damage - Accessibility, Influence for Vibration and Air Erosion must be no, low or insignificant.
Potential for Damage - Accessible with any combination of low or medium ratings in the Influence for Vibration and Air Erosion categories
Potential for Significant Damage - Accessible with any combination with a high rating in Influence of Vibration and Air Erosion categories.

**Hazard Assessment** - Abbreviations provided on the form. PD = Potential for Damage. 0 and Alphabetical abbreviations will be provided during reporting.



Electro-Analytical
Group
Environmental Consultants • Certified Laboratories

**APPENDIX B**

Analytical Data



**Electro-Analytical Group**

Environmental Consultants • Certified Laboratories

7118 Industrial Park Blvd.
Mentor, Ohio 44060
Attn: Client Services Department
Phone: (440) 951-3514 [Fax 951-3774]

Laborer's Union, Local 310
3250 Euclid Ave.
Cleveland, Ohio 44115

Attn: John Kilbane

Order #: 98-04-245
Date: 04/14/98 11:42
Work ID: Bulk Sampling
Date Received: 04/13/98
Date Completed: 04/14/98

Project Code: OH28233

## SAMPLE IDENTIFICATION

| Sample Number | Sample Description | Sample Number | Sample Description |
|---|---|---|---|
| 01 | 28233-01 | 02 | 28233-02 |
| 03 | 28233-03 | 04 | 28233-04 |
| 05 | 28233-05 | 06 | 28233-06 |
| 07 | 28233-07 | | |

Reproduction of this report is prohibited except in entirety.
Unless noted, soil, sludge, and sediment results are reported
on dry weight basis.  REF indicates Reference Laboratory.
'Reporting Limit' does not refer to any regulatory limit.

Certified By
Electro-Analytical Group

age 1                          ZA Group              EXPORT              Work Order # 98-04-245
eceived: 04/13/98                          Results by Sample

AMPLE ID 28233-01                    FRACTION 01A    TEST CODE PLM NG   NAME Bulk Asbestos Analysis
                                     Date & Time Collected 04/13/98              Category _____

| PARAMETER | RESULT | UNITS |
|---|---|---|
| ASBESTOS: | | |
| % Chrysotile | ND | |
| % Amosite | ND | |
| % Crocidolite | ND | |
| % Other Asbestos Fibers | ND | |

                                     DATE RUN        04/14/98
                                     ANALYST   CRE
                                     DESCRIPTION   __    Lt. brown 2'x2' ceiling tile w/foil layer
                                     LOCATION   _____

AMPLE ID 28233-04                    FRACTION 04A   TEST CODE PLM NG   NAME Bulk Asbestos Analysis
                                     Date & Time Collected 04/13/98              Category _____

| PARAMETER | RESULT | UNITS |
|---|---|---|
| ASBESTOS: | | |
| % Chrysotile | 5 | |
| % Amosite | ND | |
| % Crocidolite | ND | |
| % Other Asbestos Fibers | ND | |

                                     DATE RUN        04/14/98
                                     ANALYST   CRE
                                     DESCRIPTION                        Lt. brown fireproofing
                                     LOCATION   _____

AMPLE ID 28233-05                    FRACTION 05A   TEST CODE PLM NG   NAME Bulk Asbestos Analysis
                                     Date & Time Collected 04/13/98              Category _____

| PARAMETER | RESULT | UNITS |
|---|---|---|
| ASBESTOS: | | |
| % Chrysotile | ND | |
| % Amosite | ND | |
| % Crocidolite | ND | |
| % Other Asbestos Fibers | ND | |

                                     DATE RUN        04/14/98
                                     ANALYST   CRE
                                     DESCRIPTION                        White elbow insulation
                                     LOCATION   _____

Page,2                          EA Group            REPORT              Work Order # 98-04-245
Received: 04/13/98                        Results by Sample

SAMPLE ID 28233-06_____        FRACTION 06A    TEST CODE PLM NG  NAME Bulk Asbestos Analysis
                                 Date & Time Collected 04/13/98            Category _____

              PARAMETER                    RESULT   UNITS

              ASBESTOS:
                 % Chrysotile                 ND
                 % Amosite                    ND
                 % Crocidolite                ND
                 % Other Asbestos Fibers      ND
                          DATE RUN       04/14/98
                          ANALYST   CRE
                          DESCRIPTION                      White elbow insulation
                          LOCATION

SAMPLE ID 28233-07_____        FRACTION 07A    TEST CODE PLM NG  NAME Bulk Asbestos Analysis
                                 Date & Time Collected 04/13/98            Category _____

              PARAMETER                    RESULT   UNITS

              ASBESTOS:
                 % Chrysotile                 ND
                 % Amosite                    ND
                 % Crocidolite                ND
                 % Other Asbestos Fibers      ND
                          DATE RUN       04/14/98
                          ANALYST   CRE
                          DESCRIPTION                      White elbow insulation
                          LOCATION

Page 3
Received: 04/13/98            HA Group            REPORT            Work Order # 98-04-245
                                04/14/98 11:42:12

Laborer's Union, Local 310

Basic Asbestos Quantification Method

These bulk samples were analyzed as received for percentage composition
of fibrous asbestos minerals only, by Polarized Light Microscopy (PLM).
This basic asbestos quantification analysis is performed on a composite
of each of the submitted sample(s), and therefore cannot be point
counted.  Nor does it include identification of non-asbestos materials,
and therefore does not meet the specific requirements of NVLAP
protocols.  If results are needed that will meet these protocols,
please contact your client services representative.

Asbestos Containing Materials (ACM) and Presumed Asbestos Containing
Materials (PACM) are regulated by several different governmental
regulatory agencies.

EPA NESHAP regulations cover certain buildings that are to be
renovated or demolished.  NESHAP regulations require that when a sample
(or layer of a multi-layered sample) is analyzed and found to contain
asbestos at a concentration of less than 10% by a method other than
point counting by Polarized Light Microscopy (PLM), the owner/operator
has the option of:

1) Assuming the amount to be greater than 1% and treating the material
   as regulated ACM.

                              OR

2) Requesting verification of the amount by point counting.

Building owners/operators covered by NESHAP should review the following
for the full and specific regulations:
1) Federal Register, Vol. 55, No. 224, Tuesday, November 20, 1990
2) Clarification of NESHAP requirement to perform point counting,
   May 8, 1991
3) Federal Register, Vol. 59, No. 3, Wednesday, January 5, 1994
4) Federal Register, Vol. 59, No. 166, Monday, August 1, 1994
5) Federal Register, Vol. 60, No. 243, Tuesday, December 19, 1995

Building owners/operators and employers covered by OSHA regulations
also have specific requirements regarding ACM and PACM.  Those who
may be covered by these regulations should review 29 CFR 1926.1101
for specific requirements.

FLOOR TILES:  PLM should only be considered a screening method for
floor tile analysis.  Any floor tile with a result of one percent or
less asbestos by PLM should be assumed positive for asbestos until the
sample is re-analyzed by Analytical Electron Microscopy.

Other difficult matrices (such as bituminous, organically bound, and
cementitious materials) may obscure very small asbestos fibers.  Some
samples may also contain asbestos fibers with diameters below the limit
of resolution of the optical microscopes used in typical PLM analysis.
Therefore, negative results by PLM on these materials should be
confirmed by Analytical Electron Microscopy.

age 4                          EA Group           REPORT              Work Order # 98-04-245
eceived: 04/13/98                            04/16/98 11:43:12        Continued From Above

aborer's Union, Local 310

        Electro-Analytical Group has a sample retention policy of
        ninety (90) days. After that time, the samples will be disposed
        of unless the client has requested that they be returned. The
        client will be charged a shipping and handling fee associated with
        returned samples only.


    Key to analysis comments (if noted on samples):

    ***       Insufficient sample amount for quantitation and/or performing
              Quality Control functions.

    ****      Due to the nature of the sample (dust, debris, or vacuum),
              percentages for the constituents could not be assigned.

    ++        Contains fibers that may be an asbestos mineral but could not
              be positively identified by PLM. Analysis by Transmission
              Electron Microscopy (TEM) is recommended.

    +++       See additional comment on cover page.

    ND        None Detected
    Trace     Observed but less than 1%

    This report applies only to sample(s) analyzed and may not be used by
    the client to claim product certification, approval, or endorsement by
    NVLAP or any agency of the U.S. Government.

    Analysis By:                          Approved By:

    ELECTRO-ANALYTICAL GROUP              ELECTRO-ANALYTICAL GROUP

    Carl R. Eggebraaten                   James D. Hale
    Microscopist                          Microscopist

    For additional information or assistance, contact our Client Services
    Department.

Page 5
Received: 04/13/98                    EA Group            REPORT            Work Order # 98-04-245
                                          NonReported Work

FRACTION AND TEST CODES FOR WORK NOT REPORTED ELSEWHERE

02A  |  PLM_C
03A  |  PLM_C

## FIELD REQUEST FOR LABORATORY ANALYSIS

mpany Name: _Building Laborer's Union, Local 310_

dress: _3250 Euclid Ave._

_Cleve, OH 44115_

ention: _John Kilbane_

phone: _216-881-5901_     Fax: _216-881-5928_

pled by: _G.K._

ect Name: _Bulk Sampling_

Authorized by: _DAN PEDERS_     Project Number OH- _28233_

Project Category: ASB

ial Billing/Reporting: ☆ _Verbal Results requested by 4/17/98_ ☆

Results Needed By:

Normal        RUSH

Priority      confirm w/ lab

Date:         Time:

ial Contact: _DAN PEDERS_

## CHAIN OF CUSTODY

| nuished by | Date/Time | Received by Name | Date/Time |
|---|---|---|---|
| _Kaleski_ | _4/13/98_ | | |
| | _4-13-98_ | _PEDERS_ | _4-13-98_ |
| | | _Hkrichaelic_ | _4/13/98   3:15P_ |

ELECTRO-ANALYTICAL FIELD OPERATIONS REQUEST FOR LABORATORY ANALYSIS
ge _1_ of _1_
ASBESTOS BULK SAMPLING LOG

| Sample No. | Homo. Group | Description | 1 | 2 | 3 | 4 | 5 | Comments |
|---|---|---|---|---|---|---|---|---|
| 8231-01 | A | 2x2 Lay in Ceiling Tile | | | | | | |
| -02 | B | Fireproofing | | | | | | |
| -03 | B | " | | | | | | ? |
| -04 | B | " | | | | | | |
| -05 | C | Elbow Insulation | | | | | | |
| -06 | C | " | | | | | | |
| -07 | C | " | | | | | | ? |
| | | | | | | | | ? |
| | | | | | | | | ? |
| | | | | | | | | ? |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

( 1 )   PLM (Basic)   2   PLM (full)   3   PLM (point count)
  4                      5

t: _G.K._

ts _____   Sampling Date: _4/13/98_

_____

RS\EVERYONE\BULKRFLA.WPD

## **Exhibit K**

Proposed Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **W. R. GRACE & CO., et al.**[1] | ) | **Case No. 01-01139 (JKF)** |
| | ) | |
| Debtors. | ) | **(Jointly Administered)** |
| | ) | |
| | ) | **Hearing Date: January 24, 2005, 12:00 P.M. E.T.** |
| | ) | **Related Docket Nos: 4853, 6009, and 7104** |
| | ) | **1/24/05 Agenda No. 9** |

**ORDER DENYING THE OFFICIAL COMMITTEE OF ASBESTOS PROPERTY
DAMAGE CLAIMANTS' MOTION TO STRIKE THE DEBTORS' NOTICE OF
INTENT TO OBJECT TO CLAIMS ON THE BASIS OF MATERIALLY
INSUFFICIENT SUPPORTING INFORMATION AND OPPORTUNITY TO
SUPPLEMENT CLAIMS**

This matter coming before the court on The Official Committee of Property Damage

Claimants' Motion to Strike the Debtors' Notice of Intent to Object to Claims on the Basis of

Materially Insufficient Supporting Information and Opportunity to Supplement Claims (the

"Motion to Strike") in the above-captioned bankruptcy cases; the Court having reviewed and

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

considered the Motion; the Court finding that (i) the Court has jurisdiction over this matter

pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. §

157(b)(2); and (iii) no further notice or hearing on the Motion being required:  IT IS HEREBY

ORDERED THAT:

1.    The Motion to Strike (Docket No. 7252) is denied.

2.    Neither the Motion to Strike nor this Order shall have any effect on the 60-day

Response Period for any holder of an Asbestos Property Damage Proof of Claim (as defined in

this *Court's Order Granting Limited Waiver of Del.Bankr.LR 3007-1 for the Purpose of*

*Streamlining Objections to Certain Claims Filed Pursuant to the Bar Date Order*, dated July 19,

2004), which began to run, for each holder of an Asbestos Property Damage Proof of Claim, on

the date the Debtors sent the associated Notice of Intent.

Wilmington, Delaware

Dated: _____, 2005    _____

UNITED STATES BANKRUPTCY JUDGE

DOCS_DE:104416.1