IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. Grace & Co., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Objections Due: February 1, 2005 |
| | ) | Hearing Date: February 28, 2005 |
| | ) | at 12:00 p.m. |

**FOURTEENTH INTERIM QUARTERLY APPLICATION OF LUKINS & ANNIS, P.S.[1] FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS ZAI ADDITIONAL SPECIAL COUNSEL FOR THE INTERIM PERIOD FROM JULY 1, 2004 THROUGH SEPTEMBER 30, 2004**

Pursuant to Sections 327, 330 and 331 of Title 11 of the United States Code (as amended, the "Bankruptcy Code"), Fed. R. Bankr. P. 2016, the Appointment Order (as defined below), the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Professionals and Official Committee Members (the "Interim Compensation Order"), the Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Professionals and Official Committee Members (the "Amended Interim Compensation Order" and collectively with the Interim Compensation Order, the "Compensation Order") and Del.Bankr.LR 2016-2, Darrell W. Scott, formerly associated with the law firm of Lukins & Annis, P.S. ("Applicant" or "L&A"), ZAI Additional Special Counsel, hereby applies for an order allowing it: (i) compensation in the amount of $9,723.00 for the reasonable and necessary legal services L&A has rendered; and (ii) reimbursement for the actual and necessary expenses L&A

has incurred in the amount of $151.20 (the "Fourteenth Interim Quarterly Fee Application"), for the interim quarterly period from July 1, 2004 through September 30, 2004 (the "Fee Period"). In support of this Application, L&A respectfully states as follows:

### Background

### Retention of L&A

1. On April 2, 2001 (The "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). On April 2, 2001, the Court entered an order procedurally consolidating the Chapter 11 Cases for administrative purposes only. Since the Petition Date, the Debtors have continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. By this Court's order effective as of July 22, 2002, Darrell W. Scott, formerly associated with L&A, was appointed as ZAI Additional Special Counsel to prosecute the ZAI "Science Trial" issues on behalf of the ZAI Claimants' position against Debtors' position (the "Appointment Order"). The Appointment Order authorizes a total budget for ZAI Counsel of $1.5 million in fees and $500,000 in expenses for prosecuting the Science Trial, against which L&A may be compensated for legal services at its hourly rates as specified to the Court, and for actual and necessary out-of-pocket expenses incurred, subject to application to this Court in accordance with the Bankruptcy Code, the Federal Rules of

---

[1] L&A became counsel in this matter over a year after it was filed. To conform with the titles of the quarterly applications being filed by the firms who have been in the case since its inception, L&A is titling

685702                                    2

Bankruptcy Procedure, and all applicable local rules and orders of this Court[2]. On May 3, 2001, this Court entered the Interim Compensation Order and entered the Amended Interim Compensation Order on April 17, 2002. On July 28, 2003, the Court entered an Order authorizing an additional budget of $950,000.00 per side for additional attorney fees and expenses.

**Monthly Interim Fee Applications Covered Herein**

3.  Pursuant to the procedures set forth in the Compensation Order, professionals may apply for monthly compensation and reimbursement (each such application, a "Monthly Fee Application") subject to any objections lodged by the Notice Parties, as defined in the Compensation Order. If no objection is filed to a Monthly Fee Application within twenty (20) days after the date of service of the Monthly Fee Application, the applicable professional may submit to the Court a certification of no objection whereupon the Debtors are authorized to pay interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested.

4.  Furthermore, and also pursuant to the Compensation Order, professionals are to file and serve upon the notice parties a quarterly request (a "Quarterly Fee Application") for interim Court approval and allowance of the Monthly Fee Applications filed during the quarter covered by that Quarterly Fee Application. If the Court grants the relief requested by the Quarterly Fee Application, the Debtors are authorized and directed to pay the professional 100% of the fees and

---

this the "Fourteenth" Interim Quarterly Application, (although it is actually L&A's ninth such application).

685702                                                            3

expenses requested in the Monthly Fee Applications covered by that Quarterly Fee Application less any amounts previously paid in connection with the Monthly Fee Applications. Any payment made pursuant to the Monthly Fee Applications or a Quarterly Fee Application is subject to final approval of all fees and expenses at a hearing on the professional's final fee application.

5. This is the ninth Interim Quarterly Fee Application that L&A has filed with the Bankruptcy Court in connection with these Chapter 11 Cases. (see Footnote 1).

6. L&A has filed the following Monthly Fee Applications for interim compensation (the "July – September Fee Applications" or "Applications") during this Fee Period:

   1. L&A did not incur fees or expenses for the month of July, 2004, and therefore no Application was filed for that month;

   2. Application of Lukins & Annis, P.S. for Compensation for Services and Reimbursement of Expenses as ZAI Additional Special Counsel for the Interim Period of August 1, 2004 through August 31, 2004, attached hereto as Exhibit A; and

   3. Application of Lukins & Annis, P.S. for Compensation for Services and Reimbursement of Expenses as ZAI Additional Special Counsel for the Interim Period of September 1, 2004 through September 30, 2004, attached hereto as Exhibit B.

7. The period for objecting to the fees and expense reimbursement requested in the July – September Fee Applications has not yet expired.

---

[2] The rates billed by L&A are within the range of rates previously identified to the Court which were the current hourly rates at that time. L&A lawyers and professionals are being billed at rates commensurate

685702                                                              4

8.  During the Fee Period, L&A has prepared for the ZAI Science Trial as detailed in the Applications.

**Requested Relief**

9.  By this Fourteenth Interim Quarterly Fee Application, L&A requests that the Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by L&A for the Fee Period as detailed in the Applications, less any amounts previously paid to L&A pursuant to the Applications and the procedures set forth in the Compensation Order. The full scope of services provided and the related expenses incurred are fully described in the July – September Fee Applications, copies of which are attached hereto as Exhibits A and B.

**Disinterestedness**

10. With the exception of its representation of asbestos claimants, L&A does not hold or represent any interest adverse to the estates as stated in the Affidavit of Darrell W. Scott in Support of the Application of the Asbestos Property Damage Committee to Retain Special Counsel, filed June 7, 2002.

11. In addition, L&A may have in the past represented, may currently represent, and likely in the future will represent parties-in-interest in connection with matters unrelated to the Debtors and the Chapter 11 Cases.

**Representations**

12. L&A believes that the Applications are in compliance with the requirements of Del.Bankr.LR 2016-2.

---

with their experience and in the same range as other firms are billing in this bankruptcy.

685702                                           5

13. L&A performed the services for which it is seeking compensation under its Court Appointment effective as of July 22, 2002.

14. During the Fee Period, L&A has received no payment, nor has it received any promises for payment, from any other source for services rendered or to be rendered in any capacity whatsoever in connection with these Chapter 11 Cases.

15. Pursuant to Fed. R. Bank. P. 2016(b), L&A has not shared, nor has it agreed to share: (a) any compensation it has received or may receive with another party or person other than with the partners, counsel and associates of L&A; or (b) any compensation another person or party has received or may receive in connection with the Chapter 11 Cases.

16. Although every effort has been made to include all fees and expenses from the Fee Period in the Applications, some fees and expenses from the Fee Period might not be included in the Applications due to accounting and processing delays. L&A reserves the right to make further application to the Court for allowance of fees and expenses for the Fee Period not included herein.

[This Space Intentionally Left Blank]

WHEREFORE, L&A respectfully requests that the Court enter an order providing: (a) that for the Fee Period an administrative allowance be made to L&A in the sum of (i) $9,723.00 as compensation for reasonable and necessary professional services, and (ii) $151.20 for reimbursement of actual and necessary costs and expenses incurred (for a total of $9,874.20); (b) that the Debtors be authorized and directed to pay to L&A the outstanding amount of such sums less any sums previously paid to L&A pursuant to the Applications and the procedures set forth in the Compensation Order; and (c) that this Court grant such further relief as is equitable and just.

Dated: January 12, 2005
Wilmington, Delaware

/s/ William D. Sullivan
William D. Sullivan (#2820)
Buchanan Ingersoll PC
The Nemours Building
1007 N. Orange Street, Suite 1110
Wilmington, DE 19801
Phone: (302) 428-5500
FAX: (302) 428-3996

-and-

Darrell W. Scott, Esq.
The Scott Law Group, P.S.
926 W. Sprague Avenue, Suite 583
Spokane, WA 99201
Phone: (509) 455-3966
FAX: (509) 455-3906
(formerly associated with Lukins & Annis, P.S.)

ADDITIONAL SPECIAL COUNSEL
FOR ZAI CLAIMANTS

**EXHIBIT LIST FOR 14TH QUARTERLY INTERIM APPLICATION OF
LUKINS & ANNIS, P.S., FOR REIMBURSEMENT OF FEES AND EXPENSES**

A.  Exhibit A:  August, 2004 Monthly Interim Application of Lukins & Annis, P.S. for Reimbursement of Fees and Expenses

B.  Exhibit B:  September, 2004 Monthly Interim Application of Lukins & Annis, P.S. for Reimbursement of Fees and Expenses

C.  Exhibit C:  Verification of Fee and Expense Application

D.  Exhibit D:  Certificate of Service and Service List for Notice Parties