IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

Hearing Date: February 28, 2005 at 12:00 p.m.
Responses Due: February 11, 2005

## DEBTORS' EIGHTH OMNIBUS OBJECTION TO CLAIMS (SUBSTANTIVE)

The above-captioned debtors and debtors in possession (the "Debtors") hereby file this

Eighth Omnibus Objection to Claims (the "Eighth Omnibus Objection") and, in support thereof,

state the following:

### Jurisdiction

1.      This Court has jurisdiction over this matter under 28 U.S.C. § 1334. This matter

is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A) and (O).

---

[1]    The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

2.    The statutory bases for relief requested herein are 11 U.S.C. §§ 105(a), 502, and 506 and Rules 3001 and 3007 of the Federal Rules of Bankruptcy Procedure (as amended from time to time, the "Bankruptcy Rules").

### Background

3.    On April 2, 2001 (the "Petition Date"), each of the Debtors in these chapter 11 cases filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (as amended from time to time, the "Bankruptcy Code") commencing their respective chapter 11 cases (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for administrative purposes only, and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

### Claims Bar Date

4.    By an order dated April 25, 2002, this Court set March 31, 2003 as the last date for filing proofs of claim for all pre-petition claims relating to asbestos property damage, non-asbestos claims (including all governmental claims), and medical monitoring claims (the "Bar Date"). A bar date has yet to be set for asbestos personal injury claims and claims related to Zonolite Attic Insulation.

### The Objection And Request For Relief

5.    By this Eighth Omnibus Objection, the Debtors seek disallowance, reclassification, or reduction, as appropriate, of the claims set forth in the exhibits attached hereto[2] (the "Disputed Claims") for the reasons described herein and in such exhibits:

---

[2] The classification of the claims set forth on the exhibits is the classification asserted on the filed proof of claim. The Debtors include such classification for the purpose of identifying the claim to which the objection applies. The inclusion of the classification shall not constitute an acknowledgement by the Debtors that such classification is correct or appropriate.

(a)   The claims set forth as "Cross-Debtor Duplicate" in <u>Exhibit A</u> attached hereto are claims that are duplicative of claims previously filed against another Debtor entity where the proper debtor case has been identified ("the "Cross-Debtor Duplicate Claims");

(b)   The claims set forth as "Invalid Transfer" in <u>Exhibit B</u> attached hereto are claims for which either (a) another entity filed a notice of transfer before the proof of claim had been filed with the Court or (b) the entity filing the claim filed a defective notice of transfer or had the notice of transfer withdrawn (the "Transferred Claims");

(c)   The claims set forth as "No Liability" in <u>Exhibit C</u> attached hereto are claims for which the Debtors have no liability according to their books and records (the "No Liability Claims");

(d)   The claims set forth as "Reduce and Allow" in <u>Exhibit D</u> attached hereto are claims that should be reduced and allowed (the "Reduce and Allow Claims");

(e)   The claims set forth as "Reclassify, Reduce and Allow" in <u>Exhibit E</u> attached hereto are claims that should be reclassified, reduced, and allowed (the "Reclassify, Reduce, and Allow Claims").

### The Cross-Debtor Duplicate Claims

6.    The Debtors object to the Cross-Debtor Duplicate Claims listed on <u>Exhibit A</u> attached hereto pursuant to section 502(b)(1) of the Bankruptcy Code because such claims are unenforceable against the Debtor against whom the claim has been asserted or that Debtor's assets because, after a careful review of the Debtors' books and records, there is no amount due and owing to the claimant by the Debtor entity specified in the claim. Moreover, a duplicate claim or claims has/have been previously filed by the claimant against a different Debtor entity

3

or entities.   Therefore, the Cross-Debtor Duplicate Claims set out in <u>Exhibit A</u> should be disallowed and expunged for all purposes.

7.      If the Debtors' objection is sustained, the claims listed as the duplicate claims will be the surviving claims (the "Surviving Claims") on <u>Exhibit A</u> and will remain on the claims registry subject to the Debtors' right to object to the Surviving Claims in the future on any grounds allowed under applicable law.   Claimants holding Cross-Debtor Duplicate Claims will retain their Surviving Claims which will remain on the claims registry after the Cross-Debtor Duplicate Claim is expunged albeit the Surviving Claim will be against a different debtor entity.

## The Transferred Claims

8.      The Debtors object to the Transferred Claims listed on <u>Exhibit B</u> attached hereto because either (a) another entity filed a notice of transfer before the proof of claim had been filed with the Court or (b) the entity filing the claim filed a defective notice of transfer or had the notice of transfer withdrawn.   In particular, pursuant to Bankruptcy Rule 3001, and with respect to each of the Transferred Claims, either (a) the Transferred Claim had been transferred by the claimant listed on <u>Exhibit B</u> to a third party who filed a notice of transfer which, unless withdrawn, terminates the claimant's right to assert a claim against the Debtors for the Transferred Claim, or (b) the claimant filing the Transferred Claim is not entitled to assert the claim against the Debtors as a result of a notice of transfer being defective or withdrawn. Therefore, the Transferred Claims set out in <u>Exhibit B</u> should be disallowed and expunged for all purposes.

## The No Liability Claims

9.      The Debtors object to the No Liability Claims listed on <u>Exhibit C</u> attached hereto pursuant to section 502(b)(1) of the Bankruptcy Code, because these are claims which are not enforceable against the Debtors or their property under any agreement or applicable law.   In

4

particular, the Debtors' review of their books and records indicates that they have no liability for these claims because either (a) the claimant has no relationship with the Debtors, or (b) the claim is actually against an unrelated, non-debtor entity.  Therefore, the No Liability Claims set out in Exhibit C should be disallowed and expunged for all purposes.

**The Reduce and Allow Claims**

10.    The Debtors object to the Reduce and Allow Claims pursuant to section 502(b)(1) of the Bankruptcy Code because these claims are filed for amounts that differ from the amounts reflected on the Debtors' books and records.  In evaluating the Reduce and Allow Claims, the Debtors have thoroughly reviewed their books and records and proofs of claim, as well as the supporting documentation provided by each claimant, and have determined that the amount of each claim is overstated.  The amount of the claims listed on Exhibit D are overstated due to the reasons enumerated per each objection set forth on Exhibit D.  Accordingly, the Debtors object to the Reduce and Allow Claims and request that the Reduce and Allow Claims be reduced to and allowed in the amounts set forth in Exhibit D.

**The Reclassify, Reduce and Allow Claims**

11.    The Debtors object to the Reclassify, Reduce and Allow Claims pursuant to sections 502(b)(1), 503(b) and 507 of the Bankruptcy Code, because these claims are filed with the wrong classification and for amounts that differ from the amounts reflected on the Debtors' books and records.  In evaluating the Reclassify, Reduce and Allow Claims, the Debtors have thoroughly reviewed their books and records and the proofs of claim, as well as the supporting documentation provided by each claimant, and have determined that the classification and amount of each claim requires modification.  The claims listed on Exhibit E have no basis for priority under section 507(a) of the Bankruptcy Code or secured status and should be reclassified as general unsecured claims.  Additionally, the amount of the claims listed on Exhibit E are

5

overstated due to the reasons enumerated per each objection set forth on <u>Exhibit E</u>.  Accordingly,

the Debtors object to the Reclassify, Reduce and Allow Claims and request that the Reclassify,

Reduce and Allow Claims be reclassified, reduced and allowed in as set forth in <u>Exhibit E</u>.

### Separate Contested Matters

12.    To the extent that a response is filed regarding any claim listed in the Eighth

Omnibus Objection and the Debtors are unable to resolve the response, each such claim and the

Objection by the Debtors to each such claim asserted in the Eighth Omnibus Objection shall

constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  Any order

entered by the Court regarding an objection asserted in the Eighth Omnibus Objection shall be

deemed a separate order with respect to each claim.

### Responses to Omnibus Objections

13.    To contest an objection, a claimant must file and serve a written response to this

Eighth Omnibus Objection (a "Response") so that it is received no later than 4:00 p.m. (Eastern

Time) on February 11, 2005.  Every Response must be filed with the Office of the Clerk of the

United States Bankruptcy Court for the District of Delaware:  824 Market Street, Wilmington,

Delaware 19801 and served upon the following entities, so that the response is received no later

than 4:00 p.m. (Eastern Time) on February 11, 2005, at the following addresses:

> Kirkland & Ellis LLP
> 200 E. Randolph Drive
> Chicago, Illinois 60601
> Attn:   Rachel R. Schulman
>
>        -and-
>
> Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C.
> 919 North Market Street, 16th Floor
> P. O. Box 8705
> Wilmington, Delaware 19899-8705 (Courier 19801)
> Attn:  David W. Carickhoff, Jr.

6

Co-Counsel for the Debtors

14.     Every Response to this Eighth Omnibus Objection must contain at a minimum the following:

(a)     a caption setting forth the name of the Court, the name of the Debtors, the case number, and the title of the Eighth Omnibus Objection to which the response is directed;

(b)     the name of the claimant, his/her/its claim number, and a description of the basis for the amount of the claim;

(c)     the specific factual basis and supporting legal argument upon which the party will rely in opposing the Eighth Omnibus Objection;

(d)     any supporting documentation, to the extent it was not included with the proof of claim previously filed with the Clerk or Claims Agent, upon which the party will rely to support the basis for and amounts asserted in the proof of claim;

(e)     the name, address, telephone number, and fax number of the person(s) (which may be the claimant or the claimant's legal representative) with whom counsel for the Debtors should communicate with respect to the claim or the objection and who possesses authority to reconcile, settle, or otherwise resolve the objection to the Disputed Claim on behalf of the claimant.

15.     If a claimant fails to file and serve a timely Response, the Debtors may present to the Court an appropriate order reclassifying, reducing, or disallowing and expunging the claim, as applicable, without further notice to the claimant or a hearing.

### Replies to Responses

16.     The Debtors may, at their option, file and serve a reply to a claimant's Response.

7

## Reservation

17.    The Debtors hereby reserve the right to object in the future to any of the claims listed in this Eighth Omnibus Objection or on the exhibits attached hereto on any ground, and to amend, modify, and/or supplement this Eighth Omnibus Objection, including, without limitation, to object to amended claims and newly-filed claims.    Separate notice and hearing will be scheduled for any such objection.

18.    Notwithstanding anything contained in this Eighth Omnibus Objection or the attached exhibits, nothing herein shall be construed as a waiver of any rights that the Debtors may have (a) to bring avoidance actions under the applicable sections of the Bankruptcy Code against the holders of claims subject to the Eighth Omnibus Objection; or (b) to exercise their rights of setoff against the holders of such claims relating to such avoidance actions.

## Notice

19.    The Debtors will serve copies of this Eighth Omnibus Objection (with all exhibits) on the Office of the United States Trustee and on all parties that have requested that they be served with all pleadings filed in these cases pursuant to Federal Rule of Bankruptcy Procedure 2002 (the "2002 List").

20.    Bankruptcy Management Corporation, the Debtors' claims consultant, will serve a copy of the Eighth Omnibus Objection and customized notices that summarize claim-specific detail exactly as reflected in the exhibit on which such creditor is listed upon those creditors that have filed claims that are affected by the Eighth Omnibus Objection in lieu of serving all exhibits on each such affected creditor.    A sample custom notice is attached hereto as Exhibit F.

21.    The Debtors submit that notice of this Eighth Omnibus Objection is sufficient under Bankruptcy Rule 3007 and that no further notice is necessary.

8

### No Previous Request

22.     No previous request for the specific relief set forth herein has been made to this or any other court.

### Compliance With Rule 3007-1

23.     This Eighth Omnibus Objection, and related exhibits attached hereto, complies with Rule 3007-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware.

9

WHEREFORE, the Debtors respectfully request that the Court enter an order disallowing, expunging, reducing, and/or reclassifying each of the Claims more fully described in this Eighth Omnibus Objection and/or listed on the exhibits attached hereto.

Dated: January 12, 2005

Respectfully submitted,

KIRKLAND & ELLIS LLP
James H.M. Sprayregen, P.C.
James W. Kapp III
Janet S. Baer
200 East Randolph Drive
Chicago, IL 60601
(312) 861-2000

and

PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.

Laura Davis Jones (Bar No. 2436)
David W. Carickhoff, Jr. (Bar No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
(302) 652-4100

Co-Counsel for Debtors and Debtors in Possession