# Exhibit 1

W. R. Grace Disclosure Statement Objection Chart

Sorted by Docket Number

# W. R. GRACE DISCLOSURE STATEMENT OBJECTION CHART SORTED BY DOCKET NUMBER

Chart is current as of January 13, 2005.

Debtors anticipate distributing an updated chart and updated tabbed appendix prior to the hearing on January 21, 2005.

| No. | Objecting Party | Basis of Objection | Action Taken | Status |
|---|---|---|---|---|
| 1. | *BMW Constructors, Inc.* (Docket No. 7238)<br><br>Fox Rothschild LLP<br>Neal J. Levitsky, Esq.<br>L. Jason Cornell, Esq. | (A) Failure to disclose BMW's stipulated mechanic's lien claim of approximately $90,000 as an allowed secured claim (¶¶7-9). | (A) Requested language provided; see Section 4.3.1.2 and chart in Section 1.2.1 of ADS[1] at Tab 40. | Notice of Withdrawal filed 01.12.05 (Docket No. 7538). |
| 2. | *Fresenius Medical Care Holdings, Inc. and National Medical Care, Inc.* ("Fresenius") (Docket No. 7247)<br><br>Morris Nichols Arsht & Tunnell<br>William H. Suddell, Jr., Esq.<br>Daniel B. Butz, Esq.<br><br>McDermott Will & Emery LLP<br>David S. Rosenbloom, Esq.<br>David C. Christian II, Esq.<br><br>Irell & Manella LLP<br>Milton B. Hyman, Esq.<br>Elliot G. Freier, Esq. | (A) Inadequate information concerning the treatment of tax-related obligations under the Fresenius Settlement Agreement and Order (¶¶3-21);<br><br>(B) Inadequate information concerning the issuance and implementation of injunction, release and indemnification provisions protecting Fresenius consistent with the Fresenius Settlement Agreement and Order (¶¶22-26);<br><br>(C) Inadequate information concerning the dismissal of actions listed in Section 2.02(G) of the Fresenius Settlement Agreement (¶27); and<br><br>(D) Inadequate information concerning other material terms of the Fresenius Settlement Agreement and Order (¶¶28-29). | (A) Requested language provided; see chart in Section 1.2.1 and Sections 1.2.3, 2.5.3.1, 2.5.3.2.4, 2.6.3.2, 2.8.2.3, 4.2, 4.3.1.9 and 7.1 of ADS and Sections 2.3, 3.1.9(b) and 7.6.1(s) of AP[2] at Tab 1.<br><br>(B) Requested disclosure provided; see Sections 4.8.5, 4.8.7.3 and 4.8.7.6 of ADS and Sections 8.5, 8.7.3 and 8.7.6 of AP at Tab 2.<br><br>(C) Requested disclosure provided; see Section 4.8.7.6 of ADS and Section 8.7.6 of AP at Tab 3.<br><br>(D) Requested disclosure provided; see Sections 4.8.7.6 and 7.1 of ADS and Section 8.7.6 of AP at Tab 4. | Objections resolved as per 01.13.05 telephone conference. |
| 3. | *Town of Acton, Massachusetts* (Docket No. 7263)<br><br>Landis Rath & Cobb LLP<br>Adam G. Landis, Esq.<br>Megan N. Harper, Esq.<br><br>Nutter McClennen & Fish, LLP<br>Thomas O. Bean, Esq. | (A) Failure to disclose Acton's asserted secured claim (¶6); and<br><br>(B) Failure to disclose the impact of the allowance of Acton's claim on the Plan (¶6). | (A) Requested disclosure provided; see Section 4.3.1.2 of ADS at Tab 39.<br><br>(B) Disclosure is adequate; see risk factors in Sections 8.2.5 and 8.3.3 of ADS at Tab 50. | Objections resolved as per 01.13.05 e-mail |

---

[1] "ADS" shall mean the Amended Disclosure Statement filed on January 13, 2005.
[2] "AP" shall mean the Amended Plan filed on January 13, 2005.

91100-001\DOCS_DE:104605.1

1

# W. R. GRACE DISCLOSURE STATEMENT OBJECTION CHART
## SORTED BY DOCKET NUMBER

| No. | Objecting Party | Basis of Objection | Action Taken | Status |
|---|---|---|---|---|
| 4. | **Keri Evans** *(Docket No. 7277)* <br><br>Monzack & Monaco, P.A. <br>Francis A. Monaco, Esq. <br><br>Lowenstein Sandler PC <br>Michael S. Etkin, Esq. <br>Ira M. Levee, Esq. <br><br>Gilman & Pastor, LLP <br>David Pastor, Esq. <br><br>Schiffrin & Barroway LLP <br>Joseph H. Meltzer, Esq. <br>Katherine Bornstein, Esq. | Keri Evans, a participant in the Grace Savings and Investment Plan, filing on behalf of herself and a class of all others similarly situated, alleges: <br><br>(A) Failure to provide for and explain the proposed treatment of her ERISA-related claims (¶¶8, 10-11) and define ERISA Claims (¶12); <br><br>(B) Failure to disclose that her ERISA Claims should be treated as Class 9 Claims or that Evans disputes the treatment of her ERISA Claims (¶14); and <br><br>(C) Failure to disclose that her ERISA claims against non-debtors are improperly released under the Plan or Plan should be modified to include requested language (¶¶18, 21, 24-29). | (A) Requested disclosure provided; see Section 3.2.8.1 of ADS at Tab 35. Defined term requested unnecessary. <br><br>(B) Requested disclosure provided; see Section 3.2.8.1 of ADS at Tab 35. <br><br>(C) Disclosure provides that objectors disagree with release provisions; see Sections 3.2.8.1 and 4.8 of ADS at Tab 13. | Objections resolved as per 01.11.05 e-mail; reserve right to object to other revisions to ADS. |
| 5. | **Sealed Air Corporation and Cryovac, Inc.** *(Docket No. 7286)* <br><br>Skadden, Arps, Slate, Meagher & Flom LLP <br>Sheila L. Birnbaum, Esq. <br>Henry P. Wasserstein, Esq. <br>Bert L. Wolff, Esq. <br>Mark S. Chehi, Esq. | (A) Failure to disclose that Plan is illusory and should be modified (¶¶24-28, 37-38) according to the following material inconsistencies with the Sealed Air Settlement Agreement: <br><br>(i) Identity of payor (¶24(a)), <br><br>(ii) Channeling injunction relief (¶24(b)), <br><br>(iii) Assumption of Sealed Air Tax Agreement (¶24(c)), <br><br>(iv) Unilateral reservation of the right to ignore the terms of the Sealed Air Settlement Agreement (¶24(d)); <br><br>(v) No requirement to fund the Sealed Air Settlement Payment because of the Plan's inconsistencies (¶38); <br><br>(B) Failure to disclose issues raised in Section 2.5.2 of the DS[3] were previously proposed and rejected by Sealed Air (¶¶17-18); <br><br>(C) Failure to disclose that the Plan is illusory, nonconfirmable and not feasible unless the Sealed Air Settlement Agreement is approved in the form presented in the Sealed Air Settlement Motion, (¶19); | (A) ADS and AP address this issue; see below. <br><br>(i) Requested disclosure provided; see Sections 2.5.2, 4.7.2.2 and 8.6.1 of ADS and Section 7.2.2 of AP at Tab 5. <br><br>(ii) Requested disclosure provided; see Sections 4.8.5 and 4.8.7.6 of ADS and Section 8.5 of AP at Tab 6. <br><br>(iii) Requested disclosure provided; see Section 4.8.7.5 of ADS and Sections 8.7.5 and 9.1 of AP at Tab 7. <br><br>(iv) Reservation removed from Plan; see Sections 2.5.2 and 4.8.7.6 of ADS and Sections 8.7.6 and 11.6 of AP at Tab 8. <br><br>(v) Inconsistencies eliminated; see Sections 2.5.2 and 4.8.7.6 of ADS and Sections 8.7.6 and 11.6 of AP at Tab 8. <br><br>(B) No longer applicable per revision to Section 2.5.2 of ADS at Tab 9. <br><br>(C) Not applicable; see Section 2.5.2 of ADS at Tab 9. | Sealed Air and Debtors are discussing language to resolve the objections. |

---

[3] "DS" shall mean the Disclosure Statement filed on November 13, 2004 (Docket No. 6896).

91100-001\DOCS_DE:104605.1

# W. R. GRACE DISCLOSURE STATEMENT OBJECTION CHART
## SORTED BY DOCKET NUMBER

| No. | Objecting Party | Basis of Objection | Action Taken | Status |
|---|---|---|---|---|
|  |  | (D) Failure to explain and disclose Debtors' contentions that concern the Sealed Air Settlement Agreement (¶¶39-46); and | (D) See response to (B) above. |  |
|  |  | (E) Failure to disclose that the Asbestos Trust Agreement does not provide for many rights and obligations required by the Sealed Air Settlement Agreement (¶¶47-48). | (E) Trust Agreement will be amended to the extent necessary to include any provisions required by the Sealed Air Settlement Agreement. See Section 2.5.2 of ADS at Tab 9. |  |
| 6. | *American International Group, Inc. (AIG)* *(Docket No. 7293)* Ashby & Geddes William P. Bowden, Esq. Ricardo Palacio, Esq. Zeichner Ellman & Krause LLP Michael S. Davis, Esq. | (A) Failure to disclose which insurance company Debtors reference in the agreement on pp. 24-25 of the DS (¶¶3-4). | (A) Requested disclosure provided; see Section 2.7.2.3 of ADS at Tab 10. | Objections resolved as per 01.12.05 e-mail; reserve rights re joinder to other objections (Docket Nos. 7303 and 7331). |
| 7. | *Everest Reinsurance Company & Mt. McKinley Insurance Company* *(Docket No. 7303)* Marks, O'Neill, O'Brien and Courtney Brian L. Kasprzak, Esq. Crowell & Moring LLP Mark D. Plevin, Esq. Leslie A. Epley, Esq. | (A) Misleadingly suggests that insurance policies issued by these insurers potentially provide coverage for asbestos claims against Grace (p.4); | (A) Exhibit 10 amended to indicate which insurance carriers are Settled Asbestos Insurance Companies. Classification as a Resolved Asbestos Insurance Company resolves objection. See Exhibit 10 at Tab 11. | Objections resolved as per e-mail 01.12.05. |
|  |  | (B) Failure to disclose that Grace released all of its rights to coverage of asbestos-related claims under these insurers' policies (p.4); and | (B) See response to (A) above. |  |
|  |  | (C) Failure to disclose that coverage for asbestos-related claims is no longer available under those policies; alternatively amend DS to delete all references to these insurers' policies (pp.5-6). | (C) See response to (A) above. |  |
| 8. | *Official Committee of Asbestos Personal Injury Claimants* *(Docket No. 7313/7315)* | DS should not be approved because the Plan is unconfirmable as a matter of law (pp.4, 24) for the following reasons: |  |  |

3

91100-001\DOCS_DE:104605.1

# W. R. GRACE DISCLOSURE STATEMENT OBJECTION CHART
## SORTED BY DOCKET NUMBER

| No. | Objecting Party | Basis of Objection | Action Taken | Status |
|---|---|---|---|---|
| | Campbell & Levine, LLC<br>Marla R. Eskin, Esq.<br>Mark T. Hurford, Esq.<br><br>Caplin & Drysdale, Chartered<br>Elihu Inselbuch, Esq.<br><br>Caplin & Drysdale, Chartered<br>Peter Van N. Lockwood, Esq.<br>Albert G. Lauber, Esq.<br>Kimberly N. Brown, Esq.<br>Brian A. Skretny, Esq. | (A) Both classes of Asbestos PI Claimants are impaired under the Plan (pp.5-17); and<br><br>(B) The vote of asbestos claimants is independently required by § 524(g) (pp.17-24). | (A) Both classes of Asbestos PI Claimants are not impaired. See Brief Regarding Certain Confirmation Issues[4] for response.<br><br>(B) The vote of asbestos claimants is not independently required by § 524(g). See Brief Regarding Certain Confirmation Issues for response. | |
| 9. | *Longacre Master Fund, Ltd.*<br>*(Docket No. 7323)*<br><br>Brown Rudnick Berlack Israels LLP<br>Steven D. Pohl, Esq.<br>Sunni P. Beville, Esq. | (A) Failure to disclose creditors' entitlement to postpetition interest (¶¶8-12); and<br><br>(B) Plan is facially unconfirmable, as it does not treat all creditors within the same class (Class 9) equally (¶13). | (A) ADS and AP provide for postpetition interest for all Holders of General Unsecured Claims. See Sections 1.2.3 and 4.3.1.9 and chart in Section 1.2.1 of ADS and Section 3.1.9(b) of AP at Tab 21.<br><br>(B) See response to (A) above. | Objections resolved as per 01.12.05 e-mail. |
| 10. | *Estate of Rosario Rapisardi*<br>*(Docket No. 7329)*<br><br>James P. Rapisardi, Executor | (A) The estate of Mr. Rapisardi is not interested in any parent stock option as a form of payment on its claim; and<br><br>(B) The original claim of the estate of Mr. Rapisardi must be amended. | (A) Not a Disclosure Statement Objection. No response required.<br><br>(B) No response required. Approval of ADS does not affect the ability of a creditor to amend a timely filed proof of claim. | |
| 11. | *State of Montana Department of Environmental Quality, Department of Public Health and Human Services and Risk Management and Tort Defense Division*<br>*(Docket No. 7330)*<br><br>Monzack and Monaco, PA<br>Francis A. Monaco, Jr., Esq.<br><br>State of Montana Department of Justice<br>James J. Screnar, Esq. | (A) Failure to disclose the State of Montana's claims and how they will be treated under the Plan — specifically, (i) Orr litigation and (ii) Debtors' liability for Medicaid reimbursement (¶8);<br><br>(B) Failure to disclose how the State of Montana's claims will be treated under the Plan as a result of its prohibition from accepting stock as a payment of debt (¶9);<br><br>(C) Failure to disclose that the State of Montana is not precluded from enforcing any environmental and/or consent decrees it has with the Debtors (¶10);<br><br>(D) Failure to disclose the Debtors' obligations to comply with all applicable state and federal environmental laws (¶10); and | (A) Requested disclosure provided; see Section 2.5.1.1.3 of ADS at Tab 27.<br><br>(B) Additional disclosure provided; see Sections 2.5.1.1.3 and 4.3.1.9 of ADS at Tab 58.<br><br>(C) Requested disclosure addressed; see Section 4.8.7.1.1 of ADS at Tab 14.<br><br>(D) Additional disclosure provided; see Sections 4.8.7.1.1 and 4.8.7.4 of ADS at Tab 15. | Objections resolved as per 01.13.05 e-mail. |

---

[4] Brief Regarding Certain Confirmation Issues filed on January 7, 2005 (Docket No. 7498).

4

# W. R. GRACE DISCLOSURE STATEMENT OBJECTION CHART SORTED BY DOCKET NUMBER

| No. | Objecting Party | Basis of Objection | Action Taken | Status |
|---|---|---|---|---|
| | | (E) Failure to disclose that the provisions in Section 4.8.6 of the DS are inconsistent with Third Circuit law and incorrectly imply that such non-debtors are not subject to potential environmental liabilities (¶11). | (E) Additional disclosure provided; see Sections 4.8, 4.8.7.1.1 and 4.8.7.4 of ADS at Tab 16. | |
| 12. | *Maryland Casualty Company, Zurich American Insurance Company, & Zurich International (Bermuda) Ltd. ("Maryland Casualty")* (*Docket No. 7331*) Connolly Bove Lodge & Hutz LLP Jeffrey C. Wisler, Esq. Marc J. Phillips, Esq. | (A) Grace should not have the ability to arbitrarily alter the Asbestos Insurance Entity Injunction (¶3); (B) Failure to disclose whether the Asbestos Insurance Entities are able to enforce the Insurance Injunction (¶3); (C) Definitions of Asbestos Insurance Policy and Workers' Compensation Claims need clarification (¶ 3); (D) Failure to specify whether the insurers are Resolved or Settled Asbestos Insurance Companies (¶3); and (E) Insurers claim they are impaired because the Asbestos Trust may not have sufficient money and Plan and DS should be modified accordingly (¶3). | (A) See Response to Objections to Disclosure Statement.[5] (B) See Response to Objections to Disclosure Statement. (C) Clarification provided in Amended Glossary; see Exhibit 2 ¶¶12, 210 at Tab 12. (D) Disclosure requested provided. Exhibit 10 amended to indicate which insurance carriers are Settled Asbestos Insurance Companies or Resolved Asbestos Insurance Companies. See Exhibit 10 at Tab 11. (E) Not a Disclosure Statement Objection. Insurers are not impaired; see Brief Regarding Certain Confirmation Issues for response. | Maryland Casualty and Debtors are discussing language to resolve the objections. |
| 13. | *Libby Claimants* (*Docket No. 7335*) Landis Rath & Cobb LLP Adam G. Landis, Esq. Kerri M. Mumford, Esq. Cohn & Whitesell LLP Daniel C. Cohn, Esq. | (A) Plan impairs Libby Claimants by virtue of channeling Asbestos PI-SE Claims to the Asbestos Trust so they must be allowed to vote (¶11-12); (B) Plan and Plan-related pleadings under-allow or totally exclude legitimate claims, including Libby Claims by imposing certain conditions (¶¶13-22); (C) Plan fails to follow the norms established in other asbestos cases and makes no provision for the fact that Grace is the Libby Claimants' sole source of exposure (¶23); (D) Failure to disclose deviations from the standards, procedures and historical results obtained through the tort system (¶26); (E) Failure to disclose the basis for the asbestos fund figures and proposed caps (¶26); and | (A) Libby Claimants are not impaired. See Brief Regarding Certain Confirmation Issues for response. (B) Not a Disclosure Statement Objection. See Brief Regarding Certain Confirmation Issues, Estimation Reply[6] and New CMO Reply[7] for response. (C) Disclosure is adequate. Plan provides for appropriate procedures regarding estimation; see Response to Objections to Disclosure Statement and Estimation Reply for response. (D) Disclosure is adequate. Plan provides for appropriate procedures regarding estimation; see Estimation Reply for response. (E) ADS provides additional disclosure. Plan provides for appropriate procedures regarding estimation; see Section 4.7.6 at Tab 57. See also Estimation Reply for response. | |

---

[5] Response to Objections to Disclosure Statement filed on January 7, 2005 (Docket No. 7486).
[6] Estimation Reply filed on January 7, 2005 (Docket No. 7502).
[7] New CMO Reply filed on January 7, 2005 (Docket No. 7492).

91100-001\DOCS_DE:104605.1

# W. R. GRACE DISCLOSURE STATEMENT OBJECTION CHART
## SORTED BY DOCKET NUMBER

| No. | Objecting Party | Basis of Objection | Action Taken | Status |
|---|---|---|---|---|
|  |  | (F) Failure to disclose the magnitude of "the tragedy of Libby" (¶26). | (F) Disclosure is adequate; see Sections 2.3.2 and 2.5.1.1 of ADS at Tab 22. |  |
| 14. | *Future Claimants Representative (Docket No. 7340)*<br><br>Phillips Goldman & Spence, P.A.<br>John C. Phillips, Jr. Esq.<br><br>Swidler Berlin Shereff Friedman, LLP<br>Roger Frankel, Esq.<br>Richard H. Wyron, Esq.<br>Matthew W. Cheney, Esq.<br>Debra L. Felder, Esq. | DS should not be approved because the Plan is patently unconfirmable as a matter of law (p.2) for the following reasons:<br><br>(A) Asbestos Claims are impaired under the Plan and Plan related motions (pp.2, 7, 8-11);<br><br>(B) An affirmative vote is required to satisfy § 524(g) (pp.2, 7, 11-13); and<br><br>(C) Improper estimation of Asbestos Claims for distribution purposes and unfair cap of the Debtors' aggregate asbestos liability (pp.7, 13-17). | (A) Asbestos Claims are not impaired. See Brief Regarding Certain Confirmation Issues for response.<br><br>(B) An affirmative vote is not required to satisfy § 524(g). See Brief Regarding Certain Confirmation Issues for response.<br><br>(C) Estimation is appropriate. See Brief Regarding Certain Confirmation Issues for response. |  |
| 15. | *U.S. Attorney (DOJ and EPA) (Docket No. 7341)*<br><br>Office of the United States Attorney<br>Colm F. Connolly, Esq.<br>Ellen Slights, Esq.<br><br>U.S. Department of Justice<br>Environmental Enforcement Section<br>James D. Freeman, Esq.<br><br>U.S. Department of Justice<br>Environment & Natural Resources Div.<br>Thomas L. Sansonetti, Esq.<br><br>U.S. EPA Region 8<br>Andrea Madigan, Esq. | (A) Failure to disclose that Comprehensive Environmental Response Compensation and Liabilities Act (CERCLA) should be excepted out of the definition of Asbestos PD claims (p.1). | (A) Requested clarification provided in Amended Glossary; see Exhibit 2 ¶16 at Tab 54. | Objections resolved as per 01.11.05 e-mail. |
| 16. | *Office of the United States Trustee (Docket No. 7342)*<br><br>Office of the United States Trustee<br>Frank J. Perch III, Esq. | (A) Failure to explain the proposed unimpaired treatment of asbestos claimants and how they will be paid in full (¶15(a));<br><br>(B) Inclusion of procedures for objecting to claims after confirmation are contrary to law (¶15(b));<br><br>(C) Failure to disclose that the procedures regarding disallowance of certain claims are contrary to law (¶15(c)); | (A) Asbestos PI Claimants and Asbestos PD Claimants are not impaired. See Brief Regarding Certain Confirmation Issues for response.<br><br>(B) Requested disclosure provided; see Section 4.5.1 of ADS and Section 5.1 of AP at Tab 42.<br><br>(C) AP and ADS omit such disallowance process. See Section 8.1.3 of AP and Section 4.8.1.3 of ADS at Tab 47. | US Trustee and Debtors are discussing language to resolve the objections. |

91100-001\DOCS_DE:104605.1

# W. R. GRACE DISCLOSURE STATEMENT OBJECTION CHART
## SORTED BY DOCKET NUMBER

| No. | Objecting Party | Basis of Objection | Action Taken | Status |
|---|---|---|---|---|
| | | (D) Provision regarding release of third-party claims without their affirmative vote is not permissible (¶15(d)); and | (D) Not a Disclosure Statement Objection; Plan Objection. Debtors disagree with the U.S. Trustee's position. See Section 4.8 of ADS at Tab 17. | |
| | | (E) Exculpatory provision of the Plan is facially overbroad (¶15(e)). | (E) AP and ADS exclude exculpation for willful misconduct. See Section 4.11 of ADS and Section 11.8 of AP at Tab 18. | |
| 17. | **Official Committee of Asbestos Property Damage Claimants (Docket No. 7343)**  Bilzin Sumberg Baena Prince & Axelrod  Scott L. Baena, Esq.  Jay M. Sakalo, Esq.  Allyn S. Danzeisen, Esq.  Ferry, Joseph & Pearce, P.A.  Theodore J. Tacconelli, Esq. | (A) Asbestos PD Claimants are impaired and should vote (¶¶4-5, 9, 13-15); | (A) Asbestos PD Claimants are not impaired. See Brief Regarding Certain Confirmation Issues for response. | Asbestos PD Committee and Debtors are discussing language to resolve the objections. |
| | | (B) Estimation cannot be used to cap Debtors' liability for Asbestos PD Claims (¶¶4,18-19); | (B) Estimation may be used in this manner. See Brief Regarding Certain Confirmation Issues and Estimation Reply for response. | |
| | | (C) Asbestos Trust must own a majority of the Debtors' voting shares under § 524(g) (¶4, 20-23); | (C) Not a Disclosure Statement Objection. Plan complies with Section 524(g) requirements; Section 524(g)(2)(B)(i)(III) only requires that the Asbestos Trust "is to own, or by the exercise of rights granted under such plan would be entitled to own if specified contingencies occur, a majority of voting shares . . ." | |
| | | (D) Failure to disclose how Debtors arrived at the "artificial ceiling" on the Asbestos Trust Aggregate Fund (¶28, pp.15-16); | (D) Additional disclosure provided; see Section 4.7.6 of ADS at Tab 57. See also Estimation Reply for response. | |
| | | (E) Failure to disclose that the Plan impairs most Claimants and thus should explain the alternate view that they are impaired (¶28, pp.16-17); | (E) Asbestos Claimants are not impaired. See Brief Regarding Certain Confirmation Issues for response. | |
| | | (F) Failure to disclose that the description of ZAI is inaccurate and should include a description of the contrary evidence and arguments regarding harmful nature of ZAI (¶28, p.17); | (F) Additional disclosure provided; see Section 2.3.3 of ADS at Tab 23. | |
| | | (G) Failure to disclose the description of historical asbestos related litigation (¶28, pp.17-18); | (G) Additional disclosure provided; see Sections 2.4 and 4.7.6 of ADS at Tab 24. See also Estimation Reply for response. | |
| | | (H) Failure to provide basis that the Asbestos Trust Assets will be sufficient to satisfy all legitimate asbestos claims (¶28, pp.18-19); | (H) See Brief Regarding Certain Confirmation Issues for response. | |
| | | (I) Failure to disclose and describe the eight Asbestos PD lawsuits (¶28, p.19); | (I) Additional disclosure provided; see Section 2.4.2 of ADS at Tab 25. | |
| | | (J) Failure to disclose the nature and extent of the ZAI class action lawsuits (¶28, p.19); | (J) Additional disclosure provided; see Section 2.4.3 of ADS at Tab 26. | |

7

# W. R. GRACE DISCLOSURE STATEMENT OBJECTION CHART SORTED BY DOCKET NUMBER

| No. | Objecting Party | Basis of Objection | Action Taken | Status |
|---|---|---|---|---|
| | | (K) Failure to disclose which sites are at issue in the Consent Decree and Debtors' exposure if an agreement is not reached (¶28, pp.19-20); | (K) Additional disclosure provided; see Section 2.5.1.3 of ADS at Tab 28. | |
| | | (L) Failure to disclose and describe the environmental insurance coverage actions (¶28, p.20); | (L) Additional disclosure provided; see Section 2.5.1.6 of ADS at Tab 29. | |
| | | (M) Failure to disclose the potential ramifications of the Debtors' objections to the Sealed Air Settlement Agreement and material inconsistencies with the Plan (¶28, pp.20-30); | (M) Additional disclosure provided; see Section 2.5.2 of ADS at Tab 9. | |
| | | (N) Failure to disclose the amounts of state income tax claims, range of possible settlement values and time frame for settlement (¶28, pp.30-31); | (N) Additional disclosure provided; see Section 2.5.3.2.4 of ADS at Tab 30. | |
| | | (O) Failure to disclose the impact to holders of Asbestos Claims of the Debtors' asbestos related insurance, adequately describe the insurance section for a reasonable investor and disclose Debtors' intentions with the recovered insurance proceeds (¶28, p.31); | (O) Disclosure is adequate; see Section 2.8.2 of ADS at Tab 33. | |
| | | (P) Failure to disclose Exhibit 11 (¶28, p.32); | (P) Exhibit 11 will be filed with this Court prior to approval of ADS. | |
| | | (Q) Failure to disclose that Debtors' valuation is subject to dispute (¶28, pp.32-33); | (Q) Requested disclosure provided; see Section 2.8 of ADS at Tab 32. | |
| | | (R) Failure to update and analyze the Montana Grand Jury Investigation (¶28, p.33); | (R) Additional disclosure provided; see Section 3.2.8.3 of ADS at Tab 36. | |
| | | (S) Failure to disclose potential impact of ruling on Motion Requesting the District Court to Refer Jurisdiction to the Bankruptcy Court for CMO (¶28, pp.33-34); | (S) Additional disclosure provided; see Section 3.2.9 of ADS at Tab 37. | |
| | | (T) Failure to adequately describe the Canadian proceeding and Grace's potential liability for Canadian claims (¶28, p.34); | (T) Additional disclosure provided; see Section 3.3.6 of ADS at Tab 38. | |
| | | (U) Failure to disclose the interplay of the payment of Intercompany Claims and limited substantive consolidation (¶28, p.34); | (U) Additional disclosure provided; see Section 4.7.13 of ADS at Tab 46. | |
| | | (V) Failure to explain Debtors' reference to an "amount asserted" by a Holder of an Asbestos PI-SE Claim (¶28, pp.34-35); | (V) Additional disclosure provided; see Section 4.3.1.6 of ADS at Tab 41. | |

8

# W. R. GRACE DISCLOSURE STATEMENT OBJECTION CHART SORTED BY DOCKET NUMBER

| No. | Objecting Party | Basis of Objection | Action Taken | Status |
|---|---|---|---|---|
| | | (W) Failure to disclose interplay between liability and control of determination of Class 7 Claims in the Asbestos Trust and failure to explain Debtors' reference to an "amount asserted" by a Holder of an Asbestos PI-AO Claim (¶28, p.35); | (W) Additional disclosure provided; see Section 4.5.3 of ADS at Tab 43. | |
| | | (X) Failure to disclose the steps to estimate the amount of Asbestos PD claims, range of the size of the Asbestos Trust Expenses Fund, and result if the actual amount exceeds the estimated amount of such Expenses (¶28, pp.35-37); | (X) Disclosure is adequate. AP provides for appropriate procedures regarding estimation; see Estimation Reply for response. | |
| | | (Y) Failure to disclose why General Unsecured Claims are impaired (¶28, p.37); | (Y) Additional disclosure provided; see Section 4.3.1.9 and chart in Section 1.2.1 of ADS at Tab 56. | |
| | | (Z) Failure to adequately disclose amendments to the Article of Incorporation and Certificates of Incorporation, proposed amendments to by-laws and the purchase of D&O and fiduciary liability tail coverage (¶28, pp.37-38); | (Z) Requested disclosure is premature and will be provided in connection with Plan confirmation. Additional disclosure provided; see Section 4.7.1 of ADS at Tab 44. | |
| | | (AA) Failure to disclose allocation of the Sealed Air Payment to the various Funds, summarize certain sections of the Plan, and discuss the "cooperation agreement" (¶28, pp.38-40); | (AA) Disclosure is adequate. Money is fungible and may be allocated as needed. ADS incorporates only a summary of the AP. AP should be referenced for the complete provisions. Discussion of a cooperation agreement with an Asbestos Trust that has not yet been established is premature. See Section 4.7.2 of ADS at Tab 45. | |
| | | (BB) Failure to adequately summarize the Contracts section of the Plan (¶28, pp.40-41); | (BB) Disclosure is adequate. ADS incorporates only a summary of the AP. AP should be referenced for the complete provisions. See Section 4.9 of ADS at Tab 49. | |
| | | (CC) Failure to disclose retention of jurisdiction over any proceeding involving the channeling injunction (¶28, p.41); | (CC) Disclosure is adequate; see Section 10.4(f) of AP at Tab 52. | |
| | | (DD) Failure to disclose the potential causes of action (¶28, p.41); | (DD) Disclosure is adequate; see Sections 2.7.3 and 4.11 of ADS at Tab 31. | |
| | | (EE) Failure to disclose that the description of Section 11.9 in the Plan is internally inconsistent because the Plan and DS mention that the Reorganized Debtors will retain an interest in prosecuting objections to Asbestos PI-AO Claims (¶28, pp.41-42); | (EE) Disclosure is adequate; section 11.9 is not internally inconsistent. Section 11.9 refers to title to assets and vesting of such title in the Asbestos Trust or Reorganized Debtor, as applicable. See Section 11.9 of AP at Tab 53. | |

91100-001\DOCS_DE:104605.1

# W. R. GRACE DISCLOSURE STATEMENT OBJECTION CHART
# SORTED BY DOCKET NUMBER

| No. | Objecting Party | Basis of Objection | Action Taken | Status |
|---|---|---|---|---|
|  |  | (FF) Failure to disclose how the Plan meets the requirements of §§ 1129 and 524(g) (¶28, p.42); | (FF) Not a Disclosure Statement Objection. The Plan meets the requirements of §§ 1129 and 524(g); see Brief Regarding Certain Confirmation Issues for response. |  |
|  |  | (GG) Failure to explain how Debtors will achieve § 524(g) vote when Holders of Asbestos Claims do not vote (¶28, p.42); and | (GG) Actual vote is not required to satisfy § 524(g)(2)(B)(IV)(bb) requirement. See Brief Regarding Certain Confirmation Issues for response. |  |
|  |  | (HH) Failure to disclose that Debtors cannot "cramdown" § 524 (¶28, pp.42-43). | (HH) See Brief Regarding Certain Confirmation Issues for response. |  |
| 18. | *U.S. Securities and Exchange Commission* *(Letter received December 10, 2004)* | (A) Failure to provide a chart applying the valuation analysis to probable scenarios of common stock value issued pursuant to the plan; | (A) Requested disclosure provided; see Section 2.8.2.6 of ADS at Tab 34. | Issues resolved as per 01.11.05 e-mail. |
|  |  | (B) Failure to disclose risk factor for post-confirmation value of the Parent Common Stock by further dilution of interests through the exercise of warrants by the Asbestos Trust; | (B) Requested disclosure provided; see Sections 2.8.2.6 and 8.4 of ADS at Tab 51. |  |
|  |  | (C) Failure to disclose reference to periodic public reports filed by EDGAR in financial information; | (C) Requested disclosure provided; see Amended Exhibit 4 at Tab 55. |  |
|  |  | (D) Failure to disclose the questions over the inclusion of releases in Section 8.6; | (D) Disclosure provides that objectors disagree with release provisions; see Section 4.8 of ADS at Tab 17. |  |
|  |  | (E) Failure to disclose that the ballot should include a conspicuous statement that a vote in favor of the Plan constitutes a release; | (E) Requested disclosure provided; see Amended Ballot at Tab 19. |  |
|  |  | (F) Failure to disclose risk factor that parties may object to confirmation of the Plan based upon the inclusion of third party, nondebtor releases; and | (F) See response to (D) above. |  |
|  |  | (G) Failure to disclose complete SEC disclaimer in the preface. | (G) Requested language provided; see Preface of ADS at Tab 20. |  |
| 19. | *Pension Benefit Guaranty Corporation* *(Informal e-mail correspondence)* | (A) Failure to include additional language regarding "Non-Dischargeable ERISA liability." | (A) Requested language provided; see Section 4.8.1.4 of ADS and Section 8.1.4 of AP at Tab 48. | Issues resolved as per 12.16.04 e-mail. |