# EXHIBIT C

# W.R. GRACE & CO.
# ASBESTOS PROPERTY DAMAGE
# PROOF OF CLAIM FORM

*The United States Bankruptcy Court for the District of Delaware*
*In re: W.R. Grace & Co., et al., Debtors, Case No. 01-01139 (JKF)*
*(Jointly Administered)*

## SUBMIT COMPLETED CLAIMS TO:

**Claims Processing Agent**
**Re: W.R. Grace & Co. Bankruptcy**
**PO Box 1620**
**Faribault, MN 55021-1620**

For a complete list of the Debtors in this case, please see "The Debtors" section of the
*General Instructions for Completing Proof of Claim Forms*. The Debtors in this case are
collectively referred to in this document as "Grace".

If you have a current claim against Grace for property damage allegedly resulting from asbestos from a
Grace product *(other than Zonolite Attic Insulation)*, THIS ASBESTOS PROPERTY DAMAGE PROOF
OF CLAIM FORM MUST BE RECEIVED ON OR BEFORE 4:00 P.M. EASTERN TIME ON MARCH 31,
2003, or you will be forever barred from asserting or receiving payment for your claim.

PremierView™ forms by NCS Pearson  MW239276-2   654321   Printed in U.S.A.

## INSTRUCTIONS FOR FILING THE W.R. GRACE & CO. ASBESTOS PROPERTY DAMAGE PROOF OF CLAIM FORM

### WHO SHOULD USE THIS ASBESTOS PROPERTY DAMAGE PROOF OF CLAIM FORM

1. This Asbestos Damage Proof of Claim Form (referred to in this document as the "Form") applies only to <u>current</u> claims made against Grace by or on behalf of parties who are alleging property damage with respect to asbestos in real property owned by the party (such person is referred to in this document as the "claiming party") from a Grace asbestos-containing product or as a result of one of Grace's vermiculite mining, milling, or processing facilities.

2. The Bar Date does not apply to Asbestos Personal Injury Claims, Settled Asbestos Claims or Zonolite Attic Insulation Claims. Those claims will be subject to a separate claim submission process and should not be filed at this time.

3. This form should not be used for Medical Monitoring Claims or Non-Asbestos Claims. Instead, separate specialized proof of claim forms for these claims should be completed.

4. If you are alleging current claims against Grace with respect to asbestos in more than one (1) real property, the claiming party should complete an Asbestos Property Damage Proof of Claim Form for <u>each</u> property. You may request additional forms by calling the Claims Processing Agent at 1-800-432-1909.

### GENERAL INSTRUCTIONS

1. This form must be signed by the claimant or authorized agent of the claimant. THIS FORM MUST BE RECEIVED ON OR BEFORE 4:00 PM EASTERN TIME ON MARCH 31, 2003, or you forever will be precluded from asserting your claim(s) against or receiving payment from Grace. Return your completed form to the Claims Processing Agent, Re: W.R. Grace & Co. Bankruptcy, P.O. Box 1620, Faribault, MN 55021-1620.
   If you are returning this form by mail, allow sufficient time so that this form is received on or before March 31, 2003. Forms that are postmarked before March 31, 2003 but received after March 31, 2003 will not be accepted. Only original forms will be accepted for filing. Forms transmitted by facsimile will not be accepted for filing.

2. If you cannot fit all information in any particular section or page, please make a copy of that page before filling it out and attach as many additional pages as needed.

3. If you are unable to provide any of the information required by the proof of claim form, please so specify, as well as provide a short statement describing why such information is unavailable. If you are in the process of obtaining such information at the time you file your proof of claim, please so advise and indicate that the same shall be provided when obtained.

4. This form must be filled out completely using BLACK or BLUE ink or may be typewritten.
   • Please print clearly using capital letters only.       • Do not use a felt tip pen.
   • Skip a box between words.                              • Do not bend or fold the pages of the form.
   • Do not write outside of the boxes or blocks.

5. Because this form will be read by a machine, please print characters using the examples below. For optimum accuracy, please print in capital letters and avoid contact with the edge of the character boxes.

6. Mark check boxes with an "X" (example at right).    ⊠     NAME HERE

7. Be <u>accurate</u> and <u>truthful</u>. A Proof of Claim Form is an official court document that may be used as evidence in any legal proceeding regarding your claim. The penalty for presenting a fraudulent claim is a fine of up to $500,000 or imprisonment for up to five years or both. 18 U.S.C. §§ 152 & 3571.

8. Make a copy of your completed Form to keep for your records. <u>Send</u> only <u>original</u> Forms to the Claims Processing Agent at the following address: Claims Processing Agent, Re: W.R. Grace & Co. Bankruptcy
   PO Box 1620
   Faribault, MN 55021-1620.

9. You will receive written notification of the proof of claim number assigned to this claim once it has been processed.

## PART 1: CLAIMING PARTY INFORMATION

**NAME:**

`PacifiCorp c/o Mike Jenkins`

*Name of individual claimant (first, middle and last name) or business claimant*

**SOCIAL SECURITY NUMBER (Individual Claimants):**

*(last four digits of SSN)*

**F.E.I.N. (Business Claimants)**

`93` - `0246090`

**Other names by which claiming party has been known (such as maiden name or married name):**

*First*                     *MI*  *Last*

*First*                     *MI*  *Last*

**GENDER:** ☐ MALE    ☐ FEMALE    ■

**Mailing Address:**

`201 South Main Suite 2200`
*Street Address*

`Salt Lake City`                     `UT` `84111`
*City*                               *State* *Zip Code*
                                     *(Province)* *(Postal Code)*

`USA`
*Country*

## PART 2: ATTORNEY INFORMATION

**The claiming party's attorney, if any (You do not need an attorney to file this form):**

**Law Firm Name:**

`LeBoeuf Lamb Greene & MacRae`

**Name of Attorney:**

`Steven`                `J` `McCardell`
*First*                 *MI* *Last*

**Mailing Address:**

`136 South Main Street Suite 1000`
*Street Address*

`Salt Lake City`                     `UT` `84101`
*City*                               *State* *Zip Code*
                                     *(Province)* *(Postal Code)*

**Telephone:**

`(801) 320-6700`    ■
*Area Code*

9 2 7 6 1 0 1                        **SERIAL #**

## PART 3: PROPERTY INFORMATION

### A. Real Property For Which A Claim Is Being Asserted

1. What is the address of the real property for which a claim is being asserted (referred to herein as "the property")?

   `147 South 400 West`
   *Street Address*

   `Salt Lake City`                    `UT`  `84101`
   *City*                              *State*      *Zip Code*
                                       *(Province)* *(Postal Code)*
   `USA`
   *Country*

2. Are you completing an Asbestos Property Damage Proof of Claim Form for any other real property other than the one listed at "1" above?

   ☒ Yes        ☐ No

3. Do you currently own the property listed in Question 1, above?

   ☒ Yes        ☐ No

4. When did you purchase the property?   `10` - `09` - `1911`          SEE ATTACHMENT A
                                          *Month Day   Year*

5. What is the property used for (check all that apply)?
   ☐ Owner occupied residence
   ☐ Residential rental
   ☐ Commercial
   ☒ Industrial    Specify: `electrical substation`
   ☐ Other         Specify: `                    `

6. How many floors does the property have?   `1-2`

7. What is the approximate square footage of the property?   `57,830`

8. When was the property built?
   ☒ Before 1969
   ☐ 1969 - 1973
   ☐ After 1973

9. What is the structural support of the property?
   ☐ Wood frame
   ☐ Structural concrete
   ☐ Brick
   ☒ Steel beam/girder
   ☐ Other    Specify: `                    `

10. Have you or has someone on your behalf completed any interior renovations on the property which affected any asbestos on the property?

    ☐ Yes    ☒ No

    9276102                                SERIAL #

**A.**  **Real Property For Which A Claim Is Being Asserted (continued)**

If yes, please specify the dates and description of such renovations.

| | | | | Description | |
|--|--|--|--|--|--|
*Year*

| | | | | Description | |
|--|--|--|--|--|--|
*Year*

| | | | | Description | |
|--|--|--|--|--|--|
*Year*

11. To the best of your knowledge, have any other interior renovations been completed on the property during any other period of time which affected any asbestos on the property?

☐ Yes    ☒ No

If yes, please specify the dates and descriptions of such renovations.

| | | | | Description | |
|--|--|--|--|--|--|
*Year*

| | | | | Description | |
|--|--|--|--|--|--|
*Year*

| | | | | Description | |
|--|--|--|--|--|--|
*Year*

**B.**  **Claim Category**

12. For which category are you making a claim on the property?

☐ Category 1:  Allegation with respect to asbestos from a Grace product in the property

☒ Category 2:  Allegation with respect to one of Grace's vermiculite mining, milling or processing operations

• If you checked Category 1 in question 12, complete section C.
• If you checked Category 2 in question 12, complete section D.

**C.**  **Category 1 Claim: Allegation With Respect To Asbestos From A Grace Product In The Property**

13. For what alleged asbestos-containing product(s) are you making a claim?

☐ Monokote-3 fireproofing insulation

☐ Other      Specify: _____

(For a list of the brand names under which Grace manufactured products that may have contained commercially added asbestos, see Exhibit 2 to the Claims Bar Date Notice provided with this Proof of Claim Form.)

14. When did you or someone on your behalf install the asbestos containing product(s) in the property?

| | | | | ☐ I did not install the product(s) |
|--|--|--|--|--|
*Year*

15. If you or someone on your behalf did not install the asbestos containing product(s), to the best of your knowledge, when was/were the product(s) installed?

| | | | | ☐ Don't know. |
|--|--|--|--|--|
*Year*

9 2 7 6 1 0 3                                    **SERIAL #**

16. Do you have documentation relating to the purchase and/or installation of the product in the property?

☐ Yes    ☐ No

If Yes, attach all such documents. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

17. If you do not have any such documents, explain why not and indicate who may have possession or control of such documents with respect to the property.

18. When did you first know of the presence of asbestos in the property of the Grace product for which you are making this claim?

Year

Please attach all documents relating or referring to the presence of asbestos in the property for which you are making this claim. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

19. How did you first learn of the presence of asbestos in the property of the Grace product for which you are making this claim?

20. When did you first learn that the Grace product for which you are making this claim contained asbestos?

Year

21. How did you first learn that the Grace product for which you are making the claim contained asbestos?

22. Have you or someone on your behalf made an effort to remove, contain and/or abate the Grace product for which you are making this claim?

☐ Yes    ☐ No

If Yes, attach all documents relating or referring to such efforts. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

23. If you do not have any such documents, explain why not and indicate who may have possession and control of such documents with respect to the property.

24. If you or someone on your behalf did not make an effort to remove, contain and/or abate the Grace product(s) for which you are making a claim, to the best of your knowledge, did anyone else make such an effort?

☐ Yes    ☐ No

9276104                                SERIAL #

25. If you responded Yes to question 22. or 24. and you have not supplied documents, please specify the dates and descriptions of any such efforts.

| | | | | Description | |
|---|---|---|---|---|---|

*Year*

| | | | | Description | |
|---|---|---|---|---|---|

*Year*

| | | | | Description | |
|---|---|---|---|---|---|

*Year*

26. Have you or anyone on your behalf ever conducted any testing or sampling for the presence of asbestos or other particulates in the property?

☐ Yes      ☐ No      **If Yes, Attach All Documents Related To Any Testing Of The Property.**

27. If you responded Yes to question 26., but you have not provided documents, indicate who may have possession or control of such testing documents or where such documents may be located.

28. If you or someone on your behalf did not conduct any testing or sampling for the presence of asbestos or other particulates on the property, to the best of your knowledge, did anyone else conduct such testing or sampling with respect to the property?

☐ Yes      ☐ No

29. If you responded Yes to question 26. or 28. and you have not supplied related documents, please describe when and by whom and the type of testing and/or sampling (e.g. air, bulk and dust sampling).

| | | | | Company/Individual | |
|---|---|---|---|---|---|

*Year*        Type of testing:

| | | | | Company/Individual | |
|---|---|---|---|---|---|

*Year*        Type of testing:

| | | | | Company/Individual | |
|---|---|---|---|---|---|

*Year*        Type of testing:

30. Has the Grace product or products for which you are making this claim ever been modified and/or disturbed?

☐ Yes      ☐ No

31. If yes, specify when and in what manner the Grace product or products was modified and/or disturbed?

| | | | | Description | |
|---|---|---|---|---|---|

*Year*

| | | | | Description | |
|---|---|---|---|---|---|

*Year*

| | | | | Description | |
|---|---|---|---|---|---|

*Year*

**D.** **Category 2 Claim:**  **Allegation With Respect To One of Grace's Vermiculite Mining, Milling Or Processing Operations**

32. What is the business address or location of the Grace operation which has led to your claim?

`Vermiculite Intermountain Insulation`
*Business Name*

`Approx. 333 West 100 South`
*Street Address*

`Salt Lake City`                                    `UT`  `84101`
*City*                                              *State*      *Zip Code*
                                                    *(Province)*  *(Postal Code)*
`USA`
*Country*

33. If your claim relates to a personal residence, does (or did) anyone living in the household work for Grace?

☐ Yes    ☒ No

34. If yes, specify the following for each such individual:

| Name of Individual Working at Grace Operation | Name of Individual Working at Grace Operation |
|---|---|
| **Date of Birth** ☐☐ - ☐☐ - ☐☐☐☐ *Month  Day   Year* | **Date of Birth** ☐☐ - ☐☐ - ☐☐☐☐ *Month  Day   Year* |
| **Occupation(s) of Individual** | **Occupation(s) of Individual** |
| **Dates Worked at Operation** From: ☐☐☐☐ To: ☐☐☐☐ *Year      Year* | **Dates Worked at Operation** From: ☐☐☐☐ To: ☐☐☐☐ *Year      Year* |
| **Name of Individual Working at Grace Operation** | **Name of Individual Working at Grace Operation** |
| **Date of Birth** ☐☐ - ☐☐ - ☐☐☐☐ *Month  Day   Year* | **Date of Birth** ☐☐ - ☐☐ - ☐☐☐☐ *Month  Day   Year* |
| **Occupation(s) of Individual** | **Occupation(s) of Individual** |
| **Dates Worked at Operation** From: ☐☐☐☐ To: ☐☐☐☐ *Year      Year* | **Dates Worked at Operation** From: ☐☐☐☐ To: ☐☐☐☐ *Year      Year* |

35. When did you first know of the presence of asbestos on your property?  `2002`
                                                                           *Year*

36. How did you first learn of the presence of asbestos on your property?

> See Attachment B.

Attach all documents relating or referring to the presence of asbestos on the property. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession or control of the document.

If you provide a summary of the documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

37. If you do not have any documents relating or referring to the presence of asbestos on the property, explain why not and indicate who may have possession or control of any such documents with respect to the property.

38. Have you or anyone on your behalf made an effort to remove, contain and/or abate the asbestos on your property?

☒ Yes        ☐ No                    SEE ATTACHMENT C

If Yes, attach all documents relating or referring to such efforts. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession or control of the document.

If you provide a summary of the documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

39. If you do not have any documents relating or referring to the removal, containment and/or abatement of the asbestos on your property, explain why not and indicate who may have possession and control of such documents with respect to the property.

40. If you or someone on your behalf did not make an effort to remove, contain and/or abate the asbestos on your property, to the best of your knowledge, did anyone else make such an effort?

☐ Yes        ☐ No

9276107                              SERIAL #

41. If you responded Yes to question 38. or question 40. and you have not supplied related documents, please specify the dates and descriptions of any such efforts.

| Year | Description |
|------|-------------|
| | |

| Year | Description |
|------|-------------|
| | |

| Year | Description |
|------|-------------|
| | |

42. Have you or anyone on your behalf conducted any other testing or sampling for the presence of asbestos on your property?

☒ Yes    □ No      SEE ATTACHMENT D

If Yes, attach all documents relating or referring to such efforts. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession or control of the document.

If you provide a summary of the documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

43. If you do not have any documents relating or referring to any other such testing or sampling for the presence of asbestos on your property, explain why not and indicate who may have possession or control of such documents with respect to the property.

44. If you or someone on your behalf did not conduct any other testing or sampling for the presence of asbestos on your property, to the best of your knowledge, did anyone else conduct such testing or sampling?

□ Yes    □ No

45. If you responded Yes to question 42. or question 44. and you have not supplied related documents, please specify the dates and descriptions of any such efforts.

| Year | Description |
|------|-------------|
| | |

| Year | Description |
|------|-------------|
| | |

| Year | Description |
|------|-------------|
| | |

46. Were you aware of the presence of asbestos on your property when you purchased your property?

□ Yes    ☒ No

47. If you have sold the property, were you aware of the presence of asbestos on your property when you sold your property?

□ Yes    □ No    □ Not Applicable, have not sold the property

9276108                      **SERIAL #**

## PART 4: ASBESTOS LITIGATION AND CLAIMS

### A. INTRODUCTION

1. Has any asbestos-related property damage lawsuit or claim been filed against Grace on behalf of this claiming party relating to the property for which you are making this claim?

   ☒ No
   ☐ Yes – lawsuit
   ☐ Yes – non-lawsuit claim (other than a workers' compensation claim)

2. Has any asbestos-related property damage lawsuit or claim been filed against any other party on behalf of this claiming party relating to the property for which you are making this claim?

   ☒ No
   ☐ Yes – lawsuit
   ☐ Yes – non-lawsuit claim (other than a workers' compensation claim)

   *If an asbestos-related property damage lawsuit has been filed by or on behalf of this claiming party relating to the property for which you are making a claim, complete Section B. below.*

   *If an asbestos-related property damage non-lawsuit claim has been made by or on behalf of this claiming party relating to the property for which you are making a claim, complete Section C. on the following page.*

### B. LAWSUITS

1. Please provide the following information about each asbestos-related property damage lawsuit which has been filed relating to the property for which you are making this claim or attach a copy of the face page of each complaint filed.

   a. Caption [                                        ]

   b. Court where suit **originally filed**: [                    ]   Docket No.: [              ]
      *County/State*

   c. Date filed: [  ] – [  ] – [    ]
      *Month   Day   Year*

   a. Caption [                                        ]

   b. Court where suit **originally filed**: [                    ]   Docket No.: [              ]
      *County/State*

   c. Date filed: [  ] – [  ] – [    ]
      *Month   Day   Year*

   a. Caption [                                        ]

   b. Court where suit **originally filed**: [                    ]   Docket No.: [              ]
      *County/State*

   c. Date filed: [  ] – [  ] – [    ]
      *Month   Day   Year*

   (Attach additional pages if necessary.)

9 2 7 6 I 0 9                                   **SERIAL #⌋**

## C. NON-LAWSUIT CLAIMS

1. If the claiming party has made any claims relating to the property for which you are making a claim (including administrative claims) against anyone, that was not filed with a court of law, please provide the following information for each claim:

   a. Description of claim: _____

   b. Date submitted: ☐☐ - ☐☐ - ☐☐☐☐
      *Month   Day   Year*

   c. Name of entity to whom claim was submitted:
      ☐ Grace
      ☐ Other _____
              *Name of Entity*

   a. Description of claim: _____

   b. Date submitted: ☐☐ - ☐☐ - ☐☐☐☐
      *Month   Day   Year*

   c. Name of entity to whom claim was submitted:
      ☐ Grace
      ☐ Other _____
              *Name of Entity*

   a. Description of claim: _____

   b. Date submitted: ☐☐ - ☐☐ - ☐☐☐☐
      *Month   Day   Year*

   c. Name of entity to whom claim was submitted:
      ☐ Grace
      ☐ Other _____
              *Name of Entity*

## PART 5: SIGNATURE PAGE

All claims must be signed by the claiming party.

I have reviewed the information submitted on this proof of claim form and all documents submitted in support of my claim. I declare, under penalty of perjury,* that the above statements are true, correct, and not misleading.

CONSENT TO RELEASE OF RECORDS AND INFORMATION: To the extent that I have produced a summary rather than the documents themselves as requested above or indicated who has possession and control of certain documents, I hereby authorize and request that all other parties with custody of any documents or information concerning my property damage or the information contained in this Form, upon the reasonable request of Grace or Grace's representative, with a copy to the claiming party, disclose any and all records to Grace or to Grace's representative.

_____
SIGNATURE OF CLAIMANT

Date: 01 - 11 - 2005
      *Month   Day   Year*

*The penalty for presenting a fraudulent claim is a fine up to $500,000.00 or imprisonment up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

9276110

SERIAL #

Copyright © 2002 NCS Pearson, Inc.   All rights reserved.

## ATTACHMENT A

The Real Property for which PacifiCorp is asserting its claim ("Subject Property") was purchased by PacifiCorp's predecessor company, Utah Light & Railway, in 1911. Utah Light & Railway sold the Subject Property in 1954. PacifiCorp reacquired the Subject Property in 1984.

## ATTACHMENT B

### D.36: Summary of Documents Relating or Referring to the
### Presence of Asbestos on the Property

The documents relating or referring to the presence of asbestos on the property are too voluminous to attach. A summary of relevant documents is set forth below. All documents referred to below are in the custody of Dale Rasmussen, Associate General Counsel of PacifiCorp, and are located at PacifiCorp's offices at the following address:

825 N.E. Multnomah, Suite 1800
Portland, OR 97232

1.     Correspondence between EPA and PacficiCorp regarding investigation of Vermiculite Intermountain Facility for possible amphibole asbestos contamination.

         a.  Memo from J.Ackerman (EPA) to J. Loomis (PacifiCorp), February 13, 2001.

         b.  PacifiCorp is still in the process of identifying relevant documents.

2.     Internal PacifiCorp memoranda regarding October 14-16, 2002 sampling tests.

         a.  Email from D. Wilson (PacifiCorp) to J. Loomis, May 30, 2003.

         b.  Email from J. Loomis to J. Christensen (PacifiCorp), November 3, 2003.

         c.  PacifiCorp is still in the process of identifying relevant documents.

**ATTACHMENT C**

**D.38: Summary of Documents Relating or Referring to PacifiCorp's Efforts to Remove, Contain and/or Abate the Asbestos on the Property**

The documents relating or referring to PacifiCorp's efforts to remove, contain and/or abate the asbestos on the property are too voluminous to attach. A summary of relevant documents is set forth below. All documents referred to below are in the custody of Dale Rasmussen, Associate General Counsel of PacifiCorp, and are located at PacifiCorp's offices at the following address:

825 N.E. Multnomah, Suite 1800
Portland, OR 97232

1.    Results and reports from asbestos sampling tests, performed at the Vermicuilite Intermountain Facility on October 14-16, 2002.

   a.  FAX from CDM Federal Programs Corporation to J. Loomis, October 30, 2002.

   b.  FAX from J. McGuiggin, U.S. DOT/RSPA/Volpe Center/DTS-33, to J. Loomis, received February 3, 2003.

   c.  PacifiCorp is still in the process of identifying relevant documents.

2.    Internal PacifiCorp memoranda regarding October 14-16, 2002 sampling tests.

   a.  E-mail from D. Wilson to J. Loomis, May 30, 2003.

   b.  PacifiCorp is still in the process of identifying relevant documents.

3.    Results and reports from asbestos sampling tests, performed at the Vermiculite Intermountain Facility on September 22-24, 2003.

   a.  PacifiCorp is still in the process of identifying relevant documents.

4.    Internal PacifiCorp memoranda regarding September 22-24, 2003 sampling tests.

   a.  PacifiCorp is still in the process of identifying relevant documents.

5.    Results and reports from asbestos sampling tests, performed at the Vermiculite Intermountain Facility in November/December, 2003.

   a.  Letter from D. Roskelley of Reservoirs Environmental, Inc. to PacifiCorp, December 8, 2003.

   b.  Letter from S. Dixon of Dixon Information Inc. to D. Roskelley, December 8, 2003.

      c. PacifiCorp is still in the process of identifying relevant documents.

6.   Internal PacifiCorp memoranda regarding December, 2003 sampling tests.

       a. PacifiCorp is still in the process of identifying relevant documents.

**ATTACHMENT D**

**D.42: Summary of Documents Relating or Referring to PacifiCorp's Efforts to
Conduct Testing or Sampling For the Presence of Asbestos on the Property**

       The documents relating or referring to PacifiCorp's efforts to conduct testing or sampling
for the presence of asbestos on the property are too voluminous to attach. A summary of
relevant documents is set forth below. All documents referred to below are in the custody of
Dale Rasmussen, Associate General Counsel of PacifiCorp, and are located at PacifiCorp's
offices at the following address:

       825 N.E. Multnomah, Suite 1800
       Portland, OR 97232

1.    Correspondence between EPA and PacifiCorp regarding cleanup of the Vermiculite
Intermountain Facility Site.

       a.  E-mail from Floyd Nichols (EPA) to J. Loomis, January 26, 2004.

       b.  PacifiCorp is still in the process of identifying relevant documents.

2.    Documents relating to safety precautions taken by PacifiCorp for purposes of protecting
PacifiCorp employees from amphibole asbestos exposure.

       a.  E-mail from J. Loomis to J. Christensen (PacifiCorp), November 3, 2003.

       b.  Letter from American Asbestos Abatement to J. Christensen, January 29,
          2004.

       c.  Letter from PacifiCorp to PacifiCorp/Utah Power Retirees, May 26, 2004.

       d.  PacifiCorp is still in the process of identifying relevant documents.

3.    Documents relating to formation of the Administrative Order on Consent ("AOC")
between EPA and PacifiCorp, including EPA memoranda.

       a.  Letter from EPA to D. Wilson, June 7, 2004.

       b.  PacifiCorp is still in the process of identifying relevant documents.

4.    AOC (July 29, 2004)

5.    Documents relating to PacifiCorp's removal action performed under the AOC.

       a.  Work Plan

       b.  Health and Safety Plan

       c.  Quality Assurance and Sampling Reports

       d.  Progress reports to EPA.

       e.  E-mail from F. Nichols to D. Wilson, August 2, 2004.

       f.  PacifiCorp is still in the process of identifying relevant documents.

6.     Documents relating to costs incurred by PacifiCorp in performing the removal action.  A summary of such documents and costs is attached hereto as Attachment D.1.

.

## **ATTACHMENT D.1**

**Summary of Documents and Costs Relating to Costs PacifiCorp
Has Incurred in Cleaning Up the Subject Property**

# Cost Estimate of Clean-up of the 3rd West Substation 12/9/04

## Backhoe Excavation

| Invoice # | Description | Amount | Status |
|---|---|---|---|
| 4536 | Initial 1500 yds excavation + set-up @ $161.49(.75)/yd | $181,676.25 | Paid |
| | 1500 yds backfill @ $161.49(.25)/yd | $60,558.75 | Work not done yet |
| 4536 | 817 yds excavated @ $134.50(.75)/yd | $82,414.88 | Paid |
| | 817 yds backfill @ $134.50(.25)/yd | $27,471.63 | Work not done yet |
| 4574 | 1547 yds excavated @ $134.50(.75)/yd | $156,053.63 | Paid |
| | 1547 yds backfill @ $134.50(.25)/yd | $52,017.88 | Work not done yet |
| 4610 | 3244 yds excavated @ $139.50(.75)/yd | $339,403.50 | Paid |
| | 3244 yds backfill @ $139.50(.25)/yd | $113,134.50 | Work not done yet |
| 4640 | 2482 yds excavated @ $139.50(.75)/yd | $259,679.25 | Paid |
| | 2482 yds backfill @ $139.50(.25)/yd | $86,559.75 | Work not done yet |
| 4656 | 3740 yds excavated @ $139.50(.75)/yd | $391,297.50 | Paid |
| | 3740 yds backfill @ $139.50(.25)/yd | $130,432.50 | Work not done yet |
| 4708 | 2006 yds excavated @ $139.50(.75)/yd | $209,877.75 | Billed, Not Paid |
| | 2006 yds backfill @ $139.50(.25)/yd | $69,959.25 | Work not done yet |
| | 1000 yds excavated @ $139.50(.75)/yd | $334,800.00 | Work not done yet |
| | 1000 yds backfill @ $139.50(.25)/yd | $111,600.00 | Work not done yet |
| | | | |
| | 16336 yds total | $2,606,937.02 | |
| | | | |
| | 6600 yds additional backfill, due to compaction | $230,208.00 | Work not done yet |
| | | | |
| | Downtime equipment rental charges | $3,575.00 | Billed, Not Paid |
| | | | |
| | **Total for backhoe excavation** | **$2,840,720.02** | |

## Air Mover Excavation

| Invoice # | Description | Amount | Status |
|---|---|---|---|
| 4536 | Area north of north transformer | $2,923.76 | Paid |
| 4574 | Area north of north transformer | $27,246.82 | Paid |
| 4610 | UTA Substation area | $16,709.64 | Paid |
| 4640 | UTA Substation area and east of control house | $23,509.71 | Paid |
| 4656 | Area east of control house | $20,015.02 | Paid |
| 4708 | Area east of control house | $32,373.47 | Billed, Not Paid |
| | Completion with air mover | $220,000.00 | Work not done yet |
| | Backfill energized areas | $72,000.00 | Work not done yet |
| | | | |
| | **Total for air mover excavation** | **$414,778.42** | |

## Additional costs

**EPA**

| | | | |
|---|---|---|---|
| Oversight (Future Response Costs) | | $200,000.00 | Not billed yet |
| Clean-up of contamination at property edge | | $200,000.00 | Work not done yet |
| | | | |
| Total EPA | | | $400,000.00 |

**Internal and Reports**

| | | | |
|---|---|---|---|
| PERCo (Site history) | | $22,305.64 | Paid |
| PERCo work remaining | | $25,000.00 | Work not done yet |
| Misc. Expenses (DNW travel, etc.) | | $200,000.00 | |

| | | |
|---|---|---|
| Substation rebuild (locates, regrounding, etc) | $100,000.00 | |
| Total Internal and Reports | | $347,305.64 |
| **R&R Industrial Hygiene Consultant** | | |
| 2056 March '04 Work Plan prep | $5,837.82 | Paid |
| 2100 May '04 Work Plan & Sampling Plan prep | $4,401.76 | Paid |
| 2135 June '04 Work Plan & Sampling Plan prep | $3,775.00 | Paid |
| 2162 July '04 plan prep and site sampling | $3,210.00 | Paid |
| 2173 August '04 site documentation & sampling | $19,309.31 | Paid |
| 2190 Sept '04 site doc, sampling, & sample analysis | $29,979.25 | Paid |
| 2205 Oct '04 site doc, sampling, & sample analysis | $41,764.25 | Paid |
| 2222 Nov '04 site doc, sampling, & sample analysis | $37,064.88 | Paid |
| R&R work remaining | $100,000.00 | Work not done yet |
| Total R&R | | $245,342.27 |
| **Thermal West (Asbestos Abatement Contractor)** | | |
| 9577 control house cleaning | $22,000.00 | Paid |
| **Misc. Rentals, etc.** | | |
| 103195411 GE Capital (Office trailer rental, July-Aug) | $258.98 | Paid |
| 103222703 GE Capital (Office trailer rental, Aug-Sept) | $258.98 | Paid |
| 103257814 GE Capital (Office trailer rental, Sept-Oct) | $258.98 | Paid |
| 103285795 GE Capital (Office trailer rental, Oct-Nov) | $258.98 | Paid |
| GE Capital (Office trailer, projected need) | $900.00 | Work not done yet |
| Total GE Capital | | $1,935.92 |
| 70490 AMPCO Parking (Parking lot rental, Sept) | $2,135.00 | Paid |
| 70551 AMPCO Parking (Parking lot rental, Oct) | $2,135.00 | Paid |
| 70679 AMPCO Parking (Parking lot rental, Nov) | $2,135.00 | Paid |
| AMPCO Parking (Parking lot rental, Projected need) | $6,500.00 | Work not done yet |
| Total AMPCO | | $12,905.00 |
| IC8724 Work Care (Medical Imaging) | $614.00 | Paid |
| 583228 Work Care (Employee chest x-ray & asbestos review) | $302.00 | Paid |
| 584446 Work Care (Employee chest x-ray & asbestos review) | $218.00 | Paid |
| 585774 Work Care (Employee chest x-ray & asbestos review) | $501.00 | Paid |
| 586186 Work Care (Employee chest x-ray & asbestos review) | $151.00 | Paid |
| Work Care (Projected need) | $5,000.00 | Work not done yet |
| Total Work Care | | $6,786.00 |
| **Total Additional Costs** | **$1,036,274.83** | |
| **Estimated total for project** | **$4,291,773.27** | |
| **Excavation** | | |
| Invoiced and paid | $1,089,617.44 | |
| Invoiced, not paid | $245,826.22 | |
| Work performed, not yet invoiced | | |
| Estimated work remaining | $1,363,883.01 | |
| **Total excavation** | **$2,699,326.67** | |