IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------- )
In re                                                   )    Chapter 11
                                                        )
W. R. GRACE & CO., et al.,                              )    Case No. 01-01139 (JKF)
                                                        )    (Jointly Administered)
                                                        )
                                Debtors.                )    Hearing Date: February 28, 2005 @ 12:00 p.m.
                                                        )    Objection Deadline: February 11, 2005 at 4:00 p.m.
------------------------------------------------------- )

**APPLICATION FOR AN ORDER PURSUANT
TO SECTIONS 1103(a) AND 328(a) OF THE BANKRUPTCY
CODE, AND FED. R. BANKR. P. 2014 AND 2016, AUTHORIZING
THE RETENTION AND EMPLOYMENT OF GMA RESEARCH
CORPORATION AS SPECIAL CONSULTANT TO THE OFFICIAL
COMMITTEE OF ASBESTOS PROPERTY DAMAGE CLAIMANTS**

TO:     THE HONORABLE JUDITH K. FITZGERALD,
        UNITED STATES BANKRUPTCY JUDGE:

The Official Committee of Asbestos Property Damage Claimants (the "PD Committee") of the above-captioned debtors and debtors in possession (the "Debtors"), by and through this application (the "Application"), respectfully seek entry of an order pursuant to sections 1103(a) and 328(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the retention and employment of GMA Research Corporation ("GMA") as special consultant to the PD Committee and for approval of GMA's proposed terms of employment. In support of this Application, the PD Committee relies upon the Affidavit of Donald J. Morgan (the "Morgan Affidavit"), attached hereto as **Exhibit A**, and represents as follows:

## INTRODUCTION

1.      On April 2, 2001 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). On the Petition Date, the Court entered an order of joint administration pursuant to Federal Rule of Bankruptcy Procedure 1015(b) providing for the joint administration of these cases and for their consolidation for procedural purposes only. Pursuant to 11 U.S.C. §§ 1107(a) and 1108, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

2.      On April 12, 2001, the United States Trustee appointed the PD Committee. At a scheduled meeting on January 6, 2005, at which a majority of its members were present, the PD Committee selected GMA, subject to the Court's approval, to serve as a special consultant for the purpose of conducting a national survey of homeowners regarding their awareness of Zonolite Attic Insulation ("ZAI") in their homes.

3.      This Court has jurisdiction over these cases pursuant to 28 U.S.C. §§ 157 and 1334 and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

4.      By this Application, the PD Committee respectfully requests that the Court enter an order pursuant to sections 1103(a) and 328(a) of the Bankruptcy Code, and Rules 2014(a) and 2016 of the Bankruptcy Rules, authorizing the retention and

employment of GMA as its special consultant in connection with the Chapter 11 Cases, and granting such further and other relief as this Court deems just and proper.

## GMA'S QUALIFICATIONS

5.  GMA is a national and international marketing and public opinion research firm that, among other things, conducts public surveys and studies for a wide range of commercial and non-profit organizations and associations, arts groups and government agencies. GMA was founded in 1970 and is headquartered in Bellevue, Washington. GMA provides expert witness services in litigation involving public opinion surveys, marketing and advertising research. Representative GMA commercial clients include Boeing, Bank of America, United Airlines, American Airlines, Federated Department Stores, Microsoft and Nintendo.

## SERVICES TO BE PROVIDED BY GMA

6.  The PD Committee requires the services of GMA to react to the Debtors' proposed notice program in respect of ZAI. The PD Committee anticipates that GMA will render special consulting services for the PD Committee as needed, including:

> (i) Conducting by telephone a national public survey of homeowners in dwellings built prior to 1984 relating to such homeowners' awareness of the existence of ZAI in such dwellings;
>
> (ii) Tabulating survey results and preparing a summary report for the PD Committee on the results of the survey;

(iii)   Providing expert testimony as required by the PD Committee in connection with the survey; and

(iv)   Providing such other consulting and advisory services as may be requested by the PD Committee from time to time.

## GMA'S COMPENSATION

7.   GMA has agreed to accept as compensation for its services in this case such sums as may be allowed by this Court in accordance with law, based upon the services rendered, the results achieved, the difficulties encountered, the complexities involved, and other appropriate factors.

8.   Subject to this Court's approval, GMA has agreed to be compensated for its services as follows: (i) a flat fee of $40,000 for its services in connection with conducting the telephonic survey of homeowners and preparing the summary report; and (ii) a fixed hourly rate of $200.00 per hour for deposition and court appearances.

9.   In addition, also subject to allowance by this Court in accordance with the Administrative Fee Order and other applicable law, GMA shall bill the Debtors for reimbursement of all of its reasonable out-of-pocket expenses incurred in connection with GMA's employment.

## APPROVAL OF THE TERMS OF GMA'S ENGAGEMENT PURSUANT TO SECTION 328(a) OF THE BANKUPTCY CODE

10.   The PD Committee requests approval of the terms of GMA's engagement, subject to the standard of review provided in section 328(a) of the Bankruptcy Code. Section 328(a) of the Bankruptcy Code provides, in part, that a committee "with the court's approval, may employ or authorize the employment of a professional person under

section . . . 1103 . . . on any reasonable terms and conditions of employment, including a retainer, on an hourly basis, or on a contingent fee basis." 11 U.S.C. § 328(a). As recognized by numerous courts, Congress intended in section 328(a) to enable debtors and committees to retain professionals pursuant to specific fee arrangements to be determined at the time of the court's approval of the retention, subject to reversal only if the terms are found to be improvident in light of "developments not capable of being anticipated at the time of the fixing of such terms and conditions." 11 U.S.C. § 328(a). See In re Nat'l Gypsum Co., 123 F.3d 861, 862-63 (5th Cir. 1997) ("If the most competent professionals are to be available for complicated capital restructuring and the development of successful corporate reorganization, they must know what they will receive for their expertise and commitment.").

11. The PD Committee believes that GMA's fee structure is reasonable and should be approved under section 328(a) of the Bankruptcy Code. The fee structure appropriately reflects (i) the nature of the services to be provided by GMA, and (ii) the fee structure is typically utilized by GMA and other leading consultants. In sum, the PD Committee believes that the fee structure is reasonable in light of (a) industry practice, (b) market rates charged for comparable services both in and out of the chapter 11 context, (c) GMA's substantial experience with respect to notification programs, and (d) the nature and scope of work to be performed by GMA in the Chapter 11 Cases.

12. Subject to the foregoing, including the standards imposed by section 328(a) of the Bankruptcy Code, awards of compensation and expenses will be sought by GMA pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Administrative Fee Order, and the rules and orders of this Court.

## DISCLOSURE CONCERNING CONFLICTS AND PREPETITION PAYMENTS

13. GMA has informed the PD Committee that, except as described in the Morgan Affidavit, GMA (i) does not have or represent any interest materially adverse to the interests of the Debtors or their estates, creditors or equity interest holders, and (ii) is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code. Moreover, the retention and employment of GMA is necessary and in the best interests of the PD Committee, the Debtors and their estates and creditors.

14. As set forth in the Affidavit, GMA has not shared or agreed to share any of its compensation with any other person, other than a managing director, professional or employee of GMA, as permitted by section 504 of the Bankruptcy Code.

## NOTICE

15. Proper notice of this Application has been given and the PD Committee submits that no further notice be given.

## WAIVER OF MEMORANDUM OF LAW

16. As there are no novel issues of law presented herein, the PD Committee waives its right to file a memorandum of law in support of the Application, pursuant to Rule 7.1.2(a) of the Local District Court Rules, incorporated by reference into the Local Bankruptcy Rules by General Order #9D.

## PRIOR REQUEST FOR RELIEF

17. No previous application for the relief sought in this Application has been made to this or any other court.

WHEREFORE, the PD Committee respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit B**, pursuant to sections 1103(a) and 328(a) of the Bankruptcy Code, and Rules 2014(a) and 2016 of the Bankruptcy Rules (a) authorizing the retention and employment of GMA as its special consultant pursuant to the terms outlined in this Application; (b) approving the proposed fee structure as reasonable under section 328(a) of the Bankruptcy Code; and (c) granting such further and other relief as this Court deems just and proper.

Dated: January 20, 2005

        THE OFFICIAL COMMITTEE OF ASBESTOS
        PROPERTY DAMAGE CLAIMANTS

        By: /s/ Darrell Scott
            Darrell Scott, as designee of Mr. Marco
            Barbanti, Co-Chairman

        By: /s/ Daniel Speights
            Daniel Speights, as designee of
            Anderson Memorial Hospital,
            Co-Chairman