IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> W.R. GRACE & CO., et al., <br><br> Debtors. | ) <br> ) Chapter 11 <br> ) Case No. 01-1139 (JKF) <br> ) (Jointly Administered) <br> ) <br> ) Objection Deadline: February 11, 2005 <br> ) Hearing Date: February 28, 2005 at 12pm |

## SUPPLEMENTAL APPLICATION OF DAVID T. AUSTERN, FUTURE CLAIMANTS' REPRESENTATIVE, FOR AUTHORIZATION TO EXTEND TERMS OF EMPLOYMENT OF CIBC WORLD MARKETS CORP. AS FINANCIAL ADVISOR

David T. Austern, the Court-appointed legal representative for future asbestos claimants against the above-captioned Debtors (the "Future Claimants' Representative" or "FCR"), by counsel, hereby submits this supplemental application (the "Supplemental Application") for the entry of an Order, pursuant to section 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the Future Claimants' Representative to extend the terms of employment of CIBC World Markets Corp. ("CIBC"), as his financial advisor, previously approved by the Court on September 27, 2004. In support of this Supplemental Application, the Future Claimants' Representative respectfully represents as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over this Supplemental Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The statutory basis for the relief requested herein is Section 1103(a) of the Bankruptcy Code.

### Background

2. On April 2, 2001 (the "Petition Date"), W.R. Grace & Co. and 61 affiliated entities (collectively, the "Debtors") each filed a petition for relief under chapter 11 of the Bankruptcy Code. Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, the Debtors are

continuing in the management of their respective businesses and possession of their respective properties as debtors-in-possession.

3. By Order dated May 24, 2004, the Court appointed the FCR for these jointly administered cases (the "May 24, 2004 Order").

### The Court's Prior Approval of the FCR's Retention of CIBC

4. On June 18, 2004, the Future Claimants' Representative filed an application for authorization to employ CIBC as his financial advisor, effective as of June 4, 2004 (the "Retention Application"). [Doc. No. 5833].

5. By Order dated September 27, 2004, the Court authorized the FCR's employment of CIBC as his financial advisor, effective as of June 4, 2004 (the "Retention Order"). [Doc. No. 6479].

6. The Retention Order, inter alia, approved the terms of the engagement letter between the Future Claimants' Representative and CIBC dated June 4, 2004 (the "Engagement Agreement"), which provided that the initial term of CIBC's employment would expire six (6) months from the date of the Engagement Agreement, i.e., December 4, 2004. A copy of the Engagement Agreement is attached hereto as Exhibit 1.

### Relief Requested

7. By this Supplemental Application, the FCR respectfully requests that the Court enter an order extending the terms of CIBC's retention for an additional six (6) month period, effective as of December 1, 2004,[1] pursuant to the terms and conditions set forth in the Engagement Agreement, as modified by the supplemental engagement agreement dated January 18, 2005 (the "Supplemental Engagement Agreement"), and authorizing that CIBC be

---

[1] CIBC and the FCR have agreed to begin the second six (6) month period on December 1, 2004 rather than December 5, 2004. Accordingly, CIBC intends to seek compensation beginning December 1, 2004 pursuant to the terms of the Supplemental Engagement Agreement.

2

paid by the Debtors a monthly fee of $100,000.00 payable monthly in arrears for the second six (6) month period of CIBC's engagement, from December 1, 2004 through May 31, 2005. A copy of the Supplemental Engagement Agreement is attached hereto as Exhibit 2.

### **CIBC's Qualifications**

8. CIBC is well qualified to continue to act as the Future Claimants' Representative's financial advisor. CIBC's Financial Restructuring Group provides a range of financial advisory, investment banking and valuation services to debtors and debtors-in-possession, creditors' committees, acquirers, future claims representatives and other parties-in-interest in connection with bankruptcy cases and financially distressed situations. CIBC's professionals have served or are presently serving as financial advisors to debtors, creditors and trustees in numerous chapter 11 proceedings, including currently serving as the financial advisor to future claimants' representatives in three other asbestos bankruptcy cases. In addition to CIBC's significant expertise in providing financial advisory services to distressed companies and to various parties-in-interest in chapter 11 proceedings, CIBC maintains an industry group dedicated to the chemical industry that is highly active in providing advisory and financial services to the chemical industries sector.

9. As a result of CIBC's experience in other bankruptcy cases and its ongoing experience as the FCR's financial advisor in these cases, the Future Claimants' Representative believes that CIBC possesses the necessary resources and is well qualified to continue to provide the financial advisory services that will be required in these cases. Accordingly, the Future Claimants' Representative believes that the continued retention of CIBC with respect to the specific matters described below continues to be essential to the Future Claimants' Representative's role in these cases, and that CIBC is well suited to continue to assist the Future Claimants' Representative as his financial advisor during the chapter 11 process.

3

## Services to be Rendered

10. Subject to the approval of this Court, as set forth in the Engagement Agreement, and as extended by the Supplemental Engagement Agreement, CIBC will continue to provide the following financial advisory services to the Future Claimants' Representative:

   (a) assist the FCR in analyzing and reviewing the acts, conduct, assets, liabilities and financial conditions of the Debtors;

   (b) familiarize itself to the extent appropriate with the operation of the Debtors' businesses, advise the FCR with respect to a proposed restructuring of the Debtors and implementation of a trust as contemplated under Section 524(g) of the Bankruptcy Code including analyzing, negotiating and effecting a plan of reorganization or recapitalization for the Debtors to the extent necessary, performing valuation analyses on the Debtors and their assets;

   (c) evaluate the financial effect of the implementation of any plan of reorganization upon the assets or securities of the Debtors; and

   (d) any other tasks as mutually agreed upon by CIBC and the FCR.

11. The FCR believes that the continued employment of CIBC as his financial advisor as set forth herein will provide the FCR with advice, assistance and information in a cost effective manner in those areas in which CIBC has particular knowledge and expertise.

12. CIBC has indicated its willingness to continue to act on behalf of, and render such services to, the FCR, upon the terms set forth herein.

## Disclosure Concerning Connections
## Between CIBC and Parties-in-Interest

13. To the best of the FCR's knowledge, except as previously set forth in the declaration of Joseph J. Radecki, Jr., attached to the Retention Application (the "Radecki Declaration"), CIBC does not have any connections with the FCR, the Debtors, their affiliates, creditors or any other party-in-interest, or their respective attorneys and accounts, the United States Trustee, or any person employed in the Office of the United States Trustee, and does not

hold or represent any interest adverse to the FCR on the matters upon which CIBC is to continue to be engaged.

### Professional Compensation

14. CIBC and the Future Claimants' Representative entered into the Supplemental Engagement Agreement, pursuant to which CIBC will continue to act as the Future Claimants' Representative's financial advisor if authorized by this Court. Pursuant to the May 24, 2004 Order appointing the FCR, compensation, including professional fees and reimbursement of expenses, shall be payable to the Future Claimants' Representative and his professionals from the Debtors' estates, in accordance with the terms and conditions negotiated by the FCR and the Debtors, subject to approval by the Court and subject to the Administrative Compensation Order.[2] The terms and conditions of CIBC's retention are set forth in the Engagement Agreement, and as modified by the Supplemental Engagement Agreement.

15. CIBC intends to continue to apply for compensation for professional services rendered in connection with these cases, and for reimbursement of actual and necessary expenses incurred, in accordance with Section 328(a) of the Bankruptcy Code, and the applicable provisions of the Bankruptcy Rules, the Local Rules and orders of this Court, including the Administrative Compensation Order. CIBC has agreed to accept as compensation such sums as may be allowed by the Court for fees incurred for professional services and for reimbursement of reasonable and necessary expenses.

---

[2] "Administrative Compensation Order" refers to the Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professional and Official Committee Members, entered April 17, 2002 [Doc. No. 1949], as may be further amended by the Court.

16. Pursuant to the Supplemental Engagement Agreement, CIBC agreed to perform the requested services for the following compensation:

(a) for the second six (6) months of the engagement, starting on December 1, 2004, a cash fee of $100,000.00 per month, payable monthly in arrears; and

(b) following the second (6) month period, a fee to be negotiated that is mutually acceptable to the FCR and CBIC, subject to approval of this Court, for each month thereafter up through the month of the effective date of a plan of reorganization or termination of the Engagement Agreement, whichever first occurs.

In addition, the monthly fees to be paid to CIBC pursuant to the terms of the Engagement Agreement, and as modified by the Supplemental Engagement Agreement, shall be subject to the standard of review provided in Section 328(a) of the Bankruptcy Code and are not subject to any other standard of review, under Section 330 of the Bankruptcy Code or otherwise.

17. CIBC has agreed to accept as compensation such sums as may be allowed by the Court for fees incurred for professional services and for reimbursement of reasonable and necessary expenses. Except as the paragraph titled "Compensation" of the Engagement Agreement is modified by the Supplemental Engagement Agreement, all provisions of the Engagement Agreement shall remain operative and in full force and effect.

18. Other than as set forth above, no arrangement is proposed between the FCR and CIBC for compensation to be paid in these cases.

19. The FCR has been advised by CIBC that it has no agreement with any other entity to share compensation received, nor will any be made, except as permitted under Section 504(b)(1) of the Bankruptcy Code.

### Request for Nunc Pro Tunc Authorization

20. Issues which require the FCR's review and input continue to arise in these cases, and the FCR continues to require the assistance of a financial advisor. In order to avoid delaying this proceeding and the exercise of his duties as the Court-appointed Future Claimants'

Representative, the FCR asked CIBC to continue to work as his financial advisor as of December 1, 2004, contingent upon the Court's approval of this Supplemental Application. Given the continued need for financial advisory services, the FCR respectfully asks that he be authorized to extend the terms of the retention and employment of CIBC effective as of December 1, 2004.

21. For the reasons set forth above, the FCR believes that the extended retention and employment of CIBC, effective as of December 1, 2004, upon the terms set forth in the Supplemental Engagement Agreement, is necessary and in the best interests of the FCR, the Debtors, their estates and their creditors.

## No Prior Request

22. No prior application for the relief requested herein has been made to this or any other Court.

## Notice

23. Notice of the Supplemental Application and the requested relief has been provided to (i) counsel and co-counsel for the Debtors, (ii) the Office of the United States Trustee, (iii) counsel for the members of each of the Official Committees appointed in these cases, as follows, Unsecured Creditors, Asbestos Property Damage Claimants, Personal Injury Claimants, Equity Holders, (iv) the Fee Auditor, and (v) any party who has entered their appearance in these cases pursuant to Bankruptcy Rule 2002. Accordingly, the Future Claimants' Representative believes that such notice of the Supplemental Application is appropriate and sufficient.

## Conclusion

WHEREFORE, the Future Claimants' Representative respectfully requests that the Court enter an order substantially in the form attached hereto (1) granting this Supplemental Application, (2) authorizing the Future Claimants' Representative to extend the terms of employment of CIBC, as of December 1, 2004, as his financial advisor in these chapter 11 cases pursuant to Section 1103(a) of the Bankruptcy Code, in accordance with the terms set forth in this Supplemental Application, and (3) granting such other and further relief as is just and proper.

Dated: January 24, 2005

Respectfully submitted,

PHILLIPS, GOLDMAN & SPENCE, P.A.

*/s/ John C. Phillips*

John C. Phillips, Jr., Esquire (#110)
1200 North Broom Street
Wilmington, DE 19806
Telephone: (302) 655-4200
Facsimile: (302) 655-4210

Roger Frankel, Esquire
Richard H. Wyron, Esquire
Matthew W. Cheney, Esquire
Swidler Berlin LLP
3000 K Street, N.W., Suite 300
Washington, D.C. 20007
Telephone: (202) 424-7500
Facsimile: (202) 424-7643

Counsel for David T. Austern,
Future Claimants' Representative