# Exhibit 2

 **CIBC World Markets**

CIBC World Markets Corp.
300 Madison Avenue
New York, NY 10017
212-856-4400

January 18, 2005

David T. Austern
Claims Resolution Management Corporation
3110 Fairview Park Drive, Suite 200
Falls Church, VA 22042-0683

Dear Mr. Austern:

As you know, by letter dated June 4, 2004 (the "Retention Letter"), you, in your capacity as the representative for future asbestos-related personal injury claimants (the "Futures Representative") to W.R. Grace & Co. and its affiliates (collectively, the "Company"), retained CIBC World Markets Corp. ("CIBC"), to act as your exclusive financial advisor in connection with the proposed restructuring of the Company and implementation of a trust as contemplated by Section 524(g) of the Bankruptcy Code.[1] In the Retention Letter, the Company, among other things, promised to pay Monthly Fees to CIBC of $150,000.00 for the initial six (6) months of CIBC's engagement and thereafter Monthly Fees to be negotiated as compensation for the work described therein, to reimburse CIBC for expenses, and to provide CIBC with certain indemnification rights. CIBC's employment pursuant to the Retention Letter was approved by the Bankruptcy Court by Order entered September 27, 2004, effective as of June 4, 2004.

At the time the Retention Letter was signed and as stated therein, all parties expected to review the Monthly Fees payable to CIBC after the initial six (6) month period. Accordingly, this letter confirms the terms and conditions of a mutually agreeable compensation agreement commencing upon the expiration of the first six (6) month period of CIBC's engagement, and the terms and conditions of the Retention Letter are modified as described herein.

In full payment for services rendered and to be rendered hereunder by CIBC, CIBC shall be paid in cash by the Company a revised Monthly Fee of $100,000.00 payable monthly in arrears for the second six (6) month period of CIBC's engagement. Following the second six (6) month period of CIBC's engagement, the Company shall pay to CIBC a fee to be negotiated that is mutually acceptable to the Futures Representative and CIBC World Markets, subject to approval of the Bankruptcy Court, for each month thereafter up through the month of the effective date of a plan of reorganization or termination of the Retention Letter, whichever first occurs. Both we and you acknowledge that the compensation set forth above is based upon our

---

[1] Capitalized terms used but not defined in this letter shall have the same meanings as in the Retention Letter.

Mr. David T. Austern
January 18, 2005
Page 2 of 2

CIBC World Markets Corp.

mutual understanding of the Transaction and the continuing level of services being provided by CIBC, and is subject to further modification by mutual agreement if a material change occurs in the anticipated level of effort required of CIBC. The Monthly Fees to be paid to CIBC pursuant to the terms of the Retention Letter and this letter shall be subject to the standard of review provided in section 328(a) of the Bankruptcy Code and are not subject to any other standard of review, under section 330 of the Bankruptcy Code or otherwise.

You will undertake to apply to the Bankruptcy Court, which has jurisdiction over the Company's Chapter 11 bankruptcy proceedings, for authorization to modify the terms and conditions of CIBC's employment in accordance with the terms and conditions of this letter. Subject to approval of the terms and conditions hereof, CIBC agrees to accept as compensation for the services that CIBC renders pursuant to the terms hereof such sums as may be allowed by the Bankruptcy Court for professional services and for reimbursement of reasonable and necessary expenses. Except as the paragraph titled "Compensation" of the Retention Letter is modified by this letter, all provisions of the Retention Letter shall remain operative and in full force and effect.

Please sign and return one copy of this letter to the undersigned to indicate your acceptance of the terms set forth herein, whereupon this letter and your acceptance shall constitute a binding agreement between the parties hereto, subject to approval of the Bankruptcy Court.

Sincerely,

CIBC WORLD MARKETS CORP.

By: _____
Joseph J. Radecki, Jr.
Managing Director

Accepted and Agreed:

_____
David T. Austern, Futures Representative