IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

**Objection Deadline: February 11, 2005**
**Hearing Date: February 28, 2005 at Noon**

## DEBTORS' MOTION FOR AUTHORIZATION TO MODIFY AND EXPAND THE SCOPE OF SERVICES PROVIDED BY BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

hereby move this Court for approval to (i) expand the scope of the services provided by Baker,

Donelson, Bearman, Caldwell & Berkowitz, P.C. ("Baker Donelson"), a professional retained in

these bankruptcy cases, to include services relating to non-debtor subsidiaries that conduct

business in China (the "China Assistance Services"); and (ii) increase the monthly fees paid to

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Baker Donelson in consideration of its existing services (the "Motion"). In support of this

Motion, the Debtors state as follows:

## Jurisdiction

1.    The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and

1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (O).

Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408

and 1409. The statutory predicates for the relief sought herein is 11 U.S.C. § 327(a) and Fed. R.

Bank. P. 2014(a).

## Background

2.    On April 2, 2001 (the "Petition Date"), each of the Debtors filed a voluntary

petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code")

commencing these chapter 11 cases (collectively, the "Chapter 11 Cases"). The Chapter 11

Cases have been consolidated for administrative purposes only and, pursuant to sections 1107(a)

and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage

their properties as debtors in possession.

3.    On May 19, 2004, the Debtors submitted the application (the "Application") for

an order pursuant to sections 327(a) and 328(a) of the Bankruptcy Code and Fed R. Bankr. P.

2014(a), 2016 and 5002 authorizing the employment and retention of Baker Donelson as

legislative affairs services providers (the "Legislative Affairs Services"). The affidavit of James

D. Range (the "Range Affidavit") was filed in support of the Application. On June 16, 2004, the

Court entered an order approving the Application (the "Retention Order"). The Application, the

Range Affidavit and the Retention Order are hereinafter referred to collectively as the "Baker

Donelson Retention Materials."

4.      As set forth in the Baker Donelson Retention Materials, Baker Donelson was authorized to provide the following services:  (i) to advise the Debtors, their counsel, and their Board of Directors with respect to legislative affairs and current, pending, and future legislative affairs; and (ii) such other related services as the Debtors may deem necessary (collectively, the "Baker Donelson Services").  The Baker Donelson Retention Materials provide that Baker Donelson shall receive a fixed, monthly fee of $17,000 (plus expenses).

5.      Over the past several months, Congress has more-rigorously pursued asbestos reform, and Baker Donelson's Legislative Affairs Services have expanded, as the project for which they were retained has become more expansive than originally envisioned.  As a result, Baker Donelson has needed to increase its staffing for the Legislative Services.

6.      Separate from the Legislative Affairs Services, the Debtors also require additional services from Baker Donelson in connection with the Debtors' business operations in China. The Debtors intend to aggressively pursue business opportunities in the People's Republic of China through non-Debtor subsidiaries.  In particular, the Debtors plan to seek approval from Chinese governmental authorities to expand the scope of their operations in China to include businesses that have not hitherto been licensed to do business in China.  Baker Donelson has a great deal of experience in assisting companies doing business in China.  Chinese approval regimes and standard-setting processes can be somewhat opaque and time-consuming.

7.      For a six-month period in 2005, the Debtors seek Baker Donelson's assistance with respect to the Chinese governmental authorities at the national, provincial and local levels. Baker Donelson can effectively represent Grace's interests by meeting with Chinese ministries and other governmental authorities that regulate the Debtors' operations in China or that establish standards for the use of the Debtors' products (the "China Assistance Services").

3

**Relief Requested**

8.      By this Motion, the Debtors seek authority to expand the retention of Baker

Donelson pursuant to sections 327 and 328 of the Bankruptcy Code.  Specifically, the Debtors

request entry of an order that (i) increases Baker Donelson's monthly fee for its existing services

from $17,000 to $20,000; and (ii) expands the scope of Baker Donelson's retention to include the

China Assistance Services, in accordance with the terms of the January, 2005 Letter Agreement

with Baker Donelson (the "Letter Agreement"), *nunc pro tunc* to January 1, 2005.

**Terms of Retention for China Assistance Services**

9.      The Letter Agreement provides (a) that the Debtors will pay Baker Donelson a

$35,000 (U.S.) fee each month that the Letter Agreement is in effect and (b) reimburse Baker

Donelson for all actual and necessary expenses incurred by Baker Donelson during the term of

the Letter Agreement.  Baker Donelson will continue to submit reasonably detailed, monthly

summaries of its services.  Consistent with its current practice, however, Baker Donelson will

not submit hourly summaries of its services.

10.      Unless otherwise provided herein, Baker Donelson will seek compensation and

reimbursement of expenses in accordance with the Bankruptcy Code, the Federal Rules of

Bankruptcy Procedures, the Local Bankruptcy Rules and any orders of this Court, including

without limitation, (a) the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing

Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and

Official Committee Members, dated May 3, 2001, effective as of April 2, 2001 and (b) the

Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Revised

Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and

Official Committee Members, dated April 17, 2002.  However, consistent with Baker Donelson's

current, Court-approved retention agreement, Baker Donelson will not submit detailed hourly-

4

reports of the time expanded on the China Assistance Services. Instead, Baker Donelson will submit interim and final fee applications, which include reasonably-detailed descriptions of the scope of services provided during the applicable period.

### *Nunc Pro Tunc* Retention of Baker Donelson

11.     Because the Debtors required Baker Donelson's assistance in connection with the performance of certain of the China Assistance Services, Baker Donelson commenced providing China Assistance Services to the Debtors on January 1, 2005. Accordingly, subject to this Court's approval, Baker Donelson intends to seek compensation for its performance of the China Assistance Services, nunc pro tunc to January 1, 2005.

### Argument

12.     The Debtors believe that such China Assistance Services are necessary to enable the Debtors to maximize the value of their estates and to reorganize successfully. Baker Donelson has a great deal of experience in assisting companies doing business in China - a country where approval regimes and standard-setting processes can be somewhat opaque and time-consuming. In this respect, Baker Donelson can assist the Debtors' in securing necessary regulatory approvals and other governmental consideration of issues relating to the Debtors' operations in China. Consequently, the Debtors desire Baker Donelson to assist the Debtors through contacts on the Debtors' behalf with Chinese governmental authorities at the national, provincial and local levels. Specifically, Baker Donelson will represent Grace's interests by meeting with Chinese ministries and other governmental authorities that regulate the Debtors' businesses operations in China or that establish standards for the use of the Debtors' products.

5.     The requested increase in Baker Donelson's compensation for the Legislative Affairs Services is also fair and reasonable. Baker Donelson has been providing Legislative Affairs Services to the Debtors for several years, and the Debtors require Baker Donelson to

5

continue to provide such services to the Debtors. Subsequent to the Court's Order authorizing the Debtors to retain Baker Donelson for purposes of providing the Legislative Affairs Services, Baker Donelson has found it necessary to increase its staffing of the Legislative Affairs Services. This increased staffing stems from the United States Congress' increased attempts to craft a legislative solution to the problems facing the asbestos liability litigation system. To adequately represent the Debtors, Baker Donelson has needed to utilize additional resources on behalf of the Debtors. The Debtors seek authority to adequately compensate Baker Donelson for these services.

13.     Baker Donelson is a "disinterested" party within the meaning of 11 U.S.C. § 327(a). The affidavit of Joan M. McEntee is submitted in support of this Motion. See Exhibit A.

### Notice

14.     Notice of this Motion has been given to: (i) the United States Trustee, (ii) counsel to the DIP Lender, (iii) counsel to The Chase Manhattan Bank as agent for the Debtors' prepetition lenders, (iv) counsel to all official committees appointed by the United States Trustee, and (v) all those parties that requested service and notice of papers in accordance with Fed R. Bankr. P. 2002. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

### No Prior Request

15.     No prior motion for the relief requested herein has been made to this or any other Court.

6

WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form attached hereto, (a) authorizing expansion of the scope of services permitted to be provided by Baker Donelson to include the China Assistance Services; (b) increasing Baker Donelson's monthly fee for existing services, and (c) granting such further relief as is just and proper.

Dated: January 24, 2005

Respectfully submitted,

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
James W. Kapp III
Janet S. Baer
Samuel L. Blatnick
200 East Randolph Drive
Chicago, Illinois 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

and

PACHULSKI, STANG, ZIEHL, YOUNG,
JONES & WEINTRAUB P.C.

Laura Davis Jones (Bar No. 2436)
David W. Carickhoff, Jr. (Bar No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
(Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for the Debtors and
Debtors in Possession

7