IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | Re: Docket No. _____ and |
| | | 2/28/05 Agenda Item ___ |

## ORDER MODIFYING AND EXPANDING THE SCOPE OF SERVICES PROVIDED BY BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.

Upon consideration of the motion (the "Motion")[2] of the above captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order authorizing the expansion of the scope of the services permitted to be provided by Baker Donelson to the Debtors to include the China Assistance Services, and upon the supplemental affidavit of Joan M. McEntee (the "Supplemental Affidavit") filed in support of the Motion; and the Court being satisfied, based on the representations made in the Motion and Supplemental Affidavit, that Baker Donelson represents no interest adverse to the Debtors' estates with respect to the matter upon which they are to be engaged, that Baker Donelson is a "disinterested person" as that term

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms not otherwise described herein will have the meanings ascribed to them in the Motion.

is defined under section 104(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and that the expansion of the scope of the Baker Donelson Services to include the China Assistance Services, as requested pursuant to the Motion, is necessary and would be in the best interests of the Debtors, their creditors and the Debtors' estates; and it appearing that his proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and after due deliberation and sufficient cause appearing therefore,

IT IS HEREBY ORDERED THAT:

1. The Motion is granted.

2. The Debtors are authorized to increase Baker Donelson's compensation for the Legislative Affairs Services on the terms set forth in the Motion.

3. The Debtors are authorized to expand the scope of the Baker Donelson Services to include Baker Donelson's provision of the China Assistance Services on the terms set forth in the Motion, *nunc pro tunc* to January 1, 2005.

4. The Debtors are authorized to retain Baker Donelson to provide the China Assistance Services for the six-month period beginning on January 1, 2005 and ending on June 30, 2005.

5. Baker Donelson shall be compensated for the China Assistance Services and Legislative Affairs Services, and reimbursed for expenses incurred providing such services, consistent with the terms described in the Motion, and in accordance with the procedures set forth in the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules and orders of this Court, including without limitation, (a) the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and

Reimbursement of Expenses for Professionals and Official Committee Members, dated May 3, 2001, effective as of April 2, 2001 and (b) the Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, dated April 17, 2002 (together, the "Administrative Order").

6. Notwithstanding anything to the contrary in the Administrative Order, Baker Donelson will not be required to submit detailed daily time records or expense records as part of any monthly statements, or interim or final fee applications submitted by Baker Donelson with respect to its provision of the China Assistance Services or Legislative Affairs Services; provided, however, that in lieu of such records, Baker Donelson shall submit a reasonably detailed summary of such services earned in connection therewith as part of such monthly statements, or interim or final fee applications.

7. Notwithstanding anything to the contrary herein or in the Application, the Affidavit or the Administrative Order, Baker Donelson's fees shall be subject to the approval of the Court under a reasonableness standard upon proper application by Baker Donelson in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any applicable orders of this Court, including, without limitation, the Administrative Order.

8. This Court retains jurisdiction with respect to all matters arising from or relating to the implementation of this order.

Dated: February____, 2005

The Honorable Judith K. Fitzgerald<br>United States Bankruptcy Judge

91100-001\DOCS_DE:104917.1