IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: Chapter 11 | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |
| | ) | Objection Deadline: February 22, 2005 |

QUARTERLY APPLICATION OF STEPTOE & JOHNSON LLP FOR
COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES
AS SPECIAL TAX COUNSEL TO W. R. GRACE & CO., ET AL., FOR
THE THIRTEENTH QUARTERLY INTERIM PERIOD FROM
JULY 1, 2004 THROUGH SEPTEMBER 30, 2004

Pursuant to sections 327, 330 and 331 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Fed. R. Bankr. P. 2016, the Retention Order (as defined below), the Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Professionals and Official Committee Members (the "Order") and Del.Bankr.LR 2016-2, the law firm of Steptoe & Johnson LLP ("S&J"), special tax counsel for the above-captioned debtors and debtors in

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

possession (collectively, the "Debtors"), hereby applies for an order allowing it (i) compensation in the amount of $17,684 for the reasonable and necessary legal services S&J has rendered to the Debtors and (ii) reimbursement for the actual and necessary expenses that S&J has incurred in the amount of $1,638.75, in each case for the interim quarterly period from July 1, 2004 through September 30, 2004 (the "Fee Period"). In support of this Application, S&J respectfully states as follows:

## Background

### Retention of Steptoe & Johnson LLP

1. On April 2, 2001 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). On April 2, 2001, the Court entered an order procedurally consolidating the Chapter 11 Cases for administrative purposes only. Since the Petition Date, the Debtors have continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. S&J has advised and represented the Debtors in connection with the IRS audit and potential litigation regarding Debtors' corporate owned life insurance policies during the Fee Period.

2. By this Court's order dated May 3, 2001, the Debtors were authorized to retain S&J to be paid as professionals in the ordinary course of business, as their counsel, effective as of the Petition Date. By Order dated January 1, 2002, and effective July 1, 2001, this Court ordered S&J to submit fee applications in accordance with the Administrative Order established by this Court for postpetition fees and expenses, as amended on April 17, 2002 ("Order").

3. The Order authorizes the Debtors to compensate S&J at S&J's hourly rates charged for services of this type and to be reimbursed for actual and necessary out-of-pocket expenses that it incurred, subject to application to this Court in accordance with the

Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, all applicable local rules and orders of this Court.

**Monthly Interim Fee Applications Covered Herein**

4. Pursuant to the procedures set forth in the Order, professionals may apply for monthly compensation and reimbursement (each such application, a "Monthly Fee Application"), and the notice parties listed in the Order may object to such request. If no notice party objects to a professional's Monthly Fee Application within twenty (20) days after the date of service of the Monthly Fee Application, the applicable professional may submit to the Court a certification of no objection whereupon the Debtors are authorized to pay interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested.

5. Furthermore, and also pursuant to the Order, professionals are to file and serve upon the notice parties a quarterly request (a "Quarterly Fee Application") for Court approval and allowance of the Monthly Fee Applications filed during the quarter covered by that Quarterly Fee Application. If the Court grants the relief requested by the Quarterly Fee Application, the Debtors are authorized and directed to pay the professional 100% of the fees and expenses requested in the Monthly Fee Applications covered by that Quarterly Fee Application less any amounts previously paid in connection with the Monthly Fee Applications. Any payment made pursuant to the Monthly Fee Applications or a Quarterly Fee Application is subject to final approval of all fees and expenses at a hearing on the professional's final fee application.

6. This is the Thirteenth Quarterly Fee Application for compensation for services rendered that S&J has filed with the Bankruptcy Court, in connection with the Chapter 11 Cases, and covers the Fee Period of July 1, 2004 through September 30, 2004. It is for the Fourteenth Quarterly Interim Period involved in the W.R. Grace case. (Steptoe filed no applications for the First Quarterly Period.)

7. Monthly Fee Applications filed by S&J for interim compensation filed during this Fee Period are described in the Cumulative Summary set forth in Exhibit A. They consist of:

    a. Application of Steptoe & Johnson LLP for compensation for services and reimbursement of expenses as special tax counsel to W. R. Grace & Co., et al., for the first monthly period from July 31, 2004 through July 31, 2004, for the Quarter of July-September, 2004, filed November 19, 2004, (the "July Fee Application") attached hereto as <u>Exhibit B</u>.

    b. Application of Steptoe & Johnson LLP for compensation for services and reimbursement of expenses as special tax counsel to W. R. Grace & Co., et al., for the third monthly period from September 1, 2004 through September 30, 2004, for the Quarter of July-September, 2004, filed November 19, 2004, (the "September Fee Application") attached hereto as <u>Exhibit C</u>.

    c. No fees or expenses were incurred in August 2004 so no application was filed for that month.

8. The periods for objecting to the fees and expense reimbursement requested in the July and September Fee Applications passed without any objections being filed, whereupon the Debtors filed or will file certificates of no objection with the Court and have either paid or will pay interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested.

**Other Quarterly Fee Applications**

9. A chart showing a summary of previously filed quarterly fee applications and this Application is attached as Exhibit E.

**Requested Relief**

10. By this Quarterly Fee Application, S&J requests that the Court approve the interim allowance of compensation for professional services rendered and the reimbursement

4

of actual and necessary expenses incurred by S&J for the Fee Period, which is from July 1, 2004, through September 30, 2004, as detailed in the Applications, less any amounts previously paid to S&J pursuant to the Applications and the procedures set forth in the Order.[2] As stated above, the full scope of services provided and the related expenses incurred are fully described in the Applications, which are attached hereto as Exhibits B through D.

**Disinterestedness**

11. As disclosed in the following affidavits:

   a. Affidavit of Anne E. Moran in Support of Application for Order Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014(a) Authorizing the Employment and Retention of Steptoe & Johnson LLP as Attorneys for the Debtors and Debtors in Possession (the "Original Affidavit"), filed May 16, 2001;

   b. Affidavit of Anne E. Moran Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "First Supplement"), filed October 26, 2001;

   c. Supplemental Affidavit of Anne E. Moran Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "Second Supplement"), filed May 2, 2001;

   d. Supplemental Affidavit of Anne E. Moran filed March 27, 2002.

S&J does not hold or represent any interest adverse to the estates, and has been, at all relevant times, a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code.

12. S&J may have in the past represented, may currently represent, and likely in the future will represent parties-in-interest in connection with matters unrelated to the Debtors and the Chapter 11 Cases. S&J disclosed in the Affidavits its connections to parties-in-interest that it has been able to ascertain using its reasonable efforts. S&J will update the Affidavits when necessary and when S&J becomes aware of material new information.

---

[2] S&J reserves the right to seek at a later date compensation for services rendered and reimbursement for expenses incurred during the Fourteenth Quarterly period that are not otherwise included in the relevant Applications.

**Representations**

13.     S&J believes that the Thirteenth Quarterly Interim Period Fee Application is in compliance with the requirements of Del.Bankr.LR 2016-2.

14.     Pursuant to Fed. R. Bank. P. 2016(b), S&J has not shared, nor has agreed to share, (a) any compensation it has received or may receive with another party or person other than with the partners, counsel and associates of S&J, or (b) any compensation another person or party has received or may receive in connection with the services provided by S&J to Debtor.

WHEREFORE, S&J respectfully requests that the Court enter an order, providing (a) that, for the Fee Period, July 1, 2004, through September 30, 2004, an administrative allowance be made to Steptoe & Johnson LLP in the sum of (i) $17,684 as compensation for reasonable and necessary professional services rendered to the Debtors and (ii) in the sum of $1,638.75 for reimbursement of actual and necessary costs and expenses incurred, for a total of $19,322.75 (b) that the Debtors be authorized and directed to pay to S&J the

outstanding amount of such sums less any sums previously paid to S&J pursuant to the Applications and the procedures set forth in the Order and (c) that this Court grant such further relief as is equitable and just.

Jan. 28, 2005
Date:

Respectfully submitted,

STEPTOE & JOHNSON LLP

Anne E. Moran
1330 Connecticut Avenue, NW
Washington, DC  20036  (202) 429-6449