PETER C. HARVEY
Attorney General of New Jersey
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 106
Trenton, New Jersey  08625-0106
Attorney for State of New Jersey, Division of Taxation

By:  Tracy E. Richardson (TR1366)
     Deputy Attorney General
     (609) 292-1537


                 UNITED STATES BANKRUPTCY COURT
                  FOR THE DISTRICT OF DELAWARE

In re:                          )    Chapter 11

W.R. GRACE & CO., et al.,       )    Case No.: 01-01139(JKF)

     Debtors.                   )    Jointly Administered

                                     Hearing Date: February 28, 2005
                                                   12:00 p.m.

           THE STATE OF NEW JERSEY, DIVISION OF TAXATION'S
      RESPONSE TO DEBTORS' EIGHTH OMNIBUS OBJECTION TO CLAIMS
                            (SUBSTANTIVE)

          The State of New Jersey, Division of Taxation ("N.J.

Division") responds to the debtors' Eighth Omnibus Objection to

Claims as follows:

          1.   In the objection, debtors seek to expunge the N.J.

Division's second amended administrative claim number 15324 in the

amount of $258,629.24 and seek to reduce the N.J. Division's first

amended priority claim number 871 in the amount of $149,730.68.

For the reasons set for below, the N.J. Division's claims 15324 and

871 should be allowed as filed and debtors' requests for

expungement and reduction should be denied.

2.    First, debtors object to claim 15324 on the basis that the claim is estimated and debtors owe no liability on this claim.  This second amended administrative claim has been filed in the amount of $258,629.24.  A majority of this claim, as shown on the schedules of liability filed with the claim, is estimated Corporation Business Tax ("CBT") and Gross Income Tax - Employer Withholding ("GIT-ER") owed by various entities of debtor.  The estimated items are marked "delinquent," meaning debtors failed to file returns for the noted periods.  One CBT item for 2000 is listed as "deficient," meaning that although debtor filed the required return, the tax reported due was not paid.

3.    Regarding claim 871, debtors request that this first amended priority claim, filed in the amount of $149,730.68, be reduced to $27,491.00 since the balance of the claim is estimated. The modified claim amount provided by debtors is the total of various CBT audits conducted by the N.J. Division.  As shown on the schedules filed with the claim, the claim is for various periods of CBT, GIT-ER, and Sales and Use Tax ("S&U") owed by several debtor entities.  A majority of the items are estimated, meaning debtor failed to file returns for the listed periods.  However, several liabilities listed for CBT due are noted as "deficient," meaning that debtor filed the returns but failed to pay the reported tax due or failed to pay the interest due upon late filing of the returns.

4.    For all of the tax periods listed as delinquent on the proofs of claim, the N.J. Division was forced to estimate debtors' liability because no returns were filed, pursuant to the N.J. Division's authority under N.J.S.A. 54:49-5.

5.    A properly filed proof of claim is prima facie evidence of the validity and amount of the claim.  In re Fullmer, 962 F. 2d 1463 (10th Cir. 1994), Bankr. Rule 3001(f).

6.    To overcome this prima facie effect, the objecting party must bring forward evidence equal in probative force to that underlying the proof of claim.  See In re Wells, 51 B.R. 563, 566 (D. Colo 1985), Collier on Bankruptcy, §502.02. ("Should objection be taken, the objector must produce evidence and show facts tending to defeat the claim by probative force equal to that of the allegations in the proof of claim.").

7.    "Once a claim is filed, the trustee, or the debtor in possession carries the burden of going forward to meet, overcome, or at least equalize, the creditor's evidence."  In re Domme, Jr., 163 B.R. 363 (D.Kan. 1994); In re Allegheny International, Inc., 954 F.2d 167, 173-74 (3d Cir. 1992); In re Resyn Corp. v. United States, 851 F.2d 660, 663-64 (3d Cir. 1988). Indeed, the objector must offer actual evidence sufficient to rebut the claim's presumed validity.  In re White, 168 B.R. 825, 829 (Bankr. D. Conn. 1994); see also Raleigh v. Illinois Dep't of Revenue, 530 U.S. 15, 120 S.Ct. 1951, 147 L.Ed.2d 13 (2000) (citing

that "burden of proof on a tax claim in bankruptcy remains where the substantive tax law puts it").

8.    Here, debtors have not set forth any factual or legal contentions to overcome the validity of the N.J. Division's properly filed proofs of claim.  No documentation or other evidence has been provided to support any argument that the N.J. Division's claims are either invalid or incorrect or that any returns have been filed for the delinquent periods.  Debtors have failed to establish both that no liability is due for claim 15324 in the amount of $258,629.24 and that only $27,491.00 is owed for claim 871 filed in the amount of $149,730.68.

9.    Therefore, the N.J. Division's priority and administrative claims are valid as discussed above.  Debtors' requests for modification and/or disallowance of these claims fail to overcome the <u>prima</u> <u>facie</u> validity of the properly filed claims as required by <u>Bankr</u>. <u>Rule</u> 3001.  For the above-stated reasons, the N.J. Division respectfully requests that debtors' objections to its claims be denied and that claims 15324 and 871 be allowed in full.

                          Respectfully submitted,

                          PETER C. HARVEY
                          ATTORNEY GENERAL OF NEW JERSEY


                     By: /s/ Tracy E. Richardson
                          Tracy E. Richardson (TR1366)
                          Deputy Attorney General
                          Phone:  (609) 292-1537
Dated:  2-8-05            Fax:  (609) 777-3055