# Exhibit A

## Proposed Order

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | Re: Docket No. 7252 and |
| | | 1/24/05 Agenda Item 9 |

## ORDER GRANTING IN PART MOTION OF ASBESTOS PROPERTY DAMAGE COMMITTEE TO STRIKE THE DEBTORS' NOTICE OF INTENT TO OBJECT TO CLAIMS ON THE BASIS OF MATERIALLY INSUFFICIENT SUPPORTING INFORMATION AND OPPORTUNITY TO SUPPLEMENT CLAIMS

This matter coming before the Court on the *Official Committee of Asbestos Property Damage Claimants' Motion to Strike the Debtors' Notice of Intent to Object to Claims on the Basis of Materially Insufficient Supporting Information and Opportunity to Supplement Claims* (the "Motion"); the Court having reviewed and considered the Motion; the Court finding that: (a)

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and (c) no further notice or hearing on the Motion being required;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED in part, as more particularly set forth in this Order.

2. Except as otherwise provided in this Order, with respect to any Asbestos Property Damage Claim (a "Claim") that was the subject of the Notice of Intent[2] mailed on or about December 7, 2004, the Debtors shall mail (via first class, United States mail) to counsel that filed such Claim, or if none, to each Claimant, an additional notice that sets forth, in reasonable detail, why the Debtors believe the documentation supplied with the Claim is deficient (the "Supplemental Notice"). Each Claimant shall then have sixty (60) days (from the date on which the Supplemental Notice is mailed by the Debtors or their representative) by which to supplement its Claim if it so chooses. Upon the expiration of the supplemental 60 day period, if the Debtors continue to believe that documentation supporting a Claim is still deficient, the Debtors may then file a Gateway Objection to any such Claim.

3. Notwithstanding paragraph 2 above, with respect to any Claim that was submitted by the law firm of Speights & Runyan which (i) does not include any supporting documentation or any indication that such documentation is available, or (ii) indicates that supporting documentation may be available, and none has been provided prior to February 7, 2005, the Debtors do not have to send out a Supplemental Notice in respect of any such Claim and may file a Gateway Objection to any such Claim after February 7, 2005.

---

[2] All capitalized terms used, but not defined in this Order, shall have the meaning set forth in the Motion.

2

91100-001\DOCS_DE:105464.1

3

4. Notwithstanding paragraph 2 above, for any Claim in respect of which (i) the Claimant (or their counsel) has contacted the Debtors in response to the Notice of Intent and the Debtors have provided such Claimant with adequate information regarding the alleged deficiencies in a sufficient amount of time to permit the Claimant to respond to the Notice of Intent by February 7, 2005, or (ii) the Claimant has provided additional documentation to the Debtors by February 7, 2005, the Debtors do not have to provide a Supplemental Notice. Unless otherwise extended by the Debtors, if the Debtors continue to believe that documentation in respect of such a Claim has not been adequately supplemented by February 7, 2005, the Debtors may file a Gateway Objection to any such Claim.

5. Prior to mailing any Supplemental Notice, the Debtors shall provide a copy of the Supplemental Notice to counsel for the PD Committee which shall have 3 business days after receipt of such Supplement Notice to provide input with respect to the content and form of such Supplemental Notice. Upon expiration of this 3 day period, the Debtors may then mail such Supplemental Notice to the applicable counsel who filed the Claim or, if none, to the Claimant.

6. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: February ____, 2005

_____
The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge