IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

| | | |
|---|---|---|
| STATE OF ILLINOIS | ) | |
| | ) ss: | |
| COUNTY OF COOK | ) | |

### THIRTEENTH SUPPLEMENTAL AFFIDAVIT OF JAMES H.M. SPRAYREGEN UNDER 11 U.S.C. § 327(a) AND FED. R. BANKR. P. 2014

JAMES H. M. SPRAYREGEN, ESQUIRE, being duly sworn, deposes and says:

1. I am a partner in the firm of Kirkland & Ellis LLP ("K&E"), 200 East Randolph Drive, Chicago, Illinois 60601. I am admitted to practice in the Supreme

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Court of Illinois, the United States District Court for the Northern District of Illinois, the United States Court of Appeals for the Seventh Circuit, the United States District Court for the Eastern District of Wisconsin, the United States District Court for the Western District of Michigan, the Supreme Court of New York, the Southern District of New York, the Eastern District of New York, the United States District Court for Arizona and the Supreme Court of the United States. I am authorized to make this affidavit on K&E's behalf.

2. On April 2, 2001 (the "Petition Date"), each of the above-captioned debtors and debtors in possession (the "Debtors") filed a voluntary petition (collectively, the "Chapter 11 Cases") for relief under chapter 11 of title 11 of the United States Code (as amended, the "Bankruptcy Code"). On April 2, 2001, the Court entered an order procedurally consolidating the Chapter 11 Cases for administrative purposes only. Since the Petition Date, the Debtors have continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. By this Court's order, dated May 3, 2001, the Debtors were authorized to retain K&E as their counsel, effective as of the Petition Date, with regard to the filing and prosecution of the Chapter 11 Cases and all related matters. The following affidavits in support of the Application have been filed on behalf of K&E:

- Affidavit of James H.M. Sprayregen in Support of Application for Order Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014(a) Authorizing the Employment and Retention of Kirkland & Ellis as Attorneys for the Debtors and Debtors in Possession (the "Original Affidavit"), filed April 2, 2001;

- First Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "First Supplement"), filed April 17, 2001;

- Second Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "Second Supplement"), filed May 2, 2001;

- Third Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "Third Supplement"), filed July 25, 2001;

- Fourth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "Fourth Supplement"), filed September 13, 2001;

- Fifth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "Fifth Supplement"), filed October 24, 2001;

- Sixth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "Sixth Supplement"), filed November 13, 2001;

- Seventh Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the Seventh Supplement"), filed April 11, 2002;

- Eighth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "Eighth Supplement"), filed May 23, 2002;

- Ninth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 filed July 19, 2002 (the "Ninth Supplement"); and

- Tenth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr P. 2014 filed September 18, 2002 (the "Tenth Supplement");

- Eleventh Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 filed March 11, 2003 (the "Eleventh Supplement");

- Twelfth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 filed September 20, 2004, and the Amendment to the Twelfth Supplement, filed December 2, 2004, (the

"Twelfth Supplement"), together with the Original Affidavit, the First Supplement, the Second Supplement, the Third Supplement, the Fourth Supplement, the Fifth Supplement, the Sixth Supplement, the Seventh Supplement, the Eighth Supplement, the Ninth Supplement, the Tenth Supplement, the Eleventh Supplement and the Twelfth Supplement (the "Affidavits").

4. This supplement to the Affidavits (the "Thirteenth Supplement") is made pursuant to Fed. R. Bankr. P. 2014(a) and Fed. R. Bankr. P. 2016(b). As demonstrated below, K&E has continued to search on its electronic database for its connection to the entities listed on the exhibits attached to the Affidavits.

5. The Thirteenth Supplement discloses additional representations by K&E that have come to my attention since the filing of the Twelfth Supplement. K&E remains disinterested within the meaning of section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and neither holds nor represents interests adverse to the Debtors or to the Debtors' estates.

6. Except as specifically disclosed in the Affidavits, or as discussed below, to the best of my knowledge, K&E does not represent any of the Debtors' known creditors. Kirkland & Ellis, however, will continue to file Supplemental Affidavits when necessary and when K&E becomes aware of material information.

7. Pursuant to the preparation and filing of Debtors' Seventh and Eighth Omnibus Objections to Claims (the "Claim Objections"), K&E performed a supplemental conflicts search (the "Supplemental Conflicts Search").

8. In conducting the Supplemental Conflicts Search, K&E searched the names of all parties that filed proofs of claim and were designated by the Debtors as prospective subjects of the Claim Objections. As demonstrated below, to the best of my knowledge, K&E remains disinterested within the meaning of 11 U.S.C. § 101(14), as

modified by 11 U.S.C. § 1107(b), and neither holds nor represents interests adverse to the Debtors or to the Debtors' estates in these Chapter 11 Cases.

9. The entities listed on Exhibit A are those where there exists representation of that entity or its affiliate(s) in matters unrelated to the Debtors. Although the foregoing K&E representation is not relevant to a determination of whether K&E is "disinterested" because such representation is unrelated to these Chapter 11 Cases, out of an abundance of caution and in the interest of full disclosure, I hereby make supplemental disclosure of this information.[2]

10. Furthermore, out of an abundance of caution, K&E will not represent the Debtors in connection with the Claim Objections involving the parties identified in Exhibit B. Instead, the Debtors' co-counsel, Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C. will represent the Debtors on any such matters.

11. K&E will continue to periodically review its files during the pendency of the Chapter 11 Cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, K&E will use reasonable efforts to identify such further developments and will promptly file a supplemental affidavit as Fed. R. Bankr. P. 2014(a) requires.

---

[2] The tables contained herein list only those entities that were not previously disclosed with respect to one or more exhibits attached to the Affidavits.

12. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

*[signature]*
JAMES H.M. SPRAYREGEN, P.C.
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, Illinois 60601
312/861-2000
312/861-2200 (fax)

Subscribed and sworn to before me
this __8__ day of __February__, 2005.

*Katherine K. Phillips*
Notary Public
My Commission Expires:

"OFFICIAL SEAL"
Katherine K. Phillips
Notary Public, State of Illinois
My Commission Expires Dec. 14, 2008

6