**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re | ) | **Chapter 11** |
| | ) | |
| **W.R. GRACE & CO.,** *et al.*, | ) | **Case No. 01-01139 (JKF)** |
| | ) | |
| Debtors. | ) | **(Jointly Administered)** |
| | ) | **Related to D.I. No. 7545** |

**RESPONSE OF CENTURY INDEMNITY COMPANY,** *ET AL.*
**TO DEBTORS' EIGHTH OMNIBUS OBJECTION TO CLAIMS**

Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America, as successor to CIGNA Specialty Insurance Company, formerly known as California Union Insurance Company; Pacific Employers Insurance Company; Century Indemnity Company of Hartford, Connecticut by and through Cravens, Dargan & Company Pacific Coast (with respect to policy no. C1Z426249); and Central National Insurance Company of Omaha, with respect to policies issued through Cravens, Dargan Pacific Coast, as Managing General Agent (and possibly other ACE USA-related companies) (collectively, "Insurers"), by their attorneys, respond to Debtors' Eighth Omnibus Objection to Claims (Substantive) (the "Objection"), as follows:

**Background**

1.    Insurers issued certain insurance policies to one or more Debtors for various policy periods (collectively, the "Policies") in connection with various insurance programs maintained by Debtors.  Insurers are parties to certain settlement agreements with Debtors that require Debtors to indemnify Insurers for claims asserted directly against Insurers and may also be parties to certain other agreements with Debtors relating to such Policies (together with the

Policies, collectively, the "Agreements").  The Agreements are executory contracts within the meaning of section 365 of the Bankruptcy Code.

2.      Insurers hold contingent and unliquidated claims against one or more Debtors which are subject to further and future adjustment including, without limitation, contingent and unliquidated claims based upon their rights to receive performance of any and all of Debtors' (and any other possible named insureds') duties and obligations under the terms of the Agreements.

3.      Insurers filed a separate proof of claim in each of these jointly-administered cases (collectively, the "Claims").  Each Claim asserts a general unsecured claim against a different Debtor in an unliquidated amount.  Attached hereto as Exhibit "A" is a list of the Claims.

4.      One or more of the Policies may include coverage for one or more Debtors as the "named insured" as well as certain named and unnamed subsidiaries of the named insured. Each Claim clearly provides that, to the extent that any individual Debtor seeks insurance coverage under the Agreements, such Debtor has separate and independent sets of reciprocal obligations that are conditions to coverage under the Agreements.  Because of the separate, independent insurer/insured relationship that exists between one or more of the Insurers and each individual Debtor under the Agreements, the Claims are not duplicative.

5.      The Agreements and other documents supporting the Claims are voluminous and contain confidential and privileged materials.  Accordingly, it is impractical to file such supporting documents as an exhibit to this Response.  However, while Debtors have not specifically requested these documents (and likely have copies themselves), Insurers are willing to provide copies if so requested.  Considering that the Claims are, to date, contingent and unliquidated, it makes little sense to attach all such voluminous documentation.  To the extent,

however, that such documentation is necessary at any hearing on the Objection, Insurers reserve the right to introduce any and all such documents.

### Response To Objection

6.     The Objection fails to state a claim upon which relief can be granted as a matter of law for at least two reasons.  First, Debtors have failed to overcome the statutory presumption that the Claims are valid against each Debtor.  It is well-settled that a creditor's proof of claim is entitled to a presumption of validity.  11 U.S.C. § 502(a); Fed. R. Bankr. Proc. 3001(f); *In re Planet Hollywood Int'l, Inc.*, 274 B.R. 391, 394 (D. Del. 2001).  A properly filed proof of claim constitutes *prima facie* evidence of the validity and amount of the claim.  *See* Rule 3001(f) of the Federal Rules of Bankruptcy Procedure.  Accordingly, a party objecting to a claim must present *affirmative* evidence to overcome the presumption of validity.  *See In re Allegheny International, Inc.*, 954 F.2d 167, 176 (3d Cir. 1992) (burden shifts to objector to produce sufficient evidence to negate the *prima facie* validity of the filed claim); *In re Sterling Packaging Corp.*, 265 B.R. 701 (Bankr. W.D. Pa. 2001);  *Planet Hollywood*, 247 B.R. at 394.  "[A] party objecting to a claim has the initial burden of presenting a substantial factual basis to overcome the *prima facie* validity of a proof of claim [and] [t]his evidence must be a probative force equal to that of the creditor's proof of claim."  *In re Hinkley*, 58 B.R. 339, 348 (Bankr. S.D. Tex. 1986), *aff'd.*, 89 B.R. 608, *aff'd.*, 879 F.2d 859; *see also In re Lewis* 80 B.R. 39, 40 (E.D. Pa. 1987) (*citing* 3 Collier on Bankruptcy, ¶502.02 at 502-22 (15th ed. 1987)).  "[T]o overcome this *prima facie* evidence, the objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim."  *In re Reilly*, 245 B.R. 768, 773 (B.A.P. 2d Cir. 2000).

7.     Thus, an objecting party bears the burden of producing evidence to rebut this presumption of validity.  *In re Lewis*, 80 B.R. 39, 40 (E.D. Pa. 1987); 3 Collier on Bankruptcy,

-3-

¶502.02 at 502-22.  Here, Debtors have offered **no evidence** to support their objection to the Claims.  Debtors' mere formal objection, without more, will not defeat claims that constitute evidence of their *prima facie* validity.  *In re Garner*, 246 B.R. 617, 623 (B.A.P. 9th Cir. 2000); *In re Circle J. Dairy, Inc.*, 112 B.R. 297, 299 (Bankr. W.D. Ark. 1990).  Consequently, Debtors have failed to overcome the *prima faci*e validity of the Claims, and the Objection should be denied.

8.      Second, Debtors have failed to articulate an explicit justification for the disallowance of the Claims.  Simply asserting that they are duplicative is, without more, insufficient.  Moreover, although the Claims are still unliquidated, the Bankruptcy Code recognizes that contingent and unliquidated claims are proper "claims."  Section 101(5) of the Bankruptcy Code defines "claim" as a "right to payment, whether or not such right is reduced to judgment, liquidated, *unliquidated*, fixed, *contingent*, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured. . . ."  11 U.S.C. § 101(5) (emphasis added).  Accordingly, the purported basis for disallowing the unliquidated Claims is without merit as a matter of law.

9.      Section 502 of the Bankruptcy Code makes no provision for the disallowance of a contingent claim solely because it is contingent.  To the contrary, section 502(b)(1) provides that the bankruptcy court may disallow a claim to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law **for a reason other than because such claim is contingent or unmatured.**"  11 U.S.C. § 502(b)(1) (emphasis added);  *In re Lamarre*, 269 B.R. 266 (Bankr. D.Mass. 2001) ("[S]ection 502(b)(1) prohibits the disallowance of contingent or unmatured claims if the disallowance is based solely on the contingent or unmatured nature of the claim.").

-4-

10.     To the extent that Debtors are objecting to the Claims simply because they are contingent and unliquidated, the Objection is also without merit.  The Bankruptcy Code expressly provides that contingent or unliquidated claims may be estimated for purposes of allowance if their fixing or liquidation "would unduly delay the administration of the case."  11 U.S.C. § 502(c).  If contingent and unliquidated claims could be disallowed solely on the basis that they are contingent and unliquidated, section 502(c) would be meaningless and there would be no need for any estimation procedure.  Because Debtors have ***not*** alleged that the fixing or liquidation of the Claims will unduly delay the administration of the case (and it will not), estimation is inappropriate at this juncture.  Accordingly, disallowance of the Claims on the basis that they were filed as contingent and unliquidated is inappropriate.

11.     Because the Agreements impose continuing obligations on Debtors and the obligation of each particular Debtor under the Agreements depends upon the nature and extent of underlying claims asserted against that particular Debtor, the Claims against that Debtor cannot be liquidated until the underlying claims are asserted and investigated.  It is for this reason that Insurers have reserved the right to amend the Claims from time to time to reflect any liquidated claims on an ongoing basis.  Because the automatic stay has prevented all persons from prosecuting claims against Debtors that may otherwise be covered under the Agreements, the exact nature of each Debtor's reciprocal obligations under the Agreements and the resulting Claims based upon such obligations remains contingent and unliquidated.

12.     No plan of reorganization or liquidation has been confirmed in these jointly-administered bankruptcy cases.  Unless and until a plan is confirmed that provides for the substantive consolidation of the Debtors, any objection asserting that the Claims are duplicative is entirely premature.  Accordingly, no factual basis exists for Debtors' assertion that the Claims

are duplicative.  As such, the Objection is factually inaccurate and premature and, accordingly,

must be overruled with respect to the Claims.

## **Reservation Of Rights**

13.     Insurers expressly reserve, and do not waive, all of their rights, defenses,

limitations and/or exclusions in connection with the Policies, the Agreements, applicable law, or

otherwise.  Insurers further reserve all rights to assert any and all such rights, defenses,

limitations and/or exclusions in any appropriate manner or forum whatsoever.  Nothing

contained herein shall be deemed to expand any coverage that may otherwise be available under

any Policies or any rights under the Agreements.

14.     Insurers expressly reserve all of their rights to raise the issues contained herein

and any other related issues in any procedurally appropriate contested matter and/or adversary

proceeding including, without limitation, a separate adversary proceeding requesting any

declaratory and/or injunctive relief with respect to any rights under the Policies or the

Agreements.

15.     Insurers further expressly reserve all of their rights to object to any claim for

coverage under any Policies and/or any claim for payment under any settlement agreements and

to seek declaratory and/or injunctive relief to the extent that treatment of their rights under the

Policies and the Agreements violates any terms or conditions of any Policies or Agreements or

gives rise to any defenses on behalf of Insurers.

16.     Nothing in this Response shall be construed as an acknowledgment that any

Policies cover or otherwise apply to any claims, losses or damages on account of any claims

against Debtors or otherwise, or that any such claims or causes of action are eligible for

payment.  Insurers reserve the right to seek an adjudication that the Debtors, individually or collectively, have waived or forfeited any available coverage under the Policies.

17.    Finally, Insurers reserve their right to amend, modify or supplement this Response in response to, or as a result of, the filing of any supplemental information pertaining to the Objection, any discovery being conducted in connection with the Objection, and/or any submission in connection with the Objection filed by any party-in-interest.  Insurers also reserve the right to adopt any other response to the Objection filed by any other party.

WHEREFORE, Insurers respectfully request that this Court (i) dismiss the Objection as to the Claims and deny all relief requested thereby; and (ii) grant such other relief as is just.

Dated:  February 11, 2005

/s/ Linda M. Carmichael
Linda M. Carmichael (Bar No. 3570)
White and Williams LLP
824 North Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
Telephone:  (302) 467-4502
Telecopier:  (302) 467-4552
E-Mail:  carmichaell@whiteandwilliams.com

and

Leonard P. Goldberger
(Member of the PA Bar)
Joseph G. Gibbons
(Member of the PA Bar)
White and Williams LLP
1800 One Liberty Place
Philadelphia, PA 19103-7395
Telephone:  (215) 864-7000
Telecopier:  (215) 864-7123
E-Mail: goldbergerl@whiteandwilliams.com
E-Mail: gibbonsj@whiteandwilliams.com

Attorneys for Century Indemnity
Company, et al.