IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

In re:                                     )
                                           )
                                           )      Chapter 11
                                           )
W. R. GRACE & CO. et al.[1]                )      Case No. 01-0 1139 (JKF)
                                           )      (Jointly Administered)
          Debtors.                         )

**AFFIDAVIT OF CHRISTOPHER H. MARRARO**
**UNDER 11 U.S.C. 327(E)**

DISTRICT OF COLUMBIA ) ss.:


          I, CHRISTOPHER H. MARRARO, being duly sworn, state as follows:

          1.      I am an attorney at law and a member of the bars of the District of

Columbia, the State of New Jersey, the United States District Court for the District of New

Jersey, and the United States Courts of Appeal for the Second, Third, Fifth and District of

Columbia Circuits.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. -Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food `N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (Ma Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G_ C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners 1, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Curving, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

2.      I was a member of the law firm of Wallace King Marraro & Branson PLLC ("WKMB"), which was retained by this Court as Special Litigation and Environmental Counsel by Order dated June 22, 2001. I was the partner in charge for all WKMB matters for W. R. Grace & Co., et al. (collectively, the "Debtors") ever since WKMB was retained as Special Litigation and Environmental counsel by this Court.

3.      On November 15, 2004 I moved my law practice to Howrey Simon Arnold & White ("Howrey") where I had been a partner prior to forming WKMB.

4.      The Debtors have requested that Howrey provide legal services to the Debtors and Howrey has consented to provide such services.

5.      I am not related and, to the best of my knowledge after inquiry of Howrey's members, counsel and associates, no other attorney of Howrey is related, to any judge of the United States Bankruptcy Court for the District of Delaware or to the United States Trustee for this District.

6.      I do not hold or represent and, to the best of my knowledge and information, no other attorney of Howrey holds or represents, any interest adverse to the Debtors or their estates with respect to any of the matters for which Howrey's retention is sought. Insofar as Howrey has been able to ascertain, neither I, nor Howrey, nor any member, counsel or associate thereof, has any connection with the Debtors in these cases, their creditors, or any other party in interest, or their respective attorneys or accountants, except as hereinafter set forth.

7.      For the last ten years, I have rendered legal services to the Debtors and their affiliates in connection with litigation and environmental matters. These legal services have included litigations, and negotiation of environmental matters. I have provided advice to senior management on such issues.

2

8.      Specifically, I represented the Debtors in *Interfaith Community Organization et al. v. Honeywell, International, Inc. et al.* (No. 95-2097) in which this Court approved a settlement whereby Honeywell International Inc. paid Debtors $62.5 million dollars in connection with environmental contamination at the Debtor's former property located in Jersey City, New Jersey.   I also represented the Debtors in *W.R. Grace & Co. v. U.S. Environmental Protection Agency,* where I successfully argued to the Third Circuit that a unilateral order to remediate an aquifer lodged by the U.S. Environmental Protection Agency under the Safe Drinking Water Act against the Debtors should be vacated.  While at WKMB, I was retained to represent the Debtors on several other matters that are continuing.  I was retained by the Debtors to file suit against Zotos International Inc. to recover environmental costs expended by Debtors at a New York State waste site.   That suit is currently pending and is captioned *W.R. Grace & Co. – Conn. v. Zotos International Inc.* (W.D.N.Y.).  I was also retained by the Debtors to assess and prosecute cost recovery claims against other responsible parties arising out of prior disposal activities at Concord, Massachusetts.   I have been advising the Debtors on other matters relating to environmental issues at other sites.

9.      Howrey has no claim for pre-petition professional services against the Debtors.  None of the services performed by Howrey have included or will include providing advice with respect to the restructuring options available to the Debtors for legal services in connection with the preparation and filing of these chapter 11 cases.  The Debtors' bankruptcy and reorganization counsel, Kirkland & Ellis and Pachulski, Stang, Ziehl, Young & Jones, have performed those services.

10.     In matters unrelated to this case, Howrey has in the past represented, currently represents, and likely in the future will represent certain of the Debtors' and their affiliates' significant current customers and unsecured creditors.   Based on a due diligent

investigation of the comparison of the persons and entities identified on the list of all interested parties in this proceeding (which was provided by counsel for the Debtors, Kirkland & Ellis) with the most complete list currently available of Howrey's clients for the past three years, together with the names of their parent and subsidiary entities (according to Dun & Bradstreet's Who *Owns Whom* service) to the best of my knowledge and information, Howrey's representation of these customers and creditors involves unrelated litigation in which none of the Debtors or their affiliates is a party to such litigations.

    11.    Neither I nor any principal or professional employed by Howrey has agreed with any other entity to share any compensation that is received from the Debtors on account of any matter involving Debtor with any other person or entity other than the principals and regular employees of Howrey.

Christopher H. Marraro

Sworn to before me this
/0ᵗʰ  day of February 2005

Notary

Mary T. Jackson
Notary Public, District of Columbia
My Commission Expires 2-14-2008

4