IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

**Objection Deadline: March 4, 2005**
**Hearing Date: March 21, 2005 at Noon**

## DEBTOR'S MOTION FOR AUTHORIZATION TO MODIFY AND EXPAND THE SCOPE OF SERVICES PROVIDED BY WOODCOCK WASHBURN LLP

The Debtors hereby move the Court for authorization (i) to expand the scope of services provided by Woodcock Washburn LLP ("Woodcock"), a professional retained in these bankruptcy cases, to include the rendering of legal opinions and the provision of other intellectual property law legal services to the Debtors for the benefit of the Debtors' continuing business operations; and (ii) to pay Woodcock's currently outstanding fees and expenses, in the

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

amounts of $35,000, for the rendering of legal opinions and the provision of intellectual property law legal services that have already been rendered, but have not been paid (the "Past Services Amount"). The Debtors have a longstanding relationship with Woodcock and, in this regard, the Debtors have relied upon Woodcock's intellectual property services since at least 1989. By this Motion, the Debtors seek to expand Woodcock's existing retention order, which is limited to patent defense work in a suit between Intercat, Inc. and the Debtors, to include these intellectual property law services. In support of this Motion, the Debtors state as follows:

## Jurisdiction

1.  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A) and (O). Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought herein is 11 U.S.C. § 327(a) and Fed. R. Bank. P. 2014(a).

## Facts and Background

2.  On December 23, 2002, the Debtors submitted the application (the "Application") for an order pursuant to sections 327(e) and 328(a) of title 11 of the United States Code (as amended, the "Bankruptcy Code") and Fed. R. Bankr. P. 2014 and 2016 authorizing the employment and retention of Woodcock as special litigation counsel to intervene in certain intellectual property law litigation pending in the United States District Court for the Northern District of Indiana (the "Intercat Patent Infringement Suit"). The affidavit of Gary H. Levin (the "Levin Affidavit") was filed in support of the Application. On January 22, 2003, the Court entered an order approving the Application (the "Retention Order"). The Application, the Levin

Affidavit and the Retention Order are hereinafter referred to collectively as the "Retention Materials".

3. As set forth in the Retention Materials, Woodcock was authorized to intervene in the Intercat Patent Infringement Suit and to represent the Debtors in connection with that litigation. The Retention Materials provide that Woodcock would receive as compensation for its services in the Intercat Patent Infringement Suit its customary hourly rates for services rendered and reimbursement of actual, necessary expenses incurred by Woodcock.

4. Prior to being retained as special litigation counsel, Woodcock was retained as an ordinary course professional to prepare intellectual property law opinions for the Debtors and to provide such other services relating to intellectual property law as the Debtors might require. In such capacity, Woodcock prepared such opinions and provided such services to the Debtors through 2001 and 2002. The Application, however, only requested authority to retain Woodcock as special litigation counsel. It failed to also request authorization for Woodcock to continue to provide the same types of services to the Debtors that Woodcock had previously provided as an ordinary course professional.

5. From time to time in connection with the Debtors' continuing business operations, the Debtors find it necessary to retain Woodcock and other outside legal counsel to render opinions to the Debtors on matters involving intellectual property law. The subject matter of those opinions may relate, among other matters, to: (i) whether the Debtors' products or processes, or particular uses of such products or processes, may infringe patents issued to third parties; and (ii) whether patents alleged by third parties to be infringed by Grace's products, processes, or by the use of such products or processes, are valid under applicable patent laws.

6. In addition, the Debtors' in-house patent counsel also find it necessary from time to time to consult with Woodcock on a wide range of issues relating to intellectual property law, including advice in connection with: (i) the preparation and filing of patent applications; (ii) the preparation of agreements and other legal instruments relating to intellectual property; (iii) allegations by third parties that the Debtors may have infringed upon patents or other intellectual property of such third parties; and (iv) administrative proceedings in the United States Patent and Trademark Office. The professional services described above in paragraphs 4 and 5 and in this paragraph are hereinafter referred to collectively as the "<u>Woodcock IP Services</u>".

7. Since Woodcock's retention, the Debtors have, from time to time, requested Woodcock to provide Woodcock IP Services. Woodcock has provided such services to the Debtors. These services were requested and provided on the assumption that the Retention Materials authorized such services. Upon further review, however, the Debtors have recently determined that such services were not so authorized and, therefore, the Debtors have not made payment on account of the Past Services Amount.

### Relief Requested

8. By this Motion, the Debtors seek authority to (i) expand the retention of Woodcock to include the Woodcock IP Services pursuant to sections 327 and 328 of the Bankruptcy Code, and (ii) pay the Past Services Amount to Woodcock.

## Argument

9. It is critical for the Debtors' continuing business operations that the Debtors be able to utilize Woodcock to provide the Woodcock IP Services. Since at least 1989, Woodcock has provided similar services to the Debtors, and the Debtors highly value Woodcock's professional skills with respect to matters of intellectual property law.

10. Outside intellectual property law counsel such as Woodcock provide particularly valuable services to the Debtors in connection with legal opinions concerning a wide range of the Debtors' products, processes and technologies. In connection with such services, Woodcock has developed extensive knowledge of certain of the Debtors' products, processes, and technologies, and this allows Woodcock to prepare opinions relating to such matters more efficiently than an outside counsel unfamiliar with them. The technical subject matter involved in many such legal opinions may often be very complex and require expert knowledge of very sophisticated technical disciplines. The expense of such opinions can be significantly reduced by an outside counsel's familiarity with the products, processes or technologies of the Debtors that are the subject of such opinions. In addition, the application of the evolving law of one or more jurisdictions to such technical subject matters is often no less demanding than are the technical aspects of the opinion. It is critical that the Debtors be able to rely upon the professional and technical skills of Woodcock's opinions.

11. In addition, in some circumstances, the opinion of an independent, outside legal counsel may be critical to the Debtors in circumstances where there is a potential for litigation over whether the Debtors might infringe upon one or more third party patents. This may be particularly true in connection with potential allegations that the patent owners in such litigation

are entitled to two to three times the value of their alleged damages because the Debtors are alleged to have knowingly engaged in the infringement.

12. The Debtors have for many years relied upon Woodcock's advice in the subject areas set forth in this Motion. It continues to be essential for the Debtors to have Woodcock available to consult with in such areas and thereby to maximize the value of the intellectual property in the estates of the Debtors. It is also very important that the Debtors can rely upon Woodcock's prior experience with certain of the Debtors' products, processes and technologies to reduce the overall costs of providing the Woodcock IP Services to the Debtors.

13. Woodcock should be paid the Past Services Amount for Woodcock IP Services that were provided in the past on the assumption that the Court had authorized the provision of such services in the Retention Materials. Payment of the Past Services Amount will not exceed an aggregate amount of $35,000 and such payment will facilitate the continued provision of important Woodcock IP Services in the future.

### Compensation

14. Unless otherwise provided herein, Woodcock will seek compensation and reimbursement of expenses in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules and any orders of this Court, including without limitation, (a) the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, dated May 3, 2001, effective as of April 2, 2001 and (b) the Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Revised procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, dated April 17, 2002.

15.     The attorneys and paralegals presently primarily expected to work on this matter, and their hourly rates, are as follows:

**Attorneys:**
| | |
|---|---|
| Gary H. Levin | $490 |
| Kathleen A. Milsark | $410 |
| David R. Bailey | $405 |
| Lynn A. Malinoski | $385 |
| Chad E. Ziegler | $315 |
| Frank T. Carroll | $295 |
| Amy Carr-Trexler | $240 |
| Karen M. Whitney | $235 |

**Paralegals:**
| | |
|---|---|
| Larry A. Labella | $135 |
| Suzanne Wallace | $90 |

The hourly rates set forth above are subject to periodic adjustment to reflect economic and other conditions. Other attorneys and paralegals from Woodcock may from time to time also serve the Debtors in connection with the firm's employment.

### Disinterestedness

16.     Woodcock is a "disinterested" party as that term is defined under section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code. The supplemental affidavit of Gary H. Levin, attached hereto as <u>Exhibit A</u> and incorporated herein, is submitted in support of this Motion.

### Notice

17.     Notice of this Motion has been given to (i) the United States Trustee, (ii) counsel to the DIP Lender, (iii) counsel to The Chase Manhattan Bank as agent for the Debtors' prepetition lenders, (iv) counsel to all official committees appointed by the United States Trustee, and (v) all those parties that requested service and notice of papers in accordance with

91100-001\DOCS_DE:105581.2

Fed. R. Bankr. P. 2002. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

## No Prior Request

18.     No prior motion for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court enter an Order substantially in the form attached hereto, (a) authorizing the Debtors to expand the retention of Woodcock to include the Woodcock IP Services pursuant to sections 327 and 328 of the Bankruptcy Code, (b) authorizing the Debtors to pay the Past Services Amount to Woodcock, and (c) granting such further relief as is just and proper.

Dated: February 11, 2005

Respectfully submitted,

KIRKLAND & ELLIS LLP
James H.M. Sprayregen, P.C.
Janet S. Baer
James W. Kapp III
Samuel L. Blatnick
200 East Randolph Drive
Chicago, Illinois 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

and

PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.

Laura Davis Jones (Bar No. 2436)
David W. Carickhoff, Jr. (Bar No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for the Debtors and Debtors in Possession