# Exhibit A

Supplemental Affidavit

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **W. R. GRACE & CO., et al.,** | ) | **Case No. 01-01139** |
| | ) | **(Jointly Administered)** |
| | ) | |
| **Debtors.** | ) | |

## AFFIDAVIT UNDER 11 U.S.C. 327(e)

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | ) | |
| | ) | ss: |
| COUNTY OF PHILADELPHIA | ) | |

Gary H. Levin, being duly sworn, upon his oath, deposes and says:

1. I am an attorney at law and a member of the bars of the Commonwealth of Pennsylvania and the United States District Court for the Eastern District of Pennsylvania. I am a partner in the law firm of Woodcock Washburn LLP ("Woodcock") which maintains an office for the practice of law at One Liberty Place – 46th Floor, Philadelphia, Pennsylvania 19103. I make this Affidavit in support of the Motion of W.R. Grace & Co., et al. (collectively, the "Debtors") for authorization to expand the scope of services provided by Woodcock for the Debtors.

2. On January 22, 2003, this Court entered an order (the "Retention Order") pursuant to sections 327(e) and 328(a) of the Bankruptcy Code authorizing the Debtors to employ and retain Woodcock as special litigation counsel to represent Debtors in a patent infringement litigation then pending in the United States District Court for the Northern District of Indiana (the "Intercat Infringement Suit"). Since that time, through today, Woodcock has

been representing the Debtors in the Intercat Infringement Suit, which has been transferred and is now pending in the District Court for the District of Minnesota.

3. Since as least as early as 1989, Woodcock has continuously represented Debtors in various intellectual property matters, including but not limited to providing opinions on whether activities proposed to be undertaken by Debtors may fall within the scope of third-party patents, and whether any such patents are valid; providing opinions on whether activities of third parties fall within the scope of valid coverage of patents owned by Debtors; preparation or review of license agreements or other legal instruments relating to patents; and preparation and prosecution of patent applications. In addition, Woodcock represented Debtors in several other patent litigation matters prior to April 2001. Prior to entry of the Retention Order, Woodcock had been retained as an ordinary course professional to continue such representation of Debtors.

4. I understand that the Retention Order did not explicitly provide for Woodcock to continue to provide intellectual property services to Debtors in addition to Woodcock's representation of Debtors in the Intercat Infringement Suit. Debtors have now requested and Woodcock has consented to provide such services. I make his affidavit in support of Debtors motion to permit such services.

5. I have been asked, as part of making this affidavit, to review a list of the parties-in-interest in the Debtors' Chapter 11 cases. Woodcock may have performed services in the past, and may perform services in the future, in matters unrelated to the Chapter 11 cases, for some of those parties. As part of its customary practice, Woodcock is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and/or parties-in-interest in the Chapter 11 cases. Woodcock does represent, or has represented within the last four years, the following parties,

2

which I understand to have interest in some capacity in the Chapter 11 cases: Air Products and Chemicals, Inc.; Bayer Corporation; Crown Cork and Seal Company, Inc; DuPont Company; Henkel Corp.; Johnson & Johnson Company; Mobil Oil Co.; Pfizer, Inc.; Princeton University; SAP America, Inc.; Sealed Air Corp.; and Sunoco Products, Inc. Woodcock's representation of these parties is or has been limited to providing advice and services in the field of intellectual property; Woodcock does not perform services for these or any other parties in connection with the Chapter 11 cases, nor does it have any relationship with any such party, its attorneys or accountants that would be adverse to the Debtors or their estates with respect to the matters for which Woodcock has been retained.

6. Neither I nor any principal of or professional employed by Woodcock has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of Woodcock

7. Neither I nor any principal of or professional employed by Woodcock, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates.

8. As of the date of this affidavit, Woodcock had generated fees and incurred disbursements on behalf of Debtors, on matters separate from the Intercat Infringement Suit, that had not yet been paid in an amount of about $35,000.00.

9. Woodcock is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of

its employment for Debtors, if Woodcock discovers any facts bearing on the matters described herein, Woodcock will supplement the information contained in this Affidavit.

Executed on February 8, 2005.                                        _Gay H. L_____

Sworn to and subscribed before me
this __8__ day of February, 2005

_Noreen A. Garonski_
Notary Public

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Noreen A. Garonski, Notary Public
City of Philadelphia, Philadelphia County
My Commission Expires Jan. 29, 2009

Member, Pennsylvania Association of Notaries

4