IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | Re: Docket No. _____ and |
| | | 3/21/05 Agenda Item ___ |

## ORDER MODIFYING AND EXPANDING THE SCOPE OF SERVICES PROVIDED BY WOODCOCK WASHBURN LLP

Upon consideration of the motion (the "Motion")[1] of the above captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order authorizing the expansion of the scope of the services permitted to be provided by Woodcock to the Debtors to include the Woodcock IP Services, and upon the supplemental affidavit of Gary H. Levin (the "Supplemental Affidavit") filed in support of the Motion; and the Court being satisfied, based on the representations made in the Motion and Supplemental Affidavit, that Woodcock represents no interest adverse to the Debtors' estates with respect to the matters upon which they are to be engaged, that Woodcock is a "disinterested person" as that term is defined under section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and that the expansion of the scope of the Woodcock's legal services to include the Woodcock IP Serivces, as requested pursuant to the Motion, is necessary and would be in the best interests of the Debtors, their creditors and the Debtors' estates; and it appearing that his proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and after due deliberation and sufficient cause appearing therefore,

---

[1] Capitalized terms not otherwise described herein will have the meanings ascribed to them in the Motion.

IT IS HEREBY ORDERED THAT:

1. The Motion is granted.

2. The Debtors are authorized to pay Woodcock the Past Due Amount.

3. The Debtors are authorized to expand the scope of the services provided by Woodcock to include the Woodcock IP Services, on the terms set forth in the Motion.

4. The Debtors are authorized to retain Woodcock to provide the Woodcock IP Services for so long as the Debtors believe that such services are in the best interests of the Debtors' estates.

5. Woodcock shall be compensated for the Woodcock IP Services, and reimbursed for expenses incurred providing such services, consistent with the terms described in the Motion, and in accordance with the procedures set forth in the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules and orders of this Court, including without limitation, (a) the *Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members*, dated May 3, 2001, effective as of April 2, 2001 and (b) the *Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members*, dated April 17, 2002.

6.      This Court retains jurisdiction with respect to all matters arising from or relating to the implementation of this order.

Dated: March ___, 2005

                                                          _____
                                                          The Honorable Judith K. Fitzgerald
                                                          United States Bankruptcy Judge