## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | Jointly Administered |

### DECLARATION OF JOHN FORGACH IN SUPPORT OF DEBTORS' OBJECTION TO INTERNATIONAL BROTHERHOOD OF BOILERMAKERS, IRON SHIPBUILDERS, BLACKSMITHS, FORGERS, AND HELPERS, LOCAL LODGE 727 CLAIM NO. 5699 (SUBSTANTIVE)

I, John Forgach, hereby declare that the following is true to the best of my knowledge, information and belief:

1. I am the Senior Benefits Counsel of W.R. Grace & Co., which has offices located at 7500 Grace Drive, Columbia, Maryland 21044. I submit this declaration (the "Declaration") in support of the Debtors' Objection (the "Objection") to International Brotherhood of Boilermakers, Iron Shipbuilders, Blacksmiths, Forgers, and Helpers, Local Lodge 727 Claim No. 5699 (the "Claim").

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

2. I am responsible for overseeing the claims review and objection process with respect to employee-related claims in these cases. In that capacity, I have reviewed the Objection and am, directly or through the Debtors' personnel, attorneys, and Bankruptcy Management Corporation, the Debtors' claims consultant, familiar with the information contained therein and in the exhibits annexed thereto.

3. Upon information and belief, the Debtors maintain books and records (the "Books and Records") that reflect, among other things, the Debtors' employee-related obligations and the resolution of issues related to such obligations.

4. Under my supervision, considerable resources and time have been expended to ensure a high level of diligence in reviewing and reconciling claims filed by employees, former employees, or their representatives in these cases. Such claims were carefully reviewed and analyzed by appropriate personnel, and, in some cases, the Debtors' professional advisors, resulting in the identification of objectionable claims. Based on these efforts, the Debtors have determined that the Claim should be disallowed and expunged as indicated in the Objection.

5. To the best of my knowledge and belief, I have determined that the Debtors have already satisfied the employee benefits obligations upon which the Claim is based, as (a) pursuant to the Court's April 2, 2001 order authorizing such payments, the Debtors have paid in full all prepetition employee benefits obligations, and (b) the Debtors have continued postpetition to meet all of their employee benefits obligations.

The information contained in this Declaration is true and correct to the best of my knowledge and belief.

February 10, 2005

                                     John Forgach
                                     Senior Benefits Counsel

Subscribed and sworn to before me
this 10th day of February, 2005.

NOTARY PUBLIC, State of MARYLAND
My Commission Expires: __/__/__

        MOLLIE K. SPRINKLE
   NOTARY PUBLIC STATE OF MARYLAND
  My Commission Expires December 1, 2006

3