IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

Hearing Date: April 25, 2005 at 12:00 noon EST
Response Deadline: March 18, 2005

## DEBTORS' OBJECTION TO INTERNATIONAL BROTHERHOOD OF BOILERMAKERS, IRON SHIPBUILDERS, BLACKSMITHS, FORGERS, AND HELPERS, LOCAL LODGE 727 CLAIM NO. 5701 (SUBSTANTIVE)

The Debtors hereby file this objection (the "Objection") to Claim No. 5701, filed

by International Brotherhood of Boilermakers, Iron Shipbuilders, Blacksmiths, Forgers, and

Helpers, Local Lodge 727 ("IBB", or "Claimant"), on behalf of itself and certain employees,

former employees, and retired employees (the "Employees") of the Debtors against the Debtors'

estates (the "Claim"). In support thereof, the Debtors state the following:

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

**Jurisdiction**

1.      This Court has jurisdiction over this matter under 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A) and (O).

2.      The statutory bases for the relief requested herein are 11 U.S.C. §§ 105(a) and 502.

**Background**

3.      On April 2, 2001 (the "Petition Date"), each of the Debtors in these chapter 11 cases filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") commencing their respective chapter 11 cases (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for administrative purposes only and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

4.      By an order dated April 25, 2002 (the "Bar Date Order"), this Court set March 31, 2003 as the last date for filing proofs of claim for all claims relating to asbestos property damage, non-asbestos claims (including all governmental claims), and medical monitoring claims.

5.      On March 20, 2003, IBB filed the Claim, attached hereto as <u>Exhibit A</u>, on behalf of itself and the Employees. The Claim allegedly arises from a collective bargaining agreement (the "CBA") between IBB and the Debtors dated May 6, 2002. The Debtors' claims agent has designated the Claim as Claim No. 5701.

2

6.    The Claim asserts that the Debtors are or were in breach of certain of their employee insurance and retirement benefits (the "Employee Benefits") obligations to IBB under the CBA, although the Claim does not assert with specificity the precise nature of the alleged breach nor the purported liability resulting therefrom.

### The Objection And Request For Relief

7.    By this Objection, the Debtors request that the Court expunge the Claim, as the Debtors have already resolved the issues set forth therein, as discussed more fully below, and, therefore, have no liability for any of the debts asserted in the Claim.

8.    The Debtors object to the Claim on the ground that they have met all of both (a) their prepetition Employee Benefits obligations, pursuant to the Court's April 2, 2001 Order (the "Payment Authorization Order") [Docket No. 20] authorizing such payments, and (b) their ongoing postpetition Employee Benefits obligations in the ordinary course of business.

9.    The Court's Payment Authorization Order authorized the Debtors to pay, in relevant part, (a) certain prepetition wages, salaries, incentive pay, bonus plans, and other compensation and amounts withheld from such compensation (b) employee medical, pension, and similar benefits, (c) employee severance pay, (d) workers' compensation benefits, (e) amounts relating to retiree health benefits, and (f) reimbursable employee expenses.  In accordance with such Order, the Debtors have paid in full all of their prepetition obligations under the CBA, including their Employee Benefits obligations.  Additionally, the Debtors have continued postpetition to meet all of their obligations to IBB and the Employees with respect to its Employee Benefits obligations in the ordinary course of its business.  As a result, the Debtors bear no liability for any claims predicated upon their failure to do so.  Because the Debtors have

3

satisfied and continue to satisfy all of their Employee Benefits obligations, the Claim must be expunged from the claims registry.

## Reservation

10.    The Debtors hereby reserve the right to amend, modify, and/or supplement this Objection, including, without limitation, the right to object to amended claims and newly-filed claims.  Separate notice and hearing will be scheduled for any such objection

11.    Notwithstanding anything contained in this Objection or the attached exhibits, nothing herein shall be construed as a waiver of any rights that the Debtors may have (a) to bring any causes of action against the Claimant subject to the Objection; or (b) to exercise their rights of setoff against the holders of the Claim relating to such cause of action.

## Notice

12.    The Debtors will serve copies of this Objection (with all exhibits) on (a) the Office of the United States Trustee, (b) the Claimant, and (c) all other parties that have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.

13.    The Debtors submit that notice of this Objection is sufficient under Bankruptcy Rule 3007 and that no further notice is necessary.

## No Previous Request

14.    No previous request for the specific relief set forth herein has been made to this or any other court.

## Compliance With Rule 3007-1

15.    This Objection (and related exhibits attached hereto) complies with Rule 3007-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware.

4

WHEREFORE, the Debtors respectfully request that the Court enter an order

expunging and disallowing Claim No. 5701.


Dated: February 11, 2005                    KIRKLAND & ELLIS LLP
                                            James H.M. Sprayregen, P.C.
                                            James W. Kapp III
                                            Janet S. Baer
                                            200 East Randolph Drive
                                            Chicago, IL  60601
                                            (312) 861-2000

                                            and

                                            PACHULSKI, STANG, ZIEHL, YOUNG, JONES
                                            & WEINTRAUB P.C.


                                            Laura Davis Jones (Bar No. 2436)
                                            David W. Carickhoff, Jr. (Bar No. 3715)
                                            919 North Market Street, 16th Floor
                                            P.O. Box 8705
                                            Wilmington, DE 19899-8705 (Courier 19801)
                                            Telephone:  (302) 652-4100
                                            Facsimile:  (302) 652-4400

                                            Co-Counsel for Debtors and Debtors in Possession

5