IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

**Hearing Date: April 25, 2005 at 12:00 noon EST**
**Response Deadline:  March 18, 2005**

## DEBTORS' OBJECTION TO
## UNITED STEELWORKERS OF AMERICA CLAIM NO. 13283 (SUBSTANTIVE)

The Debtors hereby file this objection (the "Objection") to Claim No. 13283, filed

by United Steelworkers of America, AFL-CIO-CLC, ("USWA", or "Claimant"), on behalf of

itself and certain employees and former employees (and surviving spouses) (the "Employees") of

the Debtors against the Debtors' estates (the "Claim").  In support thereof, the Debtors state the

following:

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

## Jurisdiction

1.      This Court has jurisdiction over this matter under 28 U.S.C. § 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A) and (O).

2.      The statutory bases for the relief requested herein are 11 U.S.C. §§ 105(a) and 502.

## Background

3.      On April 2, 2001 (the "Petition Date"), each of the Debtors in these chapter 11 cases filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") commencing their respective chapter 11 cases (collectively, the "Chapter 11 Cases").  The Chapter 11 Cases have been consolidated for administrative purposes only and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

4.      By an order dated April 25, 2002 (the "Bar Date Order"), this Court set March 31, 2003 as the last date for filing proofs of claim for all claims relating to asbestos property damage, non-asbestos claims (including all governmental claims), and medical monitoring claims.

5.      On March 27, 2003, USWA filed the Claim, attached hereto as Exhibit A, on behalf of itself and the Employees. The Claim allegedly arises from a series of collective bargaining agreements ("CBAs") between USWA and the Debtors covering the Employees at two of the Debtors' facilities in and around Chicago, Illinois and one facility at Chattanooga, Tennessee.  The Debtors' claims agent has designated the Claim as Claim No. 13283.

2

6.    The Claim asserts that the Debtors were in breach of certain of their obligations to the USWA on and before the Petition Date and that the Debtors continue to be in breach of such obligations.  Specifically, the Claim asserts four categories with respect to which the Debtors are allegedly indebted to the USWA and the Employees:

a.    Employee Deductions, Unpaid Vacation Pay, Unpaid Holiday Pay, Unpaid Sick Leave, Unreimbursed Medical, Drug, Accident, Sickness and Disability Expenses, Unreimbursed Other Expenses, Unpaid Contributions to employee benefit funds, and all other moneys which may be due under the CBAs, including but not limited to wages, shift differentials, premiums, leave, holidays, and SUB benefits (the "Employee Benefits")

b.    Grivances (the "Grievances")

c.    Retiree benefits (the "Retiree Benefits")

d.    Pension benefits, including all contribution and benefit payments due (the "Pension Benefits")

### The Objection and Request for Relief

7.    By this Objection, the Debtors request that the Court expunge the Claim, as the Debtors have already resolved the issues set forth therein, as more fully discussed below, and, therefore have no liability for any of the debts asserted in the Claim.

### A.    Employee Benefits

8.    With respect to the Employee Benefits, the Debtors have already satisfied this part of the Claim pursuant to the Court's April 2, 2001 Order (the "Payment Authorization Order") [Docket No. 20] authorizing such payments.  That Payment Authorization Order authorized the Debtors to pay, in relevant part, (a) certain prepetition wages, salaries, incentive

3

pay, bonus plans, and other compensation and amounts withheld from such compensation (b)

employee medical, pension, and similar benefits, (c) employee severance pay, (d) workers'

compensation benefits, (e) amounts relating to retiree health benefits, and (f) reimbursable

employee expenses. In accordance with such Order, the Debtors paid in full all of the prepetition

obligations incorporated into the Employee Benefits portion of the Claim. Additionally, the

Debtors have continued postpetition to meet all of their obligations to USWA and the Employees

with respect to the Employee Benefits and, as a result, bear no liability for any claims predicated

upon the Debtors' failure to do so. Because the Debtors have satisfied all of their obligations

with respect to the Employee Benefits, the Claim must be expunged insofar as it asserts liability

related to the Employee Benefits

**B.**    **Grievances**

9.    The second category of liability listed in USWA's Claim relates to certain

grievances filed by USWA against the Debtors. The Debtors object to this assertion of liability

on the grounds that the underlying grievances upon which this part of the Claim is based have

been resolved. Because the underlying grievances upon which USWA grounds its assertion of

liability are no longer at issue, USWA's claim with respect to the Debtors' potential liability

related to such grievances should be expunged.

**C.**    **Retiree Benefits**

10.    With respect to that portion of USWA's Claim that asserts liability

stemming from the Debtors' obligations pursuant to the CBAs to pay Retiree Benefits, the

Debtors object on the grounds that such obligations, to the extent that they were acquired

prepetition, were paid in accordance with the Court's Payment Authorization Order.

4

Additionally, the Debtors have continued to timely meet their postpetition Retiree Benefits

obligations in full in the ordinary course of business. Because the Debtors have paid their

prepetition Retiree Benefits obligations and have remained current on their postpetition Retiree

Benefits, the Debtors submit that the Retiree Benefits component of USWA's Claim should be

expunged.

**D.    Pension Benefits**

11.    USWA's final assertion of liability in its Claim relates to the Debtors'

Pension Benefits obligations under the CBAs. As they have done with respect to their Employee

Benefits obligations and their Retiree Benefits obligations, the Debtors have met all of their

prepetition Pension Benefits obligations in accordance with the Court's Payment Authorization

Order. Likewise, the Debtors have continued to remain current on their postpetition Pension

Benefits obligations in the ordinary course of business. Because the Debtors are not liable for

any Pension Benefits debts to the USWA or the Employees, the Pension Benefits portion of the

Claim should be expunged.

**Reservation**

12.    The Debtors hereby reserve the right to amend, modify, and/or supplement

this Objection, including, without limitation, the right to object to amended claims and newly-

filed claims. Separate notice and hearing will be scheduled for any such objection

13.    Notwithstanding anything contained in this Objection or the attached

exhibits, nothing herein shall be construed as a waiver of any rights that the Debtors may have

(a) to bring any causes of action against the Claimant subject to the Objection; or (b) to exercise

their rights of setoff against the holders of the Claim relating to such cause of action.

5

## Notice

14.     The Debtors will serve copies of this Objection (with all exhibits) on (a) the Office of the United States Trustee, (b) the Claimant, and (c) all other parties that have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.

15.     The Debtors submit that notice of this Objection is sufficient under Bankruptcy Rule 3007 and that no further notice is necessary.

## No Previous Request

16.     No previous request for the specific relief set forth herein has been made to this or any other court.

## Compliance With Rule 3007-1

17.     This Objection (and related exhibits attached hereto) complies with Rule 3007-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware.

WHEREFORE, the Debtors respectfully request that the Court enter an order

expunging and disallowing Claim No. 13283.

Dated: February 11, 2005

KIRKLAND & ELLIS LLP
James H.M. Sprayregen, P.C.
James W. Kapp III
Janet S. Baer
200 East Randolph Drive
Chicago, IL  60601
(312) 861-2000

and

PACHULSKI, STANG, ZIEHL, YOUNG, JONES
& WEINTRAUB P.C.


Laura Davis Jones (Bar No. 2436)
David W. Carickhoff, Jr. (Bar No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:   (302) 652-4400

Co-Counsel for Debtors and Debtors in Possession

7