IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | Re: Docket No. 6244 and |
| | | 12/20/04 Agenda Item 6 |

### ORDER MODIFYING THE COURT'S PREVIOUS ORDER APPROVING THE PRIVILEGED AND CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE BETWEEN THE DEBTORS AND THE KWELMBS COMPANIES

On September 27, 2004, upon consideration of the *Debtors' Motion for the Entry of an Order Approving the Privileged and Confidential Settlement Agreement and Release with the KWELMBS Companies* (the "Motion"), the Court entered an *Order Approving the Privileged and Confidential Settlement Agreement and Release with the KWELMBS Companies* (the "Approval Order") (Docket No. 6477). Limited objections to the Motion were filed by (i) the

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Representative for Future Asbestos Claimants (David Austern), (ii) the Official Committee of Asbestos Personal Injury Claimants, and (iii) the Official Committee of Asbestos Property Damage Claimants (collectively, the "Objections") (Docket Nos 6368, 6369, and 6395, respectively). Each of the Objections raised concerns with the Debtors' discretion over the use of funds received pursuant to the settlement agreement approved in the Motion. Since timing was essential to the settlement agreement between the Debtors and KWELMBS, the Court entered the Order, but continued argument with respect to the Debtors' use of proceeds. Since that time, each of the Objections has been withdrawn.

NOW THEREFORE, IT IS HEREBY ORDERED THAT:

1.      The Approval Order is modified so that paragraph 7 (which states that "The matter of the disposition of proceeds is continued to October 25, 2004 at 12:00 p.m.") is stricken.

2.      The remainder of the Approval Order shall remain intact and unmodified by this Order, and no restrictions shall be imposed on the Debtors' use of the proceeds.

3.      The Court shall retain jurisdiction to hear any matters arising from this Order, which is final, and is effective immediately upon its entry.

Dated: February 14, 2005

_____
The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

2