IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | Jointly Administered |

**Objection Deadline: March 4, 2005**
**Hearing Date: March 21, 2005 at 12:00 p.m.**

# DEBTORS' MOTION FOR APPROVAL OF THE JOINT STIPULATION AND CONSENT ORDER OF THE DEBTORS AND THE ST. PAUL COMPANIES, INC. CONCERNING THE CLASSIFICATION AND TREATMENT OF ST. PAUL'S CLAIM WITH RESPECT TO THE SOLOW APPEAL BOND AND FOR MODIFICATION OF THE AUTOMATIC STAY

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully move this Court (the "Motion") for approval of the *Joint Stipulation and Consent Order of the Debtors and the St. Paul Companies, Inc. Concerning the Classification and Treatment of the St. Paul Companies, Inc.'s Claim With Respect to the Solow Appeal Bond and for Modification of the Automatic Stay* (the "Stipulation and Order," a copy of which is attached as Exhibit A).

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Pursuant to the Stipulation and Order: (i) the St. Paul Companies, Inc. ("St. Paul") will withdraw certain objections it has raised to the Debtors' most-recent plan of reorganization and disclosure statement, (ii) St. Paul's claims on account of one bond it issued in favor of the Debtors would be handled according to agreed-upon criteria, and (iii) the Debtors' automatic stay would be lifted so that the Debtors can pursue their appeal of a pre-petition judgment, for which St. Paul issued an appeal bond. The Court should approve the Stipulation and Order because it is in the best-interests of the Debtors' estates. Specifically, the Stipulation and Order would resolve the objections raised by St. Paul to the Debtors' plan, would provide for the resolution of one of St. Paul's claims, and would permit completion of the pre-petition appeal, which has been in limbo for nearly four years.

## Jurisdiction

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of the Motion is proper under 28 U.S.C. § 1408.

2. The statutory predicates for the Motion are sections 105, 362, and 502 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 the Federal Rules of Bankruptcy Procedure.

## Facts and Background

3. On April 2, 2001 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under chapter 11 of the Bankruptcy Code commencing their respective chapter 11 cases (collectively, the "Chapter 11 Cases"). Thereafter, the Debtors filed a motion to consolidate, for administrative purposes only, the Chapter 11 Cases. Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

2

4. St. Paul executed certain surety bonds on behalf of the Debtors (the "Bonds") in reliance upon (i) a General Agreement of Indemnity dated August 1, 1991, executed by W.R. Grace & Co.-Conn. ("Grace"), a debtor in the Chapter 11 Cases, and (ii) a General Indemnity Agreement dated August 14, 1997, executed by Grace (collectively, the "Indemnity Agreements"). The Bonds obligate St. Paul to pay third-party obligees on account of certain of the Debtors' liabilities, including at least one asbestos property-damage claim.

5. Prior to the Petition Date, Sheldon H. Solow, Solow Development Corporation, Solow Solovieff Realty Co., LLC and Solow Building Company, LLC (collectively, "Solow") sued Grace in New York state court for alleged asbestos property-damage. On or before January 16, 2001, a judgment was entered in favor of Solow against Grace in the amount of $25,800,590.57 (plus interest from the date of judgment) (the "Solow Judgment"). Induced by and in reliance upon the Indemnity Agreements, and at Grace's request, St. Paul executed an Undertaking on Appeal (the "Solow Appeal Bond") in the penal sum not to exceed the amount of $25,650,742 (plus interest from the date of judgment) so that the Debtors could appeal the Solow Judgment. St. Paul filed four proofs of claim against the Debtors' estates, two of which were partially on account of potential claims against the Solow Appeal Bond.

6. Grace filed an appeal of the Solow Judgment with the Appellate Division of the Supreme Court of the State of New York, First Department (the "Solow Appeal"). Since the Petition Date, the prosecution of the Solow Appeal has been stayed by the Debtors' automatic stay.

7. On November 13, 2004, the Debtors filed their *Plan of Reorganization* and *Disclosure Statement Accompanying the Plan*. On or about January 13, 2005, the Debtors filed their *Amended Joint Plan of Reorganization* (the "Plan") and their *Amended Disclosure*

3

*Statement for the Amended Joint Plan of Reorganization* (the "Disclosure Statement"), which addressed concerns raised by various constituent groups in the Chapter 11 Cases.

8.   St. Paul has raised certain issues with the Debtors concerning the Plan and the Disclosure Statement with respect to that portion of the St. Paul Proof of Claim dealing with the Solow Appeal Bond and with the classification and treatment of any St. Paul claim under the Plan for any St. Paul payment or payments required under the Solow Appeal Bond, including whether such classification and treatment under the Plan should be as an Asbestos PD Claim or as a General Unsecured Claim (as defined in the Plan and Disclosure Statement). St. Paul has also requested that the Debtors seek to resolve the Solow Judgment and the Solow Appeal.

## Terms of the Stipulation and Order

9.   Pursuant to the Stipulation and Order (i) the Debtors' automatic stay would be lifted so that the Debtors can pursue their appeal of the Solow Judgement, for which St. Paul issued the Solow Appeal Bond; (ii) St. Paul's claims on account of the Solow Appeal Bond would be handled under specific, agreed-upon criteria; and (iii) St. Paul will withdraw certain objections it has raised to the Debtors' Plan and Disclosure Statement.

10.  Specifically, the Stipulation and Order provides that St. Paul shall have an allowed General Unsecured Claim under the Plan for the St. Paul-Solow Claim (the "St. Paul-Solow General Unsecured Claim"), which will be treated as follows:

(a)   The present amount of the allowed St. Paul-Solow General Unsecured Claim under the Plan shall be in the sum of $1.00; provided, however, that

(b)   If and/or when St. Paul makes any payment or payments required under the Solow Appeal Bond or makes any payment or payments for fees, costs and/or expenses relating to or in connection with the Solow Appeal or in defending any claim or claims made against the Solow Appeal Bond, the allowed St. Paul-Solow General

4

Unsecured Claim shall be equal to the amounts paid by St. Paul as required under the Solow Appeal Bond (the "Solow Appeal Bond Payment") plus any reasonable amounts paid by St. Paul for fees, costs and/or expenses relating to or in connection with the Solow Appeal or in defending any claim or claims made against the Solow Appeal Bond (collectively, the "Solow Appeal Bond Expense Payments"); and

(c) St. Paul shall then be entitled to its appropriate distribution under the Plan for the allowed St. Paul-Solow General Unsecured Claim in the amounts of the Solow Appeal Bond Payment and the Solow Appeal Bond Expense Payments in accordance with the terms of the Plan.

11. The Stipulation and Order also provides that the Debtors' automatic stay shall be modified to allow the Solow Appeal to proceed to a final resolution. In this respect, the Stipulation and Order provides that, upon the entry of an order approving the Stipulation and Order, the Debtors shall have the responsibility for promptly proceeding with the prosecution of the Solow Appeal, and shall cooperate in good faith with St. Paul in the prosecution of the Solow Appeal.

12. The Stipulation and Order further resolves any issues that may arise under section 502(e) of the Bankruptcy Code with respect to the St. Paul-Solow General Unsecured Claim, the Solow Appeal Bond Payment and the Solow Appeal Bond Expense Payments as follows:

(a) While the allowed St. Paul-Solow General Unsecured Claim is classified and treated for reimbursement in the present amount of $1.00, the St. Paul-Solow General Unsecured Claim shall become an uncontested, not subject to objection,

    and allowed claim for reimbursement under section 502(e)(2) of the Bankruptcy Code for the amount of and at the time of the Solow Appeal Bond Payment;

(b)  The allowed St. Paul-Solow General Unsecured Claim shall also become an allowed claim for reimbursement under section 502(e)(2) of the Bankruptcy Code for the amount of and at the time of the Solow Appeal Bond Expense Payments, subject to the right of the Debtors to timely object to the reasonableness of and the amount of the Solow Appeal Bond Expense Payments; and

(c)  As contemplated by the Disclosure Statement and the Plan, upon the resolution of the Solow Appeal, St. Paul's contingent liability under the Solow Appeal Bond shall become fixed at the time that St. Paul makes any Solow Appeal Bond Payment and any Solow Appeal Bond Expense Payments, subject to paragraph 12(b) above.

### Relief Requested

13.  By this Motion, the Debtors seek to have the Stipulation and Order entered. A true and correct copy of the Stipulation and Order is attached hereto as <u>Exhibit A</u>.

### Statutory Authority and Argument

14.  This Court has statutory authority to authorize and approve the Debtors' entry into the Stipulation and Order pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure and sections 105 and 362 of the Bankruptcy Code.

15.  Bankruptcy Rule 9019 provides that, after notice and a hearing, a court may approve a proposed settlement or compromise. The decision whether to accept or reject a compromise lies within the sound discretion of the court. See <u>In re Resorts Int'l, Inc.</u>, 145 B.R. 412, 451 (Bankr. D. N.J. 1990); <u>In re Neshaminy Office Bldg. Assocs.</u>, 62 B.R. 798, 803 (Bankr. E.D. Pa. 1986). However, "compromise and settlement is encouraged ... if in the best interests of

the estate." In re Feifer Industries, Inc., 155 B.R. 256, 259 (Bankr. N.D. Ga. 1993), citing, In re SPM Manufacturing Corp., 984 F.2d 1305 (1st Cir. 1993).

16. "The standard for compromise and approval of a settlement is whether the settlement is 'fair and equitable' and 'in the best interests of the estate.'" In re Apex Oil Co., 92 B.R. 847, 867 (Bankr. E.D. Mo 1988), quoting, Protective Comm for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968). The purpose of a compromise is to allow the "trustee [or debtors in possession] and creditor[s] to avoid the expenses and burdens associated with litigating sharply contested and dubious claims." In re Apex Oil Co., 92 B.R. at 866, quoting, In re Walsh Constr., Inc., 669 F.2d 1325, 1328 (9th Cir. 1982). In so doing, it is not necessary for a bankruptcy court to conclusively determine claims subject to a compromise, nor must the court have all of the information necessary to resolve the factual dispute, for by so doing, there would be no need of settlement. See In re Apex Oil Co., 92 B.R. at 866. Neither must the court find that the settlement constitutes the best result obtainable. See id. Rather, the court need only canvass the issues to determine that the settlement does not fall "below the lowest point in the range of reasonableness." Id at 867, quoting In re W.T. Grant Co., 699 F.2d 599, 608 (2d Cir.), cert denied, 464 U.S. 822 (1983). The court does not substitute its judgment for that of the debtor in-possession, but reviews the issues to see if the settlement falls below the lowest point of reasonableness. See In re Bates, 211 B.R. 338, 343-44 (Bankr. D.Minn. 1997).

17. Relief from an automatic stay is permitted under section 362(d) of the Bankruptcy Code, which states in relevant part: "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-- 1) for cause..." 11 U.S.C. §362(d). Because section 362 does not offer guidance as to what constitutes "cause,"

7

reviewing courts must determine whether cause existed on a case-by-case basis. See In re Continental Airlines, Inc., 152 B.R. 420 (3d Cir. 1993); Robbins v. Robbins, 964 F.2d 342, 345 (4th Cir. 1992).

18. Therefore, in reviewing this Motion, the Court must "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." In re Martin, 91 F.3d 389, 393 (3d Cir. 1996). If the terms of the Stipulation and Order exceed the "lowest point in the range of reasonableness," then the Court has the discretion to approve the Stipulation and Order. Further, since the Stipulation and Order provide for the lifting of the Debtors' automatic stay, the Court must determine whether the benefits provided to the Debtors' estates by the Stipulation and Order constitute "cause" for lifting the stay.

19. The Court should approve the Stipulation and Order because the Debtors, in their business judgment, have determined that the terms of the Stipulation and Order are in the best interests of the Debtors' estates. First, the Stipulation and Order provide for the lifting of the automatic stay, so that the Debtors may pursue their appeal of a pre-petition judgment. If the Debtors are successful with this appeal, then this could potentially result in the elimination of a significant, pre-petition claim against the Debtors' estates. In any event, the Debtors' appeal has been stayed for nearly four years, and it is time to get the matter resolved. Second, the Stipulation and Order provides for guidelines concerning the treatment of the St. Paul-Solow Claim. This will eliminate the need (and associated use of estate resources) for the Debtors to object to such claim. Third, St. Paul will withdraw the objections it has raised to the Debtors' Plan and Disclosure statement. This is advantageous to the Debtors' estates because it eliminates

one of the current impediments to confirmation. Therefore, the Debtors request that the Court approve the Stipulation and Order.

### **Notice**

20. Notice of this Motion has been given to (i) the Office of the United States Trustee, (ii) counsel to the debtor in possession lenders, (iii) counsel to each official committee appointed by the United States Trustee and Futures' Representative, and (iv) those parties that requested notice under Fed. R. Bankr. P. 2002. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

91100-001\DOCS_DE:105706.1

WHEREFORE, the Debtors respectfully request that the Court (i) approve the Stipulation and Order by signing a copy of the executed Stipulation and Order and (ii) grant any such other and further relief as the Court deems just and proper.

Dated: February 14, 2005

        KIRKLAND & ELLIS LLP
        James H.M. Sprayregen, P.C.
        Janet S. Baer
        James W. Kapp III
        Samuel L. Blatnick
        200 East Randolph Drive
        Chicago, Illinois 60601
        Telephone: (312) 861-2000
        Facsimile: (312) 861-2200

        and

        PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.

        */s/ Laura Davis Jones*
        Laura Davis Jones (Bar No. 2436)
        David W. Carickhoff, Jr. (Bar No. 3715)
        919 North Market Street, 16th Floor
        P.O. Box 8705
        Wilmington, DE 19899-8705 (Courier 19801)
        Telephone: (302) 652-4100
        Facsimile: (302) 652-4400

        Co-Counsel for the Debtors and Debtors in Possession