# Exhibit A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | * | Chapter 11 |
| W.R. GRACE & CO., et al. | * | Case No. 01-1139 (JKF)<br>Jointly Administered |
| Debtors | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**JOINT STIPULATION AND CONSENT ORDER OF THE DEBTORS AND
THE ST. PAUL COMPANIES, INC. CONCERNING THE CLASSIFICATION
AND TREATMENT OF THE ST. PAUL COMPANIES, INC.'S CLAIM
WITH RESPECT TO THE SOLOW APPEAL BOND AND FOR THE
<u>MODIFICATION OF THE AUTOMATIC STAY</u>**

Now come the Debtors, W.R. Grace & Co., et al. (collectively, the "Debtors") and St. Paul Fire and Marine Insurance Company and The St. Paul Companies, Inc.[1] (collectively, "St. Paul"), by their respective counsel, and file this Joint Stipulation and Consent Order (the "Stipulation") of the Debtors and The St. Paul Companies, Inc. Concerning the Classification and Treatment of The St. Paul Companies, Inc.'s Claim With Respect to the Solow Appeal Bond and for the Modification of the Automatic Stay, and say as follows:

WHEREAS, on or about November 13, 2004, the Debtors filed their Plan of Reorganization and their Disclosure Statement Accompanying the Plan, and,

---

[1] For the purposes of this Stipulation, The St. Paul Companies, Inc. shall include the following: The St. Paul Companies, Inc. and/or Seaboard Surety Company and/or St. Paul Fire and Marine Insurance Company and/or St. Paul Guardian Insurance Company and/or St. Paul Mercury Insurance Company and/or Economy Fire & Casualty Company and/or United States Fidelity and Guaranty Company and/or Fidelity and Guaranty Insurance Underwriters, Inc. and/or Fidelity and Guaranty Insurance Company, and any of its or their parents, affiliates and/or subsidiaries in existence prior to March 31, 2003.

shortly thereafter, issued a notice of hearing on the approval of the Disclosure Statement;

WHEREAS, on or about January 13, 2005, the Debtors filed their Amended Joint Plan of Reorganization (which, along with any subsequent Amended Joint Plan of Reorganization or any other Plan of Reorganization or any other amendments filed by the Debtors shall hereinafter be referred to collectively as the "Plan") and their Amended Disclosure Statement for the Amended Joint Plan of Reorganization (which, along with any subsequent Amended Disclosure Statement for any Amended Joint Plan of Reorganization or any other Plan of Reorganization or any other amendments filed by the Debtors shall hereinafter be referred to collectively as the "Disclosure Statement");

WHEREAS, St. Paul is a creditor of the Debtors that has filed four separate Proofs of Claim against four individual Debtors based upon its common-law and contractual indemnity and reimbursement rights and subrogation rights as a result of executing bonds (the "Bonds") on behalf of the Debtors as more fully set forth in the St. Paul Proofs of Claim as follows:

(a)   St. Paul's Proof of Claim against W.R. Grace & Co. - Conn., Case No. 01-1179, as a principal under the Bonds and as an indemnitor on all Bonds executed by St. Paul for the Debtors pursuant to a General Agreement of Indemnity executed by W.R. Grace & Co. - Conn. dated August 1, 1991 and a General Indemnity Agreement executed by W.R. Grace & Co. - Conn. dated August 14, 1997 (collectively, the "Agreement of Indemnity"). Numerous Bonds

2

of many different types were executed by St. Paul on behalf of the Debtors and their subsidiaries and/or affiliates, etc.;

(b) St. Paul's Proof of Claim against W.R. Grace & Co., Case No. 01-1139, as a principal under the Bonds and as an indemnitor on all Bonds executed by St. Paul for the Debtors pursuant to the Agreement of Indemnity. Numerous Bonds of many different types were executed by St. Paul on behalf of the Debtors and their subsidiaries and/or affiliates, etc.;

(c) St. Paul's Proof of Claim against Darex Puerto Rico, Inc., Case No. 01-1149, as a result of St. Paul's execution of certain specific Bonds for that Debtor; and

(d) St. Paul's Proof of Claim against Kootenai Development Co., Case No. 01-1186, as a result of St. Paul's execution of certain specific Bonds for that Debtor.

The four separate St. Paul Proofs of Claim against the four individual Debtors are hereinafter referred to collectively as the "St. Paul Proof of Claim;"

WHEREAS, on or before January 16, 2001, a judgment was entered in an asbestos property damage case in favor of the plaintiffs, Sheldon H. Solow, Solow Development Corporation, Solow Solovieff Realty Co., LLC and Solow Building Company, LLC (collectively, "Solow") against defendant W.R. Grace & Co. - Conn., successor to W.R. Grace & Co., in an amount of $25,800,590.57 with interest from the date of judgment (the "Solow Judgment");

WHEREAS, W.R. Grace & Co. - Conn. has filed an appeal with the Appellate Division of the Supreme Court of the State of New York, First

3

Department, of the Solow Judgment (the "Solow Appeal"), and requested an Undertaking on Appeal from St. Paul as security for the appeal of the Solow Judgment in order to stay enforcement of the Solow Judgment pending the Solow Appeal;

WHEREAS, induced by and in reliance upon the execution of the Agreement of Indemnity, and at the request of the Debtors, St. Paul, through St. Paul Fire and Marine Insurance Company, executed an Undertaking on Appeal dated December 8, 2000 (the "Solow Appeal Bond") for one of the Debtors, W.R. Grace & Co. - Conn, in the judgment penal sum not to exceed the amount of $25,650,742, with interest from the date of the judgment, in order to allow the Debtors to prosecute the Solow Appeal. The Solow Appeal Bond stayed the enforcement of the Solow Judgment against the Debtors in order to allow the Debtors to prosecute the Solow Appeal prior to the filing of the Debtors' bankruptcy cases on the Petition Date, April 2, 2001;

WHEREAS, the prosecution of the Solow Appeal has been further stayed as a result of the automatic stay of section 362 of the Bankruptcy Code since the Petition Date, April 2, 2001;

WHEREAS, Solow has filed a proof of claim against the Debtors as a result of the Solow Judgment and other claims (the "Solow Proof of Claim");

WHEREAS, St. Paul has raised certain issues with the Debtors concerning the Plan and the Disclosure Statement with respect to that portion of the St. Paul Proof of Claim dealing with the Solow Appeal Bond and with the classification and treatment of any St. Paul claim under the Plan for any St.

4

Paul payment or payments required under the Solow Appeal Bond (the "St. Paul-Solow Claim"), including whether such classification and treatment under the Plan should be as an Asbestos PD Claim or as a General Unsecured Claim;[2]

WHEREAS, St. Paul has also requested that the Debtors seek to resolve the Solow Judgment and the Solow Appeal and, therefore, any claims against the Solow Appeal Bond by consenting to the modification of the automatic stay under section 362 of the Bankruptcy Code in order to allow the Solow Appeal to proceed to a final resolution; and

WHEREAS, in order to avoid St. Paul's Objection to the Debtors' Disclosure Statement on various grounds, to reach an understanding with respect to the classification and treatment of the St. Paul-Solow Claim (but *not* the remaining St. Paul claims for any other Bonds executed by St. Paul and the Debtors or under the Agreement of Indemnity as more fully set forth in the St. Paul Proof of Claim, which claims shall be determined and allowed or disallowed at some later date), and to modify the automatic stay under section 362 of the Bankruptcy Code in order to allow the Solow Appeal to proceed to a final resolution as set forth below, the Debtors and St. Paul enter into this Stipulation and Consent Order.

---

[2] This Stipulation shall use the terms "Asbestos PD Claim" and "General Unsecured Claim" as they have been defined in the original Plan and Disclosure Statement filed on or about November 13, 2004 and the Amended Plan and Amended Disclosure Statement filed on or about January 13, 2005. While the number of the particular class for the Asbestos PD Claims and/or the General Unsecured Claims may change as a result of subsequent amendments to the Plan and Disclosure Statement, it is the intent of this Stipulation to address the St. Paul - Solow Claim in the context of the definitions of Asbestos PD Claims and/or General Unsecured Claims as they relate to the original Plan and Disclosure Statement and the Amended Plan and Disclosure Statement and as those terms are subsequently found and/or defined in any other amended Plans and amended Disclosure Statements.

It is hereby ordered this _____ day of March, 2005:

1. St. Paul shall have an allowed General Unsecured Claim under the Plan for the St. Paul-Solow Claim (the "St. Paul-Solow General Unsecured Claim") as follows:

(a) The present amount of the allowed St. Paul-Solow General Unsecured Claim under the Plan shall be in the sum of $1.00; provided, however, that

(b) If and/or when St. Paul makes any payment or payments required under the Solow Appeal Bond or makes any payment or payments for fees, costs and/or expenses relating to or in connection with the Solow Appeal or in defending any claim or claims made against the Solow Appeal Bond, the allowed St. Paul-Solow General Unsecured Claim shall be equal to the amounts paid by St. Paul as required under the Solow Appeal Bond (the "Solow Appeal Bond Payment") plus any reasonable amounts paid by St. Paul for fees, costs and/or expenses relating to or in connection with the Solow Appeal or in defending any claim or claims made against the Solow Appeal Bond (collectively, the "Solow Appeal Bond Expense Payments"); and

(c) St. Paul shall then be entitled to its appropriate distribution under the Plan for the allowed St. Paul-Solow General Unsecured Claim in the amounts of the Solow Appeal Bond Payment and the Solow Appeal Bond Expense Payments in accordance with the terms of the Plan.

6

2.      The automatic stay of section 362 of the Bankruptcy Code is hereby modified in order to allow the Solow Appeal to proceed to a final resolution.

3.      This Stipulation resolves any issues that may arise under section 502(e) of the Bankruptcy Code with respect to the St. Paul-Solow General Unsecured Claim, the Solow Appeal Bond Payment and the Solow Appeal Bond Expense Payments as follows:

(a)     While the allowed St. Paul-Solow General Unsecured Claim is classified and treated for reimbursement in the present amount of $1.00, the St. Paul-Solow General Unsecured Claim shall become an uncontested, not subject to objection, and allowed claim for reimbursement under section 502(e)(2) of the Bankruptcy Code for the amount of and at the time of the Solow Appeal Bond Payment;

(b)     The allowed St. Paul-Solow General Unsecured Claim shall also become an allowed claim for reimbursement under section 502(e)(2) of the Bankruptcy Code for the amount of and at the time of the Solow Appeal Bond Expense Payments, subject to the right of the Debtors to timely object to the reasonableness of and the amount of the Solow Appeal Bond Expense Payments; and

(c)     As contemplated by the Disclosure Statement and the Plan, upon the resolution of the Solow Appeal, St. Paul's contingent liability under the Solow Appeal Bond shall become fixed at the time that St. Paul makes any

Solow Appeal Bond Payment and any Solow Appeal Bond Expense Payments, subject to paragraph 3(b) above.

4. Notwithstanding the entry of this Stipulation and Consent Order concerning the allowed St. Paul-Solow General Unsecured Claim, St. Paul reserves and does not waive its rights to be subrogated to the Solow Proof of Claim. In the event that St. Paul actually realizes and receives a distribution of 85% or more in cash and 15% or less in stock (for a payout in the total sum of 100%) under the Plan for the St. Paul-Solow General Unsecured Claim, St. Paul hereby waives, releases and discharges its rights to be subrogated to the Solow Proof of Claim. Until that time, St. Paul shall maintain its subrogation rights to the Solow Proof of Claim and any distributions under any Plan for the Solow Proof of Claim, and the Debtors shall maintain all of its and their defenses and/or objections to St. Paul's assertion and/or exercise of St. Paul's subrogation rights to the Solow Proof of Claim. Nothing contained in this Stipulation shall be an agreement by the Debtors that St. Paul has any such subrogation rights to the Solow Proof of Claim.

5. Upon the entry of this Stipulation and Consent Order, the Debtors shall have the responsibility for promptly proceeding with the prosecution of the Solow Appeal, and shall cooperate in good faith with St. Paul in the prosecution of the Solow Appeal.

6. This Stipulation shall affect only the classification and treatment of the St. Paul-Solow Claim, the St. Paul-Solow General Unsecured Claim, the Solow Appeal Bond Payment and the Solow Appeal Bond Expense Payments

and not the remaining portions of the St. Paul Proof of Claim. St. Paul shall maintain and reserve all of its remaining claims with respect to the Bonds, the Agreement of Indemnity and its other claims in the St. Paul Proof of Claim, and the Debtors shall maintain and reserve all of their defenses and objections to the remaining St. Paul claims in the St. Paul Proof of Claim.

7. St. Paul understands and agrees that the Debtors may alter, amend or modify any Plan or future Plan filed by the Debtors and/or may submit a Confirmation Order that alters, amends or otherwise modifies the distributions to be made on account of the Debtors' General Unsecured Claims, including the St. Paul-Solow General Unsecured Claim. However, the Debtors agree that any Plan or future Plan filed by the Debtors or any Confirmation Order shall acknowledge and ratify the entry of this Stipulation and Consent Order, which shall remain in full force and effect in accordance with its terms and shall continue to be binding upon the Debtors and those parties listed in paragraph 8 below. Furthermore, nothing herein shall waive or prejudice the Surety's right to object to any Plan that alters, amends or otherwise modifies the provisions contained in this Stipulation or alters, amends or modifies the treatment of the allowed St. Paul-Solow General Unsecured Claim as contemplated by this Stipulation.

8. This Stipulation shall be binding upon and inure to the benefit of the parties hereto and their respective representatives, successors and assigns. This Stipulation shall be binding upon any estate, debtor, trustee, receiver, assignee for the benefit of creditors, formal or informal, statutorily-created or

court-appointed, committee of creditors or equity holders, that succeeds to any of the parties hereto or to any of their legal or equitable rights, title or interest hereunder, or to any of its or their property, or arises under applicable law.

_____
U.S. Bankruptcy Judge

CONSENTED AND AGREED TO:

W.R. GRACE & CO., INC., et al.,
Debtors

By: _Janet S. Baer_

Name: _Janet S Baer_

Title: _Counsel for W.R. Grace_

Date: _2/14/05_

ST. PAUL, AS DEFINED HEREIN,
INCLUDING ST. PAUL FIRE AND MARINE INSURANCE COMPANY

By: _John F. Simanski, Jr._

Name: _John F. Simanski, Jr._

Title: _Vice-President_

Date: _February 14, 2005_

1593607v5