IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | Jointly Administered |

**Objection Deadline: March 4, 2005**
**Hearing Date: March 21, 2005 at 12:00 p.m.**

### APPLICATION OF THE DEBTORS FOR THE ENTRY OF AN ORDER AUTHORIZING EMPLOYMENT OF CAHILL, GORDON & REINDEL AS SPECIAL COUNSEL TO THE DEBTORS

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

hereby submit this application (the "Application") for the entry, pursuant to sections 327(e) and

330 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), of an order

authorizing the employment of Cahill, Gordon & Reindel ("Cahill Gordon") as special counsel to

the Debtors. In support of this Application, the Debtors respectfully represent as follows:

---

[1]  The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

## Jurisdiction

1.      The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and the Application in this District is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 327(e) and 330 of the Bankruptcy Code.

## Facts and Background

2.      On April 2, 2001 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under chapter 11 of the Bankruptcy Code commencing their respective chapter 11 cases (collectively, the "Chapter 11 Cases"). Thereafter, the Debtors filed a motion to consolidate, for administrative purposes only, the Chapter 11 Cases. Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession. The Debtors have retained the firms of Kirkland & Ellis LLP and Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C. as bankruptcy counsel in the Chapter 11 Cases.

3.      St. Paul Fire and Marine Insurance Company ("St. Paul") is the principal and indemnitor of certain bonds (the "Bonds") that have been executed by St. Paul pursuant to (i) a General Agreement of Indemnity, dated August 1, 1991, between St. Paul and W.R. Grace & Co.-Conn. ("Grace"), a debtor in the Chapter 11 Cases, and (ii) a General Indemnity Agreement, dated August 14, 1997, between Grace and St. Paul (collectively, the "Agreements of Indemnity"). The Bonds obligate St. Paul to pay third-parties on account of certain of the Debtors' liabilities, including certain asbestos property-damage claims.

4.      Prior to the Petition Date, Sheldon H. Solow, Solow Development Corporation, Solow Solovieff Realty Co., LLC and Solow Building Company, LLC (collectively, "Solow") sued Grace in New York state court for alleged asbestos property-damage. On or before January 16, 2001, a judgment was entered in favor of Solow against Grace in the amount of $25,800,590.57 (plus interest from the date of judgment) (the "Solow Judgment"). Induced by and in reliance upon the Indemnity Agreements, and at Grace's request, St. Paul executed an Undertaking on Appeal (the "Solow Appeal Bond") in the penal sum not to exceed the amount of $25,650,742 (plus interest from the date of judgment) so that the Debtors could appeal the Solow Judgment. St. Paul filed four proofs of claim against the Debtors' estates, two of which were partially on account of potential claims against the Solow Appeal Bond.

5.      Grace has filed an appeal of the Solow Judgment with the Appellate Division of the Supreme Court of the State of New York, First Department (the "Solow Appeal"). Since the Petition Date, the prosecution of the Solow Appeal has been stayed by the automatic stay.

6.      On November 13, 2004, the Debtors filed their *Plan of Reorganization* and *Disclosure Statement Accompanying the Plan.* On or about January 13, 2005, the Debtors filed their *Amended Joint Plan of Reorganization* (the "Plan") and their *Amended Disclosure Statement for the Amended Joint Plan of Reorganization* (the "Disclosure Statement").

7.      St. Paul has raised certain issues with the Debtors concerning the Plan and the Disclosure Statement with respect to that portion of the St. Paul Proof of Claim dealing with the Solow Appeal Bond and with the classification and treatment of any St. Paul claim under the Plan for any St. Paul payment or payments required under the Solow Appeal Bond, including whether such classification and treatment under the Plan should be as an Asbestos PD Claim or as a General Unsecured Claim (as defined in the Plan and Disclosure Statement).

8.      St. Paul has also requested that the Debtors seek to resolve the Solow Judgment and the Solow Appeal.

9.      On February 14, 2005, St. Paul and the Debtors filed the *Joint Stipulation and Consent Order of the Debtors and the St. Paul Insurance Companies, Inc., Concerning the Classification and Treatment of the St. Paul Companies, Inc.'s Claim with Respect to the Solow Appeal Bond and for Modification of the Automatic Stay* (the "Stipulation"). The Stipulation modifies the automatic stay to allow the Solow Appeal to proceed to a final resolution.

**Relief Requested**

10.     By this Application, the Debtors respectfully request that the Court enter an order, under sections 327(e) and 330 of the Bankruptcy Code, which authorizes the Debtors to employ Cahill Gordon as special counsel to the Debtors, to represent, defend, and advise the Debtors in the Solow Appeal and any further litigation that may stem from the Solow Appeal.

**Basis for Relief**

11.     Section 327(e) of the Bankruptcy Code authorizes a debtor, with the court's approval, to employ "for a specified special purpose, other than to represent the [debtor] in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed." 11 U.S.C. § 327(e).

12.     Cahill Gordon' proposed employment is for the discrete matters and services referenced above. The firm will not be rendering services typically performed by a debtor's general bankruptcy counsel or with other special counsel retained in the Chapter 11 Cases. The services provided by Cahill Gordon will be necessary to the Debtors as they seek to resolve the Solow Appeal. Further, Cahill Gordon and Kevin Burke, the Cahill Gordon partner that will be

4

principally responsible for litigating the Solow Appeal, have extensive experience litigating similar matters. Therefore, Cahill Gordon's employment as the Debtors' special counsel for the purposes discussed above is thus in the best interests of the Debtors, their estates, their creditors and other parties-in-interest, and should be approved by the Court.

13.   Except as described herein, to the best of the Debtors' knowledge, (i) the members and associates of Cahill Gordon do not have any connection with the Debtors, their creditors, or any other party in interest, or their respective attorneys and accountants, and (ii) do not hold or represent an interest adverse to the estates in the matters with respect to which Cahill Gordon is to be employed by the Debtors, other than as set forth in the Affidavit of Kevin Burke in support of this Application, which will be filed shortly.

### Professional Compensation

14.   The Debtors understand that Cahill Gordon intends to apply to the Court for allowance of compensation for professional services rendered and reimbursement of expenses incurred in connection with its engagement in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and orders of this Court. Cahill Gordon will seek compensation for the services of each attorney and paralegal acting on behalf of the Debtors in the Chapter 11 Cases at the then current rate charged for such person's services other than in a case under chapter 11.

15.   The attorneys and paralegals presently primarily expected to work on this matter, and their hourly rates, are as follows:

|  |  |  |
|---|---|---|
| **Attorneys:** | | |
| Kevin Burke | -- | $668 |
| Floyd Abrams | | $668 |
| Ira Dembrow | | $568 |
| **Paralegal:** | | |
| Robert Turner | | $260 |

The hourly rates set forth above are subject to periodic adjustment to reflect economic and other conditions. Other attorneys and paralegals from Cahill Gordon may from time to time also serve the Debtors in connection with the firm's employment.

16.      As noted above, the Debtors understand that Cahill Gordon intends to apply to the Court for allowance of compensation for professional services rendered and reimbursement of expenses incurred in the Chapter 11 Cases. The Debtors, subject to the Court's approval, propose to pay Cahill Gordon its customary hourly rates in effect from time to time to reimburse Cahill Gordon for expenses in accordance with Cahill Gordon' customary reimbursement policies.

17.      Other than as set forth above and as may be set forth in the Affidavit of Kevin Burke, which will be filed shortly, there is no proposed arrangement between the Debtors and Cahill Gordon for compensation.

18.      No previous application for the relief sought herein has been made to this Court or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto, (i) authorizing the Debtors to employ Cahill Gordon to represent the Debtors as special counsel to perform the services described herein, and (ii) granting the Debtors such other and further relief as is just and proper.

Dated: February 14, 2005

KIRKLAND & ELLIS LLP
James H.M. Sprayregen, P.C.
James W. Kapp III
Janet S. Baer
Samuel L. Blatnick
200 East Randolph Drive
Chicago, Illinois 60601
Telephone: (312) 861-2000
Facsimile:  (312) 861-2200

and

PACHULSKI, STANG, ZIEHL, YOUNG, JONES
& WEINTRAUB P.C.

Laura Davis Jones (Bar No. 2436)
David W. Carickhoff, Jr. (Bar No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400

Co-Counsel for the Debtors and
Debtors in Possession