# Exhibit A

## CRARs

**Internal Revenue Service**

**Department of the Treasury**

Date: January 10, 2005

Taxpayer Identification Number:
65-0654331
Form:
1120
Tax Period(s) Ended and Deficiency Amount(s):
12/31/1996    -0-

Sealed Air Corporation
Attn. Mr. Vince Ferri, Director of Tax
Park 80 East
Saddle Brook, NJ  07663

Person to Contact:
Fritz Vilma, Team Manager
James Fierle, Team Coordinator
Contact Telephone Number:
954-423-7030 (Vilma); 954-423-7055 (Fierle)
Employee Identification Number:
65-02898 (Vilma); 65-02115 (Fierle)
Last Date to Respond to this Letter:
February 9, 2005

Dear Mr. Ferri:

We have enclosed an examination report showing proposed changes to your tax for the period(s) shown above. Please read the report, and tell us whether you agree or disagree with the changes by the date shown above. (This report may not reflect the results of later examinations of partnerships, "S" Corporations, trusts, etc., in which you may have an interest. Changes to those accounts could also affect your tax.)

**If you agree with the proposed changes...**

1. Sign and date the enclosed agreement form. If you filed a joint return, both taxpayers must sign the form.

2. Return the signed agreement form to us.

3. Enclose payment for tax, interest and any penalties due. Make your check or money order payable to the **United States Treasury**. You can call the person identified above to determine the total amount due as of the date you intend to make payment.

4. After we receive your signed agreement form, we will close your case.

If you pay the full amount due now, you will limit the amount of interest and penalties charged to your account. If you agree with our findings, but can only pay part of the bill, please call the person identified above to discuss different payment options. We may ask you to complete a collection information statement to determine your payment options, such as paying in installments. You can also write to us or visit your nearest IRS office to explain your circumstances. If you don't enclose payment for the additional tax, interest, and any penalties, we will bill you for the unpaid amounts.

Letter 950 (DO) (Rev. 9-2000)
Catalog Number 40390D

If you are a "C" Corporation, Section 6621 (c) of the Internal Revenue Code provides that an interest rate 2% higher than the standard rate of interest will be charged on deficiencies of $100,000 or more.

**If you don't agree with the proposed changes...**

1. You may request a meeting or telephone conference with the supervisor of the person identified in the heading of this letter. If you still don't agree after the meeting or telephone conference, you can:

2. Request a conference with our Appeals Office.  If the total proposed change to your tax is:

   - $25,000 or less for *each* referenced tax period, send us a letter requesting consideration by Appeals. Indicate the issues you don't agree with and the reasons why you don't agree. If you don't want to write a separate letter, you can complete the Statement of Disputed Issues at the end of this letter and return it to us.

   - More than $25,000 for *any* referenced tax period; you must submit a formal protest.

The requirements for filing a formal protest are explained in the enclosed Publication 3498, *The Examination Process*. Publication 3498 also includes information on your *Rights as a Taxpayer* and the *IRS Collection Process.*

If you request a conference with our Appeals Office, an Appeals Officer will call you (if necessary) for an appointment to take a fresh look at your case. The Appeals Office is an independent office and most disputes considered by the Appeals Office are resolved informally and promptly. By requesting a conference with our Appeals Office you may avoid court costs (such as the Tax Court $60 filing fee), resolve the matter sooner, and/or prevent interest and any penalties from increasing on your account.

If you decide to bypass the Appeals Office and petition the Tax Court directly, your case will usually be sent to an Appeals Office first to try to resolve the issue. Certain procedures and rights in court (for example, the burden of proof and potential recovery of litigation costs) depend on you fully participating in the administrative consideration of your case, including consideration by the IRS Appeals Office.

If you don't reach an agreement with our Appeals Office or if you don't respond to this letter, we will send you another letter that will tell you how to obtain Tax Court Review of your case.

You must mail your signed agreement form, completed Statement of Disputed Issues, or a formal protest to us by the response date shown in the heading of this letter. If you decide to request a conference with the examiner's supervisor, your request should also be made by the response date indicated.

MAIL RESPONSES TO:    **Internal Revenue Service**
Attn: Fritz Vilma
        IRS, Stop 4714, Rm. 343
        7850 SW 6th Court
        Plantation, FL  33324

If you have any questions, please contact the person identified in the heading of this letter. We will be glad to discuss your options with you.

Sincerely yours,


Larry L. Barnes
Director of Field Operations, LMSB:HMT


Enclosures:
~~Copy of this letter~~
Examination Report
Agreement Form
Publication 3498
~~Envelope~~

## STATEMENT OF DISPUTED ISSUES

☐   THE PROPOSED CHANGE IS $25,000 or less for each of the REFERENCED TAX PERIOD(S).

Issue(s) I Disagree With:                      Reasons for Disagreement:

_____   _____
_____   _____
_____   _____
_____   _____
_____   _____
_____   _____
_____   _____
_____   _____
_____   _____

(if more space is needed, attach a separate sheet)

_____   _____
Signature                                      Date

**Letter 950 (DO) (Rev. 9-2000)**
Catalog Number 40390D

| Form 870 | | Department of Treasury-Internal Revenue Service | Date received by |
|---|---|---|---|
| (Rev. February 1986) | | Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment | Internal Revenue Service |

| Names and address of taxpayers(Number,street,city or town,State,ZIP code) | Social security or employer Identification number |
|---|---|
| SEALED AIR CORPORATION & SUB-<br>SIDIARIES<br>ATTN: VINCE FERRI, DIRECTOR OF TAX<br>PARK 80 EAST<br>SADDLE BROOK       NJ      07663 | 65-0654331 |

Increase (Decrease) in Tax and Penalties

| Tax Year Ended | Tax | | Penalties | | |
|---|---|---|---|---|---|
| 199612 | $ | $ | $ | $ | $ |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Consent to Assessment and Collection

   I consent to the immediate assessment and collection of any deficiencies (increase in tax and penalties) and accept any overassessment (decrease in tax and penalties) shown above, plus any interest provided by law. I understand that by signing this waiver, I will not be able to contest these years in the United States Tax Court, unless additional deficiencies are determined for these years.

s|                                                                                    |Date
i|                                                                                    |
g|                                                                                    |
n|----------------------------------------------------------------------------------
a|                                                                                    |Date
t|                                                                                    |
u|                                                                                    |
r|----------------------------------------------------------------------------------
e|By                                      |Title                                     |Date
s|                                        |                                          |

Waiver of Restrictions on Assessment and Collection of Deficiency
in Tax and Acceptance of Overassessment
(continued)

SEALED AIR CORPORATION & SUB-
65-0654331

Instructions

General Information

If you consent to the assessment of the deficiencies shown in this waiver, please sign and return the form in order to limit any interest charge and expedite the adjustment to your account. Your consent will not prevent you from filing a claim for refund (after you have paid the tax) if you later believe you are so entitled. It will not prevent us from later determining, if necessary, that you owe additional tax; nor extend the time provided by law for either action.

We have agreements with State tax agencies under which information about Federal tax, including increases or decreases, is exchanged with the States. If this change affects the amount of your State income tax, you should file the required State form.

If you later file a claim and the Service disallows it, you may file suit for refund in a district court or in the United States Claims Court, but you may not file a petition with the United States Tax Court.

We will consider this waiver a valid claim for refund or credit of any overpayment due you resulting from any decrease in tax and penalty shown above, provided you sign and file it within the period established by law for making such a claim.

Who Must Sign

If you filed jointly, both you and your spouse must sign. If this waiver is for a corporation, it should be signed with the corporation name, followed by the signatures and titles of the corporate officers authorized to sign. An attorney or agent may sign this waiver provided such action is specifically authorized by a power of attorney which, if not previously filed, must accompany this form.

If this waiver is signed by a person acting in a fiduciary capacity (for example, an executor administrator, or a trustee) Form 56, Notice Concerning Fiduciary Relationship should, unless previously filed, accompany this form.

## The IRS Mission

**Provide America's taxpayers top quality service by helping them understand and meet their tax responsibilities and by applying the tax law with integrity and fairness to all.**

# The Examination Process

### Introduction

The Internal Revenue Service (IRS) accepts most federal returns as filed. Some returns, however, are examined, or audited, to determine if income, expenses, and credits are reported accurately.

This publication discusses general rules and procedures we follow in examinations. It explains what happens before, during, and after an examination. It also explains appeal and payment procedures.

As a taxpayer, you have the right to fair, professional, prompt, and courteous service from IRS employees, as outlined in the Declaration of Taxpayer Rights found on page 3.

We must follow the tax rules set forth by Congress in the Internal Revenue Code. We also follow Treasury Regulations, court decisions, and other rules and procedures written to administer the tax laws.

If the examination results in a change to your tax liability, you may ask us to reconsider your case. Some reasons why we may reconsider your case include:

- Your submitting additional information that could result in a change to the additional amount we have determined that you owe;

- Your filing an original deliquent return after we have determined that you owe an additional amount, or;

- Your identifying a mathematical or processing error we made.

You must request reconsideration in writing and submit it to your local IRS office.



Department of the Treasury
**Internal Revenue Service**

**www.irs.gov**

Publication 3498 (Rev. 2-2004)
Catalog Number 73074S

# What's *Inside* . . .

**Introduction**

*Declaration of Taxpayer Rights* . . . . . . . . . .   3

*Your Return Is Going To Be Examined* . . . . .   3

   Before the Examination . . . . . . . . . . .   3

   During the Examination . . . . . . . . . . .   3

   Examinations by Mail . . . . . . . . . . . . .   3

   Examinations in Person . . . . . . . . . . . .   3

   How to Stop Interest from Accumulating. . . .   4

   Consents to Extend the Statute of
   Limitations . . . . . . . . . . . . . . . . .   4

   Results of the Examination . . . . . . . . . .   4

*What to Do When You Receive a Bill
from the IRS* . . . . . . . . . . . . . . . . . .   4

*What To Do if You Agree or Disagree
with the Examination Results* . . . . . . . . . . .   5

   If You Agree . . . . . . . . . . . . . . . . .   5

   If You Do Not Agree. . . . . . . . . . . . . .   5

   Fast Track Mediation Services . . . . . . . . .   5

*How Do You Appeal a Decision?* . . . . . . . . .   6

   The Appeal System . . . . . . . . . . . . . .   6

   Appeal Within the IRS . . . . . . . . . . . . .   6

   Making a Small Case Request . . . . . . . . .   6

   Filing a Formal Protest . . . . . . . . . . . .   6

*After the Examination* . . . . . . . . . . . . . .   7

   Payment Options . . . . . . . . . . . . . . .   7

   Temporarily Delay the
   Collection Process . . . . . . . . . . . . . .   7

   Innocent Spouse Relief . . . . . . . . . . . .   8

   You Must Contact Us . . . . . . . . . . . . .   8

   What If You Believe Your Bill Is Wrong . . . . .   8

*Privacy Act Statement.* . . . . . . . . . . . . . .   8

 **Do you have questions or need help right away? Call us. We're here to help you.**

## For General Information:

For information about a specific examination please contact the person named on the appointment letter.

 *For tax information and help:*

Call the number on the bill you received or call us toll free at:

1-800-829-1040 *(for 1040 filers)*
1-800-829-4933 *(for business filers)*
1-800-829-4059 /TDD

 *For tax forms and publications:*

1-800-829-3676
1-800-829-4059 /TDD
1-703-368-9694-Forms by Fax

 *Internet:* www.irs.gov

FTP - ftp.fedworld.gov/pub/

TELENET-iris.irs.gov

You'll find answers to frequently asked tax questions, tax forms on-line, searchable publications, hot tax issues, news, and help through e-mail.

 *If you prefer to write to us . .*

Enclose a copy of your tax bill. Print your name, social security number or taxpayer identification number, and the tax form and period shown on your bill. Write to us at the address shown on your tax bill.

*You may also visit your nearest IRS Office.*

You'll find the exact address in your local phone book under *U.S. Government*

## *Declaration of Taxpayer Rights*

### I. Protection of Your Rights

*IRS employees will explain and protect your rights as a taxpayer throughout your contact with us.*

### II. Privacy and Confidentiality

*The IRS will not disclose to anyone the information you give us, except as authorized by law. You have the right to know why we are asking you for information, how we will use it, and what happens if you do not provide requested information.*

### III. Professional and Courteous Service

*If you believe that an IRS employee has not treated you in a professional , fair, and courteous manner, you should tell that employee's supervisor. If the supervisor's response is not satisfactory, you should write to the IRS Director for your Area or the Center where you file your return.*

### IV. Representation

*You may either represent yourself or, with proper written authorization, have someone else represent you. Your representative must be a person allowed to practice before the IRS, such as an attorney, certified public accountant, or enrolled agent (a person enrolled to practice before the IRS). If you are in an interview and ask to consult such a person, then we must stop and reschedule the interview in most cases.*

*You can have someone accompany you at an interview. You may make sound recordings of any meetings with our examination, appeal, or collection personnel, provided you tell us in writing 10 days before the meeting.*

### V. Payment of Only the Correct Amount of Tax

*You are responsible for paying only the correct amount of tax due under the law—no more, no less. If you cannot pay all of your tax when it is due, you may be able to make monthly payments.*

### VI. Help with Unresolved Tax Problems

*The Taxpayer Advocate Service can help you if you have tried unsuccessfully to resolve a problem with the IRS. Your local Taxpayer Advocate can offer you special help if you have a significant hardship as a result of a tax problem. For more information, call toll-free, 1-877-777-4778 (1-800-829-4059 for TTY/TDD) or write to the Taxpayer Advocate at the IRS office that last contacted you.*

### VII. Appeals and Judicial Review

*If you disagree with us about the amount of your tax liability or certain collection actions, you have the right to ask the Appeals Office to review your case. You may also ask a court to review your case.*

### VIII. Relief from Certain Penalties and Interest

*The IRS will waive penalties when allowed by law if you can show you acted reasonably and in good faith or relied on the incorrect advice of an IRS employee. We will waive interest that is the result of certain errors or delays caused by an IRS employee.*

## Your Return Is Going To Be Examined.

### Before the Examination

We accept most taxpayers' returns as filed. If we inquire about your return or select it for examination, it does not suggest that you are dishonest. The inquiry or examination may or may not result in more tax. We may close your case without change or you may receive a refund.

The process of selecting a return for examination usually begins in one of two ways. One way is to use computer programs to identify returns that may have incorrect amounts. The programs may be based on information returns, such as Forms 1099 or W-2, on studies of past examinations, or on certain issues identified by other special projects. Another way is to use information from compliance projects that indicates a return may have incorrect amounts. These sources may include newspapers, public records, and individuals. If we determine the information is accurate and reliable, we may use it to select a return for examination.

Publication 556, *Examination of Returns, Appeal Rights, and Claims for Refund*, explains the rules and procedures that we follow in examinations. The following sections give an overview of how we conduct examinations.

### During the Examination

#### Examinations by Mail

Some examinations are conducted entirely by mail. If the examination is conducted by mail, you'll receive a letter from us asking for additional information about certain items shown on your return, such as income, expenses, and itemized deductions.

If the examination is conducted by mail, you can:

1. Act on your own behalf. *(In the case of a jointly filed return, either spouse can respond or both spouses can send a joint response.)*

2. Have someone represent you in correspondence with us. This person must be an attorney, accountant, enrolled agent, an enrolled actuary, or the person who prepared the return and signed it as the preparer. If you choose to have someone represent you, you must furnish us with written authorization. Make this authorization on Form 2848, *Power of Attorney and Declaration of Representative.*

   *Note: You may obtain any of the forms and publications referenced in this publication by calling 1-800-829-3676.*

### Examinations in Person

An examination conducted in person begins when we notify you by mail that your return has been selected. We'll tell you what information you need to provide at that time. If you gather the information before the examination, we may be able to complete it more easily and in a shorter time.

If the examination is conducted in person, it can take place in your home, your place of business, an IRS office, or the office of your attorney, accountant, or enrolled agent *(a person enrolled to practice before the IRS)*. If the time or place is not convenient for you, the examiner will try to work out something more suitable.

## *Your Return Is Going To Be Examined. (cont.)*

If the examination is conducted in person, you can:

1. Act on your own behalf. *(In the case of a jointly filed return, either spouse or both can attend the interview.)* If you are acting on your own behalf, you may leave to consult with your representative. We will suspend the interview and reschedule the examination. We cannot suspend the interview if we are conducting it as a result of your receiving an administrative summons.

2. Have someone accompany you, either to support your position or to witness to the proceedings.

3. Accompany someone who will represent you. This person must be an attorney, accountant, enrolled agent, an enrolled actuary, or the person who prepared the return and signed it as the preparer.

4. Have your representative act for you and not be present at the audit yourself. If you choose to have someone represent you in your absence, you must furnish us with written authorization. Make this authorization on **Form 2848**, *Power of Attorney and Declaration of Representative.*

### How to Stop Interest from Accumulating

During your examination, if you think you will owe additional tax at the end of the examination, you can stop interest from accumulating by paying all or part of the amount you think you will owe. Interest will stop accumulating on the part you pay when the IRS receives your money. Interest will only be charged on the tax, penalties, and interest that are unpaid on the date they are assessed.

### Consents to Extend the Statute of Limitations

We try to examine tax returns as soon as possible after they are filed, but occasionally we may request that you extend the statute of limitations of your tax return.

A return's statute of limitation generally limits the time we have to examine it and assess tax. Assessments of tax must be made within 3 years after a return is due or filed, whichever is later. We can't assess additional tax or make a refund or credit *(unless you filed a timely claim)* after the statute of limitations has expired. Also, if you disagree with the results of the examination, you can't appeal the items you disagree with unless sufficient time remains on the statute. Because of these restrictions, if there isn't much time remaining to examine your return, assess additional taxes, and/or exercise your appeal rights, you have the opportunity to extend the statute of limitations. This will allow you additional time to provide further documentation to support your position, request an appeal if you do not agree with our findings, or to claim a tax refund or credit. It also allows the Service time to complete the examination, make any additional assessment, if necessary, and provide sufficient time for processing.

A written agreement between you and the Service to extend the statutory period of a tax return is called a "consent." Consents can be used for all types of tax except estate tax.

There are two basic kinds of consent forms. One sets a specific expiration date for the extension, and the other for an indefinite period of time. Either type of consent may be limited by restrictive conditions. The use of a restricted consent is to allow the statute to expire with regard to all items on the return except those covered by the restrictive language.

If the statute of limitations for your tax return is approaching, you may be asked to sign a consent. You may:

1. Refuse to extend the statute of limitations;

2. Limit or restrict the consent to particular issues, or

3. Limit the extension to a particular period of time.

The consent will be sent or presented to you with a letter explaining this process and **Publication 1035**, *Extending the Tax Assessment Period.* For further information, refer to this publication.

### Results of the Examination

If we accept your return as filed, you will receive a letter stating that the examiner proposed no changes to your return. You should keep this letter with your tax records.

If we don't accept your return as filed, we will explain any proposed changes to you and your authorized representative. It is important that you understand the reasons for any proposed changes; don't hesitate to ask about anything that is unclear to you.

## *What to Do When You Receive a Bill from the IRS*



4

# What To Do If You Agree or Disagree with the Examination Results

## If You Agree

If you agree with a proposed *increase* to tax, you can sign an agreement form and pay any additional tax you may owe. You must pay interest and applicable penalties on any additional balance due. If you pay when you sign the agreement, interest is generally figured from the due date of your return to the date of your payment.

If you do not pay the additional tax and interest, you will receive a bill *(See "What To do When You Receive a Bill from the IRS" on page 4.)* If the amount due *(including interest and applicable penalties)* is less than $100,000 and you pay it within 21 business days, we will not charge more interest or penalties. If the amount is $100,000 or more, the period is reduced to 10 calendar days. If you can't pay the tax due at the end of the examination, you may pay whatever amount you can and request an installment agreement for the balance. *(See "Setting up an Installment Agreement" on page 7.)*

If you are entitled to a refund, you will receive it sooner if you sign the agreement form at the end of the examination. You will also be paid interest on the refund.

## If You Do Not Agree

If you do not agree with the proposed changes, the examiner will explain your appeal rights. If your examination takes place in an IRS office, you may request an immediate meeting with the examiner's supervisor to explain your situation. You may also enter into an *Agreement to Mediate* to help resolve disputes through Fast Track Mediation services. *(See next column.)* Mediation can take place at this meeting or afterwards. If an agreement is reached, your case will be closed.

If you cannot reach an agreement with the supervisor at this meeting, or if the examination took place outside an IRS office or was conducted through correspondence with an IRS Campus employee, the examiner will prepare a report explaining your position and ours. The examiner will forward your case to the Area office for processing .

You will receive:

- A letter (known as a 30-day letter) notifying you of your rights to appeal the proposed changes within 30 days,

- A copy of the examiner's report explaining the proposed changes, and

- An agreement or a waiver form.

You generally have 30 days from the date of the 30-day letter to tell us whether you will accept the proposed changes or appeal them. The letter will explain what steps you should take, depending on what action you choose. Be sure to follow the instructions carefully. Appeal rights are explained following this section.



**Caution**

If you do not respond to the 30-day letter, or if you respond but do not reach an agreement with an appeals officer, we will send you a 90-day letter, also known as a *Notice of Deficiency.* This is a legal document that explains the proposed changes and the amount of the proposed tax increase. You will have 90 days (150 days if it is addressed to you outside the United States) from the date of this notice to file a petition with the Tax Court. If you do not petition the Tax Court you will receive a bill for the amount due.

## Fast Track Mediation Services

If you do not agree with any or all of the IRS findings, you may request Fast Track Mediation services to help you resolve disputes resulting from the examination (audits). Fast Track Mediation offers an expedited process with a trained mediator, who will help facilitate communication, in a neutral setting. The mediator will work with you and the IRS to understand the nature of the dispute. The purpose is to help the two of you reach a mutually satisfactory resolution that is consistent with the applicable law. The mediator has no authority to require either party to accept any resolution. You may withdraw from the mediation process anytime. If any issues remain unresolved you will retain all of your usual appeal rights.

Most cases qualify for Fast Track Mediation. To begin the process, you may request the examiner or IRS representative to arrange a mediation meeting. Both you and the IRS representative must sign a simple *Agreement to Mediate* form. A mediator will then be assigned. Generally, within a week, the mediator will contact you and the IRS representative to schedule a meeting. After a brief explanation of the process, the mediator will discuss with you when and where to hold the mediation session.

For additional information, refer to Publication 3605, *Fast Track Mediation-A Process for Prompt Resolution of Tax Issues.*

# How Do You Appeal a Decision?

## The Appeal System

Because people sometimes disagree on tax matters, the Service has an appeal system. Most differences can be settled within this system without going to court.

Your reasons for disagreeing must come within the scope of tax laws, however. For example, you cannot appeal your case based only on moral, religious, political, constitutional, conscientious, or similar grounds.

If you do not want to appeal your case within the IRS, you may take your case directly to tax court.

## Appeal Within the IRS

You may appeal our tax decision to a local appeals office, which is separate and independent of the IRS Office taking the action you disagree with. An appeals office is the only level of appeal within the IRS. Conferences with Appeals Office personnel may be conducted in person, through correspondence, or by telephone with you or your authorized representative

If you want to have a conference with an appeals officer, follow the instructions in the letter you received. We will send your conference request letter to the appeals office to arrange for a conference at a convenient time and place. You or your qualified representative should be prepared to discuss all disputed issues at the conference. Most differences are settled at this level. Only attorneys, certified public accountants or enrolled agents are allowed to represent a taxpayer before Appeals. An unenrolled preparer may be a witness at the conference, but not a representative.

If you want to have a conference with an appeals officer, you may also need to file either a **small case request** or a **formal written protest** with the contact person named

in the letter you receive. Whether you file a small case request or a formal written protest depends on several factors.

## Making a Small Case Request

You may make a **small case request** if the total amount of tax, penalties, and interest for each tax period involved is $25,000 or less, and you do not meet one of the exceptions below for which a formal protest is required. If more than one tax period is involved and *any* tax period exceeds the $25,000 threshold, you must file a formal written protest for all periods involved. The total amount includes the proposed increase or decrease in tax and penalties or claimed refund. For an *Offer-in-Compromise*, include total unpaid tax, penalty, and interest due.

To make a small case request, follow the instructions in our letter to you by sending a brief written statement requesting an appeals conference. Indicate the changes you do not agree with and the reasons you do not agree with them.

 Be sure to send the protest within the time limit specified in the letter you received.

**Caution**

You must file a formal written protest

- If the total amount of tax, penalties, and interest for any tax period is more than $25,000;

- In all partnership and S corporation cases, regardless of the dollar amount;

- In all employee plan and exempt organization cases, regardless of the dollar amount;

- In all other cases, unless you qualify for other special appeal procedures, such as requesting appeals consideration of liens, levies, seizures, or installment agreements. *(See Publication 1660, Collection Appeal Rights, for more information on special collection appeals procedures.)*

## Filing a Formal Protest

When a formal protest is required, send it within the time limit specified in the letter you received. Include in your protest:

- Your name and address, and a daytime telephone number.

- A statement that you want to appeal the IRS findings to the Appeals Office.

- A copy of the letter showing the proposed changes and findings you do not agree with *(or the date and symbols from the letter.)*

- The tax periods or years involved.

- A list of the changes that you do not agree with, and why you do not agree.

- The facts supporting your position on any issue that you do not agree with.

- The law or authority, if any, on which you are relying.

- You must sign the written protest, stating that it is true, under the penalties of perjury as follows:

*"Under the penalties of perjury, I declare that I examined the facts stated in this protest, including any accompanying documents, and, to the best of my knowledge and belief, they are true, correct, and complete."*

If your representative prepares and signs the protest for you, he or she must substitute a declaration stating:

- That he or she submitted the protest and accompanying documents and;

- Whether he or she knows personally that the facts stated in the protest and accompanying documents are true and correct.

We urge you to provide as much information as you can, as this will help us speed up your appeal. This will save you both time and money.

Additional information about the Appeals process may be found in Publication 5, *Your Appeals Rights and How to Prepare a Protest if you Don't Agree.*

# After the Examination

## Payment Options

### You can't pay all that you owe now

If you can't pay all your taxes now, pay as much as you can.  By paying now, you reduce the amount of interest and penalty you owe.  Then immediately call, write, or visit the nearest IRS office to explain your situation.  After you explain your situation, we may ask you to fill out a Collection Information Statement.  If you are contacting us by mail or by telephone, we will mail the statement to you to complete and return to us.  This will help us compare your monthly income with your expenses so we can figure the amount you can pay.  We can then help you work out a payment plan that fits your situation.  This is known as an installment agreement.

### Payment by credit card

Individual taxpayers may make credit *(and debit)* card payments on tax liabilities *(including installment agreement* payments) by phone or Internet.  Payments may be made to the United States Treasury through authorized credit card service providers.

The service providers charge a convenience fee based on the payment amount.  You will be informed of the convenience fee amount before the credit card payment is authorized.  This fee is in addition to any charges, such as interest, that may be assessed by the credit card issuer.  Visit www.irs.gov to obtain a list of authorized service providers and to obtain updated information on credit card payment options.

Note:  *You can use debit cards issued by VISA and MasterCard when making tax payments through the participating service providers.  However, the service providers and card issuers treat debit cards and credit cards equally for the purpose of processing electronic tax payments.  Therefore, debit card users are charged the same fee traditionally associated with credit card transactions*

### Payment by Electronic Federal Tax Payment System (EFTPS)

EFTPS is an Electronic Federal Tax Payment System developed by the Internal Revenue Service and Financial Management Service (FMS).

The system allows federal taxes to be paid electronically.  The system allows the use of the Internet at www.eftps.gov or telephone to initiate tax payments directly.  EFTPS payments may also be make through your local financial institution.  The service is convenient, secure and saves time.

You may enroll in EFTPS through the website at www.eftps.gov or by completing a form available from EFTPS customer service at (800) 555-4477 or (800) 945-8400.

### Setting up an installment agreement

Installment agreements allow you to pay your full debt in smaller, more manageable amounts.  Installment agreements generally require equal monthly payments.  The amount and number of your installment payments will be based on the amount you owe and your ability to pay that amount within the time we can legally collect payment from you.

You should be aware, however, that an installment agreement is more costly than paying all the taxes you owe now.  Like revolving credit arrangements, we charge interest on the unpaid portion of the debt.  Penalties also continue to accumulate on installment agreements.

If you want to pay off your tax debt through an installment agreement, call the number shown on your bill.  If you owe:

*   $25,000 or less in tax, we will tell you what you need to do to set up the agreement;

*   More than $25,000, we may still be able to set up an installment agreement for you, but we may also ask for financial information to help us determine your ability to pay.

Even if you set up an installment agreement, we may still file a Notice of Federal Tax Lien to secure the government's interest until you make your final payment.

Note:  *We cannot take any collection actions affecting your property while we consider your request for an installment agreement, while your agreement is in effect, for 30 days after we reject your request for an agreement, or for any period while you appeal the rejection.*

If you arrange for an installment agreement, you may pay with:

*   Personal or business checks, money orders, or certified funds *(all made payable to the U.S. Treasury)*,

*   Credit and debit cards,

*   Payroll deductions your employer takes from your salary and regularly sends to IRS, or

*   Electronic transfers from your bank account or other similar means.

### Apply for an Offer-in-Compromise

In some cases, we may accept an *Offer-in-Compromise*  to settle an unpaid tax account, including any penalties and interest.  With this kind of arrangement, we can accept less that the full amount you owe when it is doubtful we will be able to collect the entire amount due.

Offers in compromise are also possible if collection action would create an economic hardship.  You may want to discuss these options with your examiner.

## Temporarily Delay the Collection Process

If we determine that you can't pay *any* of your tax debt, we may temporarily delay collection until your financial condition improves.  You should know that if we delay collecting from you, your debt will increase because penalties and interest are charged until you pay the full amount.  During a temporary delay, we will again review your ability to pay.  We may also file a *Notice of Federal Tax Lien,* to protect the government's interest in your assets.  See Publication 594, *The IRS Collection Process.*

## *After the Examination (cont.)*

### *Innocent Spouse Relief*

If you filed a joint tax return, you are jointly and individually responsible for the tax and any interest or penalty due on the joint return, even if you later divorce. In some cases, a spouse may be relieved of the tax, interest, and penalties on a joint return.

You can ask for relief no matter how small the liability.

Three types of relief are available.

* Innocent spouse relief - may apply to all joint filers;

* Separation of liability - may apply to joint filers who are divorced, widowed, legally separated, or have not lived together for the past 12 months;

* Equitable relief - applies to all joint filers.

Innocent spouse relief and separation of liability apply only to items incorrectly reported on the return. If a spouse does not qualify for innocent spouse relief or separation of liability, the IRS may grant equitable relief.

Each type of relief is different and each has different requirements. You must file Form 8857, *Request for Innocent Spouse Relief*, to request any of these methods of relief. Publication 971, *Innocent Spouse Relief*, explains each type of relief, who may qualify, and how to request relief.

### *You Must Contact Us*

It is important that you contact us regarding any correspondence you receive from us. If you do not pay your bill or work out a payment plan, we are required by law to take further collection actions.

### *What If You Believe Your Bill is Wrong*



**Caution**

If you believe your bill is wrong, let us know as soon as possible. Call the number on your bill, write to the IRS office that sent you the bill, call 1-800-829-1040 *(for 1040 filers)*, 1-800-829-4933 *(for business filers)*, 1-800-829-4059 */TDD*, or visit your local IRS office.

To help us correct the problem, gather a copy of the bill along with copies of any records, tax returns, and canceled checks, etc., that will help us understand why you believe your bill is wrong.

If you write to us, tell us why you believe your bill is wrong. With your letter, include copies of all the documents you gathered to explain your case. Please do not send original documents. If we find you are correct, we will adjust your account and, if necessary, send you a corrected bill.

# *Privacy Act Statement*

*The Privacy Act of 1974 says that when we ask you for information, we must first tell you our legal right to ask for the information, why we are asking for it, and how it will be used. We must also tell you what could happen if you do not provide it and whether or not you must respond under the law.*

*This notice applies to tax returns and any papers filed with them. It also applies to any questions we need to ask you so we can complete, correct, or process your return; figure your tax; and collect tax, interest, or penalties.*

*Our legal right to ask for information is found in Internal Revenue Code sections 6001, 6011, and 6012(a), and their regulations. They say that you must file a return or statement with us for any tax you are liable for. Your response is mandatory under these sections.*

*Code section 6109 and its regulations say that you must show your social security number or individual taxpayer identification number on what you file. You must also fill in all parts of the tax form that apply to you. This is so we know who you are, and can process your return and papers. You do not have to check the boxes for the Presidential Election Campaign Fund.*

*We ask for tax return information to carry out the U.S. tax laws. We need it to figure and collect the right amount of tax.*

*We may give the information to the Department of Justice and to other Federal agencies, as provided by law. We may also give it to cities, states, the District of Columbia, and U.S. Commonwealths or possessions to carry out their tax laws. And we may give it to certain foreign governments under tax treaties they have with the United States.*

*We may also disclose this information to Federal, state, or local agencies that investigate or respond to acts or threats of terrorism or participate in intelligence or counterintelligence activities concerning terrorism.*

*If you do not file a return, do not give us the information we ask for, or provide fraudulent information, the law says that we may have to charge you penalties and, in certain cases, subject you to criminal prosecution. We may also have to disallow the exemptions, exclusions, credits, deductions, or adjustments shown on your tax return. This could make your tax higher or delay any refund. Interest may also be charged.*

*Please keep this notice with your records. You may want to refer to it if we ask you for other information. If you have questions about the rules for filing and giving information, please call or visit any Internal Revenue Service office.*

CORRECTED REPORT

Page __1__ of _____

| Substitute for<br>Form 4549-A | Department of the Treasury - Internal Revenue Service<br>INCOME TAX EXAMINATION CHANGES | Return Form No.<br>1120 |
|---|---|---|

| Name and Address of Taxpayer<br>SEALED AIR CORPORATION & SUB-<br>SIDIARIES<br>ATTN: VINCE FERRI, DIRECTOR OF TAX<br>PARK 80 EAST<br>SADDLE BROOK          NJ  07663 | S.S. or E.I. Number            65-0654331 | Filing Status  Corporate |
|---|---|---|
| | Person With<br>Whom Examination<br>Changes Were<br>Discussed | Name and Title<br><br>ELYSE NAPOLI FILON | |

| | | Year: 199612 | Year: | Year: |
|---|---|---|---|---|
| 1. | Adjustments to Income | | | |
| A. | Total Adjustments (See FORM 4549-B) | 12,776,332.00 | | |
| B. | | | | |
| C. | | | | |
| D. | | | | |
| E. | | | | |
| F. | | | | |
| G. | | | | |
| 2. | Total Adjustments | 12,776,332.00 | | |
| 3. | Adjusted Gross or Taxable Income Shown on<br>Return or as Previously Adjusted | (73,714,433.00) | | |
| 4. | Corrected Adjusted Gross or Taxable Income | (60,938,101.00) | | |
| 5. | Tax | 0.00 | | |
| 6. | Alternative Tax, If Applicable | 0.00 | | |
| 7. | Corrected Tax Liability (Lesser of line 5 or 6) | 0.00 | | |
| 8. Less | a. | | | |
| Credits | b. Total Credits (See attached schedule) | 0.00 | | |
| (Specify) | c. | | | |
| 9. | Balance (Line 7 less total of lines 8a through 8c) | 0.00 | | |
| 10. | a. | | | |
| | b. Other Taxes (See attached schedule) | 0.00 | | |
| Plus | c. Modification(s) to Total Tax | 125,095.00 | | |
| 11. | Total Corrected Income Tax Liability<br>(Line 9 plus total of lines 10a through 10c) | 125,095.00 | | |
| 12. | Total Tax Shown on Return or as Previously Adjusted | 125,095.00 | | |
| 13. Adjustment to: | | | | |
| | A. | | | |
| | B. | | | |
| 14. | Deficiency-Increase in Tax or (Overassessment-<br>Decrease in Tax) (Line 11 adjusted by Line 12) | 0.00 | | |
| 15. | Adjustments to Prepayment Credits | 0.00 | | |
| 16. | Balance Due or (Overpayment) (Line 13 adjusted by<br>Line 14)  Not Including Interest | 0.00 | | |
| 17. | Penalties, If Any (See explanation) | 0.00 | | |

Other Information:

SEE ATTACHMENT FOR NOTICES AND OTHER INFORMATION

THIS REPORT SUPERCEDES REPORT DATED   8-30-2002.

| Examiner: James F. Fierle<br>James F. Fierle 65-02115 | District: LMSB 1714 | Date: 1-10-2005 |
|---|---|---|

Form CG-4549-A

| Form **886-A**<br>(Rev. January 1994) | **EXPLANATIONS OF ITEMS** | Schedule number or exhibit |
|---|---|---|
| Name of taxpayer<br>Sealed Air Corporation and Subsidiaries | Tax Identification Number<br>65-0654331 | Year/Period ended<br>1996 |

<u>Arrangement of Report</u>                                                    <u>Pages</u>

    Form 4549-A                                                                 1

    Other information                                                        3 - 5

    Forms 4549-B, by issue number                              6 - 7

    Forms 4549-B, entity totals                                        8

    Forms 4549-B, by entity                                           9 - 13

    Other schedules/computations (Schedule D, Form 4797,        14 - 28
        Credits, Other taxes)

    Issues:  Forms 5701 and explanations                    Arranged numerically

| Form **886-A**<br>(Rev. January 1994) | **EXPLANATIONS OF ITEMS** | | Schedule number or exhibit |
|---|---|---|---|
| Name of taxpayer<br>Sealed Air Corporation and Subsidiaries | | Tax Identification Number<br>65-0654331 | Year/Period ended<br>1996 |

## OTHER INFORMATION

### Claims for Refund

During the span of the IRS examination of taxpayer's 1996 return, in response to certain Information Documents Requests (IDRs) or otherwise, taxpayer raised affirmative issues, claiming entitlement to reductions in taxable income for items not shown on its returns as filed. These are commented on below:

1.      In September 1999, in response to IDR #235, taxpayer claimed entitlement to an additional deduction of $880,000 (total for the two returns) for 1996 for a FAS #87 amount that was not deducted to an error made in computing certain Schedule M-1 amounts on the tax returns. This additional deduction has been allowed. See issue #G-122 for additional information.

2.      In June 2000, in response to IDR #244, taxpayer claimed entitlement to an additional deduction of $1,722,747 (total for the two returns) to correct an error made in computing the amount of "accrued extra compensation" on its 1996 returns. This claim has been found to be unallowable. See issue #G-150 for more information.

3.      In June 1999, in response to IDR #262, taxpayer claimed entitlement to a reduction to taxable income for 1996 of $147,208 (total for the two returns), because it had overstated the amount of income flowing from Tarpon Investors L.P. In March 2000, in response to IDR #302, taxpayer claimed entitlement to a reduction in taxable income for 1996 of $276,457 relating to amount of income flowing from Tarpon Investor's L.P. In December 2000, in response to IDR #319, taxpayer clarified the conflict in the positions taken in its previous responses when it stated that the response to IDR #262 should be disregarded, and that the amount of overstated income, as claimed in its response to IDR #302, is $276,457. This claim, however, has been found to be unallowable. See issue #G-116 for additional information.

4.      In December 1999, in response to IDR #284, taxpayer claimed entitlement to an additional deduction of $789,888 (total for the two returns) for 1996. At December 31, 1995, taxpayer had a balance of "accrued" legal fees of approximately $7.5 million. From the IRS examination of this item, it was held that this amount was not properly deductible for tax purposes. The $789,888 amount now claimed by taxpayer represents payments and/or reversals, made in 1996, of a portion of the original $7.5 million amount disallowed for 1995. Under these circumstances, the additional deduction claimed for 1996 had been allowed. See issue #G-145 for more information.

5.      In March 2001, in response to IDR #289, taxpayer claimed entitlement to an additional deduction of $84,872 (total for the two returns) for 1996 re D/V reserves. At meetings in April 2002,

---

| Form **886-A**<br>(Rev. January 1994) | **EXPLANATIONS OF ITEMS** | Schedule number or exhibit |
|---|---|---|
| Name of taxpayer<br>Sealed Air Corporation and Subsidiaries | Tax Identification Number<br>65-0654331 | Year/Period ended<br>1996 |

taxpayer personnel stated to the IRS examining agent/team coordinator and team manager that they did not intend this IDR response to be considered to be a claim for refund. Accordingly, this "claim" is treated as having been withdrawn. A review of this item by an IRS examining agent/team member indicated that the amount "claimed" would not be allowable.

6.    A revenue agent's report (RAR) relating to the examination of taxpayer's returns for the 1993-1996 was prepared in August 2002. While these years were under the jurisdiction of the IRS Appeals office, taxpayer submitted information to protest some of the issues that had been raised in the RAR. Taxpayer also raised some affirmative claims. The case was returned to the IRS examiners in November 2003. While under the jurisdiction of the IRS examiners, taxpayer raised several more affirmative claims. These claims, whether raised to Appeals, or to the IRS examiners after the case was returned from Appeals, are discussed in the explanations for the issue #G-138 and issues #G-165 – G-166 and #G-169.

TAXPAYER:  SEALED AIR CORPORATION & SUB- SIDIARIES
TIN:       65-0654331

Page **5** of _____

Tax Periods: 199612

OTHER INFORMATION

The Internal Revenue Service has agreements with State tax agencies under which information about Federal tax, including increases or decreases, is exchanged with the States.  If this change affects the amount of your State income tax, you should file the required State form.

You may be subject to backup withholding if you underreport your interest, dividend, or patronage dividend income and do not pay the required tax.  The IRS may order backup withholding at 20 percent after four notices have been issued to you over a 120-day period and the tax has been assessed and remains unpaid.

Page **6** of _____

| Form 4549-B<br>(Rev. October 1976) | Department of the Treasury - Internal Revenue Service<br>INCOME TAX EXAMINATION CHANGES | Return Form No.<br>1120 |
|---|---|---|

| Name and Address of Taxpayer<br>SEALED AIR CORPORATION & SUB-<br>SIDIARIES<br>ATTN: VINCE FERRI, DIRECTOR OF TAX<br>PARK 80 EAST<br>SADDLE BROOK          NJ   07663 | Social Security or<br>Employer Identification Number<br><br>65-0654331 |
|---|---|

| Adjustments to Income - ISSUE NUMBER | Year: 199612 | Year: | Year: |
|---|---|---|---|
| A. 105-0105 ROYALTY INCOME<br>       ALL OTHER INCOME | 1,422,413.00 | | |
| B. 107-0107 SALARIES AND WAGES | 8,989,071.00 | | |
| C.    -0112 RECONCILING SCHEDULE M-RESTRUCTURING RESERV | 385,245.00 | | |
| D.    -0116 OTHER INCOME | (333,902.00) | | |
| E.    -0117 RECONCILING SCHEDULE M-SEVERANCE PAYMENTS | (48,774.00) | | |
| F.    -0119 COST OF SALES-ROLL FORWARD FROM PRIOR CYCLE | (1,451,492.00) | | |
| G.    -0120 INVENTORIES | (618,549.00) | | |
| H.    -0122 PENSION, PROFIT SHARING | (226,011.00) | | |
| I.    -0126 RECONCILING SCHEDULE M-SWAP, UNSUBSTANTIATE | 329,133.00 | | |
| J.    -0127 INTEREST | 1,447,101.00 | | |
| K. 128-0128 INTEREST INCOME | 118,970.00 | | |
| L. 129-0129 INTEREST | 6,666,870.00 | | |
| M.    -0131 RECONCILING SCHEDULE M-NONSTAT. STK OPTIONS | 2,770,087.00 | | |
| N.    -0136 SCHEDULE M-ENVIRONMENTAL RSRV & ADJ D/V RSR | (443,626.00) | | |
| O.    -0138 RECONCILING SCHEDULE M-ASBESTOS | (641,840.00) | | |
| P.    -0139 RECONCILING SCHEDULE M-BARTER CREDITS | 1,017,049.00 | | |
| Q.    -0140 RECONCILING SCHEDULE M-FINES & PENALTIES | 108,676.00 | | |
| R.    -0143 INTEREST INCOME | 49,735.00 | | |
| S.    -0145 PROFESSIONAL FEES AND SERVICES, ACCRUAL | (528,703.00) | | |
| T.    -0147 PROFESSIONAL FEES AND SERVICES-LOBBYING/POL | 53,034.00 | | |
| U.    -0148 OTHER EXPENSES | 0.00 | | |
| V.    -0150 RECONCILING SCHEDULE M-ACC'D EXTRA COMP. | 467,432.00 | | |
| W.    -0153 CAPITAL STOCK EXPENSES-DIV REINVEST PLAN | 6,421.00 | | |
| X.    -0154 ENTERTAINMENT EXPENSES | 7,913.00 | | |
| Y.    -0155 INTEREST INCOME, IRS | (4,434,340.00) | | |
| Z.    -0166 INTEREST INCOME/EXPENSE | (2,923,760.00) | | |
| TOTAL ADJUSTMENTS | 12,188,153.00 | 0.00 | 0.00 |

Form CG-4549-B

Page **7** of _____

| Form 4549-B (Rev. October 1976) - | Department of the Treasury - Internal Revenue Service<br>INCOME TAX EXAMINATION CHANGES | Return Form No.<br>1120 |
|---|---|---|

| Name and Address of Taxpayer<br>SEALED AIR CORPORATION & SUB-<br>SIDIARIES<br>ATTN: VINCE FERRI, DIRECTOR OF TAX<br>PARK 80 EAST<br>SADDLE BROOK          NJ    07663 | Social Security or<br>Employer Identification Number<br><br>65-0654331 |
|---|---|

| Adjustments to Income - ISSUE NUMBER | Year: 199612 | Year: | Year: |
|---|---|---|---|
| TOTAL ADJUSTMENTS FROM PREVIOUS PAGE | 12,188,153.00 | 0.00 | 0.00 |
| AA.    -0169 RENTAL INCOME-GRACE PLAZA | 553,398.00 | | |
| AB. See Supporting Schedules for the following: | | | |
| AC. SALE OF PROPERTY - SCH. D | 43,969.00 | | |
| AD. SALE OF PROPERTY - FORM 4797 | (9,188.00) | | |
| AE. | | | |
| AF. | | | |
| AG. | | | |
| AH. | | | |
| AI. | | | |
| AJ. | | | |
| AK. | | | |
| AL. | | | |
| AM. | | | |
| AN. | | | |
| AO. | | | |
| AP. | | | |
| AQ. | | | |
| AR. | | | |
| AS. | | | |
| AT. | | | |
| AU. | | | |
| AV. | | | |
| AW. | | | |
| AX. | | | |
| AY. | | | |
| AZ. | | | |
| TOTAL ADJUSTMENTS | 12,776,332.00 | 0.00 | 0.00 |

Form CG-4549-B

Page __8__ of ____

| Form 4549-B (Rev. October 1976) | Department of the Treasury - Internal Revenue Service INCOME TAX EXAMINATION CHANGES | Return Form No. 1120 |
|---|---|---|

**Name and Address of Taxpayer**
SEALED AIR CORPORATION & SUB-
SIDIARIES
ATTN:  VINCE FERRI, DIRECTOR OF TAX
PARK 80 EAST
SADDLE BROOK          NJ    07663

**Social Security or Employer Identification Number**

65-0654331

| Adjustments to Income - ENTITY TOTAL | | Year: 199612 | Year: | Year: |
|---|---|---|---|---|
| A. W.R.GRACE & CO.--CONN. | 000002 | 14,726,836.00 | | |
| B. W.R. GRACE & CO.--CONN. CONSTRUCTION PRODUCTS DIVISION | 000029 | (48,774.00) | | |
| C. W.R. GRACE & CO.--CONN. CRYOVAC DIVSION | 000030 | (1,451,492.00) | | |
| D. W.R. GRACE & CO.--CONN. DAVISON CHEMICAL DIVISION | 000032 | (151,117.00) | | |
| E. GRACE TARPON INVESTORS, INC. | 000462 | (333,902.00) | | |
| F. See Supporting Schedules for the following: | | | | |
| G. SALE OF PROPERTY - SCH. D | | 43,969.00 | | |
| H. SALE OF PROPERTY - FORM 4797 | | (9,188.00) | | |
| I. | | | | |
| J. | | | | |
| K. | | | | |
| L. | | | | |
| M. | | | | |
| N. | | | | |
| O. | | | | |
| P. | | | | |
| Q. | | | | |
| R. | | | | |
| S. | | | | |
| T. | | | | |
| U. | | | | |
| V. | | | | |
| W. | | | | |
| X. | | | | |
| Y. | | | | |
| Z. | | | | |
| TOTAL ADJUSTMENTS | | 12,776,332.00 | 0.00 | 0.00 |

Form CG-4549-B

Page **9** of ____

| Form 4549-B<br>(Rev. October 1976) | Department of the Treasury - Internal Revenue Service<br>INCOME TAX EXAMINATION CHANGES | Return Form No.<br>1120 |
|---|---|---|

| Name and Address of Taxpayer<br>SEALED AIR CORPORATION & SUB-<br>SIDIARIES<br>ATTN:  VINCE FERRI, DIRECTOR OF TAX<br>PARK 80 EAST<br>SADDLE BROOK          NJ    07663 | Social Security or<br>Employer Identification Number<br><br>65-0654331 |
|---|---|

| Adjustments to Income - ENTITY DETAIL | | Year: 199612 | Year: | Year: |
|---|---|---|---|---|
| W.R.GRACE & CO.--CONN. | 000002 | | | |
| A. ROYALTY INCOME | 105-0105 | 1,422,413.00 | | |
| B. SALARIES AND WAGES | 107-0107 | 8,989,071.00 | | |
| C. RECONCILING SCHEDULE M-RESTRUCTURING RESERV | -0112 | 385,245.00 | | |
| D. PENSION, PROFIT SHARING | -0122 | (226,011.00) | | |
| E. RECONCILING SCHEDULE M-SWAP, UNSUBSTANTIATE | -0126 | 329,133.00 | | |
| F. INTEREST | -0127 | 1,447,101.00 | | |
| G. INTEREST INCOME | 128-0128 | 118,970.00 | | |
| H. INTEREST | 129-0129 | 6,666,870.00 | | |
| I. RECONCILING SCHEDULE M-NONSTAT. STK OPTIONS | -0131 | 2,770,087.00 | | |
| J. SCHEDULE M-ENVIRONMENTAL RSRV & ADJ D/V RSR | -0136 | (443,626.00) | | |
| K. RECONCILING SCHEDULE M-ASBESTOS | -0138 | (641,840.00) | | |
| L. RECONCILING SCHEDULE M-BARTER CREDITS | -0139 | 1,017,049.00 | | |
| M. RECONCILING SCHEDULE M-FINES & PENALTIES | -0140 | 108,676.00 | | |
| N. INTEREST INCOME | -0143 | 49,735.00 | | |
| O. PROFESSIONAL FEES AND SERVICES, ACCRUAL | -0145 | (528,703.00) | | |
| P. PROFESSIONAL FEES AND SERVICES-LOBBYING/POL | -0147 | 53,034.00 | | |
| Q. CAPITAL STOCK EXPENSES-DIV REINVEST PLAN | -0153 | 6,421.00 | | |
| R. ENTERTAINMENT EXPENSES | -0154 | 7,913.00 | | |
| S. INTEREST INCOME, IRS | -0165 | (4,434,340.00) | | |
| T. INTEREST INCOME/EXPENSE | -0166 | (2,923,760.00) | | |
| U. RENTAL INCOME-GRACE PLAZA | -0169 | 553,398.00 | | |
| V. | | | | |
| W. | | | | |
| X. | | | | |
| Y. | | | | |
| Z. | | | | |
| TOTAL ADJUSTMENTS | | 14,726,836.00 | 0.00 | 0.00 |

Form CG-4549-B

Page **10** of _____

| Form 4549-B<br>(Rev. October 1976) | Department of the Treasury - Internal Revenue Service<br>INCOME TAX EXAMINATION CHANGES | Return Form No.<br>1120 |
|---|---|---|

| Name and Address of Taxpayer<br>SEALED AIR CORPORATION & SUB-<br>SIDIARIES<br>ATTN:  VINCE FERRI, DIRECTOR OF TAX<br>PARK 80 EAST<br>SADDLE BROOK          NJ   07663 | Social Security or<br>Employer Identification Number<br><br>65-0654331 |
|---|---|

| Adjustments to Income - ENTITY DETAIL | | Year: 199612 | Year: | Year: |
|---|---|---|---|---|
| W.R. GRACE & CO.--CONN.<br>CONSTRUCTION PRODUCTS DIVISION | 000029 | | | |
| A. RECONCILING SCHEDULE M-SEVERANCE PAYMENTS | -0117 | (48,774.00) | | |
| B. | | | | |
| C. | | | | |
| D. | | | | |
| E. | | | | |
| F. | | | | |
| G. | | | | |
| H. | | | | |
| I. | | | | |
| J. | | | | |
| K. | | | | |
| L. | | | | |
| M. | | | | |
| N. | | | | |
| O. | | | | |
| P. | | | | |
| Q. | | | | |
| R. | | | | |
| S. | | | | |
| T. | | | | |
| U. | | | | |
| V. | | | | |
| W. | | | | |
| X. | | | | |
| Y. | | | | |
| Z. | | | | |
| TOTAL ADJUSTMENTS | | (48,774.00) | 0.00 | 0.00 |

Form CG-4549-B

Page **II** of ____

| Form 4549-B<br>(Rev. October 1976) | Department of the Treasury - Internal Revenue Service<br>INCOME TAX EXAMINATION CHANGES | · Return Form No.<br>· 1120 |
|---|---|---|

| Name and Address of Taxpayer<br>SEALED AIR CORPORATION & SUB-<br>SIDIARIES<br>ATTN: VINCE FERRI, DIRECTOR OF TAX<br>PARK 80 EAST<br>SADDLE BROOK          NJ      07663 | Social Security or<br>Employer Identification Number<br><br>65-0654331 |
|---|---|

| Adjustments to Income - ENTITY DETAIL | | Year: 199612 | Year: | Year: |
|---|---|---|---|---|
| W.R. GRACE & CO.--CONN.<br>CRYOVAC DIVSION | 000030 | | | |
| A. COST OF SALES-ROLL FORWARD FROM PRIOR CYCLE | -0119 | (1,451,492.00) | | |
| B. OTHER EXPENSES | -0148 | 0.00 | | |
| C. | | | | |
| D. | | | | |
| E. | | | | |
| F. | | | | |
| G. | | | | |
| H. | | | | |
| I. | | | | |
| J. | | | | |
| K. | | | | |
| L. | | | | |
| M. | | | | |
| N. | | | | |
| O. | | | | |
| P. | | | | |
| Q. | | | | |
| R. | | | | |
| S. | | | | |
| T. | | | | |
| U. | | | | |
| V. | | | | |
| W. | | | | |
| X. | | | | |
| Y. | | | | |
| Z. | | | | |
| TOTAL ADJUSTMENTS | | (1,451,492.00) | 0.00 | 0.00 |

Form CG-4549-B

Page _12_ of ____

| Form 4549-B (Rev. October 1976) | Department of the Treasury - Internal Revenue Service INCOME TAX EXAMINATION CHANGES | Return Form No. 1120 |
|---|---|---|

| Name and Address of Taxpayer SEALED AIR CORPORATION & SUB-SIDIARIES ATTN: VINCE FERRI, DIRECTOR OF TAX PARK 80 EAST SADDLE BROOK          NJ    07663 | Social Security or Employer Identification Number 65-0654331 |
|---|---|

| Adjustments to Income - ENTITY DETAIL | | Year: 199612 | Year: | Year: |
|---|---|---|---|---|
| W.R. GRACE & CO.--CONN. DAVISON CHEMICAL DIVISION | 000032 | | | |
| A. INVENTORIES | -0120 | (618,549.00) | | |
| B. RECONCILING SCHEDULE M-ACC'D EXTRA COMP. | -0150 | 467,432.00 | | |
| C. | | | | |
| D. | | | | |
| E. | | | | |
| F. | | | | |
| G. | | | | |
| H. | | | | |
| I. | | | | |
| J. | | | | |
| K. | | | | |
| L. | | | | |
| M. | | | | |
| N. | | | | |
| O. | | | | |
| P. | | | | |
| Q. | | | | |
| R. | | | | |
| S. | | | | |
| T. | | | | |
| U. | | | | |
| V. | | | | |
| W. | | | | |
| X. | | | | |
| Y. | | | | |
| Z. | | | | |
| TOTAL ADJUSTMENTS | | (151,117.00) | 0.00 | 0.00 |

Form CG-4549-B

Page __13__ of ____

| Form 4549-B<br>(Rev. October 1976) | Department of the Treasury - Internal Revenue Service<br>INCOME TAX EXAMINATION CHANGES | Return Form No.<br>1120 |
|---|---|---|

| Name and Address of Taxpayer<br>SEALED AIR CORPORATION & SUB-<br>SIDIARIES<br>ATTN:  VINCE FERRI, DIRECTOR OF TAX<br>PARK 80 EAST<br>SADDLE BROOK          NJ   07663 | Social Security or<br>Employer Identification Number<br><br>65-0654331 |
|---|---|

| Adjustments to Income - ENTITY DETAIL | | Year: 199612 | Year: | Year: |
|---|---|---|---|---|
| GRACE TARPON INVESTORS, INC. | 000462 | | | |
| | | | | |
| A. OTHER INCOME | -0116 | (333,902.00) | | |
| B. | | | | |
| C. | | | | |
| D. | | | | |
| E. | | | | |
| F. | | | | |
| G. | | | | |
| H. | | | | |
| I. | | | | |
| J. | | | | |
| K. | | | | |
| L. | | | | |
| M. | | | | |
| N. | | | | |
| O. | | | | |
| P. | | | | |
| Q. | | | | |
| R. | | | | |
| S. | | | | |
| T. | | | | |
| U. | | | | |
| V. | | | | |
| W. | | | | |
| X. | | | | |
| Y. | | | | |
| Z. | | | | |
| TOTAL ADJUSTMENTS | | (333,902.00) | 0.00 | 0.00 |

Form CG-4549-B

TAXPAYER:  SEALED AIR CORPORATION & SUB- SIDIARIES
TIN:       65-0654331

Page 14 of _____

Tax Periods: 199612

## 199612 - INCOME TAX COMPUTATION

1. Taxable Income per return or as corrected,                                    (60,938,101.00)
2. (a) Net Capital Gain (section 1201 gain, excess of NLTCG over NSTCL) for the taxable year     43,969.00
   (b) Net Capital Gain on transactions after 12/31/78 and before 1/1/87,
       but no more than Line 2(a) above                                                  0.00
   (c) Subtract Line 2(b) from Line 2(a)                                          43,969.00
3. Taxable Income less Net Capital Gain (Line 1 less Line 2(a))                          (60,982,070.00)

### COMPUTATION OF REGULAR TAX

4. Taxable Income per return or as previously corrected (Line 1)                         (60,938,101.00)

| | SURTAX/EXCESS T.I. | TAX | | SURTAX/EXCESS T.I. | TAX | FOR YEAR ENDING 12/31/1996 SURTAX/EXCESS T.I. | TAX |
|---|---|---|---|---|---|---|---|
| 5. | % | | % | | 15 % | | |
| 6. | % | | % | | 25 % | | |
| 7. | % | | % | | 34 % | | |
| 8. | % | | % | | % | | |
| 9. | % | | % | | 35 % | | |
| 10. | 5% Additional Tax | | | | | | |
| 11. | 3% Additional Tax | | | | | | |
| 12. | Subtotal | | | | | | |
| | Proration of Tax (if required) Applicable % | 0.000000 | | 0.000000 | | | |
| 13. | Regular tax | . | + | | | = | |

### COMPUTATION OF ALTERNATIVE TAX

14. Taxable Income less Net Capital Gain (Line 3)                                        (60,982,070.00)

| | SURTAX/EXCESS T.I. | TAX | | SURTAX/EXCESS T.I. | TAX | FOR YEAR ENDING 12/31/1996 SURTAX/EXCESS T.I. | TAX |
|---|---|---|---|---|---|---|---|
| 15. | % | | % | | % | | |
| 16. | % | | % | | % | | |
| 17. | % | | % | | % | | |
| 18. | % | | % | | % | | |
| 19. | % | | % | | % | | |
| 20. | 5% Additional Tax | | | | | | |
| 21. | 3% Additional Tax | | | | | | |
| 22. | Subtotal | | | | | | |
| | Proration of Tax (if required) Applicable % | 0.000000 | | 0.000000 | | | |
| 23. | Regular tax | | + | | | = | |

24. Tax on net capital gains
    (a) 28% of line 2(b)                                                                        0.00
    (b) 34% of line 2(c) for gains after 1986                                                   0.00

25. Total Alternative Tax                                                                       0.00

26. INCOME TAX (Line 13 or (Lesser of line 13 or 25, if alternative tax is applicable))        0.00

TAXPAYER:  SEALED AIR CORPORATION & SUB- SIDIARIES
TIN:       65-0654331

Page **15** of ____

Tax Periods: 199612

### 199612 - RECOMPUTATION OF SCHEDULE D

| | (a)<br>PER RETURN | (b)<br>ADJUSTMENTS | (c)<br>AS CORRECTED |
|---|---|---|---|
| **SCHEDULE D - SHORT TERM:** | | | |
| 1. Net Short-Term Capital Gain/Loss | 0.00 | 0.00 | 0.00 |
| **SCHEDULE D - LONG TERM:** | | | |
| 2. Net Long-Term Capital Gain/Loss | 0.00 | 43,969.00 | |
| 3. Net Adjustments from Form 4797 Schedule | | 0.00 | |
| 4. Total Net Long-Term Capital Gain/Loss | | | 43,969.00 |
| **SCHEDULE D - SUMMARY:** | | | |
| 5. Excess of NSTCG over NLTCL | 0.00 | | 0.00 |
| 6. Excess of NLTCG over NSTCL | 0.00 | | 43,969.00 |
| 7. Total | 0.00 | | 43,969.00 |
| 8. Adjustment to Taxable Income | | | 43,969.00 |

SUMMARY OF UNUSED CAPITAL LOSSES:

| | | | |
|---|---|---|---|
| 9. Excess of NSTCL over NLTCG available for carryback<br>or carryover | 0.00 | | 0.00 |
| 10. Excess of NLTCL over NSTCG available for carryback<br>or carryover | 0.00 | | 0.00 |
| 11. Total | 0.00 | | 0.00 |

0.00

TAXPAYER: SEALED AIR CORPORATION & SUB- SIDIARIES

Page **16** of _____

TIN:    65-0654331

Tax Periods: 199612

199612 - SCHEDULE D ADJUSTMENTS

SCHEDULE D - LONG TERM:

| ISSUE NUMBER | SAIN NUMBER | ENTITY | AMOUNT | CATEGORY |
|---|---|---|---|---|
| -0116 | 410 | GRACE TARPON INVESTORS, INC. | 43,969.00 | · LT CAPITAL GAIN/LOSS |

43,969.00

TAXPAYER:  SEALED AIR CORPORATION & SUB- SIDIARIES

TIN:       65-0654331

Page __17__ of ____

Tax Periods: 199612

## 199612 - RECOMPUTATION OF FORM 4797

|  | (a)<br>PER RETURN | (b)<br>ADJUSTMENTS | (c)<br>AS CORRECTED |
|---|---|---|---|
| **FORM 4797 - PART I:** | | | |
| 1. Net gain/loss | (4,121,152.00) | (9,188.00) | (4,130,340.00 |
| 2. Nonrecaptured net section 1231 losses from prior years | 0.00 | 0.00 | 0.00 |
| 3. Balance (line 1 less line 2, but not less than zero) | 0.00 | | 0.00 |
| 4. Adjustment schedule D long term capital gains | | | 0.00 |
| 5. Adjustment to form 4797 | | | (9,188.00 |

SUMMARY OF UNAPPLIED NONRECAPTURED NET SECTION 1231
LOSSES FROM PRIOR YEARS

|  | | | |
|---|---|---|---|
| Nonrecaptured net section 1231 losses from prior years | 0.00 | 0.00 | 0.00 |
| Less:  Section 1231 losses applied against Section<br>        1231 gains | 0.00 | | 0.00 |
| Unapplied nonrecaptured net section 1231 losses | 0.00 | | 0.00 |

| **FORM 4797 - PART II:** | | |
|---|---|---|
| 6. Ordinary Gain/Loss | 6,343,777.00 | 0.00 |
| 7. Net adjustments from Form 4797 - Part I above | | (9,188.00) |
| 8. Total Ordinary Gain/Loss | | 6,334,589.00 |
| 9. Adjustment to taxable income | | (9,188.00) |

DATE TAX COMPUTATION GENERATED    01/06/2005

TAXPAYER: SEALED AIR CORPORATION & SUB- SIDIARIES
TIN:      65-0654331

Page 18 of _____

Tax Periods: 199612

### 199612 - FORM 4797 ADJUSTMENTS

| ISSUE NUMBER | SAIN NUMBER | ENTITY | AMOUNT | CATEGORY |
|----------|----------|-----------------------------------|------------|------------------------|
| FORM 4797 - PART I GAIN/LOSS: | | | | |
| -0116 | 410 | GRACE TARPON INVESTORS, INC. | (9,188.00) | FORM 4797 - PART I GAIN |
| | | | (9,188.00) | |

TAXPAYER:   SEALED AIR CORPORATION & SUB- SIDIARIES .
TIN:        65-0654331

Page 19 of ____

Tax Periods: 199612

## 199612 - SUMMARY OF CHARITABLE CONTRIBUTIONS

| | |
|---|---|
| 1. Total charitable contributions before limitations | 0.00 |
| 2. Less: Total contribution adjustments - (Increase) or decrease | (2,138.00) |
| | -------------------- |
| 3. Total charitable contributions as corrected before limitations | 2,138.00 |
| | ==================== |
| 4. Taxable income per return | (73,714,433.00) |
| 5. Add: Income and Expense adjustments other than charitable contributions | 12,776,332.00 |
| | -------------------- |
| 6. Taxable income as corrected before charitable contributions | (60,938,101.00) |

7. Add:  Charitable contributions per return                                    0.00
         Special deductions allowed per exam                                    0.00
         Net operating loss carryback to the tax year allowed per exam         0.00
         Capital loss carryback to the tax year allowed per exam               0.00
         Deductions allowed under sections 249 and 250 allowed per exam        0.00

| | |
|---|---|
| | 0.00 |
| | -------------------- |
| 8. Taxable income as adjusted | (60,938,101.00) |
| | x10% |
| | -------------------- |
| 9. Maximum allowable deduction for charitable contributions | 0.00 |
| | ==================== |
| 10. Charitable contribution deduction per return | 0.00 |
| 11. Less: Allowable deduction for contributions (Lesser of Line 3 or Line 9) | 0.00 |
| | -------------------- |
| 12. Adjustment - (Increase) or Decrease in charitable contributions | 0.00 |
| | ==================== |

SUMMARY OF UNUSED CHARITABLE CONTRIBUTIONS:

| | |
|---|---|
| 13. Total charitable contributions as corrected (line 3) | 2,138.00 |
| 14. Less: Allowable deduction (Line 11) | 0.00 |
| | -------------------- |
| 15. Unused charitable contributions | 2,138.00 |
| | ==================== |

DATE TAX COMPUTATION GENERATED       01/06/2005

TAXPAYER:  SEALED AIR CORPORATION & SUB-SIDIARIES

TIN:    65-0654331

Page **20** of _____

Tax Periods: 199612

### 199612 - CONTRIBUTION ADJUSTMENTS

| ISSUE NUMBER | SAIN NUMBER | ENTITY | AMOUNT | CATEGORY |
|--------|--------|--------|--------|--------|
| -0116 | 410 | GRACE TARPON INVESTORS, INC. | (2,138.00) | TOTAL CONTRIBUTION AMT |
| | | | (2,138.00) | |

TAXPAYER: SEALED AIR CORPORATION & SUB- SIDIARIES
TIN:      65-0654331

Page **2)** of _____

Tax Periods: 199612

199612 - SUMMARY OF CREDITS

| DESCRIPTION | (a) AVAILABLE PER RETURN | (b) ADJUSTMENTS | (c) AVAILABLE AS CORRECTED [(a) - (b)] | (d) TOTAL CREDIT ALLOWED | (e) UNUSED CREDITS [(c) - (d)] |
|---|---|---|---|---|---|
| 1. Foreign Tax | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 2. Possessions Tax | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 3. Orphan Drug | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 4. Nonconventional Fuel | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 5. Qual. Electric Vehicle | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 6. General Business | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| A. Investment Tax | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| B. Jobs | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| C. Alcohol Fuel | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| D. Increasing Research | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| E. Low-Income Housing | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| F. Enhanced Oil Recovery | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| G. Disabled Access | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| H. Renewable Electricity | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| I. Indian Employment | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| J. Employer SS on Tips | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| K. Contribution to CDC | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Empowerment Zone Employ. | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 7. Prior Year Minimum Tax | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 8. Qualified Zone Academy | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| TOTAL CREDITS | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |

INCOME TAX BEFORE CREDITS                    0.00

TAXPAYER:   SEALED AIR CORPORATION & SUB- SIDIARIES

TIN:     65-0654331

Page **22** of _____

Tax Periods: 199612

199612 - GENERAL BUSINESS CREDIT

FORM 3800

| | | |
|---|---|---|
| 1.   Tentative General Business Credit | | 0.00 |
| 2.   Regular Tax Liability | | . 0.00 |
| 3.   less:   (A) Foreign Tax Credit Allowed | 0.00 | |
| | (B) Possession Tax Credit Allowed | 0.00 | |
| | (C) Orphan Drug Credit Allowed | 0.00 | |
| | (D) Nonconventional Fuel Credit Allowed | 0.00 | |
| | (E) Qualified Electric Vehicle Credit Allowed | 0.00 | 0.00· |
| 4.   Net Regular Tax Liability | | 0.00 |
| 5.   add:  Alternative Minimum Tax | | 0.00 |
| 6.   Net Income Tax | | 0.00 |
| 7.   less:  (A) Tentative Minimum Tax | 0.00 | |
| | or | | |
| | (B) 25% of excess of Net Regular Tax over 25,000 | 0.00 | |
| | (C) greater of Line 7(A) or 7(B) | | 0.00 |
| 8.   Section 38(c)(1) Limitation | | 0.00 |
| 9.   General Business Credit  (lesser of Line 1 or Line 8) | | 0.00 |

TAXPAYER:   SEALED AIR CORPORATION & SUB- SIDIARIES

TIN:        65-0654331

Tax Periods: 199612

199612 - GENERAL BUSINESS CREDIT
Schedule A - Form 3800
Section 38(c)(2) Limitation

| | | |
|---|---|---|
| 10. Regular Investment Tax Credit | | 0.00 |
| 11. Section 38(c)(1) Limitation | 0.00 | |
| 12. Tentative General Business Credit Excluding Regular Investment Credit | 0.00 | |
| 13. Line 11 less Line 12  (not less than zero) | 0.00 | |
| 14. Line 10 less Line 13  (not less than zero) | | 0.00 |
| 15. Alternative Minimum Tax computed without regard to General Business Credit allowed against AMT | 0.00 | |
| 16. Line 4 plus Line 15 | 0.00 | |
| 17. Line 16 less Line 9 | 0.00 | |
| 18. Tentative Minimum Tax computed without regard to Alternative Tax NOL | 0.00 | |
| 19. 10% of Line 18 | 0.00 | |
| 20. Line 17 less Line 19 (not less than zero) | | 0.00 |
| 21. 25% of Line 7(A) | | 0.00 |
| 22. lesser of Line 14, 20, or Line 21 | | 0.00 |
| 23. Line 7(A) less Line 22 | 0.00 | |
| 24. greater of Line 7(B) or Line 23 | 0.00 | |
| 25. Line 6 less Line 24 (not greater than Line 10 plus Line 12) | 0.00 | |
| 26. General Business Credit including Section 38(c)(2) (lesser of Line 4 or Line 25) | | 0.00 |
| 27. Reduction in Tentative Minimum Tax  (Line 25 less Line 26) | | 0.00 |
| 28. General Business Credit - Section 38(c)(2) (Line 26 less Line 9) | | 0.00 |

TAXPAYER:  SEALED AIR CORPORATION & SUBSIDIARIES
TIN:        65-0654331

Tax Periods: 199612

199612 - SUMMARY OF OTHER TAXES

| | (a) | (b) | (c) |
|---|---|---|---|
| DESCRIPTION | OTHER TAXES PER RETURN | ADJUSTMENTS | OTHER TAXES AS CORRECTED [(a) + (b)] |
| 1. Personal Holding Company Tax | 0.00 | 0.00 | 0.00 |
| 2. ITC/Recapture Taxes | 0.00 | 0.00 | 0.00 |
| 3. Win Credit Recapture Tax | 0.00 | 0.00 | 0.00 |
| 4. Alternative Minimum Tax | 0.00 | 0.00 | 0.00 |
| 5. Environmental Tax | 0.00 | 0.00 | 0.00 |
| 6. Minimum Tax on Preference Items | 0.00 | 0.00 | 0.00 |
| 7. Accumulated Earnings Tax | | 0.00 | 0.00 |
| TOTAL OTHER TAXES | 0.00 | 0.00 | 0.00 |

DATE TAX COMPUTATION GENERATED     01/06/2005

TAXPAYER:   SEALED AIR CORPORATION & SUB- SIDIARIES

TIN:   65-0654331

Tax Periods: 199612

## 199612 - ALTERNATIVE MINIMUM TAX / ENVIRONMENTAL TAX

| | | | |
|---|---|---|---|
| 1. | Pre-adjustment AMTI | | (60,938,101.00) |
| | | | |
| 2a. | Adjusted Current Earnings | (60,447,741.00) | |
| 2b. | Subtract Line 1 from Line 2a | 490,360.00 | |
| 2c. | Multiply Line 2b by 75% | 367,770.00 | |
| 2d. | Net Cumulative Ace Adjustment Limitation | 0.00 | |
| 2e. | Ace Adjustment | | 367,770.00 |
| 3. | Combine Lines 1 and 2e  (If -0- or less, not subject to Alternative Minimum Tax) | | (60,570,331.00) |
| 4. | Alternative Tax Net Operating Loss and Energy Preference Deductions | | 0.00 |
| 5. | Alternative Minimum Taxable Income   (Line 3 less Line 4) | | 0.00 |
| | | | |
| | Members Share Of Controlled Group AMTI | 0.00 | |
| | | | |
| 6. | Tentative Exemption Amount  *          (Section 1561(a)(3) Limitation) | 40,000.00 | |
| 7. | Enter 150,000  *                       (Section 55(d)(3) Amount) | 0.00 | |
| | | | |
| 8. | Line 5 (Members share if controlled group) less Line 7 (0 if less than 0) | 0.00 | |
| | | | |
| 9. | Multiply Line 8 by 25% | 0.00 | |
| | | | |
| 10. | Exemption.  (Line 6 less Line 9, if -0- or less enter -0-) | | 0.00 |
| | | | |
| 11. | Line 5 less Line 10 | | 0.00 |
| | | | |
| 12. | Multiply Line 11 X 20% | | 0.00 |
| 13. | Alternative Minimum Tax Foreign Tax Credit | | 0.00 |
| 14. | Tentative Minimum Tax  (Line 12 less Line 13) | | 0.00 |
| 15. | Income Tax Before Credits Minus Foreign Tax Credit and Possessions Tax Credit | | 0.00 |
| 16. | Alternative Minimum Tax (Line 14 less Line 15) | | 0.00 |
| 17. | Reduction Pursuant To Section 38(c)(2) / Empowerment Zone Employment Credit | | 0.00 |
| 18. | Alternative Minimum Tax As Adjusted for Section 38(c)(2) | | 0.00 |

| | | | |
|---|---|---|---|
| 19. | Modified Pre-adjustment AMTI | | (60,938,101.00) |
| | (Line 1 Modified for Environmental Tax Deduction) | (1) | 0.00 |
| 20. | Modified Adjusted Current Earnings | | (60,447,741.00) |
| | (Line 2 modified for Environmental Tax Deduction) | (1) | 0.00 |
| 21. | Subtract Line 19 from Line 20 (Enter -0- if the result is -0- or less) | | 490,360.00 |
| 21a. | Multiply Line 21 by 75% | | 367,770.00 |
| 21b. | ACE Adjustment (Modified for Environmental Tax Deduction) | | 367,770.00 |
| | | | |
| 21c. | Combine Lines 19 AND 21b | | (60,570,331.00) |
| 22. | Environmental Tax Exemption  * | | 2,000,000.00 |
| | | | |
| 23. | Environmental Tax (Line 21c less Line 22 X .12%) | | 0.00 |
| | | | ================= |
| | Environmental Tax Deduction Per Return | 0.00 | |
| | Environmental Tax Deduction Adjustments: | 0.00 | |
| | | ------------------ | |
| (1) | Environmental Tax Deduction As Corrected | 0.00 | |
| | | ================= | |

* Members share if controlled group

TAXPAYER:  SEALED AIR CORPORATION & SUB- SIDIARIES
TIN:     65-0654331

Tax Periods: 199612

199612 - ALTERNATIVE MINIMUM TAX / ENVIRONMENTAL TAX (CONTINUED)

(1)  PRE-ADJUSTMENT AMTI: (TAXABLE INCOME/LOSS BEFORE NOLD + ADJUSTMENTS + TAX PREFERENCE ITEMS)

|  |  |
|---|---:|
| Pre-Adjustment AMTI Per Return | (73,714,433.00) |
| Plus: Adjustments To Taxable Income / Loss | 12,776,332.00 |
| Adjustments To AMT Adjustments / Tax Preferences | 0.00 |
| Less: Adjustments To Net Operating Loss Deduction | 0.00 |
| | ------------------ |
| Pre-Adjustment AMTI As Corrected | (60,938,101.00) |
| | ================== |

(2)  ADJUSTED CURRENT EARNINGS:

| | | |
|---|---:|---:|
| Adjusted Current Earnings Per Return | | (73,714,433.00) |
| Plus: Excess of - | | |
| Pre-Adjustment AMTI As Corrected | (60,938,101.00) | |
| Over | | |
| Pre-Adjustment AMTI Per Return | (73,714,433.00) | 12,776,332.00 |
| | ------------------ | |
| Adjustments To Adjusted Current Earnings | | 490,360.00 |
| | | ------------------ |
| Adjusted Current Earnings As Corrected | | (60,447,741.00) |
| | | ================== |

(3)  NET CUMULATIVE ACE ADJUSTMENT LIMITATION:

|  |  |
|---|---:|
| Net Cumulative ACE Adjustment Limitation Per Return | 0.00 |
| Plus: Adjustment To Net Cumulative ACE Adjustment Limit | 0.00 |
| | ------------------ |
| Net Cumulative ACE Adjustment Limitation As Corrected | 0.00 |
| | ================== |

(4)  ALTERNATIVE TAX NET OPERATING LOSS DEDUCTION AND ENERGY PREFERENCE:

|  |  |
|---|---:|
| Alternative Tax Energy Preference Deduction -- | |
| Alternative Tax Energy Preference (Before Limitation) Per Return | 0.00 |
| Plus: Adjustment To Alternative Tax Energy Preference | 0.00 |
| | ------------------ |
| Alternative Tax Energy Preference (Before Limitation) As Corrected | 0.00 |
| | ================== |

Limitation On Alternative Tax Energy Preference Deduction:

| | | |
|---|---:|---:|
| Pre-Adjustment AMTI As Corrected | (60,938,101.00) | |
| Plus: Adjusted Current Earnings (ACE) Adjustment | 367,770.00 | |
| | ------------------ | |
| Balance (Not less than -0-) | (60,570,331.00) | |
| | X  40 % | |
| | ------------------ | |
| Limitation On Alternative Tax Energy Preference | (24,228,132.40) | |
| | ================== | |

TAXPAYER:   SEALED AIR CORPORATION & SUB- SIDIARIES
TIN:        65-0654331                                          Tax Periods: 199612

199612 - ALTERNATIVE MINIMUM TAX / ENVIRONMENTAL TAX (CONTINUED)

(4)   ALTERNATIVE TAX NET OPERATING LOSS DEDUCTION AND ENERGY PREFERENCE: (CONTINUED)

Alternative Tax Net Operating Loss Deduction --

| | |
|---|---:|
| Alternative Tax Net Operating Loss Deduction (Before Limitation) Per Return | 0.00 |
| Plus: Adjustment To Alternative Tax Net Operating Loss Deduction | 0.00 |
| Alternative Tax Net Operating Loss Deduction (Before Limitation) As Corrected | 0.00 |

Limitation On Alternative Tax Net Operating Loss Deduction (NOLD):

| | |
|---|---:|
| Pre-Adjustment AMTI As Corrected | (60,938,101.00) |
| Plus: Adjusted Current Earnings (ACE) Adjustment | 367,770.00 |
| Balance (Not less than -0-) | (60,570,331.00) |
| | X  90 % |
| Balance | (54,513,297.90) |
| Less Alternative Tax Energy Preference Deduction | (24,228,132.40) |
| Limitation On Alternative Tax NOLD | (30,285,165.50) |

Summary:

| | |
|---|---:|
| Alternative Tax Energy Preference Deduction As Corrected | (24,228,132.40) |
| Alternative Tax Net Operating Loss Deduction As Corrected | 24,228,132.40 |
| Alternative Tax Net Operating Loss And Energy Preference Deductions | 0.00 |

(5)   ALTERNATIVE MINIMUM TAX FOREIGN TAX CREDIT:

| | |
|---|---:|
| Tentative Minimum Tax Foreign Tax Credit (Before limitation) Per Return | 0.00 |
| Plus: Adjustment To Alternative Minimum Tax Foreign Tax Credit | 0.00 |
| Alternative Minimum Tax Credit As Corrected | 0.00 |

' TAXPAYER:  SEALED AIR CORPORATION & SUB- SIDIARIES

TIN:        65-0654331

199612 - ALTERNATIVE MINIMUM TAX / ENVIRONMENTAL TAX (CONTINUED)

| ISSUE NUMBER | SAIN NUMBER | ENTITY | AMOUNT | CATEGORY |
|----------|----------|--------|--------|----------|

AMT ADJUSTMENTS / TAX PREFERENCES:

|  |  |  | 0.00 |  |

ADJUSTED NET BOOK INCOME / ADJUSTED CURRENT EARNINGS:

| -0155 | 607 | SEALED AIR CORPORATION & SUB- | 490,360.00 | ADJUSTED NBI/ACE - AMT |

|  |  |  | 490,360.00 |  |

**Internal Revenue Service**

**Department of the Treasury**

Date: January 10, 2005

Taxpayer Identification Number:
  13-3461988
Form:
  1120
Tax Period(s) Ended and Deficiency Amount(s):
  12/31/93 16,541,141
  12/31/94 41,540,872
  12/31/95 17,830,987
  12/31/96 14,940,569

Fresenius Medical Care Holdings, Inc.
c/o Ms. Elyse Filon, POA
W. R. Grace & Co.
5400 Broken Sound Blvd., NW
Boca Raton, FL 33487

Person to Contact:
  Fritz Vilma, Team Manager
  James Fierle, Team Coordinator
Contact Telephone Number:
  954-423-7030 (Vilma); 954-423-7055 (Fierle)
Employee Identification Number:
  65-02898 (Vilma); 65-02115 (Fierle)
Last Date to Respond to this Letter:
  February 9, 2005

Dear Ms. Filon:

We have enclosed an examination report showing proposed changes to your tax for the period(s) shown above. Please read the report, and tell us whether you agree or disagree with the changes by the date shown above. (This report may not reflect the results of later examinations of partnerships, "S" Corporations, trusts, etc., in which you may have an interest. Changes to those accounts could also affect your tax.)

**If you agree with the proposed changes...**

1.  Sign and date the enclosed agreement form. If you filed a joint return, both taxpayers must sign the form.

2.  Return the signed agreement form to us.

3.  Enclose payment for tax, interest and any penalties due. Make your check or money order payable to the **United States Treasury.** You can call the person identified above to determine the total amount due as of the date you intend to make payment.

4.  After we receive your signed agreement form, we will close your case.

If you pay the full amount due now, you will limit the amount of interest and penalties charged to your account. If you agree with our findings, but can only pay part of the bill, please call the person identified above to discuss different payment options. We may ask you to complete a collection information statement to determine your payment options, such as paying in installments. You can also write to us or visit your nearest IRS office to explain your circumstances. If you don't enclose payment for the additional tax, interest, and any penalties, we will bill you for the unpaid amounts.

**Letter 950 (DO) (Rev. 9-2000)**
Catalog Number 40390D

If you are a "C" Corporation, Section 6621 (c) of the Internal Revenue Code provides that an interest rate 2% higher than the standard rate of interest will be charged on deficiencies of $100,000 or more.

**If you don't agree with the proposed changes...**

1. You may request a meeting or telephone conference with the supervisor of the person identified in the heading of this letter. If you still don't agree after the meeting or telephone conference, you can:

2. Request a conference with our Appeals Office. If the total proposed change to your tax is:

   - $25,000 or less for *each* referenced tax period, send us a letter requesting consideration by Appeals. Indicate the issues you don't agree with and the reasons why you don't agree. If you don't want to write a separate letter, you can complete the Statement of Disputed Issues at the end of this letter and return it to us.

   - More than $25,000 for *any* referenced tax period; you must submit a formal protest.

The requirements for filing a formal protest are explained in the enclosed Publication 3498, *The Examination Process*. Publication 3498 also includes information on your *Rights as a Taxpayer* and the *IRS Collection Process*.

If you request a conference with our Appeals Office, an Appeals Officer will call you (if necessary) for an appointment to take a fresh look at your case. The Appeals Office is an independent office and most disputes considered by the Appeals Office are resolved informally and promptly. By requesting a conference with our Appeals Office you may avoid court costs (such as the Tax Court $60 filing fee), resolve the matter sooner, and/or prevent interest and any penalties from increasing on your account.

If you decide to bypass the Appeals Office and petition the Tax Court directly, your case will usually be sent to an Appeals Office first to try to resolve the issue. Certain procedures and rights in court (for example, the burden of proof and potential recovery of litigation costs) depend on you fully participating in the administrative consideration of your case, including consideration by the IRS Appeals Office.

If you don't reach an agreement with our Appeals Office or if you don't respond to this letter, we will send you another letter that will tell you how to obtain Tax Court Review of your case.

You must mail your signed agreement form, completed Statement of Disputed Issues, or a formal protest to us by the response date shown in the heading of this letter. If you decide to request a conference with the examiner's supervisor, your request should also be made by the response date indicated.

MAIL RESPONSES TO:      **Internal Revenue Service**
Attn: Fritz Vilma
        IRS, Stop 4714, Rm. 343
        7850 SW 6th Court
        Plantation, FL  33324

If you have any questions, please contact the person identified in the heading of this letter. We will be glad to discuss your options with you.

Sincerely yours,

Larry L. Barnes
Director of Field Operations, LMSB:HMT

Enclosures:
~~Copy of this letter~~
Examination Report
Agreement Form
Publication 3498
~~Envelope~~

**Letter 950 (DO) (Rev. 9-2000)**
Catalog Number 40390D

## STATEMENT OF DISPUTED ISSUES

☐  THE PROPOSED CHANGE IS $25,000 or less for each of the REFERENCED TAX PERIOD(S).

Issue(s) I Disagree With:                          Reasons for Disagreement:

_____          _____
_____          _____
_____          _____
_____          _____
_____          _____
_____          _____
_____          _____
_____          _____
_____          _____

(if more space is needed, attach a separate sheet)

_____          _____
Signature                                          Date

| Form 870 | | Department of Treasury-Internal Revenue Service | | Date received by Internal Revenue Service |
|---|---|---|---|---|
| (Rev. February 1986) | | Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment | | |

Names and address of taxpayers (Number, street, city or town, State, ZIP code)

FRESENIUS NATIONAL MEDICAL CARE
HOLDINGS, INC. AFFILIATED GROUP
C/O ELYSE PILON, POA, W.R.GRACE & CO.
5400 BROKEN SOUND BLVD., NW
BOCA RATON          FL    33487

Social security or employer Identification number

13-3461988

## Increase (Decrease) in Tax and Penalties

| Tax Year Ended | Tax | | Penalties | | |
|---|---|---|---|---|---|
| 199312 | $ 16,541,141.00 | $ | $ | $ | $ |
| 199412 | $ 41,540,872.00 | $ | $ | $ | $ |
| 199512 | $ 17,830,987.00 | $ | $ | $ | $ |
| 199612 | $ 14,940,569.00 | $ | $ | $ | $ |
| | | | | | |
| | | | | | |

Consent to Assessment and Collection

I consent to the immediate assessment and collection of any deficiencies (increase in tax and penalties) and accept any overassessment (decrease in tax and penalties) shown above, plus any interest provided by law. I understand that by signing this waiver, I will not be able to contest these years in the United States Tax Court, unless additional deficiencies are determined for these years.

| s | | | Date |
| i | | | |
| g | | | |
| n | | | |
| a | | | Date |
| t | | | |
| u | | | |
| r | | | |
| e | By | Title | Date |
| s | | | |

Form 870 (Rev. 2-86)

Waiver of Restrictions on Assessement and Collection of Deficiency
in Tax and Acceptance of Overassessment

(continued)

FRESENIUS NATIONAL MEDICAL CARE
13-3461988

Instructions

General Information

If you consent to the assessment of the deficiencies shown in this waiver, please sign and return the form in order to limit any interest charge and expedite the adjustment to your account. Your consent will not prevent you from filing a claim for refund (after you have paid the tax) if you later believe you are so entitled. It will not prevent us from later determining, if necessary, that you owe additional tax; nor extend the time provided by law for either action.

We have agreements with State tax agencies under which information about Federal tax, including increases or decreases, is exchanged with the States. If this change affects the amount of your State income tax, you should file the required State form.

If you later file a claim and the Service disallows it, you may file suit for refund in a district court or in the United States Claims Court, but you may not file a petition with the United States Tax Court.

We will consider this waiver a valid claim for refund or credit of any overpayment due you resulting from any decrease in tax and penalty shown above, provided you sign and file it within the period established by law for making such a claim.

Who Must Sign

If you filed jointly, both you and your spouse must sign. If this waiver is for a corporation, it should be signed with the corporation name, followed by the signatures and titles of the corporate officers authorized to sign. An attorney or agent may sign this waiver provided such action is specifically authorized by a power of attorney which, if not previously filed, must accompany this form.

If this waiver is signed by a person acting in a fiduciary capacity (for example, an executor administrator, or a trustee) Form 56, Notice Concerning Fiduciary Relationship should, unless previously filed, accompany this form.

## The IRS Mission

**Provide America's taxpayers top quality service by helping them understand and meet their tax responsibilities and by applying the tax law with integrity and fairness to all.**

# The Examination Process

### Introduction

The Internal Revenue Service (IRS) accepts most federal returns as filed. Some returns, however, are examined, or audited, to determine if income, expenses, and credits are reported accurately.

This publication discusses general rules and procedures we follow in examinations. It explains what happens before, during, and after an examination. It also explains appeal and payment procedures.

As a taxpayer, you have the right to fair, professional, prompt, and courteous service from IRS employees, as outlined in the Declaration of Taxpayer Rights found on page 3.

We must follow the tax rules set forth by Congress in the Internal Revenue Code. We also follow Treasury Regulations, court decisions, and other rules and procedures written to administer the tax laws.

If the examination results in a change to your tax liability, you may ask us to reconsider your case. Some reasons why we may reconsider your case include:

- Your submitting additional information that could result in a change to the additional amount we have determined that you owe;

- Your filing an original delinquent return after we have determined that you owe an additional amount, or;

- Your identifying a mathematical or processing error we made.

You must request reconsideration in writing and submit it to your local IRS office.

 **IRS**

Department of the Treasury
**Internal Revenue Service**

www.irs.gov

Publication 3498 (Rev. 2-2004)
Catalog Number 73074S

## What's *Inside . . .*

**Introduction**

**Declaration of Taxpayer Rights** . . . . . . . . . .    3

**Your Return Is Going To Be Examined** . . . . .    3

    Before the Examination . . . . . . . . . . . . .    3

    During the Examination . . . . . . . . . . . .    3

    Examinations by Mail . . . . . . . . . . . . .    3

    Examinations in Person . . . . . . . . . . . .    3

    How to Stop Interest from Accumulating. . . .    4

    Consents to Extend the Statute of
    Limitations . . . . . . . . . . . . . . . . .    4

    Results of the Examination . . . . . . . . . .    4

**What to Do When You Receive a Bill
from the IRS** . . . . . . . . . . . . . . . . . .    4

**What To Do if You Agree or Disagree
with the Examination Results** . . . . . . . . . . .    5

    If You Agree . . . . . . . . . . . . . . . . .    5

    If You Do Not Agree . . . . . . . . . . . . . .    5

    Fast Track Mediation Services . . . . . . . . .    5

**How Do You Appeal a Decision?** . . . . . . . . .    6

    The Appeal System . . . . . . . . . . . . . .    6

    Appeal Within the IRS . . . . . . . . . . . . .    6

    Making a Small Case Request . . . . . . . . .    6

    Filing a Formal Protest . . . . . . . . . . . .    6

**After the Examination** . . . . . . . . . . . . . .    7

    Payment Options . . . . . . . . . . . . . . .    7

    Temporarily Delay the
    Collection Process . . . . . . . . . . . . . .    7

    Innocent Spouse Relief . . . . . . . . . . . .    8

    You Must Contact Us . . . . . . . . . . . . .    8

    What If You Believe Your Bill Is Wrong . . . . .    8

**Privacy Act Statement** . . . . . . . . . . . . . .    8

 **?** Do you have questions or need help right away? Call us. We're here to help you.

### For General Information:

For information about a specific examination please contact the person named on the appointment letter.

 **For tax information and help:**

    Call the number on the bill you received or call us toll free at:

    1-800-829-1040 *(for 1040 filers)*
    1-800-829-4933 *(for business filers)*
    1-800-829-4059 /TDD

 **For tax forms and publications:**

    1-800-829-3676
    1-800-829-4059 /TDD
    1-703-368-9694-Forms by Fax

 **Internet: www.irs.gov**

    FTP- ftp.fedworld.gov/pub/

    TELENET-iris.irs.gov

    You'll find answers to frequently asked tax questions, tax forms on-line, searchable publications, hot tax issues, news, and help through e-mail.

 **If you prefer to write to us . .**

    Enclose a copy of your tax bill. Print your name, social security number or taxpayer identification number, and the tax form and period shown on your bill. Write to us at the address shown on your tax bill.

**You may also visit your nearest IRS Office.**

You'll find the exact address in your local phone book under *U.S. Government*

## Declaration of Taxpayer Rights

### I. Protection of Your Rights

*IRS employees will explain and protect your rights as a taxpayer throughout your contact with us.*

### II. Privacy and Confidentiality

*The IRS will not disclose to anyone the information you give us, except as authorized by law. You have the right to know why we are asking you for information, how we will use it, and what happens if you do not provide requested information.*

### III. Professional and Courteous Service

*If you believe that an IRS employee has not treated you in a professional, fair, and courteous manner, you should tell that employee's supervisor. If the supervisor's response is not satisfactory, you should write to the IRS Director for your Area or the Center where you file your return.*

### IV. Representation

*You may either represent yourself or, with proper written authorization, have someone else represent you. Your representative must be a person allowed to practice before the IRS, such as an attorney, certified public accountant, or enrolled agent (a person enrolled to practice before the IRS). If you are in an interview and ask to consult such a person, then we must stop and reschedule the interview in most cases.*

*You can have someone accompany you at an interview. You may make sound recordings of any meetings with our examination, appeal, or collection personnel, provided you tell us in writing 10 days before the meeting.*

### V. Payment of Only the Correct Amount of Tax

*You are responsible for paying only the correct amount of tax due under the law—no more, no less. If you cannot pay all of your tax when it is due, you may be able to make monthly payments.*

### VI. Help with Unresolved Tax Problems

*The Taxpayer Advocate Service can help you if you have tried unsuccessfully to resolve a problem with the IRS. Your local Taxpayer Advocate can offer you special help if you have a significant hardship as a result of a tax problem. For more information, call toll-free, 1-877-777-4778 (1-800-829-4059 for TTY/TDD) or write to the Taxpayer Advocate at the IRS office that last contacted you.*

### VII. Appeals and Judicial Review

*If you disagree with us about the amount of your tax liability or certain collection actions, you have the right to ask the Appeals Office to review your case. You may also ask a court to review your case.*

### VIII. Relief from Certain Penalties and Interest

*The IRS will waive penalties when allowed by law if you can show you acted reasonably and in good faith or relied on the incorrect advice of an IRS employee. We will waive interest that is the result of certain errors or delays caused by an IRS employee.*

## Your Return Is Going To Be Examined.

### Before the Examination

We accept most taxpayers' returns as filed. If we inquire about your return or select it for examination, it does not suggest that you are dishonest. The inquiry or examination may or may not result in more tax. We may close your case without change or you may receive a refund.

The process of selecting a return for examination usually begins in one of two ways. One way is to use computer programs to identify returns that may have incorrect amounts. The programs may be based on information returns, such as Forms 1099 or W-2, on studies of past examinations, or on certain issues identified by other special projects. Another way is to use information from compliance projects that indicates a return may have incorrect amounts. These sources may include newspapers, public records, and individuals. If we determine the information is accurate and reliable, we may use it to select a return for examination.

Publication 556, *Examination of Returns, Appeal Rights, and Claims for Refund*, explains the rules and procedures that we follow in examinations. The following sections give an overview of how we conduct examinations.

### During the Examination

#### Examinations by Mail

Some examinations are conducted entirely by mail. If the examination is conducted by mail, you'll receive a letter from us asking for additional information about certain items shown on your return, such as income, expenses, and itemized deductions.

If the examination is conducted by mail, you can:

1. Act on your own behalf. *(In the case of a jointly filed return, either spouse can respond or both spouses can send a joint response.)*

2. Have someone represent you in correspondence with us. This person must be an attorney, accountant, enrolled agent, an enrolled actuary, or the person who prepared the return and signed it as the preparer. If you choose to have someone represent you, you must furnish us with written authorization. Make this authorization on Form 2848, *Power of Attorney and Declaration of Representative.*

   *Note: You may obtain any of the forms and publications referenced in this publication by calling 1-800-829-3676.*

#### Examinations in Person

An examination conducted in person begins when we notify you by mail that your return has been selected. We'll tell you what information you need to provide at that time. If you gather the information before the examination, we may be able to complete it more easily and in a shorter time.

If the examination is conducted in person, it can take place in your home, your place of business, an IRS office, or the office of your attorney, accountant, or enrolled agent *(a person enrolled to practice before the IRS)*. If the time or place is not convenient for you, the examiner will try to work out something more suitable.

3

## *Your Return Is Going To Be Examined. (cont.)*

If the examination is conducted in person, you can:

1. Act on your own behalf. *(In the case of a jointly filed return, either spouse or both can attend the interview.)* If you are acting on your own behalf, you may leave to consult with your representative. We will suspend the interview and reschedule the examination. We cannot suspend the interview if we are conducting it as a result of your receiving an administrative summons.

2. Have someone accompany you, either to support your position or to witness to the proceedings.

3. Accompany someone who will represent you. This person must be an attorney, accountant, enrolled agent, an enrolled actuary, or the person who prepared the return and signed it as the preparer.

4. Have your representative act for you and not be present at the audit yourself. If you choose to have someone represent you in your absence, you must furnish us with written authorization. Make this authorization on Form 2848, *Power of Attorney and Declaration of Representative.*

### How to Stop Interest from Accumulating

During your examination, if you think you will owe additional tax at the end of the examination, you can stop interest from accumulating by paying all or part of the amount you think you will owe. Interest will stop accumulating on the part you pay when the IRS receives your money. Interest will only be charged on the tax, penalties, and interest that are unpaid on the date they are assessed.

### Consents to Extend the Statute of Limitations

We try to examine tax returns as soon as possible after they are filed, but occasionally we may request that you extend the statute of limitations of your tax return.

A return's statute of limitation generally limits the time we have to examine it and assess tax. Assessments of tax must be made within 3 years after a return is due or filed, whichever is later. We can't assess additional tax or make a refund or credit *(unless you filed a timely claim)* after the statute of limitations has expired. Also, if you disagree with the results of the examination, you can't appeal the items you disagree with unless sufficient time remains on the statute. Because of these restrictions, if there isn't much time remaining to examine your return, assess additional taxes, and/or exercise your appeal rights, you have the opportunity to extend the statute of limitations. This will allow you additional time to provide further documentation to support your position, request an appeal if you do not agree with our findings, or to claim a tax refund or credit. It also allows the Service to complete the examination, make any additional assessment, if necessary, and provide sufficient time for processing.

A written agreement between you and the Service to extend the statutory period of a tax return is called a "consent." Consents can be used for all types of tax except estate tax.

There are two basic kinds of consent forms. One sets a *specific* expiration date for the extension, and the other for an indefinite period of time. Either type of consent may be limited by restrictive conditions. The use of a restricted consent is to allow the statute to expire with regard to all items on the return except those covered by the restrictive language.

If the statute of limitations for your tax return is approaching, you may be asked to sign a consent. You may:

1. Refuse to extend the statute of limitations;

2. Limit or restrict the consent to particular issues, or

3. Limit the extension to a particular period of time.

The consent will be sent or presented to you with a letter explaining this process and Publication 1035, *Extending the Tax Assessment Period.* For further information, refer to this publication.

### Results of the Examination

If we accept your return as filed, you will receive a letter stating that the examiner proposed no changes to your return. You should keep this letter with your tax records.

If we don't accept your return as filed, we will explain any proposed changes to you and your authorized representative. It is important that you understand the reasons for any proposed changes; don't hesitate to ask about anything that is unclear to you.

## *What to Do When You Receive a Bill from the IRS*



4

# What To Do If You Agree or Disagree with the Examination Results

## If You Agree

If you agree with a proposed *increase* to tax, you can sign an agreement form and pay any additional tax you may owe. You must pay interest and applicable penalties on any additional balance due. If you pay when you sign the agreement, interest is generally figured from the due date of your return to the date of your payment.

If you do not pay the additional tax and interest, you will receive a bill *(See "What To do When You Receive a Bill from the IRS" on page 4.)* If the amount due *(including interest and applicable penalties)* is less than $100,000 and you pay it within 21 business days, we will not charge more interest or penalties.   If the amount is $100,000 or more, the period is reduced to 10 calendar days. If you can't pay the tax due at the end of the examination, you may pay whatever amount you can and request an installment agreement for the balance. *(See "Setting up an Installment Agreement" on page 7.)*

If you are entitled to a refund, you will receive it sooner if you sign the agreement form at the end of the examination.  You will also be paid interest on the refund.

## If You Do Not Agree

If you do not agree with the proposed changes, the examiner will explain your appeal rights.  If your examination takes place in an IRS office, you may request an immediate meeting with the examiner's supervisor to explain your situation.   You may also enter into an *Agreement to Mediate* to help resolve disputes through Fast Track Mediation services. *(See next column.)* Mediation can take place at this meeting or afterwards.   If an agreement is reached, your case will be closed.

If you cannot reach an agreement with the supervisor at this meeting, or if the examination took place outside an IRS office or was conducted through correspondence with an IRS Campus employee, the examiner will prepare a report explaining your position and ours. The examiner will forward your case to the Area office for processing .

You will receive:

* A letter (known as a 30-day letter) notifying you of your rights to appeal the proposed changes within 30 days,

* A copy of the examiner's report explaining the proposed changes, and

* An agreement or a waiver form.

You generally have 30 days from the date of the 30-day letter to tell us whether you will accept the proposed changes or appeal them.  The letter will explain what steps you should take, depending on what action you choose.  Be sure to follow the instructions carefully.  Appeal rights are explained following this section.



**Caution**

If you do not respond to the 30-day letter, or if you respond but do not reach an agreement with an appeals officer, we will send you a 90-day letter, also known as a *Notice of Deficiency*. This is a legal document that explains the proposed changes and the amount of the proposed tax increase.  You will have 90 days (150 days if it is addressed to you outside the United States) from the date of this notice to file a petition with the Tax Court. If you do not petition the Tax Court you will receive a bill for the amount due.

## Fast Track Mediation Services

If you do not agree with any or all of the IRS findings, you may request Fast Track Mediation services to help you resolve disputes resulting from the examination (audits).  Fast Track Mediation offers an expedited process with a trained mediator, who will help facilitate communication, in a neutral setting. The mediator will work with you and the IRS to understand the nature of the dispute.  The purpose is to help the two of you reach a mutually satisfactory resolution that is consistent with the applicable law.  The mediator has no authority to require either party to accept any resolution.  You may withdraw from the mediation process anytime.  If any issues remain unresolved you will retain all of your usual appeal rights.

Most cases qualify for Fast Track Mediation.  To begin the process, you may request the examiner or IRS representative to arrange a mediation meeting.  Both you and the IRS representative must sign a simple *Agreement to Mediate* form. A mediator will then be assigned.  Generally, within a week, the mediator will contact you and the IRS representative to schedule a meeting. After a brief explanation of the process, the mediator will discuss with you when and where to hold the mediation session.

For additional information, refer to Publication 3605, *Fast Track Mediation-A Process for Prompt Resolution of Tax Issues.*

# *How Do You Appeal a Decision?*

## The Appeal System

Because people sometimes disagree on tax matters, the Service has an appeal system. Most differences can be settled within this system without going to court.

Your reasons for disagreeing must come within the scope of tax laws, however. For example, you cannot appeal your case based only on moral, religious, political, constitutional, conscientious, or similar grounds.

If you do not want to appeal your case within the IRS, you may take your case directly to tax court.

## Appeal Within the IRS

You may appeal our tax decision to a local appeals office, which is separate and independent of the IRS Office taking the action you disagree with. An appeals office is the only level of appeal within the IRS. Conferences with Appeals Office personnel may be conducted in person, through correspondence, or by telephone with you or your authorized representative

If you want to have a conference with an appeals officer, follow the instructions in the letter you received. We will send your conference request letter to the appeals office to arrange for a conference at a convenient time and place. You or your qualified representative should be prepared to discuss all disputed issues at the conference. Most differences are settled at this level. Only attorneys, certified public accountants or enrolled agents are allowed to represent a taxpayer before Appeals. An unenrolled preparer may be a witness at the conference, but not a representative.

If you want to have a conference with an appeals officer, you may also need to file either a **small case request** or a **formal written protest** with the contact person named

in the letter you receive. Whether you file a small case request or a formal written protest depends on several factors.

## *Making a Small Case Request*

You may make a **small case request** if the total amount of tax, penalties, and interest for *each* tax period involved is $25,000 or less, and you do not meet one of the exceptions below for which a formal protest is required. If more than one tax period is involved and *any* tax period exceeds the $25,000 threshold, you must file a formal written protest for all periods involved. The total amount includes the proposed increase or decrease in tax and penalties or claimed refund. For an *Offer-in-Compromise*, include total unpaid tax, penalty, and interest due.

To make a small case request, follow the instructions in our letter to you by sending a brief written statement requesting an appeals conference. Indicate the changes you do not agree with and the reasons you do not agree with them.



Be sure to send the protest within the time limit specified in the letter you received.

**Caution**

You must file a formal written protest

* If the total amount of tax, penalties, and interest for any tax period is more than $25,000;

* In all partnership and S corporation cases, regardless of the dollar amount;

* In all employee plan and exempt organization cases, regardless of the dollar amount;

* In all other cases, unless you qualify for other special appeal procedures, such as requesting appeals consideration of liens, levies, seizures, or installment agreements. *(See Publication 1660, Collection Appeal Rights, for more information on special collection appeals procedures.)*

## *Filing a Formal Protest*

When a formal protest is required, send it within the time limit specified in the letter you received. Include in your protest:

* Your name and address, and a daytime telephone number.

* A statement that you want to appeal the IRS findings to the Appeals Office.

* A copy of the letter showing the proposed changes and findings you do not agree with *(or the date and symbols from the letter.)*

* The tax periods or years involved.

* A list of the charges that you do not agree with, and why you do not agree.

* The facts supporting your position on any issue that you do not agree with.

* The law or authority, if any, on which you are relying.

* You must sign the written protest, stating that it is true, under the penalties of perjury as follows:

*"Under the penalties of perjury, I declare that I examined the facts stated in this protest, including any accompanying documents, and, to the best of my knowledge and belief, they are true, correct, and complete."*

If your representative prepares and signs the protest for you, he or she must substitute a declaration stating:

* That he or she submitted the protest and accompanying documents and;

* Whether he or she knows personally that the facts stated in the protest and accompanying documents are true and correct.

We urge you to provide as much information as you can, as this will help us speed up your appeal. This will save you both time and money.

Additional information about the Appeals process may be found in Publication 5, *Your Appeals Rights and How to Prepare a Protest if you Don't Agree.*

# *After the Examination*

## *Payment Options*

### You can't pay all that you owe now

If you can't pay all your taxes now, pay as much as you can. By paying now, you reduce the amount of interest and penalty you owe. Then immediately call, write, or visit the nearest IRS office to explain your situation. After you explain your situation, we may ask you to fill out a Collection Information Statement. If you are contacting us by mail or by telephone, we will mail the statement to you to complete and return to us. This will help us compare your monthly income with your expenses so we can figure the amount you can pay. We can then help you work out a payment plan that fits your situation. This is known as an installment agreement.

### Payment by credit card

Individual taxpayers may make credit *(and debit)* card payments on tax liabilities *(including installment agreement* payments) by phone or internet. Payments may be made to the United States Treasury through authorized credit card service providers.

The service providers change a convenience fee based on the payment amount. You will be informed of the convenience fee amount before the credit card payment is authorized. This fee is in addition to any changes, such as interest, that may be assessed by the credit card issuer. Visit www.irs.gov to obtain a list of authorized service providers and to obtain updated information on credit card payment options.

Note: *You can use debit cards issued by VISA and MasterCard when making tax payments through the participating service providers. However, the service providers and card issuers treat debit cards and credit cards equally for the purpose of processing electronic tax payments. Therefore, debit card users are charged the same fee traditionally associated with credit card transactions*

### Payment by Electronic Federal Tax Payment System (EFTPS)

EFTPS is an Electronic Federal Tax Payment System developed by the Internal Revenue Service and Financial Management Service (FMS).

The system allows federal taxes to be paid electronically. The system allows the use of the internet at www.eftps.gov or telephone to initiate tax payments directly. EFTPS payments may also be make through your local financial institution. The service is convenient, secure and saves time.

You may enroll in EFTPS through the website at www.eftps.gov or by completing a form available from EFTPS customer service at (800) 555-4477 or (800) 945-8400.

### Setting up an installment agreement

Installment agreements allow you to pay your full debt in smaller, more manageable amounts. Installment agreements generally require equal monthly payments. The amount and number of your installment payments will be based on the amount you owe and your ability to pay that amount within the time we can legally collect payment from you.

You should be aware, however, that an installment agreement is more costly than paying all the taxes you owe now. Like revolving credit arrangements, we charge interest on the unpaid portion of the debt. Penalties also continue to accumulate on installment agreements.

If you want to pay off your tax debt through an installment agreement, call the number shown on your bill. If you owe:

- $25,000 or less in tax, we will tell you what you need to do to set up the agreement;

- More than $25,000, we may still be able to set up an installment agreement for you, but we may also ask for financial information to help us determine your ability to pay.

Even if you set up an installment agreement, we may still file a Notice of Federal Tax Lien to secure the government's interest until you make your final payment.

Note: *We cannot take any collection actions affecting your property while we consider your request for an installment agreement, while your agreement is in effect, for 30 days after we reject your request for an agreement, or for any period while you appeal the rejection.*

If you arrange for an installment agreement, you may pay with:

- Personal or business checks, money orders, or certified funds *(all made payable to the U.S. Treasury)*,

- Credit and debit cards,

- Payroll deductions your employer takes from your salary and regularly sends to IRS, or

- Electronic transfers from your bank account or other similar means.

### Apply for an Offer-In-Compromise

In some cases, we may accept an *Offer-in-Compromise* to settle an unpaid tax account, including any penalties and interest. With this kind of arrangement, we can accept less that the full amount you owe when it is doubtful we will be able to collect the entire amount due.

Offers in compromise are also possible if collection action would create an economic hardship. You may want to discuss these options with your examiner.

## *Temporarily Delay the Collection Process*

If we determine that you can't pay *any* of your tax debt, we may temporarily delay collection until your financial condition improves. You should know that if we delay collecting from you, your debt will increase because penalties and interest are charged until you pay the full amount. During a temporary delay, we will again review your ability to pay. We may also file a *Notice of Federal Tax Lien*, to protect the government's interest in your assets. See Publication 594, *The IRS Collection Process.*

## *After the Examination (cont.)*

### Innocent Spouse Relief

If you filed a joint tax return, you are jointly and individually responsible for the tax and any interest or penalty due on the joint return, even if you later divorce. In some cases, a spouse may be relieved of the tax, interest, and penalties on a joint return.

You can ask for relief no matter how small the liability.

Three types of relief are available.

*   Innocent spouse relief - may apply to all joint filers;

*   Separation of liability - may apply to joint filers who are divorced, widowed, legally separated, or have not lived together for the past 12 months;

*   Equitable relief - applies to all joint filers.

Innocent spouse relief and separation of liability apply only to items incorrectly reported on the return. If a spouse does not qualify for innocent spouse relief or separation of liability, the IRS may grant equitable relief.

Each type of relief is different and each has different requirements. You must file Form 8857, *Request for Innocent Spouse Relief*, to request any of these methods of relief. Publication 971, *Innocent Spouse Relief*, explains each type of relief, who may qualify, and how to request relief.

### You Must Contact Us

It is important that you contact us regarding any correspondence you receive from us. If you do not pay your bill or work out a payment plan, we are required by law to take further collection actions.

### What If You Believe Your Bill is Wrong



**Caution**

If you believe your bill is wrong, let us know as soon as possible. Call the number on your bill, write to the IRS office that sent you the bill, call 1-800-829-1040 *(for 1040 filers)*, 1-800-829-4933 *(for business filers)*, 1-800-829-4059 */TDD*, or visit your local IRS office.

To help us correct the problem, gather a copy of the bill along with copies of any records, tax returns, and canceled checks, etc., that will help us understand why you believe your bill is wrong.

If you write to us, tell us why you believe your bill is wrong. With your letter, include copies of all the documents you gathered to explain your case. Please do not send original documents. If we find you are correct, we will adjust your account and, if necessary, send you a corrected bill.

## *Privacy Act Statement*

*The Privacy Act of 1974 says that when we ask you for information, we must first tell you our legal right to ask for the information, why we are asking for it, and how it will be used. We must also tell you what could happen if you do not provide it and whether or not you must respond under the law.*

*This notice applies to tax returns and any papers filed with them. It also applies to any questions we need to ask you so we can complete, correct, or process your return; figure your tax; and collect tax, interest, or penalties.*

*Our legal right to ask for information is found in Internal Revenue Code sections 6001, 6011, and 6012(a), and their regulations. They say that you must file a return or statement with us for any tax you are liable for. Your response is mandatory under these sections.*

*Code section 6109 and its regulations say that you must show your social security number or individual taxpayer identification number on what you file. You must also fill in all parts of the tax form that apply to you. This is so we know who you are, and can process your return and papers. You do not have to check the boxes for the Presidential Election Campaign Fund.*

*We ask for tax return information to carry out the U.S. tax laws. We need it to figure and collect the right amount of tax.*

*We may give the information to the Department of Justice and to other Federal agencies, as provided by law. We may also give it to cities, states, the District of Columbia, and U.S. Commonwealths or possessions to carry out their tax laws. And we may give it to certain foreign governments under tax treaties they have with the United States.*

*We may also disclose this information to Federal, state, or local agencies that investigate or respond to acts or threats of terrorism or participate in intelligence or counterintelligence activities concerning terrorism.*

*If you do not file a return, do not give us the information we ask for, or provide fraudulent information, the law says that we may have to charge you penalties and, in certain cases, subject you to criminal prosecution. We may also have to disallow the exemptions, exclusions, credits, deductions, or adjustments shown on your tax return. This could make your tax higher or delay any refund. Interest may also be charged.*

*Please keep this notice with your records. You may want to refer to it if we ask you for other information. If you have questions about the rules for filing and giving information, please call or visit any Internal Revenue Service office.*

CORRECTED REPORT

| | | |
|---|---|---|
| Substitute for Form 4549-A | Department of the Treasury - Internal Revenue Service<br>INCOME TAX EXAMINATION CHANGES | Page 1 of |
| | | Return Form No.<br>1120 |

**Name and Address of Taxpayer**
FRESENIUS NATIONAL MEDICAL CARE
HOLDINGS, INC. AFFILIATED GROUP
C/O ELYSE FILON,POA,W.R.GRACE & CO.
5400 BROKEN SOUND BLVD., NW
BOCA RATON          FL  33487

| | | |
|---|---|---|
| S.S. or E.I. Number | 13-3461988 | Filing Status  Corporat |
| Person With Whom Examination Changes Were Discussed | Name and Title<br>ELYSE NAPOLI FILON | |

| | Year: 199312 | Year: 199412 | Year: 199512 |
|---|---|---|---|
| 1. Adjustments to Income | | | |
| A. Total Adjustments (See FORM 4549-B)<br>B.<br>C.<br>D.<br>E.<br>F.<br>G. | (33,993,004.00) | (58,608,703.00) | 74,251,939.0 |
| 2. Total Adjustments | (33,993,004.00) | (58,608,703.00) | 74,251,939.00 |
| 3. Adjusted Gross or Taxable Income Shown on Return or as Previously Adjusted | 495,697,035.00 | 411,692,503.00 | 176,237,166.00 |
| 4. Corrected Adjusted Gross or Taxable Income | 461,704,031.00 | 353,083,800.00 | 250,489,105.00 |
| 5. Tax | 161,596,411.00 | 123,579,330.00 | 87,671,187.00 |
| 6. Alternative Tax, If Applicable | 0.00 | 0.00 | 0.00 |
| 7. Corrected Tax Liability (Lesser of line 5 or 6) | 161,596,411.00 | 123,579,330.00 | 87,671,187.00 |
| 8. Less          a. | | | |
| Credits   b. Total Credits (See attached schedule) | 127,463,894.00 | 40,924,339.00 | 51,855,546.00 |
| (Specify)  c. | | | |
| 9. Balance (Line 7 less total of lines 8a through 8c) | 34,132,517.00 | 82,654,991.00 | 35,815,641.00 |
| 10.          a. | | | |
| b. Other Taxes (See attached schedule) | 612,330.00 | 554,825.00 | 368,299.00 |
| Plus      c. | | | |
| 11. Total Corrected Income Tax Liability (Line 9 plus total of lines 10a through 10c) | 34,744,847.00 | 83,209,816.00 | 36,183,940.00 |
| 12. Total Tax Shown on Return or as Previously Adjusted | 18,203,706.00 | 41,582,196.00 | 17,859,740.00 |
| 13. Adjustment to:<br>A.<br>B. | | | |
| 14. Deficiency-Increase in Tax or (Overassessment-Decrease in Tax) (Line 11 adjusted by Line 12) | 16,541,141.00 | 41,627,620.00 | 18,324,200.00 |
| 15. Adjustments to Prepayment Credits | 0.00 | (86,748.00) | (493,213.00) |
| 16. Balance Due or (Overpayment) (Line 13 adjusted by Line 14)  Not Including Interest | 16,541,141.00 | 41,540,872.00 | 17,830,987.00 |
| 17. Penalties, If Any (See explanation) | 0.00 | 0.00 | 0.00 |

Other Information:

SEE ATTACHMENT FOR NOTICES AND OTHER INFORMATION  RE ADVANCE PAYMENTS, JOINT
COMMITTEE ON TAXATION, CLAIMS FOR REFUND, ETC.

THIS REPORT SUPERCEDES REPORT DATED  8-30-2002.

Examiner: *James F. Fierle*
James F. Fierle 65-02115

District: LMSB 1714

Date: 1-10-2005

Form CG-4549-A

| Substitute for Form 4549-A | Department of the Treasury - Internal Revenue Service<br>INCOME TAX EXAMINATION CHANGES | Page ___ of ___ |
|---|---|---|

Name and Address of Taxpayer
FRESENIUS NATIONAL MEDICAL CARE
HOLDINGS, INC. AFFILIATED GROUP
C/O ELYSE FILON, POA, W.R. GRACE & CO.
5400 BROKEN SOUND BLVD., NW
BOCA RATON          FL  33487

| Return Form No. 1120 |
|---|

| S.S. or B.I. Number | 13-3461988 | Filing Status  Corporat |
|---|---|---|

| Person With Whom Examination Changes Were Discussed | Name and Title<br>ELYSE NAPOLI FILON |
|---|---|

| | Year: 199612 | Year: | Year: |
|---|---|---|---|
| 1. Adjustments to Income | | | |
| A. Total Adjustments (See FORM 4549-B) | 28,637,328.00 | | |
| B. | | | |
| C. | | | |
| D. | | | |
| E. | | | |
| F. | | | |
| G. | | | |
| 2. Total Adjustments | 28,637,328.00 | | |
| 3. Adjusted Gross or Taxable Income Shown on Return or as Previously Adjusted | 402,923,595.00 | | |
| 4. Corrected Adjusted Gross or Taxable Income | 431,560,923.00 | | |
| 5. Tax | 151,046,323.00 | | |
| 6. Alternative Tax, If Applicable | 0.00 | | |
| 7. Corrected Tax Liability (Lesser of line 5 or 6) | 151,046,323.00 | | |
| 8. Less     a. | | | |
| Credits   b. Total Credits (See attached schedule) | 101,877,114.00 | | |
| (Specify)  c. | | | |
| 9. Balance (Line 7 less total of lines 8a through 8c) | 49,169,209.00 | | |
| 10.        a. | | | |
| b. Other Taxes (See attached schedule) | 0.00 | | |
| Plus     c. Modification(s) to Total Tax | 1,173,667.00 | | |
| 11. Total Corrected Income Tax Liability (Line 9 plus total of lines 10a through 10c) | 50,342,876.00 | | |
| 12. Total Tax Shown on Return or as Previously Adjusted | 35,221,281.00 | | |
| 13. Adjustment to:<br>A.<br>B. | | | |
| 14. Deficiency-Increase in Tax or (Overassessment-Decrease in Tax) (Line 11 adjusted by Line 12) | 15,121,595.00 | | |
| 15. Adjustments to Prepayment Credits | (181,026.00) | | |
| 16. Balance Due or (Overpayment) (Line 13 adjusted by Line 14)  Not Including Interest | 14,940,569.00 | | |
| 17. Penalties, If Any (See explanation) | 0.00 | | |

Other Information:


SEE ATTACHMENT FOR NOTICES AND OTHER INFORMATION


| Examiner:<br>   James F. Fierle 65-02115 | District: LMSB 1714 | Date: 01/07/2005 |
|---|---|---|

Form CG-4549-A

| Form **886-A**<br>(Rev. January 1994) | **EXPLANATION OF ITEMS** | | Schedule number or exhibit |
|---|---|---|---|
| Name of taxpayer<br>Fresenius National Medical Care Holdings, Inc. Affiliated Group | | Tax Identification Number<br>13-3461988 | Year/Period ended<br>1993 – 1996 |

Arrangement of Report

                                        Pages

      Form 4549-A                             1 – 2

      Other information                      4 – 10

      Forms 4549-B, by issue number         11 – 15

      Forms 4549-B, entity totals            16 – 17

      Forms 4549-B, by entity              18 – 33

      Other schedules/computations (Schedule D, Form 4797,<br>            Credits, Other taxes                 34 – 90

    Issues:  Forms 5701 and explanations            Arranged numerically

| Form **886-A**<br>(Rev. January 1994) | **EXPLANATION OF ITEMS** | | Schedule number or exhibit |
|---|---|---|---|
| Name of taxpayer<br>Fresenius National Medical Care Holdings, Inc. Affiliated Group | | Tax Identification Number<br>13-3461988 | Year/Period ended<br>1993 - 1996 |

## OTHER INFORMATION

### Advance Payments

In April 1999, taxpayer made corporate income tax payments in advance of the final IRS audit adjustments. The advance payments are not included in any of the amounts shown on page 1 of this report.

The advance payments are shown as credits due taxpayer in IRS transcripts of accounts for taxpayer. The amounts of the advance payments and the years to which they apply are shown below.

| | | |
|---|---|---|
| 1994 | | $12,000,000 |
| 1995 | | 9,000,000 |
| 1996 | | 15,000,000 |
| | Total | $36,000,000 |

### Line 12, Tax as Previously Adjusted

The amounts shown on Page 1, Line 12, Total Tax Shown on Return or as Previously Adjusted, are computed as follows:

| | 1993 | 1994 | 1995 | 1995 |
|---|---|---|---|---|
| Tax, per return | 25,407,336 | 67,488,305 | 17,859,740 | 48,828,532 |
| Refund, per F1139 [1996] | | (25,247,731) | | |
| Subtotal | 25,407,336 | 42,240,574 | 17,859,740 | 48,828,532 |
| Refund, per F1139 [1997] | | | | (13,607,251) |
| Refund, per F1139 [2001] | (7,203,630) | | | |
| Refund, per F1139 [2002] | | (658,378) | | |
| | 18,203,706 | 41,582,196 | 17,859,740 | 35,221,281 |

### Joint Committee on Taxation

As shown in the detail for Page 1, Line 12, above, taxpayer has received several refunds as a result of filing Forms 1139, Corporate Application for Tentative Refund. IRC §6405(b) provides that if any credit or refund made under IRC §6411, relating to tentative carryback and refund adjustments, reduced by any deficiency in such tax thereafter, is in excess of $2,000,000, shall be reported to the Joint Committee on Taxation.

This examination may be subject to review by the Joint Committee upon completion of the examination of the returns from which the tentative allowances originated. A Joint Committee review may require additional information and may require additional information and may result in additional assessments or refunds.

Form **886-A** (1-1994)    Catalog Number 20810W    publish.no.irs.gov    Department of the Treasury-Internal Revenue Service

| Form **886-A** (Rev. January 1994) | **EXPLANATION OF ITEMS** | Schedule number or exhibit |
|---|---|---|
| Name of taxpayer Fresenius National Medical Care Holdings, Inc. Affiliated Group | Tax Identification Number 13-3461988 | Year/Period ended 1993 - 1996 |

Claims for Refund

During the span of the IRS examination of taxpayer's 1993 – 1996 returns, in response to certain Information Documents Requests (IDRs) or otherwise, taxpayer raised affirmative issues, claiming entitlement to reductions in taxable income for items not shown on its returns as filed. These are commented on below:

1.     In June 1998, in response to IDR #116, taxpayer indicated that the gain on the sale of its partnership interest in Colowyo Coal Co., L.P. was overstated by $604,434 on the 1994 tax return. This claim has been found to be unallowable. See issue #146 for additional information.

2.     In April 1999, in response to IDR #209, taxpayer claimed that foreign tax credits should be increased by $7,373,594 in 1993 and by $2,706,507 in 1995. These credits have been found to be allowable, as acknowledged in issue #109. The allowance of these credits is included in the computation of the foreign tax credits in this report.

3.     In May 2000, in a revised response to IDR #233, taxpayer claimed entitlement to an additional net deduction of $539,913 in 1994 relating to severance payments that should have been currently deducted, as incurred, instead of being amortized over 15 years, as reported on the return. From information furnished in response to IDR #312, the amount paid in 1994 was shown to be $510,672. This amount, less the amortization deduction of $38,565 that was already claimed on the return, a net amount of $472,107, has been allowed. See issue #117 for additional information.

4.     In September 1999, in response to IDR #234, taxpayer claimed entitlement to an additional deduction of $434,581 for required contributions to an employee plan in 1993 that was not claimed on the return, and entitlement to an additional deduction $1,417,189 for SERP payments for 1994 that were not claimed on the return. In response to IDR #303, taxpayer reduced the amount of the claimed additional deduction to $406,470, which has been allowed in issue #122. Taxpayer withdrew its claim for the 1994 item in its response to IDR #304.

5.     In September 1999, in response to IDR #235, taxpayer claimed entitlement to an additional deduction of $880,000 (total for the two returns) for 1996 for a FAS #87 amount that was not deducted to an error made in computing certain Schedule M-1 amounts on the tax returns. This additional deduction has been allowed. See issue #122 for additional information.

6.     In June 2000, in response to IDR #244, taxpayer claimed entitlement to an additional deduction of $1,722,747 (total for the two returns) to correct an error made in computing the amount of "accrued extra compensation" on its 1996 returns. This claim has been found to be unallowable. See issue #150 for more information.

| Form **886-A**<br>(Rev. January 1994) | **EXPLANATION OF ITEMS** | | Schedule number or exhibit |
|---|---|---|---|
| Name of taxpayer<br>Fresenius National Medical Care Holdings, Inc. Affiliated Group | | Tax Identification Number<br>13-3461988 | Year/Period ended<br>1993 - 1996 |

7.    In June 1999, in response to IDR #262, taxpayer claimed entitlement to a reduction to taxable income for of $147,208 (total for the two returns), because it had overstated the amount of income flowing from Tarpon Investors L.P. In March 2000, in response to IDR #302, taxpayer claimed entitlement to a reduction in taxable income for 1996 of $276,457 (total for the two returns) relating to amount of income flowing from Tarpon Investor's L.P. In December 2000, in response to IDR #319, taxpayer clarified the conflict in the positions taken in its previous responses when it stated that the response to IDR #262 should be disregarded, and that the amount of overstated income, as claimed in its response to IDR #302, is $276,457. This claim, however, has been found to be unallowable. See issue #116 for additional information.

8.    In December 1999, in response to IDR #284, taxpayer claimed entitlement to an additional deduction of $789,888 (total for the two returns) for 1996. At December 31, 1995, taxpayer had a balance of "accrued" legal fees of approximately $7.5 million. From the IRS examination of this item, it was held that this amount was not properly deductible for tax purposes. The $789,888 amount now claimed by taxpayer represents payments and/or reversals, made in 1996, of a portion of the original $7.5 million amount disallowed for 1995. Under these circumstances, the additional deduction claimed for 1996 has been allowed. See issue #145 for more information.

9.    In March 2001, in response to IDR #289, taxpayer claimed entitlement to an additional deduction of $84,872 (total for the two returns) for 1996 re D/V reserves. At meetings in April 2002, taxpayer personnel stated to the IRS examining agent/team coordinator and team manager that they did not intend this IDR response to be considered to be a claim for refund. Accordingly, this "claim" is treated as having been withdrawn. A review of this item by an IRS examining agent/team member indicated that the amount "claimed" would not be allowable.

10.    In March 2001, in response to IDR #291, taxpayer claimed entitlement to an additional deduction of $103,338 for 1996 re environmental reserves. At meetings in April 2002, taxpayer personnel stated to the IRS examining agent/team coordinator and team manager that they did not intend this IDR response to be considered to be a claim for refund. Accordingly, this "claim" is treated as having been withdrawn. A review of this item by an IRS examining agent/team member indicated that the amount "claimed" would not be allowable.

11.    In March 2000, in response to IDR #293, taxpayer claimed entitlement to an additional deduction of $375,670 for 1995 relating to D/V reserves. Taxpayer later withdrew its claim for this item in January 2001, in its response IDR #315.

12.    In February 2001, in response to IDR #301, taxpayer claimed entitlement to additional deductions in 1995 of $3,253,277 relating to restructuring reserves of its Cryovac and Construction Products divisions. Taxpayer also claimed entitlement to an additional deduction in 1995 of $8,347,850 relating to environmental reserves. These claims have not been found to be allowable. See issues ##142 and 144 for more information.

13.    In a June 2002 memorandum, taxpayer claimed entitlement to a reduction of $11,761,307 in 1996 relating to a section 78 gross-up on a section 1248 dividend resulting from the sale of its Dearborn Canada unit.

| Form **886-A**<br>(Rev. January 1994) | EXPLANATION OF ITEMS | Schedule number or exhibit |
|---|---|---|
| Name of taxpayer<br>Fresenius National Medical Care Holdings, Inc. Affiliated Group | Tax Identification Number<br>13-3461988 | Year/Period ended<br>1993 - 1996 |

Taxpayer stated that this amount was reported twice on its tax returns. This claim has been found to be allowable. See issue #151 for more information.

14.    On August 15, 2002, in response to proposed issue #138, taxpayer submitted a memorandum to the IRS, dated July 18, 2002, claiming entitlement to a reduction in taxable income of $3.4 million in 1995 relating to the tax accounting for discounts on notes received from insurance companies for asbestos-related settlements. It was later discovered that the claimed amount had already been taken into account on the tax return, as filed. Consequently, on August 21, 2002, in a memorandum dated August 19, 2002, taxpayer withdrew its claim.

15.    A revenue agent's report (RAR) relating to the examination of taxpayer's returns for the 1993-1996 was prepared in August 2002. While these years were under the jurisdiction of the IRS Appeals office, taxpayer submitted information to protest some of the issues that had been raised in the RAR. Taxpayer also raised some affirmative claims. The case was returned to the IRS examiners in November 2003. While under the jurisdiction of the IRS examiners, taxpayer raised several more affirmative claims. In one such claim, identified as Exhibit 4 by taxpayer is its submission to Appeals, taxpayer raised several issues pertaining foreign tax credit matters. This claim will be discussed separately under next numbered item. All of the other claims, whether raised to Appeals, or to the IRS examiners after the case was returned from Appeals, are discussed in the explanations for issue #138 and issues #165-169.

16.    An affirmative claim, identified as Exhibit 4, relating to various foreign tax credit matters, was raised by taxpayer in its submission to the IRS Appeals office (see the discussion in the previous numbered item). The claim raises issues relating to the apportionment of certain expenses and to the impact of disallowed deductions relating to the exercise of stock option by foreign employees on the determination of section 78 gross-up dividends and deemed paid foreign taxes. These matters are discussed in issues #161 and #170.

In Exhibit 4, taxpayer also indicates that the IRS incorrectly applied separate return limitation year (SRLY) restrictions in determining the amount of foreign tax credit carrybacks from the 1996 return of the Sealed Air affiliated group, EIN 65-0654331, to the 1995 and 1996 returns of the Fresenius Medical Care Holdings affiliated group, EIN 13-3461988.

Some entities that were members of taxpayer's affiliated group from January 1 through September 28, 1996, were spun off and became members of another affiliated group for the period from September 29 through December 31, 1996. For the period included in the separate return, these entities paid or accrued foreign taxes of approximately $29 million, which were not deducted or used as credits on the separate return. Taxpayer included a carryback of approximately $14 million of these unused SRLY foreign taxes in the foreign tax credit computation on its 1996 return. The IRS examiners originally held that the SRLY limitations provided for in Reg. §1.1502-4(f) prevented the use of these credits. In July/August 2002, in its oral and computational responses, taxpayer claimed that the proper application of the SRLY provisions allows the carryback of the unused SRLY foreign taxes, not only to 1996, but to 1995 as well. The IRS examiners agree. The carryback of the unused taxes from the 1996 separate return have been allowed as credits totaling approximately $25,000,000 for taxpayer's 1995 and 1996 years, per issue #161.

| Form **886-A**<br>(Rev. January 1994) | **EXPLANATION OF ITEMS** | Schedule number or exhibit |
|---|---|---|
| Name of taxpayer<br>Fresenius National Medical Care Holdings, Inc. Affiliated Group | Tax Identification Number<br>13-3461988 | Year/Period ended<br>**1993 - 1996** |

     Taxpayer's current assertion that the IRS incorrectly applied SRLY restrictions comes after taxpayer, itself, applied such restrictions in its July/August 2002 presentations to the IRS examiners and in several Forms 1139, Corporate Application for Tentative Refund, that it prepared as recently as October 2003. In this report, we continue to hold, as taxpayer consistently did, that the SRLY principles do apply to amounts carried back from returns of the Sealed Air affiliated group, EIN 66-0654331, or the W. R. Grace affiliated group, EIN 65-0773649, to the Fresenius Medical Care Holding Affiliated group, EIN 13-3461988. For a further discussion of this matter, see the explanation for issue #159.


Environmental Tax

Taxpayer made some minor computational errors in determining the amounts of the environmental taxes on its 1994 and 1995 returns. As a result, the amounts of the environmental taxes were overstated by $1,745 and $2,400 for 1994 and 1995, respectively. Additionally, based upon the amounts reported in the 1993-1995 tax returns, the allowable deductions for the environmental taxes were incorrectly reported. In 1993, taxpayer did not claim any deduction for that year's $584,599 environmental tax. In 1994 and 1995, the deductions claimed were overstated by $28,565 and $258,964, respectively. See the schedule on the next page for calculations of these amounts.

The above-described items have been taken into account in determining the corrected amounts for the environmental taxes and the deductions for environmental taxes included in this report. See adjustment "AV ZZZ-9997 Environmental Tax Ded" on Form 4549-B. Also see Alternative Minimum Tax computations in this report for the calculation of the environmental tax.

Fresenius/W. R. Grace
Environmental Taxes & Deductions for Environmental Taxes
1993 - 1995

**Data entered into IRS tax computation program:**

| | 1993 | 1994 | 1995 |
|---|---|---|---|
| Environmental tax, per return | 584,599 | 518,759 | 262,436 |
| Environmental tax deduction, per return | 0 | 545,599 | 519,000 |

**Computation of "variances" due to errors in reporting _taxes_ per returns:**

| | 1993 Per return | 1993 As "corrected" | 1993 Variance | 1994 Per return | 1994 As "corrected" | 1994 Variance | 1995 Per return | 1995 As "corrected" | 1995 Variance |
|---|---|---|---|---|---|---|---|---|---|
| AMTI before AMT NOLD | 489,166,167 | 489,166,167 | | 432,299,201 | 432,299,201 | | 218,177,790 | 218,177,790 | |
| Add back environmental tax deduction | 0 | 0 | | 0 | 545,599 | | 0 | 519,000 | |
| Modified AMTI | 489,166,167 | 489,166,167 | | 432,299,201 | 432,844,800 | | 218,696,790 | 218,696,790 | |
| Less exemption | (2,000,000) | (2,000,000) | | (2,000,000) | (2,000,000) | | 0 | (2,000,000) | |
| Amount subject to environmental tax | 487,166,167 | 487,166,167 | | 432,299,201 | 430,844,800 | | 218,696,790 | 216,696,790 | |
| Environmental tax rate | 0.0012 | 0.0012 | | 0.0012 | 0.0012 | | 0.0012 | 0.0012 | |
| Environmental tax | 584,599 | 584,599 | 0 | 518,759 | 517,014 | (1,745) | 262,436 | 260,036 | (2,400) |

**Computation of adjustments to taxable income due to errors in reporting _deductions_ for environmental taxes per returns:**

| | 1993 Per return | 1993 As corrected | 1993 Adjustment, Increase (decrease) taxable Income | 1994 Per return | 1994 As corrected | 1994 Adjustment, Increase (decrease) taxable Income | 1995 Per return | 1995 As corrected | 1995 Adjustment, Increase (decrease) taxable Income |
|---|---|---|---|---|---|---|---|---|---|
| AMTI before AMT NOLD | 489,166,167 | | | 432,299,201 | | | 218,177,790 | | |
| Corrections: | | | | | | | | | |
| Allow deduction for correct environmental tax | | | (584,599) | | | (517,014) | | | (260,036) |
| Eliminate deduction claimed per return for environmental tax | | | 0 | | | 545,599 | | | 519,000 |
| AMTI before AMT NOLD, as corrected | 489,166,167 | 488,581,568 | (584,599) | 432,299,201 | 432,327,786 | 28,585 | 218,177,790 | 218,436,754 | 258,964 |
| Add back environmental tax deduction | 489,166,167 | 584,599 | | 432,299,201 | 517,014 | | 218,177,790 | 519,000 | |
| Modified AMTI | 489,166,167 | 489,166,167 | | 432,299,201 | 432,844,800 | | 218,696,790 | 218,696,790 | |
| Less exemption | (2,000,000) | (2,000,000) | | (2,000,000) | (2,000,000) | | 0 | (2,000,000) | |
| Amount subject to environmental tax | 487,166,167 | 487,166,167 | | 432,299,201 | 430,844,800 | | 218,696,790 | 216,696,790 | |
| Environmental tax rate | 0.0012 | 0.0012 | | 0.0012 | 0.0012 | | 0.0012 | 0.0012 | |
| Environmental tax | 584,599 | 584,599 | | 518,759 | 517,014 | | 262,436 | 260,036 | |

P. 9

TAXPAYER:  FRESENIUS NATIONAL MEDICAL CARE HOLDINGS, INC. AFFILIATED GROUP

TIN:    13-3461988

Page __10__ of _____

Tax Periods: 199312  199412  199512  199612

## OTHER INFORMATION

The Internal Revenue Service has agreements with State tax agencies under which information about Federal tax, including increases or decreases, is exchanged with the States.  If this change affects the amount of your State income tax, you should file the required State form.

You may be subject to backup withholding if you underreport your interest, dividend, or patronage dividend income and do not pay the required tax.  The IRS may order backup withholding at 20 percent after four notices have been issued to you over a 120-day period and the tax has been assessed and remains unpaid.

| Form 4549-B<br>(Rev. October 1976) | Department of the Treasury - Internal Revenue Service<br>INCOME TAX EXAMINATION CHANGES | Page II of ____<br>Return Form No.<br>1120 |
|---|---|---|

Name and Address of Taxpayer
FRESENIUS NATIONAL MEDICAL CARE
HOLDINGS, INC. AFFILIATED GROUP
C/O ELYSE FILON, POA, W.R. GRACE & CO.
5400 BROKEN SOUND BLVD., NW
BOCA RATON        FL    33487

Social Security or
Employer Identification Number

13-3461988

| Adjustments to Income - ISSUE NUMBER | Year: 199312 | Year: 199412 | Year: 199512 |
|---|---|---|---|
| A. 001-0001 DEPRECIATION | 61,755.00 | 33,624.00 | 6,138.00 |
| B. 002-0002 AMORTIZATION | 285,117.00 | 159,770.00 | (7,143.00) |
| C. 003-0003 AMORTIZATION | 96,264.00 | 75,152.00 | 9,537.00 |
| D. 004-0004 AMORTIZATION | (21,145.00) | (21,145.00) | (21,145.00) |
| E. 005-0005 AMORTIZATION CIRKSENA "K" | (5,750,526.00) | (5,750,526.00) | |
| F.    -0006 OTHER DEDUCTIONS | 389,417.00 | 415,497.00 | 362,127.00 |
| G.    -0007 DEPRECIATION | (149,360.00) | (149,360.00) | (149,360.00) |
| H.    -0008 AMORTIZATION | | 23,905.00 | 40,980.00 |
| I.    -0009 AMORTIZATION | 113,402.00 | 170,104.00 | 170,104.00 |
| J.    -0010 AMORTIZATION | 19,637.00 | 47,130.00 | 47,130.00 |
| K.    -0011 AMORTIZATION | 15,210.00 | 36,505.00 | 36,505.00 |
| L.    -0012 SALES | 179,146.00 | 303,395.00 | |
| M.    -0013 SALES | | | |
| N.    -0015 SALES | 77,551.00 | | 284,121.00 |
|       ALL OTHER INCOME | | | |
| O.    -0027 SALES | | | 747,389.00 |
| P.    -0029 OTHER EXPENSES-INSURANCE | (227,500.00) | | |
| Q.    -0030 BAD DEBTS | (162,000.00) | | |
| R.    -0032 OTHER DEDUCTIONS-BRIBES & KICKBACKS | 653,189.00 | 505,744.00 | 182,674.00 |
| S.    -0105 ROYALTY INCOME | 3,753,675.00 | 3,776,570.00 | 4,892,490.00 |
|       PASSIVE | | | |
| T.    -0108 MISCELLANEOUS | 293,698.00 | 293,698.00 | 293,698.00 |
| U.    -0109 DIVIDEND INCOME | 7,373,594.00 | | 12,081,849.00 |
|       PASSIVE | | | |
| V.    -0110 OTHER CURRENT LIABILITIES | | 986,000.00 | 4,818,000.00 |
| W.    -0115 INVENTORIES | (259,690.00) | (927,888.00) | |
| X.    -0117 RECONCILING SCHEDULE M-SEVERANCE PAYMENTS | | (539,913.00) | 30,396.00 |
| Y.    -0119 COST OF SALES-ROLL FORWARD OF PRIOR ISSUES | 11,409,627.00 | (547,019.00) | 5,556,800.00 |
| Z.    -0120 INVENTORIES | 3,318,206.00 | 2,324,965.00 | 216,648.00 |
| TOTAL ADJUSTMENTS | 21,469,267.00 | 1,216,208.00 | 29,598,938.00 |

Form CG-4549-B

| Form 4549-B<br>(Rev. October 1976) | Department of the Treasury - Internal Revenue Service<br>INCOME TAX EXAMINATION CHANGES | Page 12 of ____ |
|---|---|---|
| | | Return Form No.<br>1120 |

**Name and Address of Taxpayer**
FRESENIUS NATIONAL MEDICAL CARE
HOLDINGS, INC. AFFILIATED GROUP
C/O ELYSE FILON,POA,W.R.GRACE & CO.
5400 BROKEN SOUND BLVD., NW
BOCA RATON        FL · 33487

Social Security or
Employer Identification Number

13-3461988

Adjustments to Income - ISSUE NUMBER

| | | Year: 199312 | Year: 199412 | Year: 199512 |
|---|---|---:|---:|---:|
| | TOTAL ADJUSTMENTS FROM PREVIOUS PAGE | 21,469,267.00 | 1,216,208.00 | 29,598,938.00 |
| AA. | -0121 RECONCILING SCHEDULE M-RESTR RSRV-PENALTY | | | |
| AB. | -0122 PENSION, PROFIT SHARING | | | 408,000.00 |
| AC. | -0123 SALES OF PROPERTY-FOREIGN CURRENCY TRNSACTN | (406,470.00) | | |
| AD. | -0125 OTHER INCOME-SWAPS | | (721,000.00) | |
| AE. | -0127 INTEREST | (2,121,500.00) | (96,000.00) | (748,000.00) |
| AF. | -0128 INTEREST INCOME | 1,658,667.00 | 2,677,492.00 | (164,596.00) |
| AG. | -0129 INTEREST | 177,797.00 | 231,950.00 | 160,282.00 |
| AH. | -0130 RECONCILING SCHEDULE M-STOCK OPTIONS | 30,781,976.00 | 26,954,034.00 | 32,836,273.00 |
| AI. | -0132 RECONCILING SCHEDULE M-STOCK AWARDS | 1,250,599.00 | 1,144,178.00 | |
| AJ. | -0133 RECONCILING SCHEDULE M-STOCK AWARDS | | 55,300.00 | |
| AK. | -0136 RECONCILING SCHEDULE M-ENVIRONMENTAL RESERV | | | 74,113.00 |
| AL. | -0137 RECONCILING SCHEDULE M-RESTRUCTURE RESERVE | | | 2,083,449.00 |
| AM. | -0138 RECONCILING SCHEDULE M-ASBESTOS RESERVE | | | 0.00 |
| AN. | -0141 RECONCILING SCHEDULE M-DEARBORN INSTAL. SAL | 1,094,059.00 | 42,590.00 | (2,636,531.00) |
| AO. | -0142 RECONCILING SCHEDULE M-RESTRUCTURE RSRV CLA | | | 253,000.00 |
| AP. | -0143 INTEREST INCOME<br>PASSIVE | | | 0.00 |
| AQ. | -0144 RECONCILING SCHEDULE M-ENVIRON. RSRV.-CLAIM | 270,483.00 | 270,449.00 | 325,386.00 |
| AR. | -0145 PROFESSIONAL FEES AND SERVICES, ACCRUAL | | | 0.00 |
| AS. | -0147 PROFESSIONAL FEES AND SERVICES-LOBBYING/POL | | | 7,525,805.00 |
| AT. | -0153 CAPITAL STOCK EXPENSES-DIV REINVEST PLAN | | | 105,373.00 |
| AU. | -0154 ENTERTAINMENT EXPENSES | 97,000.00 | 75,000.00 | 33,333.00 |
| AV. | -0159 NOL DEDUCTION, C/B FROM 1996 SEALED AIR RTR | | | 202,775.00 |
| AW. | -0163 COST OF SALES-POLYFIBRON LIFO CLAIM | | (58,363,306.00) | (1,031,874.00) |
| AX. | -0167 OTHER INCOME | | (2,008,321.00) | (32,819.00) |
| AY. | -0168 RENTAL INCOME-GRACE PLAZA | (2,520,000.00) | | |
| AZ. | -0170 DIVIDEND INCOME-SEC 78 G-U, STK OPTIONS | (20,047,496.00) | 776,200.00 | 5,035,075.00 |
| | ALL OTHER INCOME | | | 73,256.00 |
| | TOTAL ADJUSTMENTS | 31,704,382.00 | (27,745,226.00) | 74,101,238.00 |

Form CG-4549-B

Page 13 of ____

| Form 4549-B (Rev. October 1976) | Department of the Treasury - Internal Revenue Service INCOME TAX EXAMINATION CHANGES | Return Form No. 1120 |
|---|---|---|

| Name and Address of Taxpayer FRESENIUS NATIONAL MEDICAL CARE HOLDINGS, INC. AFFILIATED GROUP C/O ELYSE FILON, POA, W.R.GRACE & CO. 5400 BROKEN SOUND BLVD., NW BOCA RATON     FL    33487 | Social Security or Employer Identification Number 13-3461988 |
|---|---|

| Adjustments to Income - ISSUE NUMBER | Year: 199312 | Year: 199412 | Year: 199512 |
|---|---|---|---|
| TOTAL ADJUSTMENTS FROM PREVIOUS PAGE | 31,704,382.00 | (27,745,226.00) | 74,101,238.00 |
| BA.    -0171 TENTATIVE ALLOWANCES, C/B FROM 2001 | (61,693,635.00) | | |
| BB.    -0172 TENTATIVE ALLOWANCES, C/B FROM 2002 | | (31,502,335.00) | |
| BC. ZZZ-9997 ENVIRONMENTAL TAX DED | (612,330.00) | (9,226.00) | 150,701.00 |
| BD. See Supporting Schedules for the following: | | | |
| BE. SALE OF PROPERTY - SCH. D | (3,391,421.00) | (2,444,318.00) | 0.00 |
| BF. SALE OF PROPERTY - FORM 4797 | 0.00 | 2,630,402.00 | 0.00 |
| BG. CONTRIBUTIONS | 0.00 | 462,000.00 | 0.00 |
| BH. | | | |
| BI. | | | |
| BJ. | | | |
| BK. | | | |
| BL. | | | |
| EM. | | | |
| BN. | | | |
| BO. | | | |
| BP. | | | |
| BQ. | | | |
| BR. | | | |
| BS. | | | |
| BT. | | | |
| BU. | | | |
| BV. | | | |
| BW. | | | |
| BX. | | | |
| BY. | | | |
| BZ. | | | |
| TOTAL ADJUSTMENTS | (33,993,004.00) | (58,608,703.00) | 74,251,939.00 |

Form CG-4549-B

| Form 4549-B (Rev. October 1976) | Department of the Treasury - Internal Revenue Service INCOME TAX EXAMINATION CHANGES | Page 14 of |
|---|---|---|
| | | Return Form No. 1120 |

Name and Address of Taxpayer
FRESENIUS NATIONAL MEDICAL CARE
HOLDINGS, INC. AFFILIATED GROUP
C/O ELYSE PILON, POA, W.R. GRACE & CO.
5400 BROKEN SOUND BLVD., NW
BOCA RATON            FL    33487

Social Security or
Employer Identification Number

13-3461988

Adjustments to Income - ISSUE NUMBER

| | Year: 199612 | Year: | Year: |
|---|---|---|---|
| A. 001-0001 DEPRECIATION | 6,138.00 | | |
| B. 002-0002 AMORTIZATION | (5,142.00) | | |
| C. 003-0003 AMORTIZATION | 326.00 | | |
| D. 004-0004 AMORTIZATION | (21,145.00) | | |
| E. -0006 OTHER DEDUCTIONS . | 323,914.00 | | |
| F. -0007 DEPRECIATION | (149,360.00) | | |
| G. -0008 AMORTIZATION | 40,980.00 | | |
| H. -0009 AMORTIZATION | 170,104.00 | | |
| I. -0010 AMORTIZATION | 47,130.00 | | |
| J. -0011 AMORTIZATION | 36,505.00 | | |
| K. -0013 SALES | 231,470.00 | | |
| L. -0027 SALES | 1,110,205.00 | | |
| M. -0032 OTHER DEDUCTIONS-BRIBES & KICKBACKS | 55,843.00 | | |
| N. -0105 ROYALTY INCOME PASSIVE | 4,115,917.00 | | |
| O. -0107 SALARIES AND WAGES | 26,010,929.00 | | |
| P. -0112 RECONCILING SCHEDULE M-RETRUCTURING RESERVE | 1,114,755.00 | | |
| Q. -0116 OTHER INCOME | (966,185.00) | | |
| R. -0116 OTHER INCOME ALL OTHER INCOME | 896,530.00 | | |
| S. -0116 OTHER INCOME ALL OTHER INCOME | 129,249.00 | | |
| T. -0117 RECONCILING SCHEDULE M-SEVERANCE PAYMENTS | (140,264.00) | | |
| U. -0119 COST OF SALES-ROLL FORWARD OF PRIOR ISSUES | (4,196,336.00) | | |
| V. -0120 INVENTORIES | (1,789,843.00) | | |
| W. -0122 PENSION, PROFIT SHARING | (653,989.00) | | |
| X. -0126 RECONCILING SCHEDULE M-UNSUBSTANTIATED SWAP | 952,383.00 | | |
| Y. -0127 INTEREST | 4,187,357.00 | | |
| Z. -0128 INTEREST INCOME | 344,253.00 | | |
| TOTAL ADJUSTMENTS | 31,851,724.00 | 0.00 | 0.00 |

Form CG-4549-B

| Form 4549-B<br>(Rev. October 1976) | Department of the Treasury - Internal Revenue Service<br>INCOME TAX EXAMINATION CHANGES | Page 15 of ___ |
|---|---|---|
| | | Return Form No.<br>1120 |

| Name and Address of Taxpayer<br>FRESENIUS NATIONAL MEDICAL CARE<br>HOLDINGS, INC. AFFILIATED GROUP<br>C/O ELYSE PILON, POA, W.R.GRACE & CO.<br>5400 BROKEN SOUND BLVD., NW<br>BOCA RATON          FL    33487 | Social Security or<br>Employer Identification Number<br><br>13-3461988 |
|---|---|

| Adjustments to Income - ISSUE NUMBER | Year: 199612 | Year: | Year: |
|---|---|---|---|
| TOTAL ADJUSTMENTS FROM PREVIOUS PAGE | 31,851,724.00 | 0.00 | 0.00 |
| AA.   -0129 INTEREST | 19,291,369.00 | | |
| AB.   -0131 RECONCILING SCHEDULE M-STOCK OPTIONS | 3,809,301.00 | | |
| AC.   -0134 RECONCILING SCHEDULE M-STOCK OPTIONS | 10,654.00 | | |
| AD.   -0135 RECONCILING SCHEDULE M-DEFERRED COMPENSATIO | 109,154.00 | | |
| AE.   -0136 RECONCILING SCHEDULE M-ENVIRONMENTAL RESERV | (1,283,682.00) | | |
| AF.   -0138 RECONCILING SCHEDULE M-ASBESTOS RESERVE | 412,734.00 | | |
| AG.   -0139 RECONCILING SCHEDULE M-BARTER CREDITS | 2,942,951.00 | | |
| AH.   -0140 RECONCILING SCHEDULE M-FINES & PENALTIES | 314,467.00 | | |
| AI.   -0143 INTEREST INCOME<br>         PASSIVE | 143,914.00 | | |
| AJ.   -0145 PROFESSIONAL FEES AND SERVICES, ACCRUAL | (1,529,864.00) | | |
| AK.   -0147 PROFESSIONAL FEES AND SERVICES-LOBBYING/POL | 153,457.00 | | |
| AL.   -0148 OTHER EXPENSES-RESTRUCTURING EXP-DBL DEDUCTI | 0.00 | | |
| AM.   -0150 RECONCILING SCHEDULE M-ACC'D EXTRA COMP. | 1,352,568.00 | | |
| AN.   -0151 DIVIDEND INCOME-SEC. 78 GROSS-UP [CLAIM]<br>         PASSIVE | (11,761,307.00) | | |
| AO.   -0153 CAPITAL STOCK EXPENSES-DIV REINVEST PLAN | 18,579.00 | | |
| AP.   -0154 ENTERTAINMENT EXPENSES | 22,895.00 | | |
| AQ.   -0159 NOL DEDUCTION, C/B FROM 1996 SEALED AIR RTR | (890,098.00) | | |
| AR.   -0165 INTEREST INCOME-IRS INTEREST | (12,831,283.00) | | |
| AS.   -0166 INTEREST INCOME/EXPENSE | (8,460,240.00) | | |
| AT.   -0169 RENTAL INCOME-GRACE PLAZA | 1,601,320.00 | | |
| AU.   -0170 DIVIDEND INCOME-SEC 78 G-U, STK OPTIONS<br>         ALL OTHER INCOME | 16,014.00 | | |
| AV. See Supporting Schedules for the following: | | | |
| AW. SALE OF PROPERTY - SCH. D | 3,348,887.00 | | |
| AX. CONTRIBUTIONS | (6,186.00) | | |
| AY. | | | |
| AZ. | | | |
| TOTAL ADJUSTMENTS | 28,637,328.00 | 0.00 | 0.00 |

Form CG-4549-B

| Form 4549-B<br>(Rev. October 1976) | Department of the Treasury - Internal Revenue Service<br>INCOME TAX EXAMINATION CHANGES | Page 16 of _____<br>Return Form No.<br>1120 |
|---|---|---|

| Name and Address of Taxpayer | Social Security or |
|---|---|
| FRESENIUS NATIONAL MEDICAL CARE<br>HOLDINGS, INC. AFFILIATED GROUP<br>C/O ELYSE FILON, POA, W.R. GRACE & CO.<br>5400 BROKEN SOUND BLVD., NW<br>BOCA RATON       FL   33487 | Employer Identification Number<br><br>13-3461988 |

| Adjustments to Income - ENTITY TOTAL | | Year: 199312 | Year: 199412 | Year: 199512 |
|---|---|---|---|---|
| A. FRESENIUS NATIONAL MEDICAL CARE<br>HOLDINGS, INC. AFFILIATED GROUP | 000001 | 13,472,902.00 | 32,335,672.00 | 38,608,409.00 |
| B. W.R. GRACE & CO.--CONN. | 000002 | (51,339,096.00) | (86,224,334.00) | 23,528,122.00 |
| C. W.R. GRACE & CO.--CONN.<br>CONSTRUCTION PRODUCTS DIVISION | 000029 | 0.00 | (539,913.00) | 30,396.00 |
| D. W.R. GRACE & CO.--CONN.<br>CRYOVAC DIVISION | 000030 | 11,409,627.00 | (547,019.00) | 5,556,800.00 |
| E. W.R. GRACE & CO.--CONN.<br>DAVISON CHEMICAL DIVSION | 000032 | 3,058,516.00 | 1,397,077.00 | 216,648.00 |
| F. W.R. GRACE & CO.--CONN.<br>POLYFIBRON DIVSION | 000041 | 0.00 | (2,008,321.00) | (32,819.00) |
| G. NATIONAL MEDICAL CARE | 000390 | (4,683,532.00) | (4,655,949.00) | 1,526,383.00 |
| H. GRACE EUROPE, INC.--<br>LAUSANNE (SWISS BRANCH) | 000409 | 0.00 | 986,000.00 | 4,818,000.00 |
| I. GRACE TARPON INVESTORS | 000462 | 0.00 | 0.00 | 0.00 |
| J. GRACE INTERNATIONAL HOLDINGS, INC.<br>FKA DEARBORN INTERNATIONAL HOLDINGS | 000543 | 0.00 | 0.00 | 0.00 |
| K. HOMCO INTERNATIONAL, INC. | 000631 | (2,520,000.00) | 0.00 | 0.00 |
| L. See Supporting Schedules for the following: | | | | |
| M. SALE OF PROPERTY - SCH. D | | (3,391,421.00) | (2,444,318.00) | |
| N. SALE OF PROPERTY - FORM 4797 | | 0.00 | 2,630,402.00 | 0.00 |
| O. CONTRIBUTIONS | | 0.00 | 462,000.00 | 0.00 |
| P. | | | | 0.00 |
| Q. | | | | |
| R. | | | | |
| S. | | | | |
| T. | | | | |
| U. | | | | |
| V. | | | | |
| W. | | | | |
| X. | | | | |
| Y. | | | | |
| Z. | | | | |
| TOTAL ADJUSTMENTS | | (33,993,004.00) | (58,608,703.00) | 74,251,939.00 |

| Form 4549-B<br>(Rev. October 1976) | Department of the Treasury - Internal Revenue Service<br>INCOME TAX EXAMINATION CHANGES | Page 17 of ____<br>Return Form No.<br>1120 |
|---|---|---|

Name and Address of Taxpayer
FRESENIUS NATIONAL MEDICAL CARE
HOLDINGS, INC. AFFILIATED GROUP
C/O ELYSE FILON, POA, W.R.GRACE & CO.
5400 BROKEN SOUND BLVD., NW
BOCA RATON        FL    33487

Social Security or
Employer Identification Number

13-3461988

| Adjustments to Income - ENTITY TOTAL | | Year: 199612 | Year: | Year: |
|---|---|---|---|---|
| A. FRESENIUS NATIONAL MEDICAL CARE<br>HOLDINGS, INC. AFFILIATED GROUP | 000001 | 12,117,515.00 | | |
| B. W.R. GRACE & CO.--CONN. | 000002 | 15,980,460.00 | | |
| C. W.R. GRACE & CO.--CONN.<br>CONSTRUCTION PRODUCTS DIVISION | 000029 | (140,264.00) | | |
| D. W.R. GRACE & CO.--CONN.<br>CRYOVAC DIVISION | 000030 | (4,196,336.00) | | |
| E. W.R. GRACE & CO.--CONN.<br>DAVISON CHEMICAL DIVSION | 000032 | (437,275.00) | | |
| F. NATIONAL MEDICAL CARE | 000390 | 1,910,933.00 | | |
| G. GRACE TARPON INVESTORS | 000462 | 59,594.00 | | |
| H. See Supporting Schedules for the following: | | | | |
| I. SALE OF PROPERTY - SCH. D | | 3,348,887.00 | | |
| J. CONTRIBUTIONS | | (6,186.00) | | |
| K. | | | | |
| L. | | | | |
| M. | | | | |
| N. | | | | |
| O. | | | | |
| P. | | | | |
| Q. | | | | |
| R. | | | | |
| S. | | | | |
| T. | | | | |
| U. | | | | |
| V. | | | | |
| W. | | | | |
| X. | | | | |
| Y. | | | | |
| Z. | | | | |
| TOTAL ADJUSTMENTS | | 28,637,328.00 | 0.00 | 0.00 |

Form CG-4549-B

| Form 4549-B<br>(Rev. October 1976) | Department of the Treasury - Internal Revenue Service<br>INCOME TAX EXAMINATION CHANGES | Page **18** of _____<br><br>Return Form No.<br>1120 |

Name and Address of Taxpayer
FRESENIUS NATIONAL MEDICAL CARE
HOLDINGS, INC. AFFILIATED GROUP
C/O ELYSE FILON, POA, W.R.GRACE & CO.
5400 BROKEN SOUND BLVD., NW
BOCA RATON        FL    33487

Social Security or
Employer Identification Number

13-3461988

Adjustments to Income - ENTITY DETAIL

| | | Year: 199312 | Year: 199412 | Year: 199512 |
|---|---|---|---|---|
| FRESENIUS NATIONAL MEDICAL CARE<br>HOLDINGS, INC. AFFILIATED GROUP | 000001 | | | |
| A. OTHER EXPENSES-INSURANCE | -0029 | (227,500.00) | | |
| B. BAD DEBTS | -0030 | (162,000.00) | | |
| C. OTHER DEDUCTIONS-BRIBES & KICKBACKS | -0032 | 653,189.00 | 505,744.00 | 182,674.00 |
| D. RECONCILING SCHEDULE M-RESTR RSRV-PENALTY | -0121 | | | 408,000.00 |
| E. INTEREST | -0127 | 1,658,667.00 | 2,677,492.00 | (164,596.00) |
| F. INTEREST INCOME | -0128 | 177,797.00 | 231,950.00 | 160,282.00 |
| G. INTEREST | -0129 | 30,781,976.00 | 26,954,034.00 | 32,836,273.00 |
| H. RECONCILING SCHEDULE M-STOCK OPTIONS | -0130 | 1,250,599.00 | 1,144,178.00 | |
| I. RECONCILING SCHEDULE M-STOCK AWARDS | -0132 | | 55,300.00 | |
| J. RENTAL INCOME-GRACE PLAZA | -0168 | (20,047,496.00) | 776,200.00 | 5,035,075.00 |
| K. ENVIRONMENTAL TAX DED | ZZZ-9997 | (612,330.00) | (9,226.00) | 150,701.00 |
| L. | | | | |
| M. | | | | |
| N. | | | | |
| O. | | | | |
| P. | | | | |
| Q. | | | | |
| R. | | | | |
| S. | | | | |
| T. | | | | |
| U. | | | | |
| V. | | | | |
| W. | | | | |
| X. | | | | |
| Y. | | | | |
| Z. | | | | |
| TOTAL ADJUSTMENTS | | 13,472,902.00 | 32,335,672.00 | 38,608,409.00 |

Form CG-4549-B

| Form 4549-B (Rev. October 1976) | Department of the Treasury - Internal Revenue Service INCOME TAX EXAMINATION CHANGES | Page 19 of |
|---|---|---|
| | | Return Form No. 1120 |

Name and Address of Taxpayer

FRESENIUS NATIONAL MEDICAL CARE
HOLDINGS, INC. AFFILIATED GROUP
C/O ELYSE PILON,POA,W.R.GRACE & CO.
5400 BROKEN SOUND BLVD., NW
BOCA RATON          FL    33487

Social Security or
Employer Identification Number

13-3461988

Adjustments to Income - ENTITY DETAIL

| | | Year: 199612 | Year: | Year: |
|---|---|---|---|---|
| FRESENIUS NATIONAL MEDICAL CARE HOLDINGS, INC. AFFILIATED GROUP | 000001 | | | |
| A. OTHER DEDUCTIONS-BRIBES & KICKBACKS | -0032 | 55,843.00 | | |
| B. INTEREST | -0127 | 4,187,357.00 | | |
| C. INTEREST INCOME | -0128 | 344,253.00 | | |
| D. INTEREST | -0129 | 19,291,369.00 | | |
| E. DIVIDEND INCOME-SEC. 78 GROSS-UP [CLAIM] | -0151 | (11,761,307.00) | | |
| F. | | | | |
| G. | | | | |
| H. | | | | |
| I. | | | | |
| J. | | | | |
| K. | | | | |
| L. | | | | |
| M. | | | | |
| N. | | | | |
| O. | | | | |
| P. | | | | |
| Q. | | | | |
| R. | | | | |
| S. | | | | |
| T. | | | | |
| U. | | | | |
| V. | | | | |
| W. | | | | |
| X. | | | | |
| Y. | | | | |
| Z. | | | | |
| TOTAL ADJUSTMENTS | | 12,117,515.00 | 0.00 | 0.00 |

Form CG-4549-B

Page **20** of _____

| Form 4549-B<br>(Rev. October 1976) | Department of the Treasury – Internal Revenue Service<br>INCOME TAX EXAMINATION CHANGES | Return Form No.<br>1120 |
|---|---|---|

Name and Address of Taxpayer
FRESENIUS NATIONAL MEDICAL CARE
HOLDINGS, INC. AFFILIATED GROUP
C/O ELYSE PILON,POA,W.R.GRACE & CO.
5400 BROKEN SOUND BLVD., NW
BOCA RATON        FL   33487

Social Security or
Employer Identification Number

13-3461988

| Adjustments to Income - ENTITY DETAIL | | Year: 199312 | Year: 199412 | Year: 199512 |
|---|---|---|---|---|
| W.R. GRACE & CO.--CONN. | 000002 | | | |
| A. ROYALTY INCOME | -0105 | 3,753,675.00 | 3,776,570.00 | 4,892,490.00 |
| B. MISCELLANEOUS | -0108 | 293,698.00 | 293,698.00 | 293,698.00 |
| C. DIVIDEND INCOME | -0109 | 7,373,594.00 | | 12,081,849.00 |
| D. PENSION, PROFIT SHARING | -0122 | (406,470.00) | | |
| E. SALES OF PROPERTY-FOREIGN CURRENCY TRNSACTN | -0123 | | (721,000.00) | |
| F. OTHER INCOME-SWAPS | -0125 | (2,121,500.00) | (96,000.00) | (748,000.00) |
| G. RECONCILING SCHEDULE M-STOCK AWARDS | -0133 | | | 74,113.00 |
| H. RECONCILING SCHEDULE M-ENVIRONMENTAL RESERV | -0136 | | | 2,083,449.00 |
| I. RECONCILING SCHEDULE M-RESTRUCTURE RESERVE | -0137 | | | 0.00 |
| J. RECONCILING SCHEDULE M-ASBESTOS RESERVE | -0138 | 1,094,059.00 | 42,590.00 | (2,636,531.00) |
| K. RECONCILING SCHEDULE M-DEARBORN INSTAL. SAL | -0141 | | | 253,000.00 |
| L. INTEREST INCOME | -0143 | 270,483.00 | 270,449.00 | 325,386.00 |
| M. RECONCILING SCHEDULE M-ENVIRON. RSRV.-CLAIM | -0144 | | | 0.00 |
| N. PROFESSIONAL FEES AND SERVICES, ACCRUAL | -0145 | | | 7,525,805.00 |
| O. PROFESSIONAL FEES AND SERVICES-LOBBYING/POL | -0147 | | | 105,373.00 |
| P. CAPITAL STOCK EXPENSES-DIV REINVEST PLAN | -0153 | 97,000.00 | 75,000.00 | 33,333.00 |
| Q. ENTERTAINMENT EXPENSES | -0154 | | | 202,775.00 |
| R. NOL DEDUCTION, C/B FROM 1996 SEALED AIR RTR | -0159 | | (58,363,306.00) | (1,031,874.00) |
| S. DIVIDEND INCOME-SEC 78 G-U, STK OPTIONS | -0170 | | | 73,256.00 |
| T. TENTATIVE ALLOWANCES, C/B FROM 2001 | -0171 | (61,693,635.00) | | |
| U. TENTATIVE ALLOWANCES, C/B FROM 2002 | -0172 | | (31,502,335.00) | |
| V. | | | | |
| W. | | | | |
| X. | | | | |
| Y. | | | | |
| Z. | | | | |
| TOTAL ADJUSTMENTS | | (51,339,096.00) | (86,224,334.00) | 23,528,122.00 |

Form CG-4549-B

| Form 4549-B (Rev. October 1976) | Department of the Treasury - Internal Revenue Service INCOME TAX EXAMINATION CHANGES | Page 21 of ___ Return Form No. 1120 |
|---|---|---|

**Name and Address of Taxpayer**
FRESENIUS NATIONAL MEDICAL CARE
HOLDINGS, INC. AFFILIATED GROUP
C/O ELYSE FILON, POA, W.R. GRACE & CO.
5400 BROKEN SOUND BLVD., NW
BOCA RATON          FL    33487

**Social Security or Employer Identification Number**

13-3461988

Adjustments to Income - ENTITY DETAIL

| W.R. GRACE & CO.--CONN. | | Year: 199612 | Year: | Year: |
|---|---|---|---|---|
| | 000002 | | | |
| A. ROYALTY INCOME | -0105 | 4,115,917.00 | | |
| B. SALARIES AND WAGES | -0107 | 26,010,929.00 | | |
| C. RECONCILING SCHEDULE M-RETRUCTURING RESERVE | -0112 | 1,114,755.00 | | |
| D. PENSION, PROFIT SHARING | -0122 | (653,989.00) | | |
| E. RECONCILING SCHEDULE M-UNSUBSTANTIATED SWAP | -0126 | 952,383.00 | | |
| F. RECONCILING SCHEDULE M-STOCK OPTIONS | -0131 | 3,809,301.00 | | |
| G. RECONCILING SCHEDULE M-ENVIRONMENTAL RESERV | -0136 | (1,283,682.00) | | |
| H. RECONCILING SCHEDULE M-ASBESTOS RESERVE | -0138 | 412,734.00 | | |
| I. RECONCILING SCHEDULE M-BARTER CREDITS | -0139 | 2,942,951.00 | | |
| J. RECONCILING SCHEDULE M-FINES & PENALTIES | -0140 | 314,467.00 | | |
| K. INTEREST INCOME | -0143 | 143,914.00 | | |
| L. PROFESSIONAL FEES AND SERVICES, ACCRUAL | -0145 | (1,529,864.00) | | |
| M. PROFESSIONAL FEES AND SERVICES-LOBBYING/POL | -0147 | 153,457.00 | | |
| N. CAPITAL STOCK EXPENSES-DIV REINVEST PLAN | -0153 | 18,579.00 | | |
| O. ENTERTAINMENT EXPENSES | -0154 | 22,895.00 | | |
| P. NOL DEDUCTION, C/B FROM 1996 SEALED AIR RTR | -0159 | (890,098.00) | | |
| Q. INTEREST INCOME-IRS INTEREST | -0165 | (12,831,283.00) | | |
| R. INTEREST INCOME/EXPENSE | -0166 | (8,460,240.00) | | |
| S. RENTAL INCOME-GRACE PLAZA | -0169 | 1,601,320.00 | | |
| T. DIVIDEND INCOME-SEC 78 G-U, STK OPTIONS | -0170 | 16,014.00 | | |
| U. | | | | |
| V. | | | | |
| W. | | | | |
| X. | | | | |
| Y. | | | | |
| Z. | | | | |
| TOTAL ADJUSTMENTS | | 15,980,460.00 | 0.00 | 0.00 |

Form CG-4549-B

| Form 4549-B<br>(Rev. October 1976) | Department of the Treasury - Internal Revenue Service<br>INCOME TAX EXAMINATION CHANGES | Page **22** of ____ |
|---|---|---|
| | | Return Form No.<br>1120 |

Name and Address of Taxpayer
FRESENIUS NATIONAL MEDICAL CARE
HOLDINGS, INC. AFFILIATED GROUP
C/O ELYSE FILON,POA,W.R.GRACE & CO.
5400 BROKEN SOUND BLVD., NW
BOCA RATON        FL    33487

Social Security or
Employer Identification Number

13-3461988

**Adjustments to Income - ENTITY DETAIL**

| | Year: 199312 | Year: 199412 | Year: 199512 |
|---|---|---|---|
| W.R. GRACE & CO.--CONN.<br>CONSTRUCTION PRODUCTS DIVISION | 000029 | | |
| A. RECONCILING SCHEDULE M-SEVERANCE PAYMENTS | -0117 | | |
| B. | | (539,913.00) | 30,396.00 |
| C. | | | |
| D. | | | |
| E. | | | |
| F. | | | |
| G. | | | |
| H. | | | |
| I. | | | |
| J. | | | |
| K. | | | |
| L. | | | |
| M. | | | |
| N. | | | |
| O. | | | |
| P. | | | |
| Q. | | | |
| R. | | | |
| S. | | | |
| T. | | | |
| U. | | | |
| V. | | | |
| W. | | | |
| X. | | | |
| Y. | | | |
| Z. | | | |
| TOTAL ADJUSTMENTS | 0.00 | (539,913.00) | 30,396.00 |

Form CG-4549-B

| Form 4549-B (Rev. October 1976) | Department of the Treasury - Internal Revenue Service INCOME TAX EXAMINATION CHANGES | Page **23** of _____ |
|---|---|---|
| | | Return Form No. 1120 |

| Name and Address of Taxpayer | Social Security or Employer Identification Number |
|---|---|
| FRESENIUS NATIONAL MEDICAL CARE HOLDINGS, INC. AFFILIATED GROUP C/O ELYSE FILON, POA, W.R. GRACE & CO. 5400 BROKEN SOUND BLVD., NW BOCA RATON          FL    33487 | 13-3461988 |

Adjustments to Income - ENTITY DETAIL

| | | Year: 199612 | Year: | Year: |
|---|---|---|---|---|
| W.R. GRACE & CO.--CONN. CONSTRUCTION PRODUCTS DIVISION | 000029 | | | |
| A. RECONCILING SCHEDULE M-SEVERANCE PAYMENTS | -0117 | (140,264.00) | | |
| B. | | | | |
| C. | | | | |
| D. | | | | |
| E. | | | | |
| F. | | | | |
| G. | | | | |
| H. | | | | |
| I. | | | | |
| J. | | | | |
| K. | | | | |
| L. | | | | |
| M. | | | | |
| N. | | | | |
| O. | | | | |
| P. | | | | |
| Q. | | | | |
| R. | | | | |
| S. | | | | |
| T. | | | | |
| U. | | | | |
| V. | | | | |
| W. | | | | |
| X. | | | | |
| Y. | | | | |
| Z. | | | | |
| TOTAL ADJUSTMENTS | | (140,264.00) | 0.00 | 0.00 |

Form CG-4549-B

| Form 4549-B<br>(Rev. October 1976) | Department of the Treasury - Internal Revenue Service<br>INCOME TAX EXAMINATION CHANGES | Page 24 of ____<br>Return Form No.<br>1120 |
|---|---|---|

Name and Address of Taxpayer
FRESENIUS NATIONAL MEDICAL CARE
HOLDINGS, INC. AFFILIATED GROUP
C/O ELYSE PILON, POA, W.R. GRACE & CO.
5400 BROKEN SOUND BLVD., NW
BOCA RATON          FL    33487

Social Security or
Employer Identification Number

13-3461988

| Adjustments to Income - ENTITY DETAIL | | Year: 199312 | Year: 199412 | Year: 199512 |
|---|---|---|---|---|
| W.R. GRACE & CO.--CONN.<br>CRYOVAC DIVISION | 000030 | | | |
| A. COST OF SALES-ROLL FORWARD OF PRIOR ISSUES | -0119 | 11,409,627.00 | (547,019.00) | 5,556,800.00 |
| B. RECONCILING SCHEDULE M-RESTRUCTURE RSRV CLA | -0142 | | | 0.00 |
| C. | | | | |
| D. | | | | |
| E. | | | | |
| F. | | | | |
| G. | | | | |
| H. | | | | |
| I. | | | | |
| J. | | | | |
| K. | | | | |
| L. | | | | |
| M. | | | | |
| N. | | | | |
| O. | | | | |
| P. | | | | |
| Q. | | | | |
| R. | | | | |
| S. | | | | |
| T. | | | | |
| U. | | | | |
| V. | | | | |
| W. | | | | |
| X. | | | | |
| Y. | | | | |
| Z. | | | | |
| TOTAL ADJUSTMENTS | | 11,409,627.00 | (547,019.00) | 5,556,800.00 |

Form CG-4549-B

Page 25 of ____

| Form 4549-B (Rev. October 1976) | Department of the Treasury - Internal Revenue Service INCOME TAX EXAMINATION CHANGES | Return Form No. 1120 |
|---|---|---|

**Name and Address of Taxpayer**
FRESENIUS NATIONAL MEDICAL CARE
HOLDINGS, INC. AFFILIATED GROUP
C/O ELYSE FILON, POA, W.R. GRACE & CO.
5400 BROKEN SOUND BLVD., NW
BOCA RATON        FL    33487

**Social Security or Employer Identification Number**

13-3461988

| Adjustments to Income - ENTITY DETAIL | | Year: 199612 | Year: | Year: |
|---|---|---|---|---|
| W.R. GRACE & CO.--CONN. CRYOVAC DIVISION | 000030 | | | |
| A. COST OF SALES-ROLL FORWARD OF PRIOR ISSUES | -0119 | (4,196,336.00) | | |
| B. OTHER EXPENSES-RESTUCTRING EXP-DBL DEDUCTI | -0148 | 0.00 | | |
| C. | | | | |
| D. | | | | |
| E. | | | | |
| F. | | | | |
| G. | | | | |
| H. | | | | |
| I. | | | | |
| J. | | | | |
| K. | | | | |
| L. | | | | |
| M. | | | | |
| N. | | | | |
| O. | | | | |
| P. | | | | |
| Q. | | | | |
| R. | | | | |
| S. | | | | |
| T. | | | | |
| U. | | | | |
| V. | | | | |
| W. | | | | |
| X. | | | | |
| Y. | | | | |
| Z. | | | | |
| TOTAL ADJUSTMENTS | | (4,196,336.00) | 0.00 | 0.00 |

Form CG-4549-B

Page **26** of _____

| Form 4549-B<br>(Rev. October 1976) | Department of the Treasury - Internal Revenue Service<br>INCOME TAX EXAMINATION CHANGES | Return Form No.<br>1120 |
|---|---|---|

| Name and Address of Taxpayer<br>FRESENIUS NATIONAL MEDICAL CARE<br>HOLDINGS, INC. AFFILIATED GROUP<br>C/O ELYSE FILON, POA, W.R.GRACE & CO.<br>5400 BROKEN SOUND BLVD., NW<br>BOCA RATON          FL   33487 | Social Security or<br>Employer Identification Number<br><br>13-3461988 |
|---|---|

| Adjustments to Income - ENTITY DETAIL | | Year: 199312 | Year: 199412 | Year: 199512 |
|---|---|---|---|---|
| W.R. GRACE & CO.--CONN.<br>DAVISON CHEMICAL DIVSION | 000032 | | | |
| A. INVENTORIES | -0115 | (259,690.00) | (927,888.00) | |
| B. INVENTORIES | -0120 | 3,318,206.00 | 2,324,965.00 | 216,648.00 |
| C. | | | | |
| D. | | | | |
| E. | | | | |
| F. | | | | |
| G. | | | | |
| H. | | | | |
| I. | | | | |
| J. | | | | |
| K. | | | | |
| L. | | | | |
| M. | | | | |
| N. | | | | |
| O. | | | | |
| P. | | | | |
| Q. | | | | |
| R. | | | | |
| S. | | | | |
| T. | | | | |
| U. | | | | |
| V. | | | | |
| W. | | | | |
| X. | | | | |
| Y. | | | | |
| Z. | | | | |
| TOTAL ADJUSTMENTS | | 3,058,516.00 | 1,397,077.00 | 216,648.00 |

Form CG-4549-B

| Form 4549-B<br>(Rev. October 1976) | Department of the Treasury - Internal Revenue Service<br>INCOME TAX EXAMINATION CHANGES | Page **27** of _____ |
|---|---|---|
| | | Return Form No.<br>1120 |

Name and Address of Taxpayer
FRESENIUS NATIONAL MEDICAL CARE
HOLDINGS, INC. AFFILIATED GROUP
C/O ELYSE FILON, POA, W.R. GRACE & CO.
5400 BROKEN SOUND BLVD., NW
BOCA RATON          FL      33487

Social Security or
Employer Identification Number

13-3461988

Adjustments to Income - ENTITY DETAIL

| W.R. GRACE & CO.--CONN.<br>DAVISON CHEMICAL DIVISION | 000032 | Year: 199612 | Year: | Year: |
|---|---|---|---|---|
| A. INVENTORIES | -0120 | (1,789,843.00) | | |
| B. RECONCILING SCHEDULE M-ACC'D EXTRA COMP. | -0150 | 1,352,568.00 | | |
| C. | | | | |
| D. | | | | |
| E. | | | | |
| F. | | | | |
| G. | | | | |
| H. | | | | |
| I. | | | | |
| J. | | | | |
| K. | | | | |
| L. | | | | |
| M. | | | | |
| N. | | | | |
| O. | | | | |
| P. | | | | |
| Q. | | | | |
| R. | | | | |
| S. | | | | |
| T. | | | | |
| U. | | | | |
| V. | | | | |
| W. | | | | |
| X. | | | | |
| Y. | | | | |
| Z. | | | | |
| TOTAL ADJUSTMENTS | | (437,275.00) | 0.00 | 0.00 |

Form CG-4549-B

| Form 4549-B (Rev. October 1976) | Department of the Treasury - Internal Revenue Service INCOME TAX EXAMINATION CHANGES | Page 28 of ____ Return Form No. 1120 |
|---|---|---|

Name and Address of Taxpayer
FRESENIUS NATIONAL MEDICAL CARE
HOLDINGS, INC. AFFILIATED GROUP
C/O ELYSE FILON,POA,W.R.GRACE & CO.
5400 BROKEN SOUND BLVD., NW
BOCA RATON          FL    33487

Social Security or
Employer Identification Number

13-3461988

| Adjustments to Income - ENTITY DETAIL | Year: 199312 | Year: 199412 | Year: 199512 |
|---|---|---|---|
| W.R. GRACE & CO.--CONN. POLYFIBRON DIVSION | 000041 | | |
| A. COST OF SALES-POLYFIBRON LIFO CLAIM | -0163 | (2,008,321.00) | (32,819.00) |
| B. | | | |
| C. | | | |
| D. | | | |
| E. | | | |
| F. | | | |
| G. | | | |
| H. | | | |
| I. | | | |
| J. | | | |
| K. | | | |
| L. | | | |
| M. | | | |
| N. | | | |
| O. | | | |
| P. | | | |
| Q. | | | |
| R. | | | |
| S. | | | |
| T. | | | |
| U. | | | |
| V. | | | |
| W. | | | |
| X. | | | |
| Y. | | | |
| Z. | | | |
| TOTAL ADJUSTMENTS | 0.00 | (2,008,321.00) | (32,819.00) |

Form CG-4549-B

| Form 4549-B (Rev. October 1976) | Department of the Treasury - Internal Revenue Service<br>INCOME TAX EXAMINATION CHANGES | Page 29 of ___<br>Return Form No.<br>1120 |
|---|---|---|

Name and Address of Taxpayer
FRESENIUS NATIONAL MEDICAL CARE
HOLDINGS, INC. AFFILIATED GROUP
C/O ELYSE FILON, POA, W.R. GRACE & CO.
5400 BROKEN SOUND BLVD., NW
BOCA RATON          FL    33487

Social Security or
Employer Identification Number

13-3461988

| Adjustments to Income - ENTITY DETAIL | | Year: 199312 | Year: 199412 | Year: 199512 |
|---|---|---|---|---|
| NATIONAL MEDICAL CARE | 000390 | | | |
| A. DEPRECIATION | 001-0001 | 61,755.00 | 33,624.00 | 6,138.00 |
| B. AMORTIZATION | 002-0002 | 285,117.00 | 159,770.00 | (7,143.00) |
| C. AMORTIZATION | 003-0003 | 96,264.00 | 75,152.00 | 9,537.00 |
| D. AMORTIZATION | 004-0004 | (21,145.00) | (21,145.00) | (21,145.00) |
| E. AMORTIZATION CIRKSENA "K" | 005-0005 | (5,750,526.00) | (5,750,526.00) | |
| F. OTHER DEDUCTIONS | -0006 | 389,417.00 | 415,497.00 | 362,127.00 |
| G. DEPRECIATION | -0007 | (149,360.00) | (149,360.00) | (149,360.00) |
| H. AMORTIZATION | -0008 | | 23,905.00 | 40,980.00 |
| I. AMORTIZATION | -0009 | 113,402.00 | 170,104.00 | 170,104.00 |
| J. AMORTIZATION | -0010 | 19,637.00 | 47,130.00 | 47,130.00 |
| K. AMORTIZATION | -0011 | 15,210.00 | 36,505.00 | 36,505.00 |
| L. SALES | -0012 | 179,146.00 | 303,395.00 | |
| M. SALES | -0013 | | | 284,121.00 |
| N. SALES | -0015 | 77,551.00 | | |
| O. SALES | -0027 | | | 747,389.00 |
| P. | | | | |
| Q. | | | | |
| R. | | | | |
| S. | | | | |
| T. | | | | |
| U. | | | | |
| V. | | | | |
| W. | | | | |
| X. | | | | |
| Y. | | | | |
| Z. | | | | |
| TOTAL ADJUSTMENTS | | (4,683,532.00) | (4,655,949.00) | 1,526,383.00 |

Form CG-4549-B

Page **30** of _____

| Form 4549-B (Rev. October 1976) | Department of the Treasury - Internal Revenue Service INCOME TAX EXAMINATION CHANGES | Return Form No. 1120 |
|---|---|---|

| Name and Address of Taxpayer FRESENIUS NATIONAL MEDICAL CARE HOLDINGS, INC. AFFILIATED GROUP C/O ELYSE FILON, POA, W.R. GRACE & CO. 5400 BROKEN SOUND BLVD., NW BOCA RATON            FL    33487 | Social Security or Employer Identification Number 13-3461988 |
|---|---|

| Adjustments to Income - ENTITY DETAIL | | Year: 199612 | Year: | Year: |
|---|---|---|---|---|
| NATIONAL MEDICAL CARE | 000390 | | | |
| A. DEPRECIATION | 001-0001 | 6,138.00 | | |
| B. AMORTIZATION | 002-0002 | (5,142.00) | | |
| C. AMORTIZATION | 003-0003 | 326.00 | | |
| D. AMORTIZATION | 004-0004 | (21,145.00) | | |
| E. OTHER DEDUCTIONS | -0006 | 323,914.00 | | |
| F. DEPRECIATION | -0007 | (149,360.00) | | |
| G. AMORTIZATION | -0008 | 40,980.00 | | |
| H. AMORTIZATION | -0009 | 170,104.00 | | |
| I. AMORTIZATION | -0010 | 47,130.00 | | |
| J. AMORTIZATION | -0011 | 36,505.00 | | |
| K. SALES | -0013 | 231,470.00 | | |
| L. SALES | -0027 | 1,110,205.00 | | |
| M. RECONCILING SCHEDULE M-STOCK OPTIONS | -0134 | 10,654.00 | | |
| N. RECONCILING SCHEDULE M-DEFERRED COMPENSATIO | -0135 | 109,154.00 | | |
| O. | | | | |
| P. | | | | |
| Q. | | | | |
| R. | | | | |
| S. | | | | |
| T. | | | | |
| U. | | | | |
| V. | | | | |
| W. | | | | |
| X. | | | | |
| Y. | | | | |
| Z. | | | | |
| TOTAL ADJUSTMENTS | | 1,910,933.00 | 0.00 | 0.00 |

Form CG-4549-B

Page **31** of ____

| Form 4549-B (Rev. October 1976) | Department of the Treasury - Internal Revenue Service INCOME TAX EXAMINATION CHANGES | Return Form No. 1120 |
|---|---|---|

Name and Address of Taxpayer
FRESENIUS NATIONAL MEDICAL CARE
HOLDINGS, INC. AFFILIATED GROUP
C/O ELYSE FILON, POA, W.R.GRACE & CO.
5400 BROKEN SOUND BLVD., NW
BOCA RATON          FL   33487

Social Security or
Employer Identification Number

13-3461988

| Adjustments to Income - ENTITY DETAIL | | Year: 199312 | Year: 199412 | Year: 199512 |
|---|---|---|---|---|
| GRACE EUROPE, INC.-- LAUSANNE (SWISS BRANCH) | 000409 | | | |
| A. OTHER CURRENT LIABILITIES | -0110 | | 986,000.00 | 4,818,000.00 |
| B. | | | | |
| C. | | | | |
| D. | | | | |
| E. | | | | |
| F. | | | | |
| G. | | | | |
| H. | | | | |
| I. | | | | |
| J. | | | | |
| K. | | | | |
| L. | | | | |
| M. | | | | |
| N. | | | | |
| O. | | | | |
| P. | | | | |
| Q. | | | | |
| R. | | | | |
| S. | | | | |
| T. | | | | |
| U. | | | | |
| V. | | | | |
| W. | | | | |
| X. | | | | |
| Y. | | | | |
| Z. | | | | |
| TOTAL ADJUSTMENTS | | 0.00 | 986,000.00 | 4,818,000.00 |

Form CG-4549-B

Page **32** of _____

| Form 4549-B<br>(Rev. October 1976) | Department of the Treasury - Internal Revenue Service<br>INCOME TAX EXAMINATION CHANGES | Return Form No.<br>1120 |
|---|---|---|

| Name and Address of Taxpayer<br>FRESENIUS NATIONAL MEDICAL CARE<br>HOLDINGS, INC. AFFILIATED GROUP<br>C/O ELYSE PILON, POA, W.R.GRACE & CO.<br>5400 BROKEN SOUND BLVD., NW<br>BOCA RATON          FL    33487 | Social Security or<br>Employer Identification Number<br><br>13-3461988 |
|---|---|

| Adjustments to Income - ENTITY DETAIL | | Year: 199612 | Year: | Year: |
|---|---|---|---|---|
| GRACE TARPON INVESTORS | 000462 | | | |
| | | | | |
| A. OTHER INCOME | -0116 | (966,185.00) | | |
| B. OTHER INCOME | -0116 | 896,530.00 | | |
| C. OTHER INCOME | -0116 | 129,249.00 | | |
| D. | | | | |
| E. | | | | |
| F. | | | | |
| G. | | | | |
| H. | | | | |
| I. | | | | |
| J. | | | | |
| K. | | | | |
| L. | | | | |
| M. | | | | |
| N. | | | | |
| O. | | | | |
| P. | | | | |
| Q. | | | | |
| R. | | | | |
| S. | | | | |
| T. | | | | |
| U. | | | | |
| V. | | | | |
| W. | | | | |
| X. | | | | |
| Y. | | | | |
| Z. | | | | |
| | | | | |
| TOTAL ADJUSTMENTS | | 59,594.00 | 0.00 | 0.00 |

Form CG-4549-B

| Form 4549-B<br>(Rev. October 1976) | Department of the Treasury - Internal Revenue Service<br>INCOME TAX EXAMINATION CHANGES | Page **33** of _____<br>Return Form No.<br>1120 |
|---|---|---|

Name and Address of Taxpayer
FRESENIUS NATIONAL MEDICAL CARE
HOLDINGS, INC. AFFILIATED GROUP
C/O ELYSE FILON, POA, W.R. GRACE & CO.
5400 BROKEN SOUND BLVD., NW
BOCA RATON          FL    33487

Social Security or
Employer Identification Number

13-3461988

| Adjustments to Income - ENTITY DETAIL | | Year: 199312 | Year: 199412 | Year: 199512 |
|---|---|---|---|---|
| HOMCO INTERNATIONAL, INC. | 000631 | | | |
| A. OTHER INCOME | -0167 | (2,520,000.00) | | |
| B. | | | | |
| C. | | | | |
| D. | | | | |
| E. | | | | |
| F. | | | | |
| G. | | | | |
| H. | | | | |
| I. | | | | |
| J. | | | | |
| K. | | | | |
| L. | | | | |
| M. | | | | |
| N. | | | | |
| O. | | | | |
| P. | | | | |
| Q. | | | | |
| R. | | | | |
| S. | | | | |
| T. | | | | |
| U. | | | | |
| V. | | | | |
| W. | | | | |
| X. | | | | |
| Y. | | | | |
| Z. | | | | |
| TOTAL ADJUSTMENTS | | (2,520,000.00) | 0.00 | 0.00 |

Form CG-4549-B

Page **37** of _____

TAXPAYER:   FRESENIUS NATIONAL MEDICAL CARE HOLDINGS, INC. AFFILIATED GROUP
TIN:   13-3461988

Tax Periods: 199312 199412 199512 199612

### 199312 - INCOME TAX COMPUTATION

| | |
|---|---:|
| 1. Taxable Income per return or as corrected, | |
| 2. (a) Net Capital Gain (section 1201 gain, excess of NLTCG over NSTCL) for the taxable year | 461,704,031.00 |
| (b) Net Capital Gain on transactions after 12/31/78 and before 1/1/87, | 7,284,019.00 |
| but no more than Line 2(a) above | |
| (c) Subtract Line 2(b) from Line 2(a) | 0.00 |
| | 7,284,019.00 |
| 3. Taxable Income less Net Capital Gain (Line 1 less Line 2(a)) | |
| | 454,420,012.00 |

#### COMPUTATION OF REGULAR TAX

4. Taxable Income per return or as previously corrected (Line 1)

461,704,031.00

| | SURTAX/EXCESS T.I. | TAX | | SURTAX/EXCESS T.I. | TAX | | FOR YEAR ENDING 12/31/1993 | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | SURTAX/EXCESS T.I. | TAX |
| 5. | % | | % | SURTAX/EXCESS T.I. | TAX | 15 % | 50,000.00 | 7,500.00 |
| 6. | % | | % | | | 25 % | 25,000.00 | 6,250.00 |
| 7. | % | | % | | | 34 % | 9,925,000.00 | 3,374,500.00 |
| 8. | % | | % | | | % | | |
| 9. | % | | % | | | 35 % | 451,704,031.00 | 158,096,411.00 |
| 10. | 5% Additional Tax | | | | | | | 11,750.00 |
| 11. | 3% Additional Tax | | | | | | | 100,000.00 |

| | | |
|---|---|---:|
| 12. Subtotal | | 161,596,411.00 |
| Proration of Tax (if | | |
| required) Applicable % | 0.000000    0.000000 | |
| 13. Regular tax | + | 161,596,411.00 |

#### COMPUTATION OF ALTERNATIVE TAX

14. Taxable Income less Net Capital Gain (Line 3)

454,420,012.00

| | SURTAX/EXCESS T.I. | TAX | | SURTAX/EXCESS T.I. | TAX | | FOR YEAR ENDING 12/31/1993 | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | SURTAX/EXCESS T.I. | TAX |
| 15. | % | | % | | | % | | |
| 16. | % | | % | | | % | | |
| 17. | % | | % | | | % | | |
| 18. | % | | % | | | % | | |
| 19. | % | | % | | | % | | |
| 20. | 5% Additional Tax | | | | | | | |
| 21. | 3% Additional Tax | | | | | | | |

| | | |
|---|---|---|
| 22. Subtotal | | |
| Proration of Tax (if | | |
| required) Applicable % | 0.000000    0.000000 | |
| 23. Regular tax | + | |

| | | |
|---|---|---:|
| 24. Tax on net capital gains | | |
| (a) 28% of line 2(b) | | 0.00 |
| (b) 34% of line 2(c) for gains after 1986 | | 0.00 |
| 25. Total Alternative Tax | | 0.00 |
| 26. INCOME TAX (Line 13 or (Lesser of line 13 or 25, if alternative tax is applicable)) | | 161,596,411.00 |

DATE TAX COMPUTATION LAST GENERATED: 01/06/2005

TAXPAYER:  FRESENIUS NATIONAL MEDICAL CARE HOLDINGS, INC. AFFILIATED GROUP

TIN:       13-3461988

Page **35** of ____

Tax Periods: 199312 199412 199512 199612

## 199412 - INCOME TAX COMPUTATION

1. Taxable Income per return or as corrected,

2. (a) Net Capital Gain (section 1201 gain, excess of NLTCG over NSTCL) for the taxable year — 353,083,800.00

   (b) Net Capital Gain on transactions after 12/31/78 and before 1/1/87, but no more than Line 2(a) above — 10,226,987.00

   (c) Subtract Line 2(b) from Line 2(a) — 0.00

3. Taxable Income less Net Capital Gain (Line 1 less Line 2(a)) — 10,226,987.00

   342,856,813.00

### COMPUTATION OF REGULAR TAX

4. Taxable Income per return or as previously corrected (Line 1) — 353,083,800.00

| | SURTAX/EXCESS T.I. | TAX | | SURTAX/EXCESS T.I. | TAX | FOR YEAR ENDING 12/31/1994 | |
|---|---|---|---|---|---|---|---|
| | | | | | | SURTAX/EXCESS T.I. | TAX |
| 5. | % | | % | | | | |
| 6. | % | | % | | 15 % | 50,000.00 | 7,500.00 |
| 7. | % | | % | | 25 % | 25,000.00 | 6,250.00 |
| 8. | % | | % | | 34 % | 9,925,000.00 | 3,374,500.00 |
| 9. | % | | % | | % | | |
| 10. | 5% Additional Tax | | | | 35 % | 343,083,800.00 | 120,079,330.00 |
| 11. | 3% Additional Tax | | | | | | 11,750.00 |
| | | | | | | | 100,000.00 |
| 12. | Subtotal | | | | | | |
| | Proration of Tax (if required) Applicable % | 0.000000 | | | 0.000000 | | 123,579,330.00 |
| 13. | Regular tax | | + | | | − | 123,579,330.00 |

### COMPUTATION OF ALTERNATIVE TAX

14. Taxable Income less Net Capital Gain (Line 3) — 342,856,813.00

| | SURTAX/EXCESS T.I. | TAX | | SURTAX/EXCESS T.I. | TAX | FOR YEAR ENDING 12/31/1994 | |
|---|---|---|---|---|---|---|---|
| | | | | | | SURTAX/EXCESS T.I. | TAX |
| 15. | % | | % | | | % | |
| 16. | % | | % | | | % | |
| 17. | % | | % | | | % | |
| 18. | % | | % | | | % | |
| 19. | % | | % | | | % | |
| 20. | 5% Additional Tax | | | | | % | |
| 21. | 3% Additional Tax | | | | | | |
| 22. | Subtotal | | | | | | |
| | Proration of Tax (if required) Applicable % | 0.000000 | | | 0.000000 | | |
| 23. | Regular tax | | + | | | − | |

24. Tax on net capital gains

   (a) 28% of line 2(b)

   (b) 34% of line 2(c) for gains after 1986 — 0.00

   0.00

25. Total Alternative Tax — 0.00

26. INCOME TAX (Line 13 or (Lesser of line 13 or 25, if alternative tax is applicable)) — 123,579,330.00

DATE TAX COMPUTATION LAST GENERATED: 01/06/2005

TAXPAYER: FRESENIUS NATIONAL MEDICAL CARE HOLDINGS, INC. AFFILIATED GROUP
TIN:  · 13-3461988

Page **36** of _____

Tax Periods: 199312 199412 199512 199612

## 199512 - INCOME TAX COMPUTATION

| | | |
|---|---|---:|
| 1. | Taxable Income per return or as corrected, | |
| 2. | (a) Net Capital Gain (section 1201 gain, excess of NLTCG over NSTCL) for the taxable year | 250,489,105.00 |
| | (b) Net Capital Gain on transactions after 12/31/78 and before 1/1/87, | 0.00 |
| | but no more than Line 2(a) above | |
| | (c) Subtract Line 2(b) from Line 2(a) | 0.00 |
| 3. | Taxable Income less Net Capital Gain (Line 1 less Line 2(a)) | 0.00 |
| | | 250,489,105.00 |

### COMPUTATION OF REGULAR TAX

4. Taxable Income per return or as previously corrected (Line 1)

250,489,105.00

| | SURTAX/EXCESS T.I. | TAX | SURTAX/EXCESS T.I. | TAX | | FOR YEAR ENDING 12/31/1995 SURTAX/EXCESS T.I. | TAX |
|---|---|---|---|---|---|---|---|
| 5. | % | | % | | | | |
| 6. | % | | % | | 15 % | 50,000.00 | 7,500.00 |
| 7. | % | | % | | 25 % | 25,000.00 | 6,250.00 |
| 8. | % | | % | | 34 % | 9,925,000.00 | 3,374,500.00 |
| 9. | % | | % | | % | | |
| 10. | 5% Additional Tax | | | | 35 % | 240,489,105.00 | 84,171,187.00 |
| 11. | 3% Additional Tax | | | | | | 11,750.00 |
| | | | | | | | 100,000.00 |
| 12. | Subtotal | | | | | | |
| | Proration of Tax (if | | | | | | 87,671,187.00 |
| | required) Applicable % | 0.000000 | | 0.000000 | | | |
| 13. | Regular tax | | + | | | ▬ | 87,671,187.00 |

### COMPUTATION OF ALTERNATIVE TAX

14. Taxable Income less Net Capital Gain (Line 3)

250,489,105.00

| | SURTAX/EXCESS T.I. | TAX | SURTAX/EXCESS T.I. | TAX | FOR YEAR ENDING 12/31/1995 SURTAX/EXCESS T.I. | TAX |
|---|---|---|---|---|---|---|
| 15. | % | | % | | % | |
| 16. | % | | % | | % | |
| 17. | % | | % | | % | |
| 18. | % | | % | | % | |
| 19. | % | | % | | % | |
| 20. | 5% Additional Tax | | | | % | |
| 21. | 3% Additional Tax | | | | | |
| 22. | Subtotal | | | | | |
| | Proration of Tax (if | | | | | |
| | required) Applicable % | 0.000000 | | 0.000000 | | |
| 23. | Regular tax | | + | | ▬ | |
| 24. | Tax on net capital gains | | | | | |
| | (a) 28% of line 2(b) | | | | | 0.00 |
| | (b) 34% of line 2(c) for gains after 1986 | | | | | 0.00 |
| 25. | Total Alternative Tax | | | | | 0.00 |
| 26. | INCOME TAX (Line 13 or (Lesser of line 13 or 25, if alternative tax is applicable)) | | | | | 87,671,187.00 |

DATE TAX COMPUTATION LAST GENERATED: 01/06/2005

TAXPAYER:  FRESENIUS NATIONAL MEDICAL CARE HOLDINGS, INC. AFFILIATED GROUP

TIN:  13-3461988

Page **37** of _____

Tax Periods: 199312 199412 199512 199612

## 199612 - INCOME TAX COMPUTATION

1. Taxable Income per return or as corrected,                                     431,560,923.00
2. (a) Net Capital Gain (section 1201 gain, excess of NLTCG over NSTCL) for the taxable year   90,691,372.00
   (b) Net Capital Gain on transactions after 12/31/78 and before 1/1/87,
       but no more than Line 2(a) above                                           0.00
   (c) Subtract Line 2(b) from Line 2(a)                                          90,691,372.00
3. Taxable Income less Net Capital Gain (Line 1 less Line 2(a))                   340,869,551.00

### COMPUTATION OF REGULAR TAX

4. Taxable Income per return or as previously corrected (Line 1)                  431,560,923.00

| | SURTAX/EXCESS T.I. | TAX | | SURTAX/EXCESS T.I. | TAX | | FOR YEAR ENDING 12/31/1996 SURTAX/EXCESS T.I. | TAX |
|---|---|---|---|---|---|---|---|---|
| 5. | % | | % | | | | | |
| 6. | % | | % | | | | | |
| 7. | % | | % | | | | | |
| 8. | % | | % | | | | | |
| 9. | % | | % | | | | | |
| 15 % | | | | | | | 50,000.00 | 7,500.00 |
| 25 % | | | | | | | 25,000.00 | 6,250.00 |
| 34 % | | | | | | | 9,925,000.00 | 3,374,500.00 |
| % | | | | | | | | |
| 35 % | | | | | | | 421,560,923.00 | 147,546,323.00 |
| 10. 5% Additional Tax | | | | | | | | 11,750.00 |
| 11. 3% Additional Tax | | | | | | | | 100,000.00 |

12. Subtotal                                                                     151,046,323.00
    Proration of Tax (if
    required) Applicable %     0.000000                    0.000000

13. Regular tax            +                        -                             151,046,323.00

### COMPUTATION OF ALTERNATIVE TAX

14. Taxable Income less Net Capital Gain (Line 3)                                 340,869,551.00

| | SURTAX/EXCESS T.I. | TAX | | SURTAX/EXCESS T.I. | TAX | | FOR YEAR ENDING 12/31/1996 SURTAX/EXCESS T.I. | TAX |
|---|---|---|---|---|---|---|---|---|
| 15. | % | | % | | | % | | |
| 16. | % | | % | | | % | | |
| 17. | % | | % | | | % | | |
| 18. | % | | % | | | % | | |
| 19. | % | | % | | | % | | |
| 20. 5% Additional Tax | | | | | | | | |
| 21. 3% Additional Tax | | | | | | | | |

22. Subtotal
    Proration of Tax (if
    required) Applicable %     0.000000                    0.000000

23. Regular tax            +                        -

24. Tax on net capital gains
    (a) 28% of line 2(b)                                                          0.00
    (b) 34% of line 2(c) for gains after 1986                                     0.00

25. Total Alternative Tax                                                         0.00

26. INCOME TAX (Line 13 or (Lesser of line 13 or 25, if alternative tax is applicable))   151,046,323.00

DATE TAX COMPUTATION LAST GENERATED: 01/07/2005

TAXPAYER:  FRESENIUS NATIONAL MEDICAL CARE HOLDINGS, INC. AFFILIATED GROUP

TIN:    13-3461988

Page **38** of ____

Tax Periods: 199312 199412 199512 199612

## 199312 - RECOMPUTATION OF SCHEDULE D

| | (a) PER RETURN | (b) ADJUSTMENTS | (c) AS CORRECTED |
|---|---|---|---|
| **SCHEDULE D - SHORT TERM:** | | | |
| 1. Net Short-Term Capital Gain/Loss | 0.00 | (922,421.00) | (922,421.0( |
| **SCHEDULE D - LONG TERM:** | | | |
| 2. Net Long-Term Capital Gain/Loss | 10,675,440.00 | (2,469,000.00) | |
| 3. Net Adjustments from Form 4797 Schedule | | 0.00 | |
| 4. Total Net Long-Term Capital Gain/Loss | | | 8,206,440.00 |
| **SCHEDULE D - SUMMARY:** | | | |
| 5. Excess of NSTCG over NLTCL | 0.00 | | 0.00 |
| 6. Excess of NLTCG over NSTCL | 10,675,440.00 | | 7,284,019.00 |
| 7. Total | 10,675,440.00 | | 7,284,019.00 |
| 8. Adjustment to Taxable Income | | | (3,391,421.00) |

## SUMMARY OF UNUSED CAPITAL LOSSES:

| | | |
|---|---|---|
| 9. Excess of NSTCL over NLTCG available for carryback or carryover | 0.00 | 0.00 |
| 10. Excess of NLTCL over NSTCG available for carryback or carryover | 0.00 | 0.00 |
| 11. Total | 0.00 | 0.00 |

DATE TAX COMPUTATION GENERATED    01/06/2005

TAXPAYER: FRESENIUS NATIONAL MEDICAL CARE HOLDINGS, INC. AFFILIATED GROUP
TIN:      13-3461988

Page **39** of _____

Tax Periods: 199312 199412 199512 199612

199312 - SCHEDULE D ADJUSTMENTS

SCHEDULE D - SHORT TERM:

| ISSUE NUMBER | SAIN NUMBER | ENTITY | AMOUNT | CATEGORY |
|-------|-------|-------|-------|-------|
| -0104 | 409 | W.R. GRACE & CO.--CONN. | (922,421.00) | CAPITAL LOSS CARRYBACK |
|  |  |  | (922,421.00) |  |

SCHEDULE D - LONG TERM:

| ISSUE NUMBER | SAIN NUMBER | ENTITY | AMOUNT | CATEGORY |
|-------|-------|-------|-------|-------|
| -0125 | 410 | W.R. GRACE & CO.--CONN. | (2,469,000.00) | LT CAPITAL GAIN/LOSS |
|  |  |  | (2,469,000.00) |  |

TAXPAYER: FRESENIUS NATIONAL MEDICAL CARE HOLDINGS, INC. AFFILIATED GROUP

TIN:      13-3461988

Page **40** of _____

Tax Periods: 199312 199412 199512 199612

## 199412 - RECOMPUTATION OF SCHEDULE D

|  | (a)<br>PER RETURN | (b)<br>ADJUSTMENTS | (c)<br>AS CORRECTED |
|---|---|---|---|
| **SCHEDULE D - SHORT TERM:** | | | |
| 1. Net Short-Term Capital Gain/Loss | 0.00 | 0.00 | 0.00 |
| **SCHEDULE D - LONG TERM:** | | | |
| 2. Net Long-Term Capital Gain/Loss | 12,671,305.00 | 1,897,364.00 | |
| 3. Net Adjustments from Form 4797 Schedule | | (4,341,682.00) | |
| 4. Total Net Long-Term Capital Gain/Loss | | | 10,226,987.00 |
| **SCHEDULE D - SUMMARY:** | | | |
| 5. Excess of NSTCG over NLTCL | 0.00 | | 0.00 |
| 6. Excess of NLTCG over NSTCL | 12,671,305.00 | | 10,226,987.00 |
| 7. Total | 12,671,305.00 | | 10,226,987.00 |
| 8. Adjustment to Taxable Income | | | (2,444,318.00) |

SUMMARY OF UNUSED CAPITAL LOSSES:

| | | | |
|---|---|---|---|
| 9. Excess of NSTCL over NLTCG available for carryback<br>or carryover | 0.00 | | 0.00 |
| 10. Excess of NLTCL over NSTCG available for carryback<br>or carryover | 0.00 | | 0.00 |
| 11. Total | 0.00 | | 0.00 |

0.00

TAXPAYER: FRESENIUS NATIONAL MEDICAL CARE HOLDINGS, INC. AFFILIATED GROUP

TIN: 13-3461988

Page **41** of _____

Tax Periods: 199312 199412 199512 199612

199412 - SCHEDULE D ADJUSTMENTS

SCHEDULE D - LONG TERM:

| ISSUE NUMBER | SAIN NUMBER | ENTITY | AMOUNT | CATEGORY |
|--------|--------|--------|--------|----------|
| -0106 | 409 | W.R. GRACE & CO.--CONN. | (225,636.00) | LT CAPITAL GAIN/LOSS |
| -0123 | 409 | W.R. GRACE & CO.--CONN. | 2,123,000.00 | LT CAPITAL GAIN/LOSS |
| -0146 | 409 | FRESENIUS NATIONAL MEDICAL CARE HOLDINGS, INC. AFFILIATED GROUP | 0.00 | LT CAPITAL GAIN/LOSS |
| | | | 1,897,364.00 | |

DATE TAX COMPUTATION GENERATED     01/06/2005

TAXPAYER:  FRESENIUS NATIONAL MEDICAL CARE HOLDINGS, INC. AFFILIATED GROUP
TIN:       13-3461988

Page **42** of _____

Tax Periods: 199312 199412 199512 199612

199512 - RECOMPUTATION OF SCHEDULE D

| | (a) PER RETURN | (b) ADJUSTMENTS | (c) AS CORRECTED |
|---|---|---|---|
| SCHEDULE D - SHORT TERM: | | | |
| 1. Net Short-Term Capital Gain/Loss | 0.00 | 0.00 | 0.0 |
| SCHEDULE D - LONG TERM: | | | |
| 2. Net Long-Term Capital Gain/Loss | (922,421.00) | 0.00 | |
| 3. Net Adjustments from Form 4797 Schedule | | 0.00 | |
| 4. Total Net Long-Term Capital Gain/Loss | | | (922,421.00) |
| SCHEDULE D - SUMMARY: | | | |
| 5. Excess of NSTCG over NLTCL | 0.00 | | 0.00 |
| 6. Excess of NLTCG over NSTCL | 0.00 | | 0.00 |
| 7. Total | 0.00 | | 0.00 |
| 8. Adjustment to Taxable Income | | | 0.00 |

SUMMARY OF UNUSED CAPITAL LOSSES:

| | | | |
|---|---|---|---|
| 9. Excess of NSTCL over NLTCG available for carryback or carryover | 0.00 | | 0.00 |
| 10. Excess of NLTCL over NSTCG available for carryback or carryover | 0.00 | | (922,421.00) |
| 11. Total | 0.00 | | (922,421.00) |

0.00

DATE TAX COMPUTATION GENERATED     01/06/2005

TAXPAYER:  FRESENIUS NATIONAL MEDICAL CARE HOLDINGS, INC. AFFILIATED GROUP
TIN:       13-3461988

Page **43** of _____

Tax Periods: 199312 199412 199512 199612

## 199612 - RECOMPUTATION OF SCHEDULE D

| | (a)<br>PER RETURN | (b)<br>ADJUSTMENTS | (c)<br>AS CORRECTED |
|---|---|---|---|
| SCHEDULE D - SHORT TERM: | | | |
| 1. Net Short-Term Capital Gain/Loss | 91,799,850.00 | 3,248,244.00 | 95,048,094.00 |
| SCHEDULE D - LONG TERM: | | | |
| 2. Net Long-Term Capital Gain/Loss | 90,590,729.00 | 127,228.00 | |
| 3. Net Adjustments from Form 4797 Schedule | | (26,585.00) | |
| 4. Total Net Long-Term Capital Gain/Loss | | | 90,691,372.00 |
| SCHEDULE D - SUMMARY: | | | |
| 5. Excess of NSTCG over NLTCL | 91,799,850.00 | | 95,048,094.00 |
| 6. Excess of NLTCG over NSTCL | 90,590,729.00 | | 90,691,372.00 |
| 7. Total | 182,390,579.00 | | 185,739,466.00 |
| 8. Adjustment to Taxable Income | | | 3,348,887.00 |

SUMMARY OF UNUSED CAPITAL LOSSES:

| | | | |
|---|---|---|---|
| 9. Excess of NSTCL over NLTCG available for carryback or carryover | 0.00 | | 0.00 |
| 10. Excess of NLTCL over NSTCG available for carryback or carryover | 0.00 | | 0.00 |
| 11. Total | 0.00 | | 0.00 |