IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>W.R. GRACE & CO., et al.,<br><br>Debtors. | Chapter 11<br>Case Nos. 01-1139 through 01-1200 (JKF)<br>(Jointly Administered) |
| OFFICIAL COMMITTEE OF ASBESTOS<br>PERSONAL INJURY CLAIMANTS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SEALED AIR CORPORATION and<br>CRYOVAC, INC.,<br>Defendants. | Adv. No. 02-2210<br>[LEAD DOCKET] |
| OFFICIAL COMMITTEE OF ASBESTOS<br>PERSONAL INJURY CLAIMANTS, et al.,<br><br>Plaintiffs,<br>v.<br><br>FRESENIUS MEDICAL CARE<br>HOLDINGS, INC. and<br>NATIONAL MEDICAL CARE, INC.,<br><br>Defendants. | Adv. No. 02-2211<br><br>Affects Dockets 02-2210 and 02-2211<br><br>**Objection Deadline: March 4, 2005 @4:00 p.m.**<br>**Hearing Date: March 21, 2005 @12:00 p.m.**<br><br>Re: Docket No. 7547 |

MOTION FOR ENTRY OF ORDER APPROVING FEE APPLICATIONS
AND ALLOWING THE PAYMENT OF HOLDBACKS

Bilzin Sumberg Baena Price & Axelrod LLP, counsel to the Official Committee of

Asbestos Property Damage Claimants (the "PD Committee"), Caplin & Drysdale, Chartered,

counsel to the Official Committee of Asbestos Personal Injury Claimants (the "PI Committee"),

1

Kirkland & Ellis LLP, counsel to the above-referenced Debtors, Ferry, Josephs & Pearce, P.A.,
local Delaware counsel for the PD Committee, and Campbell & Levine, LLC,  local Delaware
counsel for the PI Committee, (jointly referred to as "Adversary Counsel") pursuant to sections
105 and 331 of Chapter 11 of Title 11 of United States Code (the "Bankruptcy Code"), move for
an order approving all pending fee applications of Adversary Counsel and allowing the payment
of 20% holdbacks of legal fees owed to Adversary Counsel in the above-referenced proceedings.
In support hereof, Adversary Counsel respectfully state as follows:

## PRELIMINARY STATEMENT

The instant adversary proceedings were resolved, *pending Court approval*, by settlement
agreements in November 2002. By the settlements achieved with the defendants, the Debtors'
estate may realize in excess of $1 billion upon confirmation of a plan of reorganization in
accordance with the terms of the settlement agreements. Yet, Adversary Counsel continue to
await interim approval and allowance of compensation for the professional services rendered by
each such law firm in these adversary proceedings since June 1, 2002.

The District Court previously withdrew the reference of the allowance of fees of
Adversary Counsel in these adversary proceedings. Thus, Adversary Counsel filed fee
applications in the District Court for services rendered as identified on Exhibits 1-5 attached
hereto.  After notice to all parties in interest, no objections to such fee applications were
received. In accordance with the fee procedures established by the District Court, Adversary
Counsel has been paid 80% of its fees, as well as their costs. Pursuant to the fee procedures, the
balance of fees owed to Adversary Counsel is subject to court approval.   Unfortunately,
however, approval of fee holdbacks was stayed pending the recusal proceedings against Judge
Wolin. After the removal of Judge Wolin, Adversary Counsel moved, without objection, to have

2

their holdbacks allowed before Judge Buckwalter; however, upon the unopposed motion of the Debtors, Judge Buckwalter referred the approval of the Sealed Air settlement and "any related pleadings" back to the Bankruptcy Court before consideration of Adversary Counsel's joint request for the allowance of the payment of their fee holdbacks. Thus, Adversary Counsel's fee holdbacks continue to go unpaid for more than two years now.

In contrast, other professionals appointed in the Debtors' chapter 11 proceedings who merely monitored the progress of these adversary proceedings, have been paid in full for their fees and costs incurred in that regard. The continued delay in the approval of Adversary Counsel's fee applications unfairly prejudices such law firms. Thus, it is requested that this Court approve the quarterly applications of Adversary Counsel and authorize the payment of all holdbacks to Adversary Counsel.

## JURISDICTION

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2.      On April 2, 2001, each debtor filed a voluntary petition for relief under the Bankruptcy Code.   The Debtors continue to operate its businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3.      On April 12, 2001, the United States Trustee (the "UST") appointed the PD Committee, the PI Committee, and the Official Committee of Unsecured Creditors.   Thereafter, the UST appointed the Official Committee of Equity Holders.

4.      At the date of the Debtors' bankruptcy, litigation was pending against the Debtors,

Fresenius A.G. ("Fresenius"), and Sealed Air Corporation ("Sealed Air") based on the Debtors'

transfers of a medical business to Fresenius in 1996 and a packaging business to Sealed Air in

1998, which the plaintiffs asserted were fraudulent.

5.      After seeking chapter 11 protection, the Debtors moved to stay all fraudulent transfer

claims against affiliate entities, including Sealed Air and Fresenius (the "Fraudulent Transfer

Defendants"). The PD Committee and PI Committee (collectively, the "Asbestos Committees")

objected to such relief in respect of the Fraudulent Transfer Defendants and sought leave to

prosecute the estate's fraudulent transfer claims against such entities (the "Fraudulent Transfer

Claims"), as the Debtors were unwilling to and disabled from doing so.

6.      The District Court subsequently withdrew the reference of the claims from the

Bankruptcy Court and granted the Asbestos Committees' motion for leave to prosecute the

Fraudulent Transfer Claims against the Fraudulent Transfer Defendants.

7.      The District Court further authorized the employment of Bilzin Sumberg Baena Price and

Axelrod LLP[1] and Caplin & Drysdale, Chartered, as well as the law firm of Milberg Weiss

Berhad Hynes & Lerach, LLP,[2] to prosecute the Fraudulent Transfer Claims. The law firms of

Ferry, Josephs & Pearce, P.A. and Campbell & Levine, LLC were authorized to serve as local

Delaware counsel.

---

[1]      The District Court also authorized the retention of the law firms of Speights & Runyan and Dies & Hile
LLP to serve as special counsel on property damage issues implicated by the adversary proceedings. Those firms
have not as yet sought compensation for the services they provided in this regard.
[2]      Milberg Weiss Berhad Hynes & Lerach, LLP has been paid in full for its fees and costs in these adversary
proceedings.

8.      The District Court also allowed the Debtors to intervene in these adversary proceedings and to align themselves with the Fraudulent Transfer Defendants. The law firm of Kirkland & Ellis LLP was authorized by the District Court to serve as counsel to the Debtors in these actions.

9.      On July 10, 2002, Judge Wolin also withdrew the reference from the Bankruptcy Court over the determination of the fees and expenses incurred in these adversaries by Adversary Counsel (the "Administrative Fee Order").    Pursuant to the Administrative Fee Order, each Adversary Counsel was required to file monthly interim fee applications. Absent any objections and upon the filing of a certificate of no objection, the applicant law firm was entitled to receive 80% of its legal fees and 100% of its expenses. Additionally, each Adversary Counsel was required to file quarterly interim applications and, absent objections, *upon entry of an order by the District Court*, the Debtors would be authorized to pay the remaining 20% of the legal fees due to such Adversary Counsel.

10.     The District Court put the adversary proceedings on a fast track, setting a six-month briefing and discovery schedule, as well as a trial date for the fall of 2002. On the eve of trial, after substantial discovery and motion practice before the District Court, on November 27, 2002, settlements in principle in both adversaries were reached. The terms of the settlements were exceedingly complicated by virtue of tax and bankruptcy law considerations. Thus, it took more than four months to finalize the settlement with Fresenius, which settlement was approved by the District Court in June of 2003, and one year to finalize the settlement with Sealed Air, *approval of which remains pending*.

11.     Pursuant to the Administrative Fee Order, Adversary Counsel made quarterly fee applications identified in Exhibits 1-5 attached hereto, and were paid 80% of their fees and their

costs, as no objections thereto were filed. However, due in part to the stay of all matters during the pendency of the recusal proceedings, Judge Wolin did not enter an order allowing the Debtors to pay the 20% holdbacks owed to Adversary Counsel.

12.     Other estate professionals, such as counsel for the Unsecured Creditors Committee, were not subject to the Administrative Fee Order. Thus, they were permitted to seek payment of their fees and costs in the Bankruptcy Court. On information and belief, such other professionals have been paid in full for *monitoring* the prosecution of the Fraudulent Transfer Claims—which matched or exceeded the fees charged by counsel for the Asbestos Committees for actually *prosecuting* the Claims.

13.     In the spring of 2004, Bilzin Sumberg Baena Price & Axelrod LLP filed an application for the payment of holdbacks, and Kirkland & Ellis LLP filed a similar pleading via a motion for the payment of its holdbacks in the summer of 2004. See Dkt. Nos. 650 & 676. No objection to either filing was ever received.

14.     On November 5, 2004, after the passage of several months and no issuance of an order on the holdbacks, Adversary Counsel jointly filed a Motion to Advance Cause on Calendar for Entry of Order Approving Fee Applications and Allowing the Payment of Holdbacks for Services Rendered (the "Motion to Advance Cause"). No objections to the Motion to Advance Cause were filed.

15.     In mid-December, counsel for the PD Committee contacted the District Court's chambers to determine whether it would be necessary to set the Motion to Advance Cause for a hearing, and the law clerk informed such counsel that it would not be necessary and that an order

imminently would be entered in respect of the adversary proceedings which presumably implicated Adversary Counsel's requests for the payment of their holdbacks.

16.    The Motion to Advance Cause remained pending when, on January 13, 2005, the District Court referred jurisdiction of the Sealed Air Settlement and "any related pleadings" back to this Court. *See* Order dated January 13, 2005. Based on the language of the order and the prior indication that an order implicating the Motion to Advance Cause would be forthcoming, Adversary Counsel believe that the matter of their holdbacks has been referred to the Bankruptcy Court for determination.

17.    To date, the outstanding holdbacks of legal fees of Adversary Counsel, for which quarterly applications were filed, and in respect of which no objections have been asserted, are as follows:

| Law Firm: | Amount of Unpaid Holdback: |
|---|---|
| Bilzin Sumberg Baena Price & Axelrod | $ 276, 231.70 |
| Caplin & Drysdale | 190,927.40 |
| Campbell & Levine | 3,804.90 |
| Ferry Joseph & Pearce | 10,314.80 |
| Kirkland & Ellis | 519,875.30 |

18.    The Debtors support this Motion as the unpaid holdbacks continue to be reflected in the Debtors' accounting records as unpaid trade payables that have been outstanding more than 90 days and thus, adversely affect the Debtors' creditworthiness.

19.    Adversary Counsel do not believe it necessary or appropriate for the fee auditor to review their holdback requests as he has not seen, let alone reviewed, prior fee applications; he approved

7

the applications for other estate counsel that merely monitored the case; and, there have been no objections to the quarterly applications (which were approved for partial payment by the District Court in accordance with the Administrative Fee Order), to the Motion to Advance Cause or to the prior motions for holdbacks that the parties filed in these adversary proceedings.

20.     Given the result obtained and the unfairness and financial burden of a two-year delay in payment of their holdbacks, Adversary Counsel respectfully requests that the Court address this matter as promptly as possible.

21.     Accordingly, Adversary Counsel respectfully request that this Court enter an interim Order approving their outstanding quarterly applications and authorizing the payment of the holdbacks owed each law firm.

**WHEREFORE**, Adversary Counsel respectfully request that the Court enter an Order, without further hearing, substantially in the form of the proposed Order attached hereto, approving all pending fee applications and authorizing the Debtors to pay all holdbacks due Adversary Counsel.

Dated: February 15, 2005
Wilmington, Delaware

Respectfully submitted,

BILZIN SUMBERG BAENA
    PRICE & AXELROD
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131-2336
Telephone: (305) 374-7580

Scott L. Baena (Admitted Pro Hac Vice)
Jay M. Sakalo (Admitted Pro Hac Vice)
Allyn S. Danzeisen (Admitted Pro Hac Vice)

and

8

FERRY JOSEPH & PEARCE, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE  19899
Telephone:  (302) 575-1555

By: Theodore J. Tacconelli
      Theodore J. Tacconelli (No. 2678)

CO-COUNSEL FOR THE OFFICIAL
COMMITTEE OF ASBESTOS PROPERTY
DAMAGE CLAIMANTS

and

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
James W. Kapp III
Janet S. Baer
200 East Randolph Drive
Chicago, IL  60601
Telephone: (312) 861-2000

COUNSEL FOR DEBTORS AND
DEBTORS IN POSSESSION

and

CAPLIN & DRYSDALE, CHARTERED
Elihu InselBuch
Rita C. Tobin
399 Park Avenue, 27th Floor
New York, NY 10022
Telephone: (212) 319-7125

and

CAPLIN & DRYSDALE, CHARTERED
Peter Van N. Lockwood
Trevor W. Swett
One Thomas Circle, N.W.
Washington, D.C. 20005
Telephone: (202) 862-5000

and

CAMPBELL & LEVINE, LLC
Kathleen J. Campbell
Mark Hurford
800 N. King Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 426-1900

CO-COUNSEL FOR THE OFFICIAL
COMMITTEE OF ASBESTOS
PERSONAL INJURY CLAIMANTS