IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>W.R. GRACE & CO., et al.,<br><br>Debtors. | Chapter 11<br>Case Nos. 01-1139 through 01-1200 (JKF)<br>(Jointly Administered) |
| OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SEALED AIR CORPORATION and CRYOVAC, INC.,<br>Defendants. | Adv. No. 02-2210<br>[LEAD DOCKET] |
| OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS, et al.,<br><br>Plaintiffs,<br>v.<br><br>FRESENIUS MEDICAL CARE HOLDINGS, INC. and NATIONAL MEDICAL CARE, INC.,<br><br>Defendants. | Adv. No. 02-2211<br><br><br>Affects Dockets 02-2210 and 02-2211<br><br><br>Re: Docket No. _____ |

**ORDER APPROVING QUARTERLY FEE APPLICATIONS AND ALLOWING PAYMENT OF HOLDBACKS FOR SERVICES RENDERED**

Upon the quarterly fee applications (the "Applications") of Bilzin Sumberg Baena Price & Axelrod, LLP, Caplin & Drysdale, Chartered, Kirkland & Ellis LLP, Ferry, Josephs & Pierce, P.A., and Campbell & Levine, LLC. (collectively "Adversary Counsel") referenced on Exhibits

<u>1-5</u> and pursuant to sections 105(a) and 331 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), and the Amended Order Under 11 U.S.C. §§105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members (the "<u>Interim Compensation Order</u>"); and it appearing that the Court has jurisdiction to consider the Applications and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and it appearing that venue of this proceeding and these Applications is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Applications having been given; and it appearing that the relief requested in the Applications is in the best interests of the Debtors and their estates and creditors; and after due deliberation and sufficient cause appearing therefore, it is hereby:

ORDERED that the Applications identified in <u>Exhibits 1-5</u> hereto are granted; and it is further;

ORDERED that Adversary Counsel is allowed the amounts set forth in <u>Exhibits 1-5</u> (i) compensation for services rendered during the Compensation Periods and (ii) reimbursement for actual and necessary expenses incurred during the Compensation Periods; and it is further

ORDERED that the Debtors are authorized and directed to make 100% payment of any and all fees and expenses listed on <u>Exhibit 1</u> to Bilzin Sumberg Baena Price & Axelrod LLP, <u>Exhibit 2</u> to Caplin & Drysdale, Chartered, <u>Exhibit 3</u> to Kirkland & Ellis LLP, <u>Exhibit 4</u> to Ferry, Joseph & Pierce, P.A., and <u>Exhibit 5</u> to Campbell & Levine LLC. that have not yet been paid pursuant to the Interim Compensation Order, provided, however, that all fees and expenses paid pursuant to this order are subject to final allowance by the Court pursuant to the terms of the Interim Compensation Order; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from or relating to this Order.

Dated: _____, 2005

                                                    The Honorable Judith K. Fitzgerald
                                                    United States Bankruptcy Judge