**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | Case No. 01-1139 (JKF) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | **Hearing Date: February 28, 2005 at Noon** |
| | ) | **Related Docket No. 7619** |
| | ) | |

**OBJECTION OF THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL
INJURY CLAIMANTS TO THE DEBTORS' MOTION FOR AN ORDER
APPROVING A SETTLEMENT AND RELEASE AGREEMENT WITH
<u>CONTINENTAL CASUALTY COMPANY [DI 7619]</u>**

The Official Committee of Asbestos Personal Injury Claimants (the "PI

Committee"), by and through its undersigned counsel, respectfully submits this

objection ("Objection") to the Debtors' Motion for an Order Approving a Settlement

and Release Agreement with Continental Casualty Company (the "Motion").  In support

of this Objection, the PI Committee states as follows:

**<u>BACKGROUND</u>**

1.      On April 2, 2001 (the "Petition Date"), W.R. Grace & Co. ("Grace") and

its affiliated debtors and debtors in possession (collectively, the "Debtors") commenced

the instant proceedings by filing voluntary petitions for relief under chapter 11 of title 11

of the United States Code with the Clerk of this Court.  The Debtors continue to operate

their businesses and manage their properties as debtors in possession pursuant to sections

1107 and 1108 of the Bankruptcy Code.  On the Petition Date, the Court entered an order

authorizing the joint administration of these cases for procedural purposes.

2.      No trustee or examiner has been appointed in these cases.  On April 12,

2001, the United States Trustee for the District of Delaware (the "US Trustee") appointed

{D0039157:1 }

the PI Committee, the Official Committee of Asbestos Property Damage Claimants, and

the Official Committee of Unsecured Creditors.  On June 18, 2001, the U.S Trustee

appointed the Official Committee of Equity Security Holders.

**OBJECTION**

3.      On January 24, 2005, the Debtors filed the Motion at issue.  The Motion

seeks entry of an Order approving the confidential CCC Settlement Agreement[1] which

"will provide CCC certain releases from potential liability stemming from certain

insurance policies."  *Motion*, page 2.  More specifically, the CCC Settlement Motion

seeks "to reach a resolution of the NY Coverage Actions, with the exception of

assertions of coverage for personal injury claims arising from Grace-related business

operations in Libby, Montana."  *Motion*, ¶ 8.  In exchange for the Payment, "Grace and

Grace-NY release CCC from all liabilities for (a) Pre-Hatco Defense Costs, (b) Property

Damage Pollution Claims and Personal Injury Pollution Claims (as defined in the CCC

Settlement Agreement), and (c) any alleged wrongdoing by CCC (as described in the

CCC Settlement Agreement), subject to the limitations and exclusions set forth herein."

*Motion*, ¶ 8.

4.      After receiving the Motion, the Asbestos Committee began its due

diligence to review and analyze the merits of the Motion. Accordingly, on January 28,

2005, the Asbestos Committee requested a copy of the CCC Settlement Agreement,

which had not been attached to the Motion (under seal or otherwise).  A review of the

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to
them in the Motion.
{D0039157:1 }

CCC Settlement Agreement was necessary to permit the Asbestos Committee to complete its review and analysis of the Motion.

5.      Receipt of the CCC Settlement Agreement was delayed due to CCC's requirement of a confidentiality agreement.  Ultimately, the Debtors produced the CCC Settlement Agreement on the evening of February 15, 2005, following the Debtors' receipt of CCC's signature on the confidentiality agreement.

6.      On the afternoon of February 17, 2005, a conference call was held with the Debtors, their counsel, and various other interested parties to discuss the CCC Settlement Agreement.  Inquiries were made to determine the extent to which, if at all, the CCC Settlement Agreement may impact available coverage for asbestos claims.  In response to such inquiries, reference was made to a pre-petition settlement agreement between the Debtors and CCC (or CNA) (the "1990 Settlement Agreement").  The PI Committee does not have a copy of the 1990 Settlement Agreement, and, therefore, cannot complete its review and analysis of the Motion.  The PI Committee is working with counsel to the Debtors to obtain a copy of the 1990 Settlement Agreement.

7.      In light of the Objection deadline of February 18, 2005, and in the absence of the information necessary to make an informed decision, the Asbestos Committee is not in a position to either support or object to the Motion.  Subject to withdrawing the Objection pending the receipt of the 1990 Settlement Agreement, and the completion of any additional necessary due diligence, the Asbestos Committee is filing this Objection to reserve its rights.

{D0039157:1 }

WHEREFORE, for the foregoing reasons, the PI Committee respectfully requests

that the Court deny Debtors' Motion for an Order Approving a Settlement and Release

Agreement with Continental Casualty Company.

Date:   February 18, 2005

CAMPBELL & LEVINE, LLC


*/s/Mark T. Hurford*
Marla Rosoff Eskin (No. 2989)
Mark T. Hurford (No. 3299)
800 King Street, Suite 300
Wilmington, DE  19801
(302) 426-1900

   -and-

CAPLIN & DRYSDALE, CHARTERED
Elihu Inselbuch
399 Park Avenue, 27th Floor
New York, NY  10022-4614
(212) 319-7125

   -and-

CAPLIN & DRYSDALE, CHARTERED
Peter Van N. Lockwood
Julie W. Davis
One Thomas Circle, N.W.
Washington, D.C.  20005
(202) 862-5000

Counsel to the Official Committee of
   Asbestos Personal Injury Claimants

{D0039157:1 }