# Exhibit 1

W. R. Grace Disclosure Statement Objection Chart

# W. R. GRACE DISCLOSURE STATEMENT OBJECTION CHART

The chart below only includes the current remaining objections and those objections resolved since January 21, 2005.
Tabs refer to the tabbed appendix filed on February 18, 2005.

| No. | Objecting Party | Basis of Objection | Action Taken | Status |
|---|---|---|---|---|
| 1. | **Sealed Air Corporation and Cryovac, Inc.** *(Docket No. 7286)* Skadden, Arps, Slate, Meagher & Flom LLP Sheila L. Birnbaum, Esq. Henry P. Wasserstein, Esq. Bert L. Wolff, Esq. Mark S. Chehi, Esq. | (A) Failure to disclose that Plan is illusory and should be modified (¶¶24-28, 37-38) according to the following material inconsistencies with the Sealed Air Settlement Agreement: <br><br>(i) Identity of payor (¶24(a)), <br><br>(ii) Channeling injunction relief (¶24(b)), <br><br>(iii) Assumption of Sealed Air Tax Agreement (¶24(c)), <br><br>(iv) Unilateral reservation of the right to ignore the terms of the Sealed Air Settlement Agreement (¶24(d)); <br><br>(v) No requirement to fund the Sealed Air Settlement Payment because of the Plan's inconsistencies (¶38); <br><br>(B) Failure to disclose issues raised in Section 2.5.2 of the DS[3] were previously proposed and rejected by Sealed Air (¶¶17-18); <br><br>(C) Failure to disclose that the Plan is illusory, nonconfirmable and not feasible unless the Sealed Air Settlement Agreement is approved in the form presented in the Sealed Air Settlement Motion, (¶19); <br><br>(D) Failure to explain and disclose Debtors' contentions that concern the Sealed Air Settlement Agreement (¶¶39-46); and | (A) ADS[1] and AP[2] address this issue; see below. <br><br>(i) Requested disclosure provided; see Sections 2.5.2, 4.7.2.2 and 8.6.1 of ADS and Section 7.2.2 of AP at Tab 1. <br><br>(ii) Requested disclosure provided; see Sections 4.8.5 and 4.8.7.6 of ADS and Section 8.5 of AP at Tab 2. <br><br>(iii) Requested disclosure provided; see Section 4.8.7.5 of ADS and Sections 8.7.5 and 9.1 of AP at Tab 3. <br><br>(iv) Reservation removed from Plan; see Sections 2.5.2 and 4.8.7.6 of ADS and Sections 8.7.6 and 11.6 of AP at Tab 4. <br><br>(v) Inconsistencies eliminated; see Sections 2.5.2 and 4.8.7.6 of ADS and Sections 8.7.6 and 11.6 of AP at Tab 4. <br><br>(B) No longer applicable per revision to Section 2.5.2 of ADS at Tab 5. <br><br>(C) Not applicable; see Section 2.5.2 of ADS at Tab 5. <br><br>(D) See response to (B) above. | Certain changes were made to the ADS; Sealed Air continues to pursue its objection. |

---

1 "ADS" shall mean the Amended Disclosure Statement filed on January 13, 2005 (Docket No. 7559).
2 "AP" shall mean the Amended Plan filed on January 13, 2005 (Docket No. 7560).
3 "DS" shall mean the Disclosure Statement filed on November 13, 2004 (Docket No. 6896).

| No. | Objecting Party | Basis of Objection | Action Taken | Status |
|---|---|---|---|---|
| | | (E) Failure to disclose that the Asbestos Trust Agreement does not provide for many rights and obligations required by the Sealed Air Settlement Agreement (¶¶47-48). | (E) Trust Agreement will be amended to the extent necessary to include any provisions required by the Sealed Air Settlement Agreement. See Section 2.5.2 of ADS at Tab 5. | |
| 2. | **Official Committee of Asbestos Personal Injury Claimants** (*Docket No. 7313/7315*) Campbell & Levine, LLC Marla R. Eskin, Esq. Mark T. Hurford, Esq. Caplin & Drysdale, Chartered Elihu Inselbuch, Esq. Caplin & Drysdale, Chartered Peter Van N. Lockwood, Esq. Albert G. Lauber, Esq. Kimberly N. Brown, Esq. Brian A. Skretny, Esq. | DS should not be approved because the Plan is unconfirmable as a matter of law (pp.4, 24) for the following reasons: (A) Both classes of Asbestos PI Claimants are impaired under the Plan (pp.5-17); and (B) The vote of asbestos claimants is independently required by § 524(g) (pp.17-24). | (A) Both classes of Asbestos PI Claimants are not impaired. See Brief Regarding Certain Confirmation Issues[4] for response. (B) The vote of asbestos claimants is not independently required by § 524(g). See Brief Regarding Certain Confirmation Issues for response. | Objection noted; resolution subject to ruling by the Court. Debtors requested further comments regarding non-core confirmation issues which Asbestos PI Committee refused to provide. |
| 3. | **Maryland Casualty Company, Zurich American Insurance Company, & Zurich International (Bermuda) Ltd.** ("Maryland Casualty") (*Docket No. 7331*) Connolly Bove Lodge & Hutz LLP Jeffrey C. Wisler, Esq. Marc J. Phillips, Esq. | (A) Grace should not have the ability to arbitrarily alter the Asbestos Insurance Entity Injunction (¶3); (B) Failure to disclose whether the Asbestos Insurance Entities are able to enforce the Insurance Injunction (¶3); (C) Definitions of Asbestos Insurance Policy and Workers' Compensation Claims need clarification (¶ 3); (D) Failure to specify whether the insurers are Resolved or Settled Asbestos Insurance Companies (¶3); and | (A) See Response to Objections to Disclosure Statement.[5] (B) See Response to Objections to Disclosure Statement. (C) Clarification provided in Amended Glossary; see Exhibit 2 ¶¶12, 210 at Tab 6. (D) Disclosure requested provided. Exhibit 10 amended to indicate which insurance carriers are Settled Asbestos Insurance Companies or Resolved Asbestos Insurance Companies. See Exhibit 10 at Tab 7. | Certain changes were made to the ADS; Maryland Casualty and Debtors are discussing language to resolve the remaining objections. |

---

[4] Brief Regarding Certain Confirmation Issues filed on January 7, 2005 (Docket No. 7498).
[5] Response to Objections to Disclosure Statement filed on January 7, 2005 (Docket No. 7486).

| No. | Objecting Party | Basis of Objection | Action Taken | Status |
|---|---|---|---|---|
| | | (E) Insurers claim they are impaired because the Asbestos Trust may not have sufficient money and Plan and DS should be modified accordingly (¶3). | (E) Not a Disclosure Statement Objection. Insurers are not impaired; see Brief Regarding Certain Confirmation Issues for response. | |
| 4. | *Libby Claimants* *(Docket No. 7335)* Landis Rath & Cobb LLP Adam G. Landis, Esq. Kerri M. Mumford, Esq. Cohn & Whitesell LLP Daniel C. Cohn, Esq. | (A) Plan impairs Libby Claimants by virtue of channeling Asbestos PI-SE Claims to the Asbestos Trust so they must be allowed to vote (¶¶11-12); (B) Plan and Plan-related pleadings under-allow or totally exclude legitimate claims, including Libby Claims by imposing certain conditions (¶¶13-22); (C) Plan fails to follow the norms established in other asbestos cases and makes no provision for the fact that Grace is the Libby Claimants' sole source of exposure (¶23); (D) Failure to disclose deviations from the standards, procedures and historical results obtained through the tort system (¶26); (E) Failure to disclose the basis for the asbestos fund figures and proposed caps (¶26); and (F) Failure to disclose the magnitude of "the tragedy of Libby" (¶26). | (A) Libby Claimants are not impaired. See Brief Regarding Certain Confirmation Issues for response. (B) Not a Disclosure Statement Objection. See Brief Regarding Certain Confirmation Issues, Estimation Reply[6] and New CMO Reply[7] for response. (C) Disclosure is adequate. Plan provides for appropriate procedures regarding estimation; see Response to Objections to Disclosure Statement and Estimation Reply for response. (D) Disclosure is adequate. Plan provides for appropriate procedures regarding estimation; see Estimation Reply for response. (E) ADS provides additional disclosure. Plan provides for appropriate procedures regarding estimation; see Section 4.7.6 at Tab 8. See also Estimation Reply for response. (F) Disclosure is adequate; see Sections 2.3.2 and 2.5.1.1 of ADS at Tab 9. | Objection noted; resolution subject to ruling by the Court. Certain changes were made to the ADS; Debtors are awaiting language from Libby Claimants. |

---

[6] Estimation Reply filed on January 7, 2005 (Docket No. 7502).
[7] New CMO Reply filed on January 7, 2005 (Docket No. 7492).

| No. | Objecting Party | Basis of Objection | Action Taken | Status |
|---|---|---|---|---|
| 5. | *Future Claimants Representative (Docket No. 7340)*<br><br>Phillips Goldman & Spence, P.A.<br>John C. Phillips, Jr. Esq.<br>Swidler Berlin Shereff Friedman, LLP<br>Roger Frankel, Esq.<br>Richard H. Wyron, Esq.<br>Matthew W. Cheney, Esq.<br>Debra L. Felder, Esq. | DS should not be approved because the Plan is patently unconfirmable as a matter of law (p.2) for the following reasons:<br><br>(A) Asbestos Claims are impaired under the Plan and Plan related motions (pp.2, 7, 8-11);<br><br>(B) An affirmative vote is required to satisfy § 524(g) (pp.2, 7, 11-13); and<br><br>(C) Improper estimation of Asbestos Claims for distribution purposes and unfair cap of the Debtors' aggregate asbestos liability (pp.7, 13-17). | (A) Asbestos Claims are not impaired.  See Brief Regarding Certain Confirmation Issues for response.<br><br>(B) An affirmative vote is not required to satisfy § 524(g).  See Brief Regarding Certain Confirmation Issues for response.<br><br>(C) Estimation is appropriate.  See Brief Regarding Certain Confirmation Issues for response. | Objection noted; resolution subject to ruling by the Court. Debtors requested further comments regarding non-core confirmation issues and received no response. |
| 6. | *Office of the United States Trustee (Docket No. 7342)*<br><br>Office of the United States Trustee<br>Frank J. Perch III, Esq. | (A) Failure to explain the proposed unimpaired treatment of asbestos claimants and how they will be paid in full (¶15(a));<br><br>(B) Inclusion of procedures for objecting to claims after confirmation are contrary to law (¶15(b));<br><br>(C) Failure to disclose that the procedures regarding disallowance of certain claims are contrary to law (¶15(c));<br><br>(D) Provision regarding release of third-party claims without their affirmative vote is not permissible (¶15(d)); and<br><br>(E) Exculpatory provision of the Plan is facially overbroad (¶15(e)). | (A) Asbestos PI Claimants and Asbestos PD Claimants are not impaired.  See Brief Regarding Certain Confirmation Issues for response.<br><br>(B) Requested disclosure provided; see Section 4.5.1 of ADS and Section 5.1 of AP at Tab 10.<br><br>(C) AP and ADS omit such disallowance process.  See Section 8.1.3 of AP and Section 4.8.1.3 of ADS at Tab 11.<br><br>(D) Not a Disclosure Statement Objection; Plan Objection.  Debtors disagree with the U.S. Trustee's position.  See Section 4.8 of ADS at Tab 12.<br><br>(E) AP and ADS exclude exculpation for willful misconduct.  See Section 4.11 of ADS and Section 11.8 of AP at Tab 13. | Objection noted; resolution subject to ruling by the Court. Certain changes were made to the ADS; US Trustee and Debtors are discussing language to resolve the objection. |

| No. | Objecting Party | Basis of Objection | Action Taken | Status |
|---|---|---|---|---|
| 7. | *Official Committee of Asbestos Property Damage Claimants (Docket No. 7343)*<br><br>Bilzin Sumberg Baena Prince & Axelrod<br>Scott L. Baena, Esq.<br>Jay M. Sakalo, Esq.<br>Allyn S. Danzeisen, Esq.<br><br>Ferry, Joseph & Pearce, P.A.<br>Theodore J. Tacconelli, Esq. | (A) Asbestos PD Claimants are impaired and should vote (¶¶4-5, 9, 13-15); | (A) Asbestos PD Claimants are not impaired. See Brief Regarding Certain Confirmation Issues for response. | Objection noted; resolution subject to ruling by the Court. |
| | | (B) Estimation cannot be used to cap Debtors' liability for Asbestos PD Claims (¶¶4, 18-19); | (B) Estimation may be used in this manner. See Brief Regarding Certain Confirmation Issues and Estimation Reply for response. | Objection noted; resolution subject to ruling by the Court. |
| | | (C) Asbestos Trust must own a majority of the Debtors' voting shares under § 524(g) (¶4, 20-23); | (C) Not a Disclosure Statement Objection. Plan complies with Section 524(g) requirements; Section 524(g)(2)(B)(i)(III) only requires that the Asbestos Trust "is to own, or by the exercise of rights granted under such plan would be entitled to own if specified contingencies occur, a majority of voting shares . . ." | Resolved. |
| | | (D) Failure to disclose how Debtors arrived at the "artificial ceiling" on the Asbestos Trust Aggregate Fund (¶28, pp.15-16); | (D) Additional disclosure provided; see Sections 3.2.15 and 4.7.6 of ADS at Tab 14. See also Estimation Reply for response. | Resolved. |
| | | (E) Failure to disclose that the Plan impairs most Claimants and thus should explain the alternate view that they are impaired (¶28, pp.16-17); | (E) Additional disclosure provided; see Section 1.2.1 of ADS at Tab 15. Asbestos Claimants are not impaired. See Brief Regarding Certain Confirmation Issues for response. | Resolved. |
| | | (F) Failure to disclose that the description of ZAI is inaccurate and should include a description of the contrary evidence and arguments regarding harmful nature of ZAI (¶28, p.17); | (F) Additional disclosure provided; see Section 2.3.3 of ADS at Tab 16. | Resolved. |
| | | (G) Failure to disclose the description of historical asbestos related litigation (¶28, pp.17-18); | (G) Additional disclosure provided; see Sections 2.4 (n.11), 2.4.1 (n.12), 2.4.2 (n.13) and 4.7.6 of ADS at Tab 17. See also Estimation Reply for response. | Resolved. |
| | | (H) Failure to provide basis that the Asbestos Trust Assets will be sufficient to satisfy all legitimate asbestos claims (¶28, pp.18-19); | (H) Additional disclosure provided; see Sections 1.2.6 and 3.2.15 at Tab 18. See Brief Regarding Certain Confirmation Issues for response. | Resolved. |

| No. | Objecting Party | Basis of Objection | Action Taken | Status |
|---|---|---|---|---|
| | | (I) Failure to disclose and describe the eight Asbestos PD lawsuits (¶28, p.19); | (I) Additional disclosure provided; see Section 2.4.2 of ADS at Tab 19. | Resolved with exception of disclosure re one factual issue that parties are discussing. |
| | | (J) Failure to disclose the nature and extent of the ZAI class action lawsuits (¶28, p.19); | (J) Additional disclosure provided; see Section 2.4.3 of ADS at Tab 20. | Resolved; subject to ruling of the Court on the ZAI science trial. |
| | | (K) Failure to disclose which sites are at issue in the Consent Decree and Debtors' exposure if an agreement is not reached (¶28, pp.19-20); | (K) Additional disclosure provided; see Section 2.5.1.3 of ADS at Tab 21. | Resolved. |
| | | (L) Failure to disclose and describe the environmental insurance coverage actions (¶28, p.20); | (L) Additional disclosure provided; see Section 2.5.1.6 of ADS at Tab 22. | Resolved. |
| | | (M) Failure to disclose the potential ramifications of the Debtors' objections to the Sealed Air Settlement Agreement and material inconsistencies with the Plan (¶28, pp.20-30); | (M) Additional disclosure provided; see Section 2.5.2 of ADS at Tab 23. | Resolved. |
| | | (N) Failure to disclose the amounts of state income tax claims, range of possible settlement values and time frame for settlement (¶28, pp.30-31); | (N) Additional disclosure provided; see Section 2.5.3.2.4 of ADS at Tab 24. | Resolved. |
| | | (O) Failure to disclose the impact to holders of Asbestos Claims of the Debtors' asbestos related insurance, adequately describe the insurance section for a reasonable investor and disclose Debtors' intentions with the recovered insurance proceeds (¶28, p.31); | (O) Disclosure is adequate; see Section 2.8.2 of ADS at Tab 25. | Resolved. |
| | | (P) Failure to disclose Exhibit 11 (¶28, p.32); | (P) Exhibit 11 will be filed with this Court prior to approval of ADS. | Resolved. |
| | | (Q) Failure to disclose that Debtors' valuation is subject to dispute (¶28, pp.32-33); | (Q) Requested disclosure provided; see Section 2.8 of ADS at Tab 26. | Resolved. |

6

| No. | Objecting Party | Basis of Objection | Action Taken | Status |
|---|---|---|---|---|
| | | (R) Failure to update and analyze the Montana Grand Jury Investigation (¶28, p.33); | (R) Additional disclosure provided; see Section 3.2.8.3 of ADS at Tab 27. | Resolved. |
| | | (S) Failure to disclose potential impact of ruling on Motion Requesting the District Court to Refer Jurisdiction to the Bankruptcy Court for CMO (¶28, pp.33-34); | (S) Additional disclosure provided; see Section 3.2.9 of ADS at Tab 28. | Resolved. |
| | | (T) Failure to adequately describe the Canadian proceeding and Grace's potential liability for Canadian claims (¶28, p.34); | (T) Additional disclosure provided; see Sections 3.3.5, 3.3.6 and 3.3.7 of ADS at Tab 29. | Resolved. |
| | | (U) Failure to disclose the interplay of the payment of Intercompany Claims and limited substantive consolidation (¶28, p.34); | (U) Additional disclosure provided; see Section 4.7.13 of ADS at Tab 30. | Resolved. |
| | | (V) Failure to explain Debtors' reference to an "amount asserted" by a Holder of an Asbestos PI-SE Claim (¶28, pp.34-35); | (V) Additional disclosure provided; see Section 4.3.1.6 of ADS at Tab 31. | Resolved. |
| | | (W) Failure to disclose interplay between liability and control of determination of Class 7 Claims in the Asbestos Trust and failure to explain Debtors' reference to an "amount asserted" by a Holder of an Asbestos PI-AO Claim (¶28, p.35); | (W) Additional disclosure provided; see Section 4.5.3 of ADS at Tab 32. | Resolved. |
| | | (X) Failure to disclose the steps to estimate the amount of Asbestos PD claims, range of the size of the Asbestos Trust Expenses Fund, and result if the actual amount exceeds the estimated amount of such Expenses (¶28, pp.35-37); | (X) Additional disclosure provided; see Section 3.2.15 at Tab 33. AP provides for appropriate procedures regarding estimation; see Estimation Reply for response. | Objection noted; resolution subject to ruling by the Court. |
| | | (Y) Failure to disclose why General Unsecured Claims are impaired (¶28, p.37); | (Y) Additional disclosure provided; see Section 4.3.1.9 and chart in Section 1.2.1 of ADS at Tab 34. | Resolved. |
| | | (Z) Failure to adequately disclose amendments to the Article of Incorporation and Certificates of Incorporation, proposed amendments to by-laws and the purchase of D&O and fiduciary liability tail coverage (¶28, pp.37-38); | (Z) Requested disclosure is premature and will be provided in connection with Plan confirmation. Additional disclosure provided; see Section 4.7.1 of ADS at Tab 35. | Resolved; subject to ruling by the Court. |

| No. | Objecting Party | Basis of Objection | Action Taken | Status |
|---|---|---|---|---|
| | | (AA) Failure to disclose allocation of the Sealed Air Payment to the various Funds, summarize certain sections of the Plan, and discuss the "cooperation agreement" (¶28, pp.38-40); | (AA) Disclosure is adequate. Money is fungible and may be allocated as needed. ADS incorporates only a summary of the AP. AP should be referenced for the complete provisions. Discussion of a cooperation agreement with an Asbestos Trust that has not yet been established is premature. See Section 4.7.2 of ADS at Tab 36. | Not resolved. |
| | | (BB) Failure to adequately summarize the Contracts section of the Plan (¶28, pp.40-41); | (BB) Disclosure is adequate. ADS incorporates only a summary of the AP. AP should be referenced for the complete provisions. See Section 4.9 of ADS at Tab 37. | Not resolved. |
| | | (CC) Failure to disclose retention of jurisdiction over any proceeding involving the channeling injunction (¶28, p.41); | (CC) Disclosure is adequate; see Section 4.10 of ADS and Section 10 of AP at Tab 38. | Resolved. |
| | | (DD) Failure to disclose the potential causes of action (¶28, p.41); | (DD) Disclosure is adequate; see Sections 2.7.3 and 4.11 of ADS at Tab 39. | Resolved. |
| | | (EE) Failure to disclose that the description of Section 11.9 in the Plan is internally inconsistent because the Plan and DS mention that the Reorganized Debtors will retain an interest in prosecuting objections to Asbestos PI-AO Claims (¶28, pp.41-42); | (EE) Disclosure is adequate; Section 11.9 is not internally inconsistent. Section 11.9 refers to title to assets and vesting of such title in the Asbestos Trust or Reorganized Debtor, as applicable. See Section 11.9 of AP at Tab 40. | Resolved. |
| | | (FF) Failure to disclose how the Plan meets the requirements of §§ 1129 and 524(g) (¶28, p.42); | (FF) Not a Disclosure Statement Objection. The Plan meets the requirements of §§ 1129 and 524(g); see Brief Regarding Certain Confirmation Issues for response. | Resolved. |
| | | (GG) Failure to explain how Debtors will achieve § 524(g) vote when Holders of Asbestos Claims do not vote (¶28, p.42); and | (GG) Actual vote is not required to satisfy § 524(g)(2)(B)(IV)(bb) requirement. See Brief Regarding Certain Confirmation Issues for response. | Objection noted; subject to ruling by the Court. |
| | | (HH) Failure to disclose that Debtors cannot "cramdown" § 524 (¶28, pp.42-43). | (HH) See Brief Regarding Certain Confirmation Issues for response. | Objection noted; subject to ruling by the Court. |