# TAB 34

### 4.3.1.9 Class 9.     General Unsecured Claims

Class 9 consists of all General Unsecured Claims against the Debtors.

Each Holder of an Allowed General Unsecured Claim shall be paid the Allowed Amount of its General Unsecured Claim on the GUC Distribution Date. Such payment shall be either (i) in full, plus post-petition interest, ~~for those Claimants who, but for the Filing of the Chapter 11 Cases, would be entitled~~ *to accrue or be paid interest on such Claim in a non-default (or non-overdue payment) situation under applicable non-bankruptcy law,* such payment to be 85% in ~~C~~cash and 15% in Parent Common Stock, such Parent Common Stock being subject to, among other things, the transactions described in Section 7.2.2 of the Plan, and the Management Stock Incentive Plan, or (ii) upon such other less favorable terms as may be mutually agreed upon between the Holder of an Allowed General Unsecured Claim and the Reorganized Debtors. **Notwithstanding the foregoing, each Holder of a Claim which by operation of the Fresenius Settlement Agreement is an obligation for Fresenius Indemnified Taxes promptly shall be paid in full in cash as such Fresenius Indemnified Taxes become due and payable.**

**Post-petition interest shall accrue from the Petition Date through the date of payment[22] and shall be (i) for the Holders of Claims under the Debtors' pre-petition bank credit facilities, at a rate of 6.09% per annum, compounded quarterly, (ii) for the Holders of Claims** *who, but for the Filing of the Chapter 11 Cases* **would be entitled under a contract or otherwise** *to accrue or be paid interest on such Claim in a non-default (or non-overdue payment) situation under applicable non-bankruptcy law,* **the rate provided in the contract between a Debtor(s) and the Claimant or such rate as may otherwise apply under applicable non-bankruptcy law, or (iii) for all other Holders of Class 9 Claims, at a rate of 4.19% per annum (the federal judgment rate as of the Petition Date), compounded annually.[23]**

---

[22] **In consideration for the treatment provided to Class 9 Claims, the Unsecured Creditors' Committee has agreed to be a Plan Proponent of the Debtors' Amended Joint Plan filed on or about January 13, 2005 as the same may be amended from time to time with the consent of the Unsecured Creditors' Committee (the "Plan"). The Unsecured Creditors' Committee and the Debtors have agreed that the Unsecured Creditors' Committee has the right to withdraw as a Plan Proponent on the occurrence of any of the following circumstances: (i) failure of the Court to approve the Disclosure Statement incorporating the Plan no later than November 30, 2005; (ii) determination by the Court that the Plan is not confirmable and the failure to file an amended Plan within 60 days; (iii) determination by the Court that the Debtors are insolvent; (iv) termination of the Debtors' exclusive period; (v) withdrawal of the Plan by the Plan Proponents and the failure of the Plan Proponents to file a new Plan within 60 days; or (vi) failure of the Plan to become effective on or before January 1, 2007. This agreement does not commit any member of the Unsecured Creditors' Committee or any creditor to vote for the Plan. The parties intend to memorialize their agreement in a plan support agreement. In consideration for the treatment provided to Class 9 Claims, certain substantial Claimants have also agreed to support the Plan.**

[23] **For example, if a Claimant is entitled to be paid interest on a Claim in a non-default (or non-overdue payment) situation at a rate of 3.0% (as provided for in the contract between the Debtor and the Claimant), such Claimant shall be paid post-petition interest at such rate. Alternatively, if a Claimant is not entitled to be paid interest on a Claim in a non-default (or non-overdue payment) situation because**

The Parent Common Stock paid to the Holders of Allowed General Unsecured Claims in accordance with Section ~~3.1.10~~**3.1.9**(b) of the Plan shall be valued at the average of the closing prices on The New York Stock Exchange for the trading days within the thirty (30) calendar days immediately preceding the GUC Distribution Date. **The trading price on the GUC Distribution Date could be higher or lower than such average. The Parent Common Stock may be subject to material price volatility and may trade up or down after the GUC Distribution Date.**

The Debtors estimate the total of all Allowed General Unsecured Claims to be approximately $~~95~~**1,175** million as of September 30, 2004.[~~11~~**24**] **This amount consists of $500 million of principal and approximately $121 million of accrued interest under the Debtors' pre-petition bank credit facilities, approximately $223 million of environmental Claims, approximately $14 million of amounts drawn under drawn letters of credit (including accrued interest), $36 million of accounts payable including accrued interest, $87 million of asbestos Claims subject to pre-petition judgments or agreements (including accrued interest), $10 million of insurance and other Claims, and $185 million of other unliquidated liabilities (including $72 million of unliquidated environmental), which are conservatively estimated to be Class 9 Claims when and if Allowed. These unliquidated liabilities are not projected to be Allowed General Unsecured Claims at the Effective Date.**

Class 9 is impaired **as Class 9 Claimants are to receive 15% of the Allowed Amount of their Claims in the form of stock, the value of which may be volatile and cannot be guaranteed**. The Debtors are soliciting the votes of Holders of the General Unsecured Claims in Class 9 to accept or reject the Plan in the manner and to the extent provided in the Confirmation Procedures Order.

---

**the contract does not provide for such payment, such Claimant shall be paid post-petition interest at a rate of 4.19% per annum (the federal judgment rate as of the Petition Date).**

[~~11~~**24**]  This figure is consistent with the Debtors' books and records and includes the Debtors' estimates for certain Claims that are disputed, which Claims may ultimately be determined to be significantly higher or lower.

| CLASS | DESCRIPTION OF CLASS | IMPAIRED | TREATMENT UNDER THE PLAN | ESTIMATED AMOUNT OF ALLOWED CLAIMS | ESTIMATED pPERCENTAGE RECOVERY |
|---|---|---|---|---|---|
| N/A | Administrative Expense Claims | N/A | Each Holder of an Allowed Administrative Expense Claim shall be paid the Allowed Amount of its Claim either (i) in full, in Ccash, by the Reorganized Debtors, on the Effective Date or as soon as practicable thereafter, or (ii) on such less favorable terms as may be agreed to by such hHolder. Ordinary course of business eClaims and eClaims of Professionals shall be paid as described in the Plan. | $75138 million[3] | 100% |
| N/A | Priority Tax Claims | N/A | Each Holder of an Allowed Priority Tax Claim shall be paid the Allowed Amount of its Priority Tax Claim, at the option of the Reorganized Debtors, either (i) in full, in Ccash, by the Reorganized Debtors, on the Effective Date or as soon as practicable thereafter, or (ii) on such less favorable terms as may be agreed to by such hHolder, or (iii) in equal quarterly Ccash payments on the Initial Distribution Date and, thereafter, on each Quarterly Tax Distribution Date in an aggregate amount equal to such Allowed Priority Tax Claim, together with interest at 3.5% per annum, over a period not exceeding six (6) years after the date of assessment of such Allowed Priority Tax Claim, or upon such other terms determined by the Bankruptcy Court, which will provide the Holder of such Allowed Priority Tax Claim deferred Ccash payments having a value, as of the Effective Date, equal to such Allowed Priority Tax Claim; provided, however, that each Holder of a Claim which by operation of the Fresenius Settlement Agreement is an obligation for Fresenius Indemnified Taxes promptly shall be paid in full in cash as such Fresenius Indemnified Taxes become due and payable. | $232 million | 100% |
| Class 1 | Priority Claims | No | Each Holder of an Allowed Priority Claim shall be paid the Allowed Amount of its Allowed Priority Claim either (i) in full, in Ccash, on the later of (A) the Effective Date or as soon as practicable thereafter or (B) the date such Priority Claim becomes an Allowed Priority Claim, or as soon as practicable thereafter, or (ii) on such less favorable terms as may be agreed to by such hHolder. | $0 | 100% |
| Class 2 | Secured Claims | No | Each Holder of an Allowed Secured Claim shall be paid the Allowed Amount of its Allowed Secured Claim at the option of the | $090,000 plus interest at the applicable rate, if any | 100% |

---

[3] Includes amounts classified as liabilities subject to compromise which are expected to be paid on the Effective Date, or as soon as practicable thereafter (approximately $76 million), and after the Effective Date in accordance with their terms (approximately $62 million).

| CLASS | DESCRIPTION OF CLASS | IMPAIRED | TREATMENT UNDER THE PLAN | ESTIMATED AMOUNT OF ALLOWED CLAIMS | ESTIMATED pPERCENTAGE RECOVERY |
|---|---|---|---|---|---|
| Class 3 | Unsecured Pass-Through Employee Related Claims | No | Reorganized Debtors, either (i) in full, in Ccash, on the later of (A) the Effective Date or as soon as practicable thereafter or (B) the date such Secured Claim becomes an Allowed Secured Claim, or as soon as practicable thereafter; (ii) on such less favorable terms as may be agreed to by such hHolder; (iii) by the surrender to the Holder or Holders of any Allowed Secured Claim of the property securing such Claim; or (iv) notwithstanding any contractual provision or applicable law that entitles the Holder of a Secured Claim to demand or receive payment thereof prior to the stated maturity from and after the occurrence of a default, by reinstatement in accordance with Bankruptcy Code § 1124(2)(A)-(D). The Plan leaves unaltered the legal, equitable, and contractual rights to which each such Claim entitles the Holder of such Claim. | | 100% |
| Class 4 | Workers' Compensation Claims | No | The Plan leaves unaltered the legal, equitable, and contractual rights to which each such Claim entitles the Holder of such Claim. | Most Allowed Claims have already been paid pursuant to first day orders of this Court and continue to be paid in the ordinary course as they become due; $191190 million of Claims[4] are estimated to be Allowed and outstanding. | 100% |
| Class 5 | Intercompany Claims | No | The Plan leaves unaltered the legal, equitable, and contractual rights to which each such Claim entitles the Holder of such Claim. | Allowed Claims have already been paid pursuant to first day orders of this Court and continue to be paid in the ordinary course as they become due. For proforma cash flow purposes all Claims will have no impact upon the Plan as all payments under the Plan are based upon the | 100% |

---

[4] Includes approximately $123 million of post-retirement benefits other than pensions classified pursuant to Section 2.6.3.3, approximately $63 million of unfunded special pension arrangements classified pursuant to Section 2.6.3.4, and approximately $5 million of deferred compensation classified pursuant to Section 2.6.3.6.

| CLASS | DESCRIPTION OF CLASS | IMPAIRED | TREATMENT UNDER THE PLAN | ESTIMATED AMOUNT OF ALLOWED CLAIMS | ESTIMATED pPERCENTAGE RECOVERY |
|---|---|---|---|---|---|
| Class 6 | Asbestos PI-SE Claims | No | All Allowed Class 6 Claims shall be paid in full by the Asbestos Trust out of the Asbestos PI-SE Class Fund and shall be processed and paid in accordance with the Asbestos Trust Agreement and the PI-SE TDP. Each Holder of an Asbestos PI-SE Claim shall complete an Asbestos PI Questionnaire or Claims Materials, as applicable, and have the option to elect: (A) the Litigation Option or <u>Canadian Litigation Option, as applicable, or</u> (B) the Cash-Out Option; provided, however, that a Holder of a Third Party Indemnification/Contribution Claim shall be conclusively presumed to have elected the Litigation Option <u>or Canadian Litigation Option as applicable</u>. Failure to complete and return an Asbestos PI Questionnaire or Claims Materials, as applicable, by the applicable deadline shall result in an automatic election of the Litigation Option <u>or Canadian Litigation Option as applicable</u>. A Holder may also be treated on such less favorable terms as may be agreed to by such Holder. | An amount to be determined by the Bankruptcy Court pursuant to the Estimation Motion[35] | 100% |
| Class 7 | Asbestos PI-AO Claims | No | All Allowed Class 7 Claims shall be paid in full initially by the Asbestos Trust out of the Asbestos PI-AO Class Fund and then in <s>C</s><u>c</u>ash by the Asbestos Trust from funds to be paid to the Asbestos Trust by the Reorganized Debtors. All Allowed Class 7 Claims shall be processed and paid in accordance with the Asbestos Trust Agreement and the PI-AO TDP. In accordance with the terms of the Asbestos Trust Agreement and the PI-AO TDP, each Holder of an Asbestos PI-AO Claim shall complete an Asbestos PI Questionnaire or Claims Materials, as applicable, and have the option to elect: (A) the Litigation Option<u>, or Canadian Litigation Option, as applicable</u>; (B) the Cash-Out Option; or (C) the Registry Option<s>,</s><u>;</u> provided, however, that a Holder of a Third Party Indemnification/Contribution Claim shall be conclusively presumed | An amount to be determined by the Bankruptcy Court pursuant to the Estimation Motion[46] | 100% |
|  |  |  |  | Debtors and Non-Debtor Affiliates as consolidated. |  |

---

[35] As a condition precedent to confirmation of the Plan, the Court shall have found that the aggregate of the Asbestos PI-SE Class Fund, the Asbestos PD Class Fund, and the Asbestos Trust Expenses Fund is not greater than $1,483,000,000.

[46] As a condition precedent to confirmation of the Plan, the Court shall have found that the Asbestos PI-AO Class Fund is not greater than $130,000,000.

| CLASS | DESCRIPTION OF CLASS | IMPAIRED | TREATMENT UNDER THE PLAN | ESTIMATED AMOUNT OF ALLOWED CLAIMS | ESTIMATED ~~P~~PERCENTAGE RECOVERY |
|---|---|---|---|---|---|
| Class 8 | Asbestos PD Claims | No | to have elected the Litigation Option <u>or Canadian Litigation Option as applicable</u>. Failure to complete and return an Asbestos PI Questionnaire or Claims Materials, as applicable, by the applicable deadline shall result in an automatic election of the Litigation Option <u>or Canadian Litigation Option as applicable</u>. A Holder may also be treated on such less favorable terms as may be agreed to by such Holder.<br><br>All Allowed Class 8 Claims shall be paid in full and processed and paid in accordance with the Asbestos Trust Agreement and the PD TDP. A ~~h~~<u>H</u>older may also be treated on such less favorable terms as may be agreed to by such ~~h~~<u>H</u>older. | An amount to be determined by the Bankruptcy Court pursuant to the Estimation Motion[5,7] | 100% |
| Class 9 | General Unsecured Claims | Yes | Each Holder of an Allowed General Unsecured Claim shall be paid the Allowed Amount of its General Unsecured Claim on the GUC Distribution Date. Such payment shall be paid in full, plus post-petition interest, for those Claimants ~~who, but for the filing of the Chapter 11 Cases, would be entitled to accrue or be paid interest on such Claim in a non-default (or non-overdue payment) situation under applicable non-bankruptcy law~~, such payment to be 85% in ~~c~~<u>C</u>ash and 15% in Parent Common Stock. Such payment shall be paid-in full, plus post-petition interest, for those Claimants who, but for the filing of the Chapter 11 Cases, would be entitled to accrue or be paid interest on such Claim in a non-default (or non-overdue payment) situation under applicable non-bankruptcy law, such payment to be 85% in Cash and 15% in Parent Common Stock, being subject to, among other things, the transactions described in Section 7.2.2 of the Plan, and the Management Stock Incentive Plan. A holder<u>Each Holder of a Claim which by operation of the Fresenius Settlement Agreement is an obligation for Fresenius Indemnified Taxes promptly shall be paid in full in cash as such Fresenius Indemnified Taxes become due and payable</u>. A Holder may also be treated on such less favorable terms as may be agreed to by ~~such holder~~<u>Holder</u>. | ~~$95~~<u>$1,175</u> million as of 9/30/04, plus accrued interest through the payment date[8] | 100% |

---

[5,7] As a condition precedent to confirmation of the Plan, the Court shall have found that the aggregate of the Asbestos PI-SE Class Fund, the Asbestos PD Class Fund, and the Asbestos Trust Expenses Fund is not greater than $1,483,000,000.

[8] Includes unliquidated liabilities, estimated at approximately $185 million, that would be Class 9 Claims if and when Allowed. <u>These unliquidated liabilities are not expected to be Allowed General Unsecured Claims at the Effective Date.</u>

| CLASS | DESCRIPTION OF CLASS | IMPAIRED | TREATMENT UNDER THE PLAN | ESTIMATED AMOUNT OF ALLOWED CLAIMS | ESTIMATED PERCENTAGE RECOVERY |
|---|---|---|---|---|---|
| Class 10 | Equity Interests in the Parent | Yes | Post-petition interest shall accrue from the Petition Date through the date of payment and shall be (i) for the Holders of the Debtors' pre-petition bank credit facilities, at a rate of 6.09% per annum, compounded quarterly, (ii) for the Holders of Claims *who, but for the Filing of the Chapter 11 Cases would be entitled under a contract or otherwise to accrue or be paid interest on such Claim in a non-default (or non-overdue payment) situation under applicable non-bankruptcy law, the rate provided in the contract between a Debtor(s) and the Claimant or such rate as may otherwise apply under applicable non-bankruptcy law,* or (iii) for all other Holders of Class 9 Claims, at a rate of 4.19% per annum (the federal judgment rate as of the Petition Date), compounded annually. On the Effective Date, Holders of Class 10 Equity Interests in the Parent shall retain such interests; provided that such Equity Interests shall: (i) be subject, among other things, to the transactions described in Section 7.2.2 of the Plan, and the Management Stock Incentive Plan and (ii) be restricted as described in Section 7.1.1 of the Plan. | N/A | N/A |
| Class 11 | Equity Interests in Debtors Other than the Parent | No | The Plan leaves unaltered the legal, equitable, and contractual rights to which each such Equity Interest entitles the Holder of such Equity Interest. | N/A | 100% |