# EXHIBIT A

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | **Chapter 11** |
| **W.R. GRACE & CO., et al.** | ) | **Case No. 01-01139 (JKF)** |
| | ) | |
| Debtors. | ) | Jointly Administered |

### **AFFIDAVIT**

STATE OF NEW YORK    )
                                ) ss:
COUNTY OF NEW YORK  )

      KENNETH PASQUALE, being duly sworn, deposes and says:

      1.      I am a member of the firm of Stroock & Stroock & Lavan LLP ("Stroock"), which firm maintains offices for the practice of law at 180 Maiden Lane, New York, New York 10038-4982.  Stroock has acted as counsel to and has rendered professional services on behalf of the Official Committee of Unsecured Creditors (the "Committee") of W. R. Grace & Co., and sixty-one of its domestic subsidiaries and affiliates which are debtors and debtors-in-possession before this Court.

      2.      This affidavit is submitted pursuant to Bankruptcy Rule 2016(a) in support of Stroock's fifteenth quarterly application for an interim allowance of compensation and for the reimbursement of expenses for services rendered during the period from October 1, 2004 through and including December 31, 2004 in the aggregate amount of $678,963.39 and, pursuant to the Court's June 22, 2001 Order Authorizing the Retention of Experts, in the aggregate amount of $140,422.11 for the fees and costs of the asbestos issues expert employed by the Committee during the months of September, October, November, and December 2004 .

SSL-DOCS1 1539743v2

3. All of the professional services performed by Stroock for which compensation is requested were performed for and on behalf of the Committee from October 1, 2004 through and including December 31, 2004 and not on behalf of any other person.

4. In accordance with Title 18 U.S.C. Section 155, neither I nor any member or associate of my firm has entered into any agreement, express or implied, with any other party-in-interest for the purpose of fixing the amount of any of the fees or other compensation to be allowed out of or paid from the Debtors' assets.

5. In accordance with Section 504 of the Bankruptcy Code, no agreement or understanding exists between me, my firm, or any member or associate thereof, on the one hand, and any other person, on the other hand, for division of such compensation as my firm may receive for services rendered in connection with these cases, nor will any division of fees prohibited by Section 504 of the Bankruptcy Code be made by me or any partner or associate of my firm.

_____
KENNETH PASQUALE

Sworn to before me this
11th day of February, 2005

_____
Notary Public, State of New York
No. 01MA6055692
Qualified in Nassau County
Certificate Filed in New York County
Commission Expires March 5, 2007

ETHEL EARLEY
Notary Public, State Of New York
No. 03-4650662
Qualified In Bronx County
Commission Expires March 30, 2007

-2-

SSL-DOCS1 1539743v2