IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) |
| | ) **Chapter 11** |
| **W.R. GRACE & CO., et al.** | ) **Case No. 01-01139 (JKF)** |
| | ) **(Jointly Administered)** |
| **Debtors.** | ) Objection Deadline: June 10, 2005 at 4:00 p.m. |
| | ) Hearing: June 27, 2005 at 12:00 p.m. |

**NOTICE OF FILING OF
THIRD QUARTERLY INTERIM FEE APPLICATION OF
SWIDLER BERLIN LLP, BANKRUPTCY COUNSEL TO
DAVID T. AUSTERN, FUTURE CLAIMANTS REPRESENTATIVE,
FOR COMPENSATION AND REIMBURSEMENT OF
EXPENSES INCURRED FOR THE PERIOD
OCTOBER 1, 2004 THROUGH DECEMBER 31, 2004**

TO:    (1) The Debtors; (2) Counsel to the Debtors; (3) The Office of the United States
Trustee; (4) Counsel to the Official Committee of Asbestos Personal Injury
Claimants; (5) Counsel to the Official Committee of Asbestos Property Damage
Claimants; (6) Counsel to the Official Committee of Equity Holders;
(7) Counsel to the Debtors-in-Possession Lender; (8) the Fee Auditor; and
(9) Parties on the Service List

Swidler Berlin, formerly known as Swidler Berlin Shereff Friedman, LLP

("Swidler"), has filed and served its Third Quarterly Interim Fee Application for

Compensation and Reimbursement of Expenses Incurred for the Period October 1, 2004

through December 31, 2004 seeking payment in the amount of $295,064.25 in fees and

$17,028.89 in expenses for a total of $312,093.14 (the "Application").

This Application is submitted pursuant to this Court's Administrative Order, as

Amended, Under 11 U.S.C. Sections 105(a) and 331 Establishing Revised Procedures for

Interim Compensation and Reimbursement of Expenses for Professionals and Official

Committee Members dated April 17, 2002 (the "Administrative Order").

Objections or responses to the Application, if any, must be made in writing and filed with the United States Bankruptcy Court for the District of Delaware, Marine Midland Plaza, 824 Market Street, Fifth Floor, Wilmington, DE 19801, on or before **June 10, 2005 at 4:00 p.m., Eastern Time.**

At the same time you must also serve a copy of the objections or responses, if any, upon the following: (i) co-counsel to David T. Austern, Roger Frankel, Esquire and Richard H Wyron, Esquire, Swidler Berlin LLP, 3000 K Street, NW, Suite 300, Washington, DC 20007 and John C. Phillips, Jr., Esquire, Phillips, Goldman & Spence, P.A., 1200 North Broom Street, Wilmington, DE 19806 ; (ii) co-counsel for the Debtors, David M Bernick, Esquire, Kirkland & Ellis LLP, 200 East Randolph Drive, Chicago, IL 60601 and Laura Davis Jones, Esquire, Pachulski, Stang, Ziehl, Young & Jones, P.C., 919 North Market Street, Suite 1600, P.O. Box 8705, Wilmington, DE 19899-8705; (iii) co-counsel to the Official Committee of Unsecured Creditors, Lewis Kruger, Esquire, Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, NY 10038-4982 and Michael R. Lastowski, Esquire, Duane Morris, LLP, 1100 N Market Street, Suite 1200, Wilmington, DE 19801-1246; (iv) co-counsel to the Official Committee of Asbestos Property Damage Claimants, Scott L. Baena, Esquire, Blizin, Sumberg, Dunn, Baena, Price & Axelrod, First Union Financial Center, 200 South Biscayne Boulevard, Suite 2500. Miami, FL 33131 and Michael B. Joseph, Esquire, Ferry & Joseph, P.A., 824 Market Street, Suite 904, P.O. Box 1351, Wilmington, DE 19899; (v) co-counsel to the Official Committee of Asbestos Personal Injury Claimants, Elihu Inselbuch, Esquire, Caplin & Drysdale, 399 Park Avenue, 36th Floor, New York, NY 10022 and

-2-

Mark Hurford, Esquire, Campbell & Levine, LLC, Chase Manhattan Centre, 15th Floor, 1201 Market Street, Suite 1500, Wilmington, DE 19801; (vi) co-counsel to the DIP Lender, J. Douglas Bacon, Esquire, Latham & Watkins. Sears Tower, Suite 5800, Chicago, IL 60606 and Steven M. Yoder, Esquire, The Bayard Firm, 222 Delaware Avenue. Suite 900, P.O. Box 25130, Wilmington, DE 19899; (vii) counsel to the Official Committee of Equity Holders, Thomas Moers Mayer, Esquire, Kramer Levin Naftalis & Frankel LLP, 919 Third Avenue, New York, NY 10022; (viii) the Office of the United States Trustee, ATTN: Frank J. Perch, Esquire, 844 N. King Street, Wilmington, DE 19801; and (ix) the Fee Auditor, Warren H. Smith, Warren H. Smith and Associates, Republic Center, 325 N. St. Paul, Suite 4080, Dallas, TX 75201.

Any questions regarding this Notice or attachments may be directed to the undersigned counsel.

Respectfully submitted,

PHILLIPS, GOLDMAN & SPENCE, P.A.

John C. Phillips, Jr. (#110)
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200
(302) 655-4210 (fax)
Co-Counsel to David T. Austern,
Future Claimants Representative

Dated: February 28, 2005

-3-

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) |
| | ) |
| W.R. GRACE & CO., et al. | ) |
| | ) |
| Debtors. | ) |
| | ) |

**Chapter 11**
**Case No. 01-01139 (JKF)**
**(Jointly Administered)**

Objection Deadline: June 10, 2005 at 4:00 p.m.
Hearing: June 27, 2005 at 12:00 p.m.

## THIRD QUARTERLY INTERIM FEE APPLICATION OF SWIDLER BERLIN LLP, BANKRUPTCY COUNSEL TO DAVID T. AUSTERN, FUTURE CLAIMANTS REPRESENATIVE, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR <u>THE PERIOD OCTOBER 1, 2004 THROUGH DECEMBER 31, 2004</u>

### <u>SUMMARY SHEET</u>

| | |
|---|---|
| Name of Applicant: | Swidler Berlin LLP |
| Authorized to Provide Professional Services to: | David T. Austern, Future Claimants Representative |
| Date of Retention: | As of May 24. 2004 (pursuant to this Court's Order entered September 27, 2004) |
| Period for which Compensation and Reimbursement is sought: | October 1, 2004 – December 31, 2004 |
| Amount of Compensation sought as Actual Reasonable and Necessary: | $295,064.25 |
| Amount of Expense Reimbursement sought as Actual, Reasonable and Necessary: | $17,028.89 |

This is a  ___ monthly        _x_ interim        ___ final application

## PRIOR APPLICATIONS FILED

Swidler was retained effective as of May 24, 2004, pursuant to this Court's Order entered September 27, 2004. Swidler has filed its monthly fee applications for the period October 1-31, 2004, November 1-30, 2004, and December 1-31, 2004 for the third quarterly period. Swidler has previous filed monthly fee applications for the period May 24-31, 2004 through June 1-30, 2004 for the first quarterly period and July 1-31, 2004, August 1-31, 2004, and September 1-30, 2004 for the second quarterly period.

## SWIDLER PROFESSIONALS

| Name of Professional Person | Position of Applicant, No. of Years in Position, Prior Relevant Experience, Yr. Obtained License to Practice, Area of Expertise | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Roger Frankel | Partner, 21 years in position; 33 years relevant experience; 1971, Bankruptcy | $605.00 | 97.70 | $59,108.50 |
| Peri Mahaley | Partner, 11 years in position; 25 years relevant experience; 1979, Insurance Litigation | $500.00 | 1.00 | $500.00 |
| Glenn S. Miller | Partner, 2 years in position; 12 years relevant experience; 1992, Tax | $435.00 | .70 | $304.50 |
| Mark J. Plumer | Partner, 10 years in position; 17 years relevant experience; 1987, Insurance Litigation | $520.00 | 12.80 | $6,656.00 |
| Richard H. Wyron | Partner, 15 years in position; 25 years relevant experience; 1979, Bankruptcy | $510.00 | 122.60 | $62,526.00[1] |
| Shara L. Boonshaft | Associate, 2 years in position; 2 years relevant experience; 2002, Insurance Litigation | $205.00 | 12.00 | $2,460.00 |
| Matthew W. Cheney | Associate, 7 years in position; 7 years relevant experience; 1997, Bankruptcy | $310.00 | 59.90 | $18,569.00 |
| Debra L. Felder | Associate, 2 years in position; 2 years relevant experience; 2002, Bankruptcy | $205.00 | 166.70 | $34,173.50 |
| Mara A. Glaser | Associate, 6 years in position; 6 years relevant experience; 1998, Corporate | $310.00 | 2.30 | $713.00 |
| Scott J. Levitt | Associate, 10 years in position; 10 years relevant experience; 1995, Insurance Litigation | $355.00 | 204.30 | $72,526.50 |
| William T. O'Neil | Associate, 15 years in position; 15 years relevant experience; 1990, Insurance Litigation | $360.00 | 1.30 | $468.00 |

---

[1] This amount represents a reduction of $1,658.00 for non-working travel

| Name of Professional Person | Position of Applicant, No. of Years in Position, Prior Relevant Experience, Yr. Obtained License to Practice, Area of Expertise | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Julie A  Weisman | Of Counsel, 23 years in position; 23 years relevant experience; 1982, Environmental | $375 00 | .80 | $300.00 |
| Rachael M. Barainca | File Clerk | $55.00 | 37.80 | $2,079.00 |
| John P. Fries | Research Librarian | $140.00 | 1.80 | $252.00 |
| Debra O. Fullem | Senior Legal Assistant | $175.00 | 59.40 | $10,395.00 |
| Deborah A. Rogers | Consultant | $180.00 | 32.60 | $5,868.00 |
| Michael A. Scarpato | Senior Consultant | $195.00 | 57.40 | $11,193.00 |
| Total | | | 904.90 | $295,064.25 |

**Total Fees:** $295,064.25
**Total Hours:**      904.90
**Blended Rate:**   $     326.07

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Case Administration | 67.30 | $11,435.50 |
| Due Diligence | 4.30 | $1,923.00 |
| Retention of Professionals-Swidler | 5.00 | $1,243.50 |
| Retention of Professionals-Other | 17.60 | $5,080.50 |
| Insurance | 373.40 | $121,408.50 |
| Litigation | 181.30 | $72,497.50 |
| Plan and Disclosure Statement | 172.30 | $63,207.50 |
| Compensation of Professionals-Swidler | 45.80 | $10,296.00 |
| Compensation of Professionals-Other | 16.50 | $3,529.00 |
| Travel Time (Nonworking)[2] | 19.00 | $$3,191.25 |
| FCR Retention Appeals | 2.40 | $1,252.00 |
| TOTAL | 904.90 | $295,064.25 |

---

In accordance with the Local Rules of this Court  Swidler bills at a 50% reduced rate for non-working travel time

## EXPENSE SUMMARY

| Expense Category | Total |
|---|---|
| Photocopies/Printing | $5,218.40 |
| Telephone/Facsimile | $59.20 |
| Postage/Federal Express/Courier Fees | $1,188.43 |
| Travel | $3,067.24 |
| Secretarial Services | $152.25 |
| Computerized Legal Research | $6,785.97 |
| Pacer | $557.34 |
| **TOTAL** | **$17,028.89** |

The actual and necessary costs and expenses for which Swidler seeks

reimbursement include, *inter alia*, the following:

a.   ***Duplicating*** -- It is Swidler's practice to charge all clients of the firm for duplicating at the in-house rate of 20¢ per page, however, Swidler has reduced the duplicating cost to 15¢ per page in order to comply with the Local Rules of this Court. This charge includes the cost of maintaining the duplicating facilities and the actual cost involved with respect to the duplication

b.   ***Long Distance Telephone and Facsimile Charges*** -- Swidler charges clients for long distance telephone calls but not for local telephone calls. Necessary mobile phone usage is reimbursed to professionals submitting an appropriate bill. Out-going facsimile transmissions do not exceed $1.00 per page and there is no charge for incoming facsimile charges.

c.   ***Messenger and Courier Service*** -- It is Swidler's practice to use Federal Express or similar express mail delivery and third-party messenger services only in exigent circumstances (i.e., when needed to meet a deadline or when a next-day response from the recipient was necessary or beneficial to the case) and only when less costly than other available alternatives.

d.   ***Overtime*** -- It is Swidler's practice to allow professionals and paraprofessionals working more than 2.5 hours of overtime to charge a meal to the appropriate client at a meal charge limited to $10 per professional. It is Swidler's practice to allow professionals and support staff to charge a car service or cab to the appropriate client when working at least 2.5 hours of overtime. Swidler endeavored not to incur overtime charges unless necessary to benefit the case and in certain exigent circumstances. Swidler utilized secretarial assistance in connection with monitoring and

updating the main and adversary case dockets and downloading, circulating and printing of pleadings filed in the case. Thus, certain charges were incurred by secretaries for overtime. (Note: These charges are at rates less than that charged by Swidler paralegals or other professional staff who may have otherwise performed this type of work.)

e. ***Computerized Research*** -- It is Swidler's practice to use computer-assisted legal research when it is impracticable to conduct such research manually. It is also Swidler's practice to use computer- assisted research to assist its clients and to reduce the amount of time spent by attorneys and paraprofessionals in manual research when it was anticipated that the resulting manual research would have resulted in a greater cost to the client. The charge to the client is actual cost, without a premium. To the extent Swidler has a volume discount, that benefit is passed on to the client.

SWIDLER BERLIN LLP

By:_____
    Roger Frankel, *admitted pro hac vice*
    Richard H. Wyron, *admitted pro hac vice*
    3000 K Street, NW, Suite 300
    Washington, DC 20007
    (202) 424-7500
    Counsel to David T. Austern,
    as Future Claimants' Representative

Dated: February 28, 2005

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) |
| | ) |
| | ) **Chapter 11** |
| W.R. GRACE & CO., et al. | ) **Case No. 01-01139 (JKF)** |
| | ) **(Jointly Administered)** |
| Debtors. | ) Objection Deadline: June 10, 2005 at 4:00 p.m. |
| | ) Hearing: June 27, 2005 at 12:00 p.m. |

**THIRD QUARTERLY INTERIM FEE APPLICATION OF**
**SWIDLER BERLIN LLP AS BANKRUPTCY COUNSEL TO**
**DAVID T. AUSTERN, FUTURE CLAIMANTS REPRESENTATIVE,**
**FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED**
**FOR THE PERIOD OCTOBER 1, 2004 THROUGH DECEMBER 31, 2004**

Pursuant to 11 U.S.C. §§ 330 and 331 of title 11 of the United States Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Code"), and this Court's Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, signed April 17, 2002, amending the Court's Administrative Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code Establishing Procedures for Allowance and Payment of Monthly Interim Compensation and Reimbursement of Expenses of Professionals, entered May 3, 2001 (the "Administrative Order"), the law firm of Swidler Berlin LLP ("Swidler") hereby submits this second quarterly interim application (the "Third Quarterly Interim Application") for an allowance of (i) compensation for professional services rendered to David T. Austern, the Future Claimants Representative (the "FCR") of W.R. Grace & Co. and its affiliates (collectively, the "Debtors") for the period October 1, 2004 through December 31, 2004

(the "Interim Period"), and (ii) the reimbursement of expenses incurred during the same period

By this Third Quarterly Fee Application, Swidler seeks the interim allowance of compensation in the amount of $295,064.25 in fees and reimbursement of actual and necessary expenses in the amount of $17,028.89 for a total of $312,093.14, or 100% of all compensation and expense reimbursement requested, for the period October 1, 2004 through December 31, 2004 (the "Interim Period"). In support of this Third Quarterly Interim Application, Swidler respectfully represents as follows:

### Jurisdiction

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1334.

### Background

2. On April 2, 2001 (the "Petition Date"), the Debtors filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code. The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. By an Order dated May 24, 2004, the Court appointed the FCR for the above captioned cases. The Order appointing the FCR also authorizes the FCR to employ professionals under the provision applicable to employment of professionals by an official committee (Section 1103 of the Bankruptcy Code). On June 15, 2004, the FCR applied to this Court for an order authorizing the retention of Swidler pursuant to an engagement agreement dated May 26, 2004 (the "Engagement Agreement") as his bankruptcy counsel.

-2-

4.    On September 27, 2004, this Court entered an order (the "Retention Order") authorizing the FCR to employ Swidler as bankruptcy counsel effective *nunc pro nunc* as of the May 24, 2004 pursuant to the terms of the Engagement Agreement. A copy of the Retention Order is attached as Exhibit A.

### Monthly Fee Applications Covered Herein

5.    Prior to the filing of this Third Quarterly Fee Application, the October, November and December monthly fee applications of Swidler had been filed with the Court pursuant to the Administrative Order.

6.    On December 3, 2004, Swidler filed its Sixth Monthly Application for Compensation for Services Rendered and Reimbursement of Expenses as Bankruptcy Counsel to the FCR for the Period October 1-31, 2004 (the "Sixth Monthly", Docket No. 7087) requesting $108,974.75 in fees and $8,520.60 in expenses. The deadline to file objections to the Sixth Monthly expired December 23, 2004 and no objections were filed. A certificate of no objection was filed with the Court on December 28, 2004 at Docket No. 7369. The Sixth Monthly is attached hereto as Exhibit B.

7.    On February 18, 2005, Swidler filed its Seventh Monthly Application for Compensation for Services Rendered and Reimbursement of Expenses as Bankruptcy Counsel to the FCR for the Period November 1-30, 2004 (the "Seventh Monthly", Docket No. 7841) requesting $97,568.00 in fees and $4,182.19 in expenses. The deadline to file objections to the Seventh Monthly expires March 10, 2005; if no objections are docketed with respect to the Seventh Monthly, a certificate of no objection will be filed with the

-3-

Court. The Seventh Monthly is attached hereto as Exhibit C.

8.     Swidler filed its Eighth Monthly Application for Compensation for Services Rendered and Reimbursement of Expenses as Bankruptcy Counsel to the FCR for the Period December 1-31, 2004 (the "Eighth Monthly", Docket No. 7842) requesting $88,521.50 in fees and $4,326.10 in expenses. The deadline to file objections to the Eighth Monthly expires March 10, 2005 and if no objections are docketed with respect to the Eighth Monthly, and a certificate of no objection will be promptly filed with the Court. The Eighth Monthly is attached hereto as Exhibit D.

9.     The Sixth, Seventh, and Eighth Monthly applications covered by this Third Quarterly Fee Application contain detailed daily time logs describing the actual and necessary services provided by Swidler during the Interim Period as well as other detailed information to be included in fee applications. Those monthly applications attached hereto as Exhibits B-D are incorporated herein by reference.

### Requested Relief

10.     By this Second Quarterly Application, Swidler requests that the Court approve the interim allowance of compensation for professionals services rendered and the reimbursement of actual and necessary expenses incurred by Swidler from October 1, 2004 through December 31, 2004. As stated above, the full scope of the services provided and the related expenses incurred are fully described in the monthly fee applications for the Interim Period that already have been filed with the Court and are attached hereto as Exhibits B-D.

-4-

11.    At all relevant times, Swidler has been an disinterested person as that term is defined in section 101(14) of the Bankruptcy Code and has not represented or held an interest adverse to the interests of the FCR.

12.    All services for which compensation is requested by Swidler were performed for or on behalf of the FCR.

13.    Except for the Debtors' promise to pay compensation and reimbursement as allowed by the Court, Swidler has received no payment and no promise for payment from any source for services rendered, or to be rendered, in any capacity whatsoever in connection with this case.

14.    In accordance with Rule 2016(b) of the Federal Rules of Bankruptcy Procedure, Swidler has not shared and has not agreed to share (a) any compensation it has received or may receive with another party or person other than with its partners, counsel and associates, or (b) any compensation another person or party has received or may receive in connection with this case.

WHEREFORE, Swidler respectfully requests that the Court enter an order, substantially in the form attached hereto, providing that, for the period October 1, 2004 through December 31, 2004, Swidler shall be allowed the sum of $295,064.25 in fees for reasonable and necessary professional services rendered to the FCR and the sum of $17,028.89 for the reimbursement of actual and necessary costs and expenses incurred, for a total of $312,093.14, that the Debtors be authorized and directed to pay to Swidler

-5-

the outstanding amount of such sums, and for such other and further relief as this Court

may deem just and proper.

SWIDLER BERLIN LLP

By:_____

Roger Frankel, *admitted pro hac vice*
Richard H. Wyron, *admitted pro hac vice*
3000 K Street, NW, Suite 300
Washington, DC  20007
(202) 424-7500
Counsel to David T. Austern,
as Future Claimants Representative

Dated: February 28, 2005

-6-

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| W.R. GRACE & CO., et al. | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

## VERIFICATION

**DISTRICT OF COLUMBIA, TO WIT:**

Roger Frankel, after being duly sworn according to law, deposes and says:

1. I am a partner of the applicant law firm Swidler Berlin LLP ("Swidler") and am admitted to appear *pro hac vice* in these cases.

2. I have personally performed many of the legal services rendered by Swidler as counsel to David T. Austern as Future Claimants' Representative ("FCR") and am familiar with the other work performed on behalf of the FCR by the other lawyers, legal assistants, and other professionals of Swidler as set forth in the attached invoices.

3. I have reviewed the Third Quarterly Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. I have reviewed the requirements of Local Rule 2016-2 and the Administrative Order as Amended dated April 17, 2002, and I believe the Application to be in compliance therewith.

_____
ROGER FRANKEL

SWORN AND SUBSCRIBED TO BEFORE ME

THIS 28th DAY OF FEBRUARY, 2005

_____
Notary Public

My commission expires:_____

Katherine Ann Swall
Notary Public in and for
The District of Columbia



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | )<br>)<br>) |
| W.R. GRACE & CO., et al. | )<br>) |
| Debtors. | )<br>) |

Chapter 11
Case No. 01-01139 (JKF)
(Jointly Administered)

### ORDER GRANTING THIRD QUARTERLY INTERIM APPLICATION OF SWIDLER BERLIN LLP AS BANKRUPTCY COUNSEL TO DAVID T. AUSTERN, FUTURE CLAIMANTS REPRESENTATIVE FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR THE PERIOD OCTOBER 1, 2004 THROUGH DECEMBER 31, 2004

Swidler Berlin LLP ("Swidler"), as bankruptcy counsel to David T. Austern, the Future Claimants Representative (the "FCR"), filed its Third Quarterly Interim Application for allowance of compensation and reimbursement of expenses for the time period October 1, 2004 through December 31, 2004 (the "Third Quarterly Application"). The Court has reviewed the Second Quarterly Application and finds that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 157 and 1334; and (b) notice of the Second Quarterly Application, and any hearing on the Second Quarterly Application, was adequate under the circumstances; and (c) all persons with standing have been afforded the opportunity to be heard on the Second Quarterly Application. Accordingly, it is hereby

ORDERED that the Third Quarterly Application of Swidler is GRANTED on an interim basis. The Debtors shall pay to Swidler the sum of $295,064.25 as compensation and $17,028.89 as reimbursement for expenses, for a total of $312,093.14 for services rendered and disbursements incurred by Swidler for the period October 1, 2004 through

December 31, 2004, less any amounts which may have been previously paid in
connection with Swidler's monthly fee applications for this period

Dated: _____, 2005

_____
United States Bankruptcy Judge

## CERTIFICATE OF SERVICE

I, CELESTE A. HARTMAN, do hereby certify that I am over the age of 18 and on February 28, 2005, I caused a copy of the *Notice, Third Quarterly Fee Application of Swidler Berlin LLP, Bankruptcy Counsel to David T. Austern, Future Claimants Representative for Compensation and Reimbursement of Expenses Incurred for the Period October 1, 2004 through December 31, 2004, Exhibits A-D, Verification and proposed Order* to be served upon those persons listed in the attached Service List in the manner so indicated.

Celeste A. Hartman, Senior Paralegal
Phillips Goldman & Spence, PA

*Hand Delivery and E-mail: ljones@pszyj.com*
(Local Counsel to the Debtors)
Laura Davis Jones, Esquire
Pachulski, Stang, Ziehl, Young &Jones, P.C.
919 North Market Street, Suite 1600
Wilmington, DE 19801

*Via First Class U.S. Mail*
Vito I. DiMaio
Parcels, Inc.
P.O. Box 27
4 East 7th Street,
Wilmington, DE 19899

(Counsel to the U.S. Trustee)
Office of the U.S. Trustee
Frank J. Perch, Esquire
844 King Street, Suite 2313
Lockbox 35
Wilmington, DE 19801-3519
*Via Hand Delivery*

**E-mail: james _kapp@ chicago.kirkland.com**
(Counsel to the Debtors)
James Kapp, III, Esquire
Kirkland & Ellis, LLP

*Via Federal Express and E-mail: feeaudit@whsmithlaw.com*
(Fee Auditor)
Warren H. Smith, Warren H. smith and Associates
Republic Enter
325 North St. Paul, Suite 4080
Dallas, TX 75201

*Via Federal Express and E-mail: william.sparks@grace.com*
(Debtor)
David B. Siegel
W.R. Grace and Co.
7500 Grace Drive
Columbia, MD 21044

*E-mail: syoder@bayardfirm.com*
(local Counsel to DIP Lender)
Steven M. Yoder, Esquire
The Bayard Firm

*E-mail: meskin@del.camlev.com*
(Local Counsel to Asbestos Claimants)
Marla Eskin, Esquire,
Campbell & Levine, LLC

*E-mail: ttacconelli@ferryjoseph.com*
(Local Counsel to Property Damage Claimants)
Theodore Tacconelli, Esquire
Ferry & Joseph, P.A.

*E-mail: mlastowski@duanemorris.com*
(Local Counsel to Official Committee of Unsecured Creditors)
Michael R. Lastowski, Esquire
Duane Morris, LLP

*E-mail: currier@klettrooney.com*
(Local Counsel to Official Committee of Equity Holders)
Teresa K.D. Currier, Esquire
Klett, Rooney, Lieber & Schorling

*E-mail: pvnl@capdale.com*
(Counsel to Official Committee to Asbestos Personal Injury Claimants)
Elihu Inselbuch, Esquire
Caplin & Drysdale

*E-mail: rserrette@stroock.com*
(Counsel to Official Committee of Unsecured Creditors)
Lewis Kruger, Esquire
Strook & Strook & Lavan LLP

*E-mail: jsakalo@bilzin.com*
(Counsel to Official Committee of Asbestos Property Damage Claimants)
Scott L. Baena, Esquire
Blizin, Sumber, Dunn, Baena, Rocie & Axelrod

*E-mail: david.heller@lw.com* and *carol.hennessey@lw.com*
(Counsel to DIP Lender)
J. Douglas Bacon, Esquire
Latham & Watkins

*E-mail: pbentley@kramerlevin.com*
**(Counsel to Official Committee of Equity Holders)**
Phillip Bentley, Esquire
Kramer Levin Naftalis & Frankel, LLP

*E-mail: meskin@del.camlev.com*
(Local Counsel to Asbestos Claimants)
Marla Eskin, Esquire,
Campbell & Levine, LLC

*E-mail: ttacconelli@ferryjoseph.com*
(Local Counsel to Property Damage Claimants)
Theodore Tacconelli, Esquire
Ferry & Joseph, P.A.

*E-mail: mlastowski@duanemorris.com*
(Local Counsel to Official Committee of Unsecured Creditors)
Michael R. Lastowski, Esquire
Duane Morris, LLP

*E-mail: currier@klettrooney.com*
(Local Counsel to Official Committee of Equity Holders)
Teresa K.D. Currier, Esquire
Klett, Rooney, Lieber & Schorling

*E-mail: pvnl@capdale.com*
(Counsel to Official Committee to Asbestos Personal Injury Claimants)
Elihu Inselbuch, Esquire
Caplin & Drysdale

*E-mail: rserrette@stroock.com*
(Counsel to Official Committee of Unsecured Creditors)
Lewis Kruger, Esquire
Strook & Strook & Lavan LLP

*E-mail: jsakalo@bilzin.com*
(Counsel to Official Committee of Asbestos Property Damage Claimants)
Scott L. Baena, Esquire
Blizin, Sumber, Dunn, Baena, Rocie & Axelrod

*E-mail: david.heller@lw.com* and *carol.hennessey@lw.com*
(Counsel to DIP Lender)
J. Douglas Bacon, Esquire
Latham & Watkins

*E-mail: pbentley@kramerlevin.com*
**(Counsel to Official Committee of Equity Holders)**
Phillip Bentley, Esquire
Kramer Levin Naftalis & Frankel, LLP