IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) Case No. 01-1139 (JKF) |
| W.R. GRACE & CO., et al., | ) (Jointly Administered) |
|  | ) |
| Debtors. | ) Related Docket No. 7753 |
|  | ) Hearing Date: March 21, 2005 at 12:00 pm |

**THE FUTURE CLAIMANTS REPRESENTATIVE'S LIMITED OBJECTION
TO THE MOTION OF THE DEBTORS FOR AN ORDER AUTHORIZING THE
DEBTORS TO ENTER INTO (A) AN EMPLOYMENT AGREEMENT WITH
ITS CURRENT CHIEF OPERATING OFFICER UNDER WHICH HE WOULD
ASSUME THE POSITION OF CHIEF EXECUTIVE OFFICER OF THE
DEBTORS ("CEO") AND (B) A POST-RETIREMENT AGREEMENT WITH
THE CURRENT CEO WHEREBY HE WOULD PROVIDE CONSULTING
SERVICES RELATED TO DEBTORS' CHAPTER 11 CASES**

David T. Austern, the legal representative for future asbestos claimants (the "FCR") appointed by this Court in the above-captioned Chapter 11 cases, by counsel, objects for the reasons set forth below to the Debtors' Motion For An Order Authorizing The Debtors To Enter Into (A) An Employment Agreement With Its Current Chief Operating Officer Under Which He Would Assume The Position Of Chief Executive Officer Of The Debtors ("CEO") And (B) A Post-Retirement Agreement With The Current CEO Whereby He Would Provide Consulting Services Related to Debtors' Chapter 11 Cases (the "Motion") [Docket No. 7753], filed by W.R. Grace & Co. and 61 of its affiliates (collectively, "Grace" or the "Debtors"), and joins in the Response and Objection of the Official Committee of Asbestos Personal Injury Claimants and the Objection of the Official Committee of Asbestos Property Damage Claimants (collectively, the "Committees' Responses").

In their Motion, the Debtors seek Court approval of, among other things, a proposed new employment agreement (the "CEO Agreement") with Alfred E. Festa, the Debtors' current Chief Operating Officer and President. The CEO Agreement provides for Mr. Festa's promotion to serve as the Debtors' CEO as of June 1, 2005, and specifies his compensation and bonuses as well as other conditions of his employment. Mr. Festa will replace Paul J. Norris, who will continue to serve as Chairman of the Debtors and will become a paid consultant.[1]

The FCR objects to the so-called "Chapter 11 Emergence Bonus" of $1,750,000 in the CEO Agreement, which is required to be paid to Mr. Festa even if the Debtors never confirm any plan of reorganization and never emerge from Chapter 11.[2] Because this "Chapter 11 Emergence Bonus" provides Mr. Festa with absolutely no economic incentive to lead the Debtors toward confirmation and emergence, the CEO Agreement should not be approved by the Court.

---

[1] The FCR does not object to the terms of the proposed consulting arrangement with Mr. Norris.

[2] The CEO Agreement provides, in relevant part:

> ...or, if the Company does not emerge from Chapter 11 within 36 months of it (or another party) filing an initial plan of reorganization with the Bankruptcy Court, you will instead be paid your Emergence Bonus as follows: $750,000 will be paid 36 months after the filing of an initial plan of reorganization with the Court, and $1,000,000 will be paid 48 months after such filing....

See CEO Agreement at 6.

For these reasons, and for the reasons set out in the Committees' Responses, the FCR respectfully requests that the Court deny approval of the CEO Agreement to the extent it provides for the Chapter 11 Emergence Bonus in its current form, and that the Court grant such other and further relief as it deems proper.

March 4, 2005

> Respectfully submitted,
>
> PHILLIPS, GOLDMAN & SPENCE, P.A.
>
> *[signature]*
>
> John C. Phillips, Jr., Esquire (#110)
> 1200 North Broom Street
> Wilmington, DE 19806
> (302) 655-4200
> (302) 655-4210 (facsimile)
>
> Roger Frankel, Esquire
> Richard H. Wyron, Esquire
> Debra L. Felder, Esquire
> Swidler Berlin LLP
> 3000 K Street, N.W., Suite 300
> Washington, D.C. 20007
> (202) 424-7500
> (202) 424-7643 (facsimile)
>
> Counsel for David T. Austern,
> Future Claimants Representative

9205249v1