**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In Re: § | |
| § | Chapter 11 |
| W.R. GRACE & CO., et al § | Jointly Administered |
| § | Case No. 01-1139 (JJF) |
| Debtors § | |

**FEE AUDITOR'S FINAL REPORT REGARDING**
**FEE APPLICATION OF PROTIVITI, INC.**
**FOR THE FOURTEENTH INTERIM PERIOD**

This is the final report of Warren H. Smith & Associates, acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Application of Protiviti, Inc. for the Fourteenth Interim Period (the "Application").

**BACKGROUND**

1.  Protiviti, Inc. (Protiviti) was retained as Sarbanes Oxley compliance advisors for the Debtors. In the Application, Protiviti seeks approval of fees totaling $710,336.72 and expenses totaling $60,263.52 for its services from July 1, 2004, through September 30, 2004.

2.  In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued January 30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of

Delaware, and the Third Circuit Court of Appeals. We served on Protiviti an initial report based on our review, and received a response from Protiviti, portions of which response are quoted herein.

## DISCUSSION

3. In our initial report, we noted a travel entry totaling $737.50 that appears to describe non-working travel time and should therefore be billed at 50% the normal rate. The entry is provided below.

| | | | | |
|---|---|---|---|---|
| 12-Jul-04 | Return to Cambridge to review process flows completed by Matt Petito and Kevin Strickler | $295.00 | 2.5 | $737.50 |

We asked Protiviti to review the entry and explain whether the time spent should have been billed as non-working travel time. Protiviti responded as follows:

> This time pertains to Victor Blanchard reviewing process flowcharts completed by Matt Petito and Kevin Strickler for the Cambridge Sarbanes Oxley Assessment. This time does not pertain to travel. The description that was provided in July was not exactly accurate. Since this time is not related to travel and directly pertains to on-site project work, the fees should be fully compensable.

We discussed this issue further with Protiviti, which stated that this: " entry reflected time actually spent at Cambridge and did not cover any travel time." We accept this response and offer no objection to these fees.

4. We noted four air fares for which the class of ticket is not designated. The entries are provided below.

| | | | |
|---|---|---|---|
| Robert Purvis | 27-Aug-04 | Airfare related to Worms plant visit- Washington D.C. to Frankfurt Germany on 9/17 | $3,458.20 |
| John Martin | 17-Sept-04 | Airfare -Wash DC to Frankfurt Germany - WR Grace Worms, Germany Sarbox audit | $3,513.50 |
| Kathryn Muller | 19-Sept-04 | Air France Air ticket Paris/ France to Frankfurt/ Germany for myself | $ 261.00 |

Kathryn Muller 26-Sept-04    Lufthansa Air ticket Paris/ France to Frankfurt/    $ 335.32

Germany for myself

For each cited entry, we asked Protiviti to provide documentation that the fare was purchased at coach or economy class. For the last two entries, we asked the firm to explain the designation "for myself" and to explain how the Paris and Frankfurt legs of the trip relate specifically to this estate. Protiviti responded as follows:

> Airfare 1 pertains to Bob Purvis' roundtrip flight from Washington DC to Frankfurt Germany to audit the Worms manufacturing plant. The flight was business class and was booked and approved by Grace Internal Audit. This activity is directly related to Protiviti's appointment as W.R. Grace's Sarbanes-Oxley Compliance Advisors and is fully compensable.
>
> Airfare 2 pertains to John Martins' roundtrip flight from Washington DC to Frankfurt Germany to audit the Worms manufacturing plant. The flight was business class and was booked and approved by Grace Internal Audit. This activity is directly related to Protiviti's appointment as W.R. Grace's Sarbanes-Oxley Compliance Advisors and is fully compensable.
>
> Airfare 3 pertains to Kathryn Mullers' roundtrip flight from Paris France to Frankfurt Germany to audit the Worms manufacturing plant. The flight was coach and was booked and approved by Grace Internal Audit. This activity is directly related to Protiviti's appointment as W.R. Grace's Sarbanes-Oxley Compliance Advisors and is fully compensable.
>
> Airfare 4 pertains to Kathryn Mullers' roundtrip flight from Paris France to Frankfurt Germany to audit the Worms manufacturing plant. The flight was coach and was booked and approved by Grace Internal Audit. This flight was a rebook of airfare 3 due to a change in travel plans. As such, the ticket change for airfare 3 was requested by Grace Internal Audit and airfare 4 was re-booked. Airfare 3 was a non-refundable ticket. This activity is directly related to Protiviti's appointment as W.R. Grace's Sarbanes-Oxley Compliance Advisors and is fully compensable.

We appreciate the response. For the Kathryn Muller airfares (Airfares 3 and 4) we accept that the fares were booked as coach and offer no objection to these expenses. For the Purvis and Martin fares (Airfares 1 and 2) we note that while the fares may have been approved by Grace Internal Audit, the costs of the fares as business class travel still exceed the recommended guidelines. We thus

recommend a reduction of one-third of the total of these two fares, for a reduction of $2,323.90 in expenses.

     5.    We noted a hotel charge of $1,842.51 that appears to be excessive. The entry is provided below.

Kathryn Muller 26-Sept-04    Hotel Bleu Marine, Paris / France four nights for myself

$1,842.51

We suggest a reasonable ceiling of $250.00 per night ($350.00 for New York, San Francisco and certain foreign cities including Paris) for hotel accommodations. We asked Protiviti to explain why this entry should not be viewed as excessive. We also asked the firm to clarify the necessity of this Paris trip as it relates to the bankruptcy estate. Protiviti responded as follows:

> This expense relates to a four night stay in Paris France to audit the Epernon manufacturing plant for Sarbanes Oxley compliance. The hotel was booked and approved by Grace Internal Audit. Although the recommended ceilings were exceeded, this expense was comparable to the other team members on the project. This item is fully compensable.

We appreciate the response but maintain the suggested ceiling of $350.00 per night remains reasonable. We thus recommend a reduction of $442.51 for this expense.

     6.    In our initial report, we noted 15 meal expense entries that may be excessive. These are provided as Exhibit A. We suggest reasonable ceilings of $15 per person for breakfast, $25 per person for lunch and $50 per person for dinner. We asked Protiviti to review the exhibit and to provide greater detail regarding each entry. The firm's response is offered as Response Exhibit 1. For the July 9 entry of $33.00, the July 14 entry of $131.98 and the August 27 entry of $100.71, we accept the firm's explanations. For all other cited entries, we maintain that the suggested expense ceilings are both reasonable and applicable. We thus recommend a reduction of $238.13 for these

expenses.

      7.     We noted seven laundry and dry cleaning expenses totaling $527.26 that may not be reimbursable. The entries are provided below.

| Date | Description | Amount |
|---|---|---|
| 7-Jul-04 | Laundry service at hotel | 94.20 |
| 7-Jul-04 | Cleaning/laundry service at hotel | 16.61 |
| 14-Jul-04 | Laundry service at hotel | 107.36 |
| 14-Jul-04 | Dry cleaning service at hotel | 16.61 |
| 22-Jul-04 | Laundry service at hotel | 128.46 |
| 8-Jul-04 | Singapore-Hotel Laundry-week 1 | 89.22 |
| 22-Jul-04 | Singapore conrad Hotel - laundry | 74.80 |

Paragraph II.E. of the Guidelines states, "[a]ny expense for which reimbursement is sought must be actual and necessary and supported by documentation as appropriate." Recent guidelines from the Office of the United States Trustee further support the position that laundry and dry cleaning expenses while traveling should not be reimbursed by the estate. We asked Protiviti to explain why these expenses should be reimbursed. Protiviti responded as follows:

> At the request of W.R. Grace, many of our consultants were requested to travel internationally for extended periods of time (the trips in question were either two or three weeks in duration without returning home in between weeks). All of the laundry expenses noted were necessary in order to have clean clothing beyond the first week or two, and all of the expenses were properly supported by documentation, generally consisting of hotel invoices. In addition, the Vice President of Internal Audit for W.R. Grace (responsible for day-to-day leadership of the Grace's Sarbanes-Oxley compliance project) has expressed his opinion that all of the highlighted laundry expenses should be reimbursed. The full amount associated with laundry / travel expenses should be fully compensable.

We appreciate the response; however, in keeping with current guidelines we recommend a reduction of $527.26 in expenses.

## CONCLUSION

      8.     Thus we recommend approval of fees totaling $710,336.72 and expenses totaling $56,731.72 ($60,263.52 minus $3,531.80 ) for Protiviti's services from July 1, 2004, through September 30, 2004.

**FEE AUDITOR'S FINAL REPORT** - Page 5
wrg FR Protiviti 14int 7-9.04.wpd

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES**

By: _____
    Warren H. Smith
    Texas State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 1275
Dallas, Texas  75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 8th day of March, 2005.

_____
Warren H. Smith

# SERVICE LIST
## Notice Parties

**The Applicant**

Marie Hendrixson
Protiviti, Inc.
The Wanamaker Building
100 Penn Square East
4th Floor
Philadelphia, PA 19107

**The Debtors**

David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**

James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**

Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**

Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**

Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**

Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**

Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801

Exhibit A

| Date | Description | Amount |
|---|---|---|
| 1-Jul-04 | Dinner a Rustic Kitchen in Boston with MPetito and KStrickler during Grace GPC plant visit | 179.40 |
| 14-Jul-04 | Dinner at Boat House Grill, Doubletree Hotel in Cambridge MA for Grace SOA | 131.98 |
| 9-Jul-04 | Lunch at Legal Sea Foods at Boston Logan Airport | 33.00 |
| 26-Aug-04 | Dinner at Saiko Restaurant in Chicago with Production Plant Manager, Matt Petito, Kevin Strickler, Michael Carroll, Wasseem Sidhom, Victor Leo, Chris Cincotta and Mahmoud Bah per request of client | 440.32 |
| 27-Aug-04 | Lunch at Harry Carey's Restaurant at Chicago airport for myself, Kevin Strickler and Michael Carroll | 100.71 |
| 27-Sep-04 | Breakfast alone at Hyatt Hotel, Mainz | 24.72 |
| 28-Sep-04 | Breakfast alone at Hyatt Hotel, Mainz | 24.72 |
| 29-Sep-04 | Breakfast alone at Hyatt Hotel, Mainz | 24.72 |
| 30-Sep-04 | Breakfast alone at Hyatt Hotel, Mainz | 24.72 |
| 29-Sep-04 | Breakfast - Worms Germany- Hyatt- self | 24.60 |
| 24-Sep-04 | Epernon Site Visit - Dinner - Hotel Bleu Marine, Paris - Alone | 62.19 |
| 27-Sep-04 | Worms, Germany site visit - Breakfast - Hyatt Regency, Mainz - Alone | 24.60 |
| 28-Sep-04 | Worms, Germany site visit - Breakfast - Hyatt Regency, Mainz - Alone | 24.60 |
| 29-Sep-04 | Worms, Germany site visit - Breakfast - Hyatt Regency, Mainz - Alone | 24.60 |
| 30-Sep-04 | Worms, Germany site visit - Breakfast - Hyatt Regency, Mainz - Alone | 24.60 |
| 30-Sep-04 | Worms, Germany site visit - Dinner - Hyatt Regency, Mainz - Alone | 69.34 |

Response Exhibit 1

- July 1, 2004 for $179.40: This expense pertained to dinner for Matt Petito and Kevin Strickler and was reviewed and approved by Grace Internal Audit. Other meals during the week for both employees were below the recommended ceilings. In addition, expenses are higher in the Boston area, especially during/approaching a holiday weekend. This expense should be fully compensable.

- July 14, 2004 for $131.98: This expense pertained to dinner for Matt Petito, Loren VanLoan, John Martin and Ryan Heaps. This expense is below the recommended ceiling of $200 ($50 each for dinner). This expense should be fully compensable.

- July 9, 2004 for $33.00: This expense pertained to lunch for Kevin Strickler and Matt Petito. This expense is below the recommended ceiling of $50 ($25 each for lunch). This expense should be fully compensable.

- August 26, 2004 for $440.32: This expense pertained to dinner for Matt Petito, Kevin Strickler, Mahmoud Bah, Chris Cincotta, Victor Leo, Michael Carroll, Wasseem Sidhom and Plant Manager, Ben Craft. The dinner was reviewed and approved by Grace Internal Audit. The dinner was only $40.32 over the recommended ceiling (8 employees x $50 each = $400), or $5 per employee. Since the expense was reviewed and approved by Grace Internal Audit, it should be fully compensable.

- August 27, 2004 for $100.71: This expense pertained to dinner for Matt Petito, Kevin Strickler and Michael Carroll. It is below the recommended ceiling of $150 ($50 each for dinner) by $49.29. The description in the expense detail was in error. This expense pertained to dinner (not lunch) while at the Chicago airport traveling to Baltimore. Therefore, this expense should be fully compensable.

- September 27, 2004 for $24.72: This expense pertained to breakfast for Kathryn Muller at the hotel in Germany. Although the recommended ceiling was exceeded, the expense was comparable to the rest of the project team and was reviewed and approved by Grace Internal Audit. This expense should be fully compensable.

- September 28, 2004 for $24.72: This expense pertained to breakfast for Kathryn Muller at the hotel in Germany. Although the recommended ceiling was exceeded, the expense was comparable to the rest of the project team and was reviewed and approved by Grace Internal Audit. This expense should be fully compensable.

- September 29, 2004 for $24.72: This expense pertained to breakfast for Kathryn Muller at the hotel in Germany. Although the recommended ceiling was exceeded, the expense was comparable to the rest of the project team and was reviewed and approved by Grace Internal Audit. This expense should be fully compensable.

- September 30, 2004 for $24.72: This expense pertained to breakfast for Kathryn Muller at the hotel in Germany. Although the recommended ceiling was exceeded, the expense was comparable to the rest of the project team and was reviewed and approved by Grace Internal Audit. This expense should be fully compensable.

- September 29, 2004 for $24.60: This expense pertained to breakfast for John Martin at the hotel in Germany. Although the recommended ceiling was exceeded, the expense was comparable to the rest of the project team and was reviewed and approved by Grace Internal Audit. This expense should be fully compensable.

- September 24, 2004 for $62.19: This expense pertained to dinner for Kathryn Muller at the hotel in France. Since the ceiling of $50 was exceeded by $12.19, this difference should not be compensable and should be **withheld**.

- September 27, 2004 for $24.60: This expense pertained to breakfast for John Martin at the hotel in Germany.

>    Although the recommended ceiling was exceeded, the expense was comparable to the rest of the project team and was reviewed and approved by Grace Internal Audit. This expense should be fully compensable.
>
> - September 28, 2004 for $24.60: This expense pertained to breakfast for John Martin at the hotel in Germany. Although the recommended ceiling was exceeded, the expense was comparable to the rest of the project team and was reviewed and approved by Grace Internal Audit. This expense should be fully compensable.
>
> - September 29, 2004 for $24.60: This expense pertained to breakfast for John Martin at the hotel in Germany. This entry is a duplicate of a previous entry and should be **withheld**.
>
> - September 30, 2004 for $24.60: This expense pertained to breakfast for John Martin at the hotel in Germany. Although the recommended ceiling was exceeded, the expense was comparable to the rest of the project team and was reviewed and approved by Grace Internal Audit. This expense should be fully compensable.
>
> - September 30, 2004 for $69.34: This expense pertained to dinner for John Martin at the hotel in Germany. Since the ceiling of $50 was exceeded by $19.34, this difference should not be compensable and should be **withheld**.