IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

Re: Docket No. 7416 and
2/28/05 Agenda Item 3

## ORDER PURSUANT TO FED. R. BANKR. P. 9006(b) FURTHER EXTENDING THE PERIOD WITHIN WHICH THE DEBTORS MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452 AND FED. R. BANKR. P. 9027

Upon the motion of the above captioned debtors and debtors-in-possession

(collectively, the "Debtors") for entry of an order pursuant to Fed. R. Bankr. P. 9006(b) further

extending the period within which Debtors may remove actions pursuant to 28 U.S.C. § 1452

and Fed. R. Bankr. P. 9027 (the "Motion")[2]; and it appearing that this Court has jurisdiction over

this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Any capitalized term not defined in this Order shall have the meaning ascribed to it in the Motion.

proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given; and after due deliberation and it appearing that sufficient cause exists for granting the requested relief and that the relief requested under the Motion is in the best interests of the Debtors' estates and creditors; it is hereby

ORDERED that, to the extent that any time periods provided by Fed. R. Bankr. P. 9027, within which the Debtors and the Non-Debtor Affiliates may remove any and all Actions, expire on or before the effective date of the plan (or plans) of confirmation that are ultimately confirmed in the Chapter 11 Cases, such time periods are enlarged and extended through and including that date; it is further

ORDERED that this Order shall be without prejudice to any position the Debtors or the Non-Debtor Affiliates may take regarding whether section 362 of the Bankruptcy Code applies to stay any Actions; it is further

ORDERED that this Order shall be without prejudice to the rights of any third-party to seek a reduction in the Removal Period for any particular Action; and it is further

ORDERED that this Order shall be without prejudice to the right of the Debtors and the Non-Debtor Affiliates to seek further extensions of the time within which the Debtors and the Non-Debtor Affiliates may remove any and all Actions; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from or relating to this Order.

Dated:    March 14   , 2005

Judith K. Fitzgerald
reb
The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

2