1 | Peter P. Pearson
P.O. Box 26301
2 | Tucson, AZ. 85726
(520) 247-1535
3 | drp2p@email.arizona.edu

4

5 | **IN THE UNITED STATES BANKRUPTCY COURT**

6 | FOR THE DISTRICT OF DELAWARE

7

8 | In re:                                   ) Case No. 01-1139 (JKF)
9 |                                          ) Claim Number: 2281
   | W.R. GRACE & CO., et al.,                ) Re: Docket Nos. 5527, 5637 &
10 |                                          ) 5685
   |          Debtor.                         )
11 |                                          ) **CLAIMENT'S ANSWER TO DEBTORS**
   |                                          ) **RESPONSE**
12 | _____         )

13

14 |      On March 04, 2005, the Debtors filed their objection to the

   | claim of Peter P. Pearson ("Claimant"). The general, unspecific
15 |
   | objection filed by the Debtor's does not warrant the request
16 |
   | made, and that is to be expunged. The Debtors have failed to
17 |
   | meet a factual or legal standard for the request to have this
18 |
   | claim expunged.
19

20
   | Respectfully Submitted this 14th day of March, 2005.
21

22

23

24
   | By: _____
25 |      Peter P. Pearson

**CASE BACKGROUND**

1. For the sake of brevity, the Court is asked to review the facts as outlined in Claimant's "Response to Debtors' Fifth omnibus Objection" and "Supplement Response".

**LEGAL ARGUMENT**

2. Claimant has a legitimate cause of action and claim against Debtors for their malicious intent, which caused harm and personal injury to Claimant, as with violating constitutional, civil and human rights to his person in their refusal to comply with a legal standard of norm for the compliance of Federal Standards on the "Right to Know". The Debtors have provided no legal or factual basis as to why this claim cannot be paid in full.

**A.) FEDERAL LAW**

   The **Emergency Planning and Community Right to Know Act** (EPCRA) of 1986: 42 U.S.C. 11001 et seq. was enacted by Congress on October 17, 1986, as an outgrowth of concern over the protection of the public from chemical emergencies and dangers. Previously this had been covered by state and local regulatory authorities.

   Debtor's refused to comply with the nature or specific nature of this Federal law on Claimant's

Right to Know with respect to the hazardous chemicals being used at the time.  As noted in 42 U.S.C. § 11041 **RELATIONSHIP TO OTHER LAW**,

> **(a) In general** Nothing in this chapter shall—
>
> > **(1)** preempt any State or local law,
> >
> > **(2)** except as provided in subsection (b) of this section, otherwise affect any State or local law or the authority of any State or local government to adopt or enforce any State or local law, or
> >
> > **(3)** affect or modify in any way the obligations or liabilities of any person under other Federal law.

The Debtors would have the Court believe that they are some how they are above the Constitutional and Federal Law requirements to provide workplace safety to employees that used the hazardous materials they manufacture. Claimant has put forth the specific injuries and details leading to these specific injuries in Claimant's "Response to Debtors' Fifth omnibus Objection".

**Who must comply with EPCRA?**

**EPCRA Sections 301-303** -- Any facility that produces, uses, or stores any of 356 extremely hazardous substances (EHS). Transportation vessels are exempt. Even though a company may not be subject to Sections 301-303, the company may very well meet the criteria for EPCRA Sections 304, 311, 312, or 313.

**EPCRA Section 304 and CERCLA Section 103** -- Facilities required to notify are those at which a hazardous chemical is produced, used, or stored and at which there is a release of a Reportable Quantity (RQ) of any EPCRA extremely hazardous substance or CERCLA hazardous substance. The RQs for extremely hazardous substances are listed in 40 C.F.R. Part 355, Appendix A The RQs for hazardous substances are listed in 40 C.F.R. 302.4

**EPCRA Section 312** -- Facilities required to report are those required to prepare or have available material safety data sheets or MSDSs under Occupational Safety and Health Administration (OSHA).

The Debtors in this case have not addressed the Claimants issues on a fair or responsible position. The legal argument that the Debtors maintain

1   illustrates the careless and inhumation position this

2   large corporation has towards employees.

3   **B.) EXCLUSIVE REMEDY PROVISION**

4        Arizona law has a long held standing that under the

5   exclusive remedy provision, recovery under the Act

6   shall be exclusive "except where injury is caused by

7   employer's willful misconduct" "and it must be shown

8   that negligence or wantonness was accompanied by

9   intent to inflict injury upon another person" <u>Serna v.</u>

10  <u>Statewide Contractors, Inc.</u> (App. 1967) 6 Ariz.App.

11  12, 429 P.2d 504. The Debtors in this case chose, with

12  malicious intent, chose to willfully violate the

13  Federal "Right to Know" Congressional Act when they

14  refused to provide Creditor with the industrial

15  standards for safety equipment during his tenure of

16  employment, MSDS information on the hazardous and

17  unsafe materials that Creditor handled on a daily

18  basis, or product training with respect to the GRM

19  product line. The Debtors argument on this issue is

20  baseless and without merit.

21  **C.) STATUTE OF LIMITATIONS**

22       Arizona courts have understood the doctrine of

23  adverse domination, as a method of tolling statute of

24  limitations. The "doctrine of adverse domination is

25  recognized in numerous other jurisdictions in varying

1   forms, and Arizona courts have stated that limitation

2   periods are to be tolled when discovery of wrongdoing

3   cannot be reasonable expected", Resolution Trust Corp.

4   v. Blasdell, D.Ariz. 1994, 930 F.Supp. 417.

5   Specifically with this case, the Debtors, with

6   malicious intent, caused harm and personal injury to

7   Claimant, in doing so, violated constitutional, civil

8   and human rights to his person.

9        The Debtors cannot claim they have or had no

10  knowledge of the **Emergency Planning and Community**

11  **Right to Know Act** (EPCRA) of 1986: 42 U.S.C. 11001 et

12  seq. Their willful and intent and refusal to comply

13  illustrates the magnitude of misconduct the Debtors

14  chose to do in refusing to follow the law. This

15  willful misconduct and fraudulent concealment of

16  Claimant's Right to Know falls under the "doctrine of

17  adverse domination".

18       Under Arizona law, "[t]o establish fraudulent

19  concealment for purposes of tolling limitation period"

20  a Claimant "...need only show a breach of legal or

21  equitable duty; neither actual dishonesty of purpose

22  nor intent to deceive is an essential element of

23  constructive fraud" Walk v. Ring (2002) 202 Ariz. 310,

24  44 P.3d 990. Claimant, with the help of the Debtors,

25  has established "a breach of legal" and "equitable

duty" on the part of the Debtors. The Debtors have provided no proof that they, as a chemical manufacturing corporation, followed the Federal **Emergency Planning and Community Right to Know Act** (EPCRA) of 1986: 42 U.S.C. 11001 et seq. The Debtors have provided no proof that Claimant was trained in the hazardous materials he used for W.R. Grace, no proof that Claimant was familiar in understanding the serious nature of the hazardous materials he was using, no proof that MSDS sheets, or training in how to understand the MSDS sheets, where provided to Claimant, nor have they provided proof that their materials were safe. As illustrated in Claimants "Supplement Response" the MSDS forms W.R. Grace provided show the absolute serious and hazardous nature the chemicals and products W.G. Grace used and manufactured. The Debtors argument that Creditor's claim is barred by the statute of limitations is baseless and without merit.

**D.) FOURTEENTH AMENDMENT**

Claimant, by virtue of the fact which illustrates that Debtors violated Federal law, has set forth a valid cause of action under the Fourteenth Amendment to the U.S. Constitution. The **Emergency Planning and Community Right to Know Act** (EPCRA) of 1986: 42 U.S.C.

§ 11041 states that (EPCRA) preempts any State or local law, as such, a violation of this Federal statute is a cause of action to a constitutional level, the Debtor argument to the contrary is without merit.

**E.) CONCLUSION**

The burden of proof is on the Debtors to establish and maintain the rules for disclosure under the "Right to Know" Act of 1986. The Debtors chose not to follow the law for the sake of corporate greed, the consequence is that Claimant has suffered, and will continue to suffer, for the rest of his natural life the debilitating results of being needlessly, and illegally exposed to, hazardous and toxic materials. Therefore, Claim #2281 must be paid in full as a small recompense for the illegal activity of W.R. Grace.

Respectfully Submitted this 14th Day of March, 2005.

By:_____

Peter P. Pearson
P.O. Box 26301
Tucson, AZ. 85726
(520) 247-1535
drp2p@email.arizona.edu

1 | Original and three (3) copies
Of the forgoing sent this
2 | 14th day of March, 2005.

3 | To:

4 | United States Bankruptcy Court
District of Delaware
5 | Attn: Clerk of the Court
824 Market Street
6 | Wilmington, Delaware. 19801

7 | **Certified Mail Number:**

8 |

One Copy of the forgoing
9 | Sent this 14th day of March, 2005.

10 | To:

11 | KIRKLAND & ELLIS LLP
Mr. James H.M. Sprayregen, P.C.
12 | Attn: Rachel R. Schulman, Esq.
200 East Randolph Drive
13 | Chicago, Illinois. 60601

14 | **Certified Mail Number:**

15 | and

16 | PACHULSKI, STANG, ZIEHL, YOUNG, JONES &
WEINTRAUB P.C.
17 | Ms. Laura Davis Jones (Bar No. 2436)
919 North Market Street, 16th Floor
18 | P.O. Box 8705
Wilmington, Delaware. 19899-8705
19 |
**Certified Mail Number:**
20 |

21 |
By:_____
22 |      Peter P. Pearson

23 |

24 |

25 |

CLAIMENT'S ANSWER - 9

# EXHIBIT A

# AFFIDAVIT OF CLAIMENT

# MARCH 14, 2005

# AFFIDAVIT

State of Arizona )
                ) §
County of Pima )

I, Peter P. Pearson, swear that the following information is true and correct to the best of my ability, under the penalty of perjury:

1.) I was never trained in the in the use of GRM roof products, which was a specialty roof product, its nature was unique to the roofing industry.

2.) The variety of organic solvents used, manufactured and promoted, for use by W.R. Grace have long term effects on the health of humans. See MSDS forms.

3.) Medical evidence and the MSDS forms for the GRM line of materials, products, and chemicals, illustrate that long term health effects result if proper procedures are not followed.

4.) I never had experience or exposure to the W.R. Grace, GRM line of roofing materials before I was employed with W.R. Grace.

5.) Had the truth of the hazardous nature and health related issues of the GRM material line been explained to the University of Nevada, Las Vegas (UNLV) the Thomas and Mack roof project would have been shut down.

6.) I questioned and complained to my supervisor, Ken Porter on several occasions regarding the chemicals we were using, I was threatened either directly and/or indirectly that I would lose my job if I raised any questions about safety concerns or medical problems that I was experiencing at the time.

Peter P. Pearson

Signed before me this 14th day of March, 2005

Notary Public

My Commission Expires:



SUSAN FERRELL
NOTARY PUBLIC- ARIZONA
PIMA COUNTY
My Comm. Exp.: January 17, 2009