**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | Case No. 01–1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | Objection Date: April 8, 2005 at 4:00 pm |
| | | Hearing Date: April 25, 2005 at 12:00 pm |

**APPLICATION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014(a) FOR ENTRY OF AN ORDER UNDER SECTIONS 328(a) AND 1103(a) OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT OF ANDERSON KILL & OLICK, P.C. AS SPECIAL INSURANCE COUNSEL FOR THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS**

The applicant, the Official Committee of Asbestos Personal Injury Claimants, appointed in the above–captioned case (the "PI Committee"), hereby seeks entry of an order, authorizing the retention of the law firm of Anderson Kill & Olick, P.C. ("Anderson Kill"), as special insurance counsel to the PI Committee to evaluate and consult with the PI Committee on the Debtors' insurance coverage. In support of its application (the "Application"), the PI Committee respectfully represents:

**JURISDICTION**

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicate for the relief sought herein is section 1103(a) of the Bankruptcy Code.

**BACKGROUND**

3. On April 2, 2001 (the "Petition Date"), W.R. Grace & Co. and its affiliated debtors and debtors in possession (collectively, the "Debtors") commenced the instant

{D0040100:2 }

proceedings by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the Clerk of this Court. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. On the Petition Date, the Court entered an order authorizing the joint administration of these cases for procedural purposes. No trustee or examiner has been appointed in these cases.

4. On April 12, 2001, the United States Trustee for the District of Delaware appointed the PI Committee, the Official Committee of Asbestos Property Damage Claimants and the Official Committee of Unsecured Creditors. On June 18, 2001, the UST appointed the Official Committee of Equity Security Holders. On May 24, 2004, the Court appointed David T. Austern as the legal representative for future asbestos claimants.

5. On January 13, 2004, the Debtors filed the Amended Disclosure Statement for the Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the United States Bankruptcy Code [D.I. 7559] (the "Amended Disclosure Statement"). According to the Amended Disclosure Statement, the Debtors have $987 million of excess insurance coverage available from more than 30 presently solvent insurers. *Amended Disclosure Statement*, Section 2.7.2.3. In addition, the Debtors have approximately $355 million of excess insurance coverage with insolvent or non-paying insurance carriers. *Amended Disclosure Statement*, Section 2.7.2.3.

6. On August 23, 2004, the Debtors filed their Motion for an Order Approving the Privileged and Confidential Settlement Agreement and Release with the KWELMBS

Companies [D.I. 6244] (the "KWELMBS Settlement Motion"). The KWELMBS Settlement Motion sought entry of an Order approving a "full and final settlement that releases and terminates all rights, obligations and liabilities of the Parties under the Subject Insurance Policies without prejudice to their respective positions on policy wordings or any other issues." *KWELMBS Settlement Motion*, ¶ 12.

7. On January 24, 2005, the Debtors filed their Motion for an Order Approving a Settlement and Release Agreement with Continental Casualty Company [D.I. 7619] (the "CCC Settlement Motion"). The CCC Settlement Motion sought entry of an Order resolving insurance coverage disputes, and related litigation, with Continental Casualty Company.

## **RELIEF REQUESTED**

8. By this application, the PI Committee seeks authorization to employ and retain the firm of Anderson Kill, *nunc pro tunc* to March 17, 2005, as its special insurance counsel, to evaluate and advise the PI Committee on the Debtors' insurance coverage (particularly with regard to coverage for asbestos–related personal injury claims) and any pending or future motions seeking authorization for the Debtors to resolve disputes with their insurers.

9. Accordingly, the PI Committee respectfully requests entry of an Order pursuant to section 1103(a) of the Bankruptcy Code authorizing it to employ and retain the firm of Anderson Kill as its special insurance counsel to assist the PI Committee in carrying out its statutory duties under section 1103(c) of the Bankruptcy Code.

## **SPECIAL INSURANCE COUNSEL'S DISINTERESTEDNESS**

10. The PI Committee has been advised that Anderson Kill has conducted a conflicts check against (a) the Debtors, (b) the entities listed as affiliated entities of the Debtors, and (c) the entities included on the Consolidated List of 20 Largest Unsecured Creditors against the Debtors, filed with the Court by the Debtors on April 4, 2001. To the best of the PI Committee's knowledge, and as disclosed in the affidavit of Robert M. Horkovich, attached hereto as Exhibit "A" ("Horkovich Affidavit"), (a) Anderson Kill is a "disinterested person" within the meaning of § 101(14) of the Bankruptcy Code, as referenced by § 328(c) of the Bankruptcy Code, and holds no interest adverse to the Debtors or their estates for the matters for which Anderson Kill is to be employed and (b) Anderson Kill has no connection to the Debtors, their creditors or their related parties herein, except as disclosed in the Horkovich Affidavit.

11. Anderson Kill has disclosed to the PI Committee that it has been retained in the following asbestos-related bankruptcy cases:

    (a) Federal Mogul. Anderson Kill was retained as Special Insurance Counsel to the Official Committee of Asbestos Claimants. This retention is continuing and includes negotiations on the division of insurance coverage among various entities and reviewing and analyzing insurance policies of the Federal Mogul entities.

    (b) PPG/Pittsburgh Corning/Corning. Anderson Kill was retained as Special Insurance Counsel to the Official Committee of Unsecured Creditors. This retention is continuing and includes reviewing and analyzing insurance policies, participating in insurance settlement negotiations, and

reviewing and making recommendations concerning proposed settlement agreements with insurance companies.

(c)     Global Industrial Technologies.  Anderson Kill was retained as Special Insurance Coverage Counsel to the Official Committee of Asbestos Claimants.  This retention is ongoing and includes reviewing unexhausted insurance policies, analyzing and renegotiating settlement agreements proposed by the Debtors, and providing strategic advice on the pending coverage litigation.

(d)     Fuller-Austin.  Anderson Kill has been retained to represent the Fuller-Austin Settlement Trust.  Russell Budd is the Trust Advisor to the Fuller-Austin Settlement Trust.  Mr. Budd's law firm, Baron & Budd, represents Steven Jones, as Personal Representative of the Estate of Barbara Ellen Hammack, a member of the PI Committee. This retention is ongoing.

(e)     Swan Transportation.  Anderson Kill was retained as Insurance Counsel to the Official Committee of Unsecured Creditors, and more recently as counsel to the post-confirmation Trust.  The retention by the Official Committee of Unsecured Creditors has terminated, but involved ensuring that insurance coverage was not compromised in the confirmation process and protecting the interests of the claimants' committee.  With regard to the Trust, this retention is ongoing and involves participating in settlement negotiations and pursuing the remaining insurance companies on behalf of the Trust.

(f)     Raymark.  Anderson Kill was retained as Special Insurance Counsel by the Chapter 11 Trustee.  This retention is ongoing and involves securing insurance coverage from liability insurance companies.

(g) American Capital Equipment/Skinner Engine. Anderson Kill was retained as Special Insurance Coverage Counsel to the Debtor. This retention is ongoing, and has included assisting the Debtor with preserving insurance through the confirmation process, engaging in settlement discussions and discovery in the pursuit of insurance recoveries.

12. Anderson Kill has also disclosed to the PI Committee that it has been retained as special counsel to the Official Committee of Unsecured Creditors in the Owens-Corning bankruptcy. Anderson Kill is also counsel to Kentile, a reorganized debtor pursuing a modification of the plan of reorganization. Anderson Kill has also been retained as Special Insurance Counsel to an entity contemplating bankruptcy.

13. Anderson Kill has identified certain engagements related to W.R. Grace. These include:

(a) Insurance coverage counsel. Prior to May 1994, Jerry Oshinsky, who practiced in the Washington, D.C. office of Anderson Kill, was the lead insurance coverage counsel for W.R. Grace. Mr. Oshinsky presently is with Dickstein Shapiro.

(b) Defense counsel in underlying asbestos property damage cases prior to 1986.

(c) Credit Lyonnais. Anderson Kill was counsel for Credit Lyonnais in relation to the Sealed Air fraudulent conveyance litigation. That portion of Anderson Kill's retention concluded months ago.

(d) Caxton Associates. Anderson Kill is bankruptcy counsel to Caxton Associates, which is an unaffiliated shareholder of Sealed Air.

14. Prior to filing this Application, Horkovich contacted representatives of the Debtors to discuss the PI Committee's desire to retain Anderson Kill in these cases. Following this initial contact, several conference calls were held to discuss, among other things, Mr. Oshinky's prior representation of the Debtors and the benefits that Anderson Kill will provide during this process. As a result of those conference calls, representatives of the Debtors advised Horkovich that the Debtors will not oppose this Application.

15. Anderson Kill has also disclosed to the PI Committee that it has a practice group, led by Judy Yavitz, which represents several asbestos defendants in the tort system.

(a) Due to the size of the Debtors, it is possible that, unbeknownst to Anderson Kill, it may now or in the future represent other creditors of the Debtors in other matters unrelated to these bankruptcies. In that case, Anderson Kill will supplement the Horkovich Affidavit, if and when it becomes necessary, to disclose any further relationships relevant to this case.

(b) Thus, the PI Committee is satisfied that Anderson Kill does not represent an interest adverse to the PI Committee with respect to the matters for which Anderson Kill will be employed, and is a "disinterested person" as that phrase is defined in section 101(14) of the Bankruptcy Code, as modified by section 1103(b) thereof.

(c) The PI Committee further believes that the approval of the employment and retention of Anderson Kill as special insurance counsel to the PI

Committee will be in the best interests of the PI Committee specifically and the Debtors' estates generally.

## SCOPE OF SERVICE

16. The PI Committee's activities and the services of Anderson Kill for the foreseeable future are expected to include, <u>inter alia</u>, the following responsibilities:

(a) To advise the PI Committee regarding matters of Debtors' insurance coverage available for payment of asbestos–related, silica–related or other toxic exposure claims, including gaps in coverage, overlapping coverage provided by multiple carriers and availability of excess insurance coverage;

(b) To review, analyze and advise the PI Committee on potential settlements between the Debtors and the Debtors' insurance carriers; and

(c) To advise the PI Committee regarding issues related to the Debtors' insurance coverage in connection with these Chapter 11 cases.

17. The PI Committee believes that Anderson Kill has extensive experience in matters of this nature and character, and that the firm possesses substantial and well–known expertise in analyzing complex insurance coverage and recovery issues. Among other things, Anderson Kill has successfully pursued insurance coverage on behalf of ten major asbestos defendants, as well as a great many other insurance policyholder clients. Anderson Kill has tried 17 major insurance coverage litigations on behalf of policyholders, prevailing in 15 of them, and has obtained billions of dollars in recoveries in well–publicized settlements in numerous other cases. Anderson Kill has extensive appellate experience in insurance coverage matters as well. The PI Committee accordingly believes that Anderson Kill is well qualified for employment in this case.

18.     The PI Committee believes that the services of Anderson Kill are both necessary and appropriate to assist the PI Committee in reviewing any future motions which the Debtors might file seeking to resolve insurance coverage disputes. Such insurance coverage disputes, and the related settlements, are often extremely complicated and require specialized experience in order to appropriately evaluate and determine the reasonableness thereof. As indicated by the Debtors' Amended Disclosure Statement, the Debtors have $987 million of excess insurance coverage available from more than 30 presently solvent insurers. *Amended Disclosure Statement*, Section 2.7.2.3. In addition, the Debtors have approximately $355 million of excess insurance coverage with insolvent or non-paying insurance carriers. *Amended Disclosure Statement*, Section 2.7.2.3. It is entirely appropriate for the PI Committee to retain Anderson Kill to advise them on such issues and motions.

19.     In addition, courts in this, and other, Districts have granted applications for the retention of special insurance counsel in asbestos-related bankruptcies. As referenced in paragraph 11 above, Anderson Kill has been retained in many other asbestos-related bankruptcies to advise official committees on insurance-related issues.

20.     Subject to this Court's approval and in accordance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Orders and Rules of this Court, the PI Committee requests that Anderson Kill be compensated on an hourly basis, plus reimbursed for the actual, necessary expenses that it incurs. The Anderson Kill attorneys and paralegals who may provide services to the PI Committee and their 2005 hourly rates are:

| | |
|---|---|
| Robert M. Horkovich, Esq. | $ 675 |
| Ann V. Kramer, Esq. | $ 550 |
| Mark Garbowski, Esq. | $ 425 |
| Robert Y. Chung, Esq. | $ 375 |
| Karen Frankel (Paralegal) | $ 185 |

This listing is not exclusive, and other professionals may perform services for the PI Committee. The PI Committee has been further advised that Anderson Kill reviews and adjusts its rates annually.

21. The PI Committee requests that the retention of Anderson Kill be effective as of the date of filing of this Application.

22. No prior application for the relief sought herein has been made to this or any other court.

WHEREFORE, The PI Committee respectfully requests that the Court enter an order approving the employment of Anderson Kill & Olick, P.C., *nunc pro tunc* to March 17, 2005, as its special insurance counsel, as of the date hereof, pursuant to the terms stated herein and that the PI Committee be granted such other and further relief as is just and proper.

CAMPBELL & LEVINE, LLC

/S/ Mark Hurford
Marla R. Eskin (I.D. No. 2989)
Mark T. Hurford (I.D. No. 3299)
800 North King Street, Suite 300
Wilmington, DE  19801
(302) 426-1900

–and–

CAPLIN & DRYSDALE, CHARTERED
Elihu Inselbuch
399 Park Avenue
New York, NY  10022–4614
(212) 319-7125

   –and–

CAPLIN & DRYSDALE, CHARTERED
Peter Van N. Lockwood
One Thomas Circle, N.W.
Washington, D.C.  20005
(202) 862-5000

Counsel to the Official Committee of
   Asbestos Personal Injury Claimants