IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>W.R. GRACE & CO., *et al.*,<br><br>     Debtors. | Chapter<br><br>Case No. 01-1139 (JKF)<br>Jointly Administered<br><br>Objection Date:<br>Hearing Date: |

### VERIFIED STATEMENT OF ROBERT M. HORKOVICH
### IN ACCORDANCE WITH SECTION 1103 OF THE BANKRUPTCY CODE
### AND RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

STATE OF NEW YORK         )
                          ) SS
COUNTY OF NEW YORK

Robert M. Horkovich, being duly sworn, deposes and says:

1       am a member of the bar of the State of New York and am an equity shareholder of the law firm of Anderson Kill & Olick, P.C. ("Anderson Kill") whose principal office is located at 1251 Avenue of the Americas, New York, New York 10020-1182, 212-278-1000. In addition to my status as an equity shareholder of Anderson Kill am Chairman of Anderson Kill's Insurance Recovery Department and am authorized to make this affidavit on behalf of Anderson Kill.

2.      submit this affidavit pursuant to Bankruptcy Rule 2014(a) in support of the Application of the Official Committee of Asbestos Personal Injury Claimants (the "Committee") for the entry of an order, authorizing the retention of the law firm of Anderson Kill as special insurance coverage counsel to the Committee to evaluate and pursue the Debtors' insurance coverage. The facts set forth in this affidavit are personally known to me and, if called as a witness, would testify thereto.

NYDOCS1-766393.

3. My firm and are experienced in the field of insurance coverage analysis, insurance archeology, insurance coverage litigation, and are qualified to represent and assist the Committee in the performance of its statutory functions under Chapter in this matter.

4. Of particular relevance, Anderson Kill has obtained successful and well-publicized settlements in numerous cases, including Allied-Signal Corporation (settling 250 waste sites with Travelers Indemnity Company), Waste Management, Inc. (on whose behalf Anderson Kill assisted in obtaining half a billion dollars in recoveries), Weyerhaeuser Company (on whose behalf Anderson Kill successfully settled with 33 out of 34 insurance companies, in an amount exceeding $70 million, within 19 months of filing the action and before the first "test site" trial), Celotex Corporation (on whose behalf Anderson Kill recovered a settlement of more than $300 million), and the Fuller-Austin Asbestos Settlement Trust (on whose behalf Anderson Kill has assisted in settlements and verdicts in excess of $400 million).

5. Anderson Kill has decades of experience in representing policyholders with asbestos-related liabilities. Representative asbestos coverage cases include: Fuller-Austin Insulation Co. v. Fireman's Fund Ins. Co., No. BC 116835 (Cal. Super. Ct.); Carey Canada, Inc. v. California Union Ins. Co. 720 F. Supp. 1018 (D.C. Cir. 1989), aff'd in part, vac'd in part, Carey Canada, Inc. v. Columbia Casualty Co., 940 F.2d 1548 (D.C. Cir. 1991); Keene Corp. v. Insurance Co. of N. Am., 667 F.2d 1034 (D.C. Cir. 1981), cert. denied, 455 U.S. 1007 (1982); Keene Corp. v. Columbia Cas. Co., C.A. No. 4454-85 (D.C. Super. Ct. June 28, 1990); Abex Corp. v. Maryland Cas. Co. Nos. 85-5602, 85-8659, and 85-5660 (D.C. Cir. 1982); Maryland Casualty Co. v.

W.R. Grace Co., Nos. 88 Civ. 2613, 88 Civ. 4337, 83 Civ. 7451 (S.D.N.Y. 1983); W.R. Grace Co. v. Admiral Ins. Co., No. 87-6624 (Mass. Super. Ct. 1987); Celotex Corporation v. AIU Ins. Co., No. 90-10012-8131 (Bankr. Ct. M. D. Fla.); Aetna Cas. & Surety Co. v. Coltec Indus., Inc. No. 93-3304 (N.Y. Sup. Ct. 1993); and Simplex Technologies, Inc. v. Employers Co. of Wausau, et al., No. 96-4333 (Mass. Super. Ct. 1996).

6. Anderson Kill also has won significant victories at the appellate level in insurance coverage cases including asbestos liabilities. For instance:

(a) Keene – Decision of the United States Court of Appeals for the District of Columbia, holding that, in cases involving asbestos-related diseases, all insurance policies, from first exposure to asbestos to the discovery of the resultant diseases, cover the policyholder. This case established the "continuous trigger" principle and has since been applied in cases throughout the United States, including cases involving insurance coverage for environmental liabilities. Keene Corp. v. Insurance Co. of N. Am., 667 F.2d 1034 (D.C. Cir. 1981), cert. denied, 445 U.S. 1007 (1982).

J.H. France – The Pennsylvania Supreme Court followed the positions advocated by our *amici curiae* clients, adopted a "continuous trigger," and held that the "all sums" language of the standard liability insurance policy allowed the policyholder to select the policy indemnifying it for loss and during any stage of a claimant's asbestos-related disease. J.H. France Refract. Co. v. Allstate Ins. Co., 534 Pa. 26, 626 A.2d 502 (1993).

General Refractories – After replacing another firm, we obtained the reversal of a federal district court's entry of summary judgment on behalf of Liberty Mutual Insurance Company, and an award of partial summary judgment for our client, obtaining coverage under a predecessor company's insurance policies for asbestos-related liabilities. As a result of this reversal, the client obtained nearly $30 million worth of insurance coverage that Liberty Mutual had denied existed. General Refractories Co. v. Travelers Ins. Co., Civil Action No. 88-2250 & 88-2267 (E.D. Pa.).

7. Anderson Kill specifically has been retained as special insurance coverage counsel in a number of asbestos bankruptcy cases, including:

    (a) Federal Mogul – Anderson Kill has been appointed by the Court to represent the committee of present asbestos claimants. In addition, we regularly consult with the future claimants' representative, Professor Eric Green, who did not retain separate insurance counsel. The Federal Mogul bankruptcy is wide-ranging, involving insurance-related proceedings in the U.S. and U.K. We have been actively involved in settlement negotiations to divide insurance coverage among Federal Mogul, Dresser Industries and Cooper and between Federal Mogul and Maremont. We have reviewed and analyzed proposed "bolt-on" proposals by Honeywell (Bendix) and Cooper Industries (Abex). We have reviewed and analyzed insurance policies of the several companies that made up Federal Mogul, as well as Bendix and Abex. In addition, we have consulted concerning strategy in pending insurance-related litigations, participated in mediations thereof, and also in certain London proceedings.

    (b) PPG/Pittsburgh Corning/Corning – We are special counsel to the plaintiffs' creditors' committee for insurance coverage matters. The representation has expanded following the determination of the court disqualifying Debtors' counsel from representing the claimants. The retention includes participating in insurance settlement negotiations, monitoring Debtor's counsel, reviewing and analyzing insurance policies, and reviewing and making recommendations concerning proposed settlement agreements with insurance companies.

    (c) In re Global Industrial Technologies, Inc., et al. (Narco, A.P.Green, Harbison-Walker) – Anderson Kill has been appointed by the Court to represent the committee of present asbestos claimants. In that capacity, we have reviewed remaining unexhausted insurance policies, analyzed and renegotiated settlement agreements proposed by the Debtors, and advised concerning strategy in the pending coverage litigation, including a pending adversary proceeding.

    (d) Fuller-Austin – Anderson Kill represents the Fuller-Austin Settlement Trust in securing insurance coverage from Fuller-Austin's and DynCorp's liabilities insurance companies with

our co-counsel, now Morgan Lewis. We have succeeded in three trials. In 2002, we obtained a holding that the liability insurance companies are obligated to pay today Fuller-Austin's present liabilities including, past, present, and future claims. 2002 WL 398672. The Court also held the insurance companies liable for the full Allowed Liquidated Values (ALVs), not merely what the Trust can pay. In 2003, we won a jury verdict of $188 million against three remaining insurance companies (one of the top ten U.S. verdicts in 2003) based on jury determinations that it was possible to estimate asbestos liabilities and that the liability exceeded $966 million, well above all available insurance coverage. Before that trial, we settled with 17 other insurers for in excess of $200 million. Since that trial, we also settled with Highlands after garnishing Highlands $400 million bond portfolio. W.D. Hilton is the Trustee. Russell Budd is the Trust Advisor and Professor Eric Green is the future claimants' representative to the Fuller-Austin Settlement Trust.

(e) Swan Transportation (Tyler Pipe) – Anderson Kill represented the claimants' committee and now represent the Trust in providing advice regarding insurance coverage matters. The representation included monitoring Debtor's counsel, protecting the interests of the claimants' committee, making sure the insurance coverage is not compromised in the bankruptcy confirmation process, and maximizing insurance coverage. We are now achieving settlements, participating in settlement negotiations and pursuing the remaining insurance companies on behalf of the Trust, with trial presently set for April 2005.

(f) Raymark – Anderson Kill represents the Chapter 11 Trustee in securing insurance coverage from liability insurance companies in this Chapter 11 case. To date, Arthur Olick has succeeded in recovering substantial sums from a variety of companies without the necessity of extensive litigation.

(g) Skinner Engine – Anderson Kill has been appointed by the Court to represent the Debtor as special insurance counsel in this bankruptcy in the Western District of Pennsylvania. That representation includes assisting the Debtor with preserving insurance through the bankruptcy confirmation process, engaging in settlement discussions, pursuing discovery, defending depositions, and pursuing the insurance recovery

8. Anderson Kill also is involved in other significant asbestos bankruptcy matters, such as:

    (h) Owens-Corning – Andy Rahl of Anderson Kill presently is special counsel to the official creditors' committee principally with respect to assets comprised of a separate intellectual property subsidiary. There are issues where the interests of the claimants' as a whole diverge from the interests of the Debtors' bond group.

    (i) Kentile – We presently are counsel to the reorganized debtor pursuing a modification of the plan of reorganization to permit the appointment of a future claims representative, the creation of a trust, and channeling injunctions.

9. Furthermore, Anderson Kill has conducted a conflicts check against (a) the Debtors, (b) the entities listed as affiliated entities of the Debtors, and (c) the entities included on the Consolidated List of 20 Largest Unsecured Creditors against the Debtor, filed with the Court by the Debtors on June 25, 2001  To the best of my knowledge and belief after due inquiry, neither Anderson Kill nor I have any relationship with any such entity which would be adverse to evaluation and pursuit of the Debtors' insurance coverage on behalf of the Committee or the creditors, except as indicated in the Disclosure of Employment/Connections, attached hereto as Exhibit "A"  Further, neither I nor any other employee of Anderson Kill is a creditor, former employee, equity security holder, or an insider (as such term is defined in § 101(31) of the Bankruptcy Code) of the Debtors, or has an interest adverse to that of the Debtors' estates or of any class of creditors or equity security holders.

10. Accordingly,  believe that Anderson Kill is a "disinterested party" as such term is defined in § 101(14) of the Bankruptcy Code and as referenced by § 328(c) of the Bankruptcy Code. However, because of the size of the Debtors, unbeknownst to Anderson Kill, it may now or in the future represent other creditors of the Debtors in

other matters unrelated to these bankruptcies. Anderson Kill will supplement its affidavit if and when necessary to disclose any further relationships that require disclosure in this case.

11. Subject to the Court's approval, Anderson Kill will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date services are rendered. Anderson Kill will maintain detailed, contemporaneous records of time and any actual and necessary expenses incurred in connection with the rendering of the legal services described above by category and nature of the services rendered. Anderson Kill attorneys and paralegals who potentially may provide services to the Committee and their 2005 hourly rates are as follows:

| | |
|---|---|
| Robert M. Horkovich, Esq. | $ 675 |
| Ann V. Kramer, Esq. | $ 550 |
| Mark Garbowski, Esq. | $ 425 |
| Robert Y. Chung, Esq. | $ 375 |
| Karen Frankel (Paralegal) | $ 185 |

Anderson Kill reviews its firm wide hourly rates on an annual basis and these rates may be adjusted accordingly.

12. Anderson Kill intends to apply to the Court for compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court, and pursuant to any additional procedures that may be established by the Court in these cases.

13. The proposed employment of Anderson Kill is not prohibited by or improper under Rule 5002 of the Federal Rules of Bankruptcy Procedure. Anderson Kill and the professionals that it employs are qualified to represent the Committee in the matters for which the firm is proposed to be employed.

14. In accordance with Section 504 of the Bankruptcy Code and Rule 2016(b) of the Rules of Bankruptcy Procedure, no division of compensation for services rendered has been or will be made by Anderson Kill, except for sharing of compensation among members and associates of the firm

15. Anderson Kill has not entered into any agreements, express or implied, with any other party in interest, including the Debtors, attorneys for the Debtors, any creditor, or any attorney for such party in interest for compensation to be paid from the assets of the estate for services rendered in connection with these cases in excess of the compensation allowed by law.

WHEREFORE, respectfully request that this Court enter the order filed concurrently herewith authorizing the employment of Anderson Kill as special insurance coverage counsel for the Committee.

_____
Robert M. Horkovich

Sworn to before me
this 17th day of March, 2005

_____
Notary Public

PHYLLIS J. CRUISE
NOTARY PUBLIC, State of New York
No. 01CR4904891
Qualified in Bronx County
Commission Expires OcT 5, 2005

# **EXHIBIT A**

## THE DEBTOR

A. <u>Engagements Related To W.R. Grace</u>

Anderson Kill & Olick, P.C. ("Anderson Kill") has had the following engagements related to W.R. Grace:

1 Insurance coverage counsel prior to May 1994. Prior to 1995, Jerry Oshinsky (presently of Dickstein Shapiro) was lead insurance counsel for W.R. Grace. That engagement ended by May 1994, more than a decade ago.

2. Defense counsel in underlying asbestos property damage cases prior to 1986, almost two decades ago.

## II. ASBESTOS MATTERS

Anderson Kill & Olick, P.C. ("Anderson Kill") has long been active in many aspects of asbestos-related litigation which are unrelated to Anderson Kill's proposed engagement in these Cases.

A. <u>Asbestos Defense</u>

Anderson Kill represented the Center for Claims Resolution (the "CCR") from its formation in 1990 until its recent dissolution. The CCR was a joint defense organization of a number of asbestos defendants which defended against asbestos claims nationwide. The former CCR members are co-defendants in many of the asbestos cases which have been brought against the Debtors and are therefore potential creditors of the Debtors. Anderson Kill's primary activities on behalf of the CCR involved defending substantially all asbestos liability claims which are brought in the State of New York against any of the CCR members. Anderson Kill continues to

represent several current solvent asbestos defendants still in the tort system. Anderson Kill has not represented any of the Debtors or their affiliates in this capacity. Anderson Kill does not hold any interest which is adverse to any of the Debtors or their estates, either as a result of such representation or for any other reason.

B. <u>Asbestos Related Insurance Coverage</u>

Anderson Kill regularly represents policy holders in insurance coverage matters, which frequently involve litigation, in which Anderson Kill always acts as counsel to the policy holder on the plaintiff's side. Virtually every asbestos defendant, including the Debtors, has had disputes with its casualty insurance carriers. In addition to formerly representing the Debtors in their insurance coverage disputes as set forth above, Anderson Kill also has represented a number of other asbestos defendants, who likely are co-defendants of the Debtors in many asbestos cases, in similar disputes with casualty insurance carriers, including all of the Debtors' carriers. In bankruptcy, Anderson Kill acts or has acted as special insurance coverage counsel for manufacturers, distributors, trusts and committees of creditors and asbestos claimants in the following matters: Celotex (debtor); Dow-Corning (debtor); Fuller-Austin (asbestos settlement trust); Johns Manville (co-defendant creditors); Raymark (asbestos trust); Pittsburgh-Corning (asbestos claimants committee); Global Industrial Technologies, Inc. (asbestos claimants committee); Federal-Mogul Global, Inc. (asbestos claimants committee); and Skinner Engine (debtor).

C. <u>Other Asbestos Bankruptcy And Restructuring Matters</u>

Anderson Kill has been or is engaged in the bankruptcy and restructuring matters described below which are unrelated to these Cases except that the asbestos defendants in each such matter are also co-defendants with the Debtors in a great

many asbestos cases: (i) Anderson Kill currently acts as Special Counsel to the Official Committee of Unsecured Creditors in the Owens Corning Chapter 11 Case which is pending in this District; (ii) Anderson Kill formerly acted as counsel to an ad hoc committee of bondholders of another asbestos defendant, Owens-Illinois, Inc.; and (iii) Anderson Kill currently acts as counsel to a financial institution which is an affiliate of, or otherwise is a party in interest with respect to, USG Corporation, whose Chapter bankruptcy case is pending in this District.

III.  CREDITORS OF THE DEBTORS

    A.  Bank Lenders And Public Debtholders Generally

Anderson Kill was counsel for Credit Lyonnais in the W.R. Grace bankruptcy and analyzed W.R. Grace fraudulent conveyance issues for Credit Lyonnais in connection with Credit Lyonnais' customer, Sealed Air. That portion of our retention was concluded months ago.

Anderson Kill also has represented official and ad hoc committees and groups of bank and public debt and equity holders of more than 60 other issuers and borrowers since 1990, all of which are unrelated to these cases. The members of these committees and groups collectively have included a great many financial institutions and investors. It is Anderson Kill's understanding that an active trading market has developed for the Debtors' bank, public debt and trade claims and Anderson Kill accordingly believes that some of these institutions and investors now hold, or have in the past or will in the future hold, claims and securities of the Debtors in these cases, possibly in positions of significant size. Many of these financial institutions seek to maintain the confidentiality of their investment positions and Anderson Kill accordingly has no practical way of ascertaining the actual holdings of such institutions at this time.

## IV. STOCKHOLDER OF THE DEBTORS

Anderson Kill is bankruptcy counsel to Caxton Associates, which is an unaffiliated shareholder of Sealed Air.