**ORIGINAL**

*Presented at Hearing 3/21/05*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Re: Docket No. 7545 and 3/21/05 Agenda Item |
| | ) | No. 12 |

## CONTINUATION ORDER GRANTING THE RELIEF SOUGHT IN DEBTORS' EIGHTH OMNIBUS OBJECTION TO CLAIMS (SUBSTANTIVE)

1. On January 12, 2005, the Debtors filed their Eighth Omnibus Objections[2] to Claims (the "Eighth Omnibus Objection") [Docket No. 7545].

2. On March 15, 2005, the Court entered the Order Granting Relief Sought in Debtors' Eighth Omnibus Objection to Claims [Docket No. 8024].

NOW THEREFORE, upon consideration of the Debtors' Eighth Omnibus Objection seeking an order disallowing certain Claims; and it appearing that this Court has jurisdiction over this matter, that venue is proper and proper notice having been given and no further notice being required; and after due deliberation and sufficient cause appearing therefore, it is hereby

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms used but not defined herein are as defined in the Debtors' Eighth Omnibus Objection.

K&E 10138489.4

ORDERED that the Objection to each Claim listed on <u>Exhibit A</u> to this Order is continued to the April 25, 2005 hearing; and it is further

ORDERED that the Objection to Claim #9572 and ##9574-9633 filed by Century Indemnity Company, listed on <u>Exhibit B</u>, is withdrawn without prejudice and the Debtors retain all rights to object to Claim #9572 and ##9574-9633 on any grounds in the future upon proper notice and consistent with applicable bankruptcy rules; and it is further

ORDERED that the Objection to Claim #3816 filed by Missouri Department of Revenue, listed on <u>Exhibit B</u>, is withdrawn without prejudice and the Debtors retain all rights to object to Claim #3816 on any grounds in the future upon proper notice and consistent with applicable bankruptcy rules; and it is further

ORDERED that the Objection to Claim #4385 filed by the Town of Acton, Massachusetts, listed on <u>Exhibit B</u>, is withdrawn without prejudice and the Debtors retain all rights to object to Claim #4385 on any grounds in the future upon proper notice and consistent with applicable bankruptcy rules; and it is further

ORDERED that the Objection to IBM Corporation (Claim #149) listed on <u>Exhibit C</u> to this Order is sustained, and the Claim is reduced and allowed. Despite attempts by Debtors' counsel to serve the Eighth Omnibus Objection upon the claimant at the claimant's address listed on Claim #149, the document was returned as undeliverable. After service of the Eighth Omnibus Objection upon an alternative address obtained through the research of the Debtors' claim consultant, BMC, the Eighth Omnibus Objection was not returned as undeliverable. To date, no response has been filed; and it is further

ORDERED that IBM Corporation shall have ten days from the entry of this Order to file any motion for reconsideration regarding the reduction of Claim #149; and it is further

2

ORDERED that the Objection to Linkage Inc. (Claim #1170) listed on <u>Exhibit D</u> to this Order is sustained, and the Claim is expunged and disallowed for all purposes. Despite attempts by Debtors' counsel to serve the Eighth Omnibus Objection upon the claimant at the claimant's address listed on Claim #1170, the document was returned as undeliverable. After service of the Eighth Omnibus Objection upon an alternative address obtained through the research of the Debtors' claim consultant, BMC, the Eighth Omnibus Objection was not returned as undeliverable. To date, no response has been filed; and it is further

ORDERED that Linkage Inc. shall have ten days from the entry of this Order to file any motion for reconsideration regarding the disallowance of Claim #1170; and it is further

ORDERED that except as provided for herein and consistent with applicable local rules and Bankruptcy Rules, the rights of the Debtors to object to any Claim listed on any exhibit to this Order for any reason are expressly preserved; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: ___3/21___, 2005

_JKC Fitzgerald_
Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

3