IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al. | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

## CERTIFICATION OF COUNSEL REGARDING
## CASE MANAGEMENT ORDER FOR THE
## ESTIMATION OF ASBESTOS PROPERTY DAMAGE LIABILITIES

1. At the January 21, 2005 hearing on the Debtors' Motion for Entry of an Order Seeking the Estimation of Asbestos Claims and Certain Related Relief, the Court ordered the Asbestos Property Damage Committee (the "PD Committee") and the Debtors to negotiate a case management order to govern the estimation of asbestos property damage liabilities (the "PD Case Management Order").

2. The Debtors and the PD Committee have agreed to the attached proposed PD Case Management Order.

3. The Debtors have also provided a copy of the proposed PD Case Management Order to the Official Committee of Unsecured Creditors, the Office Committee of Equity Holders and the Futures Claim Representative and these parties likewise do not object to the form of the proposed PD Case Management Order.

DOCS_DE:106781.1

WHEREFORE, the Debtors respectfully request that Court enter the attached proposed PD Case Management Order at its earliest convenience.

Dated:  March 25, 2005

KIRKLAND & ELLIS LLP

David M. Bernick, P.C.
Janet S. Baer
Salvatore F. Bianca
200 East Randolph Drive
Chicago, IL  60601
(312) 861-2000

and

PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.

*Scotta E. McFarland*
Laura Davis Jones (Bar No. 2436)
Scotta E. McFarland (Bar No. 4184)
David W. Carickhoff, Jr. (Bar No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
(302) 652-4100

Co-Counsel for Debtors and Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

## CASE MANAGEMENT ORDER FOR THE ESTIMATION OF ASBESTOS PROPERTY DAMAGE LIABILITIES

WHEREAS, on April 2, 2001, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"), which have been consolidated for administrative purposes only; and

WHEREAS, by an order dated April 25, 2002, the Court set March 31, 2003 as the last date (the "PD Bar Date") for filing proofs of claim for all prepetition claims relating to asbestos property damage (the "Asbestos PD Claims"); and

WHEREAS, approximately 4,200 claims were filed by the PD Bar Date; and

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

WHEREAS, on November 13, 2004, the Debtors filed their Motion for Entry of an Order Seeking the Estimation of Asbestos Claims and Certain Related Relief (the "Estimation Motion"); and

WHEREAS, a hearing on the Estimation Motion (the "Estimation Motion Hearing") was held on January 21, 2005; and

WHEREAS, at the Estimation Motion Hearing, the Court ordered the Asbestos Property Damage Committee (the "PD Committee") and the Debtors to negotiate a case management order to govern the estimation of Asbestos PD Claims (the "PD Estimation"); and

WHEREAS, the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and

WHEREAS, this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and

WHEREAS, venue of this proceeding is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

IT IS HEREBY:

1. ORDERED that Debtors' counsel, Kirkland & Ellis LLP, is designated to act as liaison counsel on behalf of all Plan proponents ("Plan Proponent Liaison Counsel") for all discovery matters with respect to the PD Estimation, and Bilzin Sumberg Baena Price & Axelrod LLP is designated to act as liaison counsel on behalf of the PD Committee and all Asbestos PD Claimants who make an appearance before the Court in connection with the PD Estimation ("Asbestos PD Liaison Counsel") (Asbestos PD Liaison Counsel together with Plan Proponent Liaison Counsel, the "Liaison Counsel"[2]) for all discovery matters with respect to the PD Estimation; and it is further

---

[2] All actions contemplated by this Order with respect to the estimation of Asbestos PD liability by the Plan Proponents, Asbestos PD Committee or Asbestos PD Claimants who make an appearance before the Court in

2. ORDERED that all parties participating in the PD Estimation who fail to comply with the terms of this Order or any discovery orders issued in connection with the PD Estimation may be subject to sanctions requested by any party in accordance with the Federal Rules of Civil Procedure and the Bankruptcy Rules; and it is further

3. ORDERED that any party participating in the PD Estimation seeking to call one or more experts to testify in conjunction with the estimation of Asbestos PD liabilities shall designate such expert(s) and produce and serve a report in compliance with Federal Rule of Civil Procedure 26(a)(2) from each expert (each, an "Expert Report") on or before July 1, 2005. The Expert Reports may be supplemented on or before October 31, 2005, only (a) on the basis of new facts ascertained during the course of discovery; or (b) in rebuttal of any Expert Reports submitted by other parties; and it is further

4. ORDERED that not later than July 1, 2005, any party participating in the PD Estimation shall exchange preliminary designations of the non-expert witnesses each intends to call at the hearing on the PD Estimation. Subsequent to July 1, 2005, but on or before September 1, 2005, any such party, for good cause shown, may substitute and/or add one or more non-expert witnesses not previously designated; and it is further

5. ORDERED that all written fact discovery to be propounded other than that relating to Expert Reports or expert testimony may commence at any time but must be concluded by October 1, 2005; and it is further

6. ORDERED that depositions of non-expert witnesses may commence at any time, but must be concluded by October 1, 2005; and it is further

---

connection with the estimation, should be coordinated through their respective Liaison Counsel whenever possible. The right of any party to participate in this contested matter, however, is neither reduced nor enhanced by the existence of Liaison Counsel.

3

7. ORDERED that any party participating in the PD Estimation may designate supplemental expert(s) and produce and serve a report (each a "Supplemental Expert Report") in compliance with Federal Rule of Civil Procedure 26(a)(2) from each supplemental expert by October 31, 2005; and it is further

8. ORDERED that depositions of experts may commence, and written discovery with respect to Expert Reports, Supplemental Expert Reports and expert testimony may be propounded at any time, but all such depositions and written discovery must be concluded by December 22, 2005; and it is further

9. ORDERED that a preliminary pre-trial conference on the Asbestos PD Estimation shall be held at the December 19, 2005 omnibus hearing, at which time the Court shall set a final pre-trial conference date and trial date (the "Asbestos PD Estimation Hearing") for the Asbestos PD Estimation; and it is further

10. ORDERED that, pursuant to Rules 26(a)(3)(A) and 26(a)(3)(B) of the Federal Rules of Civil Procedure, any party participating in the PD Estimation shall file a final fact witness/expert list on or before January 30, 2006. Each fact witness/expert list shall contain only those experts who previously filed the Expert Reports or Supplemental Expert Reports consistent with the provisions above, and only those fact witnesses identified pursuant to paragraph 3 above; and it is further

11. ORDERED that any pre-trial motions, including *motions in limine, Daubert,* and summary judgment motions, shall be filed not later than January 30, 2006. Responses to such motions shall be filed not later than 21 days after the filing of any such motion. Replies shall be filed not later than 7 days after the filing of the response to the motion. A hearing on such motions will be at the Court's direction; and it is further

12. ORDERED that on or before 21 calendar days prior to the final pre-trial conference but not earlier than February 15, 2006 pursuant to Rule 16.4(d) of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware (the "Local Rules") and Rule 26(a)(3)(C) of the Federal Rules of Civil Procedure, Liaison Counsel shall file (i) a proposed pre-trial order, signed by each Liaison Counsel as well as by counsel for any party participating in the PD Estimation; (ii) copies of all exhibits to be offered and all schedules and summaries to be used at the Asbestos PD Estimation Hearing; and (iii) stipulations regarding admissibility of exhibits; and it is further

13. ORDERED that any trial briefs shall be filed on or before 21 calendar days prior to the Asbestos PD Estimation Hearing and that no responses thereto shall be allowed; and it is further

14. ORDERED that the Debtors shall, within 21 days after any request therefor, without the necessity of formal discovery demands, make reasonable efforts to provide to Asbestos PD Liaison Counsel such non-privileged, non-confidential documents and information in the possession of the Debtors, its counsel or its agents, concerning the pre-petition settlement of Asbestos PD Claims by the Debtors as Asbestos PD Liaison Counsel may reasonably request in writing. Such documents and information shall be delivered in such format and at such location(s) as Asbestos PD Liaison Counsel may reasonably agree upon; and it is further

15. ORDERED that the Debtors shall, without the necessity of formal discovery demands, make reasonable efforts to provide to Asbestos PD Liaison Counsel such confidential documents and information in the possession of the Debtors, its counsel or its agents, concerning the pre-petition settlement of Asbestos PD Claims by the Debtors as Asbestos PD Liaison Counsel may reasonably request in writing, after the expiration of 21 days notice by the Debtors

to the other parties (which notice shall be given promptly after such request by Asbestos PD Liaison Counsel) to any such confidential settlement documents and information and only if such parties do not file an objection with the Court within such 21 days seeking an order preventing the Debtors from providing the documents or information to Asbestos PD Liaison Counsel; provided, however, in the event such an objection is filed, no documents or information shall be produced until the Court orders such production; and it is further

16. ORDERED that in the event that any confidential documents and/or information is produced pursuant to paragraph 15 herein, Liaison Counsel may use such documents and/or information in the preparation for or at the PD Estimation Hearing and may share the documents and/or information with its experts (who may use such documents and/or information in their export reports) or any parties participating in the PD Estimation, unless otherwise ordered by the Court after notice and a hearing; and it is further

17. ORDERED that paragraphs 14, 15 and 16 herein shall not either reduce nor enhance the rights of any party participating in the PD Estimation to seek to obtain formal discovery from the Debtors of documents and information related to pre-petition settlements of Asbestos PD Claims, and it is further

18. ORDERED that notwithstanding anything in this Order, the deadlines specified herein may be extended by consent of each Liaison Counsel or by the Court upon motion of any party participating in the PD Estimation, after notice (which may be shortened and limited by the Court as it deems appropriate) and hearing; and it is further

19. ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

20. ORDERED that the Court may hear and resolve any discovery disputes telephonically at the request of any party involved in such dispute, upon notice (which may be shortened and limited by the Court as it deems appropriate); provided, however, disputes which arise during a deposition regarding such deposition may be heard telephonically and without any notice to any party not present at such deposition.

Wilmington, Delaware
Dated: _____, 2005

                                                Honorable Judith K. Fitzgerald
                                                United States Bankruptcy Judge