IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------)
In re:                                                   )    Chapter 11
                                                         )
W. R. GRACE & CO., *et al.*,                             )    Case No. 01-01139 (JKF)
                                                         )    (Jointly Administered)
                                                         )
                                    Debtors.             )    Hearing Date: May 16, 2005 at 12:00 p.m.
                                                         )    Objection Deadline: April 18, 2005 at 4:00 p.m.
---------------------------------------------------------)

APPLICATION FOR AN ORDER PURSUANT TO SECTIONS 1103(a)
AND 328(a) OF THE BANKRUPTCY CODE AND FED. R. BANKR. P.
2014 AND 2016 AUTHORIZING THE RETENTION AND EMPLOYMENT OF
LECG, LLC AS CONSULTANTS TO THE OFFICAL COMMITTEE OF ASBESTOS
PROPERTY DAMAGE CLAIMANTS, NUNC PRO TUNC TO FEBRUARY 17, 2005

TO:       THE HONORABLE JUDITH K. FITZGERALD,
          UNITED STATES BANKRUPTCY JUDGE:

The Official Committee of Asbestos Property Damage Claimants (the "**PD Committee**") of the above-captioned debtors and debtors in possession (the "**Debtors**"), by and through this application (the "**Application**"), respectfully seeks the entry of an order pursuant to sections 1103(a) and 328(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**"), and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing the retention and employment of LECG, LLC ("**LECG**"), as consultants to the PD Committee and for approval of LECG's proposed terms of employment, *nunc pro tunc* to February 17, 2005. In support of this Application, the PD Committee relies upon the Affidavit of Marvin A. Tenenbaum (the "**Affidavit**"), attached hereto as Exhibit A, and represents as follows.

## INTRODUCTION

1. On April 2, 2001 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**"). On the Petition Date, the Court entered an order of joint administration pursuant to Federal Rule of Bankruptcy Procedure 1015(b) providing for the joint administration of these cases and for their consolidation for procedural purposes only. Pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

2. On April 12, 2001, the United States Trustee appointed the PD Committee. At a scheduled meeting on May 2, 2001, at which a majority of its members were present, the PD Committee selected Hamilton, Rabinovitz & Alschuler, Inc. ("**HRA**") to provide consulting services to it during the pendency of the Chapter 11 Cases.

3. On January 29, 2002, the PD Committee filed its *Application for an Order Pursuant to Sections 1103(a) and 328(a) of the Bankruptcy Code and Fed. R. Bankr. P. 2014 and 2016 Authorizing the Retention and Employment of Hamilton, Rabinovitz & Alschuler, Inc., as Consultants to the Official Committee of Asbestos Property Damage Claimants, Nunc Pro Tunc to May 2, 2001* (the "**HRA Application**").

4. On February 20, 2002, the Court entered its Order granting the HRA Application.

5. As more fully described in the HRA Application, HRA was retained to provide and has provided various consultative services, including, without limitation, consultative services related to both asbestos personal injury claims and property damage claims. While the PD Committee relied, and continues to rely on HRA for consultative services regarding personal injury claims, the PD Committee had principally relied upon the services of a former

employee of HRA, James E. Hass ("**Mr. Hass**"), for consultative services in relation to property damage claims.

6. On or about February 1, 2005, Mr. Hass became a Director of LECG. As a result, Mr. Hass is no longer affiliated with HRA.

7. LECG has been providing services to the PD Committee since February 17, 2005.

8. Although the PD Committee continues to consult HRA primarily in relation to personal injury claims, the PD Committee believes it necessary to officially retain LECG, *nunc pro tunc* to February 17, 2005, to advise the PD Committee on matters principally related to property damage claims and such other matters as it may request in the future. Accordingly, the PD Committee requests approval of this Application.

## JURISDICTION

9. This Court has jurisdiction over these cases pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

10. By this Application, the PD Committee respectfully requests that the Court enter an order pursuant to sections 1103(a) and 328(a) of the Bankruptcy Code, and Rules 2014(a) and 2016 of the Bankruptcy Rules authorizing the retention and employment of LECG as its consultants in connection with the Chapter 11 Cases, and granting such further and other relief as this Court deems just and proper.

11. The PD Committee requests that such retention be *nunc pro tunc* to February 17, 2005, the date LECG commenced postpetition services for the PD Committee.

## LECG's QUALIFICATIONS

12. LECG is a leading expert services firm that conducts economic and financial analyses to provide objective opinions and advice to resolve complex disputes and inform legislative, judicial, regulatory and business decision makers. LECG provides independent expert testimony, original authoritative studies and strategic advice. Moreover, LECG is well-qualified to serve the PD Committee as a consultant on matters in these Chapter 11 Cases, in that, among other things, it has substantial expertise in the estimation of the value of property damage claims in other "mass-tort" reorganizations. In particular, Hass has provided and continues to provide services to the official committee of asbestos property damage creditors in the USG Corporation bankruptcy proceedings.

## SERVICES TO BE PROVIDED BY LECG

13. The PD Committee anticipates that LECG will render consulting services for the PD Committee as needed throughout the course of the Chapter 11 Cases, including:

    a.    Estimation of the value of asbestos property damage claims;

    b.    Development of claims procedures to be used in the development of financial models of payments and assets of an asbestos settlement trust;

    c.    Assessing proposals made by the Debtors or other parties, including, without limitation, proposals from other creditors' committees;

    d.    Assisting the PD Committee in respect of the Debtors' proposed plan of reorganization and any other plan(s) hereafter filed, as well as in negotiations with various parties in respect thereof;

    e.    Rendering expert testimony as required by the PD Committee; and

    f.    Such other advisory services as may be requested by the PD Committee from time to time.

14. The PD Committee will monitor the services to be provided by LECG to ensure that no duplication of services occurs with respect to the services to be provided by HRA.

## LECG'S COMPENSATION

15. LECG has agreed to accept as compensation for its services in this case such sums as may be allowed by this Court in accordance with law, based upon the services rendered, the results achieved, the difficulties encountered, the complexities involved, and other appropriate factors.

16. LECG has agreed to be compensated for its services on an hourly basis, in accordance with its normal billing practices, subject to allowance by this Court in accordance with the Court's May 3, 2001, administrative order approving interim compensation and reimbursement of expenses for professionals in the Chapter 11 cases, as amended (the **"Administrative Fee Order"**) and other applicable law. The current hourly rates LECG charges are attached hereto as Schedule 1 to the Affidavit.

17. In addition, also subject to allowance by this Court in accordance with the Administrative Fee Order and other applicable law, LECG shall bill the Debtors for reimbursement of all of its reasonable out-of-pocket expenses incurred in connection with LECG's employment.

18. LECG also requests that this Application be granted *nunc pro tunc* to February 17, 2005, to allow LECG to be compensated for work it performed for the PD Committee from and after February 17, 2005, but prior to the submission of this Application or the order granting it.

## APPROVAL OF THE TERMS OF LECG'S ENGAGEMENT
## PURSUANT TO SECTION 328(a) OF THE BANKUPTCY CODE

19.   The PD Committee requests approval of the terms of LECG's engagement, subject to the standard of review provided in section 328(a) of the Bankruptcy Code. Section 328(a) of the Bankruptcy Code provides, in part, that a committee "with the court's approval, may employ or authorize the employment of a professional person under section . . . 1103 . . . on any reasonable terms and conditions of employment, including a retainer, on an hourly basis, or on a contingent fee basis." 11 U.S.C. § 328(a). As recognized by numerous courts, Congress intended in section 328(a) to enable debtors and committees to retain professionals pursuant to specific fee arrangements to be determined at the time of the court's approval of the retention, subject to reversal only if the terms are found to be improvident in light of "developments not capable of being anticipated at the time of the fixing of such terms and conditions." 11 U.S.C. § 328(a). *See In re Nat'l Gypsum Co.*, 123 F.3d 861, 862-63 (5th Cir. 1997) ("If the most competent professionals are to be available for complicated capital restructuring and the development of successful corporate reorganization, they must know what they will receive for their expertise and commitment.").

20.   The PD Committee believes that the fee structure is reasonable and should be approved under section 328(a) of the Bankruptcy Code. The fee structure appropriately reflects the nature of the services to be provided by LECG and the fee structure is typically utilized by LECG and other leading consultants. In sum, the PD Committee believes that the fee structure is reasonable in light of (a) industry practice, (b) market rates charged for comparable services both in and out of the chapter 11 context, (c) LECG's substantial experience with respect to identifying and estimating the amount of asbestos property damage

claims and (d) the nature and scope of work to be performed by LECG in the Chapter 11 Cases.

21. Subject to the foregoing, including the standards imposed by section 328(a) of the Bankruptcy Code, awards of compensation and expenses will be sought by LECG pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Administrative Fee Order, and the rules and orders of this Court.

## DISCLOSURE CONCERNING CONFLICTS AND PREPETITION PAYMENTS

22. LECG has informed the PD Committee that, except as described in the Affidavit, LECG (i) does not have or represent any interest materially adverse to the interests of the Debtors or their estates, creditors or equity interest holders, and (ii) is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code. Moreover, the retention and employment of LECG is necessary and in the best interests of the PD Committee, the Debtors and their estates and creditors.

23. As set forth in the Affidavit, LECG has not shared or agreed to share any of its compensation with any other person, other than a managing director, professional or employee of LECG, as permitted by section 504 of the Bankruptcy Code.

## NOTICE

24. Proper notice of this Application has been given and the PD Committee submits that no further notice be given.

[continued on the next page]

## WAIVER OF MEMORANDUM OF LAW

25. As there are no novel issues of law presented herein, the PD Committee waives its right to file a memorandum of law in support of the Application, pursuant to Rule 7.1.2(a) of the Local Rules, incorporated by reference into the Local Bankruptcy Rules by General Order #9D.

## PRIOR REQUEST FOR RELIEF

26. No previous application for the relief sought in this Application has been made to this or any other court.

## CONCLUSION

WHEREFORE, the PD Committee respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit B pursuant to sections 1103(a) and 328(a) of the Bankruptcy Code, and Rules 2014(a) and 2016 of the Bankruptcy Rules (a) authorizing the retention and employment of HRA as its consultant pursuant to the terms outlined in this Application *nunc pro tunc* to February 17, 2005, (b) approving the proposed fee structure as reasonable under section 328(a) of the Bankruptcy Code, and (c) granting such further and other relief as this Court deems just and proper.

Dated: March 29, 2005

FERRY, JOSEPH & PEARCE, P.A.

/s/ Theodore J. Tacconelli
Theodore J. Tacconelli (No. 2678)
Lisa L. Coggins (No. 4234)
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899
(302) 575-1555

-and-

BILZIN SUMBERG BAENA PRICE
& AXELROD LLP
Scott L. Baena, Esquire
Jay M. Sakalo, Esquire
200 South Biscayne Boulevard
Suite 2500
Miami, FL 33131-2336
(305) 374-7580

Co-Counsel to the Official Committee of Asbestos Property Damage Claimants