# EXHIBIT 5

C.                                    C

## PATENT LICENSE AGREEMENT

THIS AGREEMENT entered into this _____day of _____, 1972

(effective as of July 1, 1972) by and between VERMICULITE INTERMOUNTAIN, INC.,

a corporation organized and existing under the laws of the State of Utah

and having its principal place of business at P. O. Box 2398, Salt Lake City,

Utah (hereinafter referred to as VERMICULITE INTERMOUNTAIN) and W. R. GRACE & CO.,

a corporation organized and existing under the laws of the State of Connecticut,

acting through its CONSTRUCTION PRODUCTS DIVISION, having an office at

62 Whittemore Avenue, Cambridge, Massachusetts, 02140 (hereinafter referred

to as GRACE).


WITNESSETH THAT:

WHEREAS, GRACE has developed a product and process for

the fireproof coating of walls and ceilings of building structures known

as MONOKOTE MK4 and;

WHEREAS, GRACE has or is about to file patent applications

in the United States, and;

WHEREAS, in connection with this research and development

activity related to the said product and process, GRACE has acquired a

considerable body of patentable information, know-how and trade secrets

and;

20182026

050ETXQ01308

WHEREAS, VERMICULITE INTERMOUNTAIN is interested in acquiring access to said technical information, know-how and trade secrets as well as licenses under the aforementioned patent applications and any patents which have or will issue thereon, and

WHEREAS GRACE is willing to make such disclosure and grant such rights to VERMICULITE INTERMOUNTAIN under terms and conditions specifically set forth below.

NOW, THEREFORE, in consideration of the mutual promises, undertakings, agreements and covenants set forth herein, the parties hereto do hereby agree as follows:

## ARTICLE I

As used through this Agreement the following terms shall have the meanings indicated:

(A)  "Licensed Product" shall mean any material or composition for use as fireproof coating specifically designated as MONOKOTE MK4 encompassed by the claims of the Patent Rights or GRACE's Technology.

(B)  The term "Patent Rights" shall mean patents which have issued or which shall issue to GRACE on United States patent applications, and any amendments, extensions, or continuation-in-part of said United States applications, which patent and application relate to the Licensed Product.

- 2 -

20182027

050ETXQ01309

(C) The term "Confidential Information" shall mean know-how and/or technology disclosed by GRACE to VERMICULITE INTERMOUNTAIN at any time if not possessed by VERMICULITE INTERMOUNTAIN at the time of disclosure, but any such know-how or information shall cease to be confidential information when it becomes public knowledge or when it becomes available to VERMICULITE INTERMOUNTAIN from any third party who did not obtain such information from GRACE.

(D) The term "GRACE's Technology" shall mean any and all information, formula, data, specifications, techniques, marketing information, or other know-how of any nature, whether or not patented or patentable, in possession or control (the term "control" being used in the sense that GRACE shall have the right to grant licenses thereunder without obligation to any third party) of GRACE at any time prior to the expiration or termination of this Agreement relating to the use of and manufacturing the Licensed Product.

## ARTICLE II

GRACE hereby grants to VERMICULITE INTERMOUNTAIN a non-transferable, non-exclusive right and license (without the right to sublicense) to make, use and sell Licensed Product, but solely within the following territory:

The State of Utah. All that part of the State of Idaho running south of Idaho County (but not including Idaho County) and the Montana state line. The following countys in Wyoming: Unita, Sweet Water, Lincoln, Sublette, Fremont, and Tetoa, and the following counties in Nevada: Elko, Eureka, White Pine and Lincoln.

20182028

- 3 -

050ETXQ01310

## ARTICLE III

VERMICULITE INTERMOUNTAIN agrees that it will for the term of this Agreement take all reasonable steps to preclude and prevent the disclosure to others of Confidential Information recieved from GRACE so long as such information shall remain confidential information.

GRACE agrees that during the term of this Agreement it will supply technical assistance as to the use of raw materials and production and marketing techniques associated with the manufacture and marketing of the Licensed Product.

20182029

050ETXQ01311

- 3 -

## ARTICLE IV

(A) Vermiculite Intermountain agrees to
pay ~~Zonolite~~ GRACE royalty of ~~one half cent (\$0.005)~~ eight cents (\$0.08) per 1/5 to 50 lb bag
~~cubic foot~~ of Licensed Product which is made by
Vermiculite Intermountain and either used or sold by
Vermiculite Intermountain.

(B) Vermiculite Intermountain agrees that
in no event shall royalties paid to ~~Zonolite~~ GRACE hereunder
be less than One Hundred Dollars in any year following
the execution of this Agreement.  Should royalties paid
by Vermiculite Intermountain in any such year not
amount to One Hundred Dollars, ~~Zonolite~~ GRACE shall promptly
notify Vermiculite Intermountain, and if Vermiculite
Intermountain has not within thirty days after the date
of such notice paid to Zonolite an amount which, when
added to royalties already paid, will equal or exceed
One Hundred Dollars, then this license shall terminate
at the conclusion of said thirty day period.

## ARTICLE V

Vermiculite Intermountain shall at all times
keep accurate records with respect to all operations
and products falling under the scope of this license,
and shall render written statements thereof to ~~Zonolite~~ GRACE

20182030

050ETXQ01312

within thirty days after the end of every calendar quarter during the term of this Agreement, and shall pay to ~~Zonolite~~ GRACE with each such statement the amount of all royalties accrued during the calendar quarter to which the report appertains. ~~Zonolite~~ GRACE shall have the right, at its own expense, to have Vermiculite Intermountain's books examined at reasonable times and intervals for the purpose of verifying such statements by a certified public accountant to whom Vermiculite Intermountain has no reasonable objection.

## ARTICLE VI

Vermiculite Intermountain shall mark all of the containers in which the Licensed Product is packaged and sold as well as advertising and similar literature relative to Licensed Products with such reasonable and appropriate statutory patent notice as ~~Zonolite~~ GRACE shall from time to time request.

## ARTICLE VII

Vermiculite Intermountain hereby agrees not to contest or dispute the validity of the ~~Licensed~~ Patent Rights or the validity of ~~Zonolite's~~ GRACE'S title to the ~~Licensed~~ Patent. Rights.

- 8 -

## ARTICLE VIII

If during the term of this Agreement
Vermiculite Intermountain shall make any invention
which shall constitute an improvement or refinement
of either the process or composition related to any
Product
of the Licensed Patent, Vermiculite
Intermountain shall promptly disclose such invention
or inventions to GRACE. Vermiculite Intermountain
agrees to grant and hereby grants to GRACE a
royalty-free, non-exclusive license (with the right
to sub-license others) under any such inventions and
under any patents which may be obtained anywhere cover-
ing any such inventions. Vermiculite Intermountain
agrees to execute any instruments or documents prepared
by GRACE as may reasonably be necessary to confirm
or make of record the license rights granted under this
article.

## ARTICLE IX

(A)  The term of this Agreement and the license
granted hereunder shall be until January 1, 1978.  It may
be terminated by either party at the end of said term by
giving notice of termination ninety days prior to
December 31, 1977.  If not so terminated, it shall continue
from year to year thereafter unless and until terminated

20182032

050ETXQ01314

by either party giving to the other party written notice of termination at least ninety days in advance of the end of any subsequent anniversary date thereof. Termination of this Agreement at any time for any reason shall not relieve either of the parties hereto from any obligations or undertakings which had vested prior to such termination.

(B) Should Vermiculite Intermountain violate or breach any of its obligations under this Agreement, ~~[illegible]~~ GRACE may terminate this Agreement by giving the licensee thirty (30) days written notice of such termination, specifying the reason or reasons therefor. Should the violation or breach specified be corrected by Vermiculite Intermountain within said thirty day period, then this Agreement shall not terminate but shall continue in full force and effect.

ARTICLE X

This Agreement constitutes the entire understanding of the parties and supersedes any prior agreements or understandings between the parties relative to the subject matter hereof.

- 7 -

## ARTICLE XI

Any notices or other communications relative to this Agreement shall be deemed properly given if addressed as follows:

In the case of GRACE CONSTRUCTION PRODUCTS Division,
W. R. Grace & Co.
63 Whittemore Ave
Cambridge, Mass.  02140

In the case of VERMICULITE

Vermiculite Intermountain, Inc.
P.O. Box 2483
Salt Lake City, Utah

IN WITNESS WHEREOF, the parties have hereunto caused this Agreement to be duly executed the day and year first above written.

W. R. GRACE & CO.

ATTEST:

By_____
Pres. Construction Products Division

VERMICULITE INTERMOUNTAIN, INC.

ATTEST:

By_____

20182034

050ETXQ01316