# EXHIBIT 7

## PATENT LICENSE AGREEMENT

THIS AGREEMENT entered into this _16_ day of _September_, 1974 (effective as of November 7, 1973) by and between ROBINSON INSULATION CO., a corporation organized and existing under the laws of the State of Montana and having its principal place of business at 12th Street North and River Drive, Great Falls, Montana, (hereinafter referred to as LICENSEE) and W. R. GRACE & CO., a corporation organized and existing under the laws of the State of Connecticut acting through its CONSTRUCTION PRODUCTS DIVISION, having an office at 62 Whittemore Avenue, Cambridge, Massachusetts, 02140 (hereinafter referred to as GRACE).

WITNESSETH THAT:

WHEREAS, GRACE has developed a product and process for the fireproof coating of walls and ceilings of building structures known as MONOKOTE Fire Proofing type MK-5 and;

WHEREAS, GRACE has filed patent applications in the United States related to such product and process and;

WHEREAS, in connection with research and development activity related to the said product and process, GRACE has acquired a considerable body of patentable information, know-how and trade secrets and;

-1-

WHEREAS, LICENSEE is interested in acquiring access to said technical information, know-how and trade secrets as well as licenses under the aforementioned patent applications and any patents which have issued or will issue thereon, and;

WHEREAS, GRACE is willing to make such disclosure and grant such rights to LICENSEE under terms and conditions specifically set forth below.

NOW, THEREFORE, in consideration of the mutual promises, undertakings, agreements and covenants set forth herein, the parties hereto do hereby agree as follows:

## ARTICLE I

As used through this Agreement the following terms shall have the meanings indicated:

(A) "Licensed Product" shall mean any material or composition for use as fireproof coating specifically designated as MONOKOTE Fire Proofing type MK-5 encompassed by the claims of the Patent Rights or GRACE's Technology.

(B) The term "Patent Rights" shall mean U.S. Patent No. 3,719,513 issued March 6, 1973; U.S. Patent Application Serial No. 322,271 filed January 9, 1973 and any patents which have issued or which shall issue to GRACE on United States patent applications, and any amendments, extensions, or continuation-in-part of said United States applications, which patents and applications relate to the Licensed Product.

15187988

135Z00164

(C) The term "Confidential Information" shall mean know-how and/or technology disclosed by GRACE to LICENSEE at any time if not possessed by LICENSEE at the time of disclosure, but any such know-how or information shall cease to be confidential information when it becomes public knowledge or when it becomes available to LICENSEE from any third party who did not obtain such information from GRACE.

(D) The term "GRACE's Technology" shall mean any and all information, formula, data, specifications, techniques, marketing information, or other know-how of any nature, whether or not patented or patentable, in possession or control (the term "control" being used in the sense that GRACE shall have the right to grant licenses thereunder without obligation to any third party) of GRACE at any time prior to the expiration or termination of this Agreement relating to the use of and manufacturing of the Licensed Product.

## ARTICLE II

(A) GRACE hereby grants to LICENSEE a non-transferable, non-exclusive right and license (without the right to sublicense) to make, use and sell Licensed Product, but solely within the territory set forth in Schedule A attached.

(B) LICENSEE agrees to pay GRACE royalties as follows:
- (1) Fifteen cents (15¢) per 45-50 pound bag of License Product sold subsequent to the date of this Agreement.
- (2) A minimum royalty per calendar year under this Agreement shall be ONE THOUSAND DOLLARS ($1,000) beginning with the calendar 1975 and continuing throughout the life of this Agreement. The minimum

royalty herein specified shall be paid by LICENSEE to GRACE regardless or irrespective of actual sales of License Product.

(3) The maximum royalty per calendar year under this Agreement shall be TWENTY-FIVE HUNDRED DOLLARS ($2,500) beginning with the calendar year 1975 and continuing throughout the life of this Agreement. The maximum royalty shall be the limit of LICENSEE's obligation for royalty regardless and irrespective of actual sales of License Product for any calendar year.

(C) (1) Within THIRTY (30) days after each calendar period during the term of this Agreement or with THIRTY (30) days after the date of termination or expiration of this Agreement, LICENSEE shall report to GRACE in writing the amount of its royalty due. Each such report should be accompanied by the payment to GRACE of the amount shown to be due.

(2) LICENSEE agrees to keep books and records concerning its sale of License Product with repsect to this Agreement in sufficient detail to permit determination of the royalties due to GRACE hereunder. GRACE shall have the right to inspection of books and records at any reasonable time during reasonable business hours by an independent Certified Public Accountant, to the extent reasonably necessary to verify the accuracy of the reports and payments made to GRACE by LICENSEE hereunder.

-4-

## ARTICLE III

LICENSEE agrees that it will take all reasonable steps to preclude and prevent the disclosure to others of Confidential Information received from GRACE so long as such information shall remain confidential information.

GRACE agrees that during the term of this Agreement it will supply technical assistance as to the use of raw materials and product and marketing techniques associated with the manufacture and marketing of the Licensed Product.

## ARTICLE IV

LICENSEE shall mark all of the containers in which the Licensed Product is packaged and sold as well as advertising and similar literature relative to Licensed Product with such reasonable and appropriate statutory patent notice as GRACE shall from time to time request.

## ARTICLE V

LICENSEE hereby agrees not to contest or dispute the validity of the Patent Rights or the validity of GRACE's title to the Patent Rights.

-5-

-6-

15187992

135Z00168

## ARTICLE VI

If during the term of this Agreement LICENSEE shall make any invention which shall constitute an improvement or refinement of either the process or composition related to the Licensed Product, LICENSEE shall promptly disclose such invention or inventions to GRACE. LICENSEE agrees to grant and hereby grants to GRACE a royalty-free, non-exclusive license (with the right to sublicense others) under any such inventions and any patents which may be obtained anywhere covering any such inventions. LICENSEE agrees to execute any instruments or documents prepared by GRACE as may reasonably be necessary to confirm to make of record the license rights granted under this article.

## ARTICLE VII

(A) The term of this Agreement and the license granted hereunder shall be until January 1, 1978. It may be terminated by either party at the end of said term by giving notice of termination ninety (90) days prior to December 31, 1977. If not so terminated, it shall continue from year to year thereafter unless and until terminated by either party giving to the other party written notice of termination at least ninety (90) days in advance of the end of any subsequent anniversary date thereof. Termination of this Agreement at any time for any reason shall not relieve either of the parties hereto from any obligations or undertakings which had vested prior to such termination. Such termination shall not relieve LICENSEE of its obligation under Article III.

15187992

135Z00168

(B)  Should LICENSEE violate or breach any of its obligations under this Agreement, GRACE may terminate this Agreement by giving the LICENSEE thirty (30) days written notice of such termination, specifying the reason or reasons therefor.  Should the violation or breach specified be corrected by LICENSEE within said thirty day period, then this Agreement shall not terminate but shall continue in full force and effect.

## ARTICLE VIII

This Agreement constitutes the entire understanding of the parties and supersedes any prior agreements or understandings between the parties relative to the subject matter hereof.

## ARTICLE IX

Any notices or other communications relative to this Agreement shall be deemed properly given if addressed as follows:

<u>In the case of GRACE</u>

Construction Products Division
W. R. Grace & Co.
62 Whittemore Avenue
Cambridge, Massachusetts 02140

-7-

In the Case of LICENSEE

Robinson Insulation Co.
12th Street North and River Drive
Great Falls, Montana

IN WITNESS WHEREOF, the parties have hereunto caused this Agreement to be duly executed the day and year first above written.

W. R. GRACE & CO.

ATTEST:

_Richard Lewis_

BY _[signature]_
President
Construction Products Division

ATTEST:

_[signature]_

ROBINSON INSULATION CO.

By _[signature]_

15187994

135Z00170

## SCHEDULE A

The State of Montana except the following counties: Lincoln, Flathead, Sanders, Lake, Mineral, Missoula and Ravalli. All that part of North Dakota lying west of and including the counties of Towner, Eddy, Emmons, Ramsey, Wells, Benson and Burleigh. The following counties in Wyoming: Park, Washakie, Campbell, Yellowstone National Park, Hot Springs, Sheridan, Crook, Big Horn, Johnson and Weston.

15187995

135Z00171