# EXHIBIT 14

## W.R. GRACE & CO. - CONN.
## RESPONSE TO THE SECOND REQUEST
## FOR INFORMATION REGARDING THE LIBBY ASBESTOS SITE

**GENERAL OBJECTIONS**

W.R. Grace & Co.-Conn. ("Grace") makes the following General Objections:

1. Grace objects to the Request, and to each paragraph therein, on the grounds that it is overly broad, unduly burdensome and prohibitively time consuming, and some of the information requested could be located and identified as easily by the U.S. Environmental Protection Agency ("EPA") as by Grace.

2. Grace objects to the Request, and to each paragraph therein, to the extent it calls for information or documents that are protected under the attorney-client privilege or the work product doctrine.

3. Grace objects to the Request, and to each paragraph therein, to the extent the Request seeks to impose on Grace an obligation to obtain information or documents from third persons or others, which are not in Grace's custody or control.

4. Grace objects to the Request, and to each paragraph therein, to the extent that it calls for disclosure of information subject to Montana's constitutionally protected right to privacy.

5. Grace objects to the Request, and to each paragraph therein, to the extent that it calls for disclosure of confidential information in which there is an actual and reasonable expectation of privacy.

6. Grace objects to the Request, and to each paragraph therein, to the extent that it calls for disclosure of confidential information to the extent that it could subject Grace to claims by persons or entities asserting that such information was impermissibly disclosed.

7. Grace objects to the Request, and to each paragraph therein, to the extent that it calls for the disclosure of confidential or proprietary business information and/or information protected under various trade secret and intellectual property laws.

8. Grace objects to the Request, and to each paragraph therein, to the extent that it seeks to impose on Grace an obligation or obligations outside the purview of EPA's authority under 42 U.S.C. § 9604(e).

9. The following answers are based upon facts known or believed by Grace at the time of answering these questions. Much of the information is sought from many years ago and is, therefore, difficult or impossible to reconstruct or retrieve. Grace therefore reserves the right to amend these answers as and if new or better information becomes available to

surveillance program had been evolving since 1959 when X-ray testing of employees at Libby was conducted. In 1964 and annually thereafter, another set of X-rays was done on Libby employees and periodic X-ray testing was begun at that time, the results of which were made available to the personal physician of each employee for interpretation, with instructions to the employee to contact his physician to discuss the results. The X-ray tests were performed and evaluated by independent physicians selected by personnel at the Libby facility.

Beginning in the early 1970s, Grace management met with employees individually to discuss their X-ray test results and to recommend further evaluation from a personal physician. Pulmonary function tests were added in 1974. Spirometry tests were performed on Libby employees in 1964 and were conducted periodically after 1975. In 1977, Grace commissioned a chest X-ray evaluation program to determine the nature of lung problems of Grace's employees at the mining and milling operations in Libby. Since 1978, Grace required its Libby employees to complete a health status questionnaire. Since the mid-1970s, Grace required that all new employees be non-smokers.

Grace is unaware of any "identifiers" for its employee medical records.

Grace incorporates here by reference its response to Question 20.

Question 6:

When did WRG first find Tremolite in the vermiculite ore? Thereafter, did WRG regularly sample the vermiculite ore to determine the percentage of tremolite? What was a representative percentage of tremolite in the vermiculite ore?

Response Question 6:

Grace incorporates here by reference its General Objections and its Objections To The Instructions and Definitions. Grace further objects to Question 6 as vague, ambiguous, overly broad and unduly burdensome to the extent that it requests information regarding "vermiculite ore" and a "representative percentage." These terms are not defined and are subject to differing opinions as to their ordinary meaning. Grace further objects to Question 6 because this request is not limited by location or time period and is outside the purview of EPA's authority under 42 U.S.C. § 9604(e). Without waiving these objections, Grace responds as follows:

Grace was aware of the presence of tremolite in the vermiculite ore deposits when it purchased the company in 1963. Grace determined the amount of vermiculite present in the ore and was generally if not specifically aware of the content of tremolite in both the deposits and the ore. The amount of tremolite varied as different geologic concentrations of vermiculite ore were mined. On average, after the vermiculite ore was milled and concentrated, the amount of tremolite in the concentrate was 1% or less. After the concentrate was expanded or exfoliated, if any tremolite remained, it was only a trace amount.

#595382 v4                                    13

Grace had drill hole data that specified where the concentrations of vermiculite were and the various grades; it also identified how much tremolite was in each hole as well as other non-vermiculite materials. Grace had a policy of not processing vermiculite containing higher concentrations of tremolite – those portions of the mine went directly to waste piles rather than through the mill.

Grace incorporates here by reference its response to Question 8.

Question 7:

Has WRG determined that tremolite caused asbestosis? When did WRG first tell the employees of this health hazard?

Response Question 7:

Grace incorporates here by reference its General Objections and its Objections To The Instructions and Definitions. Grace further objects to Question 7 as vague, ambiguous, overbroad and unduly burdensome to the extent that it requests information regarding the term "health hazard." The term "health hazard" is not defined and is subject to differing opinions as to its ordinary meaning. Grace objects to Question 7 to the extent that it seeks legal or medical opinions regarding "causation" and "asbestosis." Grace also objects to Question 7 because it seeks information outside the purview of EPA's authority under 42 U.S.C. § 9604(e). Without waiving these objections, Grace responds as follows:

Grace has determined that asbestiform tremolite may cause asbestosis under certain conditions, including substantial dose and duration.

Grace cannot identify the precise date or manner in which one or more of its employees might have become aware of alleged health hazards associated with the inhalation of asbestos fibers by human beings. However, through established Health and Safety Committees, Grace employees met periodically to discuss health, safety and asbestos issues. Grace has no documented information regarding specific topics discussed at these meetings. Additionally, union records reflect the existence of a dust committee specifically tasked with addressing dust issues at the Libby facilities and knowledge on the part of the union in approximately 1962 or 1963 regarding health hazards associated with the dust.

Beginning in 1972, Grace placed government required signs in the mine with the following warning:

ASBESTOS
DUST HAZARD
Avoid Breathing Dust.
Wear Assigned Protective Equipment.
Do Not Remain In Area Unless Your Work Requires It.
Breathing Asbestos Dust May Be Hazardous To Your Health.

#593382 v4                                    14

CONFIDENTIAL

ATTACHMENT A

Licensees:
J.J. Brouk & Co.
Certain-Teed Prod.
Cleveland Builders
Cleveland Gypsum Co.
Diversified Insulation
Examet Ltd. - Smithville
Genstar Gypsum
I.C.I. - United States Inc.
International Vermiculite Co.
MacArthur Co.
Mica Pellets Inc.
B.F. Nelson Mfg. Co.
Nawrocki Insulation
Oklahoma Verm. Co.
Robinson Insul. - Minot
Robinson Insul. - Great Falls
Southwest Verm. Co. - Albuquerque
Southwest Verm. Co. - Lubbock
Stronglite Products Co.
Supreme Perlite Co.
Tennessee Zonolite Co.
Texas Verm. Co. - Dallas
Texas Verm. Co. - San Antonio
Thermic Refractories
Verm. - Intermountain Inc.
Verm. Products - Houston
Verm. Industrial Corp.
Verm. Industries - E. Palestine
Verm. of Hawaii
Verm. Insulation - Ligabine
Wempco - Denver
Wempco - Milwaukee
Wempco - Minneapolis
Wempco - Omaha
Westrec Ind. - Oakville
World's Best Transport
Industrial:
3-M Company
Adams & Co.
Allied American Gyp.
Allied Block
Allied Chem Dye - Edgewater

Allied Chem Dye - Philadelphia
Al-Par Peat
American Gypsum Co.
American Perlite
Wm. R. Barnes
Bestwall Gypsum - Acme
Bestwall Gypsum - Akron
Bestwall Gypsum - Blue Rapids
Bestwall Gypsum - Brunswick
Bestwall Gypsum - Ft. Dodge
Bestwall Gypsum - Grand Rapids
Bestwall Gypsum - New Orleans
Bestwall Gypsum - Wilmington
Big Horn Gypsum Co. - S. Mateo
Big Horn Gypsum Co. - Cody
Blue Diamond Co. - Arden
Blue Diamond Co. - Niles
California Gypsum
Caltex Petroleum Inc.
Carboline Co.
Carborundum
Celotex Corp. - Cody
Celotex Corp. - Edgewater
Celotex Corp. - Hamlin
Celotex Corp. - Philadelphia
Celotex Corp. - Port Clinton
Celotex Corp. - Fort Dodge
Centex American Gyp.
Chron Chemical
C.M.I.
C.M.I., Texas Inc.
Colorado Kansas Seed Co.
Cominco Ltd.
Dearborn Chemical
Diercks Forest Ind.
Dodson Mfg.
Exomet - Smithville
Fibreboard Paper - Florence
Fibreboard Paper - Newark
Fibreboard Paper - Southgate
FlintKote Co. - Sweetwater
FlintKote Co. - Arden
FlintKote Co. - Camden

CONFIDENTIAL

#595382 v1

1

**CONFIDENTIAL**

FlintKote Co. - Niles
Foseco Ltd. - Cucamonga
H.B. Fuller Co.
Garlok Inc.
C. Gartenmann & Co.
General Electric - San Bernadino
General Mills - Minneapolis
Genstar
Georgia-Pacific, Sigurd
Georgia-Pacific, Bestwall
Georgia-Pacific, Fort Dodge
Georgia-Pacific, Himes
Grand Rapids Gypsum
James Hardie Gypsum
Inland Steel Corp. - Chicago
J.E. Love & Sons Ltd.
Johns-Manville, Apex
Johns-Manville, Florence
Kaiser Gypsum - Seattle
Kaiser Gypsum - Antioch
Kaiser Gypsum - Long Beach
Kaiser Gypsum - Rosario
Kalo Inoculant
N.S. Koos & Sons
Lexington Mill & Elevator Co.
Lloyd A. Fry Roofing Co.
Marvelite Industries
Masonite Comm. Div.
Midwest Rubber
National Gypsum - Rotan
National Gypsum - Richmond
National Gypsum - Long Beach
National Gypsum - Fort Dodge
Norwest Gypsum Co.
O.M. Scott & Sons Inc.
Onduline-USA Virginia
Pabco Gypsum Co.
Pabco Products - Apex
Pabco Products - Newark
Paul Marsh Inc.

Premier Enterprises
Pryor Giggey
PVP Industries
Rapid Indust. Plastic
Ruberaid Co. - Caledonia
Republic Gypsum Co.
Republic Housing - Rosario
Riley Ruminant Nutrient
Robt. T. Smith
Shelter Shield
Steel Services
Swift & Company
Temple Gypsum - Memphis
Texas Gypsum - El Paso
Texas Gypsum - Irving
Three Rivers Gypsum
Topex Company
Truroc Gypsum
Twin Cities Wholesale
U.S. Gypsum - Empire
U.S. Gypsum - Irving
U.S. Gypsum - Lewistown
U.S. Gypsum - Plaster City
U.S. Gypsum - Santa Fe Springs
U.S. Gypsum - Sigurd
U.S. Gypsum - Southard
U.S. Gypsum - Sperry
U.S. Gypsum - Staten Island
U.S. Steel Corp. - Chicago
U.S. Steel Corp. - Duquesne
U.S. Steel Corp. - Ensley
U.S. Steel Corp. - Fairfield
U.S. Steel Corp. - Fainose Hills
U.S. Steel Corp. - Gary
Van-Packer Co.
Voluntary Purchasing Group
Western Gypsum - Oakville
Western Gypsum - Santa Fe
Westroc Ind. - Oakville
Weyerhaeuser Co.