1  Peter P. Pearson
   P.O. Box 26301
2  Tucson, AZ. 85726
   (520) 247-1535
3  drp2p@email.arizona.edu

4

5                   **IN THE UNITED STATES BANKRUPTCY COURT**
                        FOR THE DISTRICT OF DELAWARE

6

7  In re:                              ) Case No. 01-1139 (JKF)
   W.R. GRACE & CO., et al.,           ) Claim Number: 2281
              Debtor.                  ) Re: Docket Nos. 5527, 5637 & 5685
8                                      ) **CLAIMENT'S MOTION FOR SUMMARY**
                                       ) **JUDGEMENT**
9

10 Peter P. Pearson ("Claimant"), per Rule 56 of the Federal Rules of Civil

11 Procedure, moves that the Court enter summary judgment for Claimant on the

12 ground that there is no genuine issue as to any material fact and that the

13 Claimant is entitled to judgment as a matter of law. The Debtors have failed

14 to meet a factual or legal standard for the request to have this claim

15 expunged.

16 Respectfully Submitted this 31st day of March, 2005.

17

18 By: _____

19    Peter P. Pearson

20

21

22

23

24

25

                            CLAIMENT'S ANSWER - 1

1

**CASE BACKGROUND**

2   1) For the sake of brevity, the Court is asked to review the facts as

3   outlined in Claimant's "Response to Debtors' Fifth omnibus Objection" and

4   "Supplement Response".

**Claim for Relief**

5

6   2) Claimant has suffered an acute form of joint pain in his hands, along with

diminished vision in both eyes as a direct result of handling, in an

7   unsafe and unprotected manner the G.R.M materials and application

8   solvents. Claimant has had skin cancer removed twice from his hands and on

9   the right forehead facial area where xylene had accidentally spilled while

10  working for W.R. Grace. Claimant was indirectly and/or directly threatened

11  that he would lose his job if he questioned his supervisors about the

chemicals being used, safety concerns, and medical problems that were

12  being experienced at the time. Claimant was never told of the danger of

13  the chemicals he was using, in accordance with Federal law, under the

14  Right-to-Know Act; never trained in the proper handling of the hazardous

15  materials offered by W.R. Grace. Claimant has suffered permanent harm

16  because of W.R. Grace's inability to conform and follow Federal law.

17  **Uncontested Facts**

18  3) **a)** Claimant was employed with W.R. Grace between 3/1/1986 through

19  2/1/1992.

20  **b)** W.R. Grace has not established that it complied with **U.S. Code Title 29
Chapter 15 § 645** with respect to providing a workplace free from

21  recognized hazards while Claimant was employed.

22  **c)** W.R. Grace has not established that it complied with **U.S. Code Title 29
Chapter 15 § 670** in providing training to use the GRM products while

23

24  Claimant was employed.

25  **d)** W.R. Grace has not established that it complied with **U.S. Code Title 42
Chapter 116 Subchapter II § 11021** when they refused to provide meaningful

CLAIMENT'S ANSWER - 2

1  Material Safety Data Sheets (MSDS) or training on how to understand MSDS
2  forms on the GRM products Claimant was using.

3   e) Claimant has suffered serious medical, emotional and economic harm due
4  to the malicious intent of W.R. Grace by their failure to follow federal
5  law and their financial motive to do so.

**Contested Fact**

6  4) a) Are the Debtors relieved of liability under their argument that a
7  "Statute of Laminations" should apply to Claimant's case?

8

9  **Legal Discussion**

10 5) Arizona law has a long held standing that under the exclusive remedy
11 provision, recovery under the Act shall be exclusive "except where injury
12 is caused by employer's willful misconduct" "and it must be shown that
13 negligence or wantonness was accompanied by intent to inflect injury upon
   another person" Serna v. Statewide Contractors, Inc. (App. 1967) 6
14 Ariz.App. 12, 429 P.2d 504. The Debtors chose, with malicious intent, to
15 willfully violate the Federal "Right to Know" Congressional Act when they
16 refused to provide Creditor with the industrial standards for safety
17 equipment during his tenure of employment, MSDS information on the
18 hazardous and unsafe materials that Creditor handled on a daily basis, or
19 product training with respect to the GRM product line.

20 6) Arizona courts have understood the doctrine of adverse domination, as a
21 method of tolling statute of limitations. The "doctrine of adverse
22 domination is recognized in numerous other jurisdictions in varying forms,
   and Arizona courts have stated that limitation periods are to be tolled
23 when discovery of wrongdoing cannot be reasonable expected", Resolution
24 Trust Corp. v. Blasdell, D.Ariz. 1994, 930 F.Supp. 417. With this case,
25 the Debtors, with malicious intent, caused harm and personal injury to

1   Claimant, in doing so, violated constitutional, civil and human rights to

2   his person.

3       The Debtors cannot claim they have or had no knowledge of the **Emergency**

4   **Planning and Community Right to Know Act (EPCRA) of 1986: 42 U.S.C. 11001**

5   **et seq.** Their willful and intent and refusal to comply illustrates the

    magnitude of misconduct the Debtors chose to do in refusing to follow the

6   law. This willful misconduct and fraudulent concealment of Claimant's

7   "Right to Know" falls under the "doctrine of adverse domination".

8       Under Arizona law, "[t]o establish fraudulent concealment for purposes

9   of tolling limitation period" a Claimant "…need only show a breach of

10  legal or equitable duty; neither actual dishonesty of purpose nor intent

11  to deceive is an essential element of constructive fraud" Walk v. Ring

12  (2002) 202 Ariz. 310, 44 P.3d 990. Claimant, with the help of the Debtors,

    has established "a breach of legal" and "equitable duty" on the part of

13  the Debtors. The Debtors have provided no proof that they, as a chemical

14  manufacturing corporation, followed the Federal **Emergency Planning and**

15  **Community Right to Know Act (EPCRA) of 1986: 42 U.S.C. 11001 et seq.** The

16  Debtors have provided no proof that Claimant was trained in the hazardous

17  materials he used for W.R. Grace, no proof that Claimant was familiar in

18  understanding the serious nature of the hazardous materials he was using,

19  no proof that MSDS sheets, or training in how to understand the MSDS

20  sheets, where provided to Claimant, nor have they provided proof that

21  their materials were safe. As illustrated in Claimants "Supplement

22  Response" the MSDS forms W.R. Grace provided show the absolute serious and

23  hazardous nature the chemicals and products W.G. Grace used and

    manufactured.

24                              **Conclusion**

25  7.) The Court is asked to consider the elements of this case and rule in

        accordance with the law, while also considering the congressional intent

1    of the "Right-to-Know" Act; to insure workplace safety. The compensation

2    that Claimant is asking for is little in comparison to the motive of

3    refusing to provide a basic standard of workplace safety in accordance

4    with State and Federal law.

5

6    Respectfully Submitted this 31st Day of March, 2005.

7

8    By: _____

9    Peter P. Pearson
     P.O. Box 26301
10   Tucson, AZ. 85726
     (520) 247-1535
11   drp2p@email.arizona.edu
     drp2p2@yahoo.com

12

     Original and three (3) copies
13   Of the forgoing sent this

14   31st day of March, 2005.

15   To:

16

     United States Bankruptcy Court
17   District of Delaware
     Attn: Clerk of the Court
18   824 Market Street
     Wilmington, Delaware. 19801

19
     Certified Mail Number: 7004 -0750 -0001 -2984-6193
20

21
     One Copy of the forgoing
22   Sent this 31st day of March, 2005.

23
     To:
24

25   KIRKLAND & ELLIS LLP
     Mr. James H.M. Sprayregen, P.C.
     Attn: Rachel R. Schulman, Esq.

                        CLAIMENT'S ANSWER - 5

1  | 200 East Randolph Drive
   | Chicago, Illinois. 60601

2  | **Certified Mail Number:** 7004-0750-0001-2984-6209

3

4  | and

5  | PACHULSKI, STANG, ZIEHL, YOUNG, JONES &
   | WEINTRAUB P.C.

6  | Ms. Laura Davis Jones (Bar No. 2436)
   | 919 North Market Street, 16th Floor

7  | P.O. Box 8705
   | Wilmington, Delaware. 19899-8705

8  | **Certified Mail Number:** 7004-0750-0001-2984-6216

9

10

11 | By:_____

12 |      Peter P. Pearson

13

14

15

16

17

18

19

20

21

22

23

24

25

# EXHIBIT A

## AFFIDAVIT OF CLAIMENT

### MARCH 31, 2005

## AFFIDAVIT

State of Arizona )
)  §
County of Pima  )

I, Peter P. Pearson, swear that the following information is true and correct to the best of my ability, under the penalty of perjury:

1.) I was never trained in the in the use of GRM roof products, which was a specialty roof product, its nature was unique to the roofing industry.

2.) The variety of organic solvents used, manufactured and promoted, for use by W.R. Grace have long-term effects on the health of humans. See MSDS forms.

3.) Medical evidence and the MSDS forms for the GRM line of materials, products, and chemicals, illustrate that long-term health effects result if proper procedures are not followed.

4.) I never had experience or exposure to the W.R. Grace, GRM line of roofing materials before I was employed with W.R. Grace.

5.) Had the truth of the hazardous nature and health related issues of the GRM material line been explained to the University of Nevada, Las Vegas (UNLV) the Thomas and Mack roof project would have been shut down.

6.) I questioned and complained to my supervisor, Ken Porter on several occasions regarding the chemicals we were using, I was threatened either directly and/or indirectly that I would lose my job if I raised any questions about safety concerns or medical problems that I was experiencing at the time.

7.) Because of the malicious intent of W.R. Grace, I have suffered serious medical, emotional and economic harm due to their failure to follow federal law and their financial motive to do so.

Peter P. Pearson

Signed before me this 31st day of March, 2005

Notary Public

My Commission Expires: 10 OCT 2007

OFFICIAL SEAL
GORDON J. STEFFENS
NOTARY PUBLIC-ARIZONA
PIMA COUNTY
My Comm. Expires Oct. 10, 2007