IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) ) ) | Chapter 11 |
|  |  | Case No. 01-01139 (JKF) |
| W. R. GRACE & CO., et al., | ) ) ) | (Jointly Administered) |
| Debtors. | ) ) | **Re: Docket No.: 7776** |
| _____ | ) ) ) | **Objection Deadline: April 8, 2005** |
|  |  | **Hearing Date: April 25, 2005** |

**OBJECTION OF THE OFFICIAL COMMITTEE OF ASBESTOS PROPERTY DAMAGE CLAIMANTS TO THE APPLICATION OF THE DEBTORS FOR THE ENTRY OF AN ORDER AUTHORIZING EMPLOYMENT OF CAHILL, GORDON & REINDEL AS SPECIAL COUNSEL TO THE DEBTORS**

The Official Committee of Asbestos Property Damage Claimants (the "PD Committee"), by and through undersigned counsel, hereby objects (the "Objection") to the Application of the Debtors for the Entry of an Order Authorizing Employment of Cahill, Gordon & Reindel as Special Counsel to the Debtors (the "Application"). In support of the Objection, the PD Committee respectfully submits as follows:

**INTRODUCTION**

By the Application, the Debtors seek an order authorizing them to retain Cahill Gordon[1] as special counsel to "represent, defend and advise the Debtors in the Solow Appeal and any further litigation that may stem from the Solow Appeal." Motion, ¶10. As set forth in the PD Committee's Objection to the Debtors' motion to approve a joint stipulation with the St. Paul Companies, Inc. with respect to the Solow Appeal Bond and to modify the automatic stay related

---

[1] All capitalized terms used, but not defined herein, shall have the meanings set forth in the Application.

thereto (the "Motion to Approve Stipulation"),[2] the Stipulation contravenes well-established bankruptcy principles related to the treatment of a surety's claim and, thus, the Stipulation fails to meet the reasonableness requirements under Federal Rule of Bankruptcy Procedure 9019 and should not be approved. Accordingly, due to the legal insufficiency of the Stipulation, there is no justification for the Debtors to engage Cahill Gordon and the Application should be denied.

### BACKGROUND

1. On April 2, 2001 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to operate their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. On April 12, 2001, the Office of the United States Trustee (the "UST") appointed the PD Committee, the Official Committee of Asbestos Personal Injury Claimants, and the Official Committee of Unsecured Creditors (the "Unsecured Creditors Committee"). On June 18, 2001, the UST appointed the Official Committee of Equity Security Holders (the "Equity Committee"). On May 24, 2004, the Court appointed Mr. David T. Austern as the representative of future claimants.

3. On or about November 13, 2004, the Debtors filed their initial plan of reorganization in these cases, which was subsequently amended on or about January 13, 2005, to include the Unsecured Creditors Committee and the Equity Committee as co-proponents of the plan (as amended, the "Plan").

---

[2] The complete title of the Motion to Approve Stipulation is *Debtors' Motion for Approval of the Joint Stipulation and Consent Order of the Debtors and the St. Paul Companies, Inc. Concerning the Classification and Treatment of St. Paul's Claim With Respect to the Solow Appeal Bond and for Modification of the Automatic Stay.*

## DISCUSSION

4.  The Debtors' only basis for seeking to engage Cahill Gordon is "represent, defend, and advise [them] in the Solow Appeal and any further litigation that may stem from the Solow Appeal." Motion, ¶10. Indeed, their retention is "for the discrete matters and services referenced [in paragraph 10]. Id., ¶11.

5.  As set forth at length in the PD Committee's Objection to the Motion to Approve Stipulation, by the proposed Stipulation, the Debtors fail to adhere to fundamental principles of bankruptcy law regarding the treatment of surety claims in a chapter 11 proceeding. Moreover, the Debtors fail to establish (a) the requisite reasonableness necessary to approve the Stipulation under Rule 9019 and (b) sufficient "cause" under section 362(d) of the Bankruptcy Code to grant them relief from the automatic stay to prosecute the Solow Appeal.

6.  As a result of the foregoing and the fact that the only matter for which the Debtors are seeking to employ Cahill Gordon is in respect of the Solow Appeal, the Application must be denied.

[signature page follows]

WHEREFORE, the PD Committee respectfully requests that the Court enter an order denying the requested relief sought by the Debtors in the Motion and further relief as the Court deems just and proper.

Wilmington, Delaware

Dated:  April 8, 2005

Respectfully submitted,

BILZIN SUMBERG BAENA
   PRICE & AXELROD LLP
200 South Biscayne Boulevard
Suite 2500
Miami, Florida  33131-2336
Telephone:  (305) 374-7580

Scott L. Baena (Admitted Pro Hac Vice)
Jay M. Sakalo (Admitted Pro Hac Vice)
Allyn Danzeisen (Admitted Pro Hac Vice)
              and

FERRY JOSEPH & PEARCE, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, Delaware  19899
Telephone:  (302) 575-1555

By:  /s/ Lisa L. Coggins
Theodore J. Tacconelli  (Del. Bar No. 2678)
Lisa L. Coggins (Del. Bar No. 4234)

CO-COUNSEL FOR THE OFFICIAL
COMMITTEE OF ASBESTOS PROPERTY
DAMAGE CLAIMANTS