IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

Objection Date: April 28, 2005, at 4:00 p.m.
Hearing Date: June 27, 2005 at 12:00 p.m.

### FIFTEENTH QUARTERLY INTERIM APPLICATION OF PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C. FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR OCTOBER 1, 2004 THROUGH DECEMBER 31, 2004

| Name of Applicant: | Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C. |
|---|---|
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | May 3, 2001 |
| Period for which Compensation and Reimbursement is Sought: | October 1, 2004 through December 31, 2004 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $122,618.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $116,277.58 |

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

This is a:    xx monthly         _ interim         _ final application.

The total time expended for preparation of this fee application is approximately 2 hours and the corresponding compensation requested is approximately $800.[2]

## PRIOR APPLICATIONS FILED:

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 07/10/01 | 04/02/01 – 04/30/01 | $ 62,472.75 | $ 23,277.13 | $ 62,472.75 | $ 23,277.13 |
| 08/09/01 | 05/01/01 – 05/31/01 | $ 29,929.00 | $ 15,670.64 | $ 29,929.00 | $ 15,670.64 |
| 09/07/01 | 06/01/01 – 06/30/01 | $ 30,195.50 | $ 37,763.45 | $ 30,195.50 | $ 37,763.45 |
| 09/11/01 | 07/01/01 – 07/31/01 | $ 17,040.50 | $ 20,323.76 | $ 17,040.50 | $18,184.95[3] |
| 10/31/01 | 08/01/01 – 08/31/01 | $ 9,407.50 | $ 20,486.61 | $ 9,407.50 | $ 20,486.61 |
| 11/13/01 | 09/01/01 – 09/30/01 | $ 13,158.00 | $ 10,035.46 | $ 13,158.00 | $ 10,035.46 |
| 11/27/01 | 10/01/01 – 10/31/01 | $ 13,420.75 | $ 8,922.92 | $ 13,420.75 | $ 8,922.92 |
| 01/22/02 | 11/01/01 – 11/30/01 | $ 39,991.50 | $ 22,398.11 | $ 39,991.50 | $ 22,398.11 |
| 01/30/02 | 12/01/01 – 12/31/01 | $ 35,017.00 | $ 13,575.07 | $ 32,778.50 | $ 13,575.07 |
| 04/02/02 | 01/01/02 – 01/31/02 | $ 48,356.50 | $ 38,671.08 | $ 48,356.50 | $ 38,671.08 |
| 05/31/02 | 02/01/02 – 02/28/02 | $ 46,611.50 | $ 25,627.01 | $ 46,611.50 | $ 25,627.01 |
| 06/06/02 | 03/01/02 – 03/31/02 | $ 44,145.00 | $ 29,280.21 | $ 41,141.00[4] | $ 29,280.21 |
| 06/28/02 | 04/01/02 – 04/30/02 | $ 49,562.00 | $ 25,475.46 | $ 49,562.00 | $ 25,475.46 |
| 07/12/02 | 05/01/02 – 05/31/02 | $ 42,495.50 | $ 21,543.54 | $ 42,495.50 | $ 21,543.54 |
| 08/13/02 | 06/01/02 – 06/30/02 | $ 32,819.00 | $ 29,869.61 | $ 32,539.00[5] | $29,776.36[6] |
| 10/01/02 | 07/01/02 – 07/31/02 | $ 22,630.00 | $ 17,187.01 | $ 22,630.00 | $ 17,187.01 |
| 10/30/02 | 08/01/02 – 08/31/02 | $ 34,536.00 | $ 45,540.43 | $ 34,536.00 | $ 45,540.43 |
| 11/14/02 | 09/01/02 – 09/30/02 | $ 32,858.50 | $ 33,313.79 | $ 30,731.00[7] | $11,436.76[8] |

---

[2] The actual number of hours expended preparing this Application and the corresponding compensation requested will be set forth in PSZYJ&W's subsequent fee applications.

[3] In the Court's Order approving quarterly fee applications for the First, Second and Third Periods, the Court approved $248,394.00 in fees which reflects a reduction of $2,283.50. For the purposes of this application, we have noted the reduction in the last month of that period.

[4] In the Court's Order approving quarterly fee applications for the Fourth Period, the Court approved $136,109.00 for fees which reflects a reduction of $3,004.00. For the purposes of this application, we have noted the reduction in the last month of that period.

[5] In the Court's Order approving quarterly fee applications for the Fifth Period, the Court approved $124,596.50 for fees which reflects a reduction of $280.00. For the purposes of this application, we have noted the reduction in the last month of that period.

[6] In the Court's Order approving quarterly fee applications for the Fifth Period, the Court approved $76,795.36 for expenses which reflects a reduction of $93.25. For the purposes of this application, we have noted the reduction in the last month of that period.

[7] In the Court's Order approving quarterly fee applications for the Sixth Period, the Court approved $87,897.00 for fees which reflects a reduction of $2,127.50. For the purposes of this application, we have noted the reduction in the last month of that period.

[8] In the Court's Order approving quarterly fee applications for the Sixth Period, the Court approved $95,393.85 for expenses which reflects a reduction of $647.38. For the purposes of this application, we have noted the reduction in the last month of that period.

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 12/30/02 | 10/01/02 – 10/31/02 | $ 19,370.50 | $ 24,488.86 | $ 19,370.50 | $ 24,488.86 |
| 01/21/03 | 11/01/02 – 11/30/02 | $ 25,948.50 | $ 31,181.03 | $ 25,948.50 | $ 31,181.03 |
| 01/30/03 | 12/01/02 – 12/31/02 | $ 16,407.00 | $ 14,016.95 | $ 16,263.00[9] | $ 14,016.95 |
| 03/18/03 | 01/01/03 – 01/31/03 | $ 25,984.50 | $ 19,035.00 | $ 25,984.50 | $ 19,035.00 |
| 04/23/05 | 02/01/03 – 02/28/03 | $ 18,094.50 | $ 23,616.14 | $ 18,094.50 | $ 23,616.14 |
| 06/17/03 | 03/01/03 – 03/31/03 | $ 15,853.00 | $ 15,586.33 | $15,740.50[10] | $ 15,586.33 |
| 07/21/03 | 04/01/03 – 04/30/03 | $ 12,140.50[11] | $ 17,776.64 | $ 12,140.50 | $ 17,776.64 |
| 08/13/03 | 05/01/03 – 05/31/03 | $ 13,234.50 | $ 16,624.15 | $ 13,234.50 | $ 16,624.15 |
| 09/02/03 | 06/01/03 – 06/30/03 | $ 9,888.50[12] | $ 14,033.07 | $ 9,888.50 | $ 14,033.07 |
| 09/29/03 | 07/01/03 – 07/31/03 | $ 18,546.50 | $ 18,663.30 | $ 18,546.50 | $ 18,663.30 |
| 10/24/03 | 08/01/03 – 08/31/03 | $ 20,376.00 | $ 43,075.91 | $ 20,376.00 | $ 43,075.91 |
| 10/30/03 | 09/01/03 – 09/30/03 | $ 24,433.50 | $ 19,744.93 | $24,410.00[13] | $ 19,744.93 |
| 12/03/03 | 10/01/03 – 10/31/03 | $ 22,988.00 | $ 30,531.15 | $ 22,988.00 | $ 30,531.15 |
| 12/29/03 | 11/01/03 – 11/30/03 | $ 20,729.50 | $ 33,211.18 | $ 20,729.50 | $ 33,211.18 |
| 01/26/04 | 12/01/03 – 12/31/03 | $ 22,073.00 | $ 19,772.62 | $ 22,073.00 | $ 19,772.62 |
| 03/24/04 | 01/01/04 – 01/31/04 | $ 22,238.50 | $ 13,200.84 | $ 22,238.50 | $ 13,200.84 |
| 04/05/04 | 02/01/04 – 02/29/04 | $ 20,551.50 | $ 13,096.88 | $ 20,551.50 | $ 13,096.88 |
| 05/11/04 | 03/01/04 – 03/31/04 | $ 25,911.00 | $ 19,056.44 | $ 25,911.00 | $ 19,056.44 |
| 06/18/04 | 04/01/04 – 04/30/04 | $ 21,730.50 | $ 15,444.69 | $ 21,730.50 | $ 15,444.69 |
| 07/20/04 | 05/01/04 – 05/31/04 | $ 21,891.00 | $ 20,728.27 | $ 21,891.00 | $ 20,728.27 |
| 07/30/04 | 06/01/04 – 06/30/04 | $ 25,219.00 | $ 33,778.62 | $ 25,219.00 | $ 33,778.62 |
| 09/27/04 | 07/01/04 – 07/31/04 | $ 18,385.50 | $ 24,458.32 | $ 18,385.50 | $ 24,458.32 |
| 10/14/04 | 08/01/04 – 08/31/04 | $ 36,394.00 | $ 45,292.19 | $ 36,394.00 | $ 45,292.19 |
| 12/17/04 | 09/01/04 – 09/30/04 | $ 30,767.50 | $ 25,111.50 | $ 30,767.50 | $ 25,111.50 |
| 01/12/05 | 10/01/04 – 10/31/04 | $ 48,426.50 | $ 38,476.13 | $ 38,741.20 | $ 38,476.13 |
| 01/28/05 | 11/01/04 – 11/30/04 | $ 38,293.00 | $ 45,333.34 | $ 30,634.40 | $ 45,333.34 |
| 02/03/05 | 12/01/04 – 12/31/04 | $ 35,898.50 | $ 32,468.11 | $ 28,718.80 | $ 32,468.11 |
| 03/25/05 | 01/01/05 – 01/31/05 | $ 43,205.00 | $ 43,350.70 | Pending | Pending |

---

[9] In the Court's Order approving quarterly fee applications for the Seventh Period, the Court approved $61,582.00 for fees which reflects a reduction of $144.00. For the purposes of this application, we have noted the reduction in the last month of that period.

[10] In the Court's Order approving quarterly fee applications for the Eighth Period, the Court approved $59,819.50 for fees which reflects a reduction of $112.50. For the purposes of this application, we have noted the reduction in the last month of that period.

[11] Due to a clerical error, an incorrect amount was requested in the April 2003 fee application although the correct amount was requested in the 9th Quarterly fee application. This amount reflects the correct amount on the bill attached to the April 2003 fee application.

[12] This amount reflects a voluntary reduction of $1,248.50 from the fees of $11,137.00 by PSZYJ&W for the June 2003 fee application period. The $11,137.00 amount was requested in error in the June 2003 fee application as well as the 9th Quarterly fee application and subsequently approved by Order dated December 15, 2003. The amount listed is the correct amount.

[13] In the Court's Order approving quarterly fee applications for the Tenth Period, the Court approved $63,332.50 for fees which reflects a reduction of $23.50. For the purposes of this application, we have noted the reduction in the last month of that period.

## PSZYJ&W PROFESSIONALS

| Name of Professional Individual | Position of the Applicant, Number of years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including changes) | Total Hours Billed[14] | Total Compensation |
|---|---|---|---|---|
| Laura Davis Jones | Shareholder 2000; Joined Firm 2000; Member of DE Bar since 1986 | $595.00 | 0.80 | $ 476.00 |
| William L. Ramseyer | Of Counsel; Member of CA Bar since 1980 | $375.00 | 6.90 | $ 2,587.50 |
| David W. Carickhoff | Associate 2000; Member of DE Bar since 1998 | $320.00<br>$160.00 | 224.90<br>7.50 | $71,968.00<br>$ 1,200.00 |
| Curtis A. Hehn | Associate 2001; Member of NJ and PA Bars since 1997; Member of DE Bar since 2002 | $320.00 | 3.70 | $ 1,184.00 |
| Rachel L. Werkheiser | Associate 2000; Member of DE Bar since 1998; Member of PA Bar since 1999 | $295.00 | 0.80 | $ 236.00 |
| Sandra G. McLamb | Associate 2003; Member of DE Bar since 2002 | $255.00 | 1.70 | $ 433.50 |
| Karina K. Yee | Paralegal 2000 | $145.00 | 262.50 | $38,062.50 |
| Marlene S. Chappe | Paralegal 2001 | $135.00 | 2.30 | $ 310.50 |
| Rita M. Olivere | Case Management Assistant 2000 | $ 75.00 | 4.40 | $ 330.00 |
| Donna C. Crossan | Case Management Assistant 2000 | $ 75.00 | 0.10 | $ 7.50 |
| Sheryle L. Pitman | Case Management Assistant 2001 | $ 70.00 | 0.60 | $ 42.00 |
| Christina M. Shaeffer | Case Management Assistant 2001 | $ 60.00 | 86.70 | $ 5,202.00 |
| Andrea R. Paul | Case Management Assistant 2001 | $ 60.00 | 3.50 | $ 210.00 |
| Kenneth E. Ross | Case Management Assistant 2003 | $ 55.00 | 6.70 | $ 368.50 |

Total Fees:     $122,618.00
Total Hours:         613.10
Blended Rate:  $     200.00

---

[14] Some professional time that was spent during the Interim Period may be reflected in a subsequent application and some professional time that was spent during the previous Interim Period may be reflected in this Application.

## TASK CODE SUMMARY

| Project Category | Total Hours | Total Fees Requested |
|---|---|---|
| Asset Disposition | 5.70 | $ 1,456.50 |
| Bankruptcy Litigation | 0.20 | $ 29.00 |
| Case Administration | 171.50 | $16,766.00 |
| WRG-Claims Analysis (Asbestos) | 24.70 | $ 5,296.50 |
| WRG-Claims Analysis (Non-asbestos) | 13.60 | $ 2,978.00 |
| WRG-Employee App., Others | 14.40 | $ 3,190.50 |
| Employee Benefit/Pension | 1.30 | $ 188.50 |
| WRG-Fee Apps., Applicant | 11.80 | $ 3,740.50 |
| WRG-Fee Applications, Others | 79.60 | $13,047.00 |
| Litigation (Non-Bankruptcy) | 148.80 | $35,806.00 |
| Non-working Travel | 7.50 | $ 1,200.00 |
| Operations | 11.10 | $ 2,624.50 |
| Plan & Disclosure Statement | 114.30 | $33,998.00 |
| Stay Litigation | 7.30 | $ 1,951.00 |
| WRG-ZAI Science Trial | 1.30 | $ 346.00 |

## EXPENSE SUMMARY

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Air Fare | US Airways | $ 634.70 |
| Auto Travel Expense | Cab fees/ Eagles Limo Service | $ 289.48 |
| Working Meals | Healy's/ Corner Market/ National/ Houlihan's | $ 209.72 |
| Delivery/Courier Service | Tri-State | $14,268.61 |
| Express Mail | DHL/ Federal Express | $ 3,288.21 |
| Fax Transmittal | | $ 6,503.00 |
| Court Research | Pacer | $ 911.33 |
| Hotel Expense | Sheraton Station Square Hotel | $ 214.67 |
| Outside Reproduction | Digital Legal Services | $ 1,221.50 |
| Postage | U.S. Mail | $12,426.27 |
| Reproduction Expense | | $75,697.44 |
| Telephone Expense | Genesys Conferencing | $ 546.72 |
| Legal Research | Westlaw | $ 65.93 |

---

[15] PSZYJ&W may use one or more service providers. The service providers identified herein below are the primary service providers for the categories described.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

**Objection Date: April 28, 2005, at 4:00 p.m.**
**Hearing Date: June 27, 2005 at 12:00 p.m.**

## FIFTEENTH QUARTERLY INTERIM APPLICATION OF PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C. FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR OCTOBER 1, 2004 THROUGH DECEMBER 31, 2004

Pursuant to sections 330 and 331 of title 11 of the United States Code (the

"Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), and the Court's 'Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331

Establishing Procedures for Interim Compensation and Reimbursement of Expenses for

Professionals and Official Committee Members', signed April 17, 2002 (the "Amended

Administrative Order"), amending the Court's 'Administrative Order Pursuant to Sections 105(a)

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

and 331 of the Bankruptcy Code Establishing Procedures for Allowance and Payment of Monthly Interim Compensation and Reimbursement of Expenses of Professionals', entered May 3, 2001, the law firm of Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C. ("PSZYJ&W") hereby files this Fifteenth Quarterly Interim Application of Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C. for Compensation and for Reimbursement of Expenses for October 1, 2004 through December 31, 2004 (the "Fifteenth Quarterly Fee Application").

By this Fifteenth Quarterly Fee Application PSZYJ&W seeks the interim allowance of compensation in the amount of $122,618.00 and reimbursement of actual and necessary expenses in the amount of $116,277.58 for a total of $238,895.58, or one hundred percent (100%) of all compensation and expense reimbursement requested, for the period October 1, 2004 through December 31, 2004 (the "Interim Period"). In support of this Fifteenth Quarterly Fee Application, PSZYJ&W respectfully represents as follows:

## Background

1.  On April 2, 2001, each of the Debtors (collectively, the "Debtors") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, Debtors are continuing to operate their businesses and manage their properties and assets as debtors in possession. Since the Petition Date, the U.S. Trustee has appointed the following creditors' committees: Official Committee of Unsecured Creditors, Official Committee of Asbestos Personal Injurcy Claimants, and Official Committee of Asbestos Property Damage Claimants (collectively, the "Committees"). No trustee has been appointed in Debtors' Chapter 11 cases.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. On April 2, 2001, the Court entered its order that Debtors' chapter 11 cases be consolidated for procedural purposes only and administered jointly.

4. By this Court's order dated May 3, 2001, Debtors were authorized to retain PSZYJ&W as their counsel, effective as of the respective petition dates, with regard to the filing and prosecution of their Chapter 11 cases, and all related matters (the "Retention Order"). The Retention Order authorizes Debtors to compensate PSZYJ&W at PSZYJ&W's hourly rates charged for services of this type and to be reimbursed for actual and necessary out-of-pocket expenses that it incurred, subject to application to this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, all applicable local rules and orders of this Court.

5. On May 3, 2001, the Court entered an Administrative Order establishing procedures for interim compensation and reimbursement of expenses of professionals. That order was amended by the Amended Administrative Order, signed on April 17, 2002. Pursuant to the procedures set forth in the Administrative Order and the Amended Administrative Order, professionals may request monthly compensation and reimbursement, and interested parties may object to such requests. If no interested party objects to a professional's request within twenty (20) days, the applicable professional may submit to the Court a certification of no objection authorizing the interim compensation and reimbursement of eighty percent (80%) of the fees requested and one hundred percent (100%) of the expenses requested, subject to the filing and

approval of interim and final fee applications of the professional. The professional is also to file a quarterly interim fee application.

## Monthly Fee Applications Covered Herein

6. Prior to the filing of this Fifteenth Quarterly Fee Application, the October 1, 2004 through December 31, 2004 monthly fee applications of PSZYJ&W had been filed with the Court pursuant to the Administrative Order and Amended Administrative Order. The October 1, 2004 through December 31, 2004 monthly applications are the subject of this Fifteenth Quarterly Fee Application.

7. On or about January 12, 2005, PSZYJ&W filed the Forty-Third Monthly Application of Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C. for Compensation for Services Rendered and Reimbursement of Expenses as Co-counsel to the Debtors for the Period From October 1, 2004 through October 31, 2004 (the "Forty-Third Monthly," Docket No. 7542), requesting $48,426.50 in fees and $38,476.13 in expenses. The Forty-Third Monthly is attached hereto as Exhibit A. No objections were received with respect to the Forty-Third Monthly, and a certificate of no objection was filed on February 2, 2005, (Docket No. 7668).

8. On or about January 28, 2005, PSZYJ&W filed its Forty-Fourth Monthly Application of Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C. for Compensation for Services Rendered and Reimbursement of Expenses as Co-counsel to the Debtors for the Period From November 1, 2004 through November 30, 2004 (the "Forty-Fourth Monthly," Docket No. 7651), requesting $38,293.00 in fees and $45,333.34 in expenses. The Forty-Fourth Monthly is attached hereto as Exhibit B. No objections were received with respect to the Forty-Fourth Monthly, and a certificate of no objection was filed on February 18, 2005, (Docket No. 7847).

9. On or about February 3, 2005, PSZYJ&W filed its Forty-Fifth Monthly Application of Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C. for Compensation for Services Rendered and Reimbursement of Expenses as Co-counsel to the Debtors for the Period From December 1, 2004 through December 31, 2004 (the "Forty-Fifth Monthly," Docket No. 7687), requesting $35,898.50 in fees and $32,468.11 in expenses. The Forty-Fifth Monthly is attached hereto as Exhibit C. No objections were received with respect to the Forty-Fifth Monthly, and a certificate of no objection was filed on February 24, 2005, (Docket No. 7879).

10. The monthly fee applications covered by this Fifteenth Quarterly Fee Application contain detailed daily time logs describing the actual and necessary services provided by PSZYJ&W during the Interim Period as well as other detailed information required to be included in fee applications. Those monthly applications, attached hereto as Exhibits A, B, and C, are incorporated herein by reference.

**Requested Relief**

11. By this Fifteenth Quarterly Fee Application, PSZYJ&W requests that the Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by PSZYJ&W from October 1, 2004 through December 31, 2004.[2] As stated above, the full scope of the services provided and the related expenses incurred are fully described in the monthly fee applications for the Interim Period that already have been filed with the Court and are attached hereto as Exhibits A, B, and C.

---

[2] PSZYJ&W reserves its right to seek at a later date compensation for services rendered and expenses incurred during the applicable period that are not otherwise included in the relevant monthly fee application.

12. At all relevant times, PSZYJ&W has been a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code and has not represented or held an interest adverse to the interest of Debtors.

13. All services for which compensation is requested by PSZYJ&W were performed for or on behalf of Debtors and not on behalf of any committee, creditor, or other person.

14. During the Interim Period, PSZYJ&W has received no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with Debtors' cases. There is no agreement or understanding between PSZYJ&W and any other person, other than members of the Firm, for the sharing of compensation to be received for services rendered in these cases.

15. The professional services and related expenses for which PSZYJ&W requests interim allowance of compensation and reimbursement of expenses were rendered and incurred in connection with these cases in the discharge of PSZYJ&W's professional responsibilities as attorneys for Debtors in their chapter 11 cases. PSZYJ&W's services have been necessary and beneficial to Debtors and their estates, creditors, and other parties in interest.

WHEREFORE, PSZYJ&W respectfully requests that the Court enter an order, substantially in the form attached hereto, providing that, for the period of October 1, 2004 through December 31, 2004, an allowance be made to PSZYJ&W in the sum of $122,618.00 as compensation for reasonable and necessary professional services rendered to Debtors and in the sum of $116,277.58 for reimbursement of actual and necessary costs and expenses incurred, for a total of $238,895.58, that Debtors be authorized and directed to pay to PSZYJ&W the outstanding amount of such sums; and for such other and further relief as this Court deems proper.

Dated: April 7, 2005

          PACHULSKI, STANG, ZIEHL, YOUNG, JONES &
          WEINTRAUB P.C.

          /s/ Laura Davis Jones
          Laura Davis Jones (Bar No. 2436)
          Scotta E. McFarland (Bar No. 4184)
          919 North Market Street, 16th Floor
          P.O. Box 8705
          Wilmington, DE 19899-8705 (Courier 19801)
          Telephone: (302) 652-4100
          Facsimile: (302) 652-4400

          Co-counsel for Debtors and Debtors in Possession

## VERIFICATION

STATE OF DELAWARE    :
                     :
COUNTY OF NEW CASTLE:

David W. Carickhoff, Jr., after being duly sworn according to law, deposes and says:

a) I am an associate with the applicant law firm Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C. ("PSZYJ&W"), and have been admitted to appear before this Court.

b) I am thoroughly familiar with the work performed on behalf of the Debtors by the lawyers and paraprofessionals of PSZYJ&W.

c) I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Del.Bankr.LR 2016-2, and submit that the Application substantially complies with such Rule.

_____
David W. Carickhoff, Jr.

SWORN AND SUBSCRIBED

before me this ___ day of _____, 2005

_____
Notary Public
My Commission Expires: