# EXHIBIT 1

{D0007918:1 }

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | Case No. 01–1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | Hearing Date: April 25, 2005 at 12:00 pm |
| | ) | Related Doc. Nos.: 8202, 8077 |

**REPLY OF THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS IN SUPPORT OF THE APPLICATION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014(a) FOR ENTRY OF AN ORDER UNDER SECTIONS 328(a) AND 1103(a) OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT OF ANDERSON KILL & OLICK, P.C. AS SPECIAL INSURANCE COUNSEL FOR THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS**

The Official Committee of Asbestos Personal Injury Claimants (the "PI Committee"), appointed in the above–captioned case, hereby files this reply to the Debtors' Limited Opposition to the Application Authorizing the Employment of Anderson Kill & Olick, PC as Special Insurance Counsel for the Official Committee of Asbestos Personal Injury Claimants (the "Limited Opposition"). In support of this reply (the "Reply"), the PI Committee respectfully represents as follows:

1. The Court should approve the Application[1], subject to the proposed limitations contained herein on the scope of the retention of Anderson Kill & Olick, PC ("Anderson Kill").

**Scope of Retention**

2. In response to the Limited Opposition, and what the Debtors' characterize as their "most important concern" relating to the Application, the PI Committee is willing

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Application.

{D0041229:1 }

to limit the scope of Anderson Kill's retention. To that end, the PI Committee will limit the role of Anderson Kill, for the time being, to primarily the following responsibilities:

      (a)    familiarizing themselves with the Debtors' remaining insurance coverage available for the payment of asbestos claims; and

      (b)    reviewing proposed insurance settlements and/or the litigation of potential asbestos insurance coverage.

      3.    The Debtors raise the issue of the ability of Anderson Kill re review "*all* insurance settlements." *Limited Opposition*, page 3. The Debtors contend that such an ability "would not only be an inefficient use of time, it would be a waste of money." *Id.* This is simply wrong. A recent example of why this is wrong can be shown by the activities necessary to review the Debtors' Motion for an Order Approving a Settlement and Release Agreement with Continental Casualty Company [D.I. 7619] (the "CCC Settlement Motion"). Specifically, the CCC Settlement Motion sought entry of an Order resolving insurance coverage disputes, and related litigation, with Continental Casualty Company. As this Court may be aware, the Debtors previously entered into insurance settlements with Continental Casualty Company, with certain carve-outs. In order to understand the scope of the issues resolved by the CCC Settlement Motion, the Debtors produced multiple insurance settlements. Without the ability to review these prior insurance settlements, the scope of the releases contained in the CCC Settlement Motion were very difficult to adequately comprehend. As evidenced by this example, it will be necessary, from time to time, for Anderson Kill to review prior insurance settlements involving asbestos coverage in order to make an informed recommendation to the PI Committee concerning any future settlements.

4.  In the Limited Opposition, the Debtors offered "to provide Anderson Kill with a detailed explanation regarding which coverages are fully resolved and why they are so, to avoid unnecessary duplication of efforts and waste of resources." *Limited Opposition*, pages 3 - 4.  The PI Committee appreciates this offer and Anderson Kill will take advantage of this assistance; however, this explanation will not obviate the need for Anderson Kill, from time to time, to review the actual terms of prior settlements.

5.  The Debtors' request for a budget should be denied.  In light of the limitation on the scope of retention contained herein, the Debtors' concerns of unreasonable and excessive fees are appropriately addressed.  In addition, and in light of the more limited retention of Anderson Kill, the only effect of a budget will be to inappropriately restrict the ability of Anderson Kill to perform the services described herein in a timely and effective manner.  This is especially the case as the work to be performed by Anderson Kill depends in significant part on what actions the Debtors take regarding their insurance coverage and when.

**The Services To Be Provided By Anderson Kill Are Both Necessary and Appropriate**

6.  The services to be provided by Anderson Kill as both necessary and appropriate at this time.  Although the Debtors' current plan does not involve insurance settlements, the PI Committee, as well as the Future Claimants' Representative and the PD Committee, have strenuously objected to the current Plan and if these objections are successful there is every reason to believe that a future Plan will involve insurance coverage.  As a result, the PI Committee has an interest independent of the Debtors' financial well-being in any settlements or litigation involving insurance coverage for asbestos claims.

7.  As noted previously, the Debtors have $987 million of excess insurance coverage available from more than 30 presently solvent insurers. *Amended Disclosure Statement*, Section 2.7.2.3. In addition, the Debtors have approximately $355 million of excess insurance coverage with insolvent or non-paying insurance carriers. *Amended Disclosure Statement*, Section 2.7.2.3.

8.  The Debtors raise the contention that Anderson Kill should "represent the interests of" all of the Court-appointed Committees, as well as the Future Claimants' Representative. The PI Committee does not have an issue with sharing Anderson Kill's work product and authorizing Anderson Kill to assist with the Future Claimants' Representative and the Official Committee of Asbestos Property Damage Claimants (the "PD Committee"). However, the PI Committee will not agree to do so with the Official Committee of Unsecured Creditors (the "UCC") and the Official Committee of Equity Security Holders ("Equity Committee"), as the UCC and Equity Committee have no real interest in the subject and have been, and will continue to be, in conflict with the asbestos constituencies.

5

WHEREFORE, The PI Committee respectfully requests that the Court enter an order, with the limitations contained herein, approving the employment of Anderson Kill & Olick, P.C., *nunc pro tunc* to March 17, 2005, as its special insurance counsel, and grant such other and further relief as is just and proper.

    CAMPBELL & LEVINE, LLC

    /S/ Mark Hurford
    Marla R. Eskin (I.D. No. 2989)
    Mark T. Hurford (I.D. No. 3299)
    800 North King Street, Suite 300
    Wilmington, DE  19801
    (302) 426-1900

      –and–

    CAPLIN & DRYSDALE, CHARTERED
    Elihu Inselbuch
    399 Park Avenue
    New York, NY  10022–4614
    (212) 319-7125

      –and–

    CAPLIN & DRYSDALE, CHARTERED
    Peter Van N. Lockwood
    One Thomas Circle, N.W.
    Washington, D.C.  20005
    (202) 862-5000

    Counsel to the Official Committee of
       Asbestos Personal Injury Claimants