# Exhibit A

Hearing Date: Monday, April 25, 2005

In re: W.R. GRACE & CO., et al

**OMNIBUS 8 - EXHIBIT A - CONTINUED**

| | Creditor Name / Address | Case Number | Claim Number | Total Claim Dollars*Class** | Claim Relief Requested | Allowed Claim Amount* | Claim Class** | Order Status |
|---|---|---|---|---|---|---|---|---|
| 1 | NATIONAL UNION FIRE INSURANCE C/O MICHAEL S DAVIS ESQ ZEICHNER ELLMAN & KRAUSE LLP 575 LEXINGTON AVE NEW YORK NY 10022 | 01-01139 | 9653 | $46,971,746.00 | (S) CROSS-DEBTOR DUPLICATE | $0.00 | (S) | CONTINUED TO 5/16/2005 12:00 PM |
| | | W.R. GRACE & CO. | | | | | | |
| 2 | STATE OF NEW JERSEY DIVISION OF TAXATION PO BOX 245 TRENTON NJ 08695-0245 | 01-01140 | 15324 | $258,629.24 | (A) NO LIABILITY EXPUNGE | $0.00 | (A) | CONTINUED TO 5/16/2005 12:00 PM |
| | | W.R. GRACE & CO.-CONN. | | | | | | |
| 3 | STATE OF NEW JERSEY DEPT OF DIVISION OF TAXATION PO BOX 245 TRENTON NJ 08695-0245 | 01-01140 | 871 | $149,730.68 | (P) REDUCE AND ALLOW | $27,491.00 | (P) | CONTINUED TO 5/16/2005 12:00 PM |
| | | W.R. GRACE & CO.-CONN. | | | | | | |

*Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.

**(A) - Administrative**
**(P) - Priority**
**(S) - Secured**
**(U) - Unsecured**

4/21/2005 11:34:11 AM

# Exhibit B

In re: W.R. GRACE & CO., et al
## OMNIBUS 8 - EXHIBIT B - WITHDRAWN

| Creditor Name / Address | Case Number | Claim Number | Total Claim Dollars* | Claim Class** | Relief Requested | Order Status |
|---|---|---|---|---|---|---|
| 1 NY STATE DEPT OF TAXATION AND FINANCE BANKRUPTCY SECTION PO BOX 5300 ALBANY NY 12205-0300 | 01-01146 CCHP, INC. | 15316 | $7,509.78 (P) $4,127.62 (U) | | NO LIABILITY EXPUNGE | WITHDRAWN |

*Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.

**(A) - Administrative    (S) - Secured
(P) - Priority    (U) - Unsecured

4/21/2005 3:22:54 PM

# Exhibit C

Hearing Date: Monday, April 25, 2005

## In re: W.R. GRACE & CO., et al
## OMNIBUS 8 - EXHIBIT C - SUSTAINED

| | Creditor Name / Address | Case Number | Claim Number | Total Claim Dollars*Class** | Claim Relief Requested | Allowed Claim Amount* Class** | Claim Order Status |
|---|---|---|---|---|---|---|---|
| 1 | NEW YORK STATE DEPT OF BANKRUPTCY SECTION PO BOX 5300 ALBANY NY 12205-0300 | 01-01139 W.R. GRACE & CO. | 15165 | $267,817.79  (U) | REDUCE AND ALLOW | $105,398.00  (U) | SUSTAINED |

*Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.

**(A) - Administrative
(P) - Priority

(S) - Secured
(U) - Unsecured

4/21/2005 11:47:11 AM

# Exhibit D

Hearing Date: Monday, April 25, 2005

In re: W.R. GRACE & CO., et al

**OMNIBUS 8 - EXHIBIT D - SUSTAINED - EXPUNGE**

| | Creditor Name / Address | Case Number | Claim Number | Total Claim Dollars* | Claim Class** (P) | Claim Relief Requested | Order Status |
|---|---|---|---|---|---|---|---|
| 1 | TENNESSEE DEPT OF REVENUE C/O ATTORNEY GENERAL PO BOX 20207 NASHVILLE TN 37202-0207 | 01-01139 W.R. GRACE & CO. | 15452 | $2,066.55 | (P) | NO LIABILITY EXPUNGE | SUSTAINED |

*Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.

**(A) - Administrative    (S) - Secured**
**(P) - Priority    (U) - Unsecured**

4/21/2005 11:48:48 AM

# Exhibit E

Hearing Date: Monday, April 25, 2005

## In re: W.R. GRACE & CO., et al
## OMNIBUS 8 - EXHIBIT E - STIPULATION

| | Creditor Name / Address | Case Number | Claim Number | Total Claim Dollars* | Claim Class** | Relief Requested |
|---|---|---|---|---|---|---|
| 1 | PAULETTE, MARCELLA M<br>287 TOWNSHIP RD 267<br>AMSTERDAM OH 43903-7909 | 01-01139<br>W.R. GRACE & CO. | 2360 | UNKNOWN | (S) | STIPULATION |
| 2 | TEXAS COMPTROLLER OF PUBLIC ACCTS<br>OFFICE OF THE ATTORNEY GENERAL<br>COLLECTION DIV BANKRUPTCY SECT<br>PO BOX 12548<br>AUSTIN TX 78711-2548 | 01-01165<br>GRACE DRILLING COMPANY | 311 | $11,227.67 | (S) | STIPULATION |

*Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.

**(A) - Administrative          (S) - Secured
(P) - Priority          (U) - Unsecured

4/21/2005 4:07:13 PM

# Exhibit F

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

## STIPULATION RESOLVING THE OBJECTION
## TO CLAIM NO. 311 OF THE TEXAS COMPTROLLER OF PUBLIC ACCOUNTS

This stipulation is entered into this 22nd day of April, 2005, between W.R. Grace & Co. and its affiliates (collectively, the "Debtors") and the Texas Comptroller of Public Accounts (the "Claimant").

**WHEREAS,** on April 2, 2001 (the "Petition Date"), the Debtors commenced their respective reorganizations by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

**WHEREAS,** this Court issued its Bar Date Order on April 22, 2002, which established March 31, 2003 as the Bar Date for the filing of certain pre-petition (a) non-asbestos, (b) asbestos property damage and (c) medical monitoring claims.

**WHEREAS,** on or about July 17, 2001, the Claimant filed a claim for unpaid interest associated with an excise tax that was incurred from 1/1993 to 1/1996, in the amount of $11,227.67 and asserted that such amount was either a secured claim or a unsecured priority claim pursuant to 11 U.S.C. § 507(A)(8) against Grace Drilling Company. (Claim No. 311) (the "Claim");

**WHEREAS,** on or about January 12, 2005, the Debtors filed the Eighth Omnibus Objection to Claims. The Debtors objected to the Claim on the grounds that the Debtors had no liability for the Claim as no such liability was reflected on the Debtors' books and records;

**WHEREAS,** Grace Drilling Company does not have any assets in its bankruptcy estate;

**WHEREAS,** after providing documentation to support the Claim to the Debtors, and the Debtors and Claimant, through their respective counsel, have agreed that litigation with regard to the Claim would be unnecessary and wasteful to each of them.

**NOW THEREFORE,** it is stipulated and agreed by and between Claimant and the Debtors (collectively, the "Parties"), as follows:

1.      The Parties agree that the Claim shall be allowed as follows: (a) if Grace Drilling Company's estate is substantively consolidated with any or all of the Debtors in such a manner that, pursuant to the terms of a confirmed plan of reorganization, there are assets to distribute to secured creditors of Grace Drilling Company, then Claim No. 311 shall be allowed as a secured claim in the amount of $11,227.67 for all purposes with respect to any distribution under the confirmed plan; and (b) if Grace Drilling Company's estate is not substantively consolidated

2

with any or all of the Debtors in such a manner that, pursuant to the terms of a confirmed plan of reorganization, there are assets to distribute to secured creditors of Grace Drilling Company, then Claim No. 311 shall be allowed as a general unsecured non-priority claim in the amount of $11,227.67 for all purposes with respect to any distribution under the confirmed plan.

2.      The Parties agree that the Claim shall be allowed as a secured claim against Grace Drilling Company in the amount of $11,227.67 for all purposes with respect to any distribution under a confirmed plan.

3.      Each party executing this Stipulation represents that such party has the full authority and legal power to do so. This Stipulation may be executed in counterparts and each such counterpart together with the others shall constitute one and the same instrument. The parties further agree that facsimile signatures hereon shall be deemed to be original signatures. This Stipulation shall be binding upon and inure to the benefit of each of the parties, and upon their respective assignees, successors and/or partners.

4.      The Debtors shall direct the Claims Agent, Rust Consulting, Inc., to make the Claims Register to reflect that Claim No. 311 shall be allowed as outlined herein

5.      The parties shall take whatever additional action, if any, is necessary to make sure that Claim No. 311 is treated as outlined herein.

[Continued on next page]

3

Greg Abbott
Attorney General of Texas

By: _____

Kay D. Brock
Assistant Attorney General
Bankruptcy & collections Division
P. O. box 12548
Austin, TX  78711-2548
(512) 475-4862


W.R. Grace & Co., et al.


By: _____

One of Their Attorneys
Janet S. Baer
Rachel Reagler Schulman
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL  60601
(312) 861-2000

and

Laura Davis Jones
David Carickhoff
Pachulski, Stang, Ziehl, Young, Jones &
Weintraub PC
919 North Market Street, 16th Floor
P. O. Box 8705
Wilmington, DE  19899-8705
(302) 652-4100

Co-Counsel for the Debtors and Debtors in
Possession

4

Greg Abbott
Attorney General of Texas


By:_____
Kay D. Brock
Assistant Attorney General
Bankruptcy & collections Division
P. O. box 12548
Austin, TX  78711-2548
(512) 475-4862



W.R. Grace & Co., et al.

By:_____
One of Their Attorneys
Janet S. Baer
Rachel Reagler Schulman
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL  60601
(312) 861-2000

and

Laura Davis Jones
David Carickhoff
Pachulski, Stang, Ziehl, Young, Jones &
Weintraub PC
919 North Market Street, 16th Floor
P. O. Box 8705
Wilmington, DE  19899-8705
(302) 652-4100

Co-Counsel for the Debtors and Debtors in
Possession

4

# Exhibit G

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JJF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

## STIPULATION RESOLVING CLAIM NO. 2360

This stipulation is entered into this _30_ day of _April_, 2005, between W.R. Grace & Co.

and its affiliates (collectively, the "Debtors") and Marcella Paulette ("Claimant").

**WHEREAS,** on April 2, 2001 (the "Petition Date"), the Debtors commenced their

respective reorganizations by filing voluntary petitions for relief under chapter 11 of the

Bankruptcy Code. The Debtors' cases have been consolidated for administrative purposes only

and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to

operate their businesses and manage their properties as debtors in possession.

---

1    The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

**WHEREAS**, this Court issued its Bar Date Order on April 22, 2002, which established March 31, 2003 as the Bar Date for the filing of certain pre-petition (a) non-asbestos, (b) asbestos property damage and (c) medical monitoring claims.

**WHEREAS**, on or about November 25, 2002, , the Claimant filed a proof of claim against the Debtors in the amount of $51,737.72 and asserted that the claim was a secured claim ("Claim #2360").[2]

**WHEREAS**, on January 12, 2005, the Debtors filed their Eighth Omnibus Objection to Claims (the "Eighth Omnibus Objection") in which the Debtors sought to disallow and expunge #2360.

**WHEREAS**, on January 17, 2005, the Claimant filed a Response to the Eighth Omnibus Objection.

**NOW, THEREFORE**, in consideration of the foregoing recitals and of the following terms and provisions, it is hereby stipulated and agreed between the Claimant and the Debtors as follows:

1.      Claim #2360 shall be disallowed for all purposes in the Debtors' cases and expunged from the Debtors' claims register.

2.      Each party executing this Stipulation represents that such party has the full authority and legal power to do so.  This Stipulation may be executed in counterparts and each such counterpart together with the others shall constitute one and the same instrument.  The parties further agree that facsimile signatures hereon shall be deemed to be original signatures. This Stipulation shall be binding upon and inure to the benefit of each of the parties, and upon their respective assignees, successors and/or partners.

---

[2]   The Claimant also filed Claim ## 2361, 2362 and 15352, which are not affected by this Stipulation.  The Debtors reserve all rights to object to Claim ##2361, 2362 and 15352 in the future on any and all grounds.

2

3.      This Stipulation constitutes the complete expression of the agreement of the parties hereto concerning the subject matter hereof, and no modification of or amendment to this Stipulation shall be valid unless it is in writing and signed by the party or parties to be charged.

4.      The Bankruptcy Court shall retain jurisdiction to enforce this Stipulation and all matters relating hereto.

5.      The Debtors shall direct the Claims Agent, Rust Consulting, Inc., to make the Claims Register to reflect that Claim #2360 shall be disallowed as outlined herein.

[Remainder of page intentionally left blank]

3

6.    The parties shall take whatever additional action, if any, is necessary to make sure that Claim No. 2360 is disallowed and expunged as outlined herein.

**STIPULATED AND AGREED:**

**Marcella Paulette**

_(signature)_

**W. R. GRACE & CO., et al.**

By: _(signature)_

One of their attorneys
**KIRKLAND & ELLIS LLP**
Janet S. Baer
James W. Kapp III
Rachel R. Schulman
200 East Randolph Drive
Chicago, Illinois 60601-6636
Telephone:  (312) 861-2000
Facsimile:  (312) 861-2200.

-and-

**PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.**

Laura Davis Jones (DE I.D. No. 2436)
David W. Carickhoff, Jr. (DE I.D. No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400

_Attorneys for Debtors_
_and Debtors-in Possession_

4