IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | | Re: Docket No. 7751 and 4/25/05 Agenda Item No. 12 |

## STIPULATION AND ORDER RESOLVING OBJECTION TO CLAIM NO. 13283 OF THE UNITED STEELWORKERS OF AMERICA

This stipulation and agreed order is entered into this 20th day of April, 2005, between W.R. Grace & Co. and its affiliates (collectively, the "Debtors") and the United Steelworkers of America, AFL-CIO-CLC (the "Claimant").

**WHEREAS**, on April 2, 2001 (the "Petition Date"), the Debtors commenced their respective reorganizations by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

K&E 10234991.6

**WHEREAS**, this Court issued its Bar Date Order on April 22, 2002, which established March 31, 2003 as the Bar Date for the filing of certain pre-petition (a) non-asbestos, (b) asbestos property damage and (c) medical monitoring claims.

**WHEREAS**, on or about March 31, 2003, the Claimant timely filed a contingent, unliquidated claim against W.R. Grace & Co. (Claim No. 13283) for pre and post-petition wages, salaries, compensation, retiree benefits and benefits pursuant to certain collective bargaining agreements (the "Claim");

**WHEREAS**, on or about February 11, 2005, the Debtors filed a substantive objection to the Claim. The Debtors objected to the Claim on the grounds that the Debtors had already resolved the issues set forth within the Claim and that they had no liability for any debts asserted in the Claim. Therefore, the Debtors requested that the Claim be disallowed and expunged;

**WHEREAS**, the Claimant agrees that the Debtors have paid in full the pre-petition obligations for the employee and retiree benefit programs and that the four grievances identified in the Claim have been resolved. However, at this time, the Claimant is not willing to forfeit any potential Claim that it may have, on behalf of itself and the employees and retirees it represents, pursuant to 11 U.S.C. §§ 503, 507(a)(1), 1113(f), and 1114(e) regarding collectively-bargained obligations that have accrued after the Petition Date which may arise in the future.

**NOW THEREFORE**, in consideration of the foregoing recitals and the following terms and conditions, it is hereby stipulated and agreed by and between Claimant and the Debtors (collectively, the "Parties") as follows:

1. The Parties agree that Claim No. 13283 shall be allowed in the amount of zero dollars ($0.00) for all purposes with respect to any distribution under any confirmed plan of reorganization. However, until the Effective Date (as that term is defined in any confirmed plan

of reorganization of the Debtors), the Claimant shall retain the right to amend the Claim or to file a request for payment of administrative expenses to include the following obligations that the Debtors may have to the Claimant if and when the Debtors ever incur such obligation and only to the extent such rights and obligations are reserved by the Claimant in the Claim as originally filed:

(a) pursuant to 11 U.S.C. §§ 503, 507(a)(1), 1113(f), and 1114(e), to continue to perform obligations under the applicable collective bargaining agreements and retiree benefit programs; and

(b) to treat retiree benefits obligations under a confirmed plan of reorganization pursuant to 11 U.S.C. Section § 1129(a)(13).

If the Claimant amends the Claim or files a request for payment of administrative expense, the Debtors reserve all rights to object to such amendment or request for payment of administrative expense for any reason.

2. This Stipulation and Order is subject to the approval of the Bankruptcy Court. If the Court declines to enter the Order, the Stipulation shall be null and void and with no force and effect. Notwithstanding the foregoing, nothing herein shall limit or modify the obligations of the Debtors or the Claimant under any applicable collective bargaining agreements or retiree benefit programs.

3. Each party executing this Stipulation represents that such party has the full authority and legal power to do so. This Stipulation may be executed in counterparts and each such counterpart together with the others shall constitute one and the same instrument. The parties further agree that facsimile signatures hereon shall be deemed to be original signatures. This Stipulation shall be binding upon and inure to the benefit of each of the parties, and upon their respective assignees, successors and/or partners.

4. After approval by the Bankruptcy Court, the Debtors shall direct the Claims Agent, Rust Consulting, Inc., to make the Claims Register to reflect that the Claim shall be allowed as outlined herein

5. The parties shall take whatever additional action, if any, is necessary to make sure that the Claim is treated as outlined herein.

6. The Bankruptcy Court shall retain jurisdiction to enforce this stipulation and all matters relating hereto.

[ Continued on Next Page ]

**STIPULATED AND AGREED TO:**

United Steelworkers of America

By: _____
David R. Jury
Assistant General Counsel
United Steelworkers of America
Five Gateway Center
Pittsburgh, PA 15222
(412) 562-2545


W.R. Grace & Co.

By: _____
Rachel Reagler Schulman
Of Counsel
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601
(312) 861-2000

Dated: _____, 2005

SO ORDERED this 24 day of April, 2005.

_____
The Honorable Judith K. Fitzgerald

5

STIPULATED AND AGREED TO:

United Steelworkers of America

By: _____
David R. Jury
Assistant General Counsel
United Steelworkers of America
Five Gateway Center
Pittsburgh, PA 15222
(412) 562-2545

W.R. Grace & Co.

By: _____
Rachel Reagler Schulman
Of Counsel
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601
(312) 861-2000

Dated: _____, 2005

SO ORDERED this __ day of _____, 2005.

_____
The Honorable Judith K. Fitzgerald

5