IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | Re: Docket No. 8324 |

### DEBTORS' MOTION FOR LEAVE TO (1) FILE A BRIEF IN SUPPORT OF THEIR MOTION TO APPROVE THEIR PI CMO AND QUESTIONNAIRE THAT EXCEEDS PAGE LIMITS SET FORTH UNDER LOCAL RULES, AND (2) EXTEND THE DEADLINE FOR FILING THE MOTION TO APPROVE THE PI CMO AND QUESTIONNAIRE

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby request leave of this Court to (1) file a brief in support of their motion to approve their asbestos personal injury case management order and questionnaire (the "Debtors' PI Case Management Brief") that exceeds the page limits set forth in the ECF Chambers Procedures and D. Del. LR 7.1.3[2], and (2) extend by one day the May 9, 2005 deadline within

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Paragraph (10) of the ECF Chambers Procedures dated October 5, 2001, which are currently posted on the Court's website, states in pertinent part that "All briefs and memoranda (in chapter cases and in adversary proceedings) must

which the Debtors' are required to file their motion to approve the asbestos personal injury case management order and questionnaire (the "Debtors' PI Case Management Motion"). In support of this motion, the Debtors respectfully state:

## Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

## Background

2. On April 2, 2001 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing their respective chapter 11 cases (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for administrative purposes only, and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

3. On November 13, 2004, the Debtors filed their Motion for Entry of an Order Seeking the Estimation of Asbestos Claims and Certain Related Relief (the "Estimation Motion") (Docket No. 6899).

4. A hearing on the Estimation Motion (the "Estimation Motion Hearing") was held on January 21, 2005.

---

comply with District Court Local Rule 7.1.3 (form and content of briefs)." D. Del. LR 7.1.3(a)(4) states in pertinent part that "Without leave of Court, no opening or answering brief shall exceed 40 pages."

2

5.      At the Estimation Motion Hearing, the Court ordered the Asbestos Personal Injury Committee (the "PI Committee"), the Futures Claim Representative (the "FCR"), and the Debtors to negotiate (a) a case management order to govern the estimation of asbestos personal injury claims (the "Case Management Order"), and (b) the form of the Debtors' proposed proof of claim/questionnaire for asbestos personal injury pre-petition litigation claims (the "Questionnaire"). Despite their best efforts, the parties were unable to reach agreement regarding the Case Management Order and the Questionnaire.

6.      The Debtors, the PI Committee and the FCR subsequently agreed to a briefing schedule and hearing date regarding the Case Management Order and Questionnaire, which was submitted on March 24, 2005, pursuant to a certification of counsel (the "Certification of Counsel") and a proposed order regarding the same (Docket No. 8117).

7.      On March 29, 2005, certain insurers (the "Insurers") filed an objection (Docket No. 8139) to the proposed order, requesting that the Court revise the language of the proposed order to reflect that any party in interest could file a response and/or reply regarding the Debtors' motion seeking the entry of an asbestos personal injury case management order and any responses thereto.

8.      Thereafter, the Debtors agreed to revise the proposed order filed on March 25, 2005 to: (a) incorporate the language requested by the Insurers and (b) extend each of the deadlines in the original proposed order by three weeks, in order to provide the parties adequate time to prepare their respective pleadings.

9.      The Debtors, the PI Committee, the FCR and the Insurers agreed to extend the dates set forth in the original proposed form of order and were working to obtain a special

hearing date from the Court regarding any motion filed by the Debtors for approval of a Case Management Order and Questionnaire.

10. The Debtors, however, never withdrew the Certification of Counsel, and on April 20, 2005, the Court entered the scheduling order (the "Initial Scheduling Order") (Docket No. 8239), modifying the proposed form of order as requested by the Insurers in their objection.

11. The Debtors subsequently filed a motion to vacate the Initial Scheduling Order so that a new scheduling order reflecting the agreed upon extension would be on the Court's docket. The Court granted the Debtors' motion to vacate and entered an order vacating the Initial Scheduling Order on May 3, 2005 (Docket No. 8325).

12. On that same day, the Court entered the new scheduling order (the "New Scheduling Order"), reflecting the parties' agreement to allow the Debtors' through May 9, 2005, to file the Debtors' PI Case Management Motion (Docket No. 8324).

### Relief Requested

13. By and through this motion, the Debtors seek leave of this Court to (1) file the Debtors' PI Case Management Brief that exceeds the page limits set forth in the ECF Chambers Procedures and D. Del. LR 7.1.3, and (2) extend by one day the May 9, 2005 deadline within which the Debtors' are required to file the Debtors' PI Case Management Motion.

14. Since the Petition Date, the Debtors' central task in the Chapter 11 Cases has always been to define the Debtors' true liability to asbestos claimants. Given the significance of this task, the Debtors believe that it is appropriate to submit to the Court a

comprehensive brief in support of the Debtors' PI Case Management Motion which, out of necessity, exceeds the page limits normally allowed for such a pleading.

15. The Debtors believe that the Debtors' PI Case Management Brief will materially aid the Court in its consideration of the Debtors' proposed Case Management Order and Questionnaire.

16. In light of the impact that the estimation of asbestos personal injury claims will have on the Debtors and the Chapter 11 Cases, the Debtors respectfully request that the Court grant the Debtors leave to file a brief in support of the Debtors' PI Case Management Motion in excess of the page limit set forth in the ECF Chambers Procedures and District Court Local Rule 7.1.3.

17. The Debtors further requests that the Court briefly extend the May 9, 2005 deadline for filing the Debtors' PI Case Management Motion for an additional day, through and including May 10, 2005.

18. Due to the comprehensiveness of the Debtors' PI Case Management Brief and the logistics involved in organizing, compiling and transmitting the numerous exhibits and attachments to the Debtors' PI Case Management Brief, the Debtors seek an additional day within which to file the Debtors' PI Case Management Motion and brief in support thereof.

19. The brief extension of time sought herein should not prejudice the rights of any parties in interest, as parties in interest will have approximately one month to file any responses to the Debtors' PI Case Management Motion and brief in support thereof.

WHEREFORE, the Debtors respectfully request that the Court: (i) grant the Debtors leave to file a brief in excess of the page limit set forth in the ECF Chambers Procedures and District Court Local Rule 7.1.3, and (ii) extend by one day the May 9, 2005 deadline within which the Debtors' are required to file the Debtors' PI Case Management Motion.

Dated: May 9, 2005

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet S. Baer
James W. Kapp III
Jonathan Friedland
200 East Randolph Drive
Chicago, IL 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

and

PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.

_____
Laura Davis Jones (Bar No. 2436)
David W. Carickhoff, Jr. (Bar No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for the Debtors and Debtors in Possession