IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| W. R. GRACE & CO., *et al.*,[1] | ) | Case No. 01-1139 (JKF) |
|  | ) | (Jointly Administered) |
| Debtors. | ) |  |
|  | ) |  |

# W.R. GRACE & CO.'S MOTION TO
## APPROVE PI CMO AND QUESTIONNAIRE

Debtors file this motion (the "Motion") seeking approval of the Case Management Order for the Estimation of Asbestos Personal Injury Liabilities (the "PI CMO," attached as Exhibit A), including the Asbestos Pre-Petition Litigation Proof of Claim Form/Questionnaire attached thereto (the "Questionnaire," attached as Exhibit B).

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Under the PI CMO proposed in the Motion, the estimation of the Debtors' asbestos pre-petition personal injury liability would proceed as follows:

> *First*, the Questionnaire will be sent to those claimants who filed a lawsuit against Grace before the Petition Date (the "Asbestos PI Claimants").
>
> *Second*, those claimants will complete and return the Questionnaire.
>
> *Third*, information from the Questionnaire will be compiled into a navigable database made available to the Debtors and the official committees and their respective experts.
>
> *Fourth*, the parties will submit expert reports relevant to estimating the Debtors' asbestos liability and will conduct discovery.
>
> *Fifth*, the Court will hold a trial on the contested issues.
>
> *Finally*, the Court will weigh the proposed estimations based on the merits and evidence in the record and issue findings.

In support of this Motion, the Debtors submit the following:

1. This Motion does not require the Court to decide upon an estimation methodology at this time.

2. The issue that is before the Court is simply *whether the Debtors should be allowed the opportunity and means of obtaining the information necessary to present their evidence-based estimation to the Court, or if instead* the Debtors should be denied this information and the parties should only present estimations based on extrapolations from litigation history and past settlements, as suggested by the Asbestos PI Committee and Future Claims Representative.

3. Granting the PI CMO and Questionnaire will allow all parties to present their respective estimation methodologies to the Court. Denial of the Motion will foreclose the use of any estimation methodology other than that proposed by the Asbestos PI Committee and the Future Claims Representative (the "FCR").

4. An estimation must, in accordance with the Federal Rules of Evidence, the Supreme Court's decision in *Daubert,* and bankruptcy law: (a) be based upon admissible evidence of disease and exposure and (b) distinguish between fraudulent or invalid asbestos claims and those claims with merit.

5. Debtors will demonstrate in connection with the ultimate estimation that the use of settlement history to estimate claims:

(a) is prohibited by Federal Rule of Evidence 408;

(b) is prohibited by bankruptcy law's mandate that estimation be tied to *legal* liability;

(c) would be particularly inappropriate given that it is now known, extensively documented and largely undisputed that a large percentage of the hundreds of thousands of personal injury asbestos claims in the U.S. civil and bankruptcy systems are invalid if not fraudulent; and

(d) would ignore the fact that the Debtors' inventory settlements were not made because the claims they disposed of were valid. Rather, the Debtors were compelled to agree to such settlements because the tort system offered no means of limiting settlements to valid claims.

6. The Debtors have designed the proposed PI CMO and Questionnaire to provide an efficient and legally valid process for gathering the evidence necessary for estimating Grace's actual asbestos liability.

7. The Questionnaire requests claimants to identify *with specificity* the factual basis for their claims. This information is obtainable without undue burden because:

(a) the claimants already have retained counsel and undertaken the burden of litigation; and

(b) the claimants likely have completed other claims forms in connection with asserted claims against various asbestos trusts.

This Motion is supported by the attached Memorandum of Points and Authorities (the "Brief"), which itself is divided into five sections (each of which is found in a separate tab attached hereto): (1) Recent Procedural History; (2) Relevant Factual History; (3) Legal Argument; (4) The Questionnaire; and (5) Conclusion. Finally, this Motion is further supported by the Appendix that is found at tab 6 and also attached hereto.

Wherefore, the Debtors request that this Court grant the Motion approving the PI CMO and Questionnaire.

Dated:   May 10, 2005

Respectfully submitted,

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet Baer
Jonathan P. Friedland
Salvatore F. Bianca
Joseph Nacca
Andrea L. Johnson
200 East Randolph Drive
Chicago, IL 60601
Telephone:   (312) 861-2000
Facsimile:   (312) 861-2200

KIRKLAND & ELLIS LLP
Barbara M. Harding
Brian T. Stansbury
655 Fifteenth Street, N.W.
Washington, D.C. 20005
Telephone:   (202) 879-5000
Facsimile:   (202) 879-5200
-and-

PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.

_____
Laura Davis Jones (Bar No. 2436)
David Carickhoff (Bar No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone:   (302) 652-4100
Facsimile:   (302) 652-4400

Co-Counsel for the Debtors and Debtors in Possession