# Exhibit A

## PI CMO

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | Re: Docket No. _____ |

## CASE MANAGEMENT ORDER FOR THE ESTIMATION OF ASBESTOS PERSONAL INJURY LIABILITIES

WHEREAS, on April 2, 2001, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"), which have been consolidated for administrative purposes only; and

WHEREAS, on November 13, 2004, the Debtors filed their Motion for Entry of an Order Seeking the Estimation of Asbestos Claims and Certain Related Relief (the "Estimation Motion"); and

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace HG Inc., Grace HG II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

1

WHEREAS, a hearing on the Estimation Motion (the "Estimation Motion Hearing") was held on January 21, 2005; and

WHEREAS, at the Estimation Motion Hearing, the Court ordered the Asbestos Personal Injury Committee, the Futures Claim Representative (the "FCR"), and the Debtors to negotiate a case management order to govern the estimation of Asbestos Personal Injury Claims (the "PI Estimation"); and

WHEREAS, the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and

WHEREAS, this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and

WHEREAS, venue of this proceeding is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

IT IS HEREBY:

1.    ORDERED that the Asbestos PI Pre-Petition Litigation Proof of Claim Form/Questionnaire (the "Questionnaire"), attached to this Order as <u>Exhibit A</u>, is approved; and it is further

2.    ORDERED that the following schedule shall govern the deadlines with respect to the Questionnaire:

> A.    The Debtors shall serve the Questionnaire on counsel of record for all holders of asbestos personal injury claims for which litigation was commenced prior to the Petition Date (the "Asbestos PI Pre-Petition Litigation Claims") (or the holders themselves where not represented by counsel and holder's identity and address are known) via direct U.S. mail on or before August 29, 2005 (twelve calendar days after entry of this Order);[2]

---

[2] If any date provided in this Order conflicts with the parenthetical description of the number of days, the date listed shall control over the number of days listed in such parenthetical.

2

B.     The Debtors shall mail the Questionnaire to the Office of the United States Trustee and to counsel to the official committees appointed in these Chapter 11 Cases on or before August 29, 2005 (twelve calendar days after entry of this Order);

C.     Persons who believe that they hold, or attorneys who believe they represent persons who hold, Asbestos PI Pre-Petition Litigation Claims against any of the Debtors shall complete and serve the Questionnaire on or before 5:00 p.m. (Eastern Standard Time) on November 28, 2005 (91 days after the date on which the Debtors serve Questionnaires to holders of Asbestos PI Pre-Petition Litigation Claims); Questionnaires that are postmarked as mailed on or before November 28, 2005, but are actually received thereafter, will be considered timely served;

D.     The Debtors' claims processing agent shall compile the Questionnaire information into a navigable database and make it available to the Debtors and the various official committees' experts, if any, on or before January 13, 2005, (forty-five days after the deadline for serving the Questionnaire); and it is further

3.     ORDERED that all holders of Asbestos PI Pre-Petition Litigation Claims are required to complete and serve the Questionnaire. Any such Holder who fails to complete and serve its Questionnaire on or before November 28, 2005 at 5:00 P.M. (Eastern Standard Time), shall be forever barred, estopped, and enjoined from asserting any such Claims (or filing a subsequent Proof of Claim and/or Questionnaire with respect to such Claims) against any of the Debtors or their predecessors-in-interest, insurance carriers, or their property or estates. If any such Claims are so barred, (i) each of the Debtors and its property shall be forever discharged from all indebtedness and liabilities with respect to such Claims, and the Holders of such Claims shall not be entitled to receive any distribution in these Chapter 11 Cases on account of such Claims or to receive further notices regarding such Claims or regarding these Chapter 11 Cases; and (ii) such Claims shall be estimated at zero.

4.     ORDERED that Debtors' counsel, Kirkland & Ellis LLP, is designated to act as liaison counsel on behalf of all Plan proponents ("Plan Proponents Liaison Counsel") for all discovery matters with respect to the estimation of Asbestos Personal Injury Claims, and Caplin

& Drysdale, Chartered is designated to act as liaison counsel on behalf of the Asbestos PI Committee, all holders of Asbestos PI Pre-Petition Litigation Claims who make an appearance before the Court in connection with the PI Estimation, and the FCR ("Asbestos PI Liaison Counsel," and together with Plan Proponent Liaison Counsel, the "Liaison Counsel"[3]) for all discovery and procedural matters with respect to the estimation of Asbestos Personal Injury Claims; and it is further

5.    ORDERED that either Liaison Counsel may move to disallow in full and for all purposes the Asbestos PI Pre-Petition Litigation Claim of any claimant who fails to comply with the terms of this Order or the discovery requests of any Liaison Counsel made in connection with the Asbestos PI Estimation Hearing; and it is further

6.    ORDERED that all Liaison Counsel seeking to call one or more experts to testify in conjunction with the PI Estimation shall designate such expert(s) and produce and serve a report in compliance with Federal Rule of Civil Procedure 26(a)(2) from each expert (each, an "Expert Report") on or before February 24, 2006 (approximately six weeks from the date on which the Questionnaire database is made available).  The Expert Reports should be complete and should be supplemented, as described below, only on the basis of: (i) new facts ascertained during the course of discovery or otherwise; or (ii) rebuttal issues raised in Expert Reports submitted by other parties' experts; and it is further

---

[3]  All actions contemplated by this Order with respect to the PI Estimation by the Plan Proponents, PI Committee, holders of Asbestos PI Pre-Petition Litigation Claims, or the FCR who make an appearance before the Court in connection with the estimation, should be coordinated through their respective Liaison Counsel whenever possible. The right of any party to participate in this contested matter, however, is neither reduced nor enhanced by the existence of Liaison Counsel.

7.      ORDERED that not later than February 24, 2006, Liaison Counsel shall each exchange preliminary designations of the non-expert witnesses each intends to call at the Asbestos PI Estimation Hearing.  Subsequent to February 24, 2006, a Liaison Counsel, for good cause shown, may substitute and/or add one or more non-expert witnesses not previously designated on or before February 24, 2006; and it is further

8.      ORDERED that all written fact discovery to be propounded, other than that relating to Expert Reports or expert testimony, may commence at any time but must be propounded by April 17, 2006; and it is further

9.      ORDERED that depositions of non-expert witnesses may commence at any time, but must be concluded by April 17, 2006; and it is further

10.     ORDERED that Liaison Counsel may designate supplemental expert(s) and produce and serve a report (each, a "Supplemental Expert Report") in compliance with Federal Rule of Civil Procedure 26(a)(2) from each supplemental expert by June 19, 2006; and it is further

11.     ORDERED that depositions of experts may commence, and written discovery with respect to Expert Reports and Supplemental Expert Reports and expert testimony may be propounded at any time, but all such depositions must be concluded and all such written discovery must be propounded by August 18, 2006; and it is further

12.     ORDERED that a preliminary pre-trial conference on the Asbestos PI Estimation shall be held at the first omnibus hearing after August 18, 2006, at which time the Court shall set a final pre-trial conference date and trial date (the "Asbestos PI Estimation Hearing") for the Asbestos PI Estimation; and it is further

13.    ORDERED that, pursuant to Rules 26(a)(3)(A) and 26(a)(3)(B) of the Federal Rules of Civil Procedure, Liaison Counsel shall file a final witness/expert list on or before October 17, 2006.  The expert list shall contain only those experts who previously filed the Expert Reports or Supplemental Expert Reports consistent with the provisions above.  Any witnesses who are listed but have not been previously deposed may be deposed upon a showing of good cause; and it is further

14.    ORDERED that any pre-trial motions, including *motions in limine*, *Daubert*, and summary judgment motions, shall be filed not later than October 17, 2006.  Responses to such motions shall be filed not later than 21 days after the filing of any such motion.  Replies shall be filed not later than 7 days after the filing of the response to the motion.  A hearing on such motions will be at the Court's direction; and it is further

15.    ORDERED that on or before 21 calendar days prior to the final pre-trial conference, pursuant to Rule 16.4(d) of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware (the "Local Rules") and Rule 26(a)(3)(C) of the Federal Rules of Civil Procedure, Liaison Counsel shall file with the Court: (i) a proposed pre-trial order, signed by each Liaison Counsel as well as by counsel for any party participating in the PI Estimation; (ii) copies of all exhibits to be offered and all schedules and summaries to be used at the Asbestos PI Estimation Hearing; and (iii) stipulations regarding admissibility of exhibits; and it is further

16.    ORDERED that on or before 21 calendar days prior to the final pre-trial conference, pursuant to Rule 26(a)(3)(C) of the Federal Rules of Civil Procedure, Liaison Counsel shall exchange copies of (or, when appropriate, make available for inspection) all

exhibits to be offered and all schedules and summaries to be used at the Asbestos PI Estimation Hearing; and it is further

17.    ORDERED that any trial briefs shall be filed on or before 21 calendar days prior to the Asbestos PI Estimation Hearing and that no responses thereto shall be allowed; and it is further

18.    ORDERED that notwithstanding anything in this Order, the deadlines specified herein may be extended by consent of each Liaison Counsel or by the Court upon motion of any party participating in the PI Estimation, after notice (which may be shortened and limited by the Court as it deems appropriate) and hearing; and it is further

19.    ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

20.    ORDERED that the Court may hear and resolve any discovery disputes telephonically at the request of any party involved in such dispute, upon notice (which may be shortened and limited by the Court as it deems appropriate); provided, however, disputes which arise during a deposition regarding such deposition may be heard telephonically and without any notice to any party not present at such deposition.

Dated: _____, 2005


_____
The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge