UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| W.R. GRACE & CO., *et al* | ) Case No. 01-01139 (JKF) <br> ) (Jointly Administered) |
| Debtors. | ) Objection Deadline: May 31, 2005 at 4:00 p.m. <br> ) Hearing Date: September 26, 2005 at 12:00 p.m. |

**SUMMARY COVER SHEET TO FIFTEENTH QUARTERLY INTERIM VERIFIED APPLICATION OF WALLACE KING DOMIKE & BRANSON PLLC FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR JANUARY 1, 2005 THROUGH FEBRUARY 28, 2005**

| | |
|---|---|
| Name of Applicant: | Wallace King Domike & Branson PLLC. ("WKDB") (formerly Wallace King Marraro & Branson, PLLC (WKMB) |
| Authorized to provide professional services to: | Special Litigation and Environmental Counsel to Debtors |
| Date of Retention: | April 2, 2001 |
| Period for which compensation and reimbursement is sought: | January 1, 2005 through February 28, 2005 |
| Amount of compensation sought as actual, reasonable and necessary | $757.00 for the quarterly period January 1, 2005 through February 28, 2005 (20% of $3,785.00 in professional fees). |
| Amount of expense reimbursement sought as actual, reasonable, and necessary: | $154.10 for the period January 1, 2005 through February 28, 2005 |

This is a Sixteenth Quarterly Interim Verified Application.

Prior Applications filed: Yes.

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Status of Fees | Status of Expenses |
|---|---|---|---|---|---|
| 7/5/01 | 4/2/01 through 4/30/01 | $216,471.50 | $25,282.16 | Paid 100% | Paid 100% |
| 7/5/01 | 5/1/01 through 5/31/01 | $244,726.00 | $26,594.89 | Paid 100% | Paid 100% |
| 8/9/01 | 6/1/01 through 6/20/01 | $186,977.91 | $90,104.66 | Paid 100% | Paid 100% |
| 8/28/01 | 7/1/01 through 7/31/01 | $176,930.10 | $52,387.36 | Paid 100% | Paid 100% |
| 10/18/01 | 8/1/01 through 8/31/01 | $107,153.50 | $56,387.04 | Paid 80% | Paid 100% |
| 11/5/01 | 9/1/01 through 9/30/01 | $83,202.70 | $24,668.50 | Paid 100% | Paid 100% |
| 1/13/01 | 10/1/01 through 10/31/01 | $95,842.90 | $10,019.91 | Paid 100% | Paid 100% |
| 1/2/02 | 11/1/01 through 11/30/01 | $76,484.30 | 13,513.96 | Paid 100% | Paid 100% |
| 2/12/02 | 12/1/01 through 12/31/01 | $58,693.50 | $17,510.89 | Paid 100% | Paid 100% |
| 2/21/02 | 1/1/02 through 1/31/02 | $79,379.36 | $2,260.41 | Paid 100% | Paid 100% |
| 3/25/02 | 2/1/02 through 2/28/02 | $67,957.20 | $3,160.68 | Paid 100% | Paid 100% |
| 4/24/02 | 3/1/02 through 3/31/02 | $55,351.04 | $3,155.63 | Paid 100% | Paid 100% |
| 5/12/02 | 4/1/02 through | $63,704.72 | $6,584.60 | Paid 100% | Paid 100% |

|  | 4/30/02 |  |  |  |  |
| --- | --- | --- | --- | --- | --- |
| 6/27/02 | 5/1/02 through 5/31/02 | $57,060.32 | $4,946.79 | Paid 100% | Paid 100% |
| 7/24/02 | 6/1/02 through 6/30/02 | $66,137.04 | $8,461.57 | Paid 100% | Paid 100% |
| 8/27/02 | 7/1/02 through 7/31/02 | $72,492.64 | $20,490.51 | Paid 100% | Paid 100% |
| 9/24/02 | 8/1/02 through 8/31/02 | $94,828.80 | $23,851.10 | Paid 100% | Paid 100% |
| 10/25/02 | 9/1/02 through 9/30/02 | $124,578.96 | $18,424.27 | Paid 100% | Paid 100% |
| 11/25/02 | 10/1/02 through 10/31/02 | $167,191.12 | $36,979.60 | Paid 100% | Paid 100% |
| 1/2/03 | 11/1/02 through 11/30/02 | $157,634.40 | $25,921.79 | Paid 100% | Paid 100% |
| 2/13/03 | 12/1/02 through 12/31/02 | $178,734.48 | $114,558.29 | Paid 100% | Paid 100% |
| 4/18/03 | 1/1/03 through 1/31/03 | $275,466.40 | $159,839.86 | Paid 100% | Paid 100% |
| 5/6/03 | 2/1/03 through 2/28/03 | $123,758.48 | $25,803.22 | Paid 100% | Paid 100% |
| 5/7/93 | 3/1/03 through 3/31/03 | $88,272.00 | $10,455.86 | Paid 100% | Paid 100% |
| 6/13/03 | 4/1/03 through 4/30/03 | $87,122.40 | $13,144.41 | Paid 100% | Paid 100% |
| 6/26/03 | 5/1/03 through 5/31/03 | $57,138.56 | $12,415.74 | Paid 100% | Paid 100% |
| 7/29/03 | 6/1/03 through 6/30/03 | $105,028.72 | $6,316.82 | Paid 100% | Paid 100% |
| 9/3/03 | 7/1/03 through 7/31/03 | $106,526.72 | $10,206.36 | Paid 100% | Paid 100% |

| | | | | | |
|---|---|---|---|---|---|
| 9/23/03 | 8/1/03 through 8/31/03 | $82,045.58 | $16,185.52 | Paid 100% | Paid 100% |
| 10/31/03 | 9/1/03 through 9/30/03 | $84,216.20 | $10,195.00 | Paid 100% | Paid 100% |
| 12/10/03 | 10/1/03 through 10/31/03 | $117,161.70 | $26,662.70 | Paid 100% | Paid 100% |
| 12/31/03 | 11/1/03 through 11/30/03 | $80,439.90 | $4,599.05 | Paid 100% | Paid 100% |
| 2/17/04 | 12/1/03 through 12/31/03 | $69,342.70 | $24,468.58 | Paid 100% | Paid 100% |
| 4/6/04 | 1/1/04 through 1/31/04 | $86,723.90 | $5,015.68 | No Objections Served on Counsel | No Objections Served on Counsel |
| 4/19/04 | 2/1/04 through 2/29/04 | $72,262.90 | $10,387.41 | No Objections Served on Counsel | No Objections Served on Counsel |
| 4/29/04 | 3/1/04 through 3/31/04 | $113,279.40 | $15,064.65 | No Objections Served on Counsel | No Objections Served on Counsel |
| 7/27/04 | 4/1/04 through 4/30/04 | $104,865.20 | $8,902.70 | No Objections Served on Counsel | No Objections Served on Counsel |
| 8/11/04 | 5/1/04 through 5/31/04 | $167,326.80 | $28,642.23 | No Objections Served on Counsel | No Objections Served on Counsel |

| 8/13/04 | 6/1/04 through 6/30/04 | $97,163.70 | $29,968.45 | No Objections Served on Counsel | No Objections Served on Counsel |
| --- | --- | --- | --- | --- | --- |
| 9/22/04 | 7/1/04 through 7/31/04 | $100,843.00 | $122,550.28 | No Objections Served on Counsel | No Objections Served on Counsel |
| 10/6/04 | 8/1/04 through 8/31/04 | $108,066.20 | $9,384.00 | No Objections Served on Counsel | No Objections Served on Counsel |
| 11/19/04 | 9/1/04 through 9/30/04 | $148,088.40 | $23,572.83 | No Objections Served on Counsel | No Objections Served on Counsel |
| 12/3/04 | 10/1/04 through 10/31/04 | $43,733.50 | $1,727.26 | No Objections Served on Counsel | No Objections Served on Counsel |
| 12/29/04 | 11/1/04 through 11/30/04 | $4,292.00 | $14,542.23 | No Objections Served on Counsel | No Objections Served on Counsel |
| 4/8/05 | 1/1/05 through 1/31/05 | $2,541.00 | -0- | No Objections Served on Counsel | No Objections Served on Counsel |
| 4/18/05 | 2/1/05 through 2/28/05 | $1,244.00 | $154.10 | No Objections Served on Counsel | No Objections Served on Counsel |

As indicated above, this is the sixteenth quarterly interim verified application for interim compensation of services filed with the Bankruptcy Court in the Chapter 11 Cases

## Summary of Compensation Requested

| Name of Professional Individual | Position, year assumed, prior relevant experience, year of obtaining relevant license to practice | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| William Hughes | Counsel | $380 | 4.5 | $1,710.00 |
| Alec C. Zacaroli | Associate | $250 | 8.3 | $2,075.00 |
| | | | | |

Total Fees      $3,785.00

Total Hours      12.8

## EXPENSE SUMMARY

| Expense Category | Total Expenses |
|---|---|
| Lexis/Westlaw | $154.10 |
| TOTAL DUE | $154.10 |

## CUMULATIVE COMPENSATION SUMMARY BY PROJECT CATEGORY

WALLACE KING DOMIKE & BRANSON, PLLC
QUARTERLY TOTALS FOR FIFTEENTH INTERIM PERIOD OCTOBER 1, 2004
THROUGH NOVEMBER 30, 2004

| Project Category | Total Hours for the Interim Period | Total Hours from the Petition Date | Total Fees for the Interim Period | Total Fees from the Petition Date |
|---|---|---|---|---|
| Litigation and Litigation Consulting | 12.8 | 32400.90 | 3,785.00 | 6,337,418.60 |
| Fee Applications, Applicant | | 67.4 | | 27,764.50 |
| Non-Working Travel | | 207.00 | 902.50 | 66,658.00 |

## CUMULATIVE EXPENSE SUMMARY

| Expenses Category | Total Expenses for the Interim Period | Total Expenses from the Petition Date |
|---|---|---|
| Air Fares (See Exhibit A, attached) | | 102,454.29 |
| Amtrak | | 3,884.00 |
| Certified Copy of Docs. | | 51.00 |
| Copies-Internal/Outside | | 309,555.52 |
| Delivery/Messenger | | 12,594.57 |
| Deposition Transcript | | 11,184.67 |
| Facsimile | | 4,613.65 |
| FedEx | | 30,680.38 |
| Lexis/Westlaw | 154.10 | 199,539.85 |
| Long Distance | | 16,632.19 |
| Meals on Trips and at Trial (see Exhibit A attached) | | 36,843.95 |
| Parking on Trips and at Trial (see Exhibit A attached) | | 4,604.69 |
| Postage | | 272.99 |
| Temporary Services | | 8,262.00 |
| Auto Rental (see Exhibit A attached) | | 25,364.67 |
| CD Duplication | | 71.91 |
| Hotels (see Exhibit A attached) | | 118,254.43 |
| Misc. Travel Expenses | | 2,079.58 |
| Consultants/Experts | | 131,860.40 |
| Taxis | | 2,511.23 |
| Car Service | | 2,350.70 |
| Overtime Meals/Secretarial/Paralegal - (see Exhibit A attached) | | 5,847.50 |
| Overtime/Working Meals/Attorneys (see Exhibit A | | 2,477.69 |

| | | |
|---|---|---|
| attached) | | |
| Overtime Transportation (see Exhibit A attached) | | 16,684.50 |
| Secretarial Overtime | | 47,960.17 |
| Meals for DC Meetings | | 3,189.86 |
| Meals in FL with Counsel/Co-counsel | | 1,447.17 |
| Two Sets of Joint Trial Exhibits | | 4,878.76 |
| Mileage | | 521.39 |
| Document Retrieval | | 1,260.50 |
| Overtime Facilities Mgmt. Personnel | | 3,452.50 |
| Aerial Photography | | 2,270.48 |
| Supplies for Site Visit | | 69.10 |
| Trial Expenses (binders, tabs, etc.) | | 4,081.44 |
| Tips to Hotel Personnel at Trial | | 808.25 |
| Litigation Support Vendors | | 41,545.41 |
| Tolls during Trial and Trips | | 182.45 |
| Gas for Rental Cars | | 506.31 |
| Trial Transcripts | | 14,317.70 |
| | | |
| TOTAL | $154.10 | $1,175,167.85 |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| W. R. GRACE & CO., et al.,[1] ) | Case No. 01-01139 (JKF) |
| ) | (Jointly Administered) |
| ) | |
| Debtors. ) | |
| ) | Objection Deadline: May 31, 2005 at 4:00 p.m. |
| ) | Hearing Date: September 26, 2005 at 12:00 p.m. |
| ) | |

## SIXTEENTH QUARTERLY INTERIM VERIFIED APPLICATION OF WALLACE, KING DOMIKE & BRANSON, PLLC (FORMERLY WALLACE, KING, MARRARO & BRANSON, PLLC) FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS SPECIAL LITIGATION AND ENVIRONMENTAL COUNSEL TO W. R. GRACE & CO., ET AL., FOR THE INTERIM PERIOD FROM JANUARY 1, 2005 THROUGH MARCH 31, 2005

Pursuant to sections 327, 330 and 331 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Fed. R. Bankr. P. 2016, the Retention Order (as defined below), the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

-1-

Compensation and Reimbursement of Professionals and Official Committee Members (the "Interim Compensation Order") and Del.Bankr.LR 2016-2, the law firm of Wallace, King, Domike & Branson, PLLC, formerly known as Wallace, King, Marraro & Branson, PLLC ("WKDB"), as special litigation and environmental counsel for the above-captioned debtors and debtors in possession (collectively, the "Debtors") in their chapter 11 cases, hereby applies for an order allowing it (i) compensation in the amount of $3,785.00 for the reasonable and necessary legal services WKDB has rendered to the Debtors and (ii) reimbursement for the actual and necessary expenses that WKDB has incurred in the amount of $154.10 ,for the interim quarterly period from January 1, 2005, through February 28, 2005 (the "Fee Period") (WKDB is not seeking fees or expenses for March 2005). In support of this Application, WKDB respectfully states as follows:

## Background

### Retention of Wallace, King. Domike & Branson, PLLC

1. On April 2, 2001 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). On April 2, 2001, the Court entered an order procedurally consolidating the Chapter 11 Cases for administrative purposes only. Since the Petition Date, the Debtors have continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. By this Court's order dated June 21, 2001, the Debtors were authorized to retain WKDB (then known as Wallace, King, Marraro & Branson, PLLC) as their special counsel, effective as of the Petition Date, with regard to environmental and litigation matters (the "Retention Order"). The Retention Order authorizes the Debtors to compensate WKDB at

-2-

hourly rates charged by WKDB for services of this type and to be reimbursed for actual and necessary out-of-pocket expenses that it incurred, subject to application to this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, all applicable local rules and orders of this Court.

**Monthly Interim Fee Applications Covered Herein**

3. Pursuant to the procedures set forth in the Interim Compensation Order, professionals may apply for monthly compensation and reimbursement (each such application, a "Monthly Fee Application"), and the notice parties listed in the Interim Compensation Order may object to such request. If no notice party objects to a professional's Monthly Fee Application within twenty (20) days after the date of service of the Monthly Fee Application, the applicable professional may submit to the Court a certification of no objection whereupon the Debtors are authorized to pay interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested.

4. Furthermore, and also pursuant to the Interim Compensation Order, professionals are to file and serve upon the notice parties a quarterly request (a "Quarterly Fee Application") for interim Court approval and allowance of the Monthly Fee Applications filed during the quarter covered by that Quarterly Fee Application. If the Court grants the relief requested by the Quarterly Fee Application, the Debtors are authorized and directed to pay the professional 100% of the fees and expenses requested in the Monthly Fee Applications covered by that Quarterly Fee Application less any amounts previously paid in connection with the Monthly Fee Applications. Any payment made pursuant to the Monthly Fee Applications or a Quarterly Fee Application is subject to final approval of all fees and expenses at a hearing on the professional's final fee application.

5.  This is the Sixteenth Quarterly Fee Application for compensation for services rendered that WKDB has filed with the Bankruptcy Court in connection with the Chapter 11 Cases, which covers the Fee Period of the Petition Date through March, 2005, encompassing the months of January through March 2005.

6.  WKDB has filed the following Monthly Fee Applications for interim compensation during this Fee Period:

   1.  Verified application of Wallace, King, Domike & Branson, PLLC for compensation for services and reimbursement of expenses as bankruptcy counsel to W. R. Grace & Co., et al., for the forty sixth interim period from January 1, 2005, through January 31, 2005, filed April 8, 2005, (the "January 2005 Fee Application") attached hereto as Exhibit A.

   2.  Second verified application of Wallace, King, Domike & Branson, PLLC for compensation for services and reimbursement of expenses as bankruptcy counsel to W. R. Grace & Co., et al., for the forty first interim period from February 1, 2005, through February 28, 2005, filed April 18, 2005, (the "February 2005 Fee Application") attached hereto as Exhibit B.

7.  WKDB has filed fifteen other Quarterly Fee Applications. The periods for objecting to the fees and expense reimbursement requested in the January and February 2005 Fee Applications passed without any objections being filed, whereupon the Debtors filed certificates of no objection with the Court and paid interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested.

8.  WKDB has advised and represented the Debtors in connection with environmental and litigation matters.

### Requested Relief

9.  By this Sixteenth Quarterly Fee Application, WKDB requests that the Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by WKDB for the Fee Period, which is from January 1, 2005, through February 28, 2005, as detailed in the Applications, less any amounts previously paid to WKDB pursuant to the Applications and the procedures set forth in the Interim Compensation Order.[2]  As stated above, the full scope of services provided and the related expenses incurred are fully described in the Applications, which are attached hereto as Exhibits A through B.

10. WKDB may have in the past represented, may currently represent, and likely in the future will represent parties-in-interest in connection with matters unrelated to the Debtors and the Chapter 11 Cases.  WKDB disclosed in the Affidavits its connections to parties-in-interest that it has been able to ascertain using its reasonable efforts.  WKDB will update the Affidavits when necessary and when WKDB becomes aware of material new information.

### Representations

11. WKDB believes that the Application is in compliance with the requirements of Del.Bankr.LR 2016-2.

---

[2] WKDB reserves the right to seek at a later date compensation for services rendered and reimbursement for expenses incurred during the January through February 2005 period that are not otherwise included in the relevant Applications.

12. WKDB performed the services for which it is seeking compensation on behalf of or for the Debtors and their estates, and not on behalf of any committee, creditor or other person.

13. WKDB has received no payments for the fee applications for January and February 2005.

WHEREFORE, WKDB respectfully requests that the Court enter an order, substantially in the form attached hereto, providing (a) that, for the Fee Period, January 1, 2005, through February 28, 2005, an administrative allowance be made to Wallace, King, Domike & Branson, PLLC in the sum of (i) $757.00 (20% of $3,785.00) as compensation for reasonable and necessary professional services rendered to the Debtors and (ii) in the sum of $154.10 for reimbursement of actual and necessary costs and expenses incurred, for a total of $911.10, (b) that the Debtors be authorized and directed to pay to WKDB the outstanding amount of such sums less any sums previously paid to WKDB pursuant to the Applications and the procedures set forth in the Interim Compensation Order and (c) that this Court grant such further relief as is equitable and just.

Washington, D.C.
Dated:   April 21, 2005

Respectfully submitted,

WALLACE KING DOMIKE & BRANSON, PLLC

_William H. Hughes_ (signature)

William H. Hughes
1050 Thomas Jefferson Street, N. W.
Suite 500
Washington, D.C.  20007
(202) 204-1000

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

## **VERIFICATION**

William F. Hughes, after being duly sworn according to law, deposes and says:

1. I am a member in good standing of the bar of the District of Columbia.

2. I have personally performed certain of, and overseen the legal services rendered by Wallace King Domike & Branson PLLC as special litigation and environmental counsel to the Debtors and am thoroughly familiar with all other work performed on behalf of the Debtors by the lawyers and other persons in the firm.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.


3. The facts set forth in the foregoing Application are true and correct to the best of my knowledge, information and belief.

_____
William F. Hughes

In the District of Columbia

SWORN TO AND SUBSCRIBED
before me this 21st day of April 2005.

_____
Notary Public

My Commission Expires:

JaVonda D. Kelley
Notary Public District of Columbia
My Commission Expires 7/14/08