IN THE UNITED STATES BANKRUPTCY COURT *Bench Filed*
FOR THE DISTRICT OF DELAWARE

*5/16/05*

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | **Chapter 11** |
| | ) | |
| Debtors. | ) | **Case No. 01-01139 (JKF)** |
| | ) | **(Jointly Administered)** |

*Re agenda # 6*

### STIPULATION AND ORDER RESOLVING CERTAIN CLAIMS OF THE MASSACHUSETTS DEPARTMENT OF ENVIRONMENTAL PROTECTION

This stipulation is entered into this 13th day of May, 2005, between the above-

referenced Debtors and the Massachusetts Department of Environmental Protection ("MADEP")

concerning Claim #12848, Claim #12849 and Claim #13487.

WHEREAS, on April 2, 2001, the Debtors commenced their respective reorganization

cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code; and

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc., (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

WHEREAS, the MADEP filed timely proofs of claim against each of the following Debtors: (i) W.R. Grace & Co., (ii) W.R. Grace & Co-Conn., and (iii) Grace Energy Corporation regarding the Debtors' alleged liability to the Commonwealth of Massachusetts in connection with environmental contamination at certain sites throughout the Commonwealth, pursuant to federal and state laws and regulations, including the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. §§ 9606, et seq. ("CERCLA"), the Massachusetts Oil and Hazardous Material Release Prevention and Response Act, Mass. G. L. c. 21E, the Massachusetts Contingency Plan ("MCP"), 310 C.M.R. §§ 40.0000, et seq., and the Timely Action Schedule and Fee Provisions, 310 C.M.R. §§ 4.00, et seq. The Debtors' claims agent designated these as Claims #12848, #12849 and #13487, respectively (collectively, MADEP Claims); and

WHEREAS, the MADEP Claims set forth alleged general unsecured pre-petition liquidated claims in a total amount of $799,418.84, and also provided notice of other contingent, unliquidated, and/or estimated environmental liability that the MADEP alleged that Debtors already had, or may come to have, to the Commonwealth, and Debtors objected to the MADEP Claims on various grounds; and

WHEREAS, this Court has approved a settlement between Debtors and the Massachusetts Department of Revenue (MADOR) under which the MADOR owes Debtors a tax refund of approximately $1,292,340, plus interest for corporate excise taxes paid for the 1986 tax year (the "Tax Refund"); and

WHEREAS, the MADEP moved for relief from the automatic stay of section 362 of the Bankruptcy Code to effect a setoff of the amount allegedly owed by Debtors for the MADEP's liquidated pre-petition general unsecured claims set forth in the MADEP Claims against the Tax

Refund (the "Stay Relief Motion"), and Debtors objected to the Stay Relief Motion on various grounds; and

WHEREAS, the parties have engaged in certain discovery and have reached an agreement on the allowed amount of MADEP's liquidated pre-petition general unsecured claims, but have not reached an agreement on the requested setoff nor on the contingent, unliquidated, and/or estimated environmental liability identified in the Claims, as set forth below.

WHEREFORE, for good and valuable consideration, the parties hereby stipulate and agree as follows:

1.      The liquidated pre-petition claims set forth in Claim # 12849 shall be allowed as an unsecured, pre-petition, non-priority claim against the chapter 11 estate of W.R. Grace & Co-Conn. in the amount of $ 700,298.00 (the "Allowed Claim"). The Allowed Claim is apportioned as follows: (i) Former Zonolite Plant Site, $42,293; (ii) W.R. Grace Plant Superfund Site Acton, MA , $623,525; (iii) Wells G&H, Woburn, MA, Source Area and Central Area, $4,334; (iv) Blackburn & Union Privileges Site, $5,981; and (v) MMR Pipeline Site, $24,165.

2.      Claim #12848 and Claim #13847 shall each be withdrawn. Notwithstanding any other provision herein, to the extent that the plan or plans of reorganization confirmed in these chapter 11 cases does not provide for the substantive consolidation of W.R. Grace & Co., W.R. Grace & Co-Conn., and Grace Energy Corporation (for purposes of distribution on account of allowed claims), Claim #12848 and Claim #13847 shall be reinstated, and MADEP shall be entitled to pursue all claims asserted therein.

3.      The Debtors shall direct their Claims Agent, Rust Consulting Inc. ("Rust") to mark the Official Claims Register to reflect that (i) the liquidated pre-petition claims set forth in Claim #12849 is allowed as outlined herein and that all other contingent, unliquidated, or

K&E 10230768.5

estimated pre-petition or post-petition claims or amounts included or referenced therein remain unresolved; and (ii) Claim #12848 and #13847 are withdrawn.

4.    The MADEP shall retain its right to assert that the Allowed Claim may be setoff against the Tax Refund and the Debtors retain their right to oppose such setoff. Notwithstanding the foregoing, within 45 days of the later of (1) approval of this Stipulation by the Court, or (2) execution of the settlement agreement between the Debtors and MADOR establishing the exact amount of the Tax Refund, whichever is later, the MADOR shall pay to the Debtors the difference between the Tax Refund and the Allowed Claim, and MADEP agrees not to seek to setoff any additional amounts owed to Grace by MADOR from other prepetition tax refunds. Also notwithstanding the preservation of rights set forth herein, MADOR may pay the amount of the Tax Refund equal to the Allowed Claim into an account to be held in escrow until resolution of the setoff issue.

5.    The Stay Relief Motion shall be set for further hearing by the Court on June 27, 2005.

6.    The parties shall take whatever additional action, if any, is necessary to make sure that Claims #12849, #12848 and #13847 are dealt with in the manners outlined herein.

7.    This Stipulation addresses only the MADEP's liquidated pre-petition claims as set forth in Claims #12848, #12849 and #13487 and does not address any contingent, unliquidated, or estimated pre-petition or post-petition claims or amounts identified or referenced in such Claims. The MADEP reserves, and this Stipulation is without prejudice to, all rights the MADEP may have with regard to seeking to recover from Debtors any such contingent, unliquidated, or estimated pre-petition or post-petition claims or amounts in the future, either

during or after these bankruptcy cases; and, the Debtors reserve, and this Stipulation is without

prejudice to all rights the Debtors may have to object to the MADEP's exercise of such rights.

STIPULATED AND AGREED:

MASSACHUSETTS DEPARTMENT OF
ENVIRONMENTAL PROTECTION

W. R. GRACE & CO, ET AL.

Thomas F. Reilly
Attorney General

By: _____
Carol Iancu

By: _____
Janet S. Baer

Carol Iancu
Assistant Attorney General
Office of the Attorney General
Environmental Protection Division
One Ashburton Place, Rm. 1813
Boston, MA  02108
(617) 727-2200, ext. 2428

Janet S. Baer
Samuel L. Blatnick
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601
(312) 861-2000
and

Laura Davis Jones
David W. Carickhoff
Pachulski, Stang, Ziehl, Young,
Jones & Weintraub PC
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware
19899-8705
(302) 652-4100

Co-Counsel for the Debtors and
Debtors in Possession

So Ordered this _16_ day
of _May_, 2005

_____
Honorable Judith K. Fitzgerald
U.S. Bankruptcy Judge

K&E 10210768.5