IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

*Bench Filed on 5/16/05*

| | |
|---|---|
| In re: | ) |
| | ) |
| W. R. GRACE & CO., <u>et al.</u>, | ) Chapter 11 |
| | ) |
| Debtors. | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |
| | ) |

*Re agenda #9*

### PROTECTIVE ORDER GOVERNING DISCOVERY FOR PURPOSES OF ESTIMATING THE DEBTORS' ASBESTOS PROPERTY DAMAGE LIABILITY

1. This Protective Order (the "Protective Order") shall govern (i) all confidential documents produced by any party to the PD Estimation ("PD Estimation" shall be defined for purposes of this Protective Order as the contested matter or proceeding to be undertaken by the parties in order to estimate Asbestos Property Damage Claims as contemplated in the *Case Management Order for Estimation of Asbestos Property Damage Liabilities*, currently being negotiated by the parties); including the Debtors, the Asbestos Property Damage Claimants Committee (the "PD Committee") and any asbestos property damage claimant that is actively participating in the PD Estimation (a "PD Participant"); (ii) all confidential documents produced in the PD Estimation by any person not a party in the PD Estimation; (iii) all confidential interrogatory answers, responses to requests to admit and other discovery materials produced or provided by the parties or other persons in the PD Estimation; and (iv) all confidential testimony given in discovery related to the PD Estimation.

2. This Protective Order shall also govern all confidential information derived from such documents, discovery responses and testimony, and all copies, excerpts, or summaries of them (collectively, with items (1)(i) through (1)(iv) above, the "Confidential" materials). This Protective Order shall apply to the parties in the PD Estimation, as well as their attorneys of

K&E 10331212.2

05/16/05 MON 09:08 FAX 312 861 2200        KIRKLAND & ELLIS LLP                    ☒018

record in the PD Estimation and their agents, including but not limited to, consulting or testifying experts engaged by a party or its attorneys in the PD Estimation, but only in respect of documents, discovery responses and testimony produced or provided in the PD Estimation.

3.  For purposes of this Protective Order, the following terms shall mean as follows:

(a)  The term "person" refers to all natural persons, corporations, unincorporated associations, partnerships, joint ventures, or other artificial persons of any kind no matter how identified or organized.

(b)  The term "document(s)" shall have the full meaning ascribed to it under Federal Rule of Civil Procedure 34 and Federal Rule of Bankruptcy Procedure 7034.

(c)  The term "testimony" includes all depositions and discovery responses given pursuant to the Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure.

(d)  The term "party" or "parties" includes persons within the "control group" of the Debtors, the PD Committee or a PD Participant. Any party who reviews or receives any Confidential materials shall be advised of and shown a copy of this Protective Order and shall execute an acknowledgment in writing (attached hereto as Exhibit 1) that it has received a copy of this Protective Order and is familiar with the provisions of it, and all such parties shall: (i) be bound thereby; (ii) not use any such Confidential materials for any purpose or in any action or proceeding other than in connection with the PD Estimation and not for any other purposes in these bankruptcy cases or any other case unless otherwise permitted by agreement of the party who produced the materials designated as Confidential or order of the Court; (iii) not disclose any such Confidential materials to any person other than a person who has received a

K&E 10331212.2

05/16/05   MON 09:08 FAX 312 861 2200         KIRKLAND & ELLIS LLP                              ☒017

copy of this Protective Order, has executed a written acknowledgment (in the form of Exhibit 1), and is subject to the provisions of this Protective Order; and (iv) upon termination of his or her connection with the PD Estimation, return such Confidential materials or destroy such materials pursuant to the procedure outlined in paragraph 13 herein.

4. For purposes of this Protective Order, Confidential materials shall be designated as such in accordance with the following provisions:

(a) A person may designate any document, discovery request, or testimony (that is produced, made or given for purposes of the PD Estimation) by such person, as "Confidential" in good faith if the respective item is: (i) an attorney-client communication or attorney work product produced by the person in this matter voluntarily or over objection pursuant to Court Order to the extent that the Court orders such designation; or (ii) highly confidential, commercially sensitive or trade secret information and maintained or preserved by the person in a manner reasonably calculated to preserve its confidentiality; provided, however, Confidential material shall not consist of any information which at any time has been: (x) produced, disclosed or made available to the public or otherwise available for public access; (y) produced, disclosed or made available by another person without any Confidential restrictions or designations, whether in the PD Estimation or otherwise; and (z) disclosed in connection with any governmental public filing or securities offering and which documents or information could not reasonably be assumed to be or have been intended to be kept confidential except that confidential compilations of information shall not be deemed to have been so

K&E 10331212.2

produced or disclosed merely because some or all of the component data have been so produced or disclosed other than in such compilation.

(b) With respect to a document, the designation of "Confidential" shall be made by placing or affixing a stamp or marking upon the document (in such a manner as will not interfere with the legibility thereof) providing notice that the person producing the document deems the same in good faith to be "Confidential" subject to subparagraph 4(a) above. Nothing herein prevents parties from reclassifying as "Confidential" documents that may be inadvertently produced within ten (10) days after the person learns of such inadvertent production.

(c) With respect to deposition testimony, counsel may designate such testimony as "Confidential" at the time of the deposition; such testimony shall then be deemed to be a "Confidential" and remain under seal until ten (10) business days after copies of the deposition transcript are served, by which time the person seeking confidential treatment must designate in a separate writing the specific page(s) and line number(s) of the testimony given in the deposition that is deemed Confidential and that it shall remain under seal.

(d) Whenever a party objects to the designation of an item as Confidential, it must so notify counsel for the person asserting such a designation in writing, setting forth the reasons supporting such objection. The designating person shall respond in writing to any notification by either (i) modifying or withdrawing all or part of the designation as a Confidential material, or (ii) declining to redesignate any part of such designation, setting forth the reason(s) supporting the designation as Confidential. The designating person shall provide such response no later than seven (7) business days after it receives notice

of the objection(s). If no response is provided by the designating person to the objecting party in this time period, the designation shall be assumed to have been withdrawn.

(e) Upon notification that the person declines to reclassify a Confidential material, counsel for the parties shall confer in good faith in an attempt to resolve the issues within seven (7) days. If the parties are unable to agree, the party opposing Confidential treatment may make an application to the Court for an order denying Confidential treatment of the particular material in question. Notice of any such motion shall be served upon all counsel of record in the PD Estimation, as well as on the designating person, if not a party, or its counsel.

(f) Notwithstanding anything contained herein to the contrary, the burden of establishing that any material is entitled to Confidential treatment rests on the person alleging its confidentiality.

(g) Until the issue is finally determined by this Court or, in the event of an immediate interlocutory appeal from a determination by the Court that material is Confidential, upon termination of such appeal, the material shall be given the Confidential treatment initially assigned to it and provided for in this Protective Order.

5. The parties to the PD Estimation and their counsel may only use Confidential materials for the sole purpose of the PD Estimation, and they may not use the materials for any other purpose in the above-referenced bankruptcy cases or in any other case unless (i) the party who produced the materials designated as Confidential agrees that the materials may be used for other purposes or (ii) the Court orders the materials may be used for other purposes. Except as otherwise further ordered by the Court, parties and their counsel shall not disclose, make available, or communicate any Confidential materials to any person, except as follows:

(a) Confidential material may be shown or disclosed to:

(i) Bilzin Sumberg Dunn Baena Price & Axelrod LLP ("Bilzin"), counsel to the "PD Committee", and its paralegals, clerks, and secretarial employees; Kirkland & Ellis LLP ("Kirkland"), counsel to the Debtors, and its paralegals, clerks, and secretarial employees; Kramer Levin Naftalis & Frankel LLP ("Kramer"), counsel to Counsel to the Official Equity Security Committee of the Debtors (the "Equity Committee"), and its paralegals, clerks, and secretarial employees; Stroock & Stroock & Lavan LLP ("Stroock"), counsel to the Official Committee of Unsecured Creditors of the Debtors (the "Creditors Committee"), and its paralegals, clerks, and secretarial employees; and in-house counsel at the Debtors ("Grace"); Caplin & Drysdale ("Caplin"), counsel to the Official Committee of Asbestos Personal Injury Claimants (the "ACC"), and its paralegals, clerks, and secretarial employees; Swidler Berlin ("Swidler"), counsel for David Austern, the Futures Claimants Representative ("FCR"), and its paralegals, clerks, and secretarial employees; and counsel for any PD Participants and its paralegals, clerks and secretarial employees (collectively with Bilzin, Kirkland, Kramer, Stroock, Caplin, Swidler and Grace, the "Parties' Counsel");

(ii) Members of the PD Committee who serve as counsel to asbestos property damage claimants that filed proofs of claims in these bankruptcy cases that are subject of the PD Estimation, their associates and partners, paralegals, clerks and secretarial employees;

(iii) Experts retained by parties' Counsel for purposes of the PD Estimation;

6

K&E 10331212.2

05/16/05 MON 09:07 FAX 312 861 2200          KIRKLAND & ELLIS LLP                                    ☒021

      (iv)    The author or any recipient of the documents as reflected on the face of the document;

      (v)    The Court, court personnel, and court reporters at depositions; and

      (vi)    Any other person the party designating the materials as Confidential agrees may be shown the Confidential material or is ordered entitled to be shown the Confidential material pursuant to the procedures outlined in paragraph 4(d) herein.

(b)    Confidential materials, and all copies, abstracts, compilations, extracts and complete or partial summaries of any Confidential materials produced shall not be shown or disclosed to anyone other than those persons specifically provided for in paragraph 5(a)(i)-(vi) above.

(c)    If a party desires to show or communicate information from any Confidential materials, or any abstracts, compilations or complete or partial summaries of any Confidential materials, to any persons other than those referred to in Paragraph 5(a)(i)-(vi), then that party shall serve a written request to that effect on the designating person. The designating person shall provide such response no later than five (5) business days after it receives the request. If no response is provided by the designating person to the requesting party in this time period, the request shall be assumed to have been granted. If the designating person denies the request the Court may upon motion, notice and hearing and for good cause shown, grant the request.

6.    Any Confidential materials provided, pursuant to this Protective Order or other order of this Court and subject to the "Confidential" designation under this Protective Order or

KRE 10333123.3

05/16/05   MON 09:08 FAX 312 861 2200            KIRKLAND & ELLIS LLP                              ☒022

such other orders, shall not waive the attorney-client privilege or attorney work product protection for the documents produced or the testimony elicited.

7. Withdrawal of "Confidential" Designation

(a) Any person may at any time withdraw its designation of "Confidential" by giving written notice of such withdrawal to Parties' Counsel.

(b) If a person withdraws its designation of "Confidential" for a document, then the person shall within five (5) days produce another copy of that document without the confidentiality stamp described above in paragraph 4(b).

8. Nothing herein shall (a) be construed to affect in any way the admissibility of any document, testimony or other evidence (i) at the PD Estimation or (ii) for any other purpose in the above-captioned bankruptcy cases or any other trial or be (b) deemed a waiver of a party's right to object to any discovery request, testimony, line of questioning or admission into evidence of any document (i) at the PD Estimation, or (ii) for any other purpose in the above-captioned bankruptcy cases or any other trial.

9. Nothing herein shall limit any person's use of his, her or its own Confidential documents or information for any purpose, including but not limited to sharing such Confidential documents with its own counsel.

10. The parties to the PD Estimation and their respective agents shall employ the same safety measures and systems of control, for the purposes of safeguarding the confidentiality of any Confidential materials that they receive pursuant to this Protective Order, that they employ for the protection of their own Confidential information and materials.

11. The terms of this Protective Order shall survive and remain in full force and effect and the Court shall retain jurisdiction to enforce the terms of this Protective Order after the

K&E 10331212.2

termination of the PD Estimation in order to secure compliance with sub-paragraph 3(d)(iv) of this Protective Order.

12. The terms of this Protective Order are subject to modification only upon joint written agreement of the Parties' Counsel or by Order of the Court.

13. No later than thirty (30) days after the conclusion of the PD Estimation, unless the Court has ordered that the Confidential materials may be used in any other regard, all persons in possession of any Confidential materials upon written request from the person who designated the materials as Confidential shall, unless otherwise ordered by the Court, either: (i) return all such Confidential materials to counsel for the person that produced such Confidential materials or (ii) destroy all such Confidential materials and certify that fact in writing to counsel for person that produced said Confidential materials.

14. This Protective Order shall remain in full force and effect and each person subject to this Protective Order shall continue to be subject to the jurisdiction of this Court for the purposes of enforcement or modification by the Court of the terms of this Protective Order, in perpetuity. The Court shall not be divested of the power to enforce the terms of this Protective Order as to any person subject to the terms of this Protective Order by the conclusion of the PD Estimation or the above-referenced bankruptcy cases, or by the filing of a notice of appeal or other pleading which would have the effect of divesting this Court of jurisdiction of the PD Estimation generally. The Court shall retain jurisdiction to enforce the terms of this Protective Order.

## ORDER

Having considered the foregoing Protective Order:

1. IT IS SO ORDERED.

Dated: 5/16/05        By: _____
                          U.S. Bankruptcy Judge Judith K. Fitzgerald

K&E 10331212.2