IN THE UNITED STATES BANKRUTPCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No. 01-1139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Objection Deadline: June 10, 2005**
**Hearing Date: June 27, 2005 at 12:00 p.m.**

## DEBTORS' TENTH OMNIBUS OBJECTION TO CLAIMS (NON-SUBSTANTIVE)

The above-captioned debtors and debtors in possession (the "Debtors") hereby file this Tenth Omnibus Objection to Claims (the "Tenth Omnibus Objection") and, in support thereof, state the following:

### Jurisdiction

1. This Court has jurisdiction over this matter under 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A) and (O).

2. The statutory bases for relief requested herein are 11 U.S.C. §§ 105(a), 502, and 506 and Rules 3001 and 3007 of the Federal Rules of Bankruptcy Procedure (as amended from time to time, the "Bankruptcy Rules").

### Background

3. On April 2, 2001 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (as amended from time to time, the "Bankruptcy Code") commencing their respective chapter 11 cases (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for

administrative purposes only, and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

### Claims Bar Date

4.     By an order dated April 25, 2002, this Court set March 31, 2003 as the last date for filing proofs of claim for all pre-petition claims relating to asbestos property damage claims, non-asbestos claims (including all governmental claims), and medical monitoring claims (the "Bar Date"). A bar date has yet to be set for asbestos personal injury claims and claims related to Zonolite Attic Insulation.

### The Objection And Request For Relief

5.     By this Tenth Omnibus Objection, the Debtors seek disallowance of the claims set forth in the exhibits attached hereto[1] for the reasons described herein and in such exhibits:

a.     The Claims set forth as "Amended" in **Exhibit A** attached hereto are claims that have been superceded by an amended claim filed subsequent to such claim (the "Amended Claims"); and

b.     The Claims set forth as "Duplicate" in **Exhibit B** attached hereto are claims that are duplicative of claims previously filed (the "Duplicate Claims").

---

[1] The classification of the claims set forth on the exhibits is the classification asserted on the filed proof of claim. The Debtors include such classification for the purpose of identifying the claim to which the objection applies. The inclusion of the classification shall not constitute an acknowledgement by the Debtors that such classification is correct or appropriate.

2

### The Amended Claims

6. The Debtors object to the Amended Claims because these claims have been superceded by an amended claim filed subsequent to such claim. Therefore, the Amended Claims listed on **Exhibit A** should be disallowed and expunged.

7. If the Debtors' objection is sustained, the claims listed as "Surviving Claims" (the "Surviving Claims") on **Exhibit A** will remain on the claims registry subject to the Debtors' right to object to the Surviving Claims in the future on any grounds allowed under applicable law. Claimants holding Amended Claims will suffer no prejudice by having their Amended Claims disallowed and expunged, because the Surviving Claims, the more recent of the claimants' claims against the Debtors, will remain on the claims registry after the Amended Claim is expunged.

### The Duplicate Claims

8. The Debtors object to the Duplicate Claims pursuant to sections 502(b)(1) of the Bankruptcy Code because these claims are duplicative claims filed by the same creditor. Therefore, the Duplicate Claims set out in **Exhibit B** should be disallowed and expunged.

9. If the Debtors' objection is sustained, the claims listed as "Surviving Claims" (the "Surviving Claims") on **Exhibit B** will remain on the claims registry subject to the Debtors' right to object to the Surviving Claims in the future on any grounds allowed under applicable law. Claimants holding Duplicate Claims will suffer no prejudice by having their Duplicate Claims disallowed and expunged, because the Surviving Claims will remain on the claims registry after the Duplicate Claims are expunged.

3

### Separate Contested Matters

10. To the extent that a response is filed regarding any claim listed in the Tenth Omnibus Objection and the Debtors are unable to resolve the response, each such claim and the Objection by the Debtors to each such claim asserted in the Tenth Omnibus Objection shall constitute a separate contested matter as contemplated by Rule 9014 of the Federal Rules of Bankruptcy Procedure. Any order entered by the Court regarding an objection asserted in the Tenth Omnibus Objection shall be deemed a separate order with respect to each claim.

### Responses to Omnibus Objections

11. To contest an objection, a claimant must file and serve a written response to this Tenth Omnibus Objection (a "Response") so that it is received no later than 4:00 p.m. (Eastern Time) on June 10, 2005. Every Response must be filed with the Office of the Clerk of the United States Bankruptcy Court for the District of Delaware: 824 Market Street, Wilmington, Delaware 19801 and served upon the following entities, so that the response is received no later than 4:00 p.m. (Eastern Time) on June 10, 2005, at the following addresses:

> Kirkland & Ellis LLP
> 200 E. Randolph Drive
> Chicago, Illinois 60601
> Attn: Rachel Reagler Schulman
>
> Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C.
> 919 North Market Street, 16th Floor
> P. O. Box 8705
> Wilmington, Delaware 19899-8705 (Courier 19801)
> Attn: David W. Carickhoff, Jr.

12. Every Response to this Omnibus Objection must contain at a minimum the following:

        a.        a caption setting forth the name of the Court, the name of the Debtors, the case number and the title of the Tenth Omnibus Objection to which the response is directed;

        b.        the name of the claimant, their claim number and a description of the basis for the amount of the claim;

        c.        the specific factual basis and supporting legal argument upon which the party will rely in opposing the Tenth Omnibus Objection;

        d.        any supporting documentation, to the extent it was not included with the proof of claim previously filed with the Clerk or Claims Agent, upon which the party will rely to support the basis for and amounts asserted in the proof of claim;

        e.        the name, address, telephone number and fax number of the person(s) (which may be the claimant or the claimant's legal representative) with whom counsel for the Debtors should communicate with respect to the claim or the objection and who possesses authority to reconcile, settle or otherwise resolve the objection to the Disputed Claim on behalf of the claimant.

13.    If a claimant fails to file and serve a timely Response, the Debtors may present to the Court an appropriate order disallowing and expunging the claim, as applicable, without further notice to the claimant or a hearing.

### Replies to Responses

14.    The Debtors may, at their option, file and serve a reply to a claimant's Response.

## Reservation

15. The Debtors hereby reserve the right to object in the future to any of the claims listed in this Tenth Omnibus Objection or on the exhibits attached hereto on any ground, and to amend, modify and/or supplement this Tenth Omnibus Objection, including, without limitation, to object to amended claims and newly-filed claims. Separate notice and hearing will be scheduled for any such objection.

16. Notwithstanding anything contained in this Tenth Omnibus Objection or the attached exhibits, nothing herein shall be construed as a waiver of any rights that the Debtors may have (a) to bring avoidance actions under the applicable sections of the Bankruptcy Code, including, but not limited to, 11 U.S.C. § 547, against the holders of claims subject to the Tenth Omnibus Objection; or (b) to exercise its rights of setoff against the holders of such claims relating to such avoidance actions.

## Notice

17. The Debtors will serve copies of this Tenth Omnibus Objection (with all exhibits) on the Office of the United States Trustee and on all parties that have requested that they be served with all pleadings filed in these cases pursuant to Bankruptcy Rule 2002 (the "2002 List").

18. Bankruptcy Management Corporation, the Debtors' claims agent, has served a copy of the Tenth Omnibus Objection and customized notices that summarize claim-specific detail exactly as reflected in the exhibit on which such creditor is listed upon those creditors that have filed claims that are affected by the Tenth Omnibus Objection in lieu of

91100-001\DOCS_DE:108201.1

serving all exhibits on each such affected creditor. A sample custom notice is attached hereto as **Exhibit C**.

19. The Debtors submit that notice of this Tenth Omnibus Objection is sufficient under Bankruptcy Rule 3007 and that no further notice is necessary.

### No Previous Request

20. No previous request for the specific relief set forth herein has been made to this or any other court.

### Compliance With Rule 3007-1

21. This Tenth Omnibus Objection, and related exhibits attached hereto, complies with Rule 3007-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware.

91100-001\DOCS_DE:108201.1

WHEREFORE, the Debtors respectfully request that the Court enter an order disallowing, expunging, reducing and/or reclassifying each of the claims more fully described in this Tenth Omnibus Objection and/or listed on the exhibits attached hereto.

Dated: May 18, 2005

    KIRKLAND & ELLIS LLP
    James H.M. Sprayregen, P.C.
    James W. Kapp III
    Janet S. Baer
    200 East Randolph Drive
    Chicago, IL 60601
    (312) 861-2000

    and

    PACHULSKI, STANG, ZIEHL, YOUNG, JONES
    & WEINTRAUB P.C.

    */s/ Laura Davis Jones*
    Laura Davis Jones (Bar No. 2436)
    David W. Carickhoff, Jr. (Bar No. 3715)
    919 North Market Street, 16th Floor
    P.O. Box 8705
    Wilmington, DE 19899-8705 (Courier 19801)
    Telephone: (302) 652-4100
    Facsimile: (302) 652-4400

    Co-Counsel for Debtors and Debtors in Possession