IN THE UNITED STATES BANKRUTPCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No. 01-1139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Objection Deadline: June 10, 2005**
**Hearing Date: June 27, 2005 at 12:00 p.m.**

## DEBTORS' ELEVENTH OMNIBUS OBJECTION TO CLAIMS (NON-ASBESTOS GATEWAY)

The above-captioned debtors and debtors in possession (the "Debtors") hereby file this Eleventh Omnibus Objection to Claims (Non-Asbestos Gateway) (the "Non-Asbestos Gateway Omnibus Objection") and, in support thereof, state the following:

### Jurisdiction

1.      This Court has jurisdiction over this matter under 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A) and (O).

2.      The statutory bases for relief requested herein are 11 U.S.C. §§ 105(a), 502, and 506 and Rules 3001 and 3007 of the Federal Rules of Bankruptcy Procedure (as amended from time to time, the "Bankruptcy Rules").

### Background

3.      On April 2, 2001 (the "Petition Date"), each of the Debtors in these chapter 11 cases filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (as amended from time to time, the "Bankruptcy Code") commencing their respective chapter 11 cases (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases have

been consolidated for administrative purposes only, and, pursuant to sections 1107(a) and 1108

of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their

properties as debtors in possession.

4.      By an order dated April 25, 2002, this Court set March 31, 2003 as the last

date for filing proofs of claim for all pre-petition claims relating to asbestos property damage

claims, non-asbestos claims (including all governmental claims), and medical monitoring claims

(the "Bar Date"). A bar date has yet to be set for asbestos personal injury claims and claims

related to Zonolite Attic Insulation.

5.      On July 19, 2004, the Court entered an Order [Docket No. 6009] (the

"Gateway Objection Order"), which authorized the Debtors to file omnibus objections asserting

any and all "Gateway Objections" (as defined below) against all Claims. The Gateway

Objection Order defined the Gateway Objections as consisting of the following: (a) Claims with

substantially incomplete Proof of Claim Forms; (b) Claims that contain materially insufficient

supporting information; (c) Claims that fail to include any product identification information;

(d) Claims that are barred by applicable statutes of limitation or repose; (e) Claims that are

barred by laches; and (f) Claims that are barred by prior settlements.

### The Objection and Request for Relief

6.      By this Non-Asbestos Gateway Omnibus Objection, the Debtors seek to

disallow and expunge all of the claims set forth in the exhibits attached hereto[1] (the "Disputed

Claims") for the reasons described herein and in such exhibits:

---

[1]    The classification of the claims set forth on the exhibits is the classification asserted on the filed proof of claim.
The Debtors include such classification for the purpose of identifying the claim to which the objection applies.
The inclusion of the classification shall not constitute an acknowledgement by the Debtors that such
classification is correct or appropriate.

2

    a.      The claims set forth as "Materially Insufficient Supporting Information" in <u>Exhibit A</u> attached hereto are claims for which the Claimant has failed to provide the Debtors with sufficient supporting information to validate such claims (the "Materially Insufficient Supporting Information Claims"); and

    b.      The claims set forth as "No Supporting Information" in <u>Exhibit B</u> attached hereto are claims for which the Claimant has failed to attach any supporting information to validate such claims (the "No Supporting Information Claims").

7.      The Debtors object to the Materially Insufficient Supporting Information Claims listed on <u>Exhibit A</u> and to the No Supporting Information Claims on <u>Exhibit B</u> because little or no supporting documentation was submitted to support these claims.

8.      On December 6, 2004, and pursuant to the Court's Gateway Objection Order, the Debtors served the holders of each of the Materially Insufficient Supporting Information Claims and No Supporting Information Claims with a notice of the Debtors' intent to object to such claims on the basis of materially insufficient supporting information and provided claimants with the opportunity to supplement such claims within 60 days of the notice. [Docket No. 7104]. However, none of the holders of the claims listed on <u>Exhibits A and B</u> filed any supplemental information. Therefore, the Materially Insufficient Supporting Information Claims and the No Supporting Information Claims set forth in <u>Exhibits A and B</u> should be disallowed and expunged for all purposes.

<b><u>Separate Contested Matters</u></b>

9.      To the extent that a response is filed regarding any claim listed in the Non-Asbestos Gateway Omnibus Objection and the Debtors are unable to resolve the response, each

3

such claim and the Objection by the Debtors to each such claim asserted in the Non-Asbestos

Gateway Omnibus Objection shall constitute a separate contested matter as contemplated by

Bankruptcy Rule 9014. Any order entered by the Court regarding an objection asserted in the

Non-Asbestos Gateway Omnibus Objection shall be deemed a separate order with respect to

each claim.

**Responses to Gateway Omnibus Objections**

10.     To contest an objection, a claimant must file and serve a written response

to this Non-Asbestos Gateway Omnibus Objection (a "Response") so that it is received no later

than 4:00 p.m. (Eastern Time) on June 10, 2005. Every Response must be filed with the Office

of the Clerk of the United States Bankruptcy Court for the District of Delaware:  824 Market

Street, Wilmington, Delaware 19801, and served upon the following entities, so that the response

is received no later than 4:00 p.m. (Eastern Time) on June 10, 2005, at the following addresses:

>   Kirkland & Ellis LLP
>   200 E. Randolph Drive
>   Chicago, Illinois 60601
>   Attn:  Rachel Reagler Schulman
>
>   Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C.
>   919 North Market Street, 16th Floor
>   P. O. Box 8705
>   Wilmington, Delaware 19899-8705 (Courier 19801)
>   Attn:  David W. Carickhoff, Jr.

11.     Every Response to this Non-Asbestos Gateway Omnibus Objection must

contain at a minimum the following:

a.     a caption setting forth the name of the Court, the name of the

Debtors, the case number, and the title of the Non-Asbestos Gateway Omnibus Objection;

4

b.      the name of the claimant, his/her/its claim number, and a

description of the basis for the amount of the claim;

c.      the specific factual basis and supporting legal argument upon

which the party will rely in opposing the Non-Asbestos Gateway Omnibus Objection;

d.      any supporting documentation, to the extent it was not included

with the proof of claim previously filed with the Clerk or Claims Agent, upon which the party

will rely to support the basis for and amounts asserted in the proof of claim;

e.      the name, address, telephone number, and fax number of the

person(s) (which may be the claimant or the claimant's legal representative) with whom counsel

for the Debtors should communicate with respect to the claim or the objection and who possesses

authority to reconcile, settle, or otherwise resolve the objection to the Disputed Claim on behalf

of the claimant.

12.     If a claimant fails to file and serve a timely Response, the Debtors may

present to the Court an appropriate order disallowing and expunging the claim without further

notice to the claimant or a hearing.

## Replies to Responses

13.     The Debtors may, at their option, file and serve a reply to a claimant's

Response.

## Reservation

14.     The Debtors hereby reserve the right to object in the future to any of the

claims listed in this Non-Asbestos Gateway Omnibus Objection or on the exhibits attached

hereto on any ground, and to amend, modify, and/or supplement this Non-Asbestos Gateway

5

Omnibus Objection, including, without limitation, to object to amended or supplemental claims. Separate notice and hearing will be scheduled for any such objection.

15.    Notwithstanding anything contained in this Non-Asbestos Gateway Omnibus Objection or the attached exhibits, nothing herein shall be construed as a waiver of any rights that the Debtors may have (a) to bring avoidance actions under the applicable sections of the Bankruptcy Code against the holders of claims subject to the Non-Asbestos Gateway Omnibus Objection; or (b) to exercise their rights of setoff against the holders of such claims relating to such avoidance actions.

### Notice

16.    The Debtors will serve copies of this Non-Asbestos Gateway Omnibus Objection (with all exhibits) on the Office of the United States Trustee and on all parties that have requested that they be served with all pleadings filed in these cases pursuant to Bankruptcy Rule 2002 (the "2002 List").

17.    Bankruptcy Management Corporation, the Debtors' claims consultant, will serve a copy of the Non-Asbestos Gateway Omnibus Objection and customized notices that summarize claim-specific detail exactly as reflected in the exhibit on which such creditor is listed upon those creditors that have filed claims that are affected by the Non-Asbestos Gateway Omnibus Objection in lieu of serving all exhibits on each such affected creditor. A sample custom notice is attached hereto as Exhibit C.

18.    The Debtors submit that notice of this Non-Asbestos Gateway Omnibus Objection is sufficient under Bankruptcy Rule 3007 and that no further notice is necessary.

6

**No Previous Request**

19.     No previous request for the specific relief set forth herein has been made

to this or any other court.

**Compliance With Rule 3007-1**

20.     Pursuant to the Court's Gateway Objection Order, the provisions of Rule

3007-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware

have been waived to allow the Debtors to file the this Non-Asbestos Gateway Omnibus

Objection and the related exhibits attached hereto.

7

WHEREFORE, the Debtors respectfully request that the Court enter an order

disallowing and expunging each of the Claims more fully described in this Non-Asbestos

Gateway Omnibus Objection and/or listed on the exhibits attached hereto.

Dated: May 18, 2005

KIRKLAND & ELLIS LLP
James H.M. Sprayregen, P.C.
James W. Kapp III
Janet S. Baer
200 East Randolph Drive
Chicago, IL  60601
(312) 861-2000

and

PACHULSKI, STANG, ZIEHL, YOUNG, JONES
& WEINTRAUB P.C.

Laura Davis Jones (Bar No. 2436)
David W. Carickhoff, Jr. (Bar No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400

Co-Counsel for Debtors and Debtors in Possession

8