IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

Objection Deadline: June 10, 2005
Hearing Date: June 27, 2005 at Noon

# MOTION OF DEBTOR FOR ENTRY OF AN ORDER APPROVING A SETTLEMENT AGREEMENT WITH CYTEC INDUSTRIES, INC., WYETH HOLDINGS CORPORATION, AND WYETH, REQUIRING CREATION OF A CERTAIN TRUST, AND AUTHORIZING ACTIONS THEREUNDER

W.R. Grace & Co., W.R. Grace & Co.—Conn., and Remedium Group, Inc. (collectively, "Grace"), debtors and debtors-in-possession in the above-captioned chapter 11 cases (the "Debtors"), by and through their undersigned counsel, respectfully move this Court (the "Motion") for the entry of an Order approving the Settlement Agreement, attached hereto as Exhibit A, requiring creation of a trust intended to be a qualified settlement fund, and authorizing

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

actions thereunder pursuant to sections 105 and 363 of Title 11 of the United States Code (as amended, the "Bankruptcy Code") and Rules 2002, 6004, and 9019 of the Federal Rules of Bankruptcy Procedure, and in support thereof, state the following:

## Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for this Motion are sections 105 and 363 of the Bankruptcy Code and Fed. R. Bankr. P. 2002, 6004, 9019.

## Factual Background

3. On April 2, 2001 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under chapter 11 of the Bankruptcy Code commencing their respective chapter 11 cases (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for administrative purposes only, and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

4. This Motion seeks approval of a Settlement Agreement under which Cytec Industries Inc. ("Cytec"), for itself and as indemnitor for Wyeth Holdings Corporation ("Wyeth Holdings"), commits to pay Grace $5,250,000 in settlement of liability for remediation costs at property now owned by Grace in Concord, Massachusetts, but formerly owned by Wyeth's predecessor, American Cyanamid & Chemical Corporation ("American Cyanamid").

5. Before 1943, American Cyanamid & Chemical Corporation owned real property in Concord, Massachusetts, identified as 214Y Main Street and Parcel 2322 on the Town of

Concord, Massachusetts, Assessor's Map 11B (the "Property"). In 1945, Grace's predecessor, Dewey & Almy Chemical Company, acquired the Property, which Grace still owns.

6. In 1946, American Cyanamid & Chemical Corporation merged into American Cyanamid Company, which is now known as Wyeth Holdings Corporation. On December 17, 1993, American Cyanamid Company transferred to Cytec substantially all of the assets of American Cyanamid Company's global chemical business. In connection with that transaction, Cytec undertook a contractual obligation to American Cyanamid to defend and indemnify it against environmental liabilities arising in connection with certain former businesses of American Cyanamid Company, including claims based upon the alleged releases or threatened releases of hazardous materials at or from the Property.

7. By issuing a Notice of Responsibility letter dated December 3, 2001, the Massachusetts Department of Environmental Protection ("MADEP") required Grace to investigate and remediate certain releases of hazardous substances at or from the Property.

8. On April 21, 2004, Grace made a demand against Cytec and Wyeth, a Delaware corporation, to recover the costs of remediation of hazardous substances disposed of on the Property before and during American Cyanamid's ownership. The primary component of these substances is nitrocellulose, which is associated with the production of gun cotton; however, soil impacted by PCBs, debris including asbestos-containing materials, and metals are also present.

9. Grace's demand relied on the Resource Conservation and Recovery Act, 42 U.S.C. § 6901 *et seq.* ("RCRA"), Massachusetts General Law ("M.G.L."). Chapter 21E, and regulations issued thereunder, and other federal and state environmental regulations and laws. Consistent with the requirements of Chapter 21E, Cytec and Grace have engaged in an exchange of information, discussion of legal issues, and negotiation of settlement over the past year.

10. Cytec and Wyeth Holdings dispute that they have any responsibility in connection with the Property. The Parties acknowledge that any litigated solution to this dispute would be time-consuming, costly, and uncertain.

11. The Parties find it to be in their respective best interests to resolve this dispute pursuant to the terms of the Settlement Agreement described below and attached as Exhibit A hereto.

12. Under the terms of the Settlement Agreement, Cytec will pay Five Million Two Hundred Fifty Thousand Dollars ($5,250,000) into a trust established pursuant to order of this Court and by the terms of an agreement in the form attached as Exhibit B (the "Trust Agreement") and intended to be a qualified settlement fund under Section 468B of the Internal Revenue Code. The first payment of One Million Dollars ($1,000,000) will be paid on or before the fifth (5) business day following the later of (i) the date upon which Cytec receives notice that this Agreement has become effective and (ii) the execution of the Trust Agreement, and the balance of the settlement amount, Four Million Two Hundred Fifty Thousand Dollars ($4,250,000),will be paid on May 1, 2006. The trust account established will be used for paying or reimbursing Grace for response costs and attorneys' fees that it has heretofore accrued or expended, or may in the future accrue or expend, in connection with the investigation and remediation of releases at the Property or for paying such costs directly to third parties. Should any funds remain in the trust account at the conclusion of the remediation, when a licensed site professional submits a Response Action Outcome to Massachusetts DEP, the balance of the trust account will be available to Grace.

13. Pursuant to the Settlement Agreement, Grace agrees to indemnify and release Cytec, Wyeth Holdings, and Wyeth for claims of any nature or theory brought or asserted by any

person or entity arising out of or in any way connected with the Property, except for personal injury arising from or relating to the Property and for damage to the Property caused by future acts of Cytec, Wyeth Holdings, or Wyeth.

14. As Grace has advised Cytec, Grace estimates that the cost for this remediation will be less than $10,000,000, but actual costs will depend on which remedial technology is found to be most effective and acceptable. Given the uncertainties of litigation outcomes and actual remediation costs, as well as the certainty of high costs associated with litigation, the negotiated settlement amount is fair and reasonable.

### Relief Requested

15. By this Motion, the Debtors respectfully seek the entry of an order (i) approving Grace's execution of the Settlement Agreement attached as Exhibit A; (ii) requiring creation of a trust under a Trust Agreement in the form attached as Exhibit B and intended to be a qualified settlement fund and (ii) granting the Debtors authority to undertake the actions contemplated by the Settlement Agreement and the Trust Agreement.

### Statutory Authority

16. This Court has statutory authority to authorize and approve the Settlement Agreement, the creation of the trust, and the transactions contemplated therein under sections 105 and 363 (b)(1) of the Bankruptcy Code. By the Court's Amended Order Authorizing and Approving an Omnibus Procedure for Settling Claims and Causes of Action Brought by or Against Debtors, dated September 18, 2001, the Debtors are required to seek approval of all settlements of claims or causes of action over $1,000,000 or more brought by or against the Debtors.

17. Bankruptcy Rule 9019 provides that, after notice and a hearing, the court may approve a proposed compromise or settlement. Settlements and compromises are "a normal part

of the process of reorganization." Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968) (quoting Case v. Los Angeles Lumber Prods. Co., 308 U.S. 106, 130 (1939)). Indeed, compromises are favored in bankruptcy. In re Martin, 91 F.3d at 393. The decision whether to accept or reject a compromise lies within the sound discretion of the court. In re Resorts Int'l, Inc., 145 B.R. 412, 451 (Bankr. D. N.J. 1990): In re Neshaminy Office Bldg. Assocs., 62 B.R. 798, 803 (Bankr. E.D. Pa. 1986).

18. In reviewing a motion for approval of a settlement, bankruptcy courts must "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." In re Martin, 91 F.3d at 393. This requires court consideration of the following criteria: "(1) the probability of success in litigation, (2) the likely difficulties in collection, (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it, and (4) the paramount interest of the creditors." Id.

19. In determining whether to approve a proposed settlement, a bankruptcy court need not decide the numerous issues of law and fact raised by the settlement, but rather should "canvass the issues to see whether the settlement fall[s] below the lowest point in the range of reasonableness." In re Neshaminy Office Bldg. Assocs., 62 B.R. at 803.

### Argument

20. The balance of factors for the Court to consider weighs heavily in favor of approval of the Settlement Agreement. In the event the responsibilities of the parties for the necessary remediation of the Property were litigated, there is tremendous uncertainly with respect to the outcome. This is a complicated matter that involves extensive factual investigation and the law with respect to appropriate responsibilities is not well settled. Thus, litigation would involve, at best, significant expense, inconvenience and delay both with respect to the

implementation of the continuing remediation as well as delay in Grace obtaining reimbursement from Cytec for the funds that Grace already expended on the remediation and the funds Grace is likely to expend in the future for such remediation. At worst, litigation could lead to significant expense and no recovery at all, in the event of an unfavorable litigation outcome.

21. Resolving this matter as outlined in the Settlement Agreement provides the most certainly to the Debtors' estates and their creditors and the greatest opportunity to obtain contribution from Cytec for an appropriate share of the remediation costs in the most efficient and certain manner. In seeking approval of the Settlement Agreement, the Debtors have in mind the paramount interest of the Debtors' estates and their creditors.

22. Thus, the proposed Settlement Agreement is in the best interests of the Debtors, their estates and their creditors – it allows for Grace to receive a substantial payment from Cytec for costs of remediating the nitrocellulose material at the Concord property, without the uncertainty and cost of litigation. Accordingly, the Debtors have demonstrated a sound business justification for approval of the Settlement Agreement.

## Notice

23. Notice of this Motion has been given to: (i) the United States Trustee, (ii) counsel to the DIP Lender, (iii) counsel to The Chase Manhattan Bank as agent for the Debtor's prepetition lenders, (iv) counsel to each of the official committees appointed in these Chapter 11 Cases, and (v) all those parties that requested service and notice of papers in accordance with Fed. R. Bankr. P. 2002. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

## No Prior Request

24. No prior motion or application for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully requests that the Court enter an Order (i) approving Grace's execution of the Settlement Agreement attached as Exhibit A hereto, (ii) requiring the creation of a trust in the form of the Trust Agreement attached as Exhibit B hereto intended to be a qualified settlement fund, and (iii) authorizing Grace to perform the actions contemplated thereby, and (iv) granting such other relief as may be just or proper.

Dated: May 23, 2005

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
James W. Kapp III
Janet S. Baer
200 East Randolph Drive
Chicago, Illinois 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

and

PACHULSKI, STANG, ZIEHL, YOUNG, JONES
& WEINTRAUB P.C.

Laura Davis Jones (Bar No. 2436)
David W. Carickhoff, Jr. (Bar No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for the Debtors and
Debtors in Possession