# Exhibit A

## SETTLEMENT, COMPROMISE, AND RELEASE AGREEMENT

This SETTLEMENT, COMPROMISE AND RELEASE AGREEMENT (the "Agreement") is made and entered into as of May 23, 2005, by and between W. R. Grace & Co., a Delaware corporation, and its subsidiaries, W. R Grace & Co. – Conn., a Connecticut corporation, and Remedium Group, Inc., a Delaware corporation ("Grace"), Wyeth Holdings Corporation (formerly known as American Cyanamid Company), a Maine corporation ("Wyeth Holdings"), Wyeth, a Delaware corporation ("Wyeth"), and Cytec Industries Inc., a Delaware corporation, ("Cytec"). Grace, Wyeth Holdings, Wyeth, and Cytec are hereinafter collectively referred to as the "Parties."

## RECITALS

WHEREAS, American Cyanamid & Chemical Corporation is a former owner of real property identified in a deed dated December 28, 1943 from American Cyanamid & Chemical Corporation to Charles E. Fletcher, and recorded with the Middlesex County Registry of Deeds at Book 6734, page 272 (the "Property"); and

WHEREAS, the Property is also identified as 214Y Main Street and Parcel 2322 on the Town of Concord, Massachusetts, Assessor's Map 11B; and

WHEREAS, American Cyanamid & Chemical Corporation in 1946 merged into American Cyanamid Company which is now known as Wyeth Holdings Corporation ("Wyeth Holdings"); and

WHEREAS, American Cyanamid Company on December 17, 1993 transferred to Cytec substantially all of the assets of American Cyanamid Company's global chemical business and Cytec undertook a contractual obligation to American Cyanamid to defend and indemnify it against environmental liabilities arising in connection with certain former businesses of American Cyanamid Company, including claims based upon the alleged releases or threatened releases of hazardous materials at or from the Property; and

WHEREAS, Grace is the current owner of the Property; and

WHEREAS, the Massachusetts Department of Environmental Protection ("MADEP") issued Grace a Notice of Responsibility (DEP RTN 3-21297 - Debris Area off Knox Trail, Concord, Massachusetts), requiring Grace to conduct certain response actions to address alleged releases or threatened releases of hazardous substances at or from the Property ; and

WHEREAS, Grace submitted to MADEP a Release Abatement Measures Plan to address the release or threatened release of hazardous substances at or from the Property, and has agreed to undertake certain investigation and remedial activities at the Property; and

WHEREAS, Grace claimed, in an April 21, 2004 Notice of Response Action and Demand for Reimbursement, that Cytec, Wyeth Holdings, and Wyeth are responsible under the Resource Conservation and Recovery Act, 42 U.S.C. § 6901 *et seq.* ("RCRA"), M.G.L. Chapter 21E, and regulations issued thereunder, and other federal and state environmental regulations and

laws, for response actions and/or response costs, and for investigation and remediation action and/or investigation and remediation costs, based upon certain alleged releases or threatened releases of hazardous substances at or from the Property, and Grace has demanded that those parties undertake to investigate and remediate the Property and reimburse Grace for all costs that Grace has incurred, or will in the future incur, in connection with the investigation and remediation of the Property; and

WHEREAS, Cytec is the indemnitor of Wyeth Holdings as to Grace's claims; and

WHEREAS, Cytec, Wyeth Holdings, and Wyeth dispute that they are responsible for response action and/or response costs, for investigation and remediation action and/or investigation and remediation costs based upon the alleged releases or threatened releases of hazardous substances at or from the Property, or that they are liable to reimburse Grace for any costs that Grace has incurred, or will in the future incur, in connection with the investigation and remediation of the Property; and

WHEREAS, the Parties find it to be in their respective best interests to resolve the foregoing dispute pursuant to the terms of this Agreement; and

WHEREAS, it is now the desire of the Parties to fully and finally settle and resolve all claims, disputes, questions, and obligations now existing and which may exist in the future concerning the environmental remediation of or damage to the Property between and among the Parties.

NOW, THEREFORE, intending to be legally bound, in consideration of the promises, covenants, representations, warranties, payments, agreements and other good and valuable consideration recited and set forth herein, the sufficiency of which is mutually acknowledged, the Parties agree as follows:

## TERMS OF THE AGREEMENT

1.      Settlement Payment.  Cytec agrees to pay into trust as provided in Paragraphs 2 and 3 of this Agreement the sum of $5,250,000.00 (five million two hundred fifty thousand dollars) in settlement of Grace's claims concerning the Property ("Settlement Payment").

2.      Creation of Trust.  As soon as reasonably practicable after this Agreement has become effective in accordance with Paragraph 8 of this Agreement , Grace, Cytec and de maximis, inc. or other trustee (the "Trustee") will enter into a Trust Agreement substantially in the form attached hereto as Exhibit "1" (the "Trust Agreement").  As provided in Paragraph 3, Cytec shall pay the Settlement Payment to the Trustee to  be held in and disbursed from trust  in accordance with the terms and conditions of the Trust Agreement.  The trust so established is referred to herein as the "Trust."  If de maximis, inc. or any successor Trustee fails or refuses to execute the Trust Agreement, Grace and Cytec shall in each such case select a substitute Trustee.

3.      Timing of Settlement Payment.  Cytec shall pay the Settlement Payment into the Trust as follows: (a) One Million Dollars ($1,000,000.00) shall be paid on or before the fifth (5) business day following the later of (i) the date upon which Cytec receives notice that this Agreement has become effective in accordance with Paragraph 8 of this Agreement and (ii) the

execution of the Trust Agreement, and (b) Four Million Two Hundred Fifty Thousand Dollars ($4,250,000.00) shall be paid on or before May 1, 2006.

4.    Indemnification by Grace.

(a)    *Grace Indemnity Obligation* -- Grace shall defend and indemnify Cytec, Wyeth Holdings, and Wyeth, and hold them harmless from and against any and all manner of claims, actions, causes of action, suits, proceedings, debts, demands, accounts, promises, warranties, damages (consequential or punitive), agreements, costs, expenses (including, without limitation, all costs and fees of attorneys, consultants or experts), in law or in equity, whether presently known or unknown, asserted or unasserted, whether sounding in tort or in contract, or arising under the statutes or administrative or other regulations of any jurisdiction, of any nature or theory brought or asserted by any person or entity other than Cytec, Wyeth Holdings, or Wyeth (collectively, "Damages") arising out of or in any way connected with the Property, *provided,* however, that Grace shall not be obligated to defend or indemnify Cytec, Wyeth Holdings, or Wyeth with regard to Damages caused by future acts of Cytec, Wyeth Holdings, or Wyeth occurring after the effective date of this Agreement.

(b)    *Personal Injury Claims* -- Notwithstanding the foregoing, Grace shall not be obligated to defend or indemnify Cytec, Wyeth Holdings, or Wyeth against, or hold Cytec, Wyeth Holdings, or Wyeth harmless from, any claims, suits or demands seeking damages or other forms of relief for personal injury arising from or relating to the Property. Grace represents and warrants that to the best of its knowledge there are no claims, suits or demands for personal injury relating directly or indirectly to the Property.

(c)    *Selection of Counsel* -- In connection with all claims with respect to which it has a defense and indemnity obligation, Grace shall select and pay for counsel to represent Cytec, Wyeth Holdings, and/or Wyeth, subject to Cytec's approval, which shall not be unreasonably withheld. Cytec shall have the right to participate in the defense of such claims at its own expense.

(d)    *Indemnity Conditioned on Settlement Payment* – If the Settlement Payment shall not be paid into the Trust in accordance with Paragraph 2 of this Agreement, Grace's indemnity obligations under Paragraph 4 shall have no further force or effect.

(e)    *Liability Insurance* – Grace shall require that its contractors and subcontractors performing any response action(s) at the Property obtain Commercial General Liability insurance and Pollution Liability insurance covering their activities, provided that such coverage is available to such contractors and subcontractors on commercially reasonable terms. Grace shall request such subcontractors that Cytec be named as an additional insured on each such policy and shall seasonably deliver to Cytec a conforming certificate of insurance.

5.    Security Interest.

(a)    *Grant of Security Interest* -- Grace hereby grants to Cytec a continuing security interest in and lien upon all funds in the Trust, for the purpose of securing Grace's indemnity obligations as provided at Paragraph 4 of this Agreement

(b)    *Events of Default* -- The occurrence of one or both of the following events shall constitute an "Event of Default" with respect to the security interest granted to Cytec, Wyeth Holdings, and Wyeth under the terms of this Agreement:

(i)    The withdrawal by Grace of any funds from the Trust, other than as permitted under the terms of this Agreement or the Trust Agreement; or

(ii)    Grace's failure to provide Cytec, Wyeth Holdings, and Wyeth, or any of them, with a defense, or to indemnify them, as provided in Paragraph 4 of this Agreement.

(c)    *Remedies Upon Default*

(i)    **Improper withdrawal of funds from trust** -- upon the occurrence of a default of the type specified in Paragraph 5(b)(i) of this Agreement, Grace shall redeposit the funds withdrawn, and Cytec then shall have the right to take possession of all funds then in the Trust and shall disburse such funds to Grace, or to any third party as may be designated by Grace, upon Grace's request therefor, for the purpose of paying any response costs incurred for the investigation or remediation of the Property. Any such request by Grace shall be accompanied by documentation as to the nature of the goods or services for which payment is being requested and the amount required to pay for such goods or services.

(ii)    **Failure to indemnify** -- upon the occurrence of a default of the type specified in Paragraph 5(b)(ii) of this Agreement, Cytec shall have all of the rights of a secured creditor under applicable law then in effect.

6.    Release. In consideration of the payments and promises contained in this Agreement, Grace hereby releases and discharges Cytec, Wyeth Holdings, and Wyeth, and their respective predecessors and successors in interest, and their respective shareholders, directors, officers, employees, agents, attorneys (collectively, the "Cytec Released Parties") from any and all manner of claims, actions, causes of action, suits, debts, accounts, promises, warranties, damages (consequential or punitive), agreements, costs, expenses, claims or demands whatsoever, in law or in equity, whether presently known or unknown, asserted or unasserted, whether sounding in tort or in contract, or arising under the statutes or administrative or other regulations of any jurisdiction, with respect to any and all past, present or future claims, of any type whatsoever, that Grace ever had, now has or hereinafter may have against the Cytec Released Parties by reason of any matter whatsoever arising out of or in connection with the Property. It is the intention of Grace that this release be a complete and total release and extinguishment of any and all claims of any nature and sort which Grace ever had from the beginning of time against the Cytec Released Parties in connection with the Property, and to that end, and not in limitation of the scope of the release, Grace intends the release to cover all matters which are known, unknown, disclosed and undisclosed to Grace in connection with the Property. This release shall not apply, however, to any future acts of the Cytec Released Parties occurring after the date of this Agreement.

Notwithstanding the foregoing, this release is not intended to release and does not release the Cytec Released Parties from any claims, suits or demands seeking damages or other forms of relief for personal injury arising out of or relating to the Property. Grace expressly

reserves all rights regarding such claims. Grace represents and warrants that to the best of its knowledge there are no claims, suits, or demands for personal injury relating directly or indirectly to the Property.

7.     No Admission of Liability. This Agreement, its negotiation and performance, shall not otherwise constitute an admission by either Grace or Cytec, and no part of this Agreement, its negotiation, development, implementation or performance may be used in any action, suit, claim or proceeding by any person (except an action to enforce any rights, duties or obligations created by this Agreement) as evidence of the rights, duties or obligations of Grace or Cytec with respect to matters, persons or entities outside the scope of this Agreement.

8.     Approval of Bankruptcy Court. This Agreement shall become effective upon the date when a final order of the U.S. Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), Case No. 01-01139, approving this Agreement and authorizing Grace to enter into this Agreement and to perform its obligations under this Agreement has been entered and has become a final order. Grace shall file a motion with such Court, in form reasonably acceptable to Cytec, within 45 days following the execution of this Agreement, and shall take all other reasonable action to seek such approval, and Cytec shall cooperate reasonably in seeking such approval, following promptly upon the execution of this Agreement. As used herein, the term "final order" means an order duly entered as to which either (a) the time to appeal from that order has expired without an appeal having been filed, or (b) any appeal, motion for reconsideration, or other request for reversal or modification of the order has been conclusively determined, and the time for the filing of any other appeal, motion for reconsideration, or other request for reversal or modification of the order has expired, without the order having been reversed or modified.

9.     Independent Legal Advice. In entering into this Agreement, the Parties hereto acknowledge that they have received independent legal advice from their own counsel and have relied on their own investigation and upon the advice of their own attorney with respect to the advisability of making the settlement provided herein. The Parties acknowledge that they have read this Agreement, that they have had it fully explained by their legal counsel, and are fully aware of the contents of the Agreement and its legal effect. This Agreement is entered into voluntarily and without any coercion by or undue influence on the part of any person, firm or corporation.

10.     Entire Agreement. This Agreement contains the entire agreement between the Parties and its terms are contractual, not a mere recital. The Parties acknowledge that there have been no inducements or representations upon which any of the Parties have relied entering into this Agreement except as expressly set forth herein.

11.     Modification to this Agreement. This Agreement may be modified only by a written agreement signed by each of the Parties.

12.     Governing Law. The laws of the Commonwealth of Massachusetts shall govern all questions concerning the construction, validity and interpretation of this Agreement and the performance of the obligations hereunder. Both Parties agree that any action or legal proceeding arising out of this Agreement shall be brought only in a court of competent jurisdiction in the

Commonwealth of Massachusetts, United States of America, and expressly submit to, and accept the jurisdiction of, any such court in connection with such action or proceeding, and further consent to the enforcement of any judgment arising therefrom any jurisdiction in which it has or shall have any assets.

13.    Notices.  All notices or other communications which any party desires or is required to give shall be given in writing and shall be deemed to have been given if hand-delivered, sent by facsimile, receipt confirmed, or mailed by depositing in the United States mail, prepared to the Party at the address noted below or such other address as a Party may designate in writing from time to time:

<table>
<tr><td>

W.R. Grace & Co..<br>
Corporate Secretary<br>
W.R. Grace & Co.<br>
7500 Grace Drive<br>
Columbia, Maryland  21044<br>
Tel: 410.531.4000<br>
Fax: 410.531.4783<br>
<br>
<br>
W.R. Grace & Co. – Conn.<br>
Corporate Secretary<br>
W.R. Grace & Co. – Conn.<br>
7500 Grace Drive<br>
Columbia, Maryland  21044<br>
Tel: 410.531.4000<br>
Fax: 410.531.4783<br>
<br>
<br>
Remedium Group, Inc.<br>
Robert Medler, Director<br>
Remedium Group, Inc.<br>
6401 Poplar Avenue, Suite 301<br>
Memphis, TN  38119-4840<br>
Tel: 901.820.2024<br>
Fax: 901.820.2061

</td><td>

Wyeth Holdings Corporation.<br>
Lawrence V. Stein, Esq.<br>
Senior Vice President and<br>
   General Counsel<br>
Wyeth Holdings Corporation<br>
5 Giralda Farms<br>
Madison, New Jersey  07940<br>
Tel: 973.357.3100<br>
Fax: 973.357.3065<br>
Cytec Industries Inc.<br>
Corporate Secretary<br>
Cytec Industries Inc.<br>
5 Garret Mountain Plaza<br>
West Paterson, N.J.  07424<br>
Tel. 973.357.3100<br>
Fax: 973.357.3065<br>
<br>
<br>
Wyeth<br>
Lawrence V. Stein, Esq.<br>
Senior Vice President and<br>
   General Counsel<br>
Wyeth<br>
5 Giralda Farms<br>
Madison, New Jersey  07940<br>
Tel: 973.357.3100<br>
Fax: 973.357.3065

</td></tr>
</table>

14.    Counterparts.  This Agreement may be executed in counterpart originals, each of which shall be an original, with the same effect as if the signatures thereto were on the same instrument.

15.    No Assignment. No Party shall assign the Agreement or any rights or obligations hereunder without first obtaining the written consent of the other Parties; provided, however, that this provision shall not prohibit any assignment of the Agreement by a Party hereto by virtue of a merger, consolidation, operation of law or to a Party succeeding to all or substantially all of such Party's assets or to the assignment of future proceeds hereunder where the assignor of such payments agrees to be bound by the terms and conditions of this Agreement.

16.    No Waiver. No waiver of any breach of any term of this Agreement shall be construed to be nor shall be, a waiver of the breach of any other term of this Agreement. No waiver shall be binding unless in writing and signed by the waiving party.

17.    Action by Grace. Any and all of the rights and obligations of Grace hereunder may be exercised, performed or fulfilled by any of them on behalf of itself and the others.

IN WITNESS WHEREOF, this Agreement has been read and signed in duplicate originals by the duly authorized representatives of the Parties as of the date first set forth above.

W. R. GRACE & CO.

By: _____
Its: _V. P. Public + Regulatory Affairs_


W. R. GRACE & CO. – CONN.

By: _____
Its: _V. P. Public + Regulatory Affairs_


REMEDIUM GROUP, INC..

By: _____
Its: _____


[Additional Signatures on Next Page]

Page 7 of 8

15.    <u>No Assignment</u>.  No Party shall assign the Agreement or any rights or obligations hereunder without first obtaining the written consent of the other Parties; provided, however, that this provision shall not prohibit any assignment of the Agreement by a Party hereto by virtue of a merger, consolidation, operation of law or to a Party succeeding to all or substantially all of such Party's assets or to the assignment of future proceeds hereunder where the assignor of such payments agrees to be bound by the terms and conditions of this Agreement.

16.    <u>No Waiver</u>.  No waiver of any breach of any term of this Agreement shall be construed to be nor shall be, a waiver of the breach of any other term of this Agreement.  No waiver shall be binding unless in writing and signed by the waiving party.

17.    <u>Action by Grace</u>.  Any and all of the rights and obligations of Grace hereunder may be exercised, performed or fulfilled by any of them on behalf of itself and the others.

IN WITNESS WHEREOF, this Agreement has been read and signed in duplicate originals by the duly authorized representatives of the Parties as of the date first set forth above.

W. R. GRACE & CO.


By: _____
      Its: _____



W. R. GRACE & CO. – CONN.


By: _____
      Its: _____



REMEDIUM GROUP, INC..


By: _____
      Its: _____


[Additional Signatures on Next Page]

WYETH HOLDINGS CORPORATION

By: _____ _Steven A. Parker_ _____

Its:_____ <u>Vice President</u> _____


WYETH

By: _____ _Steven A. Parker_ _____

Its:_____<u>Vice President</u> _____


CYTEC INDUSTRIES INC.

By: _____

Its: _____

**WYETH HOLDINGS CORPORATION**

By: _____
    Its:_____


**WYETH**

By:_____
    Its:_____


**CYTEC INDUSTRIES INC.**

By: _____  TCL
    Its:    EX VP AND CFO