# Exhibit B

## KNOX TRAIL QUALIFIED SETTLEMENT FUND
## TRUST AGREEMENT

**THIS TRUST AGREEMENT** is made and entered into as of \_\_\_\_, 2005, by and between W.R. Grace & Co.-Conn. ("Grace"), Cytec Industries Inc. ("Cytec") and de maximis, inc. ("Trustee"). Grace, Cytec and the Trustee are hereinafter collectively referred to as the "Parties."

### RECITALS

WHEREAS, in settlement of certain claims asserted by Grace for response action and/or response costs, and for investigation and remediation action and/or investigation and remediation costs, based upon the alleged releases or threatened releases of hazardous substances at or from the Property (as defined herein), Grace and Cytec have entered into a Settlement, Compromise and Release Agreement ("Settlement Agreement") dated May 23, 2005; and

WHEREAS, pursuant to the terms of the Settlement Agreement, Cytec has agreed to establish the Knox Trail Qualified Settlement Trust (the "Trust"); and

WHEREAS, Cytec has agreed to transfer the Settlement Payment (as defined in the Settlement Agreement) into the Trust; and

WHEREAS, the Parties to this Agreement acknowledge and agree that the funds in the Trust and all earnings thereon are to be held, administered, and distributed solely in accordance with the following provisions; and

WHEREAS, the Trust is intended to qualify as a Qualified Settlement Fund within the meaning of Section 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder; and

WHEREAS, Grace filed for Chapter 11 Bankruptcy relief with the U.S. Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") on April 2, 2001;

WHEREAS, the Settlement Agreement is expressly conditioned on the entry of a final order in the Bankruptcy Court approving the Settlement Agreement and authorizing Grace to enter into the Settlement Agreement, and thus receipt of the final order approving the Settlement Agreement is a precondition to the Parties entering into this Trust Agreement.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency which is hereby acknowledged by the Parties, it is agreed as follows:

1.      DEFINITIONS.

(a.)    The term "Property" means the real property identified in a deed dated December 28, 1943 from American Cyanamid & Chemical Corporation to Charles E. Fletcher, and

recorded with the Middlesex County Registry of Deeds at Book 6734, Page 272. The Property is also identified as 214Y Main Street and Parcel 2322 on the Town of Concord, Massachusetts, Assessor's Map 11B, and is further described as a parcel consisting of approximately 16 acres adjacent to the Assabet River. To the west of the Property is the Knox Trail Industrial Park, to the east and south is the Assebet River. The W. R. Grace Acton Superfund Site is not part of the Property. The Property does not include groundwater underlying the Property; such groundwater is considered part of the W. R. Grace Action Superfund Site.

(b) The term "Qualifying Expenditures" means response costs and attorneys' fees that Grace has incurred or expended, or may in the future incur or expend, in connection with the investigation and remediation of the Property or for paying such costs directly to third parties.

(c) The term "Required Documentation" means a certificate signed by Grace's project manager for the remediation of the Property, certifying that the Qualifying Expenditures have been incurred, together with copies of any relevant contracts, invoices or other materials evidencing the nature and description of the Qualifying Expenditure.

All capitalized terms used but not defined in this Agreement shall have the same respective meanings as set forth in the Settlement Agreement

2. NAME AND PURPOSE OF THE TRUST.

This Trust shall be known as the Knox Trail Settlement Trust (the "Trust"). The purpose of the Trust is to provide funds which may be used solely to pay or reimburse Grace for Qualified Expenditures. To fulfill this purpose, the Trustee shall thoroughly familiarize itself with the nature of the claims asserted against Grace by the Massachusetts Department of Environmental Protection (and claims by Grace against Cytec) relating to the alleged releases or threatened releases of hazardous substances at or from the Property, the nature and scope of the alleged releases or threatened releases, the location and description of the Property and any actual or proposed investigation and remedial activity undertaken, or to be undertaken, by Grace to remediate the actual releases or threatened releases, to ensure that any cost or expense submitted by Grace to the Trustee for payment is a Qualified Expenditure. Each of Grace and Cytec shall, upon request of the Trustee, provide the Trustee with any and all information or materials that the Trustee may reasonably request to familiarize itself with its obligations under this Agreement.

The purpose of the Trust is limited to the matters set forth herein, and this Agreement shall not be construed to confer upon the Trustee any authority not expressly set forth herein.

The Trust Account shall not be the property of Grace or its bankruptcy estate. The establishment of the Trust and the transfer of funds into the Trust is intended to place such funds beyond Grace's possession and control, subject to the satisfaction of the terms and conditions of this Agreement. Upon funding of the Trust, Grace shall have a contingent revisionary right (the "Contingent Right") in the Trust giving Grace the right to return of a portion or all of the Trust funds only in accordance with the terms and conditions of this Agreement.

It is intended that this Trust be a qualified settlement fund under Internal Revenue Code Section 468B and the regulations promulgated thereunder and taxable as a so-called complex trust to which Internal Revenue Code Sections 661, 662 and 663 apply and not as a partnership, corporation or grantor trust, that is, a trust whose property is deemed to be owned by one or more grantors or other persons pursuant to one or more of Internal Revenue Code Sections 671 through 678. Cytec and the Trustee shall file all income tax returns and required statements, make any elections with respect to and for the Trust on the assumption that it is a qualified settlement fund pursuant to Internal Revenue Code Section 486B, and comply in all other respect with the requirements of Internal Revenue Code Section 468B and the regulations promulgated thereunder, unless and until it is determined or Trustee otherwise has reason to believe the Trust is other than a qualified settlement fund. In the event this Trust is determined, or is, in the sole judgment of Trustee, at risk of being determined to be other than a trust which is taxable as such a complex trust and it is prudent to reorganize the Trust so that it shall be such a complex trust, then Trustee is authorized to execute such amendment to this Trust, restatements of this Trust, a new trust declaration, instruments of assignment, plans of reorganization and other documents as are appropriate to enable the Trust or a successor to the assets of the Trust to be a trust which is taxable as such a complex trust; provided always, that in no event shall any such reorganization change the purposes hereof, divert the assets of this Trust to purposes other than the original purposes set forth herein or enlarge the powers or responsibilities of Trustee. Payment of all taxes relating to the Trust, if any, shall be made with the assets of the Trust.

3. CONTRIBUTION TO THE TRUST.

The Trust shall be solely funded by Cytec as follows: One Million Dollars ($1,000,000.00) shall be paid to the Trust on or before the fifth (5) business day following the later of (i) the date upon which Cytec receives notice of the entry of a final order by the Bankruptcy Court approving the Settlement Agreement and (ii) the execution in full of the Trust Agreement. Thereafter, Four Million Two Hundred Fifty Thousand Dollars ($4,250,000.00) shall be paid to the Trust on or before May 1, 2006. All funds paid into the Trust shall be held and distributed from the Trust as provided in this Agreement. Other than earnings on the Trust Funds, no Party shall deposit any other funds into the Trust, or cause any other funds to be deposited into the Trust. The Trust funds shall not be commingled with any other funds.

4. SECURITY INTEREST.

The Parties acknowledge that Cytec has a continuing security interest in and lien upon the Trust, and all funds on deposit in the Trust, for the purpose of securing Grace's indemnity obligations as provided at Paragraph 6 of the Settlement Agreement. The Settlement Agreement describes the events of default and remedies available to Cytec in the event of a default by Grace of its obligations and is incorporated herein by reference.

5. PAYMENT FROM THE TRUST.

During the term of this Trust, the Trustee shall make distributions from the Trust only as follows:

(a) Grace may from time to time (not to exceed four (4) times per annum) submit to

the Trustee a request for funds from the Trust for payment or reimbursement of Qualifying Expenditures. The Trustee shall make distributions to Grace with respect to Qualifying Expenditures only as follows:

 (i) Prior to making any such distribution, Grace shall have presented Required Documentation to the Trustee to substantiate that Qualifying Expenditures have been paid or incurred by Grace.

 (ii) Upon receipt of the Required Documentation, the Trustee shall review the documentation to verify that Qualifying Expenditures were paid or incurred by Grace. The Trustee may request further information from Grace regarding the claimed expenditure in order to verify such expenditure as is reasonable.

 (iii) Receipt and approval of the Required Documentation shall constitute conclusive proof that Qualified Expenditures have been paid or incurred by Grace.

 (iv) Grace shall also provide Cytec with a copy of any Required Documentation submitted to the Trustee seeking payment or reimbursement for Qualified Expenditures. Within thirty days after its receipt thereof, Cytec may, based on its reasonable and good faith belief, notify the Trustee that the Required Documentation, or portion thereof, does not constitute a Qualifying Expenditure. In the event Cytec objects to a claimed expense, the Trustee shall take all steps that it deems necessary to verify and approve such expenditure.

(b) If the Trustee receives from Grace and Cytec their joint written instruction as to the distribution of the Trust Account, or a portion thereof, the Trustee shall distribute from the Trust Account the amount or amounts specified in such joint written instruction as specified therein.

(c) If the Trustee receives from Grace a certified copy of a Response Action Outcome submitted by an independent licensed site professional indicating that Grace has fulfilled all of its legal, statutory and regulatory obligations in respect of the Property, the Trustee shall promptly liquidate the assets of the Trust Account and distribute to Grace any funds remaining in the Trust, and Grace, Cytec and the Trustee shall cooperate to close the Trust and terminate the Trust Agreement.

6. TERMINATION OF THE TRUST.

This Trust shall remain in existence until such earlier date as the Trust funds are exhausted or Grace and Cytec give joint instructions that it be terminated.

7. ALTERATIONS, AMENDMENTS, AND RENOVATION.

This Trust Agreement may be altered, amended, or revoked from time to time by an

instrument in writing executed by all of the Parties and approved by the Bankruptcy Court.

8. TRUST MANAGEMENT.

The Trustee shall deposit the principal and income of the Trust and keep the Trust invested in one or more money market or other short-term investment funds. Such investments shall be made in accordance with reasonable guidelines and direction provided to the Trustee by Grace. All investments shall be made so as to at all times provide sufficient liquidity to meet the anticipated cash needs of the Trust. In investing, reinvesting, exchanging and selling the assets of the Trust, the Trustee shall discharge its duty with respect to the Trust in the primary interest of the accomplishment of the purposes and objectives of this Trust Agreement. The Trustee, upon the request of Grace, and at Grace's sole expense, may engage the services of an investment advisor or manager. The Trustee shall not be personally liable for any action or inaction taken in good faith reliance on the advice of such advisor or manager, nor for delegation in good faith of investment decision-making authority to such advisor or manager. The Trustee shall keep or arrange to be kept an accounting of all contributions to and disbursements from the Trust. The Trustee is not responsible for any loss of income or principal with respect to any investments made in accordance with this Agreement except for its negligence or willful misconduct.

9. EXPRESS POWERS OF TRUSTEE.

Without limiting the powers and discretion conferred upon the Trustee by any other provisions of this Trust Agreement or by law, the Trustee is expressly authorized and empowered as follows, subject to the limitations provided for herein:

(a) **Payment of Expenses of Administration.** To incur and pay any and all fees and expenses upon or connected with the administration of the Trust. No such payments shall be made using assets of the Trust. Cytec shall reimburse the Trustee for all such fees and expenses incurred during the first two (2) years after the date of this Agreement, and Grace shall have no responsibility therefor. Grace shall reimburse the Trustee for all such expenses incurred thereafter, and Cytec shall have no further responsibility for such fees or expenses. Notwithstanding the foregoing, payment of all taxes relating to the Trust shall be made with assets of the Trust.

(b) **Preservation of Principal.** Notwithstanding any other provision in this Agreement, at all times during the term of this Agreement, to hold, invest and reinvest the assets of the Trust, as directed by Grace, in a manner designed to preserve the accrued income and principal of the Trust for the purposes of the Trust.

(c) **Execution of Documents or Transfer.** At the joint direction of Grace and Cytec, to make, execute, acknowledge and deliver any and all documents of transfer and any and all other instruments that may be necessary or appropriate to carry out the powers herein granted.

(d) **Litigation.** To institute and defend litigation on behalf of and in the name of the Trust if requested to do so by Grace and Cytec and upon mutual agreement regarding reimbursement of the expenses thereof with Grace and Cytec.

(e) **Authority of Trustee.** To do any and all other acts which they shall deem proper to effectuate the purpose of this Trust Agreement and to exercise the powers specifically conferred upon them by this Trust Agreement.

(f) **Discretion in Exercise of Powers.** To do any and all other acts which it shall deem proper to effectuate the purpose hereof and to exercise the powers specifically conferred upon it by this Trust.

10. ADVICE OF COUNSEL.

The Trustee may from time to time consult with its own counsel with respect to any question arising as to this Trust Agreement. The Trustee shall be fully protected, to the extent permitted by law, except for its gross negligence or willful misconduct resulting in non-compliance with laws, regulations and or the Settlement Agreement, in acting in reliance upon the advice of counsel and shall be reimbursed for its reasonable legal fees.

11. TRUSTEE COMPENSATION.

Trustee shall be entitled to reasonable compensation for its services as a Trustee under this Trust Agreement, including reimbursement for expenses, reasonably incurred by it in the performance of its duties as Trustee. Fees of the Trustee shall be in accordance with a schedule of such fees to be provided to and approved by Grace and Cytec prior to execution of this Trust Agreement. No payments of such fees shall be made using assets of the Trust. Cytec shall pay such fees incurred during the first two (2) years after the date of this Agreement, and Grace shall have no responsibility therefor. Grace shall pay such fees incurred thereafter, and Cytec shall have no further responsibility for such fees.

12. RESIGNATION AND APPOINTMENT OF TRUSTEE.

(a) Trustee may resign at any time by delivering its resignation, in writing, to Grace and Cytec, such resignation to take effect ten days after receipt by those parties.

(b) Grace and Cytec may remove the Trustee at any time, by delivering joint notice of such removal in writing to Trustee, such removal to take effect ten days thereafter.

(c) In the event of the bankruptcy, insolvency, death, disability, resignation or removal, as provided above, of the then Trustee, a successor Trustee: (1) shall become Trustee, (2) shall have all of the rights, powers, duties, authority, and privileges as if initially named as a Trustee hereunder; and (3) shall thereupon be vested with title to the Trust without the necessity of any conveyance or instrument.

(d) Any new successor Trustee shall be designated by Grace and Cytec.

(e) Acceptance of appointment as a new successor Trustee shall be in writing and shall be effective upon delivery to Grace and Cytec.

13. INSTRUCTIONS TO THE TRUSTEE.

Notwithstanding any provision herein to the contrary, the Trustee is hereby directed to do the following in addition to other duties set forth in other provisions in this Trust Agreement:

(a) **Quarterly Reports.** Have prepared quarterly financial reports describing the manner in which all of the assets of the Trust are then invested and the current market value of such assets, as well as the obligations, income, and expenses of the Trust. Copies of such reports shall be transmitted in writing to Grace and Cytec.

(b) **Annual Statements.** Have prepared annual financial statements describing the manner in which all of the assets of the Trust are then invested and the current market value of such assets, as well as the obligations, income, and expenses of the Trust and annual IRS and similar state forms. All financial statements shall be prepared on an annual accrual basis, and shall be in accordance with Generally Accepted Accounting Principles, applied on a consistent basis. Copies of such statements shall be transmitted in writing to Grace and Cytec.

(c) **Counsel.** Advise, consult and confer with and otherwise inform Grace and Cytec with respect to matters arising out of this Trust Agreement, administration of the Trust Account, or any other matter which the Trustee, in its discretion, deems appropriate to bring to the attention of the Grace and Cytec.

(d) **Records.** Maintain records of all actions taken by the Trustee with respect to matters arising out of this Trust Agreement or administration of the Trust. Copies of said records shall be provided to Grace and Cytec upon request and upon termination of this Trust said records shall be transmitted, together with all other records of the Trustee, to Grace.

14. <u>INDEMNIFICATION</u>.

(a) **Indemnity.** The Trustee acts as Trustee only and not personally. For any contract, obligation of liability made or incurred by the Trustee in good faith, all persons shall look solely to the Trust and not the Trustee personally. The Trustee shall not incur any liability personal or corporate, of any nature in connection with any act or omission, made in good faith, of the Trustee or Grace in the administration of the Trust or otherwise pursuant to this Trust Agreement. The Trustee shall be indemnified and held harmless by the Trust and jointly and severally by Grace and Cytec. This indemnification and hold harmless provision shall cover all expenses reasonably incurred by the Trustee in defense of the aforementioned acts of omissions of the Trustee or Grace. Except for the payment of all expenses reasonably incurred, this indemnification shall not apply to any liability arising from a criminal proceeding where the Trustee had reasonable cause to believe that the conduct in question was unlawful.

(b) **Survival.** This section shall survive the termination of the Trust.

15. <u>INTERESTS NOT ASSIGNABLE OR SUBJECT TO CLAIMS OR CREDITORS</u>.

Any interest of Grace in the Trust shall not be subject to anticipation or assignment or subject to the claims of any creditor of Grace, and any interest reserved to Grace or Cytec shall

be made available to Grace and Cytec only upon termination of this Trust pursuant to Section 3 herein.

16. CHOICE OF LAW.

This Trust Agreement shall be administered, construed, and enforced according to the laws of the Commonwealth of Massachusetts.

17. INTERPRETATION.

As used in this Trust Agreement, words in the singular include the plural and words in the plural include the singular. The descriptive heading for each Section and Subsection of this Trust Agreement shall not affect the interpretation or the legal efficacy of this Trust Agreement.

18. SEPARATE DOCUMENTS.

This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

19. NOTICE.

In the event any party hereto shall desire or is required to give notice to any other party hereto, then such notice shall be in writing addressed to the party who is to receive such notice, and sent to the following addresses:

W. R. Grace & Co.-Conn.

Corporate Secretary
W.R. Grace & Co.
7500 Grace Drive
Columbia, Maryland  21044
Tel:   410.531.4000
Fax:   410.531.4367

de maximis, inc.

Corporate Secretary
De maximis, inc.
450 Montbrook Lane
Knoxville, TN 37919
Tel.: (865) 691-5052
Fax.: (865) 691-6485

Cytec Industries Inc.

Corporate Secretary
Cytec Industries Inc.
5 Garret Mountain Plaza
West Paterson, New Jersey  07424
Tel.   973.357.3100
Fax:   973.357.3065

20. **PERFORMANCE BY REMEDIUM GROUP, INC.**

Any rights or obligations of Grace hereunder may be exercised, performed or fulfilled by Remedium Group, Inc., a subsidiary of Grace and one of the parties to the Settlement Agreement.

21. **CONTINUING JURISDICTION OF BANKRUPTCY COURT.**

Any other provision of this Agreement to the contrary notwithstanding, this Agreement shall be subject to the continuing jurisdiction of the Bankruptcy Court.

IN WITNESS WHEREOF, this Agreement has been read and signed in duplicate originals by the duly authorized representatives of the Parties as of the date first set forth above.

W. R. GRACE & CO.-CONN.

By: _____

    Its: _____

CYTEC INDUSTRIES INC.

By: _____

    Its: _____

de maximis, inc., Trustee

By: _____

    Its: _____