**EXHIBIT 1**

IN THE UNITED STATES BANKRUTPCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No. 01-1139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Objection Deadline: June 10, 2005**
**Hearing Date: June 27, 2005 at 12:00 p.m.**

## NOTICE OF FILING
## <u>DEBTORS' NINTH OMNIBUS OBJECTION TO CLAIMS (SUBSTANTIVE)</u>

**PLEASE TAKE NOTICE** that on or about May 18, 2005, the above-captioned

debtors and debtors in possession (the "Debtors") filed the Debtors' Ninth Omnibus Objection to

Claims (Substantive) (the "Ninth Omnibus Objection") with the United States Bankruptcy Court

for the District of Delaware.

**PLEASE TAKE FURTHER NOTICE** that the following parties will receive a

copy of the Ninth Omnibus Objection (with all exhibits): (i) the U.S. Trustee and (ii) the Core

Group as defined in the current Case Management Procedures and (iii) the 2002 List. In

addition, the Debtors' claims consultant, Bankruptcy Management Corporation ("BMC"), will

serve a copy of the Ninth Omnibus Objection and a customized Notice summarizing claim detail

exactly as reflected in the Exhibit on which such creditor is listed upon those creditors that have

filed claims that are affected by the Ninth Omnibus Objection in lieu of serving all Exhibits.

Any party may obtain a copy of the Ninth Omnibus Objection with all Exhibits or a copy of the

Debtors' Declaration in Support of the Objection by requesting the same from BMC at (888)

909-0100 or by going onto the BMC website at http://www.bmccorp.net/wrgrace.

**PLEASE TAKE FURTHER NOTICE** that

1.    A hearing on the Ninth Omnibus Objection will be held before the Honorable Judith K. Fitzgerald, United States Bankruptcy Court, 824 Market Street, Wilmington, Delaware on **June 27, 2005 at 12:00 p.m.** (the "Claims Hearing").

2.    Any party wishing to oppose the relief requested in the Ninth Omnibus Objection must file a written response with the Clerk of the U.S. Bankruptcy Court, 824 Market Street, Wilmington, Delaware 19801, and serve a copy of the response upon Kirkland & Ellis LLP, Attn: Rachel R. Schulman, 200 East Randolph Drive, Suite 6500, Chicago, Illinois 60601, and upon Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C., Attn: David W. Carickhoff, Jr., 919 N. Market Street, 16th Floor, P.O. Box 8705, Wilmington, Delaware 19899-8705 (Courier 19801), so as to be received on or before **June 10, 2005 at 4:00 p.m. (Eastern Time)**. Only those responses timely filed with the Court and received by the Debtors' counsel will be considered by the Court.

3.    If no response is filed, served and received by June 10, 2005, at 4:00 p.m. (Eastern Time) the Court will be requested to enter an order, similar to the attached form of proposed order disallowing, expunging, and/or reclassifying the Claim(s) as requested in the Ninth Omnibus Objection.

4.    Any response should contain the following:

a.    a caption setting forth the name of the Court, the name of the Debtors, the case number and the title of the Objection to which the response is directed;

b.    the name and contact information (including daytime telephone number) of the claimant and a description of the basis for the amount of the claim;

2

91100-001\DOCS_DE:108199.1

        c.      the claim number(s) of the claim objection(s) to which the response is directed;

        d.      the specific factual basis and supporting legal argument upon which the party will rely in opposing the Ninth Omnibus Objection; and

        e.      any supporting documentation, to the extent it was not included with the proof of claim previously filed with the Clerk or Claims Agent, upon which the party will rely to support the basis for and amounts asserted in the proof of claim.

        5.      If you file a response to the Ninth Omnibus Objection, you should be prepared to argue that response at the Claims Hearing unless you reach an agreement with the Debtors' counsel to continue or resolve your matter.

        6.      You need not respond to the Ninth Omnibus Objection or appear at the Claims Hearing if you do not object to the relief requested in the Ninth Omnibus Objection. If you do not timely file and serve a response to the Ninth Omnibus Objection, the relief requested in the Ninth Omnibus Objection may be granted without further notice to you. Failure to timely file a response to the Ninth Omnibus Objection shall be deemed (i) waiver of your right to respond to the Ninth Omnibus Objection and (ii) your consent to the relief requested in the Ninth Omnibus Objection respecting your Claim.

3

7.      The Debtors reserve the right to file and serve a reply to a claimant's

Response.  **If you have any questions regarding your claim(s) you should contact**

**Bankruptcy Management Corporation at (888) 909-0100.  If you have any questions**

**regarding the Ninth Omnibus Objection, please call Rachel Schulman at Kirkland & Ellis**

**LLP at (312) 861-2441.**


Dated:  May 1⅛ 2005

                              KIRKLAND & ELLIS LLP
                              James H.M. Sprayregen, P.C.
                              James W. Kapp III
                              Janet S. Baer
                              200 East Randolph Drive
                              Chicago, IL  60601
                              (312) 861-2000

                              and

                              PACHULSKI, STANG, ZIEHL, YOUNG, JONES
                              & WEINTRAUB P.C.

                              Laura Davis Jones (Bar No. 2436)
                              David W. Carickhoff, Jr. (Bar No. 3715)
                              919 North Market Street, 16th Floor
                              P.O. Box 8705
                              Wilmington, DE 19899-8705 (Courier 19801)
                              Telephone:  (302) 652-4100
                              Facsimile:  (302) 652-4400

                              Co-Counsel for Debtors and Debtors in Possession

4

IN THE UNITED STATES BANKRUTPCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No. 01-1139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Objection Deadline: June 10, 2005**
**Hearing Date: June 27, 2005 at 12:00 p.m.**

## DEBTORS' NINTH OMNIBUS OBJECTION TO CLAIMS (SUBSTANTIVE)

The above-captioned debtors and debtors in possession (the "Debtors") hereby file this Ninth Omnibus Objection to Claims (the "Ninth Omnibus Objection") and, in support thereof, state the following:

### Jurisdiction

1.    This Court has jurisdiction over this matter under 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A) and (O).

2.    The statutory bases for relief requested herein are 11 U.S.C. §§ 105(a), 502, and 506 and Rules 3001 and 3007 of the Federal Rules of Bankruptcy Procedure (as amended from time to time, the "Bankruptcy Rules").

### Background

3.    On April 2, 2001 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (as amended from time to time, the "Bankruptcy Code") commencing their respective chapter 11 cases (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for

Del. Doc. No. 108199v2

administrative purposes only, and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

### Claims Bar Date

4.      By an order dated April 25, 2002, this Court set March 31, 2003 as the last date for filing proofs of claim for all pre-petition claims relating to asbestos property damage claims, non-asbestos claims (including all governmental claims), and medical monitoring claims (the "Bar Date"). A bar date has yet to be set for asbestos personal injury claims and claims related to Zonolite Attic Insulation.

### The Objection And Request For Relief

5.      By this Ninth Omnibus Objection, the Debtors seek disallowance, reclassification, or reduction, as appropriate, of the claims set forth in the exhibits attached hereto[1] (the "Disputed Claims") for the reasons described herein and in such exhibits:

a.      The claims set forth as "No Liability" in Exhibit A attached hereto are claims for which the Debtors have no liability according to their books and records (the "No Liability Claims") and for which the Debtors seek expungement of the claims;

b.      The claims set forth as "Reclassify and Allow" in Exhibit B attached hereto are claims that should be reclassified and allowed (the "Reclassify and Allow Claims"); and

---

[1]   The classification of the claims set forth on the exhibits is the classification asserted on the filed proof of claim. The Debtors include such classification for the purpose of identifying the claim to which the objection applies. The inclusion of the classification shall not constitute an acknowledgement by the Debtors that such classification is correct or appropriate.

2

c.    The claims set forth as "Reduce and Allow" in <u>Exhibit C</u> attached

hereto are claims that should be reduced and allowed (the "Reduce and Allow Claims").

### The No Liability Claims

6.    The Debtors object to the No Liability Claims listed on <u>Exhibit A</u> attached

hereto pursuant to section 502(b)(1) of the Bankruptcy Code, because these are claims which are

not enforceable against the Debtors or their property under any agreement or applicable law.

The Debtors' review of their books and records indicates that they have no liability for these

claims because either (a) the claimant has no relationship with the Debtors, or (b) the claim is not

a liability of the Debtor but an alleged liability of an unrelated, non-debtor entity.  In particular,

as to sixteen (16) of the claims included on <u>Exhibit A</u>, pursuant to a Settlement Agreement[2]

between Honeywell International Inc. ("Honeywell"), W.R. Grace & Co. (k/n/a W.R. Grace &

Co.-Conn.) and ECARG, Inc., the Debtors are not liable for these claims.  Under the Settlement

Agreement Honeywell agreed to indemnify, defend, and hold the Debtors harmless from any and

all claims by any third parties relating to certain property located in Jersey City, New Jersey.

Therefore, the No Liability Claims set out in <u>Exhibit A</u> should be disallowed and expunged for

all purposes.

### The Reclassify and Allow Claims

7.    The Debtors object to the Reclassify and Allow Claims pursuant to

sections 502(b)(1), 503(b) and 507 of the Bankruptcy Code, because these claims are filed with

the wrong classification from the classification of Claims reflected on the Debtors' books and

---

2    The Settlement Agreement was approved by an Order of this Court [Docket No. 6735], which granted the
Debtors' Motion for an Order Approving the Settlement Agreement [Docket No. 6431].

3

records. In evaluating the Reclassify and Allow Claims, the Debtors have thoroughly reviewed their books and records and the proofs of claim, as well as the supporting documentation provided by the claimant, and have determined that the classification of the claims require modification. The claims listed on Exhibit B have no basis for priority under section 507(a) of the Bankruptcy Code and should be reclassified as general unsecured claims. Accordingly, the Debtors object to the Reclassify and Allow Claims and request that the Reclassify and Allow Claims be reclassified as general unsecured non-priority claims and allowed in as set forth in Exhibit B.

**The Reduce and Allow Claims**

8.      The Debtors object to the Reduce and Allow Claims pursuant to section 502(b)(1) of the Bankruptcy Code because these claims are filed for amounts that differ from the amounts reflected on the Debtors' books and records. In evaluating the Reduce and Allow Claims, the Debtors have thoroughly reviewed their books and records and proofs of claim, as well as the supporting documentation provided by each claimant, and have determined that the amount of each claim is overstated. The amount of the claims listed on Exhibit C are overstated due to the reasons enumerated per each objection set forth on Exhibit C. Accordingly, the Debtors object to the Reduce and Allow Claims and request that the Reduce and Allow Claims be reduced to and allowed in the amounts set forth in Exhibit C.

**Separate Contested Matters**

9.      To the extent that a response is filed regarding any claim listed in the Ninth Omnibus Objection and the Debtors are unable to resolve the response, each such claim and the Objection by the Debtors to each such claim asserted in the Ninth Omnibus Objection

4

shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any

order entered by the Court regarding an objection asserted in the Ninth Omnibus Objection shall

be deemed a separate order with respect to each claim.

### Responses to Omnibus Objections

10.    To contest an objection, a claimant must file and serve a written response

to this Ninth Omnibus Objection (a "Response") so that it is received no later than 4:00 p.m.

(Eastern Time) on June 10, 2005. Every Response must be filed with the Office of the Clerk of

the United States Bankruptcy Court for the District of Delaware: 824 Market Street,

Wilmington, Delaware 19801 and served upon the following entities, so that the response is

received no later than 4:00 p.m. (Eastern Time) on June 10, 2005, at the following addresses:

> Kirkland & Ellis LLP
> 200 E. Randolph Drive
> Chicago, Illinois 60601
> Attn:   Rachel Reagler Schulman
>
> Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C.
> 919 North Market Street, 16th Floor
> P. O. Box 8705
> Wilmington, Delaware 19899-8705 (Courier 19801)
> Attn: David W. Carickhoff, Jr.

11.    Every Response to this Ninth Omnibus Objection must contain at a

minimum the following:

a.    a caption setting forth the name of the Court, the name of the

Debtors, the case number, and the title of the Ninth Omnibus Objection to which the response is

directed;

b.    the name of the claimant, his/her/its claim number, and a

description of the basis for the amount of the claim;

5

c.    the specific factual basis and supporting legal argument upon which the party will rely in opposing the Ninth Omnibus Objection;

d.    any supporting documentation, to the extent it was not included with the proof of claim previously filed with the Clerk or Claims Agent, upon which the party will rely to support the basis for and amounts asserted in the proof of claim;

e.    the name, address, telephone number, and fax number of the person(s) (which may be the claimant or the claimant's legal representative) with whom counsel for the Debtors should communicate with respect to the claim or the objection and who possesses authority to reconcile, settle, or otherwise resolve the objection to the Disputed Claim on behalf of the claimant.

12.    If a claimant fails to file and serve a timely Response, the Debtors may present to the Court an appropriate order reclassifying, reducing, or disallowing and expunging the claim, as applicable, without further notice to the claimant or a hearing.

## Replies to Responses

13.    The Debtors may, at their option, file and serve a reply to a claimant's Response.

## Reservation

14.    The Debtors hereby reserve the right to object in the future to any of the claims listed in this Ninth Omnibus Objection or on the exhibits attached hereto on any ground, and to amend, modify, and/or supplement this Ninth Omnibus Objection, including, without limitation, to object to amended claims and newly-filed claims. Separate notice and hearing will be scheduled for any such objection.

6

15.     Notwithstanding anything contained in this Ninth Omnibus Objection or the attached exhibits, nothing herein shall be construed as a waiver of any rights that the Debtors may have (a) to bring avoidance actions under the applicable sections of the Bankruptcy Code against the holders of claims subject to the Ninth Omnibus Objection; or (b) to exercise their rights of setoff against the holders of such claims relating to such avoidance actions.

## Notice

16.     The Debtors will serve copies of this Ninth Omnibus Objection (with all exhibits) on the Office of the United States Trustee and on all parties that have requested that they be served with all pleadings filed in these cases pursuant to Bankruptcy Rule 2002 (the "2002 List").

17.     Bankruptcy Management Corporation, the Debtors' claims consultant, will serve a copy of the Ninth Omnibus Objection and customized notices that summarize claim-specific detail exactly as reflected in the exhibit on which such creditor is listed upon those creditors that have filed claims that are affected by the Ninth Omnibus Objection in lieu of serving all exhibits on each such affected creditor. A sample custom notice is attached hereto as Exhibit D.

18.     The Debtors submit that notice of this Ninth Omnibus Objection is sufficient under Bankruptcy Rule 3007 and that no further notice is necessary.

## No Previous Request

19.     No previous request for the specific relief set forth herein has been made to this or any other court.

7

## Compliance With Rule 3007-1

20.     This Ninth Omnibus Objection, and related exhibits attached hereto,

complies with Rule 3007-1 of the Local Rules of the United States Bankruptcy Court for the

District of Delaware.

8

WHEREFORE, the Debtors respectfully request that the Court enter an order

disallowing, expunging, reducing, and/or reclassifying each of the Claims more fully described

in this Ninth Omnibus Objection and/or listed on the exhibits attached hereto.

Dated: May 12, 2005

KIRKLAND & ELLIS LLP
James H.M. Sprayregen, P.C.
James W. Kapp III
Janet S. Baer
200 East Randolph Drive
Chicago, IL 60601
(312) 861-2000

and

PACHULSKI, STANG, ZIEHL, YOUNG,
JONES & WEINTRAUB P.C.

Laura Davis Jones (Bar No. 2436)
David W. Carickhoff, Jr. (Bar No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier
19801)
Telephone:  (302) 652-4100
Facsimile:   (302) 652-4400

Co-Counsel for Debtors and Debtors in
Possession

9

# EXHIBIT A

## In re: W.R. GRACE & CO., et al
## OMNIBUS 9: EXHIBIT A - NO LIABILITY CLAIMS

| | Creditor Name / Address | Case Number  Claim Number | Total Claim Dollars* | Claim Class** | Reason For Proposed Disallowance |
|---|---|---|---|---|---|
| 1 | BAKER, LAWRENCE<br>C/O KATHLEEN L MILLIAN<br>TERRIS PRAVLIK & MILLIAN LLP<br>1121 12TH ST NW<br>WASHINGTON DC 20005-4632 | 01-01139    14063<br>W.R. GRACE & CO. | $404,432,019.36 | (U) | NO LIABILITY PER SETTLEMENT AGREEMENT WITH HONEYWELL. |
| 2 | BAKER, LAWRENCE<br>C/O KATHLEEN L MILLIAN<br>TERRIS PRAVLIK & MILLIAN LLP<br>1121 12TH ST NW<br>WASHINGTON DC 20005-4632 | 01-01153    14072<br>ECARG, INC. | $404,432,019.36 | (U) | NO LIABILITY PER SETTLEMENT AGREEMENT WITH HONEYWELL. |
| 3 | CITY OF CHATTANOOGA<br>101 E 11TH ST #102<br>CHATTANOOGA TN 37402 | 01-01139    78<br>W.R. GRACE & CO. | $16,225.83 | (P) | NO TAX IS CURRENTLY OWED. |
| 4 | CITY OF HOUSTON<br>ATTN DEBRA GUERRERO<br>4200 LEELAND<br>HOUSTON TX 77023 | 01-01139    9<br>W.R. GRACE & CO. | $643.08 | (U) | NO TAX LIABILITY EXISTS PER CREDITOR. |
| 5 | CLARKE, REV WINSTON<br>C/O KATHLEEN L MILLIAN<br>TERRIS PRAVLIK & MILLIAN LLP<br>1121 12TH ST NW<br>WASHINGTON DC 20005-4632 | 01-01139    14061<br>W.R. GRACE & CO. | $404,432,019.36 | (U) | NO LIABILITY PER SETTLEMENT AGREEMENT WITH HONEYWELL. |
| 6 | CLARKE, REV WINSTON<br>C/O KATHLEEN L MILLIAN<br>TERRIS PRAVLIK & MILLIAN LLP<br>1121 12TH ST NW<br>WASHINGTON DC 20005-4632 | 01-01153    14069<br>ECARG, INC. | $404,432,019.36 | (U) | NO LIABILITY PER SETTLEMENT AGREEMENT WITH HONEYWELL. |
| 7 | COMMONWEALTH OF MASSACHUSETTS<br>DEPT OF REV<br>ANNE CHAN TAX EXAMINER<br>BOX 9484<br>BOSTON MA 02205-9484 | 01-01142    1460<br>ALEWIFE BOSTON LTD. | $3,250.59<br>$830.00 | (P)<br>(U) | ALEWIFE BOSTON LTD. IS A HOLDING COMPANY WITH NO OPERATIONS AND THEREFORE NO SALES TAX DUE. |
| 8 | COMMONWEALTH OF MASSACHUSETTS<br>DEPT OF REV<br>ANNE CHAN TAX EXAMINER<br>BOX 9484<br>BOSTON MA 02205-9484 | 01-01143    1461<br>ALEWIFE LAND CORPORATION | $3,250.59<br>$830.00 | (P)<br>(U) | ALEWIFE LAND CORPORATION IS A HOLDING COMPANY WITH NO OPERATIONS AND THEREFORE NO SALES TAX DUE. |
| 9 | DUKE ENERGY CORPORATION<br>PO BOX 1244<br>CHARLOTTE NC 28201-1244 | 01-01139    116<br>W.R. GRACE & CO. | $1,066.55 | (U) | THE CLAIMED AMOUNT IS THE RESPONSIBILITY OF AMICON. GRACE DIVESTED THIS BUSINESS IN 1996. |

*Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.    **(A) - Administrative    (S) - Secured
(P) - Priority    (U) - Unsecured

The classification of the claims set forth herein is the classification asserted on the filed proof of claim. The Debtors include such classification for the purpose of identifying the claim to which the objection applies. The inclusion of the classification shall not constitute an acknowledgement by the Debtors that such classification is correct or appropriate.

## In re: W.R. GRACE & CO., et al
## OMNIBUS 9: EXHIBIT A - NO LIABILITY CLAIMS

| | Creditor Name / Address | Case Number   Claim Number | Total Claim Dollars* | Claim Class** | Reason For Proposed Disallowance |
|---|---|---|---|---|---|
| 10 | GREENVILLE COUNTY TAX COLLECTOR 301 UNIVERSITY RDG STE 700 GREENVILLE SC 29601 | 01-01139   .   2177 W.R. GRACE & CO. | $42,191.16 | (S) | PROPERTY HAS BEEN SOLD. NO TAX LIABILITY EXISTS. |
| 11 | GST CORPORATION 8295 TOURNAMENT DR #150 MEMPHIS TN 38125 | 01-01139   83 W.R. GRACE & CO. | $2,339.25 | (U) | NEED SIGNED BILL OF LADING AS PROOF OF DELIVERY FOR INVOICE 933785- 0 ($702.00) AS THE PLANT HAS NO RECORD OF RECEIVING THIS SHIPMENT. FOR THE REMAINING INVOICES, THE PAYMENT WAS DENIED DUE TO POOR BLOCKING AND BRACING OF THE LOADS. |
| 12 | HACKENSAC RIVERKEEPER INC C/O KATHLEEN L MILLIAN TERRIS PRAVLIK & MILLIAN LLP 1121 12TH ST NW WASHINGTON DC 20005-4632 | 01-01153   14067 ECARG, INC. | $404,432,019.36 | (U) | NO LIABILITY PER SETTLEMENT AGREEMENT WITH HONEYWELL. |
| 13 | HACKENSACK RIVERKEEPER INC C/O KATHLEEN L MILLIAN TERRIS PRAVLIK & MILLIAN LLP 1121 12TH ST NW WASHINGTON DC 20005-4632 | 01-01139   14059 W.R. GRACE & CO. | $404,432,019.36 | (U) | NO LIABILITY PER SETTLEMENT AGREEMENT WITH HONEYWELL. |
| 14 | HERRING, MARTHA WEBB C/O KATHLEEN L MILLIAN TERRIS PRAVLIK & MILLIAN LLP 1121 12TH ST NW WASHINGTON DC 20005-4632 | 01-01139   14064 W.R. GRACE & CO. | $404,432,019.36 | (U) | NO LIABILITY PER SETTLEMENT AGREEMENT WITH HONEYWELL. |
| 15 | HERRING, MARTHA WEBB C/O KATHLEEN L MILLIAN TERRIS PRAVLIK & MILLIAN LLP 1121 12TH ST NW WASHINGTON DC 20005-4632 | 01-01153   14071 ECARG, INC. | $404,432,019.36 | (U) | NO LIABILITY PER SETTLEMENT AGREEMENT WITH HONEYWELL. |
| 16 | INTERFAITH COMMUNITY ORGANIZATION C/O KATHLEEN L MILLIAN TERRIS PRAVLIK & MILLIAN LLP 1121 12TH ST NW WASHINGTON DC 20005-4632 | 01-01139   14065 W.R. GRACE & CO. | $404,432,019.36 | (U) | NO LIABILITY PER SETTLEMENT AGREEMENT WITH HONEYWELL. |
| 17 | INTERFAITH COMMUNITY ORGANIZATION C/O KATHLEEN L MILLIAN TERRIS PRAVLIK & MILLIAN LLP 1121 12TH ST NW WASHINGTON DC 20005-4632 | 01-01153   14073 ECARG, INC. | $404,432,019.36 | (U) | NO LIABILITY PER SETTLEMENT AGREEMENT WITH HONEYWELL. |

*Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.

**(A) - Administrative      (S) - Secured
(P) - Priority              (U) - Unsecured

The classification of the claims set forth herein is the classification asserted on the filed proof of claim. The Debtors include such classification for the purpose of identifying the claim to which the objection applies. The inclusion of the classification shall not constitute an acknowledgement by the Debtors that such classification is correct or appropriate.

### In re: W.R. GRACE & CO., et al
### OMNIBUS 9: EXHIBIT A - NO LIABILITY CLAIMS

| | Creditor Name / Address | Case Number | Claim Number | Total Claim Dollars* Claim Class** | Claim Class** | Reason For Proposed Disallowance |
|---|---|---|---|---|---|---|
| 18 | LAERDAL MEDICAL CORPORATION ATTN: PAT GOODWIN 167 MYERS CORNERS RD WAPPINGERS FALLS NY 12590 | 01-01139 W.R. GRACE & CO. | 1135 | $350.00 | (U) | GRACE WAS REBILLED AS TAX WAS LEFT OFF ORIGINAL INVOICE. INVOICE WAS NEVER CANCELLED IN VENDOR'S SYSTEM. NO CURRENT LIABILITY. |
| 19 | LOCKE, ROBERT H C/O DAVID C CASEY 150 FEDERAL ST BOSTON MA 02110 | 01-01139 W.R. GRACE & CO. | 9566 | $7,000,000.00 | (U) | NO CURRENT LIABILITY TO THIS CLAIMANT. |
| 20 | MILWAUKEE SOLVENTS & CHEMICALS CORP PO BOX 444 BUTLER WI 53007-0444 | 01-01139 W.R. GRACE & CO. | 15467 | $33,747.80 | (U) | CREDITOR FILED CLAIM TO AMEND PREVIOUSLY FILED CLAIM. ORIGINAL CLAIM WAS ACQUIRED BY LONGACRE MASTER FUND PER DOCKET #6582. CREDITOR NO LONGER HAS AUTHORITY TO AMEND ORIGINAL CLAIM. |
| 21 | NAVAS, MARGARITA C/O KATHLEEN L MILLIAN TERRIS PRAVLIK & MILLIAN 1121 12TH ST NW WASHINGTON DC 20005-4632 | 01-01139 W.R. GRACE & CO. | 14060 | $404,432,019.36 | (U) | NO LIABILITY PER SETTLEMENT AGREEMENT WITH HONEYWELL. |
| 22 | NAVAS, MARGARITA C/O KATHLEEN L MILLIAN TERRIS PRAVLIK & MILLIAN LLP 1121 12TH ST NW WASHINGTON DC 20005-4632 | 01-01153 ECARG, INC. | 14068 | $404,432,019.36 | (U) | NO LIABILITY PER SETTLEMENT AGREEMENT WITH HONEYWELL. |
| 23 | SHEEHAN, WILLIAM C/O KATHLEEN L MILLIAN TERRIS PRAVLIK & MILLIAN LLP 1121 12TH ST NW WASHINGTON DC 20005-4632 | 01-01139 W.R. GRACE & CO. | 14058 | $404,432,019.36 | (U) | NO LIABILITY PER SETTLEMENT AGREEMENT WITH HONEYWELL. |
| 24 | SHEEHAN, WILLIAM C/O KATHLEEN L MILLIAN TERRIS PRAVLIK & MILLIAN LLP 1121 12TH ST NW WASHINGTON DC 20005-4632 | 01-01153 ECARG, INC. | 14066 | $404,432,019.36 | (U) | NO LIABILITY PER SETTLEMENT AGREEMENT WITH HONEYWELL. |
| 25 | VINCENT TULLINO AND PHILOMENA TULLINO C/O LARKIN AXELROD TRACHTE & TETENBAUM LLP 34 ROUTE 17K NEWBURGH NY 12250 | 01-01139 W.R. GRACE & CO. | 2288 | $31,000,000.00 | (U) | NO CURRENT LIABILITY TO THE CLAIMANT. |

*Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.

**(A) - Administrative   (S) - Secured
(P) - Priority   (U) - Unsecured

The classification of the claims set forth herein is the classification asserted on the filed proof of claim. The Debtors include such classification for the purpose of identifying the claim to which the objection applies. The inclusion of the classification shall not constitute an acknowledgement by the Debtors that such classification is correct or appropriate.

5/12/2005 12:49:38 PM

**In re: W.R. GRACE & CO., et al**
**OMNIBUS 9: EXHIBIT A - NO LIABILITY CLAIMS**

| | Creditor Name / Address | Case Number Claim Number | | Total Claim Dollars* | Claim Class** | Reason For Proposed Disallowance |
|---|---|---|---|---|---|---|
| 26 | WEBB, MARGARET<br>C/O KATHLEEN L MILLIAN<br>TERRIS PRAVLIK & MILLIAN<br>1121 12TH ST NW<br>WASHINGTON DC 20005-4632 | 01-01139<br>W.R. GRACE & CO. | 14062 | $404,432,019.35 | (U) | NO LIABILITY PER SETTLEMENT AGREEMENT WITH HONEYWELL. |
| 27 | WEBB, MARGARET<br>C/O KATHLEEN L MILLIAN<br>TERRIS PRAVLIK & MILLIAN LLP<br>1121 12TH ST NW<br>WASHINGTON DC 20005-4632 | 01-01163<br>ECARG, INC. | 14070 | $404,432,019.35 | (U) | NO LIABILITY PER SETTLEMENT AGREEMENT WITH HONEYWELL. |

| | totals: | | |
|---|---|---|---|
| | $42,181.16 | (S) | |
| | $22,727.01 | (P) | |
| | $8,508,952,116.44 | (U) | |

---

*Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.

**(A) - Administrative    (S) - Secured
(P) - Priority    (U) - Unsecured

The classification of the claims set forth herein is the classification asserted on the filed proof of claim. The Debtors include such classification for the purpose of identifying the claim to which the objection applies. The inclusion of the classification shall not constitute an acknowledgement by the Debtors that such classification is correct or appropriate.

5/12/2005 12:49:42 PM

# EXHIBIT B

**In re: W.R. GRACE & CO., et al**
**OMNIBUS 9: EXHIBIT B - RECLASSIFY & ALLOW CLAIMS**

| | Creditor Name / Address | Claim Number | Total Claim Dollars*Class** | | Modified Claim Amount* | Claim Class** | Reason For Modification |
|---|---|---|---|---|---|---|---|
| 1 | TAYLOR, DUANE, BARTON & GILMAN LLP ATTN: JAMES J DUANE III 111 DEVONSHIRE ST BOSTON MA 02109 | 854 | $1,679.03 | (P) | $1,679.03 | (U) | NO BASIS FOR PRIORITY CLAIM. |
| | | totals: | $1,679.03 | (P) | $1,679.03 | (U) | |

*Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.

**(A) - Administrative    (S) - Secured
(P) - Priority    (U) - Unsecured

5/12/2005 12:52:40 PM

# EXHIBIT C

**In re: W.R. GRACE & CO., et al**
**OMNIBUS 9: EXHIBIT C - REDUCE & ALLOW CLAIMS**

| | Creditor Name / Address | Claim Number | Total Claim Dollars*Class** | Claim Class** | Modified Claim Amount* | Claim Class** | Reason For Modification |
|---|---|---|---|---|---|---|---|
| 1 | CUSTOM BLEND COFFEE SERVICE 8042 NORTH DR HIGHLAND IN 46322 | 1682 | $417.95 | (U) | $297.63 | (U) | REDUCED FOR PAYMENT MADE 1/8/01 TOTALING $120.32 IN PAYMENT OF THE TWO CLAIMED INVOICES DATED 1/8/01. |
| 2 | LEAVENWORTH COUNTY KANSAS C/O KEYTA D KELLY LEAVENWORTH COUNTY COURTHOUSE 300 WALNUT LEAVENWORTH KS 66048 | 596 | $20.16 | (P) | $5.33 | (P) | BALANCE OF TAX BILL PREVIOUSLY PAID. |
| 3 | MCSPADDEN REAL ESTATE SERVICES INC 517 UNION AVE STE 238 KNOXVILLE TN 37902 | 2000 | $3,240.31 | (U) | $3,150.00 | (U) | APPROVED AMOUNT REPRESENTS PRE-PETITION BALANCE DUE VENDOR. NO EXPLANATION PROVIDED BY VENDOR FOR DIFFERENCE. |
| 4 | PACIFIC GAS AND ELECTRIC COMPANY PO BOX 8329 STOCKTON CA 95208 | 403 | $14,336.57 | (U) | $6,230.30 | (U) | REDUCED ACCOUNT HJK3458522. |
| 5 | SAFETY KLEEN CORPORATION PO BOX 11393 COLUMBIA SC 29211 | 163 | $162,429.45 | (U) | $81,981.37 | (U) | SOME INVOICES WERE PAID AND OTHERS COULD NOT BE CONFIRMED WITH A SIGNED MANIFEST OR BOL |
| 6 | SOUTH CAROLINA ELECTRIC & GAS COMPANY C/O L V SCHIESSER SCANA SERVICES 1426 MAIN ST MAIL CODE 130 COLUMBIA SC 29218 | 1987 | $32,458.29 | (U) | $31,978.61 | (U) | CLAIM INCLUDES LATE FEES. |

| | totals: | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | $20.16 | (P) | $5.33 | (P) | |
| | | | $212,564.57 | (U) | $123,637.91 | (U) | |

*Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.    **(A) - Administrative    (S) - Secured
(P) - Priority    (U) - Unsecured

Page 1 of 1                                                                                          5/12/2005 12:55:06 PM

*Page 25 of 45*

# EXHIBIT D

All responses are to be served upon: Rachel R. Schulman, Kirkland & Ellis LLP 200 East Randolph Drive, Chicago, Illinois 60601 and David W. Carickhoff, Jr. Pachulski, Stang, Ziehl, Young, Jones & Weintraub, P.C. 919 North Market Street 16th Floor, P.O. Box 8705, Wilmington, Delaware 19899-8705 (Courier 19801)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | |
| | ) | Case No. 01-01139 (JKF) |
| Debtors. | ) | |
| | ) | (Jointly Administered) |
| | ) | |

**\*02112236510571\***    02112236510571

**ALAMEDA COUNTY TAX COLLECTOR**
ATTN: JOHN LAC
1221 OAK STREET
OAKLAND, CA  94612

Hearing Date: June 27, 2005 at 12:00 p.m.
Responses Due: June 17, 2005 at 4:00 p.m.

**Basis For Objection:**
NO LIABILITY

**Reason for Proposed Disallowance:**
CLAIM AMOUNT BASED ON ESTIMATE.

| | | | Claim Data | | |
|---|---|---|---|---|---|
| Case | Claim Number | Claim Date | | Total Claim Dollars* | Claim Class** |
| 01-01140 | 152 | 6/12/2001 | | $0.00 | (P) |

## OMNIBUS 9: EXHIBIT D - SAMPLE CUSTOM NOTICE
### NOTICE OF FILING
### DEBTORS' NINTH OMNIBUS OBJECTION TO CLAIMS (SUBSTANTIVE)

**PLEASE TAKE NOTICE** that on or about May 18, 2005, the above-captioned debtors and debtors in possession (the "Debtors") filed the Debtors' Ninth Omnibus Objection to Claims (Substantive) (the "Ninth Omnibus Objection") with the United States Bankruptcy Court for the District of Delaware.

---

[1]  The Debtors consist of the following 62 entities: W.R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W.R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W.R. Grace Capital Corporation, W.R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

---

| *Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees. | **(A) - Administrative | (S) - Secured |
|---|---|---|
| | (P) - Priority | (U) - Unsecured |

The classification of the claims set forth herein is the classification asserted on the filed proof of claim. The Debtors include such classification for the purpose of identifying the claim to which the objection applies. The inclusion of the classification shall not constitute an acknowledgement by the Debtors that such classification is correct or appropriate.

**PLEASE TAKE FURTHER NOTICE** that the following parties will receive a copy of the Ninth Omnibus Objection (with all exhibits): (i) the U.S. Trustee and (ii) the Core Group as defined in the current Case Management Procedures and (iii) the 2002 List. In addition, the Debtors' claims consultant, Bankruptcy Management Corporation ("BMC"), will serve a copy of the Ninth Omnibus Objection and a customized Notice summarizing claim detail exactly as reflected in the Exhibit on which such creditor is listed upon those creditors that have filed claims that are affected by the Ninth Omnibus Objection in lieu of serving all Exhibits. Any party may obtain a copy of the Ninth Omnibus Objection with all Exhibits or a copy of the Debtors' Declaration In Support of the Objection by requesting the same from BMC at (888) 909-0100 or by going onto the BMC website at http://www.bmccorp.net/wrgrace.

**PLEASE TAKE FURTHER NOTICE** that

1.     A hearing on the Ninth Omnibus Objection will be held before the Honorable Judith K. Fitzgerald, United States Bankruptcy Court, 824 Market Street, Wilmington, Delaware on **June 27, 2005 at 12:00 p.m.** (the "Claims Hearing").

2.     Any party wishing to oppose the relief requested in the Ninth Omnibus Objection must file a written response with the Clerk of the U.S. Bankruptcy Court, 824 Market Street, Wilmington, Delaware 19801, and serve a copy of the response upon Kirkland & Ellis LLP, Attn: Rachel R. Schulman, 200 East Randolph Drive, Suite 6500, Chicago, Illinois 60601, and upon Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C., Attn: David W. Carickhoff, Jr., 919 N. Market Street, 16th Floor, P.O. Box 8705, Wilmington, Delaware 19899-8705 (Courier 19801), so as to be received on or before **June 17, 2005 at 4:00 p.m. (Eastern Time)**. Only those responses timely filed with the Court and received by the Debtors' counsel will be considered by the Court.

3.     If no response is filed, served and received by June 17, 2005, at 4:00 p.m. (Eastern Time) the Court will be requested to enter an order, similar to the attached form of proposed order disallowing, expunging, and/or reclassifying the Claim(s) as requested in the Ninth Omnibus Objection.

4.     Any response should contain the following:

    (i)     a caption setting forth the name of the Court, the name of the Debtors, the case number and the title of the Objection to which the response is directed;

    (ii)    the name and contact information (including daytime telephone number) of the claimant and a description of the basis for the amount of the claim;

    (iii)   the claim number(s) of the claim objection(s) to which the response is directed;

    (iv)    the specific factual basis and supporting legal argument upon which the party will rely in opposing the Ninth Omnibus Objection; and

    (v)     any supporting documentation, to the extent it was not included with the proof of claim previously filed with the Clerk or Claims Agent, upon which the party will rely to support the basis for and amounts asserted in the proof of claim.

5.     If you file a response to the Ninth Omnibus Objection, you should be prepared to argue that response at the Claims Hearing unless you reach an agreement with the Debtors' counsel to continue or resolve your matter.

6.     You need not respond to the Ninth Omnibus Objection or appear at the Claims Hearing if you do not object to the relief requested in the Ninth Omnibus Objection. If you do not timely file and serve a response to the Ninth Omnibus Objection, the relief requested in the Ninth Omnibus Objection may be granted without further notice to you. Failure to timely file a response to the Ninth Omnibus Objection shall be deemed (i) waiver of your right to respond to the Ninth Omnibus Objection and (ii) your consent to the relief requested in the Ninth Omnibus Objection respecting your Claim.

7.     The Debtors reserve the right to file and serve a reply to a claimant's Response. **If you have any questions regarding your claim(s) you should contact Bankruptcy Management Corporation at (888) 909-0100. If you have any questions regarding the Ninth Omnibus Objection, please call Rachel Schulman at Kirkland & Ellis LLP at (312) 861-2441.**

Wilmington, Delaware
Dated: May 18, 2005

Respectfully submitted,

KIRKLAND & ELLIS LLP    and    PACHULSKI, STANG, ZIEHL, YOUNG,
James H.M. Sprayregen, P.C.                   JONES & WEINTRAUB P.C.
James W. Kapp III                                 /s/
Janet S. Baer                                   Laura Davis Jones (Bar No. 2436)
200 East Randolph Drive                   David W. Carickhoff, Jr. (Bar No. 3715)
Chicago, IL 60601-6636                 919 N. Market Street, 16th Floor
(312) 861-2000 (telephone)              P.O. Box 8705
(312) 861-2200 (facsimile)              Wilmington, Delaware 19899-8705 (Courier 19801)
                                         (302) 652-4100 (telephone)
                                         (302) 652-4400 (facsimile)

Co-Counsel for the Debtors and Debtors in Possession

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | Jointly Administered |

## DECLARATION OF MARK A. SHELNITZ IN SUPPORT OF DEBTORS' NINTH OMNIBUS OBJECTION TO CLAIMS (SUBSTANTIVE)

I, Mark A. Shelnitz, hereby declare that the following is true to the best of my knowledge, information and belief:

1.    I am Vice President, General Counsel and Secretary of W. R. Grace & Co. ("Grace"), which has offices located at 7500 Grace Drive, Columbia, Maryland 21044. I submit this declaration (the "Declaration") in support of the Ninth Omnibus Objection (the "Ninth Omnibus Objection").

2.    I am responsible for overseeing the claims review and objection process in these cases. In that capacity, I have reviewed the Ninth Omnibus Objection and am, directly or through the Debtors' personnel, attorneys, and Bankruptcy Management Corporation, the

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Debtors' claims consultant, familiar with the information contained therein and in the exhibits annexed thereto.

3.      Upon information and belief, the Debtors maintain books and records (the "Books and Records") that reflect, among other things, the Debtors' liabilities and respective amounts owed to their creditors.

4.      To date, more than 14,900 Proofs of Claim have been filed against the Debtors in these cases by holders of claims (the "Claimants").

5.      Under my supervision, considerable resources and time have been expended to ensure a high level of diligence in reviewing and reconciling the proofs of claim filed in these cases.   These claims were carefully reviewed and analyzed by appropriate personnel, and, in some cases, the Debtors' professional advisors, resulting in the identification of objectionable claims, which are the subject of the Ninth Omnibus Objection.   Based on these efforts, the Debtors have determined that the disputed claims should be reclassified, reduced, or disallowed and expunged as indicated in the Ninth Omnibus Objection.

### The No Liability Claims

6.      To the best of my knowledge and belief, I have determined that the claims against the Debtors listed on Exhibit A of the Ninth Omnibus Objection are not enforceable against the Debtors or their property under any agreement or applicable law.   In particular, the Debtors' books and records indicate that they have no liability for these claims because (a) the claimant has no relationship with the Debtors, (b) the claim is actually against an unrelated, non-debtor entity, (c) the Debtors have no liability pursuant to a separate settlement agreement, or (d) there is no current liability due to the Claimant.

**The Reclassify and Allow Claims**

7.      To the best of my knowledge and belief, I have determined that the claims against the Debtors listed on <u>Exhibit B</u> of the Ninth Omnibus Objection are filed in the wrong classification from the classification reflected on the Debtors' Books and Records.

**The Reduce and Allow Claims**

8.      To the best of my knowledge and belief, I have determined that the claims against the Debtors listed on <u>Exhibit C</u> of the Ninth Omnibus Objection are filed for amounts that differ from the amounts reflected on the Debtors' Books and Records.

The information contained in this Declaration is true and correct to the best of my knowledge and belief.

May 12, 2005

_Mark A. Shelnitz_
Mark A. Shelnitz
Vice President, General Counsel and
Secretary

Subscribed and sworn to before me
this 12ᵗʰ day of May, 2005.

_Diane E. Armstrong_

NOTARY PUBLIC, State of _Maryland_
My Commission Expires: 09/01/2008



DIANE Z. ARMSTRONG
NOTARY PUBLIC STATE OF MARYLAND
My Commission Expires September 1, 2008

3

IN THE UNITED STATES BANKRUTPCY COURT

FOR THE DISTRICT OF DELAWARE

In re:                                    )      Chapter 11
                                          )
W.R. GRACE & CO., et al.,                 )      Case No. 01-1139 (JKF)
                                          )      (Jointly Administered)
            Debtors.                      )

### ORDER GRANTING THE RELIEF SOUGHT IN DEBTORS' NINTH OMNIBUS OBJECTION TO CLAIMS (SUBSTANTIVE)

Upon consideration of the Ninth Omnibus Objection[1] of the above captioned debtors and debtors in possession (the "Debtors"), seeking entry of an order expunging, reducing, reclassifying and disallowing certain Claims; and no previous application having been made; and upon consideration of the Ninth Omnibus Objection and all responses thereto; and due and proper notice of the Ninth Omnibus Objection having been given, it is hereby

ORDERED that, except as hereinafter stated, the relief sought in the Ninth Omnibus Objection is granted to the extent not inconsistent with the language herein and with the Exhibits attached hereto;[2] and it is further

ORDERED that the Objection to each of the No Liability Claims listed on Exhibit A to this Order is sustained, and each of the claims is expunged and disallowed for all purposes; and it is further

---

[1]  Capitalized terms used but not defined herein are as defined in the Debtors' Ninth Omnibus Objection.

[2]  To the extent that any claim that is the subject of the Ninth Omnibus Objection has been or is otherwise addressed by an approved stipulation between the Debtors and the claimant, that stipulation shall control the disposition of that claim.

Del. Doc. No. 108199v2

ORDERED that the Objection to each of the Reclassify and Allow Claims listed on Exhibit B to this Order is sustained, and each of the claims is reclassified as indicated; and it is further

ORDERED that the Objection to each of the Reduce and Allow Claims listed on Exhibit C to this Order is sustained, and each of the claims is reduced as indicated; and it is further

ORDERED that except as provided for herein and consistent with applicable local rules and Bankruptcy Rules, the rights of the Debtors to object to any claim listed on any exhibit to this Order for any reason are expressly preserved; and it is further

ORDERED that, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, made applicable in the contested matter by Rules 7054 and 9014 of the Federal Rules of Bankruptcy Procedure, the Court hereby directs entry of a final judgment with respect to the claims objections as to which relief is entered by this Order, the Court having determined that there is no just reason for delay in the entry of judgment on these matters; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: _____, 2005

_____
Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

2

# EXHIBIT A

## In re: W.R. GRACE & CO., et al
## OMNIBUS 9: EXHIBIT A - NO LIABILITY CLAIMS

| | Creditor Name / Address | Case Number   Claim Number | Total Claim Dollars* | Claim Class** | Reason For Proposed Disallowance |
|---|---|---|---|---|---|
| 1 | BAKER, LAWRENCE C/O KATHLEEN L MILLIAN TERRIS PRAVLIK & MILLIAN LLP 1121 12TH ST NW WASHINGTON DC 20005-4632 | 01-01139   14063 W.R. GRACE & CO. | $404,432,019.36 | (U) | NO LIABILITY PER SETTLEMENT AGREEMENT WITH HONEYWELL. |
| 2 | BAKER, LAWRENCE C/O KATHLEEN L MILLIAN TERRIS PRAVLIK & MILLIAN LLP 1121 12TH ST NW WASHINGTON DC 20005-4632 | 01-01153   14072 ECARG, INC. | $404,432,019.36 | (U) | NO LIABILITY PER SETTLEMENT AGREEMENT WITH HONEYWELL. |
| 3 | CITY OF CHATTANOOGA 101 E 11TH ST #102 CHATTANOOGA TN 37402 | 01-01139   78 W.R. GRACE & CO. | $16,225.83 | (P) | NO TAX IS CURRENTLY OWED. |
| 4 | CITY OF HOUSTON ATTN DEBRA GUERRERO 4200 LEELAND HOUSTON TX 77023 | 01-01139   9 W.R. GRACE & CO. | $643.08 | (U) | NO TAX LIABILITY EXISTS PER CREDITOR. |
| 5 | CLARKE, REV WINSTON C/O KATHLEEN L MILLIAN TERRIS PRAVLIK & MILLIAN LLP 1121 12TH ST NW WASHINGTON DC 20005-4632 | 01-01139   14061 W.R. GRACE & CO. | $404,432,019.36 | (U) | NO LIABILITY PER SETTLEMENT AGREEMENT WITH HONEYWELL. |
| 6 | CLARKE, REV WINSTON C/O KATHLEEN L MILLIAN TERRIS PRAVLIK & MILLIAN LLP 1121 12TH ST NW WASHINGTON DC 20005-4632 | 01-01153   14069 ECARG, INC. | $404,432,019.36 | (U) | NO LIABILITY PER SETTLEMENT AGREEMENT WITH HONEYWELL. |
| 7 | COMMONWEALTH OF MASSACHUSETTS DEPT OF REV ANNE CHAN TAX EXAMINER BOX 9484 BOSTON MA 02205-9484 | 01-01142   1480 ALEWIFE BOSTON LTD. | $3,250.59 $830.00 | (P) (U) | ALEWIFE BOSTON LTD. IS A HOLDING COMPANY WITH NO OPERATIONS AND THEREFORE NO SALES TAX DUE. |
| 8 | COMMONWEALTH OF MASSACHUSETTS DEPT OF REV ANNE CHAN TAX EXAMINER BOX 9484 BOSTON MA 02205-9484 | 01-01143   1481 ALEWIFE LAND CORPORATION | $3,250.59 $830.00 | (P) (U) | ALEWIFE LAND CORPORATION IS A HOLDING COMPANY WITH NO OPERATIONS AND THEREFORE NO SALES TAX DUE. |
| 9 | DUKE ENERGY CORPORATION PO BOX 1244 CHARLOTTE NC 28201-1244 | 01-01139   116 W.R. GRACE & CO. | $1,066.55 | (U) | THE CLAIMED AMOUNT IS THE RESPONSIBILITY OF AMICON. GRACE DIVESTED THIS BUSINESS IN 1996. |

*Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.     **(A) - Administrative     (S) - Secured
                                                                                                          (P) - Priority          (U) - Unsecured

The classification of the claims set forth herein is the classification asserted on the filed proof of claim. The Debtors include such classification for the purpose of identifying the claim to which the objection applies. The inclusion of the classification shall not constitute an acknowledgement by the Debtors that such classification is correct or appropriate.

5/12/2005 12:49:38 PM

## In re: W.R. GRACE & CO., et al
## OMNIBUS 9: EXHIBIT A - NO LIABILITY CLAIMS

| | Creditor Name / Address | Case Number | Claim Number | Total Claim Dollars* | Claim Class** | Reason For Proposed Disallowance |
|---|---|---|---|---|---|---|
| 10 | GREENVILLE COUNTY TAX COLLECTOR<br>301 UNIVERSITY RDG STE 700<br>GREENVILLE SC 29601 | 01-01139<br>W.R. GRACE & CO. | 2177 | $42,191.16 | (S) | PROPERTY HAS BEEN SOLD.  NO TAX LIABILITY EXISTS. |
| 11 | GST CORPORATION<br>8295 TOURNAMENT DR #150<br>MEMPHIS TN 38125 | 01-01139<br>W.R. GRACE & CO. | 83 | $2,339.25 | (U) | NEED SIGNED BILL OF LADING AS PROOF OF DELIVERY FOR INVOICE 933785-0 ($702.00)  AS THE PLANT HAS NO RECORD OF RECEIVING THIS SHIPMENT.  FOR THE REMAINING INVOICES, THE PAYMENT WAS DENIED DUE TO POOR BLOCKING AND BRACING OF THE LOADS. |
| 12 | HACKENSAC RIVERKEEPER INC<br>C/O KATHLEEN L MILLIAN<br>TERRIS PRAVLIK & MILLIAN LLP<br>1121 12TH ST NW<br>WASHINGTON DC 20005-4632 | 01-01153<br>ECARG, INC. | 14067 | $404,432,019.36 | (U) | NO LIABILITY PER SETTLEMENT AGREEMENT WITH HONEYWELL. |
| 13 | HACKENSACK RIVERKEEPER INC<br>C/O KATHLEEN L MILLIAN<br>TERRIS PRAVLIK & MILLIAN LLP<br>1121 12TH ST NW<br>WASHINGTON DC 20005-4632 | 01-01139<br>W.R. GRACE & CO. | 14059 | $404,432,019.36 | (U) | NO LIABILITY PER SETTLEMENT AGREEMENT WITH HONEYWELL. |
| 14 | HERRING, MARTHA WEBB<br>C/O KATHLEEN L MILLIAN<br>TERRIS PRAVLIK & MILLIAN LLP<br>1121 12TH ST NW<br>WASHINGTON DC 20005-4632 | 01-01139<br>W.R. GRACE & CO. | 14064 | $404,432,019.36 | (U) | NO LIABILITY PER SETTLEMENT AGREEMENT WITH HONEYWELL. |
| 15 | HERRING, MARTHA WEBB<br>C/O KATHLEEN L MILLIAN<br>TERRIS PRAVLIK & MILLIAN LLP<br>1121 12TH ST NW<br>WASHINGTON DC 20005-4632 | 01-01153<br>ECARG, INC. | 14071 | $404,432,019.36 | (U) | NO LIABILITY PER SETTLEMENT AGREEMENT WITH HONEYWELL. |
| 16 | INTERFAITH COMMUNITY ORGANIZATION<br>C/O KATHLEEN L MILLIAN<br>TERRIS PRAVLIK & MILLIAN LLP<br>1121 12TH ST NW<br>WASHINGTON DC 20005-4632 | 01-01139<br>W.R. GRACE & CO. | 14065 | $404,432,019.36 | (U) | NO LIABILITY PER SETTLEMENT AGREEMENT WITH HONEYWELL. |
| 17 | INTERFAITH COMMUNITY ORGANIZATION<br>C/O KATHLEEN L MILLIAN<br>TERRIS PRAVLIK & MILLIAN LLP<br>1121 12TH ST NW<br>WASHINGTON DC 20005-4632 | 01-01153<br>ECARG, INC. | 14073 | $404,432,019.36 | (U) | NO LIABILITY PER SETTLEMENT AGREEMENT WITH HONEYWELL. |

*Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.    **(A) - Administrative    (S) - Secured
(P) - Priority    (U) - Unsecured

The classification of the claims set forth herein is the classification asserted on the filed proof of claim.  The Debtors include such classification for the purpose of identifying the claim to which the objection applies.  The inclusion of the classification shall not constitute an acknowledgement by the Debtors that such classification is correct or appropriate.

5/12/2005 12:49:38 PM

In re: W.R. GRACE & CO., et al
OMNIBUS 9: EXHIBIT A - NO LIABILITY CLAIMS

| | Creditor Name / Address | Case Number | Claim Number | Total Claim Dollars* | Claim Class** | Reason For Proposed Disallowance |
|---|---|---|---|---|---|---|
| 18 | LAERDAL MEDICAL CORPORATION<br>ATTN: PAT GOODWIN<br>167 MYERS CORNERS RD<br>WAPPINGERS FALLS NY 12590 | 01-01139<br>W.R. GRACE & CO. | 1135 | $350.00 | (U) | GRACE WAS REBILLED AS TAX WAS LEFT OFF ORIGINAL INVOICE. INVOICE WAS NEVER CANCELLED IN VENDOR'S SYSTEM. NO CURRENT LIABILITY. |
| 19 | LOCKE, ROBERT H<br>C/O DAVID C CASEY<br>150 FEDERAL ST<br>BOSTON MA 02110 | 01-01139<br>W.R. GRACE & CO. | 9566 | $7,000,000.00 | (U) | NO CURRENT LIABILITY TO THIS CLAIMANT. |
| 20 | MILWAUKEE SOLVENTS & CHEMICALS CORP<br>PO BOX 444<br>BUTLER WI 53007-0444 | 01-01139<br>W.R. GRACE & CO. | 15467 | $33,747.80 | (U) | CREDITOR FILED CLAIM TO AMEND PREVIOUSLY FILED CLAIM. ORIGINAL CLAIM WAS ACQUIRED BY LONGACRE MASTER FUND PER DOCKET #6582. CREDITOR NO LONGER HAS AUTHORITY TO AMEND ORIGINAL CLAIM. |
| 21 | NAVAS, MARGARITA<br>C/O KATHLEEN L MILLIAN<br>TERRIS PRAVLIK & MILLIAN<br>1121 12TH ST NW<br>WASHINGTON DC 20005-4632 | 01-01139<br>W.R. GRACE & CO. | 14060 | $404,432,019.36 | (U) | NO LIABILITY PER SETTLEMENT AGREEMENT WITH HONEYWELL. |
| 22 | NAVAS, MARGARITA<br>C/O KATHLEEN L MILLIAN<br>TERRIS PRAVLIK & MILLIAN LLP<br>1121 12TH ST NW<br>WASHINGTON DC 20005-4632 | 01-01153<br>ECARG, INC. | 14068 | $404,432,019.36 | (U) | NO LIABILITY PER SETTLEMENT AGREEMENT WITH HONEYWELL. |
| 23 | SHEEHAN, WILLIAM<br>C/O KATHLEEN L MILLIAN<br>TERRIS PRAVLIK & MILLIAN LLP<br>1121 12TH ST NW<br>WASHINGTON DC 20005-4632 | 01-01139<br>W.R. GRACE & CO. | 14058 | $404,432,019.36 | (U) | NO LIABILITY PER SETTLEMENT AGREEMENT WITH HONEYWELL. |
| 24 | SHEEHAN, WILLIAM<br>C/O KATHLEEN L MILLIAN<br>TERRIS PRAVLIK & MILLIAN LLP<br>1121 12TH ST NW<br>WASHINGTON DC 20005-4632 | 01-01153<br>ECARG, INC. | 14066 | $404,432,019.36 | (U) | NO LIABILITY PER SETTLEMENT AGREEMENT WITH HONEYWELL. |
| 25 | VINCENT TULLINO AND PHILOMENA TULLINO<br>C/O LARKIN AXELROD TRACHTE & TETENBAUM LLP<br>34 ROUTE 17K<br>NEWBURGH NY 12550 | 01-01139<br>W.R. GRACE & CO. | 2286 | $31,000,000.00 | (U) | NO CURRENT LIABILITY TO THE CLAIMANT. |

*Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.

**(A) - Administrative     (S) - Secured
(P) - Priority     (U) - Unsecured

The classification of the claims set forth herein is the classification asserted on the filed proof of claim. The Debtors include such classification for the purpose of identifying the claim to which the objection applies. The inclusion of the classification shall not constitute an acknowledgement by the Debtors that such classification is correct or appropriate.

5/12/2005 12:49:38 PM

**In re: W.R. GRACE & CO., et al**
**OMNIBUS 9: EXHIBIT A - NO LIABILITY CLAIMS**

| | Creditor Name / Address | Case Number | Claim Number | Total Claim Dollars* | Claim Class** | Reason For Proposed Disallowance |
|---|---|---|---|---|---|---|
| 26 | WEBB, MARGARET C/O KATHLEEN L MILLIAN TERRIS PRAVLIK & MILLIAN 1121 12TH ST NW WASHINGTON DC 20005-4632 | 01-01139 W.R. GRACE & CO. | 14062 | $404,432,019.36 | (U) | NO LIABILITY PER SETTLEMENT AGREEMENT WITH HONEYWELL. |
| 27 | WEBB, MARGARET C/O KATHLEEN L MILLIAN TERRIS PRAVLIK & MILLIAN LLP 1121 12TH ST NW WASHINGTON DC 20005-4632 | 01-01153 ECARG, INC. | 14070 | $404,432,019.36 | (U) | NO LIABILITY PER SETTLEMENT AGREEMENT WITH HONEYWELL. |

| | | | |
|---|---|---|---|
| totals: | $42,191.16 | (S) |
| | $22,727.01 | (P) |
| | $6,508,952,116.44 | (U) |

*Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.     **(A) - Administrative     (S) - Secured
                                                                                                                (P) - Priority            (U) - Unsecured

The classification of the claims set forth herein is the classification asserted on the filed proof of claim. The Debtors include such classification for the purpose of identifying the claim to which the objection applies. The inclusion of the classification shall not constitute an acknowledgement by the Debtors that such classification is correct or appropriate.

# EXHIBIT B

### In re: W.R. GRACE & CO., et al
### OMNIBUS 9: EXHIBIT B - RECLASSIFY & ALLOW CLAIMS

| | Creditor Name / Address | Claim Number | Total Claim Dollars*Class** | | Modified Claim Amount* | Claim Class** | Reason For Modification |
|---|---|---|---|---|---|---|---|
| 1 | TAYLOR, DUANE, BARTON & GILMAN LLP<br>ATTN: JAMES J DUANE III<br>111 DEVONSHIRE ST<br>BOSTON MA 02109 | 854 | $1,679.03 | (P) | $1,679.03 | (U) | NO BASIS FOR PRIORITY CLAIM. |
| | totals: | | $1,679.03 | (P) | $1,679.03 | (U) | |

*Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.

**(A) - Administrative    (S) - Secured
(P) - Priority    (U) - Unsecured

Page 1 of 1

5/12/2005 12:52:40 PM

Page 40 of 45

# EXHIBIT C

**In re: W.R. GRACE & CO., et al**
**OMNIBUS 9: EXHIBIT C - REDUCE & ALLOW CLAIMS**

| | Creditor Name / Address | Claim Number | Total Claim Dollars*Class** | Claim Class** | Modified Claim Amount* | Claim Class** | Reason For Modification |
|---|---|---|---|---|---|---|---|
| 1 | CUSTOM BLEND COFFEE SERVICE<br>8042 NORTH DR<br>HIGHLAND IN 46322 | 1682 | $417.95 | (U) | $297.63 | (U) | REDUCED FOR PAYMENT MADE 1/9/01 TOTALING $120.32 IN PAYMENT OF THE TWO CLAIMED INVOICES DATED 1/9/01. |
| 2 | LEAVENWORTH COUNTY KANSAS<br>C/O KEYTA D KELLY<br>LEAVENWORTH COUNTY COURTHOUSE<br>300 WALNUT<br>LEAVENWORTH KS 66048 | 596 | $20.16 | (P) | $5.33 | (P) | BALANCE OF TAX BILL PREVIOUSLY PAID. |
| 3 | MCSPADDEN REAL ESTATE SERVICES INC<br>517 UNION AVE STE 238<br>KNOXVILLE TN 37902 | 2000 | $3,240.31 | (U) | $3,150.00 | (U) | APPROVED AMOUNT REPRESENTS PRE-PETITION BALANCE DUE VENDOR. NO EXPLANATION PROVIDED BY VENDOR FOR DIFFERENCE. |
| 4 | PACIFIC GAS AND ELECTRIC COMPANY<br>PO BOX 8329<br>STOCKTON CA 95208 | 403 | $14,338.57 | (U) | $6,230.30 | (U) | REDUCED ACCOUNT HJK3458522. |
| 5 | SAFETY KLEEN CORPORATION<br>PO BOX 11393<br>COLUMBIA SC 29211 | 163 | $162,429.45 | (U) | $81,981.37 | (U) | SOME INVOICES WERE PAID AND OTHERS COULD NOT BE CONFIRMED WITH A SIGNED MANIFEST OR BOL. |
| 6 | SOUTH CAROLINA ELECTRIC & GAS COMPANY<br>C/O L V SCHIESSER<br>SCANA SERVICES<br>1426 MAIN ST MAIL CODE 130<br>COLUMBIA SC 29218 | 1957 | $32,458.29 | (U) | $31,978.61 | (U) | CLAIM INCLUDES LATE FEES. |

| | totals: | | | | | |
|---|---|---|---|---|---|---|
| | | $20.16 | (P) | $5.33 | (P) | |
| | | $212,884.57 | (U) | $123,637.91 | (U) | |

*Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.

**(A) - Administrative     (S) - Secured
(P) - Priority     (U) - Unsecured

Page 1 of 1

5/12/2005 12:55:06 PM

Page 42 of 45