# EXHIBIT 1

IN THE UNITED STATES BANKRUTPCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No. 01-1139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Objection Deadline: June 10, 2005**
**Hearing Date: June 27, 2005 at 12:00 p.m.**

**NOTICE OF FILING**
**DEBTORS' TENTH OMNIBUS OBJECTION TO CLAIMS (NON-SUBSTANTIVE)**

**PLEASE TAKE NOTICE** that on or about May 18, 2005, the above-captioned

debtors and debtors in possession (the "Debtors") filed the Debtors' Tenth Omnibus Objection to

Claims (Non-Substantive) (the "Tenth Omnibus Objection") with the United States Bankruptcy

Court for the District of Delaware.

**PLEASE TAKE FURTHER NOTICE** that the following parties will receive a

copy of the Tenth Omnibus Objection (with all exhibits): (i) the U.S. Trustee and (ii) the Core

Group as defined in the current Case Management Procedures and (iii) the 2002 List. In

addition, the Debtors' claims consultant, Bankruptcy Management Corporation ("BMC"), will

serve a copy of the Tenth Omnibus Objection and a customized Notice summarizing claim detail

exactly as reflected in the Exhibit on which such creditor is listed upon those creditors that have

filed claims that are affected by the Tenth Omnibus Objection in lieu of serving all Exhibits.

Any party may obtain a copy of the Tenth Omnibus Objection with all Exhibits or a copy of the

Debtors' Declaration in Support of the Objection by requesting the same from BMC at (888)

909-0100 or by going onto the BMC website at http://www.bmccorp.net/wrgrace.

**PLEASE TAKE FURTHER NOTICE** that

1.      A hearing on the Tenth Omnibus Objection will be held before the

Honorable Judith K. Fitzgerald, United States Bankruptcy Court, 824 Market Street,

Wilmington, Delaware on **June 27, 2005 at 12:00 p.m.** (the "Claims Hearing").

2.      Any party wishing to oppose the relief requested in the Tenth Omnibus

Objection must file a written response with the Clerk of the U.S. Bankruptcy Court, 824 Market

Street, Wilmington, Delaware 19801, and serve a copy of the response upon Kirkland & Ellis

LLP, Attn: Rachel R. Schulman, 200 East Randolph Drive, Suite 6500, Chicago, Illinois 60601,

and upon Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C., Attn: David W. Carickhoff,

Jr., 919 N. Market Street, 16th Floor, P.O. Box 8705, Wilmington, Delaware 19899-8705

(Courier 19801), so as to be received on or before **June 10, 2005 at 4:00 p.m. (Eastern Time)**.

Only those responses timely filed with the Court and received by the Debtors' counsel will be

considered by the Court.

3.      If no response is filed, served and received by June 10, 2005, at 4:00 p.m.

(Eastern Time) the Court will be requested to enter an order, similar to the attached form of

proposed order disallowing, expunging, and/or reclassifying the Claim(s) as requested in the

Tenth Omnibus Objection.

4.      Any response should contain the following:

a.      a caption setting forth the name of the Court, the name of the

Debtors, the case number and the title of the Objection to which the response is directed;

b.      the name and contact information (including daytime telephone

number) of the claimant and a description of the basis for the amount of the claim;

2

    c.  the claim number(s) of the claim objection(s) to which the

response is directed;

    d.  the specific factual basis and supporting legal argument upon

which the party will rely in opposing the Tenth Omnibus Objection; and

    e.  any supporting documentation, to the extent it was not included

with the proof of claim previously filed with the Clerk or Claims Agent, upon which the party

will rely to support the basis for and amounts asserted in the proof of claim.

    5.  If you file a response to the Tenth Omnibus Objection, you should be

prepared to argue that response at the Claims Hearing unless you reach an agreement with the

Debtors' counsel to continue or resolve your matter.

    6.  You need not respond to the Tenth Omnibus Objection or appear at the

Claims Hearing if you do not object to the relief requested in the Tenth Omnibus Objection.  If

you do not timely file and serve a response to the Tenth Omnibus Objection, the relief requested

in the Tenth Omnibus Objection may be granted without further notice to you.  Failure to timely

file a response to the Tenth Omnibus Objection shall be deemed (i) waiver of your right to

respond to the Tenth Omnibus Objection and (ii) your consent to the relief requested in the Tenth

Omnibus Objection respecting your Claim.

3

7.      The Debtors reserve the right to file and serve a reply to a claimant's

Response.  **If you have any questions regarding your claim(s) you should contact**

**Bankruptcy Management Corporation at (888) 909-0100.  If you have any questions**

**regarding the Tenth Omnibus Objection, please call Rachel Schulman, Kirkland & Ellis**

**LLP at (312) 861-2441.**

Dated: May 18, 2005

                              KIRKLAND & ELLIS LLP
                              James H.M. Sprayregen, P.C.
                              James W. Kapp III
                              Janet S. Baer
                              200 East Randolph Drive
                              Chicago, IL  60601
                              (312) 861-2000

                              and

                              PACHULSKI, STANG, ZIEHL, YOUNG, JONES
                              & WEINTRAUB P.C.

                              Laura Davis Jones (Bar No. 2436)
                              David W. Carickhoff, Jr. (Bar No. 3715)
                              919 North Market Street, 16th Floor
                              P.O. Box 8705
                              Wilmington, DE 19899-8705 (Courier 19801)
                              Telephone:  (302) 652-4100
                              Facsimile:  (302) 652-4400

                              Co-Counsel for Debtors and Debtors in Possession

4

IN THE UNITED STATES BANKRUTPCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No. 01-1139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Objection Deadline: June 10, 2005**
**Hearing Date: June 27, 2005 at 12:00 p.m.**

## DEBTORS' TENTH OMNIBUS OBJECTION TO CLAIMS (NON-SUBSTANTIVE)

The above-captioned debtors and debtors in possession (the "Debtors") hereby file this Tenth Omnibus Objection to Claims (the "Tenth Omnibus Objection") and, in support thereof, state the following:

### Jurisdiction

1.      This Court has jurisdiction over this matter under 28 U.S.C. § 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A) and (O).

2.      The statutory bases for relief requested herein are 11 U.S.C. §§ 105(a), 502, and 506 and Rules 3001 and 3007 of the Federal Rules of Bankruptcy Procedure (as amended from time to time, the "Bankruptcy Rules").

### Background

3.      On April 2, 2001 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (as amended from time to time, the "Bankruptcy Code") commencing their respective chapter 11 cases (collectively, the "Chapter 11 Cases").  The Chapter 11 Cases have been consolidated for

administrative purposes only, and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

### Claims Bar Date

4.      By an order dated April 25, 2002, this Court set March 31, 2003 as the last date for filing proofs of claim for all pre-petition claims relating to asbestos property damage claims, non-asbestos claims (including all governmental claims), and medical monitoring claims (the "Bar Date"). A bar date has yet to be set for asbestos personal injury claims and claims related to Zonolite Attic Insulation.

### The Objection And Request For Relief

5.      By this Tenth Omnibus Objection, the Debtors seek disallowance of the claims set forth in the exhibits attached hereto[1] for the reasons described herein and in such exhibits:

a.      The Claims set forth as "Amended" in **Exhibit A** attached hereto are claims that have been superceded by an amended claim filed subsequent to such claim (the "Amended Claims"); and

b.      The Claims set forth as "Duplicate" in **Exhibit B** attached hereto are claims that are duplicative of claims previously filed (the "Duplicate Claims").

---

[1]      The classification of the claims set forth on the exhibits is the classification asserted on the filed proof of claim. The Debtors include such classification for the purpose of identifying the claim to which the objection applies. The inclusion of the classification shall not constitute an acknowledgement by the Debtors that such classification is correct or appropriate.

2

### The Amended Claims

6.    The Debtors object to the Amended Claims because these claims have been superceded by an amended claim filed subsequent to such claim. Therefore, the Amended Claims listed on **Exhibit A** should be disallowed and expunged.

7.    If the Debtors' objection is sustained, the claims listed as "Surviving Claims" (the "Surviving Claims") on **Exhibit A** will remain on the claims registry subject to the Debtors' right to object to the Surviving Claims in the future on any grounds allowed under applicable law. Claimants holding Amended Claims will suffer no prejudice by having their Amended Claims disallowed and expunged, because the Surviving Claims, the more recent of the claimants' claims against the Debtors, will remain on the claims registry after the Amended Claim is expunged.

### The Duplicate Claims

8.    The Debtors object to the Duplicate Claims pursuant to sections 502(b)(1) of the Bankruptcy Code because these claims are duplicative claims filed by the same creditor. Therefore, the Duplicate Claims set out in **Exhibit B** should be disallowed and expunged.

9.    If the Debtors' objection is sustained, the claims listed as "Surviving Claims" (the "Surviving Claims") on **Exhibit B** will remain on the claims registry subject to the Debtors' right to object to the Surviving Claims in the future on any grounds allowed under applicable law. Claimants holding Duplicate Claims will suffer no prejudice by having their Duplicate Claims disallowed and expunged, because the Surviving Claims will remain on the claims registry after the Duplicate Claims are expunged.

3

### Separate Contested Matters

10.    To the extent that a response is filed regarding any claim listed in the

Tenth Omnibus Objection and the Debtors are unable to resolve the response, each such claim

and the Objection by the Debtors to each such claim asserted in the Tenth Omnibus Objection

shall constitute a separate contested matter as contemplated by Rule 9014 of the Federal Rules of

Bankruptcy Procedure.  Any order entered by the Court regarding an objection asserted in the

Tenth Omnibus Objection shall be deemed a separate order with respect to each claim.

### Responses to Omnibus Objections

11.    To contest an objection, a claimant must file and serve a written response

to this Tenth Omnibus Objection (a "Response") so that it is received no later than 4:00 p.m.

(Eastern Time) on June 10, 2005.  Every Response must be filed with the Office of the Clerk of

the United States Bankruptcy Court for the District of Delaware: 824 Market Street, Wilmington,

Delaware 19801 and served upon the following entities, so that the response is received no later

than 4:00 p.m. (Eastern Time) on June 10, 2005, at the following addresses:

> Kirkland & Ellis LLP
> 200 E. Randolph Drive
> Chicago, Illinois 60601
> Attn:   Rachel Reagler Schulman
>
> Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C.
> 919 North Market Street, 16th Floor
> P. O. Box 8705
> Wilmington, Delaware 19899-8705 (Courier 19801)
> Attn: David W. Carickhoff, Jr.

12.    Every Response to this Omnibus Objection must contain at a minimum the

following:

4

        a.       a caption setting forth the name of the Court, the name of the Debtors, the case number and the title of the Tenth Omnibus Objection to which the response is directed;

        b.       the name of the claimant, their claim number and a description of the basis for the amount of the claim;

        c.       the specific factual basis and supporting legal argument upon which the party will rely in opposing the Tenth Omnibus Objection;

        d.       any supporting documentation, to the extent it was not included with the proof of claim previously filed with the Clerk or Claims Agent, upon which the party will rely to support the basis for and amounts asserted in the proof of claim;

        e.       the name, address, telephone number and fax number of the person(s) (which may be the claimant or the claimant's legal representative) with whom counsel for the Debtors should communicate with respect to the claim or the objection and who possesses authority to reconcile, settle or otherwise resolve the objection to the Disputed Claim on behalf of the claimant.

        13.     If a claimant fails to file and serve a timely Response, the Debtors may present to the Court an appropriate order disallowing and expunging the claim, as applicable, without further notice to the claimant or a hearing.

**Replies to Responses**

        14.     The Debtors may, at their option, file and serve a reply to a claimant's Response.

5

## Reservation

15.     The Debtors hereby reserve the right to object in the future to any of the claims listed in this Tenth Omnibus Objection or on the exhibits attached hereto on any ground, and to amend, modify and/or supplement this Tenth Omnibus Objection, including, without limitation, to object to amended claims and newly-filed claims.  Separate notice and hearing will be scheduled for any such objection.

16.     Notwithstanding anything contained in this Tenth Omnibus Objection or the attached exhibits, nothing herein shall be construed as a waiver of any rights that the Debtors may have (a) to bring avoidance actions under the applicable sections of the Bankruptcy Code, including, but not limited to, 11 U.S.C. § 547, against the holders of claims subject to the Tenth Omnibus Objection; or (b) to exercise its rights of setoff against the holders of such claims relating to such avoidance actions.

## Notice

17.     The Debtors will serve copies of this Tenth Omnibus Objection (with all exhibits) on the Office of the United States Trustee and on all parties that have requested that they be served with all pleadings filed in these cases pursuant to Bankruptcy Rule 2002 (the "2002 List").

18.     Bankruptcy Management Corporation, the Debtors' claims agent, has served a copy of the Tenth Omnibus Objection and customized notices that summarize claim-specific detail exactly as reflected in the exhibit on which such creditor is listed upon those creditors that have filed claims that are affected by the Tenth Omnibus Objection in lieu of

6

serving all exhibits on each such affected creditor. A sample custom notice is attached hereto as **Exhibit C**.

19.     The Debtors submit that notice of this Tenth Omnibus Objection is sufficient under Bankruptcy Rule 3007 and that no further notice is necessary.

### No Previous Request

20.     No previous request for the specific relief set forth herein has been made to this or any other court.

### Compliance With Rule 3007-1

21.     This Tenth Omnibus Objection, and related exhibits attached hereto, complies with Rule 3007-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware.

7

WHEREFORE, the Debtors respectfully request that the Court enter an order disallowing, expunging, reducing and/or reclassifying each of the claims more fully described in this Tenth Omnibus Objection and/or listed on the exhibits attached hereto.

Dated: May 10, 2005

KIRKLAND & ELLIS LLP
James H.M. Sprayregen, P.C.
James W. Kapp III
Janet S. Baer
200 East Randolph Drive
Chicago, IL 60601
(312) 861-2000

and

PACHULSKI, STANG, ZIEHL, YOUNG, JONES
& WEINTRAUB P.C.

Laura Davis Jones (Bar No. 2436)
David W. Carickhoff, Jr. (Bar No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for Debtors and Debtors in Possession

8

# EXHIBIT A

In re: W.R. GRACE & CO., et al

## OMNIBUS 10: EXHIBIT A - AMENDED CLAIMS

| Creditor Name and Address | Case No | Claim Number | Total Claim Dollars* | Claim Class** | Creditor Name and Address | Case No | Claim Number | Total Claim Dollars* | Claim Class** |
|---|---|---|---|---|---|---|---|---|---|
| 1 | ARIZONA DEPT OF REVENUE BANKRUPTCY LITIGATION SECTION 1600 W MONROE PHOENIX AZ 85007 | 01-01139 | 15457 | $257.74 | (A) | ARIZONA DEPT OF REVENUE BANKRUPTCY LITIGATION SECTION 1600 WEST MONROE PHOENIX AZ 85007 | 01-01140 | 15466 | $294.88 | (A) |
| 2 | ARIZONA DEPT OF REVENUE BANKRUPTCY LITIGATION SECTION 1600 WEST MONROE PHOENIX AZ 85007 | 01-01140 | 15466 | $294.88 | (A) | ARIZONA DEPT OF REVENUE BANKRUPTCY LITIGATION SECTION 1600 WEST MONROE PHOENIX AZ 85007 | 01-01140 | 15468 | $382.03 | (A) |
| 3 | ARIZONA DEPT OF REVENUE BANKRUPTCY & COLLECTION SECTION ARIZONA ATTY GENERAL 1275 W WASHINGTON PHOENIX AZ 85018 | 01-01140 | 719 | $162.89 $232,312.20 $14,075.08 | (A) (P) (U) | ARIZONA DEPT OF REVENUE BANKRUPTCY LITIGATION SECTION 1600 W MONROE PHOENIX AZ 85007 | 01-01139 | 15457 | $257.74 | (A) |
| 4 | MOBILE STORAGE GROUP INC 7590 N GLENOAKS BLVD BURBANK CA 91504 | 01-01139 | 3211 | $1,699.70 | (U) | MOBILE STORAGE GROUP INC 7590 N GLENOAKS BLVD BURBANK CA 91504 | 01-01139 | 15484 | $1,699.70 | (U) |

**Total Claims Expunged:** 4    **Total Dollars Expunged:** $248,702.59

*Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.

**(A) - Administrative     (S) - Secured
(P) - Priority             (U) - Unsecured

The classification of the claims set forth herein is the classification asserted on the filed proof of claim. The Debtors include such classification for the purpose of identifying the claim to which the objection applies. The inclusion of the classification shall not constitute an acknowledgement by the Debtors that such classification is correct or appropriate.

Page 1 of 1

5/12/2005 12:57:42 PM

# EXHIBIT B

# In re: W.R. GRACE & CO., et al

## OMNIBUS 10: EXHIBIT B - DUPLICATE CLAIMS

| | Creditor Name and Address | Case No | Claim Number | Total Claim Dollars* | Claim Class** | | Creditor Name and Address | Case No | Claim Number | Total Claim Dollars* | Claim Class** |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | DICKINSON WRIGHT PLLC<br>C/O MICHAEL C HAMMER ESQ<br>500 WOODWARD AVE #4000<br>DETROIT MI 48226 | 01-01139 | 15465 | $66,531.21 | (U) | | DICKINSON WRIGHT PLLC<br>MICHAEL C HAMMER ESQ<br>500 WOODWARD AVE #4000<br>DETROIT MI 48226 | 01-01139 | 15461 | $66,531.21 | (U) |
| 2 | GERLING KONZERN ALLGEMEINE VERSICH<br>C/O JURGEN MULLER<br>GEREONSHOF<br>COLOGNE 50597<br>GERMANY | 01-01139 | 15383 | $50,000.00 | (U) | | GERLING KONZERN ALLGEMEINE VERSICHE<br>C/O JURGEN MULLER<br>GEREONSHOF<br>COLOGNE 50597<br>GERMANY | 01-01139 | 15332 | $50,000.00 | (U) |
| 3 | MILWAUKEE SOLVENTS & CHEMICALS COR<br>PO BOX 444<br>BUTLER WI 53007-0444 | 01-01139 | 15463 | $33,747.80 | (U) | | MILWAUKEE SOLVENTS & CHEMICALS CORP<br>PO BOX 444<br>BUTLER WI 53007-0444 | 01-01139 | 15467 | $33,747.80 | (U) |

**Total Claims Expunged:** 3    **Total Dollars Expunged:** $150,279.01

*Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.

The classification of the claims set forth herein is the classification asserted on the filed proof of claim. The Debtors include such classification for the purpose of identifying the claim to which the objection applies. The inclusion of the classification shall not constitute an acknowledgement by the Debtors that such classification is correct or appropriate.

**(A) - Administrative    (S) - Secured
(P) - Priority    (U) - Unsecured

Page 1 of 1

5/12/2005 12:59:43 PM

# EXHIBIT C

All responses are to be served upon: Rachel R. Schulman, Kirkland & Ellis LLP 200 East Randolph Drive, Chicago, Illinois 60601 and David W. Carickhoff, Jr. Pachulski, Stang, Ziehl, Young, Jones & Weintraub, P.C. 919 North Market Street 16th Floor, P.O. Box 8705, Wilmington, Delaware 19899-8705 (Courier 19801)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re: )    Chapter 11
)
W. R. GRACE & CO., et al.,[1] )
)    Case No. 01-01139 (JKF)
Debtors. )
)    (Jointly Administered)

*02112235520107*    02112235520107    Hearing Date: June 27, 2005 at 12:00 p.m.
Responses Due: June 17, 2005 at 4:00 p.m.

CONTRARIAN CAPITAL TRADE CLAIMS LP
ASSIGNEE OF AT&T
ATTN ALPA JIMENEZ
411 W PUTNAM AVE STE 225
GREENWICH, CT 06830

Basis For Objection:    Amended

### Data For Claim To Be Expunged

| Case | Claim Number | Claim Date | Total Claim Dollars* | Claim Class** |
|------|-------------|-----------|----------------------|---------------|
| 01-01139 | 8770 | 3/29/2003 | $0.00 | (U) |

### Data For Proposed Surviving Claim

| Case | Claim Number | Claim Date | Total Claim Dollars* | Claim Class** |
|------|-------------|-----------|----------------------|---------------|
| 01-01139 | 15451 | 4/29/2004 | $903,636.85 | (U) |

## OMNIBUS 10: EXHIBIT C - SAMPLE CUSTOM NOTICE

### NOTICE OF FILING
### DEBTORS' TENTH OMNIBUS OBJECTION TO CLAIMS (NON-SUBSTANTIVE)

PLEASE TAKE NOTICE that on or about May 18, 2005, the above-captioned debtors and debtors in possession (the "Debtors") filed the Debtors' Tenth Omnibus Objection to Claims (Non-Substantive) (the "Tenth Omnibus Objection") with the United States Bankruptcy Court for the District of Delaware.

---

[1] The Debtors consist of the following 62 entities: W.R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W.R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W.R. Grace Capital Corporation, W.R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

---

*Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.    **(A) - Administrative    (S) - Secured
(P) - Priority    (U) - Unsecured

The classification of the claims set forth herein is the classification asserted on the filed proof of claim. The Debtors include such classification for the purpose of identifying the claim to which the objection applies. The inclusion of the classification shall not constitute an acknowledgement by the Debtors that such classification is correct or appropriate.

**PLEASE TAKE FURTHER NOTICE** that the following parties will receive a copy of the Tenth Omnibus Objection (with all exhibits): (i) the U.S. Trustee and (ii) the Core Group as defined in the current Case Management Procedures and (iii) the 2002 List. In addition, the Debtors' claims consultant, Bankruptcy Management Corporation ("BMC"), will serve a copy of the Tenth Omnibus Objection and a customized Notice summarizing claim detail exactly as reflected in the Exhibit on which such creditor is listed upon those creditors that have filed claims that are affected by the Tenth Omnibus Objection in lieu of serving all Exhibits. Any party may obtain a copy of the Tenth Omnibus Objection with all Exhibits or a copy of the Debtors' Declaration in Support of the Objection by requesting the same from BMC at (888) 909-0100 or by going onto the BMC website at http://www.bmccorp.net/wrgrace.

**PLEASE TAKE FURTHER NOTICE** that

1.      A hearing on the Tenth Omnibus Objection will be held before the Honorable Judith K. Fitzgerald, United States Bankruptcy Court, 824 Market Street, Wilmington, Delaware on June 27, 2005 at 12:00 p.m. (the "Claims Hearing").

2.      Any party wishing to oppose the relief requested in the Tenth Omnibus Objection must file a written response with the Clerk of the U.S. Bankruptcy Court, 824 Market Street, Wilmington, Delaware 19801, and serve a copy of the response upon Kirkland & Ellis LLP, Attn: Rachel R. Schulman, 200 East Randolph Drive, Suite 5600, Chicago, Illinois 60601, and upon Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C., Attn: David W. Carickhoff, Jr., 919 N. Market Street, 16th Floor, P.O. Box 8705, Wilmington, Delaware 19899-8705 (Courier 19801), so as to be received on or before June 17, 2005 at 4:00 p.m. (Eastern Time). Only those responses timely filed with the Court and received by the Debtors' counsel will be considered by the Court.

3.      If no response is filed, served and received by June 17, 2005, at 4:00 p.m. (Eastern Time) the Court will be requested to enter an order, similar to the attached form of proposed order disallowing, expunging, and/or reclassifying the Claim(s) as requested in the Tenth Omnibus Objection.

4.      Any response should contain the following:

    (i)      a caption setting forth the name of the Court, the name of the Debtors, the case number and the title of the Objection to which the response is directed;

    (ii)     the name and contact information (including daytime telephone number) of the claimant and a description of the basis for the amount of the claim;

    (iii)    the claim number(s) of the claim objection(s) to which the response is directed;

    (iv)    the specific factual basis and supporting legal argument upon which the party will rely in opposing the Tenth Omnibus Objection; and

    (v)     any supporting documentation, to the extent it was not included with the proof of claim previously filed with the Clerk or Claims Agent, upon which the party will rely to support the basis for and amounts asserted in the proof of claim.

5.      If you file a response to the Tenth Omnibus Objection, you should be prepared to argue that response at the Claims Hearing unless you reach an agreement with the Debtors' counsel to continue or resolve your matter.

6.      You need not respond to the Tenth Omnibus Objection or appear at the Claims Hearing if you do not object to the relief requested in the Tenth Omnibus Objection. If you do not timely file and serve a response to the Tenth Omnibus Objection, the relief requested in the Tenth Omnibus Objection may be granted without further notice to you. Failure to timely file a response to the Tenth Omnibus Objection shall be deemed (i) waiver of your right to respond to the Tenth Omnibus Objection and (ii) your consent to the relief requested in the Tenth Omnibus Objection respecting your Claim.

7.      The Debtors reserve the right to file and serve a reply to a claimant's Response. **If you have any questions regarding your claim(s) you should contact Bankruptcy Management Corporation at (888) 909-0100. If you have any questions regarding the Tenth Omnibus Objection, please call Rachel Schulman, Kirkland & Ellis LLP at (312) 861-2441.**

Wilmington, Delaware        Respectfully submitted,
Dated: May 18, 2005

KIRKLAND & ELLIS LLP        and        PACHULSKI, STANG, ZIEHL, YOUNG,
James H.M. Sprayregen, P.C.                   JONES & WEINTRAUB P.C.
James W. Kapp III                                           /s/
Janet S. Baer                                        Laura Davis Jones (Bar No. 2436)
200 East Randolph Drive                      David W. Carickhoff, Jr. (Bar No. 3715)
Chicago, IL 60601-6636                        919 N. Market Street, 16th Floor
(312) 861-2000 (telephone)                 P.O. Box 8705
(312) 861-2200 (facsimile)                   Wilmington, Delaware 19899-8705 (Courier 19801)
                                                                  (302) 652-4100 (telephone)
                                                                  (302) 652-4400 (facsimile)

Co-Counsel for the Debtors and Debtors in Possession

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | Jointly Administered |

## DECLARATION OF MARK A. SHELNITZ IN SUPPORT OF
## DEBTORS' TENTH OMNIBUS OBJECTION TO CLAIMS (NON-SUBSTANTIVE)

I, Mark A. Shelnitz, hereby declare that the following is true to the best of my knowledge, information and belief:

1.    I am Vice President, General Counsel and Secretary of W. R. Grace & Co. ("Grace"), which has offices located at 7500 Grace Drive, Columbia, Maryland 21044. I submit this declaration (the "Declaration") in support of the Tenth Omnibus Objection (the "Tenth Omnibus Objection").

2.    I am responsible for overseeing the claims review and objection process in these cases. In that capacity, I have reviewed the Tenth Omnibus Objection and am, directly or through the Debtors' personnel, attorneys, and Bankruptcy Management Corporation, the

---

[1]  The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Debtors' claims consultant, familiar with the information contained therein and in the exhibits annexed thereto.

3.      Upon information and belief, the Debtors maintain books and records (the "Books and Records") that reflect, among other things, the Debtors' liabilities and respective amounts owed to their creditors.

4.      To date, more than 14,900 Proofs of Claim have been filed against the Debtors in these cases by holders of claims (the "Claimants").

5.      Under my supervision, considerable resources and time have been expended to ensure a high level of diligence in reviewing and reconciling the proofs of claim filed in these cases.  These claims were carefully reviewed and analyzed by appropriate personnel, and, in some cases, the Debtors' professional advisors, resulting in the identification of objectionable claims, which are the subject of the Tenth Omnibus Objection.  Based on these efforts, the Debtors have determined that the disputed claims should be disallowed and expunged as indicated in the Tenth Omnibus Objection.

### The Amended Claims

6.      To the best of my knowledge and belief, I have determined that the claims against the Debtors listed on Exhibit A of the Tenth Omnibus Objection are unenforceable against the Debtor because these claims have been superceded by an amended claim filed subsequent to such claim.

### The Duplicate Claims

7.      To the best of my knowledge and belief, I have determined that the claims against the Debtors listed on Exhibit B of the Tenth Omnibus Objection are unenforceable against the Debtor because a duplicate claim or claims has/have been previously filed by the same creditor against the same Debtor entity.

2

8.    The information contained in this Declaration is true and correct to the best of my

knowledge and belief.

May 12, 2005

_Mark a. Shelnitz_
Mark A. Shelnitz
Vice President, General Counsel and
Secretary

Subscribed and sworn to before me
this 12th day of May, 2005.

_Diane E. Armstrong_

NOTARY PUBLIC, State of ___Maryland___
My Commission Expires: 09/01/2008

DIANE Z. ARMSTRONG
NOTARY PUBLIC STATE OF MARYLAND
My Commission Expires September 1, 2008



.3.

IN THE UNITED STATES BANKRUTPCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No. 01-1139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

### ORDER GRANTING THE RELIEF SOUGHT IN DEBTORS' TENTH OMNIBUS OBJECTION TO CLAIMS (SUBSTANTIVE)

Upon consideration of the Tenth Omnibus Objection[1] of the above captioned debtors and debtors in possession (the "Debtors"), seeking entry of an order expunging, reducing, reclassifying and disallowing certain Claims; and no previous application having been made; and upon consideration of the Tenth Omnibus Objection and all responses thereto; and due and proper notice of the Tenth Omnibus Objection having been given, it is hereby

ORDERED that, except as hereinafter stated, the relief sought in the Tenth Omnibus Objection is granted to the extent not inconsistent with the language herein and with the Exhibits attached hereto;[2] and it is further

ORDERED that the Objection to each of the Amended Claims listed on Exhibit A to this Order is sustained, and each of the Amended Claims is disallowed and expunged for all purposes. The Claims listed as the Surviving Claims on Exhibit A will remain on the Debtors'

---

[1]  Capitalized terms used but not defined herein are as defined in the Debtors' Tenth Omnibus Objection.

[2]  To the extent that any claim that is the subject of the Tenth Omnibus Objection has been or is otherwise addressed by an approved stipulation between the Debtors and the claimant, that stipulation shall control the disposition of that claim.

claims registry subject to the Debtors' right to object to the Surviving Claims on any grounds allowed under applicable law; and it is further

ORDERED that the Objection to each of the Duplicate Claims listed on <u>Exhibit B</u> to this Order is sustained, and each of the Duplicate Claims is disallowed and expunged for all purposes. The Claims listed as the Surviving Claims on <u>Exhibit B</u> will remain on the Debtors' claims registry subject to the Debtors' right to object to the Surviving Claims on any grounds allowed under applicable law; and it is further

ORDERED that except as provided for herein and consistent with applicable local rules and Bankruptcy Rules, the rights of the Debtors to object to any claim listed on any exhibit to this Order for any reason are expressly preserved; and it is further

ORDERED that, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, made applicable in the contested matter by Rules 7054 and 9014 of the Federal Rules of Bankruptcy Procedure, the Court hereby directs entry of a final judgment with respect to the claims objections as to which relief is entered by this Order, the Court having determined that there is no just reason for delay in the entry of judgment on these matters; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: _____, 2005

                                    _____
                                      Honorable Judith K. Fitzgerald
                                      United States Bankruptcy Judge

# EXHIBIT A

# In re: W.R. GRACE & CO., et al

## OMNIBUS 10: EXHIBIT A - AMENDED CLAIMS

| # | Claim to be Expunged | | | | | Surviving Claim | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | Creditor Name and Address | Case No | Claim Number | Total Claim Dollars* | Claim Class** | Creditor Name and Address | Case No | Claim Number | Total Claim Dollars* | Claim Class** |
| 1 | ARIZONA DEPT OF REVENUE BANKRUPTCY LITIGATION SECTION 1800 W MONROE PHOENIX AZ 85007 | 01-01139 | 15457 | $257.74 | (A) | ARIZONA DEPT OF REVENUE BANKRUPTCY LITIGATION SECTION 1800 WEST MONROE PHOENIX AZ 85007 | 01-01140 | 15456 | $294.88 | (A) |
| 2 | ARIZONA DEPT OF REVENUE BANKRUPTCY LITIGATION SECTION 1800 WEST MONROE PHOENIX AZ 85007 | 01-01140 | 15468 | $294.88 | (A) | ARIZONA DEPT OF REVENUE BANKRUPTCY LITIGATION SECTION 1800 WEST MONROE PHOENIX AZ 85007 | 01-01140 | 15468 | $382.03 | (A) |
| 3 | ARIZONA DEPT OF REVENUE BANKRUPTCY & COLLECTION SECTION ARIZONA ATTY GENERAL 1275 W WASHINGTON PHOENIX AZ 85018 | 01-01140 | 719 | $162.89 $232,312.30 $14,075.08 | (A) (P) (U) | ARIZONA DEPT OF REVENUE BANKRUPTCY LITIGATION SECTION 1800 W MONROE PHOENIX AZ 85007 | 01-01139 | 15457 | $257.74 | (A) |
| 4 | MOBILE STORAGE GROUP INC 7590 N GLENOAKS BLVD BURBANK CA 91504 | 01-01139 | 3211 | $1,599.70 | (U) | MOBILE STORAGE GROUP INC 7590 N GLENOAKS BLVD BURBANK CA 91504 | 01-01139 | 15464 | $1,599.70 | (U) |

Total Claims Expunged:    4    Total Dollars Expunged:    $248,702.59

*Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.

The classification of the claims set forth herein is the classification asserted on the filed proof of claim. The Debtors include such classification for the purpose of identifying the claim to which the objection applies. The inclusion of the classification shall not constitute an acknowledgement by the Debtors that such classification is correct or appropriate.

**(A) - Administrative    (S) - Secured
(P) - Priority    (U) - Unsecured

5/12/2005 12:57:42 PM

# EXHIBIT B

# In re: W.R. GRACE & CO., et al

## OMNIBUS 10: EXHIBIT B - DUPLICATE CLAIMS

| | Creditor Name and Address | Case No | Claim Number | Total Claim Dollars* | Claim Class** | Creditor Name and Address | Case No | Claim Number | Total Claim Dollars* | Claim Class** |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | DICKINSON WRIGHT PLLC<br>C/O MICHAEL C HAMMER ESQ<br>500 WOODWARD AVE #4000<br>DETROIT MI 48226 | 01-01139 | 15465 | $96,531.21 | (U) | DICKINSON WRIGHT PLLC<br>MICHAEL C HAMMER ESQ<br>500 WOODWARD AVE #4000<br>DETROIT MI 48226 | 01-01139 | 15461 | $96,531.21 | (U) |
| 2 | GERLING KONZERN ALLGEMEINE VERSICH<br>C/O JURGEN MULLER<br>GEREONSHOF<br>COLOGNE 50597<br>GERMANY | 01-01139 | 15363 | $50,000.00 | (U) | GERLING KONZERN ALLGEMEINE VERSICHE<br>C/O JURGEN MULLER<br>GEREONSHOF<br>COLOGNE 50597<br>GERMANY | 01-01139 | 15332 | $50,000.00 | (U) |
| 3 | MILWAUKEE SOLVENTS & CHEMICALS COR<br>PO BOX 444<br>BUTLER WI 53007-0444 | 01-01139 | 15463 | $33,747.80 | (U) | MILWAUKEE SOLVENTS & CHEMICALS CORP<br>PO BOX 444<br>BUTLER WI 53007-0444 | 01-01139 | 15467 | $33,747.80 | (U) |

**Total Claims Expunged:** 3    **Total Dollars Expunged:** $150,279.01

*Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.

The classification of the claims set forth herein is the classification asserted on the filed proof of claim. The Debtors include such classification for the purpose of identifying the claim to which the objection applies. The inclusion of the classification shall not constitute an acknowledgement by the Debtors that such classification is correct or appropriate.

**(A) - Administrative    (S) - Secured
(P) - Priority    (U) - Unsecured

5/12/2005 12:59:43 PM