## IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| *In re* | : | Chapter 11 |
| | : | Case No. 01-01139 (JKF) |
| W. R. GRACE & CO., *et al.,* | : | (Jointly Administered) |
| | : | |
| Debtors. | : | Objection Deadline: June 15, 2005 |
| | : | Hearing Date: September 26, 2005 |

## SUMMARY COVERSHEET TO SIXTEENTH QUARTERLY FEE APPLICATION
## OF PITNEY HARDIN LLP
## FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES
## FOR JANUARY 1, 2005 THROUGH MARCH 31, 2005

| | |
|---|---|
| Name of Applicant: | **Pitney Hardin LLP** |
| Authorized to Provide Professional Services to: | **W. R. GRACE & CO., *et al.*** |
| Date of Retention: | **May 30, 2001 (*nunc pro tunc to* April 2, 2001)** |
| Period for which compensation and reimbursement is sought: | **January 1, 2005 – March 31, 2005** |
| Amount of Compensation sought as actual, reasonable and necessary: | **$125,701.50** |
| Amount of Expense Reimbursement Sought as actual, reasonable and necessary | **$14,400.10** |

This is a: ___ monthly **X** quarterly interim ___ final application

The total time expended for fee application preparation is approximately 10 hours and the corresponding compensation requested is approximately $2,000.00.[1]

---

[1] Applicant will apply to recover compensation relating to this Fee Application in a subsequent application.

| Date Filed Docket No. | Period Covered | REQUESTED | | APPROVED | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| August 14, 2001 #793 CNO filed September 20, 2001 #943 | 4/2/01 – 4/30/01 | $13,859.50 | $7,239.68 | Approved @ 80% ($11,087.60) | Approved @ 100% |
| August 14, 2001 #794 CNO filed September 20, 2001 #944 | 5/1/01 – 5/31/01 | $37,837.50 | $10,539.48 | Approved @ 80% ($30,270.00) | Approved @ 100% |
| August 14, 2001 #795 CNO filed September 20, 2001 #946 | 6/1/01 – 6/30/01 | $29,079.00 | $10,548.57 | Approved @ 80% ($23,263.20) | Approved @ 100% |
| August 14, 2001 #796; Approved 11/25/02 #3091 | 4/2/01 – 6/30/01 | $80,776.00 | $28,327.73 | Approved @ 100% | Approved @ 100% |
| September 27, 2001 #967  Amended Exhibit B October 30, 2001 #1050  CNO filed October 31, 2001 #1062 | 7/1/01 – 7/31/01 | $33,349.00  Volun-tarily Reduced to $32,429.00 | $11,075.18 | Approved @ 80% ($25,943.20) | Approved @ 100% |
| October, 31, 2001 #1046 CNO filed November 28,2001 #1259 | 8/1/01 – 8/31/01 | $60,105.00 | $8,715.77 | Approved @ 80% ($48,084.00) | Approved @ 100% |

| Date Filed Docket No. | Period Covered | REQUESTED | | APPROVED | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| November, 30, 2001 #1292 CNO filed 12/21/01 #1419 | 9/1/01 — 9/30/01 | $94,112.50 | $10,714.88 | Approved @ 80% ($75,290. 00) | Approved @ 100% |
| December 4, 2001 #1305 CNO filed 12/27/01 #1423 | 4/2/01 — 12/3/01 | $240,000.00 | $0.00 | Contingency Matter Approved @80% ($192,000. 00) | N/A |
| December, 11, 2001 #1331 CNO filed 1/9/02 #1477 | 10/1/01 — 10/31/01 | $68,805.50 | $23,481.14 | Approved @ 80% ($55,044. 40) | Approved @ 100% |
| January 9, 2002 #1481; Approved 11/25/02 #3091 | 7/1/01 — 9/30/01 | $186,646.50 | $30,505.83 | Approved @ 100% | Approved @ 100% |
| February 26, 2001 #1723 CNO filed 4/17/02 #1936 | 11/1/01 — 11/30/01 | $62,334.50 | $7,507.05 | Approved @ 80% ($49,867. 60) | Approved @ 100% |
| February 26, 2001 #1722 CNO filed 4/17/02 #1937 | 12/1/01 — 12/31/01 | $85,347.50 | $10,019.15 | Approved @ 80% ($68,278. 00) | Approved @ 100% |
| March 27, 2002 #1868 CNO filed 4/18/02 #1942 | 1/1/02 — 1/31/02 | $38,823.00 | $11,182.95 | Approved @ 80% ($31,058. 40) | Approved @ 100% |
| March 28, 2002 #1871; Approved 11/25/02 #3091 | 10/1/01 — 12/31/01 | $456,487.00 | $28,241.08 | Approved @ 100% | Approved @ 100% |

| Date Filed Docket No. | Period Covered | REQUESTED | | APPROVED | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| April 17, 2002 #1938 CNO filed 5/9/02 #2031 | 2/1/02 – 2/28/02 | $67,270.10 | $8,972.08 | Approved @ 80% ($53,816.08) | Approved @ 100% |
| May 6, 2002 #2061 CNO filed 6/7/02 #2187 | 3/1/02 – 3/31/02 | $30,424.00 | $6,076.45 | Approved @ 80% ($24,339.20) | Approved @ 100% |
| June 19, 2002 #2259-60 | 1/1/02 – 3/31/02 | $136,517.10 | $26,231.48 | Approved @ $130,255.00 | Approved @ 100% |
| June 12, 2002 # 2208 CNO filed 7/9/02 #2349 | 4/1/02 – 4/30/02 | $33,180.00 | $1,119.59 | Approved @ 80% ($26,544.00) | Approved @ 100% |
| July 9, 2002 #2349 CNO filed 7/30/02 #2468 | 5/1/02 – 5/31/02 | $10,995.50 | $9,230.90 | Approved @ 80% ($8,796.40) | Approved @ 100% |
| August 23, 2002 #2596 CNO filed 9/17/02 #2696 | 6/1/02 – 6/30/02 | $28,403.00 | $3,922.05 | Approved @ 80% ($22,722.40) | Approved @ 100% |
| September 20, 2002 #2719 and 2721; Approved 11/25/02 #3092 | 4/1/02 – 6/30/02 | $72,578.50 | $14,272.56 | Approved @ 100% | Approved @ 100% |
| October 22, 2002 #2858 CNO filed 11/13/02 #2971 | 7/1/02 – 7/31/02 | $102,925.00 | $17,692.88 | Approved @ 80% ($82,340.00) | Approved @ 100% |
| November 14, 2002 #2977 CNO Filed 12/11/02 # 3139 | 8/1/02 – 8/31/02 | $51,745.50 | $7,075.39 | Approved @ 80% ($41,396.40) | Approved @ 100% |
| November 20, 2002 #3039 CNO filed 12/11/02 # 3135 | 9/1/02 – 9/30/02 | $29,291.10 | $4,744.95 | Approved @ 80% ($23,432.88) | Approved @ 100% |
| November 27, 2002 #3084 & #3087 Order | 7/1/02 – 9/30/02 | $183,969.60 | $29,513.22 | Approved for $182,143.10 | Approved |

| Date Filed Docket No. | Period Covered | REQUESTED | | APPROVED | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| filed 3/14/03; #3511 | | | | | |
| December 16, 2002 #3165 CNO filed 1/14/03 #3250 | 10/1/02 – 10/31/02 | $26,061.00 | $5,340.26 | Approved @ 80% ($20,848.80) | Approved @ 100% |
| December 27, 2002 #3198 Order signed 3/3/03 # 3446 | 4/4/01 – 12/3/01 | $240,000.00 | N/A | Approved | N/A |
| January 13, 2003 #3238 CNO filed 2/6/03 #3227 | 11/1/02 – 11/30/02 | $28,150.50 | $4,980.91 | Approved @ 80% ($22,520.40) | Approved @ 100% |
| February 6, 2003 #3345 CNO filed 3/27/03 #3557 | 12/1/02 – 12/31/02 | $21,414.00 | $3,594.17 | Approved @ 80% ($17,131.20 ) | Approved @ 100% |
| February 14, 2003 Order signed on 7/28/03 | 10/1/03 – 12/31/03 | $75,625.50 | $13,915.34 | Approved for $72,625.50 | Approved @ 100% |
| March 21, 2003 # 3536 CNO filed 4/15/03 #3666 | 1/1/03 – 1/31/03 | $77,836.00 | $6,477.81 | Approved @ 80% ($62,268.80) | Approved @ 100% |
| April 22, 2003 #3701 CNO filed 5/15/03 #3794 | 2/1/03 – 2/28/03 | $28,050.00 | $3,923.92 | Approved @ 80% ($22,440.00) | Approved @ 100% |
| May 28, 2003 #3836 CNO filed 7/3/03 #3999 | 3/1/03 – 3/31/03 | $14,142.00 | $471.79 | Approved @ 80% ($11,313.60) | Approved @ 100% |
| June 3, 2003 #3864 Order signed 9/22/03 #4480 | 1/1/03 – 3/31/03 | $120,028.00 | $10,873.52 | Approved for $118,379.00 | Approved @ 100% |
| June 18, 2003 #3912 CNO filed 7/11/03 #4054 | 4/1/03 – 4/30/03 | $21,507.50 | $370.10 | Approved @ 80% ($17,206.00) | Approved @ 100% |
| August 7, 2003 #4181 CNO filed 9/24/03 #4475 | 5/1/03 – 5/31/03 | $22,184.50 | $864.72 | Approved @ 80% ($17,747.60) | Approved @ 100% |
| September 9, | 6/1/03 – | $28,764.50 | $9,472.70 | Approved @ | Approved @ |

| Date Filed Docket No. | Period Covered | REQUESTED | | APPROVED | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| 2003 #4407 CNO filed 10/2/03 #4524 | 6/30/03 | | | 80% ($23,011.60) | 100% |
| September 26, 2003 #4495 & 4496 | 4/1/03 – 6/30/03 | $72,456.50 | $10,707.52 | Approved for $72,456.50 | Approved @ 100% |
| October 17, 2003 #4583 CNO filed 11/12/03 #4685 | 7/1/03 – 7/31/03 | $11,104.50 | $2,829.93 | Approved @ 80% ($8,883.60) | Approved @ 100% |
| November 6, 2003 #4666 CNO filed 12/9/03 #4798 | 8/1/03 – 8/31/03 | $3,427.50 | $2,242.92 | Approved @ 80% ($2,742.00) | Approved @ 100% |
| November 25, 2003 #4751 CNO filed 12/16/03 #4813 | 9/1/03 – 9/30/03 | $9,912.00 | $2,311.40 | Approved @ 80% ($7,929.60) | Approved @ 100 % |
| December 16, 2003 #4822 & 4823 Order filed 4/26/04 | 7/1/03- 9/30/03 | $24,444.00 | $7,370.04 | Approved for $24,440.00 | Approved @ 100% |
| November 25, 2003 # 4752 CNO filed 12/16/03 #4814 | 10/1/03- 10/31/03 | $6,779.00 | $3,507.88 | Approved @ 80% ($5,423.20) | Approved @ 100% |
| December 31, 2003 #4893 CNO filed 2/3/04 #5052 | 11/1/03 – 11/30/03 | $16,464.50 | $2,478.06 | Approved @ 80% ($13,171.60) | Approved @ 100% |
| February 20, 2004 #5144 CNO filed 4/1/04 #5459 | 12/1/03 – 12/31/03 | $18,088.50 | $2,839.22 | Approved @ 80% ($14,470.80) | Approved @ 100% |
| February 25, 2004 #5165 Order filed 6/16/04 #5822 | 10/1/04 – 12/31/04 | $41,332.00 | $8,825.16 | Approved for $41,332.00 | Approved @ 100% |
| March 29, 2004 #5362 CNO filed 4/22/04 | 1/1/04 – 1/31/04 | $39,097.50 | $2,315.38 | Approved @ 80% ($31,278.00) | Approved @ 100% |
| April 20, 2004 #5464 CNO filed 6/22/04 #5872 | 2/1/04 – 2/29/04 | $61,379.50 | $2,435.48 | Approved @ 80% ($49,103.60) | Approved @ 100% |

| Date Filed Docket No. | Period Covered | REQUESTED | | APPROVED | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| June 1, 2004 #5678 CNO filed 6/22/04 #5873 | 3/1/04 – 3/31/04 | $266,775.00 | $9,819.15 | Approved @ 80% ($213,420.00) | Approved @ 100% |
| June 9, 2004 #5766 & 5767 Order filed 9/27/04 #6465 | 1/1/04 – 3/31/04 | $367,258.00 | $14,570.01 | Approved @ 100% ($367,258.00) | Approved @ 100% |
| July 1, 2004 #5915 CNO filed 7/28/04 | 4/1/04 – 4/30/04 | $242,320.50 | $33,506.28 | Approved @ 80% ($293,806.40) | Approved @ 100% |
| July 29, 2004 #6066 CNO filed 8/19/04 #6219 | 5/1/04 – 5/31/04 | $205,386.50 | $3,393.87 | Approved @ 80% ($164,309.20) | Approved @ 100% |
| August 12, 2004 #6162 CNO filed 9/7/04 #6325 | 6/1/04 – 6/30/04 | $181,394.50 | $41,141.14 | Approved @ 80% ($145,115.60) | Approved @ 100% |
| September 1, 2004 ## 6302; 6303 Order filed 1/26/05 #7622 | 4/1/04 – 6/30/04 | $629,101.50 | $78,003.35 | Approved for $629,101.50 | Approved @ 100% |
| September 17, 2004 #6416 CNO filed 10/13/04 #6609 | 7/1/04- 7/31/04 | $22,957.00 | $8,896.12 | Approved @ 80% ($18,365.60) | Approved @ 100% |
| October 14, 2004 #6631 CNO filed 11/9/04 #6854 | 8/1/04- 8/31/04 | $28,122.50 | $2,338.02 | Approved @ 80% (22,490.00) | Approved @ 100% |
| November 16, 2004 #6943 CNO filed 12/13/04 #7152 | 9/1/2004- 9/30/2004 | $25,615.50 | $3,246.99 | Approved @ 80% (20,492.40) | Approved @ 100% |
| November 17, 2004 #6966 Order filed 3/22/05 #8081 | 7/1/04- 9/30/04 | $76,695.00 | $14,481.13 | Approved for $76,695.00 | Approved @ 100% |
| December 16, 2004 #7198 CNO filed 1/25/05 #7621 | 10/1/04 – 10/31/04 | $27,632.50 | $4,766.94 | Approved @ 80% (22,106.00) | Approved @ 100% |
| January 10, 2005 #7521 CNO filed 2/2/05 #7670 | 11/1/04 – 11/30/04 | $31,261.00 | $11,977.87 | Approved @ 80% (25,008.80) | Approved @ 100% |
| February 11, | 12/1/04- | $112,852.00 | $4,502.70 | Approved @ | Approved @ |

| Date Filed Docket No. | Period Covered | REQUESTED | | APPROVED | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| 2005 #7745 CNO filed 3/8/05 #7992 | 12/31/04 | | | 80% ($90,281.60) | 100% |
| March 16, 2005 ##8051-52 (Objections due 4/5/05) | 10/1/04-12/31/04 | $171,475.50 | $21,247.51 | Pending | Pending |
| March 18, 2005 #8076 CNO filed 4/26/05 #8286 | 1/1/05-1/31/05 | $44,219.00 | $3,351.01 | Approved @ 80% ($35,375.50) | Approved @ 100% |
| May 10, 2005 #8391 (Objections due 5/31/05) | 2/1/05-2/28/05 | $38,780.50 | $7,826.47 | Pending | Pending |
| Pending | 3/1/05 – 3/31/05 | $42,702.00 | $3,222.62 | Pending | Pending |
| Pending | 1/1/05-3/31/05 | $125,701.50 | $14,400.10 | Pending | Pending |

## SUMMARY OF COMPENSATION FOR THE FEE PERIOD
## JANUARY 1, 2005 THROUGH MARCH 31, 2005

| Name of Professional Person | Year Admitted | Hourly Billing Rate | Total Billed Hours | Total Compensation ($) |
|---|---|---|---|---|
| PARTNERS | | | | |
| Anthony J. Marchetta | 1974 | 525.00 | 17.4 | $9,135.00 |
| William S. Hatfield | 1993 | 335.00 | 32.9 | $11,021.50 |
| Michael E. Waller | 1990 | 375.00 | 159.3 | $61,125.00 |
| Scott A. Zuber | 1987 | 375.00 | 7.8 | $2,925.00 |
| Robert G. Rose | 1974 | 425.00 | 32.5 | $11,262.50 |
| Barry M. Benjamin | 1993 | 390.00 | 13.8 | $5,382.00 |
| Roger R. Gottilla | 1973 | 365.00 | 10.4 | $3,796.00 |
| COUNSEL | | | | |
| Brian E. Moffitt | 1992 | 345.00 | 3.2 | $1,104.00 |
| ASSOCIATES | | | | |
| Kristen M. Jasket | 2000 | 235.00 | 15.2 | $3,572.00 |
| Frances Stella | 1991 | 260.00 | 16.0 | $4,160.00 |
| Steven A. Muhlstock | 1999 | 270.00 | 5.5 | $1,485.00 |
| James Philip Spielberg | 1999 | 240.00 | 2.1 | $504.00 |
| Michael H. Levison | 1999 | 300.00 | 8.5 | $2,550.00 |
| Jonathan M. Borg | 1999 | 300.00 | 6.0 | $1,800.00 |
| Seamus M. Morley | 2004 | 190.00 | 21.4 | $4,066.00 |
| Aaron J. Stahl | 2004 | 190.00 | 1.9 | $361.00 |
| PARAPROFESSIONALS | | | | |
| Susan Parker | N/A | 125.00 | 6.1 | $762.50 |
| Douglas Florence | N/A | 115.00 | 6.0 | $690.00 |
| **Grand Total Time Reports (Hours and Dollars) for the Fee Period January 1, 2005 through March 31, 2005** | | | **366.0 Total Hours** | **$125,701.50** |

**SUMMARY OF EXPENSES FOR THE FEE PERIOD**
**JANUARY 1, 2005 THROUGH MARCH 31, 2008**

| TYPE OF EXPENSE | |
|---|---|
| | |
| PD GEN MESS TO TRENTON NJ; FBS; CK# 270088 | $98.24 |
| PD GEN MESS TO FLORHAM PARK NJ; FBS; CK# 270088 | $43.00 |
| PD GEN MESS TO ROSELAND NJ; FBS; CK# 270088 | $33.21 |
| PD GEN MESS TO SOMERVILLE NJ; FBS; CK# 270088 | $50.21 |
| PD GEN MESS TO SUMMIT NJ; FBS; CK# 270088 | $47.12 |
| Paid HCK#153870 to Essex County Sheriff for service of process fee, #10501, S#6331 | $32.40 |
| Superior Court Charge | $30.00 |
| PD UPS TO WILMINGTON DE; KMJ; INV# 81207025 | $7.74 |
| PD INTEGRITY EXP TO NEW YORK NY; MEW; CK# 270090 | $112.35 |
| DOCUMENT ACCESS FACILITY JANUARY 2005 | $2,864.00 |
| Telephone | $13.62 |
| Paid Skyline Duplication #10501 S#6403 | $4,219.54 |
| Pd Fedex to Westhampton NY; CTM; Ck# 271542 | $13.56 |
| Pd Fedex to Newark NJ; JOB; Ck# 270974 | $14.55 |
| PD UPS TO WILMINGTON DE; KJ; INV# 247504 | $7.74 |
| PD UPS TO WILMINGTON DE; KMJ; CK# 271383 | $9.84 |
| DOCUMENT ACCESS FACILITY- FEBRUARY 2005 | $2,864.00 |
| Computer Assisted Research | $694.61 |
| Postage | $10.05 |
| PD UPS TO WILMINGTON DE; KMJ; CK# 272382 | $7.74 |
| Duplicating | $339.36 |
| PD UPS TO NEW YORK NY; MEW; CK# 272382 | $7.74 |
| PD UPS TO NEW YORK, NY; BEM; CK#272590 | $7.74 |
| PD UPS TO NEW YORK, NY; BEM; CK#272590 | $7.74 |
| DOCUMENT ACCESS FACILITY- MARCH 2005 | $2,864.00 |
| **Grand Total Expenses for the Fee Period January 1, 2005 through March 31, 2005** | **$14,400.01** |

**COMPENSATION BY PROJECT CATEGORY FOR THE FEE PERIOD**

| PROJECT CATEGORIES | Total of January 1, 2005 - January 31, 2005 | Total of February 1, 2005 - February 28, 2005 | Total of March 1, 2005-March 31, 2005 | Total of January 1, 2005 - March 31, 2005 | Total of April 2, 2001- March 31, 2005 |
|---|---|---|---|---|---|
| 01 - Asset Analysis and Recovery | | | | | $ 3,888.50 |
| 02 - Asset Disposition | | | | | $ 13,881.00 |
| 03 - Business Operations | | | | | $ 88,741.00 |
| 04 - Case Administration | $ 6,973.50 | $ 4,834.00 | $ 17,936.50 | $ 29,744.00 | $ 515,196.10 |
| 05 - Claims Analysis, Objection, & Resolution (Asbestos) | | | | | $ 6,449.00 |
| 06 - Claims Analysis, Objection, & Resolution (Non-asbestos) | | | | | |
| 07 - Committee, Creditors', Noteholders' or Equity Holders' | | | | | $ 1,830.00 |
| 08 - Employee Benefits/ Pension | | | | | |
| 09 - Employment Applications, Applicant | | | | | |
| 10 - Employment Applications, Others | | | | | $ 882.00 |
| 11 - Fee Applications, Applicant | $ 1,304.00 | $ 1,165.00 | $ 1,823.00 | $ 4,292.00 | $ 82,841.50 |
| 12 - Fee Applications, Others | | | | | $ 1,179.00 |
| 13 - Financing | | | | | $ 201.00 |
| 14 - Hearings | | | | | $ 72,325.50 |
| 15 - Litigation and Litigation Consulting | $ 35,941.50 | $ 32,781.50 | $ 22,942.50 | $ 91,665.50 | $ 1,969,853.10 |
| 16 - Plan and Disclosure Statement | | | | | $ 41,393.00 |
| 17 - Relief from Stay Proceedings | | | | | $ 185.50 |
| 18 - Tax Issues | | | | | $ 4,247.00 |
| 19 - Tax Litigation | | | | | |
| 20 - Travel – Non Working | | | | | |
| 21 - Valuation | | | | | |
| 22 - ZAI Science Trial | | | | | |
| 23 - ZAI Science Trial – Expenses | | | | | |
| 24 - Other | | | | | $ 11,459.00 |
| 25 - Accounting/Auditing | | | | | |
| 26 - Business Analysis | | | | | |
| 27 - Corporate Finance | | | | | |
| 28 - Data Analysis | | | | | |
| TOTAL - FEES | $ 44,219.00 | $ 38,780.50 | $ 42,702.00 | $ 125,701.50 | $ 2,814,552.20 |
| TOTAL - EXPENSES | $ 3,351.01 | $ 7,826.47 | $ 3,222.62 | $ 14,400.10 | $ 351,537.61 |
| TOTAL FEES AND EXPENSES | $ 47,570.01 | $ 46,606.97 | $ 45,924.62 | $ 140,101.60 | $ 3,166,089.81 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| *In re:* | : | Chapter 11 |
| | : | |
| W. R. GRACE & CO., *et al.*,[1] | : | Case No. 01-01139 (JKF) |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | Objection Deadline: June 15, 2005 |
| | : | Hearing Date: September 26, 2005 |

**VERIFIED APPLICATION OF PITNEY HARDIN LLP FOR COMPENSATION FOR
SERVICES AND REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO W.
R. GRACE & CO., *ET AL.*, FOR THE INTERIM PERIOD
<u>JANUARY 1, 2005 THROUGH MARCH 31, 2005</u>**

Pursuant to sections 327, 330 and 331 of title 11 of the United States Code (as

amended, the "Bankruptcy Code"), Fed. R. Bankr. P. 2016, the "Retention Order" (as defined

below), the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures

for Interim Compensation and Reimbursement of Professionals and Official Committee

Members (the "Interim Compensation Order") and Del.Bankr.LR 2016-2, the law firm of Pitney

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Hardin LLP ("Pitney Hardin"), special counsel and ordinary course professional[2] for the above-captioned debtors and debtors in possession (collectively, the "Debtors") in their Chapter 11 cases, hereby applies for an order approving: (i) compensation in the amount of $125,701.50 for the reasonable and necessary legal services Pitney Hardin has rendered to the Debtors, which amount includes 80% of the fees already approved from prior monthly fee applications; and (ii) reimbursement in the amount of $14,400.10 for the actual and necessary expenses that Pitney Hardin incurred, which amount was previously paid in accordance with prior fee applications, in representing the Debtors (the "Application"), during the period from January 1, 2005 through March 31, 2005 (the "Fee Period"). In support of this Application, Pitney Hardin respectfully represents as follows:

### Retention of and Continuing Disinterestedness of Pitney Hardin

1.      On April 2, 2001 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of Title 11, United States Code (collectively, the "Chapter 11 Cases"). On April 2, 2001, the Court entered an order procedurally consolidating the Chapter 11 Cases for administrative purposes only. Since the Petition Date, the Debtors have continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On April 12, 2001, the office of the United States Trustee appointed: (i) a committee of unsecured creditors in the Chapter 11 Cases; (ii) a committee of asbestos personal injury claimants; and (iii) a committee of asbestos property

---

[2] Through and including the August 2001 application, Pitney Hardin's fee requests have related only to three (3) matters for which Pitney Hardin was retained as special counsel to the Debtors. Following discussions with the Office of the United States Trustee and counsel for Debtors, going forward Pitney Hardin will include in its fee applications all matters in which Pitney Hardin represents the Debtors either as special counsel or an ordinary course professional.

damage claimants. On June 18, 2001, the office of the United States Trustee appointed a committee of equity security holders.

2.      By this Court's order dated May 30, 2001 (the Retention Order), the Debtors were authorized to retain Pitney Hardin as special counsel, effective as of the Petition Date, with regard to the following three (3) matters, more particularly described in the application filed in support of such retention: (a) *In re Intercat, Inc.*; (b) *Maryland Cas. v. W. R. Grace & Co., et al.*; and (c) *Gloucester New Communities Company, Inc. v. Del Monte Corporation, et al.*

3.      The Retention Order authorizes the Debtors to compensate Pitney Hardin at Pitney Hardin's hourly rates, which are being charged for services of this type and to be reimbursed for actual and necessary out-of-pocket expenses that it incurred, subject to application to this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, all applicable local rules, and orders of this Court. A copy of the Retention Order is attached hereto as **Exhibit "A."**

As disclosed in the Affidavit of Anthony J. Marchetta in Support of Application of the Debtors for the Entry of an Order Authorizing the Retention and Employment of Pitney, Hardin, Kipp & Szuch LLP as Special Counsel to the Debtors (the "Marchetta Affidavit"), Pitney Hardin does not hold or represent any interest adverse to the Debtors' estates with respect to the matters on which Pitney Hardin is to be employed.

4.      Pitney Hardin may have in the past represented, may currently represent, and likely in the future will represent, parties-in-interest in connection with matters unrelated to the Debtors and the Chapter 11 Cases. Pitney Hardin disclosed in the Marchetta Affidavit its connections to parties-in-interest that it has been able to ascertain using its reasonable efforts.

3

Pitney Hardin will update the Marchetta Affidavit when necessary and when Pitney Hardin becomes aware of material new information.

5.      Pitney Hardin performed the services for which it is seeking compensation on behalf of or for the Debtors and their estates, and not on behalf of any committee, creditor or other person.

6.      Pitney Hardin has received payments applied for and authorized under the Interim Compensation Order.

7.      Pursuant to Fed. R. Bank. P. 2016(b), Pitney Hardin has not shared, nor has agreed to share: (a) any compensation it has received or may receive with another party or person other than with the partners, counsel and associates of Pitney Hardin; or (b) any compensation another person or party has received or may receive in connection with the Chapter 11 Cases. This is the twelfth quarterly application for interim compensation for services rendered that Pitney Hardin has filed with the Bankruptcy Court in connection with the Chapter 11 Cases.

## Reasonable and Necessary Services Rendered by Pitney Hardin

8.      Pitney Hardin submits this Application pursuant to the Retention Order seeking approval of: (a) compensation in the amount of $125,701.50 for the reasonable and necessary legal services Pitney Hardin has rendered as special counsel to the Debtors in this Chapter 11 case during the Fee Period, which amount includes 80% of the fees already approved from prior monthly fee applications; and (b) reimbursement in the amount of $14,400.10 for the actual and necessary expenses that Pitney Hardin incurred in the rendition of required professional services on behalf of the Debtors, which amount has been paid in accordance with prior fee applications.

9.      Pitney Hardin has maintained detailed records of the time expended in rendering the professional services performed on behalf of the Debtors in this case. Such time records were generated contemporaneously with the performance of the professional services described therein and in the ordinary course of Pitney Hardin's practice. The individual time records were recorded by the attorney or legal assistant who rendered the particular services described. Annexed hereto as **Exhibit "B"** is a copy of the actual time records maintained by Pitney Hardin for services rendered during the Fee Period.

10.     Pitney Hardin also maintains records of all necessary expenses and disbursements (collectively, the "Expenses") incurred by Pitney Hardin in connection with the performance of its services. Attached hereto as **Exhibit "C"** is a complete breakdown of all the Expenses incurred during the Fee Period.

11.     Bankruptcy Code section 330 authorizes bankruptcy courts to award professionals employed by the Debtors under Bankruptcy Code Section 327 "reasonable compensation" for actual and necessary services rendered to the Debtors by such professionals. Under Bankruptcy Code section 330, the reasonableness of the compensation sought by a professional is determined by consideration of the nature, extent and value of such services, taking into account, *inter alia*, the following: (a) the time spent on such services; (b) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the task; and (c) the cost of comparable services for non-bankruptcy cases.

12.     Pitney Hardin respectfully submits that the professional services which it has rendered and the Expenses that it has incurred on behalf of the Debtors were necessary and have resulted in substantial benefits to the Debtors. Set forth below is a summary of the services

5

provided by Pitney Hardin to the Debtors during the Fee Period. Based upon an analysis of each of the foregoing, Pitney Hardin respectfully submits that the compensation sought in this Application is reasonable.

### Services Rendered

13.    During the Fee Period, Pitney Hardin rendered professional legal services, on an hourly basis, to the Debtors in connection with the following matters: *Chapter 11 Administration; Weja, Inc.; New York Superfund Action; Tahari, Ltd.; Insurance Investigation; Landfill Closure Issues (Glouster); Trenton Environmental Issues;* and *Intercat, Inc. et. al.* Pitney Hardin respectfully submits that the time entries on Exhibit "B" adequately describe the services rendered on those matters.

14.    A detailed summary of the engagement costs incurred for each of the above-noted matters is set forth in Exhibit "C."

### Representations

15.    Pitney Hardin believes that the Application is in compliance with the requirements of Del.Bankr.LR 2016-2.

16.    Although every effort has been made to include all fees and expenses from the Fee Period in the Application, some fees and expenses from the Fee Period might not be included in the Application due to accounting and processing delays. Pitney Hardin reserves the right to make further application to the Court for allowance of fees and expenses for the Fee Period not included herein.

17.    In summary, by this Application, Pitney Hardin requests approval for compensation of fees and expenses in the total amount of $140,101.60 consisting of: (a)

6

$125,701.50 for reasonable and necessary professional services rendered during the Fee Period, which amount includes 80% of the fees already approved from prior monthly fee applications; and (b) $14,400.10 for actual and necessary costs and expenses, which amount has already been approved from prior fee applications.

WHEREFORE, Pitney Hardin respectfully requests the Court approve an award to Pitney Hardin of: (a) 100% of the reasonable and necessary professional services Pitney Hardin has rendered to the Debtors during the Fee Period, including the 80% already received on an interim basis by way of monthly fee applications and 100% reimbursement of the actual and necessary costs and expenses incurred by Pitney Hardin during the Fee Period; and (b) that all awarded fees and expenses be paid as administrative expenses of the Debtors' estates; and (c) that this Court grant such further relief as is equitable and just.

Florham Park, New Jersey
Dated: May 18, 2005

Respectfully submitted,
PITNEY HARDIN LLP

Anthony J. Marchetta, Esq.
(Mail) P. O. Box 1945
Morristown, NJ 07962-1945
(Delivery) 200 Campus Drive
Florham Park, NJ 07932-0950

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

In re:                                    )    Chapter 11
                                          )
W. R. GRACE & CO., et al.,[1]             )    Case No. 01-01139 (JJF)
                                          )    (Jointly Administered)
                        Debtors.          )
                                          )

ORDER AUTHORIZING THE RETENTION AND
EMPLOYMENT OF PITNEY, HARDIN, KIPP & SZUCH LLP
AS SPECIAL COUNSEL TO THE DEBTORS

Upon the application (the "Application") of the above-captioned debtors and

debtors-in-possession (collectively, the "Debtors") seeking entry of an order under sections

327(e) and 328(a) of title 11 of the United States Code (as amended, the "Bankruptcy Code")

authorizing the Debtors to employ and retain Pitney, Hardin, Kipp & Szuch LLP ("PHKS") as

special counsel for the Debtors with respect to the specified matters set forth in the Application;

and upon the Affidavit of Anthony J. Marchetta submitted in support of the Application; and it

appearing that the relief requested is in the best interest of the Debtors' estates and their creditors

and other parties in interest; and it appearing that this is a core matter under 28 U.S.C. § 157; and

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey & Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GPC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

*332*

it appearing that PHKS does not represent any interest adverse to the Debtors or their estates with respect to the matters on which PHKS is to be employed, and meets all requirements for retention set forth in the Bankruptcy Code; and it appearing that the terms and conditions of PHKS's employment as further described in the Application are reasonable; and adequate notice having been given of the Application; and good and sufficient cause existing to grant the Application;

NOW, THEREFORE, IT IS HEREBY:

ORDERED that the Application is GRANTED; and it is further

ORDERED that, pursuant to sections 327(e) and 328(a) of the Bankruptcy Code, the retention and employment of PHKS as special counsel to the Debtors for the purposes set forth in the Application is hereby approved, nunc pro tunc to the petition date of the above-captioned proceedings; and it is further

ORDERED that PHKS shall be compensated under sections 330 and 331 of the Bankruptcy Code and any further or other Orders of this Court concerning compensation of professionals in these cases, and in accordance with the terms set forth in the Application and the Affidavit of Anthony J. Marchetta in support of the Application, and shall be reimbursed for all allowed necessary, actual and reasonable expenses; and it is further

ORDERED that the allowed fees and expenses of PHKS shall be an administrative expense of the Debtors' estates; and it is further.

ORDERED that this Order shall become effective immediately upon its entry; and it is further

2

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: May 30, 2001

JUDGE

# EXHIBIT B

## IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

*In re*                                 :      Chapter 11
                                        :      Case No. 01-01139 (JKF)
W. R. GRACE and CO., *et al.*[1],        :      (Jointly Administered)
                                        :
         Debtors.                       :      Objection Deadline: June 13, 2005
                                        :      Hearing Date:  September 26, 2005

### FEE DETAIL FOR PITNEY HARDIN LLP'S
### SIXTEENTH QUARTERLY FEE APPLICATION FOR THE PERIOD
### FROM JANUARY 1, 2005 THROUGH MARCH 31, 2005

---

[1]  The Debtors consist of the following 62 entities: W. R. Grace and Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace and Co.-Conn., A-1 Bit and Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., EandC Liquidating Corp., Emerson and Cuming, Inc.), Southern Oil, Resin and Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

**EXHIBIT B**

**FEES FOR THE FEE PERIOD**
**JANUARY 1, 2005 THROUGH MARCH 31, 2005**

**FEES FOR THE FEE PERIOD JANUARY 1, 2004 THROUGH JANUARY 31, 2005**

Client: 082910 W.R. GRACE & CO.
Matter: 065656 Weja, Inc.

| 01/03/05 4 | Address execution issues in NJ. W. Hatfield | 0.4 | 134.00 |
|---|---|---|---|
| 01/03/05 15 | Address brief appendix and filing issues in appeal. W. Hatfield | 0.5 | 167.50 |
| 01/03/05 4 | Address Teich settlement status. R. Rose | 0.3 | 127.50 |
| 01/03/05 15 | Receipt and review of correspondence from W. Biehl regarding payment of Teich judgment. R. Gottilla | 0.5 | 182.50 |
| 01/03/05 15 | Preparation of lienor's list regarding sale of real property, including multiple telephone conferences with Suffolk County Sheriff regarding same. J. Borg | 0.6 | 180.00 |
| 01/03/05 15 | Follow-up with Court regarding motion for over length brief. F. Stella | 0.7 | 182.00 |
| 01/04/05 4 | Respond to client request on inquiry for retained claims in Bankruptcy. W. Hatfield | 0.7 | 234.50 |
| 01/04/05 4 | Address Tiech issues and judgment. W. Hatfield | 0.3 | 100.50 |
| 01/04/05 4 | Address Teich settlement of judgment. R. Rose | 0.4 | 170.00 |
| 01/04/05 15 | Follow up regarding F. Biehl and payment of portion of Teich judgment by insurance carriers. R. Gottilla | 0.3 | 109.50 |
| 01/05/05 15 | Address draft letter on Tiech issues for judgment and post-judgment interest. W. Hatfield | 0.9 | 301.50 |

| Date | Description | | Hours | Amount |
|------|-------------|---|-------|--------|
| 01/05/05 15 | Attend to transcript issues. W. Hatfield | | 0.2 | 67.00 |
| 01/05/05 4 | Review draft letter to Teich counsel concerning payment of judgment and discuss with B. Hatfield. R. Rose | | 0.2 | 85.00 |
| 01/05/05 15 | Receipt and review of letter from Biehl regarding partial payment of judgment and attention to drafting letter to Biehl to reserve clients' rights re Appeal. R. Gottilla | | 1.2 | 438.00 |
| 01/05/05 15 | Draft letter to Court regarding transcript. F. Stella | | 0.5 | 130.00 |
| 01/06/05 4 | Address Teich issues. W. Hatfield | | 0.4 | 134.00 |
| 01/06/05 15 | Drafting revisions to Biehl letter. R. Gottilla | | 0.4 | 146.00 |
| 01/07/05 4 | Address document management and cemetery items. W. Hatfield | | 0.4 | 134.00 |
| 01/13/05 4 | Address memos on Tiech issues. W. Hatfield | | 0.4 | 134.00 |
| 01/13/05 15 | Telephone conference with Sheriff's Office regarding Notice to be served upon W. Teich, including review/analysis correspondence from Sheriff's Office regarding same, preparation of correspondence to A. Nagy regarding same, and telephone conference with J. Rodriguez regarding updated Title Search for same. J. Borg | | 1.4 | 420.00 |
| 01/14/05 4 | Address case issues. W. Hatfield | | 0.3 | 100.50 |
| 01/17/05 4 | Address case issues. W. Hatfield | | 0.2 | 67.00 |
| 01/18/05 4 | Respond to client inquiry. W. Hatfield | | 0.3 | 100.50 |
| 01/18/05 | Multiple telephone conferences with Sheriff regarding service of Notice of Publication. | | | |

3

| | | | |
|---|---|---|---|
| 15 | J. Borg | 0.6 | 180.00 |

01/20/05 Telephone from Sunoco counsel and confirming letter concerning extension of time to answer brief based on Grace motion to file overlength brief.

| | | | |
|---|---|---|---|
| 4 | R. Rose | 0.3 | 127.50 |

01/20/05 Receipt and review of Order for Discovery entered by the Court, including telephone call to F. Biehl and preparation of correspondence to Teich serving Order for Discovery.

| | | | |
|---|---|---|---|
| 15 | R. Gottilla | 0.7 | 255.50 |

01/20/05 Numerous telephone conferences with Essex Co. Sheriff regarding service of documents upon W. Teich

| | | | |
|---|---|---|---|
| 15 | J. Borg | 0.4 | 120.00 |

01/24/05 Address strategy in case.

| | | | |
|---|---|---|---|
| 4 | W. Hatfield | 0.3 | 100.50 |

01/24/05 Address settlement status regarding Teich.

| | | | |
|---|---|---|---|
| 4 | R. Rose | 0.3 | 127.50 |

01/24/05 Preparation of Certification of Mailing relative to Order for Discovery.

| | | | |
|---|---|---|---|
| 15 | R. Gottilla | 0.3 | 109.50 |

01/25/05 Address site remedial issues/property status.

| | | | |
|---|---|---|---|
| 4 | W. Hatfield | 0.4 | 134.00 |

01/26/05 Address appeal issues.

| | | | |
|---|---|---|---|
| 15 | W. Hatfield | 0.2 | 67.00 |

01/26/05 Receipt and review of letter from Biehl regarding status of insurance company payments and request to withhold post-judgment discovery hearing and execution sale.

| | | | |
|---|---|---|---|
| 15 | R. Gottilla | 0.4 | 146.00 |

01/27/05 Address memos on Teich issues.

| | | | |
|---|---|---|---|
| 15 | W. Hatfield | 0.7 | 234.50 |

01/27/05 Review/Analysis numerous correspondence regarding satisfaction of judgment and cancellation of sale, including telephone conference with Suffolk Co. Sheriff regarding same, telephone conference with Essex Co. Sheriff regarding service of notices upon W. Teichm and preparation of correspondence to J. Rodriguez regarding updated Title Search.

| | | | |
|---|---|---|---|
| 15 | J. Borg | 0.9 | 270.00 |

01/28/05 Attend to schedule and leave for over length brief.

| 15 | W. Hatfield | | 0.4 | 134.00 |

| 01/28/05 | Telephone conference with F. Biehl regarding status of receipt of insurance checks. | | | |
| 15 | R. Gottilla | | 0.3 | 109.50 |

| 01/28/05 | Telephone conferences with Suffolk Co. Sheriff regarding possible cancellation of sale and telephone conference with Essex Co. Sheriff regarding service of Legal Notices of sale of Southampton property. | | | |
| 15 | J. Borg | | 0.4 | 120.00 |

| 01/31/05 | Address settlement status. | | | |
| 4 | R. Rose | | 0.2 | 85.00 |

### FEE SUMMARY - SORTED BY TIMEKEEPER

| Timekeeper | TASK CODE | HOURS | RATE | FEE |
|---|---|---|---|---|
| R. Rose | 4 | 1.7 | 425.00 | 722.50 |
| R. Gottilla | 15 | 4.1 | 365.00 | 1,496.50 |
| W. Hatfield | 4 | 4.1 | 335.00 | 1,373.50 |
| | 15 | 2.9 | 335.00 | 971.50 |
| J. Borg | 15 | 4.3 | 300.00 | 1,290.00 |
| F. Stella | 15 | 1.2 | 260.00 | 312.00 |
| TOTAL | | 18.3 | | 6,166.00 |

Client: 082910 W.R. GRACE & CO.
Matter: 095992 Chapter 11 Administration

| 01/03/05 | Review and revise Pitney Hardin's November, 2004 Fee Application. | | | |
| 11 | S. Zuber | | 0.3 | 112.50 |

| 01/03/05 | Conducted database searches and reviewed file documents in the NY Superfund matter as requested by M. Waller regarding retrieval of information needed to prepared disclosure statements. | | | |
| 4 | S. Parker | | 0.4 | 50.00 |

| 01/04/05 | Respond to request for retained claims information for Grace. | | | |
| 4 | W. Hatfield | | 1.2 | 402.00 |

| 01/05/05 | Address request by K&E with A. Nagy. | | | |
| 4 | W. Hatfield | | 0.4 | 134.00 |

| 01/05/05 | Revised November 2004 fee application and attention to forwarding to S. McFarland for filing of same. | | | |
| 11 | K. Jasket | | 1.0 | 235.00 |

5

| | | | |
|---|---|---|---|
| 01/13/05 | Reviewed docket entries for Order regarding 13th Interim Period. | | |
| 11 | K. Jasket | 0.2 | 47.00 |
| | | | |
| 01/14/05 | Audit response. | | |
| 4 | A. Marchetta | 0.3 | 157.50 |
| | | | |
| 01/25/05 | Reviewed docket for Order regarding the 13th Interim Period and conferred with D. Carickhoff regarding same. | | |
| 11 | K. Jasket | 0.2 | 47.00 |
| | | | |
| 01/26/05 | Receipt and review of Order regarding 13th Interim Period and CNO for October 2004 and attention to forwarding same to A. Marchetta and S. Zuber. | | |
| 11 | K. Jasket | 0.2 | 47.00 |
| | | | |
| 01/31/05 | Drafted December 2004 fee application. | | |
| 11 | K. Jasket | 2.8 | 658.00 |

## FEE SUMMARY - SORTED BY TIMEKEEPER

| Timekeeper | TASK CODE | HOURS | RATE | FEE |
|---|---|---|---|---|
| A. Marchetta | 11 | 0.3 | 525.00 | 157.50 |
| S. Zuber | 11 | 0.3 | 375.00 | 112.50 |
| W. Hatfield | 4 | 1.6 | 335.00 | 536.00 |
| K. Jasket | 11 | 4.4 | 235.00 | 1,034.00 |
| S. Parker | 4 | 0.4 | 125.00 | 50.00 |
| TOTAL | | 7.0 | | 1,890.00 |

Client: 082910 W.R. GRACE & CO.
Matter: 113203 Insurance Investigation

| | | | |
|---|---|---|---|
| 01/03/05 | Follow up with M. Waller regarding information to client. | | |
| 4 | A. Marchetta | 0.3 | 157.50 |
| | | | |
| 01/03/05 | Reviewing settlement agreements and charts for preparation of analysis regarding Libby claims and follow up with A. Marchetta regarding same. | | |
| 4 | M. Waller | 1.7 | 637.50 |
| | | | |
| 01/04/05 | Follow up with W. Hatfield regarding information required regarding retained claims and call to A. Nagy regarding same. | | |
| 15 | M. Waller | 0.3 | 112.50 |
| | | | |
| 01/04/05 | Draft e-mail to J. Scordo regarding information required regarding retained claims and follow up with same. | | |

| 15 | M. Waller | 0.3 | 112.50 |

| 01/04/05 | Review information from B. Hatfield and follow up with same regarding call to A. Nagy concerning identification of any retained claims. | | |
| 15 | M. Waller | 0.3 | 112.50 |

| 01/04/05 | Follow-up with A. Marchetta regarding status of insurance review and analysis. | | |
| 15 | M. Waller | 0.2 | 75.00 |

| 01/04/05 | Review settlement agreements to prepare analysis regarding Libby claims. | | |
| 15 | M. Waller | 2.2 | 825.00 |

| 01/05/05 | Follow up with J. Scordo regarding retained claims. | | |
| 15 | M. Waller | 0.2 | 75.00 |

| 01/05/05 | Review memorandum to A. Nagy regarding identification of retained claims. | | |
| 15 | M. Waller | 0.1 | 37.50 |

| 01/05/05 | Reviewing insurance policies received from J. Posner and coverage charts. | | |
| 15 | M. Waller | 1.9 | 712.50 |

| 01/06/05 | Finalizing information regarding identified retained claims | | |
| 15 | M. Waller | 1.2 | 450.00 |

| 01/06/05 | Drafting e-mail memorandum to J. Posner and F. Zaremby regarding information regarding identified retained claims. | | |
| 15 | M. Waller | 0.3 | 112.50 |

| 01/06/05 | Telephone conference with J. Posner regarding retained claim information and Libby coverage issues. | | |
| 15 | M. Waller | 0.3 | 112.50 |

| 01/06/05 | Draft e-mail to R. Finke regarding retained claim information. | | |
| 15 | M. Waller | 0.3 | 112.50 |

| 01/06/05 | Follow up e-mail to R. Finke regarding retained claims regarding potential Libby related claims. | | |
| 15 | M. Waller | 0.3 | 112.50 |

| 01/06/05 | Reviewing insurance policies received from J. Posner and reviewing factual information regarding Libby mine. | | |
| 15 | M. Waller | 2.9 | 1,087.50 |

| 01/07/05 | Reviewing insurance policies received from J. Posner and reviewing factual | | |

| | | | |
|---|---|---|---|
| | information regarding Libby mine. | | |
| 15 | M. Waller | 0.7 | 262.50 |
| 01/07/05 | Review follow up request from bankruptcy counsel to revise disclosure regarding New York insurance coverage actions. | | |
| 15 | M. Waller | 0.2 | 75.00 |
| 01/07/05 | Telephone conference with J. Posner regarding disclosure regarding New York insurance coverage actions. | | |
| 15 | M. Waller | 0.3 | 112.50 |
| 01/07/05 | Drafting additions and revisions to disclosure and draft e-mail memorandum and explanatory e-mail memorandum to bankruptcy counsel. | | |
| 15 | M. Waller | 0.4 | 150.00 |
| 01/07/05 | Follow up with W. Hatfield regarding retained claims concerning which A. Nagy may have knowledge and review e-mail to A. Nagy regarding same. | | |
| 15 | M. Waller | 0.3 | 112.50 |
| 01/10/05 | Telephone conference with A. Nagy regarding identification of retained claims for bankruptcy and review e-mail from same. | | |
| 15 | M. Waller | 0.4 | 150.00 |
| 01/10/05 | Draft memorandum to A. Nagy regarding identification of retained claims for bankruptcy | | |
| 15 | M. Waller | 0.3 | 112.50 |
| 01/10/05 | Draft memorandum to B. Benjamin regarding identification of retained claims for bankruptcy (Tahari). | | |
| 15 | M. Waller | 0.3 | 112.50 |
| 01/10/05 | Review of files at annex for documents relating to the Zonolite Mine site in Libby, Montana including performing database searches, reviewing attorney files, site files and storage boxes. | | |
| 4 | D. Florence | 3.5 | 402.50 |
| 01/11/05 | Work with M. Waller regarding issues regarding coverage of Libby property damage claims. | | |
| 4 | A. Marchetta | 0.6 | 315.00 |
| 01/11/05 | Review information from B. Benjamin regarding Tahari matter and identification of same as retained claim. | | |
| 15 | M. Waller | 0.2 | 75.00 |
| 01/11/05 | Review information from R. Marriam regarding identification of retained claims. | | |

8

| 15 | M. Waller | 0.1 | 37.50 |

| 01/12/05 | Review e-mail memorandum from L. Sinanyan regarding summary of NY insurance coverage actions | | |
| 15 | M. Waller | 0.1 | 37.50 |

| 01/12/05 | Telephone conference with L. Sinanyan regarding summary of NY insurance coverage actions | | |
| 15 | M. Waller | 0.3 | 112.50 |

| 01/13/05 | Follow up with S. Parker regarding additional Libby site/factual materials. | | |
| 15 | M. Waller | 0.2 | 75.00 |

| 01/13/05 | Reviewing policy and settlement documents in connection with evaluation of coverage for Libby Claims. | | |
| 15 | M. Waller | 1.8 | 675.00 |

| 01/13/05 | Work with S. Parker regarding review and compilation of files regarding Zonolite Mining Company. | | |
| 4 | D. Florence | 1.5 | 172.50 |

| 01/13/05 | Worked with D. Florence regarding review of indices and corresponding files regarding compilation of documents pertaining to the operation of the Libby site. | | |
| 4 | S. Parker | 1.5 | 187.50 |

| 01/13/05 | Worked with M. Waller regarding scope of materials needed regarding Libby site. | | |
| 4 | S. Parker | 0.2 | 25.00 |

| 01/14/05 | Follow up regarding client request for information concerning insurance coverage analysis. | | |
| 4 | A. Marchetta | 0.3 | 157.50 |

| 01/14/05 | Follow up with S. Parker regarding additional Libby site/factual materials. | | |
| 15 | M. Waller | 0.3 | 112.50 |

| 01/14/05 | Reviewing boxes of documents regarding Libby asbestos claims and insurance documents regarding same. | | |
| 15 | M. Waller | 2.0 | 750.00 |

| 01/14/05 | Drafting follow up memorandum to R. Finke regarding identification of retained claims and follow up calls with A. Nagy. | | |
| 15 | M. Waller | 0.4 | 150.00 |

| 01/14/05 | Worked with M. Waller regarding follow up on additional site and factual | | |

|       |                                                                                                                 |       |          |
|-------|-----------------------------------------------------------------------------------------------------------------|-------|----------|
|       | documents regarding Libby site.                                                                                 |       |          |
| 4     | S. Parker                                                                                                        | 0.3   | 37.50    |
| 01/15/05 | Review asbestos claim materials and settlement agreements and policies in connection Libby, Montana, claims analysis. |       |          |
|       | M. Waller                                                                                                        | 4.0   | 1,500.00 |
| 01/18/05 | Reviewing excess insurance policies in connection with evaluation of coverage for Libby asbestos claims.     |       |          |
| 15    | M. Waller                                                                                                        | 2.2   | 825.00   |
| 01/19/05 | Follow up with M. Waller regarding investigation of coverage issues and with S. Parker re information for same; review information. |       |          |
| 4     | A. Marchetta                                                                                                     | 0.5   | 262.50   |
| 01/19/05 | Reviewing claim files and insurance information regarding Libby asbestos claims and asbestos claims.           |       |          |
| 15    | M. Waller                                                                                                        | 2.0   | 750.00   |
| 01/19/05 | Confer with A. Marchetta regarding status of review of settlement documents and policy information for preparation of coverage opinion regarding Libby. |       |          |
| 15    | M. Waller                                                                                                        | 0.2   | 75.00    |
| 01/20/05 | Reviewing insurance and claim information regarding Libby asbestos claims.                                     |       |          |
| 15    | M. Waller                                                                                                        | 3.4   | 1,275.00 |
| 01/20/05 | Draft e-mail memorandum to J. Posner requesting additional insurance information.                             |       |          |
| 15    | M. Waller                                                                                                        | 0.1   | 37.50    |
| 01/21/05 | Confer with J. Posner regarding claim and policy information reflected in spreadsheets from F. Zaremby.        |       |          |
| 15    | M. Waller                                                                                                        | 0.3   | 112.50   |
| 01/21/05 | Reviewing settlement information and outlining status and availability of coverage for memorandum summarizing same. |       |          |
| 15    | M. Waller                                                                                                        | 3.9   | 1,462.50 |
| 01/21/05 | Follow up with F. Zaremby regarding policy information in spreadsheets and review response from F. Zaremby.    |       |          |
| 15    | M. Waller                                                                                                        | 0.2   | 75.00    |
| 01/24/05 | Continuing review of settlement agreements and noting releases and scope of each.                             |       |          |

10

| 15 | M. Waller | 2.3 | 862.50 |

01/24/05 Telephone conference with J. Posner regarding insurance analysis regarding Libby property damage claims.

| 15 | M. Waller | 0.8 | 300.00 |

01/24/05 Confer with S. Morley regarding additional allocation research.

| 15 | M. Waller | 0.2 | 75.00 |

01/24/05 Met with Mike Waller. Received research assignment regarding allocation under New York law.

| 15 | S. Morley | 0.2 | 38.00 |

01/25/05 Review settlement agreements and policies in connection with analysis of availability of insurance coverage for property damage claims arising from Libby, Montana;

| 15 | M. Waller | 3.8 | 1,425.00 |

01/25/05 Telephone conference with J. Posner regarding insurance review regarding Libby environmental claims.

| 15 | M. Waller | 0.4 | 150.00 |

01/25/05 Researched New York law regarding trigger of coverage and allocation of insurance.

| 15 | S. Morley | 3.9 | 741.00 |

01/26/05 Review settlement agreements and policies in connection with analysis of availability of insurance coverage for property damage claims arising from Libby, Montana.

| 15 | M. Waller | 4.6 | 1,725.00 |

01/26/05 Draft memorandum to J. Posner regarding insolvent excess carriers.

| 15 | M. Waller | 0.3 | 112.50 |

01/26/05 Continued research of New York law for trigger of coverage and allocation of an insurance claims.

| 15 | S. Morley | 2.3 | 437.00 |

01/27/05 Follow up e-mails with J. Posner regarding insolvency of certain carriers providing insurance to Grace.

| 15 | M. Waller | 0.2 | 75.00 |

01/27/05 Continuing to review settlement agreements and policies and drafting memorandum regarding availability of insurance coverage for property damage claims arising from Libby, Montana.

| 15 | M. Waller | 2.9 | 1,087.50 |

| 01/27/05 | Began drafting memorandum regarding New York law for trigger of coverage and allocation of an insurance claim. | | |
|---|---|---|---|
| 15 | S. Morley | 3.1 | 589.00 |

| 01/27/05 | Meeting with M. Waller regarding the content and structure of memorandum treating New York law for trigger of coverage and allocation of an insurance claims. | | |
|---|---|---|---|
| 15 | S. Morley | 0.2 | 38.00 |

| 01/28/05 | Review settlement agreements and policies and drafting memorandum regarding availability of insurance coverage for Libby claims. | | |
|---|---|---|---|
| 15 | M. Waller | 2.7 | 1,012.50 |

| 01/28/05 | Drafting memorandum regarding New York law for trigger of coverage and allocation of an insurance claims. | | |
|---|---|---|---|
| 15 | S. Morley | 1.2 | 228.00 |

| 01/31/05 | Drafting memorandum analyzing possibility of coverage for property damage claims arising from Grace business-related operations in Libby, Montana. | | |
|---|---|---|---|
| 15 | M. Waller | 5.9 | 2,212.50 |

## FEE SUMMARY - SORTED BY TIMEKEEPER

| Timekeeper | TASK CODE | HOURS | RATE | FEE |
|---|---|---|---|---|
| A. Marchetta | 4 | 1.7 | 525.00 | 892.50 |
| M. Waller | 15 | 61.2 | 375.00 | 22,950.00 |
| S. Morley | 15 | 10.9 | 190.00 | 2,071.00 |
| D. Florence | 15 | 5.0 | 115.00 | 575.00 |
| S. Parker | 15 | 2.0 | 125.00 | 250.00 |
| | TOTAL | 80.8 | | 26,738.50 |

Client: 082910 W.R. GRACE & CO.
Matter: 072757 Intercat, Inc. et al.

| 01/06/05 | Follow up with N. Alt regarding Conoco payments and impact, if any, upon Grace's claims in Chapter 11 case. | | |
|---|---|---|---|
| 4 | S. Zuber | 0.2 | 75.00 |

| 01/10/05 | Various correspondence to and from I. Greene regarding Conoco payment issue. | | |
|---|---|---|---|
| 4 | S. Zuber | 0.3 | 112.50 |

| 01/12/05 | Receipt, review and analysis of : (i) Satisfaction of Judgment as to Conoco; | | |
|---|---|---|---|

12

|  |  |  |  |
|---|---|---|---|
|  | and (ii) Agreement in satisfaction of Judgment against Conoco. |  |  |
| 4 | S. Zuber | 0.6 | 225.00 |
|  |  |  |  |
| 01/12/05 | Telephone conversation with N. Alt regarding Conoco dispute and Intercat's claim that W.R. Grace's claim must be reduced. |  |  |
| 4 | S. Zuber | 0.4 | 150.00 |
|  |  |  |  |
| 01/13/05 | Further review and analysis of Agreement in Satisfaction of Judgment against Conoco. |  |  |
| 4 | S. Zuber | 0.4 | 150.00 |
|  |  |  |  |
| 01/13/05 | Telephone conversation with N. Alt regarding Conoco agreements and claim dispute with Intercat; and prepare memo regarding call. |  |  |
| 4 | S. Zuber | 0.3 | 112.50 |
|  |  |  |  |
| 01/13/05 | Confer with A. Marchetta regarding Conoco dispute - status and strategy. |  |  |
| 4 | S. Zuber | 0.2 | 75.00 |
|  |  |  |  |
| 01/17/05 | Review and analysis of letter from Grace to Conoco regarding Lake Charles refinery purchases (additional backup regarding Intercat's claim that Grace's claim in Chapter 11 must be reduced). |  |  |
| 4 | S. Zuber | 0.3 | 112.50 |
|  |  |  |  |
| 01/17/05 | Correspondence to N. Alt regarding Conoco dispute, including strategy and confidentiality issues. |  |  |
| 4 | S. Zuber | 0.4 | 150.00 |
|  |  |  |  |
| 01/18/05 | Follow up with S. Zuber regarding Conoco issue. |  |  |
| 4 | A. Marchetta | 0.3 | 157.50 |
|  |  |  |  |
| 01/18/05 | Continued review and analysis of Conoco settlement issues. |  |  |
| 4 | S. Zuber | 0.4 | 150.00 |
|  |  |  |  |
| 01/18/05 | Correspondence to and from N. Alt regarding Conoco issues. |  |  |
| 4 | S. Zuber | 0.4 | 150.00 |
|  |  |  |  |
| 01/18/05 | Telephone conversation with I. Greene regarding Grace's position on Conoco settlement. |  |  |
| 4 | S. Zuber | 0.3 | 112.50 |
|  |  |  |  |
| 01/19/05 | Correspondence from and to N. Alt regarding Conoco pricing and settlement issues. |  |  |
| 4 | S. Zuber | 0.2 | 75.00 |
|  |  |  |  |
| 01/19/05 | Telephone conversation with N. Alt regarding Conoco issues, including details on product pricing under settlement agreement. |  |  |

| | | | | |
|---|---|---|---|---|
| 4 | S. Zuber | | 0.2 | 75.00 |

| | | | | |
|---|---|---|---|---|
| 01/25/05 | Prepare draft correspondence to I. Greene setting forth Grace's position regarding Intercat's claim that Grace should reduce its claim on account of Graces alleged "product overcharges" to Conoco Inc., and forward draft to N. Alt for review and comment. | | | |
| 4 | S. Zuber | | 1.1 | 412.50 |

| | | | | |
|---|---|---|---|---|
| 01/26/05 | Receipt and review of N. Alt's proposed changes to correspondence to I. Greene regarding Conoco settlement. | | | |
| 4 | S. Zuber | | 0.2 | 75.00 |

| | | | | |
|---|---|---|---|---|
| 01/26/05 | Revise correspondence to I. Greene, per N. Alt's comments; and forward correspondence to I. Greene. | | | |
| 4 | S. Zuber | | 0.4 | 150.00 |

## FEE SUMMARY - SORTED BY TIMEKEEPER

| Timekeeper | TASK CODE | HOURS | RATE | FEE |
|---|---|---|---|---|
| A. Marchetta | 4 | 0.3 | 525.00 | 157.50 |
| S. Zuber | 4 | 6.3 | 375.00 | 2,362.50 |
| TOTAL | | 6.6 | | 2,520.00 |

Client: 030423 GLOUCESTER NEW COMMUNITIES CO
Matter: 066958 Landfill Closure Issues (Gloucester)

| | | | | |
|---|---|---|---|---|
| 01/04/05 | Review cleanup status and respond to client request on inquiry for retained claims in Bankruptcy. | | | |
| 4 | W. Hatfield | | 0.5 | 167.50 |

| | | | | |
|---|---|---|---|---|
| 01/28/05 | Call with Pennoni on status; memo to client on DEP schedule for report review. | | | |
| 4 | W. Hatfield | | 0.4 | 134.00 |

## FEE SUMMARY - SORTED BY TIMEKEEPER

| Timekeeper | TASK CODE | HOURS | RATE | FEE |
|---|---|---|---|---|
| W. Hatfield | 4 | 0.9 | 335.00 | 301.50 |
| TOTAL | | 0.9 | | 301.50 |

Client: 082913 W.R. GRACE & CO.\INSURANCE CO
Matter: 000009 NY Superfund Action