IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| W.R. GRACE & CO., *et al.*,[1] ) | Case No. 01-1139 (JFK) |
| ) | Jointly Administered |
| ) | |
| Debtors. ) | **Hearing Date: June 27, 2005 at noon** |
| ) | **Re: Docket Nos. 5317, 5426, 5480, 5549** |

**NOTICE OF WITHDRAWAL OF MOTION OF MASSACHUSETTS DEPARTMENT
OF ENVIRONMENTAL PROTECTION FOR RELIEF FROM AUTOMATIC STAY
AND SETOFF**

The Massachusetts Department of Environmental Protection (MADEP), a creditor and party in interest herein, by and through the Attorney General of the Commonwealth of Massachusetts, hereby notifies this Court that it is withdrawing its motion, filed on March 19, 2004, seeking relief from the automatic stay to effect the setoff of a portion of a 1986 tax refund owed to Debtors by the Massachusetts Department of Revenue (MADOR) against certain pre-petition, non-contingent, liquidated environmental liability owed by Debtors to the Commonwealth, pursuant to 11 U.S.C. §§ 362(d) and 553 ("Stay Relief Motion," Docket No.

---

[1] The Debtors consist of the following 62 entities: W.R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W.R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc, Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.) G C Management Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, CN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Service Corporation, Grace International Holdings, Inc., (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W.R. Grace Capital Corporation, W.R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JBH Inc., Asbestos Management Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.) MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc.(f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

5317).  As background, MADEP states as follows:

    1.      On April 2, 2001, the Debtors commenced their respective reorganization cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

    2.      In March 2003, the MADEP filed timely proofs of claim against Debtors W.R. Grace & Co., W.R. Grace & Co-Conn., and Grace Energy Corporation regarding their environmental liability to the Commonwealth, pursuant to various federal and state laws and regulations.

    3.      The MADEP Claims set forth general unsecured pre-petition, liquidated claims in a total amount of $799,418.84, and also provided notice of other contingent, unliquidated, and/or estimated environmental liability that the MADEP alleged that Debtors already had, or may come to have, to the Commonwealth.  Debtors objected to the MADEP Claims on various grounds.

    4.      On January 22, 2004, this Court authorized Debtors to enter into a settlement with the MADOR under which it would owe Debtors $1,292,340, plus interest, as an abatement of 1986 corporate excise taxes paid by Debtors.

    5.      On March 19, 2004, the MADEP moved for relief from the automatic stay to effect setoff of a portion of the 1986 tax refund against Debtors' pre-petition, liquidated environmental liability.  Debtors objected for various reasons, including that they contested the amount of the MADEP Claims.

    6.      After conducting discovery, the MADEP and Debtors reached an agreement as to the allowed amount of MADEP's liquidated, pre-petition general unsecured claims.  On May 16, 2005, they filed a Stipulation that the allowed amount of the MADEP's liquidated pre-petition general unsecured claims shall be $700,298.00, which the Court so ordered on May 16, 2005.

The Stipulation did not reach the MADEP's contingent, unliquidated and/or estimated environmental liability identified in the Claims.

7. Debtors have proposed a plan of reorganization that provides that the allowed amount of general unsecured claims, such as those at issue in the Stay Relief Motion, shall be paid in full. Because Debtors' plan to pay such claims in full diminishes the financial benefit to the Commonwealth of the setoff being sought, and based on other considerations related to the above-described circumstances, the MADEP has concluded that it is in the Commonwealth's best interest at this time to withdraw its Stay Relief Motion.

    Respectfully submitted,

    MASSACHUSETTS DEPARTMENT OF
    ENVIRONMENTAL PROTECTION

    By its attorney,

    THOMAS F. REILLY
    ATTORNEY GENERAL

    /s/ Carol Iancu
    By: Carol Iancu, Mass. BBO # 635626
    Assistant Attorney General
    Massachusetts Office of the Attorney General
    Environmental Protection Division
    One Ashburton Place, Room 1813
    Boston, MA 02108
    (617) 727-2200, ext. 2428

Date: June 3, 2005