## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | § | **Chapter 11** |
| | § | |
| **W.R. GRACE & CO., et al.,** | § | **Jointly Administered** |
| | § | **Case No. 01-01139 (JKF)** |
| **Debtors.** | § | |
| | § | |

### FEE AUDITOR'S FINAL REPORT REGARDING
### FEE APPLICATION OF KRAMER, LEVIN, NAFTALIS
### & FRANKEL, L.L.P. FOR THE FIFTEENTH INTERIM PERIOD

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Fee Application of Kramer, Levin, Naftalis & Frankel, L.L.P. for the Fifteenth Interim Period (the "Application").

### BACKGROUND

1.      Kramer, Levin, Naftalis & Frankel, L.L.P. ("Kramer Levin") was retained as counsel to the official committee of equity holders.  In the Application, Kramer Levin seeks approval of fees totaling $406,517.00 and costs totaling $14,406.04 for its services from October 1, 2004, through December 31, 2004.

2.      In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued

January 30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the

United States Bankruptcy Court for the District of Delaware, the United States District Court for the

District of Delaware, and the Third Circuit Court of Appeals.  We served on Kramer Levin an initial

report based on our review, and received a response from Kramer Levin, portions of which response

are quoted herein.

**DISCUSSION**

3.      In our initial report, we noted eight travel entries totaling 31.5 hours and $18,450.00

in which time appears to have been billed at normal rates when either there is no indication that work

was performed during this travel or the fee detail states specifically that the travel time was non-

working.  The entries are provided below.

| 10/17/04 | GMB | 5.50 | 2,722.50 | Travel to Pittsburgh for SAI hearing (bill at normal rate) |
| 10/19/04 | GMB | 5.50 | 2722.50 | Return from Pittsburgh hearing on ZAI - nonworking travel (bill at normal rate). |
| 10/21/04 | GMB | 9.00 | 4455.00 | Non-working travel time associated with management meeting (bill at normal rate) (9.0) |
| 10/21/04 | PB | 1.80 | 1017.00 | Non-working travel to and from Maryland |
| 10/25/04 | GMB | 2.00 | 990.00 | Non-working travel in connection with omnibus hearing (bill at normal rate) (2.0). |
| 10/25/04 | PB | 2.70 | 1525.50 | Non-working travel to and from Delaware |
| 11/15/04 | GMB | 2.50 | 1,237.50 | Travel for omnibus hearing (bill at normal rate) |
| 12/14/04 | GAH | 16.20 | 8505.000 | .........; travel return to NY (7.2) |

Rule 2016-2(d)(viii) states, "Travel time during which no work is performed shall be separately

described and may be billed at no more than 50% of regular hourly rates."  We asked Kramer Levin

to explain why the billing for these time entries should not be reduced by 50%.  The firm responded as follows:

> As we discussed yesterday, rates for non-working travel time are in fact adjusted to one-half of normal rate.  While the computer run is incapable of doing so, I manually adjust the rates, as reflected in the summary "Schedule of Time Charges and Rates" attached to each monthly fee application, and the total fee amount requested reflects this adjustment.  The only entry for which this adjustment was not made (because the wrong matter code was used to enter the time) was the 12/14/04 GAH time entry showing 7.2 hours of non-working travel time.  Accordingly, we agree to a reduction of  $1890.00, which represents one half of the charge for these hours.

We appreciate the response.  After reviewing the summary of time charges and rates, we concur that all adjustments were made except for the December 14, 2004 entry.  We thus recommend a reduction of $1,890.00 in fees.

4.    We noted that during the application period KM (195) spent a total of 8.90 hours for fees of $1,735.50 on file organization.  The entries are provided below.

| 10/04/04 | KM | 2.20 | 429.00 | Organization of files, update index, chron. correspondence (2.2). |
| 10/20/04 | KM | 3.00 | 585.00 | Organization of files (3.0). |
| 10/21/04 | KM | 1.60 | 312.00 | Organization of files, update index, chron. correspondence (1.6). |
| 10/28/04 | KM | 2.10 | 409.50 | Organization of documents per PB, distribution to internal group (.80); organization of files (1.2) |

These would appear to be tasks more suited to a professional billing at a lower hourly rate.   On the issue of adjusting rates downward for certain tasks, the Third Circuit seems fond, in the bankruptcy context, of quoting its opinion in Ursic v. Bethlehem Mines, 719 F.2d 670, 677 (3d Cir. 1983)that "[r]outine tasks, if performed by senior partners in large firms, should not be billed at their usual

rates.  A Michelangelo should not charge Sistine Chapel rates for painting a farmer's barn."  See

Zolfo, Cooper & Co. v. Sunbeam-Oster Co., Inc., 50 F.3d 253, 260 (3rd Cir. 1995).  While we realize

that this timekeeper is not presented as a senior partner nor billed as one, we believe the spirit of the

Court's opinion would still apply in this instance.  We asked Kramer Levin to explain why these

tasks could not have been performed by a professional billing at a substantially lower hourly rate.

Kramer Levin responded as follows:

> Proper file organization is essential to ensure that the attorneys working on the case
> perform their own work efficiently.  As I mentioned during our call, Kathleen
> Mangual was our paralegal on this case and the person with the lowest billing rate
> capable of conducting these tasks. We do not give this job to our secretarial staff,
> because it requires a more thorough knowledge of the case and the law than they
> possess.  Accordingly, we believe that these charges are necessary and appropriate.
> Notwithstanding this belief, in order to avoid an unnecessary dispute with your
> office, we are willing, for this period only, to reduce the fees for this work by
> $400.00, representing a revised hourly rate of $150/hour and, therefore, a discount
> of approximately 25%.

We appreciate the response; however, we find nothing in the fee detail to suggest that these duties

went beyond basic organization, filing and distribution.  For those tasks we suggest a reasonable rate

of $70.00 per hour.  Thus we recommend a reduction of $1,112.50 for these fees.

5.    We noted five entries throughout the Application in which the time summaries do not

match the parenthetical time entries.  These instances total $1,647.00 in discrepancies and are

provided as Exhibit A.  We asked Kramer Levin to examine the exhibit and respond as to whether

these entries represent inadvertent discrepancies that should be deducted from the Application fee

total.   The firm responded as follows:

> We have reviewed the time entries and agree with you that the individual task
> amounts were improperly summed up in the instances you identified.  Accordingly,
> we agree to a reduction of $1647.00.

We appreciate the response and thus recommend a reduction of $1,647.00 in fees.

6.       We noted that on November 2 and 3, 2004, TMM charged for the exact same activity, including the breakdown by the time spent per such activity.  The total charged was 1.90 hours for $1,311.00.  The entries are provided below.

| 11/02/04 | TMM 1.90 | 1311.00 | Conference Caton, Novod, Bentley re gearing up team for future litigation in connection with plan, trading limitation order (.4); prepare for (.5) and participate in (1.)  Call with Herzog, Becker, Riegel, Novod, W.R. Grace team (Bob Torolla, Elise Falon, Tod Mains), K&E tax partner re trading restriction order and preservation of NOLs. |
|---|---|---|---|
| 11/03/04 | TMM 1.90 | 1311.00 | Conference Caton, Novod, Bentley re gearing up team for future litigation in connection with plan, trading limitation order (.4); prepare for (.5) and participate in (1.)  Call with Herzog, Becker, Riegel, Novod, W.R. Grace team (Bob Torolla, Elise Falon, Tod Mains), K&E tax partner re trading restriction order and preservation of NOLs. |

We asked Kramer Levin to explain the duplicate entry on succeeding days.  The firm responded as follows:

> The duplicate time on successive days appears to have been a data entry error.  We agree to a reduction of $1311.00 to correct this error.

We appreciate the response and recommend a reduction of $1,311.00 in fees.

7.       We noted a number of out-of-town travel entries that require greater supporting detail in order to be properly assessed.  The entries are provided below.

| OUT-OF-TOWN TRAVEL - VENDOR CITICORP DINERS CLUB NY WILMINGTON | BECKER, GM | 09/27/04 | 212.00 |
|---|---|---|---|
| OUT-OF-TOWN TRAVEL - VENDOR | BECKER, GM | 10/21/04 | 717.40 |

CITICORP DINERS CLUB NY BALTPHIL


| | | | |
|---|---|---|---|
| OUT-OF-TOWN TRAVEL - VENDOR CITICORP DINERS CLUB NY BALT | BENTLEY, P | 10/21/04 | 329.60 |
| OUT-OF-TOWN TRAVEL - VENDOR CITICORP DINERS CLUB NY BALT | BENTLEY, P | 10/21/04 | 207.00 |
| OUT-OF-TOWN TRAVEL - VENDOR CITICORP DINERS CLUB NY | BECKER, GM | 10/19/04 | 1,104.80 |
| OUT-OF-TOWN TRAVEL - VENDOR CITICORP DINERS CLUB PITTS NY | BECKER, GM | 10/19/04 | 434.60 |
| OUT-OF-TOWN TRAVEL - VENDOR CITICORP DINERS CLUB WILM NY | BENTLEY, P | 10/25/04 | 205.00 |

For each entry, we asked Kramer Levin to provide detail for all expenses contained therein.  Kramer Levin responded as follows:

> The requested detail for each of the questioned expenses is provided on attached Exhibit A.  As noted, all travel is coach class.

We appreciate the response.  After review of the accompanying detail, we offer no objection to these expenses.

8.      We noted a hotel expense of $433.14 that may be excessive.  The entry is provided below.

| | | | |
|---|---|---|---|
| GARY M. BECKER OUT-OF-TOWN TRAVEL VENDOR - GARY M. BECKER HOTEL | BECKER, GM | 11/24/04 | 433.14 |

We asked the firm to provide greater detail regarding this expense.  Kramer Levin responded as follows:

As also shown in Exhibit A, this entry reflects two nights (10/17/05 and 10/18/05) stay in the Omni William Penn Hotel in Pittsburgh, plus two dinners during that period, for purposes of attending the ZAI science trial summary judgment hearing. We believe that the rates are reasonable.

After review of the detail, we offer no objection to these expenses.

9.      We noted a transportation expense entry of $141.00 that may be excessive.  The entry

is provided below.

CAB FARES - VENDOR - GREGORY
A. HOROWITZ TAXI
PHILIP BENTLEY                          BENTLEY, P          12/29/04          141.00
CAB FARES - VENDOR - PHILIP BENTLEY TAXIS

We asked the firm to  provide greater detail regarding this expense.  Kramer Levin responded as follows:

We have been unable to locate the detail on the taxi charges set forth in this entry. Accordingly, we agree to a reduction of $141.00 for this item.

We appreciate the response and thus recommend a reduction of $141.00 in expenses.

## CONCLUSION

10.     Thus we recommend approval of  fees totaling $400,556.50 ($406,517.00 minus

$5,960.50) and costs totaling $14,265.04 ($14,406.04 minus $141.00) for Kramer Levin's services

from October 1, 2004, through December 31, 2004.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
　　　　Warren H. Smith
　　　　Texas State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 1275
Dallas, Texas  75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

### CERTIFICATE OF SERVICE

　　　　I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 6th  day of June,  2005.

_____
　　　　　　　　　　　　　　Warren H. Smith

## SERVICE LIST
Notice Parties

**The Applicant**
Philip Bentley, Esq.
Kramer, Levin, Naftalis & Frankel, L.L.P.
919 Third Avenue
New York, NY 10022

**The Debtors**
David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**
James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**
Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**
Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph,Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**
Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE  19801

**Official Committee of Equity Holders**
Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 141
Wilmington, DE 19801

**United States Trustee**
Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801

Exhibit A

1.  On November 11, 2004, KM has a time entry listed as 5.10 hours for a total fee of $994.50.  The parenthetical entries total only 0.50 hours for fees of $97.50.  Difference in fee total is $897.00.

| 11/11/04 | KM | 5.10 | 994.50 | organization of pleadings and correspondence (.5). |
|---|---|---|---|---|

2.  On November 29, 2004, GMB has a time entry listed as 2.50 hours for a total fee of $1,237.50.  The parenthetical entries total only 2.00 hours for fees of $990.00.  Difference in fee total is $247.50.

| 11/29/04 | GMB | 2.50 | 1237.50 | Conf. with equity holder re various case issues (0.5); conf. second equity holder re case issues (0.5); conf. third equity holder re case issues (0.5); review email from Weschler re committee conf. (0.2); conf. fourth equity holder re case issues (0.3). |
|---|---|---|---|---|

3.  On November 5, 2004, GMB has a time entry listed as 5.00 hours for a total fee of $2,475.00.  The parenthetical entries total only 4.70 hours for a total fee of $2,326.50.  Difference in fee total is $148.50.

| 11/05/04 | GMB | 5.00 | 2475.00 | Conf. Nadler and Bentley re meeting with counsel on asbestos issues (0.6 hrs); multiple revisions to application to employ Bamberger and supporting documents (2.0); conf. local counsel re filing Bamberger application and call to Perch (0.7); multiple conf. Koevary re Bamberger application (0.6); conf. FTI general counsel re Bamberger application (0.3); PACER docket research re FTI role in case (0.5). |
|---|---|---|---|---|

4.  On December 8, 2004, GN has a time entry listed as 7.20 hours for a total fee of $2,808.00.  The parenthetical entries total 7.10 hours for a total fee of $2,769.00.  Difference in fee totals is $39.00.

| 12/08/04 | GN | 7.20 | 2808.00 | Disc w/ Gary B. re drafting pleading re exclusivity (0.1). Call ro K. Mangual re same (0.1). Draft response to exclusivity (5.5).  Email to G. Becker. (0.1). Meeting with Gary B., Phil B., Barry H., Blake H. (1.0).  Meeting with Gary B., Phil B., (0.3). |
|---|---|---|---|---|

5.  On December 2, 2004, GAH has a time entry listed as 5.20 hours for a total fee of $2,730.00.  The parenthetical entries total 4.60 hours for a total fee of $2,415.00.  Difference in fee totals is $315.00.

| 12/02/04 | GAH | 5.20 | 2730.00 | Committee call (1.4); dw PB (.5); review Weill rebuttal report (.7); long tc Elli Leibenstein, e-mail re same (2.0). |