**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., et al., | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

**FEE AUDITOR'S FINAL REPORT REGARDING**
**FEE APPLICATION OF REED SMITH LLP**
**FOR THE FIFTEENTH INTERIM PERIOD**

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Fee Application of Reed Smith LLP for the Fifteenth Interim Period.

**BACKGROUND**

1.  Reed Smith LLP ("Reed Smith") was retained as special asbestos products liability defense counsel to the Debtors. In the Application, Reed Smith seeks approval of fees totaling $279,969.75 and costs totaling $7,166.00 for its services from October 1, 2004, through December 31, 2004.

2.  In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued

January 30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served on Reed Smith an initial report based on our review, and received a response from Reed Smith, portions of which response are quoted herein.

## DISCUSSION

3.      In our initial report, we noted several instances in which more than one professional attended a meeting, hearing, deposition, trial or conference call. In two of these instances (totaling 233.40 hours and $103,800.50), the number of professionals attending and the ultimate cost to the estate appear excessive. See Exhibit A. Paragraph II.D.5. of the Guidelines provides that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." Furthermore, the Delaware Local Rules, rule 2016-2(d)(ix), states "....[t]he activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role." We asked Reed Smith to review Exhibit A, and for each instance, explain why each professional's attendance was necessary, as well as their individual area of expertise. Reed Smith's response is provided as Response Exhibit 1. We appreciate the response and offer no objection tho these fees.

4.      We noted that on October 14, 2004, JWB has a time entry listed as 6.40 hours for a total fee of $2,368.00. The parenthetical entries total 5.40 hours for fees of $1,998.00, and a difference of $370.00. The entry is provided below.

10/14/04     JWB     6.40          Preparation for presentation of ZAI Science Trial (1.1); attend major strategy meeting with R. Finke, J. Restivo, L. Flatley and D. Comeron in preparation for ZAI Science Trial (4.3).

We asked the firm to explain the apparent discrepancy in this time entry. Reed Smith's response is provided below.

> In his Initial Report, the Fee Auditor noted that on October 14, 2004, attorney James W. Bentz has a total time entry listed as 6.4 hours for a total fee of $2,368.00, but the narrative fee detail for the same day indicates a total time of 5.4 hours for a total fee of $1,998.00. Reed Smith has reviewed the original time entry made by attorney Bentz and has determined that the narrative fee detail is erroneous; the detail should have read as follows:
>
> JWB   6.4 Preparation for presentation of ZAI Science Trial (2.1); attend major strategy meeting with R. Finke, J. Restivo, L. Flatley and D. Cameron in preparation for ZAI Science Trial (4.3).
>
> As such, the total fee charged by Reed Smith is correct, and no reduction should be assessed.

We appreciate the response and offer no objection to these fees.

5.    In the November invoice, Reed Smith seeks reimbursement totaling $1,311.35 for outside duplicating charges related to the copying and service of a quarterly fee application. We asked Reed Smith to provide a breakdown of these charges including the number of copies made, as well as a list of the parties served. Reed Smith's response is provided as Response Exhibit 2. We appreciate the response and offer no objection to these expenses.

## CONCLUSION

6.    Thus we recommend approval of fees totaling $279,969.75 and costs totaling $7,166.00 for Reed Smith's services from October 1, 2004, through December 31, 2004.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
      Warren H. Smith
      Texas State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 1275
Dallas, Texas 75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 7th day of June, 2005.

_____
      Warren H. Smith

**SERVICE LIST**
Notice Parties

**The Applicant**
Richard Keuler, Esq.
Reed Smith LLP
1201 Market Street, Ste. 1500
Wilmington, DE 19801

Douglas Cameron
Reed Smith LLP
P. O. Box 2009
Pittsburgh, PA 15230-2009

**The Debtors**
David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**
James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**
Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**
Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph,Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**
Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE  19801

**Official Committee of Equity Holders**
Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 141
Wilmington, DE 19801

**United States Trustee**
Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801

Exhibit A.

a.  On October 18, 2004, JJR ($495), DEC (465) and JWB ($370) attended a hearing. The total time spent including any preparation time was 218.00 hours for a total fee of $96,906.50.

| Date | Atty | Hours | Description |
|---|---|---|---|
| 10/01/04 | JWB | 2.50 | Review materials to prepare for ZAI Science Trial summary judgment motions hearing. |
| 10/01/04 | DEC | 2.00 | Review multiple briefs in preparation for ZAI Science Trial argument. |
| 10/04/04 | JWB | 1.20 | Review materials for preparation for ZAI Science Trial summary judgment motions hearing. |
| 10/04/04 | DEC | 2.50 | Review briefs, appendices and summary of court filings to prepare for oral argument. |
| 10/04/04 | JJR | 2.00 | Preparation for ZAI Science Trial summary judgment argument. |
| 10/05/04 | JWB | 2.20 | Prepare for (0.3) and attend parts of preparation meeting (1.9) for ZAI Science Trial hearing. |
| 10/05/04 | DEC | 5.20 | Prepare for (0.6) and attend meeting with J. Restivo regarding oral argument preparation and strategy (1.8); review of briefs and appendix for oral argument (1.9); telephone call with R. Finke and e-mails regarding oral argument preparation (0.9). |
| 10/05/04 | JJR | 7.00 | Strategy meetings for preparation for hearing (2.4); calls to client re: same (1.0); preparation for argument (3.6). |
| 10/06/04 | JWB | 4.80 | Continue preparation for ZAI Science Trial summary judgment motions hearing. |
| 10/06/04 | DEC | 3.60 | ................; meet with J. Restivo regarding science trial argument preparation (0.8); review legal research regarding same (1.9). |
| 10/06/04 | JJR | 3.00 | ..................; preparation for argument (1.0). |
| 10/07/04 | JWB | 5.30 | Preparation for ZAI Science Trial hearing, including review of case law regarding various issues relating to Consumer Protection Act claims. |

| | | | |
|---|---|---|---|
| 10/07/04 | DEC | 2.30 | Review briefs and research regarding preparation for summary judgment argument (1.4); review J. Restivo summary regarding same (0.9). |
| 10/07/04 | JJR | 5.80 | Review binders of documents on the record for argument. |
| 10/08/04 | JWB | 2.30 | Review of Consumer Protection Act case law in preparation for ZAI science Trial argument. |
| 10/08/04 | JJR | 2.50 | Continue review of binders of documents on the record for argument. |
| 10/09/04 | DEC | 3.40 | Continue review of briefs and summary judgment record in preparation for oral argument. |
| 10/10/04 | DEC | 2.80 | Prepare for ZAI Science Trial oral argument. |
| 10/11/04 | JWB | 7.90 | Preparation for ZAI Science Trial, including review of case law regarding contamination, epidemiological evidence and anecdotal evidence. |
| 10/11/04 | DEC | 10.60 | Meetings with J. Restivo regarding science trial oral argument preparation (0.9); multiple e-mails and telephone calls with R. Finke regarding same (1.1); prepare summaries of testimony, reports and argument for science trial argument preparation (7.8); review and comment on J. Restivo oral argument summary memo (0.8). |
| 10/12/04 | JWB | 7.70 | Preparation for ZAI Science Trial, including preparation of memoranda in response to various arguments made by claimants. |
| 10/12/04 | DEC | 10.80 | Multiple meetings and telephone calls with J. Restivo regarding science trial argument preparation (2.1); e-mails and telephone call with R. Finke regarding same (0.8); prepare and revise extensive legal and factual summaries on multiple issues for argument on Motion for Summary Judgment (5.9); review of record evidence for oral argument preparation (2.0). |
| 10/12/04 | JJR | 7.40 | ................; continue argument preparation (6.3). |
| 10/13/04 | JWB | 4.80 | Preparation for ZAI Science Trial, including review of case |

| | | | |
|---|---|---|---|
| | | | law regarding contamination and epidemiological evidence. |
| 10/13/04 | DEC | 7.40 | Review of record and continued preparation and revisions to several legal and factual summaries for oral argument preparation (4.8); review draft of argument outline and provide comments (1.4); e-mails and telephone calls with R. Finke regarding same (0.4). Meet with J. Restivo regarding same (0.5); meet with L. Flatley regarding same (0.3). |
| 10/13/04 | JJR | 8.00 | Continue to review materials and prepare argument for ZAI Science Trial hearing. |
| 10/14/04 | JWB | 6.40 | Preparation for presentation of ZAI Science Trial (1.1); attend major strategy meeting with R. Finke, J. Restivo, L. Flatley and D. Comeron in preparation for ZAI Science Trial (4.3). |
| 10/14/04 | DEC | 10.10 | Prepare and revise additional case law and factual outlines and summaries for oral argument (1.9); extensive review of record relating to same (2.8); prepare for and attend major strategy meetings with in-house counsel, J. Restivo, L. Flatley and J. Bentz regarding oral argument preparation (4.3); meet with J. Restivo and R. Finke regarding argument, scheduling and issues with the court (1.1). |
| 10/14/04 | JJR | 12.00 | Major strategy meeting with in-house and Reed Smith attorneys to prepare for hearing (4.3); continue preparation for oral argument (6.5);............ |
| 10/15/04 | JWB | 4.30 | Prepare argument on Claimants' motion for partial summary judgment on consumer protection act claims. |
| 10/15/04 | DEC | 8.10 | Review draft outlines of oral argument and comment (1.4); continued preparation for oral argument on 10/18 (2.9); meet with J. Restivo regarding same (0.8); revisions to case law and record summaries (2.3);multiple telephone calls with counsel for claimants, Grace in-house counsel and J. Restivo (0.7). |
| 10/15/04 | JJR | 6.50 | Continue preparation for argument on summary judgment motions (5.6); calls with Westbrook, Siegel and Cameron (0.9). |
| 10/16/04 | JWB | 5.30 | Continued work on argument for ZAI Science Trial motions |

| Date | Initials | Hours | Description |
|---|---|---|---|
| | | | for summary judgment. |
| 10/16/04 | DEC | 2.60 | Review of Motion to Exclude Testimony of Rich Lee and revise summary of argument (2.1);...... |
| 10/16/04 | JJR | 3.00 | Continue preparation for ZAI Science Trial summary judgment argument. |
| 10/17/04 | JWB | 1.80 | Continued work on argument in ZAI Science Trial motions for summary judgment. |
| 10/17/04 | DEC | 6.50 | Prepare for and meet with J. Restivo regarding oral argument strategies (3.4); review and revise summary relating to R.J. Lee analysis (1.2); telephone call with Claimants' counsel and review supplemental claimant documents (1.9). |
| 10/17/04 | JJR | 4.50 | Continue preparation for ZAI Science Trial summary judgment argument. |
| 10/18/04 | JWB | 11.20 | Prepare for (3.0) and participate in (8.2) ZAI Science Trial. |
| 10/18/04 | DEC | 10.40 | Prepare for and attend ZAI Science Trial oral argument (8.2);.............. |
| 10/18/04 | JJR | 10.00 | Prepare for and attend ZAI Science Trial argument (8.2);......... |

b.   On October 14, 2004, JWB ($370), DEC ($465), LEF ($479 and JJR ($495) attended a meeting. The total time spent including any preparation time was 15.40 hours for a total fee of $6,894.00.

| Date | Initials | Hours | Description |
|---|---|---|---|
| 10/14/04 | JWB | 6.40 | ............... attend major strategy meeting with R. Finke, J. Restivo, L. Flatley and D. Cameron in preparation for ZAI Science Trial (4.3). |
| 10/14/04 | DEC | 10.10 | ..................; prepare for and attend major strategy meetings with in-house counsel, J. Restivo, L. Flatley and J. Bentz regarding oral argument preparation (4.3);........... |
| 10/14/04 | LEF | 2.50 | Attend part of meeting with R. Finke, J. Restivo, D. Cameron and J. Bentz re: strategy and preparation for summary judgment oral argument. |

| | | | |
|---|---|---|---|
| 10/14/04 | JJR | 12.00 | Major strategy meeting with in-house and Reed Smith attorneys to prepare for hearing (4.3);................ |

Response Exhibit 1

In his initial report, the Fee Auditor noted that between October 1 and October 18, 2004, four Reed Smith professionals (James J. Restivo, Jr., Lawrence E. Flatley, Douglas E. Cameron and James W. Bentz) prepared for and/or participated in the same meetings and hearings relating to ZAI Science Trial, for a total of 233.4 hours and $103,800.50.

The October 14 meeting and the October 18 hearings were precipitated by the Debtors' and the ZAI Science Claimants' filing of multiple motions in limine and motions for summary judgment and partial summary judgment with voluminous supporting memoranda, documents and testimony. (The extensive work required to prepare these motions has been described to the Fee Auditor previously.) These extensive materials were filed in the summer of 2003, and the ZAI Science Trial hearings originally were scheduled for the fall of 2003. The hearings, however, were postponed and rescheduled several times to give the parties an opportunity to work toward an amicable resolution.

When an amicable resolution could not be reached, the hearings were rescheduled for October 18-19, 2004. Thus, by September and October 2004, a significant amount of time was needed to review the voluminous record and adequately prepare for the arguments. This required Reed Smith attorneys to review and analyze the voluminous amounts of materials that had been filed with the Debtors' and Claimants' summary judgment motions and motions in limine, and then to prepare detailed arguments to present to the Court, including demonstrative aids to explain and develop many of the science-related points raised in the Debtors' and ZAI Claimants' papers.

This preparatory work also included efforts to update the legal and scientific analyses that were included in the aforementioned motions and supporting briefs and appendices, which had been filed some twelve months earlier. Even given the Reed Smith attorneys' longstanding familiarity with the ZAI Science Trial matter, the sheer volume of materials at issue required substantial preparation time for the hearings. Nevertheless, the attorneys preparing for these hearings worked as efficiently as possible, while maintaining high quality service to the Debtors.

The October 14 meeting in question was held primarily to prepare and discuss strategy for the Debtors' arguments at the October 18 hearings. The meeting involved all of the Reed Smith attorneys who traditionally have had primary responsibility for the Debtors' asbestos-related litigation and, more importantly, for discrete aspects of the ZAI Science Trial. It also involved the Debtors' in-house counsel, Richard Finke, who has been intimately involved with the ZAI Science Trial issues since they were first raised prior to the bankruptcy proceeding.

The hearings themselves, although scheduled for two days, consisted of a full day of argument before the Bankruptcy Court, which began at 9:00 a.m. and ended after 6:00 p.m. (with a few short breaks in between), and involved the argument of six separate motions filed by the parties. The arguments addressed the complex legal and scientific issues raised by the parties in the motions, and basically required counsel to skillfully summarize, highlight and dissect the massive amounts of information that had been submitted in the parties' papers.

As it has noted in the past, Reed Smith believes that the Fee Auditor is well-acquainted with the significant size and scope of the ZAI Science Trial litigation. Development of the Debtors' defense in the ZAI Science Trial has required the review and analysis of millions of pages of historical documents, the interview and deposition of tens of witnesses across the United

States, exhaustive legal research, and extensive and scientifically complex expert discovery. All of this culminated in the Debtors' (and ZAI Claimants') preparation of extensive summary judgment motions and supporting legal memoranda. Reed Smith's efforts in the ZAI Science trial case required a coordinated effort by all of the key individuals involved in the matter on behalf of the Debtors, both in-house and at Reed Smith, in order to marshal the factual information and legal concepts needed to refute and defeat the claims of the ZAI Claimants.

Throughout Reed Smith's representation of the Debtors in their bankruptcy proceeding (and, as has been described to the Fee Auditor previously, throughout Reed Smith's representation of the Debtors in their pre-bankruptcy asbestos-related litigation), primary responsibility for specific subject areas and segments of the case have been divided among Reed Smith professionals. Responsibilities for specific subject areas, case segments and witnesses have been divided among attorneys Restivo, Flatley, Cameron and Bentz for dealing with, among other things, responsibility over medical issues and experts, industrial hygiene issues and experts, microscopy issues and experts, regulatory issues and experts, Grace's historical documents and witnesses, document production and discovery issues, case-specific claims and facts, and damages.

This division of primary responsibility, which originated prior to the Debtors' bankruptcy, was designed to avoid (and has avoided) duplication of effort, and was also intended to allocate direct responsibility for results. The attendance of multiple Reed Smith professionals at certain meetings, hearings or conference calls during the Debtors' bankruptcy has often been necessary when the event in question covers topics within the areas of primary responsibility of more than one Reed Smith professional. So it was with the October 14 meeting: the meeting encompassed multiple complex legal, factual and scientific issues from the areas of responsibility of all four professionals named above, and each was needed to attend the meeting so that a full treatment could be given to develop a comprehensive strategy for all issues raised by the ZAI summary judgment motions and motions in limine.

Moreover, attorneys Restivo, Cameron and Bentz each had primary responsibility for preparing for and/or arguing certain issues at the October 18 hearings: attorneys Restivo and Cameron shared primary responsibility for all motions in limine and the science-related summary judgment motions filed by the Debtor and ZAI Claimants, and attorney Bentz had primary responsibility for responding to the ZAI Claimants' consumer protection act motions. Although attorney Flatley had primary responsibility for preparing certain portions of the Debtors' ZAI Science Trial motion papers in 2003, he did not have specific responsibility for arguing any portions of the motions, and therefore did not incur time preparing for or attending the October 18 hearing (aside from participating in part of the October 14 strategy meeting, to discuss substance and strategy with respect to those issues over which he previously had primary responsibility).

Reed Smith is fully aware of the need to avoid duplication, and it has made -- and will continue to make -- concentrated efforts to avoid any such duplication, including writing off time prior to the submission of Fee Applications if there is any unnecessary duplication. As the various Fee Applications reflect, particularly after the early stages of Reed Smith's representation of the Debtors, the overwhelming majority of meetings, hearings and calls have involved only one Reed Smith professional. Reed Smith has had multiple professionals participate only where doing so was necessary and/or more economical than any alternative staffing plan, and it will continue to follow this policy in the future.

Response Exhibit 2

In his Initial Report, the Fee Auditor noted that in the November 2004 invoice, Reed Smith sought reimbursement totaling $1,311.35 for outside duplicating charges related to the copying and service of a quarterly fee application. These charges related to service of (a) the Notice of Application (and Certificate of Service/Rule 2002 Service List) for the 14th Quarterly Fee Application, which (as done with past applications) was made on all parties on the Rule 2002 Service List; and (b) the 14th Quarterly Fee Application (and Certificate of Service/Core Group Service List), which (as done for past applications) was made on all parties on the "Core Group" service list. (The aforementioned service lists are attached hereto as Exhibit A.) The $1,311.35 charge also included the cost of envelopes, postage, and (where available) hand delivery of said materials. These charges break down as follows:

| | | | |
|---|---|---|---|
| A. | Notice of Application service charges | | |
| | 1. | 5,880 copies @ $0.10 per copy | $ 588.00 |
| | 2. | 210 envelopes @ $0.25 per envelope | $ 52.50 |
| | 3. | 29 hand deliveries @ $5 per delivery | $ 145.00 |
| | 4. | Postage for non-hand deliveries | $ 275.95 |
| | 5. | TOTAL | $1,061.45 |
| | | | |
| B. | 14th Quarterly Fee Application services charges | | |
| | 1. | 1,674 copies @ $0.10 per copy | $ 167.40 |
| | 2. | 18 envelopes @ $0.25 per envelope | $ 4.50 |
| | 3. | 8 hand deliveries @ $5.00 per delivery | $ 40.00 |
| | 4. | Postage for non-hand deliveries | $ 38.50 |
| | 5. | TOTAL | $ 250.40 |
| | | | |
| C. | Overall total service charges for 14th Quarterly Fee Application materials | | **$1,311.85** |