## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | § | **Chapter 11** |
| | § | |
| **W.R. GRACE & CO., et al.,** | § | **Jointly Administered** |
| | § | **Case No. 01-01139 (JKF)** |
| **Debtors.** | § | |
| | § | |

### FEE AUDITOR'S FINAL REPORT REGARDING
### FEE APPLICATION OF STROOCK & STROOCK & LAVAN, LLP
### FOR THE FIFTEENTH INTERIM PERIOD

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Fifteenth Interim Fee Application of Stroock & Stroock & Lavan, LLP (the "Application").

### BACKGROUND

1.      Stroock & Stroock & Lavan, LLP ("Stroock") was retained as counsel to the Official Committee of Unsecured Creditors.  In the Application, Stroock seeks approval of fees totaling $653,133.20 and costs totaling $25,830.19 for its services from October 1, 2004, through December 31, 2004, as well as payment of fees and costs of $140,422.11 for Navigant Consulting ("Navigant"), an asbestos issues expert[1].

2.      In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. 330,  Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware,

---

[1] We do not review the fees and expenses of Navigant, per Stroock's request.

Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing

Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued

January 30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the

United States Bankruptcy Court for the District of Delaware, the United States District Court for the

District of Delaware, and the Third Circuit Court of Appeals.  We served on Stroock an initial report

based on our review, and received a response from Stroock, portions of which response are quoted

herein.

## DISCUSSION

3.      In our initial report, we noted four conference calls in which four firm professionals

participated.  The entries are provided as Exhibit A.  For each instance, we asked Stroock to explain

the need for each participating professional and the area of necessary expertise each brought to the

call.  Stroock's response is provided as Response Exhibit 1.  We appreciate the response and offer

no objection to these fees.

4.      We noted four instances throughout the Application in which the time summaries do

not match the parenthetical time entries.  These instances total $1,726.55 in discrepancies and are

provided as Exhibit B.  We asked Stroock to examine Exhibit B and respond as to whether the

entries should be treated as inadvertent oversights and the billings reduced accordingly.  Stroock's

response is provided as Response Exhibit 2.  We appreciate the response and accept the suggested

reduction of $4,777.50 in fees.

**CONCLUSION**

5.      Thus we recommend approval of fees totaling $648,355.70 ($653,133.20  minus

$4,777.50) and costs totaling $25,830.19 for Stroock's services from October 1, 2004, through

December 31, 2004, as well as payment of fees and costs of  $140,422.11 for Navigant Consulting.


Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**


By:_____
       Warren H. Smith
       Texas State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 1275
Dallas, Texas  75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**


**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served First
Class United States mail to the attached service list on this 8th day of June, 2005.

_____
       Warren H. Smith

## SERVICE LIST
Notice Parties

### The Applicant

Lewis Kruger
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, New York 10038-4982

Alexandra Caskadon
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, New York 10038-4982

### The Debtors
David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

### Counsel for the Debtors
James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

### Counsel for the Official Committee of Unsecured Creditors
Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

### Counsel to the Official Committee of Property

### Damage Claimants
Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph,Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

### Counsel to the Official Committee of Personal Injury Claimants

Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE  19801

### Official Committee of Equity Holders

Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

### United States Trustee

Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801

Exhibit A

On October 15, 2004, four (4) firm members participated in a conference call. The total time spent including any preparation time was 3.20 hour for fees of $2,060.00.

| | | | |
|---|---|---|---|
| 10/15/04 | AK | 4.80 | ................; conference LK, KP and conference call David Siegel re: events leading to delay of plan filing (.8);........ |
| 10/15/04 | LK | 2.10 | ...........; conference with K. Pasquale, A. Krieger and telephone call with D. Siegal at Grace regarding filed motion, asbestos negotiations and status of unsecured creditors treatment (.8);.............. |
| 10/15/04 | KP | 4.10 | ...........; telephone conference D. Siegel/Grace re: same (.6);....... |
| 10/15/04 | MS | 2.60 | Conference call with LK, AGK, KP and D. Siegel of WR Grace (1.0);............ |

On October 19, 2004, four (4) firm members participated in a conference call. The total time spent including any preparation time was 2.20 hour for fees of $1,344.50.

| | | | |
|---|---|---|---|
| 10/19/04 | AK | 3.10 | ...............; conference call with plan working group to discuss plan analysis (.9);....... |
| 10/19/04 | LK | 0.30 | Telephone call with D. Siegel regarding Grace's analysis of POR and review of same with Company (.3). |
| 10/19/04 | KP | 0.40 | Conference call with Capstone re: plan recovery issues (.4). |
| 10/19/04 | MS | 1.70 | ...........; conference call with L. Kruger, A. Krieger, K. Pasquale and Capstone (.6);......... |

On October 20, 2004, four (4) firm members participated in a conference call. The total time spent including any preparation time was 2.90 hour for fees of $1,880.00.

| | | | |
|---|---|---|---|
| 10/20/04 | AK | 4.90 | ................; attend to conference call with Grace representatives re: plan outline (.6);........... |
| 10/20/04 | LK | 3.80 | ................; review Debtors analysis of POR and telephone call with D. Siegel, R. Tarola, P. Zilly, K. Pasquale, A. Krieger and C. Troyer reviewing Debtors POR analysis |

|          |    |      | (.7);............ |
|----------|----|------|------------------|
| 10/20/04 | KP | 3.10 | ...............; conference call with Debtors re: purposed settlement (.6). |
| 10/20/04 | MS | 3.40 | ......................; conference call with Grace Committee (1.0);......... |

On December 3, 2004, four (4) firm members participated in a conference call.  The total time spent including any preparation time was 7.20 hours for fees of $3,484.75.

|          |    |      |   |
|----------|----|------|---|
| 12/03/04 | KA | 4.00 | Preparation for extended conference call (.7); conference call with Debtors' representatives re: disclosure statement and plan issues (1.8);......... |
| 12/03/04 | LK | 1.00 | Conference call with debtors representatives regarding disclosure document and POR (.8);........ |
| 12/03/04 | KP | 2.60 | Conference call with Debtors, advisors re: plan issues (2.1);.......... |
| 12/03/04 | MS | 3.40 | ...............; conference call with WR Grace and counsel, L. Kruger, A. Krieger, K. Pasquale and Capstone (1.8);........ |

Exhibit B

1.  On November 17, 2004, AK has a time entry listed as 1.80 hours for a total fee of $945.00.  The parenthetical entries total only 1.50 hours for a fee of $787.50.  Difference in fee total is $157.50.

| | | | |
|---|---|---|---|
| 11/17/04 | AK | 1.80 | Attend to revised Capstone analysis of plan (.1); telephone calls C. Troyer re: revised analysis and reconciliation of numbers (.8) and notes thereon (.6). |

2.  On December 9, 2004, AK has a time entry listed as 5.10 hours for a total fee of $869.55.  The parenthetical entries total only 4.10 hours for a fee of $699.05.  Difference in fee total is $170.50.

| | | | |
|---|---|---|---|
| 12/09/04 | AK | 5.10 | Continue to review federal judgment interest cases and prepare memorandum to Debtors' counsel re: same (1.3); office conferences LK re: meeting on asbestos claims (.2); exchanged multiple memoranda with KP, M. Atlas, LK re: asbestos claims meeting (.9); telephone call M. Atlas re: same (.2); memorandum to plan working group re: substance of conversation with M. Atlas (.1); exchanged memoranda with J. Baer re: asbestos claims meeting (.4); telephone call KP re: claims meeting (.1); conference call LK, D. Siegel, R. Tarola re: plan discussion (.1); exchanged memoranda with J. Baer re: meeting on environmental claims (.2); memorandum to and then office conference M. Berg re: environmental meeting (.2); exchanged memoranda with MAS re: environmental claims meeting (.1); memorandum to S. Cunningham, C. Troyer re: asbestos claims and environmental claims meetings (.1); telephone call S. Cunningham re: meetings and further discussions with the Blackstone Group (.2). |

3.  On December 13, 2004, AK has a time entry listed as 0.70 hours for a total fee of $119.35.  The parenthetical entries total only 0.60 hours for a fee of $102.30.  Difference in fee total is $17.50.

| | | | |
|---|---|---|---|
| 12/13/04 | AK | 0.70 | Telephone call Atlas re: 12/14/04 meeting with Debtors' counsel (.1); exchanged memoranda with Jan Baer re: 12/14/04 meeting (.1); memorandum to KP, Navigant, S. Cunningham re: 12/14/04 meeting information (.1); exchanged memoranda with LK re: substance of conversation with C. Troyer (.3) |

4.  On December 21, 2004, AK has a time entry listed as 9.00 hours for a total fee of $1,534.50.  The parenthetical entries total only 0.90 hours for a fee of $153.45.  Difference in fee total is $1,381.05.

| 12/21/04 | AK | 9.00 | Office conference J. Thomison review of plan related pleadings (.4); exchanged memoranda with V. Defreitas re: newly filed pleadings (.1); numerous newly filed pleadings including 2019 statements, claims transfer, others (.4). |

Response Exhibit 1

The Report notes four conference calls in which four firm professionals participated and seeks an explanation of the need for each participant in the meeting and the area of expertise each brought to the calls. (Report at paragraph 4).

As a general response, Stroock states it has informed the Fee Auditor on several prior occasions that the issues in these cases require from time to time the expertise of professionals from different disciplines within Stroock and depending upon the needs of the particular matter at issue, professionals at different levels of responsibility within the same legal discipline. The four conference calls noted by the Report, for which Stroock seeks compensation in the aggregate amount of $8,777.25, involved in the aggregate 15.5 hours of time[1].

One or more of the Debtors' representatives participated in three of the four calls. As reflected by the time records generally, these conference calls discussed, amongst other matters, the Debtors' negotiations with representatives for the asbestos committees and the reasons for the sudden delay in the Debtors filing their plan and disclosure statement from the mid-October 2004 date that had been directed by the Court and had been expected by the Creditors' Committee, critical plan structure and confirmation issues, including the treatment of general unsecured creditors and asbestos creditors, and plan recovery analyses, and during the conference call with Debtors' representatives in mid-December 2004, noted by the Report, discussed the Committee's issues with the terms of the Debtors' November 13, 2004 Plan filed without the Creditors' Committee's support and with the disclosure contained in the Plan-related Disclosure Statement.

As the Application generally reflects, Mr. Kruger, a senior partner in the financial restructuring group, while certainly knowledgeable about the day to day motions filed in these cases, focuses on global and all long term plan and chapter 11 strategy and emergence issues, as well as chapter 11 issues of material importance to the Committee. Mr. Pasquale, a partner in the litigation department, focuses upon all of the asbestos claim-related and Sealed Air litigation-related issues in these cases, and is necessarily involved in plan and emergence issues given the importance of those issues to plan and emergence matters. Mr. Speiser, a partner in the financial restructuring group, began to participate in these cases to provide his expertise and advice with respect to the complex plan structure and confirmation issues inherent in these chapter 11 cases. Ms. Krieger has the day to day responsibility for these cases including review of all motions and pleadings filed in these cases, prepares many of the memoranda for the Committee and provides bankruptcy-related services including those with respect to plan and emergence issues. It is Stroock's position that each of these professionals play necessary but distinct roles in the

---

[1]        Stroock has not reviewed the time detail identified in the Report to conclude whether these aggregate fee and hourly amounts are correct.

proceedings which are not duplicative and for whose services Stroock should be compensated in

full.

Response Exhibit 2

The Report notes four instances in the application where the total time ascribed to the entry does not correspond to the total of the component entries for the particular timekeepers for the dates identified and seeks an explanation for the discrepancy. The aggregate difference is stated to be $1,726.55 in fees[1].(Report at paragraph 5).

The portion of the Application corresponding to this inquiry contains over 60 pages of time entries and hundreds of entries for this quarterly application period. While Stroock endeavors to double-check each and every narrative and corresponding aggregate amount entry against each other, as well as against the subject attorney's time detail notes to ensure that the amounts are correct throughout, errors do occur from time to time.

With respect to timekeeper A. Krieger's time detail for 11/17/04, Stroock's review of the narrative time entries against the original notes input reveals that there is no discrepancy between the component entries in the narrative and the corresponding aggregate 1.8 hours as set forth in the Application. Rather, the Report does not accurately reflect the time entry contained in the Application. We respectfully suggest that the Fee Auditor review the 11/17/04 time entry in Category – 0036 in the Application. Stroock submits that the aggregate amount for this entry is correct as stated.

With respect to timekeeper A. Krieger's time detail for 12/13/04, Stroock's review of the narrative time entry against the original notes input reveal that in this instance a typographical error occurred in putting the attorney's time detail data into the firm's accounting system and the time entry failed to include the following component: "Telephone call S. Cunningham re: 12/14/04 meeting with Debtors' counsel (0.1)", which entry accounts for the difference. Stroock submits that the aggregate amount for this entry is therefore correct.

The other two narrative entries (those for 12/09/04 and 12/21/04) reveal that they are correct, but that the stated aggregate amount is incorrect. Stroock therefore submits that the aggregate amount of the compensation Stroock seeks under the Application should be reduced by $4,777.50.

---

[1]         Some of the fee amounts stated in the Report are incorrect. This Response provides the correct fee amounts, when they are at issue.