UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., et al., | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

FEE AUDITOR'S FINAL REPORT REGARDING
FEE APPLICATION OF SWIDLER BERLIN, LLP
FOR THE FIFTEENTH INTERIM PERIOD

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Fee Application of Swidler Berlin, LLP for the Fifteenth Interim Period (the "Application").

BACKGROUND

1.  Swidler Berlin, LLP (Swidler) was retained as counsel to David T. Austern, legal representative for future asbestos claimants. In the Application, Swidler seeks approval of fees totaling $295,064.25 and costs totaling $17,028.89 for its services from October 1, 2004, through December 31, 2004.

2.  In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued

**FEE AUDITOR'S FINAL REPORT** - Page 1
wrg FR Swidler 15int 10-12.04.wpd

January 30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served on Swidler an initial report based on our review, and received a response from Swidler, portions of which response are quoted herein.

## DISCUSSION

3.  In our initial report, we noted that a significant number of the time entries submitted by Swidler contain portions which have been redacted. We asked Swidler to explain the nature of the confidentiality issue (i.e. ongoing litigation, etc.) and why edited time entries should be allowed. We received a satisfactory explanation and have no objection to these fees.

4.  We noted apparent duplicate entries resulting in an additional 0.10 hour and an additional expense to the estate of $31.00.

| | | | |
|---|---|---|---|
| 10/21/04 | Matthew W. Cheney | Review pleadings. | 0.10 |
| 10/21/04 | Matthew W. Cheney | Review pleadings. | 0.10 |

We recognize the possibility that these entries may reflect the performance of the same nominal activity more than once on the same day. We asked Swidler to review the above referenced time entries and explain whether these entries relate to a discrete instance of a repeated activity or are duplicate billing of the same time. Swidler responded as follows:

> The Initial Report identifies two time entries billed to the same matter of .10 hour each, for Matthew W. Cheney dated 10/21/04, each in the amount of $31.00. We agree to reduce our statement by $31.00 to resolve any question, without expending further time on this point.

We appreciate the response and recommend a reduction of $31.00 in fees.

**FEE AUDITOR'S FINAL REPORT** - Page 2
wrg FR Swidler 15int 10-12.04.wpd

5.  We noted an instance in which Swidler professionals Frankel ($605), Plumer ($520), Levitt ($355), and Scarpato ($195) prepared for and attended the same conference for a total of 8.0 hours and $3,205.50 in fees. The time entries are provided below:

| Date | Professional | Description | Hours |
|---|---|---|---|
| 11/12/04 | Roger L. Frankel | Review insurance coverage issues with D. Austern. M. Plumer and R. Wyron. | 0.90 |
| 11/12/04 | Mark J. Plumer | Prepare for meeting with D. Austern (.8); attend office conference with D. Austern re *[portion redacted]* (1.7). | 2.50 |
| 11/12/04 | Scott J. Levitt | Office conference with Messrs. Wyron, Frankel, Plumer, Scarpato and Austern re insurance status update (1.7) ; prepare for same (1.2). | 7.20 |
| 11/12/04 | Michael A. Scarpato | ..........participate in insurance status report presentation to D. Austern (1.7). | 1.80 |

Paragraph II.D.5. of the guidelines provides that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." We asked Swidler to review the time entries above and explain each participant's role in the meeting, as well as the necessity for multiple attendees. Swidler's response is provided as Response Exhibit 1. We appreciate the response and offer no objection to these fees.

6.  We noted that D. Rogers ($180) billed 1.10 hours and $198.00 under the category "Insurance Matters" for printing documents.

| Date | Professional | Description | Hours |
|---|---|---|---|
| 10/05/04 | Deborah A. Rogers | .......; print multiple copies of each chart (1.1);.... | 5.60 |

This is a task that is normally considered secretarial or clerical and thus noncompensable. Paragraph II.E.7. of the Guidelines indicates that nonreimbursable overhead "includes word processing, proofreading, secretarial and other clerical services". We asked Swidler to explain why these fees

should not be considered nonreimbursable overhead. The firm responded as follows:

> The Initial Report questions certain time billed for preparing and printing documents. These were complex insurance coverage charts required for the analyses and discussion of Grace's insurance assets referred to above. Nonetheless, in order to avoid any issue on this point, we agree to reduce Deborah Rogers' time by 1.10 hours, resulting in a fee reduction of $198.00.

We appreciate the response and recommend a reduction of $198.00 in fees.

7. We also noted, in the same month and under the same category, an expense charge of 59.40 for "Printing". Thus it appears that Swidler is double billing. In addition to this printing, we noted the total amount of "Printing" charges for the three month period is $141.80. We asked Swidler to explain the basis for these printing charges. Swidler responded as follows:

> The printing charges of $141.80 reflect costs of printing specific documents from our system. In order to resolve any questions, we will reduce our expenses by this amount.

We appreciate the response and recommend a reduction of $141.80 in expenses.

8. We noted that Swidler seeks reimbursement for several expense items which require further information. See Exhibit A. The Guidelines Rule II. E. provides that "[f]actors relevant to a determination that the expense is proper include the following: . .3. Whether applicant has provided a detailed itemization of all expenses including the date incurred, description of expense (e.g., type of travel, type of fare, rate, destination), . . .". We asked the firm to provide detailed expense entries with regard to the cited expenses. The firm subsequently provided the requested detail and we offer no objection to these expenses.

**CONCLUSION**

9. Thus we recommend approval of fees totaling $294,835.25 ($295,064.25 minus $229.00) and costs totaling $16,887.09 ($17,028.89 minus $141.80) for Swidler's services from October 1, 2004, through December 31, 2004.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
  Warren H. Smith
  Texas State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 1275
Dallas, Texas  75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 8th day of June, 2005.

_____
  Warren H. Smith

## SERVICE LIST
Notice Parties

**The Applicant**
Roger Frankel
Richard H. Wyron
Swidler Berlin Shereff Friedman, LLP
3000 K Street, NW, Suite 300
Washington, DC 20007

**The Debtors**
David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**
James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**
Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**
Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph,Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**

Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**

Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**

Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801

Exhibit A

**In the October invoice**;

under the heading Case Administration:

| | |
|---|---|
| Ground Transportation | 115.00 |
| Publications/Subscriptions | 504.00 |

under the heading Plan and Disclosure Statement:

| | |
|---|---|
| Publications/Subscriptions | 16.66 |
| Travel/Airfare | 526.07 |
| Travel/Lodging | 283.42 |

under the heading Retention of Professionals–Swidler:

| | |
|---|---|
| Publications/Subscriptions | 24.78 |

**In the November invoice;**

under the heading Plan and Disclosure Statement:

| | |
|---|---|
| Travel/Tolls | 90.75 |

**In the December invoice;**

under the heading Case Administration:

| | |
|---|---|
| Meal Charges | 46.54 |
| Travel/Airfare | 896.20 |
| Travel/Taxis | 75.00 |

Response Exhibit 1

The Initial Report identifies four time entries for November 12, 2004 with respect to a meeting with our client Mr. Austern on insurance coverage issues and the attendant preparation time for that meeting. The presentation to Mr. Austern was led by Mark Plumer, chair of our insurance coverage practice group, who reviewed and presented to Mr. Austern our analysis and conclusions with respect to the potential range of values of Grace's asbestos-related insurance assets. Mr. Plumer was assisted by Scott Levitt, a lawyer in the insurance coverage practice group; Mr. Levitt is familiar with the factual details concerning Grace's coverage arrangements, as he has reviewed and analyzed the various terms, provisions and exclusions in those documents in detail. The meeting was also attended by Michael Scarpato, a non-lawyer professional employed by Swidler in its insurance coverage practice group. Mr. Scarpato had reviewed and was familiar with Grace's complex insurance allocation modeling and the assumptions utilized in allocating claims to various layers of policies. Each of these attendees had special expertise to contribute to the discussion and to address Mr. Austern's questions. Roger Frankel also attended a portion of the meeting to advise Mr. Austern, from the bankruptcy law perspective, on the insurance matters Messrs. Plumer, Levitt and Scarpato were addressing. Given the complexity of Grace's insurance asset and the potential values that may be recovered, we believe multiple attendees at this particular meeting to brief Mr. Austern were appropriate.