**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., et al., | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

**FEE AUDITOR'S FINAL REPORT REGARDING**
**FEE APPLICATION OF RICHARDSON PATRICK WESTBROOK &**
**BRICKMAN, LLC FOR THE FIFTEENTH INTERIM PERIOD**

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Fee Application of Richardson Patrick Westbrook & Brickman, LLC for the Fifteenth Interim Period (the "Application").

**BACKGROUND**

1. Richardson Patrick Westbrook & Brickman LLC ("RPWB") was appointed as lead special counsel to ZAI Claimants. In the Application RPWB seeks approval of fees totaling $243,826.00 and costs totaling $37,283.69 for its services from October 1, 2004, through December 31, 2004.

2. In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued

January 30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served on RPWB an initial report based on our review, and received a response from RPWB, portions of which response are quoted herein.

## DISCUSSION

3. In our initial report, we noted that per RPWB's Appointment Order, the Court set a total budget for ZAI counsel of $1.5 million in fees and $500,000 in expenses for prosecuting the Science Trial. On July 28, 2003, the Court entered an Order increasing the budget by $950,000 per side for additional attorney fees and expenses. We note that an Order was entered on September 27, 2004, further increasing the litigation budget in the ZAI Science Trial by $750,000.00 per side for additional attorneys' fees and expenses. For the period through the time covered by the Application, RPWB's fees and expenses are within the prescribed budget.

4. We noted that on October 18, 2004, eight (8) firm members attended a trial. The total time spent including any preparation and non-working travel time was 666.30 hours[1] for fees of $165,040.50. (See Exhibit A.) We asked RPWB to explain why this hearing, which lasted only one day, required the attendance of eight (8) firm members. RPWB's response is provided as Response Exhibit A. We appreciate the response. While we appreciate the breadth and complexity of the presentation at the hearing, we do not believe that the response established the necessity of Adam Lorenz's presence at the hearing. We thus recommend a reduction of $2,017.50 in fees.

5. We noted that during the application period IK spent a total of 47.80 hours for fees

---

[1] Time for this entry was located in two Project Categories - (i) ZAI Science - Trial and (ii) Travel-Non-working.

of $5,975.00 on summarizing the 10/18/04 MSJ Hearing transcript. The entries are provided below.

| Date | Atty | Hours | Amount | Description |
|---|---|---|---|---|
| 11/23/04 | IK | 7.70 | 962.50 | ........; begin summarizing 10/18/04 MSJ Hearing (5.2). |
| 11/29/04 | IK | 8.00 | 1000.00 | Continue summarizing 10/18/04 MSJ Hearing transcript |
| 11/30/04 | IK | 6.70 | 837.50 | Continue summarizing 10/18/04 MSJ Hearing transcript |
| 12/02/04 | IK | 5.70 | 712.50 | Summarize 10/18/04 Motion for Summary Judgment Hearing transcript |
| 12/06/04 | IK | 6.50 | 812.50 | Summarize 10/18/04 Motion for Summary Judgment Hearing transcript |
| 12/07/04 | IK | 6.70 | 837.50 | Summarize 10/18/04 Motion for Summary Judgment Hearing transcript |
| 12/09/04 | IK | 6.00 | 750.00 | Summarize 10/18/04 Motion for Summary Judgment Hearing transcript |
| 12/13/04 | IK | 7.50 | 937.50 | Summarize 10/18/04 Motion for Summary Judgment Hearing transcript (3);.............. |

We asked RPWB to explain why this summary required so many hours to complete. The firm's response is provided as Response Exhibit 2. We appreciate the response, and, after reviewing the summary, agree with the response that this project "was not so much summarizing the transcript as creating an annotated summary" useful to RPWB's lawyers. Thus we have no objection to these fees.

## CONCLUSION

6.  Thus we recommend approval of fees totaling $241,808.50 ($243,826.00 minus $2,017.50) and costs totaling $37,283.69 for RPWB's services from October 1, 2004, through December 31, 2004.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
     Warren H. Smith
     Texas State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 1275
Dallas, Texas 75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 8th day of June, 2005.

_____
     Warren H. Smith

## SERVICE LIST
Notice Parties

**The Applicant**
Edward J. Westbrook, Esq.
Robert M. Turkewitz, Esq.
Robert S. Wood, Esq.
Richardson Patrick Westbrook & Brickman
174 East Bay Street
Charleston, South Carolina 29401

**The Debtors**
David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**
James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**
Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**
Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph,Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**
Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**
Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 141
Wilmington, DE 19801

**United States Trustee**
Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801

Exhibit A

| Date | Initials | Hours | Amount | Description |
|---|---|---|---|---|
| 10/01/04 | EW | 3.40 | 2210.00 | Prepare for ZAI argument, review briefs in support of summary judgment, makes notes of same |
| 10/01/04 | RT | 5.80 | 2320.00 | ...............; reviewed materials and prepared charts and outline for ZAI Science Trial Hearing (4.6) |
| 10/02/04 | RT | 9.10 | 3640.00 | .........; continued reviewing materials and preparing charts and outline for ZAI Science Trial Hearing (3.5) |
| 10/02/04 | GM | 5.00 | 375.00 | Preparation of power point slide presentation pertaining to reintrainment cycle of asbestos, entrainment of asbestos in the air (3.0); research of EPA websites (2.0); |
| 10/03/04 | RT | 3.00 | 1200.00 | .............; continued reviewing materials and preparing charts and outline for ZAI Science Trial Hearing (.5) |
| 10/04/04 | RT | 8.90 | 3560.00 | ..............; continued reviewing materials and preparing charts and outline for ZAI Science Trial Hearing (3.3) |
| 10/04/04 | EW | 7.40 | 4810.00 | Prepare for science trial for summary judgment by reviewing prior briefs, working up arguments, reviewing prior notes (7.4) |
| 10/04/04 | GM | 10.50 | 787.50 | .............; preparation of power point presentation with regard to Dr. Lee including review of excerpts from his deposition in Taunus Corporation; (8) |
| 10/04/04 | IK | 8.70 | 1087.50 | Highlight dust testing excerpts in Lee WTC deposition (5); review testing documents (3.7) |
| 10/05/04 | IK | 6.70 | 837.50 | .........; Attend meeting with ZAI team regarding status, strategy, etc. (1);................ |
| 10/05/04 | BW | 6.50 | 1560.00 | ...........; attend team meeting regarding strategy and preparation (1) |
| 10/05/04 | GM | 8.80 | 660.00 | Preparation of science trial power point presentation (6.0); research and obtain article for trial (.5);.............. |

| Date | Initials | Hours | Amount | Description |
|---|---|---|---|---|
| 10/05/04 | EW | 8.20 | 5330.00 | Staff meeting regarding preparation for argument (1); work on arguments for hearing, preparing charts, demonstrative (7.2) |
| 10/05/04 | JW | 1.00 | 265.00 | Conference with team regarding hearing strategy and preparation |
| 10/05/04 | RT | 6.90 | 2760.00 | ..............; continued reviewing materials and preparing charts and outline for ZAI Science Trial Hearing (3.2); attended meeting regarding ZAI science trial (1) |
| 10/05/04 | KC | 1.00 | 125.00 | Meeting re: trial preparation |
| 10/06/04 | RT | 6.10 | 2440.00 | ..............; reviewed and prepared page/line designations for testimony of Tom Hamilton for ZAI Hearing (2.0); continued reviewing materials and preparing charts and outline for ZAI Science Trial Hearing (3.3) |
| 10/06/04 | BW | 6.70 | 1608.00 | Create graphic for hearing summarizing renovation facts with revisions (2.2); Review and analyze Anderson's risk assessment calculations from her expert report and deposition (2.5); Review briefs for arguments for and against use and validity of risk assessments and review Anderson deposition for assumptions and re-calculation testimony (2.0) |
| 10/07/04 | BW | 2.50 | 600.00 | Prepare several charts with back-up from articles, depositions, and reliance materials |
| 10/07/04 | IK | 5.70 | 712.50 | Study and organize backup materials for hearing charts (5.7) |
| 10/07/04 | GM | 8.70 | 1087.50 | Preparation of science trial power point presentation |
| 10/07/04 | RT | 13.50 | 5400.00 | ...................; continued reviewing materials and preparing charts and outline for ZAI Science Trial Hearing (5.8) |
| 10/08/04 | JW | 0.60 | 159.00 | Research and revise charts; prepare chart outlining Dr. Anderson's conclusions |

| Date | Initials | Hours | Amount | Description |
|---|---|---|---|---|
| 10/08/04 | EW | 9.10 | 5915.00 | Continue work on preparation for argument, preparing outline for various sections and sending assignments (9.1) |
| 10/08/04 | RT | 7.00 | 2800.00 | .............; continued reviewing materials and preparing charts and outline for ZAI Science Trial Hearing (2.1) |
| 10/08/04 | KC | 5.00 | 625.00 | Organize and highlight back-up information for Jay Ward's charts |
| 10/08/04 | AL | 3.00 | 225.00 | Check and update charts for hearing (3.0) |
| 10/08/04 | GM | 7.50 | 562.50 | Preparation of power point presentation for trial (6.0);............................ |
| 10/08/04 | IK | 3.00 | 375.00 | Check and update testing charts for hearing |
| 10/09/04 | EW | 6.50 | 4225.00 | Continue to work on preparation for ZAI Science Trial |
| 10/10/04 | RT | 4.50 | 1800.00 | ..........; continued reviewing materials and preparing charts and outline for ZAI Science Trial Hearing (4.1) |
| 10/10/04 | EW | 2.10 | 1365.00 | Continue to work on preparation for ZAI Science Trial |
| 10/11/04 | AL | 6.80 | 510.00 | Updating testing charts (1.8);.................. |
| 10/11/04 | EM | 9.00 | 1125.00 | Preparing Powerpoint Presentation Including Graphs, Charts, and blow-ups. |
| 10/11/04 | RT | 8.00 | 3200.00 | .........; reviewed materials and gathered photographs for use as demonstrative exhibits (1.2);.............; continued reviewing materials and preparing charts and outline for ZAI Science Trial Hearing (2.0). |
| 10/11/04 | EW | 9.20 | 5980.00 | Continue to work on preparation for ZAI Science Trial |
| 10/11/04 | JW | 6.40 | 1696.00 | Research and prepare numerous demonstrative exhibits for use in hearing |

| Date | Initials | Hours | Amount | Description |
|---|---|---|---|---|
| 10/11/04 | IK | 7.00 | 875.00 | Work on various charts and review backup information for ZAI Science Trial hearing |
| 10/11/04 | BW | 6.50 | 1560.00 | Gather information from exhibits' files, reports, and depositions to create a concise biography/summary of opinions on each expert to present to the court in the form of slides |
| 10/11/04 | GM | 7.50 | 562.50 | Preparation of science trial power point presentation for trial which includes EPA slides, expert testimony slides, etc. |
| 10/12/04 | GM | 7.50 | 562.50 | .........; preparation of cleavage fragment presentation for trial (7.0 hours) |
| 10/12/04 | BW | 6.20 | 1488.00 | Review conclusions from expert for brief presentation to court (0.8); Meet with A. Lorenz to review Kerrison's charts and supporting materials, and to edit for accuracy (2.3); Review homeowner depositions and summaries for renovation summaries to calculate risk assessments for individual homeowner activities and create charts explaining calculations - (3.1). |
| 10/12/04 | IK | 6.70 | 837.50 | Work on various charts and review/update backup information for ZAI Science Trial hearing |
| 10/12/04 | JW | 5.70 | 1510.50 | Research and prepare numerous demonstrative exhibits for use in hearing |
| 10/12/04 | EW | 11.50 | 7475.00 | Continue to work on preparation for ZAI Science Trial including outlines, summaries, materials for charts, assignments |
| 10/12/04 | RT | 7.50 | 3000.00 | .........; continued reviewing materials and preparing charts and outline for ZAI Science Trial Hearing (.6) |
| 10/12/04 | EM | 9.00 | 1125.00 | Preparing Powerpoint Presentation Including Graphs, Charts, and blow-ups. |
| 10/12/04 | AL | 7.60 | 570.00 | ..............; Update charts for trial (4.0). |
| 10/13/04 | AL | 9.50 | 712.50 | Updated trial charts (5.0); Compile exhibits for notebooks (4.5) |

| Date | Initials | Hours | Amount | Description |
|---|---|---|---|---|
| 10/13/04 | EM | 8.00 | 1000.00 | Preparing Powerpoint Presentation including Graphs, Charts, and blow-ups. |
| 10/13/04 | RT | 10.00 | 4000.00 | ............; continued reviewing materials and preparing charts and outline for ZAI Science Trial Hearing (3.7) |
| 10/13/04 | EW | 11.60 | 7540.00 | Prepare for argument, including preparing charts, revising charts, reviewing articles, prior testimony, depositions, formulating and revising notes (11.4);........... |
| 10/13/04 | IK | 6.50 | 812.50 | Work on various charts and review/update backup information for ZAI Science Trial hearing |
| 10/13/04 | BW | 7.30 | 1752.00 | Review data in chart describing settled dust (0.4); Compile documentary back-up for graph comparing of ZAI dust levels to other dust levels, including several revisions to chart and data used (3.2); Created three charts (using different figures and calculations) with accompanying data back-up demonstrating flaws and corrections in risk assessment (3.7) |
| 10/13/04 | GM | 11.50 | 862.50 | Obtain deposition of Thomas Hamilton for review by Rob; begin preparation of summary of prior cases relating to motions to exclude expert testimony of Dr. Longo, Dr. Hatfield and Dr. Millette along with other experts (5.5);.........; Work on cleavage fragment presentation (2.5) |
| 10/14/04 | GM | 9.80 | 735.00 | .........; Work on cleavage fragment presentation for trial (5.8) |
| 10/14/04 | BW | 8.80 | 2112.00 | Gather data on simulations to rebut Anderson data, including time durations, frequency, and exposures (2.2); Calculate corrections for risk assessments and create explanatory graphic (3.1); Perform re-calculations and gather research to create chart re: risk assessment assumptions (2.0); Confirm data on trial exhibits (1.5) |
| 10/14/04 | IK | 9.20 | 1150.00 | Work on various charts and review/update backup information for ZAI Science Trial hearing |

| Date | Initials | Hours | Amount | Description |
|---|---|---|---|---|
| 10/14/04 | RT | 11.70 | 4680.00 | ...........; continued reviewing materials and preparing charts and outline for ZAI Science Trial Hearing (11.0) |
| 10/14/04 | EM | 8.50 | 1062.50 | Preparing Powerpoint Presentation Including Graphs, Charts, and blow-ups. |
| 10/14/04 | AL | 7.90 | 592.50 | Updating charts for hearing (3.5); organizing notebooks (4.4) |
| 10/14/04 | EW | 9.50 | 6175.00 | Continue work on argument preparation, review and revise charts, prepare presentation, calls to Court regarding logistics, communications with Grace Counsel regarding same, numerous conversations with various attorneys and staff members regarding preparation |
| 10/15/04 | EM | 9.00 | 1125.00 | Preparing Powerpoint Presentation Including Graphs, Charts, and blow-ups |
| 10/15/04 | RT | 6.50 | 2600.00 | ..........; continued reviewing materials and preparing charts and outline for ZAI Science Trial Hearing (1.8). |
| 10/15/04 | EW | 3.60 | 2340.00 | Prepare notes for oral argument, reviewing supporting documents |
| 10/15/04 | IK | 7.50 | 937.50 | Work on various charts and review/update backup information for ZAI Science Trial hearing |
| 10/15/04 | BW | 9.10 | 2184.00 | Final changes to charts, graphics, and back-up materials for hearing after meetings with EJW and Eric Maynard (2.5); Edit and finalize chart re: risk assessments, Including citations cor back-up (2.6); Gather and review briefs, research, and write bench brief on the admissibility of simulation videos and Tyndall beam (3.2); conversation with Rob Turkewitz regarding Tyndall Beam brief and review of briefs (.8) |
| 10/15/04 | GM | 9.80 | 735.00 | Preparation for ZAI science trial which includes revising power point presentation (8.5);............; Phone conference with Rob Turkewitz re: travel to Pittsburgh and set up (.5) |

| Date | Initials | Hours | Amount | Description |
|---|---|---|---|---|
| 10/16/04 | GM | 5.80 | 435.00 | .........; organization of work room; compile documents for trial (1.5); preparation of exhibit/attachment list for trial (2.3) |
| 10/16/04 | BW | 1.50 | 360.00 | Gather materials for hearing (0.5); Final edits and finish bench brief on simulations and Tyndall beam (1.0). |
| 10/16/04 | RT | 3.80 | 1520.00 | .............; reviewed and revised outline for arguments for ZAI Science Trial Hearing regarding Lee Motion and miscellaneous issues (2.5) |
| 10/17/04 | EM | 9.00 | 1125.00 | Set up trial computers, and prepared Charts and Diagrams for hearing. |
| 10/17/04 | KC | 9.00 | 1125.00 | Organizing materials for use at hearing, including preparation of Judge's notebook and Defendant's notebook |
| 10/17/04 | EW | 16.20 | 10530.00 | Travel from Greenvile to Pittsburgh, work en route preparing notes for argument, reviewing case (6); Upon arrival, work on preparing for argument, review cases, organize Judge's reference notebook materials and related to argument outline, gather additional materials for argument and numerous conferences with other attorneys and staff regarding preparations for next day's hearing (10.2) |
| 10/17/04 | RT | 15.00 | 6000.00 | Travel from Charleston to Pittsburgh reviewing documents and preparing outline (6.0); continued reviewing materials and preparing outline in preparation for Hearing (9.0) |
| 10/17/04 | IK | 17.50 | 2187.50 | Travel from Charleston to Pittsburgh reviewing documents and charts (6); searched for documents requested for hearing (11.5) |
| 10/17/04 | GM | 18.00 | 1350.00 | Trial preparation which includes compiling exhibits for trial; preparation or power point slides for trial; revise slides for trial (13.5); preparation of judge's notebook and counsel notebooks for trial (2.5); revise exhibit/attachment list for trial (2.0). |

| Date | Atty | Hours | Amount | Description |
|---|---|---|---|---|
| 10/17/04 | BW | 8.00 | 1920.00 | .........; Finalize expert slides for hearing (1.4);.........; Reviewing and gathering citations for depositions and reliance materials for various issues that would be addressed in Westbrook's argument to court (2.5). |
| 10/18/04 | BW | 11.50 | 2760.00 | Attend ZAI hearing (10);................. |
| 10/18/04 | GM | 12.00 | 900.00 | Attend ZAI science trail; made revisions to power point slide presentations and attachments (10.);....... |
| 10/18/04 | IK | 12.00 | 1500.00 | Prepare for and attend ZAI hearing (10);........... |
| 10/18/04 | RT | 14.00 | 5600.00 | Continued preparing for Hearing (4.0); attended and participated in Hearing (10.0) |
| 10/18/04 | AL | 12.00 | 900.00 | Deliver documents to courtroom, attend ZAI hearing (10);................. |
| 10/18/04 | EW | 10.00 | 6500.00 | Prepare for and attend ZAI Science Trial's summary judgment hearing, present argument (10) |
| 10/18/04 | KC | 12.00 | 1500.00 | Attend ZAI hearing (10.0);.............. |
| 10/18/04 | EM | 12.00 | 1500.00 | Attend ZAI hearing (10.0);........ |
| 10/16/04 | GM | 6.00 | 225.00 | Travel from Charleston to Pittsburgh for ZAI science trial (billed at half rate) |
| 10/16/04 | AL | 6.00 | 225.00 | Travel from Charleston to Pittsburgh (billed at half rate) |
| 10/17/04 | EM | 6.00 | 375.00 | Travel from Charleston to Pittsburgh (billed at half-time) |
| 10/17/04 | KC | 6.00 | 375.00 | Travel from Charleston to Pittsburgh (billed at half-rate) |
| 10/17/04 | BW | 6.00 | 720.00 | Travel to Pittsburgh from Charleston (billed at half rate) |
| 10/19/04 | IK | 8.00 | 500.00 | Traveled from Pittsburgh back to Charleston (8 hrs-billed at half rate) |

| Date | Initials | Hours | Amount | Description |
|---|---|---|---|---|
| 10/19/04 | BW | 8.00 | 1920.00 | Travel back to Charleston from Pittsburgh (billed at half rate) |
| 10/19/04 | AL | 8.00 | 300.00 | Travel from Pittsburgh to Charleston (billed at half rate) |
| 10/19/04 | KC | 8.00 | 500.00 | Travel from Pittsburgh to Charleston (billed at half-rate) |
| 10/19/04 | EW | 8.00 | 2600.00 | Return from Pittsburgh to Charleston (billed at half rate) |
| 10/19/04 | GM | 8.00 | 300.00 | Travel from Pittsburgh to Charleston (Billed at half-rate) |
| 10/19/04 | RT | 8.00 | 1600.00 | Travel from Pittsburgh to Charleston (8.0 - billed at half rate) |

Response Exhibit 1

Please accept this response to your initial report dated May 11, 2005. As set forth below, we believe that our charges are reasonable and comply with all applicable billing standards. However, if after reviewing this response, you believe there is anything excessive about the bill, we will accept whatever adjustment you decide. In our view, a legal bill must not only be reasonable, but it must appear reasonable to all objective reviewers. It is very important to us that our bills meet both of these criteria.

You first asked about the necessity for having eight people at the October 2004 hearing on the ZAI cross motions. We can understand that a review of the cold billing records may not adequately convey the extent of, and necessity for the effort expended at the hearing.

The hearing in October was a major hearing in the ZAI Science Trial where 5 different motions and cross motions, generating 15 different briefs consisting of approximately 288 total pages with 354 exhibits were presented to the Court in 12 volumes, along with 88 video slides, and 4 video tape excerpts (culled from numerous others). With this volume of material, and only two days scheduled for the hearing, it was essential that our presentation be meticulously prepared and seamlessly presented. The individuals selected to attend the hearing had specific, non-duplicative roles. As lead counsel, I argued the cross motions for summary judgment. My chief paralegal, Kim Camarda, who headed up the assembly, organization and verification of the summary judgment exhibits, came to Pittsburgh to assist in preparation for the summary judgment argument, and assisted during the argument by organizing and having any document needed immediately available to me.

Further, to maximize the amount of information conveyed in the limited time, we rehearsed a computer-assisted presentation beforehand and presented it at the hearing through the effort of our computer technician, Eric Maynard. He not only converted the documents we planned to use digitally for the computer, but excerpted for special attention on the computer screen critical language from each document. His presence at trial was essential to the computer presentation. Lizzie Kerrison, the other paralegal who assisted me before and during the hearing, is the paralegal who has concentrated throughout the ZAI proceedings on analyzing W.R. Grace documents, including the critical issues of Grace's historical ZAI testing. Ms. Kerrison had analyzed thousands of pages of Grace testing and organized disconnected documents into an understandable series of documents ordered by test. Her work provided the foundation for our showing the Court that when properly understood, Grace's own tests agreed with the ZAI Claimants' modern ZAI testing showing that ZAI was a hazardous material. Because the October hearing focused on the science of ZAI, Ms. Kerrison's attendance at the hearing, where Grace was expected to (and attempted to) refute our analysis of its tests, was very important.

In addition to the summary judgment motions, both sides had filed important motions in limine to exclude their opponent's scientific testing and other evidence. These motions were also argued at the hearing. Mr. Turkewitz, the other lawyer from my firm who presented at the hearing, handled our very important motion to exclude the testimony of Grace's principal analytical expert, Dr. Lee. Mr. Turkewitz prepared

the motion with the assistance of his paralegal, Gena Martin. In order not to duplicate effort, Mr. Turkewitz and Ms. Martin concentrated on this distinct project. The motion concerning Dr. Lee alone consumed 86 pages of briefing and 62 exhibits. Ms. Martin played the same supporting role for Mr. Turkewitz as Ms. Camarda did for me on our summary judgment cross motions.

Bobby Wood, the third attorney who attended the hearing, had been given the important assignment of learning, analyzing and refuting one of Grace's principal defense experts - its risk assessment expert, Dr. Anderson. Mr. Wood had focused extensively on Dr. Anderson's prior risk assessment work, which employs complicated principles of statistics. He thoroughly investigated the underpinnings of her opinions and the information she relied on from Grace and its other experts to form those opinions. Through very intensive deposition questioning, Mr. Wood had exposed significant flaws in Dr. Anderson's work. As the hearings approached, Mr. Wood worked closely with me to prepare "correction charts" on Dr. Anderson's statistics, showing how Dr. Anderson's risk assessment would look had she been given valid assumptions to plug into her statistical equations. During Grace's presentation concerning Dr. Anderson, I conferred with Mr. Wood in the courtroom on several occasions as issues concerning proper interpretation of risk assessment came up. It was critically important to have Mr. Wood present to respond to Grace's assertions involving the underpinnings of Dr. Anderson's work.

The final individual on our team was Adam Lorenz who assisted the other two paralegals in preparing the set of "Most Likely to be Cited" exhibit notebooks that we agreed with Grace counsel for both sides would prepare. These notebooks were intended to cull from the volumes of exhibits those exhibits which the attorneys anticipated would be most likely to be cited during argument. In addition, Mr. Lorenz was responsible for getting and organizing the various demonstrative charts that we prepared for use in our presentation. At the hearing, the summary judgment argument was organized according to the points outlined on the blow-up charts, with specific evidence displayed and highlighted on the computer screen, and with the judge having access to the complete documents referenced at argument in either her set of exhibit notebooks or "Most Likely to be Cited" notebooks. As discussed above, this multi-faceted presentation required extensive coordination and delegation of tasks to specific individuals to avoid duplication and ensure that the presentations would flow smoothly in the minimum time necessary.

In considering the number of the individuals we brought to this important hearing, we think it is also relevant to consider that the hearing was scheduled for two days, but due to the advance work and efficiencies brought to the process by both sides, we were able to conclude the hearing in one day. This not only saved the Court considerable time, but cut down on the number of attorney / paralegal hours spent in the presentation. Through our extensive preparation, and with the cooperation of the Grace attorneys, we were able to conduct this hearing in one half the time everyone had anticipated it would take. While it would have been possible to present the arguments less efficiently over a two day period, we believed at the time, and continue to believe today, that the way we organized our presentation, delegated tasks and avoided duplication was the best way to proceed.

Response Exhibit 2

You next asked about the work done by Lizzie Kerrison in summarizing the transcript from the October 18, 2004 hearing. Because of the extremely technical issues discussed at the hearing, Ms. Kerrison reports that it was a tortuous transcript to summarize, requiring frequent reference to the exhibits and her hearing notes to create an understandable summary with accurate figures when the transcript itself contained the court reporter's best (although sometimes inaccurate) transcription of the numbers being discussed. Rather than simply repeat what was being said in the transcript, Ms. Kerrison attempted to take the raw transcript, relate it to the actual exhibits and provide an understandable summary to others reading it for future steps in the proceedings. Attached is Ms. Kerrison's summary for your review.

In essence, the project was not so much summarizing the transcript as creating an annotated summary useful to our lawyers. Ms. Kerrison is one of our longest and most trusted employees and I have no doubt that she spent the time reported on this task. Nevertheless, we appreciate that the time spent can appear excessive to an outside observer and have no objection to the time being reduced. If the fee auditor feels that a 25-50% reduction is in order, we have no objection. As I say, we agree to this reduction not because Ms. Kerrison failed to spend the time reported, but because the appearance that all billing standards have been met is just as important as actually having complied with all the standards. Ms. Kerrison's work produced a quality summary which is of significant value to anyone seeking to understand the October ZAI proceedings, but we will nevertheless agree to a percentage reduction if the fee auditor feels it is warranted.