IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | Re: Docket No. 8324 |

**JOINT MOTION FOR LEAVE TO EXTEND THE DEADLINES FOR FILING RESPONSES AND REPLIES TO THE MOTION TO APPROVE THE PI CMO AND QUESTIONNAIRE AND FOR RESPONSES TO EXCEED PAGE LIMITS**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), the Asbestos Personal Injury Committee (the "PI Committee"), the Asbestos Property Damage Committee (the "PD Committee"), the General Unsecured Creditors Committee (the "GUCC"), the Futures Claim Representative (the "FCR"), the Equity Security Holders Committee (the "Equity Committee"), and the Libby Claimants (the "Libby Claimants", and collectively with the Debtors, the PI Committee, the PD Committee, the GUCC, the FCR, and the Equity Committee, the "Parties") hereby request leave of this Court (a) to extend the deadline by which the Parties

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

and certain insurers (the "Certain Insurers") are required to file their responses, if any, to the Debtors' motion to approve the asbestos personal injury case management order and questionnaire (the "Debtors' PI Case Management Motion") to June 30, 2005, (b) for any such responses to exceed the page limits set forth in the ECF Chambers Procedures and D. Del. LR 7.1.3, and (c) to extend the deadline by which the Parties and the Certain Insurers are required to file their replies, if any, to July 21, 2005. In support of this motion, the Parties respectfully state as follows.

### Jurisdiction

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court under 28 U.S.C. § 1408 and 1409.

### Background

2.     On April 2, 2001 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing their respective chapter 11 cases (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for administrative purposes only, and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

3.     On November 13, 2004, the Debtors filed their Motion for Entry of an Order Seeking the Estimation of Asbestos Claims and Certain Related Relief (the "Estimation Motion") (Docket No. 6899). At the hearing on the Estimation Motion (the "Estimation Motion Hearing") held on January 21, 2005, the Court ordered the PI Committee, the FCR, and the Debtors to

negotiate (a) a case management order to govern the estimation of asbestos personal injury claims (the "Case Management Order"), and (b) the form of the Debtors' proposed proof of claim/questionnaire for asbestos personal injury pre-petition litigation claims (the "Questionnaire"). Despite their best efforts, the parties were unable to reach agreement regarding the Case Management Order and the Questionnaire.

4. The Debtors, the PI Committee, and the FCR subsequently agreed to a briefing schedule and hearing date regarding the Case Management Order and Questionnaire, which was submitted on March 24, 2005, pursuant to a certification of counsel (the "Certification of Counsel") and a proposed order regarding the same (Docket No. 8117).

5. On March 29, 2005, the Certain Insurers filed an objection (Docket No. 8139) to the proposed order, requesting that the Court revise the language of the proposed order to reflect that any party in interest could file a response and/or reply regarding the Debtors' motion seeking the entry of an asbestos personal injury case management order and any responses thereto.

6. Thereafter, the Debtors agreed to revise the proposed order filed on March 25, 2005 to: (a) incorporate the language requested by the Certain Insurers and (b) extend each of the deadlines in the original proposed order by three weeks, in order to provide adequate time to prepare relevant pleadings. On May 3, 2005, the Court entered the new scheduling order (the "New Scheduling Order"), allowing the Debtors' through May 9, 2005, to file the Debtors' PI Case Management Motion (Docket No. 8324). Specifically, the New Scheduling Order provided that:

    A. The Debtors shall file their motion for entry of an order approving the Case Management Order and Questionnaire on or before May 9, 2005;

    B. Any party in interest may file a response to the Debtors' motion on or before June 8, 2005; and

    C. Any party in interest may file a reply to the response of any other party in interest on or before June 21, 2005. Each reply shall be limited to five pages.

7. The Court subsequently granted a motion by the Debtors to extend the deadline to file the Debtors' PI Case Management Motion from May 9, 2005 to May 10, 2005, and to file a brief that exceeded the page limits set forth in D. Del. LR 7.1.3 (Docket No. 8467).

### Relief Requested

8. Due to the complex issues addressed in the Debtors' PI Case Management Motion, the Parties seek leave of this Court (a) to extend the deadline by which the Parties and the Certain Insurers must file responses to the Debtors' PI Case Management Motion to June 30, 2005, (b) for any such responses to exceed the page limits set forth in the ECF Chambers Procedures and D. Del. LR 7.1.3, and (c) to extend the deadline by which the Parties and the Certain Insurers must file replies to July 21, 2005. This extension of time sought herein should not prejudice the rights of any other parties in interest.

9. The Certain Insurers have no objection to this relief, provided that the filing deadlines for their reply(ies) or response(s), if any, to the Debtors' PI Case Management Motion are likewise extended.

WHEREFORE, the Parties respectfully request that the Court enter an order, substantially in the form attached hereto, (a) extending the deadline by which the Parties and the Certain Insurers must file responses to the Debtors' PI Case Management Motion to June 30, 2005, (b) granting the Parties leave for any such responses to exceed the page limits set forth in the ECF Chambers Procedures and D. Del. LR 7.1.3, and (c) extending the deadline by which the Parties and the Certain Insurers must file replies to July 21, 2005.

Dated: June 8, 2005

        KIRKLAND & ELLIS LLP
        David M. Bernick, P.C.
        Janet S. Baer
        Jonathan Friedland
        Salvatore F. Bianca
        200 East Randolph Drive
        Chicago, Illinois 60601
        Telephone:   (312) 861-2000
        Facsimile:   (312) 861-2200

        and

        PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.

        /s/ David W. Carickhoff, Jr.
        Laura Davis Jones (Bar No. 2436)
        David W. Carickhoff, Jr. (Bar No. 3715)
        919 North Market Street, 16th Floor
        P.O. Box 8705
        Wilmington, DE 19899-8705 (Courier 19801)
        Telephone:   (302) 652-4100
        Facsimile:   (302) 652-4400

        Co-Counsel for the Debtors and Debtors in Possession