# EXHIBIT "C"

1   DANA L. CHRISTENSEN
    DALE R. COCKRELL
2   Christensen, Moore, Cockrell,
    Cummings & Axelberg, P.C.
3   P.O. Box 7370
    Kalispell, MT 59904-0370
4   Telephone:  (406) 751-6000
    Facsimile:  (406) 756-6522
5
    THOMAS G. BOWE
6   Assistant Attorney General
    Agency Legal Services Bureau
7   1712 Ninth Avenue
    P.O. Box 201440
8   Helena, MT 59620-1440
    Telephone:  (406) 444-2026
9   Facsimile:  (406) 444-4303

10  COUNSEL FOR DEFENDANT STATE OF MONTANA

11
              **MONTANA FIRST JUDICIAL DISTRICT COURT**
12                   **LEWIS AND CLARK COUNTY**

13  _____

14  HERBERT R. ORR and SANDRA G.        CAUSE NO. BDV-2001-423
    ORR, husband and wife,

15           Plaintiffs,             **THIRD-PARTY COMPLAINT**

16        v.

17  STATE OF MONTANA, a
    governmental
18  entity,

19           Defendant, and
             Third-Party
20           Plaintiff,

21        v.

22  W.R. GRACE & CO. – CONN.,
    W.R. Grace & Co. (NEW YORK),
23  W.R. GRACE & CO. (DELAWARE),

24           Third-Party
             Defendants.
25  _____

26

27

                                        **THIRD-PARTY COMPLAINT**
                                                 **PAGE 1**

1    1.    Plaintiffs, Herbert R. Orr and Sandra G. Orr, have
2  filed against Defendant, State of Montana, an amended
3  complaint, a copy of which is hereto attached as Exhibit A.

4    2.    Third-Party Defendant W.R. Grace & Co. - Conn. is a
5  for profit business corporation organized and existing under
6  the laws of the State of Connecticut.

7    3.    Third-Party Defendant W.R. Grace & Co. - Conn. is a
8  a successor corporation that is liable for the conduct of
9  Zonolite Company and for the conduct of W.R. Grace & Co., a
10 Connecticut corporation, with respect to the claims of the
11 amended complaint arising from the mining and processing of
12 asbestos-contaminated vermiculite within the State of
13 Montana.

14   4.    Third-Party Defendant W.R. Grace & Co. (New York)
15 is a for profit business corporation organized and existing
16 under the laws of the State of New York and is liable for the
17 conduct of the predecessor and subsidiary companies,
18 including W.R. Grace & Co. - Conn. and Zonolite Company with
19 respect to the claims of the amended complaint.

20   5.    Third-Party Defendant W.R. Grace & Co. (Delaware)
21 is a for profit business corporation organized and existing
22 under the laws of the State of Delaware and is liable for the
23 conduct of the predecessor and subsidiary companies,
24 including W.R. Grace & Co. - Conn. and Zonolite Company with
25 respect to the claims of the amended complaint.

26   6.    Third-Party Defendants W. R. Grace & Co. - Conn.
27 and W.R. Grace & Co. (New York) and W.R. Grace & Co.

1  (Delaware) may be referred to herein as the "Grace Third-
2  Party Defendants."

3      7.    Pursuant to the Agreement and Plan of
4  Reorganization between W.R. Grace & Co. and Zonolite Company,
5  dated January 17, 1963, W.R. Grace & Co., a Connecticut
6  corporation, acquired substantially all of the properties and
7  assets of Zonolite, including mining properties in Montana,
8  and assumed all debts and liabilities of Zonolite.

9      8.    Without admitting any of the allegations of the
10 amended complaint, the State of Montana (which may be
11 referred to herein as "Defendant/Third-Party Plaintiff"),
12 refers to, and incorporates in this Third-Party Complaint by
13 reference, the amended complaint for damages filed in this
14 matter.

15     9.    Defendant/Third-Party Plaintiff denies that it is
16 in any manner responsible for the events giving rise to
17 Plaintiffs' claims for relief, or for injuries and damages
18 allegedly sustained by Plaintiffs.  If, however, liability is
19 imposed on Defendant/Third-Party Plaintiff as a result of the
20 matters alleged in the amended complaint, such liability
21 could only be remote and derivative from, or concurrent with,
22 the acts and liability of the Grace Third-Party Defendants.

23     10.   The Grace Third-Party Defendants had a duty to
24 furnish a place of employment that was safe for employees,
25 including Plaintiff Herbert R. Orr.

26     11.   The Grace Third-Party Defendants had a duty to
27 furnish and require the use of safety devices and safeguards,

1  such as respiratory protective devices, by employees,

2  including Plaintiff Herbert R. Orr.

3      12.   The Grace Third-Party Defendants had a duty to

4  adopt and use such methods, processes, practices, means, and

5  operations as reasonably adequate to render the place of

6  employment safe, and to do every other thing reasonably

7  necessary to protect the life and safety of employees,

8  including Plaintiff Herbert R. Orr.

9      13.   Defendant/Third-Party Plaintiff alleges that the

10  Grace Third-Party Defendants negligently and intentionally

11  breached the aforementioned duties, and that the breach was

12  the proximate cause of the alleged injuries and damages of

13  the Plaintiffs.

14     14.   The Grace Third-Party Defendants knew that

15  Plaintiff Herbert R. Orr and other employees were being

16  exposed to dust containing harmful asbestos, which penetrated

17  and lodged in their lungs and injured and damaged their

18  lungs.

19     15.   The Grace Third-Party Defendants actively concealed

20  from Plaintiffs, other employees, and Defendant/Third-Party

21  Plaintiff the harm and injury caused by dust containing

22  asbestos.

23     16.   The Grace Third-Party Defendants knew that dust

24  containing hazardous asbestos could cause fatal diseases,

25  including, but not limited to, asbestosis, lung cancer, and

26  mesothelioma.

27     17.   The Grace Third-Party Defendants knew that safety

1  devices and safeguards, such as respiratory protective
2  devices and ventilation systems in the workplace, were not
3  used or maintained in a manner sufficient to prevent injury
4  from asbestos dust.

5      18.   The Grace Third-Party Defendants completely
6  controlled the methods, processes, practices, means, and
7  operations in the place of employment, but intentionally
8  created harm to Plaintiff Herbert R. Orr and other employees
9  by failing to take reasonably adequate measures to render the
10 place of employment safe, and to do every other thing
11 reasonably necessary to protect the life and safety of
12 employees, including Plaintiff Herbert R. Orr.

13     19.   The Grace Third-Party Defendants informed
14 Defendant/Third-Party Plaintiff of policies it had
15 implemented concerning the use of respiratory protective
16 devices by employees, but the Grace Third-Party Defendants
17 knowingly failed to enforce its policies in a manner
18 reasonably necessary to protect the life and safety of
19 employees from injury caused by asbestos dust.

20     20.   The Grace Third-Party Defendants failed to warn
21 Plaintiff Herbert R. Orr, and other employees, and members of
22 their households of the hazards of exposure to asbestos dust.

23     21.   The Grace Third-Party Defendants had knowledge of
24 facts or intentionally disregarded facts that created a high
25 probability of harm to Plaintiffs and deliberately proceeded
26 to act with either conscious disregard or indifference to the
27 high probability of injury to the Plaintiffs.

THIRD-PARTY COMPLAINT
PAGE 5

1      22.  The acts and omissions of the Grace Third-Party

2  Defendants were the direct and primary causes of the failure

3  to provide a safe place of employment for Plaintiff Herbert

4  R. Orr, and other employees, and proximately caused the

5  injuries and damages allegedly sustained by Plaintiffs.

6      23.  The allegations of the amended complaint against

7  Defendant/Third-Party Plaintiff are, in fact and in law,

8  vicarious in that Defendant/Third-Party Plaintiff had no

9  authority, nor did Defendant/Third-Party Plaintiff exercise

10  any control, over the methods, processes, practices, means,

11  and operations in the place of employment operated by the

12  Grace Third-Party Defendants.  Defendant/Third-Party

13  Plaintiff did not increase the risk of harm from asbestos

14  dust over the risk of harm caused by the Grace Third-Party

15  Defendants.

16      24.  In the event that Plaintiffs are entitled to any

17  recovery against Defendant/Third-Party Plaintiff by reason of

18  the matters alleged in the amended complaint, it is because

19  of the fault and neglect of the Grace Third-Party Defendants.

20      25.  In the event that Plaintiffs are entitled to any

21  recovery against Defendant/Third-Party Plaintiff by reason of

22  the matters alleged in the amended complaint, then

23  Defendant/Third-Party Plaintiff is entitled to judgment

24  against the Grace Third-Party Defendants for all or part of

25  the amount of damages and costs awarded to Plaintiffs.

26                  **FIRST CLAIM FOR RELIEF**

27      26.  Defendant/Third-Party Plaintiff refers to

1    Paragraphs 1 through 25 of this Third-Party Complaint and

2    incorporates the same herein by reference.

3        27.    If Defendant/Third-Party Plaintiff is held liable

4    and responsible to Plaintiffs for damages as a result of the

5    matters alleged in the amended complaint, it will be solely

6    due to the active and affirmative conduct of the Grace Third-

7    Party Defendants, which directly and proximately caused any

8    injuries, as herein alleged.

9        28.    As between the Grace Third-Party Defendants and

10   Defendant/Third-Party Plaintiff, the Grace Third-Party

11   Defendants are primarily, directly, and actively responsible

12   for the resulting injuries and damages to Plaintiffs, and

13   Defendant/Third-Party Plaintiff is not responsible or is only

14   secondarily, indirectly, and passively responsible.

15       29.    Therefore, Defendant/Third-Party Plaintiff is

16   entitled to be indemnified by the Grace Third-Party

17   Defendants in the full amount of any damages awarded to

18   Plaintiffs, should such liability to Plaintiffs arise.

19                     **SECOND CLAIM FOR RELIEF**

20       30.    Defendant/Third-Party Plaintiff refers to

21   Paragraphs 1 through 29 of this Third-Party Complaint and

22   incorporates the same herein by reference.

23       31.    If Defendant/Third-Party Plaintiff is held liable

24   and responsible to Plaintiffs for damages as a result of the

25   matters alleged in the amended complaint, the Grace Third-

26   Party Defendants are responsible for Plaintiffs' damages in

27   proportion to their comparative negligence, and the Grace

1  Third-Party Defendants are liable to Defendant/Third-Party
2  Plaintiff for all or any liability by way of contribution, to
3  the extent of their fault, and Defendant/Third-Party
4  Plaintiff is entitled to a determination of several
5  liability.

6                          **PRAYER FOR RELIEF**

7      WHEREFORE, Defendant/Third-Party Plaintiff requests that
8  the Court:

9      1.    Enter a judgment declaring the rights of
10  Defendant/Third-Party Plaintiff to total indemnification from
11  the Grace Third-Party Defendants, and granting judgment
12  against the Grace Third-Party Defendants for any sum that may
13  be adjudged in this suit by Plaintiffs against
14  Defendant/Third-Party Plaintiff.

15      2.    Enter a judgment declaring the rights of
16  Defendant/Third-Party Plaintiff to contribution from the
17  Grace Third-Party Defendants, and apportioning the liability
18  of Defendant/Third-Party Plaintiff and the Grace Third-Party
19  Defendants on the basis of their comparative fault, in the
20  event that they are liable for the damages alleged in the
21  Plaintiffs' amended complaint.

22      3.    Award Defendant/Third-Party Plaintiff the costs of
23  suit.

24

25

26

27

4.    Award Defendant/Third-Party Plaintiff any other and further relief that the Court considers just and proper.

DATED this _____ day of _____, 2005.

CHRISTENSEN, MOORE, COCKRELL,
CUMMINGS & AXELBER, P.C.


_____
Dana. L. Christensen
Dale R. Cockrell
P.O. Box 7370
Kalispell, MT 59907-0370

Thomas G. Bowe
Assistant Attorney General
AGENCY LEGAL SERVICES BUREAU
1712 Ninth Avenue
P.O. Box 201440
Helena, MT 59620-1440

COUNSEL FOR DEFENDANT/
THIRD-PARTY PLAINTIFF