IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. Grace & Co., et al., | ) | Case No. 01-1139 (JKF) |
| | ) | (Jointly Administered) |

Response to 11th Omnibus (Non-Asbestos Gateway) Objection by WR Grace & Co.
Sierra Capital, Transferor: Sanders Roofing Co Inc., Claim No. 639

from: Sierra Capital; Transferor: Sanders Roofing Co Inc., Claim Number 639, 2699 White Road, Ste. 255, Irvine, CA 92614, (949) 660-1144, ext. 17, fax: 949-660-0632, saugust@sierrafunds.com

to: Office of the Clerk of the United States Bankruptcy Court for the District of Delaware, 824 Market Street, Wilmington, DE 19801

Kirkland & Ellis LLP, 200 E. Randolph Drive, Chicago, Illinois 60601, Attn: Rachel Reagler Schulman

Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C., 919 North Market Street, 16th Floor, P.O. Box 8705, Wilmington, DE 19899-8705 (Courier 19801), Attn: David W. Carickhoff, Jr.

re: Sierra Capital; Transferor: Sanders Roofing Co Inc., Claim Number 639

date: Wednesday, June 08, 2005

We have received a claims objection requesting that the above claim in the amount of $3,384.90 be disallowed and expunged in its entirety. We Object to this Objection.

1. Please find attached sufficient documentation supporting the filed Proof of Claim in the amount of $3,384.90. We regret that these invoices and supporting documentation were not included with the original proof of claim. Unfortunately, at the time, we were unaware that such documentation was required to be included with the proof of claim.

2. Upon review of the included claim support documentation, we dutifully request that Debtors and the Court allow Claim # 639 for the full filed amount of $3,384.90 as liquidated and undisputed.

3. To expedite this matter, we suggest a Stipulation Agreement be prepared for the amount of $3,384.90 and sent to our attention for signature.

4. Copies of the following have been enclosed with this response: The transfer agreement executed between Sierra Capital (Assignee/Transferee) and Sanders Roofing Co Inc. (Assignor/Transferor), Proof of Claim # 639 filed by Sierra Capital, and the supporting documentation requested for claim #639 evidencing the amount of $3,384.90 owed on Claim # 639 filed by Sierra Capital; Transferor: Sanders Roofing Co Inc.

Please contact either of the following at your earliest convenience.

Sierra Capital

| | | |
|---|---|---|
| Scott August | Tammy Garza | Jim Riley |
| 949-660-1144, ext. 17 | 949-660-1144 ext. 22 | 949-660-1144 ext. 16 |
| saugust@sierrafunds.com | tgarza@sierrafunds.com | jriley@sierrafunds.com |

| UNITED STATES BANKRUPTCY COURT _____ DISTRICT OF Delaware | | PROOF OF CLAIM |
|---|---|---|
| Name of Debtor: WR Grace & Co., et al. | Case Number: 01-01139 | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property): Sanders Roofing Co., Inc. | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. | |
|---|---|---|
| Name and address where notices should be sent: Sierra Capital  2699 White Rd. Ste. 255  Irvine, CA 92614  Telephone number: 949-660-1144 x17 | ☒ Check box if you have never received any notices from the bankruptcy court in this case.  ☒ Check box if the address differs from the address on the envelope sent to you by the court. | THIS SPACE IS FOR COURT USE ONLY |
| Account or other number by which creditor identifies debtor: | Check here if this claim ☐ replaces  ☐ amends  a previously filed claim, dated:_____ | |

**1. Basis for Claim**
- ☐ Goods sold
- ☐ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☐ Other _____

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Your SS #: ___ ___ ___
  Unpaid compensation for services performed
  from _____ to _____
  (date)           (date)

**2. Date debt was incurred:**

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:** $ $3,384.90
If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate    ☐ Motor Vehicle
☐ Other_____
Value of Collateral: $_____
Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

**6. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $_____
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $4,650),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
☐ Up to $2,100* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amounts are subject to adjustment on 4/1/04 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**7. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**8. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**9. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

RECEIVED 2002 JAN -9 AM 11: [illegible] SIERRA BANKRUPTCY COURT DISTRICT OF DELAWARE

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|
| 1/23/02 | Joseph Lind  [signature] |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

CN 00000639



# SANDERS ROOFING CO., Inc.

## ROOFING and SHEET METAL CONTRACTORS

BALL AVENUE at ROUTE 22
UNION, N. J. 07083
(908) 687-2300
Fax # 908-688-4419

November 17, 1999

W. R. GRACE & CO.
Attn: Mr. Charlie Cox
P.O. Box 3449
Cumming, GA  30028

Warranty # 5023
Job # 650-1633
Re: 103 Eisenhower Parkway
Roseland, NJ

| Description | Amount |
|---|---|
| Inspected roof for roof leaks—furnished labor and materials for the following: Repaired various open seams in flashings and open t-joints, trimmed excessive open edge curl at seams and repaired same, repaired open seams in roof, repaired open corners at curbs and resealed open drain flashings | 2,115.00 |
| 6% NJ sales tax | 126.90 |
| **TOTAL AMOUNT DUE** | 2,241.90 |

Work done 9/17, 9/29, 10/1 and 10/22/99



# SANDERS ROOFING CO., Inc.
## ROOFING and SHEET METAL CONTRACTORS

BALL AVENUE at ROUTE 22
UNION, N. J. 07083
(908) 687-2300
Fax # 908-688-4419



April 26, 1999

W.R. GRACE & CO.
P.O. Box 3449
Cumming, GA 30028

Warranty #5023
Cali OB
Re: Roseland, NJ

| | | |
|---|---:|---:|
| Inspected roof for roof leaks--<br>Furnished labor and materials for the following:<br>repaired various open seams and t-joints, repaired open flashing seams--<br>Work performed 3/23/99, 4/8/99 & 4/19/99<br>6%NJ sales tax | 1,185 | 00 |
| | 71 | 10 |
| **TOTAL AMOUNT DUE THIS INVOICE** | 1,256 | 10 |

198 99


## Transfer of Claim
## W.R. Grace & Co., *et al.*

This agreement (the "Agreement") is entered into between ___SANDERS Roofing Co Inc___ ("Assignor") and Sierra Asset Management, LLC, or assignee ("Assignee") with regard to the following matters:

Assignor in consideration of the sum of **25% (Twenty Five Percent)** of the current amount outstanding on the Assignor's trade claim (the "Purchase Price"), does hereby transfer to Assignee all of the Assignor's right, title and interest in and to the claim or claims of Assignor (the "Claim") against W.R. Grace & Co., *et al.* and certain of its affiliates, a debtor in proceedings for reorganization (the Proceedings") in the United States Bankruptcy Court of Northern California (San Jose) (the "Debtor") in the current amount of not less than _____ [insert the amount due, which shall be defined as "the Claim Amount"], and all rights and benefits of the Assignor relating to the Claim including, without limitation, Assignor's rights to receive interest, penalties and fees, if any, which may be paid with respect to the Claim, and all cash, securities, instruments, and other property which may be paid or issued by the Debtor in satisfaction of the Claim. The Claim is based on amounts owed to Assignor by Debtor as set forth below and this assignment is an absolute and unconditional assignment of ownership of the Claim, and shall not be deemed to create a security interest.

Assignee shall be entitled to all distributions made by the Debtor on account of the Claim, even distributions made and attributable to the Claim being allowed in the Debtor's case, in an amount in excess of the Claim Amount.

Assignor represents and warrants that the amount of the Claim is not less than the Claim Amount, that this amount is the true and correct amount owed by the Debtor to the Assignor, and that no valid defense or right of set-off to the Claim exists.

Assignor further represents and warrants that no payment has been received by Assignor or by any third party claiming through Assignor, in full or partial satisfaction of the Claim, that Assignor has not previously assigned, sold or pledged the Claim, in whole or in part, to any third party, that Assignor owns and has title to the Claim free and clear of any and all liens, security interests or encumbrances of any kind or nature whatsoever, and that there are no offsets or defenses that have been or may be asserted by or on behalf of Debtor or any other party to reduce the amount of the Claim or to impair its value.

Unless otherwise agreed to in writing, Assignor warrants and represents it shall file a Proof of Claim in the Debtor's bankruptcy case on account of the Claim. Should it be determined that any transfer by the Debtor to the Assignor is or could have been avoided as a preferential payment, Assignor shall repay such transfer to the Debtor in a timely manner. Should Assignor fail to repay such transfer to the Debtor, then Assignee, solely at its own option, shall be entitled to make said payment on account of the avoided transfer, and the Assignor shall indemnify the Assignee for any amounts paid to the Debtor.

Assignor is aware that the Purchase Price may differ from the amount ultimately distributed in the Proceedings with respect to the Claim and that such amount may not be absolutely determined until entry of a final order confirming a plan or reorganization. Assignor acknowledges that, except as set forth in this agreement, neither Assignee nor any agent or representative of Assignee has made any representation whatsoever to Assignor regarding the status of the Proceedings, the condition of the Debtor (financial or otherwise), any other matter relating to the proceedings, the Debtor, or the likelihood of recovery of the Claim. Assignor represents that it has adequate information concerning the business and financial condition of Debtor and the status of the Proceedings to make an informed decision regarding its purchase of the Claim, and that it has independently and without reliance on Assignee, and based on such information as Assignor has deemed appropriate (including information available from the files of the Court of the Proceedings), made its own analysis and decision with regard to entering into this Agreement.

In the event that the Claim is disallowed, reduced, subordinated, or impaired for any reason whatsoever, Assignor agrees to immediately refund and pay to Assignee, a pro-rata share of the Purchase Price equal to the ratio of the amount of the Claim disallowed divided by the Claim. The Assignee, as set forth below, shall have no obligation to otherwise defend the Claim, and the refund obligation of the Assignor pursuant to this section shall be absolutely payable to Assignee without regard to whether Assignee defends the Claim. Assignor shall have no obligation to expend any resources for defending the Claim. Assignee shall have the right to defend the claim, only at its own expense and shall not look to Assignor for any reimbursement for legal expenses.

To the extent that it may be required by applicable law, Assignor hereby irrevocably appoints Assignee as its true and lawful attorney and authorizes Assignee to act in Assignor's stead, to demand, sue for, compromise and recover all such amounts as now are, or may hereafter become, due and payable for or on account of the Claim. Assignor grants unto Assignee full authority to do all things necessary to enforce the Claim and Assignor's rights thereunder. Assignor agrees that the powers granted by this paragraph are discretionary in nature and that the Assignee may exercise or decline to exercise such powers at Assignee's sole option. Assignee shall have no obligation to take any action to prove or defend the Claim's validity or

amount in the Proceedings or in any other dispute arising out of or relating to the Claim, whether or not suit or other proceedings are commenced, and whether in mediation, arbitration, at trial, on appeal, or in administrative proceedings. Assignor agrees to take such reasonable further action, as may be necessary or desirable to effect the Assignment of the Claim and any payments or distributions on account of the Claim to Assignee including, without limitation, the execution of appropriate transfer powers, corporate resolutions and consents.

Assignor shall forward to Assignee all notices received from Debtor, the court or any third party with respect to the Claim, including any ballot with regard to voting the Claim in the Proceeding, and shall take such action with respect to the Claim in the proceedings, as Assignee may from time to time request. Assignor acknowledges that any distribution received by Assignor on account of the Claim from any source, whether in form of cash, securities, instrument or any other property or right, is the property of and absolutely owned by the Assignee, that Assignor holds and will hold such property in trust for the benefit of Assignee and will, at its own expense, promptly deliver to Assignee any such property in the same form received, together with any endorsements or documents necessary to transfer such property to Assignee.

In the event of any dispute arising out of or relating to this Agreement, whether or not suit or other proceedings is commenced, and whether in mediation, arbitration, at trial, on appeal, in administrative proceedings, or in bankruptcy (including, without limitation, any adversary proceeding or contested matter in any bankruptcy case filed on account of the Assignor), the prevailing party shall be entitled to its costs and expenses incurred, including reasonable attorney fees.

The terms of this Agreement shall be binding upon, and shall inure to the benefit of Assignor, Assignee and their respective successors and assigns.

Assignor hereby acknowledges that Assignee may at any time further assign the Claim together with all rights, title and interests of Assignee under this Agreement. All representations and warranties of the Assignor made herein shall survive the execution and delivery of this Agreement. This Agreement may be executed in counterparts and all such counterparts taken together shall deemed to constitute a single agreement.

This contract is not valid and enforceable without acceptance of this Agreement with all necessary supporting documents by the Transferee, as evidenced by a countersignature of this Agreement.

This Agreement shall be governed by a construed in accordance with the laws of the State of California. Any action arising under or relating to this Agreement may be brought in any state or federal court located in the California, and Assignor consents to and confer personal jurisdiction over Assignor by such court or courts and agrees that service of process may be upon Assignor by mailing a copy of said process to Assignor at the address set forth in this Agreement, and in any action hereunder, Assignor and Assignee waives any right to demand a trial by jury.

## CONSENT AND WAIVER

Assignor hereby acknowledges and consents to all of the terms set forth in this Agreement and hereby waives its right to raise any objection thereto and its right to receive notice pursuant to rule 3001 of the rules of the Bankruptcy procedure.

IN WITNESS WHEREOF, the undersigned Assignor hereto sets his hand this ___12___ day of ___DEC.___, 2001.

**ATTEST**

By ___[signature]___
Signature

___RALPH R. SANDERS, PRES.___
[Print Name and Title]

___908 688 2300___
Phone Number
908 - 68t

___SANDERS ROOFING Co. INC.___
Name of Company

___915 BALL AVE___
Street Address

___UNION N.J. 07083___
City, State & Zip

___908 688 4419___
Fax Number

___[signature]___
Agreed and Acknowledged,
Sierra Asset Management, LLC

Sierra Asset Mgmt, LLC; 2699 White Rd, Ste 255, Irvine, CA 92614
949-660-1144x10; fax: 949-660-0632 jlind@sierrafunds.com