# EXHIBIT A

{D0007918:1 }

```
                    UNITED STATES BANKRUPTCY COURT
                          DISTRICT OF DELAWARE


IN RE:                          .     Chapter 11
                                .
W.R. Grace & Co., et al.,       .
                                .
        Debtor(s).              .     Bankruptcy #01-01139 (MD)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

                            Wilmington, DE
                          February 23, 2004
                             12:30 p.m.

                  TRANSCRIPT OF OMNIBUS HEARING
            BEFORE THE HONORABLE JUDITH K. FITZGERALD
                 UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For The Debtor(s):              James W. Kapp, III, Esq.
                                Kirkland & Ellis
                                200 E. Randolph Drive
                                Chicago, IL 60601

                                David Carickoff, Esq.
                                Pachulski, Stang, Ziehl,
                                 Young, Jones & Weintraub
                                919 North Market Street
                                Wilmington, DE 19801

For Trade Committee:            Michael Lastowski, Esq.
                                Duane Morris, LLP
                                1100 N. Market St.-Ste. 1200
                                Wilmington, DE 19801

                                Kenneth Pasquale, Esq.
                                Stroock Stroock & Lavan, LLP
                                180 Maiden Lane
                                New York, NY 10038

For Asbestos PI Committee:      Marla Eskin, Esq.
                                Campbell & Levine, LLC
                                800 North King Street-Ste. 300
                                Wilmington, DE 19801
```

1   I mean, why?  You've got -- the reality is, that unfortunately,
2   you have both the business aspects and the asbestos issues to
3   deal with and this Debtor has held up for three years now.  It
4   just can't keep happening.  The Debtor has to start getting to
5   the point where it's resources are used to look at the business
6   issues that it has to address, and this is one of them.
7           MR. KAPP:  Your Honor, the Debtor's are trying,
8   they're trying to move things along.  But the bottom line is,
9   until -- we need to know what -- assess the claims and the
10  dollar amounts, and know what we're dealing with, to have a
11  determination of the impact on the potential reorganization.
12          THE COURT:  Well, I agree, but you have to liquidate
13  this claim as well, because it's going to be either a very
14  large or a very small, but nonetheless, a claim against this
15  estate.  It has to be liquidated.
16          MR. KAPP:  Your Honor, the other problem we have here
17  is by doing that, instead of focusing on what we're trying to
18  do, which frankly, it is a choice, we're trying to focus on one
19  piece of the pie before we get to the other.  But even if we
20  are forced to focus on this other piece of the pie, the
21  question is, Wesconn has provided absolutely no reason why this
22  has to -- this claim has to be adjudicated now, and their
23  discovery has to be taken up now.  Even if it is adjudicated
24  now, it's not going to facilitate any recovery under a plan any
25  faster.  We don't have a plan.  And, in fact, to focus --

        THE COURT: Which is the next issue.

        MR. KAPP: -- well, but Your Honor, I agree and it is. But we have to focus somewhere. I mean, limited -- there's only so much time in the day and I hear you and we agree, but our determination has been to focus on the plan and dealing with the asbestos claims, believing that once that's in place, non-litigation, non-asbestos litigation will fall into place. If we put -- it's almost putting the cart in front of the horse, Your Honor. We've made a determination, if this Court disagrees with that determination, I know we know how to hear about that. But that is what we've determined to do. But in the meantime, while we're focusing on this aspect, to put -- to now focus on discovery here, it makes no sense when what are we doing just to rush along to get to a plan that hasn't been developed and in fact, our time dealing with the discovery takes away from our time dealing with the plan.

        THE COURT: When is the Debtor going to file a plan?

        MR. KAPP: Your Honor, I can't answer that today.

        THE COURT: Well, then, I need some answers. This case is now 3 years old. It's time for the Debtor to know what it's business plan is, what it's operational plan is, what it's reorganization plan, in structure. I don't expect that you've got all the negotiations done. I understand your need to figure out what the asbestos liabilities are before you can even conclude that piece. But, I sent you off to talk to all

18

1  the other constituent groups 2 months ago, and I expect that
2  you're still doing that, so that the basis of a plan can be put
3  together.  It's very long, folks, it's very long, and I'm
4  starting to wonder whether the Debtor-In-Possession, is going
5  to be able to get this done, and if not whether to replace the
6  Debtor.  That's the point I'm at.
7       MR. KAPP:  Well then, Your Honor, I guess what we
8  would propose at this point is, if it's acceptable with the
9  Court, to put this off until the next hearing and then we'll
10 come back with such a plan as to our structure of what we're
11 doing.
12      THE COURT:  I think the Debtor's request to have a
13 structure in place is reasonable.  I don't disagree with the
14 need to focus on the asbestos claims.  I do agree that you need
15 to start somewhere, and that's a big chunk to start with.  With
16 respect to ZAI, while you're on the subject, what is the
17 status.  Is it settling, not settling?
18      MR. KAPP:  Your Honor, as you're aware, the Steveo
19 firm is handling that.  I believe there's talks but I don't
20 know the actual status.
21      THE COURT:  Because in the event that that's settling,
22 then that's a big chunk out of this asbestos issue that can, I
23 think, be taken out of the mix with respect to how else the
24 Debtor wants to treat it's objections to claims.  Good
25 afternoon, why does Wesconn need to go forward with this now.