# EXHIBIT B

{D0007919:1 }

```
                    UNITED STATES BANKRUPTCY COURT
                         DISTRICT OF DELAWARE


 IN RE:                              Chapter 11

 W.R. GRACE & CO., et al.,           Case No. 01-01139(JKF)
                                     Jointly Administered

         Debtors.                    March 22, 2004 (12 p.m.
                                     (Wilmington)


                       TRANSCRIPT OF PROCEEDINGS
              BEFORE THE HONORABLE JUDITH K. FITZGERALD
                 UNITED STATES BANKRUPTCY COURT JUDGE
```

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.



things we can talk about. We'd welcome any proposal they want to make, any suggestions they want to make in putting together something that will work for this company. We simply just have not gotten anything from them. And they do not need -- exclusivity does not need to be lifted so that they can start talking to people.

THE COURT: Well, look. Is the debtor at this point -- early on in this case, Mr. Bernick (phonetical) used to say that the debtor wasn't sure that it was going to seek a 524(g) injunction. Is the debtor going to seek one?

MS. BAER: Your Honor, the proposal that we put together called for a 524(g) injunction, and the Sealed Air settlement, as presently structured, calls for a 524(g) plan. However, given where we are with the asbestos personal injury people, nobody knows for sure at the end of the day, whether we will be able to confirm a plan under 524(g). It would have to be, essentially, consensual, in all likelihood. So, Your Honor, to this day I can't tell you that it will be a 524(g) plan.

THE COURT: Well, if it isn't going to, why don't we have a plan on the table?

MS. BAER: Because, Your Honor --

THE COURT: Because, if it isn't, we're dealing only with current claims. That's a cram down issue. Let's get at it.

MS. BAER: Well, again, Your Honor, I think everybody would acknowledge that a 524(g) plan may make -- may make sense here.

THE COURT: Then let's get a Futures Rep. I mean, you can't have it both ways. We either need the pieces in place to get a 524(g), or else we need a plan that doesn't have one. Take your pick. Let's do it. It's been a long time. And, frankly, I'm getting to the point where if I don't lift exclusivity, I'm going to appoint a trustee, and that will cause all sorts of problems, I know, for the debtors lending perspective, if nothing else. But, this has gone on too long, with too little progress. Now, last September, I thought I provided some marching orders so that people could start talking. I'm glad to hear that the debtor has taken that to heart and attempted to try to get the constituents together. But, I still don't see any progress as a result of it, and that was six months ago.

MS. BAER: Well, Your Honor, you don't see progress because you don't have a filed plan before you. That doesn't mean progress hasn't been made. Filing the plan is somewhat of a mechanical thing at the end of the day. It's all of the meat that goes into it, and all of the negotiations that go into it. We have done the number crunching. We have put together proposals that we believe will fly. Again, we have a lot of work to do to try to make that actually happen,

1  especially on a consensual basis.

2  THE COURT: But, look, if you're not going to seek
3  a 524(g) injunction, I agree, we need an asbestos bar date.
4  We set an asbestos bar date, and if you want to litigate the
5  two hundred thousand asbestos injury -- personal injury
6  claims independently because some of them have symptoms and
7  some don't, fine. Because if you're not seeking a 524(g)
8  injunction, it comes down to simply a claims allowance, a
9  voting, and possibly a cram down issue, and nothing more.
10 There is no reason for me to lift exclusivity if that's what
11 you want to do. But there's also no reason for the debtor to
12 be delaying any further. If you want the 524, then get the
13 constituent parts in place, meaning a Futures Rep, and I
14 expect a motion, one way or the other, telling me what you're
15 going to do set for the next omnibus hearing. I'm going to
16 continue the debtor's request, and I'll continue exclusivity
17 for one month to let the debtor decide whether it's seeking a
18 524(g) or not, and if so, to have a motion filed before the
19 next omnibus hearing to appoint a Futures Rep. Then I'll
20 deal with this exclusivity motion next month. In the
21 meantime, folks, talk to each other.

22 MS. BAER: I understand, Your Honor. We will do
23 so.

24 THE COURT: All right. Item 1 is continued, but
25 the debtors exclusive period is continued. I'm not sure when