# EXHIBIT D

{D0007921:1 }

```
              UNITED STATES BANKRUPTCY COURT
                   DISTRICT OF DELAWARE


IN RE:                       .  Case No. 01-01139
                             .
W.R. GRACE,                  .
                             .  5414 USX Tower Building
                             .  Pittsburgh, PA 15222
            Debtor.          .
                             .
                             .
                             .  August 25, 2003
- - - - - - - - - - - - - - -   12:02 p.m.

            TRANSCRIPT OF TELEPHONE CONFERENCE
         BEFORE HONORABLE JUDITH K. FITZGERALD
            UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

For the Debtor:              Kirkland & Ellis
                             By:  JANET BAER, ESQ.
                                  CHRISTIAN LANE, ESQ.
                             200 East Randolph Drive
                             Chicago, Illinois 60601

For Costa & Thornburg:       PETER CHAPMAN, ESQ.
                             24 Perdicaris Place
                             Trenton, NJ 08618

For Unsecured Creditors:     Stroock & Stroock & Lavan LLP
                             By:  LEWIS KRUGER, ESQ.
                             180 Maiden Lane
                             New York, New York 10038



Audio Operator:              Janet Kozloski

Proceedings recorded by electronic sound recording, transcript
           produced by transcription service.
```

---

**J&J COURT TRANSCRIBERS, INC.**
268 Evergreen Avenue
Hamilton, New Jersey 08619
E-Mail: jjcourt@optonline.net

(609) 586-2311    Fax No. (609) 587-3599

1      Your Honor, under Section 1121 of the Code, the
2 debtor is to be given a meaningful opportunity to negotiate a
3 consensual plan. This meaningful opportunity is still there
4 and still needs to be there. This is not a case that can be
5 resolved in six months, it's a case with many moving parts,
6 more moving parts, frankly, than most of the other cases
7 pending in this court, and courts around the country.
8      There is certainly a better likelihood of an imminent
9 consensual plan coming from the debtor than with any other
10 entity at this point. The debtor has to take into account all
11 creditor constituency, not just the personal injury
12 constituency. We all understand that the personal injury
13 constituency believe it to be the largest and most significant
14 portion, until ZAI gets resolved, I guess we really won't know
15 that for sure. We are moving forward, it's very difficult to
16 come up with a complete agreement until we know what some of
17 the pieces will fall into place to be.
18      Your Honor, there is no alternative plan being
19 composed at this time. By the debtor keeping exclusivity,
20 we're not holding off a reasonable and viable alternative. On
21 balance, Your Honor, the best hope of getting a consensual plan
22 in this Chapter 11 case, is for the debtor to obtain
23 exclusivity so that the debtor can work with all creditor
24 constituencies, not favoring one over another, to put together
25 an appropriate and hopefully consensual plan.