IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

**Objection Deadline: June 28, 2005 at 4:00 p.m.**
**Hearing Date: July 18, 2005 at 12:00 p.m.**

## MOTION FOR THE ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO EXPEND PROPERTY OF THE ESTATES TO ESTABLISH AN ADDITIONAL MANUFACTURING FACILITY FOR THE DEBTORS' SPECIALTY BUILDING MATERIALS BUSINESS

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

hereby submit this motion (the "Motion") for the entry of an order authorizing the Debtors to

expend property of the estates to establish an additional manufacturing facility for the Debtor's

Specialty Building Materials business, for a total expenditure not to exceed $20 million.

In support of this Motion, the Debtors respectfully state as follows:

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

## Jurisdiction

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of this Motion is proper under 28 U.S.C. § 1408.

2.      The statutory predicates for this Motion are sections 105(a) and 363(b) of Title 11 of the United States Code (as amended, the "Bankruptcy Code") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## Background

3.      On April 2, 2001 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under chapter 11 of the Bankruptcy Code, commencing their respective chapter 11 cases (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for administrative purposes only, and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

4.      Specialty Building Materials ("SBM") is one of the Debtors' business units. At its 65th Street plant in Chicago, Illinois, it currently manufactures waterproofing membranes for all of the North American market, including (a) Grace Ice and Water Shield® roofing underlayments and Vycor® flashing tapes to protect residences from water damage, and (b) Bithuthene®, PrePrufe® and Procor® waterproofing products for commercial buildings. Sales of these products in 2004 exceeded $120 million.

5.      SBM's residential waterproofing sales have grown at an average annual rate of 10% since 2000 and are projected to grow at an average annual rate of 11% through 2009.

2

Demand for SBM waterproofing membranes is expected to exceed plant capacity in the third quarter of 2006, primarily due to the strong sales growth in its residential segment.

6.      SBM wishes to increase its manufacturing capacity to meet the projected demand. However, there is not sufficient space in the Chicago plant for the additional equipment required to increase manufacturing capacity.  Therefore, the Debtors wish to establish an additional manufacturing facility for the Specialty Building Materials business; and by this Motion, the Debtors are requesting the Court's permission to expend property of the Debtors' estates for this purpose.

7.      The Debtors estimate the incremental pretax operating income from the additional facility will exceed $50 million for the years 2006-2011, with a total net present value exceeding $30 million and an internal rate of return of at least 30%.

## The New Facility

8.      In order to avoid the risks associated with manufacturing at a single site, and to obtain improved coverage of the North American market, the new facility will be sited at a separate location.  The site has not yet been selected.  The decision as to siting will depend both on general geographical considerations and the nature, availability and cost of particular properties and facilities.

9.      The project will require the purchase or construction of a manufacturing facility on land either already owned by or purchased by the Debtors.

10.      The total capital expenditure for the project will not exceed $20 million.

3

11.    The additional facility will house the new waterproofing membrane production line and related equipment to be purchased as part of the project, which will meet the capacity needs of SBM's waterproofing membranes business as described above. The facility would also be available for manufacture of other SBM products.

12.    The additional facility will enable SBM to make sales that would otherwise be lost to competitors. Its additional capacity will also enable reduction in inventory levels through better matching of production to demand.

13.    The Debtors expect to schedule delivery of the equipment in January 2006 and that the facility will be fully operational by July 2006.

## Relief Requested

14.    The Debtors respectfully request that the Court enter an Order authorizing the Debtors to expend funds in an amount not to exceed $20 million to establish the additional manufacturing facility described above, including purchase of real estate, purchase and/or construction of buildings and improvements, and purchase of equipment, for the purpose and on substantially the terms and conditions described in this Motion.

## Basis for Relief

15.    Section 105(a) of the Bankruptcy Code "permits the court to issue any order that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. §105(a). Section 363(b) of the Bankruptcy Code provides, in relevant part, that "the trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." A court has the statutory authority to authorize a debtor to use property of the estate

4

pursuant to section 363(b)(1) of the Bankruptcy Code when such use is an exercise of the debtor's sound business judgment and when the use of the property is proposed in good faith. <u>In re Delaware & Hudson Ry. Co.</u>, 124 B.R. 169, 176 (D. Del. 1991); <u>In re Abbotts Dairies of Pennsylvania, Inc.</u>, 788 F.2d 143 (3d Cir. 1986); <u>In re Lionel Corp.</u>, 722 F.2d 1063, 1071 (2d Cir. 1983); <u>see also</u> <u>Fulton State Bank v. Schipper</u>, 933 F.2d 513, 515 (7th Cir. 1991) (a debtor's decision must be supported by "some articulated business justification"); <u>Stephen Indus., Inc. v. McClung</u>, 789 F.2d 386, 390 (6th Cir. 1986) (adopting the "sound business purpose" standard for sales proposed pursuant to section 363(b)); <u>In re Montgomery Ward Holding Corp.</u>, 242 B.R. 147, 153 (Bankr. D. Del. 1999); <u>In re Ernst Home Center, Inc.</u>, 209 B.R. 974, 979 (Bankr. W.D. Wash. 1997).

16.    Under section 363(b) of the Bankruptcy Code, a debtor must establish that it has a valid business purpose for using the estate's property outside the ordinary course of business. <u>See</u> <u>Lionel Corp.</u>, 722 F.2d at 1070-71. Once the debtor has articulated such a valid business purpose, however, a presumption arises that the debtor's decision was made on an informed basis, in good faith and in the honest belief that the action was in the debtor's best interest. <u>See</u> <u>In re Integrated Resources, Inc.</u>, 147 B.R. 650, 656 (S.D.N.Y. 1992); <u>Committee of Asbestos-Related Litigants and/or Creditors v. Johns-Manville Corp. (In re Johns-Manville Corp.)</u>, 60 B.R. 612, 615-16 (Bankr. S.D.N.Y. 1986) ("[T]he Code favors the continued operations of a business by a debtor and a presumption of reasonableness attaches to debtor's management decisions."). A party in interest seeking to challenge the debtor's valid business purpose must "produce some evidence supporting its objections." <u>Montgomery Ward</u>, 242 B.R. at 155.

17.    Courts have applied four factors in determining whether a sound business justification exists:  (i) whether a sound business reason exists for the proposed transaction;

5

(ii) whether fair and reasonable consideration is provided; (iii) whether the transaction has been proposed and negotiated in good faith; and (iv) whether adequate and reasonable notice is provided. See Lionel Corp., 722 F.2d at 1071 (setting forth the "sound business purpose" test); Abbotts Dairies, 788 F.2d at 145-47 (implicitly adopting the articulated business justification test of the Lionel standard and adding the "good faith" requirement); Delaware & Hudson Ry. Co., 124 B.R. at 176 (adopting Lionel in this district). The expenditure of the funds as outlined herein meets each of these requirements.

18.    *Sound Business Reasons.* Given the expansion of sales in the SBM waterproofing business, driven by high growth in the residential segment, and the attractive estimated returns on the proposed investment, it makes good business sense to expand the manufacturing capacity of the business to meet estimated demand and to maintain competitiveness in the market segment.

19.    Establishing the new facility at a separate location for risk management and better national supply coverage likewise makes good business sense.

20.    *Fair and Reasonable Consideration.*  The proposed cost of up to $20 million is economically attractive to the Debtors. The Debtors estimate the incremental pretax operating income from the project will exceed $50 million for the years 2006-2011, with a total net present value exceeding $30 million and an internal rate of return of at least 30%.

21.    *Good Faith.*  The Debtors have conducted the preliminary negotiations for purchase of the equipment, and will conduct all subsequent negotiations at arm's-length and in good-faith. As outlined above, the Debtors believe that the terms of the proposed transaction are fair to the Debtors.

6

22.    *Adequate and Sufficient Notice.*  In satisfaction of the requirements of Rule 2002 of the Bankruptcy Rules, the Debtors intend to serve copies of this Motion in accordance with the process described in the "Notice" section below.  In addition, the Debtors have already provided the creditors committees in these cases with more detailed information respecting the proposed transaction.

23.    *Conclusion.*  In light of the foregoing, the Debtors have determined in their business judgment that the establishing of the additional waterproofing membrane manufacturing facility is fair and reasonable.  The Debtors believe that the proposed transaction is in the best interest of their estates, and satisfies the "sound business judgment" test for the use of assets outside the ordinary course of business under Section 363(b) of the Bankruptcy Code.

## Notice

24.    Notice of this Motion has been given to:  (i) the United States Trustee, (ii) counsel to the DIP lender, (iii) counsel to all official committees appointed by the United States Trustee, and (iv) all those parties that requested service and notice of papers in accordance with Fed. R. Bankr. P. 2002.  In light of the nature of the requested relief, the Debtors submit that no further notice is required.

7

WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form attached hereto, (i) authorizing the Debtors to expend property of the estates in amount not to exceed $20 million to establish an additional manufacturing facility for the Debtors' Specialty Building Materials business, including purchase of real estate, purchase and/or construction of buildings and improvements, and purchase of the necessary equipment, on substantially the terms and conditions described in this Motion; and (ii) granting such other relief as the Court deems just and proper.

Dated:  June 13, 2005

Respectfully submitted,

KIRKLAND & ELLIS LLP
James H.M. Sprayregen, P.C.
Janet S. Baer
Lori Sinanyan
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

and

PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.

Laura Davis Jones (Bar No. 2436)
David W. Carickhoff, Jr. (Bar No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400

Co-Counsel for the Debtors and Debtors in Possession

8