IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No: 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Re: Docket No. _____ and** |
| | | **7/18/05 Agenda Item No ___** |

**ORDER FOR THE ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO
EXPEND PROPERTY OF THE ESTATES TO ESTABLISH AN ADDITIONAL
MANUFACTURING FACILITY FOR THE DEBTORS'
SPECIALTY BUILDING MATERIALS BUSINESS**

This matter coming before the Court on the Debtors' Motion for the Entry of an Order

Authorizing the Debtors to Expend Property of the Estates to Establish an Additional

Manufacturing Facility for the Debtors' Specialty Building Materials Business[2] (the "Motion");

the Court having reviewed and considered the Motion; the Court finding that: (i) the Court has

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) this is a core proceeding

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

pursuant to 28 U.S.C. § 157(b)(2), the relief requested therein is in the best interest of the Debtors and their estates, (iii) the relief requested is proper under 28 U.S.C. §§ 105(a) and 363(b); and (iv) no further notice or hearing on the Motion being required; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

**IT IS HEREBY ORDERED THAT:**

1.    The Motion is granted.

2.    The Debtors are authorized to expend property of the estates in an amount of up to $20 million to establish an additional manufacturing facility for the Debtors' Specialty Building Materials business, including purchase of real estate, purchase and/or construction of buildings and improvements, and purchase of the necessary equipment.

3.    The Debtors are authorized to take any additional reasonable actions that are necessary to consummate the transactions contemplated by the Motion.

4.    The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order.

5.    This Order is final and effective immediately upon its entry.

Dated: July ___, 2005

_____
The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

2