IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | Related Docket No(s): 8077 |

**ORDER PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014(a) FOR ENTRY OF AN ORDER UNDER SECTIONS 328(a) AND 1103(a) OF THE BANKRUPTCY CODE, AUTHORIZING THE EMPLOYMENT AND RETENTION OF ANDERSON KILL & OLICK, P.C. AS SPECIAL INSURANCE COVERAGE COUNSEL TO THE OFFICIAL PI COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS**

**AND NOW** this 14th day of June, 2005 upon consideration of the application ("Application") of the Official Committee of Asbestos Personal Injury Claimants ("PI Committee") in the above-captioned Chapter 11 cases, for entry of an order authorizing the PI Committee to employ and retain Anderson Kill & Olick, P.C. ("Anderson Kill") as special insurance coverage counsel to the PI Committee, and upon the Affidavit of Robert M. Horkovich ("Horkovich Affidavit"), and the Court being satisfied, based on the representations made in the Horkovich Affidavit that:

Anderson Kill represents no interest adverse to the Debtors' estates with respect to the matters upon which Anderson Kill is to be engaged, Anderson Kill is a "disinterested person" as that term is defined under §104(14) of Title 11 of the United States Code (as amended, the "Bankruptcy Code"), and that the employment of Anderson Kill is necessary and it would be in the best interest of the Debtors, their creditors and the Debtors' estates that Anderson Kill be appointed, and after due deliberation and sufficient cause appearing therefore, it is:

{D0044345:1 }

**ORDERED** that the Application is granted, *nunc pro tunc* to March 17, 2005; and it is further

**ORDERED** that the PI Committee is authorized to employ and retain Anderson Kill as its special insurance coverage counsel to familiarize themselves with the Debtors' remaining insurance coverage available for the payment of asbestos claims, and for reviewing proposed insurance settlements and/or any litigation pursued by a party regarding potential asbestos insurance coverage; and it is further

ORDERED that Anderson Kill will, upon request, share its work product with the Future Claimants' Representative and the Asbestos Property Damage Committee, so long as a conflict does not exist with those parties; and it is further

ORDERED that Anderson Kill will make an effort to confer with the Debtors' insurance counsel so as not to duplicate work; and it is further

**ORDERED** that Anderson Kill will be compensated in accordance with the terms stated in the Application, subject to the procedures set forth in the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, and Orders of this Court.

*Judith K. Fitzgerald*
UNITED STATES BANKRUPTCY JUDGE