IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) ) ) | Chapter 11 |
|  |  | Case No. 01-01139 (JKF) |
| W. R. GRACE & CO., et al., | ) ) | (Jointly Administered) |
| Debtors. | ) ) | **Docket No.: 8578** |
| _____ | ) ) ) | **Hearing Date: June 27, 2005** |

**RESPONSE OF BILZIN SUMBERG BAENA PRICE & AXELROD LLP TO FEE AUDITOR'S FINAL REPORT FOR THE FIFTEENTH INTERIM PERIOD**

Bilzin Sumberg Baena Price & Axelrod LLP ("Bilzin"), counsel to the Official Committee of Asbestos Property Damage Claimants (the "PD Committee") hereby files this response (the "Response") to Fee Auditor's Final Report for the Fifteenth Period (the "Final Report"). In support hereof, Bilzin states:

**Preliminary Statement**

In the Final Report, Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor (the "Fee Auditor"), recommends a reduction of $4,804 in fees from Bilzin's Interim Fee Application for the Fifteenth Period (the "Fee Application"), based upon arbitrary determinations that certain time and expense entries should not be compensable by the above-captioned debtors' (the "Debtors") estates. To the contrary, as explained below, each of the time and expense entries at issue are properly compensable by the Debtors.[1]

---

[1] In its response to the Fee Auditor's initial report, Bilzin agreed that $116 of fees at issue should be reduced from the Bilzin's request for the period covered by the Fee Application. In addition, Bilzin does not object to the recommended reduction of $464 set forth in paragraph 4 of the Initial Report.

**Background**

1.  On April 2, 2001, each of the Debtors filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to operate their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2.  On April 12, 2001, the Office of the United States Trustee appointed the PD Committee, the Official Committee of Asbestos Personal Injury Claimants and the Official Committee of Unsecured Creditors. On June 18, 2001, the UST appointed the Official Committee of Equity Security Holders. On May 24, 2004, the Court appointed Mr. David T. Austern as the representative of future claimants.

3.  On or about June 8, 2005, the Fee Auditor filed the Final Report.

**Response**

4.  In paragraph 3 of the Final Report, the Fee Auditor recommends a $4,224 reduction of fees for entries that the Fee Auditor incorrectly characterizes as "ministerial work" and, therefore, contends are not properly compensable. See Final Report, ¶3.

5.  The Fee Auditor's recommendation with respect to the entries set forth in paragraph 3 of the Final Report should not be followed due to the fact that services included in the entries at issue (a) were not "ministerial work"; (b) required specialized knowledge and training applicable to this case; and (c) were performed by professionals with appropriate billing rates.

6.  The time entries at issue relate to an ongoing project that was established specifically for this case that are performed by "project assistants." As this Court well knows, there is an extraordinary amount of pleadings and other documentation that is generated by this

case. As a result, Bilzin established a protocol to efficiently amalgamate, organize and track the materials generated in this case. This project is handled by project assistants who have been educated about the primary areas that affect the PD Committee in order to expedite their review of the relevant dockets and discern the applicable pleadings and other documentation that should be retrieved for the attorneys working on the matter. Bilzin has appropriately assigned this task to project assistants who have lowest billing rates of paraprofessionals within its firm.

7. Accordingly, Bilzin submits that the Fee Auditor's recommendation to reduce the fees requested in the Fee Application by $4,224 related to work that was incorrectly characterized as "ministerial" should not be followed, and all amounts requested in the Fee Application other than agreed to reductions should be allowed.

[the remainder of this page intentionally blank]

**WHEREFORE**, Bilzin respectfully requests that the Court hear and consider this Response, deny the recommendations of the Fee Auditor that were not otherwise agreed to, and for such other relief that the Court deems appropriate.

Wilmington, Delaware
Dated: June 17, 2005

                                              Respectfully submitted,

                                              BILZIN SUMBERG BAENA
                                                 PRICE & AXELROD LLP

                                              /s/ Jay M. Sakalo
                                              Scott L. Baena (Admitted Pro Hac Vice)
                                              Jay M. Sakalo (Admitted Pro Hac Vice)
                                              200 South Biscayne Boulevard
                                              Suite 2500
                                              Miami, Florida  33131-2336
                                              Telephone:  (305) 374-7580

                                              COUNSEL FOR THE OFFICIAL
                                              COMMITTEE OF ASBESTOS PROPERTY
                                              DAMAGE CLAIMANTS