IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al. | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**Hearing Date: August 29, 2005, 12:00 PM ET**
**Objection Deadline: July 28, 2005**

## DEBTORS' TWELFTH OMNIBUS OBJECTION TO CERTAIN CLAIMS FILED BY THE LAW FIRM OF SPEIGHTS & RUNYAN (NON-SUBSTANTIVE)

The Debtors hereby object to certain claims that were filed by the law firm of Speights & Runyan ("S&R") against the Debtors' estates and request these claims be disallowed. On information and belief, S&R did not have prior-authorization to file any of the claims listed on Exhibit A (collectively, the "Unauthorized Claims," which are attached as Exhibits B - K). The Unauthorized Claims were purportedly filed (i) on behalf of claimants not on S&R's 2019 Statement, (ii) on behalf of "buildings" or "jobs," or (iii) on behalf of claimants that appear on S&R's 2019 statement, but for which S&R has failed to assert a valid basis for representation in these bankruptcy cases.

The Unauthorized Claims which are the subject of this objection are but a tiny sample of the type of claim S&R filed in this case. On information and belief, S&R filed hundreds of similarly unauthorized claims against the Debtors; these will be the subject of Omnibus Objections to be filed by the Debtors shortly. Further, this is not the first Chapter 11 case where S&R has filed hundreds of unauthorized bankruptcy claims. In fact, S&R has a pattern and practice of filing these sort of claims in other bankruptcy cases. See for example, *Order Approving Stipulation Withdrawing (i) Certain Claims Filed by the Law Firm of Speights &*

*Runyan and (ii) the Debtors' Procedural Objections to Certain Other Claims Filed by Speights & Runyan* (a copy of which is attached as Exhibit L).

Accordingly, the Debtors object to each of the Unauthorized Claims on the basis that they were unlawfully filed, and the Debtors seek the entry of an order immediately disallowing each of the Unauthorized Claims (a proposed order is attached as Exhibit M).

### Jurisdiction

1. This Court has jurisdiction over this matter under 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A) and (O).

2. The statutory bases for the relief requested herein are 11 U.S.C. §§ 105(a), 501, and 502.

### Facts and Background

3. On April 2, 2001 (the "Petition Date"), each of the Debtors in these chapter 11 cases filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") commencing their respective chapter 11 cases (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases have been consolidated pursuant to sections 1107(a) and 1108 of the Bankruptcy Code for administrative purposes only, and the Debtors continue to operate their businesses and manage their properties as debtors in possession.

4. By an order dated April 25, 2002 (the "Bar Date Order"), this Court set March 31, 2003 as the last date for filing proofs of claim for all claims relating to asbestos property-damage, non-asbestos claims (including all governmental claims), and medical monitoring claims.

2

5. In response to the Bar Date Order, S&R filed 2,939 asbestos property-damage proofs of claim, which includes the Unauthorized Claims listed on Exhibit A and hundreds of similarly unauthorized claims. The Debtors have reason to believe that each of the unauthorized claims was filed on behalf of parties that S&R does not represent.

### Requested Relief

6. The Debtors seek the entry of an order, under 11 U.S.C. §§ 105(a), 501, and 502, that (i) disallows each of the Unauthorized Claims and (ii) grants the Debtors any other relief that the Court deems just and proper.

### The Non-Substantive Objections

(a) **Claims on Behalf of Parties that do not Appear on S&R's Verified 2019 Statement**

7. Claim Nos. 6736 ("McCormick Place"), 6734 ("Northwest Community Hospital"), 6726 ("Harvard Public Health (Harv Vanguard Med. Asso"), 6721 ("Maryland Casualty Co."), and 6701 ("Pilot Life Insurance Company") were filed by S&R, yet each identify claimants that are not listed on the verified 2019 statement that S&R filed in these bankruptcy cases. S&R does not even purport to represent these claimants.

(b) **Claims on Behalf of "Buildings" and "Jobs"**

8. Claim Nos. 6661 ("American Medical Association Building"), Claim No. 6672 ("Employers' Mutual Job"), Claim No 11591 ("Laborer's 310 Office Building) as well as Claim Nos. 6736 ("McCormick Place") also discussed above, should be disallowed because they each list either a "building" or a "job" as the respective claimant. "Buildings" and "jobs" are not legal entities and, therefore, are not capable of being a creditor that could have filed a claim against the Debtors' estates.

3

9.  Federal Rule of Bankruptcy Procedure ("F.R.P.B.") 3001 provides that a proof of claim, "shall be executed by the creditor or the creditor's authorized agent." F.R.P.B. 3001. Therefore, a "building" or a "job" could only file a proof of claim if it was capable of being a "creditor." "Buildings" and "jobs," however, are not capable of being creditors. The Bankruptcy Code defines "creditor" as "an entity that has a claim against the debtor." 11 U.S.C. § 101(10). "Entity," in turn, is defined by the Bankruptcy Code to include any "person, estate, trust, governmental unit, and United States Trustee" 11 U.S.C. § 101(15). The definition of "person" "includes [an] individual, partnership, and corporation..." 11 U.S.C. (41). There is nothing in these definitions that allows for an unincorporated building or a job to be a "creditor."

(c)  **Claims Where S&R has Failed to Assert a Valid Basis for Representation**

10.  For Claim Nos. 6630 ("The Greater Fort Wayne Chamber of Commerce"), 10873 ("Byars Machine Company"), 11591 ("Laborer's 310 Union Office Building"), 6661 ("American Medical Association Building"), and 6672 ("Employer's Mutual Job"), S&R does identify the associated claimants on S&R's 2019 statement. However, S&R's only basis for representing the claimants is either (i) an exemplar "building questionnaire" (Claim No. 6630) or (ii) the complaint or orders in a purported class-action lawsuit (Anderson Memorial) that was pending in South Carolina at the time the Debtors filed for bankruptcy (Claim Nos. 10873, 11591, 6661, and 6672). None of these bases provides S&R with authorization for filing a proof of claim on behalf of the respective claimants. Therefore, S&R lacked the authority to file Claim Nos. 6630, 10873, 11591, 6661, and 6672, and they should each be disallowed.

(d)  **The Debtors Have Provided S&R with Ample Opportunity to Withdraw the Unauthorized Claims, as Well as Several Hundred Similar Claims**

11.     As outlined above, S&R filed hundreds of claims against the Debtors that fall into the same and similar patterns as the claims addressed in this Nonsubstantive Objection. The Debtors will be filing subsequent nonsubstantive objections to each of those claims.

12.     The Debtors have provided S&R with ample opportunities to withdraw the Unauthorized Claims (and S&R's other unauthorized claims). S&R, however, has ignored each of the Debtors requests. *First*, On February 18, 2005, Richard Finke, an attorney with the Debtors, sent Daniel Speights an email (attached as Exhibit N), which asked Mr. Speights to withdraw two claims filed on behalf of parties that are represented by other counsel who also filed PD Claims, including the Building Laborers Local 310's claim, which is one of the Unauthorized Claims included in this Nonsubstantive Objection. *Second*, on February 24, 2005, Richard Finke sent Mr. Speights an email (attached as Exhibit O), which asked Mr. Speights to withdraw (or, in the alternative, supplement) 168 specified claims that were not included in S&R's 2019 statement. *Third*, on March 7, 2005, Richard Finke sent Mr. Speights an email (attached as Exhibit P) asking Speights to withdraw 374 claims that S&R filed on behalf of buildings, jobs or customers (or which lacked street addresses). Mr. Speights never responded to any of these communications. *Finally*, on May 27, 2005, John Donley, an attorney with the Debtors' bankruptcy counsel, Kirkland & Ellis LLP, sent Mr. Speights a letter, which asked Mr. Speights to explain why many of his claims were filed on behalf of (i) parties that do not appear on S&R's 2019 statement or (ii) "buildings" or "jobs." (a copy of the letter is attached as Exhibit Q). Mr. Speights responded by sending a letter, which stated that he would have someone look into the matter, and would respond to Kirkland & Ellis LLP by June 10, 2005. To date, Mr. Speights has not responded.

13. Further, on information and belief, this is not the first time that S&R has filed hundreds of unauthorized claims in an asbestos-related bankruptcy case. For example, in Federal Mogul's bankruptcy, S&R engaged in similar conduct. The debtors objected to the claims, and the matter was ultimately resolved through an agreed stipulation, whereby S&R withdrew 1,687 of its claims. See Exhibit L.

### Reservation

14. Since the basis for this objection is nonsubstantive, the Debtors hereby reserve all of their pre-existing rights to raise substantive objections to the Unauthorized Claims, as well as any additional non-substantive objections, at a later time. Separate notice and hearing will be scheduled for any such objection(s).

15. Further, the Debtors reserve their right to amend, modify, and/or supplement this Nonsubstantive Objection.

16. The Debtors also reserve their rights to assert any additional rights of action against S&R with respect to the Unauthorized Claims.

17. Notwithstanding anything contained in this Nonsubstantive Objection or the attached exhibits, nothing herein shall be construed as a waiver of any rights that the Debtors may have (a) to bring avoidance actions under the applicable sections of the Bankruptcy Code with respect to the Unauthorized Claims; or (b) to exercise their rights of setoff relating to any such avoidance actions.

::ODMA\PCDOCS\DOCS_LA\141412\1
DOCS_LA:141412.1

### Notice

18. The Debtors have served a copy of this Objection (with all exhibits) on (i) the Office of the United States Trustee, (ii) S&R, (iii) the purported claimants under the Unauthorized Claims; and (iv) each of the official committees that have been appointed in these cases.

19. The Debtors submit that notice of this Objection is sufficient under Federal Rule of Bankruptcy Procedure 3007 and that no further notice is necessary.

### No Previous Request

20. No previous request for the specific relief set forth herein has been made to this or any other court.

### Compliance With Rule 3007-1

21. This Nonsubstantive Objection, and related exhibits attached hereto, complies with Rule 3007-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, ("Local Rule 3007-1"), except as otherwise permitted by this court's waiving the Debtors' compliance with Local Rule 3007-1 in limited circumstances.

[Remainder of This Page Intentionally Left Blank]

WHEREFORE, the Debtors respectfully request that the Court enter an order disallowing each of the Unauthorized Claims.

Wilmington, Delaware

Dated: June 17, 2005

        KIRKLAND & ELLIS LLP
        David M. Bernick, P.C.
        Michelle Browdy
        Janet S. Baer
        Samuel L. Blatnick
        200 East Randolph Drive
        Chicago, IL 60601
        (312) 861-2000

        and

        PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB, P.C.

        *Scotta McFarland*

        Laura Davis Jones (Bar No. 2436)
        David W. Carickhoff, Jr. (Bar No. 3715)
        Scotta E. McFarland (Bar No. 4184)
        919 North Market Street, 16th Floor
        P.O. Box 8705
        Wilmington, DE 19899-8705 (Courier 19801)
        (302) 652-4100

        Co-Counsel for Debtors and Debtors in Possession