IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>W.R. GRACE & Co., et al.,<br><br>Debtors. | Chapter 11<br><br>Case No.: 01-1139(JFK)<br>(Jointly Administered)<br><br>**Objection Deadline: June 24, 2005 at: 4:00 p.m.**<br>**Hearing Date: July 18, 2005 at 12:00 p.m.** |

## RESPONSE OF BERRY & BERRY TO DEBTORS' ELEVENTH OMNIBUS OBJECTION TO CLAIMS (NON-ASBESTOS GATEWAY)

Claimant Berry & Berry ("Berry & Berry") hereby respectfully submits its Response of Berry& Berry to debtors' Eleventh Omnibus Objection to Claims (Non-Asbestos Gateway) (the "Claim Objection"), and respectfully represents as follows:

## BACKGROUND

1. Berry & Berry has filed herein its proof of claim in Case Number 01-01135, denominated as Claim #1325. The claim was filed on July 15, 2002, and states a general unsecured claim in the total amount of $233,640.00[1].

2. On or about May 18, 2005, the Debtors filed and served their Notice of Filing Debtors' Eleventh Omnibus Objection to Claims (Non-Asbestos Gateway) asserting, generally, an objection to the claim of Berry & Berry on the basis of "insufficient documentation."

3. Berry & Berry obtained an extension of time until June 24, 2005, within which to file its response to the Claim Objection. The Debtors represented to Berry & Berry that the hearing on the Claim Objection would be continued to July 18, 2005.

---

[1] Berry & Berry requests that the Court take judicial notice of the claim which has previously been filed in these proceedings.

DE_DOCS_A #5066 v1

**RESPONSE OF CLAIMANT BERRY & BERRY**

4. The basis for Debtors' objection to the claim of Berry & Berry is that the claim contained "materially insufficient supporting information" such that the Debtors lacked sufficient information to validate such claims.

5. The claim of Berry & Berry against the Debtors arises from the performance by the claimant of professional legal services to or for the benefit of the Debtors in connection with asbestos related defense cases.

6. Since approximately 1986 and continuing to the current time Berry & Berry has served as Designated Defense Counsel under appointments of the Superior Courts of both San Francisco and Alameda counties, California. In its role as Designated Defense Counsel it acts under general orders to provide services re medical discovery in asbestos-related cases on behalf of all defendants. At any given time, and during the period of the invoicing to W.R. Grace, this includes services for literally hundreds of defendants in literally hundreds of cases which have been filed at the rate of about fifty per month.

7. Under the applicable General Orders and in its role as Designated Defense Counsel, Berry & Berry bills all defendants for certain functions which are designated by the court as mandatory and also for those that are optional, at the discretion of given defendants. Optional services are shared pro rata amongst participating defendants, not all of which join each optional procedure at the same time. This requires constant re-allocation of costs and fees over time as defendants join or drop out of a given procedure. Such procedures include medical reviews related to pulmonary, radiology, oncology, epidemiology and reviews related to other disciplines. Under the court order all costs of such reviews are advanced by Berry & Berry and then rebilled to the various participating defendants.

8. In support of its claim against this estate in the amount of $233,540.00, Berry & Berry attaches hereto, marked as **Exhibit A**, and incorporates herein by this reference an accounting summary of the charges which comprise and support the total claim of this claimant. Berry &

Berry represents that there are no fewer than fourteen (14) boxes of supporting documentation, including literally thousands of individual invoices. This comprises all of the individual invoices which document and validate its claim herein, which documentation can and will be made available to Debtors at their request.

9. Berry & Berry requests that the hearing date set for the Claim Objection serve as a status conference. Counsel for the parties will likely be able to resolve a number of outstanding issues between the filing of this Response and the first hearing on the Claim Objection. Setting the first hearing as a status conference will allow the parties to assess the Claim Objection, and this Response, reach agreement on those issues which may be resolved and those which cannot, determine whether any discovery may be necessary, and estimate how much of the Court's time will be needed (if any) to adjudicate the Claim Objection.

## **CONCLUSION**

Based upon the foregoing, Berry & Berry respectfully requests that the Court enter an Order:

    a.    Denying the Claim Objection and except as provided herein;

    b.    In the alternative, setting a hearing date to serve as the status conference as to the Claim Objection; and

    c.    For such other and further relief as the Court deems just and proper.

Dated: June 24, 2005.
Wilmington, Delaware

Respectfully submitted,

BALLARD SPAHR ANDREWS & INGERSOLL, LLP

By: /s/ William M. Kelleher
William M. Kelleher, Esquire (No. 3961)
919 Market Street, 12th Floor
Wilmington, DE 19801
Phone: (302) 252-4465
Facsimile: (302) 252-4466
E-mail: kelleherw@ballardspahr.com

-and-

FITZGERALD ABBOTT & BEARDSLEY LLP

Stephen M. Judson, Esquire
1221 Broadway, 21st Floor
Oakland, CA 94612
Phone: (510) 451-3300
Facsimile: (510) 4511527
E-mail: sjudson@fablaw.com

Counsel for Berry & Berry