IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JJF) |
| | ) | (Jointly Administered) |
| | ) | *Re: Agenda #9* |
| Debtors. | ) | *Re: Docket # 5525* |

## STIPULATION AND ORDER RESOLVING CLAIM NO. 203 OF SPAULDING AND SLYE CONSTRUCTION LIMITED PARTNERSHIP

This Stipulation is entered into this sixth day of June, 2005, between W.R. Grace & Co.

and its affiliates (collectively, the "Debtors") and Spaulding and Slye Construction Limited

Partnership ("Claimant").

**WHEREAS**, on April 2, 2001 (the "Petition Date"), the Debtors commenced their

respective reorganizations by filing voluntary petitions for relief under chapter 11 of the

Bankruptcy Code.

---

1    The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

**WHEREAS**, this Court issued its Bar Date Order on April 22, 2002, which established March 31, 2003 as the Bar Date for the filing of certain pre-petition (a) non-asbestos, (b) asbestos property damage and (c) medical monitoring claims.

**WHEREAS,** on or about June 27, 2001, the Claimant filed a proof of claim in the amount of $1,403,017 (plus accrued interest) (hereinafter, "Claim No. 203"). The Claimant asserted that the basis of Claim No. 203 was amounts due for services allegedly performed by the Claimant in regards to a construction project involving the renovation of a laboratory and office facility.

**WHEREAS,** in the Debtors' Fourth Omnibus Objection to Claims (Substantive) (the "Fourth Omnibus Objection"), filed on or about May 5, 2004, the Debtors objected to Claim No. 203.

**WHEREAS,** on or about June 3, 2004, the Claimant filed a response to the Fourth Omnibus Objection asserting that Claim No. 203 should not be reduced but that it should be allowed in full with interest.

**NOW, THEREFORE,** for good and valuable consideration, the parties hereby stipulate and agree as follows:

1.    Claim No. 203 shall be allowed as a general unsecured non-priority claim in the total amount of $1,250,000, and will be paid after confirmation of and pursuant to the terms of the Debtors' anticipated Chapter 11 Plan or Plans.

2.    Notwithstanding the terms of the ultimate Chapter 11 Plan or Plans that may be confirmed by the Court, the Claimant will not be entitled, under any circumstances, to any further interest payment on Claim No. 203, including any interest that may otherwise accrue on

2

Claim No. 203 until its payment pursuant to the terms of the Debtors' Chapter 11 Plan or Plans for which the Claimant may otherwise be entitled to under the Chapter 11 Plan or Plans.

3.      Each party executing this Stipulation represents that such party has the full authority and legal power to do so. This Stipulation may be executed in counterparts and each such counterpart together with the others shall constitute one and the same instrument. The parties further agree that facsimile signatures hereon shall be deemed to be original signatures. This Stipulation shall be binding upon and inure to the benefit of each of the parties, and upon their respective assignees, successors and/or partners.

4.      The obligations of this Stipulation become effective upon its approval and entry by the Court.

5.      Upon the Stipulation becoming effective (as described in the previous paragraph), the Debtors shall direct the Claims Agent, Rust Consulting, Inc., to mark the Claims Register to reflect that Claim shall be allowed as outlined herein.

6.      The Claimant agrees that it is forever barred, estopped, and enjoined from asserting any additional pre-petition claims against the Debtors.

7.    The parties shall take whatever additional action, if any, is necessary to make sure that the Claimant's Claim is treated as outlined herein.

**STIPULATED AND AGREED:**

**SPAULDING AND SLYE**
**CONSTRUCTION LIMITED**
**PARTNERSHIP**

By: _____
John S. Konopka
Executive Vice President

**W. R. GRACE & CO., et al.**

By: _____
Robert F. Jenkins
Vice President of Operations
Grace Performance Chemicals

SO ORDERED:

_____  6/27/05
Honorable Judith K. Fitzgerald
U.S. Bankruptcy Judge

4