IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| W. R. GRACE & CO., et al.;[1] ) | Case No. 01-01139 (JKF) |
| ) | (Jointly Administered) |
| Debtors. ) | |
| | Re: Docket No. 8466 and 6/27/05 Agenda Item No. 14 |

## ORDER GRANTING THE RELIEF SOUGHT IN DEBTORS' ELEVENTH OMNIBUS OBJECTION TO CLAIMS (NON-ASBESTOS GATEWAY)

Upon consideration of the Eleventh Omnibus Objection[2] of the above captioned debtors and debtors in possession (the "Debtors"), seeking entry of an order expunging, reducing, reclassifying and disallowing certain Claims; and no previous application having been made; and upon consideration of the Non-Asbestos Gateway Omnibus Objection and all responses thereto; and due and proper notice of the Non-Asbestos Gateway Omnibus Objection having been given, it is hereby

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms used but not defined herein are as defined in the Debtors' Non-Asbestos Gateway Omnibus Objection.

ORDERED that, except as hereinafter stated, the relief sought in the Non-Asbestos Gateway Omnibus Objection is granted to the extent not inconsistent with the language herein and with the Exhibits attached hereto;[3] and it is further

ORDERED that the Objection to each Claim listed on <u>Exhibit A</u> to this Order is continued to the July 18 omnibus hearing; and it is further

ORDERED that the Objection to each of the Materially Insufficient Supporting Information Claims or No Supporting Information Claims listed on <u>Exhibit B</u> to this Order is sustained, and each of the Materially Insufficient Supporting Information or No Supporting Information Claims is disallowed and expunged for all purposes; and it is further

ORDERED that Claim No. 272 filed by Matthews Electric Supply Co. is allowed as a general unsecured non-priority claim in the amount of $866.25 pursuant to stipulation, which is attached hereto and incorporated herein as <u>Exhibit C</u>; and it is further

ORDERED that pursuant to Fed.R.Bankr.P. 3006 and the Notice of Withdrawal of Claim No. 5302 filed by the Texas Commission on Environmental Quality (the "TCEQ"), the claim listed on <u>Exhibit D</u>, Claim No. 5302 of the TCEQ, is hereby withdrawn; and it is further

ORDERED that the Objection to the Claim listed on <u>Exhibit E</u> to this Order, Claim No. 1914, is withdrawn without prejudice and the Debtors retain the right to object to Claim No. 1914 on any grounds in the future upon proper notice and consistent with applicable law; and it is further

---

[3] To the extent that any claim that is the subject of the Non-Asbestos Gateway Omnibus Objection has been or is otherwise addressed by an approved stipulation between the Debtors and the claimant, that stipulation shall control the disposition of that claim.

2

ORDERED that Claim No. 777 which was filed by Agilent Technologies and transferred to Sierra Capital (and listed on <u>Exhibit F</u> attached to this Order) is allowed as a general unsecured non-priority claim in the amount of $562.00; and it is further

ORDERED that except as provided for herein and consistent with applicable local rules and Bankruptcy Rules, the rights of the Debtors to object to any claim listed on any exhibit to this Order for any reason are expressly preserved; and it is further

ORDERED that, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, made applicable in the contested matter by Rules 7054 and 9014 of the Federal Rules of Bankruptcy Procedure, the Court hereby directs entry of a final judgment with respect to the claims objections as to which relief is entered by this Order, the Court having determined that there is no just reason for delay in the entry of judgment on these matters; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: __6/27__, 2005

_____
Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

3