IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>W.R. GRACE & CO., et al.,<br><br>Debtors. | Chapter 11<br>Case Nos. 01-1139 (JKF)<br>(Jointly Administered) |
| OFFICIAL COMMITTEE OF ASBESTOS<br>PERSONAL INJURY CLAIMANTS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SEALED AIR CORPORATION and<br>CRYOVAC, INC.,<br><br>Defendants. | Adversary Proceeding No.<br>02-2210<br>[Lead Docket] |
| OFFICIAL COMMITTEE OF ASBESTOS<br>PERSONAL INJURY CLAIMANTS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FRESENIUS MEDICAL CARE<br>HOLDINGS, INC. and<br>NATIONAL MEDICAL CARE, INC.,<br><br>Defendants. | Adversary Proceeding No.<br>02-2211<br><br>This Document Pertains to<br>Adversary Proceeding No. 02-2210 |

**ORDER APPROVING, AUTHORIZING, AND IMPLEMENTING
SETTLEMENT AGREEMENT BY AND AMONG THE PLAINTIFFS,
SEALED AIR CORPORATION AND CRYOVAC, INC.**

This matter having come before the Court pursuant to the January 13, 2005, order of referral from the District Court, and on the renewed joint motion, dated April 1, 2005 (the "Motion"), of the Official Committee of Asbestos Property Damage Claimants (the "Property Damage Committee") and the Official Committee of Asbestos Personal Injury

Claimants (the "Personal Injury Committee") (collectively, the "Plaintiffs") of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), Sealed Air Corporation ("SAC") and Cryovac, Inc. ("Cryovac," and together with SAC, the "SAC Defendants"), for an order under 11 U.S.C. § 105 and Fed. R. Bankr. P. 9019 (the "Order"), approving, authorizing, and implementing the Settlement Agreement and Release, dated November 10, 2003, by and among the Plaintiffs and the SAC Defendants (the "Settlement Agreement"), a copy of which is annexed to the Motion as Exhibit A, in connection with the above-captioned adversary proceeding commenced by the Plaintiffs on behalf of the Debtors' estates against the SAC Defendants (the "SAC Action"); and the Court having considered the Motion, the files and records in these cases, the pleadings filed in connection with the Motion and the arguments, objections and evidence offered at the hearing on the Motion; and after due deliberation thereon; and good and sufficient cause appearing therefore, the Court hereby

FINDS AND DETERMINES AS FOLLOWS:[1]

A. This Court has jurisdiction to hear and determine the Motion and to grant the relief requested therein pursuant to 28 U.S.C. § 1334(a). The SAC Action and Motion give rise to a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (H) and (O).

B. Venue of these cases, the SAC Action and the Motion is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409(a).

---

[1] The following shall constitute the Court's findings of fact and conclusions of law as required by Bankruptcy Rule 7052(a). To the extent that findings of fact contain conclusions of law, such findings shall constitute conclusions of law. To the extent that conclusions of law contain findings of fact, such conclusions shall constitute findings of fact.

C. The predicates for the relief granted by this Order are Bankruptcy Code § 105(a) and Bankruptcy Rule 9019(a).

D. Due, proper and sufficient notice of the Motion and the Hearing was given pursuant to Bankruptcy Rules 2002(a)(3) as modified by the Court for cause shown, and 9019(a).

E. The result obtained on behalf of these bankruptcy estates in the Settlement Agreement falls comfortably within the reasonable range of litigation possibilities in the SAC Action.

F. At best, the likely outcome of the SAC Action is uncertain. The Plaintiffs candidly admit to this Court that litigation risks abound, including, without limitation, acknowledgment that proof of the Debtors' alleged insolvency and the applicable standards to be applied to this issue in the Third Circuit are challenging issues and it is impossible to predict how the District Court would resolve the SAC Defendants' Motion to Vacate Standards Opinion.

G. The SAC Action indisputably involves complex legal and factual issues.

H. Prosecuting the SAC Action would create substantial expenses for these bankruptcy estates and the other parties to the proceeding.

I. In light of the amounts involved, even if the Plaintiffs were successful in the prosecution of the SAC Action, there is no assurance as to when and how much the Plaintiffs would be able to collect.

J. Pursuing the SAC Action would also likely entail the commitment of substantial human resources by key personnel of the Debtors. The commitment of such resources and

the duration of the litigation would assuredly result in further delays in developing and confirming a plan of reorganization in the above-captioned cases.

K. Approval of the Settlement Agreement furthers the paramount interest of creditors in the above-captioned cases.

L. Approval of the Settlement Agreement would increase the funds available to fund a plan of reorganization, both through the funds provided by the SAC Defendants and by facilitating settlement with the NMC Defendants, as defined in the Motion.

M. Approval of the Settlement Agreement will continue to allow the Plaintiffs and the Debtors to focus their attention on other pending matters in the Debtors' cases, including the resolution of the Zonolite Attic Insulation science trial, the estimation of the Debtors' asbestos liabilities and confirmation of a plan of reorganization.

N. Approval of the Settlement Agreement may avoid the necessity of having to litigate the Motion to Vacate Standards Opinion.

O. Approval of the Settlement Agreement will avoid continued expense in the SAC Action, thereby resulting in a net economic benefit to these bankruptcy estates and their creditors in the range of $1.2 billion.

P. The Plaintiffs and the SAC Defendants negotiated and entered into the Settlement Agreement in good faith and at arm's length.

Q. Based on all of the foregoing, this Court concludes that the Settlement Agreement is in the best interests of the Plaintiffs, the Debtors, their bankruptcy estates, the creditors thereof and all parties in interest in these cases.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Motion is granted in its entirety, and the Settlement Agreement is hereby authorized and approved in all respects.[2]

2. The Plaintiffs and the SAC Defendants are hereby authorized, empowered and directed, and the Debtors are authorized and directed, to take all necessary acts to carry out and implement the Settlement Agreement in accordance with its terms without further order of the Court. To the extent they have not yet done so, the Plaintiffs are authorized and directed to enter into the Settlement Agreement in accordance with the terms and conditions thereof, all of which are hereby approved.

3. The Plaintiffs, the Debtors, their officers, directors, employees and agents are authorized to execute such documents and do such acts as are necessary or desirable to carry out the terms and conditions of, and transactions contemplated by, the Settlement Agreement.

4. Debtors shall and are hereby directed to comply with the Settlement Agreement; provided, however, that where the Settlement Agreement obligates Plaintiffs to use their best efforts to cause the Confirmation Order and Chapter 11 Plan to provide for Debtors and/or Non-Debtor Affiliates to take or refrain from taking certain actions (see, e.g., Settlement Agreement ¶¶ VI(a), (b), (c), (e), (f), and (g)), Debtors shall take or refrain from taking such actions, and shall cause the Non-Debtor Affiliates to take or refrain from taking such actions, as the case may be, provided further, however, that notwithstanding

---

[2] Capitalized terms used and not defined herein shall have the meaning assigned to them in the Settlement Agreement.

any other provision in the Settlement Agreement, the Debtors, Non-Debtor Affiliates, Plaintiffs, Cryovac, Inc., and/or Sealed Air Corporation shall not be required to take any action or refrain from taking any action if, solely as a result of a Change in Circumstances, the taking of such action or the failure to take an action would expose such parties or any officer, director, employee or contractor of such parties to potential civil or criminal liability and provided further, however, that for purposes of this Order and the Settlement Agreement, the term Change in Circumstances shall be modified by replacing the words "Execution Date" with "the date an Order is signed approving this Settlement Agreement" as they appear in such definition. In the event of a dispute with respect to the applicability of this provision, the Bankruptcy Court shall retain jurisdiction to make such determination.

5. The terms of the Settlement Agreement and this Order shall not be subject to modification by this or any other Court through any order or judgment, including any order confirming any plan of reorganization in the above-captioned cases, unless the SAC Defendants consent in writing in their absolute discretion to such modification.

6. The terms and provisions of the Settlement Agreement and this Order shall be binding in all respects upon, and shall inure to the benefit of the creditors, the Plaintiffs and the SAC Defendants and their respective successors and assigns, and any affected third parties including, but not limited to, any trustee, responsible person, estate administrator, representative (including any legal representative(s) appointed to represent the interests of future asbestos claimants) or similar person subsequently appointed for or in connection with the Debtors' estates or affairs in these cases or in any subsequent case(s) under the Bankruptcy Code involving the Debtors.

7. Subject to paragraph V(c) of the Settlement Agreement, unless ordered otherwise by this Court, none of the Plaintiffs and the Debtors, shall sue or prosecute, institute or cooperate in the institution, commencement, filing, or prosecution of any suit, administrative proceeding, demand, claim or cause of action, whether asserted individually or derivatively against any of the Released Parties for any Asbestos-Related Claims, pending confirmation of a Chapter 11 Plan consistent with the terms of the Settlement Agreement.

8. The Preliminary Injunction shall remain in full force and effect through and including the Effective Date.

9. The Settlement Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by all the parties, without further order of this Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtors' estates.

10. To the extent necessary, the Plaintiffs and the SAC Defendants are hereby granted relief from the automatic stay pursuant to Bankruptcy Code § 362(d) to carry out the provisions of this Order and the Settlement Agreement.

11. The Court retains jurisdiction, even after the closing of these chapter 11 cases, to (i) interpret and enforce the terms and provisions of this Order and the Settlement Agreement and to adjudicate, if necessary, any and all disputes relating to the transactions contemplated by the Settlement Agreement; (ii) enter orders in aid or furtherance of the transactions contemplated in the Settlement Agreement; and (iii) re-open the Debtors' chapter 11 cases to enforce the provisions of this Order.

12. Notwithstanding Bankruptcy Rule 6004(g) (to the extent such Rule applies herein), this Order shall take effect immediately upon entry.

Dated: 6/27, 2005
Wilmington, Delaware

JK Fitzgerald
UNITED STATES BANKRUPTCY JUDGE