## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | Case No. 01-1139 (JKF) |
| W.R. GRACE & CO., *et al* | : | (Jointly Administered) |
| | : | |
| Debtors. | : | |
| | : | |
| | : | Related Doc. No.  8394, 8395, 8396 |

### CERTAIN INSURERS' RESPONSE TO DEBTORS'
### MOTION TO APPROVE PI CMO AND QUESTIONNAIRE

Certain Insurers,[1] by and through their undersigned counsel, hereby submit this Response to Debtors' Motion to Approve PI CMO and Questionnaire.  As stated in a previous filing,[2] Certain Insurers do not oppose Debtors' general approach to seeking an estimation of the Asbestos PI Claims[3] and support the Debtors' effort to ensure that resources of the Asbestos Trust contemplated by the Plan are appropriately focused on the meritorious claims of the genuinely ill who can prove that their injuries were caused by exposure to the Debtors' products.  However, the Debtors' proposed CMO neither provides for participation of the Certain Insurers in the estimation proceedings nor protects them from possible misuse of those proceedings in connection

---

[1]  Certain Insurers are Federal Insurance Company, Fireman's Fund Insurance Company, Royal & SunAlliance, Zurich Insurance Company and Zurich International Limited, Allstate Insurance Company, solely as successor-in-interest to Northbrook Excess and Surplus Insurance Company, formerly Northbrook Insurance Company, Continental Casualty Company and Continental Insurance Company, Certain Underwriters at Lloyd's, London and Certain London Market Companies, Travelers Casualty & Surety Company, and Seaton Insurance Company, successor in interest to Unigard Security Insurance Company.

[2] *See* Certain Insurers' Limited Objection to Debtors' Motion for Entry of an Order Seeking the Estimation of Asbestos Claims, etc., filed December 21, 2004 ("Certain Insurers Limited Objection") (Dkt No. 7282).

[3] Unless otherwise defined, all capitalized terms used herein shall have the meanings ascribed to them in the Glossary of Defined Terms filed by the Debtors on November 13, 2004.

with potential insurance coverage disputes. For the reasons discussed below, Certain Insurers ask that the Court include in any order regarding the estimation of Asbestos PI Claims "insurance neutrality" language making clear that any estimation of Asbestos PI Claims will have no effect on any of the rights and obligations of any insurer or any Debtor under any policy of insurance or settlement agreement and/or upon the resolution of any coverage disputes between the Debtors and their insurers. The proposed insurance neutrality language is contained in Exhibit A attached hereto.

## BACKGROUND

1.      In the Debtors' Motion for Entry of an Order Seeking the Estimation of Asbestos Claims and Certain Related Relief, the Debtors stated that the purpose of such an estimation is to obtain an "order determining estimates of the aggregate amounts needed to fund the Asbestos Trust to enable the Asbestos Trust to pay in full all Allowed Asbestos Claims and Asbestos Trust Expenses, as and when they become due." (Debtors' Motion for Entry of an Order Seeking the Estimation of Asbestos Claims and Certain Related Relief at 1-2) (Dkt. 6899). In their most recent filing, the Debtors represented that they "intend to use the Court's estimates in support of feasibility and other findings necessary to achieve confirmation of their Plan." (Memorandum of Points and Authorities in Support of W.R. Grace & Co.'s Motion to Approve PI CMO and Questionnaire at 1 (Dkt. 8395)).

2.      At the January 21, 2005 hearing, in connection with the initial consideration of the Debtors' Disclosure Statement and case-management related motions, Certain Insurers requested that the Court consider the inclusion of broad "insurance neutrality" language in connection with those motions. The Court did not resolve Certain Insurers' request, in part because the Debtors had not committed that their Plan would be "insurance neutral."

3.      Regardless of the Debtors' commitment, or lack thereof, that their Plan will be "insurance neutral," this Court should consider the issue of insurance neutrality at

2

this time to avoid any unfair prejudice to the Debtors' insurers arising from the misuse or mischaracterization of this Court's rulings regarding the estimation of Asbestos PI Claims or the estimation proceeding itself.  Given the limited scope and meaning of any estimation of Asbestos PI Claims, this Court should insert the insurance neutrality language set forth in Exhibit A hereto into any order regarding the estimation of Asbestos PI Claims to clarify that the estimation of Asbestos PI Claims has no effect on the insurers' rights and defenses under their respective insurance policies, any settlement agreements and applicable law with respect to: (1) their duty to indemnify the Debtors or any third party; and (2) any future coverage dispute with the Debtors or any third parties.

### Request for "Insurance Neutrality" in Connection with the Estimation Proceedings

4.    As the Court is aware, a significant concern of Certain Insurers is to protect against a "UNR-type" situation, *i.e.*, any assertion that an insurer's obligation to indemnify its insured/debtor is triggered by the outcome of an estimation proceeding, by the confirmation of a plan of reorganization involving a section 524(g) trust and/or by the funding of such a trust, instead of upon the liquidation and payment of actual asbestos personal injury claims by such a trust in a manner that comports with the terms and conditions of the insurance policies, any settlements, and such insurer's contractual rights.  The language that the insurers seek here is aimed at preventing any attempted misuse of these particular proceedings.

5.    In its 2004 10-K report filed with the SEC, Debtors have publicly conceded and acknowledged that they are not entitled to and do not envision a "UNR-type" result in this case.  W. R. Grace represented that any recovery from its insurers "would occur only as claims are paid by the asbestos trust, absent an alternative payment arrangement with Grace's insurers."[4]  In an exhibit to their Disclosure Statement, Debtors

---

[4]  *See* Excerpt of W.R. Grace's 2004 10-K attached hereto as Ex. B.

made the same representation to their creditors and stakeholders in this case: "Insurance reimbursements are collectible as the liabilities are satisfied by the asbestos trust."[5]

6.    Similarly, Debtors have confirmed by their filings that they do not expect these proceedings to have an impact on their insurers. Debtors have not included their insurers as participants in the asbestos claims estimation process. As noted in Certain Insurers' Limited Objection to Debtors' Proposed Order Setting Briefing Schedule and Hearing Regarding Case Management Order and Proof of Claim/Questionnaire for the Estimation of Asbestos Personal Injury Liabilities (Dkt. No. 8139), despite the Court's directive, Debtors failed to provide Certain Insurers with drafts of the proposed case management order and questionnaire/proof of claim form, never solicited the input of Certain Insurers in connection with the proposed Order Setting Briefing Schedule and Hearing Regarding the Proposed Case Management Order and Questionnaire, and did not provide for Certain Insurers to participate in the briefing on the pending motion (a deficiency that the Court remedied).

7.    Debtors take the same approach in the current filings. Debtors' proposed case management order for the estimation of Asbestos PI Claims permits only the Debtors' and the various official committees' experts to access the "navigable database" to be derived from the Questionnaire responses. (Proposed CMO, Dkt No. 8394 Exhibit A, ¶ 2). Likewise, Debtors' proposed case management order for the estimation of Asbestos PI Claims authorizes "Liaison Counsel," but not counsel for any of Debtors' insurers to, *inter alia*, move for disallowance of claims (¶ 5), to designate and substitute expert witnesses (¶ 6, 10) and to obtain advance copies of trial exhibits (¶ 16).

8.    Debtors' words and actions make two things clear. First, Debtors themselves agree that they are not entitled to impose "UNR-type" acceleration upon their

---

[5] *See* W.R. Grace & Co. and Subsidiaries Historical, Pro Forma and Prospective Financial Information (Dkt. No. 6897) at 10, excerpt attached hereto as Ex. C.

insurers. Second, Debtors do not want their insurers participating in the asbestos claim estimation proceedings.

9.      In light of the foregoing, Certain Insurers submit that it is appropriate to include "insurance neutrality" protection. In *Owens Corning*, this Court entered an order clarifying that the asbestos claims estimation proceeding for plan confirmation purposes would not affect the insurers. *See In re Owens Corning*, Case No. 00-03837 (Bankr. D. Del.) at Dkt No. 12455, filed August 17, 2004.

10.     As in *Owens Corning*, the proposed estimation process here is not intended to, and will not, result in the allowance of any Asbestos PI Claims or distributions to holders of alleged Asbestos PI Claims. Nor could it because, *inter alia*, under 28 U.S.C. §§ 157(b)(2)(B) and 157(b)(5), the Bankruptcy Court is prohibited from estimating personal injury claims for such purposes. As the Court is well aware, and has stated in prior proceedings, such a proceeding is not, and cannot be, the proper forum for any coverage determinations or for resolution of any insurance obligations for those claims.

11.     Accordingly, Certain Insurers respectfully request that any order regarding the estimation of Asbestos PI Claims contain "insurance neutrality" language as proposed in attached Exhibit A. The proposed insurance neutrality language would serve to: (i) clarify that the estimation of Asbestos PI Claims has no effect on the insurers' rights and obligations under their respective insurance policies, any settlement agreements and applicable law, *inter alia*, with respect to: (1) the insurers' duty to indemnify the Debtors or any third party; and (2) any future coverage dispute with the Debtors or any third parties; and (ii) enable Certain Insurers to refrain from participating in the estimation

proceedings, thereby streamlining the proceedings, reducing the Debtors' expense, and preserving judicial resources. [6]

12.    If the Court will not provide for "insurance neutrality" in connection with the Asbestos PI Claim estimation proceeding, Certain Insurers object to Debtors' proposed case management order to the extent that it explicitly or implicitly excludes the insurers from participating in the estimation proceeding and request that Certain Insurers be afforded the opportunity to fully participate in the estimation process, including discovery, to the full extent permitted to any party in interest in the estimation proceedings.

Respectfully submitted,

Dated: June 30, 2005

COZEN O'CONNOR

/s/ John T. Carroll, III

John T. Carroll  (DE No. 4060)
1201 N. Market Street, Suite 1400
Wilmington, DE  19801
(302) 295-2000 Telephone
(302) 295-2013 Facsimile

- and –

William P. Shelley (PA ID 40875)
Jacob C. Cohn (PA ID 54139)
David J. Liebman (PA ID 89919)
1900 Market Street
Philadelphia, PA  19103
(215) 665-2000 Telephone
(215) 665-2013 Facsimile

Attorneys for Federal Insurance Company

---

[6]    Certain Insurers reserve their rights to seek "insurance neutrality" in connection with further proceedings in the Debtors' bankruptcy case, including, without limitation any plan confirmation proceedings.

6

- and -

Thomas G. Whalen, Jr.
Stevens & Lee, P.C.
1105 North Market Street, 7th Floor
Wilmington, DE 19801
Direct Tel: (302) 425-3304
Direct Fax: (610) 371-8512

-and-

Leonard P. Goldberger
Stevens & Lee, P.C.
1818 Market Street
29th Floor
Philadelphia, PA 19103
Direct Tel: (215) 751-2864
Direct Fax: (610) 371-7376

Attorneys for Fireman's Fund Insurance
Company

-and-

Ian Connor Bifferato, Esq. (#3273)
BIFFERATO, BIFFERATO &
GENTILOLTTI
1308 Delaware Avenue
The Buckner Building
PO Box 2165
Wilmington, Delaware 19899-2165
(302) 429-1900

-and-

Carl J. Pernicone, Esq.
Wilson, Elser, Moskowitz,
Edelman & Dicker, LLP
150 East 42nd St.
New York New York 10017-5639
(212) 490-3000

Counsel for Royal & SunAlliance

-and-

7

Jeffrey C. Wisler (No. 2795)
Marc J. Phillips (No. 4445)
CONNOLLY BOVE LODGE & HUTZ
LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE  19899
(302) 658-9141 Telephone
(302) 658-5614 Facsimile

- and -

Richard A. Ifft
WILEY REIN & FIELDING LLP
1776 K Street, N.W.
Washington, D.C.  20006
(202) 719-7000 Telephone
(202) 719-7049 Facsimile

Attorneys for Zurich Insurance Company
and Zurich International Limited

-and-

James S. Yoder, Esquire
White and Williams LLP
824 N. Market Street, Suite 902
P. O. Box 709
Wilmington, DE 19899-0709
(302) 654-0424 (tel)
(302) 654-0245 (fax)

-and-

Stefano V. Calogero
Andrew K. Craig
CUYLER BURK, LLP
Parsippany Corporate Center
Four Century Drive
Parsippany, NJ 07054
Phone: 973-734-3200
Fax: 973-734-3201

8

Attorneys for Allstate Insurance Company,
solely as successor-in-interest to Northbrook
Excess and Surplus Insurance Company,
formerly Northbrook Insurance Company

-and-

Elizabeth M. DeCristofaro
Charles A. Booth
FORD MARRIN ESPOSITO
WHITMEYER & GLESER
Wall Street Plaza
New York, NY 10005-1875

-and-

Michael S. Giannotto
Goodwin Procter LLP
901 New York Avenue, N.W.
Washington, DC 20001
(202) 346-4124
Fax (202) 346-4444

Daniel M. Glosband
Goodwin Procter LLP
Exchange Place,
53 State Street,
Boston, MA. 02109

Counsel for Continental Casualty Co. and
Continental Insurance Co.

-and-

Thomas G. Macauley
Elizabeth D. Power
ZUCKERMAN SPAEDER LLP
919 Market Street, Suite 990
P.O. Box 1028
Wilmington, Delaware 19899-1028
Telephone: (302) 427-0400
Facsimile: (302) 427-8242

James Sottile
ZUCKERMAN SPAEDER LLP
1201 Connecticut Avenue, NW
Washington, DC  20036-2638
Telephone:  (202) 778-1800
Facsimile:  (202) 822-8106

Mary K. Warren
Brenda D. DiLuigi
LINKLATERS
1345 Avenue of the Americas
New York, New York  10105
Telephone:  (212) 424-9000
Facsimile:  (212) 424-9100

Attorneys for Certain Underwriters at
Lloyd's, London and Certain London
Market Companies

and


Robert J. Dehney (#3578)
Michael G. Busenkell (#3933)
MORRIS, NICHOLS, ARSHT &
TUNNELL
1201 N. Market Street
Wilmington, Delaware 19899
Telephone: (302) 658-9200

-and-

Mary Beth Forshaw
Elisa Alcabes
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017-3954
Telephone: (212) 455-2000
Facsimile: (212) 455-2502

Counsel for Travelers Casualty & Surety
Company

and

Michael F. Brown (PA 57024)
Andrea L. D'Ambra (PA 93385)
Drinker Biddle&Reath LLP
One Logan Square
18th&CherryStreets
Philadelphia,PA19103-6996
(215) 988-2988 (Tel.)
(215) 988-2757 (Fax)

-and-

Warren T. Pratt (DE4334)
David P. Primack (DE4449)
Drinker Biddle&ReathLLP
1100 North Market Street, Suite1000
Wilmington, DE19801-1254
(302) 467-4200(Tel)

Attorneys for Seaton Insurance Company,
successor in interest to
Unigard Security Insurance Company

11