# EXHIBIT 2

{D0007918:1 }

FILED
U.S. DISTRICT COURT-
EASTERN DISTRICT OF LA

2000 AUG 25  PH 1:50

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE THE BABCOCK & WILCOX                    CIVIL ACTION
CO., ET AL.

                                              NO: 00-0558
                                              Bankruptcy Case
                                              No. 00-10992

                                              SECTION: "R"(5)


### ORDER AND REASONS

The debtors have filed a Motion for Entry of an Order

Establishing a Bar Date, Approving the Proof of Claim Forms and

Approving the Form and Manner of Notice.  The Court rules on

debtors' motion as follows.


I.   BACKGROUND

On February 22, 2000, debtors, the Babcock & Wilcox Co.,

Diamond Power International, Inc., Babcock & Wilcox Construction

Co., Inc. and Americon, Inc., filed voluntary Chapter 11

petitions.  Debtors seek protection under Chapter 11 as a result

of the mass of asbestos liability lawsuits and claims pending

against them.  Although debtors did not manufacture asbestos,

DATE OF ENTRY

AUG 2 5 2000



much of the information sought on the form has already been
gathered by the substantial number of claimants who have already
completed the *Celotex* and *Manville* forms, thereby further
reducing the burden on claimants to complete it.

The Committee opposes debtors' Revised Proof of Claim Form,
asserting that debtors have failed to establish the viability of
their summary judgment theories or how the extensive information
sought on the form is necessary to test them.  They further argue
that the time and expense involved in completing the form is
prohibitive and will deter claimants from filing claims.

The Court finds that the proposed claim form is
unnecessarily detailed and would amount to an undue burden on
parties who wish to assert claims.  The 21-page Manville Trust
form relied on by debtors is not a proof of claim form required
to meet a bar date but a claim form used by the trust to evaluate
each claim individually for the purposes of liquidation and
payment.  The Court is therefore not persuaded that the extensive
information requested in the Manville Trust form is an
appropriate model for a proof of claim that will subject
claimants to a bar date.  Further, the Court is not convinced on
this record that the burdensomeness of the proposed form is
minimized because a substantial overlap exists between the

21

claimants in this case and those in *Celotex*, who filed claims to satisfy a March 1996 bar date, more than four years ago. This follows because the debtors settled a substantial number of claims prior to filing bankruptcy.

The Court therefore finds that the claim form must be substantially modified. As indicated, disputed claimants must establish, at a minimum, the ground on which they base debtors' liability to them. In this case, that entails establishing a claimant's exposure to asbestos from debtors' products and the injuries that resulted from that exposure. The Court will therefore allow debtors to ask questions that go to this prima facie evidence of liability. After carefully reviewing the parties' submissions, the Revised Proof of Claim Form, the *Celotex* Proof of Claim Form and Official Form 10, the Court orders the debtors to revise the proof of claim form as instructed below.

### a.    Part 1: Identifying Information

The Court will not require claimants to submit an official death certificate if the injured party is deceased. Nor will the Court require claimants to submit all medical reports. Diagnostic reports may, however, be required.

22