# EXHIBIT 3

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2000 OCT -6 AM 10: 27

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE THE BABCOCK & WILCOX CO., ET AL.

CIVIL ACTION

NO: 00-0558
Bankruptcy Case
No. 00-10992

SECTION: "R"(5)

## ORDER AND REASONS

Before the Court is the Debtors' Motion for Entry of an Order Establishing a Bar Date, Approving the Proof of Claims Forms, and Approving the Form and Manner of Notice in the matter above. The Court orders debtors to make the following changes to the claim form and instructions before the requested orders will be issued.

### I. Background

In an order dated August 25, 2000, the Court found that establishing a Bar Date was appropriate and ordered debtors to make several changes to their proposed proof of claim forms and

DATE OF ENTRY
OCT 6 2000

___Fee_____
___Process_____
X  Dktd _____
___CtRmDep_____
   Doc.No._____

submit the revised forms and accompanying materials by September 8, 2000. The Court has received the debtors' revision and the Asbestos Claimants' Committee has submitted a response to these revisions. The Committee has proposed changes that would affect only the proof of claim form and the accompanying instructions. The Court rules on those proposed changes as follows:

1. Proof of Claim Form, Part 3: Exposure History. The Committee claims that providing the name and location of every facility at which the claimant was exposed is unduly burdensome and requests that the claimant need only to provide five primary job sites. The Committee does not offer a definition of a "primary" job site or include the adjective "primary" in its proposed claim form. The Court does not know what a "primary" job site is and the form as proposed would permit a claimant to list five sites whether "primary" or not. Further, it is by no means clear that identifying the sites at which a claimant was exposed to the debtor's product is burdensome to large numbers of claimants. Because the Court is not convinced that it is unreasonably burdensome for a claimant to state where he was exposed to the debtor's product, the Court rejects the Committee's objection regarding this portion of the form.

2. Proof of Claim Form Instructions, page 2. The Committee

also objects to the requirement that claimant provide "any and all diagnostic reports" supporting the claim and contends that claimants need only to provide whatever diagnostic reports he believes provide the "ground" on which the claim against the debtors is based. The Court confirms its earlier ruling that all diagnostic reports supporting claimed asbestos-related medical conditions may be required.

3. Proof of Claim Form Instructions, pages 5-6 and Proof of Claim Form, Part 4. The Committee objects to the proviso that the signature of the claimant or his authorized representative would authorize the release to Babcock & Wilcox of claimant's medical records and authorize the use of his social security number for specific purposes. The Court finds these provisions unnecessary to the purposes of a proof of claim form. The claimant is already required to submit both his or her diagnostic records and social security number. The language at issue may in effect, if not by design, discourage the filing of claims, which is not the function of a proof of claim form. These provisions must be deleted.

4. Proof of Claim Instructions, Part 1, third bullet point. The Committee believes that this portion can be interpreted, by its reference to only Part 1(B) of the form, to indicate

3

that attorneys cannot submit claims. The Court directs the debtors to add a reference to Part 1(C) in this portion of the instructions.

5. Proof of Claim Instructions, Part 3, page 5. The Committee requests that the instructions contain the occupations of "welder," "steelworker," "utility worker," and "hodcarrier." The Court directs the debtors to add these occupations to the relevant portion of the instructions.

II. **Debtors' Proposed Order**

The debtors have submitted a proposed order to the Court that would approve the proof of claim form and instructions, establish the Bar Date and procedures related to it, and approve the form and manner of the notice plan as submitted by debtors to the Court. The Court will enter an order regarding these issues following its approval of the proof of claim form and instructions. Debtor is ordered to resubmit the claim form and instructions within seven days of the entry of this order.

New Orleans, Louisiana, this 6th day of October, 2000.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE