# EXHIBIT 18

{D0007918:1 }

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

OWENS CORNING, et al.,            . Case No.  04-CV-905
                                  .
         Plaintiffs,              .
                                  . 601 Market Street
    v.                            . Philadelphia, PA  19106
                                  .
CREDIT SUISSE FIRST BOSTON,       .
et al.,                           .
                                  .
         Defendants.              . January 18, 2005
                                  . 2:01 p.m.
. . . . . . . . . . . . . . . . .

TRANSCRIPT OF HEARING
BEFORE HONORABLE JOHN P. FULLAM
UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

Special Counsel for         Debevoise & Plimpton, LLP
the Debtors:                By:  ROGER E. PODESTA, ESQ.
                            919 Third Avenue
                            New York, New York  10022-3904

                            Skadden Arps
                            By:  D.J. BAKER, ESQ.
                            Four Times Square
                            New York, New York  10036

                            Skadden Arps
                            By:  MARK S. CHEHI, ESQ.
                                 DAVID R. HURST, ESQ.
                            One Rodney Square
                            P.O. Box 636
                            Wilmington, Delaware  19899

Audio Operator:             Michael Baker

Proceedings recorded by electronic sound recording, transcript
produced by transcription service.

**DIANA DOMAN TRANSCRIBING**
**P. O. Box 129**
**Gibbsboro, NJ 08026**
**Office:  (856) 435-7172**
Fax.:  (856) 435-7124
E-Mail:  Dianadoman@comcast.net

APPEARANCES (CONTINUED):

| | |
|---|---|
| Counsel for the Debtors: | Saul Ewing LLP<br>By:  HENRY ABRAMS, ESQ.<br>     CHARLES O. MONK, ESQ.<br>100 South Charles Street<br>Baltimore, Maryland  21202-2773<br><br>Saul Ewing LLP<br>By:  NORMAN L. PERNICK, ESQ.<br>     J. KATE STICKLES, ESQ.<br>222 Delaware Avenue<br>P.O. Box 1266<br>Wilmington, Delaware  19899-1266 |
| For the U.S. Trustee: | Office of the U.S. Trustee<br>By:  FRANK J. PERCH, III, ESQ.<br>Federal Bldg., 2nd Floor<br>844 King Street<br>Wilmington, Delaware  19801 |
| ACC Estimation Counsel: | DeHay & Elliston, LLP<br>By:  GARY D. ELLISTON, ESQ.<br>901 Main Street, Suite 3500<br>Dallas, Texas  75202-3736<br><br>DeHay & Elliston, LLP<br>By: R. THOMAS RADCLIFFE, ESQ.<br>36 S. Charles Street, Suite 1300<br>Baltimore, Maryland  21201 |
| For the Official Committee of Asbestos Claimants: | Caplin & Drysdale, Chartered<br>By:  ELIHU INSELBUCH, ESQ.<br>399 Park Avenue<br>New York, New York  10022-4614<br><br>Caplin & Drysdale, Chartered<br>By:  PETER VAN N. LOCKWOOD, ESQ.<br>     NATHAN FINCH, ESQ.<br>     RITA TOBIN, ESQ.<br>One Thomas Circle, N.W.<br>Washington, DC  20005-5802<br><br>Campbell & Levine, LLC<br>By:  MARK HURFORD, ESQ.<br>     MARLA ROSOFF ESKIN, ESQ.<br>800 King Street, Suite 300<br>Wilmington, Delaware  19801 |

APPEARANCES (Cont'd):

| | |
|---|---|
| Legal Representative to Claimants: | The Law Office of James J. Future McMonagle<br>By:  JAMES J. McMONAGLE, ESQ.<br>24 Walnut Street<br>Chagrin Falls, Ohio   44022 |
| Counsel for Future Representative: | Kaye Scholer LLP<br>By:  MICHAEL J. CRAMES, ESQ.<br>425 Park Avenue<br>New York, New York   10022 |
| Counsel for Future Representative: | Young Conaway Stargatt & Taylor, LLP<br>By:  JAMES L. PATTON, JR., ESQ.<br>     EDWIN J. HARRON, ESQ.<br>     SHARON M. ZEIG, ESQ.<br>1000 West Street, 17th Floor<br>Wilmington, Delaware   19899-0391 |
| Counsel for Credit Suisse First Boston: | Landis Rath & Cobb LLP<br>By:  ADAM G. LANDIS, ESQ.<br>     RICHARD S. COBB, ESQ.<br>     REBECCA BUTCHER, ESQ.<br>919 Market Street, Suite 600<br>Wilmington, Delaware   19810 |
| Counsel for Credit Suisse First Boston: | Kramer Levin Naftalis & Frankel LLP<br>By:  KENNETH H. ECKSTEIN, ESQ.<br>     ELLEN NADLER, ESQ.<br>     JEFFREY S. TRACHTMAN, ESQ.<br>919 Third Avenue<br>New York, New York   10022 |
| Counsel for Credit Suisse First Boston: | Weil, Gotshal & Manges, LLP<br>By:  RICHARD A. ROTHMAN, ESQ.<br>     MARTIN J. BIENENSTOCK, ESQ.<br>     ADAM STROCHAK, ESQ.<br>     PETER M. FRIEDMAN, ESQ.<br>767 Fifth Avenue<br>New York, New York   10153 For |
| Counsel for Credit Suisse First Boston: | The Law Office of Ralph Miller<br>By:  RALPH MILLER, ESQ.<br>100 Crescent Court, Suite 1300<br>Dallas, Texas   75201-6980 |

APPEARANCES (Cont'd):

| | |
|---|---|
| Counsel for Credit Suisse First Boston: | Weil Gotshal & Manges, LLP<br>By: DAVID A. HICKERSON, ESQ.<br>1501 K Street, Suite 100<br>Washington, DC  20005 |
| Counsel for Unsecured Creditors' Committee: | Davis Polk & Wardwell<br>By: STEPHEN H. CASE, ESQ.<br>450 Lexington Avenue<br>New York, New York  10017 |
| Counsel for the Unsecured Creditors' Committee: | Morris, Nichols, Arsht & Tunnell<br>By: ERIC D. SCHWARTZ, ESQ.<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, Delaware  19899-1347 |
| Counsel for the Bondholders/ Trade Creditors: | Anderson Kill & Olick, P.C.<br>By: J. ANDREW RAHL, JR., ESQ.<br>1251 Avenue of the Americas<br>New York, New York  10020 |
| Special Counsel for the Bondholders/Trade Creditors: | Monzack and Monaco, PA<br>By: FRANCIS A. MONACO, JR., ESQ.<br>400 Commerce Center<br>1201 Orange Street<br>Wilmington, Delaware  19899 |
| Counsel for Bondholders: | Strook & Strook & Lavan<br>By: LEWIS KRUGER, ESQ.<br>    KENNETH PASQUALE, ESQ.<br>1809 Maiden Lane<br>New York, New York  10038-4982 |
| Counsel for Bondholders: | Duane Morris LLP<br>By: CHRISTOPHER M. WINTER, ESQ.<br>    RICHARD RILEY, ESQ.<br>1100 N. Market Street<br>Suite 1200<br>Wilmington, Delaware  19801 |
| Counsel for Century Indemnity: | White & Williams, LLP<br>By: LINDA M. CARMICHAEL, ESQ.<br>824 N. Market St., Suite 902<br>Wilmington, Delaware  19899-0709 |

APPEARANCES (Cont'd):

| | |
|---|---|
| Counsel for Century Indemnity: | O'Melveny & Myers, LLP<br>By:  TANCRED V. SCHIAVONI, ESQ.<br>     GERALD A. STEIN, ESQ.<br>     ROBERT WINTER, ESQ.<br>Time Square Tower<br>7 Times Square<br>New York, New York  10036 |
| Counsel for Kensington International Ltd., Springfield Associates LLC & Angelo Gordon & Co. L.P.: | Stutman, Treister & Glatt<br>By:  ISAAC M. PACHULSKI, ESQ.<br>     K. JOHN SHAFER, ESQ.<br>1901 Avenue of the Stars<br>12th Flor<br>Los Angeles, California  90067 |
| Counsel for Kensington International Ltd., Springfield Associates LLC & Angelo Gordon & Co. L.P.: | Potter, Anderson & Corroon LLP<br>By:  DAVID J. BALDWIN, ESQ.<br>     LAURIE SELBER SILVERSTEIN, ESQ.<br>Hercules Plaza<br>1313 N. Market Street<br>Wilmington, Delaware  19899-0951 |

I N D E X

| Witnesses | Direct | Cross | Redirect | Recross |
|---|---|---|---|---|
| FOR THE PLAN PROPONENTS: | | | | |
| Dr. Francine Rabinovitz | | | | |
|    By Mr. Miller | 7 | | | |
|    By Ms. Parver | | | 38 | |
| | | | | |
| FOR THE BANK GROUP: | | | | |
| Dr. Hans Weill | | | | |
|    By Mr. Rothman | 44 | | | |
|    By Mr. Finch | | 100 | | |
|    By Mr. Podesta | | 122 | | |

| EXHIBITS: | | Marked | Admitted |
|---|---|---|---|
| CSFB-131 | Report of Dr. Hans Weill | 44 | 45 |
| CSFB-133 | Supplemental Report of Dr. Hans Weill | 45 | 45 |
| CSFB-138 | Article Co-Authored by Dr. Weill | 57 | 99 |
| CSFB-218 | Proposed Trust Distribution Proposal | 7 | 8 |
| CSFB-286 | Excerpt from NIOSH Report | 51 | 99 |
| CSFB-287 | NIOSH Study by Dr. Hankinson | 69 | 70 |
| CSFB-288 | Article by Henry Glindmeyer, et al. | 68 | 70 |
| CSFB-217 | Paper | | 99 |

1   Was the <u>Celetex</u> case the first time that you ever served as an
2   expert for a future claims representative?
3   A    Yes.
4   Q    And I think that the opinion that Mr. Miller had in his
5   book of exhibits, the <u>Celetex</u> opinion said it was 1996. But is
6   it fair to say you were hired a few years before that opinion?
7   A    Yes.
8   Q    So, that's when -- that's the first time you ever
9   represented a -- served as an estimation expert for a future
10  claims representative.
11  A    Yes.
12  Q    Correct? And you testified on direct that you also
13  performed estimation services for lots and lots of
14  corporations, defendant corporations, debtors, etcetera. And
15  you testified how --
16          THE COURT:  Is it your theory that lawyers get up and
17  tell the witness what they testified to and that solves the
18  problem?
19          MS. PARVER:  No.  Your Honor --
20          THE COURT:  Do you have a question?  Let's hear it.
21          MS. PARVER:  I'm sorry.
22          THE COURT:  So am I.  Let's try a question.
23          MS. PARVER:  Okay.
24  BY MS. PARVER:
25  Q    You represented -- you've been -- you were retained by the

1   A    I do.

2   Q    And, you have no reason to dispute that; do you, sir?

3   A    The only -- no, I don't dispute that. And, it's not

4   counter-intuitive, actually. The only proviso that I would

5   make is that, in fact, the information that we have about the

6   prevalence on the incidents of pleural plagues in the United

7   States is very limited. And, it's very difficult to know --

8   you know, the quality of the information is poor and it's very

9   difficult to know what, in fact, is happening to pleural plague

10  prevalence in the country. There are some data that are

11  obviously being cited here that show this, and that's fine. I

12  have no, you know, reason to dispute it. I'm just saying, it

13  is limited information.

14  Q    And, if it's 2.3 percent of U.S. males, millions of men

15  could be walking around with pleural plagues; correct?

16  A    That's right.

17  Q    Turning to page 15 of the same exhibit, 1640015, the

18  authors of the American Thoracic Society official statement,

19  looking at the first column, the last full paragraph on the

20  page. They state, "Therefore, the presence pleural plagues

21  should be interpreted as a marker for elevated risk of

22  malignancy, which may be higher than occupational history alone

23  might suggest." Did I read that correctly?

24           THE COURT: You did.

25  Q    I take it you disagree with that, Dr. Weill?

A     I disagree that there has been an established relationship between the presence of pleural plagues and elevated risk of malignancy due to asbestos. If you're using the asbestos related -- the plagues as a way of dividing the country, say, into those who have had asbestos and those who have not, that, in fact, is a very different proposition. Then I would think, yeah, those who had exposure to asbestos were more likely to develop some of these related diseases. But if you're using it to say that somebody who worked, who has a plague, that that individual has an increased risk because of that plague, that is a whole other story and that has not been proven.

THE COURT:  You lost me on that one.

DR. WEILL:  Okay.

THE COURT:  If we're talking about people who have the requisite exposure to asbestos products, --

DR. WEILL:  Yes.  Yes.

THE COURT:  -- 25 years or whatever it is, do those who have plagues, are they more likely to develop malignancy?

DR. WEILL:  Then exposed people who do not have plagues?

THE COURT:  Right.

DR. WEILL:  No, sir.  I don't think that's been shown.

THE COURT:  Well, that's what this just said; isn't it?

1   DR. WEILL: Well, no, not necessarily. One of the
2   problems is that this --
3       THE COURT: It says, "The presence of plagues is
4   associated with a greater risk of mesothelioma and lung cancer
5   compared to the subject of comparable history to asbestos
6   exposure who do not have plagues."
7       DR. WEILL: Well, okay. Then I don't agree with
8   that.
9       THE COURT: You don't agree.
10      DR. WEILL: The way it is said. As I said, if you're
11  using the plagues to indicate that someone had an occupational
12  exposure, that's quite a different thing then saying that
13  people who are in an industrial setting with exposure, if they
14  have a plague it's a risk factor for malignancy.
15      THE COURT: Well, that's what this does say.
16      DR. WEILL: And, we, in fact, did not find that in
17  the study that we talked about earlier.
18      THE COURT: But these people did, apparently.
19      DR. WEILL: Well, they claim to have.
20  BY MR. FINCH:
21  Q    This 12 doctors who -- these 12 doctors who signed onto
22  the 2004 ATS statement did; correct, Dr. Weill?
23  A    Well, they've signed onto it.
24      THE COURT: That's what it says. He doesn't agree
25  with it. Okay.

Dr. Weill - Cross (FIN)                                    114

BY MR. FINCH:

Q   Just below that, the 2004 ATS statement states, "That although pleural plagues have long been considered inconsequential markers of asbestos exposure, studies of large cohorts have shown a significant reduction in lung function attributable to the plagues, averaging about five percent of forced vital capacity even when interstitial fibrosis (asbestosis) is absent radiographically." Is that correct?

         THE COURT:  That's what it says.  You mean does he agree with it?

Q   Do you agree with that, sir?

A   I do agree that pleural thickening can, at times, impair lung function.  I've said that on several occasions.

Q   Now, Mr. Rothman pointed you to two documents that the Plan Proponents --

         THE COURT:  Just ask him your own question.  We don't need the history.

BY MR. FINCH:

Q   Sure. Would you turn in your book to Plan Proponent's Exhibit 160, sir?

A   Is that your -- is this this book?

Q   My book.  The book I gave you.

A   All right.  What's the number?

Q   It's 160.  It's already in evidence, Your Honor.

         THE COURT:  Scandinavian Journal of Work Environment