# EXHIBIT 22



UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| CREDIT SUISSE FIRST BOSTON | : | CIVIL ACTION |
|---|---|---|
| | : | |
| v. | : | NO. 05-217 |
| | : | |
| OWENS CORNING, et al. | : | (Bankr. No. 00-03837) |

## MEMORANDUM AND ORDER

Fullam, Sr. J.                                                                                     April 28, 2005

Credit Suisse First Boston ("CSFB"), as agent for the pre-petition bank lenders,

requested the debtor to commence an adversary proceeding against certain medical doctors and

other experts who had demonstrated a history of consistently mis-reading the lung X-rays of large

numbers of asbestos claimants whose claims for asbestos-related injury were paid by Owens

Corning. Owens Corning declined to initiate such an action, whereupon CSFB sought leave

from the Bankruptcy Court to maintain the action itself, on behalf of Owens Corning's creditors.

At the hearing on this application, CSFB made clear that it was willing to bear the

costs and expenses involved in maintaining the lawsuit, to be reimbursed only from the proceeds

of such litigation. Counsel for the debtors agreed that the debtor had no objection to CSFB's

pursuing the proposed lawsuit if CSFB would provide indemnification against, not only the

counsel fees associated with the litigation, but also against any counterclaims or other claims

which might be asserted against the debtor as a result of that litigation. When Bankruptcy Judge

Fitzgerald expressed the view that the debtor's request seemed eminently reasonable, counsel for

CSFB stated that he had made an "executive decision" that CSFB would indeed provide the

indemnification sought by the debtor. That concession removed the debtor's objections, and the

hearing concluded. Shortly after the hearing, however, CSFB and the other creditors it represents disavowed counsel's concession, and declined to provide indemnification against counterclaims. Bankruptcy Judge Fitzgerald thereupon denied CSFB's application for leave to pursue the litigation against the suspect B-readers, but expressed a willingness to reconsider the denial if CSFB would provide the requested indemnification against counterclaims. CSFB then appealed the Bankruptcy Judge's Order to this court.

In <u>Official Committee of Unsecured Creditors of Cybergenics Corp. v. Chinery</u>, 330 F.3d 548 (3d Cir. 2003) (*en banc*), the Court of Appeals ruled that a creditor's committee may be permitted to bring derivative lawsuits on behalf of debtors-in-possession, if the debtor-in-possession "unreasonably" or "unjustifiably" fails to bring suit on "colorable claims." <u>See</u> <u>Commodore Int'l Ltd. v. Gould (In re Commodore Int'l Ltd.)</u>, 262 F.3d 96, 100 (2d Cir. 2001); <u>Fogel v. Zell</u>, 221 F.3d 955, 965 (7th Cir. 2000).

In assessing the pros and cons, the Bankruptcy Court was required to accord to the debtor-in-possession "the deference normally accorded pursuant to the Business Judgment Rule." <u>Cybergenics, supra</u>, 330 F.3d 575.

The Bankruptcy Judge properly concluded that the debtor's decision not to initiate the proposed adversary action was justified, and that its unwillingness to expose the debtor's estate to liability for the costs and expenses of defending, and perhaps paying, counterclaims was entirely reasonable.

In 1996 and 1997, the debtor had pursued similar litigation against certain laboratories which, in reliance upon many of the same suspect B-readers CSFB now wishes to sue, had performed pulmonary function tests which lent support to claims which were actually

2

invalid. The litigation was pursued for three years, ultimately producing a monetary settlement which was sufficient to cover only about one-third of Owens Corning's litigation expenses. This history, the fact that it is virtually impossible to "prove" which of two conflicting readings of lung X-rays is correct, the virtual certainty that applicable statutes of limitation had long since expired, and the unlikelihood that any significant recovery against the suspect B-readers would prove to be collectible, provide ample reason for the debtor to be unwilling to file the proposed adversary action, and to be unwilling to permit CSFB to do so unless the debtor's estate is protected from the backlash of counterclaims which would almost certainly be asserted, as well as the counsel fees and expenses associated with the litigation.

The Order of the Bankruptcy Judge will therefore be affirmed.

3