# EXHIBIT 23

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

OWENS CORNING, et al.,      . Case No. 04-CV-905
                            .
            Plaintiffs,     .
       v.                   . 601 Market Street
                            . Philadelphia, PA  19106
CREDIT SUISSE FIRST BOSTON, .
et al.,                     .
                            .
            Defendants..      January 19, 2005
. . . . . . . . . . . . . . . 1:43 p.m.

TRANSCRIPT OF HEARING
BEFORE HONORABLE JOHN P. FULLAM
UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

Special Counsel for            Debevoise & Plimpton, LLP
the Debtors:                   By:  ROGER E. PODESTA, ESQ.
                               919 Third Avenue
                               New York, New York  10022-3904

                               Skadden Arps
                               By:  D.J. BAKER, ESQ.
                               Four Times Square
                               New York, New York  10036

                               Skadden Arps
                               By:  MARK S. CHEHI, ESQ.
                                    DAVID R. HURST, ESQ.
                               One Rodney Square
                               P.O. Box 636
                               Wilmington, Delaware  19899

Audio Operator:                Michael Baker

Proceedings recorded by electronic sound recording, transcript
           produced by transcription service.

---

**DIANA DOMAN TRANSCRIBING**
P. O. Box 129
Gibbsboro, NJ 08026
**Office:  (856) 435-7172**
Fax.:  (856) 435-7124
E-Mail:  Dianadoman@comcast.net

APPEARANCES (CONTINUED):

| | |
|---|---|
| Counsel for the Debtors: | Saul Ewing LLP<br>By:  HENRY ABRAMS, ESQ.<br>     CHARLES O. MONK, ESQ.<br>100 South Charles Street<br>Baltimore, Maryland  21202-2773<br><br>Saul Ewing LLP<br>By:  NORMAN L. PERNICK, ESQ.<br>     J. KATE STICKLES, ESQ.<br>222 Delaware Avenue<br>P.O. Box 1266<br>Wilmington, Delaware  19899-1266 |
| For the U.S. Trustee: | Office of the U.S. Trustee<br>By:  FRANK J. PERCH, III, ESQ.<br>Federal Bldg., 2nd Floor<br>844 King Street<br>Wilmington, Delaware  19801 |
| ACC Estimation Counsel: | DeHay & Elliston, LLP<br>By:  GARY D. ELLISTON, ESQ.<br>901 Main Street, Suite 3500<br>Dallas, Texas  75202-3736<br><br>DeHay & Elliston, LLP<br>By: R. THOMAS RADCLIFFE, ESQ.<br>36 S. Charles Street, Suite 1300<br>Baltimore, Maryland  21201 |
| For the Official Committee of Asbestos Claimants: | Caplin & Drysdale, Chartered<br>By:  ELIHU INSELBUCH, ESQ.<br>399 Park Avenue<br>New York, New York  10022-4614<br><br>Caplin & Drysdale, Chartered<br>By:  PETER VAN N. LOCKWOOD, ESQ.<br>     NATHAN FINCH, ESQ.<br>     RITA TOBIN, ESQ.<br>One Thomas Circle, N.W.<br>Washington, DC  20005-5802<br><br>Campbell & Levine, LLC<br>By:  MARK HURFORD, ESQ.<br>     MARLA ROSOFF ESKIN, ESQ.<br>800 King Street, Suite 300<br>Wilmington, Delaware  19801 |

APPEARANCES (Cont'd):

| | |
|---|---|
| Legal Representative to Claimants: | The Law Office of James J. Future McMonagle<br>By: JAMES J. McMONAGLE, ESQ.<br>24 Walnut Street<br>Chagrin Falls, Ohio  44022 |
| Counsel for Future Representative: | Kaye Scholer LLP<br>By: MICHAEL J. CRAMES, ESQ.<br>425 Park Avenue<br>New York, New York  10022 |
| Counsel for Future Representative: | Young Conaway Stargatt & Taylor, LLP<br>By: JAMES L. PATTON, JR., ESQ.<br>     EDWIN J. HARRON, ESQ.<br>     SHARON M. ZEIG, ESQ.<br>1000 West Street, 17th Floor<br>Wilmington, Delaware  19899-0391 |
| Counsel for Credit Suisse First Boston: | Landis Rath & Cobb LLP<br>By: ADAM G. LANDIS, ESQ.<br>     RICHARD S. COBB, ESQ.<br>     REBECCA BUTCHER, ESQ.<br>919 Market Street, Suite 600<br>Wilmington, Delaware  19810 |
| Counsel for Credit Suisse First Boston: | Kramer Levin Naftalis & Frankel LLP<br>By: KENNETH H. ECKSTEIN, ESQ.<br>     ELLEN NADLER, ESQ.<br>     JEFFREY S. TRACHTMAN, ESQ.<br>919 Third Avenue<br>New York, New York  10022 |
| Counsel for Credit Suisse First Boston: | Weil, Gotshal & Manges, LLP<br>By: RICHARD A. ROTHMAN, ESQ.<br>     MARTIN J. BIENENSTOCK, ESQ.<br>     ADAM STROCHAK, ESQ.<br>     PETER M. FRIEDMAN, ESQ.<br>767 Fifth Avenue<br>New York, New York  10153 For |
| Counsel for Credit Suisse First Boston: | The Law Office of Ralph Miller<br>By: RALPH MILLER, ESQ.<br>100 Crescent Court, Suite 1300<br>Dallas, Texas  75201-6980 |

APPEARANCES (Cont'd):

| | |
|---|---|
| Counsel for Credit Suisse First Boston: | Weil Gotshal & Manges, LLP<br>By: DAVID A. HICKERSON, ESQ.<br>1501 K Street, Suite 100<br>Washington, DC  20005 |
| Counsel for Unsecured Creditors' Committee: | Davis Polk & Wardwell<br>By: STEPHEN H. CASE, ESQ.<br>450 Lexington Avenue<br>New York, New York  10017 |
| Counsel for the Unsecured Creditors' Committee: | Morris, Nichols, Arsht & Tunnell<br>By: ERIC D. SCHWARTZ, ESQ.<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, Delaware  19899-1347 |
| Counsel for the Bondholders/ Trade Creditors: | Anderson Kill & Olick, P.C.<br>By: J. ANDREW RAHL, JR., ESQ.<br>1251 Avenue of the Americas<br>New York, New York  10020 |
| Special Counsel for the Bondholders/Trade Creditors: | Monzack and Monaco, PA<br>By: FRANCIS A. MONACO, JR., ESQ.<br>400 Commerce Center<br>1201 Orange Street<br>Wilmington, Delaware  19899 |
| Counsel for Bondholders: | Strook & Strook & Lavan<br>By: LEWIS KRUGER, ESQ.<br>    KENNETH PASQUALE, ESQ.<br>1809 Maiden Lane<br>New York, New York  10038-4982 |
| Counsel for Bondholders: | Duane Morris LLP<br>By: CHRISTOPHER M. WINTER, ESQ.<br>    RICHARD RILEY, ESQ.<br>1100 N. Market Street<br>Suite 1200<br>Wilmington, Delaware  19801 |
| Counsel for Century Indemnity: | White & Williams, LLP<br>By: LINDA M. CARMICHAEL, ESQ.<br>824 N. Market St., Suite 902<br>Wilmington, Delaware  19899-0709 |

APPEARANCES (Cont'd):

| | |
|---|---|
| Counsel for Century Indemnity: | O'Melveny & Myers, LLP<br>By:  TANCRED V. SCHIAVONI, ESQ.<br>      GERALD A. STEIN, ESQ.<br>      ROBERT WINTER, ESQ.<br>Time Square Tower<br>7 Times Square<br>New York, New York   10036 |
| Counsel for Kensington International Ltd., Springfield Associates LLC & Angelo Gordon & Co. L.P.: | Stutman, Treister & Glatt<br>By:  ISAAC M. PACHULSKI, ESQ.<br>      K. JOHN SHAFER, ESQ.<br>1901 Avenue of the Stars<br>12th Flor<br>Los Angeles, California   90067 |
| Counsel for Kensington International Ltd., Springfield Associates LLC & Angelo Gordon & Co. L.P.: | Potter, Anderson & Corroon LLP<br>By:  DAVID J. BALDWIN, ESQ.<br>      LAURIE SELBER SILVERSTEIN, ESQ.<br>Hercules Plaza<br>1313 N. Market Street<br>Wilmington, Delaware   19899-0951 |

I N D E X

| Witnesses | Direct | Cross | Redirect | Recross |
|---|---|---|---|---|

FOR THE BANK GROUP:

Dr. Frederick C. Dunbar

   By Mr. Miller            7

      Mr. Finch                   86

      Mr. Podesta               115

| EXHIBITS: | | Marked | Admitted |
|---|---|---|---|
| CSFB-157 | Table of Percentage of Filings by State | 35 | |
| CSFB-225 | Search Results of Number of Claims Supported by Suspect Physicians | 43 | |
| CSFB-294 | NERA Alternate Analysis | 7 | |
| CSFB-302 | Demonstrative Chart | 13 | 15 |
| CSFB-303 | Demonstrative Chart | 17 | 82 |
| CSFB-304 | Demonstrative Chart | 24 | 82 |
| CSFB-306 | Graphic of Number of Claims Supported by Suspect Physicians | 44 | |
| CSFB-307 | (Previously Identified) | | 55 |
| CSFB-308 | (Previously Identified) | | 55 |
| CSFB-291 | (Previously Identified) | | 78 |
| CSFB-292 | (Previously Identified) | | 78 |
| CSFB-293 | (Previously Identified) | | 78 |
| CSFB-295 | (Previously Identified) | | 78 |
| CSFB-298 | Chart | | 82 |
| CSFB-300 | Squiggly line males | | 82 |
| CSFB-301 | Lung Cancer Chart | | 82 |
| CSFB-286A | Rabinovitz chart | | 82 |
| CSFB-299 | Curves KPMG and Nicholson | | 86 |

Dr. Dunbar - Cross (FIN)                                         110

filed a claim in a state other than where they reside, whether they had worked in the state where they filed their claim at the time of their asbestos exposure but now live somewhere else?

A    The short answer is yes. It would be a time consuming process but you can find that out from some other database.

Q    And, that would -- you would agree with me that if a -- well, first of all, would you agree with the proposition that filing a lawsuit in a state where one doesn't live is permitted by the joinder rule still in many states?

A    Yes.

THE COURT: The sun rises in the east in the morning, also. Would you please stop wasting everybody's time.

BY MR. FINCH:

Q    And, would you also agree that a -- if you did an analysis of percentage of claimants who filed either in the state where they live or the state in which they were exposed to Owens Corning's product, the percentage of out-of-state filers would be significantly lower?

A    I don't know if it would be significantly lower but mathematically it would almost have to be lower.

Q    Now, you talked a little bit about Manville X-ray audit process; right?

A    Yes, I did.

Q    And, Manville -- you know that Manville ultimately

Dr. Dunbar - Cross (FIN)                                    111

1  determined that it wouldn't deny any claims based on the
2  results of the audit; right?
3  A    That's an over-simplification.
4  Q    Well, no claims were, in fact, denied based on the results
5  of the audit; right?
6  A    To say that Manville determined that is incorrect though.
7        THE COURT: Talk into the microphone please.
8  A    To say that Manville determined that is really incorrect.
9  BY MR. FINCH:
10 Q    Well, the trust didn't refuse payment of any claims
11 ultimately based on the results of the audit; did it?
12 A    After a lawsuit and an admonition by the Judge that he was
13 going to find for the plaintiffs in the lawsuit, so I don't
14 think you could say that under those circumstances that
15 Manville willingly didn't find any -- didn't deny any claims.
16       THE COURT: But at least eventually were they denied
17 or were they not?
18       DR. DUNBAR: They were not denied, because basically
19 the plaintiffs --
20       THE COURT: Some idiot Judge said otherwise, okay.
21       DR. DUNBAR: Some Judge said not to do it.
22 BY MR. FINCH:
23 Q    And, the Judge was Jack Weinstein; correct?
24 A    The Judge was Jack Weinstein.
25 Q    And, the way the Manville audit worked is that a claim

1  that was -- an X-ray that was submitted by plaintiff was read
2  by two Manville Trust "B" readers; right?
3  A    Well --
4  Q    It was read first by one Manville Trust "B" reader and if
5  they rejected it, said, no, I don't agree with what the
6  plaintiff's doctor found, then it went to another "B" reader;
7  right?
8  A    Yes, the tie breaker.
9  Q    And, if both "B" readers said I don't agree with that,
10 then the Manville Trust said that claim, "failed the audit";
11 right?
12 A    Yes.
13 Q    And, you understand that the Penn State study showed that
14 the chances for a particular claimant of "passing the audit"
15 depended in large measure on the identity of the two "B"
16 readers who the Manville Trust had reading the X-rays; right?
17 A    That's why I said on my direct that the Penn State study
18 said that that particular audit was not necessarily a good
19 device for denying an individual claim.
20 Q    And, you would agree with me, would you not, that normally
21 questions about like whether or not a particular doctor's view
22 of an X-ray is correct is a credibility determination that in
23 the system of -- the judicial system in the United States
24 typically goes to a jury to resolve?
25           THE COURT:  Except that in the trust situation it

1  normally would not. Let's stop -- other people want to have
2  some cross-examination and we getting to the end of the day.
3  Do you have anything that's not repetitious? Let's hear it.
4  BY MR. FINCH:
5  Q    Could you show Exhibit CSFB 300.
6         MR. FINCH: I don't believe we have a graphic of this
7  one, Your Honor.
8         THE COURT: I have it right before me. It's got the
9  squiggly green line. What's he going to say now that hasn't
10 already been said about this?
11 BY MR. FINCH:
12 Q    Well, Dr. Dunbar, you recognize that Owens Corning
13 received claims from female claimants; correct?
14 A    Yes. I think it's a little less than four percent.
15 Q    And, you also recognize that the Nicholson population
16 includes females who were exposed to asbestos in the work
17 force?
18 A    Well, there's two parts to that. Okay? The epidemiology
19 is not women. The epidemiology is men and only men. The
20 workforce that he applied the epidemiology to came from BLS
21 statistics and I don't believe it was gender specific.
22 Q    But undoubtedly people -- women were in the workforce
23 between 1940 and 1979, who were exposed to asbestos, including
24 Owens Corning's asbestos?
25 A    Yes. But it was mainly trades.