# EXHIBIT 1

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., <u>et al.</u> | ) | Case No.   MISC |
| | ) | USBC for D.DE 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**SUBPOENA FOR RULE 30(b)(6) DEPOSITION**

TO: Northwest Community Hospital
    800 West Central Road
    Arlington Heights, IL 60005

[X] YOU ARE COMMANDED to designate a representative, pursuant to Rules 26, 30(b)(6), and 45 of the Federal Rules of Civil Procedure, to appear at the place, date, and time specified below for the purpose of testifying as to whether Northwest Community Hospital: (i) retained the law firm of Speights & Runyan to represent Northwest Community Hospital in the above-captioned bankruptcy cases; or (ii) otherwise authorized the law firm of Speights & Runyan to file a proof of claim on Northwest Community Hospital's behalf in the above-referenced bankruptcy cases.

| PLACE OF TESTIMONY: | DATE AND TIME: |
|---|---|
| Law Offices of Kirkland & Ellis LLP<br>200 East Randolph Drive, Chicago, IL 60601 | June 30, 2005 at 2:00 p.m. |

[X] YOU ARE COMMANDED, pursuant to Rules 26, 30(b)(6), and 45 of the Federal Rules of Civil Procedure, to produce and have the witness bring copies of the following documents or objects to the above-referenced deposition (PLEASE NOTE that documents related to privileged attorney-client advice, if any, are not being requested):

(1) Any documents reviewed, after receipt of this Subpoena, for purposes of preparing the witness for the deposition that is to take place pursuant to this Subpoena.

(2) Any documents related to the retention of the law firm of Speights & Runyan for the purpose of filing a proof of claim or otherwise representing Northwest Community Hospital in the above-captioned bankruptcy cases.

(3) Any documents that support or otherwise relate to any proofs of claim that Northwest Community Hospital filed in the above-captioned bankruptcy cases.

(4) Any and all other documents upon which the witness will rely for his or her testimony.

| PLACE: | DATE AND TIME |
|---|---|
| Law Offices of Kirkland & Ellis LLP<br>200 East Randolph Drive, Chicago, IL 60601 | June 30, 2005 at 2:00 p.m.: |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

*Scotta E. McFarland (DE Bar No. 4184)*   *6/30/2005*
ISSUING OFFICER'S SIGNATURE AND TITLE       DATE

SCOTTA E. McFARLAND
919 North Market Street, 16th Flr, Wilmington, DE 19899-8705; (302) 652-4100

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

## PROOF OF SERVICE

| | DATE | | PLACE | |
|---|---|---|---|---|
| SERVED: | 6-27-05 | | 800 W. Central Arlington Heights, IL | |

| SERVED ON (PRINT NAME) | | MANNER OF SERVICE | |
|---|---|---|---|
| Kayla Ford | | Personally | |

| SERVED BY (PRINT NAME) | | TITLE | |
|---|---|---|---|
| John Clington | | Process Server | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedures, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (s) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

Trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**EXHIBIT 2**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al. | ) | Case No.  MISC |
| | | USBC for D.DE 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**SUBPOENA FOR RULE 30(b)(6) DEPOSITION**

TO: The Harvard Vanguard Medical Associates Management Offices      Riverside Center, 275 Grove Street Newton, MA 02466

[X] YOU ARE COMMANDED to designate a representative, pursuant to Rules 26, 30(b)(6), and 45 of the Federal Rules of Civil Procedure, to appear at the place, date, and time specified below for the purpose of testifying as to whether The Harvard Vanguard Medical Associates Management Offices: (i) retained the law firm of Speights & Runyan to represent The Harvard Vanguard Medical Associates Management Offices in the above-captioned bankruptcy cases; or (ii) otherwise authorized the law firm of Speights & Runyan to file a proof of claim on The Harvard Vanguard Medical Associates Management Offices's behalf in the above-referenced bankruptcy cases.

PLACE OF TESTIMONY:
The Harvard Vanguard Medical Associates Management Offices
Riverside Center, 275 Grove Street, Newton, MA  02466

DATE AND TIME:
July 8, 2005 at 2:00 p.m.

[X] YOU ARE COMMANDED, pursuant to Rules 26, 30(b)(6), and 45 of the Federal Rules of Civil Procedure, to produce and have the witness bring copies of the following documents or objects to the above-referenced deposition (PLEASE NOTE that documents related to privileged attorney-client advice, if any, are not being requested):

(1) Any documents reviewed, after receipt of this Subpoena, for purposes of preparing the witness for the deposition that is to take place pursuant to this Subpoena.

(2) Any documents related to the retention of the law firm of Speights & Runyan for the purpose of filing a proof of claim or otherwise representing The Harvard Vanguard Medical Associates Management Offices in the above-captioned bankruptcy cases.

(3) Any documents that support or otherwise relate to any proofs of claim that the Harvard Vanguard Medical Associates Management Offices filed in the above-captioned bankruptcy cases.

(4) Any and all other documents upon which the witness will rely for his or her testimony.

PLACE:
The Harvard Vanguard Medical Associates Management Offices
Riverside Center, 275 Grove Street, Newton, MA  02466

DATE AND TIME:
July 8, 2005 at 2:00 p.m.

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

*Scotta E. McFarland* (DE Bar No. 4184)                    6/20/2005
ISSUING OFFICER'S SIGNATURE AND TITLE                    DATE

SCOTTA E. McFARLAND
919 North Market Street, 16th Flr, Wilmington, DE 19899-8705; (302) 652-4100

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

DOCS_LA:141185.1

## PROOF OF SERVICE

| | |
|---|---|
| **DATE**<br>June 22, 2005<br>SERVED:    at 2:00 PM | **PLACE** Harvard Vanguard Medical Assoc.<br>Riverside Center, 275 Grove Street<br>Newton, MA 02466 |
| **SERVED ON (PRINT NAME)**<br>Donna Taverna Riopel who<br>accepted for Atty Kim Nelson | **MANNER OF SERVICE**<br><br>In Hand |
| **SERVED BY (PRINT NAME)**<br>James A. Carey | **TITLE**<br><br>Constable |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    June 22, 2005
DATE

SIGNATURE OF SERVER

1004 Pheasant Lane
ADDRESS OF SERVER

Middleboro, MA 02346

Rule 45, Federal Rules of Civil Procedures, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (s) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

Trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**EXHIBIT 3**

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al. | ) | Case No.  MISC |
| | ) | USBC for D.DE 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**SUBPOENA FOR RULE 30(b)(6) DEPOSITION**

TO: Byars Machine Co.
   167 Byers Road
   Laurens, SC 29360

[X] YOU ARE COMMANDED to designate a representative, pursuant to Rules 26, 30(b)(6), and 45 of the Federal Rules of Civil Procedure, to appear at the place, date, and time specified below for the purpose of testifying as to whether Byars Machine Co.: (i) retained the law firm of Speights & Runyan to represent Byars Machine Co. in the above-captioned bankruptcy cases; or (ii) otherwise authorized the law firm of Speights & Runyan to file a proof of claim on Byars Machine Co.'s behalf in the above-referenced bankruptcy cases.

| PLACE OF TESTIMONY: | DATE AND TIME: |
|---|---|
| Byars Machine Co. | |
| 167 Byars Road, Laurens, SC  29360 | July 7, 2005 at 2:00 p.m. |

[X] YOU ARE COMMANDED, pursuant to Rules 26, 30(b)(6), and 45 of the Federal Rules of Civil Procedure, to produce and have the witness bring copies of the following documents or objects to the above-referenced deposition (PLEASE NOTE that documents related to privileged attorney-client advice, if any, are not being requested):

(1) Any documents reviewed, after receipt of this Subpoena, for purposes of preparing the witness for the deposition that is to take place pursuant to this Subpoena.

(2) Any documents related to the retention of the law firm of Speights & Runyan for the purpose of filing a proof of claim or otherwise representing Byars Machine Co. in the above-captioned bankruptcy cases.

(3) Any documents that support or otherwise relate to any proofs of claim that Byars Machine Co. filed in the above-captioned bankruptcy cases.

(4) Any and all other documents upon which the witness will rely for his or her testimony.

| PLACE: | DATE AND TIME: |
|---|---|
| Byars Machine Co. | |
| 167 Byars Road, Laurens, SC  29360 | July 7, 2005 at 2:00 p.m. |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

_Scotta E. McFarland_  *(DE Bar No. 4184)*    DATE _6/20/2005_

ISSUING OFFICER'S SIGNATURE AND TITLE

   SCOTTA E. McFARLAND
   919 North Market Street, 16th Flr, Wilmington, DE 19899-8705; (302) 652-4100

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

DOCS_LA:141186.1

## PROOF OF SERVICE

DATE 6/22/05 11:10AM   PLACE 167 Byers Rd. Laurens, SC 29360

SERVED: Mike Sene      Corporate as Vice President

SERVED ON (PRINT NAME)                MANNER OF SERVICE

SERVED BY (PRINT NAME) Mike Wood      TITLE Process Server

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 6/22/05
DATE

SIGNATURE OF SERVER

**SERVE-ONE, INC**
ADDRESS OF SERVER 512 Pettigru Street
Greenville, SC 29601
(864) 235-7766

Rule 45, Federal Rules of Civil Procedures, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (s) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

Trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

DOCS_LA:141186.1

# **EXHIBIT 4**

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al. | ) | Case No.   MISC |
| | | USBC for D.DE 01-01139 (JKF)) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**SUBPOENA FOR RULE 30(b)(6) DEPOSITION**

TO:  American Medical Association
515 N. State Street
Chicago, IL 60610

[X] YOU ARE COMMANDED to designate a representative, pursuant to Rules 26, 30(b)(6), and 45 of the Federal Rules of Civil Procedure, to appear at the place, date, and time specified below for the purpose of testifying as to whether American Medical Association: (i) retained the law firm of Speights & Runyan to represent American Medical Association in the above-captioned bankruptcy cases; or (ii) otherwise authorized the law firm of Speights & Runyan to file a proof of claim on American Medical Association's behalf in the above-referenced bankruptcy cases.

| PLACE OF TESTIMONY: | DATE AND TIME: |
|---|---|
| The Offices of Kirkland & Ellis LLP | |
| 200 East Randolph Drive, Chicago, IL 60601 | July 1, 2005 at 9:00 a.m. |

[X] YOU ARE COMMANDED, pursuant to Rules 26, 30(b)(6), and 45 of the Federal Rules of Civil Procedure, to produce and have the witness bring copies of the following documents or objects to the above-referenced deposition (PLEASE NOTE that documents related to privileged attorney-client advice, if any, are not being requested):

(1) Any documents reviewed, after receipt of this Subpoena, for purposes of preparing the witness for the deposition that is to take place pursuant to this Subpoena.

(2) Any documents related to the retention of the law firm of Speights & Runyan for the purpose of filing a proof of claim or otherwise representing American Medical Association in the above-captioned bankruptcy cases.

(3) Any documents that support or otherwise relate to any proofs of claim that American Medical Association filed in the above-captioned bankruptcy cases.

(4) Any documents that support or otherwise relate to any proofs of claim that Northwest Community Hospital filed in the above-captioned bankruptcy cases. Any and all other documents upon which the witness will rely for his or her testimony.

| PLACE: | DATE AND TIME: |
|---|---|
| The Offices of Kirkland & Ellis LLP | |
| 200 East Randolph Drive, Chicago, IL 60601 | July 1, 2005 at 9:00 a.m. |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE | DATE |
|---|---|
| *Scotta E. McFarland* (DE Bar No. 4184) | 6/20/2005 |
| SCOTTA E. McFARLAND | |

919 North Market Street, 16ᵗʰ Flr, Wilmington, DE 19899-8705; (302) 652-4100

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

DOCS_LA:141188.1

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED: | 6-27-05 | 915 N State Chi IL |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Leonard Wilson | Personally |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| John Chicoton | Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____6-27-05_____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedures, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (s) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails  to  allow  reasonable  time  for  compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

Trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no     exception     or     waiver     applies,     or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research,     development,     or     commercial     information,     or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# **EXHIBIT 5**

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al. | ) | Case No.    MISC |
| | | USBC for D.DE 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**SUBPOENA FOR RULE 30(b)(6) DEPOSITION**

TO: Employers Insurance Company of Wausau
    2000 Westwood Drive
    Wausau, WI 54401

[X] YOU ARE COMMANDED to designate a representative, pursuant to Rules 26, 30(b)(6), and 45 of the Federal Rules of Civil Procedure, to appear at the place, date, and time specified below for the purpose of testifying as to whether Employers Insurance Company of Wausau: (i) retained the law firm of Speights & Runyan to represent Employers Insurance Company of Wausau in the above-captioned bankruptcy cases; or (ii) otherwise authorized the law firm of Speights & Runyan to file a proof of claim on Employers Insurance Company of Wausau's behalf in the above-referenced bankruptcy cases.

| PLACE OF TESTIMONY: | DATE AND TIME: |
|---|---|
| Employers Insurance Company of Wausau | |
| 2000 Westwood Drive, Wausau, WI 54401 | July 5, 2005 at 2:00 p.m. |

[X] YOU ARE COMMANDED, pursuant to Rules 26, 30(b)(6), and 45 of the Federal Rules of Civil Procedure, to produce and have the witness bring copies of the following documents or objects to the above-referenced deposition (PLEASE NOTE that documents related to privileged attorney-client advice, if any, are not being requested):

(1) Any documents reviewed, after receipt of this Subpoena, for purposes of preparing the witness for the deposition that is to take place pursuant to this Subpoena.

(2) Any documents related to the retention of the law firm of Speights & Runyan for the purpose of filing a proof of claim or otherwise representing Employers Insurance Company of Wausau in the above-captioned bankruptcy cases.

(3) Any documents that support or otherwise relate to any proofs of claim that Employers Insurance Company of Wausau filed in the above-captioned bankruptcy cases.

(4) Any and all other documents upon which the witness will rely for his or her testimony.

| PLACE: | DATE AND TIME: |
|---|---|
| Employers Insurance Company of Wausau | |
| 2000 Westwood Drive, Wausau, WI 54401 | July 5, 2005 at 2:00 p.m. |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Federal Rules of Civil Procedure, 30(b)(6).

*Scotta E. McFarland (DE Bar.No. 4104)*    *6/30/2005*
ISSUING OFFICER'S SIGNATURE AND TITLE                        DATE

SCOTTA E. McFARLAND
919 North Market Street, 16th Flr, Wilmington, DE 19899-8705; (302) 652-4100

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

## PROOF OF SERVICE

_6/22/05_ DATE                          PLACE _2000 Westwood Drive, Wausau, Wi 54401_

SERVED:
_Employers Insurance Co. of Wausau    Corporate_
SERVED ON (PRINT NAME)                  MANNER OF SERVICE

_Ellsworth Borchardt_                   _Private Detective_
SERVED BY (PRINT NAME)                  TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _6/22/05_                   _Ellsworth Borchardt_
DATE                                    SIGNATURE OF SERVER

_3408 Thunderbird Ln._
ADDRESS OF SERVER

_Wausau, Wi 54401_

Rule 45, Federal Rules of Civil Procedures, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (s) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

Trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# DELIVERY RECORD

NAME: _Employers Insurance Co of Wausau_
ADDRESS: _2000 Westwood Drive, Wausau WI 54401_
TELEPHONE NUMBER: ( _____ ) _____ - _____
DIRECTIONS:

_____
_____
_____

ACCEPTED BY: _Kim Hannan_ . _Corp legal Secretary_ . _June 22_ , 20 _05_
            Signature              Title             Date

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Description of person accepting delivery: Sex: _F_ .     Race: _W_ .
Apparent age: _35 - 45_ .    Weight: _125-160_ .    Height: _5'9-10"_ .
   Hair color: _Brown_ .    Length: _Reg_ .    Eye color: _____ .
Glasses? Y / N: ( ).     Beard? Y / N ( ).     Moustache? Y / N ( ).
Other identifying information: _____
_____

Person was identified by: Own Admission: _✗_ . Other identification: _____ .
Type of I.D.: _____ . Number on I.D.: _____ .

Explanation of delivery attempts and / or mileage:

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**EXHIBIT 6**

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al. | ) | Case No.   MISC |
| | | USBC for D.DE 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**SUBPOENA FOR RULE 30(b)(6) DEPOSITION**

TO: Maryland Casualty Company

    1400 American Lane, Tower 1 19th Floor
    Schaumburg, IL 60196-1056

[X] YOU ARE COMMANDED to designate a representative, pursuant to Rules 26, 30(b)(6), and 45 of the Federal Rules of Civil Procedure, to appear at the place, date, and time specified below for the purpose of testifying as to whether Maryland Casualty Company: (i) retained the law firm of Speights & Runyan to represent Maryland Casualty Company in the above-captioned bankruptcy cases; or (ii) otherwise authorized the law firm of Speights & Runyan to file a proof of claim on Maryland Casualty Company's behalf in the above-referenced bankruptcy cases.

| PLACE OF TESTIMONY: | DATE AND TIME: |
|---|---|
| Law Offices of Kirkland & Ellis LLP | |
| 200 East Randolph Drive, Chicago, IL 60601 | July 1, 2005 at 2:00 p.m. |

[X] YOU ARE COMMANDED, pursuant to Rules 26, 30(b)(6), and 45 of the Federal Rules of Civil Procedure, to produce and have the witness bring copies of the following documents or objects to the above-referenced deposition (PLEASE NOTE that documents related to privileged attorney-client advice, if any, are not being requested):

(1) Any documents reviewed, after receipt of this Subpoena, for purposes of preparing the witness for the deposition that is to take place pursuant to this Subpoena.

(2) Any documents related to the retention of the law firm of Speights & Runyan for the purpose of filing a proof of claim or otherwise representing Maryland Casualty Company in the above-captioned bankruptcy cases.

(3) Any documents that support or otherwise relate to any proofs of claim that Maryland Casualty Company filed in the above-captioned bankruptcy cases.

(4) Any and all other documents upon which the witness will rely for his or her testimony.

| PLACE: | DATE AND TIME: |
|---|---|
| The Offices of Kirkland & Ellis LLP | |
| 200 East Randolph Drive, Chicago, IL 60601 | July 1, 2005 at 2:00 p.m. |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE | DATE |
|---|---|
| Scotta E. McFarland (DE Bar No. 4184) | 6/20/2005 |
| SCOTTA E. McFARLAND | |

919 North Market Street, 16th Flr, Wilmington, DE 19899-8705; (302) 652-4100

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED: | 6/21/05 | 1007 ORANGE St WILM DE 19801 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| MARYLAND CASUALTY CO | By HAND to JEFFREY Wisler AT 9:00Am |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| FRANK JOYCE | Process Sewer |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    6/21/05
DATE

SIGNATURE OF SERVER
PARCELS INC
4 E 7TH St
ADDRESS OF SERVER
WILM DE 19801

Rule 45, Federal Rules of Civil Procedures, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (s) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

Trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person who is not a party or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT 7

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al. | ) | Case No.   MISC |
| | ) | USBC for D.DE 01-01139 (JKF) |
| Debtors. | ) | (Jointly Administered) |

**SUBPOENA FOR RULE 30(b)(6) DEPOSITION**

TO: Jefferson-Pilot Life Insurance Company
100 N. Green St.,
Greensboro, NC 27401

[X] YOU ARE COMMANDED to designate a representative, pursuant to Rules 26, 30(b)(6), and 45 of the Federal Rules of Civil Procedure, to appear at the place, date, and time specified below for the purpose of testifying as to whether Jefferson-Pilot Life Insurance Company: (i) retained the law firm of Speights & Runyan to represent Jefferson-Pilot Life Insurance Company in the above-captioned bankruptcy cases; or (ii) otherwise authorized the law firm of Speights & Runyan to file a proof of claim on Jefferson-Pilot Life Insurance Company's behalf in the above-referenced bankruptcy cases.

| PLACE OF TESTIMONY: | DATE AND TIME: |
|---|---|
| Jefferson-Pilot Life Insurance Company | |
| 100 North Green Street, Greensboro, NC  27401 | July 6, 2005 at 2:00 p.m. |

[X] YOU ARE COMMANDED, pursuant to Rules 26, 30(b)(6), and 45 of the Federal Rules of Civil Procedure, to produce and have the witness bring copies of the following documents or objects to the above-referenced deposition (PLEASE NOTE that documents related to privileged attorney-client advice, if any, are not being requested):

(1) Any documents reviewed, after receipt of this Subpoena, for purposes of preparing the witness for the deposition that is to take place pursuant to this Subpoena.

(2) Any documents related to the retention of the law firm of Speights & Runyan for the purpose of filing a proof of claim or otherwise representing Jefferson-Pilot Life Insurance Company in the above-captioned bankruptcy cases.

(3) Any documents that support or otherwise relate to any proofs of claim that Jefferson-Pilot Life Insurance Company filed in the above-captioned bankruptcy cases.

(4) Any and all other documents upon which the witness will rely for his or her testimony.

| PLACE: | DATE AND TIME: |
|---|---|
| Jefferson-Pilot Life Insurance Company | |
| 100 North Green Street, Greensboro, NC  27401 | July 6, 2005 at 2:00 p.m. |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE | DATE |
|---|---|
| SCOTTA E. McFARLAND   (DE Bar No. 4184) | 6/30/2005 |
| 919 North Market Street, 16th Flr, Wilmington, DE 19899-8705; (302) 652-4100 | |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

DOCS_LA: 41192.1

## PROOF OF SERVICE

2:10 P.M

DATE June 22, 2005    PLACE 100 N. Greene Street Greensboro, NC 27401

SERVED: Richard T. Stange    Corporate

SERVED ON (PRINT NAME)    MANNER OF SERVICE

Patti Mitchell    Process Server

SERVED BY (PRINT NAME)    TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Patti Mitchell

Executed on    June 22, 2005    SIGNATURE OF SERVER
DATE

6806 Renwick Ct.

ADDRESS OF SERVER

Greensboro, NC 27410

Rule 45, Federal Rules of Civil Procedures, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (s) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

Trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT 8

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al. | ) | Case No. MISC |
| | ) | USBC for D.DE 01-01139 (JKF) |
| Debtors. | ) | (Jointly Administered) |

**SUBPOENA FOR RULE 30(b)(6) DEPOSITION**

TO: The Fort Wayne Chamber of Commerce

826 Ewing Street,
Fort Wayne, IN 46802

[X] YOU ARE COMMANDED to designate a representative, pursuant to Rules 26, 30(b)(6), and 45 of the Federal Rules of Civil Procedure, to appear at the place, date, and time specified below for the purpose of testifying as to whether The Fort Wayne Chamber of Commerce: (i) retained the law firm of Speights & Runyan to represent The Fort Wayne Chamber of Commerce in the above-captioned bankruptcy cases; or (ii) otherwise authorized the law firm of Speights & Runyan to file a proof of claim on The Fort Wayne Chamber of Commerce's behalf in the above-referenced bankruptcy cases.

| PLACE OF TESTIMONY: | DATE AND TIME: |
|---|---|
| The Fort Wayne Chamber of Commerce | |
| 826 Ewing Street, Fort Wayne, Indiana 46802 | July 11, 2005 at 9:00 a.m. |

[X] YOU ARE COMMANDED, pursuant to Rules 26, 30(b)(6), and 45 of the Federal Rules of Civil Procedure, to produce and have the witness bring copies of the following documents or objects to the above-referenced deposition (PLEASE NOTE that documents related to privileged attorney-client advice, if any, are not being requested):

(1) Any documents reviewed, after receipt of this Subpoena, for purposes of preparing the witness for the deposition that is to take place pursuant to this Subpoena.

(2) Any documents related to the retention of the law firm of Speights & Runyan for the purpose of filing a proof of claim or otherwise representing The Fort Wayne Chamber of Commerce in the above-captioned bankruptcy cases.

(3) Any documents that support or otherwise relate to any proofs of claim that The Fort Wayne Chamber of Commerce filed in the above-captioned bankruptcy cases.

(4) Any and all other documents upon which the witness will rely for his or her testimony.

| PLACE: | DATE AND TIME: |
|---|---|
| The Fort Wayne Chamber of Commerce | |
| 826 Ewing Street, Fort Wayne, Indiana 46802 | July 11, 2005 at 9:00 a.m. |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons whom consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

ISSUING OFFICER'S SIGNATURE AND TITLE _Scotta E. McFarland_ (DE Bar No. 4184)  DATE 6/20/2005
SCOTTA E. McFARLAND
919 North Market Street, 16th Flr, Wilmington, DE 19899-8705; (302) 652-4100

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Karen Tatum 5907 Bluffton Rd Fort Wayne In 46809 - 260-475-1000
(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

DOCS_LA 141404.1

JUN-21-2005 11:16

**PROOF OF SERVICE**

DATE *22 June 2005*    PLACE *826 Ewing St*
*Ft Wayne, IN 46802*

SERVED: *Fort Wayne Chamber of Commerce*

SERVED ON (PRINT NAME)                    MANNER OF SERVICE

*Tina Hartman*                    *Office Manager*
SERVED BY (PRINT NAME)                    TITLE

*Karen Tatum*                    *Process Server*

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    *6·22·2005*        *Karen F Tatum*
                DATE                SIGNATURE OF SERVER

                        *5907 Bluffton Road*
                        ADDRESS OF SERVER

                        *Ft. Wayne, IN. 46809*

Rule 45, Federal Rules of Civil Procedures, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (e) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

Trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.