IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | Hearing Date: August 22, 2005 @ 12:00pm |
| | ) | Objection Deadline: August 5, 2005 @ 4:00pm |
| | ) | |
| | ) | RE: Docket Nos. 8645, 8646, 8647, 8648, |
| | ) |           8649, 8650, 8651, 8652 |

**MOTION OF ANDERSON MEMORIAL HOSPITAL AS
CLASS REPRESENTATIVE FOR A PROTECTIVE ORDER**

Anderson Memorial Hospital ("Anderson"), by and through its undersigned counsel, hereby moves this Court for the entry of a Protective Order pursuant to Rule 7026(c) of the Federal Rules of Bankruptcy Procedure and Local Rule 30.2 prohibiting the debtors from taking the depositions upon oral examination of Northwest Community Hospital (Claim #6734); the American Medical Association (Claim #6661); Maryland Casualty Company (Claim #6721); Employers Insurance Company of Wausau (Claim #6672); Jefferson Pilot Life Insurance Company (Claim #6701); Byars Machine Company, Inc. (Claim #10873); Harvard Vanguard Medical Associates Management Offices (Claim #6726); and the Fort Wayne Chamber of Commerce (Claim #6630). In support of this Motion, Anderson would respectfully show as follows:

1. By this motion, Anderson seeks the Court's protection from Notices of Deposition served by the debtors and first received by counsel for Anderson on Monday June 27, 2005, wherein the debtors noticed depositions of nine class members in the Anderson certified or putative class actions. These depositions were purportedly scheduled to begin on June 30, 2005

in Chicago, Illinois and to continue on consecutive business days across the country.[1] After conducting a meet and confer with Grace's counsel on June 29, 2005, counsel for the debtor advised that it would agree to suspend the depositions for seven days, and would suspend the depositions permanently if Speights & Runyan would sign a debtor-prepared stipulation relating to its representation of certain claimants. The proposed stipulation was sent via e-mail, after hours, on Thursday, June 30, 2005, and was unacceptable for reasons Speights & Runyan had explained during the meet and confer session which they agreed to discuss at a face to face meeting and because the Debtor had added another unacceptable condition never discussed during the meet and confer session.

2. On Friday, July 1, 2005, counsel for Anderson and counsel for the debtor agreed to conduct a face to face meeting and confer on July 13, 2005 in Washington, D.C. Nevertheless, counsel for the debtor refused to further suspend the noticed depositions (which were the primary purpose of the July 13, 2005 meeting) unless counsel for Anderson executed the debtor-prepared stipulation.

3. After a three day holiday weekend, the debtor then re-served its amended notices on July 5, 2005 to commence in Chicago, Illinois on July 7, 2005, and including a deposition in Greensboro, North Carolina, on July 13, 2005, the very date the Debtors agreed to meet in Washington, D.C.[2] This manifested the debtor's position that the seven day suspension apparently included a three-day holiday weekend inconsistent with Rule 6 of the Federal Rules of Civil Procedure, under which the suspension would have elapsed on July 14, 2005, the day after the scheduled meeting. This effectively gave counsel for Anderson two days to prepare for and travel to Chicago for the deposition.

---

[1] A list of the Notices at issue is attached hereto as Exhibit "A."

4. As a first basis for the motion, Anderson notes that its counsel received the first round of deposition notices with just two intervening working days before the first scheduled deposition is to commence. After making this point to the debtor on June 29, 2005, the debtor then re-served its notices giving Anderson even less notice the second time. This simply is not enough notice to properly respond to these notices.

5. As a second basis for the motion, Anderson notes that seven of the nine proposed deponents represent claims that have been withdrawn, therefore making the requested discovery moot.

6. As a third basis for the motion, Anderson submits that each of these notices seeks deposition testimony from absent class members to a certified or putative class action. Such discovery is rarely, if ever, permitted. Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 811, 105 S.Ct. 2965, 86 L.Ed.2d 628, 641 (1985) ("Unlike a defendant in a normal civil suit, an absent class-action plaintiff is **not required to do anything.** He may sit back and allow the litigation to run its course, content in knowing that there are safeguards provided for his protection. . . . [discovery, counter-claims, cross-claims or court costs] **are rarely imposed upon plaintiff class members.**") (Emphasis supplied). Even in those cases where it is permitted, it is strictly limited by the Court and allowed only after the party seeking the discovery has made a strong showing of need and justification. Enterprise Wallpaper Co. v. Bodman, 85 F.R.D. 325 (S.D.N.Y.1980); Kreuger v. New York Telephone Co., 163 F.R.D. 446 (S.D.N.Y.1995); see also, Manual for Complex Litigation, §30.232.

7. As a fourth basis for the motion, Anderson submits that the notices issued with respect to Northwest Community Hospital (Claim #6734); the American Medical Association (Claim #6661); Maryland Casualty Company (Claim #6721); Employers Insurance Company of

---

[2] A list of the Notices at issue is attached hereto as Exhibit "B."

Wausau (Claim #6672); Jefferson Pilot Life Insurance Company (Claim #6701); Harvard Vanguard Medical Associates Management Offices (Claim #6726); and the Fort Wayne Chamber of Commerce (Claim #6630), violate an agreement reached between Speights & Runyan and the debtor regarding timing and sequencing of objections. On February 16, 2005, Mr. Speights meet with representatives of the debtor in Boca Raton, Florida and agreed to a stipulation in which the debtor would "not file objections" to a list of claims which included those identified in this paragraph unless and until it gave Speights & Runyan at least thirty (30) days notice of its intent to do so. The pending objection for these claims and the attendant notice of depositions were filed with no notice to Speights & Runyan. Accordingly, Anderson requests that this Court prohibit the debtor from proceeding with this discovery until the expiration of the agreed upon notice period.

8.   As a fifth basis for the motion, Anderson submits that the requested depositions are irrelevant and would serve no useful purpose. The factual basis upon which Anderson through Speights & Runyan claims authority as a putative or certified class representative to file the claims subject to the notices of deposition is undisputed. It is the legal implications of the facts that are the subject of Grace's objections.

9.   As a sixth basis for the Motion, the Speights & Runyan attorney responsible for defending the discovery injured his knee on Sunday, July 3, 2005, and is scheduled for surgery on Thursday, July 7, 2005, the date of the first scheduled deposition, and is simply unavailable to participate in this discovery.

10.   Anderson reserves the right to raise any other basis that may become apparent for the issuance of the protective order sought by this motion.

WHEREFORE, Anderson respectfully requests that the Court grant the relief requested in the Motion and grant such other and further relief as is just and proper.

Date: July 6, 2005

_____
Christopher D. Loizides (#3968)
Michael J. Joyce (#4563)
LOIZIDES & ASSOCIATES
1225 King Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 654-0248
Facsimile: (302) 654-0728
E-mail: loizides@loizides.com

-and-

Daniel A. Speights (SC Bar No. 4252)
SPEIGHTS & RUNYAN
200 Jackson Avenue, East
P.O. Box 685
Hampton, SC 29924
Telephone: (803) 943-4444
Facsimile: (803) 943-4599

*Counsel for Anderson Memorial Hospital in its capacity as Class Representative*

## SUMMARY OF EXHIBITS

**Exhibit A:** A summary of the depositions noticed by Debtors.

**Exhibit B:** A summary of the revised dates and times of depositions noticed by the Debtors.