# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-1139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**CASE MANAGEMENT ORDER FOR THE ESTIMATION
OF TRADITIONAL ASBESTOS PROPERTY DAMAGE LIABILITIES**

WHEREAS, on April 2, 2001, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"), which have been consolidated for administrative purposes only;

WHEREAS, by an order dated April 25, 2002, the Court set March 31, 2003 as the last date (the "PD Bar Date") for filing proofs of claim for all prepetition claims relating to traditional asbestos property damage (the "Asbestos PD Claims");

WHEREAS, approximately 4,200 Asbestos PD Claims were filed by the PD Bar Date;

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin &

WHEREAS, on July 19, 2004, the Court entered its Order Granting Limited Waiver of Del. L.R. 3007-1, which provides for the filing of Gateway Objections (as defined in the Order) in lieu of the claims objections rules prescribed by the Delaware Local Rules;

WHEREAS, on November 13, 2004, the Debtors filed their Motion for Entry of an Order Seeking the Estimation of Asbestos Claims and Certain Related Relief (the "Estimation Motion");

WHEREAS, a hearing on the Estimation Motion (the "Estimation Motion Hearing") was held on January 21, 2005;

WHEREAS, at the Estimation Motion Hearing, the Court ordered the Official Committee of Asbestos Property Damage Claimants (the "PD Committee") and the Debtors to negotiate a case management order to govern the estimation of the value of Asbestos PD Claims (the "PD Estimation");

WHEREAS, the Court has jurisdiction over the PD Estimation pursuant to 28 U.S.C. §§ 157 and 1334;

WHEREAS, the PD Estimation is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and

WHEREAS, venue of this proceeding is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

IT IS HEREBY:

1. ORDERED that Debtors' counsel, Kirkland & Ellis LLP, is designated to act as liaison counsel on behalf of all Plan proponents ("Plan Proponent Liaison Counsel") for all discovery matters with respect to the PD Estimation, and Bilzin Sumberg Baena Price & Axelrod

---

Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

LLP is designated to act as liaison counsel on behalf of the PD Committee and all Asbestos PD Claimants who elect to participate in the PD Estimation ("Asbestos PD Liaison Counsel") (Asbestos PD Liaison Counsel together with Plan Proponent Liaison Counsel, the "Liaison Counsel"[2]) solely in respect of discovery matters with respect to the PD Estimation; and it is further

      2.      ORDERED that all parties participating in the PD Estimation who fail to comply with the terms of this Order or any discovery orders issued in connection with the PD Estimation may be subject to sanctions requested by any party in accordance with the Federal Rules of Civil Procedure and the Bankruptcy Rules; and it is further

      3.      ORDERED that, pursuant to Fed. R. Civ. Pro. 26(a)(2), on or before September 1, 2005, each party-in-interest participating in the PD Estimation shall provide Liaison Counsel with notice of each person who may be used at trial to present evidence under Rules 702, 703 or 705 of the Federal Rules of Evidence, or the type of each expert which such party intends to engage for purposes of providing such testimony, in the PD Estimation (the "Expert Disclosures"). Each of the Expert Disclosures shall specify the subject(s) on which the experts or specified types of experts shall opine and the nature of the expertise of the experts. Plan Proponent Liaison Counsel shall forthwith serve all Expert Disclosures on all parties providing the same (the "PD Estimation Participants") other than Asbestos PD Liaison Counsel. Within twenty (20) days of receipt of service of the Expert Disclosures, any PD Estimation Participant may supplement its Expert Disclosure based on the information it obtained from the Expert Disclosures of the other PD Estimation Participants; and it is further

---

[2]    All actions contemplated by this Order with respect to the estimation of Asbestos PD liability by the PD Estimation Participants, should be coordinated through their respective Liaison Counsel whenever possible. The right of any party-in-interest to participate in this contested matter, however, is neither reduced nor enhanced by the existence of Liaison Counsel.

4.     ORDERED that on or before November 30, 2005, each PD Estimation Participant shall (a) designate its expert(s) which it intends to call to testify at the hearing in conjunction with the estimation of Asbestos PD liabilities (the "Estimation Hearing"); provided, however, each designated expert shall have been listed by name or by description on the designating party's Expert Disclosure (as may have been supplemented), and (b) produce and serve a report in compliance with Fed. R. Civ. Pro. 26(a)(2)(B) from each designated expert (each, an "Expert Report"); and it is further

5.     ORDERED that on or before May 1, 2006, each PD Estimation Participant may supplement any Expert Report (each, a "Supplemental Expert Report") (a) (i) based on conducted discovery, and (ii) to take into account any Expert Reports submitted by PD Estimation Participants; and (b) at any time up to twenty (20) days before the Estimation Hearing to take into account the allowance or disallowance of PD Claims pursuant to Gateway Objections or other objections to or determinations of Asbestos PD Claims.  Except as provided hereinabove, additional experts may only be designated upon leave of the Court for good cause shown; and it is further

6.     ORDERED that, pursuant to Fed. R. Civ. Pro. 26(a)(1)(A), not later than September 1, 2005, all PD Estimation Participants shall exchange the name and, if known, the address and telephone number of each individual likely to be called to testify in respect of the PD Estimation, unless solely for impeachment, identifying the subjects of the testimony.  Subsequent to September 1, 2005, but on or before February 1, 2006, any PD Estimation Participant may substitute and/or add one or more non-expert witnesses not initially designated; and it is further

7.     ORDERED that all written fact discovery to be propounded other than that relating to Expert Reports or expert testimony may commence at any time but must be concluded by February 15, 2006; and it is further

8.     ORDERED that depositions of non-expert witnesses may commence at any time, but must be concluded by March 15, 2006; and it is further

9.     ORDERED that depositions of experts may commence, and written discovery with respect to Expert Reports and Supplemental Expert Reports, as applicable, may be propounded at any time after the exchange of Expert Reports and Supplemental Expert Reports, as applicable, but all such depositions and written discovery must be concluded by June 1, 2006; and it is further

10.    ORDERED that a preliminary pre-trial conference on the Asbestos PD Estimation shall be held at the April, 2006 omnibus hearing, at which time the Court shall set a final pre-trial conference date and the date of the Estimation Hearing; and it is further

11.    ORDERED that, pursuant to Rules 26(a)(3)(A) and 26(a)(3)(B) of the Federal Rules of Civil Procedure, any party participating in the PD Estimation shall file a final non-expert/expert witness list fourteen (14) days before the Estimation Hearing. Each non-expert/expert witness list shall contain only those experts who previously provided Expert Reports consistent with the provisions above, and only those non-expert witnesses identified pursuant to paragraph 5 above; and it is further

12.    ORDERED that any pre-trial motions, including *motions in limine*, *Daubert*, and summary judgment motions, shall be filed not later than July 1, 2006. Responses to such motions shall be filed not later than twenty-one (21) days after the filing of any such motion.

Replies shall be filed not later than seven (7) days after the filing of the response to the motion. A hearing on such motions will be at the Court's direction; and it is further

13. ORDERED that on or before twenty-one (21) calendar days prior to the final pre-trial conference but not earlier than July 1, 2006, pursuant to Rule 16.4(d) of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware (the "Local Rules") and Rule 26(a)(3)(C) of the Federal Rules of Civil Procedure, Liaison Counsel shall file (i) a proposed pre-trial order, signed by each Liaison Counsel, as well as by counsel for all other PD Estimation Participants; (ii) copies of all exhibits to be offered and all schedules and summaries to be used at the Estimation Hearing; and (iii) stipulations regarding admissibility of exhibits; and it is further

14. ORDERED that any trial briefs shall be filed on or before twenty-one (21) days prior to the Estimation Hearing and that no responses thereto shall be allowed; and it is further

15. ORDERED that the Debtors shall, within twenty-one (21) days after any request therefor, without the necessity of formal discovery demands, make reasonable efforts to provide to Asbestos PD Liaison Counsel such non-privileged, non-confidential documents and information in the possession of the Debtors, its counsel or its agents, concerning the pre-petition settlement of Asbestos PD Claims by the Debtors as Asbestos PD Liaison Counsel may reasonably request in writing. Such documents and information shall be delivered in such format and at such location(s) as Asbestos PD Liaison Counsel may reasonably agree upon; and it is further

16. ORDERED that the Debtors shall, without the necessity of formal discovery demands, make reasonable efforts to provide to Asbestos PD Liaison Counsel such confidential documents and information in the possession of the Debtors, its counsel or its agents, concerning

the pre-petition settlement of Asbestos PD Claims by the Debtors as Asbestos PD Liaison Counsel may reasonably request in writing, after the expiration of twenty-one (21) days notice by the Debtors to the other parties (which notice shall be given promptly after such request by Asbestos PD Liaison Counsel) to any such confidential settlement documents and information and only if such parties do not file an objection with the Court within such twenty-one (21) days seeking an order preventing the Debtors from providing the documents or information to Asbestos PD Liaison Counsel; provided, however, in the event such an objection is filed, no documents or information shall be produced until the Court orders such production; and it is further

17.     ORDERED that in the event that any confidential documents and/or information is produced pursuant to paragraph 16 herein, Liaison Counsel may use such documents and/or information in the preparation for or at the Estimation Hearing and may share the documents and/or information with its experts (who may use such documents and/or information in their Expert Reports) or any PD Estimation Participant, unless otherwise ordered by the Court after notice and a hearing; and it is further

18.     ORDERED that paragraphs 15, 16 and 17 herein shall not either reduce nor enhance the rights of any PD Estimation Participant to seek to obtain formal discovery from the Debtors of documents and information related to pre-petition settlements of Asbestos PD Claims, and it is further

19.     ORDERED that notwithstanding anything in this Order, the deadlines specified herein may be extended by consent of each Liaison Counsel or by the Court upon motion of any PD Estimation Participant, after notice (which may be shortened and limited by the Court as it deems appropriate) and hearing; and it is further

20. ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

21. ORDERED that the Court may hear and resolve any discovery disputes telephonically at the request of any party involved in such dispute, upon notice (which may be shortened and limited by the Court as it deems appropriate); provided, however, disputes which arise during a deposition regarding such deposition may be heard telephonically and without any notice to any party not present at such deposition.

Wilmington, Delaware
Dated: July ___, 2005

_____
Honorable Judith K. Fitzgerald
United States Bankruptcy Judge