# **<u>EXHIBIT B</u>**

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., <u>et al.</u>[1] | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## CASE MANAGEMENT ORDER FOR THE ESTIMATION OF ASBESTOS PROPERTY DAMAGE LIABILITIES

WHEREAS, by an order dated April 25, 2002, the Court set March 31, 2003 as the last date (the "PD Bar Date") for filing proofs of claim for all prepetition claims relating to asbestos property damage (the "Asbestos PD Claims"); and

WHEREAS, approximately 4,200 claims were filed by the PD Bar Date; and

WHEREAS, on November 13, 2004, the Debtors filed their Motion for Entry of an Order Seeking the Estimation of Asbestos Claims and Certain Related Relief (the "Estimation Motion"); and

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin &

WHEREAS, a hearing on the Estimation Motion (the "Estimation Motion Hearing") was held on January 21, 2005; and

WHEREAS, at the Estimation Motion Hearing, the Court ordered the Asbestos Property Damage Committee (the "PD Committee") and the Debtors to negotiate a case management order to govern the estimation of Asbestos PD Claims (the "PD Estimation"); and

WHEREAS, the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and

WHEREAS, this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and

WHEREAS, venue of this proceeding is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

IT IS HEREBY ORDERED:

1.    The Debtors' counsel, Kirkland & Ellis LLP, is designated to act as liaison counsel on behalf of all Plan proponents ("Plan Proponent Liaison Counsel") for all discovery matters with respect to the PD Estimation, and Bilzin Sumberg Baena Price & Axelrod LLP is designated to act as liaison counsel on behalf of the PD Committee and all Asbestos PD Claimants who make an appearance before the Court in connection with the PD Estimation ("Asbestos PD Liaison Counsel") (Asbestos PD Liaison Counsel together with Plan Proponent Liaison Counsel, the "Liaison Counsel"[2]) for all discovery matters with respect to the PD Estimation;

---

Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2]    All actions contemplated by this Order with respect to the estimation of Asbestos PD liability by the Plan Proponents, Asbestos PD Committee or Asbestos PD Claimants who make an appearance before the Court in connection with the estimation, should be coordinated through their respective Liaison Counsel whenever possible.  The right of any party to participate in this contested matter, however, is neither reduced nor enhanced by the existence of Liaison Counsel.

2.      In connection with this Order, the Court has also entered a Case Management Order for the Adjudication of Asbestos Property Damage Claims Objections (the "Objection Order") for the disposition of certain Asbestos PD Claims based on No-Authority and Gateway Objections as defined therein.  The disposition of such Asbestos PD Claims set forth in the Objection Order shall be done in a timely manner so as to be consistent with the dates set forth herein.

**Estimation Phase I**

3.      The litigation of evidence for the PD Estimation shall be presented by the Debtors in two phases.  Phase I shall address the Debtors' contentions that: (i) certain methodologies for determining exposure to asbestos must comply with Rule 702 of the Federal Rules of Evidence, and (ii) all claims asserted on or after a certain date are subject to a statue of limitations defense to the extent triggered by constructive notice (collectively, the "Phase I Issues").  The Debtors believe that these Phase I Issues can be heard on a common basis and aggregated for all Asbestos PD Claims.  The PD Committee disagrees. The Debtors shall, by October 17, 2005, designate experts and submit expert reports ("Phase I Expert Reports") addressing such issues.

4.      The Phase I Expert Reports may be supplemented on or before November 14, 2005 only (a) on the basis of new facts ascertained during the course of discovery; or (b) in proper rebuttal of an expert report submitted by other parties;

5.      All written fact discovery relating to Phase I Issues  may commence at any time but must be concluded by October 17, 2005;

6.      Not later than November 14, 2005, the parties shall identify the non-expert witnesses they intend to call, if any, at the Phase I  Hearing;

7.      Depositions of experts and non-experts relating to Phase I Issues may commence at any time, but all such depositions must be concluded by December 1, 2005;

8.      Pursuant to Rules 26(a)(3)(A) and 26(a)(3)(B) of the Federal Rules of Civil Procedure, any party participating in the Phase I Hearing shall file a final fact witness/expert list on or before December 5, 2005;

9.      A preliminary pre-trial conference on Phase I Issues shall be held at the December 19, 2005 omnibus hearing, at which time the Court may set a January, 2006 final pre-trial conference date and a February, 2006 trial date (the "Phase I Hearing") for the Phase I Issues.

10.     Any pre-trial motions, including *motions in limine*, *Daubert*, and summary judgment motions related to the Phase I Issues, shall be filed not later than December 19, 2005. Responses to such motions shall be filed not later than 21 days after the filing of any such motion.  Replies shall be filed not later than 7 days after the filing of the response to the motion. A hearing on such motions will be at the Court's direction;

11.     On or before 14 calendar days prior to the final pre-trial conference on Phase I Issues pursuant to Rule 16.4(d) of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware (the "Local Rules") and Rule 26(a)(3)(C) of the Federal Rules of Civil Procedure, Liaison Counsel shall file (i) a proposed pre-trial order, signed by each Liaison Counsel as well as by counsel for any party participating in the Phase I Hearing; (ii) copies of all exhibits to be offered and all schedules and summaries to be used at the Phase I Hearing; and (iii) stipulations regarding admissibility of exhibits;

12.     Any trial briefs on Phase I Issues shall be filed on or before 21 calendar days prior to the Phase I  Hearing and no responses thereto shall be allowed;

**Estimation Phase II**

13.     Any party participating in the PD Estimation seeking to call one or more experts shall designate such expert(s) and produce and serve a report in compliance with Federal Rule of Civil Procedure 26(a)(2) from each expert (each, a "Phase II Expert Report") on or before January 16, 2006.  The Phase II Expert Reports may be supplemented on or before February 16, 2006, only (a) on the basis of new facts ascertained during the course of discovery; or (b) in proper rebuttal of any Phase II Expert Reports submitted by other parties;

14.     All written fact discovery relating to PD Estimation may commence at any time but must be concluded by January 16, 2006

15.     Not later than February 16, 2006, the parties shall identify the non-expert witnesses they intend to call at the Phase II Estimation Hearing;

16.     Depositions of non-experts and experts related to Estimation Issues may commence, at any time, but all such depositions must be concluded by March 15, 2006;

17.     A preliminary pre-trial conference on the PD Estimation shall be held at the Omnibus Hearing to be set by this Court for the month of April, 2006, at which time the Court may set a final pre-trial conference date and a June, 2006 trial date for  PD Estimation (the "Phase II Estimation Hearing);

18.     Pursuant to Rules 26(a)(3)(A) and 26(a)(3)(B) of the Federal Rules of Civil Procedure, any party participating in the Phase II Estimation Hearing shall file a final fact witness/expert list on or before April 3, 2006;

19.     Any pre-trial motions, including *motions in limine*, *Daubert*, and summary judgment motions, shall be filed not later than May 1, 2006.  Responses to such motions shall be filed not later than 21 days after the filing of any such motion.  Replies shall be filed not later

5

than 7 days after the filing of the response to the motion.  A hearing on such motions will be at the Court's direction;

20.      On or before 21 calendar days prior to the final pre-trial conference but not earlier than May 30, 2006 pursuant to Rule 16.4(d) of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware (the "Local Rules") and Rule 26(a)(3)(C) of the Federal Rules of Civil Procedure, Liaison Counsel shall file (i) a proposed pre-trial order, signed by each Liaison Counsel as well as by counsel for any party participating in the PD Estimation; (ii) copies of all exhibits to be offered and all schedules and summaries to be used at the Phase II Estimation Hearing; and (iii) stipulations regarding admissibility of exhibits;

21.      Any trial briefs on PD Estimation shall be filed on or before 30 calendar days prior to the Phase II Estimation Hearing and no responses thereto shall be allowed;

**Notice of This Order**

22.      Within 10 days of entry of this Order, the Debtors shall serve a copy of this Order on counsel for each and every claimant who has filed an Asbestos PD Claim, or if the claimant is not represented by counsel on the claimant, at the address listed for counsel or the claimant, as applicable, on the claimant's Asbestos PD Claim.

Wilmington, Delaware
Dated:  July ___, 2005

_____
Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

6