## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) Case No. 01-1139 (JKF) |
| W.R. GRACE & CO., et al. | ) (Jointly Administered) |
|  | ) |
| Debtors. | ) Related Docket Nos. 8394, 8395, 8396 |
|  | ) |

## BRIEF IN SUPPORT OF FUTURE CLAIMANTS REPRESENTATIVE'S
## FORM OF QUESTIONNAIRE AND CMO

David T. Austern, the legal representative for future asbestos claimants (the "Future Claimants Representative") appointed by this Court in the above-captioned Chapter 11 cases, by counsel, submits this brief in support of his proposed form of an Asbestos Personal Injury Questionnaire, attached hereto as Exhibit A (the "Questionnaire") and a Case Management Order for the Estimation of Asbestos Personal Injury Liabilities, attached hereto as Exhibit B (the "CMO").[1]  In support hereof, the Future Claimants Representative states:

1.  On November 13, 2004, Debtors filed, among other things, Debtors' Motion for Entry of an Order Seeking the Estimation of Asbestos Claims and Certain Related Relief [Doc. No. 6899] (the "Estimation Motion").[2]

2.  On January 21, 2005, a hearing was held on the Estimation Motion.  During the hearing, the Court indicated that a questionnaire could be used by Debtors as a discovery device.

---

[1] As ordered by the Court during the June 27, 2005 hearing, the parties met on July 8, 2005 to confer regarding the form of a case management order and questionnaire.  Because the parties were unable to reach agreement the Future Claimants Representative submits a proposed Questionnaire and CMO for the Court's consideration.

[2] While it is not clear whether Debtors intend to rely on Section 502(c) to estimate future claims, it is clear that they seek to cap present and future Asbestos PI Claims.  The Future Claimants Representative objected to the Estimation Motion and nothing herein is a waiver of the Future Claimants Representative's objections, arguments or positions with respect to any proposed estimation of future Asbestos Claims under Section 502(c) or any proposed estimation of Asbestos Claims for distribution purposes.  The Future Claimants Representative maintains his position that any estimation of future Asbestos Claims should be made solely for confirmation purposes under Section 524(g).

See Jan. 21, 2005 Hr'g Tr., at p. 132 ("It seems to me that if the debtor thinks that it has some value to do a questionnaire, . . . [as a] form of discovery, I think . . . we could treat it as though it's a series of interrogatories.").

3.    Also, during the January 21, 2005 hearing, the Court ordered the Asbestos Personal Injury Committee, the Future Claimants Representative, and Debtors to negotiate a case management order to govern the estimation of Asbestos PI Claims.    Although there were discussions among Debtors, the Asbestos PI Committee, and the Future Claimants Representative regarding a case management order, Debtors at that time refused to modify their proposed case management order and questionnaire, and thus no agreement was reached.

4.    On May 10, 2005, Debtors filed Debtors' Motion to Approve PI CMO and Questionnaire [Doc No. 8394] (the "CMO and Questionnaire Motion") with an accompanying memorandum in support thereof [Doc. No. 8395].    Debtors' proposed case management order at that time contemplated a schedule leading to trial in December 2006, and the proposed questionnaire was 20 pages long (with instructions).

5.    The Future Claimants Representative objected [Doc. No. 8818] to Debtors' CMO and Questionnaire Motion.[3]    In short, the CMO and Questionnaire Motion was designed to implement Debtors' "liability cap" strategy by effectively disenfranchising and disallowing Asbestos PI Claims outside of a claims allowance process.  The Future Claimants Representative does not believe an estimation proceeding is the appropriate procedural mechanism for barring Asbestos PI Claimants from asserting claims against Debtors.  The Debtors understand, of course, that estimation of future claims will be based upon and extrapolated from historical and present claims and trends.  By attempting improperly to eliminate or reduce present claims,

---

[3] The Future Claimants Representative's objections to Debtors' CMO and Questionnaire Motion remain, and are incorporated by reference herein.

2

Debtors are seeking unfairly to limit their liability for future claims as well, and thus are fighting

to preserve equity while not paying their creditors in full.

6.      On June 27, 2005, the Court held a hearing on Debtors' eighth motion to extend

the exclusive periods for soliciting votes and filing a plan of reorganization, during which

arguments were made regarding the CMO and Questionnaire Motion.

7.      During the June 27, 2005 hearing, the Court made it clear that it would approve a

questionnaire for use as discovery in connection with an estimation proceeding:

> I will approve a claim form of some sort.  I'm not saying what sort, but I will,
> folks, approve a claim form because it may be useful to all parties in the
> estimation, and I will consider it appropriate discovery.  Rather than taking
> depositions of 400,000 personal injury plaintiffs, we're going to do it through
> claim forms.

June 27, 2005 Hr'g Tr., at p. 71.

> I don't expect a 20-page claim form . . . [t]hat will be outrageous.  It will not be
> necessary.  But some basic information, yes.  I think the debtor and the other
> parties will benefit from it.

June 27, 2005 Hr'g Tr., at p. 72.

8.      The Court also made it clear that it wanted a case management order with a more

expedited schedule:

> [The schedule in Debtors' proposed case management order is] too long.  I want it
> shorter, a shorter time frame.

June 27, 2005 Hr'g Tr., at p. 56.

> If you folks can't agree on a case management order, you're going to get one, and
> it's going to be my dates and my time frames.  I would like your input into that
> because I would like to know reasonably how much time you need for discovery.
> But if it's overly delayed, it's not going to work, I will give you different dates,
> and that's how it's going to be.  We're simply going to get this done.

June 27, 2005 Hr'g Tr., at p. 69.

> I'm happy with a form if that's what the debtor wants to try to do to see whether
> or not some vital information on the personal injury side can be adduced so that

> everybody can make use of it for whatever your position's going to be on the
> estimation hearing. But that can be done in a much more rapid fashion than
> requiring a trial in December of next year.

June 27, 2005 Hr'g Tr., at p. 70.

    9.     In addition, during the June 27, 2005 hearing, the Court ordered the parties to meet during the week of July 5, 2005 to discuss the form of a case management order and questionnaire. The parties met on July 8, 2005, and while some progress was made, the parties did not reach agreement on the terms of a consensual case management order and questionnaire. Accordingly, the Future Claimants Representative respectfully submits a proposed Questionnaire and a proposed CMO, attached hereto as Exhibits A and B, respectively.[4]

    11.    The Future Claimants Representative believes his proposed Questionnaire and CMO are reasonable. The three-page Questionnaire seeks the key information necessary to identify and analyze claims. The entire Questionnaire package is only nine pages, including the instructions, a one-page appendix, and a separate one-page Related-Party Questionnaire for claims not involving physical injury to the claimant, such as a claim for loss of consortium by a spouse. The CMO proposes a more expedited schedule than the Debtors' schedule, and contemplates an estimation hearing in May 2006.

    12.    The Future Claimants Representative believes his proposed Questionnaire and CMO achieve the Court's (and his) goals of having a questionnaire function efficiently as a discovery tool and for the estimation litigation to proceed on a realistic time frame.[5]

---

[4] The Future Claimants Representative used Debtors' proposed case management order as a starting point for his CMO. Attached as Exhibit C is a black lined document, which reflects the Future Claimants Representative's changes to Debtors' proposed case management order. Attached as Exhibit D is a table that compares the dates proposed in Debtors' case management order with the dates in the Future Claimants Representative's CMO.

[5] The Future Claimants Representative has deleted the Debtors' concept of "liaison counsel" because he believes that he and the official committees should be permitted to act through their respective counsel, as each has differing interests.

13.    Although the Questionnaire is not a claim form, and the Court has recently indicated that it would not set a bar date, the Future Claimants Representative is concerned that claimants may not submit the Questionnaire unless some incentives are put in place. A relatively small questionnaire response could unfairly result in an estimation of future claims that is unreasonably low. In considering this issue, the Future Claimants Representative believes that the following consequences are reasonable and appropriate:

(a)    the Court's confirmation order should provide that all Asbestos Claimants who timely file and make a good faith effort to complete a Questionnaire may be placed first in line for processing of their claims under any Trust Distribution Procedures approved as part of any confirmed plan of reorganization;[6] and

(b)    the Questionnaire and the Court's order should place all Asbestos Claimants who filed suit against Debtors prior to the petition date on notice that the failure to timely submit a Questionnaire and/or the failure to make a good faith attempt to complete a Questionnaire may subject such claimant to sanctions and/or other relief available under Fed. R. Civ. P. 37, as made applicable by Fed. R. Bankr. P. 7037 and 9014.[7]

The Future Claimants Representative has included these provisions in the attached proposed CMO.

---

[6] Most Trust Distribution Procedures establish a "FIFO Processing Queue" establishing the order in which the Trust reviews and considers claims, based upon the date claims are submitted to the Trust, and a "FIFO Payment Queue" for sequencing claims payments, based upon when claims are approved for payment by the Trust. Placing a claimant first in the FIFO Processing Queue would not result in that claimant being paid any more than other claimants, but if such claimant submits all information required by the Trust and his or her claim is approved by the Trust, that claimant would be paid sooner under a Trust than claimants who do not timely provide information.

[7] For example, if a party fails or refuses to answer interrogatories, the Court has authority to, among other things, prohibit that party from introducing matters in evidence, strike out pleadings, or render judgment by default against the disobedient party, i.e., to disallow a subsequent claim filed by a claimant who fails or refuses to timely submit a Questionnaire. See Fed. R. Civ. P. 37(b)(2)(B) and (C), and 37(d). Rule 37 also gives the Court other means of requiring a claimant to timely file a Questionnaire. See, e.g., Fed. R. Civ. P. 37(a)(4) (authority to impose sanctions).

14.    Contrary to the Debtors' view, the Future Claimants Representative believes the Court should not impose any bar, constraints, presumptions or assumptions upon experts who may opine on the results of the Questionnaires; rather, each expert should be free to draw his or her own conclusions, as he or she believes appropriate.    Accordingly, the Future Claimants Representative's proposed CMO does not create any presumption if a claimant does not return a Questionnaire.

WHEREFORE, for the reasons set forth herein and in the Future Claimants Representative's objection to Debtors' CMO and Questionnaire Motion, the Future Claimants Representative respectfully requests that the Court deny Debtors' Motion to Approve PI CMO and Questionnaire, approve the form of Questionnaire attached hereto as Exhibit A, enter the CMO attached hereto as Exhibit B, and grant such other and further relief as may be just and proper.

Respectfully submitted,

PHILLIPS, GOLDMAN & SPENCE, P.A.

Dated:  July 13, 2005

John C. Phillips, Jr., Esquire (#110)
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200
(302) 655-4210 (facsimile)

Roger Frankel, Esquire
Richard H. Wyron, Esquire
Monique D. Almy, Esquire
Debra L. Felder, Esquire
Swidler Berlin LLP
3000 K Street, N.W., Suite 300
Washington, D.C. 20007
(202) 424-7500
(202) 424-7643 (facsimile)

Counsel for David T. Austern,
Future Claimants Representative

6

# Exhibit A

**THE COURT HAS ORDERED THAT THIS FORM MUST BE
COMPLETED AND RETURNED BY SEPTEMBER 30, 2005**

# W.R. GRACE ASBESTOS PERSONAL INJURY QUESTIONNAIRE

**United States Bankruptcy Court for the District of Delaware**
*In re W.R. Grace & Co., et al., Case No. 01-01139 (JKF) (Jointly Administered)*

Carefully read the Instructions included with this Questionnaire before completing. Complete ALL applicable questions and attach ALL required documents and supporting information to this Questionnaire. If delivered by U.S. mail, address to Rust Consulting, Inc., Claims Processing Agent, Re: W.R. Grace & Co. Bankruptcy, P.O. Box 1620, Faribault, MN 55021. If delivered by any method other than U.S. mail, address to Rust Consulting, Inc., Claims Processing Agent, Re: W.R. Grace & Co. Bankruptcy, 201 S. Lyndale Ave., Faribault, MN 55021.

*IN ORDER TO BE VALID, THIS QUESTIONNAIRE MUST BE SIGNED BY THE CLAIMANT OR THE
CLAIMANT'S AUTHORIZED AGENT OR THE CLAIMANT'S ATTORNEY.*

*Please print clearly and use blue or black ink.*

## PART 1: IDENTIFYING INFORMATION (see instructions)

A. Do you claim the injured party's asbestos exposure is attributable to any of the companies listed on the attached Appendix A (collectively referred to as "W.R. Grace"):  ☐ Yes  ☐ No

B. Injured Party

First Name _____   MI ____   Last Name _____   Jr/Sr/III ____

The injured party is:  ☐ Living  ☐ Deceased, date of death _____/_____/_____ *(Month/Day/Year)*

_____

*If injured party is deceased (or incapacitated), name of trust, estate, personal representative or other party submitting claim (not filing attorney listed in 1.C below).*

_____

Street Address *(of injured party, if living, if not, provide the address of the trust, estate, personal representative or other party submitting claim).*

City _____   State/Prov. _____   Zip Code (Postal Code) _____

Country (if other than U.S.A.) _____   Social Security Number of Injured Party ___-__-____

Injured Party's Gender:  ☐ Male  ☐ Female

Injured Party's Birth Date *(Month/Day/Year)* _____   International ID Number of Injured Party *(if applicable)* _____

C. Injured Party's Attorney **(If any):**

_____
Law Firm Name

Attorney First Name _____   MI ____   Last Name _____

_____
Street Address

City _____   State/Prov. _____   Zip Code (Postal Code) _____

---

## PART 2: MEDICAL INFORMATION (see instructions)

**A.   Non-Malignant Pleural Condition(s)**
1.  Has the injured party been diagnosed with any pleural condition that you claim was caused by exposure to asbestos? ☐ Yes ☐ No
If "Yes," please continue below.  If "No," go on to Section B.

2.  What pleural condition?    ☐ Pleural Plaques    ☐ Pleural Thickening
☐ Other Pleural Injury, specify: _____

3.  Date of Diagnosis: _____

**B.   Asbestosis**
1.  Has the injured party been diagnosed with asbestosis?  ☐ Yes ☐ No  If "Yes," Date of Diagnosis: _____

**C.   Cancer (Including malignant mesothelioma)**
1.  Has the injured party been diagnosed with any cancer that you claim was caused by exposure to asbestos?  ☐ Yes ☐ No
If "Yes," please continue below.  If "No," go on to Section D.

2.  Which of the following cancers is claimed to have been caused by asbestos exposure?

Date of Diagnosis
☐   MESOTHELIOMA   _____
☐   LUNG CANCER    _____
☐   OTHER CANCER   _____

**D. Smoking History**
1.  Has the injured party ever smoked? ☐ Yes ☐ No
If "Yes," Year started smoking: _____   Year stopped smoking: _____   Packs per day: _____

**E.   Diagnostic Information**
1.  Provide the injured party's most recent lung function test scores.
☐ Forced Vital Capacity (FVC):   Date (month/year) _____   Actual Value ___.__ L   % of Predicted ____.__ %

☐ Forced Expiratory Volume 1 (FEV$_1$):  Date (month/year) _____   Actual Value ___.__ L   % of Predicted ____.__ %

☐ Total Lung Capacity (TLC):   Date (month/year) _____   Actual Value ___.__ L   % of Predicted ____.__ %

---

☐ Lung Function tests are unavailable

2.  ILO Rating: If you answered "Yes" to Part 2.A.1 (Pleural Condition) or Part 2.B.1 (Asbestosis), provide the injured party's most recent ILO x-ray reading.  (Failure to provide ILO results may be interpreted to mean that the injured party has not received an ILO rating.)   Date (month/year) _____   Results ___/___

## PART 3: EXPOSURE HISTORY (see instructions)

**A.**  Was the injured party exposed to asbestos from any W.R. Grace product(s) or operation(s)?  ☐ Yes  ☐ No

**B.**  Please identify each company, facility or location at which the injured party was exposed to asbestos from W.R. Grace product(s) or operation(s) (list locations of most significant exposure):

1.  Where did the injured party work?

Name of Company or Facility

City                                    State/Prov.    Country
Industry: _____    (use code from page 7 of Instructions) If Other (Code 199), specify:⇨
Occupation: _____  (use code from page 7 of Instructions) If Other (Code 99), specify:⇨

2.  Where did the injured party work next (if applicable)?

Name of Company or Facility

City                                    State/Prov.    Country
Industry: _____    (use code from page 7 of Instructions) If Other (Code 199), specify:⇨
Occupation: _____  (use code from page 7 of Instructions) If Other (Code 99), specify:⇨

3.  Where did the injured party work next (if applicable)?

Name of Company or Facility

City                                    State/Prov.    Country
Industry: _____    (use code from page 7 of Instructions) If Other (Code 199), specify:⇨
Occupation: _____  (use code from page 7 of Instructions) If Other (Code 99), specify:⇨

**If you are unable to identify companies, facilities or locations at which you were exposed, please attach an additional sheet of paper explaining, in as much detail as possible, your exposure to W.R. Grace product(s) or operation(s).**

**C.**  Please indicate:
1. The injured party's *total number of years* of asbestos exposure:
2. The year of the injured party's *first exposure* to asbestos:
3. The year of the injured party's *last exposure* to asbestos:

## Part 4: LITIGATION HISTORY

A.  Has the injured party (or representative) filed any lawsuit(s) regarding the injured party's asbestos exposure?  ☐ Yes  ☐ No

If "Yes," was W.R. Grace named as a defendant?    ☐ Yes  ☐ No

## Part 5: SIGNATURE OF CLAIMANT OR AUTHORIZED AGENT

*To the best of my knowledge, the information contained in this QUESTIONNAIRE is true and complete*

➢ _____          _____    __/__/____
*Signature of Claimant, Claimant's*     Please Print the Name of the    Month  Day  Year
*Attorney, Authorized Agent*            Signatory

*Penalty for presenting a fraudulent claim: Fine of up to $500,000 or imprisonment for up to five years or both (18 U.S.C. §152 & 3571)*

## THE COURT HAS ORDERED THAT THIS FORM MUST BE COMPLETED AND RETURNED BY SEPTEMBER 30, 2005

## RELATED-PARTY QUESTIONNAIRE
## ( FOR CLAIMS NOT INVOLVING PHYSICAL INJURY TO THE CLAIMANT)

**THIS RELATED-PARTY QUESTIONNAIRE MUST BE:**

I.   Used only by one person. You may photocopy this form (before writing on it) if additional Related-Party Questionnaire are needed.

II.  Used only if the spouse or child of an injured party (an injured party is the party who claims asbestos-related physical illnesses or conditions) believes he or she has a separate claim against W.R. Grace, which is not based on the spouse's or child's own asbestos-related physical injury or condition (for example, a wife may make a loss of consortium claim relating to her husband's asbestos-related physical injury, although she was not physically injured herself).

III. Returned in the same envelope as the Asbestos Personal Injury Questionnaire.

Please print clearly and use black or blue ink.

Do not use this Related-Party Questionnaire if the spouse or child of an injured party believes he or she has a claim against W.R. Grace based on his or her own physical injury (including injury resulting from asbestos that another person was exposed to on his or her job). In such a case, the spouse or child is considered an "injured party," and the spouse or child (or their representative) must fill out the Asbestos Personal Injury Questionnaire provided at pages 1 - 3.

**A.  Do you claim the injured party's asbestos exposure is attributable to any of the companies listed on the attached Appendix A (collectively referred to as "W.R. Grace")?** ☐ Yes ☐ No

**B.  Information Regarding Related-Party Claimant**

First Name        MI    Last Name

Street Address

City        State/Prov.        Zip Code (Postal Code)

Country (if other than U.S.A.)

Social Security Number of Related Party Claimant     Birth Date: ___ / ___ / ___  Month  Day  Year

International ID Number of Related Party Claimant

**C.  Information Regarding Injured Party Related to the Related-Party Claimant**

Injured Party's First Name    MI    Injured Party's Last Name

Social Security Number of Injured Party     Birth Date: ___ / ___ / ___  Month  Day  Year

International ID Number of Injured Party

**D.  Describe the nature of your claim against W.R. Grace:**

## Signature of Related Party or Authorized Agent

*To the best of my knowledge, the information contained in this QUESTIONNAIRE is true and complete*

___ / ___ / ___

*Signature of Related-Party Claimant, Claimant's Attorney, or Claimant's Authorized Agent*    Please Print the Name of the Signatory    Month  Day  Year

*Penalty for presenting a fraudulent claim: Fine of up to $500,000 or imprisonment for up to five years or both (18 U.S.C. §152 & 3571)*

# INSTRUCTIONS FOR FILING THE W.R. GRACE
# ASBESTOS PERSONAL INJURY QUESTIONNAIRE

- The debtors in this case are those companies listed on Appendix A attached to this Questionnaire (referred to in this document, whether singularly or collectively, as "W.R. Grace").

- If you have a current claim against W.R. Grace for asbestos-related personal injury, THIS ASBESTOS PERSONAL INJURY QUESTIONNAIRE MUST BE RECEIVED ON OR BEFORE 5pm Eastern Standard Time on **SEPTEMBER 30, 2005**, or your rights may be affected. If you are mailing the Questionnaire, it must be postmarked by September 30, 2005.

- If you have a current claim against W.R. Grace for asbestos-related damages that does not involve physical injury to yourself (for example, if you are making a loss of consortium claim relating to a spouse who suffered asbestos-related physical injury, but you were not physically injured yourself) THE ACCOMPANYING RELATED-PARTY QUESTIONNAIRE MUST BE RECEIVED ON OR BEFORE 5pm Eastern Standard Time on **SEPTEMBER 30, 2005**, or your rights may be affected. If you are mailing the Questionnaire, it must be postmarked by September 30, 2005.

## WHO SHOULD USE THIS ASBESTOS PERSONAL INJURY QUESTIONNAIRE

- This Asbestos Personal Injury Questionnaire (referred to in this document as the "Questionnaire") applies only to persons who have sued W.R. Grace (before W.R. Grace filed for bankruptcy on April 2, 2001) for asbestos-related personal injury or wrongful death claims, and that claim was not fully resolved (such person is referred to in this document as an "injured party").

- If you have such a claim, your rights may be affected unless you complete and submit this Questionnaire by 5pm Eastern Standard Time on **SEPTEMBER 30, 2005**. If you are mailing the Questionnaire, it must be postmarked by September 30, 2005. If you fail to timely return a Questionnaire and/or fail to make a good faith attempt to complete a Questionnaire, you may be subject to sanctions and/or other relief available under Fed. R. Civ. P. 37, as made applicable by Fed. R. Bankr. P. 7037 and 9014. If you timely file and make a good faith effort to complete a Questionnaire, you may be placed first in line for processing of your claim under any Trust Distribution Procedures approved as part of any confirmed plan of reorganization.

- If a spouse or child of an injured party believes he or she has a claim against W.R. Grace based on his or her own asbestos-related physical injury (including injury resulting from asbestos that another person was exposed to on his or her job), then each spouse or child is an "injured party" who must fill out this Questionnaire.

- If a spouse or child of the injured party believes he or she has a separate claim against W.R. Grace, which is not based on the spouse's or child's own asbestos-related physical injury or condition (for example, claims for loss of consortium resulting from another person's asbestos-related injury), then each spouse and/or child or their legal representative must complete the accompanying Related-Party Questionnaire or his or her rights may be affected.

## GENERAL INSTRUCTIONS

- The injured party must submit a fully completed Questionnaire.

- If the injured party has more information than fits in the space provided on any part of this Questionnaire, please make additional copies of the applicable pages before writing on them.

- Please print clearly and use black or blue ink.

- Be accurate and truthful. The Questionnaire is an official document, approved by the Court. The Questionnaire may be used as evidence in any legal proceedings regarding your claim. The penalty for presenting a fraudulent claim in a bankruptcy case is a fine of up to $500,000 or imprisonment for up to five years or both. 18 U.S.C. §§ 152 & 3571.

- Make a copy of your Questionnaire and keep a copy for your records. Send only the original Questionnaire to the Claims Agent at the following addresses: If delivered by U.S. mail, address to Rust Consulting, Inc., Claims Processing Agent, Re: W.R. Grace & Co. Bankruptcy, P.O. Box 1620, Faribault, MN 55021. If delivered by any method other than U.S. Mail, address to Rust Consulting, Inc., Claims Processing Agent, Re: W.R. Grace & Co. Bankruptcy, 201 S. Lyndale Ave., Faribault, MN 55021.

- Upon receipt and processing of your Questionnaire, including any Related-Party Questionnaire, the Claims Agent will send you confirmation indicating that your Questionnaire was received. Keep this confirmation for your records -- It is your only proof that your claim was received. You should receive confirmation of receipt of your Questionnaire within three to five weeks.

# INSTRUCTIONS FOR FILLING OUT THE QUESTIONNAIRE

## PART 1: IDENTIFYING INFORMATION

- A person with any alleged asbestos-related physical injury, death, or condition is referred to as the "injured party."

- If the injured party is deceased or incapacitated, other persons or entities may submit a Questionnaire on behalf of the injured party or his or her estate.

- If someone is submitting a Questionnaire on behalf of the injured party or the injured party's estate, provide the submitting person's name and address in Part 1(B) and/or Part 1(C), as requested.

- Unless otherwise noted, all other questions on the Questionnaire request information relating to the injured party, regardless of who is actually submitting the Questionnaire.

- If the injured party or claimant is represented by an attorney, provide the requested information in Part 1(C). You do not need an attorney to submit a Questionnaire.

## PART 2: MEDICAL INFORMATION

- Complete all applicable sections.

- Failure to complete any section may be interpreted to mean that the injured party does not have the specified injuries, conditions, or test results addressed in that section.

- Definitions: The following definitions apply to the Questionnaire and are provided for your assistance in preparing sections regarding medical history.

  - Asbestosis: bilateral, diffuse fibrosis of the lungs caused by the inhalation of asbestos fibers.

  - Forced Expiratory Volume 1 ($FEV_1$): a measurement of lung function that describes the volume of air one can force from one's lungs in one second of effort (forced ("F") expiratory ("E") volume ("V") one second ("$_1$")).

  - Forced Vital Capacity (FVC): a measurement of lung function that describes the total amount of air one can forcibly exhale after inhaling as much air as possible.

  - ILO rating: "ILO rating" describes the scale developed by the International Labor Organization (sometimes also referred to as the International Labor Office) to describe the extent of fibrosis that appears on a chest x-ray. The scale has 12 points that are expressed with a 0, 1, 2, or 3 appearing to the left of a "/" and a 0, 1, 2, or 3 appearing to the right of the same "/", hence "0/0, 0/1, 1/0, 1/1" and so on.

  - Lung Cancer: cancer of the lung also known as bronchogenic carcinoma.

  - Mesothelioma: cancer of the thin membrane surrounding the lung (known as the pleura) or the thin membrane surrounding the internal organs (known as the peritoneum).

  - Other Cancer: including, but not limited to, colorectal (cancer of the colon or rectum), esophageal (cancer of the esophagus), laryngeal (cancer of the larynx/voicebox), pharyngeal (cancer of the pharynx/throat), and/or stomach cancer.

  - Pleural condition: any medical condition appearing in the lining of the lung or chest wall.

  - Pleural plaques: a circumscribed or localized area of fibrosis appearing in the lining of the chest wall or diaphragm.

  - Pleural thickening: a diffuse (as opposed to circumscribed or localized) area of fibrosis appearing in the lining of the lung or the chest wall.

  - Total Lung Capacity (TLC): a measure of the total amount of air in the lungs.

## PART 3:  EXPOSURE HISTORY

- Provide information for all applicable sections.

- If the injured party has been exposed to asbestos through his or her job (including Navy and other military service) or through non-employment or non-occupational events, you must fill out Part 3, "Exposure History."

- If the injured party has been exposed to asbestos from W.R. Grace product(s) or operation(s) at more than three companies or facilities, please make a copy of page 3 and attach additional pages as necessary.

- Where requested, please use the "Industry Codes" and "Occupation Codes" provided below that most closely match the injured party's employment or exposure history.  For ease of use, the Industry and Occupation Codes have the same designations as those used by the Manville Personal Injury Settlement Trust.

### INDUSTRY CODES

102. Asbestos Abatement
104. Automotive Dealers, Repair Services and Stations
106. Chemical and Allied Products
107. Construction Trade
123. Electric, Gas, Sanitary and Telephone Services
127. Electronic Equipment and Components
002. Environmental Bystander
128. Food and Kindred Products
129. Government, Municipalities and Schools
130. Industrial and Commercial Machinery and Computer Equipment
131. Local and Suburban Transit and Interurban Highway Passenger
109. Longshore
124. Asbestos Manufacturing and Mining
110. Maritime
132. Measuring, Analyzing and Controlling Instruments
133. Metal Mining
111. Military

134. Mining and Quarrying Nonmetallic Minerals Except Fuels
116. Munitions Plants
125. Non-Manville Asbestos Manufacturing and Mining
135. Oil and Gas Extraction
118. Paper and Allied Products
114. Petroleum and Related Industries
136. Pipelines (Except Natural Gas)
108. Primary Metal Industries
137. Printing and Publishing Industries
117. Railroad Transportation
122. Rubber and Miscellaneous Products
120. Shipyard (Construction, Repair of Ships)
112. Stone, Clay, Glass and Concrete Products
121. Textile Mills Products
138. Tobacco Products
101. Transportation Equipment (Including Automobile and Aircraft)
139. Water Transportation
199. Other

### OCCUPATION CODES

01. Air Conditioning and Heating Installer, Maintenance
03. Asbestos Miner, Asbestos Plant Worker
04. Asbestos Removal Worker
60. Baker
12. Brake Maker
13. Brick Masons, Layer & Hod Carrier
09. Boiler Worker, Repair
61. Butcher & Meat Cutter
51. Bystander (Including Family Member)
15. Carpenter
55. Chipper
67. Construction Laborer
18. Custodian
19. Electrician
20. Engineer
05. Factory Worker (Assembly Line)
59. Factory Worker (Non-Assembly Line)
21. Fire Fighters
22. Furnace Worker, Installer and Maintenance
52. Glass Worker
56. Grinder
57. Hazardous Materials Removal
62. Heat Treating Equipment Operator
23. Heavy Equipment Operator
63. Hostler

02. Insulation
53. Longshoreman
64. Machine Operator
26. Machinists
10. Maintenance Worker
06. Mechanic
27. Millwright
50. Officer Worker
28. Painter
30. Pipe fitter, Steamfitter plumber & Helper
31. Plasterer & Sheet-Rock Installer
11. Railroad, Brakeman, Carman, Conductor, and Laborer
34. Rigger
35. Sandblaster
33. Seaman (Engine Room)
36. Seaman (Non-Engine Room)
37. Sheet Metal Worker
39. Ship fitter
38. Shipwright
65. Shipyard Laborer
54. Steel, Foundry, Aluminum Worker
40. Warehouse Worker
08. Welder
66. Well Pullers
99. Other

## PART 4:  LITIGATION HISTORY

- Complete all applicable sections.
- Indicate whether the injured party (or representative) has filed any lawsuits against (i) W.R. Grace, <u>or</u> (ii) any other party.

## PART 5:  SIGNATURE OF CLAIMANT OR AUTHORIZED AGENT

- The injured party, the injured party's attorney, or, if the injured party is deceased or incapacitated, the injured party's personal representative must personally sign this Questionnaire.
- Inaccurate or untruthful answers may result in the injured party's claim against W.R. Grace being barred.

## INSTRUCTIONS FOR FILLING OUT THE RELATED-PARTY QUESTIONNAIRE

- The Related-Party Questionnaire <u>must </u>be:
  - Used only by one person.  You may photocopy this Questionnaire (before writing on it) if additional Related-Party Questionnaire are needed.
  - Used only if the spouse or child of an injured party (an injured party is the party who claims asbestos-related physical illnesses or conditions) believes he or she has a separate claim against W.R. Grace, which is <u>not</u> based *on* the spouse's or child's own asbestos-related physical injury or condition (for example, if you are making a loss of consortium claim relating to a spouse who suffered asbestos-related physical injury, but you were not physically injured yourself).

- Do not use this Related-Party Questionnaire if the spouse or child of an injured party believes he or she has a claim against W.R. Grace based on his or her <u>own </u>physical injury (including injury resulting from asbestos that another person was exposed to on his or her job).  In such a case, the spouse or child is considered an "injured party," and the spouse or child (or their representative) must fill out the Asbestos Personal Injury Questionnaire.

- The Related Party, the Related Party's attorney, or, if the Related Party is deceased or incapacitated, the Related Party's representative, must personally sign this Related-Party Questionnaire.

Page 9

## Appendix A

## List Of Companies Referred To In The Questionnaire Collectively As "W.R. Grace"

W.R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.)
W.R. Grace & Co. Conn., A-1 Bit & Tool, Inc.
Alewife Boston Ltd.
Alewife Land Corporation
Amicon, Inc.
CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.)
CCHP, Inc.
Coalgrace, Inc.
Coalgrace II, Inc.
Creative Food 'N Fun Company
Darex Puerto Rico, Inc.
Del Taco Restaurants, Inc.
Dewey and Almy, LLC (f/k/a Dewey and Almy Company)
Ecarg, Inc.
Five Alewife Boston Ltd.
GC Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.)
GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.)
GEC Management Corporation
GN Holdings, Inc.
GPC Thomasville Corp.
Gloucester New Communities Company, Inc.
Grace A-B Inc.
Grace A-B II Inc.
Grace Chemical Company of Cuba
Grace Culinary Systems, Inc.
Grace Drilling Company
Grace Energy Corporation
Grace Environmental, Inc.
Grace Europe, Inc.
Grace H-G Inc.
Grace H-G II Inc.
Grace Hotel Services Corporation
Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.)
Grace Offshore Company
Grace PAR Corporation
Grace Petroleum Libya Incorporated
Grace Tarpon Investors, Inc.
Grace Ventures Corp.
Grace Washington, Inc.
W.R. Grace Capital Corporation
W.R. Grace Land Corporation
Gracoal, Inc.
Gracoal II, Inc.
Guanica-Caribe Land Development Corporation
Hanover Square Corporation
Homco International, Inc.
Kootenai Development Company
L B Realty, Inc.
Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.)
Monolith Enterprises, Incorporated
Monroe Street, Inc.
MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation)
MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.)
MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.)
Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.)
Southern Oil, Resin & Fiberglass, Inc.
Water Street Corporation
Axial Basin Ranch Company
CC Partners (f/k/a Cross Country Staffing)
Hayden-Gulch West Coal Company, H-G Coal Company

# Exhibit B

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | Re: Docket No. _____ |

## CASE MANAGEMENT ORDER FOR THE ESTIMATION
## OF ASBESTOS PERSONAL INJURY LIABILITIES

WHEREAS, on April 2, 2001 (the "Petition Date"), each of the Debtors filed a voluntary

petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11

Cases"), which have been consolidated for administrative purposes only; and

WHEREAS, on November 13, 2004, the Debtors filed their Motion for Entry of an Order

Seeking the Estimation of Asbestos Claims and Certain Related Relief (the "Estimation

Motion"); and

WHEREAS, a hearing on the Estimation Motion (the "Estimation Motion Hearing") was

held on January 21, 2005; and

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company (collectively, the "Debtors").

1

WHEREAS, at the Estimation Motion Hearing, the Court ordered the Official Committee of Asbestos Personal Injury Claimants (the "Asbestos PI Committee"), the Futures Claimants Representative (the "FCR"), and the Debtors to negotiate a case management order to govern the estimation of asbestos personal injury claims (the "PI Estimation"); and

WHEREAS, the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and

WHEREAS, this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and

WHEREAS, venue of this proceeding is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

IT IS HEREBY:

1.    ORDERED that the W.R. Grace Asbestos Personal Injury Questionnaire (the "Questionnaire"), attached to this Order as Exhibit A, is approved; and it is further

2.    ORDERED that the following schedule shall govern the deadlines with respect to the Questionnaire:

A.    The Debtors shall serve the Questionnaire and copies of this Order on counsel of record for all holders of asbestos personal injury claims for which litigation was commenced prior to the Petition Date (the "Asbestos PI Pre-Petition Litigation Claims") (or the holders themselves where not represented by counsel and holder's identity and address are known) via direct U.S. mail on or before August 1, 2005 (twelve calendar days after entry of this Order);[2]

B.    The Debtors shall mail the Questionnaire to the Office of the United States Trustee, the FCR, and to counsel to the official committees appointed in these Chapter 11 Cases on or before August 1, 2005 (twelve calendar days after entry of this Order);

---

[2] If any date provided in this Order conflicts with the parenthetical description of the number of days, the date listed shall control over the number of days listed in such parenthetical.

2

C.   Persons who believe that they hold, or attorneys who believe they represent persons who hold, Asbestos PI Pre-Petition Litigation Claims against any of the Debtors shall complete and serve the Questionnaire on or before 5:00 p.m. (Eastern Standard Time) on September 30, 2005 (60 calendar days after the date on which the Debtors serve Questionnaires to holders of Asbestos PI Pre-Petition Litigation Claims); Questionnaires that are postmarked as mailed on or before September 30, 2005, but are actually received thereafter, will be considered timely;

D.   The Debtors' claims processing agent shall compile the Questionnaire information into a navigable database and make it available to the Debtors, the FCR, the various official committees, and their respective experts, if any, on or before November 14, 2005 (45 calendar days after the deadline for returning completed Questionnaires);[3] and it is further

3.   ORDERED that all holders of Asbestos PI Pre-Petition Litigation Claims are required to complete and return the Questionnaire by 5:00pm (Eastern Standard Time) on September 30, 2005.[4] All holders of Asbestos PI Pre-Petition Litigation Claims are hereby put on notice that the failure to timely return a Questionnaire and/or the failure to make a good faith attempt to complete a Questionnaire may subject such holder to sanctions and/or other relief available under Fed. R. Civ. P. 37, as made applicable by Fed. R. Bankr. P. 7037 and 9014. All holders of Asbestos PI Pre-Petition Litigation Claims are hereby put on notice that all holders who timely file and make a good faith effort to complete a Questionnaire may be placed first in line for processing of their claims under any Trust Distribution Procedures approved as part of any confirmed plan of reorganization; and it is further

4.   ORDERED that all parties seeking to call one or more experts to testify shall designate the categories to be addressed by such experts on or before August 15, 2005.   The categories of experts may be supplemented on or before August 22, 2005; and it is further

---

[3] The Future Claimants Representative and the official committees may review the completed Questionnaires, if requested.

[4] Questionnaires that are postmarked as mailed on or before September 30, 2005, but are actually received thereafter, will be considered timely.

3

5.    ORDERED that all parties seeking to call one or more experts to testify shall designate such expert(s) on or before October 14, 2005; and it is further

6.    ORDERED that not later than August 31, 2005, each party shall exchange preliminary designations of the non-expert witnesses each intends to call at the Asbestos PI Estimation Hearing.  Subsequent to August 31, 2005, all parties, for good cause shown, may substitute and/or add one or more non-expert witnesses not previously designated on or before August 31, 2005; and it is further

7.    ORDERED that all parties seeking to call one or more experts to testify as to criteria and causation of medical conditions shall produce and serve a report in compliance with Federal Rule of Civil Procedure 26(a)(2) from each expert ("Medical Expert Reports") on or before October 14, 2005.  The Medical Expert Reports may be supplemented on or before December 16, 2005; and it is further

8.    ORDERED that all parties seeking to call one or more experts to testify as to an estimated value of the Debtors' asbestos personal injury claims shall produce and serve a report in compliance with Federal Rule of Civil Procedure 26(a)(2) from each expert ("Estimation Expert Reports") on or before January 13, 2006 (60 calendar days after from the date on which the Questionnaire database is made available).   The Estimation Expert Reports may be supplemented on or before February 28, 2006; and it is further

9.    ORDERED that a preliminary pre-trial conference on the Asbestos PI Estimation shall be held at the first omnibus hearing after March 1, 2006, at which time the Court may set a final pre-trial conference date in April 2006 and a trial date in May 2006 (the "Asbestos PI Estimation Hearing") for the PI Estimation; and it is further

10.    ORDERED that all written fact discovery may commence at any time but must be concluded by February 28, 2006; and it is further

4

11.    ORDERED that depositions of non-expert witnesses may commence at any time, but must be concluded by February 28, 2006; and it is further

12.    ORDERED that depositions of expert witnesses may commence at any time, but must be concluded by March 15, 2006; and it is further

13.    ORDERED that, pursuant to Rules 26(a)(3)(A) and 26(a)(3)(B) of the Federal Rules of Civil Procedure, all parties shall file a final fact witness/expert list on or before March 20, 2006; and it is further

14.    ORDERED that any pre-trial motions, including *motions in limine*, *Daubert*, and summary judgment motions, shall be filed not later than March 31, 2006.  Responses to such motions shall be filed not later than 21 calendar days after the filing of any such motion.  Replies shall be filed not later than 7 business days after the filing of the response to the motion.  A hearing on such motions will be at the Court's direction; and it is further

15.    ORDERED that on or before 21 calendar days prior to the final pre-trial conference, pursuant to Rule 16.4(d) of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware (the "Local Rules") and Rule 26(a)(3)(C) of the Federal Rules of Civil Procedure, all parties shall file with the Court: (i) a proposed pre-trial order, signed by each party's counsel as well as by counsel for any party participating in the PI Estimation; (ii) copies of all exhibits to be offered and all schedules and summaries to be used at the Asbestos PI Estimation Hearing; and (iii) stipulations regarding admissibility of exhibits; and it is further

91100-001\DOCS_DE:107960.1

16.    ORDERED that on or before 21 calendar days prior to the final pre-trial conference, pursuant to Rule 26(a)(3)(C) of the Federal Rules of Civil Procedure, each party shall exchange copies of (or, when appropriate, make available for inspection) all exhibits to be offered and all schedules and summaries to be used at the Asbestos PI Estimation Hearing; and it is further

17.    ORDERED that any trial briefs shall be filed on or before 21 calendar days prior to the Asbestos PI Estimation Hearing and that no responses thereto shall be allowed; and it is further

18.    ORDERED that notwithstanding anything in this Order, the deadlines specified herein may be extended by consent of each party or by the Court upon motion of any party participating in the PI Estimation, after notice (which may be shortened and limited by the Court as it deems appropriate) and hearing; and it is further

19.    ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

20.    ORDERED that the Court may hear and resolve any discovery disputes telephonically at the request of any party involved in such dispute, upon notice (which may be shortened and limited by the Court as it deems appropriate); provided, however, disputes which arise during a deposition regarding such deposition may be heard telephonically and without any notice to any party not present at such deposition.

Dated: _____, 2005


_____
The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

91100-001\DOCS_DE:107960.1
9233954v2

# Exhibit C

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | Re: Docket No. _____ |

## CASE MANAGEMENT ORDER FOR THE ESTIMATION
## OF ASBESTOS PERSONAL INJURY LIABILITIES

WHEREAS, on April 2, ~~2001~~,**2001 (the "Petition Date"),** each of the Debtors filed a

voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively, the

"Chapter 11 Cases"), which have been consolidated for administrative purposes only; and

WHEREAS, on November 13, 2004, the Debtors filed their Motion for Entry of an Order

Seeking the Estimation of Asbestos Claims and Certain Related Relief (the "Estimation

Motion"); and

WHEREAS, a hearing on the Estimation Motion (the "Estimation Motion Hearing") was

held on January 21, 2005; and

---

[1]  The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W.
R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB
Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N
Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy
Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners
I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN
Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B
II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy
Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel
Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace
Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc.,
Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation,
Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation,
Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a
GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe
Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-
BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a
Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin
& Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country
Staffing), Hayden-Gulch West Coal Company, H-G Coal Company **(collectively, the "Debtors")**.

1

WHEREAS, at the Estimation Motion Hearing, the Court ordered the **Official Committee of** Asbestos Personal Injury **Claimants (the "Asbestos PI** Committee**")**, the Futures ~~Claim~~**Claimants** Representative (the "FCR"), and the Debtors to negotiate a case management order to govern the estimation of ~~Asbestos Personal Injury Claims~~**asbestos personal injury claims** (the "PI Estimation"); and

WHEREAS, the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and

WHEREAS, this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and

WHEREAS, venue of this proceeding is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

IT IS HEREBY:

1.      ORDERED that the **W.R. Grace** Asbestos ~~PI Pre-Petition Litigation Proof of Claim Form/~~**Personal Injury** Questionnaire (the "Questionnaire"), attached to this Order as Exhibit A, is approved; and it is further

2.      ORDERED that the following schedule shall govern the deadlines with respect to the Questionnaire:

A.      The Debtors shall serve the Questionnaire **and copies of this Order** on counsel of record for all holders of asbestos personal injury claims for which litigation was commenced prior to the Petition Date (the "Asbestos PI Pre-Petition Litigation Claims") (or the holders themselves where not represented by counsel and holder's identity and address are known) via direct U.S. mail on or before August ~~29,~~**1,** 2005 (twelve calendar days after entry of this Order);[2]

B.      The Debtors shall mail the Questionnaire to the Office of the United States Trustee**, the FCR,** and to counsel to the official committees appointed in

---

[2] If any date provided in this Order conflicts with the parenthetical description of the number of days, the date listed shall control over the number of days listed in such parenthetical.

these Chapter 11 Cases on or before August ~~29,~~**1,** 2005 (twelve calendar days after entry of this Order);

C.    Persons who believe that they hold, or attorneys who believe they represent persons who hold, Asbestos PI Pre-Petition Litigation Claims against any of the Debtors shall complete and serve the Questionnaire on or before 5:00 p.m. (Eastern Standard Time) on ~~November 28,~~**September 30,** 2005 (~~91~~**60 calendar** days after the date on which the Debtors serve Questionnaires to holders of Asbestos PI Pre-Petition Litigation Claims); Questionnaires that are postmarked as mailed on or before ~~November 28,~~**September 30,** 2005, but are actually received thereafter, will be considered timely ~~served~~;

D.    The Debtors' claims processing agent shall compile the Questionnaire information into a navigable database and make it available to the Debtors ~~and~~**, the FCR,** the various official committees~~'~~**, and their respective** experts, if any, on or before ~~January 13, 2005, (forty-five~~**November 14, 2005 (45 calendar** days after the deadline for ~~serving the Questionnaire); and it is further~~**returning completed Questionnaires);[3] and it is further**

3.    ORDERED that all holders of Asbestos PI Pre-Petition Litigation Claims are required to complete and ~~serve the Questionnaire. Any such Holder who fails to complete and serve its Questionnaire on or before November 28, 2005 at 5:00 P.M. (Eastern Standard Time), shall be forever barred, estopped, and enjoined from asserting any such Claims (or filing a subsequent Proof of Claim and/or Questionnaire with respect to such Claims) against any of the Debtors or their predecessors-in-interest, insurance carriers, or their property or estates. If any such Claims are so barred, (i) each of the Debtors and its property shall be forever discharged from all indebtedness and liabilities with respect to such Claims, and the Holders of such Claims shall not be entitled to receive any distribution in these Chapter 11 Cases on account of such Claims or to receive further notices regarding such Claims or regarding these Chapter 11 Cases; and (ii) such Claims shall be estimated at zero.~~**return the Questionnaire by 5:00pm (Eastern**

---

[3] **The Future Claimants Representative and the official committees may review the completed Questionnaires, if requested.**

91100-001\DOCS_DE:107960.1

**Standard Time) on September 30, 2005.[4]** **All holders of Asbestos PI Pre-Petition Litigation** **Claims are hereby put on notice that the failure to timely return a Questionnaire and/or the** **failure to make a good faith attempt to complete a Questionnaire may subject such holder** **to sanctions and/or other relief available under Fed. R. Civ. P. 37, as made applicable by** **Fed. R. Bankr. P. 7037 and 9014.  All holders of Asbestos PI Pre-Petition Litigation Claims** **are hereby put on notice that all holders who timely file and make a good faith effort to** **complete a Questionnaire may be placed first in line for processing of their claims under** **any Trust Distribution Procedures approved as part of any confirmed plan of** **reorganization; and it is further**

4.    ORDERED that ~~Debtors' counsel, Kirkland & Ellis LLP, is designated to act as liaison counsel on behalf of all Plan proponents ("Plan Proponents Liaison Counsel") for all discovery matters with respect to the estimation of Asbestos Personal Injury Claims, and Caplin & Drysdale, Chartered is designated to act as liaison counsel on behalf of the Asbestos PI Committee, all holders of Asbestos PI Pre-Petition Litigation Claims who make an appearance before the Court in connection with the PI Estimation, and the FCR ("Asbestos PI Liaison Counsel," and together with Plan Proponent Liaison Counsel, the "Liaison Counsel"[3]) for all discovery and procedural matters with respect to the estimation of Asbestos Personal Injury Claims; and it is further~~**all parties seeking to call one or more experts to testify shall** **designate the categories to be addressed by such experts on or before August 15, 2005.**

---

[4] **Questionnaires that are postmarked as mailed on or before September 30, 2005, but are actually received** **thereafter, will be considered timely.**

[3] ~~All actions contemplated by this Order with respect to the PI Estimation by the Plan Proponents, PI Committee, holders of Asbestos PI Pre-Petition Litigation Claims, or the FCR who make an appearance before the Court in connection with the estimation, should be coordinated through their respective Liaison Counsel whenever possible. The right of any party to participate in this contested matter, however, is neither reduced nor enhanced by the existence of Liaison Counsel.~~

4

**The categories of experts may be supplemented on or before August 22, 2005; and it is further**

5.    ORDERED that ~~either Liaison Counsel may move to disallow in full and for all purposes the Asbestos PI Pre-Petition Litigation Claim of any claimant who fails to comply with the terms of this Order or the discovery requests of any Liaison Counsel made in connection with the Asbestos PI Estimation Hearing; and it is further~~ **all parties seeking to call one or more experts to testify** shall designate such expert(s) **on or before October 14, 2005; and it is further**

~~6.    ORDERED that all Liaison Counsel seeking to call one or more experts to testify in conjunction with the PI Estimation shall designate such expert(s) and produce and serve a report in compliance with Federal Rule of Civil Procedure 26(a)(2) from each expert (each, an "Expert Report") on or before February 24, 2006 (approximately six weeks from the date on which the Questionnaire database is made available). The Expert Reports should be complete and should be supplemented, as described below, only on the basis of: (i) new facts ascertained during the course of discovery or otherwise; or (ii) rebuttal issues raised in Expert Reports submitted by other parties' experts; and it is further~~

**6.**    ~~7.~~ ORDERED that not later than ~~February 24, 2006, Liaison Counsel shall each~~**August 31, 2005, each party shall** exchange preliminary designations of the non-expert witnesses each intends to call at the Asbestos PI Estimation Hearing.  Subsequent to ~~February 24, 2006, a Liaison Counsel~~**August 31, 2005, all parties**, for good cause shown, may substitute and/or add one or more non-expert witnesses not previously designated on or before ~~February 24, 2006~~**August 31, 2005**; and it is further

**7.    ORDERED that all parties seeking to call one or more experts to testify as to criteria and causation of medical conditions shall produce and serve a report in compliance**

5

with Federal Rule of Civil Procedure 26(a)(2) from each expert ("Medical Expert Reports") on or before October 14, 2005.  The Medical Expert Reports may be supplemented on or before December 16, 2005; and it is further

8.     ORDERED that all ~~written fact discovery to be propounded, other than that relating to Expert Reports or expert testimony, may commence at any time but must be propounded by April 17, 2006; and it is further~~ **parties seeking to call one or more experts to testify as to an estimated value of the Debtors' asbestos personal injury claims shall produce and serve a report** in compliance with Federal Rule of Civil Procedure 26(**a)(2) from each expert ("Estimation Expert Reports") on or before January 13, 2006 (60 calendar days after** ~~from the date on which the Questionnaire database is made available~~).  **The Estimation Expert Reports may be supplemented on or before February 28, 2006; and it is further**

~~9.     ORDERED that depositions of non-expert witnesses may commence at any time, but must be concluded by April 17, 2006; and it is further~~

~~10.     ORDERED that Liaison Counsel may designate supplemental expert(s) and produce and serve a report (each, a "Supplemental Expert Report") in compliance with Federal Rule of Civil Procedure 26(a)(2) from each supplemental expert by June 19, 2006; and it is further~~

~~11.     ORDERED that depositions of experts may commence, and written discovery with respect to Expert Reports and Supplemental Expert Reports and expert testimony may be propounded at any time, but all such depositions must be concluded and all such written discovery must be propounded by August 18, 2006; and it is further~~

6

**9.**    ~~12.~~ ORDERED that a preliminary pre-trial conference on the Asbestos PI Estimation shall be held at the first omnibus hearing after ~~August 18,~~**March 1,** 2006, at which time the Court ~~shall~~**may** set a final pre-trial conference date **in April 2006** and **a** trial date **in May 2006** (the "Asbestos PI Estimation Hearing") for the ~~Asbestos~~ PI Estimation; and it is further

**10.**    **ORDERED that all written fact discovery may commence at any time but must be concluded by February 28, 2006; and it is further**

**11.**    **ORDERED that depositions of non-expert witnesses may commence at any time, but must be concluded by February 28, 2006; and it is further**

**12.**    **ORDERED that depositions of expert witnesses may commence at any time, but must be concluded by March 15, 2006; and it is further**

13.    ORDERED that, pursuant to Rules 26(a)(3)(A) and 26(a)(3)(B) of the Federal Rules of Civil Procedure, ~~Liaison Counsel~~**all parties** shall file a final **fact** witness/expert list on or before ~~October 17, 2006.  The expert list shall contain only those experts who previously filed the Expert Reports or Supplemental Expert Reports consistent with the provisions above.  Any witnesses who are listed but have not been previously deposed may be deposed upon a showing of good cause~~**March 20, 2006**; and it is further

14.    ORDERED that any pre-trial motions, including *motions in limine*, *Daubert*, and summary judgment motions, shall be filed not later than ~~October 17,~~**March 31,** 2006.  Responses to such motions shall be filed not later than 21 **calendar** days after the filing of any such motion. Replies shall be filed not later than 7 **business** days after the filing of the response to the motion. A hearing on such motions will be at the Court's direction; and it is further

15.    ORDERED that on or before 21 calendar days prior to the final pre-trial conference, pursuant to Rule 16.4(d) of the Local Rules of Civil Practice and Procedure of the

7

United States District Court for the District of Delaware (the "Local Rules") and Rule 26(a)(3)(C) of the Federal Rules of Civil Procedure, ~~Liaison Counsel~~**all parties** shall file with the Court: (i) a proposed pre-trial order, signed by each ~~Liaison Counsel~~**party's counsel** as well as by counsel for any party participating in the PI Estimation; (ii) copies of all exhibits to be offered and all schedules and summaries to be used at the Asbestos PI Estimation Hearing; and (iii) stipulations regarding admissibility of exhibits; and it is further

16.    ORDERED that on or before 21 calendar days prior to the final pre-trial conference, pursuant to Rule 26(a)(3)(C) of the Federal Rules of Civil Procedure, ~~Liaison Counsel~~**each party** shall exchange copies of (or, when appropriate, make available for inspection) all exhibits to be offered and all schedules and summaries to be used at the Asbestos PI Estimation Hearing; and it is further

17.    ORDERED that any trial briefs shall be filed on or before 21 calendar days prior to the Asbestos PI Estimation Hearing and that no responses thereto shall be allowed; and it is further

18.    ORDERED that notwithstanding anything in this Order, the deadlines specified herein may be extended by consent of each ~~Liaison Counsel~~**party** or by the Court upon motion of any party participating in the PI Estimation, after notice (which may be shortened and limited by the Court as it deems appropriate) and hearing; and it is further

19.    ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

8

20.    ORDERED that the Court may hear and resolve any discovery disputes telephonically at the request of any party involved in such dispute, upon notice (which may be shortened and limited by the Court as it deems appropriate); provided, however, disputes which arise during a deposition regarding such deposition may be heard telephonically and without any notice to any party not present at such deposition.

Dated: _____, 2005


                                                    _____
                                                    The Honorable Judith K. Fitzgerald
                                                    United States Bankruptcy Judge

9

# Exhibit D

**W.R. Grace:  Comparison of Dates Proposed in Debtors' CMO versus FCR's CMO**

| Event | Debtors' Proposed Dates | FCR's Proposed Dates |
|---|---|---|
| Serve Questionnaire | August 29, 2005<br><br>(12 calendar days after entry of CMO) | August 1, 2005<br><br>(12 calendar days after entry of CMO) |
| Return completed Questionnaire | November 28, 2005<br><br>(91 days from service of Questionnaire) | September 30, 2005<br><br>(60 calendar days from service of Questionnaire) |
| Compile database | January 13, 2006<br><br>(45 days after Questionnaire return date) | November 14, 2005<br><br>(45 calendar days after Questionnaire return date) |
| Designate categories of experts | ___ | August 15, 2005 |
| Supplement categories of experts | ___ | August 22, 2005 |
| Designate experts | February 24, 2006 | October 14, 2005 |
| Exchange preliminary designations of non-expert witnesses | February 24, 2006 | August 31, 2005 |
| Expert Reports due (other than Estimation Experts) | ___ | October 14, 2005 |
| Supplemental Expert Reports due (other than Estimation Experts) | ___ | December 16, 2005 |
| Estimation Expert Reports due | February 24, 2006<br><br>(all expert reports due on same date) | January 13, 2006<br><br>(60 calendar days after database compiled) |
| Supplemental Estimation Expert Reports due | June 19, 2006<br><br>(all supplemental expert reports due on same date) | February 28, 2006 |
| Written fact discovery completed | April 17, 2006 | February 28, 2006 |
| Non-expert depositions completed | April 17, 2006 | February 28, 2006 |

| Event | Debtors' Proposed Dates | FCR's Proposed Dates |
|---|---|---|
| Expert depositions completed | August 18, 2006 | March 15, 2006 |
| Preliminary Pre-Trial Conference | First omnibus hearing after August 18, 2006 | First omnibus hearing after March 1, 2006 |
| Final fact witness/expert list due | October 17, 2006 | March 20, 2006 |
| Pre-trial motions due | October 17, 2006 | March 31, 2006 |
| Responses to pre-trial motions due | 21 days after pre-trial motions filed | Same |
| Replies to pre-trial motions due | 7 days after responses to pre-trial motions filed | Same |
| Proposed pre-trial orders, copies of all exhibits and stips regarding admissibility of exhibits due | 21 calendar days prior to final pre-trial conference | Same |
| Exchange copies of all trial exhibits | 21 calendar days prior to final pre-trial conference | Same |
| Trial briefs due | 21 calendar days prior to estimation hearing | Same |
| Final Pre-Trial conference | December 2006/January 2007 | April 2006 |
| Estimation Trial | December 2006/January 2007 | May 2006 |

2