# Exhibit C

# ZAI CMO

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

## CASE MANAGEMENT ORDER FOR THE ESTIMATION
## OF ZONOLITE ATTIC INSULATION LIABILITIES

WHEREAS, on April 2, 2001, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"), which have been consolidated for administrative purposes only; and

WHEREAS, on November 13, 2004, the Debtors filed their Motion for Entry of an Order Seeking the Estimation of Asbestos Claims and Certain Related Relief (the "Estimation Motion"); and

WHEREAS, on December 20, 2004 the Debtors filed their Supplement to Their Estimation Motion And Request for Related Relief in which the Debtors requested the Court (i)

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

1

set a ZAI Claims Bar Date and (ii) approve a ZAI Claim form and notice program for ZAI Claims (the "ZAI Motion"); and

WHEREAS, a hearing on the Estimation Motion and ZAI Motion (the "Estimation Motion Hearing") was held on January 21, 2005; and

WHEREAS, at the Estimation Motion Hearing, the Court ordered the Asbestos Property Damage Committee (the "PD Committee") and the Debtors to negotiate a case management order to govern the estimation of Asbestos Property Damage Claims (the "PD Estimation"). The Court made no rulings with respect to the ZAI Motion; and

WHEREAS, as part of the PD Estimation process the Debtors have determined that case management procedures are also required to estimate the Debtors' liability for Zonolite Attic Insulation ("ZAI") Claims (the "ZAI Estimation"); and

WHEREAS, the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and

WHEREAS, this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and

WHEREAS, venue of this proceeding is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

IT IS HEREBY ORDERED THAT:

1.      The ZAI Bar Date Notice, ZAI Proof of Claim Form, General Instructions and ZAI Questionnaire (the "ZAI Bar Date Notice Package"), attached to this Order as Exhibit 1, is approved.

2.      October 3, 2005, is the ZAI claims bar date, which shall be the last date and time by which those parties who believe that they hold ZAI Claims against (i) any of the Debtors

2

and/or (ii) the Canadian Affiliates[2] must complete and file the ZAI Proof of Claim Form on account of such ZAI Claims or be forever barred from asserting such ZAI Claims against the Debtors, the Canadian Affiliates, or any of their respective predecessors-in-interest, insurance carriers, successors or the property estates.

3.      The following schedule shall govern the deadlines with respect to the ZAI Bar Date Notice Package:

A.      The Debtors shall serve the ZAI Bar Date Notice Package on counsel of record for all known holders of ZAI claims (or the holders themselves where not represented by counsel and holder's identity and address are known) via direct U.S. mail on or before August 1, 2005;

B.      The Debtors shall mail the ZAI Bar Date Notice Package to the Office of the United States Trustee and to counsel to the official committees appointed in these Chapter 11 Cases on or before August 1, 2005;

C.      The Debtors shall complete the publication notice and third-party mailings that are outlined in the ZAI Bar Date Notice Program by September 15, 2005;

D.      Persons who believe that they hold, or attorneys who believe they represent persons who hold, ZAI Claims against any of the Debtors shall complete and serve the ZAI Proof of Claim Form so that it is received on or before 5:00 p.m. (Eastern Standard Time) on October 3, 2005 (the "ZAI Bar Date"). Proof of Claim Forms that are postmarked as mailed on or before October 3, 2005, but are actually received thereafter, will be considered late;

E.      Persons who believe that they hold, or attorneys who believe they represent persons who hold ZAI Claims against any of the Debtors shall complete and serve the ZAI Questionnaire so that it is received on or before 5:00 p.m. (Eastern Standard Time) on November 4, 2005. ZAI Questionnaires that are postmarked as mailed on or before November 4, 2005, but are actually received thereafter, will be considered late; and

---

[2]    The "Canadian Affiliates" include the following entities: Grace Canada Inc., Sealed Air (Canada) Co., Grace Construction Materials Ltd., Cryovac Canada Inc., 1282824 Ontario Inc., W.R. Grace & Co. of Canada Ltd., Sealed Air (Canada) Inc., 3079931 Nova Scotia Company, W.R. Grace & Cie du Canada Ltee, Sealed Air Foam Products (Canada) Inc., Sealed Air of Canada Limited, Cascades Sealed Air Inc., Cascades Sentinel Inc., Indusfoam Canada Inc., and Smith Packaging Limited.

3

F.     The Debtors' claims processing agent shall compile the Claims information from the ZAI Proof of Claim forms and ZAI Questionnaires into a navigable database and make it available to the Debtors and the various official committees' experts, if any, on or before December 1, 2005.

4.     All holders of ZAI Claims are required to complete and serve the ZAI Proof of Claim Form and ZAI Questionnaire.  Any such Holder who fails to complete and serve its ZAI Proof of Claim Form on or before the ZAI Bar Date of October 3, 2005 or its ZAI Questionnaire on or before November 4, 2005, shall be forever barred, estopped, and enjoined from asserting any such ZAI Claim (or filing a subsequent Proof of Claim with respect to ZAI Claim) against any of the Debtors, the Canadian Affiliates or any of their respective predecessors-in-interest, insurance carriers, successors or their property or estates.  If any such Claims are so barred, (i) each of the Debtors, the Canadian Affiliates, the insurance carriers and their property shall be forever discharged from all indebtedness and liabilities with respect to such ZAI Claims, and the Holders of such ZAI Claims shall not be entitled to receive any distribution in these Chapter 11 Cases on account of such ZAI Claims or to receive further notices regarding such ZAI Claims or regarding these Chapter 11 Cases; and (ii) such ZAI Claims shall be estimated at zero.

5.     Debtors' counsel, Kirkland & Ellis LLP, is designated to act as liaison counsel on behalf of all Plan proponents ("Plan Proponents Liaison Counsel") for all discovery matters with respect to the estimation of ZAI Claims, and Edward Westbrook of Richardson Patrick Westbrook & Brickman is designated to act as liaison counsel on behalf of all holders of ZAI Claims who make an appearance before the Court in connection with the ZAI Estimation, ("ZAI Liaison Counsel," and together with Plan Proponent Liaison Counsel, the "Liaison Counsel"[3]) for all discovery and procedural matters with respect to the estimation of ZAI Claims.

---

[3]     All actions contemplated by this Order with respect to the ZAI Estimation by the Plan Proponents, PD Committee, ZAI Liaison counsel or holders of ZAI Claims who make an appearance before the Court in (Continued...)

4

6.    Not later than November 1, 2005, Liaison Counsel shall each exchange preliminary designations of the non-expert witnesses each intends to call at the ZAI Estimation Hearing. Subsequent to November 1, 2005, a Liaison Counsel, for good cause shown, may substitute and/or add one or more non-expert witnesses not previously designated on or before November 1, 2005.

7.    All Liaison Counsel seeking to call one or more experts shall designate such expert(s) and produce and serve a report in compliance with Federal Rule of Civil Procedure 26(a)(2) from each expert ("ZAI Expert Reports") on or before January 16, 2006.

8.    All written fact discovery may commence at any time but must be concluded by December 3, 2005.

9.    Depositions of non-expert witnesses may commence at any time, but must be concluded by December 3, 2005.

10.    Depositions of experts may commence at any time but all such depositions must be concluded by February 15, 2006.

11.    A preliminary pre-trial conference on the ZAI Estimation shall be held at the first omnibus hearing after February 1, 2006, at which time the Court may set a final pre-trial conference date in March 2006 and a trial date in May 2006 (the "ZAI Estimation Hearing") for the ZAI Estimation.

12.    Pursuant to Rules 26(a)(3)(A) and 26(a)(3)(B) of the Federal Rules of Civil Procedure, Liaison Counsel shall file a final fact witness/expert list on or before March 15, 2006.

---

connection with the estimation, should be coordinated through their respective Liaison Counsel whenever possible. The right of any party to participate in this contested matter, however, is neither reduced nor enhanced by the existence of Liaison Counsel.

5

13.    Any pre-trial motions, including *motions in limine*, *Daubert*, and summary judgment motions, shall be filed not later than March 15, 2006. Responses to such motions shall be filed not later than 21 days after the filing of any such motion. Replies shall be filed not later than 7 days after the filing of the response to the motion. A hearing on such motions will be at the Court's direction.

14.    On or before 21 calendar days prior to the final pre-trial conference, pursuant to Rule 16.4(d) of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware (the "Local Rules") and Rule 26(a)(3)(C) of the Federal Rules of Civil Procedure, Liaison Counsel shall file with the Court: (i) a proposed pre-trial order, signed by each Liaison Counsel as well as by counsel for any party participating in the ZAI Estimation; (ii) copies of all exhibits to be offered and all schedules and summaries to be used at the ZAI Estimation Hearing; and (iii) stipulations regarding admissibility of exhibits.

15.    On or before 21 calendar days prior to the final pre-trial conference, pursuant to Rule 26(a)(3)(C) of the Federal Rules of Civil Procedure, Liaison Counsel shall exchange copies of (or, when appropriate, make available for inspection) all exhibits to be offered and all schedules and summaries to be used at the ZAI Estimation Hearing.

16.    Any trial briefs shall be filed on or before 21 calendar days prior to the ZAI Estimation Hearing and that no responses thereto shall be allowed.

17.    Notwithstanding anything in this Order, the deadlines specified herein may be extended by consent of each Liaison Counsel or by the Court upon motion of any party participating in the ZAI Estimation, after notice (which may be shortened and limited by the Court as it deems appropriate) and hearing.

18.    This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

6

19.    The Court may hear and resolve any discovery disputes telephonically at the request of any party involved in such dispute, upon notice (which may be shortened and limited by the Court as it deems appropriate); provided, however, disputes which arise during a deposition regarding such deposition may be heard telephonically and without any notice to any party not present at such deposition.

Dated: July ____, 2005

_____
The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

7

# Exhibit 1

# ZAI Bar Date
# Notice Package

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | **Case No. 01-01139 (JKF)** |
| | ) | **(Jointly Administered)** |
| Debtors. | ) | |
| | ) | |
| | ) | |

## NOTICE OF DEADLINES FOR SUBMITTING A COMPLETED AND SIGNED
## ZAI PROOF OF CLAIM FORM AND ZAI QUESTIONNAIRE

PLEASE TAKE NOTICE THAT on _____, 2005 the Honorable Judith K. Fitzgerald, United States Bankruptcy Judge, United States Bankruptcy Court for the District of Delaware (the "Court"), having jurisdiction over the chapter 11 cases of W. R. Grace & Co. and certain of its affiliates (collectively, the "U.S. Debtors" or "Grace"), entered a Case Management Order for the Estimation of Zonolite Attic Insulation Liabilities (the "ZAI CMO") in the above-referenced bankruptcy cases.

Pursuant to the ZAI CMO, any person or entity that wishes to assert a ZAI Claim (as defined below) against the (i) U.S. Debtors or (ii) Canadian Affiliates[2] (the Canadian Affiliates

---

[1]    The U.S. Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2]    The Canadian Affiliates consist of the following entities: Grace Canada Inc., Sealed Air (Canada) Co., Grace Construction Materials Ltd., Cryovac Canada Inc., 1282824 Ontario Inc., W.R. Grace & Co. of Canada Ltd.,

(Continued...)

and U.S. Debtors are collectively referred to as the "Debtors"), must properly submit (i) a completed and signed W. R. Grace & Co. ZAI Proof of Claim Form on or before the ZAI Bar Date which is October 3, 2005 at 5:00 P.M. (Eastern Time) ("ZAI POC") and (ii) a completed and signed W. R. Grace & Co. Zonolite Attic Insulation Questionnaire ('ZAI Questionnaire') on or before the ZAI Questionnaire Return Date which is November 4, 2005 at 5:00 p.m. (Eastern Time).

*"ZAI Claims"* shall mean: (i) a claim, demand, or remedy, including all related claims, debts, obligations, or liabilities for compensatory (including general, special, and consequential damages) and punitive damages, (ii) a cross-claim, contribution claim, subrogation claim, reimbursement claim or indemnity claim, or (iii) any debt, liability, or obligation of one or more of the Debtors (or any of their respective past or present Affiliates, or any other Entity for whose products or operations any of the Debtors allegedly has liability or is otherwise liable) (whether or not such claim, demand, remedy, debt, liability, or obligation is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; whether or not the facts of or legal bases therefor are known or unknown; and whether in the nature of or sounding in tort, or under contract, warranty, guarantee, contribution, joint and several liability, subrogation, reimbursement or indemnity, or any other theory of law, equity, or admiralty), for, relating to, or arising out of, resulting from, or attributable to, directly or indirectly property damage, including the cost of removal, abatement, or diminution in the value thereof, or environmental damage or economic loss caused or allegedly caused, by the ZAI sold, manufactured, supplied, produced, specified, selected, distributed or in any way marketed by one or more of the Debtors (or any of their respective past or present Affiliates, or any of the predecessors of any of the Debtors or any of their respective past or present Affiliates, or any other Entity for whose products or operations any of the Debtors allegedly has liability or is otherwise liable).

**In order to assert a ZAI Claim, you must properly complete, sign, and submit a (i) ZAI POC so that it is received by Rust Consulting, Inc. (the "Claims Processing Agent") on or before the ZAI Bar Date, October 3, 2005 at 5:00 P.M. Eastern Time and (ii) ZAI Questionnaire (along with any applicable supporting materials you may have in your possession or control) so that it is received by the Claims Processing Agent on or before the ZAI Questionnaire Return Date, November 4, 2005 at 5:00 p.m. Eastern Time.**

1.    WHO MUST FILE A ZAI PROOF OF CLAIM FORM AND ZAI QUESTIONNAIRE

If you wish to assert a ZAI Claim, as defined herein, then you MUST file a ZAI POC Form and ZAI Questionnaire, or you may forever lose your right to assert your claim or demand against the Debtors, their successors, and certain related parties.

---

Sealed Air (Canada) Inc., 3079931 Nova Scotia Company, W.R. Grace & Cie du Canada Ltee, Sealed Air Foam Products (Canada) Inc., Sealed Air of Canada Limited, Cascades Sealed Air Inc., Cascades Sentinel Inc., Indusfoam Canada Inc., and Smith Packaging Limited.

**THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A ZAI CLAIM OR THAT THE DEBTORS OR THE COURT BELIEVE YOU HAVE SUCH A CLAIM.**

2.    WHEN AND WHERE TO FILE

To submit a ZAI Claim, you must do the following:

- Complete and sign a ZAI POC, a copy of which is enclosed as <u>Exhibit 1</u>.

- Complete and sign a ZAI Questionnaire, a copy of which is enclosed as <u>Exhibit 2</u> and attach any applicable supporting materials you may have in your possession or control.

- For additional copies of the ZAI POC and ZAI Questionnaire:

    - Contact Rust Consulting, Inc., toll-free at 1-800-432-1909, 9:00 a.m. - 4:00 p.m., Eastern Time, Monday through Friday.  Claimants will not be charged for this call; or

    - Visit the Grace chapter 11 website at www.graceclaims.com to request a ZAI POC and ZAI Questionnaire.

- A ZAI POC and ZAI Questionnaire will be deemed filed only when they have been actually received by the Claims Processing Agent.  ZAI POC's and ZAI Questionnaires that are submitted by facsimile, telecopy  or other electronic transmission will **not** be accepted and will **not** be deemed filed.  If you are returning your ZAI POC or ZAI Questionnaire by mail, allow sufficient mailing time so that the documents are received on the applicable ZAI Bar Date or ZAI Questionnaire Return Date.  ZAI POC's and ZAI Questionnaires that are postmarked before these dates, but are received thereafter, will be considered late.

- ZAI POC's must be mailed or hand delivered so as to be received on or before October 3, 2005 at 5:00 P.M. Eastern Time.

- ZAI Questionnaires must be mailed or hand delivered so as to be received on or before November 4, 2005 at 5:00 p.m. Eastern Time.

- The ZAI POC and ZAI Questionnaire must be received at the following address:

If mailed, to:

> Rust Consulting, Inc.
> Claims Processing Agent
> Re:  W.R. Grace & Co. Bankruptcy
> P.O. Box 1620
> Faribault, MN  55021-1620

If hand delivered, to:

> Rust Consulting, Inc.
> Claims Processing Agent
> Re: W.R. Grace & Co. Bankruptcy
> 201 S. Lyndale Ave.
> Faribault, MN 55021

(between the hours of 9:00 a.m. and 5:00 p.m., Eastern Time, on business days).

- ZAI POC's and ZAI Questionnaires must be signed by the claimant or the party submitting the document on behalf of the claimant.

- Do not file or send copies of any ZAI POC's or ZAI Questionnaires to the Debtors, counsel for the Debtors, the Official Committee of Unsecured Creditors, the Official Committee of Asbestos Personal Injury Claimants, the Official Committee of Asbestos Property Damage Claimants, the Official Committee of Equity Security Holders, or such Committees' counsel.

3.   WHAT TO FILE

To submit the requisite information pertaining to your asserted ZAI Claim, you must use the court-ordered ZAI POC and ZAI Questionnaire, which are supplied with this notice.

Your ZAI POC and ZAI Questionnaire must be written in English

4.   EFFECT OF NOT PROPERLY FILING A ZAI POC AND ZAI QUESTIONNAIRE

ANY HOLDER OF A ZAI CLAIM WHO IS REQUIRED TO FILE A ZAI POC AND ZAI QUESTIONNAIRE MUST USE THE COURT-APPROVED ZAI POC AND ZAI QUESTIONNAIRE. ANY SUCH HOLDER WHO FAILS TO FILE THEIR ZAI POC ON OR BEFORE OCTOBER 3, 2005 AT 5:00 P.M. EASTERN TIME, OR THEIR ZAI QUESTIONNAIRE ON OR BEFORE NOVEMBER 3, 2005 AT 5:00 P.M. EASTERN TIME, **SHALL BE FOREVER BARRED, ESTOPPED AND ENJOINED** FROM ASSERTING ANY SUCH CLAIMS (OR FILING A SUBSEQUENT PROOF OF CLAIM WITH RESPECT TO SUCH CLAIMS) AGAINST ANY OF THE DEBTORS OR THEIR PREDECESSORS-IN-INTEREST, INSURANCE CARRIERS, PROPERTY, OR ESTATES. IF ANY SUCH CLAIMS ARE SO BARRED, EACH OF THE DEBTORS AND THEIR PROPERTY SHALL BE FOREVER DISCHARGED FROM ALL INDEBTEDNESS AND LIABILITIES WITH RESPECT TO SUCH CLAIMS AND THE HOLDERS OF SUCH CLAIMS SHALL NOT BE ENTITLED TO RECEIVE ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIMS, OR RECEIVE FURTHER NOTICES REGARDING SUCH CLAIMS OR REGARDING THESE CHAPTER 11 CASES.

4

5.    QUESTIONS REGARDING COMPLETION OF THE ZAI POC AND ZAI
      QUESTIONNAIRE

If you have any questions concerning whether or not you need to file a ZAI POC and ZAI
Questionnaire, then you should consult your attorney.  If you have questions concerning how to
complete a ZAI POC and ZAI Questionnaire or for additional information regarding this notice
or the ZAI POC and ZAI Questionnaire, then please contact the Claims Processing Agent toll-
free at 1-800-432-1909 between 9:00 a.m. and 5:00 p.m. (Eastern Time), Monday through
Friday, or write to the Claims Processing Agent.  You may also request a ZAI POC and ZAI
Questionnaire via Grace's chapter 11 website, at www.graceclaims.com.

                                      BY ORDER OF THE COURT


                                      _____
                                      The Honorable Judith K. Fitzgerald
                                      United States Bankruptcy Judge

5

| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE | W.R. GRACE & CO. ZAI PROOF OF CLAIM FORM |
|---|---|

| W.R. Grace & Co., et al. | Case No. 01-1139 | |
|---|---|---|

**NOTE: Use this form only if you have a ZAI Claim. This form should not be used to file a claim for a Non-Asbestos Claim, Asbestos Property Damage Claim, or Asbestos Medical Monitoring Claim (capitalized terms are defined in the General Instructions to this ZAI Proof of Claim Form). Those claims were subject to a March 31, 2003 claims bar date, and were required to be filed using specialized proof of claim forms. Also, this form should not be used for an Asbestos Personal Injury Claim.**

| Name of Creditor (The injured person or other entity to whom the Debtor(s) owe money or property): | „Check if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|---|
| Name and address where notices should be sent: | „Check if you have never received any notices from the bankruptcy court in this case.<br><br>„Check if the address differs from the address on the envelope sent to you by the court. | |
| Telephone Number: | „Check here if this claim amends or replaces a previously filed claim, and provide the previous claim number and/or date of claim _____ - _____ | |

| Corporate Name, Common Name, and/or d/b/a name of specific Debtor[1] against whom the claim is asserted: |
|---|

| **1. Building Information:**<br><br>**a. Address of the building that contains ZAI:**<br><br>_____<br><br>**b. Approximate date the building was constructed:**<br>_____<br>**c. Approximate date the ZAI was installed in the building:**<br>_____<br>**d. Is the building used for residential, commercial or other purposes (if other, please specify)?**<br>_____<br>**e. What is your legal interest in the building (i.e. own or lease)?**<br>_____ | THIS SPACE INTENTIONALLY LEFT BLANK |
|---|---|

| **2. Damages Asserted Against the Debtors:**<br>____ Check here if you seek funds to have the ZAI removed from the building<br>____ Check here if you seek reimbursement for already completed removal of the ZAI | ____ Check here if you seek compensation for diminution in value of the building or the related property<br>____ Check here if you seek other damages and briefly describe the damages sought: _____<br>_____ |
|---|---|

| **3. Total Amount of ZAI Claim: $** _____<br>(Total Claim in U.S. Currency) | |
|---|---|

| **4. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim. | This Space is for Court Use Only |
|---|---|

| Date: | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): _____<br>_____ |
|---|---|

---

[1] See General Instructions and Claims Bar Date Notice and its exhibits for names of all Debtors and any other names used by the Debtors.

::ODMA\PCDOCS\DOCS_DE\10993\1

# GENERAL INSTRUCTIONS FOR COMPLETING THE W.R. GRACE & CO.
## ZAI PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In particular types of cases or circumstances, there may be exceptions to these general rules.*

**THE ZAI BAR DATE, AS DEFINED HEREIN, APPLIES ONLY TO ZAI CLAIMS, AS DEFINED BELOW.**

**The ZAI Bar Date does not apply to Non-Asbestos Claims, Asbestos Property Damage Claims, and Asbestos Medical Monitoring Claims, all as defined below. These Claims were subject to a Court-approved March 31, 2003 Bar Date, which has lapsed. The ZAI Bar Date also does not apply to Asbestos Personal Injury Claims.**

### – GENERAL DEFINITIONS –

*"ZAI Bar Date"* is October 3, 2005, the date set by the Court as the date by which all persons and entities who have ZAI Claims against the Debtors must file proofs of claim or be forever barred from asserting any such claims against the Debtors.

*"U.S. Debtor"* is the person, corporation, or other entities listed below that has filed a bankruptcy case.

*"Canadian Affiliates"* are Grace Canada Inc., Sealed Air (Canada) Co., Grace Construction Materials Ltd., Cryovac Canada Inc., 1282824 Ontario Inc., W.R. Grace & Co. of Canada Ltd., Sealed Air (Canada) Inc., 3079931 Nova Scotia Company, W.R. Grace & Cie du Canada Ltee, Sealed Air Foam Products (Canada) Inc., Sealed Air of Canada Limited, Cascades Sealed Air Inc., Cascades Sentinel Inc., Indusfoam Canada Inc., and Smith Packaging Limited.

*"Creditor"* is any person, corporation, or other entity to whom the debtor owed a debt on the date the bankruptcy case was filed.

*"Debtors"* are the U.S. Debtors and the Canadian Affiliates, collectively, and "Debtor" is any one of them, individually.

*"Petition Date"* is April 2, 2001, the date on which the Debtors each filed voluntary petitions for bankruptcy under Chapter 11 of Title 11 of the United States Code.

*"ZAI Questionnaire Return Date"* is November 4, 2005, the date set by the Court as the date by which all persons and entities who have ZAI Claims against the Debtors must file the ZAI Questionnaire or be forever barred from asserting any such claims against the Debtors.

*"ZAI POC"* is the W. R. Grace & Co. ZAI Proof of Claim which must be submitted by you by the ZAI Bar Date. It is the form telling the bankruptcy court how much the Debtor owed you, on account of your ZAI Claim, on the Petition Date (the amount of the Creditor's ZAI Claim). This form must be filed with the Claims Processing Agent as described below.

*"ZAI Questionnaire"* is the W. R. Grace & Co. Zonolite Attic Insulation Questionnaire which must be submitted by you by the ZAI Questionnaire Return Date. It is the form that provides the Court with more specific information about your ZAI Claim and requests documentation to support your ZAI Claims.

### – THE U.S. DEBTORS –

The U.S. Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings

Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

## – SPECIFIC DEFINITIONS –

The Debtors have created a ZAI Proof of Claim Form for ZAI Claims. Such claims are defined as follows:

*"Zonolite Attic Insulation Claim"* or *"ZAI Claim"* shall mean: (i) a claim, demand, or remedy, including all related claims, debts, obligations, or liabilities for compensatory (including general, special, and consequential damages) and punitive damages, (ii) a cross-claim, contribution claim, subrogation claim, reimbursement claim or indemnity claim, or (iii) any debt, liability, or obligation of one or more of the Debtors (or any of their respective past or present Affiliates, or any other Entity for whose products or operations any of the Debtors allegedly has liability or is otherwise liable) (whether or not such claim, demand, remedy, debt, liability, or obligation is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; whether or not the facts of or legal bases therefor are known or unknown; and whether in the nature of or sounding in tort, or under contract, warranty, guarantee, contribution, joint and several liability, subrogation, reimbursement or indemnity, or any other theory of law, equity, or admiralty), for, relating to, or arising out of, resulting from, or attributable to, directly or indirectly property damage, including the cost of removal, abatement, or diminution in the value thereof, or environmental damage or economic loss caused or allegedly caused, by the ZAI sold, manufactured, supplied, produced, specified, selected, distributed or in any way marketed by one or more of the Debtors (or any of their respective past or present Affiliates, or any of the predecessors of any of the Debtors or any of their respective past or present Affiliates, or any other Entity for whose products or operations any of the Debtors allegedly has liability or is otherwise liable). The defined term "ZAI Claim" is not intended to include those claims separately defined herein as (a) Asbestos Property Damage Claims; (b) Asbestos Personal Injury Claims; (c) Non-Asbestos Claims; or (d) Asbestos Medical Monitoring Claims.

*"Asbestos Personal Injury Claims"* are claims that involve personal injuries or damages related to exposure to asbestos containing products manufactured by the Debtors or exposure to vermiculite mined, milled or processed by the Debtors. More specifically, Asbestos Personal Injury Claims are those claims against one or more of the Debtors, whether in nature of or sounding in tort, contract, warranty or any other theory of law or equity for, relating to or arising by reason of, directly or indirectly, physical, emotional or other personal injuries or other damages caused, or allegedly caused, directly or indirectly, by the exposure to, asbestos containing products or materials manufactured, sold, supplied, produced, specified, selected, distributed or in any way marketed by one or more of the Debtors or by the exposure to vermiculite mined, milled or processed by the Debtors, and arising or allegedly arising, directly or indirectly, from acts or omissions of one or more of the Debtors, including, but not limited to, all claims, debts, obligations or liabilities for compensatory damages such as loss of consortium, medical monitoring, personal or bodily injury, wrongful death, survivorship, proximate, consequential, general and special damages and punitive damages. For purposes of the ZAI Bar Date, the defined term "Asbestos Personal Injury Claim" is not intended to include those claims separately defined herein as (a) Asbestos Property Damage Claims; (b) Zonolite Attic Insulation Claims; (c) Non-Asbestos Claims; or (d) Asbestos Medical Monitoring Claims.

*"Asbestos Property Damage Claims"* are claims that relate, for example, to the cost of removal, diminution of property value or economic loss caused by asbestos in products manufactured by the Debtors or from vermiculite mined, milled, or processed by the Debtors. More specifically, Asbestos Property Damage Claims are those claims against, or any debt, obligation or liability of, one or more of the Debtors, whether in the nature of or sounding in tort, contract, warranty or any other theory of law or equity for, relating to or arising by reason of, directly or indirectly, property damage, including, but not limited to, diminution in the value thereof, or environmental damage or economic loss caused or allegedly caused, directly or indirectly, by asbestos in products or materials, manufactured, sold, supplied, produced, specified, selected, distributed or in any way marketed by one or more of the Debtors or from vermiculite mined, milled, or processed by the Debtors and arising or allegedly arising, directly or indirectly, from acts or omissions of one or more of the Debtors, including, but not limited to, all claims, debts, obligations or liabilities for compensatory and punitive damages. For purposes of the ZAI Bar Date, the defined term "Asbestos Property Damage Claim" is not intended to include those claims separately defined herein as (a) Zonolite Attic Insulation Claims; (b) Asbestos Personal Injury Claims; (c) Non-Asbestos Claims; or (d) Asbestos Medical Monitoring Claims.

*"Non-Asbestos Claims"* are any claims against the Debtors, other than Asbestos Personal Injury Claims, Asbestos Property Damage Claims, Zonolite Attic Insulation Claims, or Asbestos Medical Monitoring Claims. More specifically, Non-Asbestos Claims are those claims against one or more of the Debtors, whether in the nature of or sounding in tort, contract, warranty or any other theory of law or equity for, relating to or arising by reason of, directly or indirectly, any injury, damage or economic loss caused or allegedly caused directly or indirectly by any of the Debtors or any products or materials manufactured, sold, supplied, produced, specified, selected, distributed or in any way marketed by one or more of the Debtors and arising or allegedly arising directly or indirectly, from acts or omissions of one or more of the Debtors, including, but not limited to, all claims, debts, obligations or liabilities for compensatory and punitive damages. For purposes of the ZAI Bar Date, the defined term "Non-

2

Asbestos Claim" is not intended to include those claims separately defined herein as (a) Asbestos Personal Injury Claims; (b) Asbestos Property Damage Claims; (c) Zonolite Attic Insulation Claims; or (d) Asbestos Medical Monitoring Claims.

*"Asbestos Medical Monitoring Claims"* are claims against the Debtors by or on behalf of those who have not, as of the applicable Asbestos PI Bar Date, suffered any personal injury but who are alleging that the Debtors wrongfully caused them to be significantly exposed to hazardous asbestos fibers, that this exposure significantly increased the claimant's risk of contracting a serious latent disease, that medical monitoring could reasonably be expected to result in early detection of the onset and mitigation of the severity of such disease, and that because of this exposure it is necessary for the claimant to be examined by a physician or receive medical testing more often than he or she otherwise would. For purposes of the ZAI Bar Date, the defined term "Non-Asbestos Claim" is not intended to include those claims separately defined herein as (a) Asbestos Personal Injury Claims; (b) Asbestos Property Damage Claims; (c) Zonolite Attic Insulation Claims; or (d) Asbestos Medical Monitoring Claims.

**The ZAI Bar Date for filing ZAI Claims is** October 3, 2005, at 5:00 P.M. Eastern Time.

**The ZAI Questionnaire Return Date for returning ZAI Questionnaires is** November 4, 2005 at 5:00 P.M. Eastern Time.

*Be sure to date the claim and place original signature of claimant or person making claim for creditor where indicated at the bottom of the claim form. Please type or print name of individual under the signature. Be sure all items are answered on the claim form. If not applicable, insert "Not Applicable".*

**RETURN ZAI PROOF OF CLAIM FORM (WITH ATTACHMENTS, IF ANY) TO THE FOLLOWING CLAIMS AGENT FOR THE DEBTORS:**

<table>
<tr><td align="center"><b>By Mail:</b><br>Rust Consulting, Inc.<br>Claims Processing Agent<br>Re: W.R. Grace & Co. Bankruptcy<br>P.O. Box 1620<br>Faribault, MN 55021-1620</td><td align="center"><b>Or</b></td><td align="center"><b>By Hand Delivery:</b><br>Rust Consulting, Inc.<br>Claims Processing Agent<br>Re: W.R. Grace & Co. Bankruptcy<br>201 S. Lyndale Ave.<br>Faribault, MN 55021</td></tr>
</table>

**– SPECIFIC INSTRUCTIONS FOR COMPLETING THE ZAI PROOF OF CLAIM FORM –**

1. A separate ZAI Proof of Claim Form must be completed for each ZAI Claim.

2. Please read the ZAI Proof of Claim Form carefully and fill it in completely and accurately.

3. Print legibly. Your claim may be disallowed if it cannot be read and understood.

4. The ZAI Proof of Claim Form must be completed in English. The amount of any ZAI Claim identified on the form must be as of April 2, 2001, and must be denominated in United States currency.

5. Attach additional pages if more space is required to complete the ZAI Proof of Claim Form.

6. To obtain verification that your proof of claim was received by Rust Consulting, Inc., include a copy of the completed form and a self-addressed, postage prepaid return envelope when you file the Proof of Claim form with Rust Consulting, Inc.

7. The claimant must attach copies of any and all available supporting documents.

8. To be considered timely filed, the proof of claim form must be actually received by Rust Consulting, Inc. by October 3, 2005, at 5:00 p.m. prevailing Eastern Time.

**– EFFECT OF FAILING TO PROPERLY FILE A ZAI PROOF OF CLAIM FORM –**

Pursuant to Bankruptcy Rule 3003(c)(2), any person or entity who fails to complete and file a ZAI Proof of Claim by the ZAI Bar Date on account of such ZAI Claim shall be forever barred, estopped and enjoined from (a) asserting the ZAI Claim against any of the Debtors, or (b) receiving distributions under, any plan or plans of reorganization in these chapter 11 cases in respect of the ZAI Claim, notwithstanding that such person or entity may later discover facts in addition to, or different from, those which that entity knows or believes to be true as of the ZAI Bar Date, and without regard to the subsequent discovery or existence of such different or additional facts.

3

# W. R. GRACE & CO.
# ZONOLITE ATTIC INSULATION QUESTIONNAIRE

*The United States Bankruptcy Court for the District of Delaware*
*In re: W.R. Grace & Co., et al., ("Grace") Debtors, Case No. 01-01139 (JKF)*
*(Jointly Administered)*

## SUBMIT COMPLETED QUESTIONNAIRE TO:

**By Mail:**
**Rust Consulting, Inc.**
**Claims Processing Agent**
**Re: W.R. Grace & Co. Bankruptcy**
**P.O. Box 1620**
**Faribault, MN 55021-1620**

**Or**

**By Hand Delivery:**
**Rust Consulting, Inc.**
**Claims Processing Agent**
**Re: W.R. Grace & Co. Bankruptcy**
**201 S. Lyndale Ave.**
**Faribault, MN 55021**

If you have a current claim against Grace for property damage for the presence of Zonolite Attic Insulation in your property and have filed a W. R. Grace & Co. ZAI Proof of Claim form, you must also complete and file this Zonolite Attic Insulation Questionnaire ON OR BEFORE 5:00 P.M. EASTERN TIME ON <u>NOVEMBER 4, 2005</u> or you will be forever barred from asserting or receiving payment for your claim.

INSTRUCTIONS FOR FILING THE W. R. GRACE & CO.
ZONOLITE ATTIC INSULATION QUESTIONNAIRE

## WHO SHOULD USE THIS ZONOLITE ATTIC INSULATION QUESTIONNAIRE

1.  This Zonolite Attic Insulation Questionnaire (referred to in this document as the "ZAI Questionnaire" or the "Form") applies only to current claims made against Grace by or on behalf of parties who are alleging property damage as a result of the presence of Zonolite Attic Insulation in real property owned by the party and have properly filed a ZAI Proof of Claim Form on or before October 3, 2005 (such person is referred to in this document as the "claiming party").

2.  If you have current claims against Grace as a result of the presence of Zonolite Attic Insulation in more than one (1) real property, the claiming party should complete a ZAI Questionnaire for each property. You may photocopy this Form (before writing on it) if additional Forms are needed.

## GENERAL INSTRUCTIONS

1.  This Form must be signed by the claimant or authorized agent of the claimant. THIS FORM MUST BE RECEIVED ON OR BEFORE 5:00 PM EASTERN TIME ON NOVEMBER 4, 2005, or you will be forever barred, enjoined and disallowed from asserting your claim(s) against or receiving payment from Grace. Return your completed Form to the either of the following addresses:

**By Mail:**
**Rust Consulting, Inc.**
**Claims Processing Agent**
**Re: W.R. Grace & Co. Bankruptcy**
**P.O. Box 1620**
**Faribault, MN 55021-1620**

**Or**

**By Hand Delivery:**
**Rust Consulting, Inc.**
**Claims Processing Agent**
**Re: W.R. Grace & Co. Bankruptcy**
**201 S. Lyndale Ave.**
**Faribault, MN 55021**

2.  If you cannot fit all information in any particular section or page, please make a copy of that page before filling it out and attach as many additional pages as needed.

3.  This form must be filled out completely using BLACK or BLUE ink.

    - Please print clearly using capital letters only.
    - Skip a box between words.
    - Do not write outside of the boxes or blocks.
    - Do not use a felt tip pen.
    - Do not bend or fold the pages of the form.

4.  Because this form will be read by a machine, please print characters using the examples below. For optimum accuracy, please print in capital letters and avoid contact with the edge of the character boxes.

5   March check boxes with an "X" (example at right).  ☒

6.  Make a copy of your completed Form to keep for your records. To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this ZAI Questionnaire.

91100-001\DOCS_DE:109939.1

# PART I:  CLAIMING PARTY INFORMATION

**NAME:**

First          Middle          Last Name          Jr/Sr/III

**SOCIAL SECURITY NUMBER:**

Other names by which claiming party has been known (such as maiden name or married name)::

First          MI   Last

First          MI   Last

**GENDER:**        MALE        FEMALE
*(please check one)*

**BIRTH DATE:**

Month    Day       Year

**Mailing Address:**

Street Address

City          State          Zip Code
              (Province)       (Postal Code)

Country

# PART 2:  ATTORNEY INFORMATION

The claiming party's attorney, if any (You do not need an attorney to file this form)

**Law Firm Name:**

**Name of Attorney:**

First          MI   Last

**Mailing Address:**

Street Address

City          State          Zip Code
              Province        Postal Code

**Telephone Number:**

(     )     -
Area Code

91100-001\DOCS_DE:l09939.1

# PART 3:  ZAI PROOF OF CLAIM

**Please indicate the date on which you filed your ZAI Proof of Claim Form with the Claims Agent.**

☐☐ - ☐☐ - ☐☐☐☐
*Month  Day        Year*

# PART 4:  PROPERTY INFORMATION

## INSTRUCTIONS FOR REAL PROPERTY INFORMATION
- Provide information for all applicable sections.

- Failure to complete any section will be interpreted to mean that the claiming party does not have the specified conditions, circumstances, or proof addressed in that section.

## A.    Real Property For Which A Claim Is Being Asserted

1.    What is the address of the real property for which a claim is being asserted ( referred to herein as "the property")?

☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐
*Street Address*

☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐    ☐☐   ☐☐☐☐☐
*City*                                                                                          *State*        *Zip Code*
                                                                                              *(Province)*   *(Postal Code)*

☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐
*Country*

2.    Are you completing a ZAI Questionnaire for any other real property other than the one listed at "1" above?

☐ Yes      ☐ No

3.    Do you currently own the property listed in Question 1, above?

☐ Yes      ☐ No

4.    When did you purchase the property?

☐☐ - ☐☐ - ☐☐☐☐ ☐☐
*Month    Day      Year*

5.    What is the property used for (check all that apply)

☐ Owner occupied residence
☐ Residential rental
☐ Commercial
☐ Other          Specify: _____

## B.    Insulation Information

6.    What types of insulation are present in the property?  (Check all that apply)

☐ Roll-out insulation
☐ Brown fiber insulation
☐ Loose granular insulation

Pg. 2

☐ Matting insulation

☐ Other      Specify: [                                        ]

7.    Is Zonolite Attic Insulation currently in the property?

> **If Yes, Attach All Documents Referring Or Relating To The Presence of Zonolite Attic Insulation In the Property.**

☐ Yes      ☐ No      ☐ Do not know

- **If you answered "No" to Question No. 7 please skip to Questions No. 17.**

8.    Where is Zonolite Attic Insulation present in the property? (Check all that apply)

☐ Attic

☐ Other      Specify: [                                        ]

9.    When was Zonolite Attic Insulation put in the property?

☐☐ - ☐☐ - ☐☐☐☐       ☐ Do not know
*Month*   *Day*   *Year*

10.   Who put Zonolite Attic Insulation in the Property?

☐ Claiming party
☐ Contractor
☐ Prior Homeowner
☐ Do not know
☐ Other      Specify: [                                        ]

11.   Do you have documentation relating to the purchase and/or installation of Zonolite Attic Insulation for the property (e.g., invoices, receipts, other)?

☐ Yes
☐ No

> **If Yes, Attach All Documents Referring Or Relating To The Presence of Zonolite Attic Insulation In the Property.**

12.   Is the Zonolite Attic Insulation exposed or covered?

☐ Exposed, nothing on top of it.
☐ Covered, by:
    ☐ Other insulation
    ☐ Boarding
    ☐ Flooring
☐ Other      Specify: [                                        ]

13.   When did you first learn of the presence of Zonolite Attic Insulation in the property?

☐☐ - ☐☐ - ☐☐☐☐
*Month*   *Day*   *Year*

14.   How did you first learn of the presence of Zonolite Attic Insulation in the property?

[                                                                        ]

15. Has there ever been an effort to remove, contain and/or abate the Zonolite Attic Insulation in the property?

☐ Yes    ☐ No

**If Yes, Attach All Documents Referring Or Relating To Such Efforts.**

16. If yes, please specify the dates and description of such efforts.

☐☐ - ☐☐ - ☐☐☐☐    Description _____
*Month  Day   Year*

☐☐ - ☐☐ - ☐☐☐☐    Description _____
*Month  Day   Year*

☐☐ - ☐☐ - ☐☐☐☐    Description _____
*Month  Day   Year*

## C.  Attic Information

- **If you checked the "attic" box in question 8., complete this section.**
- **If you did not check the "attic" box in question 8., move to section D.**

17. Is the attic finished or unfinished?

☐ Unfinished
☐ Finished

18. What is the attic primarily used for?

☐ Not used
☐ Storage
☐ Living area (e.g., finished attic)
☐ Other          Specify: _____

19. Does anyone go into the attic?

☐ Yes
☐ No

20. How often does someone go into the attic?

☐ Every day          ☐ Once a month
☐ Once a week        ☐ Two to three times a year

21. Has the Zonolite Attic Insulation ever been modified and/or disturbed?

☐ Yes
☐ No

22. If yes, specify when and in what manner the Zonolite Attic Insulation was modified and/or disturbed?

☐☐ - ☐☐ - ☐☐☐☐    Description _____
*Month  Day   Year*

☐☐ - ☐☐ - ☐☐☐☐    Description _____

Pg. 4

*Month    Day    Year*

☐☐ - ☐☐ - ☐☐☐☐    Description [                    ]

*Month    Day    Year*

23. Is your attic vented?

☐ Yes
☐ No

24. Has there ever been any damage to the property's attic (e.g., fire, water, etc.)?

☐ Yes
☐ No

25. If yes, when?

☐☐ - ☐☐ - ☐☐☐☐    Specify damage: [                    ]

*Month    Day    Year*

☐☐ - ☐☐ - ☐☐☐☐    Specify damage: [                    ]

*Month    Day    Year*

26. Has there ever been any remodeling or other work done inside the attic?

☐ Yes
☐ No

27. If yes, when?

☐☐ - ☐☐ - ☐☐☐☐    Specify work: [                    ]

*Month    Day    Year*

☐☐ - ☐☐ - ☐☐☐☐    Specify work: [                    ]

*Month    Day    Year*

☐☐ - ☐☐ - ☐☐☐☐    Specify work: [                    ]

*Month    Day    Year*

## D.   Asbestos Testing

28. Has there ever been any testing or sampling for the presence of asbestos or other particulates on your property?

☐ Yes
☐ No

> **If Yes, Attach To this Form All Documents Related To Any Testing Of The Property.**

29. If yes, indicate when and by whom and the type of testing and/or sampling (e.g., air, bulk and dust sampling)?

☐☐ - ☐☐ - ☐☐☐☐    Company/Individual: [                    ]
                    Type of testing: [                    ]

*Month    Day    Year*

| | | | | Company/Individual | |
|---|---|---|---|---|---|
| ☐☐ - ☐☐ - ☐☐☐ | | | | Type of testing | |

*Month    Day     Year*

| | | | | Company/Individual: | |
|---|---|---|---|---|---|
| ☐☐ - ☐☐ - ☐☐☐ | | | | Type of testing: | |

*Month    Day     Year*

# PART 5:  SUPPORTING DOCUMENTATION

1.  <u>Supporting Documents</u>:    Attach <u>copies</u> of any supporting documents, such as invoices, receipts, removal estimates, etc. that (i) support your testimony made in this ZAI Questionnaire and (ii) are in your possession and control.  **DO NOT SEND ORIGINAL DOCUMENTS.**  If the documents are voluminous, please attach only a summary.

# PART 6:  SIGNATURE PAGE

All Questionnaires must be signed by the claiming party.

I have reviewed the information submitted on this Questionnaire and all documents submitted in support of my claim.  I declare, under penalty of perjury,* that the above statements are true, correct, and not misleading.

CONSENT TO RELEASE OF RECORDS AND INFORMATION:  I hereby authorize and request that all other parties with custody of any documents or information concerning my property damage or the information contained in this Form to disclose any and all records to Grace or to Grace's representative.

I hereby authorize the release of my Social Security number for use in comparing information provided separately to other asbestos trusts or claims facilities to verify the completeness and accuracy of the information contained in this Form.

_____

SIGNATURE OF CLAIMANT

---

* The penalty for presenting a fraudulent claim is a fine up to $500,000.00 or imprisonment up to 5 years, or both.  18 U.S.C. §§ 152,3571.

91100-001\DOCS_DE:109939.1