# Exhibit 4

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | Re: Docket No. _____ |

**CASE MANAGEMENT ORDER FOR THE ESTIMATION OF ASBESTOS PERSONAL INJURY LIABILITIES**

WHEREAS, on April 2, 2001, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"), which have been consolidated for administrative purposes only; and

WHEREAS, on November 13, 2004, the Debtors filed their Motion for Entry of an Order Seeking the Estimation of Asbestos Claims and Certain Related Relief (the "Estimation Motion"); and

WHEREAS, a hearing on the Estimation Motion (the "Estimation Motion Hearing") was held on January 21, 2005; and

---

1 The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

WHEREAS, at the Estimation Motion Hearing, the Court ordered the Asbestos Personal Injury Committee, the Futures Claim Representative (the "FCR"), and the Debtors to negotiate a case management order to govern the estimation of Asbestos Personal Injury Claims (the "PI Estimation"); and

WHEREAS, the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and

WHEREAS, this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and

WHEREAS, venue of this proceeding is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

IT IS HEREBY ORDERED THAT:

1. The Asbestos Personal Injury Questionnaire (the "Questionnaire"), attached to this Order as Exhibit A, is approved.

2. The following schedule shall govern the deadlines with respect to the Questionnaire:

A. The Debtors shall serve the Questionnaire on counsel of record for all holders of asbestos personal injury claims for which litigation was commenced prior to the Petition Date (the "Asbestos PI Pre-Petition Litigation Claims") (or the holders themselves where not represented by counsel and holder's identity and address are known) via direct U.S. mail on or before August 1, 2005 (twelve calendar days after entry of this Order);[2]

B. The Debtors shall mail the Questionnaire to the Office of the United States Trustee and to counsel to the official committees appointed in these Chapter 11 Cases on or before August 1, 2005 (twelve calendar days after entry of this Order);

[2] If any date provided in this Order conflicts with the parenthetical description of the number of days, the date listed shall control over the number of days listed in such parenthetical.

C. Persons who believe that they hold, or attorneys who believe they represent persons who hold, Asbestos PI Pre-Petition Litigation Claims against any of the Debtors shall complete and serve the Questionnaire on or before 5:00 p.m. (Eastern Standard Time) on December 1, 2005; Questionnaires that are postmarked as mailed on or before December 1, 2005, but are actually received thereafter, will be considered timely served; and

D. The Debtors' claims processing agent shall compile the Questionnaire information into a navigable database and make it available to the Debtors and the various official committees' experts, if any, on or before February 1, 2006.

3. All holders of Asbestos PI Pre-Petition Litigation Claims are required to complete and serve the Questionnaire. Any such Holder who fails to complete and serve its Questionnaire on or before December 1, 2005 at 5:00 P.M. (Eastern Standard Time), shall be forever barred, estopped, and enjoined from asserting any such Claims (or filing a subsequent Proof of Claim and/or Questionnaire with respect to such Claims) against any of the Debtors or their predecessors-in-interest, insurance carriers, or their property or estates. If any such Claims are so barred, (i) each of the Debtors and its property shall be forever discharged from all indebtedness and liabilities with respect to such Claims, and the Holders of such Claims shall not be entitled to receive any distribution in these Chapter 11 Cases on account of such Claims or to receive further notices regarding such Claims or regarding these Chapter 11 Cases; and (ii) such Claims shall be estimated at zero.

4. Debtors' counsel, Kirkland & Ellis LLP, is designated to act as liaison counsel on behalf of all Plan proponents ("Plan Proponents Liaison Counsel") for all discovery matters with respect to the estimation of Asbestos Personal Injury Claims. The Asbestos PI Committee and the FCR shall jointly designate liaison counsel to act on behalf of (i) the Asbestos PI Committee, (ii) the FCR, and (iii) all holders of Asbestos PI Pre-Petition Litigation Claims who make an

appearance before the Court in connection with the PI Estimation ("Asbestos PI Liaison Counsel," and together with Plan Proponent Liaison Counsel, the "Liaison Counsel"[3]) for all discovery and procedural matters with respect to the estimation of Asbestos Personal Injury Claims.

5. Either Liaison Counsel may move to disallow in full and for all purposes the Asbestos PI Pre-Petition Litigation Claim of any claimant who fails to comply with the terms of this Order or the discovery requests of any Liaison Counsel made in connection with the Asbestos PI Estimation Hearing.

6. All Liaison Counsel seeking to call one or more experts to testify shall designate the categories to be addressed by such experts on or before October 3, 2005. The categories of experts may be supplemented on or before October 17, 2005.

7. All Liaison Counsel seeking to call one or more experts to testify shall designate such expert(s) on or before November 15, 2005.

8. Not later than November 18, 2005, Liaison Counsel shall each exchange preliminary designations of the non-expert witnesses each intends to call at the Asbestos PI Estimation Hearing. Subsequent to November 18, 2005, a Liaison Counsel, for good cause shown, may substitute and/or add one or more non-expert witnesses not previously designated on or before November 18, 2005.

[3] All actions contemplated by this Order with respect to the PI Estimation by the Plan Proponents, PI Committee, holders of Asbestos PI Pre-Petition Litigation Claims, or the FCR who make an appearance before the Court in connection with the estimation, should be coordinated through their respective Liaison Counsel whenever possible. The right of any party to participate in this contested matter, however, is neither reduced nor enhanced by the existence of Liaison Counsel.

9. All Liaison Counsel seeking to call one or more experts to testify as to criteria and causation of medical conditions shall produce and serve a report in compliance with Federal Rule of Civil Procedure 26(a)(2) from each expert ("Medical Expert Reports") on or before January 16, 2006. The Medical Expert Reports may be supplemented on or before March 15, 2006.

10. All Liaison Counsel seeking to call one or more experts to testify as to an estimated value of the Debtors' Asbestos Personal Injury Claims shall produce and serve a report in compliance with Federal Rule of Civil Procedure 26(a)(2) from each expert ("Estimation Expert Reports") on or before March 15, 2006. The Estimation Expert Reports may be supplemented on or before May 15, 2006.

11. A preliminary pre-trial conference on the Asbestos PI Estimation shall be held at the first omnibus hearing after June 1, 2006, at which time the Court may set a final pre-trial conference date in July 2006 and a trial date in August 2006 (the "Asbestos PI Estimation Hearing") for the Asbestos PI Estimation.

12. All written fact discovery may commence at any time but must be concluded by June 30, 2006.

13. Depositions of expert and non-expert witnesses may commence at any time, but must be concluded by June 30, 2006.

14. Pursuant to Rules 26(a)(3)(A) and 26(a)(3)(B) of the Federal Rules of Civil Procedure, Liaison Counsel shall file a final fact witness/expert list on or before June 30, 2006.

15. Any pre-trial motions, including *motions in limine*, *Daubert*, and summary judgment motions, shall be filed not later than July 3, 2006. Responses to such motions shall be filed not later than 21 days after the filing of any such motion. Replies shall be filed not later

than 7 days after the filing of the response to the motion. A hearing on such motions will be at the Court's direction.

16. On or before 21 calendar days prior to the final pre-trial conference, pursuant to Rule 16.4(d) of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware (the "Local Rules") and Rule 26(a)(3)(C) of the Federal Rules of Civil Procedure, Liaison Counsel shall file with the Court: (i) a proposed pre-trial order, signed by each Liaison Counsel as well as by counsel for any party participating in the PI Estimation; (ii) copies of all exhibits to be offered and all schedules and summaries to be used at the Asbestos PI Estimation Hearing; and (iii) stipulations regarding admissibility of exhibits.

17. On or before 21 calendar days prior to the final pre-trial conference, pursuant to Rule 26(a)(3)(C) of the Federal Rules of Civil Procedure, Liaison Counsel shall exchange copies of (or, when appropriate, make available for inspection) all exhibits to be offered and all schedules and summaries to be used at the Asbestos PI Estimation Hearing.

18. Any trial briefs shall be filed on or before 21 calendar days prior to the Asbestos PI Estimation Hearing and that no responses thereto shall be allowed.

19. Notwithstanding anything in this Order, the deadlines specified herein may be extended by consent of each Liaison Counsel or by the Court upon motion of any party participating in the PI Estimation, after notice (which may be shortened and limited by the Court as it deems appropriate) and hearing.

20. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

21. The Court may hear and resolve any discovery disputes telephonically at the request of any party involved in such dispute, upon notice (which may be shortened and limited

by the Court as it deems appropriate); provided, however, disputes which arise during a deposition regarding such deposition may be heard telephonically and without any notice to any party not present at such deposition.

Dated: July ___, 2005

_______________________________
The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge