IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| W.R. Grace & Co., *et al.*, | ) | Case No. 01-01139 (JJF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | **Objection Deadline: August 8, 2005 at 4:00 p.m.** |
| | ) | **Hearing Date: September 26, 2005 at 12:00 p.m.** |

**FIRST INTERIM QUARTERLY FEE
APPLICATION REQUEST OF LECG, LLC FOR APPROVAL AND
ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND
REIMBURSEMENT OF EXPENSES AS CONSULTANTS TO THE OFFICIAL
COMMITTEE OF ASBESTOS PROPERTY DAMAGE CLAIMANTS FOR THE
<u>PERIOD OF JANUARY 1, 2005 THROUGH MARCH 31, 2005</u>**

| | |
|---|---|
| Name of Applicant: | LECG, LLC |
| Authorized to provide professional services to: | Official Committee of Asbestos Property Damage Claimants |
| Date of retention: | Retention order entered on May 12, 2005, <u>Nunc Pro Tunc</u>, to February 17, 2005 |
| Period for which compensation and reimbursement is sought: | January 1, 2005 through March 31, 2005 |
| Amount of compensation sought as actual reasonable and necessary: | <u>$79,496.75</u> |
| Amount of expense reimbursement sought as actual reasonable and necessary: | <u>$493.74</u> |

This is an: <u>X</u> interim ___ final application

This is the First quarterly application filed.

## ATTACHMENT "B" TO FEE APPLICATION
## SUMMARY OF HOURS – LECG, LLC

| Name of Professional Person | Position of Applicant | Number of Years in Position | Dept. | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|---|
| John Salomon | Managing Director | N/A | N/A | $595.00 | 1.5 | $892.50 |
| Daniel Regard | Managing Director | N/A | N/A | $595.00 | 6.2 | $3,689.00 |
| James Hass | Director | N/A | N/A | $575.00 | 71.0 | $40,825.00 |
| Stephen Sellick | Director | N/A | N/A | $575.00 | 5.1 | $2,932.50 |
| Steven A. Wolf | Principal | N/A | N/A | $475.00 | 32.4 | $15,390.00 |
| Karen Sweetland | Senior Consultant | N/A | N/A | $350.00 | 42.6 | $14,910.00 |
| Nathan Basseen | Senior Associate | N/A | N/A | $185.00 | 4.0 | $740.00 |
| Joseph Sremack | Senior Associate | N/A | N/A | $185.00 | 4.0 | $740.00 |
| Opal Green | Case Assistant | N/A | N/A | $95.00 | 1.4 | $133.00 |
| Janice Inghram | Case Assistant | N/A | N/A | $95.00 | .8 | $76.00 |
| | | | | Total: | 169.00 | $80,328.00 |
| | | | | LESS 50% DISCOUNT FOR ALL NON-WORKING TRAVEL TIME: | | $(831.25) |
| | | | | | GRAND TOTAL | $79,496.75 |
| | | | | | Blended Rate: | $487.71 |

## COMPENSATION BY PROJECT CATEGORY

| PROJECT CATEGORY | TOTAL HOURS | TOTAL FEES |
|---|---|---|
| Case Administration | 50.4 | $26,368.00 |
| Creditors' Committee | 5.2 | $2,990.00 |
| Claims Analysis and Valuation/Claim Analysis, Objection & Resolution (Asbestos) | 52.2 | $28,385.00 |
| Travel | 3.5 | $1,662.50 |
| Accounting/Auditing | 1.0 | $475.00 |
| Data Analysis | 14.1 | $5,537.50 |
| Litigation Consulting | 42.6 | $14,910.00 |
| | | |
| Less 50% Discount on Non-Working Travel | | $(831.25) |
| Total | 169.0 | $79,496.75 |

## EXPENSE SUMMARY

| 1. | Data Entry | | |
|---|---|---|---|
| 2. | Court Reporter | | |
| 3. | Messenger Services | | $18.94 |
| 4. | Photocopies | | |
| | (a) In-house copies @ .15 | N/A | |
| | (b) Outside copies (at cost) | N/A | |
| 5. | Postage | | |
| 6. | Overnight Delivery Charges | | |
| 7. | Long Distance Telephone Charges | | |
| 8. | Telecopies | | |
| 9. | Research Materials | | |
| 10. | Expert Fees and Costs | | |
| 11. | Travel Expenses | | $474.80 |
| | (a) Airfare | | |
| | (b) Meals | 23.03 | |
| | (c) Parking, Car Rental & Mileage, Fuel | 121.75 | |
| | (d) Lodging | 310.02 | |
| | (e) Taxicabs | 20.00 | |
| **TOTAL "GROSS" AMOUNT OF REQUESTED DISBURSEMENT** | | | $493.74 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| W.R. Grace & Co., *et al.*, | ) | Case No. 01-01139 (JJF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | **Objection Deadline: August 8, 2005 at 4:00 p.m.** |
| | ) | **Hearing Date: September 26, 2005 at 12:00 p.m.** |

**FIRST INTERIM QUARTERLY FEE APPLICATION REQUEST
OF LECG, LLC FOR APPROVAL AND ALLOWANCE OF COMPENSATION FOR
SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS CONSULTANTS
TO THE OFFICIAL COMMITTEE OF ASBESTOS PROPERTY DAMAGE
CLAIMANTS FOR THE PERIOD OF JANUARY 1, 2005 THROUGH MARCH 31, 2005**

LECG, LLC (the "Applicant"), consultants to the Official Committee of Asbestos Property Damage Claimants ("PD Committee") of the above-captioned debtors (the "Debtors") in this Court, hereby submits its first interim quarterly fee application request (the "Request") pursuant to 11 U.S.C. §§ 330 and 331 and in accordance with the Administrative Fee Order (defined below) for approval and allowance of compensation for services rendered and for reimbursement of expenses incurred in connection therewith, respectfully represents as follows:

## I. Introduction

1. Applicant, as consultants to the PD Committee, seeks (i) approval and allowance, pursuant to Section 331 of the Bankruptcy Code of compensation for the professional services rendered by Applicant as consultants for the PD Committee from January 1, 2005 through March31, 2005 (the "First Interim Quarterly Fee Period") in the aggregate amount of $79,496.75 representing 169.0 hours of professional services and (ii) reimbursement of actual and necessary expenses incurred by the Applicant during the First Interim Quarterly Fee Period in connection with the rendition of such professional services in the aggregate amount of $493.74.

2. This Court has jurisdiction over this application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. Background

3. On April 2, 2001, each of the Debtors filed voluntary petitions for reorganization under Chapter 11 of the Bankruptcy Code. The Debtors continue to operate its business and manage their properties as a debtor-in-possession pursuant to Sections 1107(a) and 1108 of the

Bankruptcy Code. The Debtors' Chapter 11 cases have been procedurally consolidated and are being jointly administered. No trustee or examiner has been appointed in this case.

4. On April 12, 2001, the United States Trustee formed the PD Committee. Thereafter, the PD Committee approved the retention of Bilzin Sumberg Baena Price & Axelrod LLP ("Bilzin") as its counsel.

5. By order dated May 12, 2005, the Court authorized the PD Committee to retain the Applicant nunc pro tunc to February 17, 2005, pursuant to 11 U.S.C. §§ 1103 and 328, as consultants to the PD Committee in the Consolidated Cases.

6. This is the First interim quarterly fee application request that the Applicant has filed with the Court for an allowance of compensation and reimbursement of expenses for services rendered to the PD Committee. This application is submitted pursuant to the terms of the Administrative Order Under §§105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members approved by the Court on May 3, 2001 as amended by the Court's order of April 17, 2002 (collectively, the "Administrative Fee Order"). Previously, in accordance with the Administrative Fee Order, the Applicant has filed with the Court 3 Fee Applications that are the subject of this Request, which are summarized as follows:

| Date Filed | Period Covered | Fees Requested | Expenses Requested | Objections |
|---|---|---|---|---|
| 5/31/05 | 2/17/05 – 2/28/05 | $15,477.50 | $18.94 | N/A |
| 5/31/05 | 3/1/05 – 3/31/05 | $64,850.50 | $474.80 | N/A |
| Less 50% Discount on Non-Working Travel | | ($831.25) | | |
| **Totals** | | **$79,496.75** | **$493.74** | |

7. Applicant has received no payment and no promise for payment from any source for services rendered in connection with these cases. There is no agreement or understanding between Applicant and any other person for the sharing of compensation to be received hereunder.

8. As stated in the Certification of Steven Wolf, Principal, attached hereto as Exhibit "A," all of the services for which compensation is sought herein were rendered for and on behalf of the PD Committee solely in connection with these cases.

### III. Summary of Services Rendered

9. In accordance with Local Rule 2016-2 dated December 12, 1996 and the Administrative Fee Order, and to assist the Court, the Debtors, the Trustee and other parties in interest in evaluating this Request, the primary services performed by Applicant during the First Interim Quarterly Fee Period are summarized in the Summary attached hereto as Exhibit "B." The summary reflects certain services of major importance which required the special attention, efforts and skill of Applicant. Applicant's services throughout the First Interim Quarterly Fee Period have been valuable to the PD Committee in providing consultation.

10. In accordance with the Administrative Fee Order and the Local Rules, a summary sheet of the professionals and their corresponding names, years of experience, hourly rates and the number of hours incurred by each is set forth on Attachment B. The hourly rates reflect what Applicant generally charges its other clients for similar services. An itemization including identification of services performed by the professionals sorted by date and time keeper is attached hereto as Exhibit "C," which also contains a statement of Applicant's disbursements, necessarily incurred in the performance of Applicant's duties as consultants to the PD Committee.

### IV. Conclusion

11. Applicant has necessarily and properly expended 169.0 hours of services in the performance of its duties as consultants to the PD Committee during the First Interim Quarterly Fee Period. Such services have a fair market value of $79,496.75. The work involved and thus the time expended, was carefully assigned in light of the expertise required for each particular task.

12. In addition, Applicant incurred actual out-of-pocket expenses in connection with the rendition of services to the PD Committee in the sum of $493.74for which it respectfully requests reimbursement in full.

13. Applicant has reviewed the requirements set forth in Local Rule 2016-2 and believes that this application for interim compensation complies therewith.

14. Applicant has made no prior application in this or any other Court for the relief sought herein.

WHEREFORE, Applicant respectfully requests pursuant to the Administrative Fee Order: a) the approval and allowance, pursuant to section 331 of the Bankruptcy Code of compensation for professional services rendered to the PD Committee during the First Interim Quarterly Fee Period of January 1, 2005 through March 31, 2005 in the amount of $79,496.75, b) the approval and allowance of Applicant's out-of-pocket expenses incurred in connection with the rendition of such services during the First Interim Quarterly Fee Period of January 1, 2005 through March 31, 2005 in the amount of $493.74; and c) such other relief as the Court deems just.

Dated: July 18, 2005

        BILZIN SUMBERG BAENA PRICE & AXELROD LLP
        Counsel to the Official Committee of Asbestos Property Damage Claimants
        2500 Wachovia Financial Center
        200 South Biscayne Boulevard
        Miami, Florida 33131-2385
        Telephone: (305) 374-7580
        Facsimile: (305) 374-7593

        By:____/s/ Allyn S. Danzeisen_____
            Scott L. Baena (Admitted Pro Hac Vice)
            Allyn J. Danzeisen (Admitted Pro Hac Vice)