IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**DEBTORS' NOTICE OF PROPOSED SALE OF SPECIALTY POLYMERS BUSINESS PURSUANT TO ORDER ESTABLISHING <u>PROCEDURES FOR THE SALE OF DE MINIMIS ASSETS</u>**

PLEASE TAKE NOTICE that the Debtors propose to sell their Specialty Polymers business in Owensboro, Kentucky (the "Sale"). Pursuant to that certain Order Establishing Procedures for the Sale or Abandonment of De Minimis Assets dated August 2, 2001 (the "Order"), the Debtors may sell assets with a de minimis value up to $5 million. In accordance with the Order, the Debtors provide the following information in connection with the Sale:

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

1.  The property being sold is substantially all of the assets of the Debtors' Specialty Polymers business (the "SP Business") located in Owensboro, Kentucky, including the manufacturing facility but not the land on which the facility is located. As part of the transaction, the Debtors propose to lease such land for nominal rent under a long-term ground lease. A more detailed description of the SP Business and the terms of the Sale (the "SP Sale Agreement Terms") is attached hereto as **Attachment 1**.

2.  The Debtors propose to sell the SP Business to SANCAP Liner Technology, Inc., an Ohio corporation located in Alliance, OH ("SANCAP"), for $4,600,000 payable in cash on the closing date. The purchase price is subject to a post-closing adjustment dollar for dollar by any amount by which the current assets of the business as of the closing date are greater or lesser than the amount paid at the closing.

3.  The SP Business was originally part of a business divested by Grace in 1991. In July 2000, W. R. Grace & Co.-Conn. ("Grace") reacquired the business for nominal consideration. The business expectations underlying the acquisition were not realized. The Debtors concluded that it had no strategic potential, and that its growth prospects fell below Grace's standards for return on investments.

4.  In February 2004, the Debtors began to actively pursue the sale of the SP Business. The Debtors prepared a list of possible buyers; but because of the age and specialized applicability of the assets, the Debtors determined to limit their contacts to seven prospective buyers in whose business the assets appeared to have strategic value. Expressions of interest were received from four of the parties: Scott Bader PLC, Solvay America Inc, ELCAT, and Yule Catto PLC. All the interested parties were significant manufacturers, and Scott Bader and

Solvay were producers of SP's primary product, polyvinylidene chloride (PVdC) latex. Only Scott Bader, Solvay and ELCAT undertook due diligence and only Solvay completed the process. These efforts did not produce any final offers, and in March 2005 it was decided to terminate the SP Business and liquidate its assets. The announcement of the proposed closing of the SP Business elicited three expressions of interest from additional prospective buyers: SANCAP, Grace Matthews and Specialty Polymers Incorporated. SANCAP and Grace Matthews conducted due diligence, but only SANCAP made a final offer.

5. In examining the cost of terminating the SP Business, the Debtors obtained estimates for the liquidation of the assets. These estimates indicated that the production assets would have minimal liquidation value. Because of the age of the buildings and environmental issues, the Debtors' real estate specialists believe that the land and buildings used in the business have minimal value.

6. Based on the value of the assets, the limited prospects of the SP Business, and the difficulties encountered in finding a buyer as described above, the Debtors believe that the Sale is in the best interests of their estates. An affidavit of Robert M. Tarola, Chief Financial Officer of Grace, regarding fair value and compliance with internal management policies is attached hereto as **Attachment 2**.

PLEASE TAKE FURTHER NOTICE THAT this notice of Sale is being served on (i) United States Trustee, (ii) counsel to DIP Lender, (iii) counsel to The Chase Manhattan Bank, as agent for the Debtors' prepetition lenders; (iv) counsel to the official committess appointed in these cases; and (v) counsel to the Future Claimants' Representative appointed in

these cases; and (v) those parties that have previously expressed an interest in purchasing the SP Business.

PLEASE TAKE FURTHER NOTICE THAT any party wishing to submit an alternative bid for the SP Business must serve its bid in writing upon (i) co-counsel for the Debtors, Janet S. Baer, Kirkland & Ellis LLP, 200 East Randolph Drive, Chicago, IL 60601 (fax 312-861-2200), and David W. Carickhoff, Jr., Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C., 919 North Market Street, Suite 1600, P.O. Box 8705, Wilmington, DE 19899-8705 (Courier 19801) (fax 302-652-4400) (collectively, "Debtors' Counsel"); (ii) counsel to the Official Committee of Unsecured Creditors, Lewis Kruger, Stroock & Stroock & Lavan, 180 Maiden Lane, New York, NY 10038-4982 (fax 212-806-6006), and Michael R. Lastowski, Duane, Morris & Heckscher, LLP, 1100 N. Market Street, Suite 1200, Wilmington, DE 19801-1246 (fax 302-657-4901); (iii) counsel to the Official Committee of Property Damage Claimants, Scott L. Baena, Bilzin, Sumberg, Dunn, Baena, Price & Axelrod, First Union Financial Center, 200 South Biscayne Boulevard, Suite 2500, Miami, FL 33131 (fax 305-374-7593), and Michael B. Joseph, Ferry & Joseph, P.A., 824 Market Street, Suite 904, P.O. Box 1351, Wilmington, DE 19899 (fax 302-575-1714); (iv) counsel to the Official Committee of Personal Injury Claimants, Elihu Inselbuch, Caplin & Drysdale, 399 Park Avenue, 36th Floor, New York, NY 10022 (fax 212-644-6755), and Marla Eskin, Campbell & Levine, LLC, 800 N. King Street, Suite 300, Wilmington, DE 19801 (fax 302-426-9947); (v) counsel to the Official Committee of Equity Holders, Thomas M. Mayer, Kramer Levin Naftalis & Frankel LLP, 919 Third Avenue, New York, NY 10022 (fax 212-715-8000), and Teresa K.D. Currier, Klett Rooney Lieber & Schorling, 1000 West Street, Suite 1410, P.O. Box 1397, Wilmington, DE 19899-1397 (fax 302-

552-4220); (vi) counsel to the Future Claimants' Representative, Richard H. Wyron, Swidler Berlin Shereff Friedman, LLP, 3000 K Street, NW, Suite 300, Washington, DC 20007 (fax 202-424-7643), and John C. Phillips, Jr., Phillips, Goldman & Spence, P.A., 1200 North Broom Street, Wilmington, DE 19806 (fax 302-655-4210); and (vii) the Office of the United States Trustee, Attn: David Klauder, 844 N. King Street, Wilmington, DE 19801 (fax 302-573-6497), so that it is **received** on or before **August 5, 2005**. Such alternative bid must be for a higher dollar amount than $4,600,000, and must be on terms that are otherwise equivalent or superior to the SP Sale Agreement Terms as set forth on **Attachment 1**. Any alternative bid must exceed the original offer and must contain terms that are otherwise equivalent or superior to the terms of the original offer.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Sale must be in writing and served upon Debtors' Counsel so that it is **received** on or before **August 5, 2005**. In the event that the Debtors do not receive any written objections to the Sale on or before such date, the Debtors are authorized to proceed with the Sale without further approval of the Court.

Dated: July 22, 2005

KIRKLAND & ELLIS
James H.M. Sprayregen, P.C.
Janet S. Baer
Lori Sinanyan
200 East Randolph Drive
Chicago, IL 60601
(312) 861-2000

and

PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.

Laura Davis Jones (Bar No. 2436)
David W. Carickhoff, Jr. (Bar No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile (302) 652-4400

Co-Counsel for the Debtors and Debtors-In-Possession