# Attachment 2

## Tarola Affidavit

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

### AFFIDAVIT OF ROBERT M. TAROLA WITH RESPECT TO DEBTORS' PROPOSED SALE OF THEIR SPECIALTY POLYMERS BUSINESS

STATE OF NEW YORK    )
                             ) ss
COUNTY OF NEW YORK  )

Robert M. Tarola, being duly sworn, deposes and says:

        1.        I am the Senior Vice President and Chief Financial Officer of W. R. Grace & Co.- Conn. ("Grace"), one of the above captioned debtors and debtors in possession (collectively, the "Debtors"). All facts set forth in this Affidavit are based on my personal

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

knowledge, upon information supplied to me by the Debtors or upon my opinion based upon my experience and knowledge of Grace's businesses.

2.  Further, I am generally familiar with the operations and ordinary course of business of Grace and the other Debtors.

3.  I have reviewed the Debtor's Notice of Proposed Sale of Specialty Polymers Business Pursuant to Order Establishing Procedures for the Sale of De Minimis Assets (the "Notice") and concur with the facts and conclusions set forth therein. In furtherance and support of the facts set forth therein, I note the following:

(a)  The specialty polymers business (the "SP Business") was acquired in July 2000 for nominal consideration in order to explore its potential as a stepping stone to a broader business in specialty packaging materials and custom specialty polymers. These efforts were unsuccessful, and Grace management has determined that this initiative is not a strategic priority for Grace.

(b)  Considering (i) the cash generation potential for the base business, (ii) the immediate need for an estimated $4 million in capital to meet Clean Air Act regulatory requirements, (iii) the lack of synergies with existing Grace businesses, and (iv) the lack of fit with Grace's core technology competencies, the net present value of estimated future cash flows for the SP Business within Grace is negative.

(c)  Grace has been actively pursuing the sale of this business since February 2004. Although several potential buyers entered into due diligence and various levels of discussion with Grace, none made final offers. Because the estimated net present values of plant and business closure on the one hand and ongoing operation of the business on the other were virtually equivalent, in March 2005 management approved the closure of the facility and the SP Business.

(d) The closure announcement elicited several expressions of interest and eventually the offer by SANCAP Liner Technologies, Inc. described in the Notice (the "SANCAP Offer"). The net present value of the sale contemplated by the SANCAP Offer (the "Sale") is superior to the estimated net present value of both ongoing operation and shutdown.

4. For the foregoing reasons, the Debtors believe that the sale price reflected in the Sale will provide fair value to Debtors for the SP Business.

5. The Sale complies with Debtors' internal management policies.

I declare under penalty of perjury that the foregoing is true and correct.

*Robert M. Tarola*
Robert M. Tarola
Senior Vice President and
Chief Financial Officer

SWORN and SUBSCRIBED
before me on this 21st day
of July, 2005.

*Margaret E. Pringle*
Notary Public

MARGARET E. PRINGLE
Notary Public, State of New York
No. 01PR6081492
Qualified in New York County
Commission Expires October 7, 2006