# Exhibit B

## Offer Letters



**Michael G. Cherkasky**
President and Chief Executive Officer

Marsh & McLennan Companies, Inc.
1166 Avenue of the Americas
New York, New York 10036

May 20, 2005

01235965

W R GRACE &
GENERAL COUNSEL OR PRINCIPAL
7500 GRACE DR
COLUMBIA, MD 21044-4029

To U.S. Policyholder Clients,

I am writing to inform you of your eligibility to participate in a settlement fund established by Marsh & McLennan Companies, Inc. ("Marsh").

### Actions Filed by the New York Attorney General and Superintendent of Insurance

In October 2004, the New York Attorney General and Superintendent of Insurance commenced actions against Marsh alleging, among other things, that Marsh engaged in "bid rigging," improperly steered insurance placements to insurers that paid Marsh contingent commissions, and failed to adequately disclose contingent compensation arrangements. The complaint filed by the Attorney General and the amended citation issued by the Superintendent of Insurance are available on their respective websites.

### The Settlement Agreement

On January 30, 2005, Marsh entered into a settlement agreement to resolve these actions. A copy of the Settlement Agreement is available at www.marshsettlement.com. As part of the settlement, Marsh agreed to establish an $850,000,000 Fund payable over four years to compensate those "U.S. policyholder clients who retained Marsh to place, renew, consult on or service insurance with inception or renewal dates between January 1, 2001 through December 31, 2004 where such placement, renewal, consultation or servicing resulted in contingent commissions or overrides recorded by Marsh between January 1, 2001 through December 31, 2004." See ¶ 2(a).

### The Allocation of the Settlement Funds

Attached is a statement setting forth the amount you are eligible to receive from the Fund. The parties agreed to use revenue attributable to contingent commissions solely as a mechanism for allocating the settlement funds to eligible policyholders. This method of allocation eliminated the need for any policyholder to demonstrate that it suffered any actual harm or injury. Pursuant to an approach approved by the Attorney General and Superintendent of Insurance, Marsh has calculated the amount of premium and contingent commissions or overrides attributable to each eligible policyholder for each insurer, each product line and each year. In certain instances, Marsh has used estimates where premium data was not available to Marsh (for example, because the insurer billed the policyholder directly).

### The Release

The decision of whether or not to participate in the Fund is entirely voluntary. If you elect to receive a distribution from the Fund, you must sign and return the enclosed release by September 20, 2005. The form of the release has been approved by the Attorney General and Superintendent of Insurance. By signing the release, you will give up your right to pursue any claims against Marsh or its related entities for any matters related to the actions filed by the Attorney General and Superintendent of Insurance, including claims that relate to policies issued prior to January 1, 2001. The release does not preclude participating policyholders from seeking relief against non-Marsh entities or individuals.

If you elect not to receive a distribution from the Fund, you will retain any rights you may have to pursue an individual or class action against Marsh, including by participating in a putative class action against Marsh and other companies that is currently pending in the District Court of New Jersey entitled In Re: Insurance Brokerage Antitrust Litigation, Civil No. 04-5184 (FSH), MDL No. 1663, or any other pending actions. These actions assert numerous violations of federal and state statutory and common law and seek various forms of damages and other relief on behalf of policyholders.

### Payment Mechanisms

As a general matter, payments will be made in installments over the next four years, beginning on November 1, 2005. Under the Settlement Agreement, "Marsh shall pay proportionally to each Participating Policyholder as much of that Participating Policyholder's aggregate share of the Fund as possible with the monies then available in the Fund . . ." See ¶ 6. Thus, the payment schedule will depend upon the percentage of eligible policyholders that elect to participate.

In deciding whether to participate in the Fund, you should review the complete terms of the Settlement Agreement, including the following provision: "In no event shall a distribution be made from the Fund to any Non-Participating Policyholder until all Participating Policyholders have been paid the full aggregate amount due . . . nor shall the total payments from the Fund to any Non-participating Policyholder exceed 80% of that Non-participating Policyholder's original allocated share." See ¶ 3.

### Amounts Remaining in the Fund

Under no circumstances will any portion of the settlement Fund revert to Marsh. In particular, "if any funds remain in the fund as of June 20, 2008, any such funds shall be distributed on a pro rata basis to Participating Policyholders." See ¶ 3. Thus, "the amount paid [to Participating Policyholders] may increase if there is less than full participation by eligible clients in the Fund." See ¶ 2.

\*            \*            \*

If you have any questions about participation in the Fund and are calling from within the United States, Canada or a U.S. territory, you may contact our service center at (800) 406-1541. If calling from outside the United States, Canada or a U.S. territory, please use the appropriate international access code followed by (941) 906-4643. On behalf of Marsh, I want to thank you for your business and your patience.

Sincerely,

Michael Cherkasky

Enclosures



**Michael G. Cherkasky**
President and Chief Executive Officer

Marsh & McLennan Companies, Inc.
1166 Avenue of the Americas
New York, New York 10036

May 20, 2005

01 085856

GRACE, W R & CO-CONN
JEFFREY POSNER
2333 NORTH STATE ROAD 7
SUITE B
MARGATE, FL 33063

To U.S. Policyholder Clients,

I am writing to inform you of your eligibility to participate in a settlement fund established by Marsh & McLennan Companies, Inc. ("Marsh").

### Actions Filed by the New York Attorney General and Superintendent of Insurance

In October 2004, the New York Attorney General and Superintendent of Insurance commenced actions against Marsh alleging, among other things, that Marsh engaged in "bid rigging," improperly steered insurance placements to insurers that paid Marsh contingent commissions, and failed to adequately disclose contingent compensation arrangements. The complaint filed by the Attorney General and the amended citation issued by the Superintendent of Insurance are available on their respective websites.

### The Settlement Agreement

On January 30, 2005, Marsh entered into a settlement agreement to resolve these actions. A copy of the Settlement Agreement is available at www.marshsettlement.com. As part of the settlement, Marsh agreed to establish an $850,000,000 Fund payable over four years to compensate those "U.S. policyholder clients who retained Marsh to place, renew, consult on or service insurance with inception or renewal dates between January 1, 2001 through December 31, 2004 where such placement, renewal, consultation or servicing resulted in contingent commissions or overrides recorded by Marsh between January 1, 2001 through December 31, 2004." See ¶ 2(a).

### The Allocation of the Settlement Funds

Attached is a statement setting forth the amount you are eligible to receive from the Fund. The parties agreed to use revenue attributable to contingent commissions solely as a mechanism for allocating the settlement funds to eligible policyholders. This method of allocation eliminated the need for any policyholder to demonstrate that it suffered any actual harm or injury. Pursuant to an approach approved by the Attorney General and Superintendent of Insurance, Marsh has calculated the amount of premium and contingent commissions or overrides attributable to each eligible policyholder for each insurer, each product line and each year. In certain instances, Marsh has used estimates where premium data was not available to Marsh (for example, because the insurer billed the policyholder directly).

### The Release

The decision of whether or not to participate in the Fund is entirely voluntary. If you elect to receive a distribution from the Fund, you must sign and return the enclosed release by September 20, 2005. The form of the release has been approved by the Attorney General and Superintendent of Insurance. By signing the release, you will give up your right to pursue any claims against Marsh or its related entities for any matters related to the actions filed by the Attorney General and Superintendent of Insurance, including claims that relate to policies issued prior to January 1, 2001. The release does not preclude participating policyholders from seeking relief against non-Marsh entities or individuals.

If you elect not to receive a distribution from the Fund, you will retain any rights you may have to pursue an individual or class action against Marsh, including by participating in a putative class action against Marsh and other companies that is currently pending in the District Court of New Jersey entitled In Re: Insurance Brokerage Antitrust Litigation, Civil No. 04-5184 (FSH), MDL No. 1663, or any other pending actions. These actions assert numerous violations of federal and state statutory and common law and seek various forms of damages and other relief on behalf of policyholders.

### Payment Mechanisms

As a general matter, payments will be made in installments over the next four years, beginning on November 1, 2005. Under the Settlement Agreement, "Marsh shall pay proportionally to each Participating Policyholder as much of that Participating Policyholder's aggregate share of the Fund as possible with the monies then available in the Fund . . ." See ¶ 6. Thus, the payment schedule will depend upon the percentage of eligible policyholders that elect to participate.

In deciding whether to participate in the Fund, you should review the complete terms of the Settlement Agreement, including the following provision: "In no event shall a distribution be made from the Fund to any Non-Participating Policyholder until all Participating Policyholders have been paid the full aggregate amount due . . . nor shall the total payments from the Fund to any Non-participating Policyholder exceed 80% of that Non-participating Policyholder's original allocated share." See ¶ 3.

### Amounts Remaining in the Fund

Under no circumstances will any portion of the settlement Fund revert to Marsh. In particular, "if any funds remain in the fund as of June 20, 2008, any such funds shall be distributed on a pro rata basis to Participating Policyholders." See ¶ 3. Thus, "the amount paid [to Participating Policyholders] may increase if there is less than full participation by eligible clients in the Fund." See ¶ 2.

\*     \*     \*

If you have any questions about participation in the Fund and are calling from within the United States, Canada or a U.S. territory, you may contact our service center at (800) 406-1541. If calling from outside the United States, Canada or a U.S. territory, please use the appropriate international access code followed by (941) 906-4643. On behalf of Marsh, I want to thank you for your business and your patience.

Sincerely,

Michael Cherkasky

Enclosures

**Must be Postmarked No Later Than September 20, 2005**



**Marsh Settlement**
c/o The Garden City Group, Inc.
P.O. Box 8892
Melville, NY 11747-8892
(800) 406-1541 (United States)
(941) 906-4643 (International)

MMC



Settlement Identification Number: 01 235968

W R GRACE & CO
REN LAPIDARIO
5400 BROKEN SOUND BLVD # 300
BOCA RATON, FL 33487-3508

**REQUIRED INFORMATION OR CORRECTIONS**
Write any name and address corrections below if any corrections are necessary **OR** if the distribution check should be sent to a different name or address, **YOU MUST** provide that information here:

_____
_____
_____
_____

## GENERAL RELEASE

This RELEASE (the "Release") is executed this ___ day of _____, 2005 by RELEASOR (defined below) in favor of RELEASEE (defined below).

### DEFINITIONS

"RELEASOR" refers to W R GRACE & CO and any of its affiliates, subsidiaries, associates, general or limited partners or partnerships, predecessors, successors, or assigns, including, without limitation, any of their respective present or former officers, directors, trustees, employees, agents, attorneys, representatives and shareholders, affiliates, associates, general or limited partners or partnerships, heirs, executors, administrators, predecessors, successors, assigns or insurers acting on behalf of RELEASOR.

"RELEASEE" refers to Marsh & McLennan Companies, Inc. and any of its subsidiaries, affiliates, associates, general or limited partners or partnerships, predecessors, successors, or assigns, including, without limitation, any of their respective present or former officers, directors, trustees, employees, agents, attorneys, representatives and shareholders, affiliates, associates, general or limited partners or partnerships, heirs, executors, administrators, predecessors, successors, assigns or insurers (collectively, "Marsh").

"AGREEMENT" refers to a certain agreement between Marsh and the Attorney General of the State of New York ("NYAG") and the Superintendent of Insurance of the State of New York ("NYSI") dated January 30, 2005, relating to an action commenced against Marsh by NYAG dated October 14, 2004 captioned The People of the State of New York against Marsh & McLennan Companies, Inc. and Marsh Inc., Index No. 04/403342, and an investigation by NYAG relating to same (the "Complaint"), and a Citation and Amended Citation captioned In the Matter of Marsh & McLennan Companies, Inc. et. al., (Amended Citation No. 2004-0123-C), issued to Marsh by NYSI on October 21, 2004 and October 25, 2004, respectively, and an investigation by NYSI relating to same (collectively, the "Amended Citation").

### RELEASE

1. In consideration for the total payment of $3,950.42 in accordance with the terms of the Agreement, RELEASOR does hereby fully release, waive and forever discharge RELEASEE from any and all claims, demands, debts, rights, causes of action or liabilities whatsoever, including known and unknown claims, now existing or hereafter arising, in law, equity or otherwise, whether under state, federal or foreign statutory or common law, and whether possessed or asserted directly, indirectly, derivatively, representatively or in any other capacity (collectively, "claims"), to the extent any such claims are based upon, arise out of or relate to, in whole or in part, any of the allegations, acts, omissions, transactions, events, types of conduct or matters that are the subject of the Complaint, the Amended Citation, except for claims which are based upon, arise out of or relate to the purchase or sale of Marsh securities.

2. In the event that the total payment referred to in paragraph 1 is not made for any reason, then this RELEASE shall be deemed null and void, provided that any payments received by RELEASOR shall be credited to Marsh in connection with any claims that RELEASOR may assert against Marsh, or that are asserted on behalf of RELEASOR or by a class of which RELEASOR is a member, against Marsh.

3. This RELEASE may not be changed orally and shall be governed by and interpreted in accordance with the internal laws of the State of New York, without giving effect to choice of law principles, except to the extent that federal law requires that federal law governs.

4. Releasor represents and warrants that the claims have not been sold, assigned or hypothecated in whole or in part.

| RELEASOR: | | Dated: | |
|---|---|---|---|
| Signed By: | | Social Security No / Taxpayer ID No: | |
| Print Name: | | | |
| Title: | | Phone Number: | ( ) - |

**Must be Postmarked No Later Than September 20, 2005**



**Marsh Settlement**
**c/o The Garden City Group, Inc.**
**P.O. Box 8892**
**Melville, NY 11747-8892**
**(800) 406-1541 (United States)**
**(941) 906-4643 (International)**



MMC

Settlement Identification Number: 01085856

GRACE, W R & CO-CONN
JEFFREY POSNER
7500 GRACE DR
COLUMBIA, MD 21044-4009

**REQUIRED INFORMATION OR CORRECTIONS**
Write any name and address corrections below if any corrections are necessary **OR** if the distribution check should be sent to a different name or address, **YOU MUST** provide that information here:

_____
_____
_____
_____

### GENERAL RELEASE

This RELEASE (the "Release") is executed this ___ day of _____, 2005 by RELEASOR (defined below) in favor of RELEASEE (defined below).

### DEFINITIONS

"RELEASOR" refers to GRACE, W R & CO-CONN and any of its affiliates, subsidiaries, associates, general or limited partners or partnerships, predecessors, successors, or assigns, including, without limitation, any of their respective present or former officers, directors, trustees, employees, agents, attorneys, representatives and shareholders, affiliates, associates, general or limited partners or partnerships, heirs, executors, administrators, predecessors, successors, assigns or insurers acting on behalf of RELEASOR.

"RELEASEE" refers to Marsh & McLennan Companies, Inc. and any of its subsidiaries, affiliates, associates, general or limited partners or partnerships, predecessors, successors, or assigns, including, without limitation, any of their respective present or former officers, directors, trustees, employees, agents, attorneys, representatives and shareholders, affiliates, associates, general or limited partners or partnerships, heirs, executors, administrators, predecessors, successors, assigns or insurers (collectively, "Marsh").

"AGREEMENT" refers to a certain agreement between Marsh and the Attorney General of the State of New York ("NYAG") and the Superintendent of Insurance of the State of New York ("NYSI") dated January 30, 2005, relating to an action commenced against Marsh by NYAG dated October 14, 2004 captioned The People of the State of New York against Marsh & McLennan Companies, Inc. and Marsh Inc., Index No. 04/403342, and an investigation by NYAG relating to same (the "Complaint"), and a Citation and Amended Citation captioned In the Matter of Marsh & McLennan Companies, Inc. et. al., (Amended Citation No. 2004-0123-C), issued to Marsh by NYSI on October 21, 2004 and October 25, 2004, respectively, and an investigation by NYSI relating to same (collectively, the "Amended Citation").

### RELEASE

1. In consideration for the total payment of $719,370.16 in accordance with the terms of the Agreement, RELEASOR does hereby fully release, waive and forever discharge RELEASEE from any and all claims, demands, debts, rights, causes of action or liabilities whatsoever, including known and unknown claims, now existing or hereafter arising, in law, equity or otherwise, whether under state, federal or foreign statutory or common law, and whether possessed or asserted directly, indirectly, derivatively, representatively or in any other capacity (collectively, "claims"), to the extent any such claims are based upon, arise out of or relate to, in whole or in part, any of the allegations, acts, omissions, transactions, events, types of conduct or matters that are the subject of the Complaint, the Amended Citation, except for claims which are based upon, arise out of or relate to the purchase or sale of Marsh securities.

2. In the event that the total payment referred to in paragraph 1 is not made for any reason, then this RELEASE shall be deemed null and void, provided that any payments received by RELEASOR shall be credited to Marsh in connection with any claims that RELEASOR may assert against Marsh, or that are asserted on behalf of RELEASOR or by a class of which RELEASOR is a member, against Marsh.

3. This RELEASE may not be changed orally and shall be governed by and interpreted in accordance with the internal laws of the State of New York, without giving effect to choice of law principles, except to the extent that federal law requires that federal law governs.

4. Releasor represents and warrants that the claims have not been sold, assigned or hypothecated in whole or in part.

| RELEASOR: | | Dated: | |
|---|---|---|---|
| Signed By: | | Social Security No / Taxpayer ID No: | |
| Print Name: | | | |
| Title: | | Phone Number: | ( ) - |

**Must be Postmarked
No Later Than
September 20, 2005**

**Marsh Settlement
c/o The Garden City Group, Inc.
P.O. Box 8892
Melville, NY 11747-8892
(800) 406-1541 (United States)
(941) 906-4643 (International)**


MMC

Settlement Identification Number: 01235967

W R GRACE & CO
JEFFREY POSNER
2333 NORTH STATE ROAD 7
SUITE B
MARGATE, FL 33063

**REQUIRED INFORMATION OR CORRECTIONS**
Write any name and address corrections below if any corrections are necessary **OR** if the distribution check should be sent to a different name or address, **YOU MUST** provide that information here:

_____
_____
_____
_____

## GENERAL RELEASE

This RELEASE (the "Release") is executed this ___ day of _____, 2005 by RELEASOR (defined below) in favor of RELEASEE (defined below).

### DEFINITIONS

"RELEASOR" refers to W R GRACE & CO and any of its affiliates, subsidiaries, associates, general or limited partners or partnerships, predecessors, successors, or assigns, including, without limitation, any of their respective present or former officers, directors, trustees, employees, agents, attorneys, representatives and shareholders, affiliates, associates, general or limited partners or partnerships, heirs, executors, administrators, predecessors, successors, assigns or insurers acting on behalf of RELEASOR.

"RELEASEE" refers to Marsh & McLennan Companies, Inc. and any of its subsidiaries, affiliates, associates, general or limited partners or partnerships, predecessors, successors, or assigns, including, without limitation, any of their respective present or former officers, directors, trustees, employees, agents, attorneys, representatives and shareholders, affiliates, associates, general or limited partners or partnerships, heirs, executors, administrators, predecessors, successors, assigns or insurers (collectively, "Marsh").

"AGREEMENT" refers to a certain agreement between Marsh and the Attorney General of the State of New York ("NYAG") and the Superintendent of Insurance of the State of New York ("NYSI") dated January 30, 2005, relating to an action commenced against Marsh by NYAG dated October 14, 2004 captioned The People of the State of New York against Marsh & McLennan Companies, Inc. and Marsh Inc., Index No. 04/403342, and an investigation by NYAG relating to same (the "Complaint"), and a Citation and Amended Citation captioned In the Matter of Marsh & McLennan Companies, Inc. et. al., (Amended Citation No. 2004-0123-C), issued to Marsh by NYSI on October 21, 2004 and October 25, 2004, respectively, and an investigation by NYSI relating to same (collectively, the "Amended Citation").

### RELEASE

1. In consideration for the total payment of $661,868.43 in accordance with the terms of the Agreement, RELEASOR does hereby fully release, waive and forever discharge RELEASEE from any and all claims, demands, debts, rights, causes of action or liabilities whatsoever, including known and unknown claims, now existing or hereafter arising, in law, equity or otherwise, whether under state, federal or foreign statutory or common law, and whether possessed or asserted directly, indirectly, derivatively, representatively or in any other capacity (collectively, "claims"), to the extent any such claims are based upon, arise out of or relate to, in whole or in part, any of the allegations, acts, omissions, transactions, events, types of conduct or matters that are the subject of the Complaint, the Amended Citation, except for claims which are based upon, arise out of or relate to the purchase or sale of Marsh securities.

2. In the event that the total payment referred to in paragraph 1 is not made for any reason, then this RELEASE shall be deemed null and void, provided that any payments received by RELEASOR shall be credited to Marsh in connection with any claims that RELEASOR may assert against Marsh, or that are asserted on behalf of RELEASOR or by a class of which RELEASOR is a member, against Marsh.

3. This RELEASE may not be changed orally and shall be governed by and interpreted in accordance with the internal laws of the State of New York, without giving effect to choice of law principles, except to the extent that federal law requires that federal law governs.

4. Releasor represents and warrants that the claims have not been sold, assigned or hypothecated in whole or in part.

| RELEASOR: | | Dated: | |
|---|---|---|---|
| Signed By: | | Social Security No / Taxpayer ID No: | |
| Print Name: | | | |
| Title: | | Phone Number: | ( ) - |

**Must be Postmarked No Later Than September 20, 2005**



**Marsh Settlement**
c/o The Garden City Group, Inc.
P.O. Box 8892
Melville, NY 11747-8892
(800) 406-1541 (United States)
(941) 906-4643 (International)

**MMC**


Settlement Identification Number: 01235965

W R GRACE &
GENERAL COUNSEL OR PRINCIPAL
7500 GRACE DR
COLUMBIA, MD 21044-4029

**REQUIRED INFORMATION OR CORRECTIONS**
Write any name and address corrections below if any corrections are necessary **OR** if the distribution check should be sent to a different name or address, **YOU MUST** provide that information here:

_____
_____
_____
_____

## GENERAL RELEASE

This RELEASE (the "Release") is executed this ___ day of _____, 2005 by RELEASOR (defined below) in favor of RELEASEE (defined below).

### DEFINITIONS

"RELEASOR" refers to W R GRACE & and any of its affiliates, subsidiaries, associates, general or limited partners or partnerships, predecessors, successors, or assigns, including, without limitation, any of their respective present or former officers, directors, trustees, employees, agents, attorneys, representatives and shareholders, affiliates, associates, general or limited partners or partnerships, heirs, executors, administrators, predecessors, successors, assigns or insurers acting on behalf of RELEASOR.

"RELEASEE" refers to Marsh & McLennan Companies, Inc. and any of its subsidiaries, affiliates, associates, general or limited partners or partnerships, predecessors, successors, or assigns, including, without limitation, any of their respective present or former officers, directors, trustees, employees, agents, attorneys, representatives and shareholders, affiliates, associates, general or limited partners or partnerships, heirs, executors, administrators, predecessors, successors, assigns or insurers (collectively, "Marsh").

"AGREEMENT" refers to a certain agreement between Marsh and the Attorney General of the State of New York ("NYAG") and the Superintendent of Insurance of the State of New York ("NYSI") dated January 30, 2005, relating to an action commenced against Marsh by NYAG dated October 14, 2004 captioned The People of the State of New York against Marsh & McLennan Companies, Inc. and Marsh Inc., Index No. 04/403342, and an investigation by NYAG relating to same (the "Complaint"), and a Citation and Amended Citation captioned In the Matter of Marsh & McLennan Companies, Inc. et. al., (Amended Citation No. 2004-0123-C), issued to Marsh by NYSI on October 21, 2004 and October 25, 2004, respectively, and an investigation by NYSI relating to same (collectively, the "Amended Citation").

### RELEASE

1. In consideration for the total payment of $117.80 in accordance with the terms of the Agreement, RELEASOR does hereby fully release, waive and forever discharge RELEASEE from any and all claims, demands, debts, rights, causes of action or liabilities whatsoever, including known and unknown claims, now existing or hereafter arising, in law, equity or otherwise, whether under state, federal or foreign statutory or common law, and whether possessed or asserted directly, indirectly, derivatively, representatively or in any other capacity (collectively, "claims"), to the extent any such claims are based upon, arise out of or relate to, in whole or in part, any of the allegations, acts, omissions, transactions, events, types of conduct or matters that are the subject of the Complaint, the Amended Citation, except for claims which are based upon, arise out of or relate to the purchase or sale of Marsh securities.

2. In the event that the total payment referred to in paragraph 1 is not made for any reason, then this RELEASE shall be deemed null and void, provided that any payments received by RELEASOR shall be credited to Marsh in connection with any claims that RELEASOR may assert against Marsh, or that are asserted on behalf of RELEASOR or by a class of which RELEASOR is a member, against Marsh.

3. This RELEASE may not be changed orally and shall be governed by and interpreted in accordance with the internal laws of the State of New York, without giving effect to choice of law principles, except to the extent that federal law requires that federal law governs.

4. Releasor represents and warrants that the claims have not been sold, assigned or hypothecated in whole or in part.

| RELEASOR: | | Dated: | |
|---|---|---|---|
| Signed By: | | Social Security No / Taxpayer ID No: | |
| Print Name: | | | |
| Title: | | Phone Number: | ( ) - |



Policy Holder Name: WR GRACE & CO
Policy Holder Address: 2333 NORTH STATE ROAD 7, SUITE B, MARGATE, FL 33063

| | Insurer | Product Line | Policy # / Risk ID | Year (1) | Premiums (2) | Attributed Contingent Commissions or Overrides recorded by Marsh (2) | Payment to Policy Holder |
|---|---|---|---|---|---|---|---|
| 46 | HARTFORD INSURANCE CO OF MW | WORKERS COMP | 10 WBR C47900 | 2004 | $1,726,993.00 | $45,936.82 | $23.72 |
| 47 | HARTFORD INSURANCE CO OF MW | WORKERS COMP | 10 WBR C47900 (A/S | 2002 | $0.00 | $0.00 | $ |
| 48 | HARTFORD INSURANCE CO OF MW | WORKERS COMP | 10WBRC47900 | 2002 | $94,906.95 | $1,738.45 | $89 |
| 49 | LIBERTY MUTUAL INSURANCE CO | CASUALTY | LQ1B71073617020 | 2001 | $153,900.00 | $24,268.71 | $12.54 |
| 50 | LIBERTY SURPLUS INSURANCE CORP | CASUALTY | LQ1B71073617030 | 2002 | $375,000.00 | $40,881.69 | $21.12 |
| 51 | LIBERTY SURPLUS INSURANCE CORP | CASUALTY | LQ1B71073617040 | 2003 | $215,625.00 | $23,604.56 | $12.19 |
| 52 | NAT'L UNION FIRE INS CO OF PA | CASUALTY | BE8713557 | 2001 | $850,000.00 | $94,896.81 | $49.04 |
| 53 | NAT'L UNION FIRE INS CO OF PA | FINANCIAL SVCS | 008746526I | 2001 | $114,000.00 | $1,536.23 | $79 |
| 54 | NAT'L UNION FIRE INS CO OF PA | FINANCIAL SVCS | 395-03-30 | 2002 | $158,220.00 | $2,237.73 | $1,15 |
| 55 | NAT'L UNION FIRE INS CO OF PA | FINANCIAL SVCS | 395-03-30 | 2003 | $11,233.00 | $236.48 | $12 |
| 56 | NAT'L UNION FIRE INS CO OF PA | FINANCIAL SVCS | 549-80-77 | 2003 | $179,780.00 | $3,784.85 | $1,95 |
| 57 | PRINCETON EX SURP LNS | CASUALTY | 01A3FF0000006-00 | 2002 | $427,800.00 | $63,590.19 | $32.88 |
| 58 | PRINCETON EX SURP LNS | CASUALTY | T.B.D2 | 2002 | $0.00 | $0.00 | $ |
| 59 | PRINCETON EX SURP LNS | PROPERTY | 01-A3-PP-000014-01 | 2003 | $86,086.12 | $3,237.01 | $1,67 |
| 60 | STEADFAST INSURANCE COMPANY | CASUALTY | AEC294001504 | 2002 | $427,800.00 | $45,314.08 | $23.41 |
| 61 | STEADFAST INSURANCE COMPANY | CASUALTY | AEC294001505 | 2003 | $492,900.00 | $50,158.28 | $25.92 |
| 62 | TWN CITY FIRE INSURANCE CO | FINANCIAL SVCS | NDA0150530-00 | 2002 | $2,250,000.00 | $49,569.71 | $25.61 |
| 63 | TWIN CITY FIRE INSURANCE CO | FINANCIAL SVCS | NDA0150530 | 2003 | $2,500,000.00 | $95,295.71 | $49.24 |
| 64 | XL INSURANCE AMERICA INC. | PROPERTY | 01-P00329-01 | 2001 | $307,742.00 | $8,466.87 | $4.37 |
| 65 | XL INSURANCE AMERICA INC. | PROPERTY | TBD | 2002 | $0.00 | $0.00 | $ |
| 66 | XL INSURANCE AMERICA INC. | PROPERTY | US00005883PR02A | 2002 | $129,794.37 | $7,825.41 | $4.04 |
| 67 | XL INSURANCE AMERICA INC. | PROPERTY | US00005883PR03A | 2003 | $109,172.21 | $4,780.62 | $2.47 |
| 68 | XL INSURANCE AMERICA INC. | PROPERTY | US00005902PR02A | 2002 | $210,355.11 | $12,682.48 | $6.55 |
| 69 | XL INSURANCE AMERICA INC. | PROPERTY | US00005936PR03A | 2003 | $136,794.90 | $5,990.21 | $3.09 |
| | TOTALS | | | | $25,697,325.61 | $1,280,734.22 | $661,86 |

(1) For policies and transactions with effective dates between January 1, 2001 and December 31, 2004 (the "Relevant Period") that resulted in Contingent Commissions or Overrides recorded by Marsh during the Relevant Period. See ¶ 2 of the Settlement Agreement.
(2) Includes only premiums for placements during the Relevant Period. See ¶ 2. In limited instances, Marsh has used estimates where premium data was not available to Marsh.
(3) Payment constitutes approximately 51.68% of Attributed Contingent Commissions or Overrides. This percentage is $850,000,000 divided by the total Attributed Contingent Commissions or Overrides to eligible policyholders.



Policy Holder Name: WR GRACE &
Policy Holder Address: 7500 GRACE DR
COLUMBIA MD 21044-4029

| Insurer | Product Line | Policy # / Risk ID | Year (1) | Premiums (2) | Attributed Contingent Commissions or Overrides recorded by Marsh (2) | Payment to Policy Holder (3) |
|---|---|---|---|---|---|---|
| 1 CHUBB | GROUP EXCESS | 79323102 | 2002 | $-642.00 | $-20.15 | $-10.41 |
| 2 CHUBB | GROUP EXCESS | 79323102 | 2003 | $10,000.00 | $248.09 | $128.21 |
| TOTALS | | | | $9,358.00 | $227.94 | $117.80 |

1) For policies and transactions with effective dates between January 1, 2001 and December 31, 2004 (the "Relevant Period"). See ¶ 2 of the Settlement Agreement.
2) Includes only premiums for placements during the Relevant Period that resulted in Contingent Commissions or Overrides recorded by Marsh during the Relevant Period. See ¶ 2.
3) Payment constitutes approximately 51.68% of Attributed Contingent Commissions or Overrides. This percentage is $850,000,000 divided by the total Attributed Contingent Commissions or Overrides to eligible policyholders.

Policy Holder Name: GRACE, WR & CO-CONN
Policy Holder Address: 2333 NORTH STATE ROAD 7
SUITE B
MARGATE, FL 33063

| | Insurer | Product Line | Policy # / Risk ID | Year (1) | Premiums (2) | Attributed Contingent Commissions or Overrides recorded by Marsh (2) | Payment to Policy Holder (3) |
|---|---|---|---|---|---|---|---|
| | ACE BERMUDA INSURANCE CO LTD | FINANCIAL SVCS | 01791/ACE | 2001 | $2,812,500.00 | $175,608.78 | $90,752.56 |
| | ACE BERMUDA INSURANCE CO LTD | FINANCIAL SVCS | 01791/ACE | 2002 | $5,350,000.00 | $344,046.55 | $177,799.23 |
| | ACE BERMUDA INSURANCE CO LTD | FINANCIAL SVCS | GRA-9166D | 2003 | $5,350,000.00 | $278,148.72 | $143,744.00 |
| | ALLIED WORLD ASSURANCE COMPANY | CASUALTY | C002176/001 | 2003 | $775,000.00 | $87,232.90 | $45,080.94 |
| | ALLIED WORLD ASSURANCE COMPANY | CASUALTY | C002177 | 2004 | $775,000.00 | $26,143.49 | $13,510.65 |
| | ALLIED WORLD ASSURANCE COMPANY | CASUALTY | C002177/001 | 2003 | $325,000.00 | $36,581.54 | $18,904.91 |
| | ALLIED WORLD ASSURANCE COMPANY | PROPERTY | P001561/002 | 2003 | $406,891.42 | $1,266.90 | $654.72 |
| | CORPORATE OFFICERS & DIRECTORS | FINANCIAL SVCS | 01791/CODA | 2001 | $1,137,500.00 | $71,024.00 | $36,704.37 |
| | CORPORATE OFFICERS & DIRECTORS | FINANCIAL SVCS | 01791/CODA | 2002 | $2,150,000.00 | $138,261.70 | $71,452.03 |
| | CORPORATE OFFICERS & DIRECTORS | FINANCIAL SVCS | GRA-343C | 2003 | $2,150,000.00 | $111,779.39 | $57,766.28 |
| 1 | NORMANDY REINSURANCE CO LTD | PROPERTY | PD-4762791-AG | 2002 | $100,000.00 | $3,209.15 | $1,658.45 |
| 2 | NORMANDY REINSURANCE CO LTD | PROPERTY | PD-AEC294001504ZUR | 2002 | $68,000.00 | $2,182.22 | $1,127.75 |
| 3 | STARR EXCESS LIAB INS INTL LTD | CASUALTY | 01744/STARR | 2003 | $382,500.00 | $56,249.07 | $29,068.86 |
| 4 | STARR EXCESS LIAB INS INTL LTD | CASUALTY | 6340211 | 2002 | $300,000.00 | $38,121.95 | $19,700.98 |
| 5 | STARR EXCESS LIAB INS INTL LTD | CASUALTY | 6340211 | 2004 | $382,500.00 | $11,972.55 | $6,187.27 |
| 6 | STARR EXCESS LIAB INS INTL LTD | CASUALTY | 6340839 | 2004 | $325,000.00 | $10,172.76 | $5,257.16 |
| | TOTALS | | | | $22,789,891.42 | $1,392,001.67 | $719,370.16 |

1) For policies and transactions with effective dates between January 1, 2001 and December 31, 2004 (the "Relevant Period").
2) Includes only premiums for placements during the Relevant Period that resulted in Contingent Commissions or Overrides recorded by Marsh during the Relevant Period. See ¶ 2 of the Settlement Agreement.
3) Payment constitutes approximately 51.68% of Attributed Contingent Commissions or Overrides. This percentage is $850,000,000 divided by the total Attributed Contingent Commissions or Overrides to eligible policyholders.




Policy Holder Name: W R GRACE & CO
Policy Holder Address: 5400 BROKEN SOUND BLVD #300
BOCA RATON, FL 33487-3508



| | Insurer | Product Line | Policy # / Risk ID | Year (1) | Premiums (2) | Attributed Contingent Commissions or Overrides recorded by Marsh (2) | Payment to Policy Holder (3) |
|---|---|---|---|---|---|---|---|
| 1 | FIREMAN'S FUND INSURANCE CO. | SURETY | 11127448824A | 2001 | $0.00 | $0.00 | $0.00 |
| 2 | SEABOARD SURETY CO | SURETY | 121650 | 2001 | $0.00 | $0.00 | $0.00 |
| 3 | SEABOARD SURETY CO | SURETY | 121650 | 2002 | $0.00 | $0.00 | $0.00 |
| 4 | SEABOARD SURETY CO | SURETY | 143329 | 2001 | $0.00 | $0.00 | $0.00 |
| 5 | SEABOARD SURETY CO | SURETY | 143329 | 2002 | $0.00 | $0.00 | $0.00 |
| 6 | SEABOARD SURETY CO | SURETY | 143329 | 2003 | $91,8.00 | $55.95 | $34.08 |
| 7 | SEABOARD SURETY CO | SURETY | 182255 | 2003 | $376.00 | $27.01 | $13.96 |
| 8 | SEABOARD SURETY CO | SURETY | 185384 | 2001 | $188.00 | $11.47 | $5.93 |
| 9 | SEABOARD SURETY CO | SURETY | 188447 | 2001 | $0.00 | $0.00 | $0.00 |
| 10 | SEABOARD SURETY CO | SURETY | 188954 | 2001 | $188.00 | $10.33 | $5.34 |
| 11 | SEABOARD SURETY CO | SURETY | 188954 | 2002 | $188.00 | $11.47 | $5.93 |
| 12 | SEABOARD SURETY CO | SURETY | 259629 | 2002 | $188.00 | $11.47 | $5.93 |
| 13 | SEABOARD SURETY CO | SURETY | 259565 | 2001 | $0.00 | $0.00 | $0.00 |
| 14 | SEABOARD SURETY CO | SURETY | 259798 | 2001 | $0.00 | $0.00 | $0.00 |
| 15 | SEABOARD SURETY CO | SURETY | 259800 | 2001 | $188.00 | $11.47 | $5.93 |
| 16 | SEABOARD SURETY CO | SURETY | 278243 | 2001 | $188.00 | $11.47 | $5.93 |
| 17 | SEABOARD SURETY CO | SURETY | 306081 | 2002 | $0.00 | $0.00 | $0.00 |
| 18 | SEABOARD SURETY CO | SURETY | 341758 | 2002 | $413.00 | $25.19 | $13.02 |
| 19 | SEABOARD SURETY CO | SURETY | 341758E | 2001 | $0.00 | $0.00 | $0.00 |
| 20 | SEABOARD SURETY CO | SURETY | 348873 | 2002 | $90,000.00 | $5,465.87 | $3,341.49 |
| 21 | SEABOARD SURETY CO | SURETY | 348873 | 2003 | $12,000.00 | $731.87 | $378.22 |
| 22 | SEABOARD SURETY CO | SURETY | 348873D | 2001 | $0.00 | $0.00 | $0.00 |
| 23 | SEABOARD SURETY CO | SURETY | 365869 | 2001 | $0.00 | $0.00 | $0.00 |
| 24 | SEABOARD SURETY CO | SURETY | 374757 | 2001 | $188.00 | $11.47 | $5.93 |
| 25 | SEABOARD SURETY CO | SURETY | 374758 | 2001 | $188.00 | $11.47 | $5.93 |
| 26 | SEABOARD SURETY CO | SURETY | 400SC6494 | 2001 | $0.00 | $0.00 | $0.00 |
| 27 | SEABOARD SURETY CO | SURETY | 407268 | 2002 | $0.00 | $0.00 | $0.00 |
| 28 | SEABOARD SURETY CO | SURETY | 407268 | 2002 | $230.00 | $12.64 | $6.53 |
| 29 | SEABOARD SURETY CO | SURETY | 407268 | 2003 | $306.00 | $21.98 | $11.36 |
| 30 | SEABOARD SURETY CO | SURETY | 807229 | 2002 | $188.00 | $10.33 | $5.34 |
| 31 | SEABOARD SURETY CO | SURETY | 807239 | 2002 | $125.00 | $6.67 | $3.55 |
| 32 | SEABOARD SURETY CO | SURETY | 814140 | 2002 | $188.00 | $10.33 | $5.34 |
| 33 | SEABOARD SURETY CO | SURETY | 819169 | 2001 | $0.00 | $0.00 | $0.00 |
| 34 | SEABOARD SURETY CO | SURETY | 927056 | 2001 | $188.00 | $11.47 | $5.93 |
| 35 | SEABOARD SURETY CO | SURETY | 941923 | 2002 | $188.00 | $10.33 | $5.34 |
| 36 | SEABOARD SURETY CO | SURETY | 941924 | 2002 | $188.00 | $10.33 | $5.34 |
| 37 | SEABOARD SURETY CO | SURETY | 954732 | 2001 | $0.00 | $0.00 | $0.00 |
| 38 | SEABOARD SURETY CO | SURETY | 954732 | 2002 | $750.00 | $41.23 | $21.31 |
| 39 | SEABOARD SURETY CO | SURETY | 954732 | 2003 | $500.00 | $35.92 | $18.56 |
| 40 | SEABOARD SURETY CO | SURETY | 957945 | 2002 | $0.00 | $0.00 | $0.00 |
| 41 | SEABOARD SURETY CO | SURETY | 957945 | 2003 | $490.00 | $35.20 | $18.19 |
| 42 | SEABOARD SURETY CO | SURETY | 959039 | 2001 | $0.00 | $0.00 | $0.00 |
| 43 | SEABOARD SURETY CO | SURETY | 959060 | 2002 | $371.00 | $22.63 | $11.69 |
| 44 | ST PAUL FIRE & MAR INS CO | SURETY | 959080 | 2002 | $188.00 | $10.33 | $5.34 |
| 45 | ST PAUL FIRE & MAR INS CO | SURETY | 188446 | 2003 | $292.00 | $20.98 | $10.84 |

**MMC**

| Policy Holder Name: | WR GRACE & CO |
| Policy Holder Address: | 5400 BROKEN SOUND BLVD #300 |
| | BOCA RATON, FL 33487-3508 |

| Insurer | Product Line | Policy # / Risk ID | Year (1) | Premiums (2) | Attributed Contingent Commissions or Overrides recorded by Marsh (2) | Payment to Policy Holder (3) |
|---|---|---|---|---|---|---|
| TOTALS | | | | $109,027.00 | $7,644.16 | $3,950.42 |

(1) For policies and transactions with effective dates between January 1, 2001 and December 31, 2004 (the "Relevant Period"). See ¶ 2 of the Settlement Agreement.
(2) Includes only premiums for placements during the Relevant Period that resulted in Contingent Commissions or Overrides recorded by Marsh during the Relevant Period. See ¶ 2.
(3) Payment constitutes approximately 51.66% of Attributed Contingent Commissions or Overrides. This percentage is $850,000,000 divided by the total Attributed Contingent Commissions or Overrides to eligible policyholders.