# Exhibit A

## Assumption and Assignment Agreement

91100-001\DOCS_DE:110276.1

## ASSIGNMENT AND ASSUMPTION AGREEMENT

This Assignment and Assumption Agreement (this "Agreement") is made this 27 day of June, 2005, by and among W. R. GRACE & CO. – CONN., a Connecticut corporation having an address of 7500 Grace Drive, Columbia, Maryland 21044 ("Grace"), Rising Sun Plaza Associates, L.P., a New Jersey Limited Partnership having an address c/o LRF Slater Companies, Inc., 301 South Livingston Avenue, Livingston, New Jersey 07039 (the "Prime Landlord"), and Rising Sun Plaza Associates II, L.P., a New Jersey limited partnership having an address c/o LRF Slater Companies, Inc., 301 South Livingston Avenue, Livingston, New Jersey 07039 ("RSPA II").

### W I T N E S S E T H:

WHEREAS, by Agreement of Lease dated November 8, 1978, as amended by letters dated November 8, 1978 and September 19, 1979 (collectively the "Prime Lease"), between the Prime Landlord and Grace, then known as W. R. Grace & Co., Prime Landlord leased to Grace that certain property located at 5675 Rising Sun Avenue, Philadelphia, Pennsylvania (the "Premises"); and

WHEREAS, by Restated Agreement of Sublease dated November 25, 1986 (the "Sublease"), between Grace and Grace Retail Corporation, a Delaware corporation, Grace subleased the Premises to Grace Retail Corporation; and

WHEREAS, pursuant to Assignment and Assumption of Sublease dated November 26, 1986, Grace Retail Corporation assigned its subleasehold interest to Channel Home Centers Realty Corporation, a Delaware corporation ("Channel"); and

WHEREAS, pursuant to Assignment of Sublease dated October 13, 1989, Channel assigned its subleasehold interest to OW Office Warehouse, Inc. ("Office Max"); and

WHEREAS, the Sublease was amended by Amendment to Sublease dated as of October 13, 1989, and by Consent and Agreement dated as of October 13, 1989, among Grace, Prime Landlord, Channel, Channel Home Centers, Inc., and Office Max; and

WHEREAS, Prime Landlord and Channel entered into a Consulting Agreement dated July 24, 1989 (the "Consulting Agreement") pursuant to which a "Consulting Fee" (as defined in the Consulting Agreement) became payable annually to Channel; and

- 1 -

WHEREAS, by (1) Order dated March 18, 1992 of the United States Bankruptcy Court for the District of New Jersey, In the Matter of Channel Home Centers, Inc., Channel Home Centers Realty Corporation and Channel Acquisition Company, Case No. 91-20161, and (2) Sale and Assignment Agreement dated as of April 1, 1992 between Channel and Grace, Grace succeeded to the interests of Channel under the Sublease and Consulting Agreement; and

WHEREAS the effect of all of the foregoing transactions is that the Prime Landlord is the owner and prime landlord of the Premises, Grace is the Prime Landlord's tenant under the Prime Lease, Office Max is Grace's subtenant under the Sublease, and Grace and Prime Landlord are parties with each other under the Consulting Agreement; and

WHEREAS Grace filed a voluntary petition for reorganization relief pursuant to Title 11 of the United States Code, 11 U.S.C. Sections 101 et seq., (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") on April 2, 2001 (the "Filing Date"), and has operated its business as a debtor-in-possession (as defined in Section 1101 of the Bankruptcy Code), as authorized by Sections 1107 and 1108 of the Bankruptcy Code since the Filing Date; and

WHEREAS (1) Grace now desires to transfer and assign to RSPA II all of Grace's right, title and interest in and to the Prime Lease and the Sublease, and RSPA II desires to acquire such interest, accept such assignment and assume the obligations of Grace thereunder, and (2) Grace, the Prime Landlord and RSPA II now desire to liquidate the amounts payable by Prime Landlord to Grace under the Consulting Agreement for the remainder of the term thereof, and terminate same,

NOW, THEREFORE, FOR GOOD AND VALUABLE CONSIDERATION, the receipt and sufficiency of which is hereby acknowledged, and the mutual covenants herein contained, the parties hereto hereby agree as follows:

1. Assignment and Assumption of Prime Lease and Sublease.

1.1. Assignment. Subject to the terms and conditions of Section 6 of this Agreement, Grace hereby assigns, conveys, sets over and transfers unto RSPA II, to have and to hold from and after the Effective Date (as hereinafter defined), (i) all of the right, title and interest of Grace in, to and under the Prime Lease and the leasehold estate created thereby, and (ii) all of the right, title and interest of Grace in, to and under the Sublease.

1.2. Assumption. Subject to the terms and conditions of Section 6 of this Agreement, RSPA II hereby accepts such assignment and

- 2 -

assumes the performance and observance of, and agrees to be bound by all of the terms, covenants, agreements, provisions and conditions of, the Prime Lease and the Sublease on Grace's part to be performed and observed for the period from and after the Effective Date.

2. 2. <u>Prorations</u>. In light of the fact that both the Prime Lease and the Sublease are "triple net" leases, and that all obligations of Grace under the Prime Lease are payable by Office Max under the Sublease directly to the Prime Landlord, no prorations under either the Prime Lease or the Sublease shall be necessary.

3. <u>Termination of Consulting Agreement</u>. Within ten (10) days after the Bankruptcy Court Order referred to in paragraph 6 becomes final, the Prime Landlord shall pay to Grace the sum of Fifty Thousand Dollars ($50,000.00). In consideration of such payment, the parties agree that the Consulting Agreement shall be terminated as of the Effective Date, and neither party shall have any further obligation to the other thereunder.

4. <u>Mutual Release</u>. Subject to Prime Landlord's obligations under Paragraph 5 below, the Prime Landlord and Grace hereby unconditionally, absolutely and irrevocably agree to release and hold the other harmless from and against any and all claims, obligations, damages, penalties, causes of action, losses, injuries, liabilities and expenses, including, without limitation, reasonable attorneys' fees, arising by reason of or in connection with such party's obligations under the Prime Lease, the Sublease or the Consulting Agreement, regardless of whether same arose or accrued prior to or subsequent to the Effective Date.

5. <u>Indemnification Subsequent to Effective Date</u>. The Prime Landlord and RSPA II hereby unconditionally, absolutely and irrevocably agree to indemnify and hold Grace harmless of, from and against any and all costs, claims, obligations, damages, penalties, causes of action, losses, injuries, liabilities and expenses, including, without limitation, reasonable attorneys' fees, arising by reason of or in connection with RSPA II's failure to perform its obligations under the Prime Lease or the Sublease arising or accruing on and after the Effective Date.

6. <u>Bankruptcy Court Approval</u>. This Agreement shall not become effective unless approved by the Bankruptcy Court. Grace shall use its good faith diligent efforts to pursue Bankruptcy Court approval of this Agreement and the transaction which is the subject hereof. As used in the provisions of this Agreement, the "Effective Date" shall be the date on which the order entered by the Bankruptcy Court authorizing and approving this Agreement and the transaction which is the subject hereof (the "Bankruptcy Court Order") becomes final. The Bankruptcy Court Order shall not be deemed final until the time to appeal has expired without any appeal having been filed and without entry of any stay pending appeal. Either party shall have the right to terminate this

Agreement, by notice to the other, if the Effective Date shall not have occurred on or before September 30, 2005.

   7. Miscellaneous.

       7.1. No Broker. Grace and the Prime Landlord each warrants and represents to the other that no broker, agent or finder has been retained by it in connection with this Agreement or any transaction contemplated hereby, and each agrees to indemnify and hold the other harmless from all losses or claims based on or arising out of any assertion by any such party that it is entitled to any fee or compensation due to an agreement made by such party and the indemnitor in violation of the foregoing.

       7.2. Counterparts. This Agreement may be executed in two counterparts, each of which shall be deemed an original, but both of which together shall constitute one and the same instrument.

       7.3. Time of the Essence. Time is of the essence with respect to all provisions of this Agreement.

       7.4. Entire Agreement. This Agreement constitutes the entire agreement between the parties hereto with respect to the subject matter hereof, and supersedes any and all written or oral agreements with respect hereto. This Agreement may be amended or modified only by instrument signed by both of the parties hereto.

       7.5. Rules of Construction. Grace, RSPA II and the Prime Landlord have each been represented by legal counsel in the preparation of this Agreement, and the rule of construction that documents be construed against the drafter shall not apply to this Agreement.

       7.6. Governing Law. The parties agree that the Bankruptcy Court has exclusive jurisdiction to enforce the provisions of this Agreement and to decide any claims or disputes which may arise or result from or be connected with this Agreement, any breach or default hereunder, or the transaction contemplated thereby.

       7.7. Prevailing Party. In the event either party files suit to enforce its rights under this Agreement, the prevailing party to such litigation shall be entitled to recover its legal fees and court costs from the other.

IN WITNESS WHEREOF, the parties hereto have duly executed this Agreement as a sealed instrument as of the day and year first above written.

        W. R. GRACE & CO. – CONN.

By: _____
        W. Brian McGowan
        Senior Vice President


RISING SUN PLAZA ASSOCIATES, L.P.
By: Rising Sun General, LLC
    General Partner

By: _____
        Robert Slater
        Managing Member


RISING SUN PLAZA ASSOCIATES II, L.P.
By: Rising Sun General, LLC
    General Partner

By: _____
        Robert Slater
        Managing Member