IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

Objection Deadline: August 12, 2005 at 4:00 p.m.
Hearing Date: August 29, 2005 at 12:00 p.m.

## APPLICATION OF THE DEBTORS FOR THE ENTRY OF AN ORDER EXPANDING THE SCOPE OF THE EMPLOYMENT OF PITNEY HARDIN LLP AS SPECIAL COUNSEL TO THE DEBTORS

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors") hereby submit this application (the "Application") for the entry of an order expanding the scope of employment of one of the Debtors' special counsel, Pitney Hardin LLP ("PH"). This Court has previously approved the employment of PH as Debtors' special counsel. Now, the Debtors request that this Court approve the Application, *nunc pro tunc* to June 1, 2005, so that PH may

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

1

represent the Debtors with respect to the civil complaint filed by the Attorney General of the State of New Jersey on June 1, 2005 (the "New Jersey Complaint") and any matters related thereto. The Debtors submit this Application pursuant to sections 327(e) and 328(a) of Title 11 of the United States Code (as amended, the "Bankruptcy Code") and Federal Rules of Bankruptcy Procedure 2014 and 2016 (the "Bankruptcy Rules") and in support thereof respectfully represent as follows:

### Jurisdiction

1. This Court has jurisdiction to entertain this application pursuant to 28 U.S.C. §§ 157 and 1334.

2. The statutory predicates for this Application are sections 327(e) and 328(a) of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016.

### Relief Requested

3. The Debtors respectfully request the entry of an order authorizing them to expand the employment of PH to include PH's representation of the Debtors with respect to the New Jersey Complaint and matters related thereto, *nunc pro tunc* to June 1, 2005, as described in further detail below.

### Background

4. On May 30, 2001, this Court approved the retention of PH (the "Retention Order") to represent the Debtors with respect to three distinct litigation matters as further explained in the application to employ PH dated May 4, 2001.

5. On June 1, 2005, the Attorney General for the State of New Jersey filed the New Jersey Complaint alleging, among other things, that the Debtors -- as former operators of an industrial plant in Hamilton, New Jersey -- falsified documents to state environmental authorities about asbestos-contaminated soil. Pursuant to the Industrial Site Recovery Act ("ISRA"), the

suit seeks to impose a civil penalty against the Debtors and two former executives for the submission of alleged false information in connection with the June 1995 submission to the New Jersey Department of Environmental Protection ("NJDEP") of a report required by ISRA in response to the cessation of plant operations (the "PA/SI Report"). The suit specifically seeks to assess a civil penalty in the amount of $25,000 against the Debtors and two former executives for the submission of the allegedly false information and $25,000 or each day from June 5, 1995, they failed to correct the alleged false information. Additionally, pursuant to the New Jersey Spill and Compensation Act ("Spill Act"), the suit seeks to impose a civil penalty in the amount of $50,000 against Debtors and two former executives for the submission of alleged false information in connection with the PA/SI Report and a civil penalty in the amount of $50,000 for each day from June 5, 1995, they failed to correct the alleged false information.

6.   PH has represented the Debtors in a variety of litigated and non-litigated matters in New Jersey and New York during the last 15 years. PH has become very knowledgeable and familiar with the Debtors' businesses and operations by handling a variety of matters on behalf of the company, including, but not limited to, matters relating to environmental remediation and cost recovery; insurance coverage for environmental claims; general commercial litigation; real estate transactions; and environmental permitting. The firm was also involved in a variety of asbestos related matters on behalf of the company arising from claims involving the Debtors in various parts of the country.

### Basis for Relief Requested

7.   The Debtors have selected PH as special counsel to represent them with respect to the New Jersey Complaint as PH has not only traditionally served as the Debtors' counsel in the State of New Jersey for several years but PH has previously represented the Debtors with respect to the subject matter covered by the New Jersey Complaint. Additionally, as PH currently

3

represents the Debtors in certain other matters, previously approved by this Court in the Retention Order, PH in intimately aware of the business of the Debtors and the players involved in the Debtors' chapter 11 cases. PH has already begun work on formulating a response to the New Jersey Complaint. Because of PH's long-standing involvement with the Debtors and knowledge of the subject matters, and the costs that would be involved in educating other counsel as to these matters, the Debtors believe it would be in the best interest of the Debtors and their bankruptcy estates, and all of the Debtors' creditors for PH to be retained as special counsel for the additional task of representing the Debtors with respect to the New Jersey Complaint and matters related thereto.

8.  Further, PH has an outstanding reputation and extensive experience and expertise in the various areas of practice as to which PH's continued representation is sought. As such, the Debtors submit that PH is well qualified and uniquely able to provide the specialized legal advice sought by the Debtors on a going-forward basis, and the expansion of PH's role as special counsel is in the best interest of the Debtors and their estates.

### Scope of Proposed Retention

9.  The Debtors currently seek to retain PH, subject to the oversight and orders of this Court, to represent the Debtors with respect to the New Jersey Complaint and matters related thereto, including, the preparation and obtaining of discovery, site assessments, filing of pre-trial motions, retention of experts, and trial.

10. The Debtors already have employed the law firms of Kirkland & Ellis LLP and Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C. to serve as bankruptcy and reorganization counsel to the Debtors. PH will not serve as general bankruptcy and reorganization counsel to the Debtors, and while certain aspects of the representations will necessarily involve both PH and the Debtors' bankruptcy and reorganization counsel, the

Debtors believe that the services PH will provide will be complementary rather than duplicative of the services to be performed by such bankruptcy and reorganization counsel. The Debtors are very mindful of the need to avoid duplication of services, and appropriate procedures will be implemented to ensure that there is minimal duplication of effort as a result of PH's expanded role of special counsel.

### No Adverse Interest

11.   PH appears to be a "disinterested person" as that term is defined in and construed under 11 U.S.C. § 101(14) and as further set forth in the Affidavit of Anthony J. Marchetta, Esq. (the "Marchetta Affidavit") filed in conjunction with this Application. PH does not represent or hold any interest adverse to the Debtors or to the estates with respect to the specific matters for which the Debtors seek the expansion of employment.

### Compensation

12.   In accordance with section 330(a) of the Bankruptcy Code and the Retention Order, the Debtors propose to compensate PH on an hourly basis at its customary hourly rates for services rendered, plus reimbursement of actual, necessary expenses incurred by PH. The primary attorneys of PH who will be handling the above matters and their current standard hourly rates are:

|     | Attorney | Hourly Rate |
|-----|----------|-------------|
| (a) | Anthony J. Marchetta | $525 per hour |
| (b) | John J. O'Reilly | $450 per hour |
| (c) | Michael E. Waller | $375 per hour |
| (d) | Mark S. Morgan | $200 per hour |
| (e) | Marc A. Meyer | $195 per hour |

13.   As set forth in the Marchetta Affidavit, the hourly rates described above are subject to periodic adjustments to reflect economic and other conditions. Other attorneys or paralegals may from time to time serve the Debtors with respect to the matters described in this

5

Application. PH's rates are set at a level designed to compensate PH fairly for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is PH's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, expenses for "working meals," computerized research, messengers, couriers, postage, witness fees and other fees related to trials and hearings, transcription costs, and non-ordinary overhead expenses such as secretarial and other overtime. PH will charge the Debtors for these expenses in a manner and at rates consistent with charges generally made to PH's other clients. PH believes that it is fairer to charge these expenses to the client incurring them than to increase the hourly rates and spread the expenses among all clients.

14. PH will submit interim and final applications for compensation in accordance with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, the Local Rules of this Court and such other and further Orders as the Court may direct.

### Notice

15. Notice of this Motion has been given to (i) the Office of the United States Trustee, (ii) counsel to the debtor-in-possession lenders and (iii) counsel to the official committees appointed by the United States Trustee. In light of the nature of the relief requested, the Debtors submit that no further notice should be required.

### No Prior Request

16. No prior application for the relief requested herein has been made to this or any other Court.

91100-001\DOCS_DE:110295.1

## Conclusion

17. For the reasons set forth above and in the Marchetta Affidavit, the Debtors believe that the attorneys at PH are well qualified to act on the Debtors' behalf for the expanded scope of employment as specified in this Application. The Debtors further believe that the expansion of PH's employment is necessary and in the best interest of the Debtors and their estates.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto, authorizing the expansion of the employment of PH as special counsel for the Debtors with respect to the New Jersey Complaint and matters related thereto, *nunc pro tunc* to June 1, 2005, and grant them such other and further relief as is just and proper.

Dated: July 25, 2005                    Respectfully submitted,

KIRKLAND & ELLIS LLP
James H.M. Sprayregen, P.C.
Janet S. Baer
Lori Sinanyan
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

and

PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.

_____
Laura Davis Jones (Bar No. 2436)
David Carickhoff (Bar No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for the Debtors and Debtors in Possession

91100-001\DOCS_DE:110295.1