IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al. | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

Objection Deadline: August 12, 2005 at 4:00 p.m.
Hearing Date: August 29, 2005 at 12:00 p.m.

**AFFIDAVIT OF ANTHONY J. MARCHETTA IN SUPPORT OF THE APPLICATION OF THE DEBTORS FOR THE ENTRY OF AN ORDER EXPANDING THE SCOPE OF THE EMPLOYMENT OF <u>PITNEY HARDIN LLP AS SPECIAL COUNSEL TO THE DEBTORS</u>**

STATE OF NEW JERSEY  )
                     ) ss
COUNTY OF MORRIS     )

I, ANTHONY J. MARCHETTA, being duly sworn, state as follows:

1. I am an attorney at law and a member of the bars of the State of New Jersey, the United States District Courts for the District of New Jersey, the Northern, Eastern, and Southern Districts of New York, the United States Court of Appeals for the Third Circuit, and the United Stats Supreme Court. I am a member of the law firm of Pitney Hardin LLP ("PH"), which maintains an office for the practice of law at 200 Campus Drive, Florham Park, New Jersey.

2. I make this Affidavit in support of the application of W. R. Grace & Co., et al. (collectively, the "Debtors") for an order authorizing an expansion of the scope of employment of PH, *nunc pro tunc* to June 1, 2005, as special counsel for the Debtors to represent the Debtors with respect to the New Jersey Complaint and matters related thereto pursuant to sections 327(e) and 328(a) of the Bankruptcy Code (the "Application"). This Affidavit constitutes the statement of PH pursuant to Federal Rules of Bankruptcy Procedure 2014(a) and 2016.

1

3. I am not related and, to the best of my knowledge after inquiry of PH's members, counsel and associates, no other attorney of PH is related, to any judge of the United States Bankruptcy Court for the District of Delaware or to the United States Trustee for this District.

4. I do not hold or represent and, to the best of my knowledge and information, no other attorney of PH holds or represents, any interest adverse to the Debtors or their estates with respect to any of the matters for which PH's retention is sought. Insofar as PH has been able to ascertain, neither I, nor PH, nor any member, counsel, or associate thereof, has any connection with the Debtors in these cases, their creditors, or any other party in interest, or their respective attorneys or accountants, except as hereinafter set forth, relative to the matters in which the Debtors seek to retain PH.

5. In matters unrelated to this case, PH has in the past represented, may currently represent, and may in the future represent certain of the Debtors and certain of the Debtors' and their affiliates' creditors, including unsecured creditors, secured creditors and customers, including W. R. Grace & Co.-Conn., Gloucester New Communities, Inc., The Bank of New York, CitiBank, NA, Bank of America, Chase Manhattan Bank, and First Union National Bank.

6. During approximately the past 15 years, PH has represented the Debtors in a variety of litigated and non-litigated matters in New Jersey and New York, including, but not limited to, matters relating to environmental remediation and cost recovery; insurance coverage for environmental claims involving claims arising from over 200 sites across the country; general commercial litigation; real estate transactions; and environmental permitting. The firm was also involved in a variety of asbestos related matters on behalf of the company arising from claims involving the Debtors in various parts of the country.

2

7. PH intends to apply to the court for compensation for professional services rendered in connection with these cases, subject to approval of the Court and in compliance with the applicable provisions of the Bankruptcy Code and Rules and any Orders of the Court. PH will charge hourly rates to the Debtors that are consistent with customary hourly rates charged by PH, which currently are $150 to $160 for paralegals, $195 to $265 for associates, and $375 to $595 for partners, subject to periodic adjustments, plus reimbursement of actual and necessary expenses and other charges that the firm incurs. The principal members of PH who will be handling the representation and their current standard hourly rates are:

|     | Attorney | Hourly Rate |
|-----|----------|-------------|
| (a) | Anthony J. Marchetta | $525 per hour |
| (b) | John J. O'Reilly | $450 per hour |
| (c) | Michael E. Waller | $375 per hour |
| (d) | Mark S. Morgan | $200 per hour |
| (e) | Marc A. Meyer | $195 per hour |

8. As described in the Application, PH's limited role in these cases will be expanded to include representation of the Debtors with respect to the New Jersey Complaint and matters related thereto.

9. The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Other attorneys and paralegals may from time to time serve the Debtors as well in the matters for which PH's retention is sought. PH's rates are set at a level designed to compensate PH fairly for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is PH's policy to charge its clients in all areas of practice for such additional expenses as telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, expenses for "working meals," computerized research, messengers, couriers, postage, witness fees and other fees related to trials and hearings, transcription costs and non-ordinary overhead

3

expenses such as secretarial and other overtime. PH will charge the Debtors for these expenses in a manner and at rates consistent with charges generally made to PH's other clients. PH believes that it is fairer to charge these expenses to the client incurring them than to increase its hourly rates and spread the expenses among all clients.

10. No promises have been received by PH as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code. PH has no agreement with any other entity to share (a) any compensation it has received or may receive for services rendered in connection with this case with another party or person, or (b) any compensation another party or person has received or may receive for services rendered in connection with these chapter 11 cases.

11.  Pursuant to 28 U.S.C. § 746, I declare under penalty of perjury that the foregoing is true and correct.

*[signature]*
ANTHONY J. MARCHETTA

Sworn to before me this
25th day of July, 2005

*[signature: Rachel Rosen]*
Notary Public

My commission expires on _____, 200__

RACHEL ROSEN
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires April 9, 2006