## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Hearing Date:  September 9, 2005 @ 12:00 pm** |
| | ) | **Objection Deadline:  August 22, 2005 @ 4:00 pm** |

## SUPPLEMENTAL MOTION OF SPEIGHTS & RUNYAN
## TO QUASH SUBPOENA COMMANDING APPEARANCE AT
## DEPOSITION OR IN THE ALTERNATIVE FOR PROTECTIVE ORDER

Speights & Runyan, by and through undersigned counsel, hereby makes this supplemental motion to Quash or in the alternative for a Protective Order from the debtor's Subpoena Duces Tecum and Subpoenas Ad Testificandum of Dan Speights and Amanda Steinmeyer[1]. This Motion is supported by the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure as well as the case law interpreting the same.[2]  In support of this Motion, Speights would respectfully show as follows:

1.      By this motion, Speights & Runyan seeks the Court's protection from a Subpoena wherein the debtors demand Speights & Runyan, Dan Speights and Amanda Steinmeyer to appear for deposition.  The firm of Speights & Runyan and Dan Speights are currently counsel for numerous property damage claimants in this bankruptcy and Ms. Steinmeyer has previously served as counsel for property damage claimants.

2.      The underlying action is a bankruptcy which originated in the district court of Delaware.

3.      At the time of service of this subpoena, there were no asserted claims in the

---

[1] As of this filing, Speights & Runyan has received no verification that Amanda Steinmeyer has even been served.
[2] Pursuant to L.D.R. 30.2, as applicable under L.B.R. 1001-1(b), the depositions sought are stayed until the resolution of this motion.

bankruptcy to which objection had been made and discovery was still pending. The only trigger of discovery is a contested matter as discussed in Rule 9014 of the Federal Rules of Bankruptcy Procedure. The debtor has stated that the purpose of the discovery is to obtain information pertaining Speights & Runyan's authority to file 2,963 claims. However, the Debtor has only filed objections to 10 claims in which Speights & Runyan is counsel to which the Debtor has agreed that no further discovery on authority is necessary. In truth, as soon as the Debtor informed Speights & Runyan of the specific nature of its objections to these 10 claims, Speights & Runyan volunteered the information. The debtor now seeks to proceed without showing cause through Motion and obtain discovery on claims which are not yet contested matters and for which no discovery conference has been held and no Case Management Order entered. Because there have been no objections filed, discovery should not be allowed.[3]

4.      The Debtor has taken the position that the depositions are to inquire Speights & Runyan and ascertain what authority Speights & Runyan claims to make its filings. The stated purpose is not only procedurally erroneous as described in paragraph 3 *supra* and paragraphs 7 through 10 *infra*, it is disingenuous. *See* In re Shubov, 253 B.R. 540 (9th Cir. BAP (Cal.), 2000).

5.      Speights & Runyan has offered the Debtor an index specifically stating the authority which Speights & Runyan relies upon for each of its roughly 2900 claims. This index is in addition to the lengthy Rule 2019 Verified Statement filed by Speights & Runyan in December of 2004.

---

[3] If, in the alternative, the debtor's attempt to rely on Bankruptcy Rule 2004, subsection (a) requires that a Rule 2004, F.R.B.P examination be preceded by a motion to this Court. Neither at the time the subpoenas were served, nor at the time of this filing, no such motion has been filed by the debtor. Furthermore the Local Rule of this Court (Rule 2004-1(a)) specifically provides that a motion must be filed in these circumstances to avail a party to 2004 discovery.

6.    Debtor's counsel has compounded his error of engaging in discovery when not entitled by issuing the subpoena from an improper Court.  The Federal Rules of Bankruptcy Procedure specifically adopt Rule 45 of the Federal Rules of Civil Procedure.  *See Rule 9016 FRBP.*  The underlying action being in Delaware, Debtor must issue the subpoena from the District Court of South Carolina, not the Bankruptcy Court for the District of South Carolina; to fail to do so is a fatal flaw to the subpoena.

7.    Even if the Debtor was entitled to discovery and assuming the Debtor had properly issued the subpoena, the information which the Debtor seeks to obtain through the deposition is protected by the attorney client privilege and the work product doctrine.  *See* Carl Zeiss Stiftung v. V.E.B. Carl Zeiss Jena 40 F.R.D. 318 (D.C.D.C. 1966) affirmed (C.A. 1967) cert. denied 88 S.Ct. 334; Phalp v. City of Overland Park, Kansas 2002 W.L. 1162449 (D.C. Kan. 2002).  Speights & Runyan has offered an index showing authority.  Any information beyond this will unnecessarily expose attorney client communications or attorney work product.

8.    To the extent the information is not protected, Speights & Runyan has already offered an index which would provide all discoverable information.  However, counsel for the Debtor has rejected this opting for the most expensive and burdensome method to obtain the information.

9.    The only reason to continue with the discovery is to harass and attempt to smear Speights & Runyan.  The Debtor has already injected incendiary and misleading comments concerning Speights & Runyan at hearings when Speights & Runyan was not present.  Counsel for the debtor has made it known that he intends to conduct a smear campaign.  If the Debtor's

authority concerns were genuine, one of the hundreds of lawyers at Kirkland and Ellis would have given the roughly 30,000 documents offered in support of the claims at least a cursory glance. The documents remain unobserved.

WHEREFORE, because the Debtor has proceeded in a manner contrary to the procedures provided for in Bankruptcy and where, notwithstanding this flaw the Debtor has issued an improper subpoena for depositions to obtain information which has already been offered and where the Debtor seeks to delve into information protected by the attorney client privilege and the work product doctrine and where the only cognizable reason to continue is to harass Speight & Runyan, Speights & Runyan respectfully requests that the Court Quash the Subpoenas for Deposition of Dan Speights and Amanda Steinmeyer or in the alternative for a Protective Order and grant such other and further relief as is just and proper.

Dated: July 26, 2005

Christopher D. Loizides (Bar No. 3968)
Michael J. Joyce (Bar No. 4563)
LOIZIDES & ASSOCIATES
1225 King Street, Suite 800
Wilmington, DE 19801
Telephone:    (302) 654-0248
Facsimile:    (302) 654-0728
Email:         loizides@loizides.com

-and-

Daniel A. Speights (SC Bar No. 4252)
SPEIGHTS & RUNYAN
200 Jackson Avenue, East
P.O. Box 685
Hampton, SC 29924
Telephone:    (803) 943-4444
Facsimile:    (803) 943-4599

*Counsel for Claimants*