IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| W. R. Grace & Co., et al.[1], | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Hearing Date: August 29, 2005 @ 12:00 pm EST** |
| | ) | **Objection Deadline: July 28, 2005** |
| | ) | |
| | ) | RE: Docket No. 8640 |
| | ) | |

## RESPONSE OF SPEIGHTS & RUNYAN TO THE DEBTORS' TWELFTH OMNIBUS OBJECTION TO CERTAIN CLAIMS FILED BY THE LAW FIRM OF SPEIGHTS & RUNYAN

1. Speights & Runyan, as class counsel for Anderson Memorial Hospital, et al v. W. R. Grace & Co., et al, respectfully submits this Response to the Debtors' Twelfth Omnibus Objection. The Twelfth Omnibus Objection is directed towards the following Property Damage claims: Claim Nos. 6736 ("McCormick Place"); 6734 ("Northwest Community Hospital"); 6726 ("Harvard Public Health (Harvard Vanguard Med. Asso.)"); 6721

---

[1] The Debtors consist of the following 62 entities: W. R Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-I Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Ins., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgracc, Inc., Coalgracc II, Ins., Creative Food `N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp, Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B 11 Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe. Inc., Grace H-G Inc., Grace H-G II Inc,, Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Ins., MICA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Curving, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

("Maryland Casualty Co."), 6701 ("Pilot Life Insurance Company"), 6661 ("American Medical Association Building"), Claim No. 6672 ("Employers' Mutual Job"), Claim No. 11591 (Laborer's 310 Office Building"); 6630 ("The Greater Fort Wayne Chamber of Commerce"); 10873 ("Byars Machine Company").

### The Debtors' Objections to Eight of the Ten Claims are Moot

2. Of the ten claims subject to the Twelfth Omnibus Objection, eight are subject to a Notice of Withdrawal that has not been objected to by the Debtors.[2] Class counsel requests that this Court approve the withdrawal of these claims pursuant to Rule 3006, Fed.R.Bankr.P.

3. None of the eight claims subject to Notice of Withdrawal have been the subject of any significant participation in these proceedings. Furthermore, each of these claims would have been withdrawn prior to the Debtors' objection had the Debtors not unilaterally reneged on a stipulation that had been negotiated between Mr. Speights and the Debtors' in-house counsel in February and March of 2005. This negotiated stipulation would have provided Speights & Runyan with thirty to sixty days notice prior to the filing of any claim objections to informally work out the proposed objections. Indeed, Mr. Speights informed Debtors' in-house counsel in March of 2005 that Speights & Runyan was prepared to withdraw a number of claims and requested a meeting for this purpose. Mr. Speights followed-up on this request in April of 2005. Debtors' in-house counsel did not respond to this request.

4. Instead, the Debtors' litigation counsel filed these objections in June of 2005 without any prior notice to Speights & Runyan.

---

[2] The Notice of Withdrawals were for claim nos. 6736 ("McCormick Place"); 6734 ("Northwest Community Hospital"); 6726 ("Harvard Public Health (Harvard Vanguard Med. Asso.)"); 6721 ("Maryland Casualty Co."), 6701 ("Pilot Life Insurance Company"), 6661 ("American Medical Association Building"), Claim No. 6672 ("Employers' Mutual Job"), Claim No. 11591 (Laborer's 310 Office Building").

050728133213.DOC                                    2

5. The Debtors have not and cannot show any prejudice from the withdrawal of these claims.

6. Accordingly, Speights & Runyan seeks the Court's approval of these withdrawals with prejudice and the dismissal of the Debtors' objections as moot.

### The Remaining Objections are Unfounded

7. with respect to the remaining two claims (Byars Machine and Greater Fort Wayne Chamber of Commerce), the basis of Speights & Runyan's authority to file these claims is undisputed and well known to the Debtors.

**(a) Express Written Authority**

8. In the case of the Greater Fort Wayne Chamber of Commerce, Speights & Runyan was specifically given express authority to file property damage claims in this bankruptcy prior to the March 31, 2003 bar date. This authority was ratified in writing by the agent for the Chamber of Commerce in June of 2005. Speights & Runyan is prepared to present the documents establishing this express authority for the Court's "in camera" inspection.

**(b) Authority as Class Representative**

9. In addition to the specific express written authority, Anderson Memorial Hospital, represented by the firm of Speights & Runyan, has authority as class representative to present the claims of class members against the Debtors in this bankruptcy. In re American Reserve Corporation, 840 F.2d 487 (7th Cir.1988) ("We conclude that class actions may exist within as well as outside bankruptcy"); Reid v. White Motor Corp., 886 F.2d 1462 (6th Cir.1989); In re Birting Fisheries, Inc., 92 F.3d 939 (9th Cir.1996) ("we conclude that the bankruptcy code should be construed to allow class claims"); In re Charter Co., 876 F.2d 866 (11th Cir. 1989) (same); In re Trebol Motors Distributor Corp, 220 B.R. 500 (1st B.A.P.1998); In re Kaiser

Group International, 278 B.R. 58 (D.Del.2002); In re United Companies Financial Corp., 276 B.R. 368 (D.Del.2002); In re Mortgage & Realty Trust, 125 B.R. 575 (C.D.Cal.1991); Wilson v. Valley Electric Membership Corp., 141 B.R. 309 (E.D.La.1992) (allowing class proof of claim and holding that class counsel may execute a proof of claim on behalf of class members without any documentation evidencing authority to act).

10. It is undisputed that Byars Machinery was a class member encompassed in the class action certified against Grace in Anderson Memorial Hospital v. W. R. Grace & Co., et al., Case No. 92-CP-25-253 (Order dated February 9, 2001). This class action was certified pre-petition. Accordingly, Anderson Memorial Hospital through Speights & Runyan, was authorized (and had a fiduciary duty) to protect and preserve the claims of Byars (and other class members) after the Debtors filed for bankruptcy.[3] More eloquently stated, "[t]he representative in a class action is an agent for the missing." In re American Reserve Corp., 840 F.2d 487 (7th Cir.1988).

11. This Court should afford full faith and credit to the certification order of the South Carolina Circuit Court. 28 U.S.C. §1738 provides that "judicial proceedings" of any State "shall have the same full faith and credit in every court within the United States" as "they have by law or usage in the courts of such State . . . from which they are taken." Applying this statute, the Court in Matsushita Electric Industries v. Epstein, 516 U.S. 367

---

[3] The Third Circuit has clearly recognized that class counsel and class representatives are fiduciaries to absent class members once a class suit is filed. In re General Motors Corp. Pick-Up Truck Fuel Tank Litigation, 55 F.3d 768 (3d Cir.1995). "The general rule is that the named plaintiff and counsel bringing the action stand as fiduciaries for the entire class, commencing with the filing of a class complaint." Section 11.65, Newberg on Class Actions, 4th Ed. Accordingly, Anderson and its counsel represented and had fiduciary duties to preserve not only the claims of the members of the certified South Carolina class, but also the claims of putative class members whose rights had not yet been terminated by a final appealable order. Mid-State Distributors, Inc. v. Century Importers, Inc., 310 S.C. 330, 335, 426 S.E.2d 777, 780 (1993) ("South Carolina case law has established what constitutes an interlocutory appeal. If there is some further act which must be done by the court prior to a determination of the rights of the parties, then the order is interlocutory. If a judgment determines the applicable law while leaving open questions of fact, it is not a final judgment.") (citations omitted).

(1996), held that federal courts must give full faith and credit to a global class action settlement entered in a Delaware state court, even though the settlement included claims exclusively within the federal court's jurisdiction. The Court earlier emphasized that "§1738 does not allow federal courts to employ their own rules of res judicata in determining the effect of the state judgment. Rather, it goes beyond common law and commands a federal court to accept rules chosen by the state from which the judgment is taken." Kremer v. Chemical Construction Corp., 456 U.S. 461, 481 (1982).

12. Bankruptcy courts are "court[s] within the United States" that must give prior state court judgments full faith and credit. In re Brown, 951 F.2d 564, 568 (3d Cir.1991) ("Whatever doubt that may have remained that preclusive effect was to be given to state court proceedings in bankruptcy cases was dispelled by the Supreme Court . . ."); In re Genesys Data Technologies, Inc., 204 F.3d 124 (4th Cir.2000) (applying §1758 in bankruptcy claims allowance proceedings); In re Marvel, 138 B.R. 451 (D.Del.1992) ("§1738 requires this [bankruptcy] court to give the State of Delaware Court judgment the same full faith and credit here it would receive in a Delaware Court."); In re Miloszar, 238 B.R. 266 (D.N.J.1999) ("The Full Faith and Credit Act" requires the federal courts to give a prior State Court judgment the same preclusive effect that it would be given in subsequent proceedings in the same state."); In re Kelly, 262 B.R. 307 (D.Pa.2001) ("This statute obliges federal courts to give the same preclusive effect to state court judgments as would the courts of the state rendering the judgment.").

**(c) Claimants are Entitled to Discovery**

13. In pressing their objections, the Debtors have presumably asked this Court to disregard the prior orders entered against it in the asbestos property damage class action

styled <u>Anderson Memorial Hospital v. W. R. Grace & Co., et al.</u>, Case No. 92-CP-25-253 (Order entered February 9, 2001) in December of 1992.[4] In doing this, the Debtors have grossly mischaracterized eight years of highly contentious litigation in the South Carolina Circuit Court, the South Carolina Supreme Court and the United States District Court for the District of South Carolina. The Debtors have ignored their own conduct in that litigation and failed to disclose to this Court patent inconsistencies and admissions against their current positions made during that eight year litigation.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

---

[4] In its proposed objection attached to its Motion for Wavier of Local Rule 3007-1, the Debtors clearly invite this Court to ignore the full faith and credit requirements of the South Carolina Proceedings, thus squarely putting the South Carolina proceedings and the conduct of the Debtors and their counsel in those proceedings at issue before this Court.

14. In order to present a complete record to this Court, Anderson is entitled to conduct discovery. Pursuant to Rule 9014, Fed.R.Bankr.P., discovery is available in contested matters. Accordingly, Anderson requests that this Court conduct a pre-trial discovery conference and establish a scheduling order and/or case management order that will govern the discovery process in this contested matter.

WHEREFORE, it is requested that the Debtors' claim objection be overruled.

DATED: July 28, 2005

Christopher D. Loizides (No. 3968)
Michael J. Joyce (No. 4563)
LOIZIDES & ASSOCIATES
1225 King Street, Suite 800
Wilmington, DE 19801
Telephone:   (302) 654-0248
Facsimile:    (302) 654-0728 (fax)
E-mail:        loizides@loizides.com

-- and --

Daniel A. Speights (SC Fed. ID No. 4252)
Marion C. Fairey, Jr. (SC Fed. ID No. 6101)
SPEIGHTS & RUNYAN
200 Jackson Avenue, East
P.O. Box 685
Hampton, SC 29924
Telephone:   (803) 943-4444
Facsimile:    (803) 943-4599

*Co-Counsel for Anderson Memorial Hospital*