In The United States Bankrupcy Court
For the District of Delaware

In re: } Chapter 11

W.R. Grace & Co., et al., } Case No. 01-1139 (JFK)

Debtor } (Jointly Administered)

Objection to the Debtors' Eleventh
Omnibus Objection to Claims
(Non-Asbestos Gateway)

Palazzo, Rapheal J.
%Donovan Correctional Fac
Fac 1-5-225-U
PO Box 799001
San Diego CA 92179-9001

Basis for the amount of the claim is on going, past, present, future monitoring for Mesothiloma.

Claim Number:   2661

The claimant Rapheal J. Palazzo has been exposed to Asbestos in the form of W.R. Grace & Co. products while working in various construction applications such as,

Shipyard, Navy, and installation of asbestos based attic insulation from 1972 to 1992. This prolonged exposure to asbestos and related products by W.R. Grace and Co and its' 61 entities makes the claimants health and safety and great risk and this it makes cause for future monitoring at the claimants' expense.

Dated May 29, 2005        Raphael V. Palazzo

May 28, 2005

Clerk of the United States Bankrupcy Court
for the District of Delaware
824 Market Street
Wilmington Delaware 19801

Re: W.R. Grace/CO., et al.,
Case# 01-01139 (JFK)

Honorable Clerk

At this time writing I am informing the court of my inability to access the law library to be able to make copies of documents to use resource books, directorys, type writers to complete certain requirements in responding to civil as well as criminial matters that I face.

The reason is the restrictive polices that the C.D.C. has implemented last October, 2004 to keep the Prisoner-Patient (I am a Patient of the D.M.H at the E.O.P.) from utilizing the facilities of law library, the reasons are atcache, thank you.

Sincerly

Raphael V. Palazzo

Dated May 28, 2005

July 25, 2005

480 Alta Road
S.D., CA. 92179-9001

FILED
2005 AUG -1 PM 12:07
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

Claims Agent
P.O. Box 1620
Faribault MN 55021-1620

Re: W.R. Grace / Case 01-01139  Claim #2661
Claim date 1/27/2003

Dear Claims Agent,

This correspondence is in relationship to the above named Company's refusal to provide monitoring for Mesothilomia. The need for this monitoring is brought on by exposure to W.R. Grace's deadly products over twenty years in the shipyard and building trades. This refusal to provide monitoring borders on the criminal.
I will seek relife in a civil action in court of law in San Diego California.

Thank you for your attention in this matter.

Sincerly                          Raphael J. Palazzo

Orig: Clerk of the Superior of California /
        County of San Diego

CC: Kirkland & Ellis LLP
Pachulski, Stang, Ziehl, Young, Jones, Weintraub P.C.
Department of Justice / Civil Rights Division
Social Security Administration
The San Diego Union-Tribune
The Better Business Bureau
Kazan, McClain, Edises, Abrams
Fernandez, Lyons / Farrise

**U.S. Department of Justice**
**Civil Rights Division**
*Disability Rights Section*

Form DOJ - ADA-II OMB Approval No. 1190-0007 (exp. 8-31-95)

# Title II of the Americans with Disabilities Act
# Section 504 of the Rehabilitation Act of 1973
# Discrimination Complaint Form

Instructions: Please fill out this form completely, in black ink or type. Sign and return to the address on page 3.

Complainant: Raphoal J. Palazzo

Address: 480 Alta Road on Rock Mountain

City, State and Zip Code: San Diego, CA 92179

Telephone: Home:

Business: 619 661 6500

Person Discriminated Against:
(if other than the complainant)

Address:

City, State, and Zip Code:

Telephone: Home:

Business:

Government, or organization, or institution which you believe has discriminated: Vice President

Name: W.R. Grace/CO., et al., Mark A. Shelnitz

Address: 7500 Grace Drive

11/6/2003

County: _____

City: Columbia

State and Zip Code: Maryland 21044

Telephone Number: _____

When did the discrimination occur? Date: 1972  1992

Describe the acts of discrimination providing the name(s) where possible fo the individuals who discriminated (use space on page 3 if necessary): Failure by W.R. Grace/Co., et al., to provide monitoring for mesothilomia after being exposed to their products

Have efforts been made to resolve this complaint through the internal grievance procedure of the government, organization, or institution?

Yes ✓   No ___

If yes, what is the status of the grievance? Motion still travling in U.S. District Court for the District of Delaware Case # 01-01139 (JFK)

Has the complaint been filed with another bureau of the Department of Justice or any other Federal, State, or local civil rights agency or court?

Yes ✓   No ___

If yes:
Agency or Court: Department of Health Services

Contact Person: _____

Address: ~~POB 94~~ 1501 Capital Ave, 6th Flr.

City, State, and Zip Code: Sacramento CA 95814

Telephone Number: _____

Date Filed: June 13, 1999

Do you intend to file with another agency or court?

Yes __/__  No ____

Agency or Court: U.S District Court/Southern District

Address: 880 Front Street Suite 4290

City, State and Zip Code: San Diego CA 92101 8090

Telephone Number: _____

Additional space for answers: In the work place at the shipyard, ies. ind. comm. applications. Covering up the fact that their products are a health hazard and threat to public safety at all times. W.R. Grace/Co., et al., has a duty to provide health care and treatment to the U.S. Citizen after, Pag 4

Signature: _____

Date: _____

Return to:

U.S. Department of Justice
950 Pennsylvania Avenue, NW
Civil Rights Division

Disability Rights - NYAVE
Washington, D.C. 20530

being exposed to their deadly products for many years and making a fortune in money.

After years of exposure, I am at risk of contracting asbestos related disease of some type and need to monitored the rest of my life.

W.R. Grace/Co., et al., is responsiable for cause of the monitoring and needs to provide this care.

Name, Address and Telephone Number of Attorney(s)

RALPH KAPLAN
832 North Juanita Avenue
Redondo Beach, California 90277
372-8461

Petitioner

Attorney(s) for............................................................

Space Below for Use of Court Clerk Only

ENTERED BOOK PAGE

JAN 16 75 PG 6082

TO DA 7-16-75
601-60-50

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

In re the marriage of

Petitioner: RUTH ANN PALAZZO

and

Respondent: RALPH JAMES PALAZZO

CASE NUMBER

SW D 49092

INTERLOCUTORY JUDGMENT OF
DISSOLUTION OF MARRIAGE

CP. #57   3-13-74   #3556942   AFDC   JOHN A. SHIDLER

This proceeding was heard on January 15, '75 before the Honorable..............................,
(Date)

Department No. SW B

The court acquired jurisdiction of the respondent on 9/27/74 by:
(Date)

X ☐ Service of process on that date, respondent not having appeared within the time permitted by law.

☐ Service of process on that date and respondent having appeared.

☐ Respondent on that date having appeared.

The court orders that an interlocutory judgment be entered declaring that the parties are entitled to have their marriage dissolved. This interlocutory judgment does not constitute a final dissolution of marriage and the parties are still married and will be, and neither party may remarry, until a final judgment of dissolution is entered.

The court also orders that, unless both parties file their consent to a dismissal of this proceeding, a final judgment of dissolution be entered upon proper application of either party or on the court's own motion after the expiration of at least six months from the date the court acquired jurisdiction of the respondent. The final judgment shall include such other and further relief as may be necessary to a complete disposition of this proceeding, but entry of the final judgment shall not deprive this court of its jurisdiction over any matter expressly reserved to it in this or the final judgment until a final disposition is made of each such matter.

Petitioner is awarded custody of the minor child of the parties, Independence Palazzo, born July 3, 1974, age six months, with right of reasonable visitation granted to respondent on the condition that Respondent not being under the influence of alcohol or drugs and not being in a belligerent mood at the time of visitation.   JUL 9 1975

Respondent is ordered to pay the sum of $25.00 per week payable each week direct to petitioner commencing January 17, 1975 for the support of said minor child until said child reaches the age of majority or until further order of the court.

continued.....

DXXXXXX _____   _____
                                    Judge of the Superior Court

Form Adopted by Rule 1287 of
Judicial Council of California
Effective January 1, 1970

INTERLOCUTORY JUDGMENT OF
DISSOLUTION OF MARRIAGE

1287

It is further ordered, pursuant to Civil Code Section 4702 (a) that the child support payments ordered shall be made through the office of the Court Trustee and that to each weekly payment of $ 25.00 there shall be added the service charge of 2% as required by law, amounting to $ .50 , making a total weekly payment of $ 25.50 .

It is further ordered that the District Attorney appear on behalf of the custodial party or the minor child or children for whom the payment has been ordered to enforce this order.

The foregoing child support payment shall be transmitted to the office of the Court Trustee, Post Office Box 3544, Terminal Annex, Los Angeles, California 90054. Payments must be made by check or money order payable to the Court Trustee.

The petitioner's home address is: __1975 W. 231st. St., Torrance, Calif. 90501__

The respondent's home address is: __13814 Vermont, Gardena, Calif.__

The employer of the party required to pay support is: __TODD SHIPYARD__
and said employer's address is: __710 N. Front St, San Pedro, Calif__

The social security number of the party required to pay support is: __573 70 0735__

Each party shall notify the Court Trustee in writing of any change of address in his or her residence or employment within 5 days after any such change.

The attorney for the __Petitioner__ (Respondent crossed out) is directed to cause a copy of this judgment to be personally served upon the _____ and to promptly file a return of service thereof.

(Following orders made if box checked)

☐ It is further ordered, pursuant to Civil Code Section 4540, that the spousal support payments ordered shall be made through the office of the Court Trustee as provided above and that to each weekly payment of $_____, there shall be added the service charge of 2% as required by law, amounting to $_____, making a total weekly payment of $_____.

☐ It is further ordered that the _____ assign his or her wages or salary from employment by _____, his or her employer and such successive employers until further order of Court to _____, the Court Trustee, the sum of $_____ per week, heretofore fixed as child support, payable through the Court Trustee, for the purpose of complying with said support order. This order shall be binding upon the employer upon the service of a copy of this order, and the attorney for _____ is ordered to forthwith serve a copy of this order and wage assignment signed by the employee on said employer. The employer may deduct the sum of One Dollar ($1) for each payment made pursuant to this order. Said payment shall be forwarded by the employer on each pay day of said employee commencing with earnings accruing in the first full payroll period after the date of this order and continuing until further order of Court and shall be transmitted by check or money order payable to the Court Trustee. Said payment shall be forwarded by the employer to the office of the Court Trustee, Post Office Box 3544, Terminal Annex, Los Angeles, California 90054.

☐ Further order as follows:

The Clerk is ordered to enter the Decree

Dated: JAN 15 1975

JOHN A. SHIDLER
Judge of the Superior Court