# EXHIBIT 3

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **W. R. GRACE & CO., et al.** | ) | **Case No. 01-01139 (JKF)** |
| | ) | |
| **Debtors.** | ) | **(Jointly Administered)** |

**SUBPOENA FOR RULE 30(B)(6) DEPOSITION
AND DOCUMENT PRODUCTION**

TO: Speights & Runyan, Attorneys at Law, 200 Jackson Avenue East, Hampton, South Carolina 29924.

---

☒ YOU ARE COMMANDED, pursuant to Rules 26, 30(b)(6), and 45 of the Federal Rules of Civil Procedure, to designate one or more representatives to appear at the place, date, and time specified below for the purpose of testifying at deposition on the matters described in **Exhibit A** hereto.

PLACE OF TESTIMONY: Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 134 Meeting Street, Suite 160, Charleston, South Carolina 29401.          DATE AND TIME: July 25, 2005 at 9:00 am.

---

☒ YOU ARE COMMANDED, pursuant to Rules 26, 34, and 45 of the Federal Rules of Civil Procedure, to produce at the place, date, and time specified below the documents described in **Exhibit A** hereto.

PLACE: Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 134 Meeting Street, Suite 160, Charleston, South Carolina 29401.          DATE AND TIME: July 15, 2005 at 9:00 am.

---

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

---

| ISSUING OFFICER'S SIGNATURE AND TITLE | DATE 7/11/05 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Sandra G. McLamb, Esquire
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware  19899-8705
Telephone: (302) 652-4100

---

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED: | July 11, 2005 | 200 Jackson Ave. East Hampton, S.C. |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Daniel A. Speights | Personal |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Mary Fisk | Civil Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    July 11, 2005
                    DATE

SIGNATURE OF SERVER

1002 Poplar St.

ADDRESS OF SERVER

Walterboro, S.C.

Rule 45, Federal Rules of Civil Procedures, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (s) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend.

Trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT A

### INSTRUCTIONS AND DEFINITIONS

1.     The deposition topics and document requests set forth below pertain to the asbestos property damage claims that the Speights & Runyan law firm purported to file behalf of creditors in *In re W.R. Grace & Co. et al.*, Case No. 01-01139 (JKF), pending in the United States Bankruptcy Court for the District of Delaware.

2.     Pursuant to Federal Rules of Civil Procedure 26, 30(b)(6), and 45, Speights & Runyan shall designate a person or persons to appear at Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 134 Meeting Street, Suite 160, Charleston, South Carolina 29401, on July 25, 2005, at 9:00 am, to testify on its behalf about what is known or reasonably available regarding each of the deposition topics described below.

3.     Pursuant to Federal Rules of Civil Procedure 26, 34, and 45, Speights & Runyan shall produce copies of all documents responsive to each of the requests below at Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 134 Meeting Street, Suite 160, Charleston, South Carolina 29401, on July 15, 2005, at 9:00 am.

4.     Speights & Runyan is requested to produce all documents that are in its possession, custody, or control, within the meaning of Rule 34 of the Federal Rules of Civil Procedure.

5.     Each document produced shall be identified by the paragraph number corresponding to the document request or portion thereof to which it is responsive, or shall be produced as kept in the usual course of business.

6.     If any document or portion of any document covered by these requests is withheld from production, please furnish a list identifying each such document or portion thereof, and providing the following information with respect to each such document or portion: (a) the date

of the document; (b) the identity of each person who wrote, drafted, or assisted in the preparation of the document; (c) the identity of each person who received the original or a copy of the document, regardless of whether or not the person is listed as a "cc" on the document; (d) a brief description of the nature and subject matter of the document; (e) the length of the document; (f) the reason(s) for withholding; (g) a statement of the facts that constitute the basis for any claim of privilege, work product, or other grounds for non-disclosure; and (h) the paragraph number corresponding to the request to which the document is responsive.

7.    "Documents" shall mean or refer to all written or graphic matter of every kind or description, however produced or reproduced, whether draft or final, original or reproduction, and all tangible things within the scope of Rule 34(a) of the Federal Rules of Civil Procedure, specifically including but not limited to paper records, electronic records, correspondence, memoranda, contracts, agreements, notes, e-mails, or material similar to the forgoing, however denominated, that is in the possession, custody, or control of Speights & Runyan.

8.    "And" and "or" each shall be construed both conjunctively and disjunctively to bring within the scope of the request all responses that might otherwise be construed to be outside its scope; in other words, to give each request its broadest possible meaning.

## DEPOSITION TOPICS, FOR JULY 25 DEPOSITION

1.    <u>Claims Not Listed in the Verified 2019 Statement</u>:  Designate a person or persons to testify on behalf of Speights & Runyan regarding its authority to file each of the 208 claims listed in Exhibit A-1.  These claims were submitted over the signature of Speights & Runyan attorney Amanda Steinmeyer but are not identified in Speights & Runyan's 2019 statement.

2.      Claims Filed on Behalf of Buildings and Job Sites:  Designate a person or persons to

testify on behalf of Speights & Runyan regarding its authority to file each of the 358

claims listed in Exhibit A-2.  These claims purport to be filed on behalf of buildings and

job sites rather than entities having legally cognizable interests in the properties in

question.

3.      Claims Citing the *Anderson Memorial* Complaint:  Designate a person or persons to

testify on behalf of Speights & Runyan regarding its authority to file each of the 787

claims listed in Exhibit A-3.  As authority to file these claims, Speights & Runyan's 2019

statement cites only the *Anderson Memorial* complaint.

4.      Claims Citing the *Anderson Memorial* Order:  Designate a person or persons to testify on

behalf of Speights & Runyan regarding its authority to file each of the 59 claims listed in

Exhibit A-4.  As authority to file these claims, Speights & Runyan's 2019 statement cites

only the *Anderson Memorial* order.

5.      Claims Citing Building Questionnaires:  Designate a person or persons to testify on

behalf of Speights & Runyan regarding its authority to file each of the 15 claims listed in

Exhibit A-5.  As authority to file these claims, Speights & Runyan's 2019 statement cites

exemplar building questionnaires that do not require signature by the claimant.

6.      Claims Citing "E":  Designate a person or persons to testify on behalf of Speights &

Runyan regarding its authority to file each of the 22 claims listed in Exhibit A-6.  As

authority to file these claims, Speights & Runyan's 2019 statement cites only the

undefined symbol "E."

7.    <u>Claims Lacking Claimant Signature</u>:  Designate a person or persons to testify on behalf of

Speights & Runyan regarding its authority to file each of the 2,938 claims listed in

Exhibit A-7.  These claims are signed by Speights & Runyan attorneys Daniel Speights

or Amanda Steinmeyer rather than the actual claimants.

8.    <u>Claims Filed on Behalf of Construction Companies, Supply Stores, or Contractors</u>:

Designate a person or persons to testify on behalf of Speights & Runyan regarding its

authority to file each of the 31 claims listed in Exhibit A-8.  These claims purport to be

filed on behalf of construction companies, supply stores, or contractors rather than

entities having legally cognizable interests in the properties in question.

9.    <u>Claims Citing K-1 to K-10 Exemplar Contracts</u>:  Designate a person or persons to testify

on behalf of Speights & Runyan regarding its authority to file each of the 1,690 claims

listed in Exhibit A-9.  As authority to file these claims, Speights & Runyan's 2019

statement cites K-1 to K-10 exemplar contracts rather than actual contracts signed by the

claimants.

10.    <u>Efforts to Comply with Requests of Debtors</u>:  Designate a person or persons to testify on

behalf of Speights & Runyan regarding (i) all efforts taken to respond to the February 24,

2005 e-mail from Richard Finke of W.R. Grace & Co. to Daniel Speights of Speights &

Runyan, attached as Exhibit A-10, regarding claims not included in Speights & Runyan's

2019 statement; (ii) all efforts taken to respond to the March 7, 2005 e-mail from Richard

Finke of W.R. Grace & Co. to Daniel Speights of Speights & Runyan, attached as Exhibit

A-11, regarding claims filed on behalf of entities without legally cognizable interests in

the property in question; and (iii) all efforts taken to respond to the May 27, 2005 letter

from John Donley of Kirkland & Ellis LLP to Daniel Speights and Amanda Steinmeyer

of Speights & Runyan, attached as Exhibit A-12, seeking documentation showing that

Speights & Runyan represents the claimants for which it filed claims.

## DOCUMENT REQUESTS, TO BE PRODUCED BY JULY 15

1.    Claims Not Listed in the Verified 2019 Statement:  For each claim listed in Exhibit A-1,

produce (i) all documents relating to, reflecting, or memorializing in any way Speights &

Runyan's authority to file the claim on behalf of the claimant; (ii) all documents

reflecting the name, title, address, and telephone number of the person or persons that

authorized Speights & Runyan to file the claim on behalf of the claimant; and (iii) all

documents reflecting the date that Speights & Runyan received authorization from the

claimant to file the claim.

2.    Claims Filed on Behalf of Buildings and Job Sites:  For each claim listed in Exhibit A-2,

produce (i) all documents relating to, reflecting, or memorializing in any way Speights &

Runyan's authority to file the claim on behalf of the claimant; (ii) all documents

reflecting the name, title, address, and telephone number of the person or persons that

authorized Speights & Runyan to file the claim on behalf of the claimant; and (iii) all

documents reflecting the date that Speights & Runyan received authorization from the

claimant to file the claim.

3.    Claims Citing the *Anderson Memorial* Complaint:

(a)    For each claim listed in Exhibit A-3, produce (i) all documents relating to,

reflecting, or memorializing in any way Speights & Runyan's authority to file the

claim on behalf of the claimant; (ii) all documents reflecting the name, title,

5

address, and telephone number of the person or persons that authorized Speights & Runyan to file the claim on behalf of the claimant; and (iii) all documents reflecting the date that Speights & Runyan received authorization from the claimant to file the claim.

(b)    For each claim listed in Exhibit A-3, produce all documents relating to, reflecting, or memorializing in any way Speights & Runyan's attempts, if any, to notify the claimant that Speights & Runyan was filing a claim on its behalf.

4.    Claims Citing the *Anderson Memorial* Order:

(a)    For each claim listed in Exhibit A-4, produce (i) all documents relating to, reflecting, or memorializing in any way Speights & Runyan's authority to file the claim on behalf of the claimant; (ii) all documents reflecting the name, title, address, and telephone number of the person or persons that authorized Speights & Runyan to file the claim on behalf of the claimant; and (iii) all documents reflecting the date that Speights & Runyan received authorization from the claimant to file the claim.

(b)    For each claim listed in Exhibit A-4, produce all documents relating to, reflecting, or memorializing in any way Speights & Runyan's attempts, if any, to notify the claimant that Speights & Runyan was filing a claim on its behalf.

5.    Claims Citing Building Questionnaires:

(a)    For each claim listed in Exhibit A-5, produce (i) all documents relating to, reflecting, or memorializing in any way Speights & Runyan's authority to file the

6

claim on behalf of the claimant; (ii) all documents reflecting the name, title, address, and telephone number of the person or persons that authorized Speights & Runyan to file the claim on behalf of the claimant; and (iii) all documents reflecting the date that Speights & Runyan received authorization from the claimant to file the claim.

(b)    For each claim listed in Exhibit A-5, produce (i) all documents reflecting the name, title, address, and telephone number of the person or persons associated with the claimant that provided Speights & Runyan with the information set forth in the corresponding building questionnaire; and (ii) all documents reflecting the date that such information was provided.

6.    Claims Citing "E": For each claim listed in Exhibit A-6, produce (i) all documents relating to, reflecting, or memorializing in any way Speights & Runyan's authority to file the claim on behalf of the claimant; (ii) all documents reflecting the name, title, address, and telephone number of the person or persons that authorized Speights & Runyan to file the claim on behalf of the claimant; and (iii) all documents reflecting the date that Speights & Runyan received authorization from the claimant to file the claim.

7.    Claims Lacking Claimant Signature: For each claim listed in Exhibit A-7, produce (i) all documents relating to, reflecting, or memorializing in any way Speights & Runyan's authority to file the claim on behalf of the claimant; (ii) all documents reflecting the name, title, address, and telephone number of the person or persons that authorized Speights & Runyan to file the claim on behalf of the claimant; and (iii) all documents

7

reflecting the date that Speights & Runyan received authorization from the claimant to file the claim.

8.    <u>Claims Filed on Behalf of Construction Companies, Supply Stores, or Contractors</u>:  For each claim listed in Exhibit A-8, produce (i) all documents relating to, reflecting, or memorializing in any way Speights & Runyan's authority to file the claim on behalf of the claimant; (ii) all documents reflecting the name, title, address, and telephone number of the person or persons that authorized Speights & Runyan to file the claim on behalf of the claimant; and (iii) all documents reflecting the date that Speights & Runyan received authorization from the claimant to file the claim.

9.    <u>Claims Citing K-1 to K-10 Exemplar Contracts</u>:

    (a)    For each claim listed in Exhibit A-9, produce the actual contract(s) authorizing Speights & Runyan to represent the claimant.

    (b)    For each claim listed in Exhibit A-9, produce (i) all documents relating to, reflecting, or memorializing in any way Speights & Runyan's authority to file the claim on behalf of the claimant; (ii) all documents reflecting the name, title, address, and telephone number of the person or persons that authorized Speights & Runyan to file the claim on behalf of the claimant; (iii) all documents reflecting the date that Speights & Runyan received authorization from the claimant to file the claim.

8

10.    <u>Efforts to Comply with Requests of Debtors</u>:

    (a)    Produce all documents reflecting any or all steps taken to respond to the February 24, 2005 e-mail from Richard Finke of W.R. Grace & Co. to Daniel Speights of Speights & Runyan, attached as Exhibit A-10, regarding claims not included in Speights & Runyan's 2019 statement.

    (b)    Produce all documents reflecting any or all steps taken to respond to the March 7, 2005 e-mail from Richard Finke of W.R. Grace & Co. to Daniel Speights of Speights & Runyan, attached as Exhibit A-11, regarding claims filed on behalf of entities without legally cognizable interests in the property in question.

    (c)    Produce all documents reflecting any or all steps taken to respond to the May 27, 2005 letter from John Donley of Kirkland & Ellis LLP to Daniel Speights and Amanda Steinmeyer of Speights & Runyan, attached as Exhibit A-12, seeking documentation showing that Speights & Runyan represents the claimants for which it filed claims.