# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | **Objection Deadline: August 29, 2005 at 4:00 p.m.** |
| | ) | Hearing Date: December 19, 2005, at 12:00 p.m. |
| | | (in Pittsburgh, PA) |

## SUMMARY OF THE SEVENTEENTH QUARTERLY INTERIM VERIFIED APPLICATION OF KIRKLAND & ELLIS LLP FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS BANKRUPTCY COUNSEL TO W. R. GRACE & CO., ET AL., FOR THE INTERIM PERIOD FROM APRIL 1, 2005 THROUGH JUNE 30, 2005

| | |
|---|---|
| Name of Applicant: | **Kirkland & Ellis LLP** |
| Authorized to Provide Professional Services to: | **W. R. Grace & Co., et al., Debtors and Debtors-in-Possession** |
| Date of Retention: | **Retention Order entered May 3, 2001, effective as of April 2, 2001** |
| Period for which compensation and reimbursement is sought: | **April 1, 2005 through June 30, 2005** |
| Amount of Compensation sought as actual, reasonable, and necessary: | **$2,895,797.50** |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | **$143,582.75** |
| This is a: __ monthly  x quarterly application. | |

---

[1]    The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Previous fee applications:

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| May 29, 2001 | 4/2 – 4/30/01 | $626,079.00 | $32,439.84 | Interim approval[2] | Interim approval |
| June 29, 2001 | 5/1 – 5/31/01 | $567,151.00 | $77,487.86 | Interim approval | Interim approval |
| July 31, 2001 | 6/1 – 6/30/01 | $560,569.50 | $45,466.13 | Interim approval | Interim approval |
| July 31, 2001 | April – June, 2001 | $1,753,799.50 | $155,393.83 | $1,753,799.50 | $155,393.83 |
| August 28, 2001 | 7/1 – 7/31/01 | $476,582.50 | $25,312.13 | Interim approval[2] | Interim approval |
| September 28, 2001 | 8/1 – 8/31/01 | $472,334.50 | $29,022.59 | Interim approval | Interim approval |
| October 30, 2001 | 9/1 – 9/30/01 | $443,617.50 | $27,147.47 | Interim approval | Interim approval |
| November 7, 2001 | July – September, 2001 | $1,392,534.50 | $81,482.19 | $1,392,534.50 | $81,482.19 |
| December 11, 2001 | 10/1 – 10/31/01 | $493,074.00 | $27,724.54 | Interim approval[2] | Interim approval |
| December 29, 2001 | 11/1 – 11/30/01 | $524,980.00 | $29,678.21 | Interim approval | Interim approval |
| January 31, 2002 | 12/1 – 12/31/01 | $405,278.50 | $27,276.95 | Interim approval | Interim approval |
| February 7, 2002 | October – December, 2001 | $1,423,332.50 | $84,679.70 | $1,419,127.00 | $84,679.70 |
| March 4, 2002 | 1/1 – 1/31/02 | $439,056.00 | $32,279.54 | Interim approval[3] | Interim approval |
| March 27, 2002 | 2/1 – 2/28/02 | $412,304.00 | $18,475.64 | Interim approval | Interim approval |
| May 2, 2002 | 3/1 – 3/31/02 | $430,342.50 | $51,759.20 | Interim approval | Interim approval |
| June 10, 2002 | January – March, 2002 | $1,281,702.50 | $102,514.38 | $1,281,702.50 | $101,656.38 |
| June 10, 2002 | 4/1 – 4/30/02 | $410,702.50 | $25,286.05 | Interim approval[4] | Interim approval |
| July 2, 2002 | 5/1 – 5/31/02 | $335,280.50 | $25,556.83 | Interim approval | Interim approval |
| August 8, 2002 | 6/1 – 6/30/02 | $243,127.00 | $16,326.36 | Interim approval | Interim approval |
| September 3, 2002 | April – June, 2002 | $989,110.00 | $67,169.24 | $981,666.50 | $67,169.24 |
| September 11, 2002 | 7/1 – 7/31/02 | $335,129.00 | $28,504.48 | Interim approval[5] | Interim approval |
| October 2, 2002 | 8/1 – 8/31/02 | $344,619.00 | $86,047.20 | Interim approval | Interim approval |
| October 30, 2002 | 9/1 – 9/30-02 | $238,876.50 | $20,882.49 | Interim approval | Interim approval |
| November 27, 2002 | July – September, 2002 | $918,624.50 | $135,434.17 | $918,624.50 | $134,478.90 |
| December 6, 2002 | 10/1 – 10/31/02 | $207,778.00 | $7,769.74 | Interim approval[6] | Interim approval |
| January 13, 2003 | 11/1 – 11/30/02 | $122,419.00 | $4,732.30 | Interim approval | Interim approval |
| January 30, 2003 | 12/1 – 12/31/02 | $129,243.50 | $6,093.80 | Interim approval | Interim approval |
| March 4, 2003 | October – December, 2002 | $459,440.50 | $18,595.84 | $459,440.50 | $18,467.74 |

---

[2]    The fees and expenses requested in the April-June, 2001, July-September, 2001 and October-December, 2001, interim monthly Applications were approved on an interim basis pursuant to the order entered by this Court on November 29, 2002.

[3]    The fees and expenses requested in the January-March, 2002, interim monthly Applications were approved on an interim basis pursuant to the order entered by this Court on October 9, 2002.

[4]    The fees and expenses requested in the April-June, 2002, interim monthly Applications were approved on an interim basis pursuant to the order entered by this Court on November 29, 2002.

[5]    The fees and expenses requested in the July-September, 2002, interim monthly Applications were approved on an interim basis pursuant to the order entered by this Court on March 14, 2003.

[6]    The fees and expenses requested in the October-December, 2002, interim monthly Applications were approved on an interim basis pursuant to the order entered by this Court on July 28, 2003.

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| March 4, 2003 | 1/1 – 1/31/03 | $162,033.00 | $6,383.16 | Interim approval[7] | Interim approval |
| April 2, 2003 | 2/1 – 2/28/03 | $215,511.50 | $3,784.70 | Interim approval | Interim approval |
| April 29, 2003 | 3/1 – 3/31/03 | $146,603.00 | $6,713.84 | Interim approval | Interim approval |
| May 15, 2003 | January – March, 2003 | $524,147.50 | $16,881.70 | $524,045.50 | $16,881.70 |
| June 3, 2003 | 4/1 – 4/30/03 | $135,130.00 | $2,786.42 | Interim approval[8] | Interim approval |
| July 11, 2003 | 5/1 – 5/31/03 | $109,408.00 | $6,546.04 | Interim approval | Interim approval |
| July 31, 2003 | 6/1 – 6/30/03 | $115,099.00 | $1,925.86 | Interim approval | Interim approval |
| August 27, 2003 | April – June, 2003 | $359,637.00 | $11,258.32 | $357,346.00 | $11,183.48 |
| September 5, 2003 | 7/1 – 7/31/03 | $197,495.50 | $9,235.33 | Interim approval[9] | Interim approval |
| October 1, 2003 | 8/1 – 8/31/03 | $178,910.50 | $7,009.66 | Interim approval | Interim approval |
| November 6, 2003 | 9/1 – 9/30/03 | $157,200.00 | $3,817.57 | Interim approval | Interim approval |
| November 18, 2003 | July – September, 2003 | $533,606.00 | $20,062.56 | $533,606.00 | $20,062.56 |
| November 26, 2003 | 10/1 – 10/31/03 | $251,093.50 | $7,115.96 | Interim approval[10] | Interim approval |
| December 29, 2003 | 11/1 – 11/30/03 | $187,914.00 | $4,969.88 | Interim approval | Interim approval |
| February 2, 2004 | 12/1 - 12/31/03 | $317,880.00 | $8,631.60 | Interim approval | Interim approval |
| February 25, 2004 | October – December, 2003 | $756,887.50 | $20,717.44 | $756,838.00 | $20,717.44 |
| March 5, 2004 | 1/1 – 1/31/04 | $524,446.00 | $32,428.07 | Interim approval[11] | Interim approval |
| April 2, 2004 | 2/1 – 2/29/04 | $274,589.50 | $10,852.51 | Interim approval | Interim approval |
| May 3, 2004 | 3/1 – 3/31/04 | $337,945.00 | $13,159.10 | Interim approval | Interim approval |
| May 17, 2004 | January – March, 2004 | $1,136,980.50 | $56,439.68 | $1,134,755.00 | $56,439.68 |
| June 1, 2004 | 4/1 – 4/30/04 | $280,547.50 | $10,895.93 | Interim approval[12] | Interim approval |
| July 1, 2004 | 5/1 – 5/31/04 | $213,906.00 | $9,502.49 | Interim approval | Interim approval |
| September 2, 2004 | 6/1 – 6/30/04 | $430,246.50 | $15,235.72 | Interim approval | Interim approval |
| October 6, 2004 | April – June, 2004 | $924,700.00 | $35,634.14 | $918,960.50 | $35,557.55 |

---

[7]    The fees and expenses requested in the January-March, 2003, interim monthly Applications were approved on an interim basis pursuant to the order entered by this Court on September 22, 2003.

[8]    The fees and expenses requested in the April-June, 2003, interim monthly Applications were approved on an interim basis pursuant to the order entered by this Court on December 15, 2003.

[9]    The fees and expenses requested in the July-September, 2003, interim monthly Applications were approved on an interim basis pursuant to the order entered by this Court on April 26, 2004.

[10]    The fees and expenses requested in the October-December, 2003, interim monthly Applications were approved on an interim basis pursuant to the order entered by this Court on June 16, 2004.

[11]    The fees and expenses requested in the January-March, 2004, interim monthly Applications were approved on an interim basis pursuant to the order entered by this Court on September 27, 2004.

[12]    The fees and expenses requested in the April-June, 2004, interim monthly Applications were approved on an interim basis pursuant to the order entered by this Court on January 25, 2005.

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| September 17, 2004 | 7/1 – 7/31/04 | $599,563.50 | $27,869.76 | Interim approval[13] | Interim approval |
| October 7, 2004 | 8/1 – 8/31/04 | $793,285.00 | $45,729.42 | Interim approval | Interim approval |
| November 3, 2004 | 9/1 – 9/30/04 | $913,771.00 | $32,811.19 | Interim approval | Interim approval |
| November 17, 2004 | July – September, 2004 | $2,306,619.50 | $106,410.37 | $2,298,879.00 | $105,176.56 |
| December 7, 2004 | 10/1 – 10/31/04 | $842,268.50 | $38,703.13 | Interim approval[14] | Interim approval |
| January 7, 2004 | 11/1 – 11/30/04 | $581,027.00 | $35,469.12 | Interim approval | Interim approval |
| February 1, 2005 | 12/1 – 12/31/04 | $863,104.50 | $38,461.17 | Interim approval | Interim approval |
| February 14, 2005 | October – December, 2004 | $2,286,400.00 | $112,633.42 | $2,279,008.50 | $110,200.64 |
| March 18, 2005 | 1/1 – 1/31/05 | $1,214,802.50 | $65,721.17 | $971,842.00 | $65,721.17 |
| April 15, 2005 | 2/1 – 2/28/05 | $717,562.00 | $46,304.21 | $574,049.60 | $46,304.21 |
| May 19, 2005 | 3/1 – 3/31/05 | $916,504.00 | $50,822.73 | $733,203.20 | $50,822.73 |
| June 15, 2005 | January – March, 2005 | $2,848,868.50 | $162,848.11 | Pending | Pending |
| June 7, 2005 | 4/1 – 4/30/05 | $862,337.00 | $32,392.41 | $689,869.60 | $32,392.41 |
| June 29, 2005 | 5/1 – 5/31/05 | $852,424.50 | $52,685.55 | $681,939.60 | $52,685.55 |
| August 2, 2005 | 6/1 – 6/30/05 | $1,181,036.00 | $58,504.79 | Pending | Pending |

K&E has filed certificates of no objection with the Court with respect to the Monthly Fee Applications for April and May 2005, because no objections were filed with the Court within the objection period. As of the filing of this Quarterly Application, the objection deadline for the June 2005 Monthly Fee Application has not yet expired. The hearing for the Quarterly Application for the interim period January 1, 2005 through March 31, 2005, has been scheduled for September 26, 2005. The hearing for the Quarterly Application for the interim period April 1, 2005 through June 30, 2005, has been scheduled for December 19, 2005, in Pittsburgh, PA.

---

[13]  The fees and expenses requested in the July-September, 2004, interim monthly Applications were approved on an interim basis pursuant to the order entered by this Court on March 22, 2005.

[14]  The fees and expenses requested in the October-December, 2004, interim monthly Applications were approved on an interim basis pursuant to the order entered by this Court on June 29, 2005.

The K&E attorneys who rendered professional services in these cases during the

Fee Period are:[15]

| Name of Professional Person | Position with the Applicant and Year Admitted | | Department | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|---|
| Janet S Baer | Partner | 1982 | Restructuring | $685.00 | 486.40 | $333,184.00 |
| David M Bernick, P.C. | Partner | 1978 | Litigation | $825.00 | 19.30 | $15,922.50 |
| Salvatore F Bianca | Associate | 2003 (grad. 2001) | Restructuring | $420.00 | 499.80 | $209,916.00 |
| Samuel Blatnick | Associate | 2002 | Litigation | $375.00 | 457.60 | $171,600.00 |
| Jamenda A Briscoe | Associate | 2003 | Litigation | $285.00 | 85.60 | $24,396.00 |
| Michelle H Browdy | Partner | 1990 | Litigation | $480.00 | 127.60 | $61,248.00 |
| Christopher C Chiou | Associate | 2004 | Litigation | $245.00 | 207.60 | $50,862.00 |
| Barak Cohen | Associate | 2003 | Litigation | $325.00 | 193.30 | $62,822.50 |
| Jason H Cowley | Associate | 2004 | Litigation | $245.00 | 65.30 | $15,998.50 |
| Michael Dierkes | Associate | 2001 | Litigation | $360.00 | 83.70 | $30,132.00 |
| John Donley | Partner | 1985 | Litigation | $565.00 | 65.10 | $36,781.50 |
| Jonathan Friedland | Partner | 1994 | Restructuring | $540.00 | 363.20 | $196,128.00 |
| Mark E Grummer | Partner | 1976 | Environment | $515.00 | 117.00 | $60,255.00 |
| Barbara M Harding | Partner | 1988 | Litigation | $480.00 | 306.30 | $147,024.00 |
| William B Jacobson | Partner | 1994 | Litigation | $450.00 | 385.80 | $173,610.00 |
| Andrea L Johnson | Associate | 2004 | Restructuring | $280.00 | 532.90 | $149,212.00 |
| James W Kapp | Partner | 1994 | Restructuring | $610.00 | 168.60 | $102,846.00 |
| Elli Leibenstein | Partner | 1992 | Litigation | $460.00 | 100.00 | $46,000.00 |
| Tyler D Mace | Associate | 2003 | Litigation | $285.00 | 336.90 | $96,016.50 |
| Todd F Maynes, P.C. | Partner | 1987 | Taxation | $690.00 | 39.30 | $27,117.00 |
| Katherine K Moore | Associate | 2004 | Environment | $245.00 | 50.80 | $12,446.00 |
| Joseph Nacca | Associate | 2003 | Restructuring | $280.00 | 217.80 | $60,984.00 |
| Rachel Schulman | Of Counsel | 1989 | Restructuring | $520.00 | 193.70 | $100,724.00 |
| Michael D Shumsky | Associate | 2003 | Litigation | $285.00 | 37.00 | $10,545.00 |
| Lori Sinanyan | Associate | 2000 | Restructuring | $455.00 | 95.10 | $43,270.50 |
| Brian T Stansbury | Associate | 2002 | Litigation | $325.00 | 382.80 | $124,410.00 |
| Jane D Stiegman | Associate | 2002 | Environment | $340.00 | 35.10 | $11,934.00 |
| Rosanna M Taormina | Associate | 2004 | Litigation | $245.00 | 235.90 | $57,795.50 |
| Laurence A Urgenson | Partner | 1975 | Litigation | $610.00 | 112.00 | $68,320.00 |
| | | | **Total for Attorneys** | | 6,001.50 | $2,501,500.50 |

---

[15]   Any capitalized terms not defined herein have the meaning ascribed to them in the Seventeenth Quarterly Interim Verified Application of Kirkland & Ellis LLP for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel to W. R. Grace & Co., et al., for April 1, 2005 through June 30, 2005.

The paraprofessionals of K&E who rendered professional services in these cases during the Fee Period are:

| Name of Professional Person | Position with the Applicant and the Number of Years in that Position | | Department | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|---|
| Mary L Cribbin | Legal Assistant | 21 Years | Litigation | $185.00 | 20.40 | $3,774.00 |
| William G Cross | Project Assistant | 1 Year | Restructuring | $130.00 | 16.80 | $2,184.00 |
| Lauren DeVault | Project Assistant | 1 Month | Restructuring | $130.00 | 72.90 | $9,477.00 |
| Lesley Fairley | Legal Assistant | 3 Years | Litigation | $175.00 | 14.00 | $2,450.00 |
| Peter A Farrell | Law Clerk | 2 Months | General | $175.00 | 91.10 | $15,942.50 |
| Timothy J Fitzsimmons | Legal Assistant | 3 Months | Litigation | $175.00 | 289.10 | $50,592.50 |
| Alyssa B Greenwald | Law Clerk | 2 Months | General | $175.00 | 64.80 | $11,340.00 |
| German A Hall | Technology Services | 6 Years | Litigation | $185.00 | 35.80 | $6,623.00 |
| Mary Anne E Hartigan | Project Assistant | 1 Year | Litigation | $140.00 | 13.00 | $1,820.00 |
| Donna J Hatcher | Technology Services | 2 Years | Litigation | $185.00 | 43.60 | $8,066.00 |
| Michael Hensler | Project Assistant | 4 Months | Litigation | $130.00 | 22.00 | $2,860.00 |
| Amber A Horn | Case Assistant | 1 Year | Litigation | $105.00 | 176.00 | $18,480.00 |
| Judith Jimenez | Legal Assistant | 6 Years | Litigation | $175.00 | 10.80 | $1,890.00 |
| Kenneth Kates | Project Assistant | 5 Months | Litigation | $140.00 | 31.50 | $4,410.00 |
| Sorah Kim | Project Assistant | 2 Years | Litigation | $140.00 | 15.50 | $2,170.00 |
| Kimberly K Love | Legal Assistant | 12 Years | Litigation | $210.00 | 17.30 | $3,633.00 |
| Eric B Miller | Legal Assistant | 1 Year | Litigation | $160.00 | 99.60 | $15,936.00 |
| Michael G Najjarpour | Project Assistant | 2 Years | Restructuring | $140.00 | 25.30 | $3,542.00 |
| Matthew H O'Brien | Law Clerk | 2 Months | Restructuring | $175.00 | 38.40 | $6,720.00 |
| Katherine K Phillips | Legal Assistant | 7 Months | Restructuring | $180.00 | 269.50 | $48,510.00 |
| Shirley A Pope | Legal Assistant | 19 Years | Litigation | $210.00 | 27.20 | $5,712.00 |
| Nicholas Sabloff | Project Assistant | 5 Months | Restructuring | $130.00 | 31.00 | $4,030.00 |
| Terrell D Stansbury | Legal Assistant | 3 Years | Litigation | $175.00 | 354.10 | $61,967.50 |
| Bryan M Stephany | Law Clerk | 2 Months | General | $175.00 | 54.30 | $9,502.50 |
| James R Strohl | Legal Assistant | 2 Years | Restructuring | $215.00 | 40.90 | $8,793.50 |
| John N Titley | Law Clerk | 2 Months | Restructuring | $175.00 | 40.50 | $7,087.50 |
| Toni L Wallace | Legal Assistant | 4 Years | Restructuring | $215.00 | 61.20 | $13,158.00 |
| Reyna S Walters | Law Clerk | 2 Months | General | $175.00 | 38.40 | $6,720.00 |
| Tiffany J Wood | Project Assistant | 1 Year | Restructuring | $140.00 | 349.50 | $48,930.00 |
| Maria E Yapan | Case Assistant | 9 Years | Restructuring | $120.00 | 16.30 | $1,956.00 |
| Library Research | Research Specialist | N/A | Administrative Services | $175.00 | 34.40 | $6,020.00 |
| | | | Total for Paraprofessionals | | 2,415.20 | $394,297.00 |

Grand Total for Fees: $2,895,797.50
Blended Rate:          $344.05

6

## Compensation by Matter

| Matter Number | Matter Description | Total Hours | Total Fees Requested |
|---|---|---|---|
| 17 | Relief from Stay | 122.40 | $66,576.00 |
| 19 | Claims Analysis Objection & Resolution (Non-Asbestos) | 383.50 | $187,354.50 |
| 20 | Case Administration | 814.40 | $158,318.00 |
| 21 | Claims Analysis Objection & Resolution (Asbestos) | 3,859.10 | $1,426,433.00 |
| 23 | Business Operations | 78.30 | $46,790.00 |
| 24 | Creditors Noteholders or Equity Holders' | 3.40 | $2,329.00 |
| 27 | Employee Benefits/Pension | 29.80 | $15,696.00 |
| 28 | Litigation and Litigation Consulting | 222.00 | $107,404.50 |
| 30 | Hearings | 33.80 | $20,504.00 |
| 32 | Fee Applications, Applicant | 121.70 | $34,053.50 |
| 37 | Plan and Disclosure Statement | 72.40 | $31,216.00 |
| 38 | Employment Applications, Others | 7.70 | $4,752.00 |
| 41 | Tax Issues | 21.10 | $14,513.50 |
| 42 | Travel non-working | 57.60 | $33,599.50 |
| 46 | Tax Litigation | 19.80 | $13,662.00 |
| 54 | Employment Applications, Applicant | 2.50 | $300.00 |
| 57 | Montana Grand Jury Investigation | 2,567.20 | $732,296.00 |
| | **Total** | **8,416.70** | **$2,895,797.50** |

7

**Expense Summary**

| Description | Amount |
|---|---|
| Telephone | $2,793.17 |
| Fax Charge | $1,296.74 |
| Standard Copies | $41,812.60 |
| Binding | $201.25 |
| Tabs/Indexes/Dividers | $349.10 |
| Color Copies | $5,937.00 |
| Bates Labels/Print & Affix | $1.05 |
| Scanned Images | $1,929.15 |
| CD-ROM Duplicates | $135.00 |
| CD-ROM Master | $360.00 |
| Postage | $98.27 |
| Overnight Delivery | $1,946.76 |
| Outside Messenger Services | $1,548.11 |
| Local Transportation | $461.74 |
| Travel Expense | $3,985.87 |
| Airfare | $11,645.07 |
| Transportation to/from airport | $1,890.70 |
| Travel Meals | $567.02 |
| Other Travel Expenses | $118.74 |
| Court Reporter Fee/Deposition | $707.30 |
| Filing Fees | $50.00 |
| U.S. Local Counsel Meals | $124.11 |
| Outside Computer Services | $6,904.10 |
| Outside Copy/Binding Services | $4,985.02 |
| Working Meals/K&E Only | $495.81 |
| Working Meals/K&E and Others | $4,090.23 |
| Information Broker Doc/Svcs | $1,909.20 |
| Library Document Procurement | $1,165.83 |
| Computer Database Research | $24,662.34 |
| Overtime Transportation | $2,222.09 |
| Overtime Meals | $528.00 |
| Overtime Meals - Attorney | $2,949.69 |
| Secretarial Overtime | $9,229.32 |
| Rental Expenses | $5,880.68 |
| Miscellaneous Office Expenses | $601.69 |
| **Total** | **$143,582.75** |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Objection Deadline: August 29, 2005 at 4:00 p.m. |
| | ) | Hearing Date: December 19, 2005, at 12:00 p.m. |
| | | (in Pittsburgh, PA) |

SEVENTEENTH QUARTERLY INTERIM VERIFIED APPLICATION OF
KIRKLAND & ELLIS LLP FOR COMPENSATION FOR SERVICES AND
REIMBURSEMENT OF EXPENSES AS BANKRUPTCY COUNSEL
TO W. R. GRACE & CO., ET AL., FOR THE INTERIM PERIOD
FROM APRIL 1, 2005 THROUGH JUNE 30, 2005

Pursuant to sections 327, 330 and 331 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Fed. R. Bankr. P. 2016, the Retention Order (as defined below), the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Professionals and Official Committee Members (the "Interim Compensation Order"), the Amended Administrative Order under 11 U.S.C. §§ 105(a) and 331 Establishing Revised Procedures for Interim Compensation and

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Reimbursement of Expenses for Professionals and Official Committee Members (the "Amended Interim Compensation Order") and Del.Bankr.LR 2016-2, the law firm of Kirkland & Ellis LLP ("Kirkland & Ellis" or "K&E"), bankruptcy counsel for the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") in their chapter 11 cases, hereby applies for an order allowing it (i) compensation in the amount of $2,895,797.50 for the reasonable and necessary legal services K&E has rendered to the Debtors and (ii) reimbursement for the actual and necessary expenses that K&E has incurred in the amount of $143,582.75 (the "Seventeenth Quarterly Fee Application"), in each case for the interim quarterly period from April 1, 2005, through June 30, 2005 (the "Fee Period"). In support of this Seventeenth Quarterly Fee Application, K&E respectfully states as follows:

## BACKGROUND

### Retention of Kirkland & Ellis

1. On April 2, 2001 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). On April 2, 2001, the Court entered an order procedurally consolidating the Chapter 11 Cases for administrative purposes only. Since the Petition Date, the Debtors have continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. By this Court's order dated May 3, 2001, the Debtors were authorized to retain K&E as their counsel, effective as of the Petition Date, with regard to the filing and prosecution of the Chapter 11 Cases and all related matters (the "Retention Order"). The Retention Order authorizes the Debtors to compensate K&E at K&E's hourly rates charged for services of this type and to be reimbursed for actual and necessary out-of-pocket expenses that it

2

incurred, subject to application to this Court in accordance with the Bankruptcy Code, the

Federal Rules of Bankruptcy Procedure, all applicable local rules and orders of this Court.

**Monthly Interim Fee Applications Covered Herein**

        3.      Pursuant to the procedures set forth in the Interim Compensation Order, as

amended by the Amended Interim Compensation Order, professionals may apply for monthly

compensation and reimbursement (each such application, a "Monthly Fee Application"), and the

notice parties listed in the Amended Interim Compensation Order may object to such request. If

no notice party objects to a professional's Monthly Fee Application within twenty (20) days after

the date of service of the Monthly Fee Application, the applicable professional may submit to the

Court a certification of no objection whereupon the Debtors are authorized to pay interim

compensation and reimbursement of 80% of the fees and 100% of the expenses requested.

        4.      Furthermore, and also pursuant to the Amended Interim Compensation

Order, within 45 days of the end of each quarter, professionals are to file and serve upon the

notice parties a quarterly request (a "Quarterly Fee Application") for interim Court approval and

allowance of the Monthly Fee Applications filed during the quarter covered by that Quarterly

Fee Application. If the Court grants the relief requested by the Quarterly Fee Application, the

Debtors are authorized and directed to pay the professional 100% of the fees and expenses

requested in the Monthly Fee Applications covered by that Quarterly Fee Application less any

amounts previously paid in connection with the Monthly Fee Applications. Any payment made

pursuant to the Monthly Fee Applications or a Quarterly Fee Application is subject to final

approval of all fees and expenses at a hearing on the professional's final fee application.

        5.      This Quarterly Fee Application, which is submitted in accordance with the

Amended Interim Compensation Order, is the seventeenth Quarterly Fee Application for

compensation for services rendered that K&E has filed with the Bankruptcy Court in connection with the Chapter 11 Cases, and covers the Fee Period of April 1, 2005, through June 30, 2005.

6.      K&E has filed the following Monthly Fee Applications for interim compensation during this Fee Period:

a.      Summary Application of Kirkland & Ellis LLP for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel to W.R. Grace & Co., et al., for the Monthly Interim Period from April 1, 2005, through April 30, 2005, filed June 7, 2005, (the "April Fee Application") attached hereto as Exhibit A;

b.      Summary Application of Kirkland & Ellis LLP for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel to W.R. Grace & Co., et al., for the Monthly Interim Period from May 1, 2005, through May 31, 2005, filed June 29, 2005, (the "May Fee Application") attached hereto as Exhibit B; and

c.      Summary Application of Kirkland & Ellis LLP for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel to W.R. Grace & Co., et al., for the Monthly Interim Period from June 1, 2005, through June 30, 2005, filed August 2, 2005, (the "June Fee Application") (collectively, the April Fee Application, the May Fee Application and the June Fee Application are the "Applications") attached hereto as Exhibit C.

7.      The periods for objecting to the fees and expense reimbursement requested in the April and May Fee Applications passed without any objections being filed, whereupon the Debtors filed certificates of no objection with the Court and have either paid or will pay interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested. The deadline for objecting to the June Fee Application has not passed yet.

8.      K&E has advised and represented the Debtors in connection with the operation of their businesses and other matters arising in the performance of their duties as a debtors-in-possession during the period covered by the Seventeenth Quarterly Fee Application. Furthermore, K&E has prepared various pleadings, motions and other papers submitted to this

4

Court for consideration, has appeared before this Court during hearings regarding these cases and

has performed various other professional services that are described in the Applications.

**Previous Quarterly Fee Applications**

9.    K&E has previously filed the following Quarterly Fee Applications:

a.    First Quarterly Interim Verified Application of Kirkland & Ellis for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel for W. R. Grace & Co., et al., for the Interim Period from April 2, 2001 through June 30, 2001, filed August 2, 2001, (the "First Quarterly Fee Application");

b.    Second Quarterly Interim Verified Application of Kirkland & Ellis for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel for W. R. Grace & Co., et al., for the Interim Period from July 1, 2001 through September 30, 2001, filed November 7, 2001, (the "Second Quarterly Fee Application");

c.    Third Quarterly Interim Verified Application of Kirkland & Ellis for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel for W. R. Grace & Co., et al., for the Interim Period from October 1, 2001 through December 31, 2001, filed February 7, 2002, (the "Third Quarterly Fee Application ");

d.    Fourth Quarterly Interim Verified Application of Kirkland & Ellis for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel for W. R. Grace & Co., et al., for the Interim Period from January 1, 2002 through March 31, 2002, filed June 10, 2002 (the "Fourth Quarterly Fee Application");

e.    Fifth Quarterly Interim Verified Application of Kirkland & Ellis for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel for W.R. Grace & Co., et al., for the Interim Period from April 1, 2002 through June 30, 2002, filed September 30, 2002 (the "Fifth Quarterly Fee Application");

f.    Sixth Quarterly Interim Verified Application of Kirkland & Ellis for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel for W.R. Grace & Co., et al., for the Interim Period from July 1, 2002 through September 30, 2002, filed November 27, 2002 (the "Sixth Quarterly Fee Application");

g.    Seventh Quarterly Interim Verified Application of Kirkland & Ellis for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel for W.R. Grace & Co., et al., for the Interim Period

from October 1, 2002 through December 31, 2002, filed March 4, 2003 (the "Seventh Quarterly Fee Application");

h.      Eighth Quarterly Interim Verified Application of Kirkland & Ellis for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel for W.R. Grace & Co., et al., for the Interim Period from January 1, 2003 through March 31, 2003, filed May 15, 2003 (the "Eighth Quarterly Fee Application");

i.      Ninth Quarterly Interim Verified Application of Kirkland & Ellis LLP for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel for W.R. Grace & Co., et al., for the Interim Period from April 1, 2003 through June 30, 2003, filed August 27, 2003 (the "Ninth Quarterly Fee Application");

j.      Tenth Quarterly Interim Verified Application of Kirkland & Ellis LLP for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel for W.R. Grace & Co., et al., for the Interim Period from July 1, 2003 through September 30, 2003, filed November 18, 2003 (the "Tenth Quarterly Fee Application");

k.      Eleventh Quarterly Interim Verified Application of Kirkland & Ellis LLP for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel for W.R. Grace & Co., et al., for the Interim Period from October 1, 2003 through December 31, 2003, filed February 11, 2004 (the "Eleventh Quarterly Fee Application");

l.      Twelfth Quarterly Interim Verified Application of Kirkland & Ellis LLP for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel for W.R. Grace & Co., et al., for the Interim Period from January 1, 2004 through March 31, 2004, filed May 17, 2004 (the "Twelfth Quarterly Fee Application");

m.      Thirteenth Quarterly Interim Verified Application of Kirkland & Ellis LLP for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel for W.R. Grace & Co., et al., for the Interim Period from April 1, 2004 through June 30, 2004, filed October 6, 2004 (the "Thirteenth Quarterly Fee Application");

n.      Fourteenth Quarterly Interim Verified Application of Kirkland & Ellis LLP for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel for W.R. Grace & Co., et al., for the Interim Period from July 1, 2004 through September 30, 2004, filed November 17, 2004 (the "Fourteenth Quarterly Fee Application");

o.      Fifteenth Quarterly Interim Verified Application of Kirkland & Ellis LLP for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel for W.R. Grace & Co., et al., for the Interim Period

from October 1, 2004 through December 31, 2004, filed
February 14, 2005 (the "Fifteenth Quarterly Fee Application"); and

p.    Sixteenth Quarterly Interim Verified Application of Kirkland & Ellis LLP
for Compensation for Services and Reimbursement of Expenses as
Bankruptcy Counsel for W.R. Grace & Co., et al., for the Interim Period
from January 1, 2005 through March 31, 2005, filed June 15, 2005 (the
"Sixteenth Quarterly Fee Application") (collectively, the First through
Sixteenth Quarterly Fee Applications are the "Quarterly Applications").

10.    There have been no objections filed with respect to the Quarterly

Applications. The hearing for the Quarterly Application for the interim period January 1, 2005,

through March 31, 2005, has been scheduled for September 26, 2005. The hearing for the

Quarterly Application for the interim period April 1, 2005, though June 30, 2005, has been

scheduled for December 19, 2005 in Pittsburgh, PA. The Debtors have filed certificates of no

objection with respect to each of the three monthly Fee Applications related to each of the above-

listed Quarterly Applications and have paid, or will pay, in each case, 100% of the compensation

requested for fees and reimbursed 100% of the expenses requested in the First through Sixteenth

Quarterly Fee Applications (less certain fees and expenses disallowed by the Court). The First,

Second, Third and Fifth Quarterly Fee Applications were heard on November 25, 2002, and

orders were entered on November 29, 2002, granting interim compensation and reimbursement

for the First, Second, Third and Fifth Quarterly Fee Applications. The Fourth Quarterly Fee

Application was heard on August 26, 2002, and an order was entered on October 9, 2002,

granting interim compensation and reimbursement of expenses requested in the Fourth Quarterly

Fee Application. An order was entered on March 14, 2003, granting interim compensation and

reimbursement of expenses requested in the Sixth Quarterly Fee Application. The Seventh

Quarterly Fee Application was heard on June 17, 2003, and an order was entered on

July 28, 2003, granting interim compensation and reimbursement of expenses requested in the

Seventh Quarterly Fee Application. The Eighth Quarterly Fee Application was heard on

September 22, 2003, and an order was entered on September 22, 2003, granting interim compensation and reimbursement of expenses requested in the Eighth Quarterly Fee Application. The Ninth Quarterly Fee Application was heard on December 15, 2003, and an order was entered on December 15, 2003[2], granting interim compensation and reimbursement of expenses requested in the Ninth Quarterly Fee Application. The Tenth Quarterly Fee Application was heard on March 22, 2004, and an order was entered on April 26, 2004 granting interim compensation and reimbursement of expenses requested in the Tenth Quarterly Fee Application. An order was entered on June 16, 2004, granting interim compensation and reimbursement of expenses requested in The Eleventh Quarterly Fee Application. The Twelfth Quarterly Fee Application was heard on September 27, 2004, and an order was entered on September 27, 2004 granting interim compensation and reimbursement of expenses requested in the Twelfth Quarterly Fee Application. The Thirteenth Quarterly Fee Application was heard on December 20, 2004, and an order was entered on January 26, 2005 granting interim compensation and reimbursement of expenses requested in the Thirteenth Quarterly Fee Application. The Fourteenth Quarterly Fee Application was heard on March 21, 2005, and an order was entered on March 22, 2005 granting interim compensation and reimbursement of expenses requested in the Fourteenth Quarterly Fee Application. The Fifteenth Quarterly Fee Application was heard on June 27, 2005, and an order was entered on June 29, 2005 granting interim compensation and reimbursement of expenses requested in the Fifteenth Quarterly Fee Application.

---

[2]    An amended order correcting certain information on the Exhibit was entered on December 19, 2003.

**Requested Relief**

11.    By this Seventeenth Quarterly Fee Application, K&E requests that the Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by K&E for the Fee Period as detailed in the Applications, less any amounts previously paid to K&E pursuant to the Applications and the procedures set forth in the Interim Compensation Order. As stated above, the full scope of services provided and the related expenses incurred are fully described in the Applications, which are attached hereto as Exhibits A through C.

**Disinterestedness**

12.    As disclosed in the following affidavits:

a.    Affidavit of James H.M. Sprayregen in Support of Application for Order Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014(a) Authorizing the Employment and Retention of Kirkland & Ellis as Attorneys for the Debtors and Debtors in Possession (the "Original Affidavit"), filed April 2, 2001;

b.    First Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "First Supplement"), filed April 17, 2001;

c.    Second Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "Second Supplement"), filed May 2, 2001;

d.    Third Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "Third Supplement"), filed July 24, 2001;

e.    Fourth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "Fourth Supplement"), filed September 13, 2001;

f.    Fifth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "Fifth Supplement"), filed October 24, 2001;

g.   Sixth Supplemental Affidavit of James H.M. Sprayregen under 11 U.S.C.
     § 327(a) and Fed. R. Bankr. P. 2014 (the "Sixth Supplement"), filed
     November 13, 2001;

h.   Seventh Supplemental Affidavit of James H.M. Sprayregen Under 11
     U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "Seventh Supplement"),
     filed April 11, 2002;

i.   Eighth Supplemental Affidavit of James H.M. Sprayregen Under 11
     U.S.C. § 327(a) and Fed R. Bankr. P. 2014 (the "Eighth Supplement"),
     filed May 23, 2002;

j.   Ninth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C.
     § 327(a) and Fed R. Bankr. P. 2014 (the "Ninth Supplement"), filed July
     19, 2002;

k.   Tenth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C.
     Section 327(a) and Fed. R. Bankr. P. 2014 (the "Tenth Supplement"), filed
     September 18, 2002;

l.   Eleventh Supplemental Affidavit of James H.M. Sprayregen Under 11
     U.S.C. Section 327(a) and Fed. R. Bankr. P. 2014 (the "Eleventh
     Supplement"), filed March 11, 2003;

m.   Twelfth Supplemental Affidavit of James H.M. Sprayregen Under 11
     U.S.C Section 327(a) and Fed. R. Bankr. P. 2014 (the "Twelfth
     Supplement"), filed September 20, 2004;

n.   Amendment to the Twelfth Supplemental Affidavit of James H.M.
     Sprayregen Under 11 U.S.C Section 327(a) and Fed. R. Bankr. P. 2014
     (the "Amended Twelfth Supplement") (collectively, the Original Affidavit
     and the First through Amended Twelfth Supplements are the
     "Affidavits"), filed December 2, 2004;

o.   Thirteenth Supplemental Affidavit of James H.M. Sprayregen Under 11
     U.S.C Section 327(a) and Fed. R. Bankr. P. 2014 (the "Thirteenth
     Supplement"), filed February 10, 2005; and

p.   Fourteenth Supplemental Affidavit of James H.M. Sprayregen Under 11
     U.S.C Section 327(a) and Fed. R. Bankr. P. 2014 (the "Fourteenth
     Supplement"), filed June 14, 2005

K&E does not hold or represent any interest adverse to the estates, and has been, at all relevant

times, a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code as

modified by section 1107(b) of the Bankruptcy Code.

13.    K&E may have in the past represented, may currently represent, and likely in the future will represent parties-in-interest in connection with matters unrelated to the Debtors and the Chapter 11 Cases. K&E disclosed in the Affidavits its connections to parties-in-interest that it has been able to ascertain using its reasonable efforts. K&E will update the Affidavits when necessary and when K&E becomes aware of material new information.

## REPRESENTATIONS

14.    K&E believes that the Seventeenth Quarterly Fee Application complies with the requirements of Del.Bankr.LR 2016-2 and the Amended Interim Compensation Order.

15.    K&E performed the services for which it is seeking compensation on behalf of or for the Debtors and their estates, and not on behalf of any committee, creditor or other person.

16.    During the Fee Period, K&E has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with these Chapter 11 Cases other than the interim compensation payments pursuant to the Interim Compensation Order.

17.    Pursuant to Fed. R. Bank. P. 2016(b), K&E has not shared, nor has agreed to share, (a) any compensation it has received or may receive with another party or person other than with the partners, counsel and associates of K&E, or (b) any compensation another person or party has received or may receive in connection with the Chapter 11 Cases.

WHEREFORE, K&E respectfully requests that the Court enter an order providing that (a) for the Fee Period, April 1, 2005, through June 30, 2005, an administrative allowance be made to K&E in the sum of (i) $2,895,797.50 as compensation for reasonable and necessary professional services rendered to the Debtors and (ii) $143,582.75 for reimbursement of actual and necessary costs and expenses incurred, for a total of $3,039,380.25; (b) the Debtors be authorized and directed to pay to K&E the outstanding amount of such sums less any sums previously paid to K&E pursuant to the Applications and the procedures set forth in the Interim Compensation Order and (c) this Court grant such further relief as is equitable and just.

Wilmington, Delaware
Dated: August 8, 2005

Respectfully submitted,

KIRKLAND & ELLIS LLP

James H.M. Sprayregen, P.C.
Janet S. Baer
James W. Kapp III
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |
| | ) | |

### VERIFICATION

| | | |
|---|---|---|
| STATE OF ILLINOIS | ) | |
| | ) | ss. |
| COUNTY OF COOK | ) | |

Janet S. Baer, after being duly sworn according to law, deposes and says:

1.    I am a partner with the applicant law firm Kirkland & Ellis LLP ("K&E"),

and have been admitted to the Bar of the Supreme Court of Illinois since 1982.

2.    I have personally performed many of the legal services rendered by K&E

as counsel to the above-captioned debtors and debtors in possession (the "Debtors"), and I am

familiar with the other work performed on behalf of the Debtors by the lawyers and

paraprofessionals of K&E.

---

[1]    The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

3.      I have reviewed the foregoing Application, and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed the Local Bankruptcy Rules for the District of Delaware and submit that the Application substantially complies with such rules.

Janet S. Baer

SWORN AND SUBSCRIBED
before me this 8th day of August, 2005.

Katherine K. Phillips
Notary Public
My Commission Expires:

"OFFICIAL SEAL"
Katherine K. Phillips
Notary Public, State of Illinois
My Commission Expires Dec. 14, 2008