### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | ) | **Chapter 11** |
| | ) | |
| W. R. Grace & Co., et al.[1], | ) | **Case No. 01-01139 (JKF)** |
| | ) | **Jointly Administered** |
| Debtors. | ) | |
| | ) | **Re: Docket No. 9008** |
| | ) | |
| | ) | |

### RESPONSE AND PARTIAL OBJECTION OF SPEIGHTS & RUNYAN TO THE DEBTORS' MOTION FOR LIMITED WAIVER OF DEL. BANKR. L. R. 3007-1 TO PERMIT FILING OF OMNIBUS OBJECTION TO 2,938 CLAIMS FILED BY THE LAW FIRM OF SPEIGHTS & RUNYAN

Speights & Runyan, on behalf of Anderson Memorial Hospital, the Board of Regents

for the University of California, the California State University System, Pacific Freeholds

and all other claimants on whose behalf the firm of Speights & Runyan filed claims,

---

[1] The Debtors consist of the following 62 entities: W. R Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-I Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Ins., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgracc, Inc., Coalgracc II, Ins., Creative Food `N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp, Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B 11 Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe. Inc., Grace H-G Inc., Grace H-G II Inc,, Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Ins., MICA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Curving, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

respectfully submits this response and partial objection to the above-styled motion of the Debtors.

## Summary of Position

Speights & Runyan agrees that Debtors' authority objections should be heard first, but to the exclusion of other simultaneous substantive objections. Speights & Runyan requests that the Court enter a scheduling order to insure the fairness of this proceeding and to address briefing deadlines and set at least one evidentiary hearing on a date certain.

### 1. The True Motives of Grace's Smear Campaign.

1. In a poorly veiled smear and intimidation campaign[2], the Debtors and their counsel have sought to inflame this Court, impugn thousands of asbestos property damage claims based upon three affidavits, and most importantly, to marginalize Dan Speights, the lawyer that Grace and its attorneys clearly recognize as one of the most experienced asbestos property damage trial lawyer in the country and one of the only property damage lawyers who has had extensive experience negotiating and creating consensual plans of reorganization in asbestos-related bankruptcies.

2. As the Eleventh Circuit panel recognized when it ordered that Mr. Speights and Speights & Runyan were entitled to a substantial contribution fee award in In re: Celotex, 227 F.3d 1336 (11th Cir.2000),

> the evidence accepted as true by the bankruptcy judge was that S&R, and Speights in particular, played a significant role in the successful negotiation of a consensual plan, and that a large portion of the credit for achievement of the plan was attributable to Speights because of his credibility and the experience in asbestos-related bankruptcy that he brought to the process . . . We refrain today from defining with specificity what constitutes a substantial contribution. We do find, however, that where, as here,

---

[2] Grace has conducted its smear campaign largely by making inflammatory and patently misleading arguments to the Court at the last two omnibus hearings with no prior notice to Speights & Runyan and without Speights & Runyan being present to defend itself or its claimants.

> evidence supports the conclusion that without S&R's efforts a reorganization plan
> may not have been achieved, a substantial contribution has been demonstrated.

(citations omitted).  The evidence cited by the Circuit Court included testimony from the

attorney for the Property Damage Advisory Committee, John Kozyak, counsel for the Debtor

and counsel for the asbestos bodily injury claimants.  Mr. Kozyak testified that Mr. Speights

had provided "extraordinary service," that Mr. Speights "worked tirelessly for several years  .

. . to help the Debtors and other parties avoid an expensive, time consuming confirmation

battle and develop a nearly consensual, confirmable plan of reorganization" and that Mr.

Speights' "knowledge, experience and the respect that Speights had earned from other parties

made progress toward reorganization possible." Id at 1339-1340.   Counsel for the Debtor

likewise testified that "the role that Mr. Speights played provide[d] the tangible and

demonstrative benefit to the estate and the creditors of the estate.  Again, not just Mr.

Speights' creditors." Id.  Counsel for the asbestos bodily injury claimants likewise testified

that "successful negotiation of a consensual, and ultimately approved, plan of reorganization

'couldn't have been done without Dan Speights because he really understood how to do it.'"

Id.

3.  Apart from his involvement Celotex, Mr. Speights has also played significant roles

in other major bankruptcies over the last twenty three (23) years.  Beginning in 1982, Mr.

Speights worked over a four-year period on behalf of asbestos property damage claimants in

In re: Johns Manville, Corp. in negotiating a plan of reorganization with the Debtor.  In that

case, Mr. Speights served as lead trial counsel for all property damage claimants before the

arbitration panel whose decision has led to the payment of more than $400 million dollars to

property damage claimants in the Manville bankruptcy.  Mr. Speights was awarded a

substantial contribution fee for his efforts in Manville.

4.  Mr. Dies and Mr. Speights served on the joint asbestos committee and the

negotiating committee in In Re: National Gypsum Co., Nos. 390-37213-SAF-11, 390-37214-

SAF-11 (Bank. N.D. Texas), and they significantly contributed to the negotiation of the

consensual plan of reorganization and the asbestos property damage claims procedures in that

matter.

5.  Apart from his extensive involvement these and other bankruptcies, from 1982

until the petition date, Speights & Runyan has tried against Grace or settled with Grace

(either as lead counsel or co-counsel) on behalf of hundreds individual claimants and

hundreds of individual buildings in more than thirty states involving more than a thousand

buildings.  In addition, Speights & Runyan has served as class counsel in four separate

certified class actions involving the Debtors, three of which were settled by the Debtors prior

to their bankruptcy petitions.  Since 1982, Speights & Runyan has tried numerous asbestos

property damage cases to verdict against the Debtors, perhaps more than any other firm in the

country.  In that time, there has been one defense verdict involving Grace and Speights &

Runyan affirmed on appeal.  Over the last twenty three (23) years, Speights & Runyan and

Dan Speights have developed extensive knowledge about Grace and all of the legal, scientific

and factual nuances unique to asbestos property damage cases.

6.  Of special import, Mr. Speights was the first lawyer in America to try and win an

asbestos property damage lawsuit against the Debtors and the first lawyer in America to

obtain and uphold a punitive damage verdict against the Debtors.  It was Mr. Speights who,

in the early 1980's, showed Grace's knowledge of the hazards of asbestos at its Multibestos

plant and its Libby, Montana operations and who later uncovered (in 1993) Grace's hidden

cache of documents at the Libby mine in Libby, Montana (which documents are part of the

basis of the recently filed criminal indictments against Grace).  But perhaps most

importantly, Speights & Runyan has been plaintiffs' counsel in an overwhelming number of

property damage cases that have set important precedents for property damage litigation

against Grace and other former manufacturers of asbestos-containing products.[3]

7.  Recognizing this experience and knowledge as hostile to the Debtors' stated (and

completely absurd) position that its traditional property damage liability is close to zero in

this bankruptcy, Grace, as it has done before, has chosen to lodge outrageous and factually

deficient claims to smear Mr. Speights and traditional property damage claims as a

subterfuge.  By slinging mud at Mr. Speights and his claimants, the Debtors clearly hope to

divert this Court's attention away from the actual merit and value of property damage claims.

**2.    These Objections should be Heard and Resolved to the Exclusion of other
        Substantive Objections.**

8.  Grace has represented to this Court that "[i]f the Speights Objection is sustained,

neither the Debtors nor the Court will be required to spend any more time on claims which

are deficient on their face.  This, in turn, will free up the Debtors and the Court to devote

more time to the orderly disposition of the remaining legitimate claims and other significant

---

[3] City of Greenville v. W. R. Grace & Co., 640 F.Supp. 559 (D.S.C. 1986), aff'd 827 F.2d 975 (4th
Cir. 1987); New Hampshire-Vermont Health Service Corp. v. U. S. Mineral Products Co., 10 F.3d
805 (1st Cir.1993) (table decision – text at 1993 WL 472829); Kansas City v. W. R. Grace & Co., 778
S.W.2d 264 (Mo.App.1989); Kansas City v. Keene Corp., 855 S.W.2d (Mo.1993); Clayton Center
Associates v. W.R. Grace & Co., 861 S.W.2d 686 (Mo.App. 1993); Northridge Co. v. W. R. Grace &
Co., 205 Wis.2d 267, 556 N.W.2d 345 (Wis.App.1996); San Franscisco Unified School District v. W.
R. Grace & Co., 37 Cal.App.4th 1318, 44 Cal.Rptr.2d 305 (Cal.App. 1 Dist. 1995); MDU Resources
Group v. W. R. Grace & Co., 14 F.3d 1274 (8th Cir.1994); Farm Credit Bank of Louisville v. U. S.
Mineral Product Co., 864 F.Supp. 643 (W.D.Ky.1994); May v. AC & S, Inc. 812 F.Supp. 934
(E.D.Mo.1993); Tioga Public School Dist. No. 15 v. U. S. Gypsum, 984 F.2d 915 (8th Cir.1993);
Hebron Public School Dist. No. 13 v. U. S. Gypsum, 953 F.2d 398 (8th Cir.1992); Blue Cross & Blue
Shield of SC v. W. R. Grace & Co., 781 F.Supp. 420 (D.S.C.1991); Security Homestead Ass'n v. W.
R. Grace & Co., 743 F.Supp. 456 (E.D.La.1990); Drayton Public School Dist. No. 19 v. W. R. Grace
& Co., 728 F.Supp. 1410 (D.N.D.1989); Spartanburg County School Dist. Seven v. National Gypsum
Co., 805 F.2d 1148 (4th Cir.1986); City of Manchester v. National Gypsum Co., 637 F.Supp. 646
(D.R.I.1986); Town of Hookset School Dist. V. W. R. Grace & Co., 617 F.Supp. 126 (D.N.H.1984).

issues remaining in these chapter 11 cases." (Grace Motion for Waiver at ¶9). Nevertheless, Grace has also announced to this Court that it plans to file additional objections on the merits of every property damage claim by September 1, 2005. (Grace Motion for Waiver at n. 1).

9. While it may be strategically desirable for Grace to have multiple objections pending against thousands of individual claimants simultaneously, this is exactly the type of harassment and multiplicity Del. Bankr. L.R. 3007-1 was designed to prevent. Multiple proceedings requiring thousands of claimants to respond to multiple objections at multiple hearings is a strategy clearly designed to oppress claimants into submission and tax the limited time and resources of the Court.

10. Nevertheless, Speights & Runyan agrees that this Court's resolution of Grace's authority objections should occur immediately, but to the exclusion of other substantive objections. Indeed, Grace, without any notice whatsoever, has apparently spent the better part of the last two omnibus hearings in one-sided derision of Speights & Runyan and its claimants. This Court deserves the opportunity to evaluate the authority issues in an orderly and fair fashion, with Speights & Runyan participating in the process and with the ability to hear and accept evidence. Accordingly, Speights & Runyan requests that the Court enter an appropriate scheduling order to govern the orderly and efficient disposition of the authority proceedings.

11. Specifically, the Court's scheduling order should break the question of authority into logical groups for disposition. As Grace is well aware, the issue of authority for the Speights & Runyan claimants can be broken down into 7 categories based upon the type of authority at issue as follows:

6

**Category a.** A claimant with written contract of representation with Speights & Runyan and a lawsuit pending against Grace at the time of the bankruptcy filing (1 claim)

> This category consists of claimant Pacific Freeholds owner of 100 Pine Street, a high rise in downtown San Francisco with $30 million in documented asbestos remediation costs. Pacific Freeholds and Grace had an agreement tolling the statute of limitations in effect through August 1, 1998. On June 11, 1998, Pacific Freeholds provided written notice to Grace of its intention to file suit and the matter proceeded in United States District Court for the Northern District of California (Case #C 98 3005-SI). The parties took over 20 depositions, filed and argued numerous motions regarding discovery, summary adjudication, and other matters. Throughout all proceedings claimant was represented by Speights and Runyan and local counsel. When Grace filed bankruptcy, a trial date was upcoming.

**Category b.** Those claimants with written contracts of representation with Speights & Runyan[4] (17943 claims [Tab B]);

**Category c.** Those claimants who Speights & Runyan has historically represented for asbestos property damage claims and has previously represented in other proceedings (34 claims [Tab C]);

**Category d.** Those claimants or buildings that were known to be in the definition of the certified class action Anderson Memorial Hospital v. W. R. Grace &

---

[4] The Debtors' claim that these claims were unauthorized is patently frivolous. Debtors' counsel has inspected the contract of representation between these claimants (and in the case of Anderson Memorial Hospital, a Power of Attorney) and Speights & Runyan. Moreover, the Anderson Memorial Hospital class action and Pacific Freeholds were pre-existing lawsuits where the parties were represented by Speights & Runyan. The Debtors' counsel has been put on notice, pursuant to Rule 11, FRCP, that these claimants will seek sanctions if these objections are not withdrawn.

Co., Case No. 92-CP-25-253 (Ct. Com. Pleas, Hampton County, SC) (62 claims [Tab D]);

**Category e.** Those claimants who were putative class members in the case styled Anderson Memorial Hospital v. W. R. Grace & Co., Case No. 92-CP-25-253 (Ct. Com. Pleas, Hampton County, SC) who provided express authority to Speights & Runyan to file claims in this and other asbestos bankruptcies (285 claims [Tab E]);

**Category f.** Those claimants who were putative class members in the case styled Anderson Memorial Hospital v. W. R. Grace & Co., Case No. 92-CP-25-253 (Ct. Com. Pleas, Hampton County, SC) that have not responded to requests for express authorization (657 claimants [Tab F]);

**Category g.** Those claims for buildings or jobsites known to have asbestos-containing products which would fall within the class definition of the putative class in Anderson Memorial Hospital v. W. R. Grace & Co., Case No. 92-CP-25-253 (Ct. Com. Pleas, Hampton County, SC), but which Speights & Runyan has been unable to locate any person or entity who owns the building (396 claimants [Tab G]).

12.  A scheduling order recognizing these separate categories should set forth discovery deadlines, a briefing schedule and should culminate in at least one specially set evidentiary hearing in accordance with this Court's Amended Case Management Order. Such a scheduling order would:

- Focus the parties and the Court on the actual legal issues raised by Grace's objections;

- Provide certainty and fairness to the parties and the Court regarding discovery, briefing and scheduling;

- Prevent the Debtors from deceptively characterizing the authority issues to the Court without providing Speights & Runyan notice or an opportunity to be heard;

- Allow the Court to take these issues up in one or more specially set evidentiary hearings rather than trying to compress this issue into the Court's already packed omnibus hearing agendas.

### Conclusion

13.  Speights & Runyan and the claimants it represents agree that Grace's authority objections should be taken up by the Court and addressed prior to other objections, as long as these objections are fully resolved prior to taking up any additional substantive objections. Speights & Runyan objects, however, to its claimants being subjected to multiple objections in separate proceedings as Grace's motion indicates.  Speights & Runyan respectfully requests that this Court enter an appropriate scheduling.

Respectfully submitted,

Christopher D. Loizides (#3968)
Michael J. Joyce (#4563)
LOIZIDES & ASSOCIATES
1225 King Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 654-0248
Facsimile: (302) 654-0728 (fax)
E-mail: loizides@loizides.com

SPEIGHTS & RUNYAN
Daniel A. Speights (SC Fed. ID No. 4252)
Marion C. Fairey, Jr. (SC Fed. ID No. 6101)
200 Jackson Avenue, East
P. O. Box 685
Hampton, SC  29924
Telephone:  (803) 943-4444
Facsimile:  (803) 943-4599

August 12, 2005