**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| | ) |
| In re: | ) |
| | ) |
| W.R. GRACE & CO., et al., | ) |
| | ) |
| Debtors. | ) |
| | ) |

Chapter 11
Case No. 01-01139 (JKF)
(Jointly Administered)

**Objection Deadline: 12/2/05**
**Hearing Date: 12/19/05 @ 12:00 Noon**

**NOTICE OF FILING**
**FIFTH QUARTERLY INTERIM FEE APPLICATION OF**
**CIBC WORLD MARKETS CORP., AS FINANCIAL ADVISOR TO**
**DAVID T. AUSTERN, FUTURE CLAIMANTS' REPRESENATIVE,**
**FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR**
**THE PERIOD OF APRIL 1, 2005 THROUGH JUNE 30, 2005**

TO:    (1) The Debtors; (2) counsel to the Debtors; (3) Office of the U.S. Trustee
        (4) Counsel to the Official Committee of Asbestos Personal Injury Claimants;
        (5) Counsel to the Official Committee of Asbestos Property Damage Claimants;
        (6) Counsel to the Official Committee of Equity Holders; (7) Counsel to the Debtors
        in Possession Lender; and (8) the Fee Auditor

CIBC World Markets Corp., ("CIBC") financial advisor to David T. Austern, in his capacity as the Court appointed legal representative for future asbestos claimants (the "FCR"), has filed and served its *Fifth Quarterly Interim Application of CIBC World Markets Corp. as Financial Advisor to David T. Austern, Future Claimants' Representative for Compensation and Reimbursement of Expenses for the Period of April 1, 2005 through June 30, 2005* seeking payment of fees in the amount of $300,000.00 and $5,456.18 for expenses incurred (the "Quarterly Fee Application") for a total of $305,456.18.

Objections or responses to the Application, if any, must be made in writing and filed with the United States Bankruptcy Court for the District of Delaware, Marine Midland Plaza, 824 North Market Street, 3rd Floor, Wilmington, DE 19801, on or before **December 2, 2005**.

At the same time, you must also serve a copy of the objection or response upon the following:

**Co-counsel to David T. Austern,**
**Future Claimants Representative**
Roger Frankel, Esquire
Richard Wyron, Esquire
Swidler Berlin Shereff Friedman, LLP
3000 K Street, NW, Suite 300
Washington, DC 20007

John C. Phillips, Jr., Esquire
Phillips, Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, DE 19806

**Co-counsel to the Debtors**
David M. Bernick, Esquire
Kirkland & Ellis, LLP
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esquire
Pachulski, Stang, Ziehl, Young &Jones, P.C.
919 North Market Street, Suite 1600
Wilmington, DE 19801

**Co-counsel to Official Committee**
**of Unsecured Creditors**
Lewis Kruger, Esquire
Strook & Strook & Lavan LLP
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esquire
Duane Morris, LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801

**Co-counsel to Official Committee of Asbestos**
**Property Damage Claimants**
Scott L. Baena, Esquire
Blizin, Sumber, Dunn, Baena, Rocie & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esquire
Ferry & Joseph, P.A.
824 North Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899-1351

**Co-counsel to Official Committee**
**to Asbestos Personal Injury Claimants**
Elihu Inselbuch, Esquire
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Mark Hurford, Esquire
Campbell & Levine, LLC
Chase Manhattan Centre, 15th Floor
1201 Market Street, Suite 1500
Wilmington, DE 19801

**Co-counsel to DIP Lender**
J. Douglas Bacon, Esquire
Latham & Watkins
Sears Tower, Suite 5800
Chicago, IL 60606

Steven M. Yoder, Esquire
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899

**Counsel to Official Committee**
**of Equity Holders**
Thomas Moers Mayer, Esquire
Kramer Levin Naftalis & Frankel, LLP
919 Third Avenue
New York, NY 10022

**Counsel to the U.S. Trustee**
Office of the U.S. Trustee
Frank J. Perch, Esquire
844 King Street, Suite 2313
Lockbox 35
Wilmington, DE 19801-3519

**Fee Auditor**
Warren H. Smith
Warren H. Smith and Associates
Republic Center
325 North St. Paul, Suite 4080
Dallas, TX 75201

A HEARING ON THIS APPLICATION WILL BE HELD ON **DECEMBER 19, 2005 AT 12:00 NOON.**

PHILLIPS, GOLDMAN & SPENCE, P.A.


JOHN C. PHILLIPS, JR., ESQUIRE (#110)
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200
(302) 655-4210
Local Counsel to David T. Austern, Future
Claimants' Representative


Date:   August /6, 2005

THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | Objection Date: 12/2/05 |
| | ) | Hearing Date 12/19/05 @ 12:00 p.m. |

## FIFTH QUARTERLY INTERIM FEE APPLICATION OF
## CIBC WORLD MARKETS CORP., AS FINANCIAL ADVISOR TO
## DAVID T. AUSTERN, FUTURE CLAIMANTS' REPRESENATIVE,
## FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR
## THE PERIOD OF APRIL 1, 2005 THROUGH JUNE 30, 2005

### SUMMARY SHEET

| | |
|---|---|
| Name of Applicant: | CIBC World Markets Corp. |
| Authorized to Provide Professional Services to: | David T. Austern, Future Claimants' Representative |
| Date of Retention: | As of June 4, 2004 (pursuant to this Court's Order entered September 27, 2004)[1] |
| Period for which compensation and reimbursement is sought: | April 1, 2005 – June 30, 2005 |
| Amount of Compensation sought as actual, reasonable and necessary: | $300,000.00 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $5,456.18 |

This is a ___ monthly     _x_ interim     ___ final application

---

[1] On June 27, 2005, the Court authorized an extension to the terms relating to the fee arrangement with CIBC

## COMPENSATION BY PROJECT CATEGORY (Exhibit A, Time Detail)

April 1, 2005 – June 30, 2005

| Project Category | Total Hours | Total Fees[2] |
|---|---|---|
| Business Operations / Business Results Related | 362.5 | NA |
| Financial Analysis / Financial Review | 224.8 | NA |
| Hearing Attendance | 19.6 | NA |
| Tax Due Diligence | 4.2 | NA |
| **TOTAL** | **611.1** | **NA** |

## EXPENSE SUMMARY (Exhibit B, Expense Detail)

April 1, 2005 – June 30, 2005

| Expense Category | Total |
|---|---|
| Airfare | $2,111.55 |
| Meals | 345.51 |
| Desktop Publishing/Printing | 1,256.88 |
| Research | 327.22 |
| Telephone | 228.38 |
| Hotel | 1,103.10 |
| Transportation | 83.54 |
| **TOTAL** | **$5,456.18** |

---

[2] CIBC does not bill on an hourly basis; therefore, a calculation of total fees by hour, by category is not applicable

## THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **W.R. GRACE & CO., et al.,** | ) | **Case No. 01-01139 (JKF)** |
| | ) | |
| | ) | **(Jointly Administered)** |
| **Debtors.** | ) | Objection Date: 12/2/05 |
| | ) | Hearing Date 12/19/05 @ 12:00 p.m. |

### FIFTH QUARTERLY INTERIM FEE APPLICATION OF CIBC WORLD MARKETS CORP., AS FINANCIAL ADVISOR TO DAVID T. AUSTERN, FUTURE CLAIMANTS' REPRESENTATIVE, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD OF APRIL 1, 2005 THROUGH JUNE 30, 2005

Pursuant to 328(a) U.S.C. §§ 330 and 331 of title 11 of the United States Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure, the Retention Order (as defined herein), and this Court's Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members (the "Procedures"), CIBC World Markets Corp. ("CIBC") hereby submits this fifth quarterly interim application (the "Fifth Quarterly Interim Application") for an allowance of (i) compensation for professional services rendered to the future claimants' representative of W.R. Grace & Co. and its affiliates (collectively, the "Debtors") for the period of April 1, 2005 through June 30, 2005 (the "Interim Period"), and (ii) the reimbursement of expenses incurred during the same period. In support of this Fifth Quarterly Interim Application, CIBC respectfully represents as follows:

### I.   Jurisdiction

1.   This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1334.

## II.    Background

2    On April 2, 2001 (the "Petition Date"), the Debtors filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code. The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3    By an Order dated May 24, 2004, the Court appointed David T. Austern as the Legal Representative for Future Asbestos Claimants (the "FCR") for the above captioned cases. The same Order authorizes the FCR to employ professionals under the provision applicable to employment of professionals by an official committee (Section 1103 of the bankruptcy code). On June 17, 2004, the FCR applied to this Court for an order authorizing the retention of CIBC pursuant to an engagement agreement dated June 4, 2004 (the "Engagement Agreement") as his financial advisor.

4    On September 27, 2004, this Court entered an order (the "Retention Order") authorizing the FCR to employ CIBC as financial advisor effective nunc pro tunc as of the June 4, 2004 pursuant to the terms of the Engagement Agreement. On March 14, 2005 this Court entered an order authorizing the extension of the terms of employment of CIBC (the "First Retention Extension Order"). Further, on June 27, 2005, this Court authorized an extension to the terms relating to the fee arrangement of CIBC (the "Second Retention Extension Order"). A copy of the Retention Order, the First Retention Extension Order, and the Second Retention Extension Order are annexed hereto as Exhibit C, D, and E, respectively.

## III.    Summary of Services Rendered

5    The financial services provided to the FCR by CIBC during this period included but was not limited to:

(a) Conducting due diligence and familiarizing itself to the extent appropriate with, and advising the FCR with respect to, the specialty chemicals industry in which the Debtors operate;

(b) Conducting due diligence and familiarizing itself to the extent appropriate with, and advising the FCR with respect to, the financial condition of the Debtors' businesses;

(c) Conducting due diligence and familiarizing itself to the extent appropriate with, and advising the FCR with respect to, the operations of the Debtors' businesses;

(d) Advising the FCR with respect to a proposed restructuring and implementation of a trust as contemplated under Section 524(g) of the Bankruptcy Code including analyzing, negotiating and effecting a plan of reorganization or recapitalization for the Debtors;

(e) Reviewing and analyzing the Debtors' claim analysis and contemplated plan treatment;

(f) Familiarizing itself to the extent appropriate with, and advising the FCR with respect to, the Court docket and the numerous motions and orders filed in connection with this case;

(g) Analyzing the financial impact on the Debtor of current motions in this case, including those related to environmental, capital investment, and pension issues;

(h) Evaluating the financial effect of the implementation of any plan of reorganization upon the assets or securities of the Debtors; and

(i) Performing valuation analyses on the Debtors and their assets.


## IV.  CIBC's Request for Compensation and Expense Reimbursement

6.   Pursuant to the Procedures, professionals may request monthly compensation and the reimbursement of expenses incurred. The notice parties listed in the Procedures may object to such a request. If no notice party objects to a professional's request within twenty (20) days after the date of service of the request, the applicable professional may submit to this Court a certification of no objection whereupon the Debtors are authorized to pay 80% of the fees and 100% of the expenses requested.

7.   Furthermore, and also pursuant to the Procedures, professionals are to file with this Court and serve upon the notice parties a quarterly request for interim approval and

allowance of the monthly fee applications filed during the quarter. If this Court grants the relief requested in these quarterly requests, the Debtors are authorized and directed to pay 100% of the fees and expenses requested in the monthly fee applications for the applicable quarter (less amounts previously paid as a result of monthly fee applications).

8.    With this Fifth Quarterly Interim Application, CIBC seeks interim allowance of compensation in the amount of $300,000.00, representing three monthly fees of $100,000.00 each for the period of April 1, 2005 through June 30, 2005.

9.    During the Fifth Interim Period, CIBC has recorded expenses in the amount of $5,456.18. The actual and necessary costs and expenses for which CIBC seeks reimbursement include the following:

a.    ***Research*** -- It is CIBC's practice to use financial market research in providing financial advisory services. This primarily consists of research reports on public companies and market/industry reports issued by investment banks other than CIBC as well as other research services. The charge to the client is actual cost, without a premium.

b.    ***Airfare & Transportation*** -- CIBC charges clients for necessary transportation costs related to travel to and from an airport, and necessary airfare costs or other costs in connection with travel to meetings, due diligence, court hearings, etc. The charge to the client is actual cost, without a premium.

c.    ***Meals*** -- CIBC charges clients for meal/catering costs incurred when meeting with clients or other case professionals. The charge to the client is actual cost, without a premium.

d.    ***Telephone*** -- CIBC charges clients for mobile telephone charges. Necessary mobile phone usage is reimbursed to professionals submitting an appropriate bill.

e.    **Printing/Desktop Publishing** -- CIBC charges clients for outsourced desktop publishing costs and printing charges associated with the production of presentations and similar materials. The charge to the client is actual cost, without a premium.

f.    **Hotel** -- CIBC charges clients for hotel costs incurred in connection with travel to meetings, due diligence, court hearings, etc. The charge to the client is actual cost, without a premium.

## V.   **Relief Requested**

10.   With this Fifth Quarterly Interim Application, CIBC requests that this Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred during the Interim Period.

11.   Except for the Debtors' promise to pay compensation and reimbursement as allowed by the Court, and such compensation and reimbursement which has been or may be paid pursuant to the Procedures, CIBC has received no payment and no promise for payment from any source for services rendered, or to be rendered, in any capacity whatsoever in connection with this case.

12.   Pursuant to Rule 2016(b) of the Federal Rules of Bankruptcy Procedure, CIBC has not shared and has not agreed to share (a) any compensation it has received or may receive with another party or person, or (b) any compensation another person or party has received or may receive in connection with this case.

WHEREFORE, for all these reasons, CIBC respectfully requests that the Court allow CIBC the sum of $300,000.00 in fees and expenses of $5,456.18 for a total compensation of $305,456.18 for the period April 1, 2005 to June 30, 2005, that such sums be authorized for payment, and that the Court grant such other and further relief as is just and proper.

Dated: August __, 2005

Respectfully submitted,

CIBC WORLD MARKETS CORP.

By:_____

Joseph J. Radecki, Jr.
300 Madison Avenue
New York, New York 10017
(212) 885-4744
Financial Advisor to Davis T. Austern
Future Claimants' Representative

# EXHIBIT A

| Professional | Date | Hours | Category | Description |
|---|---|---|---|---|
| Joseph Radecki | 4/4/2005 | 1.0 | Tax Due Diligence | Discussions regarding meeting with Grace tax department |
| Jonathan Brownstein | 4/4/2005 | 1.0 | Tax Due Diligence | Internal Review of Meeting with Grace tax department |
| Ritwik Chatterjee | 4/4/2005 | 2.3 | Tax Due Diligence | Review trip to Grace tax department and related documents |
| Joseph Radecki | 4/5/2005 | 2.0 | Financial Analysis | Review financial analysis |
| Ritwik Chatterjee | 4/5/2005 | 6.0 | Business Operations | Work on FCR report |
| David Jaffee | 4/5/2005 | 5.0 | Business Operations | FRC report & analysis |
| Joseph Radecki | 4/6/2005 | 2.8 | Financial Analysis | Report to FCR |
| Jonathan Brownstein | 4/6/2005 | 3.0 | Financial Analysis | Review various financial and valuation analysis; draft report to FCR |
| Ritwik Chatterjee | 4/6/2005 | 4.8 | Financial Analysis | Work on FCR report and supporting analysis |
| David Jaffee | 4/6/2005 | 6.8 | Business Operations | FRC report & analysis |
| Joseph Radecki | 4/7/2005 | 1.0 | Business Operations | Review of Proposed Hatco Transaction |
| Jonathan Brownstein | 4/7/2005 | 0.5 | Business Operations | Review of Proposed Hatco Transaction |
| Ritwik Chatterjee | 4/7/2005 | 0.5 | Business Operations | Review Hatco environmental deal |
| David Jaffee | 4/7/2005 | 7.0 | Business Operations | FRC report & analysis |
| Joseph Radecki | 4/8/2005 | 3.0 | Business Operations | Report to FCR |
| Ritwik Chatterjee | 4/8/2005 | 4.0 | Business Operations | Work on FCR report and supporting analysis |
| David Jaffee | 4/8/2005 | 5.0 | Business Operations | FRC report & analysis |
| Jonathan Brownstein | 4/11/2005 | 4.8 | Financial Analysis | Review various financial and valuation analysis; draft report to FCR |
| David Jaffee | 4/11/2005 | 4.5 | Financial Analysis | Financial and valuation analysis |
| Joseph Radecki | 4/12/2005 | 2.0 | Financial Analysis | Report to FCR; internal meetings re: same |
| Ritwik Chatterjee | 4/12/2005 | 5.0 | Financial Analysis | Financial and valuation analysis; internal meetings re: FCR report and same |
| David Jaffee | 4/12/2005 | 4.0 | Financial Analysis | Review of competitors and related financial analysis; CIBC discussions re: same |
| Joseph Radecki | 4/13/2005 | 3.5 | Financial Review | Read Monthly Operating Report; discussions re: same / report to FCR |
| Jonathan Brownstein | 4/13/2005 | 6.8 | Financial Review | Review of February 2005 Monthly Operating Report, Review Hatco Documents; discussions internally re: same. |
| Ritwik Chatterjee | 4/13/2005 | 2.0 | Financial Review | Review of monthly financial report |
| David Jaffee | 4/13/2005 | 1.8 | Financial Review | Review of Debtors' month-end operating/financial report |
| Joseph Radecki | 4/14/2005 | 2.0 | Business Operations | Review Hatco Transaction Documents |
| Jonathan Brownstein | 4/14/2005 | 7.0 | Business Operations | Review Hatco Transaction Documents. Draft report to FCR |
| Ritwik Chatterjee | 4/14/2005 | 1.0 | Business Operations | Review materials for Hatco environmental deal |
| Joseph Radecki | 4/15/2005 | 1.0 | Business Operations | Internal discussions re: competitors and chemicals market conditions |
| Ritwik Chatterjee | 4/15/2005 | 5.8 | Business Operations | Work on FCR report and supporting analysis |
| David Jaffee | 4/15/2005 | 5.0 | Business Operations | Work on FCR report and supporting analysis; continued analysis on Debtors' month-end results |
| Joseph Radecki | 4/18/2005 | 0.5 | Business Operations | Report to FCR |
| Ritwik Chatterjee | 4/18/2005 | 6.0 | Business Operations | Work on FCR report and supporting analysis |
| David Jaffee | 4/18/2005 | 6.0 | Business Operations | FRC report & analysis |
| Joseph Radecki | 4/19/2005 | 1.8 | Business Operations | Report to FCR |
| Jonathan Brownstein | 4/19/2005 | 3.0 | Business Operations | Draft report to FCR and review related analysis |
| David Jaffee | 4/19/2005 | 5.8 | Business Operations | FRC report & analysis |
| Joseph Radecki | 4/20/2005 | 3.0 | Business Operations | Report to FCR |
| Jonathan Brownstein | 4/20/2005 | 5.5 | Business Operations | Draft report to FCR and review related analysis |
| Ritwik Chatterjee | 4/20/2005 | 6.0 | Business Operations | Work on FCR report and supporting analysis |
| Joseph Radecki | 4/21/2005 | 3.0 | Business Operations | Read quarterly financials release; Read Objection of PD Claimants to CEO Motion |
| Jonathan Brownstein | 4/21/2005 | 5.3 | Business Operations | Review of Supplemental Objection of PD Claimants to CEO Employment Motion, Review of Q1 Financial Release; draft report to FCR |
| Ritwik Chatterjee | 4/21/2005 | 5.0 | Financial Review | Review quarterly fin release; work on FCR report |
| David Jaffee | 4/21/2005 | 5.0 | Financial Review | Review quarterly fin release; work on FCR report |
| Joseph Radecki | 4/22/2005 | 4.3 | Business Operations | Report to FCR and review related analysis |
| Jonathan Brownstein | 4/22/2005 | 6.3 | Business Operations | Draft report to FCR and review related analysis |
| David Jaffee | 4/22/2005 | 1.0 | Financial Review | Review quarter-end operating/financial report |
| Jonathan Brownstein | 4/25/2005 | 7.0 | Hearing Attendance | Hearing attendance via telephone; draft report to FCR; Review of Internal Analyses related to FCR presentation |
| Ritwik Chatterjee | 4/25/2005 | 5.3 | Business Operations | Work on FCR report and supporting analysis |
| Joseph Radecki | 4/26/2005 | 4.0 | Financial Review | Report to FCR; internal discussions re: same |
| Jonathan Brownstein | 4/26/2005 | 6.3 | Financial Review | Review of Grace financial information; review various financial schedules sent by Blackstone; draft report to FCR and meetings re: same internally |
| Ritwik Chatterjee | 4/26/2005 | 6.0 | Financial Review | Review of Grace financial information supplied; work on FCR report |
| David Jaffee | 4/26/2005 | 5.3 | Financial Review | FRC report & analysis |
| Jonathan Brownstein | 4/27/2005 | 2.5 | Business Operations | Conf. Call with Debtors re: Hatco transaction; Read of Pension Motion |
| Jonathan Brownstein | 4/27/2005 | 5.0 | Business Operations | Conf. Call with Debtors re: Hatco transaction; review various financial schedules sent by Blackstone; Review of Pension Motion |
| Ritwik Chatterjee | 4/27/2005 | 1.0 | Business Operations | Conference call all with Debtors re: Hatco transaction |
| David Jaffee | 4/27/2005 | 1.0 | Business Operations | Call re: Hatco transaction |

| Professional | Date | Hours | Category | Description |
|---|---|---|---|---|
| Jonathan Brownstein | 4/28/2005 | 3.0 | Business Operations | Review results of competitors / related financial analysis. CIBC discussions re: same |
| Jonathan Brownstein | 4/28/2005 | 3.0 | Business Operations | Review results of competitors / related financial analysis; internal meetings re: same topic. |
| Ritwik Chatterjee | 4/28/2005 | 4.0 | Business Operations | Review Blackstone materials; Review results of competitors / related financial analysis. CIBC team discussion re: same issues |
| David Jaffee | 4/28/2005 | 6.0 | Business Operations | FRC report & analysis |
| Jonathan Brownstein | 4/29/2005 | 4.3 | Business Operations | Review results of competitors / related financial analysis |
| Ritwik Chatterjee | 4/29/2005 | 4.3 | Financial Analysis | Financial analysis related to comparable companies |
| David Jaffee | 4/29/2005 | 3.5 | Financial Analysis | Review of competitors and related financial analysis |
| Ritwik Chatterjee | 4/30/2005 | 1.8 | Financial Analysis | Financial analysis related to comparable companies |
| Ritwik Chatterjee | 5/1/2005 | 4.3 | Business Operations | Prepare report to FCR; related financial analysis |
| David Jaffee | 5/1/2005 | 6.0 | Financial Analysis | Financial analysis in connection with Preparation of report to FCR |
| Joseph Radecki | 5/2/2005 | 6.3 | Business Operations | Review and prepare FCR report: review related financial analysis; review pension information and documents |
| Jonathan Brownstein | 5/2/2005 | 8.5 | Due Diligence Review | Review of Grace due diligence to date and industry/competitor review; update of FCR presentation |
| Ritwik Chatterjee | 5/2/2005 | 9.3 | Business Operations | Prepare report to FCR; related financial analysis |
| David Jaffee | 5/2/2005 | 8.3 | Financial Analysis | Financial analysis in connection with Preparation of report to FCR |
| Joseph Radecki | 5/3/2005 | 6.3 | Business Operations | Review of March 2005 Monthly Operating Report; Review of document on Bermuda issue from Blackstone; Review financial analysis |
| Jonathan Brownstein | 5/3/2005 | 7.0 | Financial Analysis | Review/update of valuation analysis for Q1; Review of March 2005 Monthly Operating Report; Review of Bermuda claim |
| Ritwik Chatterjee | 5/3/2005 | 10.0 | Business Operations | Review of March 2005 Monthly Operating Report; Materials on Bermuda issue from Blackstone; Prepare report to FCR; related financial analysis |
| David Jaffee | 5/3/2005 | 7.3 | Financial Analysis | Review monthly operating report and analyze vs. prior periods; assist in financial analysis and drafting of FCR report |
| Joseph Radecki | 5/4/2005 | 4.0 | Business Operations | Travel to meeting with FCR |
| Jonathan Brownstein | 5/4/2005 | 4.0 | Business Operations | Travel to meeting with FCR |
| Ritwik Chatterjee | 5/4/2005 | 4.0 | Business Operations | Travel to meeting with FCR |
| Joseph Radecki | 5/5/2005 | 7.0 | Business Operations | Detailed Review of Grace with FCR (incl. Return travel): Financial call with Company management & Blackstone |
| Jonathan Brownstein | 5/5/2005 | 7.0 | Business Operations | Detailed Review of Grace with FCR (including return travel time); Q1 Conference Call with Management |
| Ritwik Chatterjee | 5/5/2005 | 6.8 | Business Operations | Detailed Review of Grace with FCR (including travel Washington - NY); Q1 financial review call with Company |
| Jonathan Brownstein | 5/6/2005 | 3.3 | Business Operations | Review of pension motion and documents; internal discussions re: same |
| Ritwik Chatterjee | 5/6/2005 | 4.0 | Business Operations | Review and analysis of pension motion and documents; CIBC team meeting re: same matter |
| Ritwik Chatterjee | 5/9/2005 | 2.5 | Business Operations | Review and analysis of pension motion and documents |
| David Jaffee | 5/9/2005 | 4.0 | Business Operations | Financial analysis of industry; Analysis of pension issues |
| Joseph Radecki | 5/10/2005 | 2.0 | Business Operations | Review and analysis of pension motion and documents |
| Ritwik Chatterjee | 5/10/2005 | 3.8 | Business Operations | Review and analysis of pension motion and documents |
| David Jaffee | 5/10/2005 | 3.3 | Business Operations | Analysis of pension issues |
| Jonathan Brownstein | 5/11/2005 | 2.5 | Financial Review | Financial analysis: Review of industry/competitors |
| Joseph Radecki | 5/12/2005 | 4.3 | Financial Review | Internal discussions re industry/competitors; Review and analysis of pension motion and documents |
| Jonathan Brownstein | 5/12/2005 | 3.5 | Financial Review | Financial analysis; Review of industry/competitors |
| Ritwik Chatterjee | 5/12/2005 | 3.8 | Financial Review | Review of industry/competitors and comparable results |
| David Jaffee | 5/12/2005 | 5.0 | Financial Analysis | Financial analysis; Review of industry/competitors |
| Jonathan Brownstein | 5/13/2005 | 3.0 | Business Operations | Review and analysis of pension motion and documents |
| David Jaffee | 5/13/2005 | 6.3 | Financial Analysis | Financial analysis; Review of industry/competitors |
| Joseph Radecki | 5/16/2005 | 0.5 | Business Operations | Call with JB re: hearing update |
| Jonathan Brownstein | 5/16/2005 | 1.0 | Hearing Attendance | Hearing attendance via telephone; internal discussion with JR re: same |
| David Jaffee | 5/16/2005 | 4.8 | Financial Analysis | Financial analysis; Review of industry/competitors |
| David Jaffee | 5/17/2005 | 3.0 | Business Operations | Review of industry/competitors |
| Jonathan Brownstein | 5/18/2005 | 1.5 | Business operations | Review Siegel motion |
| David Jaffee | 5/18/2005 | 1.0 | Business Operations | Review Siegel motion |
| Joseph Radecki | 5/19/2005 | 1.0 | Business operations | Review motion on Siegel |
| Jonathan Brownstein | 5/19/2005 | 3.0 | Financial Analysis | Financial analysis; Review of competitors |
| Ritwik Chatterjee | 5/19/2005 | 2.0 | Business operations | Review Siegel motion |
| David Jaffee | 5/19/2005 | 5.0 | Financial Analysis | Financial analysis of competitors |
| Ritwik Chatterjee | 5/20/2005 | 3.0 | Financial Analysis | Various financial analysis |
| Ritwik Chatterjee | 5/23/2005 | 1.8 | Financial Analysis | Various financial analysis |
| Joseph Radecki | 5/24/2005 | 1.8 | Financial Analysis | Review financial analysis |
| Jonathan Brownstein | 5/24/2005 | 2.0 | Business Operations | Review Cytec motion; internal discussions re: same |
| David Jaffee | 5/24/2005 | 2.0 | Business Operations | Read motion regarding; internal discussions re: same |
| Joseph Radecki | 5/25/2005 | 1.0 | Business Operations | Review motion on Cytec; internal CIBC team meeting re: Cytec |
| Jonathan Brownstein | 5/25/2005 | 1.5 | Business Operations | Review Cytec motion |
| Ritwik Chatterjee | 5/25/2005 | 1.3 | Business Operations | Review Cytec motion, internal CIBC team meeting re: same matter |
| David Jaffee | 5/25/2005 | 1.0 | Business Operations | Review Cytec Industries' motion |
| Ritwik Chatterjee | 5/26/2005 | 2.5 | Financial Analysis | Various financial analysis |
| David Jaffee | 5/26/2005 | 4.0 | Financial Analysis | Various financial analysis |
| Joseph Radecki | 5/27/2005 | 2.0 | Financial Review | Review of industry competitors and related analysis |
| Jonathan Brownstein | 5/27/2005 | 2.3 | Financial Review | Financial analysis; Review of industry |

| Professional | Date | Hours | Category | Description |
|---|---|---|---|---|
| Riiwik Chatterjee | 5/27/2005 | 2.0 | Financial Review | Review of industry competitors and related analysis |
| David Jaffee | 5/27/2005 | 4.5 | Financial Analysis | Various financial analysis |
| Joseph Radecki | 5/30/2005 | 1.5 | Business Operations | Review of industry competitors and related analysis |
| Riiwik Chatterjee | 5/30/2005 | 0.8 | Business Operations | Review Grace docket |
| Joseph Radecki | 5/31/2005 | 0.8 | Business Operations | Internal meeting with JB re: multiple case issues |
| Jonathan Brownstein | 5/31/2005 | 1.8 | Business Operations | Review Grace docket; internal discussion with JR re: various case matters |
| Joseph Radecki | 6/1/2005 | 2.0 | Financial Analysis | Review Industry and competitor research and analysis |
| Riiwik Chatterjee | 6/1/2005 | 2.5 | Financial Analysis | Industry and competitor research and analysis |
| Joseph Radecki | 6/2/2005 | 1.0 | Financial Analysis | Review various financial analysis |
| Riiwik Chatterjee | 6/2/2005 | 1.3 | Financial Analysis | Various financial analysis |
| Maika Hemphill | 6/2/2005 | 3.5 | Business Operations | Research on chemical industry |
| Jonathan Brownstein | 6/3/2005 | 1.3 | Financial Analysis | Review various financial analysis |
| Maika Hemphill | 6/3/2005 | 1.0 | Financial Analysis | Financial analysis - various |
| Jonathan Brownstein | 6/6/2005 | 2.0 | Financial Analysis | Review various financial analysis |
| Maika Hemphill | 6/6/2005 | 3.0 | Financial Analysis | Financial analysis - various |
| Maika Hemphill | 6/7/2005 | 4.5 | Business Operations | Research on chemical industry / competitive landscape |
| Joseph Radecki | 6/8/2005 | 1.5 | Business Operations | Review LTIP motion |
| Riiwik Chatterjee | 6/8/2005 | 1.3 | Business Operations | Review LTIP motion |
| Maika Hemphill | 6/8/2005 | 1.3 | Business Operations | Read materials on LTIP motion |
| Joseph Radecki | 6/9/2005 | 3.0 | Business Operations | Review LTIP motion and new membrane expansion material |
| Jonathan Brownstein | 6/9/2005 | 1.0 | Business Operations | Review of LTIP motion |
| Riiwik Chatterjee | 6/9/2005 | 5.5 | Business Operations | Review LTIP motion; review membrane expansion slides; related financial analysis |
| Maika Hemphill | 6/9/2005 | 2.3 | Business Operations | Review slides regarding membrane expansion |
| Joseph Radecki | 6/10/2005 | 1.5 | Financial Analysis | Internal meetings regarding financial analysis |
| Riiwik Chatterjee | 6/10/2005 | 4.8 | Financial Analysis | Various financial analysis  internal meetings re: same |
| Maika Hemphill | 6/10/2005 | 3.0 | Financial Analysis | Financial analysis re membrane expansion; internal discussions re: same topic |
| Maika Hemphill | 6/13/2005 | 1.0 | Business Operations | Financial analysis re membrane expansion |
| Joseph Radecki | 6/14/2005 | 1.5 | Business Operations | Reading of LTIP materials |
| Jonathan Brownstein | 6/14/2005 | 1.0 | Business Operations | Further review of LTIP motion  including additional materials requested |
| Riiwik Chatterjee | 6/14/2005 | 1.5 | Business Operations | Review additional LTIP materials |
| Jonathan Brownstein | 6/15/2005 | 1.8 | Business Operations | Review various financial analysis |
| Riiwik Chatterjee | 6/15/2005 | 4.0 | Financial Analysis | Various financial analysis |
| Joseph Radecki | 6/16/2005 | 0.5 | Business Operations | Conference calls: LTIP motion and membrane expansion |
| Jonathan Brownstein | 6/16/2005 | 1.3 | Business Operations | Conference call with Grace management to review LTIP motion; call for membrane expansion |
| Riiwik Chatterjee | 6/16/2005 | 0.5 | Business Operations | Conference call with Grace management to review LTIP motion and membrane expansion |
| Maika Hemphill | 6/16/2005 | 0.5 | Business Operations | Call with Company re: LTIP motion and membrane expansion |
| Riiwik Chatterjee | 6/17/2005 | 4.3 | Business Operations | Review updated membrane expansion slides; related analysis |
| Maika Hemphill | 6/17/2005 | 4.3 | Financial Analysis | Financial analysis - various |
| Joseph Radecki | 6/20/2005 | 7.0 | Business Operations | Meeting with Committee counsel (includes travel time) |
| Jonathan Brownstein | 6/20/2005 | 1.0 | Business Operations | Call with Swidler regarding LTIP and membrane expansion investment motions |
| Riiwik Chatterjee | 6/20/2005 | 1.0 | Business Operations | Call with counsel re: LTIP and membrane expansion |
| Maika Hemphill | 6/20/2005 | 1.0 | Business Operations | Calls re: LTIP and membrane expansion |
| Joseph Radecki | 6/21/2005 | 1.3 | Business Operations | Internal CIBC discussions regarding various analysis |
| Jonathan Brownstein | 6/21/2005 | 2.3 | Business Operations | Research and analysis of Company comparables and competitors; CIBC team discussions re: same |
| Riiwik Chatterjee | 6/21/2005 | 3.5 | Business Operations | Industry and competitor research and analysis; internal meeting |
| Maika Hemphill | 6/21/2005 | 3.5 | Business Operations | Competitor research and analysis; internal discussions re: same topic |
| Maika Hemphill | 6/22/2005 | 3.0 | Financial Analysis | Financial analysis and industry research |
| Joseph Radecki | 6/23/2005 | 2.8 | Business Operations | Reading of membrane expansion related slides from Company/Company advisor |
| Jonathan Brownstein | 6/23/2005 | 0.5 | Business Operations | Review of additional information related to membrane expansion investment |
| Riiwik Chatterjee | 6/23/2005 | 2.8 | Business Operations | Review data slides from Blackstone: related financial analysis |
| Maika Hemphill | 6/23/2005 | 2.0 | Financial Analysis | Financial analysis - various |
| Jonathan Brownstein | 6/24/2005 | 2.0 | Financial Analysis | Review various financial analysis |
| Maika Hemphill | 6/24/2005 | 5.5 | Financial Analysis | Financial analysis and industry research; competitive landscape research |
| Joseph Radecki | 6/27/2005 | 9.3 | Hearing Attendance | Bankruptcy Court Hearing (includes travel time) |
| Jonathan Brownstein | 6/27/2005 | 2.3 | Hearing Attendance | Attendance of hearing via telephone |
| Joseph Radecki | 6/29/2005 | 8.0 | Business Operations | Meeting with Committee counsel (includes travel time) |
| Riiwik Chatterjee | 6/29/2005 | 1.0 | Business Operations | Review docket |
| Maika Hemphill | 6/29/2005 | 3.3 | Business Operations | Financial analysis and industry research |
| Joseph Radecki | 6/30/2005 | 2.0 | Business Operations | Review of information on potential acquisition - Single Site Catalysts / Conference call with Company regarding the acquisition |
| Jonathan Brownstein | 6/30/2005 | 1.3 | Business Operations | Review of information provided on potential acquisition (Single Site Catalysts LLC); Conference call with management regarding potential acquisition (Single Site Catalysts LLC) |
| Riiwik Chatterjee | 6/30/2005 | 4.0 | Business Operations | Review of docs and data on Single Site Catalysts acquisition; related financial analysis; conf call with Company re  same |
| Maika Hemphill | 6/30/2005 | 3.5 | Business Operations | Review materials re: catalysts acquisition; related financial analysis |

# EXHIBIT B

## W.R. Grace & Co.
### CIBC Expense Detail Report (April 1, 2005 – June 30, 2005)
### (with date expense was posted)

Meals

| | | | |
|---|---|---|---|
| Jon Brownstein/Rit Chatterjee | 04/14/05 | $100.00 | |
| Ritwik Chatterjee | 04/14/05 | 5.23 | |
| Ritwik Chatterjee | 05/25/05 | 16.18 | |
| Ritwik Chatterjee | 05/25/05 | 9.02 | |
| Joe Radecki (with others) | 05/30/05 | 200.00 | |
| Joe Radecki | 05/30/05 | 15.08 | |
| | Subtotal Meals: | | $ 345.51 |

Air fare

| | | | |
|---|---|---|---|
| Jon Brownstein | 04/14/05 | 614.10 | |
| Ritwik Chatterjee | 04/14/05 | 614.10 | |
| Jon Brownstein | 05/25/05 | 294.45 | |
| Ritwik Chatterjee | 05/25/05 | 294.45 | |
| Joe Radecki | 05/30/05 | 294.45 | |
| | Subtotal Air fare: | | $2,111.55 |

Hotel

| | | | |
|---|---|---|---|
| Jon Brownstein | 04/14/05 | 286.20 | |
| Ritwik Chatterjee | 04/14/05 | 286.20 | |
| Jon Brownstein | 05/25/05 | 176.90 | |
| Ritwik Chatterjee | 05/25/05 | 176.90 | |
| Joe Radecki | 05/30/05 | 176.90 | |
| | Subtotal Hotel: | | $1,103.10 |

Transportation

| | | | |
|---|---|---|---|
| Jon Brownstein (car rental) | 04/14/05 | 73.54 | |
| Ritwik Chatterjee (taxi) | 05/25/05 | 10.00 | |
| | Subtotal Transportation: | | $ 83.54 |

Telephone

| | | | |
|---|---|---|---|
| Joe Radecki | 04/06/05 | 95.26 | |
| Ritwik Chatterjee | 05/25/05 | 83.78 | |
| Ritwik Chatterjee | 06/09/05 | 49.34 | |
| | Subtotal Telephone: | | $ 228.38 |

Researc

| | | | |
|---|---|---|---|
| Courts Pacer Service Center | 05/06/05 | 80.16 | |
| Factiva  Research Service | 06/01/05 | 247.06 | |
| | Subtotal Research: | | $ 327.22 |

Desktop Publishing & Document Production
Ritwik Chatterjee                    04/01/05                    158.16
David Jaffee                         05/31/05                    1,098.72
Subtotal Desktop Publishing & Document Production:              $1,256.88

                    **TOTAL EXPENSES:**          **$ 5,456.18**

# EXHIBIT C

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) |
| | ) |
| W.R. GRACE & CO., et al. | ) Chapter 11 |
| | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |
| Debtors. | ) Ref. Docket Nos 5833, 5950, 5979, |
| | ) 5981 & 6208 |

9/27/04 agendas

### ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF CIBC WORLD MARKETS CORP. AS FINANCIAL ADVISOR TO DAVID T. AUSTERN, FUTURE CLAIMANTS' REPRESENTATIVE

Upon the application (the "Application") of David T. Austern, Future Claimants' Representative ("Future Claimants' Representative") in the above-captioned chapter 11 cases of W.R. Grace & Co. and its affiliates (collectively, the "Debtors"), seeking entry of an Order under section 1103(a) of the Bankruptcy Code authorizing the Future Claimants' Representative to employ and retain CIBC World Markets Corp. ("CIBC") as his financial advisor; and the Court having reviewed the Application and the accompanying Declaration of Joseph J. Radecki, Jr. (the "Radecki Declaration"), a Managing Director of CIBC; and the Court being satisfied from the Radecki Declaration that CIBC neither holds nor represents any interest adverse to the Future Claimants' Representative on the matters upon which CIBC is to be engaged; and it appearing that the relief requested is in the best interests of the Future Claimants' Representative and the Debtors' estates, their creditors and other parties-in-interest; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 158(a); and it appearing that notice of the Application was good and sufficient under the particular circumstances and that no other or further notice need be given and upon the record herein; and it further appearing that the terms and conditions of CIBC's employment as further described in the Application and the Radecki Declaration are reasonable and necessary; it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1.    The Application be, and it hereby is, approved;

2.    Pursuant to section 1103(a) of the Bankruptcy Code and the May 24, 2004 Order appointing David T Austern as the Future Claimants' Representative [Docket No. 5645], the Future Claimants' Representative be, and he hereby is, authorized to employ and retain CIBC as financial advisor effective as of June 4, 2004, upon the terms, and to perform the services, set forth in the Application and the Radecki Declaration, so long as David T. Austern serves as the legal representative for individuals who may assert asbestos-related claims and/or demands in the future against the Debtors;

3.    The indemnification provisions set forth in the engagement letter between the Future Claimants' Representative and CIBC, attached to the Radecki Declaration as Exhibit 1, including Annex A thereto (the "Engagement Agreement"), are incorporated by reference and are hereby approved;

4.    CIBC shall be compensated in accordance with the terms of the Engagement Agreement and section 328(a) of the Bankruptcy Code, subject to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and as may be fixed by order of this Court, including the Administrative Compensation Order(s) entered in these cases; and

5.    The fees and expenses of CIBC allowed by the Court shall be an administrative expenses of the Debtors' estates.

Dated: ___9/17___, 2004

The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

2

# EXHIBIT D

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) Case No. 01-1139 (JKF) |
| W.R. GRACE & CO., et al., | ) (Jointly Administered) |
|  | ) |
| Debtors. | ) RE 7613 |
|  | ) 2/28/05 Agenda Item 5 |

## ORDER AUTHORIZING DAVID T. AUSTERN, THE FUTURE CLAIMANTS' REPRESENTATIVE, TO EXTEND TERMS OF EMPLOYMENT OF CIBC WORLD MARKETS CORP. AS FINANCIAL ADVISOR

Upon the supplemental application (the "Supplemental Application") of David T. Austern, Future Claimants' Representative (the "Future Claimants' Representative") in the above-captioned chapter 11 cases of W.R. Grace and its affiliates (collectively, the "Debtors"), seeking entry of an Order under Section 1103(a) of the Bankruptcy Code authorizing the Future Claimants' Representative to extend the terms of employment of CIBC World Markets Corp ("CIBC") as his financial advisor; and the Court having reviewed the Supplemental Application; and the Court being satisfied that CIBC neither holds nor represents any interest adverse to the Future Claimants' Representative on the matters upon which CIBC is to be engaged; and it appearing that the relief requested is in the best interests of the Future Claimants' Representative and the Debtors' estates, their creditors and other parties-in-interest; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 158(a); and it appearing that notice of the Supplemental Application was good and sufficient under the particular circumstances and that no other or further notice need be given and upon the record herein; and it further appearing that the terms and conditions of CIBC's continued employment, as further described in the Supplemental Application, are reasonable and necessary; it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1.    The Supplemental Application be, and it hereby is, approved;

2.    Pursuant to Section 1103(a) of the Bankruptcy Code and the May 24, 2004 Order appointing David T Austern as the Future Claimants' Representative [Doc. No. 5645], the Future Claimants' Representative be, and he hereby is, authorized to extend the terms of employment of CIBC as his financial advisor effective as of December 1, 2004, upon the terms, and to perform the services, set forth in the Supplemental Application, so long as David T. Austern serves as the legal representative for individuals who may assert asbestos-related claims and/or demands in the future against the Debtors;

3.    CIBC shall be compensated in accordance with the terms of the engagement agreement between the Future Claimants' Representative and CIBC, attached to the Supplemental Application as Exhibit 1, and as modified by the supplemental engagement agreement between the Future Claimants' Representative and CIBC, attached to the Supplemental Application as Exhibit 2, and Section 328(a) of the Bankruptcy Code, subject to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and as may be fixed by order of this Court, including the Administrative Compensation Order(s) entered in these cases; and

4.    The fees and expenses of CIBC allowed by the Court shall be administrative expenses of the Debtors' estates.

Dated: __March 14____, 2005

*Judith K. Fitzgerald*
reb

The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

# EXHIBIT E

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) Case No. 01-1139 (JKF) |
| W.R. GRACE & CO., et al., | ) (Jointly Administered) |
|  | ) |
| Debtors. | ) RE DN 8481 |
|  | ) 6/27/05 Agenda Item 2 |

ORDER AUTHORIZING DAVID T. AUSTERN,
FUTURE CLAIMANTS' REPRESENTATIVE, TO
EXTEND TERMS OF EMPLOYMENT OF
CIBC WORLD MARKETS CORP. AS FINANCIAL ADVISOR

Upon the second supplemental application (the "Second Supplemental Application") of

David T. Austern, Future Claimants' Representative (the "Future Claimants' Representative") in

the above-captioned chapter 11 cases of W.R. Grace and its affiliates (collectively, the

"Debtors"), seeking entry of an Order under Section 1103(a) of the Bankruptcy Code authorizing

the Future Claimants' Representative to extend the terms relating to the fee arrangement of CIBC

World Markets Corp. ("CIBC") as his financial advisor effective as of June 1, 2005; and the

Court having reviewed the Second Supplemental Application; and the Court being satisfied that

CIBC neither holds nor represents any interest adverse to the Future Claimants' Representative

on the matters upon which CIBC is to be engaged; and it appearing that the relief requested is in

the best interests of the Future Claimants' Representative and the Debtors' estates, their creditors

and other parties-in-interest; and it appearing that this proceeding is a core proceeding pursuant

to 28 U.S.C. § 158(a); and it appearing that notice of the Second Supplemental Application was

good and sufficient under the particular circumstances and that no other or further notice need be

given and upon the record herein; and it further appearing that the terms relating to the fee

arrangement and conditions of CIBC's continued employment, as further described in the Second

Supplemental Application, are reasonable and necessary; it is hereby

    **ORDERED, ADJUDGED AND DECREED THAT:**

    1.    The Second Supplemental Application be, and it hereby is, approved in all

respects;

    2.    Pursuant to Section 1103(a) of the Bankruptcy Code and the May 24, 2004 Order

appointing David T. Austern as the Future Claimants' Representative [Doc. No. 5645], the

Future Claimants' Representative be, and he hereby is, authorized to extend the terms relating to

the fee arrangement with CIBC as his financial advisor effective as of June 1, 2005 for an

additional one (1) year period through and including June 1, 2006, for the purpose of providing

services as set forth in the Second Supplemental Application, so long as David T. Austern serves

as the legal representative for individuals who may assert asbestos-related claims and/or demands

in the future against the Debtors;

    3.    The terms of the Second Supplement Engagement Agreement be, and hereby are,

approved in all respects;

    4.    CIBC shall be compensated in accordance with the terms of the Engagement

Agreement, First Supplemental Engagement Agreement, and the Second Supplemental

Engagement Agreement between the Future Claimants' Representative and CIBC, and Section

328(a) of the Bankruptcy Code, subject to the procedures set forth in the Bankruptcy Code, the

Bankruptcy Rules, the Local Rules and as may be fixed by order of this Court, including the

Administrative Compensation Order entered in these cases;

2

5.    The Monthly Fees paid to CIBC pursuant to the terms of the Engagement Agreement, as modified by the First Supplemental Engagement Agreement, and as further modified by the Second Supplemental Engagement Agreement shall be subject to the standard review provided in Section 328(a) of the Bankruptcy Code, and are not subject to any other standard of review under Section 330 of the Bankruptcy Code or otherwise, provided, however, that the Future Claimants' Representative shall, on a monthly basis, review the time records of CIBC and confer with CIBC whether any adjustment shall be made in the Monthly Fees provided in the Second Supplemental Engagement Agreement based on CIBC's activity level for such month;

6.    The fees and expenses of CIBC allowed by the Court shall be administrative expenses of the Debtors' estates;

7.    Neither the Future Claimants' Representative nor any of his advisors or counsel shall be liable for the fees payable to CIBC under the Second Supplemental Engagement Agreement; and

8.    This Court shall retain exclusive jurisdiction to construe and enforce the terms of the Second Supplemental Engagement Agreement, and this Order.

9.    Nothing in this order authorizes, approves or affects liability for transfers that are or may be avoidable under 11 U.S.C. §§ 544-550 inclusive.

Dated: June 27   , 2005

*Judith K. Fitzgerald*
reb
The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

## THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

## AFFIDAVIT

STATE OF NEW YORK   )
                                        ) ss.:
COUNTY OF NEW YORK )

Joseph J. Radecki Jr. being duly sworn, deposes and says:

1.    I am a managing director of CIBC World Markets Corp. ("CIBC"), Financial Advisor to David T. Austern, the Future Claimants' Representative in the above captioned case.

2    No agreement or understanding in any form or guise exists between CIBC and any other person for a division of compensation for services rendered in or in connection with this proceeding, and that no such division of compensation prohibited by §504 of the Bankruptcy Code will be made by CIBC, except with employees of CIBC.

3    I hereby state, in accordance with §504 of the Bankruptcy Code, that CIBC has not entered into any agreement, express or implied, with any other party in interest, including the Debtors herein, any creditor or the representative of any of them, or with any attorney for such party in interest in the proceeding, for the purpose of fixing the amount of any of the fees or other compensation to be allowed out of or paid from the assets of the estate to any party in interest in the within proceeding for services rendered in connection herewith.

4.    I have reviewed the Fifth Quarterly Interim Application of CIBC World Markets Corp. for the time period April 1, 2005 through June 30, 2005 and state that the information set forth therein is true and correct to the best of my knowledge, information and belief.


_____
Joseph J. Radecki, Jr.


Sworn to and subscribed before me

this 11ᵗʰ day of August, 2005


My commission expires: IVELUSE LABOY BROOK
Notary Public, State of New York
No. 02-1613769
Qualified in Bronx County
Commission Expires Oct. 31, 20__

## THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **W.R. GRACE & CO., et al.,** | ) | **Case No. 01-01139 (JKF)** |
| | ) | |
| | ) | **(Jointly Administered)** |
| **Debtors.** | ) | Objection Date: December _, 2004 |
| | ) | Hearing Date: January __, 2004 at 12:00 p.m. |

## ORDER GRANTING FIFTH QUARTERLY INTERIM APPLICATION OF CIBC WORLD MARKETS CORP. FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR APRIL 1, 2005 THROUGH JUNE 30, 2005

CIBC World Markets Corp. ("CIBC"), as financial advisor to the captioned debtors and debtors-in-possession (the "Debtors"), filed its Fifth Quarterly Interim Application for allowance of compensation and reimbursement of expenses for April 1, 2005 through June 30, 2005 (the "Fifth Quarterly Application"). The Court has reviewed the Fifth Quarterly Application and finds that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 157 and 1334; and (b) notice of the Fifth Quarterly Application, and any hearing on the Fifth Quarterly Application, was adequate under the circumstances; and (c) all persons with standing have been afforded the opportunity to be heard on the Fifth Quarterly Application. Accordingly, it is hereby ORDERED that the Fifth Quarterly Application of CIBC is GRANTED on an interim basis. The Debtors shall pay to CIBC the sum of $300,000.00 as compensation and $5,456.18 as reimbursement for expenses for a total of $305,456.18 for services rendered and disbursements incurred by CIBC for the period April 1, 2005 through June 30, 2005, less any amounts which may have been previously paid in connection with the monthly fee applications.

Dated: _____

_____
United States Bankruptcy Judge

## CERTIFICATE OF SERVICE

I, CELESTE A. HARTMAN, Senior Paralegal, do hereby certify that I am over the age of 18, and that on August _16_, 2005, I caused the *Fifth Quarterly Interim Application of CIBC World Markets Corp. as Financial Advisor to David T. Austern, Future Claimants' Representative for Compensation and Reimbursement of Expenses for the Period of April 1, 2005 through June 30, 2005*, be served upon those persons as shown on the attached Service List in the manner set forth.

Under penalty of perjury, I certify the foregoing to be true and correct.

CELESTE A. HARTMAN

*Hand Delivery and E-mail: ljones@pszyj.com*
(Local Counsel to the Debtors)
Laura Davis Jones, Esquire
Pachulski, Stang, Ziehl, Young &Jones, P.C.
919 North Market Street, Suite 1600
Wilmington, DE 19801

*Via First Class U.S. Mail*
Vito I. DiMaio
Parcels, Inc.
P.O. Box 27
4 East 7th Street,
Wilmington, DE 19899

(Counsel to the U.S. Trustee)
Office of the U.S. Trustee
Frank J. Perch, Esquire
844 King Street, Suite 2313
Lockbox 35
Wilmington, DE 19801-3519
*Via Hand Delivery*

**E-mail: james _kapp@ chicago.kirkland.com**
(Counsel to the Debtors)
James Kapp, III, Esquire
Kirkland & Ellis, LLP

*Via Federal Express and E-mail: feeaudit@whsmithlaw.com*
(Fee Auditor)
Warren H. Smith, Warren H. smith and Associates
Republic Enter
325 North St. Paul, Suite 4080
Dallas, TX 75201

*Via Federal Express and E-mail: william.sparks@grace.com*
(Debtor)
David B. Siegel
W.R. Grace and Co.
7500 Grace Drive
Columbia, MD 21044

*E-mail: syoder@bayardfirm.com*
(local Counsel to DIP Lender)
Steven M. Yoder, Esquire
The Bayard Firm

*E-mail: meskin@del.camlev.com*
(Local Counsel to Asbestos Claimants)
Marla Eskin, Esquire,
Campbell & Levine, LLC

*E-mail: ttacconelli@ferryjoseph.com*
(Local Counsel to Property Damage Claimants)
Theodore Tacconelli, Esquire
Ferry & Joseph, P.A.

*E-mail: mlastowski@duanemorris.com*
(Local Counsel to Official Committee of Unsecured Creditors)
Michael R. Lastowski, Esquire
Duane Morris, LLP

*E-mail: currier@klettrooney.com*
(Local Counsel to Official Committee of Equity Holders)
Teresa K.D. Currier, Esquire
Klett, Rooney, Lieber & Schorling

*E-mail: pvnl@capdale.com*
(Counsel to Official Committee to Asbestos Personal Injury Claimants)
Elihu Inselbuch, Esquire
Caplin & Drysdale

*E-mail: rserrette@stroock.com*
(Counsel to Official Committee of Unsecured Creditors)
Lewis Kruger, Esquire
Strook & Strook & Lavan LLP

*E-mail: jsakalo@bilzin.com*
(Counsel to Official Committee of Asbestos Property Damage Claimants)
Scott L. Baena, Esquire
Blizin, Sumber, Dunn, Baena, Rocie & Axelrod

*E-mail: david.heller@lw.com* and *carol.hennessey@lw.com*
(Counsel to DIP Lender)
J. Douglas Bacon, Esquire
Latham & Watkins

*E-mail: pbentley@kramerlevin.com*
**(Counsel to Official Committee of Equity Holders)**
Phillip Bentley, Esquire
Kramer Levin Naftalis & Frankel, LLP