# Exhibit B

Redline of Debtors' Proposed
PD Estimation Order

(Shows PD Committee's
Requested Changes)

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## CASE MANAGEMENT ORDER FOR THE ESTIMATION
## OF ASBESTOS PROPERTY DAMAGE LIABILITIES

WHEREAS, by an order dated April 25, 2002, the Court set March 31, 2003 as the last date (the "PD Bar Date") for filing proofs of claim for all prepetition claims relating to traditional asbestos property damage (the "Asbestos PD Claims"); and

WHEREAS, approximately 4,200 Asbestos PD Claims were filed by the PD Bar Date; and

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

WHEREAS, on November 13, 2004, the Debtors filed their Motion for Entry of an Order Seeking the Estimation of Asbestos Claims and Certain Related Relief (the "Estimation Motion"); and

WHEREAS, a hearing on the Estimation Motion (the "Estimation Motion Hearing") was held on January 21, 2005;

WHEREAS, at the Estimation Motion Hearing, the Court ordered the Official Committee of Asbestos Property Damage Claimants (the "PD Committee") and the Debtors to negotiate a case management order to govern the estimation of Asbestos PD Claims (the "PD Estimation"); and

**WHEREAS, the PD Estimation shall consist of Phase I, during which the Court shall determine whether and to what extent the Phase I Issues (as defined in paragraph 8 below) are to be addressed as part of the PD Estimation, and Phase II, during which the Court will estimate the amount of the Asbestos PD Claims for purposes of the feasibility of any plan of reorganization (the "Phase II Issue"); and**

WHEREAS, the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and

WHEREAS, this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and

WHEREAS, venue of this proceeding is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

IT IS HEREBY ORDERED:

1. Debtors' counsel, Kirkland & Ellis LLP, is designated to act as liaison counsel on behalf of all Plan proponents ("Plan Proponent Liaison Counsel") for all discovery matters with respect to the PD Estimation, and Bilzin Sumberg Baena Price & Axelrod LLP is designated to

act as liaison counsel on behalf of the PD Committee and all Asbestos PD Claimants who elect to participate in the PD Estimation ("Asbestos PD Liaison Counsel") (Asbestos PD Liaison Counsel together with Plan Proponent Liaison Counsel, the "Liaison Counsel"), solely in respect of discovery matters with respect to the PD Estimation.

2. Any party who filed a PD Claim ("PD Claimant") may elect to participate in the PD Estimation. Regardless, the Court's ~~PD Estimation rulings~~**ultimate resolution of the Phase II Issue** shall be binding ~~on all PD Claimants~~**in respect of any plan of reorganization**.

3. All parties participating in the PD Estimation (the "PD Estimation Participants") who fail to comply with the terms of this Order or any discovery orders issued in connection with the PD Estimation may be subject to sanctions requested by any party in accordance with the Federal Rules of Civil Procedure and the Bankruptcy Rules.

**Preliminary Disclosure of Witnesses**

4. On October 3, 2005, all PD Estimation Participants shall disclose to one another the name, including contact address and telephone number, if known, of each fact witness they anticipate, in good faith, they will call to testify live or by deposition with respect to **The** Phase II ~~Issues (as defined below)~~**Issue**. The disclosure shall also identify the subject(s) on which the fact witness is expected to testify.

5. On October 3, 2005, all PD Estimation Participants shall disclose to one another (i) the name of each expert who may be used at trial to provide testimony, or (ii) if an individual has not yet been retained, the type of each expert which such party intends to engage for purposes of providing such testimony, with respect to **the** Phase II ~~Issues (as defined below)~~**Issue** (the "Expert Disclosures"). Each of the Expert Disclosures shall specify the

~~3~~
**3**

subject(s) on which the experts or specified types of experts shall opine and the nature of the expertise of the experts.

6. On October 24, 2005, any PD Estimation Participant may supplement its Expert Disclosure based on the information it obtained from the Expert Disclosures of the other PD Estimation Participants.

**Estimation Phase I**

7. All written fact discovery relating to Phase I Issues may commence at any time but must be completed by February 15, 2006.

8. On October 17, 2005, the Debtors shall designate experts and submit expert reports addressing two issues: (i) that certain methodologies for determining exposure to asbestos must comply with Rule 702 of the Federal Rules of Evidence (specifically, the use of dust versus air sampling (the "Methodology Issue")), and (ii) that all claims asserted on or after a certain date are subject to a statute of limitations defense to the extent triggered by constructive notice (the "Constructive Notice Issue") Collectively, the Methodology Issue and the Constructive Notice Issue are known as the "Phase I Issues." On October 17, 2005, the Debtors shall also identify any fact witnesses they intend to call to testify as to Phase I issues, and the general subject matter of each fact witness' testimony.

9. No later than October 17, 2005, the Debtors shall submit a brief to address whether the Constructive Notice Issue should be addressed by this Court via summary judgment motion, Rule 502(c) Estimation, or in some other procedural context (the "Constructive Notice Brief").

10. No later than October 17, 2005, the PD Committee shall submit a brief to address whether the Methodology Issue should be heard by this Court as part of Phase I, Phase II, or not at all (the "Methodology Brief").

11. No later than October 31, 2005, any PD Estimation Participant may file responses, if any, to the Constructive Notice Brief and/or the Methodology Brief. There shall be no reply briefs filed or allowed.

12. The Constructive Notice Brief and the Methodology Brief shall be argued on the merits at the November 14, 2005 omnibus hearing. At the November 14, 2005 hearing, after this oral argument, the Court will provide either a ruling, or preliminary ruling, as to the scope of the Phase I trial, so that by December 8, 2005, PD Estimation Participants (other than the Debtors) can comply with paragraph 13 of this Order.

13. On December 8, 2005, PD Estimation Participants (other than the Debtors) shall (i) designate experts and submit responsive expert reports on the Phase I Issues and (ii) identify any fact witnesses they intend to call to testify as to Phase I issues, and the general subject matter of fact witness' testimony. The scope of these reports will be guided by the Court's ruling on November 14, 2005, as to the scope of the Phase I trial.

14. On December 22, 2005, the Debtors will (i) submit rebuttal expert reports, if any, on the Phase I Issues, and (ii) identify (a) rebuttal fact witnesses, if any, they intend to call to testify to address Phase I Issues and (b) the general subject matter of any rebuttal fact witness' testimony.

15. Deposition of experts and non-experts relating to Phase I Issues may commence on December 22, 2005, and all such depositions must be concluded by February 15, 2006.

16. Pursuant to Rules 26(a)(3)(A) and 26(a)(3)(B) of the Federal Rules of Civil Procedure, on or before February 20, 2006, any PD Estimation Participant shall file and serve on each of the other PD Estimation Participants a final fact witness/expert list in respect of the Phase I hearing.

17. Any pre-trial motions, including *motions in limine, Daubert,* and summary judgment motions related to the Phase I Issues, shall be filed not later than February 22, 2006. Responses to such motions shall be filed not later than March 8, 2006. Replies shall be filed not later than March 13, 2006. A hearing on such motions, if any, will be held at the Court's direction in March 2006.

18. A preliminary pre-trial conference on Phase I Issues shall be held at the January 2006 omnibus hearing, at which time the Court may set a March, 2006 trial date (the "Phase I Hearing") for the Phase I Issues and a date for the final pre-trial conference on Phase I Issues.

19. Any trial briefs and trial exhibits on Phase I Issues shall be filed on or before 14 calendar days prior to the Phase I Hearing and no responses thereto shall be allowed.

**Estimation Phase II**

20. All written fact discovery relating to ~~any PD Estimation issues other than Estimation Phase I Issues (the "~~the Phase II ~~Issues")~~Issue may commence at any time but must be completed by August 7, 2006.

21. On May 1, 2006, the Debtors shall designate experts and submit expert reports addressing the the Phase II ~~Issues~~. On May 1, 2006, the Debtors shall also identify any fact witnesses they intend to call as to the Phase II iIssues and the general subject matter of fact witness' testimony.

22. On May 29, 2006, PD Estimation Participants (other than the Debtors) shall (i) designate experts and submit responsive expert reports on the Phase II Issues and (ii) identify any fact witnesses they intend to call to testify as to the Phase II Issues, and the general subject matter of each fact witness' testimony.

23. On June 19, 2006, the Debtors will (i) submit rebuttal expert reports, if any, on the Phase II Issues and (ii) identify rebuttal fact witnesses, if any, they intend to call to testify to address the Phase II Issues and the general subject matter of each rebuttal fact witness' testimony.

24. Depositions of experts and non-experts relating to the Phase II Issues may commence on June 19, 2006, and all such depositions must be concluded by August 7, 2006.

25. Pursuant to Rules 26(a)(3)(A) and 26(a)(3)(B) of the Federal Rules of Civil Procedure, on or before August 14, 2006, PD Estimation Participants shall file a final fact witness/expert list in respect of the Phase II Estimation Hearing (as defined below).

26. A preliminary pre-trial conference on the PD Estimation shall be held at the omnibus hearing for the month of June, 2006, at which time the Court may set a final pre-trial conference date and a September, 2006 trial date for the PD Estimation (the "Phase II Estimation Hearing").

27. Any pre-trial motions, including *motions in limine*, *Daubert*, and summary judgment motions, shall be filed not later than August 18, 2006. Responses to such motions shall be filed not later than September 9, 2006. Replies shall be filed not later than September 13, 2006. A hearing on such motions, if any, will be at the Court's direction in September 2006.

28.  Any trial briefs and trial exhibits in respect of the Phase II Estimation Hearing shall be filed on or before 14 calendar days prior to the Phase II Estimation Hearing and no responses thereto shall be allowed.

**Notice of This Order**

29.  Within 10 days of entry of this Order, the Debtors shall serve a copy of this Order on counsel for each and every claimant who has filed an Asbestos PD Claim, or if the claimant is not represented by counsel on the claimant, at the address listed for counsel or the claimant, as applicable, on the claimant's Asbestos PD Claim proof of claim.

Dated: August ___, 2005.

Honorable Judith K. Fitzgerald<br>
United States Bankruptcy Judge

K&E 10681859.5 10687665.1

Document comparison done by DeltaView on Friday, August 19, 2005 11:52:06 AM

| Input: | |
|---|---|
| Document 1 | iManageDeskSite://KEDMS/LEGAL/10681859/5 |
| Document 2 | iManageDeskSite://KEDMS/LEGAL/10687665/1 |
| Rendering set | Basic K&E |

| Legend: | |
|---|---|
| Insertion | |
| ~~Deletion~~ | |
| *~~Moved from~~* | |
| *Moved to* | |
| Style change | |
| Format change | |
| ~~Moved deletion~~ | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Redline Summary: | | |
|---|---|---|
| No. | Change | Text |
| 1 | Deletion | 7 |
| 2 | Insertion | 2 |
| 3-4 | Change | "K&E 10681859.5" changed to "K&E 10687665.1" |
| 5-6 | Change | "K&E 10681859.5" changed to "K&E 10687665.1" |
| 7 | Insertion | WHEREAS, the PD..."Phase II Issue"); and |
| 8-9 | Change | "s PD Estimation rulings shall be binding" changed to "s ultimate resolution of...Issue shall be binding" |
| 10-11 | Change | "be binding on all PD Claimants." changed to "be binding in respect of...plan of reorganization." |
| 12 | Change | "respect to Phase II" changed to "respect to The Phase II" |
| 13-14 | Change | "Phase II Issues (as...below). The disclosure" changed to "Phase II Issue. The disclosure" |
| 15 | Change | "respect to Phase II" changed to "respect to the |

```
```

|  |  | Phase II" |
|---|---|---|
| 16-17 | Change | "Phase II Issues (as defined below) (the "Expert" changed to "Phase II Issue (the "Expert" |
| 18-19 | Change | "relating to any PD...I Issues (the "Phase II" changed to "relating to the Phase II" |
| 20-21 | Change | "Phase II Issues") may commence" changed to "Phase II Issue may commence" |
| 22 | Change | "addressing the Phase II" changed to "addressing the the Phase II" |
| 23 | Deletion | Phase II Issues |
| 24 | Change | "call as to Phase II" changed to "call as to the Phase II" |
| 25-26 | Change | "Phase II issue" changed to "Phase II Issue" |
| 27 | Deletion | ssues |
| 28 | Change | "reports on the Phase II" changed to "reports on the the Phase II" |
| 29 | Deletion | Phase II Issues |
| 30 | Change | "testify as to Phase II" changed to "testify as to the Phase II" |
| 31-32 | Change | "Phase II issue" changed to "Phase II Issue" |
| 33 | Deletion | ssues |
| 34 | Deletion | Phase II Issues |
| 35 | Change | "to address Phase II" changed to "to address the Phase II" |
| 36 | Deletion | Phase II Issues |
| 37 | Change | "relating to Phase II" changed to "relating to the Phase II" |
| 38-39 | Change | "Phase II issue" changed to "Phase II Issue" |
| 40 | Deletion | ssues |

**Statistics:**

|  | Count |
|---|---|
| Insertions | 21 |
| Deletions | 19 |
| Moved from | 0 |
| Moved to | 0 |

| | |
|---|---:|
| Style change | 0 |
| Format changed | 0 |
| Total changes | 40 |