# Exhibit C

## Debtors' Proposed PD Objection CMO

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## CASE MANAGEMENT ORDER FOR THE ADJUDICATION OF OF ASBESTOS PROPERTY DAMAGE CLAIMS OBJECTIONS

WHEREAS, by an order dated April 25, 2002, the Court set March 31, 2003 as the last date (the "PD Bar Date") for filing proofs of claim for all prepetition claims relating to traditional asbestos property damage (the "Asbestos PD Claims"); and

WHEREAS, approximately 4,200 Asbestos PD Claims were filed by the PD Bar Date; and

WHEREAS, as of June 30, 2005, there were 4,003 pending Asbestos PD Claims, 2,938 of which were filed by the law firm of Speights & Runyan ("Speights");

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

WHEREAS, on July 19, 2004 the Court entered an Order Granting Limited Waiver of Del. L.R. 3007-1 For the Purpose of Streamlining Objections to Certain Claims Filed Pursuant to the Bar Date Order (the "Gateway Objection Order"). Pursuant to the Gateway Objection Order, the following objections were defined as Gateway Objections: (i) claims with substantially incomplete Proof of Claim Forms; (ii) claims that contain materially insufficient supporting information; (iii) claims that fail to include any product identification information; (iv) claims that are barred by applicable statutes of limitations or repose; (e) claims that are barred by laches; and (v) claims that are barred by prior settlements. The Gateway Objection Order permits the Debtors to file Omnibus Claims Objections asserting all Gateway Objections to a particular claim without asserting or waiving any other substantive objections that are not Gateway Objections to such claim and to file one subsequent substantive objection to each of the Claims for which a Gateway Omnibus Objection was filed; and

WHEREAS, on November 13, 2004, the Debtors filed their Motion for Entry of an Order Seeking the Estimation of Asbestos Claims and Certain Related Relief (the "Estimation Motion"); and

WHEREAS, a hearing on the Estimation Motion (the "Estimation Motion Hearing") was held on January 21, 2005; and

WHEREAS, at the Estimation Motion Hearing, the Court ordered the Official Committee of Asbestos Property Damage Claimants (the "PD Committee") and the Debtors to negotiate a case management order to govern the estimation of Asbestos PD Claims (the "PD Estimation"); and

WHEREAS, the Debtors and the PD Committee have had extensive negotiations over the form and content of the appropriate case management order to govern the estimation of Asbestos

K&E 10683755.1

PD Claims. As a result of those negotiations and because of concerns that the PD Committee does not represent any individual holder of an Asbestos PD Claim, the PD Committee has encouraged the Debtors to file a separate case management order to govern the objection process with respect to the Debtors' objections to Asbestos PD Claims; and

WHEREAS, on July 18, 2005, the Debtors sought permission from this Court to file a single Omnibus Objection to all 2,938 Asbestos PD Claims filed by Speights on the grounds that Speights had no authorization to file any or all of the proofs of claim it filed in these Chapter 11 cases (the "Speights Authority Objections"), by filing a Motion for Limited Waiver of Del. Bankr. L.R. 3007-1 requesting the Court waive: (i) the limitations concerning the number of claims that may be subject to a substantive omnibus objection and (ii) the requirement that the Debtors file all substantive objections to a particular Claim in a single objection, so that the Speights Authority Objections may be filed and adjudicated promptly, and attaching as Exhibit 1 to that Motion a copy of the Debtors' Speights Authority Objections; and

WHEREAS, the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and

WHEREAS, this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and

WHEREAS, venue of this proceeding is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

IT IS HEREBY ORDERED:

1. The Debtors' July 18, 2005 Motion for Limited Waiver of Del. Bankr. L.R. 3007-1 in order that the Debtors may file a single Omnibus Objection to all 2,938 Speights claims on the grounds that Speights had no authorization to bring those claims is GRANTED.

2.      No later than September 1, 2005, the Debtors shall make a good faith effort to have on file all of their other objections to Asbestos PD Claims (the "PD Objections"). These PD Objections shall include, but not be limited to, the Gateway Objections, as provided for in the Gateway Objection Order. These PD Objections shall also include any remaining objections to the 2,938 Speights PD claims, other than the lack of authority.

3.      The Debtors will set the Speights Authority Objections and Gateway Objections, other than constructive notice of the statute of limitation, for hearings in batches pursuant to the Court's scheduling order at the appropriate Omnibus Hearings with the goal of disposing of these Objections as soon as possible. This order shall be without prejudice to the Debtors' rights to file additional PD Objections subsequent to the dates outlined herein based upon new information.

4.      Within 10 days of entry of this Order, the Debtors shall serve a copy of this Order on counsel for each and every claimant who has filed an Asbestos PD Claim, or if the claimant is not represented by counsel, on the claimant, at the address listed for counsel or the claimant, as applicable, on the claimant's Asbestos PD Claim.

Dated: August ___, 2005

                                                    _____
                                                    Honorable Judith K. Fitzgerald
                                                    United States Bankruptcy Judge

K&E 10683755.1