IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139(JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |
| | ) | **Objections deadline: September 9, 2005 at 4:00pm** |
| | ) | **Hearing date: September 26, 2005 at 12:00pm** |

## SECOND AMENDED APPLICATION OF THE DEBTORS FOR THE ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. § 327(E) AUTHORIZING EMPLOYMENT OF NELSON MULLINS RILEY & SCARBOROUGH, L.L.P. AS SPECIAL COUNSEL TO THE DEBTORS

The Debtors hereby submit this second amended application (the "Second Amended Application") for the entry of an order, pursuant to section 327(e) of title 11 of the United States Code (as amended, the "Bankruptcy Code"), authorizing the employment of Nelson Mullins Riley & Scarborough, L.L.P. ("Nelson Mullins" or the "Firm") as special counsel to the Debtors for certain additional services. In support of this Second Amended Application, the Debtors rely on the updated Affidavit of George B. Cauthen (the "Affidavit"), a member of Nelson Mullins, a

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

copy of which is attached hereto. In further support of this Second Amended Application, the Debtors respectfully represent as follows:

## Jurisdiction

1. The Court has jurisdiction over this Second Amended Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and the Amended Application in this District is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 327(e) and 329 of the Bankruptcy Code.

## Background

2. On April 2, 2001 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). Thereafter, the Debtors filed a motion to consolidate, for administrative purposes only, the Chapter 11 Cases. Pursuant to 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

3. On June 8, 2001, the Debtors filed an Application of the Debtors for Entry of an Order Pursuant to 11 U.S.C. § 327(e) Authorizing Employment of Nelson Mullins Riley & Scarborough, L.L.P. as Special Counsel to the Debtors (the "Application") [Docket Number 500]. Attached to the Application was the affidavit of George B. Cauthen, a member of Nelson Mullins.

4. On July 18, 2001 the Court entered an Order Pursuant to 11 U.S.C. § 327(e) Authorizing Debtors to Employ Nelson Mullins Riley & Scarborough, L.L.P. as Special Counsel to the Debtors (the "Order") [Docket Number 695].

5. The Order authorized the employment of the Firm for the purpose of continuing the Firm's engagement by the Debtors to represent, defend, and advise them as to certain environmental litigation-related issues. Nelson Mullins has represented the Debtors in this capacity throughout the Chapter 11 Cases.

6. On or about July 13, 2004 the Debtors filed an Amended Application of the Debtors for Entry of an Order Pursuant to 11 U.S.C. § 327(e) Authorizing Employment of Nelson Mullins Riley & Scarborough, L.L.P. as Special Counsel to the Debtors (the "Application") [Docket Number 5970]. Attached to the Amended Application was the updated affidavit of George B. Cauthen, a member of Nelson Mullins.

7. On August 19, 2004 the Court entered an Order Pursuant to 11 U.S.C. § 327(e) Authorizing Debtors to Expand Scope of Employment of Nelson Mullins Riley & Scarborough, L.L.P. as Special Counsel to the Debtors [Docket Number 6231]. The August 2004 Order also authorized the Debtors to retain Nelson Mullins as special counsel to the Debtors in certain real estate transactions.

### Relief Requested

8. By this Second Amended Application, the Debtors respectfully request that the Court enter an order under section 327(e) of the Bankruptcy Code authorizing Debtors to also employ Nelson Mullins, as special counsel in a newly commenced environmental matter

### Basis for Relief

9. This Second Amended Application seeks to broaden Nelson Mullins' employment to include the representation of the Debtors in connection with a suit filed against the Debtors in the Court of Common Pleas, Aiken County, South Carolina, Case No. 2005-CP-02-879, filed on or about July 1, 2005 and served upon the Debtors on July 28, 2005 (the "New

Litigation Matter"). Due to the necessity of filing an Answer to the Complaint by August 27, 2005, the Debtors hereby seek authority to employ Nelson Mullins *nunc pro tunc* to July 28, 2005 on the Litigation Matter.

10. The Debtors first employed Nelson Mullins in 1990 to provide legal services in connection with the Debtors' ongoing business and legal operations. During this time, Nelson Mullins provided general consulting, litigation, and administrative support regarding the Debtors' environmental matters, and upon approval of the Application, Nelson Mullins has continued to provide such support.

11. Nelson Mullins is a regional Southeast firm, with offices located in Atlanta, Georgia; Columbia, Greenville, Charleston, and Myrtle Beach, South Carolina; Charlotte, Raleigh, and Winston-Salem, North Carolina, and Washington, D.C. In addition to its expertise in environmental issues, the Firm has expertise in a variety of other areas, including real estate, corporate work, complex litigation, and health care.

12. Due to the Firm's long standing relationship with the Debtors, and the Debtors need for regional assistance outside of environmental-litigation and real estate issues, the Debtors wish to expand the Firm's representation of the Debtors so that the Firm may represent the Debtors in the New Litigation Matter.

13. Due to the Firm's long standing relationship with the Debtors, its prior employment during these Chapter 11 Cases, and the Firm's expertise in a variety of areas, Nelson Mullins' expanded employment to include the New Litigation Matter is in the best interest of the estate.

14. Section 327(e) of the Bankruptcy Code authorizes a debtor, with the court's approval, to employ "for a specified special purpose, other than to represent the [debtor] in

4

conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed." 11 U.S.C. § 327(e).

15. Nelson Mullins' will not be rendering services typically performed by a debtor's general bankruptcy counsel retained in the Chapter 11 Cases. Nelson Mullins' expanded services will be limited to representation of the Debtors in the New Litigation Matter for which it is uniquely qualified due to the Firm's prior experience in working with the Debtors, the Firm's expertise in this area, and the Debtors need to seek outside regional legal assistance.

16. Except as described herein, in the Amended Application, the Application, and the updated Affidavit, to the best of the Debtors' knowledge, the members and associates of Nelson Mullins (i) do not have any connection with the Debtors, their creditors, or any other party in interest, or their respective attorneys and accountants, and (ii) do not hold or represent an interest adverse to the estates in the matters with respect to which Nelson Mullins is to be employed by the Debtors, other than as set forth in the Affidavit.

### Professional Compensation

17. The Debtors understand that Nelson Mullins has in the past, pursuant to the Amended Application and Order, and will continue to in the future, apply to the Court for allowance of compensation for professional services rendered and reimbursement of expenses incurred in connection with its engagement in accordance with the applicable provisions of the Bankruptcy Code, the Federal Bankruptcy Rules, the Local Bankruptcy Rules, and orders of this Court. Nelson Mullins will seek compensation for the services of each attorney and paralegal acting on behalf of the Debtors in the Chapter 11 Cases at the then current rate charged for such person's services other than in a case under chapter 11.

91100-001\DOCS_DE:111053.1

18.     The members and counsel presently primarily expected to work on these matters, and their hourly rates, are as follows:

| | |
|---|---|
| Bernard F. Hawkins, Jr. - | $290.00 |
| Newman Jackson Smith - | $290.00 |
| Rose-Marie T. Carlisle - | $260.00 |
| James Holmes, Jr. - | $260.00 |
| George B. Cauthen - | $320.00 |
| Betsy Johnson Burn - | $220.00 |
| Linda Barr - | $240.00 |
| Cory Manning - | $250.00 |
| Jim Lehman - | $380.00 |
| Anne Price (paralegal) | $105.00 |
| Laurie Jennings (paralegal) | $125.00 |
| Victoria Blackiston (paralegal) | $135.00 |
| Karla Lucas (Project Assistant) | $75.00 |

The hourly rates set forth above are subject to periodic adjustment to reflect economic and other conditions. Other attorneys and paralegals form Nelson Mullins may from time to time also serve the Debtors in connection with the Firm's employment.

19.     As noted above, the Debtors understand that Nelson Mullins intends to apply to the Court for allowance of compensation for professional services rendered and reimbursement of expenses incurred in the Chapter 11 Cases. The Debtors, subject to the Court's approval, propose to pay Nelson Mullins its customary hourly rates in effect from time to

6

time, and to reimburse Nelson Mullins for expenses incurred accordance with Nelson Mullins' customary reimbursement policies.

20.　Other than as set forth above and in the Affidavit, there are no proposed arrangements between the Debtors and Nelson Mullins for compensation.

21.　As noted above, the Debtors filed a previous Application related to Nelson Mullins, which was approved by the Court by Order dated July 18, 2001, and an Amended Application, which was approved by the Court by Order dated August 19, 2004.

### Notice

22.　Notice of this Second Amended Application has been given to: (i) the United States Trustee; (ii) counsel to the DIP Lender; (iii) counsel to The Chase Manhattan Bank as agent for the Debtors' prepetition lenders; (iv) counsel to all official committees appointed by the United States Trustee and (v) all those parties that requested service and notice of papers in accordance with Fed. R. Bankr. P. 2002. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

WHEREFORE, the Debtors request that the Court enter an order (i) authorizing the Debtors to employ Nelson Mullins to represent the Debtors as special counsel to perform the services described herein, and (ii) granting the Debtors such other and further relief as is just and proper.

Dated: August 22, 2005

Respectfully submitted,

KIRKLAND & ELLIS LLP
James H.M. Sprayregen
Janet S. Baer
Lori Sinanyan
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

and

PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.

_____
Laura Davis Jones (Bar No. 2436)
David W. Carickhoff, Jr. (Bar No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
(302) 652-4100

Co-Counsel for the Debtors and Debtors in Possession