IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

Objection Deadline: September 9, 2005 at 4:00 p.m.
Hearing Date: September 26, 2005 at 12:00 p.m.

## APPLICATION OF THE DEBTORS FOR THE ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF FOLEY HOAG LLP AS SPECIAL ENVIRONMENTAL COUNSEL FOR THE DEBTORS

The Debtors hereby submit this application (the "Application") for the entry of an order pursuant to sections 327(e) and 330 of title 11 of the United States Code (as amended, the "Bankruptcy Code") and Federal Rules of Bankruptcy Procedure 2014 and 2016, authorizing and approving the retention of Foley Hoag LLP ("Foley Hoag") as special environmental counsel for the Debtors and, in support thereof, the Debtors respectfully represent as follows:

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

## Jurisdiction

1. This Court has jurisdiction to entertain this application pursuant to 28 U.S.C. §§ 157 and 1334.

2. The statutory bases for the relief requested herein are sections 327(e) and 330 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2014 and 2016.

## Background

3. On April 2, 2001, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for administrative purposes only and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession.

4. Pursuant to the Order Authorizing the Debtors' to Employ and Compensate Certain Professionals Utilized in the Ordinary Course of the Debtors' Business [Docket No. 195] and the Amended Order Authorizing Certain Professionals [Docket No. 3126] (collectively, the "OCP Orders"), Foley Hoag has represented the Debtors in the capacity of an Ordinary Course Professional ("OCP") since the filing of the Debtors' bankruptcy cases and, as of August 15, 2005, has been paid $471,279.08 for work and services performed.

## Relief Requested

5. The Debtors respectfully request the entry of an order pursuant to sections 327(e) and 330 of the Bankruptcy Code authorizing the Debtors to now employ and retain Foley Hoag as special environmental counsel to continue to perform certain environmental services related to litigation, compliance counseling, and brownfields redevelopment that the Debtors continue to require during the course of these Chapter 11 Cases. Specifically, and as more

particularly described below, the Debtors seek authorization for Foley Hoag, their longtime legal advisors with respect to matters of environmental law and environmental litigation and a current OCP, to now become special counsel under section 327(e) of the Bankruptcy Code to advise the Debtors' senior management, corporate counsel, and the Debtors' Board of Directors with respect to the environmental matters pertaining to facilities either currently or formerly operated by the Debtors. Such advice will include strategies related to the cleanup or potential cleanup under federal, state, and/or local environmental law of Debtor's facilities or former facilities in New England, including without limitation facilities located in Acton, Massachusetts, and Woburn, Massachusetts; facilitation of the sale, lease and/or other redevelopment of such facilities; responding to federal, state, or local claims involving the ultimate disposal of wastes generated at such facilities; and representation of Debtors in litigation arising out of or related to any of the above issues. Foley Hoag's representations will also include such of the foregoing matters as may arise in the formulation of a plan of reorganization for the Debtors.

## Basis For Relief Requested

6. Because of Foley Hoag's longstanding representation of the Debtors in such matters, including acting as an OCP for four (4) years, the Debtors have selected Foley Hoag as special environmental counsel to advise them in connection with matters relating to the Debtors' facilities. As a result of its longstanding representation, Foley Hoag has intimate knowledge of the historical operations of such facilities, and potential claims and defenses associated with such facilities.

7. Since 1980, Foley Hoag and certain of its partners and associates have rendered legal services to the Debtors in connection with various environmental law matters. In

particular, Foley Hoag's representation of the Debtors with respect to both the Acton and Woburn facilities originated more than 20 years ago.

8. As a consequence, Foley Hoag is intimately familiar with the complex legal issues that have arisen and are likely to arise in connection with the cleanup -- and potential lease, sale and/or redevelopment -- of both the Acton and Woburn facilities. In addition, in the course of responding to requests for information by the United States Environmental Protection Agency environmental litigation related to the Debtors' facilities throughout Massachusetts, New Hampshire, Maine, and Rhode Island, Foley Hoag as acquired an unparalleled understanding of Debtors' historical operations in these four states. Foley Hoag also has reviewed and is currently in possession of extensive historical documentation concerning such facilities. The Debtors anticipate that the amounts at issue with respect to the matters described in this Application will exceed $10 million. The Debtors believe that both the business interruption and the duplicative costs associated with obtaining substitute counsel to replace Foley Hoag's unique role at this juncture would be extremely harmful to the Debtors and their estates. Were the Debtors required to retain counsel other than Foley Hoag in connection with the specific and limited matters upon which the firm's advice is sought, the Debtors, their estates and all parties-in-interest would be unduly prejudiced by the time and expense necessary to replicate Foley Hoag's ready familiarity with the intricacies of the Debtors' business operations, use of corporate life insurance and audit strategies.

9. Further, Foley Hoag has a national reputation and extensive experience and expertise in environmental law, and the other related areas of practice as to which Foley Hoag's continued representation is sought. As such, the Debtors submit that Foley Hoag is well qualified and uniquely able to provide the specialized legal advice sought by the Debtors during

these Chapter 11 Cases. Thus, Foley Hoag's retention as special environmental counsel is in the best interest of the Debtors and their estates.

### Scope Of Proposed Retention

10. The Debtors currently seek to retain Foley Hoag, subject to the oversight and orders of this Court:

> a. to advise the Debtors, their counsel, and their Board of Directors with respect to environmental issues involved in the cleanup and potential redevelopment of the Debtors' facilities in Acton and Woburn, Massachusetts;
>
> b. to advise the Debtors, their counsel, and their Board of Directors with respect to existing environmental claims or potential environmental claims that may be brought against the Debtors with respect to wastes generated, cleanup or redevelopment at the Debtors' facilities or former facilities in New England;
>
> c. to act as counsel for the Debtors and any related party in environmental litigation or administrative proceedings relating to any of the New England facilities; and
>
> d. such other related services as the Debtors may deem necessary or desirable.

Foley Hoag has indicated its willingness to render the necessary professional services described above as special environmental counsel to the Debtors.

11. The Debtors have obtained authorization to employ and retain the law firms of Kirkland & Ellis LLP and Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C. to serve as bankruptcy and reorganization counsel to the Debtors. Foley Hoag will not serve as general bankruptcy and reorganization counsel to the Debtors. While it is possible that certain aspects of the representations will necessarily involve both Foley Hoag and the Debtors' bankruptcy and reorganization counsel, the Debtors believe that the services Foley Hoag will provide will be complementary rather than duplicative of the services to be performed by such bankruptcy and reorganization counsel. The Debtors are very mindful of the need to avoid the

-5-

duplication of services, and appropriate procedures will be implemented to ensure that there is minimal duplication of effort as a result of Foley Hoag's role as special environmental counsel.

### No Adverse Interest

12. To the best of the Debtors' knowledge, and based upon the Affidavit of Seth D. Jaffe (the "Jaffe Affidavit") filed in support of the Application and attached hereto as Exhibit A, Foley Hoag does not represent or hold any interest adverse to the Debtors or their estates with respect to the matters for which Foley Hoag is to be employed, except as set forth in the Jaffe Affidavit. Further, to the best of the Debtors' knowledge and based on the Jaffe Affidavit, Foley Hoag does not have any connection with any creditors or other parties in interest, or their respective attorneys or accountants, or the United States Trustee or any of its employees, except as set forth in the Jaffe Affidavit.

### Compensation

13. In accordance with section 330 of the Bankruptcy Code, the Debtors propose to compensate Foley Hoag on an hourly basis at its customary hourly rates for services rendered, plus reimbursement of actual, necessary expenses incurred by Foley Hoag. The primary members of Foley Hoag who will be handling the above matters and their current hourly rates charged for this matter are:

| Attorney | Hourly Rate |
|---|---|
| (a) Seth Jaffe | $445 per hour |
| (b) Adam Kahn | $430 per hour |

Based on the complexity of the issues involved and the size of the potential environmental liabilities, the Debtors believe that it will necessarily require the services of experienced senior partners such as Messrs. Jaffe and Kahn. In addition, Foley Hoag will charge hourly rates to the Debtors that are consistent with customary hourly rates charged by Foley Hoag, which currently

- 6 -

are $95 to $200 for paralegals, $205 to $425 for associates and $350 to $610 for partners, subject to periodic adjustments. Accordingly, the Debtors believe that the staffing and the hourly rates set forth above are reasonable and should be approved.

14. As set forth in the Jaffe Affidavit, the hourly rates described above are subject to periodic adjustment to reflect economic and other conditions. Other attorneys or paralegals may from time to time serve the Debtors in the matters for which Foley Hoag's retention is sought. Foley Hoag's rates are set at a level designed to compensate Foley Hoag fairly for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is Foley Hoag's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, expenses for "working meals," computerized research, messengers, couriers, postage, witness fees and other fees related to trials and hearings, transcription costs, and non-ordinary overhead expenses such as secretarial and other overtime. Foley Hoag will charge the Debtor for these expenses in a manner and at rates consistent with charges generally made to Foley Hoag's other clients. Foley Hoag believes that is fairer to charge these expenses to the client incurring them than to increase the hourly rates and spread the expenses among all clients.

15. Foley Hoag will submit interim and final applications for compensation in accordance with sections 330 and 331 of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, the Local Rules of this Court and such other and further orders of the Court.

91100-001\DOCS_DE:111041.2

## Conclusion

16. For the reasons set forth above and in the Jaffe Affidavit, the Debtors' believe that Foley Hoag is well qualified to act on the Debtors' behalf in light of their intimate knowledge of the Debtors' businesses and affairs and their expertise in the field of environmental law. The Debtors further believe that the engagement of Foley Hoag is essential to the Debtors' successful reorganization and that the retention of Foley Hoag is necessary and in the best interest of the Debtors and their estates.

## Notice

17. Notice of this Application has been given to: (i) the United States Trustee, (ii) counsel to the DIP Lender, (iii) counsel to The Chase Manhattan Bank as agent for the Debtors' prepetition lenders, (iv) counsel to all official committees appointed by the United States Trustee, and (v) all those parties that requested service and notice of papers in accordance with Fed R. Bankr. P. 2002. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

## No Prior Request

18. No prior application for the relief requested herein has been made to this or any other Court.

91100-001\DOCS_DE:111041.2

WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form attached hereto, authorizing the retention and employment of Foley Hoag as special environmental counsel for the Debtors and granting such other and further relief as is just and proper.

Dated: August 22, 2005

Respectfully submitted,

KIRKLAND & ELLIS LLP
James H.M. Sprayregen
Janet S. Baer
Lori Sinanyan
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

and

PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.

Laura Davis Jones (Bar No. 2436)
David W. Carickhoff, Jr. (Bar No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
(302) 652-4100

Co-Counsel for the Debtors and Debtors in Possession