# EXHIBIT 2

{D0015843:1 }

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | Re: Docket No. _____ |

**CASE MANAGEMENT ORDER FOR THE ESTIMATION
OF ASBESTOS PERSONAL INJURY LIABILITIES**

WHEREAS, on April 2, 2001, each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"), which have been consolidated for administrative purposes only; and

WHEREAS, on November 13, 2004, the Debtors filed their Motion for Entry of an Order Seeking the Estimation of Asbestos Claims and Certain Related Relief (the "Estimation Motion"); and

WHEREAS, a hearing on the Estimation Motion (the "Estimation Motion Hearing") was held on January 21, 2005; and

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

WHEREAS, at the Estimation Motion Hearing, the Court ordered the Asbestos Personal Injury Committee, the Futures Claimants Representative (the "FCR"), and the Debtors to negotiate a case management order to govern the estimation of Asbestos Personal Injury Claims (the "PI Estimation"); and

WHEREAS, the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and

WHEREAS, this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and

WHEREAS, venue of this proceeding is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

IT IS HEREBY:

1. ORDERED that the Asbestos Personal Injury Questionnaire (the "Questionnaire"), attached to this Order as <u>Exhibit A</u>, is approved; and it is further

2. ORDERED that all holders of Asbestos PI Pre-Petition Litigation Claims are required to complete and serve the Questionnaire; and it is further

3. ORDERED that the following schedule shall govern the deadlines with respect to the Questionnaire:

    A. The Debtors shall serve the Questionnaire on counsel of record for all holders of asbestos personal injury claims for which litigation was commenced prior to the Petition Date (the "Asbestos PI Pre-Petition Litigation Claims") (or the holders themselves where not represented by counsel and holder's identity and address are known) via direct U.S. mail on or before September 12, 2005 (fourteen calendar days after entry of this Order);[2]

---

[2] If any date provided in this Order conflicts with the parenthetical description of the number of days, the date listed shall control over the number of days listed in such parenthetical.

B. The Debtors shall mail the Questionnaire to the Office of the United States Trustee, counsel to the official committees appointed in these Chapter 11 Cases, and counsel to the FCR on or before September 12, 2005 (fourteen calendar days after entry of this Order);

C. Persons who believe that they hold, or attorneys who believe they represent persons who hold, Asbestos PI Pre-Petition Litigation Claims against any of the Debtors shall complete and serve the Questionnaire on or before 5:00 p.m. (Eastern Standard Time) on January 12, 2006; Questionnaires that are postmarked as mailed on or before January 12, 2006, but are actually received thereafter, will be considered timely served;

D. The Debtors' claims processing agent shall compile the Questionnaire information into a navigable database and make it available to the Debtors' and the various official committees' experts, if any, on or before March 13, 2006; and it is further

4. ORDERED that the Debtors, the official committees, and the FCR will use their best efforts to include in any trust distribution procedures approved as part of a plan of reorganization provisions prioritizing the processing of claims for which Questionnaires have been timely returned as completely and accurately as possible; and it is further

5. ORDERED that all parties seeking to call one or more experts to testify shall designate the categories to be addressed by such experts on or before November 14, 2005. The categories of experts may be supplemented on or before November 28, 2005; and it is further

6. ORDERED that all parties seeking to call one or more experts to testify shall designate such expert(s) on or before December 19, 2005.

7. ORDERED that not later than December 22, 2005, all parties shall each exchange preliminary designations of the non-expert witnesses each intends to call at the Asbestos PI Estimation Hearing. Subsequent to December 22, 2005, a party, for good cause shown, may substitute and/or add one or more non-expert witnesses not previously designated on or before December 22, 2005; and it is further

3

91100-001\DOCS_DE:107960.1

8. ORDERED that all parties seeking to call one or more experts to testify as to matters other than the number, amount, and value of present and future asbestos claims shall produce and serve a report in compliance with Federal Rule of Civil Procedure 26(a)(2) from each expert on or before February 16, 2006. Such expert reports may be supplemented on or before April 13, 2006; and it is further

9. ORDERED that all parties seeking to call one or more experts to testify as to an estimated value of the Debtors' Asbestos Personal Injury Claims shall produce and serve a report in compliance with Federal Rule of Civil Procedure 26(a)(2) from each expert on or before April 13, 2006. Such expert reports may be supplemented on or before June 12, 2006; and it is further

10. ORDERED that a preliminary pre-trial conference on the Asbestos PI Estimation shall be held at the first omnibus hearing after June 30, 2006, at which time the Court may set a final pre-trial conference date in August 2006 and a trial date in September 2006 (the "Asbestos PI Estimation Hearing") for the Asbestos PI Estimation; and it is further

11. ORDERED that all written fact discovery may commence at any time but must be concluded by July 28, 2006; and it is further

12. ORDERED that depositions of expert and non-expert witnesses may commence at any time, but must be concluded by July 28, 2006; and it is further

13. ORDERED that, pursuant to Rules 26(a)(3)(A) and 26(a)(3)(B) of the Federal Rules of Civil Procedure, parties shall file a final fact witness/expert list on or before July 28, 2006; and it is further

14. ORDERED that any pre-trial motions, including *motions in limine*, *Daubert*, and summary judgment motions, shall be filed not later than August 1, 2006. Responses to such motions shall be filed not later than 21 days after the filing of any such motion. Replies shall be

4

filed not later than 7 days after the filing of the response to the motion. A hearing on such motions will be at the Court's direction; and it is further

15. ORDERED that on or before 21 calendar days prior to the final pre-trial conference, pursuant to Rule 16.4(d) of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware (the "Local Rules") and Rule 26(a)(3)(C) of the Federal Rules of Civil Procedure, parties shall file with the Court: (i) a proposed pre-trial order, signed by counsel for each party participating in the PI Estimation; (ii) copies of all exhibits to be offered and all schedules and summaries to be used at the Asbestos PI Estimation Hearing; and (iii) stipulations regarding admissibility of exhibits; and it is further

16. ORDERED that on or before 21 calendar days prior to the final pre-trial conference, pursuant to Rule 26(a)(3)(C) of the Federal Rules of Civil Procedure, parties shall exchange copies of (or, when appropriate, make available for inspection) all exhibits to be offered and all schedules and summaries to be used at the Asbestos PI Estimation Hearing; and it is further

17. ORDERED that any trial briefs shall be filed on or before 21 calendar days prior to the Asbestos PI Estimation Hearing and that no responses thereto shall be allowed; and it is further

18. ORDERED that notwithstanding anything in this Order, the deadlines specified herein may be extended by consent of the parties or by the Court upon motion of any party participating in the PI Estimation, after notice (which may be shortened and limited by the Court as it deems appropriate) and hearing; and it is further

19. ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: _____, 2005

_____
The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge