# EXHIBIT 5

{D0015845:1 }

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Bankruptcy No. 01-10578 (RTL) |
| FEDERAL-MOGUL GLOBAL INC., T&N LIMITED, *et al.*, | |
| Debtors. | |
| THE OFFICIAL COMMITTEE OF ASBESTOS CLAIMANTS and ERIC D. GREEN, as the LEGAL REPRESENTATIVE FOR FUTURE ASBESTOS CLAIMANTS, | |
| Plaintiffs, | |
| v. | Civil Action No. 05-59 (JHR) |
| ASBESTOS PROPERTY DAMAGE COMMITTEE, | **ORDER** |
| Defendant. | |

These matters have come before the Court upon the Official Committee of Asbestos Property Damage Committee's Motion in Limine [46] and the Asbestos Property Damage Committee's Motion Pursuant to Fed. R. Bankr. P. 9023 for New Trial, Re-Opening of the Record, and Re-Opening of Discovery With Respect to the Basis for Non-Malignant Asbestos Personal Injury Claims Against T&N Limited [62] and in consideration of the papers submitted by the parties, the arguments heard during the the five-day Estimation Hearing (June 14-16 and 20-21, 2005), and the Closing Arguments heard on July 14, 2005, which culminated in a ruling from the bench in these matters;

IT IS THIS 19th day of July, 2005

**ORDERED** that Asbestos Property Damage Committee's Motion in Limine [46] is <u>DENIED</u> as it relates to Dr. Mark Peterson's consideration and reliance on TDP values in Peterson's November 29, 2004 Report titled Turner and Newell, Inc. Projected Liabilities for Asbestos Personal Injury Claims ("November 2004 Report"); and,

**IT IS FURTHER ORDERED** that Asbestos Property Damage Committee's Motion in Limine [46] is <u>DENIED</u> as it relates to Dr. Peterson's consideration and reliance on the book by Geoffrey Tweedale, <u>Magic Mineral to Killer Dust: Turner & Newall and the Asbestos Hazard</u> in his November 2004 Report; and,

**IT IS FURTHER ORDERED** Asbestos Property Damage Committee's Motion Pursuant to Fed. R. Bankr. P. 9023 for New Trial, Re-Opening of the Record, and Re-Opening of Discovery With Respect to the Basis for Non-Malignant Asbestos Personal Injury Claims Against T&N Limited [62] is <u>DENIED</u> because the evidence in controversy could have been, and was, discovered by Defendants before the Estimation Hearing and does not warrant a re-opening of the record pursuant to Fed. R. Bankr. P. 9023, Fed. R. Civ. P. 59(a), and <u>Compass Technology, Inc. v. Tseng Laboratories, Inc.</u>, 71 F.3d 1125 (3d Cir. 1995).

/S/ Joseph H. Rodriguez
JOSEPH H. RODRIGUEZ
United States District Judge

-2-