IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| W.R. GRACE & COMPANY, et al[1], | Chapter 11 |
| Debtors. | Case No. 01-01139(JKF)<br>(Jointly Administered)<br><br>Objection Date: September 15, 2005<br><br>Hearing: September 26, 2005 at 12:00 p.m. |

**THIRD QUARTERLY APPLICATION OF BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C. FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR JANUARY 1, 2005 THROUGH MARCH 31, 2005**

Pursuant to Sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Fed. R. Bankr. P. 2016 and the Court's Amended Administrative Order under 11 U.S.C. §§ 105(a) and 331 Establishing Revised Procedures for Interim Compensation and

---

[1] The Debtors consist of the following 62 entities: W.R. Grade & Co. (f/k/a Grace Specialty Chemicals, Inc.). W.R. Grace & Co.-Conn, A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a/ Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc. Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd;, G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (fka Grace Cocoa management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B (( Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc, Grace H-Gm II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W.R. Grace Capital Corporation, W.R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenni Development Company, L B Realty, Inc.,Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolity Enterprises Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, In.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Reimbursement of Expenses for Professionals and Official Committee Members, signed April 17, 2002, Amending the Court's Administrative Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code Establishing Procedures for Allowance of Payment of Monthly Interim Compensation and Reimbursement of Expenses of Professionals entered May 3, 2001 (together the "Administrative Order"), the firm of Baker Donelson Bearman Caldwell & Berkowitz, P.C. ("Baker Donelson") hereby files this Third Quarterly Application of Baker Donelson for Compensation and Reimbursement of Expenses for the Period Commencing January 1, 2005 through March 31, 2005 (the "Third Fee Application"). By this Third Fee Application, Baker Donelson seeks the interim allowance of compensation in the amount of $124,000.00 and reimbursement of actual and necessary expenses in the amount of $6,161.11 for a total of $130,161.11 for the period of January 1, 2005 through March 31, 2005 (the "Interim Period') In support of this Third Fee Application, Baker Donelson respectfully represents as follows:

## BACKGROUND

1. On April 2, 2001 (the "Petition Date") each of the Debtors (collectively the "Debtors") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, the Debtors are continuing to operate their businesses and manage their properties and assets as Debtors-in-Possession.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 §§ 157(b)(2).

3. On April 20, 2001, the court entered its Order that the Debtors' Chapter 11 cases be consolidated for procedural purposes only and administrated jointly.

4. By this Court's Order dated June 16, 2004, the Debtors were authorized to retain Baker Donelson to advise the Debtors, their counsel, and their Board of Directors

with respect to legislative affairs and current pending, and future legislative affairs ("Legislative Affairs Services") and such other related services as the Debtors may deem necessary or desirable, effective as of April 2, 2001 (the "Retention Order"). The Retention Order authorizes Debtors to compensate Baker Donelson on a flat rate in the amount of $17,000.00 per month for services rendered plus reimbursement of actual and necessary expenses incurred by Baker Donelson.

5. The Debtors, on or about January, 24, 2005 filed a motion seeking authorization to modify and expand the scope of services provided by Baker Donelson. Specifically, the motion sought the approval of retention of Baker Donelson to assist Debtors in connection with the Debtors' business operations in China and with respect to the Chinese governmental authorities at the national, provincial and local levels ("China Assistance Services"). The expanded scope of work of Baker Donelson was approved by order entered on March 15, 2005, effective January 1, 2005 ("Order Modifying and Expanding Services"). Compensation of Baker Donelson for the China Assistance Services was approved on a flat rate in the amount of $35,000.00 per month for services rendered, plus reimbursement of actual and necessary expenses incurred by Baker Donelson.

6. The Order Modifying and Expanding Services increased the flat rate for compensation for Legislative Affairs Services to an amount of $20,000.00 per month effective March, 2005 for services rendered plus reimbursement of actual and necessary expenses incurred by Baker Donelson.

7. Pursuant to the procedures set forth in the Administrative Order, professionals may request monthly compensation and reimbursement, and interested parties

may object to such requests. If no interested party objects to a professional's request within twenty (20) days, the applicable professional may submit to the Court a Certification of No Objection authorizing the interim compensation and reimbursement of eighty percent (80%) of the fees requested and one hundred percent (100%) of the expenses requested subject to the filing and approval of interim and final fee applications of the professional. The professional is to also file a Quarterly Interim Fee Application.

8. Attached hereto as Appendix A is the Verification of James Range. Attached hereto as Appendix B is the Verification of Joan M. McEntee.

## MONTHLY AND QUARTERLY FEE APPLICATIONS

9. On December 28, 2004, Baker Donelson filed its first Combined Monthly Fee Application for the months of February, 2004 through November, 2004 for fees incurred in the amount of $170,000.00 (less twenty percent (20%) holdback of $34,000.00 for a fee to be paid pursuant to the combined monthly fee application filed of $136,000.00) and reimbursement of expenses totaling $1,581.26. No objection to the payment of the combined Monthly Fee Application was filed.

10. On June 9, 2005, Baker Donelson filed its Monthly Fee Application for the month of December, 2004 ("December Fee Application") for fees incurred in the amount of $17,000.00 less twenty percent (20%) holdback of $3,400.00 for an interim fee to be paid of $13,600.00 and reimbursement of expenses totaling $28.65. No objection to the payment of the combined Monthly Fee Application was filed.

11. On June 9, 2005, Baker Donelson filed its Second Quarterly Fee Application for fees incurred commencing October 1, 2004 through December 31, 2004. On June

27, 2005 an order was entered by the Court and order was entered approving the Second Quarterly Fee Application.

12. On August 26, Baker Donelson filed its Monthly Fee Applications for the months of January, February and March, 2005.

13. The Monthly Fee Applications filed for the applicable period contain daily time logs describing the actual and necessary services provided by Baker Donelson during the Third Interim Period. While Baker Donelson is to be compensated on a flat rate, the monthly time records attached as collective Appendix C provide detail and information as to the work performed by Baker Donelson during the Third Interim Period.

### REQUESTED RELIEF

14. By this Third Fee Application, Baker Donelson requests that the Court approve the interim allowance of compensation for professional services rendered in the amount of $124,000.00 and the reimbursement of actual and necessary expenses incurred in the amount of $6,161.11 by Baker Donelson during the Third Interim Period. As stated above, the full scope of services provided and related expenses incurred are fully described in the fee detail attached hereto in Appendix C.

15. At all relevant times, Baker Donelson has been a disinterested person as that term is defined in Section 101(14) of the Bankruptcy Code, and has not represented or held an interest adverse to the interest of Debtors. All services for which compensation is requested by Baker Donelson were performed for or on behalf of Debtors and not on behalf of any committee, creditor or other person.

16. During the Interim Period, Baker Donelson has received no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with Debtors' cases.

17. Baker Donelson has no agreement with any non-affiliated entity to share any compensation earned in these Chapter 11 cases.

18. The professional services and related expenses for which Baker Donelson requests interim allowance of compensation and reimbursement of expenses were rendered and incurred in connection with Baker Donelson's provision of professional services, particularly with regard to advice as to current, pending, and future legislative affairs and in the provision of China Assistance Services.

19. Baker Donelson's services have been necessary and beneficial to Debtors, their estates and other parties in interest.

WHEREFORE, Baker Donelson respectfully requests that the Court enter an Order, substantially in the form attached hereto, providing that, for the period of January 1, 2005 through March 31, 2005, allowance will be made to Baker Donelson in the sum of $124,000.00 as compensation for reasonable and necessary professional services rendered to Debtors and in the sum of $6,161.11 for reimbursement of actual and necessary costs and expenses incurred, for a total of $130,161.11; that Debtors be authorized and directed to pay to Baker

Donelson the outstanding amount of such sums; and for such other and further relief as this Court deems just and proper.

Dated: August 25, 2005.

Respectfully submitted,

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ
A Professional Corporation

By: _____
E. Franklin Childress, Jr., Shareholder
165 Madison Avenue
Suite 2000
Memphis, Tennessee 38103
(901) 526-2000
(901) 577-2303 – Facsimile

M EFC 898694 v1
2850487-000001 08/24/05