IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1], | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | Objection Date: September 19, 2005 |
| | ) | Hearing Date: TBD |

## SUMMARY OF SEVENTEENTH INTERIM QUARTERLY VERIFIED APPLICATION OF HOLME ROBERTS & OWEN, LLP, FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR APRIL 1, 2005 THROUGH JUNE 30, 2005

Name of Applicant:     Holme Roberts & Owen, LLP

Authorized to Provide Professional Services to:    W.R. Grace & Co., et al., Debtors and
                                                                            Debtors-in Possession

Dated of Retention Order: July 18, 2001, *nunc pro tunc* April 2, 2001.

Period for Which Compensation and Reimbursement is Sought:    April 1, 2005 through June 30, 2005

Amount of Compensation Sought as Actual, Reasonable and Necessary:    $41,451.00

Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: $3,548.55

This is a ____ monthly    __X__ quarterly    __X__ interim    ____ final application

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

#1106716 v1

Prior Monthly Interim Fee Applications filed:

| Date Filed Docket Number | Period Covered | Requested Fees | Expenses | Cert. of No Obj. | Approved Fees | Expenses |
|---|---|---|---|---|---|---|
| 12/01/01 #1294 | 10/01/01 - 10/31/01 | $91,188.80 (80% of $113,986.00) | $11,562.02 | 12/21/01 #1417 | Approved | Approved |
| 01/09/02 #1482 | 11/01/01 - 11/30/01 | $109,257.60 (80% of $136,572.00) | $23,863.64 | 02/07/02 #1645 | Approved | Approved |
| 02/07/02 #1643 | 12/01/01 - 12/31/01 | $153,429.60 (80% of $191,787.00) | $41,142.65 | 03/25/02 #1862 | Approved | Approved |
| 03/18/02 #1825 | 01/01/02 - 01/31/02 | $232,368.80 (80% of $290,461.00) | $44,278.12 | 04/05/02 #1904 | Approved | Approved |
| 04/06/02 #1908 | 02/01/02 - 02/28/02 | $244,899.84 (80% of $306,124.80) | $54,631.99 | 04/25/02 #1975 | Approved | Approved |
| 05/01/02 #1999 | 03/01/02 - 03/31/02 | $272,030.80 (80% of $340,038.50) | $40,074.40 | 05/24/02 #2087 | Approved | Approved |
| 06/04/02 #2161 | 04/01/02 - 04/30/02 | $307,316.00 (80% of $384,156.00) | $43,551.56 | 06/27/02 #2293 | Approved | Approved |
| 07/12/02 #2371 | 05/01/02 - 05/31/02 | $445,180.40 (80% of $556,475.50) | $54,453.03 | 08/02/02 #2497 | Approved | Approved |
| 08/14/02 #2537 | 06/01/02 - 06/30/02 | $391,024.00 (80% of $488,780.00) | $60,518.33 | 09/03/02 #2658 | Approved | Approved |
| 09/11/02 #2675 | 07/01/02 - 07/31/02 | $381,868.20 (80% of $477,335.25) | $ 22,841.16 | 10/01/02 #2782 | Approved | Approved |
| 10/21/02 #2851 | 08/01/02 - 08/30/02 | $677,343.60 (80% of $846,679.50) | $ 47,900.46 | 11/18/02 #3051 | Approved | Approved |
| 11/04/02 #2926 | 09/01/02 - 09/30/02 | $580,820.00 (80% of $726,025.00) | $ 50,880.25 | 12/02/02 #3100 | Approved | Approved |
| 11/27/02 #3090 | 10/01/02 - 10/31/02 | $669,402.00 (80% of $836,752.50) | $ 52,601.40 | 12/23/02 #3194 | Approved | Approved |
| 01/02/03 #3210 | 11/01/02 - 11/30/02 | $459,165.20 (80% of $573,956.50) | $ 23,357.78 | 01/23/03 #3277 | Approved | Approved |

| | | | | | | |
|---|---|---|---|---|---|---|
| 02/04/03 #3315 | 12/01/02 - 12/31/02 | $473,743.60 (80% of $592,179.50) | $79,263.22 | 03/11/03 #3497 | Approved | Approved |
| 03/04/03 #3456 | 01/01/03 - 01/31/03 | $199,604.80 (80% of $249,506.00) | $40,504.47 | 04/02/03 #3604 | Approved | Approved |
| 03/27/03 #3554 | 02/01/03 - 02/28/03 | $117,338.80 (80% of 146,673.50) | $5,201.50 | 05/23/03 #3831 | Approved | Approved |
| 04/22/03 #3690 | 03/01/03 - 03/31/03 | $98,413.20 (80% of $123,016.50) | $7,708.61 | 05/23/03 #3830 | Approved | Approved |
| 05/30/03 #3840 | 04/01/03 - 04/30/03 | $137,707.20 (80% of $172,143.00) | $18,283.69 | 06/27/03 #4003 | Approved | Approved |
| 06/18/03 #3910 | 05/01/03 - 05/31/03 | $17,649.20 (80% of $22,061.50) | $2,200.41 | 07/16/03 #4065 | Approved | Approved |
| 08/11/03 #4210 | 06/01/03 - 06/30/03 | $6,622.00 (80% of $8,277.50) | $3,147.12 | 09/04/03 #4408 | Approved | Approved |
| 09/05/03 #4882 | 07/01/03 - 07/31/03 | $29,440.40 (80% of $36,800.50) | $486.72 | 09/25/03 #4534 | Approved | Approved |
| 10/03/03 #4537 | 08/01/03 - 08/31/03 | $24,602.80 (80% of $30,753.50) | $1,505.46 | 10/27/03 #4637 | Approved | Approved |
| 10/27/03 #4613 | 09/01/03 - 09/30/03 | $35,310.40 (80% of $44,138.00) | $3,187.45 | 11/18/03 | Approved | Approved |
| 12/03/03 #4771 | 10/01/03 - 10/31/03 | $4,364.40 (80% of 5,455.50) | $737.89 | 12/29/03 #4875 | Approved | Approved |
| 01/05/04 #4896 | 11/01/03 - 11/30/03 | $3,148.80 (80% of $3,936.00) | $2,733.39 | 01/30/04 #5058 | Approved | Approved |
| 02/05/04 #5063 | 12/01/03 - 12/31/03 | $5,325.60 (80% of $6,657.00) | $1,707.66 | 03/01/04 #5208 | Approved | Approved |
| 03/16/04 #5306 | 01/01/04 - 01/31/04 | $40,083.20 (80% of $50,104.00) | $1,742.96 | 04/27/04 #5490 | Approved | Approved |
| 03/30/04 #5368 | 02/01/04 - 02/29/04 | $21,175.20 (80% of $26,469.00) | $2,945.54 | 04/27/04 #5493 | Approved | Approved |
| 06/08/04 #5741 | 03/01/04 - 03/31/04 | $$33,622.80 (80% of $42,028.50) | $3,675.12 | 08/03/04 #6111 | Approved | Approved |

| 07/02/04 #5919 | 04/01/04 - 04/30/04 | $25,963.00 | $252.69 | 08/03/04 #6112 | Approved | Approved |
| --- | --- | --- | --- | --- | --- | --- |
| 07/23/04 #6014 | 05/01/04 - 05/31/04 | $2,392.00 | $1,843.79 | 08/24/04 #6251 | Approved | Approved |
| 09/08/04 #6331 | 06/01/04 - 06/30/04 | $7,330.00 | $441.77 | 10/04/04 #6532 | Approved | Approved |
| 09/28/04 #6492 | 07/01/04 - 07/31/04 | $7,600.50 | $479.86 | 10/29/04 #6792 | Approved | Approved |
| 11/10/04 #6873 | 08/01/04 - 08/31/04 | $13,269.50 | $1,294.24 | 12/07/04 #7111 | Approved | Approved |
| 11/18/04 #6981 | 09/01/04 - 09/30/01 | $14,180.50 | $240.69 | 12/15/04 #6981 | Approved | Approved |
| 01/06/05 #7455 | 10/01/04 - 10/31/04 | $6,923.50 | $1,267.04 | 02/08/05 #7706 | Approved | Approved |
| 02/03/05 #7663 | 11/01/04 - 11/30/04 | $11,489.50 | $987.17 | 02/21/05 #7965 | Approved | Approved |
| 02/03/05 #7681 | 12/01/04 - 12/31/04 | $17,218.50 | $2,064.26 | 02/25/05 #7966 | Approved | Approved |
| 03/09/05 #8002 | 01/01/05 - 01/31/05 | $26,288.50 | $510.88 | 04/14/05 #8224 | Pending | Pending |
| 04/14/05 #8223 | 02/01/05 - 02/28/05 | $11,977.50 | $10,111.49 | 05/23/05 #8477 | Pending | Pending |
| 05/11/05 #8399 | 03/01/05 - 03/31/05 | $635.50 | $1,834.12 | 06/14/05 #8617 | Pending | Pending |
| 06/28/05 #8695 | 04/01/05 - 04/30/05 | $21,803.50 | $542.56 | 08/03/05 #9134 | Pending | Pending |
| 07/21/05 #9038 | 05/01/05 - 05/31/05 | $6,842.50 | $670.78 | | Pending | Pending |
| 08/02/05 #9125 | 06/01/05 - 06/01/05 | $12,805.00 | $2,335.21 | | Pending | Pending |

Prior Quarterly Interim Applications filed:

| | | Requested | | Approved | |
| --- | --- | --- | --- | --- | --- |
| Date Filed | Period Covered | Fees | Expenses | Fees | Expenses |
| 11/07/01 #1092 | 04/02/01- 09/30/01 | $285,970.50 | $47,668.25 | Approved | Approved |
| 03/01/02 #1748 | 10/01/01 - 12/31/01 | $442,631.50 | $74,769.32 | Approved | Approved |

#1106716 v1                                              4

| 06/05/02 #2174 | 01/01/02 - 03/31/02 | $1,015,155.50 | $136,984.52 | Approved | Approved |
|---|---|---|---|---|---|
| 08/16/02 #2551 | 04/01/02 - 06/30/02 | $1,429,411.50 | $158,522.92 | Approved | Approved |
| 11/08/02 #2955 | 07/01/02 - 09/30/02 | $2,050,039.75 | $121,621.87 | Approved | Approved |
| 02/12/03 #3377 | 10/01/02 - 12/31/02 | $2,008,888.50 | $155,222.40 | Approved | Approved |
| 05/07/03 #3749 | 01/01/03 - 03/31/03 | $519,196.00 | $53,414.58 | Approved | Approved |
| 08/11/03 #4211 | 04/01/03 - 06/30/03 | $202,473.00 | $23,631.22 | Approved | Approved |
| 11/17/03 #4704 | 07/01/03 - 09/30/03 | $111,692.00 | $5,179.63 | Approved | Approved |
| 02/11/04 #5092 | 10/01/03 - 12/31/03 | $16,048.50 | $5,167.16 | Approved | Approved |
| 06/11/04 #5791 | 01/01/04 - 03/31/04 | $118,601.50 | $8,363.62 | Approved | Approved |
| 10/05/04 #6534 | 04/01/04 - 06/30/04 | $35,685.00 | $2,548.25 | Approved | Approved |
| 12/07/04 #7109 | 07/01/04 - 09/30/04 | $35,050.50 | $2,014.79 | Approved | Approved |
| 02/17/05 #7833 | 10/01/04 - 12/31/04 | $35,631.50 | $4,318.47 | Approved | Approved |
| 06/28/05 #8698 | 01/01/05 - 03/31/05 | $38,901.50 | $12,456.69 | Pending | Pending |

As indicated above, this is the third application for compensation of services filed by HRO with the Bankruptcy Court in these cases.

The HRO attorneys who rendered professionals services in these cases during the Fee Period are:

| Name of Professional Person | Position | Department | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| John D. McCarthy | Partner | Environmental | $345.00 | 0.8 | $276.00 |
| Charlotte Neitzel | Partner | Environmental | $375.00 | 9.5 | $3,562.50 |
| Elizabeth K. Flaagan | Partner | Bankruptcy | $325.00 | 6.0 | $1,950.00 |
| Katheryn J. Coggon | Sp. Counsel | Environmental | $300.00 | 47.7 | $14,310.00 |
| TOTAL | | | | 64.00 | $20,098.50 |

#1106716 v1                                        5

The HRO paraprofessionals who rendered professional service in these cases during the Fee Period are:

| Name of Professional Person | Position | Department | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| Joan Sherman | Paralegal | Environmental | $160.00 | 72.5 | $11,600.00 |
| Susan Haag | Paralegal | Bankruptcy | $135.00 | 9.8 | $1,323.00 |
| Carla Latuda | Paralegal | Environmental | $130.00 | 33.7 | $4,381.00 |
| Mary Beth Floyd | Info. Spec. | Environmental | $135.00 | 1.3 | $175.50 |
| Faye Proctor | Case Admin. | Environmental | $85.00 | 37.8 | $3,213.00 |
| Stephen Haraldson | Doc. Control | Environmental | $60.00 | 11.0 | $660.00 |
| **TOTAL** | | | | **166.1** | **$21,352.50** |

The total expenses incurred by behalf of the Debtors in these cases during the Fee Period are:

| DESCRIPTION | TOTAL |
|---|---|
| Photocopies | $985.80 |
| Facsimiles | $0.00 |
| Long Distance Telephone | $19.00 |
| Outside Courier | $8.80 |
| Lexis | $0.00 |
| Tab Stock | $0.00 |
| Other Expenses | $610.78 |
| Westlaw | $0.00 |
| Federal Express | $337.39 |
| Color Copies | $0.00 |
| Professional Billable Services | $1,586.78 |
| Research Services | $0.00 |
| **TOTALS** | **$3,548.55** |

Dated: August 19, 2005

HOLME ROBERTS & OWEN, LLP

By: /s/ Elizabeth K. Flaagan
Elizabeth K. Flaagan, Esq. (Colo. #22604)
1700 Lincoln Street, Suite 4100
Denver, Colorado 80203
(303) 861-7000

#1106716 v1

7

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1], | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | Objection Date: September 19, 2005 |
| | ) | Hearing date: TBD |

## SEVENTEENTH INTERIM QUARTERLY VERIFIED APPLICATION OF HOLME ROBERTS & OWEN LLP FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR APRIL 1, 2005 THROUGH JUNE 30, 2005

Pursuant to Sections 327, 330 and 331 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Fed.R.Bankr.P. 2016, the Retention Order (as defined below), the Amended Administrative Order Under 11 U.S.C. §105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Professionals and Official Committee Members (the "Amended Interim Compensation Order:) and Del.Bankr.LR 2016-2, the law firm of Holme Roberts & Owen LLP ("HRO"), special environmental counsel for the

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

#1106963 v1

above-captioned debtors and debtors in possession (collectively, the "Debtors") in their Chapter 11 cases, hereby files this Seventeenth Interim Quarterly Verified Application of Holme Roberts and Owen LLP for Compensation and Reimbursement of Expenses for April 1, 2005 through June 30, 2005 (the "Application"). By this Application, HRO seeks interim allowance of compensation in the amount of $41,451.00 and reimbursement of actual and necessary expenses in the amount of $3,548.55 for a total of $44,999.55 or 100% of all compensation and expense reimbursement requests for the period April 1, 2005 through June 30, 2005 (the "Fee Period"). In support of this Application, HRO respectfully represents as follows:

### Jurisdiction

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

### Background

2. On April 2, 2001 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. On the Petition Date, the Court entered an order procedurally consolidating the Chapter 11 Cases for administrative purposes only. Since the Petition Date, the Debtors have continued to operate their businesses and mange their properties as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code. On April 3, 2001, an Application of the Debtors to Employ and Compensate Certain Professionals Utilized in the Ordinary Course of the Debtors' Business was filed in the Chapter 11 Cases.

3. On or about May 3, 2001, this Court entered and Order granting the Application of the Debtors to Employ and Compensate Certain Professionals Utilized in the Ordinary Course of the Debtors' Business (the "OCP Order"). Initially, HRO was included among the

#1106963 v1                                              2

professionals the Debtors sought to employ under the OCP Order. Upon further review, the Debtors determined that it would be in the best interest of the bankruptcy estates of the Chapter 11 Cases to file a separate application regarding its proposed retention of HRO. By this Court's Order dated July 18, 2001, *nunc pro tunc* April 2, 2001, the Debtors were authorized to employ HRO as special environmental counsel ("HRO Retention Order"). The HRO Retention Order authorizes the Debtors to pay HRO at hourly rates charged by HRO for services of this type and to be reimbursed for actual and necessary out-of-pocket expenses that it incurred, subject to application to this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedures, and applicable local rules and orders of this Court.

4. Pursuant to the Amended Interim Compensation Order, professionals are to file and serve upon the notice parties a quarterly request for interim Court approval and allowance of the monthly fee applications filed during the quarter covered by the a quarterly fee application. If the Court grants the relief requested by a professional in its quarterly fee application, the Debtors are authorized and directed to pay the professional 100% of the fees and expenses requested in the monthly fee applications covered by any given quarterly fee application, less any amounts previously paid in connection with a monthly fee application.

5. To date, HRO has (i) submitted monthly fee applications for the months of October, November, December, 2001; January, February, March, April, May, June, July, August, September, October, November, December 2002; January, February, March, April, May, June, July, August, September, October, November, December, 2003; January, February, March, April, May, June, July, August, September, October, November, December, 2004; January, February, March, April, May and June 2005 (ii) submitted its First interim fee application, covering the period of April 2, 2001 through September 30, 2001, its Second interim fee application, covering

#1106963 v1                                    3

the period of October 1, 2001 through December 31, 2001, its Third interim fee application, covering the period of January 1, 2002 through March 31, 2002, its Fifth interim fee application, covering the period of April 1, 2002 through June 30, 2002, its Sixth interim fee application, covering the period of July 1, 2002 through September 30, 2002, and its Seventh interim fee application, covering the period of October 1, 2002 through December 31, 2002, its Eighth interim fee application, covering the period of January 1, 2003 through March 31, 2003, its Ninth interim fee application, covering the period of April 1, 2003 through June 30, 2003, its Tenth interim fee application, covering the period of July 1, 2003 through September 30, 2003; its Eleventh interim fee application, covering the period of October 1, 2003 through December 31, 2003, its Twelfth interim fee application, covering the period of January 1, 2004 through March 31, 2004, its Thirteenth interim fee application, covering the period of April 1, 2004 through June 30, 2004; its Fourteenth interim fee application, covering the period of July 1, 2004 through September 30, 2004; its Fifteenth interim fee application, covering the period of October 1, 2004 through December 31, 2004; and its Sixteenth interim fee application, covering the period of January 1, 2005 through March 31, 2005 and (iii) received payment for fees and reimbursement for expenses incurred in the amount of $9,082,765.39 since the Petition Date.

### Reasonable and Necessary Services Rendered by HRO

6.      The HRO attorneys who rendered professional services during the Fee Period are as follows:

| Name of Professional Person | Position | Department | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| John D. McCarthy | Partner | Environmental | $345.00 | 0.8 | $276.00 |
| Charlotte Neitzel | Partner | Environmental | $375.00 | 9.5 | $3,562.50 |
| Elizabeth K. Flaagan | Partner | Bankruptcy | $325.00 | 6.0 | $1,950.00 |

| Katheryn J. Coggon | Sp. Counsel | Environmental | $300.00 | 47.7 | $14,310.00 |
|---|---|---|---|---|---|
| **TOTAL** | | | | **64.00** | **$20,098.50** |

The paraprofessionals of HRO who have rendered professional services during the Fee Period are as follows:

| Name of Professional Person | Position | Department | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| Joan Sherman | Paralegal | Environmental | $160.00 | 72.5 | $11,600.00 |
| Susan Haag | Paralegal | Bankruptcy | $135.00 | 9.8 | $1,323.00 |
| Carla Latuda | Paralegal | Environmental | $130.00 | 33.7 | $4,381.00 |
| Mary Beth Floyd | Info. Spec. | Environmental | $135.00 | 1.3 | $175.50 |
| Faye Proctor | Case Admin. | Environmental | $85.00 | 37.8 | $3,213.00 |
| Stephen Haraldson | Doc. Control | Environmental | $60.00 | 11.0 | $660.00 |
| **TOTAL** | | | | **166.1** | **$21,352.50** |

7. HRO has advised and represented the Debtors in connection with certain environmental litigation and environmental matters or proceedings. These matters, by corresponding matter number, are as follows:

| Matter Number | Description |
|---|---|
| 00000 | General Counsel and Advice |
| 00290 | Fort Peck Indian Reservation - Defense of Administrative Order, in the Tenth Circuit Court of Appeals, concerning alleged groundwater contamination in and around the East Poplar Oil Field within the Fort Peck Indian Reservation |
| 00300 | Defense of *United States of America v. W.R. Grace & Co. - Conn. and Kootenai Development Corporation*, Case No. 01-72-M-DWM, which concerns remedial activities in and around Libby, Montana |
| 00301 | Libby Access Case - Defense of EPA's demand for access and to add penalties for denial of access to mine site. *United State of America v. W.R. Grace & Company and Kootenai Development Corporation*, Case No. CV-00-167-M-DWM |
| 00302 | Defense of Cost Recovery case regarding clean up of the Libby, Montana mine and mine site. |

| 00310 | Casmalia Superfund Site - Defense CERCLA liability assiciated with the former Casmalia Disposal Site in California. |
| --- | --- |
| 00320 | Kootenai Development- Complete Corporate Transactions |
| 00330 | Defense of Cost Recovery Claims *Samson Investment Company and Samson Hydrocarbons Company v. W.R. Grace & Co. - Conn. and Grace Energy Corporation*, Case No. 01-769, District Court, 95th Judicial District |
| 00340 | NY Hillside Litigation - Defense of Third Part Claims of Superfund Site in Los Angeles. *United States of America v. W.R. Grace & Co. - Conn. and Kootenai Development Corporation*, Case No. 01-72-M-DWM |
| 00350 | Freedom of Information Act Request - Requests for information to the EPA and other federal agencies concerning certain of W.R. Grace's general state and federal actions. |
| 00370 | Defense of CERCLA § 104(e) requests regarding information concerning the facilities in Libby, Montana as well as current and former expanding plants, along with responses concerning Attic Insulation |
| 00380 | Coloway Coal Bonds - Negotiation and investigation regarding the release of W.R. Grace from reclamation and lease bonds. |
| 00390 | Bankruptcy Matters - Aspects pertaining to the bankruptcy case, including preparation of monthly and quarterly fee applications. |
| 00400 | Boulder Attic - Document production and review relating to the attic insulation litigation |
| 00410 | CBI Project - Confidential Business Information document review |
| 00420 | Ninth Circuit Appeal |
| 00430 | New England States 104(e) Request |
| 00440 | Indictment |

8.  The rates described in the above list of attorneys and paraprofessionals are HRO's hourly rates for services of this type. Attached as **Exhibit A**, and arranged by subject matters, is a detailed summary of the professional time and expenses for each matter, together with a detailed itemization and description of the services that HRO rendered on each subject matter during this Fee Period. Based on these rates and the services performed by each individual, the reasonable value of such services is $41,451.00. The HRO attorneys and paraprofessionals expended a total of 230.1 hours for these cases during the Fee Period. In accordance with the factors enumerated in Section 330 of the Bankruptcy Code, the amount of fees requested is fair

and reasonable given: (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

9. Further, **Exhibit A** (a) summarizes the time spent by each individual and the value of those services for each month of the Fee Period, (b) summarizes the expenses incurred for each subject matter for each month of the Fee Period, (c) identifies the individuals that rendered services in each subject matter, as defined and described herein, (d) describes each activity or services that each individual performed, and (e) states the number of hours (in increments of one-tenth of an hour) spent by each individual providing the services. The matters addressed in this Application are merely those for which services were rendered during this Fee Period. HRO is currently rendering services for additional matters that HRO will bill in the future.

### Actual and Necessary Expenses

10. It is HRO's policy to charge its clients in all areas of practice for identifiable non-overhead expenses incurred in connection with the client's case that would not have been incurred except for the representation of that particular client. It is HRO's policy to charge its clients only the amount actually incurred by HRO in connection with such items. Examples of such expenses include postage, overnight mail, courier deliver, transportation, overtime expenses, computer assisted legal research, photocopying, out-going facsimile transmissions, airfare, meals and lodging. With respect to airfare expenses, all travel by individuals is billed at the coach rate with allowances for class upgrades.

11. HRO charges $.15 per page for duplication. HRO does not charge for incoming telecopier transmissions.

#1106963 v1

7

12. A summary of individual professional time and the value of such services rendered by HRO on the Debtors' cases during the Fee Period is attached hereto as **Exhibit B**. The total value of such services rendered during the Fee Period for which HRO is requesting approval is $41,451.00.

13. A summary of expenses by type and amount incurred by HRO on the Debtors' behalf during the Fee Period is attached hereto as **Exhibit C**. All of these disbursements comprise the requested sum for HRO's out-of-pocket expenses, totaling $3,548.55.

### Representations

14. HRO believes that the Application is in compliance with the requirements of Del.Bankr.LR 2016-2.

15. Although every effort has been made to include all fees and expenses from the Fee Period in this Application, some fees and expenses from the Fee Period might not be included in the Application due to accounting and processing delays. HRO reserves the right to make further application to this Court for allowance of fees and expenses for the Fee Period not included herein.

### Requested Relief

16. By the Application, HRO requests approval for fees and expenses in the total amount of $44,999.55, consisting of (a) $41,451.00 for reasonable and necessary professional services rendered, and (b) $3,548.55 for actual and necessary costs and expenses incurred, from April 1, 2005 through June 30, 2005.

17. At all relevant times, HRO has been a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code and has not represented or held an interest adverse to the interest of the Debtors.

18. All services for which compensation is requested by HRO were performed for or on behalf of the Debtors and not on behalf of any committee, creditor or other person.

19. HRO has received no payment for fees and expenses for the services performed and expenses incurred in April, May and June, 2005 presented in the Application.

20. Pursuant to Fed.R.Bankr.P. 2016(b), HRO has not shared, nor agreed to share, any compensation it may receive from the Debtors and/or their estates with any other party or person other than partners, counsel, associates, paralegals and employees of HRO.

21. This is the seventeenth quarterly application for interim compensation for services rendered that HRO has filed with the Bankruptcy Court in connection with the Chapter 11 Cases.

WHEREFORE, HRO respectfully requests that this Court enter an Order, substantially in the form attached hereto, approving the fees of $41,451.00; and expenses of $3,548.55, for the period of April 1, 2005 through June 30, 2005, and that the Debtors be authorized and directed to pay HRO the outstanding amounts of such fees, and for such other and further relief as this Court deems proper.

Dated this ____ day of August, 2005.

HOLME ROBERTS & OWEN, LLP

By: _____
Elizabeth K. Flaagan, Esq. (Colo. #22604)
1700 Lincoln Street, Suite 4100
Denver, Colorado 80203
(303) 861-7000