## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | Docket No. 9044 and |
| | | 8/29/05 Agenda Item 1 |

## ORDER AUTHORIZING THE DEBTORS TO ENTER INTO SETTLEMENT AGREEMENTS WITH CERTAIN TAX AUTHORITIES AND DIRECTING THE DEBTORS TO PAY TAX CLAIMS OR RECEIVE TAX REFUND

Upon consideration of the motion (the "Motion") of the above-captioned debtors and

debtors in possession (collectively, the "Debtors") seeking entry of an order (i) authorizing the

Debtors to enter into the Settlement Agreements;[2] (ii) directing the Debtors to agree that the

assessments against WRG (Delaware) Inc. constituting general unsecured claims will be an

agreed claim subject to the Debtors bankruptcy proceedings; (iii) directing the Debtors to make

immediate payments of taxes due pursuant to the Proposed WI Settlement Agreement and the

Proposed NYC Settlement Agreement; and (iv) directing the Massachusetts Department of

Revenue to make immediate payment of the Proposed Tax Refund to the Debtors pursuant to its

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

Settlement Agreement with the Debtors; and it appearing that the Court has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and it appearing that this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given; and it appearing that the relief requested in the Motion is in the best interests of the Debtors and their estates and creditors; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED, FOUND, AND DETERMINED THAT:

1.     The Motion is granted.

2.     The Debtors are authorized to enter into the Settlement Agreements.

3.     The Debtors are directed to agree that the assessments against WRG (Delaware) Inc. constituting general unsecured claims will be an agreed claim subject to the Debtors' bankruptcy proceedings. Such claims will not be subject to any further accrual of interest until paid by the Debtors upon emergence.

4.     The Debtors are directed to immediately pay taxes pursuant to the Proposed WI Settlement Agreement which taxes constitute priority claims against the Debtors' estates.

5.     The Debtors are directed to immediately pay taxes pursuant to the Proposed NYC Settlement Agreement which taxes constitute Indemnified Taxes under the Fresenius Agreement.

6.     The Massachusetts Department of Revenue is directed to pay the Proposed Tax Refund to the Debtors pursuant to its Settlement Agreement with the Debtors.

7.     The Wisconsin Department of Revenue and the NYCGCBT shall withdraw and/or amend with prejudice their respective proof(s) of claim upon receipt of payment from the Debtors in accordance with the terms of this Order.

2

8.    The Debtors are authorized and empowered to take all actions and execute such other documents as may be necessary to implement the relief granted herein.

9.    The Court shall retain jurisdiction to hear and determine all matters arising from or relating to this Order.

Dated: August **29**, 2005

The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

3