IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.;[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Re: Docket No. 5527 and** |
| | ) | **8/29/05 Agenda Item No. 7** |

## TWELFTH CONTINUATION ORDER GRANTING THE RELIEF SOUGHT IN DEBTORS' FIFTH OMNIBUS OBJECTION TO CLAIMS (SUBSTANTIVE) AS TO CONTINUED OBJECTIONS

1.      On May 5, 2004, the Debtors filed their Fifth Omnibus Objection[2] to Claims (the "Fifth Omnibus Objection") [Docket No. 5527]. The deadline to respond to the Fifth Omnibus Objection was June 4, 2004.

2.      On July 19, 2004, the Court entered the Order Granting the Relief Sought in Debtors' Fifth Omnibus Objection to Claims [Docket No. 6007].

3.      On August 23, 2004, the Court entered the Continuation Order Granting the Relief Sought in Debtors' Fifth Omnibus Objection to Claims (Substantive) as to Continued Objections [Docket No. 6264].

---

[1]      The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2]      Capitalized terms used but not defined herein are as defined in the Debtors' Fifth Omnibus Objection.

4.      On September 30, 2004, the Court entered the Second Continuation Order Granting the Relief Sought in Debtors' Fifth Omnibus Objection to Claims (Substantive) as to Continued Objections [Docket No. 6506].

5.      On October 25, 2004, the Court entered the Third Continuation Order Granting the Relief Sought in Debtors' Fifth Omnibus Objection to Claims (Substantive) as to Continued Objections [Docket No. 6739].

6.      On November 15, 2004, the Court entered the Fourth Continuation Order Granting the Relief Sought in the Debtors' Fifth Omnibus Objection to Claims (Substantive) as to Continued Objections [Docket No. 6960].

7.      On December 20, 2004, the Court entered the Fifth Continuation Order Granting the Relief Sought in the Debtors' Fifth Omnibus Objection to Claims (Substantive) as to Continued Objections [Docket No. 7400].

8.      On March 15, 2005, the Court entered the Sixth Continuation Order Granting the Relief Sought in the Debtors' Fifth Omnibus Objection to Claims (Substantive) as to Continued Objections [Docket No. 8025].

9.      On April 7, 2005, the Court entered the Seventh Continuation Order Granting the Relief Sought in the Debtors' Fifth Omnibus Objection to Claims (Substantive) as to Continued Objections [Docket No. 8187].

10.     On April 24, 2005, the Court entered the Eighth Continuation Order Granting the Relief Sought in the Debtors' Fifth Omnibus Objection to Claims (Substantive) as to Continued Objections [Docket No. 8328].

11. On May 16, 2005, the Court entered the Ninth Continuation Order Granting the Relief Sought in the Debtors' Fifth Omnibus Objection to Claims (Substantive) as to Continued Objections [Docket No. 8450].

12. On June 27, 2005, the Court entered the Tenth Continuation Order Granting the Relief Sought in the Debtors' Fifth Omnibus Objection to Claims (Substantive) as to Continued Objections [Docket No. 8735].

13. On July 19, 2005, the Court entered the Eleventh Continuation Order Granting the Relief Sought in the Debtors' Fifth Omnibus Objection to Claims (Substantive) as to Continued Objections [Docket No. 9011].

NOW, THEREFORE, upon consideration of the Debtors' Fifth Omnibus Objection seeking an order disallowing certain Claims; and it appearing that this Court has jurisdiction over this matter, that venue is proper and proper notice having been given and no further notice being required; and after due deliberation and sufficient cause appearing therefore, it is hereby

ORDERED that the Objection to each Claim listed on Exhibit A to this Order is continued to the September 26, 2005 omnibus hearing; and it is further

ORDERED that the Objections to the Claims listed on Exhibit B to this Order, Claim Nos. 14050 and 14051 filed by Dillingham-Manson Joint Venture, are withdrawn without prejudice and the Debtors retain the right to object to Claim Nos. 14050 and 14051 on any grounds in the future upon proper notice; and it is further

ORDERED that except as provided for herein and consistent with applicable local rules and Bankruptcy Rules, the rights of the Debtors to object to any Claim listed on any exhibit to this Order for any reason are expressly preserved; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters

arising from the implementation of this Order.

Dated: August 29, 2005

_____
Honorable Judith K. Fitzgerald
United States Bankruptcy Judge