**March 17, 2005 – E-mail from Speights to Finke**

Attached hereto is revised Stipulation re claims being put on the shelf. Please advise.

**March 4, 2005 - E-mail from Finke to Speights cc Beber**

Attached for your review is a proposed Stipulation that I believe sets forth the terms we discussed at our meeting on February 16. After you have had an opportunity to review the Stipulation, please advise whether it is acceptable to you in its present form or whether you wish to make any revisions.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

IN RE:                          .    Chapter 11

W.R. GRACE & CO., et al.,       .    Case No. 01-01139(JKF)
                                .    Jointly Administered
          Debtors.              .
                                .    June 27, 2005 (12:12 p.m.)
                                .    Wilmington

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE JUDITH K. FITZGERALD
UNITED STATES BANKRUPTCY COURT JUDGE

**April 7, 2005 - E-mail from Speights to Finke**

I just want to confirm that the ball is in your court.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE JUDITH K. FITZGERALD
UNITED STATES BANKRUPTCY COURT JUDGE

Armstrong --

Celotex; In Re: U.S. Mineral Product Company; and also in

different cases, Federal Mogul; In Re: Owens Corning; In Re:

on now. Mr. Speights has been called on this now in several

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

IN RE:                          . Case No.  01-1139 (JKF)
                                .
                                .
W.R. GRACE & CO.,               . Courtroom A, 54th Floor
                                . U.S. Steel Tower
                                . Pittsburgh, PA
          Debtor.              .
                                . July 19, 2005
                                . 8:42 a.m.
. . . . . . . . . . . . . . . .

                TRANSCRIPT OF HEARING
     BEFORE HONORABLE JUDITH K. FITZGERALD
     UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

For the Debtors:      Pachulski, Stang, Ziehl, Jones &
                      Weintraub, P.C.
                      By:  DAVID CARICKHOFF, ESQ.
                      919 North Market Street, 16th Fl.
                      Wilmington, Delaware 19899

                      Kirkland & Ellis LLP
                      By:  DAVID BERNICK, ESQ.
                           MICHELLE H. BROWDY, ESQ.
                           JANET BAER, ESQ.
                           BARBARA HARDING, ESQ.
                      200 East Randolph Drive
                      Chicago, Illinois 60601

21  From other people saying that it's not been authorized.  So, in

20  pursuing this with Mr. Speights, one of his answers was, and

23  this is, again, a remarkable answer, it's what I call the road

24  class.  And there's no other way to refer to it.  There was an

25  effort called the <u>Anderson Memorial</u> class action, and this was

2  damage claimants and a class.  There's only one problem.  It was

3  -- certification was denied.  Flatly denied.  So, time passed,

4  and nobody wanted to file a case that Grace was going to go

5  into bankruptcy.  So, all of a sudden a new class action is

6  filed, and the idea -- in the action, this was explicit with

7  the Court, is that Judge, you've got to certify this class and

8  certify it now, because Grace is going to file for bankruptcy,

9  essentially let's get our foot in the door.  Well, that was not

10  acted on until after the bankruptcy case was filed and the stay

11  was put in place.  So, we now have a class that apparently was

12  certified after this case was filed, and they now say, well,

13  that class action is there.  Now, they could have been candid

14  with the Court.  They could have come in and sough permission

21  From other people saying that it's not been authorized.  So, in
22  pursuing this with Mr. Speights, one of his answers was, and
23  this is, again, a remarkable answer, it's what I call the road
24  class.  And there's no other way to refer to it.  There was an
25  effort called the Anderson Memorial class action, and this was

2  damage claimants as a class.  There's only one problem.  It was
3  -- certification was denied.  Flatly denied.  So, time passed,
4  and nobody realized that Grace was going to go
5  into bankruptcy.  So, all of a sudden a new class action s
6  filed, and the idea -- in the action, this was explicit with
7  the Court, is that Judge, you've got to certify this class and
8  certify it.  Now, because Grace is going to file for bankruptcy,
9  essentially let's get our foot in the door.  Well, that was not
10  acted on until after the bankruptcy case was filed, and the after
11  "They could have been candid with the Court."
12  certified after this case was filed, and they now say, well,
13  that class action is there.  Now, they could have been candid
14  with the Court.  They could have come in and sough permission

Anderson Memorial v. W. R. Grace, et al.,

92-CP-25-279

▪ September 4, 1992 – U. S. District Court rules SC door closing statute no bar to nationwide class action.

▫ *Central Wesleyan College v. W. R. Grace & Co.,* 143 F.R.D. 628 (D.S.C.1992)

▪ December 23, 1992 – Anderson Memorial Class Action filed

▪ September 24, 1993 – *Central Wesleyan* affirmed – SC door closing not a bar to nationwide class action

▫ *Central Wesleyan College v. W. R. Grace & Co.,* 6 F.3d 177 (4th Cir.1993)

Anderson Memorial v. W. R. Grace, et al.,
92-CP-25-279

- July 1993 – S&R files group claims in Celotex Bankruptcy for Anderson putative class

- August 1994 – in spite of *Central Wesleyan*, Judge Howard strikes allegations related to non-South Carolina buildings in *Anderson*

- May 1996 – Celotex Voting Order

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:                                          Chapter 11

THE CELOTEX CORPORATION, et al.,        Consolidated Case Nos.
                                        90-10016-8B1
        Debtors.                        90-10017-8B1

ORDER REGARDING ESTIMATION OF
ASBESTOS PROPERTY DAMAGE CLAIMS FOR VOTING PURPOSES

THIS MATTER was presented to the Court on April 2, 1996, upon notice to all
necessary parties, to consider the Motion of the Debtors for Entry of an Order Establishing
Procedures for Estimating Asbestos Property Damage Claims for Voting Purposes (the
"Motion"). Present at the hearing were Jeffrey W. Warren, Esquire, and Stephen A. Madva,
Esquire, as counsel for The Celotex Corporation ("Celotex") and Carey Canada Inc. ("Carey
Canada") (collectively, the Debtors"), Sheldon S. Toll, Esquire, as counsel for the Asbestos
Health Claimants Committee (the "AH Committee"), James L. Patton, Jr., Esquire, as counsel
for the Legal Representative for Unknown Asbestos Claimants (the "Legal Representative"),
John W. Kozyak, Esquire, as counsel for the Asbestos Property Damage Claimants Committee
(the "PD Committee"), Charles M. Tatelbaum, Esquire, as counsel for the Trade Creditors
Committee, as well as other interested parties.

    After negotiations, the Debtors, the AH Committee, the Legal Representative and the PD
Committee have agreed to the entry of this Order on the following terms and conditions.

    Accordingly, it is