# ORDER REGARDING ESTIMATION OF ASBESTOS PROPERTY DAMAGE CLAIMS FOR VOTING PURPOSES

| Claimant | Celotex Claim Number | Carey Canada Claim Number | Estimated Value of Claim for Voting Purposes |
|---|---|---|---|
| American Hospital Assoc. (AHA) Claims | 7001 7002-7361 | 2639 2713-3072 | $ 20,000 |
| Anderson Memorial Nationwide Class Action | 6911 | 2567 | 0 |
| Barnes, St. L.M.D. | 6904 | 9561 | 20,000 |

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:

THE CELOTEX CORPORATION and
CAREY CANADA INC.,

    Debtors.

Chapter 11

Consolidated Case Nos.
90-10016-8B1
90-10017-8B1

ORDER CONFIRMING THE PLAN OF REORGANIZATION FOR
THE CELOTEX CORPORATION AND CAREY CANADA, INC.

The Confirmation Hearing¹ to consider confirmation of the Plan commenced on November 18, 1996 and concluded on December 5, 1996. The Court has considered (i) all of the testimony presented and evidence admitted at the Confirmation Hearing; (ii) the papers and pleadings on file in the Reorganization Cases, including, but not limited to, any adversary proceedings relating to the Reorganization Cases and (iii) the law of the case. Following the Confirmation Hearing and in conjunction with this Order, the Court entered its Findings and Conclusions.

Based upon the foregoing and the Findings and Conclusions, along with all other rulings by this Court made in connection with the Confirmation Hearing, it is hereby ORDERED:

Capitalized terms used in this Order shall have the meanings ascribed to them in the Plan, unless otherwise indicated or defined in the accompanying Findings Of Fact And Conclusions Of Law Regarding The Modified Joint Plan Of Reorganization Under Chapter 11 Of The United States Bankruptcy Code For The Celotex Corporation And Carey Canada Inc. (the "Findings and Conclusions"), or herein. Any capitalized term used in this Order that is not defined herein, in the Findings and Conclusions or in the Plan, but that is defined in the Bankruptcy Code or the Bankruptcy Rules, shall have the meaning ascribed to such term in the Bankruptcy Code or the Bankruptcy Rules. Such meanings shall be equally applicable to both the singular and the plural forms of such terms.

## ORDER CONFIRMING THE PLAN OF REORGANIZATION FOR THE CELOTEX CORPORATION AND CAREY CANADA, INC.

The Confirmation Hearing[1] to consider confirmation of the Plan commenc[ed]

25. *Group Claimants*: "Group Claimants" shall mean and refer to those groups of entities on whose behalf a single proof of claim has, or individual proofs of claim have been filed by the same duly authorized agent, including the representative of a Class Action which has not been certified as of this date.

# Grace's Treatment of *Anderson*

- Grace tries to Settle Anderson in 1997-98
- Grace simultaneously attacks Speights & Runyan's adequacy
- September 5-6, 2000 – two day evidentiary hearing in *Anderson*

# *Anderson* treatment in Celotex

- 1999 to 2004:
  - Claimants filing under Anderson allowed costs of:

*$274,515,457.37*

STATE OF SOUTH CAROLINA     )
                            )    IN THE COURT OF COMMON PLEAS
COUNTY OF HAMPTON           )
                            )    Civil Action No. 92-CP-25-279
Anderson Memorial Hospital, on behalf )
of itself and others similarly situated )
                            )
        Plaintiff,          )
                            )
    v.                      )    ORDER
                            )
W. R. Grace & Company; W.R. Grace & )
Company–Connecticut; United States )
Mineral Products Company; T&N, plc, )
formally Turner & Newall, PLC and Turner )
& Newall, LTD; United States Gypsum )
Company; Asbestos Products Manufacturing )
Corporation; Asbestospray Corporation; )
H&A Construction Company, )
                            )
        Defendants.         )

Anderson Memorial Hospital has petitioned this Court for emergency relief which is based on the verified petition of counsel. I find under the circumstances such ex parte request is appropriate and not violative of the prohibition against ex parte communications. Based on the evidence and law presented to me at this time, I conditionally certify against W. R. Grace & Company and W.R. Grace & Company–Connecticut the class action requested in the Plaintiff's class certification motion. I further issue a Rule to Show Cause, returnable within three days from the date this order is served, for W. R. Grace & Company and W.R. Grace & Company–Connecticut to show cause why this conditional class certification should not remain in effect pending the Court's final order on Plaintiff's motion to certify.

IT IS SO ORDERED.

_____
The Honorable John C. Hayes, III
Presiding Judge

York, South Carolina
February 9, 2001

appropriate and not violative of the prohibition against ex parte communications. Based on the evidence and law presented to me at this time, I conditionally certify against W. R. Grace & Company and W.R. Grace & Company–Connecticut the class action requested in the Plaintiff's class certification motion. I further issue a Rule to Show Cause, returnable within three days from the date this order is served, for W. R. Grace & Company and W.R. Grace & Company–Connecticut to show cause why this conditional class certification should not remain in effect pending the Court's final order on Plaintiff's motion to certify.

# *Grace Show Cause Hearing in Anderson*

- Status of Record prior to Show Cause hearing:
  - Class Certification motion filed January 2, 1998
  - Grace had filed three separate briefs in opposition
  - Grace had two (2) day evidentiary hearing
  - Grace requested and received permission to file post-hearing brief *five months* after evidentiary hearing
  - Grace's last brief was filed days before the Show Cause Hearing
  - Grace received another extension to file an additional brief before Show Cause Hearing
  - Grace represented by National and Local Counsel at Show Cause hearing

## Letter 1

**LEATH, BOUCH & CRAWFORD** LLP
PRACTICE LIMITED TO COMMERCIAL LITIGATION & CONSTRUCTION
WITH EMPHASIS ON CONSTRUCTION & ENVIRONMENTAL LAW

April 16, 2001

**VIA FACSIMILE ONLY AND MAIL**

Honorable John C. Hayes, III
Moss Justice Center
1675-H York Highway
York, SC 29745

RE: Anderson Memorial Hospital vs. Turner & Newall, et al.
Case No. 92-CP-25-279
LB&C File No. 1032.1

Dear Judge Hayes:

Defendant Turner & Newall withdraws all of its argument that Speights and Runyan would not be adequate class counsel for Plaintiff in this action. Turner & Newall retains all other arguments in opposition to Class Certification. Thank you and with best personal regards, I am

Very truly yours,

LEATH, BOUCH & CRAWFORD, LLP

Timothy W. Bouch

TWB:jsy
cc via fax and mail:
  Daniel A. Speights, Esq.
  Steven W. Ouzts, Esq.
  Donald A. Cockrill, Esq.
  Bruce E. Miller, Esq.

## Letter 2

**Moore & Van Allen**

April 12, 2001

Honorable John C. Hayes, III
Moss Justice CEnter
1675-H York Hwy.
York, SC 29745

Re: Anderson Memorial Hospital
MVA File 029002-4

Dear Judge Hayes:

Defendant United States Mineral Products Company (U.S. Mineral) withdraws all of its argument that Speights and Runyan would not be adequate class counsel for plaintiff in this action. U.S. Mineral retains all other arguments in opposition to Class Certification.

If you have any questions, do not hesitate to contact me

Respectfully,

Moore & Van Allen PLLC

Bruce E. Miller

BEM/kmg
cc:  Paul F. Slater, Esquire
     Daniel A. Speights, Esquire
     Donald A. Cockrill, Esquire
     Timothy W. Bouch, Esquire
     Steven W. Ouzts, Esquire
     Raymond T. Cullen, Esquire
     Allen S. Joslyn, Esquire
     Paul J. Hanly, Jr., Esquire

Bruce E. Miller
Certified Specialist
Employment & Labor Law
South Carolina Supreme Court

T 843.579.7032
F 843.579.7098
brucemiller@mvalaw.com

Suite 300
40 Calhoun Street
Post Office Box 22069
Charleston, SC 29413-2069