# EXHIBIT 1

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

Objection Deadline: October 7, 2005, 4:00 p.m.
Hearing Date: October 24, 2005, 12:00 p.m.

## NOTICE OF DEBTORS' FOURTEENTH
## OMNIBUS OBJECTION TO CLAIMS (NON-SUBSTANTIVE)

TO:    All parties required to receive notice pursuant to Del. L.R. 2002-1; counsel to each of the official committees appointed by the UST; counsel to the debtor in possession lenders; counsel to the Future Claimants' Representative, and affected claimants or their counsel as appropriate

On September 1, 2005, the above-captioned debtors and debtors in possession

(collectively, the "Debtors") filed the *Debtors' Fourteenth Omnibus Objection to Claims (Non-*

*Substantive)* (the "Fourteenth Omnibus Objection"), which seeks an order disallowing and

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

expunging the listed claims, with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, Wilmington, Delaware 19801 (the "Bankruptcy Court").

Responses to the relief requested in the Fourteenth Omnibus Objection, if any, must be in writing and filed with the Bankruptcy Court no later than **October 7, 2005 at 4:00 p.m. Eastern.**

At the same time, you must also serve a copy of the response, if any, upon the following: (i) co-counsel for the Debtors: (a) Janet S. Baer, Kirkland & Ellis LLP, 200 East Randolph Drive, Chicago, IL 60601 (fax 312-861-2200), (b) Laura Davis Jones, Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C., 919 North Market Street, Suite 1700, P.O. Box 8705, Wilmington, DE 19899-8705 (Courier 19801) (fax 302-652-4400); (ii) counsel to the Official Committee of Unsecured Creditors, Lewis Kruger, Stroock & Stroock & Lavan, 180 Maiden Lane, New York, NY 10038-4982 (fax 212-806-6006), and Michael R. Lastowski, Duane, Morris & Heckscher, LLP, 1100 N. Market Street, Suite 1200, Wilmington, DE 19801-1246 (fax 302-657-4901); (iii) counsel to the Official Committee of Property Damage Claimants, Scott L. Baena, Bilzin, Sumberg, Dunn, Baena, Price & Axelrod, First Union Financial Center, 200 South Biscayne Boulevard, Suite 2500, Miami, FL 33131 (fax 305-374-7593), and Michael B. Joseph, Ferry & Joseph, P.A., 824 Market Street, Suite 904, P.O. Box 1351, Wilmington, DE 19899 (fax 302-575-1714); (iv) counsel to the Official Committee of Personal Injury Claimants, Elihu Inselbuch, Caplin & Drysdale, 399 Park Avenue, 36th Floor, New York, NY 10022 (fax 212-644-6755), and Marla Eskin, Campbell & Levine, LLC, 800 N. King Street, Suite 300, Wilmington, DE 19801 (fax 302-426-9947); (v) counsel to the Official Committee of Equity Holders, Thomas M. Mayer, Kramer Levin Naftalis & Frankel LLP, 919 Third Avenue, New

2

York, NY 10022 (fax 212-715-8000), and Teresa K.D. Currier, Klett Rooney Lieber & Schorling, 1000 West Street, Suite 1410, P.O. Box 1397, Wilmington, DE 19899-1397 (fax 302-552-4220); (vi) counsel to the Future Claimants' Representative, Richard H. Wyron, Swidler Berlin Shereff Friedman, LLP, 3000 K Street, NW, Suite 300, Washington, DC 20007 (fax 202-424-7643), and John C. Phillips, Jr., Phillips, Goldman & Spence, P.A., 1200 North Broom Street, Wilmington, DE 19806 (fax 302-655-4210); and (vii) the Office of the United States Trustee, Attn: David Klauder, 844 N. King Street, Wilmington, DE 19801 (fax 302-573-6497).

IF NO RESPONSES ARE TIMELY FILED AND SERVED IN ACCORDANCE WITH THIS NOTICE, THE BANKRUPTCY COURT MAY GRANT THE RELIEF REQUESTED BY THE FOURTEENTH OMNIBUS OBJECTION WITHOUT FURTHER NOTICE OR HEARING.

IN THE EVENT THAT ANY RESPONSE IS FILED AND SERVED IN ACCORDANCE WITH THIS NOTICE, A HEARING ON THE FOURTEENTH OMNIBUS OBJECTION WILL BE HELD BEFORE THE HONORABLE JUDITH K. FITZGERALD AT THE BANKRUPTCY COURT ON **OCTOBER 24, 2005 AT 12:00 P.M. EASTERN TIME.**

Dated: September 1, 2005

> KIRKLAND & ELLIS LLP
> David M. Bernick, P.C.
> Janet S. Baer
> Joseph S. Nacca
> 200 East Randolph Drive
> Chicago, IL 60601
> Telephone: (312) 861-2000
>
> and
>
> PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.
>
> Laura Davis Jones (Bar No. 2436)
> David W. Carickhoff, Jr. (Bar No. 3715)
> Scotta E. McFarland (Bar No. 4184)
> 919 North Market Street, 16th Floor
> P.O. Box 8705
> Wilmington, DE 19899-8705 (Courier 19801)
> Telephone: (302) 652-4100
> Facsimile: (302) 652-4400
>
> Co-Counsel for the Debtors and Debtors in Possession

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

In re:                                      ) Chapter 11
                                            )
W. R. GRACE & CO., et al.;[1]               ) Case No. 01-01139 (JKF)
                                            )
            Debtors.                        ) (Jointly Administered)
                                            )
                                            ) Hearing Date: October 24, 2005, 12:00 noon
                                            ) Responses Due: October 7, 2005, 4:00 p.m.

## DEBTORS' FOURTEENTH OMNIBUS OBJECTION TO CLAIMS (NON-SUBSTANTIVE)

The Debtors hereby object to certain traditional asbestos property damage claims and seek their disallowance. As outlined in detail below, the claims must be disallowed because (1) they were filed after the Bar Date established by the Court or (2) they were filed without *any* documentation to support them. In further support of this Objection, the Debtors state as follows:

### Jurisdiction

1.      This Court has jurisdiction over this matter under 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A) and (O).

---

[1]     The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

2.      The statutory bases for relief requested herein are 11 U.S.C. §§ 105(a) and 502 and Rules 3001 and 3007 of the Federal Rules of Bankruptcy Procedure (as amended from time to time, the "Bankruptcy Rules").

### Background

3.      On April 2, 2001 (the "Petition Date"), each of the Debtors in these chapter 11 cases filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (as amended from time to time, the "Bankruptcy Code") commencing their respective chapter 11 cases (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for administrative purposes only, and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

### Claims Bar Date

4.      By an order dated April 22, 2002, this Court set March 31, 2003 as the last date for filing proofs of claim for all pre-petition traditional asbestos property damage claims (the "PD Claims"), non-asbestos claims (including all governmental claims), and medical monitoring claims (the "Bar Date"). A bar date has yet to be set for asbestos personal injury claims and claims related to Zonolite Attic Insulation.

### The Objection And Request For Relief

5.      By this 14th Omnibus Objection, the Debtors seek disallowance of the PD Claims set forth in Exhibits A and B attached hereto for the reasons described herein and in such exhibits:

(a)     The claims set forth as "Late Filed" in Exhibit A attached hereto are claims that were filed after the Bar Date established by the Court (the "Late Filed Claims"); and

2

(b)     The claims set forth as "No Supporting Documentation" in <u>Exhibit B</u> attached

hereto are claims that have been filed without any documentation to support them

(the "No Supporting Documentation Claims").

### The Late Filed Claims

6.      The Debtors object to the Late Filed Claims pursuant to Section 502(b)(1) of the

Bankruptcy Code. The proofs of claim listed on <u>Exhibit A</u> should be disallowed because each of

them was filed after Bar Date. The Bar Date Order and Bar Date Notice specifically provide that

any claimants that failed to timely file their Proofs of Claim would be forever barred and

enjoined from asserting their claims.[2]

7.      By and through its Bar Date Order, the Court set March 31, 2003 as the last date

for filing proofs of claim for all pre-petition PD Claims. The Bar Date Order specifically states

that anyone who failed to timely file a proof of claim would be barred from participating in the

Debtors' estates. In particular, the Bar Date Order provides as follows:

> ORDERED that any person holding an Asbestos Property Damage Claim,
> Medically Monitoring Claim or Non-Asbestos Claim who does not file a
> completed Proof of Claim Form on or before the Bar Date shall be *forever barred*
> to the extent of applicable law from *(a) participating in the Debtors' estates, (b)
> voting with respect to any plan of reorganization filed in or in connection with
> any confirmed plan of reorganization in these cases; and (c) receiving any
> distribution from the Debtors or any entity created pursuant to or in connection
> with any confirmed plan of reorganization in these cases.* Further such parties (a)
> to the extent of applicable law shall be bound by the terms of any confirmed plan
> of reorganization (including, without limitation, any provisions therein that
> provide the Debtor, any successor or any party under a confirmed plan with a
> release or discharge pursuant to 11 U.S.C. §§ 524(g) and 1141, and (b) shall not
> receive any further notice of these cases or the matters considered in connection
> therewith...

---

[2] *See Order as to All Non-Asbestos Claims, Asbestos Property Damage Claims, and Medical Monitoring Claims: (I)
Establishing Bar Date, (II) Approving Proof of Claim Forms and (III) Approving Notice Program,* dated April 22, 2002, docket
no. 1963, (the "Bar Date Order"); and *Claims Bar Date Notice ,* dated April 22, 2002, docket no. 1960 (the "Bar Date Notice").

Bar Date Order at pg. 6 (emphasis added)

8.    The Bar Date Order provides that proofs of claim would be timely filed "only if actually received by the Debtors' Claims Processing Agent at the address provided for in the Bar Date Notice on or before the Bar Date..." Id. at pg. 3.

9.    The Bar Date Order also approved the Debtors' Bar Date Notice and specifically provided that "notification of the relief granted by this [Bar Date] Order as provided herein and in the [Bar Date] Motion is fair and reasonable and will provide good, sufficient and proper notice to all creditors of their rights and obligations in connection with the claims they may have against the Debtors in these chapter 11 cases in satisfaction of due process..." Id.

10.    The Bar Date Notice specifically notified potential claimants that (i) any Asbestos Property Damage Claim was required to be filed on, or before, the Bar Date and (ii) any late claims would be barred.  The Bar Date Notice states as follows:

> ANY HOLDER OF A NON-ASBESTOS CLAIM, ASBESTOS PROPERTY DAMAGE CLAIM OR MEDICAL MONITORING CLAIM WHO IS REQUIRED TO FILE A PROOF OF CLAIM AND USE A COURT APPROVED PROOF OF CLAIM FORM AND WHO FAILS TO FILE A PROOF OF CLAIM ON OR BEFORE THE BAR DATE FOR ANY CLAIMS SUCH CLAIMANT HOLDS AGAINST ANY OF THE DEBTORS OF THEIR PREDECESSORS-IN-INTEREST, INSURANCE CARRIERS OR THE DEBTORS' PROPERTY, **SHALL BE FOREVER BARRED, ESTOPPED AND ENJOINED** FROM ASSERTING ANY SUCH CLAIMS (OR FILING A PROOF OF CLAIM WITH RESPECT TO SUCH CLAIMS) AGAINST ANY OF THE DEBTORS, THEIR PROPERTY OR THEIR ESTATES.  IF ANY SUCH CLAIMS ARE SO BARRED, EACH OF THE DEBTORS AND ITS PROPERTY SHALL BE FOREVER DISCHARGED FROM ALL INDEBTEDNESS AND LIABILITIES WITH RESPECT TO SUCH CLAIMS AND THE HOLDERS OF SUCH CLAIMS SHALL NOT BE PERMITTED TO VOTE ON ANY PLAN OR PLANS OF REORGANIZATION N ACCOUNT OF SUCH CLAIMS, OR TO RECEIVE FURTHER NOTICES REGARDING SUCH CLAIMS OR REGARDING THESE CHAPTER 11 CASES.

Bar Date Notice ¶9, 7.

4

11.   Accordingly, the Bar Date Order specifically provides that any late-filed claims should be disallowed, and the Bar Date Notice notified potential claimants that any late claims would be disallowed and barred. Because each of the claims listed on Exhibit A was received by the Debtors' claims agent after the Bar Date, the Court should disallow and expunge each of those claims.

### The No Supporting Documentation Claims

12.   On December 6, 2004 and pursuant to the Court's July 19, 2004 Gateway Objection Order, Docket No. 6009, the Debtors served the holders of the No Supporting Information Claims listed on Exhibit B with a Notice of Intent to Object to Claims on the Basis of Materially Insufficient Supporting Information and Opportunity to Supplement Claim (the "Notice of Intent to Object"), Docket No. 7104. In the Notice of Intent to Object, the Debtors notified claimants that, among other things, the claimants failed to file any supporting documentation with their proofs of claim and that claimants had 60 days in which to provide such documentation or the Debtors would thereafter object to such claims on the basis of failure to supply supporting documentation. None of the holders of the claims listed on Exhibit B filed any supporting documentation, either with their claims originally or after receipt of the Notice of Intent to Object.

13.   By and through its Bar Date Order, the Court approved the Asbestos PD Proof of Claim Form ("PD POC"). The PD POC form specifically provides in the General Instruction that the form must be filled out completely and if a claimant is unable to provide any of the information required, a short statement explaining why such information is unavailable must be provided. Questions 3-C-16, 18 and 22 and Questions 3-D-36, 38 and 42 of the PD POC form require documents to be supplied supporting the claim, or if the documents are too voluminous, to attach a summary of the documents.

5

14.    The Debtors object to the claims listed on <u>Exhibit B</u> because those claims are not accompanied by either supporting documentation or a summary of any supporting documentation.

15.    As a result, the claims listed on <u>Exhibit B</u> should be disallowed and expunged.

### Separate Contested Matters

16.    To the extent that a response is filed regarding any claim listed in the this 14th Omnibus Objection and the Debtors are unable to resolve the response, each such claim and the Objection by the Debtors to each such claim asserted in the 14th Omnibus Objection shall constitute a separate contested matter as contemplated by Rule 9014 of the Federal Rules of Bankruptcy Procedure.  Any order entered by the Court regarding an objection asserted in the 14th Omnibus Objection shall be deemed a separate order with respect to each claim.

### Responses to Omnibus Objections

17.    To contest an objection, a claimant must file and serve a written response to this 14th Omnibus Objection (a "Response") so that it is received no later than 4:00 p.m. (Eastern Time) on October 7, 2005.  Every Response must be filed with the Office of the Clerk of the United States Bankruptcy Court for the District of Delaware: Marine Midland Plaza, 824 Market Street, Wilmington, Delaware 19801 and served upon the following entities, so that the response is received no later than 4:00 p.m. (Eastern Time) on October 7, 2005, at the following addresses:

Co-Counsel for the Debtors:

Kirkland & Ellis LLP
200 E. Randolph Drive
Chicago, Illinois 60601
Attn: Katie Phillips

-and-

6

Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C.
919 North Market Street, 16th Floor
Wilmington, Delaware 19801
Attn: David Carickhoff

18.    If a claimant fails to file and serve a timely Response, the Debtors may present to the Court an appropriate order disallowing and expunging the claim, without further notice to the claimant or a hearing.

### Replies to Responses

19.    The Debtors may, at their option, file and serve a reply to a claimant's Response.

### Reservation

20.    The Debtors hereby reserve the right to object in the future to any of the claims listed in this 14th Omnibus Objection or on the exhibits attached hereto on any ground, and to amend, modify and/or supplement this 14th Omnibus Objection, including, without limitation, to object to amended claims and newly-filed claims. Separate notice and hearing will be scheduled for any such objection.

21.    Notwithstanding anything contained in this 14th Omnibus Objection or the attached exhibits, nothing herein shall be construed as a waiver of any rights that the Debtors may have (a) to bring avoidance actions under the applicable sections of the Bankruptcy Code, including, but not limited to, 11 U.S.C. § 547, against the holders of claims subject to the 14th Omnibus Objection; or (b) to exercise its rights of setoff against the holders of such claims relating to such avoidance actions.

### Notice

22.    The Debtors will serve copies of this 14th Omnibus Objection (with all exhibits) (1) on the Office of the United States Trustee; (2) on all parties that have requested that they be served with all pleadings filed in these cases pursuant to Federal Rule of Bankruptcy Procedure

7

2002 (the "2002 List"); and (3) upon counsel for those creditors, or the creditors themselves if not represented by counsel, that have filed claims that are affected by the 14th Omnibus Objection.

23.    The Debtors submit that notice of this 14th Omnibus Objection is sufficient under Federal Rule of Bankruptcy Procedure 3007 and that no further notice is necessary.

### No Previous Request

24.    No previous request for the specific relief set forth herein has been made to this or any other court.

### Compliance With Rule 3007-1

25.    This 14th Omnibus Objection, and related exhibits attached hereto, complies with Rule 3007-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware.

8

WHEREFORE, the Debtors respectfully request that the Court enter an order disallowing and expunging each of the claims more fully described in this 14th Omnibus Objection and/or listed on the exhibits attached hereto.

Dated: September 1, 2005

KIRKLAND & ELLIS LLP
David M. Bernick, PC
Michelle Browdy
Janet S. Baer
Samuel Blatnick
200 East Randolph Drive
Chicago, IL 60601
(312) 861-2000

and

PACHULSKI, STANG, ZIEHL, YOUNG, JONES
& WEINTRAUB P.C.

Laura Davis Jones (Bar No. 2436)
David W. Carickhoff, Jr. (Bar No. 3715)
Scotta E. McFarland (Bar No. 4184)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
(302) 652-4100

Co-Counsel for Debtors and Debtors in Possession

9

EXHIBIT A
LATE FILED CLAIMS

| Claimant Name | Claim Number | Claim Amount** | Reason for Proposed Disallowance |
|---|---|---|---|
| HERNANDEZ, PEDRO | 15322 | N/A | Claim was filed after the effective Bar Date. |
| KOSKI, EINO AND AILI | 15348 | N/A | Claim was filed after the effective Bar Date. |
| KWAS, DANIEL | 15344 | N/A | Claim was filed after the effective Bar Date. |
| MACERICH FRESNO LIMITED PARTNERSHIP | 15310 | N/A | Claim was filed after the effective Bar Date. |
| MOBLEY, ERICA MICHELL | 11359 | N/A | Claim was filed after the effective Bar Date. |
| PAULETTE, MARCELLA M | 15352 | N/A | Claim was filed after the effective Bar Date. |
| WORDEN, GLADWIN | 15345 | N/A | Claim was filed after the effective Bar Date. |

Total No. of Claims:  7

**Del.Bankr.LR 3007-1(e)(i)(ii) requires that the Debtors include, on this exhibit, a column listing the amount of the claim. The claim amount column on this exhibit reflects a status of "N/A" due to the fact that the court-approved Asbestos Property Damage Proof of Claim Form did not require claimants to provide a claim amount.

EXHIBIT B
NO SUPPORTING DOCUMENTATION

| Claimant Name | Claim Number | Claim Amount** | Reason for Proposed Disallowance |
|---|---|---|---|
| ALLEGHENY CENTER ASSOCIATES | 9778 | N/A | No supporting documentation. |
| ANDERSON, ALICE DIANE | 13912 | N/A | No supporting documentation. |
| BALOGA, ALOYS JOSEPH | 1726 | N/A | No supporting documentation. |
| BARKER, LAWRENCE | 11331 | N/A | No supporting documentation. |
| BARKO JR, WALLACE | 11332 | N/A | No supporting documentation. |
| BAUER, GEORGE JAMES | 4712 | N/A | No supporting documentation. |
| BENDER, PATSY ANN | 1793 | N/A | No supporting documentation. |
| BENEFIELD, DONALD CHARLES | 13905 | N/A | No supporting documentation. |
| BRALEY, EUGENE ALFRED | 4711 | N/A | No supporting documentation. |
| BRANCH, SUE | 11333 | N/A | No supporting documentation. |
| BUNDROCK, DANIEL ARTHUR | 9674 | N/A | No supporting documentation. |
| BURKS, WILLIE B | 12753 | N/A | No supporting documentation. |
| CAMPEAU, THOMAS FRANCIS | 2128 | N/A | No supporting documentation. |
| CAROL, GRAHAM A | 9849 | N/A | No supporting documentation. |
| CARR, MATTIE FEARS | 2430 | N/A | No supporting documentation. |
| CHASE, ADAM STEPHEN | 11334 | N/A | No supporting documentation. |
| CHRISTENSEN, DWIGHT | 11336 | N/A | No supporting documentation. |
| CHRISTIANSEN, DAVID JOSEPH | 13910 | N/A | No supporting documentation. |
| CISEWSKI, CAROLINE | 11335 | N/A | No supporting documentation. |
| COUNTY OF FRESNO CALIFORNIA | 11266 | N/A | No supporting documentation. |
| COUNTY OF FRESNO CALIFORNIA | 11270 | N/A | No supporting documentation. |
| COUNTY OF FRESNO CALIFORNIA | 11271 | N/A | No supporting documentation. |

**Del.Bankr.LR 3007-1(e)(iii) requires that the Debtors include, on this exhibit, a column listing the amount of the claim. The claim amount column on this exhibit reflects a status of "N/A" due to the fact that the court-approved Asbestos Property Damage Proof of Claim Form did not require claimants to provide a claim amount.

EXHIBIT B
NO SUPPORTING DOCUMENTATION

| Claimant Name | Claim Number | Claim Amount** | Reason for Proposed Disallowance |
|---|---|---|---|
| COUNTY OF FRESNO CALIFORNIA | 11274 | N/A | No supporting documentation. |
| CRAIG, JAMES | 11337 | N/A | No supporting documentation. |
| DAUSTAR, BRAD | 11338 | N/A | No supporting documentation. |
| DAVIS, DR JOHN ROBERT | 10579 | N/A | No supporting documentation. |
| DEPAUW, MARK | 11339 | N/A | No supporting documentation. |
| DOMBROSKI, THOMAS F | 2201 | N/A | No supporting documentation. |
| DRAKE, HEIDI MARIA | 13911 | N/A | No supporting documentation. |
| ERICKSON, RODNEY A | 5557 | N/A | No supporting documentation. |
| FIEBIGER, DAVID & GAIL | 11340 | N/A | No supporting documentation. |
| FINEBERG, JORDAN | 11341 | N/A | No supporting documentation. |
| FORLAND, JEAN | 11342 | N/A | No supporting documentation. |
| FOSS, PATRICIA | 11343 | N/A | No supporting documentation. |
| FREEBURY, DANNY JAMES | 5554 | N/A | No supporting documentation. |
| FULLER, STEVEN | 11344 | N/A | No supporting documentation. |
| GALLAGHER, LARRY | 11345 | N/A | No supporting documentation. |
| GUBBIN, JULIE | 11346 | N/A | No supporting documentation. |
| HARRIS, TOBI CHRISTINE | 11347 | N/A | No supporting documentation. |
| HERNANDEZ, PEDRO | 15322 | N/A | No supporting documentation. |
| JOHNSON, KEITH | 11349 | N/A | No supporting documentation. |
| JONK, TRISTA | 11350 | N/A | No supporting documentation. |
| KELLY, LAWRENCE DOUGLAS | 4396 | N/A | No supporting documentation. |
| KERR, EDWARD B | 1413 | N/A | No supporting documentation. |

**Del.Bankr.LR 3007-1(e)(iii) requires that the Debtors include, on this exhibit, a column listing the amount of the claim. The claim amount column on this exhibit reflects a status of "N/A" due to the fact that the court-approved Asbestos Property Damage Proof of Claim Form did not require claimants to provide a claim amount.

Page 2 of 5

EXHIBIT B
NO SUPPORTING DOCUMENTATION

| Claimant Name | Claim Number | Claim Amount** | Reason for Proposed Disallowance |
|---|---|---|---|
| KNAUSS, DONALD LEE | 3054 | N/A | No supporting documentation. |
| KOURI, MARTIN | 11351 | N/A | No supporting documentation. |
| KOURI, NAMIE | 11352 | N/A | No supporting documentation. |
| KOURI, THOMAS | 11353 | N/A | No supporting documentation. |
| KOVENSKY, WAYNE | 11354 | N/A | No supporting documentation. |
| KUELBS, LEO | 11355 | N/A | No supporting documentation. |
| KUHA, ELLA | 11356 | N/A | No supporting documentation. |
| LA MARTIN COMPANY INC | 11371 | N/A | No supporting documentation. |
| LANDRY, JOHN | 11357 | N/A | No supporting documentation. |
| LAWRENCE LAMAR RICE WEST MELBOURNE | 12754 | N/A | No supporting documentation. |
| LECKRONE, DEAN BRADFORD | 13909 | N/A | No supporting documentation. |
| LEES, TIMOTHY | 11358 | N/A | No supporting documentation. |
| LEHNERT, ARNOLD | 9662 | N/A | No supporting documentation. |
| MARTIN, PAUL J | 11310 | N/A | No supporting documentation. |
| MARTIN, PHILIP | 11360 | N/A | No supporting documentation. |
| MARTIN, SHARON | 11361 | N/A | No supporting documentation. |
| MISKOWIEK, MICHAEL | 11362 | N/A | No supporting documentation. |
| MJ&P LLC | 11312 | N/A | No supporting documentation. |
| MOBLEY, ERICA MICHELL | 11359 | N/A | No supporting documentation. |
| MUNSEL, DONALD | 9667 | N/A | No supporting documentation. |
| NELSON, PETE O | 9669 | N/A | No supporting documentation. |
| NIGHTLINGER, GERALD THOMAS | 12778 | N/A | No supporting documentation. |

**Del.Bankr.LR 3007-1(e)(iii) requires that the Debtors include, on this exhibit, a column listing the amount of the claim. The claim amount column on this exhibit reflects a status of "N/A" due to the fact that the court-approved Asbestos Property Damage Proof of Claim Form did not require claimants to provide a claim amount.

Page 3 of 5

EXHIBIT B
NO SUPPORTING DOCUMENTATION

| Claimant Name | Claim Number | Claim Amount** | Reason for Proposed Disallowance |
|---|---|---|---|
| NORDSTROM, ROBERT | 11363 | N/A | No supporting documentation. |
| ORR, HOWARD KING | 9656 | N/A | No supporting documentation. |
| OSTLUND, CHYLEEN | 11364 | N/A | No supporting documentation. |
| P&S ASSOCIATES | 1309 | N/A | No supporting documentation. |
| PAKIRTZIS, ZAHARIAS | 11365 | N/A | No supporting documentation. |
| PARKER, MELVIN GEORGE | 9657 | N/A | No supporting documentation. |
| PATCH, GARY | 11366 | N/A | No supporting documentation. |
| PAUL, NORMAN | 4717 | N/A | No supporting documentation. |
| PAULETTE, MARCELLA MAE | 2361 | N/A | No supporting documentation. |
| REZAI, MAHTAB | 11367 | N/A | No supporting documentation. |
| ROY MCMILLAN PR OF ESTATE OF ROBERT MCMI | 9663 | N/A | No supporting documentation. |
| RUSSINIK, JOHN | 11368 | N/A | No supporting documentation. |
| SCHACK, GAIL | 11369 | N/A | No supporting documentation. |
| SCHAEFER, WILLIAM | 11370 | N/A | No supporting documentation. |
| SELLERS, CARLA | 11371 | N/A | No supporting documentation. |
| SEYMOUR, JEAN | 11372 | N/A | No supporting documentation. |
| SMITH, JOHN | 11373 | N/A | No supporting documentation. |
| SOUCEK, ALBERT JON | 11374 | N/A | No supporting documentation. |
| SPEIDEL, TIMOTHY JON | 11375 | N/A | No supporting documentation. |
| SPINGLER, CLIFFORD M | 5986 | N/A | No supporting documentation. |
| ST JOHN'S EVANGELICAL LUTHERAN CHURCH | 11378 | N/A | No supporting documentation. |
| STATE OF KANSAS | 5565 | N/A | No supporting documentation. |

**Del.Bankr.LR 3007-1(e)(ii) requires that the Debtors include, on this exhibit, a column listing the amount of the claim. The claim amount column on this exhibit reflects a status of "N/A" due to the fact that the court-approved Asbestos Property Damage Proof of Claim Form did not require claimants to provide a claim amount.

Page 4 of 5

EXHIBIT B
NO SUPPORTING DOCUMENTATION

| Claimant Name | Claim Number | Claim Amount** | Reason for Proposed Disallowance |
|---|---|---|---|
| SYDLOSKI, DELORES | 11376 | N/A | No supporting documentation. |
| SZYKULSKI, CLEMENS | 11377 | N/A | No supporting documentation. |
| TAFT, ELIZABETH | 11380 | N/A | No supporting documentation. |
| TAYLOR, EDDIE | 2560 | N/A | No supporting documentation. |
| TREFFERT, BRIAN | 11379 | N/A | No supporting documentation. |
| UNIFIED GOVERNMENT OF WYANDOTTE COUNTY K | 11316 | N/A | No supporting documentation. |
| VAN RYSULK, PAUL | 11381 | N/A | No supporting documentation. |
| VANDERWOOD, RANDY | 11382 | N/A | No supporting documentation. |
| WAGNER, JOHN FRANCIS | 9670 | N/A | No supporting documentation. |
| WITTENBERG, WILLIAM R | 1724 | N/A | No supporting documentation. |
| WORLEY, WILLIAM | 11383 | N/A | No supporting documentation. |

Total No. of Claims:  99

Page 5 of 5

**Del.Bankr.LR 3007-1(e)(i)(ii) requires that the Debtors include, on this exhibit, a column listing the amount of the claim. The claim amount column on this exhibit reflects a status of "N/A" due to the fact that the court-approved Asbestos Property Damage Proof of Claim Form did not require claimants to provide a claim amount.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Re: Docket No. ____ and 10/24/05 Agenda Item |
| | ) | No. __ |

## ORDER GRANTING THE RELIEF SOUGHT IN DEBTORS'
## FOURTEENTH OMNIBUS OBJECTION TO CLAIMS (NON-SUBSTANTIVE)

Upon the Fourteenth Omnibus Objection to Claims (the "Fourteenth Omnibus Objection")[2] filed by the above captioned debtors and debtors in possession (the "Debtors"), seeking entry of an order expunging and disallowing certain Claims; and no previous application having been made; and upon consideration of the Fourteenth Omnibus Objection and all responses thereto; and due and proper notice of the Fourteenth Omnibus Objection having been given, it is hereby

---

[1]    The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2]    Capitalized terms used but not defined herein are as defined in the Fourteenth Omnibus Objection.

ORDERED that, except as hereinafter stated, the relief sought in the Fourteenth Omnibus Objection is granted to the extent not inconsistent with the language herein and with the Exhibits attached hereto;[3] and it is further

ORDERED that the Objection to each of the Late Filed Claims listed on <u>Exhibit A</u> to this Order is sustained, and each of the claims is expunged and disallowed for all purposes; and it is further

ORDERED that the Objection to each of the No Supporting Documentation Claims listed on <u>Exhibit B</u> to this Order is sustained, and each of the Claims is expunged and disallowed for all purposes; and it is further

ORDERED that the rights of the Debtors to object to any Claim listed on any exhibit to this Order for any reason are expressly preserved, except as provided for herein; and it is further

ORDERED that, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, made applicable in the contested matter by Rules 7054 and 9014 of the Federal Rules of Bankruptcy Procedure, the Court hereby directs entry of a final judgment with respect to the claims objections as to which relief is entered by this Order, the Court having determined that there is no just reason for delay in the entry of judgment on these matters; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: October ___, 2005

                                      _____
                                        Honorable Judith K. Fitzgerald
                                        United States Bankruptcy Judge

---

3    To the extent that any claim that is the subject of the Fourteenth Omnibus Objection has been or is otherwise addressed by an approved stipulation between the Debtors and the claimant, that stipulation shall control the disposition of that claim.

2