# Exhibit 1

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Re: Docket No. 8466 |

## DEBTORS' REPLY TO RESPONSE OF MARK C. BARNETT TO THE ELEVENTH OMNIBUS OBJECTION TO CLAIMS (NON-ASBESTOS GATEWAY)

The Court should expunge Claim No. 2107 filed by Mark C. Barnett ("Claimant"). For the reasons set forth below, the Debtors are not liable for the amount set forth in Claim No. 2017.

### Background

1. On April 2, 2001 (the "Petition Date"), each of the Debtors in these chapter 11 cases filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") commencing their respective chapter 11 cases (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for administrative purposes

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

only and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

2. By an order dated April 25, 2002, this Court set March 31, 2003 as the last date for filing proofs of claim for all pre-petition claims relating to asbestos property damage, non-asbestos claims (including all governmental claims) and medical monitoring claims (the "Bar Date"). A bar date has yet to be set for asbestos personal injury claims and claims related to Zonolite Attic Insulation.

3. On or about September 30, 2002, the Claimant filed Claim No. 2107. Claim No. 2107 is an alleged unsecured claim asserted in the amount of $4,637.56. A copy of said claim is attached hereto and incorporated herein as Exhibit A. The Claimant checked the box indicating that the claim was a claim for environmental liability. In addition, the Claimant indicated on the claim that he was an employee at "Cryovac" in Simpsonville, South Carolina.

### The Objection And Request For Relief

4. On December 6, 2004, and pursuant to the Court's Gateway Objection Order, the Debtors served the Claimant with a notice of the Debtors' intent to object to Claim No. 2107 on the basis of materially insufficient supporting information and provided the Claimant with an opportunity to supplement such claim within 60 days of the notice. However, the Claimant failed to file any supplemental information.

5. On May 18, 2005, the Debtors filed their Eleventh Omnibus Objection to Claims (Non-Asbestos Gateway) (the "Eleventh Non-Asbestos Gateway Omnibus Objection") [Docket No. 8466] in which the Debtors sought to disallow or reduce, as appropriate, the claims set forth in the exhibits attached thereto (the "Disputed Claims"). The Debtors objected to Claim No. 2017, indicating on Exhibit B to the Objection that Claimant failed to attach any supporting

2

documentation (a "No Supporting Information" Claim, as that term was defined in the Eleventh Non-Asbestos Gateway Omnibus Objection).

6. On or about June 6, 2005, the Claimant submitted to the Debtors' counsel a copy of page 1 of the Notice of Filing Debtors' Eleventh Omnibus Objection to Claims (Non-Asbestos Gateway) covered with handwritten notes. A copy of the document is attached hereto and incorporated herein as Exhibit B. Although the Claimant did not file the document with the Court as required, the Claimant requested on the face of the document that the Court consider the document as a response (the "Response"). The Claimant also wrote on the Response that "[t]he worst part about them is their hiring and unsubstantiated firing practices!"

7. The Claimant failed to provide any legal basis or proof as to why the Debtors' are liable for Claim No. 2107. The Claimant offers no legal authority or documentation to support his assertion. Lastly, the Claimant never filed a response properly with the Court. Therefore, the Court must disallow and expunge Claim No. 2017 from the record.

### Argument

8. In order for a claim to be valid, a claimant must meet its burden of proof. Basically, a claimant must allege facts sufficient to support a legal basis for the claim. If the assertions set forth in the filed claim meet this standard, the claim is prima facie valid pursuant to Fed.R.Bankr.P. 3001(f). *See In re Allegheny International, Inc.*, 954 F.2d 167, 173 (3rd Cir. 1992). If no party in interest objects to the proof of claim, the claim is deemed allowed pursuant to Section 502(a) of the Bankruptcy Code. 11 U.S.C. § 502(a). However, when an objection is filed, the objecting party bears the initial burden of presenting sufficient evidence to overcome the presumed validity and amount of the claim. *Allegheny International, Inc.*, 954 F.2d at 173-174; *In re Pagnotti*, 269 B.R. 326, 331 (Bankr. M.D. Penn. 2001). However, it is clear that the burden of persuading the court that the claim is valid remains with the claimant. *Pagnotti*, 269

3

B.R. at 331. In fact, "[i]f the objecting party overcomes the prima facie validity of the claim, then the burden shifts to the claimant to prove its claim by a preponderance of the evidence." *Smith v. Sprayberry Square Holdings, Inc. (In re Smith)*, 249 B.R. 328, 332-333 (Bankr. S.D.Ga. 2000).

9. In the case at bar, the Claimant failed to meet the initial burden of proof to support a prima facie claim. First, the Claimant failed to allege any facts sufficient to support a legal basis for Claim 2107. Second, the Claimant failed to provide any documentation to support any claim in any amount. Therefore, the Court must enter an order disallowing and expunging Claim No. 2017 from the record.

10. In the alternative, if the Court determines that the Claimant has met the initial burden of providing a legal basis for Claim No. 2017, the Debtors maintain that the Claimant has failed to prove his Claim by a preponderance of the evidence.

11. The Debtors' human resources records database includes a Mark Barnett of Greenville, South Carolina, and indicates that he worked for the Debtors' former Cryovac business in Simpsonville, South Carolina for less than one month (from July 10, 1995 to August 1, 1995). The Debtors' human resources records database does not indicate whether Mr. Barnett quit or was fired. He earned a total of $1,865.70 during his time of employment. See attached affidavit of Michael N. Piergrossi.

12. In March of 1988, Cryovac, a wholly owned subsidiary of debtor W.R. Grace & Co.-Conn. into which assets and liabilities of the Cryovac business had been transferred, was divested to Sealed Air Corporation, and the divested subsidiary kept the relevant business

records. Thus, the Debtors do not have possession of any further books or records relating to the Claimant or any basis for a claim.[2]

13.  The Claimant has failed to provide any legal basis for Claim No. 2107. Moreover, the Debtors do not have any record or support of any liability involving the Claimant. Therefore, the objection to Claim No. 2107 should be sustained and Claim No. 2107 should be expunged and disallowed for all purposes.

**Page Intentionally Left Blank**

---

[2] In addition, as part of the transaction with Sealed Air Corporation and as set forth in the relevant transaction documents, the Debtors are not liable for claims brought by former Cryovac employees because they were assumed by Sealed Air Corporation or other entities. Thus, even if the Claimant had a valid claim, the Debtors are not ultimately liable for such claim.

5

WHEREFORE, the Debtors respectfully request that the Court enter an order sustaining the Debtors' objection set forth in the Eleventh Non-Asbestos Gateway Omnibus Objection and disallow and expunge Claim No. 2107 from the record.

Dated: September 9, 2005

Respectfully submitted,

KIRKLAND & ELLIS LLP
David M. Bernick P.C.
Janet S. Baer
Rachel Reagler Schulman
200 East Randolph Drive
Chicago, IL 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

and

PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.

Laura Davis Jones (Bar No. 2436)
David W. Carickhoff, Jr. (Bar No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for Debtors and Debtors in Possession

# Exhibit A

# WR Grace
## Bankruptcy Form 10
### Index Sheet

SR00000178



Claim Number: __00002107__     Receive Date: __09 / 30 / 2002__

**Multiple Claim Reference**

Claim Number _____

- [ ] MMPOC — Medical Monitoring Claim Form
- [ ] PDPOC — Property Damage
- [ ] NAPO — Non-Asbestos Claim Form
- [ ] Amended

Claim Number _____

- [ ] MMPOC — Medical Monitoring Claim Form
- [ ] PDPOC — Property Damage
- [ ] NAPO — Non-Asbestos Claim Form
- [ ] Amended

**Attorney Information**

Firm Number:                  Firm Name:

Attorney Number:              Attorney Name:

Zip Code:

Cover Letter Location Number:

| Attachments Medical Monitoring | Attachments Property Damage | Non-Asbestos |
|---|---|---|
| ☐ TBD | ☐ TBD | ☐ Other Attachments |
| ☐ TBD | ☐ TBD | |
| ☐ TBD | ☐ TBD | |
| ☐ TBD | ☐ TBD | |
| ☐ TBD | ☐ TBD | |
| | ☐ Other Attachments | |

**Other**

- [ ] Non-Standard Form
- [ ] Amended
- [ ] Post-Deadline Postmark Date

Box/Batch: WRBF0010/WRBF0039                Document Number: WRBF001928

| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF Delaware | | GRACE NON-ASBESTOS PROOF OF CLAIM FORM |
|---|---|---|
| Name of Debtor:[1] W.R. Grace + Co. | Case Number | |

NOTE: Do not use this form to assert an Asbestos Personal Injury Claim, a Settled Asbestos Claim or a Zonolite Attic Insulation Claim. Those claims will be subject to a separate claims submission process. This form should also not be used to file a claim for an Asbestos Property Damage Claim or Medical Monitoring Claim. A specialized proof of claim form for each of these claims should be filed.

Name of Creditor (The person or other entity to whom the Debtor owes money or property): MARK C. BARNETT

- ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.
- ☒ Check box if you have never received any notices from the bankruptcy court in this case.
- ☐ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

Name and address where notices should be sent:
116 Druid St.
Greenville SC 29609-4802

Account or other number by which creditor identifies Debtor: Employee #

Check here ☐ replaces
If this claim ☐ amends a previously filed claim, dated:_____

Corporate Name, Common Name, and/or d/b/a name of specific Debtor against whom the claim is asserted:
W.R. Grace → Cryovac in Simpsonville SC

1. **Basis for Claim**
   - ☐ Goods sold
   - ☐ Services performed
   - ☒ Environmental liability
   - ☐ Money loaned
   - ☐ Non-asbestos personal injury/wrongful death
   - ☐ Taxes
   - ☐ Other_____
   - ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
   - ☐ Wages, salaries, and compensation (fill out below)
   
   Your SS #: _____
   Unpaid compensation for services performed
   from _____ to _____ (date)

2. Date debt was incurred: ~ 1996
3. If court judgment, date obtained:
4. Total Amount of Claim at Time Case Filed: $4,637.56
   4,637.56
   If all or part of your claim is secured or entitled to priority, also complete Item 5 below.
   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

5. Classification of Claim. Under the Bankruptcy Code all claims are classified as one or more of the following: (1) Unsecured Nonpriority, (2) Unsecured Priority, (3) Secured. It is possible for part of a claim to be in one category and part in another. CHECK THE APPROPRIATE BOX OR BOXES that best describe your claim and STATE THE AMOUNT OF THE CLAIM AT TIME CASE FILED.

   ☐ SECURED CLAIM (check this box if your claim is secured by collateral, including a right of setoff.)
   Brief Description of Collateral:
   ☐ Real Estate   ☐ Other (Describe briefly)
   _____
   Amount of arrearage and other charges at time case filed included in secured claim above, if any: $_____
   Attach evidence of perfection of security interest
   ☐ UNSECURED NONPRIORITY CLAIM
   A claim is unsecured if there is no collateral or lien on property of the debtor securing the claim or to the extent that the value of such property is less than the amount of the claim.

   ☒ UNSECURED PRIORITY CLAIM - Specify the priority of the claim:
   ☒ Wages, salaries, or commissions (up to $4650), earned not more than 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
   ☐ Taxes or penalties of governmental units - 11 U.S.C. § 507(a)(7).
   ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

6. Credits: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.
7. Supporting Documents: *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.
8. Acknowledgement: Upon receipt and processing of this Proof of Claim, you will receive an acknowledgement card indicating the date of filing and your unique claim number. If you want a file stamped copy of the Proof of Claim form itself, enclose a self addressed envelope and copy of this proof of claim form.

This Space is for Court Use Only

Date: 9-25-02   Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):
Mark C. Barnett   MARK C. BARNETT

REC'D SEP 3 0 2002

WR Grace   BF.10.39.1928
SR=178   00002107

[1] See General Instructions and Claims Bar Date Notice and its exhibits for names of all Debtors and "other names" used by the Debtors.

## SPECIFIC INSTRUCTIONS FOR COMPLETING
## GRACE NON-ASBESTOS PROOF OF CLAIM FORMS

*The instructions and definitions below are general explanations of the law. In particular types of cases or circumstances, there may be exceptions to these general rules.*

This Proof of Claim form is for Creditors who have Non-Asbestos Claims against any of the Debtors. Non-Asbestos Claims are any claims against the Debtors as of a time immediately preceding the commencement of the Chapter 11 cases on April 2, 2001 other than Asbestos Personal Injury Claims, Asbestos Property Damage Claims, Zonolite Attic Insulation Claims, Settled Asbestos Claims or Medical Monitoring Claims, as defined on the enclosed General Instructions. More specifically, Non-Asbestos Claims are those claims against one or more of the Debtors, whether in the nature of or sounding in tort, contract, warranty or any other theory of law or equity for, relating to or arising by reason of, directly or indirectly, any injury, damage or economic loss caused or allegedly caused directly or indirectly by any of the Debtors or any products or materials manufactured, sold, supplied, produced, specified, selected, distributed or in any way marketed by one or more of the Debtors and arising or allegedly arising directly or indirectly, from acts or omissions of one or more of the Debtors, including, but not limited to, all claims, debts, obligations or liabilities for compensatory and punitive damages.

**Administrative Expenses:** Those claims for, among other things, the actual, necessary costs and expenses of preserving the estate as defined in Section 503 of the Bankruptcy Code that arose after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to Section 503 of the Bankruptcy Code. This form should not be used to make a claim for an administrative expense.

**Secured Claim:** A claim is a secured claim to the extent that the creditor has a lien on property of the debtor (collateral) that gives the creditor the right to be paid from that property before creditors who do not have liens on the property. Examples of liens are a mortgage on real estate and a security interest in a car, truck, boat, television set, or other item of property. A lien may have been obtained through a court proceeding before the bankruptcy case began; in some states a court judgment is a lien. In addition, to the extent a creditor also owes money to the debtor (has a right to setoff), the creditor's claim may be a secured claim. (See also Unsecured Claim.)

**Unsecured Claim:** If a claim is not a secured claim, it is an unsecured claim. Unsecured claims are those claims for which a creditor has no lien on the debtor's property or the property on which a creditor has a lien is not worth enough to pay the creditor in full.

**Unsecured Nonpriority Claim:** Certain types of unsecured claims are given priority, so they are to be paid in bankruptcy cases before most other unsecured claims (if there is sufficient money or property available to pay these claims). The most common types of priority claims are listed on the proof of claim form. Unsecured claims that are not specifically given priority status by the bankruptcy laws are classified as Unsecured Nonpriority Claims.

**Information about Creditor:** Complete this section giving the name, address, and telephone number of the creditor to whom the debtor owes money or property, and the debtor's account number, if any. If anyone else has already filed a proof of claim relating to this debt, if you never received notices from the court which sent notice, or if this proof of claim replaces or amends a proof of claim that was already filed, check the appropriate box on the form.

1. **Basis for Claim:** Check the type of debt for which the proof of claim is being filed. If the type of debt is not listed, check "Other" and briefly describe the type of debt. If you were an employee of the debtor, fill in your social security number and the dates of work for which you were not paid.

2. **Date Debt Incurred:** Fill in the date the debt was first owed by the debtor.

3. **Court Judgments:** If you have a court judgment for this debt, state the date the court entered the judgment.

4. **Amount of Claim:** Insert the amount of claim at the time the case was filed in the appropriate box based on your selected Classification of Claim in item 5. If interest or other charges in addition to the principal amount of the claim are included, check the appropriate place on the form and attach an itemization of the interest and charges.

5. **Classification of Claim:** Check either Secured, Unsecured Nonpriority or Unsecured Priority as appropriate. (See Definitions above.)

   **Unsecured Priority Claim:** Check the appropriate place if you have an unsecured priority claim, and state the amount entitled to priority. (See Definitions, above). A claim may be partly priority and partly nonpriority if, for example, the claim is for more than the amount given priority by the law. Check the appropriate place to specify the type of priority claim.

6. **Credits:** By signing this proof of claim, you are stating under oath that in calculating the amount of your claim, you have given the debtor credit for all payments received from the debtor.

7. **Supporting Documents:** You must attach to this proof of claim form, copies of documents that show the debtor owes the debt claimed or, if the documents are too lengthy, a summary of those documents. If documents are not available, you must attach an explanation of why they are not available.

*Be sure to date the claim and place original signature of claimant or person making claim for creditor where indicated at the bottom of the claim form. Please type or print name of individual under the signature. Be sure all items are answered on the claim form. If not applicable, insert "Not Applicable".*

RETURN CLAIM FORM (WITH ATTACHMENTS, IF ANY) TO THE FOLLOWING CLAIMS AGENT FOR THE DEBTORS:

> Claims Processing Agent
> Re: W. R. Grace & Co. Bankruptcy
> P.O. Box 1620
> Faribault, MN 55021-1620

**The Bar Date for filing all NON-ASBESTOS CLAIMS against the Debtors is March 31, 2003 at 4:00 p.m. Eastern Time.**

# Exhibit B

*Copied*

*per other side*

All responses are to be served upon: Rachel R. Schulman, Kirkland & Ellis LLP 200 East Randolph Drive, Chicago, Illinois 60601 and David W. Carickhoff, Jr. Pachulski, Stang, Ziehl, Young, Jones & Weintraub, P.C. 919 North Market Street 16th Floor, P.O. Box 8705, Wilmington, Delaware 19899-8705 (Courier 19801)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:                                    ) Chapter 11
                                          )
W. R. GRACE & CO., et al.,[1]             )
                                          ) Case No. 01-01139 (JKF)
        Debtors.                          )
                                          ) (Jointly Administered)

Hearing Date: June 27, 2005 at 12:00 p.m.
Responses Due: June 10, 2005 at 4:00 p.m.

*Home ph: 864-235-3971*

021140605112684

BARNETT, MARK C
116 DRUID ST
GREENVILLE, SC 29609-4802

*All the "Legalese" aside,*

Basis For Objection:
NO SUPPORTING DOCUMENTATION

*consider this a response and notice.*

Reason for Proposed Disallowance:
NOTICE OF INTENT TO OBJECT SENT. NO RESPONSE RECEIVED.

*Sum w/d be much higher — hard to verify.*

*P.S. you can ask W.R.G. → The worst part about them is their hiring and unsubstantiated firing practices! MCB*

| Claim Data | | | | |
|---|---|---|---|---|
| Case | Claim Number | Claim Date | Total Claim Dollars* | Claim Class** |
| 01-01139 | 2107 | 9/30/2002 | $4,637.56 | (P) |

NOTICE OF FILING DEBTORS' ELEVENTH
OMNIBUS OBJECTION TO CLAIMS (NON-ASBESTOS GATEWAY)

PLEASE TAKE NOTICE that on or about May 18, 2005, the above-captioned debtors and debtors in possession (the "Debtors") filed the Debtors' Eleventh Omnibus Objection to Claims (Non-Asbestos Gateway) (the "Non-Asbestos Gateway Omnibus Objection") with the United States Bankruptcy Court for the District of Delaware.

---

[1] The Debtors consist of the following 62 entities: W.R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W.R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W.R. Grace Capital Corporation, W.R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc.), E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

*Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.   **(A) - Administrative   (S) - Secured
                                                                                                              (P) - Priority         (U) - Unsecured

The classification of the claims set forth herein is the classification asserted on the filed proof of claim. The Debtors include such classification for the purpose of identifying the c to which the objection applies. The inclusion of the classification shall not constitute an acknowledgement by the Debtors that such classification is correct or appropriate.

JUN 6 - 2005

Pachulski, Stang, Ziehl,
Young, Jones & Weintraub