**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., et al., | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

**FEE AUDITOR'S FINAL REPORT REGARDING**
**INTERIM FEE APPLICATION OF THE BLACKSTONE GROUP L.P.**
**FOR THE SIXTEENTH INTERIM PERIOD**

This is the final report of Warren H. Smith & Associates, P.C. ("Smith"), acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Interim Fee Application of the Blackstone Group L.P. for the Sixteenth Interim Period (the "Application").

## BACKGROUND

1.      The Blackstone Group L.P. ("Blackstone") was retained as financial advisers to the Debtors. In the Application, Blackstone seeks approval of fees totaling $525,000.00 and costs totaling $4,106.79 for its services from January 1, 2005, through March 31, 2005.

2.      In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, Issued January 30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the United States

Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served on Blackstone an initial report based on our review, and received a response from Blackstone, portions of which response are quoted herein.

## DISCUSSION

3. While Blackstone was retained pursuant to an engagement agreement providing for Blackstone to be paid a flat monthly fee of $175,000.00, its fees remain subject to the provisions of 11 U.S.C. § 330. The Order Appointing Fee Auditor in Accordance with the Court's Direction (the "Fee Auditor Order") provides that:

> [t]his order applies to (i) all professionals in these cases employed or to be employed pursuant to sections 327, 328 or 1103 of the Bankruptcy Code; and (ii) any claims for reimbursement of professional fees and expenses under section 503(b) of the Bankruptcy Code to the extent permitted by the Court, except: (a) professionals providing services pursuant to an order that does not require submission of fee applications; and (b) professionals retained pursuant to the Court's Order pursuant to §§ 1107(a) and 1108 Authorizing the Debtors to Employ and Compensate Certain Professionals Utilized in the Ordinary Course of the Debtors Business, dated May 3 2001.

Fee Auditor Order at 2 (internal footnote omitted). Accordingly, we have reviewed the Application to determine compliance with the requirements of section 330.

4. We note that Blackstone professionals spent a total of 460.40 hours for which fees totaling $525,000.00 are sought. The effective hourly rate is $1,140.31. Blackstone responded to this calculation as follows:

> Blackstone respectfully submits that the Fee Auditor's observation concerning the "implied" hourly rate of Blackstone's professionals is not an appropriate factor in the award of Blackstone's monthly compensation. The Retention Order was entered, to the best of Blackstone's knowledge, after ample notice to the United States Trustee, all official committees in existence at the time and all parties on the service list. The

> Retention Order was later amended from the originally submitted order specifically to address concerns of certain of the Committees, and has not been appealed. The Retention Order provides, in pertinent part, that the Debtors shall pay Blackstone a monthly advisory fee of $175,000 in cash in accordance with the procedures set forth therein. The Debtor's application to retain Blackstone was made under section 328(a) of the Bankruptcy Code, which authorizes the retention of professional persons on a fixed fee basis subject to review only for improvidence. While the Retention Order subjects other compensation to a general test for reasonableness, it does not subject Blackstone's monthly advisory fee to a test for reasonableness; rather the monthly advisory fee is only subject to a test for reasonableness if the Debtors request an adjustment to said fee.

We appreciate the response. We note that in the July 19, 2004, USG hearing, the Court stated, "...I can't very well fight a $400 an hour hourly rate, but if it's going to be something like every 3 months it's going up to $1000 folks, and I'm not approving it... In no period will somebody be awarded $1000 an hour... Mr. Smith, I'm simply going to charge you with bringing this to my attention. If at any point in time this rate gets to be this high for any period of time for any professional, I want to know about it." See Transcript of 7/19/04 USG hearing pages 10, 11 & 12. While we are cognizant of the different billing structure surrounding a fixed-fee agreement and the variability of calculating an hourly rate within that structure, we nonetheless feel compelled to bring to the Court's attention any fixed-fee billings which exceed $1000 an hour. In that light, we will continue to monitor Blackstone's effective hourly rate and report that to the Court.

5. In our initial report, we noted that Blackstone seeks reimbursement for the following car service charges which appear excessive.

| | | |
|---|---|---|
| Blechman (car home from Blackstone after working late) | 12/07/04 | 136.68 |
| Blechman (car home from Blackstone after working late) | 01/13/05 | 121.38 |

The Guidelines Paragraph, I.E. states ". . . [i]n evaluating fees for professional services, it is relevant to consider . . .[w]hether the expense is reasonable and economical." We asked Blackstone to

explain why a less expensive means of travel was not utilized. Blackstone's response is provided as Response Exhibit 1. We appreciate the response and offer no objection to these expenses.

## CONCLUSION

6. Thus we recommend approval of fees totaling $525,000.00 and costs totaling $4,106.79 for Blackstone's services from January 1, 2005, through March 31, 2005.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
Warren H. Smith
Texas State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 1275
Dallas, Texas 75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 9th day of September, 2005.

_____
Warren H. Smith

**SERVICE LIST**
Notice Parties

**The Applicant**
Pamela D. Zilly
Senior Managing Director
The Blackstone Group L.P.
345 Park Avenue
New York, NY 10154

**The Debtors**
David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**
James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**
Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**
Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**
Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**
Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 141
Wilmington, DE 19801

**United States Trustee**
Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801

Response Exhibit 1

The car service charges referenced in the Report were incurred for travel by a Blackstone employee from Blackstone's offices to his home in Connecticut at 10 p.m. and 11 p.m., respectively, after working late on matters related to the Debtors' cases. Blackstone's charges for local travel expenses to the Debtors are determined in the same manner as for clients in non-bankruptcy matters. Local travel expenses incurred by Blackstone are charged to the client if such travel expenses are incurred for the client or are otherwise necessary in connection with services rendered to the client. Blackstone has followed its general internal policy with respect to local travel expenses billed to the Debtors. Blackstone's policy permits an employee to take a taxi or car service home if working after 9 p.m. While an employee is required to take a taxi within Manhattan, the employee may take a car service if the employee's home is outside Manhattan for safety reasons and when it is impracticable to assume a taxi would accommodate such a trip on a cost effective basis.

      Additionally, pursuant to the Engagement Agreement, as approved by the Retention Order, the Debtors agreed to reimburse Blackstone for all necessary and reasonable out-of-pocket expenses incurred during Blackstone's retention as the Debtors' financial advisor, including, without limitation, travel expenses incurred during occasions when Blackstone professionals are engaged in activities related to Debtors' cases.

      Blackstone respectfully submits that such transportation charges are not excessive and should be reimbursed in full in light of (i) the circumstances under which they were incurred, (ii) the infrequency of the incurrence of such charges, and (iii) the provisions of the Retention Order.