UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., et al., | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

**FEE AUDITOR'S FINAL REPORT REGARDING
FEE APPLICATION OF CAPSTONE CORPORATE RECOVERY, LLC
FOR THE SIXTEENTH INTERIM PERIOD**

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Fee Application of Capstone Corporate Recovery, LLC for the Sixteenth Interim Period (the "Application").

**BACKGROUND**

1.  Capstone Corporate Recovery, LLC ("Capstone") was retained as financial advisors to the Official Committee of Unsecured Creditors. In the Application, Capstone seeks approval of fees totaling $272,717.50 and costs totaling $2,498.72 for its services from January 1, 2005, through March 31, 2005.

2.  In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued

January 30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served on Capstone an initial report based on our review, and received a response from Capstone, portions of which response are quoted herein.

**DISCUSSION**

3.      In our initial report, we noted that during the application period MH, EO and CT spent a total of 11.10 hours for fees of $2,955.00 on work associated with legislative efforts. The entries are provided below.

| Date | Atty | Hours | Description |
|---|---|---|---|
| 01/05/05 | MH | 0.80 | Read and analyzed materials regarding asbestos reform. |
| 01/05/05 | EO | 0.30 | Read and analyzed recent press regarding asbestos legislation. |
| 01/13/05 | MH | 1.70 | Read and analyzed information regarding the Senate's and President Bush's views and commentary on asbestos legislation. |
| 01/25/05 | MH | 1.20 | Reviewed media coverage and developments regarding asbestos litigation. |
| 01/26/05 | CT | 2.00 | Read the Baker Donelson motion and provided follow-up questions to the Debtors. |
| 01/31/05 | MH | 0.80 | Researched and analyzed data and commentary regarding asbestos defense and settlement costs. |
| 02/02/05 | MH | 1.70 | Researched developments in U.S. Asbestos Fund and prepared summary thereon. |
| 02/09/05 | CT | 2.00 | Read and analyzed the statement of Senator Spector and the latest discussion document pertaining to the FAIR Act. |
| 02/24/05 | MH | 0.40 | Read and analyze monthly Mealy's Asbestos Bankruptcy Report. |

03/01/05        EO       0.20                Read legislative update from Navigant.

We noted that during the March 21, 2005, hearing in the USG Corporation bankruptcy case[1], this Court stated, ". . .I am concerned about general monitoring of other cases. It seems to me if you have an issue that is coming up, in research, in doing that issue, you ought to be able to find those cases and certainly you'd want to know what those rulings are, but just generally monitoring a case for purposes of seeing what's going on is not compensable in this estate. . ." pp. 9-14.  In the same hearing, Judge Fitzgerald also stated, "...I'm having some difficulty understanding how any one estate ought to be charged with paying for legislative efforts . . . if USG wants to volunteer its services and help Senator Specter's team to try to get something fixed, that's fine. I'm happy to do that, but in terms of having this estate pay for it, I think I do want an analysis of why that's appropriate . . ." In light of these statements, we asked Capstone to provide direct correlation that the aforementioned time entries represent time spent as a necessary part of Capstone's role as advisor to the Committee in this bankruptcy.  Further, we asked the firm to explain how the review and analysis indicated by the time entries benefitted the bankruptcy estate.  Capstones's response is provided below.

> The fees described above were captioned as "Special Case Issues – Asbestos" and included in our fee applications for the Sixteenth Quarterly Period are de minimus, totaling $2,955.00 or less than 1% of the fees charged for the period.  In fact, Capstone has cumulatively charged fees to this task category totaling only $18,575.50, or approximately 1.5% of all fees charged since its retention on February 4, 2004.
>
> It is Capstone's understanding that the work performed and charged in the USG case that has been cited by the fee auditor relates to time taken by professionals in that case to assist Senator Specter's legislative efforts with respect to proposed asbestos legislation.  In contrast, Capstone's time spent in the current quarter and in past periods and charged to this task code represents Capstone's efforts to stay current

---

[1] Bankruptcy Case number 01-2094.

**FEE AUDITOR'S FINAL REPORT** - Page 3
wrg FR Capstone 16int 1-3.05.wpd

> with respect to proposed, pending or new asbestos legislation, researching and analyzing case specific asbestos issues and reading and analyzing relevant summary asbestos reports and industry data. These efforts by Capstone enable Capstone's professionals to fully and adequately respond to inquiries from counsel and members of the Official Committee of Unsecured Creditors in the Grace case.
>
> Additionally, Capstone's activities charged to this category impact our on-going plan of reorganization and recovery analyses performed on behalf of our constituency. As financial advisors to the Committee, Capstone believes it is relevant and necessary to understand the relative costs to the Debtors under various asbestos settlement scenarios, and the subsequent impact of those possible settlements on recovery by the creditors in this case. Capstone, therefore, has performed some monitoring of legislative developments in order to discuss the potential impact of a legislated settlement with respect to potential recoveries by the unsecured creditors in the Grace case, and to recommend appropriate actions to the Committee.

We appreciate the response, but we do believe the entries, with the exception of the January 26 entry, suggest a general monitoring of bankruptcy legislation rather than specific research, and that the fees charged for that time should therefore be disallowed. The time billed for the January 26 entry is 2.0 hours for a total cost of $850.00. Deducting that billing from the total suggested disallowance, we thus recommend a reduction of $2,105.00 in fees.

## CONCLUSION

4.      Thus we recommend approval of fees totaling $270,776.87 ($272,717.50 minus $2,105.00) and costs totaling $2,401.73 for Capstone's services from January 1, 2005, through March 31, 2005.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
    Warren H. Smith
    Texas State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 1275
Dallas, Texas 75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 9th day of September, 2005.

_____
Warren H. Smith

# SERVICE LIST
## Notice Parties

**The Applicant**
Libby Hamilton
Capstone Corporate Recovery, LLC
Park 80 West, Plaza One
Saddle Brook, N.J. 07663

**The Debtors**
David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**
James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**
Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**
Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**
Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**
Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**
Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801