IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

## DEBTORS' MOTION FOR LEAVE FROM THIS COURT'S NOVEMBER 5, 2004 SCHEDULING ORDER AND TO SHORTEN NOTICE PERIOD OF DEBTORS' EMERGENCY MOTION FOR LEAVE TO TAKE DISCOVERY OF CLAIMANTS' ATTORNEYS

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

hereby move this Court (the "Motion"), pursuant to Del. Bankr. LR 9006-1(e), Rule 9006(c) of

the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Section 102 of Title 11

of the United States Code (as amended, the "Bankruptcy Code"), for an Order shortening the

notice period with respect to the *Debtors' Emergency Motion for Leave to Take Discovery of*

*Claimants' Attorneys* (the "Emergency Discovery Motion") and for leave from this Court's

*Order Scheduling Omnibus Hearing Dates for 2005* (Docket No. 6833) (the "Scheduling

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Order"), dated November 5, 2004, so that the Emergency Discovery Motion may be heard at the September 26, 2005 omnibus hearing scheduled in the above-referenced bankruptcy cases.

Bankruptcy Rule 9006(c) provides that when an act is required to be done within a specified time by the Bankruptcy Rules "the court for cause shown may in its discretion with or without motion or notice order the period reduced." Similarly, Del. Bankr. LR 9006-1(e) provides in pertinent part that "[n]o motion will be scheduled on less notice than required by these Rules or the Fed. R. Bankr. P. except by Order of the Court, on written motion . . . specifying the exigencies justifying shortened notice."

Pursuant to the Scheduling Order, motions to be heard at the September 26, 2005 omnibus hearing were to be filed on or before August 22, 2005. *See* Scheduling Order at Exhibit A. Objections to the Motion were to be filed on or before September 9, 2005.

Accordingly, the Debtors file this motion seeking an Order of this Court for leave of the Scheduling Order and shortening the notice period prescribed by Del. Bankr. LR 9006-1(c) to have the Emergency Discovery Motion heard at the next omnibus hearing on September 26, 2005 at 12:00 p.m. The Debtors also respectfully request that the Court establish September 21, 2005 at 12:00 p.m. as the deadline to object to the Emergency Discovery Motion.

The requested discovery sought in the Emergency Discovery Motion is a short, two-page attorney questionnaire that is narrowly directed at eliciting information regarding financial relationships that may have impacted the reliability of the medical evidence upon which the asbestos personal injury claims against the Debtors are based. The Debtors contend that problems with the reliability of medical evidence are central to an accurate estimation of current and future asbestos personal injury liability. As detailed in the Emergency Discovery Motion, the recent *In re Federal-Mogul Global, Inc.* decision highlights the necessity of developing an

ample factual record that will allow experts and the Court to "quantify the effects" of the known problems in current asbestos claims. *In re Federal-Mogul Global, Inc.*, Bankr. No. 01-10578(RTL) (D. Del. Aug. 19, 2005) at 58 (court did not require an adjustment to the estimation based on known problems in asbestos claims because, at least in part, "the record before [the Court] does not supply the factual support necessary to intelligently quantify their effect.").

It is critical to have the Emergency Discovery Motion heard at the September 26, 2005 omnibus hearing because delaying yet another month will prejudice the Debtors' ability to use the information ultimately obtained from the attorney questionnaire in any meaningful way. The discovery sought in the attorney questionnaire is intended to provide information about financial relationships among lawyers, doctors, and screening companies who appear to have engaged in practices that have resulted in the filing of thousands of baseless claims against Grace. The discovery sought in the questionnaire is intended to lead to the discovery of information that will be admissible in the estimation. Grace expects that the requested information will lead to evidence demonstrating that financial relationships among lawyers, doctors and screening companies - and not medicine and science - have driven the diagnosis of large numbers of Grace asbestos claims.

To be meaningful, however, the discovery must occur immediately in light of CMO schedule which requires the first expert reports in the estimation, to be filed in February, 2006. Accordingly, shortened notice for the Emergency Discovery Motion is necessary to provide adequate time for: (a) the attorneys to complete and return the questionnaire; (b) the Debtors to pursue additional discovery if warranted; and (c) the Debtors' experts to incorporate information into their reports.

In stark contrast to the substantial prejudice that will result from delaying hearing on the

Emergency Discovery Motion, shortening the notice period will not unduly prejudice any parties in this case. Parties in this case were made aware of the subject of the Emergency Discovery Motion at both the July 19, 2005 and the August 29, 2005 omnibus hearings. Moreover, the Debtors circulated a draft of the questionnaire requested in the Emergency Discovery Motion on September 6, 2005. The parties are unable to reach agreement regarding the service and content of the questionnaire. Additionally, as the Court previously has indicated, the issues and facts motivating the Debtors' desire for the requested discovery are known to the Court and do not require extensive briefing. *See* Tr. of Hr'g at 194 (Jul. 19, 2005).

Given the nature of the relief requested in the Emergency Discovery Motion and the fact that 17 days notice will be provided to all parties in interest, and parties in interest will have 12 days to respond to the Debtors' Emergency Discovery Motion, the Debtors respectfully submit that the limited notice described above is appropriate, as is leave from the Scheduling Order.

WHEREFORE, the Debtors respectfully request the entry of an Order (i) granting the Debtors leave from the Scheduling Order, (ii) shortening the notice period with respect to the Emergency Discovery Motion, and (iii) and setting the objection deadline to the Emergency Discovery Motion at September 21, 2005 at 12:00 p.m., as set forth above.

Dated: September 9, 2005

                        KIRKLAND & ELLIS LLP
                        David M. Bernick, P.C.
                        Janet S. Baer
                        Jonathan Friedland
                        Salvatore Bianca
                        200 East Randolph Drive
                        Chicago, IL  60601
                        Telephone: (312) 861-2000

KIRKLAND & ELLIS LLP
Barbara Harding
Brian T. Stansbury
Amanda C. Basta (admission *pro hac vice* pending)
655 Fifteenth Street, NW
Washington, D.C. 20005
Telephone:  (202) 879-5000

and

PACHULSKI, STANG, ZIEHL, YOUNG, JONES
& WEINTRAUB P.C.

Laura Davis Jones (Bar No. 2436)
David W. Carickhoff, Jr. (Bar No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:   (302) 652-4400

Co-Counsel for the Debtors and
Debtors in Possession

**The Emergency Discovery Motion is hereby scheduled to be heard at the Debtors'
September 26, 2005 omnibus hearing.**

**Any objections to the Emergency Discovery Motion must be filed and served
so as to be received by September 21, 2005 at 12:00 p.m.**

**SO ORDERED** this ___ day
of September, 2005

_____
The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge