**Exhibit B**

Affidavit of C. Alan Runyan

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------- )
In re                                                         )   Chapter 11
                                                              )
W. R. GRACE & CO., et al.,[1]                                 )   Case No. 01-01139 (JJF)
                                                              )   (Jointly Administered)
                                                              )
                        Debtors.                              )
                                                              )
------------------------------------------------------------- )

**AFFIDAVIT OF C. ALAN RUNYAN IN SUPPORT OF APPLICATION
OF THE OFFICIAL COMMITTEE OF ASBESTOS PROPERTY DAMAGE
CLAIMANTS TO RETAIN SPECIAL COUNSEL PURSUANT TO SECTIONS
328 AND 1103 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2014**

STATE OF SOUTH CAROLINA    )
                           :   ss.:
COUNTY OF HAMPTON          )

C. ALAN RUNYAN, being duly sworn, deposes and says:

1. I am an attorney admitted to practice in the State of South Carolina, United States District Court for the District of South Carolina and the United States Court of Appeals for the Fourth Circuit. For the past eighteen years, I have specialized in the representation of clients in the prosecution of asbestos property damage claims in

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-I Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Ins., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Ins., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp, Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Ins., MICA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Curving, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

MIAMI 926437.5 7481715537

state and federal trial and appellate courts in eighteen states and in the Commonwealth of Puerto Rico.

2. I am a partner with the law firm of Speights & Runyan ("**Speights & Runyan**" or, the "**Firm**"), which maintains an office at 200 Jackson Avenue East, Hampton, SC 29924, telephone: (803) 943-4444, fax: (803) 943-4599. I am authorized to make this Affidavit on the Firm's behalf.

3. This Affidavit is being submitted in support of the *Application of the Official Committee of Asbestos Property Damage Claimants to Retain Special Counsel Pursuant to Sections 328 and 1103 of the Bankruptcy Code and Bankruptcy Rule 2014* (the "**Application**"). This Affidavit is in compliance with the provisions of 11 U.S.C. section 1103 and Rule 2014 of the Federal Rules of Bankruptcy Procedure.

4. To the extent that any information disclosed herein requires amendment or modification upon the Firm's completion of further analysis or as additional creditor information becomes available to the Firm, supplemental affidavits will be filed with the Court.

5. Except as otherwise noted, I have personal knowledge of the facts stated herein and, if called as a witness, could competently testify thereto. Certain disclosures herein relate to matters within the knowledge of other administrative personnel at the Firm who report to me and based upon information that I received from them.

## **SPEIGHTS & RUNYAN QUALIFICATIONS**

6. Speights & Runyan specializes in the trial of complex products liability, and environmental cases. For more than twenty years, the Firm has specialized in

asbestos property damage cases and has extensive nationwide experience in the state and federal trial and courts. This experience has included the representation of hundreds of persons and entities in such claims including the State of North Dakota, the City and County of San Francisco, the City of Kansas City, the City of Miami, and other cities, counties and public and governmental agencies, as well as school districts, religious organizations, banks, insurance companies and a broad range of private entities. In addition to these individual representations, the Firm has extensive experience in the prosecution of asbestos property damage class actions including serving as co-lead counsel in the national colleges and universities asbestos property damage class actions, *Central Wesleyan College v. W.R. Grace & Co.*, 143 F.R.D. 628 (D.S.C. 1992) *aff'd* 6 F.3d 177 (4th Cir. 1993), serving as counsel in the national schools asbestos property damage class action, *School Dist. of Lancaster Manheim Township v. Lake Asbestos of Quebec, Ltd. (In re School Asbestos Litig.)*, 842 F.2d 671 (3d Cir. 1988) and serving as lead counsel in a low income housing asbestos property damage class action in the District Court for the Commonwealth of Puerto Rico.

7. The Firm has specialized knowledge of all aspects of asbestos property damage claims, and has been at the forefront of asbestos property damage litigation and asbestos bankruptcy reorganizations for more than twenty years. The Firm has an expansive reservoir of historical information and legal knowledge related to asbestos property damage claims in the state court tort system, and especially in connection with the "science" or harmfulness of the Debtors' various asbestos-containing products.

8. In addition to the aforementioned qualifications of the Firm, I have actively litigated and tried asbestos property damage cases in eighteen states and in the

Commonwealth of Puerto Rico. In many of these cases, W.R. Grace & Co. ("Grace") was the adverse party. My cases where W.R. Grace & Co. was an adverse party include the following with published opinions: *City of Kansas City v. W.R. Grace & Co.*, 778 S.W.2d 264 (Mo.App. 1989) appeal after remand 855 S.W.2d 360 (Mo. 1993) (en banc) (Grace settled before trial); *Clayton Ctr. Assocs. v. W.R. Grace & Co.*, 861 S.W.2d 686 (Mo.App. 1993) (plaintiff's verdict); and *Northridge Co. v. W.R. Grace & Co.*, 556 N.W.2d 345 (Wis.App. 1996) (plaintiff's verdict); *Blue Cross and Blue Shield of South Carolina v. W.R. Grace & Co.* 781 F.Supp. 420 (D.S.C. 1991) (plaintiff's verdict); *San Francisco Unified School Dist. v. W.R. Grace & Co.*, 44 Cal. Rptr.2d 305, 315 (Cal. Ct. App. 1995) (Grace settled before trial). My cases with unpublished results where Grace was the adverse party include a bank in New Orleans, Louisiana, *Security Homestead Assoc. v. W.R. Grace & Co.*, No. 88-5165 "A"[2] (E.D.La.) (Settled during trial); life insurance companies in South Carolina and Connecticut, *Liberty Life Ins. Co. v. W.R. Grace & Co.*, C/A No. 6:87-3147-17 (D.S.C., filed Nov. 11, 1987) (Settled before trial) and *Connecticut Mutual Life Ins. Co. v. W.R. Grace & Co., et al.*, Case No. CIV-90-0387282S (Superior Court of Hartford/New Britain, filed May 4, 1990) (Settled during trial); an newspaper publishing company in Greenville, South Carolina,, *Multimedia Publishing of South Carolina, d/b/a The Greenville News-Piedmon Co. v. W.R. Grace & Co., et al.*, C/A No. 6:89-1293-3 (D.S.C., filed May 19, 1989) (Settled before trial); several county office buildings in Tucson, Arizona, *Pima County v. W.R. Grace & Co., et al.*, C/A No. 303075 (Superior Ct., Pima Cty, Arizona) (Settled before trial); a 26 story commercial office building in Greenville, South Carolina, R. Gordon Mathews, et al., v. W.R. Grace & Co., et al., Case No. 89-CP-23-

3524) (Settled before trial); approximately 300 school facilities in St. Louis, Missouri, *John L. May, Archbishop of St. Louis v. W.R. Grace & Co., et al.*, Case No. 88-0386-C-5, filed Feb. 29, 1988) (Settled before trial); a school district in *Aspen Colorado, School Dist. No. 1 in the County of Pitkin and State of Colorado (Aspen) v. W.R. Grace & Co.*, C/A No. 87-C-1845 (D.Colo.) (Settled before trial); a public school district in North Dakota, *Drayton Public School Dist 19 v. W.R. Grace & Co.*, C/A No. A2-88-184 (D.N.D.) (Settled before trial); a public school district in Denver, Colorado, *Brighton School District No. 27J v. W.R. Grace & Co., et al.*, Case No. 87-CV-2438 Div. C. (Dist. Ct. Adams Cty. Colo.)(Settled before trial); a hotel in St. Louis, Missouri, *One Braodway Hotel Venture, a Partnership, et al. v. W.R. Grace & Co., et al.*, Cause No. 679607 Div. No. 5 (Circuit Ct., Cty of St. Louis, Missouri) (Settled before trial), and a private building owner in New Orleans, Louisiana, *Marrero Land & Improvement Assoc., Ltd. v. W.R. Grace & Co. – Conn.*, C.A. No. 89-5510, Section "J", Mag. 4 (E.D.La.) (Settled before trial).

### **TERMS OF SPEIGHTS & RUNYAN'S RETENTION**

9.  The Firm anticipates that it will provide services to the Official Committee of Asbestos Property Damage Claimants (the **"PD Committee"**) as needed throughout the course of the estimation of Asbestos PD Claims (the **"PD Estimation"**), including:

> a.  representation of the PD Committee with respect to all aspects of the "Methodology Issue" (including representation of the PD Committee in any ensuing appeals);
>
> b.  selection and the presentation of the opinions and testimony of experts and consultants; and

    c. such other services as are necessary during the course of the PD Estimation.

10. The Firm has not been paid a retainer for services and costs incurred on behalf of the PD Committee as of the date of this Affidavit. The PD Committee has agreed to support the Firm's application to be paid reasonable attorney's fees on an hourly-rate basis, and to obtain reimbursement of all costs and expenses incurred in connection with these cases from the Debtors' estates in accordance with the Firm's usual and customary billing practices, subject to allowance by this Court in accordance with applicable law and the Court's *Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members* (the "**Fee Order**") [Docket No. 1949]. The Firm's current hourly rates are attached hereto as Schedule 1.

11. In addition, subject to allowance by this Court in accordance with the Fee Order, The Firm shall bill the Debtors monthly for reimbursement of all of its reasonable out-of-pocket expenses incurred in connection with the Firm's retention.

12. No promises have been received by the Firm as to compensation in connection with these cases other than as outlined in this Affidavit and the Application in accordance with the provisions of the Bankruptcy Code. The Firm has no agreement with any other entity to share any compensation received.

13. The terms of the Firm's employment and compensation as described in this Affidavit and the Application are consistent with employment and compensation arrangements typically entered into by the Firm when providing such services, and are

competitive with those arrangements entered into by other firms when rendering comparable services.

## DISCLOSURE CONCERNING CONFLICTS

14.     To the best of my knowledge and information, except in connection with certain asbestos property damage claimants individually represented, Speights & Runyan neither holds nor represents any interest adverse to the PD Committee, the Debtors, their creditors or other parties in interest or their respective attorneys in this case. In order to make this determination, I requested that a search be made of the firm's clients to determine if it represents or has represented: (i) the Debtor, W. R. & Grace & Co., or the 62 entities affiliated with W.R. Grace & Co., as they appear in the chapter 11 petition of W.R. Grace & Co.,; (ii) the members of the Official Committee of Unsecured Creditors; (iii) the Officiate Committee of Asbestos Personal Injury Claimants; (iv) significant stockholders of the Debtors' parent company; (v) senior officers and directors of the Debtors; (vi) other estate professionals retained in the cases; and (vii) the Debtors.

15.     Based upon information currently available to me, Speights & Runyan has no connection with the Debtors, their creditors (except to the extent that it has filed Proofs of Claim on behalf of asbestos property damage claimants), or any other party in interest herein, or their respective attorneys or accountants, or the United States Trustee or any person employed in the office of the United States Trustee, except that from time to time, Speights & Runyan may have represented certain creditors and other parties in interest, or interests adverse to such creditors or parties in interest in matters unrelated to the Debtors' chapter 11 cases. Unless otherwise noted, (a) none of the past or

MIAMI 926437.5 7481715537

present clients disclosed represent in excess of one tenth of one percent of the Firm's annual revenue, and (b) engagements concluded five or more years ago are excluded.

16. In addition to the foregoing, due to the size and diversity of its practice, Speights & Runyan may have represented or otherwise dealt with, and may now be representing or otherwise dealing with various persons (and their attorneys and accountants) who are or may consider themselves creditors, equity security holders or parties in interest in these cases but who are not presently identified as creditors or equity security holders. However, such representations or involvement, if any, do not relate to the Debtors or their estates.

17. No agreement exists, nor will any be made, to share any compensation received by Speights & Runyan for its services in this engagement with any other person or firm.

18. Speights & Runyan is willing to be retained by the Property Damage Committee as Special Counsel to the PD Claimants and will make appropriate application to this Court for compensation and reimbursement of out-of-pocket expenses, all in accordance with section 503 of Title 11, the provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules of this Court, and any Orders of the Court entered in these cases. The Firm is not and was never a creditor, an equity security holder or an insider of any of the Debtors.

19. Accordingly, to the best of my knowledge, information and belief, Speights & Runyan is a "disinterested person" as such term is defined by 11 U.S.C. § 101(14).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 11th day of September, 2005.

[Remainder of page blank. Next page is signature page.]

                                                                    _____
C. Alan Runyan

Sworn to and subscribed before me
this 11th day of September, 2005

_Caye E. Burris_
Notary Public
State of _South Carolina_
Commission expires 4/12/15

## SCHEDULE 1

| Position | Rate |
|---|---|
| Senior Partners | $650 |
| Junior Partners | $400 |
| Associates | $225-$240 |
| Paraprofessionals | $125-$150 |