**Exhibit C**

Affidavit of Martin W. Dies, III

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
----------------------------------------- )
                                          )
In re                                     )   Chapter 11
                                          )
W. R. GRACE & CO., et al.,[1]             )   Case No. 01-01139 (JJF)
                                          )   (Jointly Administered)
                                          )
              Debtors.                    )
                                          )
----------------------------------------- )
```

**AFFIDAVIT OF MARTIN W. DIES, III IN SUPPORT OF APPLICATION
OF THE OFFICIAL COMMITTEE OF ASBESTOS PROPERTY DAMAGE
CLAIMANTS TO RETAIN SPECIAL COUNSEL PURSUANT TO SECTIONS
328 AND 1103 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2014**

```
STATE OF TEXAS       )
                     :   ss.:
COUNTY OF ORANGE     )
```

MARTIN W. DIES, III, being duly sworn, deposes and says:

1. I am an attorney admitted to practice in the State of Texas, United States District Courts for the Southern and Eastern Districts of Texas and the Western District of Louisiana, the United States Court of Appeals for the Fifth and Eleventh Circuits and the United States Supreme Court. For the past twenty years I have specialized in the representation of State Attorneys General, cities, counties, and other governmental entities in

---

[1] The Debtors consist of the following 62 entities: W. R Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Ins., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Ins., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp, Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B 11 Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe. Inc., Grace H-G Inc., Grace H-G II Inc,, Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Ins., MICA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Curving, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

asbestos property damage cost recovery cases in state and federal courts, including appellate and bankruptcy courts throughout the country.

2. I am a partner with the law firm of Dies & Hile, L.L.P. ("**Dies & Hile**" or, the "**Firm**"), which maintains an offices at 1601 Rio Grand, Suite 330, Austin Texas 78701, telephone: (512) 476-4394, fax: (512) 476-4397 and 1009 West Green Avenue, Orange, Texas 77630, telephone: (409) 883-4394, fax: (409) 883-4814. I am authorized to make this Affidavit on the Firm's behalf.

3. This Affidavit is being submitted in support of the *Application of the Official Committee of Asbestos Property Damage Claimants to Retain Special Counsel Pursuant to Sections 328 and 1103 of the Bankruptcy Code and Bankruptcy Rule 2014* (the "**Application**"). This Affidavit is in compliance with the provisions of 11 U.S.C. section 1103 and Rule 2014 of the Federal Rules of Bankruptcy Procedure.

4. To the extent that any information disclosed herein requires amendment or modification upon the Firm's completion of further analysis or as additional creditor information becomes available to the Firm, supplemental affidavits will be filed with the Court.

5. Except as otherwise noted, I have personal knowledge of the facts stated herein and, if called as a witness, could competently testify thereto. Certain disclosures herein relate to matters within the knowledge of other administrative personnel at the Firm who report to me and based upon information that I received from them.

## DIES & HILE QUALIFICATIONS

6. Dies & Hile has gained national recognition for prosecuting complex, multiparty, cost recovery litigation. Representing governmental entities, the firm has

prosecuted consolidated and class action suits in federal and state courts to recover the cost of removing and replacing asbestos-containing materials from public buildings. Most recently, the Firm represented the State of Texas, its agencies, colleges and public universities, and over 400 Texas cities, counties, hospitals and community colleges in a class action suit against the manufacturers of asbestos-containing building products. The Firm has also successfully prosecuted the cost recovery claims of state/local municipal governments and public school districts in various asbestos bankruptcies.

7. The Firm has specialized knowledge of all aspects of asbestos property damage claims, and has been at the forefront of asbestos property damage litigation and asbestos bankruptcy reorganizations for more than twenty years. The Firm has an expansive reservoir of historical information and legal knowledge related to asbestos property damage claims in the state court tort system, and especially in connection with the "science" or harmfulness of the Debtors' various asbestos-containing products.

8. In addition to the aforementioned qualifications of the Firm, for more than twenty years, I have actively litigated cases all over the United States. In the capacity of either lead or class counsel I have successfully prosecuted over 1,500 individual asbestos property damage claims included within the following consolidated or class actions: *Dayton Independent School District., et al. v. W.R. Grace & Co.-Conn., et al.*, No. B-81-27-CA Consolidated With No. B-81-293-CA (E.D.Tex.) ("Dayton I"); *Kirbyville Independent School District, et al. v. National Gypsum* Company, No. 12,301 (Jasper County, Tex., 1st Jud. Dist.) ("Texas School Asbestos Property Damage Class Action"); *Dayton Independent School Dist., et al. v. W.R. Grace & Co.-Conn., et al.*, No. B-87-507-CA (E.D.Tex.) ("Dayton II"); *The County of Orange v. National Gypsum* Company, No. D-890803-C (Orange County, Tex.)

("Texas Governmental Entities Asbestos Property Damage Class Action"); *State of Hawaii v. W.R. Grace & Co.-Conn., et al.*, No. 93-4161-10 (1st Cir. Haw. 1993); *Boulder Valley School District No. RE-2, et al. v. W.R. Grace & Co., et al.*, Civ. No. 87-M-1783, United States District Court, District of Colorado ("The Colorado Public School Property Damage Asbestos Litigation"); *State of Utah, et al., v. W.R. Grace & Co.-Conn., et al.*, No. 940906356 (Salt Lake County, Utah, 3d. Jud. Dist.); *The Corp. of Mercer Univ. v. Nat'l Gypsum Co., et al.*, No. 85-126-3-MAC (M.D.Ga.); *Jefferson Parish School Bd, et al., v. W.R. Grace & Co., et al.*, No. 88-3844 (E.D.La.) ("The Louisiana Schools Asbestos Property Damage Litigation"). Additionally, I have been involved in all of the significant asbestos property damage bankruptcies and was Chair of the PD Committee in the National Gypsum ("NGC") Bankruptcy, as well as Chair of the Trustee Advisory Committee.

## **TERMS OF DIES & HILE'S RETENTION**

9. The Firm anticipates that it will provide services to the Official Committee of Asbestos Property Damage Claimants (the "**PD Committee**") as needed throughout the course of the estimation of Asbestos PD Claims (the "**PD Estimation**"), including:

    a. representation of the PD Committee with respect to all aspects of the "Methodology Issue" (including representation of the PD Committee in any ensuing appeals);

    b. selection and the presentation of the opinions and testimony of experts and consultants; and

    c. such other services as are necessary during the course of the PD Estimation.

10. The Firm has not been paid a retainer for services and costs incurred on behalf of the PD Committee as of the date of this Affidavit. The PD Committee has agreed to support the Firm's application to be paid reasonable attorney's fees on an hourly-rate basis, and to obtain reimbursement of all costs and expenses incurred in connection with these cases from

the Debtors' estates in accordance with the Firm's usual and customary billing practices, subject to allowance by this Court in accordance with applicable law and the Court's *Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members* (the "**Fee Order**") [Docket No. 1949]. The Firm's current hourly rates are attached hereto as <u>Schedule 1</u>.

11. In addition, subject to allowance by this Court in accordance with the Fee Order, The Firm shall bill the Debtors monthly for reimbursement of all of its reasonable out-of-pocket expenses incurred in connection with the Firm's retention.

12. No promises have been received by the Firm as to compensation in connection with these cases other than as outlined in this Affidavit and the Application in accordance with the provisions of the Bankruptcy Code. The Firm has no agreement with any other entity to share any compensation received.

13. The terms of the Firm's employment and compensation as described in this Affidavit and the Application are consistent with employment and compensation arrangements typically entered into by the Firm when providing such services, and are competitive with those arrangements entered into by other firms when rendering comparable services.

## **DISCLOSURE CONCERNING CONFLICTS**

14. To the best of my knowledge and information, except in connection with certain asbestos property damage claimants individually represented, Dies & Hile neither holds nor represents any interest adverse to the PD Committee, the Debtors, their creditors or other parties in interest or their respective attorneys in this case. In order to make this determination, I requested that a search be made of the firm's clients to determine if it represents or has

represented: (i) the Debtor, W. R. & Grace & Co., or the 62 entities affiliated with W.R. Grace & Co., as they appear in the chapter 11 petition of W.R. Grace & Co.,; (ii) the members of the Official Committee of Unsecured Creditors; (iii) the Officiate Committee of Asbestos Personal Injury Claimants; (iv) significant stockholders of the Debtors' parent company; (v) senior officers and directors of the Debtors; (vi) other estate professionals retained in the cases; and (vii) the Debtors.

15. Based upon information currently available to me, other than as set forth on Exhibit A, Dies & Hile has no connection with the Debtors, their creditors, or any other party in interest herein, or their respective attorneys or accountants, or the United States Trustee or any person employed in the office of the United States Trustee, except that from time to time, Dies & Hile may have represented certain creditors and other parties in interest, or interests adverse to such creditors or parties in interest in matters unrelated to the Debtors' chapter 11 cases. Unless otherwise noted, (a) none of the past or present clients disclosed represent in excess of one tenth of one percent of the Firm's annual revenue, and (b) engagements concluded five or more years ago are excluded.

16. In addition to the foregoing, due to the size and diversity of its practice, Dies & Hile may have represented or otherwise dealt with, and may now be representing or otherwise dealing with various persons (and their attorneys and accountants) who are or may consider themselves creditors, equity security holders or parties in interest in these cases but who are not presently identified as creditors or equity security holders. However, such representations or involvement, if any, do not relate to the Debtors or their estates.

17.     No agreement exists, nor will any be made, to share any compensation received by Dies & Hile for its services in this engagement with any other person or firm.

18.     Dies & Hile is willing to be retained by the Property Damage Committee as Special Counsel to the PD Claimants and will make appropriate application to this Court for compensation and reimbursement of out-of-pocket expenses, all in accordance with section 503 of Title 11, the provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules of this Court, and any Orders of the Court entered in these cases.

19.     Accordingly, to the best of my knowledge, information and belief, Dies & Hile is a "disinterested person" as such term is defined by 11 U.S.C. § 101(14).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 10th day of September, 2005.


[Remainder of page blank.  Next page is signature page.]

_____
Martin W. Dies, III

Sworn to and subscribed before me
this 10th day of September, 2005

_____
Notary Public
State of Texas

ELIZABETH L. BARCLAY
Notary Public, State of Texas
My Commission Expires
June 07, 2009

## SCHEDULE 1

| Position | Rate per Hour |
|---|---|
| Senior Partners | $650 |
| Junior Partners | $400 |
| Associates | $195-$400 |
| Paraprofessionals | $125-$150 |

## EXHIBIT A

Dies & Hile currently represents the following creditors in the above-captioned cases.

1. State of Arizona;
2. State of Arkansas;
3. State of Connecticut;
4. State of Oklahoma;
5. State of Oregon;
6. City of Amarillo, Texas;
7. City of Houston, Texas;
8. Coleman Housing Authority;
9. Sabine River Authority of Texas;
10. City of Phoenix, Arizona;
11. City of Tucson, Arizona;
12. Maricopa County, Arizona;
13. Cook County, Illinois;
14. City of Eugene, Oregon;
15. Eastern Oregon University;
16. Oregon State University;
17. Portland State University;
18. Southern Oregon University;
19. University of Oregon;
20. County of Orange, Texas, Individually and as Class Representative on behalf of Class Members;
21. Six Hundred Building Ltd.;
22. BNC Forum LP Texas Limited Partnership
23. Scott and White Memorial Hospital; and
24. EPEC Realty, Inc.