**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., et al., | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

**FEE AUDITOR'S FINAL REPORT REGARDING**
**FEE APPLICATION OF STROOCK & STROOCK & LAVAN, LLP**
**FOR THE SIXTEENTH INTERIM PERIOD**

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the <u>Sixteenth Interim Fee Application of Stroock & Stroock & Lavan, LLP</u> (the "Application").

**BACKGROUND**

1.  Stroock & Stroock & Lavan, LLP ("Stroock") was retained as counsel to the Official Committee of Unsecured Creditors. In the Application, Stroock seeks approval of fees totaling $352,289.50 and costs totaling $12,746.23 for its services from January 1, 2005, through March 31, 2005, as well as payment of fees and costs of $40,104.23 for Navigant Consulting ("Navigant"), an asbestos issues expert[1].

2.  In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware,

---

[1] We do not review the fees and expenses of Navigant, per Stroock's request.

Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued January 30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served on Stroock an initial report based on our review, and received a response from Stroock, portions of which response are quoted herein.

## DISCUSSION

3.  In our initial report, we noted that during the application period four firm members spent a total of 23.50 hours for fees of $10,917.50 on work associated with legislative efforts. (See Exhibit A) We note that during the March 21, 2005, hearing in the USG Corporation bankruptcy case[2], this Court stated, ". . .I am concerned about general monitoring of other cases. It seems to me if you have an issue that is coming up, in research, in doing that issue, you ought to be able to find those cases and certainly you'd want to know what those rulings are, but just generally monitoring a case for purposes of seeing what's going on is not compensable in this estate. . ." pp. 9-14. In the same hearing, Judge Fitzgerald also stated, "...I'm having some difficulty understanding how any one estate ought to be charged with paying for legislative efforts . . . if USG wants to volunteer its services and help Senator Specter's team to try to get something fixed, that's fine. I'm happy to do that, but in terms of having this estate pay for it, I think I do want an analysis of why that's appropriate . . ."  In light of these statements, we asked Stroock to provide direct correlation that

---

[2]In Re: USG Corporation, a Delaware Corporation, et al., Case No. 01-2094, United States Bankruptcy Court for the District of Delaware.

**FEE AUDITOR'S FINAL REPORT** - Page 2
wrg FR Stroock 16int 1-3.05.wpd

the time entries listed in Exhibit A represent time spent as a necessary part of Stroock's role as counsel to the Committee in this bankruptcy. Further, we asked the firm to explain how the hours of review indicated by the time entries benefitted the bankruptcy estate. Stroock's response is provided as Response Exhibit 1. We appreciate the response and concur with Stroock's contention that the activities listed in Exhibit A do not represent direct legislative efforts. However, we do believe a number of the entries suggest a general monitoring of bankruptcy legislation rather than specific research, and that the fees charged for that time may not be compensable. Those entries are listed below.

01/14/2005   Attend to articles and memoranda on asbestos tort reform (.4).
        Krieger, A.   0.4

01/20/2005   Attend to Congress Daily article on asbestos reform legislation (.1).
        Krieger, A.   0.1

02/10/2005   Reviewed asbestos legislation comments and articles.
        Minias, J.   1.0

02/16/2005   ................ ; review asbestos legislation (3.0); ...
        Minias, J.   4.0

02/18/2005   Review articles and comments re: asbestos legislation.
        Minias, J.   0.1

02/21/2005   Review articles and comments re: asbestos and bankruptcy legislation.
        Minias, J.   0.1

02/21/2005   Review articles and comments re: asbestos legislation.
        Minias, J.   0.1

02/22/2005   Review articles and comments re: asbestos legislation.
        Minias, J.   0.1

02/23/2005   Review articles and comments re: asbestos legislation.
        Minias, J.   0.1

02/24/2005   Review article on Specter press conference (.2).

      Kruger, L.    0.2

02/24/2005    Review articles and comments re: asbestos legislation.
      Minias, J.    0.1

02/25/2005    Review articles and comments re: asbestos legislation (.1);................    Minias, J.    0.3

02/04/2005    ..............; review legislative update (.2).
      Kruger, L.    0.4

02/16/2005    Review of news of Specter's illness (.2).
      Kruger, L.    0.2

According to our breakdown of the entries listed above, A. Krieger has two entries for .5 hours and $275.00, J. Minias has nine entries for 4.7 hours and $1,668.50, and L. Kruger has three entries for .6 hours and $477.00. Thus, we recommend a reduction of $2,420.50 in fees for these entries.

    4.    We noted six instances throughout the Application in which the time summaries do not match the parenthetical time entries. These instances total $707.50 in discrepancies and are provided as Exhibit B. We asked Stroock to examine Exhibit B and to respond as to whether the entries should be treated as inadvertent oversights and the billings reduced accordingly. Stroock's response is provided as Response Exhibit 2. We appreciate the response and concur with Stroock's suggested reduction of $225.00 in fees.

## CONCLUSION

    5.    Thus we recommend approval of fees totaling $349,644.00 ($352,289.50 minus $2,645.50) and costs totaling $12,746.23 for Stroock's services from January 1, 2005, through March 31, 2005, as well as payment of fees and costs of $40,104.23 for Navigant Consulting.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
        Warren H. Smith
        Texas State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 1275
Dallas, Texas 75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 12th day of September, 2005.

_____
Warren H. Smith

## SERVICE LIST
### Notice Parties

**The Applicant**
Lewis Kruger
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, New York 10038-4982

Arlene Krieger
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, New York 10038-4982

**The Debtors**
David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**
James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**
Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**
Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph,Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**
Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**
Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**
Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801

Exhibit A

01/07/2005   Conference call K. Wallace re asbestos legislation (.4).
    Krieger, A.   0.4

01/10/2005   Attend to R. Farrell memorandum on asbestos tort reform legislation.
    Krieger, A.   0.2

01/10/2005   Attention to Specter draft asbestos bill (.5).
    Pasquale, K.   0.5

01/12/2005   Review Navigant analysis of Specter bill (.3).
    Kruger, L.   0.3

01/14/2005   Attend to articles and memoranda on asbestos tort reform (.4).
    Krieger, A.   0.4

01/20/2005   Attend to Congress Daily article on asbestos reform legislation (.1).
    Krieger, A.   0.1

01/25/2005   ....................; attend to memorandum from Navigant Consulting re asbestos reform legislation (.1).
    Krieger, A.   0.3

01/25/2005   Review Navigant memo re legislation (.2);.............
    Kruger, L.   0.5

01/27/2005   Review report on Senate Watson (.2);..........
    Kruger, L.   0.5

02/01/2005   Attention to G-I estimation decision (.8)
    Pasquale, K.   0.8

02/02/2005   Exchanged memoranda with KP re G-I opinion on estimation, R. Cantor inquiries (.4); office conference DW re G-I opinion (.2); attend to Navigant memoranda re Specter hearing on asbestos reform legislation (.1).
    Krieger, A.   0.7

02/02/2005   Review Navigant's report on Senate hearing (.3); review G-I decision and impact on estimation (.2).
    Kruger, L.   0.5

02/02/2005   Monitored Senate Judiciary committee hearing re FAIR ACT (.8)

        Pasquale, K.   0.8

02/03/2005    Attend to articles re FAIR Act (.7); attend to transcript of ZAI hearing (1.2).
        Krieger, A.   1.9

02/07/2005    Review Navigant update regarding Specter and asbestos bill (.2).
        Kruger, L.   0.2

02/08/2005    Review Specter draft bill, Mesothelioma letter and adjournment of introduction of bill (.6).
        Kruger, L.   0.6

02/08/2005    Attention to revised FAIR bill and Specter statement (.8).
        Pasquale, K.   0.8

02/09/2005    Review of delay in asbestos legislation by Frist (.2).
        Kruger, L.   0.2

02/10/2005    Attend to Navigant Consulting memorandum re asbestos reform legislation (.1).
        Krieger, A.   0.1

02/10/2005    Reviewed asbestos legislation comments and articles.
        Minias, J.   1.0

02/11/2005    Meeting w. Ken Pasquale re: asbestos legislation; review articles re: legislation; begin review of legislation.
        Minias, J.   2.0

02/11/2005    Office conference J. Minias re FAIR Act issues (.4);................
        Pasquale, K.   0.9

02/14/2005    Review daily articles re: asbestos legislation; articles re: W R Grace indictments.
        Minias, J.   0.3

02/15/2005    Review asbestos bill and articles and comments re: same.
        Minias, J.   3.5

02/16/2005    ................ ; review asbestos legislation (3.0); begin review of claims estimation papers (.5).
        Minias, J.   4.0

02/18/2005    Review articles and comments re: asbestos legislation.

      Minias, J.    0.1

02/21/2005    Review articles and comments re: asbestos and bankruptcy legislation.
      Minias, J.    0.1

02/21/2005    Review articles and comments re: asbestos legislation.
      Minias, J.    0.1

02/22/2005    Review articles and comments re: asbestos legislation.
      Minias, J.    0.1

02/23/2005    Review articles and comments re: asbestos legislation.
      Minias, J.    0.1

02/24/2005    ................; attend to Navigant Consulting report on asbestos reform legislation (.1);...............
      Krieger, A.    1.4

02/24/2005    Review article on Specter press conference (.2).
      Kruger, L.    0.2

02/24/2005    Review articles and comments re: asbestos legislation.
      Minias, J.    0.1

02/25/2005    Attend to Navigant Consulting memorandum on asbestos reform legislation (.1); attend to article re asbestos liabilities (.2).
      Krieger, A.    0.3

02/25/2005    Review articles and comments re: asbestos legislation (.1);................    Minias, J.    0.3

02/03/2005    Review emails regarding legislation and mixed dust (.2).
      Kruger, L.    0.2

02/04/2005    ..............; review legislative update (.2).
      Kruger, L.    0.4

02/16/2005    Review of news of Specter's illness (.2).
      Kruger, L.    0.2

03/01/2005    ...............; attend to memorandum to the Committee re: Senator Specter article on asbestos reform legislation (.3).
      Krieger, A.    1.1

03/01/2005    Review articles and comments re: asbestos and bankruptcy legislation.
    Minias, J.    0.2

03/02/2005    ................; attend to article re: FAIR Act legislation (.2).
    Krieger, A.    0.9

03/03/2005    ................; attend to Navigant article re asbestos reform legislation (.1).
    Krieger, A.    1.2

03/09/2005    Attention to Libby/bankruptcy bill proposed amendment (.3).
    Pasquale, K.    0.3

03/15/2005    Memoranda to J. Friedland re: status of submission of case management orders in respect of estimation proceedings (.1); telephone call R. Douglas re: asbestos reform legislation (.2); exchange follow-up memoranda with R. Douglas re: same (.2); exchanged memoranda with R. Farrell re: asbestos reform legislation (.2); attend to review of asbestos legislation articles (.1);................
    Krieger, A.    1.3

Exhibit B

1. On January 4, 2005, AK has a time entry listed as 2.8 hours for a total fee of $1,470.00. The parenthetical entries total only 2.70 hours for a fee of $1,417.50. The difference in fee totals is $52.50.

01/04/2005   Telephone call T. Maher re plan documents, termination provisions (.2); attend to Committee memorandum re Termination Conditions (1.3); exchanged memoranda with plan working group re Committee memorandum, and revised memorandum to reflect same (.4); office conference MAS re same (.2); memorandum to the Committee re memorandum on Termination Conditions (.1); memorandum to the Committee re updated Plan comparison from Capstone (.3); memorandum to Pat McGrath re filed plan documents (.2).
        Krieger, A.    2.8

2. On January 11, 2005, AK has a time entry listed as 1.6 hours for a total fee of $840.00. The parenthetical entries total only 1.50 hours for a fee of $787.50. The difference in fee totals is $52.50.

01/11/2005   Exchanged memoranda with LK re Company's position on termination provisions (.2); memorandum to J. Baer re termination provisions (.1); prepare updated termination conditions memorandum (.1); conference call meeting of the Committee re withdrawal provisions, exclusivity, other (.4); telephone call G. Bray re plan and disclosure statement comments (.3); exchanged memoranda with KP re Sealed Air related pleadings (.1); memorandum to LK re substance of conversation with J. Baer re termination provisions (.2); exchanged memorandum with M. Lastowski re plan support agreement (.1).
        Krieger, A.    1.6

3. On January 14, 2005, AK has a time entry listed as 1.4 hours for a total fee of $735.00. The parenthetical entries total only 1.00 hours for a fee of $525.00. The difference in fee totals is $210.00.

01/14/2005   Review debtors' motion to retain Arent Fox (.2); review of documents filed 1-13-05 (.6); attend to Debtors' motion re addition to estimation motion (.2).
        Kruger, L.    1.4

4. On January 6, 2005, AK has a time entry listed as 9.5 hours for a fee of $4,987.50. The parenthetical entries total only 9.20 hours for a fee of $4,830.00. The difference in fee totals is $157.50.

01/06/2005   Memoranda to plan working group re further revised plan documents and briefs (.2); review amended briefs - critical issues (.6); attend to revised confirmation procedures brief (.2); attend to further amended plan and glossary of terms (.6); attend to revised amended disclosure statement (1.4); telephone calls C. Troyer re disclosure statement changes (.3); memorandum to MG

and ME re documents for review (.2); conference call Debtors' representatives, equity committee re responses to objections, Committee termination conditions (.6); exchanged memoranda with R. Douglas re confirmation procedures (.2); exchanged memoranda with R. Bennett re comments to confirmation procedures response and procedures (.3); office conferences M. Eichler re disclosure statement modifications, company position on Sealed Air Agreement (.7); telephone calls L. Sinanyan re comments to the plan, glossary of terms (.6), disclosure statement (.7); other related issues (.3); exchanged memoranda to plan working group re delay in filing plan documents (.2); office conference LK, KP re same and Company position on Sealed Air settlement agreement (.4); conference call Jan Baer re termination provisions, Sealed Air Agreement (.3); attend to response to disclosure statement objections (.5); attend to Capstone's revised best interest analysis (.2); memorandum to plan working group re revised best interest analysis (.1); attend to Capstone reinstated claims detail (.2);  exchanged memoranda with KP re status of Debtors' motion to refer certain plan-related matters to the Bankruptcy Court (.1); exchange memoranda with Debtors counsel re motion (.1); attend to memoranda from MG re additional plan documents comments, equity transfer restriction provisions (.2),
  Krieger, A. 9.5

5. On January 7, 2005, AK has a time entry listed as 5.8 hours for a fee of $3,045.00. The parenthetical entries total only 5.30 hours for a fee of $2,782.50. The difference in fee totals is $262.50.

01/07/2005 Exchanged memoranda with MG, M. Eichler re plan's restrictions and with MG re disclosure statement comments (.3); exchanged memoranda with C. Troyer re disclosure statement comments (.4); memorandum to L. Sinanyan re additional disclosure statement comments (.4); office conference MAS re Sealed Air Agreement position, discussions re termination  provisions (.4); office conference LK re case law on termination issues (.1); office conference M. McEachern re case law on termination issues, plan status (.3); attend to review of Debtors' filed pleadings in response to objection to the Disclosure Statement (.2); office conferences LK, KP re filed pleadings (.3); office conference LK re plan signature block inquiry (.1) ; telephone call L. Chambers and R. Cantor re conference call (.2); exchanged memoranda with LK, KP re conference call with Navigant Consulting (.1); conference call LK, KP and Navigant (.5); attend to filed pleadings (.6); attend to review of chart of disclosure statement objections/resolutions (.8); exchanged memoranda with L. Sinanyan re disclosure statement objection/resolution charts, revised plan documents (.2); attend to objections to Debtors' motion to extend exclusivity filed by the futures representative and PD Committee (.3); exchanged memoranda with LK, KP re exclusivity objections (.1).
  Krieger, A. 5.8

6. On January 7, 2005, KP has a time entry listed as 5.0 hours for a fee of $2,875.00. The parenthetical entries total only 4.70 hours for a fee of $2,702.50. The difference in fee totals is $172.50.

01/07/2005 Attention to myriad plan-related issues (2.0); conference call J. Baer re: same (.2); attention to latest drafts of replies and plan/DS documents (2.2); attention to F. Rep. exclusivity

objection to PD's 2AI bar date objection (.3).
      Pasquale, K.   5.0

Response Exhibit 1

The Report notes that the Application seeks payment of fees in the aggregate amount of $10,917.50 with respect to 23.5 hours of services on work associated with legislative efforts and refers to Judge Fitzgerald's remarks during the March 21, 2005 hearing in the USG Corporation chapter 11 cases with respect to an estate paying for the voluntary efforts of a debtor to assist Senator Specter's team in trying to get some asbestos legislation passed and paying for the general monitoring of other cases. The Report seeks an explanation of how the services identified in the Report benefitted the estate. (Report at paragraph 3).

Judge Fitzgerald's comments during the March 21, 2005 USG hearing arose in connection with the approval sought by Chilmark Partners, the financial advisor for USG Corporation, for payment of its fees, where certain of the services rendered by Chilmark Partners were for its efforts and active participation with USG in furthering the passage of asbestos reform legislation in Congress.
None of Stroock's services identified in the Report relate to any active participation by Stroock in efforts to either advocate for or oppose the passage of asbestos legislation. They are not "services on work associated with legislative efforts". Rather, as is evident by Exhibit A to the Report, most of the services involved reviewing articles, memoranda and reports on the legislation, some of which were either forwarded or prepared by Navigant Consulting, the Creditors' Committee's asbestos issues consultant. In addition, Stroock, on occasion, reviewed the actual terms of the full asbestos bill then under discussion. These services were rendered by Stroock in order to be able to keep the Creditors' Committee and individual unsecured creditors advised with respect to the negotiations over, the prospects for, and the terms of, the various iterations of the asbestos bill. There can be no doubt that the legislative attempts to address the resolution of asbestos claims on a national basis under discussion in Washington is an area of direct relevance to the Grace chapter 11 cases given its potential direct and substantial impact on the treatment of asbestos claims asserted against the Grace estates, the structure and timing of a chapter 11 plan and recoveries available for the non-asbestos unsecured creditors represented by the Creditors' Committee. Stroock could not adequately represent the Creditors' Committee and the creditor constituency the Creditors' Committee represents without following the legislation and keeping up to date with all of the legislation's developments.

Further, Stroock has not engaged in the general monitoring of other chapter 11 cases. The time entries cited to in the Report reflect only several occasions where Stroock reviewed a decision rendered in another asbestos chapter 11 case, the G-I Holdings' case, addressing the estimation of asbestos claims, an issue that is at the center of the Grace chapter 11 proceedings at this time.

Stroock believes that the time it expended during this period on these types of matters is quite modest, especially given the importance of asbestos-related issues to these cases. It is Stroock's position that the time spent by Stroock in reviewing articles about the legislation and monitoring

its terms and developments and in reviewing decisions of particular relevance to the estimation of asbestos claims in these cases is reasonable and necessary to properly represent the Committee and the unsecured creditors of these estates.  Accordingly, Stroock submits that the $10,917.50 in fees referenced in the Report should be approved and paid in their entirety.

Response Exhibit 2

The Report notes six instances in the application where the total time ascribed to the entry does not correspond to the total of the component entries for the particular timekeepers for the dates identified and seeks an explanation for the discrepancy. The aggregate difference is stated to be $707.50 in fees. (Report at paragraph 4)[1].

The portion of the Application corresponding to this inquiry contains over 50 pages of time entries and hundreds of entries for this quarterly application period. While Stroock endeavors to double-check each and every narrative and corresponding aggregate amount entry against each other, as well as against the subject attorney's time detail notes to ensure that the amounts are correct throughout, errors do occur from time to time.

With respect to timekeeper A. Krieger's time detail for 1/04/05, Stroock's review of the narrative time entry against the original notes input reveal that in this instance a typographical error occurred in putting the attorney's time detail data into the firm's accounting system and the time entry failed to include the following component: "Memorandum to Tom Maher re: Committee memorandum (0.1)", which entry accounts for the difference. Stroock submits that the aggregate amount for this entry is therefore correct.

With respect to timekeeper L. Kruger's[2] time detail for 1/14/05, Stroock's review of the narrative time entry against the original notes input reveal that in this instance a typographical error occurred in putting the attorney's time detail data into the firm's accounting system and the time entry failed to include the following component: "Review memorandum to Committee re: plan documents filed 1/13/05 (0.4)," which entry accounts for the difference. Stroock submits that the aggregate amount for this entry is therefore correct.

With respect to timekeeper A. Krieger's time detail for 1/06/05, Stroock's review of the narrative time entry against the original notes input reveal that in this instance a typographical error occurred in putting the attorney's time detail data into the firm's accounting system and the time entry failed to include the following component: "Exchanged memoranda with J. Baer re: plan terms (0.3),"which entry accounts for the difference. Stroock submits that the aggregate amount for this entry is therefore correct.

With respect to timekeeper A. Krieger's time detail for 1/07/05, Stroock's review of the narrative time entry against the original notes input reveal that in this instance a typographical error occurred in putting the attorney's time detail data into the firm's accounting system and the time entry failed to include the following component: "Exchanged memoranda with MG, M.Eichler

---

[1] This Response responds to the entries identified in the Report in the same order as they are listed in    the Report.

[2]    The Report incorrectly identified this time as that of timekeeper A. Krieger.

re: plan's restrictions on trading parent common stock (0.5)," which entry accounts for the difference. Stroock submits that the aggregate amount for this entry is therefore correct.

The other two narrative entries (one for timekeeper A. Krieger on 1/11/05 and one for timekeeper K. Pasquale on 1/07/05) reveal that they are correct, but that the stated aggregate amount is incorrect. Stroock therefore submits that the aggregate amount of the compensation Stroock seeks under the Application should be reduced by $225.00.