IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) Objection Due By: September 22, 2005 at 4:00 p.m. | |
| | ) Hearing Date: September 26, 2005 at 12:00 p.m. | |

**FIRST INTERIM APPLICATION OF
DELOITTE TAX LLP FOR
COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR
AUGUST 22, 2004 THROUGH MARCH 31, 2005**

Name of Applicant:   Deloitte Tax LLP ("Deloitte Tax").

Authorized to Provide Professional Services to:   The above-captioned debtors and debtors-in-possession.

Date of Retention:   December 20, 2004.

Period for which Compensation and Reimbursement is Sought:   August 22, 2004 through March 31, 2005.

Amount of Compensation Sought as Actual, Reasonable and Necessary:   $273,951.00[2]

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Some professional time that was spent during the Interim Period may be reflected in a subsequent application.

<u>Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary</u>:

$1,986.00.

This is a:     _ monthly    X interim    _ final application.

## SUMMARY OF PRIOR MONTHLY APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Approved Fees | Requested Expenses | Approved Expenses |
|---|---|---|---|---|---|
| 04/15/06 | 08/22/04 – 09/30/05 | $41,719.00 | Pending per this interim application | $0.00 | |
| 06/21/05 | 10/01/04 – 10/31/04 | $83,110.00 | Pending per this interim application | $148.00 | Pending per this interim application |
| 06/21/05 | 11/01/04 – 11/30/04 | $77,220.00 | Pending per this interim application | $425.00 | Pending per this interim application |
| 06/21/05 | 12/01/04 – 12/31/04 | $21,567.00 | Pending per this interim application | $0.00 | |
| 06/23/05 | 01/01/05 – 01/31/05 | $19,859.00 | Pending per this interim application | $1,228.00 | Pending per this interim application |
| 06/23/05 | 02/01/05 – 02/28/05 | $23,798.50 | Pending per this interim application | $185.00 | Pending per this interim application |
| 06/23/05 | 03/01/05 – 03/31/05 | $6,677.50 | Pending per this interim application | $0.00 | |

Total Fees Sought Hereunder: $273,951.00
Total Expenses Sought Hereunder: $1,986.00

## COMPENSATION BY PROFESSIONAL

| Name of Professional Individual | Position and Service Line | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Michelle McGuire | Principal - Customs & International Tax | $660 | 8.0 | $5,280 |
| Michele McGuire | Principal – Customs & International Trade Services | $660 | 6.0 | $3,960 |
| Michele McGuire | Principal – Customs & International Trade Services | $660 | 3.0 | $1,980 |
| Michele McGuire | Principal – Customs & International Trade Services | $660 | 4.0 | $2,640 |
| Michele McGuire | Principal – Customs & International Trade Services | $660 | 6.5 | $4,290 |
| Michele McGuire | Principal – Customs & International Trade Services | $660 | 3.5 | $2,310 |
| Michele McGuire | Principal – Customs & International Trade Services | $660 | 2.0 | $1,320 |
| Matthew Frank | Sr. Consultant – Customs & International Tax | $440 | 63.5 | $27,940 |
| Matthew Frank | Manager – Customs & International Trade Services | $440 | 44.5 | $19,580 |
| Matthew Frank | Manager – Customs & International Trade Services | $440 | 19.5 | $8,580 |
| Matthew Frank | Manager – Customs & International Trade Services | $440 | 27.0 | $12,540 |
| Matthew Frank | Manager – Customs & International Trade Services | $440 | 15.5 | $6,820 |
| Matthew Frank | Manager – Customs & International Trade Services | $440 | 11.0 | $4,840 |
| Matthew Frank | Manager – Customs & International Trade Services | $440 | 6.0 | $2,640 |
| Mary Kostopoulos | Senior Consultant – Customs & International Trade Services | $310 | 4.0 | $1,240 |
| Fred Levitan | Sr. Consultant – Customs & International Tax | $310 | 7.1 | $2,201 |
| Fred Levitan | Senior Consultant – Customs & International Trade Services | $310 | 1.5 | $465 |
| Fred Levitan | Senior Consultant – Customs & International Trade Services | $310 | 2.0 | $620 |
| Fred Levitan | Senior Consultant – Customs & International Trade Services | $310 | 2.2 | $682 |
| Fred Levitan | Senior Consultant – Customs & International Trade Services | $310 | 4.5 | $1,395 |
| Fred Levitan | Senior Consultant – Customs | $310 | 2.0 | $620 |

| Name of Professional Individual | Position and Service Line | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| | & International Trade Services | | | |
| Fred Levitan | Senior Consultant – Customs & International Trade Services | $310 | 1.8 | $558 |
| William Vawter | Consultant – Customs & International Trade Services | $310 | 0.5 | $155 |
| Guillermo Del Nogal | Associate- Customs & International Tax | $230 | 9.0 | $2,070 |
| Faye Geli | Administrative – Customs & International Trade Services | $65 | 0.5 | $33 |
| Marcella Dillard | Administrative | $65 | .2 | $13 |
| Lawrence Axelrod | Principal – National Tax | $600 | 0.5 | $300 |
| Nick Bubnovich | Partner – National Tax | $620 | 5.0 | $3,100 |
| Bryan Collins | Partner- National Tax | $600 | 1.0 | $600 |
| Bryan Collins | Partner – National Tax | $600 | 20.5 | $12,300 |
| Bryan Collins | Partner – National Tax | $600 | 35.0 | $21,000 |
| Bryan Collins | Partner – National Tax | $600 | 5.5 | $3,300 |
| Bryan Collins | Partner – National Tax | $600 | 2.0 | $1,200 |
| Bryan Collins | Partner – National Tax | $600 | 5.0 | $3,000 |
| Tim Tuerff | Partner – National Tax | $600 | 0.3 | $180 |
| Tim Tuerff | Partner – National Tax | $600 | 3.8 | $2,280 |
| Tim Tuerff | Partner – National Tax | $600 | 0.8 | $480 |
| John Keenan | Director – National Tax | $600 | 1.0 | $600 |
| John Keenan | Director – National Tax | $600 | 0.5 | $300 |
| Jonathan Forrest | Manager- National Tax | $515 | 1.0 | $515 |
| Jonathan Forrest | Senior Manager – National Tax | $515 | 44.5 | $22,918 |
| Jonathan Forrest | Senior Manager – National Tax | $515 | 45.0 | $23,175 |
| Jonathan Forrest | Senior Manager – National Tax | $515 | 4.0 | $2,060 |
| Jonathan Forrest | Senior Manager – National Tax | $515 | 9.5 | $4,893 |
| Jonathan Forrest | Senior Manager – National Tax | $515 | 7.0 | $3,605 |
| Sibel Owji | Senior Manager – National Tax | $515 | 2.1 | $1,082 |
| Sibel Owji | Senior Manager – National Tax | $515 | 9.4 | $4,841 |
| Sibel Owji | Senior Manager – National Tax | $515 | 1.0 | $515 |
| Matthew Gareau | Senior Manager – National | $475 | 2.0 | $950 |

| Name of Professional Individual | Position and Service Line | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| | Tax | | | |
| Matthew Gareau | Manager – National Tax | $475 | 48.0 | $22,800 |
| Matthew Gareau | Manager – National Tax | $475 | 46.0 | $21,850 |
| Daniel ZumBrunnen | Consultant – Customs & International Trade Services | $230 | 4.9 | $1,127 |
| Donna Anastasi | Administrative – National Tax | $75 | 0.5 | $38 |
| Kelly James | Administrative – National Tax | $75 | 0.2 | $15 |
| Kelly James | Administrative – National Tax | $75 | 0.1 | $8 |
| Jason Hall | Administrative – National Tax | $75 | 1.5 | $113 |
| Midori Owaki | Administrative – National Tax | $75 | 0.5 | $38 |

Total Fees:     $273,955*
Total Hours:    563.4
Blended Rate:   $486.00**

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees Requested |
|---|---|---|
| Ruling Request | 2.0 | $1,115 |
| Ruling Request | 114.5 | $58,918 |
| Ruling Request | 126.2 | $66,040 |
| Ruling Request | 10.6 | $5,705 |
| Ruling Request | 13.9 | $12,505 |
| Ruling Request | 27.2 | $8,390 |
| Ruling Request | .5 | $37.50 |
| Customs Audit/Focused Assessment | 51.0 | $23,695 |
| Customs Audit/Focused Assessment | 22.5 | $10,560 |
| Customs Audit/Focused Assessment | 31.0 | $15,180 |
| Customs Audit/Focused Assessment | 26.5 | $7,354 |
| Customs Audit/Focused Assessment | 18.5 | $14,676 |
| Compensation Benchmarking | 5.0 | $2,480 |
| Customs Audit | 85.2 | $37,318 |
| Customs Audit/Focused Assessment | 15.2 | $6080.5 |
| Fee Application/Billing | 2.6 | $806 |
| Fee Application/Billing | 2.0 | $498 |
| Fee Application/Billing | 2.0 | $620 |
| Fee Application/Billing | 2.2 | $682 |
| Fee Application/Billing | 3.5 | $733 |
| Fee Application/Billing | 2.3 | $560 |

*This amount is $4.00 greater than the actual amount sought hereunder due to rounding adjustments made to the fees sought.
**This blended hourly rate is based on the actual amount sought hereunder divided by the total number of hours expended in providing services to the Debtors during the Interim Period. ($273,951/ 563.25 hours = $486 per/hour)

# EXPENSE SUMMARY

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Working Meals | | $404 |
| Telephone Calls/Faxes | | $44 |
| Travel Expenses | | $1,527 |
| | | |
| TOTAL | | $1,986 |

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) Objection Due By: September 22, 2005 at 4:00 p.m. | |
| | ) Hearing Date: September 26, 2005 at 12:00 p.m. | |

## FIRST INTERIM APPLICATION OF DELOITTE TAX LLP FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR AUGUST 22, 2004 THROUGH MARCH 31, 2005

Pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Court's 'Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members', signed

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

April 17, 2002, amending the Court's 'Administrative Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code Establishing Procedures for Allowance and Payment of Monthly Interim Compensation and Reimbursement of Expenses of Professionals', entered May 3, 2001 (together, the "Administrative Order"), the firm of Deloitte Tax LLP ("Deloitte Tax") hereby files this Second Interim Application of Deloitte Tax LLP for Compensation and for Reimbursement of Expenses for August 22, 2004 through March 31, 2005 (the "Second Fee Application"). By this First Fee Application Deloitte Tax seeks the interim allowance of compensation in the amount of $273,951.00 and reimbursement of actual and necessary expenses in the amount of $1,986.00 for a total of $275,937.00 for the period August 22, 2004 through March 31, 2005 (the "Interim Period"). In support of this First Fee Application, Deloitte Tax respectfully represents as follows:

### Background

1.     On April 2, 2001 (the "Petition Date"), each of the debtors (collectively, the "Debtors") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors are continuing to operate their businesses and manage their properties and assets as debtors in possession. Since the Petition Date, the U.S. Trustee has appointed the following creditors' committees: Official Committee of Unsecured Creditors, Official Committee of Asbestos Personal Injurcy Claimants, Official Committee of Asbestos Property

to the filing and approval of interim and final fee applications of the professional. The professional is also required to file a quarterly interim fee application.[1]

6. Attached hereto as Appendix A is the Verification of Michele McGuire of Deloitte Tax.

### Monthly Fee Applications Covered Herein

7. The monthly fee applications covered by this First Interim Fee Application contain detailed daily time logs describing the actual and necessary services provided by Deloitte Tax during the Interim Period as well as other detailed information required to be included in the fee applications. Those monthly applications, attached hereto as Exhibits A, B, C, D, E, F and G include the following:

8. On or about April 15, 2005, Deloitte Tax filed the First Monthly Application of Deloitte Tax LLP for Compensation for Services Rendered and Reimbursement of Expenses to the Debtors for the Period from August 22, 2004 through September 30, 2004 (the "First Monthly", Docket No. 8226) requesting $47,719.00 in fees and $0.00 in expenses. No objections were received with respect to the First Monthly. A copy of the First Monthly is attached hereto as Exhibit A.

9. On or about June 21, 2005, Deloitte Tax filed the Second Monthly Application of Deloitte Tax LLP for Compensation for Services Rendered and Reimbursement of Expenses to the Debtors for the Period from October 1, 2004 through

---

[1] In an effort to reduce the burden on the Court of filing separate interim fee applications for the two interim compensation periods covered by this First Interim Fee Application, Deloitte Tax has filed this single application seeking compensation and expense reimbursement for both such periods.

Damage Claimants, and Official Committee of Equity Security Holders (collectively, the "Committees"). No trustee has been appointed in the Debtors' chapter 11 cases.

2.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2).

3.  On April 2, 2001, the Court entered its order that the Debtors' chapter 11 cases be consolidated for procedural purposes only and administered jointly.

4.  The Order Pursuant to 11 U.S.C.§§ 327(a) and 328(a) and Fed R. Bankr. P. 2014(a), 2016 and 5002 Authorizing the Employment and Retention of Deloitte Tax LLP as Tax Service Providers to the Debtors Nunc Pro Tunc to August 22, 2004 was entered by this Court on December 21, 2004. Prior to August 22, 2004, tax advisory services, along with customs procedures review services, for which compensation and expense reimbursement is sought hereunder were provided to the Debtors by Deloitte & Touche LLP ("Deloitte & Touche"). As of August 22, 2004, Deloitte & Touche is no longer providing tax services or compensation procedures review services to the Debtors.

5.  Pursuant to the procedures set forth in the Administrative Order, professionals may request monthly compensation and reimbursement, and interested parties may object to such requests. If no interested party objects to a professional's request within twenty (20) days, the applicable professional may submit to the Court a certification of no objection authorizing the interim compensation and reimbursement of eighty percent (80%) of the fees requested and 100% of the expenses requested, subject

October 31, 2004 (the "Second Monthly", Docket No. 8661) requesting $83,110.00 in fees and $148.00 in expenses. No objections were received with respect to the Second Monthly. A copy of the Second Monthly is attached hereto as Exhibit B.

10.  On or about June 21, 2005, Deloitte Tax filed the Third Monthly Application of Deloitte Tax LLP for Compensation for Services Rendered and Reimbursement of Expenses to the Debtors for the Period from November 1, 2004 through November 30, 2004 (the "Third Monthly", Docket No. 8662) requesting $77,220.00 in fees and $425.00 in expenses. No objections were received with respect to the Third Monthly. A copy of the Third Monthly is attached hereto as Exhibit C.

11.  On or about June 21, 2005, Deloitte Tax filed the Fourth Monthly Application of Deloitte Tax LLP for Compensation for Services Rendered and Reimbursement of Expenses to the Debtors for the Period from December 1, 2004 through December 31, 2004 (the "Fourth Monthly", Docket No. 8664) requesting $21,567.00 in fees and $0.00 in expenses. No objections were received with respect to the Fourth Monthly. A copy of the Fourth Monthly is attached hereto as Exhibit D.

12.  On or about June 23, 2005, Deloitte Tax filed the Fifth Monthly Application of Deloitte Tax LLP for Compensation for Services Rendered and Reimbursement of Expenses to the Debtors for the Period from January 1, 2005 through January 31, 2005 (the "Fifth Monthly", Docket No. 8676) requesting $19,859.00 in fees and $1,286.00 in expenses. No objections were received with respect to the Fifth Monthly. A copy of the Fifth Monthly is attached hereto as Exhibit E.

13. On or about June 23, 2005, Deloitte Tax filed the Sixth Monthly Application of Deloitte Tax LLP for Compensation for Services Rendered and Reimbursement of Expenses to the Debtors for the Period from February 1, 2005 through February 28, 2005 (the "Sixth Monthly", Docket No. 8676) requesting $23,798.50 in fees and $185.00 in expenses. No objections were received with respect to the Sixth Monthly. A copy of the Sixth Monthly is attached hereto as Exhibit F.

14. On or about June 25, 2005 Deloitte Tax filed the Seventh Monthly Application of Deloitte Tax LLP for Compensation for Services Rendered and Reimbursement of Expenses to the Debtors for the Period from March 1, 2005 through March 31, 2005 (the "Seventh Monthly", Docket No. 8677) requesting $6,677.50 in fees and $0.00 in expenses. No objections were received with respect to the Seventh Monthly. A copy of the Seventh Monthly is attached hereto as Exhibit G.

**Requested Relief**

15. By this First Fee Application, Deloitte Tax requests that the Court approve the interim allowance of compensation for professional services rendered in the amount of $273,951.00, and the reimbursement of actual and necessary expenses incurred in the amount of $1,986.00 by Deloitte Tax during the Interim Period. As stated above, the full scope of the services provided and related expenses incurred are fully described in the monthly fee applications for the Interim Period that already have been filed with the Court and are attached hereto as Exhibits A, B, C, D, E, F and G.

24. At all relevant times, Deloitte Tax has been a disinterested person as that term is defined in section 101 (14) of the Bankruptcy Code and has not represented or held an interest adverse to the interest of Debtors.

25. All services for which compensation is requested by Deloitte Tax were performed for or on behalf of Debtors and not on behalf of any committee, creditor, or other person.

26. During the Interim Period, Deloitte Tax has received no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with Debtors' cases. Deloitte Tax has no agreement with any non-affiliated entity to share any compensation earned in these chapter 11 cases.

27. The professional services and related expenses for which Deloitte Tax requests interim allowance of compensation and reimbursement of expenses were rendered and incurred in connection with Deloitte Tax's provision of customs procedures review services, and tax advisory services for Debtors in these chapter 11 cases. Deloitte Tax's services have been necessary and beneficial to Debtors and their estates, and other parties in interest.

2005-Aug-25  08:34 PM      Deloitte     3124860312                                              1/2

WHEREFORE, Deloitte Tax respectfully requests that the Court enter an order, substantially in the form attached hereto, providing that, for the period of August 22, 2004 through March 31, 2005, an allowance be made to Deloitte Tax in the sum of $273,951.00 as compensation for reasonable and necessary professional services rendered to Debtors and in the sum of $1,986.00 for reimbursement of actual and necessary costs and expenses incurred, for a total of $275,937.00 that Debtors be authorized and directed to pay to Deloitte Tax the outstanding amount of such sums; and for such other and further relief as this Court deems proper.

Dated: August 25, 2005

                                                  DELOITTE TAX LLP

                                                  */s/ Michele McGuire*

                                                  Michele McGuire, Principal
                                                  Deloitte Tax LLP
                                                  111 South Wacker Drive
                                                  Chicago, Illinois 60606

                                                  Telephone: 312-486-9845
                                                  Facsimile: 312-247-9845

                                                  Customs services providers, and tax advisors for
                                                  Debtors and Debtors-in-Possession

## APPENDIX A

### VERIFICATION

WASHINGTON            :
                      :
DISTRICT OF COLUMBIA  :

Michele McGuire, after being duly sworn according to law, deposes and says:

a) I am a principal with the applicant professional services firm of Deloitte Tax LLP.

b) I have personal knowledge of Deloitte Tax LLP's retention as customs services providers, and tax advisors to the Debtors in these chapter 11 cases.

c) I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Del.Bankr.LR 2016-2 and the 'Amended Administrative Order Under 11 U.S.C. §§105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members', signed April 17, 2002, and submit that the Application substantially complies with such Rule and Order.

*[signature]*
Michelle McGuire

SWORN AND SUBSCRIBED
before me this 25th day of August, 2005.

*[signature]* Barbara Knight
Notary Public
My Commission Expires: 8-21-09

OFFICIAL SEAL
BARBARA KNIGHT
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:08/21/09