## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
| | : | |
| W.R. GRACE & CO., *et al.*, | : | Case No. 01-01139 (JKF) |
| Debtors. | : | Jointly Administered |

Related Dkt. No. 9383

## REAUD, MORGAN & QUINN, INC.'S RESPONSE IN OPPOSITION TO DEBTORS' MOTION (i) FOR LEAVE FROM NOVEMBER 5, 2004, SCHEDULING ORDER, AND (ii) TO SHORTEN NOTICE PERIOD OF DEBTORS' EMERGENCY MOTION FOR LEAVE TO TAKE DISCOVERY OF CLAIMANTS' ATTORNEYS

Reaud, Morgan & Quinn, Inc. ("Reaud, Morgan"), responds to and opposes "Debtors'

Motion for Leave from This Court's November 5, 2004 Scheduling Order and to Shorten Notice

Period of Debtors' Emergency Motion for Leave to Take Discovery of Claimants' Attorneys"

(the "Motion to Expedite", Dkt. No. 9383), and would respectfully show the Court as follows:[1]

---

[1]    At the outset, it should be noted that Debtors premise both their Motion to Expedite and the underlying Motion (defined below) on the supposed need of information for the estimation hearing scheduled for late 2006. There can be no "emergency" with respect to Reaud, Morgan's clients, whose settled and liquidated claims need not be estimated. The claims of Reaud, Morgan's clients were fully settled, documented and reviewed prepetition, and supporting documentation is already in the Debtors' possession. Consequently, there is no legitimate reason for Debtors' to seek redundant documentation now for an estimation proceeding, and assuredly not on an expedited basis.

{10006610.DOC}

A litigant's unilateral act of captioning a motion as an "emergency" does not make it one. Debtors' Emergency Motion for Leave to Take Discovery of Claimants' Attorneys (the "Motion", Dkt. No. 9382), docketed on September 9, 2005, is hardly an emergency.  By the Motion to Expedite, Debtors ask the Court to allot to Reaud, Morgan (and other law firms representing asbestos claimants) a meager twelve (12) calendar days – through September 21, 2005 – to object to the Motion – a ponderous, one and one-quarter inch stack of paper that includes seventeen exhibits.[2]  Debtor's press for expedition is objectively unreasonable and smacks of gamesmanship.

The Motion asserts that "the evidence sought by Debtors is critical to the estimation process."  Motion at 13 (initial capitals omitted).  Even assuming the verity of that questionable assertion – solely for the sake of argument – the hearing on the estimation of asbestos personal injury claims is not scheduled to occur *for a year*.[3]  The cut-off for discovery related to the estimation of asbestos claims is not until *July 28, 2006*.[4]  What, one may fairly ask, is the emergency that justifies compelling Reaud, Morgan and others to digest the voluminous Motion, examine the dozens of pleadings and other papers referenced therein, and formulate written objections with inordinate dispatch?

In fact, there is no emergency – not even an arguable emergency.  Debtors repeatedly concede in the Motion that they have known of the issues they purport to raise as an "emergency" for quite some time.  They concede that the facts relevant to the Motion "previously have been

---

[2]     The Court's Order Scheduling Omnibus Hearing Dates for 2005, Dkt. No. 6833 dated November 5, 2004, requires that motions to be heard at the September 26, 2005, omnibus hearing be filed on or before August 22, 2005.  Debtors did not file the Motion until more than 2 weeks after the August 22, Court-prescribed cut-off, but nevertheless seek to have the Motion heard at the September 26 hearing.

[3]     According to the Case Management Order for the Estimation of Asbestos Personal Injury Liabilities ("CMO"), docketed August 31, 2005, as Dkt. No. 9301, at ¶ 10 thereof, the trial date will not be until September 2006.

briefed." Motion at 2. Debtors cite numerous pleadings dating from Spring 2001 that purportedly establish "[t]he pertinent facts surrounding the asbestos claims debacle ..." supposedly giving rise to the current, unspecified "emergency", begging the question of why they have put off seeking relief until now. Motion at 2-4.

In the Motion to Expedite, Debtors offer little more than the conclusory assertion that "[i]t is critical to have the [Motion] heard at the September 26, 2005 omnibus hearing because delaying yet another month will prejudice the Debtors' ability to use the information ultimately obtained ... in any meaningful way." Motion to Expedite at 3. Debtors suggest that their experts need the requested information forthwith in order to incorporate it into their initial reports, which are to be filed on February 16, 2006.[5] Debtors' contrived lamentation over the "substantial prejudice" that will supposedly befall them in the absence of expedited relief conspicuously omits any reference to the Court's ruling, embodied in the CMO, that Debtors' expert reports may be supplemented through April 13, 2006. *Id.* Ample time is provided for in the absence of expedition.

There is no legitimate "emergency" associated with the Motion. Expedition, as contemplated in the Motion to Expedite, is therefore unwarranted. The discovery Debtors seek pertains to a matter that is not to be tried for a year and as to which a generous period for discovery is already in place pursuant to the CMO.

WHEREFORE, Reaud, Morgan & Quinn, Inc., respectfully prays that Debtors' Motion for Leave From This Court's November 5, 2004, Scheduling Order and to Shorten Notice Period

---

[4]    CMO at ¶¶ 11, 12.
[5]    CMO at ¶ 8.
{10006610.DOC}

of Debtors' Emergency Motion for Leave to Take Discovery of Claimants' Attorneys be, in all things, denied.

Dated:  September 14, 2005

Sander L. Esserman
Robert T. Brousseau
Van J. Hooker
**STUTZMAN, BROMBERG, ESSERMAN &**
**PLIFKA,**
**A Professional Corporation**
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Telephone:  (214) 969-4900
Facsimile:  (214) 969-4999
E-mail:  esserman@stutzman-bromberg.com

-AND-

Kathleen M. Miller (ID no. 2898)
**SMITH, KATZENSTEIN &**
**FURLOW, LLP**
The Corporate Plaza
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, Delaware 19899 (Courier 19801)
Telephone:  (302) 652-8400
Facsimile:  (302) 654-8405
E-mail:  KMM@skfdelaware.com

**ATTORNEYS FOR REAUD, MORGAN &**
**QUINN, INC.**