**STUTZMAN, BROMBERG, ESSERMAN &**
 **PLIFKA, A Professional Corporation**
Sander L. Esserman
Robert T. Brousseau
Van J. Hooker
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Telephone: (214) 969-4900

**THE HOGAN FIRM**
Daniel K. Hogan (DE # 2814)
1311 Delaware Avenue
Wilmington, Delaware 19806
Telephone: (302) 656-7540

ATTORNEYS FOR SILBER PEARLMAN, LLP

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | : | |
|---|---|---|
| IN RE: | : | Chapter 11 |
| | : | |
| W.R. GRACE & CO., *et al.*, | : | Case No. 01-01139 (JKF) |
| Debtors. | : | Jointly Administered |
| | : | Related to Docket No. 9383 |

**SILBER PEARLMAN LLP'S RESPONSE IN OPPOSITION TO DEBTORS' MOTION
(i) FOR LEAVE FROM NOVEMBER 5, 2004, SCHEDULING ORDER, AND
(ii) TO SHORTEN NOTICE PERIOD OF DEBTORS' EMERGENCY
MOTION FOR LEAVE TO TAKE DISCOVERY OF CLAIMANTS' ATTORNEYS**

Silber Pearlman LLP ("Silber Pearlman"), responds to and opposes "Debtors' Motion for Leave from This Court's November 5, 2004 Scheduling Order and to Shorten Notice Period of Debtors' Emergency Motion for Leave to Take Discovery of Claimants' Attorneys" (the "Motion to Expedite", Dkt. No. 9383), and would respectfully show the Court as follows:

A litigant's unilateral act of captioning a motion as an "emergency" does not make it one. Debtors' Emergency Motion for Leave to Take Discovery of Claimants' Attorneys (the "Motion", Dkt. No. 9382), docketed on September 9, 2005, is hardly an emergency. By the

-1-

Motion to Expedite, Debtors ask the Court to allot to Silber Pearlman (and other law firms representing asbestos claimants) a meager twelve (12) calendar days – through September 21, 2005 – to object to the Motion – a ponderous, one and one-quarter inch-thick stack of paper that includes seventeen exhibits.  Debtor's press for expedition is objectively unreasonable.

The Court's Order Scheduling Omnibus Hearing Dates for 2005, Dkt. No. 6833 dated November 5, 2004, requires that motions to be heard at the September 26, 2005, omnibus hearing be filed on or before August 22, 2005.  Debtors did not file the Motion until more than 2 weeks after the August 22, Court-prescribed cut-off, but nevertheless seek to have the Motion heard at the September 26 hearing.  It is Debtors' delay in filing the Motion after the August 22 deadline – of which they were fully aware – that creates the so-called "emergency."  Debtors used the extra two weeks to prepare the elephantine Motion to which they now demand a response in only twelve days.  This smacks of gamesmanship.

The Motion asserts that "the evidence sought by Debtors is critical to the estimation process."  Motion at 13 (initial capitals omitted).  Even assuming the verity of that questionable assertion – solely for the sake of argument – the hearing on the estimation of asbestos personal injury claims is not scheduled to occur *for a year*.[1]  The cut-off for discovery related to the estimation of asbestos claims is not until *July 28, 2006*.[2]  What, one may fairly ask, is the emergency that justifies compelling Silber Pearlman and others to digest the voluminous Motion, examine the dozens of pleadings and other papers referenced therein, and formulate written objections with such inordinate dispatch?

---

[1] According to the Case Management Order for the Estimation of Asbestos Personal Injury Liabilities ("CMO"), docketed August 31, 2005, as Dkt. No. 9301, at ¶ 10 thereof, the trial date will not be until September 2006.

[2] CMO at ¶¶ 11, 12.

In fact, there is no emergency – not even an arguable emergency.  Debtors repeatedly concede in the Motion that they have known of the issues they purport to raise as an "emergency" for quite some time.  They concede that the facts relevant to the Motion "previously have been briefed."  Motion at 2.  Debtors cite numerous pleadings dating from Spring 2001 that purportedly establish "[t]he pertinent facts surrounding the asbestos claims debacle …" supposedly giving rise to the current, unspecified "emergency", begging the question of why they have put off seeking relief until now.  Motion at 2-4.

In the Motion to Expedite, Debtors offer little more than the conclusory assertion that "[i]t is critical to have the [Motion] heard at the September 26, 2005 omnibus hearing because delaying yet another month will prejudice the Debtors' ability to use the information ultimately obtained … in any meaningful way."  Motion to Expedite at 3.  Debtors suggest that their experts need the requested information forthwith in order to incorporate it into their initial reports, which are to be filed on February 16, 2006.[3]  Debtors' contrived lamentation over the "substantial prejudice" that will supposedly befall them in the absence of expedited relief conspicuously omits any reference to the Court's ruling, embodied in the CMO, that Debtors' expert reports may be supplemented through April 13, 2006.  *Id.*  Ample time is provided for in the absence of expedition.

There is no legitimate "emergency" associated with the Motion.  Expedition, as contemplated in the Motion to Expedite, is therefore unwarranted.  The discovery Debtors seek pertains to a matter that is not to be tried for a year and as to which a generous period for discovery is already in place pursuant to the CMO.

---

[3]  CMO at ¶ 8.

WHEREFORE, Silber Pearlman LLP, respectfully prays that Debtors' Motion for Leave From This Court's November 5, 2004, Scheduling Order and to Shorten Notice Period of Debtors' Emergency Motion for Leave to Take Discovery of Claimants' Attorneys be, in all things, denied.

Dated: September 14, 2005

Sander L. Esserman
Robert T. Brousseau
Van J. Hooker
**STUTZMAN, BROMBERG, ESSERMAN & PLIFKA,**
**A Professional Corporation**
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Telephone: (214) 969-4900
Facsimile: (214) 969-4999
E-mail: esserman@stutzman-bromberg.com

-AND-

*/s/ Daniel K. Hogan*
Daniel K. Hogan (DE # 2814)
**THE HOGAN FIRM**
1311 Delaware Avenue
Wilmington, Delaware 19806
Telephone: (302) 656-7450
Facsimile: (302) 656-7599
E-mail: dan@dkhogan.com

**ATTORNEYS FOR SILBER PEARLMAN LLP**