IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re | ) Chapter 11 |
| W. R. GRACE & CO., et al., | ) Case No. 01-01139 (JKF) |
|  | ) (Jointly Administered) |
| Debtors. | ) |
|  | ) Re: Docket No. 9315 |

## THE ROMAN CATHOLIC CHURCH ARCHDIOCESE OF NEW ORLEANS, JEFFERSON PARISH SCHOOL BOARD, AND LAFOURCHE PARISH SCHOOL BOARD'S EMERGENCY MOTION FOR ENLARGEMENT OF TIME PURSUANT TO F.R.B.P., RULE 9006 TO RESPOND TO DEBTORS' FIFTEENTH OMNIBUS OBJECTION (SUBSTANTIVE) TO ASBESTOS PROPERTY DAMAGE CLAIMS

The above-referenced Movants (the "Louisiana School Claimants") hereby move for an order extending the time to respond to the above-captioned debtors' (the "Debtors") Fifteenth Omnibus Objection (substantive) to Asbestos Property Damage Claims due to the effects of Hurricane Katrina.

## INTRODUCTION

1.  In the early morning hours of Monday, August 29, 2005, Hurricane Katrina, a Category 5 hurricane[2] of unparalleled destructive force made landfall near South Plaquemine Parish, Louisiana – or about 40 miles southeast of New Orleans, Louisiana. A vast swath of the Gulf Coast from New Orleans to Biloxi, Mississippi to Mobile, Alabama was inundated by winds in excess of 135 miles per hour and storm surges in excess of 22 feet in many areas. The destruction caused by this vast force of nature resulted in perhaps the greatest natural disaster in American History.

---

[2] By the time Katrina made landfall it was officially registered as a "Category 4" hurricane. See, National Oceanic & Atmospheric Administration ("NOAH") website.

2. Eleven days after the wind and rain had ceased, sixty percent (60%) of the City of New Orleans, Louisiana remained under water after levees which protect the low lying city gave way – allowing the vast waters of Lake Ponchatrain to surge into the city. The Superdome, a last refuge for thousands of residents who were too poor or infirm to evacuate, has been declared a biohazard area by the federal government. Eighty-nine percent (89%) of all homes and businesses in the greater New Orleans metropolitan area are still without any power or telephone service. The Federal Emergency Management Administration has estimated that almost 500,000 homes remain flooded. The United States Army Corps of Engineers estimates that it will take at least another 40 to 80 days or longer to pump all of the water out of the New Orleans area – however, this is based on a computer model.

3. Nearly 30, 000 National Guard and Army troops are presently in the greater New Orleans area – sent there by the President to deal with initial looting and violence. The present situation is described as one of chaos and dysfunction,

> "Hurricane Katrina has produced a diaspora of historic proportions. Not since the Dust Bowl of the 1930's or the end of the Civil War in the 1860's have so many Americans been on the move from a single event. Federal officials who are guiding the evacuation say that 400,000 to upwards of 1 million people have been displaced from ruined homes, mainly in the New Orleans metropolitan area."[3]

4. Although difficult to believe that anything could be worse than the devastation in the City of New Orleans, some areas to the southeast of the City, including parts of Jefferson, Lafourche, St. Bernard and Plaquemine Parishes, were even more directly in the path of Katrina. South Lafourche Parish which is about one-half hour south of New Orleans was the hardest hit by Katrina.[4] The south part of Jefferson Parish which includes Grand Isle, which was the only

---

[3] Timothy Egan: "Uprooted and Scattered Far From the Familiar," published September 11, 2005 by The New York Times.

[4] Lafourche/Terrebonne News (WWLTV.com, August 31, 2005; also, see Kirk Johnson, "For Some Survivors, A Mosaic of Impressions," Kirk Johnson, The New York Times, September 11, 2005, "St. Bernard Parish – 7 miles south of New Orleans was one of the most devastated areas in Hurricane Katrina's path."

inhabited barrier island in Louisiana, was apparently completely destroyed, "When they see the island they are going to see nothing."[5] The current estimates of property damage range from $100 to $150 billion making hurricane Katrina the most costly natural disaster in American history based on the amount of property damage alone. Loss of life has been great, but perhaps not as catastrophic as first thought.[6]

5. Against this backdrop, the Louisiana School Claimants, who own and operate school buildings located in the areas flooded and/or devastated by Katrina, are presently without any means to prosecute their claims in this bankruptcy. They have been forced to evacuate their offices and buildings and to date have not been allowed to return by the National Guard and police officials. According to news reports and eyewitness accounts, many schools some of which are the subject of the claims have sustained either wind or flood damage or both. The administrative office of the Jefferson Parish School Board has been declared uninhabitable (the office building of its counsel is presently unusable).

6. Currently and for an unknown period of time, it is impossible for the Louisiana School Claimants to access their former buildings and offices, much less to be able to respond to the onerous objections set forth by Debtors in their Fifteenth Omnibus Objection. For the reasons set forth in this Motion, the Louisiana School Claimants urgently request the Court to grant them emergency relief as set forth herein.

---

[5] Kelly Besson, Civil Defense Director, reported on AOL News.
[6] AOL News, Sunday, September 11, 2005.

## I. FACTUAL BACKGROUND

A. <u>The Louisiana School Claimants Asbestos Property Damage Claims</u>

7. Prior to the bar date on March 31, 2003, the Roman Catholic Church Archdiocese of New Orleans (the "Archdiocese") filed the following Bar Date Proof of Claims in the W.R. Grace Bankruptcy: Claim No. 8357, Mount Carmel Academy of New Orleans, LA; Claim No. 8358, Congregation St. Mary Magdalen Catholic Church Catholic Church; Claim No. 8359, Roman Catholic Church Archdiocese, New Orleans; Claim No. 8360, St. Mary's Academy of the Holy Family; Claim No. 8361, Brother Martin High School; Claim No. 8362, Congregation St. Francis Xavier Church; Claim No. 8363, Roman Catholic Church Archdiocese, New Orleans; Claim No. 8364, Congregation of St. Louise De Marillac Church; Claim No. 8365, Roman Catholic Church Archdiocese, New Orleans; Claim No. 8366, Congregation St. Francis Xavier Cabrini Church; Claim No. 8367, Roman Catholic Church Archdiocese, New Orleans; Claim No. 8368, Congregation St. Pius X Roman Catholic Church; Claim No. 8369, Congregation of St. Dominic Catholic Church; Claim No. 8370, Congregation St. Philip Neri Catholic Church; Claim No. 8371, Congregation St. Joan Arch Church, Laplace, LA; Claim No. 8372, Roman Catholic Church Archdiocese, New Orleans; Claim No. 8373, Congregation St. Joan of Arc Catholic Church; Claim No. 8374, Congregation St. Francis Assisi Church; Claim No. 8375, Congregation St. Rita Roman Catholic Church; Claim No. 8376, Congregation of Immaculate Conception Church; and Claim No. 8377, Congregation St. Raymond Roman Catholic Church.

8. The Jefferson Parish School Board filed the following Claims prior to the Bar Date: Claim No. 8025, Jennings High School; Claim No. 8026, Welsh High School; Claim No. 8164, Bissonet Plaza Elementary; Claim No. 8171, Bridgedale Elementary; Claim No. 8169, Deckbar Elementary; Claim No. 8179, East Jefferson High School; Claim No. 8168, Ella Dolhonde Elementary; Claim No. 8175, Grace King High School; Claim No. 8167, Harahan

Elementary; Claim No. 8177, Harvey Kindergarten; Claim No. 8176, Hazel Park Elementary; Claim No. 8170, Joshua Butler Elementary; Claim No. 8178, L.H. Marrero Middle School; Claim No. 8174, Lincoln Elementary; Claim No. 8173, Live Oak Manor Elementary; Claim No. 8184, Marie Riviere Elementary; Claim No. 8182, Miller Wall Elementary; Claim No. 8186, Pitre Elementary; Claim No. 8185, Riverdale High School; Claim No. 8165, S.J. Barbre Jr. High School; Claim No. 8166, T.H. Harris, Jr. High School; Claim No. 8183, West Jefferson High School; Claim No. 8181, Westgate Elementary; Claim No. 8180, Westwego Elementary; and Claim No. 8172, William Hart Elementary.

9. The Lafourche Parish School Board filed the following Claims prior to the Bar Date: Claim No. 8018, Central Lafourche High School; Claim No. 8019, Cut Off Elementary, Building 3; Claim No. 8020, Golden Meadow Lower Elementary; Claim No. 8023, LaRose Cut Off Jr. High School; Claim No. 8022, School Board Office; and Claim No. 8021, West Thibodaux Jr. High School.

10. All of the asbestos PD claims filed by the Louisiana School Claimants pertain to asbestos containing acoustical and, or fireproofing surface treatment manufactured by Grace. With possibly a few exceptions, most of the Archdiocese's buildings are utilized as parochial schools.

B. The Debtors' Fifteenth Omnibus Objection

11. On September 1, 2005, the Debtors filed their Fifteenth Omnibus Objection (Substantive) To Asbestos Property Damage Claims (hereinafter, "the Debtors' Objections" or, the "Omnibus Objections"). The Debtors' Objections describe the subject of the numerous objections asserted by the Debtors to PD Claims; however the Omnibus Objections do not indicate which objections are applicable to specific PD Claims. Instead, the Omnibus Objections refer to numerous Exhibits which purport to provide the omitted information.

12. The Exhibits were filed on the evening of September 4, 2005 and the morning of September 5, 2005, and in hardcopy they exceed approximately one and one-half feet in thickness. The format of the Exhibits is difficult to use and also to determine which particular claims are subject to which objections. Although the objected claims are described in alphabetical order by the name of the PD Claimant, the Exhibit does not identify counsel for the claimant nor does it identify the specific building(s) which are the subject of the objections. Rather, the only means to distinguish as between the specific claims of a particular PD Claimant is by reference to the claim number assigned to the claim by the claims agent.[7]

13. Debtors' Objections provide that claimants must "file and serve a written response ....no later than 4:00 pm (Eastern Time) on October 7, 2005."[8] The Omnibus Objections are not only extremely voluminous, they are exceedingly burdensome on PD claimants. Under the best of circumstances a claimant would need significant time in order to review all pertinent records and files and then to prepare a response which would likely be quite voluminous.

## II. REQUESTED RELIEF AND REASONS THEREFOR

A. <u>The Omnibus Objections Implicate Files, Records and Information That Were Maintained in Buildings Located in the Areas Devastated By Katrina And The Louisiana School Claimants Cannot Presently Access Such Files and May Be Unable to Do So For Weeks or Months</u>

14. All of the objections contained within the Omnibus Objections relate to matters or issues that pertain to files and/or information maintained by the Louisiana School Claimants at

---

[7] Debtors' Objections do not comply with Delaware Local Rule 3007-1 in that they clearly exceed the one hundred and fifty claim limitation and the Debtors have never sought or obtained a waiver of the Rule from the Court. Further, the Debtors' Objections also appear to violate Del. Bank. L.R. 3007-1(e)(iii)(1) because they have failed to identify in sufficient detail why the claim should be disallowed.
[8] Debtors' Objections, at para. 214, pg. 64.

their administrative offices, the actual buildings at issue, or the offices of their respective counsel located in the City of New Orleans, Jefferson Parish, or Lafourche Parish, Louisiana. For example, the objections listed in the Omnibus Objections at Paragraph II.C.1. to II.C.4. all relate to alleged deficiencies or omissions to the "PD Proof of Claim" (the "POC Claim Forms"). The POC Claim Forms were maintained by counsel for the Louisiana School Claimants in the offices of their counsel which were located in the areas devastated by the hurricane and which are now uninhabitable.[9]

15.  Likewise, the objections set forth in the Omnibus Objections at Paragraph II.D and II.E. also implicate records and files which would have been maintained by counsel and/or claimants. For example, the objection set forth at Paragraph II.D. for "PD Claims Brought Too Late" purports to deal with the issues of statutes limitation and repose, assumption of risk and laches. In order to prepare a response to these objections, the Louisiana School Claimants may need to review building surveys or other similar documents which bear on issues such as knowledge and "notice." The Louisiana School Claimants would necessarily need access to their counsel's files, and in most cases would need to research documents maintained in the buildings at issue or the school's administrative offices.

16.  The same would be true with regard to the objection set forth at Paragraph II.E. in the Omnibus Objections which deals with "PD Claims Providing No Proof of Hazard." This series of objections clearly demonstrates how burdensome and onerous the Omnibus Objections are for claimants to respond. In essence, the Debtors' Objections appear to embrace in some ill-described and probably unworkable "global" approach most of the "liability issues" that would be encompassed in a trial in the underlying tort system. Hence, even under ordinary

---

[9] It is possible that some of the Louisiana School Claimants had copies of the POC Claim Forms in their administrative offices. However, the areas where such buildings are located are also presently known to be uninhabitable. See, AOL News, September 11, 2005.

circumstances to the extent that it was even possible to respond to the Debtors' Objections, a claimant may find it necessary to file a response based upon lengthy review of the pertinent records, files and documents – all of which are unavailable at this time.

B. <u>The Effects Of Hurricane Katrina Have Left the Louisiana Schools Without The Means Or Ability To Respond to Debtor's Objections</u>

17. The Louisiana School Claimants are without any means whatsoever to respond to Debtors' Objections since they currently have no access to their offices or buildings where information concerning the claims was maintained. It is likely that many of the records and files that are pertinent to the asbestos PD Claims filed by the Louisiana School Claimants have been damaged or were possibly even destroyed by the effects of the hurricane. Based on reports in the news media it may be many weeks or months before they can even return and ascertain the extent of the damage. Attached as Exhibit A is the Affidavit of Jack A. Grant who serves as counsel for the Jefferson and Lafourche Parish school boards. Mr. Grant was forced to evacuate Louisiana prior to August 29, 2005 and is currently temporarily residing in North Carolina where he has no access to any of his office files or even his computer database.[10]

18. Mr. Grant stated that Jefferson Parish was severely devastated by Katrina. High winds blew off a large part of the roof of his office located in Gretna, Louisiana and heavy rain inundated the office. High winds also destroyed the roof of the Jefferson Parish School Board administration building rendering the building uninhabitable. Three of Jefferson Parish's schools are currently being occupied by the military and many of the remaining buildings are currently uninhabitatable. The administration of the Jefferson Parish Schools has been transferred to Baton Rouge, Louisiana and school children are scattered throughout the United States.

---

[10] The extent of damage to Mr. Grant's computerized files, as is also true for the school parishes, cannot be determined at this time. However, unfortunately few of the documents pertaining to the Debtor's Objections were maintained in electronic format. Most documents and records were stored only in hard copy.

19. Mr. Grant reports that he has been informed by authorities that he may not be able to return to Gretna before mid-October at the earliest. Some school buildings may have electric power, some may have water, some may have useable sewage connections, some are inhabitable and some are not. Attempts are being presently made to open the schools that can be opened some time in the month of October or November. The numbers of schools that might be open have not been determined at this time. All of the resources of the school districts are being utilized to reestablish some semblance of a viable school district so that the citizens of the districts will be able to return to their homes and send their children to school. But this is going to take some time because of the severe devastation to Southeastern Louisiana. Mr. Grant is not aware of the whereabouts of the attorneys for the Catholic Archdiocese of New Orleans. However, he knows that the attorneys' office is located in the Central Business District (CBD) and he has observed on television that flooding has occurred in the CBD as a result of the breach of the levee at the Seventeenth St. Canal. At the present time, he believes that they have not been allowed to return to their offices and may not be able to do so for some time in the future. Based on the information received from news reports, Lafourche Parish may have been among the hardest hit areas. Mr. Grant is of the opinion that the Lafourche Parish buildings are not habitable and that the same impediments apply to prevent access to records and other claim information.

20. Based on these facts discussed herein it is clear that the Louisiana School Claimants are in a dire situation and they clearly have no access to their homes, offices or the buildings at issue. Many people have been told they may not even return to certain of the devastated areas for between 40 to 120 days. Under these circumstances equity and fairness argues that they be given relief by this Court.

## CONCLUSION

The catastrophic devastation and after effects of hurricane Katrina have caused the Louisiana School Claimants to evacuate their homes, offices and schools located in the City of New Orleans (Orleans Parish), Jefferson and Lafourche Parish and other portions of Southeast Louisiana. A large area of the City of New Orleans is still flooded, without power and water and is un-inhabitable, occupied only by federal and state emergency personnel and troops. Estimates of when the evacuees may return vary from 40 to 120 days. Even when they do return it is likely to take months to re-establish their offices, and piece together the files, records and documents, much less to review them, that would be necessary for the Louisiana School Claimants to review and to respond to Debtors' Objections. The Debtors' Objections are onerous and burdensome to say the least. The Louisiana School Claimants request that the Court enlarge the time for them to respond to Debtors' Objections pursuant to Federal Rule Of Bankruptcy Procedure 9006 on the grounds of equity and fairness for the reason set forth herein. The Louisiana School Claimants request that at a minimum the Court allow them six (6) months in which to respond to Debtors' Objections. Further, it may be necessary for the Louisiana School Claimants to seek additional time at a later date, as may become necessary when they are finally allowed to return and can determine the full extent of the damage to their buildings, offices and records.

For the foregoing reasons, the Louisiana School Claimants request that the Court grant this Motion and allow an additional period of time in which to file their response to the Omnibus Objections.

Dated: September 14, 2005

_____
Christopher D. Loizides (No. 3968)
Michael J. Joyce (No. 4563)
LOIZIDES & ASSOCIATES
1225 King Street, Suite 800
Wilmington, DE 19801
Telephone:   (302) 654-0248
Facsimile:    (302) 654-0728
Email:          loizides@loizides.com

-- and --

Martin W. Dies
DIES & HILE
1009 Green Avenue
Orange, TX 77630
Telephone:   (409) 883-4394
Facsimile:    (409) 883-8414

*Co-Counsel for The Roman Catholic Church Archdiocese of New Orleans, Jefferson Parish School Board, and Lafourche Parish School Board (herein, "The Louisiana School Claimants")*


Jack A. Grant
GRANT & BARROW
238 Huey P. Long Avenue
Gretna, LA 70054
Telephone:   (504) 368-7888
Facsimile:    (504) 368-7263

*Attorneys for Jefferson Parish School Board and Lafourche Parish School Board*


Richard Bordelon
DENECHAUD AND DENECHAUD
1010 Common Street, Suite 3010
New Orleans, LA 70112
Telephone:   (504) 522-4756

*Attorneys for The Roman Catholic Church Archdiocese of New Orleans*