IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re:<br><br>W. R. GRACE & CO., et al.,<br><br>Debtors. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Chapter 11<br><br>Case No. 01-01139 (JKF)<br><br>(Jointly Administered)<br><br>**Objection Deadline: October 7, 2005 at 4:00 p.m.**<br>**Hearing Date: October 24, 2005 at 12:00 p.m.**<br><br>**Re: Docket Nos. 9315 and 9432** |

**JOINDER BY ALL ASBESTOS PROPERTY DAMAGE CLAIMANTS REPRESENTED BY DIES & HILE, L.L.P. TO THE MOTION OF THE OFFICIAL COMMITTEE OF ASBESTOS PROPERTY DAMAGE CLAIMANTS TO STRIKE DEBTORS' FIFTEENTH OMNIBUS OBJECTION (SUBSTANTIVE) TO ASBESTOS PROPERTY DAMAGE CLAIMS OR, IN THE ALTERNATIVE, FOR EXTENSION OF TIME FOR RESPONSES THERETO**

The State of Arizona, the State of Arkansas, the State of Connecticut, the State of Oklahoma, and the State of Oregon, and all other Asbestos Property Damage Claimants represented by the lawfirm Dies & Hile, L.L.P. (the "D&H PD Claimants"), through its undersigned counsel, hereby file this Joinder to the Motion of the Official Committee of Asbestos Property Damage Claimants (the "PD Committee") to Strike (the "Motion to Strike") the Debtors' Fifteenth Omnibus Objection (Substantive) to Asbestos Property Damage Claims (the "Fifteenth Omnibus Objection") or, In The Alternative, for an Extension of Time for Responses to the Omnibus Objection.[1] In support hereof, the D&H PD Claimants respectfully state as follows:

---

[1] The Asbestos Property Damage Claimants represented by the lawfirm of Dies & Hile, L.L.P., on whose behalf this Motion is filed, include the following: State of Arizona; State of Arkansas; State of Connecticut; State of Oklahoma; State of Oregon; City of Amarillo, Texas; City of Houston, Texas; Coleman Housing Authority; El Paso County, Texas; Harlingen Housing Authority; Sabine River Authority of Texas; City of Phoenix, Arizona; City of Tucson, Arizona; Maricopa County, Arizona; Cook County, Illinois; City of Eugene, Oregon; Eastern Oregon University; Oregon State University; Portland State University; Southern Oregon University; University of Oregon; Six Hundred Building Ltd; BNC Forum LP Texas Limited Partnership; and EPEC Realty, Inc.

**Joinder in Motion to Strike Filed by the PD Committee**

In support of their Motion to Strike the Debtors' Fifteenth Omnibus Objection, the D&H PD Claimants join in the Motion to Strike filed by the PD Committee, and hereby incorporate all grounds and arguments set forth therein, as if fully set forth herein.

**Additional Discussion**

1. The Debtors' Fifteenth Omnibus Objection was filed by the Debtors in violation of Delaware Bankruptcy Local Rule 3007-1, and should therefore be stricken.

> Del. Bankr. L.R. 3007-1 (f)(i) provides: "Each objection that is based on substantive grounds shall be with respect to no more than one hundred fifty claims, unless the Court orders otherwise."
>
> Del. Bankr. L.R. 3007-1 (f)(ii) provides: "No more than two substantive Objections may be filed each calendar month, unless the Court orders otherwise."

The Debtors have grossly violated both of these provisions in filing objections that appear to apply to thousands of claims, and have filed far more than two substantive objections in one month. As noted by the PD Committee, the Exhibits to Debtors' Fifteenth Omnibus Objection (which purportedly identify the claims to which the objections apply) not only reference a number of claims that is outrageously in excess of the 150 claims allowed by the Local Rule, but these Exhibits completely fill an entire legal box!

2. This Court has never waived application of the referenced Local Rule with respect to the objections set forth in Debtors' Fifteenth Omnibus Objection. In fact, the Debtors have never even sought such relief. The Case Management Order for the Adjudication of Asbestos Property Damage Claims Objections (the "PD Objections CMO" - - DN 9300), that was signed by the Court on August 29th, 2005, specifically, and more importantly only, grants the Debtors' Motion for Limited Waiver of Del. Bankr.

2

Objections CMO <u>did not</u> waive the application of these Local Rules to any other objections; otherwise, the PD Committee and the D&H PD Claimants would surely have objected to entry of such Order.

3.  The Debtors are well aware that, unless it seeks and obtains waiver by the Court, Del. Bankr. L.R. 3007-1(f) applies to its objections filed in this case. Well over a year ago, the Debtors sought relief from this Local Rule for the purpose of filing various "Gateway Objections." After negotiations with counsel for the PD Committee, and following a hearing on the matter, the Court ultimately granted the waiver of this local rule as to certain "Gateway Objections" identified in the Court's Order (see "Order Granting Limited Waiver of Del. Bankr. L.R. 3007-1 for the Purpose of Streamlining Objections to Certain Claims Filed Pursuant to the Bar Date Order"; DN 6009). Simply stated, the Debtors sought, and the Court granted, a limited waiver of this rule for the limited purposes set forth in this earlier "Gateway Objections" Order. However, in regard to its Fifteenth Omnibus Objection, the Debtors have wholly failed to seek, much less obtain, any waiver of this Local Rule.

4.  Obviously mindful of its failure to seek waiver of this Local Rule, the Debtors bury the following request in paragraph 218 (page 65) of its Fifteenth Omnibus Objection, as follows:

> "To the extent still applicable, however, the Debtor's request waiver from Del. Bank. Local Rule 3007-1, which requires all 'substantive objections' (as defined therein) to a particular proof of claim be asserted in a single omnibus objection and that any substantive objection not so asserted is waived."

The limitations set forth in Del. Bank. L.R. 3007-1(f) serve the very obvious purpose of preventing a debtor from doing what the Debtors have done in this proceeding –

swamping the PD Claimants with so many objections and so much paper that its near impossible to properly respond to the objections in the time periods allowed.

5. Further indicative of the Debtors' knowledge that its Fifteenth Omnibus Objection is filed in violation of Del. Bank L.R. 3007-1 is an e-mail that was sent by Janet S. Baer, Counsel for the Debtors, which provides in relevant part as follows:

> "Dear Counsel:
>
> The Debtors records show that you are either: (1) counsel representing more than 100 claimants who have filed asbestos property damage claims in the Grace Chapter 11 cases; or (2) other key counsel in the Grace Chapter 11 cases. As you know, on September 1, 2005, the Debtors filed their 15th Omnibus Objection to the Asbestos Property Damage Claims. The exhibits to that Omnibus Objection are **voluminous** and have been sent all of you via e-mail and on CD. Attached please find a spreadsheet that the Debtors have had our claims consultant prepare that we believe will be **helpful** to you in reviewing the objections and the **voluminous** exhibits." (emphasis added)

The D&H PD Claimants need more than the Debtors to simply be "helpful" in determining which objections apply to their respective claims; rather they need the Debtors to comply with the local rule referenced herein. For the reasons noted above, all objections set forth in the Debtors' Fifteenth Omnibus Objection should be stricken.

6. As further grounds in support of this Motion to Strike, the D&H PD Claimants note that pursuant to Del. Bank. L.R. 3007-1(e)(iii)(I), where the objection is based on substantive grounds, "the exhibit must include a claim specific declaration in the column titled 'Reason for Disallowance' giving sufficient detail as to why the claim should be disallowed." For several of its objections, the Debtors have failed to sufficiently identify, in accordance with this local rule, the reason for its proposed disallowance; rather, the Debtors have sighted multiple reasons that may be applicable, somewhat akin to a "multiple choice test." This is clearly not what the local rule

4

requires. See Exhibits C-1(c), C-1(d), C-2, C-3(f), and C-4 to Debtors' Fifteenth Omnibus Objection for examples of the above. For each and all of the reasons set forth above, the Debtors' Fifteenth Omnibus Objection should be stricken and/or overruled.

## Motion for Extension of Time

7.  The D&H PD Claimants request that the Debtors' Fifteenth Omnibus Objection be stricken. However, and only in the alternative, the D&H PD Claimants move that they be granted sufficient additional time to respond to the Debtors' Fifteenth Omnibus Objections. As of the date of the filing of this Motion, the Debtors' Fifteenth Omnibus Objections are so burdensome, overwhelming and violative of the referenced local rule, the D&H PD Claimants and their undersigned counsel are still in the process of "digesting" these objections, and can only opine at this time that the additional time needed for responding to these objections will be significant, and certainly not less than an additional ninety (90) days[2].

WHEREFORE, the D&H PD Claimants respectfully request that the Court strike the Debtors' Fifteenth Omnibus Objection to Asbestos Property Damage Claims, or in the alternative, extend the date by which the D&H PD Claimants are required to respond thereto, and for such other relief to which the Court deems just and proper.

---

[2] Pursuant to Del. Bankr. L.R. 9006-2, if a motion to extend the time to take any action is filed before the expiration of the period prescribed by the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the local rules of the District Court for the District of Delaware, or Court Order, the time shall be automatically extended until the Court acts on the motion, without the necessity for the entry of a bridge order.

DATED this 15th day of September, 2005.

                                      Respectfully submitted,

                                      /s/ [signature]
                                      Christopher D. Loizides (No. 3968)
                                      Michael J. Joyce (No. 4563)
                                      LOIZIDES & ASSOCIATES
                                      1225 King Street, Suite 800
                                      Wilmington, DE 19801
                                      Telephone:   (302) 654-0248
                                      Facsimile:    (302) 654-0718
                                      E-mail:       loizides@loizides.com

                                      -and-

                                      Martin W. Dies
                                      DIES & HILE, L.L.P.
                                      1009 West Green Avenue
                                      Orange, Texas 77630-5697
                                      Telephone:   (409) 883-4394
                                      Facsimile:    (409) 883-4814

                                      *Counsel for the D&H PD Claimants*