IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Re: Docket Nos. 9432, 9437 |

**EMERGENCY MOTION TO SET THE PD COMMITTEE'S MOTION TO STRIKE FOR HEARING AT THE SEPTEMBER 26, 2005 OMNIBUS HEARING**

By this Emergency Motion, the Debtors respectfully request that the PD Committee's Motion to Strike the Debtors' 15th Omnibus Objection, filed at 8 p.m. on September 14, 2005 and received by the Debtors yesterday, September 15, 2005, (1) be set for hearing at the September 26, 2005 Omnibus Hearing and (2) that the Debtors be given until Wednesday, September 21, 2005 to respond to the Motion to Strike. Failure to grant this Emergency Motion will substantially prejudice the estate and delay the PD Objection/Estimation schedule ordered by this Court less than three weeks ago. In support of this Motion, the Debtors state as follows:

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

1.  For *months*, the Debtors have told this Court and all parties that it would file all substantive objections to all PD claims by September 1, 2005. E.g. Docket No. 8993, Debtors' Brief In Support of Entry of Case Management Orders for Asbestos Property Damage Claims (July 13, 2005).

2.  At the express insistence of counsel for the PD Committee, the September 1, 2005 date for the filing of all substantive objections was made part of a separate PD Objections CMO, rather than incorporated into the PD Estimation CMO. Further, at the express insistence of counsel for the PD Committee, counsel for *all* PD claimants and pro se claimants themselves were given notice that this Court would address the PD Objections CMO at the August 29, 2005 omnibus hearing.

3.  At the August 29, 2005 omnibus hearing, this Court entered the PD Objection CMO. Docket No. 9300. No objections to the entry of this CMO were raised by any party, including the PD Committee, either in writing or orally.

4.  The PD Objections CMO expressly states that "No later than September 1, 2005, the Debtors shall make a good faith effort to have on file *all* of their other objections to Asbestos PD Claims (the 'PD Objections'). *These PD Objections shall include, but not be limited to, the Gateway Objections, as provided for in the Gateway Objection Order.* These PD Objections shall also include any remaining objections to the 2,938 Speights PD claims, other than the lack of authority." *Id.* at ¶ 2 (emphasis added); *see also* Gateway Objection Order, Docket No. 6009 (July 19, 2004).

5. Consistent with the PD Objections CMO and as promised for months, the Debtors filed the 15th Omnibus Objection on September 1, 2005, raising all substantive objections to all PD claims. This 15th Omnibus Objection is a crucial first step for resolving all 4000+ pending PD claims through the joint PD Objections/Estimation process in a timely way.

6. The 15th Omnibus Objection is set for hearing on October 24, 2005, with responses due October 7, 2005. As anticipated by the PD Objections CMO and set out expressly in the 15th Omnibus Objection, however, the Debtors seek only to have certain of these objections heard on October 24, 2005. PD Objections CMO at ¶ 3 ("The Debtors will set the Speights Authority Objections and Gateway Objections....for *hearings in batches* pursuant to the Court's scheduling order at the appropriate Omnibus Hearings *with the goal of disposing of these Objections as soon as possible*.")

7. Despite the facts spelled out above, at 8 p.m. on September 14, 2005, the PD Committee filed a Motion to Strike the Debtors' 15th Omnibus Objection and set their motion for hearing at the October 24, 2005 omnibus. As part of the Motion to Strike, the PD Committee has also asked that the October 7, 2005 response date to the 15th Omnibus Objection be extended for all claimants.

8. Critically, the PD Committee alleges that the filing of the PD Committee's Motion to Strike has the effect under the local rules of automatically deferring the response date to the 15th Omnibus Objection. By setting their Motion for hearing on October 24, 2005, in a single stroke the PD Committee has thus unilaterally unwritten the schedule anticipated by this

4

Court's PD Objections and Estimation CMO, substantially delaying the process which has been discussed with this Court for months.

9. The estate would be substantially prejudiced by the delay created by having the PD Committee's Motion heard in late October. Specifically, the PD Objections and Estimation schedules, already on a tight time frame, are now at risk of slipping because of this timing.

10. By setting the Motion to Strike for hearing at the September 26, 2005 omnibus hearing, this Court can address the issues raised by the PD Committee and preserve the PD CMO schedules at the same time.

4

WHEREFORE, for the reasons stated above, the Debtors respectfully request that (1) the PD Committee's Motion to Strike be set for hearing at the September 26, 2005 omnibus hearing and (2) the Debtors be given until Wednesday, September 21, 2005 to file their response to the Motion to Strike.

Dated: September 16, 2005

    KIRKLAND & ELLIS LLP
    David M. Bernick, PC
    Michelle Browdy
    Janet S. Baer
    200 East Randolph Drive
    Chicago, IL 60601
    (312) 861-2000

    and

    PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.

    /s/ Laura Davis Jones
    Laura Davis Jones (Bar No. 2436)
    James E. O'Neill (Bar No 4042)
    919 North Market Street, 16th Floor
    P.O. Box 8705
    Wilmington, DE 19899-8705 (Courier 19801)
    Telephone: (302) 652-4100
    Facsimile: (302) 652-4400

    Co-Counsel for Debtors and Debtors in Possession