IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Objection Deadline: None** |
| | ) | **Hearing Date: September 26, 2005 @ Noon** |
| | ) | **Related to Docket No. 9341** |

### OBJECTION OF THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS TO THE CERTAIN INSURER'S MOTION FOR ACCESS TO EXHIBITS TO 2019 STATEMENTS

The Official Committee of Asbestos Personal Injury Claimants (the "PI Committee"), by and through its undersigned counsel, respectfully submits this objection ("Objection") to the Certain Insurers' Motion for Access to Exhibits to 2019 Statements ("Motion"). In support of this Objection, the PI Committee states as follows:

1. On April 2, 2001 (the "Petition Date"), W.R. Grace & Co. and its affiliated debtors and debtors in possession (collectively, the "Debtors") commenced the instant proceedings by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code with the Clerk of this Court. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. On the Petition Date, the Court entered an order authorizing the joint administration of these cases for procedural purposes.

2. No trustee or examiner has been appointed in these cases. On April 12, 2001, the United States Trustee for the District of Delaware (the "UST") appointed the PI Committee, the Official Committee of Asbestos Property Damage Claimants, and the Official Committee of Unsecured Creditors. On June 18, 2001, the U.S Trustee appointed the Official Committee of Equity Security Holders.

{D0048990:1}                                     1

3.      One of the Certain Insurers who filed the Motion at issue is Federal Insurance Company.  Jacob Cohn, Esq. represents Federal Insurance Company in both the Grace cases, as well as the Kaiser bankruptcy cases, C.A. No. 02-10429, et al., ("Kaiser Bankruptcy").  As noted in the Motion for an Expedited Hearing to Consider Certain Insurers' Motion for Access to Exhibits to 2019 Statements and to Limit Notice Period [DI 7330], filed in the Kaiser Bankruptcy, during the WR Grace August 29, 2005 hearing, Jacob Cohn requested permission to file, on shortened notice, a similar motion for access to the 2019 Exhibits.  In response, this Court stated "[o]n the 2019 statement, though, you've got to make notice on the entities whose statements you want to see."  Transcript of August 29, 2005 Hearing in the WR Grace Bankruptcy, page 171.

4.      Similarly, during the Kaiser Bankruptcy hearing on September 1, 2005, Jacob Cohn made an oral motion to shorten the notice period to file the Motion at issue.  After a brief discussion wherein the Court did not grant oral motion, Mr. Cohn confirmed the Court's prior instructions during the WR Grace Bankruptcy hearing that he must notice "plaintiff's counsel" with the Motion.  Transcript of September 1, 2002 Hearing in the Kaiser Bankruptcy, pages 144 to 145.

5.      However, a review of the Certificate of Service shows that nearly all plaintiff's counsel who recently filed 2019 Statements were not served, or noticed, with the Motion.  Specifically, from July 21, 2005 through September 1, 2005, nine law firms representing asbestos personal injury claimants filed 2019 Statements.  These law firms included: (1) Kazan, McClain, Abrams, Fernandez, Lyons & Farrise; (2) Peirce, Raimond, & Coulter, P.C; (3) Law Offices of Peter G., Angelos; (4) Anthony Sakaliaros; (5) Maples and Lomax, P.A.; (6) Hissey, Kientz & Herron, PLLC; (7) Law Offices of Paul A. Weykamp; (8) Weitz & Luxenberg; and (9)

{D0048990:1 }                                         2

Cooney & Conway. Of this group of nine, <u>only one law firm</u>, the Law Offices of Peter G. Angelos, P.C., is listed on the Certificate of Service for the Motion.[1] This Court should not consider this Motion until the Certain Insurers comply with this Court's directive.

6. In addition to failing to comply with this Court's direct instructions, the Motion infringes on due process. "Due process requires 'notice reasonably calculated, under all the circumstances, to apprize interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Folger Adam Security v. Dematteis/Macgregor, JV, et al.*, 209 F.3d 252 (3d Cir. 2000) (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314-15 (1950). Since the Certain Insurers failed to serve the Motion on eight of the nine law firms who very recently filed 2019 Statements, the Motion violates due process.

7. In light of due process flaws associated with the Motion, as well as the Certain Insurers failure to follow this Court's clear directives, this Court should either deny the motion outright, or continue the Motion until such time as these deficiencies are corrected.

8. Through the Motion, the Certain Insurers make various assertions and representations concerning the asbestos personal injury estimation process. By filing this Objection, the PI Committee does not waive any rights to object in the future to those assertions and representations and hereby reserves all of its rights to fully respond at the appropriate time.

9. As the Court knows, the PI Committee represents the asbestos personal injury claimants as a broad, aggregate constituency, and accordingly does not represent either the individual law firms that have filed the Rule 2019 Statements nor the individual asbestos claimants whose personal information the Certain Insurers seek access to. This Court has

---

[1] This list is by no means inclusive of all of the law firms on which the Certain Insurers failed to properly provide notice and serve. The undersigned counsel merely reviewed the docket to obtain a list of the 2019 Statements and related Exhibits filed since July 21, 2005.

previously recognized that the information pertaining to individual claimants in those Rule 2019 Exhibits are highly personal, private, and sensitive. In recognition of that fact, the Court has restricted access to the debtors, to the UST, and to those who have been granted access to such information upon a proper motion to the Court. Nevertheless, by giving Certain Insurers (and potentially other persons) access to the Rule 2019 Exhibits, there is an increased risk that Certain Insurers (and potentially other persons) might use this sensitive information for purposes other than what has been described in their motions. The Court should ensure that such mischief, improper use, or unduly broad dissemination does not result from expanded access. While the Certain Insurers explain that they require confidential and sensitive information in connection with the estimation of asbestos personal-injury claims in the aggregate, their proposed Order does not limit their use of such information for only estimation purposes. Accordingly, if the Court is inclined to grant the Motion after the above-described notice and due process defects are cured, the Court should consider ordering appropriate controls or limitations on the use of this information.

**WHEREFORE**, for the reasons set forth herein, the ACC respectfully requests that the Court enter: (i) an Order denying the Motion; and (ii) grant such other and further relief as is just and equitable.

Dated: September 16, 2005          CAMPBELL & LEVINE, LLC

   /s/ Mark T. Hurford
Marla R. Eskin (I.D. No. 2989)
Mark T. Hurford (I.D. No. 3299)
800 King Street, Suite 300
Wilmington, DE  19801
(302) 426-1900

   -and-

CAPLIN & DRYSDALE, CHARTERED
Elihu Inselbuch
399 Park Avenue
New York, NY  10022-4614
(212) 319-7125

   -and-

CAPLIN & DRYSDALE, CHARTERED
Ronald E. Reinsel
One Thomas Circle, N.W.
Washington, D.C.  20005
(202) 862-5000
*Counsel to the Official Committee of Asbestos Personal Injury Claimants*