IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ------------------------------------------------------------ | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | Re: Docket No. 9384 |
| Debtors. | ) | **Hearing Date: 9/26/05@12:00 p.m.** |
| | ) | **Objection Deadline: 9/19/05@4:00 p.m.** |
| ------------------------------------------------------------ | ) | |

## DEBTORS' OBJECTION TO APPLICATION OF THE OFFICIAL COMMITTEE OF ASBESTOS PROPERTY DAMAGE CLAIMANTS TO RETAIN SPECIAL COUNSEL

Alan Runyan of Speights & Runyan ("Speights") and Martin Dies of Dies & Hile ("Dies") between them filed 90% of the traditional asbestos PD Claims that are the subject of the PD Estimation process. Of course they will be participating in PD Estimation -- for the benefit of their own individual clients. The estate should not be expected to pay for the privilege. For the reasons stated within, the PD Committee's Motion to Appoint Special Counsel to force the estate to pay Speights and Dies for their inevitable participation in PD Estimation should be denied.

### Argument

### I.    The Debtors Should Not Be Forced to Pay for Claimants' Counsel

1.    The Debtors' estates should not be forced to fund the prosecution of individual claimant asbestos property damage claims ("PD Claims") under the guise of appointing Alan Runyan of Speights & Runyan and Martin Dies of Dies & Hile as "Special Counsel" for PD Estimation.

2.    As the Debtors have pointed out for months, as a result of the Bar Date Order and Bar Date Notice, *all* PD Claims are now before this Court and the PD Estimation process is tied

hand and glove to the PD Objection process. To the extent claims are disallowed through objections, claims need not be estimated or may be estimated at zero. To the extent estimation determines common issues affecting large numbers of claims, those claims may in turn be disallowed.

3.    In fact, because all PD claims are now pending before the Court, the PD Estimation process itself is all about assessing the merits and value of the universe of pending PD Claims filed by individual claimants. And 90% of those pending traditional asbestos PD Claims, the subject of the PD Committee's motion, were filed by Speights and Dies.[1] Thus, the PD Estimation is directed squarely at their individual claims.

4.    It has always been anticipated that PD claimants affected by Estimation will have a right to participate in Estimation.[2] The PD Estimation CMO specifically states:

> Any party who filed a PD Claim … may elect to participate in the PD Estimation. Regardless, the Court's determination of all procedural and substantive matters relating to the estimation of PD Claims shall be binding on all PD Claimants.

5.    Likewise, as early as January 21, 2005, the Court made it entirely clear that PD Claimants may participate in the PD Estimation process as they will be bound by it:

> Notify everybody that an estimation hearing's going to take place, they're going to be bound by it, and if they want to participate they can.

Tr. of Hr'g at 105 (Jan. 21, 2005).

---

[1] Of 4,003 pending PD Claims filed in this case, after removing Category II claims, claims for contribution and indemnification, previously settled claims, and the like, there are approximately 3,400 traditional asbestos PD Claims still pending. Speights filed more than 2,900 of those claims, and Dies filed more than 150 of those claims.

[2] Counsel for the PD Committee has already made it crystal clear that he does not represent the claimants and will not be so representing the claimants in the PD Estimation or corresponding PD Objection process. Tr. of Hr'g at 26 (July 19, 2005) (Mr Baena: "Judge, I'm not here to represent an individual claimant."); *id.* (Mr Baena: "I'm not in a position to sit here and talk about what the case management order ought to be in respect of the objection to any particular P.D. claim."); *id.* at 50-51 (Mr. Baena: "We don't have the ability to represent individual claimants in the promotion of their claims.").

2

6.    It has thus been plain for months that Speights and Dies will be participating in the PD Estimation process, on behalf of individual claimants.  Speights and Dies need no special permission from this Court to participate in Estimation, and the estate should not be asked to pay them as Special Counsel for this role, any more than it should pay for other individual counsel's participation.

## II.    Permitting Three Different Law Firms To Represent the PD Claimants Would Be Inefficient and Unnecessarily Costly

7.    There is no dispute that Alan Runyan and Martin Dies are experienced PD counsel familiar with litigating PD Claims against Grace.  The Debtors, however, should not be forced to pay lawyers from three different law firms to represent PD claimants' interests.

8.    If PD Committee counsel is incompetent to protect the interests of PD Claimants in the estimation process, then PD Committee counsel should step aside and let appropriate counsel do so.  But, to permit lawyers from two separate, interested law firms to act as Special Counsel, in addition to permitting PD Committee counsel to participate in the process, is an unnecessary waste of the Debtors' resources.

9.    Thus, if Special Counsel is appointed over the Debtors' objection, the PD Committee counsel should not be permitted to take an active role in the PD Estimation process.

## III.    Alan Runyan Is Not Qualified to Act as Special Counsel for the PD Committee

10.    Further, Alan Runyan is not qualified to act as Special Counsel for the PD Committee under section 1103(b) of the Bankruptcy Code.  As this Court is well aware, the Debtors have uncovered disturbing evidence that Speights & Runyan has filed thousands of unauthorized proofs of claim in these cases on behalf of clients that the firm does not represent.

11.    As a result, through the Twelfth and Thirteenth Omnibus Objections, the Debtors have objected to all but 1 of 2,938 claims filed by Speights.  Docket Nos. 8640, 9311.  Not only

3

do these objections contain affidavits of disinterested third parties attesting that Speights signed and filed proofs of claim on behalf of claimants it did not represent, but Speights has also already admitted that it had no express authority to file more than 1000 proofs of claim in this bankruptcy, including claims for nearly 400 building owners Speights could not even locate. Docket No. 9186 at p. 8. And, Speights has also admitted in open Court that it filed more than 1000 claims for buildings that contain no Grace product. *See, e.g.,* Docket No. 9307.

12.    Section 1103(b) of the Bankruptcy Code provides that:

An attorney or accountant employed to represent a committee appointed under section 1102 of this title may not, while employed by such committee, represent any other entity having an *adverse interest* in connection with the case.

11 U.S.C. § 1103(b) (emphasis added).

13.    Speights' claims filing practices place Speights in an adverse position to that of the PD Committee. The Debtors have already requested sanctions against the Speights firm for its improper behavior which is costing the estate thousands of dollars. *Eg.* Docket Nos. 9206, 9008, 9207. As a result, Runyan as a member of that firm, is not entitled to be appointed as Special Counsel for the PD Committee. *See In re Mesta Mach. Co.*, 67 B.R. 151, 157 (Bankr. W.D. Pa. 1986) ("Section 1103(b) was designed to prevent potential conflicts of interest, and to avoid even the appearance of impropriety") (citing House Report No. 95-595, 95th Cong. 1st Sess. 402 (1977), U.S. Code Cong. & Admin. News 1978, pp. 5787, 6358.); 67 B.R. at 156-57 ("As fiduciaries, counsel and committee members have obligations of fidelity, undivided loyalty and impartial service in the interest of the creditors they represent. . . . A committee member violates his fiduciary duty by using his position to further self interest.").

14.    In fact, it is telling that in contrast to Exhibit A of the Affidavit filed by Mr. Dies, which specifically identifies the claimants that Dies currently represents against the Debtors, Mr. Runyan does not identify his clients. Instead, Runyan states that his firm "has no connection

4

with the Debtors, their creditors (except to the extent that it has filed Proofs of Claim on behalf of asbestos property damage claimants), or any other parties in interest ..." Runyan Aff. ¶ 15.

15.     In neither his affidavit, nor in the Motion, does Runyan specifically identify his clients. He does not mention that his firm signed and filed nearly 3000 pending PD Claims in these cases. He does not mention that the Debtors have objected to every single claim his firm has filed but one and have stated that sanctions should be imposed for his firm's improper behavior in filing claims.

16.     Given the history of Speights' claims filings in these cases, it is no wonder that Mr. Runyan did not want to swear under oath whom he represents. The objections assert improper conduct against Speights that could ultimately be the subject of Rule 11 sanctions, other civil penalties as well as potential criminal proceedings. As a result, Mr. Runyan is not qualified to be appointed Special Counsel to the PD Committee under section 1103 of the Bankruptcy Code.

17.     Further, in his affidavit, Mr. Runyan at paragraph 15 states that "(a) none of the past or present clients disclosed represent in excess of one tenth of one percent of the Firm's annual revenue, and (b) engagements concluded five or more years ago are excluded." Runyan Aff. ¶ 15. This disclosure is completely disingenuous: Grace's chapter 11 cases were commenced almost 4 ½ years ago, so of course these claimants have not generated any revenue for the Speights firm during the last 4 ½ years. Runyan has not told this Court how many tens of millions of dollars his firm sought from the Debtors in PD litigation *before* the Chapter 11 filing -- the very experience Runyan asserts as the basis for being appointed as Special Counsel today.

5

**IV.    If Special Counsel Is Appointed Over Objection, Its Time Billed for Estimation and Claims Adjudication Must Be Carefully Segregated and Reviewed, and Speights' Fees and Costs Should Be Held In Escrow**

18.    If the Court does deem it appropriate to appoint Special Counsel over this Objection, the Debtors respectfully request that Special Counsel be ordered to keep detailed time records of all of the time it spends in the Grace case, both as Special Counsel for the PD Estimation as well as for the time spent representing individual claimants with respect to their claims and the claims objections.

19.    Claimants are not entitled to have the Debtors' estates pay for the prosecution and defense of their individual claims.  However, there is no question that as part of the PD Estimation process, individual claims will be adjudicated.  In fact, a review of the Debtors Fifteenth Omnibus Objection itself suggests that many claim objection issues will be addressed during the PD Estimation process.

20.    As a result, it is necessary to have the fee examiner, the Court and the creditors review Special Counsel's time records to make sure that the estates are not being improperly billed for time that is more appropriately chargeable to the claimants.

21.    Further, on the basis of the facts stated in the pending Twelfth and Thirteenth Omnibus Objections, the Debtors believe the estates are entitled to significant sanctions, including attorneys fees, from Speights as a result of its wrongful conduct in filing unauthorized claims.  Thus, if Runyan is permitted to act as Special Counsel over the Debtors' objections, all fees and expenses incurred by Speights should be held in escrow and not paid out until the issue of monetary sanctions is decided.

## Conclusion

For all of the forgoing reasons, the Debtors respectfully request that the PD Committee's Application to appoint Alan Runyan and Martin Dies as Special Counsel in the PD Estimation be denied.

Dated:  September 19, 2005

Respectfully submitted,

KIRKLAND & ELLIS LLP
David M. Bernick, PC
Michelle Browdy
Janet S. Baer
200 East Randolph Drive
Chicago, IL  60601
(312) 861-2000

and

PACHULSKI, STANG, ZIEHL, YOUNG, JONES
& WEINTRAUB P.C.

Laura Davis Jones (Bar No. 2436)
James E. O'Neill, III (Bar No. 4042)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
(302) 652-4100

Co-Counsel for Debtors and Debtors in Possession