IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 01-01139 (JKF) |
| W. R. GRACE & CO., et al., | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | **Re: Docket Nos. 9315, 9432, 9437 and 9447** |
| | ) | |

**RESPONSE OF ALL ASBESTOS PROPERTY DAMAGE CLAIMANTS
REPRESENTED BY DIES & HILE, L.L.P. IN OPPOSITION TO DEBTORS'
EMERGENCY MOTION TO SET THE PD COMMITTEE'S MOTION TO STRIKE
FOR HEARING AT THE SEPTEMBER 26, 2005 OMNIBUS HEARING**

As a result of Debtors' filing of its Fifteenth Omnibus Objection (Substantive) to Property Damage Claims (the "Fifteenth Omnibus Objection") in violation of Del. Bankr. L.R. 3007-1(f)(i) and (f)(ii), the Official Committee of Asbestos Property Damage Claimants (the "PD Committee") filed its Motion to Strike Debtors' Fifteenth Omnibus Objection (Substantive), or, in the Alternative, For Extension of Time for Responses Thereto (the "Motion to Strike"). For similar reasons, all Asbestos Property Damage Claimants represented by the lawfirm Dies & Hile, L.L.P. (the "D&H PD Claimants") filed its Joinder in the PD Committee's Motion to Strike. The hearing on the Motion to Strike is currently set for October 24, 2005. Notwithstanding the fact that Debtors have attempted to drown all Asbestos Property Damage Claimants with its Fifteenth Omnibus Objection filed in violation of the local rules, Debtors now claim the need for emergency relief so that the Motion to Strike may be set for hearing at the September 26, 2005 Omnibus Hearing. For the reasons set forth herein, the D&H PD Claimants oppose Debtors' Emergency Motion, and respectfully request that the same be denied.

## DISCUSSION

A.  **DEBTORS' EMERGENCY MOTION IS YET ANOTHER ATTEMPT BY DEBTORS TO CIRCUMVENT THE LOCAL RULES AND TO DROWN THE PD CLAIMANTS IN VOLUMINOUS OBJECTIONS WHICH REQUIRE AN EXTENSIVE RESPONSE, THEREBY DEPRIVING THE PD CLAIMANTS OF DUE PROCESS**

1.  Debtors' filing of its Fifteenth Omnibus Objection grossly violates the local rules referenced above, which prohibit the filing of an objection on substantive grounds with respect to more than 150 claims, or filing more than two substantive objections in each calendar month, unless the Court orders otherwise. Debtors now indirectly contend that since they have previously advised the Court and the PD Claimants that they would file all of their substantive objections to all PD Claims by September 1, 2005, the Court and the PD Claimants must or should have known that some of their objections would: 1) apply to thousands of claims; 2) consist of an entire legal box full of paper; and 3) grossly exceed the limitations set forth in the referenced local rules. In essence, Debtors apparently contend that there has been an implied waiver of the referenced local rules. However, although not acknowledged by Debtors in their Emergency Motion, these local rules have <u>never</u> been waived by the Court by implication; rather, such a waiver has always been specifically included in a written order, on a very limited basis, and only in response to a request for such waiver. In regard to Debtors' Fifteenth Omnibus Objection, there was no such request, and there is no Order granting any waiver of these local rules.

B.  **DEBTORS CONTINUE TO REVISE AND MODIFY THEIR FIFTEENTH OMNIBUS OBJECTIONS BY ADDING AND DELETING CLAIMANTS FROM THE VARIOUS AND VOLUMINOUS EXHIBITS, FURTHERING THE CHAOS THEY HAVE CREATED**

2.  As noted in the Motion to Strike, Debtors did not file the Exhibits, which identify the claims to which the various objections apply, until several days after they filed

the Fifteenth Omnibus Objection. Now, making matters only worse, Debtors filed on Friday, September 16, 2005 (over two weeks following the filing of their Fifteenth Omnibus Objection), several new and revised Exhibits, which alter the original Exhibits (adding and deleting various Claimants from the original Exhibits). Despite the chaos and extreme burden created by Debtors in filing its Fifteenth Omnibus Objection in violation of the local rules, and subsequently changing the Exhibits, Debtors' assertion that the PD Committee's Motion to Strike has created an "emergency" requiring an early hearing is absurd. Debtors obvious purpose appears to be to drown PD claimants so they do not have sufficient time to respond to their complicated and voluminous Omnibus Objections that have been "rolled out" thus far, over a period of sixteen days from September 1 up to and including September 16, 2005. The actions of Debtors, and their violations of the local rules, should not be condoned.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

WHEREFORE, the D&H PD Claimants respectfully request that Debtors' Emergency Motion to set the PD Committee's Motion to Strike for Hearing at the September 26, 2005 Omnibus Hearing be denied.

DATED: September 19, 2005

_____
Christopher D. Loizides (No. 3968)
Michael J. Joyce (No. 4563)
LOIZIDES & ASSOCIATES
1225 King Street, Suite 800
Wilmington, DE 19801
Telephone:   (302) 654-0248
Facsimile:   (302) 654-0718
E-mail:      loizides@loizides.com

-and-

Martin W. Dies
DIES & HILE, L.L.P.
1009 West Green Avenue
Orange, TX 77630-5697
Telephone:   (409) 883-4394
Facsimile:   (409) 883-4814

*Counsel for the D&H PD Claimants*