IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket No. 9447** |

**OBJECTION OF THE OFFICIAL COMMITTEE OF ASBESTOS PROPERTY
DAMAGE CLAIMANTS TO THE DEBTORS' EMERGENCY MOTION TO SET
THE PD COMMITTEE'S MOTION TO STRIKE FOR HEARING AT THE
SEPTEMBER 26, 2005 OMNIBUS HEARING**

The Official Committee of Asbestos Property Damage Claimants (the "PD Committee"), by and through undersigned counsel, hereby objects (the "Objection") to the Debtors' Emergency Motion to set the PD Committee's Motion to Strike for Hearing at the September 26, 2005 Omnibus Hearing (the "Emergency Motion"). In support of the Objection, the PD Committee respectfully submits as follows:

## INTRODUCTION

By the Emergency Motion, the Debtors seek prompt consideration of the PD Committee's motion to strike the Debtors' 15th Omnibus Objection, or in the alternative, for an extension of time to respond to the 15th Omnibus Objection (the "Motion to Strike"), that was filed on September 14, 2005. The Emergency Motion is based on glaring omissions. Most significantly, the Debtors conveniently omit that on the same day they filed the Emergency Motion, they filed numerous "Revised" exhibits that substantially change the claimants subject of the 15th Omnibus Objection, some three weeks after the Objection was filed and less than two weeks before

responses to the Objection are purportedly due. Moreover, upon information and belief, property damage claimants are still just receiving the <u>original</u> exhibits to the 15th Omnibus Objection. Confusion abounds, yet the Debtors insist that the property damage claims objection process proceed without any regard for the consequences to claimants.

The PD Committee respectfully submits that the Emergency Motion should be denied and that the Motion to Strike should be considered at the October omnibus hearing.

### DISCUSSION

1. As set forth in detail in the Motion to Strike, the Debtors' 15th Omnibus Objection patently failed to comply with the Local Rules governing this case by filing almost 30 times the permissible amount of objections in one fell swoop.

2. Not surprisingly, the Debtors attempt to obfuscate that fact by arguing that they had Court authorization to file the 15th Omnibus Objection. However, as set forth in the Motion to Strike, it is indisputable that the Debtors <u>never</u> received authorization to file the 15th Omnibus Objection without relief from Delaware Local Rule 3007-1.

3. Nevertheless, the Debtors argue that the Motion to Strike should be considered at the September omnibus hearing because the "estate would be substantially prejudiced" by considering the Motion to Strike in October. In doing so, the Debtors attempt to shift blame to the PD Committee by arguing that the PD Committee has attempted to "rewrite" the schedule anticipated by the case management orders governing PD objections and the Estimation of PD claims.

4. The Debtors' argument fails for at least two reasons. First, the Motion to Strike, unlike the Debtors 15th Omnibus Objection, was filed fully in accordance with the Court's long-

standing case management order that has been in place in this case for years, and the Delaware Local Rules.

5. Second, despite the Debtors' attempts to portray themselves as intent upon moving this case to conclusion, it is more than two years since the bar date for property damage claims and some 18 months since the Court authorized the Debtors' Gateway Objection process. Having done little, if anything, in the intervening periods, the Debtors now seek to rush property damage claimants along in the Byzantine claims objection process that the Debtors promote. Suddenly, time is of the essence when the deadlines sought to be imposed apply to property damage claimants and not the Debtors. Worse yet, the Debtors continue to leak out just which property damage claims are being subjected to objections. For the Debtors to suggest now that the filing of the Motion to Strike will "substantially delay the process" in light of these facts is simply absurd.

## CONCLUSION

The Debtors have utterly failed to provide any cogent basis for the Emergency Motion. The Debtors have no one to blame but themselves for creating this quagmire. Their incessant delays in launching objections to property damage claims and their confusing engineering and then re-engineering of objections finally filed are the systemic reasons for the matters of which the Debtors themselves now ironically complain.

WHEREFORE, the PD Committee respectfully requests that the Court enter an order denying the requested relief sought by the Debtors in the Emergency Motion and further relief as the Court deems just and proper.

Dated: September 20, 2005

> Respectfully submitted,
>
> BILZIN SUMBERG BAENA
> PRICE & AXELROD LLP
> 2500 Wachovia Financial Center
> 200 South Biscayne Boulevard
> Miami, FL 33131-2336
> Telephone: (305) 374-7580
>
> Scott L. Baena (Admitted Pro Hac Vice)
> Jay M. Sakalo (Admitted Pro Hac Vice)
> Allyn S. Danzeisen (Admitted Pro HacVice)
>
> -and-
>
> FERRY, JOSEPH & PEARCE, P.A.
>
> /s/ Theodore J. Tacconelli
> Theodore J. Tacconelli (No. 2678)
> 824 Market Street, Suite 904
> P.O. Box 1351
> Wilmington, DE 19899
> Telephone: (302) 575-1555
>
> CO-COUNSEL FOR THE OFFICIAL
> COMMITTEE OF ASBESTOS PROPERTY
> DAMAGE CLAIMANTS