**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Objection Deadline: None** |
| | ) | **Hearing Date: September 26, 2005 @ Noon** |
| | ) | **Agenda Item #16** |
| | | **Related to Docket Nos. 9383, 9444** |

**OBJECTION OF THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS TO THE DEBTORS' MOTION FOR LEAVE FROM THIS COURT'S NOVEMBER 5, 2004 SCHEDULING ORDER AND TO SHORTEN NOTICE PERIOD OF DEBTORS' EMERGENCY MOTION FOR LEAVE TO TAKE DISCOVERY OF CLAIMANT'S ATTORNEYS**

The Official Committee of Asbestos Personal Injury Claimants (the "Committee"), by and through its undersigned counsel, respectfully submits this objection ("Objection") to the Debtors' Motion for Leave from this Court's November 5, 2004 Scheduling Order and to Shorten Notice Period of Debtors' Emergency Motion for Leave to Take Discovery of Claimants' Attorneys (the "Motion to Shorten Time"). Although this Court has scheduled a status conference on the Motion to Shorten Time for September 26, 2005, the next omnibus hearing date, it appears from the Debtors' recent agenda notice that the Debtors intend to ask this Court to hear and decide the Motion to Shorten Time, together with the underlying "emergency" motion to take discovery of claimants' attorneys. As articulated at prior hearings, the Committee has significant concerns about the underlying motion to serve discovery on claimants' attorneys, and would like an opportunity to file a written objection to the underlying motion and argue that objection on a hearing date after September 26. Since the Court has set a status conference on the Motion to Shorten Time, the Debtors' request for a merits hearing on either the Motion to Shorten Time or the underlying motion is both presumptuous and premature. Moreover, as

detailed below, there is no "emergency" here, and to the extent any "emergency" exists, it is entirely of the Debtors' making. For the reasons set forth below, the Court should deny the Motion to Shorten Time. To the extent the underlying motion to serve discovery on claimants' attorneys is heard at all, it should be heard in the ordinary course, with a reasonable time fixed for filing objections thereto.

## BACKGROUND

1. On April 2, 2001 (the "Petition Date"), W.R. Grace & Co. and its affiliated debtors and debtors in possession (collectively, the "Debtors") commenced the instant proceedings by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code with the Clerk of this Court. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. On the Petition Date, the Court entered an order authorizing the joint administration of these cases for procedural purposes.

2. No trustee or examiner has been appointed in these cases. On April 12, 2001, the United States Trustee for the District of Delaware (the "US Trustee") appointed this Committee, the Official Committee of Asbestos Property Damage Claimants, and the Official Committee of Unsecured Creditors. On June 18, 2001, the U.S Trustee appointed the Official Committee of Equity Security Holders.

3. This Court's Order Scheduling Omnibus Hearing Dates for 2005 [D.I. 6833] ("Scheduling Order") sets forth the deadline to file motions for the 2005 calendar year omnibus hearings. Specifically, the Scheduling Order provides that the filing deadline for the September 26, 2005 omnibus hearing is August 22, 2005 ("Filing Deadline"). The Scheduling Order defines the Objection Deadline as September 9, 2005. As a result, an eighteen-day objection period is built into the Scheduling Order.

4. In addition, on February 8, 2005, this Court signed the Amended Order Establishing Case Management Procedures and Hearing Schedule [D.I. No. 7709] ("Amended CMO") (collectively with the Scheduling Order, the "Case Management Orders"). The Amended CMO includes the following language:

**Deadline to File Pleadings Prior to Omnibus Hearing**

> Subject to any earlier filing and service deadline(s) set forth elsewhere in this Order, the Local Rules, or any other applicable Order or Rule, all pleadings related to any matter on the Final Agenda (including without limitation, motions, objections, responses, replies, and exhibits) must be filed and served by no later than the business day prior to the Hearing Filing Deadline. *Any pleading not filed by such date shall not be considered*, unless the Court has previously established a filing schedule with respect to such pleading to the contrary.

[Emphasis added].

5. The Amended CMO defines the Hearing Filing Deadline as being "at least seven days prior to each scheduled omnibus hearing date." For the September 26, 2005 omnibus hearing, the Hearing Filing Deadline (i.e., the deadline for filing responses to timely-filed motions) was September 19, 2005.

6. Del. Bankr L R 9006-1(e), provides, in part, that "[n]o motion will be scheduled on less notice than required by these Rules or the Fed. R. Bankr. P. except by Order of the Court, on written motion (served on all interested parties) *specifying the exigencies justifying shortened notice*." [Emphasis added].

7. At the August 26, 2005 hearing, the Committee, Debtors and the Court addressed the remaining issues with the claimant questionnaire and the Asbestos PI Estimation CMO. Throughout the hearing, the Debtors sought entry of the Asbestos PI Estimation CMO, along with the expert report deadlines contained therein.

8.      The issue of the Debtors' intent to take attorney directed discovery was first discussed on the record at the July 19, 2005 hearing. At that hearing, counsel to the Committee objected to the Debtors' inclusion of attorney directed discovery in the asbestos claimant questionnaire. Transcript of July 19, 2005 Hearing, pages 285 – 286. After the Court stated that the attorney directed discovery must be removed from the claimant questionnaire, and counsel to the Committee suggested that the "time to argue what discovery they can get against lawyers is when they make a motion for that purpose," the Court agreed and advised the Debtors to file a motion. Transcript of July 19, 2005 Hearing, page 288 – 289. The Debtors confirmed they would. Id. Indeed, Debtors' counsel indicated it would be on file before the August omnibus hearing. Id.

9.      The issue of the attorney directed questionnaire was next discussed at the August 22, 2005 hearing. At that time, counsel to the Debtors advised the Court that they intended to send a questionnaire to the law firms, which would be "follow[ed] up with very focused, more traditional discovery. . ." Transcript of August 22, 2005 Hearing, page 118. If it was not clear after the July 19 hearing that a motion would be necessary to resolve the issue of the Debtors' desire to send attorney directed discovery, it was made abundantly clear at the August hearing. Specifically, counsel to the Committee stated:

> With respect to Mr. Bernick's comments about the discovery of attorneys beyond this questionnaire, I just wanted to reiterate that we think that the [claimant] questionnaire even without the particular details, which my collogues (sic), Mr. Leesman's (sic) going to address in a minute here, is for reasons we stated in enumerable times, and I'm not going to repeat here, is just way, way beyond anything that any court has ever permitted to any debtor in a mass tort or any other case to do to 120,000 people. It's incredibly burdensome. It's incredibly time consuming and incredibly - and frankly, in my opinion, is not authorized by any applicable bankruptcy rules of the Code. Having said that, Your Honor has already told us we're going to have a questionnaire, so that's where we're going to be. But the idea that we're then going to pile on on (sic) top of that this minor questionnaire that we're going to address to law firms who aren't by any stretch

of the imagination claimants in the case, and then we're going to follow up the questionnaire to the law firms with individualized discovery. *I'm just, you know, putting in a marker here that we're going to vehemently oppose that . . ."*

[Emphasis added.]

10.     On September 9, 2005, eighteen days after the Filing Deadline, the Debtors filed the Motion at issue. The Motion seeks entry of an Order (i) granting the Debtors leave from the Scheduling Order, (ii) shortening the notice period with respect to the Underlying Discovery Motion, and (iii) setting September 21, 2005 at 12:00 p.m. as the objection deadline for the Underlying Discovery Motion. The proposed objection deadline is after this Court's Hearing Filing Deadline.

11.     In support of the Motion, the Debtors' assert that hearing the Underlying Discovery Motion during the September omnibus is necessary to provide adequate time for the attorney directed questionnaires to be completed, returned, and incorporated into their experts' reports prior to the deadline contained in the Asbestos PI Estimation CMO. The Motion also vaguely implies that there were some sort of negotiations regarding the service and content of the proposed attorney directed questionnaire. Specifically, the Motion states that the Debtors circulated a draft of the questionnaire on September 6, 2005. Thereafter, the Motion states that the "parties were unable to reach agreement regarding the service and content of the questionnaire." Motion, p. 4. The implication appears to be that the Debtors were working to reach an agreement on the issue of attorney directed discovery prior to filing the Underlying Discovery Motion.

## **OBJECTION**

12.     The Motion at issue should be denied for two reasons. First, there is no actual "emergency" here. The Debtors knew as far back as July 19 that they needed to file the Motion,

and had plenty of time under the Case Management Orders and Local Rules of Bankruptcy Procedure to do so. Second, the Debtors cannot be heard to suggest that any delay in filing the Underlying Discovery Motion was caused by discussions or negotiations with the Committee.

**There is No Emergency**

13. The Debtors knew as far back as July 19 that they needed to file a motion in order to obtain the necessary authorization to send the attorney directed questionnaire. Indeed, it was at the July 19 hearing when: (i) the Court ordered the Debtors to remove the attorney directed discovery from the asbestos claimant questionnaire; (ii) counsel to the Committee suggested that the appropriate mechanism to argue the merits of the proposed discovery would be after the Debtors filed a motion for authorization for such discovery; (iii) this Court agreed and directed the Debtors to file such a motion; and (iv) the Debtors indicated they would do so prior to the August omnibus hearing.

14. Additionally, the Case Management Orders governing deadlines were entered long ago and the Debtors were aware of the August 22, 2005 Filing Deadline, as well as the September 19, 2005 response deadline, with ample time to file the Underlying Discovery Motion. The Motion does not provide any actual justification for the Debtors' failure to comply with this Court's Case Management Orders. Since the Debtors waited over seven weeks after being directed by the Court to file the Underlying Discovery Motion neither "cause" nor the appropriate exigencies exist to justify shortened notice.[1] In short, the *emergency* nature of the Motion is solely due to the Debtors' conduct.

---

[1] In a sense, the Debtors' motion is not to shorten but rather to *extend* or *enlarge* the August 22 deadline they missed, after that deadline passed. In this respect, the Debtors should not be held to a standard of mere "cause". Instead, the Debtors must prove their "excusable neglect," per Fed. R. Bankr. P. 9006(b)(2), to obtain the new deadlines they seek here.

15. To the extent the Debtors seek to avoid any prejudice resulting from the Underlying Discovery Motion being heard pursuant to the Case Management Orders, that prejudice is the result of the Debtors' own conduct. At the August omnibus hearing, the Debtors pushed for the entry of the Asbestos PI Estimation CMO, along with the expert-related deadlines contained therein in full recognition that the Underlying Discovery Motion was not currently on file. Indeed, it appears the attorney questionnaire was not complete at that time, as it was not circulated to the Committee until September 6, 2005. As a result, the Debtors were fully aware that they needed to file their motion on or before August 22, but they simply did not do so. Under these circumstances, the Court should not accept the Debtors' asserted "emergency."

**The Debtors Cannot be Heard to Suggest that Any Delay
in Filing the Underlying Discovery Motion Was Caused by
Discussions or Negotiations with the Committee**

16. Counsel to the Committee has argued time and again in open court that the Committee would oppose any attempt to serve discovery on the claimants' attorneys, who are not parties to the estimation proceeding. As noted above, counsel to the Committee stated at the July 19, 2005 hearing that the Debtors' intention to take attorney directed discovery was not supported by the Federal Rules of Civil Procedure. The Committee's position on attorney directed discovery was reaffirmed during the August 26, 2005 hearing when counsel stated that the Committee intends to oppose any such discovery. Regardless of the Committee's position, the Debtors certainly are aware of this the ability to timely file a motion and to thereafter work for a consensual resolution of the same, as this has occurred on numerous occasions in these cases.

17. In truth, nothing resembling intensive negotiations or extended discussions over the attorney directed questionnaire ever took place. Counsel to the Committee received a "draft"

of the questionnaire on September 6, 2005 and confirmed with Debtors' counsel three days later that the Committee did not agree with any aspect of the attorney questionnaire. This communication was entirely consistent with the position taken by the Committee during the July 19 and August 26 hearings, and can hardly justify the Debtors' delay.

18. Accordingly, the Committee believes that this eleventh-hour motion should not be considered or granted (for reasons the Committee will articulate in a subsequent objection on the merits), but if the Underlying Discovery Motion is to be considered at all, it should be heard in the ordinary course, consistent with the procedures previously specified by this Court.

### RESERVATION OF RIGHTS

19. By filing this Objection, the Committee does not waive any rights to object to the Underlying Discovery Motion and hereby reserves all of its rights to fully respond thereto.

### CONCLUSION

WHEREFORE, for the reasons set forth herein, the Committee respectfully requests that the Court enter an Order (i) sustaining this Objection; (ii) denying the Motion; and (ii) granting to the Committee such other and further relief as is just and equitable.

Dated: September 21, 2005

CAMPBELL & LEVINE, LLC

*/S/ Mark Hurford*
Marla R. Eskin (No. 2989)
Mark T. Hurford (No. 3299)
800 King Street, Suite 300
Wilmington, DE 19801
(302) 426-1900

-and-

{D0049242:1}                               8

CAPLIN & DRYSDALE, CHARTERED
Elihu Inselbuch
399 Park Avenue
New York, NY  10022-4614
(212) 319-7125

   -and-

CAPLIN & DRYSDALE, CHARTERED
Peter Van N. Lockwood
Nathan D. Finch
Jeffrey A. Liesemer
One Thomas Circle, N.W.
Washington, D.C.  20005
(202) 862-5000

Counsel to the Official Committee
   of Asbestos Personal Injury Claimants