IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

CERTIFICATION OF COUNSEL REGARDING
STIPULATIONS BETWEEN THE DEBTORS AND EACH OF ONEBEACON
AMERICA INSURANCE COMPANY AND SEATON INSURANCE COMPANY

The undersigned hereby certifies that:

1. On April 2, 2001 (the "Petition Date"), the above-captioned debtors and debtors in possession (collectively, the "Debtors") commenced their respective reorganizations

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

by filing voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, as amended from time to time (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2. This Court issued its bar date Order on April 22, 2002, which established March 31, 2003 as the bar date for the filing of certain pre-petition (a) non-asbestos, (b) asbestos property damage and (c) medical monitoring claims.

3. OneBeacon America Insurance Company ("OneBeacon") is the successor-in-interest to Commercial Union Insurance Company and American Employers' Insurance Company (collectively, "Commercial Union").

4. Seaton Insurance Company ("Seaton") is the successor-in-interest to Unigard Security Insurance Company, formerly known as Unigard Mutual Insurance Company ("Unigard").

5. The Debtors listed Commercial Union and Unigard on their Schedule G (Executory Contracts and Unexpired Leases) filed on June 8, 2001, but neither Commercial Union nor Unigard were provided with actual notice of the commencement of the Debtors' cases or the bar date Order, nor were they independently aware of the bar date Order or the commencement of the Debtors' cases.

6. On February 14, 2005, OneBeacon filed 62 identical claims against the Debtors (Claim Nos. 15592-15653) (the "OneBeacon Claims"), which were for an unliquidated amount and based upon alleged contractual indemnity claims under one or more of the following

agreements:[2] (i) Settlement Agreement and Release, dated October 7, 1998, between W. R. Grace & Co. and Commercial Union, (ii) Settlement Agreement and Release, dated December 17, 1996, between W. R. Grace & Co. and Commercial Union, and (iii) Settlement Agreement, dated May 10, 1993, between W. R. Grace & Co. and Commercial Union.

7. On February 14, 2005, Seaton filed 62 identical claims against the Debtors (Claim Nos. 15530-15591) (the "Seaton Claims" and together with the OneBeacon Claims, the "Claims"), which were for an unliquidated amount and based upon alleged contractual indemnity claims under one or more of the following agreements:[3] (i) Settlement Agreement, Release and Indemnification/Hold Harmless Agreement, dated July 11, 1996, between W. R. Grace & Co. and Unigard, (ii) Settlement Agreement, Release and Indemnification/Hold Harmless Agreement, dated May 15, 1995, between W. R. Grace & Co. and Unigard, (iii) Settlement Agreement, Release and Indemnification/Hold Harmless Agreement, dated August 6, 1992, between W. R. Grace & Co. and Unigard.

---

[2] Each agreement defines the parties to that particular agreement. For purposes of the Stipulations, the parties are referred to as "W. R. Grace & Co." and "Commercial Union" for identification purposes only.

[3] Each agreement defines the parties to that particular agreement. For purposes of the Stipulations, the parties are referred to as "W. R. Grace & Co." and "Unigard" for identification purposes only.

- 4 -

8.   The Debtors do not object to the Claims being deemed timely filed. To such end, the Debtors and OneBeacon have entered into a *Stipulation and Order Regarding Proofs of Claim of OneBeacon America Insurance Company (Claim Nos. 15592-15653)*, attached hereto as <u>Exhibit A</u> and made a part hereof (the "OneBeacon Stipulation"), and the Debtors and Seaton have entered into a *Stipulation and Order Regarding Proofs of Claim of Seaton Insurance Company (Claim Nos. 15530-15591)*, attached hereto as <u>Exhibit B</u> and made a part hereof (the "Seaton Stipulation" and together with the OneBeacon Stipulation, the "Stipulations").

9. The Stipulations provide that the Claims shall be deemed timely filed, reserving the Debtors' right to object to the Claims on any basis other than timeliness. The Debtors waive any procedural defects by virtue of Claimant filing late Claims without filing a corresponding motion for approval of filing late claims. Counsel for the official committees and the Future Claimants' Representative have reviewed copies of the Stipulations and have no objection to the Court's entry of the same.

10. Accordingly the Debtors respectfully request that the Court approve the Stipulations attached hereto as Exhibit A and Exhibit B.

Dated: September 21, 2005

> KIRKLAND & ELLIS LLP
> James H.M. Sprayregen, P.C.
> Janet S. Baer
> Lori Sinanyan
> 200 East Randolph Drive
> Chicago, Illinois 60601
> (312) 861-2000
>
> and
>
> PACHULSKI, STANG, ZIEHL, YOUNG, JONES
> & WEINTRAUB P.C.
>
> /s/ James E. O'Neill
> Laura Davis Jones (Bar No. 2436)
> James E. O'Neill (Bar No. 4042)
> 919 North Market Street, 16th Floor
> P.O. Box 8705
> Wilmington, DE 19899-8705 (Courier 19801)
> Telephone: (302) 652-4100
> Facsimile: (302) 652-4400
>
> Co-Counsel for the Debtors and Debtors in Possession