**Exhibit A**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

## STIPULATION AND ORDER REGARDING PROOFS OF CLAIM OF ONEBEACON AMERICA INSURANCE COMPANY (CLAIM NOS. 15592-15653)

This stipulation is entered into this 22nd day of August, 2005, between W. R. Grace & Co. and its affiliates (collectively, the "Debtors") and OneBeacon America Insurance Company (the "Claimant").

**WHEREAS**, on April 2, 2001 (the "Petition Date"), the Debtors commenced their respective reorganizations by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

**WHEREAS**, this Court issued its Bar Date Order on April 22, 2002, which established March 31, 2003 as the Bar Date for the filing of certain pre-petition (a) non-asbestos, (b) asbestos property damage and (c) medical monitoring claims.

**WHEREAS**, the Claimant is the successor-in-interest to Commercial Union Insurance Company and American Employers' Insurance Company (collectively, "Commercial Union").

**WHEREAS**, the Debtors listed Commercial Union on their Schedule G (Executory Contracts and Unexpired Leases) filed on June 8, 2001, but Commercial Union and Claimant were not provided with actual notice of the commencement of the Debtors' cases nor the Bar Date Order and were not independently aware of the Bar Date Order or the commencement of the Debtors' cases.

**WHEREAS**, on February 14, 2005, the Claimant filed 62 identical claims against the Debtors (Claim Nos. 15592-15653), which were for an unliquidated amount and based upon alleged contractual indemnity claims under one or more of the following agreements:[2] (i) Settlement Agreement and Release, dated October 7, 1998, between W. R. Grace & Co. and Commercial Union, (ii) Settlement Agreement and Release, dated December 17, 1996, between W. R. Grace & Co. and Commercial Union, and (iii) Settlement Agreement, dated May 10, 1993, between W. R. Grace & Co. and Commercial Union.

**NOW, THEREFORE**, for good and valuable consideration, the parties hereby stipulate and agree as follows:

1. Claim Nos. 15592-15653 filed by the Claimant shall be deemed timely filed. The Debtors, however, reserve and retain all rights to object to Claim Nos. 15592-15653 on any and all grounds other than timeliness upon proper notice to the Claimant and consistent with

---

[2] Each agreement defines the parties to that particular agreement. For purposes of this Stipulation, the parties are referred to as "W. R. Grace & Co." and "Commercial Union" for identification purposes only.

applicable law. The Debtors waive any procedural defects by virtue of Claimant filing Claim Nos. 15592-15653 without filing a corresponding motion for approval of filing late claims.

2. Each party executing this Stipulation represents that such party has the full authority and legal power to do so. This Stipulation may be executed in counterparts and each such counterpart together with the others shall constitute one and the same instrument. The parties further agree that facsimile signatures hereon shall be deemed to be original signatures. This Stipulation shall be binding upon and inure to the benefit of each of the parties, and upon their respective assignees, successors and/or partners.

3. The Debtors shall direct Rust Consulting, Inc., to mark the Claims Register to reflect that Claim Nos. 15592-15653 are deemed timely filed as outlined herein.

4. The Claimant represents that it is not currently aware of any additional pre-petition claims that it has against the Debtors.

STIPULATED AND AGREED:

ONEBEACON AMERICA INSURANCE COMPANY

By: _____
Name: Brian Bendig
Associate General Counsel
Carvell USA, Inc.
Authorized Agent for
Scouton OneBeacon

Date: _____

W. R. GRACE & CO., et al.

By: _____
Name: Mark A. Shelnitz
Vice President, General Counsel
and Secretary

APPROVED AND SO ORDERED:

_____
The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

3