IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Re: Docket Nos. 9008, 8640, 9002 and 9070 and |
| | ) | 8/29/05 Agenda Items Nos. 12,13,14 and 15 |

**ORDER GRANTING CERTAIN RELIEF AND DIRECTING CERTAIN DISCOVERY WITH RESPECT TO SPEIGHTS & RUNYAN**

Upon the (1) Motion of the Debtors for Limited Waiver of Del.Bankr.L.R. 3007-1 to Permit Filing of the 13th Omnibus Objection (the "Motion for Waiver"); (2) Debtors' Twelfth Omnibus Objection to Certain Claims Filed by the Law Firm of Speights & Runyan (the "12th Omnibus Objection"); (3) Motion of Speights & Runyan to Quash Subpoena (the "Motion to Quash") and (4) Supplemental Motion of Speights & Runyan to Quash Subpoena (the "Supplemental Motion to Quash") (collectively the "Speights & Runyan Related Motions") and upon consideration of the Speights & Runyan Related Motions and all responses thereto; and due and proper notice of the Speights & Runyan Related Motions having been given; IT IS HEREBY

ORDERED that the Motion for Waiver is granted; and it is further

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

ORDERED that on or before September 23, 2005, the parties will submit a proposed Case Management Order that will set out an orderly process for the disposition of the 13th Omnibus Objection, and if the parties cannot agree, then they shall submit separate proposed Case Management Orders by said date; and it is further

ORDERED that on or before September 23, 2005, Speights & Runyan shall provide the Debtors with the following information:

(i) a list of all PD Claims filed by Speights & Runyan that have been withdrawn by Speights & Runyan to date; and

(ii) a list of any additional pending PD Claims filed by Speights & Runyan that Speights & Runyan is going to withdraw; and

(iii) a list of all pending PD Claims filed by Speights & Runyan for which Speights & Runyan relies on the *Anderson Memorial Hospital Case* as its sole authority to file such PD Claims; and

(iv) a list of all pending PD Claims filed by Speights & Runyan for which it has no evidence that the product for which the claim is being asserted was manufactured or sold by Grace, and a statement of the theory or theories upon which Speights & Runyan is relying to assert each such PD Claim against Grace; and

(v) a list of all pending PD claims filed by Speights & Runyan for which evidence has been submitted that the product for which the claim is being asserted was manufactured or sold by Grace; and

(vi) a list of all pending claims filed by Speights & Runyan for which the claimant has provided express written authorization to file the claim and a copy of the document or, if redacted, the portion of the document that contains such proof of express written authority; and

(vii) a list of all pending claims filed by Speights & Runyan for which Speights & Runyan was told by the claimant Speights & Runyan did not have authority to file the claim on behalf of that claimant and a copy of any document that provides evidence that the claimant so informed the Speights & Runyan firm; and it is further

ORDERED that the 12th Omnibus Objection, the Motion to Quash and the Supplemental Motion to Quash shall be continued for further hearing as may be necessary at the Omnibus Hearing on September 26, 2005; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: September 23, 2005

Judith K. Fitzgerald
Honorable Judith K. Fitzgerald
United States Bankruptcy Judge