# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Related Docket Nos. 9311 and 9501** |

## CASE MANAGEMENT ORDER FOR THE ADJUDICATION OF THE DEBTORS' THIRTEENTH OMNIBUS OBJECTION TO 2,937 UNAUTHORIZED CLAIMS FILED BY THE LAW FIRM SPEIGHTS & RUNYAN (SUBSTANTIVE)

WHEREAS on September 1, 2005, the Debtors filed the Thirteenth Omnibus Objection to 2,937 Speights' claims; and

WHEREAS the Debtors' Thirteenth Omnibus Objection seeks to disallow and expunge 2,937 Speights claims in the following categories, H - P: (H) claims which were not listed on Speights' Verified 2019 Statement; (I) claims filed on behalf of buildings and job sites; (J) claims for non-South Carolina buildings filed based on the 1992 Original Complaint in *Anderson Memorial Hospital*; (K) claims for South Carolina buildings filed based on 3 Orders entered in 2001 in *Anderson Memorial Hospital*; (L) claims filed based on unsigned building questionnaires; (M) claims filed based on the unidentified symbol "E"; (N) claims filed on behalf

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

of building supply stores; (O) claims filed based on exemplar contracts; and (P) all but 1 of the 2,938 claims signed by Daniel Speights or Amanda Steinmeyer of the Speights law firm and filed by Speights & Runyan; and

WHEREAS the Debtors served discovery on the Speights & Runyan firm in July 2005 seeking document production and deposition testimony related to the categories H-P enumerated in the Debtors' Thirteenth Omnibus Objection (the "Debtors' discovery on Speights & Runyan"); and

WHEREAS in July 2005 Speights & Runyan filed a Motion to Quash and Supplemental Motion to Quash the Debtors' discovery on Speights & Runyan ("Speights Motion to Quash and Supplemental Motion to Quash"); and

WHEREAS after briefing and argument, at the August 29, 2005 omnibus hearing this Court deferred adjudication of the Speights Motion to Quash and Supplemental Motion to Quash and ordered that Speights produce certain lists of claims and documents by September 23, 2005 (the "Speights September 23, 2005 production"); and

WHEREAS as part of the Speights September 23, 2005 production, Speights has provided lists of claims to the Debtors, including lists styled as (1) S&R Claims Withdrawn; (2) S&R Claims Pending Withdrawal; (3) S&R Claims With Express Written Authority; (4) Authority Based Solely Upon Anderson Memorial Hospital Putative Class Action; (5) Authority Based Solely on Certified South Carolina Class; (6) Claimants Who Filed PD Claims Through S&R Under Anderson In Other Bankruptcies; (7) S&R PID Claims [claims asserting the existence of Grace product identification]; and (8) S&R Non-PID Claims [claims containing no Grace product identification, pursued under theories of Conspiracy/Concert of Action]; and

WHEREAS at the omnibus hearing held on August 29, 2005, this Court ordered the parties to propose a CMO for the adjudication of the Debtors' Thirteenth Omnibus Objection.

IT IS HEREBY ORDERED:

1.  That the Court shall disallow and expunge all PD claims identified on Speights September 23, 2005 production on the following lists: (1) S&R Claims Withdrawn and (2) S&R Claims Pending Withdrawal.

2.  That at the October 24, 2005 omnibus hearing, the Court will hear oral argument on the Debtors' objections to the following 3 categories of Speights claims: (1) Authority Based Solely Upon Anderson Memorial Hospital Putative Class Action, based on the Debtors' objection that Speights had no authority to file those claims; (2) Authority Based Solely on Certified South Carolina Class, based on the Debtors' objection that Speights had no authority to file those claims; and (3) California claims containing no product identification, based on the Debtors' objection that California law does not permit recovery of asbestos property claims on the grounds of Conspiracy/Concert of Action without accompanying product identification (together, "the 3 categories of claims to be argued October 24, 2005").

3.  That by September 30, 2005, the Debtors shall file an Opening Brief on the 3 categories of claims to be argued on October 24, 2005. The Opening Brief may incorporate the Thirteenth Omnibus Objection by reference and shall not otherwise exceed 15 pages in length. As Exhibits to the Opening Brief, the Debtors shall provide to the Court the lists of which Speights claims fall into each of the 3 categories of claims to be argued October 24, 2005, using the lists provided by Speights as part of the September 23, 2005 production.

4.  That Speights' Response to the Debtors' Opening Brief shall be due October 7, 2005.

5.  That the Debtors' Reply to Speights' October 7, 2005 Response shall be due October 14, 2005.

6.  That at the September 26, 2005 Omnibus Hearing, the parties and the Court shall address a schedule for discovery, briefing and argument for the remaining Speights claims.

3

7.  That this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: September __, 2005

_____
Honorable Judith K. Fitzgerald
United States Bankruptcy Judge
