IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No.: 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Re:  Docket No. 9311 |

**CASE MANAGEMENT ORDER FOR THE ADJUDICATION OF THE
DEBTORS' THIRTEENTH OMNIBUS OBJECTION TO 2,937 CLAIMS
FILED BY THE LAW FIRM OF SPEIGHTS & RUNYAN (SUBSTANTIVE)**

WHEREAS on July 18, 2005, the Debtors filed a Motion for Limited Waiver of Del.Bank.L.R. 3007-1 to Permit Filing of the 13th Omnibus Objection to 2,937 claims filed by Speights & Runyan ("S&R"); and

WHEREAS after briefing and argument at the August 29, 2005 omnibus hearing this Court granted the Debtors' Motion for Limited Waiver, directed S&R to produce certain lists of claims and documents by September 23, 2005 (the "S&R September 23, 2005 production"), and ordered the parties to submit a proposed Case Management Order setting out an orderly process for the disposition of the 13th Omnibus Objection, and if the parties could not agree, to submit separate proposed Case Management Orders by said date; and

WHEREAS on September 1, 2005, the Debtors filed the Thirteenth Omnibus Objection to 2,937 claims filed by S&R on the ground that S&R allegedly lacked proper authority to file these claims ("Authority Objections"); and

WHEREAS as part of the S&R September 23, 2005 production, S&R has provided lists of claims to the Debtors, including lists styled as (1) S&R Claims Withdrawn; (2) S&R Claims Pending Withdrawal; (3) S&R Claims With Express Written Authority; (4) Authority Based Solely Upon Anderson Memorial Hospital Putative Class Action; (5) Authority Based Solely on Certified South

Carolina Class; (6) Claimants Who Filed PD Claims Through S&R Under Anderson In Other Bankruptcies; (7) S&R PID Claims [claims asserting the existence of Grace product identification]; and (8) S&R Non-PID Claims [claims containing no Grace product identification, pursued under theories of Conspiracy/Concert of Action]; and

WHEREAS the parties have now agreed upon a Case Management Order for the disposition of the Debtors' 13th Omnibus Objection, IT IS HEREBY ORDERED:

1. That the Court will first consider the Debtors' Authority Objections to the S&R claims subject to the Debtors' 13th Objection that have not been listed as S&R Claims Withdrawn and S&R Claims Pending Withdrawal and which the parties agree or the Court determines may be heard and decided without any discovery. The Debtors shall identify any such objections which it contends do not require any discovery and which it wishes to be heard in its Preliminary Agenda for the Omnibus Hearing in which it intends to argue the objections. Provided, without in anyway conceding any other position, including the question of whether discovery is required, S&R acknowledges that the Debtors may inform it by September 30, 2005 if they wish at the October 24, 2005 omnibus hearing to ask the Court to hear oral argument on the Debtors' objections to the following 3 categories of S&R claims: (1) Authority Based Solely Upon Anderson Memorial Hospital Putative Class Action, based on the Debtors' objection that S&R had no authority to file those claims; (2) Authority Based Solely on Certified South Carolina Class, based on the Debtors' objection that S&R had no authority to file those claims; and (3) California claims containing no product identification, based on the Debtors' objection that California law does not permit recovery of asbestos property claims on the grounds of Conspiracy/Concert of Action without accompanying product identification

2. That the Debtors may submit subsequent briefs in support of their Authority Objections and S&R may respond thereto in accordance with this Court's Amended Case Management Order. Provided, no objection shall be heard unless the time for responsive briefs has expired.

3. That after the Court has resolved all the objections that do not require discovery, the Court shall address a schedule for discovery and disposition of the remaining S&R claims subject to the 13th Objection.

4. That this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

DATED: _____

_____
Honorable Judith K. Fitzgerald
United States Bankruptcy Court Judge