# EXHIBIT 4

"Key" to Summary Chart re Debtors' Fifteenth Omnibus Objection (Substantive) to Asbestos Property Damage Claims

| CODE | OBJECTION | BASIS OF OBJECTION |
|---|---|---|
| A-1 | Medical monitoring claims | Claim was filed on a customized property damage claim form, but in actuality is a medical monitoring claim and therefore was improperly filed. See Debtors' Fifteenth Omnibus Objection, p. 17. |
| A-2 | Asbestos Personal Injury Claims and ZAI Claims | Claim was filed on a customized property damage claim form, but in actuality is either an Asbestos Personal Injury claim or a Zonolite Attic Insulation claim, and was therefore improperly filed. Debtors request that this claim be disallowed without prejudice as requested in their objection. See Debtors' Fifteenth Omnibus Objection, p. 17. |
| A-3 | PD Claims not submitted on PD claim forms | Claim appears to assert a property damage claim but Court-approved customized property damage claim form was not submitted. Claim was filed on a Non-Asbestos Proof of Claim Form, Medical Monitoring Proof of Claim Form, or Official Claim Form 10. See Debtors' Fifteenth Omnibus Objection, pp. 17-18. |
| B-1 | Previously adjudicated claims | Claim was previously adjudicated and is barred by doctrine of res judicata. See Debtors' Fifteenth Omnibus Objection, pp. 18-19. |
| B-2 | Previously settled claims | Claim was previously settled and satisfied by the Debtors. See Debtors' Fifteenth Omnibus Objection, pp. 20-21. |
| C-1 (a) | Missing Basic Property Address Information | Claim fails to provide either the street address, city, or state where the property at issue is located. See Debtors' Fifteenth Omnibus Objection, p. 22. |
| C-1 (b) | No claimant signature | Claim was submitted without a signature. See Debtors' Fifteenth Omnibus Objection, p. 22. |
| C-1 (c) | Missing basic information about property at issue | Claim omits information about one or more of the following: (1) the property's use; (2) the approximate date that the property was built; (3) the property's approximate square footage; and/or (4) the property's number of floors. See Debtors' Fifteenth Omnibus Objection, p. 23. |
| C-1 (d) | Missing basic information about claimant's knowledge | Claim omits information regarding claimant's knowledge of: (1) the date of installation of the product; (2) the date the claimant learned that the product at issue contained asbestos; (3) the date the claimant learned of presence of asbestos on the property; and/or (4) prior asbestos-related lawsuits and/or claims. See Debtors' Fifteenth Omnibus Objection, p. 23. |
| C-1 (e) | Proofs of Claim Asserting Claims for Multiple Properties on a Single Proof of Claim | Claim was submitted for multiple properties, contrary to the requirement in Instruction 4 on the Proof of Claim that every claimant submit a separate Proof of Claim for each separate piece of real property. See Debtors' Fifteenth Omnibus Objection, p. 23-24. |

04_Ex C - Key to Summary Chart_(LEGAL_10741346_1).DOC

| CODE | OBJECTION | BASIS OF OBJECTION |
|------|-----------|--------------------|
| C-2 | Claims that did not attach requested documents | Claimant (1) indicated it had documentation relating to the purchase and/or installation of the product on the property but did not attach those documents or a summary of them; or (2) indicated it made an effort to remove, contain and/or abate the Grace product for which the claim is made but did not attach documents or a summary of them relating to such efforts; and/or (3) did not attach documents relating to the purchase and/or installation of the product on the property and did not attach documents relating or referring to the presence of asbestos on the property for which the claim is made.  See Debtors' Fifteenth Omnibus Objection, pp. 24-27. |
| C-3 (a) | Claims not supported by any product identification documentation and which (1) do not answer or, (2) provide a non-responsive answer to Question 3-C-13 | Claim fails to provide any product identification documentation and either does not answer Question 3-C-13 at all or else provides a non-responsive answer to that question.  See Debtors' Fifteenth Omnibus Objection, p. 28. |
| C-3 (b) | Claims not supported by any product identification documentation and in response to Question 3-C-13, name a product that was not manufactured by Grace | Claim fails to provide any supporting documentation regarding product identification and identifies a product not manufactured by Grace.  See Debtors' Fifteenth Omnibus Objection, p. 28. |
| C-3 (c) | Claims not supported by any product identification documentation and in response to Question 3-C-13, name a (1) generic substance; or (2) product or product line that was manufactured by Grace and other companies besides Grace | Claim fails to provide any supporting documentation regarding product identification and identifies a generic substance or product manufactured by Grace as well as other companies.  See Debtors' Fifteenth Omnibus Objection, p. 28. |
| C-3 (d) | Claims supplying documentation relating to product identification, but such documentation is insufficient to establish use of a Grace asbestos-containing product | Claim supplies documentation relating to product identification, but such documentation is insufficient to establish the use of a Grace asbestos-containing product.  See Debtors' Fifteenth Omnibus Objection, p. 29. |
| C-3 (e) | Claims that fail to provide any supporting documentation relating to product identification | Claim fails to provide any documents relating to product identification.  See Debtors' Fifteenth Omnibus Objection, p. 29. |
| C-3 (f) | Claims accompanied by bulk sampling data which is inconsistent, or which is insufficient to determine whether inconsistent, with a Grace product | Claim provides bulk sampling data the results of which are inconsistent, or which are insufficient to determine whether inconsistent, with a Grace product.  See Debtors' Fifteenth Omnibus Objection, p. 30. |
| C-4 | Claims accompanied by bulk sampling data which indicates presence of asbestos-containing products in addition to Grace product or which is insufficient to determine whether there are such additional non-Grace products | Claim provides bulk sampling data which indicates the presence of other asbestos-containing products in addition to a Grace product or which is insufficient to determine whether there are such additional non-Grace products; Grace is not liable for asbestos property damage caused by another's product.  See Debtors' Fifteenth Omnibus Objection, pp. 30-31. |

2

| CODE | OBJECTION | BASIS OF OBJECTION |
|---|---|---|
| D-1 (a) | MK-3 claims for buildings built after 1973 | Claim alleges presence of MK-3 when such product was not in use at the time the property at issue was constructed. See Debtors' Fifteenth Omnibus Objection, p. 32. |
| D-1 (b) | Acoustical plaster claims after 1969 | Claim alleges presence of acoustical plaster containing asbestos when such product generally was not sold by Grace at the time the building was constructed, with rare exceptions. See Debtors' Fifteenth Omnibus Objection, p. 32. |
| D-1 (c) | Acoustical plaster claims from buildings before 1969 | Claim alleges presence of Grace acoustical plaster which was likely replaced long ago. See Debtors' Fifteenth Omnibus Objection, p. 32. |
| D-2 | Claims barred by Statutes of Limitation (Constructive Notice) | Claim is barred because it was filed after the longest applicable Statute of Limitation, calculated from date of constructive notice. See Debtors' Fifteenth Omnibus Objection, pp. 32-34. |
| D-3 | Claims barred by assumption of risk | Claim is barred by assumption of risk; purchase date of property was after 1983. See Debtors' Fifteenth Omnibus Objection, pp. 34-35. |
| D-4 | Claims barred by Statutes of Limitation (Actual Notice) | Claim is barred because it was filed after the longest applicable Statute of Limitation, calculated from date of actual notice. See Debtors' Fifteenth Omnibus Objection, pp. 35-36. |
| D-5 | Claims barred by statutes of repose | Claim is barred because it was filed after the applicable Statute of Repose, calculated from the date of substantial completion or installation. See Debtors' Fifteenth Omnibus Objection, pp. 36-38. |
| D-6 | Claims barred by laches | Claim is barred by the doctrine of laches because the delay in bringing such claim has unreasonably prejudiced Grace. See Debtors' Fifteenth Omnibus Objection, pp. 38-39. |
| E-1 | Claims providing no measurement of relevant asbestos levels | Claim fails to provide air (or even irrelevant dust) sampling data reflecting the subject property's asbestos levels. See Debtors' Fifteenth Omnibus Objection, p. 39. |
| E-2 | Claims relying exclusively on irrelevant and scientifically unreliable dust sampling | Claim relies exclusively on dust sampling results, which are irrelevant and scientifically unreliable in establishing building asbestos levels. See Debtors' Fifteenth Omnibus Objection, pp. 40-41. |
| E-3 | Claims providing irrelevant air sampling data | Claim provides air sampling data but such data is related to abatement and/or other situations irrelevant to show risk during normal operations in a building. See Debtors' Fifteenth Omnibus Objection, p. 41. |
| E-4 | Claims providing air sampling data that support asbestos levels lower than or comparable to typical outdoor air | Claim provides air sampling data that supports asbestos levels lower than or comparable to typical outdoor air. See Debtors' Fifteenth Omnibus Objection, p. 42. |

3

| CODE | OBJECTION | BASIS OF OBJECTION |
|---|---|---|
| F-1 | California University Claims (Speights) | Claim (1) is barred by the applicable statute of limitation and the doctrine of laches; (2) fails to provide a valid product identification; (3) does not identify compensable property damage; and/or (4) was filed without any proper authorization.   See Debtors' Fifteenth Omnibus Objection, pp. 43-49. |
| F-2 | Claims asserting owner first learned of asbestos in 2003 (Speights) | Claim provides a date of knowledge that is suspect or inconsistent with either the supporting documentation or other representations in these cases.   See Debtors' Fifteenth Omnibus Objection, pp. 49-50. |
| F-3 | Mt. Sinai Hospital Claims (Speights) | Multiple claims all purported to be based upon a single, small-volume purchase evidenced by a single invoice.  See Debtors' Fifteenth Omnibus Objection, p. 51. |
| F-4 | Sonoma State College Claims (Speights) | Claim relies exclusively on a single bid sheet, which is inadequate to prove installation of a Grace product on the property. In addition, the claim fails to provide a valid product identification.  See Debtors' Fifteenth Omnibus Objection, p. 51. |
| F-5 | Canadian Claims (Speights) | Claim should be dismissed because (1) Canadian fault-based liability law does not allow for recovery under strict liability, (2) Canadian case law indicates that the claim would likely fail in a Canadian court, and (3) the claim is barred by an applicable statute of limitations.  See Debtors' Fifteenth Omnibus Objection, pp. 52-57. |
| G-1 | Minneapolis claims | One of several reasons, including one or more of the following: (1) claim asserts damages for "stigma," rather than any actual injury to property; (2) claim is for property that has already been remediated by the EPA; (3) claim is duplicative; (4) claim fails to establish property damage; and, or (5) Libby vermiculite, if present, presents no hazard.   See Debtors' Fifteenth Omnibus Objection, pp. 58-59. |
| G-2 | Libby, Montana claims | One of several reasons, including one or more of the following: (1) claim appears to only assert a Category II claim, but form does not properly identify nature of claim; (2) claim appears to assert a ZAI claim; (3) claim is for property that has been remediated by the EPA; (4) claim fails to establish the presence of vermiculite or asbestos on the property; and, or (5) Libby vermiculite, if present, presents no hazard.  See Debtors' Fifteenth Omnibus Objection, pp. 59-61. |
| G-3 | Other Category II claims | One of several reasons, including one or more of the following: (1) Claim fails to include adequate evidence of contamination; (2) claim indicates Category II claim, but irreconcilable incomplete; (3) claim for dust blown by "illegal alien"; (4) claim indicates Category II Claim, but actually asserts a Category I claim; (5) Claim indicates a Category II claim, but actually asserts a ZAI claim; (6) claim indicates a Category II claim, but actually asserts a Category II claim and a ZAI claim; or (7) Libby vermiculite, if present, presents no hazard.  See Debtors' Fifteenth Omnibus Objection, pp. 61-62. |

4

| CODE | OBJECTION | BASIS OF OBJECTION |
|------|-----------|--------------------|
| G-4 | Burlington Northern Claims | One of several reasons, including one or more of the following: (1) Libby vermiculite, if present, presents no hazard; (2) claim fails to establish site contamination, presence of or hazard from a Grace product with supporting documentation; and (3) ZAI claim that was improperly submitted on PD Claim Form.   See Debtors' Fifteenth Omnibus Objection, p. 62. |
| H-1 | Indemnity/Contribution Claims | Claim has not and cannot provide either a factual or a legal basis that would entitle claimant to recover from Debtors for asbestos property damage under any contribution or indemnification theory.   See Debtors' Fifteenth Omnibus Objection, p. 63. |
| | | |

## Note re "Building Name" column on the Summary Chart:

The Proof of Claim form did not ask Claimants to provide a building name. The "Building Name" column on the Summary Chart was populated in one of three ways: First, in some instances the Claimant provided a building name in response to the Proof of Claim's request for a building address. The "Building Name" column was populated by reference to the provided address information in such instances. Second, the Claimant name provided by the Claimant in some instances appears to also be a building name. The Debtors populated the "Building Name" column with the Claimant name where (a) no building name was provided as part of the address; and (b) the Claimant name appeared to also be a building name. Third, the Debtors' review of attached documents in some instances revealed a building name. In such instances, and where there was no other way to provide a building name, the Debtors populated the building name column by reference to attached documents. However, the Debtors' review process was not specifically designed to "pull out" building names from the attached documents, and the Debtors did not have sufficient time to perform a comprehensive review of all attached documents in order to do so before the September 26, 2005 deadline to file the Summary Chart and Key. Therefore, it is possible that some Proofs of Claim include attachments that indicate a building name but that the "Building Name" column for such claims on the Summary Chart are nonetheless blank.

5