# Exhibit 14

Westlaw.

579 S.E.2d 325                                                                                                          Page 1

353 S.C. 553, 579 S.E.2d 325, Prod.Liab.Rep. (CCH) P 16,598

**(Cite as: 353 S.C. 553, 579 S.E.2d 325)**

C
Supreme Court of South Carolina.
Robert FARMER and Harry Bell, on behalf of themselves and all others similarly situated, Respondents,
v.
MONSANTO CORPORATION, Delta and Pine Land Company, Helena Chemical Company, Mixon Seed Company, UAP/GA Ag Chem., Inc., and Paymaster Seed Company, Appellants.
No. 25617.

Heard Feb. 6, 2003.
Decided April 7, 2003.

Seed corporations appealed an order of the Circuit Court, Hampton County, Perry M. Buckner, J., striking their affirmative defense based on the door-closing statute to action brought by cotton farmers alleging that corporations sold defective cotton seed. The Supreme Court, Moore, J., in a matter of first impression, held that door-closing statute prevented nonresidents whose cause of action did not arise in state from joining class action against foreign corporation, overruling *Parsons v. Uniroyal-Goodrich Tire Corp.*, 313 S.C. 394, 438 S.E.2d 238; *Olson v. Lockwood Greene Engineers, Inc.*, 278 S.C. 67, 292 S.E.2d 186; *Cox v. Lunsford*, 272 S.C. 527, 252 S.E.2d 918; *Nix v. Mercury Motor Exp., Inc.*, 270 S.C. 477, 242 S.E.2d 683; *Builder Mart of America, Inc. v. First Union Corp.*, 349 S.C. 500, 563 S.E.2d 352; *Murphy v. Owens-Corning Fiberglas Corp.*, 346 S.C. 37, 550 S.E.2d 589; *Eagle v. Global Assoc.*, 292 S.C. 354, 356 S.E.2d 417.

Reversed in part, affirmed in part.

West Headnotes

[1] Courts ⚖6
106k6 Most Cited Cases

Door-closing statute preventing nonresidents from bringing an action against a foreign corporation unless cause of action arose in state, affected only a party's capacity to sue and not the subject matter jurisdiction of the trial court; overruling *Parsons v. Uniroyal-Goodrich Tire Corp.*, 313 S.C. 394, 438 S.E.2d 238; *Olson v. Lockwood Greene Engineers, Inc.*, 278 S.C. 67, 292 S.E.2d 186; *Cox v. Lunsford*, 272 S.C. 527, 252 S.E.2d 918; *Nix v. Mercury Motor Exp., Inc.*, 270 S.C. 477, 242 S.E.2d 683; *Builder Mart of America, Inc. v. First Union Corp.*, 349 S.C. 500, 563 S.E.2d 352; *Murphy v. Owens-Corning Fiberglas Corp.*, 346 S.C. 37, 550 S.E.2d 589; *Eagle v. Global Assoc.*, 292 S.C. 354, 356 S.E.2d 417. Code 1976, § 15-5-150.

[2] Courts ⚖4
106k4 Most Cited Cases
"Subject matter jurisdiction" is the power to hear and determine cases of the general class to which the proceedings in question belong.

[3] Parties ⚖35.71
287k35.71 Most Cited Cases
Door-closing statute prevented nonresidents whose cause of action did not arise in state from joining class action against foreign corporations who allegedly sold defective cotton seed; statute excluded class members who would otherwise have had no access to state courts via individual lawsuits. Code 1976, § 15-5-150.

[4] Parties ⚖35.61
287k35.61 Most Cited Cases
Policy objectives for door closing statute limiting the ability of nonresidents to bring actions against foreign corporations are equally applicable in the context of class actions: (1) it favors resident plaintiffs over nonresident plaintiffs; (2) it provides a forum for wrongs connected with the state while avoiding the resolution of wrongs in which the state has little interest; and (3) it encourages activity and investment within the state by foreign corporations

579 S.E.2d 325

Page 2

353 S.C. 553, 579 S.E.2d 325, Prod.Liab.Rep. (CCH) P 16,598

(Cite as: 353 S.C. 553, 579 S.E.2d 325)

without subjecting them to litigation unrelated to their activity within the state. Code 1976, § 15-5-150.

[5] Parties ⚖︎35.1
287k35.1 Most Cited Cases
From the state's perspective, the rationale for allowing a class action is to manage litigation involving numerous class members who would otherwise all have access to court via individual lawsuits.

**326 *555 Carl B. Epps, III, Christopher J. Daniels, Rachel A. Hedley, and C. Mitchell Brown, of Nelson Mullins Riley & Scarborough, L.L.P., of Columbia, for appellants Monsanto Company and UAP/Ag Chem., Inc.

M. Dawes Cooke, Jr., of Barnwell Whaley Patterson & Helms, L.L.C., of Charleston; and Stephen L. Thomas, of Bradley, Arant, Rose & White, L.L.P., of Jackson, Mississippi, for appellants Delta and Pine Land Co., Paymaster Seed Co., Helena Chemical Co., and Mixon Seed Co.

Daniel A. Speights, Marion C. Fairey, Jr., and Robert N. Hill, of Speights & Runyan, of Hampton; and John E. Parker, Mark D. Ball, Ronnie L. Crosby, of Peters, Murdaugh, Parker, Eltzroth & Detrick, P.A., of Hampton, for respondents.

Robert D. Moseley, Jr., of Leatherwood Walker Todd & Mann, P.C., of Greenville, for amicus curiae S.C. Chamber of Commerce.

**327 Ronald R. Norton, of Conway, for amicus curiae Washington Legal Foundation.

Chilton Davis Varner and Michelle Jerusalem Cole , of King & Spalding, of Atlanta, Georgia; Hugh F. Young, Jr., of Reston, Virginia; and Henry B. Smythe, Jr. and Julius H. Hines, of Buist, Moore, Smythe & McGee, P.A., of Charleston, for amicus curiae Product Liability Advisory Council, Inc.

Justice MOORE.

Appellants (Corporations) appeal an order striking their affirmative defenses based on the "door-closing" statute, S.C.Code Ann. § 15-5-150 (1976), and the statute of limitations. We reverse in part and affirm in part.

### FACTS

Respondents (Plaintiffs), who are South Carolina residents, commenced this action for actual and punitive damages allegedly resulting from the purchase of defective cotton seed. *556 Plaintiffs alleged they represented a class of "all cotton growers" who purchased the defective seed from Corporations.

Corporations, except Mixon Seed Company, are foreign corporations. They pled as an affirmative defense § 15-5-150 which provides:
  An action against a corporation created by or under the laws of any other state, government or country may be brought in the circuit court:
  (1) By any resident of this State for any cause of action; or
  (2) By a plaintiff not a resident of this State when the cause of action shall have arisen or the subject of the action shall be situated within this State.
Corporations claimed that under this section Plaintiffs' assertion of a potential nationwide class could not include nonresidents whose causes of action did not arise in South Carolina. Corporations also pled the statute of limitations as an affirmative defense.

Plaintiffs moved to strike these two defenses. They claimed the door-closing statute does not apply so long as the class representatives are South Carolina residents; further, they argued no statute of limitations barred the action. The trial judge granted Plaintiffs' motion and struck these two defenses from Corporations' answers. Corporations appeal.

### ISSUE

Does § 15-5-150 limit a class action against a foreign corporation in state court?

### DISCUSSION

[1] As an initial matter, we note the parties and the trial judge have framed the issue of the door-closing statute as one of subject matter jurisdiction as held

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

579 S.E.2d 325

Page 3

353 S.C. 553, 579 S.E.2d 325, Prod.Liab.Rep. (CCH) P 16,598

**(Cite as: 353 S.C. 553, 579 S.E.2d 325)**

previously by this Court. *See Parsons v. Uniroyal-Goodrich Tire Corp.,* 313 S.C. 394, 438 S.E.2d 238 (1993); *Olson v. Lockwood Greene Engineers, Inc.,* 278 S.C. 67, 292 S.E.2d 186 (1982) *overruled in part by Parsons, supra; Cox v. Lunsford,* 272 S.C. 527, 252 S.E.2d 918 (1979); *Nix v. Mercury Motor Exp., Inc.,* 270 S.C. 477, 242 S.E.2d 683 (1978); *see also Builder Mart of America, Inc. v. First Union Corp.,* 349 S.C. 500, 563 S.E.2d 352 (Ct.App.2002); *557 Murphy v. Owens-Corning Fiberglas Corp.,* 346 S.C. 37, 550 S.E.2d 589 (Ct.App.2002); *Eagle v. Global Assoc.,* 292 S.C. 354, 356 S.E.2d 417 (Ct.App.1987). Because § 15-5-150 does not involve subject matter jurisdiction but rather determines the capacity of a party to sue, we overrule these cases to the extent they hold otherwise.

[2] Subject matter jurisdiction is the power to hear and determine cases of the general class to which the proceedings in question belong. *Dove v. Gold Kist, Inc.,* 314 S.C. 235, 237-238, 442 S.E.2d 598, 600 (1994). Section 15-5-150 does not affect the circuit court's power to hear any general class of proceedings. We have specifically held that another door-closing statute, S.C.Code Ann. § 33-15-102 (1990), [FN1] affects only a party's capacity to sue and not the subject matter jurisdiction of the circuit court. **328*Chet Adams Co. v. James F. Pedersen Co.,* 307 S.C. 33, 413 S.E.2d 827 (1992). Similarly, § 15-5-150 does not affect subject matter jurisdiction.

> FN1. This section restricts the right of a foreign corporation to sue in the courts of this State until the corporation has obtained a certificate of authority.

[3] On the merits, the trial judge held the door-closing statute does not apply as a matter of law because the *representatives* of the class are South Carolina residents. Corporations contend this was error because the class itself cannot include members who would not be able to bring the action in their individual capacities under the door-closing statute. We agree.

Whether the door-closing statute limits the members of a class action is a novel question. [FN2] The federal case relied upon by the trial judge and Plaintiffs, *Central Wesleyan College v. Kaiser Gypsum Co.,* 6 F.3d 177 (4th Cir.1993), is not controlling. In that case, the plaintiff, a South Carolina college, commenced an action in federal court seeking compensation for asbestos removal. The district court conditionally certified *558 a nationwide class of all colleges and universities that had suffered property damage from asbestos removal. On appeal, the Fourth Circuit summarily held that federal policy in favor of consolidating asbestos litigation pre-empted our State door-closing statute and § 15-5-150 was not a bar to class certification. 6 F.3d at 186. By its terms, however, § 15-5-150 applies only to actions brought in the *circuit court.* The statute clearly does not apply to federal suits and the Fourth Circuit's ruling on its non-application in that case is irrelevant.

> FN2. We find the wrongful death cases cited by Corporations inapposite. In a wrongful death action, the representative plaintiff's capacity is derived from the decedent's; in a class action, the representative's capacity does not derive from the class members but rather is representational capacity based on commonality. *See* Rule 23(a), SCRCP (class action rule).

Section 15-5-150 was enacted in 1870. Historically, cases involving early class actions held that a class was proper only if composed of plaintiffs who could properly be joined as parties to the action. *See Faber v. Faber,* 76 S.C. 156, 56 S.E. 677 (1907). This early joinder rule would have limited class members to those who had the capacity to sue individually, supporting the conclusion the legislature intended § 15-5-150 to limit class membership to those who had capacity under its terms.

[4] Public policy supports this view of legislative intent. We have previously recognized three important objectives of the door-closing statute: 1) it favors resident plaintiffs over nonresident plaintiffs; 2) it provides a forum for wrongs

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

579 S.E.2d 325

Page 4

353 S.C. 553, 579 S.E.2d 325, Prod.Liab.Rep. (CCH) P 16,598

**(Cite as: 353 S.C. 553, 579 S.E.2d 325)**

connected with the State while avoiding the resolution of wrongs in which the State has little interest; and 3) it encourages activity and investment within the State by foreign corporations without subjecting them to litigation unrelated to their activity within the State. *Rosenthal v. Unarco Ind., Inc.,* 278 S.C. 420, 297 S.E.2d 638 (1982). These policy objectives are equally applicable in the context of class actions.

[5] From the State's perspective, the rationale for allowing a class action is "to manage litigation involving numerous class members *who would otherwise all have access to court via individual lawsuits.*" *Worth v. City of Rogers,* 89 S.W.3d 875, 879 (Ark.2002) (emphasis added). Limiting the class to members who qualify under § 15-5-150 simply excludes class members who would otherwise have no access to our courts via individual lawsuits. Further, the State's interest in limiting suits against foreign corporations outweighs the interest of the few South Carolina plaintiffs seeking to represent nationwide classes.

*559 In conclusion, we hold § 15-5-150 controls the eligibility of class members in a class action where the defendant is a foreign corporation. Accordingly, we reverse the trial court's order striking this affirmative defense.

In light of our conclusion that the class may include only those eligible under § 15-5-150, the applicable statute of limitations is under South Carolina law. Counsel for Corporations conceded during argument on the motion to strike that our statute of limitations does not bar the suit. The trial court's ruling striking the statute of limitations as a defense is therefore affirmed.

**329 REVERSED IN PART; AFFIRMED IN PART.**

TOAL, C.J., WALLER, BURNETT and PLEICONES, JJ., concur.

353 S.C. 553, 579 S.E.2d 325, Prod.Liab.Rep. (CCH) P 16,598

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.