# Exhibit 18

SENT BY:OFFICE OF GEN. COUNSEL; 9-29- 5 ;    7:50 ;                    GRACE→        312 861 2200 5;# 2/ 4



# State of South Carolina
# The Circuit Court of the Sixteenth Judicial Circuit

JOHN C. HAYES, III
JUDGE

MOSS JUSTICE CENTER, 2ND FLOOR
1675-1 N. YORK HIGHWAY
YORK, SOUTH CAROLINA 29745-7434
(803) 628-3047
FAX: (803) 628-3055

May 7, 2001

Mr. Daniel Speights, Esquire
SPEIGHTS & RUNYAN, P.A.
Post Office Box 685
Hampton, SC 29924

RE:    Anderson Memorial Hospital
        vs.
        W. R. Grace & Company, et al.
        C.A. #92-CP-25-279

Dear Dan:

Please draw an Order for my review granting Plaintiff's motion for class certification as requested. The Order should specifically state that the Order affects only the three remaining Defendants, due to the stay as to W. R. Grace. Please tailor the Order in conformity with Plaintiff's brief and reply brief. I believe the pertinent issues are dealt with fully and appropriately therein.

Since the remaining Defendants have withdrawn their arguments as to SPEIGHTS & RUNYAN's adequacy as class counsel, I prefer not to address the specific allegations raised. I do want to address the issue generally, since it was raised; lengthy testimony and briefs have addressed it, and I want it to be clear that I find absolutely no merit to the argument that SPEIGHTS & RUNYAN would not be adequate class counsel for the plaintiff class in this action. I could easily address and with specificity dismiss the grounds raised on this issue, as I had reached my conclusion on this issue prior to the Grace stay. My concerns in elaborating on this issue at this time are, one, it is moot as to the remaining defendants; second, since it would solely be an issue viable as to Grace, it, but for the stay, I am not sure but that my Order may run afoul of the stay if I make a finding and ruling pertaining solely to a Grace-raised issue. However, I do feel that I need to find affirmatively on the adequacy issue, since this is arguably a necessary prerequisite to a class action pursuant to Rule 23(a)(4), SCRCP.

Mr. Daniel Speights, Esquire
May 7, 2001
Page Two

First, I find the class is so numerous that joinder of all parties is impractical. Rule 23(a)(1), SCRCP. I base this finding on the potential number of class members. I do not find that the class members could not be individually identified and joined nor that the class may fluctuate to the extent that it would be impossible to individually join all class members (See Section I, Plaintiff's Omnibus Reply).

Second, I find there are questions of law <u>and</u> fact common to the class (Rule 23(a)(2), SCRCP (<u>and</u> is underlined to emphasize I find both even though the rule only requires a commonality of questions of law <u>or</u> fact). Plaintiff's arguments present an appropriate basis for inclusion in the Order in support of this finding. My review of the parties briefs and cited cases lead me to conclude that, as Plaintiff observed, "Typicality and commonality... tend to merge." I find that Plaintiff's arguments support both commonality under 23(a)(2) and typicality under 23(a)(3).

Third, as touched on above, I find Anderson's claim typical of the class claims (Rule 23(a)(3). Again, I like Plaintiff's treatment of this issue and the Order should be tailored on this issue to the Plaintiff's argument. I think the quote from <u>Valentino</u> in the Reply, citing <u>Schools</u>, at page 13 of the Reply is a ringing note on this issue. The effect of asbestos in different buildings would appear to the Court to be typically the same, while the effect on different people is rather diverse.

Fourth, skipping to Rule 23(a)(5), the amount in controversy as to each member of the class being in excess of one hundred dollars appears not to be in dispute. Common knowledge, let alone knowledge the undersigned has gained as a legislator, school boards attorney, city attorney, attorney and judge, is that asbestos removal and repair occasioned thereby require enormous expenditures by owners of affected buildings.

Fifth, Anderson's and its counsel's ability and commitment to fairly and adequately protect the class is clear. Anderson, throughout these proceedings has recognized its position in this matter and its duty as a class representative. Plaintiff's argument is an appropriate disposition of this issue as to Anderson.

As to SPEIGHTS & RUNYAN, the Order is to reflect that the Court is fully convinced of the firm's adequacy to prosecute Anderson's and the class's claims against the Defendants herein. As noted above, the Court is reluctant to in detail address the specific issues raised and pursued prior to Grace's bankruptcy. In brief, I find the overwhelming testimony of imminent members of the South Carolina Bar alone persuasive. Judge Sanders, Attorney Pope, and Professor Freeman are each personally known by the Court. Each's reputation and credibility are impeccable. Each's opinion is highly valued by the undersigned, and unlike the opinions presented by the witnesses for the defense, each opinion has a sound bottom. Each fully considered the allegations lodged against SPEIGHTS & RUNYAN. Each reviewed pertinent documentation issued and concerns in the context in which they arose. The witnesses testifying in opposition to counsel's adequacy did so with their guns not fully loaded and only half-cocked. The Court puts no credence on the assessments and

Daniel Speights, Esquire
May 7, 2001
Page Three

opinions of the Defense adequacy witnesses and finds them ill-equipped to help the Court to any degree on any issue they addressed. The record controverts all of these witnesses' attacks on SPEIGHTS & RUNYAN. The Order should, as to counsel's adequacy, follow in general its language addressing this issue as set forth herein and at pages 87-88 of Anderson's Reply.

Yours very truly,

John C. Hayes, III

JCH/pkb

cc:    Timothy W. Bouch, Esquire
       Steven W. Ouzts, Esquire
       Bruce E. Miller, Esquire
       Donald A. Cockrill, Esquire
       Linda Martin Barber, Esquire