IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al. | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket No. 9302** |
| | ) | |

**DEBTORS' PRELIMINARY WITNESS DISCLOSURE
FOR ASBESTOS PD ESTIMATION PHASE II**

In accordance with this Court's August 29, 2005 Case Management Order for the Estimation of Asbestos Property Damage Liabilities (the "PD Estimation CMO"), Docket No. 9302, the Debtors hereby submit their preliminary witness disclosures for the Phase II property damage estimation. This disclosure is divided into three parts. *First*, the Debtors list the fact witnesses that they anticipate calling to testify at the Phase II trial live or by deposition, along with the subject(s) on which those witnesses are expected to testify. *Second*, the Debtors list the expert witnesses that they have retained to provide trial testimony in Phase II, the nature of their expertise, and the currently anticipated subject(s) of their testimony. *Third*, the Debtors identify other types of expert witnesses that they have not yet retained to testify in Phase II, but anticipate they may retain in the future, to provide trial testimony.

In addition to the witnesses listed below, the Debtors reserve the right to call to testify at the Phase II trial: (1) any fact or expert witness listed on any other party's Phase II witness disclosure; (2) any claimant who submitted a property damage claim, as well as any

person that signed any property damage claim form, to testify regarding the facts surrounding the claims(s) that they submitted and/or signed; and (3) any fact or expert witnesses the Debtors will identify on October 17, 2005 in accordance with the PD Estimation CMO to testify in Estimation Phase I, to address any Phase I issues that may still remain as of the Phase II trial.[1] In addition, the Debtors continue to analyze the thousands of PD claims submitted in these Chapter 11 cases and reserve the right to supplement this disclosure with additional fact and expert witnesses that may be needed to address Estimation Phase II issues raised by those claims.

## I. Fact Witnesses

1. **James Cintani.** James Cintani is a former Grace employee. He will describe relevant Grace products generally, including but not limited to (i) the application and uses of the products; (ii) the history of the products; and (iii) the reformulation of the products. He will also testify on issues related to product identification. Contact information: c/o Michael T. Dierkes, Kirkland & Ellis LLP, 200 East Randolph Drive, Chicago, IL 60601, 312-861-2353.

2. **Thomas F. Egan.** Thomas Egan is a former Grace employee. He will describe relevant Grace products generally, including but not limited to (i) the application and uses of the products; (ii) the history of the products; and (iii) the reformulation of the products. He will also testify on issues related to product identification. Contact information: c/o Michael T. Dierkes, Kirkland & Ellis LLP\, 200 East Randolph Drive, Chicago, IL 60601, 312-861-2353.

---

[1] The Debtors believe that the Phase I issues (constructive notice and dust sampling methodology) can and should be resolved during Phase I and will *not* remain as open issues by the Phase II hearing. The Debtors recognize, however, that the PD Committee is still trying to avoid the Phase I process. To the extent the PD Committee, over the Debtors' opposition, is successful in deferring any Phase I issues to Phase II, the Debtors would call their Phase I witnesses to testify at Phase II. These Phase I disclosures are not due until October 17, 2005.

3.  **Daniel A. Speights.** Daniel Speights of Speights & Runyan, Attorneys at Law, will be called to testify regarding property damage claims submitted in the Debtors' Chapter 11 cases by the Speights & Runyan firm (to the extent that any of those claims still remain at the time of the Phase II trial), including but not limited to testimony regarding any statement(s) made in those claims and their supporting materials.  Contact information: Speights & Runyan, 200 Jackson Avenue East, P.O. Box 685, Hampton, South Carolina 29924, 803-943-4444.

4.  **Amanda G. Steinmeyer.** Amanda Steinmeyer, a former Speights & Runyan attorney, will be called to testify regarding property damage claims submitted in the Debtors' Chapter 11 cases by the Speights & Runyan firm (to the extent that any of those claims still remain at the time of the Phase II trial), including but not limited to testimony regarding any statement(s) made in those claims and their supporting materials.  Contact information: Hammer Hammer & Potterfield, P.O. Box 1421, Columbia, South Carolina  29202, 803-799-8600.

## II.   Retained Expert Witnesses

5.  **Morton Corn, Ph.D.** Dr. Corn is an environmental health engineer and industrial hygienist.  He holds a Ph.D. in industrial hygiene from Harvard University and is a professor emeritus in the Department of Environmental Health Sciences at Johns Hopkins University.  Between October 1975 and January 1977, he served as Assistant Secretary of Labor for Occupational Safety and Health.  In that capacity, he served as head of the Occupational Safety and Health Administration (OSHA).  He has received many awards during his career, including the Cummings Award, which is given once a year by the American Industrial Hygiene Association for the most outstanding contribution in the field of industrial hygiene.  Dr. Corn

may testify about the current and historical standards, policies, and regulations applicable to asbestos and asbestos-containing products. He may explain the various methods and technologies for measuring asbestos in the air and may render an opinion as to asbestos levels in buildings. In addition, Dr. Corn may testify about assessing the risk to building occupants, maintenance workers, custodians, and others of exposure to asbestos-containing materials in buildings. Dr. Corn may also comment on the issue of quantitative risk assessment and explain how government regulators have calculated theoretical risks for exposure to low levels of asbestos concentrations. He may opine that such calculated theoretical risks can best be understood when compared to other risks commonly experienced. He may give an opinion about any alleged release of asbestos fibers from asbestos-containing materials and the potential for reentrainment of particles from surfaces. He may also give an opinion about the maintenance of asbestos-containing materials under operations and maintenance plans, and the necessity or lack of necessity for removal or enclosure of asbestos-containing materials in buildings. Finally, he may also be expected to give testimony consistent with or analogous to the substance of the testimony given in previous property damage cases prosecuted by Martin Dies, Edward Westbrook and Daniel Speights on behalf of PD claimants.

6.  **William G. Hughson, M.D., D. Phil.** Dr. Hughson is a medical doctor and epidemiologist with extensive expertise in the evaluation and treatment of patients who have been exposed to asbestos. He holds an M.D. from the University of Calgary and a Ph.D. in epidemiology from Oxford University, where he was a Rhodes Scholar. He is Board Certified by the American College of Physicians in internal medicine and pulmonary medicine, and is Board Certified by the American Board of Preventive Medicine in occupational medicine. Dr.

Hughson is currently Director of the Center of Occupational & Environmental Medicine and Clinical Professor of Medicine at the University of California. Dr. Hughson's testimony will address the relationship between asbestos exposure and disease. Dr. Hughson will describe, based on his clinical experience as well as the scientific literature, the nature and magnitude of the risk of disease from exposure to asbestos in buildings. He will explain how dose, fiber type, and fiber size affect the risk of disease and will address the linear no-threshold hypothesis. He will discuss epidemiological and other studies of the risk of disease from asbestos exposure. Finally, he may also be expected to give testimony consistent with or analogous to the substance of the testimony given in previous property damage cases prosecuted by Martin Dies, Edward Westbrook and Daniel Speights on behalf of PD claimants.

7. **Richard Lee, Ph.D.** Dr. Lee is a microscopist, material analyst, and theoretical physicist with expertise in the constituent analysis of asbestos samples and the measurement and analysis of asbestos levels. He earned a Ph.D. in solid state physics from Colorado State University, and held positions as a physics professor at Purdue University and a research scientist at United States Steel Company before starting RJ Lee Group, a firm that provides research, analytical, and consulting services relating to material characterization. Dr. Lee's testimony will cover the techniques regarding the collection, analysis, and measurement of asbestos levels in buildings, and the development of scientific knowledge on the same. He may discuss the standards and regulations governing asbestos in air, and the levels of asbestos in buildings and the ambient air. He may testify regarding product identification through the use of bulk sampling, including the analytical techniques involved and the interpretation of data obtained. He may also testify regarding soil sampling for asbestos, including but not limited to

sampling methods and analytical techniques. Finally, he may also be expected to give testimony consistent with or analogous to the substance of the testimony given in previous property damage cases prosecuted by Martin Dies, Edward Westbrook and Daniel Speights on behalf of PD claimants.

8. **Roger G. Morse, A.I.A.** Roger Morse is an architect with expertise in asbestos evaluation and control. He earned his degree in architecture from Rensselaer Polytechnic Institute and is licensed to practice architecture in ten states and the District of Columbia. He has received specialized training in asbestos and has served on several professional committees and panels concerned with asbestos issues. He is currently President of Morse Zehnter Associates, a firm that provides consulting services in the fields of architecture, indoor air quality, forensic investigations, and environmental issues in buildings, including specific services relative to asbestos. Mr. Morse may give an opinion about the maintenance of asbestos-containing materials under operations and maintenance plans, and the necessity or lack of necessity for removal or enclosure of asbestos-containing materials in buildings. He may address the techniques regarding the collection, analysis, and measurement of asbestos levels in buildings, and the development of scientific knowledge on the same. He may discuss the standards and regulations governing asbestos in air, and the levels of asbestos in buildings and the ambient air. Mr. Morse may opine on the state-of-the-art of architects' knowledge concerning the use of asbestos in building products. He may describe the development, use, and characteristics of asbestos-containing materials in building construction, including the cost-saving aspects thereof and comparisons to alternative construction methods. He will also testify about the valuation of property damage claims. Finally, he may also be expected to give

testimony consistent with or analogous to the substance of the testimony given in previous property damage cases prosecuted by Martin Dies, Edward Westbrook and Daniel Speights on behalf of PD claimants.

9. **Thomas B. Florence, Ph.D.** Dr. Florence is president of APRC, a research and consulting firm. Dr. Florence has expertise in assessing liabilities, including asbestos liabilities. He will address the valuation and estimation of Grace's liabilities arising from the asbestos property damage claims made against Grace.

### III. Other Potential Expert Witnesses

10. **Expert(s) on Canadian Law.** The Debtors may call on expert(s) on Canadian law to address the likelihood of success on the merits of pending Canadian claims when adjudicated in Canada.

11. **Expert(s) on California University Claims.** The Debtors may call on expert(s) to testify about the nature, extent, and timing of California State University's and the University of California's knowledge of asbestos-related issues, to the extent these California claims remain at the time of the Phase II trial.

12. **Expert(s) on Category II Claims.** The Debtors may call on expert(s) to address the merits and valuation of Category II property damage claims, including but not limited to (a) whether the properties identified are hazardous and/or require remediation and (b) the costs of remediation efforts and/or the impact on property values for the Category II properties identified.

7

13. **Expert(s) on Valuation of Claims.** The Debtors may call on additional expert(s) to testify regarding the valuation of Category I property damage claims, including but not limited to the costs of abatement, and/or the costs of an operations or maintenance program.

14. **Expert(s) on Risk Assessment.** The Debtors may call on additional expert(s) to address whether Category I or Category II claims pose a risk such that they require remediation.

*[Remainder of Page Left Intentionally Blank]*

15. **Expert(s) on Construction and Renovation Work.** The Debtors may call on additional expert(s) to testify on issues relating to construction and renovation work in the buildings at issue and to testify concerning the relationship of these activities to asbestos containing materials in buildings.

Dated: October 3, 2005

        KIRKLAND & ELLIS LLP
        David M. Bernick, P.C.
        Michelle H. Browdy
        Janet S. Baer
        200 East Randolph Drive
        Chicago, Illinois 60601
        (312) 861-2000

        and

        PACHULSKI, STANG, ZIEHL, YOUNG, JONES
        & WEINTRAUB, PC

        /s/ James E. O'Neill
        Laura Davis Jones (Bar No. 2436)
        James E. O'Neill (Bar No. 4042)
        919 North Market Street, 16th Floor
        P.O. Box 8705
        Wilmington, DE 19899-8705
        (302) 652-4100

        Co-Counsel for the Debtors and Debtors in Possession