UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
|    W.R. GRACE & CO., <u>et al.</u>, | : | |
| | : | |
| | : | Case No.: 01-01139 JKF |
| | : | |
|    Debtors. | : | (Jointly Administered) |

**RESPONSE OF STEELER, INC. TO DEBTORS' FIFTEENTH OMNIBUS SUBSTANTIVE OBJECTION TO CLAIM NO. 4697, FILED BY STEELER, INC. PURSUANT TO SECTIONS 105 AND 502(B) OF THE BANKRUPTCY CODE AND <u>RULES 3001 AND 3007 OF THE FEDERAL RULES OF BANKRUPTCY</u>**

Steeler, Inc. ("Steeler"), hereby responds as follows to the above-referenced Debtors' (the "Debtors") Substantive Objection to Claim No.4697 filed against W.R. Grace & Co., <u>et. al.</u> (the "Debtor"), in Case No. 01-01139 (JKF) (the "Claim Objection"):

1.  On April 2, 2001 (the "Petition Date"), W.R. Grace & Co. and its affiliated debtors and debtors in possession (collectively, the "Debtors") commenced the instant proceedings by filing voluntary petitions for relief under Chapter 11 of title 11 of the United States Bankruptcy Code with the Clerk of the this Court. On the Petition Date, the Court entered an order authorizing the joint administration of these cases for procedural purposes.

2.  On or about March 14, 2003, Steeler, Inc. filed a Proof of Claim against the Debtor. (the "Claim"). A copy of the proof of claim is attached hereto as Exhibit A.

3.  On or about July 5, 2005, Steeler, Inc. supplemented its original Proof of Claim with documentation specifying the liquidated amount of that claim as $63,421.38 (the "Supplemented Claim"). A Copy of the supplement is attached hereto as Exhibit B.

4. The basis for Steeler's claim, which undoubtedly makes it unique from many of the other creditors asserting asbestos-related claims is that Steeler purchased a building from the Debtors which the EPA later identified as a Superfund Site because the Debtors used the property to store their vermiculite product. Steeler's claim does not involve any speculation as to where the asbestos came from or whether the level of asbestos was sufficient to warrant a claim. The asbestos was placed in the building by the Debtors and the EPA already determined that the levels of asbestos were too high.

5. On September 1, 2005, Debtors, through their attorney, filed an Objection to Steeler, Inc.'s claim on several basis including; insufficient documentation to establish use of Debtors' products, inadequate evidence of contamination and/or failed to provide air (or even irrelevant dust) sampling data reflecting the subject property's asbestos levels, the claim is barred by the running of the Statutes of Limitation (both Constructive and Actual Notice), and the claim is barred by laches.

6. Debtors have not specifically identified the date by which Steeler, Inc. failed to provide Debtors with actual and/or constructive notice, thereby filing the claim after the completion of the Statute of Limitations. It is to be noted that the Debtors filed for bankruptcy in April 2001, but, as evidenced in Steeler's supplement to its proof of claim, the clean-up of Steeler's site did not begin until 2002 when the automatic stay was in effect and any statute of limitations would have tolled as of the Petition Date. The Debtors' bold assertion that the Statute of Limitations have run or that laches should apply is entirely inappropriate.

7. Steeler, Inc. has provided adequate evidence of the presence of Debtors' produce on Steeler, Inc.'s property in Steeler's July 5, 2005 supplement to the original proof of claim. This documentation represents the amount incurred by the Environmental Protection Agency

(EPA) to clean-up the Steeler, Inc. Superfund Site in Newmark, California, the TRC billed and prorated to Steeler, Inc. for Steeler's share of the clean-up of several properties contaminated by W.R. Grace Company's activities, the amount paid by Karcher Environmental for worked performed by Steeler, Inc., and the actual cost for employees and material to perform the clean-up at the jobsite.

8. Steeler, Inc.'s proper filing of a Proof of Claim constitutes *prima facie* evidence of its validity and amount. See Federal Rules of Bankruptcy Procedure 3001(f).

9. With respect to their objection, Debtors bear the burden of introducing evidence sufficient to rebut the presumption that Steeler, Inc.'s Proof of Claim is valid. "Such evidence must be sufficient to demonstrate a true dispute and must have probative force equal to the contents of the claim." 9 Collier on Bankruptcy ¶ 3001.09[2], at 3001-27 (15th ed.).

10. The Debtor's Claim Objection fails to overcome the presumption of the validity of Steeler, Inc.'s Proof of Claim. No supporting documentation or records are attached to the Claim Objection. Thus, the Debtor has failed to provide evidence in support of the Claim Objection with "probative force equal to the contents of the claim." Id.

10. Accordingly, the Court should overrule the Claim Objection.

**WHEREFORE**, Steeler, Inc. respectfully requests that the Court enter an order denying the relief sought by the Debtors and sustaining Steeler, Inc.'s claim against Debtors in the amount of $63,421.38.

Date: October 6, 2005

ELZUFON AUSTIN REARDON TARLOV
& MONDELL, P.A.

*/s/ Charles J. Brown, III Esq.*
   Charles J. Brown, III Esq. (No. 3368)
   Elzufon, Austin, Reardon, Tarlov
   & Mondell, P.A.
   300 Delaware Avenue
   Suite 1700
   Wilmington, DE 19801
   (302) 428-3181

Attorney for Steeler, Inc.

**CERTIFICATE OF SERVICE**

  I, Charles J. Brown, III, hereby certify that I caused a copy of the foregoing document to be served upon the following parties.

Katherine Phillips
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, Illinois 60601

David W. Carickhoff, Jr.
Pachulski, Stang, Ziehl, Young, Jones & Weintraub, P.C.
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

  I certify the foregoing to be true and correct under the penalty of perjury.

Dated: October 6, 2005              */s/ Charles J. Brown, III*
                        Charles J. Brown, III