IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | ) | **Chapter 11** |
| | ) | |
| W. R. Grace & Co., et al.[1], | ) | **Case No. 01-01139 (JKF)** |
| | ) | **(Jointly Administered)** |
| Debtors. | ) | |
| | ) | Re: Docket No. 9311 |
| | ) | |
| | ) | Hearing Date: October 24, 2005 @ 12:00 pm |
| | ) | |

## RESPONSE OF SPEIGHTS & RUNYAN TO DEBTORS' THIRTEENTH OMNIBUS OBJECTION

Speights & Runyan, on behalf of Anderson Memorial Hospital, the Board of Regents for the University of California, the California State University System, Pacific Freeholds and all other claimants on whose behalf the firm of Speights & Runyan filed claims, respectfully submits this response to the Debtors' Thirteenth Omnibus Objection.

1. At the August 29, 2005 Omnibus hearing, this Court granted, at least in part, the Debtors' motion for a limited waiver from Del. Bankr. Local Rule 3007-1 and granted leave

---

[1] The Debtors consist of the following 62 entities: W. R Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-I Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Ins., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgracc, Inc., Coalgracc II, Ins., Creative Food `N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp, Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B 11 Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe. Inc., Grace H-G Inc., Grace H-G II Inc,, Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Ins., MICA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Curving, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

for the Debtor to file its Thirteenth Omnibus Objection which challenged the authority of Speights & Runyan to file over 2,600 then pending claims in this Bankruptcy proceeding.[2] In addition, the Court ordered that prior to September 23, 2005, Speights & Runyan was to provide lists of claims to the debtor, and to produce any document or portion of any document that Speights & Runyan would assert provided it with express written authority to file the claim.

2. On September 21 and 22, 2003, Speights & Runyan provided the Debtors counsel with eight lists, seven of which had been Ordered by this Court. These lists categorize claims in the manner specified by the Court. The lists identified:

>a. 237 claims that had been withdrawn prior to the filing of the Debtors' Thirteenth Omnibus Objection (Exhibit 1);
>
>b. 22 additional claims to be withdrawn at the request of Speights & Runyan (Exhibit 2);
>
>c. 651 claims for which the only authority Speights & Runyan claimed was through Anderson Memorial Hospital as the putative class representative of the case styled Anderson Memorial Hospital v. W. R. Grace & Co., 92-CP-25-279 (Court of Common Pleas, Hampton, SC, filed December 23, 1992) (Exhibit 3);
>
>d. 52 South Carolina claims for which the only authority Speights & Runyan asserted was through Anderson Memorial Hospital as the class representative of the class actually certified against Grace on March 9, 2001 (Exhibit 4);

---

[2] Prior to the Debtors filing any objection, Speights & Runyan, pursuant to Fed. Bankr. Rule 3006, withdrew approximately 229 proofs of claim as a matter of right. The 8 others have been recognized by the court as withdrawn and have been expunged.

2

    e. 1923 claims for which Speights & Runyan has received express written authority from the claimants (Exhibit 5);

In addition, Speights & Runyan provided two lists which broke down these claims into 1111 claims for which Speights & Runyan has submitted evidence that the claimant's building contained an asbestos-containing product manufactured or sold by the Debtors (Exhibit 6) and 1553 claims for buildings containing asbestos materials, but for which there was no evidence that these materials were manufactured or sold by the Debtors (Exhibit 7). Speights & Runyan also produced an eighth list which identified 36 claims for property damage claimants that Speights & Runyan has historically represented and currently represents in other asbestos bankruptcies, but for which Speights & Runyan does not have a specific written authorization for this bankruptcy. (Exhibit 8). Finally, Speights & Runyan produced 746 pages of documents evidencing the written authority for Exhibit 5.

  4. At the Court's September 26, 2005 Omnibus Hearing, the Court set a Case Management Order for the resolution of the Debtors' Thirteenth Omnibus Objections to the claimants represented by Speights & Runyan. The CMO set a hearing and briefing schedule for the first three groups of authority objections and provided that additional groups of objections could be scheduled and briefed for future Omnibus hearings in accordance with this Court's prior scheduling and management orders. The Debtors' filed their initial brief on September 30, 2005. Speights & Runyan's responsive brief to the first three groups of claims is due October 21, 2005.

  5. As will be more specifically set forth in Speights & Runyan's forthcoming responsive briefs, the Debtor's authority objections are without merit. Speights & Runyan has produced copies of its fee contracts and express written authorizations for almost 2000 claimants. For example, the Debtors' have been provided with specific documentary

evidence including, most recently, client declarations supporting Speights & Runyan's authority to file over 1,200 claims on behalf of the California State University system and the Board of Reagents for the University of California. (See, Exhibit 9).

6. For the remaining 703 claimants, Speights & Runyan was authorized as class counsel for the class representative of a putative and a certified asbestos property damage class action that was pending against the W. R. Grace up to and until the Debtors filed their bankruptcy petition. See, In re: American Reserve Corp., 840 F.2d 487 (7th Cir.1988) (holding that the representative in a class action is the "agent for the missing" and that as the putative agent, is authorized to file proofs of claim on behalf of absent class members in bankruptcy proceedings); In re: Birting Fisheries, Inc. 92 F3d 939 (9th Cir.1996) (adopting the reasoning of In re: American Reserve); In re: Charter Co., 876 F.2d 866 (11th Cir.1989) ("We hold that a proof of claim filed on behalf of a class of claimants is valid"); In re: Trebol Motors Dist. Corp., 220 B.R. 500 (BAP 1st Cir.1998) ("We believe that Rule 9010, [Fed. R. Bankr. P.] provides ample basis for our holding that an attorney representing a creditor can execute a proof of claim on behalf of a class action creditor"); In re: Kaiser Group International, Inc., 278 B.R. 58 (D.Del.2002) (Walrath, J.) ("The vast majority of courts conclude that class proofs of claim are permissible in a bankruptcy proceeding").

7. Additionally, and as is specifically recognized by the Third Circuit and the Supreme Court of South Carolina, Anderson as class representative and Speights & Runyan as class counsel owe a fiduciary obligation to both putative and certified class members. In re: General Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig., 55 F.3d 768, 822 (3d Cir.1995); Dondore v. NGK Metals Corp., 152 F.Supp.2d 662 (E.D.Pa.2001); Premium Investments v. Green, 283 S.C. 464, 470, 324 S.E.2d 72, 76 (1984). It is hornbook law that

> a class representative acts as the principal to the other class members and owes them a fiduciary duty to vigorously protect their interests. That responsibility clearly

4

encompasses the duty to act affirmatively to secure the class members' rights as well as to oppose the adverse interests asserted by others.

Am.Jur.2d *Parties*, §70; see also, City of Rochester v. Chiarella, 65 N.Y.2d 92 (1985). Accordingly, when the Debtors' excused themselves from nine years of contentious and hard fought class litigation in South Carolina by filing for bankruptcy protection, Anderson and Speights & Runyan were compelled by their respective fiduciary obligations to attempt to preserve the claims of absent class members against the Debtor.

WHEREFORE, as stated herein and as will be more specifically stated in Speights & Runyan's forthcoming briefs pursuant to this Court's CMO, the Debtors' Thirteenth Omnibus Objections are without merit and should be denied.

DATED: October 7, 2005

_____
Christopher D. Loizides (No. 3968)
Michael J. Joyce (No. 4563)
LOIZIDES & ASSOCIATES
1225 King Street, Suite 800
Wilmington, DE 19801
Telephone:    (302) 654-0248
Facsimile:    (302) 654-0728
E-mail:       loizides@loizides.com

-- and --

Daniel A. Speights (SC Fed. ID No. 4252)
Marion C. Fairey, Jr. (SC Fed. ID No. 6101)
SPEIGHTS & RUNYAN
200 Jackson Avenue, East
P.O. Box 685
Hampton, SC 29924
Telephone:    (803) 943-4444
Facsimile:    (803) 943-4599

5