# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 ) |
| W. R. GRACE & CO., et al., | ) Case No. 01-01139 (JKF) ) |
| Debtors | ) (Jointly Administered) ) |
| | ) Response Deadline: 10/24/05 @ 4:00 p.m. |
| | ) Reply Deadline: 10/31/05 |
| | ) Sur-Reply Deadline: 11/4/05 @ 4:00 pm |
| | ) Hearing Date: 11/14/05 at 12:00 p.m. |

**Claim Nos. 9570 & 15247**

### RESPONSE OF LOS ANGELES UNIFIED SCHOOL DISTRICT TO DEBTORS' FIFTEENTH OMNIBUS OBJECTION (SUBSTANTIVE) TO ASBESTOS PROPERTY DAMAGE CLAIMS [D.I. #9315]

The Los Angeles Unified School District ("LAUSD" or "the District"), through its undersigned counsel, responds to the Debtors' Fifteenth Omnibus Objection (Substantive) to Asbestos Property Damage Claims (the "Objection"), as follows:

### BACKGROUND

1.  On April 2, 2001, (the "Petition Date"), Debtors, filed a voluntary petition for protection under Chapter 11 of the Bankruptcy Code. Debtors have continued in the operation of their business and the possession of their property as debtors-in-possession under Sections 1107 and 1108 of the Bankruptcy Code.

2.  On September 1, 2005, the Debtors filed the Objection which seeks to disallow and expunge two claims filed by LAUSD: Claim No. 15247 (filed March 28, 2003 against W.R. Grace & Co.) and Claim No. 9570 (filed March 28, 2003 against W.R. Grace & Co.-Conn.).

The two claims, filed on the "Grace Non-Asbestos Proof of Claim Form" are identical and assert the District's claim in the bankruptcy for $1,900,000.00.

3. The District's claims against the Debtors arise from a Settlement Agreement and Release dated May 14, 1993, between LAUSD, W.R. Grace & Co. – Conn and W.R. Grace & Co. (collectively "Grace") by which the District and Grace settled LAUSD's asbestos property damage lawsuit then pending in the Los Angeles Superior Court, State of California, Case No. C440317.[1] As a result of the settlement, LAUSD dismissed its asbestos property damage suit against the Debtors in 1993, with prejudice. The Settlement Agreement and Release and Confidential Addendum (the "Settlement Agreement and Release") was attached to both proofs of claim filed on March 28, 2003.[2]

4. In return for the District's dismissal of its lawsuit, the Settlement Agreement and Release calls for Grace to make payments to LAUSD in five installments due on May 20, 1993; May 10, 1995; May 10, 1997; May 10, 1989; and May 10, 2001. All payments, except for the final payment in the amount of $1,900,000.00 due on May 10, 2001, were timely made by Grace to the District, pursuant to the contract terms. As stated above, Grace's Petition Date was April 2, 2001, just weeks before the final payment was due to be made to LAUSD pursuant to the parties' contract.

**THE OBJECTION**

5. Grace now objects to LAUSD's Claim No. 15247, without explanation, on several grounds. The Debtors object to Claim No. 15247 on the following grounds: (1) the claim is missing basic information about the property at issue and the claimant (Exhibit C-1(c) and C-1(d)); (2) the claim fails to provide product identification (Exhibit C-3(a) and C-3(e)); (3) statute

---

[1] The District's asbestos property damage lawsuit against Grace originally was filed in February 1982.
[2] A copy of the Agreement has not been attached due to confidentiality reasons. However, a copy will be produced to the Court if needed.

of limitations (constructive notice) (Exhibit D-2); (4) laches (Exhibit D-6); and (5) the claim does not provide measurement of relevant asbestos levels (Exhibit E-1). As to laches, the reason for the proposed disallowance is that the District's "delay" in bringing its claim has unreasonably prejudiced Grace and thus bars the District's claim in bankruptcy.

6. With respect to LAUSD's Claim No. 9570, Grace objects on the grounds that LAUSD's claim fails to provide documentation sufficient to establish use of a Grace asbestos-containing product (Exhibit C-3(d) to the Objection), the grounds of statute of limitations (constructive notice) (Exhibit D-2 to the Objection) without any further explanation, and on the grounds of laches (Exhibit D-6 to the Objection). The Objection also asserts that the claim is missing basic information about the property at issue and the claimant (Exhibit C-1(c) and C-1(d)); and that the claim does not provide measurement of relevant asbestos levels (Exhibit E-1). As to laches, the reason for the proposed disallowance is again that LAUSD's "delay" in bringing its claim has unreasonably prejudiced Grace and thus bars the District's claim in bankruptcy.

7. On September 20, 2005, upon receiving the Debtors' Objection, LAUSD's California counsel, Robins, Kaplan Miller & Ciresi LLP, wrote to Debtors' counsel, advising them that: (1) LAUSD did not have an asbestos property damage claim against Grace; (2) that the District's claim was for the final contract payment owed under the 1993 contract; and (3) asking for an explanation of the legal grounds asserted against the District's claim since it did not appear that any of the asserted objections had merit. A copy of the Letter is attached hereto as Exhibit A. Counsel also placed phone calls to Debtors' counsel seeking the same information. To date, Debtors' counsel has failed to respond to any of the District's inquiries, thus forcing LAUSD to file this response in order to protect its rights.

## ARGUMENT

### A. LAUSD Provided Sufficient Documentation to Support its Claims

8. Grace's objection that the District did not provide sufficient documentation to establish that Grace's asbestos-containing products were used at LAUSD buildings is irrelevant and without merit. LAUSD does not have a pending and unresolved asbestos property damage claim against Grace; it has a contract claim. LAUSD did not file its claims using an asbestos property damage proof of claim form; its claims were filed on the non-asbestos proof of claim form. LAUSD dismissed all of its asbestos property damage claims against Grace in 1993. The settlement was reached just prior to the start of trial in Los Angeles County Superior Court. LAUSD dismissed its lawsuit and all of its asbestos-property damage claims, known or unknown, against Grace in reliance on Grace's agreement to settle the case for the amount and in the manner stated.

### B. Debtors' Claims Based on Statute of Limitations and Laches are Without Merit

9. The Debtors' objections to LAUSD's claims based on the statute of limitations (constructive notice) and laches are equally without merit. Until it filed bankruptcy in April 2001, Grace met all of its payment obligations under the parties' contract and was fully aware of its contractual obligations. Grace did not default on its payment obligations prior to filing bankruptcy. No "prejudice" has resulted to Grace as the result of any inaction on the part of LAUSD. The District did not "delay" in asserting its claim; the District had no claim to assert prior to the filing of bankruptcy. Thereafter, LAUSD timely filed its Proof of Claim in compliance with this court's order.[3]

---

[3] In the LAUSD California case, the manufacturers' statute of limitations defense was bifurcated and tried to verdict during the mid-1980s and LAUSD prevailed. That ruling has never been appealed, so there is no underlying statute of limitations argument against the original 1982 claim, much less the 2003 bankruptcy claim.

10. Furthermore, on May 6, 2005, Debtors' counsel wrote to LAUSD's California counsel confirming their knowledge of the District's pre-bankruptcy settlement agreement and advising LAUSD that it intended to disclose the settlement agreement to the Asbestos Property Damage Committee in connection with joint ongoing attempts to estimate the value of currently pending asbestos property damage claims asserted against Grace. The District did not object to the disclosure. A copy of the Letter is attached hereto as Exhibit B.

11. Finally, the parties' 1993 contract expressly provides at Paragraph 14, page 15:

> **14.    Failure or Delay Not a Waiver**
>
> No failure or delay on the part of either party to exercise any right hereunder, nor any other indulgence of such party, shall operate as a waiver of any rights hereunder, nor shall any single exercise by either party of any right hereunder preclude any other or further exercise thereof. The rights and remedies herein provided are cumulative and not exclusive of any rights or remedies provided by law.

12. Accordingly, the Debtors' objections based on statute of limitations and laches are completely without merit.

## C.    The Claims are *Prime Facie* Correct

13. Section 101 of the Code defines a "claim " as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured...." Congress intended that the term be given the broadest available definition. In Re: Udell, 18 F.3d 403 (7th Cir. 1994).

14. Section 502(a) and Rule 3001(f) provide that a properly filed proof of claim (like the District's) is *prima facie* evidence of the validity of the claim unless a party in interest objects. If there is an objection, the Debtors must introduce evidence as to the invalidity of the claim and the claimant need offer no proof of the merits of the claim. The objecting party bears

the burden of going forward with evidence concerning the validity and amount of the claim. In Re: Allegheny Int'l Inc., 954 F.2d 167 (3rd Cir. 1992). In short, it is not sufficient that Debtors object generally to a claim. The Debtors must affirmatively establish with evidence that the *prima facie* claim is invalid.

15. The Objection merely includes general and vague objections to the claims. Moreover, the Debtors have offered no evidence to disallow and expunge the claims. As such, the Objection fails to establish the necessary evidence to invalidate the claims and should therefore be overruled.

16. More particularly though, in the present case, LAUSD provided documentation to the objecting parties with the claims and again informally well in advance of the deadline and to further put the estate on notice of the claims. As such, LAUSD has complied with its obligation to provide notice of the claims in a timely manner therefore, its claims are *prima facie* valid and should be allowed in full.

## D.   **LAUSD is Entitled to Attorney Fees and Costs**

17. LAUSD is entitled to its attorney fees and costs incurred in the preparation of this response. Paragraph 17 of the Settlement Agreement and Release provides for an award of attorney fees and costs in connection with any dispute or breach of the agreement.

18. As evidenced above, the Debtors' Objection is without merit. Furthermore, LAUSD attempted to contact the Debtors both in writing and by phone to address the Objection. The Debtors never responded, thus necessitating this Response. In consideration of the above, LAUSD should be awarded its attorney fees and costs incurred with preparing and defending its Response to the Objection.

WHEREFORE, LAUSD respectfully prays for this Court to enter an Order overruling the Debtors' Objection to LAUSD's Claims No. 15247 and 9570, allowing the claims in full, awarding LAUSD attorney fees and costs incurred in responding to the Objection, and granting such other and further relief as it deems just and proper.

Dated: October 7, 2005                    Respectfully submitted,


/s/ William F. Taylor, Jr.
William F. Taylor, Jr. (DE # 2936)
Katharine L. Mayer (DE # 3758)
MCCARTER & ENGLISH, LLP
P.O Box 111
919 North Market Street
18th Floor
Wilmington, DE 19899
(302) 984-6300 (phone)
(302) 984-6399 (facsimile)
wtaylor@mccarter.com
kmayer@mccarter.com

-and-

Bernice Conn, Esquire
Roman M. Silberfeld, Esquire
Robins, Kaplan, Miller & Ciresi LLP
Suite 3700
2049 Century Park East
Los Angeles, CA 90067-3211
(310) 552-0130 (phone)
(310) 229-5800 (facsimile)