IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| **W. R. GRACE & CO.,** *et al.*, ) | Case No. 01-01139 (JKF) |
| ) | (Jointly Administered) |
| Debtors. ) | |
| ) | **Rel. Doc. 9382** |

**RESPONSE OF CERTAIN LAW FIRMS TO DEBTORS' EMERGENCY MOTION
FOR LEAVE TO TAKE DISCOVERY OF CLAIMANTS' ATTORNEYS**

Campbell-Cherry-Harrison-Davis-Dove, P.C. ("Campbell Cherry"), Robins, Cloud, Greenwood & Lubel ("Robins Cloud") and The Eaves Law Firm ("Eaves," and collectively with Campbell Cherry and Robins Cloud, the "Law Firms"), by their attorneys, respectfully respond to the Debtors' Emergency Motion For Leave To Take Discovery of Claimants' Attorneys (the "Motion," Dkt. No. 9382) and ask this Court to deny the Motion.

In recognition of the unique issues presented by asbestos bankruptcy cases, Congress enacted 11U.S.C. § 524(g). Congress, however, has never altered the discovery provisions of the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure (the "Discovery Rules") to accommodate the unique issues presented in asbestos bankruptcies. Nonetheless, the Debtors in their Motion ask this Court to take an unprecedented step, and to override Congress by altering the Discovery Rules. In place of the procedural safeguards that are embedded in the Discovery Rules, the Debtors ask this court to require all attorneys who have ever represented an asbestos claimant to complete a lengthy questionnaire (22 questions) that requires disclosure of all direct and indirect financial and social relationships between the law firm, its present or former members or employees, and other law firms that represent asbestos victims, doctors who diagnose asbestos disease, and doctors and technicians who perform or interpret diagnostic procedures. Even more astonishing, in place of the remedial

safeguards of the Discovery Rules, the Debtors ask this Court to attach criminal liability under 18 U.S.C. § 152 to any failure by a law firm to accurately respond to the Debtors' questionnaire. A grand jury may have been convened and a Congressional hearing may be pending regarding abuses in the tort system, but these Debtors are not federal prosecutors and this Court is not Congress. Evidence these Debtors may need to prepare for the hearing to estimate the magnitude of present and future asbestos claims must be obtained in accordance with the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure. This Court should decline the Debtors' invitation to rewrite those rules.

### A.     The Debtors Are Only Entitled To Discovery Under Rules 7026-7037.

1.     The Debtors claim that they are seeking this discovery by questionnaire for use in the estimation hearing, a contested matter governed by Fed.R.Bankr.P. 9014. Rule 9014 directs that discovery must be conducted pursuant to Fed.R.Bankr.P. 7026 – 7037, which incorporate the discovery rules of the Federal Rules of Civil Procedure. In a contested matter governed by Rule 9014, discovery can only be had in accordance with the safeguards of the Federal Rules of Civil Procedure. *In re Bennet Funding Group, Inc.*, 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996).

2.     The Debtors claim that their unusual discovery request is made pursuant to Fed.R.Bankr.P. 7026(b)(1) and 9014. Motion at p. 15. Rule 7026(b)(1), though, only defines the scope of discovery to include any relevant, non-privileged matter. Fed.R.Bankr.P. 7026(b)(1). In contrast, Rule 7026(a)(5) identifies the five exclusive methods a party may use to discover relevant, non-privileged matter: depositions, written interrogatories, production of documents or things, physical and mental examinations, and requests for admissions. Fed.R.Bankr.P. 7026(a)(5). Moreover, although a party may take the deposition of any person, a party may only

serve interrogatories, document requests, requests for physical or mental examinations or requests for admissions on other parties. *See* Fed.R.Bankr.P. 7030, 7033, 7034, 7035, 7036.

3. Not surprisingly, no rule authorizes a party to obtain discovery from a non-party through a written questionnaire. Although the Debtors' innovative approach may simplify the Debtors' discovery efforts, it deprives non-parties of the procedural safeguards embedded in the Discovery Rules. As non-parties, discovery from the Law Firms is limited to depositions and production requests pursuant to subpoena issued from the District Court in which the deposition is to be taken. Fed.R.Bankr.P. 9016. Rule 9016 also provides a procedural means by which a subpoenaed deponent may protect itself. A person served with a subpoena may move the court that issued the subpoena to quash or modify the subpoena if it fails to allow reasonable time for compliance, requires a non-party to travel more than 100 miles, requires disclosure of privileged or other protected matter, or subjects a person to undue burden. Fed.R.Bankr.P. 9016(c)(3). By asking this Court to pre-approve discovery, the Debtors would circumvent the explicit provisions of the Discovery Rules and would eviscerate the right of each Law Firm to seek protection from the courts to avoid disclosure of privileged matters and to prevent abuse and harassment.

4. The Debtors' propose to require innumerable non-parties to comply with a questionnaire that imposes different burdens and raises different relevancy and privilege issues for each Law Firm. While the questionnaire approach may ease the Debtors' discovery burdens, each Law Firm would be deprived of its right to be protected from abusive or otherwise inappropriate discovery tactics. The discovery rules for non-parties require the issuance of a deposition subpoena and the opportunity to have a court decide, on a case by case basis, whether to quash or modify the subpoena. The Debtors ask this Court to decide individual issues of relevancy, privilege and burdensomeness for hundreds of non-parties with one stroke of the pen.

The Discovery Rules are to be followed, not ignored, because to do otherwise exceeds this Court's authority and deprives non-parties of procedural safeguards.

### B. Rule 7037 Provides The Exclusive Sanctions For Discovery Failures.

5. The Debtors' questionnaire approach not only deprives non-parties of their rights, but elevates non-compliance to a federal crime. The proposed questionnaire states: "The penalty for presenting a fraudulent Questionnaire is a fine of up to $500,000 or imprisonment for up to five years, or both. 18 U.S.C. §§ 152 & 3571." Exhibit A to Motion, at p.2 (bottom). Congress has not made it a federal bankruptcy crime to fail to respond to discovery, or to provide false or misleading disclosure in response to discovery. Instead, Congress provided for discovery sanctions in accordance with Rule 7037 of the Federal Rules of Bankruptcy Procedure. Non-compliance or misleading compliance can result in sanctions and costs, but cannot lead to fines and imprisonment. Fed.R.Bankr.P. 7037. This Court simply has no authority to make new law as to what constitutes criminal behavior.

### C. The Debtors' Discovery Request Is For Illegitimate Purposes.

6. The Debtors claim that the discovery sought by use of this innovative questionnaire is "designed to ensure disclosure of matters and evidence that are necessary to the Court's estimation of personal injury asbestos claims." Motion at p.1. However, the questionnaire on its face states to the contrary. In small print, on the bottom of page two, the questionnaire discloses that, "This Questionnaire is an official court document that may be used as evidence in any legal proceeding regarding your client's claim." Exhibit A to Motion at p. 2 (bottom). In reality, the Debtors are asking this Court to condone unauthorized discovery practices and bless an "official court document" for the sole purpose of obtaining evidence to later dispute individual claims.

7.  The Debtors' true intent is further evidenced by the fact that the information sought from the Law Firms in the questionnaire is not necessary to the claims estimation hearing. The Debtors recite to this Court a litany of alleged practices between lawyers and medical professionals that may have led in the past to the filing of inadequately supported asbestos claims. The existence of relationships between lawyers and medical professionals sought in the questionnaire, however, is not relevant to the validity of any particular claims, past, present or future.

**REMAINDER OF PAGE INTENTIONALLY LEFT BLANK**

## Conclusion

The primary focus of a chapter 11 debtor should be to build consensus among its creditor constituencies, formulate a plan of reorganization and exit bankruptcy. Instead, these Debtors want to be deputized as federal investigators and to join the crusade to "unravel the web of relationships, transactions and incentives that have fueled the filing of junk asbestos claims." Motion at p.1. They invite this Court not only to join with them, but to facilitate the crusade by ignoring the rules of procedure, unilaterally creating new rules, and, in the process, trampling on the rights and remedies that underlie our judicial system. The role of this Court is to enforce the law and the rules. For all the foregoing reasons, this Court should deny the Debtors' request to legislate and authorize the unorthodox use of a subversive questionnaire.

Dated: October __, 2005

**LANDIS RATH & COBB LLP**

By: _____
Adam G. Landis (I.D. No. 3407)
919 Market Street, Suite 600
Wilmington, DE 19801
Tel: 302-467-4400
Fax: 302-467-4450

and

Frances Gecker (IL ARDC # 6198450)
Joseph D. Frank (IL ARDC # 6216085)
**FRANK/GECKER LLP**
325 North LaSalle Street, Suite 625
Chicago, Illinois 60610
Tel: (312) 276-1400
Fax: (312) 276-0035

Counsel to Campbell-Cherry-Harrison-Davis-Dove, P.C.; Robins, Cloud, Greenwood & Lubel; and The Eaves Law Firm