# EXHIBIT C

1285

```
1        UNITED STATES DISTRICT COURT
         FOR THE DISTRICT OF DELAWARE
2
_____
3  In re: Federal Mogul Global,et al.,
       Debtors.
4  _____
   THE OFFICIAL COMMITTEE OF        Chapter 11
5  ASBESTOS CLAIMANTS and ERIC D.    Jointly Administered
   GREEN, as the LEGAL              Bankruptcy
6  REPRESENTATIVE FOR FUTURE        No.01-10578(RTL)
   ASBESTOS CLAIMANTS,
7                    Case No. 05-00059(JHR)
       Plaintiffs,
8
       -vs-
9
   ASBESTOS PROPERTY DAMAGE
10 COMMITTEE,

11     Defendant.
_____
12

13    Mitchell H. Cohen United States Courthouse
      One John F. Gerry Plaza
14    Camden, New Jersey 08101
      July 14, 2005
15

16 B E F O R E:    THE HONORABLE JOSEPH H. RODRIGUEZ
                   UNITED STATES DISTRICT JUDGE
17

18

19 A P P E A R A N C E S:

20 CAMPBELL & LEVINE, LLC
   BY: MARLA R. ESKIN, ESQUIRE
21     KATHLEEN J. CAMPBELL, ESQUIRE

22     -and-

23 CAPLIN & DRYSDALE, CHARTERED
   BY: ELIHU INSELBUCH, ESQUIRE
24     NATHAN FINCH, ESQUIRE
       DANIELLE K. GRAHAM, ESQUIRE
25     -and-
```

United States District Court

Camden, New Jersey

1372

1 the process, disclosure statement had been filed and approved

2 and that a confirmation hearing was on the horizon, and it

3 wasn't fair under the circumstances to bring this motion at

4 that time to delay a confirmation hearing. Well, that was

5 nine months ago, it was before Judge Lyons' decision. We

6 still don't have a confirmation hearing scheduled for this

7 case. I don't think anyone would stand before you and argue

8 that this plan is not going to be amended before we get to a

9 confirmation hearing. There's no confirmation hearing

10 scheduled. There's no confirmation hearing on the horizon.

11      So I would argue to your Honor that the reasoning that

12 it was only too late to justify a delay in the proceedings to

13 require that these people file proofs of claim, that reasoning

14 doesn't apply any longer because we don't know when a

15 confirmation hearing will happen in this case at this point of

16 the proceeding.

17      Secondly, the fact sheet that we suggested, and that

18 Judge Lyons denied, is precisely the type of fact sheet that

19 Judge Jack required in her MDL silica cases in Corpus Christi,

20 and it was as a result of the fact sheets that the defense

21 lawyers were able to obtain the discovery that gave rise to

22 her decision. They were able to look at the fact sheets and

23 see who were the doctors, who were the x-ray technicians, they

24 were able to take that information and go back and compare it

25 against the same information of the Johns-Manville trust, they

United States District Court

Camden, New Jersey

1373

1 were able to identify from the information that she required

2 to be filed in her cases that they were, what she refers to as

3 retreads, people who had filed asbestos cases, collected on

4 them, and four years later came in with the same x-rays and

5 are filing silicosis cases.

6        THE COURT: Did she determine the value of the

7 individual cases?

8        MR. KESSLER: No. The decision was a decision that

9 was rendered on a motion to remand. The cases came -- the

10 cases were filed in state court and were removed to her court

11 and there were motions to remand. And she took all this

12 discovery and conducted all these hearings in connection with

13 motions to remand.

14        THE COURT: It wasn't an estimation hearing?

15        MR. KESSLER: Oh, no, it has nothing to do with the

16 bankruptcy.

17        THE COURT: All right.

18        MR. KESSLER: So --

19        THE COURT: Wouldn't it be at some point an

20 estimation hearing, as completed here, when applicants try to

21 get payment from the fund, there be some analysis of the

22 legitimacy of their claims?

23        MR. KESSLER: That's the point that I raised in my

24 opening statement, your Honor. If you estimate these claims

25 at 10 billion dollars when, indeed, there are only 5 billion

        United States District Court

            Camden, New Jersey

1374

1 dollars of legitimate claims and the 5 billion in legitimate

2 claims comes out years from now when these people start

3 bringing their claims before the trustee of the trust and he

4 starts questioning them and he starts asking more questions

5 about their x-rays and the condition and so forth and it turns

6 out 30 years from now that your Honor's estimate of 10 billion

7 dollars was double what the actual estimate is, it's only 5

8 billion dollars. What will happen is that the value that went

9 into that trust will give those people two times what we

10 estimated they would get. We estimated that they would have a

11 billion dollars of equity in the trust to divide among 10

12 billion dollars in claims so they would get 10 cents on the

13 dollar. And based on that estimate, you're going to get,

14 whoever confirms the plan as written, is going to give

15 Property Damage 10 cents on the dollar and it's going to give

16 other unsecured creditors 10 cents on the dollar. But if what

17 turns out 20 years from now is that the proved claims only are

18 5 billion dollars, they will end up getting 20 cents on the

19 dollar and we will get 10 cents on the dollar because it's too

20 late to come back to your Honor and say you made a mistake,

21 you estimated 10 billion and it turned out to be only 5

22 billion. That's why it's so important today we get an

23 estimate that's reasonable, not precise, not exact, and not an

24 estimate that estimates the claim of any individual.

25      So you asked the question what are we going to do with

United States District Court

Camden, New Jersey

1375

1 the information that we might get out of discovery from Judge

2 Jack. Are we going to apply it to each individual claim? Of

3 course not. We can't do that. We don't know yet what every

4 individual claim will be unless your Honor allows us to put in

5 place a bar date motion and make them file a claim.

6     THE COURT: Shouldn't you readdress the bar date to

7 Judge Lyons who denied it the first time?

8     MR. KESSLER: We might.

9     THE COURT: Let me ask you this again, because this

10 floats around a little bit too, you say it would be unfair if

11 we overestimated and it was only so much of a claim instead of

12 getting 10 cents on a dollar, they get 20 cents. If an

13 injured person is legitimately entitled to a dollar, are you

14 being unfair instead of giving him 10 cents, you give him 20

15 cents?

16     MR. KESSLER: Well, you're being unfair in the

17 bankruptcy process, because the bankruptcy process treats all

18 unsecured creditors alike. It's a fact of life that we're in

19 bankruptcy and there's not enough value in this company to pay

20 all unsecured creditors in full so we have to take the limited

21 value of the company and spread it.

22     THE COURT: That's true. No injured person is going

23 to get a windfall. They may have get a little more than they

24 would have gotten before but there's no windfall because

25 there's no way he can even equal the amount of damage that he

United States District Court

Camden, New Jersey

1428

1 motion is almost, I won't say frivolous, but it is lacking, it

2 completely lacks merit, and their criticisms of Dr. Peterson

3 as to the value aren't even very good criticisms from the

4 point of view of weighing his testimony and, therefore, I

5 would suggest that you, A, deny Daubert motion and, B, heavily

6 credit Dr. Peterson's testimony in this case.

7        That concludes our closing, your Honor, and we thank

8 you for the Court's attention.

9        THE COURT:  Thank you.

10        Well, counsel, I think from what we've heard here

11 today that it's my intention to essentially close the record,

12 taking certainly into consideration all the discussion that

13 we've heard here this afternoon.  Some of it went outside the

14 record that we technically had, but I think it's contained

15 within whatever consideration the Court will give it in the

16 arguments that we heard here this afternoon. So that for my

17 purpose, the record is closed.

18        I think we can say, based on what we've heard here

19 today, that the Daubert motion will be denied.  I think in

20 keeping with my discussion of it earlier that whatever

21 consideration is given to the testimony will be analyzed under

22 the weight of the evidence and certainly not to the

23 admissibility or to the exclusion of the evidence.

24        To the extent that I was asked to interfere with

25 Judge Lyons' decision on the bar date, I think that has to be

        United States District Court

            Camden, New Jersey

1429

1  left to Judge Lyons. I will not be involved in that in

2  arriving at my opinion as to what the estimation should be.

3        With respect to the notice of the Official Committee

4  of Asbestos Property Damage Claimants pursuant to Federal Rule

5  of Bankruptcy Procedure 9023 for a new trial, reopening of the

6  record or reopening for discovery with respect to the basis

7  for nonmalignant asbestos personal injury claims against T&N,

8  Ltd., the discussion we heard here this afternoon I think

9  sufficiently addressed what my concerns would be with respect

10  to this motion and my opinion will be that this motion will be

11  denied. Number one, I don't believe that from what we heard

12  here today that there is anything that can come close to being

13  newly discovered evidence. I think the issues have been in

14  the public forum for quite some time now. The question of Dr.

15  Herron even was addressed specifically within the contours of

16  our case. And in order to have some fidelity to what trials

17  are about, we have to confine ourselves to the actual

18  testimony that was presented at our trial, which essentially

19  must rely upon the testimony of the sworn witnesses that were

20  here and subject to cross-examination, and the exhibits that

21  have been received in evidence.

22        Now, where does that put this issue of Judge Jack?  I

23  think whatever consideration the Court would give that, it

24  would be within the countors of the discussion that we had

25  here this afternoon, but it would be not my intention to delay

United States District Court

Camden, New Jersey

1430

1 arriving at some determination as to the estimation that I

2 think is my primary responsibility at this time.

3      So to be clear, for my purpose, the record is closed.

4 The exhibits will be considered. The documents that have been

5 filed in the course of the litigation will be considered.

6 And, obviously, the discussion we had here this afternoon will

7 be seriously considered in arriving at our determination

8      Now that we've said that, where does that leave us with

9 an additional responsibility for me before arriving at our

10 opinion? There are no other issues outstanding for me

11      MR. STROCHAK: If I could just ask for a point of

12 clarification, your Honor. When you say the record is closed,

13 we did request to put in papers in response to the papers that

14 were recently submitted by the Committee. Were you -- was it

15 your intention to preclude that at this point? I didn't quite

16 understand.

17      THE COURT: Well, I had understood from your comments

18 earlier that it would just be to more clearly amplify what

19 you've said today but not to open new areas of debate.

20      MR. STROCHAK: No, your Honor, that's correct. It

21 would be simply in the same nature of what they submitted,

22 that is, in summary format to respond to their proposed

23 findings.

24      THE COURT: If you want to summarize in paper what

25 you've said here this afternoon, go ahead and do that. But I

United States District Court

Camden, New Jersey