# **Exhibit A**

Affidavit of Disinterestedness

THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**AFFIDAVIT OF MICHAEL CONSTANTINO IN SUPPORT OF DEBTORS'
APPLICATION FOR AUTHORIZATION TO RETAIN
BEAR, STEARNS & CO. INC. AS FINANCIAL ADVISOR FOR LIMITED PURPOSE**

| | | |
|---|---|---|
| STATE OF NEW YORK | ) | |
| | ) | ss. |
| COUNTY OF NEW YORK | ) | |

MICHAEL CONSTANTINO, being duly sworn, deposes and says:

1. I am a Managing Director of Bear Stearns & Co. Inc. ("Bear Stearns"), a worldwide investment banking, securities trading and brokerage firm that maintains its worldwide headquarters at 383 Madison Avenue New York, New York 10179. I make this affidavit (the "Affidavit") on behalf of Bear Stearns, and submit this Affidavit in support of the application (the "Application") of the debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") for an order

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

authorizing the retention of Bear Stearns as financial advisor to the Debtors solely in connection with the proposed acquisition (the "Transaction") of a specialty chemicals business (the "Target Business"). Except as otherwise noted, I have personal knowledge or have relied upon the knowledge of others employed by Bear Stearns with respect to the matters set forth herein.

## Bear Stearns' Qualifications

2. Founded in 1923, Bear Stearns is a leading investment banking, securities trading and brokerage firm, and a major subsidiary of The Bear Stearns Companies Inc. (NYSE: BSC). With approximately $49.4 billion in total capital, Bear Stearns serves governments, corporations, institutions and individuals worldwide. The company's business includes corporate finance and mergers and acquisitions, institutional equities and fixed income sales and trading, securities research, private client services, derivatives, foreign exchange and futures sales and trading, asset management and custody services. Bear Stearns Securities Corp., an affiliate of Bear Stearns, offers financing, securities lending, clearing and technology solutions to hedge funds, broker-dealers and investment advisors. Headquartered in New York City, Bear Stearns has approximately 11,000 employees worldwide.

3. Bear Stearns is recognized for its expertise in providing financial advisory services in acquisitions. Bear Stearns maintains a focused approach in the industries in which it has developed extensive knowledge and expertise, including in the chemical industry.

4. Furthermore, in the restructuring context, Bear Stearns has acted as financial advisor to financially troubled companies, their investors, and buyers of distressed assets by structuring asset sales and restructurings both outside of bankruptcy, and in bankruptcy pursuant to section 363 of the Bankruptcy Code and under plans of reorganization. Bear Stearns has also acted as underwriter in providing financing to fund plans of reorganization, purchases of

distressed assets, and out-of-court reorganizations. Some current and recent restructuring advisory assignments for Bear Stearns include: Adelphia Communications Corp., aaiPharma, Inc., Nextwave Telecom, Inc., IWO Holdings, Nextel International, Proxim Communications, Revlon, Andersen Worldwide, Iusacell, American Cellular, and iPCS.

5. The Bear Stearns professionals anticipated to work on this assignment have previously worked on many merger and acquisition transactions, advising both buyers and sellers, and have experience working with companies in distressed situations. Selected current and previous merger and acquisition advisory assignments in which these Bear Stearns professionals have participated include Albermarle Corporation's acquisition of the refinery catalyst business of Akzo Nobel N.V., Great Lake Chemical Corporation's sale of WIL Research Laboratories, Inc., the acquisition of CTB International Inc. by Berkshire Hathaway, Cambrex Corporation's acquisition of BioScience Contract Production Corp.

6. Bear Stearns has become thoroughly familiar with the Debtors' operations that are implicated by the Transaction, and is well qualified to efficiently represent the Debtors as financial advisors in connection with such matters.

## Disinterestedness of Professionals

7. In connection with its retention by the Debtors, Bear Stearns has reviewed an abbreviated list (the "Potential Parties in Interest," set forth in Schedule I hereto) of significant creditors and parties in interest in these cases for conflicts or other connections (which list was compiled in consultation with the U.S. Trustee as sufficient in light of the unique circumstances of this retention). This list included the following persons and entities:

    (a)    The Debtors;

    (b)    The Debtors' officers and directors;

 (c) Issuers of the Debtors' outstanding letters of credit:

 (d) Issuers of the Debtors' outstanding surety bonds;

 (e) Bank creditors of the Debtors, and bank agents and indenture trustees;

 (f) 20 largest unsecured creditors of the Debtors (as of the date of the commencement of the Chapter 11 Cases);

 (g) The holders of 5% or more of the Debtors' common stock;

 (h) Members of the Debtors' Official Committee of Unsecured Creditors;

 (i) Members of the Debtors' Official Committee of Asbestos Property Damage Claimants ;

 (j) Members of the Debtors' Official Committee of Asbestos Personal Injury Claimants;

 (k) Members of the Debtors' Official Committee of Equity Holders; and

 (l) Professionals to significant parties in the Chapter 11 Cases.

8. Bear Stearns entered the names of the Potential Parties in Interest into several computer databases to determine whether Bear Stearns had or have any business relationships with any of the Potential Parties in Interest. To the extent that such research indicated that Bear Stearns have, or had in the recent past, a connection with such entities and individuals unrelated to the Debtors or these Chapter 11 Cases, the identities of such entities and individuals are set forth in Schedule II annexed hereto. Upon information and belief, such connections may include financial advisory, underwriting, financing, merchant banking, investment partnership, brokerage, custodial and/or vendor relationships. In addition, Bear Stearns or certain of its affiliates may have other business connections with entities listed on Schedule II, which are of a confidential nature, including advisory relationships involving mergers and acquisitions, divestitures or strategic advisory services. While the specific nature of these relationships is

confidential, to the best of my knowledge, none of these relationships relate to the Debtors or these Chapter 11 Cases.

9. Based on its review described above, Bear Stearns makes the following additional specific disclosures of connections or possible connections it has identified with Potential Parties in Interest in these Chapter 11 Cases:

(a) Bear Wagner Specialists LLC ("Bear Wagner"), a separate and distinct subsidiary of The Bear Stearns Companies Inc. (Bear Stearns' parent company), is a New York Stock Exchange, Inc., specialist that makes a market in the common stock of the Debtor and in the securities of Huntsman Corporation (a Potential Party in Interest), and of Ingersoll-Rand Company Limited (which we believe is an affiliate of Ingersoll-Rand Fluid Products, a Potential Party in Interest). Customary information barriers exist designed to prevent the exchange of material, non-public information between the officers and employees of Bear Stearns' investment banking department working on these Chapter 11 Cases and Bear Wagner.

(b) As of October 5, 2005, the proprietary distressed trading desk of Bear Stearns held approximately $27 million in aggregate principal amount of the Debtors' bank debt and approximately $1 million in common stock of the Debtors, and the distressed trading desk and other proprietary trade desks of Bear Stearns held, in the aggregate, a net long position in common stock of the Debtors with a market value of under $1 million. The aforementioned investments by Bear Stearns are de minimus in the context of the total assets of Bear Stearns and the size of these Chapter 11 Cases.

(c) Bear Stearns or certain of its affiliates may have held for their own account or the account of customers other positions in debt and/or equity securities of the Debtors or other parties in interest in these Chapter 11 Cases. These proprietary and customer holdings are trading positions that may change materially from day to day. Customary information barriers exist which are designed to prevent the exchange of material, non-public information between those officers and employees of Bear Stearns' investment banking department working on these Chapter 11 Cases and the departments at Bear Stearns engaged in trading and investment management activities. Moreover, the aforementioned investments by Bear Stearns are de minimus in the context of the total assets of Bear Stearns and the size of these Chapter 11 Cases.

(d) Bear Stearns currently represents the seller in the proposed Transaction in another potential merger and acquisition transaction unrelated to the Debtors.

(e) Bear Stearns acts as a broker and custodian, and engages in trading activities on behalf of customers and for its own account, with respect to a variety of

securities, including high yield debt, investment grade debt, convertible debt, preferred equity and common equity. In addition, Bear Stearns manages, through its merchant banking unit, several private equity funds, which may include, as investors, Potential Parties in Interest. From time to time, in connection with these activities, Bear Stearns may engage in securities transactions unrelated to these Chapter 11 Cases with some of the Debtors' significant creditors or Potential Parties in Interest. Customary information barriers exist which are designed to prevent the exchange of material, non-public information between the officers and employees of Bear Stearns' investment banking department working on these Chapter 11 Cases and the departments at Bear Stearns engaged in such activities.

(f) From time to time, Bear Stearns and its affiliates have invested or may invest in investment funds as passive investors, including investment funds sponsored by Blackstone. Bear Stearns has no control over the management of these funds, over the selection of the manager or advisor to these funds, or over any acquisition or disposal of assets in these funds. These funds may hold debt or equity interests in the Debtors or Potential Parties in Interest. Customary information barriers exist which are designed to prevent the exchange of material, non-public information between the officers and employees of Bear Stearns' investment banking department working on these Chapter 11 Cases and the departments at Bear Stearns engaged in such activities.

(g) Bear Stearns has undertaken a search only for pending litigation in which the Debtors and Bear Stearns are adversaries. Our search did not reveal any such litigation.

(h) It is possible that one or more of Bear Stearns' clients or a counter-party to a security transaction in which Bear Stearns has been involved may hold a claim or otherwise be a party-in-interest in these Chapter 11 Cases. Furthermore, as a major market maker in equity securities as well as a major trader of corporate bonds and convertible securities, Bear Stearns regularly enters into securities transactions with other registered broker-dealers as a part of its daily activities. Some of these counter-parties may be creditors of the Debtors or parties in interest in these cases. Bear Stearns believes that none of these business relationships constitute interests materially adverse to the Debtors in matters upon which Bear Stearns is to be employed, and that none are in connection with these Chapter 11 Cases.

(i) Bear Stearns has thousands of employees. It is possible that certain of Bear Sterns' employees may have business associations with or interests in the Debtors or parties in interest in these cases, or may hold interests in mutual funds or other investment vehicles that may own securities of the Debtors or parties in interest. To the best of my knowledge, the Bear Sterns professionals that will be responsible for this engagement do not have business associations with, or hold interests in, the Debtors or parties in interest.

6

(j) As part of its worldwide and diverse practice, Bear Stearns frequently hires many different attorneys and law firms, which currently include Kirkland & Ellis LLP, Stroock & Stroock & Lavan, Kramer Levin Naftalis & Frankel LLP and Swidler Berlin LLP. Bear Stearns may in the future, be represented by other attorneys and law firms in the legal community, some of whom may be involved in these Chapter 11 Cases. Bear Stearns also frequently works with and is represented by, or may in the future work with or be represented by, accountants, investment bankers, consultants and other professionals, some of which may represent or work with the Debtors, claimants and parties in interest, or otherwise be involved in these Chapter 11 Cases. To the best of my knowledge, none of these relationships with attorneys, law firms or professionals constitute interests materially adverse to the Debtors in matters upon which Bear Stearns is to be employed, and none are in connection with these Chapter 11 Cases.

(k) To the best of my knowledge, Bear Stearns investment banking division has not been retained to assist any clients, other than the Debtors, in matters relating to, or in connection with, these Chapter 11 Cases. If this Court approves the proposed employment of Bear Stearns by the Debtors, Bear Stearns will not accept any investment banking engagement or perform any investment banking services for any entity or person in matters relating to the Debtors or these Chapter 11 Cases. However, Bear Stearns will continue to provide services to entities or persons that may be parties in interest in these Chapter 11 Cases as set forth herein.

10. To the best of my knowledge, except to the extent otherwise set forth above, Bear Stearns is a "disinterested person" as that term is defined in section 101(14) of title 11 of the United States Code (as amended, the "Bankruptcy Code"), in that, its directors, officers and employees:

a. except to the extent otherwise set forth above, are not creditors, equity security holders or insiders of the Debtors;

b. are not and were not investment bankers for any outstanding security of the Debtors;

c. have not been, within three years before the date of the filing of the Debtors' chapter 11 petitions, (i) investment bankers for a security of the Debtors, or (ii) an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the Debtors;

d. were not, within two years before the date of filing of the Debtors' chapter 11 petitions, a director, officer, or employee of the Debtors or of any investment banker as specified in subparagraph (b) or (c) of this paragraph: and

7

    e.  except to the extent otherwise set forth above, do not have an interest materially adverse to the interests of the estates or of my class creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtors or an investment banker specified in subparagraph (b) and (c) of this paragraph.

11. To the best of my knowledge, the Debtors do not owe Bear Stearns any amounts for services performed or expenses incurred prior to the Petition Date.

12. The Debtors have numerous creditors and relationships with various individuals and entities that may be parties in interest in these cases. Consequently, although every reasonable effort has been made to discover and disclose every connection that Bear Stearns may have with parties in interests in these Chapter 11 Cases, Bear Stearns is unable to state with certainty that it has identified and disclosed every such connection. If Bear Stearns discovers any information that is contrary or material to the statements made herein, Bear Stearns will disclose such information to the Court.

13. Bear Stearns will periodically review its files during the pendency of its retention by the Debtors to ensure that no conflicts or other disqualifying circumstances exist or arise in the future. If any new relevant facts or relationships are discovered or arise, Bear Stearns will disclose such information to the Court.

## Professional Services Compensation

14. Bear Stearns and W. R. Grace & Co.-Conn., the Debtors' chief operating company ("Grace"), have entered into an agreement that would govern the relationship between Bear Stearns and the Debtors, a copy of which is attached as Exhibit B to the Application (the "Retention Agreement"), under which Bear Stearns has agreed to advise Grace for compensation on the terms and conditions set forth therein.

15. In the Retention Agreement, Bear Stearns agrees to provide the following services (the "Transaction Services"):

    a. undertake, in consultation with members of Grace's management, a study and analysis of the business, operations, financial condition and prospects of the Target Business;

    b. advise Grace with respect to the valuation of the proposed Transaction;

    c. develop a strategy to effectuate the proposed Transaction;

    d. assist in structuring and negotiating the proposed Transaction; and

    e. be available to meet with the Board of Directors of Grace to discuss the proposed Transaction and its financial implications.

16. As more fully described in the Retention Agreement, if, during the duration of the Retention Agreement or within 12 months after its termination by Grace, Grace consummates the Transaction, Grace will pay Bear Stearns a fee of $1,250,000 (the "Transaction Fee").

17. If Grace acquires assets of the Target Business that generated less than 50% of its pro forma sales for the twelve months ended June 30, 2005, Grace and Bear Stearns will negotiate in good faith to agree upon a fee payable to Bear Stearns in connection with such transaction, which fee shall be consistent with compensation agreements customarily agreed to by Bear Stearns in similar circumstances. It is expected that the Debtors will acquire all or substantially all of the assets of the Target Business; therefore, this provision is unlikely to be applicable.

18. The Retention Agreement may be terminated at any time by either Bear Stearns or Grace upon written notice thereof to the other party, provided, however, that if Grace shall terminate the Retention Agreement, Bear Stearns will continue to be entitled to the full amount of the Transaction Fee pursuant to the terms and conditions of the Retention Agreement if the Transaction is consummated prior to the expiration of 12 months after such termination. If Bear

9

Stearns terminates the Retention Agreement, it shall not be entitled to payment of the Transaction Fee if the Transaction occurs after such termination.

19. The Retention Agreement provides that without further approval by the Court, Grace will promptly (a) pay Bear Stearns the Transaction Fee in accordance with the terms of the Retention Agreement and (b) reimburse Bear Stearns, periodically upon request, for all out-of-pocket expenses reasonably incurred in connection with its performance of the Retention Agreement, including the fees and expenses of legal counsel and of any other consultant or advisor retained by Bear Stearns, provided, however, that Grace shall not be required to reimburse Bear Stearns for expenses incurred for legal counsel or other consultant or advisor unless Bear Stearns has obtained Grace's prior written approval of their retention of such counsel, consultants or advisors, other than in connection with the indemnification provisions set forth in the Retention Agreement.

20. Based on its experience and independent analysis, Bear Stearns believes that the fee structure described above is fair and reasonable. Bear Stearns also believes that this fee structure appropriately reflects the nature and scope of the services to be provided by Bear Stearns, Bear Stearns' substantial experience with respect to similar financial advisory services, and the fee structures typically utilized by Bear Stearns and other leading financial advisors which do not bill their clients on an hourly basis, both inside and outside if bankruptcy.

Executed on October 10th, 2005.

_____
Michael Constantino

Subscribed and Sworn to before me
this 10th day of October, 2005

_____
Notary Public

My Commission expires: 8-30-2009

JOSEPH M. LA MICELA
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01LA6029756
QUALIFIED IN QUEENS COUNTY
COMMISSION EXPIRES, 08/30/2009

# **SCHEDULE I**

A.     Debtor

        W.R. Grace & Co
        A-1 Bit & Tool Co., Inc
        Alewife Boston Ltd
        Alewife Land Corporation
        Amicon, Inc
        CB Biomedical, Inc
        CCHP, Inc
        Coalgrace, Inc
        Coalgrace II, Inc
        Creative Food 'n Fun Company
        Darex Puerto Rico, Inc.
        Del Taco Restaurants, Inc
        Dewey and Almy, LLC
        Ecarg, Inc
        Five Alewife Boston, Ltd
        GC Limited Partners I, Inc.
        GC Management, Inc
        GEC Management Corporation
        GN Holdings, Inc
        GPC Thomasville, Corp
        Gloucester New Communities Company, Inc
        Grace A-B, Inc
        Grace A-B II, Inc
        Grace Chemical Company of Cuba
        Grace Culinary Systems, Inc
        Grace Drilling Company
        Grace Energy Corporation
        Grace Environmental, Inc
        Grace Europe, Inc
        Grace H-G, Inc
        Grace H-G II Inc
        Grace Hotel Services Corporation
        Grace International Holdings, Inc
        Grace Offshore Company
        Grace PAR Corporation
        Grace Petroleum Libya Incorporated
        Grace Tarpon Investors, Inc
        Grace Ventures Corp
        Grace Washington, Inc
        W.R. Grace Capital Corporation
        W.R. Grace & Co-Conn

        W.R. Grace Land Corporation
        Gracoal, Inc.
        Gracoal II, Inc
        Guanica-Carbie Land Development Corporation
        Hanover Square Corporation
        Homco Internationl Inc
        Kootenai Development Company
        L.B. Realty Inc
        Litigation Management Inc
        Monolith Enterprises, Incorporated
        Monroe Street, Inc
        MRA Holdings Corp
        MRA Intermedco, Inc
        MRA Staffing Systems, Inc
        Remedium Group, Inc
        Southern Oil, Resin & Fiberglass, Inc
        Water Street Corporation
        Axial Basin Rance Company
        CC Partners
        Hayden-Guich West Coal Company
        H-G Coal Company

B.       Directors and Officers of Debtors

        Akos L. Nagy
        Alfred E. (Fred) Festa
        Alicia Burke
        Anthony G. Riddlesperger
        D.F. Garvey
        David B. Siegel
        David M. Cleary
        David Nakashige
        Dudley L. Bobolts
        Elyse Napoli-Filon
        Fabio Tegiacchi
        Francine Gilbert
        George Bollock
        Gregory E. (Greg) Poling
        Gregory E. Poling
        H. Furlong Baldwin
        Henry C. Lyons
        J. Elder
        John F. Akers
        John J. Murphy
        Joseph A. Rightmyer
        Kang Hui Shen
        Mark A. Shelnitz

      Martin Hunter
      Marye Anne Fox
      Maurice A. Ghattas
      Michael A. Miller
      Michael N. Piergrossi
      O. Mario Favorito
      Paul J. Norris
      Paul McMahon
      Paul Bettacchi
      R. C. Cambre
      R.H. Locke
      Richard C. Brown
      Robert A. Maggio
      Robert F. Jenkins
      Robert J. Bettacchi
      Robert J. Medler
      Robert M. Tarola
      Robert P. Turner
      Ronald C. Cambre
      Ruth E. Rowan
      Susan E. Farmsworth
      Susan Eccher
      Thomas A. Vanderslice
      W. Brian McGowan
      William L. Baker
      William L. Monroe
      William M. Corcoran

C.    Issuers of the Debtors' Outstanding Letters of Credit

      ABN AMRO Bank N.V.
      Bank of America, N.A.
      Citibank, N.A.
      J.P. Morgan Chase & Co.
      Wachovia Bank & Trust Company, N.A.
      American International Group, Inc.
      Fireman's Fund Insurance Co.
      St. Paul Companies, Inc.
      The Hartford Financial Services Group, Inc.
      The Travelers Insurance Co.

D.    Issuers of the Debtors' Outstanding Surety Bonds

      American International Group, Inc.
      The Travelers Insurance Co.
      Fireman's Fund Insurance Co
      The Harford Financial Services Group, Inc.

St. Paul Companies, Inc

E.  Bank Creditors of the Debtors and Agents and Indenture Trustees

ABN Amro Bank N.V.
Bank of America, N.A.
Bank of New York
Bank of Nova Scotia
Barclays Bank PLC
CEDE & Co. (indenture trustee)
Citibank, N.A.
Commerzbank A.G.
Credit Lyonnais
Credit Suisse First Bank Corp
Credit Suisse First Boston Corp.
Deposit Guaranty Corp. (indenture Trustee)
Dresdner Bank A.G.
First Union Bank
Hapoalim
HSBC/MarineMidland
J.P. Morgan & Chase Co.
Lloyds Bank, Dubai
Northern Trust Bank
The Chase Manhattan Bank (Agent)
The Depository Trust Company
Wachovia Bank and Trust Company, N.A.

F.  Twenty Largest Unsecured Creditors (as of the date of filing)

The Chase Manhattan Bank
The Depository Trust Company
CEDE & Co
Los Angeles Unified School District
Huntsman Corporation
Zhagrus Environmental Inc
DCP-Lohja, Inc
PCS Nitrogen Fertilizer, L.P.
Dupont Dow Elastomers
Cass Logistics Temporary
Union Carbide Corp
Southern Ionics, Inc
BASF
CAN Insurance
Radian International
Stone Packaging System
Valeron Strength Films
Ingersoll-Rand Fluid Products

15

    Delta Chemicals

G.    Debtor's Major Shareholders (5% or more)

    Peninsula Partners
    Citadel Limited Partnership
    Philip Hempleman
    Ardsley Advisory Partners
    Shaw Laminar Portfolios, L.L.C
    D. E. Shaw & Co., L.L.P.
    D. E. Shaw & Co., L.L.C.
    David E. Shaw

H.    Members of Official Committee of Unsecured Creditors

    J.P. Morgan Chase & Co
    Wachovia Bank, f/k/a First Union National Bank
    Sealed Air Corporation
    The Bank of Nova Scotia

I.    Members of Official Committee of Asbestos Property Damage Claimants

    Marco Barbanti
    Pacific Freeholds
    The Prudential Insurance Company of America
    The Trustees of Princeton University

J.    Members of Official Committee of Asbestos Personal Injury Claimants

    Anthony Angiuli
    Harvey Bair
    Roberta Jeffery Esq.
    Steven Jones, as Personal Representative of the Estate of Barbara Ellen Hammack
    Thomas J. Jones
    Beverly Mauldin, as Personal Representative of the Estate of John Wesley Mauldin
    Jeanette Parent, as Personal Representative of the Estate of Thomas Parent
    Nathan O. Phillips, Jr.
    John Russell
    Royce N. Ryan
    John Smutko

K.    Members of Official Committee of Equity Holders

    Dimensional Fund Advisors
    Angus W. Mercer
    Simon Atlas
    Raymond E. Smiley

L.  Professional to Significant Parties

   <u>Debtors Professional</u>
   Kirkland & Ellis LLP
   Pachulski Stang Ziehl Young Jones & Weintraub
   Blackstone Group

   <u>Creditors Committee</u>
   Stroock & Stroock & Lavan
   Duane Morris LLP
   Capstone

   <u>Asbestos Committee</u>
   Caplin & Drysdale
   Campbell & Levine LLC

   <u>Property Damage Committee</u>
   Bilzin Sumberg Baena Price & Axelrod LLP
   Ferry, Joseph & Pearce P.A.

   <u>Equity Committee</u>
   Kramer Levin Naftalis & Frankel LLP
   Klett Rooney Lieber & Schorling

   <u>Future Reps</u>
   Swidler Berlin LLP
   Phillips, Goldman & Spence

# **SCHEDULE II**

(a)   Bear Stearns may have had in the past, and may in the future have, brokerage relationships, either through its private client services business unit or otherwise, with parties in interest in these Chapter 11 Cases. A computer search revealed possible brokerage relationships with the following Potential Parties in Interest[2]:

John F. Akers (Director/Officer of the Debtors)
Ardsley Partners (Debtor's Major Shareholder (5% or more))
William L. Baker (Director/Officer of Debtors)
Richard C. Brown (Director/Officer of the Debtors)
Citadel Limited Partnership (Debtor's Major Shareholder (5% or more))
William M. Corcoran (Director/Officer of Debtors)
D. E. Shaw & Co., L.L.P. (Debtor's Major Shareholder (5% or more))
Philip Hempleman (Debtor's Major Shareholder (5% or more))
Robert F. Jenkins (Director/Officer of Debtors)
Robert A. Maggio (Director/Officer of Debtors)
W. Brian McGowan (Director/Officer of Debtors)
Michael A. Miller (Director/Officer of the Debtors)
John J. Murphy (Director/Officer of the Debtors)
Paul J. Norris (Director/Officer of Debtors)
Peninsula Partners (Debtor's Major Shareholder (5% or more))
David E. Shaw (Debtor's Major Shareholder (5% or more))
David B. Siegel (Director/Officer of Debtors)
John J. Russell (Member of Official Committee of Asbestos Personal Injury Claimants)
Thomas J. Jones (Member of Official Committee of Asbestos Personal Injury Claimants)

(b)   Bear Stearns solicits goods and services from a number of entities, including entities that may be parties in interest in these Chapter 11 Cases. A search of Bear Stearns' vendor payments has revealed that the following Potential Parties in Interest have been in the past, or are currently, vendors of Bear Stearns in matters unrelated to these Chapter 11 Cases:

Ardsley Partners (Debtor's Major Shareholder (5% or more))
Ingersoll-Rand Fluid Products (One of Twenty Largest Unsecured Creditors (as of the date of filing))
Sealed Air Corporation (Member of Official Committee of Unsecured Creditors)
The Trustees of Princeton University (Member of Official Committee of Asbestos Property Damage Claimants)

---

[2] In addition to the potential brokerage relationships disclosed herein, insufficient information was available to determine whether or not Bear Stearns may have a brokerage relationship with the following Potential Parties of Interest: The Estate of John Wesley Mauldin (Represented on the Official Committee of Asbestos Personal Injury Claimants), Steven Jones (Member of Official Committee of Asbestos Personal Injury Claimants), and the Estate of Thomas Parent (Represented on the Official Committee of Asbestos Personal Injury Claimants).

(c)  In the ordinary course of its business, Bear Stearns has diverse and extensive relationships with the following Potential Parties of Interest in matters unrelated to these Chapter 11 Cases. Such relationships include but are not limited to borrower, lender, banking, trading, co-lender and agency relationships, and relationships through industry associations.

ABN AMRO Bank N.V.
American International Group, Inc.
Bank of America, N.A.
Bank of New York
Barclays Bank PLC
BASF
Blackstone Group
CEDE & Co
Citibank, N.A.
Commerzbank A.G.
Credit Lyonnais
Credit Suisse First Bank Corp
Credit Suisse First Boston Corp.
Deposit Guaranty Corp. (indenture Trustee)
Dresdner Bank A.G.
Fireman's Fund Insurance Co
First Union Bank
Hapoalim
HSBC/MarineMidland
Ingersoll-Rand Co.
J.P. Morgan Chase & Co.
Lloyds Bank, Dubai
Northern Trust Bank
St. Paul Companies, Inc.
The Bank of Nova Scotia
The Chase Manhattan Bank
The Depository Trust Company
The Hartford Financial Services Group, Inc.
The Prudential Insurance Company of America
The Travelers Insurance Co.
Wachovia Bank & Trust Company, N.A.
Wachovia Bank, f/k/a First Union National Bank