THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | Re:   Docket No. ___ |
| | | Agenda Item No. ___ |

**ORDER AUTHORIZING THE RETENTION OF
BEAR, STEARNS & CO. INC. AS FINANCIAL ADVISOR FOR LIMITED PURPOSE**

Upon consideration of the Debtors' Application[1] for entry of an order pursuant to Bankruptcy Code §§ 327(a) and 328(a) and Fed. R. Bankr. P. 2014(a) and 5002 authorizing the Debtors to retain Bear Stearns as financial advisor solely in connection with the proposed acquisition of the Target Business; and upon consideration of the Affidavit; and the Court being satisfied, based on the representations made in the Application and the Affidavit, that Bear Stearns represents no interest adverse to the Debtors' estates with respect to the matters upon which they are to be engaged, that Bear Stearns is a "disinterested person" as that terms is defined under Bankruptcy Code § 101(14), as modified by § 1107(b); and that the retention of Bear Stearns is necessary and in the best interests of the Debtors, their creditors and their estates; and sufficient notice of the Application having been given under the circumstances; and after due deliberation and sufficient cause appearing therefore:

IT IS HEREBY ORDERED, FOUND AND DETERMINED THAT:

---

[1]   Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

1. The Application is granted.

2. The Debtors are hereby authorized to retain Bear Stearns pursuant to the terms and conditions set forth in the Retention Agreement and all attachments and schedules thereto.

3. The Debtors are hereby authorized to pay Bear Stearns in consideration of the Transaction Services provided by Bear Stearns, without further approval of this Court, a Transaction Fee in the amount of $1,250,000 in cash, but only upon the consummation of a Transaction, and subject to any applicable modification as provided in the Retention Agreement.

4. The Debtors shall be authorized to pay Bear Stearns periodically upon Bear Stearns' request, without further approval of this Court, all out-of-pocket expenses reasonably incurred by Bear Stearns pursuant to the terms of the Retention Agreement.

5. Bear Stearns' compensation and expenses in these Chapter 11 Cases shall be subject only to the standard of review set forth in section 328(a) of the Bankruptcy Code, and shall not be subject to any other standard review set forth in section 330 of the Bankruptcy Code.

6. Bear Stearns shall provide the Transaction Services pursuant to the terms and conditions set forth in the Retention Agreement.

7. Bear Stearns will not be required to submit detailed daily time records or expense records as part of any monthly statements, or interim or final fee applications with respect to any payment of the Transaction Fee or any expenses incurred under the Retention Agreement.

8. The indemnification provisions set forth in the Retention Agreement are approved, subject to the following:

   a. subject to the provisions of subparagraph (c) below, the Debtors are authorized to indemnify, and shall indemnify, Bear Stearns in accordance with the Retention Agreement, for any claim arising from, related to or in connection with the Transaction Services; and

   b. notwithstanding any provision of the Retention Agreement to the contrary, the Debtors shall have no obligation to indemnify Bear Stearns, or to provide contribution or reimbursement to Bear Stearns, to the extent any losses, claims, damages or liabilities (or expenses relating thereto) are determined by a court of competent jurisdiction (the determination having become final) to have primarily resulted from the bad faith, gross negligence or willful misconduct of Bear Stearns; and

   c. if, before the earlier of (i) the entry of an order confirming a chapter 11 plan or plans in the Chapter 11 Cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing the Chapter 11 Cases, Bear Stearns believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Retention Agreement, including without limitation, the advancement of defense costs, Bear Stearns must file an application therefore with this Court, and the Debtors may not pay any such amount to Bear Stearns before the entry of an order by this Court approving such payment. This subparagraph (c) is intended only to specify the period of time during which the Court shall have jurisdiction over any request for fees and expenses by Bear Stearns for indemnification, contribution or reimbursement and not to limit the duration of the Debtors' obligation to indemnify Bear Stearns.

9. This Court retains jurisdiction with respect to all matters arising from or relating to the implementation of this order.

Dated: _____, 2005

The Honorable Judith K. Fitzgerald<br>
United States Bankruptcy Judge