# EXHIBIT A

[Settlement Agreement]

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re. | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO , et al., | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | Jointly Administered |

### STIPULATION AND ORDER BETWEEN DEBTORS AND BANK OF AMERICA, N.A. REGARDING ALLOWANCE OF CERTAIN CLAIMS

This stipulation and order (the "Stipulation") is made this 10th day of October 2005, by and among the above-captioned debtors and debtors in possession (collectively, the "Debtors")and Bank of America, N A. ("BofA," and together with the Debtors, the "Parties"), by and through their respective undersigned counsel, and with reference to the following recitals:

WHEREAS, on April 2, 2001 (the "Petition Date"), the Debtors, including W R. Grace & Co. ("Grace") and W.R. Grace & Co. - Conn. ("Grace-Conn"), filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U S C. 101-1330 (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"); and

WHEREAS, prior to the Petition Date, BofA issued three standby letters of credit for the account of Grace-Conn (collectively, the "Letters of Credit") as collateral for certain insurance transactions and surety bonds issued in favor of the Debtors, as follows.

| Letter of Credit Number | Face Amount | Issuance Date | Expiry Date[1] |
|---|---|---|---|
| 7404289 | $10,439,830 | 10/17/00 | 10/17/05 |
| 7404163 | $ 6,000,000 | 09/15/00 | 09/15/05 |
| 7403968 | $ 2,190,000 | 07/30/00 | 07/31/06, and |

---

[1] Each Letter of Credit has a provision concerning the automatic extension of the Expiry Date and each shall extend automatically in accordance with such language unless a timely and appropriate notice is given by BofA  As of the date of the execution of this Stipulation by BofA, no such notice has been given and nothing herein shall be deemed to alter the requirements and conditions of such notices

WHEREAS, except as specifically set forth below with regard to the Drawn Amounts (defined below), as of the date of this Stipulation, each Letter of Credit remains outstanding in its full amount; and

WHEREAS, on or about June 6, 2002, National Union Fire Insurance Company of Pittsburgh, PA ("National Union"), as beneficiary under Letter of Credit number 7404289 (the "First LOC"), drew down the First LOC in the amount of $9,729,720 (the "First Drawn Amount"); and

WHEREAS, on or about February 10, 2003, National Union, as beneficiary under Letter of Credit number 7403968 (the "Second LOC"), drew down the Second LOC in the amount of $250,000 (the "Second Drawn Amount," and together with the First Drawn Amount, the "Drawn Amounts"); and

WHEREAS, by order dated October 24, 2002 [Docket No. 2865], BofA was authorized to, and did, setoff $200,000 (the "Setoff Amount") held by BofA in a depository account against the amounts due to BofA as a result of National Union's draw upon the First LOC; and

WHEREAS, on or about March 27, 2003, National Union filed proofs of claim numbers 00009553 and 00009554 (collectively, the "National Union Surety Proofs of Claim") against Debtors Grace and Grace-Conn, respectively, each of which asserts a claim secured by, inter alia, the First LOC and the Second LOC, in the amount of $46,971,764 plus unliquidated amounts ("National Union's Surety Claims"); and

WHEREAS, on or about March 31, 2003, National Union on its own behalf and on behalf of certain other related insurance companies filed proofs of claim numbers 00013925 to 00013930 (collectively, the "National Union Insurer Proofs of Claim") against Debtor Grace

and five other of the Debtors in these jointly administered cases, which assert claims secured by, inter alia, the Second LOC, in the amount of $75,623 plus unliquidated amounts; and

WHEREAS, the National Union Surety Proofs of Claim and the National Union Insurer Proofs of Claim (together the "National Union Proofs of Claim") do not reflect the application of the amounts drawn under the First LOC and the Second LOC; and

WHEREAS, as a result of National Union's draw upon the First LOC and the Second LOC , BofA holds a liquidated claim against Grace-Conn in the Drawn Amounts less the Setoff Amount (i.e., $9,779,720) (the "BofA Allowed Claim Amount"), which claim is neither contingent, unliquidated nor disputed, and

WHEREAS, BofA also holds a claim against Grace-Conn with respect to the undrawn amount of each of the Letters of Credit (collectively, the "Outstanding Letters of Credit"), which claim is contingent and unliquidated, but not disputed.

NOW THEREFORE, for good and valuable consideration received, the Parties hereby stipulate as follows.

1.     BofA shall have an allowed, unsecured, nonpriority claim against Grace-Conn. in the amount of $9,779,720, representing the Drawn Amounts under the First LOC and the Second LOC, less the Setoff Amount (the "BofA Allowed Claim").

2     BofA shall also have a contingent, unsecured, nonpriority claim against Grace-Conn in the amount of $8,850,110, representing the undrawn amounts under the Outstanding Letters of Credit (the "BofA Contingent Claim")  In the event that BofA is required to satisfy the claim of any beneficiary under any of the Outstanding Letters of Credit subsequent to the date of this Stipulation, (i) that portion of the BofA Contingent Claim representing the total amount drawn under the Outstanding Letters of Credit shall become an allowed, unsecured,

nonpriority claim against Grace-Conn without further action by any party (the "BofA Further Allowed Claim") and (ii) the outstanding amount of the BofA Contingent Claim shall be reduced in an amount equal to the BofA Further Allowed Claim [2]

3.    In the event BofA incurs fees, commissions and/or other expenses subsequent to the date of this Stipulation in connection with BofA's satisfaction of any claim under any of the Outstanding Letters of Credit, BofA shall have thirty (30) days from the date of payment under such Outstanding Letter of Credit to file a proof of claim with respect to such fees, commissions and/or expenses

4    The Debtors reserve their rights to object to the National Union Proofs of Claim on any basis whatsoever including, without limitation, the grounds that such claims are duplicative of the BofA Allowed Claims or any BofA Further Allowed Claim

5    The Parties agree to take or refrain from taking any and all acts necessary and appropriate to implement and effectuate the terms of this Stipulation

6    This Stipulation shall be governed by and construed in accordance with the laws of the State of Delaware (without regard to the conflict of laws principles thereof) and the United States Bankruptcy Court for the District of Delaware shall have exclusive jurisdiction over any and all disputes that may arise with respect to the terms or enforcement of this Stipulation between BofA and the Debtors.

---

[2] For example, if BofA was required to pay $5,500,000 to the beneficiary of Outstanding Letter of Credit number 7404163, the BofA Further Allowed Claim would be $5,500,000 and the BofA Contingent Claim would be reduced to $3,350,110 (representing $8,850,110 less $5,500,000). If BofA thereafter was required to pay an additional $1,000,000 to National Union under the Second LOC, the BofA Further Allowed Claim would be increased to $6,500,000 (representing the collective amounts drawn under both Outstanding Letters of Credit) and the BofA Contingent Claim would be further reduced to $2,350,110 (representing $3,350,110 less $1,000,000)

7    This Stipulation may be executed in one or more counterparts, including

by facsimile, each of which shall be deemed an original, but all of which together constitute one

and the same instrument.

Dated. October /0 , 2005

Dated: October /0 2005

*Rebecca L. Booth*

Mark D. Collins (No. 2981)
Rebecca L. Booth (No. 4031)
RICHARDS LAYTON & FINGER, P A
One Rodney Square
Post Office Box 551
Wilmington, Delaware 19899

Attorneys for Bank of America, N A

*James E O'Neill*

Laura Davis Jones (No. 2436)
James E. O'Neill (No. 4042)
PACHULSKI, STANG, ZIEHL,
YOUNG, JONES & WEINTRAUB, P.C
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705

-and-

James H.M. Sprayregen
Janet Baer
Lori Sinanyan
KIRKLAND & ELLIS
200 East Randolph Drive
Chicago, Illinois 60601

Attorneys for Debtors and Debtors in Possession