THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Objection Deadline: October 28, 2005 at 4:00 p.m.**
**Hearing Date: November 14, 2005 at 12:00 p.m.**

## DEBTORS' MOTION FOR AN ORDER ESTABLISHING A PROOF OF CLAIM BAR DATE FOR ASBESTOS PERSONAL INJURY PRE-PETITION LITIGATION CLAIMS

The above-captioned debtors and debtors in possession (collectively, the "Debtors" or

"Grace") request an order pursuant to Federal Rule of Bankruptcy Procedure 3003(c)(2): (i)

approving the proof of claim form attached hereto as Exhibit A (the "Asbestos PI Pre-Petition

Litigation Proof of Claim Form"); (ii) establishing a bar date by which any person or entity who

fails to complete and file an Asbestos PI Pre-Petition Litigation Proof of Claim shall be forever

barred, estopped and enjoined from asserting any claim based upon a pre-petition lawsuit that

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

has not been fully resolved (an "Asbestos PI Pre-Petition Litigation Claim") against any of the

Debtors or the Section 524(g) trust, or receiving distributions under any plan or plans of

reorganization in these Chapter 11 cases in respect of an Asbestos PI Pre-Petition Litigation

Claim; and (iii) approving the notice of the Asbestos PI Pre-Petition Litigation Bar Date attached

hereto as Exhibit B (the "Asbestos PI Pre-Petition Litigation Bar Date Notice").

## INTRODUCTION AND BACKGROUND

On August 29, 2005, this Court entered a case management order regarding the

estimation of Asbestos PI Pre-Petition Litigation Claims (the "PI CMO"). In the PI CMO, the

Court ordered that the W.R. Grace Asbestos Personal Injury Questionnaire (the "PI

Questionnaire") be served on all holders of Asbestos PI Pre-Petition Litigation Claims (the

"Asbestos PI Pre-Petition Litigation Claimants") so that the Debtors, the Court, and other parties

in interest would have sufficient information relating to such claims.

At the heart of the Court's order requiring claimants to return the PI Questionnaire was

the recognition that the Debtors' Asbestos PI Pre-Petition Litigation Claims provide the best

evidence for estimating both the Debtors' current and future asbestos personal injury liability.

*See* Tr. of Hr'g at 80 (June 27, 2005) ("The debtor has the right to discovery to know what the

current claims are, and that will be a much better basis for estimation of current claims and

possibly future claims than anything else."). The Court also recognized that in order for the PI

Questionnaire to be useful in the estimation proceeding, all Asbestos PI Pre-Petition Litigation

Claimants who intend to file claims against the Section 524(g) trust must participate and respond

to the PI Questionnaire. Finally, the Court recognized the potential for bias in the estimation in

1

the event that select groups of Asbestos PI Pre-Petition Litigation Claimants -- namely those with inadequate claims -- failed to return the PI Questionnaire. Accordingly, the Court ordered certain provisions in the PI Questionnaire to serve as incentives for returning the PI Questionnaire and indicated that the requirements of Federal Rule of Bankruptcy Procedure 2019 ("Rule 2019") also would ensure responses from those who planned to file claims against the Section 524(g) trust.

Although the Debtors previously requested a bar date for Asbestos PI Pre-Petition Litigation Claims to ensure an adequate return of the PI Questionnaires, the Court declined to order a bar date, indicating that the filed Rule 2019 statements should protect against any inadequate responses to the PI Questionnaire. In so deciding, however, the Court expressly recognized the potential need to order an Asbestos PI Pre-Petition Litigation Claims bar date. *See* Tr. of Hr'g at 134 (Jan. 21, 2005). The Debtors submit that the circumstances now dictate the issuance of a bar date.

As indicated at the September 26, 2005 omnibus hearing, it now appears that a significant number of firms have failed to file Rule 2019 statements, contrary to the expectations of the Court. *See* Tr. of Hr'g at 134-36 (Sept. 26, 2005). Without Rule 2019 statements, the Debtors and the Court have no way of knowing whether those who return the PI Questionnaires represent the universe of Asbestos PI Pre-Petition Litigation Claimants who intend to file claims against the Section 524(g) trust. The Court and the Debtors will be forced to guess whether failure to return the PI Questionnaires indicates (1) an intent merely to refuse to cooperate with the discovery process; or rather (2) a decision not to file a claim against the Section 524(g) trust. Thus, under the current scenario, absent a bar date, neither the Debtors nor the Court will be able

2

to discern whether the PI Questionnaires received represent the claims that ultimately will be asserted against the Section 524(g) trust. The issuance of a bar date at this time will resolve this issue by clearly identifying which claimants, of those who fail to return the PI Questionnaires, still intend to file a claim against the Section 524(g) trust.

It also appears possible, and indeed likely, that some parties may argue that the absence of a completed PI Questionnaire or Rule 2019 statement deprives this Court of jurisdiction over both the claimants and their attorneys.[2] The Debtors are concerned that, contrary to this Court's statements that all parties will be bound by the estimation, certain parties may be positioning themselves to contest the binding effect of this Court's estimate of the Debtors' asbestos personal injury liability. In order for the Section 524(g) trust to be adequately funded, such parties must be bound by the estimation.

Accordingly, the Debtors request that this Court approve the Asbestos PI Pre-Petition Litigation Proof of Claim Form and order claimants to file such proof of claim on or before January 12, 2006 (the "Asbestos PI Pre-Petition Litigation Bar Date"), the same day the PI Questionnaire is due.

## ARGUMENT

**A.    A Bar Date is Necessary to Establish Jurisdiction Over Parties, and to Ensure an Adequate Response to the PI Questionnaire and Appropriate Funding of the Section 524(g) Trust.**

---

[2]    For instance, the PI Committee indicated at the September 26, 2005 hearing that "after [the Court's] 2019 order was entered, people were calling us saying, 'Do I have to file this?' -- you know, 'Does Judge Fitzgerald have jurisdiction to order for me to file this?' So forth and so on." Tr. of Hr'g at 134-35 (Sept. 26, 2005).

Bar dates are essential to the finality of a bankruptcy case. The establishment of a bar date by which the Asbestos PI Pre-Petition Litigation Proof of Claim Form must be filed is necessary to bring claimants within this Court's jurisdiction.[3]  In doing so, the Court can bind Asbestos PI Pre-Petition Litigation Claimants to the estimation so as to ensure proper funding of the Section 524(g) trust.  In this case, in light of the Court's attempt to estimate liability for current and future asbestos personal injury claims, and the fact that this estimation is contested, it is particularly important that the Debtors and the Court have notice of which Asbestos PI Pre-Petition Litigation Claimants intend to file claims against the Section 524(g) trust.

The Court previously posited that it could rely on the existence of Rule 2019 statements rather than a bar date to bind parties, ensure compliance with its orders, and guarantee that the Section 524(g) trust is adequately funded:

> MR. BERNICK:  But, I think that the problem with not having a bar date -- and maybe it's a solvable problem -- is literally getting process over the claimants whose information we need in order to --
>
> THE COURT:  I'm not concerned about that.  It seems to me that there is enough of a history of mass-tort cases, specifically asbestos cases, in which the ballot, at this point in time, is sufficient process to get somebody into this system.

---

[3] *See Langenkamp v. Culp,* 498 U.S. 42, 44 (1990) ("[B]y filing a claim against a bankruptcy estate the creditor triggers the process of 'allowance and disallowance of claims,' thereby subjecting himself to the bankruptcy court's equitable power.") (quoting *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 58-59 (1989)); *Billing v. Ravin, Greenberg & Zackin, P.A.,* 22 F.3d 1242, 1249 (3d Cir. 1994) (This circuit has relied on *Langenkamp* in holding that "the equitable jurisdiction of the bankruptcy court is exclusive when its jurisdiction has been invoked by the filing of a claim.") (quoting *Travellers Int'l AG. v. Robinson,* 982 F.2d 96, 100 (3d Cir. 1992)); *S.G. Phillips Constructors, Inc. v. City of Burlington (In re S.G. Phillips Constructors, Inc.),* 45 F.3d 702, 707 (2d Cir. 1995) ("Invoking equitable jurisdiction in the bankruptcy context might be analogized to invoking a court's jurisdiction by filing a complaint . . . [B]y filing its proof of claim . . . [the creditor] not only triggered § 157(b)(2) subject matter jurisdiction, but also necessarily submitted to the court's equitable power to resolve its claims."); *First Fid. N.A., N.J. v. Hooker Invs. Inc. (In re Hooker Invs., Inc.),* 937 F.2d 833, 838 (2d Cir. 1991) ("[F]iling a proof of claim is not merely a means of providing information to the bankruptcy court but is a means of involving the bankruptcy court's equitable jurisdiction over the bankruptcy estate to establish the creditor's right to participate in the distribution of the estate.").

4

Not to mention, at this point, that I have a gazillion 2019 statements, so that the debtor ought to have access to information as to who the tort claimants are that have been -- that are likely to file against it.

Tr. of Hr'g at 120 (Jan. 21, 2005).

Unfortunately, circumstances and the inactions of claimants and their legal representatives up to this point render such reliance on Rule 2019 statements untenable. Since the time the Court initially addressed the bar date issue, it has become apparent that a number of firms have not complied with Rule 2019. Foreseeing the possibility of such a scenario, this Court indicated that a bar date order could be necessary if the Court could not rely on the claimants and their attorneys to place themselves before the Court:

> THE COURT:  And it seems to me that what we can do, perhaps, is get each counsel to contact each client and make sure that, in fact, that client understands that whatever the estimation numbers are, will be binding on them. And if they choose to file their own questionnaire, fine. And if they don't, fine. *But, there will have to be some representative sample. Experts can probably predict what that number has to be. And if we don't get it, then I will do some sort of an order that imposes a bar date. But, it seems to me that if the attorneys are willing to go back to their clients and file something that says my client understands that there is going to be an estimation hearing and that they will be bound, maybe I don't need a bar date.*

> MR. LOCKWOOD:  Well, let me --

> MR. BERNICK:  Anyway that we can get reliable information, is fine. But, we're real skeptical of the idea that you can just rely upon the claimant. There has to be something issuing from this Court that does create a need for them to respond. If you have dropout from this process, then it starts to create bias issues.

> THE COURT:  Oh. All right. We -- *I think we can handle that issue, because I may not be able to impose something directly on the claimant. But, as I indicated about the 2019 statements, I have lots of counsel who are currently subject, as officers to this Court, to my orders. So, I think I can deal through counsel, if need be.*

Tr. of Hr'g at 134-35 (Jan. 21, 2005) (emphasis added).

5

The now apparent failure of various firms to file Rule 2019 statements is at odds with the Court's expectation that it could proceed without a bar date for Asbestos PI Pre-Petition Litigation Claims.  First, as the above colloquy indicates, this Court has recognized that it is important that all Asbestos PI Pre-Petition Litigation Claimants who intend to file claims against the Section 524(g) trust return the PI Questionnaire.  This ensures that the resulting estimate is not biased.  *See id.*  Absent the incentive to return the PI Questionnaires that comes with a bar date and submission to the Court's jurisdiction, it is conceivable that only those parties with the strongest claims will return the PI Questionnaire.  This likely would cause an over-estimation of the Debtors' asbestos personal injury liabilities.  The Court should take all reasonable measures to ensure that those who return the PI Questionnaire truly represent the universe of claims.  A bar date accomplishes this goal.

Second, a bar date is needed to ensure that firms file the appropriate Rule 2019 statements.  Rule 2019 statements are necessary to determine whether these firms have the authority to represent the claimants they purport to represent.  Specifically, the Debtors require Rule 2019 statements in order to (1) verify that the PI Questionnaires are sent to the appropriate parties, (2) determine whether the PI Questionnaires are filed by an authorized representative of the claimant, and (3) determine whether a claimant indeed has authorized the filing of the underlying action against the Debtors.  This problem of unauthorized filings has already been witnessed on the property damage side of this case.  *See, e.g.*, Debtors' Thirteenth Omnibus Objection to 2,937 Unauthorized Claims Filed by the Law Firm of Speights & Runyan (Docket No. 9311).

6

Third, the issuance of the Asbestos PI Pre-Petition Litigation Proof of Claim Form and bar date now, as opposed to later, will assist the parties and the Court in maintaining the current schedule mandated by the PI CMO. If the Court were to wait until after the PI Questionnaire response deadline to determine whether to issue a bar date and proof of claim form, then the schedule likely would be altered to allow time for Asbestos PI Pre-Petition Litigation Claimants to respond to the notice to file a proof of claim. Allowing parties to delay the estimation process due to *their* failure to submit the required Rule 2019 statements and PI Questionnaires undoubtedly will prejudice the Debtors as such parties could use any delay to seek termination of the Debtors' exclusivity period for proposing a plan of reorganization.

Finally, the Debtors acknowledge their previous statements indicating that the PI Questionnaire was not originally intended to serve as a proof of claim form and effectuate a bar date. At that time, however, the Debtors did not envision that there would be such a substantial lack of response to the requirements of Rule 2019. As such, issuance of a bar date now for Asbestos PI Pre-Petition Litigation Claims will ensure compliance with Rule 2019 and the Court's order that all Asbestos PI Pre-Petition Litigation Claimants respond to the PI Questionnaire.

**B.    The Necessity of Bar Dates Has Been Recognized in Similar Mass Tort Cases.**

The establishment of a proof of claim bar date serves the important purpose of "enabl[ing] a debtor and his creditors to know, reasonably promptly, what parties are making claims against the estate and in what general amounts." *In re Kolstad*, 928 F.2d 171, 173 (5th Cir. 1991), *cert. denied*, 502 U.S. 958 (1991); *see also In re Enron*, 298 B.R. 513, 520 (Bankr.

S.D.N.Y. 2003) ("[A] bar date order serves the important purpose of enabling the parties to a bankruptcy case to identify with reasonable promptness the identity of those making claims against the bankruptcy estate and the general amount of the claims"); *In re Keene Corp.*, 188 B.R. 903, 907 (Bankr. S.D.N.Y. 1995) ("The bar date is critically important to the administration of a successful chapter 11 case, and the reorganization process."); *In re Manville Forest Prods. Corp.*, 89 B.R. 358, 374 (Bankr. S.D.N.Y. 1988) (holding that the bar date is intended "to be a mechanism providing the debtor and its creditors with finality").

In this case, it is true that the universe of *potential* Asbestos PI Pre-Petition Litigation Claimants is known to the Debtors, but a bar date is needed to determine the identity and number of parties that ***actually*** will assert claims against the Debtors or the Section 524(g) trust. As discussed previously, the reliability of the estimate is dependent upon this. As a result, the establishment of a proof of claim bar date has been essential in Chapter 11 cases such as these, involving the resolution of thousands of asserted tort claims. *See, e.g., In re Eagle-Picher Indus., Inc.*, 137 B.R. 679, 681 (Bankr. S.D. Ohio 1992) (in a case involving the estimation of asbestos liabilities, the court observed that in the context of an asbestos mass-tort bankruptcy setting a prompt bar date "fixing the number and identity of such claimants will lend considerable assistance to the process of arriving at a value of the claims of this class"); *see also Jones v. Chemetron Corp.*, 212 F.3d 199, 205 (3d Cir. 2000) (estalishing bar date for toxic tort claims asserted by individuals in vicinity of nuclear waste dump); *In re Dow Corning Corp.*, 142 F.3d 433 (6th Cir. 1998) (establishing bar date for claimants alleging that breast implants caused disease); *In re Babcock & Wilcox Co. (Babcock II)*, No. 00-10992, 2000 WL 1511175 at *1 (E.D. La. Oct. 6, 2000) (setting bar date for asbestos claims); *In re Celotex Corp.*, 204 B.R. 586,

8

593 (Bankr. M.D. Fla. 1996) (noting that court established an asbestos personal injury bar date); *In re Best Prods. Co.*, 140 B.R. 353, 357 (Bankr. S.D.N.Y. 1992) (noting that personal injury claimants are not entitled to any special dispensation regarding the bar date in Chapter 11 reorganizations). At bottom, the Debtors simply want to know who actually will be asserting Asbestos PI Pre-Petition Litigation Claims.

The Debtors' recent experience in serving the PI Questionnaire on claimants highlights the need for a bar date. Pursuant to the PI CMO, the Debtors utilized their existing claims database to serve the PI Questionnaire on those claimants believed by the Debtors to have Asbestos PI Pre-Petition Litigation Claims. To date, the following issues concerning service of the PI Questionnaire cause the Debtors to believe that a proof of claim form is necessary to identify, with greater certainty, those Asbestos PI Pre-Petition Litigation Claimants who intend to file a claim against the trust:

- Reaud Morgan and Quinn ("RMQ") has disputed the Debtors' definition of what constitutes an unresolved claim and has filed an objection to completing the PI Questionnaire on behalf of those claimants who have a settled but unpaid or partially paid claim.

- Despite having filed a Rule 2019 statement in this case, it appears that RMQ's Rule 2019 statement may be incomplete. Significantly, it appears, based on the Debtors' preliminary comparison of RMQ's Rule 2019 statement to the information in the Debtors' claims database, that RMQ has omitted from the list of claimants it represents approximately 50 claimants whose claims are not fully resolved and who also have filed claims in the *In re Silica* MDL.[4]

- Law firms have denied that they presently represent or, in some cases, ever have represented, claimants for whom the Debtors' records indicate they are counsel of record.

---

[4]    To the extent the Debtors' initial investigation was over-inclusive, that further buttresses the need for a proof of claim form and bar date to determine the identity of actual Asbestos PI Pre-Petition Litigation Claimants.

- Law firms have been requesting extra PI Questionnaires for claimants who they believe should have been served with the PI Questionnaire although the Debtors' records do not indicate that the individuals have unresolved, pre-petition personal injury asbestos claims.   Similarly, law firms have been requesting blank PI Questionnaires.

- Law firms have been requesting lists of the social security numbers of the claimants for whom they have received PI Questionnaires for purposes of cross-referencing their list of personal injury clients with the list of claimants for whom they have received PI Questionnaires.

In short, to the extent that there is a legitimate discrepancy between the Debtors' files and the Asbestos PI Pre-Petition Litigation Claimants' records, a proof of claim form and bar date will aid in resolving any uncertainty.

## C.     The Asbestos PI Pre-Petition Litigation Proof of Claim Form and Bar Date Will Not Impose Any Undue Burden on Claimants.

Any claim that a bar date will cause undue burden on claimants or delay in the administration of these Chapter 11 cases is without merit.   The Asbestos PI Pre-Petition Litigation Proof of Claim Form proposed by the Debtors can be completed by either (1) checking a box stating that the claimant elects to use the returned PI Questionnaire as the proof of claim and identifying the claim amount or (2) completing a slightly-modified version of Official Bankruptcy Form 10.  *See* Exhibit A. Because the Asbestos PI Pre-Petition Litigation Claimants already are required to complete and return the PI Questionnaire, the Asbestos PI Pre-Petition Litigation Proof of Claim Form can be completed by merely checking a single box in Part I of the claim form and identifying the claim amount.  Although a claimant's election to complete Part II of the Asbestos PI Pre-Petition Litigation Proof of Claim Form does not relieve the claimant's obligation to return a completed PI Questionnaire, it will satisfy the requirements of

10

the bar date order. Simply put, the Asbestos PI Pre-Petition Litigation Proof of Claim Form is a one page form that can be completed by filling in the most basic information regarding the claims. In fact, completion of the Asbestos PI Pre-petition Litigation Proof of Claim Form is far less burdensome than the specialized proof of claim forms approved in other mass-tort bankruptcies. *See, e.g., In re Eagle-Picher Indus., Inc.*, 158 B.R. 713, 716 (Bankr. S.D. Ohio 1993) (estimation case referencing court-approved asbestos proof of claim form); *see also In re A.H. Robins Co.*, 862 F.2d 1092 (4th Cir. 1988) (approving required specialized proof of claim form); *In re Babcock & Wilcox Co.*, Case No. 00-0558 (Bankr. E.D. La.) (October 30, 2000 Order, Docket No. 70) (approving Babcock & Wilcox Special Claims Form); *In re Celotex Corp.*, 204 B.R. 586, 593 (Bankr. M.D. Fla. 1996) (discussing court-approved special asbestos proof of claim form).

The fact that the Asbestos PI Pre-Petition Litigation Proof of Claim Form can be completed by relying on the PI Questionnaire -- which claimants are already required to complete -- disposes of any argument that requiring such a proof of claim is burdensome. The alternative, completing Part II of the form (which is modeled after Official Bankruptcy Form 10) was recognized by the PI Committee as a simple task to complete:

> The Official Form (Form 10) recognizes this principle; it is a single page, with one page of instructions. Except for identifying data, claim amounts, and signatures, it can be completed entirely by checking boxes. The POC is a simple notice of the fact that a creditor is making a claim; it is not a detailed presentation of the evidence that would demonstrate the validity of the claim in the event it is challenged.

Objection of the Official Committee of Asbestos Personal Injury Claimants to Debtors' Motion for Entry of an Order Seeking Estimation of Asbestos Claims and Certain Related Relief (Docket

7314) at 28. In sum, the Asbestos PI Pre-Petition Litigation Proof of Claim Form can be completed with minimal time and effort.

**D.      The Procedures Proposed by the Debtors Provide Sufficient Notice of the Asbestos PI Pre-Petition Litigation Bar Date.**

The Debtors propose to provide notice by direct mail to counsel of record for each Asbestos PI Pre-Petition Litigation Claimant and, where such information is available, to each Asbestos PI Pre-Petition Litigation Claimant. The Debtors anticipate that, through their noticing agent, they will serve upon all persons or entities holding Asbestos PI Pre-Petition Litigation Claims (a) the Asbestos PI Pre-Petition Litigation Bar Date Notice, and (b) the Asbestos PI Pre-Petition Litigation Proof of Claim Form. The Debtors propose to serve the Asbestos PI Pre-Petition Litigation Bar Date Notice and Asbestos PI Pre-Petition Litigation Proof of Claim Form on counsel of record for all Asbestos PI Pre-Petition Litigation Claimants (and the claimants themselves where such information is available) via direct U.S. mail within ten (10) calendar days after entry of the Order approving this Motion and establishing the Asbestos PI Pre-Petition Litigation Bar Date.

To determine the adequacy of notice given to a creditor, bankruptcy law distinguishes between "known" and "unknown" creditors. *See Chemetron Corp. v. Jones (In re Chemetron Corp.)*, 72 F.3d 341, 346 (3d Cir. 1995). As the Third Circuit in *Chemetron* explained, "[k]nown creditors must be provided with actual written notice of a debtor's bankruptcy filing and bar claims date. For unknown claimants, notification by publication will generally suffice." *Id.* at 346 (citations omitted). A "known" creditor is one whose identity is either known or is "reasonably ascertainable by the debtor." *Id.* (*citing Tulsa Professional Collection Serv., Inc. v.*

12

*Pope*, 485 U.S. 478, 490 (1988)). An "unknown" creditor is one whose "interests are either conjectural or future or, although they could be discovered upon investigation, do not in due course of business come to knowledge [of the debtor]." *Chemetron*, 72 F.3d at 346 (*citing Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 317 (1950)).

The Debtors submit that the proposed notice program respecting the Asbestos PI Pre-Petition Litigation Bar Date more than satisfies the *Chemetron* standard. Unlike the more common bar date request, the names and identities of all potential Asbestos PI Pre-Petition Litigation Claimants are known to the Debtors. Indeed, to qualify as such, a claimant must have filed a pre-petition lawsuit against one or more of the Debtors. Thus, due to the applicable service requirements in the underlying actions, the entire universe of potential Asbestos PI Pre-Petition Litigation Claimants and/or their counsel of record are believed to be known and, indeed, have already been served with the PI Questionnaire. Consequently, the Debtors submit that a direct notice campaign with respect to the Asbestos PI Pre-Petition Litigation Bar Date will be sufficient to capture the entire universe of affected claimants. Indeed, there is no need for the Debtors' estates to incur the additional expense and burden associated with publication of the Asbestos PI Pre-Petition Bar Date Notice when all affected creditors will receive direct notice of such bar dates.

[REMAINDER OF PAGE INTENTIONALLY BLANK]

13

## CONCLUSION

Wherefore, the Debtors respectfully request that the Court enter an order: (i) approving

the Asbestos PI Pre-Petition Litigation Proof of Claim Form; (ii) establishing January 12, 2006

as the Asbestos PI Pre-Petition Litigation Claims Bar Date by which any person or entity who

fails to complete and file an Asbestos PI Pre-Petition Litigation Proof of Claim shall be forever

barred, estopped and enjoined from asserting any Asbestos PI Pre-Petition Litigation Claim

against any of the Debtors or the Section 524(g) trust, or receiving distributions under any plan

or plans of reorganization in these Chapter 11 cases in respect of an Asbestos PI Pre-Petition

Litigation Claim; and (iii) approving the Asbestos PI Pre-Petition Litigation Bar Date Notice.

Dated: Wilmington, Delaware
       October 10, 2005

                              Respectfully submitted,

                              KIRKLAND & ELLIS LLP
                              David M. Bernick
                              Salvatore Bianca
                              200 East Randolph Drive
                              Chicago, IL 60601
                              Telephone:    (312) 861-2000
                              Facsimile:    (312) 861-2200

                              KIRKLAND & ELLIS LLP
                              Barbara Harding
                              David Mendelson
                              655 Fifteenth Street, NW
                              Washington, D.C. 20005
                              Telephone:    (202) 879-5000
                              Facsimile:    (202) 879-5200

                              -and-

PACHULSKI, STANG, ZIEHL, YOUNG,
JONES & WEINTRAUB P.C.

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone:     (302) 652-4100
Facsimile:     (302) 652-4400

DOCS_DE:112227.1