# EXHIBIT "E"

```
                    UNITED STATES BANKRUPTCY COURT
                         DISTRICT OF DELAWARE

IN RE:                              . Case No.  01-1139 (JFK)
                                    .
                                    .
  W.R. GRACE & CO.,                 . Courtroom A, 54th Floor
                                    . U.S. Steel Tower
                                    . Pittsburgh, PA
              Debtor.               .
                                    . July 19, 2005
. . . . . . . . . . . . . . . . . . . 8:42 a.m.

                         TRANSCRIPT OF HEARING
                BEFORE HONORABLE JUDITH K. FITZGERALD
                 UNITED STATES BANKRUPTCY COURT JUDGE
```

APPEARANCES:

For the Debtors:            Pachulski, Stang, Ziehl, Jones &
                            Weintraub, P.C.
                            By: DAVID CARICKHOFF, ESQ.
                            919 North Market Street, 16th Fl.
                            Wilmington, Delaware  19899

                            Kirkland & Ellis LLP
                            By: DAVID BERNICK, ESQ.
                                MICHELLE H. BROWDY, ESQ.
                                JANET BAER, ESQ.
                                BARBARA HARDING, ESQ.
                            200 East Randolph Drive
                            Chicago, Illinois  60601

Audio Operator:             Cathy Younker

Proceedings recorded by electronic sound recording, transcript
              produced by transcription service.

---

J&J COURT TRANSCRIBERS, INC.
268 Evergreen Avenue
Hamilton, New Jersey 08619
E-mail:  jjcourt@optonline.net

(609) 586-2311   Fax No.  (609) 587-3599

1  dollars.  Now, on hazard the only thing that I will show beyond
2  what we've talked about so far is that when you actually get to
3  the air data, we now have got summaries that have been done,
4  really with air data taken from buildings all over the country.
5  And you can see here there's an OSHA action level of .1 fibers
6  per milliliter of air.  These are fibers greater than five
7  microns.  And you can see, if you aggregate the data from
8  schools, public buildings, universities, commercial properties
9  and residential, this is what your air data shows.  It shows,
10 you know, vanishing fractions of that action level.  So, the
11 question about whether this asbestos in place needs to be
12 removed is very much a live issue, and we're here under
13 Daubert.  And if that constitutes an unreasonable risk under
14 methodologies that are available to the scientific community in
15 the risk models, then we lose.  But if, under the methodologies
16 that are in those models, these are -- these are background
17 levels of risk, asbestos is everywhere, these are background
18 levels of risk, then we win.  And it's not a question of
19 displacing state law at all, it's a question of applying state
20 law at the federal standards of evidence.
21          So, we come back to the P.D.'s three principal
22 objections.  First, they say, well, there's no real need to do
23 the gateway objections.  Your Honor has already heard this.
24 We're very focused on timing there.  We've got to get it out of
25 the way.  Estimation, phase one.  They say constructive notice

1  by June.  We'll know what these claims are worth, and that will
2  be it.
3          THE COURT:  Okay.  Let's go to it.  I believe that
4  the sensible conclusion to this is the following.  Number one,
5  the debtor ought to pursue what we have collectively kind of
6  referred to as the gateway objections.  They ought to be
7  pursued.
8          MR. BAENA:  And regular objections, too.
9          THE COURT:  The regular objections.
10         MR. BAENA:  Substantive and gateway objections.
11         THE COURT:  Substantive and gateway objections ought
12 to be pursued, period, end of story.  Let's go to them.  With
13 respect to the estimation, I believe it's appropriate, once
14 those gateway objections are determined, in fact, probably even
15 while they're being determined, to go forward with discovery as
16 to whatever the debtor isn't going to object to on a
17 substantive matter, and to get supplemental reports after you
18 get some rulings with respect to what is or isn't going to be
19 allowed, because if the claims are not allowed they are not
20 going to be estimated.  They are already valued at zero.  If
21 they are allowed we still have to figure out what their worth
22 is for purposes of a distribution coming out of this estate.
23 So, they have to be estimated.
24         MR. BAENA:  Agreed.
25         THE COURT:  Okay.  So, I think, although you're still

using different words, and there's still an issue about whether there should be, I guess, the phase two process in here, because phase one is the substantive portion of this --

MR. BAENA: Correct.

THE COURT: And phase three is the ultimate trial --

MR. BAENA: Correct.

THE COURT: -- the only question is whether or not to do a separate <u>Daubert</u> proceeding. And I think that's appropriate if the debtor wants to bring those motions, or the committee does. I mean, it can also be done as part of the substantive. It doesn't really matter much. It has to be done. If the debtor's view is correct that it will, because of the science that -- the standard, whether it's going to be dust, or air, or both, that can then be used at the main trial, is determined as a result of that hearing, makes sense. If the debtor is correct about that it might make sense to hear some of that evidence first so I can determine what I'm going to hear at the trial. But if you have to get geared up for it, whether it's a preliminary or whether it's part of the trial, I don't care where it's done. It has to be done. I need to know whether using dust samples is an appropriate methodology to get me to the estimation of these claims. I need to know that. So, it has to be done somewhere. I don't know that <u>Armstrong</u> is the means all and end all in this case. It's a different product, a different application. I don't know whether the

295

## CERTIFICATION

We, TAMMY DeRISI and PATRICIA C. REPKO, court approved transcribers, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter to the best of our ability.


/s/ Tammy DeRisi                    Date:  July 28, 2005
TAMMY DeRISI


/s/ Patricia C. Repko
PATRICIA C. REPKO

J&J COURT TRANSCRIBERS, INC.