To: United States Bankruptcy Court
For the District of Delaware

In Re W.R. Grace & Co.,et.al.

Case No. 01-01139 (JKF)

Claimant: Clifford M. Spingler
1233 N.W. 199th Pl.
Shoreline, WA 98177

Claim No. CN 00005986 3-25-2003

PETITION TO OPPOSE DEBTORS' FIFTEENTH OMNIBUS OBJECTION (SUBSTANTIVE) TO ASBESTOS PROPETY DAMAGE CLAIMS

Claim is based on installation of ceiling acoustical material (commonly called "popcorn ceiling") in Claimant's residence which was constructed in 1972.

Debtor makes several allegations in their objection relative to this claim Below are Claimants responses to each allegation.

Exhibit C-2 Debtor claims that no documents have been submitted to support this claim. They raise three points: (1) Objection indicates that Claimant had documentation of the product but did not furnish such documentation. Claimant has no documentation relating to the purchase of the material or its installation. Original claim made no statement relative to possession of any documentation regarding the product. No documents have been submitted because Claimant does not possess any such documentation. (2) Question 22 and 23 on the original claim form dealt with any effort to remove or contain the product. On the original claim form, Claimant indicated that the material was painted over to contain the material. There are no documents relative to this containment effort as the work was performed by the Claimant. . (3) Attached is a laboratory report showing the material contains asbestos (Attachment No. 1). This was provided to the debtor by letter dated September 24, 2003 as a follow-up response to debtors' Second Omnibus Objection. Based on the information originally submitted by letter dated August 1, 2003, debtors withdrew their objection to this claim by letter to the Claimant dated August 18, 2003.

Exhibit C-3 (C) Debtor alleges that Claimant failed to provide any product identification in response to Question 3-C-13 on original claim form. This material was installed in the residence prior to the purchase and Claimant has attempted to determine the manufacture of this material through the builder. The builder has advised that he does not remember the installer who applied the material and has no documentation as to its manufacture. Claimant has no documentation identifying the manufacture of the ceiling material.

In the entire period since submission of the original claim in March 2003, debtors have not contacted claimant except to acknowledge receipt of material and did not raise this issue in the Second Omnibus Objection on 2003.

Exhibit D-2  Debtor originally raised this issue in their Objection, but withdrew it is subsequent filings.

Exhibit D-4  Claimant was originally aware of a possible problem from news accounts and filed this claim after reading a legal notice relative to the Chapter Eleven filing of W.R. Grace. Actual notice should run from the date claimant became aware of the pending legal action of the debtor, and not some undefined prior point in history. This issue was not raised by debtors in their Second Omnibus Objection nor in any subsequent Objection relative to the Claimant, and therefore they should be barred from raising it at this late date.

Exhibit D-6  Debtors do not come to this court with "clean hands" in this massive Fifteenth Omnibus Objection and are attempting to include any and every allegation possible to expunge legitimate claims. This issue of laches should have been raised by debtors much earlier and included in their prior objections. Claimant cannot conceive as to how this claim "unreasonably prejudiced Grace" and thus should be barred. The Court is urged to disregard the claim of laches.

Exhibit E-1  See comments under exhibit C-2 above. Ceiling material has been tested by claimant and the results furnished to debtors by letter dated September 24, 2003. (See attachment No. 1)

The original claim form did not require any statement of damages or claim amount. Debtors have never requested a claim amount from the Claimant; however, attached to this petition, for the benefit of the Court, is an estimate for the removal of the asbestos contaminated material and subsequent repair and painting of the ceilings in the aggregate amount of $7,308 plus WA State sales tax. (See attachment 2).

Claimant alleges that if debtors are not required to remove this material and restore the residence ceilings, the property value will be diminished and claimant will be required to bear the cost of removal prior to any sale. This economic loss is directly caused by the presence of asbestos in products that were, in all probability, manufactured and distributed by the debtor or one of its affiliated companies.

Claimant respectfully petitions this Court to deny debtors objection to this claim based on the information furnished above.

Shoreline, WA
October 12, 2005

Respectfully submitted,

*Clifford M. Spingler* (signature)

Clifford M. Spingler
Claimant
CN 00005986

Attachments:
1. Laboratory Report dated August 29, 2003
2. Estimate for removal of asbestos containing material from claimant's residence.

cc: Kirkland and Ellis, LLP
    200 E. Randolph Dr.
    Chicago, IL 60601

   Pachulski, Stang
   919 N. Market St. 16th Floor
   Wilmington, DE 19889

   Scott L. Baena
   Bilzin, Sumberg et.al
   First Union Financial Center
   200 So. Biscayne, Blvd, Suite 2500
   Miami, FL 33131

1233 NW 199th PL
Shoreline, WA 98177

September 24, 2003

Kirkland and Ellis LLP
200 East Randolph Drive
Chicago, IL 60601

Attn: Christian J. Lane

Reference: W.R. Grace and Co. Bankruptcy

Claim number: 00005986  3-25-2003

Dear Mr. or Ms. Lane:

As I stated in previous correspondence with you and the U. S. Bankruptcy Court, I have been in the process of having the ceiling acoustical material in my residence, at the above address tested. That testing has been completed and the material has been found to contain 5% asbestos. I am forwarding you a copy of the laboratory report and request you add it to my claim file.

Enclosed please find a copy of the laboratory report.

Very truly yours,

Clifford M. Spingler, claimant


cc with encl:
    Pachulski, Stang, Ziehl, Young, Jones and
    Weintraub P.C.
    919 North Market Street   16th Floor
    P.O. Box 8705
    Wilmington, DE  19899-8705

Attachment 1



**HAZARDOUS MATERIALS**
MANAGEMENT • TRAINING • LAB SERVICES

August 29, 2003

Clifford Spingler
1233 NW 199th Place
Shoreline, WA  98177

HAZARDOUS
MATERIALS
SERVICES

RE:    Bulk Asbestos Fiber Analysis; NVL Batch # 2311453.00

Dear Mr. Spingler,

Enclosed please find test results for the bulk samples submitted to our laboratory for analysis. Examination of these samples was conducted for the presence of identifiable asbestos fibers using polarized light microscopy (PLM) with dispersion staining in accordance with U.S. EPA/600/R-93/116 Test Method.



For samples containing more than one separable layer of materials, the report will include findings for each layer (labeled Layer 1 and Layer 2, etc. for each individual layer). The asbestos concentration in the sample is determined by visual estimation.



For those samples with asbestos concentrations between 1 and 10 percent based on visual estimation, the EPA recommends a procedure known as point counting (NESHAPS, 40 CFR Part 61). Point counting is a statistically more accurate means of quantification for samples with low concentrations of asbestos. If you would like us to further refine the concentration estimates of asbestos in these samples using point counting, please let me know.

This report is considered highly confidential and will not be released without your approval. Samples are archived for two weeks following analysis. Samples that are not retrieved by the client are discarded after two weeks.

Thank you for using our laboratory services. Please do not hesitate to call if there is anything further we can assist you with.

Sincerely,

Nick Ly, Technical Director

Enc.: Sample Results

NVL LABORATORIES, INC
4708 AURORA AVE N
SEATTLE, WA 98103.6516
TEL  206.547.0100
FAX  206.634.1936
nvllabs@nvllabs.com

www.nvllabs.com
1.888.NVL.LABS (685.5227)

# NVL Laboratories, Inc.

4708 Aurora Ave N, Seattle, WA 98103
Tel: 206.547.0100   Emerg.Pager: 206.344.1878
Fax: 206.634.1936   1.888.NVL.LABS (685.5227)

## CHAIN of CUSTODY SAMPLE LOG

**NVL** L A B S

Client: Cliford Springler
Street: 1233 NW 199th Pl
Shoreline, WA 98177

NVL Batch Number: 23-11453
Client Job Number: ___
Total Samples: 1

Project Manager: ___
Project Location: Same

Turn Around Time: ☐ 1-Hr  ☒ 24-Hrs  ☐ 4 Days
☐ 2-Hrs  ☐ 2 Days  ☐ 5 Days
☐ 4-Hrs  ☐ 3 Days  ☐ 6 to 10 Days

Please call for TAT less than 24 Hrs

Phone: 206-542-3298   Fax: 206-542-1838   Email address: ___

☐ Asbestos Air  ☐ PCM (NIOSH 7400)  ☐ TEM (NIOSH 7402)  ☐ TEM (AHERA)  ☐ TEM (EPA Level II)  ☐ Other ___
☒ Asbestos Bulk  ☒ PLM (EPA/600/R-93/116)  ☐ PLM (EPA Point Count)  ☐ PLM (EPA Gravimetry)  ☐ TEM Bulk

| METALS | Det. Limit | Matrix | | RCRA Metals | ☐ All 8 | Other Metals |
|---|---|---|---|---|---|---|
| ☐ Total Metals | ☐ ppm (AAS) | ☐ Air Filter | ☐ Paint Chips in cm | ☐ Arsenic (As) | ☐ Mercury (Hg) | ☐ All 3 |
| ☐ TCLP | ☐ ppb (GFAA) | ☐ Drinking water | ☐ Waste Water | ☐ Barium (Ba) | ☐ Selenium (Se) | ☐ Copper (Cu) |
| | | ☐ Dust/wipe (Area) | ☐ Other | ☐ Cadmium (Cd) | ☐ Silver (Ag) | ☐ Nickel (Ni) |
| | | ☐ Soil | | ☐ Chromium (Cr) | | ☐ Zinc (Zn) |
| | | ☐ Paint Chips in % | | ☐ Lead (Pb) | | |

☐ Other Types of Analysis  ☐ Fiberglass  ☐ Nuisance Dust  ☐ Other (Specify) ___
☐ Silica  ☐ Respirable Dust

Condition of Package: ☐ Good  ☐ Damaged (no spillage)  ☐ Severe damage (spillage)

| Seq. # | Lab ID | Client Sample Number | Comments (e.g Sample are, Sample Volume, etc) | A/R |
|---|---|---|---|---|
| 1 | | 01 | | |
| 2 | | | | |
| 3 | | | | |
| 4 | | | | |
| 5 | | | | |
| 6 | | | | |
| 7 | | | | |
| 8 | | | | |
| 9 | | | | |
| 10 | | | | |
| 11 | | | | |
| 12 | | | | |
| 13 | | | | |
| 14 | | | | |
| 15 | | | | |

| | Print Below | Sign Below | Company | Date | Time |
|---|---|---|---|---|---|
| Sampled by | | | | | |
| Relinquished by | Cliff Springler | [signature] | | 8/28/03 | |
| Received by | NC | [signature] | NVL | 8/28/03 | 3:20pm |
| Analyzed by | JN | [signature] | NVL | 8/29/03 | 8:19a |
| Results Called by | B | [signature] | | | |
| Results Faxed by | B | [signature] | | 8/29/03 | 8:12p |

**Special Instructions:** Unless requested in writing, all samples will be disposed of two (2) weeks after analysis.

Clifford M. Springler    $30

# NVL Laboratories, Inc.

4708 Aurora Ave. N., Seattle, WA 98103
Tel: 206.547.0100,    Fax: 206.634.1936
www.nvllabs.com

NVLAP
#102063

## Bulk Asbestos Fibers Analysis
By Polarized Light Microscopy

Client: Clifford Spingler
Address: 1233 NW 199th Place
Shoreline, WA  98177
Attention: Mr. Clifford Spingler
Project Location: 1233 NW 199th Place

**Batch #: 2311453.00**
Samples Received: 1
Samples Analyzed: 1
Method: EPA/600R-93/116

---

**Lab ID : 23072097    Client Sample #: 01**
Location:  1233 NW 199th Place
Layer 1 of 1   Description:  White lumpy foamy material

| Non-Fibrous Materials: | Other Fibrous Materials:% | Asbestos Type: % |
|---|---|---|
| Synthetic foam, Binder/filler | Cellulose   3% | Chrysotile   5% |

---

Sampled by: Client
Analyzed by: Wei Long Tai         Date: 08/29/2003
Reviewed by: Nick Ly              Date: 08/29/2003        Nick Ly, Technical Director

Note: If samples are not homogeneous, then subsamples of the components were analyzed seperately. All bulk samples are analyzed using EPA 600/R-93/116 Method with the following measurement uncertainties for the reported % Asbestos (1%=0-3%, 5%=1-9%, 10%=5-15%, 20%=10-30%, 50%=40-60%). This report relates only to the items tested. If sample was not collected by NVL personnel, then the accuracy of the results is limited by the methodology and acuity of the sample collector. This report shall not be reproduced except in full, without written approval of NVL Laboratories, Inc. It shall not be used to claim product endorsement by NVLAP or any other agency of the US Government.

# PROPOSAL/AGREEMENT

October 11, 2005

Cliff and June Spingler
1233 NW 199th Place
Shoreline, WA 98177

Dear Cliff and June:

We propose to furnish all materials, labor, tools, equipment, supervision and management of every kind for the removal of popcorn ceilings, skim coat, prep for paint, paint 1 color and remove and replace existing light fixtures. Bid includes hall, bedroom #1, bedroom #2, master bedroom and lower floor as necessary, per our discussions with you. Our estimate is based on the best standard practices of the residential construction industry and is intended to be billed on a time and materials basis as follows:

**TOTAL ESTIMATE AMOUNT:**     $7,308.00     **PLUS SALES TAX**

**Labor @ $80.00 per hour**

**Materials @ cost plus 35%**

**Plus Sales tax**

Proposal is subject to revision or withdrawal after 10 days.

A deposit of ($3,500.00) is required upon signing. Please sign and date both copies, keep one for your records and return one to us along with your deposit.

Thank you for giving us the opportunity once again to assist you with your project.

Dated:_____     Dated:_____

Westhill Inc.
                                  _____
                                  Cliff Spingler           or
By: _____
    Tim Russell, CGR, CAPS        _____
    Sales Manager                 June Spingler

TOTAL P.02

Attachment 2