IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

-------------------------------------------------x
In re:                                           :
                                                 :    In Chapter 11
          W.R. GRACE & CO., et al.,              :
                                                 :    Case No. 01-01139 (JKF)
                    Debtors                      :    (Jointly Administered)
-------------------------------------------------x

### RESPONSE OF THE CITY OF PHILADELPHIA
### TO DEBTORS' FIFTEENTH OMNIBUS OBJECTION (SUBSTANTIVE)
### TO ASBESTOS PROPERTY DAMAGE CLAIMS
### <u>REGARDING CLAIM # 11314</u>

TO THE HONORBALE JUDITH K. FITZGERALD,
UNITED STATES BANKRUPTCY JUDGE:

AND NOW, comes the City of Philadelphia, (the "City"), by and through its Counsel, ROMULO L. DIAZ, City Solicitor, CYNTHIA WHITE, Chief Deputy City Solicitor, and JOSEPH DIGIUSEPPE, Deputy City Solicitor, pursuant to 11 U.S.C. §§ 501 (a) and 502 (b), F.R.B.P. 3007, and the Case Management Order for the Adjudication of Asbestos Property Damage Claims of this Court dated August 29, 2005, to respond to the Debtors' Fifteenth Omnibus Objection (Substantive) to the asbestos property damage claim of the City, *i.e.*, Claim No. 11314. The City avers the following in support thereof:

### **BACKGROUND**

1. On April 2, 2001, the captioned Debtors filed a voluntary petition for protection from creditors pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2.      The Debtors have continued in the operation of their business and the possession of their property as debtors-in-possession under Bankruptcy Code §§ 1107 and 1108.

3.      On September 1, 2005, the Debtors filed the Debtors' Fifteenth Omnibus Objection (Substantive) with this Court.

4.      The Omnibus Objection seeks to disallow and expunge, *inter alia*, Claim No. 11314, timely filed by the City on or about March 28, 2003.

5.      The City is filing the captioned Response to the Debtors' Objections to the City Claim, as such Objections are without merit.

## RESPONSE TO DEBTORS' OBJECTIONS

### First Objection – Exhibit C-1 (C)
### Missing basic information about property at issue

6.      The City accurately provided the relevant information requested on the W.R. Grace & Co. Asbestos Property Damage Proof of Claim Form, Part 3, including, but not limited to: (1) the property's use; (2) the approximate date that the property was built; (3) the property's approximate square footage; and/or (4) number of floors. As such, this Objection does not accurately reflect the information provided by the City in Part 3 of the W.R. Grace & Co. Asbestos Property Damage Proof of Claim Form.

7.      At all times, the City provided to the Debtors sufficient documentation to support its claim.

**Second Objection – Exhibit C – 1 (D)**
**Missing basic information about claimant's knowledge**

8.  The Objection asserts that the City provided insufficient information on the W.R. Grace & Co. Asbestos Property Damage Proof of Claim Form regarding the City's knowledge of asbestos on the subject property. In fact, however, the City directly answered the questions provided on the Asbestos Property Damage Proof of Claim Form regarding: (1) date of installation of the product; (2) the date the City learned that the product at issue contained asbestos; and (3) the date the claimant learned of presence of asbestos on the property. Regarding previous subject property-related asbestos damage litigation, the City had no information to provide to the Debtors, as the City was involved in no previous asbestos-related litigation regarding the subject property.

9.  At all times, the City provided sufficient documentation to the Debtors to support its claim.

**Third Objection – Exhibit C -3**
**Claims supplying documentation relating to product identification, but such documentation is insufficient to establish use of a grace asbestos-containing product**

10.  The Debtors' allegation in its Objection is demonstrably incorrect as the City attached to the W.R. Grace & Co. Asbestos Property Damage Proof of Claim Form a materials analysis report prepared by Materials Analytical Services, Inc., identifying W.R. Grace as the manufacturer of the subject asbestos.

**Fourth Objection – Exhibit D - 2**
**Claims barred by Statutes of Limitation (Constructive Notice)**

11.  The Objection states a Conclusion of Law to which the Federal Rules of Civil Procedure do not require a response.

12.  To the extent a response is required, the Objection fails to cite either

3

statutory or case law supporting its vague and general assertion that Pennsylvania Statute(s) of Limitation bar(s) the City's claim.

13. Under Bankruptcy Code § 502 (a) and Fed. R. Bankr. P. 3001 (f), a properly filed Proof of Claim is *prima facie* valid. If a party in interest objects to such claim, such objecting party bears the evidentiary burden invalidating the claim.

14. The Debtors have offered no evidence or authority to disallow the City claim, and have asserted only a bald allegation. As such, the Debtors have failed to meet their burden establishing the invalidity of the City claim.

### Fifth Objection – Exhibit D - 6
### Claims barred by laches

15. The Objection states a Conclusion of Law to which the Federal Rules of Civil Procedure do not require a response.

16. To the extent a response is required, the Debtors have presented no statutory or case law authority in support of its Objection.

17. Under Bankruptcy Code § 502 (a) and Fed. R. Bankr. P. 3001 (f), a properly filed Proof of Claim is *prima facie* valid. If a party in interest objects to such claim, such objecting party bears the evidentiary burden invalidating the claim.

18. The Debtors have offered no evidence or authority to disallow the City claim, and have asserted only a bald allegation. As such, the Debtors have failed to meet their burden establishing the lack of validity of the City claim.

### Sixth Objection - Exhibit E – 1
### Claims providing no measurement of relevant asbestos claims

19. The Objection asserts that the City provided insufficient information on the W.R. Grace & Co. Asbestos Property Damage Proof of Claim Form. In fact, the

4

portion (*i.e.*, questions 26 through 29), of such Asbestos Property Damage Proof of Claim Form did not <u>require</u> any air sampling data, but only requested that such data be attached to such Property Damage proof of Claim form <u>if</u> such a sampling were performed. As such, Debtors' Objection based on any alleged City "failure" to provide such information lacks any merit whatsoever.

20.    At all times, the City provided sufficient documentation to Debtors to support its claim.

WHEREFORE, the City respectfully requests that this Court OVERRULE the Debtors' cited Objections, and SUSTAIN the asbestos damage claim of the City, in full.

> Respectfully submitted,
>
> ROMULO L. DIAZ,
> City Solicitor
>
> CYNTHIA WHITE,
> Chief Deputy City Solicitor
>
> BY: /s/ Joseph DiGiuseppe
> JOSEPH DIGIUSEPPE,
> Deputy City Solicitor
> City of Philadelphia Law Department
> Tax Unit
> One Parkway Building
> 1515 Arch Street
> 15th Floor
> Philadelphia, Pennsylvania, 19102-1595
> Phone:(215) 683-5350
> Facsimile: (215) 683-5298
>
> Attorneys for the City of Philadelphia

Dated: October 18, 2005
Philadelphia, Pennsylvania

5

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------x
In re:                                          :
                                                :   In Chapter 11
W.R. GRACE & CO., et al.,                       :
                                                :   Case No. 01-01139 (JKF)
          Debtors                               :   (Jointly Administered)
------------------------------------------------x

## CERTIFICATE OF SERVICE

I, JOSEPH DIGIUSEPPE, DEPUTY CITY SOLICITOR, City of Philadelphia Law Department, Tax Unit, hereby affirm that I have had delivered, via UPS Overnight Delivery, a true and correct copy of the Response of the City of Philadelphia to the Debtors' Fifteenth Omnibus Objection this 18th day of October, 2005, upon the parties listed below:

Kirkland & Ellis LLP
Attn: Katherine Phillips
200 East Randolph Drive
Suite 6500
Chicago, Illinois 60601

Pachulski, Stang, Young, Jones & Weintraub P.C.
Attn: David W. Carickhoff, Jr.,
919 Market Street
16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705

Joseph DiGiuseppe,
Deputy City Solicitor

6