STEVEN M. WOODSIDE #58684
County Counsel
MARK BARTHOLOMEW #210883
Deputy County Counsel
County of Sonoma
575 Administration Drive, Rm. 105A
Santa Rosa, California 95403-2881
Telephone:   (707) 565-2421
Telefax:      (707) 565-2624

Attorneys for Claimant
the County of Sonoma

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| W.R. GRACE & CO., et al., | Case No. 01-01139 (JKF) |
| Debtors. | Jointly Administered |
| _____/ | PD Claim Number 5586 |
| | Building:  Sonoma County Hall of Justice and Jail |
| | **Hearing Date:  November 14, 2005, 12:00 p.m.** |

### CLAIMANT COUNTY OF SONOMA'S RESPONSE TO DEBTORS' FIFTEENTH OMNIBUS OBJECTION (SUBSTANTIVE) TO ASBESTOS PROPERTY DAMAGE CLAIMS

Claimant, the COUNTY OF SONOMA (the "County"), whose secured claim in this case was timely submitted on March 20, 2003 and has been designated Claim # 5586,[1] hereby submits this Response and Opposition to the Debtors W.R. GRACE & CO., et al. (The "Debtors") Fifteenth Omnibus Objection (Substantive) To Asbestos Property Damage Claims (the "Objection").

In their Objection, the Debtors offer several arguments for why the County's claim

---

[1] The County's claim was filed as claim number 1018176.

1    must be disallowed.  Debtors allege that the County's claim should be dismissed because

2    it did not attach sufficient documentation to its Proof of Claim form (Section C-2).

3    Debtors also argue that: the County is seeking recovery for a product not manufactured by

4    Debtors (Section C-4); the County's claims should be barred as untimely by the doctrines

5    of constructive notice, statutes of limitation, and laches (Sections D-2, D-4, and D-6); and

6    the County did not provide documentation reflecting the asbestos levels of the County

7    properties at issue (Section E-1).  For the following reasons, all of the Debtors' arguments

8    are invalid and the County's claim should be allowed to continue through the claims

9    estimation process.

**I.    THE COUNTY PROVIDED SPECIFIC DOCUMENTATION OF THE INSTALLATION OF DEBTOR'S PRODUCT AND THE PRESENCE OF ASBESTOS (C-2).**

Although not specifying the exact defect in the County's Proof of Claim, Debtors contend that the County either:

> (1) indicated that it has documentation "relating to the purchase and/or installation of the product on the property" but did not attach the documents; or

> (2) indicated that it "made an effort to remove, contain and/or abate the Grace product" but did not attach documentation reflecting same; or

> (3) did not attach documents "relating to the purchase and/or installation of the product in the property" and did not attach documents "relating or referring to the presence of asbestos in the property for which you are making this claim."

Objection at 24-25.  Debtors are incorrect on all three counts; the County did supply the information requested on the proof of claim form and its claim should be allowed to proceed.

**A.    The County Attached Documentation Relating to Its Purchase and/Or Installation of The Debtor's Product on Its Property.**

Question No. 16 of the Proof of Claim form asks the claimant whether it has "documentation relating to the purchase and/or installation of the product in the property."  If the claimant checks "Yes," the Proof of Claim form asks the claimant to

1    attach such documentation or provide a summary.

2    The County checked "Yes" on its Proof of Claim form and attached the supporting

3    documentation.[2]  Attached to the Proof of Claim was a photocopy of page A-45 of

4    construction blueprints labeled "Sonoma County Hall of Justice and Jail" by J. Clarence

5    Feliciano, A.I.A., et al., dated June 28, 1962.  The photocopy contains a diagram of a

6    building owned by Sonoma County.  On the document is a structural drawing of beams

7    within the building.  The document explains that "Zonolite–Mono-Kote" was "applied

8    direct to structural steel member."  Thus, the documentation submitted by the County

9    satisfies Question No. 16's requirement that "documentation relating to the purchase

10   and/or installation of the property" be provided.

11

12   **B.      The County Did Not Attempt to Remove the Debtors' Product and,**
13   **Therefore, Was Not Obligated to Attach Any Documents Reflecting**
         **Such an Attempt.**

14
15   Question No. 22 of the Proof of Claim form asks if the claimant or someone acting
16   on the claimant's behalf made an effort to remove, contain, and/or abate the Debtor's
17   product, and to attach any documents reflecting these efforts.  The County indicated that
18   it had not attempted to remove the Debtor's product at the time that it filed its proof of
19   claim, and, therefore, had no documents to attach with regard to Question No. 22.

20   **C.      The County Attached Documentation Reflecting Testing for The**
21   **Presence of Asbestos on Its Property.**

22   Question No. 26 of the Proof of Claim form asks the claimant whether "you or
23   anyone on your behalf ever conducted any testing or sampling for the presence of
24   asbestos or other particulates in the property," and to attach any relevant documents.  The
25   County answered affirmatively that such testing or sampling had been done and attached
26
27
──────────────────
28   [2]For the Court's convenience, a copy of the County's Proof of Claim is attached to
     this Response as Exhibit A.

the relevant documentation.  More specifically, the County attached three pages of laboratory analysis results from air sampling performed at the Hall of Justice, Sonoma County Jail, by Multi-Tech Laboratories, Inc.  The results specifically mention "Asbestos in Bulk Materials" and indicate the volume air sampled as well as the sampling time. Because this documentation obviously reflects testing for the Debtor's product, the County satisfied the requirements of Question No. 26.

## II.  THE COUNTY HAS PROVIDED SUFFICIENT EVIDENCE OF THE PRESENCE OF DEBTORS' PRODUCT (C-4).

At the same time that Debtors contend that no sampling data was submitted by the County, Debtors also contend that the County did provide sampling data but the data is "insufficient to determine the presence of a non-Grace product in addition to a Grace product." Objection at 30.  Debtors offer no authority for the proposition that it is incumbent upon claimants at this stage in the proceedings to present evidence demonstrating that their sampling data rules out non-Grace products.  The evidence attached to the County's proof of claim is all that is required.  *See* Fed. R. Bankr. P. 3001(f) ("A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim."); *see also* 9 *Collier on Bankruptcy,* ¶ 3001.09[2], at p.3001-27 (15th ed. 2005) ("The party objecting to the claim has the burden of going forward and of introducing evidence sufficient to rebut the presumption of validity.").

The County also notes that Debtors admit that they only made this objection "[o]ut of an abundance of caution," and they "are not seeking at this point to disallow or expunge" claims on this ground.  Objection at 31.

## III.  THE COUNTY'S CLAIM WAS NOT BROUGHT TOO LATE. (D-2, D-4, D-6).

It is not appropriate to address Debtors' contentions regarding the timeliness of the County's claim at this stage.  The County responds that it should be allowed to present

evidence and argument regarding its individual claim *if* there is an actual factual dispute as to constructive or actual notice. The County should also be entitled to review the "five-step" algorithm employed by the Debtors to determine that their claim is barred by the statute of limitations. It is W.R. Grace's burden to demonstrate when the asbestos contamination occurred. *See California Sansome Co. v. U.S. Gypsum*, 55 F.3d 1402, 1405-06 (9th Cir. 1995).

At this point, Debtors have offered no evidence of prejudice as required to assert an affirmative defense of laches under California law. *See Lam v. Bureau of Sec. & Investigative Services*, 34 Cal. App. 4th 29, 39 (1995). Nor have they demonstrated that the County's damages from their product manifested before the statute of limitations period had run. It is not enough to assert that the County should have known about the generalized dangers of asbestos in 1983 because of reports in the press. The mere presence or knowledge of asbestos is insufficient to trigger the statute of limitation. *State Farm Mut. Auto Ins. Co. v. W.R. Grace & Co.*, 834 F. Supp. 1036, 1048-49 (C.D. Ill. 1992). Instead, the key question is when the County had knowledge that asbestos was being released from the building materials and that it presented a hazard. *Id.* Moreover, if Debtors were aware of the danger of their product but chose not to alert the County of those dangers, then the applicable limitations period should be tolled under the doctrine of fraudulent concealment.

## IV. THE COUNTY ATTACHED PROOF OF HAZARDOUS LEVELS OF ASBESTOS TO ITS PROOF OF CLAIM (E-1).

Finally, the County rejects Debtors' argument that it has provided insufficient evidence of asbestos levels on County property. As noted above, the County attached three pages of laboratory analysis to its proof of claim. These pages list air sampling results performed at the Hall of Justice, Sonoma County Jail, by Multi-Tech Laboratories, Inc. The results specifically mention "Asbestos in Bulk Materials" and indicate the

1  volume of air sampled as well as the sampling time.  Given that Debtors themselves

2  describe air sampling for asbestos as "widely accepted" (Objection at 39), the

3  documentation submitted by the County is sufficient to show that Debtors' products

4  created an unreasonable risk of harm and require abatement.

6  **CONCLUSION**

8  Based on the foregoing, the County of Sonoma requests that this Court overrule

9  the Debtor's Fifteenth Omnibus Objection as it applies to Sonoma County's Claim.

11  Dated: October 19, 2005                STEVEN M. WOODSIDE, County Counsel

12                                         By _____

13                                              Mark Bartholomew

14                                              Deputy County Counsel
                                                Attorneys for Claimant Sonoma County

CERTIFICATE OF MAILING

I am employed in the County of Sonoma, California; I am over the age of 18 years and not a party to the within action; my business address is 575 Administration Drive, Room 105A, Santa Rosa, California.  I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service and Federal Express overnight service.

On October 19, 2005, following ordinary business practice, I served the "CLAIMANT COUNTY OF SONOMA'S RESPONSE TO DEBTORS' FIFTEENTH OMNIBUS OBJECTION (SUBSTANTIVE) TO ASBESTOS PROPERTY DAMAGE CLAIMS" on the following listed party(ies), in the said cause, by placing on that date at my place of business, a true copy thereof, enclosed in a sealed envelope, for collection and mailing via overnight mail with Federal Express that same day in the ordinary course of business, addressed as follows:

Katherine Phillips
Kirkland & Ellis LLP
200 East Randolph Drive, Suite 6500
Chicago, IL 60601

David W. Carickhoff, Jr.
Pachulski, Stang, Ziehl, Young, Jones & Weintraub, P.C.
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that this declaration was executed on October 19, 2005, at Santa Rosa, California.

_Eileen Shired_
EILEEN SHIRED

**Exhibit A**

# W.R. GRACE & CO.
# ASBESTOS PROPERTY DAMAGE
# PROOF OF CLAIM FORM

*The United States Bankruptcy Court for the District of Delaware*
*In re: W.R. Grace & Co., et al., Debtors, Case No. 01-01139 (JKF)*
*(Jointly Administered)*

## SUBMIT COMPLETED CLAIMS TO:

**Claims Processing Agent**
**Re: W.R. Grace & Co. Bankruptcy**
**PO Box 1620**
**Faribault, MN 55021-1620**

For a complete list of the Debtors in this case, please see "The Debtors" section of the
*General Instructions for Completing Proof of Claim Forms.* The Debtors in this case are
collectively referred to in this document as "Grace".

If you have a current claim against Grace for property damage allegedly resulting from asbestos from a
Grace product *(other than Zonolite Attic Insulation)*, THIS ASBESTOS PROPERTY DAMAGE PROOF
OF CLAIM FORM MUST BE RECEIVED ON OR BEFORE 4:00 P.M. EASTERN TIME ON MARCH 31,
2003, or you will be forever barred from asserting or receiving payment for your claim.

# PAF: CLAIMING PARTY INFORMATION

**NAME:**

`CO U N TY  O F  S O NO MA`

*Name of individual claimant (first, middle and last name) or business claimant*

**SOCIAL SECURITY NUMBER (Individual Claimants):**   **F.E.I.N. (Business Claimants)**

(last four digits of SSN)                            `94` - `60 0 53 9`

**Other names by which claiming party has been known (such as maiden name or married name):**

| First | MI | Last |
|---|---|---|

| First | MI | Last |
|---|---|---|

**GENDER:**  ☐ MALE    ☐ FEMALE

**Mailing Address:**

`26 8 0  V EN TUR A  A V E NU E`

*Street Address*

`SA N TA  RO S A`                                    `C A`   `95 4 03`

*City*                                               *State*   *Zip Code*
                                                     *(Province)*  *(Postal Code)*

`UN I TE D  S T AT E S`

*Country*

# PART 2: ATTORNEY INFORMATION

**The claiming party's attorney, if any (You do not need an attorney to file this form):**

**Law Firm Name:**

`CO U NT Y  OF  S O ND MA, O FF I C E  OF  CO U NT Y  C O UN S E L`

**Name of Attorney:**

`W IL L IA M`          `L`  `A DA M S`

*First*                *MI*  *Last*

**Mailing Address:**

`5 75  AD MI N I ST RA T IO N  D R I VE  R M 1 05 A`

*Street Address*

`SA N T A  R OS A`                                   `C A`   `95 4 0 3`

*City*                                               *State*   *Zip Code*
                                                     *(Province)*  *(Postal Code)*

**Telephone:**

`7 07`  `56 5` - `2 4 21`

*Area Code*

# PART 3: PROPERTY INFORMATION

## A. Real Property For Which A Claim Is Being Asserted

1. What is the address of the real property for which a claim is being asserted (referred to herein as "the property")?

   6 00   ADMINISTRATION DRIVE
   *Street Address*

   SANTA ROSA
   *City*

   State (Province): C A
   Zip Code (Postal Code): 95 4 103

   UNITED STATES
   *Country*

2. Are you completing an Asbestos Property Damage Proof of Claim Form for any other real property other than the one listed at "1" above?

   ☐ Yes    ☒ No

3. Do you currently own the property listed in Question 1, above?

   ☒ Yes    ☐ No

4. When did you purchase the property?

   ___ - ___ - 1955
   Month   Day   Year

5. What is the property used for (check all that apply)
   - ☐ Owner occupied residence
   - ☐ Residential rental
   - ☐ Commercial
   - ☐ Industrial   Specify: _____
   - ☒ Other   Specify: Public Building: Sonoma County Hall of Justice

6. How many floors does the property have?   003

7. What is the approximate square footage of the property?   200 00 0

8. When was the property built?
   - ☒ Before 1969
   - ☐ 1969 - 1973
   - ☐ After 1973

9. What is the structural support of the property?
   - ☐ Wood frame
   - ☐ Structural concrete
   - ☐ Brick
   - ☒ Steel beam/girder
   - ☐ Other   Specify: _____

10. Have you or has someone on your behalf completed any interior renovations on the property which affected any asbestos on the property?

    ☒ Yes    ☐ No

## A. Real Property For Which Claim Is Being Asserted (continued)

If yes, please specify the dates and description of such renovations.

| Year | | Description |
|---|---|---|
| 1 98 6 | Description | Asbestos abatement of acoustical ceilings |
| Year | Description | |
| Year | Description | |

11. To the best of your knowledge, have any other interior renovations been completed on the property during any other period of time which affected any asbestos on the property?

☐ Yes   ☒ No

If yes, please specify the dates and descriptions of such renovations.

| Year | Description | |
|---|---|---|
| Year | Description | |
| Year | Description | |

## B. Claim Category

12. For which category are you making a claim on the property?

☒ Category 1:  Allegation with respect to asbestos from a Grace product in the property

☐ Category 2:  Allegation with respect to one of Grace's vermiculite mining, milling or processing operations

- If you checked Category 1 in question 12, complete section C.
- If you checked Category 2 in question 12, complete section D.

## C. Category 1 Claim: Allegation With Respect To Asbestos From A Grace Product In The Property

13. For what alleged asbestos-containing product(s) are you making a claim?

☐ Monokote-3 fireproofing insulation

☒ Other   Specify:  Zonolite Monokote

(For a list of the brand names under which Grace manufactured products that may have contained commercially added asbestos, see Exhibit 2 to the Claims Bar Date Notice provided with this Proof of Claim Form.)

14. When did you or someone on your behalf install the asbestos containing product(s) in the property?

| 1 9 62 | ☐ I did not install the product(s) |
|---|---|
| Year | |

15. If you or someone on your behalf did not install the asbestos containing product(s), to the best of your knowledge, when was/were the product(s) installed?

| | ☐ Don't know. |
|---|---|
| Year | |

16. Do you have documentation relating to the purchase and/or installation of the product in the property?

   ☒ Yes     ☐ No

If Yes, attach all such documents. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

17. If you do not have any such documents, explain why not and indicate who may have possession or control of such documents with respect to the property.

18. When did you first know of the presence of asbestos in the property of the Grace product for which you are making this claim?

   | 19 | 8 | 4 |
*Year*

Please attach all documents relating or referring to the presence of asbestos in the property for which you are making this claim. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

19. How did you first learn of the presence of asbestos in the property of the Grace product for which you are making this claim?

PLM Analysis from survey

20. When did you first learn that the Grace product for which you are making this claim contained asbestos?

   | 19 | 8 | 4 |
*Year*

21. How did you first learn that the Grace product for which you are making the claim contained asbestos?

PLM Analysis from survey

22. Have you or someone on your behalf made an effort to remove, contain and/or abate the Grace product for which you are making this claim?

   ☐ Yes     ☒ No

If Yes, attach all documents relating or referring to such efforts. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

23. If you do not have any such documents, explain why not and indicate who may have possession and control of such documents with respect to the property.

24. If you or someone on your behalf did not make an effort to remove, contain and/or abate the Grace product(s) for which you are making a claim, to the best of your knowledge, did anyone else make such an effort?

   ☐ Yes     ☒ No

25. If you responded Yes to question 22. or 24. and you have not supplied documents, please specify the dates and descriptions of any such efforts.

| | | |
|---|---|---|
| Year | Description | |
| Year | Description | |
| Year | Description | |

26. Have you or anyone on your behalf ever conducted any testing or sampling for the presence of asbestos or other particulates in the property?

☒ Yes     ☐ No     **If Yes, Attach All Documents Related To Any Testing Of The Property.**

27. If you responded Yes to question 26., but you have not provided documents, indicate who may have possession or control of such testing documents or where such documents may be located.

28. If you or someone on your behalf did not conduct any testing or sampling for the presence of asbestos or other particulates on the property, to the best of your knowledge, did anyone else conduct such testing or sampling with respect to the property?

☐ Yes     ☐ No

29. If you responded Yes to question 26. or 28. and you have not supplied related documents, please describe when and by whom and the type of testing and/or sampling (e.g. air, bulk and dust sampling).

| | | |
|---|---|---|
| Year | Company/Individual | |
| | Type of testing: | |
| Year | Company/Individual | |
| | Type of testing: | |
| Year | Company/Individual | |
| | Type of testing: | |

30. Has the Grace product or products for which you are making this claim ever been modified and/or disturbed?

☐ Yes     ☒ No

31. If yes, specify when and in what manner the Grace product or products was modified and/or disturbed?

| | | |
|---|---|---|
| Year | Description | |
| Year | Description | |
| Year | Description | |

**D.** **Category 2 Claim:   Allegati__ With Respect To One of Grace's V__cufite Mining, Milling or Processing Operations**

32. What is the business address or location of the Grace operation which has led to your claim?

Business Name

Street Address

City

State
(Province)

Zip Code
(Postal Code)

Country

33. If your claim relates to a personal residence, does (or did) anyone living in the household work for Grace?

☐ Yes        ☐ No

34. If yes, specify the following for each such individual:

| **Name of Individual Working at Grace Operation** | **Name of Individual Working at Grace Operation** |
|---|---|
| **Date of Birth** | **Date of Birth** |
| Month  Day  Year | Month  Day  Year |
| **Occupation(s) of Individual** | **Occupation(s) of Individual** |
| **Dates Worked at Operation** | **Dates Worked at Operation** |
| From:          To:          | From:          To:          |
| Year          Year | Year          Year |
| **Name of Individual Working at Grace Operation** | **Name of Individual Working at Grace Operation** |
| **Date of Birth** | **Date of Birth** |
| Month  Day  Year | Month  Day  Year |
| **Occupation(s) of Individual** | **Occupation(s) of Individual** |
| **Dates Worked at Operation** | **Dates Worked at Operation** |
| From:          To:          | From:          To:          |
| Year          Year | Year          Year |

35. When did you first know of the presence of asbestos on your property?

Year

9276106

1018176

36. How did you first learn of the presence of asbestos on your property?

Attach all documents relating or referring to the presence of asbestos on the property. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession or control of the document.

If you provide a summary of the documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

37. If you do not have any documents relating or referring to the presence of asbestos on the property, explain why not and indicate who may have possession or control of any such documents with respect to the property.

38. Have you or anyone on your behalf made an effort to remove, contain and/or abate the asbestos on your property?

☐ Yes          ☐ No

If Yes, attach all documents relating or referring to such efforts. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession or control of the document.

If you provide a summary of the documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

39. If you do not have any documents relating or referring to the removal, containment and/or abatement of the asbestos on your property, explain why not and indicate who may have possession and control of such documents with respect to the property.

40. If you or someone on your behalf did not make an effort to remove, contain and/or abate the asbestos on your property, to the best of your knowledge, did anyone else make such an effort?

☐ Yes          ☐ No

41. If you responded Yes to question 38. or question 40. and you have not supplied related documents, please specify the dates and descriptions of any such efforts.

| Year | Description |  |
| --- | --- | --- |

| Year | Description |  |
| --- | --- | --- |

| Year | Description |  |
| --- | --- | --- |

42. Have you or anyone on your behalf conducted any other testing or sampling for the presence of asbestos on your property?

☐ Yes     ☐ No

If Yes, attach all documents relating or referring to such efforts. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession or control of the document.

If you provide a summary of the documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

43. If you do not have any documents relating or referring to any other such testing or sampling for the presence of asbestos on your property, explain why not and indicate who may have possession or control of such documents with respect to the property.

44. If you or someone on your behalf did not conduct any other testing or sampling for the presence of asbestos on your property, to the best of your knowledge, did anyone else conduct such testing or sampling?

☐ Yes     ☐ No

45. If you responded Yes to question 42. or question 44. and you have not supplied related documents, please specify the dates and descriptions of any such efforts.

| Year | Description |  |
| --- | --- | --- |

| Year | Description |  |
| --- | --- | --- |

| Year | Description |  |
| --- | --- | --- |

46. Were you aware of the presence of asbestos on your property when you purchased your property?

☐ Yes     ☐ No

47. If you have sold the property, were you aware of the presence of asbestos on your property when you sold your property?

☐ Yes     ☐ No     ☐ Not Applicable, have not sold the property

# PART ASBESTOS LITIGATION 2 CLAIMS

## A. INTRODUCTION

1. Has any asbestos-related property damage lawsuit or claim been filed against Grace on behalf of this claiming party relating to the property for which you are making this claim?

   ☒ No

   ☐ Yes – lawsuit

   ☐ Yes – non-lawsuit claim (other than a workers' compensation claim)

2. Has any asbestos-related property damage lawsuit or claim been filed against any other party on behalf of this claiming party relating to the property for which you are making this claim?

   ☐ No

   ☐ Yes – lawsuit

   ☒ Yes – non-lawsuit claim (other than a workers' compensation claim)

   *If an asbestos-related property damage lawsuit has been filed by or on behalf of this claiming party relating to the property for which you are making a claim, complete Section B. below.*

   *If an asbestos-related property damage non-lawsuit claim has been made by or on behalf of this claiming party relating to the property for which you are making a claim, complete Section C. on the following page.*

## B. LAWSUITS

1. Please provide the following information about each asbestos-related property damage lawsuit which has been filed relating to the property for which you are making this claim or attach a copy of the face page of each complaint filed.

   a. Caption

   b. Court where suit **originally filed**:                    Docket No.:
      *County/State*

   c. Date filed:  _Month_  _Day_  _Year_

   a. Caption

   b. Court where suit **originally filed**:                    Docket No.:
      *County/State*

   c. Date filed:  _Month_  _Day_  _Year_

   a. Caption

   b. Court where suit **originally filed**:                    Docket No.:
      *County/State*

   c. Date filed:  _Month_  _Day_  _Year_

   (Attach additional pages if necessary.)

9276109                                    1018176

## C. NON-LAWSUIT CLAIMS

1. If the claiming party has made any claims relating to the property for which you are making a claim (including administrative claims) against anyone, that was not filed with a court of law, please provide the following information for each claim:

   a. Description of claim: **Asbestos property damage**

   b. Date submitted: 0 8 - 2 3 - 1 9 8 9
      Month  Day  Year

   c. Name of entity to whom claim was submitted:
      ☐ Grace
      ☒ Other  **Johns Manville Corp-Manville Property Damage Settlement Trust**
      Name of Entity

---

   a. Description of claim:

   b. Date submitted: ___ - ___ - ____
      Month  Day  Year

   c. Name of entity to whom claim was submitted:
      ☐ Grace
      ☐ Other
      Name of Entity

---

   a. Description of claim:

   b. Date submitted: ___ - ___ - ____
      Month  Day  Year

   c. Name of entity to whom claim was submitted:
      ☐ Grace
      ☐ Other
      Name of Entity

---

## PART 5: SIGNATURE PAGE

All claims must be signed by the claiming party.

I have reviewed the information submitted on this proof of claim form and all documents submitted in support of my claim. I declare, under penalty of perjury,* that the above statements are true, correct, and not misleading.

CONSENT TO RELEASE OF RECORDS AND INFORMATION: To the extent that I have produced a summary rather than the documents themselves as requested above or indicated who has possession and control of certain documents, I hereby authorize and request that all other parties with custody of any documents or information concerning my property damage or the information contained in this Form, upon the reasonable request of Grace or Grace's representative, with a copy to the claiming party, disclose any and all records to Grace or to Grace's representative.

SIGNATURE OF CLAIMANT *FOR SONOMA COUNTY*        03 - 20 - 2003
                                                 Month  Day  Year

*The penalty for presenting a fraudulent claim is a fine up to $500,000.00 or imprisonment up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

9276110                                          1018176

Copyright © 2002 NCS Pearson, Inc.   All rights reserved.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re :                                           Chapter 11

W.R. GRACE & CO., et al.                          Case No. 01-01139 (JKF)
                                                  (Jointly Administered)

        Debtors.

_____/

## ATTACHMENTS FOR CLAIM NO. 1018176
## CLAIM OF COUNTY OF SONOMA, CALIFORNIA

ATTACHMENT FOR SECTION C. NO. 16.

        Photocopy of blueprint section: from page A-45 of construction blueprints labeled, "Sonoma County Hall of Justice and Jail," by J. Clarence Feliciano, A.I.A., et al, dated 6/28/62.

ATTACHMENT FOR SECTION C. NO. 26.

        1.      Laboratory analysis results from sample of fireproofing on structural beam at Hall of Justice, by Acculab Environmental Services.

        2.      Laboratory analysis results from air sampling performed at Hall of Justice, Sonoma County Jail, by Multi-Tech Laboratories, Inc.

The source documents are available for verification at:

        County of Sonoma
        Facilities Operations Division
        2680 Ventura Ave.
        Santa Rosa, CA 95403



CONT. G.I. CAP

CONT. PRESSURE TREATED NAILER
CUT FROM 2 × 4

CARRY ROOFING UP
CONT. CANT

ROOF

1½"    10"

TYPICAL PARAPET @ JAIL ROOF
1/2" = 1'-0"

STRUCTURAL
FLOOR SLAB

W.F. BEAMS
SEE STRUCTURAL
DRAWINGS

1½" "ZONOLITE"
MONO-KOTE"/ APPLIED
DIRECT TO STRUCTURAL
STEEL MEMBER

1½" TYPICAL
ALL AROUND W.F.

BROKAW AND MURAKAMI
CONSULTING ENGINEERS
GEO. K. BROKAW, M.E. E.E.    J. F. MURAKAMI, M.E.
SANTA ROSA, CALIFORNIA

ARTHUR B. SMITH, JR.
STRUCTURAL ENGINEER
SAN FRANCISCO, CALIFORNIA

DEMARS AND REAY ASSOCIATED
ARCHITECTURAL & PLANNING CONSULTANTS
VERNON DEMARS, A.I.A.    D. F. REAY, F.R.I.B.A.
BERKELEY, CALIFORNIA





3700 Lakeville Highway, Petaluma, CA 94954
P.O. Box 808024, Petaluma, CA 94975-8024
Telephone: (707) 763-8245   FAX: (707) 763-4085

Ken Meyer
Architect – Sonoma County
455 Fiscal Dr.
Santa Rosa, CA  95401

Client Code: ARCH2
Contract/PO # 49057

# L A B O R A T O R Y   R E S U L T S

Page 1

Date Collected: 07/15/89
Date Analyzed: 08/03/89

Laboratory Job No.: 893265
Date Received: 07/18/89
Date Reported: 08/03/89

ASBESTOS IN BULK MATERIALS(PLM,EPA-600/M4-82-020)

| LABNO SMPLNO | SMPL. DESCRIPTION | ASBESTOS % | TYPE | OTHER % | COMPONENTS TYPE |
|---|---|---|---|---|---|
| 43685 1A | BULK TAN | 15 | CHRYSOTILE | 50 35 | GYPSUM MICA |

H.O.J. Sheriff office.  Sprayed insulation on beam over crime scene & I.D. section above suspended ceiling.

| 43686 2A | BULK TAN | NONE DETECTED | | 50 30 25 10 5 | MINERAL WOOL DIATOMACEOUS EARTH ORGANIC BINDER QUARTZ MICA |
|---|---|---|---|---|---|

H.O.J. E.O.C. Generator lagging in Mechanical room.

| 43687 3A | BULK WHT/BRN | NONE DETECTED | | 85 15 | ORGANIC MATRIX CELLULOSE FIBERS |
|---|---|---|---|---|---|

H.O.J.-E.O.C. computer room floor.

| 43688 4A | BULK TAN | 20 10 | AMOSITE CHRYSOTILE | 60 10 | CLAY MINERAL WOOL |
|---|---|---|---|---|---|

Soc. Serv. roof air handler "A" straight lagging.  Did not sample elbow.

| 43689 5A | BULK WHT | 15 | CHRYSOTILE | 35 30 20 | CLAY GYPSUM MINERAL WOOL |
|---|---|---|---|---|---|

Soc. Serv. 1st-floor-sprayed-insulation-above-suspended-ceiling-in-front-of-elevator.
penthouse "B" deteriorating lagging.

THIS REPORT HAS BEEN REVIEWED
AND APPROVED FOR RELEASE.
Cse No. 01-01189 (JKF)
Claim No. 1018176



CC-0005



3700 Lakeville Highway, Petaluma, CA 94952
P.O. Box 806024, Petaluma, CA. 94975-8024
Telephone: (707) 763-4245   FAX: (707)763-4065

**SAMPLING DATA - ANALYSIS REQUEST**

PO. NUMBER: 49057
RELEASE NO:
SURVEY NO:

| NAME OF COMPANY | SAMPLE COLLECTED BY | DATE COLLECTED |
|---|---|---|
| SONOMA COUNTY ARCH. | KEN MEYER | 7/15/89 |

MAILING ADDRESS
455 FISCAL DRIVE
SANTA ROSA, CA 95403

SPECIAL INSTRUCTIONS
BULK ANALYZE FOR
ASBESTOS

TELEPHONE NO: 707-527-3211

| SAMPLE NUMBER | SAMPLE LOCATION OR DESCRIPTION | VOLUME OF AIR SAMPLED | ANALYZE FOR: (GIVE SPECIFIC SUBSTANCES) |
|---|---|---|---|
| 1A | HALL OF JUSTICE - SHERIFF OFF. SPRAYED INSULATION ON BEAM OVER CRIME SCENE & ID SECT. OVER SUSPENDED CEILING | | |
| 2A | HALL OF JUSTICE - EOC GENERATOR LAGGING IN MECH ROOM | | |
| 3A | HALL OF JUSTICE - EOC COMPUTER FLOOR | | |
| 4A | SOCIAL SERVICES - ROOF AIR HANDLER "A" STERIBOND LAGGING DID NOT SAMPLE ELBOW | | |

AUTHORIZED SIGNATURE:

| RELINQUISHED BY: (SIGNATURE) | DATE/TIME 6/15/89 | RECEIVED BY LAB BY: (SIGNATURE) |
|---|---|---|
| RELINQUISHED FROM LAB BY: (SIGNATURE) | DATE/TIME | RECEIVED BY: (SIGNATURE) |

Cse No. 01-01189 (JKF)
Claim No. 1018176

# Multi-Tech
## Laboratories, Inc.

**SANTA ROSA OFFICE: 34 West 3rd Street, Suite 9, 95401 · (707) 544 5570**

| | | | |
|---|---|---|---|
| **CLIENT** | Sonoma County Risk Management | **DATE COLLECTED** | 5-1-84 |
| **ADDRESS** | 2230 Professional Drive | **DATE IN LAB** | 5-1-84 |
| | | **COLLECTED BY** | Cheryl Smith |
| | Santa Rosa, CA 95401 | **SAMPLE TYPE** | Air |

**LABORATORY NO.:**  4 7050

**CLIENT I.D.  :**  Sonoma County Jail

**COMPOUND SAMPLED:**  Asbestos

**COLLECTION DEVICE:**  Open face 0.8μ mixed cellulose ester filter

**PUMP FLOW RATE:**  1.0 L/minute

**SAMPLING TIME:**  17 minutes

**VOLUME OF AIR SAMPLED**  17 L

**SAMPLE METHOD NUMBER:**  DOSH X2

**NIOSH ANALYTICAL METHOD NUMBER:**  P & CAM 239

**RESULTS:**  0.402 fiber/cc

**RECEIVED**

JUL 6 1984

**RISK MANAGER
COUNTY OF SONOMA**

Multi-Tech Laboratories, Inc.

*Cheryl A. Smith*

**LABORATORY DIRECTOR          DATE**
Cheryl A. Smith          7-5-84