# ATTACHMENT A

All responses are to be served upon:

Katherine Phillips
Kirkland & Ellis LLP
200 East Randolph Drive, Chicago, Illinois 60601
and
James E. O'Neil
Pachulski Stang, Zieh, Young, Jones & Weintraub, P.C.
919 North Market Street, 16th Floor, P.O. Box 8705, Wilmington Delaware 19899-8705 (Courier 19801)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.[1], | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |
| | ) Re: Docket No. 9384 |
| | ) Hearing Date: 11/14/2005, 12:00 p.m. |
| Debtors. | ) Responses Due:: 10/24/05 |
| | ) Replies Due: 10/31/05 |
| | ) Surreplies Due: 11/4/05 |

### NOTICE OF FILING OF SUMMARY CHARTS IN SUPPORT OF DEBTORS' FIFTEENTH OMNIBUS OBJECTION (SUBSTANTIVE) TO ASBESTOS PROPERTY DAMAGE CLAIMS AND SETTING OF REVISED DATES

**PLEASE TAKE NOTICE** that pursuant to the Court's Order of September 19, 2005 attached hereto as <u>Exhibit A</u>, on or about September 26, 2005, the above-captioned debtors and debtors in possession (the "Debtors") filed a Summary Chart attached hereto as <u>Exhibit B</u> in further support of the Debtors' Fifteenth Omnibus Objection (Substantive) to Asbestos Property Damage Claim (the "Fifteenth Omnibus Objection") (Docket #9315 filed September 1, 2005)

---

[1]    The Debtors consist of the following 62 entities:  W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Summary Chart re Debtors' Fifteenth Omnibus Objection (Substantive) to Asbestos Property Damage Claims

| Claimant Name | Claim Number | Counsel | Building Name | Property Address | Objection Exhibit |
|---|---|---|---|---|---|
| SOLOW, SHELDON H. 9 WEST 57TH STREET NEW YORK, NY | 7020 | EDWARD J WESTBROOK RICHARDSON PATRICK WESTBROOK & BRICKMAN, LLC 1037 CHUCK DAWLEY BLVD. BLDG. A MOUNT PLEASANT SC 29464 [with Firm number 0986] | | 9 WEST 57TH STREET NEW YORK NY 000100019 | C-1(a), C-2, D-2, D-4, D-5, E-1 |

10740895.4

1

Summary Chart re Debtors' Fifteenth Omnibus Objection (Substantive) to Asbestos Property Damage Claims

| Claimant Name | Claim Number | Counsel | Building Name | Property Address | Objection Exhibit |
|---|---|---|---|---|---|
| SOLOW, SHELDON H<br>9 WEST 57TH STREET<br>NEW YORK, NY | 7020 | EDWARD J WESTBROOK<br>RICHARDSON PATRICK WESTBROOK<br>& BRICKMAN LLC<br>1037 CHUCK DAWLEY BLVD<br>BLDG A<br>MOUNT PLEASANT SC 29464<br>Law Firm Number: 00306 | | 9 WEST 57TH STREET<br>NEW YORK NY 000010019 | C-1 (d), C-2, D-2, D-4, D-6, E-1, |
| SOMERVILLE HOSPITAL | 6662 | AMANDA G STEINMEYER<br>SPEIGHTS & RUNYAN<br>200 JACKSON AV E<br>PO BOX 685<br>HAMPTON SC 29924<br>Law Firm Number: 00131 | SOMERVILLE HOSPITAL | SOMERVILLE MA | C-2, C-3 (e), C-3 (e), D-2, D-6, E-1, F-2, |
| SOUCEK, ALBERT JON<br>1715 FIFTH STREET NE<br>MINNEAPO | 10925 | AMANDA G STEINMEYER<br>SPEIGHTS & RUNYAN<br>200 JACKSON AV E<br>PO BOX 685<br>HAMPTON SC 29924<br>Law Firm Number: 00131 | SOUTH CAROLINA NATIONAL<br>BANK BUILDING | COLUMBIA SC | C-2, D-2, D-5, D-6, E-1, F-2, |
| SOUTH CAROLINA NATIONAL BANK<br>BUILDING | 11374 | WILLIAM B BUTLER<br>BIERSDORF & ASSOCIATES PA<br>33 S 6TH ST<br>MINNEAPOLIS MN 55402<br>Law Firm Number: 00361 | | 1715 FIFTH STREET NE<br>MINNEAPOLIS MN 000055413 | C-1 (d), C-2, C-3 (e), D-4, D-6, E-1, G-1, |
| SOUTH PARK SHOPPING CENTER | 11580 | DANIEL A SPEIGHTS<br>SPEIGHTS & RUNYAN<br>200 JACKSON AV E<br>PO BOX 685<br>HAMPTON SC 29924<br>Law Firm Number: 00131 | SOUTH PARK SHOPPING<br>CENTER | CHARLOTTE NC | C-2, D-2, D-5, D-6, E-1, F-2, |
| SOUTHERN LIFE INSURANCE<br>COMPANY | 10985 | AMANDA G STEINMEYER<br>SPEIGHTS & RUNYAN<br>200 JACKSON AV E<br>PO BOX 685<br>HAMPTON SC 29924<br>Law Firm Number: 00131 | | BIRMINGHAM AL | C-2, D-2, D-6, E-1, F-2, |
| SOUTHERN NEW ENGLAND<br>TELEPHONE & TELEGRAPH | 10664 | AMANDA G STEINMEYER<br>SPEIGHTS & RUNYAN<br>200 JACKSON AV E<br>PO BOX 685<br>HAMPTON SC 29924<br>Law Firm Number: 00131 | | HARTFORD CT | C-2, D-2, D-5, D-6, E-1, F-2, |
| SOUTHERN NEW ENGLAND<br>TELEPHONE COMPANY | 11061 | AMANDA G STEINMEYER<br>SPEIGHTS & RUNYAN<br>200 JACKSON AV E<br>PO BOX 685<br>HAMPTON SC 29924<br>Law Firm Number: 00131 | | NEW HAVEN CT | C-2, D-2, D-5, D-6, E-1, F-2, |

10740895.4

10740895.4

2

## Summary Chart re Debtors' Fifteenth Omnibus Objection (Substantive) to Asbestos Property Damage Claims

| Claimant Name | Claim Number | A-1 | A-2 | A-3 | B-1 | B-2 | C-1(a) | C-1(b) | C-1(c) | C-1(d) | C-1(e) | C-2 | C-3(a) | C-3(b) | C-3(c) | C-3(d) | C-3(e) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| SOLOMON SHELDON INE 9 WEST FIFTH STREET NEW YORK, NY | 7020 | | | | | | | | | X | | | | | | | |

Summary Chart re Debtors' Fifteenth Omnibus Objection (Substantive) to Asbestos Property Damage Claims

| Claimant Name | Claim Number | C-3 (f) | C-4 | D-1 (a) | D-1 (b) | D-1 (c) | D-2 | D-3 | D-4 | D-5 | D-6 | E-1 | E-2 | E-3 | E-4 | F-1 | F-2 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| SOLOW SHELDON H 9 WEST 57TH STREET NEW YORK, NY | 7020 | | | | | | X | | X | | X | X | | | | | |

10740895.4

3



Summary Chart re Debtors' Fifteenth Omnibus Objection (Substantive) to Asbestos Property Damage Claims

"Key" to Summary Chart re Debtors' Fifteenth Omnibus Objection (Substantive) to Asbestos Property Damage Claims

| CODE | OBJECTION | BASIS OF OBJECTION |
|---|---|---|
| A-1 | Medical monitoring claims | Claim was filed on a customized property damage claim form, but in actuality is a medical monitoring claim and therefore was improperly filed. See Debtors' Fifteenth Omnibus Objection, p. 17. |
| A-2 | Asbestos Personal Injury Claims and ZAI Claims | Claim was filed on a customized property damage claim form, but in actuality is either an Asbestos Personal Injury claim or a Zonolite Attic Insulation claim, and was therefore improperly filed. Debtors request that this claim be disallowed without prejudice as requested in their objection. See Debtors' Fifteenth Omnibus Objection, p. 17. |
| A-3 | PD Claims not submitted on PD claim forms | Claim appears to assert a property damage claim but Court-approved customized property damage claim form was not submitted. Claim was filed on a Non-Asbestos Proof of Claim Form, Medical Monitoring Proof of Claim Form, or Official Claim Form 10. See Debtors' Fifteenth Omnibus Objection, pp. 17-18. |
| B-1 | Previously adjudicated claims | Claim was previously adjudicated and is barred by doctrine of res judicata. See Debtors' Fifteenth Omnibus Objection, pp. 18-19. |
| B-2 | Previously settled claims | Claim was previously settled and satisfied by the Debtors. See Debtors' Fifteenth Omnibus Objection, pp. 20-21. |
| C-1 (a) | Missing Basic Property Address Information | Claim fails to provide either the street address, city, or state where the property at issue is located. See Debtors' Fifteenth Omnibus Objection, p. 22. |
| C-1 (b) | No claimant signature | Claim was submitted without a signature. See Debtors' Fifteenth Omnibus Objection, p. 22. |
| C-1 (c) | Missing basic information about property at issue | Claim omits information about one or more of the following: (1) the property's approximate date that the property was built; (3) the property's approximate square footage; and/or (4) the property's number of floors. See Debtors' Fifteenth Omnibus Objection, p. 23. |
| C-1 (d) | Missing basic information about claimant's knowledge | Claim omits information regarding claimant's knowledge of: (1) the date of installation of the product; (2) the date the claimant learned that the product at issue contained asbestos; (3) the date the claimant learned of presence of asbestos on the property; and/or (4) prior asbestos-related lawsuits and/or claims. See Debtors' Fifteenth Omnibus Objection, p. 23. |
| C-1 (e) | Proofs of Claim Asserting Claims for Multiple Properties on a Single Proof of Claim | Claim was submitted for multiple properties, contrary to the requirement in Instruction 4 on the Proof of Claim that every claimant submit a separate Proof of Claim for each separate piece of real property. See Debtors' Fifteenth Omnibus Objection, p. 23-24. |

| CODE | OBJECTION | BASIS OF OBJECTION |
|---|---|---|
| C-2 | Claims that did not attach requested documents | Claimant (1) indicated it had documentation relating to the purchase and/or installation of the product on the property but did not attach those documents or a summary of them; or (2) indicated it made an effort to remove, contain and/or abate the Grace product for which the claim is made but did not attach documents or a summary of them relating to such efforts; and/or (3) did not attach documents relating to the purchase and/or installation of the product on the property and did not attach documents relating or referring to the presence of asbestos on the property for which the claim is made. See Debtors' Fifteenth Omnibus Objection, pp. 24-27. |
| C-3 (a) | Claims not supported by any product identification documentation and which (1) do not answer or, (2) provide a non-responsive answer to Question 3-C-13 | Claim fails to provide any product identification documentation and either does not answer Question 3-C-13 at all or else provides a non-responsive answer to that question. See Debtors' Fifteenth Omnibus Objection, p. 28. |
| C-3 (b) | Claims not supported by any product identification documentation and in response to Question 3-C-13, name a product that was not manufactured by Grace | Claim fails to provide any product identification documentation regarding product identification and identifies a product not manufactured by Grace. See Debtors' Fifteenth Omnibus Objection, p. 28. |
| C-3 (c) | Claims not supported by any product identification documentation and in response to Question 3-C-13, name a (1) generic substance; or (2) product or product line that was manufactured by Grace and other companies besides Grace | Claim fails to provide any supporting documentation regarding product identification and identifies a generic substance or product manufactured by Grace as well as other companies. See Debtors' Fifteenth Omnibus Objection, p. 28. |
| C-3 (d) | Claims supplying documentation relating to product identification, but such documentation is insufficient to establish use of a Grace asbestos-containing product | Claim supplies documentation relating to product identification, but such documentation is insufficient to establish the use of a Grace asbestos-containing product. See Debtors' Fifteenth Omnibus Objection, p. 29. |
| C-3 (e) | Claims that fail to provide any supporting documentation relating to product identification | Claim fails to provide any documents relating to product identification. See Debtors' Fifteenth Omnibus Objection, p. 29. |
| C-3 (f) | Claims accompanied by bulk sampling data which is inconsistent, or which is insufficient to determine whether inconsistent, with a Grace product | Claim provides bulk sampling data the results of which are inconsistent, or which are insufficient to determine whether inconsistent, with a Grace product. See Debtors' Fifteenth Omnibus Objection, p. 30. |
| C-4 | Claims accompanied by bulk sampling data which indicates presence of asbestos-containing products in addition to Grace product or which is insufficient to determine whether there are such additional non-Grace products | Claim provides bulk sampling data which indicates the presence of other asbestos-containing products in addition to a Grace product or which is insufficient to determine whether there are such additional non-Grace products; Grace is not liable for asbestos property damage caused by another's product. See Debtors' Fifteenth Omnibus Objection, pp. 30-31. |

2

| CODE | OBJECTION | BASIS OF OBJECTION |
|---|---|---|
| D-1 (a) | MK-3 claims for buildings built after 1973 | Claim alleges presence of MK-3 when such product was not in use at the time the property at issue was constructed. See Debtors' Fifteenth Omnibus Objection, p. 32. |
| D-1 (b) | Acoustical plaster claims after 1969 | Claim alleges presence of acoustical plaster containing asbestos when such product generally was not sold by Grace at the time the building was constructed, with rare exceptions. See Debtors' Fifteenth Omnibus Objection, p. 32. |
| D-1 (c) | Acoustical plaster claims from buildings before 1969 | Claim alleges presence of Grace acoustical plaster which was likely replaced long ago. See Debtors' Fifteenth Omnibus Objection, p. 32. |
| D-2 | Claims barred by Statutes of Limitation (Constructive Notice) | Claim is barred because it was filed after the longest applicable Statute of Limitation, calculated from date of constructive notice. See Debtors' Fifteenth Omnibus Objection, pp. 32-34. |
| D-3 | Claims barred by assumption of risk | Claim is barred by assumption of risk, purchase date of property was after 1983. See Debtors' Fifteenth Omnibus Objection, pp. 34-35. |
| D-4 | Claims barred by Statutes of Limitation (Actual Notice) | Claim is barred because it was filed after the longest applicable Statute of Limitation, calculated from date of actual notice. See Debtors' Fifteenth Omnibus Objection, pp. 35-36. |
| D-5 | Claims barred by statutes of repose | Claim is barred because it was filed after the applicable Statute of Repose, calculated from the date of substantial completion or installation. See Debtors' Fifteenth Omnibus Objection, pp. 36-38. |
| D-6 | Claims barred by laches | Claim is barred by the doctrine of laches because the delay in bringing such claim has unreasonably prejudiced Grace. See Debtors' Fifteenth Omnibus Objection, pp. 38-39. |
| E-1 | Claims providing no measurement of relevant asbestos levels | Claim fails to provide air (or even irrelevant dust) sampling data reflecting the subject property's asbestos levels. See Debtors' Fifteenth Omnibus Objection, p. 39. |
| E-2 | Claims relying exclusively on irrelevant and scientifically unreliable dust sampling | Claim relies exclusively on dust sampling results, which are irrelevant and scientifically unreliable in establishing building asbestos levels. See Debtors' Fifteenth Omnibus Objection, pp. 40-41. |
| E-3 | Claims providing irrelevant air sampling data | Claim provides air sampling data but such data is irrelevant to show risk during normal operations in a building. See Debtors' Fifteenth Omnibus Objection, p. 41. |
| E-4 | Claims providing air sampling data that support asbestos levels lower than or comparable to typical outdoor air | Claim provides air sampling data that supports asbestos levels lower than or comparable to typical outdoor air. See Debtors' Fifteenth Omnibus Objection, p. 42. |

3

| CODE | OBJECTION | BASIS OF OBJECTION |
|---|---|---|
| F-1 | California University Claims (Speights) | Claim (1) is barred by the applicable statute of limitation and the doctrine of laches; (2) fails to provide a valid product identification; (3) does not identify compensable property damage; and/or (4) was filed without any proper authorization. See Debtors' Fifteenth Omnibus Objection, pp. 43-49. |
| F-2 | Claims asserting owner first learned of asbestos in 2003 (Speights) | Claim provides a date of knowledge that is suspect or inconsistent with either the supporting documentation or other representations in these cases. See Debtors' Fifteenth Omnibus Objection, pp. 49-50. |
| F-3 | Mt. Sinai Hospital Claims (Speights) | Multiple claims all purported to be based upon a single, small-volume purchase evidenced by a single invoice. See Debtors' Fifteenth Omnibus Objection, p. 51. |
| F-4 | Sonoma State College Claims (Speights) | Claim relies exclusively on a single bid sheet, which is inadequate to prove installation of a Grace product on the property. In addition, the claim fails to provide a valid product identification. See Debtors' Fifteenth Omnibus Objection, p. 51. |
| F-5 | Canadian Claims (Speights) | Claim should be dismissed because (1) Canadian fault-based liability law does not allow for recovery under strict liability, (2) Canadian case law indicates that the claim would likely fail in a Canadian court, and (3) the claim is barred by an applicable statute of limitations. See Debtors' Fifteenth Omnibus Objection, pp. 52-57. |
| G-1 | Minneapolis claims | One of several reasons, including one or more of the following: (1) claim asserts damages for "stigma," rather than any actual injury to property; (2) claim is for property that has already been remediated by the EPA; (3) claim is duplicative; (4) claim fails to establish property damage; and, or (5) Libby vermiculite, if present, presents no hazard. See Debtors' Fifteenth Omnibus Objection, pp. 58-59. |
| G-2 | Libby, Montana claims | One of several reasons, including one or more of the following: (1) claim appears to only assert a Category II claim, but form does not properly identify nature of claim; (2) claim appears to assert a ZAI claim; (3) claim is for property that has been remediated by the EPA; (4) claim fails to establish the presence of vermiculite or asbestos on the property; and, or (5) Libby vermiculite, if present, presents no hazard. See Debtors' Fifteenth Omnibus Objection, pp. 59-61. |
| G-3 | Other Category II claims | One of several reasons, including one or more of the following: (1) Claim fails to include adequate evidence of contamination; (2) claim indicates Category II claim, but irreconcilable incomplete; (3) claim for dust blown by "illegal alien"; (4) claim indicates Category II Claim, but actually asserts a Category I claim; (5) Claim indicates a Category II claim, but actually asserts a ZAI claim; (6) claim indicates a Category II claim, but actually asserts a Category II claim and a ZAI claim; or (7) Libby vermiculite, if present, presents no hazard. See Debtors' Fifteenth Omnibus Objection, pp. 61-62. |

| CODE | OBJECTION | BASIS OF OBJECTION |
|---|---|---|
| G-4 | Burlington Northern Claims | One of several reasons, including one or more of the following: (1) Libby vermiculite, if present, presents no hazard; (2) claim fails to establish site contamination, presence of or hazard from a Grace product with supporting documentation; and (3) ZAI claim that was improperly submitted on PD Claim Form.  See Debtors' Fifteenth Omnibus Objection, p. 62. |
| H-1 | Indemnity/Contribution Claims | Claim has not and cannot provide either a factual or a legal basis that would entitle claimant to recover from Debtors for asbestos property damage under any contribution or indemnification theory.  See Debtors' Fifteenth Omnibus Objection, p. 63. |
| | | |

Note re "Building Name" column on the Summary Chart:

The Proof of Claim form did not ask Claimants to provide a building name.  The "Building Name" column on the Summary Chart was populated in one of three ways: First, in some instances the Claimant provided a building name in response to the Proof of Claim's request for a building address.  The "Building Name" column was populated by reference to the provided address information in such instances. Second, the Claimant name provided by the Claimant in some instances appears to also be a building name.  The Debtors populated the "Building Name" column with the Claimant name where (a) no building name was provided as part of the address, and (b) the Claimant name appeared to also be a building name.  Third, the Debtors' review of attached documents in some instances revealed a building name.  In such instances, and where there was no other way to provide a building name, the Debtors populated the building name column by reference to attached documents.  However, the Debtors' review process was not specifically designed to "pull out" building names from the attached documents, and the Debtors did not have sufficient time to perform a comprehensive review of all attached documents in order to do so before the September 26, 2005 deadline to file the Summary Chart and Key.  Therefore, it is possible that some Proofs of Claim include attachments that indicate a building name but that the "Building Name" column for such claims on the Summary Chart are nonetheless blank.

# ATTACHMENT B


# RICHARDSON, PATRICK,
## WESTBROOK & BRICKMAN, LLC

EDWARD J. WESTBROOK
3.727.6513  Direct
3.727.6688  Fax
ewestbrook@rpwb.com

James C. Bradley
Michael J. Brickman
J. David Butler
William M. Connelly
Jerry Hudson Evans
Nina H. Fields
Thomas P. Gressette, Jr.
H. Blair Hahn
Daniel S. Haltiwanger
Christian H. Hartley
Kimberly S. Keevers
Gregory A. Lofstead
K. Elizabeth Middleton
Daniel O. Myers
Karl E. Novak
Kevin L. Oufnac
Charles W. Patrick, Jr.
Terry E. Richardson, Jr.
Thomas D. Rogers
A. Hoyt Rowell, III
Matthew J. Thiesing
T. Christopher Tuck
Robert M. Turkewitz
Nicholas J. Vogelzang (IL Only)
James L. Ward, Jr.
Edward J. Westbrook
Kenneth J. Wilson
Robert S. Wood

Of Counsel:
Timothy E. Eble
Thomas H. Hart, III
Gordon C. Rhea
James H. Rion, Jr.

March 26, 2003

<u>**Via Federal Express Overnight Delivery**</u>
W.R. Grace Claims Agent
201 S. Lyndale. O. Box 1620
Faribault, MN  55021-1620

Re:    <u>Sheldon Solow, et al v. W.R. Grace</u>

Dear Claims Agent:

Enclosed please find the Asbestos Property Damage Proof of Claim Form on behalf of Sheldon H. Solow, et al.  Please note that accompanying the claim form is a supplemental information sheet containing additional information in response to a number of the questions for which the space provided was insufficient on the form.  Also please note that the form has the following attachments:  Attachment A – Trial Transcript Disk from <u>Sheldon H. Solow, et al v. W.R. Grace & Co. – Conn.</u> No. 2453-88 (NY Sup. Ct.);   Attachment B – List of Admitted Exhibits from <u>Solow v. Grace</u>; Attachment C – Judgment and Order in <u>Solow v. Grace</u>; Attachment D – Related Asbestos Property Damage Complaints; Attachment E – Bond and Additional Security to Secure Judgment in <u>Solow v. Grace</u>.

I would appreciate your acknowledging receipt of this claim form by initialing the Acknowledgment below and faxing a copy of the Acknowledgment to me at (843) 727-6513.  If you have any questions concerning this form, please do not hesitate to call.

Sincerely,

Edward J. Westbrook

EJW/kag
Enclosures

ACKNOWLEDGMENT OF RECEIPT OF THIS CLAIM FORM: _____

Date: _____

# W.R. GRACE & CO.
# ASBESTOS PROPERTY DAMAGE
# PROOF OF CLAIM FORM

*The United States Bankruptcy Court for the District of Delaware*
*In re: W.R. Grace & Co., et al., Debtors, Case No. 01-01139 (JKF)*
*(Jointly Administered)*

## SUBMIT COMPLETED CLAIMS TO:

**Claims Processing Agent**
**Re: W.R. Grace & Co. Bankruptcy**
**PO Box 1620**
**Faribault, MN 55021-1620**

For a complete list of the Debtors in this case, please see "The Debtors" section of the *General Instructions for Completing Proof of Claim Forms*. The Debtors in this case are collectively referred to in this document as "Grace".

If you have a current claim against Grace for property damage allegedly resulting from asbestos from a Grace product *(other than Zonolite Attic Insulation)*, THIS ASBESTOS PROPERTY DAMAGE PROOF OF CLAIM FORM MUST BE RECEIVED ON OR BEFORE 4:00 P.M. EASTERN TIME ON MARCH 31, 2003, or you will be forever barred from asserting or receiving payment for your claim.

PremierView™ forms by NCS Pearson  MW239276-2    654321    Printed in U.S.A.

## INSTRUCTIONS FOR FILING THE W.R. GRACE & CO. ASBESTOS PROPERTY DAMAGE PROOF OF CLAIM FORM

## WHO SHOULD USE THIS ASBESTOS PROPERTY DAMAGE PROOF OF CLAIM FORM

1.  This Asbestos Damage Proof of Claim Form (referred to in this document as the "Form") applies only to <u>current</u> claims made against Grace by or on behalf of parties who are alleging property damage with respect to asbestos in real property owned by the party (such person is referred to in this document as the "claiming party") from a Grace asbestos-containing product or as a result of one of Grace's vermiculite mining, milling, or processing facilities.

2.  The Bar Date does not apply to Asbestos Personal Injury Claims, Settled Asbestos Claims or Zonolite Attic Insulation Claims. Those claims will be subject to a separate claim submission process and should not be filed at this time.

3.  This form should not be used for Medical Monitoring Claims or Non-Asbestos Claims. Instead, separate specialized proof of claim forms for these claims should be completed.

4.  If you are alleging current claims against Grace with respect to asbestos in more than one (1) real property, the claiming party should complete an Asbestos Property Damage Proof of Claim Form for <u>each</u> property. You may request additional forms by calling the Claims Processing Agent at 1-800-432-1909.

## GENERAL INSTRUCTIONS

1.  This form must be signed by the claimant or authorized agent of the claimant. THIS FORM MUST BE RECEIVED ON OR BEFORE 4:00 PM EASTERN TIME ON MARCH 31, 2003, or you forever will be precluded from asserting your claim(s) against or receiving payment from Grace. Return your completed form to the Claims Processing Agent, Re: W.R. Grace & Co. Bankruptcy, P.O. Box 1620, Faribault, MN 55021-1620.
    If you are returning this form by mail, allow sufficient time so that this form is received on or before March 31, 2003. Forms that are postmarked before March 31, 2003 but received after March 31, 2003 will not be accepted. Only original forms will be accepted for filing. Forms transmitted by facsimile will not be accepted for filing.

2.  If you cannot fit all information in any particular section or page, please make a copy of that page before filling it out and attach as many additional pages as needed.

3.  If you are unable to provide any of the information required by the proof of claim form, please so specify, as well as provide a short statement describing why such information is unavailable. If you are in the process of obtaining such information at the time you file your proof of claim, please so advise and indicate that the same shall be provided when obtained.

4.  This form must be filled out completely using BLACK or BLUE ink or may be typewritten.
    • Please print clearly using capital letters only.   • Do not use a felt tip pen.
    • Skip a box between words.   • Do not bend or fold the pages of the form.
    • Do not write outside of the boxes or blocks.

5.  Because this form will be read by a machine, please print characters using the examples below. For optimum accuracy, please print in capital letters and avoid contact with the edge of the character boxes.

6.  Mark check boxes with an "X" (example at right).   ☒   NAME HERE

7.  Be <u>accurate</u> and <u>truthful</u>. A Proof of Claim Form is an official court document that may be used as evidence in any legal proceeding regarding your claim. The penalty for presenting a fraudulent claim is a fine of up to $500,000 or imprisonment for up to five years or both. 18 U.S.C. §§ 152 & 3571.

8.  Make a copy of your completed Form to keep for your records. <u>Send</u> only <u>original</u> Forms to the Claims Processing Agent at the following address: Claims Processing Agent, Re: W.R. Grace & Co. Bankruptcy
    PO Box 1620
    Faribault, MN 55021-1620.

9.  You will receive written notification of the proof of claim number assigned to this claim once it has been processed.

## PART 1: CLAIMING PARTY INFORMATION

**NAME:**

SHELDON H SOLOW, SOLOW DEVELOPMENT CORP., ETAL

*Name of individual claimant (first, middle and last name) or business claimant*

**SOCIAL SECURITY NUMBER (Individual Claimants):**     **F.E.I.N. (Business Claimants)**

*（last four digits of SSN）*     13-3887137

Other names by which claiming party has been known (such as maiden name or married name):

*First*     *MI*  *Last*

*First*     *MI*  *Last*

**GENDER:**  ☐ MALE   ☐ FEMALE      ■

**Mailing Address:**

9 WEST 57TH STREET

*Street Address*

NEW YORK     NY  10019

*City*     *State*  *Zip Code*
       *(Province)*  *(Postal Code)*

USA

*Country*

## PART 2: ATTORNEY INFORMATION

The claiming party's attorney, if any (You do not need an attorney to file this form):

**Law Firm Name:**

RICHARDSON PATRICK WESTBROOK & BRICKMAN, LLC

**Name of Attorney:**

EDWARD     J WESTBROOK

*First*     *MI*  *Last*

**Mailing Address:**

1037 CHUCK DAWLEY BLVD., BLDG. A

*Street Address*

MOUNT PLEASANT     SC  29464

*City*     *State*  *Zip Code*
       *(Province)*  *(Postal Code)*

**Telephone:**

(843) 727-6513     ■

*Area Code*

## PART 3: PROPERTY INFORMATION

### A. Real Property For Which A Claim Is Being Asserted

1. What is the address of the real property for which a claim is being asserted (referred to herein as "the property")?

9 WEST 57TH STREET
*Street Address*

NEW YORK
*City*

NY *State (Province)*     10019 *Zip Code (Postal Code)*

USA
*Country*

2. Are you completing an Asbestos Property Damage Proof of Claim Form for any other real property other than the one listed at "1" above?

   ☐ Yes    ☒ No

3. Do you currently own the property listed in Question 1, above?

   ☒ Yes    ☐ No

4. When did you purchase the property? ☐☐ - ☐☐ - ☐☐☐☐
   *Month   Day   Year*

5. What is the property used for (check all that apply)
   ☐ Owner occupied residence
   ☐ Residential rental
   ☒ Commercial
   ☐ Industrial    Specify: _____
   ☐ Other    Specify: _____

6. How many floors does the property have?  50

7. What is the approximate square footage of the property?  1549000

8. When was the property built?
   ☐ Before 1969
   ☒ 1969 - 1973
   ☐ After 1973

9. What is the structural support of the property?
   ☐ Wood frame
   ☐ Structural concrete
   ☐ Brick
   ☒ Steel beam/girder
   ☐ Other    Specify: _____

10. Have you or has someone on your behalf completed any interior renovations on the property which affected any asbestos on the property?
    ☒ Yes    ☐ No

9276102

SERIAL #⌋

238276-1-2/3

## A.  Real Property For Which A Claim Is Being Asserted (continued)

If yes, please specify the dates and description of such renovations.

| | | | | | Description | Numerous, see transcript |

*Year*

| | | | | | Description | |

*Year*

| | | | | | Description | |

*Year*

11. To the best of your knowledge, have any other interior renovations been completed on the property during any other period of time which affected any asbestos on the property?

☒ Yes        ☐ No

If yes, please specify the dates and descriptions of such renovations.

| | | | | | Description | Numerous, see transcript |

*Year*

| | | | | | Description | |

*Year*

| | | | | | Description | |

*Year*

## B.  Claim Category

12. For which category are you making a claim on the property?

☒ Category 1:   Allegation with respect to asbestos from a Grace product in the property

☐ Category 2:   Allegation with respect to one of Grace's vermiculite mining, milling or processing operations

> • If you checked Category 1 in question 12, complete section C.
> • If you checked Category 2 in question 12, complete section D.

## C.  Category 1 Claim:  Allegation With Respect To Asbestos From A Grace Product In The Property

13. For what alleged asbestos-containing product(s) are you making a claim?

☒ Monokote-3 fireproofing insulation

☐ Other      Specify: 

(For a list of the brand names under which Grace manufactured products that may have contained commercially added asbestos, see Exhibit 2 to the Claims Bar Date Notice provided with this Proof of Claim Form.)

14. When did you or someone on your behalf install the asbestos containing product(s) in the property?

**1970**      ☐ I did not install the product(s)

*Year*

15. If you or someone on your behalf did not install the asbestos containing product(s), to the best of your knowledge, when was/were the product(s) installed?

| | | | | | ☐ Don't know.

*Year*

9276103                    SERIAL #

16. Do you have documentation relating to the purchase and/or installation of the product in the property?

☒ Yes   ☐ No

If Yes, attach all such documents. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

17. If you do not have any such documents, explain why not and indicate who may have possession or control of such documents with respect to the property.

18. When did you first know of the presence of asbestos in the property of the Grace product for which you are making this claim?

| | | | | | See supplemental sheet.
Year

Please attach all documents relating or referring to the presence of asbestos in the property for which you are making this claim. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

19. How did you first learn of the presence of asbestos in the property of the Grace product for which you are making this claim?

See supplemental sheet

20. When did you first learn that the Grace product for which you are making this claim contained asbestos?

| | | | | See supplemental sheet.
Year

21. How did you first learn that the Grace product for which you are making the claim contained asbestos?

See supplemental sheet

22. Have you or someone on your behalf made an effort to remove, contain and/or abate the Grace product for which you are making this claim?

☒ Yes   ☐ No

If Yes, attach all documents relating or referring to such efforts. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

23. If you do not have any such documents, explain why not and indicate who may have possession and control of such documents with respect to the property.

24. If you or someone on your behalf did not make an effort to remove, contain and/or abate the Grace product(s) for which you are making a claim, to the best of your knowledge, did anyone else make such an effort?

☐ Yes   ☐ No

9 2 7 6 1 0 4                    SERIAL #⌐

25. If you responded Yes to question 22. or 24. and you have not supplied documents, please specify the dates and descriptions of any such efforts.

| | | | | | Description | See supplemental sheet |
Year

| | | | | | Description | |
Year

| . | | | | | Description | |
Year

26. Have you or anyone on your behalf ever conducted any testing or sampling for the presence of asbestos or other particulates in the property?

☒ Yes    ☐ No    **If Yes, Attach All Documents Related To Any Testing Of The Property.**

27. If you responded Yes to question 26., but you have not provided documents, indicate who may have possession or control of such testing documents or where such documents may be located.

See supplemental sheet

28. If you or someone on your behalf did not conduct any testing or sampling for the presence of asbestos or other particulates on the property, to the best of your knowledge, did anyone else conduct such testing or sampling with respect to the property?

☐ Yes    ☐ No

29. If you responded Yes to question 26. or 28. and you have not supplied related documents, please describe when and by whom and the type of testing and/or sampling (e.g. air, bulk and dust sampling).

| | | | | | Company/Individual | See supplemental sheet |
Year | | Type of testing: | |

| | | | | | Company/Individual | |
Year | | Type of testing: | |

| | | | | | Company/Individual | |
Year | | Type of testing: | |

30. Has the Grace product or products for which you are making this claim ever been modified and/or disturbed?

☒ Yes    ☐ No

31. If yes, specify when and in what manner the Grace product or products was modified and/or disturbed?

| | | | | | Description | See supplemental sheet |
Year

| | | | | | Description | |
Year

| | | | | | Description | |
Year

**SERIAL #**

**D. Category 2 Claim:  Allegation With Respect To One of Grace's Vermiculite Mining, Milling Or Processing Operations**

32. What is the business address or location of the Grace operation which has led to your claim?

*Business Name*

*Street Address*

*City*                                                                                     *State*          *Zip Code*
                                                                                            *(Province)*   *(Postal Code)*

*Country*

33. If your claim relates to a personal residence, does (or did) anyone living in the household work for Grace?

☐ Yes        ☐ No

34. If yes, specify the following for each such individual:

**Name of Individual Working at Grace Operation**

**Date of Birth**

*Month  Day    Year*

**Occupation(s) of Individual**

**Dates Worked at Operation**

From:                 To:
        *Year*                   *Year*

**Name of Individual Working at Grace Operation**

**Date of Birth**

*Month  Day    Year*

**Occupation(s) of Individual**

**Dates Worked at Operation**

From:                 To:
        *Year*                   *Year*

**Name of Individual Working at Grace Operation**

**Date of Birth**

*Month  Day    Year*

**Occupation(s) of Individual**

**Dates Worked at Operation**

From:                 To:
        *Year*                   *Year*

**Name of Individual Working at Grace Operation**

**Date of Birth**

*Month  Day    Year*

**Occupation(s) of Individual**

**Dates Worked at Operation**

From:                 To:
        *Year*                   *Year*

35. When did you first know of the presence of asbestos on your property?

*Year*

9276106                                                                  **SERIAL #**

36. How did you first learn of the presence of asbestos on your property?

Attach all documents relating or referring to the presence of asbestos on the property. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession or control of the document.

If you provide a summary of the documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

37. If you do not have any documents relating or referring to the presence of asbestos on the property, explain why not and indicate who may have possession or control of any such documents with respect to the property.

38. Have you or anyone on your behalf made an effort to remove, contain and/or abate the asbestos on your property?

☐ Yes      ☐ No

If Yes, attach all documents relating or referring to such efforts. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession or control of the document.

If you provide a summary of the documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

39. If you do not have any documents relating or referring to the removal, containment and/or abatement of the asbestos on your property, explain why not and indicate who may have possession and control of such documents with respect to the property.

40. If you or someone on your behalf did not make an effort to remove, contain and/or abate the asbestos on your property, to the best of your knowledge, did anyone else make such an effort?

☐ Yes      ☐ No

9 2 7 6 1 0 7

**SERIAL #**

41. If you responded Yes to question 38. or question 40. and you have not supplied related documents, please specify the dates and descriptions of any such efforts.

| | | | | Description | |
|--|--|--|--|--|--|
*Year*

| | | | | Description | |
|--|--|--|--|--|--|
*Year*

| | | | | Description | |
|--|--|--|--|--|--|
*Year*

42. Have you or anyone on your behalf conducted any other testing or sampling for the presence of asbestos on your property?

☐ Yes        ☐ No

If Yes, attach all documents relating or referring to such efforts. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession or control of the document.

If you provide a summary of the documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

43. If you do not have any documents relating or referring to any other such testing or sampling for the presence of asbestos on your property, explain why not and indicate who may have possession or control of such documents with respect to the property.

44. If you or someone on your behalf did not conduct any other testing or sampling for the presence of asbestos on your property, to the best of your knowledge, did anyone else conduct such testing or sampling?

☐ Yes        ☐ No

45. If you responded Yes to question 42. or question 44. and you have not supplied related documents, please specify the dates and descriptions of any such efforts.

| | | | | Description | |
|--|--|--|--|--|--|
*Year*

| | | | | Description | |
|--|--|--|--|--|--|
*Year*

| | | | | Description | |
|--|--|--|--|--|--|
*Year*

46. Were you aware of the presence of asbestos on your property when you purchased your property?

☐ Yes        ☐ No

47. If you have sold the property, were you aware of the presence of asbestos on your property when you sold your property?

☐ Yes        ☐ No        ☐ Not Applicable, have not sold the property

9 2 7 6 1 0 8                                        SERIAL #

## PART 4:  ASBESTOS LITIGATION AND CLAIMS

### A.  INTRODUCTION

1.  Has any asbestos-related property damage lawsuit or claim been filed against Grace on behalf of this claiming party relating to the property for which you are making this claim?

☐ No
☒ Yes – lawsuit
☐ Yes – non-lawsuit claim (other than a workers' compensation claim)

2.  Has any asbestos-related property damage lawsuit or claim been filed against any other party on behalf of this claiming party relating to the property for which you are making this claim?

☐ No
☒ Yes – lawsuit
☐ Yes – non-lawsuit claim (other than a workers' compensation claim)

*If an asbestos-related property damage lawsuit has been filed by or on behalf of this claiming party relating to the property for which you are making a claim, complete Section B. below.*

*If an asbestos-related property damage non-lawsuit claim has been made by or on behalf of this claiming party relating to the property for which you are making a claim, complete Section C. on the following page.*

### B.  LAWSUITS

1.  Please provide the following information about each asbestos-related property damage lawsuit which has been filed relating to the property for which you are making this claim or attach a copy of the face page of each complaint filed.

a.  Caption  Complaints attached.

b.  Court where suit **originally filed:** [ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]  Docket No.: [ ][ ][ ][ ][ ][ ]
*County/State*

c.  Date filed: [ ][ ] – [ ][ ] – [ ][ ][ ][ ]
*Month*  *Day*  *Year*

a.  Caption  [ ]

b.  Court where suit **originally filed:** [ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]  Docket No.: [ ][ ][ ][ ][ ][ ]
*County/State*

c.  Date filed: [ ][ ] – [ ][ ] – [ ][ ][ ][ ]
*Month*  *Day*  *Year*

a.  Caption  [ ]

b.  Court where suit **originally filed:** [ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]  Docket No.: [ ][ ][ ][ ][ ][ ]
*County/State*

c.  Date filed: [ ][ ] – [ ][ ] – [ ][ ][ ][ ]
*Month*  *Day*  *Year*

(Attach additional pages if necessary.)

9276109                    **SERIAL #**

## C. NON-LAWSUIT CLAIMS

1. If the claiming party has made any claims relating to the property for which you are making a claim (including administrative claims) against anyone, that was not filed with a court of law, please provide the following information for each claim:

   a. Description of claim:

   b. Date submitted: ☐☐ - ☐☐ - ☐☐☐☐ ■
       *Month   Day   Year*

   c. Name of entity to whom claim was submitted:
       ☐ Grace
       ☐ Other
                   *Name of Entity*

---

   a. Description of claim:

   b. Date submitted: ☐☐ - ☐☐ - ☐☐☐☐
       *Month   Day   Year*                    ■

   c. Name of entity to whom claim was submitted:
       ☐ Grace
       ☐ Other
                   *Name of Entity*

---

   a. Description of claim:

   b. Date submitted: ☐☐ - ☐☐ - ☐☐☐☐
       *Month   Day   Year*

   c. Name of entity to whom claim was submitted:
       ☐ Grace
       ☐ Other
                   *Name of Entity*

## PART 5: SIGNATURE PAGE

All claims must be signed by the claiming party.

I have reviewed the information submitted on this proof of claim form and all documents submitted in support of my claim. I declare, under penalty of perjury,* that the above statements are true, correct, and not misleading.

CONSENT TO RELEASE OF RECORDS AND INFORMATION: To the extent that I have produced a summary rather than the documents themselves as requested above or indicated who has possession and control of certain documents, I hereby authorize and request that all other parties with custody of any documents or information concerning my property damage or the information contained in this Form, upon the reasonable request of Grace or Grace's representative, with a copy to the claiming party, disclose any and all records to Grace or to Grace's representative.

SIGNATURE OF CLAIMANT          0 3 - 2 4 - 2 0 0 3
                               *Month   Day   Year*

*The penalty for presenting a fraudulent claim is a fine up to $500,000.00 or imprisonment up to 5 years, or both.
18 U.S.C. §§ 152 & 3571.

9 2 7 6 1 1 0

Copyright ℗ 2002 NCS Pearson, Inc.   All rights reserved.

SERIAL #」

# W.R. Grace & Company Asbestos Property Damage Proof of Claim Form
## Supplemental Information

Claimants, Sheldon H. Solow, Solow Development Corporation, Solovieff Realty Company, LLC and Solow Building Company, LLC ("Solow") supplement the Proof of Claim Form attached hereto with the following additional information:

## Part 1 – Claiming Party Information

The claimants also include Solovieff Realty Company, LCC and Solow Building Company, LLC, each of whom were plaintiffs in <u>Sheldon H. Solow, Solow Development Corporation, Solovieff Realty Company, LLC and Solow Building Company, LLC v. W.R. Grace & Co. – Conn.</u> No. 2453-88 (NY Supreme Ct). Due to lack of space, only the first two plaintiffs' names are listed in the "name" section of this form.

## Part 3 – Property Information

A.      Real Property For Which Your Claim is Being Asserted

Question 4:  Solow had the building built during the period 1969 – 1973.

Question 10:  As detailed at the trial of this case (see attached transcript and exhibit list) [Attachments A and B], the property has had extensive renovations since 1973.

Question 11:  See supplemental information provided with respect to Question 10.

C.      Category 1 Claim:  Allegation with Respect to Asbestos from a Grace Product in the Property.

Question 14:  The asbestos-containing Monokote was installed in approximately 1970 – 1973.

Question 16:  The extensive documentation relating to the purchase and/or installation of this product has all been previously supplied to Grace.  It is extremely voluminous and referenced throughout the attached trial transcript. [Attachment A]  Many of the documents related to the purchase of the asbestos product are contained on the list of admitted exhibits. [Attachment B]

Question 18:  As detailed at the trial of this matter (See Attachment A), Grace represented to Solow that there was either no asbestos in the Monokote used for the building, or that Monokote had a "trace" of asbestos, but was of no concern.  This matter was covered in great detail at the trial.  [See e.g. testimony of Sheldon Solow, Michael Patti, James Cintani contained in Attachment A]

Question 19:  See supplemental response to Question 18.

Question 20:  See supplemental response to Question 18.

Question 21:  See supplemental response to Question 18.

Question 22:  All relevant documents related to this question have been produced to W.R. Grace as part of the litigation in Solow, et al. v. W.R. Grace & Company – Conn.  The details concerning the asbestos removal and its attendant costs were presented to and considered by the jury, resulting in the Judgment and Order attached hereto.  [Attachment C].

Question 25:  See supplemental response to Question 22.

Question 26:  The extensive evidence concerning sampling and testing of the asbestos-containing materials in the Solow building is contained in the attached transcript [Attachment A]  and exhibits [Attachment B], which are already in Grace's possession.   Copies of any such documents Grace cannot locate will be supplied on request.

Question 27:  W.R. Grace's attorneys have copies of all the testing documents relevant to this question.

Question 29:  See supplemental response to Question 26.

Question 31:  The extensive evidence concerning the deterioration of Monokote and activities that disturbed it or asbestos-containing debris from Monokote is contained in the attached transcript and exhibits. [Attachments A and B]  Copies of each of these items are in the hands of

Grace's attorneys.  An additional copy of the transcript is being supplied on a computer disk for easy reference [Attachment A]

## Part 4 – Asbestos Litigation and Claims

B.      Lawsuits

Question 1:  The face page and remainder of each complaint for asbestos property damage relating to 9 West 57th Street are attached hereto.  [Attachment D]  Also attached are the Judgment and Order in Solow v. Grace entering Judgment as of January 17, 2000 in the amount of $25,800,590.57, [Attachment C], as well as the bonds filed on Grace's behalf by St. Paul Fire and Marine Insurance Company in the amount of $25,650,742.00 and the certified check received from Cahill Gordon and Reindel in the amount of $150,000.00, totaling $25,800,742.00.  [Attachment E]  Note that the judgment amount bears interest at the rate of 9% pursuant to N.Y. CPLR §5003 and §5004.

Respectfully Submitted,

Edward J. Westbrook (EW-1938)
Richardson Patrick Westbrook & Brickman
1037 Chuck Dawley Blvd., Building A
Mount Pleasant, SC  29464
(843) 727-6513
ATTORNEY FOR SHELDON H. SOLOW,
SOLOW DEVELOPMENT CORPORATION,
SOLOVIEFF REALTY COMPANY, LLC and
SOLOW BUILDING COMPANY, LLC

# ATTACHMENT C

# Solow v. WRG
## Plaintiffs' Admitted Exhibits

| Exhbit # | Date | Description | Admitted | Published? |
|---|---|---|---|---|
| 100.01 | 7/17/31 | "Asbestosis — Report of Two Cases" by Harold L. Stewart, M.D., Carl J. Bucher, M.D., and Ernest H. Coleman, M.D. | 10/4/99 Notice only | No |
| 101 | 2/20/32 | "Asbestos In London Tube Railways," The Lancet. | 10/4/99 Notice only | No |
| 102 | 11/17/32 | Russell, "Effects of Dust Upon the Respiratory System". | 10/4/99 Notice only | Yes |
| 106 | 1/1/35 | Cornelius S. Hurlbut, et al., "The Mineralogy of Asbestos Dust". | 10/4/99 Notice only | Yes |
| 115 | 6/1/43 | Hueper, "Cancer and Its Relation to Occupation In The Environment," Bulletin of the American Society for Control of Cancer, 25: 63-69. | 10/4/99 Notice only | No |
| 136 | 1/1/62 | Smither, Gilson, Wagner, "Diffuse Pleural Mesotheliomas and Exposure to Asbestos Dust". | 10/4/99 Notice only | Yes |
| 138 | 11/24/62 | W.T.E. McCaughey, O.L. Wade, and P.C. Elmes, "Exposure to Asbestos Dust and Diffuse Pleural Mesotheliomas," British Medical Journal. | 10/07/99 Notice only | No |
| 147 | 1/1/64 | I.J. Selikoff, J. Churg, and E.C. Hammond, "Asbestos Exposure and Neoplasia," J. Am. Med. Assoc. 188, 22. | 10/07/99 Notice only | No |
| 150 | 1/1/64 | NYAS Conference on Asbestos | 10/4/99 Notice only | No |
| 151 | 7/25/64 | Owen, W.Glen, "Diffuse Mesothelioma and Exposure To Asbestos Dust in the Merseyside Area", British American Journal, Vol. II, 1964. | 10/4/99 Notice only | No |
| 157 | 1/1/65 | P.C. Elmes, and O.L. Wade, "Relationship Between Exposure to Asbestos and Pleural Malignancy in Belfast," Annals, New York Academy of Sciences. | 10/4/99 Notice only | Yes |
| 162 | 1/1/67 | Jan Lieben, and Harry Pistawka, "Mesothelioma and Asbestos Exposure," Arch. Environmental Health, Vol. 14. | 10/07/99 Notice only | No |
| 175 | 1/1/71 | Lumley, et al., "Buildings Insulated with Sprayed Asbestos: A Potential Hazard", 14 Ann. Occ. Hyg. 255-57 (1971). | 10/4/99 Notice only | No |
| G-7.03 | 9/17/40 | Letter from Walter J. Bein to Lloyd M. Famer. | 10/4/99 Notice only | Yes |
| G-7.4 | 1/1/43 | "Substitutes", Bennett, H. (copy from Grace's Library). | 10/07/99 | No |
| G-7.6 | 9/1/45 | United States Patent Office Trade-Mark 424,905 for Cellufloc (Registered 10/29/46, Applied for on 09/01/45, Used since 08/10/43), with attached related documents concerning Cellufloc. | 9/24/99 | Yes |
| G-7.7 | 10/29/46 | Cellufloc Trademark Registrations, commencing October 29, 1946. | 9/24/99 | No |
| G-9.915 | 8/9/55 | Memo from J. B. Myers to D. Prouty and J. A. Kelley. | 9/24/99 | No |
| G-10 | 12/21/55 | J.D. Myers to J.H. Huxley Re: Asbestos dust while manufacturing acoustical plaster. | 10/07/99 | Yes |
| G-11.5 | 6/26/57 | Letter from A.M. Gaudin Consulting Metallurgist to J.A. Kelley. | 10/07/99 | Yes |
| G-12.09 | 1/25/60 | Letter from Melvin G. Quayle, Zonolite Company to Max H. Foley, NY Board of Standards and Appeals regarding SM application for Zonolite Monokote | 10/07/99 | No |
| | | | 09/24/99 w/ pgs separate & instruct. Excerpted | No |

| Exhbit # | Date | Description | Admitted | Published? |
|---|---|---|---|---|
| G-13.55 | 5/24/60 | OCF brochure re: Textile Fiber Materials for Industry. | 09/24/99 | No |
| G-14.01 | 7/17/64 | Pages from W. R. Grace RFTS Indices showing electron photomicrographs/micrographs dated 04/05/61-07/17/64. | 09/24/99 | No |
| G-15.15 | 5/3/62 | OCF Customer Acceptance Standards No. TP-272. | 09/24/99 | No |
| G-15.16 | 5/18/62 | OCF Customer Acceptance Standards No. TP-275. | 09/24/99 | No |
| G-15.17 | 5/25/62 | OCF Customer Acceptance Standards No. TP-277. | 09/24/99 | No |
| G-15.3 | 8/21/62 | Memo from E.C. Miller to Regional Managers re:  Invoicing of Fiberglass Foam Board. | 09/24/99 | Yes |
| G-15.5 | 11/21/62 | Capital Appropriation. | 09/24/99 | No |
| G-16.7 | 2/21/63 | Letter from A.L. Simison of OCF to Dr. Arthur Wexler re:  glass mat ingredients. | 09/24/99 | No |
| G-17.015 | 6/5/63 | Memo from R. G. Rice of W.R. Grace to M.G. Sanchez re: Polystyrene Fibers. | 10/8/99 | No |
| G-17.035 | 12/6/63 | Eagle-Picher Co. bulletin re: cellufloc PB-33. | 09/24/99 | No |
| G-17.04 | 2/14/64 | Letter from Woodrow Nelson, M.D. to Maryland Casualty Co. Re: Eitel Ludwig, Zonolite Co., Libby, Montana. | 10/07/99 | Yes |
| G-17.06 | 3/20/64 | Bragg lab notebook page 121 "MK-3 Complaint, Raleigh, No. Carolina, Wachovia National Banks" | 09/24/99 | No |
| G-17.065 | 3/31/64 | Technical Bulletin with Report on Effect of High Velocity Air Upon the Surface of Mono-Kote Material (Boyle Test). | 9/30/99 | Yes |
| G-17.1 | 5/11/64 | Letter from B. Wake to R. Bleich (w/attachment). | 9/23/99 | Yes |
| G-17.42 | 1/13/65 | Memo from J. A. Kelley to G. W. Blackwood. | 9/24/99 | Yes |
| G-17.9 | 8/11/65 | Memo from J.M. Robinson to C.A. Finefrock Re: Dust samples. | 10/07/99 | No |
| G-18 | 10/28/65 | Letter from Benjamin F. Wake of Montana State Board of Health to R.A. Bleich, Mgr. of the Zonolite Co., Libby, MT, enclosing a report of the PA Dept. of Health (44). | 10/8/9 | No |
| G-20 | 10/6/64 | Chicago Daily Re: "Suspect Asbestos a Cancer Source." | 9/23/99 | Yes |
| G-21 | 1/2/65 | R.A. Bleich to JA Kelley Re: Montana Health Studies. | 10/07/99 | Yes |
| G-21.5 | 1/11/65 | Letter from L.E. Park to F. W. Rupp Re: Respiratory Protection. | 10/8/99 | No |
| G-21.6 | 1/27/65 | Letter from William Spicer, M.D. to Robert F. Chenowith, M.D. Re: Asbestosis Study Attached. | 10/07/99 | Yes |
| G-23 | 6/4/65 | M.J. Schilling to Zonolite - California Re: William Locke. | 10/8/99 | No |
| G-23.05 | 6/4/65 | Doctor's First Report of Work Injury Re:  William Locke. | 10/07/99 | No |
| G-23.95 | 11/8/65 | Workmen's Compensation Commission - Lansing, MI:  Employer's Basic Report re:  Zonolite Div. W.R. Grace:  John Lee Pace. | 10/07/99 | Yes |
| G-24 | 9/1/66 | L.E. Park to Peter Kostic Re: Asbestosis. | 9/23/99; 10/01/99 | Yes |
| G-24.01 | 1/1/66 | W.R. Grace Raw Materials Code Book.(excerpted) | 09/24/99 | Yes |

| Exhibit # | Date | Description | Admitted | Published? |
|-----------|------|-------------|----------|------------|
| G-25.5 | 3/1/66 | Vermiculite Institute 25th Annual Meeting Chandler, Arizona. | 09/24/99 | No |
| G-26 | 3/29/66 | Peter Kostic to John Murphy Re: Zonolite Dust Conditions. | 10/07/99 | Yes |
| G-27 | 3/31/66 | B.F. Wake to R.A. Bleich Re: Asbestos-Cancer Link. | 9/24/99 | No |
| G-27.5 | 6/29/66 | Letter from M. Malter, W.R. Grace to Russ Parks, Underwriters Laboratories,  re: UL building material list. | 09/24/99; 10/14/99 | No |
| G-28.25 | 10/29/66 | (Effective date) Certificate of Renewal for Patent Registration No. 424,905 to Georgia-Pacific Corp. (with attached related documents)(Watson exh.1). | 09/24/99 | No |
| G-28.6 | 1/16/67 | Boyle Engineering Lab reports, dated 01/14/67, and 01/16-20/67. | 09/24/99 | No |
| G-29.6 | 6/22/67 | OCF Customer Acceptance Standards No. TP-31. | 09/24/99 | No |
| G-31.255 | 12/5/67 | Answers to Interrogatories in the case of Lilas D. Welch | 10/07/99 | Yes |
| G-31.3 | 12/5/67 | Memo from C.F. Dugan to W.L. Taggart Re:  Report of Trip to Kalispell, Montana. | 10/8/99 | No |
| G-33 | 1/9/68 | R.W. Sterrett to Stewart Re: Arrangement for Kostic to meet JM Pres. | 10/8/99 | No |
| G-33.8 | 2/22/68 | Letter from S. Y. Larrick to Maryland American General Group re: W. R. Grace & Co. Zonolite Division re:  Lilas D. Welch. | 10/07/99 | No |
| G-34.3 | 5/9/68 | (Specification File) Memo from Alice B. Rollins to R.C. Ericson re: Lignosite Raw Materials. | 10/8/99 | No |
| G-34.5 | 5/27/68 | Memo from William Fay to Sons of Norway, Adlofson & Peterson and Western Mineral. | 09/24/99 | Yes |
| G-35 | 6/27/68 | E.D. Lovick to R.W. Sterrett Re: HEW Proposal. | 10/07/99 | Yes |
| G-36 | 7/10/68 | J.R. Lynch to E.D. Lovick Re: Vermiculite Mine Study Proposal. | 10/07/99 | No |
| G-37 | 7/18/68 | R.M. Vining to R.W. Sterritt Re: Response to Sterrett's memo of 07/01/68. | 10/07/99 | Yes |
| G-38 | 7/18/68 | Memo from Lovick to Sterritt Re:  Release of list of employees. | 10/07/99 | No |
| G-39 | 7/25/68 | R.W. Sterrett to R.M. Vining Re: HEW Tremolite Proposal/Discussion w/JM. | 10/07/99 | No |
| G-40 | 7/26/68 | R.W. Sterrett to E.D. Lovick Re: HEW Proposal. | 10/07/99 | Yes |
| G-40.1 | 7/31/68 | Excerpt of R.E. Rothfelder, Monokote Book No. 7., "General Trends and Considerations" of  Dec. 31, 1968 | 9/23/99 | Yes |
| G-41 | 8/1/68 | E.D. Lovick to J.R. Lynch Re: List of Employees. | 10/07/99 | Yes |
| G-41.1 | 8/28/68 | Memo from Clancy Topp to P.R. Strand Re: Proposed Release of Sprayed-On Fireproofing on Bank of America World Headquarters. | 09/24/99 | No |
| G-43.5 | 11/5/68 | Memo from Sterrett to Lovick Re:  Social Security Administration Study. | 10/07/99 | No |
| G-43.8 | 11/9/68 | Memo from Lovick to Sterrett Re:  Social Security Administration Study. | 10/07/99 | No |
| G-45 | 11/18/68 | Letter from Leslie A. Barron to Members of Vermiculite Institute (51). | 10/8/99 | No |