# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | **Chapter 11** |
| | : | |
| **W.R. GRACE & CO., et al.,** | : | **Case No. 01-01139 (JKF)** |
| | : | |
| **Debtors** | : | **Hearing date: November 14, 2005** |
| | : | **Heating time: 12:00 noon** |

### OPPOSITION OF SAN DIEGO GAS & ELECTRIC COMPANY, SEMPRA ENERGY AND ENOVA CORPORATION TO DEBTORS' FIFTEENTH OMNIBUS OBJECTION (SUBSTANTIVE) TO ASBESTOS PROPERTY DAMAGE CLAIMS (RE: CLAIM NO. 11308)

San Diego Gas & Electric Company, Sempra Energy and Enova Corporation ("Claimants") oppose Debtors' Fifteenth Omnibus Objection (Substantive) To Asbestos Property Damage Claims ("Fifteenth Omnibus Objection") as follows:

Claimants are the current and former lessees of an office building located at 101 Ash Street, San Diego, California, 92101 (the "Building"). The Building is a 21-story high rise that is currently used to house the corporate headquarters of Sempra Energy ("Sempra"), a Fortune 500 energy company that owns various energy subsidiaries, including Claimants San Diego Gas & Electric Company ("SDG&E") and Enova Corporation. Claimants seek to recover the costs associated with spot abatement performed in connection with various construction work undertaken throughout the Building since 1993, and further seek to recover the costs of additional abatement that will be required as part of any planned remodeling of the Building that is currently being undertaken.

On or about March 6, 2003, Claimants received a Claims Bar Date Notice ("Notice") that stated a proof of claim filing deadline of March 31, 2003, for all pre-petition claims relating to traditional asbestos property damage caused by Debtors' products, such as Monokote-3 fireproofing insulation. Pursuant to that notice, Claimants reviewed their records and determined that the Building contained Monokote-3 fireproofing insulation used to protect the steel structural members of the Building. As a result, Claimants filed a proof of claim (which Debtors assigned Claim No.

11308) for the costs to perform spot abatement during various tenant improvements that have taken place over the years.

On December 14, 2004, Claimants received Debtors' Notice of Intent to Object to Claims on the Basis of Materially Insufficient Support Information and Opportunity to Supplement Claims ("Notice of Intent to Object").  As part of this Notice of Intent to Object, Claimants' counsel and Debtors' counsel discussed several confidentiality concerns of Claimants.  While these concerns were left unresolved, on May 24, 2005, Claimants served their Supplemental Submission in Support of Claim No. 11308, and on July 29, 2005, Claimants served a Second Supplemental Submission in Support of Claim No. 11308.

On or about September 9, 2005, Claimants were served with Debtors' Fifteenth Omnibus Objection seeking to disallow and expunge Claimants' proof of claim on the following grounds:

- *Claimant[s] failed to include information regarding claimant's[s'] knowledge of: (1) the date of installation of the product; (2) the date the claimant[s] learned that the product at issue contained asbestos; (3) the date the claimant[s] learned of presence of asbestos on the property; and/or (4) prior asbestos-related lawsuits and/or claims.*  (Debtors' Code C-1(d).)
- *Statute of Limitations defense based on Constructive Notice.*  (Debtors' Code D-2.)
- *Claim is barred because it was filed after the longest applicable Statute of Limitations, calculated from date of actual notice, had run.*  (Debtors' Code D-4.)
- *Claim for which the claimant's[s'] delay in bringing such claim has unreasonably prejudiced Grace and thus serves as a legal bar pursuant to applicable law.*  (Debtors' Code D-6.)
- *Claimant[s] failed to provide air (or even irrelevant dust) sampling data reflecting the subject property's asbestos levels.*  (Debtors' Code E-1.)

For the following reasons, Claimants oppose Debtors' Fifteenth Omnibus Objection on the following grounds:

662671

# I.

## FACTS

Currently Sempra leases the premises.  However, SDG&E commissioned the Building's construction on or about 1967, with the subsequent design and construction of the Building taking place from 1967 to 1969.  As part of the construction, specifications and standards for construction were established by the architect Wheeler & Associates.  At Section 9C of the specifications and standards, "Spray-on Fireproofing," the design called for spray-on fireproofing using "fireproofing plaster, mill mixed cementations material, fire resistant, 'Mono-Kote' as manufactured by Zonolite Company."[1]

Sometime in the late 1988, Claimants learned that the fireproofing material installed in the Building contained asbestos.[2]  Although the fireproofing is in good shape, over the years Claimants performed various improvements that required asbestos abatement prior to the construction work.  To date, Claimants have incurred approximately $1.8 million in costs to perform spot abatement at the Building since 1993.[3]

Debtors admit that its product, Monokote-3 (spray-on fireproofing), contains asbestos.  (Fifteenth Omnibus Objection at p. 11, ¶ 7.)  In fact, Debtors claim that their involvement with asbestos began in 1963 when Grace Performance Chemicals purchased the assets of the Zonolite Company.  (Fifteenth Omnibus Objection at p. 10, ¶ 4.)  As to Monokote-3, Debtors acknowledge that it was marketed to provide fire protection for the enclosed steel beams on large commercial structures, predominately high-rise buildings.  (Fifteenth Omnibus Objection at p. 11, ¶ 8.)  Further, Debtors admit that it sold Monokote-3 until 1973.  (Fifteenth Omnibus Objection at p. 11, ¶ 10.)

---

[1] A copy of this specification was attached to Claimants' proof of claim.
[2]  Claimants provided this information in both its proof of claim and supplemental submission.
[3] Claimants provided an itemized breakdown of the costs incurred to date in its proof of claim and actual invoices in its supplemental submission.

## II.

## DISCUSSION

11 U.S.C. § 502 provides that a proof of claim is deemed allowed unless a party in interest objects.   Following such an objection, the court shall determine the amount of the claim and shall allow the claim for such amount except to the extent that the claim is among those enumerated exceptions specified in 11 U.S.C. § 502(b)(1) through (9).   The Debtors have failed to rebut the prima facie status of Claim No. 11308 filed by the Claimants.   In objecting to a claim, the Debtor must establish sufficient, credible facts to rebut the proof of claim.   In re Lundell, 223 F.3d 1035 (9th Cir. 2000).   The burden of proof shifts to the claimant only when the prima facie effect of the claim is rebutted and the claimant must then prove the validity of the claim by a preponderance of the evidence.   In re Allegheny Int'l, Inc., 954 F.2d 167 (3rd. Cir. 1992).

The existence of a claim is controlled by state or other federal law.   In re Johnson, 960 F.2d 396 (4th Cir. 1992).   11 U.S.C. § 502(b)(1) requires disallowance of a claim to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement of applicable law for a reason other than because such claim is contingent or unmatured."

Pursuant to 11 U.S.C. §502, the Claims of San Diego Gas & Electric Company, Sempra Energy and Enova Corporation are allowable in full.

### (Statute Of Limitations)
**A.** **DEBTORS' OBJECTION TO CLAIMANTS' PROOF OF CLAIM BASED ON ACTUAL OR CONSTRUCTIVE NOTICE IS MERITLESS, AS KNOWLEDGE OF THE MERE PRESENCE OF ASBESTOS IS NOT OPERATIVE FOR DETERMINING COMMENCEMENT OF THE STATUTE OF LIMITATIONS.   (DEBTORS' CODE D-2 & D-4.)**

Contamination by friable asbestos is the physical injury that must exist before a property owner's strict liability or tort cause of action accrues against an asbestos manufacturer.   San Francisco Unified School District v. W.R. Grace & Company, 37 Cal.App.4th 1318, 1335 (1995).   In San Francisco Unified School District, plaintiff, a school district, brought an action for strict liability

and negligence against the manufacturer of asbestos-containing products for property damage to plaintiff's buildings.  Defendant moved for summary judgment based on the statute of limitations. The trial court granted the motion, finding that the limitations period commenced when plaintiff became aware that its schools contained potentially damaging asbestos.  Plaintiff appealed.

The Court of Appeals reversed after finding the mere presence of asbestos constitutes only a threat of future harm, and that contamination by friable asbestos is the physical injury which must exist before a property owner's strict liability or tort cause of action against an asbestos manufacturer accrues.  San Francisco Unified School District, supra, 37 Cal.App.4th 1335, emphasis added.

> [A]ccordingly, we hold that in an asbestos-in-building case, the mere presence of asbestos constitutes only a threat of future harm. Contamination by friable asbestos is the physical injury and the actual, appreciable harm that must exist before a property owner's strict liability or tort cause of action against an asbestos manufacturer accrues and the limitations period commences.

San Francisco Unified School District, supra, 37 Cal.App.4th 1335.

The Court of Appeals rejected the trial court's ruling that the mere presence of asbestos in plaintiffs' buildings constituted the required injury.  It found that until contamination occurs, the only damages that arise are economic losses that do not constitute physical injury to property for purposes of commencing the statute of limitations.  San Francisco Unified School District, supra, 37 Cal.App.4th 1330.

Debtors argue that the statute of limitations bars Claimants' proof of claim because they had constructive or actual notice of the "claim."  Debtors do not articulate the "claim," but in footnote 11 of Fifteenth Omnibus Objection, Debtors indicate that the "claim" arises when Claimants have knowledge of the "potential hazards from asbestos."[4]  However, as San Francisco Unified School

---

[4] In support of this argument, Debtors may cite to City of San Diego v. U.S. Gypsum Co., 30 Cal.App.4th 575 (1994), that implicitly held that the mere presence of asbestos constitutes the injury.  Claimants submit that San Francisco Unified School District's reasoning as to the actual harm is consistent with California authority, and other jurisdictions, that distinguish between injury and wrongdoing.

District instructs, knowledge of the potential dangers of asbestos is not determinative:

> [U]ntil contamination occurs, the only damages that arise are economic losses that do not constitute physical injury to property recoverable in strict liability or negligence. <u>Physical injury</u> resulting from asbestos contamination, <u>not the mere presence of asbestos</u>, must have occurred before a cause of action for strict liability or negligence can accrue in an asbestos-in- building case and the limitations period commence.

<u>San Francisco Unified School District</u>, <u>supra</u>, 37 Cal.App.4th 1330, emphasis added.

What is determinative is whether the Building has been contaminated by "<u>friable</u>" asbestos. Here, Debtors have not offered any evidence that the asbestos in the Building has become friable, and their argument that Claimants knew of the potential hazard of asbestos as the start of the statute of limitations is non-dispositive on the issue. As will be set forth in section II.C., whether the asbestos has become friable is a question of fact that cannot be adjudicated at this time in Debtors' objection.

### B. THE SPOT ABATEMENT PERFORMED BY CLAIMANTS OVER THE YEARS WAS DONE TO ABATE A CONTINUING PRIVATE NUISANCE.

It is anticipated that Debtors will argue that the spot abatement that occurred over the years is evidence that the asbestos has become friable and contaminated the Building. This is not the case, as the spot abatement was performed in connection with tenant improvements, not because the asbestos has become friable. Any harm associated with this spot abatement is a temporary interference with the use and enjoyment of the Building. Thus, it is a private continuing nuisance. California's courts define a nuisance is an interference with the interest in the private use and enjoyment of the land and does not require interference with the possession. <u>Copogeannis v. Superior Court</u>, 12 Cal.App.4th 668, 674 (1993). Cases have found that hazardous chemicals placed on private property can constitute a private nuisance. <u>Copogeannis</u>, <u>supra</u>, 12 Cal.App.4th 668.

Here, since the spot abatement over the years was done to abate a continuing private nuisance, the proof of claim is not time barred. For a nuisance, the statute of limitations depends on

whether it is permanent or continuing.  If a nuisance is permanent, plaintiff must bring an action for all past, present and future damage within three years after subsequent use of the property.  If, on the other hand, the nuisance is continuing, then every repetition of the nuisance is a separate wrong, subject to a new and separate limitation period, where a person injured may bring successive actions for damages.  Id. at 676.

Whether the private nuisance is permanent or abatable is a question of fact, but turns on the nature and extent of the contamination.  Mangini v. Aerojet-General Corporation, 12 Cal.4th 1087, 1097 (1996).  The crucial test of the permanency of the nuisance is whether it can be discontinued or abated.  Id.  If the nuisance may be discontinued at any time, it is considered continuing in character. Copogeannis, supra, 12 Cal.App.4th 677.  For purposes of determining whether a nuisance is permanent or abatable, the California Supreme Court has determined that "abatable" means the nuisance can be remedied at a reasonable cost by reasonable means.  Mangini, supra, 12 Cal. 4th 1103.

Since the asbestos has not become friable, the asbestos interferes with Claimants use of the premises every time tenant improvements are made.  It is a continuing rather than a permanent nuisance because it can be abated and completely removed at reasonable costs by reasonable means. Thus, Debtors' objection to Claimants' claim on the basis of the statue of limitations fails, as the claim is not time barred as with a separate limitation period that is invoked based on the continuing nature of the asbestos in the Building.

C.    WHETHER THE ASBESTOS IN THE FIREPROOFING MANUFACTURED BY CLAIMANTS HAS BECOME FRIABLE IS A QUESTION OF FACT THAT MUST BE ADJUDICATED.

In the San Francisco Unified School District case discussed in section II.A., the court concluded that the "dates of actual contamination is an issue of fact for the jury to resolve unless the trial court finds that these factual issues may be resolved as a matter of law."  San Francisco Unified School District, supra, 37 Cal.App.4th 1336.  This holding is consistent with California law as the California Supreme Court has clearly stated that the application of the statute of limitations is a question of fact unless the undisputed facts are subject to one legitimate inference.  Jolly v. Eli Lilly

& Co., 44 Cal.3d 1103, 1112 (Cal. 1988).  Courts have unequivocally held that if the facts relied upon leave doubt as to whether an action has been brought within the applicable period of limitation, a court should not indulge in a strained construction of the applicable statute for the purpose of supporting the plea of bar of the statute.  Herman v. Los Angeles Metropolitan Transportation Authority, 71 Cal.App.4[th] 819, 826-827 (1999).  As discussed in section II.A herein, knowledge of asbestos is not determinative.  What is determinative is whether the asbestos has become friable, which is a question of fact that must be adjudicated.

### III.

### DISCUSSION

#### (Other Objections)

**A.    CLAIMANTS, IN THEIR ORIGINAL PROOF OF CLAIM AND SUPPLEMENTAL SUBMISSIONS, PROVIDED THE INFORMATION IDENTIFIED BY DEBTORS AS LACKING.  (DEBTORS' CODE C-1.)**

Debtors' additional objection to Claimants' proof of claim is that Claimants failed to include information regarding Claimants' knowledge of: (1) the date of installation of the product; (2) the date the claimant learned that the product at issue contained asbestos; (3) the date the claimant learned of presence of asbestos on the property; and/or (4) prior asbestos-related lawsuits and/or claims.  Claimants' proof of claim should not be barred on this basis as Claimants provided this information to Debtors in their initial proof of claim and subsequent submissions.

Specifically, in their proof of claim, Claimants stated that the Building was built before 1969, has steal beam girders, contains Monokote-3 fireproofing insulation, and the fireproofing was installed before 1969.  (Proof of Claim No. 11308, Nos. 8, 9 and 13.)  In its supplemental submission, Claimants further identified that they learned, as far as the records reflect, of the presence of asbestos in the Building in the late 1980s.  Thus, Debtors have the information that they claim is missing.

662671

**B.    DEBTORS FAIL TO PROVIDE ANY SUPPORT AS TO HOW OR WHY BRINGING THE CLAIM NOW HAS UNREASONABLY PREJUDICED THEM.  (DEBTORS' CODE D-6.)**

Debtors argue that Claimants' delay in bringing such claim has unreasonably prejudiced them and thus serves as a legal bar pursuant to applicable law.  This argument is without merit since, as noted in section II.A., there is no claim until the asbestos becomes friable.  Furthermore, laches is an equitable defense that is dependent upon a claim of equity brought by plaintiff.  United States Capital Corp. v. Nickelberry, 120 Cal.App.3d 864, 867-868 (1981)  Here, Claimants are not asserting any equitable claims.  Thus, there is no basis for the defense.  Moreover, since laches is an equitable remedy, a party seeking equitable relief must come into court with clean hands.  Here, it cannot be said that Debtors have clean hands, as they knew of the dangers of the product long before it pulled the product from the market.  In re Marriage of Dancy, 82 Cal.App.4th 1142, 1157 (2000).  Finally, the defense of laches is rarely successful in environmental cases due to a strong public policy consideration for judicial review of these cases on the merits.  Santiago County Water District v. County of Orange, 118 Cal.App.3d 818, 834 (1981).

Even assuming that laches is applicable, such defense is a question of fact that must be determined by all the circumstances in each particular case.  Wolpert v. Gripton, 213 Cal. 474, 483 (1931).  While Debtors argue that they have been unreasonably prejudiced, Debtors have failed to provide actual evidence to support their assertions.  Even if such evidence can be provided, the trier of fact would have to determine the applicability of the defense, taking into account the circumstances.  At a minimum, Debtors' assertion of laches is premature, as significant discovery must be undertaken to validate Debtors' claim.  Further, even assuming that Debtors' allegations are sufficient, the prejudice equally affects Claimants.

**C.    CLAIMANTS PROVIDED ALL KNOWN TESTS PERFORMED AT THE BUILDING. (DEBTORS' CODE E-1.)**

Debtors argue that Claimants failed to provide air (or even irrelevant dust) sampling data reflecting the Building's asbestos levels.  This is not the case.  In its supplemental production,

Claimants provided all available air sampling tests performed at the Building. Therefore, this is not a basis to disallow Claimants' proof of claim.

### IV.

### CONCLUSION

For all the foregoing reasons, Claimants respectfully submit that their proof of claim is not barred by the statute of limitations and that Debtors' other objections do not provide any basis for this Court to disallow Claimants' proof of claim.

Dated:  October 21, 2005          By: /S/ Steven T. Davis_____
                                   Steven T. Davis (Del. Bar No. 2731)
                                   OBERMAYER REBMANN MAXWELL & HIPPEL LLP
                                   3 Mill Rd.
                                   Wilmington, Delaware 19806
                                   Telephone: (302) 655-9094

                                   -and-

                                   D. Alexander Barnes, Esquire
                                   OBERMAYER REBMANN MAXWELL & HIPPEL LLP
                                   1617 John F. Kennedy Blvd., Suite 1900
                                   Philadelphia, PA 19103-1895
                                   Philadelphia, PA 19103-1895
                                   Telephone:   (215) 665-3000
                                   Facsimile:    (215) 665-3165

                                   Local Counsel to San Diego Gas & Electric Company, Sempra Energy and Enova Corporation

                                   -and-

                                   Raul Olamendi Smith (CSB No. 180395)
                                   OFFICE OF THE GENERAL COUNSEL
                                   101 Ash Street, Suite 1100
                                   San Diego, CVA 92101-3017
                                   Telephone: (619) 699-5028
                                   Facsimile  (619) 696-4838

                                   Attorneys for San Diego Gas & Electric Company, Sempra Energy and Enova Corporation

662671