**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| W.R. GRACE & CO., *et al.*, ) | Case No. 01-1139 (JKF) |
| ) | Jointly Administered |
| Debtors. ) | |
| ) | **Objection Date: November 7, 2005 @ 5:00 p.m. (proposed)** |
| ) | **Hearing Date: November 14, 2005 @12:00 p.m. (proposed)** |

**MOTION OF THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL
INJURY CLAIMANTS FOR (I) CLARIFICATION, OR ALTERNATIVELY (II)
FOR MODIFICATION OF THE CASE MANAGEMENT ORDER FOR THE
<u>ESTIMATION OF ASBESTOS PERSONAL INJURY LIABILITIES</u>**

The Official Committee of Asbestos Personal Injury Claimants (the "ACC"), by and through its undersigned counsel, hereby moves (the "Motion") for the entry of an order (I) clarifying the Case Management Order for the Estimation of Asbestos Personal Injury Liabilities, or, in the alternative, for modification of the Case Management Order for the Estimation of Asbestos Personal Injury Liabilities.  In support of this Motion, the Committee respectfully represents as follows:

**<u>JURISDICTION</u>**

1.    The Court has jurisdiction over these proceedings, the parties and property affected thereby, and the Motion, pursuant to 28 U.S.C. §§157(b) and 1334.  Venue is before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. §157(b).

**<u>PRELIMINARY STATEMENT</u>**

2.    Since the filing of the Case Management Order for the Estimation of Asbestos Personal Injury Liabilities ("PI CMO"), counsel to the ACC has received numerous inquiries from individual asbestos personal injury claimant law firms

{D0050283:1 }

("Claimant Firms").  Many of the Claimant Firms have raised concerns regarding the ability to complete the Asbestos Personal Injury Questionnaire ("Questionnaire") in a digital or electronic format, and to expand the space provided for responses as necessary to allow for a more complete response.  Based on a review of the Questionnaire and PI CMO, counsel to the ACC believes that neither the Questionnaire approved by the Court nor the PI CMO prohibit the completion of the Questionnaire in an electronic format.  (A copy of the Court's August 29, 2005 Case Management Order for the Estimation of Asbestos Personal Injury Liabilities is attached hereto as Exhibit A).  In addition, there is nothing contained in the Federal Rules of Civil Procedure which would prohibit the completion of the Questionnaire in an electronic format.

3. In an effort to resolve these issues, ACC counsel has had numerous discussions with the Debtors counsel, who in turn, has consulted with Rust Consulting, Inc. ("Rust").  As a result of those discussions, ACC counsel believes that a resolution has been reached to allow for the electronic completion of the Questionnaires.  In addition, an agreement has been reached whereby Claimant Firms can complete the Questionnaires and transmit the responses (and supporting documentation) to Rust on a CD.

4. However, out of an abundance of caution, and until the agreement can be documented, the ACC is filing this Motion to request clarification that the current PI CMO allows Claimant Firms to complete the Questionnaire in an electronic format; in the alternative, the ACC requests modification of the PI CMO to allow for completion in an electronic format.  The ACC does not seek a substantive change to the PI CMO or Questionnaire, but a clarification of the mechanics for completion of the Questionnaires.

5.  For Claimant Firms with the electronic capability, the process of completing responsive Questionnaires will be more efficient, and less burdensome, if Questionnaires can be completed in an electronic – rather than paper – format. The Claimant Firms would still send the completed Questionnaires and related attachments to Rust via the means specified in the Questionnaire (e.g. U.S. Mail, Federal Express, United Parcel Service). The ACC does not seek authorization for Claimant Firms to complete the transmission the Questionnaire to Rust electronically, or to alter the substance or the order of the questions. The ACC merely seeks clarification that the Claimant Firms can complete the Questionnaire electronically, may use the amount of space necessary for a full and accurate response, and may finalize the responses in an electronic medium for transmission to Rust.

## BACKGROUND

6.  On or about April 1, 2001, W.R. Grace & Co. and certain of its affiliates (the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the Clerk of this Court. The Debtors continue to be in possession of their respective properties and are operating and managing their respective businesses and assets, as debtors–in–possession, pursuant to Sections 1107 and 1108 of the Bankruptcy Code. The proceedings are being jointly administered, for procedural purposes, pursuant to an Order of this Court.

7.  No Trustee or examiner has been appointed in the Debtors' chapter 11 cases. On April 13, 2001, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors, the Official Committee of Asbestos Property Damage Claimants, and the ACC pursuant to Section 1102(a)(1) of the Bankruptcy Code.

On May 24, 2004, this Court signed an Order appointing David T. Austern as the Legal Representative for Future Asbestos Claimants.

8. On August 29, 2005, this Court signed the Case Management Order for the Estimation of Asbestos Personal Injury Liabilities [D.I. 9301] (the "PI CMO"). The PI CMO approved the Asbestos Personal Injury Questionnaire (the "Questionnaire"), which was attached as Exhibit A thereto.

9. In pertinent part, the Instructions section of the Questionnaire provides:

Your Questionnaire will be deemed filed only when it has been received by Rust Consulting Inc., the Claims Processing Agent, via U.S. Mail, Federal Express, United Parcel Service or similar hand delivery service. A Questionnaire that is submitted by facsimile, telecopy, or other electronic transmission will **not** be accepted and will **not** be deemed filed.

(Emphasis in original).

## RELIEF REQUESTED

10. Through this Motion, the ACC seeks entry of an Order clarifying that electronic or digital completion of responses to the Questionnaire, and the submission of electronic copies of any documents requested to be attached to the Questionnaire (e.g. interrogatory answers, medical records) are authorized and that responses are not limited to the space provided. Alternatively, the ACC seeks entry of an Order modifying the PI CMO, to the extent necessary, to authorize electronic or digital responses to the Questionnaires using the amount of space necessary to accurately respond thereto.

## ARGUMENT

11. In connection with questions raised by Claimant Firms, ACC counsel previously contacted Debtors' counsel to determine whether the Debtors were in agreement that the Questionnaires could be scanned in and completed electronically. In

response, Rust advised ACC counsel that the responses to the Questionnaires do not need to be hand-written; Rust agreed that the Questionnaires could be scanned in electronically and completed. However, Rust originally maintained that the Questionnaires must be transmitted to them in a paper format and that the final submission "must mirror the form that was sent". As noted above, all of the Questionnaires and supporting documentation must be sent directly to Rust. After further discussions with Claimant Firms, ACC counsel asked Debtors' counsel whether Questionnaires can be completed and finalized in an electronic medium (e.g. CD's), enlarging the space provided to the extent necessary to provide a complete response.

12. The individual claimants and Claimant Firms cannot be required to complete the Questionnaires in exactly the same format as it was distributed, as this is not supported by the Federal Rules of Civil Procedure. Specifically, there is no provision in the Federal Rules of Civil Procedure limiting responses to the space provided by the person preparing the interrogatories. In fact, the current - and common - practice in responding to interrogatories is to convert them into an electronic format and to insert the appropriate responses and objections electronically – regardless of how the insertion of responses and objections may change the original pagination of the interrogatories.

13. In addition, The PI CMO and the Questionnaire do not require the "holders of pre-petition asbestos personal injury claims[1]" to submit Questionnaire responses solely in a paper format. In addition, there is nothing in the Federal Rules of Civil Procedure that would prohibit the electronic preparation of responses to the Questionnaire. Nothing in the Questionnaire or CMO mandates a particular method for preparation of responses or provides a limitation on the length of any particular response.

---

[1] As the phrase is used in the Questionnaire.

{D0050283:1}                                5

14. As noted above, the Instructions section of the Questionnaire prohibits the transmission of responses to Rust, via "facsimile, telecopy, or other electronic transmission". However, the Questionnaire is silent as to the ability of Claimant Firms to prepare responses to the Questionnaire in an electronic format and to transmit the completed Questionnaire pursuant to the Instructions.

15. Some of the information required by the Questionnaire, and many of the documents to be produced with the Questionnaire, are stored by Claimant Firms in an electronic format. As a result, it would be most efficient to allow Claimant Firms to take the Questionnaire distributed by Rust and have it converted and completed in an electronic format. The completed Questionnaire can be transmitted to Rust on a CD-ROM or disk(s), with all of the applicable attachments and supporting documentation.

16. Indeed, Rule 34(b) of the Federal Rule of Civil Procedure provides that "a party who produces documents for inspection shall produce them as they are kept in the usual course of business . . ." For many of the Claimant Firms, much of the supporting documentation requested by the Questionnaire is kept in a digital format. In addition, some of the information requested by the Questionnaire itself is kept in an electronic format.

17. Aside from the Federal Rules of Civil Procedures, precedent exists, *in these cases*, for the authority to provide information in an electronic format. On October 22, 2004, this Court entered the Revised Order Requiring Filing of Statements Pursuant to Fed. R. Bank. P. 2019 ("2019 Order"). The 2019 Order requires any entity which represents more than one creditor to submit to the Clerk of Court certain exhibits, including an Excel spreadsheet, on a compact disk. Copies of the CD's submitted to the

Clerk of Court must be served on the Debtors and the Unites States Trustee. This procedure was established in numerous asbestos-related bankruptcy cases pending in this jurisdiction.

18. Putting aside for the moment the substantial waste of time and money that would result from requiring Claimant Firms to complete the Questionnaires in a paper format, allowing the Questionnaire to be completed in an electronic format, utilizing the space necessary for a complete response is completely consistent with the process established in the USG case, where Rust is acting as the USG Debtors' Claims Processing Agent. Specifically, a hearing was held on October 6, 2005 before Joy Flowers Conti, District Judge for the United States District Court for the Western District of Pennsylvania, to discuss the USG Debtors' motion for authorization to send a similar questionnaire to asbestos personal injury claimants. During that hearing, a procedure was discussed whereby Rust would distribute electronic versions of the questionnaire, and also make the questionnaire available on its web site. It was agreed that responses to the USG questionnaire could be completed in an electronic format. Judge Conti noted that completing the Questionnaire electronically would resolve the concerns regarding lack of space for full and accurate responses. In fact, Judge Conti suggested to the Debtors that a procedure be established to allow responses to be transmitted to Rust in an electronic format.

## NO PRIOR REQUEST

19. No previous motion to file under seal the Confidential Exhibits to the Objection has been made to this or any other Court.

## **CONCLUSION**

WHEREFORE, the Official Committee of Asbestos Personal Injury Claimants respectfully requests entry of an order (I) clarifying the Case Management Order for the Estimation of Asbestos Personal Injury Liabilities, or, in the alternative, (II) modification of the Case Management Order for the Estimation of Asbestos Personal Injury Liabilities to allow responsive Questionnaires to be completed in an electronic format, using the space necessary to respond thereto, and further relief as is just and equitable.

Dated: October 21, 2005

CAMPBELL & LEVINE, LLC

*/S/ Mark Hurford*
Marla R. Eskin (No. 2989)
Mark T. Hurford (No. 3299)
800 North King Street, Suite 300
Wilmington, DE  19801

-and-

CAPLIN & DRYSDALE, CHARTERED
Elihu Inselbuch
399 Park Avenue
New York, NY  10022-4614
(212) 319-7125

-and-

CAPLIN & DRYSDALE, CHARTERED
Peter Van N. Lockwood
Nathan D. Finch
Jeffrey A. Liesemer
One Thomas Circle, N.W.
Washington, D.C.  20005
(202) 862-5000

*Counsel to the Official Committee of
   Asbestos Personal Injury Claimants*