# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Objection Date: November 7, 2005 @ 5:00 p.m. (proposed)** |
| | ) | **Hearing Date: November 14, 2005 @12:00 p.m. (proposed)** |

**MOTION TO SHORTEN NOTICE WITH RESPECT TO THE MOTION OF
THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY
CLAIMANTS FOR (I) CLARIFICATION, OR ALTERNATIVELY
(II) FOR MODIFICATION OF THE CASE MANAGEMENT ORDER FOR
THE ESTIMATION OF ASBESTOS PERSONAL INJURY LIABILITIES**

The Official Committee of Asbestos Personal Injury Claimants (the "ACC"), by and through their undersigned counsel, hereby move, pursuant to Del. Bankr. LR 9006-1(e), Rule 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Sections 102 and 105 of Title 11 of the United States Code (the "Bankruptcy Code"), for the entry of an order shortening the time for notice (the "Motion") of the Motion of the Official Committee of Asbestos Personal Injury Claimants for (I) Clarification, or Alternatively (II) for Modification of the Case Management Order for the Estimation of Asbestos Personal Injury Liabilities (the "Motion to Clarify"), and for leave from this Court's Order Scheduling Omnibus Hearing Dates for 2005 [D.I. 6833] (the "Scheduling Order") to allow the Motion to Clarify to be heard during the November 14, 2005 omnibus hearing. In support of the Motion, the ACC respectfully represent as follows:

    1.    The Motion to Clarify seeks entry of an order clarifying the mechanics for the completion of the Asbestos Personal Injury Questionnaire (the "Questionnaire"), or in the alternative, for modification of the Case Management Order for the Estimation of Asbestos Personal Injury Liabilities (the "PI CMO"). Specifically, the Motion to Clarify seeks to clarify that the claimants and individual asbestos personal injury claimant law firms (the "Claimant

{D0050282:1 }

Firms") can complete the Questionnaires in an electronic format and enlarge the spaces provided as necessary to fully respond thereto. In addition, the Motion to Clarify seeks to confirm that individual claimants and Claimant Firms may finalize the Questionnaires in an electronic medium (e.g. CD's) for transmission to Rust Consulting, Inc. ("Rust"). The Motion to Clarify does not seek to alter the questions contained in the Questionnaire, the order (or sequence) of the questions contained in the Questionnaire, or seek any substantive alterations thereto.

2. The next scheduled omnibus hearing dates in these Chapter 11 proceedings are October 24, November 14, and December 19. Without relief from this Court's Scheduling Order, the Motion to Clarify would have to be scheduled for the December 19, 2005 hearing, which is too close to the January 12, 2006 deadline to respond to the Questionnaires.

3. Under the PI CMO, Rust was directed to mail the Questionnaires by September 12, 2005. Upon information and belief, Questionnaires were mailed out by that deadline; however, ACC counsel has been informed that some firms have received Questionnaires postmarked after that date. Since receiving the Questionnaires, Claimant Firms have been contacting ACC Counsel, Debtors' counsel, and Rust directly to discuss the mechanics of responding to the Questionnaires based upon the particular technological capacity of the Claimant Firms.

4. ACC counsel believed it was clear, based upon the Federal Rules of Civil Procedure as well as the PI CMO and language contained in the Questionnaire, that Claimant Firms could complete the Questionnaires electronically. However, initial responses from the Debtors and Rust indicated that there would be a dispute. ACC counsel continued discussions with the Debtors throughout the drafting of this Motion and the Motion to Clarify. At this time, it appears that a resolution has been reached, but in any event, the resolution will need to be formalized to provide clear instructions to the Claimant Firms.

{D0050282:1}

5.  Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware provides that "[n]o motion will be scheduled on less notice that required by these Rules or the Fed.R.Bankr.P. except by Order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice."

6.  In this case, exigencies exist which justify shortened notice.  First, if the Motion to Clarify is not heard until the December 19, 2005 hearing, the mechanics for completing the Questionnaires will be unclear until shortly before the January 12, 2006 deadline.  This will unnecessarily leave many Claimant Firms in doubt regarding the appropriate mechanics for responding to the Questionnaires during a period of time critical to completing the Questionnaires.  As the Court is aware, it is truly unprecedented for a Debtor to send Questionnaires seeking discovery from approximately 120,000 pre-petition asbestos personal injury claimants.  Consequently, the Claimant Firms should be provided certainty in order to utilize the time allotted under the PI CMO.

7.  Furthermore, it appears that ACC counsel and Debtors' counsel have resolved the issues raised in the Motion to Clarify, obviating the need for contested briefing or oral argument. In any event, the Motion to Clarify can serve as the procedural mechanism to document the resolution.  In the unlikely event that a resolution has not been reached, the Debtors, and other parties, may respond to this relatively simple issue within the fourteen days notice period proposed and the Motion to Clarify can be addressed at the November 14, 2005 hearing.

8.  Notice of this Motion has been provided to:  (a) Office of the United States Trustee; (b) counsel to each of the Official Committees and Futures Representative; (c) the Debtors; and (c) all parties who have requested notice pursuant to Bankruptcy Rule 2002.

Counsel for the ACC submits that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Official Committee of Asbestos Personal Injury Claimants respectfully requests the entry of an order shortening the notice period as set forth herein, and scheduling a hearing on the Motion to Clarify for November 14, 2005 at noon.

Dated: October 21, 2005

CAMPBELL & LEVINE, LLC

*/S/ Mark Hurford*
Marla R. Eskin (No. 2989)
Mark T. Hurford (No. 3299)
800 North King Street, Suite 300
Wilmington, DE  19801
(302) 426-1900

-and-

CAPLIN & DRYSDALE, CHARTERED
Elihu Inselbuch
399 Park Avenue
New York, NY  10022-4614
(212) 319-7125

-and-

CAPLIN & DRYSDALE, CHARTERED
Peter Van N. Lockwood
Nathan D. Finch
Jeffrey A. Leisemer
One Thomas Circle, N.W.
Washington, D.C.  20005
(202) 862-5000

*Counsel to the Official Committee of
   Asbestos Personal Injury Claimants*

SO ORDERED this _____ day of _____, 2005

_____
Judith K. Fitzgerald
United States Bankruptcy Judge

{D0050282:1 }

4