# TAB D

## SPEIGHTS & RUNYAN
ATTORNEYS AT LAW
200 JACKSON AVENUE, EAST
POST OFFICE BOX 685
HAMPTON, SOUTH CAROLINA 29924
(803) 943-4444

TELECOPIER
(803) 943-4599

DANIEL A. SPEIGHTS

April 27, 2001

<u>VIA TELEFAX</u>

Frank J. Perch, III, Esquire
U.S. Department of Justice
Office of the U.S. Trustee
Eastern District of Pennsylvania
District of Delaware
601 Walnut Street
Curtis Center, Suite 950 West
Philadelphia, PA 19106

    Re:   W.R. Grace & Co., et al.
          <u>Bankruptcy Case No. 01-1139 (MFW)</u>

Dear Mr. Perch:

Thank you for the opportunity to respond to the 1998 affidavit ("Affidavit" attached to your April 25, 2001 letter.

W.R. Grace & Company ("Grace") submitted this Affidavit in opposition to Anderson's motion to certify a class action. *Anderson Memorial Hospital v. W.R. Grace & Company, et al.*, Case No. 92-CP-25-279 (S.C. Comm. Pleas, Hampton County) (Judge John C. Hayes, III). This is indeed the same litigation in which Judge Hayes later conditionally certified a class against Grace.

Before entering his certification order, Judge Hayes conducted a two day evidentiary hearing that was devoted almost entirely to the Affidavit and Anderson's rebuttal. At that hearing, Anderson developed an extensive and compelling record refuting every factual assumption upon which the Affidavit is based, including testimony and/or Affidavits of a current United States District Judge for the Southern District of Florida; the former Chief Judge of the South Carolina Court of Appeals; another leading ethics Professor, who disagreed entirely with the Affidavit; an Assistant United States Attorney for the Eastern District of California; two of the most respected practitioners in South Carolina with combined practices extending over eighty years; and partners in the other three major asbestos PD law firms in the nation, including one lawyer you recently appointed to the Asbestos PD Committee in this bankruptcy who refuted several factual allegations in the Affidavit. In addition, the author of the Affidavit testified, and, more importantly, was extensively cross-examined, during which he significantly modified and qualified his opinions when faced with the actual facts instead of what Grace's counsel told him.

We are eager to provide you with the extensive record from the evidentiary hearing. However, because the rebuttal to Grace's attack required the disclosure of privileged matters, the Court granted Anderson's motion and sealed the record pursuant to Ethical Rule 1.6(b)(2). Because of this sealed order, we need to obtain the permission of Judge Hayes to provide the materials you have requested to refute Professor Hazard's Affidavit. In the meantime, we are at liberty to tell you the following:

1. Judge Hayes entered his conditional certification order after the evidentiary hearing and receipt of all of the materials regarding this issue.

2. Although four other asbestos Defendants initially joined in Grace's challenge, after hearing the facts, all of these Defendants withdrew their challenge.

3. Following the hearing, Grace itself withdrew one of the more serious challenges set forth in the Affidavit.

We are in the process of asking the South Carolina Court to modify this order to allow us to send you under seal the record that convinced Grace's co-defendants to forsake Grace's unfounded attack. Because we must serve the other Defendants, I am not sure how quickly this matter can be heard.

In the meantime, we respectfully renew our request that you advise us who provided you with the Affidavit, when the Affidavit was provided, and whether you have been provided with any other information critical of Anderson or its counsel.

Finally, I want to take this opportunity to point out that I omitted to advise you in my April 18, 2001 letter that Anderson previously has been involved in an asbestos related bankruptcy filed in this Court. In 1993, Anderson was, I believe, the only PD claimant to participate in the USG Corporation prepackage bankruptcy. I represented Anderson in that matter along with my Delaware co-counsel, now Bankruptcy Judge Peter J. Walsh.

Please accept my high regards.

                                          Sincerely yours,

                                          Daniel A. Speights

DAS/rb

cc    Frederic J. Baker, Esquire