# TAB L

12/6/96

335

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:                                              Chapter 11

THE CELOTEX CORPORATION and                         Consolidated Case Nos.
CAREY CANADA INC.,                                  90-10016-8B1
                                                    90-10017-8B1
                Debtors.

ORDER CONFIRMING THE PLAN OF REORGANIZATION FOR
THE CELOTEX CORPORATION AND CAREY CANADA, INC.

The Confirmation Hearing[1] to consider confirmation of the Plan commenced on November 18, 1996 and concluded on December 5, 1996. The Court has considered (i) all of the testimony presented and evidence admitted at the Confirmation Hearing; (ii) the papers and pleadings on file in the Reorganization Cases, including, but not limited to, any adversary proceedings relating to the Reorganization Cases and (iii) the law of the case. Following the Confirmation Hearing and in conjunction with this Order, the Court entered its Findings and Conclusions.

Based upon the foregoing and the Findings and Conclusions, along with all other rulings by this Court made in connection with the Confirmation Hearing, it is hereby ORDERED:

---

[1] Capitalized terms used in this Order shall have the meanings ascribed to them in the Plan, unless otherwise indicated or defined in the accompanying Findings Of Fact And Conclusions Of Law Regarding The Modified Joint Plan Of Reorganization Under Chapter 11 Of The United States Bankruptcy Code For The Celotex Corporation And Carey Canada Inc. (the "Findings and Conclusions") or herein. Any capitalized term used in this Order that is not defined herein, in the Findings and Conclusions or in the Plan, but that is defined in the Bankruptcy Code or the Bankruptcy Rules, shall have the meaning ascribed to such term in the Bankruptcy Code or the Bankruptcy Rules. Such meanings shall be equally applicable to both the singular and the plural forms of such terms.

72A

23. **Effective Date**. "Effective Date" shall mean and refer to the first (1st) Business Day immediately following the first date upon which all of the conditions to occurrence of the Effective Date contained in Article 8.2 of the Plan have been satisfied or waived pursuant to Article 8.2 of the Plan.

24. **Future Abatement Costs**. "Future Abatement Costs" shall mean and refer to estimated Abatement Costs to be incurred by the Claimant based upon the Cost Model. Future Abatement Costs shall include the Abatement Costs for removal of previously encapsulated or enclosed ACM.

25. **Group Claimants**: "Group Claimants" shall mean and refer to those groups of entities on whose behalf a single proof of claim has, or individual proofs of claim have been filed by the same duly authorized agent, including the representative of a Class Action which has not been certified as of this date.

26. **Initial Payment Percentage**. "Initial Payment Percentage" means 12% which percentage shall be applied to the Allowed Costs of Claimants which request processing and payment of their claim during such time that the Initial Payment Percentage is in effect.

27. **National Class Actions**. "National Class Actions" shall mean and refer In Re: Asbestos School Litigation, United States District Court for the Eastern District of Pennsylvania, Civil Action No. 83-0268 (the "National Schools Class Action"); Central Wesleyan College v. W.R. Grace Co., et al., United States District Court for the District of South Carolina, Civil Action No. 2:87-1860-8. (the "National Universities Class Action"); and Prince George Center v. U.S. Gypsum Co., et al., Phila. C.C.P., May Term, 1986, No. 5388 (the "Federal Lessors Class Action").

28. **Past Abatement Costs**. "Past Abatement Costs" shall mean and refer to Abatement Costs actually incurred by the Claimant prior to the date of submission of its Claim to the Property Damage Facility, or, at the Claimant's option, costs for such Abatement as calculated by application of the Cost Model.

29. **Payment Percentage**. "Payment Percentage" shall mean and refer to the percentage of the Allowed Amount of all Asbestos Property Damage Claims and all present and future Asbestos Personal Injury Claims (other than the Claims of Asbestos Personal Injury Claimants who have elected the discounted payments described in Section 5.3 of the Asbestos Personal Injury Claims Resolution Procedures ("APICRP")) that the Trustees, from time to time, determine pursuant to the requirements set forth in Section 4.1 of the APDCRP.

30. **Pre-Existing Claims**. "Pre-Existing Claims" shall mean and refer to those claims on behalf of a Claimant who prior

5