Tom L. Lewis
Mark M. Kovacich
Lewis, Slovak, & Kovacich, P.C.
P. O. Box 2325
Great Falls, MT 59403
(406) 761-5595

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| W.R. GRACE & CO., et al | Case No. 01-01139 (JKF) |
| Debtors. | Jointly Administered |
| | Claim No. 00013912 |

## RESPONSE TO DEBTORS' FIFTEENTH OMNIBUS OBJECTION (SUBSTANTIVE) TO ASBESTOS PROPERTY DAMAGE CLAIMS

On behalf of claimant, Alyce D. Anderson (Claim No. 00013912), her attorneys, Tom L. Lewis and Mark M. Kovacich, of Lewis, Slovak & Kovacich, P.C., respond to Debtors' Fifteenth Omnibus Objection (Substantive) to Asbestos Property Damage Claims as follows:

1. Claimant can be contacted via her attorneys, Tom L. Lewis or Mark M. Kovacich, 725 Third Avenue North, Great Falls, Montana; telephone (406) 761-5595.

2. Claimant's claim is with respect to asbestos contamination from a Grace product in or on the property, to wit: asbestos-contaminated vermiculite from the W.R. Grace mine near Libby, Montana and/or from the W.R. Grace mining activities in and around the Libby community. Claimant's property is a residence located at 311 Idaho in Libby, Montana.

3. Claimant's claim is based upon the findings of the U.S. Environmental Protection Agency in its Administrative Record and supplement, test results, and other documentation, as

RESPONSE TO DEBTORS' FIFTEENTH OMNIBUS OBJECTION
(SUBSTANTIVE) TO ASBESTOS PROPERTY DAMAGE CLAIMS - 1

well as information obtained from other sources.

4. Claimant consented to the production and release of supporting documentation in the possession of the U.S. Environmental Protection Agency to Grace and Grace's representatives at the time of submission of her property damage proof of claim in March 2003.

5. Claimant provided such supporting documentation, available from the U.S. Environmental Protection Agency's Libby office, to Grace and Grace's representatives as an attachment to her Response to Debtors' Second Omnibus Objection to Claims (Non-Substantive) filed on August 8, 2003.

## Claimant's Responses to Debtors' Specific Objections

### C-2: Documentation Regarding Purchase, Installation, Presence, and/or Removal

Grace indicates the claim form is deficient for failure to provide one or more pieces of information on a multitude of topics. Grace fails to identify with particularity which purported deficiency applies to claimant's claim. The burden of objection rests with Grace. Grace's generalized objection practice fails to sufficiently notify claimant of any respective objections. Further, Grace's objection presumes that written documentation exists. Claimant has made every effort to furnish all documentary information in claimant's possession to support the property damage claim. See the information previously provided as well as the Appendix for Claimants' Responses to Debtors' Fifteenth Omnibus Objection (Substantive) to Asbestos Property Damage Claims ("Appendix") attached to Response to Debtors' Fifteenth Omnibus Objection (Substantive) to Asbestos Property Damage Claims, Claim Number 00004712 (George James Bauer). Finally, the W.R. Grace & Co. Asbestos Property Damage Proof of Claim Form authorizes Grace, upon reasonable request, to obtain copies of any supporting documents from parties in possession of the same. As applied to claimant, Grace has made no such request.

/////

Claimant does not have any documentation addressing the installation or placement of asbestos-contaminated vermiculite upon her property. Claimant acknowledged this in the proof of claim form filed in March 2003. Claimant has provided copies of the documents received from the U.S. Environmental Protection Agency documenting the likely presence of asbestos-containing vermiculite on her property. See the information previously provided as well as the Appendix attached to the response to Grace's present objections in Claim Number 00004712 (George James Bauer).

### C-3(e): Documents Regarding Product Identification

Grace's objection presumes that written documentation exists. Claimant has made every effort to furnish all documentary information in claimant's possession to support the property damage claim. Claimant has provided copies of the documents received from the U.S. Environmental Protection Agency documenting the potential presence of asbestos-contaminated vermiculite on her property. See the information previously provided as well as the Appendix attached to the response to Grace's present objections in Claim Number 00004712 (George James Bauer). Further, the W.R. Grace & Co. Asbestos Property Damage Proof of Claim Form authorizes Grace, upon reasonable request, to obtain copies of any supporting documents from parties in possession of the same. As applied to claimant, Grace has made no such request.

### D-4: Statute of Limitations

Statute of limitations defenses constitute affirmative defenses. Affirmative defenses must be raised in the initial pleadings. Grace has appeared and submitted numerous filings in the present matter. However, Grace has failed to raise the affirmative defense of statute of limitations until now, in its fifteenth omnibus objection. Failure to timely raise an affirmative defense results in waiver. The Court should not permit Grace to assert the statute of limitations defense at such a late juncture. Further, because it constitutes an affirmative defense, Grace has the burden of

establishing that the statute of limitations has run. Grace offers no facts or analysis to support its position.

Under Montana law, the applicable statute of limitations does not begin to run until the claimant knows or should know that a cause of action exists. *Yarbro, Ltd. v. Missoula Federal Credit Union*, 2002 MT 152, ¶ 17, 310 Mont. 346, ¶ 17, 50 P.3d 158, ¶ 17. Grace's objection incorrectly imputes knowledge of the cause of action to claimant outside the applicable statute of limitations. Knowledge of the presence of asbestos and asbestos-containing materials on claimant's premises does not constitute knowledge that a cause of action exists. At all times relevant hereto, Grace assured claimant and the general public in Libby, Montana, that asbestos-containing vermiculite originating from its mine near Libby was absolutely safe.

The asbestos-containing vermiculite originating from Grace's mine near Libby was used in many common commercial products, including attic insulation, fireproofing materials, masonry fill, and as an additive to potting soils and fertilizers. According to an indictment handed down by the federal grand jury in the District of Montana, W.R. Grace and its executives, as far back as the 1970s, obtained and concealed information about the hazardous nature of the asbestos-containing vermiculite mined near Libby. The grand jury charged the defendants with conspiring to conceal information about the hazardous nature of the company's asbestos-contaminated vermiculite products, obstructing the government's clean-up efforts, and wire fraud. In 1999, the U.S. E.P.A. responded to reports of asbestos contamination in and around Libby. According to the federal indictment, Grace and its officials continuously mislead the government and local residents regarding the nature and extent of the asbestos contamination. See 2/7/05 press release, U.S. EPA Newsroom, http://www.epa.gov/newsroom.

The doctrine of fraudulent concealment, as recognized in Montana, tolls the statute of limitations until the cause of action is discovered or could have been discovered through due

diligence. *Rucinsky v. Hentchel*, 266 Mont. 502, 506, 881 P.2d 616, 618 (1994). Due to Grace's fraudulent concealment and otherwise, claimant was unaware of the existence of a cause of action until at or near the filing of the proof of claim form. Finally, Grace filed for bankruptcy before the earliest arguable statute of limitations expired. The bankruptcy filing and accompanying stay served to toll any applicable statute of limitations.

### D-6: Laches

The defense of laches constitutes an affirmative defenses. Affirmative defenses must be raised in the initial pleadings. Grace has appeared and submitted numerous filings in the present matter. However, Grace has failed to raise laches until now, in its fifteenth omnibus objection. Failure to timely raise an affirmative defense results in waiver. The Court should not permit Grace to assert laches at such a late juncture. Further, because it constitutes an affirmative defense, Grace has the burden of establishing the laches defense. Grace offers no facts or analysis to support its position.

Laches, an equitable concept, exists "where there has been an unexplainable delay of such duration or character as to render the enforcement of an asserted right inequitable, and is appropriate when a party is actually or presumptively aware of his rights but fails to act." *Cole v. State ex rel. Brown*, 2002 MT 32, ¶ 24, 308 Mont. 265, ¶ 24, 42 P.3d 760, ¶ 24. A party is held to be presumptively aware of his or her rights where the circumstances of which he or she is cognizant are such as to put a person of ordinary prudence on inquiry. *Cole*, ¶ 24. As an equitable doctrine, parties cannot expect relief from the doctrine of laches unless they come to court with clean hands. *Cowan v. Cowan*, 2004 MT 97, ¶ 16, 321 Mont. 13, ¶ 16, 89 P.3d 6, ¶ 16.

First, claimant did not unexplainably delay filing of the property damage claim as claimant was unaware of the property damages occasioned by Grace's asbestos-contaminated vermiculite until at or near the time claimant filed the proof of claim form. Claimant's cognizance of the

presence of asbestos-contaminated vermiculite was insufficient to place an ordinary person on notice of a claim for damages given Grace's affirmative representations. Second, the foregoing response to the statute of limitations objection confirms that Grace comes to this Court with anything but clean hands. For years, Grace concealed the hazards of asbestos-containing vermiculite from claimant, Grace's employees, the residents of Libby, Montana, the general public, and the federal government. Based, in part, on Grace's concealment and affirmative assurances, claimant had no historical knowledge of any right of action. Accordingly, the doctrine of laches cannot apply to bar the claim at issue.

### E-1: Sampling Reports

Claimant has provided all documents in her possession furnished by the U.S. Environmental Protection Agency pertaining to claimant's property. These documents, as well as the information provided in the Appendix attached to the response to Grace's present objections in Claim Number 00004712 (George James Bauer), confirm the existence of asbestos-contaminated vermiculite on her property and/or identify the hazardous propensities of asbestos-contaminated vermiculite. Grace's objection references damages subject to personal injury actions. Claimant's claim does not implicate personal injury damages. While claimant disputes Grace's claim that she "has not established that any health hazard exists," claimant need not establish the existence of a "health hazard" to prevail on a property damage claim.

Whether the "mere presence" of asbestos-contaminated vermiculite gives rise to personal injury damages is of no consequence. The presence of asbestos-contaminated vermiculite and/or other asbestos-contaminated materials has resulted in property damages as previously articulated. The damages include, but are not limited to, loss of use of claimant's property, the cost of restoration, and loss of value. The Court should not dismiss such claims based on the existence or absence of air sampling tests.

### G-2: Categorizing Claims

The proof of claim form was filled out to the best of claimant's ability. However, the "Claim Category" request in the proof of claim form is largely ambiguous with respect to the claimants from Libby, Montana. The Libby residents have suffered asbestos exposure from both asbestos-contaminated Grace products and Grace mining/milling/processing operations. Grace encouraged employees and residents of the Libby area to use asbestos-containing vermiculite in their gardens and homes. Additionally, Grace's mining/milling/processing activities subjected Libby properties to asbestos contamination in the form of particulate fall-out and otherwise.

Relevant documents confirm the existence of asbestos-contaminated vermiculite on claimant's property and/or identify the hazardous propensities of asbestos-contaminated vermiculite. See the information previously provided as well as the Appendix attached to the response to Grace's present objections in Claim Number 00004712 (George James Bauer). The documents indicate claimant's property may have asbestos-contaminated materials on it. Some, if not all, of this asbestos contamination stems from asbestos product, consistent with the "Claim Category" identified in claimant's proof of claim form. If the Court determines claimant has incorrectly classified the claim, claimant requests that the Court reclassify it accordingly. Note that Grace has urged the same resolution.

Grace does not identify claimant's property as one of the purportedly remediated properties. As that portion of the objection is inapplicable, it does not warrant a response.

Respectfully submitted this 21st day of October, 2005.

Lewis, Slovak & Kovacich, P.C.

By: _____
for Mark M. Kovacich
P.O. Box 2325
Great Falls, MT 59403
(Attorneys for Claimant)

RESPONSE TO DEBTORS' FIFTEENTH OMNIBUS OBJECTION
(SUBSTANTIVE) TO ASBESTOS PROPERTY DAMAGE CLAIMS - 7

## CERTIFICATE OF SERVICE

I hereby certify that a true and legible copy of the foregoing Response to Debtors' Fifteenth Omnibus Objection to Claims (Non-Substantive) was served on the 21st day of October, 2005, by Federal Express courier, upon the following:

Co-Counsel for the Debtors:

Katherine Phillips
Kirkland & Ellis, LLP
200 East Randolph Drive
Chicago, IL 60601
fax 312-861-2200

David Carickhoff, Jr.
Pachulski, Stang, Ziehl, Young,
Jones & Weintraub, P.C.
919 North Market Street, Suite 1700
P. O. Box 8705
Wilmington, DE 19899-8705
fax 302-652-4400

Counsel to the Official Committee of Unsecured Creditors:

Lewis Kruger
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982
fax 212-806-6006

Michael R. Lastowski
Duane, Morris & Heckscher, LLP
1100 N. Market Street, Suite 1200
Wilmington, DE 19801-1246
fax 302-657-4901

Counsel to the Official Committee of Property Damage Claimants:

Scott L. Baena
Bilzin, Sumberg, Dunn, Baena,
Price & Axelrod
First Union Financial Center
200 Southy Biscayne Boulevard, Suite 2500
Miami, FL 33131
fax 305-374-7593

Michael B. Joseph
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P. O. Box 1351
Wilmington, DE 19899
fax 302-575-1714

Counsel to the Official Committee of Personal Injury Claimants:

Elihu Inselbuch
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022
fax 212-644-6755

Marla Eskin
Campbell & Levine, LLC
800 N. King Street, Suite 300
Wilmington, DE 19801
fax 302-426-9947

/////

RESPONSE TO DEBTORS' FIFTEENTH OMNIBUS OBJECTION
(SUBSTANTIVE) TO ASBESTOS PROPERTY DAMAGE CLAIMS - 8

Counsel to the Official Committee of Equity Holders:

Thomas M. Mayer
Kramer, Levin, Naftalis & Frankel, LLP
919 Third Avenue
New York, NY 10022
fax 212-715-8000

Teresa K.D. Currier
Klett, Rooney, Lieber & Schorling
1000 West Street, Suite 1410
P. O. Box 1397
Wilmington, DE 19899-1397
fax 302-552-4220

Counsel to the Future Claimants' Representative:

Richard W. Wyron
Swidler, Berlin, Shereff, Friedman LLP
3000 K Street, NW, Suite 300
Washington, DC 20007
fax 202-424-7643

John C. Phillips, Jr.
Phillips, Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, DE 19806
302-655-4210

Office of the United States Trustee:

Office of the United States Trustee
Attention: David Klauder
844 N. King Street
Wilmington, DE 19801
fax 302-573-6497

_[signature]_