# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS SCHOOL LITIGATION

MASTER FILE NO. 83-0268

THIS DOCUMENT RELATES TO:
ALL ACTIONS

ORDER NO. 203

AND NOW, this 1¹ day of January, 1990, upon consideration of the motion of certain defendants for decertification of the class, plaintiffs' response and defendants' reply thereto, for the reasons set forth in the foregoing Memorandum, it is ORDERED that defendants' motion is DENIED.

BY THE COURT:

_____
JAMES McGIRR KELLY, J.

ENTERED: 1-12-90

CLERK OF COURT

FILED

1990

MICHAEL E. KUNZ, Clerk
Dep. Clerk
BY_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS SCHOOL             MASTER FILE NO. 83-0268
       LITIGATION

THIS DOCUMENT RELATES TO:
ALL ACTIONS

FILED

1 1 1990

ICHAEL E. KUNZ, Cler
                 Dep. Cler

MEMORANDUM AND ORDER

J. M. KELLY, J.                    JANUARY    , 1990

Presently before the court is the motion of certain defendants for decertification of the class. On September 28, 1984, this court granted the motion of plaintiffs to certify a Fed.R.Civ.P. 23(b)(1 (B) mandatory class, and an opt-out class pursuant to Fed.R.Civ.P. 23(b)(3). The Third Circuit vacated this court's Order certifying the (b)(1)(B) class and affirmed the Order certifying the (b)(3 class. Certain defendants resurrect their attack on the feasibility of maintaining this class action in the instant motion

DISCUSSION

A class action, once certified under Fed.R.Civ.P. 23(a) and 23(b), should be decertified only when it is clear there exists changed circumstances making continued class action treatment improper. See Sley v. Jamaica Water and Utilities, Inc., 77 F.R.D. 391, 394 (E.D. Pa. 1977   Defendants argue that the existence of many individual issues in this class action such

as defendants' alleged knowledge of the health hazards of asbestos and the alleged industry-wide conspiracy to suppress that knowledge render it no longer appropriate for class adjudication. These issues may very well be individualized in nature, but these issues are defenses which do not detract from commonality of issues present in this case from the perspective of the class members. See In re School Asbestos Litigation, 789 F.2d 996, 1011 (3d Cir. , cert. denied, 479 U.S 915 (1986). Defendants additionally argue that other individual issues such as product identification, comparative negligence and damages would remain in the case. The resolution of substantial common issues need not guarantee a conclusive finding on liability, Eisenberg v. Gagnon, 766 F.2d (3d Cir. 1985), cert. denied, 474 U.S. 946, nor does a need individual calculations on the issue of damages preclude class determination of those common issues which predominate See Bogosian v. Gulf Oil Co., 561 F.2d 434, 456 3d Cir. 1977), cert. denied, 434 U.S. 1086 (1978). I cannot conclude that the existence of these individual issues constitutes a sufficient basis upon which to decertify the class.

Defendants argue that this court must presently apply laws of each relevant state to the claims of the corresponding class members as mandated in Phillips Petroleum Co. v. Shutts, 472 U.S. 797 (1985). Plaintiffs assert that plaintiffs will present factual evidence sufficient to meet even the most stringent state law standards. The requirements of

2

Shutts do not pose a problem in light of the "strictest law" proposal of the plaintiffs and the possibility of creating subclasses in order to accommodate any necessary groupings of variances in products liability law among the states. See In re School Asbestos, 789 F.2d at 1010 (plaintiffs made a creditable showing that the differences in the applicable state law did not present insuperable problems).

I note that the defendants do not present arguments which are either novel or representative of changed circumstances during the course of this litigation relevant to the requirements of class certification under Fed.R.Civ.P. 23(a). To date, no substantial manageability problems have arisen which would demonstrate to this court that proceeding on a class basis in this matter is imprudent. The common issues which exist in this case are substantial and predominate. Finally, as the Third Circuit noted in this matter, "It is difficult to imagine that class jury findings on the class questions will not significantly advance the resolution of the underlying hundreds of cases." In re School Asbestos Litigation, 789 F.2d at 1010 (quoting Jenkins v. Raymark Indus., Inc., 782 F.2d 468, 472-73 (5th Cir. 1986). For the foregoing reasons, I must deny the motion of certain defendants for decertification of the class.

An appropriate order follows.