Tom L. Lewis
Mark M. Kovacich
Lewis, Slovak, & Kovacich, P.C.
P. O. Box 2325
Great Falls, MT 59403
(406) 761-5595

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| W.R. GRACE & CO., et al | Case No. 01-01139 (JKF) |
| Debtors. | Jointly Administered |
| | Claim No. 00005562 |

## RESPONSE TO DEBTORS' FIFTEENTH OMNIBUS OBJECTION (SUBSTANTIVE) TO ASBESTOS PROPERTY DAMAGE CLAIMS

On behalf of claimant, Geraldine M. Fletcher (Claim No. 00005562), her attorneys, Tom L. Lewis and Mark M. Kovacich of Lewis, Slovak & Kovacich, P.C., respond to Debtors' Fifteenth Omnibus Objection (Substantive) to Asbestos Property Damage Claims as follows:

1. Claimant can be contacted via her attorneys, Tom L. Lewis or Mark M. Kovacich, 725 Third Avenue North, Great Falls, Montana; telephone (406) 761-5595.

2. Claimant's claim is with respect to asbestos contamination from a Grace product in or on the property, to wit: asbestos-contaminated vermiculite from the W.R. Grace mine near Libby, Montana, and/or from the W.R. Grace mining activities in and around the Libby community. Claimant's property is a residence located at 377 Thomas Street in Libby, Montana.

3. Claimant's claim is based upon the findings of the U.S. Environmental Protection Agency in its Administrative Record and supplement, test results, and other documentation, as

well as information obtained from other sources.

4. Claimant consented to the production and release of supporting documentation in the possession of the U.S. Environmental Protection Agency to Grace and Grace's representatives at the time of submission of her property damage proof of claim in March 2003.

5. Claimant provided the supporting documentation, available from the U.S. Environmental Protection Agency's Libby office, to Grace and Grace's representatives as an attachment to her Response to Debtors' Second Omnibus Objection to Claims (Non-Substantive), filed on August 8, 2003.

6. Claimant has provided additional supporting documentation, which was not available at the time the proof of claim was filed nor at the time of her response to the Debtors' Second Omnibus Objection to Claims (Non-Substantive).

## Claimant's Responses to Debtors' Specific Objections

### C-1(d): Installation of Product, Knowledge of Asbestos in Product, Knowledge of Asbestos on Property, and/or Prior Asbestos-Related Lawsuits/Claims.

Grace indicates the claim form is deficient for failure to provide one or more pieces of information on a multitude of topics. Grace fails to identify with particularity which purported deficiency applies to claimant's claim. The burden of objection rests with Grace. Grace's generalized objection practice fails to sufficiently notify claimant of any respective objections. Further, Grace's objection presumes that written documentation exists. Claimant has made every effort to furnish all documentary information in claimant's possession to support the property damage claim. See the information previously provided as well as the Appendix for Claimants' Responses to Debtors' Fifteenth Omnibus Objection (Substantive) to Asbestos Property Damage Claims ("Appendix") attached to Response to Debtors' Fifteenth Omnibus Objection (Substantive) to Asbestos Property Damage Claims, Claim Number 00004712 (George James Bauer). Finally,

RESPONSE TO DEBTORS' FIFTEENTH OMNIBUS OBJECTION
(SUBSTANTIVE) TO ASBESTOS PROPERTY DAMAGE CLAIMS - 2

the W.R. Grace & Co. Asbestos Property Damage Proof of Claim Form authorizes Grace, upon reasonable request, to obtain copies of any supporting documents from parties in possession of the same. As applied to claimant, Grace has made no such request.

Claimant indicated in her proof of claim form that she does not have any documentation in her possession addressing the installation of the asbestos product on her property. Claimant provided all necessary information in response to questions 18 through 21 in the proof of claim form and has supplemented the claim form with additional information.

### C-2: Documentation Regarding Purchase, Installation, Presence, and/or Removal

Grace indicates the claim form is deficient for failure to provide one or more pieces of information on a multitude of topics. Grace fails to identify with particularity which purported deficiency applies to claimant's claim. The burden of objection rests with Grace. Grace's generalized objection practice fails to sufficiently notify claimant of any respective objections. Further, Grace's objection presumes that written documentation exists. Claimant has made every effort to furnish all documentary information in claimant's possession to support the property damage claim. See the information previously provided as well as the Appendix attached to the response to Grace's present objections in Claim Number 00004712 (George James Bauer). Finally, the W.R. Grace & Co. Asbestos Property Damage Proof of Claim Form authorizes Grace, upon reasonable request, to obtain copies of any supporting documents from parties in possession of the same. As applied to claimant, Grace has made no such request.

Claimant does not have any documentation addressing the installation or placement of asbestos-contaminated vermiculite upon her property. This information was provided in the proof of claim form filed in March 2003. Claimant has provided copies of the documents received from the U.S. Environmental Protection Agency documenting the presence of asbestos-containing vermiculite on her property. See the information previously provided as well as the Appendix

attached to the response to Grace's present objections in Claim Number 00004712 (George James Bauer).

### C-3(e): Documents Regarding Product Identification

Grace's objection presumes that written documentation exists. Claimant has made every effort to furnish all documentary information in claimant's possession to support the property damage claim. Claimant has provided copies of the documents received from the U.S. Environmental Protection Agency documenting the presence of asbestos-contaminated vermiculite on her property (significant quantities on western edge of property and some observed in front yard). See the information previously provided as well as the Appendix attached to the response to Grace's present objections in Claim Number 00004712 (George James Bauer). Further, the W.R. Grace & Co. Asbestos Property Damage Proof of Claim Form authorizes Grace, upon reasonable request, to obtain copies of any supporting documents from parties in possession of the same. As applied to claimant, Grace has made no such request.

### D-4: Statute of Limitations

Statute of limitations defenses constitute affirmative defenses. Affirmative defenses must be raised in the initial pleadings. Grace has appeared and submitted numerous filings in the present matter. However, Grace has failed to raise the affirmative defense of statute of limitations until now, in its fifteenth omnibus objection. Failure to timely raise an affirmative defense results in waiver. The Court should not permit Grace to assert the statute of limitations defense at such a late juncture. Further, because it constitutes an affirmative defense, Grace has the burden of establishing that the statute of limitations has run. Grace offers no facts or analysis to support its position.

Under Montana law, the applicable statute of limitations does not begin to run until the claimant knows or should know that a cause of action exists. *Yarbro, Ltd. v. Missoula Federal*

*Credit Union*, 2002 MT 152, ¶ 17, 310 Mont. 346, ¶ 17, 50 P.3d 158, ¶ 17. Grace's objection incorrectly imputes knowledge of the cause of action to claimant outside the applicable statute of limitations. Knowledge of the presence of asbestos and asbestos-containing materials on claimant's premises does not constitute knowledge that a cause of action exists. At all times relevant hereto, Grace assured claimant and the general public in Libby, Montana, that asbestos-containing vermiculite originating from its mine near Libby was absolutely safe.

The asbestos-containing vermiculite originating from Grace's mine near Libby was used in many common commercial products, including attic insulation, fireproofing materials, masonry fill, and as an additive to potting soils and fertilizers. According to an indictment handed down by the federal grand jury in the District of Montana, W.R. Grace and its executives, as far back as the 1970s, obtained and concealed information about the hazardous nature of the asbestos-containing vermiculite mined near Libby. The grand jury charged the defendants with conspiring to conceal information about the hazardous nature of the company's asbestos-contaminated vermiculite products, obstructing the government's clean-up efforts, and wire fraud. In 1999, the U.S. E.P.A. responded to reports of asbestos contamination in and around Libby. According to the federal indictment, Grace and its officials continuously mislead the government and local residents regarding the nature and extent of the asbestos contamination. See 2/7/05 press release, U.S. EPA Newsroom, http://www.epa.gov/newsroom.

The doctrine of fraudulent concealment, as recognized in Montana, tolls the statute of limitations until the cause of action is discovered or could have been discovered through due diligence. *Rucinsky v. Hentchel*, 266 Mont. 502, 506, 881 P.2d 616, 618 (1994). Due to Grace's fraudulent concealment and otherwise, claimant was unaware of the existence of a cause of action until at or near the filing of the proof of claim form. Finally, Grace filed for bankruptcy before the earliest arguable statute of limitations expired. The bankruptcy filing and

accompanying stay served to toll any applicable statute of limitations.

**D-6: Laches**

The defense of laches constitutes an affirmative defenses. Affirmative defenses must be raised in the initial pleadings. Grace has appeared and submitted numerous filings in the present matter. However, Grace has failed to raise laches until now, in its fifteenth omnibus objection. Failure to timely raise an affirmative defense results in waiver. The Court should not permit Grace to assert laches at such a late juncture. Further, because it constitutes an affirmative defense, Grace has the burden of establishing the laches defense. Grace offers no facts or analysis to support its position.

Laches, an equitable concept, exists "where there has been an unexplainable delay of such duration or character as to render the enforcement of an asserted right inequitable, and is appropriate when a party is actually or presumptively aware of his rights but fails to act." *Cole v. State ex rel. Brown*, 2002 MT 32, ¶ 24, 308 Mont. 265, ¶ 24, 42 P.3d 760, ¶ 24. A party is held to be presumptively aware of his or her rights where the circumstances of which he or she is cognizant are such as to put a person of ordinary prudence on inquiry. *Cole*, ¶ 24. As an equitable doctrine, parties cannot expect relief from the doctrine of laches unless they come to court with clean hands. *Cowan v. Cowan*, 2004 MT 97, ¶ 16, 321 Mont. 13, ¶ 16, 89 P.3d 6, ¶ 16.

First, claimant did not unexplainably delay filing of the property damage claim as claimant was unaware of the property damages occasioned by Grace's asbestos-contaminated vermiculite until at or near the time claimant filed the proof of claim form. Claimant's cognizance of the presence of asbestos-contaminated vermiculite was insufficient to place an ordinary person on notice of a claim for damages given Grace's affirmative representations. Second, the foregoing response to the statute of limitations objection confirms that Grace comes to this Court with anything but clean hands. For years, Grace concealed the hazards of asbestos-containing

vermiculite from claimant, Grace's employees, the residents of Libby, Montana, the general public, and the federal government. Based, in part, on Grace's concealment and affirmative assurances, claimant had no historical knowledge of any right of action. Accordingly, the doctrine of laches cannot apply to bar the claim at issue.

### E-1: Sampling Reports

Claimant has provided all documents in her possession furnished by the U.S. Environmental Protection Agency pertaining to claimant's property. These documents, as well as the information provided in the Appendix attached to the response to Grace's present objections in Claim Number 00004712 (George James Bauer), confirm the existence of asbestos-contaminated vermiculite on her property and/or identify the hazardous propensities of asbestos-contaminated vermiculite. Grace's objection references damages subject to personal injury actions. Claimant's claim does not implicate personal injury damages. While claimant disputes Grace's claim that she "has not established that any health hazard exists," claimant need not establish the existence of a "health hazard" to prevail on a property damage claim.

Whether the "mere presence" of asbestos-contaminated vermiculite gives rise to personal injury damages is of no consequence. The presence of asbestos-contaminated vermiculite and/or other asbestos-contaminated materials has resulted in property damages as previously articulated. The damages include, but are not limited to, loss of use of claimant's property, the cost of restoration, and loss of value. The Court should not dismiss such claims based on the existence or absence of air sampling tests.

### G-2: Categorizing Claims

The proof of claim form was filled out to the best of claimant's ability. However, the "Claim Category" request in the proof of claim form is largely ambiguous with respect to the claimants from Libby, Montana. The Libby residents, and their properties, have suffered asbestos exposure

from both asbestos-contaminated Grace products and Grace mining/milling/processing operations. Grace encouraged employees and residents of the Libby area to use asbestos-containing vermiculite in their gardens and homes. Additionally, Grace's mining/milling/processing activities subjected Libby properties to asbestos contamination in the form of particulate fall-out and otherwise. Claimant's residence is located approximately one-eighth of a mile from the railway utilized by Grace.

Relevant documents confirm the existence of asbestos-contaminated vermiculite on claimant's property and/or identify the hazardous propensities of asbestos-contaminated vermiculite. See the information previously provided as well as the Appendix attached to the response to Grace's present objections in Claim Number 00004712 (George James Bauer). Specifically, the documents indicate claimant's property has asbestos-contaminated materials in significant amounts on the western edge of the property and in lesser amounts in the front yard. Some, if not all, of this asbestos contamination stems from asbestos product, consistent with the "Claim Category" identified in claimant's proof of claim form. If the Court determines claimant has incorrectly classified the claim, claimant requests that the Court reclassify it accordingly. Note that Grace has urged the same resolution.

Grace does not identify claimant's property as one of the purportedly remediated properties. As that portion of the objection is inapplicable, it does not warrant a response.

Respectfully submitted this 21 day of October, 2005.

Lewis, Slovak & Kovacich, P.C.

By: *[signature]*
Mark M. Kovacich
P.O. Box 2325
Great Falls, MT 59403
(Attorneys for Claimant)

RESPONSE TO DEBTORS' FIFTEENTH OMNIBUS OBJECTION
(SUBSTANTIVE) TO ASBESTOS PROPERTY DAMAGE CLAIMS - 8

## CERTIFICATE OF SERVICE

I hereby certify that a true and legible copy of the foregoing Response to Debtors' Fifteenth Omnibus Objection to Claims (Non-Substantive) was served on the 21st day of October, 2005, by Federal Express courier, upon the following:

Co-Counsel for the Debtors:

Katherine Phillips
Kirkland & Ellis, LLP
200 East Randolph Drive
Chicago, IL 60601
fax 312-861-2200

David Carickhoff, Jr.
Pachulski, Stang, Ziehl, Young,
Jones & Weintraub, P.C.
919 North Market Street, Suite 1700
P. O. Box 8705
Wilmington, DE 19899-8705
fax 302-652-4400

Counsel to the Official Committee of Unsecured Creditors:

Lewis Kruger
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982
fax 212-806-6006

Michael R. Lastowski
Duane, Morris & Heckscher, LLP
1100 N. Market Street, Suite 1200
Wilmington, DE 19801-1246
fax 302-657-4901

Counsel to the Official Committee of Property Damage Claimants:

Scott L. Baena
Bilzin, Sumberg, Dunn, Baena,
Price & Axelrod
First Union Financial Center
200 Southy Biscayne Boulevard, Suite 2500
Miami, FL 33131
fax 305-374-7593

Michael B. Joseph
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P. O. Box 1351
Wilmington, DE 19899
fax 302-575-1714

Counsel to the Official Committee of Personal Injury Claimants:

Elihu Inselbuch
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022
fax 212-644-6755

Marla Eskin
Campbell & Levine, LLC
800 N. King Street, Suite 300
Wilmington, DE 19801
fax 302-426-9947

/////

RESPONSE TO DEBTORS' FIFTEENTH OMNIBUS OBJECTION
(SUBSTANTIVE) TO ASBESTOS PROPERTY DAMAGE CLAIMS - 9

Counsel to the Official Committee of Equity Holders:

Thomas M. Mayer
Kramer, Levin, Naftalis & Frankel, LLP
919 Third Avenue
New York, NY 10022
fax 212-715-8000

Teresa K.D. Currier
Klett, Rooney, Lieber & Schorling
1000 West Street, Suite 1410
P. O. Box 1397
Wilmington, DE 19899-1397
fax 302-552-4220

Counsel to the Future Claimants' Representative:

Richard W. Wyron
Swidler, Berlin, Shereff, Friedman LLP
3000 K Street, NW, Suite 300
Washington, DC 20007
fax 202-424-7643

John C. Phillips, Jr.
Phillips, Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, DE 19806
302-655-4210

Office of the United States Trustee:

Office of the United States Trustee
Attention: David Klauder
844 N. King Street
Wilmington, DE 19801
fax 302-573-6497

_____

## Property Sample Datasheet

Geraldine Fletcher

Property: 377 Thomas St

| Sample ID | Sample Group | Location Description (Sub Location) | Matrix | Sample Date | PLM | |
|---|---|---|---|---|---|---|
| | | | | | Method | LA (%) |
| CS-02968-FG | Flowerbed | Back, front, side yard | Surface soil | 7/24/2002 | PLM-VE | ND |
| CS-02969-FG | Yard | Back, front, side yard | Surface soil | 7/24/2002 | PLM-VE | ND |
| CS-02970-C | Driveway | Front yard | Surface soil | 7/24/2002 | PLM-Grav | ND |
| CS-02970-FG | Driveway | Front yard | Surface soil | 7/24/2002 | PLM-VE | ND |



**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY
REGION 8
999 18TH STREET- SUITE 300
DENVER, CO 80202-2466
Phone 800-227-8917
http://www.epa.gov/region08**

Ref: 8EPR-SR

RE: EPA Soil Sample Results and Information

Dear Libby Resident:

Over the past several years, EPA has performed a systematic inspection of nearly all residential and commercial properties in the Libby area. The purpose was to look for potential sources of Libby asbestos, such as vermiculite insulation, and to determine which properties required cleanup. As part of this effort, EPA collected soil samples from each property we inspected - over 16,000 soil samples from approximately 4,200 properties. This letter provides the results of your soil samples and some help in interpreting what they mean. If you are a renter of this property, please ensure that the property owner or landlord receives a copy of this letter. If you are a landlord, please ensure that your tenants receive a copy. Tenants have a right to know if there are adverse conditions present at their residence.

Before you review your results, it is important to understand some background about EPA's investigation and cleanup:

- **Soil samples are only one factor that EPA uses for determining whether a property requires cleanup.** Other conditions that may lead to cleanup include the presence of vermiculite attic insulation or high levels of Libby asbestos in interior dust samples. Also, the location of the contamination dictates the scope of the cleanup. Some properties may require only soil or only indoor cleanups, and some may require both.

- **This letter addresses only soil samples.** It does not include results of visual inspections or air or dust samples which may affect your property's status. These sample results will be sent separately.

- **Final "action levels" that will tell us exactly which properties will require cleanup have not yet been set.** By law, EPA must complete specific studies and publish a *Proposed Plan* for cleanup for public review and comment before making the final cleanup decisions. We expect the Proposed Plan to be available late this year. This will be followed by a *Record of Decision* that sets forth the final EPA plan for residential and commercial cleanup. At present, we have established preliminary criteria for determining which properties are "high priorities." We are currently cleaning up those high-priority properties and will, over time, work our way to other properties. Most owners of the high-priority properties have already received notification that their property needs cleanup. *After the Record of Decision is issued, EPA will provide you with your property's definitive cleanup status.*

- **Providing soil sample results to the community has been a lengthy process.** Prior to analyzing the soil samples, EPA had to develop and test a new sample analysis method specifically tailored for Libby. It took several years to refine and adequately test the method. The resulting method is better at detecting "low" levels of asbestos in soil than previous methods. EPA believes this is critical to ensure the samples provide the most accurate information. Also, asbestos analysis is time consuming. While the method was ready about a year ago, it took that long to prepare and analyze all 16,000+ samples. This is the soonest we could practically send out all the sample results.

We thank you for your continued patience as we work to get you all the information that is pertinent to your property. There are numerous documents that provide more detail, and we will do our best to provide clear information and answer your questions.

The Superfund process is complicated and can be confusing. Over the next year, EPA will provide a lot of information to residents through mailings, use of local media, and public meetings. However, if you have immediate questions, you can visit the EPA Information Center at 501 Mineral Avenue or call us at 293-6194. Again, thank you for your patience and support as we work to make Libby an even greater place to live.

Sincerely,

Jim Christiansen
EPA Project Manager

Attachments (sample results and explanation)

# WHAT DO THE SOIL SAMPLE RESULTS MEAN TO YOU AND YOUR PROPERTY?



### HIGH PRIORITY PROPERTIES
*At least one result is 1% or greater*

- You have areas with a high priority level of asbestos on your property.
- You have already been added to the cleanup list.
- You should avoid those areas of your property if you can and contact the EPA Information Center at 293-6194 to discuss your results in more detail.
- There are very few of these properties left – we've cleaned up most of them already.



### MEDIUM PRIORITY PROPERTIES
*At least one result is <1% or TR, but NO results are 1% or greater*

- You have medium priority levels of Libby asbestos in some areas of your property.
- EPA considers your property to be a likely candidate for future soil cleanup (after the Record of Decision).
- Medium-priority areas of your property should be avoided, but the risk is considered smaller and a lower priority.



### LOW PRIORITY PROPERTIES
*All Results are ND*

- It is unlikely, but not impossible, that a soil cleanup will be required at your property.

**The preliminary action level for high priority soil cleanup is 1%.**

*These results refer only to Libby asbestos. Chrysotile asbestos, which is a VERY commonly seen component of building materials in homes nationwide, may also be present. For more information on chrysotile asbestos, please call the MT Department of Environmental Quality, Asbestos Control Program, 406-444-3490.*