Tom L. Lewis
Mark M. Kovacich
Lewis, Slovak, & Kovacich, P.C.
P. O. Box 2325
Great Falls, MT  59403
(406) 761-5595

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------

In re:                     :     Chapter 11

                           :

W.R. GRACE & CO., et al      :     Case No. 01-01139 (JKF)

                           :     Jointly Administered

Debtors.                  :

                           :     Claim Nos. 9659; 9660; 9661

------------------------------------------------------------

## RESPONSE TO DEBTORS' FIFTEENTH OMNIBUS
## OBJECTION (SUBSTANTIVE) TO ASBESTOS PROPERTY DAMAGE CLAIMS

On behalf of claimant, Barbara A. Spencer (Claim Nos. 9659, 9660, and 9661), her attorneys, Tom L. Lewis and Mark M. Kovacich of Lewis, Slovak & Kovacich, P.C., responds to Debtors' Fifteenth Omnibus Objection (Substantive) to Asbestos Property Damage Claims as follows:

1. Claimant can be contacted via her attorneys, Tom L. Lewis and Mark M. Kovacich, 725 Third Avenue North, Great Falls, Montana; telephone (406) 761-5595.

2. Claimant's claim is with respect to asbestos contamination from a Grace product in or on the property, to wit: asbestos-contaminated vermiculite from the W.R. Grace mine near Libby, Montana and/or from the W.R. Grace mining activities in and around the Libby community. Claimant's properties are located at (1) 6th Street and Utah Avenue, (2) 500 Jay Effar Road; and (3) 2498 Highway 2 South in Libby, Montana.

RESPONSE TO DEBTORS' FIFTEENTH OMNIBUS OBJECTION
(SUBSTANTIVE) TO ASBESTOS PROPERTY DAMAGE CLAIMS - 1

3.  Claimant's claim is based upon the findings of the U.S. Environmental Protection Agency in its Administrative Record and supplement, test results, and other documentation, as well as information obtained from other sources.

4.  Claimant consented to the production and release of supporting documentation in the possession of the U.S. Environmental Protection Agency to Grace and Grace's representatives at the time of submission of her property damage proof of claim in March 2003.

5. Claimant provided the supporting documentation, available from the U.S. Environmental Protection Agency's Libby office, to Grace and Grace's representatives as an attachment to her Proof of Claim form filed in March, 2003.  Claimant provided additional documentation from the U.S. Environmental Protection Agency's Libby office to Grace and Grace's representatives as an attachment to Response to Debtors' Notice of Intent to Object to Claim dated February 3, 2005.

6.  Claimant has provided additional supporting documentation, which was not available at the time the proof of claim was filed nor at the time of her response to the Debtors' Second Omnibus Objection to Claims (Non-Substantive).

<u>**Claimant's Responses to Debtors' Specific Objections**</u>

I.    **CLAIM NUMBER 9659 (6TH STREET AND UTAH AVENUE)**

**C-1(c): Information About the Subject Property**

Grace indicates the claim form is deficient for failure to provide one or more pieces of information on a multitude of topics.  Grace fails to identify with particularity which purported deficiency applies to claimant's claim.  The burden of objection rests with Grace.  Grace's generalized objection practice fails to sufficiently notify claimant of any respective objections. Further, Grace's objection presumes that written documentation exists. Claimant has made every effort to furnish all documentary information in claimant's possession to support the property

RESPONSE TO DEBTORS' FIFTEENTH OMNIBUS OBJECTION
(SUBSTANTIVE) TO ASBESTOS PROPERTY DAMAGE CLAIMS - 2

damage claim. See the information previously provided as well as the Appendix for Claimants' Responses to Debtors' Fifteenth Omnibus Objection (Substantive) to Asbestos Property Damage Claims ("Appendix") attached to Response to Debtors' Fifteenth Omnibus Objection (Substantive) to Asbestos Property Damage Claims, Claim Number 00004712 (George James Bauer). Finally, the W.R. Grace & Co. Asbestos Property Damage Proof of Claim Form authorizes Grace, upon reasonable request, to obtain copies of any supporting documents from parties in possession of the same. As applied to claimant, Grace has made no such request.

In addition to the foregoing, most of the purportedly missing information maintains no application to claim number 9559. Grace contends claimant has failed to identify the property's use, the date the property was built, the square footage, and "the number of floors that it has." Claimant clearly indicated on her claim form (response to question number 5) that the property was undeveloped. The undeveloped property consists of two city lots with no structure on it, as identified on her claim form. Accordingly, most of the information Grace seeks bears no relevance to this particular claim. Claimant has furnished more than sufficient information to support her this property damage claim.

## C-1(d): Installation of Product, Knowledge of Asbestos in Product, Knowledge of Asbestos on Property, and/or Prior Asbestos-Related Lawsuits/Claims.

Grace indicates the claim form is deficient for failure to provide one or more pieces of information on a multitude of topics. Grace fails to identify with particularity which purported deficiency applies to claimant's claim. The burden of objection rests with Grace. Grace's generalized objection practice fails to sufficiently notify claimant of any respective objections. Further, Grace's objection presumes that written documentation exists. Claimant has made every effort to furnish all documentary information in claimant's possession to support the property damage claim. See the information previously provided as well as the Appendix attached to the

response to Grace's present objections in Claim Number 00004712 (George James Bauer). Finally, the W.R. Grace & Co. Asbestos Property Damage Proof of Claim Form authorizes Grace, upon reasonable request, to obtain copies of any supporting documents from parties in possession of the same. As applied to claimant, Grace has made no such request.

In her proof of claim form, claimant stated that she did not install the asbestos-containing vermiculite situated on her property and does not have any documentation referencing the same. Claimant has provided all relevant information in her possession regarding the asbestos-containing materials on the property.

### E-2: Reliance on Dust Sampling Results

Grace contends claimant's claim should be dismissed because it relies solely upon dust sampling results. This statement is not only incorrect, but misguided in terms of application to a property damage claim. First, claimant has provided information in addition to any dust sampling results in support of her claim. See the information previously provided and the Appendix attached to the response to Grace's present objections in Claim Number 00004712 (George James Bauer). Second, the sole premise for this objection is the purported unreliability of dust sampling. Grace suggests the dust sampling techniques artificially increase the asbestos structure count. Grace's argument presumes the damages alleged stem from inhalation of the asbestos fibers. However, inhalation is largely irrelevant in a property damage claim. The primary focus of the subject property damage claim is the presence of asbestos-contaminated materials and the resulting loss of use, devaluation, and restoration costs which have accrued. The information provided documents asbestos contamination on claimant's property. Asbestos structure count derived from dust sampling is largely inapposite.

### G-2: Categorizing Claims

The proof of claim form was filled out to the best of claimant's ability. However, the "Claim

Category" request in the proof of claim form is largely ambiguous with respect to the claimants from Libby, Montana. The Libby residents have suffered asbestos exposure from both asbestos-contaminated Grace products and Grace mining/milling/processing operations. Grace encouraged employees and residents of the Libby area to use asbestos-containing vermiculite in their gardens and homes. Additionally, Grace's mining/milling/processing activities subjected Libby properties to asbestos contamination in the form of particulate fall-out and otherwise.

Relevant documents confirm the existence of asbestos-contaminated vermiculite on claimant's property and/or identify the hazardous propensities of asbestos-contaminated vermiculite. See the information previously provided as well as the Appendix attached to the response to Grace's present objections in Claim Number 00004712 (George James Bauer). Specifically, the documents indicate claimant's property has asbestos-contaminated vermiculite throughout the soil in the vacant lots. See the EPA Screening Study attached hereto. Some, if not all, of this asbestos contamination stems from asbestos product, consistent with the "Claim Category" identified in claimant's proof of claim form. If the Court determines claimant has incorrectly classified the claim, claimant requests that the Court reclassify it accordingly. Note that Grace has urged the same resolution.

Grace does not identify claimant's property as one of the purportedly remediated properties. As that portion of the objection is inapplicable, it does not warrant a response.

## II.    CLAIM NUMBER 9660 (500 JAY EFFAR ROAD)

**C-1(d): Installation of Product, Knowledge of Asbestos in Product, Knowledge of Asbestos on Property, and/or Prior Asbestos-Related Lawsuits/Claims.**

Grace indicates the claim form is deficient for failure to provide one or more pieces of information on a multitude of topics. Grace fails to identify with particularity which purported deficiency applies to claimant's claim. The burden of objection rests with Grace. Grace's

generalized objection practice fails to sufficiently notify claimant of any respective objections. Further, Grace's objection presumes that written documentation exists. Claimant has made every effort to furnish all documentary information in claimant's possession to support the property damage claim. See the information previously provided as well as the Appendix attached to the response to Grace's present objections in Claim Number 00004712 (George James Bauer). Finally, the W.R. Grace & Co. Asbestos Property Damage Proof of Claim Form authorizes Grace, upon reasonable request, to obtain copies of any supporting documents from parties in possession of the same. As applied to claimant, Grace has made no such request.

Claimant indicated in her claim form that she, or someone on her behalf, installed the asbestos-containing materials in approximately 1980 and that she has no documentation reflecting the installation(s). The documents previously provided identify asbestos-contaminated vermiculite detected in the claimant's flower bed, yard, and driveway. Claimant has provided all relevant information in her possession regarding the asbestos-containing materials on her property.

## C-2: Documentation Regarding Purchase, Installation, Presence, and/or Removal

Grace indicates the claim form is deficient for failure to provide one or more pieces of information on a multitude of topics. Grace fails to identify with particularity which purported deficiency applies to claimant's claim. The burden of objection rests with Grace. Grace's generalized objection practice fails to sufficiently notify claimant of any respective objections. Further, Grace's objection presumes that written documentation exists. Claimant has made every effort to furnish all documentary information in claimant's possession to support the property damage claim. See the information previously provided as well as the Appendix attached to the response to Grace's present objections in Claim Number 00004712 (George James Bauer). Finally, the W.R. Grace & Co. Asbestos Property Damage Proof of Claim Form authorizes Grace,

upon reasonable request, to obtain copies of any supporting documents from parties in possession of the same. As applied to claimant, Grace has made no such request.

Claimant does not have any documentation addressing the installation or placement of asbestos-contaminated vermiculite upon her property. Claimant acknowledged this in the proof of claim form filed in March 2003. Claimant has provided copies of the documents received from the U.S. Environmental Protection Agency documenting the presence of asbestos-containing vermiculite on her property. See the information previously provided as well as the Appendix attached to the response to Grace's present objections in Claim Number 00004712 (George James Bauer).

## D-4: Statute of Limitations

Statute of limitations defenses constitute affirmative defenses. Affirmative defenses must be raised in the initial pleadings. Grace has appeared and submitted numerous filings in the present matter. However, Grace has failed to raise the affirmative defense of statute of limitations until now, in its fifteenth omnibus objection. Failure to timely raise an affirmative defense results in waiver. The Court should not permit Grace to assert the statute of limitations defense at such a late juncture. Further, because it constitutes an affirmative defense, Grace has the burden of establishing that the statute of limitations has run. Grace offers no facts or analysis to support its position.

Under Montana law, the applicable statute of limitations does not begin to run until the claimant knows or should know that a cause of action exists. *Yarbro, Ltd. v. Missoula Federal Credit Union*, 2002 MT 152, ¶ 17, 310 Mont. 346, ¶ 17, 50 P.3d 158, ¶ 17. Grace's objection incorrectly imputes knowledge of the cause of action to claimant outside the applicable statute of limitations. Knowledge of the presence of asbestos and asbestos-containing materials on claimant's premises does not constitute knowledge that a cause of action exists. At all times

RESPONSE TO DEBTORS' FIFTEENTH OMNIBUS OBJECTION
(SUBSTANTIVE) TO ASBESTOS PROPERTY DAMAGE CLAIMS - 7

relevant hereto, Grace assured claimant and the general public in Libby, Montana, that asbestos-containing vermiculite originating from its mine near Libby was absolutely safe.

The asbestos-containing vermiculite originating from Grace's mine near Libby was used in many common commercial products, including attic insulation, fireproofing materials, masonry fill, and as an additive to potting soils and fertilizers. According to an indictment handed down by the federal grand jury in the District of Montana, W.R. Grace and its executives, as far back as the 1970s, obtained and concealed information about the hazardous nature of the asbestos-containing vermiculite mined near Libby. The grand jury charged the defendants with conspiring to conceal information about the hazardous nature of the company's asbestos-contaminated vermiculite products, obstructing the government's clean-up efforts, and wire fraud. In 1999, the U.S. E.P.A. responded to reports of asbestos contamination in and around Libby. According to the federal indictment, Grace and its officials continuously mislead the government and local residents regarding the nature and extent of the asbestos contamination. See 2/7/05 press release, U.S. EPA Newsroom, http://www.epa.gov/newsroom.

The doctrine of fraudulent concealment, as recognized in Montana, tolls the statute of limitations until the cause of action is discovered or could have been discovered through due diligence. *Rucinsky v. Hentchel*, 266 Mont. 502, 506, 881 P.2d 616, 618 (1994). Due to Grace's fraudulent concealment and otherwise, claimant was unaware of the existence of a cause of action until at or near the filing of the proof of claim form. Finally, Grace filed for bankruptcy before the earliest arguable statute of limitations expired. The bankruptcy filing and accompanying stay served to toll any applicable statute of limitations.

**D-6: Laches**

The defense of laches constitutes an affirmative defenses. Affirmative defenses must be raised in the initial pleadings. Grace has appeared and submitted numerous filings in the present

RESPONSE TO DEBTORS' FIFTEENTH OMNIBUS OBJECTION
(SUBSTANTIVE) TO ASBESTOS PROPERTY DAMAGE CLAIMS - 8

matter. However, Grace has failed to raise laches until now, in its fifteenth omnibus objection. Failure to timely raise an affirmative defense results in waiver. The Court should not permit Grace to assert laches at such a late juncture. Further, because it constitutes an affirmative defense, Grace has the burden of establishing the laches defense. Grace offers no facts or analysis to support its position.

Laches, an equitable concept, exists "where there has been an unexplainable delay of such duration or character as to render the enforcement of an asserted right inequitable, and is appropriate when a party is actually or presumptively aware of his rights but fails to act." *Cole v. State ex rel. Brown*, 2002 MT 32, ¶ 24, 308 Mont. 265, ¶ 24, 42 P.3d 760, ¶ 24. A party is held to be presumptively aware of his or her rights where the circumstances of which he or she is cognizant are such as to put a person of ordinary prudence on inquiry. *Cole*, ¶ 24. As an equitable doctrine, parties cannot expect relief from the doctrine of laches unless they come to court with clean hands. *Cowan v. Cowan*, 2004 MT 97, ¶ 16, 321 Mont. 13, ¶ 16, 89 P.3d 6, ¶ 16.

First, claimant did not unexplainably delay filing of the property damage claim as claimant was unaware of the property damages occasioned by Grace's asbestos-contaminated vermiculite until at or near the time claimant filed the proof of claim form. Claimant's cognizance of the presence of asbestos-contaminated vermiculite was insufficient to place an ordinary person on notice of a claim for damages given Grace's affirmative representations. Second, the foregoing response to the statute of limitations objection confirms that Grace comes to this Court with anything but clean hands. For years, Grace concealed the hazards of asbestos-containing vermiculite from claimant, Grace's employees, the residents of Libby, Montana, the general public, and the federal government. Based, in part, on Grace's concealment and affirmative assurances, claimant had no historical knowledge of any right of action. Accordingly, the doctrine of laches cannot apply to bar the claim at issue.

**E-1: Sampling Reports**

Claimant has provided all documents in her possession furnished by the U.S. Environmental Protection Agency pertaining to claimant's property. These documents, as well as the information provided in the Appendix attached to the response to Grace's present objections in Claim Number 00004712 (George James Bauer), confirm the existence of asbestos-contaminated vermiculite on her property and/or identify the hazardous propensities of asbestos-contaminated vermiculite. Grace's objection references damages subject to personal injury actions. Claimant's claim does not implicate personal injury damages. While claimant disputes Grace's claim that she "has not established that any health hazard exists," claimant need not establish the existence of a "health hazard" to prevail on a property damage claim.

Whether the "mere presence" of asbestos-contaminated vermiculite gives rise to personal injury damages is of no consequence. The presence of asbestos-contaminated vermiculite and/or other asbestos-contaminated materials has resulted in property damages as previously articulated. The damages include, but are not limited to, loss of use of claimant's property, the cost of restoration, and loss of value. The Court should not dismiss such claims based on the existence or absence of air sampling tests.

**G-2: Categorizing Claims**

The proof of claim form was filled out to the best of claimant's ability. However, the "Claim Category" request in the proof of claim form is largely ambiguous with respect to the claimants from Libby, Montana. The Libby residents have suffered asbestos exposure from both asbestos-contaminated Grace products and Grace mining/milling/processing operations. Grace encouraged employees and residents of the Libby area to use asbestos-containing vermiculite in their gardens and homes. Additionally, Grace's mining/milling/processing activities subjected Libby properties to asbestos contamination in the form of particulate fall-out and otherwise.

RESPONSE TO DEBTORS' FIFTEENTH OMNIBUS OBJECTION
(SUBSTANTIVE) TO ASBESTOS PROPERTY DAMAGE CLAIMS - 10

Relevant documents confirm the existence of asbestos-contaminated vermiculite on claimant's property and/or identify the hazardous propensities of asbestos-contaminated vermiculite. See the information previously provided as well as the Appendix attached to the response to Grace's present objections in Claim Number 00004712 (George James Bauer). Specifically, the documents indicate claimant's property has asbestos-contaminated materials in the flower beds, the yard, and the driveway. Some, if not all, of this asbestos contamination stems from asbestos product, consistent with the "Claim Category" identified in claimant's proof of claim form. If the Court determines claimant has incorrectly classified the claim, claimant requests that the Court reclassify it accordingly. Note that Grace has urged the same resolution.

Grace does not identify claimant's property as one of the purportedly remediated properties. As that portion of the objection is inapplicable, it does not warrant a response.

## III.    CLAIM NUMBER 9661 (2498 HIGHWAY 2 SOUTH)

### C-1(d): Installation of Product, Knowledge of Asbestos in Product, Knowledge of Asbestos on Property, and/or Prior Asbestos-Related Lawsuits/Claims.

Grace indicates the claim form is deficient for failure to provide one or more pieces of information on a multitude of topics. Grace fails to identify with particularity which purported deficiency applies to claimant's claim. The burden of objection rests with Grace. Grace's generalized objection practice fails to sufficiently notify claimant of any respective objections. Further, Grace's objection presumes that written documentation exists. Claimant has made every effort to furnish all documentary information in claimant's possession to support the property damage claim. See the information previously provided as well as the Appendix attached to the response to Grace's present objections in Claim Number 00004712 (George James Bauer). Finally, the W.R. Grace & Co. Asbestos Property Damage Proof of Claim Form authorizes Grace, upon reasonable request, to obtain copies of any supporting documents from parties in

possession of the same.  As applied to claimant, Grace has made no such request.

Claimant indicated in her claim form that she, or someone on her behalf, installed the asbestos-containing materials in approximately 1979 and that she has no documentation reflecting the installation(s).   The documents previously provided identify that asbestos-contaminated vermiculite is present in at least the walls of the subject building.  Claimant has provided all relevant information in her possession regarding the asbestos-containing materials on her property.

**D-4: Statute of Limitations**

Statute of limitations defenses constitute affirmative defenses.  Affirmative defenses must be raised in the initial pleadings.  Grace has appeared and submitted numerous filings in the present matter.  However, Grace has failed to raise the affirmative defense of statute of limitations until now, in its fifteenth omnibus objection.  Failure to timely raise an affirmative defense results in waiver.  The Court should not permit Grace to assert the statute of limitations defense at such a late juncture.  Further, because it constitutes an affirmative defense, Grace has the burden of establishing that the statute of limitations has run.  Grace offers no facts or analysis to support its position.

Under Montana law, the applicable statute of limitations does not begin to run until the claimant knows or should know that a cause of action exists.  *Yarbro, Ltd. v. Missoula Federal Credit Union*, 2002 MT 152, ¶ 17, 310 Mont. 346, ¶ 17, 50 P.3d 158, ¶ 17.  Grace's objection incorrectly imputes knowledge of the cause of action to claimant outside the applicable statute of limitations.  Knowledge of the presence of asbestos and asbestos-containing materials on claimant's premises does not constitute knowledge that a cause of action exists.  At all times relevant hereto, Grace assured claimant and the general public in Libby, Montana, that asbestos-containing vermiculite originating from its mine near Libby was absolutely safe.

RESPONSE TO DEBTORS' FIFTEENTH OMNIBUS OBJECTION
(SUBSTANTIVE) TO ASBESTOS PROPERTY DAMAGE CLAIMS - 12

The asbestos-containing vermiculite originating from Grace's mine near Libby was used in many common commercial products, including attic insulation, fireproofing materials, masonry fill, and as an additive to potting soils and fertilizers. According to an indictment handed down by the federal grand jury in the District of Montana, W.R. Grace and its executives, as far back as the 1970s, obtained and concealed information about the hazardous nature of the asbestos-containing vermiculite mined near Libby. The grand jury charged the defendants with conspiring to conceal information about the hazardous nature of the company's asbestos-contaminated vermiculite products, obstructing the government's clean-up efforts, and wire fraud. In 1999, the U.S. E.P.A. responded to reports of asbestos contamination in and around Libby. According to the federal indictment, Grace and its officials continuously mislead the government and local residents regarding the nature and extent of the asbestos contamination. See 2/7/05 press release, U.S. EPA Newsroom, http://www.epa.gov/newsroom.

The doctrine of fraudulent concealment, as recognized in Montana, tolls the statute of limitations until the cause of action is discovered or could have been discovered through due diligence. *Rucinsky v. Hentchel*, 266 Mont. 502, 506, 881 P.2d 616, 618 (1994). Due to Grace's fraudulent concealment and otherwise, claimant was unaware of the existence of a cause of action until at or near the filing of the proof of claim form. Finally, Grace filed for bankruptcy before the earliest arguable statute of limitations expired. The bankruptcy filing and accompanying stay served to toll any applicable statute of limitations.

**D-6: Laches**

The defense of laches constitutes an affirmative defenses. Affirmative defenses must be raised in the initial pleadings. Grace has appeared and submitted numerous filings in the present matter. However, Grace has failed to raise laches until now, in its fifteenth omnibus objection. Failure to timely raise an affirmative defense results in waiver. The Court should not permit

Grace to assert laches at such a late juncture. Further, because it constitutes an affirmative defense, Grace has the burden of establishing the laches defense. Grace offers no facts or analysis to support its position.

Laches, an equitable concept, exists "where there has been an unexplainable delay of such duration or character as to render the enforcement of an asserted right inequitable, and is appropriate when a party is actually or presumptively aware of his rights but fails to act." *Cole v. State ex rel. Brown*, 2002 MT 32, ¶ 24, 308 Mont. 265, ¶ 24, 42 P.3d 760, ¶ 24. A party is held to be presumptively aware of his or her rights where the circumstances of which he or she is cognizant are such as to put a person of ordinary prudence on inquiry. *Cole*, ¶ 24. As an equitable doctrine, parties cannot expect relief from the doctrine of laches unless they come to court with clean hands. *Cowan v. Cowan*, 2004 MT 97, ¶ 16, 321 Mont. 13, ¶ 16, 89 P.3d 6, ¶ 16.

First, claimant did not unexplainably delay filing of the property damage claim as claimant was unaware of the property damages occasioned by Grace's asbestos-contaminated vermiculite until at or near the time claimant filed the proof of claim form. Claimant's cognizance of the presence of asbestos-contaminated vermiculite was insufficient to place an ordinary person on notice of a claim for damages given Grace's affirmative representations. Second, the foregoing response to the statute of limitations objection confirms that Grace comes to this Court with anything but clean hands. For years, Grace concealed the hazards of asbestos-containing vermiculite from claimant, Grace's employees, the residents of Libby, Montana, the general public, and the federal government. Based, in part, on Grace's concealment and affirmative assurances, claimant had no historical knowledge of any right of action. Accordingly, the doctrine of laches cannot apply to bar the claim at issue.

**E-1: Sampling Reports**

Claimant has provided all documents in her possession furnished by the U.S.

Environmental Protection Agency pertaining to claimant's property. These documents, as well as the information provided in the Appendix attached to the response to Grace's present objections in Claim Number 00004712 (George James Bauer), confirm the existence of asbestos-contaminated vermiculite on her property and/or identify the hazardous propensities of asbestos-contaminated vermiculite. Grace's objection references damages subject to personal injury actions. Claimant's claim does not implicate personal injury damages. While claimant disputes Grace's claim that she "has not established that any health hazard exists," claimant need not establish the existence of a "health hazard" to prevail on a property damage claim.

Whether the "mere presence" of asbestos-contaminated vermiculite gives rise to personal injury damages is of no consequence. The presence of asbestos-contaminated vermiculite and/or other asbestos-contaminated materials has resulted in property damages as previously articulated. The damages include, but are not limited to, loss of use of claimant's property, the cost of restoration, and loss of value. The Court should not dismiss such claims based on the existence or absence of air sampling tests.

**G-2: Categorizing Claims**

The proof of claim form was filled out to the best of claimant's ability. However, the "Claim Category" request in the proof of claim form is largely ambiguous with respect to the claimants from Libby, Montana. The Libby residents have suffered asbestos exposure from both asbestos-contaminated Grace products and Grace mining/milling/processing operations. Grace encouraged employees and residents of the Libby area to use asbestos-containing vermiculite in their gardens and homes. Additionally, Grace's mining/milling/processing activities subjected Libby properties to asbestos contamination in the form of particulate fall-out and otherwise.

Relevant documents confirm the existence of asbestos-contaminated vermiculite on claimant's property and/or identify the hazardous propensities of asbestos-contaminated

vermiculite. See the information previously provided as well as the Appendix attached to the response to Grace's present objections in Claim Number 00004712 (George James Bauer). Specifically, the documents indicate claimant's property has asbestos-contaminated materials in at least the walls of the subject building. Some, if not all, of this asbestos contamination stems from asbestos product, consistent with the "Claim Category" identified in claimant's proof of claim form. If the Court determines claimant has incorrectly classified the claim, claimant requests that the Court reclassify it accordingly. Note that Grace has urged the same resolution.

Grace does not identify claimant's property as one of the purportedly remediated properties. As that portion of the objection is inapplicable, it does not warrant a response.

Respectfully submitted this 21st day of October, 2005.

Lewis, Slovak & Kovacich, P.C.


By: _K. Mo._____

For Mark M. Kovacich
P.O. Box 2325
Great Falls, MT 59403
(Attorneys for Claimant)

## CERTIFICATE OF SERVICE

I hereby certify that a true and legible copy of the foregoing Response to Debtors' Fifteenth Omnibus Objection to Claims (Non-Substantive) was served on the 21st day of October, 2005, by Federal Express courier, upon the following:

Co-Counsel for the Debtors:

Katherine Phillips
Kirkland & Ellis, LLP
200 East Randolph Drive
Chicago, IL 60601
fax 312-861-2200

David Carickhoff, Jr.
Pachulski, Stang, Ziehl, Young,
Jones & Weintraub, P.C.
919 North Market Street, Suite 1700
P. O. Box 8705
Wilmington, DE 19899-8705
fax 302-652-4400

Counsel to the Official Committee of Unsecured Creditors:

Lewis Kruger
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982
fax 212-806-6006

Michael R. Lastowski
Duane, Morris & Heckscher, LLP
1100 N. Market Street, Suite 1200
Wilmington, DE 19801-1246
fax 302-657-4901

Counsel to the Official Committee of Property Damage Claimants:

Scott L. Baena
Bilzin, Sumberg, Dunn, Baena,
Price & Axelrod
First Union Financial Center
200 Southy Biscayne Boulevard, Suite 2500
Miami, FL 33131
fax 305-374-7593

Michael B. Joseph
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P. O. Box 1351
Wilmington, DE 19899
fax 302-575-1714

Counsel to the Official Committee of Personal Injury Claimants:

Elihu Inselbuch
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022
fax 212-644-6755

Marla Eskin
Campbell & Levine, LLC
800 N. King Street, Suite 300
Wilmington, DE 19801
fax 302-426-9947

Counsel to the Official Committee of Equity Holders:

Thomas M. Mayer
Kramer, Levin, Naftalis & Frankel, LLP
919 Third Avenue
New York, NY 10022
fax 212-715-8000

Teresa K.D. Currier
Klett, Rooney, Lieber & Schorling
1000 West Street, Suite 1410
P. O. Box 1397
Wilmington, DE 19899-1397
fax 302-552-4220

Counsel to the Future Claimants' Representative:

Richard W. Wyron
Swidler, Berlin, Shereff, Friedman LLP
3000 K Street, NW, Suite 300
Washington, DC 20007
fax 202-424-7643

John C. Phillips, Jr.
Phillips, Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, DE 19806
302-655-4210

/////

RESPONSE TO DEBTORS' FIFTEENTH OMNIBUS OBJECTION
(SUBSTANTIVE) TO ASBESTOS PROPERTY DAMAGE CLAIMS - 17

<u>Office of the United States Trustee</u>:

Office of the United States Trustee
Attention: David Klauder
844 N. King Street
Wilmington, DE 19801
fax 302-573-6497

COPY



# UNITED STATES ENVIRONMENTAL PROTECTION AGENCY
### REGION 8
999 18TH STREET · SUITE 500
DENVER, CO  80202-2466
Phone 800-227-8917
http://www.epa.gov/region08

March 30, 2004

Ref: 8EPR-SR

Mrs. Barbara Spencer
6th Street and Utah Avenue
Libby, MT 59923

Dear Mrs. Spencer:

You requested a letter from U.S. EPA (EPA) regarding the status of your property at 6th Street and Utah Avenue. EPA's contractors conducted an inspection of the property. The purpose of the inspection was to identify potential sources of Libby asbestos, such as vermiculite attic insulation, and to collect soil samples if necessary. There was no residence to inspect. Vermiculite was observed in the soil throughout the property. We collected soil samples in the vacant lot, but have not yet analyzed them.

Due to the presence of the vermiculite throughout the lot, the property has been added to EPA's cleanup list. The extent of the outdoor cleanup will not be known until EPA analyzes the soil samples, which will likely occur later this summer. I do not have a timetable for future sampling or cleanup work at this property at this time, although we are performing cleanup as quickly as conditions and funding allows.

Any cleanup performed by EPA will be at no cost to the owner, either current or future. The details of any cleanup will be discussed and agreed upon with the owner prior to any work. If you have any questions, please contact the EPA Information Center in Libby at 293-6194.

Sincerely,

Jim Christiansen
Remedial Project Manager

Printed on Recycled Paper

AD- 000746

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY
REGION 8
999 18TH STREET, SUITE 300
DENVER, CO 80202

CONSENT FOR ENTRY AND ACCESS TO PROPERTY

Name: _Barbara a Spence_

Address: _2498 Hwy 2_
_Libby Mont 59923_   Phone: _293-7215_

Address of Property for which consent for entry and access is being granted:

_same as above_
_Libby Mont 59923_

Relationship to property: _owner_
(i.e., owner, tenant, etc.)

I, the undersigned, am the owner, their representative, or otherwise control the real property at the location described above. The Environmental Protection Agency (EPA) has requested entry and access to my property pursuant to its response and enforcement responsibilities under the Comprehensive Environmental Response, Compensation and Liability Act as amended (Superfund), 42 U.S.C. 9601 et seq.

I consent to officers, employees, and authorized representatives of the EPA, including their authorized contractors, entering and having continued access to my property for the following purposes:

1. Visually inspecting the property, including the interior and exterior of any home or any other structures on the property;

2. the taking of such soil, bulk, or dust samples as may be determined to be necessary;

3. the taking of actions to mark or temporarily cover exposed vermiculite.

This written permission is given by me voluntarily with knowledge of my right to refuse and without threats or promises of any kind. I certify that this Consent for Entry and Access is entered into voluntarily and constitutes an unconditional consent and grant of permission for access to the property by officers, employees, and authorized representatives of EPA at reasonable times.

_8-13-03_
Date

_Barbara a Spence_
Signature

AD- 000746 _8-13-03_
_BS_

☑ Soil samples collected (Date: _8-13-03_)

# LIBBY ASBESTOS PROJECT
## Contaminant Screening Study
## Primary Structure and Property Assessment Information Field Form (Primary IFF)

Field Logbook No.: _100262_     Page No.: _38_     Site Visit Date: _8-13-03_
Address: _6th St. & Utah Ave._     Structure Description: _Vacant Lot_
Occupant: _NA_     Phone Number: _NA_
Owner (if different than occupant): _Barbara Spencer_     Phone Number: _293-7215_
Business Name: _____
Sampling Team: _Ben Shoup - PWT /Danny Zambrano - CDM_
Field Form Check Completed by (100% of forms): _Danny Zambrano - C.D.M_
Screening Field Check Completed by (2% of forms): _____

| Data Item | Value | Notes |
|---|---|---|
| HOUSE ATTRIBUTES | | |
| Property Description | (Residential)  Industrial   Commercial | |
| Surrounding Land Use | (Residential)  Industrial   Commercial <br> School  _  Mining <br> Other: | |
| Year of Construction | _NA_          Unknown | |
| Square Footage | _NA_ | |
| Construction Material | Wood frame     Masonry/Stone <br> Other: _NA_ | |
| Number of Floors Above Ground | 1  2  3  Other: _NA_ | |
| Number of Rooms Per Floor Above Ground | 1:____  2:____  3:____ <br> Other: _NA_ | |
| Basement | Yes          No   _NA_ | |
| Heating Source | Wood/Coal   Electric   Propane/Gas <br> Other: _NA_ | |
| Heat Distribution | Forced air   Radiant <br> Other: _NA_ | |

_DW_
_8-13-03_

CSS Primary Structure IFF (continued)

Address: _6th & Utah_

AD-000746
~~BD#~~ _____

| Data Item | Value | Notes |
|---|---|---|
| Location of indoor vermiculite (circle all that apply) | Attic    Walls    Crawl Space    None<br><br>Visual in Living Space: Basement,<br>Ground Floor, Second Floor, Attached Garage<br><br>Other:____ _NA_ | If in living space, provide specific location: |
| **Outdoor Information** | ☑ Outdoor Visual Inspection Complete: _8-13-03_ | |
| Location of outdoor vermiculite (circle all that apply) | Driveway    Flowerbed    Garden    (Yard)<br>Former Flowerbed    Former Garden<br>Stockpile    None<br>Other_____ | _L.V. is in both large and small flakes throughout the lot — locally concentrated in some areas._ |
| **Overall Assessment Complete:** _8-13-03_ | ☑ Reconnaissance (Verbal Interview, Indoor, Outdoor Inspection) | |
| Are primary source materials present at the property? | (Yes)          No | |
| Where are primary source materials located? | Inside          (Outside)<br>Both          NA | NA applies if no primary source materials are located at the property. |

ADDITIONAL INFORMATION (Note any partial access or sample collection issues) _This is a vacant lot on the corner of 6th St. and Utah Ave._

CSS Primary Structure IFF (con..ued)

AD-000746
~~SD#~~ _____

Address: _6th & Utah_____

## FIELD DIAGRAM OF PROPERTY

Identify important features (i.e. drainage, trees, gardens, structures, flowerbeds, utility poles, known underground utilities, suspected Libby amphibole source areas, sample locations, etc). Include north arrow.

NOT TO SCALE

Soil Samples
(Y1) East Yard
(Y2) West Yard

# Property Sample Datasheet

Property: 2498 Highway 2 S - Libby Floors & Decors

| Sample ID | Sample Group | Location Description (Sub Location) | Matrix | Sample Date | PLM | | |
|---|---|---|---|---|---|---|---|
| | | | | | Method | LA (%) | |
| CS-08111-C | Yard | Back, front, side yard | Surface soil | 10/8/2002 | PLM-Grav | ND | |
| CS-08111-FG1 | Yard | Back, front, side yard | Surface soil | 10/8/2002 | PLM-VE | ND | |
| CS-08112-C | Driveway | Front, side yard | Surface soil | 10/8/2002 | PLM-Grav | ND | |
| CS-08112-FG1 | Driveway | Front, side yard | Surface soil | 10/8/2002 | PLM-VE | ND | |
| CS-08113-C | Driveway | Back yard | Surface soil | 10/8/2002 | PLM-Grav | ND | |
| CS-08113-FG1 | Driveway | Back yard | Surface soil | 10/8/2002 | PLM-VE | ND | |

No BO#

Form Number _____

~~Kim~~ Krystal

## LIBBY ASBESTOS PROJECT
### Property Closeout Checklist (PCC)

Address: __500 JAY EFFAR RD__

Occupant: __BARB SPENCER__

Owner (If different than occupant): _____

Oversight Personnel: __MAINHAUSEN - SCHLEBUCSH__  __700010__  3855)

Removal Dates: __8-15-27-02__  Field Logbook No.: _____  Page Numbers: __BOOK)__

Removal Contractor: __KILO - MARCOR__

Restoration Contractor: __KUO - MARCOR__   _CLOSE OUT LETTER HAS BEEN WRITTEN BY DCOC_

Associated BO Numbers: _____

PCC Check Completed by (100% of forms): _____

| Data Item | Value  TV 2/1/05 | Comments |
|---|---|---|
| Type of removal activity<br><br>circle all that apply | (VCI removal) ?<br>(Interior cleaning)<br>(Exterior removal)<br>Other:_____ | ELASTIC NO HELP! |
| Set up date(s) | 8-15-02 | 8-15 — 8-22 |
| Removal date(s) | 8-15—20-02 | |
| Restoration date(s) | 8-21-27-02 | |
| Total days at property | 13 | |
| Contaminated material removed<br><br>circle all that apply | (Soil)<br>VCI<br>Other insulation<br>Household items<br>(Rubbish/Debris)<br>Other:_____ | TREES + BRUSH |
| Cubic yards (Yd³) of material removed: | | |
| Soil | __260 +/__Yd³ | |
| | NA | |

☒

2

Form Number _____

| Data Item | Value | Comments |
|---|---|---|
| VCI | _____ Yd³  (NA) | |
| Other insulation | _____ Yd³  (NA) | Type of insulation removed: |
| Household items | Description:  NA | |
| Rubbish/Debris | _MANY_ Truckloads  NA | Description: BRUSH + TREES |
| Any contaminated material remaining after removal is complete? *Circle all that apply* | (No) Soil VCI | |
| Complete following sections as necessary. | | |
| Contaminated soil remaining  NA | Location description: LOG BOOK NOTES SHOW SOIL RESULTS ND. | |
| VCI remaining  (NA) | Location description: | |
| Yards of insulation replaced | 0 | Type: |
| Yards of residential fill replaced | 0 | |
| Yards of topsoil replaced | 180 | |
| Yards of other material replaced (i.e., gravel) | 74 | Type: 3/4" CRUSHED GRANITE |

4 BAGS  TAN BARK

Page 2 of 3

P:\3280-RAC8\116 - Libby CSS\Removals\Property Closeout\PCC_050703.wpd



**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY**
REGION 8
999 18TH STREET - SUITE 500
DENVER, CO  80202-2466
Phone 800-227-8917
http://www.epa.gov/region08

October 18, 2005

Ref:  8EPR-SR

Barbara Spencer
500 Jay Effar Road
Libby, MT  59923

RE: EPA Cleanup at 500 Jay Effar, Libby, MT 59923

The U.S. Environmental Protection Agency (EPA) has completed a cleanup under emergency response authority at the property referenced above. The cleanup was conducted pursuant to the Action Memorandum Amendment dated February 21, 2005 for the Libby Asbestos Site. A signed copy of the Removal and Restoration Completion Form for this property is enclosed for reference and details the specific actions that were taken. There is no financial liability to the property owner or renter of this property, either current or future.

Visual inspections were conducted and confirmation samples were collected after the cleanup to ensure that cleanup standards were achieved. Sampling typically includes interior air samples of the buildings and/or samples of outdoor soils in areas of concern. Analysis of samples for this property showed that Libby amphibole asbestos was not detected, or was detected at levels below EPA's current level of concern. The property meets EPA's current standards for protectiveness of human health for Libby amphibole asbestos contamination set forth in EPA's Action Level and Clearance Criteria Technical Memorandum (December 15, 2003) for the Libby Asbestos Site.

In most circumstances vermiculite or Libby asbestos-containing soil or materials were removed. EPA may have chosen to leave these materials in place if they were located in inaccessible areas and not likely to be disturbed. These areas typically include spaces within walls, below carpets, outdoor soils below hard, improved surfaces such as driveways or foundations, or outdoor soils deeper than twelve to eighteen inches. In most cases, EPA did not inspect or sample in such areas. If you plan to disturb, or accidentally encounter, vermiculite or Libby asbestos containing materials, you should read and follow EPA guidance. This guidance can be obtained at the EPA Information Center at 501 Mineral Ave. in Libby. A database documenting areas where contamination was left in place will be maintained by EPA.

Very low, often immeasurable, levels of Libby asbestos may remain in soil, indoor dust, fabrics, upholstery, and carpets. Current EPA risk assessments suggest that these circumstances do not pose a significant health risk. However, residents can further protect themselves by

*Printed on Recycled Paper*

taking simple precautions found in EPA guidance, including the use of HEPA-filter equipped vacuum cleaners. EPA will provide each property owner a HEPA vacuum upon completion of cleanup.

EPA's investigations and cleanup addressed amphibole asbestos that is related to the former Libby vermiculite mine and did not address other types of asbestos. There are several potential asbestos-containing materials commonly found in older homes across the country. This letter makes no statement or inferences regarding these materials.

At this time, EPA considers cleanup of this property complete and does not anticipate that additional cleanup measures will be required. However, EPA and others continue to investigate the health effects of Libby asbestos. Cleanup levels and approaches may be adjusted in the future as new information and data becomes available. EPA has not yet set final cleanup levels for the Libby Asbestos Site. This will occur when EPA publishes a final Record of Decision. If this results in a need for additional sampling or cleanup at this property, the property owner will be contacted. Again, the likelihood of this occurring is low.

EPA appreciates your assistance with our work. Please keep this letter with your important papers for future reference. A copy should be passed to the new property owner if the property is sold. If you have any questions, please contact the EPA Information Center at (406) 293-6194 or the Lincoln County Department of Environmental Health at (406) 293-7781.

Sincerely,

Jim Christiansen
Remedial Project Manager

Page 1 of 2

Soil-Like & Sediment

10/19/2005, 12:08 PM

| Sample ID | Parent ID | Scenario | Property Group (Location) | Sample Group | Location Description (Sub Location) | Media Type | Matrix | Category | Sample Date | Method | PLM | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | LA Bin | LA (%) | |
| 1-03184 | 1-03342 | N/A | 500 Jay Effar Rd | Flowerbed | other-shrubs | Soil-Like | Surface soil | Field Duplicate | 8/2/2001 | PLM-9002 | A | ND | ND |
| 1-03340 | | N/A | 500 Jay Effar Rd | Yard | garden soil | Soil-Like | Surface soil | Field Sample | 8/2/2001 | PLM-9002 | C | 4 | ND |
| 1-03341 | | N/A | 500 Jay Effar Rd | Yard | other-shrubs | Soil-Like | Surface soil | Field Sample | 8/2/2001 | PLM-9002 | A | ND | ND |
| 1-03341-C | | N/A | 500 Jay Effar Rd | Yard | other-shrubs | Soil-Like | Surface soil | Field Sample | 8/2/2001 | PLM-Grav | A | ND | ND |
| 1-03341-FG1 | | N/A | 500 Jay Effar Rd | Yard | other-shrubs | Soil-Like | Surface soil | Field Sample | 8/2/2001 | PLM-VE | A | ND | ND |
| 1-03342 | | N/A | 500 Jay Effar Rd | Flowerbed | other-flower bed | Soil-Like | Surface soil | Field Sample | 8/2/2001 | PLM-9002 | A | ND | ND |
| 1-03342-C | | N/A | 500 Jay Effar Rd | Flowerbed | other-flower bed | Soil-Like | Surface soil | Field Sample | 8/2/2001 | PLM-Grav | A | ND | ND |
| 1-03342-FG1 | | N/A | 500 Jay Effar Rd | Flowerbed | other-flower bed | Soil-Like | Surface soil | Field Sample | 8/2/2001 | PLM-VE | A | ND | ND |
| 1-03343 | | N/A | 500 Jay Effar Rd | Yard | yard soil | Soil-Like | Surface soil | Field Sample | 8/2/2001 | PLM-9002 | A | ND | ND |
| 1-03343-C | | N/A | 500 Jay Effar Rd | Yard | yard soil | Soil-Like | Surface soil | Field Sample | 8/2/2001 | PLM-Grav | A | ND | ND |
| 1-03343-FG1 | | N/A | 500 Jay Effar Rd | Yard | yard soil | Soil-Like | Surface soil | Field Sample | 8/2/2001 | PLM-VE | A | ND | ND |
| 1R-14194 | | N/A | 500 Jay Effar Rd | Garden | North perimeter of excavation | Soil-Like | Surface soil | Field Sample | 8/19/2002 | PLM-9002 | A | ND | ND |
| 1R-14195 | | N/A | 500 Jay Effar Rd | Garden | Northwest perimeter of excavation | Soil-Like | Surface soil | Field Sample | 8/19/2002 | PLM-9002 | A | ND | ND |
| 1R-14196 | | N/A | 500 Jay Effar Rd | Garden | West perimeter of excavation | Soil-Like | Surface soil | Field Sample | 8/19/2002 | PLM-9002 | A | ND | ND |
| 1R-14197 | | N/A | 500 Jay Effar Rd | Garden | South perimeter of excavation | Soil-Like | Surface soil | Field Sample | 8/20/2002 | PLM-9002 | A | ND | ND |
| 1R-14198 | | N/A | 500 Jay Effar Rd | Garden | East perimeter of excavation | Soil-Like | Surface soil | Field Sample | 8/20/2002 | PLM-9002 | A | ND | ND |
| 1R-14199 | | N/A | 500 Jay Effar Rd | Garden | Area next to house | Soil-Like | Surface soil | Field Sample | 8/20/2002 | PLM-9002 | A | ND | ND |
| 1R-14200 | | N/A | 500 Jay Effar Rd | Garden | Area next to garage | Soil-Like | Surface soil | Field Sample | 8/20/2002 | PLM-VE | A | ND | ND |
| SQ-00141-FG1 | | N/A | 500 Jay Effar Rd | Yard | Y1; East back, front yard | Soil-Like | Surface soil | Field Sample | 8/24/2005 | PLM-VE | A | ND | ND |
| SQ-00142-FG1 | | N/A | 500 Jay Effar Rd | Yard | Y2; West front yard | Soil-Like | Surface soil | Field Sample | 8/24/2005 | PLM-VE | A | ND | ND |
| SQ-00317-FG1 | | N/A | 500 Jay Effar Rd | Property | Front yard | Soil-Like | Surface soil | Field Sample | 7/15/2005 | PLM-VE | A | ND | ND |
| SQ-00318-FG1 | | N/A | 500 Jay Effar Rd | Property | Front yard | Soil-Like | Surface soil | Field Sample | 7/15/2005 | PLM-VE | A | ND | ND |

LocationPropertyGroupDesc values:  = "500 Jay Effar Rd"

Page 2 of 2

Soil-Like & Sediment

10/18/2005, 12:08 PM

| Sample ID | Parent ID | Scenario | Property Group (Location) | Sample Group | Location Description (Sub Location) | Media Type | Matrix | Category | Sample Date | PLM | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | Method | LA Bin | LA (%) | ND |
| SQ-00318-FG1 | SQ-00317 | N/A | 500 Jay Effar Rd | Property | Front yard; Dup of SQ-00317 | Soil-Like | Surface soil | Field Duplicate | 7/15/2005 | PLM-VE | A | ND | ND |