Tom L. Lewis
Mark M. Kovacich
Lewis, Slovak, & Kovacich, P.C.
P. O. Box 2325
Great Falls, MT 59403
(406) 761-5595

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------

In re:                                                     :    Chapter 11

W.R. GRACE & CO., et al                          :    Case No. 01-01139 (JKF)
                                                              :    Jointly Administered
Debtors.                                                   :
                                                              :    Claim No. 00006086

-------------------------------------------------------

## RESPONSE TO DEBTORS' FIFTEENTH OMNIBUS
## OBJECTION (SUBSTANTIVE) TO ASBESTOS PROPERTY DAMAGE CLAIMS

On behalf of claimant, Barbara Sue Nelson (Claim No. 00006086), her attorneys, Tom L. Lewis and Mark M. Kovacich of Lewis, Slovak & Kovacich, P.C., respond to Debtors' Fifteenth Omnibus Objection (Substantive) to Asbestos Property Damage Claims as follows:

1. Claimant can be contacted via her attorneys, Tom L. Lewis or Mark M. Kovacich, 725 Third Avenue North, Great Falls, Montana; telephone (406) 761-5595.

2. Claimant's claim is with respect to asbestos contamination from a Grace product in or on the property, to wit: asbestos-contaminated vermiculite from the W.R. Grace mine near Libby, Montana and/or from the W.R. Grace mining activities in and around the Libby community. Claimant's property is a residence located at 1021 Main in Libby, Montana.

3. Claimant's claim is based upon the findings of the U.S. Environmental Protection Agency in its Administrative Record and supplement, test results, and other documentation, as

RESPONSE TO DEBTORS' FIFTEENTH OMNIBUS OBJECTION
(SUBSTANTIVE) TO ASBESTOS PROPERTY DAMAGE CLAIMS - 1

well as information obtained from other sources.

4. Claimant consented to the production and release of supporting documentation in the possession of the U.S. Environmental Protection Agency to Grace and Grace's representatives at the time of submission of her property damage proof of claim in March 2003.

5. Claimant provided such supporting documentation, available from the U.S. Environmental Protection Agency's Libby office, to Grace and Grace's representatives as an attachment to her Proof of Claim form filed in March, 2003.

6. Claimant has provided additional supporting documentation which was not available at the time the proof of claim was filed.

### Claimant's Responses to Debtors' Specific Objections

### C-2: Documentation Regarding Purchase, Installation, Presence, and/or Removal

Grace indicates the claim form is deficient for failure to provide one or more pieces of information on a multitude of topics. Grace fails to identify with particularity which purported deficiency applies to claimant's claim. The burden of objection rests with Grace. Grace's generalized objection practice fails to sufficiently notify claimant of any respective objections. Further, Grace's objection presumes that written documentation exists. Claimant has made every effort to furnish all documentary information in claimant's possession to support the property damage claim. See the information previously provided as well as the Appendix for Claimants' Responses to Debtors' Fifteenth Omnibus Objection (Substantive) to Asbestos Property Damage Claims ("Appendix") attached to Response to Debtors' Fifteenth Omnibus Objection (Substantive) to Asbestos Property Damage Claims, Claim Number 00004712 (George James Bauer). Finally, the W.R. Grace & Co. Asbestos Property Damage Proof of Claim Form authorizes Grace, upon reasonable request, to obtain copies of any supporting documents from parties in possession of the same. As applied to claimant, Grace has made no such request.

Claimant does not have any documentation addressing the installation or placement of asbestos-contaminated vermiculite upon her property. Claimant acknowledged this in the proof of claim form filed in March 2003. Claimant has provided copies of the documents received from the U.S. Environmental Protection Agency documenting the presence of asbestos-containing vermiculite on her property. See the information previously provided as well as the Appendix attached to the response to Grace's present objections in Claim Number 00004712 (George James Bauer).

**D-4: Statute of Limitations**

Statute of limitations defenses constitute affirmative defenses. Affirmative defenses must be raised in the initial pleadings. Grace has appeared and submitted numerous filings in the present matter. However, Grace has failed to raise the affirmative defense of statute of limitations until now, in its fifteenth omnibus objection. Failure to timely raise an affirmative defense results in waiver. The Court should not permit Grace to assert the statute of limitations defense at such a late juncture. Further, because it constitutes an affirmative defense, Grace has the burden of establishing that the statute of limitations has run. Grace offers no facts or analysis to support its position.

Under Montana law, the applicable statute of limitations does not begin to run until the claimant knows or should know that a cause of action exists. *Yarbro, Ltd. v. Missoula Federal Credit Union*, 2002 MT 152, ¶ 17, 310 Mont. 346, ¶ 17, 50 P.3d 158, ¶ 17. Grace's objection incorrectly imputes knowledge of the cause of action to claimant outside the applicable statute of limitations. Knowledge of the presence of asbestos and asbestos-containing materials on claimant's premises does not constitute knowledge that a cause of action exists. At all times relevant hereto, Grace assured claimant and the general public in Libby, Montana, that asbestos-containing vermiculite originating from its mine near Libby was absolutely safe.

RESPONSE TO DEBTORS' FIFTEENTH OMNIBUS OBJECTION
(SUBSTANTIVE) TO ASBESTOS PROPERTY DAMAGE CLAIMS - 3

The asbestos-containing vermiculite originating from Grace's mine near Libby was used in many common commercial products, including attic insulation, fireproofing materials, masonry fill, and as an additive to potting soils and fertilizers. According to an indictment handed down by the federal grand jury in the District of Montana, W.R. Grace and its executives, as far back as the 1970s, obtained and concealed information about the hazardous nature of the asbestos-containing vermiculite mined near Libby. The grand jury charged the defendants with conspiring to conceal information about the hazardous nature of the company's asbestos-contaminated vermiculite products, obstructing the government's clean-up efforts, and wire fraud. In 1999, the U.S. E.P.A. responded to reports of asbestos contamination in and around Libby. According to the federal indictment, Grace and its officials continuously mislead the government and local residents regarding the nature and extent of the asbestos contamination. See 2/7/05 press release, U.S. EPA Newsroom, http://www.epa.gov/newsroom.

The doctrine of fraudulent concealment, as recognized in Montana, tolls the statute of limitations until the cause of action is discovered or could have been discovered through due diligence. *Rucinsky v. Hentchel*, 266 Mont. 502, 506, 881 P.2d 616, 618 (1994). Due to Grace's fraudulent concealment and otherwise, claimant was unaware of the existence of a cause of action until at or near the filing of the proof of claim form. Finally, Grace filed for bankruptcy before the earliest arguable statute of limitations expired. The bankruptcy filing and accompanying stay served to toll any applicable statute of limitations.

**D-6: Laches**

The defense of laches constitutes an affirmative defenses. Affirmative defenses must be raised in the initial pleadings. Grace has appeared and submitted numerous filings in the present matter. However, Grace has failed to raise laches until now, in its fifteenth omnibus objection. Failure to timely raise an affirmative defense results in waiver. The Court should not permit

Grace to assert laches at such a late juncture. Further, because it constitutes an affirmative defense, Grace has the burden of establishing the laches defense. Grace offers no facts or analysis to support its position.

Laches, an equitable concept, exists "where there has been an unexplainable delay of such duration or character as to render the enforcement of an asserted right inequitable, and is appropriate when a party is actually or presumptively aware of his rights but fails to act." *Cole v. State ex rel. Brown*, 2002 MT 32, ¶ 24, 308 Mont. 265, ¶ 24, 42 P.3d 760, ¶ 24. A party is held to be presumptively aware of his or her rights where the circumstances of which he or she is cognizant are such as to put a person of ordinary prudence on inquiry. *Cole*, ¶ 24. As an equitable doctrine, parties cannot expect relief from the doctrine of laches unless they come to court with clean hands. *Cowan v. Cowan*, 2004 MT 97, ¶ 16, 321 Mont. 13, ¶ 16, 89 P.3d 6, ¶ 16.

First, claimant did not unexplainably delay filing of the property damage claim as claimant was unaware of the property damages occasioned by Grace's asbestos-contaminated vermiculite until at or near the time claimant filed the proof of claim form. Claimant's cognizance of the presence of asbestos-contaminated vermiculite was insufficient to place an ordinary person on notice of a claim for damages given Grace's affirmative representations. Second, the foregoing response to the statute of limitations objection confirms that Grace comes to this Court with anything but clean hands. For years, Grace concealed the hazards of asbestos-containing vermiculite from claimant, Grace's employees, the residents of Libby, Montana, the general public, and the federal government. Based, in part, on Grace's concealment and affirmative assurances, claimant had no historical knowledge of any right of action. Accordingly, the doctrine of laches cannot apply to bar the claim at issue.

**E-1: Sampling Reports**

Claimant has provided all documents in her possession furnished by the U.S.

Environmental Protection Agency pertaining to claimant's property. These documents, as well as the information provided in the Appendix attached to the response to Grace's present objections in Claim Number 00004712 (George James Bauer), confirm the existence of asbestos-contaminated vermiculite on her property and/or identify the hazardous propensities of asbestos-contaminated vermiculite. Grace's objection references damages subject to personal injury actions. Claimant's claim does not implicate personal injury damages. While claimant disputes Grace's claim that she "has not established that any health hazard exists," claimant need not establish the existence of a "health hazard" to prevail on a property damage claim.

Whether the "mere presence" of asbestos-contaminated vermiculite gives rise to personal injury damages is of no consequence. The presence of asbestos-contaminated vermiculite and/or other asbestos-contaminated materials has resulted in property damages as previously articulated. The damages include, but are not limited to, loss of use of claimant's property, the cost of restoration, and loss of value. The Court should not dismiss such claims based on the existence or absence of air sampling tests.

## G-2: Categorizing Claims

The proof of claim form was filled out to the best of claimant's ability. However, the "Claim Category" request in the proof of claim form is largely ambiguous with respect to the claimants from Libby, Montana. The Libby residents have suffered asbestos exposure from both asbestos-contaminated Grace products and Grace mining/milling/processing operations. Grace encouraged employees and residents of the Libby area to use asbestos-containing vermiculite in their gardens and homes. Additionally, Grace's mining/milling/processing activities subjected Libby properties to asbestos contamination in the form of particulate fall-out and otherwise.

Relevant documents confirm the existence of asbestos-contaminated vermiculite on claimant's property and/or identify the hazardous propensities of asbestos-contaminated

RESPONSE TO DEBTORS' FIFTEENTH OMNIBUS OBJECTION
(SUBSTANTIVE) TO ASBESTOS PROPERTY DAMAGE CLAIMS - 6

vermiculite.  See the information previously provided as well as the Appendix attached to the response to Grace's present objections in Claim Number 00004712 (George James Bauer). While some of the documents reference asbestos insulation, others indicate the property's yard and flowerbeds contain asbestos contamination as well.  Some, if not all, of this asbestos contamination stems from asbestos product, consistent with the "Claim Category" identified in claimant's proof of claim form.  If the Court determines claimant has incorrectly classified the claim, claimant requests that the Court reclassify it accordingly.  Note that Grace has urged the same resolution.

Grace does not identify claimant's property as one of the purportedly remediated properties.  As that portion of the objection is inapplicable, it does not warrant a response.

Respectfully submitted this 21st day of October, 2005.

Lewis, Slovak & Kovacich, P.C.

By: _____

FOR Mark M. Kovacich
P.O. Box 2325
Great Falls, MT 59403
(Attorneys for Claimant)

## CERTIFICATE OF SERVICE

I hereby certify that a true and legible copy of the foregoing Response to Debtors' Fifteenth Omnibus Objection to Claims (Non-Substantive) was served on the 21st day of October, 2005, by Federal Express courier, upon the following:

/////

Co-Counsel for the Debtors:

Katherine Phillips
Kirkland & Ellis, LLP
200 East Randolph Drive
Chicago, IL 60601
fax 312-861-2200

David Carickhoff, Jr.
Pachulski, Stang, Ziehl, Young,
Jones & Weintraub, P.C.
919 North Market Street, Suite 1700
P. O. Box 8705
Wilmington, DE 19899-8705
fax 302-652-4400

Counsel to the Official Committee of Unsecured Creditors:

Lewis Kruger
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982
fax 212-806-6006

Michael R. Lastowski
Duane, Morris & Heckscher, LLP
1100 N. Market Street, Suite 1200
Wilmington, DE 19801-1246
fax 302-657-4901

Counsel to the Official Committee of Property Damage Claimants:

Scott L. Baena
Bilzin, Sumberg, Dunn, Baena,
Price & Axelrod
First Union Financial Center
200 Southy Biscayne Boulevard, Suite 2500
Miami, FL 33131
fax 305-374-7593

Michael B. Joseph
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P. O. Box 1351
Wilmington, DE 19899
fax 302-575-1714

Counsel to the Official Committee of Personal Injury Claimants:

Elihu Inselbuch
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022
fax 212-644-6755

Marla Eskin
Campbell & Levine, LLC
800 N. King Street, Suite 300
Wilmington, DE 19801
fax 302-426-9947

Counsel to the Official Committee of Equity Holders:

Thomas M. Mayer
Kramer, Levin, Naftalis & Frankel, LLP
919 Third Avenue
New York, NY 10022
fax 212-715-8000

Teresa K.D. Currier
Klett, Rooney, Lieber & Schorling
1000 West Street, Suite 1410
P. O. Box 1397
Wilmington, DE 19899-1397
fax 302-552-4220

/////

Counsel to the Future Claimants' Representative:

Richard W. Wyron
Swidler, Berlin, Shereff, Friedman LLP
3000 K Street, NW, Suite 300
Washington, DC 20007
fax 202-424-7643

John C. Phillips, Jr.
Phillips, Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, DE 19806
302-655-4210

Office of the United States Trustee:

Office of the United States Trustee
Attention: David Klauder
844 N. King Street
Wilmington, DE 19801
fax 302-573-6497

**COPY**

BD- 003416

☑ Soil samples collected (Date: 6-27-03 )

## LIBBY ASBESTOS PROJECT
### Contaminant Screening Study
### Primary Structure and Property Assessment Information Field Form (Primary IFF)

Field Logbook No.: 100235    Page No. 80    Site Visit Date: 6-27-03

Address: 1021 Main Ave.    Structure Description: House

Occupant: Barbara Nelson    Phone Number: 293-5735

Owner (if different than occupant): _____    Phone Number: _____

Business Name: _____

Sampling Team: Ben Shop - PWT, Rich Eustice - CDM

Field Form Check Completed by (100% of forms): Richie Eustice

Screening Field Check Completed by (2% of forms): _____

| Data Item | Value | Notes |
|---|---|---|
| **HOUSE ATTRIBUTES** | | |
| Property Description | (Residential) Industrial Commercial | |
| Surrounding Land Use | (Residential) Industrial Commercial   School   Mining   Other:_____ | |
| Year of Construction | 1950's   Unknown | |
| Square Footage | | |
| Construction Material | (Wood frame)   Masonry/Stone   Other:_____ | |
| Number of Floors Above Ground | (1) 2 3 Other: 1 | |
| Number of Rooms Per Floor Above Ground | 1: 5   2:____   3:____   Other:_____ | |
| Basement | (Yes)   No | partially finished |
| Heating Source | Wood/Coal   Electric   Propane/Gas   Other: Fuel oil | |
| Heat Distribution | Forced air (Radiant)   Other:_____ | |

CSS Primary Structure IFF_V6.wpd

CSS Primary Structure IFF (continued)

Address: _____1021 Main Ave._____    BD# _003416_

| Data Item | Value | Notes |
|---|---|---|
| **OCCUPANT INFORMATION** | | |
| Was the residence/building remodeled? | Yes    (No) | |
| | If yes,<br><br>When (years):    <2    2-5    >5<br><br>Where:    Attic    Living Areas    Garage<br><br>Basement<br><br>Other: _____ | |
| Has resident/business purchased any Libby vermiculite materials from W.R. Grace in the past? | (Yes)    No | |
| Has the property at this location been used for a for-profit enterprise of distributing, treating, storing, or disposing of Libby vermiculite? | Yes    (No) | |
| **CONTAMINANT SCREENING STUDY ASSESSMENT** | | |
| Occupant Information | | ☑Verbal Interview Complete: 6-27-03 |
| Is there any knowledge of former miners, close relatives of miners, or any highly exposed persons living or visiting the property? | (Yes)    No<br><br>Unknown | If unknown, why? |
| Is the resident, past or present, diagnosed with an asbestos-related disease? | (Yes)    No<br><br>Unknown | If unknown, why? |
| Indoor Information | | ☑Indoor Visual Inspection Complete: 6-27-03 |
| Does the interior have vermiculite attic insulation? | (Yes)    No<br><br>Unknown | If unknown, why? |
| Did the interior ever have vermiculite attic insulation?<br><br>NA applies if attic currently has VCI | Yes    No<br><br>Unknown    (NA) | If unknown, why? |
| Are there vermiculite additives in any of the building materials? | Yes    (No)<br><br>Unknown | If unknown, why?<br><br>Type and location of building material: |

**CSS Primary Structure IFF (continued)**

BO# __003416__

Address: __1021 Main Ave.__

| Data Item | Value | Notes |
|---|---|---|
| Location of indoor vermiculite (circle all that apply) | (Attic)   Walls   Crawl Space   None<br><br>Visual in Living Space: Basement, Ground Floor, Second Floor, (Attached Garage)<br><br>Other: _____ | If in living space, provide specific location: _2 bags (broken)_ _of zonalite in attic + used_ _as insulation in attic._ _- Trace of zonalite insulation on floor below attic opening (no cover)_ |

☑ Outdoor Visual Inspection Complete: __6-27-03__

| Outdoor Information | | |
|---|---|---|
| Location of outdoor vermiculite (circle all that apply) | Driveway   Flowerbed   Garden   (Yard)<br>(Former Flowerbed)   Former Garden<br><br>Stockpile   None<br><br>(Other) _Hedge row_ | _- Trace of small flakes in yard by SE part of house._ _- Very small popped L.V. flakes in former flowerbed area._ _- Trace of L.V. flakes in dirt under hedge row_ |

☑ Reconnaissance (Verbal Interview, Indoor, Outdoor Inspection)

Overall Assessment Complete: __6-27-03__

| | | |
|---|---|---|
| Are primary source materials present at the property? | (Yes)     No | |
| Where are primary source materials located? | Inside     Outside<br>(Both)     NA | NA applies if no primary source materials are located at the property. |

ADDITIONAL INFORMATION (Note any partial access or sample collection issues) _2 bags of Zonalite_
_in attic + insulated with zonalite over fiberglass. 1 bag is ripped open._
_Yard (back) and former flower bed contains trace amounts in small flakes_
_of L.V._

CSS Primary Structure IFF (continued)

BD# 003416

Address: 1021 Main Ave.

# FIELD DIAGRAM OF PROPERTY

Identify important features (i.e. drainage, trees, gardens, structures, flowerbeds, utility poles, known underground utilities, suspected Libby amphibole source areas, sample locations, etc). Include north arrow.



REGION 8
999 18TH STREET- SUITE 300
DENVER, CO  80202-2466
Phone 800-227-8917
http://www.epa.gov/region08

Ref: 8EPR-SR

RE: EPA Soil Sample Results and Information

Dear Libby Resident:

Over the past several years, EPA has performed a systematic inspection of nearly all residential and commercial properties in the Libby area. The purpose was to look for potential sources of Libby asbestos, such as vermiculite insulation, and to determine which properties required cleanup. As part of this effort, EPA collected soil samples from each property we inspected - over 16,000 soil samples from approximately 4,200 properties. This letter provides the results of your soil samples and some help in interpreting what they mean. If you are a renter of this property, please ensure that the property owner or landlord receives a copy of this letter. If you are a landlord, please ensure that your tenants receive a copy. Tenants have a right to know if there are adverse conditions present at their residence.

Before you review your results, it is important to understand some background about EPA's investigation and cleanup:

- **Soil samples are only one factor that EPA uses for determining whether a property requires cleanup.** Other conditions that may lead to cleanup include the presence of vermiculite attic insulation or high levels of Libby asbestos in interior dust samples. Also, the location of the contamination dictates the scope of the cleanup. Some properties may require only soil or only indoor cleanups, and some may require both.

- **This letter addresses only soil samples.** It does not include results of visual inspections or air or dust samples which may affect your property's status. These sample results will be sent separately.

- **Final "action levels" that will tell us exactly which properties will require cleanup have not yet been set.** By law, EPA must complete specific studies and publish a *Proposed Plan* for cleanup for public review and comment before making the final cleanup decisions. We expect the Proposed Plan to be available late this year. This will be followed by a *Record of Decision* that sets forth the final EPA plan for residential and commercial cleanup. At present, we have established preliminary criteria for determining which properties are "high priorities." We are currently cleaning up those high-priority properties and will, over time, work our way to other properties. Most owners of the high-priority properties have already received notification that their property needs cleanup. *After the Record of Decision is issued, EPA will provide you with your property's definitive cleanup status.*

- **Providing soil sample results to the community has been a lengthy process.** Prior to analyzing the soil samples, EPA had to develop and test a new sample analysis method specifically tailored for Libby. It took several years to refine and adequately test the method. The resulting method is better at detecting "low" levels of asbestos in soil than previous methods. EPA believes this is critical to ensure the samples provide the most accurate information. Also, asbestos analysis is time consuming. While the method was ready about a year ago, it took that long to prepare and analyze all 16,000+ samples. This is the soonest we could practically send out all the sample results.

We thank you for your continued patience as we work to get you all the information that is pertinent to your property. There are numerous documents that provide more detail, and we will do our best to provide clear information and answer your questions.

The Superfund process is complicated and can be confusing. Over the next year, EPA will provide a lot of information to residents through mailings, use of local media, and public meetings. However, if you have immediate questions, you can visit the EPA Information Center at 501 Mineral Avenue or call us at 293-6194. Again, thank you for your patience and support as we work to make Libby an even greater place to live.

Sincerely,

Jim Christiansen
EPA Project Manager

Attachments (sample results and explanation)

# UNDERSTANDING YOUR SAMPLE RESULTS
## Contaminant Screening Study – Soil Sample Results
## Libby Asbestos Site



## THE SAMPLE RESULTS SHEET

| Property where soil samples were collected *(If this is NOT your address, please call EPA (293-6194)* | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | **PLM** | |
| Sample ID | Sample Group | Location Description (Sublocation) | Matrix | Sample Date | Method | LA(%) |
| EPA's sample ID number for tracking purposes | | Where the sample was collected at this address | What type of sample was collected | When the sample was collected | Which method was used to analyze the sample | Results (reported as a percent of Libby asbestos [LA] In the soil) |

## EXPLANATION OF RESULTS CATEGORIES FOR LIBBY ASBESTOS

- **ND.** This stands for "non-detect," which means that no Libby asbestos was *detected* in the sample. A "non-detect" doesn't mean that those samples are completely free of any asbestos, only that analysts could not detect the fibers using state-of-the-art analysis.

- **TR.** This stands for "trace." This means that a *very small* amount of Libby asbestos was detected in the sample, but was too small for us to quantify. This means that the amount of Libby asbestos was probably less than about 0.2% of the total sample.

- **<1%.** This means that Libby asbestos was detected in the range of about 0.2% to 1% of the total sample. These are the *lowest levels* we can accurately quantify.

- **1% or other %.** This means that Libby asbestos was detected at relatively high levels.

# WHAT DO THE SOIL SAMPLE RESULTS MEAN TO YOU AND YOUR PROPERTY?



## HIGH PRIORITY PROPERTIES
### *At least one result is 1% or greater*

- You have areas with a high priority level of asbestos on your property.
- You have already been added to the cleanup list.
- You should avoid those areas of your property if you can and contact the EPA Information Center at
- 293-6194 to discuss your results in more detail.
- There are very few of these properties left – we've cleaned up most of them already.

**H
I
G
H**



## MEDIUM PRIORITY PROPERTIES
### *At least one result is <1% or TR,*
### *but NO results are 1% or greater*

- You have medium priority levels of Libby asbestos in some areas of your property.
- EPA considers your property to be a likely candidate for future soil cleanup (after the Record of Decision).
- Medium-priority areas of your property should be avoided, but the risk is considered smaller and a lower priority.

**M
E
D
I
U
M**



## LOW PRIORITY PROPERTIES
### *All Results are ND*

- It is unlikely, but not impossible, that a soil cleanup will be required at your property.

**L
O
W**

### The preliminary action level for high priority soil cleanup is 1%.

*These results refer only to Libby asbestos. Chrysotile asbestos, which is a VERY commonly seen component of building materials in homes nationwide, may also be present. For more information on chrysotile asbestos, please call the MT Department of Environmental Quality, Asbestos Control Program, 406-444-3490.*

# Property Sample Datasheet

Property: 1021 Main Ave

| Sample ID | Structure | Location | Matrix | Date | Analysis | Result | |
|---|---|---|---|---|---|---|---|
| CS-13222-C | Yard | Front, side yard | Surface soil | 6/27/2003 | PLM-Grav | ND | |
| CS-13222-FG1 | Yard | Front, side yard | Surface soil | 6/27/2003 | PLM-VE | ND | |
| CS-13223-FG1 | Yard | Back yard | Surface soil | 6/27/2003 | PLM-VE | TR | |
| CS-13224-C | Flowerbed | Back yard | Surface soil | 6/27/2003 | PLM-Grav | ND | |
| CS-13224-FG1 | Flowerbed | Back yard | Surface soil | 6/27/2003 | PLM-VE | TR | |
| CS-13225-C | Flowerbed | Back, side, front yard | Surface soil | 6/27/2003 | PLM-Grav | ND | |
| CS-13225-FG1 | Flowerbed | Back, side, front yard | Surface soil | 6/27/2003 | PLM-VE | TR | |