Tom L. Lewis
Mark M. Kovacich
Lewis, Slovak, & Kovacich, P.C.
P. O. Box 2325
Great Falls, MT  59403
(406) 761-5595

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------
In re:                                                    :     Chapter 11
                                                          :
W.R. GRACE & CO., et al                                   :     Case No. 01-01139 (JKF)
                                                          :     Jointly Administered
Debtors.                                                  :
                                                          :     Claim No. 00006093
---------------------------------------------------------

## RESPONSE TO DEBTORS' FIFTEENTH OMNIBUS
## OBJECTION (SUBSTANTIVE) TO ASBESTOS PROPERTY DAMAGE CLAIMS

On behalf of claimant, Celia Jane Kvapil (Claim No. 00006093), her attorneys, Tom L.

Lewis and Mark M. Kovacich of Lewis, Slovak & Kovacich, P.C., respond to Debtors' Fifteenth

Omnibus Objection (Substantive) to Asbestos Property Damage Claims as follows:

1.  Claimant can be contacted via her attorneys, Tom L. Lewis or Mark M. Kovacich, 725

Third Avenue North, Great Falls, Montana; telephone (406) 761-5595.

2.  Claimant's claim is with respect to asbestos contamination from a Grace product in or

on the property, to wit: asbestos-contaminated vermiculite from the W.R. Grace mine near Libby,

Montana and/or from the W.R. Grace mining activities in and around the Libby community.

Claimant's property is a residence located at 182 Farm to Market Road in Libby, Montana.

3.  Claimant's claim is based upon the findings of the U.S. Environmental Protection

Agency in its Administrative Record and supplement, test results, and other documentation, as

RESPONSE TO DEBTORS' FIFTEENTH OMNIBUS OBJECTION
(SUBSTANTIVE) TO ASBESTOS PROPERTY DAMAGE CLAIMS - 1

well as information obtained from other sources.

4. Claimant consented to the production and release of supporting documentation in the possession of the U.S. Environmental Protection Agency to Grace and Grace's representatives at the time of submission of her property damage proof of claim in March 2003.

5. Claimant provided the supporting documentation, available from the U.S. Environmental Protection Agency's Libby office, to Grace and Grace's representatives as an attachment to her Response to Debtors' Second Omnibus Objection to Claims (Non-Substantive), filed on August 8, 2003.

6. Attached is additional supporting documentation received by the Claimant from the U.S. Environmental Protection Agency's Libby office.

## Claimant's Responses to Debtors' Specific Objections

### C-1(d): Installation of Product, Knowledge of Asbestos in Product, Knowledge of Asbestos on Property, and/or Prior Asbestos-Related Lawsuits/Claims.

Grace indicates the claim form is deficient for failure to provide one or more pieces of information on a multitude of topics. Grace fails to identify with particularity which purported deficiency applies to claimant's claim. The burden of objection rests with Grace. Grace's generalized objection practice fails to sufficiently notify claimant of any respective objections. Further, Grace's objection presumes that written documentation exists. Claimant has made every effort to furnish all documentary information in claimant's possession to support the property damage claim. See the information previously provided as well as the Appendix for Claimants' Responses to Debtors' Fifteenth Omnibus Objection (Substantive) to Asbestos Property Damage Claims ("Appendix") attached to Response to Debtors' Fifteenth Omnibus Objection (Substantive) to Asbestos Property Damage Claims, Claim Number 00004712 (George James Bauer). Finally, the W.R. Grace & Co. Asbestos Property Damage Proof of Claim Form authorizes Grace, upon

reasonable request, to obtain copies of any supporting documents from parties in possession of the same. As applied to claimant, Grace has made no such request.

In her proof of claim form, claimant stated that she did not install the asbestos-containing vermiculite found on her property and does not have any documentation referencing the installation. Claimant has provided all relevant information in her possession regarding the asbestos-containing materials on the property.

**E-1: Sampling Reports**

Claimant has provided all documents in her possession furnished by the U.S. Environmental Protection Agency pertaining to claimant's property. These documents, as well as the information provided in the Appendix attached to the response to Grace's present objections in Claim Number 00004712 (George James Bauer), confirm the existence of asbestos-contaminated vermiculite on her property and/or identify the hazardous propensities of asbestos-contaminated vermiculite. Grace's objection references damages subject to personal injury actions. Claimant's claim does not implicate personal injury damages. While claimant disputes Grace's claim that she "has not established that any health hazard exists," claimant need not establish the existence of a "health hazard" to prevail on a property damage claim.

Whether the "mere presence" of asbestos-contaminated vermiculite gives rise to personal injury damages is of no consequence. The presence of asbestos-contaminated vermiculite and/or other asbestos-contaminated materials has resulted in property damages as previously articulated. The damages include, but are not limited to, loss of use of claimant's property, the cost of restoration, and loss of value. The Court should not dismiss such claims based on the existence or absence of air sampling tests.

**G-2: Categorizing Claims**

The proof of claim form was filled out to the best of claimant's ability. However, the "Claim

Category" request in the proof of claim form is largely ambiguous with respect to the claimants from Libby, Montana. The Libby residents have suffered asbestos exposure from both asbestos-contaminated Grace products and Grace mining/milling/processing operations. Grace encouraged employees and residents of the Libby area to use asbestos-containing vermiculite in their gardens and homes. Additionally, Grace's mining/milling/processing activities subjected Libby properties to asbestos contamination in the form of particulate fall-out and otherwise.

Relevant documents confirm the existence of asbestos-contaminated vermiculite on claimant's property and/or identify the hazardous propensities of asbestos-contaminated vermiculite. See the information previously provided as well as the Appendix attached to the response to Grace's present objections in Claim Number 00004712 (George James Bauer). Specifically, the documents indicate claimant's property has asbestos-contaminated materials in at least the garden. Some, if not all, of this asbestos contamination stems from asbestos product, consistent with the "Claim Category" identified in claimant's proof of claim form. If the Court determines claimant has incorrectly classified the claim, claimant requests that the Court reclassify it accordingly. Note that Grace has urged the same resolution.

Grace does not identify claimant's property as one of the purportedly remediated properties. As that portion of the objection is inapplicable, it does not warrant a response.

Respectfully submitted this _22nd_ day of October, 2005.

Lewis, Slovak & Kovacich, P.C.

By: _____

for Mark M. Kovacich
P.O. Box 2325
Great Falls, MT 59403
(Attorneys for Claimant)

RESPONSE TO DEBTORS' FIFTEENTH OMNIBUS OBJECTION
(SUBSTANTIVE) TO ASBESTOS PROPERTY DAMAGE CLAIMS - 4

## CERTIFICATE OF SERVICE

I hereby certify that a true and legible copy of the foregoing Response to Debtors' Fifteenth Omnibus Objection to Claims (Substantive) was served on the 22nd day of October, 2005, by Federal Express courier, upon the following:

Co-Counsel for the Debtors:

Katherine Phillips
Kirkland & Ellis, LLP
200 East Randolph Drive
Chicago, IL 60601
fax 312-861-2200

David Carickhoff, Jr.
Pachulski, Stang, Ziehl, Young,
Jones & Weintraub, P.C.
919 North Market Street, Suite 1700
P. O. Box 8705
Wilmington, DE 19899-8705
fax 302-652-4400

Counsel to the Official Committee of Unsecured Creditors:

Lewis Kruger
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982
fax 212-806-6006

Michael R. Lastowski
Duane, Morris & Heckscher, LLP
1100 N. Market Street, Suite 1200
Wilmington, DE 19801-1246
fax 302-657-4901

Counsel to the Official Committee of Property Damage Claimants:

Scott L. Baena
Bilzin, Sumberg, Dunn, Baena,
Price & Axelrod
First Union Financial Center
200 Southy Biscayne Boulevard, Suite 2500
Miami, FL 33131
fax 305-374-7593

Michael B. Joseph
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P. O. Box 1351
Wilmington, DE 19899
fax 302-575-1714

Counsel to the Official Committee of Personal Injury Claimants:

Elihu Inselbuch
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022
fax 212-644-6755

Marla Eskin
Campbell & Levine, LLC
800 N. King Street, Suite 300
Wilmington, DE 19801
fax 302-426-9947

/////

RESPONSE TO DEBTORS' FIFTEENTH OMNIBUS OBJECTION
(SUBSTANTIVE) TO ASBESTOS PROPERTY DAMAGE CLAIMS - 5

Counsel to the Official Committee of Equity Holders:

Thomas M. Mayer
Kramer, Levin, Naftalis & Frankel, LLP
919 Third Avenue
New York, NY 10022
fax 212-715-8000

Teresa K.D. Currier
Klett, Rooney, Lieber & Schorling
1000 West Street, Suite 1410
P. O. Box 1397
Wilmington, DE 19899-1397
fax 302-552-4220

Counsel to the Future Claimants' Representative:

Richard W. Wyron
Swidler, Berlin, Shereff, Friedman LLP
3000 K Street, NW, Suite 300
Washington, DC 20007
fax 202-424-7643

John C. Phillips, Jr.
Phillips, Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, DE 19806
302-655-4210

Office of the United States Trustee:

Office of the United States Trustee
Attention: David Klauder
844 N. King Street
Wilmington, DE 19801
fax 302-573-6497

_____

Soil-Like & Sediment

| Sample ID | Parent ID | Scenario | Property Group (Location) | Sample Group | Location Description (Sub Location) | Media Type | Matrix | Category | Sample Date | PLM | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | Method | LA Bin | LA (%) | C (%) |
| CS-14580-C | | N/A | 182 Farm to Market Rd | Yard | Front, side yard | Soil-Like | Surface soil | Field Sample | 7/25/2003 | PLM-Grav | A | ND | ND |
| CS-14580-FG | | N/A | 182 Farm to Market Rd | Yard | Front, side yard | Soil-Like | Surface soil | Field Sample | 7/25/2003 | PLM-VE | A | ND | ND |
| CS-14701-C | | N/A | 182 Farm to Market Rd | Yard | Back yard | Soil-Like | Surface soil | Field Sample | 7/25/2003 | PLM-Grav | A | ND | ND |
| CS-14701-FG | | N/A | 182 Farm to Market Rd | Yard | Back yard | Soil-Like | Surface soil | Field Sample | 7/25/2003 | PLM-VE | A | ND | ND |
| 4702-C | | N/A | 182 Farm to Market Rd | Flowerbed | Back, front yard | Soil-Like | Surface soil | Field Sample | 7/25/2003 | PLM-Grav | A | ND | ND |
| CS-14702-FG | | N/A | 182 Farm to Market Rd | Flowerbed | Back, front yard | Soil-Like | Surface soil | Field Sample | 7/25/2003 | PLM-VE | A | ND | ND |
| CS-14703-C | | N/A | 182 Farm to Market Rd | Garden | Back yard | Soil-Like | Surface soil | Field Sample | 7/25/2003 | PLM-Grav | A | ND | ND |
| CS-14703-FG | | N/A | 182 Farm to Market Rd | Garden | Back yard | Soil-Like | Surface soil | Field Sample | 7/25/2003 | PLM-VE | A | ND | ND |
| CS-14704-FG | cs-14703 | N/A | 182 Farm to Market Rd | Garden | Back yard | Soil-Like | Surface soil | Field Duplicate | 7/25/2003 | PLM-VE | A | ND | ND |

'Soil-LikeProperty Group Date values: = "182 Farm to Market Rd", = "10553 Highway 37 N"