**EXHIBIT B**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JJF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

## STIPULATION CONCERNING WITHDRAWAL OF OBJECTION AND CONSOLIDATION OF CLAIMS OF MACERICH FRESNO LIMITED PARTNERSHIP

This stipulation is entered into this 20th day of October, 2005, between W.R. Grace & Co. and its affiliates (collectively, the "Debtors") and Macerich Fresno Limited Partnership ("Claimant"). In consideration of the matters set forth herein and under the following terms and provisions, it is hereby stipulated and agreed between the Claimant and the Debtors as follows:

1. On April 22, 2002, this Court issued its Bar Date Order which established March 31, 2003 as the Bar Date for the filing of certain pre-petition (a) non-asbestos, (b) asbestos

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

property damage and (c) medical monitoring claims. A bar date has not been set at this time for asbestos personal injury claims and claims related to Zonolite Attic Insulation ("ZAI Claims").

2. On March 31, 2003, the Claimant filed a proof of claim against the Debtors on an asbestos property damage claim form, designated as claim no. 12758. Thereafter, on July 15, 2003, the Claimant supplemented its proof of claim with additional documentation and the Debtors' claims agent gave those supplemental documents a second claim number, claim number 15310. Claim 15310 is not a new or separate claim.

3. On September 1, 2005, the Debtors filed their Fourteenth Omnibus Objection to Claims (Non-Substantive) (the "14th Omnibus Objection") in which the Debtors sought to disallow and expunge claim 15310 as a late filed claim. Also on September 1, 2005, the Debtors filed their Fifteenth Omnibus Objection to Claims (Substantive) (the "15th Omnibus Objection") in which the Debtors sought to disallow and expunge claim 15310 on various grounds, including: (i) not filed on the correct claim form, as set forth in Exhibit A-3 to the 15th Omnibus Objection; (ii) missing basic information about the property at issue, as set forth in Exhibit C-1(c) to the 15th Omnibus Objection; and (iii) missing basic information about the Claimant's knowledge, as set forth in Exhibit C-1(d) to the 15th Omnibus Objection.

4. As a result of clarification from the Claimant with respect to claim 15310, the Debtors have agreed to withdraw the objection to Claim 15310 set forth in the 14th Omnibus Objection, and to withdraw the objections to Claim 15310 set forth in Exhibits A-3, C-1(c) and C-1(d) to the 15th Omnibus Objection. The parties have further agreed that claim 15310 should be consolidated with claim 12758 and claim number 15310 expunged. This withdrawal and consolidation, however, is without prejudice and the Debtors reserve their right to pursue the remaining objections to claims 12758 and 15310 set forth in their 15th Omnibus Objection as

one consolidated objection and upon any grounds in the future upon proper notice and consistent with applicable law.

5. The Debtors will include the withdrawal of Claim 15310 and reservation of rights outlined herein in the proposed order relating to the 14th Omnibus Objection presented to the Court at the October 24, 2005 hearing on the 14th Omnibus Objection.

6. Each party executing this Stipulation represents that such party has the full authority and legal power to do so. This Stipulation may be executed in counterparts and each such counterpart together with the others shall constitute one and the same instrument. The parties further agree that facsimile signatures hereon shall be deemed to be original signatures. This Stipulation shall be binding upon and inure to the benefit of each of the parties, and upon their respective assignees, successors and/or partners.

7. This Stipulation constitutes the complete expression of the agreement of the parties hereto concerning the subject matter hereof, and no modification of or amendment to this Stipulation shall be valid unless it is in writing and signed by the party or parties to be charged.

8. The Bankruptcy Court shall retain jurisdiction to enforce this Stipulation and all matters relating hereto.

9. The Debtors shall direct the Claims Agent, Rust Consulting, Inc., to mark the Claims Register to reflect that Claim 15310 is consolidated with Claim 12758 and Claim 15310 is expunged.

3

**STIPULATED AND AGREED:**

| | |
|---|---|
| **MACERICH FRESNO LIMITED PARTNERSHIP**<br><br>By: _/s/ Matthew Swain_<br>One of its attorneys<br><br>M. David Minnick<br>Gerald F. George<br>Mathew J. Swain<br>**PILLSBURY WINTHROP SHAW PITTMAN LLP**<br>50 Fremont Street<br>San Francisco, CA 94105<br>Telephone: (415) 983-1000<br>Facsimile: (415) 983-1200 | **W. R. GRACE & CO., et al.**<br><br>By: _/s/ Janet S. Baer_<br>One of their attorneys<br><br>**KIRKLAND & ELLIS LLP**<br>Michelle Browdy<br>Janet S. Baer<br>200 East Randolph Drive<br>Chicago, Illinois 60601-6636<br>Telephone: (312) 861-2000<br>Facsimile: (312) 861-2200.<br><br>-and-<br><br>**PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.**<br><br>Laura Davis Jones (Bar No. 2436)<br>James E. O'Neill (Bar No. 4042)<br>919 North Market Street, 16th Floor<br>P.O. Box 8705<br>Wilmington, DE 19899-8705 (Courier 19801)<br>Telephone: (302) 652-4100<br>Facsimile: (302) 652-4400<br><br>*Attorneys for Debtors*<br>*and Debtors-in Possession* |