**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| W.R. GRACE & CO., *et al.*, | ) Case No. 01-01139 (JKF) |
| Debtors. | ) (Jointly Administered) |
| | ) Re: Docket No. 9315 |
| | ) Response Deadline: October 24, 2005 at 4:00 p.m. |
| | ) Reply Deadline: October 31, 2005 |
| | ) Sur-Reply Deadline: November 4, 2005 at 4:00 p.m. |
| | ) Hearing Date: November 14, 2005 at 12:00 p.m. |

**RESPONSE OF ALLEGHENY CENTER ASSOCIATES
TO DEBTORS' FIFTEENTH OMNIBUS OBJECTION (SUBSTANTIVE)
TO ASBESTOS PROPERTY DAMAGE CLAIMS**

Allegheny Center Associates ("Allegheny") is (according to the Debtors' definitions) a Category I claimant holding Claim No. 9778, and submits this response to the Debtors' Fifteenth Omnibus Objection (Substantive) to Asbestos Property Damage Claims (the "Fifteenth Omnibus Objection").

In support of this Response, Allegheny respectfully represents as follows:

1. Allegheny timely submitted a proof of claim in these cases in 2003, which was subsequently assigned Claim No. 9778 by the Debtors.

2. Claim No. 9778 was the subject of the Debtors' Second Omnibus Objection to Claims (Non-Substantive) filed in July 2003 (the "Second Omnibus Objection"). In response to the Second Omnibus Objection, Allegheny and its counsel provided one of the Debtors' counsel (by e-mail) copies of a laboratory report and an e-mail which addressed the "no supporting documentation" basis for the Debtors' objection to Claim No. 9778. *See* Exhibit 1 attached hereto. So far as Allegheny and its counsel

1

are aware, the Second Omnibus Objection as it related to Claim No. 9778 was withdrawn by the Debtors in or about January 2004.

3.  The Fifteenth Omnibus Objection objects to Claim No. 9778 on six (6) different grounds:[1]

▶ C-2 objection – insufficient supporting documentation

▶ C-3(e) objection – no documentation supporting Grace product identification

▶ D-2 objection – claim barred by statute of limitations (constructive notice)

▶ D-4 objection - claim barred by statute of limitations (actual notice)

▶ D-6 objection – claim barred by laches

▶ E-1 objection – no documentation of relevant asbestos level(s)

4.  The Fifteenth Omnibus Objection appears to contemplate immediately addressing only the first two objections (*i.e.*, the C-2 and C-3(e) grounds) to challenge Claim No. 9778, with the remaining four being addressed at Phase I and/or Phase II hearings. Thus, the only matters at issue for the November 14, 2005 hearing on the Fifteenth Omnibus Objection appear to be the sufficiency of documentation submitted in support of Claim No. 9778.

5.  Pursuant to 11 U.S.C. § 502(a), a proof of claim is deemed to be allowed unless a party in interest objects. 11 U.S.C. §502(a). Thus, a proof of claim operates as *prima facie* evidence of such claim. See H.R. Rep. No. 95-595, 95th Cong., 1st Sess., at 352 (1977); S. Rep. No. 95-989, 95th Cong., 2nd Sess., at 62 (1978); *see also* Fed. R. Bankr. Proc. 3001(f).

---

[1] The grounds for the Objection are taken from those described in the Fifteenth Omnibus Objection.

6. The burden of proof for claims against a debtor rests on different parties at different stages of the proceedings. The claimant must initially allege facts sufficient to support its claim, but once this is done, the claim is *prima facie* valid. Claim No. 9778 satisfies the *prima facie* validity requirement, particularly in light of the additional documentation produced to the Debtors' counsel in 2003.

7. The burden of proof then shifts (in these cases) to the Debtors to produce sufficient evidence to negate the *prima facie* validity of Claim No. 9778 by refuting at least one of the essential allegations of the claim. Only after an objecting party produces evidence equal in probative force to the *prima facie* claim does the burden revert to the claimant to prove the validity of its claim by a preponderance of the evidence. *See* In re Allegheny Int'l, Inc., 954 F.2d 167, 173-74 (3rd Cir. 1992). *See also* Fullmer v. U.S. (In re Fullmer), 962 F.2d 1463, 1466 (10th Cir. 1992) ("A properly filed proof of claim is *prima facie* evidence of the validity and amount of the claim. This evidentiary presumption remains in force even though an objection to the claim is filed by a party in interest. To overcome this *prima facie* evidence, the objecting party must bring forward evidence equal in probative force to that underlying the proof of claim.") (citations omitted); In re Inter-Island Vessel Co., Inc., 98 B.R. 606, 608 (Bankr. D. Mass. 1988).

8. Here, the Debtors have not produced sufficient evidence to support their proposed treatment of Claim No. 9778, based upon an alleged deficiency in Allegheny's documentation. Unless the Debtors provides greater detail as to why Claim No. 9778 should be disallowed and/or expunged, the Debtors' objections on the first two grounds to Claim No. 9778 in the Fifteenth Omnibus Objection should be overruled.

9. In the alternative, the November 14, 2005 hearing should be set as a status conference. Counsel for the parties may be able to resolve any outstanding issues between the filing of this response and the first hearing on the Fifteenth Omnibus Objection. Setting the first hearing as a status conference will allow the parties to assess Claim No. 9778, reach agreement on those issues which may be resolved and those which cannot, determine whether any discovery may be necessary, and estimate how much of the Court's time will be needed (if any) to adjudicate first two grounds for the Debtors' objections to Claim No. 9778.

WHEREFORE, in light of the foregoing, Allegheny respectfully requests that the November 14, 2005 hearing serve as a status conference as to Claim No. 9778. In the alternative, and based upon the Debtors' apparent inability to refute the *prima facie* validity of Claim No. 9778, the Court should overrule the C-2 and C-3(e) objections to claim No. 9778, and grant Allegheny such other and further relief as may be appropriate under the circumstances.

DATED: October 24, 2005
        Los Angeles, California

Respectfully submitted,

By: _____
    Thomas J. Leanse
    Brian D. Huben
Attorneys for Allegheny Center Associates

Thomas J. Leanse (CA 84638)
Brian D. Huben (CA 134354)
**KATTEN MUCHIN ROSENMAN LLP**
2029 Century Park East · Suite 2600
Los Angeles, California 90067
310.788.4400 (telephone)
310.788.4471 (facsimile)