CENTURY CENTER I
2200 CENTURY PARKWAY
ATLANTA, GA 30345

# W.R. GRACE & CO.
# ASBESTOS PROPERTY DAMAGE
# PROOF OF CLAIM FORM

*The United States Bankruptcy Court for the District of Delaware*
*In re: W.R. Grace & Co., et al., Debtors, Case No. 01-01139 (JKF)*
*(Jointly Administered)*

## SUBMIT COMPLETED CLAIMS TO:

**Claims Processing Agent**
**Re: W.R. Grace & Co. Bankruptcy**
**PO Box 1620**
**Faribault, MN 55021-1620**

For a complete list of the Debtors in this case, please see "The Debtors" section of the
*General Instructions for Completing Proof of Claim Forms*. The Debtors in this case are
collectively referred to in this document as "Grace."

If you have a current claim against Grace for property damage allegedly resulting from asbestos from a
Grace product (other than Zonolite Attic Insulation), THIS ASBESTOS PROPERTY DAMAGE PROOF
OF CLAIM FORM MUST BE RECEIVED ON OR BEFORE 4:00 P.M., EASTERN TIME, ON MARCH 31,
2003, or you will be forever barred from asserting or receiving payment for your claim.

PremierView™ forms by NCS Pearson  MW239276-2   65432   Printed in U.S.A.

## INSTRUCTIONS FOR FILING THE W.R. GRACE & CO. ASBESTOS PROPERTY DAMAGE PROOF OF CLAIM FORM

## WHO SHOULD USE THIS ASBESTOS PROPERTY DAMAGE PROOF OF CLAIM FORM

1. This Asbestos Damage Proof of Claim Form (referred to in this document as the "Form") applies only to current claims made against Grace by or on behalf of parties who are alleging property damage with respect to asbestos in real property owned by the party (such person is referred to in this document as the "claiming party") from a Grace asbestos-containing product or as a result of one of Grace's vermiculite mining, milling, or processing facilities.

2. The Bar Date does not apply to Asbestos Personal Injury Claims, Settled Asbestos Claims or Zonolite Attic Insulation Claims. Those claims will be subject to a separate claim submission process and should not be filed at this time.

3. This form should not be used for *Medical Monitoring Claims* or *Non-Asbestos Claims*. Instead, separate specialized proof of claim forms for these claims should be completed.

4. If you are alleging current claims against Grace with respect to asbestos in more than one (1) real property, the claiming party should complete an Asbestos Property Damage Proof of Claim Form for each property. You may request additional forms by calling the Claims Processing Agent at 1-800-432-1909.

## GENERAL INSTRUCTIONS

1. This form must be signed by the claimant or authorized agent of the claimant. THIS FORM MUST BE RECEIVED ON OR BEFORE 4:00 PM EASTERN TIME ON MARCH 31, 2003, or you forever will be precluded from asserting your claim(s) against or receiving payment from Grace. Return your completed form to the Claims Processing Agent, Re: W.R. Grace & Co. Bankruptcy, P.O. Box 1620, Faribault, MN 55021-1620.
If you are returning this form by mail, allow sufficient time so that this form is received on or before March 31, 2003. Forms that are postmarked before March 31, 2003 but received after March 31, 2003 will not be accepted. Only original forms will be accepted for filing. Forms transmitted by facsimile will not be accepted for filing.

2. If you cannot fit all information in any particular section or page, please make a copy of that page before filling it out and attach as many additional pages as needed.

3. If you are unable to provide any of the information required by the proof of claim form, please so specify, as well as provide a short statement describing why such information is unavailable. If you are in the process of obtaining such information at the time you file your proof of claim, please so advise and indicate that the same shall be provided when obtained.

4. This form must be filled out completely using BLACK or BLUE ink or may be typewritten.
   • Please print clearly using capital letters only.          • Do not use a felt tip pen.
   • Skip a box between words.                                 • Do not bend or fold the pages of the form.
   • Do not write outside of the boxes or blocks.

5. Because this form will be read by a machine, please print characters using the examples below. For optimum accuracy, please print in capital letters and avoid contact with the edge of the character boxes.

6. Mark check boxes with an "X" (example at right).    ☒    NAME HERE

7. Be accurate and truthful. A *Proof of Claim Form* is an official court document that may be used as evidence in any legal proceeding regarding your claim. The penalty for presenting a fraudulent claim is a fine of up to $500,000 or imprisonment for up to five years or both. 18 U.S.C. §§ 152 & 3571.

8. Make a copy of your completed Form to keep for your records. Send only original Forms to the Claims Processing Agent at the following address: Claims Processing Agent, Re: W.R. Grace & Co. Bankruptcy
   PO Box 1620
   Faribault, MN 55021-1620.

9. You will receive written notification of the proof of claim number assigned to this claim once it has been processed.

## PART 1: CLAIMING PARTY INFORMATION

**NAME:**

T H E   P R U D E N T I A L   I N S U R A N C E   C O M P A N Y

*Name of individual claimant (first, middle and last name) or business claimant*

**SOCIAL SECURITY NUMBER (Individual Claimants):**     **F.E.I.N. (Business Claimants)**

*(last four digits of SSN)*     2 2 - 1 2 1 1 6 7 0

**Other names by which claiming party has been known (such as maiden name or married name):**

*First*     *MI*     *Last*

*First*     *MI*     *Last*

**GENDER:**   ☐ MALE     ☐ FEMALE   N/A     ■

**Mailing Address:**

7 5 1   B R O A D   S T R E E T   2 1 S T   F L O O R

*Street Address*

N E W A R K   *City*     N J *State (Province)*   0 7 1 0 2 *Zip Code (Postal Code)*

U S A   *Country*

## PART 2: ATTORNEY INFORMATION

**The claiming party's attorney, if any (You do not need an attorney to file this form):**

**Law Firm Name:**

R I K E R   D A N Z I G   S C H E R E R   H Y L A N D   &   P E R R E T T I   L L P

**Name of Attorney:**

R O B E R T   *First*     J *MI*   G I L S O N *Last*

**Mailing Address:**

H E A D Q U A R T E R S   P L A Z A   O N E   S P E E D W E L L   A V E N U E

*Street Address*

M O R R I S T O W N   *City*     N J *State (Province)*   0 7 9 6 2 *Zip Code (Postal Code)*

**Telephone:**

( 9 7 3 )   4 5 1 - 8 4 3 5   ■

*Area Code*

## PART 3: PROPERTY INFORMATION

### A. Real Property For Which A Claim Is Being Asserted

1. What is the address of the real property for which a claim is being asserted (referred to herein as "the property")?

`2 2 0 0` ` ` `C E N T U R Y` ` ` `P A R K W A Y`
*Street Address*

`A T L A N T A`   `G A`   `3 0 3 4 5`
*City*   *State (Province)*   *Zip Code (Postal Code)*

`U N I T E D  S T A T E S  O F  A M E R I C A`
*Country*

2. Are you completing an Asbestos Property Damage Proof of Claim Form for any other real property other than the one listed at "1" above?

☒ Yes    ☐ No

3. Do you currently own the property listed in Question 1, above?

☐ Yes    ☒ No

4. When did you purchase the property?    `0 2` – ` ` – `1 9 7 3`
   *Month*   *Day*   *Year*

5. What is the property used for (check all that apply)
   - ☐ Owner occupied residence
   - ☐ Residential rental
   - ☒ Commercial
   - ☐ Industrial    Specify: _____
   - ☐ Other    Specify: _____

6. How many floors does the property have?    `0 1 2`

7. What is the approximate square footage of the property?    `0 0 0 1 3 9 4 8 0`

8. When was the property built?
   - ☐ Before 1969
   - ☒ 1969 - 1973
   - ☐ After 1973

9. What is the structural support of the property?
   - ☒ Wood frame
   - ☒ Structural concrete
   - ☐ Brick
   - ☒ Steel beam/girder
   - ☐ Other    Specify: _____

10. Have you or has someone on your behalf completed any interior renovations on the property which affected any asbestos on the property?

☒ Yes    ☐ No

9276102                    1018575

239276-2-2/3

## A. Real Property For Which A Claim Is Being Asserted (continued)

If yes, please specify the dates and description of such renovations.

| | Description | See Addendum |
|---|---|---|

*Year*

| | Description | |
|---|---|---|

*Year*

| | Description | |
|---|---|---|

*Year*

11. To the best of your knowledge, have any other interior renovations been completed on the property during any other period of time which affected any asbestos on the property?

[X] Yes    [ ] No

If yes, please specify the dates and descriptions of such renovations.

| | Description | SEE ADDENDUM |
|---|---|---|

*Year*

| | Description | |
|---|---|---|

*Year*

| | Description | |
|---|---|---|

*Year*

## B. Claim Category

12. For which category are you making a claim on the property?

[X] Category 1:   Allegation with respect to asbestos from a Grace product in the property

[ ] Category 2:   Allegation with respect to one of Grace's vermiculite mining, milling or processing operations

- If you checked Category 1 in question 12, complete section C.
- If you checked Category 2 in question 12, complete section D.

## C. Category 1 Claim: Allegation With Respect To Asbestos From A Grace Product In The Property

13. For what alleged asbestos-containing product(s) are you making a claim?

[X] Monokote-3 fireproofing insulation

[ ] Other    Specify: _____

(For a list of the brand names under which Grace manufactured products that may have contained commercially added asbestos, see Exhibit 2 to the Claims Bar Date Notice provided with this Proof of Claim Form.)

14. When did you or someone on your behalf install the asbestos containing product(s) in the property?

| | | | |
|---|---|---|---|

*Year*    [X] I did not install the product(s)

15. If you or someone on your behalf did not install the asbestos containing product(s), to the best of your knowledge, when was/were the product(s) installed?

| 1 | 9 | 7 | 0 |
|---|---|---|---|

*Year*    [ ] Don't know.

16. Do you have documentation relating to the purchase and/or installation of the product in the property?

☒ Yes    ☐ No

If Yes, attach all such documents. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

17. If you do not have any such documents, explain why not and indicate who may have possession or control of such documents with respect to the property.

> SEE ADDENDUM

18. When did you first know of the presence of asbestos in the property of the Grace product for which you are making this claim?

| 1 | 9 | 8 | 6 |
Year

Please attach all documents relating or referring to the presence of asbestos in the property for which you are making this claim. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

19. How did you first learn of the presence of asbestos in the Grace product for which you are making this claim?

> SEE ADDENDUM

20. When did you first learn that the Grace product for which you are making this claim contained asbestos?

| 1 | 9 | 8 | 6 |
Year

21. How did you first learn that the Grace product for which you are making the claim contained asbestos?

> SEE ADDENDUM

22. Have you or someone on your behalf made an effort to remove, contain and/or abate the Grace product for which you are making this claim?

☒ Yes    ☐ No

If Yes, attach all documents relating or referring to such efforts. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

23. If you do not have any such documents, explain why not and indicate who may have possession and control of such documents with respect to the property.

> SEE ADDENDUM

24. If you or someone on your behalf did not make an effort to remove, contain and/or abate the Grace product(s) for which you are making a claim, to the best of your knowledge, did anyone else make such an effort?

☒ Yes    ☐ No

9276104    1018575

25. If you responded Yes to question 22. or 24. and you have not supplied documents, please specify the dates and descriptions of any such efforts.

| Year | Description | SEE ADDENDUM |
|------|-------------|--------------|
| Year | Description | |
| Year | Description | |

26. Have you or anyone on your behalf ever conducted any testing or sampling for the presence of asbestos or other particulates in the property?

[X] Yes     ☐ No     **If Yes, Attach All Documents Related To Any Testing Of The Property.**

27. If you responded Yes to question 26., but you have not provided documents, indicate who may have possession or control of such testing documents or where such documents may be located.

SEE ADDENDUM

28. If you or someone on your behalf did not conduct any testing or sampling for the presence of asbestos or other particulates on the property, to the best of your knowledge, did anyone else conduct such testing or sampling with respect to the property?

☐ Yes     ☐ No     SEE ADDENDUM

29. If you responded Yes to question 26. or 28. and you have not supplied related documents, please describe when and by whom and the type of testing and/or sampling (e.g. air, bulk and dust sampling).

| Year | Company/Individual | SEE ADDENDUM |
|------|-------------------|--------------|
| | Type of testing: | |
| Year | Company/Individual | |
| | Type of testing: | |
| Year | Company/Individual | |
| | Type of testing: | |

30. Has the Grace product or products for which you are making this claim ever been modified and/or disturbed?

[X] Yes     ☐ No

31. If yes, specify when and in what manner the Grace product or products was modified and/or disturbed?

| Year | Description | SEE ADDENDUM |
|------|-------------|--------------|
| Year | Description | |
| Year | Description | |

**D. Category 2 Claim: Allegation With Respect To One of Grace's Vermiculite Mining, Milling Or Processing Operations**

32. What is the business address or location of the Grace operation which has led to your claim?

*Business Name*

*Street Address*

*City*                                                                    *State*       *Zip Code*
                                                                       *(Province)*  *(Postal Code)*

*Country*

33. If your claim relates to a personal residence, does (or did) anyone living in the household work for Grace?

☐ Yes       ☐ No

34. If yes, specify the following for each such individual:

| Name of Individual Working at Grace Operation | Name of Individual Working at Grace Operation |
|---|---|
| **Date of Birth** | **Date of Birth** |
| *Month   Day   Year* | *Month   Day   Year* |
| **Occupation(s) of Individual** | **Occupation(s) of Individual** |
| **Dates Worked at Operation** | **Dates Worked at Operation** |
| From:        To: | From:        To: |
| *Year        Year* | *Year        Year* |
| **Name of Individual Working at Grace Operation** | **Name of Individual Working at Grace Operation** |
| **Date of Birth** | **Date of Birth** |
| *Month   Day   Year* | *Month   Day   Year* |
| **Occupation(s) of Individual** | **Occupation(s) of Individual** |
| **Dates Worked at Operation** | **Dates Worked at Operation** |
| From:        To: | From:        To: |
| *Year        Year* | *Year        Year* |

35. When did you first know of the presence of asbestos on your property?

*Year*

36. How did you first learn of the presence of asbestos on your property?

Attach all documents relating or referring to the presence of asbestos on the property. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession or control of the document.

If you provide a summary of the documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

37. If you do not have any documents relating or referring to the presence of asbestos on the property, explain why not and indicate who may have possession or control of any such documents with respect to the property.

38. Have you or anyone on your behalf made an effort to remove, contain and/or abate the asbestos on your property?

☐ Yes        ☐ No

If Yes, attach all documents relating or referring to such efforts. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession or control of the document.

If you provide a summary of the documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

39. If you do not have any documents relating or referring to the removal, containment and/or abatement of the asbestos on your property, explain why not and indicate who may have possession and control of such documents with respect to the property.

40. If you or someone on your behalf did not make an effort to remove, contain and/or abate the asbestos on your property, to the best of your knowledge, did anyone else make such an effort?

☐ Yes        ☐ No

9276107

1018575

41. If you responded Yes to question 38. or question 40. and you have not supplied related documents, please specify the dates and descriptions of any such efforts.

| | Description | |
|---|---|---|
Year

| | Description | |
|---|---|---|
Year

| | Description | |
|---|---|---|
Year

42. Have you or anyone on your behalf conducted any other testing or sampling for the presence of asbestos on your property?

☐ Yes      ☐ No

If Yes, attach all documents relating or referring to such efforts. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession or control of the document.

If you provide a summary of the documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

43. If you do not have any documents relating or referring to any other such testing or sampling for the presence of asbestos on your property, explain why not and indicate who may have possession or control of such documents with respect to the property.

44. If you or someone on your behalf did not conduct any other testing or sampling for the presence of asbestos on your property, to the best of your knowledge, did anyone else conduct such testing or sampling?

☐ Yes      ☐ No

45. If you responded Yes to question 42. or question 44. and you have not supplied related documents, please specify the dates and descriptions of any such efforts.

| | Description | |
|---|---|---|
Year

| | Description | |
|---|---|---|
Year

| | Description | |
|---|---|---|
Year

46. Were you aware of the presence of asbestos on your property when you purchased your property?

☐ Yes      ☐ No

47. If you have sold the property, were you aware of the presence of asbestos on your property when you sold your property?

☐ Yes      ☐ No      ☐ Not Applicable, have not sold the property

9276108                                          1018575

## PART 4: ASBESTOS LITIGATION AND CLAIMS

### A. INTRODUCTION

1. Has any asbestos-related property damage lawsuit or claim been filed against Grace on behalf of this claiming party relating to the property for which you are making this claim?

☐ No

☒ Yes – lawsuit

☐ Yes – non-lawsuit claim (other than a workers' compensation claim)

2. Has any asbestos-related property damage lawsuit or claim been filed against any other party on behalf of this claiming party relating to the property for which you are making this claim?

☒ No      SEE ADDENDUM

☐ Yes – lawsuit

☐ Yes – non-lawsuit claim (other than a workers' compensation claim)

*If an asbestos-related property damage lawsuit has been filed by or on behalf of this claiming party relating to the property for which you are making a claim, complete Section B. below.*

*If an asbestos-related property damage non-lawsuit claim has been made by or on behalf of this claiming party relating to the property for which you are making a claim, complete Section C. on the following page.*

### B. LAWSUITS

1. Please provide the following information about each asbestos-related property damage lawsuit which has been filed relating to the property for which you are making this claim or attach a copy of the face page of each complaint filed.

a. Caption      SEE ADDENDUM

b. Court where suit **originally filed:**    *County/State*    Docket No.:

c. Date filed:   *Month* – *Day* – *Year*

a. Caption

b. Court where suit **originally filed:**    *County/State*    Docket No.:

c. Date filed:   *Month* – *Day* – *Year*

a. Caption

b. Court where suit **originally filed:**    *County/State*    Docket No.:

c. Date filed:   *Month* – *Day* – *Year*

(Attach additional pages if necessary.)

## C. NON-LAWSUIT CLAIMS

1. If the claiming party has made any claims relating to the property for which you are making a claim (including administrative claims) against anyone, that was not filed with a court of law, please provide the following information for each claim:

   a. Description of claim:

   b. Date submitted: ☐☐ - ☐☐ - ☐☐☐☐
      *Month    Day    Year*

   c. Name of entity to whom claim was submitted:
      ☐ Grace
      ☐ Other
         *Name of Entity*

---

   a. Description of claim:

   b. Date submitted: ☐☐ - ☐☐ - ☐☐☐☐
      *Month    Day    Year*

   c. Name of entity to whom claim was submitted:
      ☐ Grace
      ☐ Other
         *Name of Entity*

---

   a. Description of claim:

   b. Date submitted: ☐☐ - ☐☐ - ☐☐☐☐
      *Month    Day    Year*

   c. Name of entity to whom claim was submitted:
      ☐ Grace
      ☐ Other
         *Name of Entity*

## PART 5: SIGNATURE PAGE

All claims must be signed by the claiming party.

I have reviewed the information submitted on this proof of claim form and all documents submitted in support of my claim. I declare, under penalty of perjury,* that the above statements are true, correct, and not misleading.

CONSENT TO RELEASE OF RECORDS AND INFORMATION: To the extent that I have produced a summary rather than the documents themselves as requested above or indicated who has possession and control of certain documents, I hereby authorize and request that all other parties with custody of any documents or information concerning my property damage or the information contained in this Form, upon the reasonable request of Grace or Grace's representative, with a copy to the claiming party, disclose any and all records to Grace or to Grace's representative.

*Ramsay Zurrin, VP-Corporate Counsel*          07 - 24 - 2003
SIGNATURE OF CLAIMANT                            *Month   Day   Year*

*The penalty for presenting a fraudulent claim is a fine up to $500,000.00 or imprisonment up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

9276110

1018575

Copyright © 2002 NCS Pearson, Inc. All rights reserved.

RIKER, DANZIG, SCHERER, HYLAND & PERRETTI LLP,
Headquarters Plaza
One Speedwell Avenue
Morristown, New Jersey 07962-1981
(973) 538-0800
Robert J. Gilson (RG 6618)

Attorneys for The Prudential Insurance Company of America

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **In re:** | Chapter 11 |
| **W.R. GRACE & CO., et al.,** | Case No. 01-01139 (JKF) (Jointly Administered) |
| **Debtors.** | |

## ADDENDUM TO PROOF OF CLAIM OF PRUDENTIAL INSURANCE COMPANY OF AMERICA FOR:

## CENTURY CENTER I
## 2200 CENTURY PARKWAY
## ATLANTA, GEORGIA 30345

## VOLUME I OF II

RIKER, DANZIG, SCHERER, HYLAND & PERRETTI LLP,
Headquarters Plaza
One Speedwell Avenue
Morristown, New Jersey 07962-1981
(973) 538-0800
Robert J. Gilson (RG 6618)

Attorneys for The Prudential Insurance Company of America

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **In re:** | Chapter 11 |
| **W.R. GRACE & CO., et al.,** | Case No. 01-01139 (JKF)<br>(Jointly Administered) |
| **Debtors.** | **ADDENDUM TO PROOF OF CLAIM OF PRUDENTIAL INSURANCE COMPANY OF AMERICA FOR: 2200 CENTURY PARKWAY (ATLANTA, GEORGIA)** |

## A. CREDITOR INFORMATION

1.     The Prudential Insurance Company of America for itself and various of its

subsidiaries and affiliates (collectively "Prudential"), submits this addendum to its

proof of claim with respect to its Asbestos Property Damage Claims against the

Debtors, pursuant to their voluntary petition for reorganization under Chapter 11 of

Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

2.     This addendum relates to the following property:

        Century Center I
        2200 Century Parkway
        Atlanta, GA  30345

Prudential is concurrently filing proofs of claims for Asbestos Property Damage for

seven other properties.

3.    Notices to Prudential should be addressed as follows:

   Robert J. Gilson, Esq.
   Riker, Danzig, Scherer, Hyland & Perretti LLP
   Headquarters Plaza
   One Speedwell Avenue
   Morristown, New Jersey 07962-1981

         and

   W.H. Ramsay Lewis, Esq.
   The Prudential Insurance Company of America
   751 Broad Street, 21st Floor
   Newark, New Jersey 07102

## B. SUPPLEMENTAL RESPONSES

1.    The following answers supplement those given on the W.R. Grace & Co.

Asbestos Property Damage Proof of Claim Form ("Proof of Claim Form"):

### PART 3: PROPERTY INFORMATION

**Response to Question No. 10**

   Interior renovations which may have affected asbestos on the property

include, but are not limited to, limited abatements performed in Suite 30 on the Ground

Floor and the Ground Floor Chiller Room in 1987, and in Suite 750 in 1988.

   In addition, this building was the subject of a previous litigation entitled

The Prudential Insurance Company of America, et al. v. United States Gypsum

Company, et al., as set forth in Part 4 of the Proof of Claim Form. Extensive discovery

was conducted in this case. Prudential produced documents relating to its efforts to

abate asbestos and all other renovations on the property to W.R. Grace and its counsel,

Anthony J. Marchetta, Esq. of the Morristown, New Jersey law firm of Pitney, Hardin,

Kipp and Szuch LLP. Therefore, W.R. Grace, or its counsel, is already in possession of

any other documents which may be further responsive to this request. In the event that W.R. Grace is unable to obtain such responsive documentation previously produced to its counsel, to the extent the documents are in Prudential's possession, they will be made available upon reasonable request.

See also Responses to Question Nos. 22, 25, and 31.

**Response to Question No. 11**

See Responses to Question Nos. 31, 22, 25 and 10.

**Response to Question No. 16**

*Documents relating to the purchase and/or installation of the product in the property include, but are not limited to, the documents attached hereto as Exhibit A.*

*In addition, this building was the subject of a previous litigation entitled* The Prudential Insurance Company of America, et al. v. United States Gypsum Company, et al., *as set forth in Part 4 of the Proof of Claim Form, in which extensive* discovery was conducted. Prudential produced documents relating to the purchase and/or installation of the product in the property to W.R. Grace and its counsel, Anthony J. Marchetta, Esq. of the Morristown, New Jersey law firm of Pitney, Hardin, Kipp and Szuch LLP. Therefore, W.R. Grace, or its counsel, is already in possession of any other documents which may be further responsive to this request. In the event that W.R. Grace is unable to obtain such responsive documentation previously produced to its counsel, to the extent the documents are in Prudential's possession, they will be made available upon reasonable request.

**Response to Question No. 17**

See Response to Question No. 16.

**Responses to Question Nos. 18, 19, 20 and 21**

Prudential first became aware of the presence in the property of asbestos-containing fireproofing in approximately April 1986. At that time, it received the results of an asbestos survey report prepared by BCM Converse, Inc. Prudential first learned that the asbestos-containing fireproofing in the property was a Grace product in approximately 1990, when it received the results of constituent analysis performed by Materials Analytical Services, and when it conducted an independent investigation to identify the manufacturer of the asbestos-containing fireproofing found in the property.

Documents responsive to Question Nos. 18, 19, 20 and 21 include, but are not limited to, the documents attached hereto as Exhibit B.

**Response to Question Nos. 22, 23 and 25**

The documents relating to abatement efforts with respect to this building are too voluminous to provide with this Proof of Claim. Instead, Prudential is attaching as Exhibit C the report of Halliwell Engineering Associates ("Halliwell Report"), which summarizes the abatement efforts in the building and provides the dates such work was performed, as well as a summary of the documents which form the basis of the Halliwell Report.

In addition, this building was the subject of a previous litigation entitled The Prudential Insurance Company of America, et al. v. United States Gypsum Company, et al., as set forth in Part 4 of the Proof of Claim Form, in which extensive

discovery was conducted. Prudential produced documents relating to its efforts to abate asbestos on the property to W.R. Grace and its counsel, Anthony J. Marchetta, Esq. of the Morristown, New Jersey law firm of Pitney, Hardin, Kipp and Szuch LLP. Therefore, W.R. Grace, or its counsel, is already in possession of any other documents which may be further responsive to this request. In the event that W.R. Grace is unable to obtain such responsive documentation previously produced to its counsel, to the extent the documents are in Prudential's possession, they will be made available upon reasonable request.

See also Responses to Question Nos. 10, 25 and 31.

**Response to Question Nos. 26, 27, 28 and 29**

Documents relating to the testing of materials on the property include, but are not limited to, the constituent analysis performed by Materials Analytical Services, a report on representative sampling of the asbestos-containing fireproofing, a dust sampling report, and a report of William M. Ewing relating to asbestos testing. These documents, along with other testing documents responsive to Question No. 26, are attached hereto as Exhibit D.

In addition, this building was the subject of a previous litigation entitled The Prudential Insurance Company of America, et al. v. United States Gypsum Company, et al., as set forth in Part 4 of the Proof of Claim Form, in which extensive discovery was conducted. To the extent that they exist, Prudential produced other documents relating to sampling/testing (i.e. air, dust or bulk sampling) on the property to W.R. Grace and its counsel, Anthony J. Marchetta, Esq. of the Morristown, New Jersey law firm of Pitney, Hardin, Kipp and Szuch LLP. Therefore, W.R. Grace, or its

counsel, is already in possession of any other documents which may be further responsive to this request. In the event that W.R. Grace is unable to obtain such responsive documentation previously produced to its counsel, to the extent the documents are in Prudential's possession, they will be made available upon reasonable request.

**Response to Question No. 31**

Evidence pertaining to disturbance or modification of asbestos-containing materials in the property include the abatement efforts and renovations as set forth in the Responses to Question Nos. 10, 22, 23 and 25.

In addition, this building was the subject of a previous litigation entitled The Prudential Insurance Company of America, et al. v. United States Gypsum Company, et al., as set forth in Part 4 of the Proof of Claim Form, in which extensive discovery was conducted. Prudential produced documents relating to any disturbance or modification of asbestos-containing materials on the property to W.R. Grace and its counsel, Anthony J. Marchetta, Esq. of the Morristown, New Jersey law firm of Pitney, Hardin, Kipp and Szuch LLP. Therefore, W.R. Grace, or its counsel, is already in possession of any other documents which may be further responsive to this request. In the event that W.R. Grace is unable to obtain such responsive documentation previously produced to its counsel, to the extent the documents are in Prudential's possession, they will be made available upon reasonable request.

## PART 4: ASBESTOS LITIGATION AND CLAIMS

### Response to Questions A.2 and B.1

This building was the subject of previous litigation, captioned: The Prudential Insurance Company of America, et al. v. United States Gypsum Co.; W.R.Grace & Co.; The Celotex Corporation; United States Mineral Products Co.; Keene Corporation; Asbestospray Corporation, Civil Action No. 87-4277 and The Prudential Insurance Company of America, et al. v. National Gypsum Company, Civil Action No. 87-4328. These cases were filed in the United States District Court for the District of New Jersey.

The Complaint in The Prudential Insurance Company of America, et al. v. United States Gypsum Co., et al. was filed on October 20, 1987. The Complaint in The Prudential Insurance Company of America v. National Gypsum was filed on October 21, 1987. These actions were consolidated on October 17, 1988. On April 13, 1989, Prudential filed its First Amended Complaint and Jury Demand in the consolidated litigation. Copies of the First Amended Complaint, and the face pages of the two earlier Complaints, are attached hereto as Exhibit E.

No lawsuit other than what is set forth above has been brought, but that litigation did include claims of joint and several liability. During the pendency of the above identified action all of the defendants filed for bankruptcy or dissolution. While there are claims pending in several bankruptcy proceedings and there is also a pending appeal, the claim related to the property that is the subject of this Proof of Claim is only being pursued against W.R. Grace & Co.

## C. MISCELLANEOUS PROVISIONS

1.    <u>No Waiver of Security or Rights:</u>  In executing and filing this proof of claim, Prudential does not waive any right to security held by it or for its benefit or any other right or rights that Prudential has or may have against Debtors or any other person or persons.

2.    <u>Right to Amend Reserved:</u>  Prudential expressly reserves the right to amend or supplement this proof of claim (including, but not limited to, for purposes of asserting a claim for rejection damages, administrative priority, fixing the amount of damages, fees, costs and expenses referred to herein) at any time and in any respect.

3.    <u>Jurisdiction Only Over Claim:</u>  In filing the within claim, Prudential does not submit itself to the jurisdiction of the Court for any other purpose other than with respect to such claim.

4.    <u>Additional Claims:</u>  This proof of claim is made without prejudice to the filing by Prudential of additional proofs of claim with respect to any other indebtedness or liability of Debtors to Prudential.

3255165.01



ZB-9 (60M-6/69) EPC

INVOICE

W. R. GRACE & CO.

# ZONOLITE



CONSTRUCTION PRODUCTS DIVISION
P.O. BOX 7093    CHICAGO, ILLINOIS 60680

**115907**

| INVOICE DATE | INVOICE NO. | LOCATION | PLANT | DIST. | TERRITORY | OUR ORDER NO. | CUST. ORDER NO. AND DATE |
|---|---|---|---|---|---|---|---|
| 12/11/70 | 10-281 | 2-010-121 | 611 | 611 | 112 | | VERBAL |

| SHIPPED VIA | | CUST. NO. | SHIPPED FROM | CAR NO. | BILL OF LADING NO. | CHECKED |
|---|---|---|---|---|---|---|
| ZONOLITE TRUCK | | 20823 | ATLANTA | | 12-77 | |

S OLD TO
**CHARLES B. NEAL PLASTERING CO.**
**2068 CASTLE WAY LANE N.E.**
**ATLANTA, GA. 30329**

S HIP TO
**CENTURY CENTER BLDG.**
**ATLANTA, GA.**

| QUANTITY ORDERED | QUANTITY SHIPPED | DESCRIPTION | UNIT PRICE | AMOUNT |
|---|---|---|---|---|
| 700 | 700 | 50# BAGS ZONOLITE MK (41-06-01-1-19) | 2.30 | $ 1610.00 |
| | | PLUS 3% SALES TAX | | 48.30 |
| | | | | $ 1658.30 |

☒ ; XX 31.40H DISCOUNT ALLOWED IF PAID BY **12/31/70**
☐ NO CASH DISCOUNT - NET 30 DAYS

**PLEASE MAKE ALL REMITTANCES PAYABLE TO CONSTRUCTION PRODUCTS DIVISION, W. R. GRACE & CO.**

SALES ANALYSIS

**WRG № 14595**

ENTERED

*384*

on
THE DOCKET
on _3-26_ 19_96_
WILLIAM T. WALSH, CLERK
By _____
(Deputy Clerk)

FILED

MAR 2 ᵤ 1996

AT 8:30 ................... M
WILLIAM T. WALSH
CLERK

RIKER, DANZIG, SCHERER, HYLAND & PERRETTI
Headquarters Plaza
One Speedwell Avenue
Morristown, New Jersey   07962-1981
(201) 538-0800

FEDERAL BAR NO. EZ-3452

Attorneys for Plaintiffs,
The Prudential Insurance Company
   of America, et al.

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, et al., | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY |
| Plaintiffs, | CIVIL ACTION |
| vs. | No. 87-4227 (HAA) No. 87-4238 (HAA) |
| UNITED STATES GYPSUM COMPANY, et al., | ORDER ESTABLISHING A FINAL PRETRIAL SCHEDULE |
| Defendants. | |

The parties, through their respective counsel, having

appeared before the Court in connection with a pending motion

brought by plaintiffs for a separate trial on nine representative

buildings and for a status conference; and the parties and the

Court having discussed the status of this matter; and for good

cause shown:

IT IS on the _22_ day of _March_, 1996,

ORDERED THAT:

1.   Plaintiffs' claims which have been brought or which could be brought in the future against defendants W.R. Grace & Company, United States Gypsum Company, United States Mineral Products Company and Asbestospray Corporation (collectively the "Active Defendants") in this action regarding asbestos-containing materials alleged to be present in the fifteen (15) properties listed below be and hereby are dismissed without cost to any party and with prejudice upon the conditions that such dismissal is without prejudice to any claim related to the properties identified in paragraph 3 of this Order or relating to any persons or entities not currently named as defendants in this matter:

1.   Beverly Hills Hilton
     9876 Wilshire Blvd.
     Beverly Hills, CA 90209

2.   Bunker Hill Towers
     Condominiums
     800 West 1st Street
     Los Angeles, CA 90012

3.   Bunker Hill Towers
     222 S. Figueroa
     Los Angeles, CA 90012

4.   Emigrant Savings Bank
     6 East 43rd Street
     New York, NY

5.   Executive Plaza
     4615-35 Southwest Freeway
     Houston, TX 77027

6.   Houston Natural Gas
     Building
     1200 Travis Street
     Houston, TX 77002

7.   Hyatt Regency
     623 Union Street
     Nashville, TN 37219

8.   Lockheed Building
     645 Almanor Avenue
     Sunnyvale, CA 94086

9.   Midland Center
     134 Robert S. Kerr Ave.
     Oklahoma City, OK 73102

10.  Park Towers
     1233 & 1333 West
     Loop South
     Houston, TX 77207

-2-

11. Prudential Center
    Chicago
    One Prudential Plaza
    Chicago, IL 60601

12. Turtle Bay Hilton
    and Country Club
    Rural Oahu
    Kahuku, Hawaii 96731

13  Valley Bank Center
    201 North Central Avenue
    Phoenix, AZ

14. Westroads Shopping
    Center
    102 Dodge Street
    Omaha, NE

15. 200 Market Street Bldg.
    200 Market Street
    Portland, OR

     2.    Plaintiffs' claims which have been brought in this action regarding asbestos-containing materials alleged to be present in the five (5) properties listed below are hereby stayed as to this litigation and shall be pursued only through the bankruptcy proceedings of defendants National Gypsum Company, In re National Gypsum Co., No. 390-37213-5AF-11 (Bankr. N.D. Tex. filed Oct. 28, 1990), Celotex Corporation, In re The Celotex Corp., Nos. 90-1001G-8B1 and 90-10017-8B1 (Banker. M.D. Fla. filed Oct. 12, 1990), and Keene Corporation In re Keene Corp., No. 93B46090 (SMB) (Bankr. S.D.N.Y. filed on Dec. 3, 1993), (collectively referred to as "Bankruptcy Proceedings") or any future proceedings or actions allowed by the Bankruptcy Proceedings:

1.  Colony Square
    100 Colony Square, NE
    Atlanta, GA 30361

2.  Comerica Building
    151 South Rose St.
    Kalamazoo, MI 49007

3.  Merabank & Trader Buildings
    3003 North Central Ave.
    Phoenix, AZ

4.  Todd Towers
    888 North Sepulveda
    El Segundo, CA 90245

5.  241 Building
    Abbot Road
    East Lansing, MI 48823

-3-

3.   The claims which remain against the Active Defendants involve claims relating to asbestos-containing materials alleged to be present in the eighteen (18) properties listed below:

1. Brookhollow I
   2800 North Loop West
   Houston, TX 77092

2. Century Center Complex
   2200 & 2600 Century
   Parkway
   Atlanta, GA 30345

3. Chatham Center
   5th Avenue
   Crosstown Expressway
   Pittsburgh, PA
   and
   Hyatt Pittsburgh
   112 Washington Street
   Pittsburgh, PA

4. Embarcadero Center I
   One Embarcadero Center
   San Francisco, CA 94100

5. Embarcadero Center II
   Two Embarcadero Center
   San Francisco, CA 94100

6. First Florida Tower
   111 Madison Street
   Tampa, FL 33602

7. Five Penn Center
   16th & Market Street
   Philadelphia, PA 19000

8. Hunt Valley Marriott
   I-83 at Shawn Road
   Hunt Valley, MD

9. Northland Towers Office
   Center
   Northland Dr. & Greenfield Rd.
   Southfield, MI

10. Northwest Financial
    Center
    7900 Xerxes Ave. South
    Bloomington, MN 55431

11. Prudential Plaza
    Denver
    1050 17th Street
    Denver, CO

12. Prudential Plaza Bldg.
    (Newark)
    745 Broad Street
    Newark, NJ 07101

13. Renaissance Tower
    1201 Elm Street
    Dallas TX 75270

14. Short Hills Office
    Building
    51 John F. Kennedy Parkway
    Short Hills, NJ 07078

15. Southdale Office
    Complex
    5600 France Avenue
    Edina, MN

16. Twin Towers/Gaslight
    Tower
    235 Peachtree Street, NE
    Atlanta, GA 30303

17. 130 John Street Bldg.
    130 John Street
    New York, NY

-4-

18. 1100 Milam Bldg.
    1100 Milam
    Houston, TX 77002

4.  A.  For purposes of this case only, defendant W.R. Grace hereby waives its right to contest the issue of product identification related to the following properties, but does not waive and reserves the right to contest the quantity of product in each property:

-Century Center Complex          -Renaissance Tower
 2200 & 2600 Century Parkway      1201 Elm Street
 Atlanta, GA 30345                Dallas, TX 75270

-Embarcadero Center I            -Embarcadero Center II
 One Embarcadero Center           Two Embarcadero Center
 San Francisco, CA 94100          San Francisco, CA 94100

B.  For purposes of this case only, and in consideration of plaintiffs' dismissal of their claims against United States Gypsum regarding asbestos-containing materials alleged to be present in the Hyatt Regency, Nashville, TN, Bunker Hill Towers, Los Angeles, CA, Emigrant Savings Bank, New York, NY, and Prudential Center, Chicago, IL., defendant United States Gypsum hereby waives and gives up its right to contest the issue of product identification related to the following properties, with, where applicable, the limitations noted in parentheses, but does not waive and reserves its right to contest the quantity of product in each property:

-Chatham Center                  -Five Penn Center
 5th Avenue                       16th & Market Street
 Crosstown Expressway             Philadelphia, PA 19000
 Pittsburgh, PA
        and

-5-

Hyatt Pittsburgh
112 Washington Street
Pittsburgh, PA
**(As to Floors 1 through
7 Only)**

-Twin Towers/Gaslight
 Tower
235 Peachtree Street, NE
Atlanta, GA 30303
**(As to Gaslight Tower Only)**

-Prudential Plaza Bldg.
 (Newark)
751 Broad Street
Newark, NJ 07101
**(As to Mall Only)**

     5.   All remaining discovery in this action shall be completed as follows:

**BUILDING-SPECIFIC DISCOVERY**

     A.   All building-specific discovery has been completed on the following properties, except as noted in Orders entered by the Court in February or March 1996 regarding motions to compel further discovery:

        Embarcadero Center I,
        Embarcadero Center II,
        Brookhollow I,
        Five Penn Center,
        Chatham Center/Hyatt Pittsburgh,
        Prudential Plaza, Newark,
        130 John Street,
        Hunt Valley Marriott, and
        Short Hills Office Building

     B.   All building-specific discovery on the following properties:

        Renaissance Tower
        Century Center
        First Florida Tower
        Northland Towers
        Southdale Office Complex
        Twin Towers
        Northwest Financial Center
        Prudential Plaza, Denver
        1100 Milam

-6-

shall be completed as follows:

(i)     Defendants shall be permitted to
        serve    twenty-five    (25)
        interrogatories,   without   sub-
        parts, regarding each of the above
        buildings on or before March 30,
        1996,  except  for  Renaissance
        Tower, regarding which no further
        interrogatories will be permitted.

(ii)    Plaintiffs shall serve objections
        (for which no answers will be
        subsequently  provided)   to  the
        building-specific interrogatories
        fifteen (15) days after receipt of
        the interrogatories and plaintiffs
        shall  serve  answers  forty-five
        (45) days after receipt of the
        interrogatories.

(iii)   Defendants shall be permitted to
        conduct  a  physical  inspection,
        including air and dust sampling,
        of  the  above  buildings  on  or
        before July 30, 1996, pursuant to
        a schedule to be worked out by
        counsel.

(iv)    Documents regarding each of the
        above  buildings  shall  be  made
        available   to   defendants   at
        locations for each building to be
        designated  by  plaintiffs  and
        defendants shall complete their
        review of documents and designate
        documents  to  be  copied  on  or
        before April 30, 1996.

(v)     Within  five  (5)  days  of  the
        completion of defendants' document
        review  at  a  building,  the
        documents designated for copying
        by  defendant  shall  be  made
        available to a mutually selected
        copying  company.   The  copying
        company shall mark the documents
        with   PIS   numbering   to   be
        identified by plaintiffs and shall
        produce  identical  sets  of  the
        documents  to  plaintiffs  and
        defendants,   with   each   party

-7-

bearing half of the copying costs. Plaintiffs reserve their right to identify inadvertently produced privileged documents by supplying a privileged log thirty (30) days after receipt of the copies of the documents by defendants and plaintiffs.

(vi)    Defendant W.R. Grace shall be permitted to take a total of eighty-five (85) depositions and defendant U.S. Gypsum shall be permitted to take a total of fifteen (15) depositions of fact witnesses regarding the above buildings, including Rule 30(b)(6) witnesses. No other depositions will be permitted except by written consent of counsel for plaintiff or by leave of Court for extraordinary circumstances and for good cause shown. The defendants shall identify the witnesses to plaintiff as soon as reasonably possible but no later than June 15, 1996, subject to the disclosure of additional witnesses at depositions taking place after June 15, 1996. As to depositions conducted after September 15, 1996, no informal requests for additional documents at or in connection with depositions will be allowed. All depositions must be completed on or before October 30, 1996, and there will be no extensions.

(vii)   Plaintiffs shall be permitted to take a total of fifteen (15) depositions of fact witnesses regarding the above buildings. No other depositions will be permitted except by written consent of counsel for defendant or by leave of Court for extraordinary circumstances and for good cause shown. The depositions must be completed on or before October 30, 1996, and there will be no extensions.

-8-

## GENERAL LIABILITY DISCOVERY

C.   Defendants, jointly, shall be permitted to take a total of eighty (80) additional depositions of fact witnesses, including Rule 30(b)(6) witnesses, regarding general liability issues (even if such issues relate to buildings currently or formerly at issue in the litigation), and plaintiffs shall be permitted to take a total of eighty (80) additional depositions of fact witnesses, including Rule 30(b)(6) witnesses, regarding general liability issues.   The parties will be permitted to serve additional third-party document subpoenas which do not involve a deposition.   No other depositions will be permitted except by written consent of counsel or by leave of Court for extraordinary circumstances and for good cause shown.   All such fact witnesses shall be identified as soon as reasonably possible but no later than July 30, 1996, subject to the disclosure of additional witnesses at depositions taking place after July 30, 1996.   As to depositions conducted after September 15, 1996, no informal requests for additional documents at or in connection

-9-

with depositions will be allowed.     All
depositions shall be completed on or before
October 30, 1996, and there will be no
extensions.

**EXPERT DISCOVERY**

D.   On or before August 1, 1996, plaintiffs
shall identify all proposed experts. Unless
agreed to in writing by the relevant parties
(which has already been done regarding
medical experts), written expert reports
(prepared in accordance with Rule 26) shall
also be served on or before August 1, 1996.

E.   On or before September 1, 1996, defendants
shall identify all proposed experts. Unless
agreed to in writing by the relevant parties
(which has already been done regarding
medical experts), written expert reports
(prepared in accordance with Rule 26) shall
also be served on or before September 1,
1996.

F.   On or before October 1, 1996, plaintiffs
shall have the right to serve expert
rebuttal reports as long as those reports
are prepared by an expert identified on or
before August 1, 1996.

-10-

G.    All   depositions   of   experts   shall   be
conducted and completed between September 1,
1996 and October 31, 1996.

6.    All new dispositive motions or new motions for
partial summary judgment must be filed and served on or before
October 1, 1996.   The Court and the parties shall establish a
briefing and hearing schedule after the motions, if any, are
filed and served with the goal of having the motions determined
so the case is ready for trial by December 1996.

7.    The Court shall endeavor to conduct monthly status
conferences to assist the parties to resolve any issues which may
arise under the terms of this Order.

8.    A final Pretrial Order shall be jointly submitted
by the parties to the Court on November 29, 1996.

9.    A final Pretrial Conference shall be held on
December 2, 1996.  At that conference, the final Pretrial Order
will be entered and a date for a comprehensive trial addressing
all issues (including liability and damages) relating to all
properties identified in paragraph 3 of this Order shall be set
as soon thereafter as the schedule for the Court permits.

10.  There will be no extensions in the schedule
established by this Order, except for the most extraordinary
circumstances and for good cause shown upon written application
and with an opportunity for a hearing.

11.   Based on the provisions in this Order, plaintiffs
voluntarily  withdraw  without  prejudice  their  motion  for  a
separate trial on nine representative buildings.

CONSENTED TO AS TO PARAGRAPHS 1 THROUGH 4 ONLY:

Edward A. Zunz, Jr., Esq.
Riker, Danzig, Scherer, Hyland
  & Perretti
One Speedwell Avenue
Morristown NJ 07962
Attorneys for Plaintiffs
  The Prudential Insurance
    Company of America, et. al.

Anthony J. Marchetta, Esq.
Pitney, Hardin, Kipp
  & Szuch
P.O. Box 1945
Morristown NJ 07962-1945
Attorneys for Defendant
  W.R. Grace & Co.

_____

_____

Kell M. Damsgaard, Esq.
Morgan, Lewis & Bockius
2000 One Logan Square
Philadelphia PA 19103
Attorneys for Defendant
  United States Gypsum Company

Gregory Wright, Esq.
Stich, Angell, Kreidler,
  Brownson & Ballou
The Crossings, Suite 120
250 Second Avenue South
Minneapolis MN 55401-2122
Attorneys for Defendant
Asbestospray Corporation

_____

_____

Paul Slater, Esq.
Danaher, Tedford, Lagnese
  & Neal
20 Exchange Place
New York, NY 10005
Attorneys for Defendant
  United States Mineral Products

_____

F:\SSDATA\RGI\PLD\2012371.1

-13-

CONSENTED TO AS TO PARAGRAPHS 1 THROUGH 4 ONLY:

Edward A. Zunz, Jr., Esq.
Riker, Danzig, Scherer, Hyland
  & Perretti
One Speedwell Avenue
Morristown NJ 07962
Attorneys for Plaintiffs
  The Prudential Insurance
    Company of America, et. al.

Anthony J. Marchetta, Esq.
Pitney, Hardin, Kipp
  & Szuch
P.O. Box 1945
Morristown NJ 07962-1945
Attorneys for Defendant
  W.R. Grace & Co.

Kell M. Damsgaard, Esq.
Morgan, Lewis & Bockius
2000 One Logan Square
Philadelphia PA 19103
Attorneys for Defendant
  United States Gypsum Company

Gregory Wright, Esq.
Stich, Angell, Kreidler,
  Brownson & Ballou
The Crossings, Suite 120
250 Second Avenue South
Minneapolis MN 55401-2123
Attorneys for Defendant
Asbestospray Corporation

Gregory Wright

Paul Slater, Esq.
Danaher, Tedford, Lagnese
  & Neal
20 Exchange Place
New York NY 10005
Attorneys for Defendant
  United States Mineral Products

F:\SRDATA\RGI\PLD\2012371.1

-12-

; 3-10-80 ; 2:36PM ;RIKER, DANZIG, SCHERER~   68107   ;#15/15

**CONSENTED TO AS TO PARAGRAPHS 1 THROUGH 4 ONLY:**

Edward A. Zunz, Jr., Esq.
Riker, Danzig, Scherer, Hyland
   & Perretti
One Speedwell Avenue
Morristown NJ 07962
Attorneys for Plaintiffs
   The Prudential Insurance
      Company of America, et. al.

Anthony J. Marchetta, Esq.
Pitney, Hardin, Kipp
   & Szuch
P.O. Box 1945
Morristown NJ 07962-1945
Attorneys for Defendant
   W.R. Grace & Co.

Kell M. Damsgaard, Esq.
Morgan, Lewis & Bockius
2000 One Logan Square
Philadelphia PA 19103
Attorneys for Defendant
   United States Gypsum Company

Gregory Wright, Esq.
Stich, Angell, Kreidler,
   Brownson & Ballou
The Crossings, Suite 120
250 Second Avenue South
Minneapolis MN 55401-2122
Attorneys for Defendant
   Asbestospray Corporation

Paul Slater, Esq.
Danaher, Tedford, Lagnese
   & Neal
20 Exchange Place
New York NY 10005
Attorneys for Defendant
   United States Mineral Products

F:\SEDATA\031\PLS\20123771.1

-12-

CONSENTED TO AS TO PARAGRAPHS 1 THROUGH 4 ONLY:

Edward A. Zunz, Jr., Esq.
Riker, Danzig, Scherer, Hyland
& Perretti
One Speedwell Avenue
Morristown NJ 07962
Attorneys for Plaintiffs
The Prudential Insurance
Company of America, et. al.

_(signature)_

Kell M. Damsgaard, Esq.
Morgan, Lewis & Bockius
2000 One Logan Square
Philadelphia PA 19103
Attorneys for Defendant
United States Gypsum Company

Paul Slater, Esq.
Danaher, Tedford, Lagnese
& Neal
20 Exchange Place
New York NY 10005
Attorneys for Defendant
United States Mineral Products

Anthony J. Marchetta, Esq.
Pitney, Hardin, Kipp
& Szuch
P.O. Box 1945
Morristown NJ 07962-1945
Attorneys for Defendant
W.R. Grace & Co.

_(signature)_ Anthony J. Marchetta

Gregory Wright, Esq.
Stich, Angell, Kreidler,
Brownson & Ballou
The Crossings, Suite 120
250 Second Avenue South
Minneapolis MN 55401-2122
Attorneys for Defendant
Asbestospray Corporation

F:\SIGDATA\851\PLD\2012371.1

-13-

SENT BY:RIKER, DANZIG,        : 3-15-96 ; 3:02PM ;RIKER, DANZIG, SCHERER→        2122692976;#15/15

**CONSENTED TO AS TO PARAGRAPHS 1 THROUGH 4 ONLY:**

Edward A. Zunz, Jr., Esq.
Riker, Danzig, Scherer, Hyland
    & Perretti
One Speedwell Avenue
Morristown NJ 07962
Attorneys for Plaintiffs
    The Prudential Insurance
        Company of America, et. al.

Anthony J. Marchetta, Esq.
Pitney, Hardin, Kipp
    & Szuch
P.O. Box 1945
Morristown NJ 07962-1945
Attorneys for Defendant
    W.R. Grace & Co.

Kell M. Damsgaard, Esq.
Morgan, Lewis & Bockius
2000 One Logan Square
Philadelphia PA 19103
Attorneys for Defendant
    United States Gypsum Company

Gregory Wright, Esq.
Stich, Angell, Kreidler,
    Brownson & Ballou
The Crossings, Suite 120
250 Second Avenue South
Minneapolis MN 55401-2122
Attorneys for Defendant
Asbestospray Corporation

Paul Slater, Esq.
Danaher, Tedford, Lagnese
    & Neal
20 Exchange Place
New York NY 10005
Attorneys for Defendant
    United States Mineral Products

F:\SSDATA\MGI\PLD\2012371.1

–12–

JOB MEETING

CENTURY CENTER - BUILDING ONE

DATE :    December 3, 1970

TIME :    9:00 a.m.

PLACE:    Century Center Building One Job Site

ATTENDING:    Neal and Company ----- Charles Neal

Mallory and Evans ----- Frank Babbit

Exposaic Industries ----- Paul Seanor, Vernon Sanders

Inglett & Stubbs ----- Bob Duval

McKenney's, Inc. ----- Don Eddleman

Walls, Incorporated ---- Bob Pickle, Tom Dunohoo

Westinghouse ----- Wes Stroup

Holder Construction Company ----- Ken Drinkwalter
                                  Joe B. Hutchison, Jr.

Commercial & Industrial Property Company ----- None

Neuhaus and Taylor ----- Richard Floyd, Joe Page

AGENDA

A.    Schedule

The progress to date was reviewed with the following comments:

1.    As originally specified in the progress schedule dated
      November 18, 1970, the slab on grade is scheduled for
      completion by December 8.

2.    The penthouse slabs and curbs have been poured with the
      remainder of the penthouse to be complete by December 18.

3.    Spray on Fireproofing - The perimeter structural beams need
      to be fireproofed well ahead of precast erection.   The structural
      framing in the core areas (beams, columns and windbracing) needs
      to be fireproofed well ahead of the drywall installation.   It
      was discussed with Charles Neal that effective Friday, December 4
      a second fireproofing spray rig will be placed on the job and
      that his fireproofing crews will work one rig on the perimeter
      structural steel and one rig in the interior cores Saturday and
      Sunday December 5 and 6 and December 12 and 13.

4.  Precast panels - Presently the precast panel erection is behind
    schedule, but it was indicated by Exposaic Industries that the
    contract schedule completion date of January 8 will be complied
    with in the following manner:  One erecting crew and crane will
    erect the panels from the ground floor through the parapet on the
    west side and on completion move to the north side to complete
    precast erection from the 6th floor thru the parapet.  A second
    erecting crew and crane will complete the south side through the
    6th floor at which time they will shift erection to the east side
    and erect from the ground floor thru the parapet.  Upon completion
    this erecting crew and crane will move back to the south side and
    complete precast erection from the sixth floor through the parapet.
    It was pointed out that caulking and cleaning must begin by
    December 14, 1970, to be completed by no later than January 29.

5.  Roof deck fill is complete; roofing is scheduled to begin
    December 14, 1970.

6.  Core Drywalls - Erection of core drywall partitions began November
    25 with scheduled completion February 5, 1971.  It was indicated
    by Walls, Incorporated that the planned approach for erection of
    core partitions is to enclose the elevator shafts throughout the
    building in order to allow easier installation of both elevator
    shaft drywall partitions and elevator rails.  Walls, Incorporated
    indicated that in order to expedite the erection of the elevator
    shaft partitions, it was necessary that the spray fireproofing
    operation be expedited (refer to spray fireproofing for method
    of expediting).  It was also indicated by Walls, Incorporated,
    that approval on type tenant partitions be expedited in order
    that all floors be stocked with material.  This approval comes
    from Mr. Don Carll, the owner's representative with Commercial &
    Industrial Properties.

7.  Ceramic Tile - This item is scheduled for installation to begin
    by December 28.  However, Mr. Richard Floyd, the architect's
    representative, indicated there is a possible change in color
    selection.  He also indicated that if there is a color change,
    it will be forwarded to Holder Construction Company immediately.

8.  Heating, ventilating and air conditioning - Currently the
    installation of duct and mechanical equipment is on schedule. It
    was expressed by Mr. Frank Babbit with Mallory and Evans, the
    mechanical contractor, and Mr. Joe Page, the on-site architect's
    representative, the duct presently installed should be protected
    from spray fireproofing entering the duct openings.

9.  Electrical - At the present time, installation of electrical
    conduit and bus duct is on schedule; at the present time, the
    scheduled completion date for both initial tenant occupancy and
    contract completion should be complied with.  Presently, the
    electrical light fixtures for tenant spaces are in the city and
    will be transported to the job as soon as final approval data
    from Inglett and Stubbs is transmitted to Holder Construction
    Company.  It was indicated by Mr. Bob Duval with Inglett and
    Stubbs that this would be done immediately.  Bus duct needs
    protection from spray fireproofing.

10. Plumbing - At the presnet time, installation of piping, drains, etc., is on schedule. Mr. Don Eddleman, the representative from McKenney's, Inc., indicated that the hot water system has been revised to include hot water heaters on both the ground floor and penthouse level with a chiller located on the fifth floor. This is in accordance with a conversation between McKenney's and the mechanical engineer. Drawings indicating this situation were hand delivered to Mr. Richard Floyd to expedite approval; the same drawings will be formally transmitted in triplicate to Neuhaus and Taylor for formal approval.

B. Delivery of Material

At the present time, all major materials are on the job with the exception of the elevator rails and brackets, elevator controls, motors, cabs and door frames.

The elevator rails and brackets according to Mr. Wes Stroup, the representative from Westinghouse, have been shipped and are due on the job site no later than Monday, December 7. The elevator doors and frames are due on the job by no later than December 10 with all remaining equipment as specified above due on the job by December 20. It was requested that when all items are shipped, the related shipping numbers and delivery information be forwarded to Holder Construction Company.

C. Clean Up

It has been indicated by the owner's representative, Mr. Don Carll, that the general cleanliness of the project is well below a satisfactory condition. Excessive amounts of waste fireproofing material are located on floors presently being worked on. Excessive amount of debris from all trades are located on most of the floors. These present an unsightly condition as well as one which could eventually become hazardous. It was pointed out to all subs that clean up behind their operations must be complied with in order to obtain satisfactory cleanliness for the project. A trash chute is presently being installed, and it is imperative that all subs clean up their debris at least twice a week. If clean up operations do not proceed to the satisfaction of the owner and Holder Construction Company, all subs will be notified of deficient areas of cleanliness and if action is not taken to rectify these deficiencies, clean up will be performed by Holder Construction Company and back charges for this clean up will be in order to the appropriate subcontractor.

D. Payment Request

Although, it was not discussed at this meeting, it must again be understood that in order for Holder Construction Company to submit its payment request to the owner by the 30th of each month, it is mandatory that all subs have their requests in writing in our field office by no later than the 25th of the month. Once more, if the

25th falls on a Saturday or Sunday, payment requests are due in the Friday before.  Payment request breakdowns are required for all stored materials ( list the materials and the total dollar amount for all material stored).  The payment request should include the total contract amount to date, total amount of work in place to date, retainage, the total billed to date, the total amount of the current request.

F.  Change Request

In submitting change requests refer to the item of change indicated on the change request from Holder Construction Company; include in any change request or change proposal a unit cost breakdown of items covered.

G.  Item of Change

The following item of changes were brought out by the architect's representative, Mr. Richard Floyd, to be incomplete.

IOC #

2       Revisions to entrance # 5 - At the present time no information is available from the architect on this change.

3.      Addition of ash trays at elevators - A price has been received by Holder Construction Company effective December 2.  This price will be forwarded immediately to the architect.

4       Addition of the mail depository - At the present time no information from the architect has been received on this item of change.

5       Revise telephone ducts - A request for a price revision was sent to Inglett & Stubbs on November 10, 1970.  At the present time, no information has been received from them.

9       Revision of the hot water system - As mentioned earlier in these job minutes, drawings reflecting this change have been hand delivered to Dick Floyd with formal submittals following by no later than December 7.

13      Revision of telephone equipment room.  At the present time no information has been received from the architect on this item.

15      Revise the light fixture lense - At the present time, no infor- mation has been received from the architect on this item of change.

21      Addition of ladder at the elevator pit.  A price request for this item of change will be forwarded to the architect by December 4, 1970.

22    Change the toilet partitions from floor mounted to ceiling hung.
A price request for this item of change will be forwarded to
the architect by December 8, 1970

These minutes prepared and submitted by                      

Joe B. Hutchison, Jr.
Project Manager



ATTACHMENT I


ASBESTOS SURVEY REPORT


FOR


PRUDENTIAL INSURANCE COMPANY

CENTURY CENTER COMPLEX


BCM PROJECT NO. 05-4151-06

APRIL 28, 1986


BCM CONVERSE INC.
108 ST. ANTHONY STREET
MOBILE, ALABAMA 36602

© 1986 BCM CONVERSE INC.


C-2

July 18, 1986

PIS 00006657

Building 2200

## VISUAL OBSERVATION

Friable fireproofing was observed on structural steel throughout the
building (Floors 1 through 10 and basement).  A transite cooling
tower was observed on the roof.  Pipe lagging and pipe elbows,
possibly containing asbestos, were observed in the mechanical rooms
on all floors.

## BULK SAMPLING RESULTS

| SAMPLE NO. | LOCATION | RESULTS |
|---|---|---|
| 01 | 4th Floor Ceiling Tile | 0% |
| 02 | 4th Floor - Fireproofing | 20% |
| 03 | 7th Floor Mech Room Pipe Elbow Tape | 10% |
| 04 | 7th Floor - Fireproofing | 20% |
| 05 | Basement - Elbows on Chillers | 50% |
| 06 | 10th Floor - Fireproofing | 6% |
| 07 | 10th Floor - Fireproofing | 5% |
| 08 | 10th Floor - Fireproofing | 7% |
| 09 | 10th Floor - Elbows in Mech Room - on Hot Water Heater | 10% |
| 10 | 9th Floor - Ceiling Tile | 0% |
| 11 | 9th Floor - Fireproofing | 8% |
| 12 | 9th Floor - Fireproofing | 8% |
| 13 | 9th Floor - Fireproofing | 7% |
| 14 | 8th Floor - Fireproofing | 9% |
| 15 | 8th Floor - Fireproofing | 7% |

C-3

July 18, 1986

BUILDING 2200
(continued)

BULK SAMPLING RESULTS

| SAMPLE NO. | LOCATION | RESULTS |
|---|---|---|
| 16 | 8th Floor - Fireproofing | 7% |
| 17 | 7th Floor - Fireproofing | 6% |
| 18 | 7th Floor - Fireproofing | 8% |
| 19 | 7th Floor - Fireproofing | 10% |
| 20 | 7th Floor Mech Room Pipe Elbows - Tape | 40% |
| 21 | 6th Floor - Fireproofing | 6% |
| 22 | 6th Floor - Fireproofing | 9% |
| 23 | 6th Floor - Fireproofing | 7% |
| 24 | 5th Floor - Fireproofing | 8% |
| 25 | 5th Floor - Fireproofing | 15% |
| 26 | 5th Floor - Fireproofing | 8% |
| 27 | 5th Mech Room Pipe Elbow - Tape | 50% |
| 28 | 4th Floor - Floor Tile | 0% |
| 29 | 4th Floor - Fireproofing | 10% |
| 30 | 4th Floor - Fireproofing | 7% |
| 31 | 3rd Floor - Fireproofing | 6% |
| 32 | 3rd Floor - Fireproofing | 6% |
| 33 | 3rd Floor - Fireproofing | 8% |
| 34 | 2nd Floor - Fireproofing | 10% |
| 35 | 2nd Floor - Fireproofing | 8% |
| 36 | 2nd Floor - Fireproofing | 8% |
| 37 | 1st Floor - Fireproofing | 7% |
| 38 | 1st Floor - Fireproofing | 8% |
| 39 | 1st Floor - Fireproofing | 8% |

July 18, 1986

PIS 00006659

## BUILDING 2200
(continued)

### BULK SAMPLING RESULTS

| SAMPLE NO. | LOCATION | RESULTS |
|---|---|---|
| 40 | Basement – Fireproofing | 6% |
| 41 | Basement – Fireproofing | 6% |
| 42 | Basement – Fireproofing | 9% |
| 43 | Basement – Elbows in Chiller Rm – Water Supply Line | 10% |
| 44 | Basement – Elbows in Heater Tank Rm | 2% |

### LOCATION OF ASBESTOS MATERIAL

Asbestos materials were confirmed within the following areas of Building 2200:

| AREA | TYPE | LOCATION |
|---|---|---|
| Basement, Floors 1-10 | Fireproofing | Throughout Floor |
| Mechanical Rooms | Pipe Elbows | Piping |
| Roof Level | Transite Panels | Cooling Tower |

C-5

July 18, 1986

PIS 00006660

Building 1800

## VISUAL OBSERVATION

Friable fireproofing was observed on structural steel throughout the
building (Floors 1 through 18). Because a previous bulk sample
analysis (performed by others and verbally reported to BCM) indicated
a negative report, only confirmation bulk sampling was performed. A
transite cooling tower was observed at ground level of the building.

## BULK SAMPLING RESULTS

| SAMPLE NO. | LOCATION | RESULTS |
|---|---|---|
| 01 | Elevator – Penthouse – Fireproofing | 0% |
| 02 | Elevator – Penthouse – Fireproofing | 0% |
| 03 | 18th Floor – Fireproofing | 0% |
| 04 | 15th Floor – Fireproofing – Conference Rm Suite 1500 | 0% |
| 05 | 15th Floor – Fireproofing – Mech Room | 0% |
| 06 | 10th Floor – Fireproofing – Center Core | 0% |
| 07 | 10th Floor – Fireproofing – South East Corner | 0% |
| 08 | 7th floor – Fireproofing – Mech Room | 0% |
| 09 | Basement – Chillers Elbows | 0% |
| 10 | Basement – Chillers Elbows | 0% |

## LOCATION OF ASBESTOS MATERIAL

Asbestos materials are present within the transite cooling tower of
Building 1800.

C-6

July 18, 1986

Building 2600

## VISUAL OBSERVATION

Friable fireproofing was observed on structural steel throughout the building (Floors 1 through 4 ) and basement.  Other materials observed include a transite cooling tower at ground level and insulated pipe elbows in the chiller building area.

## BULK SAMPLING RESULTS

| SAMPLE NO. | LOCATION | RESULTS |
|---|---|---|
| 01 | Basement Fireproofing | 25% |
| 02 | Basement Fireproofing | 7% |
| 03 | Basement Fireproofing | 9% |
| 04 | Basement Ceiling Tile | 0% |
| 05 | 1st Floor - Fireproofing | 8% |
| 06 | 1st Floor - Fireproofing | 8% |
| 07 | 1st Floor - Fireproofing | 6% |
| 08 | 1st Floor - Ceiling Tile | 0% |
| 09 | 2nd Floor - Fireproofing | 7% |
| 10 | 2nd Floor - Fireproofing | 9% |
| 11 | 2nd Floor - Fireproofing | 9% |
| 12 | 3rd Floor - Fireproofing | 8% |
| 13 | 3rd Floor - Fireproofing | 9% |
| 14 | 3rd Floor - Fireproofing | 6% |
| 15 | Chiller Building - Elbows | 0% |
| 16 | 4th Floor - Fireproofing | 5% |
| 17 | 4th Floor - Fireproofing | 6% |
| 18 | 4th Floor - Fireproofing | 6% |

July 18, 1986

PIS 00006662

## LOCATION OF ASBESTOS MATERIAL

| AREA | TYPE | LOCATION |
|------|------|----------|
| Basement, Floors 1 - 4 | Fireproofing | Throughout Floors |
| Chiller Mech Room | Pipe Elbows | Piping |
| Ground Level | Transite | Cooling Tower |

### Building 2635

### VISUAL OBSERVATION

The only friable material observed in this building was a friable exhaust muffler coating leading from the generator to the chiller room.

### BULK SAMPLING RESULTS

| SAMPLE NO. | LOCATION | RESULTS |
|------------|----------|---------|
| 01 | Basement - Generator Exhaust Insulation | 0% |

### LOCATION OF ASBESTOS MATERIAL

No asbestos materials were observed within Building 2635.

C-8

July 18, 1986

PIS 00006663

## BUILDINGS 1740, 1750, 1760, 1770, 1780, 1790

### VISUAL OBSERVATION

Transite towers were observed on the fascia, soffits and wall boards of this group of buildings.

### BULK SAMPLING RESULTS

| SAMPLE NO. | LOCATION | RESULTS |
|---|---|---|
| 01 | Floor Tile – #1770 | 0% |

### LOCATION OF ASBESTOS MATERIAL

Transite asbestos panels were observed on the exterior of the building.  The panels were found in the following areas:

```
#1790 – Sides and Eaves
#1760 – Sides and Eaves
#1780 – Eaves Only
#1770 – Sides and Eaves
#1750 – Sides and Eaves
#1740 – Eaves Only
```

C-9

July 18, 1986

PIS 00006664

## BUILDINGS 1900, 1901, 1925, 1950, 1975

### VISUAL OBSERVATION

Friable pipe elbows were observed in the mechanical rooms of Buildings 1900 and 1950.

### BULK SAMPLING RESULTS

| SAMPLE NO. | LOCATION | RESULTS |
|---|---|---|
| 01 | Mechanical Room Bldg. 1900 Elbows | 3% |
| 02 | Mechanical Room  Bldg. 1950 Elbows | 5% |

### LOCATION OF ASBESTOS MATERIAL

Pipe elbows in all Mechanical Rooms in Buildings 1900 and 1950

July 18, 1986

PIS 00006665



**MATERIALS
ANALYTICAL
SERVICES**

June 27, 1990

Re:   Century Center I
      Atlanta, Georgia

Based on the constituent analysis of the fireproofing
samples for the above-referenced project, it is my
opinion that the samples analyzed are Mono-Kote 3,
which was manufactured by W. R. Grace.

Worksheets reflecting our analysis are attached.

William E. Longo, Ph.D.

**PIS 00060565**

3597 Parkway Lane • Suite 250
Norcross, Georgia 30092
(404) 448-3200   FAX (404) 368-8256

BUILDING:        Century Center I
                 Atlanta, Georgia

The following bulk samples from the above-referenced buildings
were analyzed and were used to form an opinion of the manufactur-
er and product.

| Bulk Sample # | Sample Location | Collected By |
|---------------|-----------------|--------------|
| 1             | 10th Floor Bath | McCrone |
| 3             | 8th Floor | McCrone |
| 4             | 7th Floor | McCrone |
| 5             | 6th Floor | McCrone |
| 6             | 5th Floor | McCrone |
| 7             | 4th Floor, West Hall | McCrone |
| 8             | 3rd Floor | McCrone |
| 9             | 2nd Floor | McCrone |
| 10            | 1st Floor | McCrone |
| 11            | Ground Floor | McCrone |

MATERIALS ANALYTICAL SERVICES, INC.

BULK ANALYSIS SHEET

Project # - Spl #: _M1565-1_                           Date: _9/23/88_

Project Name: _LAW ASSOCIATES / HATFIELD_              Analyst: _W.B.E._
                                                       Reviewer: _____

Sample Identification: _A88-120.18    CENTURY CENTER COMPLEX, 2200 BUILDING._
_____ _16TH FLOOR BATH._

Gross Visual Description: _TAN TO LIGHT GRAY MATRIX WITH GOLD FLAKES_
_THROUGHOUT. FINE FIBERS EXPOSED._

| ASBESTOS MINERALS: | Est. Vol. % |
|---|---|
| Chrysotile . . . . . . . . . . . | ~~10~~ 9 |
| Amosite . . . . . . . . . . . | |
| Crocidolite . . . . . . . | |
| Tremolite/Actinolite . . . . . | |
| Anthophyllite . . . . . . . . | |

OTHER FIBROUS COMPONENTS:

| | |
|---|---|
| Mineral/Rock wool . . . . . . . | |
| Fibrous glass . . . . . . . | |
| Cellulose . . . . . . . . | TR |
| Synthetic . . . . . . . . . | |
| Talc . . . . . . . . . . . | |

NON-FIBROUS COMPONENTS:

| | |
|---|---|
| Perlite . . . . . . . . . . | |
| Vermiculite . . . . . . . . . | 39 |
| Mica . . . . . . . . . . . . | |
| Quartz . . . . . . . . . . | |
| Calcite . . . . . . . . . . | |
| Gypsum . . . . . . . . . . | |
| Diatoms . . . . . . . . . | |
| Other  GRANULAR MINERALS | TR |
| Binders . . . . . . . . . . | 52 |

_PREDOMINANTLY GYPSUM. SMALL AMOUNTS OF CARBONATE._

EFFERVESCENCE; _VERY WEAK_

COMMENTS:
_IODINE STARCH TEST NEGATIVE ORANGE COLOR._

## MATERIALS ANALYTICAL SERVICES, INC.

### BULK ANALYSIS SHEET

Project # - Spl #: _M1565-3_                      Date: _9/23/88_

Project Name: _LAW ASSOCIATES/HATFIELD_          Analyst: _V.B.E._
                                                  Reviewer: _____

Sample Identification: _A88-120.18  #3 FROM 200 BUILDING OF CENTURY_

_CENTER COMPLEX, 8TH FLOOR, SW, QUADRANT._

Gross Visual Description: _TAN TO LIGHT GRAY MATRIX WITH COLD FLAKES._

_FINE FIBERS EXPOSED._

ASBESTOS MINERALS:                   Est. Vol. %

Chrysotile . . . . . . . . . . _8_
Amosite . . . . . . . . . . . . _____
Crocidolite . . . . . . . . . . _____
Tremolite/Actinolite . . . . . _____
Anthophyllite . . . . . . . . . _____

OTHER FIBROUS COMPONENTS:

Mineral/Rock wool . . . . . . _____
Fibrous glass . . . . . . . . _____
Cellulose . . . . . . . . . . _____
Synthetic . . . . . . . . . . _____
Talc . . . . . . . . . . . . . _____

NON-FIBROUS COMPONENTS:

Perlite . . . . . . . . . . . _____
Vermiculite . . . . . . . . . _40_
Mica . . . . . . . . . . . . . _____
Quartz . . . . . . . . . . . . _____
Calcite . . . . . . . . . . . _____
Gypsum . . . . . . . . . . . . _____
Diatoms . . . . . . . . . . . _____
Other _GRANULAR MINERALS_      _TR_

Binders . . . . . . . . . . . _52_
_GYPSUM PREDOMINATES, SMALL AMOUNT OF CARBONATE._

EFFERVESCENCE: _VERY WEAK IN ISOLATED AREAS._

COMMENTS:

_____

_____

MATERIALS ANALYTICAL SERVICES, INC.

BULK ANALYSIS SHEET

Project # - Spl #: _M1565-4_                    Date: _9/23/88_

Project Name: _LAW ASSOCIATES/HATFIELD_          Analyst: _W.B.E._
                                                 Reviewer: _____

Sample Identification: _ABT-120.18    #4 FROM 2200 BUILDING OF CENTURY_

_CENTER COMPLEX.    7TH FLOOR    NE. QUADRANT_

Gross Visual Description: _TAN TO LIGHT GRAY WITH GOLD FLAKES THROUGHOUT._

_____ _FINE FIBERS EXPOSED._

ASBESTOS MINERALS:                    Est. Vol. %

Chrysotile . . . . . . . . . . . . _8_ _____
Amosite . . . . . . . . . . . . :_____
Crocidolite . . . . . . . . . :_____
Tremolite/Actinolite . . . . . :_____
Anthophyllite . . . . . . . . :_____

OTHER FIBROUS COMPONENTS:

Mineral/Rock wool . . . . . . . :_____
Fibrous glass . . . . . . . . :_____
Cellulose . . . . . . . . . . :_____
Synthetic . . . . . . . . . . :_____
Talc . . . . . . . . . . . . . :_____

NON-FIBROUS COMPONENTS:

Perlite . . . . . . . . . . . :_____
Vermiculite . . . . . . . . . . _33_ _____
Mica . . . . . . . . . . . . . :_____
Quartz . . . . . . . . . . . . :_____
Calcite . . . . . . . . . . . :_____
Gypsum . . . . . . . . . . . . :_____
Diatoms . . . . . . . . . . . :_____
Other _GRANULAR MINERALS_ . . . _TR_

Binders . . . . . . . . . . . _59_
_GYPSUM DOMINANT, SMALL AMOUNT OF CARBONATE._

EFFERVESCENCE: _VERY WEAK_

COMMENTS:

_____

_____

MATERIALS ANALYTICAL SERVICES, INC.

BULK ANALYSIS SHEET

Project # - Spl #: _M/565-5_                     Date: _9/23/88_

Project Name: _LAW ASSOCIATES/HATFIELD_          Analyst: _V.B.E._
                                                 Reviewer: _____

Sample Identification: _A88-120.18    #5 FROM 2200 BUILDING OF CENTURY_

_CENTER COMPLEX   6TH FLOOR N.W. QUADRANT_

Gross Visual Description: _TANNISH LIGHT GRAY WITH GOLD FLAKES_

_THROUGHOUT THE MATRIX. FIBERS EXPOSED._

ASBESTOS MINERALS:              Est. Vol. %

Chrysotile . . . . . . . . . : . . . : __9__
Amosite . . . . . . . : . . . : _____
Crocidolite . . . . . : . . . : _____
Tremolite/Actinolite . . . . . : _____
Anthophyllite . . . : . . . . : _____

OTHER FIBROUS COMPONENTS:

Mineral/Rock wool . . . . . . : _____
Fibrous glass . : . . . . . . : _____
Cellulose . . . . . . . . . . : _____
Synthetic . . . . . : . . . . : _____
Talc . . . . . . . . . . . . : _____

NON-FIBROUS COMPONENTS:

Perlite . . . . . . . . . . : _____
Vermiculite . . . . . . . . : __35__
Mica . . . . . . . . . . . . : _____
Quartz . . . . . . . . . . . : _____
Calcite . . . . . . . . . . : _____
Gypsum . . . . . . . . . . . : _____
Diatoms . . . . . . . . . . : _____
Other ⬡⬡⬡ . . . . . . . . . : _____

Binders . . . . . . . . . . . __56__
_ABUNDANT GYPSUM, SLIGHT AMOUNT OF CARBONATE_

EFFERVESCENCE: _VERY WEAK_

COMMENTS:

_____
_____

PIS 00060570

MATERIALS ANALYTICAL SERVICES, INC.

BULK ANALYSIS SHEET

Project # - Spl #: _M1565-6_                          Date: _9/23/88_

Project Name: _LAW ASSOCIATES/HATFIELD_              Analyst: _V.B.E._
                                                      Reviewer: _____

Sample Identification: _A88-120.18   #6 FROM 2200 BUILDING OF CENTURY_

_CENTER COMPLEX    5TH FLOOR, N.W. QUADRANT._

Gross Visual Description: _LIGHT GRAY TO TAN WITH SMALL GOLD FLAKES_

_THROUGHOUT.   FIBERS EXPOSED._

ASBESTOS MINERALS:                    Est. Vol. %

Chrysotile . . . . . . . . . . . . _8_____
Amosite . . . . . . . . . . . . . ._____
Crocidolite . . . . . . . . . . . ._____
Tremolite/Actinolite . . . . . . ._____
Anthophyllite . . . . . . . . . ._____

OTHER FIBROUS COMPONENTS:

Mineral/Rock wool . . . . . . . ._____
Fibrous glass . . . . . . . . . ._____
Cellulose . . . . . . . . . . . ._____
Synthetic . . . . . . . . . . . ._____
Talc . . . . . . . . . . . . . ._____

NON-FIBROUS COMPONENTS:

Perlite . . . . . . . . . . . . ._____
Vermiculite . . . . . . . . . . ._33_____
Mica . . . . . . . . . . . . . ._____
Quartz . . . . . . . . . . . . ._____
Calcite . . . . . . . . . . . . ._____
Gypsum . . . . . . . . . . . . ._____
Diatoms . . . . . . . . . . . . ._____
Other

Binders . . . . . . . . . . . . ._59_____
_ABUNDANT GYPSUM, SMALL CARBONATE AMOUNT._

EFFERVESCENCE: _VERY WEAK_____

COMMENTS:

_____

_____

MATERIALS ANALYTICAL SERVICES, INC.

BULK ANALYSIS SHEET

Project # - Spl #: _M1565-7_            Date: _9/23/88_

Project Name: _LAW ASSOCIATES/HATFIELD_      Analyst: _W.B.C._
                                             Reviewer: _____

Sample Identification: _A88-120.18  #7 FROM 2260 BUILDING OF_

_CENTURY CENTER COMPLEX. 4TH FLOOR, WEST HALL._

Gross Visual Description: _TAN TO LIGHT GRAY, WITH GOLD FLAKES_

_THROUGHOUT. FIBERS EXPOSED._

ASBESTOS MINERALS:              Est. Vol. %

Chrysotile . . . . . . . . . . _8_____
Amosite . . . . . . . . . . . . _____
Crocidolite . . . . . . . . . . _____
Tremolite/Actinolite . . . . . _____
Anthophyllite . . . . . . . . . _____

OTHER FIBROUS COMPONENTS:

Mineral/Rock wool . . . . . . . _____
Fibrous glass . . . . . . . . . _____
Cellulose . . . . . . . . . . . _____
Synthetic . . . . . . . . . . . _____
Talc . . . . . . . . . . . . . _____

NON-FIBROUS COMPONENTS:

Perlite . . . . . . . . . . . . _____
Vermiculite . . . . . . . . . . _40_____
Mica . . . . . . . . . . . . . _____
Quartz . . . . . . . . . . . . _____
Calcite . . . . . . . . . . . . _____
Gypsum . . . . . . . . . . . . _____
Diatoms . . . . . . . . . . . . _____
Other . . . . . . . . . . . . . _____

Binders . . . . . . . . . . . . _52_
_GYPSUM IS VERY ABUNDANT. SOME CARBONATE PRESENT._

EFFERVESCENCE: _VERY WEAK_

COMMENTS:
_____
_____

MATERIALS ANALYTICAL SERVICES, INC.

BULK ANALYSIS SHEET

Project # - Spl #: _M1565-8_    Date: _9/23/88_

Project Name: _LAW ASSOCIATES/HATFIELD_    Analyst: _W.B.E._
Reviewer: _____

Sample Identification: _APB-120.18   #8 FROM 2200 BUILDING OF_

_CENTURY CENTER COMPLEX. 3RD FLOOR S.W. QUADRANT._

Gross Visual Description: _LIGHT GRAY WITH GOLD FLAKES, FIBERS EXPOSED_

_FROM MATRIX._

ASBESTOS MINERALS:                Est. Vol. %

Chrysotile . . . . . . . . . . _9_
Amosite . . . . . . . . . . . _____
Crocidolite . . . . . . . . . _____
Tremolite/Actinolite . . . . . _____
Anthophyllite . . . . . . . . _____

OTHER FIBROUS COMPONENTS:

Mineral/Rock wool . . . . . . _____
Fibrous glass . . . . . . . . _____
Cellulose . . . . . . . . . . _____
Synthetic . . . . . . . . . . _____
Talc . . . . . . . . . . . . _____

NON-FIBROUS COMPONENTS:

Perlite . . . . . . . . . . . _____
Vermiculite . . . . . . . . . _40_
Mica . . . . . . . . . . . . _____
Quartz . . . . . . . . . . . _____
Calcite . . . . . . . . . . . _____
Gypsum . . . . . . . . . . . _____
Diatoms . . . . . . . . . . . _____
Other . . . . . . . . . . . . _____

Binders . . . . . . . . . . . _51_
_PREDOMINANTLY GYPSUM, SMALL CARBONATE PERCENTAGE, TRACE OF OTHER GRANULAR MINERALS_

EFFERVESCENCE: _VERY WEAK_

COMMENTS:

_____

_____

## MATERIALS ANALYTICAL SERVICES, INC.

### BULK ANALYSIS SHEET

Project # - Spl #: _M1565-9_                    Date: _9/26/88_

Project Name: _LAW ASSOCIATES/HATFIELD_          Analyst: _W.B.E._
                                                 Reviewer: _____

Sample Identification: _A88-120.18   #9 FROM 2200 BUILDING OF CENTURY_
_CENTER COMPLEX.  2ND FLOOR ABOVE LADIES ROOM._

Gross Visual Description: _TAN TO LIGHT GRAY MATRIX WITH GOLD FLAKES_
_THROUGHOUT.  FINE FIBERS EXPOSED._

**ASBESTOS MINERALS:**                  Est. Vol. %

Chrysotile . . . . . . . . . . . _7_____
Amosite . . . . . . . . . . . . :_____
Crocidolite . . . . . . . . . . :_____
Tremolite/Actinolite . . . . . :_____
Anthophyllite . . . . . . . . . :_____

**OTHER FIBROUS COMPONENTS:**

Mineral/Rock wool . . . . . . . :_____
Fibrous glass . . . . . . . . . :_____
Cellulose . . . . . . . . . . . :_____
Synthetic . . . . . . . . . . . :_____
Talc . . . . . . . . . . . . . :_____

**NON-FIBROUS COMPONENTS:**

Perlite . . . . . . . . . . . . :_____
Vermiculite . . . . . . . . . . _38_____
Mica . . . . . . . . . . . . . :_____
Quartz . . . . . . . . . . . . :_____
Calcite . . . . . . . . . . . . :_____
Gypsum . . . . . . . . . . . . :_____
Diatoms . . . . . . . . . . . . :_____
Other . . . . . . . . . . . . :_____

Binders . . . . . . . . . . . _55_____
_PREDOMINANTLY GYPSUM, SOME CARBONATE PRESENT IN SMALL AMOUNTS_

EFFERVESCENCE: _VERY WEAK_

COMMENTS:

_____
_____

PIS 00060574

MATERIALS ANALYTICAL SERVICES, INC.

BULK ANALYSIS SHEET

Project # - Spl #: _M1565-10_          Date: _8/26/88_

Project Name: _LAW ASSOCIATES/HATFIELD_          Analyst: _W. B. C._
          Reviewer: _____

Sample Identification: _A88-120.18 ·  #10 FROM BUILDING 2200 IN CENTURY_

_CENTER COMPLEX.  1ST FLOOR ABOVE LADIES RESTROOM._

Gross Visual Description: _TAN TO LIGHT GRAY MATRIX WITH GOLD FLAKES_

_THROUGHOUT.  FIBERS EXPOSED FROM MATRIX._

ASBESTOS MINERALS:          Est. Vol. %

Chrysotile . . . . . . . . . . . .  _8_
Amosite . . . . . . . . . . . . . . _____
Crocidolite . . . . . . . . . . .  _____
Tremolite/Actinolite . . . . . . . _____
Anthophyllite . . . . . . . . . .  _____

OTHER FIBROUS COMPONENTS:

Mineral/Rock wool . . . . . . . .  _____
Fibrous glass . . . . . . . . . .  _____
Cellulose . . . . . . . . . . . .  _____
Synthetic . . . . . . . . . . . .  _____
Talc . . . . . . . . . . . . . . . _____

NON-FIBROUS COMPONENTS:

Perlite . . . . . . . . . . . . .  _____
Vermiculite . . . . . . . . . . .  _39_
Mica . . . . . . . . . . . . . . . _____
Quartz . . . . . . . . . . . . . . _____
Calcite . . . . . . . . . . . . .  _____
Gypsum . . . . . . . . . . . . . . _____
Diatoms . . . . . . . . . . . . .  _____
Other . . . . . . . . . . . . . .  _____

Binders . . . . . . . . . . . .  _53_
_GYPSUM PREDOMINATES, CARBONATE PRESENT IN SMALL AMOUNT, GRANULAR MINERALS._

EFFERVESCENCE: _VERY WEAK_

COMMENTS:

_____
_____

PIS 00060575

MATERIALS ANALYTICAL SERVICES, INC.

BULK ANALYSIS SHEET

Project # - Spl #: _M/565-11_____          Date: _9/26/11_____

Project Name: _LAW ASSOCIATES/HATFIELD_____      Analyst: _V.B.C._
                                                 Reviewer: _____

Sample Identification: _A88-120.18____ #11 FROM 2200 BUILDING oF_

_CENTURY CENTER COMPLEX._ ~~FROM~~ GROUND FLOOR, NORTHEAST QUADRANT_

Gross Visual Description: _LIGHT GRAY TO TAN MATRIX WITH GOLD FLAKES_

_THROUGHOUT. FINE FIBERS EXPOSED._____

ASBESTOS MINERALS:                  Est. Vol. %

Chrysotile . . . . . . . . . . : ___7_____
Amosite . . . . . . . . . . . : _____
Crocidolite . . . . . . . . . : _____
Tremolite/Actinolite . . . . . : _____
Anthophyllite . . . . . . . . : _____

OTHER FIBROUS COMPONENTS:

Mineral/Rock wool . . . . . . . : _____
Fibrous glass . . . . . . . . : _____
Cellulose . . . . . . . . . . : _____
Synthetic . . . . . . . . . . : _____
Talc . . . . . . . . . . . . : _____

NON-FIBROUS COMPONENTS:

Perlite . . . . . . . . . . . : _____
Vermiculite . . . . . . . . . : ___35_____
Mica . . . . . . . . . . . . : _____
Quartz . . . . . . . . . . . : _____
Calcite . . . . . . . . . . . : _____
Gypsum . . . . . . . . . . . : _____
Diatoms . . . . . . . . . . . : _____
Other                           _____

Binders . . . . . . . . . . . : ___58_____
GYPSUM PREDOMINATES, CARBONATE PRESENT IN SMALL PERCENTAGE

EFFERVESCENCE: _VERY WEAK._____

COMMENTS:

_____
_____

M.A.S.
3597 PARKWAY LANE
NORCROSS GA. 30092

# ACID DISSOLUTION BULK ANALYSIS

ANALYSIS USING 2% SOLUTION HCl

DATE _____ W. B. Egland

| NO. | SAMPLE # | P-D + SAMPLE | P-D - SAMPLE | SAMPLE WEIGHT | FILTER WEIGHT | FINAL WT + FILTER | FINAL WT - FILTER | PERCENT FINAL WT | AMOUNT IN SOLU. |
|---|---|---|---|---|---|---|---|---|---|
| 1 | M565-1 | 8.8088₃ | 7.6894 | 1.1194₃ | 0.0153 | 0.4719₃ | 0.4568₃ | 40.8% | 59.2% |
| 2 | | | | | | | | | |
| 3 | | | | | | | | | |
| 4 | | | | | | | | | |
| 5 | | | | | | | | | |
| 6 | | | | | | | | | |
| 7 | | | | | | | | | |
| 8 | | | | | | | | | |
| 9 | | | | | | | | | |
| 10 | | | | | | | | | |
| 11 | | | | | | | | | |
| 12 | | | | | | | | | |
| 13 | | | | | | | | | |
| 14 | | | | | | | | | |
| 15 | | | | | | | | | |
| 16 | | | | | | | | | |
| 17 | | | | | | | | | |
| 18 | | | | | | | | | |
| 19 | | | | | | | | | |
| 20 | | | | | | | | | |
| 21 | | | | | | | | | |
| 22 | | | | | | | | | |
| 23 | | | | | | | | | |
| 24 | | | | | | | | | |
| 25 | | | | | | | | | |
| XX | | | | | | | | | |

**MATERIALS ANALYTICAL SERVICES, INC.**
3597 PARKWAY LANE, SUITE 250
NORCROSS, GA  30092
404/448-3200

TEM ANALYSIS: _Binder_

MAS SAMPLE ID: _M-1565-1_

PROJECT: _A58-12018_

SAMPLE NUMBER: _Century Tower_

DATE OF ANALYSIS: _11-25-88_

ANALYST: _WDC_

| | Rel. Conc. | Morphology | Photo | SAED | Photo | EDS | Disc/File | Comments |
|---|---|---|---|---|---|---|---|---|
| **Asbestos Minerals:** | | | | | | | | |
| Chrysotile | | ✓ | | ✓ | | ✓ | | Printout |
| | | | | | | | | |
| **Other Components:** | | | | | | | | |
| Gypsum | | ✓ | | ✓ | | ✓ | | Printout |
| Vermiculite | | ✓ | | ✓ | photo | ✓ | | Printout |
| | | | | | ac=50cm | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

**COMMENTS:**

PIS 00060578

MATERIALS ANALYTICAL SERVICES          FRI 25-NOV-88  09:54
Cursor: 7.340keV = 43      ROI (SIKα) 1.660: 1.820=1013



0.000      B- 5                          VFS = 512      10.240
  39        M1565-1 CHRYSOTILE

PIS 00060579



MATERIALS ANALYTICAL SERVICES          FRI 25-NOV-88   10:00
Cursor: 7.340keV = 15          ROI (SIKα) 1.660: 1.820=323

0.000    B- 5                              VFS = 2048   10.240
24       M1565-1 GYPSUM

PIS 00060580

MATERIALS ANALYTICAL SERVICES          FRI 25-NOV-88   10:14
Cursor: 7.340keV = 19       ROI (SIKα) 1.660: 1.820=1016

0.000      B- 5                     VFS = 256      10.240
10         M1565-1 VERMICULITE

PIS 00060581



MATERIALS
ANALYTICAL
SERVICES

ADDITIONAL BULK ANALYSIS

## STARCH VERIFICATION

Sample # _M1565-1_                          Analyst _W.D. Eggel_

Date _6/26/90_

1) Sample Analyzed before/after acid dissolutions

Starch observed                          (no) ✓

                                                     yes _____

### Iodine test
(ceiling tile only)

                     positive _____

                     negative _____

PIS 00060582

3597 Parkway Lane • Suite 250
Norcross, Georgia 30092
(404) 448-3200