CENTURY CENTER IV
2600 CENTURY PARKWAY
ATLANTA, GA 30345

# W.R. GRACE & CO.
# ASBESTOS PROPERTY DAMAGE
# PROOF OF CLAIM FORM

*The United States Bankruptcy Court for the District of Delaware*
*In re: W.R. Grace & Co., et al., Debtors, Case No. 01-01139 (JKF)*
*(Jointly Administered)*

## SUBMIT COMPLETED CLAIMS TO:

**Claims Processing Agent**
**Re: W.R. Grace & Co. Bankruptcy**
**PO Box 1620**
**Faribault, MN 55021-1620**

For a complete list of the Debtors in this case, please see "The Debtors" section of the General Instructions for Completing Proof of Claim Forms. The twenty-six Debtors are collectively referred to in this document as "Grace."

If you have a current claim against Grace for property damage allegedly resulting from asbestos from a Grace product *(other than Zonolite Attic Insulation)*, THIS ASBESTOS PROPERTY DAMAGE PROOF OF CLAIM FORM MUST BE RECEIVED ON OR BEFORE THE BAR DATE ON MARCH 31, 2003, or you will be forever barred from asserting or receiving payment for your claim.

PremierView™ forms by NCS Pearson  MW239276-2    65432    Printed in U.S.A.

**INSTRUCTIONS FOR FILING THE W.R. GRACE & CO.
ASBESTOS PROPERTY DAMAGE PROOF OF CLAIM FORM**

## WHO SHOULD USE THIS ASBESTOS PROPERTY DAMAGE PROOF OF CLAIM FORM

1. This Asbestos Damage Proof of Claim Form (referred to in this document as the "Form") applies only to <u>current</u> claims made against Grace by or on behalf of parties who are alleging property damage with respect to asbestos in real property owned by the party (such person is referred to in this document as the "claiming party") from a Grace asbestos-containing product or as a result of one of Grace's vermiculite mining, milling, or processing facilities.

2. The Bar Date does not apply to Asbestos Personal Injury Claims, Settled Asbestos Claims or Zonolite Attic Insulation Claims. Those claims will be subject to a separate claim submission process and should not be filed at this time.

3. This form should not be used for Medical Monitoring Claims or Non-Asbestos Claims. Instead, separate specialized proof of claim forms for these claims should be completed.

4. If you are alleging current claims against Grace with respect to asbestos in more than one (1) real property, the claiming party should complete an Asbestos Property Damage Proof of Claim Form for <u>each</u> property. You may request additional forms by calling the Claims Processing Agent at 1-800-432-1909.

## GENERAL INSTRUCTIONS

1. This form must be signed by the claimant or authorized agent of the claimant. THIS FORM MUST BE RECEIVED ON OR BEFORE 4:00 PM EASTERN TIME ON MARCH 31, 2003, or you forever will be precluded from asserting your claim(s) against or receiving payment from Grace. Return your completed form to the Claims Processing Agent, Re: W.R. Grace & Co. Bankruptcy, P.O. Box 1620, Faribault, MN 55021-1620.
   If you are returning this form by mail, allow sufficient time so that this form is received on or before March 31, 2003. Forms that are postmarked before March 31, 2003 but received after March 31, 2003 will not be accepted. Only original forms will be accepted for filing. Forms transmitted by facsimile will not be accepted for filing.

2. If you cannot fit all information in any particular section or page, please make a copy of that page before filling it out and attach as many additional pages as needed.

3. If you are unable to provide any of the information required by the proof of claim form, please so specify, as well as provide a short statement describing why such information is unavailable. If you are in the process of obtaining such information at the time you file your proof of claim, please so advise and indicate that the same shall be provided when obtained.

4. This form must be filled out completely using BLACK or BLUE ink or may be typewritten.
   • Please print clearly using capital letters only.      • Do not use a felt tip pen.
   • Skip a box between words.                              • Do not bend or fold the pages of the form.
   • Do not write outside of the boxes or blocks.

5. Because this form will be read by a machine, please print characters using the examples below. For optimum accuracy, please print in capital letters and avoid contact with the edge of the character boxes.

6. Mark check boxes with an "X" (example at right).    ☒    | N | A | M | E | | H | E | R | E |

7. Be <u>accurate</u> and <u>truthful</u>. A Proof of Claim Form is an official court document that may be used as evidence in any legal proceeding regarding your claim. The penalty for presenting a fraudulent claim is a fine of up to $500,000 or imprisonment for up to five years or both. 18 U.S.C. §§ 152 & 3571.

8. Make a copy of your completed Form to keep for your records. <u>Send</u> only <u>original</u> Forms to the Claims Processing Agent at the following address: Claims Processing Agent, Re: W.R. Grace & Co. Bankruptcy
   PO Box 1620
   Faribault, MN 55021-1620.

9. You will receive written notification of the proof of claim number assigned to this claim once it has been processed.

## PART 1: CLAIMING PARTY INFORMATION

**NAME:**

T H E   P R U D E N T I A L   I N S U R A N C E   C O M P A N Y   O F   A M E R I C A

*Name of individual claimant (first, middle and last name) or business claimant*

**SOCIAL SECURITY NUMBER (Individual Claimants):**

*(last four digits of SSN)*

**F.E.I.N. (Business Claimants)**

2 2 - 1 2 1 1 6 7 0

**Other names by which claiming party has been known (such as maiden name or married name):**

*First*  *MI*  *Last*

*First*  *MI*  *Last*

**GENDER:** ☐ MALE   ☐ FEMALE    N/A    ■

**Mailing Address:**

7 5 1   B R O A D   S T R E E T ,   2 1 S T   F L O O R

*Street Address*

N E W A R K — *City*

N J — *State (Province)*

0 7 1 0 2 — *Zip Code (Postal Code)*

U S A — *Country*

## PART 2: ATTORNEY INFORMATION

**The claiming party's attorney, if any (You do not need an attorney to file this form):**

**Law Firm Name:**

R I K E R   D A N Z I G   S C H E R E R   H Y L A N D   &   P E R R E T T I   L L P

**Name of Attorney:**

R O B E R T — *First*

J — *MI*

G I L S O N — *Last*

**Mailing Address:**

H E A D Q U A R T E R S   P L A Z A ,   O N E   S P E E D W E L L   A V E N U E

M O R R I S T O W N — *City*

N J — *State (Province)*

0 7 9 6 2 — *Zip Code (Postal Code)*

**Telephone:**

( 9 7 3 )   4 5 1 - 8 4 3 5   ■

*Area Code*

9276101

1018576

## PART 3. PROPERTY INFORMATION

### A. Real Property For Which A Claim Is Being Asserted

1. What is the address of the real property for which a claim is being asserted (referred to herein as "the property")?

`2 6 0 0` `C E N T U R Y` `P A R K W A Y`
*Street Address*

`A T L A N T A`
*City*

`G A`
*State (Province)*

`3 0 3 4 5`
*Zip Code (Postal Code)*

`U N I T E D` `S T A T E S` `O F` `A M E R I C A`
*Country*

2. Are you completing an Asbestos Property Damage Proof of Claim Form for any other real property other than the one listed at "1" above?

☒ Yes      ☐ No

3. Do you currently own the property listed in Question 1, above?

☐ Yes      ☒ No

4. When did you purchase the property?    `0 2` – `    ` – `1 9 7 3`
   *Month*    *Day*    *Year*

5. What is the property used for (check all that apply)
   ☐ Owner occupied residence
   ☐ Residential rental
   ☒ Commercial
   ☐ Industrial    Specify: _____
   ☐ Other    Specify: _____

6. How many floors does the property have?    `0 0 5`

7. What is the approximate square footage of the property?    `0 0 0 1 0 9 8 0 7`

8. When was the property built?
   ☐ Before 1969
   ☒ 1969 - 1973
   ☐ After 1973

9. What is the structural support of the property?
   ☐ Wood frame
   ☐ Structural concrete
   ☐ Brick
   ☒ Steel beam/girder
   ☐ Other    Specify: _____

10. Have you or has someone on your behalf completed any interior renovations on the property which affected any asbestos on the property?

☒ Yes      ☐ No

9276102

1018576

## A. Real Property For Which A Claim Is Being Asserted (continued)

If yes, please specify the dates and description of such renovations.

| Year | Description | SEE ADDENDUM |
|------|-------------|--------------|
| Year | Description | |
| Year | Description | |

11. To the best of your knowledge, have any other interior renovations been completed on the property during any other period of time which affected any asbestos on the property?

☒ Yes    ☐ No

If yes, please specify the dates and descriptions of such renovations.

| Year | Description | SEE ADDENDUM |
|------|-------------|--------------|
| Year | Description | |
| Year | Description | |

## B. Claim Category

12. For which category are you making a claim on the property?

☒ Category 1:   Allegation with respect to asbestos from a Grace product in the property
☐ Category 2:   Allegation with respect to one of Grace's vermiculite mining, milling or processing operations

**If you checked Category 1 in question 12 complete section C.**
**If you checked Category 2 in question 12 complete section D.**

## C. Category 1 Claim: Allegation With Respect To Asbestos From A Grace Product In The Property

13. For what alleged asbestos-containing product(s) are you making a claim?

☒ Monokote-3 fireproofing insulation
☐ Other    Specify:

(For a list of the brand names under which Grace manufactured products that may have contained commercially added asbestos, see Exhibit 2 to the Claims Bar Date Notice provided with this Proof of Claim Form.)

14. When did you or someone on your behalf install the asbestos containing product(s) in the property?

| Year | ☒ I did not install the product(s) |

15. If you or someone on your behalf did not install the asbestos containing product(s), to the best of your knowledge, when was/were the product(s) installed?

| 1 9 7 2 | ☐ Don't know. |
| Year |

9276103                                              1018576

16. Do you have documentation relating to the purchase and/or installation of the product in the property?

　　☒ Yes　　☐ No

　　If Yes, attach all such documents. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

　　If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

17. If you do not have any such documents, explain why not and indicate who may have possession or control of such documents with respect to the property.

> **SEE ADDENDUM**

18. When did you first know of the presence of asbestos in the property of the Grace product for which you are making this claim?

　　| 1 | 9 | 8 | 6 |
　　Year

　　Please attach all documents relating or referring to the presence of asbestos in the property for which you are making this claim. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

　　If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

19. How did you first learn of the presence of asbestos in the property of the Grace product for which you are making this claim?

> **SEE ADDENDUM**

20. When did you first learn that the Grace product for which you are making this claim contained asbestos?

　　| 1 | 9 | 8 | 6 |
　　Year

21. How did you first learn that the Grace product for which you are making the claim contained asbestos?

> **SEE ADDENDUM**

22. Have you or someone on your behalf made an effort to remove, contain and/or abate the Grace product for which you are making this claim?

　　☒ Yes　　☐ No

　　If Yes, attach all documents relating or referring to such efforts. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

　　If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

23. If you do not have any such documents, explain why not and indicate who may have possession and control of such documents with respect to the property.

> **SEE ADDENDUM**

24. If you or someone on your behalf did not make an effort to remove, contain and/or abate the Grace product(s) for which you are making a claim, to the best of your knowledge, did anyone else make such an effort?

　　☒ Yes　　☐ No

9276104                    1018576

25. If you responded Yes to question 22. or 24. and you have not supplied documents, please specify the dates and descriptions of any such efforts.

| Year | Description | SEE ADDENDUM |
| --- | --- | --- |
| Year | Description | |
| Year | Description | |

26. Have you or anyone on your behalf ever conducted any testing or sampling for the presence of asbestos or other particulates in the property?

☒ Yes    ☐ No    If Yes, Attach All Documents Related To Any Testing Of The Property

27. If you responded Yes to question 26., but you have not provided documents, indicate who may have possession or control of such testing documents or where such documents may be located.

SEE ADDENDUM

28. If you or someone on your behalf did not conduct any testing or sampling for the presence of asbestos or other particulates on the property, to the best of your knowledge, did anyone else conduct such testing or sampling with respect to the property?

☐ Yes    ☐ No    SEE ADDENDUM

29. If you responded Yes to question 26. or 28. and you have not supplied related documents, please describe when and by whom and the type of testing and/or sampling (e.g. air, bulk and dust sampling).

| Year | Company/Individual | SEE ADDENDUM |
| --- | --- | --- |
| | Type of testing: | |
| Year | Company/Individual | |
| | Type of testing: | |
| Year | Company/Individual | |
| | Type of testing: | |

30. Has the Grace product or products for which you are making this claim ever been modified and/or disturbed?

☒ Yes    ☐ No

31. If yes specify when and in what manner the Grace product or products was modified and/or disturbed?

| Year | Description | SEE ADDENDUM |
| --- | --- | --- |
| Year | Description | |
| Year | Description | |

**D. Category 2 Claim - Allegation With Respect To One Of Grace's Vermiculite Mining, Milling Or Processing Operations**

32. What is the business address or location of the Grace operation which has led to your claim?

*Business Name*

*Street Address*

*City*                                                                                    *State* (Province)   *Zip Code* (Postal Code)

*Country*

33. If your claim relates to a personal residence, does (or did) anyone living in the household work for Grace?

☐ Yes    ☐ No

34. If yes, specify the following for each such individual:

| Name of Individual Working at Grace Operation | Name of Individual Working at Grace Operation |
|---|---|
| **Date of Birth** | **Date of Birth** |
| Month  Day  Year | Month  Day  Year |
| **Occupation(s) of Individual** | **Occupation(s) of Individual** |
| **Dates Worked at Operation** | **Dates Worked at Operation** |
| From:      To:  | From:      To:  |
| Year       Year | Year       Year |
| Name of Individual Working at Grace Operation | Name of Individual Working at Grace Operation |
| **Date of Birth** | **Date of Birth** |
| Month  Day  Year | Month  Day  Year |
| **Occupation(s) of Individual** | **Occupation(s) of Individual** |
| **Dates Worked at Operation** | **Dates Worked at Operation** |
| From:      To:  | From:      To:  |
| Year       Year | Year       Year |

35. When did you first know of the presence of asbestos on your property?

*Year*

36. How did you first learn of the presence of asbestos on your property?

Attach all documents relating or referring to the presence of asbestos on the property. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession or control of the document.

If you provide a summary of the documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

37. If you do not have any documents relating or referring to the presence of asbestos on the property, explain why not and indicate who may have possession or control of any such documents with respect to the property.

38. Have you or anyone on your behalf made an effort to remove, contain and/or abate the asbestos on your property?

    ☐ Yes       ☐ No

    If Yes, attach all documents relating or referring to such efforts. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession or control of the document.

    If you provide a summary of the documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

39. If you do not have any documents relating or referring to the removal, containment and/or abatement of the asbestos on your property, explain why not and indicate who may have possession and control of such documents with respect to the property.

40. If you or someone on your behalf did not make an effort to remove, contain and/or abate the asbestos on your property, to the best of your knowledge, did anyone else make such an effort?

    ☐ Yes       ☐ No

9276107

1018576

41. If you responded Yes to question 38. or question 40. and you have not supplied related documents, please specify the dates and descriptions of any such efforts.

| | | | | Description | |
|---|---|---|---|---|---|
Year

| | | | | Description | |
|---|---|---|---|---|---|
Year

| | | | | Description | |
|---|---|---|---|---|---|
Year

42. Have you or anyone on your behalf conducted any other testing or sampling for the presence of asbestos on your property?

☐ Yes    ☐ No

If Yes, attach all documents relating or referring to such efforts. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession or control of the document.

If you provide a summary of the documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

43. If you do not have any documents relating or referring to any other such testing or sampling for the presence of asbestos on your property, explain why not and indicate who may have possession or control of such documents with respect to the property.

44. If you or someone on your behalf did not conduct any other testing or sampling for the presence of asbestos on your property, to the best of your knowledge, did anyone else conduct such testing or sampling?

☐ Yes    ☐ No

45. If you responded Yes to question 42. or question 44. and you have not supplied related documents, please specify the dates and descriptions of any such efforts.

| | | | | Description | |
|---|---|---|---|---|---|
Year

| | | | | Description | |
|---|---|---|---|---|---|
Year

| | | | | Description | |
|---|---|---|---|---|---|
Year

46. Were you aware of the presence of asbestos on your property when you purchased your property?

☐ Yes    ☐ No

47. If you have sold the property, were you aware of the presence of asbestos on your property when you sold your property?

☐ Yes    ☐ No    ☐ Not Applicable, have not sold the property

9276108                    1018576

## PART II: ASBESTOS LITIGATION AND CLAIMS

### A. INTRODUCTION

1. Has any asbestos-related property damage lawsuit or claim been filed against Grace on behalf of this claiming party relating to the property for which you are making this claim?

☐ No

☒ Yes – lawsuit

☐ Yes – non-lawsuit claim (other than a workers' compensation claim)

2. Has any asbestos-related property damage lawsuit or claim been filed against any other party on behalf of this claiming party relating to the property for which you are making this claim?

☒ No          **SEE ADDENDUM**

☐ Yes – lawsuit

☐ Yes – non-lawsuit claim (other than a workers' compensation claim)

*If an asbestos-related property damage lawsuit has been filed by or on behalf of this claiming party relating to the property for which you are making a claim, complete Section B. below.*

*If an asbestos-related property damage non-lawsuit claim has been made by or on behalf of this claiming party relating to the property for which you are making a claim, complete Section C. on the following page.*

### B. LAWSUIT

1. Please provide the following information about each asbestos-related property damage lawsuit which has been filed relating to the property for which you are making this claim or attach a copy of the face page of each complaint filed.

a. Caption   **SEE ADDENDUM**

b. Court where suit **originally filed:** | | | | | | | | | | | | |   *County/State*   Docket No.: | | | | | | | | |

c. Date filed: | | – | | – | | | |
   *Month   Day   Year*

a. Caption

b. Court where suit **originally filed:** | | | | | | | | | | | | |   *County/State*   Docket No.: | | | | | | | | |

c. Date filed: | | – | | – | | | |
   *Month   Day   Year*

a. Caption

b. Court where suit **originally filed:** | | | | | | | | | | | | |   *County/State*   Docket No.: | | | | | | | | |

c. Date filed: | | – | | – | | | |
   *Month   Day   Year*

(Attach additional pages if necessary.)

9276109                                    1018576

## C. NON-LAWSUIT CLAIMS

1. If the claiming party has made any claims relating to the property for which you are making a claim (including administrative claims) against anyone, that was not filed with a court of law, please provide the following information for each claim:

   a. Description of claim:

   b. Date submitted: ☐☐ - ☐☐ - ☐☐☐☐ ■
      *Month  Day  Year*

   c. Name of entity to whom claim was submitted:
      ☐ Grace
      ☐ Other
      *Name of Entity*

   ---

   a. Description of claim:

   b. Date submitted: ☐☐ - ☐☐ - ☐☐☐☐
      *Month  Day  Year*            ■

   c. Name of entity to whom claim was submitted:
      ☐ Grace
      ☐ Other
      *Name of Entity*

   ---

   a. Description of claim:

   b. Date submitted: ☐☐ - ☐☐ - ☐☐☐☐
      *Month  Day  Year*

   c. Name of entity to whom claim was submitted:
      ☐ Grace
      ☐ Other
      *Name of Entity*

## PART 5: SIGNATURE PAGE

All claims must be signed by the claiming party.

I have reviewed the information submitted on this proof of claim form and all documents submitted in support of my claim. I declare, under penalty of perjury,* that the above statements are true, correct, and not misleading.

CONSENT TO RELEASE OF RECORDS AND INFORMATION: To the extent that I have produced a summary rather than the documents themselves as requested above or indicated who has possession and control of certain documents, I hereby authorize and request that all other parties with custody of any documents or information concerning my property damage or the information contained in this Form, upon the reasonable request of Grace or Grace's representative, with a copy to the claiming party, disclose any and all records to Grace or to Grace's representative.

*Ramsay Lewin*, VP-Corporate Counsel          03 - 24 - 2003
SIGNATURE OF CLAIMANT                          *Month  Day  Year*

*The penalty for presenting a fraudulent claim is a fine up to $500,000.00 or imprisonment up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

Copyright © 2002 NCS Pearson, Inc.  All rights reserved.

RIKER, DANZIG, SCHERER, HYLAND & PERRETTI LLP,
Headquarters Plaza
One Speedwell Avenue
Morristown, New Jersey 07962-1981
(973) 538-0800
Robert J. Gilson (RG 6618)

Attorneys for The Prudential Insurance Company of America

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **In re:** | Chapter 11 |
| **W.R. GRACE & CO., et al.,** | Case No. 01-01139 (JKF) (Jointly Administered) |
| **Debtors.** | |

## ADDENDUM TO PROOF OF CLAIM OF PRUDENTIAL INSURANCE COMPANY OF AMERICA FOR:

### CENTURY CENTER IV
### 2600 CENTURY PARKWAY
### ATLANTA, GEORGIA 30345

## VOLUME I OF II

RIKER, DANZIG, SCHERER, HYLAND & PERRETTI LLP,
Headquarters Plaza
One Speedwell Avenue
Morristown, New Jersey 07962-1981
(973) 538-0800
Robert J. Gilson (RG 6618)

Attorneys for The Prudential Insurance Company of America

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| **W.R. GRACE & CO., et al.,** | Case No. 01-01139 (JKF)<br>(Jointly Administered) |
| **Debtors.** | **ADDENDUM TO PROOF OF CLAIM OF PRUDENTIAL INSURANCE COMPANY OF AMERICA FOR: 2600 CENTURY PARKWAY (ATLANTA, GEORGIA)** |

## A. CREDITOR INFORMATION

1.      The Prudential Insurance Company of America for itself and various of its subsidiaries and affiliates (collectively "Prudential"), submits this addendum to its proof of claim with respect to its Asbestos Property Damage Claims against the Debtors, pursuant to their voluntary petition for reorganization under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

2.      This addendum relates to the following property:

Century Center IV
2600 Century Parkway
Atlanta, GA  30345

Prudential is concurrently filing proofs of claims for Asbestos Property Damage for seven other properties.

3.     Notices to Prudential should be addressed as follows:

Robert J. Gilson, Esq.
Riker, Danzig, Scherer, Hyland & Perretti LLP
Headquarters Plaza
One Speedwell Avenue
Morristown, New Jersey 07962-1981

and

W.H. Ramsay Lewis, Esq.
The Prudential Insurance Company of America
751 Broad Street, 21st Floor
Newark, New Jersey 07102

## B. SUPPLEMENTAL RESPONSES

1.     The following answers supplement those given on the W.R. Grace & Co. Asbestos Property Damage Proof of Claim Form ("Proof of Claim Form"):

## PART 3: PROPERTY INFORMATION

**Response to Question No. 10**

Interior renovations which may have affected asbestos on the property include, but are not limited to, a limited abatement performed in Suite 450 in 1987.

In addition, this building was the subject of a previous litigation entitled The Prudential Insurance Company of America, et al. v. United States Gypsum Company, et al., as set forth in Part 4 of the Proof of Claim Form. Extensive discovery was conducted in this case. Prudential produced documents relating to its efforts to abate asbestos and all other renovations on the property to W.R. Grace and its counsel, Anthony J. Marchetta, Esq. of the Morristown, New Jersey law firm of Pitney, Hardin, Kipp and Szuch LLP. Therefore, W.R. Grace, or its counsel, is already in possession of any other documents which may be further responsive to this request. In the event that

W.R. Grace is unable to obtain such responsive documentation previously produced to its counsel, to the extent the documents are in Prudential's possession, they will be made available upon reasonable request.

See also Responses to Question Nos. 22, 25, and 31.

**Response to Question No. 11**

See Responses to Question Nos. 31, 22, 25 and 10.

**Response to Question No. 16**

Documents relating to the purchase and/or installation of the product in the property include, but are not limited to, the document attached hereto as Exhibit A.

In addition, this building was the subject of a previous litigation entitled The Prudential Insurance Company of America, et al. v. United States Gypsum Company, et al., as set forth in Part 4 of the Proof of Claim Form, in which extensive discovery was conducted. Prudential produced documents relating to the purchase and/or installation of the product in the property to W.R. Grace and its counsel, Anthony J. Marchetta, Esq. of the Morristown, New Jersey law firm of Pitney, Hardin, Kipp and Szuch LLP. Therefore, W.R. Grace, or its counsel, is already in possession of any other documents which may be further responsive to this request. In the event that W.R. Grace is unable to obtain such responsive documentation previously produced to its counsel, to the extent the documents are in Prudential's possession, they will be made available upon reasonable request.

**Response to Question No. 17**

See Response to Question No. 16.

**Responses to Question Nos. 18, 19, 20 and 21**

Prudential first became aware of the presence in the property of asbestos-containing fireproofing in approximately April 1986. At that time, it received the results of an asbestos survey report prepared by BCM Converse, Inc. Prudential first learned that the asbestos-containing fireproofing in the property was a Grace product in approximately 1990, when it received the results of constituent analysis performed by Materials Analytical Services, and when it conducted an independent investigation to identify the manufacturer of the asbestos-containing fireproofing found in the property.

Documents responsive to Question Nos. 18, 19, 20 and 21 include, but are not limited to, the documents attached hereto as Exhibit B.

**Response to Question Nos. 22, 23 and 25**

The documents relating to abatement efforts with respect to this building are too voluminous to provide with this Proof of Claim. Instead, Prudential is attaching as Exhibit C the report of Halliwell Engineering Associates ("Halliwell Report"), which summarizes the abatement efforts in the building and provides the dates such work was performed, as well as a summary of the documents which form the basis of the Halliwell Report.

In addition, this building was the subject of a previous litigation entitled The Prudential Insurance Company of America, et al. v. United States Gypsum Company, et al., as set forth in Part 4 of the Proof of Claim Form, in which extensive

4

discovery was conducted.  Prudential produced documents relating to its efforts to abate asbestos on the property to W.R. Grace and its counsel, Anthony J. Marchetta, Esq. of the Morristown, New Jersey law firm of Pitney, Hardin, Kipp and Szuch LLP. Therefore, W.R. Grace, or its counsel, is already in possession of any other documents which may be further responsive to this request.  In the event that W.R. Grace is unable to obtain such responsive documentation previously produced to its counsel, to the extent the documents are in Prudential's possession, they will be made available upon reasonable request.

See also Responses to Question Nos. 10, 25 and 31.


**Response to Question Nos. 26, 27, 28 and 29**

Documents relating to the testing of materials on the property include, but are not limited to, the constituent analysis performed by Materials Analytical Services, a report on representative sampling of the asbestos-containing fireproofing, a dust sampling report, and a report of William M. Ewing relating to asbestos testing.  These documents are attached hereto as Exhibit D.

In addition, this building was the subject of a previous litigation entitled The Prudential Insurance Company of America, et al. v. United States Gypsum Company, et al., as set forth in Part 4 of the Proof of Claim Form, in which extensive discovery was conducted.  To the extent that they exist, Prudential produced other documents relating to sampling/testing (i.e. air, dust or bulk sampling) on the property to W.R. Grace and its counsel, Anthony J. Marchetta, Esq. of the Morristown, New Jersey law firm of Pitney, Hardin, Kipp and Szuch LLP.  Therefore, W.R. Grace, or its counsel, is already in possession of any other documents which may be further

responsive to this request.   In the event that W.R. Grace is unable to obtain such responsive documentation previously produced to its counsel, to the extent the documents are in Prudential's possession, they will be made available upon reasonable request.

**Response to Question No. 31**

Evidence pertaining to disturbance or modification of asbestos-containing materials in the property include the abatement efforts and renovations as set forth in the Responses to Question Nos. 10, 22, 23 and 25.

In addition, this building was the subject of a previous litigation entitled The Prudential Insurance Company of America, et al. v. United States Gypsum Company, et al., as set forth in Part 4 of the Proof of Claim Form, in which extensive discovery was conducted.   Prudential produced documents relating to any disturbance or modification of asbestos-containing materials on the property to W.R. Grace and its counsel, Anthony J. Marchetta, Esq. of the Morristown, New Jersey law firm of Pitney, Hardin, Kipp and Szuch LLP.   Therefore, W.R. Grace, or its counsel, is already in possession of any other documents which may be further responsive to this request.   In the event that W.R. Grace is unable to obtain such responsive documentation previously produced to its counsel, to the extent the documents are in Prudential's possession, they will be made available upon reasonable request.

## PART 4: ASBESTOS LITIGATION AND CLAIMS

### Response to Questions A.2 and B.1

This building was the subject of previous litigation, captioned: The Prudential Insurance Company of America, et al. v. United States Gypsum Co.; W.R.Grace & Co.; The Celotex Corporation; United States Mineral Products Co.; Keene Corporation; Asbestospray Corporation, Civil Action No. 87-4277 and The Prudential Insurance Company of America, et al. v. National Gypsum Company, Civil Action No. 87-4328. These cases were filed in the United States District Court for the District of New Jersey.

The Complaint in The Prudential Insurance Company of America, et al. v. United States Gypsum Co., et al. was filed on October 20, 1987. The Complaint in The Prudential Insurance Company of America v. National Gypsum was filed on October 21, 1987. These actions were consolidated on October 17, 1988. On April 13, 1989, Prudential filed its First Amended Complaint and Jury Demand in the consolidated litigation. Copies of the First Amended Complaint, and the face pages of the two earlier Complaints, are attached hereto as Exhibit E.

No lawsuit other than what is set forth above has been brought, but that litigation did include claims of joint and several liability. During the pendency of the above identified action all of the defendants filed for bankruptcy or dissolution. While there are claims pending in several bankruptcy proceedings and there is also a pending appeal, the claim related to the property that is the subject of this Proof of Claim is only being pursued against W.R. Grace & Co.

## C. MISCELLANEOUS PROVISIONS

1.    No Waiver of Security or Rights:   In executing and filing this proof of claim, Prudential does not waive any right to security held by it or for its benefit or any other right or rights that Prudential has or may have against Debtors or any other person or persons.

2.    Right to Amend Reserved:   Prudential expressly reserves the right to amend or supplement this proof of claim (including, but not limited to, for purposes of asserting a claim for rejection damages, administrative priority, fixing the amount of damages, fees, costs and expenses referred to herein) at any time and in any respect.

3.    Jurisdiction Only Over Claim:   In filing the within claim, Prudential does not submit itself to the jurisdiction of the Court for any other purpose other than with respect to such claim.

4.    Additional Claims:   This proof of claim is made without prejudice to the filing by Prudential of additional proofs of claim with respect to any other indebtedness or liability of Debtors to Prudential.

3255211.01

# EXHIBIT A

3591489.1

SPECIFICATIONS &
RELATED DOCUMENTS
2600      FOR

# Century Center
# Building Four

ATLANTA, GEORGIA
PROJECT 72136
JULY 25, 1972

# Neuhaus+Taylor
## ARCHITECTS/PLANNING CONSULTANTS

# Chenault & Brady
## CONSULTING ENGINEERS

— PIS 00014667    —

# Ellisor Engineers, Inc.
## STRUCTURAL ENGINEERS

72136                          8/31/72                          AD1-1

---------------------------------------------------------------
ADDENDUM NO. 1  TO CONTRACT DOCUMENTS
---------------------------------------------------------------

TO: McDevitt & Street Company
    General Contractors
    2622 Piedmont Road N.E.
    Atlanta, Georgia  30324


FROM:   Neuhaus and Taylor, A.I.A.
        Architects and Planning Consultants
        5051 Westheimer, Houston, Texas  77027
        Charles E. Burgess
        Project Director


JOB NAME:  Century Center Building Four
           —

LOCATION:  Atlanta, Georgia


OWNER:  Gray Properties
        2200 Century Parkway N.E.
        Atlanta, Georgia  30345


PROJECT NO: 72136


Acknowledge receipt of the Addendum by inserting its number in the
Agreement. This Addendum forms a part of the Contract Documents and
insofar as the original Drawings and Specifications are inconsistant,
this Addendum governs.

---------------------------------------------------------------
INDEX TO THIS ADDENDUM
---------------------------------------------------------------
                                                    Page No.

SPECIFICATION
    MODIFICATIONS - ARCHITECTURAL                      3

SPECIFICATION
    MODIFICATIONS - MEP                                9

— PIS 00014668 —

---------------------------------------------------------

OF CONTENTS                                      FINISHES

---------------------------------------------------------

| Section | Pages |
|---|---|
| 9A3 - METAL FURRING & LATHING | 4 |
| 9B0 - GYPSUM DRYWALL SYSTFM | 7 |
| 9C0 - PLASTER | 4 |
| 9C7 - SPRAYED PLASTER FIREPROOFING | 3 |
| 9E0 - ACOUSTIC CEILINGS | 6 |
| 9G1 - CERAMIC TILE & MOSAICS | 5 |
| 9G7 - TILE PAVERS | 4 |
| 9H0 - INTERIOR STONE | 3 |
| 9N0 - RESILIENT BASE | 2 |
| 9R1 - CARPETING | 3 |
| 9T0 - PAINTING | 8 |
| 9Y5 - VINYL WALLCOVERING | 4 |

— PIS 00014674     —

ION 9C7 - SPRAYED PLASTER FIREPROOFING

ED DOCUMENTS:

onditions of the Contract and applicable requirements of
sion 1 govern this Section.

rence Specifications:

erwriter's Laboratories "Building Materials List", Guide No. 40
3, January 1970 edition.

erwriter's Laboratories "Building Materials List", Guide No. 40
6, January 1970 edition.

ERAL:

low the manufacturer's printed instructions for the use and
tallation of his products; except, follow the specifications
en herein when these specifications are more restrictive.

licator shall be licensed or franchised by the manufacturer to
tall his products.

ceed with the work only when conditions are suitable for satis-
tory performance of the work.

re-Resistance Ratings: Comply with fire-resistance ratings as
own and as required by governing authorities and codes. Provide
rayed plaster fireproofing materials and application procedures
ich have been tested and listed by the UL for the type of con-
ruction shown.

rranty:

accepting a Contract, this Contractor agrees to warrant his work
r one year against becoming unserviceable or objectionable in
pearance as a result of being defective or non-conforming.
thout limiting the warranty scope, the work shall be warranted
t to:
  Delaminate from the substrate.
  Dust or deteriorate on the surface.
  Lose insulation value.

— PIS 00014675

MATERIALS:

Cementitious Mixture shall comply with U.L. "Building Materials List" Guide No. 40 U18.2, January 1970 edition.

Products offered by manufacturers complying with the requirements include the following:
    "Zonolite"; W.R. Grace & Company
    "Mono-Kote"; Vermiculite Products, Inc.

Fibrous Mixture shall comply with U.L. "Building Materials List", Guide No. 40 U18.3, January 1970 edition.

Products offered by manufacturers complying with the requirements include the following:
    "Asbestospray"; Aspestospray Corp.
    "Spray Don"; Sprayon Research Corp.

Sealer: When required, the sealer shall comply with the sprayed plaster fireproofing manufacturer's recommendations and shall not change the fire-resistance ratings of the materials.

Delivery: All manufactured materials shall be delivered in original, unopened packages, properly displaying name of manufacturer and underwriter's Label and appropriate labels for the application specified.


INSTALLATION:

No installations shall be made in freezing weather except under conditions approved by the manufacturer.

Examination of Conditions:

Proceed only when conditions are suitable for satisfactory performance of the work. Supports for ductwork, piping and other mechanical and pumping equipment shall be installed BEFORE fireproofing begins.

Preparation:

Arrange procedures and devices to protect other work from disfigurement and physical damage. This Contractor shall be responsible for damages resulting from his work.

Thoroughly clean dirt, dust, grease, oil and other materials which would prevent good adhesion.

— PIS 00014676 —

## MATERIALS:

**Cementitious Mixture** shall comply with U.L. "Building Materials List" Guide No. 40 U18.2, January 1970 edition.

Products offered by manufacturers complying with the requirements include the following:
    "Zonolite"; W.R. Grace & Company
    "Mono-Kote"; Vermiculite Products, Inc.

**Fibrous Mixture** shall comply with U.L. "Building Materials List", Guide No. 40 U18.3, January 1970 edition.

Products offered by manufacturers complying with the requirements include the following:
    "Asbestospray"; Aspestospray Corp.
    "Spray Don"; Sprayon Research Corp.

**Sealer**: When required, the sealer shall comply with the sprayed plaster fireproofing manufacturer's recommendations and shall not change the fire-resistance ratings of the materials.

**Delivery**: All manufactured materials shall be delivered in original unopened packages, properly displaying name of manufacturer and Underwriter's Label and appropriate labels for the application specified.


## INSTALLATION:

No installations shall be made in freezing weather except under conditions approved by the manufacturer.

## Examination of Conditions:

Proceed only when conditions are suitable for satisfactory performance of the work. Supports for ductwork, piping and other mechanical and pumping equipment shall be installed BEFORE fireproofing begins.

## Preparation:

Arrange procedures and devices to protect other work from disfigurement and physical damage. This Contractor shall be responsible for damages resulting from his work.

Thoroughly clean dirt, dust, grease, oil and other materials which would prevent good adhesion.

— PIS 00014677   —

## MATERIALS:

<u>Cementitious Mixture</u> shall comply with U.L. "Building Materials List" Guide No. 40 U18.2, January 1970 edition.

Products offered by manufacturers complying with the requirements include the following:

"Zonolite"; W.R. Grace & Company
"Mono-Kote"; Vermiculite Products, Inc.

<u>Fibrous Mixture</u> shall comply with U.L. "Building Materials List", Guide No. 40 U18.3, January 1970 edition.

Products offered by manufacturers complying with the requirements include the following:

"Asbestospray"; Aspestospray Corp.
"Spray Don"; Sprayon Research Corp.

<u>Sealer</u>: When required, the sealer shall comply with the sprayed plaster fireproofing manufacturer's recommendations and shall not change the fire-resistance ratings of the materials.

<u>Delivery</u>: All manufactured materials shall be delivered in original, unopened packages, properly displaying name of manufacturer and Underwriter's Label and appropriate labels for the application specified.

## INSTALLATION:

No installations shall be made in freezing weather except under conditions approved by the manufacturer.

### Examination of Conditions:

Proceed only when conditions are suitable for satisfactory performance of the work. Supports for ductwork, piping and other mechanical and pumping equipment shall be installed BEFORE fireproofing begins.

### Preparation:

Arrange procedures and devices to protect other work from disfigurement and physical damage. This Contractor shall be responsible for damages resulting from his work.

Thoroughly clean dirt, dust, grease, oil and other materials which would prevent good adhesion.

— PIS 00014678 —

MATERIALS:

Cementitious Mixture shall comply with U.L. "Building Materials List" Guide No. 40 U18.2, January 1970 edition.

Products offered by manufacturers complying with the requirements include the following:
"Zonolite"; W.R. Grace & Company
"Mono-Kote"; Vermiculite Products, Inc.

Fibrous Mixture shall comply with U.L. "Building Materials List", Guide No. 40 U18.3, January 1970 edition.

Products offered by manufacturers complying with the requirements include the following:
"Asbestospray"; Aspestospray Corp.
"Spray Don"; Sprayon Research Corp.

Sealer: When required, the sealer shall comply with the sprayed plaster fireproofing manufacturer's recommendations and shall not change the fire-resistance ratings of the materials.

Delivery: All manufactured materials shall be delivered in original unopened packages, properly displaying name of manufacturer and Underwriter's Label and appropriate labels for the application specified.

INSTALLATION:

No installations shall be made in freezing weather except under conditions approved by the manufacturer.

Examination of Conditions:

Proceed only when conditions are suitable for satisfactory perform-ance of the work. Supports for ductwork, piping and other mechanical and pumping equipment shall be installed BEFORE fireproofing begins.

Preparation:

Arrange procedures and devices to protect other work from disfigure-ment and physical damage. This Contractor shall be responsible for damages resulting from his work.

Thoroughly clean dirt, dust, grease, oil and other materials which would prevent good adhesion.

— PIS 00014679 —

## Application to Masonry and Steel:

Wet surfaces to be treated with water. Apply full thickness in one continuous operation. Tamp to required thickness mechanically, or by light spray of water if tamping is required by U.L. Design. Conform to local codes.

Thickness shall be adequate to achieve U.L. rating.

## Application in Exposed Areas:

Appearance: Level base coat to provide a desirable finish appearance. Finish: Colored white with integral coloring; Uniform texture. Joist Finish: Carry texture finish coat over joists and beams to provide an overall, uniform color and texture.

## Clean-Up:

After completion of each day's work, the Contractor shall clean all surfaces, including walls and floors upon which waste fiber has been deposited.

## SUBMITTALS:

Submit the following for review, approval or coordination as directed:
   Full report(s) of Underwriters' Laboratories, Inc. fire tests including written material and detailed drawings of the tested assembly.

   Materials manufacturer's printed instructions for methods and procedures of application.

   Bond test data for uncoated, coated and galvanized steel applications.

## Return Air Plenums:

When fireproofed, test data shall be submitted to the Architect indicating how the material effectively resists erosion, dusting or flaking due to high velocity air movement.

END OF SECTION 9C7

— PIS 00014680 —

ENTERED
on
THE DOCKET
on  3-26  19 96
WILLIAM T. WALSH, CLERK
By
(Deputy Clerk)

384

FILED

MAR 2 5 1996

AT 8:30 . . . . . . . . . . . . M
WILLIAM T. WALSH
CLERK

RIKER, DANZIG, SCHERER, HYLAND & PERRETTI
Headquarters Plaza
One Speedwell Avenue
Morristown, New Jersey   07962-1981
(201) 538-0800

FEDERAL BAR NO. EZ-3452

Attorneys for Plaintiffs,
The Prudential Insurance Company
    of America, et al.

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, et al., | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY |
| Plaintiffs, | CIVIL ACTION |
| vs. | No. 87-4227 (HAA) No. 87-4238 (HAA) |
| UNITED STATES GYPSUM COMPANY, et al., | ORDER ESTABLISHING A FINAL PRETRIAL SCHEDULE |
| Defendants. | |

        The parties, through their respective counsel, having
appeared before the Court in connection with a pending motion
brought by plaintiffs for a separate trial on nine representative
buildings and for a status conference; and the parties and the
Court having discussed the status of this matter; and for good
cause shown:

IT IS on the _____ 22 _____ day of _____ March, 1996,

ORDERED THAT:

1.    Plaintiffs' claims which have been brought or which could be brought in the future against defendants W.R. Grace & Company, United States Gypsum Company, United States Mineral Products Company and Asbestospray Corporation (collectively the "Active Defendants") in this action regarding asbestos-containing materials alleged to be present in the fifteen (15) properties listed below be and hereby are dismissed without cost to any party and with prejudice upon the conditions that such dismissal is without prejudice to any claim related to the properties identified in paragraph 3 of this Order or relating to any persons or entities not currently named as defendants in this matter:

1.    Beverly Hills Hilton
      9876 Wilshire Blvd.
      Beverly Hills, CA 90209

2.    Bunker Hill Towers
      Condominiums
      800 West 1st Street
      Los Angeles, CA 90012

3.    Bunker Hill Towers
      222 S. Figueroa
      Los Angeles, CA 90012

4.    Emigrant Savings Bank
      6 East 43rd Street
      New York, NY

5.    Executive Plaza
      4615-35 Southwest Freeway
      Houston, TX 77027

6.    Houston Natural Gas
      Building
      1200 Travis Street
      Houston, TX 77002

7.    Hyatt Regency
      623 Union Street
      Nashville, TN 37219

8.    Lockheed Building
      645 Almanor Avenue
      Sunnyvale, CA 94086

9.    Midland Center
      134 Robert S. Kerr Ave.
      Oklahoma City, OK 73102

10.   Park Towers
      1233 & 1333 West
      Loop South
      Houston, TX 77207

-2-

11. Prudential Center
    Chicago
    One Prudential Plaza
    Chicago, IL 60601

12. Turtle Bay Hilton
    and Country Club
    Rural Oahu
    Kahuku, Hawaii 96731

13. Valley Bank Center
    201 North Central Avenue
    Phoenix, AZ

14. Westroads Shopping
    Center
    102 Dodge Street
    Omaha, NE

15. 200 Market Street Bldg.
    200 Market Street
    Portland, OR

2.   Plaintiffs' claims which have been brought in this action regarding asbestos-containing materials alleged to be present in the five (5) properties listed below are hereby stayed as to this litigation and shall be pursued only through the bankruptcy proceedings of defendants National Gypsum Company, In re National Gypsum Co., No. 390-37213-5AF-11 (Bankr. N.D. Tex. filed Oct. 28, 1990), Celotex Corporation, In re The Celotex Corp., Nos. 90-1001G-8B1 and 90-10017-8B1 (Banker. M.D. Fla. filed Oct. 12, 1990), and Keene Corporation In re Keene Corp., No. 93B46090 (SMB) (Bankr. S.D.N.Y. filed on Dec. 3, 1993), (collectively referred to as "Bankruptcy Proceedings") or any future proceedings or actions allowed by the Bankruptcy Proceedings:

1. Colony Square
   100 Colony Square, NE
   Atlanta, GA 30361

2. Comerica Building
   151 South Rose St.
   Kalamazoo, MI 49007

3. Merabank & Trader Buildings
   3003 North Central Ave.
   Phoenix, AZ

4. Todd Towers
   888 North Sepulveda
   El Segundo, CA 90245

5. 241 Building
   Abbot Road
   East Lansing, MI 48823

-3-

3.   The claims which remain against the Active Defendants involve claims relating to asbestos-containing materials alleged to be present in the eighteen (18) properties listed below:

1.  Brookhollow I
    2800 North Loop West
    Houston, TX 77092

2.  Century Center Complex
    2200 & 2600 Century
    Parkway
    Atlanta, GA 30345

3.  Chatham Center
    5th Avenue
    Crosstown Expressway
    Pittsburgh, PA
            and
    Hyatt Pittsburgh
    112 Washington Street
    Pittsburgh, PA

4.  Embarcadero Center I
    One Embarcadero Center
    San Francisco, CA 94100

5.  Embarcadero Center II
    Two Embarcadero Center
    San Francisco, CA 94100

6.  First Florida Tower
    111 Madison Street
    Tampa, FL 33602

7.  Five Penn Center
    16th & Market Street
    Philadelphia, PA 19000

8.  Hunt Valley Marriott
    I-83 at Shawn Road
    Hunt Valley, MD

9.  Northland Towers Office
    Center
    Northland Dr. & Greenfield Rd.
    Southfield, MI

10. Northwest Financial
    Center
    7900 Xerxes Ave. South
    Bloomington, MN 55431

11. Prudential Plaza
    Denver
    1050 17th Street
    Denver, CO

12. Prudential Plaza Bldg.
    (Newark)
    745 Broad Street
    Newark, NJ 07101

13. Renaissance Tower
    1201 Elm Street
    Dallas TX 75270

14. Short Hills Office
    Building
    51 John F. Kennedy Parkway
    Short Hills, NJ 07078

15. Southdale Office
    Complex
    5600 France Avenue
    Edina, MN

16. Twin Towers/Gaslight
    Tower
    235 Peachtree Street, NE
    Atlanta, GA 30303

17. 130 John Street Bldg.
    130 John Street
    New York, NY

-4-

18.  1100 Milam Bldg.
     1100 Milam
     Houston, TX 77002

4.    A.    For purposes of this case only, defendant
W.R. Grace hereby waives its right to contest the issue of
product identification related to the following properties, but
does not waive and reserves the right to contest the quantity of
product in each property:

          -Century Center Complex          -Renaissance Tower
           2200 & 2600 Century Parkway      1201 Elm Street
           Atlanta, GA 30345                Dallas, TX 75270


          -Embarcadero Center I            -Embarcadero Center II
           One Embarcadero Center           Two Embarcadero Center
           San Francisco, CA 94100          San Francisco, CA 94100

          B.    For purposes of this case only, and in
consideration of plaintiffs' dismissal of their claims against
United States Gypsum regarding asbestos-containing materials
alleged to be present in the Hyatt Regency, Nashville, TN, Bunker
Hill Towers, Los Angeles, CA, Emigrant Savings Bank, New York,
NY, and Prudential Center, Chicago, IL., defendant United States
Gypsum hereby waives and gives up its right to contest the issue
of product identification related to the following properties,
with, where applicable, the limitations noted in parentheses, but
does not waive and reserves its right to contest the quantity of
product in each property:

          -Chatham Center                  -Five Penn Center
           5th Avenue                       16th & Market Street
           Crosstown Expressway             Philadelphia, PA 19000
           Pittsburgh, PA
               and

Hyatt Pittsburgh
112 Washington Street
Pittsburgh, PA
**(As to Floors 1 through
7 Only)**

-Prudential Plaza Bldg.
(Newark)
751 Broad Street
Newark, NJ 07101
**(As to Mall Only)**

-Twin Towers/Gaslight
 Tower
235 Peachtree Street, NE
Atlanta, GA 30303
**(As to Gaslight Tower Only)**

5.   All remaining discovery in this action shall be completed as follows:

## BUILDING-SPECIFIC DISCOVERY

A.   All building-specific discovery has been completed on the following properties, except as noted in Orders entered by the Court in February or March 1996 regarding motions to compel further discovery:

> Embarcadero Center I,
> Embarcadero Center II,
> Brookhollow I,
> Five Penn Center,
> Chatham Center/Hyatt Pittsburgh,
> Prudential Plaza, Newark,
> 130 John Street,
> Hunt Valley Marriott, and
> Short Hills Office Building

B.   All building-specific discovery on the following properties:

> Renaissance Tower
> Century Center
> First Florida Tower
> Northland Towers
> Southdale Office Complex
> Twin Towers
> Northwest Financial Center
> Prudential Plaza, Denver
> 1100 Milam

-6-

shall be completed as follows:

(i)    Defendants shall be permitted to
       serve   twenty-five   (25)
       interrogatories,   without   sub-
       parts, regarding each of the above
       buildings on or before March 30,
       1996,   except   for   Renaissance
       Tower, regarding which no further
       interrogatories will be permitted.

(ii)   Plaintiffs shall serve objections
       (for which no answers will be
       subsequently   provided)   to   the
       building-specific interrogatories
       fifteen (15) days after receipt of
       the interrogatories and plaintiffs
       shall   serve   answers   forty-five
       (45)  days  after  receipt  of  the
       interrogatories.

(iii)  Defendants shall be permitted to
       conduct   a   physical   inspection,
       including air and dust sampling,
       of   the   above   buildings   on   or
       before July 30, 1996, pursuant to
       a schedule to be worked out by
       counsel.

(iv)   Documents regarding each of the
       above   buildings   shall   be   made
       available   to   defendants   at
       locations for each building to be
       designated   by   plaintiffs   and
       defendants   shall   complete   their
       review of documents and designate
       documents   to   be   copied   on   or
       before April 30, 1996.

(v)    Within   five   (5)   days   of   the
       completion of defendants' document
       review   at   a   building,   the
       documents designated for copying
       by   defendant   shall   be   made
       available to a mutually selected
       copying   company.   The   copying
       company shall mark the documents
       with   PIS   numbering   to   be
       identified by plaintiffs and shall
       produce   identical   sets   of   the
       documents   to   plaintiffs   and
       defendants,   with   each   party

-7-

bearing half of the copying costs. Plaintiffs reserve their right to identify inadvertently produced privileged documents by supplying a privileged log thirty (30) days after receipt of the copies of the documents by defendants and plaintiffs.

(vi)      Defendant W.R. Grace shall be permitted to take a total of eighty-five (85) depositions and defendant U.S. Gypsum shall be permitted to take a total of fifteen (15) depositions of fact witnesses regarding the above buildings, including Rule 30(b)(6) witnesses. No other depositions will be permitted except by written consent of counsel for plaintiff or by leave of Court for extraordinary circumstances and for good cause shown. The defendants shall identify the witnesses to plaintiff as soon as reasonably possible but no later than June 15, 1996, subject to the disclosure of additional witnesses at depositions taking place after June 15, 1996. As to depositions conducted after September 15, 1996, no informal requests for additional documents at or in connection with depositions will be allowed. All depositions must be completed on or before October 30, 1996, and there will be no extensions.

(vii)      Plaintiffs shall be permitted to take a total of fifteen (15) depositions of fact witnesses regarding the above buildings. No other depositions will be permitted except by written consent of counsel for defendant or by leave of Court for extraordinary circumstances and for good cause shown. The depositions must be completed on or before October 30, 1996, and there will be no extensions.

**GENERAL LIABILITY DISCOVERY**

C.     Defendants, jointly, shall be permitted to
take a total of eighty (80) additional
depositions of fact witnesses, including
Rule 30(b)(6) witnesses, regarding general
liability issues (even if such issues relate
to buildings currently or formerly at issue
in the litigation), and plaintiffs shall be
permitted to take a total of eighty (80)
additional depositions of fact witnesses,
including Rule 30(b)(6) witnesses, regarding
general liability issues.     The parties
will be permitted to serve additional third-
party document subpoenas which do not
involve a deposition.  No other depositions
will be permitted except by written consent
of counsel or by leave of Court for
extraordinary circumstances and for good
cause shown.  All such fact witnesses shall
be identified as soon as reasonably possible
but no later than July 30, 1996, subject to
the disclosure of additional witnesses at
depositions taking place after July 30,
1996.  As to depositions conducted after
September 15, 1996, no informal requests for
additional documents at or in connection

-9-

with depositions will be allowed.      All
depositions shall be completed on or before
October 30, 1996, and there will be no
extensions.

**EXPERT DISCOVERY**

D.    On or before August 1, 1996, plaintiffs
shall identify all proposed experts. Unless
agreed to in writing by the relevant parties
(which has already been done regarding
medical experts), written expert reports
(prepared in accordance with Rule 26) shall
also be served on or before August 1, 1996.

E.    On or before September 1, 1996, defendants
shall identify all proposed experts. Unless
agreed to in writing by the relevant parties
(which has already been done regarding
medical experts), written expert reports
(prepared in accordance with Rule 26) shall
also be served on or before September 1,
1996.

F.    On or before October 1, 1996, plaintiffs
shall have the right to serve expert
rebuttal reports as long as those reports
are prepared by an expert identified on or
before August 1, 1996.

G.    All   depositions   of   experts   shall   be
conducted and completed between September 1,
1996 and October 31, 1996.

6.    All new dispositive motions or new motions for
partial summary judgment must be filed and served on or before
October 1, 1996.  The Court and the parties shall establish a
briefing and hearing schedule after the motions, if any, are
filed and served with the goal of having the motions determined
so the case is ready for trial by December 1996.

7.    The Court shall endeavor to conduct monthly status
conferences to assist the parties to resolve any issues which may
arise under the terms of this Order.

8.    A final Pretrial Order shall be jointly submitted
by the parties to the Court on November 29, 1996.

9.    A final Pretrial Conference shall be held on
December 2, 1996.  At that conference, the final Pretrial Order
will be entered and a date for a comprehensive trial addressing
all issues (including liability and damages) relating to all
properties identified in paragraph 3 of this Order shall be set
as soon thereafter as the schedule for the Court permits.

10.    There will be no extensions in the schedule
established by this Order, except for the most extraordinary
circumstances and for good cause shown upon written application
and with an opportunity for a hearing.

11.    Based on the provisions in this Order, plaintiffs voluntarily withdraw without prejudice their motion for a separate trial on nine representative buildings.

**CONSENTED TO AS TO PARAGRAPHS 1 THROUGH 4 ONLY:**

Edward A. Zunz, Jr., Esq.
Riker, Danzig, Scherer, Hyland
    & Perretti
One Speedwell Avenue
Morristown NJ 07962
Attorneys for Plaintiffs
    The Prudential Insurance
    Company of America, et. al.

Anthony J. Marchetta, Esq.
Pitney, Hardin, Kipp
    & Szuch
P.O. Box 1945
Morristown NJ 07962-1945
Attorneys for Defendant
    W.R. Grace & Co.

Kell M. Damsgaard, Esq.
Morgan, Lewis & Bockius
2000 One Logan Square
Philadelphia PA 19103
Attorneys for Defendant
    United States Gypsum Company

Gregory Wright, Esq.
Stich, Angell, Kreidler,
    Brownson & Ballou
The Crossings, Suite 120
250 Second Avenue South
Minneapolis MN 55401-2122
Attorneys for Defendant
Asbestospray Corporation

Paul Slater, Esq.
Danaher, Tedford, Lagnese
    & Neal
20 Exchange Place
New York, NY 10005
Attorneys for Defendant
    United States Mineral Products

F:\SSDATA\RGI\PLD\2012371.1

-13-

**CONSENTED TO AS TO PARAGRAPHS 1 THROUGH 4 ONLY:**

Edward A. Zunz, Jr., Esq.
Riker, Danzig, Scherer, Hyland
 & Perretti
One Speedwell Avenue
Morristown NJ 07962
Attorneys for Plaintiffs
    The Prudential Insurance
      Company of America, et. al.

Anthony J. Marchetta, Esq.
Pitney, Hardin, Kipp
 & Szuch
P.O. Box 1945
Morristown NJ 07962-1945
Attorneys for Defendant
    W.R. Grace & Co.

Kell M. Damsgaard, Esq.
Morgan, Lewis & Bockius
2000 One Logan Square
Philadelphia PA 19103
Attorneys for Defendant
    United States Gypsum Company

Gregory Wright, Esq.
Stich, Angell, Kreidler,
 Brownson & Ballou
The Crossings, Suite 120
250 Second Avenue South
Minneapolis MN 55401-2122
Attorneys for Defendant
Asbestospray Corporation

Paul Slater, Esq.
Danaher, Tedford, Lagnese
 & Neal
20 Exchange Place
New York NY 10005
Attorneys for Defendant
    United States Mineral Products

F:\3\DATA\RGI\PLD\2012371.1

-12-

CONSENTED TO AS TO PARAGRAPHS 1 THROUGH 4 ONLY:

Edward A. Zunz, Jr., Esq.  
Riker, Danzig, Scherer, Hyland  
  & Perretti  
One Speedwell Avenue  
Morristown NJ 07962  
Attorneys for Plaintiffs  
  The Prudential Insurance  
    Company of America, et. al.

Anthony J. Marchetta, Esq.  
Pitney, Hardin, Kipp  
  & Szuch  
P.O. Box 1945  
Morristown NJ 07962-1945  
Attorneys for Defendant  
  W.R. Grace & Co.

Kell M. Damsgaard, Esq.  
Morgan, Lewis & Bockius  
2000 One Logan Square  
Philadelphia PA 19103  
Attorneys for Defendant  
  United States Gypsum Company

Gregory Wright, Esq.  
Stich, Angell, Kreidler,  
  Brownson & Ballou  
The Crossings, Suite 120  
250 Second Avenue South  
Minneapolis MN 55401-2122  
Attorneys for Defendant  
  Asbestospray Corporation

Paul Slater, Esq.  
Danaher, Tedford, Lagnese  
  & Neal  
20 Exchange Place  
New York NY 10005  
Attorneys for Defendant  
  United States Mineral Products

F:\SSDATA\201\PLD\2012371.1

-12-

SENT BY:RIKER,DANZIG          : 3-18-96 ; 5:02PM ;RIKER,DANZIG,SCHERER→          201 866 1550;#16/16

**CONSENTED TO AS TO PARAGRAPHS 1 THROUGH 4 ONLY:**

Edward A. Zunz, Jr., Esq.
Riker, Danzig, Scherer, Hyland
  & Perretti
One Speedwell Avenue
Morristown NJ 07962
Attorneys for Plaintiffs
  The Prudential Insurance
    Company of America, et. al.

Anthony J. Marchetta, Esq.
Pitney, Hardin, Kipp
  & Szuch
P.O. Box 1945
Morristown NJ 07962-1945
Attorneys for Defendant
  W.R. Grace & Co.

Kell M. Damsgaard, Esq.
Morgan, Lewis & Bockius
2000 One Logan Square
Philadelphia PA 19103
Attorneys for Defendant
  United States Gypsum Company

Gregory Wright, Esq.
Stich, Angell, Kreidler,
  Brownson & Ballou
The Crossings, Suite 120
250 Second Avenue South
Minneapolis MN 55401-2122
Attorneys for Defendant
  Asbestospray Corporation

Paul Slater, Esq.
Danaher, Tedford, Lagnese
  & Neal
20 Exchange Place
New York NY 10005
Attorneys for Defendant
  United States Mineral Products

F:\MSDATA\MS1\PLD\1812375.1

-13-

2015361934

03-18-96 05:08PM P016 #45

R=94%

SENT BY:RIKER, DANZIG,     ; 3-15-96 ; 3:02PM ;RIKER, DANZIG, SCHERER→     2122692976;#15/15

**CONSENTED TO AS TO PARAGRAPHS 1 THROUGH 4 ONLY:**

Edward A. Zunz, Jr., Esq.
Riker, Danzig, Scherer, Hyland
  & Perretti
One Speedwell Avenue
Morristown NJ 07962
Attorneys for Plaintiffs
    The Prudential Insurance
      Company of America, et. al.

Anthony J. Marchetta, Esq.
Pitney, Hardin, Kipp
  & Szuch
P.O. Box 1945
Morristown NJ 07962-1945
Attorneys for Defendant
    W.R. Grace & Co.

Kell M. Damsgaard, Esq.
Morgan, Lewis & Bockius
2000 One Logan Square
Philadelphia PA 19103
Attorneys for Defendant
    United States Gypsum Company

Gregory Wright, Esq.
Stich, Angell, Kreidler,
  Brownson & Ballou
The Crossings, Suite 120
250 Second Avenue South
Minneapolis MN 55401-2122
Attorneys for Defendant
Asbestospray Corporation

Paul Slater, Esq.
Danaher, Tedford, Lagnese
  & Neal
20 Exchange Place
New York NY 10005
Attorneys for Defendant
    United States Mineral Products

F:\SSDATA\MS\\PLD\2912371.1

-12-

03/15/96  15:55     TX/RX NO.2322     P.015

# EXHIBIT B

ATTACHMENT I

ASBESTOS SURVEY REPORT

FOR

PRUDENTIAL INSURANCE COMPANY

CENTURY CENTER COMPLEX

BCM PROJECT NO. 05-4151-06

APRIL 28, 1986

BCM CONVERSE INC.
108 ST. ANTHONY STREET
MOBILE, ALABAMA 36602

© 1986 BCM CONVERSE INC.

C-2

July 18, 1986

PIS 00006657

Building 2200

## VISUAL OBSERVATION

Friable fireproofing was observed on structural steel throughout the
building (Floors 1 through 10 and basement).  A transite cooling
tower was observed on the roof.  Pipe lagging and pipe elbows,
possibly containing asbestos, were observed in the mechanical rooms
on all floors.

## BULK SAMPLING RESULTS

| SAMPLE NO. | LOCATION | RESULTS |
|------------|----------|---------|
| 01 | 4th Floor Ceiling Tile | 0% |
| 02 | 4th Floor – Fireproofing | 20% |
| 03 | 7th Floor Mech Room Pipe Elbow Tape | 10% |
| 04 | 7th Floor – Fireproofing | 20% |
| 05 | Basement – Elbows on Chillers | 50% |
| 06 | 10th Floor – Fireproofing | 6% |
| 07 | 10th Floor – Fireproofing | 5% |
| 08 | 10th Floor – Fireproofing | 7% |
| 09 | 10th Floor – Elbows in Mech Room – on Hot Water Heater | 10% |
| 10 | 9th Floor – Ceiling Tile | 0% |
| 11 | 9th Floor – Fireproofing | 8% |
| 12 | 9th Floor – Fireproofing | 8% |
| 13 | 9th Floor – Fireproofing | 7% |
| 14 | 8th Floor – Fireproofing | 9% |
| 15 | 8th Floor – Fireproofing | 7% |

C-3

July 18, 1986

PIS 00006658

BUILDING 2200
(continued)

BULK SAMPLING RESULTS

| SAMPLE NO. | LOCATION | RESULTS |
|---|---|---|
| 16 | 8th Floor – Fireproofing | 7% |
| 17 | 7th Floor – Fireproofing | 6% |
| 18 | 7th Floor – Fireproofing | 8% |
| 19 | 7th Floor – Fireproofing | 10% |
| 20 | 7th Floor Mech Room Pipe Elbows – Tape | 40% |
| 21 | 6th Floor – Fireproofing | 6% |
| 22 | 6th Floor – Fireproofing | 9% |
| 23 | 6th Floor – Fireproofing | 7% |
| 24 | 5th Floor – Fireproofing | 8% |
| 25 | 5th Floor – Fireproofing | 15% |
| 26 | 5th Floor – Fireproofing | 8% |
| 27 | 5th Mech Room Pipe Elbow – Tape | 50% |
| 28 | 4th Floor – Floor Tile | 0% |
| 29 | 4th Floor – Fireproofing | 10% |
| 30 | 4th Floor – Fireproofing | 7% |
| 31 | 3rd Floor – Fireproofing | 6% |
| 32 | 3rd Floor – Fireproofing | 6% |
| 33 | 3rd Floor – Fireproofing | 8% |
| 34 | 2nd Floor – Fireproofing | 10% |
| 35 | 2nd Floor – Fireproofing | 8% |
| 36 | 2nd Floor – Fireproofing | 8% |
| 37 | 1st Floor – Fireproofing | 7% |
| 38 | 1st Floor – Fireproofing | 8% |
| 39 | 1st Floor – Fireproofing | 8% |

C-4

July 18, 1986

PIS 00006659

## BUILDING 2200
### (continued)

### BULK SAMPLING RESULTS

| SAMPLE NO. | LOCATION | RESULTS |
|---|---|---|
| 40 | Basement – Fireproofing | 6% |
| 41 | Basement – Fireproofing | 6% |
| 42 | Basement – Fireproofing | 9% |
| 43 | Basement – Elbows in Chiller Rm – Water Supply Line | 10% |
| 44 | Basement – Elbows in Heater Tank Rm | 2% |

### LOCATION OF ASBESTOS MATERIAL

Asbestos materials were confirmed within the following areas of Building 2200:

| AREA | TYPE | LOCATION |
|---|---|---|
| Basement, Floors 1-10 | Fireproofing | Throughout Floor |
| Mechanical Rooms | Pipe Elbows | Piping |
| Roof Level | Transite Panels | Cooling Tower |

C-5

July 18, 1986

Building 1800

## VISUAL OBSERVATION

Friable fireproofing was observed on structural steel throughout the
building (Floors 1 through 18).  Because a previous bulk sample
analysis (performed by others and verbally reported to BCM) indicated
a negative report, only confirmation bulk sampling was performed.  A
transite cooling tower was observed at ground level of the building.

## BULK SAMPLING RESULTS

| SAMPLE NO. | LOCATION | RESULTS |
|---|---|---|
| 01 | Elevator - Penthouse - Fireproofing | 0% |
| 02 | Elevator - Penthouse - Fireproofing | 0% |
| 03 | 18th Floor - Fireproofing | 0% |
| 04 | 15th Floor - Fireproofing - Conference Rm Suite 1500 | 0% |
| 05 | 15th Floor - Fireproofing - Mech Room | 0% |
| 06 | 10th Floor - Fireproofing - Center Core | 0% |
| 07 | 10th Floor - Fireproofing - South East Corner | 0% |
| 08 | 7th floor - Fireproofing - Mech Room | 0% |
| 09 | Basement - Chillers Elbows | 0% |
| 10 | Basement - Chillers Elbows | 0% |

## LOCATION OF ASBESTOS MATERIAL

Asbestos materials are present within the transite cooling tower of
Building 1800.

C-6

July 18, 1986

Building 2600

## VISUAL OBSERVATION

Friable fireproofing was observed on structural steel throughout the
building (Floors 1 through 4 ) and basement.  Other materials
observed include a transite cooling tower at ground level and
insulated pipe elbows in the chiller building area.

## BULK SAMPLING RESULTS

| SAMPLE NO. | LOCATION | RESULTS |
|---|---|---|
| 01 | Basement Fireproofing | 25% |
| 02 | Basement Fireproofing | 7% |
| 03 | Basement Fireproofing | 9% |
| 04 | Basement Ceiling Tile | 0% |
| 05 | 1st Floor - Fireproofing | 8% |
| 06 | 1st Floor - Fireproofing | 8% |
| 07 | 1st Floor - Fireproofing | 6% |
| 08 | 1st Floor - Ceiling Tile | 0% |
| 09 | 2nd Floor - Fireproofing | 7% |
| 10 | 2nd Floor - Fireproofing | 9% |
| 11 | 2nd Floor - Fireproofing | 9% |
| 12 | 3rd Floor - Fireproofing | 8% |
| 13 | 3rd Floor - Fireproofing | 9% |
| 14 | 3rd Floor - Fireproofing | 6% |
| 15 | Chiller Building - Elbows | 0% |
| 16 | 4th Floor - Fireproofing | 5% |
| 17 | 4th Floor - Fireproofing | 6% |
| 18 | 4th Floor - Fireproofing | 6% |

C-7

July 18, 1986

PIS 00006662

## LOCATION OF ASBESTOS MATERIAL

| AREA | TYPE | LOCATION |
|------|------|----------|
| Basement, Floors 1 – 4 | Fireproofing | Throughout Floors |
| Chiller Mech Room | Pipe Elbows | Piping |
| Ground Level | Transite | Cooling Tower |

Building 2635

## VISUAL OBSERVATION

The only friable material observed in this building was a friable exhaust muffler coating leading from the generator to the chiller room.

## BULK SAMPLING RESULTS

| SAMPLE NO. | LOCATION | RESULTS |
|------------|----------|---------|
| 01 | Basement – Generator Exhaust Insulation | 0% |

## LOCATION OF ASBESTOS MATERIAL

No asbestos materials were observed within Building 2635.

C-8

July 18, 1986

## BUILDINGS 1740, 1750, 1760, 1770, 1780, 1790

### VISUAL OBSERVATION

Transite towers were observed on the fascia, soffits and wall boards of this group of buildings.

### BULK SAMPLING RESULTS

| SAMPLE NO. | LOCATION | RESULTS |
|---|---|---|
| 01 | Floor Tile – #1770 | 0% |

### LOCATION OF ASBESTOS MATERIAL

Transite asbestos panels were observed on the exterior of the building.  The panels were found in the following areas:

    #1790 – Sides and Eaves
    #1760 – Sides and Eaves
    #1780 – Eaves Only
    #1770 – Sides and Eaves
    #1750 – Sides and Eaves
    #1740 – Eaves Only

C-9

July 18, 1986

PIS 00006664

## BUILDINGS 1900, 1901, 1925, 1950, 1975

### VISUAL OBSERVATION

Friable pipe elbows were observed in the mechanical rooms of Buildings 1900 and 1950.

### BULK SAMPLING RESULTS

| SAMPLE NO. | LOCATION | RESULTS |
|---|---|---|
| 01 | Mechanical Room Bldg. 1900 Elbows | 3% |
| 02 | Mechanical Room  Bldg. 1950 Elbows | 5% |

### LOCATION OF ASBESTOS MATERIAL

Pipe elbows in all Mechanical Rooms in Buildings 1900 and 1950

C-10

July 18, 1986

PIS 00006665



**MATERIALS
ANALYTICAL
SERVICES**

June 27, 1990

Re:  Century Center I
     Atlanta, Georgia

Based on the constituent analysis of the fireproofing
samples for the above-referenced project, it is my
opinion that the samples analyzed are Mono-Kote 3,
which was manufactured by W. R. Grace.

Worksheets reflecting our analysis are attached.

William E. Longo, Ph.D.

**PIS 00060565**

3597 Parkway Lane • Suite 250
Norcross, Georgia 30092
(404) 448-3200    FAX (404) 368-8256

BUILDING:          Century Center I
                   Atlanta, Georgia

The following bulk samples from the above-referenced buildings
were analyzed and were used to form an opinion of the manufactur-
er and product.

| Bulk Sample # | Sample Location | Collected By |
|---|---|---|
| 1 | 10th Floor Bath | McCrone |
| 3 | 8th Floor | McCrone |
| 4 | 7th Floor | McCrone |
| 5 | 6th Floor | McCrone |
| 6 | 5th Floor | McCrone |
| 7 | 4th Floor, West Hall | McCrone |
| 8 | 3rd Floor | McCrone |
| 9 | 2nd Floor | McCrone |
| 10 | 1st Floor | McCrone |
| 11 | Ground Floor | McCrone |

PIS 00060566

MATERIALS ANALYTICAL SERVICES, INC.

BULK ANALYSIS SHEET

Project # - Spl #: _M1565-1_                          Date: _9/23/88_

Project Name: _LAW ASSOCIATES /HATFIELD_             Analyst: _W.B.E._
                                                      Reviewer:

Sample Identification: _A88-120.18   CENTURY CENTER COMPLEX, 2200 BUILDING._
_____ _10TH FLOOR BATH._

Gross Visual Description: _TAN TO LIGHT GRAY MATRIX WITH GOLD FLAKES_
_THROUGHOUT. FINE FIBERS EXPOSED._

ASBESTOS MINERALS:                    Est. Vol. %

Chrysotile . . . . . . . . . .    _9_
Amosite . . . . . . . . . .       _____
Crocidolite . . . . . . . .       _____
Tremolite/Actinolite . . . . .    _____
Anthophyllite . . . . . . . .     _____

OTHER FIBROUS COMPONENTS:

Mineral/Rock wool . . . . . .     _____
Fibrous glass . . . . . . . .     _____
Cellulose . . . . . . . . . .     _TR_
Synthetic . . . . . . . . . .     _____
Talc . . . . . . . . . . . .      _____

NON-FIBROUS COMPONENTS:

Perlite . . . . . . . . . .       _____
Vermiculite . . . . . . . . .     _39_
Mica . . . . . . . . . . . .      _____
Quartz . . . . . . . . . .        _____
Calcite . . . . . . . . . .       _____
Gypsum . . . . . . . . . .        _____
Diatoms . . . . . . . . . .       _____
Other _GRANULAR MINERALS_         _TR_

Binders . . . . . . . . . .       _52_
_PREDOMINANTLY GYPSUM. SMALL AMOUNTS OF CARBONATE._

EFFERVESCENCE: _VERY WEAK_

COMMENTS:
_IODINE STARCH TEST NEGATIVE ORANGE COLOR._

MATERIALS ANALYTICAL SERVICES, INC.

BULK ANALYSIS SHEET

Project # ~ Spl #: _M1565-3_          Date: _9/23/88_

Project Name: _LAW ASSOCIATES/HATFIELD_          Analyst: _U.B.E._
Reviewer: _____

Sample Identification: _A88-120.18   #3 FROM 2200 BUILDING OF CENTURY_

_CENTER COMPLEX. 8TH FLOOR, SW. QUADRANT._

Gross Visual Description: _TAN TO LIGHT GRAY MATRIX WITH GOLD FLAKES._

_FINE FIBERS EXPOSED._

ASBESTOS MINERALS:          Est. Vol. %

Chrysotile . . . . . . . . . . _8_
Amosite . . . . . . . . . . :
Crocidolite . . . . . . . . :
Tremolite/Actinolite . . . . :
Anthophyllite . . . . . . . :

OTHER FIBROUS COMPONENTS:

Mineral/Rock wool . . . . . . :
Fibrous glass . . . . . . . :
Cellulose . . . . . . . . . :
Synthetic . . . . . . . . . :
Talc . . . . . . . . . . . . :

NON-FIBROUS COMPONENTS:

Perlite . . . . . . . . . . :
Vermiculite . . . . . . . . . _40_
Mica . . . . . . . . . . . :
Quartz . . . . . . . . . . :
Calcite . . . . . . . . . . :
Gypsum . . . . . . . . . . :
Diatoms . . . . . . . . . :
Other _GRANULAR MINERALS_     _TR_

Binders . . . . . . . . . . _52_
_GYPSUM PREDOMINATES, SMALL AMOUNT OF CARBONATE._

EFFERVESCENCE: _VERY WEAK IN ISOLATED AREAS._

COMMENTS:

MATERIALS ANALYTICAL SERVICES, INC.

BULK ANALYSIS SHEET

Project # - Spl #: _M1565-4_                          Date: _9/23/88_

Project Name: _LAW ASSOCIATES/HATFIELD_        Analyst: _W.B.E._
                                                       Reviewer: _____

Sample Identification: _A88-120.18  #4 FROM 2200 BUILDING OF CENTURY_

_CENTER COMPLEX.   7TH FLOOR   NE. QUADRANT_

Gross Visual Description: _TAN TO LIGHT GRAY WITH GOLD FLAKES THROUGHOUT._
   _FINE FIBERS EXPOSED._

ASBESTOS MINERALS:                    Est. Vol. %

Chrysotile . . . . . . . . . .  _8_
Amosite . . . . . . . . . . .  _____
Crocidolite . . . . . . . . .  _____
Tremolite/Actinolite . . . . .  _____
Anthophyllite . . . . . . . .  _____

OTHER FIBROUS COMPONENTS:

Mineral/Rock wool . . . . . .  _____
Fibrous glass . . . . . . . .  _____
Cellulose . . . . . . . . . .  _____
Synthetic . . . . . . . . . .  _____
Talc . . . . . . . . . . . .  _____

NON-FIBROUS COMPONENTS:

Perlite . . . . . . . . . . .  _____
Vermiculite . . . . . . . . .  _33_
Mica . . . . . . . . . . . .  _____
Quartz . . . . . . . . . . .  _____
Calcite . . . . . . . . . . .  _____
Gypsum . . . . . . . . . . .  _____
Diatoms . . . . . . . . . . .  _____
Other _GRANULAR MINERALS_     _TR_

Binders                        _59_
_GYPSUM DOMINANT, SMALL AMOUNT OF CARBONATE._

EFFERVESCENCE; _VERY WEAK_

COMMENTS:

## MATERIALS ANALYTICAL SERVICES, INC.

### BULK ANALYSIS SHEET

Project # - Spl #: _M 1565 - 5_          Date: _9/23/88_

Project Name: _LAW ASSOCIATES/HATFIELD_          Analyst: _V.B.E._
                                                  Reviewer: _____

Sample Identification: _A88-126.18    #5 FROM 2200 BUILDING OF CENTURY_

_CENTER COMPLEX.  6TH FLOOR N.W. QUADRANT._

Gross Visual Description: _TANNISH LIGHT GRAY WITH GOLD FLAKES_

_THROUGHOUT THE MATRIX. FIBERS EXPOSED._

ASBESTOS MINERALS:                    Est. Vol. %

Chrysotile . . . . . . . . . . .    _9_
Amosite . . . . . . . . . . . . .   _____
Crocidolite . . . . . . . . . .     _____
Tremolite/Actinolite . . . . . .    _____
Anthophyllite . . . . . . . . .     _____

OTHER FIBROUS COMPONENTS:

Mineral/Rock wool . . . . . . .     _____
Fibrous glass . . . . . . . . .     _____
Cellulose . . . . . . . . . . .     _____
Synthetic . . . . . . . . . . .     _____
Talc . . . . . . . . . . . . . .    _____

NON-FIBROUS COMPONENTS:

Perlite . . . . . . . . . . . .     _____
Vermiculite . . . . . . . . . .     _35_
Mica . . . . . . . . . . . . . .    _____
Quartz . . . . . . . . . . . . .    _____
Calcite . . . . . . . . . . . .     _____
Gypsum . . . . . . . . . . . . .    _____
Diatoms . . . . . . . . . . . .     _____
Other . . . . . . . . . . . . .     _____

Binders . . . . . . . . . . . .     _56_
_ABUNDANT GYPSUM, SLIGHT AMOUNT OF CARBONATE_

EFFERVESCENCE: _VERY WEAK_

COMMENTS:

_____

_____

MATERIALS ANALYTICAL SERVICES, INC.

BULK ANALYSIS SHEET

Project # – Spl #: _M1565-6_                                Date: _9/23/88_
Project Name: _LAW ASSOCIATES/HATFIELD_                     Analyst: _W.B.E._
                                                           Reviewer: _____

Sample Identification: _A88-120.18  #6 FROM 2200 BUILDING OF CENTURY_
_CENTER COMPLEX   5TH FLOOR, N.W. QUADRANT._

Gross Visual Description: _LIGHT GRAY TO TAN WITH SMALL GOLD FLAKES_
_THROUGHOUT.  FIBERS EXPOSED._

ASBESTOS MINERALS:                       Est. Vol. %

Chrysotile . . . . . . . . . . . .   _8_____
Amosite . . . . . . . . . . . . .    _____
Crocidolite . . . . . . . . . . .    _____
Tremolite/Actinolite . . . . . .     _____
Anthophyllite . . . . . . . . . .    _____

OTHER FIBROUS COMPONENTS:

Mineral/Rock wool . . . . . . .      _____
Fibrous glass . . . . . . . . .      _____
Cellulose . . . . . . . . . . .      _____
Synthetic . . . . . . . . . . .      _____
Talc . . . . . . . . . . . . . .     _____

NON-FIBROUS COMPONENTS:

Perlite . . . . . . . . . . . .      _____
Vermiculite . . . . . . . . . .      _33_____
Mica . . . . . . . . . . . . . .     _____
Quartz . . . . . . . . . . . . .     _____
Calcite . . . . . . . . . . . .      _____
Gypsum . . . . . . . . . . . . .     _____
Diatoms . . . . . . . . . . . .      _____
Other                                _____

Binders . . . . . . . . . . . .      _59_____
_ABUNDANT GYPSUM, SMALL CARBONATE AMOUNT._

EFFERVESCENCE: _VERY WEAK_____

COMMENTS:

_____
_____

PIS 00060571

MATERIALS ANALYTICAL SERVICES, INC.

BULK ANALYSIS SHEET

Project # - Spl #: _M1565-7_          Date: _8/23/88_

Project Name: _LAW ASSOCIATES/HATFIELD_          Analyst: _W.B.E._
          Reviewer: _____

Sample Identification: _A88-120.18   #7 FROM 2200 BUILDING OF_

_CENTURY CENTER COMPLEX, 4TH FLOOR, WESTHALL._

Gross Visual Description: _TAN TO LIGHT GRAY, WITH GOLD FLAKES_

_THROUGHOUT. FIBERS EXPOSED._

| ASBESTOS MINERALS: | Est. Vol. % |
|---|---|
| Chrysotile . . . . . . . . . . . . | 8 |
| Amosite . . . . . . . . . . . . | |
| Crocidolite . . . . . . . . . . | |
| Tremolite/Actinolite . . . . . | |
| Anthophyllite . . . . . . . . . | |

OTHER FIBROUS COMPONENTS:

| | |
|---|---|
| Mineral/Rock wool . . . . . . | |
| Fibrous glass . . . . . . . . | |
| Cellulose . . . . . . . . . . | |
| Synthetic . . . . . . . . . . | |
| Talc . . . . . . . . . . . . | |

NON-FIBROUS COMPONENTS:

| | |
|---|---|
| Perlite . . . . . . . . . . | |
| Vermiculite . . . . . . . . . | 40 |
| Mica . . . . . . . . . . . . | |
| Quartz . . . . . . . . . . . | |
| Calcite . . . . . . . . . . | |
| Gypsum . . . . . . . . . . . | |
| Diatoms . . . . . . . . . . | |
| Other . . . . . . . . . . . | |

Binders . . . . . . . . . . . . _52_
_GYPSUM IS VERY ABUNDANT. SOME CARBONATE PRESENT._

EFFERVESCENCE; _VERY WEAK_

COMMENTS:

_____

_____

MATERIALS ANALYTICAL SERVICES, INC.

BULK ANALYSIS SHEET

Project # - Spl #: _M1565-8_          Date: _9/28/88_

Project Name: _LAW ASSOCIATES/HATFIELD_     Analyst: _W. B. E._
                                            Reviewer: _____

Sample Identification: _AP8-120.18  #8 FROM 2200 BUILDING OF_

_CENTURY CENTER COMPLEX. 3RD FLOOR S.W. QUADRANT._

Gross Visual Description: _LIGHT GRAY WITH GOLD FLAKES. FIBERS EXPOSED_

_FROM MATRIX._

**ASBESTOS MINERALS:**                  Est. Vol. %

Chrysotile . . . . . . . . . . _9_
Amosite . . . . . . . . . . _____
Crocidolite . . . . . . . . _____
Tremolite/Actinolite . . . . _____
Anthophyllite . . . . . . . _____

**OTHER FIBROUS COMPONENTS:**

Mineral/Rock wool . . . . . . _____
Fibrous glass . . . . . . . . _____
Cellulose . . . . . . . . . _____
Synthetic . . . . . . . . . _____
Talc . . . . . . . . . . . _____

**NON-FIBROUS COMPONENTS:**

Perlite . . . . . . . . . . _____
Vermiculite . . . . . . . . _40_
Mica . . . . . . . . . . . _____
Quartz . . . . . . . . . . _____
Calcite . . . . . . . . . . _____
Gypsum . . . . . . . . . . _____
Diatoms . . . . . . . . . . _____
Other . . . . . . . . . . _____

Binders . . . . . . . . . . _51_
_PREDOMINANTLY GYPSUM, SMALL CARBONATE PERCENTAGE, TRACE OF OTHER GRANULAR MINERALS_

EFFERVESCENCE: _VERY WEAK_

COMMENTS:

_____

_____

MATERIALS ANALYTICAL SERVICES, INC.

BULK ANALYSIS SHEET

Project # – Spl #: _M1565-9_                    Date: _9/26/88_

Project Name: _LAW ASSOCIATES/HATFIELD_        Analyst: _W.B.E._
                                               Reviewer: _____

Sample Identification: _A88-120.18_  _#9 FROM 2200 BUILDING OF CENTURY_

_CENTER COMPLEX.  2ND FLOOR  ABOVE LADIES ROOM._

Gross Visual Description: _TAN TO LIGHT GRAY MATRIX WITH GOLD FLAKES_

_THROUGHOUT.  FINE FIBERS EXPOSED._

ASBESTOS MINERALS:                    Est. Vol. %

Chrysotile . . . . . . . . . . _7_
Amosite . . . . . . . . . . _____
Crocidolite . . . . . . . . _____
Tremolite/Actinolite . . . . . _____
Anthophyllite . . . . . . . . _____

OTHER FIBROUS COMPONENTS:

Mineral/Rock wool . . . . . . _____
Fibrous glass . . . . . . . . _____
Cellulose . . . . . . . . . . _____
Synthetic . . . . . . . . . . _____
Talc . . . . . . . . . . . . _____

NON-FIBROUS COMPONENTS:

Perlite . . . . . . . . . . _____
Vermiculite . . . . . . . . . _38_
Mica . . . . . . . . . . . . _____
Quartz . . . . . . . . . . . _____
Calcite . . . . . . . . . . _____
Gypsum . . . . . . . . . . . _____
Diatoms . . . . . . . . . . _____
Other _____

Binders . . . . . . . . . . _55_
_PREDOMINANTLY GYPSUM, SOME CARBONATE PRESENT IN SMALL AMOUNTS_

EFFERVESCENCE: _VERY WEAK_

COMMENTS:

MATERIALS ANALYTICAL SERVICES, INC.

BULK ANALYSIS SHEET

Project # - Spl #: _M1565-10_          Date: _9/26/88_

Project Name: _LAW ASSOCIATES/HATFIELD_          Analyst: _W.D.C._
                                                 Reviewer: _____

Sample Identification: _A88-120.18 · #10 FROM BUILDING 2200 IN CENTURY_
_CENTER COMPLEX, 1ST FLOOR ABOVE LADIES RESTROOM._

Gross Visual Description: _TAN TO LIGHT GRAY MATRIX WITH GOLD FLAKES_
_THROUGHOUT. FIBERS EXPOSED FROM MATRIX._

ASBESTOS MINERALS:                Est. Vol. %

Chrysotile . . . . . . . . . . .  _8_
Amosite . . . . . . . . . . . .  _____
Crocidolite . . . . . . . . . .  _____
Tremolite/Actinolite . . . . . . _____
Anthophyllite . . . . . . . . .  _____

OTHER FIBROUS COMPONENTS:

Mineral/Rock wool . . . . . . .  _____
Fibrous glass . . . . . . . . .  _____
Cellulose . . . . . . . . . . .  _____
Synthetic . . . . . . . . . . .  _____
Talc . . . . . . . . . . . . .   _____

NON-FIBROUS COMPONENTS:

Perlite . . . . . . . . . . . .  _____
Vermiculite . . . . . . . . . .  _39_
Mica . . . . . . . . . . . . .   _____
Quartz . . . . . . . . . . . .   _____
Calcite . . . . . . . . . . . .  _____
Gypsum . . . . . . . . . . . .   _____
Diatoms . . . . . . . . . . . .  _____
Other                            _____

Binders . . . . . . . . . . . .  _53_
_GYPSUM PREDOMINATES, CARBONATE PRESENT IN SMALL AMOUNT, GRANULAR MINERALS._

EFFERVESCENCE: _VERY WEAK_

COMMENTS:

### MATERIALS ANALYTICAL SERVICES, INC.

### BULK ANALYSIS SHEET

Project # - Spl #: _M1565-11_          Date: _9/26/11_

Project Name: _LAW ASSOCIATES/HATFIELD_     Analyst: _H.B.C._
                                            Reviewer: _____

Sample Identification: _A88-120.18    #11 FROM 2200 BUILDING OF_

_CENTURY CENTER COMPLEX.  ~~6TH FLOOR~~ GROUND FLOOR, NORTHEAST QUADRANT_

Gross Visual Description: _LIGHT GRAY TO TAN MATRIX WITH GOLD FLAKES_

_THROUGHOUT.  FINE FIBERS EXPOSED._

**ASBESTOS MINERALS:**                    Est. Vol. %

Chrysotile . . . . . . . . . . ._7_____
Amosite . . . . . . . . . . ._____
Crocidolite . . . . . . . . ._____
Tremolite/Actinolite . . . . . ._____
Anthophyllite . . . . . . . . ._____

**OTHER FIBROUS COMPONENTS:**

Mineral/Rock wool . . . . . . ._____
Fibrous glass . . . . . . . . ._____
Cellulose . . . . . . . . . ._____
Synthetic . . . . . . . . . ._____
Talc . . . . . . . . . . . ._____

**NON-FIBROUS COMPONENTS:**

Perlite . . . . . . . . . . ._____
Vermiculite . . . . . . . . ._35_____
Mica . . . . . . . . . . . ._____
Quartz . . . . . . . . . . ._____
Calcite . . . . . . . . . . ._____
Gypsum . . . . . . . . . . ._____
Diatoms . . . . . . . . . . ._____
Other . . . . . . . . . . . ._____

Binders . . . . . . . . . . ._58_____
_GYPSUM PREDOMINATES, CARBONATE PRESENT IN SMALL PERCENTAGE_

EFFERVESCENCE: _VERY WEAK_____

COMMENTS:

_____

_____

# ACID DISSOLUTION
# BULK ANALYSIS

**M.A.S.**
3597 PARKWAY LANE
NORCROSS GA. 30092

ANALYSIS USING 2% SOLUTION HCl

DATE _____

Signed: W. B. Egghard

| NO. | SAMPLE # | P-D + SAMPLE | P-D - SAMPLE | SAMPLE WEIGHT | FILTER WEIGHT | FINAL WT + FILTER | FINAL WT - FILTER | PERCENT FINAL WT | AMOUNT IN SOLU. |
|-----|----------|--------------|--------------|---------------|---------------|-------------------|-------------------|------------------|-----------------|
| 1 | M1565-1 | 8.8085$_3$ | 7.6894 | 1.1194$_3$ | 0.0158$_3$ | 0.4719$_3$ | 0.4546$_3$ | 40.8% | 59.2% |
| 2 | | | | | | | | | |
| 3 | | | | | | | | | |
| 4 | | | | | | | | | |
| 5 | | | | | | | | | |
| 6 | | | | | | | | | |
| 7 | | | | | | | | | |
| 8 | | | | | | | | | |
| 9 | | | | | | | | | |
| 10 | | | | | | | | | |
| 11 | | | | | | | | | |
| 12 | | | | | | | | | |
| 13 | | | | | | | | | |
| 14 | | | | | | | | | |
| 15 | | | | | | | | | |
| 16 | | | | | | | | | |
| 17 | | | | | | | | | |
| 18 | | | | | | | | | |
| 19 | | | | | | | | | |
| 20 | | | | | | | | | |
| 21 | | | | | | | | | |
| 22 | | | | | | | | | |
| 23 | | | | | | | | | |
| 24 | | | | | | | | | |
| 25 | | | | | | | | | |
| XX | | | | | | | | | |

**MATERIALS ANALYTICAL SERVICES, INC.**
3597 PARKWAY LANE, SUITE 250
NORCROSS, GA  30092
404/448-3200

TEM ANALYSIS: Binder

MAS SAMPLE ID: M-1565-1

PROJECT: A68-120.18

SAMPLE NUMBER: Century Tower

DATE OF ANALYSIS: 11-25-88

ANALYST: WC

| | Rel. Conc. | Morphology | Photo | SAED | Photo | EDS | Disc/File | Comments |
|---|---|---|---|---|---|---|---|---|
| **Asbestos Minerals:** | | | | | | | | |
| Chrysotile | | ✓ | | ✓ | | ✓ | | Printout |
| | | | | | | | | |
| **Other Components:** | | | | | | | | |
| Gypsum | | ✓ | | ✓ | | ✓ | | Printout |
| Vermiculite | | ✓ | | ✓ | photo | ✓ | | Printout |
| | | | | | 04:50cm | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

**COMMENTS:**

PIS 00060578

MATERIALS ANALYTICAL SERVICES          FRI 25-NOV-88  09:54
Cursor: 7.340keV = 43      ROI (SIKα) 1.660: 1.820=1013



0.000      B- 5                          VFS = 512      10.240
  39       M1565-1 CHRYSOTILE

PIS 00060579

MATERIALS ANALYTICAL SERVICES          FRI 25-NOV-88   10:00
Cursor: 7.340KeV = 15        ROI (SIKα) 1.660: 1.820=323



0.000      B- 5                          VFS = 2048    10.240
24         M1565-1 GYPSUM

PIS 00060580

MATERIALS ANALYTICAL SERVICES          FRI 25-NOV-88  10:14
Cursor: 7.340keV = 19       ROI (SIKα) 1.660: 1.820=1016



0.000     B- 5                         VFS = 256    10.240
10        M1565-1 VERMICULITE

PIS 00060581



MATERIALS
ANALYTICAL
SERVICES ✥

ADDITIONAL BULK ANALYSIS

## STARCH VERIFICATION

Sample # _M1565-1_     Analyst _w.B. Egel_

Date _6/26/90_

1) Sample Analyzed before/after acid dissolutions

### Starch observed

no ✓

yes _____

### Iodine test
(ceiling tile only)

positive _____

negative _____

PIS 00060582

3597 Parkway Lane • Suite 250
Norcross, Georgia 30092
(404) 448-3200

# EXHIBIT C

# 2600 CENTURY CENTER

## ATLANTA, GA

## (W.R. GRACE)

## SUMMARY OF ASBESTOS
## FIREPROOFING MANAGEMENT,
## REMOVAL AND REPLACEMENT NET COSTS

*Prepared By*

**Halliwell Engineering Associates, Inc.**

**July, 1996**

# 2600 CENTURY CENTER
# ATLANTA, GA
# (W.R. GRACE)

## TABLE OF CONTENTS

SECTION I:      INTRODUCTION

        A.   BUILDING EXTERIOR PHOTOGRAPH

        B.   ASBESTOS FIREPROOFING REMOVAL STATUS DRAWING

        C.   BUILDING INFORMATION SUMMARY

        D.   INFORMATION CONSIDERED IN THE DEVELOPMENT OF THIS REPORT


SECTION II:     SUMMARY OF COSTS

      TABLE 1   SUMMARY OF ASBESTOS FIREPROOFING DUST CONTROL, IN-PLACE MANAGEMENT, REMOVAL AND REPLACEMENT NET COSTS

      TABLE 2   DETAILED COSTS FOR ASBESTOS FIREPROOFING DUST CONTROL PROJECTS PRIOR TO BUILDING SALE

      TABLE 3   DETAILED COSTS FOR COMPLETED ASBESTOS FIREPROOFING, IN-PLACE MANAGEMENT PROJECTS PRIOR TO BUILDING SALE

      TABLE 4   ANALYSIS OF THE REMOVAL FUND DUE TO ASBESTOS IN THE BUILDING

      TABLE 5   INTEREST CHARGES

      TABLE 6   MISCELLANEOUS RELATED COSTS NOT INCLUDED IN THIS REPORT


SECTION III:    STATEMENT OF OPINIONS

SECTION IV:     QUALIFICATIONS OF HALLIWELL ENGINEERING ASSOCIATES, INC. AND JACK L. HALLIWELL (SUBMITTED UNDER SEPARATE COVER)

        A.   MR. HALLIWELL'S CURRENT CURRICULUM VITAE

Halliwell Engineering Associates, Inc., July, 1996

# 2600 CENTURY CENTER
## ATLANTA, GA
## (W.R. GRACE)

TABLE OF CONTENTS (cont'd)

B.   HALLIWELL ENGINEERING ASSOCIATES INC., SUMMARY OF EXPERIENCE AND CAPABILITIES

C.   MR. HALLIWELL'S PRIOR TESTIMONY RECORD

D.   ARTICLES ON ASBESTOS ABATEMENT AND MANAGEMENT AUTHORED BY MR. HALLIWELL

E.   COMPENSATION SCHEDULES FOR MR. HALLIWELL AND HALLIWELL ENGINEERING ASSOCIATES, INC.


**APPENDICES:**

**APPENDIX A**

PART A:   ASBESTOS ABATEMENT PROJECT INFORMATION

PART B:   BUILDING INSPECTIONS CONDUCTED BY HALLIWELL ENGINEERING ASSOCIATES

PART C:   LOCATION AND DETAILS OF INFORMATION CONSIDERED IN THE DEVELOPMENT OF THIS REPORT

**APPENDIX B**   PROJECT FLOOR AREA/FIREPROOFING AREA CALCULATIONS

**APPENDIX C**   REDUCED BUILDING DRAWINGS

**APPENDIX D**   PROPERTY MANAGEMENT SYSTEMS' PRELIMINARY ASBESTOS REMOVAL ESTIMATES AND RECOMMENDATIONS, DATED JANUARY 20, 1988

**APPENDIX E**   EXCERPT FROM PROPOSED SALE STRUCTURE FOR 2600 CENTURY CENTER, DATED JULY 11, 1988

Halliwell Engineering Associates, Inc., July, 1996

# 2600 CENTURY CENTER
# ATLANTA, GA
# (W.R. GRACE)

TABLE OF CONTENTS (cont'd)

**APPENDIX F**    EXCERPTS FROM AGREEMENT FOR PURCHASE AND SALE FOR 2600 CENTURY CENTER, DATED JULY 28, 1988

**APPENDIX G**    EXCERPTS FROM EXHIBIT H OF AGREEMENT FOR PURCHASE AND SALE MORTGAGE LOAN CONDITIONS FOR 2600 CENTURY CENTER

**APPENDIX H**    REMOVAL FUND ALLOCATION REQUEST FOR 2600 CENTURY CENTER - FOURTH FLOOR

**APPENDIX I**    SUMMARY OF DISBURSEMENTS AND REMOVAL FUND ALLOCATION - FINAL REQUEST, 2600 CENTURY CENTER

**APPENDIX J**    BCM CONVERSE ASBESTOS SURVEY REPORT, DATED APRIL 26, 1986

Halliwell Engineering Associates, Inc., July, 1996

SECTION I

# SECTION I

# INTRODUCTION

Halliwell Engineering Associates, Inc., July 1996

## B. ASBESTOS FIREPROOFING REMOVAL STATUS DRAWING

# CENTURY CENTER
## ATLANTA, GEORGIA



**A)**    **BUILDING EXTERIOR PHOTOGRAPH**



# 2600 Century Center
# Atlanta, Georgia

## C.  BUILDING INFORMATION SUMMARY

Building name:      2600 Century Center

Location:           Atlanta, Georgia

Ownership:          Building sold by The Prudential Insurance Company of America (9/1/88)

Building use:       Multi-tenant commercial offices

Total number of floors:    4-1/2; ground through 4th floor plus partial basement

Number of floors with spray-applied fireproofing:  4-1/2; ground through 4th plus partial basement

Total floor area with fireproofing:  109,807 sq. ft.

Location of fireproofing:          Beams and columns

Type of deck:                      Corrugated steel

Core area:  Entire core area is sprayed, including the elevator shafts and stairwells

Fireproofing surface area on a typical office floor: 29,243.68 sq. ft.

Fireproofing surface area to floor area ratio (typical floor):    $29,243.68 \div 27,268 = 1.07$

Type of HVAC system:    One mechanical room on each floor.  Multi-zone constant volume system for both the perimeter and interior system, with perimeter ceiling mounted slot diffusers.  Ductwork consists of a hot deck and cold deck system, with cooling and heating coils within the main HVAC unit located in the mechanical room.  The ceiling space is an open return air plenum which returns to the mechanical room, which is also a return air plenum.

96101\2600SectList

## D. INFORMATION CONSIDERED IN THE DEVELOPMENT OF THIS REPORT

1. **Building Information:**

    Building design drawings

    Asbestos survey

    Correspondence

    Building inspections

    Photographs and photo logs

    Discussions with building personnel

2. **Asbestos Abatement Cost Information:**

    Contract documents

    Contractor's applications for payment

3. **Asbestos Abatement Project Information:**

    Federal and state asbestos regulations

4. **Removal Fund Information:**

    Asbestos removal estimates

    Proposed sale structure

    Agreement for Purchase and Sale

    Survey

    Removal Fund Allocation requests