Brookhollow I
2800 North Loop West
Houston, TX  77092

# W.R. GRACE & CO.
# ASBESTOS PROPERTY DAMAGE
# PROOF OF CLAIM FORM

*The United States Bankruptcy Court for the District of Delaware*
*In re: W.R. Grace & Co., et al., Debtors, Case No. 01-01139 (JKF)*
*(Jointly Administered)*

## SUBMIT COMPLETED CLAIMS TO:

**Claims Processing Agent**
**Re: W.R. Grace & Co. Bankruptcy**
**PO Box 1620**
**Faribault, MN 55021-1620**

For completion of the Notices in this case, please see "The Debtors" section of the General instructions for Completing Proof of Claim Forms. The Debtors in this case are collectively referred to in this document as "Grace".

If you have a current claim against Grace for property damage allegedly resulting from asbestos in a Grace product (other than Zonolite Attic Insulation), THIS ASBESTOS PROPERTY DAMAGE PROOF OF CLAIM FORM MUST BE RECEIVED ON OR BEFORE 4:00 P.M., EASTERN TIME ON MARCH 31, 2003, or you will be forever barred from asserting or receiving payment for your claim.

PremierView™ forms by NCS Pearson  MW239276-2    65432    Printed in U.S.A.

Case 01-01139-AMC   Doc 10687-6   Filed 10/24/05   Page 2 of 90

**INSTRUCTIONS FOR FILING THE W.R. GRACE & CO.
ASBESTOS PROPERTY DAMAGE PROOF OF CLAIM FORM**

## WHO SHOULD USE THIS ASBESTOS PROPERTY DAMAGE PROOF OF CLAIM FORM

1. This Asbestos Damage Proof of Claim Form (referred to in this document as the "Form") applies only to <u>current</u> claims made against Grace by or on behalf of parties who are alleging property damage with respect to asbestos in real property owned by the party (such person is referred to in this document as the "claiming party") from a Grace asbestos-containing product or as a result of one of Grace's vermiculite mining, milling, or processing facilities.

2. The Bar Date does not apply to Asbestos Personal Injury Claims, Settled Asbestos Claims or Zonolite Attic Insulation Claims. Those claims will be subject to a separate claim submission process and should not be filed at this time.

3. This form should not be used for Medical Monitoring Claims or Non-Asbestos Claims. Instead, separate specialized proof of claim forms for these claims should be completed.

4. If you are alleging current claims against Grace with respect to asbestos in more than one (1) real property, the claiming party should complete an Asbestos Property Damage Proof of Claim Form for <u>each</u> property. You may request additional forms by calling the Claims Processing Agent at 1-800-432-1909.

## GENERAL INSTRUCTIONS

1. This form must be signed by the claimant or authorized agent of the claimant. THIS FORM MUST BE RECEIVED ON OR BEFORE 4:00 PM EASTERN TIME ON MARCH 31, 2003, or you forever will be precluded from asserting your claim(s) against or receiving payment from Grace. Return your completed form to the Claims Processing Agent, Re: W.R. Grace & Co. Bankruptcy, P.O. Box 1620, Faribault, MN 55021-1620.
If you are returning this form by mail, allow sufficient time so that this form is received on or before March 31, 2003. Forms that are postmarked before March 31, 2003 but received after March 31, 2003 will not be accepted. Only original forms will be accepted for filing. Forms transmitted by facsimile will not be accepted for filing.

2. If you cannot fit all information in any particular section or page, please make a copy of that page before filling it out and attach as many additional pages as needed.

3. If you are unable to provide any of the information required by the proof of claim form, please so specify, as well as provide a short statement describing why such information is unavailable. If you are in the process of obtaining such information at the time you file your proof of claim, please so advise and indicate that the same shall be provided when obtained.

4. This form must be filled out completely using BLACK or BLUE ink or may be typewritten.
   • Please print clearly using capital letters only.        • Do not use a felt tip pen.
   • Skip a box between words.                                • Do not bend or fold the pages of the form.
   • Do not write outside of the boxes or blocks.

5. Because this form will be read by a machine, please print characters using the examples below. For optimum accuracy, please print in capital letters and avoid contact with the edge of the character boxes.

6. Mark check boxes with an "X" (example at right).    ☒     NAME HERE

7. Be <u>accurate</u> and <u>truthful</u>. A Proof of Claim Form is an official court document that may be used as evidence in any legal proceeding regarding your claim. The penalty for presenting a fraudulent claim is a fine of up to $500,000 or imprisonment for up to five years or both. 18 U.S.C. §§ 152 & 3571.

8. Make a copy of your completed Form to keep for your records. Send only <u>original</u> Forms to the Claims Processing Agent at the following address: Claims Processing Agent, Re: W.R. Grace & Co. Bankruptcy
   PO Box 1620
   Faribault, MN 55021-1620.

9. You will receive written notification of the proof of claim number assigned to this claim once it has been processed.

## PART 1 CLAIMING PARTY INFORMATION

**NAME:**

`T H E` `P R U D E N T I A L` `I N S U R A N C E` `C O M P A N Y`

*Name of individual claimant (first, middle and last name) or business claimant*

**SOCIAL SECURITY NUMBER (Individual Claimants):**

*(last four digits of SSN)*

**F.E.I.N. (Business Claimants)**

`2 2` - `1 2 1 1 6 7 0`

**Other names by which claiming party has been known (such as maiden name or married name):**

*First* · *MI* *Last*

*First* *MI* *Last*

**GENDER:** ☐ MALE  ☐ FEMALE  ■

**Mailing Address:**

`7 5 1` `B R O A D` `S T R E E T` `2 1 S T` `F L O O R`
*Street Address*

`N E W A R K`
*City*

`N J`
*State (Province)*

`0 7 1 0 2`
*Zip Code (Postal Code)*

`U S A`
*Country*

## PART 2 ATTORNEY INFORMATION

**The claiming party's attorney, if any (You do not need an attorney to file this form):**

**Law Firm Name:**

`R I K E R` `D A N Z I G` `S C H E R E R` `H Y L A N D` `& P E R R E T T I` `L L P`

**Name of Attorney:**

`R O B E R T`     `J`  `G I L S O N`
*First*           *MI*  *Last*

**Mailing Address:**

`H E A D Q U A R T E R S  P L A Z A  O N E  S P E E D W E L L  A V E N U E`
*Street Address*

`M O R R I S T O W N`
*City*

`N J`
*State (Province)*

`0 7 9 6 2`
*Zip Code (Postal Code)*

**Telephone:**

( `9 7 3` ) `4 5 1` - `8 4` `3 5`  ■
*Area Code*

9276101

1018578

## PART I - PROPERTY INFORMATION

### A. Real Property For Which A Claim Is Being Asserted

1. What is the address of the real property for which a claim is being asserted (referred to herein as "the property")?

| 2 | 8 | 0 | 0 | | N | O | R | T | H | | L | O | O | P | | W | E | S | T | | | | | | | | | | | | |

*Street Address*

| H | O | U | S | T | O | N | | | | | | | | | | | | | | | | | |   **State** **TX**   **Zip Code** | 7 | 7 | 0 | 9 | 2 |

*City*  **State (Province)**  **Zip Code (Postal Code)**

| U | N | I | T | E | D | | S | T | A | T | E | S | | O | F | | A | M | E | R | I | C | A | | | |

*Country*

2. Are you completing an Asbestos Property Damage Proof of Claim Form for any other real property other than the one listed at "I" above?

   ☒ Yes     ☐ No

3. Do you currently own the property listed in Question 1, above?

   ☐ Yes     ☒ No

4. When did you purchase the property?   | 0 | 5 | – | 1 | 5 | – | 1 | 9 | 7 | 0 |   See Addendum

   *Month   Day   Year*

5. What is the property used for (check all that apply)
   - ☐ Owner occupied residence
   - ☐ Residential rental
   - ☒ Commercial
   - ☐ Industrial     Specify: _____
   - ☐ Other     Specify: _____

6. How many floors does the property have?   | 0 | 1 | 2 |

7. What is the approximate square footage of the property?   | 0 | 0 | 0 | 2 | 2 | 2 | 6 | 0 |

8. When was the property built?
   - ☐ Before 1969
   - ☒ 1969 - 1973
   - ☐ After 1973

9. What is the structural support of the property?
   - ☐ Wood frame
   - ☐ Structural concrete
   - ☐ Brick
   - ☒ Steel beam/girder
   - ☐ Other     Specify: _____

10. Have you or has someone on your behalf completed any interior renovations on the property which affected any asbestos on the property?

    ☒ Yes     ☐ No

9276102                    1018578

239276-6-2/3

**A.    Real Property for Which A Claim is Being Asserted (continued)**

If yes, please specify the dates and description of such renovations.

| Year | | | | Description | See Addendum |

| Year | | | | Description | |

| Year | | | | Description | |

11. To the best of your knowledge, have any other interior renovations been completed on the property during any other period of time which affected any asbestos on the property?

☐ Yes    ☒ No

If yes, please specify the dates and descriptions of such renovations.

| Year | | | | Description | |

| Year | | | | Description | |

| Year | | | | Description | |

**B.    Claim Category**

12. For which category are you making a claim on the property?

☒ Category 1:   Allegation with respect to asbestos from a Grace product in the property
☐ Category 2:   Allegation with respect to one of Grace's vermiculite mining, milling or processing operations

If you checked Category 1 in question 12, complete section C.
If you checked Category 2 in question 12, complete section D.

**C.    Category 1 Claim: Allegation With Respect To Asbestos From A Grace Product In The Property**

13. For what alleged asbestos-containing product(s) are you making a claim?

☒ Monokote-3 fireproofing insulation
☐ Other:

(For a list of the brand names under which Grace manufactured products that may have contained commercially added asbestos, see Exhibit 2 to the Claims Bar Date Notice provided with this Proof of Claim Form.)

14. When did you or someone on your behalf install the asbestos containing product(s) in the property?

| 19 | 7 | 2 |   ☐ I did not install the product(s)
| Year |

15. If you or someone on your behalf did not install the asbestos containing product(s), to the best of your knowledge, when was/were the product(s) installed?

| Year | | | |   ☐ Don't know.    Not Applicable

9276103

16. Do you have documentation relating to the purchase and/or installation of the product in the property?

☐ Yes    ☐ No    **Not Applicable**

If Yes, attach all such documents. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

17. If you do not have any such documents, explain why not and indicate who may have possession or control of such documents with respect to the property.

> See Addendum

18. When did you first know of the presence of asbestos in the property of the Grace product for which you are making this claim?

| 1 | 9 | 8 | 5 |

*Year*

Please attach all documents relating or referring to the presence of asbestos in the property for which you are making this claim. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

19. How did you first learn of the presence of asbestos in the property of the Grace product for which you are making this claim?

> See Addendum

20. When did you first learn that the Grace product for which you are making this claim contained asbestos?

| 1 | 9 | 8 | 5 |

*Year*

21. How did you first learn that the Grace product for which you are making the claim contained asbestos?

> See Addendum

22. Have you or someone on your behalf made an effort to remove, contain and/or abate the Grace product for which you are making this claim?

☒ Yes    ☐ No    **See Addendum**

If Yes, attach all documents relating or referring to such efforts. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

23. If you do not have any such documents, explain why not and indicate who may have possession and control of such documents with respect to the property.

> See Addendum

24. If you or someone on your behalf did not make an effort to remove, contain and/or abate the Grace product(s) for which you are making a claim, to the best of your knowledge, did anyone else make such an effort?

☐ Yes    ☐ No    **Not Applicable**

9276104                                          1018578

25. If you responded Yes to question 22, or 24. and you have not supplied documents, please specify the dates and descriptions of any such efforts.

| Year | Description | See Addendum |
| --- | --- | --- |
| Year | Description | |
| Year | Description | |

26. Have you or anyone on your behalf ever conducted any testing or sampling for the presence of asbestos or other particulates in the property?

☒ Yes        ☐ No        If yes, Attach All Documents Related To Any Testing Of The Property

27. If you responded Yes to question 26., but you have not provided documents, indicate who may have possession or control of such testing documents or where such documents may be located.

See Addendum

28. If you or someone on your behalf did not conduct any testing or sampling for the presence of asbestos or other particulates on the property, to the best of your knowledge, did anyone else conduct such testing or sampling with respect to the property?

☐ Yes        ☐ No        See Addendum

29. If you responded Yes to question 26, or 28, and you have not supplied related documents, please describe when and by whom and the type of testing and/or sampling (e.g. air, bulk and dust sampling).

| Year | Company/Individual | See Addendum |
| --- | --- | --- |
| | Type of testing: | |
| Year | Company/Individual | |
| | Type of testing: | |
| Year | Company/Individual | |
| | Type of testing: | |

30. Has the Grace product or products for which you are making this claim ever been modified and/or disturbed?

☒ Yes        ☐ No

31. If yes, specify which and in what manner the Grace product or products was modified and/or disturbed?

| Year | Description | See Addendum |
| --- | --- | --- |
| Year | Description | |
| Year | Description | |

9276105                                    1018578

**D.  Report Claims Allegation With Respect To One Of Grace's Vermiculite Mining, Milling Or Processing Operations**

32.  What is the business address or location of the Grace operation which has led to your claim?

Business Name

Street Address

City                                                     State          Zip Code
                                                        (Province)     (Postal Code)

Country

33.  If your claim relates to a personal residence, does (or did) anyone living in the household work for Grace?

☐ Yes        ☐ No

34.  If yes, specify the following for each such individual:

| Name of Individual Working at Grace Operation | Name of Individual Working at Grace Operation |
|---|---|
| **Date of Birth** | **Date of Birth** |
| Month   Day   Year | Month   Day   Year |
| **Occupation(s) of Individual** | **Occupation(s) of Individual** |
| **Dates Worked at Operation** | **Dates Worked at Operation** |
| From:        To: | From:        To: |
| Year        Year | Year        Year |

| Name of Individual Working at Grace Operation | Name of Individual Working at Grace Operation |
|---|---|
| **Date of Birth** | **Date of Birth** |
| Month   Day   Year | Month   Day   Year |
| **Occupation(s) of Individual** | **Occupation(s) of Individual** |
| **Dates Worked at Operation** | **Dates Worked at Operation** |
| From:        To: | From:        To: |
| Year        Year | Year        Year |

35.  When did you first know of the presence of asbestos on your property?

Year

9276106                          1018578

36. How did you first learn of the presence of asbestos on your property?

Attach all documents relating or referring to the presence of asbestos on the property. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession or control of the document.

If you provide a summary of the documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

37. If you do not have any documents relating or referring to the presence of asbestos on the property, explain why not and indicate who may have possession or control of any such documents with respect to the property.

38. Have you or anyone on your behalf made an effort to remove, contain and/or abate the asbestos on your property?

☐ Yes    ☐ No

If Yes, attach all documents relating or referring to such efforts. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession or control of the document.

If you provide a summary of the documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

39. If you do not have any documents relating or referring to the removal, containment and/or abatement of the asbestos on your property, explain why not and indicate who may have possession and control of such documents with respect to the property.

40. If you or someone on your behalf did not make an effort to remove, contain and/or abate the asbestos on your property, to the best of your knowledge, did anyone else make such an effort?

☐ Yes    ☐ No

9276107                    1018578

41. If you responded Yes to question 38. or question 40. and you have not supplied related documents, please specify the dates and descriptions of any such efforts.

| | Description |
|---|---|
| Year | |

| | Description |
|---|---|
| Year | |

| | Description |
|---|---|
| Year | |

42. Have you or anyone on your behalf conducted any other testing or sampling for the presence of asbestos on your property?

☐ Yes        ☐ No

If Yes, attach all documents relating or referring to such efforts. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession or control of the document.

If you provide a summary of the documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

43. If you do not have any documents relating or referring to any other such testing or sampling for the presence of asbestos on your property, explain why not and indicate who may have possession or control of such documents with respect to the property.

44. If you or someone on your behalf did not conduct any other testing or sampling for the presence of asbestos on your property, to the best of your knowledge, did anyone else conduct such testing or sampling?

☐ Yes        ☐ No

45. If you responded Yes to question 42. or question 44. and you have not supplied related documents, please specify the dates and descriptions of any such efforts.

| | Description |
|---|---|
| Year | |

| | Description |
|---|---|
| Year | |

| | Description |
|---|---|
| Year | |

46. Were you aware of the presence of asbestos on your property when you purchased your property?

☐ Yes        ☐ No

47. If you have sold the property, were you aware of the presence of asbestos on your property when you sold your property?

☐ Yes        ☐ No        ☐ Not Applicable, have not sold the property

9276108                    1018578

## PART 4    ASBESTOS LITIGATION AND CLAIMS

## A. INTRODUCTION

1. Has any asbestos-related property damage lawsuit or claim been filed against Grace on behalf of this claiming party relating to the property for which you are making this claim?

   ☐ No

   ☒ Yes – lawsuit

   ☐ Yes – non-lawsuit claim (other than a workers' compensation claim)

2. Has any asbestos-related property damage lawsuit or claim been filed against any other party on behalf of this claiming party relating to the property for which you are making this claim?

   ☒ No    **See Addendum**

   ☐ Yes – lawsuit

   ☐ Yes – non-lawsuit claim (other than a workers' compensation claim)

   *If an asbestos-related property damage lawsuit has been filed by or on behalf of this claiming party relating to the property for which you are making a claim, complete Section B, below.*

   *If an asbestos-related property damage non-lawsuit claim has been made by or on behalf of this claiming party relating to the property for which you are making a claim, complete Section C, on the following page.*

## B. LAWSUITS

1. Please provide the following information about each asbestos-related property damage lawsuit which has been filed relating to the property for which you are making this claim or attach a copy of the face page of each complaint filed.

   a. Caption  **See Addendum**

   b. Court where suit **originally filed:** ⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜  Docket No.: ⬜⬜⬜⬜⬜⬜⬜
      *County/State*

   c. Date filed: ⬜⬜ - ⬜⬜ - ⬜⬜⬜⬜
      *Month    Day    Year*

   ---

   a. Caption

   b. Court where suit **originally filed:** ⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜  Docket No.: ⬜⬜⬜⬜⬜⬜⬜
      *County/State*

   c. Date filed: ⬜⬜ - ⬜⬜ - ⬜⬜⬜⬜
      *Month    Day    Year*

   ---

   a. Caption

   b. Court where suit **originally filed:** ⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜  Docket No.: ⬜⬜⬜⬜⬜⬜⬜
      *County/State*

   c. Date filed: ⬜⬜ - ⬜⬜ - ⬜⬜⬜⬜
      *Month    Day    Year*

(Attach additional pages if necessary.)

9276109

1018578

## C. NON-LAWSUIT CLAIMS

1. If the claiming party has made any claims relating to the property for which you are making a claim (including administrative claims) against anyone, that was not filed with a court of law, please provide the following information for each claim:

   a. Description of claim:

   b. Date submitted: [ ][ ] - [ ][ ] - [ ][ ][ ][ ]    ■
      Month   Day   Year

   c. Name of entity to whom claim was submitted:
      ☐ Grace
      ☐ Other
         Name of Entity

---

   a. Description of claim:

   b. Date submitted: [ ][ ] - [ ][ ] - [ ][ ][ ][ ]
      Month   Day   Year
                                            ■

   c. Name of entity to whom claim was submitted:
      ☐ Grace
      ☐ Other
         Name of Entity

---

   a. Description of claim:

   b. Date submitted: [ ][ ] - [ ][ ] - [ ][ ][ ][ ]
      Month   Day   Year

   c. Name of entity to whom claim was submitted:
      ☐ Grace
      ☐ Other
         Name of Entity

## PART 5: SIGNATURE PAGE

All claims must be signed by the claiming party.

I have reviewed the information submitted on this proof of claim form and all documents submitted in support of my claim. I declare, under penalty of perjury,* that the above statements are true, correct, and not misleading.

CONSENT TO RELEASE OF RECORDS AND INFORMATION: To the extent that I have produced a summary rather than the documents themselves as requested above or indicated who has possession and control of certain documents, I hereby authorize and request that all other parties with custody of any documents or information concerning my property damage or the information contained in this Form, upon the reasonable request of Grace or Grace's representative, with a copy to the claiming party, disclose any and all records to Grace or to Grace's representative.

_Ramury Jamin_, VP~Corporate Counsel       [0][3] - [2][4] - [2][0][0][3]
SIGNATURE OF CLAIMANT                         Month   Day   Year

*The penalty for presenting a fraudulent claim is a fine up to $500,000.00 or imprisonment up to 5 years, or both.
18 U.S.C. §§ 152 & 3571.

9276110

Copyright © 2002 NCS Pearson, Inc.  All rights reserved.

1018578

RIKER, DANZIG, SCHERER, HYLAND & PERRETTI LLP,
Headquarters Plaza
One Speedwell Avenue
Morristown, New Jersey 07962-1981
(973) 538-0800
Robert J. Gilson (RG 6618)

Attorneys for The Prudential Insurance Company of America

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **In re:** | Chapter 11 |
| **W.R. GRACE & CO., et al.,** | Case No. 01-01139 (JKF) (Jointly Administered) |
| **Debtors.** | |

## ADDENDUM TO PROOF OF CLAIM OF PRUDENTIAL INSURANCE COMPANY OF AMERICA FOR:

### BROOKHOLLOW I,
### 2800 NORTH LOOP WEST
### HOUSTON, TEXAS 77092

RIKER, DANZIG, SCHERER, HYLAND & PERRETTI LLP,
Headquarters Plaza
One Speedwell Avenue
Morristown, New Jersey 07962-1981
(973) 538-0800
Robert J. Gilson (RG 6618)

Attorneys for The Prudential Insurance Company of America

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **In re:** | Chapter 11 |
| **W.R. GRACE & CO., et al.,** | Case No. 01-01139 (JKF) (Jointly Administered) |
| **Debtors.** | **ADDENDUM TO PROOF OF CLAIM OF PRUDENTIAL INSURANCE COMPANY OF AMERICA FOR: BROOKHOLLOW I, 2800 NORTH LOOP WEST (HOUSTON, TEXAS)** |

## A. CREDITOR INFORMATION

1.     The Prudential Insurance Company of America for itself and various of its subsidiaries and affiliates (collectively "Prudential"), submits this addendum to its proof of claim with respect to its Asbestos Property Damage Claims against the Debtors, pursuant to their voluntary petition for reorganization under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

2.     This addendum relates to the following property:

Brookhollow I
2800 North Loop West
Houston, Texas 77092

Prudential is concurrently filing proofs of claims for Asbestos Property Damage for seven other properties.

3.      Notices to Prudential should be addressed as follows:

Robert J. Gilson, Esq.
Riker, Danzig, Scherer, Hyland & Perretti LLP
Headquarters Plaza
One Speedwell Avenue
Morristown, New Jersey 07962-1981

          and

W.H. Ramsay Lewis, Esq.
The Prudential Insurance Company of America
751 Broad Street, 21st Floor
Newark, New Jersey 07102

## B.  SUPPLEMENTAL RESPONSES

1.      The following answers supplement those given on the W.R. Grace

Asbestos Property Damage Proof of Claim Form:

## PART 3: PROPERTY INFORMATION

### Response to Question No. 4

On or about May 15, 1970, PIC Realty Corp ("PIC"), a wholly owned

subsidiary of Prudential, entered into a joint venture with Fletcher Emerson

Development Co., Inc. for the development of the property.  PIC had an undivided 75%

interest in the property and Fletcher Emerson Development Co., Inc. had an undivided

25% interest.  PIC acquired all of the interest in the property on December 27, 1972.

Prudential acquired a 75% interest in Brookhollow I from PIC on May 9, 1978, and the

remaining 25% on December 31, 1984.  The property was sold on October 1, 1997 to

EOP-Brookhollow Limited Partnership.

**Response to Question No. 10**

Interior renovations which may have affected asbestos on the property include, but are not limited to Prudential's efforts to abate asbestos containing material, beginning in 1986.

In addition, this building was the subject of a previous litigation, entitled The Prudential Insurance Company of America, et al. v. United States Gypsum Co., et al., as set forth in Part 4 of the Proof of Claim Form.   Extensive discovery was conducted in this case.  Prudential produced documents relating to its efforts to abate asbestos and all other renovations on the property to W.R Grace and its counsel, Anthony J. Marchetta, Esq. of the Morristown, New Jersey law firm of Pitney, Hardin, Kipp and Szuch LLP.  Therefore, W.R. Grace, or its counsel is already in possession of documents which may be further responsive to this question.   In the event that W.R. Grace is unable to obtain such responsive documentation previously produced to its counsel, to the extent the documents are in Prudential's possession, they will be made available upon reasonable request.

See also Prudential's Responses to Question Nos. 22, 25, & 31.

**Response to Question No. 11**

See Responses to Question Nos. 10, 22, 25 and 31.

**Response to Question No. 16:**

Documents relating to the purchase and/or installation of the product in the property include, but are not limited to, the documents attached hereto as Exhibit A.

In addition, this building was the subject of a previous litigation, entitled

The Prudential Insurance Company of America, et al. v. United States Gypsum Co., et

al., as set forth in Part 4 of the Proof of Claim Form.   Extensive discovery was

conducted in this case.  Prudential produced documents relating to the purchase and/or

installation of the product in the property to W.R Grace and its counsel, Anthony J.

Marchetta, Esq. of the Morristown, New Jersey law firm of Pitney, Hardin, Kipp and

Szuch LLP.    Therefore, W.R. Grace, or its counsel is already in possession of

documents which may be further responsive to this question.  In the event that W.R.

Grace is unable to obtain such responsive documentation previously produced to its

counsel, to the extent the documents are in Prudential's possession, they will be made

available upon reasonable request.


**Response to Questions No. 17**

See Response to Question No. 16.


**Response to Question Nos. 18, 19, 20 and 21**

Prudential first became aware of the presence in the property of asbestos

containing fireproofing in October 1985, when it received the results of a bulk sample

analysis prepared by BCM Converse, Inc.  Prudential first learned that the asbestos-

containing fireproofing in the property was a Grace product in approximately 1990,

when it received the results of constituent analysis performed by Materials Analytical

Services, and when it conducted an independent investigation to identify the

manufacturer of the asbestos containing fireproofing found in the property.

4

Documents responsive to Question Nos. 18, 19, 20 & 21 include, but are not limited to, the documents attached hereto as Exhibit B..

**Response to Question Nos. 22 and 23**

The documents relating to Prudential's abatement efforts are too voluminous to provide with this proof of claim. Instead, Prudential is attaching as Exhibit C, the report of Halliwell Engineering Associates (the "Halliwell Report"), which summarizes Prudential's abatement efforts and provides the dates such work was performed, as well as a summary of the documents which form the basis of the Halliwell Report.

In addition, this building was the subject of a previous litigation, entitled The Prudential Insurance Company of America, et al. v. United States Gypsum Co., et al., as set forth in Part 4 of the Proof of Claim Form. Extensive discovery was conducted in this case. Prudential produced documents relating to its efforts to abate asbestos on the property to W.R Grace and its counsel, Anthony J. Marchetta, Esq. of the Morristown, New Jersey law firm of Pitney, Hardin, Kipp and Szuch LLP. Therefore, W.R. Grace, or its counsel is already in possession of documents which may be further responsive to this question. In the event that W.R. Grace is unable to obtain such responsive documentation previously produced to its counsel, to the extent the documents are in Prudential's possession, they will be made available upon reasonable request.

See also Responses to Questions Nos. 10, 25, and 31.

**Response to Question No. 25**

The tables attached as Exhibit D summarize the abatement of the fireproofing that was performed when Prudential owned the property. The tables, though focused on costs, also contain the dates and descriptions of the work performed. Supporting documentation for these tables and other aspects of the fireproofing abatement work performed prior to Prudential's sale of the building may be found at the officers of Riker, Danzig, Scherer, Hyland & Perretti LLP, in Morristown, New Jersey.

In addition, this building was the subject of a previous litigation, entitled The Prudential Insurance Company of America, et al. v. United States Gypsum Co., et al., as set forth in Part 4 of the Proof of Claim Form, in which extensive discovery was conducted. Prudential produced documents relating to its efforts to abate asbestos-containing material on the property to W.R Grace and its counsel, Anthony J. Marchetta, Esq. of the Morristown, New Jersey law firm of Pitney, Hardin, Kipp and Szuch LLP. Therefore, W.R. Grace, or its counsel is already in possession of documents which may be further responsive to this question. In the event that W.R. Grace is unable to obtain such responsive documentation previously produced to its counsel, to the extent the documents are in Prudential's possession, they will be made available upon reasonable request.

**Response to Question Nos. 26, 27, 28 and 29**

Documents relating to the testing of materials on the property include, but are not limited to the constituent analysis performed by Materials Analytical Services, a report on representative sampling of the asbestos-containing fireproofing, and a report

of William M. Ewing relating to asbestos testing. These documents, along with other testing documents responsive to Question No. 26, are attached hereto as Exhibit E..

In addition, this building was the subject of a previous litigation, entitled The Prudential Insurance Company of America, et al. v. United States Gypsum Co., et al., as set forth in Part 4 of the Proof of Claim Form, in which extensive discovery was conducted. To the extent that they exist, Prudential produced other documents relating to other sampling/testing (i.e. air, dust, or bulk sampling) on the property to W.R Grace and its counsel, Anthony J. Marchetta, Esq. of the Morristown, New Jersey law firm of Pitney, Hardin, Kipp and Szuch LLP. Therefore, W.R. Grace, or its counsel is already in possession of documents which may be further responsive to this question. In the event that W.R. Grace is unable to obtain such responsive documentation previously produced to its counsel, to the extent the documents are in Prudential's possession, they will be made available upon reasonable request.


**Response to Question No. 31**

Evidence pertaining to disturbance or modification of asbestos-containing materials in the property include Prudential's abatement and renovation efforts, as set forth in its Responses to Questions 10, 22, 23 and 25. Further, the report of William H. Ewing, attached hereto in Exhibit E, sets forth modifications and disturbances of the asbestos-containing materials in the building.

In addition, this building was the subject of a previous litigation, entitled The Prudential Insurance Company of America, et al. v. United States Gypsum Co., et al., as set forth in Part 4 of the Proof of Claim Form, in which extensive discovery was conducted. Prudential produced documents relating to any disturbance or modification

7

of asbestos-containing materials on the property to W.R Grace and its counsel, Anthony

J. Marchetta, Esq. of the Morristown, New Jersey law firm of Pitney, Hardin, Kipp and

Szuch LLP.    Therefore, W.R. Grace, or its counsel is already in possession of

documents which may be further responsive to this question.    In the event that W.R.

Grace is unable to obtain such responsive documentation previously produced to its

counsel, to the extent the documents are in Prudential's possession, they will be made

available upon reasonable request.


**PART 4:  ASBESTOS LITIGATION AND CLAIMS**

**Response to Questions A.2 and B.1**

This building was the subject of previous litigation, captioned: <u>The</u>

<u>Prudential Insurance Company of America, et al. v. United States Gypsum Co.;</u>

<u>W.R.Grace & Co.;  The Celotex Corporation;   United States Mineral Products Co.;</u>

<u>Keene Corporation; Asbestospray Corporation</u>, Civil Action No. 87-4277 and <u>The</u>

<u>Prudential Insurance Company of America, et al. v. National Gypsum Company</u>, Civil

Action No. 87-4328. These cases were filed in the United States District Court for the

District of New Jersey.

The Complaint in <u>The Prudential Insurance Company of America, et al. v.</u>

<u>United States Gypsum Co., et al.</u> was filed on October 20, 1987. The Complaint in <u>The</u>

<u>Prudential Insurance Company of America v. National Gypsum</u> was filed on October

21, 1987.  These actions were consolidated on October 17, 1988. On April 13, 1989,

Prudential filed its First Amended Complaint and Jury Demand in the consolidated

litigation.    Copies of the First Amended Complaint, and the face pages of the two

earlier Complaints, are attached hereto as Exhibit F.

No lawsuit other than what is set forth above has been brought, but that litigation did include claims of joint and several liability. During the pendency of the above identified action all of the defendants filed for bankruptcy or dissolution. While there are claims pending in several bankruptcy proceedings and there is also a pending appeal, the claim related to the property that is the subject of this Proof of Claim is only being pursued against W.R. Grace & Co.

**C.**  **MISCELLANEOUS PROVISIONS**

1.  <u>No Waiver of Security or Rights:</u>  In executing and filing this proof of claim, Prudential does not waive any right to security held by it or for its benefit or any other right or rights that Prudential has or may have against Debtors or any other person or persons.

2.  <u>Right to Amend Reserved:</u>  Prudential expressly reserves the right to amend or supplement this proof of claim (including, but not limited to, for purposes of asserting a claim for rejection damages, administrative priority, fixing the amount of damages, fees, costs and expenses referred to herein) at any time and in any respect.

3.  <u>Jurisdiction Only Over Claim:</u>  In filing the within claim, Prudential does not submit itself to the jurisdiction of the Court for any other purpose other than with respect to such claim.

4.  <u>Additional Claims:</u>  This proof of claim is made without prejudice to the filing by Prudential of additional proofs of claim with respect to any other indebtedness or liability of Debtors to Prudential.

3250970.01

# EXHIBIT A

SPECIFICATIONS
AND
RELATED DOCUMENTS
FOR
BROOKHOLLOW GOLDEN CENTER
FLETCHER EMERSON DEVELOPMENT COMPANY
HOUSTON, TEXAS


PROJECT NO. 9836

October 23, 1970



**22**

FRETZ CONSTRUCTION COMPANY          GENERAL CONTRACTOR

CHENAULT & BRADY ENGINEERS          CONSULTING ENGINEERS

ELLISOR ENGINEERS                   STRUCTURAL ENGINEERS


NEUHAUS AND TAYLOR, A.I.A.          ARCHITECTS AND PLANNING CONSULTANTS
5051 WESTHEIMER, SUITE 1700         HOUSTON, TEXAS 77027

09ND01-1       9836                                        9G-1

-----------------------------------------------------------------
Section 9G – SPRAYED FIREPROOFING
-----------------------------------------------------------------
The Conditions of the Contract and applicable requirements of
Division 1 govern this Section.


   01  SCOPE

     This Section includes the complete work of SPRAYED FIRE-
     PROOFING.

A-9.1    02  SUPPLIER'S INSTRUCTIONS
SF

     Follow the Supplier's printed instructions for the use and
     installation of his products; except, follow the Specifi-
     cations given here-in when these Specifications are more
     restrictive.

A-16     03  WARRANTY

     By accepting a Contract, this Contractor agrees to warrant
     his work for one year against becoming unserviceable or
     objectionable in appearance as a result of being defective
     or non-conforming.  Without limiting the warranty scope,
     the Work shall be warranted as follows:

   A.  In unexposed areas, remain –
     1.  Well adhered to the substrate.
     2.  Free of dusting or similar surface deterioration.

   B.  In exposed areas, comply with the warranty for Painting
     as given under that section.

   04  MISCELLANEOUS SUBMISSIONS

     Submit the following for review, approval or coordination
     as directed.

   A.  Descriptive brochure giving U.L. fire ratings and system
     details.
   B.  Physical samples showing color & texture.

A-25.1  05  EXAMINATION OF CONDITIONS
SF

     Proceed only when conditions are suitable for satisfactory
     performance of this Work.

A-26        06  PROTECTION OF OTHER WORK

Arrange procedures and devices to protect other work from
disfigurement and physical damage.  This Contractor shall
be responsible for damages resulting from his Work.


07  MATERIALS

A.  CEMENTITIOUS MIXTURE:
    1.  REFERENCE SPECIFICATION: Listed in U.L. "Building
        Materials List", Guide No. 40U18.3, current edition.
    2.  SUPPLIERS:  Zonolite "Mono-kote" or others meeting
        the reference specification.

B.  WATER:  Clean, fresh and free of mineral and organic im-
    purities in amounts that would be harmful to the work.

C.  SEALER:  Of type recommended by the supplier, if any is
    needed.


08  MATERIAL DELIVERY

All manufactured materials shall be delivered in original,
unopened packages bearing the name of the manufacturer and
the Underwriter's Label.


09  FIRE RESISTANCE RATING

When applied to the underside of the slabs of 2-1/2 inches,
or thicker, with a pan-joist framing, this material shall
achieve a 2 hr. U.L. fire rating.


10  EXPOSED AREAS

A.  APPEARANCE:  Level base coat to provide a desirable finish
    appearance.
B.  FINISH:  Colored white with integral coloring; Uniform
    texture.
C.  JOIST FINISH:  Carry texture finish coat over joists &
    beams to provide an overall, uniform color & texture.

00MD01-3          9836                                          9G-3
                                                               (End)

## 11  LOCATIONS

A.  TYPICALLY:  In slab portions of pan-joist floor & roof
    systems.
B.  SPECIAL:  Where shown for decorative purposes in exposed
    areas.


## 12  RELATED WORK (Specified in other Sections)

A.  Plastering
B.  Gypsum lathing & furring.

RIKER, DANZIG, SCHERER, HYLAND & PERRETTI
Headquarters Plaza
One Speedwell Avenue
Morristown, New Jersey  07962-1981
(201) 538-0800


Attorneys for Plaintiffs,
The Prudential Insurance Company
  of America, et al.


| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, et al., :<br><br>Plaintiffs, :<br><br>vs. :<br><br>UNITED STATES GYPSUM COMPANY, :<br>et al., :<br><br>Defendants. : | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br>Hon. Harold A. Ackerman<br><br>CIVIL ACTION<br><br><br>No. 87-4227 (HAA)<br>No. 87-4238 (HAA) |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, :<br><br>Plaintiff, :<br><br>vs. :<br><br>NATIONAL GYPSUM COMPANY, :<br><br>Defendant. : | <br><br>AFFIDAVIT OF<br>CURTIS B. DORMAN |

State of Texas      :
                    : ss
County of Harris    :

I, CURTIS B. DORMAN, of full age and duly sworn according to the law, upon my oath depose and say:

1.    I am an employee of Tobin & Rooney, Inc. ("Tobin & Rooney"), a company located in Houston, Texas. Tobin & Rooney is a specialty subcontractor engaged in the business of installing sprayed-on fireproofing and doing lathing and plastering work in commercial buildings.

2.    I have worked for Tobin & Rooney for approximately thirty-two years.  During that time, I have worked as a plasterer, fireproofer, and fireproofing foreman.

3.    In the mid-1960's, Tobin & Rooney was the subcontractor selected to install the sprayed-on fireproofing material in the Houston Natural Gas Building ("Houston Natural Gas"). Houston Natural Gas is a high-rise office building located in Houston, Texas.

4.    As part of my job responsibilities with Tobin & Rooney, I worked as a fireproofing foreman during the installation of the sprayed-on fireproofing in Houston Natural Gas.

5.    I recall that the sprayed-on fireproofing installed by Tobin & Rooney in Houston Natural Gas was Mono-Kote. I further recall that the Mono-Kote sprayed-on fireproofing installed in Houston Natural Gas was supplied by Shelton W. Greer.

6.    In approximately the late 1960's to early 1970's, Tobin & Rooney was selected to install the sprayed-on fireproofing in the two office towers known as Executive Plaza.

-2-

The twin office buildings known as Executive Plaza are located at 4615 and 4635 Southwest Freeway in Houston, Texas.

7.    As part of my job responsibilities with Tobin & Rooney, I worked as a fireproofer during the installation of the sprayed-on fireproofing in one of the two Executive Plaza towers. I recall that Mono-Kote was the sprayed-on fireproofing installed in that building. I further recall that the Mono-Kote sprayed-on fireproofing installed in this building was supplied by Shelton W. Greer.

8.    In the course of my work with Tobin & Rooney, I have become familiar with the products used by the company. During the 1960's and 1970's, Mono-Kote was virtually the only sprayed-on fireproofing used by Tobin & Rooney in its fireproofing jobs.

9.    To the best of my knowledge, the sprayed-on fireproofing installed in the second Executive Plaza tower was also Mono-Kote, since Mono-Kote was virtually the only sprayed-on fireproofing product used by Tobin & Rooney during this time.

10.    In the early 1970's, Tobin & Rooney was the subcontractor selected to install the sprayed-on fireproofing in the Brookhollow Golden Center. Brookhollow Golden Center, currently known as Brookhollow I, is an office building located at 2800 North Loop West in Houston, Texas.

11.    As part of my job responsibilities with Tobin & Rooney, I worked as a fireproofer during the installation of the sprayed-on fireproofing in Brookhollow I. I recall that Mono-

-3-

PIS 00164804

Kote was the sprayed-on fireproofing installed in Brookhollow I. I further recall that the Mono-Kote sprayed-on fireproofing installed in this building was supplied by Shelton W. Greer.

12. Again in the early 1970's, Tobin & Rooney was the subcontractor selected to install the sprayed-on fireproofing in the buildings known as Park Towers. The Park Towers are two high-rise office buildings located at 1233 and 1333 West Loop South in Houston, Texas.

13. As part of my job responsibilities with Tobin & Rooney, I worked as a fireproofer during the installation of the sprayed-on fireproofing in the entire garage area (consisting of several parking levels) of each of the two towers. I recall that Mono-Kote was the sprayed-on fireproofing installed in these sections of the buildings.

14. To the best of my knowledge, Mono-Kote was also the sprayed-on fireproofing installed in the remaining floors of both towers, since it was virtually the only sprayed-on fireproofing being used by Tobin & Rooney at the time.

-4-

PIS 00164805

I have read this statement and can attest that the statement is true and accurate.

_CURTIS B. DORMAN_

State of Texas          :
                        :  ss
County of Harris        :

The foregoing instrument was acknowledged before me this 23 day of APRIL , 1997 by Curtis B. Dorman.

_NOTARY PUBLIC_

My Commission Expires:
4-25-93

PIS 00164806

RIKER, DANZIG, SCHERER, HYLAND & PERRETTI
Headquarters Plaza
One Speedwell Avenue
Morristown, New Jersey  07962-1981
(201) 538-0800

Attorneys for Plaintiffs
The Prudential Insurance Company of America, et al.

| | |
|---|---|
| THE     PRUDENTIAL     INSURANCE COMPANY OF AMERICA, <u>et al.</u>,<br><br>          Plaintiffs,<br><br>v.<br><br>UNITED STATES GYPSUM COMPANY, <u>et al.</u>,<br><br>          Defendants, | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY HON. HAROLD A. ACKERMAN CIVIL ACTION NO. 87-4227  (HAA)<br>                   No. 87-4238  (HAA)<br><br><br><u>AFFIDAVIT OF</u><br><u>GARY RICHTER</u> |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>          Plaintiffs,<br><br>v.<br><br>NATIONAL GYPSUM COMPANY,<br><br>          Defendant. | |

STATE OF TEXAS      )
                    ) ss:
COUNTY OF HARRIS    )

      I, GARY RICHTER, of full age and duly sworn according to the law, upon my oath depose and say:

      1.  I am an employee of Tobin & Rooney, Inc. ("Tobin & Rooney"), a company located in Houston, Texas. Tobin & Rooney is a specialty subcontractor engaged in the business of installing

PIS 00061577

sprayed-on fireproofing and doing lathing and plastering work in commercial buildings.

2.  I have worked for Tobin & Rooney since approximately 1951. During that time, I have worked as a plasterer, plastering foreman and, at present, as a superintendent.

3.  In the course of my work with Tobin & Rooney, I became familiar with the products used by the company in the 1960's and 1970's. Once the sprayed-on fireproofing product known as Mono-Kote had been introduced to the market, it became virtually the only sprayed-on fireproofing used by Tobin & Rooney in its fireproofing jobs.

4.  In the mid-1960's, Tobin & Rooney was the subcontractor selected to install the sprayed-on fireproofing material in the Houston Natural Gas building. The Houston Natural Gas Building is a high-rise office building located in Houston, Texas.

5.  As part of my job responsibilities with Tobin & Rooney, I worked as a plasterer during the construction of the Houston Natural Gas building.

6.  To the best of my recollection, the sprayed-on fireproofing material installed by Tobin & Rooney in the Houston Natural Gas Building ("Houston Natural Gas") was Mono-Kote.

7.  In the early 1970's, Tobin & Rooney was the subcontractor selected to install the sprayed-on fireproofing material in the 1100 Milam Building. The 1100 Milam Building ("1100 Milam") is a high-rise office building located in Houston, Texas.

8.  I recall the 1100 Milam project because, at the time of its construction, it was one of the largest buildings in Houston.

-2-

PIS 00061578

9.   As part of my job responsibilities with Tobin &
Rooney, I worked as a plasterer during the construction of the 1100
Milam Building.  To the best of my recollection, Mono-Kote was the
sprayed-on fireproofing installed in Floors 1 through 47 of the
building.  I further recall doing plastering on the lower floors of
the building while the Mono-Kote was being applied to the upper
floors.

10.   Again in the early 1970's, Tobin & Rooney was the
subcontractor selected to install the sprayed-on fireproofing in the
buildings known as Park Towers.  The Park Towers are two high-rise
office buildings located at 1233 and 1333 West Loop South, in
Houston, Texas.

11.   I recall the Park Towers construction because it took
place fairly close to the location of Tobin & Rooney's offices.

12.   As part of my responsibilities with Tobin & Rooney,
I worked as the plastering foreman for one of the two towers.  To
the best of my recollection, Mono-Kote was the only fireproofing
material installed in this tower.  In addition, to the best of my
knowledge, Mono-Kote was also installed in the remaining tower since
it was virtually the only sprayed-on fireproofing being installed
by Tobin & Rooney at that time.

13.  Additionally, in approximately the late 1960's to early
1970's, Tobin & Rooney was selected to install the sprayed-on
fireproofing material in both the Executive Plaza and Brookhollow
I projects.  Executive Plaza comprises two office buildings located
at 4615 and 4635 Southwest Freeway in Houston, Texas.  Brookhollow
I, formerly Brookhollow Golden Center, is an office building located
at 2800 North Loop West in Houston, Texas.

-3-

PIS 00061579

14. To the best of my knowledge, Mono-Kote was the sprayed-on fireproofing installed in the two Executive Plaza buildings and in Brookhollow I. Mono-Kote was virtually the only sprayed-on fireproofing product used by Tobin & Rooney in its fireproofing jobs at the time Tobin & Rooney installed the sprayed-on fireproofing in these buildings.

I have read this statement and can attest that the statement is true and accurate to the best of my recollection.

_____
GARY RICHTER

STATE OF TEXAS )
                          )ss:
COUNTY OF HARRIS )

The foregoing instrument was acknowledged before me this _28th_ day of _June_____, 1990 by Gary Richter.

My Commission Expires:
_11-15-90_____

_____
Notary Public

-4-

PIS 00061580

# EXHIBIT B

ASBESTOS SURVEY REPORT

FOR

PRUDENTIAL INSURANCE COMPANY

PROPERTY 941-941, BROOKHOLLOW GOLDEN

BCM PROJECT NO. 05-4151-01-D22

OCTOBER 25, 1985

BCM CONVERSE INC.
108 ST. ANTHONY STREET
MOBILE, ALABAMA 36602

PIS                460611

BCM CONVERSE INC.
BCM NO. D22

BUILDING EVALUATION:

Prudential Portfolio No.:    941-941
Building Name:    Brookhollow Golden
Address:    2700 North Loop
    Houston, Texas

BCM Field Evaluator: Phillip Davidson
BCM Q/C Review: David L. Upton/Brian J. Britain
Date of Survey: 7/25/85
Property Manager: Greg Brown
Phone No.:
Person(s) Contacted: Greg Brown

Type of Building: 12 Story Office Building

Results of Visual Inspection:    Friable fireproof coating was found on all
    structural steel, friable mud packing was
    found in the mechanical rooms on each floor
    and the boiler stacks are insulated with
    suspect friable material.

| QUANTITY | DESCRIPTION | LOCATION |
|---|---|---|
| 2,000 S.F. | Equipment Coverings | Boiler Stacks (2) |
| 175,000 S.F. | Coating on Beams | 1st - 12th Floor Steel |
| 50 Joints | Mud Packing | 1st - 12th floor mechanical rooms |

RESULTS OF LABORATORY ANALYSIS OF BULK SAMPLES OBTAINED:

| LOCATION | DESCRIPTION | SAMPLE I.D. | RESULTS/TYPE ASBESTOS* |
|---|---|---|---|
| 11th Floor Mechanical Rm. | Mudded Joints | D22-01-01 | 0% |
|  |  | D22-01-02 | 0% |
| 10th Floor Mechanical Rm. | Mudded Joints | D22-01-03 | 0% |
|  |  | D22-01-04 | 0% |
| 9th Floor Mechanical Rm. | Mudded Joints | D22-01-05 | 0% |
|  |  | D22-01-06 | 0% |

* The number in parentheses identifies the type asbestos present, as
follows: (1) Amosite, (2) Chrysotile, (3) Crocidolite, (4) Anthophyllite, (5)
Tremolite, and (6) Actinolite.

BCM CONVERSE INC.

RESULTS OF LABORATORY ANALYSIS OF BULK SAMPLES OBTAINED:

| LOCATION | DESCRIPTION | SAMPLE I.D. | RESULTS/TYPE ASBESTOS* |
|---|---|---|---|
| 8th Floor Mechanical Rm. | Mudded Joints | D22-01-07 | 0% |
|  |  | D22-01-08 | 0% |
| 7th Floor Mechanical Rm. | Mudded Joints | D22-01-09 | 0% |
|  |  | D22-01-10 | 0% |
| 6th Floor Mechanical Rm. | Mudded Joints | D22-01-11 | 0% |
|  |  | D22-01-12 | 0% |
| 5th Floor Mechanical Rm. | Mudded Joints | D22-01-13 | 1%(2) |
|  |  | D22-01-14 | 0% |
| 4th Floor Mechanical Rm. | Mudded Joints | D22-01-15 | 0% |
|  |  | D22-01-16 | 0% |
| 3rd Floor Mechanical Rm. | Mudded Joints | D22-01-17 | 0% |
|  |  | D22-01-18 | 0% |
| 2nd Floor Mechanical Rm. | Mudded Joints | D22-01-19 | 0% |
|  |  | D22-01-20 | 0% |
| 1st Floor Mechanical Rm. | Mudded Joints | D22-01-21 | 0% |
|  |  | D22-01-22 | 0% |
| Penthouse Elevator Rm. | Beam Coating | D22-02-01 | 18%(2) |
|  |  | D22-02-02 | 15%(2) |
| 11th Floor |  |  |  |
| Suite 1110 | Beam Coating | D22-02-03 | 10%(2) |
| Suite 1130 | Beam Coating | D22-02-04 | 11%(2) |
| Elevator Lobby | Beam Coating | D22-02-05 | 9%(2) |
| 10th Floor |  |  |  |
| Suite 1018 | Beam Coating | D22-02-06 | 8%(2) |
| Suite 1021 | Beam Coating | D22-02-07 | 14%(2) |
| Suite 1047 | Beam Coating | D22-02-08 | 12%(2) |
| 9th Floor |  |  |  |
| Suite 965 | Beam Coating | D22-02-09 | 10%(2) |
| Suite 959 | Beam Coating | D22-02-10 | 12%(2) |
| Suite 940 | Beam Coating | D22-02-11 | 8%(2) |

* The number in parentheses identifies the type asbestos present, as
follows:  (1) Amosite, (2) Chrysotile, (3) Crocidolite, (4) Anthophyllite, (5)
Tremolite, and (6) Actinolite.

*BCM CONVERSE INC.*

RESULTS OF LABORATORY ANALYSIS OF BULK SAMPLES OBTAINED:

| LOCATION | DESCRIPTION | SAMPLE I.D. | RESULTS/TYPE ASBESTOS* |
|---|---|---|---|
| 8th Floor | | | |
| Suite 821 | Beam Coating | D22-02-12 | 12%(2) |
| Suite 819 | Beam Coating | D22-02-13 | 10%(2) |
| Elevator Lobby | Beam Coating | D22-02-14 | 11%(2) |
| 7th Floor | | | |
| Suite 744 | Beam Coating | D22-02-15 | 8%(2) |
| Suite 754 | Beam Coating | D22-02-16 | 15%(2) |
| Suite 705 | Beam Coating | D22-02-17 | 13%(2) |
| 6th Floor | | | |
| Suite 606 | Beam Coating | D22-02-18 | 11%(2) |
| Suite 632 | Beam Coating | D22-02-19 | 12%(2) |
| Suite 609 | Beam Coating | D22-02-20 | 7%(2) |
| 5th Floor | | | |
| Suite 543 | Beam Coating | D22-02-21 | 12%(2) |
| Suite 520 | Beam Coating | D22-02-22 | 9%(2) |
| Suite 545 | Beam Coating | D22-02-23 | 6%(2) |
| 4th Floor | | | |
| Suite 400 | Beam Coating | D22-02-24 | 13%(2) |
| Elevator Lobby | Beam Coating | D22-02-25 | 15%(2) |
| Suite 415 | Beam Coating | D22-02-26 | 21%(2) |
| 3rd Floor | | | |
| Suite 315 | Beam Coating | D22-02-27 | 13%(2) |
| Suite 323 | Beam Coating | D22-02-28 | 15%(2) |
| Elevator Lobby | Beam Coating | D22-02-29 | 15%(2) |
| 2nd Floor | | | |
| Suite 215 | Beam Coating | D22-02-30 | 10%(2) |
| Suite 203A | Beam Coating | D22-02-31 | 14%(2) |
| Suite 200 | Beam Coating | D22-02-32 | 13%(2) |
| 1st Floor | | | |
| Suite 148 | Beam Coating | D22-02-33 | 9%(2) |
| Suite 146 | Beam Coating | D22-02-34 | 11%(2) |
| Suite 110 | Beam Coating | D22-02-35 | 7%(2) |
| G-3 | Beam Coating | D22-02-36 | 8%(2) |
| Elevator Lobby | Beam Coating | D22-02-37 | 15%(2) |
| Janitor Break Room | Beam Coating | D22-02-38 | 16%(2) |
| Boiler Stack | Equipment Covering | D22-02-39 | 27%(2) |
| Boiler Stack | Equipment Covering | D22-02-40 | 28%(1), 5%(2) |

* The number in parentheses identifies the type asbestos present, as follows: (1) Amosite, (2) Chrysotile, (3) Crocidolite, (4) Anthophyllite, (5) Tremolite, and (6) Actinolite.

BCM CONVERSE INC.

LOCATION AND DESCRIPTION OF ASBESTOS-CONTAINING MATERIALS:

| QUANTITY | DESCRIPTION | LOCATION |
|---|---|---|
| 175,000 S.F. | Beam Coating | 1st-12th Floor Steel |
| 2,000 S.F. | Equipment Coverings | Boiler Stacks |

BUDGET ESTIMATES FOR REMOVAL AND REPLACEMENT OF ASBESTOS MATERIALS:

| QUANTITY | DESCRIPTION | REMOVAL COST | TIME | REPLACEMENT COST | TIME |
|---|---|---|---|---|---|
| 2,000 S.F. | Equip. Cov. | $    10,000 | 4 days | $    5,000 | 4 days |
| 175,000 S.F. | Beam Coating | 1,750,000 | 88 days | 1,750,000 | 88 days |
| TOTAL | | $1,760,000 | | $1,755,000 | |

BCM CONVERSE INC.



**MATERIALS
ANALYTICAL
SERVICES**

July 11, 1990

Re:  Brookhollow I
     Houston, Texas

Based on the constituent analysis of the fireproofing
samples for the above-referenced project, it is my
opinion that the samples analyzed are Mono-Kote 3,
which was manufactured by W. R. Grace.

Worksheets reflecting our analysis are attached.

William E. Longo, Ph.D.

3597 Parkway Lane • Suite 250
Norcross, Georgia 30092
(404) 448-3200    FAX (404) 368-8256

BUILDING:        Brookhollow I
                 Houston, Texas

The following bulk samples from the above-referenced buildings
were analyzed and were used to form an opinion of the manufactur-
er and product.

| Bulk Sample # | Sample Location |
|---|---|
| 10 | 4th Floor Support NW Elevator Shaft |
| 16 | 5th Floor Support NW Elevator Shaft |
| 18 | 6th Floor Support NW Elevator Shaft |
| 23 | 7th Floor Support NW Elevator Shaft |

PIS 00061058

MATERIALS ANALYTICAL SERVICES, INC.

BULK ASBESTOS SHEET

Project # - Spl #: _M3825-10_               Date: _3/7/90_

Project Name: _PRUDENTIAL_                   Analyst: _W.B. Egbert_

Sample Identification: _BROOKHOLLOW #4-1   4TH FLOOR SUPPORT_

_NW ELEVATOR FIREPROOFING._

Gross Visual Description: _LIGHT BEIGE. GOLD FLAKES AND BOOKS AS WELL_

_AS FIBERS BOUND BY AN ABUNDANT FINE MATRIX. RUSTED PIECES_

_OF METAL ARE ATTACHED TO ONE SIDE._

| Optical Data for Asbestos Identification | | | |
|---|---|---|---|
| Morphology . . . . . . . . . | _LAUEY_ | | |
| Pleochroism. . . . . . . . | _NONE_ | | |
| Refractive Index . . . _(1511)_ | _1.54/1.55_ | | |
| Sign of Elongation . . . . . | _+_ | | |
| Extinction . . . . . . . . | _parallel_ | | |
| Birefringence. . . . . . . . | _LOW_ | | |
| Melt . . . . . . . . . . . | _NO_ | | |
| Fiber Name . . . . . . . . | _CHRYSOTILE_ | | |

**ASBESTOS MINERALS:**                     **Est. Vol. %**

Chrysotile . . . . . . . . . . . _8_
Amosite . . . . . . . . . . . _____
Crocidolite . . . . . . . . _____
Tremolite/Actinolite . . . . . _____
Anthophyllite . . . . . . . . . _____

**OTHER FIBROUS COMPONENTS:**

Mineral/Rock wool . . . . . . . _____
Fibrous glass . . . . . . . . _____
Cellulose . . . . . . . . . _____
Synthetic . . . . . . . . . _____
Other _____

**NON-FIBROUS COMPONENTS:**

Perlite . . . . . . . . . . _____
Vermiculite . . . . . . . . . _35_
Other _____

Binders . . . . . . . . . . . . _57_

_ABUNDANT GYPSUM WITH SCATTERED CARBONATE AND OTHER ASSOCIATED_

_GRANULAR MINERALS._

EFFERVESCENCE: _WEAK IN ISOLATED AREAS_

COMMENTS:
_NO STARCH OBSERVED._

MATERIALS ANALYTICAL SERVICES, INC.

BULK ASBESTOS SHEET

Project # - Spl #: _M 3825-16_    Date: _3/7/90_

Project Name: _PRUDENTIAL_    Analyst: _L.D. Eyeland_

Sample Identification: _BROOK HOLLOW 120.57    # S-3_

_5TH FLOOR SUPPORT - NW ELEVATOR SHAFT_

Gross Visual Description: _LIGHT BEIGE  COLD BOOKS AND FLAKES AS WELL_

_AS FIBERS BOUND BY AN ABUNDANT FINE MATRIX._

### Optical Data for Asbestos Identification

Morphology . . . . . . . . _WAVEY_ . . _____ . _____

Pleochroism . . . . . . . . _NONE_ . . _____ . _____

Refractive Index . . . _(LIN)_ . _154/155_ . _____ . _____

Sign of Elongation . . . . . _+_ . _____ . _____

Extinction . . . . . . . . _parallel_ . _____ . _____

Birefringence. . . . . . . . _LOW_ . _____ . _____

Melt . . . . . . . . . . _NO_ . _____ . _____

Fiber Name . . . . . . . . _CHRYSOTILE_ . _____ . _____

ASBESTOS MINERALS:                  Est. Vol. %

Chrysotile . . . . . . . . . . _10_ _____

Amosite  . . . . . . . . . : _____

Crocidolite . . . . . . . . : _____

Tremolite/Actinolite . . . . : _____

Anthophyllite . . . . . . . : _____

OTHER FIBROUS COMPONENTS:

Mineral/Rock wool  . . . . . . : _____

Fibrous glass . . . . . . . : _____

Cellulose . . . . . . . . . : _____

Synthetic . . . . . . . . . : _____

Other _____

NON-FIBROUS COMPONENTS:

Perlite . . . . . . . . . . : _____

Vermiculite . . . . . . . . : _35_ _____

Other _____

Binders . . . . . . . . . . _55_ _____

_ABUNDANT GYPSUM WITH SCATTERED ASSOCIATED MINERALS._

EFFERVESCENCE: _WEAK IN ISOLATED AREAS_

COMMENTS:

_NO STARCH OBSERVED_

PIS 00061060

# MATERIALS ANALYTICAL SERVICES, INC.

## BULK ASBESTOS SHEET

Project # - Spl #: _17 3825-18_          Date: _3/7/90_

Project Name: _PRUDENTIAL_          Analyst: _W.B.E._

Sample Identification: _CROOK HOLLOW  120.47.  #6-1_

_6TH FLOOR SUPPORT, NW ELEVATOR SHAFT._

Gross Visual Description: _LIGHT BEIGE. GOLD FLAKES AND ROCKS AS_

_WELL AS FIBERS BOUND BY AN ABUNDANT FINE MATRIX. RUSTED PIECES_

_OF METAL ATTACHED_

| Optical Data for Asbestos Identification | | | |
|---|---|---|---|
| Morphology . . . . . . . . | _WAVEY_ | . _____ | . _____ |
| Pleochroism . . . . . . | _NONE_ | . _____ | . _____ |
| Refractive Index . . . _(+)1½_ | _1.54/1.55_ | . _____ | . _____ |
| Sign of Elongation . . . . | _+_ | . _____ | . _____ |
| Extinction . . . . . . . | _parallel_ | . _____ | . _____ |
| Birefringence . . . . . . | _Low_ | . _____ | . _____ |
| Melt . . . . . . . . | _No_ | . _____ | . _____ |
| Fiber Name . . . . . . | _CHRYSOTILE_ | . _____ | . _____ |

ASBESTOS MINERALS:                    Est. Vol. %

Chrysotile . . . . . . . . . . _8_
Amosite . . . . . . . . . _____
Crocidolite . . . . . . . _____
Tremolite/Actinolite . . . . _____
Anthophyllite . . . . . . . . _____

OTHER FIBROUS COMPONENTS:

Mineral/Rock wool . . . . . . _____
Fibrous glass . . . . . . . _____
Cellulose . . . . . . . . _____
Synthetic . . . . . . . . . _____
Other _____

NON-FIBROUS COMPONENTS:

Perlite . . . . . . . . . _____
Vermiculite . . . . . . . . _35_
Other _____
_____

Binders . . . . . . . . . . _57_

_ABUNDANT GYPSUM AND  SCATTERED  FINE GRANULAR MINERALS_

EFFERVESCENCE: _WEAK IN ISOLATED AREAS_

COMMENTS:
_NO STARCH OBSERVED_

MATERIALS ANALYTICAL SERVICES, INC.

BULK ASBESTOS SHEET

Project # – Spl #: _M 3825-23_  Date: _3/3/40_

Project Name: _PRUDENTIAL_  Analyst: _W.B.S._

Sample Identification: _BROOK HOLLOW   12007   #7-2_

_7TH FLOOR SUPPORT, N.W. ELEVATOR SHAFT_

Gross Visual Description: _LIGHT BEIGE. GOLD FLAKES AND BOOKS AS WELL_

_AS FIBERS BOUND BY AN ABUNDANT FINE MATRIX, SMALL RUSTED_

_PIECES OF METAL ARE ATTACHED._

### Optical Data for Asbestos Identification

| | | | | |
|---|---|---|---|---|
| Morphology | WAVEY | | | |
| Pleochroism | NONE | | | |
| Refractive Index | (1,1) 1.54/1.55 | | | |
| Sign of Elongation | + | | | |
| Extinction | parallel | | | |
| Birefringence | low | | | |
| Melt | N | | | |
| Fiber Name | CHRYSOTILE | | | |

ASBESTOS MINERALS:                    Est. Vol. %

Chrysotile . . . . . . . . . . _8_
Amosite . . . . . . . . . . . . _____
Crocidolite . . . . . . . . . . _____
Tremolite/Actinolite . . . . . _____
Anthophyllite . . . . . . . . . _____

OTHER FIBROUS COMPONENTS:

Mineral/Rock wool . . . . . . . _____
Fibrous glass . . . . . . . . . _____
Cellulose . . . . . . . . . . . _____
Synthetic . . . . . . . . . . . _____
Other                           _____

NON-FIBROUS COMPONENTS:

Perlite . . . . . . . . . . . . _____
Vermiculite . . . . . . . . . . _35_
Other                           _____

Binders . . . . . . . . . . . . _57_

_ABUNDANT GYPSUM AND ASSOCIATED GRANULAR MINERALS._

EFFERVESCENCE: _WEAK IN VERY ISOLATED AREAS_

COMMENTS:
_NO STARCH OBSERVED_



**MATERIALS ANALYTICAL SERVICES, INC.**
3597 Parkway Lane, Suite 250
Norcross, GA  30092
404/448-3200

TEM ANALYSIS: *BULK ANALYSIS*

PROJECT: *PRUDENTIAL : BROOK HOLLOW*
SAMPLE NUMBER: *M 3825-10*
SAMPLE ID: *4-1 PARKING GARAGE 4TH LEVEL*

DATE OF ANALYSIS: *6/22/90*

ANALYST: *W. B. Eyl_____*

---

Asbestos Minerals:  *CHRYSOTILE (EDS)(DIFF)*

Other Components:  *VERMICULITE (EDS)*
*GYPSUM (EDS)(DIFF)*
*STEEL PARTICLES (EDS)*

Comments:



MATERIALS ANALYTICAL SERVICES          FRI 22-JUN-90  10:28
Cursor: 0.000KeV = 0          ROI (SIKα) 1.660: 1.810=1012

0.000                          VFS = 256      10.240
   26      M3825-10, CHRYSOTILE

PIS 00061064



MATERIALS ANALYTICAL SERVICES          FRI 22-JUN-90   10:23
Cursor: 0.000keV = 0          ROI (SIKα) 1.660: 1.810=1001

0.000                              VFS = 256      10.240
    88      M3825-10, VERMICULITE

MATERIALS ANALYTICAL SERVICES          FRI 22-JUN-90  10:15
Cursor: 0.000keV = 0          ROI (SIKα) 1.660: 1.810=78



0.000                                    VFS = 256    10.240
40      M3825-10, GYPSUM

PIS 00061066

MATERIALS ANALYTICAL SERVICES          FRI 22-JUN-90  10:18
Cursor: 0.000keV = 0          ROI (SIKα) 1.660: 1.810=126



0.000                              VFS = 256    10.240
   60    M3825-10, STEEL

PIS 00061067



**MATERIALS ANALYTICAL SERVICES, INC.**
**3597 Parkway Lane, Suite 250**
**Norcross, GA  30092**
**404/448-3200**

TEM ANALYSIS: *BULK ANALYSIS*

PROJECT: *PRUDENTIAL : BROOKHOLLOW*
SAMPLE NUMBER: *M 3825-16*
SAMPLE ID: *5-3   PARKING GARAGE 5TH LEVEL*

DATE OF ANALYSIS: *6/22/96*

ANALYST: *W. B. Eagle*

---

Asbestos Minerals: *CHRYSOTILE (EDS)(DIFF)*

Other Components: *VERMICULITE (EDS)*
*GYPSUM    (EDS)(DIFF)*
*CALCITE    (EDS)(DIFF)*

Comments:



MATERIALS ANALYTICAL SERVICES          FRI 22-JUN-90  09:46
Cursor: 0.000KeV = 0          ROI (SIKα) 1.660: 1.810=1022

0.000                                    VFS = 256      10.240
  25      M3825-16, CHRYSOTILE

MATERIALS ANALYTICAL SERVICES          FRI 22-JUN-90  09:43
Cursor: 0.000keV = 0          ROI (SIKα) 1.660: 1.810=1045



0.000                                    VFS = 256      10.240
     15      M3825-16, VERMICULITE



MATERIALS ANALYTICAL SERVICES          FRI 22-JUN-90  09:51
Cursor: 0.000keV = 0        ROI (SIKα) 1.660: 1.810=48

0.000                              VFS = 256    10.240
  33      M3825-16, GYPSUM



MATERIALS ANALYTICAL SERVICES          FRI 22-JUN-90   10:06
Cursor: 0.000keV = 0          ROI (SIKα) 1.660: 1.810=69

0.000                                    VFS = 256    10.240
26      M3825-16, CALCITE

PIS 00061072

## ADDITIONAL BULK ANALYSIS

Sample # _M 3825-10_                              Analyst _W. B. Egeland_

Date    _3/8/90_

### ACID DISSOLUTION

(1) Petri dish plus sample:                                    _7.7122_  g

(2) Petri dish minus sample:                                   _7.3842_  g

(3) Original sample weight:                                    _0.3280_  g

(4) Filter weight:                                             _0.0714_  g

(5) Clean petri dish weight:                                   _7.3905_  g

(6) Final sample weight plus filter and petri dish:            _7.6223_  g

(7) Final sample wt:((6) -[(4) + (5)])                         _0.1604_  g


(8) Percent residue wt:((7)/(3) x 100)                         _48.9_  %

(9) Amount in solution:(100 - (8))                             _51.1_  %


**MATERIALS**
**ANALYTICAL**
**SERVICES**

ADDITIONAL BULK ANALYSIS

# STARCH VERIFICATION

Sample # _M3825-10_                    Analyst _W. B. Copeland_

Date  _3/28/90_

**1) Sample Analyzed before/after acid dissolutions**

**Starch observed**                        (no) ✓

                                            yes _____

**Iodine test**                     positive _____
(ceiling tile only)
                                    negative _____

PIS 00061074

3597 Parkway Lane • Suite 250
Norcross, Georgia 30092
(404) 448-3200

## ADDITIONAL BULK ANALYSIS

Sample # _M 3825·16_                     Analyst _W. A. Eglund_

Date      _3/8/90_

### ACID DISSOLUTION

(1) Petri dish plus sample:                              _7.8040_  g

(2) Petri dish minus sample:                             _7.3497_  g

(3) Original sample weight:                              _0.4543_  g

(4) Filter weight:                                       _0.0729_  g

(5) Clean petri dish weight:                             _7.3164_  g

(6) Final sample weight plus filter and petri dish:      _7.5763_  g

(7) Final sample wt:((6) −[(4) + (5)])                   _0.1880_  g


(8) Percent residue wt:((7)/(3) x 100)                   _41.4_  %

(9) Amount in solution:(100 − (8))                       _58.6_  %



**MATERIALS
ANALYTICAL
SERVICES**

ADDITIONAL BULK ANALYSIS

# STARCH VERIFICATION

Sample # *M3825-16*                    Analyst *W. B. England*

Date    *3/28/90*

1) Sample Analyzed before (after) acid dissolutions

## Starch observed                    (no)  ✓

                                      yes _____

## Iodine test
(ceiling tile only)          positive  _____

                             negative  _____

PIS 00061076

3597 Parkway Lane • Suite 250
Norcross, Georgia 30092
(404) 448-3200



**MATERIALS
ANALYTICAL
SERVICES**

March 27, 1991

RE:        Brookhollow I
           Houston, Texas

The constituent analysis of additional fireproofing samples for
the above-referenced project supplements my July 11, 1990 opinion
and confirms that the samples analyzed are Mono-Kote 3, which was
manufactured by W. R. Grace.

Worksheets reflecting the analysis are attached.


William E. Longo, Ph.D.

3597 Parkway Lane • Suite 250
Norcross, Georgia 30092
(404) 448-3200    FAX (404) 368-8256

BUILDING:          Brookhollow I
                   Houston, Texas


The following bulk samples from the above-referenced building
were analyzed and were used to supplement the opinion regarding
the manufacturer and product.

| Bulk Sample | Sample Location | Collected By |
|---|---|---|
| 1-4 | Parking Garage First Level | BCM |

PIS 00111315

MATERIALS ANALYTICAL SERVICES, INC.

BULK ASBESTOS SHEET

Project # - Spl #: _M3825-8_          Date: _3/26/91_

Project Name: _PRUDENTIAL; BROOMHOLLON  12047_   Analyst: _L.A.Egbed_

Sample Identification: _#1-4    PARKING GARAGE  1ST LEVEL_

Gross Visual Description: _LIGHT BEIGE. GOLD FLAKES AND BOTH AS_
_WELL AS FIBERS THROUGHOUT A FINE MATRIX._

### Optical Data for Asbestos Identification

| | |
|---|---|
| Morphology | _WAVEY_ |
| Pleochroism | _NONE_ |
| Refractive Index | _(14) 1.54/1.55_ |
| Sign of Elongation | _+_ |
| Extinction | _parallel_ |
| Birefringence | _low_ |
| Melt | _NO_ |
| Fiber Name | _CHRYSOTILE_ |

ASBESTOS MINERALS:                    Est. Vol. %

| | |
|---|---|
| Chrysotile | _8_ |
| Amosite | |
| Crocidolite | |
| Tremolite/Actinolite | |
| Anthophyllite | |

OTHER FIBROUS COMPONENTS:

| | |
|---|---|
| Mineral/Rock wool | |
| Fibrous glass | |
| Cellulose | |
| Synthetic | |
| Other | |

NON-FIBROUS COMPONENTS:

| | |
|---|---|
| Perlite | |
| Vermiculite | _35_ |
| Other | |

Binders . . . . . . . . . . . . _57_

_ABUNDANT GYPSUM WITH SCATTERED FINE GRANULAR MINERALS_

EFFERVESCENCE: _WEAK IN ISOLATED AREAS_

COMMENTS:
_NO STARCH OBSERVED.   CLUMPS OF FIBROUS MINERAL WOOL, CELLULOSE,_
_AND SYNTHETIC ADHERING TO SAMPLE (SAMPLE IS DIRTY)._

# EXHIBIT C

# BROOKHOLLOW I

## HOUSTON, TEXAS

## (W.R. GRACE)

## SUMMARY OF
## ASBESTOS FIREPROOFING
## REMOVAL AND REPLACEMENT NET COSTS

*Prepared By*

**Halliwell Engineering Associates, Inc.**

**July, 1996**

# BROOKHOLLOW I
# HOUSTON, TX
# (W.R. GRACE)

### TABLE OF CONTENTS

**SECTION I:**     **INTRODUCTION**

     A.    BUILDING EXTERIOR PHOTOGRAPH

     B.    ASBESTOS FIREPROOFING REMOVAL STATUS DRAWING

     C.    BUILDING INFORMATION SUMMARY

     D.    INFORMATION CONSIDERED IN THE DEVELOPMENT OF THIS REPORT

**SECTION II:**     **SUMMARY OF COSTS**

     TABLE 1    SUMMARY OF ASBESTOS FIREPROOFING REMOVAL AND REPLACEMENT NET COSTS

     TABLE 2    SUMMARY OF COMPLETED ASBESTOS FIREPROOFING REMOVAL AND REPLACEMENT NET COSTS

     TABLE 3    DETAILED COSTS FOR COMPLETED ASBESTOS FIREPROOFING REMOVAL AND REPLACEMENT PROJECTS

     TABLE 4    INTEREST CHARGES

     TABLE 5    MISCELLANEOUS RELATED COSTS NOT INCLUDED IN THIS REPORT

**SECTION III:**     **STATEMENT OF OPINIONS**

**SECTION IV:**     **QUALIFICATIONS OF HALLIWELL ENGINEERING ASSOCIATES, INC. AND JACK L. HALLIWELL (SUBMITTED UNDER SEPARATE COVER)**

     A.    MR. HALLIWELL'S CURRENT CURRICULUM VITAE

     B.    HALLIWELL ENGINEERING ASSOCIATES INC; SUMMARY OF EXPERIENCE AND CAPABILITIES

     C.    MR. HALLIWELL'S PRIOR TESTIMONY RECORD

Halliwell Engineering Associates, Inc., July, 1996

# BROOKHOLLOW I
# HOUSTON, TX
# (W.R. GRACE)

TABLE OF CONTENTS (cont'd)

D.   ARTICLES ON ASBESTOS ABATEMENT AND MANAGEMENT AUTHORED BY MR. HALLIWELL

E.   COMPENSATION SCHEDULES FOR MR. HALLIWELL AND HALLIWELL ENGINEERING ASSOCIATES, INC.

**APPENDICES:**

**APPENDIX A**

PART A:   ASBESTOS ABATEMENT PROJECT INFORMATION

PART B:   BUILDING INSPECTIONS CONDUCTED BY HALLIWELL ENGINEERING ASSOCIATES

PART C:   LOCATION AND DETAILS OF INFORMATION CONSIDERED IN THE DEVELOPMENT OF THIS REPORT

**APPENDIX B**   PROJECT FLOOR AREA/FIREPROOFING AREA CALCULATIONS

**APPENDIX C**   REDUCED BUILDING DRAWINGS

Halliwell Engineering Associates, Inc., July, 1996

SECTION I

# SECTION I

# INTRODUCTION

**A)**    **BUILDING EXTERIOR PHOTOGRAPH**



# Brookhollow I
# Houston, Texas

## B. ASBESTOS FIREPROOFING REMOVAL STATUS DRAWING

# BROOKHOLLOW 1
## HOUSTON, TEXAS



LEGEND:

FIREPROOFING REMOVED PRIOR TO SALE

FIREPROOFING REMOVED AFTER SALE

FIREPROOFING REMAINS

FIREPROOFING NEVER APPLIED

Halliwell Engineering Associates, Inc., July, 1996

## C. BUILDING INFORMATION SUMMARY

Building name:    Brookhollow I

Location:    Houston, Texas

Ownership:    Property owned by The Prudential Insurance Company of America

Building use:    Single-tenant, municipal offices

Total number of floors:    12; (ground through 11th), and three mechanical penthouses (two elevator machine rooms and a fan room)

Number of floors with spray-applied fireproofing:    12 floors and three mechanical penthouses

Total floor area with fireproofing:    202,049 sq. ft.

Location of fireproofing:    Beams only

Type of deck:    Corrugated steel

Core area:    Bathrooms and mechanical rooms contain spray-applied fireproofing; elevator shafts and stairwells have none

Fireproofing surface area on a typical floor:    15,033.14 sq. ft.

Fireproofing surface area to floor area ratio (typical floor):    15,033.14 ÷ 17,728 = 0.85

Type of HVAC system:    MER on each floor, original constant volume multi-zone AHU w/reheat coils in supply ducts; ceiling diffusers in the interior and slot diffusers along the perimeter; ceiling space is return air plenum.

## D. INFORMATION CONSIDERED IN THE DEVELOPMENT OF THIS REPORT

1. **Building Information:**

    Building design drawings

    Asbestos survey

    Correspondence

    Building inspections

    Photographs and photo logs

    Discussions with building personnel

2. **Asbestos Abatement Cost Information:**

    Consultant's proposal

    Contractor's bid form

    Contract documents

    Consultant's invoices

    Contractor's applications for payment

    Change orders

    Property management invoices

    Correspondence

3. **Asbestos Abatement Project Information:**

    Contract documents

    Abatement specifications

    Abatement meeting notes

Consultant's daily logs

Contractor's daily logs

Correspondence

Bulk/air sampling results

Federal and state asbestos regulations

SECTION II

# SECTION II

# SUMMARY OF COSTS

TABLE 1

# BROOKHOLLOW I
# Houston, TX
### (W.R. Grace)

### TABLE 1
### SUMMARY OF ASBESTOS FIREPROOFING
### REMOVAL AND REPLACEMENT NET COSTS

COMPLETED  ASBESTOS FIREPROOFING REMOVAL
AND REPLACEMENT NET COSTS                    =   $1,782,524.00

TOTAL NET COSTS ATTRIBUTABLE TO ASBESTOS
FIREPROOFING REMOVAL AND REPLACEMENT         =   $1,782,524.00

TABLE 2

Brookhollow I
Houston, TX
(W.R. Grace)

## TABLE 2
### Summary of Completed Asbestos Fireproofing
### Removal and Replacement Net Costs

| PROJECT INFORMATION | |
|---|---|
| Floor(s) | Ground – 11th |
| Asbestos Abatement Dates | 01/86 – 07/86 |
| Asbestos Abatement Contractor | W.T. Stephens |
| Asbestos Abatement Consultant | BCM Converse |
| Project Floor Area (square feet) | 202,049 |
| GROSS ABATEMENT PROJECT COSTS (1) | |
| Asbestos Abatement Contractor | $1,587,800.00 |
| Asbestos Abatement Consultant | 177,524.00 |
| Management Fee | 20,000.00 |
| Total Gross Abatement Project Costs | $1,785,324.00 |
| Total Cost per square foot of Floor Area | $8.84 |
| DEDUCTIONS FOR NON FIREPROOFING | |
| PROJECT COSTS (NON-FP) | |
| Vinyl Asbestos Floor Tile (VAT) Removal  (2) | $0.00 |
| Thermal System Insulation (TSI) Removal  (3) | 0.00 |
| Miscellaneous Project Cost Deductions  (4) | 2,800.00 |
| Total Project Deductions | $2,800.00 |
| CONTAMINATED BUILDING | |
| COMPONENT REPLACEMENT COSTS  (5) | |
| Ceilings | $0.00 |
| Light Fixtures | 0.00 |
| Ductwork | 0.00 |
| Total Contaminated Bldg. Component | |
| Replacement Cost | $0.00 |
| **TOTAL NET PROJECT COSTS** | **$1,782,524.00** |
| Total Net Project Costs | $1,782,524.00 |
| Total Net Project Cost Per Sq. Ft. of Floor Area | $8.82 |

Halliwell Engineering Associates, Inc.  July 1996

NOTES:
(1) Refer to Table 3 for detailed listing of Gross Abatement Project Costs.
(2) No VAT removal required per the project plans or specifications, therefore deduct = $0.
(3) No TSI removal required per the project plans or specifications, therefore deduct=$0.
(4) Refer to Table 3 for detailed listing of Miscellaneous Project Cost Deductions.
(5) Refer to Table 5 for details of costs not included in this report.

95404

TABLE 3

**TABLE 4**

Brookhollow I
Houston, TX
(W.R. Grace)

## TABLE 4

## INTEREST CHARGES

An additional element of costs is interest charges. However, this report does not calculate that aspect of The Prudential Insurance Company of America's damages.