SHORT HILLS BUILDING
51 JFK PARKWAY
SHORT HILLS, NJ  07078

# W.R. GRACE & CO.
# ASBESTOS PROPERTY DAMAGE
# PROOF OF CLAIM FORM

*The United States Bankruptcy Court for the District of Delaware*
*In re: W.R. Grace & Co., et al., Debtors, Case No. 01-01139 (JKF)*
*(Jointly Administered)*

## SUBMIT COMPLETED CLAIMS TO:

**Claims Processing Agent**
**Re: W.R. Grace & Co. Bankruptcy**
**PO Box 1620**
**Faribault, MN 55021-1620**

For a complete list of the Debtors in these cases see "The Debtors" section of the
General Instructions for Completing Proof of Claim Forms. The debtors in this case are
collectively referred to in this document as "Grace".

If you have a current claim against Grace for property damage allegedly resulting from asbestos from a
Grace product, other than Zonolite Attic Insulation, THIS ASBESTOS PROPERTY DAMAGE PROOF
OF CLAIM FORM MUST BE RECEIVED ON OR BEFORE 4:00 P.M., EASTERN TIME ON MARCH 31,
2003, or you will be forever barred from asserting or receiving payment for your claim.

**INSTRUCTIONS FOR FILING THE W.R. GRACE & CO. ASBESTOS PROPERTY DAMAGE PROOF OF CLAIM FORM**

## WHO SHOULD USE THIS ASBESTOS PROPERTY DAMAGE PROOF OF CLAIM FORM

1. This Asbestos Damage Proof of Claim Form (referred to in this document as the "Form") applies only to <u>current</u> claims made against Grace by or on behalf of parties who are alleging property damage with respect to asbestos in real property owned by the party (such person is referred to in this document as the "claiming party") from a Grace asbestos-containing product or as a result of one of Grace's vermiculite mining, milling, or processing facilities.

2. The Bar Date does not apply to Asbestos Personal Injury Claims, Settled Asbestos Claims or Zonolite Attic Insulation Claims. Those claims will be subject to a separate claim submission process and should not be filed at this time.

3. This form should not be used for Medical Monitoring Claims or Non-Asbestos Claims. Instead, separate specialized proof of claim forms for these claims should be completed.

4. If you are alleging current claims against Grace with respect to asbestos in more than one (1) real property, the claiming party should complete an Asbestos Property Damage Proof of Claim Form for <u>each</u> property. You may request additional forms by calling the Claims Processing Agent at 1-800-432-1909.

## GENERAL INSTRUCTIONS

1. This form must be signed by the claimant or authorized agent of the claimant. THIS FORM MUST BE RECEIVED ON OR BEFORE 4:00 PM EASTERN TIME ON MARCH 31, 2003, or you forever will be precluded from asserting your claim(s) against or receiving payment from Grace. Return your completed form to the Claims Processing Agent, Re: W.R. Grace & Co. Bankruptcy, P.O. Box 1620, Faribault, MN 55021-1620.
   If you are returning this form by mail, allow sufficient time so that this form is received on or before March 31, 2003. Forms that are postmarked before March 31, 2003 but received after March 31, 2003 will not be accepted. Only original forms will be accepted for filing. Forms transmitted by facsimile will not be accepted for filing.

2. If you cannot fit all information in any particular section or page, please make a copy of that page before filling it out and attach as many additional pages as needed.

3. If you are unable to provide any of the information required by the proof of claim form, please so specify, as well as provide a short statement describing why such information is unavailable. If you are in the process of obtaining such information at the time you file your proof of claim, please so advise and indicate that the same shall be provided when obtained.

4. This form must be filled out completely using BLACK or BLUE ink or may be typewritten.
   • Please print clearly using capital letters only.     • Do not use a felt tip pen.
   • Skip a box between words.                            • Do not bend or fold the pages of the form.
   • Do not write outside of the boxes or blocks.

5. Because this form will be read by a machine, please print characters using the examples below. For optimum accuracy, please print in capital letters and avoid contact with the edge of the character boxes.

6. Mark check boxes with an "X" (example at right).  ☒     NAME HERE

7. Be <u>accurate</u> and <u>truthful</u>. A Proof of Claim Form is an official court document that may be used as evidence in any legal proceeding regarding your claim. The penalty for presenting a fraudulent claim is a fine of up to $500,000 or imprisonment for up to five years or both. 18 U.S.C. §§ 152 & 3571.

8. Make a copy of your completed Form to keep for your records. <u>Send</u> only <u>original</u> Forms to the Claims Processing Agent at the following address: Claims Processing Agent, Re: W.R. Grace & Co. Bankruptcy
   PO Box 1620
   Faribault, MN 55021-1620.

9. You will receive written notification of the proof of claim number assigned to this claim once it has been processed.

## PART 1: CLAIMING PARTY INFORMATION

**NAME:** THE PRUDENTIAL INSURANCE COMPANY OF AMERICA

*Name of individual claimant (first, middle and last name) or business claimant*

**SOCIAL SECURITY NUMBER (Individual Claimants):**

*(last four digits of SSN)*

**F.E.I.N. (Business Claimants)** 22-1211670

**Other names by which claiming party has been known (such as maiden name or married name):**

*First*     *MI*     *Last*

*First*     *MI*     *Last*

**GENDER:** ☐ MALE    ☐ FEMALE    N/A    ■

**Mailing Address:** 751 BROAD STREET, 21ST FLOOR

*Street Address*

City: NEWARK     State (Province): NJ     Zip Code (Postal Code): 07102

Country: USA

## PART 2: ATTORNEY INFORMATION

**The claiming party's attorney, if any (You do not need an attorney to file this form):**

**Law Firm Name:** RIKER DANZIG SCHERER HYLAND & PERRETTI LLP

**Name of Attorney:** ROBERT    J    GILSON

*First*     *MI*     *Last*

**Mailing Address:** HEADQUARTERS PLAZA, ONE SPEEDWELL AVENUE

*Street Address*

City: MORRISTOWN     State (Province): NJ     Zip Code (Postal Code): 07962

**Telephone:** (973) 451-8435    ■

*Area Code*

## PART 3. PROPERTY INFORMATION

### A. Real Property For Which A Claim Is Being Asserted

1. What is the address of the real property for which a claim is being asserted (referred to herein as "the property")?

| 5 | 1 |   | J | O | H | N |   | F | . |   | K | E | N | N | E | D | Y |   | P | A | R | K | W | A | Y |   |   |   |   |   |   |   |   |
Street Address

| S | H | O | R | T |   | H | I | L | L | S |
City

State (Province): **N J**

Zip Code (Postal Code): **0 7 0 7 8**

| U | S | A |
Country

2. Are you completing an Asbestos Property Damage Proof of Claim Form for any other real property other than the one listed at "1" above?

   ☒ Yes   ☐ No   ■

3. Do you currently own the property listed in Question 1, above?

   ☐ Yes   ☒ No   **SEE ADDENDUM**

4. When did you purchase the property?

   | 1 | 0 | - | 2 | 4 | - | 1 | 9 | 7 | 9 |
   Month  Day  Year

5. What is the property used for (check all that apply)
   - ☐ Owner occupied residence
   - ☐ Residential rental
   - ☒ Commercial
   - ☐ Industrial   Specify: _____
   - ☐ Other   Specify: _____

6. How many floors does the property have?   | 0 | 0 | 6 |

7. What is the approximate square footage of the property?   | 0 | 0 | 0 | 1 | 3 | 5 | 0 | 0 | 0 |

8. When was the property built?
   - ☒ Before 1969
   - ☐ 1969 - 1973
   - ☐ After 1973

9. What is the structural support of the property?
   - ☐ Wood frame
   - ☐ Structural concrete
   - ☐ Brick
   - ☒ Steel beam/girder
   - ☐ Other   Specify: _____

10. Have you or has someone on your behalf completed any interior renovations on the property which affected any asbestos on the property?

    ☐ Yes   ☒ No

9276102

1018579

## A. Real Property For Which A Claim Is Being Asserted (continued)

If yes, please specify the dates and description of such renovations.

| | | | | Description | |
|---|---|---|---|---|---|

*Year*

| | | | | Description | |
|---|---|---|---|---|---|

*Year*

| | | | | Description | |
|---|---|---|---|---|---|

*Year*

11. To the best of your knowledge, have any other interior renovations been completed on the property during any other period of time which affected any asbestos on the property?

☐ Yes    ☒ No

If yes, please specify the dates and descriptions of such renovations.

| | | | | Description | |
|---|---|---|---|---|---|

*Year*

| | | | | Description | |
|---|---|---|---|---|---|

*Year*

| | | | | Description | |
|---|---|---|---|---|---|

*Year*

## B. Claim Category

12. For which category are you making a claim on the property?

☒ Category 1:  Allegation with respect to asbestos from a Grace product in the property
☐ Category 2:  Allegation with respect to one of Grace's vermiculite mining, milling or processing operations

If you checked Category 1 in question 12 complete section C.
If you checked Category 2 in question 12 complete section D.

## C. Category 1 Claim - Allegation With Respect To Asbestos From A Grace Product In The Property

13. For what alleged asbestos-containing product(s) are you making a claim?

☒ Monokote-3 fireproofing insulation
☐ Other    Specify:
(For a list of the brand names under which Grace manufactured products that may have contained commercially added asbestos, see Exhibit 2 to the Claims Bar Date Notice provided with this Proof of Claim Form.)

14. When did you or someone on your behalf install the asbestos containing product(s) in the property?

| | | | |
|---|---|---|---|

*Year*    ☒ I did not install the product(s)

15. If you or someone on your behalf did not install the asbestos containing product(s), to the best of your knowledge, when was/were the product(s) installed?

| 1 | 9 | 6 | 8 |
|---|---|---|---|

*Year*    ☐ Don't know.

9276103

1018579

16. Do you have documentation relating to the purchase and/or installation of the product in the property?

☐ Yes   ☒ No   **SEE ADDENDUM**

If Yes, attach all such documents. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

17. If you do not have any such documents, explain why not and indicate who may have possession or control of such documents with respect to the property.

> **SEE ADDENDUM**

18. When did you first know of the presence of asbestos in the property of the Grace product for which you are making this claim?

| 1 | 9 | 8 | 4 |

*Year*

Please attach all documents relating or referring to the presence of asbestos in the property for which you are making this claim. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

19. How did you first learn of the presence of asbestos in the property of the Grace product for which you are making this claim?

> **SEE ADDENDUM**

20. When did you first learn that the Grace product for which you are making this claim contained asbestos?

| 1 | 9 | 8 | 4 |   **SEE ADDENDUM**

*Year*

21. How did you first learn that the Grace product for which you are making the claim contained asbestos?

> **SEE ADDENDUM**

22. Have you or someone on your behalf made an effort to remove, contain and/or abate the Grace product for which you are making this claim?

☒ Yes   ☐ No

If Yes, attach all documents relating or referring to such efforts. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

23. If you do not have any such documents, explain why not and indicate who may have possession and control of such documents with respect to the property.

> **SEE ADDENDUM**

24. If you or someone on your behalf did not make an effort to remove, contain and/or abate the Grace product(s) for which you are making a claim, to the best of your knowledge, did anyone else make such an effort?

☐ Yes   ☐ No   N/A

9276104

1018579

238276-2-3/3

25. If you responded Yes to question 22. or 24. and you have not supplied documents, please specify the dates and descriptions of any such efforts.

| | Description | SEE ADDENDUM |
| --- | --- | --- |
| Year | | |
| | Description | |
| Year | | |
| | Description | |
| Year | | |

26. Have you or anyone on your behalf ever conducted any testing or sampling for the presence of asbestos or other particulates in the property?

☒ Yes    ☐ No    **If Yes, Attach All Documents Related To Any Testing Of The Property**

SEE ADDENDUM

27. If you responded Yes to question 26., but you have not provided documents, indicate who may have possession or control of such testing documents or where such documents may be located.

SEE ADDENDUM

28. If you or someone on your behalf did not conduct any testing or sampling for the presence of asbestos or other particulates on the property, to the best of your knowledge, did anyone else conduct such testing or sampling with respect to the property?

☐ Yes    ☐ No    SEE ADDENDUM

29. If you responded Yes to question 26. or 28. and you have not supplied related documents, please describe when and by whom and the type of testing and/or sampling (e.g. air, bulk and dust sampling).

| | Company/Individual | SEE ADDENDUM |
| --- | --- | --- |
| Year | Type of testing: | |
| | Company/Individual | |
| Year | Type of testing: | |
| | Company/Individual | |
| Year | Type of testing: | |

30. Has the Grace product or products for which you are making this claim ever been modified and/or disturbed?

☒ Yes    ☐ No

31. If yes, specify when and in what manner the Grace product or products was modified and/or disturbed?

| | Description | SEE ADDENDUM |
| --- | --- | --- |
| Year | | |
| | Description | |
| Year | | |
| | Description | |
| Year | | |

**D.  Category 2 Claims: Allegation With Respect To One of Grace's Vermiculite Mining, Milling Or Processing Operations**

32.  What is the business address or location of the Grace operation which has led to your claim?

Business Name

Street Address

City                                                    State    Zip Code
                                                        (Province)  (Postal Code)

Country

33.  If your claim relates to a personal residence, does (or did) anyone living in the household work for Grace?

☐ Yes    ☐ No

34.  If yes, specify the following for each such individual:

| Name of Individual Working at Grace Operation | Name of Individual Working at Grace Operation |
|---|---|
| Date of Birth | Date of Birth |
| Month – Day – Year | Month – Day – Year |
| Occupation(s) of Individual | Occupation(s) of Individual |
| Dates Worked at Operation | Dates Worked at Operation |
| From: ___ Year  To: ___ Year | From: ___ Year  To: ___ Year |
| Name of Individual Working at Grace Operation | Name of Individual Working at Grace Operation |
| Date of Birth | Date of Birth |
| Month – Day – Year | Month – Day – Year |
| Occupation(s) of Individual | Occupation(s) of Individual |
| Dates Worked at Operation | Dates Worked at Operation |
| From: ___ Year  To: ___ Year | From: ___ Year  To: ___ Year |

35.  When did you first know of the presence of asbestos on your property? 

Year

36. How did you first learn of the presence of asbestos on your property?

Attach all documents relating or referring to the presence of asbestos on the property. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession or control of the document.

If you provide a summary of the documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

37. If you do not have any documents relating or referring to the presence of asbestos on the property, explain why not and indicate who may have possession or control of any such documents with respect to the property.

38. Have you or anyone on your behalf made an effort to remove, contain and/or abate the asbestos on your property?

☐ Yes        ☐ No

If Yes, attach all documents relating or referring to such efforts. If the documents are too voluminous to attach, attach a summa of the documents indicating the name of each document, date of each document, a brief description of the document, the locatio of the document, and who has possession or control of the document.

If you provide a summary of the documents rather than the documents themselves, you are required to consent to the productio and release of those documents to Grace upon Grace's further request.

39. If you do not have any documents relating or referring to the removal, containment and/or abatement of the asbestos on your property, explain why not and indicate who may have possession and control of such documents with respect to the property.

40. If you or someone on your behalf did not make an effort to remove, contain and/or abate the asbestos on your property, to the best of your knowledge, did anyone else make such an effort?

☐ Yes        ☐ No

9276107                                    1018579

41. If you responded Yes to question 38. or question 40. and you have not supplied related documents, please specify the dates and descriptions of any such efforts.

| | | | | Description | |
|--|--|--|--|--|--|

*Year*

| | | | | Description | |
|--|--|--|--|--|--|

*Year*

| | | | | Description | |
|--|--|--|--|--|--|

*Year*

42. Have you or anyone on your behalf conducted any other testing or sampling for the presence of asbestos on your property?

☐ Yes          ☐ No

If Yes, attach all documents relating or referring to such efforts. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession or control of the document.

If you provide a summary of the documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

43. If you do not have any documents relating or referring to any other such testing or sampling for the presence of asbestos on your property, explain why not and indicate who may have possession or control of such documents with respect to the property.

44. If you or someone on your behalf did not conduct any other testing or sampling for the presence of asbestos on your property, to the best of your knowledge, did anyone else conduct such testing or sampling?

☐ Yes          ☐ No

45. If you responded Yes to question 42. or question 44. and you have not supplied related documents, please specify the dates and descriptions of any such efforts.

| | | | | Description | |
|--|--|--|--|--|--|

*Year*

| | | | | Description | |
|--|--|--|--|--|--|

*Year*

| | | | | Description | |
|--|--|--|--|--|--|

*Year*

46. Were you aware of the presence of asbestos on your property when you purchased your property?

☐ Yes          ☐ No

47. If you have sold the property, were you aware of the presence of asbestos on your property when you sold your property?

☐ Yes          ☐ No          ☐ Not Applicable, have not sold the property

9276108                                                    1018579

## PART I: ASBESTOS IDENTIFICATION AND CLAIMS

### A. INTRODUCTION

1. Has any asbestos-related property damage lawsuit or claim been filed against Grace on behalf of this claiming party relating to the property for which you are making this claim?

   ☐ No
   ☒ Yes – lawsuit
   ☐ Yes – non-lawsuit claim (other than a workers' compensation claim)

2. Has any asbestos-related property damage lawsuit or claim been filed against any other party on behalf of this claiming party relating to the property for which you are making this claim?

   ☒ No    SEE ADDENDUM
   ☐ Yes – lawsuit
   ☐ Yes – non-lawsuit claim (other than a workers' compensation claim)

   *If an asbestos-related property damage lawsuit has been filed by or on behalf of this claiming party relating to the property for which you are making a claim, complete Section B. below.*

   *If an asbestos-related property damage non-lawsuit claim has been made by or on behalf of this claiming party relating to the property for which you are making a claim, complete Section C. on the following page.*

### B. LAWSUITS

1. Please provide the following information about each asbestos-related property damage lawsuit which has been filed relating to the property for which you are making this claim or attach a copy of the face page of each complaint filed.

   a. Caption    SEE ADDENDUM

   b. Court where suit **originally filed**: ⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚ Docket No.: ⬚⬚⬚⬚⬚⬚
      *County/State*

   c. Date filed: ⬚⬚ – ⬚⬚ – ⬚⬚⬚⬚
      *Month   Day   Year*

   a. Caption

   b. Court where suit **originally filed**: ⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚ Docket No.: ⬚⬚⬚⬚⬚⬚
      *County/State*

   c. Date filed: ⬚⬚ – ⬚⬚ – ⬚⬚⬚⬚
      *Month   Day   Year*

   a. Caption

   b. Court where suit **originally filed**: ⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚ Docket No.: ⬚⬚⬚⬚⬚⬚
      *County/State*

   c. Date filed: ⬚⬚ – ⬚⬚ – ⬚⬚⬚⬚
      *Month   Day   Year*

   (Attach additional pages if necessary.)

9276109                    1018579

## C. NON-LAWSUIT CLAIMS

1.  If the claiming party has made any claims relating to the property for which you are making a claim (including administrative claims) against anyone, that was not filed with a court of law, please provide the following information for each claim:

a. Description of claim:

b. Date submitted: ☐☐ - ☐☐ - ☐☐☐☐  ■
   *Month   Day   Year*

c. Name of entity to whom claim was submitted:
   ☐ Grace
   ☐ Other
      *Name of Entity*

---

a. Description of claim:

b. Date submitted: ☐☐ - ☐☐ - ☐·☐·☐
   *Month   Day   Year*

c. Name of entity to whom claim was submitted:   ■
   ☐ Grace
   ☐ Other
      *Name of Entity*

---

a. Description of claim:

b. Date submitted: ☐☐ - ☐☐ - ☐☐☐
   *Month   Day   Year*

c. Name of entity to whom claim was submitted:
   ☐ Grace
   ☐ Other
      *Name of Entity*

## PART 5. SIGNATURE PART

All claims must be signed by the claiming party.

I have reviewed the information submitted on this proof of claim form and all documents submitted in support of my claim. I declare, under penalty of perjury,* that the above statements are true, correct, and not misleading.

CONSENT TO RELEASE OF RECORDS AND INFORMATION: To the extent that I have produced a summary rather than the documents themselves as requested above or indicated who has possession and control of certain documents, I hereby authorize and request that all other parties with custody of any documents or information concerning my property damage or the information contained in this Form, upon the reasonable request of Grace or Grace's representative, with a copy to the claiming party, disclose any and all records to Grace or to Grace's representative.

*Ramsay Lumin, VP-Corporate Counsel*        03 - 24 - 2003
SIGNATURE OF CLAIMANT                        *Month   Day   Year*

*The penalty for presenting a fraudulent claim is a fine up to $500,000.00 or imprisonment up to 5 years, or both.
18 U.S.C. §§ 152 & 3571.

Copyright © 2002 NCS Pearson, Inc.  All rights reserved.

1018579

RIKER, DANZIG, SCHERER, HYLAND & PERRETTI LLP,
Headquarters Plaza
One Speedwell Avenue
Morristown, New Jersey 07962-1981
(973) 538-0800
Robert J. Gilson (RG 6618)

Attorneys for The Prudential Insurance Company of America

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **In re:** | Chapter 11 |
| **W.R. GRACE & CO., et al.,** | Case No. 01-01139 (JKF) (Jointly Administered) |
| **Debtors.** | |

## ADDENDUM TO PROOF OF CLAIM OF PRUDENTIAL INSURANCE COMPANY OF AMERICA FOR:

## SHORT HILLS OFFICE BUILDING
## 51 JOHN F. KENNEDY PARKWAY
## SHORT HILLS, NEW JERSEY 07078

RIKER, DANZIG, SCHERER, HYLAND & PERRETTI LLP,
Headquarters Plaza
One Speedwell Avenue
Morristown, New Jersey 07962-1981
(973) 538-0800
Robert J. Gilson (RG 6618)

Attorneys for The Prudential Insurance Company of America

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **In re:** | Chapter 11 |
| **W.R. GRACE & CO., et al.,** | Case No. 01-01139 (JKF) (Jointly Administered) |
| **Debtors.** | **ADDENDUM TO PROOF OF CLAIM OF PRUDENTIAL INSURANCE COMPANY OF AMERICA FOR: SHORT HILLS OFFICE BUILDING, 51 JOHN F. KENNEDY PARKWAY (SHORT HILLS, NEW JERSEY)** |

### A. CREDITOR INFORMATION

1.     The Prudential Insurance Company of America for itself and various of its subsidiaries and affiliates (collectively "Prudential"), submits this addendum to its proof of claim with respect to its Asbestos Property Damage Claims against the Debtors, pursuant to their voluntary petition for reorganization under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

2.     This addendum relates to the following property:

> Short Hills Building, East Building
> 51 John F. Kennedy Parkway
> Short Hills, NJ 07078

Prudential is concurrently filing proofs of claims for Asbestos Property Damage for seven other properties.

3.    Notices to Prudential should be addressed as follows:

Robert J. Gilson, Esq.
Riker, Danzig, Scherer, Hyland & Perretti LLP
Headquarters Plaza
One Speedwell Avenue
Morristown, New Jersey 07962-1981

and

W.H. Ramsay Lewis, Esq.
The Prudential Insurance Company of America
751 Broad Street, 21st Floor
Newark, New Jersey 07102

## B. SUPPLEMENTAL RESPONSES

1.    The following answers supplement those given on the W.R. Grace & Co. Asbestos Property Damage Proof of Claim Form ("Proof of Claim Form"):

### PART 3: PROPERTY INFORMATION

**Response to Question No. 3**

The Short Hills Office Building was demolished in 1984 and Prudential constructed another building on this site which was sold on March 20, 1998.

**Response to Questions No. 16 and 17**

Prudential is not in possession of documentation relating to the purchase and/or installation of the product in the property because Chubb & Son, Inc. was responsible for the construction of the Short Hills Office Building and installation of any asbestos containing materials; therefore, Chubb & Son, Inc. may be in possession of documents responsive to this request.

In addition, this building was the subject of a previous litigation entitled The Prudential Insurance Company of America, et al. v. United States Gypsum

Company, et al., as set forth in Part 4 of the Proof of Claim Form, in which extensive discovery was conducted. To the extent that they exist, Prudential produced any documents relating to the purchase and/or installation of the product in the property to W.R. Grace and its counsel, Anthony J. Marchetta, Esq. of the Morristown, New Jersey law firm of Pitney, Hardin, Kipp and Szuch LLP. Therefore, W.R. Grace, or its counsel, is already in possession of any other documents which may be further responsive to this request.

**Responses to Questions Nos. 18, 19, 20 and 21**

Prudential first became aware of the presence of asbestos in the Short Hills Building in late 1983 in connection with the demolition of that building. In 1983 Prudential was trying to decide whether to renovate or demolish the Chubb Building. In connection with that decision, Prudential in 1983 retained the Grad Partnership, an architectural firm, to conduct a feasibility study. While the Grad Partnership was investigating the feasibility of demolishing the building, it had the fireproofing in the building tested to see if it contained asbestos. The test indicated that the fireproofing did contain asbestos. It is not clear when that report concerning the presence of asbestos was transmitted to Prudential. In November 1983, the outside consultants retained to advise Grad Partnership informed Prudential that the building contained asbestos fireproofing and that if the building was demolished, the asbestos fireproofing would have to be removed. In late November 1983, Prudential decided to demolish the building. In January 1984, Prudential received bids for the asbestos removal that ranged from $995,000 to $1,965,880. A bid approving the removal of the asbestos prior to demolition was issued in January 1984. The actual asbestos removal took place during early to mid-1984 at a cost of roughly $1,000,000.

3

Prudential first learned that the asbestos-containing fireproofing in the property was a Grace product in 1990, when it received the results of constituent analysis performed by Materials Analytical Services.

Documents responsive to questions 18,19, 20 and 21 include but are not limited to the documents attached hereto as Exhibit A.

In addition, this building was the subject of a previous litigation entitled The Prudential Insurance Company of America, et al. v. United States Gypsum Company, et al., as set forth in Part 4 of the Proof of Claim Form, in which extensive discovery was conducted. Prudential produced documents relating to its awareness of asbestos-containing material on the property to W.R. Grace and its counsel, Anthony J. Marchetta, Esq. of the Morristown, New Jersey law firm of Pitney, Hardin, Kipp and Szuch LLP. Therefore, W.R. Grace, or its counsel, is already in possession of any other documents which may be further responsive to this request. In the event that W.R. Grace is unable to obtain such responsive documentation previously produced to its counsel, to the extent the documents are in Prudential's possession, they will be made available upon reasonable request.

**Response to Question Nos. 22 and 23**

The documents relating to Prudential's abatement efforts are too voluminous to provide with this Proof of Claim. Instead, Prudential is attaching as Exhibit B the report of Halliwell Engineering Associates ("Halliwell Report"), which summarizes Prudential's abatement efforts and sets forth its claim for damages, as well as a summary of the documents which form the basis of the Halliwell Report.

In addition, this building was the subject of a previous litigation entitled
The Prudential Insurance Company of America, et al. v. United States Gypsum
Company, et al., as set forth in Part 4 of the Proof of Claim Form, in which extensive
discovery was conducted. Prudential produced documents relating to its efforts to abate
asbestos on the property to W.R. Grace and its counsel, Anthony J. Marchetta, Esq. of
the Morristown, New Jersey law firm of Pitney, Hardin, Kipp and Szuch LLP.
Therefore, W.R. Grace, or its counsel, is already in possession of any other documents
which may be further responsive to this request. In the event that W.R. Grace is unable
to obtain such responsive documentation previously produced to its counsel, to the
extent the documents are in Prudential's possession, they will be made available upon
reasonable request.

See also Responses to Question Nos. 10, 25 and 31.

**Response to Question No. 25**

The tables attached as Exhibit C summarize the removal of asbestos
containing materials that was performed when Prudential owned the property. The
tables, though focused on costs, contain the dates and descriptions of the abatement
work performed.

In addition, this building was the subject of a previous litigation entitled
The Prudential Insurance Company of America, et al. v. United States Gypsum
Company, et al., as set forth in Part 4 of the Proof of Claim Form, in which extensive
discovery was conducted. Prudential produced documents relating to its efforts to abate
asbestos-containing material on the property to W.R. Grace and its counsel, Anthony J.
Marchetta, Esq. of the Morristown, New Jersey law firm of Pitney, Hardin, Kipp and

Szuch LLP. Therefore, W.R. Grace, or its counsel, is already in possession of any other documents which may be further responsive to this request. In the event that W.R. Grace is unable to obtain such responsive documentation previously produced to its counsel, to the extent the documents are in Prudential's possession, they will be made available upon reasonable request.

### Response to Question Nos. 26, 27, 28 and 29

Documents relating to the testing of materials on the property include, but are not limited to, the constituent analysis performed by Materials Analytical Services and a report on representative sampling of the asbestos-containing fireproofing. These documents, are attached hereto as Exhibit D.

Documentation relating to testing conducted by parties other then Prudential is attached as Exhibit E.

In addition, this building was the subject of a previous litigation entitled The Prudential Insurance Company of America, et al. v. United States Gypsum Company, et al., as set forth in Part 4 of the Proof of Claim Form, in which extensive discovery was conducted. To the extent that they exist, Prudential produced other documents relating to sampling/testing on the property to W.R. Grace and its counsel, Anthony J. Marchetta, Esq. of the Morristown, New Jersey law firm of Pitney, Hardin, Kipp and Szuch LLP. Therefore, W.R. Grace, or its counsel, is already in possession of any other documents which may be further responsive to this request. In the event that W.R. Grace is unable to obtain such responsive documentation previously produced to its counsel, to the extent the documents are in Prudential's possession, they will be made available upon reasonable request.

6

**Response to Question No. 31**

The asbestos-containing fireproofing in this property was fully abated in 1984, in connection with the demolition of the building, as set forth in the Responses to Question Nos. 22, 23 and 25.

In addition, this building was the subject of a previous litigation entitled The Prudential Insurance Company of America, et al. v. United States Gypsum Company, et al., as set forth in Part 4 of the Proof of Claim Form, in which extensive discovery was conducted. Prudential produced documents relating to any disturbance or modification of asbestos-containing materials on the property to W.R. Grace and its counsel, Anthony J. Marchetta, Esq. of the Morristown, New Jersey law firm of Pitney, Hardin, Kipp and Szuch LLP. Therefore, W.R. Grace, or its counsel, is already in possession of any other documents which may be further responsive to this request. In the event that W.R. Grace is unable to obtain such responsive documentation previously produced to its counsel, to the extent the documents are in Prudential's possession, they will be made available upon reasonable request.

## PART 4: ASBESTOS LITIGATION AND CLAIMS

### Response to Questions A.2 and B.1

This building was the subject of previous litigation, captioned: The Prudential Insurance Company of America, et al. v. United States Gypsum Co.; W.R.Grace & Co.; The Celotex Corporation; United States Mineral Products Co.; Keene Corporation; Asbestospray Corporation, Civil Action No. 87-4277 and The Prudential Insurance Company of America, et al. v. National Gypsum Company, Civil Action No. 87-4328. These cases were filed in the United States District Court for the District of New Jersey.

The Complaint in <u>The Prudential Insurance Company of America, et al. v. United States Gypsum Co., et al.</u> was filed on October 20, 1987. The Complaint in <u>The Prudential Insurance Company of America v. National Gypsum</u> was filed on October 21, 1987. These actions were consolidated on October 17, 1988. On April 13, 1989, Prudential filed its First Amended Complaint and Jury Demand in the consolidated litigation. Copies of the First Amended Complaint, and the face pages of the two earlier Complaints, are attached hereto as Exhibit F.

No lawsuit other than what is set forth above has been brought, but that litigation did include claims of joint and several liability. During the pendency of the above identified action all of the defendants filed for bankruptcy or dissolution. While there are claims pending in several bankruptcy proceedings and there is also a pending appeal, the claim related to the property that is the subject of this Proof of Claim is only being pursued against W.R. Grace & Co.

## C. MISCELLANEOUS PROVISIONS

1.   <u>No Waiver of Security or Rights:</u>  In executing and filing this proof of claim, Prudential does not waive any right to security held by it or for its benefit or any other right or rights that Prudential has or may have against Debtors or any other person or persons.

2.   <u>Right to Amend Reserved:</u>  Prudential expressly reserves the right to amend or supplement this proof of claim (including, but not limited to, for purposes of asserting a claim for rejection damages, administrative priority, fixing the amount of damages, fees, costs and expenses referred to herein) at any time and in any respect.

3. <u>Jurisdiction Only Over Claim:</u>  In filing the within claim, Prudential does not submit itself to the jurisdiction of the Court for any other purpose other than with respect to such claim.

4. <u>Additional Claims:</u>  This proof of claim is made without prejudice to the filing by Prudential of additional proofs of claim with respect to any other indebtedness or liability of Debtors to Prudential.

3250949.01

# EXHIBIT A

# ⑤⑤ SHIMEL and SOR TESTING LABORATORIES, INC.

*Testing – Inspection – Consultation*

PO Box 78, A2 Merry Lane, East Hanover, N J 07936
(201) 887-8808

Branch Office:
118-120 Sandford St.
New Brunswick, N.J. 08903
(201) 494-2448

Kamil Sor, Ph.D.
Charles Shimel, P. E.

This report is the confidential property of the Client, and information contained
may not be published or reproduced without our written permission

| | |
|---|---|
| Client | Grad Partnership, Architects |
| Project | Chubb & Son Building, Short Hills Mall Area |
| Subject | Sampling and Laboratory Testing of Sprayed-On Fireproofing Materials |
| | for Asbestos Content    Report No    83-2139    Date 7/26/83 |

At the request of the Client, on July 21, 1983, a Representative
of our Laboratory was at the project building to sample two sprayed-
on fireproofing materials. The samples were taken from the beams
of structural steel members of the Second Floor North and the Fifth
Floor South.

The samples were tested for asbestos content in accordance with
the test procedures described in the Publication by the EPA:

> Asbestos Containing Materials in
> School Buildings, Part-1.
> EPA Office of Toxic Substances
> Washington, D. C.

PIS 00047891

**55**  SHIMEL and SOR TESTING LABORATORIES, INC.

Grad Partnership                                    page 2

### TEST RESULTS

| Sample No.(*) | Sample Location | Amount of Asbestos Fibers in Samples,% by Wt. (**) |
|---|---|---|
| 1 | Beam on Second Floor, North | 16.6 |
| 2 | Beam on Fifth Floor, South | 18.5 |

(*) Samples of the two areas were different in texture.

(**) Photographs taken under microscope are attached.

Based on these test results, both samples contain considerable amounts of asbestos fibers.

SHIMEL AND SOR TESTING LABORATORIES, INC.

Kamil Sor, Ph. D.
President

KS/rp
cc:(1) Client
Attn: Ms. Rochelle Vitone

PIS 0004789E

1327a

SHIMEL and SOR TESTING LABORATORIES. INC.

Grad Partnership                                              page 3

ATTACHMENT-I

Photomicrographs Showing Asbestos Fibers in Sprayed-On Fireproofing
Materials.



2ⁿᵈ Floor -North                                400 X



5ᵗʰ Floor South                                400 X

1328a

PIS 00047893

# 55  SHIMEL and SOR TESTING LABORATORIES, INC.

### Testing - Inspection - Consultation

P O Box 78, A2 Merry Lane, East Hanover, N.J. 07936
(201) 887 - 8808

Branch Office:
118 - 120 Sandford St.
New Brunswick, N.J. 08903
(201) 494 - 2448

Kamil Sor, Ph D
Charles Shimel, P E

This report is the confidential property of the Client, and information contained
may not be published or reproduced without our written permission

Client   Grad Partnership Architects

Project   Prudential-Chubb & Son Buildings, Short Hills, NJ

Subject   Inspection and Sampling of Sprayed-on Fireproofing Materials

Report No   83-2361          Date 8/19/83

At the request of the Client, on 8/16/83, a Representative
of our Laboratory was at the project site to inspect and sample
all fireproofing materials from all buildings of the Chubb complex.
The buildings inspected were:

- ---Main Office Complex
- ---Training Center Building
- ---Records Storage Building
- ---Maintenance and Boiler Building
- ---Grounds Garage
- ---West Building

The only building that had sprayed-on fireproofing material
was the Main Office Building.  All the other buildings did not
have any sprayed-on fireproofing materials.

PIB 00065623

1329a

**55**   SHIMEL and SOR TESTING LABORATORIES, INC.

Grad Partnership                                                    page 2

    Four more samples of sprayed-on fireproofing were sampled
from the First, Third, Fourth and the Sixth Floors of the Main
Office Building.  The samples were visually checked and were
found to be similar of those previously tested (Our Report No.
83-2139, dated 7/26/83).


SHIMEL AND SOR TESTING LABORATORIES, INC.

Kamil Sor, Ph. D.
President

KS/rp
cc: (1) Client
    Attn: Ms. Rochelle Vitone

PIS 00065624

1330a

I.P.646- Cumberland-Dentil

# SS SHIMEL and SOR TESTING LABORATORIES, INC.

### Testing - Inspection - Consultation

PO Box 78 A2 Merry Lane, East Hanover, N.J. 07936
(201) 887-8808

Branch Office:
118-120 Sandford St
New Brunswick, N.J. 08903
(201) 494-2448

Kamil Sor, Ph.D.
Charles Shimel, P.E.

This report is the confidential property of the Client, and information contained
may not be published or reproduced without our written permission

| | |
|---|---|
| Client | Prudential Insurance Co. c/o Grad Partnership |
| Project | Chubb & Son Buildings, Short Hill Mall Area. |
| Subject | Sampling & Laboratory Testing of Insulation Materials for Asbestos Con· |

Report No  83-3663       Date  11/1/83

At the request of the Client, on October 28, 1983, a
Representative of our Laboratory was at the project site to
sample insulation materials from the Chubb & Son Buildings.
The samples were tested for asbestos content in accordance with
the test procedures described in the Publication by the EPA:

Asbestos Containing Materials in
School Buildings, Part-I
EPA Office of Toxic Substances
Washington, D.C.

The test results and sample locations are presented on the
following attachments.

SHIMEL AND SOR TESTING LABORATORIES, INC.

Kamil Sor, Ph. D.
President

KS/rp
cc: (1) Client
Attn: Ms. Rochelle Vitone
(1) Prudential
Attn: Mr. Thomas Michnewicz

11/7/83 cc: G. Brinkhorst

S 00048872

1332a

SS    SHIME    I SOR TESTING LABI    ORIES. INC

Prudential Insurance Co.    page 2

## TEST RESULTS

| Sample No. | Location | Type of Material | Asbestos Content. % |
|---|---|---|---|
| 1 | West Building Level-I Overhead Pipe Insulation | Asbestos | 17.0 |
| 2 | West Building Level-I Overhead Pipe Insulation | Asbestos | 17.0 |
| 3 | West Building Level-I NE. Pipe Insulation | Asbestos | 15.0 |
| 4 | West Building Penthouse Level Pipe Cover | Asbestos | 9.0 |
| 5 | West Building Penthouse Level Pipe Cover | Asbestos | 8.5 |
| 6 | West Building Ceiling Tile | Asbestos | 15.0 |
| 7 | West Building Kitchen Area Vertical & Horizontal Pipe Insulation | Asbestos | 12.5 |
| 8 | West Building Level-II Horizontal Ceiling Pipe Cover | Fiber Glass | -------- |

PIB 00048073

SS  SHIM _ nd SOR TESTING LA ) ATORIES, INC

Prudential Insurance Co.                                    page 3

## TEST RESULTS

| Sample No. | Location | Type of Material | Asbestos Content, % |
|---|---|---|---|
| 9 | West Building Level-I, Kitchen Area Vertical Pipe Cover | Fiber Glass | -------- |
| 10 | West Building Level-I Duct Cover | Fiber Glass | -------- |
| 11 | West Building Penthouse Levle Blower Duct Cover | Asbestos | 12.0 |
| 12 | West Building Level-II Horizontal Pipe Cover | Asbestos | 18.1 |
| 13 | West Building Penthouse Level Mechanical Room Pipe Cover | Fiber Glass | -------- |
| 14a | Training Center Typical Pipe Cover at Tees and Elbows and Connections | Glass Fibers | -------- |
| 14b | Training Center Pipe Covers (other than connections) | Fiber Glass | -------- |
| 15 | File Storage Building Pipe Cover | Asbestos | 6.5 |

PIB 00048874

1334a

SHIM . .nd SOR TESTING LA. ? ATORIES. INC

Prudential Insurance Co.                                    page 4

## TEST RESULTS

| Sample No. | Location | Type of Material | Asbestos Content, % |
|---|---|---|---|
| 16a | Boiler Room Building Old Pipe Cover | Asbestos | 7.5 |
| 16b | Boiler Room Building New Pipe Cover | Fiber Glass | . . . . . . . . |
| 17a | East Building First Floor Mechanical Room Pipe Cover at Joints and Tank Cover | Asbestos | 8.0 |
| 17b | East Building First Floor Mechanical Room Pipe Cover | Fiber Glass | . . . . . . . . |
| 18 | East Building Ceiling Panels (Tiles) | Asbestos | 16.3 |

PIS 00048875



MATERIALS
ANALYTICAL
SERVICES

June 25, 1990

Re:  Short Hills Office Building
     Short Hills, New Jersey

Based on the constituent analysis of the fireproofing
samples for the above-referenced project, it is my
opinion that the samples analyzed are Mono-Kote 3,
which was manufactured by W. R. Grace.

Worksheets reflecting our analysis are attached.

William E. Longo, Ph.D.

PIS 00060929

3597 Parkway Lane • Suite 250
Norcross, Georgia 30092
(404) 448-3200    FAX (404) 368-8256

<u>BUILDING:</u>      Short Hills Office Building
                 Short Hills, New Jersey

The following bulk samples from the above-referenced buildings were analyzed and were used to form an opinion of the manufacturer and product.

| <u>Bulk Sample #</u> | <u>Sample Location</u> | <u>Collected By</u> |
|---|---|---|
| Chubb 03 | 2nd Floor - Air Handling Room | Kaselaan & D'Angelo |
| Chubb 05 | 4th Floor North Air Handling Room | Kaselaan & D'Angelo |

PIS 00060930

## MATERIALS ANALYTICAL SERVICES, INC.

### BULK ASBESTOS SHEET

Project # - Spl #: _M 3438-3_                                    Date: _10/3/89_

Project Name: _PRUDENTIAL_                                    Analyst: _W.B.S._

Sample Identification: _SHORT HILLS OFFICE BLDGS.    A88-120, 33_
_CHUBB OFFICE COMPLEX: SHORT HILLS, N.J.    /   CHUBB 03  2ND FLOOR, AIR HANDLING ROOM_    FIRE PROOFING

Gross Visual Description: _LIGHT TAN, BOODS AND FLAKES AS WELL AS_
_WHITE FIBERS BOUND BY AN ABUNDANT FINE MATRIX, WHITE PAINT_
_PRESENT._

```
┌─────────────────────────────────────────────────────────────┐
│          Optical Data for Asbestos Identification            │
│   Morphology . . . . . . . . . WAVEY . . . _____ . . _____ │
│   Pleochroism. . . . . . . . . NONE . . . _____ . . _____  │
│   Refractive Index . . . (1.54). 1.54/1.55 . _____ . _____ │
│   Sign of Elongation . . . . . + . . . . _____ . . _____   │
│   Extinction . . . . . . . . . parallel . _____ . . _____  │
│   Birefringence. . . . . . . . low . . . _____ . . _____   │
│   Melt . . . . . . . . . . . . NO . . . _____ . . _____    │
│   Fiber Name . . . . . . . . . CHRYSOTILE _____ . . _____  │
└─────────────────────────────────────────────────────────────┘
```

**ASBESTOS MINERALS:**                    Est. Vol. %

Chrysotile . . . . . . . . . . . . . _10_
Amosite . . . . . . . . . . . . . . _____
Crocidolite . . . . . . . . . . . . _____
Tremolite/Actinolite . . . . . . . _____
Anthophyllite . . . . . . . . . . . _____

**OTHER FIBROUS COMPONENTS:**

Mineral/Rock wool . . . . . . . _____
Fibrous glass . . . . . . . . . . _____
Cellulose . . . . . . . . . . . . _____
Synthetic . . . . . . . . . . . . _____
Other . . . . . . . . . . . . . . _____

**NON-FIBROUS COMPONENTS:**

Perlite . . . . . . . . . . . . . _____
Vermiculite . . . . . . . . . . . _38_
Other . . . . . . . . . . . . . . _____

Binders . . . . . . . . . . . . . _52_
    _ABUNDANT GYPSUM AND CONSIDERABLE CARBONATE THROUGHOUT._

EFFERVESCENCE: _WEAK TO MODERATE_

COMMENTS:
    _NO STARCH OBSERVED._

## MATERIALS ANALYTICAL SERVICES, INC.

### BULK ASBESTOS SHEET

Project # – Spl #: _☐ 34-38-5_  Date: _10/3/94_

Project Name: _PRUDENTIAL_  Analyst: _W.B.E._

Sample Identification: _SHORT HILLS OFFICE BLDGS. A88-120-33_

_CHUBB OFFICE COMPLEX; SHORT HILLS, N.J. /CHUBB 05 4TH FLOOR NORTH AIR HANDLING ROOM_

Gross Visual Description: _LIGHT TAN. BORES AND FLAKES AS WELL AS_

_WHITE FIBERS BOUND BY AN ABUNDANT FINE MATRIX._

```
┌─────────────────────────────────────────────────────────────────┐
│           Optical Data for Asbestos Identification                │
│  Morphology . . . . . . . . .  WAVEY                               │
│  Pleochroism . . . . . . . . .  NONE                               │
│  Refractive Index . .(1.14).  1.54/1.55                           │
│  Sign of Elongation . . . . .  +                                   │
│  Extinction . . . . . . . . .  parallel                           │
│  Birefringence . . . . . . . .  LOW                                │
│  Melt . . . . . . . . . . . .  NO                                  │
│  Fiber Name . . . . . . . . .  CHRYSOTILE                          │
└─────────────────────────────────────────────────────────────────┘
```

ASBESTOS MINERALS:                    Est. Vol. %

Chrysotile . . . . . . . . . . ___ _10_ ___
Amosite . . . . . . . . . . _____
Crocidolite . . . . . . . . . _____
Tremolite/Actinolite . . . . . _____
Anthophyllite . . . . . . . . _____

OTHER FIBROUS COMPONENTS:

Mineral/Rock wool . . . . . . _____
Fibrous glass . . . . . . . _____
Cellulose . . . . . . . . . _____
Synthetic . . . . . . . . . _____
Other _____

NON-FIBROUS COMPONENTS:

Perlite . . . . . . . . . _____
Vermiculite . . . . . . . . _38_ _____
Other _____

Binders . . . . . . . . . . _52_ _____

_ABUNDANT GYPSUM AND CONSIDERABLE CARBONATE._

EFFERVESCENCE: _WEAK TO MODERATE_

COMMENTS:
_NO STARCH OBSERVED._



**MATERIALS ANALYTICAL SERVICES, INC.**
3597 Parkway Lane
Suite 250
Norcross, GA   30092

TEM Analysis Type: _Bulk_

Project Number/
Sample Number: _M-3438-3_

Project Name: _Prudential_

Sample
Identification: _Short Hill office Bldg_

Analyst/
Date: _Lanyu       10/8/95_

**Asbestos Minerals:**

_Chrysotile (cdiff/EDS)_

**Non-Asbestos Components:**

_Vermiculite (diff/EDS)_
_Gypsum (EDS)_
_Calcite (EDS)_

**Comments:**

MATERIALS ANALYTICAL SERVICES          SUN 08-OCT-89   10:53
Cursor: 0.000keV = 0          ROI (SIKα) 1.650: 1.810=485



0.000                              VFS = 256      10.240
        M-3438-3: VERMICULITE                        109

MATERIALS ANALYTICAL SERVICES          SUN 08-OCT-89   10:56
Cursor: 0.000keV = 0          ROI (SIKα) 1.650: 1.810=312

0.000                              VFS = 1024      10.240
          M-3438-3: GYPSUM                              20

PIS 00060935

MATERIALS ANALYTICAL SERVICES             SUN 08-OCT-89   11:00
Cursor: 0.000keV = 0          ROI (SIKα) 1.650: 1.810=959



0.000                                  VFS = 512    10.240
        M-3438-3: CHRYSOTILE                            57

PIS 00060936

MATERIALS ANALYTICAL SERVICES           SUN 08-OCT-89   11:05
Cursor: 0.000keV = 0          ROI (SIKα) 1.650: 1.810=323



0.000                                    VFS = 1024    10.240
        M-3438-3: CALCITE                                  9

PIB 00060937

## ADDITIONAL BULK ANALYSIS

Sample #  _17343 8 - 5_                           Analyst _W. P. E._

Date        _10/7/89_

### ACID DISSOLUTION

(1) Petri dish plus sample:                                    _8.0150_ g

(2) Petri dish minus sample:                                   _7.4727_ g

(3) Original sample weight:                                    _0.5433_ g

(4) Filter weight:                                             _0.0948_ g

(5) Clean petri dish weight:                                   _7.4388_ g

(6) Final sample weight plus filter and petri dish:            _7.7564_ g

(7) Final sample wt:((6) −[(4) + (5)])                         _0.2228_ g


(8) Percent residue wt:((7))/(3) x 100)                        _41.0_ %

(9) Amount in solution:(100 − (8))                             _59.0_ %

STARCH VERIFICATION    M 3438-3    10/8/79    W. A. E.

AFTER DISSOLUTION IN A MILD ACID TO REMOVE
SOLUBLE MATERIALS, THE RESIDUE WAS
ANALYZED USING POLARIZED LIGHT MICROSCOPY
~~THE~~ TO OBSERVE FOR THE PRESENCE OF
STARCH.

IN THIS SAMPLE, STARCH WAS NOT OBSERVED.

PIS 00060939

STARCH VERIFICATION    M 3438-5   10/8/89   W.A.E.

AFTER DISSOLUTION IN A MILD ACID TO
REMOVE SOLUBLE MATERIALS, THE RESIDUE WAS
ANALYZED USING POLARIZED LIGHT MICROSCOPY
TO OBSERVE FOR THE PRESENCE OF STARCH.

IN THIS SAMPLE, STARCH WAS NOT OBSERVED.

PIS 00060940

# EXHIBIT B

# SHORT HILLS EAST OFFICE BUILDING

## SHORT HILLS, NEW JERSEY

## (W.R. GRACE)

### SUMMARY OF ASBESTOS
### FIREPROOFING REMOVAL NET COSTS

*Prepared By*

**Halliwell Engineering Associates, Inc.**

**July, 1996**

# SHORT HILLS EAST OFFICE BUILDING
## SHORT HILLS, NJ
## (W.R. GRACE)

## TABLE OF CONTENTS

**SECTION I:**    **INTRODUCTION**

A.    BUILDING INFORMATION SUMMARY

B.    INFORMATION CONSIDERED IN THE DEVELOPMENT OF THIS REPORT

**SECTION II:**    **SUMMARY OF COSTS**

TABLE 1    SUMMARY OF ASBESTOS FIREPROOFING REMOVAL NET COSTS

TABLE 2    SUMMARY OF COMPLETED ASBESTOS FIREPROOFING REMOVAL NET COSTS

TABLE 3    DETAILED COSTS FOR COMPLETED ASBESTOS FIREPROOFING REMOVAL PROJECT

TABLE 4    INTEREST CHARGES

**SECTION III:**    **STATEMENT OF OPINIONS**

**SECTION IV:**    **QUALIFICATIONS OF HALLIWELL ENGINEERING ASSOCIATES, INC. AND JACK L. HALLIWELL (SUBMITTED UNDER SEPARATE COVER)**

A.    MR. HALLIWELL'S CURRENT CURRICULUM VITAE

B.    HALLIWELL ENGINEERING ASSOCIATES INC; SUMMARY OF EXPERIENCE AND CAPABILITIES

C.    MR. HALLIWELL'S PRIOR TESTIMONY RECORD

D.    ARTICLES ON ASBESTOS ABATEMENT AND MANAGEMENT AUTHORED BY MR. HALLIWELL

E.    COMPENSATION SCHEDULES FOR MR. HALLIWELL AND HALLIWELL ENGINEERING ASSOCIATES, INC.

Halliwell Engineering Associates, Inc., July 1996

# SHORT HILLS EAST OFFICE BUILDING
## SHORT HILLS, NJ
## (W.R. GRACE)

TABLE OF CONTENTS (cont'd)

**APPENDICES:**

### APPENDIX A

PART A:   ASBESTOS ABATEMENT PROJECT INFORMATION

PART B:   LOCATION AND DETAILS OF INFORMATION CONSIDERED IN THE DEVELOPMENT OF THIS REPORT

### APPENDIX B   SUMMARY OF ASBESTOS CONTAINING THERMAL SYSTEM INSULATION (TSI) PROJECT COST DEDUCTIONS

Halliwell Engineering Associates, Inc., July 1996

Section I

# SECTION I

# INTRODUCTION

Halliwell Engineering Associates, Inc., July 1996

## A. BUILDING INFORMATION SUMMARY

Building name: <u>Short Hills East Office Building</u>

Location: <u>Short Hills, New Jersey</u>

Ownership: <u>The Prudential Insurance Company of America (building was demolished in 1984)</u>

Building use: <u>Commercial offices</u>

Total number of floors: <u>6</u>

Number of floors with spray-applied fireproofing: <u>6</u>

Total floor area with fireproofing: <u>135,000 sq. ft.</u>

Location of fireproofing: <u>Full cover beams and deck</u>

Type of deck: <u>Corrugated steel</u>

Fireproofing surface area on a typical floor: <u>225,000 sq. ft. total (taken from EPA notification letter) ÷ 6 floors=37,500 sq. ft./floor</u>

Fireproofing surface area to floor area ratio (typical floor): <u>37,500 ÷ 22,500 = 1.67</u>

## B. INFORMATION CONSIDERED IN THE DEVELOPMENT OF THIS REPORT

1. **Building Information:**

   Correspondence

2. **Asbestos Abatement Cost Information:**

   Consultant's proposal

   Contractor's bid form

   Contract documents

   Contractor's applications for payment

   Correspondence

3. **Asbestos Abatement Project Information:**

   Contract documents

   Abatement specifications

   Correspondence

   EPA Notification letter

   Federal and state asbestos regulations

Section II

# SECTION II

# SUMMARY OF COSTS

Halliwell Engineering Associates, Inc., July 1996

Table 1

# SHORT HILLS EAST OFFICE BUILDING
## Short Hills, NJ
### (W.R. Grace)

### TABLE 1
### SUMMARY OF ASBESTOS
### FIREPROOFING REMOVAL NET COSTS

ASBESTOS FIREPROOFING REMOVAL PROJECT
NET COSTS                                    =    $878,149.26

TOTAL NET COSTS ATTRIBUTABLE TO ASBESTOS
FIREPROOFING REMOVAL                         =    $878,149.26

**Table 2**

Short Hills East Office Bldg
Short Hills, NJ
(W.R. Grace)

## TABLE 2
## Summary of Completed Asbestos Fireproofing Removal Net Costs

| | |
|---|---:|
| **PROJECT INFORMATION** | East Bldg. |
| Floor(s) | All 6 floors |
| Asbestos Abatement Dates | 02/84 – 06/84 |
| Asbestos Abatement Contractor | HRF Surface |
| Asbestos Abatement Consultant | K&D |
| Project Floor Area (square feet) | 135,000 |
| **GROSS ABATEMENT PROJECT COSTS      (1)** | |
| Asbestos Abatement Contractor | $756,448.00 |
| Asbestos Abatement Consultant | 30,210.00 |
| Construction Management Fee | 116,491.26 |
| Total Gross Abatement Project Costs | $903,149.26 |
| Total Cost per square foot of Floor Area | $6.69 |
| **DEDUCTIONS FOR NON FIREPROOFING PROJECT COSTS (NON FP)** | |
| Vinyl Asbestos Floor Tile (VAT) Removal    (2) | $0.00 |
| Thermal System Insulation (TSI) Removal    (3) | 25,000.00 |
| Total Project Deductions | $25,000.00 |
| **CONTAMINATED BUILDING COMPONENT REPLACEMENT COSTS      (4)** | |
| Ceilings | $0.00 |
| Light Fixtures | 0.00 |
| Ductwork | 0.00 |
| Total Contaminated Building Component Replacement Cost | $0.00 |
| **TOTAL NET PROJECT COSTS** | |
| Total Net Project Costs | $878,149.26 |
| Total Net Project Costs Per Sq. Ft. of Floor Area | $6.50 |

Notes:
(1) Refer to Table 3 for detailed listing of Gross Abatement Project Costs.
(2) No VAT removal required per the project specifications, therefore deduct = $0.
(3) See Appendix B for determination of TSI removal deduction.
(4) The building was demolished immediately following completion of asbestos removal.
     Therefore, no contaminated building replacement costs were incurred.

**Table 3**

Short Hills East Office Building
Short Hills, NJ
(W.R. Grace)

## TABLE 3
### Detailed Costs for Completed Asbestos Fireproofing Removal Project

| Vendor | Invoice No. | Invoice Date | Total Invoice | Non FP | Description |
|---|---|---|---|---|---|
| HRF Surf. Clean | 531—App #1 | 02/29/84 | $151,449.30 | | Interior demolition to access asbestos fireproofing. (East Building = $168,277.00 – $16,827.70 retainage). |
| | | | 44,237.70 | | 76% of bond & mobilization fees attributed to East Building [(76% of $64,675.00) – $4,915.30 retainage]. |
| HRF Surf. Clean | 540—App #2 | 03/21/84 | 95,484.60 | | Interior demolition and asbestos removal (East Building = $106,094.00 – $10,609.40 retainage). |
| HRF Surf. Clean | 552—App #3 | 04/23/84 | 97,407.90 | | Asbestos abatement (East Building = $108,231.00 – $10,823.10 retainage). |
| HRF Surf. Clean | App #4 | 05/21/84 | 228,049.20 | | Asbestos abatement (East Building = $253,388.00 – $25,338.80 retainage). |
| HRF Surf. Clean | App #5 | 06/20/84 | 64,174.50 | | Asbestos abatement (East Building = $71,305.00 – $7,130.50 retainage). |
| HRF Surf. Clean | Requisition #6A | 11/04/85 | 56,733.60 | | 75% of East Building retainage ($75,644.80 x 75%). |
| HRF Surf. Clean | Requisition #6B | 01/25/85 | 18,911.20 | | Remaining 25% of East Building retainage ($75,644.80 x 25%). |
| | Contractor Subtotal = | | $756,448.00 | | East Building contract value = 76%(rounded) x $995,000.00 = $756,448.00 (1). |
| K&D | (2) | | $30,210.00 | | $39,750.00 proposal x 76% (East Building). |
| | Consultant Subtotal = | | $30,210.00 | | |
| Torcon Inc. (GC) | App #1 | 02/29/84 | $30,195.56 | | General conditions [$39,731.00 x 76% (East Bldg)]. |
| | | | 13,010.36 | | Management fee [$19,021.00 – $1,902.10 retainage) x 76% (East Building)]. |
| Torcon Inc. (GC) | App #2 | 03/31/84 | 14,108.64 | | General conditions [$18,564.00 x 76% (East Bldg)]. |
| | | | 10,747.69 | | Management fee [$15,713.00 – $1,571.30 retainage) x 76% (East Building)]. |
| Torcon Inc. (GC) | App #3 | 04/30/84 | 11,082.32 | | General conditions [$14,582.00 x 76% (East Bldg)]. |
| | | | 4,525.34 | | Management fee [$6,616.00 – $661.60 retainage) x 76% (East Building)]. |
| Torcon Inc. (GC) | App #4 | 05/31/84 | 12,277.04 | | General conditions [$16,154.00 x 76% (East Bldg)]. |
| | | | 6,351.62 | | Management fee [$9,286.00 – $928.60 retainage) x 76% (East Building)]. |
| Torcon Inc. (GC) | App #5 | 06/30/84 | 7,191.88 | | General conditions [$9,463.00 x 76% (East Bldg)]. |
| | | | 2,837.23 | | Management fee [$4,148.00 – $414.80 retainage) x 76% (East Building)]. |
| Torcon Inc. (GC) | Retention | | 4,163.58 | | 76% of $5,478.40 retainage payments withheld from App #1–5. |
| | Construction Manager Subtotal = | | $116,491.26 | | |
| | **Gross Abatement Project Costs =** | | **$903,149.26** | | |

(1) The Short Hills asbestos removal project included removal from five buildings; The East Building, West Building, Boiler Plant, Records Storage and the Garage, for a total contract value of $995,000. Only the East Building had asbestos containing fireproofing, and the abatement contractor's Schedule of Values to remove asbestos from the East Building was $756,448.00, or 76%(rounded) of the total asbestos removal contract.

(2) K & D's proposal for $39,750 (multiplied by 76% for East Building portion) utilized for costs.

Halliwell Engineering Associates, Inc.  July, 1996

95410

**Table 4**

Short Hills East Office Building
Short Hills, NJ
(W.R. Grace)

# TABLE 4

## INTEREST CHARGES

An additional element of costs is interest charges. However, this report does not calculate that aspect of The Prudential Insurance Company of America's damages.

Halliwell Engineering Associates, Inc., July 1996

Section III

# SECTION III

# STATEMENT OF OPINIONS



## HALLIWELL

ENGINEERING ASSOCIATES INCORPORATED

# STATEMENT OF OPINIONS

## SHORT HILLS EAST OFFICE BUILDING

In preparing this report, we have formulated certain opinions pertaining to the costs for the removal of the asbestos containing fireproofing. Those opinions relate specifically to costs incurred to date.

For the purposes of the opinions set forth herein, we have:

(1)     collected and reviewed cost information pertaining to the removal of the asbestos containing fireproofing;

(2)     collected and reviewed project information pertaining to the removal of the asbestos containing fireproofing;

(3)     evaluated past costs pertaining to the asbestos abatement contractors, asbestos consultants and miscellaneous costs related to the removal of asbestos containing materials;

(4)     determined gross costs for the asbestos abatement;

(5)     reviewed project and cost information relating to the abatement of other (non-fireproofing) asbestos containing materials and miscellaneous costs not directly related to the asbestos fireproofing;

(6)     developed cost deductions for each type of non-fireproofing ACM that was abated, as well as other miscellaneous costs not directly related to the asbestos fireproofing;

(7)     determined the net project costs directly related to the abatement of the asbestos fireproofing;

(8)     calculated the net costs per square foot for the abatement of the asbestos fireproofing (utilizing the abatement project area noted in Contract Documents);

(9)     calculated the net individual project costs, the net individual project costs per square foot, and the net total project costs per square foot and compared them to the project size, the amount of asbestos fireproofing being abated, the scope of the work, the level of difficulty, the method of contractor selection, the location of the project and the timeframe in which the work occurred;

---

865 Waterman Avenue, East Providence, Rhode Island 02914-1340 (401) 438-5020 (401) 434-1909 (Fax)

EAST PROVIDENCE, RI          SAN FRANCISCO, CA          ORLANDO, FL

(10)    compared the net costs for the abatement of the asbestos containing fireproofing with those of certain other comparable projects;

(11)    performed such other analyses as we have deemed appropriate.


Based upon and subject to the foregoing, we are of the opinion that the asbestos abatement actions taken by The Prudential Insurance Company of America, in the Short Hills East Office Building, were both reasonable and appropriate; and

Based upon and subject to the foregoing, we are of the opinion on the date hereof, that the total net project costs as calculated in this report, were incurred due to the past abatement of asbestos containing fireproofing in this building, and that those costs are both fair and reasonable.


Jack L. Halliwell, P.E.
*President*
Halliwell Engineering Associates, Inc.

July, 1996

# APPENDIX A

**PART A:  ASBESTOS ABATEMENT PROJECT INFORMATION**

**PART B:  LOCATION AND DETAILS OF INFORMATION**
**CONSIDERED IN THE DEVELOPMENT OF THIS**
**REPORT**

Halliwell Engineering Associates, Inc., July 1996

## PART A:  ASBESTOS ABATEMENT PROJECT INFORMATION:

1.  Total floor area abated by Prudential:  <u>135,000 sq. ft.</u>

2.  Floors abated by Prudential:          <u>1st through 6th</u>

3.  Dates of Prudential's abatement:      <u>2/84 to 6/84</u>

4.  Floors with asbestos fireproofing remaining:  <u>Building was demolished</u>

5.  Total floor area with fireproofing remaining as of July 1996: <u>Building was demolished</u>

6.  Asbestos abatement scope of work:

    a.  Fireproofing locations:      <u>Full cover beams and deck</u>

    b.  Fireproofing surface area to floor area ratio:      <u>37,500 ÷ 22,500 = 1.67</u>

    c.  Location of inaccessible fireproofing left in place:  <u>None</u>

    d.  Base building components: <u>Information not available; building was demolished</u>

    e.  Core Area:          <u>Information not available; building was demolished</u>

    f.  Other ACM:

        • VAT:          <u>VAT was not addressed in the asbestos abatement cost or project documents</u>

        • TSI:          <u>Removal of pipe and tank insulation</u>

        • Miscellaneous:      <u>No other ACM or PCBs were addressed in the asbestos abatement cost or project information documents</u>

    g.  Special Conditions:

        • <u>Building was abated in 1984, before major changes in federal EPA and OSHA Asbestos Regulations</u>

        • <u>Because of the demolition, no respray of fireproofing was required</u>

**PART B:** **LOCATION AND DETAILS OF INFORMATION CONSIDERED IN THE DEVELOPMENT OF THIS REPORT**

    1.  **Building Information:**      Located in HEA Box No. S.H.-1

         Correspondence:      Miscellaneous

    2.  **Asbestos Abatement Cost Information:**    Located in HEA Box No. S.H.-1

         Consultant's proposal

         Contractor's bid form

         Contract documents

         Contractor's applications for payment

         Correspondence

    3.  **Asbestos Abatement Project Information:**    Located in HEA Box No. S.H.-1

         Contract documents

         Abatement specifications

         Correspondence

         EPA Notification letter

         Federal and state asbestos regulations

Appendix B

# APPENDIX B

## SUMMARY OF TSI PROJECT COST DEDUCTIONS

Halliwell Engineering Associates, Inc., July 1996

Short Hills East Office Building
Short Hills, NJ
(W.R. Grace)

# APPENDIX B

## SUMMARY OF TSI PROJECT COST DEDUCTIONS

Project specifications required removal of all asbestos pipe insulation found above existing suspended ceilings. Removal of all asbestos pipe and tank insulation was also required from mechanical rooms on first and upper floors. No project drawings were available to determine quantities of thermal insulation removed.

From Halliwell Engineering's past asbestos removal project experience, costs for removal of all thermal system insulation, as a part of a fireproofing removal project, will range between 12¢/square foot to 18¢/square foot.

Using the higher cost of 18¢/square foot, the cost to remove thermal system insulation at Short Hills, would equal 18¢/square foot x 135,000 square feet (Short Hills total area) =$24,300.

Use $25,000 for TSI deduction.

Halliwell Engineering Associates, Inc., July 1996

### Halliwell Back-up to Short Hills

**Date**                                    **Description**

### Short Hills Cost File

Handwritten notes re: Prudential – Short Hills

Handwritten notes re: HRF Surface Cleaning, Inc.

Invoice and checks re: HRF Surface Cleaning, Inc. re: Interior Demolition & Asbestos Removal, Prudential Properties, 51 JFK Parkway

3/7/84        Contractor's Application for Payment of $363,474 for Demolition and Asbestos Removal by Torcon, Inc.

4/4/84        Contractor's Application for Payment of $231,951 for Demolition and Asbestos Removal by Torcon, Inc.

5/7/84        Contractor's Application for Payment of $117,944 for Demolition and Asbestos Removal by Torcon, Inc.

6/5/84        Contractor's Application for Payment of $252,561 for Demolition and Asbestos Removal by Torcon, Inc.

7/9/84        Contractor's Application for Payment of $129,320 for Demolition and Asbestos Removal by Torcon, Inc.

8/15/83       Contractor's Application for Payment of $38,272 for Demolition and Asbestos Removal by Torcon, Inc.

10/4/84       Contractor's Application for Payment of $34,417 for Demolition and Asbestos Removal by Torcon, Inc.

11/5/84       Contractor's Application for Payment of $21,410 for Demolition and Asbestos Removal by Torcon, Inc.

12/4/84       Contractor's Application for Payment of $23,818 for Demolition and Asbestos Removal by Torcon, Inc.

1/17/85       Torcon Payment Requisition for $231,222

3/8/85        Torcon Payment Requisition for $87,421

3/27/85       Torcon Payment Requisition for $120,905

| Date | Description |
|------|-------------|
| 4/30/85 | Torcon Payment Requisition for $106,706 |
| 6/85 | Torcon Payment Requisition for $101,604 |
| 6/27/85 | Torcon Payment Requisition for $339,642 |
| 8/15/85 | Torcon Payment Requisition for $31,779 |
| 1/25/84 | Torcon Proposal |
| 12/7/83 | Standard Form of Agreement between Kaselaan & D'Angelo and Owner/Architect |

**Short Hills, NJ Project File**

| | |
|------|-------------|
| 12/15/83 | Specifications and Bid Documents for Asbestos Removal at the Prudential Office Complex, Short Hills, NJ prepared by Kaselaan & D'Angelo Associates, Inc. |
| 1/19/84 | Specifications and Bid Documents for Asbestos Removal at the Prudential Office Complex, Short Hills, NJ prepared by Kaselaan & D'Angelo Associates, Inc. |
| 12/27/83 | Kaselaan and D'Angelo Associates Amendment No. 1 to Project No. 2309.09 – General Instructions and Form of Proposal |

**Short Hills Deduct File, Misc. Info**

| | |
|------|-------------|
| 1/19/84 | Excerpt from Kaselaan and D'Angelo Associates Specification for East Building |
| 1/27/84 | Letter from HRF Surface Cleaning to EPA re: Asbestos Removal – Prudential Office Complex, Short Hills, New Jersey, HRF Project #84-196 |

3250973.01

2

# EXHIBIT C

Short Hills East Office Bldg
Short Hills, NJ
(W.R. Grace)

## TABLE 2
## Summary of Completed Asbestos Fireproofing Removal Net Costs

| | East Bldg. |
|---|---|
| **PROJECT INFORMATION** | |
| Floor(s) | All 6 floors |
| Asbestos Abatement Dates | 02/84 – 06/84 |
| Asbestos Abatement Contractor | HRF Surface |
| Asbestos Abatement Consultant | K&D |
| Project Floor Area (square feet) | 135,000 |
| **GROSS ABATEMENT PROJECT COSTS      (1)** | |
| Asbestos Abatement Contractor | $756,448.00 |
| Asbestos Abatement Consultant | 30,210.00 |
| Construction Management Fee | 116,491.26 |
| Total Gross Abatement Project Costs | $903,149.26 |
| Total Cost per square foot of Floor Area | $6.69 |
| **DEDUCTIONS FOR NON FIREPROOFING PROJECT COSTS (NON FP)** | |
| Vinyl Asbestos Floor Tile (VAT) Removal    (2) | $0.00 |
| Thermal System Insulation (TSI) Removal    (3) | 25,000.00 |
| Total Project Deductions | $25,000.00 |
| **CONTAMINATED BUILDING COMPONENT REPLACEMENT COSTS      (4)** | |
| Ceilings | $0.00 |
| Light Fixtures | 0.00 |
| Ductwork | 0.00 |
| Total Contaminated Building Component Replacement Cost | $0.00 |
| **TOTAL NET PROJECT COSTS** | |
| Total Net Project Costs | $878,149.26 |
| Total Net Project Costs Per Sq. Ft. of Floor Area | $6.50 |

Notes:
(1) Refer to Table 3 for detailed listing of Gross Abatement Project Costs.
(2) No VAT removal required per the project specifications, therefore deduct = $0.
(3) See Appendix B for determination of TSI removal deduction.
(4) The building was demolished immediately following completion of asbestos removal.
    Therefore, no contaminated building replacement costs were incurred.

Short Hills East Office Building
Short Hills, NJ
(W.R. Grace)

**TABLE 3**

**Detailed Costs for Completed Asbestos Fireproofing Removal Project**

| Vendor | Invoice No. | Invoice Date | Total Invoice | Non FP | Description |
|---|---|---|---|---|---|
| HRF Surf. Clean | 531—App #1 | 02/24/84 | $151,449.30 | | Interior demolition to access asbestos fireproofing. (East Building = $168,277.00—$16,827.70 retainage). |
| | | | | | 76% of bond & mobilization fees attributed to East Building [(76% of $64,675.00)—$10,609.40 retainage]. |
| HRF Surf. Clean | 540—App #2 | 03/21/84 | 95,484.60 | | Interior demolition and asbestos removal (East Building = $106,094.00—$10,609.40 retainage). |
| HRF Surf. Clean | 552—App #3 | 04/23/84 | 97,407.90 | | Asbestos abatement (East Building = $108,231.00—$10,823.10 retainage). |
| HRF Surf. Clean | App #4 | 05/21/84 | 228,049.20 | | Asbestos abatement (East Building = $253,388.00—$25,338.80 retainage). |
| HRF Surf. Clean | App #5 | 06/20/84 | 64,174.50 | | Asbestos abatement (East Building = $71,305.00—$7,130.50 retainage). |
| HRF Surf. Clean | Requisition #6A | 11/04/85 | 56,733.60 | | 75% of East Building retainage ($75,644.80 x 75%). |
| HRF Surf. Clean | Requisition #6B | 01/25/85 | 18,911.20 | | Remaining 25% of East Building retainage ($75,644.80 x 25%). |
| | **Contractor Subtotal =** | | **$756,448.00** | | East Building contract value = 76%(rounded) x $995,000.00 = $756,448.00 (1). |
| K&D | (2) | | $30,210.00 | | $39,750.00 proposal x 76% (East Building). |
| | **Consultant Subtotal =** | | **$30,210.00** | | |
| Torcon Inc. (GC) | App #1 | 02/29/84 | $30,195.56 | | General conditions [$39,731.00 x 76% (East Bldg)]. |
| | | | 13,010.36 | | Management fee ($19,021.00 − $1,902.10 retainage) x 76% (East Building). |
| Torcon Inc. (GC) | App #2 | 03/31/84 | 14,108.64 | | General conditions [$18,564.00 x 76% (East Bldg)]. |
| | | | 10,747.69 | | Management fee ($15,713.00 − $1,571.30 retainage) x 76% (East Building). |
| Torcon Inc. (GC) | App #3 | 04/30/84 | 11,082.32 | | General conditions [$14,582.00 x 76% (East Bldg)]. |
| | | | 4,525.34 | | Management fee ($6,616.00 − $661.60 retainage) x 76% (East Building). |
| Torcon Inc. (GC) | App #4 | 05/31/84 | 12,277.04 | | General conditions [$16,154.00 x 76% (East Bldg)]. |
| | | | 6,351.62 | | Management fee ($9,286.00 − $928.60 retainage) x 76% (East Building). |
| Torcon Inc. (GC) | App #5 | 06/30/84 | 7,191.88 | | General conditions [$9,463.00 x 76% (East Bldg)]. |
| | | | 2,837.23 | | Management fee ($4,148.00 − $414.80 retainage) x 76% (East Building). |
| Torcon Inc. (GC) | Retention | | 4,163.58 | | 76% of $5,478.40 retainage payments withheld from App #1−5. |
| | **Construction Manager Subtotal =** | | **$116,491.26** | | |
| | **Gross Abatement Project Costs =** | | **$903,149.26** | | |

(1) The Short Hills asbestos removal project included removal from five buildings: The East Building, West Building, Boiler Plant, Records Storage and the Garage, for a total contract value of $995,000. Only the East Building had asbestos containing fireproofing, and the abatement contractor's Schedule of Values to remove asbestos from the East Building was $756,448.00, or 76%(rounded) of the total asbestos removal contract.

(2) K & D's proposal for $39,750 (multiplied by 76% for East Building portion)  utilized for costs.

Halliwell Engineering Associates, Inc., July, 1996

95410

# EXHIBIT D



MATERIALS
ANALYTICAL
SERVICES

June 25, 1990

Re:  Short Hills Office Building
     Short Hills, New Jersey

Based on the constituent analysis of the fireproofing
samples for the above-referenced project, it is my
opinion that the samples analyzed are Mono-Kote 3,
which was manufactured by W. R. Grace.

Worksheets reflecting our analysis are attached.

William R. Longo, Ph.D.

PIS 00060929

3597 Parkway Lane • Suite 250
Norcross, Georgia 30092
(404) 448-3200    FAX (404) 368-8256

BUILDING:        Short Hills Office Building
                 Short Hills, New Jersey

The following bulk samples from the above-referenced buildings
were analyzed and were used to form an opinion of the manufactur-
er and product.

| Bulk Sample # | Sample Location | Collected By |
|---|---|---|
| Chubb 03 | 2nd Floor – Air Handling Room | Kaselaan & D'Angelo |
| Chubb 05 | 4th Floor North Air Handling Room | Kaselaan & D'Angelo |

## MATERIALS ANALYTICAL SERVICES, INC.

### BULK ASBESTOS SHEET

Project # - Spl #: _M 3438-3_    Date: _10/3/89_

Project Name: _PRUDENTIAL_    Analyst: _W.B.S._

Sample Identification: _SHORT HILLS OFFICE BLDGS. A88-120, 33_
_CHUBB OFFICE COMPLEX; SHORT HILLS, N.J. / CHUBB 03 2ND FLOOR, AIR HANDLING ROOM FIREPROOFING_

Gross Visual Description: _LIGHT TAN. BOOMS AND FLAKES AS WELL AS_
_WHITE FIBERS BOUND BY AN ABUNDANT FINE MATRIX. WHITE PAINT_
_PRESENT._

### Optical Data for Asbestos Identification

| | | |
|---|---|---|
| Morphology | _WAVEY_ | |
| Pleochroism. | _NONE_ | |
| Refractive Index | _(L II)_ _1.54/1.55_ | |
| Sign of Elongation | _+_ | |
| Extinction | _parallel_ | |
| Birefringence. | _LOW_ | |
| Melt | _NO_ | |
| Fiber Name | _CHRYSOTILE_ | |

**ASBESTOS MINERALS:**          **Est. Vol. %**

Chrysotile . . . . . . . . . . _10_
Amosite
Crocidolite
Tremolite/Actinolite . . . . .
Anthophyllite

**OTHER FIBROUS COMPONENTS:**

Mineral/Rock wool . . . . . .
Fibrous glass
Cellulose . . . . . . . . .
Synthetic . . . . . . . . .
Other

**NON-FIBROUS COMPONENTS:**

Perlite . . . .
Vermiculite . . . . . . . . . _38_
Other

Binders . . . . . . . . . . _52_

_ABUNDANT GYPSUM AND CONSIDERABLE CARBONATE THROUGHOUT._

**EFFERVESCENCE:** _WEAK TO MODERATE_

**COMMENTS:**
_NO STARCH OBSERVED._

PIB 00060931

## MATERIALS ANALYTICAL SERVICES, INC.
### BULK ASBESTOS SHEET

Project # - Spl #: ☐ 34·38-5                    Date: 10/3/89

Project Name: PRUDENTIAL                    Analyst: W.B.E.

Sample Identification: SHORT HILLS OFFICE BLDGS. A88-120.33
CHUBB OFFICE COMPLEX; SHORT HILLS, N.J. / CHUBB 05 4TH FLOOR NORTH AIR HANDLING ROOM

Gross Visual Description: LIGHT TAN. BOOKS AND FLAKES AS WELL AS
WHITE FIBERS BOUND BY AN ABUNDANT FINE MATRIX.

| Optical Data for Asbestos Identification | | | | |
|---|---|---|---|---|
| Morphology . . . . . . . . . | WAVEY | | | |
| Pleochroism. . . . . . . . | NONE | | | |
| Refractive Index . . (L.1½) | 1.54/1.55 | | | |
| Sign of Elongation . . . . | + | | | |
| Extinction . . . . . . . . | parallel | | | |
| Birefringence. . . . . . . | LOW | | | |
| Melt . . . . . . . . . . . | NO | | | |
| Fiber Name . . . . . . . . | CHRYSOTILE | | | |

**ASBESTOS MINERALS:**                    Est. Vol. %

Chrysotile . . . . . . . . . . .    10
Amosite . . . . . . . . . . . .
Crocidolite . . . . . . . . . .
Tremolite/Actinolite . . . . . .
Anthophyllite . . . . . . . . .

**OTHER FIBROUS COMPONENTS:**

Mineral/Rock wool . . . . . . .
Fibrous glass . . . . . . . . .
Cellulose . . . . . . . . . .
Synthetic . . . . . . . . . .
Other

**NON-FIBROUS COMPONENTS:**

Perlite . . . . . . . . . . .
Vermiculite . . . . . . . . .    38
Other

Binders . . . . . . . . . . .    52

ABUNDANT GYPSUM AND CONSIDERABLE CARBONATE.

EFFERVESCENCE: WEAK TO MODERATE

COMMENTS:
NO STARCH OBSERVED.



MATERIALS ANALYTICAL SERVICES, INC.
3597 Parkway Lane
Suite 250
Norcross, GA  30092

TEM Analysis Type: _Bulk_____

Project Number/
Sample Number: _M - 3438-3_

Project Name: _Prudential_____

Sample
Identification: _Short Hill office Bldg_____

Analyst/
Date: _Longu_____ 10/8/85___

Asbestos Minerals:

_____Chrysotile (diff/EDS)_____
_____
_____
_____

Non-Asbestos Components:

_____Vermiculite (diff/EDS)_____
_____Gypsum (EDS)_____
_____Calcite (EDS)_____
_____
_____
_____
_____

Comments: _____
_____

MATERIALS ANALYTICAL SERVICES          SUN 08-OCT-89   10:53
Cursor: 0.000keV = 0          ROI (SIKα) 1.650: 1.810=485



0.000                                    VFS = 256      10.240
        M-3438-3: VERMICULITE                           109

PIS 00060934