SOUTHDALE OFFICE COMPLEX
6800 FRANCE AVENUE
EDINA, MN 55435

# W.R. GRACE & CO.
# ASBESTOS PROPERTY DAMAGE
# PROOF OF CLAIM FORM

*The United States Bankruptcy Court for the District of Delaware*
*In re: W.R. Grace & Co., et al., Debtors, Case No. 01-01139 (JKF)*
*(Jointly Administered)*

## SUBMIT COMPLETED CLAIMS TO:

**Claims Processing Agent**
**Re: W.R. Grace & Co. Bankruptcy**
**PO Box 1620**
**Faribault, MN 55021-1620**

PremierView™ forms by NCS Pearson  MW239276-2    65432    Printed in U.S.A.

**INSTRUCTIONS FOR FILING THE W.R. GRACE & CO. ASBESTOS PROPERTY DAMAGE PROOF OF CLAIM FORM**

## WHO SHOULD USE THIS ASBESTOS PROPERTY DAMAGE PROOF OF CLAIM FORM

1.  This Asbestos Damage Proof of Claim Form (referred to in this document as the "Form") applies only to current claims made against Grace by or on behalf of parties who are alleging property damage with respect to asbestos in real property owned by the party (such person is referred to in this document as the "claiming party") from a Grace asbestos-containing product or as a result of one of Grace's vermiculite mining, milling, or processing facilities.

2.  The Bar Date does not apply to Asbestos Personal Injury Claims, Settled Asbestos Claims or Zonolite Attic Insulation Claims. Those claims will be subject to a separate claim submission process and should not be filed at this time.

3.  This form should not be used for Medical Monitoring Claims or Non-Asbestos Claims. Instead, separate specialized proof of claim forms for these claims should be completed.

4.  If you are alleging current claims against Grace with respect to asbestos in more than one (1) real property, the claiming party should complete an Asbestos Property Damage Proof of Claim Form for each property. You may request additional forms by calling the Claims Processing Agent at 1-800-432-1909.

## GENERAL INSTRUCTIONS

1.  This form must be signed by the claimant or authorized agent of the claimant. THIS FORM MUST BE RECEIVED ON OR BEFORE 4:00 PM EASTERN TIME ON MARCH 31, 2003, or you forever will be precluded from asserting your claim(s) against or receiving payment from Grace. Return your completed form to the Claims Processing Agent, Re: W.R. Grace & Co. Bankruptcy, P.O. Box 1620, Faribault, MN 55021-1620.
    If you are returning this form by mail, allow sufficient time so that this form is received on or before March 31, 2003. Forms that are postmarked before March 31, 2003 but received after March 31, 2003 will not be accepted. Only original forms will be accepted for filing. Forms transmitted by facsimile will not be accepted for filing.

2.  If you cannot fit all information in any particular section or page, please make a copy of that page before filling it out and attach as many additional pages as needed.

3.  If you are unable to provide any of the information required by the proof of claim form, please so specify, as well as provide a short statement describing why such information is unavailable. If you are in the process of obtaining such information at the time you file your proof of claim, please so advise and indicate that the same shall be provided when obtained.

4.  This form must be filled out completely using BLACK or BLUE ink or may be typewritten.
    • Please print clearly using capital letters only.          • Do not use a felt tip pen.
    • Skip a box between words.                                   • Do not bend or fold the pages of the form.
    • Do not write outside of the boxes or blocks.

5.  Because this form will be read by a machine, please print characters using the examples below. For optimum accuracy, please print in capital letters and avoid contact with the edge of the character boxes.

6.  Mark check boxes with an "X" (example at right).  ☒      N̲A̲M̲E̲ ̲H̲E̲R̲E̲

7.  Be accurate and truthful. A Proof of Claim Form is an official court document that may be used as evidence in any legal proceeding regarding your claim. The penalty for presenting a fraudulent claim is a fine of up to $500,000 or imprisonment for up to five years or both. 18 U.S.C. §§ 152 & 3571.

8.  Make a copy of your completed Form to keep for your records. Send only original Forms to the Claims Processing Agent at the following address: Claims Processing Agent, Re: W.R. Grace & Co. Bankruptcy
    PO Box 1620
    Faribault, MN 55021-1620.

9.  You will receive written notification of the proof of claim number assigned to this claim once it has been processed.

## PART 1: CLAIMING PARTY INFORMATION

**NAME:**

T H E  P R U D E N T I A L  I N S U R A N C E  C O M P A N Y  O F  A M E R I C A

*Name of individual claimant (first, middle and last name) or business claimant*

**SOCIAL SECURITY NUMBER (Individual Claimants):**

*(last four digits of SSN)*

**F.E.I.N. (Business Claimants)**

2 2 - 1 2 1 1 6 7 0

**Other names by which claiming party has been known (such as maiden name or married name):**

*First*          *MI*    *Last*

*First*          *MI*    *Last*

**GENDER:**  ☐ MALE    ☐ FEMALE    N/A

**Mailing Address:**

7 5 1  B R O A D  S T R E E T ,  2 1 S T  F L O O R

*Street Address*

N E W A R K

*City*

N J    0 7 1 0 2

*State (Province)*    *Zip Code (Postal Code)*

U S A

*Country*

## PART 2: ATTORNEY INFORMATION

**The claiming party's attorney, if any (You do not need an attorney to file this form):**

**Law Firm Name:**

R I K E R  D A N Z I G  S C H E R E R  H Y L A N D  &  P E R R E T T I  L L P

**Name of Attorney:**

R O B E R T

*First*

J

*MI*

G I L S O N

*Last*

**Mailing Address:**

H E A D Q U A R T E R S  P L A Z A ,  O N E  S P E E D W E L L  A V E N U E

*Street Address*

M O R R I S T O W N

*City*

N J    0 7 9 6 2

*State (Province)*    *Zip Code (Postal Code)*

**Telephone:**

( 9 7 3 )  4 5 1 - 8 4 3 5

*Area Code*

# PART B. PROPERTY INFORMATION

## A. Real Property for Which A Claim is Being Asserted

1. What is the address of the real property for which a claim is being asserted (referred to herein as "the property")?

`6 8 0 0` `F R A N C E` `A V E N U E`
*Street Address*

`E D I N A`
*City*

`M N` *State (Province)*   `5 5 4 3 5` *Zip Code (Postal Code)*

`U S A`
*Country*

2. Are you completing an Asbestos Property Damage Proof of Claim Form for any other real property other than the one listed at "1" above?

☒ Yes   ☐ No

3. Do you currently own the property listed in Question 1, above?

☐ Yes   ☒ No

4. When did you purchase the property?   `0 9` – `  ` – `1 9 8 1`   **SEE ADDENDUM**
   *Month   Day   Year*

5. What is the property used for (check all that apply)
   ☐ Owner occupied residence
   ☐ Residential rental
   ☒ Commercial
   ☐ Industrial   Specify: _____
   ☐ Other   Specify: _____

6. How many floors does the property have?   `0 0 8`

7. What is the approximate square footage of the property?   `0 0 0 2 0 9 6 6 7`

8. When was the property built?
   ☐ Before 1969
   ☒ 1969 - 1973
   ☐ After 1973

9. What is the structural support of the property?
   ☐ Wood frame
   ☐ Structural concrete
   ☐ Brick
   ☒ Steel beam/girder
   ☐ Other   Specify: _____

10. Have you or has someone on your behalf completed any interior renovations on the property which affected any asbestos on the property?

☒ Yes   ☐ No

9276102   1018573J

## A. Real Property For Which A Claim Is Being Asserted (continued)

If yes, please specify the dates and description of such renovations.

| | | | | |
|---|---|---|---|---|
Year    Description    **SEE ADDENDUM**

Year    Description

Year    Description

11. To the best of your knowledge, have any other interior renovations been completed on the property during any other period of time which affected any asbestos on the property?

☒ Yes    ☐ No

If yes, please specify the dates and descriptions of such renovations.

Year    Description    **SEE ADDENDUM**

Year    Description

Year    Description

## B. Claim Category

12. For which category are you making a claim on the property?
    ☒ Category 1:  Allegation with respect to asbestos from a Grace product in the property
    ☐ Category 2:  Allegation with respect to one of Grace's vermiculite mining, milling or processing operations

If you checked Category 1 in question 12, complete section C.
If you checked Category 2 in question 12, complete section D.

## C. Category 1 Claim - Allegation With Respect To Asbestos From A Grace Product In The Property

13. For what alleged asbestos-containing product(s) are you making a claim?
    ☒ Monokote-3 fireproofing insulation
    ☐ Other    Specify:

    (For a list of the brand names under which Grace manufactured products that may have contained commercially added asbestos, see Exhibit 2 to the Claims Bar Date Notice provided with this Proof of Claim Form.)

14. When did you or someone on your behalf install the asbestos containing product(s) in the property?

    Year    ☒ I did not install the product(s)

15. If you or someone on your behalf did not install the asbestos containing product(s), to the best of your knowledge, when was/were the product(s) installed?

    | 1 | 9 | 7 | 0 |
    |---|---|---|---|
    Year    ☐ Don't know.

9276103                                    1018573

16. *Do you have documentation relating to the purchase and/or installation of the product in the property?*

☒ Yes        ☐ No        **SEE ADDENDUM**

If Yes, attach all such documents. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

17. If you do not have any such documents, explain why not and indicate who may have possession or control of such documents with respect to the property.

> **SEE ADDENDUM**

18. When did you first know of the presence of asbestos in the property of the Grace product for which you are making this claim?

| 1 | 9 | 8 | 7 |

*Year*

Please attach all documents relating or referring to the presence of asbestos in the property for which you are making this claim. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

19. How did you first learn of the presence of asbestos in the property of the Grace product for which you are making this claim?

> **SEE ADDENDUM**

20. When did you first learn that the Grace product for which you are making this claim contained asbestos?

| 1 | 9 | 8 | 7 |

*Year*

21. How did you first learn that the Grace product for which you are making the claim contained asbestos?

> **SEE ADDENDUM**

22. Have you or someone on your behalf made an effort to remove, contain and/or abate the Grace product for which you are making this claim?

☒ Yes        ☐ No

If Yes, attach all documents relating or referring to such efforts. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

23. If you do not have any such documents, explain why not and indicate who may have possession and control of such documents with respect to the property.

> **SEE ADDENDUM**

24. If you or someone on your behalf did not make an effort to remove, contain and/or abate the Grace product(s) for which you are making a claim, to the best of your knowledge, *did anyone else make such an effort?*

☐ Yes        ☐ No        *N/A*

9276104                                            1018573

25. If you responded Yes to question 22. or 24. and you have not supplied documents, please specify the dates and descriptions of any such efforts.

| Year | Description | SEE ADDENDUM |
|------|-------------|--------------|
| Year | Description | |
| Year | Description | |

26. Have you or anyone on your behalf ever conducted any testing or sampling for the presence of asbestos or other particulates in the property?

☒ Yes    ☐ No    If Yes Attach All Documents Related To Any Testing Of The Property

27. If you responded Yes to question 26., but you have not provided documents, indicate who may have possession or control of such testing documents or where such documents may be located.

SEE ADDENDUM

28. If you or someone on your behalf did not conduct any testing or sampling for the presence of asbestos or other particulates on the property, to the best of your knowledge, did anyone else conduct such testing or sampling with respect to the property?

☐ Yes    ☐ No    SEE ADDENDUM

29. If you responded Yes to question 26. or 28. and you have not supplied related documents, please describe when and by whom and the type of testing and/or sampling (e.g. air, bulk and dust sampling).

| Year | Company/Individual | SEE ADDENDUM |
|------|--------------------|--------------|
| | Type of testing: | |
| Year | Company/Individual | |
| | Type of testing: | |
| Year | Company/Individual | |
| | Type of testing: | |

30. Has the Grace product or products for which you are making this claim ever been modified and/or disturbed?

☒ Yes    ☐ No

31. If yes, specify when and in what manner the Grace product or products was modified and/or disturbed?

| Year | Description | SEE ADDENDUM |
|------|-------------|--------------|
| Year | Description | |
| Year | Description | |

1018573

**D. Circular 2 Claims: Allegations With Respect To One of Grace's Vermiculite Mining Milling Or Processing Operations**

32. What is the business address or location of the Grace operation which has led to your claim?

[ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]
*Business Name*

[ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]
*Street Address*

[ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]   [ ][ ]   [ ][ ][ ][ ][ ]
*City*                                          *State*     *Zip Code*
                                               *(Province)* *(Postal Code)*

[ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]
*Country*

33. If your claim relates to a personal residence, does (or did) anyone living in the household work for Grace?

☐ Yes    ☐ No

34. If yes, specify the following for each such individual:

| **Name of Individual Working at Grace Operation** | **Name of Individual Working at Grace Operation** |
|---|---|
| [ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ] | [ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ] |
| **Date of Birth** | **Date of Birth** |
| [ ][ ] - [ ][ ] - [ ][ ][ ][ ] | [ ][ ] - [ ][ ] - [ ][ ][ ][ ] |
| *Month  Day  Year* | *Month  Day  Year* |
| **Occupation(s) of Individual** | **Occupation(s) of Individual** |
| [ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ] | [ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ] |
| **Dates Worked at Operation** | **Dates Worked at Operation** |
| From: [ ][ ][ ][ ] To: [ ][ ][ ][ ]<br>*Year*      *Year* | From: [ ][ ][ ][ ] To: [ ][ ][ ][ ]<br>*Year*      *Year* |
| **Name of Individual Working at Grace Operation** | **Name of Individual Working at Grace Operation** |
| [ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ] | [ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ] |
| **Date of Birth** | **Date of Birth** |
| [ ][ ] - [ ][ ] - [ ][ ][ ][ ] | [ ][ ] - [ ][ ] - [ ][ ][ ][ ] |
| *Month  Day  Year* | *Month  Day  Year* |
| **Occupation(s) of Individual** | **Occupation(s) of Individual** |
| [ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ] | [ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ] |
| **Dates Worked at Operation** | **Dates Worked at Operation** |
| From: [ ][ ][ ][ ] To: [ ][ ][ ][ ]<br>*Year*      *Year* | From: [ ][ ][ ][ ] To: [ ][ ][ ][ ]<br>*Year*      *Year* |

35. When did you first know of the presence of asbestos on your property?   [ ][ ][ ][ ]
*Year*

36. How did you first learn of the presence of asbestos on your property?

Attach all documents relating or referring to the presence of asbestos on the property. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession or control of the document.

If you provide a summary of the documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

37. If you do not have any documents relating or referring to the presence of asbestos on the property, explain why not and indicate who may have possession or control of any such documents with respect to the property.

38. Have you or anyone on your behalf made an effort to remove, contain and/or abate the asbestos on your property?
    ☐ Yes    ☐ No

If Yes, attach all documents relating or referring to such efforts. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession or control of the document.

If you provide a summary of the documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

39. If you do not have any documents relating or referring to the removal, containment and/or abatement of the asbestos on your property, explain why not and indicate who may have possession and control of such documents with respect to the property.

40. If you or someone on your behalf did not make an effort to remove, contain and/or abate the asbestos on your property, to the best of your knowledge, did anyone else make such an effort?
    ☐ Yes    ☐ No

9276107

1018573

41. If you responded Yes to question 38. or question 40. and you have not supplied related documents, please specify the dates and descriptions of any such efforts.

| | | | | Description | |
|--|--|--|--|--|--|

*Year*

| | | | | Description | |
|--|--|--|--|--|--|

*Year*

| | | | | Description | |
|--|--|--|--|--|--|

*Year*

42. Have you or anyone on your behalf conducted any other testing or sampling for the presence of asbestos on your property?

☐ Yes      ☐ No

If Yes, attach all documents relating or referring to such efforts. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession or control of the document.

If you provide a summary of the documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

43. If you do not have any documents relating or referring to any other such testing or sampling for the presence of asbestos on your property, explain why not and indicate who may have possession or control of such documents with respect to the property.

44. If you or someone on your behalf did not conduct any other testing or sampling for the presence of asbestos on your property, to the best of your knowledge, did anyone else conduct such testing or sampling?

☐ Yes      ☐ No

45. If you responded Yes to question 42. or question 44. and you have not supplied related documents, please specify the dates and descriptions of any such efforts.

| | | | | Description | |
|--|--|--|--|--|--|

*Year*

| | | | | Description | |
|--|--|--|--|--|--|

*Year*

| | | | | Description | |
|--|--|--|--|--|--|

*Year*

46. Were you aware of the presence of asbestos on your property when you purchased your property?

☐ Yes      ☐ No

47. If you have sold the property, were you aware of the presence of asbestos on your property when you sold your property?

☐ Yes      ☐ No      ☐ Not Applicable, have not sold the property

## PART 4: ASBESTOS LITIGATION AND CLAIMS

## A. INTRODUCTION

1. Has any asbestos-related property damage lawsuit or claim been filed against Grace on behalf of this claiming party relating to the property for which you are making this claim?

☐ No

☒ Yes – lawsuit

☐ Yes – non-lawsuit claim (other than a workers' compensation claim)

2. Has any asbestos-related property damage lawsuit or claim been filed against any other party on behalf of this claiming party relating to the property for which you are making this claim?

☒ No     **SEE ADDENDUM**

☐ Yes – lawsuit

☐ Yes – non-lawsuit claim (other than a workers' compensation claim)

> *If an asbestos-related property damage lawsuit has been filed by or on behalf of this claiming party relating to the property for which you are making a claim, complete Section B. below.*
>
> *If an asbestos-related property damage non-lawsuit claim has been made by or on behalf of this claiming party relating to the property for which you are making a claim, complete Section C. on the following page.*

## B. LAWSUIT

1. Please provide the following information about each asbestos-related property damage lawsuit which has been filed relating to the property for which you are making this claim or attach a copy of the face page of each complaint filed.

a. Caption     **SEE ADDENDUM**

b. Court where suit **originally filed:** [ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]   Docket No.: [ ][ ][ ][ ][ ][ ][ ]
   *County/State*

c. Date filed: [ ][ ] – [ ][ ] – [ ][ ][ ][ ]
   *Month   Day   Year*

a. Caption [                                      ]

b. Court where suit **originally filed:** [ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]   Docket No.: [ ][ ][ ][ ][ ][ ][ ]
   *County/State*

c. Date filed: [ ][ ] – [ ][ ] – [ ][ ][ ][ ]
   *Month   Day   Year*

a. Caption [                                      ]

b. Court where suit **originally filed:** [ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]   Docket No.: [ ][ ][ ][ ][ ][ ][ ]
   *County/State*

c. Date filed: [ ][ ] – [ ][ ] – [ ][ ][ ][ ]
   *Month   Day   Year*

(Attach additional pages if necessary.)

## C. NON-LAWSUIT CLAIMS

1. If the claiming party has made any claims relating to the property for which you are making a claim (including administrative claims) against anyone, that was not filed with a court of law, please provide the following information for each claim:

   a. Description of claim:

   b. Date submitted: ☐☐ - ☐☐ - ☐☐☐☐ ■
   Month   Day   Year

   c. Name of entity to whom claim was submitted:
   ☐ Grace
   ☐ Other
   *Name of Entity*

---

   a. Description of claim:

   b. Date submitted: ☐☐ - ☐☐ - ☐☐☐☐
   Month   Day   Year

   c. Name of entity to whom claim was submitted: ■
   ☐ Grace
   ☐ Other
   *Name of Entity*

---

   a. Description of claim:

   b. Date submitted: ☐☐ - ☐☐ - ☐☐☐☐
   Month   Day   Year

   c. Name of entity to whom claim was submitted:
   ☐ Grace
   ☐ Other
   *Name of Entity*

## PART 5: SIGNATURE PAGE

All claims must be signed by the claiming party.

I have reviewed the information submitted on this proof of claim form and all documents submitted in support of my claim. I declare, under penalty of perjury, that the above statements are true, correct, and not misleading.

CONSENT TO RELEASE OF RECORDS AND INFORMATION: To the extent that I have produced a summary rather than the documents themselves as requested above or indicated who has possession and control of certain documents, I hereby authorize and request that all other parties with custody of any documents or information concerning my property damage or the information contained in this Form, upon the reasonable request of Grace or Grace's representative, with a copy to the claiming party, disclose any and all records to Grace or to Grace's representative.

*Ramsay Gann*, VP-Corporate Counsel          | 0 3 | - | 2 4 | - | 2 0 0 3 |
SIGNATURE OF CLAIMANT                                    Month    Day    Year

*The penalty for presenting a fraudulent claim is a fine up to $500,000.00 or imprisonment up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

9276110

Copyright © 2002 NCS Pearson, Inc.    All rights reserved.

1018573

RIKER, DANZIG, SCHERER, HYLAND & PERRETTI LLP,
Headquarters Plaza
One Speedwell Avenue
Morristown, New Jersey 07962-1981
(973) 538-0800
Robert J. Gilson (RG 6618)

Attorneys for The Prudential Insurance Company of America

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **In re:**<br><br>**W.R. GRACE & CO., et al.,**<br><br>**Debtors.** | Chapter 11<br><br>Case No. 01-01139 (JKF)<br>(Jointly Administered) |

## ADDENDUM TO PROOF OF CLAIM OF PRUDENTIAL INSURANCE COMPANY OF AMERICA FOR:

## SOUTHDALE OFFICE COMPLEX
## 6800 FRANCE AVENUE
## EDINA, MINNESOTA 55435

## VOLUME I OF II

RIKER, DANZIG, SCHERER, HYLAND & PERRETTI LLP,
Headquarters Plaza
One Speedwell Avenue
Morristown, New Jersey 07962-1981
(973) 538-0800
Robert J. Gilson (RG 6618)

Attorneys for The Prudential Insurance Company of America

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>W.R. GRACE & CO., et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 01-01139 (JKF)<br>(Jointly Administered)<br><br>**ADDENDUM TO PROOF OF CLAIM OF PRUDENTIAL INSURANCE COMPANY OF AMERICA FOR: SOUTHDALE OFFICE COMPLEX 6800 FRANCE AVENUE (EDINA, MINNESOTA)** |

## A. CREDITOR INFORMATION

1.    The Prudential Insurance Company of America for itself and various of its subsidiaries and affiliates (collectively "Prudential"), submits this addendum to its proof of claim with respect to its Asbestos Property Damage Claims against the Debtors, pursuant to their voluntary petition for reorganization under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

2.    This addendum relates to the following property:

Southdale Office Complex
6800 France Avenue
Edina, MN 55435

Prudential is concurrently filing proofs of claims for Asbestos Property Damage for seven other properties.

3.   Notices to Prudential should be addressed as follows:

Robert J. Gilson, Esq.
Riker, Danzig, Scherer, Hyland & Perretti LLP
Headquarters Plaza
One Speedwell Avenue
Morristown, New Jersey 07962-1981

and

W.H. Ramsay Lewis, Esq.
The Prudential Insurance Company of America
751 Broad Street, 21st Floor
Newark, New Jersey 07102

## B. SUPPLEMENTAL RESPONSES

1.   The following answers supplement those given on the W.R. Grace & Co. Asbestos Property Damage Proof of Claim Form ("Proof of Claim Form"):

### PART 3: PROPERTY INFORMATION

**Response to Question No. 4:**

Prudential acquired Southdale Office Complex through its subsidiary, 745 Property Investments, in approximately September 1981.

**Response to Question No. 10**

This building was the subject of a previous litigation entitled The Prudential Insurance Company of America, et al. v. United States Gypsum Company, et al., as set forth in Part 4 of the Proof of Claim Form. Extensive discovery was conducted in this case. Prudential produced documents relating to its efforts to abate asbestos and all other renovations on the property to W.R. Grace and its counsel, Anthony J. Marchetta, Esq. of the Morristown, New Jersey law firm of Pitney, Hardin, Kipp and Szuch LLP. Therefore, W.R. Grace, or its counsel, is already in possession of

2

any other documents which may be further responsive to this request. In the event that W.R. Grace is unable to obtain such responsive documentation previously produced to its counsel, to the extent the documents are in Prudential's possession, they will be made available upon reasonable request.

See also Responses to Question Nos. 22, 25, and 31.

**Response to Question No. 11:**

See Responses to Question Nos. 31, 22, 25 and 10.

**Response to Question No. 16:**

Documents relating to the purchase and/or installation of the product in the property include, but are not limited to, the documents attached hereto as Exhibit A.

In addition, this building was the subject of a previous litigation entitled The Prudential Insurance Company of America, et al. v. United States Gypsum Company, et al., as set forth in Part 4 of the Proof of Claim Form, in which extensive discovery was conducted. Prudential produced documents relating to the purchase and/or installation of the product in the property to W.R. Grace and its counsel, Anthony J. Marchetta, Esq. of the Morristown, New Jersey law firm of Pitney, Hardin, Kipp and Szuch LLP. Therefore, W.R. Grace, or its counsel, is already in possession of any other documents which may be further responsive to this request. In the event that W.R. Grace is unable to obtain such responsive documentation previously produced to its counsel, to the extent the documents are in Prudential's possession, they will be made available upon reasonable request.

3

**Response to Questions No. 17**

See Response to Question No. 16.

**Response to Questions Nos. 18, 19, 20 and 21**

Prudential first became aware of the presence in the property of asbestos containing fireproofing in late 1987, when a prospective purchaser of the property, Lexington Company hired Twin City Testing Corp. to survey the property as part of the due diligence process. The late discovery of the asbestos was due to the fact that the initial surveys conducted in 1985 and 1986 did not identify that asbestos containing fireproofing was in the property. Prudential first learned that the asbestos-containing fireproofing in the property was a Grace product in 1990, when it received the results of constituent analysis performed by Materials Analytical Services, and when it conducted an independent investigation to identify the manufacturer of the asbestos-containing fireproofing found in the property.

Documents responsive to questions 18,19, 20 and 21 include but are not limited to documents attached hereto as Exhibit B.

**Response to Question Nos. 22 and 23**

The documents relating to Prudential's abatement efforts are too voluminous to provide with this Proof of Claim. Instead, Prudential is attaching as Exhibit C the report of Halliwell Engineering Associates ("Halliwell Report"), which summarizes Prudential's abatement efforts and sets forth its claim for damages, as well as a summary of the documents which form the basis of the Halliwell Report.

4

In addition, this building was the subject of a previous litigation entitled The Prudential Insurance Company of America, et al. v. United States Gypsum Company, et al., as set forth in Part 4 of the Proof of Claim Form, in which extensive discovery was conducted. Prudential produced documents relating to its efforts to abate asbestos on the property to W.R. Grace and its counsel, Anthony J. Marchetta, Esq. of the Morristown, New Jersey law firm of Pitney, Hardin, Kipp and Szuch LLP. Therefore, W.R. Grace, or its counsel, is already in possession of any other documents which may be further responsive to this request. In the event that W.R. Grace is unable to obtain such responsive documentation previously produced to its counsel, to the extent the documents are in Prudential's possession, they will be made available upon reasonable request.

See also Responses to Question Nos. 10, 25 and 31.

**Response to Question No. 25**

The tables attached as Exhibit D summarize the removal of asbestos containing materials that was performed when Prudential owned the property. The tables, though focused on costs, contain the dates and descriptions of the abatement work performed.

In addition, this building was the subject of a previous litigation entitled The Prudential Insurance Company of America, et al. v. United States Gypsum Company, et al., as set forth in Part 4 of the Proof of Claim Form, in which extensive discovery was conducted. Prudential produced documents relating to its efforts to abate asbestos-containing material on the property to W.R. Grace and its counsel, Anthony J. Marchetta, Esq. of the Morristown, New Jersey law firm of Pitney, Hardin, Kipp and

Szuch LLP. Therefore, W.R. Grace, or its counsel, is already in possession of any other documents which may be further responsive to this request. In the event that W.R. Grace is unable to obtain such responsive documentation previously produced to its counsel, to the extent the documents are in Prudential's possession, they will be made available upon reasonable request.

**Response to Question Nos. 26, 27, 28 and 29**

Documents relating to the testing of materials on the property include, but are not limited to, the constituent analysis performed by Materials Analytical Services, a report on representative sampling of the asbestos-containing fireproofing, a dust sampling report, and a report of William M. Ewing relating to asbestos testing. These documents are attached hereto as Exhibit E.

In addition, this building was the subject of a previous litigation entitled The Prudential Insurance Company of America, et al. v. United States Gypsum Company, et al., as set forth in Part 4 of the Proof of Claim Form, in which extensive discovery was conducted. To the extent that they exist, Prudential produced other documents relating to sampling/testing (i.e. air, dust or bulk sampling) on the property to W.R. Grace and its counsel, Anthony J. Marchetta, Esq. of the Morristown, New Jersey law firm of Pitney, Hardin, Kipp and Szuch LLP. Therefore, W.R. Grace, or its counsel, is already in possession of any other documents which may be further responsive to this request. In the event that W.R. Grace is unable to obtain such responsive documentation previously produced to its counsel, to the extent the documents are in Prudential's possession, they will be made available upon reasonable request.

**Response to Question No. 31**

Evidence pertaining to disturbance or modification of asbestos-containing materials in the property includes Prudential's abatement and renovation efforts, as set forth in the Responses to Question Nos. 10, 22, 23 and 25. In addition, the report of William H. Ewing, attached hereto in Exhibit E, specifically addresses modifications and disturbances of the asbestos-containing materials in the building.

In addition, this building was the subject of a previous litigation entitled The Prudential Insurance Company of America, et al. v. United States Gypsum Company, et al., as set forth in Part 4 of the Proof of Claim Form, in which extensive discovery was conducted. Prudential produced documents relating to any disturbance or modification of asbestos-containing materials on the property to W.R. Grace and its counsel, Anthony J. Marchetta, Esq. of the Morristown, New Jersey law firm of Pitney, Hardin, Kipp and Szuch LLP. Therefore, W.R. Grace, or its counsel, is already in possession of any other documents which may be further responsive to this request. In the event that W.R. Grace is unable to obtain such responsive documentation previously produced to its counsel, to the extent the documents are in Prudential's possession, they will be made available upon reasonable request.

## PART 4: ASBESTOS LITIGATION AND CLAIMS

### Response to Questions A.2 and B.1

This building was the subject of previous litigation, captioned: The Prudential Insurance Company of America, et al. v. United States Gypsum Co.; W.R.Grace & Co.; The Celotex Corporation; United States Mineral Products Co.; Keene Corporation; Asbestospray Corporation, Civil Action No. 87-4277 and The

Prudential Insurance Company of America, et al. v. National Gypsum Company, Civil Action No. 87-4328. These cases were filed in the United States District Court for the District of New Jersey.

The Complaint in The Prudential Insurance Company of America, et al. v. United States Gypsum Co., et al. was filed on October 20, 1987. The Complaint in The Prudential Insurance Company of America v. National Gypsum was filed on October 21, 1987. These actions were consolidated on October 17, 1988. On April 13, 1989, Prudential filed its First Amended Complaint and Jury Demand in the consolidated litigation. Copies of the First Amended Complaint, and the face pages of the two earlier Complaints, are attached hereto as Exhibit F.

No lawsuit other than what is set forth above has been brought, but that litigation did include claims of joint and several liability. During the pendency of the above identified action all of the defendants filed for bankruptcy or dissolution. While there are claims pending in several bankruptcy proceedings and there is also a pending appeal, the claim related to the property that is the subject of this Proof of Claim is only being pursued against W.R. Grace & Co.


## C. MISCELLANEOUS PROVISIONS

1.    No Waiver of Security or Rights:  In executing and filing this proof of claim, Prudential does not waive any right to security held by it or for its benefit or any other right or rights that Prudential has or may have against Debtors or any other person or persons.

2.    Right to Amend Reserved:  Prudential expressly reserves the right to amend or supplement this proof of claim (including, but not limited to, for purposes of

asserting a claim for rejection damages, administrative priority, fixing the amount of damages, fees, costs and expenses referred to herein) at any time and in any respect.

3.    Jurisdiction Only Over Claim:  In filing the within claim, Prudential does not submit itself to the jurisdiction of the Court for any other purpose other than with respect to such claim.

4.    Additional Claims:  This proof of claim is made without prejudice to the filing by Prudential of additional proofs of claim with respect to any other indebtedness or liability of Debtors to Prudential.

3250952.01

9

# EXHIBIT A

**PROPOSED LIST OF MATERIAL SUPPLIERS
AND SUB-CONTRACTORS
SOUTHDALE OFFICE CENTRE
BUILDING NUMBER 3
69th & France, Minneapolis, Minnesota 55435**

| SECTION | | TELEPHONE |
|---------|---|---------|
| 210 | **CLEARING OF SITE**<br>Park Construction Co.<br>51 - 37th Avenue N.E.<br>Minneapolis, Minnesota  55421 | 788-8689 |
| 220 | **EARTHWORK**<br>Park Construction Co. | 788-8689 |
| 261 | **BITUMINOUS PAVING**<br>Park Construction Co. | 788-8689 |
| 310 | **CONCRETE FORMWORK**<br>M. A. Mortenson Company<br>250 Fremont Avenue North<br>Minneapolis, Minnesota  55405 | 377-2630 |
| | **MATERIALS**<br>**ACCESSORIES**<br>Brock-White Company<br>801 Second Avenue North<br>Minneapolis, Minnesota  55405 | 374-3052 |
| 320 | **CONCRETE REINFORCEMENT**<br>**MATERIAL - REINFORCING BARS**<br>Commercial Steel Fabricators<br>Division of J. Gruman Steel Co.<br>1603 North County Road 18<br>Minneapolis, Minnesota  55427 | 544-4421 |
| | **MATERIAL - MESH**<br>Consumers Steel & Supply Co.<br>P.O. Box 270<br>Racine, Wisconsin  53401 | 414-632-1601 |
| | **PLACEMENT**<br>L. H. Sowles Co.<br>2817 Bryant Avenue South<br>Minneapolis, Minnesota  55408 | 827-5774 |
| 330 | **CAST-IN-PLACE CONCRETE**<br>M. A. Mortenson Company | 377-2630 |
| | **MATERIALS**<br>**CONCRETE**<br>Ready Mixed Concrete Company<br>201 - 11th Avenue South<br>Minneapolis, Minnesota  55415 | 332-8703 |

2

| 330 | CAST-IN-PLACE CONCRETE (continued) | |
| | | |
| | ACCESSORIES | |
| | Brock-White Company | 374-3052 |

Vapor Barrier - 10 Mill Poly
Cement Seal   - B. W. Crete Seal
Form Oil      - Nox Crete

| 410 | MORTAR | |
| | M. A. Mortenson Company | 377-2630 |
| | | |
| | MATERIALS | |
| | Wunder-Klein-Donohue Company | |
| | 1123 Glenwood Avenue | |
| | Minneapolis, Minnesota  55405 | 374-5050 |

| 421 | BRICK MASONRY | |
| | M. A. Mortenson Company | 377-2630 |
| | | |
| | MATERIAL - FACE BRICK | |
| | Twin City Brick Co. | |
| | 1407 Marshall Avenue | |
| | St. Paul, Minnesota  55104 | 646-1335 |

T.C. #430 Lt. Var. Spec. Mod.

| 422 | CONCRETE UNIT MASONRY | |
| | M. A. Mortenson Company | 377-2630 |
| | | |
| | MATERIAL | |
| | LIGHT WEIGHT BLOCK | |
| | Chas. M. Freidheim Company | |
| | 5115 West 36th Street | |
| | Minneapolis, Minnesota  55416 | 927-4511 |
| | | |
| | ACCESSORIES | |
| | Brock-White Company | 374-3052 |

Metal Ties - 16 ga. G.I. Metal Crimped
Reinforcement - Durowall
Dovetail Slot - Beehive type 24 ga. galv.
Dovetail Anchors - 12 ga. galv.

| 440 | STONE | | | |
| | FOUNTAIN | | | |
| | The Babcock Company | | | |
| | Box B | | St. Peter | 507-931-1370 |
| | Kasota, Minnesota  56050 | | Mankato | 507-388-4892 |

PIS 00059929

Page 3

440     STONE (continued)

        GRANITE

510     STRUCTURAL METAL - PRE-BID ITEM
        Commercial Steel Fabricators
        Division of J. Gruman Steel Co.                    544-4421

520     OPEN WEB JOISTS - PRE-BID ITEM
        Commercial Steel Fabricators
        Division of J. Gruman Steel Co.                    544-4421

530     METAL DECKING - PRE-BID ITEM
        Commercial Steel Fabricators
        Division of J. Gruman Steel Co.                    544-4421

        STEEL ERECTION
        L. H. Sowles Co.                                   827-5774

550     MISCELLANEOUS METALS
        Linders Fabricating & Mfg. Co.
        547 West County Road X
        St. Paul, Minnesota  55112                         484-7721

        MATERIALS
        Steel Floor Grating - Gary Grating
        Expansion Joint Covers - Construction Specialties
        Wall Access Panels - Miami
        Vision Screen - Anchor Fence
        Trench Drain - Neenah Foundries

610     ROUGH CARPENTRY
        M. A. Mortenson Company                            377-2630

        MATERIAL
        G. M. Stewart Lumber Co.
        421 Johnson Street Northeast
        Minneapolis, Minnesota  55413                      339-8641

620     FINISH CARPENTRY
        Aaron Carlson Company
        1505 Central Avenue Northeast
        Minneapolis, Minnesota  55413                      789-8885

        MATERIAL
        Laminated Plastic - Consoweld
        Cabinet Hardware - Per Specification

Page 4

710   WATERPROOFING
      Kremer & Davis, Inc.
      3900 Jefferson Street Northeast
      Minneapolis, Minnesota  55421                    788-5835

      MATERIALS
      Waterproof Membrane - Amelco
      Protection Board - W. R. Meadows
      Adhesive - Amelco

715   DAMPPROOFING
      Kremer & Davis, Inc.                             788-5835

      MATERIALS
      Barrett P.B. Cement

720   BUILDING INSULATION (Excluding Roof Insulation)
      M. A. Mortenson Company                          377-2630

      MATERIAL
      Foil Faced Fiberglass

750   ROOFING
      Roofings, Inc.
      266 Walnut
      St. Paul, Minnesota  55102                       224-9496

      MATERIALS
      Roof Insulation - Fesco or Permalite
      Vapor Barrier - Vapogard
      Roofing Materials - Fry or Johns-Manville

760   SHEET METAL
      Roofings, Inc.                                   224-9496

764   GRILLES & LOUVERS
      Bartley Sales Company, Inc.
      3550 Dakota Avenue
      Minneapolis, Minnesota  55416                    929-0001

      MATERIALS
      Louvers by Northland

780   ROOF ACCESSORIES
      Roofings, Inc.                                   224-9496

      MATERIALS
      Bilco

781   PLASTIC SKYLIGHTS
      Roofings, Inc.                                   224-9496

      MATERIALS
      Plaseco

PIS 00059931

Page 5

790    CAULKING AND SEALANTS
       A. J. Spanjers Company, Inc.
       6351 North Lilac Drive
       Minneapolis, Minnesota  55430                    561-1300

811    HOLLOW METAL DOORS & FRAMES
       Trussbilt
       2575 Como Avenue
       St. Paul, Minnesota  55108                       645-7711

812    ALUMINUM DOORS & FRAMES
       Larry's Glass & Mirror Co.
       2640 Lyndale Avenue South
       Minneapolis, Minnesota  55408                    827-5738

       MATERIALS
       Kawneer Entrances

820    WOOD DOORS
       Aaron Carlson Company
       1505 Central Avenue Northeast
       Minneapolis, Minnesota  55413                    789-8885

       MATERIALS
       Doors by U.S. Plywood or Weyerhaueser

834    PLASTIC FACED DOORS
       Aaron Carlson Company                            789-8885

       MATERIALS
       Doors by Aaron Carlson Company

836C   FOLDING OVERHEAD DOORS
       Hauenstein & Burmeister, Inc.
       2629 - 30th Avenue South
       Minneapolis, Minnesota  55406                    721-5031

       MATERIAL
       Ro Way

870    FINISH HARDWARE
       Straughan Hardware Co., Inc.
       1115 Hennepin Avenue
       Minneapolis, Minnesota  55403                    336-6628

       MATERIALS
       Locks & Latches - Schlage & Sergant
       Door Closers - L.C.N.
       Butts & Hinges - Hager
       Pulls & Pushes - Hiawatha
       Door Stops - Ives & Glen Johnson
       Threshholds - Reese

885    GLASS & GLAZING
       Larry's Glass and Mirror Co.                     827-5738

PIS 00059932

Page 6

885    GLASS & GLAZING (continued)
       MATERIALS
       Pittsburg Glass

890    CURTAINWALL - PRE-BID ITEM
       Casewin, Inc.
       775 Colorado Avenue South
       Minneapolis, Minnesota  55416                    545-1635

       MATERIAL
       Curtainwall System by Lupton

909    FIRE PROOFING PLASTER
       A. E. Conrad Co.
       308 West 59½ Street
       Minneapolis, Minnesota  55419                    823-0752

       MATERIALS
       U. S. Gypsum
       Lath by Wheeling Corrugated Co.

917    STUCCO
       A. E. Conrad Co.                                 823-0752

925    GYPSUM DRYWALL
       A. E. Conrad Co.                                 823-0752

       MATERIAL
       U. S. Gypsum

931    CERAMIC TILE
       Dale Tile Co.
       Hwy 100 & France Avenue North
       Minneapolis, Minnesota  55429                    533-8631

       MATERIALS
       United States Ceramic Tile Co.

933    QUARRY TILE
       Dale Tile Co.                                    533-8631

       MATERIALS
       Summitville Tiles, Inc.

950    ACOUSTICAL TREATMENT
       Acoustics Associates, Inc.
       1250 Zane Avenue North
       Minneapolis, Minnesota  55422                    544-8901

       MATERIALS
       Celotex

PIS 00059933

Page 7

965     RESILIENT FLOORING
        Insulation Sales Co.
        20 Lakeside Avenue North
        Minneapolis, Minnesota  55405                        339-9361

        MATERIALS
        Floor Tile - Flintcote
        Base - Johnson

984     SPRAYED-ON FIREPROOFING
        A. H. Conrad Co.                                      823-0752

        MATERIAL
        Monocote by W. R. Grace Co.

990     PAINTING
        Julius B. Nelson & Son, Inc.
        962 Central Avenue Northeast
        Minneapolis, Minnesota  55413                        336-3347

        MATERIALS

995     VINYL WALL COVERING
        Julius B. Nelson & Son, Inc.                         336-3347

        MATERIALS

1013    TRASH CHUTE
        Ramsey Building Materials, Inc.
        3416 University Avenue
        Minneapolis, Minnesota  55414                        335-2127

        MATERIAL
        Wilkinson Chute

        ERECTION
        Metal Specialties, Inc.
        4608 Carlow Road
        Mound, Minnesota  55364                              472-2908

1018    TOILET COMPARTMENTS
        Pearson & LaLonde, Inc.
        5309 Edina Industrial Boulevard
        Minneapolis, Minnesota  55435                        941-2020

        MATERIAL
        Global Steel Products

        ERECTION
        Metal Specialties, Inc.                              472-2908

1025    FIREFIGHTING DEVICES
        J. M. Johnson Co.                            PIS 00059934
        206 North Washington Avenue
        Minneapolis, Minnesota  55401                        338-0671

Page 8

1025    FIREFIGHTING DEVICES (continued)
        MATERIALS
        Cosmic E #10 ABC Dry Chemical

1056    MAIL CHUTE
        Corning-Donohue, Inc.
        1258 Donohue Avenue
        St. Paul, Minnesota  55104                          645-9261

        MATERIAL
        Cutler Mail Chute

1080    BATHROOM ACCESSORIES
        Specialty Sales Service, Inc.                        929-0054


        MATERIALS
        Mirrors - Parker
        Grabbars - Parker

1420    PASSENGER ELEVATORS - PRE-BID ITEM
        Westinghouse Elevator Division
        3501 South Highway 100
        Minneapolis, Minnesota  55416                        927-6553

        MECHANICAL WORK
        Lamb Plumbing & Heating Co.
        103 Washington Avenue North
        Minneapolis, Minnesota  55401                        335-9501

        ELECTRICAL WORK
        Hoffmann Electric Co. of Mpls.
        7700 Logan Avenue South
        Minneapolis, Minnesota  55423                        861-4521

# M. A. MORTENSON CO.

### Purchase Order and Sub-contract Information

**Job** _Southdale Office Centre Bldg # 3_

**Accepted Bidder** _A. E. Conrad Co_

**Address**

**Labor and Material For** _Section 909 Fireproofing Plaster Complete_
_917 Stucco Complete_
_925 Gypsum Drywall System Complete_
_984 Sprayed D) Fireproofing Complete_

**Architect** _Gensy Rene_

**Delivery** _Sect Lumx 1/31 3, 1981_

**Price** _# 184 500 # Including Sales Tax_

# M. A. MORTENSON COMPANY
Telephone Bid

Date  6-24  , 196_9_

Time  11:10

Job  Southdale

Sub-Contractor  A E Conrad          823-0752

BID  Sec 0917 Stucco          0909 Fire Proof Plaster
     0925 Gypsum Drywall      0984 Spray on Fire Proof

                             $188,600.00  w/Tax

Addendum  1 + 2
Based on free use of Hoist

ALTERNATES
     Unit: A1 — 1.15 per sq ft
           A3 — $100.00 each
           A6 — $1.40 per sq ft
           A7 — $1.35   "    "
           A10 — Deduct 9¢ per sq ft

REMARKS

PIS 00110905

# STANDARD SUB-CONTRACT AGREEMENT

### LABOR AND MATERIALS



Prepared by the Standard Forms Committee — *Builders Division*

ASSOCIATED GENERAL CONTRACTORS OF MINNESOTA

1968 Edition

**IMPORTANT NOTICE**
Appropriate rider(s)
should be attached
to this Sub-Contract
where applicable.

THIS SUB-CONTRACT, Made this __3rd__ day of __JULY__, 19 __69__, by and between_____
__M. A. MORTENSON COMPANY__

_____, hereinafter called the Contractor, and
__A. E. CONRAD CO.__

_____, hereinafter called the Sub-Contractor.
WHEREAS, The Contractor has heretofore entered into a contract with __DAYTON DEVELOPMENT COMPANY__
of __MINNEAPOLIS, MINNESOTA__ hereinafter called the Owner, to perform certain labor and furnish certain material for
the erection and completion of __SOUTHDALE OFFICE CENTER BUILDING NO. 3__
__INCLUDING ADDENDA 1, 2 & 3__ , hereinafter called the Project,
pursuant to plans and specifications prepared by __THE CERNY ASSOCIATES, INC.__ , Architect,
which contract consisting of the invitation to bidders, the instructions to bidders, the proposal, the contract, the plans and specifications,
the general conditions, the special conditions, the bond, if any, and any addenda or amendments to any of the foregoing, is hereinafter
collectively referred to as the General Contract; and

WHEREAS, The Contractor has made available to the Sub-Contractor all of the above documents, except that a blank proposal form
and a blank contract form have been made available in lieu of completed forms; and

WHEREAS, The above have been carefully examined by the Sub-Contractor.

THE SUB-CONTRACTOR AGREES AS FOLLOWS:

I. To furnish all labor, material, skill and instrumentalities, to secure all field measurements necessary or required and to perform
all the work necessary or incidentally required for that part of the construction of the Project, as follows: (Here describe work covered
by this Sub-Contract, together with any special instructions applying and, if possible, identify section numbers of specifications to be
covered by this Sub-Contract).

```
SECTION 909 - FIREPROOFING PLASTER COMPLETE
SECTION 917 - STUCCO COMPLETE
SECTION 925 - GYPSUM DRYWALL SYSTEM COMPLETE
SECTION 984 - SPRAYED ON FIREPROOFING COMPLETE
```

II. To pay for all materials, skill, labor and instrumentalities used in, or in connection with the performance of this Sub-Contract,
when and as bills or claims therefor become due, and to save and protect the Project, the Owner, and the Contractor from all claims
and mechanics' liens on account thereof, and to furnish satisfactory evidence to the Contractor when and if required, that he has com-
plied with the above requirements. This provision shall not be construed as a waiver of the right of the Sub-Contractor to file and enforce
a lien claim as against the Owner in the event of the Contractor's failure to pay the Sub-Contractor.

III. To begin the work herewith contracted for as soon as the Project upon which the work is to be done is ready for such work
or, in any event, within __THREE__ calendar days after being notified in writing by the Contractor so to do, and to complete
the several portions of the whole thereof within the time or times following, namely:

**START APPROXIMATELY NOVEMBER 3, 1969**

IV. To proceed with the work in the sequence directed by the Contractor and to abide by the Contractor's decision as to the
allotment of all storage and working space on the Project.

V. That no extension of time of performance of this Sub-Contract shall be recognized by the Contractor without the written
consent of the Contractor.

VI. To save harmless the Contractor and all other sub-contractors from any and all loss or damage (including without limiting
the generality of the foregoing, legal fees and disbursements paid or incurred by the Contractor to enforce the provisions of this para-
graph) occasioned by the failure of the Sub-Contractor to carry out the provisions of this Sub-Contract unless such failure results from
causes beyond the control of the Sub-Contractor.

VII. To obtain, maintain and pay for such workmen's compensation insurance as may be required by the General Contract or
by law; comprehensive general liability insurance and comprehensive automobile liability insurance, protecting the Sub-Contractor
against claims for bodily injury or death or for damage to property occurring upon, in or about the Project, with limits in amounts at
least equal to the greater of those specified in the General Contract or those specified below; and builders risk or installation floater
or patent infringement insurance, if required by the General Contract:

| | Limits of Liability | (AS PER SPECIFICATIONS) |
|---|---|---|
| Bodily Injury Liability Including Automobile | $_____ | Each Person |
| | $_____ | Each Occurrence |
| | $_____ | Each Accident |
| Property Damage Liability | $_____ | Each Occurrence |
| | $_____ | Each Accident |
| | $_____ | Aggregate |
| Property Damage — Auto | $_____ | Each Accident |
| Builders Risk or Installation Floater (if required) | | |
| Patent Infringement (if required) | $_____ | Aggregate |

said insurance to be in form and issued by a company or companies satisfactory to the Contractor; to furnish to the Contractor satis-
factory evidence that it has complied with this paragraph; and to obtain and furnish to the Contractor an undertaking by the insurance
company issuing each such policy, that such policy will not be cancelled except after ten (10) days' notice to the Contractor of its
intention so to do.

The Sub-Contractor agrees to assume entire responsibility and liability for all damages or injury to all persons, whether employees or
otherwise, and to all property, arising out of, resulting from or in any manner connected with, the execution of the work provided for in this
Sub-Contract or occurring or resulting from the use by the Sub-Contractor, his agents or employees, of materials, equipment, instrumen-
talities or other property, whether the same be owned by the Contractor, the Sub-Contractor or third parties, and the Sub-Contractor
agrees to indemnify and save harmless the Contractor, his agents and employees from all such claims including, without limiting the
generality of the foregoing, claims for which the Contractor may be, or may be claimed to be, liable, and legal fees and disbursements
paid or incurred to enforce the provisions of this paragraph, and the Sub-Contractor further agrees to obtain, maintain and pay for such
general liability insurance coverage as will insure the provisions of this paragraph.

VIII. To accept responsibility for all damage caused by the Sub-Contractor which shall be deemed to include, without limiting
the generality of the foregoing, the following: cleaning up of rubbish and debris resulting from the Sub-Contractor's work and removal

PIB 00110903

**DELIVERY TICKET**

# ZONOLITE    277755

CONSTRUCTION PRODUCTS DIVISION
P.O. BOX 7083    CHICAGO, ILLINOIS 60680

W. R. GRACE & CO

**GRACE**

| INVOICE DATE | INVOICE NO | LOCATION | PLANT | DIST | TERRITORY | OUR ORDER NO | CUST ORDER |
|---|---|---|---|---|---|---|---|
| 6/22/71 | | 4-022-053 | 661 | 661 | 612 | | 4/16/71 |

SHIPPED

L. T. L.
June 22, 1971    Tuesday

| CUST NO | SHIPPED FROM | CAR NO | BILL OF LADING NO | CHECKED |
|---|---|---|---|---|
| 06967 | Mpls. | | 661-009 | |

SOLD TO
A . E. Conrad Company
308 West 59 1/2 Street
Minneapolis,Minnesota 55419

SHIP TO
Daytons Store
Southdale Center

| QUANTITY ORDERED | QUANTITY SHIPPED | DESCRIPTION | UNIT PRICE | AMOUNT |
|---|---|---|---|---|
| 300 | 300 | Bags Mono Kote 41-06-01-1-19 | 2.25 | |
| | | 3% Sales Tax | | |

FREIGHT  □ ADDED ALLOWED  □ PREPAID COLLECT  □ $_____ CASH DISCOUNT ALLOWED IF PAID BY_____
□ NO CASH DISCOUNT-NET 30 DAYS

WRG    N° 14996

SHIPPING COPY

P.O. BOX 7093   CHICAGO, ILLINOIS 60680

| INVOICE DATE | INVOICE NO | LOCATION | | PLANT | DIST | TERRITORY | OUR ORDER NO | | CUST ORDER NO AND DATE |
|---|---|---|---|---|---|---|---|---|---|
| 6/2/71 | | 4-022-053 | | 661 | 661 | 612 | | | 4/16/71 |
| | | | CUST NO | SHIPPED FROM | | CAR NO | | | BILL OF LADING NO |
| L.T.L.   06967 | | | | Mpls. | | | | | 661-019 |

Wednesday June 23rd.

Sold To
A. E. Conrad Company
308 West 59 1/2 Street
Minneapolis, Minnesota 55419

Ship To
Pennys Store
Southdale Center

| QUANTITY ORDERED | QUANTITY SHIPPED | DESCRIPTION | UNIT PRICE | AMOUNT |
|---|---|---|---|---|
| 300 | 300 | Bags Mono Tote 41-06-01-1-19 | 2.25 | |
| | | 3% Sales Tax | | |

FREIGHT [ ] ADDED ALLOWED  [ ] PREPAID COLLECT   [ ] $ _____ CASH DISCOUNT ALLOWED IF PAID BY _____
[ ] NO CASH DISCOUNT-NET 30 DAYS

**SHIPPING COPY**

**WRG   No 14997**

RIKER, DANZIG, SCHERER, HYLAND & PERRETTI
Headquarters Plaza
One Speedwell Avenue
Morristown, New Jersey   07962-1981
(201) 538-0800

Attorneys for  Plaintiffs
The Prudential Insurance Company
  of America, et al.

|  |  |
|---|---|
| THE     PRUDENTIAL     INSURANCE<br>COMPANY OF AMERICA, <u>et al</u>.,<br><br>          Plaintiffs,<br><br>vs.<br><br>UNITED STATES GYPSUM COMPANY,<br><u>et al</u>.,<br><br>          Defendants. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br><br>Hon. Harold A. Ackerman<br><br><br>CIVIL ACTION |
| THE     PRUDENTIAL     INSURANCE<br>COMPANY OF AMERICA,<br><br>          Plaintiff,<br><br>vs.<br><br>NATIONAL GYPSUM COMPANY,<br><br>          Defendant. | No. 87-4227 (HAA)<br>No. 87-4238 (HAA)<br><br><br>AFFIDAVIT OF ELWOOD WICKHERST |

State of Minnesota   :
                     : ss
County of Hennepin   :

          I, Elwood Wickherst, of full age and duly sworn according
to law, upon my oath depose and say:

          1.   I am a former employee of A. E. Conrad Company
("Conrad"), which is located in Minneapolis, Minnesota.

PIS 00061544

2.   Conrad is a specialty subcontractor engaged in the business of installing sprayed-on fireproofing and plastering materials.

3.   Conrad was the subcontractor selected to install the sprayed-on fireproofing in the nine-story office building at Southdale Office Center.  M. A. Mortenson Company was the general contractor on this project.

4.   As part of my responsibilities with Conrad, I worked as the foreman during the installation of the sprayed-on fireproofing at the Southdale Office Co.  As foreman, it was my job to ensure that the sprayed-on fireproofing was applied properly.

5.   I recall that the sprayed-on fireproofing material installed in the nine-story office building at Southdale Office Center was Mono-Kote, manufactured by W. R. Grace.  I remember using Mono-Kote on this job because it was virtually the only product we used at the time.

I have read this statement and can attest that the statement is true and accurate.

_Elwood Wickherst_
Elwood Wickherst

STATE OF MINNESOTA    :
                      :ss
COUNTY OF HENNEPIN    :

The foregoing instrument was acknowledged before me this 31 day of _May_, 1990 by Elwood Wickherst.

_Lisa M. Elarson_
Notary Public

My Commission Expires: 12-21-94

LISA M. ERLARSON
NOTARY PUBLIC - MINNESOTA
HENNEPIN COUNTY
My Commission Expires Dec. 21, 1994

-2-

PIS 00061545

RIKER, DANZIG, SCHERER, HYLAND & PERRETTI
Headquarters Plaza
One Speedwell Avenue
Morristown, New Jersey  07962-1981
(201) 538-0800

Attorneys for Plaintiffs
The Prudential Insurance Company
  of America, et al.

|  |  |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, <u>et al.</u>, | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY |

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA, <u>et al.</u>,          :          UNITED STATES DISTRICT COURT
                                         :          DISTRICT OF NEW JERSEY
          Plaintiffs,                    :
                                         :
vs.                                      :          Hon. Harold A. Ackerman
                                         :
UNITED STATES GYPSUM                     :
COMPANY, <u>et al.</u>,                  :          CIVIL ACTION
                                         :
          Defendants.                    :
                                         :
─────────────────────────────           :          NO. 87-4227 (HAA)
                                         :          NO. 87-4238 (HAA)
THE PRUDENTIAL INSURANCE                 :
COMPANY OF AMERICA,                      :
                                         :
          Plaintiff,                     :          <u>AFFIDAVIT OF JOHN LEARY</u>
                                         :
vs.                                      :
                                         :
NATIONAL GYPSUM COMPANY,                 :
                                         :
          Defendant.                     :
                                         :

State of Minnesota   :
                     : ss
County of Hennepin   :


          I, John Leary, of full age and duly sworn according to
law, upon my oath depose and say:


MAPPRULM.214                                                         053190

PIS 00061541

1.     I am a former employee of A. E. Conrad Company ("Conrad"), which is located in Minneapolis, Minnesota.

2.   Conrad has been engaged in the business of installing sprayed-on fireproofing and plastering materials since the 1960's.

3.       In approximately 1969-1970, Conrad was the subcontractor selected to install the sprayed-on fireproofing in the third building to be constructed in the building complex known as the Southdale Office Center.   The Southdale Office Center is located in Edina, Minnesota.

4.   As part of my responsibilities with Conrad, I worked as a "mixer" during the installation of the sprayed-on fireproofing. As a mixer, I combined the sacks of dry fireproofing material with water so that the material could be sprayed onto metal beams.

5.   I recall that the sprayed-on fireproofing material we installed in the Southdale Office Center was Mono-Kote, manufactured by W. R. Grace. I recall that Mono-Kote was used because I remember receiving shipments of the material in bags at the Southdale worksite.   I also recall that we installed this sprayed-on fireproofing material throughout the building.

6.   I further recall that Mono-Kote was virtually the only product we used at that time, primarily because of its easy availability.   Additionally, I recall that Mono-Kote was used because it was considered the material easiest to pump.

MAPPRULM.214                          -2-                                    053190

PIS 00061542

I have read this statement and can attest that the statement is true and accurate.

_____
John Leary

STATE OF MINNESOTA   :
                     : ss
COUNTY OF HENNEPIN   :

7 ᵗʰ day of _____, 1990 by John Leary.

The foregoing instrument was acknowledged before me this

_____
Notary Public

My Commission Expires:

6-23-91
_____



ELNA M. HANSEN
NOTARY PUBLIC — MINNESOTA
HENNEPIN COUNTY
My Commission Expires June 23, 1991

MAPPRULM.214

—3—

053190

**PIS 00061543**

RIKER, DANZIG, SCHERER, HYLAND & PERRETTI
Headquarters Plaza
One Speedwell Avenue
Morristown, New Jersey  07962-1981
(201) 538-0800

Attorneys for Plaintiffs
The Prudential Insurance Company
    of America, et al.

---

|  |  |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, <u>et al</u>., | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY |
| Plaintiffs, |  |
| vs. | Hon. Harold A. Ackerman |
| UNITED STATES GYPSUM COMPANY, <u>et al</u>., | CIVIL ACTION |
| Defendants. |  |
|  | No. 87-4227 (HAA)<br>No. 87-4238 (HAA) |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, |  |
| Plaintiff, | AFFIDAVIT OF A. EARL CONRAD |
| vs. |  |
| NATIONAL GYPSUM COMPANY, |  |
| Defendant. |  |

---

State of Minnesota   :
                     : ss
County of Henepin    :

        I, A. Earl Conrad, of full age and duly sworn according to law, upon my oath depose and say:

        1.   I am the sole proprietor of A. E. Conrad Company ("Conrad"), which is located in Minneapolis, Minnesota.

2.   Since approximately the 1960's, Conrad has been a specialty subcontractor engaged in the business of installing sprayed-on fireproofing and plastering materials.

3.   In approximately 1969 - 1970, Conrad was the subcontractor selected to install the sprayed-on fireproofing in the building then being constructed in the Southdale Office Center.  M. A. Mortenson Company was the general contractor on this project. The Southdale Office Center is an office complex located in Edina, Minnesota.

4.   I recall that a company with "Dayton" in the name was the owner and developer of the building project.  During the construction, we referred to this building as the Dayton Office Building.

5.   Throughout the years of Conrad's business, I have kept a notebook of information which I use in estimating future projects.  The document attached to this Affidavit as Exhibit A is a true copy of page number 115 of this notebook.  The notes contained on this page are in my handwriting.

6.   In the center of the page, the reference to "1½ " Mono" indicates that in 1970 we applied 1½ inches of Monokote sprayed-on fireproofing to the steel beams of the building we knew as the Dayton Office Building.

-2-

PIS 00061550

        I have read this statement and can attest that the
statement is true and accurate.

                                    _A. Earl Conrad_
                                    A. Earl Conrad

STATE OF MINNESOTA    :
                      : ss
COUNTY OF HENEPIN     :

        The foregoing instrument was acknowledged before me this
26 day of June , 1990 by A. Earl Conrad.

                                    _Patricia G. Olson_
                                    Notary Public

My Commission Expires:

-3-

PIS 00061551

EXHIBIT A

AC

# A. E. CONRAD COMPANY

*Lathing & Plastering and Drywall Contractors*

308 WEST 59½ STREET, MINNEAPOLIS, MINN. 55419

115

195[illegible] Total cost [illegible] [illegible] [illegible] [illegible] [illegible] = 3.50 per yd.

1960 Total cost for [illegible] Vermic on beams [illegible] = 2.84 yd

1967 [illegible] [illegible]

Plst labor 4.00 per yd
[illegible] 1.30
Lath labor 1.10
Lath [illegible] 1.55
8.15 cost (Add air pressure)

1970 Daytons office bldg 1½" Mono on beams at 2.3 yds per sx.

1970 [illegible] Bar J (24") & deck - 3/4" sx

[illegible] sx [illegible] 25

sx [illegible] man per [illegible]

1¼" on beams = 2.3 yds per sx

[illegible] sx [illegible] each man in crew

1971 Jan. - Hess says [illegible] .25

for [illegible]

1971 [illegible]

[illegible] 1 & 2.4 y.p. sx.

[illegible] Bar J [illegible] beams 1¼"

126 [illegible] bar Joist 3/4"

and [illegible] 1½"

[illegible] include [illegible] 1.15 .41 [illegible] [illegible] man [illegible] ¾" [illegible] in air + had [illegible] ½ sx for each [illegible] (1 [illegible], 3 M) [illegible] Finish [illegible]

PIS 00061552



P354    DEPOSITIO
EXHIBIT 4(l)(a), B.J.



**Sterling**

Account Book

No. 3981

Rulings Carried in Stock

CASH

DAY

JOURNAL

SINGLE ENTRY LEDGER

DOUBLE ENTRY LEDGER

RECORD—Regular Ruling

115

, on pan
rce each Pl
cludes lots
- cost 1.10
cost   .41
tal  1.41 yd.
= 9/12"
s = 90 yd -
jh - cost
Manocota
5hr. WL
or every man
tes building
saning, trucking,
par sx

sh Job - 18'
-ing - cleaning
ery member
monocota, or
miculita
v 3/4" monocote
air + had
onder gun.
? sx for each
re do y.
Arg 32 yp.
(TEND, 3 Pl)
Vil., 2 coat
finish,
sting, cleaning.
etc.

1958 Total cost of everything to No.1)
   M.L. on old pl. clg + S.F. pl. it
   ceoking Jar = 3.50 per yd

1960 Total cost for lath = 7/8" vermic on
   beams between floors at support = 2.84 yd

1967 Farm Credit   2 1/2 soliks
   Pl + J. labor    4.60 per yd.
   Pl. Mgt.         1.00
   Lath labor       1.80
   Lath Mgt.        1.85
                    ─────
                    8.75 cost (Add for profit)

1970 Daytons office bldg    - 1 1/2" Mano
   on beams s = 2.3 yds per  sx

1970 Pier A-1  small Bar J (24") + decK- 3/4"
   monocota = 4.5 yds per sx =
   125 sx par machine par
   day = 5 man crew = 25
   sx par man per day.
   1 1/4" on beams = 2.3 yds par sx =
   24 sx for each man in crew

1971 Jan. Heoe says conroy got .25 sf
   for I D S  F.P.

1971 Southdale II - 1 1/2" Manocote = 28
   sx p. pl + p. tend p. J. + 2.4 y. p. sx.

1970 Pier A-1 F.P. = 24 sx p m yd or beams 1 1/4"
   126 sx pm p.d on bar Joist 3/4"
   and decK 1 1/2"

1971 Pennays = whole Job incl. patching - cleaning
   = 37 1/2 sx p.m.yd = Got 2.05 yd per sx 1 1/4"

PIS 00059936

# EXHIBIT B





662 CROMWELL AVENUE
ST PAUL, MN 55114
PHONE 612/645-3601



REPORT OF: ASBESTOS SURVEY

PROJECT: 6600, 6700, 6750, 6800 FRANCE AVENUE

REPORTED TO: Lexington Company       DATE: December 9, 1987
           Attn: Joseph Ryan
           9531 West 78th St
           Eden Prairie, MN 55344

---

LABORATORY No. 4410 88-1151

**INTRODUCTION:**

This report presents the results of the December 1 through December 7, 19:
asbestos survey of Southdale Office Center. The office Center consists
4 buildings located at 6600, 6700, 6750, and 6800 France Avenue, Edin:
Minnesota. The scope of our services was limited to conducting a general
asbestos survey within each of the four buildings. We were further limited
to surveying only the unoccupied areas and the mechanical areas. The wo:
was authorized by Mr Joseph Ryan of the Lexington Company.

**SUMMARY:**

**6600 Building**

The following construction material samples analyzed contained :
detectable asbestos:

* Beam spray
* Wall sheetrock
* Pipe elbow insulation
* Asphalt roofing
* Roof tar
* 2' x 4', ceiling panel
* Column spray
* Storage tank insulation
* Water Conditioner insulation
* Boiler exhaust insulation

No asbestos – containing samples were determined within the 6600 building

**6700 Building**

The following construction material samples analyzed contained
detectable asbestos.

* 2' x 4', ceiling panel
* Wall sheetrock
* Furnace duct tape
* Furnace heat shield
* Furnace rope gasket

AS A MUTUAL PROTECTION TO CLIENTS, THE PUBLIC AND OURSELVES, ALL REPORTS ARE SUBMITTED AS THE CONFIDENTIAL PROPERTY OF CLIENTS, AND AUTHORIZATION FOR PUBLICATION OF STATEMENTS, CONCLUSIONS OR EXTRACTS FROM OR REGARDING OUR REPORTS IS RESERVED PENDING OUR WRITTEN APPROVAL.





twin city testing
corporation

662 CHOMWELL AVENUE
ST. PAUL, MN 55114
PHONE 612/645-3601

**REPORT OF: ASBESTOS SURVEY**

. LABORATORY No.  4410 88-1151

DATE: December 9, 198
PAGE: 2

SUMMARY:  (Continued)

6700 Building  (Cont)

The following construction samples <u>contained</u> asbestos.

* Furnace control wire heat shield contained 45 percent chrysotile asbestos.

* 1" and 1/2" pipe elbow insulation both contained 20 perc chrysotile asbestos.

* 9" x 9" floor tile backing contained 1 percent chrysotile asbestos

6750 Building. Marc's Big Boy

The following construction material samples analyzed contained detectable asbestos:

* Wall and ceiling sheetrock
* Ceramic tile
* Blown insulation
* 12" x 12" floor tile, white/gray/ brown/white (Samples #'s 81, 90)
* Beam spray.
* 2' x 4' ceiling panel (Sample #87)
* 12" x 12" ceiling tile, white/square pattern

The following construction material samples <u>contained</u> asbestos:

* The glue securing the ceramic wall tile (Sample #67) contained percent chrysotile asbestos.

* 2' x 4' suspended ceiling panel contained a combination of 10 perc
a   amosite asbestos.

* Plaster over ceiling sheetrock (Sample #79) contained 1 perc chrysotile asbestos.

* 1" pipe elbow insulation contained 15 percent chrysotile asbestos.

* 1/2" pipe elbow insulation contained 8 and 10 percent chrysot. asbestos.

* 12" x 12" floor tile backing (Sample #91) contained 1 perc chrysotile asbestos.

AS A MUTUAL PROTECTION TO CLIENTS, THE PUBLIC AND OURSELVES, ALL REPORTS ARE SUBMITTED AS THE CONFIDENTIAL PROPERTY OF CLIENTS.  AND AUTH
SATION FOR PUBLICATION OF STATEMENTS, CONCLUSIONS OR EXTRACTS FROM OR REGARDING OUR REPORTS IS RESERVED PENDING OUR WRITTEN APPROVAL.





**twin city testing**
corporation

662 CROMWELL AVENUE
ST. PAUL, MN 55114
PHONE 612/645-3601

REPORT OF: ASBESTOS SURVEY

LABORATORY No. 4410 88-1151

DATE: December 9, 1987
PAGE: 3

SUMMARY: (Continued)

6750 Building, Marc's Big Boy (Cont.)

* 12" x 12" tan/brown floor tile (Sample #137) contained less tha
 percent chrysotile asbestos, may be in mastic and not the t
 itself.

6800 Building

The following construction material samples analyzed contained
detectable asbestos:

* Hanger spray
* Deck spray
* 10" pipe elbow insulation
* Sheetrock
* 2' x 4' ceiling panel (Sample #19)
* Boiler cap insulation
* Boiler refractory brick
* 6" pipe elbow insulation
* 12" x 12" floor tile, white with yellow
* Blown insulation
* Old boiler gasket
* Column spray
* Ceiling plaster

The following construction material samples contained asbestos:

* 17 of 18 beam spray samples contained between 8 and 20 perc
 chrysotile asbestos (exception sample #210).

* 5 of 5 1" pipe elbow insulation contained 2 to 10 percent chrysot
 and/or 2 to 15 percent amosite asbestos.

* 3 of 5 2" pipe elbow insulation (Sample #6, 8, 60, 61 and 1
 contained 15 to 40 percent chrysotile and/or 15% amosite asbes
 (exception Sample #5 and 164).

* 4 of 4, 4" pipe elbow insulation contained up to 8 percent chrysot
 and/or 2 to 35 percent amosite asbestos (Sample #9, 10,157 and 161

* Boiler gasket contains 95 percent chrysotile asbestos.

* Condensate tank insulation contains 10 to 20 percent chrysotile
 35 percent amosite asbestos.

AS A MUTUAL PROTECTION TO CLIENTS, THE PUBLIC AND OURSELVES, ALL REPORTS ARE SUBMITTED AS THE CONFIDENTIAL PROPERTY OF CLIENTS, AND AUTH-
ZATION FOR PUBLICATION OR STATEMENTS, CONCLUSIONS OR EXTRACTS FROM OR REGARDING OUR REPORTS IS RESERVED PENDING OUR WRITTEN APPROVAL.





twin city testing
corporation
662 CROMWELL AVENUE
ST. PAUL, MN 55114
PHONE 612/645-3601

REPORT OF:  ASBESTOS SURVEY

LABORATORY No.  4410 88-1151

DATE: December 9, 19:
PAGE: 4

SUMMARY:  (Continued)

6800 Building  (Continued)

* Heat exchanger insulation contains 25 percent amosite asbestos.

* Hot water tank insulation contains 5 percent chrysotile and
  percent amosite asbestos.

* Debris on condensate tank contains 40% amosite asbestos.

* Joist spray contains 10 percent chrysotile asbestos.

* Ceiling spray contains 5 percent chrysotile asbestos.

Refer to the tables attached, for specific samples and results of analys

METHODOLOGY:

Identification for the presence of asbestos fibers in bulk samples
performed in this laboratory using polarized light microscopy, dispers
staining particle identification technique.

This analysis was performed using a Leitz Laborlux 12 POL microscope
100X magnification in accordance with current EPA procedures.

SITE DESCRIPTION:

The site consists of four separate buildings, 6600, 6700, 6750, and 6
France Avenue.  They are joined by connecting corridors.  Marc's Big
Restaurant will be considered a part of building 6750.

6600 Building

Built in 1974, six levels comprise the 198,560 square feet in t
building.  The construction materials include poured concrete, concr
block, and metal sheeting, covered by brick for exterior walls.  F
construction and decking between the floors consists of I-beams and
joists on corrugated metal deck.  Flooring is poured concrete.  F
exterior is hot tar and pebble over rolled asphalt paper.

Interior finishes consist of suspended ceiling panel, concrete blc
brick, sheetrock, wallpaper, bare concrete, carpeting, ceramic tile,
vinyl tile.

AS A MUTUAL PROTECTION TO CLIENTS, THE PUBLIC AND OURSELVES, ALL REPORTS ARE SUBMITTED AS THE CONFIDENTIAL PROPERTY OF CLIENTS,  AND AUTH
SATION FOR PUBLICATION OF STATEMENTS, CONCLUSIONS OR EXTRACTS FROM OR REGARDING OUR REPORTS IS RESERVED PENDING OUR WRITTEN APPROVAL.





**twin city testing**
corporation
662 CROMWELL AVENUE
ST. PAUL, MN 55114
PHONE 612/645 3601

### REPORT OF: ASBESTOS SURVEY

LABORATORY No.  4410 88-1151

DATE: December 9, 19
PAGE: 5

SITE DESCRIPTION:  (Continued)

### 6700 Building

Built in 1968, 3 levels comprise the 37,256 square feet in this build
Construction materials include concrete block, brick and metal sheeting
exterior walls.  The roof construction and decking between floors cons
of I-beams and bar joists with corrugated metal decking.  The floors
poured concrete.  The roof exterior is hot tar and pebble covered.

Interior finishes consist of suspended ceiling panel, concrete bl
brick, sheetrock, wallpaper, wood panel, bare concrete, carpeting, cer
tile and vinyl floor tile.

### 6750 Building and Marc's Big Boy

Built in 1969, three levels comprise the 36,870 square feet in
building.  Construction materials include concrete block and metal shee
covered with brick.  Roof construction and decking between floors cons
of I-beam and bar joists covered by corrugated metal deck.  Floorin
poured concrete.  Roof exterior is hot tar and pebble covered.

Interior finishes consist of suspended ceiling panel, concrete bl
brick, sheetrock, wallpaper, wood panel, bare concrete, carpeting, cer
tile, and vinyl floor tile.

### 6800 Building

Built in 1970, seven levels plus a basement comprise the 164,034 sq
feet in this building.  The construction materials include poured conc
and concrete block covered with brick for exterior walls.
construction and the decking between floors consists of both I-beams
metal bar joists with corrugated metal decking.  Flooring is po
concrete.

Interior finishes consist of suspended ceiling panel and textured cei
spray.  Concrete block, brick, gypsum board, and wallpaper comprise
wall coverings.  Floor finishes include bare concrete, carpeting, cei
tile, and vinyl tile.

### DISCUSSION:

No samples taken from the 6600 building were determined to cor
asbestos.  The piping, when insulated, was covered with either deck sp
fiberglass, or polyfoam.  The ductwork was insulated with foil wra
fiberglass.

AS A MUTUAL PROTECTION TO CLIENTS, THE PUBLIC AND OURSELVES, ALL REPORTS ARE SUBMITTED AS THE CONFIDENTIAL PROPERTY OF CLIENTS,  AND AU
ZATION FOR PUBLICATION OF STATEMENTS, CONCLUSIONS OR EXTRACTS FROM OR REGARDING OUR REPORTS IS RESERVED PENDING OUR WRITTEN APPROVAL



 twin city testing
corporation

662 CROMWELL AVENUE
ST. PAUL, MN 55114
PHONE 612/645 3601

REPORT OF: ASBESTOS SURVEY

LABORATORY No. 4410 88-1151

DATE: December 9, 1987
PAGE: 6

DISCUSSION: (Continued)

## 6700 Building

Pipe elbow insulation (1/2" and 1") collection was limited to only first level electrical room (Sample #149, 150). Additional surve within unaccessible areas may be required to determine extent of pipe j material.

Other ACM's determined within the building include the furnace control heat shield and the backing on the floor tile.

The piping above the suspended ceiling is generally uninsulated and ductwork is fiberglass insulated. An overhang on the first level only insulated with nonasbestos blown insulation. No beam or deck spray determined within the 6700 building.

Although the ACM's do not pose an immediate health threat when they ar good condition, any damage to them could potentially become a source friable asbestos.

## 6750 Building

2 of 3 ceiling panels, 1 of 1 plaster, 4 of 4 pipe elbows, and 1 of 3 v floor tile backing are all ACM's in this building.

The piping above the suspended ceiling is either uninsulated or insul with fiberglass. Our samples of the blown insulation and beam insula contained no asbestos in this building.

Although the ACM's do not pose an immediate health threat when they ar good condition, any damage to them could potentially become a source friable asbestos.

## 6800 Building

12 of 14 samples of pipe joints (up to and including 4" diameter li contained asbestos. It is our opinion that all pipe joints with fibrous characteristics be considered to contain asbestos.

Four pipe joint samples collected from the 6" (Sample #23, 24) and (Sample #11, 16) did not contain asbestos.

17 of 18 samples of horizontal beam spray contained asbestos. It is opinion that all horizontal beam sprays be considered to contain asbest

7 of 7 decking spray samples and 3 of 3 vertical beam spray samp analyzed contained no detectable asbestos.

AS A MUTUAL PROTECTION TO CLIENTS, THE PUBLIC AND OURSELVES, ALL REPORTS ARE SUBMITTED AS THE CONFIDENTIAL PROPERTY OF CLIENTS, AND AUT ZATION FOR PUBLICATION OF STATEMENTS, CONCLUSIONS OR EXTRACTS FROM OR REGARDING OUR REPORTS IS RESERVED PENDING OUR WRITTEN APPROVA

 

**twin city testing**
corporation
662 CROMWELL AVENUE
ST. PAUL, MN 55114
PHONE 612/645-3601

REPORT OF: ASBESTOS SURVEY

LABORATORY No. 4410 88-1151

DATE: December 9, 19.
PAGE: 7

DISCUSSION: (Continued)

6800 Building (Cont.)

Other ACM's in the 6800 building include the boiler gasket, condensate insulation, heat exchanger insulation, hot water tank insulation, jo spray and ceiling spray.

Piping above the suspended ceiling was either uninsulated or fiberg. insulated.    Ductwork was also fiberglass when insulated.    There renovation on the first and fourth floor of this building and contractors should be made aware of the ACM's within these areas.

Although the ACM's do not pose an immediate health threat when they are good condition, any damage to them could potentially become a source friable asbestos.

REMARKS:

The current Minnesota Pollution Control Authority (MPCA) emission stand; for asbestos under Section 7005.1550 subpart 12, states that a proc shall be deemed to contain asbestos if a detectable amount of asbestos present in the product or in any material that goes into the product.

The EPA states that product shall be deemed to contain asbestos if contains 1 percent or more asbestos by weight.

According to our understanding of the National Emission Standard, interpreted by the Minnesota Pollution Control (MPCA), these materials to be required to be removed as ACM's prior to building demolition. (Interpreted by the Minnesota Pollution Control (MPCA), these materials requires building owners and their contractors to be aware of ACM's po to performing work and to abide by all pertinent regulations.

The sample numbers and locations, where possible, have been identifiec the floor plans.    Otherwise a description of the location is includec the tables attached.

Our representatives were allowed only in the unoccupied areas and mechanical rooms of the building.    The scope of the general asbestos su; does not include quantification or hazardous assessment of all exis; conditions.

AS A MUTUAL PROTECTION TO CLIENTS, THE PUBLIC AND OURSELVES, ALL REPORTS ARE SUBMITTED AS THE CONFIDENTIAL PROPERTY OF CLIENTS.  AND AUT SATION FOR PUBLICATION OF STATEMENTS, CONCLUSIONS OR EXTRACTS FROM OR REGARDING OUR REPORTS IS RESERVED PENDING OUR WRITTEN APPROVA





twin city testing
corporation

662 CROMWELL AVENUE
ST. PAUL, MN 55114
PHONE 612/645-3601

REPORT OF: ASBESTOS SURVEY

LABORATORY No.    4410 88-1151

DATE: December 9, 198
PAGE: 8

REMARKS: (Continued)

The samples will be retained by our laboratory for a period of thirty d
from the date of this report and then discarded unless other instructi
are received from you.

TWIN CITY TESTING CORPORATION

David D Lester
Industrial Hygiene
Technician

Mark Krause
Industrial Hygiene
Technician

William H George
Industrial Hygienist

DDL/MK/WHG/ms

AS A MUTUAL PROTECTION TO CLIENTS, THE PUBLIC AND OURSELVES, ALL REPORTS ARE SUBMITTED AS THE CONFIDENTIAL PROPERTY OF CLIENTS.  AND AUTHO
ZATION FOR PUBLICATION OF STATEMENTS, CONCLUSIONS OR EXTRACTS FROM OR REGARDING OUR REPORTS IS RESERVED PENDING OUR WRITTEN APPROVAL.

PIS      800142.

TABLE 1
BULK ASBESTOS IDENTIFICATION
6600 BUILDING
DECEMBER 2, 1987

| Sample Number | Lab Number | Location | Material | Physical Description | Asbestos Content/ Percent by Volume | Balance of Material | |
|---|---|---|---|---|---|---|---|
| L-93 | 21891 | Penthouse | Beam spray | Gray fibrous | None detected | Glass fibers Nonfibrous | 70% 30% |
| L-94 | 21892 | Penthouse | Wall sheetrock | White | None detected | Cellulose Glass fibers Nonfibrous | 3% 2% 95% |
| L-95 | 21893 | Penthouse | 2" pipe elbow insulation | Gray powder | None detected | Cellulose Glass fibers Nonfibrous | 30% 35% 35% |
| L-96 | 21894 | Stairwell | Asphalt roofing | Black | None detected | Cellulose Nonfibrous | 75% 25% |
| L-97 | 21895 | Stairwell 6th floor | 1/2" pipe fitting insulation | Gray Powder | None detected | Glass fibers Nonfibrous | 40% 60% |
| L-100 | 21896 | Rooftop tool room | Column spray | Gray fibrous | None detected | Glass fiber Nonfibrous | 75% 25% |
| L-101 | 21987 | Rooftop | Wall sheetrock | White | None detected | Cellulose Glass fibers Nonfibrous | 10% 1% 89% |

TABLE 1
BULK ASBESTOS IDENTIFICATION
6600 BUILDING
DECEMBER 2, 1987

| Sample Number | Lab Number | Location | Material | Physical Description | Asbestos Content/ Percent by Volume | Balance of Material | |
|---|---|---|---|---|---|---|---|
| L-103 | 21898 | Roof | Tar | Black | None detected | Nonfibrous | 100% |
| L-106 | 21899 | Room 660 | Ceiling panel | 2' x 4' fissure | None detected | Cellulose | 40% |
| | | | | | | Glass fibers | 50% |
| | | | | | | Nonfibrous | 10% |
| L-107 | 21900 | Room 520 | Beam spray | Gray cementitious | None detected | Cellulose | 55% |
| | | | | | | Glass fibers | 5% |
| | | | | | | Nonfibrous | 40% |
| L-109 | 21901 | Room 422 | Sheetrock | White | None detected | Cellulose | 5% |
| | | | | | | Glass fibers | 3% |
| | | | | | | Nonfibrous | 92% |
| L-112 | 21902 | Room 208 | Beam spray | Gray cementitious | None detected | Cellulose | 55% |
| | | | | | | Glass fibers | 5% |
| | | | | | | Nonfibrous | 40% |
| L-114 | 21903 | Second floor by restroom | 1" pipe elbow insulation | Gray powder | None detected | Glass fibers | 30% |
| | | | | | | Nonfibrous | 70% |
| L-115 | 21904 | Second floor by restroom | 1" pipe elbow insulation | Gray powder | None detected | Glass fibers | 35% |
| | | | | | | Nonfibrous | 65% |

TABLE 1
BULK ASBESTOS IDENTIFICATION
6600 BUILDING
DECEMBER 2, 1987

| Sample Number | Lab Number | Location | Material | Physical Description | Asbestos Content/ Percent by Volume | Balance of Material | |
|---|---|---|---|---|---|---|---|
| L-116 | 21905 | First floor hallway | 3" pipe elbow insulation | Gray powder | None detected | Glass fibers Nonfibrous | 40% 60% |
| L-117 | 21906 | First floor hallway | Beam spray | Gray cementitious | None detected | Cellulose Glass fibers Nonfibrous | 50% 10% 40% |
| L-118 | 21907 | First floor hallway | Ceiling panel | 2' x 2', textured | None detected | Glass fibers Nonfibrous | 80% 20% |
| L-120 | 21908 | First floor hallway | 6" pipe elbow insulation | Gray powder over fiberglass | None detected | Glass fiber Nonfibrous | 45% 55% |
| L-121 | 21909 | Room 170 | Column spray | Gray cementitious | None detected | Cellulose Nonfibrous | 40% 60% |
| L-122 | 21910 | Room 170 ceiling | Sheetrock | White | None detected | Cellulose Glass fibers Nonfibrous | 10% 3% 87% |
| L-123 | 21911 | Garage | 2" pipe elbow | Gray powder | None detected | Glass fibers Nonfibrous | 45% 55% |

TABLE 1
BULK ASBESTOS IDENTIFICATION
6600 BUILDING
DECEMBER 2, 1987

| Sample Number | Lab Number | Location | Material | Physical Description | Asbestos Content/ Percent by Volume | Balance of Material | |
|---|---|---|---|---|---|---|---|
| L-126 | 21912 | Garage | 12" pipe elbow | Gray powder over fiberglass | None detected | Glass fibers Nonfibrous | 45% 55% |
| L-127 | 21913 | Garage | 4" pipe elbow | Gray powder | None detected | Glass fibers Nonfibrous | 45% 55% |
| L-128 | 21914 | Boiler room | Storage tank insulation | Mixed layer | None detected | Cellulose Glass fibers Nonfibrous | 55% 5% 40% |
| L-129 | 21915 | Boiler room | Storage tank insulation | First layer off white fibrous | None detected | Cellulose Glass fibers Nonfibrous | 55% 10% 35% |
| L-130 | 21916 | Boiler room | Storage tank insulation | Inner layer white fibrous | None detected | Cellulose Glass fibers Nonfibrous | 40% 25% 35% |
| L-131 | 21917 | Boiler room | Water conditioner insulation | Gray powder | None detected | Cellulose Glass fibers Nonfibrous | 1% 45% 54% |
| L-132 | 21918 | Boiler room | 2" pipe elbow insulation | Gray powder | None detected | Cellulose Glass fibers Nonfibrous | 10% 45% 45% |

TABLE 1
BULK ASBESTOS IDENTIFICATION
6600 BUILDING
DECEMBER 2, 1987

| Sample Number | Lab Number | Location | Material | Physical Description | Asbestos Content/ Percent by Volume | Balance of Material | |
|---|---|---|---|---|---|---|---|
| L-133 | 21919 | Boiler room | Boiler exhaust stack insulation | 20" gray powder | None detected | Cellulose Glass fibers Nonfibrous | 55% 5% 40% |
| L-134 | 21920 | Boiler room | 6" pipe elbow insulation | Gray powder over fiberglass | None detected | Glass fibers Nonfibrous | 40% 60% |
| L-136 | 21921 | Boiler room | 1" pipe elbow insulation | Gray powder | None detected | Glass fibers Nonfibrous | 40% 60% |

TABLE 2
BULK ASBESTOS IDENTIFICATION
6700 BUILDING
DECEMBER 3, 1987

| Sample Number | Lab Number | Location | Material | Physical Description | Asbestos Content/ Percent by Volume | Balance of Material | |
|---|---|---|---|---|---|---|---|
| L-142A | 22119 | Third floor corridor | Ceiling panel | 2' x 4', textured | None detected | Glass fibers Nonfibrous | 85% 15% |
| L-143A | 22120 | Third floor elevator area | Wall sheetrock | White | None detected | Cellulose Nonfibrous | 10% 90% |
| L-145 | 22121 | Furnace room | Control wire heat shield | Gray paper | Chrysotile 45% | Cellulose Nonfibrous | 45% 10% |
| L-146 | 22122 | Furnace room | Duct tape | Yellow orange | None detected | Cellulose Nonfibrous | 90% 10% |
| L-147 | 22123 | Furnace room | Heat shield | Silver | None detected | Cellulose Nonfibrous | 35% 65% |
| L-148 | 22124 | Furnace room | Rope | White | None detected | Glass fibers Nonfibrous | 99% 1% |
| L-149 | 22125 | First floor electrical room | 1" pipe elbow insulation | Off white powder | Chrysotile 20% | Cellulose Glass fibers Nonfibrous | 5% 35% 40% |
| L-150 | 22126 | First floor electrical room | 1/2" pipe elbow insulation | Off white powder | Chrysotile 20% | Cellulose Glass fibers Nonfibrous | 5% 35% 40% |

TABLE 2
BULK ASBESTOS IDENTIFICATION
6700 BUILDING
DECEMBER 3, 1987

| Sample Number | Lab Number | Location | Material | Physical Description | Asbestos Content/ Percent by Volume | Balance of Material | |
|---|---|---|---|---|---|---|---|
| L-153 | 22127 | Room 116 | Ceiling panel | 2' x 4', fissure | None detected | Cellulose Glass fiber Nonfibrous | 35% 55% 10% |
| L-154 | 22128 | Room 116 | Floor tile | 9" x 9", tan/white | Chrysotile | 1%* Nonfibrous | 99% |
| L-155 | 22129 | Room 116 | Floor tile | 9" x 9", tan/white | Chrysotile | 1%* Nonfibrous | 99% |

* - in backing of tile, not the tile itself

TABLE 3
BULK ASBESTOS IDENTIFICATION
6750 BUILDING
DECEMBER 1, 1987

| Sample Number | Lab Number | Location | Material | Physical Description | Asbestos Content/ Percent by Volume | Balance of Material | |
|---|---|---|---|---|---|---|---|
| L-67 | 21745 | Third floor restroom | Ceramic wall tile | 4" x 4", white | Chrysotile 1% | Nonfibrous | 99% |
| L-68 | 21747 | Third floor restroom | Sheetrock | Wall | None detected | Glass fibers Nonfibrous | <1% 99% |
| L-69 | 21748 | Third floor restroom | Ceramic floor tile | 1" x 1", white | None detected | Nonfibrous | 100% |
| L-70 | 21749 | Third floor stairwell | Blown insulation | White | None detected | Glass fibers Nonfibrous | 95% 5% |
| L-72 | 22145 | Third floor stairwell | Ceiling panel fissure | 2' x 4' | Amosite 10% | Glass fibers Nonfibrous | 75% 15% |
| L-73 | 21750 | Third floor stairwell | Ceiling panel fissure | 2' x 4' | Amosite 5% | Glass fibers Nonfibrous | 90% 5% |
| L-74 | 21751 | Third floor stairwell | Sheetrock | Wall | None detected | Cellulose Nonfibrous Glass fibers | 10% 88% 2% |
| L-75 | 21752 | Third floor hallway | Sheetrock | Wall | None detected | Cellulose Glass fibers Nonfibrous | 5% 2% 93% |

TABLE 3
BULK ASBESTOS IDENTIFICATION
6750 BUILDING
DECEMBER 1, 1987

| Sample Number | Lab Number | Location | Material | Physical Description | Asbestos Content/ Percent by Volume | Balance of Material |
|---|---|---|---|---|---|---|
| L-67 | 21745 | Third floor restroom | Ceramic wall tile | 4" x 4", white | Chrysotile 1%* | Nonfibrous 99% |
| L-68 | 21747 | Third floor restroom | Sheetrock | Wall | None detected | Glass fibers <1% / Nonfibrous 99% |
| L-69 | 21748 | Third floor restroom | Ceramic floor tile | 1" x 1", white | None detected | Nonfibrous 100% |
| L-70 | 21749 | Third floor stairwell | Blown insulation | White | None detected | Glass fibers 95% / Nonfibrous 5% |
| L-72 | 22145 | Third floor stairwell | Ceiling panel fissure | 2' x 4' | Amosite 10% | Glass fibers 75% / Nonfibrous 15% |
| L-73 | 21750 | Third floor stairwell | Ceiling panel fissure | 2' x 4' | Amosite 5% | Glass fibers 90% / Nonfibrous 5% |
| L-74 | 21751 | Third floor stairwell | Sheetrock | Wall | None detected | Cellulose 10% / Nonfibrous 88% / Glass fibers 2% |
| L-75 | 21752 | Third floor hallway | Sheetrock | Wall | None detected | Cellulose 5% / Glass fibers 2% / Nonfibrous 93% |

TABLE 1
BULK ASBESTOS IDENTIFICATION
6750 BUILDING
DECEMBER 1, 1987

| Sample Number | Lab Number | Location | Material | Physical Description | Asbestos Content/ Percent by Volume | Balance of Material | |
|---|---|---|---|---|---|---|---|
| L-76 | 21753 | Second floor bathroom | Ceramic tile | 4" x 4", white | None detected | Nonfibrous | 100% |
| L-79 | 21754 | Second floor restroom | Plaster | Over ceiling sheetrock | Chrysotile 1% | Cellulose Nonfibrous | 20% 79% |
| L-80 | 21755 | First floor janitors closet | Sheetrock | Wall | None detected | Cellulose Glass fibers Nonfibrous | 10% 2% 88% |
| L-81 | 21756 | First floor Suite 123, | Floor tile | 12" x 12", white/gray | None detected | Nonfibrous | 100% |
| L-83 | 21757 | First floor electrical room | Pipe insulation | 1" elbow, off white/fibrous | Chrysotile 15% | Cellulose Glass fibers Nonfibrous | 2% 25% 58% |
| L-84 | 21758 | First floor electrical room | Pipe insulation | 1" elbow, off white/fibrous | Chrysotile 15% | Cellulose Glass fibers Nonfibrous | 2% 23% 60% |
| L-85 | 21759 | First floor electrical room | Pipe insulation | 1/2" elbow, off white/fibrous | Chrysotile 8% | Cellulose Glass fibers Nonfibrous | 2% 30% 60% |

twin city testing
CORPORATION

PIS        S001436

TABLE 3
BULK ASBESTOS IDENTIFICATION
6750 BUILDING
DECEMBER 1, 1987

| Sample Number | Lab Number | Location | Material | Physical Description | Asbestos Content/ Percent by Volume | Balance of Material | |
|---|---|---|---|---|---|---|---|
| L-138 | 21923 | Hallway | 12" x 12", floor tile | White/brown | None detected | Nonfibrous | 100% |
| L-139 | 21924 | Hallway | 12" x 12", floor tile | Brown/white | None detected | Nonfibrous | 100% |
| L-140 | 21925 | Hallway | 12" x 12", ceiling tile | White/square pattern | None detected | Glass fibers Nonfibrous | 80% 20% |
| L-142 | 21926 | Bathroom | Wall sheetrock | White | None detected | Cellulose Nonfibrous | 8% 92% |
| L-143 | 21927 | Bathroom | Ceiling sheetrock | White | None detected | Cellulose Nonfibrous | 8% 92% |

\* - appears to be in the glue

\*\* - found in backing only

\*\*\* - possible contamination and not from the tile itself

TABLE 4
BULK ASBESTOS IDENTIFICATION
6800 BUILDING
DECEMBER 1, 1987

| Sample Number | Lab Number | Location | Material | Physical Description | Asbestos Content/Percent by Volume | | Balance of Material | |
|---|---|---|---|---|---|---|---|---|
| L-1 | 21595 | Basement, south side | Beam spray | Gray cementitious | Chrysotile | 8% | Nonfibrous | 92% |
| L-2 | 21597 | Basement, south side | Deck spray hanger | Gray fibrous | None detected | | Glass fibers Nonfibrous | 85% 15% |
| L-4 | 21598 | Basement, south side | Deck spray | Gray cementitious | None detectd | | Nonfibrous | 100% |
| L-5 | 21599 | Basement, south side | 2" pipe elbow insulation | Gray Powder | None detected | | Cellulose Glass fibers Nonfibrous | 5% 20% 75% |
| L-6 | 21603 | Basement, south side | 1" pipe elbow insulation | Gray fibrous | Chrysotile Amosite | 5% 15% | Cellulose Glass fibers Nonfibrous | 2% 40% 38% |
| L-7 | 21734 | Basement south side | 2" pipe elbow insulation | Gray fibrous | Chrysotile Amosite | 15% 15% | Cellulose Glass fibers Nonfibrous | 2% 38% 30% |
| L-8 | 21735 | Basement south side | 1" pipe elbow insulation | Gray fibrous | Chrysotile Amosite | 10% 15% | Cellulose Glass fibers Nonfibrous | 1% 44% 30% |

TABLE 4
BULK ASBESTOS IDENTIFICATION
6800 BUILDING
DECEMBER 1, 1987

| Sample Number | Lab Number | Location | Material | Physical Description | Asbestos Content/ Percent by Volume | | Balance of Material | |
|---|---|---|---|---|---|---|---|---|
| L-9 | 21604 | Basement, B5 | 4" pipe elbow insulation (R) | Gray fibrous | Amosite | 35% | Cellulose Glass fibers Nonfibrous | 2% 25% 38% |
| L-10 | 21736 | Basement, B5 | 4" pipe elbow insulation (L) | Gray fibrous | Chrysotile Amosite | 8% 15% | Cellulose Glass fibers Nonfibrous | 2% 45% 30% |
| L-11 | 21605 | Basement, west | 10" pipe elbow | Gray fibrous | None detected | | Glass fibers Nonfibrous | 60% 40% |
| L-12 | 21607 | Basement, B 15 | Sheetrock | White powder | None detected | | Cellulose Glass fibers Nonfibrous | 1% 4% 95% |
| L-16 | 21737 | Basement, north | 10" pipe elbow | Fibrous | None detected | | Glass fibers Nonfibrous | 35% 65% |
| L-19 | 21608 | Basement, operations | Ceiling panel 2' x 4' | Fissure | None detected | | Cellulose Glass fibers Nonfibrous | 40% 50% 10% |

PIS        800143.

## TABLE 4
## BULK ASBESTOS IDENTIFICATION
## 6800 BUILDING
## DECEMBER 1, 1987

| Sample Number | Lab Number | Location | Material | Physical Description | Asbestos Content/ Percent by Volume | Balance of Material |
|---|---|---|---|---|---|---|
| L-20 | 21609 | Basement, B7 | Boiler cap insulation | White fibrous | None detected | Glass fibers 94% / Nonfibrous 5% |
| L-21 | 21611 | Basement, B7 | Boiler gasket | White woven | Chrysotile 95% | Nonfibrous 5% |
| L-22 | 21612 | Basement, B7 | Boiler refractory brick | Yellow brick | None detected | Nonfibrous 100% |
| L-23 | 21615 | Basement, B7 | 6" pipe elbow insulation | Gray powder | None detected | Cellulose 5% / Glass fibers 45% / Nonfibrous 50% |
| L-24 | 21738 | Basement, B7 | 6" pipe elbow insulation | Gray powder | None detected | Cellulose 5% / Glass fibers 35% / Nonfibrous 60% |
| L-25 | 21616 | Basement, B7 | Condensate tank insulation | Fibrous | Chrysotile 10% / Amosite 35% | Cellulose 5% / Nonfibrous 50% |
| L-26 | 21618 | Basement, B7 | Heat exchanger 12" x 14" | Fibrous | Amosite 25% | Cellulose 5% / Nonfibrous 70% |
| L-27 | 21620 | Basement, B7 | Hot water tank insulation | Fibrous | Chrysotile 5% / Amosite 30% | Cellulose 5% / Nonfibrous 60% |

PIS    S00143

TABLE 4
BULK ASBESTOS IDENTIFICATION
6800 BUILDING
DECEMBER 1, 1987

| Sample Number | Lab Number | Location | Material | Physical Description | Asbestos Content/ Percent by Volume | Balance of Material | |
|---|---|---|---|---|---|---|---|
| L-28 | 21621 | Basement operations | Floor tile, 12" x 12" | White/yellow, speckled | None detected | Nonfibrous | 100% |
| L-30 | 21623 | Basement hallway | Sheetrock ceiling | White | None detected | Cellulose Glass fibers Nonfibrous | 5% 5% 90% |
| L-32 | 21739 | Level 1 | Deck spray | Cementitious | None detected | Cellulose Nonfibrous | 2% 98% |
| L-34 | 21624 | Level 1 | Sheetrock interior wall | White | None detected | Cellulose Glass fibers Nonfibrous | 5% 2% 93% |
| L-35 | 21625 | Level 1 | Blown insulation | White fibrous | None detected | Glass fibers Nonfibrous | 95% 5% |
| L-36 | 21627 | Level 1 | Deck spray | Dark cementitious | None detected | Nonfibrous | 100% |
| L-37 | 21740 | Level 1 | Deck spray | Dark cementitious | None detected | Nonfibrous | 100% |
| L-40 | 21628 | Level 2 room 243 | Sheetrock | White | None detected | Cellulose Glass fibers Nonfibrous | 5% 1% 94% |
| L-43 | 21629 | Level 3 I-beam | Fireproofing/ spray | cementitious | Chrysotile    15% | Nonfibrous | 85% |

TABLE 4
BULK ASBESTOS IDENTIFICATION
6800 BUILDING
DECEMBER 1, 1987

| Sample Number | Lab Number | Location | Material | Physical Description | Asbestos Content/ Percent by Volume | Balance of Material | |
|---|---|---|---|---|---|---|---|
| L-47 | 21741 | Level 4 | Deck spray | Cementitious | None detected | Cellulose Glass fibers Nonfibrous | <1% <1% 98% |
| L-54 | 21742 | Level 5 | Deck spray | Cementitious | None detected | Cellulose Glass fibers Nonfibrous | 1% 1% 98% |
| L-57 | 21630 | Level 6 | Deck spray | Cementitious | None detected | Nonfibrous | 100% |
| L-60 | 21632 | Penthouse | 1" pipe elbow insulation | Gray powder | Chrysotile 2% | Glass fibers Nonfibrous | 38% 60% |
| L-61 | 21743 | Penthouse | 1" pipe elbow insulation | Gray powder | Chrysotile 3% | Glass fibers Nonfibrous | 40% 57% |
| L-66 | 21633 | Stairwell to penthouse | Sheetrock | White | None detected | Nonfibrous | 100% |
| L-156 | 22109 | 7th floor mens room | 1" pipe elbow | Gray powder | Amosite 2% | Cellulose Glass fibers Nonfibrous | 3% 40% 55% |
| L-157 | 22110 | 7th floor corridor | 4" pipe elbow | Gray powder | Amosite Chrysotile 2% 3% | Cellulose Glass fibers Nonfibrous | 3% 42% 50% |

PIS    800143

TABLE 4
BULK ASBESTOS IDENTIFICATION
6800 BUILDING
DECEMBER 1, 1987

| Sample Number | Lab Number | Location | Material | Physical Description | Asbestos Content/ Percent by Volume | Balance of Material | |
|---|---|---|---|---|---|---|---|
| L-158 | 22111 | Boiler room | Cap insulation (new) | Cottony | None detected | Glass fibers Nonfibrous | 98% 2% |
| L-159 | 22112 | Boiler room | Old gasket remains | Yellow rusty | None detected | Glass fibers Nonfibrous | 15% 85% |
| L-160 | 22113 | Boiler room | Debris on condensed tank | Gray fibrous | Amosite 40% | Nonfibrous | 60% |
| L-161 | 22114 | Boiler room | 4" pipe elbow | Gray powder over fiberglass | Amosite 2% | Cellulose Glass fibers Nonfibrous | 3% 40% 55% |
| L-162 | 22115 | Boiler room | 2" pipe elbow | Gray powder mixed | Amosite 18% | Cellulose Glass fibers Nonfibrous | 5% 37% 40% |
| L-163 | 22116 | Boiler room | 2" pipe elbow | off white first layer | Amosite 40% | Nonfibrous Cellulose | 55% 5% |
| L-164 | 22117 | Boiler room | 2" pipe elbow | Gray second layer | None detected | Glass fibers Nonfibrous | 45% 55% |
| L-165 | 22118 | Boiler room | Condensate tank | off white | Amosite 20% Chrysotile 35% | Nonfibrous | 45% |

800143

TABLE 4
BULK ASBESTOS IDENTIFICATION
6800 BUILDING
DECEMBER 1, 1987

| Sample Number | Lab Number | Location | Material | Physical Description | Asbestos Content/ Percent by Volume | | Balance of Material |
|---|---|---|---|---|---|---|---|
| L-202 | 22468 | Level 7 room 727 | Beam spray | Gray fibrous (outer layer) | Chrysotile | 15% | Nonfibrous 85% |
| L-203 | 22482 | Level 7 room 727 | Beam spray | Gray fibrous (inner layer) | Chrysotile | 15% | Nonfibrous 85% |
| L-205 | 22483 | Level 6 room 675 | Column spray | Gray fibrous (inner layer) | None detected | | Nonfibrous 100% |
| L-206 | 22484 | Level 5 room 539 | Beam spray | Gray fibrous (cross section) | Chrysotile | 20% | Nonfibrous 80% |
| L-207 | 22485 | Level 5 room corridor | Joist spray | Gray fibrous (joist spray) | Chrysotile | 10% | Nonfibrous 90% |
| L-208 | 22486 | Level 5 Room 560 | Ceiling spray | White fibrous | Chrysotile | 5% | Nonfibrous 95% |
| L-211 | 22487 | Level 4 room 410 | Beam spray | Gray fibrous (side) | Chrysotile | 15% | Nonfibrous 85% |
| L-213 | 22488 | Level 4 room 455 | Beam spray | Gray fibrous (inner layer) | Chrysotile | 15% | Nonfibrous 65% |
| L-214 | 22489 | Level 3 room 300 | Beam spray | Gray fibrous (bottom) | Chrysotile | 10% | Nonfibrous 90% |

TABLE 4
BULK ASBESTOS IDENTIFICATION
6800 BUILDING
DECEMBER 1, 1987

| Sample Number | Lab Number | Location | Material | Physical Description | Asbestos Content/ Percent by Volume | | Balance of Material | |
|---|---|---|---|---|---|---|---|---|
| L-216 | 22490 | Level 3 room corridor | Beam spray | Gray fibrous (side) | Chrysotile | 10% | Nonfibrous | 90% |
| L-218 | 22491 | Level 2 room corridor | Beam spray | Gray fibrous (side) | Chrysotile | 15% | Nonfibrous | 85% |
| L-219 | 22492 | Level 1 room corridor | Beam spray | Gray fibrous (side) | Chrysotile | 15% | Nonfibrous | 85% |
| L-220 | 22493 | Level 1 room 178 | Beam spray | Gray fibrous (side) | Chrysotile | 10% | Nonfibrous | 90% |
| L-221 | 22494 | level basement room garage | Beam spray | Gray fibrous (side) (inner layer) | Chrysotile | 10% | Nonfibrous | 90% |
| L-201 | 22500 | Room 727 | Column spray cross section | Gray cementitious | None detected | | Nonfibrous | 100% |
| L-204 | 22501 | Room 675 | Column spray first layer | Gray cementitious | None detected | | Nonfibrous | 100% |
| L-209 | 22502 | Room 560 | Ceiling plaster | White | None detected | | Cellulose Glass fibers Nonfibrous | 5% 2% 93% |

TABLE 4
BULK ASBESTOS IDENTIFICATION
6800 BUILDING
DECEMBER 1, 1987

| Sample Number | Lab Number | Location | Material | Physical Description | Asbestos Content/ Percent by Volume | Balance of Material | |
|---|---|---|---|---|---|---|---|
| L-210 | 22503 | Room 410 | Beam spray bottom | Gray cementitious | None detected | Nonfibrous | 100% |
| L-212 | 22504 | Room 455 | Beam spray first layer | Gray cementitious | Chrysotile | 10% | Nonfibrous | 90% |
| L-215 | 22505 | 3rd floor janitors closet | Beam spray | Gray cementitious | Chrysotile | 15% | Nonfibrous | 85% |
| L-217 | 22506 | Room 243 | Beam spray | Gray cementitious | Chrysotile | 15% | Nonfibrous | 85% |
| L-222 | 22507 | Northeast basement | Beam spray first layer | Gray cementitious | Chrysotile | 15% | Nonfibrous | 85% |



1ST FLOOR WEST

SOUTHDALE OFFICE CENTRE



2ND FLOOR
WEST

SOUTHCALE
OFFICE CENTRE
BUILDING NO. 6



3RD FLOOR
WEST TOWER

SOUTHDALE
OFFICE CENTRE

PIS        S001443



**4TH FLOOR
WEST TOWER**

SOUTHLAKE
OFFICE CENTRE

PIS    800144



**5TH FLOOR
WEST TOWER**

SOUTHGATE
OFFICE CENTRE

PIS   S00144.



6TH FLOOR
WEST TOWER.

SOUTHGATE
OFFICE CENTRE

PIS    S00144



1ST FLOOR
EAST

SOUTHDALE
OFFICE CENTRE



2ND FLOOR EAST

SOUTHDALE
OFFICE CENTRE



3RD FLOOR
EAST

SOUTHDALE
OFFICE CENTRE
BUILDING NO. 6



**4TH FLOOR EAST TOWER**

SOUTHDALE OFFICE CENTRE

PIS    8001451



**5TH FLOOR EAST TOWER**

SOUTHDALE
OFFICE CENTRE



**8TH FLOOR
EAST TOWER**

SOUTHDALE
OFFICE CENTRE



**FIRST FLOOR PLAN**

SOUTHDALE OFFICE CENTRE
6700 FRANCE AVENUE SOUTH
EDINA, MINNESOTA  55435

PIS        8001453