1100 MILAM
HOUSTON, TX 77001

# W.R. GRACE & CO.
# ASBESTOS PROPERTY DAMAGE
# PROOF OF CLAIM FORM

*The United States Bankruptcy Court for the District of Delaware*
*In re: W.R. Grace & Co., et al., Debtors, Case No. 01-01139 (JKF)*
*(Jointly Administered)*

## SUBMIT COMPLETED CLAIMS TO:

**Claims Processing Agent**
**Re: W.R. Grace & Co. Bankruptcy**
**PO Box 1620**
**Faribault, MN 55021-1620**

For a complete list of the Debtors in this case, please see "The Debtors" section of the General Instructions for Completing Proof of Claim Forms. The Debtors in this case are collectively referred to in this document as "Grace".

If you have a current claim against Grace for property damage allegedly resulting from asbestos from a Grace product *(other than Zonolite Attic Insulation)*, THIS ASBESTOS PROPERTY DAMAGE PROOF OF CLAIM FORM MUST BE RECEIVED ON OR BEFORE 4:00 P.M. EASTERN TIME ON MARCH 31, 2003, or you will be forever barred from asserting or receiving payment for your claim.

## INSTRUCTIONS FOR FILING THE W.R. GRACE & CO. ASBESTOS PROPERTY DAMAGE PROOF OF CLAIM FORM

## WHO SHOULD USE THIS ASBESTOS PROPERTY DAMAGE PROOF OF CLAIM FORM

1. This Asbestos Damage Proof of Claim Form (referred to in this document as the "Form") applies only to current claims made against Grace by or on behalf of parties who are alleging property damage with respect to asbestos in real property owned by the party (such person is referred to in this document as the "claiming party") from a Grace asbestos-containing product or as a result of one of Grace's vermiculite mining, milling, or processing facilities.

2. The Bar Date does not apply to Asbestos Personal Injury Claims, Settled Asbestos Claims or Zonolite Attic Insulation Claims. Those claims will be subject to a separate claim submission process and should not be filed at this time.

3. This form should not be used for Medical Monitoring Claims or Non-Asbestos Claims. Instead, separate specialized proof of claim forms for these claims should be completed.

4. If you are alleging current claims against Grace with respect to asbestos in more than one (1) real property, the claiming party should complete an Asbestos Property Damage Proof of Claim Form for each property. You may request additional forms by calling the Claims Processing Agent at 1-800-432-1909.

## GENERAL INSTRUCTIONS

1. This form must be signed by the claimant or authorized agent of the claimant. THIS FORM MUST BE RECEIVED ON OR BEFORE 4:00 PM EASTERN TIME ON MARCH 31, 2003, or you forever will be precluded from asserting your claim(s) against or receiving payment from Grace. Return your completed form to the Claims Processing Agent, Re: W.R. Grace & Co. Bankruptcy, P.O. Box 1620, Faribault, MN 55021-1620.
   If you are returning this form by mail, allow sufficient time so that this form is received on or before March 31, 2003. Forms that are postmarked before March 31, 2003 but received after March 31, 2003 will not be accepted. Only original forms will be accepted for filing. Forms transmitted by facsimile will not be accepted for filing.

2. If you cannot fit all information in any particular section or page, please make a copy of that page before filling it out and attach as many additional pages as needed.

3. If you are unable to provide any of the information required by the proof of claim form, please so specify, as well as provide a short statement describing why such information is unavailable. If you are in the process of obtaining such information at the time you file your proof of claim, please so advise and indicate that the same shall be provided when obtained.

4. This form must be filled out completely using BLACK or BLUE ink or may be typewritten.
   • Please print clearly using capital letters only.     • Do not use a felt tip pen.
   • Skip a box between words.     • Do not bend or fold the pages of the form.
   • Do not write outside of the boxes or blocks.

5. Because this form will be read by a machine, please print characters using the examples below. For optimum accuracy, please print in capital letters and avoid contact with the edge of the character boxes.

6. Mark check boxes with an "X" (example at right).   ☒     NAME HERE

7. Be accurate and truthful. A Proof of Claim Form is an official court document that may be used as evidence in any legal proceeding regarding your claim. The penalty for presenting a fraudulent claim is a fine of up to $500,000 or imprisonment for up to five years or both. 18 U.S.C. §§ 152 & 3571.

8. Make a copy of your completed Form to keep for your records. Send only original Forms to the Claims Processing Agent at the following address: Claims Processing Agent, Re: W.R. Grace & Co. Bankruptcy
   PO Box 1620
   Faribault, MN 55021-1620.

9. You will receive written notification of the proof of claim number assigned to this claim once it has been processed.

## PART 1: CLAIMING PARTY INFORMATION

**NAME:**

| T | H | E | | P | R | U | D | E | N | T | I | A | L | | I | N | S | U | R | A | N | C | E | | C | O | M | P | A | N | Y | | O | F | | A | M | E | R | I | C | A | | |

*Name of individual claimant (first, middle and last name) or business claimant*

**SOCIAL SECURITY NUMBER (Individual Claimants):**     **F.E.I.N. (Business Claimants)**

| | | | |     | 2 | 2 | – | 1 | 2 | 1 | 1 | 6 | 7 | 0 | |

*(last four digits of SSN)*

Other names by which claiming party has been known (such as maiden name or married name):

| | | | | | | | | | | | | | | | | | | | | | | |
*First*                                                                  *MI*  *Last*

| | | | | | | | | | | | | | | | | | | | | | | |
*First*                                                                  *MI*  *Last*

**GENDER:** ☐ MALE    ☐ FEMALE    N/A                    ■

**Mailing Address:**

| 7 | 5 | 1 | | B | R | O | A | D | | S | T | R | E | E | T | , | | 2 | 1 | S | T | | F | L | O | O | R | | | | | |
*Street Address*

| N | E | W | A | R | K | | | | | | | | | | | | | | | | | N | J | | 0 | 7 | 1 | 0 | 2 |
*City*                                                         *State (Province)*   *Zip Code (Postal Code)*

| U | S | A | | | | | | | | | | | | | | | | | | |
*Country*

## PART 2: ATTORNEY INFORMATION

**The claiming party's attorney, if any (You do not need an attorney to file this form):**

**Law Firm Name:**

| R | I | K | E | R | | D | A | N | Z | I | G | | S | C | H | E | R | E | R | | H | Y | L | A | N | D | | & | | P | E | R | R | E | T | T | I | | L | L | P | | |

**Name of Attorney:**

| R | O | B | E | R | T | | | | | | | | J | | G | I | L | S | O | N | | | | | | | | | |
*First*                                               *MI*  *Last*

**Mailing Address:**

| H | E | A | D | Q | U | A | R | T | E | R | S | | P | L | A | Z | A | , | | O | N | E | | S | P | E | E | D | W | E | L | L | | A | V | E | N | U | E | |
*Street Address*

| M | O | R | R | I | S | T | O | W | N | | | | | | | | | | | | | N | J | | 0 | 7 | 9 | 6 | 2 |
*City*                                                         *State (Province)*   *Zip Code (Postal Code)*

**Telephone:**

| ( | 9 | 7 | 3 | ) | 4 | 5 | 1 | – | 8 | 4 | 3 | 5 | ■
*Area Code*

## PART 3: PROPERTY INFORMATION

### A. Real Property For Which A Claim Is Being Asserted

1. What is the address of the real property for which a claim is being asserted (referred to herein as "the property")?

| 1 | 1 | 0 | 0 |   | M | I | L | A | M |   |   |   |   |   |   |   |   |   |   |   |   |   |   |   |   |   |   |   |   |   |   |
*Street Address*

| H | O | U | S | T | O | N |   |   |   |   |   |   |   |   |   |   |   |   |   |   |   |   |   |   |
*City*      State (Province): **T X**    Zip Code (Postal Code): **7 7 0 0 1**

| U | N | I | T | E | D |   | S | T | A | T | E | S |   | O | F |   | A | M | E | R | I | C | A |   |   |   |   |
*Country*

2. Are you completing an Asbestos Property Damage Proof of Claim Form for any other real property other than the one listed at "1" above?

   ☒ Yes    ☐ No

3. Do you currently own the property listed in Question 1, above?

   ☐ Yes    ☒ No

4. When did you purchase the property?  ☐☐ - ☐☐ - ☐☐☐☐  SEE ADDENDUM
   *Month  Day  Year*

5. What is the property used for (check all that apply)
   - ☐ Owner occupied residence
   - ☐ Residential rental
   - ☒ Commercial
   - ☐ Industrial    Specify: _____
   - ☐ Other    Specify: _____

6. How many floors does the property have?  | 0 | 5 | 2 |

7. What is the approximate square footage of the property?  | 0 | 0 | 1 | 1 | 1 | 6 | 6 | 3 | 0 |

8. When was the property built?
   - ☐ Before 1969
   - ☒ 1969 - 1973
   - ☐ After 1973

9. What is the structural support of the property?
   - ☐ Wood frame
   - ☐ Structural concrete
   - ☐ Brick
   - ☒ Steel beam/girder
   - ☐ Other    Specify: _____

10. Have you or has someone on your behalf completed any interior renovations on the property which affected any asbestos on the property?

    ☒ Yes    ☐ No

9276102                                    1018574

**A. Real Property For Which A Claim Is Being Asserted (continued)**

If yes, please specify the dates and description of such renovations.

| Year | Description | SEE ADDENDUM |
|---|---|---|
| Year | Description | |
| Year | Description | |

11. To the best of your knowledge, have any other interior renovations been completed on the property during any other period of time which affected any asbestos on the property?

☒ Yes    ☐ No

If yes, please specify the dates and descriptions of such renovations.

| Year | Description | SEE ADDENDUM |
|---|---|---|
| Year | Description | |
| Year | Description | |

**B. Claim Category**

12. For which category are you making a claim on the property?
    ☒ Category 1:  Allegation with respect to asbestos from a Grace product in the property
    ☐ Category 2:  Allegation with respect to one of Grace's vermiculite mining, milling or processing operations

- If you checked Category 1 in question 12, complete section C.
- If you checked Category 2 in question 12, complete section D.

**C. Category I Claim: Allegation With Respect To Asbestos From A Grace Product In The Property**

13. For what alleged asbestos-containing product(s) are you making a claim?
    ☒ Monokote-3 fireproofing insulation
    ☐ Other    Specify:
    (For a list of the brand names under which Grace manufactured products that may have contained commercially added asbestos, see Exhibit 2 to the Claims Bar Date Notice provided with this Proof of Claim Form.)

14. When did you or someone on your behalf install the asbestos containing product(s) in the property?
    | 1 9 7 1 | ☐ I did not install the product(s) |
    Year

15. If you or someone on your behalf did not install the asbestos containing product(s), to the best of your knowledge, when was/were the product(s) installed?
    | | ☐ Don't know.    N/A |
    Year

9276103

1018574

16. Do you have documentation relating to the purchase and/or installation of the product in the property?

[X] Yes      [ ] No

If Yes, attach all such documents. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

17. If you do not have any such documents, explain why not and indicate who may have possession or control of such documents with respect to the property.

> SEE ADDENDUM

18. When did you first know of the presence of asbestos in the property of the Grace product for which you are making this claim?

```
1 9 8 5
```
Year

Please attach all documents relating or referring to the presence of asbestos in the property for which you are making this claim. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

19. How did you first learn of the presence of asbestos in the property of the Grace product for which you are making this claim?

> SEE ADDENDUM

20. When did you first learn that the Grace product for which you are making this claim contained asbestos?

```
1 9 8 5
```
Year

21. How did you first learn that the Grace product for which you are making the claim contained asbestos?

> SEE ADDENDUM

22. Have you or someone on your behalf made an effort to remove, contain and/or abate the Grace product for which you are making this claim?

[X] Yes      [ ] No

If Yes, attach all documents relating or referring to such efforts. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

23. If you do not have any such documents, explain why not and indicate who may have possession and control of such documents with respect to the property.

> SEE ADDENDUM

24. If you or someone on your behalf did not make an effort to remove, contain and/or abate the Grace product(s) for which you are making a claim, to the best of your knowledge, did anyone else make such an effort?

[X] Yes      [ ] No

9276104                                      1018574

23927G-2-3/3

25. If you responded Yes to question 22. or 24. and you have not supplied documents, please specify the dates and descriptions of any such efforts.

| | Description | SEE ADDENDUM |
| --- | --- | --- |

*Year*

| | Description | |
| --- | --- | --- |

*Year*

| | Description | |
| --- | --- | --- |

*Year*

26. Have you or anyone on your behalf ever conducted any testing or sampling for the presence of asbestos or other particulates in the property?

X ☒ Yes    ☐ No    If Yes, Attach All Documents Related To Any Testing Of The Property.

27. If you responded Yes to question 26., but you have not provided documents, indicate who may have possession or control of such testing documents or where such documents may be located.

SEE ADDENDUM

28. If you or someone on your behalf did not conduct any testing or sampling for the presence of asbestos or other particulates on the property, to the best of your knowledge, did anyone else conduct such testing or sampling with respect to the property?

☐ Yes    ☐ No    SEE ADDENDUM

29. If you responded Yes to question 26. or 28. and you have not supplied related documents, please describe when and by whom and the type of testing and/or sampling (e.g. air, bulk and dust sampling).

| | Company/Individual | SEE ADDENDUM |
| --- | --- | --- |
| *Year* | Type of testing: | |

| | Company/Individual | |
| --- | --- | --- |
| *Year* | Type of testing: | |

| | Company/Individual | |
| --- | --- | --- |
| *Year* | Type of testing: | |

30. Has the Grace product or products for which you are making this claim ever been modified and/or disturbed?

X ☒ Yes    ☐ No

31. If yes, specify when and in what manner the Grace product or products was modified and/or disturbed?

| | Description | SEE ADDENDUM |
| --- | --- | --- |

*Year*

| | Description | |
| --- | --- | --- |

*Year*

| | Description | |
| --- | --- | --- |

*Year*

**D.   Category 2 Claim:  Allegation With Respect To One of Grace's Vermiculite Mining, Milling Or Processing Operations**

32.  What is the business address or location of the Grace operation which has led to your claim?

*Business Name*

*Street Address*

*City*                                                                                                    *State*           *Zip Code*
                                                                                                          *(Province)*   *(Postal Code)*

*Country*

33.  If your claim relates to a personal residence, does (or did) anyone living in the household work for Grace?

☐ Yes        ☐ No

34.  If yes, specify the following for each such individual:

| Name of Individual Working at Grace Operation | Name of Individual Working at Grace Operation |
|---|---|
| **Date of Birth** | **Date of Birth** |
| Month   Day   Year | Month   Day   Year |
| **Occupation(s) of Individual** | **Occupation(s) of Individual** |
| **Dates Worked at Operation** | **Dates Worked at Operation** |
| From: ____ To: ____   Year       Year | From: ____ To: ____   Year       Year |
| **Name of Individual Working at Grace Operation** | **Name of Individual Working at Grace Operation** |
| **Date of Birth** | **Date of Birth** |
| Month   Day   Year | Month   Day   Year |
| **Occupation(s) of Individual** | **Occupation(s) of Individual** |
| **Dates Worked at Operation** | **Dates Worked at Operation** |
| From: ____ To: ____   Year       Year | From: ____ To: ____   Year       Year |

35.  When did you first know of the presence of asbestos on your property?

*Year*

36. How did you first learn of the presence of asbestos on your property?

Attach all documents relating or referring to the presence of asbestos on the property. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession or control of the document.

If you provide a summary of the documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

37. If you do not have any documents relating or referring to the presence of asbestos on the property, explain why not and indicate who may have possession or control of any such documents with respect to the property.

38. Have you or anyone on your behalf made an effort to remove, contain and/or abate the asbestos on your property?

　　☐ Yes　　　☐ No

If Yes, attach all documents relating or referring to such efforts. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession or control of the document.

If you provide a summary of the documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

39. If you do not have any documents relating or referring to the removal, containment and/or abatement of the asbestos on your property, explain why not and indicate who may have possession and control of such documents with respect to the property.

40. If you or someone on your behalf did not make an effort to remove, contain and/or abate the asbestos on your property, to the best of your knowledge, did anyone else make such an effort?

　　☐ Yes　　　☐ No

9276107

1018574

41. If you responded Yes to question 38. or question 40. and you have not supplied related documents, please specify the dates and descriptions of any such efforts.

| | | | | | Description | |
|---|---|---|---|---|---|---|

Year

Description

Year

Description

Year

42. Have you or anyone on your behalf conducted any other testing or sampling for the presence of asbestos on your property?

☐ Yes        ☐ No

If Yes, attach all documents relating or referring to such efforts. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession or control of the document.

If you provide a summary of the documents rather than the documents themselves, you are required *to consent to the production and release of those documents to Grace upon Grace's further request.*

43. If you do not have any documents relating or referring to any other such testing or sampling for the presence of asbestos on your property, explain why not and indicate who may have possession or control of such documents with respect to the property.

44. If you or someone on your behalf did not conduct any other testing or sampling for the presence of asbestos on your property, to the best of your knowledge, did anyone else conduct such testing or sampling?

☐ Yes        ☐ No

45. If you responded Yes to question 42. or question 44. and you have not supplied related documents, please specify the dates and descriptions of any such efforts.

Description

Year

Description

Year

Description

Year

46. Were you aware of the presence of asbestos on your property when you purchased your property?

☐ Yes        ☐ No

47. If you have sold the property, were you aware of the presence of asbestos on your property when you sold your property?

☐ Yes        ☐ No        ☐ Not Applicable, have not sold the property

**9276108**

**1018574**

## PART 4: ASBESTOS LITIGATION AND CLAIMS

### A. INTRODUCTION

1. Has any asbestos-related property damage lawsuit or claim been filed against Grace on behalf of this claiming party relating to the property for which you are making this claim?

   ☐ No

   ☐ Yes – lawsuit

   ☒ Yes – non-lawsuit claim (other than a workers' compensation claim)

2. Has any asbestos-related property damage lawsuit or claim been filed against any other party on behalf of this claiming party relating to the property for which you are making this claim?

   ☒ No          **SEE ADDENDUM**

   ☐ Yes – lawsuit

   ☐ Yes – non-lawsuit claim (other than a workers' compensation claim)

   *If an asbestos-related property damage lawsuit has been filed by or on behalf of this claiming party relating to the property for which you are making a claim, complete Section B. below.*

   *If an asbestos-related property damage non-lawsuit claim has been made by or on behalf of this claiming party relating to the property for which you are making a claim, complete Section C. on the following page.*

### B. LAWSUITS

1. Please provide the following information about each asbestos-related property damage lawsuit which has been filed relating to the property for which you are making this claim or attach a copy of the face page of each complaint filed.

   a. Caption   **SEE ADDENDUM**

   b. Court where suit **originally filed:** _____   Docket No.: _____
   *County/State*

   c. Date filed: __ – __ – ____
   *Month   Day   Year*

   a. Caption   _____

   b. Court where suit **originally filed:** _____   Docket No.: _____
   *County/State*

   c. Date filed: __ – __ – ____
   *Month   Day   Year*

   a. Caption   _____

   b. Court where suit **originally filed:** _____   Docket No.: _____
   *County/State*

   c. Date filed: __ – __ – ____
   *Month   Day   Year*

   (Attach additional pages if necessary.)

9276109

1018574

## C. NON-LAWSUIT CLAIMS

1. If the claiming party has made any claims relating to the property for which you are making a claim (including administrative claims) against anyone, that was not filed with a court of law, please provide the following information for each claim:

   a. Description of claim:

   b. Date submitted: [ ][ ] - [ ][ ] - [ ][ ][ ][ ]  ■
      *Month   Day      Year*

   c. Name of entity to whom claim was submitted:
      ☐ Grace
      ☐ Other
         *Name of Entity*

---

   a. Description of claim:

   b. Date submitted: [ ][ ] - [ ][ ] - [ ][ ][ ][ ]       ■
      *Month   Day      Year*

   c. Name of entity to whom claim was submitted:
      ☐ Grace
      ☐ Other
         *Name of Entity*

---

   a. Description of claim:

   b. Date submitted: [ ][ ] - [ ][ ] - [ ][ ][ ][ ]
      *Month   Day      Year*

   c. Name of entity to whom claim was submitted:
      ☐ Grace
      ☐ Other
         *Name of Entity*

## PART 5: SIGNATURE PAGE

All claims must be signed by the claiming party.

I have reviewed the information submitted on this proof of claim form and all documents submitted in support of my claim. I declare, under penalty of perjury,* that the above statements are true, correct, and not misleading.

CONSENT TO RELEASE OF RECORDS AND INFORMATION: To the extent that I have produced a summary rather than the documents themselves as requested above or indicated who has possession and control of certain documents, I hereby authorize and request that all other parties with custody of any documents or information concerning my property damage or the information contained in this Form, upon the reasonable request of Grace or Grace's representative, with a copy to the claiming party, disclose any and all records to Grace or to Grace's representative.

_Kampany Zuming , VP - Corporate Counsel_          |0|8| - |2|4| - |2|0|0|3|
SIGNATURE OF CLAIMANT                               *Month   Day      Year*

*The penalty for presenting a fraudulent claim is a fine up to $500,000.00 or imprisonment up to 5 years, or both.
  18 U.S.C. §§ 152 & 3571.

9276110

1018574

Copyright © 2002 NCS Pearson, Inc. All rights reserved.

RIKER, DANZIG, SCHERER, HYLAND & PERRETTI LLP,
Headquarters Plaza
One Speedwell Avenue
Morristown, New Jersey 07962-1981
(973) 538-0800
Robert J. Gilson (RG 6618)

Attorneys for The Prudential Insurance Company of America

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **In re:**<br><br>**W.R. GRACE & CO., et al.,**<br><br>**Debtors.** | Chapter 11<br><br>Case No. 01-01139 (JKF)<br>(Jointly Administered) |

## ADDENDUM TO PROOF OF CLAIM OF PRUDENTIAL INSURANCE
## COMPANY OF AMERICA FOR:

### 1100 MILAM
### HOUSTON, TEXAS 77001

### VOLUME I OF II

RIKER, DANZIG, SCHERER, HYLAND & PERRETTI LLP,
Headquarters Plaza
One Speedwell Avenue
Morristown, New Jersey 07962-1981
(973) 538-0800
Robert J. Gilson (RG 6618)

Attorneys for The Prudential Insurance Company of America

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **In re:** | Chapter 11 |
| **W.R. GRACE & CO., et al.,** | Case No. 01-01139 (JKF)<br>(Jointly Administered) |
| **Debtors.** | **ADDENDUM TO PROOF OF CLAIM**<br>**OF PRUDENTIAL INSURANCE**<br>**COMPANY OF AMERICA FOR:**<br>**1100 MILAM (HOUSTON, TEXAS)** |

## A. CREDITOR INFORMATION

1.    The Prudential Insurance Company of America for itself and various of its subsidiaries and affiliates (collectively "Prudential"), submits this addendum to its proof of claim with respect to its Asbestos Property Damage Claims against the Debtors, pursuant to their voluntary petition for reorganization under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

2.    This addendum relates to the following property:

    1100 Milam
    Houston, Texas 77001

Prudential is concurrently filing proofs of claims for Asbestos Property Damage for seven other properties.

3.    Notices to Prudential should be addressed as follows:

Robert J. Gilson, Esq.
Riker, Danzig, Scherer, Hyland & Perretti LLP
Headquarters Plaza
One Speedwell Avenue
Morristown, New Jersey 07962-1981

and

W.H. Ramsay Lewis, Esq.
The Prudential Insurance Company of America
751 Broad Street, 21st Floor
Newark, New Jersey 07102

## B. SUPPLEMENTAL RESPONSES

1.    The following answers supplement those given on the W.R. Grace & Co. Asbestos Property Damage Proof of Claim Form ("Proof of Claim Form"):

### PART 3:  PROPERTY INFORMATION

**Response to Question No. 4**

Prudential and Ten-Ten Travis Corp. (subsequently Tenneco Realty) formed a joint venture in 1970 entitled "Block 258 Venture."  As part of the venture, Ten-Ten Travis developed and built 1100 Milam, and Prudential lent money to finance the construction.   In 1991 Prudential purchased Tenneco's interest in the property. Prudential therefore held an interest in the property from the time of its construction, and assumed full ownership of 1100 Milam in 1991.

**Response to Question No. 10**

Interior renovations which may have affected asbestos on the property include, but are not limited to, the installation of a life safety system and a spot abatement in the penthouse, both occurring in 1992.

In addition, this building was the subject of a previous litigation entitled The Prudential Insurance Company of America, et al. v. United States Gypsum Company, et al., as set forth in Part 4 of the Proof of Claim Form. Extensive discovery was conducted in this case. Prudential produced documents relating to its efforts to abate asbestos and all other renovations on the property to W.R. Grace and its counsel, Anthony J. Marchetta, Esq. of the Morristown, New Jersey law firm of Pitney, Hardin, Kipp and Szuch LLP. Therefore, W.R. Grace, or its counsel, is already in possession of documents which may be further responsive to this request. In the event that W.R. Grace is unable to obtain such responsive documentation previously produced to its counsel, to the extent the documents are in Prudential's possession, they will be made available upon reasonable request.

See also Responses to Question Nos. 22, 25, and 31.

**Response to Question No. 11**

See Responses to Question Nos. 31, 22, 25 and 10.

*Response to Question No. 16*

Documents relating to the purchase and/or installation of the product in the property include, but are not limited to, the documents attached hereto as Exhibit A.

3

In addition, this building was the subject of a previous litigation entitled The Prudential Insurance Company of America, et al. v. United States Gypsum Company, et al., as set forth in Part 4 of the Proof of Claim Form, in which extensive discovery was conducted. Prudential produced documents relating to the purchase and/or installation of the product in the property to W.R. Grace and its counsel, Anthony J. Marchetta, Esq. of the Morristown, New Jersey law firm of Pitney, Hardin, Kipp and Szuch LLP. Therefore, W.R. Grace, or its counsel, is already in possession of any other documents which may be further responsive to this request. In the event that W.R. Grace is unable to obtain such responsive documentation previously produced to its counsel, to the extent the documents are in Prudential's possession, they will be made available upon reasonable request.

**Response to Question No. 17**

See Response to Question No. 16.

**Responses to Question Nos. 18, 19, 20 and 21**

Prudential first became aware of the presence in the property of asbestos-containing fireproofing in October 1985, when it received the results of a bulk sample analysis prepared by BCM Converse, Inc. Prudential first learned that the asbestos-containing fireproofing in the property was a Grace product in 1990, when it received the results of constituent analysis performed by Materials Analytical Services, and when it conducted an independent investigation to identify the manufacturer of the asbestos-containing fireproofing found in the property.

Documents responsive to Question Nos. 18, 19, 20 and 21 include, but are not limited to, the documents attached hereto as Exhibit B.

**Response to Question Nos. 22 and 23**

The documents relating to Prudential's abatement efforts are too voluminous to provide with this Proof of Claim. Instead, Prudential is attaching as Exhibit C the report of Halliwell Engineering Associates ("Halliwell Report"), which summarizes Prudential's abatement efforts and sets forth its claim for damages, as well as a summary of the documents which form the basis of the Halliwell Report.

In addition, this building was the subject of a previous litigation entitled The Prudential Insurance Company of America, et al. v. United States Gypsum Company, et al., as set forth in Part 4 of the Proof of Claim Form, in which extensive discovery was conducted. Prudential produced documents relating to its efforts to abate asbestos on the property to W.R. Grace and its counsel, Anthony J. Marchetta, Esq. of the Morristown, New Jersey law firm of Pitney, Hardin, Kipp and Szuch LLP. Therefore, W.R. Grace, or its counsel, is already in possession of any other documents which may be further responsive to this request. In the event that W.R. Grace is unable to obtain such responsive documentation previously produced to its counsel, to the extent the documents are in Prudential's possession, they will be made available upon reasonable request.

See also Responses to Question Nos. 10, 25 and 31.

**Response to Question No. 25**

   The tables attached as Exhibit D summarize the removal of asbestos containing materials that was performed when Prudential owned the property. The tables, though focused on costs, contain the dates and descriptions of the abatement work performed.

   In addition, this building was the subject of a previous litigation entitled The Prudential Insurance Company of America, et al. v. United States Gypsum Company, et al., as set forth in Part 4 of the Proof of Claim Form, in which extensive discovery was conducted. Prudential produced documents relating to its efforts to abate asbestos-containing material on the property to W.R. Grace and its counsel, Anthony J. Marchetta, Esq. of the Morristown, New Jersey law firm of Pitney, Hardin, Kipp and Szuch LLP. Therefore, W.R. Grace, or its counsel, is already in possession of any other documents which may be further responsive to this request. In the event that W.R. Grace is unable to obtain such responsive documentation previously produced to its counsel, to the extent the documents are in Prudential's possession, they will be made available upon reasonable request.

**Response to Question Nos. 26, 27, 28 and 29**

   Documents relating to the testing of materials on the property include, but are not limited to, the constituent analysis performed by Materials Analytical Services, a report on representative sampling of the asbestos-containing fireproofing, a dust sampling report, and a report of William M. Ewing relating to asbestos testing. These documents, along with other testing documents responsive to Question No. 26, are attached hereto as Exhibit E.

In addition, this building was the subject of a previous litigation entitled The Prudential Insurance Company of America, et al. v. United States Gypsum Company, et al., as set forth in Part 4 of the Proof of Claim Form, in which extensive discovery was conducted. To the extent that they exist, Prudential produced other documents relating to sampling/testing (i.e. air, dust or bulk sampling) on the property to W.R. Grace and its counsel, Anthony J. Marchetta, Esq. of the Morristown, New Jersey law firm of Pitney, Hardin, Kipp and Szuch LLP. Therefore, W.R. Grace, or its counsel, is already in possession of any other documents which may be further responsive to this request. In the event that W.R. Grace is unable to obtain such responsive documentation previously produced to its counsel, to the extent the documents are in Prudential's possession, they will be made available upon reasonable request.

**Response to Question No. 31**

Evidence pertaining to disturbance or modification of asbestos-containing materials in the property includes Prudential's abatement and renovations efforts, as set forth in the Responses to Question Nos. 10, 22, 23 and 25. In addition, the report of William H. Ewing, attached hereto in Exhibit E, specifically addresses modifications and disturbances of the asbestos-containing materials in the building.

In addition, this building was the subject of a previous litigation entitled The Prudential Insurance Company of America, et al. v. United States Gypsum Company, et al., as set forth in Part 4 of the Proof of Claim Form, in which extensive discovery was conducted. Prudential produced documents relating to any disturbance or modification of asbestos-containing materials on the property to W.R. Grace and its

7

counsel, Anthony J. Marchetta, Esq. of the Morristown, New Jersey law firm of Pitney, Hardin, Kipp and Szuch LLP. Therefore, W.R. Grace, or its counsel, is already in possession of any other documents which may be further responsive to this request. In the event that W.R. Grace is unable to obtain such responsive documentation previously produced to its counsel, to the extent the documents are in Prudential's possession, they will be made available upon reasonable request.

## PART 4: ASBESTOS LITIGATION AND CLAIMS

### Response to Questions A.2 and B.1

This building was the subject of previous litigation, captioned: The Prudential Insurance Company of America, et al. v. United States Gypsum Co.; W.R.Grace & Co.; The Celotex Corporation; United States Mineral Products Co.; Keene Corporation; Asbestospray Corporation, Civil Action No. 87-4277 and The Prudential Insurance Company of America, et al. v. National Gypsum Company, Civil Action No. 87-4328. These cases were filed in the United States District Court for the District of New Jersey.

The Complaint in The Prudential Insurance Company of America, et al. v. United States Gypsum Co., et al. was filed on October 20, 1987. The Complaint in The Prudential Insurance Company of America v. National Gypsum was filed on October 21, 1987. These actions were consolidated on October 17, 1988. On April 13, 1989, Prudential filed its First Amended Complaint and Jury Demand in the consolidated litigation. Copies of the First Amended Complaint, and the face pages of the two earlier Complaints, are attached hereto as Exhibit F.

No lawsuit other than what is set forth above has been brought, but that litigation did include claims of joint and several liability. During the pendency of the above identified action all of the defendants filed for bankruptcy or dissolution. While there are claims pending in several bankrupcty proceedings and there is also a pending appeal, the claim related to the property that is the subject of this Proof of Claim is only being pursued against W.R. Grace & Co.

### C. MISCELLANEOUS PROVISIONS

1.    <u>No Waiver of Security or Rights:</u>  In executing and filing this proof of claim, Prudential does not waive any right to security held by it or for its benefit or any other right or rights that Prudential has or may have against Debtors or any other person or persons.

2.    <u>Right to Amend Reserved:</u>  Prudential expressly reserves the right to amend or supplement this proof of claim (including, but not limited to, for purposes of asserting a claim for rejection damages, administrative priority, fixing the amount of damages, fees, costs and expenses referred to herein) at any time and in any respect.

3.    <u>Jurisdiction Only Over Claim:</u>  In filing the within claim, Prudential does not submit itself to the jurisdiction of the Court for any other purpose other than with respect to such claim.

4.    <u>Additional Claims:</u>  This proof of claim is made without prejudice to the filing by Prudential of additional proofs of claim with respect to any other indebtedness or liability of Debtors to Prudential.

3253660.01

9

# EXHIBIT

# A

VOL. I

ARCHITECTURAL
SPECIFICATIONS
AND RELATED DOCUMENTS

BLOCK 258 VENTURE

HOUSTON, TEXAS

PROJECT 258

June 8, 1971

C-652

JV III
JOINT VENTURE ARCHITECTS

KOETTER THARP & COWELL
CAUDILLE ROWLETT SCOTT
NEUHAUS + TAYLOR

PIS 00060100

---
## Section 9D - SPRAY FIREPROOFING
---

The Conditions of the Contract and applicable requirements of Division 1 govern this Section.

## SCOPE

This Section includes the complete work of SPRAY FIREPROOFING.

## MATERIALS

CEMENTITIOUS MIXTURE: (Contractor's Option)
1. REFERENCE SPECIFICATION: Listed in U.L. "Building Materials List", Guide No. 40 U18.3, January 1970 edition.
2. STORAGE: Off the ground, under cover, away from damp areas.
3. EXPOSURE: If exposed to water before actual use, it shall be discarded.
4. SUGGESTED MANUFACTURERS: Zonolite Division, W.R. Grace & Co., "Mono-kote", Vermiculite Products, Inc., Houston, Texas, or others meeting the reference specification.

FIBROUS MIXTURE: (Contractor's Option)
1. REFERENCE SPECIFICATION: Listed in U.L. "Building Materials List", Guide No. 40 U18.6, January 1970 edition.
2. SUGGESTED MANUFACTURERS: Asbestospray Corp. "Asbestospray", Sprayon Research Corp. "Spray Don", or others meeting the reference specifications.

SEALER: Type recommended by the manufacturers, if any is needed.

DELIVERY: All manufactured materials shall be delivered in original, unopened packages, properly displaying name of manu-facturer and Underwriter's Label and appropriate labels for the application specified.

## MANUFACTURER'S INSTRUCTIONS

Follow the manufacturer's printed instructions for the use and installation of his products; except, follow the specifications given herein when these specifications are more restrictive.

## WARRANTY

By accepting a Contract, this Contractor agrees to warrant his
work for one year against becoming unserviceable or objection-
able in appearance as a result of being defective or non-
conforming.  Without limiting the warranty scope, the work
shall be warranted not to:

A.  Delaminate from the substrate
B.  Dust or deteriorate on the surface
C.  Lose insulation value

## PROTECTION OF OTHER WORK

Arrange procedures and devices to protect other work from dis-
figurement and physical damage.  This Contractor shall be res-
ponsible for damages resulting from his work.

## APPLICATOR'S QUALIFICATIONS

Shall be licensed or franchised by manufacturer.

## MISCELLANEOUS SUBMISSIONS

Submit the following for review, approval or coordination as
directed:

A.  Full report(s) of Underwriters' Laboratories, Inc. fire tests
including written material and detailed drawings of the tested
assembly.

B.  Materials manufacturer's printed instructions for methods and
procedures of application.

C.  Bond test data for uncoated, coated and galvanized steel appli-
cations.

## 08  EXAMINATION OF CONDITIONS

A.  Proceed only when conditions are suitable for satisfactory
performance of the work.
B.  Supports for ductwork, piping and other mechanical and pumping
equipment shall be installed BEFORE fireproofing begins.

## INSTALLATION

No installations shall be made in freezing weather except under conditions approved by the manufacturer.

## SURFACE PREPARATIONS

Thoroughly clean dirt, dust, grease, oil and other materials which would prevent good adhesion.

## APPLICATION (to masonry & steel)

A. Wet surfaces to be treated with water.
B. Apply in one continuous operation
C. Finish:
   1. Spray
   2. Tamping (if required by manufacturer) to required thickness mechanically, or by light spray of water.
D. Conform to local Codes.

## 12  RETURN AIR PLENUMS

When fireproofed, test data shall be submitted to the Architect indicating how the material effectively resists erosion, dusting or flaking due to high velocity air movement.

## 13  THICKNESS

Shall achieve the U.L. firerating as per Architect's drawings.

## 14  CLEAN-UP

After completion of each days work, the Contractor shall clean all surfaces, including walls and floors upon which waste fiber has been deposited.

## 15  RELATED WORK (Specified in other Sections)

A. Lathing and Plastering
B. Structural steel
C. Metal Deck

PIS 00060103



... CORPORATION

... TEXAS 77001

March 9, 1972

Tobin & Rooney, Inc.,
P. O. Box 6873
Houston, Texas 77005

Attention: Mr. Gene Doggett

Re:   C-652 - Block 258 - Office Building
Lath & Plaster

Gentlemen:

We are enclosing a copy of JVIII Architect's letter dated 3 March
1972, approving your request on the fire proofing of the exposed
beams, with the understanding that the beams will be fireproofed
as outlined in the attached letter.

Very truly yours,

M. S. BELLOWS CONSTRUCTION CORPORATION

C. C. Kubin

CCK:ems
Encl.
cc: Job w/attachment

JV▥

**in: Venture Architects**

**Koetter Tharp & Cowell**
**Caudill Rowlett Scott**
**Neuhaus + Taylor**

15 Southwest Freeway
Suite 300
Houston Texas 77027
Phone 713 626 3440

March 3, 1972

W. S. Bellows Construction Corporation
P. O. Box 2132
Houston, Texas   77003

ATTENTION:  Mr. C. C. Kubin

Re:  Block 258
     Plaster Fireproofing

Gentlemen:

We are in receipt of your letter of January 24,
clarifying fireproofing of exposed beams.  We
approve your request as outlined, understanding
that all beams on level 2B, 3B and 4B, as well
as all beams in the truck loading area, entrance
ramps and drives leading to and on level 1B, are
to be accomplished in a similar manner and not
fireproofed by spraying.

We will assume this to be your understanding
unless we hear to the contrary.

Sincerely,

A. William Modrall, Jr.
Project Manager

AWMJr:db

cc:  Mr. Howard Kurc
     Mr. Bob Singleton
     FILE: 258 C4

RECEIVED
W. S. BELLOWS CONSTRUCTION CORP.

A.M.              P.M.
7 8 9 10 11 12 1 2 3 4 5 6

PIS 00060105

S. BELLOWS CONSTRUCTION CORPORATION

*Builders*

P. O. BOX 3132
HOUSTON, TEXAS 77001

January 24, 1972

III Architects
5225 Southwest Freeway
Houston, Texas

Attn: Mr. A. Wm. Modrall, Jr.

Re: C-652 - Office Bldg - Block 258
Plaster Fireproofing.

Gentlemen:

We are enclosing a copy of Tobin & Rooney's letter dated
January 19, 1972, which requests approval to use Design #17-3
for the fireproofing of the beams in the exposed areas of the
garage, in lieu of Design #194-3 which is specified.

This request is submitted for your approval at no change in
contract price, and we feel that this will provide a better
finished job for the owner.

Your approval and/or comments will be appreciated.

Very truly yours,

W. S. BELLOWS CONSTRUCTION CORPORATION

C. C. Kubin

:ag

Job w/attachment

PIS 00060106



G. H. BRUEGGEMAN, PRESIDENT
GENE DOGGETT, VICE PRESIDENT
C. R. PITRUCHA, SEC'Y - TREAS.

# TOBIN & ROONEY, INC.
### LATHING AND PLASTERING CONTRACTORS

### POST OFFICE BOX 6873
### HOUSTON, TEXAS 77005

MO 6-2826



January 19, 1972

W. S. Bellows Construction Corporation
Post Office Box 2132
Houston, Texas  77001

Reference:  Block #258

Attention:  Mr. Kubin

Gentlemen:

In reference to the above mentioned project, some of the beams
in exposed areas are protected by design #19-3 (page 237, 1971
U. L. Book).

As you will note, this design attaches the lath to the beams
by means of clips at the edge of each flange and does not
offer any support for the lath between flanges.

Metal lath can span 16" but in most of the cases on Block 258
the beams are deeper than this.

Subject to approval by the architect, I would like to suggest
that Design #17-3 (page 235) be considered at no change in cost.

Please advise as soon as possible as the dropping of hangers
would be required very soon.

Sincerely,

Tobin & Rooney, Inc.

Gene Doggett
Vice President

GD:ae

R E C E I V E D
W. S. BELLOWS CONSTRUCTION CORP.
A.M.    JAN 2 1 1972
7|8|9|10|11|12|1|2|3|4|5|6    P.M.

PIS 00060107

# W. S. BELLOWS CONSTRUCTION CORPORATION
## Inter-Office Memorandum

Memo to File                                    DATE  12/7/71

PIES  G.F. Bellows                              FROM    C. C. Kubin
      W.S. Bellows, Jr.
      Lath & Plaster File
      Metal Deck File

---

REFERENCE:    Telephone conversation between C.C. Kubin and J. Greer - 12/6/71

Problem in Dallas with Hugh Keeper is due to the following:

1. Mac Fab does not have a UL Test on their deck system and their arrogant
   attitude has not helped their cause on their job.
2. Poor fireproofing job in building such as;
   a.  No firestop between floors
   b.  Column fireproofing not thick enough.
   c.  Fireproofing washed off
   d.  Damaged fireproofing not patched.

3. Lack of interest in fireproofing problem by Neuhaus  and Taylor, the
   Architects

Jimmy Greer said in his opinion the thing to do is go ahead the way we are because;
1. City of Houston accepts the design we have and it meets City Code.
2. If you go to H.H.R. deck (design #267) you must go to 3/4 spray on beams
   (cost $50,000 to $60,000, Jimmy said.)  We would also have to cancel out with
   Granco ( could cost us 10%, $50,000 - C.C. Kubin guess.)
3. If we go as we are we can still get insurance and the rates will be:
   ( Based on $30,000,000.00)

|              |              |                    |
|--------------|--------------|--------------------|
| FRB Rate     | $ 9,000.00   |                    |
| or           |              |                    |
| SFR Rate     | $13,500.00   |                    |
| Posnier      | $ 4,500.00   | Premium per year.  |

However, we must be very careful with column fireproofing which must be 3 Hour.
Must make sure fireproofing is proper thickness. (Beams should be 2 Hour and
floor 2 Hour). and have proper fire stop at the perimeter of each floor.

G.F. Bellows or W.S. Bellows, Jr. Should reconfirm this with Greer.

CCK:mw

PIS 00060108

C-652-S-10

CONSTRUCTION CORPORATION
SUBCONTRACT CHANGE ORDER

Code: 39.01
Subject: Fireproofing, Lath & Plaster

OFFICE BUILDING - BLOCK 258

Change Order No. 1

made by and between W. S. Bellows Construction Corporation and _____

TOBIN & ROONEY, INC., P. O. BOX 6873, HOUSTON, TEXAS 77005

dated _____ 10-14-71 _____, for the furnishing and Installation

of _____ Fireproofing, Lath & Plaster work. _____

_____, is hereby changed as follows:

Furnish all labor, materials, equipment, taxes, etc., necessary to accomplish
the following:

1.  Add lath and plaster fire barrier from structure to
    Window Wall on each floor - 5 thru 47           ADD        $32,382.00

2.  Delete lath and plaster soffit on 47th Fl- set-back   DEDUCT    7,800.00

Revisions in accordance with plans listed on attached drawing list FL
#1 and #2 of 2 dated 22 October 1971 and specifications dated
8 June 1971, and Addenda #1 dated 18 June 1971, #2 dated
6 August 1971, #3 dated 24 August 1971, #4 dated 21 September
1971, #5 dated 24 September 1971 and #6 dated 8 October
1971, as prepared by JV III Architects, including RFP #2, dated 10-1-71
RFP #3 dated 10-20-71, Field Order #1 dated 10-15-71, Field
Order #2 dated 10-22-71, RFP #5 dated 11-5-71 and the drawings
noted therein.                                            No Change

                                      TOTAL ADDITION        $24,782.00

For the amount of _____ TWENTY FOUR THOUSAND SEVEN HUNDRED EIGHTY TWO & NO/100

                                                    addition
_____ DOLLARS ($ 24,782.00 _____) deduction to said subcontract.

| PREVIOUS AMOUNT | THIS CHANGE ORDER | | REVISED AMOUNT |
| | ADD | DEDUCT | |
| --- | --- | --- | --- |
| $432,289.00 | $24,782.00 | | $457,071.00 |

It is agreed that this change order is subject to and shall be governed by all terms and conditions of abovesaid

subcontract. Dated this _____ 7th _____ day of _____ December _____ 19 71 , at Houston, Harris County, Texas.

Witness:                                    W. S. Bellows Construction Corporation

_____                By: _____
                                                    C. C. Kubis

_____                TOBIN & ROONEY, INC. SUBCONTRACTOR

_____                By: _____

The image at top is mostly black/unreadable. There's handwritten content below.



$$20,335 \times 4.3 =$$

$$\begin{array}{r} 70,335 \\ 43 \\ \hline 10,15 \end{array}$$

High Keepers = State Board of Underwriters ?

Droom # 40  # 4 Hour = Steam Only

July 3rd, 1973

JUL 6 1973

**CAMBRIDGE**

Enviornmental Protection Agency
Director Enforcement Division
Suite 300
1421 Peachtree Street
Atlanta, Georgia   30309

Re:  Florida Projects - National Emission Standards for Hazardous Air
     Pollutants, Sub Part B., Sect. 6122 E 2, Spraying

Gentlemen:

The subject reference requires that a report be made on those construc-
tion projects on which fireproofing material is being spray-applied.

The attached is a list of fireproofing jobs on which Mono-Kote Fire-
proofing, as manufactured by W. R. Grace & Co., is being sprayed.
Mono-Kote fireproofing, in use today, is manufactured without the
addition of any asbestos and fully complies with the requirements of
Sect. 6122 E 1.

We are, presently, involved in discussions with EPA officials regarding
this reporting procedure.  Very shortly, we expect that EPA will conclude
that the reporting procedure is unnecessary and can be discontinued.
Until this decision is made, we will continue to report to you.

Sincerely,

CONSTRUCTION PRODUCTS DIVISION
W. R. GRACE & CO.

Robert L. Asher
Florida Regional Manager

RLA:jb
Attachment

CC: T.P. Feit
    Mgr.,
    Fireproofing
    Products

WRG  N⁰  6286

July 3, 1973

Jobs on which Grace's Mono-Kote fireproofing is
being sprayed:

| JOB | CONTRACTOR |
|---|---|
| Houston Center, Block 134<br>McKinney & Fannin<br>Houston, Texas | Doerner Plastering Co.<br>3617 West Alabama<br>Houston, Texas |
| Texas Bank & Trust Bldg.<br>Southwest Freeway at Hillcroft<br>Houston, Texas | " |
| Center for the Retarded<br>3550 West Dallas<br>Houston, Texas | " |
| 1100 Milam Building, Block 258<br>Houston, Texas | Tobin & Rooney, Inc.<br>P. O. Box 6873<br>(5318 Glenmont) |
| Stewart Title Building<br>2200 West Loop 610 South<br>Houston, Texas | Houston, Texas   77005<br>" |
| International Hospital<br>6441 Fannin<br>Houston, Texas | " |
| Olle Jr. High School<br>Boone Road at Bissonnet<br>Houston, Texas | Cryer Plastering Co.<br>2018 Manila<br>Houston, Texas   77043 |

WRG   N⁰  6287

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, et al., Plaintiffs | ) UNITED STATES DISTRICT COURT ) DISTRICT OF NEW JERSEY ) |
| VS. | ) Hon. Harold A. Ackerman )   Civil Action ) |
| UNITED STATES GYPSUM COMPANY, et al., Defendants | )   No. 87-4227 (HAA) )       87-4238 (HAA) ) ) |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Plaintiff, | ) ) ) |
| VS. | ) ) |
| NATIONAL GYPSUM COMPANY, Defendant. | ) ) ) |

DEPOSITION OF JAMES H. GREER

**VANTAGE REPORTING SERVICE, INC.**
KEN CARROLL, CERTIFIED SHORTHAND REPORTER
**4508 DICKSON**
**HOUSTON, TEXAS 77007**
**PHONE 713-864-9403**

1      Q      Was it your testimony that Vermiculite

2   Products sold the Mono-Kote that was installed in the

3   Houston Natural Gas Building?

4      A      That's my testimony.

5      Q      Are you familiar with the 1100 Milam

6   Building?

7      A      Yes.

8      Q      Do you know the manufacturer of the

9   fireproofing that was installed in that building?

10      A      No, it's Mono-Kote.  And we sold Mono-Kote,

11   Vermiculite Products did.

12            And who manufactured it, I don't know.  We

13   also sold the windows on the building, so -- I'm more

14   familiar with that.

15      Q      So it's your testimony that Vermiculite

16   Products sold the Mono-Kote that was installed in the

17   1100 Milam Building; is that correct?

18      A      Correct.

19      Q      But just to get it clear on the record, your

20   testimony is that you don't know who manufactured the

21   Mono-Kote that was sold by Vermiculite Products; is that

22   correct?

23      A      That's correct.

24      Q      Okay.  Do you mean that you are uncertain as

25   to whether it was manufactured by Vermiculite Products

1      or Texas Vermiculite; is that correct?

2          A      I do not remember, that's right.

3          Q      Could it have been manufactured by someone

4      else?

5          A      No.  Would be one of those two.

6          Q      Are you familiar with the Executive Plaza

7      Towers here in Houston?

8          A      I know where they are.  I'm not familiar

9      with anything to do with them.

10              But I know where they are.

11         Q      Do you know the manufacturer of the

12     fireproofing that was installed in those buildings?

13         A      I don't even know whether fireproofing was

14     installed.

15         Q      Did Shelton W. Greer have any part in the

16     construction --

17         A      No, ma'am.

18         Q      -- of Executive Plaza --

19         A      No, ma'am.

20         Q      -- to your recollection?

21              MR. WAGNER:  Let her finish the

22              question before you answer.  Otherwise,

23              it's not clear on the record what you're

24              responding to.

25     BY MS. STEWART:

1       A       Stan hired Kazel.

2       Q       Who were the officers of Vermiculite

3   Products prior to 1981?

4       A       I don't remember.  I know I was.

5       Q       Were you the president?

6       A       I believe I was president.  I think.  At

7   some point Stan was vice-president, but I can't tell you

8   when.

9       Q       That would be prior to 1981?

10      A       I'm not sure of the dates.

11              MS. STEWART: No more questions.

12              MR. WAGNER:  Okay.  I think I have

13          one question.

14              EXAMINATION

15   BY MR. WAGNER:

16      Q       You testified earlier that you believed that

17   Mono-Kote fireproofing was installed in the 1100 Milam

18   Building?

19      A       Yes.

20      Q       And you have also testified that there were

21   both asbestos-containing and asbestos-free formulations

22   of Mono-Kote?

23      A       Yes.

24      Q       Do you know what formulations of Mono-Kote

25   are in the 1100 Milam Building?

1        A        No, I do not.

2                          MR. WAGNER:  No, I have no further

3                  questions.

4                          MS. STEWART:  Nothing further.

5

6                          _____

7                          JAMES H. GREER

8    THE STATE OF TEXAS   )

9    COUNTY  OF  HARRIS   )

10                SUBSCRIBED AND SWORN TO before me,

11    the undersigned authority, on this the _____day of

12    _____, 1991, A.D.

13

14

15

16    _____

17                          Notary Public in and for

18.                         the State of Texas

19

20

21

22

23

24

25

VANTAGE REPORTING SERVICE
4508 DICKSON, HOUSTON, TEXAS
713-864-8403

| | |
|---|---|
| THE PRUDENTIAL INSURANCE | * UNITED STATES DISTRICT COURT |
| COMPANY OF AMERICA, et al | * |
| Plaintiffs, | * DISTRICT OF NEW JERSEY |
| VS. | * |
| | * Hon. Harold A. Ackerman |
| UNITED STATES GYPSUM | * |
| COMPANY, et al | *   CIVIL ACTION NOs. |
| Defendants | *   87-4227 (HAA) |
| | *   87-4238 (HAA) |

```
                                    *
THE PRUDENTIAL INSURANCE            *
COMPANY OF AMERICA, et al           *
                Plaintiffs,         *
                                    *
VS.                                 *
                                    *
NATIONAL GYPSUM COMPANY,            *
et al                               *
                Defendants          *
```

REPORTER'S SUPPLEMENTAL CERTIFICATE
FOR THE DEPOSITION OF JAMES H. GREER
TAKEN ON APRIL 10, 1991.

I, Ken Carroll, Certified Shorthand Reporter and Notary Public in and for the State of Texas, hereby certify pursuant to the Rules and/or agreement of the parties present to the following:

That $_____ is the charge for the preparation of the completed deposition transcript and any copies of exhibits furnished to me, charged to ATTORNEY NANCY STEWART.

____That the original deposition signature page, along with Plaintiff's copy of said deposition, was submitted to the Witness for the Witness' examination and signature, BY AND THROUGH HIS ATTORNEY, MR. BEN WAGNER, on _____, 1991, and to be returned to the deposition officer upon completion.

That a copy of this certificate was served on all parties shown herein, pursuant to information made a part of the record at the time said testimony was taken,

VANTAGE REPORTING SERVICE
4508 DICKSON, HOUSTON, TEXAS
713-864-8403

```
1       pursuant to TRCP 21a:

2            MS. NANCY STEWART, Attorney for Plaintiff,
        PRUDENTIAL INSURANCE COMPANY OF AMERICA
3            MR. BEN WAGNER, Attorney for Defendant, W.R. GRACE
        and Mr. Standley Fulfer.
4            MR. JON SIMON, Attorney for Defendant, W.R. GRACE.
        MRS. PAT GREEK, Attorney for the Witness.

5

6            SUBSCRIBED AND SWORN TO BY ME on this the
        _____ day of _____ , _____.
7

8

9

10

11            _____
              Ken Carroll, Certified Shorthand
12            Reporter #1252 and Notary Public in
              and for the State of Texas
13            4508 Dickson, Houston, Texas 77007
              (713) 864-9403
14

15      Certification Expires 12-31-91

16      Notary Expires 4-23-93

17

18

19

20

21

22

23

24

25
```

RIKER, DANZIG, SCHERER, HYLAND & PERRETTI
Headquarters Plaza
One Speedwell Avenue
Morristown, New Jersey  07962-1981
(201) 538-0800

Attorneys for Plaintiffs
The Prudential Insurance Company of America, et al.

| | |
|---|---|
| THE    PRUDENTIAL    INSURANCE COMPANY OF AMERICA, <u>et al.</u>,<br><br>        Plaintiffs,<br><br>v.<br><br>UNITED STATES GYPSUM COMPANY, <u>et al.</u>,<br><br>        Defendants. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br>HON. HAROLD A. ACKERMAN<br>CIVIL ACTION NO. 87-4227 (HAA)<br>            No. 87-4238 (HAA)<br><br><u>AFFIDAVIT OF</u><br><u>GARY RICHTER</u> |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>        Plaintiffs,<br><br>v.<br><br>NATIONAL GYPSUM COMPANY,<br><br>        Defendant. | |

STATE OF TEXAS        )
                      ) ss:
COUNTY OF HARRIS      )

        I, GARY RICHTER, of full age and duly sworn according to the law, upon my oath depose and say:

        1.    I am an employee of Tobin & Rooney, Inc. ("Tobin & Rooney"), a company located in Houston, Texas. Tobin & Rooney is a specialty subcontractor engaged in the business of installing

sprayed-on fireproofing and doing lathing and plastering work in commercial buildings.

2.    I have worked for Tobin & Rooney since approximately 1951. During that time, I have worked as a plasterer, plastering foreman and, at present, as a superintendent.

3.    In the course of my work with Tobin & Rooney, I became familiar with the products used by the company in the 1960's and 1970's. Once the sprayed-on fireproofing product known as Mono-Kote had been introduced to the market, it became virtually the only sprayed-on fireproofing used by Tobin & Rooney in its fireproofing jobs.

4.    In the mid-1960's, Tobin & Rooney was the subcontractor selected to install the sprayed-on fireproofing material in the Houston Natural Gas building. The Houston Natural Gas Building is a high-rise office building located in Houston, Texas.

5.    As part of my job responsibilities with Tobin & Rooney, I worked as a plasterer during the construction of the Houston Natural Gas building.

6.    To the best of my recollection, the sprayed-on fireproofing material installed by Tobin & Rooney in the Houston Natural Gas Building ("Houston Natural Gas") was Mono-Kote.

7.    In the early 1970's, Tobin & Rooney was the subcontractor selected to install the sprayed-on fireproofing material in the 1100 Milam Building. The 1100 Milam Building ("1100 Milam") is a high-rise office building located in Houston, Texas.

8.    I recall the 1100 Milam project because, at the time of its construction, it was one of the largest buildings in Houston.

-2-

PIS 00061578

9.  As part of my job responsibilities with Tobin &
Rooney, I worked as a plasterer during the construction of the 1100
Milam Building.  To the best of my recollection, Mono-Kote was the
sprayed-on fireproofing installed in Floors 1 through 47 of the
building.  I further recall doing plastering on the lower floors of
the building while the Mono-Kote was being applied to the upper
floors.

10.  Again in the early 1970's, Tobin & Rooney was the
subcontractor selected to install the sprayed-on fireproofing in the
buildings known as Park Towers.  The Park Towers are two high-rise
office buildings located at 1233 and 1333 West Loop South, in
Houston, Texas.

11.  I recall the Park Towers construction because it took
place fairly close to the location of Tobin & Rooney's offices.

12.  As part of my responsibilities with Tobin & Rooney,
I worked as the plastering foreman for one of the two towers.  To
the best of my recollection, Mono-Kote was the only fireproofing
material installed in this tower.  In addition, to the best of my
knowledge, Mono-Kote was also installed in the remaining tower since
it was virtually the only sprayed-on fireproofing being installed
by Tobin & Rooney at that time.

13.  Additionally, in approximately the late 1960's to early
1970's, Tobin & Rooney was selected to install the sprayed-on
fireproofing material in both the Executive Plaza and Brookhollow
I projects.  Executive Plaza comprises two office buildings located
at 4615 and 4635 Southwest Freeway in Houston, Texas.  Brookhollow
I, formerly Brookhollow Golden Center, is an office building located
at 2800 North Loop West in Houston, Texas.

-3-

PIS 00061579

14. To the best of my knowledge, Mono-Kote was the sprayed-on fireproofing installed in the two Executive Plaza buildings and in Brookhollow I. Mono-Kote was virtually the only sprayed-on fireproofing product used by Tobin & Rooney in its fireproofing jobs at the time Tobin & Rooney installed the sprayed-on fireproofing in these buildings.

I have read this statement and can attest that the statement is true and accurate to the best of my recollection.

_____
GARY RICHTER

STATE OF TEXAS     )
                   )ss:
COUNTY OF HARRIS   )

The foregoing instrument was acknowledged before me this _28th_ day of _June_____, 1990 by Gary Richter.

My Commission Expires:
_11-15-90_

_____
Notary Public

-4-

PIS 00061580

# EXHIBIT
# B

ASBESTOS SURVEY REPORT

FOR

PRUDENTIAL INSURANCE COMPANY
PROPERTY 11-11, MILAM BUILDING

BCM PROJECT NO. 05-4151-01-D08
OCTOBER 25, 1985

BCM CONVERSE INC.
108 ST. ANTHONY STREET
MOBILE, ALABAMA 36602

BCM CONVERSE INC.
BCM NO.  D08

BUILDING EVALUATION:

Prudential Portfolio No.:    11-11
Building Name:     Milam Building
Address:           1100 Milam Building
                   Houston, Texas

BCM Field Evaluator:  Phillip Davidson
BCM Q/C Review:  David L. Upton/Brian J. Britain
Date of Survey: 8/14/85
Property Manager:  J. Smith
Phone No.:  (713) 757-4011
Person(s) Contacted:  J. W. Hill

Type of Building:  47 Story Office Building

Results of Visual Inspection:    All steel beams are coated with friable
                                 fireproofing.  The heat exchangers in the
                                 4th floor mechanical room have suspect
                                 coating material.

| QUANTITY | DESCRIPTION | LOCATION |
|---|---|---|
| 50 S.F. | Equipment Coverings | Heat Exhangers (2) |
| 600,000 S.F. | Coating on Beams | 1-47 Floor Beams |

RESULTS OF LABORATORY ANALYSIS OF BULK SAMPLES OBTAINED:

| LOCATION | DESCRIPTION | SAMPLE I.D. | RESULTS/TYPE ASBESTOS* |
|---|---|---|---|
| **46th Floor** | | | |
| Air Handler | Beam Coating | D08-01-01 | 8%(2) |
| Air Handler | Beam Coating | D08-01-02 | 6%(2) |
| North Side | Beam Coating | D08-01-03 | 5%(2) |
| North Side | Beam Coating | D08-01-04 | 9%(2) |
| 4650 | Beam Coating | D08-01-05 | 7%(2) |
| 4650 | Beam Coating | D08-01-06 | 3%(2) |
| 4650 | Beam Coating | D08-01-07 | 6%(2) |

*  The number in parentheses identifies the type asbestos present, as
follows:  (1) Amosite, (2) Chrysotile, (3) Crocidolite, (4) Anthophyllite, (5)
Tremolite, and (6) Actinolite.

BCM CONVERSE INC.

BCM No. D08
Page 2 of 12

RESULTS OF LABORATORY ANALYSIS OF BULK SAMPLES OBTAINED:

| LOCATION | DESCRIPTION | SAMPLE I.D. | RESULTS/TYPE ASBESTOS* |
|---|---|---|---|
| **44th Floor** | | | |
| 4400 | Beam Coating | D08-01-08 | 9%(2) |
| 4485 | Beam Coating | D08-01-09 | 6%(2) |
| 4440 | Beam Coating | D08-01-10 | 8%(2) |
| 4440 | Beam Coating | D08-01-11 | 10%(2) |
| 4460 | Beam Coating | D08-01-12 | 8%(2) |
| 4470 | Beam Coating | D08-01-13 | 5%(2) |
| 4470 | Beam Coating | D08-01-14 | 6%(2) |
| **43th Floor** | | | |
| 4380 | Beam Coating | D08-01-15 | 8%(2) |
| 4380 | Beam Coating | D08-01-16 | 6%(2) |
| 4380 | Beam Coating | D08-01-17 | 5%(2) |
| 4350 | Beam Coating | D08-01-18 | 7%(2) |
| 4310 | Beam Coating | D08-01-19 | 6%(2) |
| 4300 | Beam Coating | D08-01-20 | 7%(2) |
| 4330 | Beam Coating | D08-01-21 | 5%(2) |
| **38th Floor** | | | |
| 3850 | Beam Coating | D08-01-22 | 8%(2) |
| 3844 | Beam Coating | D08-01-23 | 3%(2) |
| 3844 | Beam Coating | D08-01-24 | 9%(2) |
| Air Handler | Beam Coating | D08-01-25 | 8%(2) |
| Air Handler | Beam Coating | D08-01-26 | 6%(2) |
| 3860 | Beam Coating | D08-01-27 | 7%(2) |
| 3860 | Beam Coating | D08-01-28 | 6%(2) |
| **37th Floor** | | | |
| 3700 North | Beam Coating | D08-01-29 | 5%(2) |
| 3700 North | Beam Coating | D08-01-30 | 9%(2) |
| 3700 East | Beam Coating | D08-01-31 | 8%(2) |
| 3700 West | Beam Coating | D08-01-32 | 8%(2) |
| 3750 | Beam Coating | D08-01-33 | 5%(2) |
| 3770 | Beam Coating | D08-01-34 | 8%(2) |
| 3760 | Beam Coating | D08-01-35 | 8%(2) |

* The number in parentheses identifies the type asbestos present, as follows: (1) Amosite, (2) Chrysotile, (3) Crocidolite, (4) Anthophyllite, (5) Tremolite, and (6) Actinolite.

BCM CONVERSE INC.

RESULTS OF LABORATORY ANALYSIS OF BULK SAMPLES OBTAINED:

| LOCATION | DESCRIPTION | SAMPLE I.D. | RESULTS/TYPE ASBESTOS* |
|---|---|---|---|
| **34th Floor** | | | |
| 3477 | Beam Coating | D08-01-36 | 6%(2) |
| 3477 | Beam Coating | D08-01-37 | 8%(2) |
| 3477 | Beam Coating | D08-01-38 | 6%(2) |
| Air Handler | Beam Coating | D08-01-39 | 7%(2) |
| Elevator Lobby | Beam Coating | D08-01-40 | 5%(2) |
| Elevator Lobby | Beam Coating | D08-01-41 | 6%(2) |
| 3400 | Beam Coating | D08-01-42 | 3%(2) |
| **33rd Floor** | | | |
| 3300 North | Beam Coating | D08-01-43 | 7%(2) |
| 3300 South | Beam Coating | D08-01-44 | 6%(2) |
| 3377 | Beam Coating | D08-01-45 | 5%(2) |
| 3375 | Beam Coating | D08-01-46 | 8%(2) |
| 3380 | Beam Coating | D08-01-47 | 8%(2) |
| 3385 | Beam Coating | D08-01-48 | 8%(2) |
| 3379 | Beam Coating | D08-01-49 | 7%(2) |
| **32nd Floor** | | | |
| 3232 | Beam Coating | D08-01-50 | 6%(2) |
| 3232 | Beam Coating | D08-01-51 | 8%(2) |
| Southeast Corner | Beam Coating | D08-01-52 | 5%(2) |
| Southeast Corner | Beam Coating | D08-01-53 | 8%(2) |
| Southwest Corer | Beam Coating | D08-01-54 | 6%(2) |
| South Side | Beam Coating | D08-01-55 | 9%(2) |
| South Side | Beam Coating | D08-01-56 | 6%(2) |
| **31st Floor** | | | |
| 3135 East | Beam Coating | D08-01-57 | 9%(2) |
| 3135 South | Beam Coating | D08-01-58 | 7%(2) |
| 3135 North | Beam Coating | D08-01-59 | 7%(2) |
| Air Handler | Beam Coating | D08-01-60 | 8%(2) |
| Air Handler | Beam Coating | D08-01-61 | 7%(2) |
| 3100 | Beam Coating | D08-01-62 | 6%(2) |
| 3100 | Beam Coating | D08-01-63 | 9%(2) |

* The number in parentheses identifies the type asbestos present, as
follows:  (1) Amosite, (2) Chrysotile, (3) Crocidolite, (4) Anthophyllite, (5)
Tremolite, and (6) Actinolite.

BCM CONVERSE INC.

RESULTS OF LABORATORY ANALYSIS OF BULK SAMPLES OBTAINED:

| LOCATION | DESCRIPTION | SAMPLE I.D. | RESULTS/TYPE ASBESTOS* |
|----------|-------------|-------------|------------------------|
| **30th Floor** | | | |
| 3000 | Beam Coating | D08-01-64 | 8%(2) |
| Elevator Room | Beam Coating | D08-01-65 | 6%(2) |
| Elevator Room | Beam Coating | D08-01-66 | 8%(2) |
| 3035 | Beam Coating | D08-01-67 | 8%(2) |
| 3035 | Beam Coating | D08-01-68 | 9%(2) |
| 3080 | Beam Coating | D08-01-69 | 9%(2) |
| 3080 | Beam Coating | D08-01-70 | 8%(2) |
| **29th Floor** | | | |
| 2990 | Beam Coating | D08-01-71 | 10%(2) |
| 2990 | Beam Coating | D08-01-72 | 8%(2) |
| 2980 | Beam Coating | D08-01-73 | 9%(2) |
| Elevator Room | Beam Coating | D08-01-74 | 8%(2) |
| Elevator Room | Beam Coating | D08-01-75 | 9%(2) |
| 2950 | Beam Coating | D08-01-76 | 8%(2) |
| 2950 | Beam Coating | D08-01-77 | 3%(2) |
| **28th Floor** | | | |
| North Side | Beam Coating | D08-01-78 | 8%(2) |
| North Side | Beam Coating | D08-01-79 | 9%(2) |
| Northwest Corner | Beam Coating | D08-01-80 | 8%(2) |
| Northwest Corner | Beam Coating | D08-01-81 | 8%(2) |
| South Side | Beam Coating | D08-01-82 | 9%(2) |
| South Side | Beam Coating | D08-01-83 | 7%(2) |
| Southeast Corner | Beam Coating | D08-01-84 | 8%(2) |
| **27th Floor** | | | |
| 2750 | Beam Coating | D08-01-85 | 4%(2) |
| 2750 | Beam Coating | D08-01-86 | 9%(2) |
| 2780 | Beam Coating | D08-01-87 | 8%(2) |
| Air Handler | Beam Coating | D08-01-88 | 10%(2) |
| Air Handler | Beam Coating | D08-01-89 | 8%(2) |
| 2700 | Beam Coating | D08-01-90 | 5%(2) |
| 2700 | Beam Coating | D08-01-91 | 9%(2) |

* The number in parentheses identifies the type asbestos present, as
follows:  (1) Amosite, (2) Chrysotile, (3) Crocidolite, (4) Anthophyllite, (5)
Tremolite, and (6) Actinolite.

BCM CONVERSE INC.

RESULTS OF LABORATORY ANALYSIS OF BULK SAMPLES OBTAINED:

| LOCATION | DESCRIPTION | SAMPLE I.D. | RESULTS/TYPE ASBESTOS* |
|---|---|---|---|
| **26th Floor** | | | |
| 2600 | Beam Coating | D08-01-92 | 6%(2) |
| 2610 | Beam Coating | D08-01-93 | 7%(2) |
| 2620 | Beam Coating | D08-01-94 | 8%(2) |
| 2685 | Beam Coating | D08-01-95 | 9%(2) |
| 2685 | Beam Coating | D08-01-96 | 8%(2) |
| Air Handler | Beam Coating | D08-01-97 | 6%(2) |
| Air Handler | Beam Coating | D08-01-98 | 9%(2) |
| **25th Floor** | | | |
| 2500 North | Beam Coating | D08-01-99 | 8%(2) |
| 2500 South | Beam Coating | D08-01-100 | 9%(2) |
| 2500 South | Beam Coating | D08-01-101 | 8%(2) |
| 2590 | Beam Coating | D08-01-102 | 5%(2) |
| 2580 | Beam Coating | D08-01-103 | 5%(2) |
| 2580 | Beam Coating | D08-01-104 | 6%(2) |
| 2570 | Beam Coating | D08-01-105 | 7%(2) |
| **24th Floor** | | | |
| Air Handler | Beam Coating | D08-01-106 | 5%(2) |
| Air Handler | Beam Coating | D08-01-107 | 6%(2) |
| Elect. Room | Beam Coating | D08-01-108 | 7%(2) |
| Elect. Room | Beam Coating | D08-01-109 | 6%(2) |
| 2400 | Beam Coating | D08-01-110 | 4%(2) |
| 2460 | Beam Coating | D08-01-111 | 5%(2) |
| 2460 | Beam Coating | D08-01-112 | 6%(2) |
| **23rd Floor** | | | |
| 2309 | Beam Coating | D08-01-113 | 5%(2) |
| 2309 | Beam Coating | D08-01-114 | 3%(2) |
| Air Handler | Beam Coating | D08-01-115 | 7%(2) |
| Air Handler | Beam Coating | D08-01-116 | 5%(2) |
| 2345 | Beam Coating | D08-01-117 | 6%(2) |
| 2347 | Beam Coating | D08-01-118 | 4%(2) |
| 2349 | Beam Coating | D08-01-119 | 6%(2) |

* The number in parentheses identifies the type asbestos present, as follows: (1) Amosite, (2) Chrysotile, (3) Crocidolite, (4) Anthophyllite, (5) Tremolite, and (6) Actinolite.

BCM CONVERSE INC.

BCM No. 008
Page 6 of 12

RESULTS OF LABORATORY ANALYSIS OF BULK SAMPLES OBTAINED:

| LOCATION | DESCRIPTION | SAMPLE I.D. | RESULTS/TYPE ASBESTOS* |
|----------|-------------|-------------|------------------------|
| 22nd Floor | | | |
| 2235 | Beam Coating | D08-01-120 | 4%(2) |
| 2235 | Beam Coating | D08-01-121 | 6%(2) |
| 2220 | Beam Coating | D08-01-122 | 7%(2) |
| 2220 | Beam Coating | D08-01-123 | 5%(2) |
| 2220 | Beam Coating | D08-01-124 | 7%(2) |
| 2200 | Beam Coating | D08-01-125 | 8%(2) |
| 2200 | Beam Coating | D08-01-126 | 6%(2) |
| | | | |
| 21st Floor | | | |
| 2165 | Beam Coating | D08-01-127 | 5%(2) |
| 2165 | Beam Coating | D08-01-128 | 6%(2) |
| 2166 | Beam Coating | D08-01-129 | 6%(2) |
| Air Handler | Beam Coating | D08-01-130 | 5%(2) |
| Air Handler | Beam Coating | D08-01-131 | 7%(2) |
| 2150 | Beam Coating | D08-01-132 | 5%(2) |
| 2150 | Beam Coating | D08-01-133 | 7%(2) |
| | | | |
| 20th Floor | | | |
| Air Handler | Beam Coating | D08-01-134 | 5%(2) |
| Air Handler | Beam Coating | D08-01-135 | 6%(2) |
| 2080 | Beam Coating | D08-01-136 | 7%(2) |
| 2080 | Beam Coating | D08-01-137 | 7%(2) |
| 2060 | Beam Coating | D08-01-138 | 5%(2) |
| Elect. Room | Beam Coating | D08-01-139 | 7%(2) |
| Elect. Room | Beam Coating | D08-01-140 | 7%(2) |
| | | | |
| 19th Floor | | | |
| 1915 | Beam Coating | D08-01-141 | 8%(2) |
| 1915 | Beam Coating | D08-01-142 | 5%(2) |
| 1960 | Beam Coating | D08-01-143 | 6%(2) |
| 1960 | Beam Coating | D08-01-144 | 6%(2) |
| 1960 | Beam Coating | D08-01-145 | 7%(2) |
| 1940 | Beam Coating | D08-01-146 | 6%(2) |
| 1950 | Beam Coating | D08-01-147 | 7%(2) |

*  The number in parentheses identifies the type asbestos present, as
follows:  (1) Amosite, (2) Chrysotile, (3) Crocidolite, (4) Anthophyllite, (5)
Tremolite, and (6) Actinolite.

BCM CONVERSE INC.

RESULTS OF LABORATORY ANALYSIS OF BULK SAMPLES OBTAINED:

| LOCATION | DESCRIPTION | SAMPLE I.D. | RESULTS/TYPE ASBESTOS* |
|---|---|---|---|
| **18th Floor** | | | |
| Elevator Room | Beam Coating | D08-01-148 | 7%(2) |
| Elevator Room | Beam Coating | D08-01-149 | 7%(2) |
| Elevator Room | Beam Coating | D08-01-150 | 8%(2) |
| 1819 | Beam Coating | D08-01-151 | 6%(2) |
| 1820 | Beam Coating | D08-01-152 | 7%(2) |
| 1822 | Beam Coating | D08-01-153 | 7%(2) |
| 1822 | Beam Coating | D08-01-154 | 8%(2) |
| **17th Floor** | | | |
| Northeast Corner | Beam Coating | D08-01-155 | 7%(2) |
| North Side | Beam Coating | D08-01-156 | 7%(2) |
| North Side | Beam Coating | D08-01-157 | 7%(2) |
| Southeast Corner | Beam Coating | D08-01-158 | 5%(2) |
| Southeast Corner | Beam Coating | D08-01-159 | 6%(2) |
| East Side | Beam Coating | D08-01-160 | 6%(2) |
| East Side | Beam Coating | D08-01-161 | 8%(2) |
| **16th Floor** | | | |
| 1600 | Beam Coating | D08-01-162 | 6%(2) |
| 1602 | Beam Coating | D08-01-163 | 5%(2) |
| 1697 | Beam Coating | D08-01-164 | 7%(2) |
| 1609 | Beam Coating | D08-01-165 | 8%(2) |
| 1620 | Beam Coating | D08-01-166 | 7%(2) |
| 1680 | Beam Coating | D08-01-167 | 8%(2) |
| 1680 | Beam Coating | D08-01-168 | 7%(2) |
| **15th Floor** | | | |
| Elect. Room | Beam Coating | D08-01-169 | 7%(2) |
| Elect. Room | Beam Coating | D08-01-170 | 8%(2) |
| Elect. Room | Beam Coating | D08-01-171 | 8%(2) |
| Air Handler | Beam Coating | D08-01-172 | 9%(2) |
| Air Handler | Beam Coating | D08-01-173 | 9%(2) |
| 1565 | Beam Coating | D08-01-174 | 7%(2) |
| 1565 | Beam Coating | D08-01-175 | 6%(2) |

* The number in parentheses identifies the type asbestos present, as
follows:  (1) Amosite, (2) Chrysotile, (3) Crocidolite, (4) Anthophyllite, (5)
Tremolite, and (6) Actinolite.

BCM CONVERSE INC.

RESULTS OF LABORATORY ANALYSIS OF BULK SAMPLES OBTAINED:

| LOCATION | DESCRIPTION | SAMPLE I.D. | RESULTS/TYPE ASBESTOS* |
|---|---|---|---|
| **14th Floor** | | | |
| 1400 | Beam Coating | D08-01-176 | 8%(2) |
| 1400 | Beam Coating | D08-01-177 | 7%(2) |
| 1408 | Beam Coating | D08-01-178 | 8%(2) |
| 1406 | Beam Coating | D08-01-179 | 6%(2) |
| 1430 | Beam Coating | D08-01-180 | 7%(2) |
| 1430 | Beam Coating | D08-01-181 | 8%(2) |
| 1431 | Beam Coating | D08-01-182 | 5%(2) |
| **13th Floor** | | | |
| 1300 | Beam Coating | D08-01-183 | 6%(2) |
| 1316 | Beam Coating | D08-01-184 | 6%(2) |
| 1317 | Beam Coating | D08-01-185 | 5%(2) |
| 1313 | Beam Coating | D08-01-186 | 8%(2) |
| 1313 | Beam Coating | D08-01-187 | 7%(2) |
| 1320 | Beam Coating | D08-01-188 | 7%(2) |
| 1300 | Beam Coating | D08-01-189 | 5%(2) |
| **12th Floor** | | | |
| 1213 | Beam Coating | D08-01-190 | 9%(2) |
| 1213 | Beam Coating | D08-01-191 | 8%(2) |
| 1211 | Beam Coating | D08-01-192 | 7%(2) |
| 1215 | Beam Coating | D08-01-193 | 4%(2) |
| 1215 | Beam Coating | D08-01-194 | 3%(2) |
| 1225 | Beam Coating | D08-01-195 | 3%(2) |
| 1230 | Beam Coating | D08-01-196 | 3%(2) |
| **42nd Floor** | | | |
| Southeast Corner | Beam Coating | D08-01-197 | 5%(2) |
| Southeast Corner | Beam Coating | D08-01-198 | 4%(2) |
| Center | Beam Coating | D08-01-199 | 3%(2) |
| Center | Beam Coating | D08-01-200 | 4%(2) |
| Northwest Corner | Beam Coating | D08-01-201 | 7%(2) |
| Northeast Corner | Beam Coating | D08-01-202 | 5%(2) |
| Center | Beam Coating | D08-01-203 | 8%(2) |

* The number in parentheses identifies the type asbestos present, as follows: (1) Amosite, (2) Chrysotile, (3) Crocidolite, (4) Anthophyllite, (5) Tremolite, and (6) Actinolite.

BCM CONVERSE INC.

PIS 00048521


RESULTS OF LABORATORY ANALYSIS OF BULK SAMPLES OBTAINED:

| LOCATION | DESCRIPTION | SAMPLE I.D. | RESULTS/TYPE ASBESTOS* |
|----------|-------------|-------------|------------------------|
| **7th Floor** | | | |
| East Hallway | Beam Coating | D08-01-232 | 8%(2) |
| East Hallway | Beam Coating | D08-01-233 | 8%(2) |
| East Hallway | Beam Coating | D08-01-234 | 7%(2) |
| East Side | Beam Coating | D08-01-235 | 6%(2) |
| East Side | Beam Coating | D08-01-236 | 7%(2) |
| West Side | Beam Coating | D08-01-237 | 9%(2) |
| West Side | Beam Coating | D08-01-238 | 7%(2) |
| **6th Floor** | | | |
| 648 | Beam Coating | D08-01-238 | 9%(2) |
| 647 | Beam Coating | D08-01-240 | 8%(2) |
| 646 | Beam Coating | D08-01-241 | 10%(2) |
| 642 | Beam Coating | D08-01-242 | 6%(2) |
| 642 | Beam Coating | D08-01-243 | 8%(2) |
| 640 | Beam Coating | D08-01-244 | 7%(2) |
| 645 | Beam Coating | D08-01-245 | 8%(2) |
| **5th Floor** | | | |
| 540A | Beam Coating | D08-01-246 | 6%(2) |
| South Hallway | Beam Coating | D08-01-247 | 10%(2) |
| South Hallway | Beam Coating | D08-01-248 | 6%(2) |
| East Hallway | Beam Coating | D08-01-249 | 8%(2) |
| Elect. Room | Beam Coating | D08-01-250 | 6%(2) |
| Elect. Room | Beam Coating | D08-01-251 | 6%(2) |
| 555 | Beam Coating | D08-01-252 | 7%(2) |
| **45th Floor** | | | |
| Lounge | Beam Coating | D08-01-253 | 6%(2) |
| Lounge | Beam Coating | D08-01-254 | 8%(2) |
| Southwest Corner | Beam Coating | D08-01-255 | 7%(2) |
| Southwest Corner | Beam Coating | D08-01-256 | 7%(2) |
| Southeast Corner | Beam Coating | D08-01-257 | 10%(2) |
| Southeast Corner | Beam Coating | D08-01-258 | 8%(2) |
| Northeast Corner | Beam Coating | D08-01-259 | 9%(2) |

* The number in parentheses identifies the type asbestos present, as
follows: (1) Amosite, (2) Chrysotile, (3) Crocidolite, (4) Anthophyllite, (5)
Tremolite, and (6) Actinolite.

BCM CONVERSE INC.

PIS 00048523

RESULTS OF LABORATORY ANALYSIS OF BULK SAMPLES OBTAINED:

| LOCATION | DESCRIPTION | SAMPLE I.D. | RESULTS/TYPE ASBESTOS* |
|---|---|---|---|
| **41st Floor** | | | |
| 4120 | Beam Coating | D08-01-260 | 7%(2) |
| 4122 | Beam Coating | D08-01-261 | 10%(2) |
| 4128 | Beam Coating | D08-01-262 | 9%(2) |
| 4126 | Beam Coating | D08-01-263 | 10%(2) |
| 4118 | Beam Coating | D08-01-264 | 10%(2) |
| 4130 | Beam Coating | D08-01-265 | 8%(2) |
| 4130 | Beam Coating | D08-01-266 | 6%(2) |
| **40th Floor** | | | |
| Elevator Room | Beam Coating | D08-01-267 | 9%(2) |
| Elevator Room | Beam Coating | D08-01-268 | 7%(2) |
| North Side | Beam Coating | D08-01-269 | 8%(2) |
| North Side | Beam Coating | D08-01-270 | 6%(2) |
| South Side | Beam Coating | D08-01-271 | 9%(2) |
| South Side | Beam Coating | D08-01-272 | 8%(2) |
| South Side | Beam Coating | D08-01-273 | 7%(2) |
| **39th Floor** | | | |
| Elevator Lobby | Beam Coating | D08-01-274 | 9%(2) |
| Elevator Room | Beam Coating | D08-01-275 | 8%(2) |
| Elevator Room | Beam Coating | D08-01-276 | 8%(2) |
| **36th Floor** | | | |
| West Side | Beam Coating | D08-01-277 | 9%(2) |
| West Side | Beam Coating | D08-01-278 | 6%(2) |
| Southwest Corner | Beam Coating | D08-01-279 | 5%(2) |
| Southeast Corner | Beam Coating | D08-01-280 | 5%(2) |
| North Side | Beam Coating | D08-01-281 | 9%(2) |
| North Side | Beam Coating | D08-01-282 | 8%(2) |
| East Side | Beam Coating | D08-01-283 | 9%(2) |
| **35th Floor** | | | |
| East Side | Beam Coating | D08-01-284 | 10%(2) |
| East Side | Beam Coating | D08-01-285 | 7%(2) |
| East Side | Beam Coating | D08-01-286 | 6%(2) |
| Northeast Corner | Beam Coating | D08-01-287 | 9%(2) |
| Northwest Corner | Beam Coating | D08-01-288 | 8%(2) |
| South Side | Beam Coating | D08-01-289 | 9%(2) |
| South Side | Beam Coating | D08-01-290 | 10%(2) |

* The number in parentheses identifies the type asbestos present, as
follows: (1) Amosite, (2) Chrysotile, (3) Crocidolite, (4) Anthophyllite, (5)
Tremolite, and (6) Actinolite.

BCM CONVERSE INC.

RESULTS OF LABORATORY ANALYSIS OF BULK SAMPLES OBTAINED:

| LOCATION | DESCRIPTION | SAMPLE I.D. | RESULTS/TYPE ASBESTOS* |
|---|---|---|---|
| 3rd Floor | | | |
| East Side | Beam Coating | D08-01-291 | 9%(2) |
| East Side | Beam Coating | D08-01-292 | 7%(2) |
| East Side | Beam Coating | D08-01-293 | 8%(2) |
| 307 | Beam Coating | D08-01-294 | 6%(2) |
| 308 | Beam Coating | D08-01-295 | 9%(2) |
| 4th Floor | | | |
| S. Mechanical Room | Beam Coating | D08-01-296 | 7%(2) |
| S. Mechanical Room | Beam Coating | D08-01-297 | 9%(2) |
| S. Mechanical Room | Beam Coating | D08-01-298 | 10%(2) |
| Hallway | Beam Coating | D08-01-299 | 8%(2) |
| Hallway | Beam Coating | D08-01-300 | 7%(2) |
| Hallway | Beam Coating | D08-01-301 | 8%(2) |
| Hallway | Beam Coating | D08-01-302 | 7%(2) |
| 4th Floor Heat Exchanger | Equipment Covering | D08-02-01 | 0% |
| 4th Floor Heat Exchanger | Equipment Covering | D08-02-02 | 0% |

LOCATION AND DESCRIPTION OF ASBESTOS-CONTAINING MATERIALS:

| QUANTITY | DESCRIPTION | LOCATION |
|---|---|---|
| 600,000 S.F. | Beam Coating | 1 - 47 Floor Steel |

BUDGET ESTIMATES FOR REMOVAL AND REPLACEMENT OF ASBESTOS MATERIALS:

| QUANTITY | DESCRIPTION | REMOVAL COST | TIME | REPLACEMENT COST | TIME |
|---|---|---|---|---|---|
| 600,000 S.F. | Beam Coating | $6,000,000 | 300 days | $6,000,000 | 300 days |

BCM CONVERSE INC.

McCrone Environmental Services, Inc.

1412 Oakbrook Drive

Suite 100

Norcross, Georgia  30093

Telephone:  404/368-9600

TRANSMITTAL OF SAMPLE RESULTS


Date: __1/6/88_____      Me Project No.:__ME-4270_____

TO: __The Prudential Insurance Company of America_____

  __Prudential Plaza  745 Broad Street  8th Floor_____

  __Newark, N.J.  07101_____

  _____


Attention: __F. Wayne Jarvis, Jr._____     Title:__Asst. General Counsel__

  and/or: __Allen Green_____     Title:  __Vice President_____

Distribution: __1__  Copies: __The Prudential Insurance Co. of America__

  _____  Copies: _____

Samples Received: __9/29/87____  Quantity:__79_____  Analyzed: __19__

  Re: _____

Client Information:  SAMPLES ANALYZED BY POLARIZED LIGHT MICROSCOPY (PLM)
                     COUPLED WITH DISPERSION STAINING.

=================================================================

Microscopist(s): __Ceresa L. Stewart_____     __Randy Boltin_____
                 __Glen Hay Falconer_____     __Juilan C. Gray_____

=================================================================

COMMENTS

__1100 Milam, Houston Natural Gas, Hyatt Regencey, Brookhollow, Brookwood Apts.,__

__Stone Forest Apts., Executive Plaza – Houston, TX & Summerfield Apts –__

Lubbock, Tx – Midland Hilton – Midland, TX

Note:  Our policy is to dispose of samples unless written notification
       is received in our office within 30 days of this report.

McCRONE ENVIRONMENTAL SERVICES, INC.
Suite 100
1412 Oakbrook Drive
Norcross, GA  30093  (404) 368-9600

BULK SAMPLE ANALYSIS

Project Number :    ME-4270                    Date analyzed :   10/C7/87

Project Name : Prudential Insurance Co. of America

Client :       SAME

Client's Sample I.D. :  MB-4

M.E. Sample I.D. No. :  870929007-4

Gross Visual Description : White  Platy Material


| ASBESTOS MINERALS: | | | | | | Estimated Percentage |
|---|---|---|---|---|---|---|
| 1 .  Chrysotile | - | - | - | - | - | 18 |
| 2 .  Amosite | | | | | | |
| 3 .  Crocidolite | | | | | | |
| 4 .  Anthophyllite | | | | | | |
| 5 .  Tremolite/Actinolite | | | | | | |
| | | | | Asbestos Total | | 18 |
| Cellulose | | | | | | |
| Paper/Wood Fibers | - | - | - | - | - | 1 |
| Glass Fibers | | | | | | |
| Mineral Wool Fibers | | | | | | |
| Perlite | | | | | | |
| Mica | - | - | - | - | - | 50 |
| Binders | - | - | - | - | - | 25 |
| Others | | | | | | |
| Granular Minerals | - | - | - | - | - | 6 |
| | | | | Total | | 100 |

Comments :    1100 Milam, Houston, L-34 E Elect. Room
              White paint detected but not included in percentages


Microscopist : Glen Hay Falconer

PIS 00048527



MATERIALS
ANALYTICAL
SERVICES

June 25, 1990


Re:  1100 Milam Building
     Houston, Texas


Based on the constituent analysis of the fireproofing
samples for the above-referenced project, it is my
opinion that the samples analyzed are Mono-Kote 3,
which was manufactured by W. R. Grace.

Worksheets reflecting our analysis are attached.



William E. Longo, Ph.D.

BUILDING:        1100 Milam Building
                 Houston, Texas

The following bulk samples from the above-referenced buildings
were analyzed and were used to form an opinion of the manufactur-
er and product.

| Bulk Sample # | Sample Location | Collected By |
|---|---|---|
| 1 | L-44 W, Electrical Room | McCrone |
| 2 | L-42 W, Electrical Room | McCrone |
| 3 | L-39 E, Hallway | McCrone |
| 5 | L-28 E, Interior | McCrone |
| 6 | L-23 W, Electrical Room | McCrone |
| 7 | 1072 Office | McCrone |
| 8 | L-12, Hot Water Heater Room | McCrone |
| 9 | 830 N.E. Office | McCrone |
| 10 | L-4 W, Mechanical Room | McCrone |

MATERIALS ANALYTICAL SERVICES, INC.

BULK ANALYSIS SHEET

Project # - Spl #: _M/647-1_                              Date: _11/17/01_

Project Name: _LAW ASSOCIATES/HATFIELD_                   Analyst: _W.B.C._
                                                          Reviewer: _____

Sample Identification: _ASI-12041  1100 MILAM BLDG._

_L-44 WEST  ELECT. ROOM._

Gross Visual Description: _LIGHT TAN. GOLD FLAKES THROUGHOUT._

_FIBERS EXPOSED._

ASBESTOS MINERALS:                  Est. Vol. %

Chrysotile . . . . . . . . . _18_
Amosite . . . . . . . . . . _____
Crocidolite . . . . . . . . _____
Tremolite/Actinolite . . . . _____
Anthophyllite . . . . . . . _____

OTHER FIBROUS COMPONENTS:

Mineral/Rock wool . . . . . _____
Fibrous glass . . . . . . . _____
Cellulose . . . . . . . . . _____
Synthetic . . . . . . . . . _____
Talc . . . . . . . . . . . _____

NON-FIBROUS COMPONENTS:

Perlite . . . . . . . . . . _____
Vermiculite . . . . . . . . _35_
Mica . . . . . . . . . . . _____
Quartz . . . . . . . . . . _____
Calcite . . . . . . . . . . _____
Gypsum . . . . . . . . . . _____
Diatoms . . . . . . . . . . _____
Other . . . . . . . . . . . _____

Binders . . . . . . . . . . _47_
_PREDOMINANTLY GYPSUM. ALSO SCATTERED GRANULAR MINERALS_

EFFERVESCENCE: _WEAK IN ISOLATED AREAS_

COMMENTS:
_No STARCH OBSERVED._

# MATERIALS ANALYTICAL SERVICES, INC.

## BULK ANALYSIS SHEET

Project # - Spl #: _M1647-2_      Date: _11/17/88_

Project Name: _LAW ASSOCIATES / HATFIELD_      Analyst: _U. R. C._
Reviewer: _____

Sample Identification: _A88-120. 48_    _1100 MILAM BLDG._

_C-42  WEST ELECT. ROOM._

Gross Visual Description: _LIGHT TAN. GOLD FLAKES THROUGHOUT. FIBERS_

_EXPOSED._

**ASBESTOS MINERALS:**      Est. Vol. %

Chrysotile . . . . . . . . . . _15_
Amosite . . . . .
Crocidolite . . . .
Tremolite/Actinolite . . . . .
Anthophyllite . . . . . .

**OTHER FIBROUS COMPONENTS:**

Mineral/Rock wool . . . . .
Fibrous glass . . . . .
Cellulose . . . . .
Synthetic . . . . .
Talc . . . . . . .

**NON-FIBROUS COMPONENTS:**

Perlite . . . . .
Vermiculite . . . . . _35_
Mica . . . . .
Quartz . . . .
Calcite . . . .
Gypsum . . . . .
Diatoms . . . . .
Other

Binders . . . . . . . _50_
_PREDOMINANTLY GYPSUM, SCATTERED GRANULAR MINERALS_

EFFERVESCENCE: _WEAK IN ISOLATED AREAS_

COMMENTS:
_NO STARCH OBSERVED.  PAINT LAYER NOT ANALYZED_

## MATERIALS ANALYTICAL SERVICES, INC.

### BULK ANALYSIS SHEET

Project # – Spl #: _M1647-3_                                    Date: _11/17/88_

Project Name: _LAW ASSOCIATES /HATFIELD_                Analyst: _W.B.C._
                                                                                       Reviewer: _____

Sample Identification: _A81-120.48    1100 MILAM BLDG._

_L-39   E   HALLWAY_

Gross Visual Description: _LIGHT TAN. GOLD FLAKES THROUGHOUT._

_FIBERS EXPOSED._


**ASBESTOS MINERALS:**                      **Est. Vol. %**

Chrysotile . . . . . . . . . . . _13_
Amosite . . . . . . . . . . . .
Crocidolite . . . . . . . . . .
Tremolite/Actinolite . . . .
Anthophyllite . . . . . . . .

**OTHER FIBROUS COMPONENTS:**

Mineral/Rock wool . . . . .
Fibrous glass . . . . . . . .
Cellulose . . . . . . . . . .
Synthetic . . . . . . . . . .
Talc . . . . . . . . . . . . .

**NON-FIBROUS COMPONENTS:**

Perlite . . . . . . . . . . .
Vermiculite . . . . . . . . _35_
Mica . . . . . . . . . . . .
Quartz . . . . . . . . . . .
Calcite . . . . . . . . . . .
Gypsum . . . . . . . . . .
Diatoms . . . . . . . . . .
Other

Binders . . . . . . . . . . . _52_
_PREDOMINANTLY GYPSUM, SCATTERED GRANULAR MINERALS_

EFFERVESCENCE: _WEAK IN ISOLATED AREAS._

COMMENTS:
_NO STARCH OBSERVED._

PIS 00060767

## MATERIALS ANALYTICAL SERVICES, INC.

## BULK ANALYSIS SHEET

Project # - Spl #: _M 1647-5_       Date: _11/17/88_

Project Name: _LAC ASSOCIATES / HATFIELD_       Analyst: _W.B.C._
Reviewer:

Sample Identification: _APP-120.48    1100 MILAM BLDG._
_L 28 NE INTERIOR._

Gross Visual Description: _LIGHT TAN. GOLD FLAKES THROUGHOUT. FIBERS_
_EXPOSED_

**ASBESTOS MINERALS:**                    Est. Vol. %

Chrysotile . . . . . . . . . . .   _13_
Amosite . . . . . . . . . . .
Crocidolite . . . . . . . . . .
Tremolite/Actinolite . . . . . .
Anthophyllite . . . . . . . .

**OTHER FIBROUS COMPONENTS:**

Mineral/Rock wool . . . . . .
Fibrous glass . . . . . . .
Cellulose . . . . . . . .
Synthetic . . . . . . . .
Talc . . . . . . . . .

**NON-FIBROUS COMPONENTS:**

Perlite . . . . . . . . .
Vermiculite . . . . . . . .   _34_
Mica . . . . . . . . .
Quartz . . . . . . . .
Calcite . . . . . . . .
Gypsum . . . . . . . .
Diatoms . . . . . . . .
Other

Binders . . . . . . . . . .   _53_
_PREDOMINANTLY GYPSUM, SCATTERED GRANULAR MINERALS_

EFFERVESCENCE: _VERY WEAK IN ISOLATED AREAS_

COMMENTS:
_NO STARCH OR SERVED._

## MATERIALS ANALYTICAL SERVICES, INC.

### BULK ANALYSIS SHEET

Project # - Spl #: _M1647-6_    Date: _11/17/81_

Project Name: _LAW ASSOCIATES / HATFIELD_    Analyst: _W. B. E._
Reviewer: _____

Sample Identification: _ARR-120.48    1100 MILAM BLDG._
_L-23 W    ELECT. RM._

Gross Visual Description: _LIGHT TAN. GOLD FLAKES THROUGHOUT._
_FIBERS EXPOSED._

**ASBESTOS MINERALS:**                    Est. Vol. %

Chrysotile . . . . . . . . . . _13_
Amosite . . . . . . . . . . ____
Crocidolite . . . . . . . . . ____
Tremolite/Actinolite . . . . ____
Anthophyllite . . . . . . . . ____

**OTHER FIBROUS COMPONENTS:**

Mineral/Rock Wool . . . . . . ____
Fibrous glass . . . . . . . . ____
Cellulose . . . . . . . . . . ____
Synthetic . . . . . . . . . . ____
Talc . . . . . . . . . . . . ____

**NON-FIBROUS COMPONENTS:**

Perlite . . . . . . . . . . . ____
Vermiculite . . . . . . . . . _35_
Mica . . . . . . . . . . . . ____
Quartz . . . . . . . . . . . ____
Calcite . . . . . . . . . . . ____
Gypsum . . . . . . . . . . . ____
Diatoms . . . . . . . . . . ____
Other . . . . . . . . . . . ____

Binders . . . . . . . . . . . _52_
_PREDOMINANTLY GYPSUM WITH GRANULAR MINERALS SCATTERED LIGHTLY THROUGHOUT._

EFFERVESCENCE: _VERY WEAK IN ISOLATED AREAS_

COMMENTS:
_NO STARCH OBSERVED._

# MATERIALS ANALYTICAL SERVICES, INC.

## BULK ANALYSIS SHEET

Project # - Spl #: _M1647-7_       Date: _11/17/88_

Project Name: _LAW ASSOCIATES / HATFIELD_    Analyst: _W.B.E._
                                                            Reviewer: _____

Sample Identification: _A88-120.48   1100 MILAM BLDG._
_1072 OFFICE_

Gross Visual Description: _LIGHT TAN. GOLD FLAKES THROUGHOUT. FIBERS_
_EXPOSED._

| ASBESTOS MINERALS: | Est. Vol. % |
|---|---|
| Chrysotile | _12_ |
| Amosite | |
| Crocidolite | |
| Tremolite/Actinolite | |
| Anthophyllite | |

OTHER FIBROUS COMPONENTS:

| | |
|---|---|
| Mineral/Rock Wool | |
| Fibrous Glass | |
| Cellulose | |
| Synthetic | |
| Talc | |

NON-FIBROUS COMPONENTS:

| | |
|---|---|
| Perlite | |
| Vermiculite | _33_ |
| Mica | |
| Quartz | |
| Calcite | |
| Gypsum | |
| Diatoms | |
| Other | |
| Binders | _55_ |

_PREDOMINANTLY GYPSUM WITH GRANULAR MINERALS SCATTERED LIGHTLY THROUGHOUT_

EFFERVESCENCE: _VERY WEAK IN ISOLATED AREAS_

COMMENTS:
_NO STARCH OBSERVED._

# MATERIALS ANALYTICAL SERVICES, INC.

## BULK ANALYSIS SHEET

Project # — Spl #: *M1647-8*    Date: *11/17/88*

Project Name: *LAW ASSOCIATES / HATFIELD*    Analyst: *V.D.E.*
Reviewer:

Sample Identification: *A88-120.48    1100 MILAM BLDG.*
*L-12   HOT WATER HEATED ROOM.*

Gross Visual Description: *LIGHT TAN. GOLD FLAKES THROUGH OUT.*
*FIBERS EXPOSED. WHITE PAINT LAYER ATTACHED*

**ASBESTOS MINERALS:**    Est. Vol. %

Chrysotile . . . . . . . . . . *13*
Amosite . . . . . . . . . .
Crocidolite . . . . . . . .
Tremolite/Actinolite . . .
Anthophyllite . . . . . .

**OTHER FIBROUS COMPONENTS:**

Mineral/Rock wool . . . . .
Fibrous glass . . . . .
Cellulose . . . . . .
Synthetic . . . . . .
Talc . . . . . . . . . .

**NON-FIBROUS COMPONENTS:**

Perlite . . . . . . .
Vermiculite . . . . . . *34*
Mica . . . . . . . .
Quartz . . . . . .
Calcite . . . . . .
Gypsum . . . . . .
Diatoms . . . . .
Other

Binders . . . . . . . . . *53*
*PREDOMINANTLY GYPSUM. SCATTERED GRANULAR MINERALS THROUGHOUT.*

EFFERVESCENCE: *VERY WEAK IN ISOLATED AREAS*

COMMENTS: *NO STARCH OBSERVED. PAINT NOT INCLUDED IN ANALYSIS.*

# MATERIALS ANALYTICAL SERVICES, INC.

## BULK ANALYSIS SHEET

Project # - Spl #: _M 1647-9_     Date: _11/17/88_

Project Name: _LAW ASSOCIATES / HATFIELD_     Analyst: _W. B. C._
Reviewer: _____

Sample Identification: _A8t-120. 48    1100 MILAM BLDG._

_830 N.E. OFFICE._

Gross Visual Description: _LIGHT TAN. GOLD FLAKES THROUGHOUT. FIBERS_

_EXPOSED._

**ASBESTOS MINERALS:**      **Est. Vol. %**

Chrysotile . . . . . . . . . . . _12_
Amosite . . . . . . . . . . .
Crocidolite . . . . . . . . .
Tremolite/Actinolite . . . . .
Anthophyllite . . . . . . . .

**OTHER FIBROUS COMPONENTS:**

Mineral/Rock wool . . . . . .
Fibrous glass . . . . . . .
Cellulose . . . . . . . .
Synthetic . . . . . . . .
Talc . . . . . . . . . .

**NON-FIBROUS COMPONENTS:**

Perlite . . . . . . . . .
Vermiculite . . . . . . . . _34_
Mica . . . . . . . . . .
Quartz . . . . . . . . .
Calcite . . . . . . . . .
Gypsum . . . . . . . . .
Diatoms . . . . . . . . .
Other . . . . . . . . .

Binders . . . . . . . . . _54_
_GYPSUM PREDOMINATES WITH FEW SCATTERED GRANULAR MINERALS THROUGHOUT._

EFFERVESCENCE: _VERY WEAK IN ISOLATED AREAS._

COMMENTS:
_NO STARCH OBSERVED._

# MATERIALS ANALYTICAL SERVICES, INC.

## BULK ANALYSIS SHEET

Project # - Spl #: _M1647-10_          Date: _11/17/88_

Project Name: _LAW ASSOCIATES / HATFIELD_    Analyst: _W.R.E._
Reviewer: _____

Sample Identification: _A88-120.48    1100 MILAM BLDG._
_L-4 W MECH. ROOM._

Gross Visual Description: _LIGHT TAN. GOLD FLAKES THROUGHOUT._
_FIBERS EXPOSED._

**ASBESTOS MINERALS:**          Est. Vol. %

Chrysotile . . . . . . . . . . _14_
Amosite . . . . . . . . . . . _____
Crocidolite . . . . . . . . . _____
Tremolite/Actinolite . . . . . _____
Anthophyllite . . . . . . . . _____

**OTHER FIBROUS COMPONENTS:**

Mineral/Rock wool . . . . . . _____
Fibrous glass . . . . . . . . _____
Cellulose . . . . . . . . . . _____
Synthetic . . . . . . . . . . _____
Talc . . . . . . . . . . . . _____

**NON-FIBROUS COMPONENTS:**

Perlite . . . . . . . . . . . _____
Vermiculite . . . . . . . . . _34_
Mica . . . . . . . . . . . . _____
Quartz . . . . . . . . . . . _____
Calcite . . . . . . . . . . . _____
Gypsum . . . . . . . . . . . _____
Diatoms . . . . . . . . . . . _____
Other . . . . . . . . . . . . _____

Binders . . . . . . . . . . . _52_
_GYPSUM PREDOMINATES, GRANULAR MINERALS ARE A SMALL PERCENTAGE._

EFFERVESCENCE: _VERY WEAK IN ISOLATED AREAS_

COMMENTS:
_NO STARCH OBSERVED._

**MATERIALS ANALYTICAL SERVICES, INC.**
3597 PARKWAY LANE, SUITE 250
NORCROSS, GA 30092
404/448-3200

TEM ANALYSIS: _Bundles_

MAS SAMPLE ID: _M-1047-10_

PROJECT: _1100 Milam Bldg_

SAMPLE NUMBER: _ARR-120.45_

DATE OF ANALYSIS: _12-12-85_

ANALYST: _____

| | Rel. Conc. | Morphology | Photo | SAED | Photo | EDS | Disc/File | Comments |
|---|---|---|---|---|---|---|---|---|
| **Asbestos Minerals:** | | | | | | | | |
| Chrysotile | | ✓ | | ✓ | | ✓ | | printout |
| | | | | | | | | |
| **Other Components:** | | | | | | | | |
| Vermiculite | | ✓ | | ✓ | | ✓ | | printout |
| Gypsum | | ✓ | | | | ✓ | | printout |
| Calcite (small amount) | | ✓ | | | | ✓ | | printout |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

NOTES:

PIS 00060774

MATERIALS ANALYTICAL SERVICES          MON 12-DEC-88   08:16
Cursor: 8.040keV = 3531



```
0.000      SI-14                          VFS = 1024    10.240
  48       M1647-10 CHRYSOTILE
```

MATERIALS ANALYTICAL SERVICES                MON 12-DEC-88   08:10
Cursor: 7.980keV = 1721



0.000        K-19                                    VFS = 1024    10.240
  50      M1647-10 VERMICULITE

PIS 00060775

MATERIALS ANALYTICAL SERVICES                MON 12-DEC-88  08:12
Cursor: 7.980KeV = 457



0.000      CA-20                                        VFS = 1024    10.240
     5     M1647-10 GYPSUM

PIS 00060777

MATERIALS ANALYTICAL SERVICES          MON 12-DEC-88   08:32
Cursor: 8.040keV = 742



0.000      CA-20                          VFS = 1024    10.240
  10.      M1647-10 CALCITE

PIS 00060778

# ACID DISSOLUTION BULK ANALYSIS

**M.A.S.**
3597 PARKWAY LANE
NORCROSS GA. 30092

ANALYSIS USING 2% SOLUTION HCl

DATE _____

Signature: _____

| NO. | SAMPLE # | P-D + SAMPLE | P-D - SAMPLE | SAMPLE WEIGHT | FILTER WEIGHT | FINAL WT + FILTER | FINAL WT - FILTER | PERCENT FINAL WT | AMOUNT IN SOLU. |
|---|---|---|---|---|---|---|---|---|---|
| 1 | M1647-10 | 9.0823g | 7.8136g | 1.2685g | 0.0169 2.5573g | 8.2450g | 0.5728g | 45.22 | 54.87. |
| 2 | | | | | | | | | |
| 3 | | | | | | | | | |
| 4 | | | | | | | | | |
| 5 | | | | | | | | | |
| 6 | | | | | | | | | |
| 7 | | | | | | | | | |
| 8 | | | | | | | | | |
| 9 | | | | | | | | | |
| 10 | | | | | | | | | |
| 11 | | | | | | | | | |
| 12 | | | | | | | | | |
| 13 | | | | | | | | | |
| 14 | | | | | | | | | |
| 15 | | | | | | | | | |
| 16 | | | | | | | | | |
| 17 | | | | | | | | | |
| 18 | | | | | | | | | |
| 19 | | | | | | | | | |
| 20 | | | | | | | | | |
| 21 | | | | | | | | | |
| 22 | | | | | | | | | |
| 23 | | | | | | | | | |
| 24 | | | | | | | | | |
| 25 | | | | | | | | | |
| XX | | | | | | | | | |

PIB 00060779



MATERIALS
ANALYTICAL
SERVICES

## ADDITIONAL BULK ANALYSIS

## STARCH VERIFICATION

Sample # _M1647-10_          Analyst _W.B. Gol_

Date _6/24/90_

1) Sample Analyzed before/after acid dissolutions

**Starch observed**                  no ✓

                                      yes _____

**Iodine test**                  positive _____
(ceiling tile only)

                              negative _____

PIS 00060780

3597 Parkway Lane • Suite 2 ·
Norcross, Georgia 30092
(404) 448-3200



MATERIALS
ANALYTICAL
SERVICES

March 26, 1991


RE:        1100 Milam Building
           Houston, Texas


The constituent analysis of additional fireproofing samples for
the above-referenced project supplements my June 25, 1990 opinion
and confirms that the samples analyzed are Mono-Kote 3, which was
manufactured by W. R. Grace.

Worksheets reflecting the analysis are attached.


William E. Longo, Ph.D.

3597 Parkway Lane • Suite 250
Norcross, Georgia 30092
(404) 448-3200    FAX (404) 368-8256