James R. Gillen
THE PRUDENTIAL INSURANCE
    COMPANY OF AMERICA
745 Broad Street
Newark, New Jersey   07101
(201) 877-7001

John S. Kingdon
Robert M. Bruskin
Lewis M. Barr
HOWREY & SIMON
1730 Pennsylvania Avenue, N.W.
Washington, D.C.   20006
(202) 783-0800

ORIGINAL FILED

OCT 2 0 1987

WILLIAM T WALSH, CLERK

IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA; PIC REALTY CORPORATION; and 745 PROPERTY INVESTMENTS, | Civil Action No. 87-4227 (HA |
| 745 Broad Street Newark, New Jersey 07101, | |
| Plaintiffs, | The Hon. Harold A. Ackerman |
| v. | |
| UNITED STATES GYPSUM COMPANY; W.R. GRACE & COMPANY; THE CELOTEX CORPORATION; UNITED STATES MINERAL PRODUCTS COMPANY; KEENE CORPORATION; PFIZER, INC.; ASBESTOSPRAY CORPORATION; and "JOHN DOE COMPANIES," fictitious names for presently unidentified entities, | Action Seeking Compensatory and Punitive Damages and Declaratory and Equitable Relief |
| Defendants. | |

COMPLAINT AND DEMAND FOR JURY TRIAL

Exhibit 1

- 2 -

Plaintiffs, by their attorneys, bring this civil action against the above-named defendants, and complain and allege as follows:

I.

## JURISDICTION AND VENUE

1.   This complaint is filed and this civil action is instituted pursuant to the jurisdiction of this Court as conferred by 28 U.S.C. § 1331, the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. §§ 9601, et seq., and by principles of pendent jurisdiction.  The matter in controversy raises questions under federal statute, and exceeds $10,000 in value, exclusive of interest and costs.

2.   Each of the defendants is found in, transacts business in, or has an agent in the District of New Jersey. Some of the claims which are the subjects of this action arose in the District of New Jersey.  Venue is proper in this District pursuant to 28 U.S.C. § 1391.

3.   An actual controversy, as more fully described herein, exists between plaintiffs and defendants.

II.

## THE PLAINTIFFS

4.   Plaintiff, The Prudential Insurance Company of America (hereinafter "Prudential") is a corporation organized and existing under the laws of the State of New Jersey, with

- 3 -

its principal place of business in Newark, New Jersey. Prudential is engaged in various states of the United States in the businesses of insurance, financial services and real estate, and employs approximately 78,000 people, including approximately 17,000 people in the State of New Jersey. Prudential is the owner or a partner in the owner of a number of the commercial office buildings, hotels and residential rental properties that are the subject of this action and listed in the Appendix to this Complaint, incorporated herein by reference.

5.    Plaintiff, PIC Realty Corporation (hereinafter "PIC Realty") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Newark, New Jersey. PIC Realty is a wholly-owned subsidiary of Prudential. PIC Realty is the owner or a partner in the owner of a number of the properties that are the subject of this action and listed in the Appendix to this Complaint.

6.    Plaintiff, 745 Property Investments is a voluntary trust association organized and existing under the laws of the Commonwealth of Massachusetts, with its principal place of business in Newark, New Jersey. Prudential is the majority shareholder and manager of 745 Property Investments. 745 Property Investments is the owner or a partner in the owner of a number of the properties that are the subject of this action and listed in the Appendix to this Complaint.

- 4 -

III.

## THE DEFENDANTS

7.   Each of the defendants at all times material to
this action has been regularly and directly engaged in the
business of designing, manufacturing, processing, marketing,
distributing, supplying and selling products containing
asbestos fiber for use as fireproofing, insulation and other
materials in the construction and maintenance of commercial and
other buildings.  One or more of the defendants at all times
material to this action has engaged in the mining of asbestos
fiber.  One or more of the defendants identified in
paragraphs 8 through 14 of this Complaint designed and
manufactured the asbestos-containing materials used in the
construction or maintenance of each of the buildings described
in the Appendix to this Complaint.  Each of the fictitiously
named defendants described in paragraph 15 of this Complaint
also designed and manufactured asbestos-containing materials
that may have been used in a number of the buildings described
in the Appendix to this Complaint.

8.   Defendant, United States Gypsum Company is a
corporation organized and existing under the laws of the State
of Delaware, with its principal place of business in Chicago,
Illinois.

9.    Defendant, W.R. Grace & Company is a corporation organized and existing under the laws of the State of Connecticut with its principal place of business in New York, New York.

10.   Defendant, The Celotex Corporation is a subsidiary of Jim Walter Corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Tampa, Florida.  Celotex Corporation is the successor in interest to the Philip-Carey Manufacturing Company, Smith & Kanzler Corporation, and the Panacon Corporation.

11.   Defendant, United States Mineral Products Company is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business in Stanhope, New Jersey.  United States Mineral Products Company is the successor in interest to Spray Craft Corporation and Asbestospray Corporation.

12.   Defendant, Keene Corporation, is a corporation organized and existing under the laws of the State of New York, with its principal place of business in New York, New York. Keene Corporation is the successor in interest to Keene Building Products Corporation, Baldwin-Ehret-Hill, Inc., Baldwin-Hill Company, Ehret Magnesia Manufacturing Company, Mundet Cork Co. and Asten Hill Manufacturing Corporation.

- 6 -

13.   Defendant, Pfizer, Inc., is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in New York, New York.

14.   Defendant, Asbestospray Corporation, is a corporation which was organized under the laws of the State of New York with its principal place of business in Brooklyn, New York.

15. Defendants, the "John Doe Companies", are an as yet undetermined number of business entities, whose identities are presently unknown, who have regularly and directly engaged in the business of designing, manufacturing, processing, marketing, distributing, supplying and selling products containing asbestos fiber for use as fireproofing, insulation and other materials in the construction and maintenance of commercial and other buildings.  Consistent with New Jersey Civil Practice Rule 4:26-4, at such time as plaintiffs learn the number and identities of the defendants described herein as "John Doe Companies", plaintiffs will seek leave to amend this Complaint in order to identify them.

IV.

NATURE OF THE CASE

16.   Asbestos is a fibrous mineral which until the 1970s was commonly used as a component in a variety of building materials for fireproofing, insulation and other purposes.

- 7 -

Some asbestos-containing building materials were sprayed onto
steel beams, girders, floor decking and ceilings.  Others were
used as plasters, tiles and other products, and were used on or
in ceilings, ventilation ducts, walls and other building
structures and surfaces.

17.  The disturbance, damage or deterioration of
asbestos-containing building materials causes the invisible
release of asbestos fibers into the ambient air, internal
surfaces and contents of buildings.  The size and shape of
asbestos fibers enable them to be readily dispersed and to
remain airborne for long periods of time.  Building occupants,
users, visitors, maintenance personnel and others risk inhaling
the airborne asbestos fibers.

18.  Exposure to airborne asbestos dust can cause a
number of serious and often fatal diseases.  Asbestos fibers
are a known human carcinogen.  The three primary health hazards
associated with the inhalation of asbestos fibers are (a) lung
cancer; (b) mesothelioma, a diffuse and invariably fatal cancer
of the membranes lining the lungs, chest cavity and abdominal
cavity; and (c) asbestosis, a disabling, irreversible and
sometimes fatal scarring of the lung tissue which prevents the
exchange of gases during breathing.  There is no level of
exposure to asbestos fibers that is known to be safe.

19.  The symptoms of asbestos diseases do not become
apparent until many years after exposure.  This latency period

- 8 -

often lasts 10 to 40 years or more before the effects of asbestos exposure manifest themselves.

20.  Each of the 53 properties identified in the Appendix to this Complaint has one or more buildings which have been found to contain or to have contained substantial amounts of asbestos-containing materials that were designed, manufactured and sold by one or more of the defendants, and used in the construction and maintenance of the buildings. Other buildings in which plaintiffs have an interest may also contain such materials and may be made the subject of this action as well.  Asbestos-containing materials in a number of the buildings have deteriorated, or have been damaged or disturbed.

21.  On information and belief, defendant United States Gypsum Company designed, manufactured and supplied asbestos-containing materials in the following properties identified in the Appendix to this Complaint:  Merabank and Trader Buildings; First Service Title Building and East Mall; Sturbridge Apartments; Carson Industrial Park; Bunker Hill Towers; MHIA Rodeway; Todd Towers; Vista Del Lago Apartments; Airport Rodeway Inn; Oaks Mall; First Florida Tower; Twin Towers; Colony Square; Comerica; 241 Building; Westroads Shopping Center; Prudential Plaza Building (Newark); Emigrant Savings Bank; 100 Park Avenue; Five Penn Center; Hyatt (Memphis); Hyatt Regency (Nashville); Rodeway Inn; Midland Hilton; Colony Parke Hotel; Fondren Place (Stone Forest)

Apartments; and possibly in other properties identified therein and in other properties in which plaintiffs have an interest.

22. On information and belief, defendant W.R. Grace & Company designed, manufactured and supplied asbestos-containing materials in the following properties identified in the Appendix to this Complaint: Merabank and Trader Buildings; First Service Title Building and East Mall; Valley Bank Center; Sturbridge Apartments; Carson Industrial Park; Bunker Hill Towers; MHIA Rodeway; Vista Del Lago Apartments; Embarcadero Center One; Embarcadero Center Two; Prudential Plaza (Denver); Airport Rodeway Inn; Oaks Mall; First Florida Tower; Century Center Complex; Pru Center (Chicago); Comerica; Northland Towers Office Complex; Northwest Financial; Salem Green Building; Westroads Shopping Center; Midland Center; 200 Market Street; Chatham Center; Hyatt (Memphis); Renaissance Tower; Executive Plaza; 1100 Milam; Houston Natural Gas Building; Colony Parke Hotel; Midland Hilton; Fondren Place (Stone Forest) Apartments; Summerfield Apartments; and possibly in other properties identified therein and in other properties in which plaintiffs have an interest.

23. On information and belief, defendant The Celotex Corporation designed, manufactured and supplied asbestos-containing materials in the following properties identified in the Appendix to this Complaint: Todd Towers; Twin Towers; Colony Square; Comerica; 241 Building; Prudential Plaza Building (Newark); Five Penn Center; and possibly in

- 10 -

other properties identified therein and in other properties in which plaintiffs have an interest.

24. On information and belief, defendant United States Mineral Products Company designed, manufactured and supplied asbestos-containing materials in the following properties identified in the Appendix to this Complaint: Todd Towers; Twin Towers; Colony Square; Comerica; 241 Building; Prudential Plaza Building (Newark); Five Penn Center; and possibly in other properties identified therein and in other properties in which plaintiffs have an interest.

25. On information and belief, defendant Keene Corporation designed, manufactured and supplied asbestos-containing materials in the following properties identified in the Appendix to this Complaint: Todd Towers; Twin Towers; Colony Square; Comerica; 241 Building; Prudential Plaza Building (Newark); Five Penn Center; and possibly in other properties identified therein and in other properties in which plaintiffs have an interest.

26. On information and belief, defendant Pfizer, Inc. designed, manufactured and supplied asbestos-containing materials in the 100 Park Avenue property, and possibly in others properties identified in the Appendix to this Complaint and in other properties in which plaintiffs have an interest.

27. On information and belief, defendant Asbestospray Corporation designed, manufactured and supplied asbestos-containing materials in the following properties

- 11 -

identified in the Appendix to this Complaint:  Todd Towers;
Twin Towers; Colony Square; Comerica; 241 Building; Prudential
Plaza Building (Newark); Five Penn Center; and possibly in
other properties identified therein and in other properties in
which plaintiffs have an interest.

28.   On information and belief, one or more of the
"John Doe Company" defendants designed, manufactured and
supplied asbestos-containing materials in the following
properties identified in the Appendix to this Complaint:  Pru
Center (Chicago); Castillo Turegano Apartments; Hunt Valley
Marriott; Northland Towers Office Complex; Palisades Building;
Ramada (Chattanooga); Brookhollow I; Short Hills Office
Buildings; Orlando Central Park No. 6; 3120 Southwest Freeway
Building; ParkCentre; Lockheed Building; and possibly in other
properties identified in the Appendix to this Complaint and in
other properties in which plaintiffs have an interest.

29.   The asbestos-containing materials designed,
manufactured and supplied by the defendants threaten a
substantial and unreasonable risk of harm.  For many years
before their relevant sales of asbestos-containing materials,
each of the defendants knew or should have known that exposure
to asbestos caused fatal and disabling diseases.  A large
number of published medical and scientific reports from the
1930s through the early 1960s documented the incidence of
asbestosis and lung cancer among those exposed to asbestos.  A
number of other published medical and scientific reports from

- 12 -

at least as early as the 1950s and early 1960s concluded that
asbestos was a cause of mesothelioma. Defendants knew or
should have known of the health hazards to building occupants
and the general public during the occupancy and demolition of
the buildings, and knew or should have known of the building
contamination hazards. Despite this knowledge, defendants
failed to warn or adequately warn foreseeable users of the
hazards associated with their asbestos-containing materials,
failed to represent accurately the risks associated with those
materials, failed to test or adequately test those materials to
determine the risks or danger in an environmental setting,
failed to develop and offer asbestos-free substitutes for those
materials, and failed to offer available asbestos-free
substitute materials. The failures of defendants to warn, to
represent accurately the risks, to test their products, and to
develop and offer substitutes were continuing in nature.

30. Plaintiffs did not know or suspect, and in the
exercise of reasonable diligence should not have known or
suspected that they had been injured by the acts and failures
to act of defendants.

31. Defendants fraudulently concealed the health
hazards associated with exposure to asbestos and acted to
hinder research that might add to knowledge about them.
Defendants also fraudulently concealed the risk of damage to
and contamination of buildings caused by the asbestos in the
building materials made by defendants.

- 13 -

32.    The means by which defendants concealed these hazards, risks and damages included suppression of medical research results, including those of the Saranac Laboratory in Saranac Lake, New York during the 1930s through the 1950s; misrepresentations during the 1960s through the mid-1980s concerning the existence, nature and extent of the hazard created by their asbestos-containing materials; misrepresentations during the 1950s through the 1970s concerning the suitability of their materials for use in buildings; efforts since the 1960s to protect their asbestos-containing materials from scrutiny by outside testing laboratories; failures during the 1960s and 1970s to disclose their internally-developed information regarding such materials hazards and risks; a refusal in 1968 to supply asbestos health risk information to the United States Public Health Service; and false and misleading answers to party and court interrogatories, conscious and willful withholding of relevant documents and a false affidavit in 1983 and 1984 regarding the asbestos health hazards knowledge of defendant United States Gypsum Company in Greenville County School District v. W. R. Grace & Co., et al. (D.S.C. Civil Action No. 6:82-3142-14).

33.    Plaintiffs could not by due diligence have discovered such hazards, risks and injuries due to the affirmative concealment by defendants until a recent investigation by plaintiffs revealed the nature and cause of

- 14 -

the hazards and injury, and the need to determine whether
remedial action, through removal and reconstruction or through
other measures, was necessary.

34. With respect to the manufacturing, marketing,
distribution, supply and sales by defendants of their
asbestos-containing materials, each defendant acted in a
reckless, willful, egregious and wanton manner, and with
conscious disregard and outrageous indifference to the
consequences to and the rights of plaintiffs. Consciously,
intentionally, in bad faith, or through gross negligence,
defendants failed to warn or adequately warn foreseeable users
of the risks associated with their asbestos-containing
materials, failed to represent accurately the risks associated
with those materials, failed to test or adequately test their
asbestos-containing materials, failed to develop and offer
asbestos-free substitute materials, and failed to offer
available asbestos-free substitute materials. Defendants acted
and failed to act in order to protect their own economic
interests in the continued profits generated by the sales and
distribution of asbestos-containing building materials, and in
order to evade responsibility for the consequences of their
prior sales and distribution thereof.

35. Plaintiffs have put in operation an inspection,
monitoring, maintenance and abatement program with respect to
the buildings described in the Appendix to this Complaint.

Because of the potential health and contamination dangers, plaintiffs have been compelled to determine the extent to which asbestos-containing materials are present in the buildings described in the Appendix to this Complaint, and the extent to which the buildings and their contents have been or may be contaminated with asbestos fibers.  Where such materials or contamination have been or are found, plaintiffs have adopted or will have to adopt costly abatement measures to remove and replace, enclose, encapsulate or repair such materials in order to eliminate the potential asbestos health hazard created by such contamination of the buildings.  Costly removal measures with stringent precautions will inevitably be required in each of these buildings no later than the renovation or demolition of each building.  Such measures and precautions are now required by a number of governmental entities.

36.   In leasing a building or parts thereof, the United States Government has required and requires that the owners certify there is no asbestos in the building.   If asbestos is found, the owners are obligated to abate the hazard at their own expense.

37.   The use of the buildings identified in the Appendix to this Complaint has and will be impaired due to the presence in them of the asbestos-containing materials of defendants.  Because of the contamination caused by these products in the buildings, plaintiffs have paid and will

- 16 -

continue to pay the substantial costs of abatement and building monitoring actions, building survey and testing costs, tenant relocation costs, operations and maintenance program costs for asbestos-containing materials before their removal from buildings, and other costs associated with the contamination or potential contamination of the buildings. Plaintiffs have also suffered and will suffer, among other damages, the loss of rental income from the buildings during abatement procedures or due to premature tenant departures, and the diminution in the commercial value of the properties.

38. Many occupants, users, visitors, maintenance personnel and others in the buildings owned by plaintiffs may require future medical or health surveillance or monitoring relating to asbestos as a further result of actions and failures to act by defendants.

## COUNT ONE

### Hazardous Substance Disposal and Release

39. Plaintiffs incorporate herein by reference paragraphs 1 through 38 of this Complaint.

40. By virtue of the design, manufacture, sale and distribution by defendants of asbestos-containing materials to be incorporated in the buildings identified in the Appendix to this Complaint, and within the meaning of the Comprehensive Environmental Response, Compensation and Liability Act,

42 U.S.C. §§ 9601 et seq. (hereinafter "CERCLA"), defendants are persons (42 U.S.C. § 9601(21)) who have arranged and are responsible for the disposal (42 U.S.C. §§ 9607(a)(3) and 9601(29)) of asbestos, a hazardous substance (42 U.S.C. § 9601(14)(D) and (E), in facilities (42 U.S.C. § 9601(9)) from which the hazardous substance has been and will continue to be released into the environment (42 U.S.C. § 9601(22)).

41. Because of the release and threatened release of this hazardous substance into the environment, costly inspection, monitoring, maintenance and abatement measures by plaintiffs have been and will be necessary response actions (42 U.S.C. § 9601(23) and (24)) consistent with the National Contingency Plan (40 C.F.R. Part 300) for responding to releases of hazardous substances.

42. The actions and failures to act by defendants have directly, foreseeably and proximately caused damage and injury to plaintiffs, which includes but is not limited to physical harm to and contamination of the buildings, and the expense of testing, monitoring and abatement response actions to remedy and eliminate the asbestos-containing product hazards in those facilities, for which recovery is allowed under CERCLA. 42 U.S.C. § 9607(a)(3)(B).

- 18 -

## COUNT TWO

### Strict Liability

43. Plaintiffs incorporate herein by reference paragraphs 1 through 42 of this Complaint.

44. At the time of the design, manufacture, processing, marketing, distribution and sale of their asbestos-containing products, defendants knew or had reason to know that these products would be used by the plaintiffs or their predecessors in interest as the ultimate users or consumers.

45. The asbestos-containing products were sold by defendants in a defective condition unreasonably dangerous to the property of the plaintiffs. These products were expected to and did reach the users or consumers without substantial change in their original condition.

46. The asbestos-containing products designed, manufactured, processed, marketed, distributed and sold by the defendants were defective, unsafe and unreasonably dangerous in that they were incapable of being made safe for their ordinary and intended uses.

47. Defendants failed to warn or provide plaintiffs or their predecessors in interest with adequate warnings regarding the risks and dangers inherent in exposure to their asbestos-containing products, and failed to test or adequately test their products.

- 19 -

48. The actions and failures to act of defendants directly, foreseeably and proximately caused damage and injury to plaintiffs, including but not limited to physical harm to and contamination of the buildings identified in the Appendix to this Complaint, and the expense of testing, monitoring and abatement of asbestos-containing product hazards in those buildings.

COUNT THREE

Negligence

49. Plaintiffs incorporate herein by reference paragraphs 1 through 48 of this Complaint.

50. At the time defendants caused asbestos products to be sold and placed in the buildings identified in the Appendix to this Complaint, and at all other times material hereto, defendants knew or should have known in the exercise of ordinary and reasonable care that their asbestos-containing products would be used for fireproofing, insulation and other purposes in such buildings.

51. At all times material hereto, defendants designed, manufactured, processed, marketed, distributed and sold asbestos-containing products that defendants knew or should have known in the exercise of reasonable care were inherently dangerous, defective, hazardous and created unreasonable risks of harm to persons and damage to commercial buildings.

52.   Defendants owed a duty to plaintiffs to exercise reasonable care in designing and manufacturing their products to avoid subjecting the buildings identified in the Appendix to the Complaint, and occupants and users thereof, to the unreasonable risk of harm created by the presence of asbestos-containing products in the buildings.

53.   In breach of this duty, each of the defendants failed to warn or notify, or adequately warn or notify, plaintiffs or their predecessors in interest of the asbestos content of or the risks associated with these products. Defendants also failed to test, or adequately test, their asbestos-containing products to determine the risks or danger in an environmental setting, failed to develop and offer asbestos-free substitute products, and failed to offer available asbestos-free substitute products.   Defendants also failed to represent accurately in sales literature, advertisements and trade publications the risks associated with these products.   Defendants also failed to remove or recommend the removal of asbestos-containing products from the market, or to undertake responsibility to test, remove, and replace those products in the buildings of plaintiffs.

54.   The negligence of defendants, as described above, directly, foreseeably and proximately caused damage and injury to plaintiffs, including but not limited to physical harm to and contamination of the buildings identified in the Appendix

to this Complaint, and the expense of testing, monitoring and abatement of asbestos-containing product hazards in those buildings.

## COUNT FOUR

### Breach of Express Warranties

55. Plaintiffs incorporate herein by reference paragraphs 1 through 54 of this Complaint.

56. Defendants expressly warranted, directly or through sales literature, advertisements and trade publications, that their asbestos-containing products were safe and non-toxic, fully tested, and suitable and desirable for use in commercial buildings.

57. Plaintiffs, or their agents, representatives or predecessors in interest, relied upon the express warranties by defendants described above.

58. Defendants breached their express warranties because their asbestos-containing products were not safe and non-toxic, were not fully tested, and were not suitable and desirable for use in commercial buildings.

59. The breaches by defendants of their express warranties have directly, foreseeably and proximately caused damage and injury to plaintiffs, including but not limited to physical harm to and contamination of the buildings identified in the Appendix to this Complaint, and the expense of testing,

- 22 -

monitoring and abatement of the asbestos-containing product hazards in those buildings.

## COUNT FIVE

### Breach of Implied Warranties

60. Plaintiffs incorporate herein by reference paragraphs 1 through 59 of this Complaint.

61. Defendants impliedly warranted that the asbestos-containing products they manufactured and sold were of good and merchantable quality, and fit for their intended purpose, and that their specification for use in the buildings owned by plaintiffs was proper in all respects.

62. Defendants breached their implied warranties because their asbestos-containing products were not of good and merchantable quality and were not fit for their intended purposes in the buildings owned by plaintiffs.

63. Plaintiffs were foreseeable and intended users of the products sold by defendants. Plaintiffs, or their agents, representatives or predecessors in interest, foreseeably relied upon the warranties, skill, expertise and judgment of defendants in assuming that the asbestos-containing products manufactured and sold by defendants would perform as warranted, would be safe, and would not cause property damage to plaintiffs or endanger the health of persons occupying or using the buildings identified in the Appendix to this Complaint, and

- 23 -

would not result in substantial testing, monitoring and
abatement costs.

64. The breaches by defendants of their implied
warranties have directly, foreseeably and proximately caused
damage and injury to plaintiffs, including but not limited to
physical harm to and contamination of the buildings identified
in the Appendix to this Complaint, and the expense of testing,
monitoring and abatement of the asbestos-containing product
hazards in those buildings.

## COUNT SIX

### Fraud and Misrepresentation

65. Plaintiffs incorporate herein by reference
paragraphs 1 through 64 of this Complaint.

66. The asbestos-containing products manufactured and
sold by defendants, and placed in the buildings identified in
the Appendix to this Complaint, were purchased in reliance upon
various statements and representations made by defendants
directly or through advertisements, sales literature and trade
publications during the 1950s, 1960s and 1970s. Those
statements and representations were made for the purpose of
inducing reliance thereon and the purchase of the products
manufactured by defendants. Such statements and
representations included, but were not limited to,
representations that those asbestos-containing products were

safe and non-toxic, fully tested, and suitable and desirable for use in commercial buildings. In addition, defendants failed to disclose and concealed the dangers of their asbestos-containing products despite their superior knowledge of such dangers and their superior opportunity to discover such dangers.

67. Each of the above statements and representations, and others by defendants, was false, incomplete, and untrue, and was known by defendants to be false, incomplete and untrue when made. Each was made with the intention to deceive and defraud, and to induce the purchase and use in buildings of the asbestos-containing products manufactured by defendants. Plaintiffs and their agents, representatives and predecessors in interest, had no knowledge of the falsity, incompleteness or untruth of the statements and representations of defendants when they purchased the asbestos-containing products manufactured by defendants or purchased the buildings containing those products.

68. Plaintiffs, and their agents, representatives and predecessors in interest, had a right to rely on and did rely on such statements and representations. Each of the statements and representations of defendants was material to the purchases of the asbestos-containing products of defendants in that plaintiffs or their agents, representatives or predecessors in interest would not have purchased those asbestos-containing

products if they had known that the statements and
representations of defendants were false, incomplete and untrue.

69.  The false, incomplete and untrue statements and
representations of defendants have directly, foreseeably and
proximately caused damage and injury to plaintiffs, including
but not limited to physical harm to and contamination of the
buildings identified in the Appendix to this Complaint, and the
expense of testing, monitoring and abatement of the
asbestos-containing product hazards in those buildings.

## COUNT SEVEN

### Unfair and Deceptive Trade Practices

70.  Plaintiffs incorporate herein by reference
paragraphs 1 through 69 of this Complaint.

71.  The actions and failures to act of defendants,
including false representations regarding the goods they sold,
constitute unfair and deceptive acts and practices under Ariz.
Rev. Stat. Ann. §§ 44-1521 et seq.; Ark. Stat. Ann. §§ 70-901
et seq.; Colo. Rev. Stat. § 6-1-101 et seq.; Ill. Rev. Stat.
ch. 121.5, para. 261 et seq.; La. Rev. Stat. Ann. §§ 51:1401 et
seq.; Minn. Stat. Ann. §§ 325D.43 et seq.; Neb. Rev. Stat.
§§ 59-1601 et seq.; N.J. Stat. Ann. §§ 56:8-1 et seq.; N.Y.
General Business Law §§ 349 et seq.; Okla. Stat. tit. 15,
§§ 751 et seq.; Tenn. Code Ann. §§ 47-18-101 et seq.; Tex. Bus.
& Comm. Code Ann. §§ 17.41 et seq.

72.   The unfair and deceptive trade acts and practices of defendants have directly, foreseeably and proximately caused damage and injury to plaintiffs, including but not limited to physical harm to and contamination of the buildings identified in the Appendix to this Complaint, and the expense of testing, monitoring and abatement of the asbestos-containing product hazards in those buildings.

### COUNT EIGHT

#### Civil Conspiracy

73.   Plaintiffs incorporate herein by reference paragraphs 1 through 72 of this Complaint.

74.   On information and belief, defendants combined and conspired to conceal, suppress, and ignore medical and scientific information they possessed relating to the hazards of exposure to asbestos, and to fail to warn the public and users of that information, thereby depriving them of the opportunity to decide for themselves whether or not to risk exposure to the asbestos-containing products of defendants.

75.   The combination and conspiracy of defendants provided them with additional power to inflict injury, physical harm and damages upon plaintiffs.

76.   The tortious combination and conspiracy of defendants has directly, foreseeably and proximately caused damage and injury to plaintiff, including but not limited to physical harm to and contamination of the buildings identified

- 27 -

in the Appendix to this Complaint, and the expense of testing,
monitoring and abatement of the asbestos-containing product
hazards in those buildings.

## COUNT NINE

### Restitution

77. Plaintiffs incorporate herein by reference
paragraphs 1 through 76 of this Complaint.

78. As a result of the actions and failures to act by
defendants, including failures to warn, to test and to develop
substitutes, defendants have a duty to test, monitor and abate
the resulting hazards. Plaintiffs hereby demand that
defendants perform that duty. On information and belief,
defendants have refused similar demands by others, and
defendants have not volunteered to perform that duty. Prior
demands by plaintiffs would have been futile.

79. As a result of the failure and refusal by
defendants to perform their duty by taking appropriate action
to test, monitor and abate the resulting hazards in the
buildings identified in the Appendix to this Complaint, the
direct, foreseeable and proximate damage and injury to
plaintiffs includes but is not limited to physical harm to and
contamination of the buildings, and the expense of testing,
monitoring and abating the asbestos-containing product hazards
in those buildings, for which defendants should make
restitution.

- 28 -

## COUNT TEN

### Declaratory Judgment

80.   Plaintiffs incorporate herein by reference paragraphs 1 through 79 of this Complaint.

81.   The occupants, users and visitors in the buildings described in the Appendix to this Complaint and in other buildings, have been or may have been exposed to asbestos fibers or asbestos particles.  Such persons may initiate legal action against plaintiffs to recover damages allegedly caused by such exposure, or to recover damages for their costs incurred in monitoring or abatement actions they have undertaken.

82.   Plaintiffs are and will be entitled to full and complete indemnification from the defendants of and from all claims or actions of any nature brought against plaintiffs for compensatory or punitive damages, including attorneys' fees and litigation costs and expenses, relating to any injury, damage or loss alleged to have been caused in whole or in part by exposure to or the presence of asbestos in the buildings of plaintiffs.  Plaintiffs are entitled to a declaration of rights and obligations to this effect pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

### PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectfully pray that:

- 29 -

(a)  Defendants be adjudged in violation of the
Comprehensive Environmental Response, Compensation and
Liability Act and liable for the costs of response actions
which have been and will be undertaken by plaintiffs;

(b)  Plaintiffs be awarded judgment against
defendants for the actual damages sustained by reason of the
conduct of defendants, and such damages as are allowed under
the applicable trade practice statutes;

(c)  Plaintiffs be awarded judgment against
defendants for punitive and exemplary damages in such amount as
will serve to deter similar conduct by defendants and others;

(d)  Plaintiffs be awarded their reasonable
attorneys' fees and the costs of this suit;

(e)  Plaintiffs be awarded declaratory relief to
the effect that plaintiffs are and will be entitled to full and
complete indemnification from the defendants of and from all
claims and actions of any nature brought against plaintiffs for
compensatory or punitive damages, including attorneys' fees and
litigation costs and expenses, relating to any injury, damage
or loss alleged to have been caused in whole or in part by
exposure to or the presence of asbestos in the buildings
identified in the Appendix to this Complaint;

(f)  Defendants be enjoined to undertake and pay
for the necessary future medical or health surveillance or
monitoring of occupants, users, visitors, maintenance personnel
and others in buildings owned by plaintiffs, and be enjoined

- 30 -

from further violations of the Comprehensive Environmental Response, Compensation and Liability Act; and

(g)  Plaintiffs be awarded such other and further relief as this Court deems just and proper.

DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand trial by jury of this action.

James R. Gillen
THE PRUDENTIAL INSURANCE
   COMPANY OF AMERICA
745 Broad Street
Newark, New Jersey   07101
(201) 877-7001

John S. Kingdon
Robert M. Bruskin
Lewis M. Barr
HOWREY & SIMON
1730 Pennsylvania Avenue, N.W.
Washington, D.C.   20006
(202) 783-0800

By: _____
        James R. Gillen

Attorneys for Plaintiffs

Dated: October 20, 1987

APPENDIX TO COMPLAINT IN
THE PRUDENTIAL INSURANCE COMPANY OF AMERICA
v. UNITED STATES GYPSUM COMPANY, ET AL.

| Property Name | Address |
|---|---|
| Merabank and Trader Building | 3003 North Central Avenue Phoenix, AZ |
| First Service Title Building and East Mall | 3033 North Central Avenue Phoenix, AZ |
| Valley Bank Center | 201 North Central Avenue Phoenix, AZ |
| Sturbridge Apts. | 1400 Old Forge Drive Little Rock, AR |
| MHIA Rodeway Inn | 101 South State College Blvd. Orange, CA 92668 |
| Carson Industrial Park | Carson, CA 90740 |
| Bunker Hill Towers | 222 & 234 S. Figueroa Los Angeles, CA  90012 |
| Todd Towers | 888 North Sepulveda El Segundo, CA  90245 |

| Property Name | Address |
|---------------|---------|
| Vista Del Lago Apts. | Adams Avenue and Mesa Verde Drive Costa Mesa, CA |
| Embarcadero Center Two | San Francisco, CA  94111 |
| Embarcadero Center One | San Francisco, CA  94111 |
| Lockheed Building | 645 Almanor Avenue Sunnyvale, CA  94086 |
| Prudential Plaza | 1050 17th Street Denver, CO  80265 |
| Airport Rodeway Inn | 4590 Quebec Street Denver, CO |
| Oaks Mall | 6419 Newberry Road Gainesville, FL 32605 |
| Orlando Central Park No. 6 | 6900 South Orange Blossom Trail Orlando, FL  32809 |
| First Florida Tower | 111 Madison St. Tampa, FL  33602 |
| Century Center Complex | Century Parkway Atlanta, GA  30345 |
| Twin Towers | Peachtree Street, NE Atlanta, GA  30303 |

- 3 -

| Property Name | Address |
|---|---|
| Colony Square | 100 Colony Square, NE<br>Atlanta, GA  30361 |
| Pru Center | One Prudential Plaza<br>Chicago, IL 60601 |
| Castillo Turegano Apts. | 680 La Palco Blvd.<br>Gretna, LA |
| Hunt Valley Marriott | I-83 at Shawn Road<br>Hunt Valley, MD |
| Comerica Building | 151 South Rose Street<br>Kalamazoo, MI 49007 |
| Northland Towers Office Complex | Eight Mile and Greenfield Roads<br>Southfield, MI |
| 241 Building | Abbot Road<br>East Lansing, MI |
| Palisades Bldg. | 535-70 Sandhurst Avenue<br>Roseville, MN |
| Northwest Financial Building | 7900 Xerxes Ave. South<br>Bloomington, MN 55431 |
| Salem Green Apts. | 1475 Salem Church<br>Inver Grove Heights, MN |

- 4 -

| Property Name | Address |
|---|---|
| Westroads Shopping Ctr. | 102 Dodge Street<br>Omaha, NE 68105 |
| Prudential Plaza Bldg. | 745 Broad Street<br>Newark, NJ 07101 |
| Short Hills Office Buildings | 51 John F. Kennedy Parkway<br>Millburn, NJ  07078 |
| Emigrant Savings Bank | 6 East 43rd Street<br>New York, NY |
| 100 Park Avenue | 100 Park Avenue<br>New York, NY |
| Midland Center | 134 Robert S. Kerr Avenue<br>Oklahoma City, OK  73102 |
| ParkCentre | 525 South Main<br>Tulsa, OK  74103 |
| 200 Market Street | 200 Market Street<br>Portland, OR |
| Five Penn Center | 16th & Market Sts.<br>Philadelphia, PA |
| Chatham Center | 5th Avenue, Crosstown<br>  Expressway<br>Pittsburgh, PA |

| Property Name | Address |
| --- | --- |
| Hyatt | 939 Ridge Lake Blvd. Memphis, TN  38119 |
| Hyatt Regency | 623 Union St. Nashville, TN  37219 |
| Ramada | 200 23rd St. Chattanooga, TN |
| Renaissance Tower | 1201 Elm Street Dallas, TX  75270 |
| Executive Plaza | 4615-35 Southwest Freeway Houston, TX  77027 |
| Brookhollow I | 2800 North Loop West Houston, TX  77092 |
| 1100 Milam | 1100 Milam Houston, TX  77002 |
| Houston Natural Gas Building | 1200 Travis Houston, TX 77002 |
| 3120 Southwest Freeway Building | Houston, TX |
| Rodeway Inn | 833 North Watson Road Arlington, TX  76011 |

- 6 -

| Property<br>Name | Address |
|---|---|
| Colony Parke Hotel | 6060 North Central Expressway<br>Dallas, TX |
| Midland Hilton | Wall and Loraine Streets<br>Midland, TX |
| Fondren Place (Stone<br>Forest) Apts. | 9801 Fondren Road<br>Houston, TX   77096 |
| Summerfield Apts. | 4901 Fourth Street<br>Lubbock, TX   79416 |