IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al. | ) | CASE NO. 01-01139 (JKF) |
| | ) | |
| Debtors | ) | (Jointly Administered) |
| | ) | |
| | ) | RESPONSE OF CLAIMANT |
| | ) | BUILDING LABORERS LOCAL 310 |
| | ) | TO DEBTORS' FIFTEENTH OMNIBUS |
| | ) | OBJECTION TO ASBESTOS |
| | ) | <u>PROPERTY DAMAGE CLAIMS</u> |

Now comes Claimant, Building Laborers Local 310, by and through the undersigned counsel, and Responds to the Objections filed with respect to Claim #2785 and Claim #879.

## I. DESCRIPTION AND BASIS FOR CLAIM

This is a property damage claim for costs incurred during the abatement of Monokote-3 fireproofing insulation in the headquarters of the Building Laborers Union Local 310. Total cost of the abatement, begun by Precision Environmental Co. in 1998, is $541,570. Documents reflecting these costs were filed with the court on January 18, 2002 with a Proof of Claim in Claim #2785. (See Exhibit A, attached). A Property Damage Proof of Claim form was filed with the Claims Agent on February 8, 2003 and acknowledged on March 6, 2004. (See Exhibit B, attached).

Claim #879 was filed without Claimant's authorization by Speights and Runyan, and represents the same basis for claim. Therefore, Claimant requests that its claims be consolidated and proceed under Claim #2785.

## II.    FACTUAL BASIS AND SUPPORTING LEGAL ARGUMENT

For bankruptcy purposes, a "debt" is a liability on a "claim." 11 U.S.C. § 101(12). "By fashioning a single definition of "claim" for the 1978 Bankruptcy Code, Congress intended to adopt the broadest available definition of that term. *Pennsylvania Public Welfare Dep't v. Davenport,* 495 U.S. 552, 558, 110 S.Ct. 2126, 2130, 109 L.Ed.2d 588 (1990); *Johnson v. Home State Bank,* 501 U.S. 78, ----, 111 S.Ct. 2150, 2154-55, 115 L.Ed.2d 66 (1991). " *In Re Matter of Udell* 18 F.3d 403, 406 (7th Cir. 1994).

Initially, the burden of proof for claims brought in the bankruptcy court pursuant to 11 U.S.C.A. 502(a) rests with the claimant to allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is "*prima facie*" valid. Fed. Rules Bankr. Proc., R. 3001(f), *In re Allegheny Intern., Inc.* 954 F.2d 167, 173 (3d Cir.,1992), *In re Holm,* 931 F.2d 620, 623 (9th Cir.1991). If the debtor objects <u>and produces sufficient evidence to negate one or more of the sworn facts in the proof of claim</u>, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence. *In re Allegheny Intern., Inc.* 954 F.2d 167, 174 (emphasis added); *See In re WHET, Inc.,* 33 B.R. 424, 437 (Bankr.D.Mass.1983).

The debtors in the instant case have offered no evidence to support their objections, but have set forth only general and unspecific objections to the claims. Therefore, Debtors objections should be overruled for their failure to meet the requisite evidentiary burden.

Nonetheless, claimant will address the objections raised by debtors in this case, as follows.

**(A) Claim No. 2785**

(1)     Exhibit C-3(F): Claims accompanied by bulk sampling data which is inconsistent, or which is insufficient to determine whether inconsistent, with a Grace product.

Debtors first allege that this claim is accompanied by bulk sampling data which is inconsistent with or insufficient to determine the presence of a Grace product. Claimant is in possession of a bill of sale indicating that 125 bags of Monokote fireproofing was shipped from Zonolite Construction Products Division of W.R. Grace & Co. for installation at the Local 310 Union Hall on or about June 21, 1972. (See Exhibit C, attached). Clearly, the fireproofing material at issue in the union hall originated with W.R. Grace. Therefore, Debtors' objection C-3(F) should be overruled with respect to this Claimant.

(2)     Exhibit D-2 and D-4: Claims barred by Statutes of Limitation – Actual and Constructive Notice

Debtors' amended omnibus motion exhibit list removes Claim No. 879 from the list of claimants whose claims are barred by the statute of limitations based upon the claimants' actual knowledge of their claims. Because Claim No. 879 and Claim No. 2785 are the same claim and should be consolidated, as discussed above, Claimant respectfully requests this court to find that this Claimant filed its claim within the applicable statute of limitations.

In the alternative, Debtors' argument that Claimant had actual or constructive notice of property damage such that its claim is now time-barred is governed by Ohio

3

law, and must fail. The statute of limitations in Ohio for damage to property is 4 years. O.R.C. 2305.09(D). "A cause of action for asbestos removal accrues when the plaintiff discovers or in the exercise of reasonable diligence should have discovered that the asbestos constitutes a hazard requiring abatement. 'Hazard requiring abatement' means that the premises are contaminated by the asbestos to the extent that a potential health hazard to occupants exists." *NCR Corp. v. U.S. Mineral Products Co.* 72 Ohio St.3d 269, 269, 649 N.E.2d 175, 175 (Ohio, 1995). Knowledge that there is asbestos in the building and that asbestos in general may be hazardous is insufficient to establish that a claim has accrued. *Id.* Ohio courts have further held that a claim for property damage caused by asbestos accrues on the date of abatement. *Columbus Board of Education v. Armstrong World Industries, Inc.* 89 Ohio App.3d 846, 627 N.E. 1033 (1993). Thus, constructive notice of the damage to the property caused by the asbestos cannot be imputed to the Claimant prior to 1998. The Claimant had four years from the date of discovery of the hazard requiring abatement to file a claim for damage to the property caused by asbestos.

Asbestos testing of the Local 310 premises in April of 1998 indicated the presence of asbestos-containing fireproofing. Abatement of this hazard took place in 1998 and in 2001, and a Proof of Claim was filed in this case with the Bankruptcy court on January 18, 2002. Even if this court determined that the claim accrued on the date of the testing report, Claimant asserted its claim within four years of the applicable discovery date. Therefore, the Claimant's filing was within the 4 year statute of limitation in filing its claim prior to April, 2002.

4

(3)     Exhibit D-6: Claims barred by Laches

The Claimant filed its Proof of Claim within the applicable statute of limitation, as discussed above. Where a statute of limitation is found to apply, courts of equity generally do not generally apply laches before the limitation period has run. *Dole v. Hopple Plastics, Inc.* 902 F.2d 33, 1990 WL 51409, 3 (6th Cir., 1990) citing *Cleveland Newspaper Guild, Local 1 v. Plain Dealers Pub. Co.,* 839 F.2d 1147, 1157 (6th Cir., 1988) (en banc). Upon a clear showing of special circumstances, however, the defense of laches may be asserted prior to the expiration of the statute of limitations. *Thirty-Four Corp. v. Sixty-Seven Corp.* 15 Ohio St.3d 350, 353, 474 N.E.2d 295, 298 (1984). "The elements of the laches defense are: (1) conduct on the part of the defendant giving rise to the situation of which complaint is made and for which the complainant seeks a remedy; (2) delay in asserting the complainant's rights, the complainant <u>having had knowledge or notice of defendant's conduct</u> and having been afforded an opportunity to institute a suit; (3) <u>lack of knowledge or notice on the part of the defendant</u> that the complainant would assert the right on which he bases his suit; and (4) injury or prejudice to the defendant in the event relief is accorded to the complainant." *Stevens v. National City Bank* 45 Ohio St.3d 276, 285, 544 N.E.2d 612, 621 (1989) citing *Smith v. Smith* 168 Ohio St. 447, 455, 7 O.O.2d 276, 280, 156 N.E.2d 113, 119 (1959) (emphasis added).

Knowledge of the offending conduct is the key here. As discussed above, the statute of limitations for damage to property caused by asbestos starts to run when there exists a "hazard requiring abatement." For this Claimant, that clock began to run in 1998, when it was made aware of the need for and began incurring expense for

asbestos abatement. Therefore, Claimant cannot be deemed to have had knowledge or notice of defendant's conduct until the testing in 1998 revealed that the asbestos hazard must be abated. Debtors' laches argument must fail.

(4)     Exhibit E-3: Claims providing irrelevant air sampling data

Debtors claim that the Claimant provided "irrelevant air sampling data" as indication that a W.R. Grace product damaged the premises in question. However, Claimants have also provided bulk sampling data and a bill of sale for Monokote-3 fireproofing insulation with respect to the building. Even if the air sample data is irrelevant, it must be considered merely cumulative evidence of asbestos infiltration in the premises. Therefore, Debtors' objection E-3 should be overruled with respect to this Claimant.

**(B) Claim No. 879**

The arguments regarding the form of the claim asserted in Claim No. 879 must fail because the Building Laborers' Union Local 310 claim was submitted under Claim No. 2785 with the proper accompanying documentation as discussed above. However, Claimant will briefly address the exhibits submitted by Debtors with respect to Claim No. 879.

(1)     Exhibit A-3: PD Claims no submitted on PD claim forms

Claimant's claims were submitted on official property damage claim forms, as attached, pursuant to Claim No. 2785. Claim No. 879 was filed, without authorization, by the law firm of Speights and Runyan. Claimant's case should proceed according to its filings in Claim No. 2785.

>   (2)   Exhibit B-2: Previously settled claims

This claim has not been settled with the authorization of the Claimant. If a settlement was reached with the law firm of Speights and Runyan in Claim No. 879, it was without the consent of the Claimant. Claimant's case should proceed according to its filings in Claim No. 2785.

>   (3)   Exhibit C-1(C): Missing basic information about property at issue

Claimant has included pertinent information about the property's use, the approximate date of construction, the approximate square footage and the number of floors in the Proof of Claim Form properly filed in Claim No. 2785.

>   (4)   Exhibit C-1(D): Missing basic information about claimant's knowledge

Claimant has included information regarding its knowledge of the date of installation of the product, the date that the Claimant learned that the product contained asbestos, the date the Claimant learned of the presence of asbestos on the property, and any prior asbestos lawsuits in the Proof of Claim Form properly filed in Claim No. 2785.

>   (5)   Exhibit C-3(A): Claims not supported by any product identification documentation and which (1) do not answer or (2) provide a non-responsive answer to Question 3-C-13

Claimant has provided product identification in the Proof of Claim Form properly filed in Claim No. 2785.

> (6) Exhibit C-3(E): Claims that fail to provide any supporting documentation relating to product identification

Claimant has provided documents relating to product identification in the Proof of Claim Form properly filed in Claim No. 2785.

> (7) Exhibit C-3(D): Claims supplying documentation relating to product identification but such documentation is insufficient to establish use of a Grace asbestos-containing product.

As discussed above, Claimant is in possession of a bill of sale indicating that 125 bags of Monokote fireproofing was shipped from Zonolite Construction Products Division of W.R. Grace & Co. for installation at the Local 310 Union Hall on or about June 21, 1972. (See Exhibit C, attached). Clearly, the fireproofing material at issue in the union hall originated with W.R. Grace. Therefore, Debtors' objection C-3(D) should be overruled with respect to this Claimant.

> (8) Exhibits D-2 and D-4: Claims barred by Statutes of Limitation – Actual and Constructive Notice

Debtors' amended omnibus motion removes Claim No. 879 from the list of Claimant's whose claims are barred by the statute of limitations based upon the Claimants' actual knowledge of their claims. (Exhibit D-2). As discussed above, knowledge that there is asbestos in a building and that asbestos in general may be hazardous is insufficient to establish that a claim has accrued. *NCR Corp.* 72 Ohio St.3d 269, 269. Requiring damage to the property to have occured before the accrual of an asbestos property damage action is well-established. *Farm Credit Bank of Louisville v.*

*U.S. Mineral Products Co.* 864 F.Supp. 643, 651 (W.D.Ky.,1994) citing *Heider v. W.R. Grace & Co.*, No. 89-C-9067, 1990 WL 129347, at 2, 1990 U.S.Dist. LEXIS 11137, at 5 (N.D.Ill. Aug. 21, 1990) ("contamination" a prerequisite for accrual of an asbestos property damage claim); *Kansas City v. W.R. Grace & Co.*, 778 S.W.2d 264, 268 (Mo.App.W.D.1989) ("In order for a cause of action in tort for asbestos contamination to accrue, release of toxic asbestos fibers into the environment is necessary together with the ability to ascertain a substantial and unreasonable risk of harm from the release of the toxic asbestos fibers."); *May v. AC & S, Inc.* 812 F.Supp. 934, 942 (E.D.Mo.1993) (holding "contamination" required before cause of action accrued). Moreover, as discussed above, the Claimant asserted its claim in a timely fashion, and this objection should be overruled.

(9) Exhibit D-6: Claims barred by Laches

As discussed above, courts of equity generally do not apply laches before the limitation period has run where a statute of limitation is found to apply. *Dole v. Hopple Plastics, Inc., supra,* citing *Cleveland Newspaper Guild, Local 1 v. Plain Dealers Pub. Co., supra.* Here, Claimant cannot be deemed to have had knowledge or notice of defendant's offending conduct until the testing in 1998 revealed that the asbestos hazard must be abated. Debtors' laches argument must therefore fail.

(10) Exhibit E-1: Claims providing no measurement of relevant asbestos levels

Claimant provided air sampling data reflecting the subject property's asbestos levels in the Proof of Claim Form properly filed in Claim No. 2785.

9

### III. CONCLUSION

For the above-stated reasons, Claimant, Building Laborers Union Local 310, requests this honorable court consolidate claims no. 879 and 2785 for all further proceedings and overrule each and every objection filed by Debtor with respect to all claims asserted by this Claimant.

Respectfully submitted,

ROTATORI, BENDER, GRAGEL, STOPER
& ALEXANDER CO., L.P.A.
By:   Richard L. Stoper, Jr. (0015208)
      Cara L. Santosuosso (#0069635)
Leader Building, Suite 800
526 Superior Avenue, Cleveland, Ohio 44114
Telephone: (216) 928-1010
csantosuosso@rotatori.com
Counsel for Claimant Laborers Local 310

## CERTIFICATE OF SERVICE

A copy of the foregoing Response to Debtors' Fifteenth Omnibus Objection of was served by First Class U.S. Mail this __17th__ day of October, 2005 upon:

David M. Bernick
Michelle Browdy
Janet S. Baer
KIRKLAND & ELLIS, LLP
200 East Randolph Drive
Chicago, IL 60601
Counsel for Debtors

Laura Davis Jones
James E. O'Neill
PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB, P.C.
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
Local Counsel for Debtors

Frank J. Perch
844 King Street
Suite 2313, Lockbox 35
Wilmington, DE 19801
Lead Attorney, United States Trustee

Scott M. Baena
Jay Sakalo
BILZIN, SUMBERG, BAENA, PRICE & AXELROD, LLP
200 S. Biscayne Boulevard, Suite 2500
Miami, FL 33131-5340
Counsel for Official Committee of Asbestos Property Claimants

Lisa L. Coggins
FERRY, JOSEPH & PEARCE, P.A.
824 Market Street
Suite 904
Wilmington, DE 19801
Local Counsel for Official Committee of Asbestos Property Claimants

_____
CARA L. SANTOSUOSSO
Counsel for Claimant Laborers Local 310

11