Responses served to:

a) Katherine Phillips, Kirkland and Ellis LLP
200 East Randolph Dr, Chicago,IL 60601

b) Pachulski, Stang, Ziehl, Young, Jones and Weintraub P.C.
Attention James O'Neill
919 North Market street, 16th Floor, PO Box 8705
Wilmington, Delaware 19899-8705

c) United States Clerk of the Bankruptcy Court
For the District of Delaware
Case No 01-01139 (JKF)
Docket No 9384 In re> W.R. Grace & Co,et al, Debtors
Honorable judge Judith K. Fitzgerald
824 Market street, Wilmington, Delaware,19899

This letter is to support the damage claim against W.R. Grace & co products, et al and a response to object and oppose the relief sough by W.R. Grace Co's " Fifteen omnibus Objection".

1-As a PD claimant I object to the "Fifteen Omnibus Objection" because the filing of multiple objections to thousands of property damage claims in one Omnibus objection violates the local rules of the Bankruptcy Court. This is for the 4003 Claimants.

2-I object to the "Fifteen Omnibus Objection" because many of us Claimants can not with certainty be sure whether our claims are implicated or apply by the "Fifteen Omnibus Objection" to us, specially the Claimants that do not have legal counsel available to us. Further, to make the process to identify what a Claimant,out of the 4003, is affected by the Omnibus, W.R. Grace and Co filed a revision just on September 16th, 2005. This has not given consideration to regular folks to manage this massive information in less than a month. Myself,I received the updated revision on September 19th, 2005.

3- The Fifteen Omnibus Objection is certain to be unmanageable by the regular Claimant without legal counsel.

4-My legal claim against W.R. Grace is of the Claim type as of now; it has not been settled, it has not been satisfied and it has not been improperly submitted. I did provide sufficient information (laboratory analysis of the material)for the claim within the legal time frame required. My claim against W.R. Grace is for Cost of removal, abatement, Disposal, diminishing of property value, and economic damage while abating and removing their faulty hazardous product, Asbestos material.

1

5-I seek that this Claim be paid in full when the Debtors Plan be approved, I seek that the Debtor's Plan be approved by at least 75% of the Claimants as per Bankruptcy Code, section 524(g)

6-claimant: **Jamie G. Shartzer, (415) 740-4331   Claim # 4382**
**Objection exhibit D4**
Damage to my property by W.R. Grace products was not done while this home was being built. Home was built in 1952. The property was purchased in August 21, 2001. I became aware of the existence of asbestos in the property in December 2002. Previously there is no information disclosed of faulty materials of hazardous materials in the home purchase documents as is the case of asbestos as per OSHA, CFR, and the California CCR. Analysis were made in March 14th, 2003; they revealed a 60% asbestos material as thhe constituent.
Therefore your claim that this claim has been failed after the longest applicable statute of limitation is non supported. Indeed the chain of situations shows that as soon as I became aware of the faulty, hazardous waste products from W.R. Grace I took action and filed this claim before the legal deadline of March 31, 2003, this is on March 17th, 2003. Documents are available to support this claim.
Your statement (15th omnibus objection pg 35) that" after the period has run, no legal action can be brought" has no standing. The claim was filed before the filing deadline of 31 March, 2003 within a reasonable time frame considering I purchased the home in August 21, 2002 and immediately after I became aware of the hazard in my property.
Thus, precedent of "Traer vs Clews" does not have a standing to consider my claim a stale claim.

7- claimant: **Jamie G. Shartzer, (415) 740-4331   Claim # 4382**
**Objection exhibit D6.**

As stated above, the claim against W.R. Grace and Co was filed immediately after I became aware of the faulty hazardous asbestos material in my property. Home purchased in August 21, 2002, knowledge of asbestos content material on December 2002, and filed claim on March 17th 2003, right before the legal deadline for claims.
As stated above, no information was disclosed, mentioned or existent when the home-property was purchased on August 21, 2002.
As per definition Doctrine of Laches may be excused from ignorance of the party's rights; from the obscurity of the transaction; by the pendency of a suit, and; where the party labors under a legal disability, as insanity, infancy and the like.
As stated above the following three conditions for Laches to applied on my claim DO not exist.
1. Unreasonable lapse of time- I acted within a reasonable time to present claim, from December 2002 to a claim on March 17th, 2003, not unreasonable time lapse.

2. Neglect to assert a right or claim. Neglect is not part of my claim; claim asserted after knowledge of the asbestos Lab results on March 14, 2003.

2

3. To the detriment of another. -Detriment to my property for the claim of faulty material and hazardous material such as the asbestos material.
Therefore, my claim can NOT be barred since W.R. Grace has not proved negligence on the claim filing or an unreasonable lapse of time to assert the claim.
"Conduct of party which has placed other party in a situation where his rights will be imperiled and his defenses embarassed is a basis of laches. State v. Abernathy, 159 Tenn. 175, 17 S.W.2d 17, 19. Knowledge, unreasonable delay, and change of position are essential elements. Shanik v. White Sewing Mach. Corporation, 25 Del.Ch. 371, 19 A.2d 831, 837. Laches requires an element of estoppel or neglect which has operated to prejudice of defendant. Scarbrough v. Pickens, 26 Tenn.App. 213, 170 S.W.2d 585, 588."

"Neglect or omission to assert right as, taken in conjunction with lapse of time and other circumstances, causes prejudice to adverse party, People ex rel. Mulvey v. City of Chicago, 292 Ill.App. 589, 12 N.E.2d 13, 16; neglect or omission to do what one should do as warrants presumption that one has abandoned right or claim, Eldridge v. Idaho State Penitentiary, 54 Idaho 213, 30 P.2d 781, 784; negligence by which another has been led into changing his condition with respect to property or right, Heyburn Bldg. Co. v. Highland Motor Transfer Co., 245 Ky. 514, 53 S.W.2d 944, 946; negligence or omission seasonably to assert a right, Davidson v. Grady, C.C.AFla., 105 F.2d 405, 408; omission of something which a party might do and might reasonably be expected to do towards vindication or enforcement of his rights, McCauley v. Northern Texas Traction Co. Tex.Civ.App., 21 S.W.2d 309, 313; omission to do what law requires to protect one's rights under circumstances misleading or prejudicing adverse party; unconscionable, undue, unexcused, unexplained or unreasonable delay in assertion of right, Loveland Camp No. 83, W. O. W., v. Woodmen Bldg. & Benev. Ass'n, 108 Colo. 297, 116 P.2d 195, 199; unreasonable or unexplained delay in asserting right which works disadvantage to another, Kennedy v. Denny, 237 Ky. 649, 36 S.W.2d 41, 42."
W.R. Grace states that I, as claimant, prejudice W.R. Grace by filing this claim. This statement is absurd since I am the one that is exposed to this faulty hazardous material on a daily basis. I am the one prejudiced and not W.R. Grace company.

8- claimant: **Jamie G. Shartzer, (415) 740-4331   Claim # 4382**
**Objection exhibit –E-1.**

As a Claimant, I provide an asbestos Certified analysis results to W.R. Grace and Co on the claim of March 17th, 2003.
- a) Air or dust sampling data is irrelevant on this claim. The asbestos is at the property; the asbestos is a faulty hazardous material that is present on the property and claimants' family is exposed to the asbestos effects

3

b) The home was built in 1952. The material sold by W.R. Grace is hazardous waste as defined by the State of California and EPA.
c) W.R. Grace contradicts itself on the statement of the "Fifteen Omnibus Objection", page 39. "Asbestos fibers must be on the air to pose a health risk and the fibers to represent a hazard to human beings only if they are breathed into the lungs in sufficient quantities over a sufficiently long period of time to cause disease." Indeed most claimants will not show a disease because the effects will show up many years after these claims are processed. Grace wants the claimants to show a current harm, when itself is stating that takes "sufficiently long periods of time."
d) Air samples are not needed to show damage or harm to humans in material that is 60% asbestos in a 53 year old house.
e) Asbestos is per se a hazardous material to humans as per Title 8, section 1529(B)1. Where the state demands that asbestos material should have a warning such as" Danger, Asbestos. Cancer and Lung Disease Hazard. Respirators and protective clothing required. This is the material in my home; we are expose to it daily without any protective clothing.
f) This is the EPA general information given to the public in relation to asbestos hazards:
"Information on Asbestos Obtaining Information on Asbestos EPA's asbestos message, most clearly enunciated in 1990 and the years since, can be stated rather simply: Asbestos is a problem because, as a toxic substance and a known carcinogen, it can cause several serious diseases in humans. Symptoms of these diseases typically develop over a period of years following asbestos exposure. Asbestos-containing materials (ACM) in buildings do not always pose a problem (that is, a hazard) to occupants and workers in those buildings. When can ACM become a problem? When asbestos fibers get into the air and are inhaled; that is, when there is human exposure. Intact, undisturbed asbestos-containing materials generally do not pose a health risk. They may become hazardous and pose increased risk when they are damaged, are disturbed in some manner, **or deteriorate over time and thus release asbestos fibers into building air.**"

As per OSHA regulations these are the permissible exposure of asbestos for employees that work exposed 8 hours to them. We are exposed more than 8 hours a day: ..1910.1001(c)

1910.1001(c)
Permissible exposure limit (PELS) --
1910.1001(c)(1)
Time-weighted average limit (TWA). The employer shall ensure that no employee is exposed to an airborne concentration of asbestos in excess of 0.1 fiber per cubic centimeter of air as an eight (8)-hour time-weighted average (TWA) as determined by the method prescribed in Appendix A to this section, or by an

4

equivalent method.
1910.1001(c)(2)
Excursion limit. The employer shall ensure that no employee is exposed to an airborne concentration of asbestos in excess of 1.0 fiber per cubic centimeter of air (1 f/cc) as averaged over a sampling period of thirty (30) minutes as determined by the method prescribed in Appendix A to this section, or by an Determinations of employee exposure shall be made from breathing zone air samples that are representative of the 8-hour TWA and 30-minute short-term exposures of each employee.
1910.1001(d)(1)(ii)

a) Representative 8-hour TWA employee exposures shall be determined on the basis of one or more samples representing full-shift exposures for each shift for each employee in each job classification in each work area. Representative 30-minute short-term employee exposures shall be determined on the basis of one or more samples representing 30 minute exposures associated with operations that are most likely to produce exposures above the excursion limit for each shift for each job classification in each work area. If requested, air samples would be analysed and results forwarded to Grace and Co.

In conclusion, the fact that the faulty hazardous material manufactured, sold, and handled by W.R. Grace and subsidiaries makes it inherently harmful and hazardous to humans. The damage at a personal level is physical when exposed to even 0.1 fibers per cc. My property is a 53 year old house that while on good shape, will see eventually crumbling of the hazardous material with an eventual exposure to occupants of the home.
Damage and harm also will be existent when the house would be remodeled, when the material would have to be abated, disposed, by means of professional personnel. Long term harm from this material can NOT be quantified as of now since effects take as quoted by Grace and Co " sufficiently long term periods of time…"

Jamie Shartzer
Asbestos Claimant against W.R. Grace and Co et al.
24172 Zorro Court, Hayward, CA 94541
415-740-4331

5