IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In Re: W.R. Grace

Chapter 11

Case No. 01-1139 (JKF)
Jointly Administered

## BNSF'S RESPONSE TO DEBTOR'S FIFTEENTH OMNIBUS OBJECTION TO ASBESTOS PROPERTY DAMAGES CLAIMS

Burlington Northern Santa Fe ("BNSF"), by and through its attorneys, Burns, White & Hickton, LLC, files the within response to Debtor's Fifteenth Omnibus Motion to its Asbestos Property Damage Claims (Claim Nos. 8250, 8251 and 8252):

### BACKGROUND

1. BNSF's properties, in and around its rail yards in Denver, Colorado, Libby, Montana and Minot, North Dakota have been exposed to asbestos containing products either through hauling products of W.R. Grace and/or its entities or proximity to the plants of W.R. Grace or its entities.

2. At the request and direction of the Environmental Protection Agency, BNSF took steps to remedy the exposed properties.

3. On April 2, 2001, the above-captioned Debtors filed a voluntary petition for protection from creditors pursuant to Chapter 11 of Title 11 of the United States Code.

4. BNSF timely filed Proofs of Claim for asbestos property damage to its properties located in the effected areas. The Proofs of Claim included relevant information regarding the steps taken by BNSF to remove the asbestos affected materials and air and soil sampling results prepared by EMR, Inc. regarding the affected properties.

5. In July 2005, at the request of Debtor, BNSF provided supplemental materials to its Proofs of Claims.

6. On September 1, 2005, the Debtors filed the Debtors' Fifteenth Omnibus Objection (Substantive) with this Court.

7. The Omnibus Objection requests this Honorable Court to disallow BNSF's property damage claims #8250, 8251 and 8252.

8. Debtor's objections are without merit and without support in relevant case law and under the Bankruptcy Code. See 11 U.S.C. § 502.

9. BNSF's claims are deemed allowed pursuant to 11 U.S.C. § 502(a).

10. Debtor has failed to provide clear and convincing evidence that the BNSF's claims are invalid.

11. The Bankruptcy Court "does not have discretion to disallow claims for reasons beyond those stated in the statute"(i.e. 502). In re Cluff, 313 B.R. 323 (D. Utah 2004).

12. The Court can only consider Debtor's objections if the objections fall into one of the nine categories stated in 11 U.S.C. 502 (b).

13. Debtor's objections with regard to BNSF's three (3) Proofs of Claim do not fit within the nine categories stated in 11 U.S.C. 502(b).

14. BNSF's claims are facially valid and/or provided Debtor with sufficient notice of their claims.

15. The purpose of requiring a creditor to timely file a proof of claim is to alert the bankruptcy court, trustee, and other creditors, as well as the debtor to the existence of the particular claim so as to facilitate the orderly administration of the bankruptcy case. In re L. Meyer & Son Seafood Corp., 188 B.R. 315 (Bankr.S.D.Fla.1995); In re Evanston Motor Co.,

Inc., 20 B.R. 550, 551 (Bankr.N.D.Ill.1982), *rev'd on other grounds,* 26 B.R. 998 (N.D.Ill.1983), *aff'd,* 735 F.2d 1029 (7th Cir.1984); In re Norris Grain Co., 81 B.R. 103, 106 (Bankr.N.D.Fla.1987).

16. Bankruptcy Rule 3001 simply prescribes that a proof of claim must be "a written statement setting forth a creditor's claim [and] shall conform substantially to the appropriate official form." *See* In re Bargdill, 238 B.R. 711, *717 (Bkrtcy.N.D.Ohio,1999).

17. The purpose of a proof of claim is only to put the Debtor on notice of its claims, not to provide Debtor with enough information to formulate an expert report.

18. Information, such as results of soil and air samples, can be sought by Debtor through discovery during the litigation phase of this matter.

19. Therefore, Debtor's objections to BNSF's claims are invalid and without merit.

**CLAIM #8250**
**111 SOUTH NAVAJO STREET (WEST OF THIS SITE) DENVER CO**
**OBJECTIONS: C-1 (b), E-1, G-3**

**First Objection-Exhibit C-1(b): No claimant signature**

20. Objection C-1(b) alleges that BNSF has failed to sign its Proof of Claim.

21. No signature appears on Claim #8250; however, Claim #8250 was submitted with 117 other claims which were signed by counsel at BNSF, Peter Lee.

22. BNSF's claim provided Debtor with proper notice of its claim.

23. Debtor has not been prejudiced by BNSF's failure to sign the Proof of Claim.

24. BNSF requests that this Honorable Court grant BNSF leave to have to resubmit its Proof of Claim Form #8250 signed retroactive to the date on which it was submitted.

**Second Objection-Exhibit E-1: Claims providing no measurement of relevant asbestos levels**

25. Debtor's objection E-1 alleges that the claim did not provide a measurement of relevant asbestos levels.

26. BNSF attached relevant air and soil sample information for claim #8250 to its Proof of Claim form.

27. Furthermore, the Proof of Claim form does not require that said sampling information be provided.

28. Based on the above, BNSF submits that it provided sufficient information to Debtors to support its Proof of Claim.

**Third Objection-Exhibit G-3: Other Category II claims**

29. Debtor's Third Objection states seven possible alleged defects with the Proof of Claim.

30. BNSF cannot properly respond to this objection as Debtor's objections are vague and ambiguous.

31. Debtor's objections do not properly narrow the alleged deficiencies in the claims.

32. Furthermore, Debtor's objections raised in G-3 do not state an allowable objection to the claim pursuant to 11 U.S.C. § 502 (b); therefore, BNSF is not required to respond to said objection.

CLAIM # 8251
P.O. BOX 789 LIBBY MT
<u>OBJECTIONS:  C-1 (a), C-1 (b), E-1, G-3</u>

**First Objection-Exhibit C-1(a): Missing Basic Property Address Information**

33. Debtor's objection C-1(a) alleges that BNSF failed to provide basic property address information for its claim.

34. BNSF's Claim # 8251 is for property damage to over 1 million square feet of its rail yard located in Libby, Montana.

35. BNSF provided the proper mailing address for the property.

36. BNSF also provided a map of the property as part of its response to question #42 which indicates the location on the property where the soil sampling was conducted.

37. As is evidenced by the information set forth above, BNSF provided adequate information for Debtor to determine where the property was located.

38. The information provided was sufficient to put Debtor on notice of its claim.

**Second Objection-Exhibit C-1(b): No claimant signature**

39. Debtor's objection C-1(b) alleges that BNSF has failed to sign its Proof of Claim.

40. No signature appears on Claim #8250; however, Claim #8251 was submitted with 117 other claims which were signed by counsel at BNSF, Peter Lee.

41. Furthermore, BNSF submitted supplemental materials for Claim #8521 which were signed by BNSF's counsel.

42. BNSF's claim provided Debtor with proper notice of its claim.

43. Debtor has not been prejudiced by BNSF's failure to sign the Proof of Claim.

44. BNSF requests this Honorable Court to allow BNSF to resubmit its Proof of Claim Form #8251 signed retroactive to the date on which it was submitted.

**Third Objection- Exhibit E-1 Claims providing no measurement of relevant asbestos levels**

45. Debtor's objection E-1 alleges that BNSF has failed to provide measurements of relevant asbestos level through air or dust sampling.

46. BNSF provided soil and rock sampling data for Claim #8251. Additionally, BNSF provided supplemental materials to Claim #8251 including additional sample data.

47. BNSF has provided sufficient information to put Debtor on notice of its claim.

48. BNSF will provide an expert report on the sampling as required by this Court as the litigation progresses.

49. Debtor's objection to BNSF proof of claim is premature.

**Third Objection-Exhibit G-3: Other Category II claims**

50. BNSF cannot properly respond to this objection as Debtor's objections are vague and ambiguous.

51. Debtor's objections do not properly narrow the alleged deficiencies in the

52. Furthermore, Debtor's objections raised in G-3 do not state an allowable objection to the claim pursuant to 11 U.S.C. § 502 (b); therefore, BNSF is not required to respond to said objection.

**CLAIM # 8252**
**801 4TH AVENUE NORTHEAST MINOT ND**
**OBJECTIONS: C-2, E-1, G-3**

**First Objection- Exhibit C-2: Claims that did not attach requested documents**

53. Debtor objects C-2 alleges that BNSF failed to attach requested documents.

54. The Proof of Claim form specifically states that if the creditor does not have

documents relating or referring to testing or sampling, to explain why not and indicate who may have possession or control of such documents.

55. BNSF specifically indicated that at the time the Proof of Claim was submitted that it had not completed its testing on the property and specifically indicated that EMR, Inc. would have possession of those documents when testing was completed.

56. The Proof of Claim form does not require that the sampling data be completed at the time of the submission, it only asks if it has been completed.

57. BNSF's response provided sufficient information to support its claim and fully complied with the request for the location of the testing information.

**Second Objection-Exhibit E-1: Claims providing no measurement of relevant asbestos levels**

58. Debtor's objection E-1 alleges that BNSF has failed to provide measurements of relevant asbestos levels.

59. As is set forth above, at the time BNSF submitted its Proof of Claim, the testing on the relevant property was not completed.

60. BNSF provided the name and location of the firm conducting the testing as requested by the form.

61. Furthermore, the Proof of Claim did not require that BNSF provide the sampling information, but only requested the location of the results if not in BNSF's possession.

62. At all times relevant hereto, BNSF provided Debtor with the information sufficient to support its Proof of Claim and to place Debtor on notice of the existence, nature and scope of the claim.

**Third Objection-Exhibit G-3: Other Category II claims**

63. BNSF cannot properly respond to this objection as Debtor's objections are

vague and ambiguous.

64. Debtor's objections do not properly narrow the alleged deficiencies in the Claims for BNSF to properly respond.

65. Furthermore, Debtor's objections raised in G-3 do not state an allowable objection to the claim pursuant to 11 U.S.C. § 502 (b); therefore, BNSF is not required to respond to said objection.

## CONCLUSION

66. Debtor's objections should be overruled as they fail to state a an objection as required by 11 U.S.C. § 502 (b).

67. BNSF has provided Debtor with sufficient information, test results, addresses and information sufficient to establish its claims and put Debtor on notice of its claims.

WHEREFORE, Burlington Northern Santa Fe respectfully requests that this Honorable Court overrule Debtor's Objections in its Fifteenth Omnibus Motion.

Respectfully submitted,

BURNS, WHITE & HICKTON, LLC

By: _____
Richard A. O'Halloran, Esquire
Attorney for BNSF

531 Plymouth Road, Suite 500
Plymouth Meeting, PA 19462
(610) 832-1111

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In Re:  W.R. Grace                                  Chapter 11

                                                    Case No. 01-1139

CERTIFICATE OF SERVICE

I, Richard A. O'Halloran, Esquire, certify that I mailed via UPS Overnight Delivery, on this 21st day of October 2005, a true and correct copy of the foregoing Response of BNSF to Debtor's Fifteenth Omnibus Motion to the following:

Kirkland & Ellis, LLP
Attn: Katherine Phillips
200 East Randolph Drive
Suite 6500
Chicago, Illinois 60601

Pachulski, Stang, Young, Jones & Weintraub, P.C.
Attn: David W. Carickhoff, Jr.
919 Market Street
16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

Richard A. O'Halloran, Esquire
Attorney for BNSF