## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **W. R. GRACE & CO., et al.,**[1] | ) | **Case No. 01-01139 (JKF)** |
| | ) | **(Jointly Administered)** |
| **Debtors.** | ) | |
| | ) | **Re: Docket No.9314 and 10/24/05 Agenda Item** |
| | ) | **No. 10** |

## ORDER GRANTING THE RELIEF SOUGHT IN DEBTORS' FOURTEENTH OMNIBUS OBJECTION TO CLAIMS (NON-SUBSTANTIVE)

Upon the Fourteenth Omnibus Objection to Claims (the "Fourteenth Omnibus Objection")[2] filed by the above captioned debtors and debtors in possession (the "Debtors"), seeking entry of an order expunging and disallowing certain Claims; and no previous application having been made; and upon consideration of the Fourteenth Omnibus Objection and all responses thereto; and due and proper notice of the Fourteenth Omnibus Objection having been given, it is hereby

---

[1]    The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners 1, Inc., (f/k/a Grace Cocoa Limited Partners 1, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2]    Capitalized terms used but not defined herein are as defined in the Fourteenth Omnibus Objection.

ORDERED that, except as hereinafter stated, the relief sought in the Fourteenth Omnibus Objection is granted to the extent not inconsistent with the language herein and with the Exhibits attached hereto; and it is further

ORDERED that the Objection to each of the No Supporting Documentation Claims filed by Thomas Lewis and Mark M. Kovacich of the law firm of Lewis, Slovak, & Kovacich, P. C. listed on Exhibit A to this Order is withdrawn. This withdrawal is without prejudice and the Debtors retain their right to pursue their objections to such claims set forth in the Debtors' Fifteenth Omnibus Objection or otherwise object upon any other grounds in the future upon proper notice and consistent with applicable law.; and it is further

ORDERED that the Objection to each of the Claims listed on Exhibit B to this Order which relate to Zonolite Attic Insulation or similar products ("ZAI") is withdrawn and the claims are reclassified as ZAI Claims. This withdrawal is without prejudice and the Debtors retain their right to object to the claims listed on Exhibit B on any ground in the future upon proper notice and consistent with applicable law. The Debtors also retain the right to require the claimants listed on Exhibit B to file their ZAI Claims on specialized ZAI Proof of Claim Forms in the event the Court so orders such specialized claim form; and it is further

ORDERED that the Objection to Claim No. 1724 filed by William Wittenberg is withdrawn. This withdrawal is without prejudice and the Debtors retain their right to pursue their objections to such claims set forth in the Debtors' Fifteenth Omnibus Objection or otherwise object upon any other grounds in the future upon proper notice and consistent with applicable law; and it is further

ORDERED that the Objection to Claim No. 15310 of Macerich Fresno Limited Partnership is withdrawn, Claim No. 15310 is consolidated with Claim No. 12758 and separate Claim No. 15310 is expunged. This withdrawal is without prejudice and the Debtors retain their

2

rights to pursue their objections to Claims 15310 and 12758, as consolidated, as set forth in the Debtors' Fifteenth Omnibus Objection, or otherwise object upon any other grounds in the future upon proper notice and consistent with applicable law.; and it is further

ORDERED that the Objection to Claim No. 1413 of Edward Kerr on the basis of No Supporting Documentation is sustained and Claim No. 1413 is expunged and disallowed; and it is further

ORDERED that, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, made applicable in the contested matter by Rules 7054 and 9014 of the Federal Rules of Bankruptcy Procedure, the Court hereby directs entry of a final judgment with respect to the claims objections as to which relief is entered by this Order, the Court having determined that there is no just reason for delay in the entry of judgment on these matters; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: October 24, 2005

_____
Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

3