IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JJF) |
| | ) | (Jointly Administered) |
| | ) | Re: Docket No 9314- |
| Debtors. | ) | Re: Agenda No. 10 |

### STIPULATION CONCERNING WITHDRAWAL OF OBJECTION AND RECLASSIFICATION OF CERTAIN CLAIMS

This stipulation is entered into this 17th day of October, 2005, between W.R. Grace & Co. and its affiliates (collectively, the "Debtors") and Darrell W. Scott, counsel for the claimants identified herein ("Claimants").

1. On April 22, 2002, this Court issued its Bar Date Order which established March 31, 2003 as the Bar Date for the filing of certain pre-petition (a) non-asbestos, (b) asbestos property damage and (c) medical monitoring claims. A bar date has not been set at this time for asbestos personal injury claims and claims related to Zonolite Attic Insulation ("ZAI Claims").

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

K&E 10762438.1

2. The Claimants have filed the following proofs of claim against the Debtors:

| Claim Number | Claimant Name |
|---|---|
| 2971 | William Becker |
| 2972 | William Becker |
| 3893 | Alan Beltz |
| 3891 | Carol Beltz |
| 15343 | Eino and Aili Koski |
| 15344 | Daniel Kwas |
| 13908 | Shawn and Amy Nolan |
| 5149 | Robert Nowak |
| 5580 | Clarke Russ |
| 2560 | Eddie Taylor |
| 13907 | Jay Wilkinson* |
| 15345 | Gladwin Worden |

3. On September 1, 2005, the Debtors filed their Fourteenth Omnibus Objection to Claims (Non-Substantive) (the "14th Omnibus Objection") and their Fifteenth Omnibus Objection to Claims ("15th Omnibus Objection") in which the Debtors sought to disallow and expunge the claims set forth above on various grounds (hereafter referred to as the "Listed Claims").

4. The Debtors have discovered that although most of the Listed Claims were filed on asbestos property damage claim forms, the claims are not traditional asbestos property damage claims, but instead are ZAI Claims.

5. As a result, the Debtors have agreed to withdraw the objections to the Listed Claims set forth in the 14th and 15th Omnibus Objections and reclassify the Listed Claims as ZAI

---

* The parties acknowledge that this claim is a Masonry Fill claim, not a ZAI claim. However, the Debtor intend to address Masonry Fill claims in the same manner as ZAI claims and not to include such claims in the current traditional asbestos property damage claims objections.

2

Claims. However, this withdrawal is without prejudice and the Debtors reserve the right to object to the Listed Claims on any grounds in the future upon proper notice and consistent with applicable law. The Debtors also reserve the right to require the Claimants to file their ZAI Claims on specialized ZAI Proof of Claim Forms in the event the Court so orders such specialized claim form.

6. The Debtors will include the withdrawal of the Listed Claims and reservation of rights outlined herein in the proposed orders relating to the 14th and 15th Omnibus Objections presented to the Court at the October 24, 2005 omnibus hearing.

7. Each party executing this Stipulation represents that such party has the full authority and legal power to do so. This Stipulation may be executed in counterparts and each such counterpart together with the others shall constitute one and the same instrument. The parties further agree that facsimile or e-mail signatures hereon shall be deemed to be original signatures. This Stipulation shall be binding upon and inure to the benefit of each of the parties, and upon their respective assignees, successors and/or partners.

8. This Stipulation constitutes the complete expression of the agreement of the parties hereto concerning the subject matter hereof, and no modification of or amendment to this Stipulation shall be valid unless it is in writing and signed by the party or parties to be charged.

9. The Bankruptcy Court shall retain jurisdiction to enforce this Stipulation and all matters relating hereto.

10. The Debtors shall direct the Claims Agent, Rust Consulting, Inc., to mark the Claims Register reflect that the Listed Claims are ZAI Claims.

3

STIPULATED AND AGREED:

By: /s/ Darrell W. Scott

Darrell W. Scott
The Scott Law Group, A.S.
926 W. Sprague Ave.
Suite 583
Spokane, WA 99201
Telephone: (509) 455-3966
Facsimile: (509) 455-3906

*Attorney for the Claimants*

W. R. GRACE & CO., et al.

By: /s/ Janet S. Baer

One of their attorneys
KIRKLAND & ELLIS LLP
Michelle Browdy
Janet S. Baer
200 East Randolph Drive
Chicago, Illinois 60601-6636
Telephone: (312) 861-2000
Facsimile: (312) 861-2200.

-and-

PACHULSKI, STANG, ZIEHL, YOUNG,
JONES & WEINTRAUB P.C.

Laura Davis Jones ( No. 2436)
James E. O'Neill (No. 4042)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: 302) 652-4100
Facsimile: (302) 652-4400

*Attorneys for Debtors
and Debtors-in Possession*

4