IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | |
| | Chapter 11 |
| W. R. GRACE & CO., et al. | Case No. 01-01139 (JKF) |
| Debtors. | |

**Claim No. 11,301 by OLDON LIMITED PARTNERSHIP**

RESPONSE AND OPPOSITION OF OLDON LIMITED PARTNERSHIP TO
OBJECTIONS CONTAINED IN DEBTORS' FIFTEENTH OMNIBUS OBJECTION
(SUBSTANTIVE) TO ASBESTOS PROPERTY DAMAGE CLAIMS

PLEASE TAKE NOTICE that Oldon Limited Partnership, a Massachusetts limited partnership with a mailing address at 214 Maple Street, Holyoke, Massachusetts, 01040, Telephone (413) 532-0779 (hereinafter "Oldon"), filed Proof of Claim No. 11301 in the captioned case.

Oldon's claim relates to the presence of asbestos in the ground as the by-product of the manufacture of Zonolite insulation at a facility on Wemelco Way in Easthampton, Massachusetts (the "Plant"). The Plant was constructed for Debtor by Oldon in 1963 leased to, and operated continuously by, Debtor as a manufacturing facility for Zonolite insulation from 1963 until the Plant was closed in 1992.

Oldon first became aware of the possibility that the Plant might be contaminated in late 1999 or early 2000 as a result of the media attention given to Debtor's mining operations in Libby, Montana. The press reported that vermiculite containing asbestos from the Libby mine had been expanded and processed into Zonolite

insulation at the Plant. The notices from the Massachusetts Department of Environmental Protection came within a few months thereafter.

Oldon's claim as described in the Proof of Claim was supported by the following exhibits:

> 36A - Notice of Responsibility to W. R. Grace from Massachusetts Department of Environmental Protection dated August 25, 2000 which is supported by soil sampling results showing concentrations of asbestos in the soil;

> 36B - Correspondence to Oldon Limited Partnership from Massachusetts Department of Environmental Protection dated August 29, 2000;

> Exhibit 4C - Correspondence from O'Reilly, Talbot & Okun to Timothy P. Mulhern dated March 28, 2003.

**SPECIFIC RESPONSES TO APPLICABLE OBJECTION - CLAIM 11301**

A. <u>Exhibit C-1(d) - Missing basic information about claimant's knowledge</u>. The Exhibit C-1(d) objections do not apply in that Oldon has supplied: (1) the dates of operation of the Plant, from 1963 through 1992; (2) the approximate time that Oldon became aware of the possibility that asbestos might be present around the Plant, *i.e.* in 1999 or 2000, shortly before the Massachusetts Department of Environmental Protection and the U. S. Environmental Protection Agency began to investigate the Plant (3) Oldon learned of the presence of asbestos around the Plant by a copy of the notice attached as Exhibit 36A (August 25, 2000) and the letter which is Exhibit 36B (August 29, 2000); (4) Oldon has not filed any prior asbestos related lawsuits or claims. Oldon having met each of the specific contentions by the Debtor, this objection should be overruled.

B.  <u>Exhibit E-1 - Claims providing no measurement of relevant asbestos levels</u>.  Exhibit 36A describes soil sampling containing detectable levels of asbestos in 9 out of 12 samples. Specifically, Exhibit 36A makes reference to a U.S. Environmental Protection Agency sampling and states as follows:

> "The Department, in cooperation with the US Environmental Protection Agency, collected twelve surface and near surface soil samples from various locations at the site in May 2000.  Samples were analyzed for the presence of asbestos via a combination of polarizing light microscopy and transmission electron microscopy.  The results indicated that nine (9) out of the twelve (12) samples contained detectable concentrations of asbestos.  Five (5) of the samples were found to contain concentrations of asbestos ranging from approximately 1% to 10%.  The primary form of asbestos identified in these samples was actinolite."

This claim does <u>not</u> relate to asbestos contamination of the air but the presence of asbestos in the <u>ground</u> around the Plant, which was measured and data was supplied, therefore this objection should be stricken.

C.  <u>Exhibit G-3 - Other Category II Claims</u>:

In the portion of the Objection addressed to Oldon, the Debtor has asserted that "Libby vermiculite, if present, presents no hazard."  While Oldon first became aware of the possibility that the Plant might be contaminated as a result of the media attention given to Debtor's vermiculite mining operations in Libby, Montana, it is the presence of asbestos in the ground, not vermiculite, which forms the basis for Oldon's claim.  Oldon makes no specific claim regarding the presence of Libby vermiculite.  The claim relates to asbestos and should be allowed to stand.

## CONCLUSION

For the reasons states above, the Claimant respectfully requests that the claims made in Proof of Claim No. 11301 be allowed to stand and that the Debtors' Objections be overruled.

OLDON LIMITED PARTNERSHIP,
Claimant (Claim No. 11,301)

By: _____
Timothy P. Mulhern
Shatz, Schwartz and Fentin, P.C.
1441 Main Street, Suite 1100
Springfield, MA   01103
Tel. (413) 737-1131
Fax. (413) 735-0375
B.B.O. No.:   359780

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the following counsel of record by Federal Express overnight mail, postage prepaid, on this the 21st day of October, 2005:

Kirkland & Ellis LLC
Attn:  Katherine Phillips
200 East Randolph Drive, Suite 6500
Chicago, IL   60601

Pachulski, Stang, Ziehl, Young,
Jones & Weintraub P.C.
Attn:  David W. Carickhoff, Jr.
919 N. Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE   19899-8705
(Courier 19891)

_____
Timothy P. Mulhern

02\1167\Opposition.0402