## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re:  W.R. GRACE & CO., et al., | ) ) ) ) ) ) ) ) | Chapter 11<br>Case No. 01-01139 (JKF)<br>(Jointly Administered) |
| Debtors. | | |

### CLAIMANT STATE OF CALIFORNIA, DEPARTMENT OF GENERAL SERVICES' RESPONSE TO DEBTORS' FIFTEENTH OMNIBUS OBJECTION (SUBSTANTIVE) TO ASBESTOS PROPERTY DAMAGE CLAIMS

**HAHN & HESSEN LLP**
**Attorneys for Claimant**
**State of California, Department of General Services**
**488 Madison Avenue**
**New York, New York 10022**
**(212) 478-7200**

## PRELIMINARY STATEMENT

Claimant State of California, Department of General Services (the "Claimant"), respectfully submits this response to the Debtors' Fifteenth Omnibus Objection (Substantive) to Asbestos Property Damage Claims dated September 1, 2005 (the "Fifteenth Omnibus Objection"). Stripped of redundancies and reduced to its essentials, the Fifteenth Omnibus Objection seeks to disallow or expunge Claimant's claims based upon nine separately stated, alternative grounds:

1.    failure to provide certain required information (Debtors' objection code C-1(D));

2.    failure to provide sufficient documentation in response to certain proof of claim form queries (Debtors' objection code C-2);

3.    reliance upon evidence of asbestos-containing products both manufactured and not manufactured by the Debtors (Debtors' objection code C-4);

4.    reliance upon bulk sampling data that is inconsistent, or which is insufficient to determine whether it is inconsistent, with the Debtors' products (Debtors' objection code C-3(F));

5.    referral to buildings constructed when the Monokote-3 product manufactured by the Debtors supposedly had been discontinued prior to the buildings' completion (Debtors' objection code D-1(A));

6.    reliance upon presence of the Debtors' acoustical plaster that may have been replaced by another product (Debtors' objection code D-1(C));

7.    untimeliness (Debtors' objection codes D-2, D-4 and D-6); and

8.    failure to establish that the Debtors' products created an unreasonable risk of harm causing property damage or necessitating abatement (Debtors' objection code E-1); and/or

9.    reliance upon an unsigned proof of claim (Debtors' objection code C-1(B)).

For the reasons demonstrated below, each of these objections lacks merit and should therefore be overruled.

## NO MERITORIOUS BASIS EXISTS TO
## INVALIDATE CLAIMANT'S CLAIMS

1.    **Claimant Has Provided the Required Basic
      Information Supporting Its Claims**

Debtors object to sixteen claims[1] on the grounds that Claimant's proofs of claim are facially incomplete. See Fifteenth Omnibus Objection at 21-23. Specifically, Debtors argue that Claimant has failed to provide information relating to Claimant's knowledge, such as (1) the date of installation of the product, (2) the date Claimant learned that the product at issue contained asbestos, (3) the date on which Claimant learned of the presence of asbestos on the property, and/or (4) prior asbestos-related lawsuits and/or claims. See Fifteenth Omnibus Objection at 23. While the particulars of Debtors' objection are unclear, Debtors appear to contend that Claimant's responses to question numbers 10, 22 and/or 30 are insufficient.

But as the attachments to each claim form confirm, Claimant provided the most accurate response that it could in light of the information available and the questions posed. True copies of Claimant's claim forms, including the relevant attachments, are attached to the accompanying Compendium ("Compendium") as Exhibit "A". In response to question number 10, which asks whether Claimant completed any interior renovations on the property which affected any asbestos on the property, Claimant responded that it lacks the information necessary to provide an answer. Claimant believes, however, that no renovations were done on the property, except for the property relating to Claim No. 10659. As to question number 22, which asks whether it has made an effort to remove, contain and/or abate the W.R. Grace product, Claimant does not have the necessary information to provide a response, except that such abatement efforts were

---

[1] The claims to which this objection applies are Claimant's Claim Numbers (as denominated by Debtors) 10648, 10649, 10650, 10651, 10652, 10653, 10654, 10655, 10656, 10657, 10658, 10659, 10660, 10661, 10662 and 14411.

2

taken for property subject of Claim Nos. 10654 and 10659 (which also relates to property that was remodeled). As to question number 30, which asks whether the W.R. Grace product has ever been modified and/or disturbed, Claimant lacks the information necessary to provide an answer but believes that no product has been modified and/or disturbed. Claimant reserves the right to amend this response if information is located that render its responses to the claim forms' questions incomplete or inaccurate.

## 2.    **Claimant Has Provided Sufficient Documentation**

Debtors also contend that four claims[2] fail to provide sufficient documentation concerning (1) the purchase and/or installation of Debtors' product, (2) efforts to remove, contain and/or abate Debtors' product, and/or (3) presence of asbestos in the property (Debtors' objection code C-2). See Fifteenth Omnibus Objection at 24-25.

This objection appears to be predicated on the insufficiency of documents supporting the purchase and/or installation of Debtors' products. The MVA reports submitted by Claimant in support of its claims, however, clearly reflect the presence of asbestos. Claimant has endeavored to locate documents relating to its purchase and/or installation of Debtors' products, but has not yet located such documents. Claimant's inability to locate such documents should not, however, be fatal to its claim since the constituent analyses performed by MVA for the property involved do indeed reflect the presence of Debtors' products. True copies of the MVA reports prepared for each of Claimant's claims are attached to the accompanying Compendium ("Compendium") as Exhibit "B".

---

[2] This objection applies to Claimant's Claim Nos. 10651, 10656, 10662 and 14411.

3.    **Claimant Properly Relies on Bulk Sampling
       Data To Establish Presence of Asbestos,
       Not Identity of Manufacturer**

Debtors object to four claims[3] on the grounds that, while they provide evidence of asbestos-containing products manufactured by Debtors, that evidence also shows the presence of other products not manufactured by Debtors. See Fifteenth Omnibus Objection at 21-22. This objection is meritless, since the presence of non-Debtors' products, besides those manufactured by Debtors, does not relieve Debtors of their liability to Claimant for damages caused by their product.[4] Claimant relies on spectral analysis – not bulk sampling – data to establish Debtors as the manufacturers of asbestos containing products. Thus, any objection based on the failure of the bulk sampling data to identify the manufacturer of the particular product has no merit.

4.    **Claimant Relies on Bulk Sampling Data
       To Establish Presence of Asbestos,
       Not Identity of Manufacturer**

Debtors object to eleven claims[5] on the grounds that they are accompanied by bulk sampling data that is inconsistent, or which is insufficient to determine whether it is inconsistent, with Debtors' product. Claimant, however, relies on the bulk sampling data to establish the presence of asbestos in its buildings, and not to identify the manufacturer of the product. Therefore, to the extent that this objection is premised on the failure of the bulk sampling data to conclusively establish Debtors as the manufacturers of the products, this objection should be dismissed. In any event, as the MVA reports reflect, the spectral analyses yielded positive

---

[3] The claims to which this objection applies are Claimant's Claim Nos. 10648, 10649, 10661 and 14411.

[4] Because this issue is to be addressed during Phase II of the estimation process, the Debtors do not seek disallowance or expungement on this ground. See Fifteenth Omnibus Objection at 21-22, 31.

[5] The claims to which this objection applies are Claimant Claim Nos. 10650, 10651, 10652, 10653, 10654, 10655, 10656, 10657, 10658, 10659 and 10662.

matches with Debtors' products in the property in which asbestos-containing materials are present. See Exhibit B.

5.      **That Debtors Did Not Manufacture Product Alleged to**
        **Have Caused Damage When Subject Property Was**
        **Completed Does Not Compel Conclusion That Product**
        **Was Not Used During Previous Several Years of Construction**

Debtors object to one claim[6] on the basis that it relates to buildings constructed at a time that Debtors' product, Monokote-3, was unlikely used. Alleging that they ceased selling the product, Monokote-3, in the U.S. as of July 4, 1973, Debtors speculate that buildings constructed after 1973 cannot, or probably do not, contain the Monokote-3 product, and then argue that any claims based on the use of Monokote-3 in buildings constructed after 1973 should be disallowed or expunged. See Fifteenth Omnibus Objection at 31-32. This reasoning does not, however, conclusively establish that Claimant's buildings did not contain the Monokote-3 product because, for example, a building completed in or after 1973 may have been in construction well before that time or plans for the buildings' construction may have called for the use of products such as Monokote. In fact, the "as-built" building plans, which were drawn in 1971 and submitted with the proof of claim form, specifically called for the use of Monokote in the property subject of this claim.

In any event, the results of the spectral analysis conducted of the subject buildings demonstrate that the product is Debtors' Monokote-3, which sufficiently rebuts Debtors' speculations to the contrary. As reflected in the February 27, 2003 report of Claimant's expert, MVA, Inc., a copy of which is part of Compendium Exhibit "B", a constituent analysis of a sample from Claimant's building located at 28 Civic Center Plaza, Santa Ana California (also identified as Building 28, Elevator Room, Roof Top, West Corner) shows a positive match with

---

[6] The claim to which this objection applies is Claimant Claim No. 10648.

Debtors' Monokote-3 product.

6.    **That Debtors' Acoustical Plaster Was**
      **Replaced Long Ago Cannot Now Be**
      **Conclusively Established**

Debtors object to four claims[7] on the grounds that they are based on the presence of

Debtors' acoustical plaster in buildings built before 1969 because that product would have likely

been replaced by that time.  Debtors then speculate that they probably did not manufacture the

plaster contained in the subject buildings.  See Fifteenth Omnibus Objection at 32.  Claimant

disagrees.  The reports of MVA, Inc., an expert consultant retained by Claimant to investigate

the asbestos contamination in its buildings, confirm that the acoustical plaster contained in the

buildings subject of the claims to which this objection applies was in all likelihood manufactured

by Debtors.

Specifically, MVA's report prepared for Claimant's Claim No. 10651 reflects that a

constituent analysis of two samples taken from the property located at 1234 E. Shaw Avenue,

Fresno California (referred to in the MVA report as Sierra South Region Headquarters

Automotive Repair Shop) show a positive match with Debtors' Zonolite Acoustical Plastic or

Zonolite Finish Coat.  A true copy of the MVA report for Claimant's Claim No. 10651 is part of

Compendium Exhibit "B".

The MVA report for Claimant's Claim No. 10654 reflects that a constituent analysis of

the sample taken from the property located at 2501 Harbor Blvd., Costa Mesa, California (also

referred to in the report as building number 3265, Room 140, N.E. Corner) confirms the presence

of asbestos mineral compound consistent with Debtors' Zonolite Acoustical Plastic.  A true copy

of the MVA report for Claimant's Claim No. 10654 is part of Compendium Exhibit "B".

---

[7] The claims to which this objection applies are Claimant Claim Nos. 10651, 10654, 10657 and 10659.

The MVA report for Claimant's Claim No. 10657 reflects that a constituent analysis of the sample taken from the property located at 2501 Harbor Blvd., Costa Mesa, California (also referred to in the report as building number 3234, Restroom 1005, North Section) yielded a positive match with Debtors' Zonolite Acoustical Plastic.    A true copy of the MVA report for Claimant's Claim No. 10654 is part of Compendium Exhibit "B".

Finally, the MVA report for Claimant's Claim No. 10659 reflects that a constituent analysis of the samples taken from the property located at 1234 E. Shaw Avenue, Fresno, California (also referred to as Sierra South Region Headquarters, Warehouse and Offices, N. Bldg., 2nd Story, E. Wall and Sierra South Region Headquarters Shop), yielded a positive match with Debtors' Zonolite Acoustical Plastic and Zonolite Finish Coat.    A true copy of the MVA report for Claimant's Claim No. 10654 is part of Compendium Exhibit "B".

7.    **While Premature, Debtors' Untimeliness
Objections, Even If Considered, Lack Merit**

The substantive merits of Debtors' objections relating to the issue of the statute of limitations (including actual or constructive notice and laches) need not be addressed at this time since this Court's August 29, 2005 Case Management Order for the Estimation of Asbestos Property Damage Liabilities reserved the issue of whether timeliness-related issues should be decided in Phase I of the estimation process.    Moreover, Debtors' timeliness objections are procedurally improper since they (a) state a conclusion of law to which the Federal Rules of Civil Procedure do not require a response, (b) offer no specific statutory or case authority that would bar *Claimant's* claim but rather rely upon generalized vague assertions, or (c) disregard Bankruptcy Code § 502(a) and Bankruptcy Rule 3001(f), which provide that a properly filed proof of claim is *prima facie* valid and that a party in interest objecting to such claim bears the evidentiary burden of invalidating it.

7

Even if timeliness issues had not been deferred for disposition at a later time and the procedural deficiencies were ignored, Claimant's claims are not time-barred[8] since they accrued when Claimant discovered or should have reasonably discovered (i) the actual contamination and (ii) the causal connection between Debtors' product and that contamination. See Bellsouth Telecommunications, Inc. v. W.R. Grace & Co., 77 F.3d 603, 611 (2d Cir. 1996). Not having discovered the contamination and its connection to Debtors' product until 2003, if at all, Claimant's claims did not accrue until at least that date and are thus timely under the applicable statute of limitations.

**8.    Having Furnished Sufficient Claim Information,
Claimant's Lack of Air or Dust Sampling Data
Is Immaterial Since Results of Dust Sampling
Consider Only Loose Materials**

Debtors object to sixteen claims[9] on the ground that Claimant has not provided air or relevant dust sampling data reflecting the property's asbestos levels. See Fifteen Omnibus Objection at 39. Specifically, Debtors contend that these claims should be disallowed or expunged because they are not accompanied by any documentation reflecting airborne asbestos levels inside the buildings. Air or dust sampling data is, however, irrelevant to Claimant's claims. They are not based on the levels of airborne or loose asbestos fibers in its property, which is what such data would show. A property damage claim only requires proof of contamination to property by a defendant's hazardous asbestos product, and not that the contamination has caused personal injury. See Perlmutter v. U.S. Gypsum Co., 4 F.3d 864, 868 (10th Cir. 1993). Courts have held that a property damage claimant need not show release of

---

[8]  The sixteen claims to which the timeliness objection applies are Claimant Claim Nos. 10648, 10649, 10650, 10651, 10652, 10653, 10654, 10655, 10656, 10657, 10658, 10659, 10660, 10661, 10662 and 14411.

[9] The claims to which this objection applies are Claimant Claim Nos. 10648, 10649, 10650, 10651, 10652, 10653, 10654, 10655, 10656, 10657, 10658, 10659, 10660, 10661, 10662 and 14411.

asbestos fibers sufficient to cause injury to a person.  See City of Greenville v. W.R. Grace, 827 F.2d 975, 978 (4th Cir. 1987).

The gist of Debtors' objection seems to be the failure of a claimant to provide any documentation reflecting the asbestos levels.    Claimant has, however, provided detailed information relating to the asbestos levels in its property.   As the MVA reports attached to Compendium Exhibit "B" demonstrate and the following chart summary of those reports' findings illustrate, the polarized light microscopy analyses conducted by MVA demonstrate the asbestos levels of the property at each of the sites referred to in Claimant's proofs of claim:

| W.R. Grace Claim No. | Property's Address | MVA's Code for Sample(s) Taken From the Property | Type of Asbestos Mineral / Level |
|---|---|---|---|
| 10648 | 28 Civic Center Plaza Santa Ana, California (also referred to in the MVA report as Building 28, Elevator Room, Roof Top, West Corner) | MVA5394-N0038 | Chrysotile / 12% |
| 10649 | 1416 9th Street Sacramento, California (also referred to in the MVA report as DSA5-1728-East Beam) | MVA5394-N0032 | Chrysotile / 13% |
| 10650 | 10333 El Camino Real Atascadero, California (also referred to in the MVA report as Atascadero State Hospital, New Testament Area, W. Corridor) | MVA5394-N0471 | Chrysotile / 15% |
| 10651 | 1234 E. Shaw Avenue Fresno, California (also referred to in the MVA report as Sierra South Region Headquarters, Automotive Repair Shop, 2nd Floor, NW Corner) | MVA5394-N0450(A) MVA5394-N0450(B) | Chrysotile / 12% Chrysotile / 15% |
| 10652 | 714 P. Street Sacramento, California (also referred to in the MVA report as OB8, Basement Mechanical Room) | MVA5394-N0327 | Chrysotile / 18% |
| 10653 | 7650 South Newcastle Rd. Stockton, California (also referred to in the MVA report as Building 1023, Protestant Chapel Northwest Corner) | MVA5394-N0028 | Chrysotile / 15% |

| 10654 | 2501 Harbor Blvd. Costa Mesa, California (also referred to in the MVA report as Building #3265, Room 140, N.E. Corner) | MVA5394-N0042 | Chrysotile / 7% |
|---|---|---|---|
| 10655 | 5100 O'Bynes Ferry Fd. Jamestown, California (also referred to in the MVA report as Sierra Conservation Center, Administration Bldg. A, Mechanical Bldg. – East Ceiling) | MVA5394-N0468 | Chrysotile / 12% |
| 10656 | End of Hwy 202 @ Cummings Valley Tehachapi, California (also referred to in the MVA report as CA Correctional Institution Bldg. J, Kitchen Mechanical Room) | MVA5394-N0473 | Chrysotile / 15% |
| 10657 | 2501 Harbor Blvd. Costa Mesa, California (also referred to in the MVA report as Building 3234, Restroom 1005, North Section) | MVA5394-N0044 | Chrysotile / 15% |
| 10658 | 3100 Wright Road Camarillo, California (also referred to in the MVA report as Ventura Youth Correctional Facility) | MVA5394-N0409 | Chrysotile / 10% and Tremolite/Actinolite / < 1% |
| 10659 | 1234 E. Shaw Avenue Fresno, California (also referred to in the MVA report as Sierra South Region Headquarters, Warehouse and Offices, N. Bldg., 2nd Story, E. Wall) | MVA5394-N0452(A) MVA5394-N0452(B) | Chrysotile / 15% Chrysotile / 17% |
| 10660 | End of Hwy 202 @ Cummings Valley Tehachapi, California (also referred to in the MVA report as CA Correctional Institution Bldg. B, Storage Room) | MVA5394-N0477 | Chrysotile / 15% |
| 10661 | 31 East Channel Street Stockton, California (also referred to in the MVA report as 901 Stockton State Building, Auditorium, Mechanical Room) | MVA5394-N0022 | Chrysotile / 10% |
| 10662 | 744 P Street Sacramento, California (also referred to in the MVA report as OB9, 16th Floor, Fan Room) | MVA5394-N0320 | Chrysotile / 18% |
| 14411 | 7650 South Newcastle Rd. | MVA5394-N0024 | Chrysotile / 12% |

| | Stockton, California (also referred to in the MVA report as Building 969, Southwest Entrance Above Ceiling Hatch or West Side Entrance Storage Room West) | MVA5394-N0026 | Chrysotile / 12% |
|---|---|---|---|

## 9.  **Claimant Has Provided a Signed Claim Form**

Finally, Debtors object to Claimant's Claim No. 10652 on the grounds that the claim form is unsigned. The form submitted by Claimant, a copy of which is part of Compendium Exhibit "A", is indeed signed by Cyrus J. Rickards, in his capacity as Claimant Department of General Services' Deputy Director of Legal Services.

## CONCLUSION

For the foregoing reasons, Claimant State of California, Department of General Services respectfully requests that the Court overrule the objections in Debtors' Fifteenth Omnibus Objection (Substantive) to Asbestos Property Damage Claims as they relate to Claimant.

Dated: New York, New York
        October 24, 2005

                                        **HAHN & HESSEN LLP**
                                        Counsel for Claimant
                                        State of California, Department of General Services

                                        By: _____
                                        Steven J. Mandelsberg
                                        Christina J. Kang

                                        488 Madison Avenue
                                        New York, New York 10022
                                        (212) 478-7200

TO:

Katherine Phillips, Esq.
Janet S. Baer, Esq.
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, Illinois 60601
Co-Counsel for the Debtors
(via E-mail and First Class Mail)

David Carickhoff, Jr., Esq.
Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C.
919 North Market Street, 16th Floor
Wilmington, Delaware 19899-8705
Co-Counsel for the Debtors
(via E-mail and First Class Mail)