IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al. | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Re: Docket Nos. 9311, 9546, 10001 |
| | ) | Hearing Date: October 31, 2005, 9:00 a.m. |

## DEBTORS' REPLY BRIEF IN SUPPORT OF THE DISALLOWANCE AND EXPUNGEMENT OF IMPROPER CLAIMS FILED BY SPEIGHTS & RUNYAN

KIRKLAND & ELLIS LLP
David M. Bernick P.C.
Michelle H. Browdy
Janet S. Baer
Samuel L. Blatnick
200 East Randolph Drive
Chicago, IL  60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

-and-

PACHULSKI, STANG, ZIEHL, YOUNG, JONES
& WEINTRAUB P.C.
Laura Davis Jones (Bar No. 2436)
James E. O'Neill, III (Bar No. 4042)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400

Co-Counsel for Debtors and Debtors in Possession

91100-001\DOCS_DE:112559.1

Speights' response paper is correct in one, single respect: <u>American Reserve</u> and certain other cases have held that a bankruptcy court has discretion to permit class actions within a Chapter 11 proceeding. But until last week, in an October 21, 2005 motion for class certification filed 2.5 years after the PD bar date and nearly 4 years after the PD notice and bar date issues were fully briefed and argued, Speights never sought permission from this Court to represent any PD claimant on a class basis. *See* Dkt 10014. Instead, Speights on its own elected to:

- (1) submit individual PD claim form No. 11008 for Anderson Memorial Hospital;

- (2) submit a purported classwide PD claim form for "worldwide" building owners under the auspices of *Anderson Memorial Hospital* (Claim No. 9911, Ex. 1);

- (3) submit a purported classwide PD claim form for "statewide" South Carolina businesses under the auspices of *Anderson Memorial Hospital* (Claim No. 9914, Ex. 2); and, most critically,

- (4) sign and file *hundreds* of individual PD claim forms on behalf of individual building owners Speights had never met, failing to disclose to anyone until the December 2004 Verified 2019 statement that those hundreds of claims were supposedly filed on the basis of the flawed *Anderson Memorial* action. *See* Dkt. 9546, Debtors' Br. at. Exs. 1-2 (identifying these individual claims).

Speights' misleading attempt to create an unauthorized class proceeding in this bankruptcy by dumping in hundreds of individual claim forms for parties Speights does not represent stands in direct violation of this Court's dictate at the February 2002 hearing on PD notice: "If you're going to request that a class proof of claim be filed, I need an appropriate

1

motion by a representative of the putative class by a law firm that is competent to handle it. *Until I get such a motion there will be no class proofs of claim.*" (Ex. 3, 2/25/02 Tr. at 107-08).[1]

The myriad problems with Speights' attempted end run around this Court's authority and the procedures dictated by American Reserve are readily apparent. For example:

- **Speights signed and filed unauthorized individual claims for building owners represented in this proceeding by others**. Dkt. 9546 at Ex. 4 (letter from counsel representing Building Laborers Local 310 in Cleveland, complaining Speights-filed claim 11591 "has been filed on behalf of my client without authorization.")

- **Speights signed and filed unauthorized individual claims on behalf of building owners Speights had never met, who Speights could not locate, and who did not respond to Speights' request for express authorization to file claims.** *E.g.* Dkt. 9186 at p. 8 (admissions by Speights firm in an August 12, 2005 pleading); Dkt. 9546 at 4 (letters and affidavits from various building owners denying Speights' authority to file claims, including an AMA affidavit testifying Speights asked for permission and was told it had no authority to file a claim).

- **Speights signed and filed claims on behalf of building owners that previously settled claims with the Debtors *through other counsel*.** See Ex. 4, attached hereto.

- **Speights signed and filed individual claim forms containing fabricated response information.** *See, e.g.*, Dkt. 9546 at Ex. 5 (AMA claim form) and Exs. 1-2 hereto (claims 9911 and 9914), all of which contain the same false, generic answers as contained in thousands of other Speights-filed claims, including identifying "2003" as the year the building owners supposedly became aware of asbestos on their property (although the class action against Grace was filed in 1992!), and providing throughout such non-responsive information as "various years, numerous projects," and the like.

The Debtors further respond below to additional misstatements in Speights' Response.

---

[1] *See also id* at 110 ("If you file a motion to have a class proof of claim filed at some point, it'll get scheduled and I'll hear it. Unless and until I get that motion there will be no class proofs of claim, because I think that's the way I need to get it raised."); Dkt 900 (PD Committee Opposition to Notice and a Bar Date, 9/7/01) at 35 (noting that the PD claim form had no provision for class proof of claims and suggesting the absurdity that without this alternative, class representatives might be forced to submit individual claims building by building).

2

I.  **The May 2001 Appointment Of The Official PD Committee Does Not Anoint Either *Anderson Memorial* or Daniel Speights To Act As A Class Representative**

Speights' response paper misrepresents even the basic issue of Speights' appointment to the Official PD Committee in this bankruptcy. *Cf.* Opp. Br. at 2. The May 2001 Notice attached by Speights at Tab E indicates only that Daniel Speights serves on the committee on behalf of Anderson Memorial Hospital, *not* for Anderson Memorial "as class representative."[2] In direct contrast, this same Notice indicates that Darryl Scott was appointed to the Committee to represent ZAI claimant Marco Barbanti as "class representative." In any event, as this Court's proceedings demonstrate, the mere filing of that Notice does not dictate whether a party has authority to act before this Court on behalf of a class. *E.g.* Ex. 3 (2/24/02 Tr. at 107-110).

II.  **Full Faith And Credit Is Not The Issue**

If this Court were bound by full faith and credit to accept the class certification decisions of state courts, then <u>American Reserve</u> and other bankruptcy class certification cases would all be wrongly decided: Bankruptcy courts would simply be required automatically to adopt class certification decisions of state courts. That is not the case. To the contrary, <u>American Reserve</u> and its progeny reflect that state court class certification is one factor that bankruptcy courts *consider* in deciding whether to permit class actions to proceed. E.g. <u>In re Zenith Laboratories, Inc.</u>, 104 B.R. 659 (D.N.J. 1989); <u>In re Ephedra Products Liability</u>

---

[2] Similarly, Tabs A, B and C attached to Speights' pleading indicate only that Speights represents Anderson Memorial Hospital itself, not an authorized *Anderson Memorial* class.

3

Litigation, 329 B.R. 1 at *5 ("class actions that were certified prior to the filing for bankruptcy may ... be disallowed.").

The utter disingenuousness of Speights' Full Faith and Credit argument is reflected in the orders to which Speights would -- and would not -- apply Full Faith and Credit. Speights would have this Court ignore the 1994 and 1996 Orders denying certification of the putative out-of-state *Anderson Memorial* class, for example, yet be bound by the February 2001 *conditional* class certification order regarding the in-state class, entered on an emergency *ex parte* basis at Speights' request expressly for the purpose of avoiding this Court's automatic stay.[3]

## III. Speights Misrepresents The Applicability Of South Carolina's Door Closing Statute

In another dizzying argument, Speights twirls around the issue of whether state or federal law provides the basis for the firm's supposed class representation. First Speights argues at length that this Court is bound by the *Anderson Memorial* state court class action -- indeed, that Full Faith and Credit applies. Yet, Speights has the minor problem that both the *Anderson Memorial* court and the South Carolina Supreme court in Farmer v. Monsanto have rejected the notion that out-of-state claimants can participate in a state class action under the South Carolina door-closing statute. Speights response? An abrupt about-face: The door closing statute cited

---

[3] Speights' response protests that this conditional, ex parte order was signed by "a respected trial judge who had been specially appointed by the Chief Justice of the South Carolina Supreme Court...." Opp. Br. at 3. Yet Speights neglects to mention that Hampton County, South Carolina, Speights' home and the county where *Anderson Memorial* was filed, has been identified by the American Tort Reform Foundation as one of the nation's top "Judicial Hellholes" along with Madison County, Illinois and other comparable venues.

4

by *Anderson Memorial* to reject out-of-state claims "is on its face inapplicable to federal courts." Speights Opp. at 3. So even though the class could not proceed in state court, it can proceed in the bankruptcy court. Huh? It was supposedly only through the authority of the *state court* action that Speights contends it signed and filed claims on behalf of hundreds of out-of-state putative class members in the first place. *See* Speights' Verified 2019 Statement.

In addition, both the *Anderson Memorial* court and the South Carolina Supreme Court in Farmer have expressly considered and *rejected* the applicability of Central Wesleyan's finding permitting a nationwide class to go forward in South Carolina *federal court. Cf.* Speights Opp. at 12. Is this a problem? Not to worry -- Speights has another answer. Just ignore the South Carolina Supreme Court's 2003 decision in Farmer (which pre-dated Speights' verified 2019 statement by nearly 2 years). Instead, Speights attaches as Tab M the ruling it considers preferable: The unpublished 2000 Hampton County lower court decision in Farmer, the door-closing ruling rejected by the state Supreme Court.

## IV. The Celotex Bankruptcy Court Has Not Blessed Speights' Actions Here

For the second time, Speights has provided an incomplete and misleading record from *Celotex* to attempt to falsely convince this Court that another bankruptcy court has blessed Speights' authority to recover for PD claimants on the basis of *Anderson Memorial. See also* 8/29/05 Tr. at 35 and Dkt. 9307 (Speights slides used at hearing). What Speights has now brought to this Court's attention twice are an *agreed* order which references the *Anderson*

*Memorial* class and a Confirmed Plan of Reorganization which does not, in a case in which Speights was working hand-in-glove with the Debtors. *E.g.* Speights' Opp. at Tab K, L.[4]

What Speights does not disclose to this Court is that Speights' authority to recover for PD claimants based on *Anderson Memorial* is the subject of a pending adversary complaint in *Celotex*, initially filed in 2002 and updated as recently as last month. Ex. 5. What Speights does not disclose to this Court is that the pending *Celotex* complaint argues "the PD Claims Procedures do not provide any specific right or authority [for Anderson] to file the Disputed Claims on behalf of the owners of the buildings." *Id.* at ¶ 21. What Speights does not disclose is that to date there has been no adjudication of the contested *Anderson Memorial* authority issue by the *Celotex* judge. What Speights does not disclose is that documents produced by Speights to the Debtors reflect that no payments are being made in *Celotex* for Anderson claims. *E.g.* Ex. 6.. What Speights does not disclose is that Speights is seeking double recovery in this Chapter 11 for the exact same claims submitted in *Celotex* under *Anderson Memorial*. Ex. 7. One can only imagine what else additional discovery would show Speights has failed to disclose.

---

[4] Indeed, Speights worked so closely with the Debtors to achieve the Plan of Reorganization cited in Speights' papers that Speights, aided by the Debtors, successfully sought the recovery of fees for the firm for acting on behalf of the estate. *In re Celotex*, 227 F.3d 1336 (11th Cir. 2000).

## **CONCLUSION**

For the reasons stated above, the Debtors respectfully request that all Speights claims purportedly filed under the authority of *Anderson Memorial* be disallowed and expunged.

Wilmington, Delaware
Dated: October 26, 2005

Respectfully submitted,

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Michelle H. Browdy
Janet S. Baer
Samuel L. Blatnick
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

*And*

PACHULSKI, STANG, ZIEHL, YOUNG, JONES
& WEINTRAUB, PC

_____
Laura Davis Jones (#2436)
James E. O'Neill (#4042)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
(302) 652-4100

Co-Counsel for the Debtors and Debtors in Possession