# EXHIBIT 3

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

IN RE:                                    Chapter 11

W.R. Grace & Co., et al.,

    Debtor(s).                            Bankruptcy #01-01139 (JKF)
........................................................

Wilmington, DE
February 25, 2002
8:00 a.m.

TRANSCRIPT OF MOTIONS HEARING
BEFORE THE HONORABLE JUDITH K. FITZGERALD
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For Debtor:                    Laura Davis Jones, Esq.
                               Pachulski, Stang, Ziehl,
                               Young & Jones
                               919 North Market Street
                               Wilmington, DE 19801

                               David W. Carickhoff, Jr., Esq.
                               Pachulski, Stang, Ziehl,
                               Young & Jones
                               919 North Market Street
                               Wilmington, DE 19801

                               James W. Knapp, Esq.
                               Kirkland & Ellis
                               200 E. Randolph Drive
                               Chicago, IL 60601

                               David Bernick, Esq.
                               Kirkland & Ellis
                               200 E. Randolph Drive
                               Chicago, IL 60601

2

| | |
|---|---|
| | Janet S. Baer, Esq.<br>Kirkland & Ellis<br>200 E. Randolph Drive<br>Chicago, IL 60601 |
| For Unsecured Creditor's:<br>Committee | Kenneth Pasquale, Esq.<br>Stroock, Stroock & Lavan, LLP<br>180 Maiden Lane<br>New York, NY 10038 |
| For Zonolite Plaintiffs: | William Sullivan, Esq.<br>Elzufon, Austin, Reardon,<br>Tarlov & Mondell, PA<br>Ste. 1700<br>300 Delaware Ave.<br>Wilmington, DE 19801 |
| For Barbonti/Zolonite:<br>Claimants | Darrell Scott, Esq.<br>Lukins & Annis, PS<br>Ste. 1600<br>717 W. Sprague Ave.<br>Spokane, WA 99201 |
| For Travelers: | Jordan N. Malz, Esq.<br>Simpson, Thacher & Bartlett<br>425 Lexington Ave.<br>New York, NY 10017 |
| For The Chase Manhattan:<br>Bank | Richards, Layton & Finger<br>One Rodney Square<br>Wilmington, DE 19899 |
| For | Edwina R. Travers, Esq.<br>Murphy, Sparado & Landon<br>824 Market Street<br>Wilmington, DE 19899 |
| For Equity Security Holders:<br>Committee | Philip Bentley, Esq.<br>Kramer, Levin, Naftalis<br>& Frankel, LLP<br>919 Third Ave.<br>New York, NY 10022 |

3

```
1                                 Gary Becker, Esq.
                                  Kramer, Levin, Naftalis
2                                 & Frankel, LLP
                                  919 Third Ave.
3                                 New York, NY 10022

4                                 Jeffrey Waxman, Esq.
                                  Klett, Rooney, Lieber
5                                 & Schorling
                                  The Brandywine Bldg.
6                                 1000 West Street-Ste. 1410
                                  Wilmington, DE 19801
7
        For PD Committee:         Scott Baena, Esq.
8                                 Bilzin, Sumberg, Dunn,
                                  Baena, Price & Axelrod, LLP
9                                 First Union Financial Center
                                  Ste. 2500
10                                200 South Biscayne Blvd.
                                  Miami, FL 33131
11
                                  Daniel A. Speights, Esq.
12                                Speights & Runyan
                                  200 Jackson Ave. E.
13                                Hampton, SC 29924

14      For Asbestos PD Committee:  Martin Dies, Esq.
                                  Dies & Hile, LLP
15                                1009 West Green Ave.
                                  Orange, TX 77360
16
                                  Theodore J. Tacconelli, Esq.
17                                Ferry, Joseph & Pearce, PA
                                  824 Market Street
18                                Wilmington, DE 19899

19      For Asbestos PI Committee:  Matthew Zaleski, III, Esq.
                                  Campbell & Levine, LLC
20                                1201 North Market St.-Ste. 1501
                                  Wilmington, DE 19801
21
                                  Peter Lockwood, Esq.
22                                Caplin & Drysdale
                                  One Thomas Circle, N.W.
23                                Washington, DC 20005

24

25
```

4

| | | |
|---|---|---|
| 1 | For NMC & FMCH: | Davis Rosenbloom, Esq. |
| 2 | | McDermott, Will & Emery<br>227 West Monroe<br>Chicago, IL 60606 |
| 3 | | |
| 4 | For Unofficial Committee:<br>of Select Asbestos<br>Claimants | Edmund George, Esq.<br>Obermayer, Rebmann, Maxwell<br>& Hippel, LLP |
| 5 | | 1617 JFK Blvd.<br>Philadelphia, PA 19103 |
| 6 | For Trade Committee: | Michael Lastowski, Esq. |
| 7 | | Duane Morris, LLP<br>Ste. 1200 |
| 8 | | 1100 North Market street<br>Wilmington, DE 19801 |
| 9 | Audio Operator: | Laurie Capp |
| 10 | Transcribing Firm: | Writer's Cramp, Inc. |
| 11 | | 6 Norton Rd.<br>Monmouth Jct., NJ 08852 |
| 12 | | 732-329-0191 |

13  Proceedings recorded by electronic sound recording, transcript
    produced by transcription service.

14

15

16

17

18

19

20

21

22

23

24

25

1  Baena.  Because in a number of cases, in fact, the individuals

2  had filed the proofs of claim in advance.  Not in all cases,

3  but in some.  And so the issue simply didn't come up in the

4  context you're raising it now.

5          MR. BAENA:  I agree.  But --

6          MR. BERNICK:  And --

7          MR. BAENA:  -- if I may finish, Mr. Bernick.  The

8  fundamental problem with Mr. Bernick's iteration of the

9  problem is that he says we have to have this information

10  before we can determine the dollars.  That's not a role you

11  need to play in this case.  He's looking for a precise

12  determination of the value of a claim.  If this process is

13  going to be estimation, we've got to decide are we estimating

14  property damage claims generally, or are we estimating the

15  claim of each individual Claimant.  He's taking you down the

16  road where you will be estimating each claim.

17          THE COURT:  Well, I'm not going to estimate each

18  claim.  If I have to try claims, I'll be making findings with

19  respect to each claim.  And it probably won't be done here.

20  So that's a whole different --

21          MR. BAENA:  Or in this lifetime.

22          THE COURT:  Well, it's a whole different issue.  I

23  need a motion.  If you're gonna request that a class proof of

24  claim be filed, I need an appropriate motion by a

25  representative of the putative class by a law firm that is

1  competent to handle it.  Until I get such a motion there will

2  be no class proofs of claim.  Because I think that's what I

3  need.

4          MR. BAENA:  We --

5          THE COURT:  So until I get it, all issues are

6  preserved.  There are no class proofs of claim until I get

7  through an appropriate motion process.

8          MR. BAENA:  We need to give notice of that --

9          THE COURT:  Yes.

10          MR. BAENA:  -- to each of those people who might have

11  the right to file a class --

12          THE COURT:  Well --

13          MR. BAENA:  -- proof of claim.

14          THE COURT:  -- that's the other problem.

15          MR. BAENA:  To the class reps.

16          THE COURT:  Oh, the class reps.

17          MR. BAENA:  Or the putative class reps.  We need to

18  give them notice of that.

19          MR. BERNICK:  I'm sorry.  I guess I'm sitting out

20  there a little bit.  What we would be proposing in order to

21  keep the ball rolling here, Your Honor, is to keep on going

22  forward with the bar date and the people --

23          THE COURT:  Oh, yes.

24          MR. BERNICK:  -- can file the proof of claims.  If

25  they want to file a class proof of claim, they can do exactly

1   what happened in the First Equity case, which is they can file

2   a class proof of claim.  There's nothing about the bar date

3   notice process that mutilate that.  In this case everybody had

4   to file.  And then later on, actually the motion for class

5   certification that was made was with respect to the 2,000

6   people that filed.  And it was at that point that the Court --

7   I'm a little concerned with this.  That if you take the motion

8   of the class claim now, you won't have the same information

9   that she had when she decided that case.

10          THE COURT:  Well, I think --

11          MR. BAENA:  This is an ambush, Judge.

12          THE COURT:  -- what she did was took the motion to

13  approve the class proof of claim when the class proof of claim

14  was filed.  I think that's how it happened in that case.

15          MR. BERNICK:  That -- no, I mean the class proof of

16  claim was filed, however, after the bar date.  She set the bar

17  date.  All the claims came in, including a proposed class . .

18  proof of claim.  And then she took up the question of whether

19  Rule 23 should apply.

20          THE COURT:  Okay.  Well, I think with respect to the

21  property damage claims, not the Zonolite issues, I'm not sure

22  it's going to make a difference.  Because we need a proof of

23  claim that's going to identify the basics that I've already

24  put on the record.  That's what I'm going to rule.  I hope you

25  folks will be able to find something that is acceptable to all

1   of you in terms of the format.  But that's what I think this

2   case needs.  I don't expect it to be a massive undertaking.  I

3   do expect it to provide essential information.  So let's get

4   that far.  Let's get a proof of claim together.  If you file a

5   motion to have a class proof of claim filed at some point,

6   it'll get scheduled and I'll hear it.  Unless and until I get

7   that motion there will be no class proofs of claim, because I

8   think that's the way I need to get it raised.

9           MR. BERNICK:  And with respect to ZAI, same approach?

10          THE COURT:  Well, yeah.  I mean with respect to the

11  need for an appropriate motion, I think I have to have an

12  appropriate motion.  Now, I do have motions pending in the ZAI

13  matters to certify classes, which I don't have with respect to

14  these property damages issues.  So maybe it's a slight --

15  there is a slight difference out there.  But I'm not sure it's

16  a material difference.  I think I need an appropriate motion

17  to file a class-proof of claim.  You know, not on the property

18  damage side -- on the Zonolite issues, it appears that all

19  parties are in agreement that there are going to be some

20  issues that will be common, primarily on risk factors and

21  liability size.

22          MR. BERNICK:  That's absolutely correct.  The

23  significance of the proof of claim forms of ZAI are exactly

24  the same, but a little bit more dramatic.  With respect to

25  ZAI, again in order to determine even whether there are --