# EXHIBIT 5

COPY

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| IN RE: | Chapter 11 |
| THE CELOTEX CORPORATION and CAREY CANADA INC., | Consolidated Case Nos.: 90-10016-8G1 90-10017-8G1 |
| Debtors. / | |
| ASBESTOS SETTLEMENT TRUST, | |
| Plaintiff, | Adv. No.: 02-521 .Consolidated With. Adv. No. 02-848 |
| DAVID S. SHRAGER, as LEGAL REPRESENTATIVE, and FREDERICK M. BARON, STEVEN KAZAN, GARY W. KENDALL, and JOSEPH F. RICE, as the TRUST ADVISORY COMMITTEE, | Adv. No. 03-009 Adv. No. 04-106 Adv. No. 04-384 Adv. No. 04-417 |
| Plaintiff-Intervenors, vs. | |
| ANDERSON MEMORIAL HOSPITAL, | |
| Defendant. / | |

**AMENDED COMPLAINT FOR DECLARATORY RELIEF
AS TO ASBESTOS PROPERTY DAMAGE CLAIMS
<u>SUBMITTED BY ANDERSON MEMORIAL HOSPITAL</u>**

The Asbestos Settlement Trust ("**Trust**"), created pursuant to the Modified Joint Plan of Reorganization Under Chapter 11 of the United States Bankruptcy Code for The Celotex Corporation and Carey Canada Inc. ("**Plan**"), through its Trustees, Frank Andrews, Francis E. McGovern, Sharon M. Meadows and James W. Stevens ("**Trustees**"), sues Anderson Memorial Hospital ("**Anderson**") and alleges:

## NATURE OF ACTION

1. On December 6, 2001, this Court entered its Order Regarding the Property Damage Advisory Committee's Motion to Compel the Celotex Asbestos Settlement Trust to Pay Property Damage Claims ("Order"). The Order, among other things, directed the Trust to file an adversary proceeding in this Court with respect to any asbestos property damage claim ("PD Claim") that (a) was submitted to the Trust for payment by the Property Damage Claims Administrator ("PDCA"), (b) as to which the Trust has sent a notice of non-payment to both the claimant asserting the PD Claim and the PDCA, as required by the Order, (c) has been resubmitted to the Trust for payment by the PDCA, the claimant or both, and (d) the Trust has determined should not be paid.

2. The Trust brings this action seeking entry of a judgment declaring that the resubmitted claims that are identified in this Complaint (the "**Disputed Claims**") fail to satisfy the legal prerequisites for payment by the Trust and that the Trustees did not abuse their discretion in their determination that the Disputed Claims should not be paid.

## JURISDICTION AND VENUE

3. This adversary proceeding is initiated pursuant to Bankruptcy Rule 7001.

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §157, the Order of the General Reference of the United States District Court for the Middle District of Florida, and the Order Confirming the Modified Joint Plan of Reorganization for Celotex and Carey Canada Inc. *See In Re Celotex Corp.*, 204 B.R. 586 (Bankr. N.D. Fla. 1996), *aff'd mem.*, No. 96-2220-Civ-21 (M.D. Fla. March 4, 1997) ("**Confirmation Order**"). Additionally, this Court has jurisdiction over this action pursuant to 28 U.S.C. §1334(b), as a civil proceeding arising in or related to the Debtors' administratively consolidated Chapter 11 cases.

2

5.  Venue is proper in this Court pursuant to 28 U.S.C. §1409(a), as a proceeding arising in or relating to a case commenced in this district under Title 11 of the Bankruptcy Code.

## PARTIES

6.  The Trust is a qualified settlement fund within the meaning of Section 1.468B-1 of the Treasury Regulations promulgated under Section 468B of the Internal Revenue Code to be administered, maintained and operated at all times through mechanisms that provide reasonable assurance that the Trust will pay PD Claims in strict compliance with the terms of (a) the Plan, (b) the Asbestos Settlement Trust Agreement ("**Trust Agreement**"), and (c) the Asbestos Property Damage Claims Resolution Procedures ("**PD Claims Procedures**") (collectively, the Plan, the Trust Agreement and the PD Claims Procedures are referred to as the "**Plan Documents**"). The Trust has expressly assumed all liability for all PD Claims and shall have all defenses, cross-claims, offsets and recoupments regarding PD Claims that The Celotex Corporation ("**Celotex**") or Carey Canada Inc. ("**Carey Canada**") would have had under applicable law.

7.  Anderson asserted 69 PD Claims as Category 1(c) Claims seeking payment from the Trust, which includes the Disputed Claims listed on Schedule "A" attached hereto and incorporated herein by reference.

## ALLEGATIONS COMMON TO ALL COUNTS

8.  The Trust did not pay the Disputed Claims because the Disputed Claims do not satisfy the legal prerequisites for payment mandated by the Confirmation Order.

9.  The Confirmation Order approved and implemented the Plan Documents.

10. The PD Claims Procedures expressly provide that the Asbestos Property Damage Facility ("**PD Facility**") will disallow any PD Claim "for which the claimant did not file a timely

3

proof of claim within the meaning of the Bankruptcy Code and Bankruptcy Rules." PD Claims Procedures, ¶IV(B)(4)(a).

11. Additionally, in order for PD Claims to be paid, the PD Claims Procedures require that the claimant provide Reasonable Evidence of three legal prerequisites. PD Claims Procedures, ¶IV(B)(1).

12. "**Reasonable Evidence**" is defined in the PD Claims Procedures as "evidence sufficient to present a jury issue under the tort system of one of the Applicable Jurisdictions." PD Claims Procedures, ¶IV(A)(37). The term "**Applicable Jurisdictions**" is a defined term that means "the jurisdiction in which the subject building is located or, as to a Category 1 Claim, the jurisdiction where the lawsuit was or could have been filed." PD Claims Procedures, ¶IV(A)(7).

13. The legal prerequisites that the claimant must establish by Reasonable Evidence in support of a timely filed PD Claim are (a) the asbestos-containing material for which the PD Claim is submitted must be Celotex ACM, (b) a compensable injury and damage and (c) a legally viable cause of action. PD Claims Procedures, ¶IV(B)(1).

14. Pursuant to the Plan, all defenses to any PD Claim and any other right with respect to PD Claims that Celotex or Carey Canada would have had under applicable law if the reorganization cases had not occurred and the holder of such PD Claim had initiated civil litigation against Celotex through Carey Canada are expressly preserved for the benefit of the Trust and may be enforced by the Trust against any claimant. *See* Plan, ¶11.11; *see also* Findings of Fact contained in Confirmation Order at ¶129(k). This protection against meritless PD Claims is incorporated in the Trust Agreement. Trust Agreement, ¶2.4(c)

15. The Confirmation Order expressly provides that no claimant is permitted to receive distributions from the Trust except in accordance with the terms of the Plan Documents. Confirmation Order, ¶15.

16. On April 12, 2002, April 23, 2002, May 3, 2002, May 17, 2002, May 31, 2002, July 12, 2002, August 16, 2002, October 22, 2002, January 2, 2004, May 7, 2004 and May 28, 2004, in accordance with the Order, the Trust provided separate written notices to Anderson advising Anderson (a) that the Trust was withholding payment of the Disputed Claims and (b) stating the factual and/or legal basis why the Trust was withholding payment of the Disputed Claims (the "Notices"). Pursuant to the Order, the effect of the Notices was to return the respective Disputed Claims to the PD Facility to give Anderson and/or the PD Facility the option to correct any deficiencies asserted or claimed by the Trust.

17. On June 4, 2002, June 13, 2002, June 25, 2002, September 19, 2002, December 4, 2002, January 19, 2004, May 20, 2004 and June 9, 2004, the PDCA provided separate written notices to the Trust regarding the respective Disputed Claims, as to which the Trust had sent a notice of non-payment (the "Resubmission Notices"). The Resubmission Notices advised the Trust that the PDCA had found no reason to change his determination regarding each of the Disputed Claims and that the PDCA was resubmitting each Disputed Claim to the Trust for payment.

## COUNT I

### (Action For Declaratory Judgment Regarding Disputed Claims Without Evidence Of A Legally Viable Cause Of Action Because Anderson Lacked Authority To File The Disputed Claims)

18. The Trust realleges and incorporates by reference Paragraphs 1 through 17, above.

5

19. Anderson is not a Claimant, as defined by the PD Claims Procedures, for the buildings involved with the Disputed Claims. Anderson is also not a representative for a Certified Class Action, as defined by the PD Claims Procedures. As such, Anderson did not have authority to file the Disputed Claims on behalf of the owners of the buildings.

20. To the extent that the PDCA determined that Anderson is a representative of a Certified Class Action, Anderson's authority to act on behalf of building owners is limited, under the PD Claims Procedures and Applicable Jurisdiction, to buildings located in South Carolina. None of the Disputed Claims pertain to buildings located in South Carolina. Accordingly, Anderson lacked the authority to file the Disputed Claims.

21. To the extent that Anderson filed the Disputed Claims as a representative for a putative class action or a Group Claimant, as defined by the PD Claims Procedures, the PD Claims Procedures do not provide any specific right or authority for Anderson to file the Disputed Claims on behalf of the owners of the buildings.

22. Without possessing the authority to file the Disputed Claims, Anderson failed to produce Reasonable Evidence that Anderson has a legally viable cause of action for the Disputed Claims as required by Paragraph IV(B)(1)(c) of the PD Claims Procedures. Accordingly, the PDCA was required under the Plan Documents to deny the Disputed Claims.

WHEREFORE, the Trust respectfully requests this Court to enter a judgment (a) declaring that the Trust is not obligated to pay and should not pay any of the Disputed Claims that do not satisfy the legal pre-requisite of a legally viable cause of action because of Anderson's lack of authority to file the Disputed Claims, (b) declaring that the Trustees did not abuse their discretion in their determination that the Disputed Claims should not be paid, and (c) granting such other and further relief as is appropriate.

## COUNT II

### (Action For Declaratory Judgment Regarding Disputed Claims That Are Barred As A Matter Of Law Due To Anderson's Lack Of Standing)

23. The Trust realleges and incorporates by reference Paragraphs 1 through 22, above.

24. Anderson lacks standing to file the Disputed Claims on behalf of the owners of the buildings involved with the Disputed Claims.

25. Paragraph IV(B)(4)(c) of the PD Claims Procedures provide that the Property Damage Facility must deny any Asbestos Property Damage claim:

> ... (c) by any claimant where there is clear and convincing evidence that Celotex or Carey Canada would have been able to obtain summary judgment on the ground that the claim would have been barred as a matter of law ... under the laws of the Applicable Jurisdiction.

26. The PDCA was required to deny the Disputed Claims pursuant to Paragraph (IV)(B)(4)(c) because there is clear and convincing evidence that Celotex would have been able to obtain summary judgment on the ground that Anderson lacked standing to file the Disputed Claims.

WHEREFORE, the Trust respectfully requests this Court to enter judgment (a) declaring that the Trust is not obligated to pay and should not pay any of the Disputed Claims that should have been denied because Anderson did not have standing to file the PD Claims, (b) declaring that the Trustees did not abuse their discretion in their determination that the Disputed Claims should not be paid, and (c) granting such other and further relief as is appropriate.

## COUNT III

### (Action For Declaratory Judgment Regarding Disputed Claims For Which The Owner Failed To File A Timely Proof Of Claim)

27. The Trust realleges and incorporates by reference Paragraphs 1 through 26, above.

28. None of the owners of the buildings involved with the Disputed Claims filed a timely Proof of Claim as required by the Order Establishing Bar Date, Approving Notice of Bar Date and Approving Proof of Claim Form For Certain Asbestos Property Damage Claims entered by this Court on April 21, 1993 ("**PD Bar Date Order**").

29. Paragraph (IV)(B)(4)(a) of the PD Claims Procedures provide that the Property Damage Claim Facility must deny any Asbestos Property Claim: ". . . (a) for which the claimant did not file a timely Proof of Claim."

30. The PDCA was required to deny the Disputed Claims pursuant to Paragraph (IV)(B)(4)(a) of the PD Claims Procedures because the owners of the buildings failed to file timely Proofs of Claim for the Disputed Claims as required by the PD Bar Date Order.

WHEREFORE, the Trust respectfully requests this Court to enter judgment (a) declaring that the Trust is not obligated to pay and should not pay any of the Disputed Claims that should have been denied because the owners of the buildings failed to file timely Proofs of Claim, (b) declaring that the Trustees did not abuse their discretion in their determination that the Disputed Claims should not be paid, and (c) granting such other and further relief as is appropriate.

## COUNT IV

### (Action For Declaratory Judgment Regarding Certain Disputed Claims That Are Barred By The Statute Of Limitations/Statute of Repose)

31. The Trust realleges and incorporates by reference Paragraphs 1 through 30, above.

32. Certain of the Disputed Claims are barred by the Statute of Limitations and/or Statute of Repose of the Applicable Jurisdictions. Attached and incorporated herein as Schedule "B" is a list of the PD Claims that includes, but is not necessarily limited to, the Disputed Claims that are barred.

33. Paragraph (IV)(B)(4)(c) of the PD Claims Procedures provide that the Property Damage Facility must deny any Asbestos Property Claim:

> . . . (c) by any Claimant where there is clear and convincing evidence that Celotex or Carey Canada would have been able to obtain summary judgment on the ground that the claim would have been . . . factually time-barred under the laws of the Applicable Jurisdiction if considered on the Petition Date.

34. The PDCA was required to deny the Disputed Claims identified in Paragraph 32 of this Count pursuant to Paragraph (IV)(B)(4)(c) of the PD Claims Procedures because Celotex would have been able to obtain summary judgment on the ground that said claims are barred by the Statute of Limitations and/or Statute of Repose of the Applicable Jurisdictions.

WHEREFORE, the Trust respectfully requests this Court to enter judgment (a) declaring that the Trust is not obligated to pay and should not pay any of the Disputed Claims that should have been denied by the PDCA because they are factually time barred by the Statute of Limitations and/or Statute of Repose of the Applicable Jurisdictions, (b) declaring that the Trustees did not abuse their discretion in their determination that the Disputed Claims should not be paid, and (c) granting such other and further relief as is appropriate.

## COUNT V

### (Action For Declaratory Judgment Regarding Disputed
### Claims That Are Not Dana Pre-Existing Claims)

35. The Trust realleges and incorporates by reference Paragraphs 1 through 34, above.

36. The PDCA improperly classified the Disputed Claims as Category 1(c) - Dana Pre-Existing Claims.

37. To the extent that the PDCA determined that Anderson is a representative of a putative class action based on the civil action filed against Dana Corporation and others styled *Anderson Memorial Hospital, on behalf of itself and others similarly situated v. W.R. Grace & Company, et. al.*, Case No. 92-CP-25-279, Court of Common Pleas, Hampton County, South Carolina, said civil action is limited to buildings located in South Carolina. None of the Disputed Claims involve buildings located in South Carolina, and, therefore, cannot be classified as Category 1(c) Dana Pre-Existing Claims.

38. Under the PD Claims Procedures and the Applicable Jurisdictions, a Dana Pre-Existing Claim can only be for a Smith & Kanzler product, including Spraycraft, that was installed before the February 1969 asset sale from Dana Corporation to Celotex's predecessor because any post-February 1969 installation would not be the responsibility of Dana Corporation. Attached and incorporated herein as Schedule "C" is a list that includes, but is not necessarily limited to, the Disputed Claims that involve post-February 1969 Spraycraft installations or installations of a product not produced by Smith & Kanzler.

39. The PDCA was required to deny the Disputed Claims identified in Paragraph 38 of this Count pursuant to the PD Claims Procedures because they are not Dana Pre-Existing Claims.

10

WHEREFORE, the Trust respectfully requests that this Court enter judgment (a) declaring that the Trust is not obligated to pay and should not pay any of the Disputed Claims that were improperly classified as Category 1(c) Dana Pre-Existing Claims, (b) declaring that the Trustees did not abuse their discretion in their determination that the Disputed Claims should not be paid, and (c) granting such other and further relief as is appropriate.

Dated: Tampa, Florida  
September 22, 2005

KEATING, MUETHING & KLEKAMP, P.L.L.  
Kevin E. Irwin, Esq.  
1400 Provident Tower  
One East Fourth Street  
Cincinnati, OH 45202  
(513) 579-6400  
(513) 579-6457 (telecopy)

and

BUSH ROSS, P.A.  
P.O. Box 3913  
Tampa, FL 33601-3913  
(813) 224-9255  
(813) 223-9620 (telecopy)  
Attorneys for Asbestos Settlement Trust

By: ___/s/ Andrew T. Jenkins___  
Jeffrey W. Warren  
Florida Bar No. 150024  
jwarren@bushross.com  
Andrew T. Jenkins  
Florida Bar No. 527106  
ajenkins@bushross.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 22, 2005, I electronically filed a true and correct copy of the Amended Complaint for Declaratory Relief As to Asbestos Property Damage Claims Submitted By Anderson Memorial Hospital by using the CM/ECF system, and I furnished a copy of the foregoing document by electronic transmission and/or first class United States Mail, postage prepaid, to the parties on the attached Service List.

/s/ Andrew T. Jenkins<br>
Attorney

::ODMA\PCDOCS\BRDOCS\263150\3

12

Asbestos Settlement Trust; David S. Shrager, as Legal
Representative, and Frederick M. Baron, Steven Kazan, Gary W. Kendall,
and Joseph F. Rice, as the Trust Advisory Committee vs. Anderson Memorial Hospital
Adv. No. 02-521
(Consolidated With Adv. Nos. 02-848, 03-009, 04-106, 04-384 and 04-417)

## SERVICE LIST

**Anderson Memorial Hospital:**
Daniel A. Speights, Esq.
Amanda G. Steinmeyer, Esq.
Marion C. Fairey, Jr., Esq.
Speights & Runyan
200 Jackson Avenue East
P.O. Box 685
Hampton, SC  29924

Harley E. Riedel, Esq.
Stichter, Riedel, Blain & Prosser, P.A.
110 East Madison Street, Suite 200
Tampa, FL  33602

**Property Damage Advisory Committee:**
John W. Kozyak, Esq.
Janet L. Humphreys, Esq.
David L. Rosendorf, Esq.
Kozyak, Tropin & Throckmorton, P.A.
2525 Ponce de Leon Boulevard
9th Floor
Coral Gables, FL  33134

**Property Damage Claims Administrator:**
Scott L. Baena, Esq.
Allyn S. Danzeisen, Esq.
Bilzin Sumberg Baena Price & Axelrod, LLP
2500 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, FL  33131

**Legal Representative:**
James L. Patton, Esq.
Young, Conaway, Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

**Trust Advisory Committee:**
Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 27th Floor
New York, NY 10022-4614

Trevor W. Swett, Esq.
Caplin & Drysdale
One Thomas Circle, N.W., Suite 1100
Washington, DC 20005

SCHEDULE "A"
LIST OF DISPUTED CLAIMS

| CLAIM NO. | BUILDING | PRODUCT | PRODUCT FUNCTION | TOTAL ALLOWED COST | CATEGORY |
|---|---|---|---|---|---|
| 021-001B-001 | Alaska Psychiatric Institute | Spraycraft | Fire Proofing | $2,240,900.52 | 1c |
| 021-005A-001 | Naugatuck Valley Mall | Spraycraft | Fire Proofing | $132,050.00 | 1c |
| 021-006A-001 | Newington Crippled Children's Hospital | Spraycraft | Fire Proofing | $2,111,122.74 | 1c |
| 021-007A-001 | Hartford National Bank (Fleet Bank Corporate Ser.) | Spraycraft | Fire Proofing | $3,677,077.14 | 1c |
| 021-007B-001 | Bay View Federal Savings & Loan | Spraycraft | Fire Proofing | $1,353,090.20 | 1c |
| 021-008A-001 | Stauffer Chemical Company | Spraycraft | Fire Proofing | $5,586,660.00 | 1c |
| 021-009B-001 | G. M. Heublem Building #12 | Spraycraft | Fire Proofing | $557,423.50 | 1c |
| 021-010A-001 | The Equitable Building | Spraycraft | Fire Proofing | $2,583,000.00 | 1c |
| 021-017A-001 | B'Nai Jeshashu Building | Spraycraft | Fire Proofing | $488,235.38 | 1c |
| 021-017B-001 | Contracting Material Equipment | Spraycraft | Fire Proofing | $199,883.20 | 1c |
| 021-022A-001 | State Street Bank Building | Spraycraft | Fire Proofing | $26,114,991.07 | 1c |
| 021-024A-001 | Comsat Lab | Spraycraft | Fire Proofing | $4,662,622.50 | 1c |
| 021-025A-001 | Stewart's Department Store | Spraycraft | Fire Proofing | $1,691,700.02 | 1c |
| 021-026A-001 | Langley Professional Building | Spraycraft | Fire Proofing | $2,985,690.02 | 1c |
| 021-030A-001 | Grace Hospital | Spraycraft | Fire Proofing | $1,137,500.00 | 1c |
| 021-031A-001 | Commerce Towers | Spraycraft | Fire Proofing | $309,960.00 | 1c |
| 021-036A-001 | Fairlawn Professional Center | Spraycraft | Fire Proofing | $27,640.50 | 1c |
| 021-039A-001 | Thomas J. Lipton, Inc. Tea Plant | Spraycraft | Fire Proofing | $94,080.00 | 1c |
| 021-043A-001 | Johnson & Johnson Administration Building | Spraycraft | Fire Proofing | $338,658.36 | 1c |
| 021-047A-001 | Howard Savings Institute - Valsburg Branch | Spraycraft | Fire Proofing | $82,000.00 | 1c |
| 021-048A-001 | United Methodist Church of Morristown | Spraycraft | Fire Proofing | $126,280.00 | 1c |
| 021-051A-001 | King George Inn, Inc. | Spraycraft | Fire Proofing | $91,888.80 | 1c |
| 021-052A-001 | AT & T Building/Country Club Towers | Spraycraft | Fire Proofing | $1,140,750.00 | 1c |
| 021-054B-001 | Presbyterian Church of Jamesburg | Spraycraft | Fire Proofing | $62,215.00 | 1c |

SCHEDULE "A"
LIST OF DISPUTED CLAIMS

| CLAIM NO. | BUILDING | PRODUCT | PRODUCT FUNCTION | TOTAL ALLOWED COST | CATEGORY |
|---|---|---|---|---|---|
| 021-056A-001 | Clara Maas Hospital | Spraycraft | Fire Proofing | $1,530,721.22 | 1c |
| 021-058A-001 | FP102 Building - Exxon Research | Spraycraft | Fire Proofing | $4,168,080.50 | 1c |
| 021-071B-001 | Uris Building | Spraycraft | Fire Proofing | $10,869,700.37 | 1c |
| 021-072A-001 | Crum & Forster Job | Spraycraft | Fire Proofing | $4,676,109.99 | 1c |
| 021-084A-001 | Elm Place f/k/a First National Bank | Spraycraft | Fire Proofing | $19,624,649.95 | 1c |
| 021-084B-001 | 880 Third Avenue Building (a/k/a 165 E. 53rd) | Spraycraft | Fire Proofing | $2,078,843.50 | 1c |
| 021-088A-001 | Roanoke Memorial Hospital | Spraycraft | Fire Proofing | $5,262,225.99 | 1c |
| 021-089A-001 | Springfield Operations Center - Washington Gas & Light | Spraycraft | Fire Proofing | $4,452,317.51 | 1c |
| 021-090A-001 | Wythe County Hospital | Spraycraft | Fire Proofing | $2,593,000.00 | 1c |
| 021-091A-001 | Building 400 - Lockheed Martin Corporation | Spraycraft | Fire Proofing | $2,373,666.30 | 1c |
| 021-093A-001 | Bender Hygienic Laboratory | Spraycraft | Fire Proofing | $457,560.00 | 1c |
| 021-096B-001 | Union Central Life Insurance Building | Spraycraft | Fire Proofing | $7,627,244.98 | 1c |
| 021-097A-001 | Siegfried Construction Co. - Erie County Office | Spraycraft | Fire Proofing | $13,105,629.48 | 1c |
| 021-105A-001 | Schulman Investors Building | Spraycraft | Fire Proofing | $1,845,000.00 | 1c |
| 021-110A-001 | Episcopal Church Building | Spraycraft | Fire Proofing | $2,735,948.30 | 1c |
| 021-112A-001 | Flatbush Federal Savings & Loan | Spraycraft | Fire Proofing | $439,520.00 | 1c |
| 021-118A-001 | Lord & Taylor Department Store | Spraycraft | Fire Proofing | $882,199.20 | 1c |
| 021-135A-001 | One Battery Park Plaza (24 State Street Job) | Spraycraft | Fire Proofing | $1,356,161.92 | 1c |
| 021-144A-001 | 127 John Street Building (a/k/a 200 Water Street) | Spraycraft | Fire Proofing | $29,250,000.00 | 1c |
| 021-156A-001 | St. Charles Hospital and Rehabilitation Center | Spraycraft | Fire Proofing | $480,500.00 | 1c |
| 021-158A-001 | Lever Brothers Building | Spraycraft | Fire Proofing | $610,002.31 | 1c |
| 021-180A-001 | St. Paul's Lutheran Church Fellowship Hall | Spraycraft | Fire Proofing | $112,870.80 | 1c |
| 021-210A-001 | Jacksonville City Hall | CC Fiber - Asbestospray | Fire Proofing - CC Fiber | $18,819.00 | 1c |
| 021-224A-001 | Tulsa Assembly Center | CC Fiber - Asbestospray | Fire Proofing - CC Fiber | $664,832.00 | 1c |

## SCHEDULE "A"
## LIST OF DISPUTED CLAIMS

| CLAIM NO. | BUILDING | PRODUCT | PRODUCT FUNCTION | TOTAL ALLOWED COST | CATEGORY |
|---|---|---|---|---|---|
| 021-306A-001 | Liberty National Building Complex | Firebar | Fire Proofing | $6,575,070.00 | 1c |
| 021-309A-001 | One Liberty Plaza Building | Firebar | Fire Proofing | $77,332,969.87 | 1c |
| 021-37B2-001 | New Orleans Public Service, Inc. - Market Street | Spraycraft | Fire Proofing | $1,070,025.60 | 1c |
| 021-50A1-001 | Building 59 - Hoffman - La Roche Tower | Spraycraft | Fire Proofing | $8,215,200.00 | 1c |

## SCHEDULE "B"
## LIST OF CLAIMS BARRED BY SOL

| CLAIM NO. | BUILDING | PRODUCT | PRODUCT FUNCTION | TOTAL ALLOWED COST | CATEGORY |
|---|---|---|---|---|---|
| 021-007A-001 | Hartford National Bank (Fleet Bank Corporate Ser.) | Spraycraft | Fire Proofing | $3,677,077.14 | 1c |
| 021-008A-001 | Stauffer Chemical Company | Spraycraft | Fire Proofing | $5,586,660.00 | 1c |
| 021-017A-001 | B'Nai Jeshashu Building | Spraycraft | Fire Proofing | $488,235.38 | 1c |
| 021-022A-001 | State Street Bank Building | Spraycraft | Fire Proofing | $26,114,991.07 | 1c |
| 021-024A-001 | Comsat Lab | Spraycraft | Fire Proofing | $4,662,622.50 | 1c |
| 021-026A-001 | Langley Professional Building | Spraycraft | Fire Proofing | $2,985,690.02 | 1c |
| 021-039A-001 | Thomas J. Lipton, Inc. Tea Plant | Spraycraft | Fire Proofing | $94,080.00 | 1c |
| 021-048A-001 | United Methodist Church of Morristown | Spraycraft | Fire Proofing | $126,280.00 | 1c |
| 021-052A-001 | AT & T Building/Country Club Towers | Spraycraft | Fire Proofing | $1,140,750.00 | 1c |
| 021-084A-001 | Elm Place f/k/a First National Bank | Spraycraft | Fire Proofing | $19,624,649.95 | 1c |
| 021-084B-001 | 880 Third Avenue Building (a/k/a 165 E. 53rd) | Spraycraft | Fire Proofing | $2,078,843.50 | 1c |
| 021-088A-001 | Roanoke Memorial Hospital | Spraycraft | Fire Proofing | $5,262,225.99 | 1c |
| 021-089A-001 | Springfield Operations Center - Washington Gas & Light | Spraycraft | Fire Proofing | $4,452,317.51 | 1c |
| 021-090A-001 | Wythe County Hospital | Spraycraft | Fire Proofing | $2,593,000.00 | 1c |
| 021-091A-001 | Building 400 - Lockheed Martin Corporation | Spraycraft | Fire Proofing | $2,373,666.30 | 1c |
| 021-093A-001 | Bender Hygienic Laboratory | Spraycraft | Fire Proofing | $457,560.00 | 1c |
| 021-096B-001 | Union Central Life Insurance Building | Spraycraft | Fire Proofing | $7,627,244.98 | 1c |
| 021-110A-001 | Episcopal Church Building | Spraycraft | Fire Proofing | $2,735,948.30 | 1c |
| 021-135A-001 | One Battery Park Plaza (24 State Street Job) | Spraycraft | Fire Proofing | $1,356,161.92 | 1c |
| 021-158A-001 | Lever Brothers Building | Spraycraft | Fire Proofing | $610,002.31 | 1c |
| 021-180A-001 | St. Paul's Lutheran Church Fellowship Hall | Spraycraft | Fire Proofing | $112,870.80 | 1c |
| 021-306A-001 | Liberty National Building Complex | Firebar | Fire Proofing | $6,575,070.00 | 1c |
| 021-309A-001 | One Liberty Plaza Building | Firebar | Fire Proofing | $77,332,969.87 | 1c |

SCHEDULE "C"
LIST OF NON-CATEGORY 1(C) CLAIMS

| CLAIM NO. | BUILDING | PRODUCT | PRODUCT FUNCTION | TOTAL ALLOWED COST | CATEGORY |
|---|---|---|---|---|---|
| 021-005A-001 | Naugatuck Valley Mall | Spraycraft | Fire Proofing | $132,050.00 | 1c |
| 021-007A-001 | Hartford National Bank (Fleet Bank Corporate Ser.) | Spraycraft | Fire Proofing | $3,677,077.14 | 1c |
| 021-008A-001 | Stauffer Chemical Company | Spraycraft | Fire Proofing | $5,586,660.00 | 1c |
| 021-017A-001 | B'Nai Jeshashu Building | Spraycraft | Fire Proofing | $488,235.38 | 1c |
| 021-024A-001 | Comsat Lab | Spraycraft | Fire Proofing | $4,662,622.50 | 1c |
| 021-025A-001 | Stewart's Department Store | Spraycraft | Fire Proofing | $1,691,700.02 | 1c |
| 021-026A-001 | Langley Professional Building | Spraycraft | Fire Proofing | $2,985,690.02 | 1c |
| 021-058A-001 | FP102 Building - Exxon Research | Spraycraft | Fire Proofing | $4,168,080.50 | 1c |
| 021-072A-001 | Crum & Forster Job | Spraycraft | Fire Proofing | $4,676,109.99 | 1c |
| 021-088A-001 | Roanoke Memorial Hospital | Spraycraft | Fire Proofing | $5,262,225.99 | 1c |
| 021-089A-001 | Springfield Operations Center - Washington Gas & Light | Spraycraft | Fire Proofing | $4,452,317.51 | 1c |
| 021-090A-001 | Wythe County Hospital | Spraycraft | Fire Proofing | $2,593,000.00 | 1c |
| 021-091A-001 | Building 400 - Lockheed Martin Corporation | Spraycraft | Fire Proofing | $2,373,666.30 | 1c |
| 021-093A-001 | Bender Hygienic Laboratory | Spraycraft | Fire Proofing | $457,560.00 | 1c |
| 021-097A-001 | Siegfried Construction Co. - Erie County Office | Spraycraft | Fire Proofing | $13,105,629.48 | 1c |
| 021-105A-001 | Schulman Investors Building | Spraycraft | Fire Proofing | $1,845,000.00 | 1c |
| 021-135A-001 | One Battery Park Plaza (24 State Street Job) | Spraycraft | Fire Proofing | $1,356,161.92 | 1c |
| 021-144A-001 | 127 John Street Building (a/k/a 200 Water Street) | Spraycraft | Fire Proofing | $29,250,000.00 | 1c |
| 021-224A-001 | Tulsa Assembly Center | CC Fiber - Asbestospray | Fire Proofing - CC Fiber | $664,832.00 | 1c |
| 021-306A-001 | Liberty National Building Complex | Firebar | Fire Proofing | $6,575,070.00 | 1c |
| 021-309A-001 | One Liberty Plaza Building | Firebar | Fire Proofing | $77,332,969.87 | 1c |