IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | Case No. 01-1139 (JKF) |
| W.R. GRACE & CO., et al. ) | (Jointly Administered) |
| ) | |
| Debtors. ) | Related Docket No. 9622 |
| ) | Hearing Date: November 14, 2005 at 2:00 pm |

**FUTURE CLAIMANTS' REPRESENTATIVE'S OPPOSITION TO THE DEBTORS' MOTION FOR AN ORDER ESTABLISHING A PROOF OF CLAIM BAR DATE FOR ASBESTOS PERSONAL INJURY PRE-PETITION LITIGATION CLAIMS**

David T. Austern, the legal representative for future asbestos claimants (the "FCR") appointed by this Court in the above-captioned Chapter 11 cases, by counsel, opposes the imposition of a bar date as requested in the Debtors' Motion for an Order Establishing a Proof of Claim Bar Date for Asbestos Personal Injury Pre-Petition Litigation Claims filed on October 10, 2005 by W.R. Grace and its affiliates [Doc. No. 9622] (the "Motion"), for the following reasons:

The Debtors once again ask the Court to require pre-petition asbestos litigation claimants to file a proof of claim, in the specific format demanded by the Debtors, or be forever barred, notwithstanding that there will be no distribution from the Debtors' estates; rather, as with all asbestos bankruptcy cases, the distribution will come from a 524(g) trust based on that trust's distribution procedures. The parties have already addressed this bar date issue, and the Court has already denied the Debtors' request. There is no good reason for the Court or the parties to spend any further time on the question of a bar date, and the Debtors' newest attempt to impose one should be summarily rejected.

The FCR will not restate here all the reasons the Debtors' motion should be denied, but the following points merit emphasis.

### A Bar Date is Unnecessary Here

A bar date for asbestos personal injury claims in these cases would serve no useful purpose. The Debtors do not propose to pay any such claims during their Chapter 11 cases – that is left to the 524(g) trust to be formed under a confirmed plan. The Debtors are not even proposing to process any such claims during these cases; review, processing and determination of eligibility for payment are all to be conducted, following the effective date of a confirmed plan, pursuant to Trust Distribution Procedures ("TDP") to be approved by the Court.

Nor can the Debtors seriously contend that they do not know the identity of the personal injury claimants whom the Debtors seek to bar. The Debtors' Motion applies solely to those personal injury claimants who filed suit against the Debtors prior to the petition date in April 2001. A debtor concerned about the level of asbestos claims already should have conducted discovery or performed due diligence with respect to such long-known claims.

The goal the Debtors now seek to further is simply to make it more difficult for asbestos personal injury claimants to preserve their claims against a future trust and effectively cause an artificially lower future claims forecast. That is no basis for imposing a bar date.

### The Court-Approved Questionnaire Appropriately Provides Remedies If A Sufficient Level Of Responses Are Not Submitted

The Debtors say they are concerned that claimants simply will not respond to the Questionnaire the Court previously authorized. But that concern, as the Court has already ruled, is more appropriately addressed by means other than a claims bar date.

When considering approval of the Questionnaire, the Court, at the FCR's urging, included the following language in the Court-approved Questionnaire:

2

THE COURT HAS ORDERED THAT, AS PART OF THE DISCOVERY PROCESS, ALL HOLDERS OF PRE-PETITION ASBESTOS PERSONAL INJURY CLAIMS MUST COMPLETE AND RETURN THIS QUESTION-NAIRE. THUS, FAILURE TO TIMELY RETURN THE QUESTIONNAIRE AS COMPLETELY AND ACCURATELY AS POSSIBLE MAY RESULT IN SANCTIONS AND/OR OTHER RELIEF AVAILABLE UNDER APPLICABLE RULES.

This approach, with which the FCR agrees, vests discretion in the Court to fashion an appropriate remedy if there turns out to be a real problem. Moreover, the various parties' experts are free to take the level of responses to the Questionnaire into account in formulating their projections. These remedies are more appropriate, and more equitable, than the Debtors' proposed penalty of permanently barring any recovery for as many claimants as possible.

### The Claims Estimation Process Cannot Be For The Allowance of Claims

The Debtors' proposed claim estimation process is just that – an estimation of the projected aggregate level of present and future claims for purposes of funding the Debtors' proposed plan trust. This process is not, and constitutionally cannot be, the means by which any individual asbestos claim is determined. By definition, the process must examine aggregate historic filings, aggregate trends and aggregate projections. There is no place in this process for a determination of whether any specific asbestos claim should be allowed. Neither the Court nor any of the parties need to preclude individual claims permanently, in order to develop reasonable estimates in the aggregate.

### Conclusion

This second attempt by the Debtors to impose a bar date should be seen for what it is – the Debtors' effort to place such hurdles and procedural traps in front of personal injury claimants that the Debtors' experts can assert that the universe of present claims is smaller than the Debtors' history establishes. Those experts will no doubt then testify that there will be fewer

future claims filings, and thus that the Debtors' funding for the plan trust need only be quite modest. As a result, the Debtors no doubt hope, they can skew the Court's determination in the estimation process in favor of the Debtors' shareholders retaining their equity, and away from a fair level of funding for a plan trust.

For these reasons, and for the reasons stated in the prior objections filed by the FCR and the Official Committee of Asbestos Personal Injury Claimants, the FCR respectfully requests that the Debtors' Motion be denied.

Dated: October 28, 2005

Respectfully submitted,

PHILLIPS, GOLDMAN & SPENCE, P.A.

_____
John C. Phillips, Jr., Esquire (#110)
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200
(302) 655-4210 (facsimile)

Roger Frankel, Esquire
Richard H. Wyron, Esquire
Swidler Berlin LLP
3000 K Street, N.W., Suite 300
Washington, D.C. 20007
(202) 424-7500
(202) 424-7643 (facsimile)

Counsel for David T. Austern,
Future Claimants Representative