# EXHIBIT 2

```
          UNITED STATES BANKRUPTCY COURT
               DISTRICT OF DELAWARE

                              .
IN RE:                        .    Chapter 11
                              .
W.R. Grace & Co., et al.,     .
                              .
         Debtor(s).           .    Bankruptcy #01-01139 (JKF)
.............................................................

                        Wilmington, DE
                      September 26, 2005
                         12:00 p.m.

              TRANSCRIPT OF OMNIBUS HEARING
        BEFORE THE HONORABLE JUDITH K. FITZGERALD
              UNITED STATES BANKRUPTCY JUDGE
```

APPEARANCES:

| | |
|---|---|
| For The Debtor(s): | David M. Bernick, Esq.<br>Kirkland & Ellis, LLP<br>200 E. Randolph Drive<br>Chicago, IL 60601 |
| | Michelle H. Browdy, Esq.<br>Kirkland & Ellis, LLP<br>200 E. Randolph Drive<br>Chicago, IL 60601 |
| | Janet S. Baer, Esq.<br>Kirkland & Ellis, LLP<br>200 E. Randolph Drive<br>Chicago, IL 60601 |
| (Via telephone) | Samuel Blatnick, Esq.<br>Kirkland & Ellis, LLP<br>200 E. Randolph Drive<br>Chicago, IL 60601 |
| (Via telephone) | Michael Dierkes, Esq.<br>Kirkland & Ellis, LLP<br>200 E. Randolph Drive<br>Chicago, IL 60601 |

1   insurance carriers.  There are lots of them here.
2           MR. BERNICK:  And I'm surprised to see that after Your
3   Honor made that statement they're still here.
4           THE COURT:  Still here.  Mr. Herbert?
5           MR. HERBERT:  Your Honor, Mark Herbert from Campbell
6   Levine on behalf of the PI Committee.  If I were -- if I
7   remember correctly, and granted I wasn't -- had no idea that
8   this issue was gonna be brought up at this hearing, but if I
9   remember correctly, your 2019 Order said that if anyone has
10  entered their appearance or taken any action in this case they
11  are to file a 2019 statement, assuming they represent more than
12  one Creditor; which just as a side note, it seems to be an
13  issue for the carriers as well.  But that aside, your order
14  also said that if they're going to take any action there were a
15  certain time period in there for them to comply before, for
16  example, voting via master ballot and so forth and so on.
17  There was no obligation for them to do that.  My understanding
18  is a lot firms have gone ahead and done that anyway, but the
19  question was presented to us after your 2019 order was entered,
20  people were calling us saying, "Do I have to file this? -- you
21  know, "Does Judge Fitzgerald have jurisdiction to order for me
22  to file this?"  So forth and so on.  We typically recommended
23  that even though they did not have to comply, that they should.
24  A lot of 'em have filed.  And in fact, on the 2019 issue with
25  insurers just now Kaza & McClain filed, Cooney & Conway filed,

130

1  Peter Angelos' office filed.  It's a lot of firms that filed
2  just since late July.  And in fact, most of those firms were
3  supplemental, so I'm not really sure where Mr. Bernick's 20 --
4  80% number comes from, but we're creeping back to an asbestos
5  personal injury bar date again, which is -- has just been
6  inherent in this process ever since the middle of July, ever
7  since the questionnaire when they wanted -- if you didn't file
8  a claim, your claim was going to be expunged, which Your Honor
9  ruled was not appropriate and had to be taken out.
10         MR. BERNICK:  To make it clear -- and I -- and that's
11  a fair point because I wasn't being clear.  Number one, while a
12  lot firms have filed their 2019 statements, the firms with
13  large numbers of claims have not, and that's how -- why we get
14  to the 80%.  Second is this problem can be cured by expanding
15  the scope of the 2019 order.  I suppose that's one way to go,
16  but we really had a simpler way of proceeding.  We're not
17  seeking -- because we understood what Your Honor's direction
18  was, we are not seeking to bar claims because people don't fill
19  out their questionnaires.  What we are seeking to know is who
20  is going to be a claimant, and for purposes of making that
21  clear we would be seeking a bar date and they could satisfy
22  their obligation under the bar date either by submitting the
23  questionnaire or by simply submitting the Form 10, which a
24  simple piece of paper that says I got a claim.  So we're not
25  seeking to increase the penalty or impose any kind of penalty

1  for failing to submit a questionnaire.  We are seeking to make
2  sure that if somebody's going to elect to be a claimant in this
3  case, particularly those people who already elected to be
4  claimants as of the time the case was filed, that they do it
5  now.
6         THE COURT:  Well, look, it -- you're going to have to
7  file a motion.
8         MR. BERNICK:  We will.
9         THE COURT:  I don't know what else to say.  Just file
10 a motion and put it on the calendar because I think I did say
11 that the 2019 statement would be due before they could file
12 master ballots.  If they try to file master ballots and haven't
13 filed a 2019 statement they'll be disallowed and their clients
14 will not participate in any distribution out of the estate
15 because they will not have filed a ballot or a claim.  I mean,
16 that's the way it's going to be.  So --
17        MR. HERBERT:  Your Honor, our office continues to work
18 with people who are filing 2019 statements -- amended 2019
19 statements, supplemental, whatever you want.  But I'd just like
20 to point out in response to what Mr. Bernick just said, the
21 purpose of 2019, as Your Honor stated earlier in this hearing,
22 relates to counsel coming forward and representing multiple
23 carriers.  It's not to establish any sort of information for
24 his estimation.
25        MR. BERNICK:  I'm not asking for more 2019's.  We'll