# EXHIBIT 1

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **W. R. GRACE & CO., et al.,**[1] | ) | **Case No. 01-01139 (JKF)** |
| | ) | **(Jointly Administered)** |
| **Debtors.** | ) | |
| | ) | **Re: Docket No.9314 and 10/24/05 Agenda Item** |
| | ) | **No. 10** |

## ORDER GRANTING THE RELIEF SOUGHT IN DEBTORS' FOURTEENTH OMNIBUS OBJECTION TO CLAIMS (NON-SUBSTANTIVE)

Upon the Fourteenth Omnibus Objection to Claims (the "Fourteenth Omnibus Objection")[2] filed by the above captioned debtors and debtors in possession (the "Debtors"), seeking entry of an order expunging and disallowing certain Claims; and no previous application having been made; and upon consideration of the Fourteenth Omnibus Objection and all responses thereto; and due and proper notice of the Fourteenth Omnibus Objection having been given, it is hereby

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms used but not defined herein are as defined in the Fourteenth Omnibus Objection.

DOCS_DE:112528.1

ORDERED that, except as hereinafter stated, the relief sought in the Fourteenth Omnibus Objection is granted to the extent not inconsistent with the language herein and with the Exhibits attached hereto; and it is further

ORDERED that the Objection to each of the No Supporting Documentation Claims filed by Thomas Lewis and Mark M. Kovacich of the law firm of Lewis, Slovak, & Kovacich, P. C. listed on Exhibit A to this Order is withdrawn. This withdrawal is without prejudice and the Debtors retain their right to pursue their objections to such claims set forth in the Debtors' Fifteenth Omnibus Objection or otherwise object upon any other grounds in the future upon proper notice and consistent with applicable law.; and it is further

ORDERED that the Objection to each of the Claims listed on Exhibit B to this Order which relate to Zonolite Attic Insulation or similar products ("ZAI") is withdrawn and the claims are reclassified as ZAI Claims. This withdrawal is without prejudice and the Debtors retain their right to object to the claims listed on Exhibit B on any ground in the future upon proper notice and consistent with applicable law. The Debtors also retain the right to require the claimants listed on Exhibit B to file their ZAI Claims on specialized ZAI Proof of Claim Forms in the event the Court so orders such specialized claim form; and it is further

ORDERED that the Objection to Claim No. 1724 filed by William Wittenberg is withdrawn. This withdrawal is without prejudice and the Debtors retain their right to pursue their objections to such claims set forth in the Debtors' Fifteenth Omnibus Objection or otherwise object upon any other grounds in the future upon proper notice and consistent with applicable law; and it is further

ORDERED that the Objection to Claim No. 15310 of Macerich Fresno Limited Partnership is withdrawn, Claim No. 15310 is consolidated with Claim No. 12758 and separate Claim No. 15310 is expunged. This withdrawal is without prejudice and the Debtors retain their

2

rights to pursue their objections to Claims 15310 and 12758, as consolidated, as set forth in the Debtors' Fifteenth Omnibus Objection, or otherwise object upon any other grounds in the future upon proper notice and consistent with applicable law.; and it is further

ORDERED that the Objection to Claim No. 1413 of Edward Kerr on the basis of No Supporting Documentation is sustained and Claim No. 1413 is expunged and disallowed; and it is further

ORDERED that, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, made applicable in the contested matter by Rules 7054 and 9014 of the Federal Rules of Bankruptcy Procedure, the Court hereby directs entry of a final judgment with respect to the claims objections as to which relief is entered by this Order, the Court having determined that there is no just reason for delay in the entry of judgment on these matters; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: October 24, 2005

_____
Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

3

## Exhibit A

Claims filed by Thomas Lewis and Mark M. Kovacich.

| Claim No. | Claimant Name | Relief Requested |
|-----------|---------------|------------------|
| 4711 | Braley, Eugene Alfred | Withdraw objection without prejudice. See 15th Omnibus Objection. All rights reserved. |
| 9674 | Bundrock, Daniel | Withdraw objection without prejudice. See 15th Omnibus Objection. All rights reserved. |
| 13910 | Christiansen, David | Withdraw objection without prejudice. See 15th Omnibus Objection. All rights reserved. |
| 13911 | Drake, Heidi Maria | Withdraw objection without prejudice. See 15th Omnibus Objection. All rights reserved. |
| 5557 | Erickson, Rodney A. | Withdraw objection without prejudice. See 15th Omnibus Objection. All rights reserved. |
| 5554 | Freebury, Danny James | Withdraw objection without prejudice. See 15th Omnibus Objection. All rights reserved. |
| 13909 | Leckrone, Dean Bradford | Withdraw objection without prejudice. See 15th Omnibus Objection. All rights reserved. |
| 9662 | Lehnert, Arnold | Withdraw objection without prejudice. See 15th Omnibus Objection. All rights reserved. |
| 9667 | Munsel, Donald | Withdraw objection without prejudice. See 15th Omnibus Objection. All rights reserved. |
| 9669 | Nelson, Pete O. | Withdraw objection without prejudice. See 15th Omnibus Objection. All rights reserved. |
| 9666 | Orr, Howard King | Withdraw objection without prejudice. See 15th Omnibus Objection. All rights reserved. |
| 9657 | Parker, Melvin George | Withdraw objection without prejudice. See 15th Omnibus Objection. All rights reserved. |
| 9663 | Roy McMillan PR of Estate of Robert McMillan | Withdraw objection without prejudice. See 15th Omnibus Objection. All rights reserved. |
| 9670 | Wagner, John Francis | Withdraw objection without prejudice. See 15th Omnibus Objection. All rights reserved. |

## Exhibit B

Claims relating to Zonolite Attic Insulation and similar products.

| Claim No. | Claimant Name | Relief Requested |
|-----------|---------------|------------------|
| 2128 | Campeau, Thomas Francis | Withdraw Objection without prejudice. Reclassify as ZAI Claim.  All rights reserved. |
| 15343 | Koski, Eino and Aili | Withdraw Objection without prejudice. Reclassify as ZAI Claim.  All rights reserved. |
| 15344 | Kwas, Daniel | Withdraw Objection without prejudice. Reclassify as ZAI Claim.  All rights reserved. |
| 2560 | Taylor, Eddie | Withdraw Objection without prejudice. Reclassify as ZAI Claim.  All rights reserved. |
| 15345 | Worden, Gladwin | Withdraw Objection without prejudice. Reclassify as ZAI Claim.  All rights reserved. |

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JJF) |
| | ) | (Jointly Administered) |
| | ) | Re : Docket No   9314- |
| Debtors. | ) | Re : Agenda No . 10 |

## STIPULATION CONCERNING WITHDRAWAL OF OBJECTION AND RECLASSIFICATION OF CERTAIN CLAIMS

This stipulation is entered into this 17th day of October, 2005, between W.R. Grace & Co. and its affiliates (collectively, the "Debtors") and Darrell W. Scott, counsel for the claimants identified herein ("Claimants").

1.    On April 22, 2002, this Court issued its Bar Date Order which established March 31, 2003 as the Bar Date for the filing of certain pre-petition (a) non-asbestos, (b) asbestos property damage and (c) medical monitoring claims. A bar date has not been set at this time for asbestos personal injury claims and claims related to Zonolite Attic Insulation ("ZAI Claims").

---

[1]   The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

2.    The Claimants have filed the following proofs of claim against the Debtors:

| Claim Number | Claimant Name |
|---|---|
| 2971 | William Becker |
| 2972 | William Becker |
| 3893 | Alan Beltz |
| 3891 | Carol Beltz |
| 15343 | Eino and Aili Koski |
| 15344 | Daniel Kwas |
| 13908 | Shawn and Amy Nolan |
| 5149 | Robert Nowak |
| 5580 | Clarke Russ |
| 2560 | Eddie Taylor |
| 13907 | Jay Wilkinson* |
| 15345 | Gladwin Worden |

3.    On September 1, 2005, the Debtors filed their Fourteenth Omnibus Objection to Claims (Non-Substantive) (the "14th Omnibus Objection") and their Fifteenth Omnibus Objection to Claims ("15th Omnibus Objection") in which the Debtors sought to disallow and expunge the claims set forth above on various grounds (hereafter referred to as the "Listed Claims").

4.    The Debtors have discovered that although most of the Listed Claims were filed on asbestos property damage claim forms, the claims are not traditional asbestos property damage claims, but instead are ZAI Claims.

5.    As a result, the Debtors have agreed to withdraw the objections to the Listed Claims set forth in the 14th and 15th Omnibus Objections and reclassify the Listed Claims as ZAI

---

*    The parties acknowledge that this claim is a Masonry Fill claim, not a ZAI claim. However, the Debtor intend to address Masonry Fill claims in the same manner as ZAI claims and not to include such claims in the current traditional asbestos property damage claims objections.

2

Claims. However, this withdrawal is without prejudice and the Debtors reserve the right to object to the Listed Claims on any grounds in the future upon proper notice and consistent with applicable law. The Debtors also reserve the right to require the Claimants to file their ZAI Claims on specialized ZAI Proof of Claim Forms in the event the Court so orders such specialized claim form.

6.    The Debtors will include the withdrawal of the Listed Claims and reservation of rights outlined herein in the proposed orders relating to the 14th and 15th Omnibus Objections presented to the Court at the October 24, 2005 omnibus hearing.

7.    Each party executing this Stipulation represents that such party has the full authority and legal power to do so. This Stipulation may be executed in counterparts and each such counterpart together with the others shall constitute one and the same instrument. The parties further agree that facsimile or e-mail signatures hereon shall be deemed to be original signatures. This Stipulation shall be binding upon and inure to the benefit of each of the parties, and upon their respective assignees, successors and/or partners.

8.    This Stipulation constitutes the complete expression of the agreement of the parties hereto concerning the subject matter hereof, and no modification of or amendment to this Stipulation shall be valid unless it is in writing and signed by the party or parties to be charged.

9.    The Bankruptcy Court shall retain jurisdiction to enforce this Stipulation and all matters relating hereto.

10.    The Debtors shall direct the Claims Agent, Rust Consulting, Inc., to mark the Claims Register reflect that the Listed Claims are ZAI Claims.

3

**STIPULATED AND AGREED:**

W. R. GRACE & CO., et al.

By: _____

By: _____

One of their attorneys

Darrell W. Scott
The Scott Law Group, A.S.
926 W. Sprague Ave.
Suite 583
Spokane, WA 99201
Telephone: (509) 455-3966
Facsimile: (509) 455-3906

KIRKLAND & ELLIS LLP
Michelle Browdy
Janet S. Baer
200 East Randolph Drive
Chicago, Illinois 60601-6636
Telephone: (312) 861-2000
Facsimile: (312) 861-2200.

*Attorney for the Claimants*

-and-

PACHULSKI, STANG, ZIEHL, YOUNG,
JONES & WEINTRAUB P.C.

Laura Davis Jones ( No. 2436)
James E. O'Neill (No. 4042)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: 302) 652-4100
Facsimile: (302) 652-4400

*Attorneys for Debtors*
*and Debtors-in Possession*

4

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

In re:                                    )    Chapter 11
                                          )
W.R. GRACE & CO., et al.,[1]              )    Case No. 01-1139 (JJF)
                                          )    (Jointly Administered)
                                          )    Re: Docket No. 9314
             Debtors.                     )    Re: Agenda No. 10

## STIPULATION CONCERNING WITHDRAWAL OF OBJECTION AND CONSOLIDATION OF CLAIMS OF MACERICH FRESNO LIMITED PARTNERSHIP

This stipulation is entered into this 20th day of October, 2005, between W.R. Grace &

Co. and its affiliates (collectively, the "Debtors") and Macerich Fresno Limited Partnership

("Claimant"). In consideration of the matters set forth herein and under the following terms and

provisions, it is hereby stipulated and agreed between the Claimant and the Debtors as follows:

1.      On April 22, 2002, this Court issued its Bar Date Order which established March

31, 2003 as the Bar Date for the filing of certain pre-petition (a) non-asbestos, (b) asbestos

---

[1]   The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

property damage and (c) medical monitoring claims. A bar date has not been set at this time for asbestos personal injury claims and claims related to Zonolite Attic Insulation ("ZAI Claims").

2.     On March 31, 2003, the Claimant filed a proof of claim against the Debtors on an asbestos property damage claim form, designated as claim no. 12758. Thereafter, on July 15, 2003, the Claimant supplemented its proof of claim with additional documentation and the Debtors' claims agent gave those supplemental documents a second claim number, claim number 15310. Claim 15310 is not a new or separate claim.

3.     On September 1, 2005, the Debtors filed their Fourteenth Omnibus Objection to Claims (Non-Substantive) (the "14th Omnibus Objection") in which the Debtors sought to disallow and expunge claim 15310 as a late filed claim. Also on September 1, 2005, the Debtors filed their Fifteenth Omnibus Objection to Claims (Substantive) (the "15th Omnibus Objection") in which the Debtors sought to disallow and expunge claim 15310 on various grounds, including: (i) not filed on the correct claim form, as set forth in Exhibit A-3 to the 15th Omnibus Objection; (ii) missing basic information about the property at issue, as set forth in Exhibit C-1(c) to the 15th Omnibus Objection; and (iii) missing basic information about the Claimant's knowledge, as set forth in Exhibit C-1(d) to the 15th Omnibus Objection.

4.     As a result of clarification from the Claimant with respect to claim 15310, the Debtors have agreed to withdraw the objection to Claim 15310 set forth in the 14th Omnibus Objection, and to withdraw the objections to Claim 15310 set forth in Exhibits A-3, C-1(c) and C-1(d) to the 15th Omnibus Objection. The parties have further agreed that claim 15310 should be consolidated with claim 12758 and claim number 15310 expunged. This withdrawal and consolidation, however, is without prejudice and the Debtors reserve their right to pursue the remaining objections to claims 12758 and 15310 set forth in their 15th Omnibus Objection as

2

**STIPULATED AND AGREED:**

**MACERICH FRESNO LIMITED PARTNERSHIP**

By: _____

One of its attorneys

M. David Minnick
Gerald F. George
Mathew J. Swain
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
50 Fremont Street
San Francisco, CA 94105
Telephone: (415) 983-1000
Facsimile: (415) 983-1200

**W. R. GRACE & CO., et al.**

By: _____

One of their attorneys

**KIRKLAND & ELLIS LLP**
Michelle Browdy
Janet S. Baer
200 East Randolph Drive
Chicago, Illinois 60601-6636
Telephone: (312) 861-2000
Facsimile: (312) 861-2200.

-and-

**PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.**

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

*Attorneys for Debtors
and Debtors-in Possession*

4