IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Re: Docket Nos. 9635 and 9922 |

**APPELLANTS' RESPONSE TO DEBTORS' MOTION TO STRIKE
ISSUE THREE OF THE STATEMENT OF ISSUES PRESENTED ON APPEAL**

PacifiCorp and the VanCott Bagley Cornwall & McCarthy 401(k) Profit Sharing Plan (collectively, the "Appellants"), hereby submit this response to Debtors' Motion to Strike Issue Three of the Statement of Issues Presented on Appeal ("Motion to Strike"), filed on October 21, 2005, and in support state as follows:

**Debtors' Motion is Procedurally Defective**

1. Debtors failed to comply with Local District Court Rules 7.1.2 and 7.1.3 (the "Local Rules" or "Local Rule __"). Debtors' Motion to Strike is devoid of any reference to a procedural or legal basis for the relief sought. There are no supporting cases or legal authorities cited. Debtors do not even set forth the legal standard regarding what may be properly included in the record on appeal and there is no record attached to the Motion to Strike to which the Court can refer. Debtors' Motion to Strike is nothing more than an unsupported, unsubstantiated procedurally defective request for relief.

2. Debtors also failed to comply with Local Rule 7.1.1, which requires that a party filing a non-dispositive motion must, at the time of filing the motion, make a statement showing that the attorney making the motion has made a reasonable effort to reach agreement with the opposing attorneys on the matter. *See* D. Del. LR 7.1.1. Appellants have proposed a possible

consensual resolution to the dispute below, which, had Debtors complied with the Local Rules, may have obviated the need for motion practice.

3.  Therefore, Appellants submit that Debtors' Motion to Strike should be denied for failure to comply with the Local Rules.

**Record Below Demonstrates the Bankruptcy Court Considered and Decided Issue Three**

4.  Debtors assert that the Bankruptcy Court did not make a determination on whether the Appellants have a claim against the Debtors' estate. It is true that Appellants did not raise the issue in their Motion for Leave to File Late Claims. However, from comments made at the February 28, 2005 hearing on the Appellants' Motion for Leave to File Late Claims, the Bankruptcy Court clearly appeared to consider and decide the issue.

5.  At the hearing, the Bankruptcy Court stated several times that it "[saw] no basis" for Appellants' claim. Transcript of Hearing on February 28, 2005, attached hereto as Exhibit A, at 27: 2-3 ("I'm still not clear how there is even a claim against this estate"), 13-14 ("I'm not sure I see a claim"); 28: 8-9 ("No, that's too attenuated. I'm sorry. It's just too attenuated."), 14-15 ("I see no basis"); 28:25-29:1 ("But I don't see a basis for [a claim]."); 30:1 ("I'm not convinced [PacifiCorp] is a creditor of the debtor").

6.  The Bankruptcy Court's Order Denying PacifiCorp and the VanCott Bagley Cornwall & McCarthy 401(K) Profit Sharing Plan's Motion for Leave to File Late Proofs of Claim ("Order Denying Leave to File Late Proofs of Claim") is not supported by separate findings. Rather, it merely states, without apparent exclusion, that it "agrees with *and adopts the reasoning set forth in Debtor's Brief* (D.I. 7746) *and Response* (D.I. 8283)" (emphasis added). Order Denying Leave to File Late Proofs of Claim, attached hereto as Exhibit B, at p. 2.

7. The Debtors' Response to PacifiCorp and the VanCott Bagley Cornwall & McCarthy 401(K) Profit Sharing Plan's Brief in Support of Their Motion for Leave to File Late Proofs of Claim ("Debtors' Response to Motion to File Late Claims") specifically argued that no claim exists because the Debtor was not an "arranger" under CERCLA. Debtors' Response to Motion to File Late Claims, attached hereto as Exhibit C, at pp. 15-19. Thus, it appears that the Order Denying Leave to File Late Proofs of Claim adopted all of the Debtors' arguments, including its contention that there was no allowable claim under CERCLA. For this reason, Appellants have properly included Issue Three in their Statement of Issues on Appeal.

## Conclusion

8. Debtors' Motion to Strike should be denied because it is procedurally deficient. Debtors have simply ignored the applicable Local Rules 7.1.1, 7.1.2 and 7.1.3. In the event that the Court considers the merits of the Motion to Strike, Appellants submit that Issue Three was properly included. If the Debtors do not wish to address the issue at this time, it is a simple matter for the parties to stipulate, and for the Court to order, that the Bankruptcy Court's Order Denying Leave to File Late Proofs of Claim does not have any binding effect with respect to the issue of allowability of Appellants' claim against the Debtors. If the Debtors will not so stipulate, their Motion should be denied.

Dated: November 3, 2005

LANDIS RATH & COBB LLP

_____
Richard S. Cobb (#3157)
Megan N. Harper (#4103)
919 Market Street, Suite 600
P.O. Box 2087
Wilmington, DE 19899
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

Attorneys for Appellants PacifiCorp and the
VanCott Bagley Cornwall & McCarthy 401(k)
Profit Sharing Plan

-and-

MABEY & MURRAY LC
Steven J. McCardell, Esquire
Jared L. Inouye, Esquire
1000 Kearns Building
136 South Main Street
Salt Lake City, UT 84101-1685
Telephone: (801) 320-6700
Facsimile: (801) 359-8256

Attorneys for Appellant PacifiCorp

-and-

VANCOTT, BAGLEY, CORNWALL &
MCCARTHY
J. Robert Nelson, Esquire
50 South Main Street
Salt Lake City, UT 84144-0450
Telephone: (801) 237-0270
Facsimile: (801) 534-0058

Attorneys for Appellant VanCott Bagley Cornwall
& McCarthy 401(k) Profit Sharing Plan