# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

IN RE:                          . Case No. 01-01139(JKF)
                                . Chapter 11
                                . Jointly Administered
  W.R. GRACE & CO., et al.,     .
                                . 5414 USX Tower Building
                                . Pittsburgh, PA 15222
                  Debtors.      .
                                . February 28, 2005
. . . . . . . . . . . . . . . . 11:57 a.m.


TRANSCRIPT OF MOTION HEARING
BEFORE HONORABLE JUDITH K. FITZGERALD
UNITED STATES BANKRUPTCY COURT JUDGE


APPEARANCES:

For the Debtors:                Kirkland & Ellis, LLP
                                By:  JANET S. BAER, ESQ.
                                     DAVID M. BERNICK, ESQ.
                                Aon Center
                                200 East Randolph Drive
                                Chicago, IL   60601
                                (Mr. Bernick Telephonically)

For the Debtors:                Pachulski, Stang, Ziehl, Young,
                                 Jones & Weintraub, P.C.
                                By:  DAVID W. CARICKHOFF, JR.,
                                     ESQ.
                                919 Market Street
                                16th Floor
                                P.O. Box 8705
                                Wilmington, DE   19899

Audio Operator:                 Cathy Younker

Proceedings recorded by electronic sound recording, transcript
                produced by transcription service.

_____

**J&J COURT TRANSCRIBERS, INC.**
**268 Evergreen Avenue**
**Hamilton, New Jersey 08619**
**E-mail:  jjcourt@optonline.net**

**(609) 586-2311  Fax No.  (609) 587-3599**

1 notice of the bar date, for different reasons, for different
2 claims, not these.  But they certainly were on notice.  And you
3 add that to the $4 million that we spent to publish notice to
4 the world, and we believe, Your Honor, that the bar date order
5 is very clear and that they're barred.

6 Your Honor, again, their standard is to prove that we
7 won't be prejudiced.  That's not case here, Your Honor.  This
8 really puts at issue our publication notice.  It puts at issue
9 the validity of publication notices and spending this kind of
10 money to do this extended kind of a program to let the world
11 know and bring unknown claimants forward to file their proof of
12 claim by the bar date.  We complied with the Court's rules and
13 under the Court's order, their claim should be barred.

14 I don't quite understand why the kind of discovery
15 that's being requested here is necessary.  They knew they owned
16 the property.  We didn't know that.  We knew that we sold
17 vermiculite to our customer.  We notified our customer, and we
18 published notice to everybody else telling them if they think
19 they have a claim against Grace, step forward and file that
20 claim by the bar date.

21 This isn't the first time you've had to deal with a
22 late proof of claim, Your Honor, and there's nothing that
23 particularly unique about this the circumstances.  For the same
24 reasons that you've denied late proofs of claim before here, we
25 believe you have sufficient evidence right now to deny the

**J&J COURT TRANSCRIBERS, INC.**

1 filing of the late proof of claim.

2          THE COURT:  Well, I'm still not clear how there is
3 even a claim against this estate by these entities.  What
4 you're telling me is that the debtor had a relationship with
5 Intermountain by which it supplied Intermountain vermiculite.
6 Intermountain was actually the entity that had possession of
7 the property that's owned by Pacific, not the debtor.

8          MS. BAER:  That's exactly correct, Your Honor.

9          THE COURT:  Well --

10          MS. BAER:  We don't know -- we don't know either, and
11 now they want the right to file something.  That's our
12 position, that they're barred.

13          THE COURT:  Mr. Cobb, I don't see -- number one, I'm
14 not sure I see a claim, but even if I do, I don't see how the
15 debtor has any duty to search out your client under these
16 circumstances.

17          MR. COBB:  Your Honor, Richard Cobb again.  Well,
18 Your Honor, let's start with the simple fact that we're not
19 dealing with adjacent property, like the cases that are cited
20 by the debtors, and we're not dealing with personal injury
21 claimants.  We're dealing with property, the identical
22 property, that was owned by PacifiCorp and the Van Cott plan.

23          THE COURT:  But they debtor wasn't in possession of
24 it.

25          MR. COBB:  But the debtor --

**J&J COURT TRANSCRIBERS, INC.**

1          THE COURT:   The debtor's customer was in possession
2    of it.

3          MR. COBB:   That's correct, Your Honor, but the debtor
4    put into the marketplace and the debtor knowingly shipped to
5    that location products which ended up, we allege, contaminating
6    that soil, which has resulted in significant monetary claims
7    being asserted by --

8          THE COURT:   No, that's too attenuated.   I'm sorry.
9    It's just too attenuated.   If anything, as the owner of that
10   property your client certainly had the duty to make sure that
11   it was aware of the bar date.   If it knew that Intermountain
12   was getting vermiculite from some source other than the
13   property itself, then it had a duty to seek that out and
14   determine whether or not it should file a claim here.   So, as
15   to that one, I see no basis.   I'm not permitting discovery.
16   I'm simply going to deny the late proof of claim.   This debtor
17   is well on the road toward trying to get a confirmable plan
18   together.   Having late filed claims at this point in time will
19   jeopardize that process.   It will certainly change
20   distributions to other creditors within certain classes.   The
21   claim itself seems to be highly attenuated.   I'm not even sure
22   there is an allowable claim against the estate, but I don't
23   need to go there at this point in time because obviously that's
24   not at issue today.   The only question today is whether the
25   claim should be permitted to be filed at all.   But I don't see

1  a basis for it.

2          MR. COBB:  Your Honor, I would respectfully request

3  that we be given an opportunity to present the factual evidence

4  to the Court.  The case law directly states, Your Honor, that

5  the Court is to make a factual investigation of the nature of

6  the reason why the claims were not filed timely.  Your Honor,

7  you -- Your Honor, the Van Cott plan did not have notice of the

8  bar date.  Your Honor, Van Cott plan did not even have a claim

9  that it knew that it could lodge against this debtor until well

10 after the bar date.  The Van Cott is a little different

11 factually.  With respect to PacifiCorp, PacifiCorp, under its

12 trade name, Utah Power & Light, filed something like a fifteen

13 hundred dollar claim relating to electricity, as I understand

14 it.

15          THE COURT:  That's enough isn't it?

16          MR. COBB:  Your Honor, due process requires that my

17 client had been given notice of the bar date --

18          THE COURT:  No, it doesn't.  Due process --

19          MR. COBB:  -- not general notice of the bankruptcy.

20          THE COURT:  No, due process requires that if your

21 client was a creditor known to the debtor that it had -- that

22 it get actual notice, but your client, at this point in time,

23 I'm not even convinced -- I'm talking about Pacific at the

24 moment.

25          MR. COBB:  Correct.


**J&J COURT TRANSCRIBERS, INC.**

1          THE COURT:  I'm not convinced is a creditor of the
2   debtor, number one.  Number two, the debtor had no direct
3   relationship with Pacific.  It wasn't leasing property from
4   Pacific.  It wasn't dealing with Pacific in any kind of
5   customer capacity.  You've already said this isn't a personal
6   injury action.  Therefore, how is the debtor ever to know that
7   it has -- I mean, under that theory, everybody in the world
8   could potentially have a claim against the debtor, and the
9   debtor would have to notify every single person, entity,
10  company in the entire world that it may have a claim based on
11  some third-party transaction.  That's too much.  That's not
12  what the Code requires.  That's what the publication notice is
13  all about.  Under these circumstances, Grace did widespread
14  publication.  This is an -- if it's a creditor at all, it's a
15  clearly unknown creditor.  That publication notice as to
16  Pacific is sufficient, and I don't need any further factual
17  investigation on that score.  So that claim -- the motion as to
18  that is denied.  Now, what's the difference between Pacific and
19  Van Cott?

20          MR. COBB:  Your Honor, with respect to Van Cott, Van
21  Cott did not even know that it had a claim against the debtors
22  until well after the bar date, number one.  Number two, Van
23  Cott would provide evidence that it never received notice of
24  the bar date.  In fact, I believe Van Cott had knowledge of the
25  bankruptcy, but it may have.  I can't sit here today, Your

1 Honor, and provide testimony as a lawyer in that respect.  But
2 I can tell you that they would be prepared to testify they
3 never received notice of the bar date, so they never had actual
4 notice in that respect.

5         THE COURT:  Okay.  And the debtor's affidavits
6 indicate that, in fact, they were served, that actual notice
7 was provided --

8         MR. COBB:  The debtor's affidavits indicate, Your
9 Honor, that Van Cott, the law firm, was served at a certain
10 address, an incorrect address, and therefore they claim they
11 received actual notice.  And Van Cott would claim in response,
12 would respond by saying that the address was incorrect, it did
13 not contain the suite number of the law firm, that it should
14 have been addressed to the plan trustee, the 401(k) plan
15 trustee, because that is the claimant here, and therefore --
16 and following on that, they never received actual notice.

17         THE COURT:  All right.  Ms. Baer?

18         MS. BAER:  Your Honor, with respect to the last
19 point, our certificate of service shows that Van Cott Bagley
20 Cornwall was served at 50 South Main Street, Salt Lake City,
21 Utah.  The claimant here who filed this motion, Van Cott
22 Bagley, Cornwall, McCarthy, is located at 50 South Main Street,
23 Salt Lake City, Utah.  That law firm who filed this motion got
24 served with the bar date notice.  But, Your Honor, I'm not --
25 we didn't even have to serve them.  They are in exactly the