# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Re: Docket No. 9315 |
| | ) | |

**SCHEDULING ORDER REGARDING DEBTORS'
FIFTEENTH OMNIBUS OBJECTION TO CLAIMS (SUBSTANTIVE)**

WHEREAS, on September 19, 2005 the Court entered an order (the "9/19 Order") scheduling certain matters with respect to the Debtors' Fifteenth Omnibus Objection to Claims (the "Fifteenth Omnibus Objection")[2];

WHEREAS, as of October 24, 2005, the Debtors had received over 1000 Responses to the Fifteenth Omnibus Objection and the Debtors determined, as outlined in the 9/9 Order at paragraph 5, that the schedule and objection process set forth in the 9/19 Order was unmanageable and it would be in the best interest of all parties to bifurcate the Fifteenth Omnibus Objections into batches;

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms used but not defined herein are as defined in the Fifteenth Omnibus Objection.

WHEREAS, on October 24, 2005, the Court granted the Debtors' request to vacate certain dates outlined in the 9/19 Order and directed the Debtors to submit a new Order providing a proposal for the briefing and hearing of matters with respect to the Fifteenth Omnibus Objection;

WHEREAS, upon consideration of the matters set forth herein and the Court being fully advised of the premises, it is hereby

ORDERED that the following issues raised by the PD Estimation and the Fifteenth Omnibus Objection shall be addressed at the Debtors November 14, 2005 Omnibus Hearing:

- *Procedural issue of how Estimation Phase I should proceed:* (constructive notice; Daubert standards on dust sampling methodology);

- *Defaults and Agreed Relief:* All defaults with respect to objections filed for which the response was due by October 27, 2005 and no response was received and all claims with agreed upon treatment as outlined in Stipulations or otherwise agreed to with Claimants; and

- *Status conference on Contested Matters:* Discuss briefing/argument schedule for batches of objections for December, January and February omnibus hearings as outlined herein;

and it is further

ORDERED that the following issues raised by the Fifteenth Omnibus Objection shall be addressed at the Debtors' December 19, 2005 Omnibus Hearing:

- Exhibit A Objections:[3]  *Improperly submitted PD claims* (ZAI, medical monitoring, wrong form);

- Exhibit B Objections: *Previously settled or adjudicated claims;*

- Exhibit C-1 (a, b, e) Objections: *Proof of Claim Forms Incomplete on their face* as they are missing basic address information, are not signed or assert claims for multiple properties;

---

[3] All Exhibit references are references to the Exhibits attached to the Fifteenth Omnibus Objection and the substantive categories of Objections outlined therein.

- Exhibit C-3 (a-c) Objections: *No Product Identification Documents of any kind submitted;* and

- Exhibit H Objections: *Contribution and/or indemnification claims.*

The Debtors Reply with respect to these Objections is due November 21, 2005 and any Sur-replies are due December 5, 2005, and it is further

ORDERED that the following issues raised by the Fifteenth Omnibus Objection shall be addressed at the Debtors' January 30, 2006 Omnibus Hearing:

- Exhibit F Objections: *Flawed Speights* Claims Remaining:  Those Speights Claims remaining after withdrawals and disallowance pursuant to 13th Omnibus Objection;

- Exhibit G-1 Objections:  *Category II* "stigma" claims from Minneapolis; and

- Certain Exhibit D 1-5 Objections:  *Claims brought too late* under the *statute of limitations* for Virginia, Georgia, Alabama and Maine and the *statute of repose* for Virginia and Tennessee.

The Debtors Reply with respect to these Objections is due January 6, 2006 and any Sur-replies are due January 20, 2006, and it is further

ORDERED that the following issues raised by the Fifteenth Omnibus Objection shall be addressed at the Debtors' February 21, 2006 Omnibus Hearing:

- Exhibit F Objections:  *Flawed Speights* claims, continued; and

- Exhibit D-1 Objections:  Claims for *buildings built too late* to contain MK-3.

The Debtors Reply with respect to these Objections is due January 24, 2006 and any Sur-replies are February 7, 2006, and it is further

ORDERED that as outlined in the PD CMO the following issues raised in the Fifteenth Omnibus Objection shall be addressed at the Debtors' Estimation Phase I hearing (beginning March 20, 2006):

3

- Exhibit D-2 Objections:  Claims barred by the doctrine of *constructive notice*;

- Exhibit E-2 Objections:  Claims submitting *dust sampling only* results.

The briefing with respect to these issues is outlined in the PD CMO; and it is further

ORDERED that the following issues raised by the Fifteenth Omnibus Objection shall be addressed at the Debtors' Estimation Phase II hearing to be scheduled for September, 2006:

- Remaining Exhibit C 1-3 Objections:  *Claims providing insufficient or inconsistent information* (face of form insufficient; documentation insufficient; insufficient product ID);

- Exhibit C-4 Objections:  Claims seeking *overbroad recovery*, including non-Grace products;

- Remaining Exhibit D-1 Objections:  Claims for *buildings built too late* for Grace asbestos-containing products other than MK-3;

- Remaining Exhibit D 3-6 Objections:  Claims *brought too late* under *statutes of limitation, statutes of repose, assumption of risk* and *laches* for states not previously addressed;

- Exhibit E-1, 3-4 Objections:  Claims *failing to establish that Grace asbestos-containing products in their buildings present an unreasonable risk of harm to building occupants, workers or visitors;*

- Exhibit G 1-5 Objections:  All remaining *Category II* claims; and

- *Any other objection not yet ruled on* by the time of the Phase II hearing.

The briefing/argument schedule with respect to these issues has already be provided by the PD Estimation CMO; and it is further

4

ORDERED that the above schedule does not apply to any claims held by claimants represented by the firm of Dies & Hile or claims filed by claimants located in the State of Louisiana. Those claimants have been granted additional time to respond to the Fifteenth Omnibus Objection pursuant to separate Orders and separate scheduling orders with respect to those claimants shall be entered after such claimants respond to the Fifteenth Omnibus Objection.

Dated:  November __, 2005

_____
Honorable Judith K. Fitzgerald
United States Bankruptcy Judge