IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., *et al.*, | ) | Case No. 01-1139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

Related Docket Nos. 9622, 10910, 10913, 10917, 10930
November 14, 2005 Agenda Item No. 7

## DEBTORS' REPLY IN SUPPORT OF ITS MOTION FOR AN ORDER ESTABLISHING A PROOF OF CLAIM BAR DATE FOR ASBESTOS PERSONAL INJURY PRE-PETITION LITIGATION CLAIMS

The Debtors seek a proof of claim bar date for Asbestos PI Pre-Petition Litigation Claims[1] in order to ensure the complete and accurate return of the PI Questionnaire by all affected claimants who intend to make a claim against the trust. The Court already has recognized that without full compliance by such claimants in completing the PI Questionnaire, there is a significant chance that the estimation will be biased. But, despite its importance to the estimation process, there is no concrete procedure in place to ensure that such claimants complete the PI Questionnaire.

The Court's 2019 Order cannot assure full compliance with the requirement to complete the PI Questionnaire because – according to the plaintiff law firms and the PI Committee – the claimants' lawyers are not required to file the Rule 2019 statements until they participate in the case. Because there is nothing requiring an Asbestos PI Pre-Petition Litigation Claimant to participate in this bankruptcy, claimants and their lawyers can wait until well after the conclusion of the estimation before participating in the case, or they can choose not to participate at all. Although the PI Questionnaire provides that claimants who fail to return the questionnaire may be subject to sanctions under the applicable federal rules, this remains a hollow deterrent to noncompliance as long as claimants believe that this Court does not have the authority to render

---

[1] Capitalized terms used, but not defined herein, are as defined in the Motion.

the sanctions in question. Accordingly, the Debtors filed the bar date motion for a simple and straightforward purpose -- to resolve any doubt as to the Court's power to require the completion and return of the PI Questionnaire.

The PI Committee, the FCR, and certain law firms represented by Stutzman, Bromberg, Esserman & Plifka (the "Stutzman Objectors") have each filed an objection to the Motion. Notably, none address the underlying problem and reason for the Debtors' request for the bar date. Rather than responding to the real problems facing the Court and the Debtors, these objections are based on various mischaracterizations of the relief requested in the Motion, the Debtors' "motives" and applicable case law.

## I. The Debtors are Not Seeking to Adjudicate Asbestos Personal Injury Claims

The primary argument underlying the Stutzman objection is that the Debtors are seeking a proof of claim and bar date for the purpose of adjudicating the merits of individual claims. *See* Objection of Stutzman Objectors at 3 (alleging that the "real agenda" behind the Motion is to foment a "claims objection pandemic"). Contrary to these allegations, the Debtors are not seeking to adjudicate the merits of asbestos personal injury claims and nothing in the Motion suggests otherwise -- a fact even acknowledged by the FCR in its objection to the Motion. *See* Objection of FCR at 2. Thus, although claims not filed by an established bar date may be barred as a matter of procedure, the Debtors have no intention of seeking disallowance of timely filed claims. The value of the timely filed claims simply will be estimated and the merits of the claims ultimately will be resolved by the Section 524(g) trust.

## II. The Relief Requested Does Not Violate Due Process Rights of Future Claimants and Is Not Unduly Burdensome

The various due process "problems" alleged by the objectors are, at best, disingenuous. The Stutzman Objectors argue that "[b]ar dates for mass tort victims are problematic both in their application and implementation. Future claimants slated to participate in the distribution of

2

estate assets (*e.g.*, holders of asbestos demands in a 524(g) case) remain unidentified after any bar date has passed." Stutzman Objection at 13. The Motion, however, only seeks to establish a bar date for claimants with asbestos personal injury cases that were pending prior to the petition date and is, thus, inapplicable to future claimants.

Continuing their mischaracterization of the relief requested, the Stutzman Objectors argue that completing the proof of claim would be burdensome because claimants would be "put to the unenviable task of assembling information necessary to formulate proofs of claim" and "[t]o the extent they may need input from third parties -- say, to obtain or confirm historical employment or exposure data -- the period from mid-November through the first of the year is probably the most problematic time of year for tracking down and obtaining that input." Stutzman Objection at 14-15. The proof of claim, however, does not request historical employment or exposure data. Indeed, the proof of claim form requires the claimant to prove little more than the claimant's name, claim amount and, if the claimant does not elect to use the PI Questionnaire as the proof of claim, basic information as to the complaint filed against the Debtors. Most importantly, the argument completely ignores the fact that the claimants already are *under Court order* to provide that very information in the PI Questionnaire which is due on January 16, 2006, and that the claimants may elect, if they desire, to use the PI Questionnaire as their proof of claim. This objection has no merit and belies the facts.

### III. The Objectors Misplace their Reliance on Cases Where Bar Dates Were Not Used

The objectors note that bar dates have not been established in a number of cases. However, there are fundamental distinctions between the cases cited by the objectors and the present case. First, contrary to the PI Committee's statements, the court in *Eagle-Picher* did impose a bar date which required claimants to submit asbestos personal injury proofs of claim. *In re Eagle-Picher Indus., Inc.*, 158 B.R. 713, 716 (Bankr. S.D. Ohio 1993) (referencing asbestos

3

proof of claim form and bar date). Similarly, the court in the Babcock & Wilcox bankruptcy issued a bar date for asbestos personal injury claims. *In re Babcock & Wilcox Co.*, No. 00-0558, slip op. at 7-8 (E.D. La. Aug. 25, 2000) (citations omitted).

Second, none of the cases -- regardless of whether or not a bar date was imposed -- involved the problem of ensuring the completion and return of discovery questionnaires similar to the PI Questionnaire ordered by this Court. Absent the relief requested in the Motion, claimants are not required to take any action which would submit them to the Court's jurisdiction to enforce its order requiring completion of the PI Questionnaire. If one accepts the objectors' interpretation of this Court's Rule 2019 Order, then parties only have to submit Rule 2019 statements if they participate in the case. Parties may, therefore, avoid participating in the case to preserve an argument that they are outside of this Court's jurisdiction or they may simply choose not to participate and wait to file a claim with the trust once it is formed. Moreover, the assertion that the parties eventually will need to participate in the case by casting plan ballots ignores the fact that, under the proposed plan, such claimants are unimpaired and therefore not entitled to vote. Thus, the role of the PI Questionnaire in the fact-based estimation that will be conducted in this case presents a unique set of circumstances simply not present in the cases cited by the objectors. It is these unique circumstances that necessitate a bar date.

## IV. The Bar Date Serves A Legitimate and Important Purpose in this Estimation

The objectors argue -- and the Debtors agree -- that proofs of claim and bar dates only should be used when a legitimate purpose will be served. *See* PI Committee Objection at 9; Stutzman Objection at 12; FCR Objection at 2. The objectors, however, conveniently ignore the fact that the relief requested in the motion serves the very legitimate and important purpose of ensuring the accuracy of the estimation by establishing the Court's authority to require parties to comply with discovery requests in the form of the PI Questionnaire. Moreover, the objectors'

4

argument that a bar date is not needed because claims will ultimately be resolved by the Section 524(g) trust is not only unsupported, but it explicitly was rejected in *Babcock & Wilcox*:

> [This Court] does not find that the prospect of establishing a section 524(g) trust justifies relieving present claimants from asserting their claims before a bar date. Ascertaining the number and identity of present claimants will assist in valuing the claims in this class, by facilitating the claims allowance and estimation processes. This will in turn assist the parties in the negotiation and formulation of a viable reorganization plan . . . . Moreover, although future claimants are not governed by the bar date, an identification of the number and nature of present asbestos-related claimants will help to predict debtors' future claims liability, which is necessary for determining the size and structure of the section 524(g) trust.

*In re Babcock & Wilcox Co.*, No. 00-0558, slip op. at 7-8 (E.D. La. Aug. 25, 2000) (citations omitted). As the court in *Babcock* recognized, establishing a bar date assists in the estimation of claims for the purpose of funding a section 524(g) trust. *See also In re Drexel Burnham Lambert Group, Inc.*, 148 B.R. 1002, 1005 (S.D.N.Y. 1993) (noting that requests to file late claims are strictly scrutinized to avoid undermining ability of "[a] claims bar date [to] provide[] a mechanism by which a trustee in bankruptcy can estimate the potential liabilities of the debtor"); *In re A.H. Robins Co.*, 996 F.2d 716, 719 (4th Cir. 1993) ("Whether the court's estimate of total Dalkon Shield-related liability proves to be accurate of course is of considerable importance to the ultimate success or failure of the Trust. The accuracy of the estimate obviously depends in some degree on the stability and finality of the total number of timely claimants as established by the response to the 1986 bar date.").

Wherefore, for the reasons stated herein and in the Motion, the Debtors respectfully request that the Motion be granted in its entirety.

Dated: Wilmington, Delaware
November 4, 2005

Respectfully submitted,

KIRKLAND & ELLIS LLP
David M. Bernick
Salvatore Bianca
200 East Randolph Drive
Chicago, IL 60601
Telephone:   (312) 861-2000
Facsimile:    (312) 861-2200

KIRKLAND & ELLIS LLP
Barbara Harding
David Mendelson
655 Fifteenth Street, NW
Washington, D.C. 20005
Telephone:   (202) 879-5000
Facsimile:    (202) 879-5200

-and-

PACHULSKI, STANG, ZIEHL, YOUNG,
JONES & WEINTRAUB P.C.

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone:   (302) 652-4100
Facsimile:    (302) 652-4400