IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|   |   |   |
|---|---|---|
| | : | |
| In re: | : | Case No. 01-01139 (JKF) |
| | : | |
| W. R. GRACE & CO., et al., | : | Chapter 11 |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |
| | : | **Objection Deadline: October 28, 2005 at 4:00p.m.,** |
| | : | **extended for the UST until November 7, 2005** |
| | : | **Hearing Date: November 14, 2005 at 12 p.m.** |

**UNITED STATES TRUSTEE'S OBJECTION TO DEBTORS' APPLICATION FOR
AUTHORIZATION TO RETAIN BEAR, STEARNS & CO. INC., AS FINANCIAL
ADVISOR FOR LIMITED PURPOSE (DOCKET NO. 9619)**

The United States Trustee, by and through her counsel, hereby files the following

objection to the Debtors' Application for Authorization to Retain Bear, Stearns & Co. Inc., as

Financial Advisor ("Bear Stearns") for Limited Purpose (the "Application"), and represents as

follows:

**Background**

1.    Kelly Beaudin Stapleton is the United States Trustee ("UST") for Region 3.

2.    Pursuant to 28 U.S.C. § 586, the UST is charged with monitoring applications

filed under section 327 of the Bankruptcy Code and, whenever the UST deems it to be

appropriate, filing with the court comments with respect to the approval of such applications.

*See* 28 U.S.C. § 586(a)(3)(H).  This duty is part of the UST's overarching responsibility to

enforce the bankruptcy laws as written by Congress and interpreted by the courts.  *See United*

*States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96

(3d Cir. 1994) (noting that UST has "public interest standing" under 11 U.S.C. § 307, which

1

goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the UST as a "watchdog").

3.      Pursuant to 11 U.S.C. § 307, the UST has standing to be heard with regard to the above-referenced Objection.

4.      On April 2, 2001 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") commencing these chapter 11 cases (collectively, the "Chapter 11 Cases").  The Chapter 11 Cases have been consolidated for administrative purposes only and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

**Grounds/Basis for Relief**

5.      The UST objects to the Application on the grounds that Bear Stearns, to the extent they are considered a professional for retention purposes, is a creditor and equity security holder of the Debtors and as such is not disinterested and is disqualified from employment under 11 U.S.C. § 327(a).  On a secondary note, the UST objects to the Application because it provides for payment of compensation to Bear Stearns without the filing of fee applications.

6.      Section 327(a) of the Bankruptcy Code provides:

> The trustee, with the court's approval, may employ one or more attorneys. . .or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327 (a).

7.      A "disinterested person" is defined as a person that is "not a creditor, an equity security holder, or an insider".  11 U.S.C. § 101(14).  A creditor is generally defined as having a pre-

2

petition claim against the debtor.  *See* 11 U.S.C. § 101(10).

8.        In the case of *United States Trustee v. Price Waterhouse*, 19 F.3d 138 (3d Cir. 1994), the Third Circuit addressed the issue of whether a pre-petition creditor can represent a debtor in possession under section 327(a).  In that case, the debtors wanted to retain Price Waterhouse as accountant and financial advisor, even though the debtors owed them $875,000 for pre-petition services.  The Third Circuit overruled the lower courts and unequivocally stated that Price Waterhouse could not be retained by the debtors under section 327(a).  The Third Circuit stated that the relevant Bankruptcy Code provisions "unambiguously forbid a debtor in possession from retaining a prepetition creditor to assist it in the execution of Title 11 duties."  *Id.* at 141.   In interpreting section 327(a), the Third Circuit rejected a flexible approach and applied the plain language of the statute by stating that "bankruptcy courts cannot use equitable principles to disregard unambiguous statutory language."  *Id.* at 142 (quoting *In re Middleton Arms Ltd. Partnership*, 934 F.2d 723, 725 (6ᵗʰ Cir. 1991)).

9.        In the instant case, to the extent that Bear Stearns is considered a professional for retention purposes, the UST argues that Bear Stearns cannot be retained under section 327(a) because they are both a pre-petition creditor and equity security holder of the Debtors.  In paragraph 9(b) of the Affidavit, attached to the Application, Bear Stearns discloses that it holds $27 million of the Debtors' bank debt and $1 million of the Debtors' common stock.  In either instance, Bear Stearns is not disinterested.  Under *Price Waterhouse* then, Bear Stearns cannot be retained under section 327(a) by the Debtors.

10.       On a secondary note, if Bear Stearns is somehow found to be eligible for retention, the proposal in the Application that they be exempt from filing fee applications is unacceptable.  The

fees and expenses of Bear Stearns should be subject to the proper fee application procedures under

the Bankruptcy Code.   The Third Circuit has routinely found that fee applications are an integral

part of the professional retention process and, as such are required.  *See In re Busy Beaver Bldg*

*Ctrs., Inc.*, 19 F.3d 833, 841 (3d Cir. 1994)(stating that the bankruptcy court has the power and the

duty to review fee applications); *In re Engel*, 124 F.3d 567 (3d Cir. 1997)(rejecting the contention

that compensation from the estate under § 330 and approval under § 327 can be compressed into one

step).

      WHEREFORE the UST requests that this Court issue an order denying the Application

and/or granting such other relief as this Court deems appropriate, fair and just.

                        Respectfully submitted,

                        KELLY BEAUDIN STAPLETON
                        United States Trustee, Region Three

              BY:_____/s/ David M. Klauder_____
                        David M. Klauder
                        Trial Attorney
                        Office of the United States Trustee
                        J. Caleb Boggs Federal Building
                        844 King Street, Suite 2207, Lockbox 35
                        Wilmington, DE 19801
                        (302) 573-6491
                        (302) 573-6497 fax machine

Dated: <u>November 7, 2005</u>