## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | Case No. 01-1139 (JKF) |
| W.R. GRACE & CO. *et al.,* | : | (Jointly Administered) |
| | : | |
| Debtors. | : | |
| | : | |
| | : | Related Dkt. Nos. 9301 and 9341 |

### CERTAIN INSURERS' SUBMISSION IN SUPPORT OF REVISED PROPOSED ORDER DENYING INSURERS' MOTION FOR ACCESS TO 2019 STATEMENTS AND CLARIFYING SCOPE OF PERSONAL INJURY ASBESTOS CLAIMS ESTIMATION

1.      Pursuant to the Court's instructions at the October 24, 2005 omnibus hearing, Certain Insurers[1] have conferred with counsel for the Debtors and other interested parties in an attempt to reach an agreement on a form of order clarifying the scope of personal injury asbestos claims estimation proceedings (the "PI Estimation") and denying insurers' motion for access to certain Rule 2019 information (the "Rule 2019 Motion") (Dkt. 9341). Although complete agreement has not been reached, the parties have narrowed their differences. The purpose of this submission is to provide the Court with a brief summary of the small but significant differences that remain between the Certain Insurers' proposed order (the "Insurers' Proposed Order") and the proposed order that Certain Insurers understand will be jointly submitted by the Debtors, Future Claimants' Representative and Asbestos PI Committee (the "Debtors' Proposed Order").  A copy of the Insurers' Proposed Order is attached hereto as

---

[1]    Certain Insurers are Certain Underwriters at Lloyd's, London and Certain London Market Companies, Federal Insurance Company, Continental Casualty Company and Continental Insurance Company, Zurich Insurance Company and Zurich International Limited, Allstate Insurance Company, solely as successor-in-interest to Northbrook Excess and Surplus Insurance Company, formerly Northbrook Insurance Company, Travelers Casualty and Surety Company, Royal & SunAlliance, Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America and as successor to CIGNA Specialty Insurance Company (formerly known as California Union Insurance Company), Pacific Employers Insurance Company, Century Indemnity Company, and Central National Insurance Company of Omaha, through its managing general agent, Cravens, Dargan Company, Pacific Coast.

Exhibit A.  Attached as Exhibit B is a blackline showing the differences between the Insurers' Proposed Order and the Debtors' Proposed Order.[2]

2.      In directing the parties to prepare an order, the Court was clear in articulating its dual goals of: (i) avoiding participation by the Debtors' insurers in the PI Estimation, given its limited scope; and (ii) protecting the Debtors' insurers from any adverse inference that may result from their non-participation.  Specifically, the Court stated:

> I'm not really attempting to resolve the standing issue.  What I'm attempting to do is – I'm hearing from all of you that you're only here because you have to be here, but you don't really want to be here. ***I'm attempting to get you out of here in a way that hopefully eliminates the problem that you're trying to solve, which is Fuller Austin says, "Where were you?"  You were here.***  The Bankruptcy Court in Fuller Austin didn't have the opportunity to say, "Fine, you're here, but I'm not going to permit you to participate because of the limited scope of the estimation hearing."  I have that opportunity, I'm taking advantage of that opportunity. ***I'm denying any requests to participate because the scope of the estimation hearing will be limited to figuring out the trust funding.***

Omnibus Hearing, Sept. 26, 2005, Trans. ("9/26/05 Trans") at 69 (emphasis added).

3.      The Insurers' Proposed Order accurately reflects the Court's direction by: (i) declaring that the PI Estimation is solely for determining appropriate funding; (ii) barring the Debtors' insurers from participating in the PI Estimation; (iii) recognizing that, absent this Court's order, the insurers' non-participation could leave them vulnerable to potential unintended adverse effects, with specific reference to the *UNR* and *Fuller-Austin* cases; and (iv) ordering that the fact of the insurers' non-participation in the PI Estimation cannot be used against them in any subsequent proceeding regarding the insurers' rights and/or obligations regarding Asbestos PI Claims.

---

[2]    As directed by the Court, the Insurers' Proposed Order has been provided to the Debtors' counsel for submission to the Court with a certification of counsel.  In this regard, Certain Insurers note that the proposed order previously submitted in time for the October 24, 2005 omnibus hearing also reflected the Court's intent with respect to clarifying the scope of the PI Estimation.  However, in an effort to compromise, Certain Insurers have drafted this revised Proposed Order to incorporate language provided by the Debtors and other parties in interest, while still effectuating the Court's intent.

4.    While the Debtors' Proposed Order reflects certain of the Court's rulings, it ignores other specific concerns articulated by the Court.  In this regard, during the Debtors' numerous representations in open court as to the intended scope of the PI Estimation proceedings, the Debtors did not quarrel with the Court's finding that the insurers are entitled to protection from a *UNR/Fuller-Austin* result.  Yet, the Debtors' Proposed Order seems intended to preserve their ability to argue to a subsequent court that the PI Estimation can be used to affect the Debtors' insurers.

5.    First, the Debtors' Proposed Order omits any language barring insurers from participation in the PI Estimation, and instead includes a paragraph *permitting* the insurers' participation.  *See* Ex. B at 3.  This is contrary to the Court's explicit ruling.  The Insurers' Proposed Order precludes the Debtors' insurers from participating in PI Estimation, as the Court ruled, and makes it clear that the insurers instead are being directed to "to take our hats and go home."  9/26/05 Trans. at 68.

6.    Second, the Debtors' Proposed Order omits language that makes it clear that any findings, conclusions, opinions and orders entered in the PI Estimation ***"shall not be used in any manner"*** in any insurance coverage litigation, arbitration or other dispute relating to the insurers' rights and obligations.  *Compare* Ex. A at 3 (emphasis added) and Ex. B at 3.  Omission of this language, as the Debtors propose, could cause later confusion regarding whether the Debtors or any other entity – contrary to the Court's rulings – can use the results of PI Estimation in insurance coverage and related disputes.  Moreover, the absence of this phrase from the Debtors' Proposed Order conflicts with the undisputed proposition that the sole purpose of PI Estimation is for determining appropriate funding.  The Insurers' Proposed Order, by using

the phrase "shall not be used in any manner," would prevent any persons or entities from attempting to circumvent the clear import of the Court's order in a future proceeding.[3]

7.    In sum, the point of the Court's request for this order was to clarify the scope of the PI Estimation and to protect the insurers from any allegation that the PI Estimation affected their rights and obligations as to Asbestos PI Claims notwithstanding their non-participation in the PI Estimation.  The Insurers' Proposed Order reflects this intent.

8.    Certain Insurers respectfully request that their form of Proposed Order be entered.  Alternatively, should the Court have concerns about the Insurers' Proposed Order, Certain Insurers respectfully request oral argument at the November 14, 2005 omnibus hearing on the issues raised herein before a final order is entered.


Dated: Wilmington, Delaware
          November 7, 2005                    Respectfully submitted,

                                              ZUCKERMAN SPAEDER LLP

                                              *Elizabeth D. Power*

                                              Thomas G. Macauley  (DE Bar No. 3411)
                                              Elizabeth D. Power  (DE Bar No. 4135)
                                              919 Market Street, Suite 990
                                              P.O. Box 1028
                                              Wilmington, Delaware  19899-1028
                                              Telephone:  (302) 427-0400
                                              Facsimile:  (302) 427-8242

                                              -and-

                                              James Sottile
                                              1201 Connecticut Avenue, NW
                                              Washington, DC  20036-2638
                                              Telephone:  (202) 778-1800
                                              Facsimile:  (202) 822-8106

---

[3]    It is important to note that at the September omnibus hearing, the Court directed anyone who had any objection to the Court's entering an order that would protect insurers from a *UNR/Fuller-Austin* result in the context of PI Estimation to voice their objection at the hearing.  The Court specifically inquired whether anyone wanted to use PI Estimation for anything other than determining the amount of funding needed for the Trust.  *See* 9/26/05 Trans. at 70.  In the ensuing complete silence, neither the Debtors, nor any other interested party including the FCR or the Asbestos PI Committee, raised any other purpose.  *Id.*

-and-

Mary K. Warren
Brenda D. DiLuigi
LINKLATERS
1345 Avenue of the Americas
New York, New York  10105
Telephone:  (212) 903-9000
Facsimile:  (212) 903-9100

Attorneys for Certain Underwriters at Lloyd's,
London and Certain London Market Companies


Michael G. Busenkell (#3933)
MORRIS, NICHOLS, ARSHT & TUNNELL
1201 N. Market Street
Wilmington, Delaware 19899
Telephone (302) 658-9200

-and-

Mary Beth Forshaw
Elisa Alcabes
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York  10017-3954
Telephone (212) 455-2000
Fax  (212) 455-2502

Counsel for Travelers Casualty and Surety
Company


Linda M. Carmichael (DE No. 3570)
WHITE AND WILLIAMS LLP
824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, DE  19899-0709
Telephone:  (302) 467-4502
Facsimile:    (302) 467-4552
carmichaell@whiteandwilliams.com

-and-

Gregory T. LoCasale (Member of the PA Bar)
WHITE AND WILLIAMS LLP
1800 One Liberty Place
Philadelphia, PA 19103
Telephone: (215)864-7000
Facsimile: (215) 864-7123

Attorneys for Century Indemnity Company, as
successor to CCI Insurance Company, as successor
to Insurance Company of North America and as
successor to CIGNA Specialty Insurance Company
(formerly known as California Union Insurance
Company); Pacific Employers Insurance Company;
Century Indemnity Company; and Central National
Insurance Company of Omaha, through its
managing general agent, Cravens, Dargan
Company, Pacific Coast


Elizabeth M. DeCristofaro
Charles A. Booth
FORD MARRIN ESPOSITO WHITMEYER & GLESER
Wall Street Plaza
New York, NY 10005-1875

-and-

Michael S. Giannotto
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 346-4124
Facsimile: (202) 346-4444

-and-

Daniel M. Glosband
GOODWIN PROCTER LLP
Exchange Place,
53 State Street,
Boston, MA. 02109
Telephone: (617) 570-1000
Facsimile: (617) 570-1231

-and-

Kevin Gross, Esquire
ROSENTHAL, MONHAIT, GROSS & GODDESS, P.A.
919 Market Street, Suite 1401
P.O. Box 1070
Wilmington, DE  19899
Telephone: (302) 656-4433

Attorneys for Continental Casualty Co. and Continental
Insurance Co.


John T. Carroll, III  (DE No. 4060)
COZEN O'CONNOR
1201 N. Market Street, Suite 1400
Wilmington, DE  19801
Telephone: (302) 295-2028
Facsimile: (302) 295-2013

-and-

William P. Shelley (PA ID 40875)
Jacob C. Cohn (PA ID 54139)
David J. Liebman (PA ID 89919)
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA  19103
Telephone: (215) 665-2000
Facsimile (215) 665-2013

Attorneys for Federal Insurance Company


Jeffrey C. Wisler (No 2795)
Marc J. Phillips (No. 4445)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE  19899
Telephone (302) 658-9141
Fax (302) 658-5614

-and-

Richard A. Ifft
WILEY REIN & FIELDLING LLP
1776 K Street, N.W.
Washington, D.C. 20006
Telephone  (202) 719-7000
Fax  (202) 719-7049

Attorneys for Zurich Insurance Company and Zurich
International Limited


Ian Connor Bifferato, Esq. (#3273)
BIFFERATO, BIFFERATO & GENTILOTTI
1308 Delaware Avenue
The Buckner Building
PO Box 2165
Wilmington, Delaware 19899-2165
(302) 429-1900

-and-

Carl J. Pernicone, Esq.
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP
150 East 42nd St.
New York, New York 10017-5639
(212) 490-3000

Attorneys for Royal & SunAlliance


James Yoder, Esq.
WHITE & WILLIAMS, LLP
824 North Market Street Suite 902
PO Box 709
Wilmington, DE 19899

and

Andrew Craig, Esq.
CUYLER BURK, LLP
4 Century Drive
Parsippany, NJ 07054

Attorneys for Allstate Insurance Company, solely as
successor in interest to Northbrook Excess and
Surplus Insurance Company, formerly Northbrook
Insurance Company