# EXHIBIT B

INSURERS' PROPOSED ORDER

<del>(Joint Order of Debtors, FCR and PI Committee)</del>IN THE UNITED STATES
BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | Case No. 01-1139 (JKF) |
| W.R. GRACE & CO., *et al.* | : | (Jointly Administered) |
| | : | |
| Debtors. | : | |
| | : | |
| | : | Related Dkt. No. 9301 and 9341 |

## ORDER DENYING INSURERS' MOTION FOR ACCESS TO EXHIBITS TO 2019 STATEMENTS AND CLARIFYING SCOPE OF THE PERSONAL INJURY CLAIMS ESTIMATION PROCEEDING

WHEREAS, on November 13, 2004, the Debtors filed their Motion for the Entry of an Order Seeking the Estimation of Asbestos Claims and Certain Related Relief (Dkt. No. 6899) (the "Estimation Motion");

WHEREAS, on January 13, 2005, the Debtors filed their Amended Joint Plan of Reorganization (Dkt. No. 7560) (the "Debtors' Plan");

WHEREAS, on August 31, 2005, the Court entered its Case Management Order for the Estimation of Asbestos Personal Injury Liabilities (Dkt. No. 9301), in which the Court fixed the schedule (as may be modified from time to time) for the estimation proceedings to be conducted pursuant to the Estimation Motion with respect to the Debtors' Plan (the "Personal Injury Claims Estimation Proceeding");

WHEREAS, certain parties-in-interest, including certain of the Debtors' insurers, raised objections to the Estimation Motion;

WHEREAS, on September 6, 2005, the Certain Insurers[1] filed a Motion for Access to Exhibits to 2019 Statements (Dkt. No. 9341) (the "2019 Motion"), alleging such information was necessary for their ability to participate in the Personal Injury Claims Estimation Proceeding;

---

[1] The Certain Insurers <ins>on the 2019 Motion</ins> are Federal Insurance Company, Continental Casualty Company and Continental Insurance Company, Zurich Insurance Company and Zurich International Limited, Allstate Insurance Company, solely as successor-in-interest to Northbrook Excess and Surplus Insurance Company, formerly Northbrook Insurance Company, Certain Underwriters at Lloyd's, London and Certain London Market Companies, Travelers Casualty & Surety Company, and Royal & SunAlliance.

INSURERS' PROPOSED ORDER

WHEREAS, on September 16, 2005, Maryland Casualty Company filed a Joinder in Certain Insurers' 2019 Motion (Dkt. No. 9441);

WHEREAS, also on September 16, 2005, various parties filed objections to the 2019 Motion;[2]

WHEREAS, a hearing was held before this Court on September 26, 2005, during which certain of the Debtors' insurers raised concerns regarding the purpose and scope of the Personal Injury Claims Estimation Proceeding, including concerns relating to the *UNR* and *Fuller-Austin* cases[3];

WHEREAS the Court directed the parties to prepare an order denying the 2019 Motion and clarifying the purpose of the Personal Injury Claims Estimation Proceeding; and

WHEREAS, upon the hearing held on September 26, 2005 (the "Hearing"), and the Court having jurisdiction to consider the foregoing in accordance with 28 U.S.C. §§ 157 and 1334; and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and proper notice of the 2019 Motion has been given, and that no other or further notice need be given; and the Court having determined after due deliberation that denying the 2019 Motion and clarifying the purpose of the Personal Injury Claims Estimation Proceeding is in the best interests of the Debtors' creditors and the estate; and upon all other proceedings had before the Court; and good and sufficient cause appearing therefor, it is hereby

ORDERED that the 2019 Motion is denied, without prejudice; and it is further

ORDERED that the sole issue before the Court in the Personal Injury Claims Estimation Proceeding is the estimation of the ~~value of the~~ Asbestos PI Claims for purposes of determining appropriate funding under the Debtors' Plan, and not for purposes of

---

[2]   Baron & Budd P.C.'s and Silber Pearlman LLP's Response in Opposition to Certain Insurers' Motion for Access to Exhibits to 2019 Statements (Dkt. No. 9443); Objection of the Official Committee of Asbestos Personal Injury Claimants to the Certain Insurers' Motion For Access to Exhibits to 2019 Statements (Dkt. No. 9449).

[3]   *See UNR Indus. v. Continental Cas. Co.*, 942 F.2d 1101 (7th Cir. 1991); *In re Fuller-Austin*, No. BC116835 (Cal. Superior 2002).

determining the existence and/or scope of any of the Debtors' insurers' rights and/or obligations regarding Asbestos PI Claims; and it is further

ORDERED that any findings, conclusions, opinions and orders entered in the Personal Injury Claims Estimation Proceeding shall not be binding upon, ~~and~~ shall not have any collateral estoppel effect upon, and shall not be used in any manner by any person or entity ( including the Debtors, any of the Debtors' insurers, any party participating in the Personal Injury Claims Estimation Proceeding or any other party-in-interest) in any insurance coverage litigation, arbitration or other dispute concerning the existence and/or scope of any of the Debtors' insurers' rights and/or obligations regarding Asbestos PI Claims; and it is further

ORDERED that the fact that the Debtors' insurers do not participate in the Personal Injury Claims Estimation Proceeding shall not be held against any ~~party~~ person or entity in any subsequent coverage litigation, arbitration or other dispute concerning the existence and/or scope of any of the Debtors' insurers' rights and/or obligations regarding Asbestos PI Claims; and it is further

ORDERED that this Order addresses only the Personal Injury Claims Estimation Proceeding and does not address issues of standing or participation rights of any person or entity with respect to any other proceedings before this Court; and it is further

ORDERED that this Order shall remain in effect irrespective of whether the Debtors amend the Debtors' Plan or the Debtors or any other party file a new plan of reorganization; and it is further

~~ORDERED that the foregoing provisions of this Order shall not apply to any insurer which actually participates in discovery and/or the presentation of evidence~~

ORDERED that the Debtors' insurers shall not participate in the Personal Injury Claims Estimation Proceeding,~~ and each such participating insurer shall be bound by the findings, conclusions, opinions and orders entered in the Personal Injury Claims Estimation Proceeding.~~ (including any discovery or pre-trial proceedings).

Dated: November _____, 2005

_____
Hon. Judith K. Fitzgerald
United States Bankruptcy Court Judge

| Legend: | |
|---|---|
| Insertion | |
| ~~Deletion~~ | |
| ~~Moved from~~ | |
| Moved to | |
| Style change | |
| Format change | |
| ~~Moved deletion~~ | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 13 |
| Deletions | 6 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 19 |