# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| ) | |
| ) | Case no. 01-01139 (JFK) |
| W.R. GRACE & CO., *et al.*, ) | Jointly Administered |
| ) | Re: Docket No. 7775 and |
| Debtors ) | 10/24/05 Agenda Item 13 |
| ) | |

### OBJECTION TO MOTION OF THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS FOR (I) CLARIFICATION, OR (II) ALTERNATIVELY, FOR MODIFICATION, OF CASE MANAGEMENT ORDER FOR THE ESTIMATION OF PERSONAL INJURY LIABILITIES

On October 21, 2005, the Official Committee of Asbestos Personal Injury Claimants ("PI Committee") filed a motion seeking "entry of an Order clarifying that electronic or digital completion of responses to the Questionnaire, and the submission of electronic copies of any documents requested to be attached to the Questionnaire . . . are authorized and that responses are not limited to the space provided." PI Committee Motion at ¶ 10. In the motion, the PI Committee admitted that they "believe[d] a resolution has been reached to allow for electronic completion of the Questionnaires . . . [and to allow] Claimant Firms [to] complete the Questionnaires and transmit the responses (and supporting documentation to Rust on a CD." *Id.* at ¶ 3. Nevertheless, the PI Committee filed the motion "out of an abundance of caution . . . until the agreement can be documented." *Id.* at ¶ 4.

Indeed, an agreement between the PI Committee and the Debtors was reached. That agreement was read into the record at the October 24, 2005 hearing before this Court. The agreement addresses all of the relief requested in the Motion. Namely, it provided that "[a]sbestos personal injury claimants may take the questionnaire, convert it into some form of electronic format ... and then either print out the completed questionnaire or convert it into a

PDF format when submitting it to Rust" and "[a]sbestos personal injury claimants may provide the questionnaire, questionnaire responses, and any documents attached to the questionnaire to Rust in electronic format, such as a CD-Rom." Tr. of Hr'g at 124-25 (Oct. 24, 2005). The Court asked that the resolution be submitted to the Court in the form of a Certification of Counsel. *Id.* at 127. While the parties have made progress to that end, there remains one area of disagreement-- the treatment of objections to the Questionnaire that may be raised by counsel for the individual claimants.

At the hearing, counsel for the PI Committee invited counsel for the individual claimants to object to its motion "if [they] have other issues than what's raised in the motion." Tr. of Hr'g at 123. First, it is procedurally improper to invite a broad-based and collateral challenge to the Questionnaire (which was the product of negotiation between the parties to the bankruptcy and numerous rulings by this Court) by way of response to a motion seeking limited relief. Second, to do so would prejudice the Debtors by depriving them of a full and fair opportunity to appropriately respond to such attack. Accordingly, the Debtors ask that the Court not entertain challenges raised in this fashion.

If, however, the Court is inclined to allow individual law firms to raise new challenges to the Questionnaire through a response to the PI Committee's Motion, the Debtors ask that the Court treat those challenges as affirmative motions and provide the Debtors with a full opportunity to respond with Oppositions due December 2, 2005 for hearing at the December 19, 2005 omnibus hearing. *See* [Proposed] Order Clarifying the Case Management Order for the Estimation of Asbestos Personal Injury Liabilities and Related Asbestos Personal Injury Questionnaire (a copy of which is attached hereto as Exhibit A).

2

For the foregoing reasons, the Debtors' respectfully request that this Court clarify the CMO in accordance with the language read into the record at the October 24, 2005 omnibus hearing and deem the Motion moot in all other respects.

Dated: Wilmington, Delaware
November 7, 2005

Respectfully submitted,

KIRKLAND & ELLIS LLP
David M. Bernick
Jonathan Friedland
Salvatore C. Bianca
200 East Randolph Drive
Chicago, IL 60601
Telephone:    (312) 861-2000
Facsimile:     (312) 861-2200

KIRKLAND & ELLIS LLP
Barbara Harding
David E. Mendelson (admission *pro hac vice* pending)
Brian T. Stansbury
Amanda C. Basta
655 Fifteenth Street, NW
Washington, D.C. 20005
Telephone:    (202) 879-5000
Facsimile:     (202) 879-5200

-and-

PACHULSKI, STANG, ZIEHL, YOUNG,
JONES & WEINTRAUB P.C.

*/s/ James E. O'Neill*

Laura Davis Jones (Bar No. 2436)
James E. O'Neill, III (Bar. No.4042)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone:    (302) 652-4100
Facsimile:     (302) 652-4400

3