# EXHIBIT 1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | Case No. 01-1139 (JKF) |
| W.R. GRACE & CO. *et al.*, | : | (Jointly Administered) |
| | : | |
| Debtors. | : | |
| | : | |
| | : | Related Dkt. Nos. 9301 and 9341 |

### CERTAIN INSURERS' SUBMISSION IN SUPPORT OF REVISED PROPOSED ORDER DENYING INSURERS' MOTION FOR ACCESS TO 2019 STATEMENTS AND CLARIFYING SCOPE OF PERSONAL INJURY ASBESTOS CLAIMS ESTIMATION

1.    Pursuant to the Court's instructions at the October 24, 2005 omnibus hearing, Certain Insurers[1] have conferred with counsel for the Debtors and other interested parties in an attempt to reach an agreement on a form of order clarifying the scope of personal injury asbestos claims estimation proceedings (the "PI Estimation") and denying insurers' motion for access to certain Rule 2019 information (the "Rule 2019 Motion") (Dkt. 9341). Although complete agreement has not been reached, the parties have narrowed their differences. The purpose of this submission is to provide the Court with a brief summary of the small but significant differences that remain between the Certain Insurers' proposed order (the "Insurers' Proposed Order") and the proposed order that Certain Insurers understand will be jointly submitted by the Debtors, Future Claimants' Representative and Asbestos PI Committee (the "Debtors' Proposed Order"). A copy of the Insurers' Proposed Order is attached hereto as

---

[1]    Certain Insurers are Certain Underwriters at Lloyd's, London and Certain London Market Companies, Federal Insurance Company, Continental Casualty Company and Continental Insurance Company, Zurich Insurance Company and Zurich International Limited, Allstate Insurance Company, solely as successor-in-interest to Northbrook Excess and Surplus Insurance Company, formerly Northbrook Insurance Company, Travelers Casualty and Surety Company, Royal & SunAlliance, Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America and as successor to CIGNA Specialty Insurance Company (formerly known as California Union Insurance Company), Pacific Employers Insurance Company, Century Indemnity Company, and Central National Insurance Company of Omaha, through its managing general agent, Cravens, Dargan Company, Pacific Coast.

#11006
11-7-05

Exhibit A.  Attached as Exhibit B is a blackline showing the differences between the Insurers'

Proposed Order and the Debtors' Proposed Order.[2]

        2.      In directing the parties to prepare an order, the Court was clear in

articulating its dual goals of: (i) avoiding participation by the Debtors' insurers in the PI

Estimation, given its limited scope; and (ii) protecting the Debtors' insurers from any adverse

inference that may result from their non-participation.  Specifically, the Court stated:

> I'm not really attempting to resolve the standing issue.  What I'm attempting to do
> is – I'm hearing from all of you that you're only here because you have to be here,
> but you don't really want to be here. *I'm attempting to get you out of here in a*
> *way that hopefully eliminates the problem that you're trying to solve, which is*
> *Fuller Austin says, "Where were you?" You were here.* The Bankruptcy Court
> in Fuller Austin didn't have the opportunity to say, "Fine, you're here, but I'm not
> going to permit you to participate because of the limited scope of the estimation
> hearing."  I have that opportunity, I'm taking advantage of that opportunity. *I'm*
> *denying any requests to participate because the scope of the estimation hearing*
> *will be limited to figuring out the trust funding.*

Omnibus Hearing, Sept. 26, 2005, Trans. ("9/26/05 Trans") at 69 (emphasis added).

        3.      The Insurers' Proposed Order accurately reflects the Court's direction by:

(i) declaring that the PI Estimation is solely for determining appropriate funding; (ii) barring the

Debtors' insurers from participating in the PI Estimation; (iii) recognizing that, absent this

Court's order, the insurers' non-participation could leave them vulnerable to potential unintended

adverse effects, with specific reference to the *UNR* and *Fuller-Austin* cases; and (iv) ordering

that the fact of the insurers' non-participation in the PI Estimation cannot be used against them in

any subsequent proceeding regarding the insurers' rights and/or obligations regarding Asbestos

PI Claims.

---

[2]    As directed by the Court, the Insurers' Proposed Order has been provided to the Debtors' counsel for
submission to the Court with a certification of counsel.  In this regard, Certain Insurers note that the proposed
order previously submitted in time for the October 24, 2005 omnibus hearing also reflected the Court's intent
with respect to clarifying the scope of the PI Estimation.  However, in an effort to compromise, Certain Insurers
have drafted this revised Proposed Order to incorporate language provided by the Debtors and other parties in
interest, while still effectuating the Court's intent.

4.    While the Debtors' Proposed Order reflects certain of the Court's rulings, it ignores other specific concerns articulated by the Court. In this regard, during the Debtors' numerous representations in open court as to the intended scope of the PI Estimation proceedings, the Debtors did not quarrel with the Court's finding that the insurers are entitled to protection from a *UNR/Fuller-Austin* result. Yet, the Debtors' Proposed Order seems intended to preserve their ability to argue to a subsequent court that the PI Estimation can be used to affect the Debtors' insurers.

5.    First, the Debtors' Proposed Order omits any language barring insurers from participation in the PI Estimation, and instead includes a paragraph *permitting* the insurers' participation. *See* Ex. B at 3. This is contrary to the Court's explicit ruling. The Insurers' Proposed Order precludes the Debtors' insurers from participating in PI Estimation, as the Court ruled, and makes it clear that the insurers instead are being directed to "to take our hats and go home." 9/26/05 Trans. at 68.

6.    Second, the Debtors' Proposed Order omits language that makes it clear that any findings, conclusions, opinions and orders entered in the PI Estimation *"shall not be used in any manner"* in any insurance coverage litigation, arbitration or other dispute relating to the insurers' rights and obligations. *Compare* Ex. A at 3 (emphasis added) and Ex. B at 3. Omission of this language, as the Debtors propose, could cause later confusion regarding whether the Debtors or any other entity – contrary to the Court's rulings – can use the results of PI Estimation in insurance coverage and related disputes. Moreover, the absence of this phrase from the Debtors' Proposed Order conflicts with the undisputed proposition that the sole purpose of PI Estimation is for determining appropriate funding. The Insurers' Proposed Order, by using

3

the phrase "shall not be used in any manner," would prevent any persons or entities from attempting to circumvent the clear import of the Court's order in a future proceeding.[3]

7.    In sum, the point of the Court's request for this order was to clarify the scope of the PI Estimation and to protect the insurers from any allegation that the PI Estimation affected their rights and obligations as to Asbestos PI Claims notwithstanding their non-participation in the PI Estimation.  The Insurers' Proposed Order reflects this intent.

8.    Certain Insurers respectfully request that their form of Proposed Order be entered.  Alternatively, should the Court have concerns about the Insurers' Proposed Order, Certain Insurers respectfully request oral argument at the November 14, 2005 omnibus hearing on the issues raised herein before a final order is entered.


Dated: Wilmington, Delaware
      November 7, 2005

Respectfully submitted,

ZUCKERMAN SPAEDER LLP

*Elizabeth D. Power*

Thomas G. Macauley  (DE Bar No. 3411)
Elizabeth D. Power  (DE Bar No. 4135)
919 Market Street, Suite 990
P.O. Box 1028
Wilmington, Delaware  19899-1028
Telephone:  (302) 427-0400
Facsimile:  (302) 427-8242

-and-

James Sottile
1201 Connecticut Avenue, NW
Washington, DC  20036-2638
Telephone:  (202) 778-1800
Facsimile:  (202) 822-8106

---

[3]   It is important to note that at the September omnibus hearing, the Court directed anyone who had any objection to the Court's entering an order that would protect insurers from a *UNR/Fuller-Austin* result in the context of PI Estimation to voice their objection at the hearing.  The Court specifically inquired whether anyone wanted to use PI Estimation for anything other than determining the amount of funding needed for the Trust.  *See* 9/26/05 Trans. at 70.  In the ensuing complete silence, neither the Debtors, nor any other interested party including the FCR or the Asbestos PI Committee, raised any other purpose.  *Id.*

-and-

Mary K. Warren
Brenda D. DiLuigi
LINKLATERS
1345 Avenue of the Americas
New York, New York 10105
Telephone: (212) 903-9000
Facsimile: (212) 903-9100

Attorneys for Certain Underwriters at Lloyd's,
London and Certain London Market Companies


Michael G. Busenkell (#3933)
MORRIS, NICHOLS, ARSHT & TUNNELL
1201 N. Market Street
Wilmington, Delaware 19899
Telephone (302) 658-9200

-and-

Mary Beth Forshaw
Elisa Alcabes
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017-3954
Telephone (212) 455-2000
Fax (212) 455-2502

Counsel for Travelers Casualty and Surety
Company


Linda M. Carmichael (DE No. 3570)
WHITE AND WILLIAMS LLP
824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
Telephone: (302) 467-4502
Facsimile: (302) 467-4552
carmichaell@whiteandwilliams.com

-and-

Gregory T. LoCasale (Member of the PA Bar)
WHITE AND WILLIAMS LLP
1800 One Liberty Place
Philadelphia, PA  19103
Telephone:  (215)864-7000
Facsimile:   (215) 864-7123

Attorneys for Century Indemnity Company, as
successor to CCI Insurance Company, as successor
to Insurance Company of North America and as
successor to CIGNA Specialty Insurance Company
(formerly known as California Union Insurance
Company); Pacific Employers Insurance Company;
Century Indemnity Company; and Central National
Insurance Company of Omaha, through its
managing general agent, Cravens, Dargan
Company, Pacific Coast


Elizabeth M. DeCristofaro
Charles A. Booth
FORD MARRIN ESPOSITO WHITMEYER & GLESER
Wall Street Plaza
New York, NY 10005-1875

-and-

Michael S. Giannotto
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 346-4124
Facsimile: (202) 346-4444

-and-

Daniel M. Glosband
GOODWIN PROCTER LLP
Exchange Place,
53 State Street,
Boston, MA. 02109
Telephone: (617) 570-1000
Facsimile: (617) 570-1231

-and-

6

Kevin Gross, Esquire
ROSENTHAL, MONHAIT, GROSS & GODDESS, P.A.
919 Market Street, Suite 1401
P.O. Box 1070
Wilmington, DE  19899
Telephone: (302) 656-4433

Attorneys for Continental Casualty Co. and Continental
Insurance Co.


John T. Carroll, III  (DE No. 4060)
COZEN O'CONNOR
1201 N. Market Street, Suite 1400
Wilmington, DE  19801
Telephone: (302) 295-2028
Facsimile: (302) 295-2013

-and-

William P. Shelley (PA ID 40875)
Jacob C. Cohn (PA ID 54139)
David J. Liebman (PA ID 89919)
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA  19103
Telephone: (215) 665-2000
Facsimile (215) 665-2013

Attorneys for Federal Insurance Company


Jeffrey C. Wisler (No 2795)
Marc J. Phillips (No. 4445)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE  19899
Telephone (302) 658-9141
Fax (302) 658-5614

-and-

7

Richard A. Ifft
WILEY REIN & FIELDLING LLP
1776 K Street, N.W.
Washington, D.C. 20006
Telephone  (202) 719-7000
Fax  (202) 719-7049

Attorneys for Zurich Insurance Company and Zurich
International Limited


Ian Connor Bifferato, Esq. (#3273)
BIFFERATO, BIFFERATO & GENTILOTTI
1308 Delaware Avenue
The Buckner Building
PO Box 2165
Wilmington, Delaware 19899-2165
(302) 429-1900

-and-

Carl J. Pernicone, Esq.
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP
150 East 42nd St.
New York, New York 10017-5639
(212) 490-3000

Attorneys for Royal & SunAlliance


James Yoder, Esq.
WHITE & WILLIAMS, LLP
824 North Market Street Suite 902
PO Box 709
Wilmington, DE 19899

and

Andrew Craig, Esq.
CUYLER BURK, LLP
4 Century Drive
Parsippany, NJ 07054

Attorneys for Allstate Insurance Company, solely as
successor in interest to Northbrook Excess and
Surplus Insurance Company, formerly Northbrook
Insurance Company

8

# EXHIBIT A

INSURERS' PROPOSED ORDER

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | Case No. 01-1139 (JKF) |
| W.R. GRACE & CO., *et al.* | : | (Jointly Administered) |
| | : | |
| Debtors. | : | |
| | : | |
| | : | Related Dkt. No. 9301 and 9341 |

ORDER DENYING INSURERS' MOTION FOR ACCESS TO EXHIBITS TO 2019
STATEMENTS AND CLARIFYING SCOPE OF THE PERSONAL INJURY CLAIMS
ESTIMATION PROCEEDING

WHEREAS, on November 13, 2004, the Debtors filed their Motion for the

Entry of an Order Seeking the Estimation of Asbestos Claims and Certain Related Relief

(Dkt. No. 6899) (the "Estimation Motion");

WHEREAS, on January 13, 2005, the Debtors filed their Amended Joint Plan

of Reorganization (Dkt. No. 7560) (the "Debtors' Plan");

WHEREAS, on August 31, 2005, the Court entered its Case Management

Order for the Estimation of Asbestos Personal Injury Liabilities (Dkt. No. 9301), in which the

Court fixed the schedule (as may be modified from time to time) for the estimation

proceedings to be conducted pursuant to the Estimation Motion with respect to the Debtors'

Plan (the "Personal Injury Claims Estimation Proceeding");

WHEREAS, certain parties-in-interest, including certain of the Debtors'

insurers, raised objections to the Estimation Motion;

WHEREAS, on September 6, 2005, the Certain Insurers[1] filed a Motion for

Access to Exhibits to 2019 Statements (Dkt. No. 9341) (the "2019 Motion"), alleging such

information was necessary for their ability to participate in the Personal Injury Claims

Estimation Proceeding;

---

[1]     The Certain Insurers on the 2019 Motion are Federal Insurance Company, Continental Casualty
Company and Continental Insurance Company, Zurich Insurance Company and Zurich International Limited,
Allstate Insurance Company, solely as successor-in-interest to Northbrook Excess and Surplus Insurance
Company, formerly Northbrook Insurance Company, Certain Underwriters at Lloyd's, London and Certain
London Market Companies, Travelers Casualty & Surety Company, and Royal & SunAlliance.

INSURERS' PROPOSED ORDER

WHEREAS, on September 16, 2005, Maryland Casualty Company filed a Joinder in Certain Insurers' 2019 Motion (Dkt. No. 9441);

WHEREAS, also on September 16, 2005, various parties filed objections to the 2019 Motion;[2]

WHEREAS, a hearing was held before this Court on September 26, 2005, during which certain of the Debtors' insurers raised concerns regarding the purpose and scope of the Personal Injury Claims Estimation Proceeding, including concerns relating to the *UNR* and *Fuller-Austin* cases[3];

WHEREAS the Court directed the parties to prepare an order denying the 2019 Motion and clarifying the purpose of the Personal Injury Claims Estimation Proceeding; and

WHEREAS, upon the hearing held on September 26, 2005 (the "Hearing"), and the Court having jurisdiction to consider the foregoing in accordance with 28 U.S.C. §§ 157 and 1334; and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and proper notice of the 2019 Motion has been given, and that no other or further notice need be given; and the Court having determined after due deliberation that denying the 2019 Motion and clarifying the purpose of the Personal Injury Claims Estimation Proceeding is in the best interests of the Debtors' creditors and the estate; and upon all other proceedings had before the Court; and good and sufficient cause appearing therefor, it is hereby

ORDERED that the 2019 Motion is denied, without prejudice; and it is further

ORDERED that the sole issue before the Court in the Personal Injury Claims Estimation Proceeding is the estimation of the Asbestos PI Claims for purposes of determining appropriate funding under the Debtors' Plan, and not for purposes of

---

[2]    Baron & Budd P.C.'s and Silber Pearlman LLP's Response in Opposition to Certain Insurers' Motion for Access to Exhibits to 2019 Statements (Dkt. No. 9443); Objection of the Official Committee of Asbestos Personal Injury Claimants to the Certain Insurers' Motion For Access to Exhibits to 2019 Statements (Dkt. No. 9449).

[3]    *See UNR Indus. v. Continental Cas. Co.*, 942 F.2d 1101 (7th Cir. 1991); *In re Fuller-Austin*, No. BC116835 (Cal. Superior 2002).

INSURERS' PROPOSED ORDER

determining the existence and/or scope of any of the Debtors' insurers' rights and/or obligations regarding Asbestos PI Claims; and it is further

ORDERED that any findings, conclusions, opinions and orders entered in the Personal Injury Claims Estimation Proceeding shall not be binding upon, shall not have any collateral estoppel effect upon, and shall not be used in any manner by any person or entity (including the Debtors, any of the Debtors' insurers, any party participating in the Personal Injury Claims Estimation Proceeding or any other party-in-interest) in any insurance coverage litigation, arbitration or other dispute concerning the existence and/or scope of any of the Debtors' insurers' rights and/or obligations regarding Asbestos PI Claims; and it is further

ORDERED that the fact that the Debtors' insurers do not participate in the Personal Injury Claims Estimation Proceeding shall not be held against any person or entity in any subsequent coverage litigation, arbitration or other dispute concerning the existence and/or scope of any of the Debtors' insurers' rights and/or obligations regarding Asbestos PI Claims; and it is further

ORDERED that this Order addresses only the Personal Injury Claims Estimation Proceeding and does not address issues of standing or participation rights of any person or entity with respect to any other proceedings before this Court; and it is further

ORDERED that this Order shall remain in effect irrespective of whether the Debtors amend the Debtors' Plan or the Debtors or any other party file a new plan of reorganization; and it is further

ORDERED that the Debtors' insurers shall not participate in the Personal Injury Claims Estimation Proceeding (including any discovery or pre-trial proceedings).

Dated: November _____, 2005

_____
Hon. Judith K. Fitzgerald
United States Bankruptcy Court Judge

- 3 -

# EXHIBIT B

INSURERS' PROPOSED ORDER

~~(Joint Order of Debtors, FCR and PI Committee)~~IN THE UNITED STATES
BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | Case No. 01-1139 (JKF) |
| W.R. GRACE & CO., *et al.* | : | (Jointly Administered) |
| | : | |
| Debtors. | : | |
| | : | |
| | : | Related Dkt. No. 9301 and 9341 |

ORDER DENYING INSURERS' MOTION FOR ACCESS TO EXHIBITS TO 2019
STATEMENTS AND CLARIFYING SCOPE OF THE PERSONAL INJURY CLAIMS
ESTIMATION PROCEEDING

WHEREAS, on November 13, 2004, the Debtors filed their Motion for the
Entry of an Order Seeking the Estimation of Asbestos Claims and Certain Related Relief
(Dkt. No. 6899) (the "Estimation Motion");

WHEREAS, on January 13, 2005, the Debtors filed their Amended Joint Plan
of Reorganization (Dkt. No. 7560) (the "Debtors' Plan");

WHEREAS, on August 31, 2005, the Court entered its Case Management
Order for the Estimation of Asbestos Personal Injury Liabilities (Dkt. No. 9301), in which the
Court fixed the schedule (as may be modified from time to time) for the estimation
proceedings to be conducted pursuant to the Estimation Motion with respect to the Debtors'
Plan (the "Personal Injury Claims Estimation Proceeding");

WHEREAS, certain parties-in-interest, including certain of the Debtors'
insurers, raised objections to the Estimation Motion;

WHEREAS, on September 6, 2005, the Certain Insurers[1] filed a Motion for
Access to Exhibits to 2019 Statements (Dkt. No. 9341) (the "2019 Motion"), alleging such
information was necessary for their ability to participate in the Personal Injury Claims
Estimation Proceeding;

---

[1]       The Certain Insurers on the 2019 Motion are Federal Insurance Company, Continental Casualty
Company and Continental Insurance Company, Zurich Insurance Company and Zurich International Limited,
Allstate Insurance Company, solely as successor-in-interest to Northbrook Excess and Surplus Insurance
Company, formerly Northbrook Insurance Company, Certain Underwriters at Lloyd's, London and Certain
London Market Companies, Travelers Casualty & Surety Company, and Royal & SunAlliance.

WHEREAS, on September 16, 2005, Maryland Casualty Company filed a Joinder in Certain Insurers' 2019 Motion (Dkt. No. 9441);

WHEREAS, also on September 16, 2005, various parties filed objections to the 2019 Motion;[2]

WHEREAS, a hearing was held before this Court on September 26, 2005, during which certain of the Debtors' insurers raised concerns regarding the purpose and scope of the Personal Injury Claims Estimation Proceeding, including concerns relating to the *UNR* and *Fuller-Austin* cases[3];

WHEREAS the Court directed the parties to prepare an order denying the 2019 Motion and clarifying the purpose of the Personal Injury Claims Estimation Proceeding; and

WHEREAS, upon the hearing held on September 26, 2005 (the "Hearing"), and the Court having jurisdiction to consider the foregoing in accordance with 28 U.S.C. §§ 157 and 1334; and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and proper notice of the 2019 Motion has been given, and that no other or further notice need be given; and the Court having determined after due deliberation that denying the 2019 Motion and clarifying the purpose of the Personal Injury Claims Estimation Proceeding is in the best interests of the Debtors' creditors and the estate; and upon all other proceedings had before the Court; and good and sufficient cause appearing therefor, it is hereby

ORDERED that the 2019 Motion is denied, without prejudice; and it is further

ORDERED that the sole issue before the Court in the Personal Injury Claims Estimation Proceeding is the estimation of the ~~value of the~~ Asbestos PI Claims for purposes of determining appropriate funding under the Debtors' Plan, and not for purposes of

---

[2]     Baron & Budd P.C.'s and Silber Pearlman LLP's Response in Opposition to Certain Insurers' Motion for Access to Exhibits to 2019 Statements (Dkt. No. 9443); Objection of the Official Committee of Asbestos Personal Injury Claimants to the Certain Insurers' Motion For Access to Exhibits to 2019 Statements (Dkt. No. 9449).

[3]     *See UNR Indus. v. Continental Cas. Co.*, 942 F.2d 1101 (7th Cir. 1991); *In re Fuller-Austin*, No. BC116835 (Cal. Superior 2002).

determining the existence and/or scope of any of the Debtors' insurers' rights and/or obligations regarding Asbestos PI Claims; and it is further

ORDERED that any findings, conclusions, opinions and orders entered in the Personal Injury Claims Estimation Proceeding shall not be binding upon, ~~and~~ shall not have any collateral estoppel effect upon, and shall not be used in any manner by any person or entity ( including the Debtors, any of the Debtors' insurers, any party participating in the Personal Injury Claims Estimation Proceeding or any other party-in-interest) in any insurance coverage litigation, arbitration or other dispute concerning the existence and/or scope of any of the Debtors' insurers' rights and/or obligations regarding Asbestos PI Claims; and it is further

ORDERED that the fact that the Debtors' insurers do not participate in the Personal Injury Claims Estimation Proceeding shall not be held against any ~~party~~person or entity in any subsequent coverage litigation, arbitration or other dispute concerning the existence and/or scope of any of the Debtors' insurers' rights and/or obligations regarding Asbestos PI Claims; and it is further

ORDERED that this Order addresses only the Personal Injury Claims Estimation Proceeding and does not address issues of standing or participation rights of any person or entity with respect to any other proceedings before this Court; and it is further

ORDERED that this Order shall remain in effect irrespective of whether the Debtors amend the Debtors' Plan or the Debtors or any other party file a new plan of reorganization; and it is further

~~ORDERED that the foregoing provisions of this Order shall not apply to any insurer which actually participates in discovery and/or the presentation of evidence~~

ORDERED that the Debtors' insurers shall not participate in the Personal Injury Claims Estimation Proceeding, ~~and each such participating insurer shall be bound by the findings, conclusions, opinions and orders entered in the Personal Injury Claims Estimation Proceeding.~~ (including any discovery or pre-trial proceedings).

Dated: November _____, 2005


_____
Hon. Judith K. Fitzgerald
United States Bankruptcy Court Judge

| Legend: |  |
|---|---|
| Insertion | |
| ~~Deletion~~ | |
| ~~Moved from~~ | |
| Moved to | |
| Style change | |
| Format change | |
| ~~Moved deletion~~ | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 13 |
| Deletions | 6 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 19 |