## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| | ) | **Chapter 11** |
| W.R. GRACE & CO., et al. | ) | **Case No. 01-01139 (JKF)** |
| | ) | **(Jointly Administered)** |
| Debtors. | ) | Objection Deadline: December 2. 2005 at 4:00 p.m. |
| | ) | Hearing: December 19. 2005 at 12:00 p.m. |

### FIFTH QUARTERLY INTERIM FEE APPLICATION OF SWIDLER BERLIN LLP AS BANKRUPTCY COUNSEL TO DAVID T. AUSTERN, FUTURE CLAIMANTS REPRESENTATIVE, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD APRIL 1, 2005 THROUGH JUNE 30, 2005

Pursuant to 11 U.S.C. §§ 330 and 331 of title 11 of the United States Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Code"), and this Court's Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, signed April 17, 2002, amending the Court's Administrative Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code Establishing Procedures for Allowance and Payment of Monthly Interim Compensation and Reimbursement of Expenses of Professionals, entered May 3, 2001 (the "Administrative Order"), the law firm of Swidler Berlin LLP ("Swidler") hereby submits this fifth quarterly interim application (the "Fifth Quarterly Interim Application") for an allowance of (i) compensation for professional services rendered to David T. Austern, the Future Claimants Representative (the "FCR") of W.R. Grace & Co. and its affiliates (collectively, the "Debtors") for the period April 1, 2005 through June 30, 2005

(the "Interim Period"), and (ii) the reimbursement of expenses incurred during the same period.

By this Fifth Quarterly Fee Application, Swidler seeks the interim allowance of compensation in the amount of $196,107.25 in fees and reimbursement of actual and necessary expenses in the amount of $2,662.44 for a total of $198,769.69, or 100% of all compensation and expense reimbursement requested, for the period April 1, 2005 through June 30, 2005 (the "Interim Period"). In support of this Fifth Quarterly Interim Application, Swidler respectfully represents as follows:

### Jurisdiction

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1334.

### Background

2. On April 2, 2001 (the "Petition Date"), the Debtors filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code. The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. By an Order dated May 24, 2004, the Court appointed the FCR for the above captioned cases. The Order appointing the FCR also authorizes the FCR to employ professionals under the provision applicable to employment of professionals by an official committee (Section 1103 of the Bankruptcy Code). On June 15, 2004, the FCR applied to this Court for an order authorizing the retention of Swidler pursuant to an engagement agreement dated May 26, 2004 (the "Engagement Agreement") as his bankruptcy counsel.

-2-

4.    On September 27, 2004, this Court entered an order (the "Retention Order") authorizing the FCR to employ Swidler as bankruptcy counsel effective *nunc pro tunc* as of the May 24, 2004 pursuant to the terms of the Engagement Agreement.

### Monthly Fee Applications Covered Herein

5.    Prior to the filing of this Fifth Quarterly Fee Application, the April, May and June 2005 monthly fee applications of Swidler have been filed with the Court pursuant to the Administrative Order.

6.    On July 12, 2005, Swidler filed its Twelfth[1] Monthly Application for Compensation for Services Rendered and Reimbursement of Expenses as Bankruptcy Counsel to the FCR for the Period April 1-30, 2005 (the "Twelfth Monthly", Docket No. 8975) requesting $21,802.60 (80% of $27,253.25) in fees and $1,560.48 in expenses. The deadline to file objections to the Twelfth Monthly expired August 1, 2005 and no objections were filed. A certificate of no objection was filed with the Court on August 3, 2005 at Docket No. 9132. The Twelfth Monthly is attached hereto as Exhibit A.

7.    On August 1, 2005, Swidler filed its Thirteenth[1] Monthly Application for Compensation for Services Rendered and Reimbursement of Expenses as Bankruptcy Counsel to the FCR for the Period May 1-31, 2005 (the "Thirteenth Monthly", Docket No. 9118) requesting $53,489.60 (80% of $66,862.00) and expenses of $852.77. The deadline to file objections to the Thirteenth Monthly expired August 17, 2005 and no objections were filed. A certificate of no objection was filed with the Court on August 23, 2005 at Docket No. 9248. The Thirteenth Monthly is attached hereto as Exhibit B.

-3-

---

[1] Swidler filed a Notice of Correction [Docket No. 9131] to correct the title of these fee applications, were originally filed as Eleventh and Twelfth Monthly Applications, however, they should have been titled Twelfth and Thirteenth Applications, respectively.

8. On August 11, 2005, Swidler filed its Fourteenth Monthly Application for Compensation for Services Rendered and Reimbursement of Expenses as Bankruptcy Counsel to the FCR for the Period June 1-30, 2005 (the "Fourteenth Monthly", Docket No. 9176) requesting $81,593.60 (80% of $101,992.00) in fees and $249.19 in expenses. The deadline to file objections to the Fourteenth Monthly expires August 31, 2005 and no objections were filed. A certificate of no objection was filed with the Court on September 2, 2005 at Docket No. [9319]. The Fourteenth Monthly is attached hereto as Exhibit C.

9. The Twelfth, Thirteenth, and Fourteenth Monthly applications covered by this Fifth Quarterly Fee Application contain detailed daily time logs describing the actual and necessary services provided by Swidler during the Interim Period as well as other detailed information to be included in fee applications. Those monthly applications attached hereto as Exhibits A-C are incorporated herein by reference.

**Requested Relief**

10. By this Fifth Quarterly Application, Swidler requests that the Court approve the interim allowance of compensation for professionals services rendered and the reimbursement of actual and necessary expenses incurred by Swidler from April 1, 2005 through June 30, 2005. As stated above, the full scope of the services provided and the related expenses incurred are fully described in the monthly fee applications for the Interim Period that already have been filed with the Court and are attached hereto as Exhibits A-C.

-4-

11.    At all relevant times, Swidler has been an disinterested person as that term is defined in section 101(14) of the Bankruptcy Code and has not represented or held an interest adverse to the interests of the FCR

12.    All services for which compensation is requested by Swidler were performed for or on behalf of the FCR.

13.    Except for the Debtors' promise to pay compensation and reimbursement as allowed by the Court, Swidler has received no payment and no promise for payment from any source for services rendered, or to be rendered, in any capacity whatsoever in connection with this case.

14.    In accordance with Rule 2016(b) of the Federal Rules of Bankruptcy Procedure. Swidler has not shared and has not agreed to share (a) any compensation it has received or may receive with another party or person other than with its partners, counsel and associates, or (b) any compensation another person or party has received or may receive in connection with this case.

WHEREFORE, Swidler respectfully requests that the Court enter an order, substantially in the form attached hereto, providing that, for the period April 1, 2005 through June 30, 2005, Swidler shall be allowed the sum of $196,107.25 in fees for reasonable and necessary professional services rendered to the FCR and the sum of $2,662.44 for the reimbursement of actual and necessary costs and expenses incurred,

-5-

for a total of $198,769.69, that the Debtors be authorized and directed to pay to Swidler the outstanding amount of such sums, and for such other and further relief as this Court may deem just and proper.

SWIDLER BERLIN LLP

By:_____
Roger Frankel, *admitted pro hac vice*
Richard H. Wyron, *admitted pro hac vice*
3000 K Street, NW, Suite 300
Washington, DC  20007
(202) 424-7500
Counsel to David T. Austern,
as Future Claimants Representative

Dated: November *11*, 2005

-6-