IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>W.R. GRACE & CO., et al.<br><br>Debtors. | Chapter 11<br>Case No. 01-01139 (JKF)<br>(Jointly Administered)<br>Objection Deadline: December 2, 2005 at 4:00 p.m.<br>Hearing: December 19, 2005 at 12:00 p.m. |

**FIFTH QUARTERLY INTERIM FEE APPLICATION OF
SWIDLER BERLIN LLP, BANKRUPTCY COUNSEL TO DAVID T. AUSTERN,
FUTURE CLAIMANTS REPRESENATIVE, FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES INCURRED FOR
THE PERIOD APRIL 1, 2005 THROUGH JUNE 30, 2005**

## SUMMARY SHEET

| | |
|---|---|
| Name of Applicant: | Swidler Berlin LLP |
| Authorized to Provide Professional Services to: | David T. Austern, Future Claimants Representative |
| Date of Retention: | As of May 24, 2004 (pursuant to this Court's Order entered September 27, 2004) |
| Period for which Compensation and Reimbursement is sought: | April 1, 2005 – June 30, 2005 |
| Amount of Compensation sought as Actual Reasonable and Necessary: | $196,107.25 |
| Amount of Expense Reimbursement sought as Actual, Reasonable and Necessary: | $2,662.44 |

This is a ___ monthly   x  interim   ___ final application

## PRIOR APPLICATIONS FILED

Swidler was retained effective as of May 24, 2004, pursuant to this Court's Order entered September 27, 2004. Swidler has previously filed the following quarterly fee applications:

    a.    First Quarterly Fee Application for the time period May 24, 2004 through June 30, 2004 in the amount of $120,681.00 in fees and $15,846.02 in expenses for a total of $136,527.02;

    b.    Second Quarterly Fee Application for the time period July 1, 2004 through September 30, 2004 in the amount of $296,073.25 in fees and $14,400.95 in expenses for a total of $310,474.20;

    c.    Third Quarterly Fee Application for the time period October 1, 2004 through December 31, 2004 in the amount of $295,064.25 in fees and $17,028.89 in expenses for a total of $312,093.14; and

    d.    Fourth Quarterly Fee Application for the time period January 1, 2005 through March 31, 2005 in the amount of $246,711.75 in fees and $13,701.96 in expenses for a total of $260,413.71.

## SWIDLER PROFESSIONALS

| Name of Professional Person | Position of Applicant, No. of Years in Position, Prior Relevant Experience, Yr. Obtained License to Practice, Area of Expertise | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Monique D. Almy | Partner, 9 years in position; 18 years relevant experience; 1987, Bankruptcy | $460.00 | 136.80 | $62,928.00 |
| Roger Frankel | Partner, 22 years in position; 34 years relevant experience; 1971, Bankruptcy | $645.00 | 54.40 | $34,346.25[1] |
| Richard H. Wyron | Partner, 16 years in position; 26 years relevant experience; 1979, Bankruptcy | $545.00 | 45.20 | $24,634.00 |
| Matthew W. Cheney | Associate, 8 years in position; 8 years relevant experience; 1997, Bankruptcy | $355.00 | 81.90 | $29,074.50 |
| Debra L. Felder | Associate, 3 years in position; 3 years relevant experience; 2002, Bankruptcy | $255.00 | 75.10 | $19,150.50 |
| Scott J. Levitt | Associate, 10 years in position; 10 years relevant experience; 1995, Insurance Litigation | $390.00 | .90 | $351.00 |
| Kimberly E. Neureiter | Associate, 3 years in position; 3 years relevant experience; 2002; Bankruptcy | $235.00 | 23.10 | $5,428.50 |

---

[1] Please note that this amount reflects a reduction of $741.75 for the 50% discount on non-working travel

| Name of Professional Person | Position of Applicant, No. of Years in Position, Prior Relevant Experience, Yr. Obtained License to Practice, Area of Expertise | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| | | | | |
| Rachael M. Barainca | File Clerk | $60.00 | 37.80 | $2,268.00 |
| Debra O. Fullem | Senior Legal Assistant | $195.00 | 67.70 | $13,201.50 |
| Scott W. Grant | Summer Associate | $185.00 | 25.50 | $4,717.50 |
| Deborah A. Rogers | Consultant | $195.00 | .50 | $97.50 |
| Total | | | 548.90 | $196,107.25 |

Total Fees:      $196,107.25
Total Hours:          548.90
Blended Rate:    $   357.27

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Case Administration | 53.90 | $7,397.00 |
| Due Diligence | 28.70 | $6,536.50 |
| Retention of Professionals-Other | 17.00 | $4,690.00 |
| Insurance | 2.20 | $709.50 |
| Litigation | 367.40 | $155,577.50 |
| Plan and Disclosure Statement | 17.00 | $6,515.00 |
| Compensation of Professionals-Swidler | 41.00 | $9,711.00 |
| Compensation of Professionals-Other | 19.40 | $4,229.00 |
| Travel Time (Nonworking)[2] | 2.30 | $741.75 |
| TOTAL | 548.90 | $196,107.25 |

---

[2] In accordance with the Local Rules of this Court, Swidler bills at a 50% reduced rate for non-working travel time

-3-

## EXPENSE SUMMARY

| Expense Category | Total |
|---|---|
| Photocopies/Printing | $758.55 |
| Telephone/Facsimile | $6.69 |
| Postage/Federal Express/Courier Fees | $341.48 |
| Travel/Airfare/Meals/Parking | $439.60 |
| Secretarial Services | $24.00 |
| Computerized Legal Research | $231.40 |
| Pacer | $860.72 |
| TOTAL | $2,662.44 |

The actual and necessary costs and expenses for which Swidler seeks reimbursement include, *inter alia*, the following:

   a. *Duplicating* -- It is Swidler's practice to charge all clients of the firm for duplicating at the in-house rate of 20¢ per page, however, Swidler has reduced the duplicating cost to 15¢ per page in order to comply with the Local Rules of this Court. This charge includes the cost of maintaining the duplicating facilities and the actual cost involved with respect to the duplication.

   b. *Long Distance Telephone and Facsimile Charges* -- Swidler charges clients for long distance telephone calls but not for local telephone calls. Necessary mobile phone usage is reimbursed to professionals submitting an appropriate bill. Out-going facsimile transmissions do not exceed $1.00 per page and there is no charge for incoming facsimile charges.

   c. *Messenger and Courier Service* -- It is Swidler's practice to use Federal Express or similar express mail delivery and third-party messenger services only in exigent circumstances (i.e., when needed to meet a deadline or when a next-day response from the recipient was necessary or beneficial to the case) and only when less costly than other available alternatives.

   d. *Overtime* -- It is Swidler's practice to allow professionals and paraprofessionals working more than 2.5 hours of overtime to charge a meal to the appropriate client at a meal charge limited to $10 per professional. It is Swidler's practice to allow professionals and support staff to charge a car service or cab to the appropriate client when working at least 2.5 hours of overtime. Swidler endeavored not to incur overtime charges unless necessary to

-4-

benefit the case and in certain exigent circumstances. Swidler utilized secretarial assistance in connection with monitoring and updating the main and adversary case dockets and downloading, circulating and printing of pleadings filed in the case. Thus, certain charges were incurred by secretaries for overtime. (Note: These charges are at rates less than that charged by Swidler paralegals or other professional staff who may have otherwise performed this type of work.)

e. ***Computerized Research*** -- It is Swidler's practice to use computer-assisted legal research when it is impracticable to conduct such research manually. It is also Swidler's practice to use computer-assisted research to assist its clients and to reduce the amount of time spent by attorneys and paraprofessionals in manual research when it was anticipated that the resulting manual research would have resulted in a greater cost to the client. The charge to the client is actual cost, without a premium. To the extent Swidler has a volume discount, that benefit is passed on to the client.

SWIDLER BERLIN LLP

By: _____
Roger Frankel, *admitted pro hac vice*
Richard H. Wyron, *admitted pro hac vice*
3000 K Street, NW, Suite 300
Washington, DC  20007
(202) 424-7500
Counsel to David T. Austern,
as Future Claimants' Representative

Dated: November _11_, 2005