# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| W.R. GRACE & CO., et al. | Case No. 01-01139 (JKF) |
| | (Jointly Administered) |
| Debtors. | Objection Deadline: December 2, 2005 at 4:00 p.m. |
| | Hearing: December 19, 2005 at 12:00 p.m. |

## FIFTH QUARTERLY INTERIM FEE APPLICATION OF DAVID T. AUSTERN, FUTURE CLAIMANTS REPRESENTATIVE, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD OF APRIL 1, 2005 THROUGH JUNE 30, 2005

Pursuant to 11 U.S.C. §§ 330 and 331 of title 11 of the United States Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Code"), and this Court's Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, signed April 17, 2002, amending the Court's Administrative Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code Establishing Procedures for Allowance and Payment of Monthly Interim Compensation and Reimbursement of Expenses of Professionals, entered May 3, 2001 (collectively, the "Administrative Order"), David T. Austern, the Future Claimants Representative ("FCR") hereby submits this fifth quarterly interim application (the "Fifth Quarterly Interim Application") for an allowance of (i) compensation for professional services rendered to W.R. Grace & Co. and its affiliates (collectively, the "Debtors") for the period of April 1, 2005 through June 30, 2005 (the "Interim Period"), and (ii) the reimbursement of expenses incurred during the same period.

By this Fifth Quarterly Fee Application the FCR seeks the interim allowance of compensation in the amount of $2,100.00 and reimbursement of actual and necessary expenses in the amount of $0.00 for a total of $2,100.00, or 100% of all compensation and expense reimbursement requested, for the period April 1, 2005 through June 30, 2005 (the "Interim Period"). In support of this Fifth Quarterly Interim Application, the FCR respectfully represents as follows:

### Jurisdiction

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1334.

### Background

2. On April 2, 2001 (the "Petition Date"), the Debtors filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code. The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. By an Order dated May 24, 2004, the Court appointed the FCR for the above captioned cases.

### Monthly Fee Applications Covered Herein

4. Prior to the filing of this Fifth Quarterly Fee Application, the June monthly fee application of the FCR has been filed with the Court pursuant to the Administrative Order. The FCR has not filed interim fee applications for the months of April or May 2005.

-2-

5. The FCR filed its Twelfth Monthly Application for Compensation for Services Rendered and Reimbursement of Expenses as Bankruptcy Counsel to the FCR for the Period June 1-30, 2005 (the "Twelfth Monthly") requesting $1,650.00 in fees (80% of $2,100.00) and no expenses on July 29, 2005 [Docket No. 8285]. The deadline to file objections expired August 17, 2005 and no objections were filed. A Certificate of No Objection will be filed with the Court. The Twelfth Monthly is attached hereto as Exhibit A and incorporated herein by reference.

6. The Twelfth Monthly covered by this Fifth Quarterly Fee Application contains detailed daily time logs describing the actual and necessary services provided by the FCR during the Interim Period as well as other detailed information to be included in fee applications.

### Requested Relief

7 By this Fifth Quarterly Application, the FCR requests that the Court approve the interim allowance of compensation for professionals services rendered and the reimbursement of actual and necessary expenses incurred by the FCR from April 1, 2005 through June 30, 2005. As stated above, the full scope of the services provided and the related expenses incurred are fully described in the Twelfth Monthly fee application attached hereto as Exhibit A.

8. At all relevant times, the FCR has been an disinterested person as that term is defined in section 101(14) of the Bankruptcy Code and has not represented or held an interest adverse to the interest of future asbestos claimants.

9. All services for which compensation is requested by the FCR were performed in his capacity as FCR and not on behalf of any Debtor, committee, creditor, or other person.

10. Other than the Debtors' obligation to pay fees and expenses allowed by this Court, the FCR has received no payment and no promise for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the Debtors' cases. There is no agreement or understanding between the FCR and any other person for the sharing of compensation to be received for services rendered in this case.

WHEREFORE, the FCR respectfully requests that the Court enter an order, substantially in the form attached hereto, providing that, for the period April 1, 2005 through June 30, 2005, an allowance be made to the FCR in the sum of $2,100.00 as compensation for reasonable and necessary professional services rendered and no expenses, for a total of $2,100.00, that the Debtors be authorized and directed to pay to FCR the outstanding amount of such sums, and for such other and further relief as this Court may deem just and proper.

Respectfully submitted,

*/s/ David T. Austern*
David T. Austern, Future Claimants Representative
3110 Fairview Park Drive, Suite 200
Falls Church, VA 22042-0683
(703) 205-0835

Dated: November 11, 2005

-4-