**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., et al., | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

**FEE AUDITOR'S FINAL REPORT REGARDING**
**FEE APPLICATION OF CAPSTONE CORPORATE RECOVERY, LLC**
**FOR THE SEVENTEENTH INTERIM PERIOD**

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Fee Application of Capstone Corporate Recovery, LLC for the Seventeenth Interim Period (the "Application").

**BACKGROUND**

1.  Capstone Corporate Recovery, LLC ("Capstone") was retained as financial advisors to the Official Committee of Unsecured Creditors. In the Application, Capstone seeks approval of fees totaling $297,230.00 and costs totaling $2,252.85 for its services from April 1, 2005, through June 30, 2005.

2.  In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued

January 30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served on Capstone an initial report based on our review, and received a response from Capstone, portions of which response are quoted herein.

## DISCUSSION

3. In our initial report, we noted that during the application period the firm spent a total of 2.6 hours for fees of $776.00 in the general monitoring of legislative efforts. The entries are provided below.

| Date | Name | Hours | Description |
|---|---|---|---|
| 4/11/2005 | S. Cunningham | 0.70 | Read and analyzed latest asbestos legislation updates. |
| 4/21/2005 | C. Troyer | 0.30 | Read and analyzed articles on the status of asbestos-related legislation. |
| 4/22/2005 | C. Troyer | 0.20 | Read and analyzed asbestos-related articles. |
| 6/8/2005 | M. Hakoun | 0.70 | Monitored developments pertaining to asbestos legislation. |
| 6/15/2005 | M. Hakoun | 0.40 | Continued to monitor developments pertaining to asbestos legislation. |
| 6/29/2005 | M. Hakoun | 0.30 | Monitored asbestos litigation and Asbestos Bill activity, and obtained related analyst and media commentary and reports for case team members. |

While the application contains a number of entries regarding the monitoring of legislation, most of those entries show a specific case application. Those entries cited above do not. We asked Capstone to provide direct correlation that the aforementioned time entries represent time spent as a necessary

**FEE AUDITOR'S INITIAL REPORT** - Page 2
wrg FR Capstone 17int 4-6.05.wpd

part of Capstone's role as advisor to the Committee in this bankruptcy. Further, we asked the firm to explain how the review and analysis indicated by the time entries benefitted the bankruptcy estate. Capstone responded as follows:

> We would like to address the Fee Auditor's comments, as follows:
>
> The fees described above were captioned as "Special Case Issues – Asbestos" and included in our fee applications for the Seventeenth Quarterly Period are de minimus, totaling $776.00 or less than 1% of the fees charged for the period.
>
> We believe, as noted in our response to the Fee Audit report pertaining to the Sixteenth Interim Period, that Capstone's activities charged to this category impact our on-going plan of reorganization and recovery analyses performed on behalf of our constituency. As financial advisors to the Committee, Capstone believes it is relevant and necessary to understand the relative costs to the Debtors under various asbestos settlement scenarios, and the subsequent impact of those possible settlements on recovery by the creditors in this case. Capstone, therefore, has performed some monitoring of legislative developments in order to discuss the potential impact of a legislated settlement with respect to potential recoveries by the unsecured creditors in the Grace case, and to recommend appropriate actions to the Committee.
>
> The fees noted above are similar to those that were previously disallowed in the Fee Auditor's final report with respect to the Sixteenth Interim period, however the Seventeenth Interim Period Fee Application for April 1, 2005 through June 30, 2005 was filed prior to receiving the Fee Auditor' final report. In subsequent fee applications we have ceased to charge the estate for such items.
>
> Based on the above, we accept the Fee Auditor's adjustment of $776.00 for the Seventeenth Interim Period.

We appreciate the response and thus recommend a reduction of $776.00 in fees.

## CONCLUSION

4.  Thus we recommend approval of fees totaling $296,454.00 ($297,230.00 minus $776.00) and costs totaling $2,252.85 for Capstone's services from April 1, 2005, through June 30, 2005.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
     Warren H. Smith
     Texas State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 1275
Dallas, Texas 75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 14th day of November, 2005.

_____
Warren H. Smith

## SERVICE LIST
### Notice Parties

**The Applicant**
Libby Hamilton
Capstone Corporate Recovery, LLC
Park 80 West, Plaza One
Saddle Brook, N.J. 07663

**The Debtors**
David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**
James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**
Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**
Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**
Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**
Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 141
Wilmington, DE 19801

**United States Trustee**
Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801