IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JJF) |
| | ) | (Jointly Administered) |
| | ) | *Agenda Item No. 12 (11/14/05)* |
| Debtors. | ) | *Docket No. 7545* |

### STIPULATION AND ORDER RESOLVING CERTAIN ISSUES CONCERNING THE CLAIMS OF NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA

This stipulation is entered into this 7th day of November, 2005 between W.R. Grace & Co. and its affiliates (collectively, the "Debtors"), and National Union Fire Insurance Company of Pittsburgh, PA ("National Union").

**WHEREAS**, on or about April 2, 2001 (the "Petition Date"), the Debtors, including W.R. Grace & Co. ("Grace") and W.R. Grace & Co.-Conn. ("Grace-Conn") filed their voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code. The Debtors' bankruptcy cases are pending as case numbers 01-1139 (RJN) through 01-1200 (RJN) (the

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin &

"Bankruptcy Cases") in the Bankruptcy Court of the United States District Court for the District of Delaware (the "Bankruptcy Court").

**WHEREAS**, on April 2, 2001 the Bankruptcy Court issued an Order consolidating the Bankruptcy Cases for administrative purposes only under Case No. 01-1139 (JJF) (the "Jointly Administered Bankruptcy Case").

**WHEREAS**, on April 22, 2002, the Bankruptcy Court issued its Bar Date Order, which established March 31, 2003 as the Bar Date for the filing of certain pre-petition (a) non-asbestos, (b) asbestos property damage and (c) medical monitoring claims. The Bar Date Order required claimants to file a separate claim in each of the Bankruptcy Cases for such claim to be effective and asserted against each of the Debtors.

**WHEREAS**, prior to the Petition Date, Bank of America, N.A. ("BofA") issued three standby letters of credit for the account of Grace-Conn (collectively, the "Letters of Credit") as collateral for certain insurance transactions and surety bonds issued in favor of the Debtors, as follows:

| Letter of Credit Number | Face Amount | Issuance Date | Expiry Date[2] |
| --- | --- | --- | --- |
| 7404289 | $10,439,830 | 10/17/00 | 10/17/05 |
| 7404163 | $ 6,000,000 | 09/15/00 | 09/15/05 |
| 7403968 | $ 2,190,000 | 07/30/00 | 07/31/06 |

Except as specifically set forth below with regard to the drawn amounts, as of the date of this Stipulation, each Letter of Credit remains outstanding in its full amount.

---

Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Each Letter of Credit has a provision concerning the automatic extension of the Expiry Date and each shall extend automatically in accordance with such language unless a timely and appropriate notice is given by BofA. As of the date of this Motion, no such notice has been given and nothing herein shall be deemed to alter the requirements and conditions of such notices.

2

**WHEREAS**, on or about June 6, 2002, National Union, as beneficiary under Letter of Credit number 7404289 (the "First LOC"), drew down the First LOC in the amount of $9,729,720 (the "First Drawn Amount"). Thereafter, on or about February 10, 2003, National Union, as beneficiary under Letter of Credit number 7403968 (the "Second LOC"), drew down the Second LOC in the amount of $250,000 (the "Second Drawn Amount," and together with the First Drawn Amount, the "Drawn Amounts"). Finally, by order dated October 24, 2002 [Docket No. 2865], BofA was authorized to, and did, setoff $200,000 (the "Setoff Amount") held by BofA in a depository account against the amounts due to BofA as a result of National Union's draw upon the First LOC.

**WHEREAS**, on or about March 27, 2003, National Union filed proofs of claim numbers 9553 and 9554 (collectively, the "National Union Surety Proofs of Claim") against Debtors Grace and Grace-Conn, respectively, each of which asserts a claim secured by, inter alia, the First LOC and the Second LOC, in the amount of $46,971,764 plus unliquidated amounts ("National Union's Surety Claims"). Additionally, on or about March 31, 2003, National Union on its own behalf and on behalf of certain other related insurance companies filed proofs of claim numbers 13925 to 13930 (collectively, the "National Union Insurer Proofs of Claim") against Debtor Grace and five other of the Debtors in these jointly administered cases, which assert claims secured by, inter alia, the Second LOC, in the amount of $75,623 plus unliquidated amounts ("National Union's Insurer Claims").

**WHEREAS**, on January 13, 2005, the Debtors filed their Amended Joint Plan of Reorganization ("Plan"). To date, the Plan has not been confirmed. The Plan proposes that as of the Effective Date (as that term is defined in the Plan), the Debtors shall be deemed consolidated under the Plan for Plan purposes only. Upon confirmation, each and every claim filed against

any of the Debtors shall be deemed filed against the deemed consolidated Debtors and shall be deemed one claim against and obligation of the deemed consolidated Debtors.

**NOW, THEREFORE,** for good and valuable consideration received, the parties hereby stipulate and agree as follows:

1. Claim numbered 9553, a copy of which without exhibits is attached hereto as Exhibit A and made a part hereof, shall remain as the sole National Union's Surety Claim against the Debtors or the Debtors' bankruptcy estate(s).

2. Claim number 13925, a copy of which without exhibits is attached hereto as Exhibit B and made a part hereof, shall remain as the sole National Union's Insurer Claim against the Debtors or the Debtors' bankruptcy estate(s).

3. Claims numbered 9554 and 13926 through 13930 shall be disallowed and expunged from the Claims Register. Notwithstanding any other provision herein, to the extent that the Plan or any other plan or plans of reorganization confirmed in these chapter 11 cases do (does) not provide for the substantive consolidation of the Bankruptcy Cases (for purposes of distribution on account of allowed claims), the claims numbered 9554 and 13926 through 13930 shall be reinstated, and National Union shall be entitled to pursue all such claims, as appropriate. To the extent any proof of claim is hereby expunged as a "duplicate," the "surviving claim" shall be deemed to assert and include any claim or allegation that was asserted within an expunged claim, and such expunged claim or allegation shall be deemed to be part of the surviving claim.

4. The Debtors expressly reserve any and every objection that they now have or may have in the future to the substance of the National Union's Surety Claims and the National Union's Insurer Claims, including but not limited to the ground that such claims are duplicative of any BofA claims.

4

5. Reference is made to two Settlement Agreements (the "Settlement Agreements") among certain of the Debtors and National Union and various other insurers related to National Union (together the "AIG Insurers"), one executed in November 1995 and the other executed in November 2000, pursuant to which AIG Insurers may be called upon to make certain payments to Debtors. The National Union Proofs of Claim assert that AIG Insurers have certain rights of setoff to retain payments due under the Settlement Agreements to the extent of obligations of the Debtors set forth in the National Union Proofs of Claim. To the extent the AIG Insurers make any payment from time-to-time under the Settlement Agreements, or under any other pre-existing prepetition obligation to the Debtors, and to the extent the AIG Insurers have a right of setoff, this Stipulation hereby substitutes an administrative priority claim equal in value, if any, to such right of setoff. No such administrative priority claim shall be allowed to or paid to the AIG Insurers pursuant to such claim unless and until the Bankruptcy Court determines that the AIG Insurers had a right of offset equal in value to the amount of such administrative priority claim. The Debtors shall retain all rights to contend that there is no such right of setoff and to object to the administrative priority claim substituted herein. The intent of this paragraph is to preserve the status quo and to allow AIG Insurers to make payments to the Debtors without need to raise setoff issues each time a payment is to be made. All entities shall retain all rights and defenses in connection with such payments and the administrative priority claims and no party is deemed to have agreed that any such setoff rights exist or not.

6. Each party executing this Stipulation represents that such party has the full authority and legal power to do so. This Stipulation may be executed in counterparts and each such counterpart together with the others shall constitute one and the same instrument. The parties further agree that facsimile signatures hereon shall be deemed to be original signatures.

This Stipulation shall be binding upon and inure to the benefit of each of the parties, and upon their respective assignees, successors and/or partners.

7. The Debtors shall direct the Claims Agent, Rust Consulting, Inc., to mark the Claims Register to reflect the following:

   (a) claims numbered 9554 and 13926 through 13930 shall be disallowed and expunged as outlined herein; and

   (b) claims numbered 9554 and 13925 shall remain on the claims register as outlined herein.

8. The parties shall take whatever additional action, if any, is necessary to make sure that National Union's claims are treated as outlined herein.

STIPULATED AND AGREED:

| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA | W. R. GRACE & CO., et al. |
|---|---|
| By: /s/ *[signature]* <br> One of Their Attorneys | By: /s/ *[signature]* <br> One of Their Attorneys |
| William P. Bowden (No. 2553) <br> Ashby & Geddes <br> 222 Delaware Avenue <br> P. O. Box 1150 <br> Wilmington, Delaware 19899 <br> (302) | Janet S. Baer <br> Rachel Reagler Schulman <br> Kirkland & Ellis LLP <br> 200 East Randolph Drive <br> Chicago, IL 60601 <br> (312) 861-2000 |
| and | and |
| Michael S. Davis <br> Zeichner Ellman & Krause <br> 575 Lexington, Avenue <br> New York, New York 10022 <br> (212) | Laura Davis Jones <br> Pachulski, Stang, Ziehl, Young, Jones & Weintraub PC <br> 919 North Market Street, 16th Floor <br> P. O. Box 8705 <br> Wilmington, DE 19899-8705 <br> (302) 652-4100 |
| Counsel for National Union Fire Insurance Company of Pittsburgh, PA.*Continental Casualty* | Co-Counsel for the *Debtors and Debtors in Possession* |
| Date Signed: 11/7/05 | Date Signed: 11/7/05 |

SO ORDERED this 14 day of Nov, 2005

_____
The Honorable Judith K. Fitzgerald

7