IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| W.R. GRACE & CO., et al. ) | Case No. 01-01139 (JKF) |
| ) | (Jointly Administered) |
| Debtors. ) | Objection Deadline: December 5, 2005 at 4:00 p.m. |
| ) | Hearing: March 17, 2006 at 12:00 p.m. |

NOTICE OF FILING OF
SIXTH QUARTERLY INTERIM FEE APPLICATION OF
CIBC WORLD MARKETS CORP., FINANCIAL ADVISOR TO
DAVID T. AUSTERN, FUTURE CLAIMANTS REPRESENTATIVE,
FOR COMPENSATION AND REIMBURSEMENT OF
EXPENSES INCURRED FOR THE PERIOD
JULY 1, 2005 THROUGH SEPTEMBER 30, 2005

TO: (1) The Debtors; (2) Counsel to the Debtors; (3) The Office of the United States Trustee; (4) Counsel to the Official Committee of Asbestos Personal Injury Claimants; (5) Counsel to the Official Committee of Asbestos Property Damage Claimants; (6) Counsel to the Official Committee of Equity Holders; (7) Counsel to the Debtors-in-Possession Lender; (8) the Fee Auditor; and (9) Parties on the Service List

CIBC World Markets Corp. ("CIBC"), Financial Advisor to David T. Austern, Future Claimants' Representative ("FCR") has filed and served its Fifth Quarterly Interim Fee Application for Compensation and Reimbursement of Expenses Incurred for the Period July 1, 2005 through September 30, 2005 seeking payment in the amount of $150,000.00 in fees and expenses of $4,466.13 for a total compensation of $154,466.13 (the "Application").

This Application is submitted pursuant to this Court's Administrative Order, as Amended, Under 11 U.S.C. Sections 105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members dated April 17, 2002 (the "Administrative Order").

Objections or responses to the Application, if any, must be made in writing and filed with the United States Bankruptcy Court for the District of Delaware, Marine Midland Plaza, 824 Market Street, Fifth Floor, Wilmington, DE 19801, on or before **December 5, 2005 at 4:00 p.m., Eastern Time.**

At the same time you must also serve a copy of the objections or responses, if any, upon the following: (i) Joseph J. Radecki, Jr., CIBC World Markets Corp., 300 Madison Avenue, New York, NY 10017, co-counsel to David T. Austern, Roger Frankel, Esquire and Richard H. Wyron, Esquire, Swidler Berlin LLP, 3000 K Street, NW, Suite 300, Washington, DC 20007 and John C. Phillips, Jr., Esquire, Phillips, Goldman & Spence, P.A., 1200 North Broom Street, Wilmington, DE 19806 ; (ii) co-counsel for the Debtors, David M. Bernick, Esquire, Kirkland & Ellis LLP, 200 East Randolph Drive, Chicago, IL 60601 and Laura Davis Jones, Esquire, Pachulski, Stang, Ziehl, Young & Jones, P.C., 919 North Market Street, Suite 1600, P.O. Box 8705, Wilmington, DE 19899-8705; (iii) co-counsel to the Official Committee of Unsecured Creditors, Lewis Kruger, Esquire, Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, NY 10038-4982 and Michael R. Lastowski, Esquire, Duane Morris, LLP, 1100 N. Market Street, Suite 1200, Wilmington, DE 19801-1246; (iv) co-counsel to the Official Committee of Asbestos Property Damage Claimants, Scott L. Baena, Esquire, Blizin, Sumberg, Dunn, Baena, Price & Axelrod, First Union Financial Center, 200 South Biscayne Boulevard, Suite 2500, Miami, FL 33131 and Michael B. Joseph, Esquire,

Ferry & Joseph, P.A., 824 Market Street, Suite 904, P.O. Box 1351, Wilmington, DE 19899; (v) co-counsel to the Official Committee of Asbestos Personal Injury Claimants, Elihu Inselbuch, Esquire, Caplin & Drysdale, 399 Park Avenue, 36th Floor, New York, NY 10022 and Mark Hurford, Esquire, Campbell & Levine, LLC, Chase Manhattan Centre, 15th Floor, 1201 Market Street, Suite 1500, Wilmington, DE 19801; (vi) co-counsel to the DIP Lender, J. Douglas Bacon, Esquire, Latham & Watkins, Sears Tower, Suite 5800, Chicago, IL 60606 and Steven M. Yoder, Esquire, The Bayard Firm, 222 Delaware Avenue, Suite 900, P.O. Box 25130, Wilmington, DE 19899; (vii) counsel to the Official Committee of Equity Holders, Thomas Moers Mayer, Esquire, Kramer Levin Naftalis & Frankel LLP, 919 Third Avenue, New York, NY 10022; (viii) the Office of the United States Trustee, ATTN: Frank J. Perch, Esquire, 844 N. King Street, Wilmington, DE 19801; and (ix) the Fee Auditor, Warren H. Smith, Warren H. Smith and Associates, Republic Center, 325 N. St. Paul, Suite 4080, Dallas, TX 75201.

Any questions regarding this Notice or attachments may be directed to the undersigned counsel.

Respectfully submitted,

SWIDLER BERLIN LLP

Dated: November 15, 2005

By: _____
Roger Frankel, *admitted pro hac vice*
Richard H. Wyron, *admitted pro hac vice*
3000 K Street, NW, Suite 300
Washington, DC 20007
(202) 424-7500
Counsel to David T. Austern,
As Future Claimants Representative

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | Objection Date: December 5, 2005 at 4:00 p.m. |
| | ) | Hearing Date: March 17, 2006 at 12:00 p.m. |
| | ) | |

SIXTH QUARTERLY INTERIM FEE APPLICATION OF
CIBC WORLD MARKETS CORP., AS FINANCIAL ADVISOR TO
DAVID T. AUSTERN, FUTURE CLAIMANTS' REPRESENATIVE,
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR
THE PERIOD OF JULY 1, 2005 THROUGH SEPTEMBER 30, 2005

SUMMARY SHEET

Name of Applicant:                            CIBC World Markets Corp.

Authorized to Provide                         David T. Austern,
Professional Services to:                     Future Claimants' Representative

Date of Retention:                            As of June 4, 2004 (pursuant to this Court's
                                              Order entered September 27, 2004)[1]

Period for which compensation and
reimbursement is sought:                      July 1, 2005 – September 30, 2005

Amount of Compensation
sought as actual, reasonable and necessary:   $150,000.00

Amount of Expense Reimbursement
sought as actual, reasonable and necessary:   $4,466.13


This is a    ___ monthly        _x_ interim         ___ final application

---

[1] On June 27, 2005, the Court authorized an extension to the terms relating to the fee arrangement with CIBC

## COMPENSATION BY PROJECT CATEGORY (Exhibit A, Time Detail)

July 1, 2005 – September 30, 2005

| Project Category | Total Hours | Total Fees[2] |
|---|---|---|
| Business Operations / Business Results Related | 142.75 | NA |
| Develop Filings | 40.25 | NA |
| Financial Analysis / Financial Review | 114.50 | NA |
| Hearing Attendance | 35.50 | NA |
| TOTAL | 333.00 | NA |

## EXPENSE SUMMARY (Exhibit B, Expense Detail)

July 1, 2005 – September 30, 2005

| Expense Category | Total |
|---|---|
| Meals | $259.30 |
| Air fare | 1,640.27 |
| Hotel | 583.29 |
| Transportation (taxi, parking) | 241.55 |
| Telephone | 181.17 |
| Research | 999.96 |
| Printing & Production | 560.59 |
| TOTAL | $4,466.13 |

---

[2] CIBC does not bill on an hourly basis; therefore, a calculation of total fees by hour, by category is not applicable.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | Objection Date: December 5, 2005 at 4:00 p.m. |
| | ) | Hearing Date: March 17, 2006 at 12:00 p.m. |

## SIXTH QUARTERLY INTERIM FEE APPLICATION OF CIBC WORLD MARKETS CORP., AS FINANCIAL ADVISOR TO DAVID T. AUSTERN, FUTURE CLAIMANTS' REPRESENTATIVE, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD OF JULY 1, 2005 THROUGH SEPTEMBER 30, 2005

Pursuant to 328(a) U.S.C. §§ 330 and 331 of title 11 of the United States Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure, the Retention Order (as defined herein), and this Court's Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members (the "Procedures"), CIBC World Markets Corp. ("CIBC") hereby submits this sixth quarterly interim application (the "Sixth Quarterly Interim Application") for an allowance of (i) compensation for professional services rendered to the future claimants' representative of W.R. Grace & Co. and its affiliates (collectively, the "Debtors") for the period of July 1, 2005 through September 30, 2005 (the "Interim Period"), and (ii) the reimbursement of expenses incurred during the same period. In support of this Sixth Quarterly Interim Application, CIBC respectfully represents as follows:

### I. Jurisdiction

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1334.

## II. Background

2. On April 2, 2001 (the "Petition Date"), the Debtors filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code. The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. By an Order dated May 24, 2004, the Court appointed David T. Austern as the Legal Representative for Future Asbestos Claimants (the "FCR") for the above captioned cases. The same Order authorizes the FCR to employ professionals under the provision applicable to employment of professionals by an official committee (Section 1103 of the bankruptcy code). On June 17, 2004, the FCR applied to this Court for an order authorizing the retention of CIBC pursuant to an engagement agreement dated June 4, 2004 (the "Engagement Agreement") as his financial advisor.

4. On September 27, 2004, this Court entered an order (the "Retention Order") authorizing the FCR to employ CIBC as financial advisor effective nunc pro tunc as of the June 4, 2004 pursuant to the terms of the Engagement Agreement. On March 14, 2005 this Court entered an order authorizing the extension of the terms of employment of CIBC (the "First Retention Extension Order"). Further, on June 27, 2005, this Court authorized an extension to the terms relating to the fee arrangement of CIBC (the "Second Retention Extension Order"). A copy of the Retention Order, the First Retention Extension Order, and the Second Retention Extension Order are annexed hereto as Exhibit C, D, and E, respectively.

## III. Summary of Services Rendered

5. The financial services provided to the FCR by CIBC during this period included but was not limited to:

(a) Conducting due diligence and familiarizing itself to the extent appropriate with, and advising the FCR with respect to, the specialty chemicals industry in which the Debtors operate;

(b) Conducting due diligence and familiarizing itself to the extent appropriate with, and advising the FCR with respect to, the financial condition of the Debtors' businesses;

(c) Conducting due diligence and familiarizing itself to the extent appropriate with, and advising the FCR with respect to, the operations of the Debtors' businesses;

(d) Advising the FCR with respect to a proposed restructuring and implementation of a trust as contemplated under Section 524(g) of the Bankruptcy Code including analyzing, negotiating and effecting a plan of reorganization or recapitalization for the Debtors;

(e) Familiarizing itself to the extent appropriate with, and advising the FCR with respect to, the Court docket and the numerous motions and orders filed in connection with this case as well as attending court hearings either in person or by telephone;

(f) Analyzing the financial impact on the Debtor of current motions in this case, including those related to taxes, exclusivity, and insurance issues;

(g) Reviewing and analyzing potential acquisitions and divestitures; and

(h) Performing valuation analyses on the Debtors and their assets.

### IV. CIBC's Request for Compensation and Expense Reimbursement

6. Pursuant to the Procedures, professionals may request monthly compensation and the reimbursement of expenses incurred. The notice parties listed in the Procedures may object to such a request. If no notice party objects to a professional's request within twenty (20) days after the date of service of the request, the applicable professional may submit to this Court a certification of no objection whereupon the Debtors are authorized to pay 80% of the fees and 100% of the expenses requested.

7. Furthermore, and also pursuant to the Procedures, professionals are to file with this Court and serve upon the notice parties a quarterly request for interim approval and allowance of the monthly fee applications filed during the quarter. If this Court grants the relief requested in these quarterly requests, the Debtors are authorized and directed to pay 100% of the fees and expenses requested in the monthly fee applications for the applicable quarter (less amounts previously paid as a result of monthly fee applications).

8. With this Sixth Quarterly Interim Application, CIBC seeks interim allowance of compensation in the amount of $150,000.00, representing one monthly fee of $100,000.00 for the period of July 1, 2005 through July 31, 2005, and $25,000.00 each for the periods August 1, 2005 through August 31, 2005 and September 1, 2005 through September 30, 2005. For the period from August 1, 2005 through September 30, 2005, upon review of the level of activity during that period, CIBC World Markets Corp. informed the FCR that it intended to reduce its monthly fee for each of those monthly periods to $25,000.00.

9. During the Sixth Interim Period, CIBC has recorded expenses in the amount of $4,466.13. The actual and necessary costs and expenses for which CIBC seeks reimbursement include the following:

   a. *Research* -- It is CIBC's practice to use financial market research in providing financial advisory services. This primarily consists of research reports on public companies and market/industry reports issued by investment banks other than CIBC as well as other research services. The charge to the client is actual cost, without a premium.

   b. *Airfare & Transportation* -- CIBC charges clients for necessary transportation costs related to travel to and from an airport, and necessary airfare costs or other costs in connection with travel to meetings, due diligence, court hearings, etc. The charge to the client is actual cost, without a premium.

    c.    *Meals* — CIBC charges clients for meal/catering costs incurred when traveling to meetings with clients or other case professionals. The charge to the client is actual cost, without a premium.

    d.    *Telephone* — CIBC charges clients for mobile telephone charges. Necessary mobile phone usage is reimbursed to professionals submitting an appropriate bill.

    e.    **Printing/Desktop Publishing** — CIBC charges clients for outsourced desktop publishing costs and printing charges associated with the production of presentations and similar materials. The charge to the client is actual cost, without a premium.

    f.    **Hotel** — CIBC charges clients for hotel costs incurred in connection with travel to meetings, due diligence, court hearings, etc. The charge to the client is actual cost, without a premium.

## V. Relief Requested

10. With this Sixth Quarterly Interim Application, CIBC requests that this Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred during the Interim Period.

11. Except for the Debtors' promise to pay compensation and reimbursement as allowed by the Court, and such compensation and reimbursement which has been or may be paid pursuant to the Procedures, CIBC has received no payment and no promise for payment from any source for services rendered, or to be rendered, in any capacity whatsoever in connection with this case.

12. Pursuant to Rule 2016(b) of the Federal Rules of Bankruptcy Procedure, CIBC has not shared and has not agreed to share (a) any compensation it has received or may receive with another party or person, or (b) any compensation another person or party has received or may receive in connection with this case.

WHEREFORE, for all these reasons, CIBC respectfully requests that the Court allow CIBC the sum of $150,000.00 in fees and expenses of $4,466.13 for a total compensation of

$154,466.13 for the period July 1, 2005 through September 30, 2005, that such sums be authorized for payment, and that the Court grant such other and further relief as is just and proper.

Dated: November 10, 2005

                          Respectfully submitted,

                          CIBC WORLD MARKETS CORP.

                          By: _____

                          Joseph J. Radecki, Jr.
                          300 Madison Avenue
                          New York, New York 10017
                          (212) 885-4744
                          Financial Advisor to Davis T. Austern
                          Future Claimants' Representative