# EXHIBIT A

| Date | Hours | Category | Description |
|---|---|---|---|
| 7/1/2005 | 3.3 | Financial analysis | Various financial and competitor analysis |
| 7/5/2005 | 2.3 | Business operations | Review pension motion and related items |
| 7/5/2005 | 2.0 | Business operations | Review pension motion and related items |
| 7/5/2005 | 1.5 | Financial analysis | Financial analysis, various |
| 7/6/2005 | 1.8 | Business operations | Review pension motion |
| 7/6/2005 | 2.3 | Business operations | Review pension motion and related items |
| 7/7/2005 | 1.3 | Business operations | Review of brief on exclusivity |
| 7/7/2005 | 1.0 | Business operations | Review of Debtors' Business Brief regarding exclusivity |
| 7/7/2005 | 2.0 | Business operations | Review pension motion and related items |
| 7/7/2005 | 4.0 | Business operations | Additional financial analysis; review pension motion and related items |
| 7/8/2005 | 2.0 | Develop filing | Work on affidavit for FCR's reply to debtors' business brief concerning exclusivity |
| 7/8/2005 | 2.0 | Develop filing | Review / draft affidavit for FCR's reply to Debtors' business brief regarding exclusivity |
| 7/8/2005 | 3.0 | Business operations | Review of Debtors' Business Brief regarding exclusivity |
| 7/8/2005 | 2.5 | Business operations | Read Company brief on exclusivity |
| 7/10/2005 | 2.0 | Develop filing | Review / draft affidavit for FCR's reply to Debtors' business brief regarding exclusivity |
| 7/11/2005 | 3.0 | Develop filing | Work on affidavit for FCR's reply to debtors' business brief concerning exclusivity; CIBC meeting re same |
| 7/11/2005 | 8.0 | Develop filing | Review / draft affidavit for FCR's reply to Debtors' business brief regarding exclusivity; internal meetings re same |
| 7/11/2005 | 5.0 | Develop filing | Review Company brief on exclusivity; related analysis for reply brief; CIBC team meetings |
| 7/12/2005 | 3.8 | Develop filing | Read PI & PD briefs re: exclusivity issues; Work on affidavit for FCR's reply to debtors' business brief concerning exclusivity |
| 7/12/2005 | 3.8 | Develop filing | Review / draft affidavit for FCR's reply to Debtors' business brief regarding exclusivity; Review of PD and PI Business Briefs regarding exclusivity; review Gamma motion |
| 7/12/2005 | 5.8 | Develop Filing | Analysis related to affidavit for FCR's reply to Debtors' business brief regarding exclusivity; CIBC discussions re: same topic |
| 7/12/2005 | 5.0 | Develop filing | Related analysis for reply brief |
| 7/13/2005 | 2.0 | Business operations | Review 'Gamma' Motion and related internal analysis |
| 7/13/2005 | 2.0 | Business operations | Review Gamma Motion and related analysis |
| 7/13/2005 | 2.8 | Business operations | Analysis for Gamma motion |
| 7/13/2005 | 2.8 | Business operations | Gamma motion (and related financial analysis) |
| 7/14/2005 | 3.3 | Business operations | Draft memo re: Single Site acquisition; review related analysis |
| 7/14/2005 | 3.8 | Business operations | Draft memo regarding potential acquisition (Single Site Catalysts LLC); Review of state tax motion |
| 7/14/2005 | 4.3 | Business operations | Analysis re: memo on Single Site Catalysts acquisition. |
| 7/14/2005 | 5.3 | Business operations | Memo on Single Site Catalysts acquisition / analysis |
| 7/15/2005 | 1.0 | Business operations | Review of motion re: taxation |
| 7/15/2005 | 2.3 | Business operations | Review of state tax motion |
| 7/15/2005 | 1.3 | Financial analysis | Financial analysis, various |
| 7/18/2005 | 4.0 | Hearing attendance | Travel time to attend hearing |
| 7/18/2005 | 3.5 | Financial analysis | Various financial and competitor analysis |
| 7/18/2005 | 3.5 | Business operations | Review industry research and competitor analysis |
| 7/19/2005 | 10.0 | Hearing attendance | Hearing (including travel time) |
| 7/19/2005 | 4.0 | Hearing attendance | Hearing Attendance (by telephone) |
| 7/19/2005 | 0.8 | Business operations | Meeting with Hemphill re: industry information |
| 7/19/2005 | 6.3 | Business operations | Review industry research and competitor analysis; meeting with Chatterjee re: same |
| 7/20/2005 | 1.5 | Business operations | Review of various draft motions; also review second quarter financial information |
| 7/20/2005 | 1.5 | Business operations | Review various Debtors' motions re: Intercat /Owensboro / Marsh; review of Q2 financial release |
| 7/20/2005 | 1.0 | Business operations | Review quarterly financial results. Review of draft motions (Owensboro sale, Marsh settlement and Intercat Settlement); Review of Q2 financial release |
| 7/21/2005 | 3.0 | Business operations | Review of draft motions (Owensboro sale, Marsh settlement and Intercat Settlement); Review of Q2 financial release |
| 7/21/2005 | 3.3 | Business operations | Review of draft motions (Owensboro sale, Marsh settlement and Intercat Settlement) |
| 7/21/2005 | 3.0 | Business operations | Review of draft motions; analysis re: second quarter financial results |
| 7/22/2005 | 6.3 | Financial analysis | Various financial and competitor analysis |
| 7/22/2005 | 5.3 | Financial analysis | Analysis re: second quarter financial results |
| 7/25/2005 | 4.0 | Business operations | Review final motions regarding: employment of Pitney Hardin; Marsh Insurance, Intercat, Rising Sun lease, Gamma acquisition. |
| 7/25/2005 | 4.0 | Business operations | Review various final motions: Marsh Insurance, Rising Sun lease, Intercat settlement, Project Gamma acquisition; review final application to expand the scope of employment of Pitney Hardin. |
| 7/25/2005 | 4.0 | Business operations | Review final motions regarding: Marsh Insurance, Rising Sun lease, Intercat settlement, Project Gamma acquisition; employment of Pitney Hardin. |

| Date | Hours | Category | Description |
|---|---|---|---|
| 7/25/2005 | 3.0 | Business operations | Review final motions (Intercat Gamma, among others) |
| 7/26/2005 | 2.8 | Financial analysis | Financial analysis, various |
| 7/27/2005 | 0.8 | Financial analysis | Review financial analysis |
| 7/27/2005 | 1.0 | Financial analysis | Financial analysis, various |
| 7/29/2005 | 2.8 | Business operations | Review project Gamma purchase agreement |
| 7/29/2005 | 2.8 | Business operations | Review Gamma purchase document |
| 8/1/2005 | 1.5 | Business Operations | Review of Single Site information |
| 8/1/2005 | 2.0 | Business Operations | Review of Single Site APS |
| 8/1/2005 | 1.8 | Business Operations | Analysis and review of Single Site information |
| 8/1/2005 | 2.0 | Business Operations | Research re: industry competition |
| 8/2/2005 | 2.0 | Business Operations | Review Debtors' court-filed monthly report |
| 8/2/2005 | 2.0 | Business Operations | Review Debtors' monthly operating report; related analysis |
| 8/2/2005 | 2.3 | Business Operations | Company monthly operating report published; review of same |
| 8/2/2005 | 2.5 | Business Operations | Company operating report review and analyze; research re: industry competition |
| 8/3/2005 | 2.8 | Business Operations | Review lease motion and Elcat bid information |
| 8/3/2005 | 3.8 | Business Operations | Review Q2 financial materials; Lease/Sale motion; Elcat bid review |
| 8/3/2005 | 2.0 | Business Operations | Review Q2 financial materials |
| 8/4/2005 | 3.3 | Business Operations | Industry and economic analysis |
| 8/4/2005 | 1.8 | Business Operations | Review Lease/Sale motion; Elcat bid review |
| 8/5/2005 | 1.8 | Business Operations | Various competitor analysis |
| 8/8/2005 | 1.5 | Financial Analysis/Review | Call with Grace management; review of SP business bid information |
| 8/8/2005 | 1.5 | Financial Analysis/Review | Review of Q2 Financial Briefing; Review of Alternative Bid for SP business / Call with Grace management |
| 8/8/2005 | 3.0 | Financial Analysis/Review | Review of second quarter financials; Conversation with Company management via telephone |
| 8/8/2005 | 1.5 | Business Operations | Review of Alternative Bid for SP business / Call with Grace management |
| 8/9/2005 | 1.0 | Financial Analysis/Review | Review of Q2 10-Q |
| 8/9/2005 | 1.5 | Financial Analysis/Review | Review of Q2 10-Q; internal discussions re: same |
| 8/10/2005 | 1.0 | Financial Analysis/Review | Review of second quarter 10-Q |
| 8/10/2005 | 2.3 | Financial Analysis/Review | 10-Q review and discuss internally; research re: industry |
| 8/12/2005 | 2.0 | Financial Analysis/Review | Various financial analysis |
| 8/15/2005 | 1.3 | Financial Analysis/Review | Various financial analysis; competitor analysis |
| 8/16/2005 | 2.0 | Financial Analysis/Review | Review financial analysis |
| 8/16/2005 | 2.3 | Financial Analysis/Review | Review financial analysis |
| 8/16/2005 | 3.8 | Financial Analysis/Review | Financial analysis; econ/industry research |
| 8/17/2005 | 1.0 | Financial Analysis/Review | CIBC discussions regarding financial analysis |
| 8/17/2005 | 2.0 | Financial Analysis/Review | Review financial analysis; internal meetings re: financial analysis |
| 8/17/2005 | 1.0 | Financial Analysis/Review | CIBC meetings re: financial analysis |
| 8/17/2005 | 1.0 | Financial Analysis/Review | Internal CIBC meetings re: financial results |
| 8/19/2005 | 1.3 | Financial Analysis/Review | Review financial analysis |
| 8/23/2005 | 1.8 | Financial Analysis/Review | Various financial analysis |
| 8/24/2005 | 2.3 | Financial Analysis/Review | Various financial analysis |
| 8/29/2005 | 6.0 | Hearing Attendance | Attendance for hearing (includes travel) |
| 8/29/2005 | 4.5 | Hearing Attendance | Attendance for hearing via telephone |
| 9/2/2005 | 1.5 | Financial Analysis/Review | Review Debtors' monthly operating report |
| 9/2/2005 | 3.0 | Financial Analysis/Review | Review court filed monthly operating report; financial analysis |
| 9/2/2005 | 1.5 | Financial Analysis/Review | Review Company's monthly report |
| 9/5/2005 | 1.5 | Financial Analysis/Review | Review Debtors' monthly operating report |
| 9/5/2005 | 2.0 | Financial Analysis/Review | Review of financial analysis |
| 9/5/2005 | 2.0 | Financial Analysis/Review | Financial analysis & research |
| 9/6/2005 | 0.8 | Financial Analysis/Review | Various financial and industry analysis |
| 9/7/2005 | 1.0 | Financial Analysis/Review | Various financial and industry analysis |
| 9/8/2005 | 0.8 | Financial Analysis/Review | Various financial and industry analysis |
| 9/9/2005 | 2.3 | Financial Analysis/Review | Various financial and industry analysis |
| 9/12/2005 | 1.0 | Business Operations | Review Lycra project information items |
| 9/12/2005 | 1.8 | Business Operations | Review of Project Lycra |
| 9/12/2005 | 2.0 | Business Operations | Project Lycra information review |
| 9/12/2005 | 2.0 | Business Operations | Review information on "Lycra" deal |
| 9/13/2005 | 3.0 | Financial Analysis/Review | Various financial and industry analysis |
| 9/14/2005 | 1.0 | Business Operations | Conference call re: Project Lycra; internal discussion re: same |
| 9/14/2005 | 1.0 | Business Operations | Conference call re: Project Lycra; CIBC discussion re: same |
| 9/14/2005 | 0.5 | Business Operations | Conference call re: Project Lycra |
| 9/14/2005 | 0.8 | Financial Analysis/Review | Various financial and industry analysis |
| 9/15/2005 | 1.0 | Financial Analysis/Review | Review of financial analysis |
| 9/15/2005 | 0.5 | Business Operations | Further review of Project Lycra |
| 9/15/2005 | 3.0 | Financial Analysis/Review | Complete financial analysis; review industry research/trends; CIBC discussions re: same |
| 9/15/2005 | 1.0 | Business Operations | CIBC conversations re: industry and various analysis |

| Date | Hours | Category | Description |
|---|---|---|---|
| 9/16/2005 | 1.3 | Financial Analysis/Review | Review of financial analysis |
| 9/19/2005 | 2.3 | Business Operations | Review industry research and analysis |
| 9/20/2005 | 2.0 | Financial Analysis/Review | Review of Rohm & Haas Company SEC filings |
| 9/20/2005 | 2.0 | Financial Analysis/Review | Industry and competitor research (Rohm & Haas Co. business update filing) |
| 9/20/2005 | 2.0 | Financial Analysis/Review | Review Rohm & Haas Co. business update filing |
| 9/21/2005 | 2.8 | Financial Analysis/Review | Financial analysis of industry/competitors |
| 9/21/2005 | 2.0 | Financial Analysis/Review | Review Rohm & Haas Co. business update filing |
| 9/22/2005 | 1.3 | Financial Analysis/Review | Review industry research and analysis |
| 9/22/2005 | 1.8 | Financial Analysis/Review | Financial analysis of industry/competitors |
| 9/22/2005 | 1.8 | Financial Analysis/Review | Financial analysis of industry/competitors |
| 9/23/2005 | 1.0 | Financial Analysis/Review | Financial analysis of industry/competitors |
| 9/26/2005 | 5.0 | Hearing Attendance | Attended hearing (includes travel time) |
| 9/26/2005 | 2.0 | Hearing Attendance | Hearing attendance |
| 9/27/2005 | 1.0 | Financial Analysis/Review | Various financial and industry analysis |
| 9/28/2005 | 0.8 | Financial Analysis/Review | Internal meeting re: industry analysis, etc. |
| 9/28/2005 | 0.8 | Business Operations | CIBC discussion regarding industry/competitors |
| 9/28/2005 | 0.8 | Business Operations | CIBC meeting re: industry factors |
| 9/30/2005 | 2.0 | Financial Analysis/Review | Review H.B. Fuller Co. 10-Q and SEC filing of Valspar Company |
| 9/30/2005 | 3.0 | Financial Analysis/Review | Industry and competitor research (Review S-4 of Valspar Corp and H.B. Fuller Co. 10-Q) |
| 9/30/2005 | 4.5 | Financial Analysis/Review | Review SEC filing of Valspar and H.B. Fuller quarterly results |
| 9/30/2005 | 2.8 | Financial Analysis/Review | Review Valspar information; other competitive analysis |

# EXHIBIT B

### W.R. Grace & Co.
### CIBC Expense Detail Report (July 1, 2005 – September 30, 2005)
### (with date expense was posted)

Meals
| | | |
|---|---|---|
| Joe Radecki | 07/08/05 | 24.10 |
| Joe Radecki (with other financial advisor) | 07/08/05 | 81.02 |
| Joe Radecki | 07/19/05 | 10.50 |
| Joe Radecki | 07/19/05 | 6.12 |
| Joe Radecki (with counsel) | 07/19/05 | 111.25 |
| Joe Radecki | 07/25/05 | <u>26.31</u> |
| Subtotal Meals: | | $259.30 |

Air fare
| | | |
|---|---|---|
| Joe Radecki | 07/08/05 | 421.90 |
| Joe Radecki | 07/19/05 | 105.47 |
| Joe Radecki | 07/19/05 | 128.00 |
| Joe Radecki | 07/25/05 | <u>984.90</u> |
| Subtotal Air fare: | | $1,640.27 |

Hotel
| | | |
|---|---|---|
| Joe Radecki | 07/08/05 | 296.56 |
| Joe Radecki | 07/19/05 | 71.27 |
| Joe Radecki | 07/25/05 | <u>215.46</u> |
| Subtotal Hotel: | | $583.29 |

Transportation (taxis while traveling, parking charges)
| | | |
|---|---|---|
| Joe Radecki | 07/08/05 | 41.00 |
| Joe Radecki | 07/19/05 | 47.55 |
| Joe Radecki | 07/19/05 | 14.00 |
| Joe Radecki | 07/19/05 | 6.00 |
| Joe Radecki | 07/25/05 | 85.00 |
| Joe Radecki | 07/25/05 | <u>48.00</u> |
| Subtotal Transportation: | | $241.55 |

Telephone
| | | |
|---|---|---|
| Joe Radecki | 07/08/05 | 34.06 |
| Joe Radecki | 07/19/05 | 2.25 |
| Joe Radecki | 07/19/05 | 112.13 |
| Joe Radecki | 08/24/05 | 27.86 |
| Joe Radecki | 08/24/05 | <u>4.87</u> |
| Subtotal Telephone: | | $181.17 |

| Research | | |
|---|---|---|
| Standard & Poor's MMS | 07/05/05 | 72.10 |
| Standard & Poor's MMS | 07/06/05 | 186.56 |
| Various Research | 07/06/05 | 20.69 |
| Pacer Service Center | 08/03/05 | 129.63 |
| Thomson Financial | 08/08/05 | 590.98 |
| Subtotal Research: | | $999.96 |

| Printing & Production | | |
|---|---|---|
| Word Processing/Other | 07/02/05 | 327.22 |
| Word Processing/Other | 08/02/05 | 233.37 |
| Subtotal Printing & Production: | | $560.59 |
| | TOTAL EXPENSES: | **$4,466.13** |

# EXHIBIT C

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:                                  )
                                        )   Chapter 11
W.R. GRACE & CO., et al.                )   Case No. 01-01139 (JKF)
                                        )   (Jointly Administered)
                                        )   Ref. Docket Nos 5833, 5950, 5979,
            Debtors.                    )                    5981 & 6208
                                        )   9/27/04 agendas

### ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF CIBC WORLD MARKETS CORP. AS FINANCIAL ADVISOR TO DAVID T. AUSTERN, FUTURE CLAIMANTS' REPRESENTATIVE

Upon the application (the "Application") of David T. Austern, Future Claimants' Representative ("Future Claimants' Representative") in the above-captioned chapter 11 cases of W.R. Grace & Co. and its affiliates (collectively, the "Debtors"), seeking entry of an Order under section 1103(a) of the Bankruptcy Code authorizing the Future Claimants' Representative to employ and retain CIBC World Markets Corp. ("CIBC") as his financial advisor; and the Court having reviewed the Application and the accompanying Declaration of Joseph J. Radecki, Jr. (the "Radecki Declaration"), a Managing Director of CIBC; and the Court being satisfied from the Radecki Declaration that CIBC neither holds nor represents any interest adverse to the Future Claimants' Representative on the matters upon which CIBC is to be engaged; and it appearing that the relief requested is in the best interests of the Future Claimants' Representative and the Debtors' estates, their creditors and other parties-in-interest; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 158(a); and it appearing that notice of the Application was good and sufficient under the particular circumstances and that no other or further notice need be given and upon the record herein; and it further appearing that the terms and conditions of CIBC's employment as further described in the Application and the Radecki Declaration are reasonable and necessary; it is hereby

ORDERED, ADJUDGED AND DECREED THAT:

1. The Application be, and it hereby is, approved;

2. Pursuant to section 1103(a) of the Bankruptcy Code and the May 24, 2004 Order appointing David T Austern as the Future Claimants' Representative [Docket No. 5645], the Future Claimants' Representative be, and he hereby is, authorized to employ and retain CIBC as financial advisor effective as of June 4, 2004, upon the terms, and to perform the services, set forth in the Application and the Radecki Declaration, so long as David T. Austern serves as the legal representative for individuals who may assert asbestos-related claims and/or demands in the future against the Debtors;

3. The indemnification provisions set forth in the engagement letter between the Future Claimants' Representative and CIBC, attached to the Radecki Declaration as Exhibit 1, including Annex A thereto (the "Engagement Agreement"), are incorporated by reference and are hereby approved;

4. CIBC shall be compensated in accordance with the terms of the Engagement Agreement and section 328(a) of the Bankruptcy Code, subject to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and as may be fixed by order of this Court, including the Administrative Compensation Order(s) entered in these cases; and

5. The fees and expenses of CIBC allowed by the Court shall be an administrative expenses of the Debtors' estates.

Dated: 9/V/, 2004

_____
The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

2

91561180v1

# EXHIBIT D

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:  ) Chapter 11
 ) Case No. 01-1139 (JKF)
W.R. GRACE & CO., et al.,  ) (Jointly Administered)
 )
          Debtors.  ) RE 7613
 ) 2/28/05 Agenda Item 5

### ORDER AUTHORIZING DAVID T. AUSTERN, THE FUTURE CLAIMANTS' REPRESENTATIVE, TO EXTEND TERMS OF EMPLOYMENT OF CIBC WORLD MARKETS CORP. AS FINANCIAL ADVISOR

Upon the supplemental application (the "Supplemental Application") of David T. Austern, Future Claimants' Representative (the "Future Claimants' Representative") in the above-captioned chapter 11 cases of W.R. Grace and its affiliates (collectively, the "Debtors"), seeking entry of an Order under Section 1103(a) of the Bankruptcy Code authorizing the Future Claimants' Representative to extend the terms of employment of CIBC World Markets Corp ("CIBC") as his financial advisor; and the Court having reviewed the Supplemental Application; and the Court being satisfied that CIBC neither holds nor represents any interest adverse to the Future Claimants' Representative on the matters upon which CIBC is to be engaged; and it appearing that the relief requested is in the best interests of the Future Claimants' Representative and the Debtors' estates, their creditors and other parties-in-interest; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 158(a); and it appearing that notice of the Supplemental Application was good and sufficient under the particular circumstances and that no other or further notice need be given and upon the record herein; and it further appearing that the terms and conditions of CIBC's continued employment, as further described in the Supplemental Application, are reasonable and necessary; it is hereby

ORDERED, ADJUDGED AND DECREED THAT:

1   The Supplemental Application be, and it hereby is, approved;

2.   Pursuant to Section 1103(a) of the Bankruptcy Code and the May 24, 2004 Order appointing David T Austern as the Future Claimants' Representative [Doc. No. 5645], the Future Claimants' Representative be, and he hereby is, authorized to extend the terms of employment of CIBC as his financial advisor effective as of December 1, 2004, upon the terms, and to perform the services, set forth in the Supplemental Application, so long as David T. Austern serves as the legal representative for individuals who may assert asbestos-related claims and/or demands in the future against the Debtors;

3.   CIBC shall be compensated in accordance with the terms of the engagement agreement between the Future Claimants' Representative and CIBC, attached to the Supplemental Application as Exhibit 1, and as modified by the supplemental engagement agreement between the Future Claimants' Representative and CIBC, attached to the Supplemental Application as Exhibit 2, and Section 328(a) of the Bankruptcy Code, subject to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and as may be fixed by order of this Court, including the Administrative Compensation Order(s) entered in these cases; and

4   The fees and expenses of CIBC allowed by the Court shall be administrative expenses of the Debtors' estates.

Dated: March 14, 2005

*Judith K. Fitzgerald* /reb
The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

# EXHIBIT E

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>W.R. GRACE & CO., et al.,<br><br>Debtors. | ) Chapter 11<br>) Case No. 01-1139 (JKF)<br>) (Jointly Administered)<br>)<br>) RE DN 8481<br>)  6/27/05 Agenda Item 2 |

### ORDER AUTHORIZING DAVID T. AUSTERN, FUTURE CLAIMANTS' REPRESENTATIVE, TO EXTEND TERMS OF EMPLOYMENT OF CIBC WORLD MARKETS CORP. AS FINANCIAL ADVISOR

Upon the second supplemental application (the "Second Supplemental Application") of David T. Austern, Future Claimants' Representative (the "Future Claimants' Representative") in the above-captioned chapter 11 cases of W.R. Grace and its affiliates (collectively, the "Debtors"), seeking entry of an Order under Section 1103(a) of the Bankruptcy Code authorizing the Future Claimants' Representative to extend the terms relating to the fee arrangement of CIBC World Markets Corp. ("CIBC") as his financial advisor effective as of June 1, 2005; and the Court having reviewed the Second Supplemental Application; and the Court being satisfied that CIBC neither holds nor represents any interest adverse to the Future Claimants' Representative on the matters upon which CIBC is to be engaged; and it appearing that the relief requested is in the best interests of the Future Claimants' Representative and the Debtors' estates, their creditors and other parties-in-interest; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 158(a); and it appearing that notice of the Second Supplemental Application was good and sufficient under the particular circumstances and that no other or further notice need be

given and upon the record herein; and it further appearing that the terms relating to the fee arrangement and conditions of CIBC's continued employment, as further described in the Second Supplemental Application, are reasonable and necessary; it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Second Supplemental Application be, and it hereby is, approved in all respects;

2. Pursuant to Section 1103(a) of the Bankruptcy Code and the May 24, 2004 Order appointing David T. Austern as the Future Claimants' Representative [Doc. No. 5645], the Future Claimants' Representative be, and he hereby is, authorized to extend the terms relating to the fee arrangement with CIBC as his financial advisor effective as of June 1, 2005 for an additional one (1) year period through and including June 1, 2006, for the purpose of providing services as set forth in the Second Supplemental Application, so long as David T. Austern serves as the legal representative for individuals who may assert asbestos-related claims and/or demands in the future against the Debtors;

3. The terms of the Second Supplement Engagement Agreement be, and hereby are, approved in all respects;

4. CIBC shall be compensated in accordance with the terms of the Engagement Agreement, First Supplemental Engagement Agreement, and the Second Supplemental Engagement Agreement between the Future Claimants' Representative and CIBC, and Section 328(a) of the Bankruptcy Code, subject to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and as may be fixed by order of this Court, including the Administrative Compensation Order entered in these cases;

5. The Monthly Fees paid to CIBC pursuant to the terms of the Engagement Agreement, as modified by the First Supplemental Engagement Agreement, and as further modified by the Second Supplemental Engagement Agreement shall be subject to the standard review provided in Section 328(a) of the Bankruptcy Code, and are not subject to any other standard of review under Section 330 of the Bankruptcy Code or otherwise, provided, however, that the Future Claimants' Representative shall, on a monthly basis, review the time records of CIBC and confer with CIBC whether any adjustment shall be made in the Monthly Fees provided in the Second Supplemental Engagement Agreement based on CIBC's activity level for such month;

6. The fees and expenses of CIBC allowed by the Court shall be administrative expenses of the Debtors' estates;

7. Neither the Future Claimants' Representative nor any of his advisors or counsel shall be liable for the fees payable to CIBC under the Second Supplemental Engagement Agreement; and

8. This Court shall retain exclusive jurisdiction to construe and enforce the terms of the Second Supplemental Engagement Agreement, and this Order.

9. Nothing in this order authorizes, approves or affects liability for transfers that are or may be avoidable under 11 U.S.C. §§ 544-550 inclusive.

Dated: June 27, 2005

*Judith K. Fitzgerald* /reb
The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge