# EXHIBIT 1

## IN THE UNITED STATES BANKRUPTCY COURT

### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Re: Docket No. 9315 and 10/24/05 Agenda Item |
| | ) | No. 14 |

### FIRST ORDER GRANTING RELIEF SOUGHT IN DEBTORS' FIFTEENTH OMNIBUS OBJECTION TO CLAIMS (SUBSTANTIVE)

Upon the Fifteenth Omnibus Objection to Claims (the "Fifteenth Omnibus Objection")[2]

filed by the above captioned debtors and debtors in possession (the "Debtors"), seeking entry of

an order expunging and disallowing certain Claims; and no previous application having been

made; and upon consideration of the matters set forth herein; and due and proper notice of the

Fifteenth Omnibus Objection having been given, it is hereby

ORDERED that pursuant to the agreement of the claimant as outlined on Exhibit 1 hereto

and further discussions of the parties, the Objections to the Claims of the County of Fresno,

identified as Claim Nos. 11265, 11266, 11267, 11268, 11269, 11270, 11271, 11272, 11273,

11274, 11275 and 14398 are hereby Sustained and the Claims are hereby disallowed and

---

[1]     The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2]     Capitalized terms used but not defined herein are as defined in the Fifteenth Omnibus Objection.

expunged, with each party to bear its own fees, costs and/or expenses, including attorneys fees; and it is further

ORDERED that that the Objections to Claims listed on Exhibit A-1 to this Order, which claims relate to Zonolite Attic Insulation or similar products ("ZAI") are hereby withdrawn and the claims are reclassified as ZAI Claims as outlined on the Stipulations attached hereto as Exhibits A-2 and A-3. This withdrawal is without prejudice and the Debtors retain their right to object to the claims listed on Exhibit A-1 on any grounds in the future, upon proper notice and consistent with applicable law. The Debtors also retain the right to require the claimants listed on Exhibit A-1 to re-file their ZAI Claims on specialized ZAI Proof of Claim Forms in the event the Court so orders such specialized claim form; and it is further

ORDERED that the Objections to the claims of American Premier Underwriters ("American"), identified as Claim Nos. 10585 and 10586 are hereby withdrawn and the claims are reclassified as environmental unsecured claims, as outlined on the Stipulation attached hereto as Exhibit B. This withdrawal and reclassification is without prejudice and the Debtors have the right to object to the claims of American on any grounds in the future upon proper notice and consistent with applicable law. Further, Claim Nos. 10586, 11305 and 11306, all filed by American, shall be consolidated into Claim No. 10585 and Claims Nos. 10586, 11305 and 11306 shall be disallowed and expunged and Claim No. 10585 shall be the surviving Claim. Notwithstanding any other provisions herein or in the attached Exhibit B, to the extent that the Debtors' Plan, as defined in Exhibit B or any other plan or plans of reorganization confirmed in these chapter 11 cases do (does) not provide for the substantive consolidation of the Bankruptcy Cases (for purposed of distribution on account of allowed claims), Claim Nos. 10586, 11305 and 11306 shall be reinstated, as appropriate and American shall be entitled to pursue such claims; and it is further

2

ORDERED that the Objections to the claim of Los Angeles County Metropolitan Transportation Authority ("LAMTA"), identified as Claim No. 2087 are hereby withdrawn and the claim is reclassified as an environmental unsecured claim, as outlined on the Stipulation attached hereto as Exhibit C. This withdrawal and reclassification is without prejudice and the Debtors have the right to object to the claim of LAMTA on any grounds in the future upon proper notice and consistent with applicable law; and it is further

ORDERED that the Objections to the claim of Minnesota Pollution Control Agency ("MPCA"), identified as Claim No. 9648 are hereby withdrawn and the claim is reclassified as an environmental unsecured claim, as outlined on the Stipulation attached hereto as Exhibit D. This withdrawal and reclassification is without prejudice and the Debtors have the right to object to the claim of MPCA on any grounds in the future upon proper notice and consistent with applicable law; and it is further

ORDERED that the Objections to the claims of National Railroad Passenger Corporation ("AMTRAK"), identified as Claim Nos. 11320 and 11321 are hereby withdrawn and the claims are reclassified as environmental unsecured claims, as outlined on the Stipulation attached hereto as Exhibit E. This withdrawal and reclassification is without prejudice and the Debtors have the right to object to the claims of AMTRAK on any grounds in the future upon proper notice and consistent with applicable law. Further, Claim No. 11321 shall be consolidated into Claim No. 11320 and Claim No. 11321 shall be disallowed and expunged and Claim No. 11320 shall be the surviving Claim. Notwithstanding any other provisions herein or in the attached Exhibit E, to the extent that the Debtors' Plan, as defined in Exhibit E or any other plan or plans of reorganization confirmed in these chapter 11 cases do (does) not provide for the substantive consolidation of the Bankruptcy Cases (for purposed of distribution on account of allowed

3

claims), Claim No. 11321 shall be reinstated, as appropriate and AMTRAK shall be entitled to pursue such claim; and it is further

ORDERED that the Objections to the claim of Steeler, Inc.("Steeler"), identified as Claim No. 4697 are hereby withdrawn and the claim is reclassified as an environmental unsecured claim, as outlined on the Stipulation attached hereto as Exhibit F. This withdrawal and reclassification is without prejudice and the Debtors have the right to object to the claim of Steeler on any grounds in the future upon proper notice and consistent with applicable law. ; and it is further

ORDERED that the claims of Tyco Healthcare Group LP ("Tyco"), identified as Claim Nos. 12788 and 12790 are hereby withdrawn as outlined on the Stipulation attached hereto as Exhibit G, Tyco reserves its rights to pursue Claims Nos. 12787 and 12789 which were also filed by Tyco, as environmental unsecured claim, and withdrawal of Claims Nos. 12788 and 12790 shall not prejudice Tyco's rights to seek recovery under claims 12787 and 12789, including with respect to asbestos. The Debtors reserve their rights to object to claims 12787 and 12789 on any grounds upon proper notice and consistent with applicable law; and it is further

ORDERED     that the Objections to the claim of Southern Wesleyan University ("Wesleyan"), identified as Claim No. 7019 are hereby withdrawn as outlined on the Stipulation attached hereto as Exhibit H. This withdrawal is without prejudice and the Debtors have the right to object to the claim of Wesleyan on any grounds in the future upon proper notice and consistent with applicable law; and it is further

ORDERED     that Claimants, City of Cambridge (Claim Nos. 4721 and 4723), Massachusetts Bay Transportation Authority (Claim No. 9694) and Perini Corporation (Claim No. 4705) shall have an additional 30 days, until November 24, 2005, to respond to the 15th Omnibus Objection; and it is further

4

ORDERED that the Objection to any Claim set forth in the Fifteenth Omnibus Objection that has not been adjudicated by this Order shall be continued to the November 14, 2005 omnibus hearing; and it is further

ORDERED that the rights of the Debtors to object to any Claim listed on any exhibit to this Order for any reason are expressly preserved, except as provided for herein; and it is further

ORDERED that, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, made applicable in the contested matter by Rules 7054 and 9014 of the Federal Rules of Bankruptcy Procedure, the Court hereby directs entry of a final judgment with respect to the claims objections as to which relief is entered by this Order, the Court having determined that there is no just reason for delay in the entry of judgment on these matters; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: November 10, 2005

_____
Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

5

K&E 10706462.5

**<u>EXHIBIT 1</u>**

**RICHARD H. CHASEN**
**ATTORNEY AT LAW**
425 California Street
Suite 2100
San Francisco, CA 94104

Tel. 415-433-3200

August 23, 2005

To the Honorable Judith K. Fitzgerald
United States Bankruptcy Judge
United States Bankruptcy Court
For the District of Delaware

824 Market Street, 3rd Floor
Wilmington, Delaware 19801

> **Re: W&R GRACE & CO., et al.**
> **Debtors, Case No. 01-01139(JKF)**
> **(Jointly Administration)**

Dear Judge Fitzgerald:

On behalf of the Creditor, County of Fresno ("County"), I have been authorized to withdraw all twelve Asbestos Property Bankruptcy Claims, dated 3-31-2003 and amendments thereto. (Attached is a Chart describing the claims.) The twelve claims were acknowledged by W&R Grace & Co., et al, through the claims administrator.

The withdrawal is subject to Debtor and County's mutual agreement that each party shall bear its own fees, costs and/or expenses, in the proceeding, including attorneys' fees, incurred by either party. If the Debtor is amenable to the agreement, County requests that the Debtor prepare and send a Notice of no opposition to the withdrawal, to the County.

Thank you in advance for your assistance in this matter.

Sincerely yours,

Richard H. Chasen
Attorney for the County of Fresno

cc: Janet Baer

## CHART

### W.R. GRACE CO., et al. Bankruptcy
### Claim Acknowledgement

| Type Code | Claim Number | Receipt Date | Claimant Name | Attorney Name |
|---|---|---|---|---|
| PD | 00014398 | 3-31-2003 | County Of Fresno | Richard H Chasen |
| PD | 00011265 | 3-31-2003 | County Of Fresno | Richard H Chasen |
| PD | 00011266 | 3-31-2003 | County Of Fresno | Richard H Chasen |
| PD | 00011267 | 3-31-2003 | County Of Fresno | Richard H Chasen |
| PD | 00011268 | 3-31-2003 | County Of Fresno | Richard H Chasen |
| PD | 00011269 | 3-31-2003 | County Of Fresno | Richard H Chasen |
| PD | 00011270 | 3-31-2003 | County Of Fresno | Richard H Chasen |
| PD | 00011271 | 3-31-2003 | County Of Fresno | Richard H Chasen |
| PD | 00011272 | 3-31-2003 | County Of Fresno | Richard H Chasen |
| PD | 00011273 | 3-31-2003 | County Of Fresno | Richard H Chasen |
| PD | 00011274 | 3-31-2003 | County Of Fresno | Richard H Chasen |
| PD | 00011275 | 3-31-2003 | County Of Fresno | Richard H Chasen |

**EXHIBIT A-1**

## Exhibit A-1

Claims relating to Zonolite Attic Insulation and similar products.

| Claim No. | Claimant Name | Relief Requested |
|-----------|---------------|------------------|
| 1726 | Baloga | Withdraw Objection without prejudice. Reclassify as ZAI Claim. All rights reserved. |
| 2971 | Becker, William | Withdraw Objection without prejudice. Reclassify as ZAI Claim. All rights reserved. |
| 2972 | Becker, William | Withdraw Objection without prejudice. Reclassify as ZAI Claim. All rights reserved. |
| 3893 | Beltz, Alan | Withdraw Objection without prejudice. Reclassify as ZAI Claim. All rights reserved. |
| 3891 | Beltz, Carol | Withdraw Objection without prejudice. Reclassify as ZAI Claim. All rights reserved. |
| 5154 | Bernum Homer | Withdraw Objection without prejudice. Reclassify as ZAI Claim. All rights reserved. |
| 2128 | Campeau, Thomas Francis | Withdraw Objection without prejudice. Reclassify as ZAI Claim. All rights reserved. |
| 12749 | Grunert | Withdraw Objection without prejudice. Reclassify as ZAI Claim. All rights reserved. |
| 5992 | Killian | Withdraw Objection without prejudice. Reclassify as ZAI Claim. All rights reserved. |
| 15343 | Koski, Eino and Aili | Withdraw Objection without prejudice. Reclassify as ZAI Claim. All rights reserved. |
| 15344 | Kwas, Daniel | Withdraw Objection without prejudice. Reclassify as ZAI Claim. All rights reserved. |
| 3300 | Martin | Withdraw Objection without prejudice. Reclassify as ZAI Claim. All rights reserved. |
| 3404 | McChristian | Withdraw Objection without prejudice. Reclassify as ZAI Claim. All rights reserved. |
| 10555 | Miles | Withdraw Objection without prejudice. Reclassify as ZAI Claim. All rights reserved. |
| 13908 | Nolan, Shawn and Amy | Withdraw Objection without prejudice. Reclassify as ZAI Claim. All rights reserved. |
| 5149 | Nowak, Robert | Withdraw Objection without prejudice. Reclassify as ZAI Claim. All rights reserved. |
| 5580 | Russ, Clarke | Withdraw Objection without prejudice. Reclassify as ZAI Claim. All rights reserved. |
| 2560 | Taylor, Eddie | Withdraw Objection without prejudice. Reclassify as ZAI Claim. All rights reserved. |
| 13907 | Wilkinson, Jay* | Withdraw Objection without prejudice. Reclassify as ZAI Claim. All rights reserved. |

---

* The parties acknowledge that this claim is a Masonry Fill claim, not a ZAI claim. However, the Debtor intend to address Masonry Fill claims in the same manner as ZAI claims and not to include such claims in the current traditional asbestos property damage claims objections.

| 15345 | Worden, Gladwin | Withdraw Objection without prejudice. Reclassify as ZAI Claim.  All rights reserved. |

2

**EXHIBIT A-2**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JJF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

### STIPULATION CONCERNING WITHDRAWAL OF OBJECTION AND RECLASSIFICATION OF CERTAIN CLAIMS

This stipulation is entered into this 17th day of October, 2005, between W.R. Grace & Co.

and its affiliates (collectively, the "Debtors") and Darrell W. Scott, counsel for the claimants

identified herein ("Claimants").

    1.    On April 22, 2002, this Court issued its Bar Date Order which established March

31, 2003 as the Bar Date for the filing of certain pre-petition (a) non-asbestos, (b) asbestos

property damage and (c) medical monitoring claims. A bar date has not been set at this time for

asbestos personal injury claims and claims related to Zonolite Attic Insulation ("ZAI Claims").

---

[1]  The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

KAE [ON&G&J]

2.    The Claimants have filed the following proofs of claim against the Debtors:

| Claim Number | Claimant Name |
| --- | --- |
| 2971 | William Becker |
| 2972 | William Becker |
| 3893 | Alan Beltz |
| 3891 | Carol Beltz |
| 15343 | Eino and Aili Koski |
| 15344 | Daniel Kwas |
| 13908 | Shawn and Amy Nolan |
| 5149 | Robert Nowak |
| 5580 | Clarke Russ |
| 2560 | Eddie Taylor |
| 13907 | Jay Wilkinson* |
| 15345 | Gladwin Worden |

3.    On September 1, 2005, the Debtors filed their Fourteenth Omnibus Objection to Claims (Non-Substantive) (the "14ᵗʰ Omnibus Objection") and their Fifteenth Omnibus Objection to Claims ("15ᵗʰ Omnibus Objection") in which the Debtors sought to disallow and expunge the claims set forth above on various grounds (hereafter referred to as the "Listed Claims").

4.    The Debtors have discovered that although most of the Listed Claims were filed on asbestos property damage claim forms, the claims are not traditional asbestos property damage claims, but instead are ZAI Claims.

5.    As a result, the Debtors have agreed to withdraw the objections to the Listed Claims set forth in the 14ᵗʰ and 15ᵗʰ Omnibus Objections and reclassify the Listed Claims as ZAI

---

*    The parties acknowledge that this claim is a Masonry Fill claim, not a ZAI claim. However, the Debtor intend to address Masonry Fill claims in the same manner as ZAI claims and not to include such claims in the current traditional asbestos property damage claims objections.

2

Claims. However, this withdrawal is without prejudice and the Debtors reserve the right to object to the Listed Claims on any grounds in the future upon proper notice and consistent with applicable law. The Debtors also reserve the right to require the Claimants to file their ZAI Claims on specialized ZAI Proof of Claim Forms in the event the Court so orders such specialized claim form.

      6.     The Debtors will include the withdrawal of the Listed Claims and reservation of rights outlined herein in the proposed orders relating to the 14th and 15th Omnibus Objections presented to the Court at the October 24, 2005 omnibus hearing.

      7.     Each party executing this Stipulation represents that such party has the full authority and legal power to do so. This Stipulation may be executed in counterparts and each such counterpart together with the others shall constitute one and the same instrument. The parties further agree that facsimile or e-mail signatures hereon shall be deemed to be original signatures. This Stipulation shall be binding upon and inure to the benefit of each of the parties, and upon their respective assignees, successors and/or partners.

      8.     This Stipulation constitutes the complete expression of the agreement of the parties hereto concerning the subject matter hereof, and no modification of or amendment to this Stipulation shall be valid unless it is in writing and signed by the party or parties to be charged.

      9.     The Bankruptcy Court shall retain jurisdiction to enforce this Stipulation and all matters relating hereto.

      10.    The Debtors shall direct the Claims Agent, Rust Consulting, Inc., to mark the Claims Register reflect that the Listed Claims are ZAI Claims.

3

STIPULATED AND AGREED:

By: _____

Darrell W. Scott
The Scott Law Group, A.S.
926 W. Sprague Ave.
Suite 583
Spokane, WA 99201
Telephone: (509) 455-3966
Facsimile: (509) 455-3906

*Attorney for the Claimants*

W. R. GRACE & CO., et al.

By: _____

One of their attorneys
KIRKLAND & ELLIS LLP
Michelle Browdy
Janet S. Baer
200 East Randolph Drive
Chicago, Illinois 60601-6636
Telephone: (312) 861-2000
Facsimile: (312) 861-2200.

-and-

PACHULSKI, STANG, ZIEHL, YOUNG,
JONES & WEINTRAUB P.C.

Laura Davis Jones (No. 2436)
James E. O'Neill (No. 4042)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: 302) 652-4100
Facsimile: (302) 652-4400

*Attorneys for Debtors
and Debtors-in Possession*

4

**EXHIBIT A-3**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JJF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

## STIPULATION CONCERNING WITHDRAWAL OF OBJECTION AND RECLASSIFICATION OF CERTAIN CLAIMS

This stipulation is entered into this 31st day of October, 2005, between W.R. Grace & Co.

and its affiliates (collectively, the "Debtors") and Darrell W. Scott on behalf of the claimants

identified herein ("Claimants").

1.    On April 22, 2002, this Court issued its Bar Date Order which established March

31, 2003 as the Bar Date for the filing of certain pre-petition (a) non-asbestos, (b) asbestos

property damage and (c) medical monitoring claims. A bar date has not been set at this time for

asbestos personal injury claims and claims related to Zonolite Attic Insulation ("ZAI Claims").

---

[1]    The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GBC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

2.    The Claimants have filed the following proofs of claim against the Debtors:

| Claim Number | Claimant Name |
|---|---|
| 1726 | Baloga |
| 5154 | Berrum Homer |
| 12749 | Grunert |
| 5992 | Killian |
| 3300 | Martin |
| 3404 | McChristian |
| 10555 | Miles |

3.    On September 1, 2005, the Debtors filed their Fifteenth Omnibus Objection to Claims ("15th Omnibus Objection") in which the Debtors sought to disallow and expunge the claims set forth above on various grounds (hereafter referred to as the "Listed Claims").

4.    The Debtors have discovered that although most of the Listed Claims were filed on Asbestos Property Damage Claim forms, the claims are not traditional asbestos property damage claims, but instead are ZAI Claims.

5.    As a result, the Debtors have agreed to withdraw the objections to the Listed Claims set forth in the 15th Omnibus Objections and reclassify the Listed Claims as ZAI Claims. However, this withdrawal is without prejudice and the Debtors reserve the right to object to the Listed Claims on any grounds in the future upon proper notice and consistent with applicable law. The Debtors also reserve the right to require the Claimants to file their ZAI Claims on specialized ZAI Proof of Claim Forms in the event the Court so orders such specialized claim form.

6.    The Debtors will include the withdrawal of the Listed Claims and reservation of rights outlined herein in the proposed order relating to the 15th Omnibus Objections presented to the Court at the October 24, 2005 omnibus hearing.

2

7.    Each party executing this Stipulation represents that such party has the full authority and legal power to do so. This Stipulation may be executed in counterparts and each such counterpart together with the others shall constitute one and the same instrument. The parties further agree that facsimile or e-mail signatures hereon shall be deemed to be original signatures. This Stipulation shall be binding upon and inure to the benefit of each of the parties, and upon their respective assignees, successors and/or partners.

8.    This Stipulation constitutes the complete expression of the agreement of the parties hereto concerning the subject matter hereof, and no modification of or amendment to this Stipulation shall be valid unless it is in writing and signed by the party or parties to be charged.

9.    The Bankruptcy Court shall retain jurisdiction to enforce this Stipulation and all matters relating hereto.

10.    The Debtors shall direct the Claims Agent, Rust Consulting, Inc., to mark the Claims Register reflect that the Listed Claims are ZAI Claims.

3

STIPULATED AND AGREED:

By: _____

Darrell W. Scott
The Scott Law Group, A.S.
926 W. Sprague Ave.
Suite 583
Spokane, WA 99201
Telephone: (509) 455-3966
Facsimile: (509) 455-3906

*Attorney for the Claimants*

W. R. GRACE & CO., et al.

By: _____

One of their attorneys
KIRKLAND & ELLIS LLP
Michelle Browdy
Janet S. Baer
200 East Randolph Drive
Chicago, Illinois 60601-6636
Telephone: (312) 861-2000
Facsimile: (312) 861-2200.

-and-

PACHULSKI, STANG, ZIEHL, YOUNG,
JONES & WEINTRAUB P.C.

Laura Davis Jones (No. 2436)
James E. O'Neill (No. 4042)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: 302) 652-4100
Facsimile: (302) 652-4400

*Attorneys for Debtors
and Debtors-in Possession*

4

## EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

In re:                                      )       Chapter 11
                                            )
W.R. GRACE & CO., et al.,[1]                )       Case No. 01-1139 (JJF)
                                            )       (Jointly Administered)
                                            )
            Debtors.                        )

### STIPULATION CONCERNING WITHDRAWAL OF OBJECTION, CONSOLIDATION AND RECLASSIFICATION CERTAIN CLAIMS

This stipulation is entered into this 21st day of October, 2005, between W.R. Grace & Co.

and its affiliates (collectively, the "Debtors") and American Premier Underwriters ("Claimant").

In consideration of the matters set forth herein and under the following terms and provisions, it is

hereby stipulated and agreed between the Claimant and the Debtors as follows:

1.      On April 22, 2002, this Court issued its Bar Date Order which established March

31, 2003 as the Bar Date for the filing of certain pre-petition (a) non-asbestos, (b) asbestos

property damage and (c) medical monitoring claims.

---

[1]  The Debtors consist of the following 62 entities:  W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., B&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

2.      The Claimant filed 4 Proofs of Claim against the Debtors:  Claim Nos. 10585, 10586, 11305 and 11306.

3.      On September 1, 2005, the Debtors filed their Fifteenth Omnibus Objection to Claims (the "15th Omnibus Objection") in which the Debtors sought to disallow and expunge Claim Nos. 10585 and 10586 (hereafter referred to as the "Listed Claims").

4.      The Debtors have discovered that although the Listed Claims were filed on Asbestos Property Damage Proof of Claim Forms, the claims are not traditional asbestos property damage claims but instead are environmental claims which under the proposed Debtors Amended Joint Plan of Reorganization ("Plan") dated January 13, 2005, are to be treated as environmental unsecured claims.

5.      As a result, the Debtors agree to withdraw the objections to the Listed Claims set forth in the 15th Omnibus Objection and reclassify those claims as environmental unsecured claims.  This withdrawal and reclassification, however, is without prejudice and the Debtors reserve their right to object to the Listed Claims on any grounds in the future upon proper notice and consistent with applicable law.

6.      Further, claims 10585, 10586, 11305 and 11306 are essentially identical but for the Debtor against which each claim is filed or the claim form on which each claim is filed. Pursuant to the Plan, the Debtors propose that as of the Effective Date (as that term is defined in the Plan), the Debtors shall be deemed consolidated under the Plan for Plan purposes.  Upon confirmation, each and every claim filed against any of the Debtors shall be deemed filed against the consolidated Debtors and shall be deemed one claim against and an obligation of the deemed consolidated Debtors.  As a result, the parties agree that Claim Nos. 10586, 11305 and 11306 shall be consolidated into Claim No. 10585 and Claim Nos. 10586, 11305 and 11306 shall be

2

disallowed and expunged from the Claims Register and Claim No. 10585 shall be the surviving Claim. Notwithstanding any other provisions herein, to the extent that the Plan or any other plan or plans of reorganization confirmed in these chapter 11 cases do (does) not provide for the substantive consolidation of the Bankruptcy Cases (for purposes of distribution on account of allowed claims), Claim Nos. 10586, 11305 and 11306 shall be reinstated, as appropriate and Claimant shall be entitled to pursue such claim.

7.      The Debtors will include the withdrawal of the Objections to the Listed Claims, disallowance of claims and reservation of rights outlined herein in the proposed order relating to the 15th Omnibus Objection presented to the Court at the October 24 hearing on the status of the 15th Omnibus Objection.

8.      Each party executing this Stipulation represents that such party has the full authority and legal power to do so. This Stipulation may be executed in counterparts and each such counterpart together with the others shall constitute one and the same instrument. The parties further agree that facsimile signatures hereon shall be deemed to be original signatures. This Stipulation shall be binding upon and inure to the benefit of each of the parties, and upon their respective assignees, successors and/or partners.

9.      This Stipulation constitutes the complete expression of the agreement of the parties hereto concerning the subject matter hereof, and no modification of or amendment to this Stipulation shall be valid unless it is in writing and signed by the party or parties to be charged.

10.     The Bankruptcy Court shall retain jurisdiction to enforce this Stipulation and all matters relating hereto.

11.     The Debtors shall direct the Claims Agent, Rust Consulting, Inc., to mark the Claims Register to reflect the matters set forth herein.

3

**STIPULATED AND AGREED:**

**AMERICAN PREMIER**
**UNDERWRITERS**

By: _____

One of its attorneys
**BLANK ROME LLP**
Benjamin G. Stonelake, Jr.
One Logan Square
Philadelphia, PA 19103
Telephone: (215) 569-5689
Stonelake@blankrom.com

**W. R. GRACE & CO., et al.**

By: _____

One of their attorneys

**KIRKLAND & ELLIS LLP**
Michelle Browdy
Janet S. Baer
200 East Randolph Drive
Chicago, Illinois 60601-6636
Telephone: (312) 861-2000
Facsimile: (312) 861-2200.

-and-

**PACHULSKI, STANG, ZIEHL, YOUNG,**
**JONES & WEINTRAUB P.C.**

Laura Davis Jones (DE I.D. No. 2436)
James O'Neill (
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

*Attorneys for Debtors*
*and Debtors-in Possession*

4

**EXHIBIT C**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JJF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

### STIPULATION CONCERNING WITHDRAWAL OF OBJECTION, CONSOLIDATION AND RECLASSIFICATION CERTAIN CLAIMS

This stipulation is entered into this 20ᵗʰ day of October, 2005, between W.R. Grace & Co. and its affiliates (collectively, the "Debtors") and Los Angeles County Metropolitan Transportation Authority ("Claimant"). In consideration of the matters set forth herein and under the following terms and provisions, it is hereby stipulated and agreed between the Claimant and the Debtors as follows:

---

[1]    The Debtors consist of the following 62 entities:  W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

KAB 10773522.1

1.    On April 22, 2002, this Court issued its Bar Date Order which established March 31, 2003 as the Bar Date for the filing of certain pre-petition (a) non-asbestos, (b) asbestos property damage and (c) medical monitoring claims.

2.    The Claimant filed a proof of claim against the Debtors identified as Claim No. 2087.

3.    On September 1, 2005, the Debtors filed their Fifteenth Omnibus Objection to Claims (the "15th Omnibus Objection") in which the Debtors sought to disallow and expunge Claim No. 2087.

4.    The Debtors have discovered that although Claim No. 2087 was filed on an Asbestos Property Damage Proof of Claim Form, the claim is not a traditional asbestos property damage claims but instead is an environmental claim which under the Debtors' proposed Chapter 11 Plan, dated January 13, 2005, is to be treated as an environmental unsecured claim.

5.    As a result, the Debtors agree to withdraw the objections to Claim No. 2087 set forth in the 15th Omnibus Objection and reclassify the claim as an environmental unsecured claim. This withdrawal and reclassification, however, is without prejudice and the Debtors reserve their right to object to the listed Claim on any grounds in the future upon proper notice and consistent with applicable law.

6.    The Debtors will include the withdrawal of the Objections to Claim No. 2087 and reservation of rights outlined herein in the proposed order relating to the 15th Omnibus Objection presented to the Court at the October 24, 2005 hearing on the status of the 15th Omnibus Objection.

7.    Each party executing this Stipulation represents that such party has the full authority and legal power to do so. This Stipulation may be executed in counterparts and each

2

such counterpart together with the others shall constitute one and the same instrument. The parties further agree that facsimile signatures hereon shall be deemed to be original signatures. This Stipulation shall be binding upon and inure to the benefit of each of the parties, and upon their respective assignees, successors and/or partners.

8.    This Stipulation constitutes the complete expression of the agreement of the parties hereto concerning the subject matter hereof, and no modification of or amendment to this Stipulation shall be valid unless it is in writing and signed by the party or parties to be charged.

9.    The Bankruptcy Court shall retain jurisdiction to enforce this Stipulation and all matters relating hereto.

10.   The Debtors shall direct the Claims Agent, Rust Consulting, Inc., to mark the Claims Register to reflect the matters set forth herein.

**STIPULATED AND AGREED:**

| | |
|---|---|
| **LOS ANGELES COUNTY**<br>**METROPOLITAN TRANSPORTATION**<br>**AUTHORITY** | **W. R. GRACE & CO., et al.** |
| By: | By: |
| | One of their attorneys |
| One of their attorneys | |
| **JONES DAY** | **KIRKLAND & ELLIS LLP** |
| Gus Kallergis | Michelle Browdy |
| North Point, 901 Lakeside Avenue | Janet S. Baer |
| Cleveland, Ohio 44114-1190 | 200 East Randolph Drive |
| (Cuyahoga Co.) | Chicago, Illinois 60601-6636 |
| Telephone: 216-586-3939 | Telephone: (312) 861-2000 |
| gkallergis@jonesday.com | Facsimile: (312) 861-2200. |

-and-

**PACHULSKI, STANG, ZIEHL, YOUNG,**
**JONES & WEINTRAUB P.C.**

Laura Davis Jones (DE I.D. No. 2436)
James O'Neill (
919 North Market Street, 16th Floor

3

P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400

*Attorneys for Debtors
and Debtors-in Possession*

4

**EXHIBIT D**

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JJF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

## STIPULATION CONCERNING WITHDRAWAL OF OBJECTION, CONSOLIDATION AND RECLASSIFICATION OF CERTAIN CLAIMS

This stipulation is entered into between W.R. Grace & Co. and its affiliates (collectively,

the "Debtors") and Minnesota Pollution Control Agency ("Claimant"). In consideration of the

matters set forth herein and under the following terms and provisions, it is hereby stipulated and

agreed between the Claimant and the Debtors as follows:

1.       On April 22, 2002, this Court issued its Bar Date Order which established March

31, 2003 as the Bar Date for the filing of certain pre-petition (a) non-asbestos, (b) asbestos

property damage and (c) medical monitoring claims.

---

[1]  The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

2.    The Claimant filed a proof of claim against the Debtors identified as Claim No. 9648.

3.    On September 1, 2005, the Debtors filed their Fifteenth Omnibus Objection to Claims (the "15ᵗʰ Omnibus Objection") in which the Debtors sought to disallow and expunge Claim No. 9648.

4.    The Debtors have discovered that although Claim No. 9648 was filed on an Asbestos Property Damage Claim Form, the claim is not a traditional asbestos property damage claim but instead is an environmental claim which under the Debtors' proposed Chapter 11 Plan, dated January 13, 2005, is to be treated as an environmental unsecured claim.

5.    As a result, the Debtors agree to withdraw the objections to Claim No. 9648 set forth in the 15ᵗʰ Omnibus Objection and reclassify the claim as an environmental unsecured claim. This withdrawal and reclassification, however, is without prejudice and the Debtors reserve their right to object to Claim No. 9648 on any grounds in the future upon proper notice and consistent with applicable law.

6.    The Debtors will include the withdrawal of the Objection to Claim No. 9648 and reservation of rights outlined herein in the proposed order relating to the 15ᵗʰ Omnibus Objection presented to the Court at the October 24, 2005 hearing on the status of the 15ᵗʰ Omnibus Objection.

7.    Each party executing this Stipulation represents that such party has the full authority and legal power to do so. This Stipulation may be executed in counterparts and each such counterpart together with the others shall constitute one and the same instrument. The parties further agree that facsimile signatures hereon shall be deemed to be original signatures.

2

This Stipulation shall be binding upon and inure to the benefit of each of the parties, and upon their respective assignees, successors and/or partners.

    8.    This Stipulation constitutes the complete expression of the agreement of the parties hereto concerning the subject matter hereof, and no modification of or amendment to this Stipulation shall be valid unless it is in writing and signed by the party or parties to be charged.

    9.    The Bankruptcy Court shall retain jurisdiction to enforce this Stipulation and all matters relating hereto.

    10.    The Debtors shall direct the Claims Agent, Rust Consulting, Inc., to mark the Claims Register to reflect the matters set forth herein.

## STIPULATED AND AGREED:

**MINNESOTA POLLUTION CONTROL**
**AGENCY**

By: _Ala C Woo_

One of their attorneys

Date: _10-20-05_

**W. R. GRACE & CO., et al.**

By: _____

One of their attorneys

Date: _10-20-05_

**OFFICE OF THE ATTORNEY GENERAL**
**STATE OF MINNESOTA**
Alan C. Williams
Assistant Attorney General
Suite 900, Bremer Tower
445 Minnesota St.
St. Paul, MN 55101
651/296-7200
Alan.Williams@state.mn.us

**KIRKLAND & ELLIS LLP**
Michelle Browdy
Janet S. Baer
200 East Randolph Drive
Chicago, Illinois 60601-6636
Telephone: (312) 861-2000
Facsimile: (312) 861-2200.

-and-

**PACHULSKI, STANG, ZIEHL, YOUNG,**
**JONES & WEINTRAUB P.C.**

Laura Davis Jones (DE I.D. No. 2436)
James O'Neill (
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)

3

Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400

*Attorneys for Debtors
and Debtors-in Possession*

4

**EXHIBIT E**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JJF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

## STIPULATION CONCERNING WITHDRAWAL OF OBJECTION, CONSOLIDATION AND RECLASSIFICATION CERTAIN CLAIMS

This stipulation is entered into this 21st day of October, 2005, between W.R. Grace & Co. and its affiliates (collectively, the "Debtors") and National Railroad Passenger Corporation ("Claimant"). In consideration of the matters set forth herein and under the following terms and provisions, it is hereby stipulated and agreed between the Claimant and the Debtors as follows:

1.    On April 22, 2002, this Court issued its Bar Date Order which established March 31, 2003 as the Bar Date for the filing of certain pre-petition (a) non-asbestos, (b) asbestos property damage and (c) medical monitoring claims.

---

[1]  The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

K&E 10725064.3

2.      The Claimant has filed two proofs of claim against the Debtors:  Claim Nos.
11320 and 11321.

3.      On September 1, 2005, the Debtors filed their Fifteenth Omnibus Objection to
Claims (the "15th Omnibus Objection") in which the Debtors sought to disallow and expunge
Claim Nos. 11320 and 11321.

4.      The Debtors have discovered that although Claim Nos. 11320 and 11321 were
filed on Asbestos Property Damage Proof of Claim Forms, the claims are not traditional asbestos
property damage claims but instead are environmental claims which under the proposed Debtors
Amended Joint Plan of Reorganization ("Plan") dated January 13, 2005, are to be treated as
environmental unsecured claims.

5.      As a result, the Debtors agree to withdraw the objections to Claim Nos. 11320 and
11321 set forth in the 15th Omnibus Objection and reclassify those claims as environmental
unsecured claims.  This withdrawal and reclassification, however, is without prejudice and the
Debtors reserve their right to object to the Claim Nos. 11320 and 11321 on any grounds in the
future upon proper notice and consistent with applicable law.

6.      Further, claims 11320 and 11321 are essentially identical but for the Debtor
against which each claim is filed.  Pursuant to the Plan, the Debtors propose that as of the
Effective Date (as that term is defined in the Plan), the Debtors shall be deemed consolidated
under the Plan for Plan purposes. Upon confirmation, each and every claim filed against any of
the Debtors shall be deemed filed against the consolidated Debtors and shall be deemed one
claim against and an obligation of the deemed consolidated Debtors.  As a result, the parties
agree that Claim No. 11321 shall be consolidated into Claim No. 11320 and Claim No. 11321
shall be disallowed and expunged from the Claims Register and Claim No. 11320 shall be the

2

surviving claim. Notwithstanding any other provisions herein, to the extent that the Plan or any other plan or plans of reorganization confirmed in these chapter 11 cases do (does) not provide for the substantive consolidation of the Bankruptcy Cases (for purposes of distribution on account of allowed claims), Claim No. 11321 shall be reinstated and Claimant shall be entitled to pursue such claim.

7.    The Debtors will include the withdrawal of the Objections to Claim Nos. 11320 and 11321, disallowance of claims and reservation of rights outlined herein in the proposed order relating to the 15th Omnibus Objection presented to the Court at the October 24 hearing on the status of the 15th Omnibus Objection.

8.    Each party executing this Stipulation represents that such party has the full authority and legal power to do so. This Stipulation may be executed in counterparts and each such counterpart together with the others shall constitute one and the same instrument. The parties further agree that facsimile signatures hereon shall be deemed to be original signatures. This Stipulation shall be binding upon and inure to the benefit of each of the parties, and upon their respective assignees, successors and/or partners.

9.    This Stipulation constitutes the complete expression of the agreement of the parties hereto concerning the subject matter hereof, and no modification of or amendment to this Stipulation shall be valid unless it is in writing and signed by the party or parties to be charged.

10.    The Bankruptcy Court shall retain jurisdiction to enforce this Stipulation and all matters relating hereto.

11.    The Debtors shall direct the Claims Agent, Rust Consulting, Inc., to mark the Claims Register to reflect the matters set forth herein.

3

KAE 1077:00553

**STIPULATED AND AGREED:**

NATIONAL RAILROAD PASSENGER
CORPORATION

By: _____

One of its attorneys
AMTRAK LAW DEPARTMENT
Michael Stern
50 Union Avenue
New Haven, CT 06519

W. R. GRACE & CO., et al,

By: _____

One of their attorneys

KIRKLAND & ELLIS LLP
Michelle Browdy
Janet S. Baer
200 East Randolph Drive
Chicago, Illinois 60601-6636
Telephone: (312) 861-2000
Facsimile: (312) 861-2200.

-and-

PACHULSKI, STANG, ZIEHL, YOUNG,
JONES & WEINTRAUB P.C.

Laura Davis Jones (DE I.D. No. 2436)
James O'Neill (
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

*Attorneys for Debtors
and Debtors-in Possession*

KAE |977008.3

4

**EXHIBIT F**

## IN THE UNITED STATES BANKRUPTCY COURT

### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W.R. GRACE & CO., et al.,[1] | ) Case No. 01-1139 (JJF) |
| | ) (Jointly Administered) |
| | ) |
| Debtors. | ) |

### STIPULATION CONCERNING WITHDRAWAL OF OBJECTION, CONSOLIDATION AND RECLASSIFICATION CERTAIN CLAIMS

This stipulation is entered into this 21st day of October, 2005, between W.R. Grace & Co.

and its affiliates (collectively, the "Debtors") and Steeler, Inc. ("Claimant"). In consideration of

the matters set forth herein and under the following terms and provisions, it is hereby stipulated

and agreed between the Claimant and the Debtors as follows:

1.    On April 22, 2002, this Court issued its Bar Date Order which established March

31, 2003 as the Bar Date for the filing of certain pre-petition (a) non-asbestos, (b) asbestos

property damage and (c) medical monitoring claims.

---

[1]    The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.),
W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon,
Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc.,
Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC
(f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a
Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC
Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities
Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary
Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe,
Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc.
(f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace
Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W.
R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe
Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai
Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH,
Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings
Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA
Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental
Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin &
Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country
Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

2.     The Claimant filed a proof of claim against the Debtors designated as Claim No. 4697.

3.     On September 1, 2005, the Debtors filed their Fifteenth Omnibus Objection to Claims (the "15th Omnibus Objection") in which the Debtors sought to disallow and expunge Claim No. 4697.

4.     The Debtors have discovered that although Claim No. 4697 was filed on an Asbestos Property Damage Proof of Claim Form, the claim is not a traditional asbestos property damage claim but instead is an environmental claim which under the Debtors' proposed Chapter 11 Plan, dated January 13, 2005, is to be treated as an environmental unsecured claims.

5.     As a result, the Debtors agree to withdraw the objection to Claim No. 4697 set forth in the 15th Omnibus Objection and reclassify that claim as an environmental unsecured claim. This withdrawal and reclassification, however, is without prejudice and the Debtors reserve their right to object to Claim No 4697 on any grounds in the future upon proper notice and consistent with applicable law.

6.     The Debtors will include the withdrawal of the Objections to Claim No. 4697 and reservation of rights outlined herein in the proposed order relating to the 15th Omnibus Objection presented to the Court at the October 24, 2005 hearing on the status of the 15th Omnibus Objection.

7.     Each party executing this Stipulation represents that such party has the full authority and legal power to do so. This Stipulation may be executed in counterparts and each such counterpart together with the others shall constitute one and the same instrument. The parties further agree that facsimile signatures hereon shall be deemed to be original signatures.

2

This Stipulation shall be binding upon and inure to the benefit of each of the parties, and upon their respective assignees, successors and/or partners.

    8.    This Stipulation constitutes the complete expression of the agreement of the parties hereto concerning the subject matter hereof, and no modification of or amendment to this Stipulation shall be valid unless it is in writing and signed by the party or parties to be charged.

    9.    The Bankruptcy Court shall retain jurisdiction to enforce this Stipulation and all matters relating hereto.

    10.    The Debtors shall direct the Claims Agent, Rust Consulting, Inc., to mark the Claims Register to reflect the matters set forth herein.

STIPULATED AND AGREED:

STERLER, INC.

By: _____

One of their attorneys
**ELZUFON, AUSTIN, REARDON,
TARLOV & MONDELL, P.A.**
Charles J. Brown III ( DE 3368 )
300 Delaware Avenue
Suite 1700
Wilmington, DE 19801
Telephone: (302) 428-3181

W. R. GRACE & CO., et al.

By: _____

One of their attorneys
**KIRKLAND & ELLIS LLP**
Michelle Browdy
Janet S. Baer
200 East Randolph Drive
Chicago, Illinois 60601-6636
Telephone: (312) 861-2000
Facsimile: (312) 861-2200.

-and-

**PACHULSKI, STANG, ZIEHL, YOUNG,
JONES & WEINTRAUB P.C.**

Laura Davis Jones (DE I.D. No. 2436)
James O'Neill (
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

*Attorneys for Debtors*

3

Oct-21-05   14:16   From-Elzufon Austin Reardon          Fax:elzufon.com        T-960   P.004/004   F-181

*and Debtors-in Possession*

.

**4**

**EXHIBIT G**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JJF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

## STIPULATION CONCERNING WITHDRAWAL OF OBJECTION, CONSOLIDATION AND RECLASSIFICATION CERTAIN CLAIMS

This stipulation is entered into this 21st day of October, 2005, between W.R. Grace & Co.

and its affiliates (collectively, the "Debtors") and Tyco Healthcare Group LP ("Claimant"). In

consideration of the matters set forth herein and under the following terms and provisions, it is

hereby stipulated and agreed between the Claimant and the Debtors as follows:

    1.    On April 22, 2002, this Court issued its Bar Date Order which established March

31, 2003 as the Bar Date for the filing of certain pre-petition (a) non-asbestos, (b) asbestos

property damage and (c) medical monitoring claims.

---

[1]    The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

2.      Claimant timely filed a total of 4 proofs of claim against the Debtors: Claims Nos. 12787 and 12789 filed on Non-Asbestos Proof of Claim Forms and Claim Nos. 12788 and 12790 filed on Asbestos Property Damage Claim Forms.

3.      On September 1, 2005, the Debtors filed their Fifteenth Omnibus Objection to Claims (the "15[th] Omnibus Objection") in which the Debtors sought to disallow and expunge Claims 12788 and 12790 (hereafter referred to as the "Listed Claims").

4.      The Debtors have discovered that although the Listed Claims were filed on Asbestos Property Damage Proof of Claim Forms, the claims are not traditional asbestos property damage claims, but instead are environmental claims which under the proposed Debtors Amended Joint Plan of Reorganization ("Plan") dated January 13, 2005, are to be treated as environmental unsecured claims. The Listed Claims are also essentially duplicates of Claim Nos. 12787 and 12789 which were filed on the Non-Asbestos Proof of Claim Forms.

5.      The parties have agreed that the Listed Claims shall be withdrawn and that Claimant shall reserve its rights, which the Debtors acknowledge, to pursue Claims 12787 and 12789 as environmental unsecured claims (notwithstanding that such environmental claims arise in part from the presence of asbestos, and the Debtors hereby agree that the withdrawal of the Listed Claims shall not prejudice Claimant's right to seek recovery under Claims 12787 and 12789, including with respect to asbestos). The Debtors reserve their rights to object to claims 12787 and 12789 on any grounds upon proper notice and consistent with applicable law.

6.      The Debtors will include the withdrawal of the Listed Claims, and the reservation of rights outlined herein in the proposed order relating to the 15th Omnibus Objection presented to the Court at the October 24, 2005 hearing on the status of the 15th Omnibus Objection. In the event the provisions hereof are not approved by the Court, Claimant shall be afforded a reasonable amount of time to file its response to the 15th Omnibus Objection.

2

7.    Each party executing this Stipulation represents that such party has the full authority and legal power to do so. This Stipulation may be executed in counterparts and each such counterpart together with the others shall constitute one and the same instrument. The parties further agree that facsimile signatures hereon shall be deemed to be original signatures. This Stipulation shall be binding upon and inure to the benefit of each of the parties, and upon their respective assignees, successors and/or partners.

8.    This Stipulation constitutes the complete expression of the agreement of the parties hereto concerning the subject matter hereof, and no modification of or amendment to this Stipulation shall be valid unless it is in writing and signed by the party or parties to be charged.

9.    The Bankruptcy Court shall retain jurisdiction to enforce this Stipulation and all matters relating hereto.

10.    The Debtors shall direct the Claims Agent, Rust Consulting, Inc., to mark the Claims Register to reflect the matters set forth herein.

STIPULATED AND AGREED:

TYCO HEALTHCARE GROUP LP

By: _____

One of its attorneys
NUTTER MCCLENNEN & FISH LLP
Peter N. Baylor
World Trade Center West
155 Seaport Blvd.
Boston, MA 02210-2604
Telephone: (617) 439-2390
pbaylor@nutter.com

W. R. GRACE & CO., et al.

By: _____

One of their attorneys
KIRKLAND & ELLIS LLP
Michelle Browdy
Janet S. Baer
200 East Randolph Drive
Chicago, Illinois 60601-6636
Telephone: (312) 861-2000
Facsimile:    (312) 861-2200.

-and-

PACHULSKI, STANG, ZIEHL, YOUNG,
JONES & WEINTRAUB P.C.

Laura Davis Jones (DE I.D. No. 2436)
James O'Neill (

3

919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400

*Attorneys for Debtors*
*and Debtors-in Possession*

1472421.3

4

**EXHIBIT H**

Janet
Baer/Chicago/Kirkland-Ellis
10/28/2005 01:50 PM

To  ewestbrook@rpwb.com

cc

bcc

Subject  Fw: Stipulation on Wesleyan claim.

Ed: Attached is the revised Stipulation which incorporates the changes you suggested earlier this week. If
this is agreeable, please execute and I will do the same. I would like to submit it to the Court early next
week with numerous others on a certificate of counsel.

On a separate note, you appear to be the only one that was not available to participate on November 8 in
the ZAI call the Judge requested. While we have no idea what she is going to say, we really do not want
to wait until Nov 29 if at all possible to find out. Maybe she can suggest something that will help us move
toward a resolution... Is there anyway you can arrange things to do the call on Nov 8? Thanks Jan

Janet S. Baer
Kirkland & Ellis LLP
312-861-2162
312-660-0362 (fax)
200 E. Randolph
Chicago, IL 60601

- Grace Stip Withdrawing ZAI Claims w_insert E.Westbrook on behalf of S. Wesleyan
Univ._(LEGAL_10783229_2).DOC

## IN THE UNITED STATES BANKRUPTCY COURT

### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W.R. GRACE & CO., et al.,[1] | ) Case No. 01-1139 (JJF) |
| | ) (Jointly Administered) |
| | ) |
| Debtors. | ) |

## STIPULATION CONCERNING WITHDRAWAL OF OBJECTION, CONSOLIDATION AND RECLASSIFICATION CERTAIN CLAIMS

This stipulation is entered into this 31st day of October, 2005, between W.R. Grace & Co.

and its affiliates (collectively, the "Debtors") and Edward Westbrook, on behalf of Southern

Wesleyan University and other related parties ("Claimant"). In consideration of the matters set

forth herein and under the following terms and provisions, it is hereby stipulated and agreed

between the Claimant and the Debtors as follows:

---

[1]  The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

1.    On April 22, 2002, this Court issued its Bar Date Order which established March 31, 2003 as the Bar Date for the filing of certain pre-petition (a) non-asbestos, (b) asbestos property damage and (c) medical monitoring claims.

2.    The Claimant has filed a proof of claim against the Debtors identified as Claim No. 7019.

3.    On September 1, 2005, the Debtors filed their Fifteenth Omnibus Objection to Claims (the "15th Omnibus Objection") in which the Debtors sought to disallow and expunge Claim No. 7019.

4.    Claim No. 7019 is derived from the asbestos property damage claim asserted in the case of Central Wesleyan College v. W. R. Grace, et al., Case No. C.A. No. 2:87-1860-8 and is a claim with respect to Claimant's rights to certain product rebate coupons under a Settlement Agreement ("Settlement Agreement") in that case.

5.    On January 3, 2002, the Court entered an Order Clarifying the Customer Practices Order wherein the Court specifically authorized the Debtors to honor the product rebate coupons provided the Claimants in the Settlement Agreement in the ordinary course of business and as the Debtors see fit in their business judgment.

6.    As a result, the Debtors agree to withdraw the objections to Claim No. 7019 set forth in the 15th Omnibus Objection. This withdrawal however, is without prejudice and the Debtors reserve their right to object to Claim No. 7019 on any grounds in the future upon proper notice and consistent with applicable law.

7.    Each party executing this Stipulation represents that such party has the full authority and legal power to do so. This Stipulation may be executed in counterparts and each such counterpart together with the others shall constitute one and the same instrument. . The

2

parties further agree that facsimile signatures hereon shall be deemed to be original signatures. This Stipulation shall be binding upon and inure to the benefit of each of the parties, and upon their respective assignees, successors and/or partners.

8.      This Stipulation constitutes the complete expression of the agreement of the parties hereto concerning the subject matter hereof, and no modification of or amendment to this Stipulation shall be valid unless it is in writing and signed by the party or parties to be charged.

9.      The Bankruptcy Court shall retain jurisdiction to enforce this Stipulation and all matters relating hereto.

10.     The Debtors shall direct the Claims Agent, Rust Consulting, Inc., to mark the Claims Register to reflect the matters set forth herein.

3

**STIPULATED AND AGREED:**

**SOUTHERN WESLEYAN UNIVERSITY, et al.**

By: *Edward Westbrook by JSB*

One of its attorneys

Edward Westbrook
Richardson Patrick Westbrook & Brickman LLC
1037 Chuck Dawley Blvd.
Building A
Mount Pleasant, SC  29464

**W. R. GRACE & CO., et al.**

By: *[signature]*

One of their attorneys

**KIRKLAND & ELLIS LLP**
Michelle Browdy
Janet S. Baer
200 East Randolph Drive
Chicago, Illinois 60601-6636
Telephone:  (312) 861-2000
Facsimile:   (312) 861-2200

-and-

**PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.**

Laura Davis Jones (DE I.D. No. 2436)
James O'Neill (
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:   (302) 652-4400

*Attorneys for Debtors
and Debtors-in Possession*

4