IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. Grace & Co., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | Objection deadline: March 10, 2006 at 4:00 p.m. |
| | | Hearing date: March 27, 2006 at 12:00 p.m. |

EIGHTEENTH QUARTERLY FEE APPLICATION OF
DUANE MORRIS LLP FOR COMPENSATION FOR SERVICES RENDERED AND
REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS FOR THE PERIOD
FROM JULY 1, 2005 THROUGH AND INCLUDING SEPTEMBER 30, 2005

| | |
|---|---|
| Applicant: | Duane Morris LLP |
| Professional Services To: | Official Committee of Unsecured Creditors |
| Date of Retention: | Effective April 17, 2001 (Order entered June 21, 2001) |
| Period For Which Compensation And Reimbursement Is Sought: | July 1, 2005 through September 30, 2005 |
| Amount of Compensation Sought As Actual, Reasonable And Necessary: | $54,274.00 |
| Amount of Expense Reimbursement Sought As Actual, Reasonable And Necessary: | $2,934.36 |

This is an interim fee application.

-5-

WLM\212117 1

## PRIOR APPLICATIONS:

**Monthly Interim Fee Applications**

| Date Filed | Period Covered | Requested | | Approved for Payment | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| August 30, 2001 | 7/1/01-7/31/01 | $9,490.50 | $1209.90 | $7,592.40 | $1,209.90 |
| February 5, 2002 (combined 2nd and 3rd applications) | 8/1/01 – 9/30/01 | $12,885.00 | $7,903.44 | $10,308.00 | $7,903.44 |
| February 11, 2002 (combined 4th, 5th and 6th applications) | 10/1/01 – 12/31/01 | $17,349.50 | $3,436.30 | $13,879.60 | $3,436.30 |
| March 28, 2002 | 1/1/02–1/31/02 | $13,454.50 | $776.18 | $10,763.60 | $776.18 |
| May 16, 2002 | 2/2/02–2/28/02 | $16,428.50 | $3,859.31 | $13,142.80 | $3,859.31 |
| May 16, 2002 | 3/1/02-3/31/02 | $8,876.50 | $478.10 | $7,101.20 | $478.10 |
| August 28, 2002 | 4/1/02 – 6/30/02 | $50,323.00 | $4,181.96 | $40,258.40 | $4,181.96 |
| October 24, 2002 | 7/1/02 – 9/30/02 | $89,953.00 | $8,038.01 | $89,652.00 | $8,038.01 |
| March 28, 2003 (Combined and prepared as a quarterly application.) | 10/1/02 – 12/31/02 | $61,880.50 | $3,757.47 | (Refer to Quarterly Application Chart below for further details.) | |
| March 31, 2003 | 1/1/03 – 1/31/03 | $9,834.00 | $1,066.57 | $7,867.20 | $1,066.57 |

| March 31, 2003 | 2/1/03 – 2/28/03 | $12,454.00 | $96.87 | $9,963.20 | $96.87 |
|---|---|---|---|---|---|
| June 18, 2003 | 3/1/03 – 3/31/03 | $10,612.90 | $252.18 | $8,490.32 | $252.18 |
| June 19, 2003 | 4/1/03 - 4/30/03 | $13,689.00 | $2,335.98 | $10,951.20 | $2,335.98 |
| July 21, 2003 | 5/1/03 - 5/31/03 | $11,483.00 | $697.27 | $9,186.40 | $697.27 |
| September 18, 2003 | 6/1/03 - 6/30/03 | $7,691.50 | $756.70 | $6,153.20 | $756.70 |
| September 18, 2003 | 7/1/03 - 7/31/03 | $14,784.00 | $87.89 | $11,827.20 | $87.89 |
| September 18, 2003 | 8/1/03 - 8/31/03 | $10,760.00 | $1.50 | $8,608.00 | $1.50 |
| October 20, 2003 | 9/1/03 – 9/30/03 | $14,496.50 | $262.21 | $11,597.20 | $262.21 |
| January 29, 2004 | 10/1/03 – 10/31/03 | $31,068.50 | $342.06 | $24,854.80 | $342.06 |
| January 29, 2004 | 11/1/03 – 11/30/03 | $13,101.50 | $193.46 | $10,481.20 | $193.46 |
| January 29, 2004 | 12/1/03 – 12/31/03 | $20,454.50 | $221.26 | $16,363.60 | $221.26 |
| June 22, 2004 | 1/1/04 – 1/31/04 | $22,612.50 | $872.84 | $18,090.00 | $872.84 |
| June 22, 2004 | 2/1/04 – 2/29/04 | $11,260.50 | $489.46 | $9,008.40 | $489.46 |
| June 22, 2004 | 3/1/04 – 3/31/04 | $11,766.00 | $16.05 | $9,412.80 | $16.05 |
| June 28, 2004 | 4/1/04- 4/30/04 | $16,984.50 | $980.26 | $13,587.60 | $980.26 |

| June 30, 2004 | 5/1/04 – 5/31/04 | $32,817.00 | $2,190.53 | $26,253.60 | $2,190.53 |
| --- | --- | --- | --- | --- | --- |
| August 25, 2004 | 7/1/04 – 7/31/04 | $19,040.00 | $201.17 | $15,232.00 | $201.17 |
| September 23, 2004 | 8/1/04 – 8/31/04 | $18,098.50 | $383.56 | $14,478.80 | $383.56 |
| October 20, 2004 | 9/1/04 – 9/30/04 | $18,370.50 | $198.58 | $14,696.40 | $198.58 |
| November 19, 2004 | 10/1/04 – 10/31/04 | $26,153.50 | $228.76 | $20,922.80 | $226.76 |
| December 17, 2004 | 11/1/04 – 11/30/04 | $33,416.50 | $9,327.54 | $26,733.20 | $9,327.54 |
| January 18, 2004 | 12/1/04 – 12/31/04 | $40,701.00 | $563.95 | $32,560.80 | $563.95 |
| March 3, 2005 | 1/1/05 – 1/31/05 | $41,319.50 | $2,508.99 | $33,055.60 | $2,508.99 |
| March 21, 2005 | 2/1/05 – 2/28/05 | $19,744.50 | $176.37 | $15,795.60 | $176.37 |
| April 22, 2005 | 3/1/05 – 3/31/05 | $17,413.00 | $1,001.41 | $13,030.40 | $1,001.41 |
| May 24, 2005 | 4/1/05 – 4/30/05 | $12,196.00 | $41.50 | $9,756.80 | $41.50 |
| June 20, 2005 | 5/1/05 – 5/31/05 | $17,670.50 | $421.11 | 14,136.40 | $421.11 |
| July 21, 2005 | 6/1/05 – 6/30/05 | $15,429.00 | $685.78 | $12,343.20 | $685.78 |
| August 30, 2005 | 7/1/05 – 7/31/05 | $26,044.50 | $1,766.47 | $20,835.60 | $1,766.47 |
| September 30, 2005 | 8/1/05 – 8/30/05 | $15,111.00 | $436.15 | $12,088.80 | $436.15 |

| October 20, 2005 | 9/1/05 – 9/30/05 | $13,118.50 | $731.74 | $10,494.80 | $731.74 |

**Quarterly Fee Applications**

|  |  | Requested | | Approved | |
| --- | --- | --- | --- | --- | --- |
| Date Filed | Period Covered | Fees | Expenses | Fees | Expenses |
| August 30, 2001 | 4/17/01- 6/30/01 | $41,314.50 | $4,026.77 | Fees approved for a combined total of $68,886.50 | $4,026.77 |
| February 5, 2002 | 7/01/01 – 9/30/01 | $22,375.50 | $9,113.34 | | $9,113.34 |
| February 11, 2002 | 10/01/01 – 12/31/01 | $17,349.50 | $3,436.30 | | $3,436.30 |
| May 16, 2002 | 1/1/02 – 3/31/02 | $38,759.50 | $5,113.59 | $37,486.50 | $5,113.59 |
| November 7, 2002 | 4/1/02 – 6/30/02 | $50,323.00 | $4,181.96 | $49,098.00 | $4,181.96 |
| October 24, 2002 | 7/1/02 – 9/30/02 | $89,953.00 | $8,038.01 | $89,652.00 | $8,038.01 |
| March 28, 2003 | 10/1/02 – 12/31/02 | $61,880.50 | $3,757.47 | $61,880.50 | $3,757.47 |
| June 23, 2003 | 1/1/03 - 3/31/03 | $32,900.90 | $1,415.62 | $32,900.90 | $1,319.72 |
| September 18, 2003 | 4/1/03 - 6/30/03 | $32,863.50 | $3,789.95 | $32,863.50 | $3,789.95 |
| January 29, 2004 | 7/1/03 – 9/30/03 | $40,040.50 | $351.60 | $40,040.50 | $351.60 |
| April 16, 2004 | 10/1/03 – 12/31/03 | $64,624.50 | $756.78 | $64,624.50 | $756.78 |
| July 2, 2004 | 1/1/04 – 3/31/04 | $45,639.00 | $1,378.35 | $45,639.00 | $1,378.35 |
| August 2, 2004 | 4/1/04 – 6/30/04 | $77,218.00 | $3,909.57 | $77,218.00 | $3,909.57 |

| November 15, 2004 | 7/1/04 – 9/30/04 | $55,509.00 | $783.31 | $55,509.00 | $783.31 |
|---|---|---|---|---|---|
| February 14, 2005 | 10/1/04- 12/31/04 | $100,271.00 | $10,120.25 | $100,271.00 | $10,120.25 |
| May 18, 2005 | 1/1/05 – 3/31/05 | $77,387.00 | $3,686.77 | $74,968.00 | $3,686.77 |
| August 15, 2005 | 4/1/05 – 6/30/05 | $45,254.50 | $1,148.39 | | |

WLM\2121171

# Attachment "A"

## SUMMARY OF TIME AND THE HOURLY RATES CHARGED BY THE APPLICANT FOR ITS ATTORNEY AND PARALEGAL TIME FOR THE PERIOD FROM JULY 1, 2005 THROUGH AND INCLUDING SEPTEMBER 30, 2005

|  | Year Admitted | Rate Per Hour | No. of Hours | Total Value |
|---|---|---|---|---|
| William S. Katchen ("WS KATCHEN"), Partner | 1965 | $575.00 | 9.90 | $5,692.50 |
| Michael R. Lastowski ("MR LASTOWSKI"), Partner | 1980 | $525.00 | 78.30 | $41,107.50 |
| Richard W. Riley ("RW RILEY"), Partner | 1988 | $415.00 | 1.90 | $788.50 |
| Christopher M. Winter ("CM WINTER"), Associate | 2001 | $310.00 | 3.10 | $961.00 |
| Virginia L. Akin ("VL AKIN"), Paralegal | N/A | $185.00 | 30.50 | $5,642.50 |
| Denise M. Sosnoski ("DM SOSNOSKI"), Paralegal | N/A | $160.00 | .40 | $64.00 |
| Vanessa Marchello ("V MARCHELLO"), Legal Assistant | N/A | $90.00 | .20 | $16.00 |
| **BLENDED RATE** |  | 436.63 |  |  |
| **GRAND TOTAL** |  |  | 124.30 | $54,274.00 |

## COMPENSATION BY PROJECT CATEGORY

| DESCRIPTION | HOURS | AMOUNT |
|---|---:|---:|
| Asset Disposition ("002") | .90 | $507.50 |
| Business Operations ("003") | 1.80 | $960.00 |
| Case Administration ("004") | 5.10 | $1,737.00 |
| Claim Analysis, Objection, Resolution and Estimation (Asbestos) ("005") | 41.60 | $22,071.50 |
| Committees (All-Inclusive) ("007") | .80 | $460.00 |
| Employment Applications (Others) ("010") | .70 | $377.50 |
| Fee Applications (Applicant) ("012") | 19.10 | $4,044.50 |
| Fee Applications (Others) ("013) | 9.00 | $2,028.00 |
| Hearings ("015") | 35.90 | $18,011.00 |
| Litigation and Litigation Consulting ("016") | 7.30 | $2,974.50 |
| Plan and Disclosure Statement ("017") | .90 | $472.50 |
| Relief from Stay Proceedings ("018") | 1.00 | $525.00 |
| Tax Issues ("019") | .20 | $105.00 |
| **TOTAL:** | **124.30** | **$54,274.00** |

-13-

WLM\212117 1

## EXPENSE SUMMARY

| CATEGORIES | PROVIDER | EXPENSES |
|---|---|---|
| Telephone | N/A | .38 |
| Postage | | $3.60 |
| Printing and Duplicating Internal | N/A | $75.30 |
| Printing and Duplicating - Externall | N/A | $1,568.23 |
| Telecopier | N/A | $1.90 |
| Document Retrieval Costs | N/A | |
| Messenger Service | | $880.50 |
| Meeting Expense | N/A | $16.55 |
| Legal Research | Lexis Nexis/Westlaw | |
| Overnight Mail | Federal Express/UPS | $89.08 |
| Travel Local | | |
| Overtime Related Costs | | $8.82 |
| Misc. | | $290.00 |
| **TOTAL** | | **$2,934.36** |

-14-

WLM\2121171

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. Grace & Co., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | Objection deadline: March 10, 2006 at 4:00 p.m. |
| | | Hearing date: March 27, 2006 at 12:00 p.m. |
| | ) | |

**EIGHTEENTH QUARTERLY APPLICATION OF DUANE MORRIS LLP FOR
COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT
OF EXPENSES AS COUNSEL TO THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS FOR THE PERIOD
FROM JULY 1, 2005 THROUGH AND INCLUDING SEPTEMBER 30, 2005**

Duane Morris LLP (the "Applicant"), co-counsel to the Official Committee of Unsecured Creditors (the "Committee"), for its Eighteenth Quarterly Application of Duane Morris LLP for Compensation for Services Rendered and Reimbursement of Expenses as Counsel to the Official Committee of Unsecured Creditors for the Period From July 1, 2005 Through and Including September 30, 2005 (the "Application"), respectfully represents and alleges:

## I. INTRODUCTION

1. Applicant makes this Application for payment of professional services rendered and expenses incurred in its representation of the Committee as provided under §§ 330 and 331 of title 11 of the United States Code ("Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), the applicable local rules of this Court and the Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members entered by this Court on April 17, 2002 (Docket No. 1949) (the "Administrative Order").

-15-

WLM\212117.1

2. Applicant, in its Application, seeks an award of compensation in the amount of $54,274.00 for 124.30 hours of professional services rendered from July 1, 2005 through and including September 30, 2005 (the "Compensation Period"); and reimbursement of disbursements actually and necessarily incurred in the amount of $2,934.36 during the Compensation Period.

## II. BACKGROUND

3. On April 2, 2001 (the "Petition Date"), the Debtors commenced their reorganization cases by filing voluntary petitions for relief under chapter 11 title 11 of the United States Code, 11 U.S.C. §§101 et seq. (the "Bankruptcy Code").

4. The Debtors have continued in possession of their properties and have continued to operate and manage their businesses as debtors-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code. Pursuant to an order of the Court, the Debtors chapter 11 cases have been procedurally consolidated and are being jointly administered.

5. The Debtors operate a world wide specialty chemicals and materials business predominately through two business units, Davison Chemicals and Performance Chemicals. The Debtors employ approximately 3860 full-time employees. On a consolidated basis, for the fiscal year 2000, Grace reported a net loss of $89.7 million from $1.59 billion in net revenues. The Debtors' bankruptcy filings report that in fiscal year 2000, on a consolidated basis, Grace's sales are generated approximately 50% by the Debtors and 50% by the Debtors' non-debtor subsidiaries and affiliates.

6. Grace, as the Debtors' parent company, is a global holding company that conducts substantially all of its business through a direct, wholly owned subsidiary of W.R. Grace & Co.-Conn ("Grace-Conn"). Grace-Conn owns substantially all of the assets, properties and rights of Grace in the United States. Grace and Grace-Conn have 76 domestic subsidiaries and affiliates, 60 of which are debtors and debtors-in-possession in these chapter 11 cases and 71 foreign-non-

debtor subsidiaries and affiliates. Prior to the Petition Date, the Debtors' non-debtor foreign subsidiaries and affiliates received credit support and loans for their operations from their respective domestic parent companies.

7. On April 22, 2001, the United States Trustee formed the Committee consisting of the following members: J.P. Morgan Chase & Co., ABN AMRO Bank N.V., Bank of America, N.A., The Bank of New York, as indenture Trustee, Bankers Trust Company, as indenture Trustee, First Union National Bank, Sealed Air Corporation, Wachovia Bank N.A., and Zhagrus Environmental, Inc. During the first meeting of the Committee on April 22, 2001, the Committee duly selected Stroock, Stroock & Lavan, LLP as its counsel to represent the Committee in all matters during the pendency of the Debtors' chapter 11 cases.

8. The Committee, thereafter, requested the assistance of Duane Morris LLP, with an office located at 1100 North Market Street, Suite 1200, Wilmington, DE 19801, to act as local counsel to the Committee during the pendency of the Debtors' chapter 11 cases.

### III. PROFESSIONAL SERVICES RENDERED

9. Applicant is seeking compensation for services performed on behalf of or for the Committee, and not on behalf of any debtor, creditor or other person.

10. Applicant has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with this case. There is no agreement or understanding between Applicant and any other person for the sharing of compensation to be received for services rendered in this case.

11. In accordance with the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and the Administrative Order and amendments thereto, to assist the Court, the Debtor, the United States Trustee, the Official Committee of Unsecured Creditors and other parties in interest in evaluating this Application, the primary services performed by Applicant during the Compensation Period are summarized in Exhibit "A." This

-17-

summary reflects the performance of certain services which were necessary and essential in assisting the Committee, all of which required the special attention, efforts and skill of the Applicant.

12. During the Compensation Period, Applicant provided significant professional services to the Committee in connection with this chapter 11 case. These services included, among other things, assisting, advising and representing the Committee with respect to the following matters: (i) the administration of this case and the exercise of oversight with respect to the Committee; (ii) preparation and review on behalf of the Committee of applications, motions, memoranda, orders, reports and other legal papers; (iii) appearances in court and at meetings to represent the interests of the Committee; (iv) research and investigation; (v) communication with the Committee's constituents and others; and (vi) the performance of all of the Committee's duties and powers under the Bankruptcy Code and the Bankruptcy Rules and the performance of such other services as were in the interests of those represented by the Committee.

13. In accordance with the Local Rules and the Administrative Order, a summary sheet of the attorneys and their corresponding initials, billing rates, the number of hours incurred by each, the services performed by each and a summary of the necessary disbursements incurred is annexed hereto. Hourly rates reflect what Applicant generally charges its non-bankruptcy clients for similar services.

14. In accordance with the Local Rules and the Administrative Order, a computerized printout of the Applicant's itemized time records and disbursements ("Time Records"), necessarily incurred in the performance of Applicant's duties as co-counsel to the Committee, is annexed hereto as Exhibit "B". The Applicant has ordered the entries in its Time Records into various categories in accordance with the guidelines issued by the Office of the United States Trustee.

15. It is Applicant's policy to charge its clients in all areas of practice for identifiable

non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. Applicant has photocopying performed by an outside service whose rates range from $0.11 to $0.15 per page. Applicant charges $0.15 per page for internal printing and duplicating and $.95 per page for outgoing telecopy services.

16.   Applicant has worked closely with the Debtor, the Committee, the Debtor's advisors, and other professionals in the case to avoid unnecessary duplication of the services charged to the Committee.

17.   A certification pursuant to Del. Bankr. LR 2016-2(f) is annexed hereto as Exhibit "C."

## IV. CONCLUSION

18. Applicant has necessarily and properly expended 124.30 hours of service in performance of its duties as counsel to the Committee during the Compensation Period. Accordingly, Applicant respectfully requests a fee allowance for professional services rendered in the amount of $54,274.00.

19.   Applicant also respectfully requests reimbursement of disbursements actually and necessarily incurred in the amount of $2,934.36 during the Compensation Period.

20.   Although every effort has been made to include all fees and expenses incurred during the Compensation Period in this Application, some fees and expenses from the Compensation Period might not be included in the Application due to the delays caused by accounting and processing procedures. Applicant reserves the right to make further application to the Court for allowance of fees and expenses not included herein. As to fees and expenses incurred after September 30, 2005, Applicant will file subsequent fee applications in accordance with the Bankruptcy Code, the Bankruptcy Rules, the applicable local rules, the Administrative

-19-

WLM\212117 1

Order and any other procedures established by this Court.

WHEREFORE, Applicant respectfully requests an interim award of compensation for professional services rendered as counsel to the Committee during the Compensation Period in the sum of $54,274.00, and reimbursement of disbursements actually and necessarily incurred in the amount of $2,934.36 during the Compensation Period, and for such other and further relief as this Court deems just and proper.

Dated: November 16, 2005

Michael R. Lastowski (DE I.D. No. 3892)
Richard W. Riley (DE I.D. No. 4052)
DUANE MORRIS LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246
Telephone: (302) 657-4900
Facsimile: (302) 657-4901
E-mail:   mlastowski@duanemorris.com

*Co-Counsel to the Official Committee of Unsecured Creditors*