# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:

**W.R. Grace & Co., et al.**

Debtors.

Chapter 11

Case No. 01-01139 (JKF)

Jointly Administered

## EIGHTEENTH QUARTERLY FEE APPLICATION OF STROOCK & STROOCK & LAVAN LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM JULY 1, 2005 THROUGH SEPTEMBER 30, 2005

| | |
|---|---|
| Name of Applicant | **Stroock & Stroock & Lavan LLP** |
| Authorized to Provide Professional Services to: | **Official Committee of Unsecured Creditors** |
| Date of Retention: | **April 12, 2001** |
| Period for which compensation and reimbursement is sought | **July 1, 2005 – September 30, 2005** |
| Amount of Compensation sought as actual, reasonable and necessary: | **$291,843.50** |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | **$8,534.71** |
| Fees and Expenses of the Asbestos Issues Expert | **$31,958.50** |

This is an: ☒ interim ☐ final application

This is the eighteenth quarterly application filed.

**Attachment A**

## Monthly Interim Fee Applications

| Date Filed | Period Covered | Payment Requested | | Payment Approved | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| May 30, 2001 D.I.339 | 4/12/01-4/30/01 | $138,926.00 | $1,975.13 | $111,140.80 | $1,975.13 |
| July 2, 2001 D.I.613 | 5/1/01 – 5/31/01 | $139,928.75 | $6,884.73 | $111,943.00 | $6,884.73 |
| July 30, 2001 D.I.772 | 6/1/01 – 6/30/01 | $91,019.00 | $10,458.14 | $72,815.20 | $10,458.14 |
| September 5, 2001 D.I.889 | 7/1/01-7/31/01 | $92,308.00 | $5,144.37 | $73,846.40 | $5,144.37 |
| October 2, 2001 D.I.983 | 8/1/01 8/31/01 | $53,873.50 | $3,069.88 | $43,098.80 | $3,069.88 |
| October 31, 2001 D.I.1058 | 9/1/01 – 9/30/01 | $58,742.00 | $6,801.32 | $46,993.60 | $6,801.32 |
| November 26, 2001 D.I.1239 | 10/1/01 – 10/31/01 | $101,069.00 | $3,562.09 | $80,855.20 | $3,562.09 |
| January 8, 2002 D.I.1470 | 11/1/01 – 11/30/01 | $136,368.50 | $8,847.34 | $109,094.80 | $8,847.34 |
| February 1, 2002 D.I.1608 | 12/01/01 – 12/31/01 | $92,064.50 | $9,471.47 | $73,651.60 | $9,471.47 |
| March 14, 2002 D.I.1812 | 01/01/02 – 01/31/02 | $100,231.50 | $14,675.58 | $80,185.20 | $14,675.58 |
| April 22, 2002 D.I.1951 | 02/01/02 – 02/28/02 | $88,974.50 | $16,863.97 | $71,179.60 | $16,863.97 |
| May 8, 2002 D.I.2029 | 03/01/02 – 03/31/02 | $77,964.25 | $1,190.44 | $62,371.40 | $1,190.44 |
| June 3, 2002 D.I.2156 | 04/01/02-04/30/02 | $97,251.50 | $1,816.40 (Stroock) $9,772.37 (Chambers) | $77,801.20 | $11,588.86 |

|  |  | Payment Requested |  | Payment Approved |  |
|---|---|---|---|---|---|
| July 2, 2002<br>D.I.2324 | 05/01/02 –<br>05/31/02 | $74,910.75 | $2,9154.43 (Stroock)<br>$43,190.69 (Chambers) | $59,928.60 | $46,105.12 |
| August 5, 2002<br>D.I.2495 | 06/01/02 –<br>06/30/02 | $73,096.75 | $2,054.05 (Stroock)<br>$114,666.72 (Chambers) | $58,477.4011 | $116,720.77 |
| September 20, 2002<br>D.I.2720 | 07/01/02 –<br>07/31/02 | $90,903.27 | $1,250.79 (Stroock)<br>$11,996.25 (Chambers) | $72,722.61 | $13,274.04 |
| October 29, 2002<br>D.I.2898 | 08/01/02 –<br>08/31/02 | $93,151.25 | $11,539.51 (Stroock)<br>$5,046.70 (Chambers) | $74,521.00 | $16,586.21 |
| November 14, 2002<br>D.I.2981 | 09/01/02 -<br>09/30/02 | $96,613.25 | $15,567.77 (Stroock)<br>$771.50 (Chambers) | $77,290.60 | $16,339.27 |
| December 10, 2002<br>D.I.3129 | 10/1/02 –<br>10/31/02 | $68,404.00 | $2,956.54 (Stroock)<br>$1,780.75 (Chambers) | $54,723.20 | $4,737.29 |
| January 28, 2003<br>D.I.3286 | 11/1/02 –<br>11/30/02 | $75,345.50 | $8,712.16 (Stroock) | $60,276.40 | $8,712.16 |
| February 7, 2003<br>D.I.3349 | 12/1/02 –<br>12/31/02 | $27,683.50 | $13,332.14 (Stroock) | $22,146.80 | $13,332.14 |
| March 26, 2003<br>D.I.3552 | 1/1/03 –<br>1/31/03 | $88,139.00 | $1,210.11 (Stroock) | $70,511.20 | $1,210.11 |
| April 7, 2003<br>D.I.3626 | 2/1/03 –<br>2/28/03 | $76,313.00 | $2,022.78 (Stroock)<br>$1,077.80 (Chambers) | $61,050.40 | $3,100.58 |
| April 29, 2003<br>D.I.3718 | 3/1/03 –<br>3/31/03 | $60,163.50 | $6,191.15 (Stroock) | $48,130.80 | $6,191.15 |
| June 2, 2003<br>D.I. 3850 | 4/1/03 –<br>4/30/03 | $60,269.00 | $814.02 (Stroock)<br>$2,043.00 (Chambers) | $48,215.20 | $2,857.02 |
| July 1, 2003<br>D.I. 3983 | 5/1/03 –<br>5/31/03 | $111,990.50 | $691.84 (Stroock)<br>$3,830.50 (Chambers) | $89,592.40 | $10,522.34 |
| August 5, 2003<br>D.I. 4152 | 6/1/03 –<br>6/30/03 | $43,824.00 | $1,220.42 (Stroock)<br>$61,755.00 (Chambers) | $35,059.20 | $62,975.42 |
| September 4, 2003<br>D.I. 4381 | 7/1/03 –<br>7/31/03 | $79,090.50 | $2,301.33 (Stroock)<br>$14,274.25 (Chambers) | $63,272.40 | $16,575.58 |

2

| | | Payment Requested | | Payment Approved | |
|---|---|---|---|---|---|
| September 30, 2003<br>D.I. 4512 | 8/1/03 –<br>8/31/03 | $69,927.00 | $1,164.19 (Stroock)<br>$12,488.94 (Chambers) | $55,941.60 | $13,653.13 |
| October 29, 2003<br>D.I. 4625 | 9/1/03 –<br>9/30/03 | $69,409.50 | $1,076.94 (Stroock)<br>$10,102.00 (Chambers) | $55,527.60 | $11,178.94 |
| December 19, 2003<br>D.I. 4843 | 10/1/03 –<br>10/31/03 | $96,980.50 | $3,800.45 (Stroock)<br>$42,881.50 (Chambers) | $77,584.40 | $46,681.95 |
| January 23, 2004<br>D.I. 4976 | 11/1/03 –<br>11/30/03 | $66,428.50 | $1,225.38 (Stroock)<br>$30,463.00 (Navigant<br>f/k/a Chambers) | $53,142.80 | $31,688.38 |
| February 4, 2004<br>D.I. 5056 | 12/1/03 –<br>12/31/03 | $52,321.50 | $924.99 (Stroock)<br>$27,005.00 (Navigant<br>f/k/a Chambers) | $41,857.20 | $27,929.99 |
| March 17, 2004<br>D.I. 5309 | 1/1/04 –<br>1/31/04 | $65,980.50 | $1,917.93 (Stroock)<br>$47,654.57 (Navigant<br>f/k/a Chambers) | $52,784.40 | $49,572.50 |
| April 6, 2004<br>D.I. 5406 | 2/1/04 –<br>2/29/04 | $90,421.50 | $3,636.48 (Stroock)<br>$35,492.50 (Navigant<br>f/k/a Chambers) | $72,337.20 | $39,128.98 |
| April 28, 2004<br>D.I. | 3/1/04 –<br>3/31/04 | $103,524.00 | $5,567.34 (Stroock) | $82,819.20 | $5,567.34 |
| June 14, 2004<br>D.I. 5803 | 4/1/04 –<br>4/30/04 | $99,136.00 | $3,518.96 (Stroock)<br>$1,515.00 (Navigant<br>February)<br>$49,667.00 (Navigant<br>March)<br>$80,307.11 (Navigant<br>April) | $79,308.80 | $135,008.07 |
| July 2, 2004<br>D.I. 5917 | 5/1/04 –<br>5/31/04 | $134,324.50 | $2,409.97 (Stroock)<br>$78,360.05 (Navigant<br>May) | $107,459.60 | $80,770.02 |
| August 2, 2004<br>D.I. 6105 | 6/1/04 –<br>6/31/04 | $120,501.00 | $1,831.49 (Stroock)<br>$62,625.00 (Navigant<br>June) | $96,400.80 | $64,456.49 |

3

| | | Payment Requested | | Payment Approved | |
|---|---|---|---|---|---|
| September 9, 2004 D.I. 6341 | 7/1/04 – 7/31/04 | $72,394.00 | $3,461.84 (Stroock) $40,427.50 (Navigant July) | $57,915.20 | $43,889.34 |
| September 23, 2004 D.I. 6444 | 8/1/04 – 8/31/04 | $70,457.00 | $1,764.40 (Stroock) | $56,365.60 | $1,764.40 |
| October 14, 2004 D.I 6625 | 9/1/04 – 9/30/04 | $83,903.50 | $1,535.61 (Stroock) $27,142.00 (Navigant August) | $67,122.80 | $28,677.61 |
| December 3, 2004 D.I. 7086 | 10/1/04 – 10/31/04 | $200,155.50 | $1,368.18 (Stroock) $ 24,659.00 (Navigant September) | $160,124.40 | $26,027.18 |
| January 7, 2005 D.I. 7481 | 11/1/04 – 11/30/04 | $218,608.50 | $14,019.09 (Stroock) $25,102.80 (Navigant October) $27,972.34 (Navigant November) | $174,886.80 | $67,094.23 |
| February 2, 2005 D.I. 7667 | 12/1/04 – 12/31/04 | $235,503.70 | $10,442.92 (Stroock) $62,687.97 (Navigant December) | $188,402.96 | $73,130.89 |
| March 15, 2005 D.I. 8026 | 1/1/05 – 1/31/05 | $187,168.00 | $4,411.55 (Stroock) $15,686.00 (Navigant January) | $149,734.40 | $20,097.55 |
| April 1, 2005 D.I. 8155 | 2/1/05 – 2/28/05 | $108,180.25 | $8,102.85 (Stroock) $18,303.37 (Navigant February) | $86,544.20 | $26,406.22 |
| April 29, 2005 D.I. 8305 | 3/1/05~ – 3/31/05 | $56,941.25 | $287.23 (Stroock) $6,114.86 (Navigant March) | $45,553.00 | $6,402.09 |
| June 6, 2005 D.I. 8562 | 4/1/05- 4/30/05 | $127,695.00 | $3,531.45 (Stroock) $20,129.06 (Navigant April) | $102,156.00 | $23,660.51 |
| June 28, 2005 D.I. 8704 | 5/1/05- 5/31/05 | $98,569.00 | $4,871.74 (Stroock) | $78,855.20 | $858.21 |

4

| | | Payment Requested | | Payment Approved | |
|---|---|---|---|---|---|
| August 3, 2005 D.I. 9135 | 6/1/05-6/30/05 | $114,903.75 | $4,871.74 (Stroock) $34,075.28 (Navigant June) | $91,923.00 | $38,947.02 |
| September 8, 2005 D.I. 9356 | 7/1/05 – 7/31/05 | $117,780.75 | $2,088.44 (Stroock) $2,211.00 (Navigant) | $94,224.60 | $4,299.44 |
| October 4, 2005 D.I. 9565 | 8/1/05 – 8/31/05 | $106,796.25 | $5,046.99 (Stroock) $18,550.00 (Navigant) | $85,437.00 | $23,596.99 |
| November 1, 2005 D.I. 10951 | 9/1/05 – 9/30/05 | $67,697.50 | $1,399.68 (Stroock) $1,197.50 (Navigant) | | |

SSL-DOCS1 1626848v2

**Quarterly Fee Applications**

| Date Filed | Period Covered | Payment Requested | | Order Approving Amount of: | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| July 30, 2001 D.I.770 (First) | 4/12/01-6/30/01 | $369,873.75 | $19,318.00 | $369,873.75 | $19,318.75 |
| November 1, 2002 D.I.1068 (Second) | 7/1/01 – 9/31/01 | $204,923.50 | $15,015.57 | $204,923.50 | $15,015.57 |
| February 8, 2002 D.I.1658 (Third) | 10/1/01 – 12/31/01 | $329,842.00 | $21,880.90 $9,918.43[*] | $329,842.00 | $21,880.90 (Stroock) $9,918.43 (Chambers) |
| May 16, 2002 D.I.2064 (Fourth) | 01/01/02 – 03/31/02 | $267,170.20 | $6,149.76 $36,352.60* | $266,865.70 | $6,144.85 (Stroock) $22,002.76 (Chambers) |
| August 16, 2002 D.I.2557 (Fifth) | 04/01/02 – 06/30/02 | $245,259.00 | $6,784.97 $167,629.78* | $245,259.00 | $6,784.97 (Stroock) $167,629.78 (Chambers |
| November 18, 2002 D.I.3045 (Sixth) | 07/01/02 – 09/30/02 | $280,471.77 | $28,358.07 $17,814.45* | $224,534.21[1] | $28,358.07 (Stroock)[1] $17,814,45 (Chambers)[1] |
| March 25, 2003 D.I.3549 (Seventh) | 10/01/02 – 12/31/03 | $171,108.00 | $25,000.84 $1,780.75* | $136,886.40[2] | $25,000.84 (Stroock)[2] $1,780.75 (Chambers)[2] |

---

[*]    These amounts relate to the Committee's Asbestos Issues Expert.

[1]    Court Order dated March 14, 2003 approved fees in the amount of $276,535.77 and expenses in the amount of $45,477.52.

[2]    Court Order dated July 28, 2003 approved fees in the amount of $171,108.00 and expenses in the amount of $26,412.62.

6

| | | Payment Requested | | Order Approving Amount of: | |
|---|---|---|---|---|---|
| May 20, 2003<br>D.I. 3815<br>(Eighth) | 1/1/03 –<br>3/31/03 | $224,358.50 | $9,424.04<br>$1,077.80* | $224,615.50[3] | $9,424.04<br>(Stroock)[3]<br>$1,077.80<br>(Chambers)[3] |
| August 29, 2003<br>D.I. 4357<br>(Ninth) | 4/1/03 –<br>6/30/03 | $215,903.50 | $2,726.28<br>$67,628.50* | $215,903.50[4] | $2,726.28<br>(Stroock)[4]<br>$67,628.50<br>(Chambers)[4] |
| December 5, 2003<br>D.I. 4778<br>(Tenth) | 7/1/03 –<br>9/30/03 | $218,222.00 | $4,339.46<br>$36,865.19* | $218,222.00[5] | $4,339.46<br>(Stroock)[5]<br>$36,865.19<br>(Chambers)[5] |
| March 2, 2004<br>D.I. 5212<br>(Eleventh) | 10/1/03 –<br>12/31/03 | $215,718.50 | $5,950.82<br>$100,349.50* | $215,718.50[6] | $5,922.67<br>(Stroock)[6]<br>$100,349.50<br>(Chambers)[6] |
| May 18, 2004<br>D.I. 5597<br>(Twelfth) | 1/1/04 –<br>3/31/04 | $254,857.00 | $9,965.36<br>$83,147.07* | $254,857.00[7] | $9,965.36<br>(Stroock)[7]<br>$83,147.07<br>(Navigant)[7] |
| August 26, 2004<br>D.I. 6269<br>(Thirteenth) | 4/1/04 –<br>6/30/04 | $353,629.50 | $7,760.42<br>$272,474.16* | $353,629.50[8] | $7,760.42<br>(Stroock)[8]<br>$272,474.16<br>(Navigant)[8] |

---

[3]    Court Order dated September 22, 2003 approved fees in the amount of $224,033.50 and expenses in the amount of $10,410.22.

[4]    Amended Court Order dated December 23, 2003 approved fees in the amount of $215,903.50 and expenses in the amount of $70,354.78.

[5]    Court Order dated April 26, 2004 approved fees in the amount of $218,222.00 and expenses in the amount of $41,204.65.

[6]    Court Order dated June 16, 2004 approved fees in the amount of $215,718.50 and expenses in the amount of $106,272.17.

[7]    Court Order dated September 27, 2004 approved fees in the amount of $254,857.00 and expenses in the amount of $93,011.96.

[8]    Court Order dated January 25, 2005 approved fees in the amount of $353,629.50 and expenses in the amount of $280,234.58.

7

| | | Payment Requested | | Order Approving Amount of: | |
|---|---|---|---|---|---|
| November 10, 2004 D.I. 6871 (Fourteenth) | 7/1/04 – 9/30/04 | $226,702.50 | $6,705.08 $67,569.50* | $226,702.50[9] | $6,705.08 (Stroock)[9] $67,569.50 (Navigant)[9] |
| February 22, 2005 D.I. 7851 (Fifteenth) | 10/1/04 – 12/31/04 | $653,133.20 | $25,830.19 $140,422.11* | $648,355.70[10] | $25,830.19 (Stroock)[10] $140,422.11 (Navigant)[10] |
| May 16, 2005 D.I. 8468 (Sixteenth) | 1/1/05- 3/31/05 | $352,289.50 | $12,746.23 $40,104.23* | $349,644.00 | $12,746.23 (Stroock)[11] $40,104.23 (Navigant) |
| August 19, 2005 D.I. 9225 (Seventeenth) | 4/1/-5 – 6/30/05 | $340,821.25 | $9,261.40 $54,204.34* | | |

---

[9]     Court Order dated March 22, 2005 approved fees in the amount of $226,702.50 and expenses in the amount of $74,274.58.

[10]    Court Order dated June 29, 2005 approved fees in the amount of $648,335.70 and expenses in the amount of $166,252.30.

[11]    Court Order dated September 27, 2005 approved fees in the amount of $349,644.00 and expenses in the amount of $52,850.46.

8

**WR GRACE & CO**
**ATTACHMENT B**
**JULY 1, 2005 - SEPTEMBER 30, 2005**

| | Hours | Rate | Amount | No. of Years In Position |
|---|---|---|---|---|
| **Partners** | | | | |
| Dibernardo, Ian G. | 25.7 | $ 550 | $ 14,135.00 | 1 |
| Greenberg, Mayer | 2.5 | 635 | 1,587.50 | 7 |
| Kruger, Lewis | 50.5 | 795 | 40,147.50 | 35 |
| Pasquale, Kenneth | 90.0 | 605 | 54,450.00 | 6 |
| Speiser, Mark A. | 1.8 | 735 | 1,323.00 | 18 |
| | | | | |
| **Associates** | | | | |
| Berg, Madelaine | 0.2 | 550 | 110.00 | 25 |
| Bonitatibus, Kara M. | 3.3 | 330 | 1,089.00 | 3 |
| Eichler, Mark | 2.9 | 515 | 1,493.50 | 7 |
| Krieger, Arlene G. | 312.1 | 550 | 171,655.00 | 21 |
| Minias, Joseph G. | 2.5 | 355 | 887.50 | 1 |
| | | | | |
| **Paraprofessionals** | | | | |
| Holzberg, Ethel H. | 13.3 | 210 | 2,793.00 | 3 |
| Lawler, Elizabeth B. | 24.9 | 210 | 5,229.00 | 1 |
| Mohamed, David | 54.2 | 130 | 7,046.00 | 16 |
| Serrette, Rosemarie | 16.2 | 210 | 3,402.00 | 17 |
| | | | | |
| **TOTAL** | 600.1 | | $ 305,348.00 | |
| **LESS 50% TRAVEL** | (21.5) | | (13,504.50) | |
| **TOTAL** | 578.6 | | $ 291,843.50 | |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | **Chapter 11** |
| **W. R. GRACE & CO., et al.**[1] | ) | **Case No. 01-01139 (JKF)** |
| | ) | |
| Debtors. | ) | **Jointly Administered** |

**EIGHTEENTH QUARTERLY FEE APPLICATION BY STROOCK & STROOCK & LAVAN LLP, COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF W. R. GRACE & CO., et al, FOR INTERIM COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR SERVICES RENDERED DURING THE PERIOD FROM JULY 1, 2005 THROUGH SEPTEMBER 30, 2005**

Stroock & Stroock & Lavan LLP ("Stroock" or "Applicant"), counsel to the Official

Committee of Unsecured Creditors (the "Committee") of W. R. Grace & Co. ("Grace") and its

sixty-one domestic subsidiaries and affiliates that are debtors and debtors-in-possession (the

"Debtors") in this Court, for its application pursuant to 11 U.S.C. §§ 330 and 331 and in

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings. Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, and H-G Coal Company.

accordance with the Administrative Fee Order (defined below) for interim allowance of

compensation for services rendered and for reimbursement of expenses incurred in connection

therewith, respectfully represents as follows:

## INTRODUCTION

1.    By this application (the "Application"), Stroock seeks (i) an interim allowance of

compensation for the professional services rendered by Stroock as counsel for the Committee for

the period from July 1, 2005 through September 30, 2005 (the "Compensation Period") in the

aggregate amount of $291,843.50 representing 493.3 hours of professional services and 108.6

hours of paraprofessional services; and (ii) reimbursement of actual and necessary expenses

incurred by Stroock during the Compensation Period in connection with the rendition of such

professional services and paraprofessional services in the aggregate amount of $8,534.71, as well

as the fees and expenses of the asbestos issues expert employed by the Committee pursuant to

the Court's June 22, 2001 Order Authorizing the Retention of Experts (the "Asbestos Issues

Expert") in respect of services rendered in the months of July through September of 2005 in the

aggregate amount of $31,958.50.

2.    Venue of this proceeding and this application is proper in this district pursuant to

28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought herein are 11 U.S.C.

§§ 330 and 331 and Federal Rules of Bankruptcy Procedure 2002(a) and 2016.

## BACKGROUND

3.    On April 2, 2001 (the "Petition Date"), each of the Debtors filed voluntary

petitions for reorganization under chapter 11 of the Bankruptcy Code and have continued in the

management and operation of their businesses and property pursuant to §§ 1107 and 1108 of the

2

Bankruptcy Code. Pursuant to an order of the Court, the Debtors' chapter 11 cases have been procedurally consolidated and are being jointly administered.

4.      The Debtors operate a world-wide specialty chemicals and materials business and employ approximately 3860 full and part-time employees. On a consolidated basis, for the fiscal year 2000, Grace reported a net loss of $89.7 million[2] from $1.59 billion in net revenues. The Debtors' bankruptcy filings report that in fiscal year 2000, on a consolidated basis, Grace's sales are generated approximately 50% by the Debtors and 50% by the Debtors' non-debtor subsidiaries and affiliates.

5.      On April 12, 2001, the United States Trustee formed the Committee. During the first meeting of the Committee on April 12, 2001, the Committee duly selected Stroock as its counsel to represent the Committee in all matters during the pendency of the Debtors' Chapter 11 cases. The Committee thereafter approved the retention of Duane, Morris & Heckscher LLP (n/k/a Duane Morris LLP) ("DM&H") as its local Delaware counsel. During the Compensation Period, on December 3, 2003, a second amended notice of appointment of the Committee was filed by the United States Trustee.

6.      The United States Trustee also appointed two separate official committees to represent the interests of claimants asserting asbestos-related personal injury claims and asbestos-related property damage claims against the Debtors (collectively, the "Asbestos Claim Committees"). On June 18, 2001, the United States Trustee appointed an official committee to represent the interests of equity security holders of the Debtors (the "Equity Committee").

---

[2]       The Debtors' pleadings further reported that this net loss resulted in part from a $294.0 million asbestos-related charge to earnings recorded in the fourth quarter of 2000.

7.    By order dated May 24, 2004, the Court authorized the appointment of a legal representative for future asbestos claimants (the "Futures Representative").

8.    By application dated May 1, 2001, Stroock sought Court approval for its retention as counsel to the Committee nunc pro tunc to April 12, 2001. The Court signed an order approving Stroock's retention as counsel to the Committee on May 30, 2001.

9.    This is the eighteenth quarterly interim application Stroock has filed with the Court for an allowance of compensation and reimbursement of expenses for services rendered to the Committee. This Application is submitted pursuant to the terms of the Administrative Order Under §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, approved by the Court on May 3, 2001 as amended by order dated April 19, 2002 (collectively, the "Administrative Fee Order").

10.    In accordance with the procedures established by the Administrative Fee Order, Stroock had, at the time of filing of this Application, received payment from the Debtors for 80% of the fees and 100% of Stroock's expenses requested, and not objected to, in the July 2005 fee statement encompassed within this Compensation Period. Stroock has not yet received payment for the fees and expenses requested in the August 2005 and September 2005 fee statements. In addition, Stroock has received payment from the Debtors in the amount of $2,211.000, representing the fees and expenses of Navigant Consulting, Inc. ("Navigant") formerly known as Chambers Associates, the Asbestos Issues Expert for the Committee, for the month of July 2005, but has not received payment in respect of the fees and expenses of the Asbestos Issues Expert

4

for the months of August and September 2005. Applicant has received no other payments and no promises for payment from any source for services rendered in connection with these cases for the months encompassing this Compensation Period other than as immediately set forth above. There is no agreement or understanding between the Applicant and any other person (other than members of Stroock) for the sharing of compensation to be received for the services rendered in these cases.

11.     As stated in the Affidavit of Kenneth Pasquale, Esq. annexed hereto as Exhibit "A," all of the services for which interim compensation is sought herein were rendered for and on behalf of the Committee solely in connection with these cases.

## SUMMARY OF SERVICES RENDERED

12.     Since being retained by the Committee, Stroock has rendered professional services to the Committee as requested and as necessary and appropriate in furtherance of the interests of the unsecured creditors of the Debtors' estates. The variety and complexity of these cases and the need to act or respond on an expedited basis in furtherance of the Committee's needs have required the expenditure of substantial time by personnel from several legal disciplines, on an as-needed basis, including in certain instances, working into the evening and on weekends.

13.     Stroock maintains written records of the time expended by attorneys and paraprofessionals in the rendition of their professional services to the Committee. Such time records were made contemporaneously with the rendition of services by the person rendering such services and in the ordinary course of Stroock's practice, and are presented in compliance with Delaware Local Rule 2016-2(d) amended effective as of September 1, 2002. A compilation

5

showing the name of the attorney or paraprofessional, the date on which the services were performed, a description of the services rendered, and the amount of time spent in performing the services during the Compensation Period is annexed hereto as Exhibit "B". In addition, Exhibit "C" hereto contains a summary of the hours expended by each of the attorneys and paraprofessionals during the Compensation Period, their normal hourly rates, and the value of their services.

14.    Stroock also maintains records of all actual and necessary out-of-pocket expenses incurred in connection with the rendition of its professional services, all of which are also available for inspection. A schedule of the categories of expenses and amounts for which payment is requested is annexed hereto as Exhibit "D".

15.    Stroock respectfully submits that the professional services that it rendered on behalf of the Committee were necessary and have directly benefited the creditor constituents represented by the Committee and have contributed to the effective administration of these cases.

16.    The following summary of the services rendered during the Compensation Period is not intended to be a detailed description of the work performed, as those day-to-day services and the time expended in performing such services are fully set forth in Exhibit "B". Rather, it is merely an attempt to highlight certain of these areas in which services were rendered to the Committee, as well as to identify some of the problems and issues to which Stroock was required to direct its attention.

6

## Claim Analysis Objection, Resolution & Estimation (Asbestos) -- Category 0003

17.      As reflected in prior compensation applications, in mid-November 2004, the Debtors filed a reorganization plan and numerous related pleadings including their motion seeking the estimation of asbestos claims and the establishment of a schedule and procedures for carrying out the estimations (the "Estimation Motion") and their motion to establish post-confirmation litigation protocols for liquidating asbestos claims (the "Case Management Motion").  Stroock prepared and filed on behalf of the Committee responses joining the Debtors in support of those Motions.  Objections to the Debtors' Estimation Motion and Case Management Motion were filed by the Asbestos Claim Committees. The Court held a hearing on the Estimation Motion on January 21, 2005 during which the Court directed the Debtors and each of the Asbestos Claim Committees to work together to prepare case management orders to govern the estimation of asbestos property damage and asbestos personal injury claims (the "Estimation CMOs") and to agree on a proposed form of Debtors' questionnaire (the "Questionnaire") for asbestos personal injury claimants who had commenced pre-petition litigation against the Debtors ("PI Pre-Petition Litigation Claimants").

18.      After being unable to obtain the agreement of the PI Committee and the Futures Representative to the Debtors' proposed Estimation CMO for PI Claims (the "PI CMO") and to a form of Questionnaire to be used, the Debtors, during the prior Compensation Period, filed a motion and accompanying brief seeking the Court's approval for the Debtors' proposed form of PI CMO and Questionnaire, and Stroock filed a response on behalf of the Committee in support of the Debtors' PI CMO and Questionnaire Motion.

7

19.    During this Compensation Period, Stroock reviewed the other responses and objections filed to the Debtors' PI CMO and related Questionnaire, and to the Debtors' two proposed CMOs for property damage claims (the "PD CMOs"); one to govern the Debtors' claims objection process and the other to govern the estimation of PD Claims, and reviewed the various drafts of the proposed Estimation CMOs and Questionnaire that were circulated, providing comment on them where appropriate.

20.    During the June 27, 2005 hearing, the Court directed representatives for the Debtors, each of the official committees and the futures representative to meet in person to see whether they could come to agreement on the issues in dispute with the estimation procedures and schedules, as well as with respect to a process for plan negotiations.  Stroock prepared for and attended this extended settlement conference held on July 8, 2005 at the offices of Kirkland & Ellis in Washington, D.C., as well as a subsequent conference call with representatives for all parties to discuss the further revised PI CMO and related Questionnaire.

21.    Also during this Compensation Period,  Stroock reviewed deposition transcripts from prior litigation in these cases to assess their potential use by the Committee in the estimations, attended to a number of estimation-related issues identified by Navigant Consulting, the Commmittee's asbestos issues expert, and reviewed the discovery produced by Grace to the PD Committee.

22.    In addition, during this Compensation Period, several other estimation-related motions were filed including (i) the Debtors' motion seeking authorization to take discovery of counsel representing the PI Pre-Petition Litigation Claimants and approving a form of

8

questionnaire for that purpose, (ii) the PD Commmittee's motion for authority to retain special

counsel for the estimations, and (iii) the Certain Insurers' motion for access to 2019 statements

filed by PI Claimants' counsel with the Court.  Stroock reviewed each of these motions and all

related pleadings filed in opposition thereto, and as reflected in other categories of the services

rendered by Stroock, informed the Committee of such matters.

23.      Further, during this Compensation Period, Stroock reviewed the Debtors' motion

seeking to expand the preliminary injunction to include all pending state court actions and other

similar actions to be filed against the State of Montana with respect to alleged exposure to

asbestos caused by the Debtors (the "Montana Injunction Motion"), and case law cited to therein.

Stroock has expended 137.8 hours on this category for a fee of $79,806.50.

## Asset Analysis and Recovery -- Category 0008

24.      During this Compensation Period, Stroock attended to the Debtors' motion

seeking to acquire the technology and certain other assets of Single-Site Catalysts, Inc.  Stroock

discussed this matter with Capstone and reviewed and provided comment to Capstone on its

proposed memorandum to the Committee discussing the proposed acquisition.  Stroock has

expended 3.6 hours on this category for a fee of $1,980.00.

## Asset Dispositions, Sales, Uses and Leases (Section 363)  - Category 0009

25.      During this Compensation Period, we received notice from the Debtors of their

proposal to sell substantially all of the assets of their Specialty Polymers business in Owensboro,

Kentucky, excluding the land, to SANCAP Liner Technology, Inc. ("SANCAP").  Stroock

discussed this matter with Capstone including Capstone's analyses thereof and prepared a

memorandum for the Committee discussing the proposed sale.  Subsequently, the Debtors

9

received an alternative bid from another entity that had earlier participated in the due diligence and sale process. Stroock reviewed information received on the alternative bid, discussed the same with Capstone and participated on a conference call with representatives for the Debtors and other parties-in-interest. Stroock thereafter reviewed Capstone's memorandum to the Committee discussing the alternative bid and Debtors' position thereon. Stroock has expended 8.6 hours on this category for a fee of $5,931.50.

### Business Operations -- Category 0013

26.     During this Compensation Period, Stroock reviewed the Company's May 2005 financial package, and Capstone's report on the Company's second quarter 2005 operations and year to date results, and discussed the same with Capstone. Stroock has expended 2.4 hours on this category for a fee of $1,320.00.

### Case Administration -- Category 0014

27.     As reported in prior monthly compensation applications, towards the end of the November 2001 compensation period, Stroock was informed that these chapter 11 cases were being reassigned to District Court Judge Alfred Wolin. A number of orders were issued during the month of December 2001 relating to the reassignment of these cases to Judge Wolin and the reference of these cases to Judge Judith Fitzgerald. As reported in the prior compensation period Judge Wolin was recused from these cases and the cases were reassigned to District Court Judge Ronald L. Buckwalter.

28.     During this Compensation Period, Stroock continued to closely monitor the items on the Court's general chapter 11 docket for these cases, as well as those dockets relating to each of the adversary proceedings pending in these chapter 11 cases, to ensure that the Committee was

10

fully informed about all pending motions and adversary proceedings and that Stroock would be ready to timely respond on behalf of the Committee, as might be applicable. Stroock continued to engage Debtors' counsel and Capstone on an on-going basis with respect to pending matters and information requests, and reviewed agenda notices prepared for Judge Fitzgerald during the Compensation Period in respect of the hearings scheduled to be held each month during the period. In addition, during this Compensation Period, Stroock discussed the scheduling of a number of conference calls with Debtors' counsel and Capstone. Also during this Compensation Period, Stroock prepared a response to the Fee Auditor's initial report on Stroock's Sixteenth Quarterly Fee Application and filed and served the Committee's joinder to the Debtors' Montana Injunction Motion, and the Committee's objection to the Debtors' motion for approval of the Intercat Settlement Agreement. Stroock has expended 101.9 hours on this category for a fee of $33,967.00.

### Claims Analysis, Objection and Resolution (Non-Asbestos) -- Category 0015

29.     The Debtors filed a motion during this Compensation Period seeking authorization to participate in an $850.0 million settlement fund established by Marsh & McLennan Companies, Inc. under a January 2005 agreement with New York's Attorney General and Superintendent of Insurance, among other parties (the "Marsh Settlement Motion"), and filed two stipulations permitting late claims filed by certain insurance companies to be deemed timely filed. Stroock reviewed the Marsh Settlement Motion and the stipulations and requested, and then reviewed, additional information with respect to each of these matters. Stroock has expended 2.6 hours on this category for a fee of $1,430.00.

11

## Committee, Creditors' Noteholders' or Equity Holders' -- Category 0017

30.    During the Compensation Period, Stroock communicated with the members of the full Committee through numerous memoranda and telephone calls.  In order to keep the Committee fully informed of all of the pending matters in these cases, and thus enable the Committee to take informed positions on those issues, Stroock reviewed and summarized the motions, other pleadings and notices filed by the Debtors and other parties in interest in these cases and the responses filed, raised issues the Committee should be aware of, and made recommendations to the Committee concerning appropriate actions to be taken with regard to the pleadings, communicated with members of the Committee regarding the positions to be taken, engaged counsel for the Debtors, and other parties and movants, as applicable, with the Committee's questions and concerns, negotiated whenever and to the extent possible consensual resolutions of outstanding issues and acceptable forms of proposed orders and advised the Committee of the Court's rulings.

31.    The motions, settlement agreements, and other materials Stroock reviewed during the Compensation Period, prepared memoranda to the Committee on and discussed with the Committee, as applicable, included, among other matters, (i) the Debtors' Marsh Settlement Motion, (ii) the Debtors' motion for an order approving the settlement with Intercat, Inc. (the "Intercat Settlement Motion"), (iii) the Debtors' Montana Injunction Motion and (iv) the Debtors' emergency motion for authorization to take discovery of counsel for certain PI Claimants.

32.    In addition, Stroock prepared extensive memoranda to the Committee discussing the July 8, 2005 settlement conference, and the omnibus hearings held before Judge Fitzgerald

12

on July 19, 2005 and August 29, 2005. Further, Stroock prepared and filed on behalf of the Committee, an objection to the Debtors' Intercat Settlement Motion and a joinder to the Debtors' Montana Injunction Motion.

33.     Through its correspondence and communication with the Committee, Stroock has assisted the Committee in fulfilling its statutory duties to make informed decisions and express the Committee's views regarding the issues which arise in these cases, to support the establishment of appropriate processes for the estimation of the Debtors' asbestos liabilities, and participate in the estimation proceedings and in the preparation of a plan providing appropriate treatment for the creditors represented by the Committee. Stroock has expended 73.4 hours on this category for a fee of $41,097.00.

### Fee Application, Applicant -- Category 0018

34.     During this Compensation Period, Stroock prepared its fee statements for the months of June 2005, July 2005 and August 2005, and related notices and certifications of no objection. Stroock also prepared its Seventeenth Quarterly Fee Application covering the period from April 1, 2005 through June 30, 2005 (the "Prior Compensation Application"), including a narrative section summarizing the services rendered during that period by Stroock and numerous fee and expense schedules, as required by the Administrative Fee Order entered by the Court. Stroock has expended 64.5 hours on this category for a fee of $23,331.00.

### Creditor Inquiries -- Category 0019

35.     During this Compensation Period, Stroock responded to a number of inquiries from unsecured creditors with respect to the status of the Debtors' Amended Plan, the proposed processes for estimating asbestos liabilities and related issues, the status and prospects for

13

asbestos legislation and the impact of the proposed legislation on the Debtors' Amended Plan and chapter 11 cases, and the results of the hearings held during this Period. Stroock has expended 2.9 hours on this category for a fee of $1,427.50.

### Fee Application, Others -- Category 0020

36.    During the Compensation Period, Stroock prepared notices and certifications with respect to Capstone's monthly fee statements for the months of May and July 2005 and with respect to Capstone's sixth quarterly fee application, discussed with Capstone the Fee Auditor's final report on Capstone's fifth quarterly application, and attended to fee applications filed by various other professionals. Stroock has expended 9.8 hours on this category for a fee of $2,306.00.

### Executory Contracts/Unexpired Leases (Assumption and Rejection -- Category 0022

37.    The Debtors filed a motion seeking authorization to assume and assign a real property lease and sublease in Philadelphia, PA, under which Grace was tenant and sublessor, and to liquidate fees owing to Grace under a related agreement. During this Compensation Period, Stroock reviewed the motion, requested additional related documentation and materials and participated on a conference call with Debtors' in-house real estate personnel discussing the proposed transaction. Stroock has expended 2.1 hours on this category for a fee of $1,155.00.

### Litigation and Litigation Consulting -- Category 0032

38.    During this Compensation Period, the Debtors filed a motion seeking approval of a settlement of pending patent infringement litigation with Intercat, Inc. Stroock reviewed the motion, the most current drafts of the agreements comprising the proposed settlement, discussed

14

this matter with Debtors' in-house and outside intellectual property counsel, obtained and reviewed additional information and documentation from counsel for our analysis, prepared a comprehensive memorandum for the Committee discussing the settlement and identifying material provisions remaining to be negotiated and memorialized into the settlement, and prepared and filed with the Court on behalf of the Committee an objection to the Court's approval of the Intercat Settlement.

39.     Also during this Compensation Period, the Debtors filed with the Court a motion seeking to enjoin the civil action (the "Action") commenced by the New Jersey Department of Environmental Protection ("NJDEP") in New Jersey State Court (the "State Court") against Grace and two individual defendants in connection with Grace's former vermiculite processing plant in Hamilton, New Jersey (the "Hamilton Plant"), a related complaint seeking declaratory and injunctive relief, and with the United States District Court for the District of New Jersey a related notice removing the Action to the District Court.  Stroock reviewed these pleadings and the case law cited to therein.  Stroock has expended 77.8  hours on this category for a fee of $42,880.50.

### Travel – Non Working -- Category 0035

40.     Stroock's fees in this category during this Compensation Period relate to travel (i) to and from Washington, DC in July 2005 to represent the Committee at the Court directed meeting to address outstanding issues in respect of the PI and PD CMOs for the estimation proceedings and other plan-related matters, (ii) to and from Pittsburgh, Pennsylvania for hearings before Judge Fitzgerald in July 2005, and (iii) to Wilmington, Delaware for hearings before

15

Judge Fitzgerald in August 2005 and September 2005.  Stroock has expended 43.1 hours on this category for a fee of $27,009.00.

### Plan and Disclosure Statement -- Category 0036

41.     As reported in the prior compensation application, the Debtors' filed a motion seeking a further six-month extension of their exclusive periods to file and solicit acceptances on a plan and following separate objections filed in response to the motion by each of the Asbestos Claim Committees and the Futures Representative, the Debtors filed a reply.  At the June 27, 2005 hearings, the Court directed the Debtors to file a report with the Court setting forth what impact terminating exclusivity would have on the Debtors' businesses.  The Debtors filed their Exclusivity Report during this Compensation Period.  Stroock reviewed the Exclusivity Report and the responses filed by parties-in-interest to the Report and communicated with the Committee about this matter.  Also during this Compensation Period, Stroock attended to the Third Circuit's decision on substantive consolidation to see its impact and application to the Grace cases.  As reflected in this and other categories of services rendered during this Compensation Period, Stroock reviewed each of these pleadings, and communicated with the Committee about these matters.  Stroock expended 15.9 hours on this category for a fee of $9,220.50.

### Hearings -- Category 0037

42.     During this Compensation Period, Judge Fitzgerald held three omnibus hearings; two hearings in Wilmington, Delaware and the third, an all-day hearing in Pittsburgh, Pennsylvania.  Stroock reviewed all relevant pleadings, orders, stipulations and other documentation in advance of the hearings, which as already described in this Application

16

addressed a variety of motions and issues, including the differing proposed processes for

estimating asbestos personal injury and property damage claims, the parties' differing positions

with respect to a questionnaire for PI Pre-Petition Litigation Claimants, and prepared for the

hearings and advocated the Committee's positions.  Stroock expended 36.6 hours on this

category for a fee of $23,153.50.

### Employment Applications – Others -- Category 0040

43.     During this Compensation Period, Stroock reviewed the retention pleadings filed

by the Debtors seeking to (i) expand the services of Pitney Hardin as special counsel to include

the NJDEP Action, and discussed this matter with Debtors' General Counsel, (ii) amend their

retention of the Nelson, Mullins firm to include additional litigation-related services and

(iii) retain the Foley Hoag firm as special environmental counsel.  Stroock expended 4.1 hours

on this category for a fee of $2,475.50.

### Relief from Stay Proceedings – Category 0041

44.     As reported in the prior compensation application, the State of Montana filed a

motion seeking relief from the stay so that W. R. Grace and W. R. Grace – Conn. could be joined

as third party defendants in nearly 100 actions currently pending against Montana before various

Montana state courts, in which the plaintiffs allege personal injuries caused by exposure to

asbestos presumably relating to the Debtors' Libby, Montana operations.  Stroock reviewed the

motion, the decisions cited to in the motion, other related pleadings and decisions and portions of

transcripts of earlier hearings in these cases discussing Libby-related matters, discussed this

matter with Debtors' counsel, reviewed relevant case law, prepared memoranda for the

Committee and prepared an objection to the motion on behalf of the Committee.  Stroock also

17

reviewed the objections filed by the Debtors and other parties-in-interest in these cases to the motion. As reflected in Category 0003, during this Compensation Period the Debtors filed a motion seeking to have the Court expand the preliminary injunction to encompass the state court actions and any other similar actions brought against Montana that arise from alleged exposure to asbestos caused by the Debtors. Certain of the services rendered in connection with reviewing the Debtors' motion and related complaint are reflected in this category of services. Stroock expended 0.8 hours on this category for a fee of $484.00.

### Tax Issues -- Category 0047

45.     Stroock rendered tax-related services during this Compensation Period in connection with the Debtors' motion seeking approval of three separate settlements with different state taxing authorities, including reviewing the motion and discussing with Capstone a request for additional information, participating on a conference call with Debtors' in-house tax personnel and other representatives, providing comment to the memorandum for the Committee prepared by Capstone and communicating to Debtors' representatives comments to the proposed form of order approving the settlements. Stroock expended 12.2 hours on this category for a fee of $6,943.50.

## FACTORS TO BE CONSIDERED IN AWARDING ATTORNEYS' FEES

46.     The factors to be considered in awarding attorneys fees have been enumerated in In re First Colonial Corp. of America, 544 F.2d 1291, 1298-99 (5th Cir. 1977), reh'g denied, 547 F.2d 573, cert. denied, 431 U.S. 904; these standards have been adopted by most courts. Stroock respectfully submits that a consideration of these factors should result in this Court's allowance of the full compensation sought.

18

The Time and Labor Required.  The professional services rendered by Stroock on behalf of the Committee have required the expenditure of substantial time and effort, as well as a high degree of professional competence and expertise, in order to deal with the complex issues encountered by the Committee with skill and dispatch.  Occasionally, Stroock has been required to perform these services under significant time constraints requiring work late into the evening and on weekends.  The services rendered by Stroock were performed efficiently, effectively and economically.

The Novelty and Difficulty of Questions.  Novel and complex issues have already arisen in the course of these Chapter 11 cases, and it can be anticipated that other such issues will be encountered.  In this case, as in many others in which the firm is involved, Stroock's effective advocacy and creative approach have helped clarify and resolve such issues and will continue to prove beneficial.

The Skill Requisite to Perform the Legal Services Properly.  Stroock believes that its recognized expertise in the area of corporate reorganization, its ability to draw from highly experienced professionals in other areas of Stroock's practice, and its creative approach to the resolution of issues, are and will continue to contribute to the maximization of the distributions to the Debtors' unsecured creditors.

19

The Preclusion of Other Employment by Applicant Due to Acceptance of
the Case.  Due to the size of Stroock's insolvency department, Stroock's
representation of the Committee has not precluded its acceptance of new
clients.  However, the volume of the matters needing attention on a
continuing basis has required several of the attorneys to commit
significant portions of their time to these cases.

The Customary Fee.  The fee sought herein is based upon Stroock's
normal hourly rates for services of this kind.  Stroock respectfully submits
that the fee sought herein is not unusual given the magnitude and
complexity of these cases and the time expended in attending to the
representation of the Committee, and is commensurate with fees Stroock
has been awarded in other cases, as well as with fees charged by other
attorneys of comparable experience.

Whether the Fee is Fixed or Contingent.  Pursuant to §§ 330 and 331 of
the Bankruptcy Code, all fees sought by professionals employed under
§ 1103 of the Code are contingent pending final approval by this Court,
and are subject to adjustment dependent upon the services rendered and
the results obtained.

Time Limitations Imposed by Client or Other Circumstances.  As already
indicated, Stroock has attended to the various issues arising in these cases.
Occasionally, Stroock has had to perform those services under significant

20

time constraints requiring attorneys assigned to these cases to work evenings and on weekends.

The Amount Involved and Results Obtained.  Through the efforts of Stroock, the Committee has been an active participant in these Chapter 11 cases from the very first days of its formation, and its assistance, as well as constructive criticism, has greatly contributed to the efficient administration of these cases.

The Experience, Reputation and Ability of the Attorneys.  Stroock has one of the largest and most sophisticated insolvency practices in the nation and has played a major role in numerous cases of national import including: Acme Metals, Inc., Hillsborough Holdings Corporation, Laclede Steel Company, Gulf States Steel, Inc. of Alabama, The LTV Corporation, Wheeling-Pittsburgh Steel Corporation, Allis-Chalmers Corporation, The Charter Company, Federated Department Stores, G. Heileman Brewing Company, Inc., Burlington Motor Holdings, Inc., Metallurg, Inc., Forstmann & Company, Inc., Barneys, Inc., Fruehauf Trailer Corporation, Levitz Furniture Incorporated, The Columbia Gas System, Inc., JWP, Inc., Flushing Hospital and Medical Center, Planet Hollywood International, Anchor Glass Container Corporation, Beloit Corporation in the Harnischfeger Industries Chapter 11 Cases, RSL COM U.S.A. Inc, USG Corporation, Formica Corp. Galey & Lord, Inc. and DESA Holdings. Stroock's experience enables it to perform the services described herein

21

competently and expeditiously. In addition to its expertise in the area of corporate reorganization, Stroock has already frequently called upon the expertise of its partners and associates in the litigation, ERISA, tax, environmental and intellectual property law areas to perform the wide ranging scope of the legal work necessitated by these cases.

The "Undesirability" of the Case. These cases are not undesirable, but as already indicated, have required a significant commitment of time from several of the attorneys assigned hereto.

Nature and Length of Professional Relationship. As described above, Stroock has been actively rendering services on behalf of the Committee as necessary and appropriate from April 12, 2001 through to the present.

## ALLOWANCE OF COMPENSATION

47.     The professional services rendered by Stroock required a high degree of professional competence and expertise so that the numerous issues requiring evaluation and determination by the Committee could be addressed with skill and dispatch and have, therefore, required the expenditure of substantial time and effort. It is respectfully submitted that the services rendered to the Committee were performed efficiently, effectively and economically, and the results obtained to date have benefited the Debtors' unsecured creditor body as a whole and the Debtors' estates.

48.     With respect to the level of compensation, § 330 of the Bankruptcy Code provides, in pertinent part, that the Court may award to a professional person (including

attorneys for a creditors' committee): "Reasonable compensation for actual necessary services rendered by [such] . . . professional person.  11 U.S.C. § 330.  Section 330 further states that the court should take into consideration, <u>inter alia</u>, the nature, extent, and value of services performed, as well as the cost of comparable services other than in a case under this title.  <u>Id.</u> The clear Congressional intent and policy expressed in this statute is to provide for adequate compensation in order to continue to attract qualified and competent bankruptcy practitioners to bankruptcy cases.

49.    The total time spent by Stroock attorneys and paraprofessionals during the Compensation Period for which Stroock seeks payment was 578.6 hours.  Such services have a fair market value of $291,843.50.  The work involved, and thus the time expended, was carefully assigned in light of the experience and expertise required for a particular task.

50.    As shown by this Application and supporting documents, Applicant spent its time economically and without unnecessary duplication of time.  Attached hereto as Exhibit "C" are summaries of the hours expended by the attorneys and paraprofessionals during the Compensation Period, their normal hourly rates, and the value of their services.

51.    In addition, Stroock incurred actual out-of-pocket expenses in connection with the rendition of the professional services to the Committee in the sum of $8,534.71 for which Stroock respectfully requests reimbursement in full.  Of the aggregate expenses in (i) the Long Distance Telephone category in the sum of $1,121.26, two conference call meetings of the Committee account for $1,019.70 of the expenses, (ii) the Travel Expenses – Transportation category in the sum of $3,841.03, the airfare, train fare, taxi fare and parking-related charges in

23

respect of Stroock counsel (a) traveling to and from Washington D.C. for the Court-directed
conference held on July 8, 2005, (b) traveling to and from Pittsburgh, Pennsylvania for the
July 19, 2005 omnibus hearings before Judge Fitzgerald, and (c) traveling to Wilmington,
Delaware for the omnibus hearings before Judge Fitzgerald, account in the aggregate for
$3,594.80 of the charges, (iii) the Travel Expenses-Lodging Category in the sum of $1,320.42,
the hotel costs for two Stroock counsel for one night in connection with the July 8, 2005
conference in Washington, D.C. and the July 19, 2005 hearings in Pittsburgh, Pennsylvania
account for 100% of the charges.

52.    The disbursements and expenses have been incurred in accordance with Stroock's
normal practice of charging clients for expenses clearly related to and required by particular
matters.  Such expenses were often incurred to enable Stroock to devote time beyond normal
office hours to matters, which imposed extraordinary time demands.  Stroock has endeavored to
minimize these expenses to the fullest extent possible.

53.    Stroock's billing rates do not include charges for photocopying, telephone and
telecopier toll charges, computerized research, travel expenses, "working meals", secretarial
overtime, postage and certain other office services, because the needs of each client for such
services differ.  Stroock believes that it is fairest to charge each client only for the services
actually used in performing services for it.  Stroock has endeavored to minimize these expenses
to the fullest extent possible.

24

54.     Stroock charges $.10 per page for in-house photocopying services, with respect to computerized research services Stroock charges the actual cost from the vendor, and $1.00 per page for out-going facsimile transmissions.  Stroock does not charge for incoming facsimiles.

55.     Further, in accordance with the Court's June 22, 2001 Order Authorizing the Retention of Experts, this Application seeks payment for the fees and expenses of Navigant, the asbestos issues expert engaged by the Committee, in the aggregate amount of $31,958.50, for the services rendered on behalf of the Committee in the months of July through September of 2005. No agreement or understanding exists between Stroock and any other person for the sharing of any compensation to be received for professional services rendered or to be rendered in connection with these cases.

56.     Stroock has reviewed the requirements set forth in Delaware Local Rule 2016-2, entitled "Motion for Compensation and Reimbursement of Expenses," and believes that this application for interim compensation and reimbursement of expenses is fully in compliance with the rules set forth therein.

57.     No prior application has been made in this or in any other Court for the relief requested herein for the Compensation Period other than as set forth herein.

**WHEREFORE**, Stroock respectfully requests, pursuant to the Administrative Fee Order and the Court's June 22, 2001 Order Authorizing the Retention of Experts:

the allowance of compensation for professional services rendered to the Committee during the period from July 1, 2005 through and including September 30, 2005 in the amount of $291,843.50;

25

the reimbursement of Stroock's out-of-pocket expenses incurred in connection with the rendering of such services during the period from July 1, 2005 through and including September 30, 2005 in the amount of $8,534.71;

the payment of the fees and expenses of the asbestos issues expert employed by the Committee for the months of July, August and September 2005 in the aggregate amount of $31,958.50;

authorizing and directing the Debtors to pay to Stroock each of the amounts set forth in (a) (b) and (c) of this WHEREFORE clause (to the extent not already paid pursuant to the Administrative Fee Order); and

granting such other and further relief as this Court may deem just and proper.

Dated: New York, New York
November ____, 2005

STROOCK & STROOCK & LAVAN LLP


_____
Lewis Kruger
Kenneth Pasquale
Members of the Firm
180 Maiden Lane
New York, New York 10038-4982
(212) 806-5400

Co-Counsel for the Official Committee of
Unsecured Creditors of W. R. Grace & Co., et al.

26

# EXHIBIT A

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | **Chapter 11** |
| W.R. GRACE & CO., et al. | ) | **Case No. 01-01139 (JKF)** |
| | ) | |
| Debtors. | ) | **Jointly Administered** |

## <u>AFFIDAVIT</u>

STATE OF NEW YORK   )
                     ) ss:
COUNTY OF NEW YORK  )

KENNETH PASQUALE, being duly sworn, deposes and says:

1.      I am a member of the firm of Stroock & Stroock & Lavan LLP ("Stroock"), which firm maintains offices for the practice of law at 180 Maiden Lane, New York, New York 10038-4982.  Stroock has acted as counsel to and has rendered professional services on behalf of the Official Committee of Unsecured Creditors (the "Committee") of W. R. Grace & Co., and sixty-one of its domestic subsidiaries and affiliates which are debtors and debtors-in-possession before this Court.

2.      This affidavit is submitted pursuant to Bankruptcy Rule 2016(a) in support of Stroock's eighteenth quarterly application for an interim allowance of compensation and for the reimbursement of expenses for services rendered during the period from July 1, 2005 through and including September 30, 2005 in the aggregate amount of $300,378.21 and, pursuant to the Court's June 22, 2001 Order Authorizing the Retention of Experts, in the aggregate amount of $31,958.50 for the fees and costs of the asbestos issues expert employed by the Committee during the months of July, August and September 2005.

3.      All of the professional services performed by Stroock for which compensation is requested were performed for and on behalf of the Committee from July 1, 2005 through and including September 30, 2005 and not on behalf of any other person.

4.      In accordance with Title 18 U.S.C. Section 155, neither I nor any member or associate of my firm has entered into any agreement, express or implied, with any other party-in-interest for the purpose of fixing the amount of any of the fees or other compensation to be allowed out of or paid from the Debtors' assets.

5.      In accordance with Section 504 of the Bankruptcy Code, no agreement or understanding exists between me, my firm, or any member or associate thereof, on the one hand, and any other person, on the other hand, for division of such compensation as my firm may receive for services rendered in connection with these cases, nor will any division of fees prohibited by Section 504 of the Bankruptcy Code be made by me or any partner or associate of my firm.

_____
KENNETH PASQUALE

Sworn to before me this
18th day of November, 2005

Notary Public, State of New York
No. 01LA6134533
Qualified in New York County
Commission Expires October 9, 2009

-2-

**EXHIBIT B**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| W. R. Grace & Co. et al.[1]; | ) | Case No. 01-01139(JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

**Objection Deadline:**
**Sept. 28, 2005 at 4:00 p.m.**
**Hearing date:  To be scheduled only  if objections**
**are timely filed and served**

## NOTICE OF FILING OF MONTHLY FEE APPLICATION

To:  (1) The Debtors; (2) Counsel to the Debtors; (3) The Office of the United States Trustee; (4) Counsel to the Official Committee of Asbestos Personal Injury Claimants; (5) Counsel to the Official Committee of Asbestos Property Damage Claimants; (6) Counsel to the Official Committee of Equity Holders; and (7) Counsel to the Debtors-in-Possession Lenders (8) the Fee Auditor:

Stroock & Stroock & Lavan LLP ("Stroock"), counsel to the Official Committee of Unsecured Creditors (the "Committee") of the above captioned debtor and debtors in possession

---

[1]    The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

in the above-captioned chapter 11 cases, filed and served the Fifty-Second Monthly Fee

Application of Stroock & Stroock & Lavan LLP for Interim Compensation and for

Reimbursement of Expenses for the services rendered during the period July 1, 2005 through

July 31, 2005, seeking compensation in the amount of $117,780.75, reimbursement for actual

and necessary expenses in the amount of $4,299.44.

Objections or responses to the Monthly Fee Application, if any, must be made in writing

and filed with the United States Bankruptcy Court for the District of Delaware, Marine Midland

Plaza, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801, on or before **September 28,**

**2005 at 4:00 p.m.**

At the same time you must also serve a copy of the objections or responses, if any, upon

the Affected Professional and each of the following:  (i) co-counsel for the Debtors, James H.M.

Sprayregen, Esquire, Kirkland & Ellis, 200 East Randolph Drive, Chicago, Illinois 60601 (fax

number 312-861-2200), and Laura Davis Jones, Esquire, Pachulski, Stang, Ziehl, Young & Jones

P.C., 919 North Market Street, Suite 1600, P.O. Box 8705, Wilmington, DE 19899-8705

(Courier 19801) (fax number 302-652-4400); (ii) co-counsel to the Official Committee of

Unsecured Creditors, Lewis Kruger, Esquire, Stroock & Stroock & Lavan LLP, 180 Maiden

Lane, New York, New York 10038-4982 (fax number 212-806-6006), and Michael R.

Lastowski, Esquire, Duane Morris LLP, 1100 N. Market Street, Suite 1200, Wilmington,

Delaware 19801-1246 (fax number 302-657-4901); (iii) co-counsel to the Official Committee of

Asbestos Property Damage Claimants, Scott L. Baena, Esquire, Blizin, Sumberg, Dunn, Baena,

Price & Axelrod, First Union Financial Center, 200 South Biscayne Boulevard, Suite 2500,

Miami, Florida 33131 (fax number 305-374-7593), and Michael B. Joseph, Esquire, Ferry &

Joseph, P.A., 824 Market Street, Suite 904, P.O. Box 1351, Wilmington, Delaware 19899 (fax

number 302-575-1714); (iv) co-counsel to the Official Committee of Asbestos Personal Injury

Claimants, Elihu Inselbuch, Esquire, Caplin & Drysdale, 399 Park Avenue, 36th Floor, New

York, New York 10022 (fax number 212-644-6755), and Mark Hurford, Esquire, Campbell &

Levine, LLC, Chase Manhattan Centre, 15th Floor, 1201 Market Street, Suite 1500, Wilmington,

Delaware 19801 (fax number 302-426-9947); (v) co-counsel to the DIP Lender, J. Douglas

Bacon, Esquire, Latham & Watkins , Sears Tower, Suite 5800, Chicago, Illinois 60606 (fax

number 312-993-9767), and Steven M. Yoder, Esquire, The Bayard Firm, 222 Delaware Avenue,

Suite 900, P.O. 25130, Wilmington, Delaware 19899 (fax number 302-658-6395); (vi) counsel to

the Official Committee of Equity Holders, Thomas Moers Mayer, Esquire, Kramer Levin

Naftalis & Frankel LLP, 919 Third Avenue, New York, New York 10022 (fax number 212-715-

8000); and (vii) the Office of the United States Trustee, Attn: David Klauder, Esquire, 844 N.

King Street, Wilmington, Delaware 19801 (fax number 302-573-6497); and (viii) the Fee

Auditor, to Stephen L. Bossay, Warren H. Smith and Associates, Republic Center, 325 N. St.

Paul, Suite 1275, Dallas, TX 75201.

Dated: September 8, 2005
      Wilmington, DE

<strong>RESPECTFULLY SUBMITTED,</strong>

*Michael R. Lastowski*

Michael R. Lastowski, Esq. (DE I.D. No. 3892)
Richard W. Riley (D.E. I.D. No. 4052)
DUANE MORRIS LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801
Telephone:   (302) 657-4900
Facsimile:    (302) 657-4901
E-mail:     mlastowski@duanemorris.com

William S. Katchen, Esquire (Admitted in NJ Only)

-3-

DUANE MORRIS LLP
One Riverfront Plaza
Newark, New Jersey 07102
Telephone:    (973) 424-2000
Facsimile:    (973) 424-2001
E-mail:    wskatchen@duanemorris.com

and

Lewis Kruger, Esquire
Kenneth Pasquale, Esquire
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, New York 10038-4982
Telephone:    (212) 806-5400
Facsimile:    (212) 806-6006
E-mail:    lkruger@stroock.com
           kpasquale@stroock.com

Co-Counsel for the Official Committee of
Unsecured Creditors of W. R. Grace & Co., et al.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| W. R. Grace & Co. et al.; | ) | Case No. 01-01139(JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | | Objection Deadline: |
| | | September 28, 2005 at 4:00 p.m. |
| | | Hearing date: To be scheduled only |
| | | if objections are timely filed and served. |

## FIFTY-SECOND MONTHLY FEE APPLICATION OF STROOCK & STROOCK & LAVAN LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM JULY 1, 2005 THROUGH JULY 31, 2005

| | |
|---|---|
| Name of Applicant | **Stroock & Stroock & Lavan LLP** |
| Authorized to Provide Professional Services to: | **Official Committee of Unsecured Creditors** |
| Date of Retention: | **April 12, 2001** |
| Period for which compensation and reimbursement is sought | **July 1, 2005 – July 31, 2005** |
| Amount of Compensation sought as actual, reasonable and necessary: | **$117,780.75 (80% - $94,224.60)** |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | **$2,088.44 (Stroock)** |
| | **$ 2,211.00 (Navigant)** |

This is an: ☒ interim ☐ final application

**Attachment A**

**Monthly Interim Fee Applications**

| Date Filed | Period Covered | Payment Requested: | | CNO Filed Approving: | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| May 30, 2001 D.I.339 | 4/12/01-4/30/01 | $138,926.00 | $1,975.13 | $111,140.80 | $1,975.13 |
| July 2, 2001 D.I.613 | 5/1/01 – 5/31/01 | $139,928.75 | $6,884.73 | $111.943.00 | $6,884.73 |
| July 30, 2001 D.I.772 | 6/1/01 – 6/30/01 | $91,019.00 | $10,458.14 | $72,815.20 | $10,458.14 |
| September 5, 2001 D.I.889 | 7/1/01-7/31/01 | $92,308.00 | $5,144.37 | $73,846.40 | $5,144.37 |
| October 2, 2001 D.I.983 | 8/1/01 8/31/01 | $53,873.50 | $3,069.88 | $43,098.80 | $3,069.88 |
| October 31, 2001 D.I.1058 | 9/1/01 – 9/30/01 | $58,742.00 | $6,801.32 | $46,993.60 | $6,801.32 |
| November 26, 2001 D.I.1239 | 10/1/01 – 10/31/01 | $101,069.00 | $3,562.09 | $80,855.20 | $3,562.09 |
| January 8, 2002 D.I.1470 | 11/1/01 – 11/30/01 | $136,368.50 | $8,847.34 | $109,094.80 | $8,847.34 |
| February 1, 2002 D.I.1608 | 12/01/01 – 12/31/01 | $92,064.50 | $9,471.47 | $73,651.60 | $9,471.47 |
| March 14, 2002 D.I.1812 | 01/01/02 – 01/31/02 | $100,231.50 | $14,675.58 | $80,185.20 | $14,675.58 |
| April 22, 2002 D.I.1951 | 02/01/02 – 02/28/02 | $88,974.50 | $16,863.97 | $71,179.60 | $16,863.97 |
| May 8, 2002 D.I.2029 | 03/01/02 – 03/31/02 | $77,964.25 | $1,190.44 | $62,371.40 | $1,190.44 |
| June 3, 2002 D.I.2156 | 04/01/02-04/30/02 | $97,251.50 | $1,816.40 (Stroock) $9,772.37 (Chambers) | $77,801.20 | $11,588.86 |

| July 2, 2002<br>D.I.2324 | 05/01/02 –<br>05/31/02 | $74,910.75 | $2,9154.43 (Stroock)<br>$43,190.69 (Chambers) | $59,928.60 | $46,105.12 |
| August 5, 2002<br>D.I.2495 | 06/01/02 –<br>06/30/02 | $73,096.75 | $2,054.05 (Stroock)<br>$114,666.72 (Chambers) | $58,477.4011 | $116,720.77 |
| September 20, 2002<br>D.I.2720 | 07/01/02 –<br>07/31/02 | $90,903.27 | $1,250.79 (Stroock)<br>$11,996.25 (Chambers) | $72,722.61 | $13,274.04 |
| October 29, 2002<br>D.I.2898 | 08/01/02 –<br>08/31/02 | $93,151.25 | $11,539.51 (Stroock)<br>$5,046.70 (Chambers) | $74,521.00 | $16,586.21 |
| November 14, 2002<br>D.I.2981 | 09/01/02 –<br>09/30/02 | $96,613.25 | $15,567.77 (Stroock)<br>$771.50 (Chambers) | $77,290.60 | $16,339.27 |
| December 10, 2002<br>D.I.3129 | 10/1/02 –<br>10/31/02 | $68,404.00 | $2,956.54 (Stroock)<br>$1,780.75 (Chambers) | $54,723.20 | $4,737.29 |
| January 28, 2003<br>D.I.3286 | 11/1/02 –<br>11/30/02 | $75,345.50 | $8,712.16 (Stroock) | $60,276.40 | $8,712.16 |
| February 7, 2003<br>D.I.3349 | 12/1/02 –<br>12/31/02 | $27,683.50 | $13,332.14 (Stroock) | $22,146.80 | $13,332.14 |
| March 26, 2003<br>D.I.3552 | 1/1/03 –<br>1/31/03 | $88,139.00 | $1,210.11 (Stroock) | $70,511.20 | $1,210.11 |
| April 7, 2003<br>D.I.3626 | 2/1/03 –<br>2/28/03 | $76,313.00 | $2,022.78 (Stroock)<br>$1,077.80 (Chambers) | $61,050.40 | $3,100.58 |
| April 29, 2003<br>D.I. 3718 | 3/1/03 –<br>3/31/03 | $60,163.50 | $6,191.15 (Stroock) | $48,130.80 | $6,191.15 |
| June 2, 2003<br>D.I. 3850 | 4/1/03 –<br>4/30/03 | $60,269.00 | $814.02 (Stroock)<br>$2,043.00 (Chambers) | $48,215.20 | $2,857.02 |
| July 1, 2003<br>D.I. 3983 | 5/1/03 –<br>5/31/03 | $111,990.50 | $691.84 (Stroock)<br>$9,830.50 (Chambers) | $89,592.40 | $10,522.34 |
| August 5, 2003<br>D.I. 4152 | 6/1/03 –<br>6/30/03 | $43,824.00 | $1,220.42 (Stroock)<br>$61,755.00 (Chambers) | $35,059.20 | $62,975.42 |
| September 4, 2003<br>D.I. 4381 | 7/1/03 –<br>7/31/03 | $79,090.50 | $2,301.33 (Stroock)<br>$14,274.25 (Chambers) | $55,941.60 | $16,575.58 |
| September 30, 2003<br>D.I. 4512 | 8/1/03 –<br>8/31/03 | $69,927.00 | $1,164.19 (Stroock)<br>$12,488.94 (Chambers) | $55,941.60 | $13,653.13 |

| | | | | | |
|---|---|---|---|---|---|
| October 29, 2003<br>D.I. 4625 | 9/1/03 –<br>9/30/03 | $69,409.50 | $1,076.94 (Stroock)<br>$10,102.00 (Chambers) | $55,527.60 | $11,178.94 |
| December 19, 2002<br>D.I. 4843 | 10/1/03 –<br>10/31/03 | $96,980.50 | $3,800.45 (Stroock)<br>$42,881.50 (Chambers) | $77,584.40 | $46,681.95 |
| January 23, 2003<br>D.I. 4976 | 11/1/03 –<br>11/30/03 | $66,428.50 | $1,225.38 (Stroock)<br>$30,463.00 (Navigant<br>f/k/a Chambers) | $53,142.80 | $31,688.38 |
| February 4, 2004<br>D.I. 5056 | 12/1/03 –<br>12/31/03 | $52,321.50 | $924.99 (Stroock)<br>$27,005.00 (Navigant<br>f/k/a Chambers) | $41,857.20 | $27,929.99 |
| March 17, 2004<br>D.I. 5309 | 1/1/04 –<br>1/31/04 | $65,980.50 | $1,917.93 (Stroock)<br>$47,654.57 (Navigant<br>f/k/a Chambers) | $52,784.40 | $49,572.50 |
| April 6, 2004<br>D.I. 5406 | 2/1/04 –<br>2/29/04 | $90,421.50 | $3,636.48 (Stroock)<br>$35,492.50 (Navigant<br>f/k/a Chambers) | $72,337.20 | $39,128.98 |
| April 28, 2004<br>D.I. 5498 | 3/1/04 –<br>3/31/04 | $103,524.00 | $5,567.34 (Stroock) | $82,819.20 | $5,567.34 |
| June 14, 2004<br>D.I. 5803 | 4/1/04 –<br>4/30/04 | $99,136.00 | $3,518.96 (Stroock)<br>$1,515.00 (Navigant<br>February)<br>$49,667.00 (Navigant<br>March)<br>$80,307.11 (Navigant<br>April) | $79,308.80 | $135,008.07 |
| July 2, 2004<br>D.I. 5917 | 5/1/04 –<br>5/31/04 | $134,324.50 | $2,409.97 (Stroock)<br>$78,360.05 (Navigant<br>May) | $107,459.60 | $80,770.02 |
| August 2, 2004<br>D.I. 6105 | 6/1/04 –<br>6/30/04 | $120,501.00 | $1,831.49 (Stroock)<br>$62,625.00 (Navigant<br>June) | $96,400.80 | $64,456.49 |
| September 9, 2004<br>D.I. 6341 | 7/1/04 –<br>7/31/04 | $72,394.00 | $3,461.84 (Stroock)<br>$40,427.50 (Navigant<br>July) | $57,915.20 | $43,889.34 |
| September 23, 2004<br>D.I. 6444 | 8/1/04 –<br>8/31/04 | $70,457.00 | $1,764.40 (Stroock) | $56,365.60 | $1,764.40 |

| | | | | | |
|---|---|---|---|---|---|
| October 14, 2004<br>D.I. 6625 | 9/1/04 –<br>9/30/04 | $83,903.50 | $1,535.61 (Stroock)<br>$27,142.00 (Navigant August) | $67,122.80 | $28,677.61 |
| December 3, 2004<br>D.I. 7086 | 10/1/04 –<br>10/31/04 | $200,155.50 | $1,368.18 (Stroock)<br>$ 24,659.00 (Navigant September) | $160,124.40 | $26,027.18 |
| January 7, 2005<br>D.I. 7481 | 11/1/04 –<br>11/30/04 | $218,608.50 | $14,019.09 (Stroock)<br>$25,102.80 (Navigant October)<br>$27,972.34 (Navigant November) | $174,886.80 | $67,094.23 |
| February 2, 2005<br>D.I. 7667 | 12/1/04 –<br>12/31/04 | $235,503.70 | $10,442.92 (Stroock)<br>$62,687.97 (Navigant December) | $188,402.96 | $73,130.89 |
| March 15, 2005<br>D.I. 8026 | 1/1/05 –<br>1/31/05 | $187,168.00 | $4,411.55 (Stroock)<br>$15,686.00 (Navigant January) | $149,734.40 | $20,097.55 |
| April 1, 2005<br>D.I. 8155 | 2/1/05 –<br>2/28/05 | $108,180.25 | $8,102.85 (Stroock)<br>$18,303.37 (Navigant February) | $86,544.20 | $26,406.22 |
| April 25, 2005<br>D.I. 8331 | 3/1/05 –<br>3/31/05 | $56,941.25 | $287.23 (Stroock)<br>$6,114.86 (Navigant March) | $45,553.00 | $6,402.09 |
| June 6, 2005<br>D.I. 8562 | 4/1/05 –<br>4/30/05 | $127,695.00 | $3,531.45 (Stroock)<br>$20,129.06 (Navigant April) | $102,156.00 | $23,660.51 |
| June 28, 2005<br>D.I. 8704 | 5/1/05 –<br>5/31/05 | $115,453.75 | $858.21(Stroock) | $78,855.20 | $858.21 |
| August 3, 2005<br>D.I. 9135 | 6/1/05 –<br>6/30/05 | $114,903.75 | $4,871.74 (Stroock)<br>$34,075.28 (Navigant) | $91,923.00 | $38,947.02 |

-5-

**WR GRACE & CO**
**ATTACHMENT B**
**JULY 1, 2005 - JULY 31, 2005**

| | Hours | Rate | Amount | No. of Years In Position |
|---|---|---|---|---|
| **Partners** | | | | |
| Dibernardo, Ian G. | 5.6 | $ 550 | $ 3,080.00 | 1 |
| Kruger, Lewis | 34.0 | 795 | 27,030.00 | 35 |
| Pasquale, Kenneth | 34.2 | 605 | 20,691.00 | 6 |
| | | | | |
| **Associates** | | | | |
| Berg, Madelaine | 0.2 | 550 | 110.00 | 25 |
| Eichler, Mark | 0.3 | 515 | 154.50 | 7 |
| Krieger, Arlene G. | 134.6 | 550 | 74,030.00 | 21 |
| Minias, Joseph G. | 2.5 | 355 | 887.50 | 1 |
| | | | | |
| **Paraprofessionals** | | | | |
| Bowen, Mark | 0.8 | 220 | 176.00 | 6 |
| Magzamen, Michael S. | 0.7 | 210 | 147.00 | 3 |
| Mohamed, David | 20.8 | 130 | 2,704.00 | 16 |
| Serrette, Rosemarie | 3.2 | 210 | 672.00 | 17 |
| | | | | |
| | | | | |
| **TOTAL** | 236.9 | | $ 129,682.00 | |
| **LESS 50% TRAVEL** | (18.9) | | (11,901.25) | |
| **TOTAL** | 218.0 | | $ 117,780.75 | |

-6-

**WR GRACE & CO**
**COMPENSATION BY PROJECT CATEGORY**
**JULY 1, 2005 - JULY 31, 2005**

| MATTER CODE | PROJECT CATEGORY | HOURS | TOTAL FEES |
|---|---|---|---|
| 0003 | Claim Analysis Objection, Resolution & Estimation (Asbestos) | 80.7 | $    45,008.50 |
| 0008 | Asset Analysis and Recovery | 2.6 | 1,430.00 |
| 0009 | Asset Dispositions, Sales, Uses and Leases (Section 363) | 0.5 | 275.00 |
| 0013 | Business Operations | 1.1 | 605.00 |
| 0014 | Case Administration | 36.8 | 15,711.00 |
| 0015 | Claims Analysis/Objections/Administration (Non-Asbestos) | 1.3 | 715.00 |
| 0017 | Committee, Creditors', Noteholders', or Equity Holders' | 17.6 | 9,680.00 |
| 0018 | Fee Application, Applicant | 6.9 | 2,203.00 |
| 0020 | Fee Application, Others | 2.3 | 509.00 |
| 0023 | Executory Contracts/Unexpired Leases (Assumption and Rejection) | 0.8 | 440.00 |
| 0032 | Litigation (Non-Bankruptcy/General) | 13.3 | 7,315.00 |
| 0035 | Travel - Non Working | 37.8 | 23,802.50 |
| 0036 | Plan and Disclosure Statement | 10.3 | 5,731.00 |
| 0037 | Hearings | 20.6 | 13,780.00 |
| 0040 | Employment Applications - Others | 1.7 | 1,057.50 |
| 0047 | Tax Issues | 2.60 | 1,419.50 |
| | | | |
| | SUB TOTAL | 236.9 | $ 129,682.00 |
| | LESS 50% TRAVEL | (18.9) | (11,901.25) |
| | TOTAL | 218.0 | $ 117,780.75 |

| DATE | September 1, 2005 |
| INVOICE NO. | 358632 |
| CLIENT | W R Grace & Co |
| | 7500 Grace Drive |
| | Columbia, MD 21044-4098 |
| RE | 699843 W R Grace & Co |

FOR PROFESSIONAL SERVICES RENDERED and disbursements incurred for the period through July 31, 2005 in connection with the following matters:

| | FEES |
|---|---|
| 0003 Claim Analysis Objection, Resolution & Estimation (Asbestos) | 45,008.50 |
| 0008 Asset Analysis and Recovery | 1,430.00 |
| 0009 Asset Dispositions, Sales, Uses and Leases (Section 363) | 275.00 |
| 0013 Business Operations | 605.00 |
| 0014 Case Administration | 15,711.00 |
| 0015 Claims Analysis/Objections/Administration (Non-Asbestos) | 715.00 |
| 0017 Committee, Creditors', Noteholders', or Equity Holders' | 9,680.00 |
| 0018 Fee Application, Applicant | 2,203.00 |
| 0020 Fee Application, Others | 509.00 |
| 0023 Executory Contracts/Unexpired Leases (Assumption and Rejection) | 440.00 |
| 0032 Litigation (Non-Bankruptcy/General) | 7,315.00 |
| 0035 Travel - Non Working | 23,802.50 |
| 0036 Plan and Disclosure Statement | 5,731.00 |
| 0037 Hearings | 13,780.00 |
| 0040 Employment Applications - Others | 1,057.50 |
| 0047 Tax Issues | 1,419.50 |
| TOTAL | 129,682.00 |

-8-

| RE | Claim Analysis Objection, Resolution & Estimation (Asbestos)<br>699843 0003 |
|---|---|

| DATE | DESCRIPTION | NAME | HOURS |
|---|---|---|---|
| 07/01/2005 | Attend to responses/objections to Debtors' motion to approve PI CMO and Questionnaire (.6). | Krieger, A. | 0.6 |
| 07/01/2005 | Telephone conference CNA counsel re: status (.2); e-mails J. Baer, A. Krieger re: same and July 8 meeting (.3). | Pasquale, K. | 0.5 |
| 07/05/2005 | Attend to responses/objections filed by PD Committee, Equity Committee and Libby claimants to Debtors' motion for approval of PI CMO and Questionnaire (3.4). | Krieger, A. | 3.4 |
| 07/06/2005 | Attend to objection of PI Committee to Debtors PI CMO and Questionnaire (5.0). | Krieger, A. | 5.0 |
| 07/06/2005 | Attention to parties' responses to debtors' CMO motion (3.0). | Pasquale, K. | 3.0 |
| 07/07/2005 | Complete review of PI Committee's opposition to Debtors' PI CMO/Questionnaire and exhibits (4.7); attend to asbestos article (.1). | Krieger, A. | 4.8 |
| 07/07/2005 | Preparation for 7/8 meeting with all parties (2.5); continued review of parties' CMO briefs (1.3). | Pasquale, K. | 3.8 |
| 07/08/2005 | Attendance at settlement conference at the offices of Kirkland & Ellis re: asbestos PI CMO, PD CMO and process for plan settlement discussions (4.6); office conference KP re: discussed settlement conference and matters requiring follow-up (.5). | Krieger, A. | 5.1 |
| 07/08/2005 | Meeting with all parties re: CMOs, settlement issues (5.0); confer A. Krieger re: same (1.0). | Pasquale, K. | 6.0 |
| 07/11/2005 | Exchanged memoranda with KP re: MDL | Krieger, A. | 0.2 |

-9-

| DATE | DESCRIPTION | NAME | HOURS |
|------|-------------|------|-------|
| | Silica decision, deposition transcripts from Sealed Air litigation (.2). | | |
| 07/12/2005 | Telephone conference with A. Krieger re: deposition transcripts; search livenote database, export selected transcripts and transmit to A. Krieger | Bowen, M. | 0.8 |
| 07/12/2005 | Attend to Sealed Air deposition transcripts requested in connection with estimation (.8); memorandum with A. Johnson and G. Becker re: transcripts (.2); telephone call A. Johnson re: same (.1); attend to revised PI CMO (.6); attend to revised PD CMOs (.5); memoranda to LK, KP re: revised CMOs (.1); exchanged memoranda with S. Bianca (K&E) re: revised draft PI CMO (.1); attend to Federal Mogul article re: PI estimation findings and arguments and memorandum to KP re: same (.3); attend to Silica MD litigation decision (2.4); exchanged memoranda with R. Cantor re: estimation (.2). | Krieger, A. | 5.3 |
| 07/12/2005 | Review and read silica case from Tex. D. Ct. | Minias, J. | 1.5 |
| 07/13/2005 | Telephone call R. Cantor re: Questionnaire (.5); attend to responses filed by PD Committee, Futures Representative and Libby claimants to Debtors' report on the termination of exclusivity (3.8); memo to L. Hamilton and then telephone call L. Hamilton re: review of opposing pleadings (.2); attend to Debtors' revised PI Questionnaire (.7); conference call J. Baer re: July 19, 2005 hearings (.2); office conference LK re: same (.1); attend to Futures Representatives brief in support of Questionnaire and CMO and PI Committee's position paper regarding CMO and Questionnaire and began to prepare memoranda thereon (1.6). | Krieger, A. | 7.1 |
| 07/13/2005 | Review silica case with Rachael Newman and discuss its implications and a memorandum structure. | Minias, J. | 1.0 |
| 07/14/2005 | Attend to Futures Representatives brief in support of his Questionnaire and CMO and PD Committee's proposed CMO and brief in support thereof and prepare memoranda | Krieger, A. | 3.9 |

-10-

| DATE | DESCRIPTION | NAME | HOURS |
|------|-------------|------|-------|
| | thereon. | | |
| 07/15/2005 | Attend to review of Debtors' status report on PI CMO and Debtors' brief in support of CMOs for PD Claims (including ZAI claims), and applicable case law (3.9); attend to Judge Jack's decision (1.3). | Krieger, A. | 5.2 |
| 07/17/2005 | Attend to memoranda outlining CMO/Questionnaire arguments (3.8); memoranda to LK re: same (.1). | Krieger, A. | 3.9 |
| 07/18/2005 | Attend to silicosis articles and decision (3.2); attend to memo re: Debtors' brief re: PI CMO/Questionnaire and memorandum re: same (.4). | Krieger, A. | 3.6 |
| 07/18/2005 | Attention to July 13 pleadings filed by debtors, PD and ACC/FR re: CMO issues (2.3). | Pasquale, K. | 2.3 |
| 07/19/2005 | Attention to SILICA decision re: impact on asbestos claims (1.2). | Pasquale, K. | 1.2 |
| 07/20/2005 | Attention to status of CMOs, results of 7/19 hearings (.9). | Pasquale, K. | 0.9 |
| 07/21/2005 | Attend to Court order re: mediator to handle PI discovery issues and memorandum to LK, KP re: same (.2); exchanged memoranda with J. Baer re: mediator order (.2); memorandum from KP re: Navigant documentation (.1). | Krieger, A. | 0.5 |
| 07/21/2005 | Attention to Committee emails and slides presented by debtors at 7/19 hearing (.8). | Pasquale, K. | 0.8 |
| 07/22/2005 | Attend to asbestos estimation litigation articles (1.6); exchanged memoranda with KP re: document production (.1). | Krieger, A. | 1.7 |
| 07/26/2005 | Attend to article on Peterson testimony in Federal Mogul case and memo to KP re: same (.2); attend to Debtors' proposed revised PD CMO (.5); exchanged memoranda with M. Browdy re: PD CMOs (.1); office conference LK re: status of PI Questionnaire and memo to M. Browdy re: same (.1); attend to Debtors' motion for limited waiver re: Speights and Runyan filed claims (.8); exchanged memo | Krieger, A. | 1.9 |

| DATE | DESCRIPTION | NAME | HOURS |
|------|-------------|------|-------|
| | with Barbara Harding re: status of PI Questionnaire (.1); memoranda to LK re: same (.1). | | |
| 07/26/2005 | Attention to revised draft PD CMOs (.4). | Pasquale, K. | 0.4 |
| 07/28/2005 | Attend to Speights and Runyan response to Debtors' omnibus claims objection (.1). | Krieger, A. | 0.1 |
| 07/29/2005 | Attend to supplemental motion of Speights of Runyan to quash subpoenas. | Krieger, A. | 0.1 |
| 07/29/2005 | Attention to transcript of 7/19 hearing re: PD & PI CMOs and related issues (3.6); review of WR Grace and other parties' depositions in Sealed Air proceeding for potential use in estimation proceedings (2.5). | Pasquale, K. | 6.1 |

| SUMMARY OF HOURS | HOURS | RATE | TOTAL |
|------------------|-------|------|-------|
| Bowen, Mark | 0.8 | $ 220 | $ 176.00 |
| Krieger, Arlene G. | 52.4 | 550 | 28,820.00 |
| Minias, Joseph G. | 2.5 | 355 | 887.50 |
| Pasquale, Kenneth | 25.0 | 605 | 15,125.00 |

| TOTAL FOR PROFESSIONAL SERVICES RENDERED | $ 45,008.50 |
|------------------------------------------|-------------|

| TOTAL FOR THIS MATTER | $ 45,008.50 |
|-----------------------|-------------|

| RE | Asset Analysis and Recovery<br>699843  0008 |
|----|---------------------------------------------|

| DATE | DESCRIPTION | NAME | HOURS |
|------|-------------|------|-------|
| 07/21/2005 | Attend to Capstone memorandum re: Project Gamma acquisition and questions thereon (.8). | Krieger, A. | 0.8 |
| 07/22/2005 | Telephone call L. Hamilton re: Project Gamma acquisition (.4); memo to L. Hamilton re: Court's order on Specialty Materials business expansion (.1). | Krieger, A. | 0.5 |
| 07/26/2005 | Exchanged memoranda with L. Hamilton re: Capstone's Project Gamma  memo and attend to Debtors motion for approval of same (.9); telephone call L. Hamilton re: memo and other open matters (.4). | Krieger, A. | 1.3 |

| SUMMARY OF HOURS | HOURS | RATE | TOTAL |
|------------------|-------|------|-------|
| Krieger, Arlene G. | 2.6 | $ 550 | $ 1,430.00 |

| TOTAL FOR PROFESSIONAL SERVICES RENDERED | $ 1,430.00 |
|------------------------------------------|------------|

| TOTAL FOR THIS MATTER | $ 1,430.00 |
|-----------------------|------------|

-13-

| RE | Asset Dispositions, Sales, Uses and Leases (Section 363)<br>699843  0009 |
|----|---|

| DATE | DESCRIPTION | NAME | HOURS |
|------|-------------|------|-------|
| 07/22/2005 | Attend to draft motion re proposed sale of specialty polymers business (.5). | Krieger, A. | 0.5 |

| SUMMARY OF HOURS | HOURS | RATE | TOTAL |
|------------------|-------|------|-------|
| Krieger, Arlene G. | 0.5 | $ 550 | $ 275.00 |

| TOTAL FOR PROFESSIONAL SERVICES RENDERED | $ 275.00 |
|------------------------------------------|----------|

| TOTAL FOR THIS MATTER | $ 275.00 |
|-----------------------|----------|

| RE | Business Operations<br>699843  0013 |
|----|--------------------------------------|

| DATE | DESCRIPTION | NAME | HOURS |
|------|-------------|------|-------|
| 07/28/2005 | Attend to Grace's May 2003 financial package (1.1). | Krieger, A. | 1.1 |

| SUMMARY OF HOURS | HOURS | RATE | TOTAL |
|------------------|-------|------|-------|
| Krieger, Arlene G. | 1.1 | $ 550 | $ 605.00 |

| TOTAL FOR PROFESSIONAL SERVICES RENDERED | | $ 605.00 |
|------------------------------------------|--|----------|

| TOTAL FOR THIS MATTER | | $ 605.00 |
|-----------------------|--|----------|

-15-

| | | |
|---|---|---|
| RE | Case Administration | |
| | 699843  0014 | |

| DATE | DESCRIPTION | NAME | HOURS |
|---|---|---|---|
| 07/01/2005 | Exchanged memorandum with D. Mohamed re: newly filed pleadings (.1); attend to newly filed pleadings, notices (.3); exchanged memo with KP re: Jan Baer memorandum on Committee response to PI  CMO (.1); exchanged memoranda with V. Akin re: same (.1). | Krieger, A. | 0.6 |
| 07/01/2005 | Review and update case docket no. 01-1139 (.3); retrieve and distribute recently filed pleadings (1.9). | Mohamed, D. | 2.2 |
| 07/05/2005 | Review opposition of PI to debtors motion to approve PI CMO and questionnaire; preparation for court hearing on 7/19 (1.4); review Capstone's recovery analysis (.3). | Kruger, L. | 1.7 |
| 07/05/2005 | Retrieve and distribute recently filed pleadings re: case docket no. 01-1139 (.8); review adversary proceeding case docket no. 01-771(.2); review and distribute recently filed pleading re: adversary proceeding case docket no. 02-2210 (.3). | Mohamed, D. | 1.3 |
| 07/06/2005 | Review PI opposition to debtors PI CMO and questionnaire (.8); review Libby claimants opposition to debtors PI CMO and questionnaire (.8); review revised Capstone recovery analysis (.3); office conference with A. Krieger regarding PI CMO position (.2). | Kruger, L. | 2.1 |
| 07/07/2005 | Exchanged memoranda with KP re: 7/8/05 meeting (.1); attend to newly filed orders, other pleadings (.2). | Krieger, A. | 0.3 |
| 07/07/2005 | Review PI Committee objection to debtors proposed CMO and questionnaire (1.4); office conference with K. Pasquale regarding meeting in D.C. with all parties, issues and our views (.4). | Kruger, L. | 1.8 |

| DATE | DESCRIPTION | NAME | HOURS |
|------|-------------|------|-------|
| 07/07/2005 | Retrieve and distribute recently filed pleadings re: case docket no. 01-1139 (.7). | Mohamed, D. | 0.7 |
| 07/08/2005 | Emails and telephone call with K. Pasquale regarding results of parties' meeting in DC regarding estimation and POR. | Kruger, L. | 0.4 |
| 07/08/2005 | Retrieve and distribute recently filed pleadings re: case docket no. 01-1139 (.8); review adversary proceeding case docket no. 01-771 and case docket no. 02-2210 (.3). | Mohamed, D. | 1.1 |
| 07/11/2005 | Review revised PD CMO (.3); new CMO for objections (.2); review revised PD estimation time line (.2). | Kruger, L. | 0.7 |
| 07/11/2005 | Retrieve Silica Products Liability case and all exhibits at J. Minias request. | Magzamen, M. | 0.7 |
| 07/12/2005 | Review email from A. Krieger regarding revised CMOs (.1); office conference with A. Krieger regarding Court agenda for 7/19/05 hearing (.1); office conference with A. Krieger regarding memo to Committee regarding 7/8 meeting (.1); review memo to Committee (.2); review revised PI CMO (.4); review revised PD CMO (.3). | Kruger, L. | 1.2 |
| 07/12/2005 | Retrieve and distribute recently filed pleadings case docket no. 01-1139 (.8); review adversary proceeding case docket no. 01-771 (.2); retrieve and distribute recently filed pleading re: adversary proceeding case docket no. 02-2210 (.3). | Mohamed, D. | 1.3 |
| 07/13/2005 | Review various responses regarding debtors report on impact of loss of exclusivity (.6); office conference with A. Krieger regarding 7/19 hearings, agenda and Committee's positions (.2); review future representative, PI positions regarding CMO and questionnaire (.7). | Kruger, L. | 1.5 |
| 07/14/2005 | Office conferences LK re: attendance at Pittsburgh hearing and attend to logistics for travel (.3); attend to newly filed pleadings (.2). | Krieger, A. | 0.5 |

-17-

| DATE | DESCRIPTION | NAME | HOURS |
|------|-------------|------|-------|
| 07/14/2005 | Office conference with A. Krieger regarding issues for the Court hearing in Pittsburgh, PA; review court agenda and recent filings. | Kruger, L. | 0.3 |
| 07/14/2005 | Review and update case docket no. 01-1139 (.3); retrieve and distribute recently filed pleadings (1.1); review adversary proceeding case docket no. 01-771 and 02-2210 (.3). | Mohamed, D. | 1.7 |
| 07/15/2005 | Telephone call Jan Baer re: discussed motions to be filed for August 2005 hearings (.6). | Krieger, A. | 0.6 |
| 07/15/2005 | Retrieve and distribute recently filed pleadings re: case docket no. 01-1139 (.6); review adversary proceeding case docket no. 02-2210 (.2). | Mohamed, D. | 0.8 |
| 07/18/2005 | Retrieve and distribute recently filed pleadings re: case docket no. 01-1139 (.7); review adversary proceeding case docket no. 01-771 and 02-2210 (.3). | Mohamed, D. | 1.0 |
| 07/19/2005 | Retrieve and distribute recently filed pleadings re: case docket no. 01-1139 (.8). | Mohamed, D. | 0.8 |
| 07/20/2005 | Attend to files from 7/19/05 hearing (.8); attend to newly filed pleadings (.6). | Krieger, A. | 1.4 |
| 07/20/2005 | Review SILICA decision (.3). | Kruger, L. | 0.3 |
| 07/20/2005 | Review and update case docket no. 01-1139 (.3); retrieve and distribute recently filed pleadings (1.1); attention to review of client documents in preparation for central file supplementation (.6). | Mohamed, D. | 2.0 |
| 07/21/2005 | Telephone call L. Hamilton re: pending motions (.3); attend to newly filed pleadings (.3). | Krieger, A. | 0.6 |
| 07/21/2005 | Office conference with A. Krieger regarding government representation on Committee and confidentiality issues (.1); review memo to Committee regarding 7/19 hearing (.4); review memo and court order regarding mediator to handle discovery issues (.2); review Capstone memo regarding Project Gamma (.2). | Kruger, L. | 0.9 |

-18-

| DATE | DESCRIPTION | NAME | HOURS |
|------|-------------|------|-------|
| 07/22/2005 | Retrieve and distribute recently filed pleadings re: case docket no. 01-1139 (.9). | Mohamed, D. | 0.9 |
| 07/26/2005 | Attend to recently field pleadings including Debtor's statements regarding sales of assets, de minimus settlement, ordinary course fees, claim transfer notices, other (.3). | Krieger, A. | 0.3 |
| 07/26/2005 | Review debtors motion to assume and assign Philadelphia lease and Capstone review (.3); review debtors proposed revised PD CMO (.3); office conference with A. Krieger regarding PI questionnaire (.1); review debtors limited waiver motion regarding Speights and Runyon (.5). | Kruger, L. | 1.2 |
| 07/26/2005 | Review and update case docket no. 01-1139 (.3); retrieve and distribute recently filed pleadings (.8). | Mohamed, D. | 1.1 |
| 07/27/2005 | Exchanged memoranda with L. Hamilton re: 8/5/05 conference call to discuss the Debtors' motion for approval of tax settlements (.1); exchanged memoranda with M. Greenberg re: same (.1); exchanged memoranda with L. Hamilton re: 7/29/05 conference call to discuss the proposed Intercat settlement (.2); exchanged memoranda with I. DiBernardo re: same (.2); attend to memoranda to L. Hamilton re: changes to Committee contacts (.2); attend to newly issued order, other pleadings (.2). | Krieger, A. | 1.0 |
| 07/27/2005 | Telephone call with creditors regarding results of Court hearing (.3); review Equity Committee's motion to retain estimation expert (.2). | Kruger, L. | 0.5 |
| 07/27/2005 | Retrieve and distribute recently filed pleadings re: case docket no. 01-1139 (.8); attention to retrieval of quarterly fee application for attorney review (.3). | Mohamed, D. | 1.1 |
| 07/28/2005 | Review and update case docket no. 01-1139 (.4); retrieve and distribute recently filed pleadings (.7). | Mohamed, D. | 1.1 |
| 07/29/2005 | Review motion of Spreights & Runyon to squash subpoena (.4). | Kruger, L. | 0.4 |

-19-

| DATE | DESCRIPTION | NAME | HOURS |
|------|-------------|------|-------|
| 07/29/2005 | Retrieve and distribute recently filed pleadings re: case docket no. 01-1139 (.5); review adversary proceeding case docket no. 01-771 (.2). | Mohamed, D. | 0.7 |

| SUMMARY OF HOURS | HOURS | RATE | TOTAL |
|------------------|-------|------|-------|
| Krieger, Arlene G. | 5.3 | $ 550 | $ 2,915.00 |
| Kruger, Lewis | 13.0 | 795 | 10,335.00 |
| Magzamen, Michael S. | 0.7 | 210 | 147.00 |
| Mohamed, David | 17.8 | 130 | 2,314.00 |

| TOTAL FOR PROFESSIONAL SERVICES RENDERED | $ 15,711.00 |
|------------------------------------------|-------------|

| TOTAL FOR THIS MATTER | $ 15,711.00 |
|-----------------------|-------------|

| RE | Claims Analysis/Objections/Administration (Non-Asbestos) 699843 0015 |
|---|---|

| DATE | DESCRIPTION | NAME | HOURS |
|---|---|---|---|
| 07/07/2005 | Exchanged memoranda with J. Baer re: motions to be filed next week (.1). | Krieger, A. | 0.1 |
| 07/25/2005 | Memorandum to Capstone re: questions with respect to proposed Marsh-McLennan and Intercat settlements and Specialty Polymers Business sale (.5). | Krieger, A. | 0.5 |
| 07/26/2005 | Attend to recent orders re: claims objections (.2). | Krieger, A. | 0.2 |
| 07/28/2005 | Exchanged memoranda with L. Hamilton re: Marsh settlement proposal and conference call to discuss same (.2); attend to articles re: Marsh litigation and settlement (.3). | Krieger, A. | 0.5 |

| SUMMARY OF HOURS | HOURS | RATE | TOTAL |
|---|---|---|---|
| Krieger, Arlene G. | 1.3 | $ 550 | $ 715.00 |

| TOTAL FOR PROFESSIONAL SERVICES RENDERED | $ 715.00 |
|---|---|

| TOTAL FOR THIS MATTER | $ 715.00 |
|---|---|

| RE | Committee, Creditors', Noteholders', or Equity Holders' 699843  0017 |
|---|---|

| DATE | DESCRIPTION | NAME | HOURS |
|---|---|---|---|
| 07/01/2005 | Reviewed documentation and prepare response to Jim Freeman re: USDOJ contact on the Committee (.4). | Krieger, A. | 0.4 |
| 07/08/2005 | Attend to memorandum from Committee member and response thereto (.2). | Krieger, A. | 0.2 |
| 07/11/2005 | Attend to memorandum to the Committee re: July 8, 2005 meetings (2.3); memorandum to the Committee re: Debtors' report on the business effect from the termination of exclusivity (.2). | Krieger, A. | 2.5 |
| 07/12/2005 | Attend to Committee memo re: July 8, 2005 meeting (.5); office conference LK re: Committee memorandum (.1). | Krieger, A. | 0.6 |
| 07/15/2005 | Telephone call Jim Freeman re: participation of Jerry Hellerman on the Committee and information flow (.4). | Krieger, A. | 0.4 |
| 07/19/2005 | Exchanged memoranda with J. Akre re: Court hearing to consider Debtors' extension of exclusivity (.2). | Krieger, A. | 0.2 |
| 07/20/2005 | Attend to memorandum to Committee re: 7/19/05 hearing before Judge Fitzgerald (3.4); memorandum to Jill Akre re: adjournment of exclusivity hearing to August 29, 2005 omnibus hearing (.1); memo to LK, KP re: Jim Freeman discussion regarding Committee status (.3). | Krieger, A. | 3.8 |
| 07/21/2005 | Attend to memoranda to the Committee re: July 19, 2005 hearings (1.7); revised contact information(.2); office conference LK re: government representative on the Committee (.1); exchanged memorandum with J. Freeman and modification of contact list (.2). | Krieger, A. | 2.2 |

-22-

| DATE | DESCRIPTION | NAME | HOURS |
|------|-------------|------|-------|
| 07/27/2005 | Memorandum to the Committee re: Hamilton Plant article (.3); attend to memorandum to the Committee re: pending matters including Marsh settlement motion and retention of Pitney Hardin (1.7). | Krieger, A. | 2.0 |
| 07/28/2005 | Attend to Committee memorandum re: pending matters. | Krieger, A. | 2.8 |
| 07/29/2005 | Attend to memorandum to the Committee re: pending matters. | Krieger, A. | 1.3 |
| 07/31/2005 | Attend to memorandum to the Committee re: proposed sale of specialty products business. | Krieger, A. | 1.2 |

| SUMMARY OF HOURS | HOURS | RATE | TOTAL |
|------------------|-------|------|-------|
| Krieger, Arlene G. | 17.6 | $ 550 | $ 9,680.00 |

| TOTAL FOR PROFESSIONAL SERVICES RENDERED | $ 9,680.00 |
|------------------------------------------|-----------|

| TOTAL FOR THIS MATTER | $ 9,680.00 |
|-----------------------|-----------|

-23-

| RE | Fee Application, Applicant<br>699843  0018 |
|----|---|

| DATE | DESCRIPTION | NAME | HOURS |
|---|---|---|---|
| 07/12/2005 | Review of Time and expense billings for June to begin preparation of June Monthly statement. | Serrette, R. | 1.5 |
| 07/13/2005 | Conference with Accounting regarding edits to June billing (.2); edits to same (.8). | Serrette, R. | 1.0 |
| 07/26/2005 | Attend to June 2005 time detail for monthly application (1.4); office conference RS re: same (.3). | Krieger, A. | 1.7 |
| 07/26/2005 | Review of A. Krieger's edits to June monthly fee statement. | Serrette, R. | 0.2 |
| 07/27/2005 | Attention to certain edits to June Monthly fee statement; review same. | Serrette, R. | 0.3 |
| 07/29/2005 | Office conference RS re: back-up information for fee application (.1). | Krieger, A. | 0.1 |
| 07/29/2005 | Prepare draft of Stroock's June 2005 fee statement (1.2). | Mohamed, D. | 1.2 |
| 07/29/2005 | Attention to revise June Bill (.1); conferences with Accounting regarding edits (.1). | Serrette, R. | 0.2 |
| 07/31/2005 | Attend to proposed final fee statement for June 2005 (.7). | Krieger, A. | 0.7 |

| SUMMARY OF HOURS | HOURS | RATE | TOTAL |
|---|---|---|---|
| Krieger, Arlene G. | 2.5 | $ 550 | $ 1,375.00 |
| Mohamed, David | 1.2 | 130 | 156.00 |
| Serrette, Rosemarie | 3.2 | 210 | 672.00 |

| TOTAL FOR PROFESSIONAL SERVICES RENDERED | $ 2,203.00 |
|---|---|

| TOTAL FOR THIS MATTER | $ 2,203.00 |
|---|---|

| RE | Fee Application, Others<br>699843  0020 |
|----|----|

| DATE | DESCRIPTION | NAME | HOURS |
|------|-------------|------|-------|
| 07/06/2005 | Review Capstone's fee statement for May 2005 in preparation for filing (.4); prepare notice of filing and certificate of service for same and forward all to local counsel for filing (.6); preparation of service re: fee statement (.5). | Mohamed, D. | 1.5 |
| 07/12/2005 | Review Capstone's fee statement for February 2005 and certificate of no objection regarding same with regards to discrepancy in fees and notified local counsel for correction (.3). | Mohamed, D. | 0.3 |
| 07/29/2005 | Attend to recently filed quarterly fee applications of others (.5). | Krieger, A. | 0.5 |

| SUMMARY OF HOURS | HOURS | RATE | TOTAL |
|------------------|-------|------|-------|
| Krieger, Arlene G. | 0.5 | $ 550 | $ 275.00 |
| Mohamed, David | 1.8 | 130 | 234.00 |

| TOTAL FOR PROFESSIONAL SERVICES RENDERED | $ 509.00 |
|----|----|

| TOTAL FOR THIS MATTER | $ 509.00 |
|----|----|

-25-

| RE | Executory Contracts/Unexpired Leases (Assumption and Rejection) 699843  0023 |
|---|---|

| DATE | DESCRIPTION | NAME | HOURS |
|---|---|---|---|
| 07/26/2005 | Attend to Debtors' motion to assume/assign lease and sublease for real property Philadelphia and Capstone's follow-up question thereon (.7). | Krieger, A. | 0.7 |
| 07/27/2005 | Telephone call L. Hamilton re: Debtors' proposal to assume/assign Philadelphia Lease (.1). | Krieger, A. | 0.1 |

| SUMMARY OF HOURS | HOURS | RATE | TOTAL |
|---|---|---|---|
| Krieger, Arlene G. | 0.8 | $ 550 | $ 440.00 |

| TOTAL FOR PROFESSIONAL SERVICES RENDERED | $ 440.00 |
|---|---|

| TOTAL FOR THIS MATTER | $ 440.00 |
|---|---|

-26-

| RE | Litigation (Non-Bankruptcy/General) |
|----|--------------------------------------|
|    | 699843  0032 |

| DATE | DESCRIPTION | NAME | HOURS |
|------|-------------|------|-------|
| 07/22/2005 | Attend to draft motion re: proposed settlement with Marsh & McLennan and Capstone's questions thereon and attend to draft motion re proposed settlement with Intercat and Capstone's questions thereon (1.5); memo to I. DiBernardo re proposed Intercat settlement (.2). | Krieger, A. | 1.7 |
| 07/26/2005 | Review Intercat materials. | Dibernardo, I. | 1.3 |
| 07/26/2005 | Memorandum to I. DiBernardo re: Intercat settlement motion and office conference IB re: analyses same (.2). | Krieger, A. | 0.2 |
| 07/27/2005 | Begin review of documents; research regarding same. | Dibernardo, I. | 0.8 |
| 07/27/2005 | Attend to filed form of Debtors' motion seeking approval for a settlement with Intercat (.5); attend to article on Hamilton Plant (.1). | Krieger, A. | 0.6 |
| 07/28/2005 | Review Intercat documents, including Debtors' Motion. | Dibernardo, I. | 1.2 |
| 07/28/2005 | Exchanged memoranda with L. Hamilton re: 7/29/05 conference call with Grace personnel to discuss Intercat (.1); exchange memoranda with Ian DiBernardo re: same (.1); review earlier Intercat-related matter in these cases (.1); attend to legal issues with respect to Intercat settlement (.4). | Krieger, A. | 0.7 |
| 07/29/2005 | Prepare for and participate in call with W.R. Grace regarding Intercat. | Dibernardo, I. | 2.3 |
| 07/29/2005 | Telephone call M. Shelnitz re: course of action with respect to Hamilton Plant-related civil action commenced in New Jersey (.1);  prepare memorandum re: substance of conversation | Krieger, A. | 3.3 |

| DATE | DESCRIPTION | NAME | HOURS |
|------|-------------|------|-------|
| | with M. Shelnitz (.5).Attended to review of Intercat material in preparation for conference call with Debtors counsel and office conference I. DiBernardo re: same (.9); conference with Robert Maggio, Jamie O'Counell, L. Hamilton re: Intercat settlement (1.0); follow-up office conference I. DiBernardo re: same (.2); attended to draft settlement agreement between Grace and Intercat (.6). | | |
| 07/31/2005 | Attend to draft Intercat settlement agreement and option agreement (1.2). | Krieger, A. | 1.2 |

| SUMMARY OF HOURS | HOURS | RATE | TOTAL |
|------------------|-------|------|-------|
| Dibernardo, Ian G. | 5.6 | $ 550 | $ 3,080.00 |
| Krieger, Arlene G. | 7.7 | 550 | 4,235.00 |

| TOTAL FOR PROFESSIONAL SERVICES RENDERED | $ 7,315.00 |
|---|---|

| TOTAL FOR THIS MATTER | $ 7,315.00 |
|---|---|

-28-

| RE | Travel - Non Working<br>699843  0035 | | |
| --- | --- | --- | --- |

| DATE | DESCRIPTION | NAME | HOURS |
| --- | --- | --- | --- |
| 07/07/2005 | Travel to Washington, D.C. for settlement conference with representatives for the Debtors, asbestos claimants, and equity holders (4.3). | Krieger, A. | 4.3 |
| 07/07/2005 | Travel to Washington DC for meeting with all parties (4.0). | Pasquale, K. | 4.0 |
| 07/08/2005 | Travel back to New York from settlement conference in Washington, D.C. (4.5). | Krieger, A. | 4.5 |
| 07/08/2005 | Return travel from Washington DC meeting (4.0). | Pasquale, K. | 4.0 |
| 07/18/2005 | Travel to Pittsburgh for 7/19/05 Court hearing before Judge Fitzgerald to consider Debtors' motions for approval of CMOs for estimation of PD and PI claims and related PI Questionnaire and Debtors' request to further extend exclusivity and opposing pleadings (5.0). | Krieger, A. | 5.0 |
| 07/18/2005 | Travel time to Pittsburgh, PA with delays due to weather (5.0). | Kruger, L. | 5.0 |
| 07/19/2005 | Travel back to New York from Pittsburgh. | Krieger, A. | 5.5 |
| 07/19/2005 | Non-working travel time Pittsburgh to NYC (5.5). | Kruger, L. | 5.5 |

| SUMMARY OF HOURS | HOURS | RATE | TOTAL |
| --- | --- | --- | --- |
| Krieger, Arlene G. | 19.3 | $ 550 | $ 10,615.00 |
| Kruger, Lewis | 10.5 | 795 | 8,347.50 |
| Pasquale, Kenneth | 8.0 | 605 | 4,840.00 |

| TOTAL FOR PROFESSIONAL SERVICES RENDERED | $ 23,802.50 |
| --- | --- |

| TOTAL FOR THIS MATTER | $ 23,802.50 |
| --- | --- |

-29-

| RE | Plan and Disclosure Statement |
|----|------------------------------|
|    | 699843  0036                 |

| DATE | DESCRIPTION | NAME | HOURS |
|------|-------------|------|-------|
| 07/01/2005 | Telephone call KP re: Jan Baer memo on exclusivity business issues and response (.2); memorandum to Capstone re: responses to J. Baer inquiry on impact on Grace (.3). | Krieger, A. | 0.5 |
| 07/05/2005 | Attend to revised recovery analysis (.2); telephone call L. Hamilton re: recovery analyses, effect of termination of exclusivity on business issues (.3); memorandum to LK, KP re: revised recovery analysis (.1). | Krieger, A. | 0.6 |
| 07/06/2005 | Attend to revised recovery analysis and related documents (1.1); conference call Capstone re: recovery analysis (.5); memorandum to KP re: recovery analysis (.1); exchange of memoranda with C. Troyer re: revised recovery analysis (.2). | Krieger, A. | 1.9 |
| 07/06/2005 | Attention to Capstone's revised recovery analysis (.6). | Pasquale, K. | 0.6 |
| 07/08/2005 | Attend to Debtors response to the Court on the affects of terminating exclusivity and discussed report, settlement conference and follow-up with KP (.8). | Krieger, A. | 0.8 |
| 07/08/2005 | Exchanged memoranda with M. Lastowski re: Debtors' proposed order extending exclusivity and comments thereon (.2). | Krieger, A. | 0.2 |
| 07/11/2005 | Memoranda to LK re: Debtors' report on the effect that exclusivity would have on these businesses (.1); memo to S. Cunningham, L. Hamilton re: Debtors' report (.1); telephone call L. Hamilton re: Debtors' report (.2); attend to same (.3); office conference LK re: settlement discussions, July 19 hearings, other (.7); attend to draft statement to the Debtors' report (2.6). | Krieger, A. | 4.0 |
| 07/14/2005 | Telephone call Libby Hamilton re: response to the Debtors' report on business effects of | Krieger, A. | 0.5 |

-30-

| DATE | DESCRIPTION | NAME | HOURS |
|------|-------------|------|-------|
|  | terminating exclusivity (.5). |  |  |
| 07/18/2005 | Office conference MAS re: exclusivity hearing and arguments. | Krieger, A. | 0.2 |
| 07/18/2005 | Attention to parties' responses to Debtors' exclusivity submission on business ramifications (.6). | Pasquale, K. | 0.6 |
| 07/21/2005 | Office conference MAS re July 19 hearings (.4). | Krieger, A. | 0.4 |

| SUMMARY OF HOURS | HOURS | RATE | TOTAL |
|------------------|-------|------|-------|
| Krieger, Arlene G. | 9.1 | $ 550 | $ 5,005.00 |
| Pasquale, Kenneth | 1.2 | 605 | 726.00 |

| TOTAL FOR PROFESSIONAL SERVICES RENDERED | $ 5,731.00 |
|------------------------------------------|------------|

| TOTAL FOR THIS MATTER | $ 5,731.00 |
|-----------------------|------------|

| RE | Hearings 699843 0037 |
|---|---|

| DATE | DESCRIPTION | NAME | HOURS |
|---|---|---|---|
| 07/11/2005 | Attend to agenda notice from July 19, 2005 hearings (.1). | Krieger, A. | 0.1 |
| 07/12/2005 | Office conference LK re: agenda for 7/19/05 hearings (.1). | Krieger, A. | 0.1 |
| 07/15/2005 | Preparation of materials for 7/19/05 hearing. | Krieger, A. | 1.7 |
| 07/18/2005 | Attend to review of materials for 7/19/05 hearing and office conference LK re: same (1.2). | Krieger, A. | 1.2 |
| 07/18/2005 | Review of filed CMO proposals, responses and competing questionnaire for 7/19/05 court hearing (1.4). | Kruger, L. | 1.4 |
| 07/19/2005 | All day hearing before Judge Fitzgerald re: Debtors' motions for approval of CMOs for the estimation of PI and PD claims and related Questionnaire, and extension of exclusivity, and objections thereto (7.5). | Krieger, A. | 7.5 |
| 07/19/2005 | Court hearing regarding CMOs for estimation and related questionnaire and exclusivity (7.5). | Kruger, L. | 7.5 |
| 07/20/2005 | Office conference with A. Krieger and K. Pasquale regarding the results of 7/19 hearing (.3); review memo to Committee regarding 7/19 hearing (.8). | Kruger, L. | 1.1 |

| SUMMARY OF HOURS | HOURS | RATE | TOTAL |
|---|---|---|---|
| Krieger, Arlene G. | 10.6 | $ 550 | $ 5,830.00 |
| Kruger, Lewis | 10.0 | 795 | 7,950.00 |
| TOTAL FOR PROFESSIONAL SERVICES RENDERED | | $ 13,780.00 | |

| TOTAL FOR THIS MATTER | $ 13,780.00 |
|---|---|

| RE | Employment Applications - Others |
|---|---|
|  | 699843  0040 |

| DATE | DESCRIPTION | NAME | HOURS |
|---|---|---|---|
| 07/27/2005 | Telephone conference with A. Krieger re: Pitney Hardin involvement in NJ action. | Berg, M. | 0.2 |
| 07/27/2005 | Attend to Debtors' motion to expand the scope of employment of Pitney Hardin as special counsel (.2); exchanged memoranda with KP, MB re: Pitney Hardin's proposed engagement and follow-up telephone call MB re: same (.4); exchange memoranda with L. Sinanyan re: Pitney Hardin's prior involvement in the Hamilton Plant matters (.2). | Krieger, A. | 0.8 |
| 07/28/2005 | Office conference LK re: Pitney Hardin retention with respect to Hamilton Plant actions (.1). | Krieger, A. | 0.1 |
| 07/29/2005 | Telephone call Mark Shelnitz re: Pitney Hardin retention (.1). | Krieger, A. | 0.1 |
| 07/29/2005 | Office conference with A. Krieger regarding retention of Pitney Hardin (.2); office conference with A. Krieger and telephone call with M. Shelnitz regarding possible issues in Pitney Hardin retention (.3). | Kruger, L. | 0.5 |

| SUMMARY OF HOURS | HOURS | RATE | TOTAL |
|---|---|---|---|
| Berg, Madelaine | 0.2 | $ 550 | $ 110.00 |
| Krieger, Arlene G. | 1.0 | 550 | 550.00 |
| Kruger, Lewis | 0.5 | 795 | 397.50 |

| TOTAL FOR PROFESSIONAL SERVICES RENDERED | $ 1,057.50 |
|---|---|

| TOTAL FOR THIS MATTER | $ 1,057.50 |
|---|---|

| RE | Tax Issues 699843 0047 |
|---|---|

| DATE | DESCRIPTION | NAME | HOURS |
|---|---|---|---|
| 07/13/2005 | Attend to memorandum from E. Filon re: motion for approval of settlements with several taxing authorities (.1); memorandum to L. Hamilton re: same (.1); memorandum to M. Greenberg re: same (.1). | Krieger, A. | 0.3 |
| 07/15/2005 | Reviewing motion to settle state and local tax audits. | Eichler, M. | 0.3 |
| 07/18/2005 | Exchanged memoranda with C. Troyer re: Debtors' draft motion for approval of state tax settlements and Capstone's preliminary questions thereon (.2); exchanged memoranda with M. Greenberg re: review of state tax motion (.1). | Krieger, A. | 0.3 |
| 07/21/2005 | Attend to draft motion for approval of state tax settlements and Capstone's questions thereon (.7); memorandum to M. Greenberg, M, Eichler, Capstone re: question on tax settlements (.4). | Krieger, A. | 1.1 |
| 07/22/2005 | Exchanged memoranda with L. Hamilton re: state tax motion (.1); memo to M. Greenberg, M. Eichler re: state tax settlements (.1). | Krieger, A. | 0.2 |
| 07/26/2005 | Attend to filed state tax settlements motion (.3); memoranda to M. Greenberg and M. Eichler re: same (.1). | Krieger, A. | 0.4 |

| SUMMARY OF HOURS | HOURS | RATE | TOTAL |
|---|---|---|---|
| Eichler, Mark | 0.3 | $ 515 | $ 154.50 |
| Krieger, Arlene G. | 2.3 | 550 | 1,265.00 |

| TOTAL FOR PROFESSIONAL SERVICES RENDERED | $ 1,419.50 |
|---|---|

| TOTAL FOR THIS MATTER | $ 1,419.50 |
|---|---|

-34-

| TOTAL FOR PROFESSIONAL SERVICES RENDERED | $ 129,682.00 |
|---|---|

Any disbursement balances shown are compiled from original sources as entered on our records to the billing date shown
Any disbursements/charges invoiced to us or posted by us subsequent to that date will be reflected in future billing.

**WR GRACE & CO**
**DISBURSEMENT SUMMARY**
**JULY 1, 2005 - JULY 31, 2005**

| | |
|---|---:|
| Outside Messenger Service | $    73.81 |
| Meals | 26.24 |
| Local Transportation | 86.35 |
| Long Distance Telephone | 21.29 |
| Duplicating Costs-in House | 36.20 |
| Duplicating Costs-Outside | 17.60 |
| In House Messenger Service | 42.32 |
| Facsimile Charges | 8.00 |
| Travel Expenses - Transportation | 246.23 |
| Travel Expenses - Lodging | 1,320.42 |
| Travel Expenses - Meals | 62.45 |
| Westlaw | 39.13 |
| Word Processing - Logit | 108.00 |
| | |
| **TOTAL** | **$  2,088.04** |

# Disbursement Register

| DATE | September 1, 2005 |
|------|-------------------|
| INVOICE NO. | 358632 |
| CLIENT | W R Grace & Co |
| | 7500 Grace Drive |
| | Columbia, MD 21044-4098 |

FOR EXPENSES RENDERED in the captioned matter for the period through July 31, 2005, including:

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| **Outside Messenger Service** | | |
| 07/05/2005 | VENDOR: UPS; INVOICE#: 0000010X827275; DATE: 07/02/2005; FROM David Mohamed, 180 Maiden Lane, New York, NY TO David Klauder Esq. Office of the United States, 844 King Street, WILMINGTON, DE 19801 Tracking #:1Z10X8270195565509 on 06/28/2005 | 6.21 |
| 07/05/2005 | VENDOR: UPS; INVOICE#: 0000010X827275; DATE: 07/02/2005; FROM David Mohamed, 180 Maiden Lane, New York, NY TO Warren H. Smith Warren H. smith and Associa, Republic Center, DALLAS, TX 75201 Tracking #:1Z10X8270198941285 on 06/28/2005 | 8.23 |
| 07/05/2005 | VENDOR: UPS; INVOICE#: 0000010X827275; DATE: 07/02/2005; FROM David Mohamed, 180 Maiden Lane, New York, NY TO David B. Siegal WR Grace & Co., Senoir Vice President, COLUMBIA, MD 21044 Tracking #:1Z10X8270199288123 on 06/28/2005 | 6.21 |
| 07/05/2005 | VENDOR: UPS; INVOICE#: 0000010X827275; DATE: 07/02/2005; FROM David Mohamed, 180 Maiden Lane, New York, NY TO Virginia Akin Duane Morris LLP, 1100 North Market Street, WILMINGTON, DE 19801 Tracking #:1Z10X8270199496514 on 06/28/2005 | 6.21 |
| 07/05/2005 | VENDOR: UPS; INVOICE#: 0000010X827275; DATE: 07/02/2005; FROM David Mohamed, , New York, NY TO David Klauder Esq. Office of the United States, , WILMINGTON, DE 19801 Tracking #:1Z10X8270195565509 on 06/28/2005 | 2.46 |
| 07/05/2005 | VENDOR: UPS; INVOICE#: 0000010X827275; DATE: 07/02/2005; FROM David Mohamed, , New York, NY TO Warren H. Smith Warren H. smith and Associa, , DALLAS, TX 75201 Tracking #:1Z10X8270198941285 on 06/28/2005 | 3.75 |
| 07/05/2005 | VENDOR: UPS; INVOICE#: 0000010X827275; DATE: 07/02/2005; FROM David Mohamed, , New York, NY TO David B. Siegal WR | 1.94 |

-37-

| DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| | Grace & Co., , COLUMBIA, MD 21044 Tracking #:1Z10X8270199288123 on 06/28/2005 | |
| 07/05/2005 | VENDOR: UPS; INVOICE#: 0000010X827275; DATE: 07/02/2005; FROM David Mohamed, , New York, NY TO Virginia Akin Duane Morris LLP, , WILMINGTON, DE 19801 Tracking #:1Z10X8270199496514 on 06/28/2005 | 1.94 |
| 07/11/2005 | VENDOR: UPS; INVOICE#: 0000010X827285; DATE: 07/09/2005; FROM David Mohamed, 180 Maiden Lane, New York, NY TO Warren H. Smith Warren H. smith and Associa, Republic Center, DALLAS, TX 75201 Tracking #:1Z10X8270192016938 on 07/06/2005 | 8.23 |
| 07/11/2005 | VENDOR: UPS; INVOICE#: 0000010X827285; DATE: 07/09/2005; FROM David Mohamed, 180 Maiden Lane, New York, NY TO David B. Siegal W.R. Grace & co., Senior Vice President, COLUMBIA, MD 21044 Tracking #:1Z10X8270192334166 on 07/06/2005 | 6.21 |
| 07/11/2005 | VENDOR: UPS; INVOICE#: 0000010X827285; DATE: 07/09/2005; FROM David Mohamed, 180 Maiden Lane, New York, NY TO Virginia Akin Duane Morris LLP, 1100 North Market Street, WILMINGTON, DE 19801 Tracking #:1Z10X8270193176951 on 07/06/2005 | 6.21 |
| 07/11/2005 | VENDOR: UPS; INVOICE#: 0000010X827285; DATE: 07/09/2005; FROM David Mohamed, 180 Maiden Lane, New York, NY TO David Klauder Esq. Office of the United States, 844 King Street, WILMINGTON, DE 19801 Tracking #:1Z10X8270194068174 on 07/06/2005 | 6.21 |
| 07/11/2005 | VENDOR: UPS; INVOICE#: 0000010X827285; DATE: 07/09/2005; FROM Warren H. Smith, N 325 SAINT PAUL ST, DALLAS, TX TO Warren H. Smith Warren H. smith and Associa, N 325 SAINT PAUL ST, DALLAS, TX 75201 Tracking #:1Z10X8270198941285 on 07/06/2005 | 10.00 |
| **Outside Messenger Service Total** | | **73.81** |

| | | |
|---|---|---|
| **Meals** | | |
| 07/26/2005 | VENDOR: Seamless Web; INVOICE#: 79674; DATE: 07/20/2005 - Go Sushi (Downtown); Order Date: 07/12/2005 19:44:00; | 12.55 |
| 07/26/2005 | VENDOR: Seamless Web; INVOICE#: 79674; DATE: 07/20/2005 - (Inactive) China Cafe; Order Date: 07/13/2005 19:56:00; | 13.69 |
| **Meals Total** | | **26.24** |

| | | |
|---|---|---|
| **Local Transportation** | | |
| 07/08/2005 | VENDOR: NYC Two Ways Inc. INVOICE#: N/A; DATE: N/A; KRIEGER 06/24/05 21:28 M from 180   MAIDEN to EAST END AVE | 30.09 |
| 07/26/2005 | VENDOR: NYC Two Ways Inc. INVOICE#: N/A; DATE: N/A; PASQUALE 07/07/05 15:57 M from 180   MAIDEN to 343   7 AVE | 26.17 |
| 07/28/2005 | VENDOR: NYC Two Ways Inc. INVOICE#: N/A; DATE: N/A; KRIEGER 07/18/05 09:33 M from 10   EAST EN to 180   MAIDEN | 30.09 |
| **Local Transportation Total** | | **86.35** |

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|

**Long Distance Telephone**

| | | |
|------|-------------|--------|
| 07/01/2005 | EXTN.3544, TEL.201-587-7126, S.T.11:51, DUR.00:00:42 | 0.39 |
| 07/01/2005 | EXTN.5760, TEL.973-424-2037, S.T.12:28, DUR.00:01:00 | 0.39 |
| 07/11/2005 | EXTN.3544, TEL.201-587-7126, S.T.17:05, DUR.00:10:18 | 4.26 |
| 07/11/2005 | EXTN.5562, TEL.215-665-2147, S.T.13:51, DUR.00:15:48 | 6.19 |
| 07/18/2005 | EXTN.5431, TEL.412-644-3541, S.T.13:33, DUR.00:01:12 | 0.77 |
| 07/18/2005 | EXTN.5544, TEL.201-587-7126, S.T.09:48, DUR.00:09:06 | 3.87 |
| 07/26/2005 | EXTN.5544, TEL.201-587-7126, S.T.15:52, DUR.00:13:54 | 5.42 |
| | **Long Distance Telephone Total** | **21.29** |

**Duplicating Costs-In House**

| | | |
|------|-------------|--------|
| 07/06/2005 | | 0.20 |
| 07/07/2005 | | 7.90 |
| 07/07/2005 | | 2.70 |
| 07/12/2005 | | 0.60 |
| 07/15/2005 | | 5.00 |
| 07/15/2005 | | 6.50 |
| 07/15/2005 | | 5.40 |
| 07/26/2005 | | 7.80 |
| 07/29/2005 | | 0.10 |
| | **Duplicating Costs-In House Total** | **36.20** |

**Duplicating Costs-Outside**

| | | |
|------|-------------|--------|
| 07/18/2005 | VENDOR: Parcels/DDR; INVOICE#: 41991; DATE: 6/30/2005 - faxed document from 01-771 | 17.60 |
| | **Duplicating Costs-Outside Total** | **17.60** |

**In House Messenger Service**

| | | |
|------|-------------|--------|
| 07/26/2005 | VENDOR: Early Bird Messenger; INVOICE #: N/A; DATE: N/A; 7/14/2005 Vehicle Rush from Kruger, Lewis to RES-LEWIS KRUGER, 257 W 86TH ST | 28.57 |
| 07/26/2005 | VENDOR: Early Bird Messenger; INVOICE #: N/A; DATE: N/A; 7/15/2005 Bike Standard from Kruger, Lewis to RES-LEWIS KRUGER, 257 W 86TH ST | 13.75 |
| | **In House Messenger Service Total** | **42.32** |

**Facsimile Charges**

| | | |
|------|-------------|--------|
| 07/01/2005 | Fax # 800-711-7788; Date: 06/23/05 | -3.00 |
| 07/18/2005 | Fax # 412-553-5252 | 11.00 |
| | **Facsimile Charges Total** | **8.00** |

**Travel Expenses - Transportation**

| | | |
|------|-------------|--------|
| 07/22/2005 | VENDOR: Arlene G. Krieger; INVOICE#: AK071305; DATE: 7/22/2005 - 07/07 - 07/08   Travel to Washington (Kirkland & Ellis Offices) - railfare | 9.00 |
| 07/22/2005 | VENDOR: Ken Pasquale; INVOICE#: KP071805; DATE: 7/22/2005 - 06/27/05   Travel to Wilmington, DE for court hearing - mileage & | 54.88 |

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| | parking | |
| 07/22/2005 | VENDOR: Ken Pasquale; INVOICE#: KP071805; DATE: 7/22/2005 - 07/07 - 07/08   Travel to Washington, DC for mtgs. with all parties - rail fare | 9.00 |
| 07/22/2005 | VENDOR: Ken Pasquale; INVOICE#: KP071805; DATE: 7/22/2005 - 07/07 - 07/08   Travel to Washington, DC for mtgs. with all parties - cabfares | 64.00 |
| 07/29/2005 | VENDOR: Lewis Kruger; INVOICE#: LK072705; DATE: 7/29/2005 - 07/18 - 07/19   Attend court hearing in Pittsburgh, PA  railfare | 109.35 |
| | **Travel Expenses - Transportation Total** | **246.23** |

**Travel Expenses - Lodging**

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| 07/22/2005 | VENDOR: Ken Pasquale; INVOICE#: KP071805; DATE: 7/22/2005 - 07/07 - 07/08   Travel to Washington, DC for mtgs. with all parties - hotel | 457.61 |
| 07/22/2005 | VENDOR: Arlene G. Krieger; INVOICE#: AK072005; DATE: 7/22/2005 - 07/18 - 07/19   Travel to Pittsburgh, Pa for hearing - hotel | 210.06 |
| 07/22/2005 | VENDOR: Arlene G. Krieger; INVOICE#: AK071305; DATE: 7/22/2005 - 07/07 - 07/08   Travel to Washington (Kirkland & Ellis Offices) - hotel | 364.56 |
| 07/29/2005 | VENDOR: Lewis Kruger; INVOICE#: LK072705; DATE: 7/29/2005 - 07/18 - 07/19   Attend court hearing in Pittsburgh, PA - hotel | 288.19 |
| | **Travel Expenses - Lodging Total** | **1,320.42** |

**Travel Expenses - Meals**

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| 07/29/2005 | VENDOR: Lewis Kruger; INVOICE#: LK072705; DATE: 7/29/2005 - 07/18 - 07/19   Attend court hearing in Pittsburgh, PA - meals | 62.45 |
| | **Travel Expenses - Meals Total** | **62.45** |

**Westlaw**

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| 07/15/2005 | Duration 0:03:11; By Krieger, Arlene | 39.13 |
| | **Westlaw Total** | **39.13** |

**Word Processing - Logit**

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| 07/17/2005 | | 30.00 |
| 07/17/2005 | | 24.00 |
| 07/17/2005 | | 12.00 |
| 07/17/2005 | | 30.00 |
| 07/18/2005 | | 12.00 |
| | **Word Processing - Logit Total** | **108.00** |

**BILL DISBURSEMENT SUMMARY**

| | |
|---|---|
| Outside Messenger Service | $ 73.81 |
| Meals | 26.24 |
| Local Transportation | 86.35 |
| Long Distance Telephone | 21.29 |
| Duplicating Costs-in House | 36.20 |
| Duplicating Costs-Outside | 17.60 |
| In House Messenger Service | 42.32 |
| Facsimile Charges | 8.00 |
| Travel Expenses - Transportation | 246.23 |
| Travel Expenses - Lodging | 1320.42 |
| Travel Expenses - Meals | 62.45 |
| Westlaw | 39.13 |
| Word Processing - Logit | 108.00 |

| | |
|---|---|
| **TOTAL DISBURSEMENTS/CHARGES** | **$ 2,088.04** |

Any disbursement balances shown are compiled from original sources as entered on our records to the billing date shown.
Any disbursements/charges invoiced to us or posted by us subsequent to that date will be reflected in future billing.

-41-



1801 K St NW
Suite 500
Washington, DC 20006
202-973-2400 phone
202-973-2401 fax

August 16, 2005

Kenneth Pasquale
Stroock, Stroock & Lavan
180 Maiden Lane
New York, NY 10038

---

*For Services Rendered For*
*WR Grace Creditor's Committee - July 2005*

---

**Professional Fees:**

| | | |
|---|---|---|
| LC | 0.10 hrs. @ $510 | $51.00 |
| PM | 4.10 hrs. @ $400 | 1,640.00 |
| RC | 1.30 hrs. @ $400 | 520.00 |

Total Professional Fees................................................................................................$2,211.00

**Expenses:**

   None billable at this time.

**Total Amount Due for July Services and Expenses**........................................$2,211.00

**Outstanding Invoices:**

   Inv No.    156424          July 28, 2005              $34,075.28

Total Outstanding Invoices ......................................................................................$34,075.28

**Total Amount Due For July Services, Expenses and Outstanding Invoices**...............$36,286.28

Navigant Consulting, Inc. Project No.: 113758          Invoice No.: 157830

09/07/2005  01:14   4105284801          NAVIGANT CONSULTING                    PAGE  04



1401 K St. NW
Suite 500
Washington, DC 20006
202-973-2400 phone
202-973-2401 fax

| Timekeeper | Work Date | Hours | Narrative |
|---|---|---|---|
| CANTOR, ROBIN | 7/8/2005 | 0.40 | Reviewed materials sent by client and reviewed additional materials on the estimation methodology. |
| CANTOR, ROBIN | 7/12/2005 | 0.30 | Reviewed materials sent by client and reviewed additional materials on the estimation methodology. |
| CANTOR, ROBIN | 7/13/2005 | 0.60 | Teleconference with client. |
| CHAMBERS, LETITIA | 7/13/2005 | 0.10 | Read memo from client. |
| MCGRATH, PATRICK J. | 7/1/2005 | 1.50 | Review various case materials and correspondence from counsel |
| MCGRATH, PATRICK J. | 7/11/2005 | 0.40 | Review various case materials and correspondence from counsel |
| MCGRATH, PATRICK J. | 7/15/2005 | 0.20 | Review various case materials and correspondence from counsel |
| MCGRATH, PATRICK J. | 7/21/2005 | 1.30 | Review various case materials and correspondence from counsel |
| MCGRATH, PATRICK J. | 7/22/2005 | 0.50 | Review various case materials and correspondence from counsel |
| MCGRATH, PATRICK J. | 7/27/2005 | 0.20 | Review various case materials and correspondence from counsel |

Navigant Consulting, Inc. Project No.: 113758

Invoice No.: 157830