**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., et al., | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

**FEE AUDITOR'S FINAL REPORT REGARDING**
**FEE APPLICATION OF CAPLIN & DRYSDALE,**
**CHARTERED FOR THE SEVENTEENTH INTERIM PERIOD**

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the <u>Fee Application of Caplin & Drysdale, Chartered for the Seventeenth Interim Period</u> (the "Application").

**BACKGROUND**

1.  Caplin & Drysdale, Chartered ("Caplin") was retained as national counsel to the Official Committee of Asbestos Personal Injury Claimants. In the Application, Caplin seeks approval of fees totaling $221,129.25 and costs totaling $20,260.32 for its services from April 1, 2005, through June 30, 2005.

2.  In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued

January 30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served on Caplin an initial report based on our review, and received a response from Caplin, portions of which response are quoted herein.

## DISCUSSION

3.      In our initial report, we noted five entries totaling 3.0 hours and fees of $500.00 for tasks that appear to be in the nature of standard overhead and therefore not compensable. The entries are provided below.

| Date | Initials | Rate | Hours | Description |
|---|---|---|---|---|
| 04/20/05 | ADK | 175.00 | 0.50 | Updated payment schedule with payment received. |
| 06/15/05 | VP | 165.00 | 0.50 | Copy documents to add to the compilation of exhibits. |
| 06/28/05 | VP | 165.00 | 1.00 | Search for missing exhibits re a pleading |
| 06/29/05 | VP | 165.00 | 0.50 | Search for article used as an exhibit in a pleading |
| 06/29/05 | VP | 165.00 | 0.50 | Copy and scan the article. |

Paragraph, II. E. 7. of the Guidelines states, "[f]actors relevant to a determination that the expense is proper include the following: . . Whether the expenses appear to be in the nature of nonreimbursable overhead . . . Overhead includes word processing, proofreading, secretarial and other clerical services, . . ." We asked Caplin to explain why the cited entries should not be considered normal overhead tasks. Caplin responded as follows:

> You inquire in paragraph 3 of the Initial Report regarding services provided by Caplin & Drysdale paralegals Andrew D. Katznelson and Vernon Preston. The

**FEE AUDITOR'S FINAL REPORT** - Page 2
 wrg FR Caplin 17int 4-6.05.wpd

    services at issue are not overhead costs. Mr. Katznelson prepares flowcharts and schedules that assist attorneys in preparing fee applications and responding to the fee auditor. This task requires that Mr. Katznelson review Court orders and other legal documents to determine the Court's requirements and the status of pending applications, and hence could not be performed by a support staff member. Mr. Preston's description of the services rendered in June 2005 references his task of collecting and preparing an exhibit book to be attached to pleadings filed with the Court. That those exhibits were at some point copied or scanned was incidental to his task, which was to work with Caplin & Drysdale attorneys in preparing and filing the pleadings and exhibits.

We appreciate the response and grant that the two entries regarded search for documentation may be compensable. However, we believe the entry regarding reconciliation of payment and the two entries for copying should be considered standard overhead tasks. We thus recommend a reduction of $250.00 in fees.

    4.    We noted 16 entries by LMK totaling 25.9 hours and $10,748.50 for background reading and other research regarding estimation and general asbestos issues. The entries are provided as Exhibit A. We asked Caplin to explain the specific purpose for each research entry and how that research was ultimately used to further the resolution of the case. Caplin responded as follows:

> You inquire in paragraph 4 of the Initial Report regarding certain research services provided by Caplin & Drysdale attorney Leslie M. Kelleher, asking that we explain the specific purpose of 16 research entries, or 25.9 total hours of time billed. While considerations regarding attorney-client privilege and work product protection prevent us from disclosing the specific purpose of each entry, Ms. Kelleher was assigned to perform necessary research relating to the Grace asbestos claims estimation hearing. This research was later employed in briefs and internal memoranda regarding that hearing. All of the entries questioned by the Fee Auditor concerned research relating to estimation issues.
>
> Ms. Kelleher, an experienced litigator, was reviewing key cases and research materials relating to specific issues regarding estimation, including the estimation of the value of non-malignant claims and the impact of recent changes in state law. In addition, a portion of the services performed addressed certain positions that the

Committee anticipated, and correctly, would be taken by the Debtor in upcoming actions. While some of the research performed was general in nature, Ms. Kelleher was required to examine such sources in preparation for drafting court documents and internal memoranda on the issues in these bankruptcy cases.

We appreciate the response and offer no objection to these fees.

## CONCLUSION

5. Thus we recommend approval of fees totaling $220,879.25 ($221,129.25 minus $250.00) and costs totaling $20,260.32 for Caplin's services from April 1, 2005, through June 30, 2005.

> Respectfully submitted,
>
> **WARREN H. SMITH & ASSOCIATES, P.C.**
>
> By: _____
> Warren H. Smith
> Texas State Bar No. 18757050
>
> Republic Center
> 325 N. St. Paul, Suite 1275
> Dallas, Texas 75201
> 214-698-3868
> 214-722-0081 (fax)
> whsmith@whsmithlaw.com
>
> **FEE AUDITOR**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 21st day of November, 2005.

_____
Warren H. Smith

**SERVICE LIST**
Notice Parties

**The Applicant**
Elihu Inselbuck
Peter Van N. Lockwood
CAPLIN & DRYSDALE, CHARTERED
399 Park Avenue
New York, NY 10022

**The Debtors**
David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**
James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**
Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**
Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**
Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**
Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 141
Wilmington, DE 19801

**United States Trustee**
Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801

Exhibit A

| Date | Initials | Rate | Hours | Description |
|---|---|---|---|---|
| 05/10/05 | LMK | 415.00 | 1.10 | Background review of asbestos issues in bankruptcy and estimation issues. |
| 05/11/05 | LMK | 415.00 | 1.60 | Background reading re: estimation |
| 05/12/05 | LMK | 415.00 | 2.30 | Background reading and estimation issues (1.8);... |
| 05/13/05 | LMK | 415.00 | 2.70 | Research re: claims estimation issues. |
| 05/16/05 | LMK | 415.00 | 2.10 | ...Research re: estimation issues (1.8). |
| 05/17/05 | LMK | 415.00 | 2.00 | Research re: estimation issues |
| 05/18/05 | LMK | 415.00 | 1.00 | Research re: estimation issues |
| 05/19/05 | LMK | 415.00 | 2.10 | Research re: estimation issues |
| 05/20/05 | LMK | 415.00 | 2.30 | Research re: estimation issues |
| 05/24/05 | LMK | 415.00 | 1.80 | Research re: estimation issues |
| 05/25/05 | LMK | 415.00 | 1.70 | Reading and research re: estimation issues (1.5); |
| 05/26/05 | LMK | 415.00 | 1.80 | Research re: estimation issues |
| 05/27/05 | LMK | 415.00 | 2.50 | Research re: estimation issues |
| 05/10/05 | LMK | 415.00 | 0.40 | Background review in asbestos issues in bankruptcy |
| 05/14/05 | LMK | 415.00 | 1.00 | Background reading re: asbestos issues in bankruptcy. |
| 05/19/05 | LMK | 415.00 | 0.30 | Background reading re: asbestos issues in bankruptcy. |