IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**DECLARATION OF TIMOTHY M. BARRY IN SUPPORT OF DEBTORS' MEMORANDUM OF LAW IN SUPPORT OF CROSS-MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, MOTION TO DISMISS CLAIM NO. 2281 AND IN OPPOSITION TO CLAIMANT'S MOTION FOR SUMMARY JUDGMENT**

Timothy M. Barry hereby declares:

1. I have been employed by Debtor W. R. Grace & Co.-Conn. since May of 1987 and am currently employed as a dispenser technician in the Specialty Construction Chemicals business of Grace Performance Chemicals. I make this declaration based on my own personal knowledge, information and belief.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

2. Peter P. Pearson (the "Claimant") was employed by W.R. Grace & Co. as a crew chief of one of the two crews stationed in Phoenix, Arizona, performing Grace Roof Membrane ("GRM") repair work from 1986 through 1992.

3. From 1987-1995, I was employed by Grace's Construction Products division as a crew chief of one of two crews performing Grace Roof Membrane repair work in the Phoenix, Arizona area. My job responsibilities were virtually identical to the Claimant's and I worked with the Claimant on many job sites.

4. The Claimant had prior experience in the roofing industry and, as such, would have been familiar with roofing materials, their use and their hazards, if any. The roofing repair work that the Claimant conducted for the Debtors was essentially no different than that conducted by other roofers.

5. To the best of my knowledge, none of Grace's other former GRM repair work employees have filed lawsuits, complaints, charges, claims or grievances against the Debtors in regards to EPCRA, OSHA, or any other health or safety issues concerning GRM products or repair work except for the Claimant.

6. While working as a crew chief performing GRM repair work, I and all other similar employees of the Debtors received regularly scheduled training in the use of GRM products including instructions on the safe use and application of the GRM products. Employees were provided with Material Safety Data Sheets for all GRM products and for other products and materials we would encounter in connection with our GRM repair work. I am unaware of the Claimant ever complaining to Grace of any safety, health or medical concerns.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Timothy M Barry

3