# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

### DEBTORS' FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PETER P. PEARSON

Pursuant to Federal Rules of Bankruptcy Procedure 7026, 7033, 7034 and 9014, W. R. Grace & Co. and the related debtors (collectively, the "Debtors") request that Peter P. Pearson ("Claimant") (i) answer under oath the following interrogatories, and (ii) respond in writing to the following document production requests and produce each document in his possession, custody or control which is responsive to the following request.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

## DEFINITIONS AND INSTRUCTIONS

A.     "Claimant" means Peter P. Pearson or agents and all persons acting or purporting to act on his behalf.

B.     The "Debtors" include W. R. Grace & Co., as well as its subsidiaries and divisions that filed voluntary Chapter 11 petitions for relief on April 2, 2001.

C.     "Claim" means Claim #2281 filed on or about October 31, 2002 in the amount of $741,600 by the Claimant against the Debtors and any subsequent pleadings or documents filed by the Claimant regarding the Claim or supporting the Claim.

D.     "Response" means the Response to Debtors' Fifth Omnibus Objection dated May 19, 2004 and filed by the Claimant.

E.     "Document" or "documents" has the full meaning ascribed to it by Federal Rule of Civil Procedure 34(a), and includes the original and any identical or nonidentical copy, regardless of origin or location, of any writing or record of any type or description, including but not limited to, all writings, records, contracts, agreements, correspondence, memoranda, letters, facsimiles, electronic mail (e-mail), minutes, recordings, transcripts, and summaries of meetings, or recordings of meetings, speeches, presentations, conversations, or telephone calls (whether recorded in writing, mechanically, or electronically), handwritten and typewritten notes of any kind, statements, reports, voice recordings, desk calendars, diaries, logs, drafts, studies, analyses, schedules, forecasts, surveys, invoices, receipts, computer data, computer printouts, financial statements, balance sheets, profit and loss statements, statements of earnings, statements of net worth, credit reports, statements of operations, audit reports, financial summaries, statements of lists of assets, work papers, pictures, photographs, drawings, computer cards, tapes, discs, printouts and records of all types, instruction manuals, policy manuals and statements, books,

pamphlets, cancelled checks, check stubs, and every other device or medium by which information of any type is transmitted, recorded, or preserved.

F. "Communications" include both oral and written, whether made in person, by telephone, in the context of a meeting, transmitted electronically or telegraphically, or transmitted in any other fashion.

G. A document "relates to" a subject if it makes a statement about, refers to, mentions, discusses, describes, reflects, deals with, consists of, constitutes, comprises, records, or in any way pertains to the subject, either in whole or in part and either directly or indirectly.

H. If the Claimant is aware that any documents sought to be identified herein have been lost, discarded, or destroyed, the documents so lost, discarded, or destroyed shall be identified as completely as possible, including the following information: (1) the author, (2) date, (3) subject matter, (4) date of disposal, (5) manner of disposal, (6) reason for disposal, (7) person authorizing the disposal, and (8) person disposing of the document.

I. "Identify" when used in reference to a natural person or individual means to state: (1) his or her full name; (2) present or last known residence address and telephone number; (3) present or last known business address and telephone number; and (4) relationship, if any, to Claimant.

J. "Identify" when used in reference to a business or entity other than a natural person means to state: (1) its full name; and (2) present or last known address and telephone number.

K. "Identify" when used in reference to a document means to state: (1) its title; (2) type (e.g., letter, memorandum, etc.); (3) date; (4) authors or originators; (5) addressees or recipients; (6) subject matter; (7) any file numbers which may be used in locating the

document; (8) the name and present or last known address and telephone numbers of all persons having possession, custody, or control of the document; and (9) its disposition if no one presently has possession, custody, or control of the document.

L.  "Person" means any natural person, business, firm, corporation, partnership, association or entity.

M.  "You" or "your" means the Claimant, Peter P. Pearson, and any and all agents or persons acting or purporting to act on his behalf.

N.  If any document or piece of information is withheld on the ground of privilege or any other basis, the document so withheld shall be identified as completely as possible, including the following information: (1) the reason for withholding the document or piece of information; (2) a brief description of the privileged matter, including (i) the date of the document, conversation, or other matter; (ii) the number of pages, attachments, and appendices or the length of any such conversation; (iii) the authors, preparers, or participants and an identification by employment and title of each such person; (iv) the names of each person who was sent or shown copies of the document, who has had access to or custody of the document, or with whom the document was discussed, together with an identification of each such person by employment and title; (v) the present custodian of the document; (vi) the subject matter of the conversation or document, and, in the case of a document relating in any way to a meeting or conversation, identification of such meeting or conversation; and (3) the interrogatory to which this document or conversation relates.

O.  These requests cover all documents in your possession, custody, or subject to your control, wherever located, including those documents over which you have the power to obtain.

P.   Unless a different time period is specified in a specific interrogatory, the period covered by these interrogatories is from March 1, 1986 to the present.

Q.   The singular form of a noun or pronoun includes the plural form, and the plural form includes the singular.

R.   The connectives "and", "or" and "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a document request all documents that otherwise might be construed to be outside of its scope.

S.   These requests shall be deemed continuing so as to require further and supplemental responses if Claimant obtains or discovers additional responsive information between now and the conclusion of this adversary proceeding.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

State your full name (including your full first, middle, and last names); your current residence address; date of birth; place of birth; social security number; and marital status.

**INTERROGATORY NO. 2:**

State all other addresses where you have lived during the past twenty (20) years and the years during which you lived at each such address.

**INTERROGATORY NO. 3:**

Describe any and all work that you performed while employed by the Debtors, including dates of your employment, the names of all supervisors, and your job responsibilities.

**INTERROGATORY NO. 4:**

Identify where you were employed prior to your employment with the Debtors. State the following with respect to each such previous employment:

a.   the name and address of your employer;

    b.    the date or inclusive dates of your employment
    c.    the nature of the business;
    d.    your job titles, positions, and primary duties, including dates thereof; and
    e.    the names of your supervisors for this employer, including the dates of each person's supervision of you.

**INTERROGATORY NO. 5:**

After your employment with the Debtors, please state the following with respect to any subsequent employment:

    a.    the name and address of your employer;
    b.    the date or inclusive dates of your employment;
    c.    the nature of the business;
    d.    your job titles, positions, and primary duties, including dates thereof; and
    e.    the names of your supervisors for this employer, including the dates of each person's supervision of you.

**INTERROGATORY NO. 6:**

Describe all condition(s), disease(s), or ailment(s) for which you seek damages in the Claim, including identification of the nature and duration of any symptoms, any diagnosis, and any prognosis regarding such condition(s), disease(s), or ailment(s).

**INTERROGATORY NO. 7:**

When were you first diagnosed with any such condition(s), disease(s), or ailment(s), and identify who made the diagnosis?

**INTERROGATORY NO. 8:**

Identify all treating physicians who have treated you for any condition(s), disease(s), or ailment(s) for which you seek damages in the Claim.

**INTERROGATORY NO. 9:**

Explain in detail why you contend your condition(s), disease(s), or ailment(s) were caused by the Debtors.

**INTERROGATORY NO. 10:**

State all information that you contend supports your allegation that your condition(s), disease(s), or ailment(s) were caused by working for the Debtors.

**INTERROGATORY NO. 11:**

Identify all documents, including scientific or medical studies, whether published or unpublished, that you contend support your allegations that the condition(s), ailment(s) or disease(s) for which you seek damages in the Claim were caused by working for the Debtors.

**INTERROGATORY NO. 12:**

Identify any physician who has told you that your condition(s), disease(s), or ailment(s) were caused by working for the Debtors.

**INTERROGATORY NO. 13:**

Identify each chemical or hazardous material to which you were exposed at the Debtors which you allege caused the condition(s), disease(s), or ailments (s) for which you seek damages in the Claim.

**INTERROGATORY NO. 14:**

As to each chemical or hazardous material identified in your answer to interrogatory number 13, identify all studies, texts, articles or published documents known to you which support your allegation that the chemical or hazardous material is capable of causing the condition(s), disease(s), or ailment(s) which you allege to have contracted as a result of exposure to that chemical or hazardous material.

**INTERROGATORY NO. 15:**

As to each chemical or hazardous material identified in your answer to interrogatory number 13, identify by name, address, and job title each person who witnessed your exposure to that chemical or hazardous material at the Debtors.

**INTERROGATORY NO. 16:**

As to each chemical or hazardous material identified in your answer to interrogatory number 13, have you ever used, worked with, or otherwise been exposed to that chemical or hazardous material at any place of employment other than the Debtors? If so, state the following:

    a.    the name and address of the employer for whom you were working when the exposure took place;
    b.    the name and address of the facility where the exposure took place;
    c.    the name of each such chemical or hazardous material to which you were exposed at that facility;
    d.    the duration of each exposure; and
    e.    the manner in which the exposure took place.

**INTERROGATORY NO. 17:**

As to each chemical or hazardous material identified in your answer to interrogatory number 13, have you ever been exposed to that chemical or hazardous material at any time and place other than those exposures which you have identified elsewhere in your answers to these interrogatories? If so, state the following:

    a.    the name of the chemical or hazardous material to which you were exposed;
    b.    the location of the exposure;
    c.    the duration of the exposure; and
    d.    the manner in which the exposure took place.

**INTERROGATORY NO. 18:**

Identify all communications, including correspondence, that you have had with anyone (other than your lawyer) regarding the Claim or any potential causes of the condition(s), disease(s), or ailment(s) for which you seek damages in the Claim.

**INTERROGATORY NO. 19:**

Has any physician, healthcare provider, or other qualified expert informed you (orally or in writing) that exposure to anything while working for the Debtors caused,

contributed to, or exacerbated any condition(s), disease(s), or ailment(s) for which you seek damages in the Claim? If "yes," identify each person, the date of the communication, and the substance of the information so provided.

**INTERROGATORY NO. 20:**

Identify any training, instruction, or written materials you received or presented while employed at the Debtors relating to your job(s). Include the following information with respect to any such training, instruction or written materials received:

- a. the type of training, instruction or written materials received (i.e., lecture, written information, on-the-job training);
- b. date received;
- c. person or entity providing training, instruction or written materials; and
- d. summary of training, instruction or written materials received.

**INTERROGATORY NO. 21:**

Identify all occasions when you complained to the Debtors concerning safety, health or training concerns, including the date such complaint was made, manner (in writing or orally), the substance of the complaint, the person who received the complaint, and whether action was taken in response to the complaint.

**INTERROGATORY NO. 22:**

Identify precisely how you were "directly or indirectly threatened that he would lose his job if he questioned his supervisors about the safety concerns and medical problems that were being experienced at the time." (Response to Debtors' Fifth Omnibus Objection, ¶ 18, p. 9).

**INTERROGATORY NO. 23:**

Identify precisely the facts supporting your allegations in Paragraphs 21-35 of the Response to Debtors' Fifth Omnibus Objection.

**INTERROGATORY NO. 24:**

Identify all of the fact and expert witnesses you may call on at any trial or hearing on the Claim, and describe in detail the subject matter of their testimony.

**INTERROGATORY NO. 25:**

Identify all notices, law suits, trials, claims, causes of actions, proceedings, hearings, reviews, inquiries or investigations in which you have been involved which relate to any allegation contained in the Claim or Response.

## DOCUMENT REQUESTS

**REQUEST NO. 1:**

Produce all documents relating to your Claim in your possession, custody or control.

**REQUEST NO. 2:**

Produce all of your medical records relating to the conditions you complain of in your Claim or the related documents filed to support your Claim.

**REQUEST NO. 3:**

Produce all documents, including scientific studies, whether published or unpublished, concerning the condition, ailment, or disease for which you seek damages in the Claim.

**REQUEST NO. 4:**

Produce all documents, including scientific studies, whether published or unpublished, that in any way address any causal connection between exposure to any chemical or substance and the condition, ailment, or disease for which you seek damages in your Claim that were in the possession, custody, or control at the time you filed your Claim.

**REQUEST NO. 5:**

Produce all documents, including scientific studies, whether published or unpublished, that in any way address any causal connection between exposure to any chemical or substance and the condition, ailment, or disease for which you seek damages in your Claim that have come into the possession, custody, or control of you or your attorneys since the time you filed the Claim.

**REQUEST NO. 6:**

Produce a signed copy of the attached "Records Authorization" to give the Debtors permission to obtain medical information about you, which is attached as <u>Exhibit A</u>.

**REQUEST NO. 7:**

Produce all documents identified in your answer to any interrogatory, or upon which you base any portion of your answer to any interrogatory.

[ Remainder of page intentionally left blank. ]

Date: April 12, 2005                    W.R. Grace & Co., et al.

*[signature: Rachel R Sch]*
_____
By: One of its attorneys

Janet S. Baer
Rachel R. Schulman
KIRKLAND & ELLIS
200 East Randolph Drive
Chicago, IL 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

and

Laura Davis Jones (Bar No. 2436)
David W. Carickhoff, Jr. (Bar No. 3715)
PACHULSKI, STANG, ZIEHL, YOUNG, JONES
& WEINTRAUB P.C.
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone:   (302) 652-4100
Facsimile:   (302) 652-4400

Counsel for the Debtors and Debtors in Possession

## EXHIBIT A

RECORDS AUTHORIZATION

TO:

RE:   Peter P. Pearson

DATE OF BIRTH: _____

SOCIAL SECURITY NO.: _____

    This will authorize Kirkland & Ellis LLP of 200 East Randolph Drive, Chicago, Illinois, 60601, or its authorized representatives, to copy and inspect all information, including but not limited to medical records, Medicaid records, workers' compensation records, claims for disability, test images including x-rays, magnetic resonance imaging (MRI), computerized tomography (CT) scan, ultrasound, angiographic tests or other diagnostic tests, films, test results, handwritten notes, correspondence to or from me, correspondence to or from any of my other health care providers, other information (written or oral) provided to you by me, reports or copies thereof relating to any contact, examination, consultation, confinement or treatment, and to permit them to inspect and make copies or abstracts thereof, and will further authorize you to disclose any and all information of any kind concerning your treatment of me.

    A photocopy of this authorization shall be as effective as the original. Also the authorization should be considered as continuing regardless of the date on which it is executed.

                                                                                          _____
                                                                                             Peter P. Pearson

DATE: _____

SWORN AND SUBSCRIBED to
before me on this _____
day of _____, 2005

_____

K&E 10263546.3

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

CERTIFICATE OF SERVICE

I, Kerry Adams, a non-attorney, certify that on the 12th day of April, 2005, I caused to be served via First Class Mail and E-mail a true and correct copy of the foregoing Debtors' First Set of Interrogatories and First Request for Production of Documents on Peter P. Pearson.

Dated: April 12, 2005

*Kerry Adams*
Kerry Adams

SWORN AND SUBSCRIBED to
before me on this 12th
day of April, 2005

*Nancy Freeman Shobeiri*

"OFFICIAL SEAL"
Nancy Freeman Shobeiri
Notary Public, State of Illinois
My Commission Expires March 14, 2006

K&E 10263546.3