# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| W.R. GRACE & CO., et al.,[1] ) | Case No. 01-01139 (JJF) |
| ) | (Jointly Administered) |
| Debtors. ) | |
| ) | Hearing Date: January 30, 2006 @ 12:00 p.m. |
| ) | Objection Deadline: January 10, 2006 |
| ) | |
| ) | |

## MOTION OF BDM CONSTRUCTION COMPANY, INC. FOR ORDER GRANTING MODIFICATION OF THE AUTOMATIC STAY

BDM Construction Company, Inc. ("BDM"), by and through its undersigned counsel, pursuant to Section 362 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 4001(a) and 9014 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 4001-1, hereby moves the Court for the entry of an Order in the form attached hereto, modifying the automatic stay to permit the State Court Action (as

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

1

defined below) to proceed to permit BDM to liquidate its claims against W.R. Grace & Co. (the "Debtor"), a cross-defendant in the State Court Action, and to satisfy any judgment obtained from the Debtor's available insurance coverage. In support of its Motion, BDM respectfully states as follows:

### I. BACKGROUND

1. Robert Mondavi Winery ("Mondavi" or the "Plaintiff") is the plaintiff in an action pending in the Superior Court of the State of California for the County of Napa captioned *Robert Mondavi Winery v. BDM Construction Company, Inc.; River City Caulking and Waterproofing; and Does 1-50, Inclusive*, Docket No. 26-26808 (the "State Court Action").

2. The Debtor is a cross-defendant in the State Court Action.

3. On or about April 2, 2001 (the "Petition Date"), the Debtor filed a voluntary petition for protection under Chapter 11 of the Bankruptcy Code. The Debtor has continued in the operation of its business and the possession of its property as debtor-in-possession under Sections 1107 and 1108 of the Bankruptcy Code.

### II. JURISDICTION AND VENUE

4. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§157 and 1334, Rule 9024 of the Federal Rules of Bankruptcy Procedure, and Rule 60(b)(6) of the Federal Rules of Civil Procedure. This matter is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The predicate for the relief requested is § 362(d) of the Bankruptcy Code.

### III. STATEMENT OF FACTS

5. The facts supporting this motion are contained in the Declaration of David S. Henningsen, Esquire, dated November 22, 2005 (the "Henningsen Declaration"), submitted concurrently herewith.

#### A. The Complaint

6. Mondavi is an Oakville, California winery, which is open daily and offers its customers wine tastings and tours of its vineyards and winemaking facilities. Mondavi is also host to wine events throughout the year, including educational programs, culinary programs, concerts and art exhibitions.

7. On March 1, 1999, Mondavi, as Owner, and BDM, as Contractor, entered into a contract for construction services for the purpose of construction of an addition to Mondavi's property (the "Tokalon Addition"). A true and correct copy of the Standard Form of Agreement Between Owner and Contractor, dated March 1, 1999, and General Conditions of the Contract for Construction, incorporated therein by reference (together, the "Agreement") is attached to the Complaint which is Exhibit 1 to the Henningsen Declaration.

8. Mondavi alleges that on or about September 2003, the waterproofing for the Tokalon addition failed in certain areas.

9. On September 14, 2004, Mondavi filed its complaint against BDM and River City Caulking and Waterproofing ("RCCW"), among others (the "Complaint"), alleging breach of contract and negligent construction, and seeking relief and damages in the amount of $3,000,000.00, plus interest. A true and correct copy of the Complaint filed in the State Court Action is attached as Exhibit 1 to the Henningsen Declaration.

3

### Breach of Contract

10. Mondavi alleges that BDM has breached the Agreement by failing to construct the Tokalon Addition as a waterproof structure, causing damage to the interior of the building, including ponding, corrosion to structural steel, and related conditions. As alleged in the Complaint, the breach proximately caused water intrusion; damage to tangible property; the loss of use of areas used for wine storage and customer tastings; the loss of use of bathroom facilities; the loss of income due to the loss of use of VIP rooms and tasting areas; and corrosion to structural steel. Mondavi also alleges it is entitled to full indemnification and protection from all losses of any kind associated with the Defendants' work.

### General Negligence

11. Mondavi also alleges that BDM and RCCW are liable for negligence. In the Complaint, Mondavi alleges that BDM and RCCW negligently constructed, sequenced, and installed waterproofing, which caused water infiltration. Mondavi further alleges that subsequent attempts to repair areas of leakage have caused the continuing and expanding areas of damage to tangible property and the loss of the use of Mondavi's VIP tasting rooms, bathroom facilities, and storage areas.

### B. The Cross-Complaint

12. On October 29, 2004, BDM filed its cross-complaint against several cross-defendants, including the Debtor (the "Cross-Complaint"). A true and correct copy of the Cross-Complaint filed in the State Court Action is attached as Exhibit 2 to the Henningsen Declaration.

13.  In its Cross-Complaint, BDM generally alleges that each of the cross-defendants were the inspectors, subcontractors, engineers, and/or designers responsible for inspecting, constructing and/or designing the structures and appurtenances of Mondavi's property. BDM believes and alleges that each of the cross-defendants was negligent, careless, strictly liable, breached warranties, or were otherwise legally responsible for the events complained of in the Complaint and any resulting injuries.

14.  In its Cross-Complaint, BDM specifically alleges the following causes of action against all cross-defendants: (1) total equitable indemnity; (2) comparative indemnity and contribution; (3) negligence; (4) breach of implied warranty; (5) breach of express warranty; (6) express contractual indemnity; (7) breach of contract; and (8) declaratory relief.

15.  Upon information and belief, the Debtor has in place insurance policies providing for insurance coverage for the liabilities and damages alleged in the Complaint and in the Cross-Complaint.

16.  The State Court Action is currently pending, and a Pre-trial Order was entered on August 29, 2005. A copy of the Pre-Trial Order is attached as Exhibit 3 to the Henningsen Declaration.

## IV. THE AUTOMATIC STAY SHOULD BE MODIFIED TO PERMIT THE STATE COURT ACTION TO PROCEED

17. BDM requests relief from the 11 U.S.C. § 362 automatic stay pursuant to subsection (d), which provides, in part:

> (d) On request of a party in interest and after notice and a hearing the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay—
>
> > (1) for cause, including the lack of adequate protection of an interest in property of such party in interest[.]

18. BDM submits that "cause" exists to modify the automatic stay. 11 U.S.C. § 362(d)(1). "Cause" is not defined in the Bankruptcy Code; it must be "determined on a case-by-case basis." *In re Rexene Products Company*, 141 B.R. 574, 576 (Bankr.D.Del. 1992) citing *Int'l Bus. Machines v. Fernstrom Storage & Van Co.*, 938 F.2d 731, 735 (7th Cir. 1991). In *Rexene Products*, this Court stated as to "cause":

> The legislative history indicates that cause may be established by a single factor such as "a desire to permit an action to proceed . . . in another tribunal," or "lack of any connection with or interference with the pending bankruptcy case." H.R.Rep. No. 95-595, 95th Cong., 1st Sess., 343-344 (1977) U.S. Code Cong. & Admin. News pp.5787, 6300. *See also In re Drexel Burnham Lambert Group, Inc.*, 113 B.R. 830, 838 n.8 (Bankr.S.D.N.Y. 1990) (citing various findings of § 362(d)(1) "cause" to permit litigation in another forum such as liquidation of a personal injury, arbitration or specialized jurisdiction claim). The legislative history to section 362(d)(1) emphasizes the section's applicability to proceedings in another tribunal. "[I]t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere." H.R.Rep. No. 595, 95th Cong., 1st Sess., 341 (1977). This theme is echoed in the equitable balancing test most courts apply to determine if cause exists to lift the stay to allow pending litigation to proceed or continue in another forum. [Citations omitted.]

6

19. In *Rexene Products*, the Court held that the following test should be used to decide whether relief from the stay should be granted:

 a) Whether any great prejudice to either the bankruptcy estate or the debtor will result from continuation of the civil suit,

 b) whether the hardship to the [non-bankrupt party] by maintenance of the stay considerably outweighs the hardship of the debtor, and

 c) whether the creditor has a probability of prevailing on the merits. [Citations omitted.]

*Rexene Products*, 141 B.R. at 576. The movant on a relief from stay motion has the initial burden of establishing a prima facie case. *Id.* at 577; *In re Laguna Associates Limited Partnership*, 147 B.R. 709, 714-15 (E.D. Mich. 1992). If the movant does so, then the burden shifts to the debtor who has the burden of ultimate persuasion. *Id.*

20. The *Rexene Products* test has been repeatedly applied by this Court. *See e.g., In re Continental Airlines, Inc.*, 152 B.R. 420, 424 (D.Del. 1993); *In re Pursuit Athletic Footware, Inc.*, 193 B.R. 713, 718 (Bankr.D.Del. 1996); *In re Levitz Furniture Incorporated*, 267 B.R. 516, 523 (Bankr.D.Del. 2000); *In re Integrated Health Services, Inc.*, 2000 WL 33712483 at *1 (Bankr.D.Del. 2000) (attached hereto as Exhibit A); *In re Unidigital Inc.*, 2000 WL 33712306 at *1 (Bankr.D.Del. 2000) (attached hereto as Exhibit B). In each of these cases, relief from the stay was granted.

21. The first prong of the *Rexene Products* test is clearly met. No great prejudice to the Debtor will result from the lifting of the stay. BDM seeks to recover on any judgment it obtains against the Debtor from available insurance coverage, which is property in which the Debtor has no interest. *In re Louisiana World Exposition, Inc.*, 832 B.R. 1391 (5th Cir. 1987); *Matter of Edgeworth*, 993 F.2d 51 (5th Cir. 1993). The Debtor's insurance proceeds are not assets of the bankruptcy estate which section 362

7

was intended to protect. Since the insurance proceeds are not property of the Debtor's estate, they cannot be necessary for an effective reorganization, nor can they be property in which the Debtor has equity. Moreover, the Debtor has yet to schedule a hearing on a Disclosure Statement or schedule a plan confirmation hearing. Thus, no great prejudice to the Debtor can result from lifting the stay.

22. The second prong of the *Rexene Products* test is likewise clearly met, as the hardship to BDM clearly outweighs any hardship to the Debtor which might result from modification of the stay. The plaintiff in the State Court Action seeks compensation for injuries that BDM believes were caused by waterproofing materials manufactured by the Debtor. The continued suspension of the State Court Action as it relates to BDM's Cross Complaint will work a substantial hardship on BDM's ability to investigate and prosecute its cross claims against the Debtor.

23. Moreover, the events that gave rise to the State Court Action occurred in California, thus it is reasonable to assume the majority of witnesses to be deposed are likewise located in California. It would be a hardship to BDM to have these witnesses testify in Delaware or, in the alternative, to rely upon their testimony exclusively by way of depositions. Moreover, California law governs any determination of liability in the State Court Action, as well as any damages to which the Plaintiff may be entitled. BDM's Cross-Complaint should be resolved in California as part of the State Court Action.

24. Cause to vacate the stay exists due to the delay BDM will suffer in liquidating its cross claims against the Debtor as part of the State Court Action.

> A number of courts have attributed a considerable weight to the fact that a plaintiff, by having to wait, may effectively be denied an opportunity to litigate.

> The aging of evidence, loss of witnesses and crowded court dockets contribute to these hardships. The opinions reflect that the courts have regarded the opportunity to litigate the issue of liability as a significant right which cannot be easily set aside, despite the existence of a bankruptcy proceeding.

*In re Bock Laundry Machine Company*, 37 B.R. 564, 566 (Bankr.N.D. Ohio 1984).

25. On the other hand, there is no great hardship to the Debtor in requiring it to participate in its defense. Courts have generally not been persuaded by a debtor's arguments concerning the cost of defense.

> The courts have not, however, ascribed much significance to the fact that the debtor will be required to participate in their defense, especially when the debtor's insurer is obligated to provide counsel. See for example, *Matter of Holtkamp*, [669 F.2d 505 (7th Cir. 1982)]. This position has been sustained despite the fact the debtor was uninsured and was required to assume the costs of its own defense. *In re Terry*, [12 B.R. 578 (Bankr.E.D.Wis. 1981)], *In re McGraw*, [18 B.R. 140 (Bankr.W.D. Wis. 1982)].

*Id.* at 567. The Court of Appeals for the Third Circuit concurs with this position:

> The Court of Appeals for the Third Circuit has declared that litigation expenses do not constitute an injury sufficient to justify the enjoining of litigation against the Debtor. *In re Davis*, 691 F.2d 176, 178 (3d Cir. 1982), quoting *Younger v. Harris*, 401 U.S. 37, 46 (1971).

*Matter of Nicholas, Inc. (Nicholas v. National Labor Relations Board)*, 55 B.R. 212, 217 (Bankr.N.J. 1985). For the foregoing reasons, the hardship to BDM in denying the motion to modify the stay considerably outweighs any hardship to the Debtor in continuing the State Court Action.

26. Finally, the third prong of the *Rexene Products* test is also clearly met. This Court has previously held that the required showing of probability of success on the merits is "very slight." *See Rexene Products*, 141 B.R. at 578. The legal and factual issues presented by Mondavi's Complaint and BDM's Cross-Complaint relate to construction industry standards, methods, and materials, as used and applied in the

construction and attempted repair of the Tokalon Addition. Thus, the State Court Action clearly presents triable factual issues. Moreover, no party has filed a motion for summary judgment. *See, e.g., Fernstrom*, 938 F.2d at 736 (ordering automatic stay lifted where the underlying action was not frivolous).

27. BDM respectfully submits that in view of the foregoing, the automatic stay should be modified to permit the State Court Action to continue and to enable BDM to satisfy any judgment obtained against the Debtor from the Debtor's available insurance coverage. The Debtor's estate will not be prejudiced by continuing the State Court Action, the hardship to BDM by maintenance of the automatic stay greatly outweighs the hardship to the Debtor, and BDM has more than a reasonable chance of prevailing on the merits.

28. No previous request for the relief requested herein has been made to this Court.

**WHEREFORE**, BDM respectfully requests that the Court enter an Order in the form attached: (i) modifying the automatic stay to allow the State Court Action to proceed to judgment and to enable BDM to satisfy its claims, as asserted in its Cross-Complaint, in the State Court Action from the Debtor's existing insurance coverage; and (ii) granting BDM such other and further relief as the Court deems just and appropriate.

Dated: November 28, 2005

ASHBY & GEDDES, P.A.

*/s/ Amanda Winfree*

William P. Bowden (#2553)
Amanda M. Winfree (#4615)
222 Delaware Avenue
17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
Tel: (302) 654-1888

*Attorneys for BDM Construction Company, Inc.*

164029.1

11