# EXHIBIT 3

Jonathan Margolis    State Bar No. 099903
JONATHAN MARGOLIS, P.C.
2 Lower Ragsdale Drive, Suite 110
Monterey, California 93940
831/646-3100 Telephone
831/646-3133 Facsimile
jm@jonathanmargolis.com

SPECIAL MASTER

*add SM to post case info.*

*Add depository to cal. OK*

**ENDORSED**

AUG 2 9 2005

Clerk of the Napa Superior Court
By: M. FAIR
         Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF NAPA

| | |
|---|---|
| ROBERT MONDAVI WINERY, | NO. 26-26808 |
| Plaintiff, | PRE-TRIAL ORDER NO. ONE |
| v. | |
| BDM CONSTRUCTION COMPANY, INC., RIVER CITY CAULKING AND WATERPROOFING; and DOES 1-50, inclusive, | |
| Defendants. | |

JONATHAN MARGOLIS, having been appointed Special Master by Order of the Court, and good cause appearing,

IT IS HEREBY ORDERED:

1. <u>SCOPE OF ORDER</u> - Pre-trial Order No. One, as may be modified and supplemented by further orders of this Court or of the Special Master shall govern all further pleadings, discovery, and settlement matters in this action. All such matters shall be set for hearing and heard before the Special Master. Before setting such matters, available dates must be verified with the Special Master and the Special Master may refer special problems affecting discovery or settlement matters which require the assistance of the Court to the presiding judge or the supervising judge designated by the presiding judge.

PRE-TRIAL ORDER NO. ONE                1

The Special Master shall not be responsible for demurrers, motions to strike, motions for summary judgement, motions for summary adjudication or motions for dismissal.

2. **SERVICE OF THIS ORDER** - A copy of this Order and any subsequent Pre-Trial Orders issued by the Special Master, shall be served with the complaint and any cross-complaint bringing in a new party. Failure to comply with this paragraph may result in a finding of invalid service, at the discretion of the Special Master, upon motion to the Special Master.

3. **NOTICE OF APPEARANCE** - Each new party shall file with the Court a written notice of appearance in lieu of any answer, and contemporaneously serve all counsel of record and the Special Master. Such notice shall identify with specificity each party which counsel purports to represent. <u>Such notice shall include the fax number of counsel.</u>

4. **PLEADINGS** - It shall hereafter be deemed that (1) all defendants and cross-defendants have filed and served cross-complaints for implied equitable indemnity and for a determination of comparative negligence against all other defendants and cross-defendants; (2) all allegations of the complaint and such cross-complaints are generally denied; (3) all affirmative defenses listed in Exhibit "A" attached hereto are deemed raised by the filing of a notice of appearance in lieu of answer in response to the complaint and to all deemed cross-complaints. Any complaint or cross-complaint other than for implied equitable indemnity or comparative negligence, and particularly raising express indemnity claims, and any answer raising an affirmative defense not listed in Exhibit "A," must be separately pled. This section shall not apply to actions against public entities which are subject to the claim filing requirements of Government Code §900, et.seq. Nothing in this Order shall affect the requirements of California Code of Civil Procedure §411.35. Parties wishing to file pleadings for additional affirmative claims will not be precluded from filing a pleading at a later date upon good cause shown.

5. **STAY ON DISCOVERY** - All discovery is stayed, except for good cause demonstrated on application to the Special Master, and as provided in this and any future Pre-Trial Order approved by the

PRE-TRIAL ORDER NO. ONE 2

1  Special Master and the Court. This stay does not apply to discovery requests to non-parties.

2  6. **PRE-TRIAL DISCOVERY** - The Special Master shall have jurisdiction over pre-trial discovery. The Special Master shall have authority to coordinate all discovery, including: Disclosure of witnesses; taking depositions of witnesses and/or parties; ordering site inspections including attendance by all parties and their consultants and/or experts; and to order settlement conferences and the attendance at such conferences by counsel, parties, and insurance representatives. The Special Master further shall have the authority to:

a. Review the Court's file and meet with counsel;

b. When deemed appropriate, require counsel to provide statements pertaining to legal and factual issues;

c. Require the attendance of counsel and parties and representatives of parties with full authority to settle at all settlement conferences;

d. When deemed appropriate, meet with counsel and the parties or their representatives together and/or separately;

e. Refer special problems affecting discovery or settlement matters which require the assistance of the Court to the presiding judge, or to the supervising judge designated by the presiding judge;

f. Determine the procedure, time, place, and duration of all settlement conferences, subject to the direction of the presiding judge, or the supervising judge designated by the presiding judge; and to conduct such conferences;

g. Report the status of the matter to the presiding judge.

7. **DOCUMENT DEPOSITORY** - A document depository shall be established at Beeline Professional Services, 1407 Oakland Boulevard, Suite 200, Walnut Creek, CA 94596; Telephone: 925/946-4610. Within 30 days of the date of this Order, or the filing of a Notice of Appearance, each party shall produce all relevant, non-privileged documents in its possession and/or under its control pertaining in

any way to the subject property or otherwise relating to the claims made herein, to the document depository. Each production shall be accompanied by a certificate of due diligence (C.C.P.§2031(g)). If no documents exist, the party shall serve a declaration under penalty of perjury setting forth in detail the efforts made to locate the documents and verify their non-existence (C.C.P.§2031(g)(2)). Any documents withheld on the basis of privilege shall be identified and the nature of the objection specified, (C.C.P.§2031(g)(3)), in a privilege log and shall be served on all parties and the Special Master on the date of production. The log shall briefly state the reason for withholding each document (e.g. attorney-client privilege, attorney work product, etc.).

All documents produced shall be bate stamped, numbered, and bear the first three initials of the producing party.

The term "document" has the same meaning as the term "writing" as defined in Evidence Code §250 and is meant to be all inclusive. It shall include original construction photographs, videos, plans, specifications, etc.

The document depository is not responsible for providing copies or paralegal assistance. Each party shall make independent arrangements for copies.

8. **STATEMENT OF INSURANCE** - Within 30 days of the date of this order, or within 30 days of filing of a notice of appearance, each party shall serve on all parties and the Special Master, a Statement of Insurance identifying all primary, excess, umbrella, general liability, builder's risk, course of construction and/or difference in conditions insurance carriers which are providing or may provide coverage to them for this claim. The statement shall include for each insurance carrier the following information:

    a. The name and address of the carrier;

    b. The policy number;

    c. The type of policy;

    d. Effective dates of the policy;

e.  Policy limits for each type of coverage;

f.  Identity of all named insureds;

g.  Identity of all additional insureds;

h.  Identity of the claim examiner or adjuster;

i.  Identity of the claim number;

j.  The name of address of coverage counsel;

k.  Whether or not previous payments are known to have depleted some or all coverage limits;

l.  Whether such carrier has been placed on notice of the lawsuit;

m.  Whether such carrier has issued a reservation of rights.

Any party whose carrier has issued a reservation of rights declining coverage shall produce a copy of the policy and/or correspondence from the carrier regarding the denial of coverage including any certificates of insurance, additional named insured endorsements, and declaration pages to the depository. The disclosure of insurance information is to include all additional named insured endorsements. If any parties to the litigation are named as additional insureds, a copy of the policy shall be produced to the depository.

9.  **SCOPE OF WORK STATEMENT** - Within 30 days of this Order, or within 30 days of the filing of a Notice of Appearance, each party shall serve on all counsel a statement of work and involvement, which describes in detail the work they performed at the project. Such statements shall specify with particularity:

a.  The scope of work performed by that party and the nature of any involvement by that party at the project, such as ownership, management, inspection, supervision, construction, etc.;

b.  The applicable time period during which that party was working or involved in the project.

c.  The location where such work was performed;

d.  The identity of the person most knowledgeable of the work performed by that party and the

PRE-TRIAL ORDER NO. ONE                  5

last known whereabouts, including telephone number and address of such person;

e. The identity of the person supervising the work performed by that party, and the last known whereabouts of such supervisors, including address and telephone number. Each party shall attach to the scope of work statement copies of all contracts relating to work performed at the project. Submission of such work and/or involvement statement shall not be deemed an admission by any party nor may any such statement be introduced into evidence at the time of trial.

10. **PLAINTIFF'S STATEMENT OF CLAIMED DEFECTS AND DAMAGES** - No later than July 31, 2005, plaintiff's counsel shall produce to all counsel and the Special Master the plaintiff's statement of claimed defects and damages. The statement shall include discoverable test results, inspection reports, and all other discoverable data upon which the plaintiff bases its claim. The statement shall further include plaintiff's estimate of the cost to repair the alleged defects.

IT IS SO RECOMMENDED.

Dated: August 25, 2005

_____
Jonathan Margolis, Special Master

IT SO ORDERED.

Dated: 8-29-05

RAYMOND A. GUADAGNI
_____
Hon.
Judge of the Superior Court

PRE-TRIAL ORDER NO. ONE        6

# EXHIBIT A

## AFFIRMATIVE DEFENSES

The following separate affirmative defenses are alleged to the Complaint, Cross-complaint, and each Cause of Action therein:

1. **NO CAUSE OF ACTION STATED.** The Complaint and Cross-Complaint do not state facts sufficient enough to constitute a cause of action against this answering Defendant.

2. **COMPARATIVE NEGLIGENCE.** Plaintiff's or Cross-Complainant's own carelessness and negligence may have proximately contributed to the events and damages complained of, if any there were, and, if so, either bars or proportionately reduces any potential recovery to said Plaintiff or Cross-Complainant.

3. **ASSUMPTION OF RISK.** Plaintiff or Cross-Complainant may have assumed the risk, if any there was, in connection with the matters referred to in the pleading, and recovery is therefore barred or proportionately reduced to the extent of such assumption.

4. **STATUTE OF LIMITATIONS.** Each cause of action is barred by the applicable statute of limitations, including, without limitation, Code of Civil Procedure Sections 318, 337.1, 337.15, 338(2), 338(3), 338(4), 339, 340, and/or 343 and Uniform Commercial Code Sections 2607(3)(a) and 2725.

5. **ALTERATION OF PRODUCT.** Plaintiff, Cross-Complainant or others may have altered the product involved, proximately causing the events and damages, if any there were, and recovery is therefore barred or proportionately reduced accordingly.

6. **MISUSE OF PRODUCT.** Plaintiff, Cross-Complainant or others may have improperly used or improperly maintained the product involved herein, proximately causing the events and damages, if any there were, and recovery is therefore barred or proportionally reduced accordingly.

7. **NO PRIVITY.** Plaintiff or Cross-Complainant is barred from recovery for breach of warranty because of lack of privity.

8. **FAILURE TO MITIGATE DAMAGES.** Plaintiff or Cross-Complainant has failed or neglected to use reasonable care for protection and to minimize the losses and damages, if any there were, and recovery is therefore barred or proportionately reduced accordingly.

9. **CONDUCT OF OTHERS.** The injuries and damages of which Plaintiff or Cross-Complainant complain, if any there were, may have been proximately caused by the conduct of parties other than this answering Defendant, and recovery is therefore barred or proportionately reduced accordingly.

10. **UNIFORM COMMERCIAL CODE.** The claims of Plaintiff or Cross-Complainant are barred by Uniform Commercial Code Sections    12-1(25)(c), 2510, 2513(1) and (3), 2601, 2605(1)(a) and (b), 2606(1)(a) and (b), 2607, 2715(2)(a) and 2719(3).

11. **NOTICE OF BREACH OF WARRANTY.** Plaintiff or Cross-Complainant failed to make demand or to give timely and proper notice of breach of warranty.

12. **ACTIVE AND PASSIVE CONDUCT.** If it is determined that this answering Defendant was negligent, said negligence was secondary and passive, as contrasted with the active and primary negligence of the parties to this lawsuit, and therefore, Plaintiff or Cross-Complainant is not, as a matter of law, entitled to recovery from this answering Defendant on any theory of indemnity.

13. **APPORTIONMENT.** If the matters and damages alleged in the Complaint were proximately caused by the conduct of more than one party, and recovery must be apportioned as to the fault of each party.

14. **LACHES.** Plaintiff or Cross-Complainant may have known, or should have known, of the matters alleged herein for an unreasonably long period of time prior to commencement of this litigation, and did not give notice to this answering Defendant, and are therefore barred by Commercial Code Section 2607 and by similar provisions of statutory and common law.

15. **SPOLIATION OF EVIDENCE.** Plaintiff or Cross-Complainant, either intentionally or negligently, failed to preserve the primary evidence relevant to this litigation, thus failing to give this answering Defendant an opportunity to inspect said evidence and thereby severely damaging and prejudicing a defense. Plaintiff or Cross-Complainant therefore should be barred from introducing secondary or lesser evidence, and any recovery should be diminished accordingly.

16. **EQUITABLE INDEMNITY.** The principals of comparative equitable indemnity should be applied by the Court where appropriate, despite the absence of Cross-Complaint specifically requesting same.

17. **DOCTRINE OF UNCLEAN HANDS.** Plaintiff and Cross-Complainant are barred by virtue of conduct causing the alleged damages, under the doctrine of unclean hands.

18. **NO SPECIAL RELATIONSHIP.** No relationship existed between Plaintiff and Cross-Complainant and this answering Defendant which would give rise to indemnity.

19. **WAIVER.** Plaintiff's or Cross-Complainant's actions are barred by the doctrine of waiver. The defense of estoppel therefore applies.

20. **ESTOPPEL.** Plaintiff or Cross-Complainant is estopped from recovery by virtue of acts of directing, ordering, approving or ratifying the matters complained of herein.

21. **ADHESIVE AGREEMENT.** As a separate and distinct affirmative defense, this answering Defendant or Cross-Defendant is informed and believes and thereon alleges that the agreement is adhesive in nature and therefore void, voidable, or unenforceable.

## PROOF OF SERVICE

I am a citizen of the United States and employed in Monterey County, State of California; I am over the age of eighteen (18) years and not a party to the within cause; my business address is 2 Lower Ragsdale Drive, Suite 110, Monterey, California 93940. On September 6, 2005, I served the document(s) described below:

### PRE-TRIAL ORDER NO. ONE

on the following person(s) in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

[ ]   (BY OVERNIGHT MAIL) I served the above-named document(s) by California Overnight overnight delivery service at Monterey, California. I am sufficiently familiar with my firm's practice for collection and processing for overnight mailing. I sealed the above-named document(s) in a California Overnight envelope this same day and provided for its delivery fees in the ordinary course of business. I deposited said envelope in a regularly maintained California Overnight box for collection and overnight delivery.

[X]   (BY FACSIMILE MACHINE) by personally transmitting a true copy of the above-named document(s) via an electronic facsimile machine between the hours of 8:30 a.m. and 5:00 p.m. this same day to the fax numbers below and pursuant to Rule 2008(c) and (d) of the California Rules of Court. A transmission report was properly issued by the sending facsimile machine, and the transmission was reported as complete and without error.

### SEE ATTACHED LIST

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed September 6, 2005, at Monterey, California.

_____
Linda V. Clark

|    |    |
|----|----|
| 1  | *Robert Mondavi Winery v. BDM Construction Co., Inc., et al.* |
| 2  | Napa County Superior Court Case No. 26-26808<br>Service List |
| 3  | Julian J. Hubbard, Esq. |
|    | Hubbard & Ebert LLP |
| 4  | 600 Allerton St., Ste. 202 |
|    | Redwood City, CA 94063 |
| 5  | 650/369-9353 |
|    | 650/369-9351 Fax |
| 6  | **Plaintiff** |
| 7  | David Henningsen, Esq. |
|    | Robinson & Wood, Inc. |
| 8  | 227 North First Street |
|    | San Jose, CA 95113 |
| 9  | 408/298-7120 |
|    | 408/298-0477 Fax |
| 10 | **BDM Construction Company, Inc.** |
| 11 | Kasey Covert, Esq. |
|    | Stephen Anderson, Esq. |
| 12 | Murchison & Cumming LLP |
|    | 200 Pringle Ave., Ste. 500 |
| 13 | Walnut Creek, CA 94596 |
|    | 925/279-0944 |
| 14 | 925/274-0950 Fax |
|    | **River City Caulking, Inc.** |
| 15 |    |
|    | Gregory Hanson, Esq. |
| 16 | Hardiman & Carroll |
|    | 332 Pine Street, Suite 400 |
| 17 | San Francisco, CA 94104 |
|    | 415/248-3930 |
| 18 | 415/248-3933 Fax |
|    | **Allen & Sons Construction, Inc.** |
| 19 |    |
| 20 |    |
| 21 |    |
| 22 |    |
| 23 |    |
| 24 |    |
| 25 |    |
| 26 |    |
| 27 |    |
| 28 |    |