FILED

2005 NOV 29  AM 9: 37

CLERK
U.S. BANKRUPTCY COURT
DISTRICT OF DELAWARE

1  Peter P. Pearson
   P.O. Box 26301
2  Tucson, AZ. 85726
   (520) 247-1535
3  drp2p@email.arizona.edu

4

5              IN THE UNITED STATES BANKRUPTCY COURT
                  FOR THE DISTRICT OF DELAWARE
6

7  In re:                          ) Case No. 01-1139 (JKF)
   W.R. GRACE & CO., et al.,        ) Claim Number: 2281
           Debtor.                  ) Re: Docket Nos. 5527, 5637, 5685,
8                                   ) 7961, 8070 & 8178
                                    ) **CLAIMENT'S REPLY TO DEBTORS'**
9                                   ) **OPPOSITION TO MOTION FOR SUMMARY**
                                    ) **JUDGEMENT AND CROSS-MOTION FOR**
10 _____ ) **SUMMARY JUDGMENT**

11

         Peter P. Pearson ("Claimant"), per Federal Rules of Civil Procedure,
12
   replies in full to the Debtors' opposition to Mr. Pearson's Motion for
13
   Summary Judgment and Cross-Motion for Summary Judgment. Not withstanding the
14
   contention in Debtors' memorandum, they have provided NO tangible or
15
   empirical evidence to support their position that Mr. Pearson was not
16
   permanently harmed, nor tangible or empirical evidence to support their
17
   position that they followed Federal law in their capacity as an employer with
18 respect to hazardous chemicals at their disposal in a workplace environment.
   Summary judgment must be awarded to Claimant as a matter of law and fact.
19

20 Respectfully Submitted this 30TH day of November, 2005.

21

22 By: _____

23    Peter P. Pearson

24

25

                        CLAIMENT'S ANSWER - 1

**REPLY TO MEMORADUM**

1) The Debtors' would contest that "Claimant fails to provide any evidence of actual harm caused by the exposure to any materials used while working for the Debtors". Claimant provided the names of doctors which saw Claimant well before the claim was filed, as with a medical review from a qualified doctor which in fact did note a problems with joints on Claimant's hands, being "legally blind at 20/200" as a result of chemical exposure and a serious skin cancer type lesion on the right forehead, (refer to "Claimant's Production of Documents and Answer to Interrogatories"). Not only are the Debtors' inaccurate in their position to the Court, they appear to also be misleading the court in the evidence they have.

2) The Debtors' would contest that "Claimant has failed to produce any actual medical documentation…". In direct contrast to fact, Claimant complied by providing a medical release affidavit and the names of doctors who he saw regarding this claim. The Court is asked to read the FULL report from the "two (2) page report" as put forth from a skilled medical doctor at the University of Arizona Campus Health Service. The Debtors' are being less then genuine in their assertion.

3) Finally, the Debtors' would contest that Claimant is some how barred from relief based upon a subjective affidavit from a current employee that could find himself in an awkward position with his employment if he revealed all the facts. Claimant gave notice to his direct supervisor Dan Kuball and later Ken Porter on several occasions regarding the workplace conditions and lack of safety equipment, Refer to the letter from the "Thomas & Mac Center in Las Vegas Nevada, (See: "Response to Debtors' Fifth Omnibus Objection", Exhibit 4). The Debtors' have provided no factual evidence that they, one of the largest conglomerate corporations in the world, complied with U.S. Federal law with respect to EPCRA or OSHA compliance. The have provided NO fractural evidence that they provided

CLAIMENT'S ANSWER - 2

1   training in how to read MSDS forms or how to protect against the chemicals

2   used. Debtors' have provided no standard training documents, class time

3   documentation, receipts for safety equipment or anything to support their

4   claim that they provided such. The Debtors' have failed in their bid to

5   establish that Claimant's Motion for Summary Judgment not be granted.

6

### Request to Deny Debtors' Motion for Summary Judgment

7   1. Debtors' would attest that Claimant has "no standing to assert a claim

8      under EPCRA". However, this is a baseless claim. The Bankruptcy Court

9      issues an order (not sure when) mandating that anyone who had a claim

10     against W.R. Grace has a set number of days to file a claim, or be forever

11     barred from filing a claim. This notice was published in several national

12     magazines and newspapers. Claimant would hold that he is in accord with

13     EPCRA § 11046(a)(1)(A). The Debtors' argument would be valid if such a

14     public notice was not given, but the order was clear and gave a time frame

       to bring a cause of action against Debtors'.

15  2. Debtors' would attest that Claimant has no standing under the Arizona

16     Workers Compensation Statue. However, this too is a baseless claim.

17     Claimant worked in several western states including Nevada, California,

18     Texas, and New Mexico. Refer to the letter from the "Thomas & Mac Center

19     in Las Vegas Nevada, (See: "Response to Debtors' Fifth Omnibus Objection",

20     Exhibit 4). Arizona was the primary state, but not the only state. With

21     respect to Arizona, Claimant relies upon the argument as put forth in the

22     MSJ regarding "doctrine of adverse domination". The Debtors' would also

23     attest that "Claimant fails to provide any evidence that demonstrates that

24     the alleged incidents were done knowingly and purposely with the direct

       object of injuring another." Nothing could be further from the truth,

25     Claimant provided proof of Debtors' willful misconduct with the letter

       submitted in August 13, 1991 to Ken Porter regarding the toxic materials

1    on a job site in an unsafe manner, which leads to the conclusive fact that

2    W.R. Grace did not care or was concerned with the employees working, or

3    the fact that these materials were simply running down the city drain.

4    Further evidence is in the very fact that Debtors have established NO

     proof in the standardized training, proof of safety equipment, or evidence

5    that they were incompliance with Federal law. That fact alone is enough to

6    state that one of the largest corporation in the world refused to comply

7    with Federal law that caused injury to a human, by W.R. Grace's willful

8    misconduct in the hopes that they would not be caught.

9  3. Debtors' would attest that Claimant's claim is some how time barred. Even

10    if this is considered a viable argument, the Court must consider the

11    public posting that gave notice to all persons' that could have a claim

12    against W.R. Grace a set time to file, or forever be barred from doing so.

      Debtors' are without merit on this issue, the public was given ample

13    notice to file a claim, Mr. Pearson chose to exercise his right to correct

14    the harm caused him by W.R. Grace, the Debtors' cannot suddenly cry foul

15    after the Court gave due notice.

16  4. The Debtors' position is without merit on the Fourteenth Amendment

17    argument. Creditor will put this in the hands of the Court.

18  5. Finally, the Debtors have refused to address the other causes of action as

19    spelled out in Claimant's "Response to Debtors' Fifth Omnibus Objection",

20    by this virtue they has conceded these claims.

21

                                    **Conclusion**

22

23  6. Debtors' have failed in their bid to establish why the claims should be

24    disbarred or expunged. In fact, they have conceded several of these

25    claims. The Court must rule in accord to fact and law; the Debtors' have

      failed in their bid to present a case, and take nothing. Claimant has

1  established his position and asks that the Court review ALL the facts

2  presented and grant Summary Judgment for the Creditor. The fact that Mr.

3  Pearson does not have the enormous corporate legal team behind him, in

4  fact it is just him, the Court is asked to overlook any minor errors in

5  the presentation of this case

6

7

8

9  Respectfully Submitted this 30th Day of November, 2005.

10

11 By: _____

12 Peter P. Pearson
   P.O. Box 26301
13 Tucson, AZ. 85726
   (520) 247-1535
14 drp2p@email.arizona.edu
   drp2p2@yahoo.com

15
   Original and three (3) copies
16 Of the forgoing sent this
   30th  day of November, 2005.
17

18 To:

19
   United States Bankruptcy Court
20 District of Delaware
   Attn: Clerk of the Court
   824 Market Street
21 Wilmington, Delaware. 19801

22 **Certified Mail Number:**

23

24 One Copy of the forgoing
25 Sent this 30th day of November, 2005.

To:

KIRKLAND & ELLIS LLP
Mr. James H.M. Sprayregen, P.C.
Attn: Rachel R. Schulman, Esq.
200 East Randolph Drive
Chicago, Illinois. 60601

**Certified Mail Number:**

and

PACHULSKI, STANG, ZIEHL, YOUNG, JONES &
WEINTRAUB P.C.
Ms. Laura Davis Jones (Bar No. 2436)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware. 19899-8705

**Certified Mail Number:**

By:_____
       Peter P. Pearson

CLAIMENT'S ANSWER - 6