UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., et al., | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

FEE AUDITOR'S FINAL REPORT REGARDING
SEVENTEENTH INTERIM QUARTERLY FEE APPLICATION OF
<u>CONWAY, DEL GENIO, GRIES & CO., LLC</u>

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the <u>Seventeenth Interim Quarterly Fee Application of Conway, Del Genio, Gries & Co., LLC</u> (the "Application").

BACKGROUND

1. Conway, Del Genio, Gries & Co., LLC ("CDG"), was retained as financial advisor to the Official Committee of Asbestos Property Damage Claimants. In the Application, CDG seeks approval of fees totaling $150,000.00 and costs totaling $11.59 for its services from April 1, 2005, through June 30, 2005.

2. In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application. We reviewed the Application for compliance with 11 U.S.C. §330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed

Under 11 U.S.C. 330, Issued January 30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals.

## DISCUSSION

3. We note that CDG recorded a total of 79 hours for the three months covering this application period (the "Compensation Period"). CDG was paid a flat fee of $150,000.00 during the Compensation Period, which calculates to an effective hourly rate of $1,899.00 per hour.

4. We note that in our final report regarding CDG for the 12th Interim Period, we recommended a reduction of $220,338.94 of the $300,000.00 in fees that Conway sought due to what we believed to be excessive charges for the time of work provided. This recommended reduction was upheld by the Court. In its application for the 13th Interim Period, CDG voluntarily reduced its fees from $100,000.00 per month to $50,000.00 per month. CDG has billed the Official Committee of Asbestos Property Damage Claimants at that rate for the 13th through 17th Interim Periods. The chart below shows CDG's effective hourly rate for each interim. The rates have been rounded to the nearest dollar.

| | | |
|---|---|---|
| 1st - 3rd Interims /April 27, 2001 - December 31, 2001 | Effective hourly rate | $ 538 |
| 4th Interim / January 1, 2002 - March 31, 2002 | Effective hourly rate | $ 612 |
| 5th - 7th Interims / April 1, 2002 - December 31, 2002 | Effective hourly rate | $ 181 |
| 8th Interim / January 1, 2003 - March 31, 2003 | Effective hourly rate | $ 719[1] |
| 9th Interim / April 1, 2003 - June 30, 2003 | Effective hourly rate | $ 815 |
| 10th Interim / July 1, 2003 - September 30, 2003 | Effective hourly rate | $1,754 |
| 11th Interim / October 1, 2003 - December 31, 2003 | Effective hourly rate | $6,224 |
| 12th Interim / January 1, 2004 - March 31, 2004 | Effective hourly rate | $2,551 |
| 13th Interim / April 1, 2004 - June 30, 2004 | Effective hourly rate | $ 845 |

---

[1] We note that of the 240.8 hours billed to the bankruptcy case matter (as opposed to the fraudulent conveyance action matter), 188.7 hours were billed to the project category "Fee Applications, Applicant". If we exclude such time, the effective hourly rate for the eighth interim period would rise to $3,323.49.

| | | |
|---|---|---|
| 14th | Interim / July 1, 2004 - September 30, 2004 | Effective hourly rate  $ 536 |
| 15th | Interim / October 1, 2004 - December 31, 2004 | Effective hourly rate  $ 935 |
| 16th | Interim / January 1, 2005 - March 31, 2005 | Effective hourly rate  $1,028 |
| 17th | Interim / April 1, 2005 - June 30, 2005 | Effective hourly rate  $1,899 |

5. We note that in the July 19, 2004, USG hearing, the Court stated, "...I can't very well fight a $400 an hour hourly rate, but if it's going to be something like every 3 months it's going up to $1000 folks, and I'm not approving it... In no period will somebody be awarded $1000 an hour... Mr. Smith, I'm simply going to charge you with bringing this to my attention. If at any point in time this rate gets to be this high for any period of time for any professional, I want to know about it." See Transcript of 7/19/04 USG hearing pages 10, 11 & 12.  In an effort to better anticipate the level of CDG's work for the Asbestos Property Damage Claimants Committee, we contacted Bilzin, lead counsel for the Committee, and asked the firm for more information regarding CDG's participation. Bilzin responded as follows:

> You have asked for an explanation of whether there is an expectation that CDG's hours will increase. We do believe that CDG's hours will increase in the future to an amount far in excess of those in the Seventeenth Interim Application. First, CDG will be substantially involved in analyzing the Debtors' performance at year end and meeting with the Debtors during the beginning of the year to discuss the results and projections going forward. Second, CDG will continue to provide the PD Committee with its analysis and advice related to the Debtors' proposed acquisitions and non-ordinary course transactions. Third, CDG will likely be involved in the financial aspects of the estimation of asbestos claims that are currently underway. We would also note that given the size and complexity of the Debtors' businesses, there are a myriad of other issues that arise from time to time for which the PD Committee seeks CDG's advice.

We appreciate the response.

6. We note that for the upcoming 18th Interim, CDG billed $150,000.00 and lists 155 hours. This computes to an effective hourly rate of $967.74.  While we believe the effective hourly rate remains too high, the significant decrease in that rate from the 17th Interim seems to support the

argument for CDG's greater involvement in the case, at least for the near term.

7. We note that while we are cognizant of the different billing structure surrounding a fixed- fee agreement and the variability of calculating an hourly rate within that structure, we nonetheless feel compelled to bring to the Court's attention any fixed-fee billings which appear excessive. In that light, we will continue to monitor CDG's effective hourly rate and report that to the Court.

8. Other than the effective hourly rate, we have no issues with CDG's application.

## CONCLUSION

9. Thus we recommend approval of fees totaling $150,000.00 and costs totaling $11.59 for CDG's services from April 1, 2005, through June 30, 2005.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
Warren H. Smith
State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 1275
Dallas, Texas 75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 30th day of November, 2005.

                                                 Warren H. Smith

**SERVICE LIST**
Notice Parties

**The Applicant**
Stephanie L. Jones
Associate
Conway, Del Genio, Gries & Co., LLC
645 Fifth Avenue, 11th Floor
New York, New York 10022

**The Debtors**
David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**
James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**
Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**
Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**
Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**
Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 141
Wilmington, DE 19801

**United States Trustee**
Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801