# Exhibit A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | **Case No. 01-1139 (JKF)** |
| W.R. GRACE & CO., <u>et al.</u> | ) | **(Jointly Administered)** |
| | ) | |
| Debtors. | ) | |
| | ) | |

**DECLARATION OF DAVID T. AUSTERN, FUTURE CLAIMANTS
REPRESENTATIVE, IN SUPPORT OF FUTURE CLAIMANTS REPRESENTATIVE'S
OBJECTION TO DEBTORS' NINTH MOTION FOR ORDER FURTHER EXTENDING
<u>EXCLUSIVE PERIODS FOR FILING A PLAN AND SOLICITING VOTES THEREON</u>**

I, David T. Austern, state as follows:

1.      On May 24, 2004, I was appointed by this Court to serve as the legal

representative for future asbestos claimants (the "Future Claimants Representative" or "FCR") in

the above-captioned Chapter 11 cases.

2.      I have reviewed and am familiar with the Debtors' Ninth Motion for an Order

Pursuant to 11 U.S.C. § 1121(d) Extending Debtors' Exclusive Periods in Which to File A

Chapter 11 Plan and to Solicit Votes Thereon, filed on November 14, 2005 (the "Motion").

3.      The Debtors' Motion asks the Court (a) to extend the Debtors' exclusive right to

file a chapter 11 plan of reorganization through and including the 90th day after a final order is

issued in the estimation hearings, and (b) to extend the Debtors' exclusive right to solicit

acceptances thereto through and including an additional 60 days thereafter.

4.      In support of their request, the Debtors make the following statements to the

Court:

(a)      "[T]he Debtors have made substantial progress toward
confirmation of a plan of reorganization." Motion ¶ 1.

(b)     "The various parties in these chapter 11 cases have tried to negotiate a consensual plan and continue to have discussions in this regard." Motion ¶ 3.

(c)     "Further, the Debtors and <u>all</u> constituencies continue to engage in discussions concerning a consensual plan. In fact, of late, as the estimation discovery progresses, these settlement discussions have increased and all parties have a renewed commitment to attempting to make progress." Motion ¶ 16 (emphasis added).

5.     In my view, these statements are inaccurate. In fact, with the exception of one Court-ordered meeting on July 8, 2005, which addressed only the estimation-related case management orders, the Debtors have not engaged me or my counsel in any meaningful discussions or negotiations in connection with a consensual plan for at least the last ten months.

6.     After my appointment as FCR in May 2004, I sought to determine whether I could facilitate discussions toward a consensual plan. It was my understanding at the time I was appointed that no such discussions were occurring, and that none had occurred for many months.

7.     In discussions with various parties during the summer of 2004, including discussions with representatives of the Debtors, it appeared that, as a person new to the proceedings, I might be able to help move the parties toward resolution of these cases. As I started this process, the Court was considering the Debtors' sixth motion to extend exclusivity. On June 16, 2004, the Court entered its order extending the Debtors' exclusivity for a limited time and ordering the Debtors to file a plan of reorganization by October 14, 2004.

8.     A series of discussions ensued between June 2004 and October 2004. I spoke with representatives of each of the asbestos constituencies and the Debtors, to seek common ground on the terms of a consensual plan. My first approach was to determine if the asbestos constituents and the Debtors could agree, recognizing that it was important to find common ground with the non-asbestos constituencies as well. These discussions consisted of in-person

2

meetings, conference calls and exchanges in writing of proposed settlement terms with respect to various issues.

9.    As the October 14, 2004 deadline for the Debtors to file a plan approached, it appeared that the parties were making progress. Accordingly, I and other parties consented to the Debtors' request for a one-month extension of the plan filing deadline, to November 15, 2004.

10.    Further discussions ensued, culminating in exchanges of potential settlement terms among the parties in late October and early November, 2004. On November 3, 2004, I provided a revised proposal directed to the Debtors; I followed-up with certain additional terms on November 5, 2004, and on November 10, 2004 (collectively, the "November 2004 Proposal").

11.    I have never received a response from the Debtors to my November 2004 Proposal, or a counter-proposal. In certain follow-up conversations, the last of which occurred on February 23, 2005, the Debtors essentially acknowledged that they were not going to respond to the November 2004 Proposal, particularly in light of the results of the 2004 presidential and congressional election. The Debtors have never provided me with any substantive response to my November 2004 Proposal.

12.    It is my understanding that, in June 2005, the Court directed the Debtors to engage in discussions with all parties, and a meeting was scheduled among counsel for July 8, 2005. It is further my understanding that no substantive plan discussions occurred at that time, and the Debtors have not engaged me or my counsel in any meaningful discussions since that time.

3

I declare under penalty of perjury that the foregoing is true and correct to the best of my

knowledge, information and belief.


Executed on December __/__ , 2005

David T. Austern, in his capacity as
Future Claimants Representative

4