# EXHIBIT A

{D0007918:1 }

```
 1
 2            UNITED STATES BANKRUPTCY COURT
                  DISTRICT OF DELAWARE
 3
 4   IN RE:                          :   Chapter 11
                                     :
 5   W.R. Grace & Co., et al.,       :
                                     :
 6        Debtor(s).                 :   Bankruptcy #01-01139 (MD)
     ..............................................................
 7
                           Wilmington, DE
 8                       February 23, 2004
                            12:30 p.m.
 9
                  TRANSCRIPT OF OMNIBUS HEARING
10          BEFORE THE HONORABLE JUDITH K. FITZGERALD
                UNITED STATES BANKRUPTCY JUDGE
11
     APPEARANCES:
12
     For The Debtor(s):             James W. Kapp, III, Esq.
13                                  Kirkland & Ellis
                                    200 E. Randolph Drive
14                                  Chicago, IL 60601

15                                  David Carickoff, Esq.
                                    Pachulski, Stang, Ziehl,
16                                  Young, Jones & Weintraub
                                    919 North Market Street
17                                  Wilmington, DE 19801

18   For Trade Committee:           Michael Lastowski, Esq.
                                    Duane Morris, LLP
19                                  1100 N. Market St.-Ste. 1200
                                    Wilmington, DE 19801
20
                                    Kenneth Pasquale, Esq.
21                                  Stroock Stroock & Lavan, LLP
                                    180 Maiden Lane
22                                  New York, NY 10038

23   For Asbestos PI Committee:     Marla Eskin, Esq.
                                    Campbell & Levine, LLC
24                                  800 North King Street-Ste. 300
                                    Wilmington, DE 19801
25
```

*Writer's Cramp, Inc.*
*Certified Court Transcribers*
732-329-0191



1       THE COURT: Which is the next issue.
2       MR. KAPP: -- well, but Your Honor, I agree and it is.
3  But we have to focus somewhere. I mean, limited -- there's
4  only so much time in the day and I hear you and we agree, but
5  our determination has been to focus on the plan and dealing
6  with the asbestos claims, believing that once that's in place,
7  non-litigation, non-asbestos litigation will fall into place.
8  If we put -- it's almost putting the cart in front of the
9  horse, Your Honor. We've made a determination, if this Court
10 disagrees with that determination, I know we know how to hear
11 about that. But that is what we've determined to do. But in
12 the meantime, while we're focusing on this aspect, to put -- to
13 now focus on discovery here, it makes no sense when what are we
14 doing just to rush along to get to a plan that hasn't been
15 developed and in fact, our time dealing with the discovery
16 takes away from our time dealing with the plan.
17      THE COURT: When is the Debtor going to file a plan?
18      MR. KAPP: Your Honor, I can't answer that today.
19      THE COURT: Well, then, I need some answers. This
20 case is now 3 years old. It's time for the Debtor to know what
21 it's business plan is, what it's operational plan is, what it's
22 reorganization plan, in structure. I don't expect that you've
23 got all the negotiations done. I understand your need to
24 figure out what the asbestos liabilities are before you can
25 even conclude that piece. But, I sent you off to talk to all

1  the other constituent groups 2 months ago, and I expect that
2  you're still doing that, so that the basis of a plan can be put
3  together.  It's very long, folks, it's very long, and I'm
4  starting to wonder whether the Debtor-In-Possession, is going
5  to be able to get this done, and if not whether to replace the
6  Debtor.  That's the point I'm at.
7  	MR. KAPP:  Well then, Your Honor, I guess what we
8  would propose at this point is, if it's acceptable with the
9  Court, to put this off until the next hearing and then we'll
10 come back with such a plan as to our structure of what we're
11 doing.
12 	THE COURT:  I think the Debtor's request to have a
13 structure in place is reasonable.  I don't disagree with the
14 need to focus on the asbestos claims.  I do agree that you need
15 to start somewhere, and that's a big chunk to start with.  With
16 respect to ZAI, while you're on the subject, what is the
17 status.  Is it settling, not settling?
18 	MR. KAPP:  Your Honor, as you're aware, the Steveo
19 firm is handling that.  I believe there's talks but I don't
20 know the actual status.
21 	THE COURT:  Because in the event that that's settling,
22 then that's a big chunk out of this asbestos issue that can, I
23 think, be taken out of the mix with respect to how else the
24 Debtor wants to treat it's objections to claims.  Good
25 afternoon, why does Wesconn need to go forward with this now.