# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

IN RE:                              .        Chapter 11
                                    .
W.R. GRACE & CO., <u>et al.</u>,        .        Case No. 01-01139(JKF)
                                    .        Jointly Administered
                                    .
          Debtors.                  .        March 22, 2004 (12 p.m.)
                                    .        (Wilmington)


TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE JUDITH K. FITZGERALD
UNITED STATES BANKRUPTCY COURT JUDGE


Proceedings recorded by electronic sound recording;
transcript produced by transcription service.



1    things we can talk about.  We'd welcome any proposal they

2    want to make, any suggestions they want to make in putting

3    together something that will work for this company.  We

4    simply just have not gotten anything from them.  And they do

5    not need -- exclusivity does not need to be lifted so that

6    they can start talking to people.

7         THE COURT:  Well, look.  Is the debtor at this

8    point -- early on in this case, Mr. Bernick (phonetical) used

9    to say that the debtor wasn't sure that it was going to seek

10   a 524(g) injunction.  Is the debtor going to seek one?

11        MS. BAER:  Your Honor, the proposal that we put

12   together called for a 524(g) injunction, and the Sealed Air

13   settlement, as presently structured, calls for a 524(g) plan.

14   However, given where we are with the asbestos personal injury

15   people, nobody knows for sure at the end of the day, whether

16   we will be able to confirm a plan under 524(g).  It would

17   have to be, essentially, consensual, in all likelihood.  So,

18   Your Honor, to this day I can't tell you that it will be a

19   524(g) plan.

20        THE COURT:  Well, if it isn't going to, why don't

21   we have a plan on the table?

22        MS. BAER:  Because, Your Honor --

23        THE COURT:  Because, if it isn't, we're dealing

24   only with current claims.  That's a cram down issue.  Let's

25   get at it.

1    MS. BAER:  Well, again, Your Honor, I think

2  everybody would acknowledge that a 524(g) plan may make --

3  may make sense here.

4    THE COURT:  Then let's get a Futures Rep.  I mean,

5  you can't have it both ways.  We either need the pieces in

6  place to get a 524(g), or else we need a plan that doesn't

7  have one.  Take your pick.  Let's do it.  It's been a long

8  time.  And, frankly, I'm getting to the point where if I

9  don't lift exclusivity, I'm going to appoint a trustee, and

10  that will cause all sorts of problems, I know, for the

11  debtors lending perspective, if nothing else.  But, this has

12  gone on too long, with too little progress.  Now, last

13  September, I thought I provided some marching orders so that

14  people could start talking.  I'm glad to hear that the debtor

15  has taken that to heart and attempted to try to get the

16  constituents together.  But, I still don't see any progress

17  as a result of it, and that was six months ago.

18    MS. BAER:  Well, Your Honor, you don't see progress

19  because you don't have a filed plan before you.  That doesn't

20  mean progress hasn't been made.  Filing the plan is somewhat

21  of a mechanical thing at the end of the day.  It's all of the

22  meat that goes into it, and all of the negotiations that go

23  into it.  We have done the number crunching.  We have put

24  together proposals that we believe will fly.  Again, we have

25  a lot of work to do to try to make that actually happen,

1   especially on a consensual basis.

2         THE COURT:  But, look, if you're not going to seek
3   a 524(g) injunction, I agree, we need an asbestos bar date.
4   We set an asbestos bar date, and if you want to litigate the
5   two hundred thousand asbestos injury -- personal injury
6   claims independently because some of them have symptoms and
7   some don't, fine.  Because if you're not seeking a 524(g)
8   injunction, it comes down to simply a claims allowance, a
9   voting, and possibly a cram down issue, and nothing more.
10  There is no reason for me to lift exclusivity if that's what
11  you want to do.  But there's also no reason for the debtor to
12  be delaying any further.  If you want the 524, then get the
13  constituent parts in place, meaning a Futures Rep, and I
14  expect a motion, one way or the other, telling me what you're
15  going to do set for the next omnibus hearing.  I'm going to
16  continue the debtor's request, and I'll continue exclusivity
17  for one month to let the debtor decide whether it's seeking a
18  524(g) or not, and if so, to have a motion filed before the
19  next omnibus hearing to appoint a Futures Rep.  Then I'll
20  deal with this exclusivity motion next month.  In the
21  meantime, folks, talk to each other.

22        MS. BAER:  I understand, Your Honor.  We will do
23  so.

24        THE COURT:  All right.  Item 1 is continued, but
25  the debtors exclusive period is continued.  I'm not sure when