# EXHIBIT C

{D0007920:1 }

```
                    UNITED STATES BANKRUPTCY COURT
                         DISTRICT OF DELAWARE

IN RE:                          .  Case No. 01-01139
                                .
   W.R. GRACE,                  .
                                .  USX Tower, 54th Floor
                                .  600 Grant Street
                     Debtor.    .  Pittsburgh, PA 15222
                                .
                                .
                                .  May 24, 2004
. . . . . . . . . . . . . . . . .  2:03 p.m.

                       TRANSCRIPT OF HEARING
                 BEFORE HONORABLE JUDITH K. FITZGERALD
                 UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

For the Debtor:             Kirkland & Ellis
                            By:  DAVID BERNICK, ESQ.
                                 JANET BAER, ESQ.
                            200 East Randolph Drive
                            Chicago, IL  60601

For the Debtor:             Reed, Smith LLP
                            By:  JIM RESTIVO, ESQ.
                            435 Sixth Avenue
                            Pittsburgh, PA  15219

For Costa & Thornburg:      PETER CHAPMAN, ESQ.
                            24 Perdicaris Place
                            Trenton, NJ  08618

For Unsecured Creditors:    Stroock & Stroock & Lavan, LLP
                            By:  LEWIS KRUGER, ESQ.
                            By:  ARLENE KRIEGER, ESQ.
                            180 Maiden Lane
                            New York,  NY  10038

Audio Operator:             Janet Kozloski

 Proceedings recorded by electronic sound recording, transcript
             Produced by transcription service.
```

---

**J&J COURT TRANSCRIBERS, INC.**
**268 Evergreen Avenue**
**Hamilton, New Jersey 08619**
**E-mail:  jjcourt@optonline.net**

**(609)586-2311       Fax No. (609) 587-3599**

1 fact that there is an issue about who our district judge is
2 going to be, we're also prepared -- to add to many of Your
3 Honor's burdens -- to bring that matter here.
4        It's not a matter that requires that there be a jury
5 trial, and in light of In re Chateaugay, which actually
6 squarely confronted this issue, this Court does have
7 jurisdiction to deal with personal injury claims, provided that
8 the functions accorded only to the Article III court, which is
9 a jury trial, are not in -- there's no impingement on those.
10        So we could actually proceed in the Bankruptcy Court
11 with respect to litigation.  But all the work in any event has
12 been done, and whatever Your Honor's guidance would be on that,
13 we would obviously appreciate hearing.  The second alternative
14 is to develop a plan, but a plan that at least at this point in
15 time does not include a settlement with respect to the personal
16 injury claims.
17        Now, that is a plan that we have devoted a lot of
18 thought to.  We hope it can mature into one that is fully
19 consensual, but in light of Your Honor's concern and, frankly,
20 our concern to advance the case, we are prepared to craft a
21 plan that we hope will be one that reflects consent and
22 agreement for all of the constituencies, all of the
23 constituencies except the bodily injury constituency.
24        This is a subject that not only we studied.  We have
25 been in conversation with other constituencies to share our

1         THE COURT:  We'll just have one nice, mass hearing.
2  Shall I reserve a date now for it, like --
3         MR. LOCKWOOD:  Well, Your Honor, we might have a
4  quicker date if Your Honor limited the grant of exclusivity or
5  denied it all together.  Then --
6         THE COURT:  Well, I'm not inclined to deny it right
7  now, Mr. Lockwood, but I am, like you, getting a little
8  frustrated with the fact that I don't have a plan on the table.
9  So I think I am going to give the debtor a last period of
10 exclusivity, and that's what it's going to be, a last period of
11 exclusivity to get this done.
12        I think Mr. Restivo and Mr. Westbrook have their
13 orders in the status conferences that have been provided to me
14 as this has gone on.  I've been trying to get them settled.  I
15 understand that they are sort of in lockstep with the ACC.  I
16 don't think it has to be that way, because they want to see
17 what the settlements are going to be there.
18        I think at this point in time they ought to just
19 figure out whether they can come to some negotiation on their
20 own.  And if they can, fine, and it'll be in the plan.  And if
21 they can't, then I guess the debtor will do whatever the
22 debtor's going to do, and we'll be litigating with everybody
23 instead of just a few people.
24        MR. LOCKWOOD:  Thank you.
25        THE COURT:  All right.  Mr. Bernick, Mr. Lockwood was

1 it's not going to be extended again unless we happen to be in a
2 plan process where I think it would be unfair at that point not
3 to extend it.
4      But if I don't have a plan that's on track and headed
5 toward the confirmation arena, if nothing else, I don't think
6 there will be another extension.  Do you have an order, or do
7 you need to submit one?
8      MR. BERNICK:  I think we're going to --
9      MS. BAER:  We'll submit one, Your Honor.  The last
10 one had dates in it that wouldn't be applicable.
11      THE COURT:  All right.  I'll take an order when it's
12 submitted on a COC.
13      MR. BERNICK:  All right.  Your Honor, if I could turn
14 to items eight and nine, I believe that they are.  And if, with
15 the Court's indulgence, I think it might be appropriate to take
16 them up at the same time because they relate to would-be
17 claimants, and they're really kind of -- they're part of a
18 sequence.
19      THE COURT:  That's fine.
20      MR. BERNICK:  I'd like to underscore the importance
21 of this.  This is no longer just a question of contempt
22 sanctions.  What's now happened is that we have a problem that
23 really does threaten to unravel a very carefully preserved
24 status quo position, vis-à-vis the tort claimants, one that Mr.
25 Lockwood and his committee and his clients have been good