# EXHIBIT F

{D0016308:1 }

```
                    UNITED STATES BANKRUPTCY COURT
                         DISTRICT OF DELAWARE

                                      .
IN RE:                                .     Chapter 11
                                      .
W.R. Grace & Co., et al.,             .
                                      .
        Debtor(s).                    .     Bankruptcy #01-01139 (JKF)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

                              Wilmington, DE
                            November 14, 2005
                               11:30 a.m.

                      TRANSCRIPT OF OMNIBUS HEARING
                 BEFORE THE HONORABLE JUDITH K. FITZGERALD
                      UNITED STATES BANKRUPTCY JUDGE
```

APPEARANCES:

For The Debtor(s):           Janet S. Baer, Esq.
                             Kirkland & Ellis, LLP
                             200 E. Randolph Drive
                             Chicago, IL 60601

                             Barbara H. Harding, Esq.
                             Kirkland & Ellis, LLP
                             655 Fifteenth Street, N.W.
                             Washington, DC 20005

                             Michelle H. Browdy, Esq.
                             Kirkland & Ellis, LLP
                             200 E. Randolph Drive
                             Chicago, IL 60601

                             Salvatore Bianca, Esq.
                             Kirkland & Ellis, LLP
                             200 E. Randolph Drive
                             Chicago, IL 60601

                             James O'Neill, Esq.
                             Pachulski, Stang, Ziehl,
                             Young, Jones & Weintraub
                             919 North Market Street
                             Wilmington, DE 19801

{D0051572:1 }

shouldn't be done when a Party-In-Interest has filed an appropriate motion, but that's what we're here for. I don't think that that 524 can be just excised out of the Code and you can say that 725 applies in that instance with respect to the distribution on allowed claims.

        MR. BECKER:  Your Honor --

        THE COURT:  That's the whole purpose for a trust.

        MR. BECKER:  I think I know where you are on that and I don't think it's inconsistent, Your Honor. That there are a number of cases, aside from asbestos cases, there are a number of cases where there's a claims bar date and there are a lot of claims. They come in. Nothing's done with them. At the confirmation of the plan they're handed off to a post confirmation trust, which objects to the claims, pays the claims, whatever. That is analogous -- directly analogous to the situation here. We can have a bar date, have those claims transferred to the personal injury --

        THE COURT:  Mr. Becker, what are we going to do with a bar date?

        MR. BECKER:  -- or property damage costs --

        THE COURT:  You know, if a bar date makes sense at all in this case, it seems to me to make sense when we're sending out for votes on a confirmation of a plan and we can treat, at that point, the ballot as a Proof of Claim. I really don't see

{D0051572:1 }

what we're getting at by attempting, at this stage, to create a bar date.  We can't even get through the property damage issues in this case in any kind of recognized orders.  The Debtor hasn't been able to get its Constituent Creditors to agree on a process for litigating those claims yet and we've 1100 and some of those still to go.  What are we going to do with 150,000 more claims that the Debtor can't get people to agree on the litigation mode for?

       MR. BECKER:  I don't propose to litigate them, Your Honor.

       THE COURT:  Well --

       MR. BECKER:  What I --

       MR. BECKER:  -- if you filed Proofs of Claims, believe me, you're going to litigate.

       MR. BECKER:  It is not inconsistent to have filed Proofs of Claims and have estimation process.

       THE COURT:  You don't need a Proof of Claim to estimate.  The whole process of a Proof of Claim is for the Debtor or some other Party-In-Interest to substantiate that that specific claim is either allowed or disallowed in the bankruptcy process.  For estimation, if you're looking at an aggregate, you don't need a Proof of Claim for that function.

       MR. BECKER:  But we --

       THE COURT:  The reason I permitted the questionnaires

{D0051572:1 }

        MS. HARDING:  -- any bankruptcy, including estimation.

        THE COURT:  Set a bar date for the proof -- for the balloting. If you want a bar date, we'll say if you don't submit a ballot as a current claimant, you don't have one, period.  Then you can't file a claim against the trust if you don't file a ballot.

        MS. HARDING:  But, Your Honor, if you're gonna -- if Your Honor is going to set that bar date for a ballot, then the Court has to recognize the quandary that is basically in effect in the process that's been set up.  For the Court --

        THE COURT:  No, I don't see a quandary.  Every other case that I've been involved in was -- except <u>U.S. Minerals</u>, has not had a bar date and the cases have gone through consensual confirmations.  This is the only case in which the parties are this contentious and it's largely because the Debtor is taking the track where it wants to litigate everything.  Okay.  Litigate everything.  If you want to litigate all of the claims, tell me that, and I will set a bar date, and then I expect to see objections to claims, and that's what we're going to litigate.  And then we don't need an estimation process for the current.

        MS. HARDING: Your Honor, with all due respect, I think and one thing that's important to recognize is that this bankruptcy occurs in a very different timeframe, in a very

{D0051572:1 }

the -- who has the burden here and why it should issue.  And I do --

       THE COURT:  I understand who has the burden.  I understand why a bar date could issue and why the presumption is in favor of a bar date.  I don't, for the life of me, understand how it's going to advance this case, getting off stuck.

       MS. HARDING:  Okay.

       THE COURT:  This case is so stuck that I am really concerned about keeping it in its current posture.  I've expressed this for over a year and I don't see progress being made.

       MS. HARDING:  But, Your Honor, that's precisely why we moved for this now.  We're actually on a very fast track --

       THE COURT:  I'm telling you.  If you want --

       MS. HARDING:  -- and we're making progress.

       THE COURT:  -- a bar date, I will give you a bar date, but you have to understand, unless you file an objection to every single one of those claims, they're going to be allowed and the Debtor will have to provide 100 percent of their payment because that's what your Plan says.  If you want the bar date, you take both the responsibility and the duties that are imposed in that bar date.  So you figure it out.  If you want to object to every single claim that may be filed, I will

{D0051572:1 }

strategies in the case. I don't see it from the fact that the Plan's been on the table since January and you're not even close to getting consensus. This case is stuck. And it's really distressing. I don't see how the Proof of Claim is going to advance that. It's just going to create more fractionalization.

MS. HARDING: Your Honor, the very -- the reason that Mr. Bernick brought it up in September, the concern that we had was really very limited. We thought we had in place a structure by which the claimants would be required and have some incentive to return the questionnaire. And in essence, that's all we're really looking for here is some kind of incentive from the Court that will tell the claimants or suggest to them that if they are going to pursue their claim against Grace at some point, they better turn in the questionnaire.

THE COURT: Weren't they given the advice -- pardon me, I do have a lot of cases and it is late, so if I'm misstating this, please correct me. Were those entities who got the questionnaire not told that if they fill out the questionnaire, they'll be the first into the distribution que for the Trust? What more incentive do they need?

MS. HARDING: Your Honor, it's the incentive for the people that don't have strong claims that we're looking for.

{D0051572:1 }