IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:                                    ) Chapter 11
                                          )
W. R. Grace & Co., et al.,[1]             ) Case No. 01-1139
                                          ) (Jointly Administered)
            Debtors                       )
                                          )

### AFFIDAVIT UNDER 11 U.S.C. 327(e)

STATE OF _Shanghai_ )
                    ) ss:
COUNTY OF _____ )

_Danian Zhang_, being duly sworn, upon his/her oath, deposes and says:

1. I am a _lawyer_ of _Baker & McKenzie_ located at _1601 Jin Mao Tower, 88 Century Ave. Pudong, Shanghai_ (the "Firm").

2. The Debtors have requested that the Firm provide _legal services_ to the Debtors, and the Firm has consented to provide such services.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.- Conn., A-1 Bit & Tool Co., Inc., Alewife Boston, Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc. Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston, Ltd., G.C. Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G. C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B, Inc., Grace A-B II, Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G, Inc., Grace H-G II, Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, LB Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

1

3. The Firm may have performed services in the past and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties-in-interest in the Debtors' chapter 11 cases.

4. As part of its customary practice, the Firm is retained in cases, proceedings and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants and parties-in-interest in these chapter 11 cases. The Firm does not perform services for any such person in connection with these chapter 11 cases, or have any relationship with any such person, their attorneys or accountants that would be adverse to the Debtors or their estates.

5. Neither I nor any principal of or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm.

6. Neither I nor any principal of or professional employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates.

7. The Debtors owe the Firm $_____ for prepetition services.

8. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.

Executed on 24 Nov. 2005, 2005

Baker & McKenzie
[signature]
Partner

Sworn to and subscribed before me
this ___ day of _____, 2003

_____
Notary Public
My Commission expires:_____

3

# 证明书

（2005）沪静证外字第13210号

兹证明张大年（男，一九五八年七月二十五日，中国护照号码：05377214）于二〇〇五年十一月二十四日在上海市，在前面的英文文件上签名。

中华人民共和国上海市静安区公证处

公证员 

二〇〇五年十一月二十四日

Translation

## Certificate

(2005)H.J.Z.W.Z.No.13210

This is to certify that ZHANG Danian (male, born on July 25, 1958, Chinese Passport No.:05377214) signed the above document in English in Shanghai on November 24, 2005.

Notary Public: SUI Jun (sealed)
Shanghai Jingan District Notary Public Office
The People's Republic of China    (sealed)
Dated: November 24, 2005.

# 证明书

（2005）沪静证外字第13211号

兹证明前面的（2005）沪静证外字第13210号《证明书》的英文译本内容与该证明书中文原本相符。

中华人民共和国上海市静安区公证处

公证员 

二〇〇五年十一月二十四日

Translation

Certificate

(2005) H.J.Z.W.Z.No.13211

This is to certify that the foregoing English version of Certificate (2005) H.J.Z.W.Z.No.13210 is true and faithful to the original certificate in Chinese.

Notary Public: SUI Jun (sealed)
Shanghai Jingan District Notary Public Office
The People's Republic of China (sealed)
Dated: November 24, 2005.