AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF WISCONSIN
### MILWAUKEE DIVISION

In Re: W.R. Grace Co., *et. al.*

v.

TO: Dr. Andrew Wayne Harron
1617 34th Court
Kenosha, Wisconsin 53144

**SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE**

CASE NUMBER:[1]  01-1139
United States Bankruptcy Court
District of Delaware (Wilmington)

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

XX☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| 1617 34th Court, Kenosha, Wisconsin 53144, or at another location agreed upon by you and the Issuing Officer of this subpoena, identified below. This deposition will be videotaped and stenographically recorded. | 12/20/2005   10:00 A.M. CST |

XX☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attached Exhibit "A" and "B" regarding the documents and/or objects to be produced and the scope of the production.

| PLACE | DATE AND TIME |
|---|---|
| 1617 34th Court, Kenosha, Wisconsin 53144, or at another location agreed upon by you and the Issuing Officer of this subpoena, identified below. | 12/20/2005   10:00 A.M. CST |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Amanda Basta* | 11/18/2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Amanda Basta, Esq., Kirkland & Ellis LLP
655 Fifteenth Street, N.W., Washington, D.C. 20005-5793
Telephone: 202.879.5933

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | November 28, 2005 | Parking Garage at Kenosha Medical Center 6308 8th Avenue, Kenosha, WI |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Dr. Andrew Harron | hand-delivered |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Cathy Bartlett | Investigator |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 11/28/2005
DATE

SIGNATURE OF SERVER: Cathy Bartlett

ADDRESS OF SERVER: LAW Investigative Group, LLC
P.O. Box 471, Ridgeland, MS 39158

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| In re: | ) |
| | ) |
| W. R. GRACE & CO., *et al.*, | ) Case No. 01-1139 |
| | ) United States Bankruptcy Court |
| | ) District of Delaware (Wilmington) |
| Debtors. | ) |

## NOTICE OF DEPOSITION

TO:         Dr. Andrew Wayne Harron
            1617 34th Court
            Kenosha, Wisconsin 53144

DATE &      DECEMBER 20, 2005 AT 10:00 A.M.
TIME:

PLACE:      1617 34th Court
            Kenosha, Wisconsin 53144

**YOU ARE COMMANDED TO APPEAR** to testify at a deposition in the matter styled *In re W.R. Grace & Co., et al.*, Case No. 01-1139 (JKF), currently pending in the United States Bankruptcy Court, District of Delaware, to be conducted AT 1617 34th Court, Kenosha, Wisconsin 53144 on December 20, 2005 at 10:00 A.M., or at such other time and place mutually agreed upon by counsel for the parties. The deposition(s) will continue from day-to-day until complete. The deposition(s) will be taken before an official authorized by law to administer oaths, and, pursuant to Federal Rule of Civil Procedure 30(b)(2), will be recorded by both stenographic means and sound-and-visual means.

**YOU ARE FURTHER COMMANDED TO PRODUCE** the categories of documents set forth in Attachment "A" to this subpoena. Doctor Harron is further requested to make the categories of documents set forth in Attachment "A" available to the undersigned counsel for W.R. Grace & Co. for inspection and copying at least two weeks before the first deposition scheduled as a result of this Subpoena.

This subpoena has been issued by the United States District Court for the Eastern District of Michigan. You must appear, give testimony, and produce all of the materials described in this subpoena and its attachments for inspection and copying and must do so at the time and place set out in this subpoena. Your failure to do so may be punished as a contempt of the United States District Court for the Eastern District of Michigan.

Pursuant to the requirements of Federal Rule of Civil Procedure 45(a)(1)(D), a copy of the provisions of Rule 45(c) and (d) of the of the Federal Rules of Civil Procedure are reproduced as an attachment to this subpoena.

Dated: November 18, 2005

        KIRKLAND & ELLIS LLP
        David M. Bernick
        Jonathan Friedland
        Salvatore Bianca
        200 East Randolph Drive
        Chicago, IL 60601
        Telephone:   (312) 861-2000
        Facsimile:    (312) 861-2200

        -and-

KIRKLAND & ELLIS LLP
Barbara M. Harding
David E. Mendelson
Brian T. Stansbury
Amanda C. Basta
Paul L. McDonald
655 Fifteenth Street, NW
Washington, D.C. 20005
Telephone:    (202) 879-5000
Facsimile:    (202) 879-5200

PROVISIONS OF RULE 45(c) and (d) OF THE FEDERAL RULES OF CIVIL PROCEDURE

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

    (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

    (i) fails to allow reasonable time for compliance;

    (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

    (iv) subjects a person to undue burden.

(d)     DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT A

### DEFINITIONS AND INSTRUCTIONS

1. The "Action" shall mean the Chapter 11 matter styled *In re W.R. Grace & Co., et al.*, Case No. 01-1139 (JFK) currently pending in the United States Bankruptcy Court, District of Delaware.

2. "Dr. Harron," "You" or "Your" shall mean and include Dr. Andrew Harron, to whom this request is directed, and any member of his research staff, his laboratory, any hospital(s) or medical center(s), or other business entity with which he is affiliated, or any employee, representative, predecessor, agent, or attorney of any of the aforesaid, including all persons acting or purporting to act for, on behalf of, in conjunction with, or who are subject to the direction and control of, any of them.

3. "Debtors" or "Grace" shall mean and include any of the following entities, either individually or collectively: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling

Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

4. "Asbestos PI Pre-Petition Litigation Claim" shall mean and include any lawsuit initiated prior to Debtors' bankruptcy petition, filed April 2, 2001, for which the Claimant has: (1) not been paid in full; and (2) not provided the Debtors with a release of his or her claim. Such claims shall include, but are not limited to, claims for emotional harm, mental distress and loss of consortium alleged to have been

2

caused by exposure to asbestos or asbestos-containing products manufactured, marketed or sold by the Debtors.

5. "Claimant" shall mean and include any and all Persons who hold or purport to hold an Asbestos PI Pre-Petition Litigation Claim against the Debtors and any agents, attorneys, consultants, representatives and other persons acting or purporting to act for, on behalf of, in conjunction with, or who are subject to the direction and control of, any of them. "Claimant" shall include, without limitation, persons listed in the text-searchable, electronic media file on the CD-ROM/computer disk that is Attachment B.

6. "Claimants' Firm" shall mean any lawyers who represent or represented a Claimant and their predecessors, successors, affiliates, divisions and acquired law firms thereof, and any partners, employees, agents, investigators, representatives and other persons acting or purporting to act for, on behalf of, in conjunction with, or who are subject to the direction and control of said entity.

7. "Asbestos-Related Disease" shall mean any bodily injury, sickness, disease or impairment alleged to have been caused by exposure to asbestos or asbestos-containing products.

8. "Silica-Related Disease" shall mean any bodily injury, sickness or disease, or impairment alleged to have been caused by exposure to silica or silica-containing products.

9. "Doctor" shall mean any Medical Doctor or Doctor of Osteopathy who has been hired, retained, or consulted or otherwise paid on behalf of you or the Claimant, or any affiliated party to provide any of the following services: "B-Reading," chest x-ray reading or interpretation, performing, administering or interpreting

3

pulmonary function test(s) ("PFT"), performing or administering a physical examination, diagnosing or otherwise evaluating a Claimant.

10. "Screening Company" shall mean any Person who has been hired, retained, consulted, or otherwise paid on behalf of you or the Claimant or any affiliated party to provide any of the following services: administer or interpret x-rays, administer or interpret PFTs, perform B-reading, contacting or retaining Doctors to perform medical examinations and/or read and interpret chest films, PFTs, or other medical records, or take occupational histories or asbestos or silica exposure histories.

11. "B-reader" shall mean and include, without limitation, a Doctor of Medicine or Doctor of Osteopathy who is or who has been certified by the National Institute of Occupational Safety & Health ("NIOSH") to interpret a chest radiograph using the classification system devised by the International Labor Organization ("ILO").

12. "B-reading" shall mean and include, without limitation, a physician's report of finding from a Claimant's chest radiograph, using the classification system devised by the ILO.

13. "Medical Services" shall mean and include any and all tests or examinations which are used in the diagnosis of pulmonary disease including Asbestos-Related Disease, Silica-Related Disease or any other form of pneumoconiosis, as well as the interpretation of such tests or examinations. Such tests or examinations include, but are not limited to, "B-reading," chest x-ray reading or interpretation, performing, administering or interpreting PFTs, performing or administering a physical examination, diagnosing, or otherwise evaluating a Claimant.

4

14. "Screening Services" shall mean and include, without limitation, any and all screening tests or examinations which are used to measure and assess pulmonary function, interstitial fibrosis and/or detect pulmonary disease including Asbestos-Related Disease, Silica-Related Disease or any other form of pneumoconiosis, as well as any interpretation of such tests or examinations, and the forwarding of such information to other Doctor(s) for review. Such tests or examinations include, but are not limited to: the administration of x-rays, the PFTs, or the taking of occupational or asbestos or silica exposure histories.

15. As used herein, "Document" has the full meaning ascribed to it in Rule 34 of the Federal Rules of Civil Procedure.

16. "Relate to," "related to," or "relating to" shall mean, without limitation, to consist of, refer to, evidence, describe, reflect, memorialize or otherwise be in any way legally, logically or factually connected with the subject matter discussed.

17. "Person" includes a natural person or any business, legal, or government entity or association.

18. "Identify," when used in reference to:

    a. a natural person, shall mean to state the person's full name, present or last-known home address and telephone number, present or last-known job title, employment address and telephone number.

    b. any other person, shall mean to state the person's full name and present or last known-address (designating which); and

    c. a document, shall mean to describe the document by date, author(s), addressee(s), recipient(s), title and general subject matter and content.

19. Unless otherwise specified, this request for documents shall include the period beginning January 1, 1990 through the date on which the answers in response hereto are made.

20. Consistent with the requirements and limitations of the Federal Rules of Civil Procedure, if you object to the production of any document requested on the basis of privilege or immunity from discovery, list in your written response to the particular request all such documents in chronological order, setting forth as to each the following: (a) date of the document; (b) identity of the author(s) and all recipients; (d) description; (e) type of document; (f) subject matter; and (g) basis for assertion of privilege or immunity.

21. If you have a good faith basis to believe that any document requested has been destroyed or lost, please so state.

22. Whenever appropriate, the singular form of a word should be interpreted in the plural. "And" as well as "or" shall be construed either disjunctively or conjunctively so as to acquire the broadest possible meaning in each circumstance.

23. References to the singular include the plural and vice versa, references to one gender include the other gender, references to the past tense include the present and vice versa, and disjunctive terms or phrases should be read to include the conjunctive and vice versa.

## REQUESTED DOCUMENTS

### REQUEST NO. 1:

All documents relating to your treatment, monitoring, consulting about, and/or evaluation of any Claimant, and to your provision of any Medical Services or Screening Services to any Claimant, including but not limited to, correspondence, memoranda, notes, statements, summaries, x-ray logs, reports, narratives, sign-in sheets, sign-out sheets, medical records, test results, x-rays, pictures, diagrams, charts, photographs, invoices, billings, and receipts, irrespective of whether those Medical Services or Screening Services resulted in a positive diagnosis for Asbestos-Related Disease.

**REQUEST NO. 2:**

All documents relating to any Claimant who either was referred to you for a "second opinion" after a prior opinion or diagnosis inconsistent with Asbestos-Related Disease, or whom was referred, by you, a Claimants' Firm, or a Screening Company to another Doctor or Screening Company after you rendered an opinion or diagnosis inconsistent with Asbestos-Related Disease, including, but not limited to, correspondence, memoranda, notes, statements, summaries, x-ray logs, reports, narratives, sign-in sheets, sign-out sheets, medical records, test results, x-rays, pictures, diagrams, charts, photographs, invoices, billings, and receipts, irrespective of whether that opinion resulted in a positive diagnosis for Asbestos-Related Disease.

**REQUEST NO. 3:**

All documents relating to, and identifying, the Person from whom you received payment for rendering Medical Services or Screening Services to any Claimant.

**REQUEST NO. 4:**

All documents relating to any compensation provided to you, and/or any Person with whom you are affiliated (including, without limitation, any medical facility or business with whom you are affiliated) for rendering Medical Services or Screening Services to any Claimant.

**REQUEST NO. 5:**

All documents relating to any compensation provided to you, and/or any Person with whom you are affiliated (including, without limitation, any medical facility or business with whom you are affiliated) for rendering Medical Services or Screening Services in connection with asbestosis or any other Asbestos-Related Disease or condition.

**REQUEST NO. 6:**

All documents relating to any agreement or contract (whether written or oral) between you and/or any Person with whom you are affiliated (including, without limitation, any medical facility or business with whom you are affiliated), and any lawyer, labor union, or Screening Company owner, employee, representative, agent, or affiliate, for the provision of Medical Services or Screening Services in connection with asbestosis or any other Asbestos-Related Disease or condition.

**REQUEST NO. 7:**

All documents relating to, or identifying, the number of natural persons to whom you have provided Medical Services or Screening Services in connection with asbestosis or any other Asbestos-Related Disease or condition.

**REQUEST NO. 8:**

All documents relating to any determination by you of the cause of asbestosis or any other Asbestos-Related Disease or condition in any Claimant, including, but not limited to, correspondence, memoranda, notes, statements, summaries, x-ray logs, reports, narratives, medical records, test results, x-rays, pictures, diagrams, charts, and photographs.

**REQUEST NO. 9:**

All documents relating to any communications between and among you, any other Person providing Medical Services or Screening Services to any Claimant, the Claimant, and/or Claimants' Firm with respect to the Medical Services or Screening Services provided to the Claimant.

**REQUEST NO. 10:**

All documents relating to your practices and procedures for providing Medical Services or Screening Services to any individual suspected of having Asbestos- or Silica-Related Disease, including, but not limited to, any instructions, protocols or criteria provided to you by any Claimants' Firm.

**REQUEST NO. 11:**

All blank form documents, including but not limited to ILO or B-reading forms or other forms on which x-ray interpretations are recorded, provided by you to any Claimants' Firm or Screening Company, appearing on your letterhead, or otherwise containing your signature or a facsimile or stamp thereof.

**REQUEST NO. 12:**

All documents indicating the existence of a payment arrangement by which you would receive different fees or payments for the same matter depending on the opinion returned.

**REQUEST NO. 13:**

All calendars, date books, memoranda books, expense account records or appearance diaries or documents relating to the dates and locations of the examinations, pulmonary testings and or screenings in which you participated.

**REQUEST NO. 14:**

All documents describing your record keeping practices relating to the provision of Medical Services or Screening Services provided to any person for an Asbestos-Related Disease.

**REQUEST NO. 15:**

All transcripts of testimony you have given in any legal proceeding, at deposition and/or trial, related to any Asbestos-Related Disease or condition.

8

**REQUEST NO. 16:**

All documents relating to any current or preceding regulatory or disciplinary action or proceeding against you and/or any Person with whom you are affiliated (including, without limitation, any medical facility or business with whom you are affiliated) related to any Medical Services or Screening Services that you have provided.

**REQUEST NO. 17:**

All documents relating to any current or preceding legal action or proceeding against you and/or any Person with whom you are affiliated (including, without limitation, any medical facility or business with whom you are affiliated) related to any Medical Services or Screening Services that you have provided.

**REQUEST NO. 18:**

All documents relating to any current or preceding legal action or proceeding where a court, adjudicating body, or judge has addressed, questioned, considered, made a determination related to, or otherwise referred to the sufficiency, reliability and/or acceptability of your examination, testing, analysis, diagnosis or treatment of any patient or other natural person.

**REQUEST NO. 19:**

All documents produced or provided by you in response to any request or subpoena issued in connection with any grand jury proceeding.

**REQUEST NO. 20:**

All documents produced or provided by you in response to any request or subpoena from the United States Congress, or any Committee or Member thereof.

**REQUEST NO. 21:**

All documents relating to any current or prior notice of review from any health-related agency or regulatory body, authority, governmental agency, claims services, service provider, or claims manager that you have received related to the sufficiency, reliability and/or acceptability of your practices and procedures for providing Medical Services or Screening Services.

**REQUEST NO. 22:**

All documents relating to, and identifying, any health-related agency or regulatory body, authority, governmental agency, claims services, service provider, or claims manager who has ever deemed your practices and procedures for providing Medical Services or Screening Services to be insufficient, unreliable, and/or otherwise unacceptable.

9

**REQUEST NO. 23:**

All documents reviewed and/or used by you to prepare for the deposition noticed herewith.