## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | **Chapter 11** |
|  | ) |  |
| **W. R. GRACE & CO., et al.,**[1] | ) | **Case No. 01-01139 (JKF)** |
|  | ) | **(Jointly Administered)** |
|  | ) |  |
| **Debtors.** | ) |  |

| STATE OF ILLINOIS | ) | |
|---|---|---|
|  | ) | ss: |
| COUNTY OF COOK | ) | |

### FIFTEENTH SUPPLEMENTAL AFFIDAVIT OF JAMES H.M. SPRAYREGEN UNDER 11 U.S.C. § 327(A) AND FED. R. BANKR. P. 2014

JAMES H. M. SPRAYREGEN, ESQUIRE, being duly sworn, deposes and says:

1.    I am a partner in the firm of Kirkland & Ellis LLP ("K&E"), 200 East Randolph Drive, Chicago, Illinois 60601. I am authorized to make this affidavit on K&E's behalf.

---

[1]    The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

2.      On April 2, 2001 (the "Petition Date"), each of the above-captioned debtors and debtors in possession (the "Debtors") filed a voluntary petition (collectively, the "Chapter 11 Cases") for relief under chapter 11 of title 11 of the United States Code.

3.      By this Court's order, dated May 3, 2001, the Debtors were authorized to retain K&E as their counsel, effective as of the Petition Date, with regard to the filing and prosecution of the Chapter 11 Cases and all related matters. The following affidavits in support of the Application have been filed on behalf of K&E:

- Affidavit of James H.M. Sprayregen in Support of Application for Order Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014(a) Authorizing the Employment and Retention of Kirkland & Ellis as Attorneys for the Debtors and Debtors in Possession (the "Original Affidavit"), filed April 2, 2001;

- First Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "First Supplement"), filed April 17, 2001;

- Second Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "Second Supplement"), filed May 2, 2001;

- Third Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "Third Supplement"), filed July 25, 2001;

- Fourth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "Fourth Supplement"), filed September 13, 2001;

- Fifth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "Fifth Supplement"), filed October 24, 2001;

- Sixth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "Sixth Supplement"), filed November 13, 2001;

- Seventh Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the Seventh Supplement"), filed April 11, 2002;

- Eighth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "Eighth Supplement"), filed May 23, 2002;

2

- Ninth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 filed July 19, 2002 (the "Ninth Supplement"); and

- Tenth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr P. 2014 filed September 18, 2002 (the "Tenth Supplement");

- Eleventh Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 filed March 11, 2003 (the "Eleventh Supplement");

- Twelfth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 filed September 20, 2004, and the Amendment to the Twelfth Supplement, filed December 2, 2004, (the "Twelfth Supplement");

- Thirteenth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 filed February 10, 2005 (the "Thirteenth Supplement");

- Fourteenth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 filed June 14, 2005 (the "Fourteenth Supplement"), together with the Original Affidavit, the First Supplement, the Second Supplement, the Third Supplement, the Fourth Supplement, the Fifth Supplement, the Sixth Supplement, the Seventh Supplement, the Eighth Supplement, the Ninth Supplement, the Tenth Supplement, the Eleventh Supplement, the Twelfth Supplement and Amendment to Twelfth Supplement, the Thirteenth Supplement and the Fourteenth Supplement (the "Affidavits").

4.      This supplement to the Affidavits (the "Fifteenth Supplement") is made pursuant to Fed. R. Bankr. P. 2014(a) and Fed. R. Bankr. P. 2016(b). The Fifteenth Supplement discloses additional representations by K&E that have come to my attention since the filing of the Fourteenth Supplement. As set forth in detail below, K&E continues to search its electronic database for, among other things,  its connection to (a) claimants that will be affected by omnibus objections to claims, (b) other creditors who may have connections to existing K&E clients or affiliates of existing clients as new matters are opened, (c) entities that have been previously searched and disclosed on the Affidavits but whose connection to K&E merit additional disclosure, and (d) new or returning K&E employees.

3

5.    K&E remains disinterested within the meaning of section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and neither holds nor represents interests adverse to the Debtors or to the Debtors' estates.

6.    Except as specifically disclosed in the Affidavits, or as discussed below, to the best of my knowledge, K&E does not represent any of the Debtors' known creditors. Kirkland & Ellis, however, will continue to file additional affidavits when necessary and when K&E becomes aware of material information.

A.    **Results of Conflict Searches Relating to Filed Omnibus Claim Objections**

7.    K&E searched its electronic database for its connection, if any, to the claimants listed on certain filed omnibus claim objections.  K&E recently searched its electronic database with respect to the following entities:

- National Railroad Passenger Corporation
- Burlington Northern Railroad
- Sheldon H. Solow

In an abundance of caution and in the interest of full disclosure, listed on <u>Exhibit A</u> are the results of K&E's conflicts search of these three entities.

8.    As part of this search, K&E discovered that it represented the architecture firm of Skidmore, Owings & Merrill in several matters unrelated to the Debtors but related to Sheldon H. Solow and the Solow Building, claimants who allege asbestos property damage claims.

B.    **Disclosure Updates**

9.    K&E also searched (a) other creditors who may have connections to existing K&E clients or affiliates of existing clients as new matters are opened and (b) entities

4

that have been previously searched and disclosed on the Affidavits but whose connection to K&E merit additional disclosure. In an abundance of caution and in the interest of full disclosure, listed on <u>Exhibit A</u> are the results of K&E's searches of these entities. The entities included on <u>Exhibit A</u> are those entities or their affiliates whom K&E represents in matters unrelated to the Debtors.

### C.    Disclosure of K&E Employee Connections

10.    Prior to a new employee starting at K&E or a former employee returning to K&E, K&E determines whether it should screen certain such employees from contact with the Debtors' matters. As part of those actions, K&E has recently initiated screening procedures as to the employees listed below.

11.    Jeffrey Bossert Clark is an attorney who returned to K&E on September 14, 2005. Before his return, Mr. Clark worked as deputy assistant attorney general in the Environment and Natural Resources Division of the United States Department of Justice ("DOJ"), and worked on the litigation captioned *United States of America v. W. R. Grace & Co., Kootenai Development Corporation, and W. R. Grace & Co. – Conn.* Out of an abundance of caution, K&E has instituted formal screening procedures to screen Mr. Clark from any contact with the Debtors' matters.

12.    Sara Michaelchuck, an environmental associate, started working in K&E's Washington office on October 24, 2005. From May to August 2003, Ms. Michaelchuck worked as a law clerk in the Office of Administrative Law Judges of the United States Environmental Protection Agency, and from June to August of 2002, worked as a law clerk in the Environmental Enforcement Section, and from June to July 2000 worked as a legal intern, in the Policy, Legislation & Special Litigation Section of the DOJ. Although her work did not involve

the Debtors, out of an abundance of caution, K&E decided to institute formal screening procedures to screen Ms. Michaelchuck from any contact with the Debtors' matters.

13.    Ann H. Chen, an intellectual property associate, formerly worked at K&E's Chicago office and returned to K&E on November 21, 2005. From August 1997 to July 2000, Ms. Chen worked as a senior litigation paralegal at Early Ludwick Sweeney & Strauss LLC, and worked on that firm's representation of various individuals in the settlement of asbestos-related claims brought against a number of entities. Out of an abundance of caution, K&E decided to institute formal screening procedures to screen Ms. Chen from any contact with the Debtors' asbestos matters.

14.    Terrence Silverton Dougherty is a law clerk who started working in K&E's San Francisco office on September 9, 2005. From June to August 2004, Mr. Dougherty worked as a volunteer law clerk in the Environment and Natural Resources Division of the DOJ. Although his work did not involve the Debtors, out of an abundance of caution, K&E instituted formal screening procedures to screen Mr. Dougherty from any contact with the Debtors' matters.

## D.    Disclosure of Insurance Company Connections

15.    Certain insurance companies may pay various K&E clients' legal bills. These insurance companies may be involved in the Debtors' bankruptcy cases. However, under this scenario, such insurance companies are not clients of K&E.

## E.    General

16.    As previously disclosed, K&E and certain of its partners, counsel, and associates may currently represent and may in the future represent parties in interest of the Debtors in connection with matters unrelated to the Debtors and the Chapter 11 Cases. K&E

continues to search its electronic database for its connection to such entities as K&E becomes aware of material information.

17.    K&E will continue to periodically review its files during the pendency of the Chapter 11 Cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, K&E will use reasonable efforts to identify such further developments and will promptly file a supplemental affidavit as Fed. R. Bankr. P. 2014(a) requires.

18.    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on _Dec. 9,_____, 2005

JAMES H.M. SPRAYREGEN, P.C.
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, Illinois 60601
312/861-2000
312/861-2200 (fax)

Subscribed and sworn to before me
this _9th_ day of _December_, 2005.

Notary Public
My Commission Expires: 9/4/06

OFFICIAL SEAL
KERRY Y ADAMS
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES: 09-04-06