IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*,[2] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors | ) | Objection Deadline:  To be Determined |
| | | Hearing Date: |

## SUMMARY OF THE QUARTERLY APPLICATION OF WOODCOCK WASHBURN FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS SPECIAL LITIGATION COUNSEL AND AS ORDINARY COURSE PROFESSIONALS FOR W.R. GRACE & CO., ET AL., FOR THE EIGHTEENTH QUARTERLY INTERIM PERIOD JULY - SEPTEMBER 2005

| | |
|---|---|
| Name of Applicant: | **Woodcock Washburn LLP** |
| Authorized to Provide Professional Services to: | **W. R. Grace & Co., et al., Debtors and Debtors-in-Possession** |
| Date of Retention as Special Litigation Counsel: | **Retention Order entered January 22, 2003** |
| Date of Retention as Ordinary Course Professional: | **Order Permitting Expansion of Services entered April 15, 2005, on application made February 11, 2005.** |
| Period for which compensation and reimbursement is sought | **April 1, 2005, through June 30, 2005** |
| Amount of Compensation sought as actual, reasonable and necessary: | **$ 145,044.50** |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | **$   4,734.86** |

---

[2] The Debtors consist of the following 62 entities: W.R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W.R. Grace & Co.-Conn., A-1 Bit &Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-g II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a/ Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W.R. Grace Capital Corporation, W.R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/l/k/a GHSC Holding, Inc.), Grace JVH, Inc., Asbestos Management, Inc., Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing System, Inc. (f/k/a Environmental Liability Management, Inc.), E&C Liquidating Corp., Emerson & Cuming, Inc., Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

This is a quarterly application for the Eighteenth Interim Period, for the monthly periods July, August, and September, 2005. The following monthly fee applications, within the Eighth through Seventeenth Interim Periods, have been previously filed:

| Period Covered | Date Filed | Requested Fees | Requested Disbursements |
| --- | --- | --- | --- |
| 1/1 – 1/31/03 | June 9, 2003 | $11,423.35 | $184.10 |
| 2/1 – 2/28/03 | June 9, 2003 | 29,216.00 | 684.22 |
| 3/1 – 3/31/03 | June 9, 2003 | 14,351.00 | 647.43 |
| 4/1 – 4/30/03 | June 3, 2003 | 14,268.50 | 244.41 |
| 5/1 – 5/31/03 | July 11, 2003 | 20,293.50 | 703.19 |
| 6/1 – 6/30/03 | August 1, 2003 | 24,087.00 | 2,822.23 |
| 7/1 – 7/31/03 | September 18, 2003 | 14,157.50 | 1,834.84 |
| 8/1/ - 8/31/03 | October 17, 2003 | 5,120.00 | 2,346.40 |
| 9/1 – 9/30/03 | November 6, 2003 | 18,536.00 | 2,143.81 |
| 10/1 – 10/31/03 | December 16, 2003 | 26,622.50 | 7,747.17 |
| 11/1 – 11/30/03 | January 23, 2004 | 46,329.50 | 22.29 |
| 12/1 – 12/31/03 | February 11, 2004 | 60,218.00 | 13,537.76 |
| 1/1 – 1/31/04 | March 29, 2004 | 117,384.00 | 34,007.41 |
| 2/1 - 2/29/04 | April 13, 2004 | 66,216.00 | 16,476.09 |
| 3/1 - 3/31/04 | April 27, 2004 | 96,991.00 | 8,235.63 |
| 4/1 - 4/30/04 | June 16, 2004 | 111,132.00 | 14,316.26 |
| 5/1 - 5/31/04 | July 19, 2004 | 104,787.00 | 14,642.22 |
| 6/1 - 6/30/04 | July 29, 2004 | 117,125.00 | 8,779.51 |
| 7/1 - 7/31/04 | September 17, 2004 | 85,802.00 | 10,905.33 |
| 8/1 – 8/31/04 | October 22, 2004 | 102,078.00 | 9,582.05 |
| 9/1 – 9/30/04 | November 9, 2004 | 156,479.00 | 32,088.05 |
| 10/1 - 10/31/04 | December 17, 2004 | 169,846.00 | 69,597.98 |
| 11/1 – 11/30/04 | January 14, 2005 | 203,792.00 | 29,179.11 |
| 12/1 – 12/31/04 | February 11, 2005 | 164,958.00 | 92,377.99 |
| 1/1 – 1/31/05 | March 18, 2005 | 176,884.00 | 28,342.86 |
| 2/1 – 2/28/05 | April 15, 2005 | 157,122.50 | 125,892.70 |
| 3/1 – 3/31/05 | May 10, 2005 | 196,913.00 | 143,160.77 |
| 4/1 – 4/30/05 | June 21, 2005 | 124,598.70 | 6,544.89 |
| 5/1– 5/31/05 | July 20, 2005 | 198,043.00 | 45,257.99 |
| 6/1 – 6/30/05 | August 11, 2005 | 82,795.50 | 28,829.43 |
| TOTAL | | $2,672,411.05 | $755,155.55 |

The fees and costs as requested in all Quarterly Applications previously filed by Woodcock, for the Eighth through the Sixteenth Interim Periods, have been given final approval by the fee auditor. The Application for the Seventeenth Interim Period is pending.

The Woodcock professionals who rendered services as special litigation counsel during the current Quarterly Fee Period (Seventeenth Interim Period) are:

| Name of Professional | Position with the Applicant | Year Admitted to Bar | Department | Hourly Billing Rate | Total Billed Hours | Total Fees Generated |
|---|---|---|---|---|---|---|
| Gary H. Levin | Partner | 1976 | IP Litigation | $490.00 | 90.4 | $ 44,296.00 |
| Frank T. Carroll | Associate | 1998 | IP Litigation | $295.00 | 3.7 | 1,091.50 |
| Karen Whitney | Associate | 2001 | IP Litigation | $235.00 | 6.8 | 1,598.00 |

Total Fees: $46,985.50
Blended Rate: $466.00

All fees ($46,985.50) for which reimbursement is sought in the category "Litigation and Litigation Counseling" were rendered in connection with the Intercat suit. These fees include fees in the category "Fee Applications, Applicant" ($2,599.00), as detailed in the Monthly Applications. In addition to, and not included in, these amounts are further fees of $1,960.00 in the category "Fee Applications, Applicant."

Expenses incurred in connection with services as special litigation counsel were as follows:

| Summary Total of Expenses/Disbursements | |
|---|---|
| Postage & Delivery | $ 150.68 |
| Telecopier | 24.00 |
| Computer Research | 32.50 |
| Photocopying (Standard Copies) | 97.50 |
| Patent Copies | 15.00 |
| Court Reporters | 1,928.25 |
| Associate Services | 119.30 |
| TOTAL | $2,367.23 |

The Woodcock professionals who rendered ordinary course services during the current Quarterly Fee Period were:

| Name of Professional | Position with the Applicant | Year Admitted to Bar | Department | Hourly Billing Rate | Total Billed Hours | Total Fees Generated |
|---|---|---|---|---|---|---|
| Gary H. Levin | Partner | 1976 | IP Litigation | $490.00 | 107.1 | $52,479.00 |
| Lynn B. Morreale | Partner | 1986 | IP Counseling | $425.00 | 11.0 | 4,675.00 |
| Frank T. Carroll | Associate | 1998 | IP Counseling | $295.00 | 37.5 | 11,062.00 |
| Richard D. Watkins | Associate | 2000 | IP Counseling | $265.00 | 58.8 | 15,582.00 |
| Amy Carr-Trexler | Associate | 2001 | IP Counseling | $240.00 | 10.3 | 2,472.00 |
| Karen Whitney | Associate | 2001 | IP Litigation | $235.00 | 38.9 | 9,141.50 |
| Noreen Garonski | Paralegal | - | IP Prosecution | $155.00 | 3.3 | 511.50 |
| David DeSanto | Paralegal | - | IP Prosecution | $110.00 | 1.6 | 176.00 |

Total Fees:  $ 96,099.00
Blended Rate:  $358.00

These fees include fees for "Travel Time" ($1,813.00, representing billing at half-time).

Expenses incurred in performing ordinary course services were as follows:

| Summary Total of Expenses/Disbursements ||
|---|---|
| Postage & Delivery | $   23.71 |
| Computer Search | 311.45 |
| Travel & Expenses | 570.36 |
| Photocopying (Standard Copies) | 64.95 |
| Patent Copies | 1,038.00 |
| Telephone | 0.10 |
| Associate Services | 354.06 |
| Telecopier | 5.00 |
| TOTAL | $2,367.63 |

Detail for "Travel & Expenses" is provided in the fee application for the month in which the expenses were incurred, attached as Exhibits A-C). With respect to disbursements for which compensation is requested, computer-assisted legal research and docket tracking are billed at no higher than actual cost, out-going fax charges are billed at no higher than

$1/page (with no charge for incoming faxes), and charges for standard copying are billed at no more than $0.15/page.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors | ) | **Objection Deadline: To be Determined** |
| | | **Hearing Date:** |

## QUARTERLY APPLICATION OF WOODCOCK WASHBURN FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS SPECIAL LITIGATION COUNSEL AND AS ORDINARY COURSE PROFESSIONALS FOR W.R. GRACE & CO., *ET AL.*, FOR THE EIGHTEENTH QUARTERLY INTERIM PERIOD OF JULY - SEPTEMBER, 2005

Pursuant to section 327, 330 and 331 of Title 11 of the United States Code (as amended, the "Bankruptcy Code"), Fed. R. Bankr. P. 2016, the Retention Orders (as defined below), the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Professionals and Official Committee Members (The "Interim Compensation Order"), the Amended Administrative Order under 11 U.S.C. §§ 105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members (The "Amended Interim Compensation Order") and

---

[1] The Debtors consist of the following 62 entities: W.R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W.R. Grace & Co.-Conn., A-1 Bit &Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-g II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a/ Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W.R. Grace Capital Corporation, W.R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc.), Grace JVH, Inc., Asbestos Management, Inc., Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing System, Inc. (f/k/a Environmental Liability Management, Inc.), E&C Liquidating Corp., Emerson & Cuming, Inc., Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Del.Bankr.LR 2016-2, the law firm of Woodcock Washburn LLP ("Woodcock"), special litigation counsel and ordinary course professional for the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), hereby applies for an order allowing it (i) compensation in the amount of $145,055.50 for the reasonable and necessary legal service Woodcock has rendered to the Debtors and (ii) reimbursement for the actual and necessary expenses that Woodcock has incurred in the amount of $4,734.86 for the interim quarterly period from July1, 2005 through September 30, 2005 (the "Fee Period"). In support of this Application, Woodcock states as follows:

## Background

### Retention of Woodcock Washburn

1. By this Court's order dated January 22, 2003, (the "Retention Order"), the Debtors were authorized to retain Woodcock as special litigation counsel to represent Debtor W.R. Grace & Co.-Conn in order to intervene as a defendant in a suit originally brought in 2002 in the District Court for the Northern District of Indiana but now pending, following a transfer pursuant to 28 U.S.C. § 1404, in the District of Minnesota as *Bartholic and Intercat, Inc. v. Nol-Tec Systems, Inc.*, civil action 03-CV-4886 (RHK/AJB) (the "Intercat suit"). On April 15, 2005, the Court entered a further order authorizing Debtor to retain, and Woodcock to provide to Debtor, further services in ordinary course in the field of intellectual property. The Retention Orders authorize the Debtor to compensate Woodcock at Woodcock's hourly rates charged for services of this kind and to reimburse Woodcock for actual and necessary out-of-pocket expenses that it

incurred, subject to application to this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, applicable local rules, and orders of this Court.

**Monthly Interim Fee Applications Covered Herein**

2.      Pursuant to the procedures set forth in the Interim Compensation Order, as amended by the Amended Interim Compensation Order, professionals may apply for monthly compensation and reimbursement (each such application, a "Monthly Fee Application"); the notice parties listed in the Amended Interim Compensation Order may object to such request. If no notice party objects to a professional's Monthly Fee Application within twenty (20) days after the date of service of the Monthly Fee Application, the applicable professional may submit to the Court a certification of no objection whereupon the Debtors are authorized to pay interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested.

3.      Furthermore, and also pursuant to the Amended Interim Compensation Order, after the end of each quarter, professionals are to file and serve upon the notice parties a quarterly request (a "Quarterly Fee Application") for interim Court approval and allowance of the Monthly Fee Applications filed during the quarter covered by that Quarterly Fee Application. If the Court grants the relief requested by the Quarterly Fee Application, the Debtors are authorized and directed to pay the professional 100% of the fees and expenses requested in the Monthly Fee Applications covered by that Quarterly Fee Application less any amounts previously paid in connection with the Monthly Fee Applications. Any payment made pursuant to the Monthly Fee Applications or a

Quarterly Fee Application is subject to final approval of all fees and expenses at a hearing on the professional's final fee application.

4.  This Quarterly Fee Application, which is submitted in accordance with the Amended Interim Compensation Order, is the eleventh such quarterly Application for compensation for services rendered that Woodcock has filed with the Bankruptcy Court and covers the Fee Period of July 1, 2005, through September 30, 2005 (the Eighteenth Quarterly Period).

5.  Woodcock has filed the following Monthly Fee Applications for interim compensation during this Fee Period:

   a.  Summary Application of Woodcock for Compensation for Services and Reimbursement of Expenses as Counsel to W.R. Grace & Co., et al., for the Monthly Period of July 2005, filed September 15, 2005, (the "July Fee Application"), attached hereto as Exhibit A.

   b.  Summary Application of Woodcock for Compensation for Services and Reimbursement of Expenses as Counsel to W.R. Grace & Co., et al., for the Monthly Period of August 2005, filed October 12, 2005, (the "August Fee Application"), attached hereto as Exhibit B.

   c.  Revised Summary Application of Woodcock for Compensation for Services and Reimbursement of Expenses as Counsel to W.R. Grace & Co., et al., for the Monthly Period of September 2005, filed November 22, 2005 (the "September Fee Application"), attached as Exhibit C.

6.  The Monthly Applications are pending.

7. In its role as special litigation counsel during this Fee Period, Woodcock has advised and represented W.R. Grace & Co.-Conn. in connection with settlement of the Intercat suit and matters relating to its business as affected by the Intercat suit. In its role as ordinary course professional, Woodcock has advised W.R. Grace & Co.-Conn. on general matters relating to intellectual property and has performed general services in the intellectual property field, such as preparing and prosecuting patent applications. Because Woodcock's fee applications may be obtained by third-parties, the descriptions of fee services provided here are necessarily more general than might otherwise be provided.

**Requested Relief**

8. By this Quarterly Fee Application, Woodcock requests that the Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by Woodcock for the Fee Period, as detailed in the Applications, less any amount actually paid to Woodcock pursuant to the Applications during the pendency of this Quarterly Fee Application. The scope of services provided and the related expenses incurred are described in the Monthly Applications (attached as Exhibits A, B, and C).

**Disinterestedness**

9. Woodcock does not hold or represent any interest adverse to the estates, and has been, at all relevant times, a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code. Woodcock disclosed in its Application for Appointment as Special Litigation Counsel any connection it had to the Debtors that it had been able to ascertain using its reasonable

- 5 -

efforts. Woodcock will update the disclosures where necessary if Woodcock becomes aware of material new information.

### Representations

10. Woodcock believes that this Quarterly Fee Application complies with the requirements of Del.Bankr.LR2016-2 and the Amended Interim Compensation Order.

11. Woodcock performed the services for which it is seeking compensation on behalf of or for the Debtors and their estates, and not on behalf of any committee, creditor or other person.

12. During the Fee Period, Woodcock has received no payment, nor has it received any promises for payment, from any other source for services rendered during the Fee Period or to be rendered in any capacity whatsoever in connection with its acting as special litigation counsel.

13. Pursuant to Fed. R. Bank. P. 2016(b), Woodcock has not shared, nor has it agreed to share, (a) any compensation it has received or may receive with another party or person other than with the partners, counsel, and associates of Woodcock, or (b) any compensation another person or party has received or may receive in connection with the Chapter 11 case.

WHEREFORE, Woodcock respectfully requests that the Court enter an order providing (a) that, for this Fee Period, July 1, 2005, through September 30, 2005, an administrative allowance be made to Woodcock in the sums of (i) $145,044.50 as compensation for reasonable and necessary professional services rendered for the Debtors and (ii) $4,734.86 for reimbursement of actual and necessary costs and expenses

incurred, for a total of $149,779.36, and (b) that the Debtors be authorized and directed to pay to Woodcock the outstanding amount of such sums less any sums previously paid to Woodcock pursuant to the Applications and the procedures set forth in the Interim Compensation Order.

Respectfully submitted

*/s/ Gary H. Levin*

Date:   November 28, 2005

Gary H. Levin
Woodcock Washburn LLP
One Liberty Place – 46th Floor
Philadelphia, PA 19103
(215) 568-3100
levin@woodcock.com