IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Re: Docket No. 9315 |
| | ) | |

## SCHEDULING ORDER REGARDING CERTAIN OF DEBTORS' FIFTEENTH OMNIBUS OBJECTIONS TO CLAIMS (SUBSTANTIVE)

WHEREAS, on August 29, 2005, the Court entered the Case Management Order for the Adjudication of Asbestos Property Damage Claims Objections, which called for the Debtors to make a good faith effort to have on file all of their objections to Asbestos PD Claims, including but not limited to Gateway Objections, by September 1, 2005;

WHEREAS, on September 1, 2005, the Debtors filed the Fifteenth Omnibus Objection (Substantive) to all PD Claims (the "Fifteenth Omnibus Objection")[2];

WHEREAS, on September 19, 2005 the Court entered an order (the "9/19 Order") scheduling certain matters with respect to the Debtors' Fifteenth Omnibus Objection;

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms used but not defined herein are as defined in the Fifteenth Omnibus Objection.

WHEREAS, as of October 24, 2005, the Debtors had received over 1000 Responses to the Fifteenth Omnibus Objection and the Debtors determined, as outlined in the 9/19 Order at paragraph 5, that the schedule and objection process set forth in the 9/19 Order was unmanageable and it would be in the best interest of all parties to bifurcate the Fifteenth Omnibus Objections into batches;

WHEREAS, on October 24, 2005, the Court granted the Debtors' request to vacate certain dates outlined in the 9/19 Order and directed the Debtors to submit a new Order providing a proposal for the briefing and hearing of matters with respect to the Fifteenth Omnibus Objection;

WHEREAS, on November 10, 2005 the Court entered a Scheduling Order Regarding Certain of Debtors' Fifteenth Omnibus Objections to Claims (Substantive) (Docket No. 11035) (the "Scheduling Order") to which the PD Committee and Speights objected;

WHEREAS, upon consideration of the matters set forth herein and the Court being fully advised of the premises, it is hereby

ORDERED that the Scheduling Order entered by this Court on November 10, 2005 is hereby vacated and replaced by this Scheduling Order; and it is further

ORDERED that the following Objections to claims shall be heard on January 24, 2006 and January 26, 2006, commencing at 9:00 a.m. each day, pursuant to the Agenda set forth on the attached Schedule 1:

- Exhibit A Objections:[3] *Improperly submitted PD claims* ( wrong form);

- Exhibit B Objections: *Previously settled or adjudicated claims;*

- Exhibit C-1 (a, b, c, e) Objections: *Proof of Claim Forms Incomplete on their face* as they are missing basic address information, are not signed or assert claims for multiple properties;

---

[3] All Exhibit references are references to the Exhibits attached to the Fifteenth Omnibus Objection and the substantive categories of Objections outlined therein.

2

- Exhibit C-3 (a-c) Objections: *No Product Identification Documents of any kind submitted;*

- Exhibit D-1 (a) Objections: Claims for *buildings built too late* to contain MK-3

- Certain Exhibit D 1-5 Objections: *Claims brought too late* under the *statute of limitations* for Georgia and the *statute of repose* for Tennessee;

- Certain Exhibit F Objections: *Flawed Speights and Runyan ("S&R") Claims*: Certain S&R Claims remaining after withdrawals and disallowance pursuant to previous orders on the 13th and 15th Omnibus Objections;

- Exhibit G-1 Objections: *Category II* "stigma" claims from Minneapolis; and

- Exhibit H Objections: *Contribution and/or indemnification claims;* and it is further

ORDERED that the Objections which shall be heard on January 24, 2006 and January 26, 2006 shall be with respect to the specific Claims listed on Schedule 2 (Non-S&R Claims), Schedule 3 (S&R Claims addressed in the 15th Omnibus Objection), Schedule 4 (S&R claims addressed in the 13th Omnibus Objection containing no proof of authority to file); and Schedule 5 (S&R Claims addressed in the 13th Omnibus Objection containing no proof of authority to file as of the Bar Date); and it is further

ORDERED that the Debtors' Reply with respect to these Objections is due December 22, 2005 and in the Reply, the Debtors' shall set forth the specific omissions in the non-S&R claimant's claims in respect of those Objections based on the omission of "basic information" as outlined in the Exhibit C-1(c) Objections; and it is further

ORDERED that any Sur-replies claimants wish to file are due January 13, 2006, and it is further

ORDERED that if any claim in respect of which an Objection is heard pursuant to this Order is subject of an additional Objection(s) as set forth in the Fifteenth Omnibus Objection, such additional Objection(s) shall be set for hearing by a future scheduling order, provided,

3

K&E 10832340.6

absent consent of the claimant, no claim, other than potentially an S&R claim, shall be subjected to more than two hearings on Objections thereto; and it is further

ORDERED that the above schedule does not apply to any claims held by claimants represented by the firm of Dies & Hile or claims filed by claimants located in the State of Louisiana. Those claimants were granted additional time to respond to the Fifteenth Omnibus Objection pursuant to separate Orders and separate scheduling orders with respect to those claimants shall be entered at a later date; and it is further

ORDERED that nothing contained in this Order shall in any way abridge or abrogate the right of any claimant to take discovery or to present evidence in respect of the objections being asserted by the Debtors to such claimant's claims, as appropriate; and it is further

ORDERED that upon entry of this Order, the Debtors will send a copy of the Order and Schedules to counsel for all PD Claimants who have pending claims in these cases and to all pro se PD claimants whose claims are affected by this Order.

Dated: December __, 2005

                                        _____
                                        Honorable Judith K. Fitzgerald
                                        United States Bankruptcy Judge