IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **W. R. GRACE & CO., et al.** | ) | **Case No. 01-01139 (JKF)** |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**DEBTORS' MOTION FOR PROTECTIVE ORDER AGAINST ANDERSON
MEMORIAL'S REQUESTS FOR 30(B)(6) DEPOSITIONS AND DOCUMENTS**

Pursuant to Federal Rule of Civil Procedure 26(c), Debtors move for a protective order against Speights & Runyan's requests, as "counsel for Anderson Memorial Hospital," for 30(b)(6) depositions and related documents.[1] The requested discovery, filed December 13, 2005, is nothing more than a last-ditch attempt to derail the December 19, 2005 class certification hearing which has been on calendar since October. Try as he might, Speights cannot delay the hearing—and the inevitable denial of class certification—through improper discovery requests seeking information that has no bearing on the ultimate resolution of his motion. In support of their motion, Debtors state as follows:

1.      More than two years after the expiration of the Bar Date, on October 21, 2005, Speights & Runyan filed a motion for class certification on behalf of Anderson Memorial Hospital and *all property owners everywhere* "whose buildings contain or used to contain the asbestos-containing surface materials for which the Debtors are responsible." (Dkt. No. 10014 at 1).

2.      At the October 31, 2005 hearing on Speights' Anderson Memorial claims, the Debtors complained that Speights' new class certification motion was nothing but an attempt to delay resolution of Grace's bankruptcy cases and reverse the months-long effort of the Debtors

---

[1]  The requested discovery is stayed pending resolution of this motion. *See* D. Del. LR 30.2 (noting that "[t]he timely filing of a motion under [Fed. R. Civ. P. 26(c) or 30(d)] shall stay the discovery to which the motion is directed pending further order of the Court"); Del. Bankr. LR 1001-1(b) (providing that the Delaware District Court Rules apply to cases under Chapter 11).

to eliminate thousands of claims filed improperly by Speights. The Debtors noted their concern that "Speights has raised the issue, gee, we may need to take discovery. I mean, it's just going to get dragged on and on. The whole point is we started with a huge number of claims. We're getting rid of them. We've cut them in half. It's getting smaller and smaller. And they're going to try to use the issue of an open class certification to open the door wide open again." (10/31/05 Tr. at 93-94).

3. In response, the Court said that "I think I need a brief on what I believe to be a *legal issue* which is with the bar date having past and you now know the universe of individual claims, how the class can be any bigger than the individual claims because it seems to me if the bar date notice was appropriate, and I found that it was, that's why I let it go out, and an individual hasn't filed a proof of claim, then they can't be part of a class because they haven't submitted a claim, I think. *But I want that issue briefed.*" (Id. at 94, emphasis added.)

4. Consistent with this Court's ruling on October 31, the class certification motion was set for hearing on December 19, 2005 and the Debtors filed their opposition brief on December 2, 2005 (Dkt. No. 11245). The legal issues have now been fully briefed. The briefs demonstrate that the Court was correct in its initial belief that the issue is a legal one and is not factual in nature. Accordingly, Speight's attempt to resurrect expunged claims via class certification is not legally defensible.

5. *Exactly* as the Debtors predicted at the hearing in October, Speights served five separate discovery requests on the Debtors just days before the class certification hearing, solely to delay the court's decision on that motion. The requests, attached hereto as Exhibits A-E, ask the Debtors to produce documents and designate 30(b)(6) witnesses to testify on several topics ostensibly related to class certification. Instead, the requests should be seen for what they are: an attempt to manufacture "fact issues" requiring discovery in order to postpone the December 19 class certification hearing.

6. None of the topics covered by Speights' requests implicate the types of issues that the Court will need to decide the class certification hearing. Instead, they seek stale and/or

irrelevant information unnecessary to decide the merits of Speights' motion, including:

- the Debtors' knowledge of how many of the hundreds of thousands of people that received notice of the Bar Date from the Debtors held potential property damage claims against the Debtors (Ex. A);

- the Debtors' knowledge of and efforts to determine the addresses and owners of buildings that allegedly contain Grace asbestos-containing materials (Ex. B);

- the Debtors' knowledge of and pre-petition efforts to settle the Anderson Memorial class action filed in South Carolina (Ex. C);

- the Debtors' knowledge of efforts in 2001 to exclude Anderson Memorial, Speights & Runyan, or Daniel Speights from the Official Committee of Property Damage Creditors (Ex. D); and

- the Debtors' communications with the Celotex Asbestos Settlement Trust or the Bodily Injury Trust Advisory Committee regarding property damage claims filed by Speights & Runyan or through Anderson Memorial Hospital (Ex. E)

7. Although Anderson Memorial's motion for class certification tries to make an issue out of the bar date notification program in this bankruptcy, there is no need for discovery relating to the program. Anderson Memorial does not dispute that the Court approved the program and held that it constitutes legally sufficient notice to all unknown claimants. Indeed, the Court has already stated that "it seems to me if the bar date notice was appropriate, and I found that it was, that's why I let it go out...." (10/31/05 Tr. at 94) Likewise, pre-petition settlement negotiations for Speights' South Carolina Anderson Memorial class action, efforts to exclude him from the PD Committee, and communications with the Celotex Asbestos Settlement Trust and Bodily Injury Advisory Committee regarding his claims all have no bearing on the issue here, which is whether class certification is appropriate.

8. The bottom-line is that Speights' discovery requests are designed to delay the class certification hearing rather than lead to the discovery of admissible evidence. The Debtors should not be forced to respond to Speights' frivolous requests and therefore move for entry of the protective order attached hereto as Exhibit F.

9. The parties have met and conferred about the discovery at issue but were unable

3

to reach agreement.

WHEREFORE, for the forgoing reasons, the Debtors respectfully request that the Court prevent the requested discovery from going forward and enter the protective order attached hereto as Exhibit F.

Wilmington, Delaware
Dated: December 19, 2005

Respectfully submitted,

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Michelle H. Browdy
Janet S. Baer
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

*And*

PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB, PC

_____
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
(302) 652-4100

Co-Counsel for the Debtors and Debtors in Possession

4