IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Re: Docket No. 9315 and 11/14/05 Agenda Item |
| | ) | No. 6 |

*N COC*
*1136*

## SECOND ORDER GRANTING RELIEF SOUGHT IN DEBTORS' FIFTEENTH OMNIBUS OBJECTION TO CLAIMS (SUBSTANTIVE)

Upon the Fifteenth Omnibus Objection to Claims (the "Fifteenth Omnibus Objection")[2] filed by the above captioned debtors and debtors in possession (the "Debtors"), seeking entry of an order expunging and disallowing certain Claims; and no previous application having been made; and upon consideration of the matters set forth herein; and due and proper notice of the Fifteenth Omnibus Objection having been given, it is hereby

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc ), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms used but not defined herein are as defined in the Fifteenth Omnibus Objection.

ORDERED that, except as hereinafter stated, the relief sought in the 15th Omnibus Objection is granted to the extent not inconsistent with the language herein and with the Exhibits attached hereto;[3] and it is further

ORDERED that the Objections to each of the claims listed on Exhibit A to this Order are sustained and each of the claims is expunged and disallowed for all purposes since the claimants did not file any response to the Objections; and it is further

ORDERED that that the Objections to the claims of The Burlington Northern Santa Fe Railway ("BN") identified on the Stipulation attached hereto as Exhibit B, which claims relate to Zonolite Attic Insulation or similar products ("ZAI") are hereby withdrawn and the claims are reclassified as ZAI Claims as outlined on the Stipulation. This withdrawal is without prejudice, the BN Claims shall remain of record and be addressed as the Court may direct. Likewise, Debtors retain their right to object to the BN claims listed on Exhibit B on any grounds in the future, upon proper notice and consistent with applicable law. The Debtors also retain the right to require the claimants listed on Exhibit B to re-file their ZAI Claims on specialized ZAI Proof of Claim Forms in the event the Court so orders such specialized claim form; and it is further

ORDERED that the claims of Celotex Corporation, Carey Canada Inc. and the Asbestos Settlement Trust (Celotex) (collectively "Celotex") outlined on the Stipulation attached hereto as Exhibit C have been voluntarily withdrawn and thus shall be expunged from the Claims Register; and it if further

ORDERED that the Objections to the claims of City of Cambridge Massachusetts ("Cambridge"), identified as Claim Nos. 4721 and 4723 are hereby withdrawn and the claims are reclassified as environmental unsecured claims within the Non-Asbestos Claims category of Debtors proposed Chapter 11 Plan dated January 22, 2005 (the "Plan") as outlined on the

---

[3] To the extent that any claim that is the subject of the 15th Omnibus Objection has been or is otherwise addressed by an approved stipulation between the Debtors and the claimant, that stipulation shall control the disposition of that claim.

2

Stipulation attached hereto as Exhibit D. In addition, the Objections to Cambridge Claim Nos. 4720 and 4722 set forth in the Debtors' Fifth Omnibus Objection dated May 5, 2004 are also withdrawn. This withdrawal and reclassification, however, is without prejudice and the Debtors have the right to object to any of the claims of Cambridge on any grounds in the future, including but not limited to the grounds asserted in the 5th and 15th Omnibus Objections, as applicable, upon proper notice and consistent with applicable law, provided, however, the Debtors shall be prohibited from objecting to any of the claims based on the type of Proof of Claim form filed by Cambridge or the classification of the claims as outlined in the Stipulation. Further, Claim Nos. 4721, 4722 and 4723 shall be consolidated into Claim No. 4720 and Claim Nos. 4721, 4722 and 4723 shall be disallowed and expunged and Claim No. 4720 shall be the surviving Claim. Notwithstanding any other provisions herein or in the attached Exhibit D, to the extent that the Debtors' Plan or any other plan or plans of reorganization confirmed in these chapter 11 cases do (does) not provide for the substantive consolidation of the Bankruptcy Cases and Debtors (for purposes of distribution on account of allowed claims), Claim Nos. 4721, 4722 and 4723 shall be reinstated, as appropriate and Cambridge shall be entitled to pursue such claims; and it is further

ORDERED that the Objections to the claim of Massachusetts Bay Transportation Authority ("MBTA"), identified as Claim No. 9694 is hereby withdrawn and the claim is reclassified as an environmental unsecured claim within the Non-Asbestos Claims category of Debtors' Plan as outlined on the Stipulation attached hereto as Exhibit E. In addition, the Objections to MBTA Claim No. 9693 set forth in the Debtors' Fifth Omnibus Objection dated May 5, 2004 is also withdrawn. This withdrawal and reclassification, however, is without prejudice and the Debtors have the right to object to any of the claims of MBTA on any grounds in the future, including but not limited to the grounds asserted in the 5th and 15th Omnibus Objections, as applicable, upon proper notice and consistent with applicable law, provided,

K&E 10814753.1

however, the Debtors shall be prohibited from objecting to any of the claims based on the type of Proof of Claim form filed by MBTA or the classification of the claims as outlined in the Stipulation. Further, Claim No. 9694 shall be consolidated into Claim No. 9693 and Claim Nos. 9694 shall be disallowed and expunged and Claim No. 9693 shall be the surviving Claim. Notwithstanding any other provisions herein or in the attached Exhibit E, to the extent that the Debtors' Plan or any other plan or plans of reorganization confirmed in these chapter 11 cases do (does) not provide for the substantive consolidation of the Bankruptcy Cases and Debtors (for purposed of distribution on account of allowed claims), Claim No. 9694 shall be reinstated, as appropriate and MBTA shall be entitled to pursue such claim; and it is further

ORDERED that the Objections to the claim of Perini Corporation ("Perini"), identified as Claim No. 4705 are hereby withdrawn and the claim is reclassified as an environmental unsecured claim within the Non-Asbestos Claims category of Debtors' Plan as outlined on the Stipulation attached hereto as Exhibit F. In addition, the Objections to Perini Claim No. 4704 set forth in the Debtors' Fifth Omnibus Objection dated May 5, 2004 is also withdrawn. This withdrawal and reclassification, however, is without prejudice and the Debtors have the right to object to any of the claims of Perini on any grounds in the future, including but not limited to the grounds asserted in the 5th and 15th Omnibus Objections, as applicable, upon proper notice and consistent with applicable law, provided, however, the Debtors shall be prohibited from objecting to any of the claims based on the type of Proof of Claim form filed by Perini or the classification of the claims as outlined in the Stipulation. Further, Claim No. 4705 shall be consolidated into Claim No. 4704 and Claim Nos. 4705 shall be disallowed and expunged and Claim No. 4704 shall be the surviving Claim. Notwithstanding any other provisions herein or in the attached Exhibit F, to the extent that the Debtors' Plan or any other plan or plans of reorganization confirmed in these chapter 11 cases do (does) not provide for the substantive

K&E 10514733.1

consolidation of the Bankruptcy Cases and Debtors (for purposed of distribution on account of allowed claims), Claim No. 4705 shall be reinstated, as appropriate and Perini shall be entitled to pursue such claim; and it is further

ORDERED that the Objections to the claims of Los Angeles Unified School District ("LA"), identified as Claim Nos. 9570 and 15247 are hereby withdrawn, as outlined on the Stipulation attached hereto as Exhibit G. Further, Claim No. 15247, shall be consolidated into Claim No. 9570 and Claim No. 15247 shall be disallowed and expunged and Claim No. 9570 shall be the surviving Claim. Notwithstanding any other provisions herein or in the attached Exhibit G, to the extent that the Debtors' Plan, as defined in Exhibit G or any other plan or plans of reorganization confirmed in these chapter 11 cases do (does) not provide for the substantive consolidation of the Bankruptcy Cases (for purposed of distribution on account of allowed claims), Claim Nos. 15247 shall be reinstated, as appropriate and LA shall be entitled to pursue such claim; and it is further

ORDERED that the Objections to the claims of LaMartin Company, Inc. Paul J. Martin, M. J. & P. LLC. and P & S Associates (the "Exhibit H Claimants") are hereby withdrawn and the claims are reclassified as environmental unsecured claims, as outlined on the Stipulation attached hereto as Exhibit H. This withdrawal and reclassification is without prejudice and the Debtors have the right to object to the claims of the Exhibit H Claimant on any grounds in the future upon proper notice and consistent with applicable law; and it is further

ORDERED that the Objections to the claim of Oldon Limited Partnership ("Oldon"), identified as Claim No. 11310, are hereby withdrawn and the claim is reclassified as an environmental unsecured claim, as outlined on the Stipulation attached hereto as Exhibit I. This withdrawal and reclassification is without prejudice and the Debtors have the right to object to

5

the claim of Oldon on any grounds in the future upon proper notice and consistent with applicable law; and it is further

ORDERED that the claimants holding the claims identified as Claim Nos. 6979 through 7017 and filed by attorney Deborah J. Israel of Piper Rudnick LLP shall have an additional 30 days, until December 14, 2005, to respond to the Fifteenth Omnibus Objection, the Debtors shall have until January 13, 2006 to reply and the Objections as to those claims shall be heard at the Debtors' Omnibus hearing on January 30, 2006; and it is further

ORDERED that the Objection to any Claim set forth in the Fifteenth Omnibus Objection that has not been adjudicated by this Order shall be continued for further hearing and adjudication pursuant to a separate scheduling order or orders; and it is further

ORDERED that the rights of the Debtors to object to any Claim listed on any exhibit to this Order for any reason are expressly preserved, except as provided for herein; and it is further

ORDERED that, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, made applicable in the contested matter by Rules 7054 and 9014 of the Federal Rules of Bankruptcy Procedure, the Court hereby directs entry of a final judgment with respect to the claims objections as to which relief is entered by this Order, the Court having determined that there is no just reason for delay in the entry of judgment on these matters; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: December 19, 2005

_____
Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

K&E 10814753.1