**EXHIBIT D**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JJF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

## STIPULATION CONCERNING WITHDRAWAL OF OBJECTION, CONSOLIDATION AND RECLASSIFICATION CERTAIN CLAIMS

This stipulation is entered into this 10th day of November, 2005, between W.R. Grace &

Co. and its affiliates (collectively, the "Debtors") and City of Cambridge Massachusetts

("Claimant"). In consideration of the matters set forth herein and under the following terms and

provisions, it is hereby stipulated and agreed between the Claimant and the Debtors as follows:

1.  On April 22, 2002, this Court issued its Bar Date Order which established March

31, 2003 as the Bar Date for the filing of certain pre-petition (a) non-asbestos, (b) asbestos

property damage and (c) medical monitoring claims.

---

[1]  The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc., (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

2.    The Claimant has a total of 4 proofs of claim currently pending against the Debtors regarding environmental contamination at the Russell Field Property in Cambridge, Massachusetts: Claim Nos. 4721 and 4723 which were filed on Asbestos Property Damage Proof of Claim Forms and Claim Nos. 4720 and 4722 which were filed on Non-Asbestos Proof of Claim Forms.

3.    On September 1, 2005, the Debtors filed their Fifteenth Omnibus Objection to Claims (the "15th Omnibus Objection") in which the Debtors sought to disallow and expunge Claim Nos. 4721 and 4723 (hereafter referred to as the "Listed Claims"). Further, objections to Claim Nos. 4720 and 4722 remain pending on the Debtors Fifth Omnibus Objection to Claims filed on May 5, 2004.

4.    The Listed Claims relate to environmental contamination that includes asbestos, among other contaminants, and were filed on Asbestos Property Damage Proof of Claim Forms. However, the Debtors have determined that the Listed Claims are not Asbestos Property Damage Claims but instead are environmental claims that are more properly classified as Non-Asbestos Claims, which, along with other environmental claims, should be treated as general unsecured claims under the Debtors' proposed Amended Joint Plan of Reorganization ("Plan") dated January 13, 2005. The Listed Claims are also essentially duplicates of Claims Nos. 4720 and 4722 which were filed on the Non-Asbestos Proof of Claim Forms.

5.    Accordingly, the Debtors agree to withdraw the objections to the Listed Claims set forth in the 15th Omnibus Objection and agree to reclassify those claims as environmental unsecured claims within the Non-Asbestos Claim category. The Debtors also agree to withdraw their objections to Claim Nos. 4720 and 4722 set forth in the 5th Omnibus Objection. This withdrawal and reclassification, however, is without prejudice and the Debtors reserve their right

2

to object to any of the claims on any grounds in the future, including but not limited to the grounds asserted in the 5th and 15th Omnibus Objections, as applicable, upon proper notice and consistent with applicable law, provided, however, that the Debtors shall be prohibited from objecting to any of the claims based on the type of Proof of Claim forms filed by the Claimant or the classification of the claims as outlined in this Stipulation.

6.     Further, all four of Claimants' Claims are essentially identical but for the form on which they were filed or the Debtor against which each claim was filed. Pursuant to the Plan, the Debtors propose that as of the Effective Date (as that term is defined in the Plan), the Debtors shall be deemed consolidated under the Plan for Plan purposes. Upon confirmation, each and every claim filed against any of the Debtors shall be deemed filed against the consolidated Debtors and shall be deemed one claim against and an obligation of the deemed consolidated Debtors. As a result, the parties agree that Claim Nos. 4721, 4722 and 4723 shall be disallowed and expunged from the Claims Register and that Claim No. 4720 shall remain as the surviving claim. Notwithstanding any other provisions herein, to the extent that the Plan or any other plan or plans of reorganization confirmed in these chapter 11 cases do (does) not provide for the substantive consolidation of the Bankruptcy Cases and Debtors (for purposes of distribution on account of allowed claims), Claim Nos. 4721, 4722 and 4723 shall be reinstated as appropriate and Claimant shall be entitled to pursue such claims.

7.     Each party executing this Stipulation represents that such party has the full authority and legal power to do so. This Stipulation may be executed in counterparts and each such counterpart together with the others shall constitute one and the same instrument. The parties further agree that facsimile signatures hereon shall be deemed to be original signatures.

3

This Stipulation shall be binding upon and inure to the benefit of each of the parties, and upon their respective assignees, successors and/or partners.

8.      This Stipulation constitutes the complete expression of the agreement of the parties hereto concerning the subject matter hereof, and no modification of or amendment to this Stipulation shall be valid unless it is in writing and signed by the party or parties to be charged.

9.      The Bankruptcy Court shall retain jurisdiction to enforce this Stipulation and all matters relating hereto.

10.     The Debtors shall direct the Claims Agent, Rust Consulting, Inc., to mark the Claims Register to reflect the matters set forth herein.

**STIPULATED AND AGREED:**

**CITY OF CAMBRIDGE**
**MASSACHUSETTS**

By: _____

One of its attorneys

**ANDERSON & KREIGER LLP**
Jeff Roelofs
43 Thorndike Street
Cambridge, MA  02141
jroelofs@andersonkrieger.com

**W. R. GRACE & CO.**, et al.

By: _____

One of their attorneys

**KIRKLAND & ELLIS LLP**
Michelle Browdy
Janet S. Baer
200 East Randolph Drive
Chicago, Illinois 60601-6636
Telephone:  (312) 861-2000
Facsimile:  (312) 861-2200.

-and-

**PACHULSKI, STANG, ZIEHL, YOUNG,**
**JONES & WEINTRAUB P.C.**

Laura Davis Jones (DE I.D. No. 2436)
James O'Neill (DE I.D. No. 4042)
919 North Market Street, 16th Floor, P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400

*Attorneys for Debtors and Debtors-in Possession*

4

## EXHIBIT E

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JJF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

## STIPULATION CONCERNING WITHDRAWAL OF OBJECTION, CONSOLIDATION AND RECLASSIFICATION CERTAIN CLAIMS

This stipulation is entered into this *6th* day of November, 2005, between W.R. Grace & Co. and its affiliates (collectively, the "Debtors") and Massachusetts Bay Transportation Authority ("Claimant"). In consideration of the matters set forth herein and under the following terms and provisions, it is hereby stipulated and agreed between the Claimant and the Debtors as follows:

---

[1]    The Debtors consist of the following 62 entities:  W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

1.    On April 22, 2002, this Court issued its Bar Date Order which established March 31, 2003 as the Bar Date for the filing of certain pre-petition (a) non-asbestos, (b) asbestos property damage and (c) medical monitoring claims.

2.    The Claimant has a total of 2 proofs of claim currently pending against the Debtors regarding environmental contamination at the Russell Field Property in Cambridge, Massachusetts: Claim No. 9694 which was filed on an Asbestos Property Damage Proof of Claim Form and Claim No. 9693 which was filed on a Non-Asbestos Proof of Claim Form.

3.    On September 1, 2005, the Debtors filed their Fifteenth Omnibus Objection to Claims (the "15th Omnibus Objection") in which the Debtors sought to disallow and expunge Claim No. 9694. Further, an objection to Claim No. 9693 remains pending on the Debtors' Fifth Omnibus Objection to Claims filed on May 5, 2004.

4.    Claim No. 9694 relates to environmental contamination that includes asbestos, among other contaminants, and was filed on an Asbestos Property Damage Proof of Claim Form. However, the Debtors have determined that the Claim is not an Asbestos Property Damage Claim but instead is an environmental claim that is more property classified as a Non-Asbestos Claim, which, along with other environmental claims, should be treated as a general unsecured claim under the Debtors' proposed Amended Joint Plan of Reorganization ("Plan") dated January 13, 2005. Claim No. 9694 is also essentially a duplicate of Claim No. 9693 which was filed on a Non-Asbestos Proof of Claim Form.

5.    Accordingly, the Debtors agree to withdraw the objection to Claim No. 9694 set forth in the 15th Omnibus Objection and agree to reclassify that claim as an environmental unsecured claim within the Non-Asbestos Claim category. The Debtors also agree to withdraw the objection to Claim No. 9693 set forth in the 5th Omnibus Objection. This withdrawal and

2

reclassification, however, is without prejudice and the Debtors reserve their right to object to any of the claims on any grounds in the future, including but not limited to the grounds asserted in the 5th and 15th Omnibus Objections, as applicable, upon proper notice and consistent with applicable law, provided, however, that the Debtors shall be prohibited from objecting to any of the claims based on the type of Proof of Claim forms filed by the Claimant or the classification of the claims as outlined in this Stipulation.

6.    Further, since the 2 claims filed by Claimant are essentially identical but for the form on which they were filed, the parties agree that Claim No. 9694 shall be disallowed and expunged from the Claims Register and that Claim No. 9693 shall remain as the surviving claim.

7.    Each party executing this Stipulation represents that such party has the full authority and legal power to do so. This Stipulation may be executed in counterparts and each such counterpart together with the others shall constitute one and the same instrument.  The parties further agree that facsimile signatures hereon shall be deemed to be original signatures. This Stipulation shall be binding upon and inure to the benefit of each of the parties, and upon their respective assignees, successors and/or partners.

8.    This Stipulation constitutes the complete expression of the agreement of the parties hereto concerning the subject matter hereof, and no modification of or amendment to this Stipulation shall be valid unless it is in writing and signed by the party or parties to be charged.

9.    The Bankruptcy Court shall retain jurisdiction to enforce this Stipulation and all matters relating hereto.

10.    The Debtors shall direct the Claims Agent, Rust Consulting, Inc., to mark the Claims Register to reflect the matters set forth herein.

**STIPULATED AND AGREED:**

**MASSACHUSETTS BAY
TRANSPORTATION AUTHORITY**

By: _David Fixler_

One of its attorneys
**RUBIN AND RUDMAN LLP**
David C. Fixler
50 Rowes Wharf
Boston, MA  02110-3319

**W. R. GRACE & CO., et al.**

By: _____

One of their attorneys

**KIRKLAND & ELLIS LLP**
Michelle Browdy
Janet S. Baer
200 East Randolph Drive
Chicago, Illinois 60601-6636
Telephone:  (312) 861-2000
Facsimile:  (312) 861-2200.

-and-

**PACHULSKI, STANG, ZIEHL, YOUNG,
JONES & WEINTRAUB P.C.**

Laura Davis Jones (DE I.D. No. 2436)
James O'Neill (DE I.D. No. 4042)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400

*Attorneys for Debtors
and Debtors-in Possession*

4

**EXHIBIT F**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JJF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

## STIPULATION CONCERNING WITHDRAWAL OF OBJECTION, CONSOLIDATION AND RECLASSIFICATION CERTAIN CLAIMS

This stipulation is entered into this 10th day of November, 2005, between W.R. Grace & Co. and its affiliates (collectively, the "Debtors") and Perini Corporation ("Claimant"). In consideration of the matters set forth herein and under the following terms and provisions, it is hereby stipulated and agreed between the Claimant and the Debtors as follows:

1.      On April 22, 2002, this Court issued its Bar Date Order which established March 31, 2003 as the Bar Date for the filing of certain pre-petition (a) non-asbestos, (b) asbestos property damage and (c) medical monitoring claims.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc., GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

2.    The Claimant has filed two proofs of claim against the Debtors regarding environmental contamination at the Russell Field Property in Cambridge, Massachusetts: Claim No. 4705 which was filed on an Asbestos Property Damage Proof of Claim Form and Claim No. 4704 which was filed on a Non-Asbestos Proof of Claim Form.

3.    On September 1, 2005, the Debtors filed their Fifteenth Omnibus Objection to Claims (the "15th Omnibus Objection") in which the Debtors sought to disallow and expunge Claim No. 4705. Further, an objection to Claim No. 4704 remains pending on the Debtors' Fifth Omnibus Objection to claims filed on May 5, 2004.

4.    Claim No. 4705 relates to environmental contamination that includes asbestos, among other contaminants, and was filed on an Asbestos Property Damage Proof of Claim Form. However, the Debtors have determined that Claim No. 4705 is not an Asbestos Property Damage claim but instead is an environmental claim that is more properly classified as a Non-Asbestos Claim, which, along with other environmental claims, should be classified as a general unsecured claim under the proposed Debtors Amended Joint Plan of Reorganization ("Plan") dated January 13, 2005. Claim No. 4705 is essentially a duplicate of Claim No. 4704 which was filed on a Non-Asbestos Proof of Claim Form.

5.    As a result, the Debtors agree to withdraw the objection to Claim No. 4705 set forth in the 15th Omnibus Objection and agree to reclassify that claim as an environmental unsecured claim within the Non-Asbestos Claim category. The Debtors also agree to withdraw its objection to Claim No. 4704 outlined in the 5th Omnibus Objection at this time. This withdrawal and reclassification, however, is without prejudice and the Debtors reserve their right to object to Claim No. 4704 on any grounds in the future, including but not limited to the grounds asserted in the 5th and 15th Omnibus Objections, as applicable, upon proper notice and

2

consistent with applicable law, provided, however, that the Debtors shall be prohibited from objecting to Claim No. 4704 based on the type of Proof of Claim form filed the by the Claimant or the classification of the claim as outlined in this Stipulation.

6.      Further, since the 2 Claims filed by Claimants are essentially identical but for the form on which they were filed, the parties agree that Claim No. 4705 shall be disallowed and expunged from the Claims Register and Claim No. 4704 shall remain as the surviving claim and reclassified in accordance with paragraph 4 above.

7.      The Debtors will include the withdrawal of the Objections to the claim, disallowance of claims and reservation of rights outlined herein in the proposed orders relating to the 5th and 15th Omnibus Objections presented to the Court at the October 24, 2005 hearing on the status of such Omnibus Objections.

8.      Each party executing this Stipulation represents that such party has the full authority and legal power to do so. This Stipulation may be executed in counterparts and each such counterpart together with the others shall constitute one and the same instrument. The parties further agree that facsimile signatures hereon shall be deemed to be original signatures. This Stipulation shall be binding upon and inure to the benefit of each of the parties, and upon their respective assignees, successors and/or partners.

9.      This Stipulation constitutes the complete expression of the agreement of the parties hereto concerning the subject matter hereof, and no modification of or amendment to this Stipulation shall be valid unless it is in writing and signed by the party or parties to be charged.

10.     The Bankruptcy Court shall retain jurisdiction to enforce this Stipulation and all matters relating hereto.

3

11.    The Debtors shall direct the Claims Agent, Rust Consulting, Inc., to mark the

Claims Register to reflect the matters set forth herein.

**STIPULATED AND AGREED:**

FERINI CORPORATION

By /s/ _illegible signature_

One of its attorneys
MINTZ LEVIN COHN FERRIS
GLOVSKY AND POPEO PC
Adrienne Walker
One Financial Center
Boston, MA  02111
Telephone: (617) 348-1612
awalker@mintz.com

W. R. GRACE & CO., et al.

By: /s/ _illegible signature_

One of their attorneys
KIRKLAND & ELLIS LLP
Michelle Browdy
Janet S. Baer
200 East Randolph Drive
Chicago, Illinois 60601-6636
Telephone:  (312) 861-2000
Facsimile:  (312) 861-2200.

-and-

PACHULSKI, STANG, ZIEHL, YOUNG,
JONES & WEINTRAUB P.C.

Laura Davis Jones (DE I.D. No. 2436)
James O'Neill (
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400

*Attorneys for Debtors
and Debtors-in Possession*

4

TRA 2085038v.3

**EXHIBIT G**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JJF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

## STIPULATION CONCERNING WITHDRAWAL OF OBJECTION, CONSOLIDATION AND RECLASSIFICATION CERTAIN CLAIMS

This stipulation is entered into this _11th_ day of November, 2005, between W.R. Grace & Co. and its affiliates (collectively, the "Debtors") and Los Angeles Unified School District ("Claimant"). In consideration of the matters set forth herein and under the following terms and provisions, it is hereby stipulated and agreed between the Claimant and the Debtors as follows:

1.      On April 22, 2002, this Court issued its Bar Date Order which established March 31, 2003 as the Bar Date for the filing of certain pre-petition (a) non-asbestos, (b) asbestos property damage and (c) medical monitoring claims.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

KAE 10753193.7

2.    The Claimant has filed two proofs of claim against the Debtors identified as Claim Nos. 9570 and 15247.

3.    On September 1, 2005, the Debtors filed their Fifteenth Omnibus Objection to Claims (the "15th Omnibus Objection") in which the Debtors sought to disallow and expunge Claim Nos. 9570 and 15247.

4.    Claim Nos. 9570 and 15247 relate to an unpaid obligation of the Debtors under a Settlement Agreement and Release dated May 14, 1993, and the Debtors do not contest the validity of the Claims.

5.    As a result, the Debtors agree to withdraw the objections to Claim Nos. 9570 and 15247 as set forth in the 15th Omnibus Objection.

6.    Further, claims 9570 and 15247 are essentially identical but for the Debtor against which each claim is filed. Pursuant to the Plan, the Debtors propose that as of the Effective Date (as that term is defined in the Plan), the Debtors shall be deemed consolidated under the Plan for Plan purposes. Upon confirmation, each and every claim filed against any of the Debtors shall be deemed filed against the consolidated Debtors and shall be deemed one claim against and an obligation of the deemed consolidated Debtors. As a result, the parties agree that Claim No. 9570 shall be consolidated with Claim No. 15247, Claim No. 15247 shall be disallowed and expunged from the Claims Register and Claim No. 9570 shall be the surviving Claim. Notwithstanding any other provisions herein, to the extent that the Plan or any other plan or plans of reorganization confirmed in these chapter 11 cases do (does) not provide for the substantive consolidation of the Bankruptcy Cases (for purposes of distribution on account of allowed claims), Claim No. 15247 shall be reinstated, as appropriate and Claimant shall be entitled to pursue such claim.

2

K&E 10833363

7.    Each party executing this Stipulation represents that such party has the full authority and legal power to do so.  This Stipulation may be executed in counterparts and each such counterpart together with the others shall constitute one and the same instrument.  The parties further agree that facsimile signatures hereon shall be deemed to be original signatures. This Stipulation shall be binding upon and inure to the benefit of each of the parties, and upon their respective assignees, successors and/or partners.

8.    This Stipulation constitutes the complete expression of the agreement of the parties hereto concerning the subject matter hereof, and no modification of or amendment to this Stipulation shall be valid unless it is in writing and signed by the party or parties to be charged.

9.    The Bankruptcy Court shall retain jurisdiction to enforce this Stipulation and all matters relating hereto.

10.    The Debtors shall direct the Claims Agent, Rust Consulting, Inc., to mark the Claims Register to reflect the matters set forth herein.

STIPULATED AND AGREED:

LOS ANGELES UNIFIED SCHOOL
DISTRICT

By: _____

One of its attorneys
Bernice Conn
Robbins, Kaplan, Miller and Ciresi LLP
2049 Century Park East
Suite 3700
Los Angeles, CA 90067-3211
310-552-0130

W. R. GRACE & CO., et al.

By: _____

One of their attorneys

KIRKLAND & ELLIS LLP
Michelle Browdy
Janet S. Baer
200 East Randolph Drive
Chicago, Illinois 60601-6636
Telephone:  (312) 861-2000
Facsimile:  (312) 861-2200.

-and-

PACHULSKI, STANG, ZIEHL, YOUNG,
JONES & WEINTRAUB P.C.

3

Laura Davis Jones (DE I.D. No. 2436)
James O'Neill (
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400

*Attorneys for Debtors
and Debtors-In Possession*

4

## EXHIBIT H

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

In re:                                     )        Chapter 11
                                           )
W.R. GRACE & CO., et al.,[1]               )        Case No. 01-1139 (JJF)
                                           )        (Jointly Administered)
                                           )
                        Debtors.           )

### STIPULATION CONCERNING WITHDRAWAL OF OBJECTIONS AND RECLASSIFICATION CERTAIN CLAIMS

This stipulation is entered into this 11th day of November, 2005, between W.R. Grace &

Co. and its affiliates (collectively, the "Debtors") and LaMartin Company, Inc., Paul J. Martin,

M.J.& P. LLC and P & S Associates ("Claimants"). In consideration of the matters set forth

herein and under the following terms and provisions, it is hereby stipulated and agreed between

the Claimants and the Debtors as follows:

---

1    The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.),
W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon,
Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc.,
Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC
(f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a
Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC
Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities
Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary
Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe,
Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc.
(f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace
Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W.
R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe
Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai
Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH,
Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings
Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA
Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental
Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin &
Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country
Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

KAB (072370V)

1.    On April 22, 2002, this Court issued its Bar Date Order which established March 31, 2003 as the Bar Date for the filing of certain pre-petition (a) non-asbestos, (b) asbestos property damage and (c) medical monitoring claims.

2.    The Claimants filed the following proofs of claim against the Debtors:

| Claimant Name | Claim Number |
|---|---|
| LaMartin Company, Inc. | 11311 |
| Paul J. Martin | 11310 |
| M.J.& P. LLC | 11312 |
| P & S Associates | 11309 |

3.    On September 1, 2005, the Debtors filed their Fifteenth Omnibus Objection to Claims (the "15th Omnibus Objection") in which the Debtors sought to disallow and expunge the claims set forth above (hereafter referred to as the "Listed Claims").

4.    The Debtors have discovered that although the Listed Claims were filed on asbestos property damage claim forms, the claims are not traditional asbestos property damage claims but instead are environmental claims which under the Debtors' proposed Chapter 11 Plan, dated January 13, 2005, are to be treated as general unsecured claims.

5.    As a result, the Debtors agree to withdraw the objections to the Listed Claims set forth in the 15th Omnibus Objection and reclassify those claims as environmental unsecured claims.  This withdrawal and reclassification, however, is without prejudice and the Debtors reserve their right to object to the Listed Claims on any grounds in the future upon proper notice and consistent with applicable law.

6.    Each party executing this Stipulation represents that such party has the full authority and legal power to do so.  This Stipulation may be executed in counterparts and each

2

such counterpart together with the others shall constitute one and the same instrument. The parties further agree that facsimile signatures hereon shall be deemed to be original signatures. This Stipulation shall be binding upon and inure to the benefit of each of the parties, and upon their respective assignees, successors and/or partners.

7.    This Stipulation constitutes the complete expression of the agreement of the parties hereto concerning the subject matter hereof, and no modification of or amendment to this Stipulation shall be valid unless it is in writing and signed by the party or parties to be charged.

8.    The Bankruptcy Court shall retain jurisdiction to enforce this Stipulation and all matters relating hereto.

9.    The Debtors shall direct the Claims Agent, Rust Consulting, Inc., to mark the Claims Register to reflect the matters set forth herein.

STIPULATED AND AGREED:

LAMARTIN COMPANY, INC.            W. R. GRACE & CO., et al.
PAUL J. MARTIN
M.J.&P. LLC                      By: _____
P & S ASSOCIATES
                                 One of their attorneys
By: _____
One of their attorneys

3

**DEAN & FULKERSON PC**
Richard A. Barr
Paul R. Gilleran
801 W. Big Beaver
Suite 500
Troy, MI 48084
Telephone: (248) 362-1300
Facsimile: (248) 362-1358

**KIRKLAND & ELLIS LLP**
Michelle Browdy
Janet S. Baer
200 East Randolph Drive
Chicago, Illinois 60601-6636
Telephone: (312) 861-2000
Facsimile: (312) 861-2200.

-and-

**PACHULSKI, STANG, ZIEHL, YOUNG,
JONES & WEINTRAUB P.C.**

Laura Davis Jones (DE I.D. No. 2436)
James O'Neill (DE I.D. No. 4042)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

*Attorneys for Debtors
and Debtors-in-Possession*

4

**EXHIBIT I**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JJF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

## STIPULATION CONCERNING WITHDRAWAL OF OBJECTION AND RECLASSIFICATION OF CLAIM

This stipulation is entered into this 11th day of November, 2005, between W.R. Grace &

Co. and its affiliates (collectively, the "Debtors") and Oldon Limited Partnership ("Claimant").

In consideration of the matters set forth herein and under the following terms and provisions, it is

hereby stipulated and agreed between the Claimant and the Debtors as follows:

1.    On April 22, 2002, this Court issued its Bar Date Order which established March

31, 2003 as the Bar Date for the filing of certain pre-petition (a) non-asbestos, (b) asbestos

property damage and (c) medical monitoring claims.

---

[1]    The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc., (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

2.    The Claimant filed a proof of claim against the Debtors identified as Claim No. 11310.

3.    On September 1, 2005, the Debtors filed their Fifteenth Omnibus Objection to Claims (the "15th Omnibus Objection") in which the Debtors sought to disallow and expunge Claim No. 11310.

4.    The Debtors have discovered that although Claim No. 11310 was filed on an asbestos property damage claim form, the claim is not a traditional asbestos property damage claim but instead is an environmental claim which under the Debtors' proposed Chapter 11 Plan, dated January 13, 2005, is to be treated as a general unsecured claim.

5.    As a result, the Debtors agree to withdraw the objections to Claim No. 11310 set forth in the 15th Omnibus Objection and reclassify the claim as an environmental unsecured claim. This withdrawal and reclassification, however, is without prejudice and the Debtors reserve their right to object to Claim No. 11310 on any grounds in the future upon proper notice and consistent with applicable law.

6.    Each party executing this Stipulation represents that such party has the full authority and legal power to do so. This Stipulation may be executed in counterparts and each such counterpart together with the others shall constitute one and the same instrument. The parties further agree that facsimile signatures hereon shall be deemed to be original signatures. This Stipulation shall be binding upon and inure to the benefit of each of the parties, and upon their respective assignees, successors and/or partners.

7.    This Stipulation constitutes the complete expression of the agreement of the parties hereto concerning the subject matter hereof, and no modification of or amendment to this Stipulation shall be valid unless it is in writing and signed by the party or parties to be charged.

2

8.    The Bankruptcy Court shall retain jurisdiction to enforce this Stipulation and all matters relating hereto.

9.    The Debtors shall direct the Claims Agent, Rust Consulting, Inc., to mark the Claims Register to reflect the matters set forth herein.

**STIPULATED AND AGREED:**

OLDON LIMITED PARTNERSHIP

By: _____

One of their attorneys
SHATZ SCHWARTZ AND FENTIN PC
Timothy P. Mulhern
1441 Main Street
Suite 1100
Springfield, MA  01103
Telephone: (413) 737-1131
Facsimile: (413) 736-0375

W. R. GRACE & CO., et al.

By: _____

One of their attorneys
KIRKLAND & ELLIS LLP
Michelle Browdy
Janet S. Baer
200 East Randolph Drive
Chicago, Illinois 60601-6636
Telephone:  (312) 861-2000
Facsimile:  (312) 861-2200.

-and-

PACHULSKI, STANG, ZIEHL, YOUNG,
JONES & WEINTRAUB P.C.

Laura Davis Jones (DE I.D. No. 2436)
James O'Neill (DE I.D. No. 4042)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400

*Attorneys for Debtors*
*and Debtors-in Possession*

02\1167\GraceStipReclassifyingClaim.0401

3