# EXHIBIT 1

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | Related Docket Nos. 11607, 11248, 11244, 11246 and 11247 |
| | | Re: Agenda Item No. 1 |
| | | **Hearing Date: December 19, 2005 at 12:00 p.m.** |

### DEBTORS' REPLY IN FURTHER SUPPORT OF ITS NINTH MOTION FOR AN ORDER EXTENDING EXCLUSIVITY

The various asbestos constituencies have taken the Debtors' request to further extend plan exclusivity, as an opportunity to put on the record their formal positions about the Debtors' chapter 11 cases, strategy and progress. The Responses filed are parochial and posturing rather than being candid with the Court at this critical juncture in these chapter 11 cases. The Debtors will not perpetuate this process by responding in kind. Instead, at the hearing on their Exclusivity Motion on December 19, 2005, Debtors intend to set out the state of play in detail and focus on what is needed to complete the challenges still ahead.

When you read between the lines of the Responses filed, certain things are very clear. For example, there is good news with respect to progress on plan discussions. As suggested by the PI Committee in their Response, there are presently "serious" and "substantive" discussions" ongoing with respect to a consensual plan. (docket no. 11247 ¶30) The PI Committee fails to formally acknowledge, however, that the Debtors are involved in the progress of those discussions and have been in constant contact with key asbestos constituents with regard

to those discussions for months. Without venturing too far into the details of settlement discussions, the Debtors will take the opportunity of the December 19 hearing to describe this process and set the record straight.

There are still, of course, significant (albeit _far_ more limited) obstacles that have to be addressed before a plan can be confirmed, even with consensus among the asbestos constituencies. But, as always, progress tends to be made only when the pressure is there (on all sides). The asbestos constituencies complain about the Debtors' aggressive litigation path in these cases. However, as will be outlined for the Court, it is that aggressive litigation path that has been critical to progress in these cases and (with careful direction) is exactly what is required in these cases to continue progress toward completion.

For the reasons set forth in the Debtors' Motion and as will be laid out in much more detail at the December 19 hearing, these cases are at a critical juncture and it is appropriate both for the Court to enter an Order (1) staying the present course of the cases by extending the Debtors Exclusivity as requested in its Motion and (2) setting the Plan process for a status report to the Court at the March 27, 2006 Omnibus hearing.

Dated: December 9, 2005

              KIRKLAND & ELLIS
              David M. Bernick, P.C.
              Janet S. Baer
              200 East Randolph Drive
              Chicago, Illinois 60601
              Telephone: (312) 861-2000
              Facsimile: (312) 861-2200

              and

              PACHULSKI, STANG, ZIEHL, YOUNG, JONES
              & WEINTRAUB P.C.

              */s/ James O'Neill*
              Laura Davis Jones (Bar No. 2436)
              James E. O'Neill (Bar No. 4042)
              919 North Market Street, 16th Floor
              P.O. Box 8705
              Wilmington, DE 19899-8705 (Courier 19801)
              Telephone: (302) 652-4100
              Facsimile: (302) 652-4400

              Co-counsel for Debtors and Debtors in Possession