IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| W. R. Grace & Co., et al.[1], | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | Objection Deadline: January 10, 2006 @ 4:00 pm |
| | ) | Hearing Date: January 30, 2006 @ 12:00 pm |

### ANDERSON MEMORIAL HOSPITAL'S
### MOTION FOR LIMITED RELIEF FROM AUTOMATIC STAY

1.  Claimant, Anderson Memorial Hospital, respectfully moves this Court for limited relief from the Automatic Stay provided by § 362. Specifically, Anderson seeks a narrow Order from this Court that lifts the automatic stay for the sole purpose of making a petition to the South Carolina Court of Common Pleas, the Honorable John C. Hayes, III, to unseal the record from the class certification proceedings conducted in Anderson Memorial Hospital v. W. R. Grace & Co., et al., 92-CP-25-279. If Anderson's petition were granted, it could then present the substantial record on class certification,

---

[1] The Debtors consist of the following 62 entities: W. R Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-I Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Ins., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Ins., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp, Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B 11 Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc,, Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Ins., MICA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Curving, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

including testimony and affidavits, which directly contradict the claims made by Grace to this court regarding Speights & Runyan and the Anderson proceedings in South Carolina.

2. Unsealing the record would provide this court with clear and incontrovertible evidence that the Anderson class certification issue was fully litigated before the South Carolina Court, and that Grace's claims about the South Carolina proceedings are false. Moreover, unsealing the record would allow Anderson Memorial Hospital to present significant and uncontroverted evidence that the adequacy attack that Grace previously raised in the South Carolina case (and repeats again at page 31 of its response) is utterly groundless and contradicted by a substantial body of evidence.[2]

3. Accordingly, Anderson respectfully moves for the court to enter the order attached hereto, or one similar, so that it may petition the South Carolina court to unseal the record for use in these proceedings.

DATED: December 22, 2005

Christopher D. Loizides (No. 3968)
Michael J. Joyce (No. 4563)
LOIZIDES & ASSOCIATES
1225 King Street, Suite 800
Wilmington, DE 19801
Telephone:    (302) 654-0248
Facsimile:    (302) 654-0728
E-mail:    loizides@loizides.com

Daniel A. Speights (SC Fed. ID No. 4252)
Marion C. Fairey, Jr. (SC Fed. ID No. 6101)
SPEIGHTS & RUNYAN
200 Jackson Avenue East
P.O. Box 685
Hampton, SC 29924
Telephone:    (803) 943-4444
Facsimile:    803) 943-4599

*Counsel for Anderson Memorial Hospital*

---

[2] The three (3) "Questionable practices" of Mr. Speights that Grace recites at page 31 of its response were the same accusations made by Grace in the South Carolina Court on the record that was sealed by the South Carolina Court. Not only has Grace's recitation of these allegations violated the seal order of the South Carolina Court, they are made by Grace knowing that Anderson cannot refute them based on the existing record because the as to evidence is under seal. If Anderson were permitted to unseal the record, it could produce affidavits and testimony of expert and fact witnesses (much of which could not easily obtained now), including former members of the Asbestos School litigation plaintiff's committee, a now sitting federal judge, a former assistant U. S. Attorney General, other asbestos property damage class counsel who have served with Mr. Speights, and a former candidate for the United States Senate and Chief Judge of the South Carolina Court of Appeals.