IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No. 01-1139(JKF) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | |

**AFFIDAVIT OF JON M. MOYERS**

STATE OF MONTANA )
: ss.
County of Yellowstone )

1. I, Jon M. Moyers, affiant herein, attest under oath that the following in true based upon my personal knowledge:

2. I am in-house counsel for the BNSF Railway Company and its predecessor corporations, including the Great Northern Railway Company, the Burlington Northern Railroad Company, and The Burlington Northern & Santa Fe Railway Company (collectively referred to herein as "BNSF").

A. **General Historical Background**

3. Since the operations at the Libby mine in Montana commenced in the early 1920s, vermiculite ore was transported principally by rail, beginning with the Great Northern Railway Company. The mining and loading operations were performed exclusively by W. R. Grace or its predecessor corporations, Universal Zonolite Insulation Company or Zonolite Company (collectively referred to herein as "Grace"). Ore was transported from the mine to the loading dock by the Libby suspension bridge and conveyor belt. Grace then loaded the ore onto railroad cars and it was hauled to various facilities for distribution and sale.

4.  In connection with the operations at the Libby mine, BNSF has been sued by certain of its employees and others for injuries allegedly resulting from the vermiculite mined in Libby, loaded by Grace and transported by BNSF. In these lawsuits, 114 railroad workers have sued in 32 separate lawsuits in Montana state court and in one lawsuit in the United States Bankruptcy Court for the District of Washington, and 505 non-railroad workers have sued in 80 separate lawsuits in Montana state court (inclusive of derivative claims). BNSF has prepared a spreadsheet, which is attached to this Affidavit as Exhibit A, identifying these suits. Of these, approximately 396 individual claimants are, or were, residents and/or workers of Libby and/or Lincoln County (inclusive of derivative claims).

5.  In addition, numerous additional cases have been settled by BNSF, and settlement payments have been made, without formal litigation having been brought by the individual claimants.

6.  BNSF has been informed by the various Plaintiffs' counsel that there are a substantial number of additional employee and non-employee claims for which litigation has not yet been filed. Also, there are a number of other employee and non-employee claims that are currently in litigation and relate to asbestos exposure, for which BNSF has yet to determine whether the claimants allegedly suffer from asbestos related personal injury caused by Grace's operations in Libby. BNSF anticipates that it holds in excess of 1,000 indemnification claims against Grace.

7.  Of the cases that have been filed to date against BNSF that relate to Grace's operations at Libby, only four cases were filed prior to Grace filing for bankruptcy.

8.  Because BNSF is not the claimant who is asserting the asbestos related personal injuries in these lawsuits, BNSF has very little information or documentation regarding

the extent of the alleged asbestos related personal injuries or the amount of recovery sought by the individual Plaintiffs.

## B.   Contractual Relationship Between Grace and BNSF

9. By agreement commenced in 1942, BNSF has granted Grace the exclusive license and permission to load ore onto the rail cars at the loading dock in Libby. Grace was continually obligated to maintain and keep the loading facilities in "proper, clean, safe and sanitary condition," observe and comply with "all federal, state and municipal regulations ordinances, and laws, and with the regulations of any duly constituted legal authority having jurisdiction of the said premises," and to "make any and all improvements, alterations, repairs and additions, and install all appliances required on the said premises by or under any such regulations, ordinances or laws."

10. In addition, in the 1942 Agreement, Grace expressly agreed to indemnify and hold harmless BNSF "against any and all claims, demands, expenses, costs or judgments arising from loss of or damage to property or injury to or death of persons, occurring directly or indirectly by reason of any covenant contained in this contract."

11. Thereafter, pursuant to a series of Agreements from 1950 through 1995, BNSF granted Grace licenses and permits to operate at Libby in exchange for Grace's agreement to indemnify and hold harmless BNSF from all liability, damages, recoveries, judgments, costs, expenses, or other changes or demands on account of injuries or death or damage to or destruction of property resulting from or during Grace operations. This indemnity agreement extended to cover any negligence on the part of BNSF. Grace also agreed to maintain insurance to protect BNSF against loss on account of personal injury or property damage.

## C.    BNSF's Contribution and Indemnification Claims Against Grace

12.     BNSF holds contractual and common law claims for contribution and indemnification to the extent that it is found liable to any of the asbestos related personal injury claimants who have asserted claims against BNSF relating to the operations at Libby.

13.     Grace owes BNSF an additional right of defense, or compensation for legal fees incurred by BNSF in defense of these claims. Any money owed by BNSF to its attorneys or to a Plaintiff is an express contractual obligation of Grace.

14.     BNSF also holds contribution claims against Grace under Montana law since Grace's operations at Libby may have contributed as a proximate cause of the individual Plaintiffs' injuries.

15.     Under Montana law, claims for indemnification and contribution do not accrue until liability attaches; therefore, BNSF's claims for indemnification and contribution are largely unliquidated to date, except to the extent that BNSF has settled claims prior to the date on which Grace filed for bankruptcy. To the extent that BNSF has settled and paid claims, BNSF's claims for indemnification and contribution are liquidated and fixed.

16.     The outcome of each of the actions filed against BNSF by a Plaintiff asserting asbestos related personal injury related to the operations at Libby, whether filed prior to or after Grace filed for bankruptcy and whether resolved by BNSF in advance of litigation or

resolved through litigation, will have a direct effect on Grace's estate now being administered in bankruptcy.

FURTHER YOUR AFFIANT SAYETH NOT.

DATED this 22ND day of December 2005.

_____
JON M. MOYERS

SUBSCRIBED AND SWORN TO before me this 22 day of December 2005.

_____
Notary Public for the State of Montana
Sherri Payne
(printed name)
Residing at Billings, Montana
My commission expires: January 10, 2010

-5-