# EXHIBIT C

*Executed*

# SETTLEMENT
# AGREEMENT
# WITH
# W. R. GRACE & CO. - CONN.

## SETTLEMENT AGREEMENT

The Settlement Agreement is made as of this 5th day of August, 1994, by and between W.R. Grace & Co. -- Conn. and the party plaintiffs, individually and as representatives of the plaintiff class in In re School Asbestos Litigation, Master File No. 83-0268, United States District Court for the Eastern District of Pennsylvania, acting by and through their undersigned counsel.

## DEFINITIONS

As used herein, the following terms shall have the meanings specified below:

(a)   The "Named Plaintiffs" shall mean the School District of Lancaster (Pennsylvania), the Manheim School District (Pennsylvania), the Lampeter-Strasburg School District (Pennsylvania), the Barnwell School District No. 45 (South Carolina), and the Board of Education of the Memphis City Schools (Tennessee).

(b)   The "Federal Class Action" or "Class Action" shall mean all of the individual and class actions known as In re:  Asbestos School Litigation, filed in the United States District Court for the Eastern District of Pennsylvania and

-2-

assigned Master File No. 83-0269 (E.D. Pa.), including the
actions filed by the Named Plaintiffs against, _inter alia_, W.R.
Grace & Co. -- Conn.

(c)  The "Class" or "Class Members" shall mean the
Named Plaintiffs and all members, individually and collec-
tively, of the Rule (b)(3) class certified in Order No. 20
(entered September 28, 1984) as clarified in Order No. 273
(entered December 13, 1990) in the Federal Class Action that
are not Excluded Plaintiffs, as defined below.

(d)  The "Excluded Plaintiffs" shall mean all members
of the Rule 23(b)(3) class certified in Pretrial Order No. 20
in the Federal Class Action that filed timely and valid exclu-
sion elections pursuant to the Federal Litigation Class Notice
approved in Pretrial Order No. 84 and modified in Pretrial
Order No. 90 in the Litigation or pursuant to other Orders of
the Court.

(e)  "Grace" shall mean W.R. Grace & Co., a Connecti-
cut corporation, W.R. Grace & Co., a New York corporation,
their predecessors and successors, and past and present assigns
(including the purchasers of any of their former divisions and
subsidiaries), representatives, subsidiaries, divisions, affil-
iates, parents, partnerships and partners, and all of their

-3-

officers, directors, agents, employees, insurers and attorneys, both past and present.

(f)  The "Parties" shall mean Grace, the named Plaintiffs, the Federal Class and the members thereof.

(g)  The "Asbestos-Related Property Damage Claims" shall mean all claims, demands, rights or causes of action (including all claims for punitive damages, costs, expenses or fees), present or future, known and unknown, legal or equitable, arising out of or relating to the manufacture, sale, installation or use of asbestos-containing materials friable or non-friable, including but not limited to all direct-to-steel fireproofing or acoustical products manufactured by or under license from Grace which contain asbestos, all claims relating to costs of inspection to determine whether such asbestos-containing materials are present, all claims relating to the costs of medical monitoring, except as part of a course of treatment of a person who has been injured by exposure to asbestos, and all claims of conspiracy or concert of action or any other type of shared liability for asbestos-containing materials manufactured, sold or installed by other persons, which members of the Federal Class, individually or collectively, and their predecessors or successors, transferees and assigns or any of their past or present representatives, assigns, subsidiaries,

-4-

divisions, affiliates, parents, partners, officers, directors, employees or agents, had, now have or hereinafter may have against Grace from the beginning of the world; the term Asbestos-Related Property Damage Claims shall also include all claims arising out of, or in any way related in whole or in part to facts, matters, acts of commission or omission, statements, agreements or occurrences which were or could have been asserted, alleged, described, embraced or otherwise referred to in any of the complaints and amended complaints in the Federal Class Action, provided, however, that the term does not include any rights which the Named Plaintiffs or the members of the Federal Class or Grace may have now or in the future concerning any claims for personal injury caused by asbestos or asbestos-containing building products in any class member's schools.

(h)   "Asbestos-Related Property Damage" refers to the types of damage which are the subject of the claims referred to in the preceding paragraph, regardless of the identity of the person against whom such claims are asserted.

(i)   The "Final Judgment Order" shall mean the order to be entered by the Federal Court as set forth in Paragraph 15 below.

-5-

(j)  The "Effective Date" shall mean the date follow-ing the entry of Final Judgment approving the settlement of the Federal Class Action which, by lapse of time, process of appeal, or otherwise, is no longer subject to review or appeal, including by means of a writ of certiorari.

(k)  "Plaintiffs' Class Counsel" shall mean David Berger, Esquire and Harvey S. Kronfeld, Esquire.

(l)  "Persons" includes, without limitation, any individual, corporation, partnership, firm, association or other entity.

### RECITALS

WHEREAS, certain individual and class actions known as In re: Asbestos School Litigation, Master File No. 83-0268 (E.D. Pa.), have been filed in the United States District Court for the Eastern District of Pennsylvania on behalf of a class against numerous companies including Grace, invoking the diver-sity jurisdiction of the Court pursuant to 28 U.S.C. § 1332 and such suits seek to recover for alleged property damage suffered by plaintiffs and the class as the result of the presence of asbestos-containing materials in their buildings and the alleged release and reintrainment of asbestos fibers.

-6-

WHEREAS, Grace at one time manufactured, sold and/or distributed asbestos-containing products which Plaintiffs' Class Counsel allege are friable.

WHEREAS, the Court entered Pretrial Order No. 20, dated September 28, 1984 in the Litigation, certifying a litigation class pursuant to Fed. R. Civ. P. 23(b)(3), consisting of:

> All entities which own or operate in whole or in part of any public educational facilities, as defined in Section 198(a)(10) of the elementary and Secondary Education Act of 1965, 20 U.S.C. § 2854, throughout the United States; and all entities which own or operate in whole or in part any non-public, non-profit elementary or secondary educational facilities, including entities with religious affiliations, in the United States, to the extent that such non-profit entities are owned or operated by one or more non-profit corporations or associations no part of the net earnings of which inures, or may lawfully inure, to the benefit of any private shareholder or individual.

WHEREAS, the Third Circuit Court of Appeals on May 1, 1986 upheld the certified opt-out class for compensatory damages and vacated the order for a mandatory class for punitive damages and the United States Supreme Court of October 6, 1986 denied defendants' petition for writ of certiorari seeking review of the Third Circuit's decision affirming a compensatory damages class.

-7-

WHEREAS, on July 31, 1987, the Court issued order Pretrial No. 90, authorizing the sending of a notice to the Class and advising the private schools and public school districts that they would be bound by any determination in the Federal Class Action unless they requested exclusion form the class by submitting a request for exclusion therefrom to the Clerk of the Federal District Court on or before December 1, 1987.

WHEREAS, Plaintiffs' Class Counsel have served 36,597 private schools and public school districts with the notice approved in Pretrial Order No. 90.

WHEREAS, approximately 1,333 private school and public school districts timely exercised their right to exclude themselves from participation in the litigation pursuant to Pretrial Order No. 90 and other subsequent orders of the Court.

WHEREAS, on December 13, 1990 in Pretrial Order No. 273 the Court clarified the litigation Class definition of Pretrial Order No. 20 as follows:

> All entities which own or operate in whole or in part any public educational facilities, as defined in Section 198(a)(10) of the Elementary and Second Education Act of 1965, 20 U.S.C. § 2854, throughout the United States; and all entities which own of operate in whole or in part any non-public, non-profit elementary or secondary educational facilities, including entities with religious

-8-

affiliations, in the United States, to the extent
that such non-profit corporations or associations
are owned or operated by one or more non-profit
corporations or associations no part of the net
earnings of which inures, or may lawfully inure,
to the benefit of any private shareholder or indi-
vidual and which own or operate an educational
facility which contains or contained before abate-
ment friable asbestos-containing material.

WHEREAS, Plaintiffs Class Counsel has previous repre-
sented to the Court, and to the Third Circuit, that any school
system with a building or buildings which contained, or con-
tain, friable asbestos-containing products had a claim in
excess of $10,000 and was within the Court's jurisdiction,
regardless of the amount of damages, if any, which it might
actually recover.

WHEREAS, the Plaintiffs' Class Counsel and the Named
Plaintiffs in the Federal Class Action have conducted discovery
and investigations into the facts of these cases, have made a
thorough study of the legal principles applicable to the claims
in the actions and have concluded that a class settlement with
Grace and the Class, in the amounts and in the terms herein-
after set forth, is fair, reasonable, and adequate, and is in
the best interest of the Class (the "Settlement").

WHEREAS, Grace has denied and continues to deny any
and all allegations of wrongdoing, violations of law or

breaches of duty duty or any other legal obligation express or
implied including conspiracy and/or concert of action and has
asserted and continues to assert (1) that the claims alleged in
the Class Action have no substance in fact or law, (2) that it
has meritorious defenses to such claims, (3) that is has affir-
mative defenses, (4) that the litigation class in the Class
Action should not have been certified, and (5) that Grace
should be dismissed from the litigation.

WHEREAS, Grace has nevertheless agreed to enter into
this Agreement to avoid further expense, inconvenience and the
distraction of expensive, burdensome and protracted litigation,
and to obtain total and final peace, satisfaction and protec-
tion from the Asbestos-Related Property Damage Claims by effec-
tuating a settlement with the Class.

WHEREAS, Grace currently manufactures and sells non-
asbestos-containing fireproofing and acoustical products.

WHEREAS, Grace is willing to make available purchase
credit coupons to members of the Class for their own use in
compliance with and reliance upon the provisions of 15 U.S.C.
§ 13(c).

WHEREAS, Grace is willing to make such purchase
credit coupons available which, if used to their fullest extent

-10-

by class members could potentially result in a total credit not to exceed $100,000,000.

WHEREAS, because actual usage of such purchase credits cannot be predicted, the total credit which may result could be substantially less than such potential maximum.

WHEREAS, to the best of the knowledge or information of the Plaintiffs' Class Counsel, none of the members of the Federal Class has assigned or transferred any Asbestos-Related Property Damage Claim it might have against Grace to any Third Party.

WHEREAS, certain other defendants have also entered into settlement agreements with plaintiffs, which have not yet been presented for preliminary approval and it is the intent of the parties to this agreement that in order to facilitate notification to the class, notice of this settlement will be made simultaneously with notice of those other settlements.

TERMS AND CONDITIONS

OF THE SETTLEMENT

1.    In full and complete satisfaction of the Asbestos-Related Property Damage Claims, Grace agrees to settle and compromise the claims of the Class as follows:  (A) to pay

-11-

the sums set forth in paragraph 1 of Exhibit A hereto, at the times set forth therein, to the Escrow Agents named below for the benefit of the Class (the "Cash Portion"), and (B) to issue coupons which will entitle members of the Class to purchase credits in the amount and substantially the form set forth in Exhibit B hereto, which if used to their fullest extent by each class member to whom they are issued could potentially result in a total credit of $100,000,000.

2.   After the Effective Date, plaintiffs shall pro-vide Grace with a list, in both hard copy and computer readable format, of names and addresses of the class members to receive purchase credits and the number of bags for which purchase credits will be issued to each.   Within 60 days thereafter Grace will prepare and deliver in bulk to plaintiffs' class counsel a sufficient number of blank purchase credit coupons. Plaintiffs' class counsel will cause one coupon to be issued in the name of each class member entitled thereto, setting forth the name of the class member and the number of bags for which it may receive purchase credits.   The maximum discount allowed on any bag is set forth in Exhibit B hereto.   Each time that the coupon is presented by a class member, the number of bags on which the purchase credit has been granted shall be noted by Grace on the back of the coupon.   Such coupon shall be freely

-12-

transferrable among class members, as set forth in Exhibit B.
On request of the school district to whom a coupon has been
issued, and surrender of the coupon, Grace will issue replace-
ment coupons, in an aggregate amount up to the then unused bag
credits, in the names of such other Class Members as the school
district designates.  When a class member has purchased the
number of bags for which the coupon was issued, the coupon
shall be surrendered to Grace.

3.    The amounts set forth in paragraph 1 of
Exhibit A hereto for settlement of claims of the Class, and
Exhibit A, are to be held as confidential information and not
disclosed unless, and to the extent that, in the judgment of
the General Counsel of Grace such disclosure is required by
law, and if filed, shall be filed under seal, such confidenti-
ality being subject to the approval of the Federal Court.
Notices to the Class and all documents filed with the Court
shall set forth only the aggregate cash amounts paid by all
defendants which are settling with the classes at this time, as
set forth in Exhibit E hereto, and shall not disclose the cash
amounts paid by other individual defendants.

4.    In the event Grace is declared to be in default
on the payment obligation under Grace's main revolving commer-
cial credit agreement, then Grace shall notify class counsel in

-13-

writing within ten days and, at class counsel's option, all unpaid sums under paragraph 1 shall immediately become due and owing.

5.   The Named Plaintiffs and the Class represent and warrant to Grace and acknowledge that they have entered into this Agreement only after first obtaining all the legal and professional advice which is appropriate and necessary and have determined, in their judgment, that the Class's best interests are served by entering into this agreement.  The Named Plaintiffs and the Class warrant and represent that they have agreed to this Agreement without relying on any statement or representations of Grace, other than as expressly set forth in Paragraph 30 below, or any of its agents; the Named Plaintiffs and the Class further represent and warrant to Grace that they have agreed to this Agreement solely in reliance on their own knowledge and information as to the nature, extent and duration of the damages, injuries, losses, legal rights and claims which are asserted or could have been asserted in the Actions.

6.   The Escrow Agents shall be David Berger, Esq. and Harold Berger, Esq., jointly.  In the event of the death or inability to serve of either of the Escrow Agents, Plaintiff's Class Counsel and Grace shall agree upon a substitute Escrow

-14-

Agent and failing agreement shall apply to the Court in the Class Action for the appointment thereof.

7.   The Escrow Agents shall hold the settlement amounts in escrow pending the Effective Date, and no funds shall be disbursed from escrow prior to the Effective Date, except that the Escrow Agents may with Court approval, after Grace has had an opportunity to be heard, withdraw funds from the Cash Portion to pay all reasonable costs of administration of the Cash Portion, and for all costs of Notice of this settlement to the Class, and any reasonable costs of printing, mailing, postage or other costs incurred in connection with the giving of Notice.  The cost of Notice shall be shared pro rata in proportion to the parties' cash contributions with any other class settlement for which notice is being given at the same time.  The Cash Portion shall be distributed, or otherwise used in connection with the costs, expenses or fees of this Litigation, only pursuant to and in accordance with orders of the Court.  In the event that this Settlement fails to be consummated pursuant to this Agreement or fails to secure final approval by the Court for any reason, the Cash Portion, less any such disbursements for costs of notice and administration, shall be returned to Grace.

-15-

8.   The Escrow Agents shall hold the Cash Portion (including any interest earned thereon) in escrow, subject to the control and supervision of the Court.  The Escrow Agents shall invest and reinvest the Cash Portion in United States Government securities as Plaintiffs' Class Counsel may select. Any interest earned on the Cash Portion shall become and remain a part thereof.  The Escrow Agents may from time to time apply to the Court for instructions and/or orders concerning the administration of the Cash Portion and may apply to the Internal Revenue Service for such rulings with respect thereto as they may consider appropriate.  Disbursements from the Cash Portion by the Escrow Agents will only occur upon orders of the Court permitting such disbursements, and a copy of each such order shall be served upon Plaintiffs' Class Counsel and counsel for Grace.

9.   The Cash Portion, together with any accrued interest, less any attorneys' fees and expenses awarded to counsel for the class, and the purchase credit coupons shall be distributed to the named plaintiffs and members of the Class, who establish their entitlement thereto, regardless of whether the amount they are entitled to is less than $10,000.

10.  Grace's sole liability under this agreement is limited to making such payments or granting such purchase

-16-

credits as are set forth in paragraph 1 above, and Grace shall have no further liability for Asbestos-Related Property Damage Claims to the Named Plaintiffs or the Class.  Grace shall not be liable for any costs (including the costs of notice to class members) or attorneys' fees in connection with the administration of this Agreement and the administration and distribution of the Settlement Fund, but all such costs and attorneys' fees and expenses as are approved by the Court shall be paid out of the Settlement Fund and any interest earned thereon.  The Class and its counsel shall not claim any attorneys' fees or costs from Grace.

## RELEASES

11.  On the Effective Date of this Agreement, each Named Plaintiff shall execute a Release and Covenant Not To Sue in the form of Exhibit C, and each member of the Class shall be deemed to have constructively released all asbestos-related property damage claims against Grace as if it had individually executed a Release and Covenant Not to Sue in the form of Exhibit C attached hereto and incorporated herein.  Moreover, each check payable to a class member who receives any distribution of funds pursuant to the settlement shall bear on its reverse side a legend in the form annexed hereto as Exhibit D.

-17-

Cancelled checks payable to such class members shall be deposited with the Clerk of the District Court.

12. On the Effective Date of this Agreement, and in consideration for this settlement, the Named Plaintiffs shall dismiss with prejudice any other asbestos property damage actions they may have filed against Grace, including the action known as <u>School District of Lancaster, et al</u>. v. <u>Lac d'Amiante du Quebec, Ltee, et al</u>., Court of Common Pleas of Philadelphia County, June Term 1982, Nos. 1414 and 1415.

13. Each party expressly waives any and all rights and benefits with respect to Asbestos-Related Property Damage Claims conferred upon it by the provisions of California Civil Code Section 1542 (or by similar legal provisions in other states), which provides as follows:

"A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

## NOTICE AND APPROVAL OF SETTLEMENT

14. The Named Plaintiffs and Grace shall submit this Agreement to the United States District Court for the Eastern District of Pennsylvania, pursuant to Federal Rule of Civil

-18-

Procedure 23, for the Court's approval and shall request an
Order of the Courts including the following terms:

(a)  scheduling of a settlement approval hearing to
be held as soon as practicable after the entry of such
Order but in no event longer than ninety (90) days there-
after to determine the fairness, reasonableness, and ade-
quacy of this Agreement and the Settlement, and whether it
should be approved by the Court;

(b)  directing that a class notice (the "Notice"), in
the form attached hereto as Exhibit E, be distributed by
first class mail, as soon as practicable, to the members
of the Class As Defined in Pretrial Order No. 20 advising
them of the following matters:

(i)  the limitation of the Federal Class to
schools, as defined therein, which had or have fri-
able asbestos-containing products in their buildings;

(ii)  the terms of the proposed settlements
referred to therein;

(iii)  the scheduling of a hearing for final
approval of the Agreement and Settlement;

(iv)  the rights of the members of the Class to
appear at the hearing to object to approval of the
proposed Settlement; provided that, if they choose to
appear, they must file written objections at least
fifteen (15) days prior to the hearing;

(v)  the nature of the release to be construc-
tively entered upon approval of the Agreement and
Settlement; and

(vi)  the binding effect on all members of the
Class of the judgment to be entered should the Court
approve the Agreement and Settlement; and

(c)  providing that the manner of such notice shall
constitute due and sufficient notice of the hearing to all
persons entitled to receive such notice and requiring that
proof of such notice be filed at or prior to the hearing.

-19-

15.   If the Court approves this Agreement and Settlement pursuant to Federal Rule of Civil Procedure 23(e), a judgment shall be entered by the Federal District Court in accordance with Federal Rule of Civil Procedure 54(b) in the form attached as Exhibit F hereto:

> (a)   approving the Settlement set forth in this Agreement as fair, reasonable, and adequate;

> (b)   dismissing with prejudice and without costs to any party any and all asbestos-related property damage claims against Grace and including the provisions set forth in paragraphs 18 and 19 below excepting therefrom claims for personal injuries caused by asbestos or asbestos containing building products in Class Members' Schools;

> (c)   reserving jurisdiction over all matters relating to the administration of this Agreement, including allocation and distribution of the Settlement Fund; and

> (d)   retaining jurisdiction to protect and effectuate this judgment.

16.   After the Effective Date, Grace shall have no further obligations under this Agreement, except to make the payments, and to honor the purchase credit coupons to be issued, pursuant to Paragraph 1 above.

## CONTRIBUTION AND INDEMNITY

17.   The Parties intend that Grace obtain in this Agreement total and final peace, satisfaction and protection from any liability arising from Asbestos-Related Property

-20-

Damage Claims and any and all claims for contribution or indem-
nity asserted by any Person arising from the asbestos-related
property damage claims.  The Parties further intend to obviate
the necessity and expense to Grace of continuing to appear in
and defend this litigation and of appearing in and defending
any action commenced by the Class, or any member thereof,
asserting Asbestos-Related Property Damage Claims.

18.  The Named Plaintiffs, the Class and the members
thereof shall take the following steps to bar, discharge and
release any liability on the part of Grace to any other defend-
ant for contribution and indemnity arising from the Claims:

(a)  The Named Plaintiffs, the Class, and the members
thereof shall reduce any judgment for Asbestos-Related
Property Damage they obtain against any other person by
the amount, percentage or share of such judgment attribut-
able to Grace so as to bar, discharge and release under
applicable law any claims for contribution or indemnity
against Grace arising from or related to the Claims.

(b)  In the event that the Named Plaintiffs, the
Class, or any member thereof obtains a judgment for
Asbestos-Related Property Damage against any other person
and that person obtains a judgment over, in whole or in
part, against Grace for contribution or indemnity, then
the pertinent Named Plaintiff, Class or class member will
be required to reduce or remit any judgment or portion
thereof obtained from such person by the amount of the
judgment over against Grace.

19.  Each Named Plaintiff and each member of the
Class agrees that it will not transfer or convey any building

-21-

owned by it which contains asbestos-containing products without obtaining from the transferee a covenant not to bring any asbestos-related property damage claim against Grace, provided further that any statute of limitations or repose or laches on a claim for a breach of this provision shall not begin to run until Grace receives actual notice of breach thereof. This agreement shall survive for 20 years after the Effective Date.

20. The Named Plaintiffs, the Class, and the members thereof expressly reserve all their rights and claims against non-settling defendants. This Settlement Agreement and any covenant which is executed pursuant thereto is not intended and is not to be construed as a release or dismissal by the Named Plaintiffs, the Class or their members of any claims or rights against any non-settling defendant.

## TERMINATION

21. If this Settlement Agreement is disapproved, in part or in whole, by either the Federal District Court or by any appellate court; or if dismissal of the Federal Class Action with prejudice as to Grace cannot be accomplished, or if a final judgment on the terms set forth in Paragraph 15 is not entered, or if this Settlement Agreement otherwise is not fully consummated and effected,

(a)   Except for those reserved or surviving obligations, including those contained in this Paragraph, this Settlement Agreement shall have no further force and effect and it and all negotiations and proceedings connected therewith shall be without prejudice to the rights of Grace and the Class;

(b)   The Escrow Agent shall immediately return to Grace all settlement funds and all interest or other earnings accrued thereon as provided by Paragraph 7 above; and

(c)   Plaintiffs' Class Counsel shall consent to a reasonable continuance of the Federal Class litigation for Grace to prepare and file dispositive and any other appropriate pretrial motions and prepare for trial.

22.   If the Class in the Class Action is decertified before the Effective Date of this Agreement, or if there should be a determination that the Federal District Court lacks jurisdiction over the Class, the Defendants, or Grace, this Agreement shall remain in force and effect and Plaintiffs' Class Counsel and Grace shall cooperate in good faith, use their best efforts, and take all steps necessary to implement and effectuate this Agreement and the Settlement provided for herein on behalf of a settlement class consisting of all members of the Class, including taking steps to file a settlement class action in an appropriate Federal or State court which will include all members of the Class.   In that event, a new class notice shall be required.   Costs for such notice shall be reimbursed out of the Cash Portion on the same terms and conditions set forth in Paragraph 7 of this Agreement.   If there are opt-outs

-23-

significantly different in size or greater in number than those
that opted out of the prior Class Action, Grace may, at its
sole option exercised in good faith, elect to withdraw from
this Agreement, whereupon this Agreement shall be null and
void, except as to Paragraphs 21 and 23 herein.

### USE OF THIS AGREEMENT

23.   This Agreement, the Settlement provided for
herein (whether or not consummated), and any proceedings taken
pursuant to this Agreement shall not be:

    (a)   construed by anyone for any purpose whatsoever as, or
deemed to be, evidence of a presumption, concession
or admission by Grace of the truth of any fact
alleged or the validity of any Claims, or of the
deficiency of any defense which has or could have
been asserted in the Litigation, or of any liability,
fault, or wrongdoing on the part of Grace; or

    (b)   offered or received as evidence of a presumption,
concession or an admission of any liability, fault or
wrongdoing, or referred to for any other reason by
the Class or by Plaintiffs' Class Counsel or by any
person not party to this Agreement in any other
action or proceeding other than such proceedings as
may be necessary to effectuate the provisions of this
Agreement; provided, however, that if the Settlement
is approved by the Court, plaintiffs may, subject to
Court approval, at the trial of the Class Action
against other defendants refer to the fact of the
Settlement; or

    (c)   construed by anyone for any purpose whatsoever as an
admission or concession that the Settlement Fund rep-
resents the amounts which could be or would have been
recovered after trial.

-24-

## WARRANTIES

24.   Named Plaintiffs, their counsel and counsel for the Class hereby warrant that this Agreement is entered into in good faith, that no conflicts of interest exist on their part and that in their opinion the Settlement Fund represents fair consideration for the Claims of the Class released herein.

25.   The undersigned counsel represent and warrant that they have taken all actions and have secured the consents of all persons necessary to authorize the execution of this Agreement and related documents and the performance of the acts necessary to fulfill the terms and conditions of this Agreement, and that they are fully authorized to enter into and execute this Agreement on behalf of the Parties.

## BINDING EFFECT

26.   The Parties deem this Agreement to be fair and reasonable and have arrived at this Agreement in arm's-length negotiations taking into account all relevant factors, present or potential.

27.   This Agreement shall be binding upon and inure to the benefit of each of the Parties, their predecessors and successors, and their past and present assigns (including the

-25-

purchasers of former divisions and subsidiaries), representa-
tives, subsidiaries, divisions, affiliates, parents (and sub-
sidiaries thereof), partners, partnerships, and all of their
officers, directors, agents, employees, insurers and attorneys
of the parties hereto.

28.  The Parties acknowledge that there is no ade-
quate remedy at law for breach of this Agreement and that this
Agreement is specifically enforceable.  In the event of a
breach of this Agreement, the sole and exclusive remedy of
Grace, the Named Plaintiffs, and the Class shall be to enforce
the terms hereof and in no event shall any breach revive any
Asbestos-Related Property Damage Claims released pursuant to
this Agreement.

29.  All of the Exhibits attached hereto are hereby
incorporated by reference as though fully set forth herein.

30.  This Agreement, with its Attachments, sets forth
the entire understanding of the Parties.  Any previous discus-
sions, agreements, or understandings between or among the Par-
ties regarding the subject matter herein are hereby merged into
and superseded by this Agreement.

-26-

## MODIFICATION AND EXECUTION

31.   This Agreement may not be modified or amended, nor any of its provisions waived, except in a writing executed by all signatories hereto.

32.   This Agreement may be executed in counterparts, all of which constitute a single, entire agreement.

33.   This Agreement shall become effective and binding (subject to all terms and conditions hereof) upon the Parties and their counsel when it has been executed by the undersigned counsel for the Parties.

-27-

IN WITNESS WHEREOF, each of the Parties executes this

Agreement through its duly authorized representative:


David Berger
David Berger Attorneys At Law
Class Counsel for Plaintiffs

Harvey S. Kronfeld
Law Offices of
Harvey S. Kronfeld P.C.
Class Counsel for Plaintiffs


W.R. Grace & Co.,
  a Connecticut Corporation

By Robert H. Beber
      Robert H. Beber
Executive Vice President
  & General Counsel

EXHIBIT B

(FRONT OF COUPON)

Two-Dollars and Fifty Cents ($2.50)
Per Bag Credit Toward the Purchase
of Retro-guard™ or Monokote™
<u>Acoustical Plaster Type AK-1</u>

This coupon has been issued to **[NAME OF SCHOOL]** (the "School") as part of the settlement of <u>In re Schools Asbestos Litigation</u> Master File No. 83-0628.  The School District or Authorized Transferee (as defined below) may present this coupon to any sales office of the Construction Products Division of W.R. Grace & Co., a Connecticut corporation ("Grace"), and receive a credit of two dollars and fifty cents ($2.50), towards the purchase price for each 50 lbs. bag of either (a) Retro-guard™, Grace's replacement fireproofing product; or (b) Monokote™ Acoustical Plaster Type AK-1 Grace's acoustical plaster which the school district purchases, up to a maximum of **[NUMBER OF BAGS IN WORDS]** bags.  The coupon must be presented at the time of purchase.  The purchase credit applies to the lower of (a) Grace's published list price; or (b) any generally available discounted price announced by Grace for the particular geographic region and product, provided that the resulting price to the School shall be no more than 75% of (a) or (b).  Only one (1) purchase credit may be applied to each bag purchased.  The purchase is subject to all terms, conditions and warranties which may be in effect at the time of sale.

This coupon may be freely transferred to any other member of the class certified in Pretrial Order Nos. 20 and 273 in <u>In Re School Asbestos Litigation</u>, No. 83-0268 (E.D.Pa.) who did not file a timely request for exclusion (an "Authorized Transferee"), but it may not be sold, bartered or transferred to any other persons or entities.  In order to make such a transfer, the School should contact the Construction Products Divsion of W.R. Grace & Co., 62 Whittimore Street, Cambridge, Mass. 02140, which will issue new coupon(s) to the Authorized Transferee(s).  A coupon may only be used by the School or Authorized Transferee to whom it is issued for the purchase of product to be installed in a structure to be operated for educational functions exclusively by the School or Authorized Transferee; as a condition of receiving the purchase credit, the School or Authorized Transferee upon request, may be required to submit satisfactory evidence that the product will be used in compliance herewith.  Any use of the coupon in violation of the terms hereof renders the purchase credit void and the School or Authorized Transferee liable for any purchase credit given in violation of the terms of the coupon.

-2-

This coupon shall be valid until December 31, 2004, unless otherwise extended in writing by Grace.  All orders are subject to availability of product.

(BACK OF COUPON)

REGISTER OF BAGS PURCHASED

| Date | Product | Number of Bags Purchased | Invoice Number |
|------|---------|--------------------------|----------------|
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

EXHIBIT C

## GENERAL RELEASE AND COVENANT NOT TO SUE

KNOW ALL MEN BY THESE PRESENTS, that Named Plaintiffs in the Litigation entitled In re: Asbestos School Litigation, No. 83-0268 (E.D. Pa. filed January 13, 1983) (the "Class Action"), the School District of Lancaster, the Manheim School District, the Lampeter-Strasburg School District, the Barnwell School District No. 45 and the Board of Education of the Memphis City Schools (the "Named Plaintiffs"), and all members, individually and collectively, of the Rule 23(b)(3) class certified in Order No. 20 (entered September 28, 1984), as amended by Order No. 273 (entered December 13, 1990), that have not filed timely valid exclusion elections, individually and collectively (the "Class"), on behalf of themselves and their predecessors, successors and assigns, intending to be legally bound hereby, for good and valuable consideration, the receipt of which is hereby acknowledged, do hereby absolutely, fully and forever release, relieve, remise and discharge W.R. Grace & Co., a Connecticut Corporation, and W.R. Grace & Co., a New York Corporation, and their predecessors and successors, and past and present assigns (including the purchasers of any former divisions and subsidiaries), representatives, subsidiaries, divisions, affiliates, parents (and subsidiaries thereof), partnerships and partners, and all of their officers,

-2-

directors, agents, employees, insurers, and attorneys, both past and present (hereinafter "Grace"), of and from any and all claims, demands, rights or causes of action (including all claims for punitive damages, costs, expenses or fees), present or future, known and unknown, legal or equitable, arising out of or relating to asbestos-containing materials, friable or non-friable, including but not limited to all direct-to-steel fireproofing or acoustical products manufactured by or under license from Grace which contain asbestos, all claims relating to costs of inspection to determine whether such asbestos-containing materials are present, all claims relating to the costs of medical monitoring, except as a part of a course of treatment of a person who has been injured by exposure to asbestos, and all claims of conspiracy or concert of action or any other type of shared liability for asbestos-containing materials manufactured, sold or installed by other persons, which the Named Plaintiffs or members of the Class, and their predecessors or successors, transferees and assigns or any of their past or present representatives, assigns, subsidiaries, divisions, affiliates, parents, partners, officers, directors, employees or agents, had, now have or hereinafter may have against Grace from the beginning of the world; and all claims arising out of, or in any way related, in whole or in part, to facts, matters, acts of commission or omission, statements, agreements or

-3-

occurrences which were or could have been asserted, alleged, described, embraced or otherwise referred to in any of the complaints and amended complaints in the Class Action, (the "Asbestos-Related Property Damage Claims") provided, however, that the parties reserve any rights they may have now or in the future concerning any claims for personal injury allegedly caused by asbestos or asbestos-containing building products in any class member's schools.

Each party expressly waives any and all rights and benefits conferred upon it by the provisions of California Civil Code Section 1542 (or by similar legal provisions in other states), which provides as follows:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

The Named Plaintiffs, the Class, and the members thereof, covenant and agree not to institute, maintain, collect or proceed against Grace on any Claims that arise out of, relate to, or are based upon, in whole or in part, any subject or matter covered by the release described in the paragraphs above.

-4-

The Named Plaintiffs, the Class, and the members thereof agree that they will reduce any judgment any of them may obtain against any other person for Asbestos-Related Property Damage by the amount, percentage or share of such judgment attributable to Grace so as to bar, discharge and release under applicable law any claims for contribution or indemnity against Grace arising from or related to such asbestos-related property damage claims.

In the event that any of the Named Plaintiffs, the Class, or any member thereof, obtains a judgment against any other person for Asbestos-Related Property Damage and that person obtains a judgment over, in whole or in part, against Grace for contribution or indemnity, then the pertinent Named Plaintiff, Class or class member will reduce or remit any judgment or portion thereof obtained from such person by the amount of the judgment over against Grace.

Each Named Plaintiff and each Member of the Class agrees that it will not transfer or convey any building owned by it which contains asbestos-containing products without obtaining from the transferee a covenant not to bring any Asbestos-Related Property Damage Claim against Grace, provided further that any statute of limitations or repose or laches on a claim for a breach of this provision shall not begin to run

-5-

until Grace receives actual notice of breach thereof.  This agreement shall survive for 20 years from the date hereof.

The Named Plaintiffs, the Class, the members of the Class, and Grace accept and assume the risk that if any fact or circumstance is found, suspected, or claimed hereafter to be other than or different from the facts or circumstances now believed to be true, the General Release and Covenant Not To Sue contained herein shall be and remain effective notwith-standing any such difference in any such facts or circumstances.

IN WITNESS WHEREOF, the Named Plaintiffs, the Class and the members of such Class have caused the undersigned, who are authorized to execute this General Release and Covenant Not to Sue on their behalf, to set forth their hand and seal on behalf of the Named Plaintiffs and the Class.

_____          _____
David Berger                          Harvey Kronfeld

Lead Counsel for Named-Plaintiffs and the Class


_____          _____
School District of                    Board of Education of
   Lancaster, PA                         Memphis City Schools, TN


_____          _____
Manheim School District, PA           Barnwell School District
                                         No. 45, S.C.

-6-

Lampeter-Strasburg School
District, PA

EXHIBIT D

LEGEND FOR CHECKS
ISSUED TO CLASS MEMBERS


BY NEGOTIATING THIS CHECK, THE CLASS MEMBER TO WHOM IT IS PAY-
ABLE ACKNOWLEDGES THAT IT HAS HAD THE OPPORTUNITY TO REVIEW AND
IS BOUND BY THE RELEASE OF W.R. GRACE & CO. REFERRED TO IN THE
NOTICE OF CLASS SETTLEMENT DATED _____, 1995.

(ex. e)

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

---

IN RE:    ASBESTOS SCHOOL
          LITIGATION

---

THIS DOCUMENT RELATES TO
ALL ACTIONS

---

MASTER FILE NO. 83-0268

NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION WITH DEFENDANTS UNITED STATES GYPSUM COMPANY, W.R. GRACE & CO. - CONN., BASIC, INC., ROCK WOOL MANUFACTURING CO., ASBESTOS CORP., LTD., BELL ASBESTOS CORP., LTD., ARMSTRONG WORLD INDUSTRIES, INC., UNION CARBIDE CHEMICAL AND PLASTICS COMPANY, INC., AMCHEM PRODUCTS, INC., OWENS-CORNING FIBERGLAS CORPORATION, FIBREBOARD CORP., PITTSBURGH CORNING CORP., CASSIAR MINING CORP., GAF CORP., EMPIRE-ACE INSULATION MANUFACTURING CORP., INC., ASTEN GROUP, INC., GEORGIA-PACIFIC CORP., ACandS, INC., ASBESTOSPRAY CORP., PFIZER INC. AN U.S. MINERAL PRODUCTS

This Notice is being sent to you pursuant to an Order of the United States District Court for the Eastern District of Pennsylvania, in accordance with Rule 23 of the Federal Rules of Civil Procedure.

The purpose of this Notice is to advise you:

1.   Of proposed settlements (hereafter referred to as "Proposed Settlements") with defendants United States Gypsum Company, W.R. Grace & Co. -- Conn., Basic, Inc., Rock Wool Man-ufacturing Co., Asbestos Corp., Ltd., Bell Asbestos Corp.,

-2-

Ltd., Armstrong World Industries, Inc., Union Carbide Chemical and Plastics Company, Inc., formerly Union Carbide Corporation, Amchem Products, Inc. (including the Benjamin Foster Company), Owens-Corning Fiberglas Corporation, Fibreboard Corp., Pittsburgh Corning Corp., Cassiar Mining Corp., GAF Corporation, Empire-Ace Insulation Manufacturing Corp., Inc., Asten Group, Inc., Georgia-Pacific Corp., ACandS, Inc., Asbestospray Corp., Pfizer Inc., and U.S. Mineral Products (hereafter referred to as "Settling Defendants") in the class action known as "<u>In re: Asbestos School Litigation</u>", in the United States District Court for the Eastern District of Pennsylvania, Master File No. 83-0268, as follows:  In addition to funds from previous settlements approved by the court with other defendants which now total $12,662,295.64 including interest, in these Proposed Settlements, funds totalling at least $56,507,499.99 have been or will be secured by the class from Settling Defendants listed in this Notice.  In addition, coupons, purchase credits and rebates not to exceed $154,200,000 may be received in these Settlements.  Additional funds may be received by the class from the bankruptcy actions of former defendants National Gypsum Company, Celotex Corporation, Keene Corporation and H.K. Porter, Inc.  Various class members have already received over $____ million from the Manville Property Damage Settlement

-3-

Trust.  You may be a member of the class benefiting from these Proposed Settlements.

2.  Of a settlement approval hearing relating to the Proposed Settlements.  **PLEASE READ THIS NOTICE CAREFULLY.  YOUR RIGHTS MAY BE AFFECTED BY THESE PROCEEDINGS.**

I.  <u>Description of the Litigation</u>

3.  Beginning in the calendar year 1983, three class action complaints by various school districts were filed in the United States District Court for the Eastern District of Pennsylvania ("Federal District Court") against more than 50 defendants.  These complaints have been consolidated under a caption known as "<u>In re Asbestos School Litigation</u>, Master File No. 83-0268 (Eastern District of Pennsylvania)".  The complaints in these actions seek compensatory and punitive damages as well as injunctive relief, and allege that defendants should bear the cost of inspection, testing for, identification, analysis, repair, removal, and replacement of asbestos-containing products used in school buildings.  Plaintiffs' theories of liability include theories of negligence, strict liability in tort, intentional tort, breach of warranty, restitution, concert of action, and civil conspiracy.  The defendants have vigorously defended the litigation and have denied all liability

-4-

and have raised defenses including lack of hazard, lack of privity, lack of proof of conspiracy and concert of action, lack of product identification, statute of limitations and other defenses.

4.   On September 28, 1984, the Federal District Court certified a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure (the "Class Action"), consisting of all elementary and secondary public school districts and non-profit private schools in the United States.  Thereafter the Court further limited the Class Action to such schools or school districts whose buildings contain friable asbestos-containing products.  Accordingly the "Class" was defined as follows:

> All entities which own or operate in whole or in part any public educational facilities, as defined in Section 198(a)(10) of the Elementary and Secondary Education Act of 1965, 20 U.S.C. §2854, throughout the United States; and all entities which own or operate in whole or in part any public, non-profit elementary or secondary educational facilities, including entities with religious affiliations, in the United States, to the extent that such non-profit corporations or associations are owned or operated by one or more non-profit corporations or associations no part of the net earnings of which inures, or may lawfully inure, to the benefit of any private shareholder or individual and which own or operate an educational facility which contains or contained before abatement friable asbestos-containing material.

-5-

5.  On or about September 21, 1987, pursuant to an order of the Federal District Court, you were sent a notice advising you of the certification of the Class Action and that you would be bound by any determination in the Class Action unless you requested exclusion from the class by submitting an exclusionary request form to the Clerk of the Federal District Court on or before December 1, 1987.

6.  Those schools within the class definition of the Class Action which did not timely exclude themselves are automatically members of the Class and will be bound by the Proposed Settlement described in this Notice if it is approved in accordance with the procedures discussed herein.  **YOU MAY NOT NOW OPT OUT OF THE CLASS.**

II.  <u>Proposed Class Settlements and Releases</u>

7.  The Named Plaintiffs in the Class Action, Lead Counsel ("Plaintiffs' Lead Counsel") and the Executive Committee of plaintiffs' counsel have conducted discovery and investigations into the facts of this case, have made a thorough study of the legal principles applicable to the claims in the Class Action, and have concluded that the Proposed Settlements with the Settling Defendants in the Class Action in the amount and in the terms hereinafter set forth, considered as a whole,

-6-

are fair, reasonable and adequate and are in the best interests
of the Class.

8.    Plaintiffs' Lead Counsel and Executive Committee
of plaintiffs' counsel recommended approval by the Court of the
Proposed Settlements with the Settling Defendants, considered
as a whole, as fair, reasonable and adequate and in the best
interest of the members of the Class in view (i) the risks and
costs of continuing the litigation, including appeals, as
against the Settling Defendants, (ii) the substantial valuable
benefits that will accrue under the terms of the Proposed Set-
tlements to the Class, (iii) the very substantial delay and
further proceedings required, even if the Class should prevail
on liability questions against the Settling Defendants, before
any class member would recover, and (iv) the favorable total
sum of the Proposed Settlements compared to the potential
recovery from the Settling Defendants in this class action.

9.    The Settling Defendants have agreed to enter
into the Proposed Settlements to avoid further expense, incon-
venience, and the distraction of expensive, burdensome, and
protracted litigation, and to obtain total and final peace,
satisfaction, and protection from the claims asserted.

-7-

10. The Proposed Settlements and this Notice are not to be construed as an admission of liability of any kind what-soever by the Settling Defendants. The Settling Defendants have denied and continue to deny all allegations of wrongdoing, violations of law, or breaches of duty and have asserted and continue to assert, among other things, that (i) the claims alleged in the litigation have no substance in fact or law, (ii) they have meritorious defenses that bar such claims, (iii) the Class Action should not have been certified as a class for the purpose of litigation, (iv) they should be dismissed from these actions, and (v) each class member should be required to present individual proof, among other matters, of the condition of its buildings, the absence of comparative or contributory fault, its compliance with the applicable statute of limita-tions, and its individual damages.

11. For the purposes of the Proposed Settlements, a settlement fund has been created, as described below, for the Class into which the Settlement Amounts have been and will be deposited.

III. The Settlements

12. The Settling Defendants have created a cash settlement fund in the amount of at least $56,507,499.99,

-8-

exclusive of interest, for the Class described in paragraph 4
above, a substantial part of which has been paid and the bal-
ance of which is payable in increments over the next two years.
This amount is in addition to the settlement funds obtained
previously from other defendants which now total over
$12,662,295.64 with interest.  Further funds (the amount of
which cannot currently be determined with precision) may be
received by the class from the bankruptcy actions of former
defendants National Gypsum Company, Celotex Corporation, Keene
Corporation and H.K. Porter, Inc., where class counsel is
involved on behalf of the Class, and various members of the
class have already received $_____ from the Johns Manville
Property Damage Settlement Fund, which class counsel was
involved in establishing.

13.  Settling defendant Georgia-Pacific Corporation
will pay additional funds up to $450,000 to the cash settlement
fund for the costs of maintenance and abatement of its friable
or potentially friable asbestos or asbestos-containing acousti-
cal or texture products (Kaline Acoustical Plaster and Light
(Lite) Acoustic Plaster) which are determined to be present or
to have been present in the schools or other facilities of the
Class.

-9-

14.  In addition, certain of the Settling Defendants
will issue coupons, purchase credits, or rebates, which if used
to their fullest extent by each class member to whom they are
issued could potentially result in total credits or rebates of
$154,200,000 distributed to the Class.  The overwhelming major-
ity of the coupons are freely transferable among class members
and usable over a period of up to 10 years from final court
approval of the Proposed Settlement.

15.  These coupons, purchase credits and rebates are
available for certain non-asbestos containing materials suit-
able for use by schools in areas where asbestos-containing
products have been or will be abated as well as other products
of general use in schools.  The Settlement Agreements do not
limit the class members' use of those products to replacement
purposes.  The following products are included in this program:
W.R. Grace's Retro-Guard™ and Monokote™ Acoustical Plaster Type
AK-1; United States Gypsum's Imperial Basecoat Plaster, Impe-
rial Finish Plaster, Diamond Veneer Basecoat Plaster, Diamond
Interior Finish Plaster, Diamond Interior Finish Plaster-
Sanded, Diamond Interior Finish Plaster Type F, Diamond Inte-
rior Finish Plaster Type F-Sanded, Norfolk Special Veneer Plas-
ter, Red Top Finish, Champion and Star-Gauging Plaster,
Structo-Gauge Plaster, Red Top Keene Cement, Ivory and

-10-

Snowdrift Finish Limes, Red Top Gypsum Plaster, Red Top Two
Purpose Plaster, Structo-Base Gypsum Plaster, Structo-Lite Gyp-
sum Plaster, Red Top Wood Fiber Plaster, Red Top Gauging Plas-
ter, USG Acoustical Finish, USG Moulding Plaster, Red Top
Retarder, and Red Top Accelerator; GAF Corporation's Royal Sov-
ereign Shingles, Marquis Shingles, Slateline Shingles, Timber-
line Shingles, Timberline Ultra Shingles, Ply 4, Ply 6, APP
Modified Bitumen (Ruberoid Torch (Smooth or Granule)), SBS Mod-
ified Bitumen (Ruberoid Mop), APP Plus Modified Bitumen
(Ruberoid Torch Plus), SBS Plus Modified Bitumen (Ruberoid Mop
Plus), Ruberoid 20 Modified Bitumen (Ruberoid 20), Ruberoid 30
Modified Bitumen (Ruberoid 30), Ruberoid 30 FR Modified Bitumen
(Ruberoid 30), Base Sheet (GAFGLAS #75 Base Sheet) and
Stratavent (GAFGLAS Stratavent (Vent Ply) Base Sheet (Perfo-
rated or Nailable)); and all Owens-Corning Fiberglas Corpora-
tion products.

16. The cash funds established pursuant to the Pro-
posed Settlements are being maintained in full on an
interest-bearing basis, subject only to such deductions or
expenditures as are expressly provided in the settlement agree-
ments and approved or otherwise ordered by the Court. The
funds with accrued interest are to be distributed to the class
members or otherwise as the Court may direct following final

-11-

judicial approval of the Proposed Settlements, or are to be returned to the Settling Defendants less the costs of this notice and less the costs of administration of the cash settlement fund in the event that these Proposed Settlements fail to obtain final judicial approval or are not fully consummated and effected.

17.   Subject to Court approval, Plaintiffs' Lead Counsel in the litigation shall be reimbursed and indemnified out of the fund for all expenses and costs related to this notice or incurred in the administration of the fund.

18.   Except with respect to the expense of notice or as otherwise expressly permitted by provisions of the settlement agreements and by the Court, or otherwise ordered by the Court, no distribution of the fund or the product certificates, coupons or rebates is to be made until there has been a final judicial approval of the Proposed Settlement pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, final judgments have been entered dismissing the claims of all plaintiffs and all members of the class against the Settling Defendants in the Class Action which, by lapse of time, process of appeal or otherwise, are no longer subject to review or appeal, and an Order of the Court allowing such distribution has been entered.

-12-

19. Under the terms of the Proposed Settlements, in the event that a named plaintiff or a member of the class obtains a judgment (including pursuant to a settlement agreement) for asbestos-related property damage against any person or entity who obtains a judgment over, in whole or in part, against one or more of the Settling Defendants for contribution or indemnity, then the class or the member of the class will be required to reduce any judgment or portions thereof obtained from that person or entity by the amount of the judgment over against such Settling Defendant(s).

20. The Proposed Settlements further provide that any member of the class who transfers or conveys any building which contains asbestos-containing products agrees that it will obtain from the transferee a covenant not to bring any asbestos-related property damage claim against W.R. Grace & Co. - Conn. and/or United States Gypsum Company, as set forth in their respective releases. This agreement shall survive for 20 years after the Effective Date of the settlement.

21. As noted above, a number of defendants have filed for bankruptcy and plaintiffs intend to pursue claims against some of them or against new entities established according to court-approved Plans of Reorganization. These

-13-

defendants include National Gypsum Co.; H.K. Porter, Inc.; the
Celotex Corporation; Keene Corp.; and Carey-Canada, Inc. No
recovery in this case is anticipated by plaintiffs from the
remaining defendants listed in the class action complaints,
because they were not effectively served with process, had
ceased doing business and have no continuing legal identity, or
because the Court has ordered that the claims against them be
dismissed. These defendants include: Kaiser Cement Corpora-
tion; Kaiser Gypsum Company, Inc.; Dana Corporation;
Sprayo-Flake Company; Sprayed Insulation, Inc.; Asbestos
Fibers, Inc.; Sprayon Insulation & Acoustics, Inc.; Southern
Textile Corp; and Cape Asbestos. In view of the Court's rul-
ings, class counsel does not intend to pursue further liti-
gation against those defendants.

22.   UPON ENTRY OF FINAL JUDICIAL APPROVAL OF THE
PROPOSED SETTLEMENT, FINAL RESOLUTION OF ALL APPEALS AND THE
EXPIRATION OF ALL TIMES FOR APPEAL OR TO SEEK REVIEW, EACH MEM-
BER OF THE CLASS SHALL BE DEEMED TO HAVE RELEASED ALL CLAIMS AS
IF SAID MEMBER HAD INDIVIDUALLY EXECUTED A RELEASE AND COVENANT
NOT TO SUE IN THE FORM ATTACHED AS AN EXHIBIT TO THE SETTLEMENT
AGREEMENT OF EACH DEFENDANT ON FILE WITH THE COURT.

-14-

23.  In general, these Releases release all claims whatsoever arising out of or related to friable or potentially friable asbestos-containing materials, including claims for compensatory or punitive damages, inspection and testing costs, removal or abatement costs, conspiracy or shared liability which the class member (or any predecessor or related entity) has or may have against any of the Settling Defendants (or any predecessor or related companies).  However, certain of these Releases release all claims involving any asbestos-containing material, whether or not friable.  The releases include claims of which the class member may not be currently aware.  The releases also contain provisions whose effect is to protect the Settling Defendants from claims against them by third parties for contribution to damages such third parties might be held liable to class members.  Furthermore, the releases applicable to certain defendants obligate any class member, if it trans-fers any of its buildings, to obtain an agreement from the transferee not to bring suit against those defendants regarding asbestos-containing materials in such buildings.  None of these releases, however, bar claims for any personal injuries alleg-edly due to such asbestos-containing materials.

24.  The above is only a general summary of the releases, and interested class members are referred to the

-15-

releases themselves and the respective settlement agreements, which contain all of the terms agreed upon by the respective parties and which are controlling of the rights of those parties.

V. <u>Settlement Hearing</u>

25. Pursuant to the Order of the United States District Court for the Eastern District of Pennsylvania, a Settlement Hearing will be held in Court Room 8B of the United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania at 10:00 A.M. on September 13, 1995, to determine whether the Proposed Settlements, considered as a whole, are fair, reasonable, adequate, and should be approved by the Court, and whether the Settling Defendants should be dismissed from the class action pursuant to these Proposed Settlements.

26. This Notice is given pursuant to Rule 23 of the Federal Rules of Civil Procedure. This Notice is not an expression of any opinion by the Court about the merits of any of the claims or defenses asserted by any party to the Proposed Settlements. The purpose of this Notice is to inform you of the pendency of Proposed Settlements with the Settling Defendants and of the rights you have with respect to the Proposed Settlements.

-16-

27.   At the Settlement Hearing, any member of the Class may appear in person or through counsel and be heard to the extent allowed by the Court in support of, or in opposition to, the fairness, reasonableness, and adequacy of the Proposed Settlements.   However, no party will be heard in opposition to the Proposed Settlements and no papers or briefs submitted by any such party will be accepted or considered by the Court unless on or before August 13, 1995, such party (i) files with the Clerk of the United States District Court for the Eastern District of Pennsylvania, United States District Courthouse, 601 Market Street, Philadelphia, Pennsylvania, notice of its intention to appear together with a statement that indicates a basis for such opposition and (ii) serves copies thereof and copies of any other papers or briefs it files with the Court, in person or by mail upon each of the following attorneys:

> David Berger, Esq.
> Harold Berger, Esq.
> BERGER & MONTAGUE, P.C.
> 1622 Locust Street
> Philadelphia, PA  19103

> and

> Harvey S. Kronfeld, Esq.
> LAW OFFICES OF HARVEY S. KRONFELD, P.C.
> 21 Bala Avenue
> Bala Cynwyd, PA  19004

> > Co-Lead Counsel for the
> > Named Plaintiffs and the Class

-17-

        P. Kevin Castel, Esq.
        Allen S. Joslyn, Esq.
        CAHILL GORDON & REINDEL
        80 Pine Street
        New York, New York  10005

            Attorneys for Defendant W.R. Grace & Co. -
            Conn.

        John H. Lewis, Jr., Esq.
        J. Gordon Cooney, Jr., Esq.
        MORGAN, LEWIS & BOCKIUS
        2000 One Logan Square
        Philadelphia, PA  19103

            Attorneys for Defendant United States Gypsum Co.

Any member of the Class who does not make and serve written
objections in the manner provided above shall be deemed to have
waived such objections and shall be forever foreclosed from
making any objections (by appeal or otherwise) to the Proposed
Settlements.  Any member of the Class who is satisfied with the
Proposed Settlements need not appear at the hearing.  Any mem-
ber of the Class who has filed objections to the Proposed Set-
tlements may, but need not, appear at the hearing.

V.  Examination of Pleadings

    28.  The summary of certain provisions of the Pro-
posed Settlement is not intended, and should not be construed,
as a complete statement of the Proposed Settlements or of the
Class Action.

-18-

29. For a more detailed statement of the matters involved in the Class Action, you are referred to papers on file under the caption, "In Re: Asbestos School Litigation, Master File No. 83-0268", which may be inspected during regular business hours at the Office of the Clerk of United States District Court for the Eastern District of Pennsylvania.

30. Requests for changes of address and inquiries regarding this Notice should be sent to the Lead Counsel for the Named Plaintiffs and the Class identified in Paragraph 25 herein. **PLEASE DO NOT DIRECT QUESTIONS TO THE COURT OR THE ABOVE-REFERENCED CLERK'S OFFICE.**

VI.  Attorneys' Fees and Expenses

31. Class counsel intend to apply to the United States District Court for the Eastern District of Pennsylvania for an award of counsel fees plus expenses incurred in the prosecution of the litigation as follows: _____.

MICHAEL E. KUNZ
Clerk of Court
United States District Court
for the Eastern District of
Pennsylvania

Exhibit F

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SCHOOL DISTRICT OF LANCASTER,
et al.

                       Plaintiffs,

      v.

LAKE ASBESTOS OF QUEBEC, LTD.
et al.

                    Defendants.

CIVIL ACTION NO. 83-0268

BARNWELL SCHOOL DISTRICT
NO. 45

                    Plaintiff

      v.

U.S. GYPSUM COMPANY
et al.

                    Defendants.

CIVIL ACTION NO. 83-1395

BOARD OF EDUCATION OF THE
MEMPHIS CITY SCHOOLS

                    Plaintiff,

v.

U.S. GYPSUM COMPANY
et al.

                    Defendants.

CIVIL ACTION NO. 84-2312

IN RE:     SCHOOL ASBESTOS
             LITIGATION

MASTER FILE NO. 83-0268

THIS DOCUMENT RELATES TO:
ALL ACTIONS

-2-

### FINAL JUDGMENT PURSUANT TO RULE 54(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE AS TO DEFENDANT W.R. GRACE & CO., - CONN.

Due notice having been given to the members of the class of a hearing held on _____, 199_ to determine the reasonableness, fairness and adequacy of the proposed settlements between plaintiffs and the Settling Defendants, and the Court having considered the written submissions with respect to settlements and having heard all persons appearing and requesting to be heard at the _____, 199_ hearing, and due consideration having been given to the arguments of the proponents and objectors to the proposed settlements and the Court having approved the proposed settlements, considered as a whole, as fair, reasonable and adequate, and pursuant to Rule 54(b) having expressly directed the entry of this Final Judgment as to the Settling Defendants, and having determined that there is no just reason for delay in entering this Final Judgment as to W.R. Grace & Co. - Conn., one of the settling defendants, so that the said settlements may be implemented in accordance with Rule 23 of the Federal Rules of Civil Procedure,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.   The term the "Class" as used herein shall mean those persons which the Court has found to be class members in

-3-

accordance with Rule 23 of the Federal Rules of Civil Procedure, to wit:

> All entities which own or operate in whole or in part any public educational facilities, as defined in Section 198(a)(10) of the Elementary and Second Education Act of 1965, 20 U.S.C. § 2854, throughout the United States; and all entities which own or operate in whole or in part any non-public, non-profit elementary or secondary educational facilities, including entities with religious affiliations, in the United States, to the extent that such non-profit corporations or associations are owned or operated by one or more non-profit corporations or associations no part of the net earnings of which inures, or may lawfully inure, to the benefit of any private shareholder or individual and which own or operate an educational facility which contains or contained before abatement friable asbestos-containing material, except for those persons which filed timely requests to exclude themselves from the Class.

The aforementioned list of persons excluded from the Federal Class being set forth hereto as Exhibit A.

2.    The term the "Named Plaintiffs" shall mean the School District of Lancaster (Pennsylvania), the Manheim School District (Pennsylvania), the Lampeter-Strasburg School District (Pennsylvania), the Barnwell School District No. 45 (South Carolina), and the Board of Education of the Memphis City Schools (Tennessee).

-4-

3.   "Grace" as used herein shall mean W.R. Grace & Co., a Connecticut Corporation, W.R. Grace & Co., a New York Corporation, and their predecessors, successors, assigns (including the purchasers of any of their former divisions and subsidiaries), representatives, subsidiaries, divisions, affiliates, parents, partnership and partners, and all of their officers, directors, agents, employees, insurers and attorneys, both past and present.

4.   The term the "Claims" as used herein shall mean all claims, demands, rights or causes of action (including all claims for punitive damages, costs, expenses or fees), present or future, known and unknown, legal or equitable, arising out of or relating to the manufacture, sale, installation or use of asbestos-containing materials, friable or non-friable, including but not limited to all direct-to-steel fireproofing or acoustical products manufactured by or under license from Grace, which contain asbestos, all claims relating to costs of inspection to determine whether such asbestos-containing materials are present, all claims relating to the costs of medical monitoring (except as a part of a course of treatment of a person who has been injured by exposure to asbestos), and all claims of conspiracy or concert of action or any other type of

-5-

shared liability for asbestos-containing materials manufac-
tured, sold or installed by other persons, which the Named
Plaintiffs and members of the Class, individually or collec-
tively, and their predecessors or successors, transferees and
assigns or any of their past or present representatives,
assigns, subsidiaries, divisions, affiliates, parents, part-
ners, officers, directors, employees or agents, had, now have
or hereinafter may have against Grace from the beginning of the
world; the term the "Claims" shall also include all claims
arising out of or in any way related, in whole or in part, to
facts, matters, acts of commission or omission, statements,
agreements or occurrences which were or could have been
asserted, alleged, described, embraced or otherwise referred to
in any of the complaints and amended complaints in this action,
provided, however, that the term the "Claims" does not include
any rights the Named Plaintiffs, the Class or the Settling
Defendants may have now or in the future concerning any claims
for personal injury caused by asbestos or asbestos-containing
building products in any class member's schools.

5.    The Claims of the Named Plaintiffs and of each
and every member of the Class against Grace are hereby dis-
missed with prejudice and without costs, and each member of the
Class is hereby forever barred and enjoined from instituting or

-6-

maintaining any action on, or asserting in any way the Claims
as against Grace.

6.    Grace is forever released and discharged from
any and all liability to the Named Plaintiffs and to any member
of the Class in respect to any and all Claims.

7.    In the event the Named Plaintiffs or any member
of the Class commences an action against any person or entity
for damages relating to the presence of asbestos in a building
and the person or entity, in turn, asserts a claim for contri-
bution or indemnity against Grace, then the Named Plaintiff or
member of the Class who has brought the suit shall reduce any
judgment they may obtain against any other person for asbestos-
related property Damage by the amount, percentage or share of
such judgment attributable to Grace so as to bar, discharge and
release under applicable law any claims for contribution or
indemnity against Grace.

8.    In the event that any Named Plaintiff or any
member of the Class obtains a judgment against any other person
for asbestos-related property damage and that person obtains a
judgment over, in whole or in part, against Grace for contribu-
tion or indemnity, then the Named Plaintiff or member of the
Class shall reduce or remit any judgment or portion thereof

-7-

obtained from such person by the amount of the judgment over against Grace.

9.    Any Named Plaintiff or any member of the Class who transfers or conveys any building which contains asbestos-containing products shall obtain from the transferee a covenant not to bring any asbestos-related property damage claim against Grace.  Any statute of limitations or repose or laches on a claim for a breach of this obligation shall not begin to run until Grace receives actual notice of breach thereof.  This obligation shall survive for 20 years after the Effective Date.

10.    This Court retains jurisdiction of this matter for the purposes of ascertaining that all parties perform and discharge their obligations under the settlement agreements and enforcement thereof, and for the purposes of determining challenged claims, allowing administration expenses, awarding attorneys fees and expenses, distributing each installment of the settlement fund and any other matter incident to the administration of these class actions.

11.    This Final Judgment shall be docketed and shall be the final judgment therein in each of the above-captioned actions.

-8-

Dated:   Philadelphia, PA
              , 199_


_____
Honorable James J. Giles, U.S.D.J.