THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., *et al.*,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Objection Deadline: January 10, 2006 at 4:00 p.m.**
**Hearing Date: January 30, 2006 at 2:00 p.m.**

### DEBTORS' MOTION TO STRIKE OR COMPEL FULL DISCLOSURE OF THE PROPERTY DAMAGE COMMITTEE'S PHASE I FACT WITNESSES

Debtors move to strike the fact witness portion of the PD Committee's December 8, 2005 "Initial Disclosure of Fact and Expert Witnesses Anticipated to be Called in Phase I of the Estimation" ("Witness Disclosure") or, in the alternative, to compel full and complete disclosure of the PD Committee's Phase I fact witnesses and the subjects of their testimony. The Phase I trial is a *Daubert* hearing that calls exclusively for expert testimony on the relevance and scientific reliability of the dust sampling methodology. The PD Committee's proposed fact

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

witness testimony is inadmissible and irrelevant. In support of their motion, Debtors state as follows:

1. On December 8, 2005, the PD Committee served its Witness Disclosure, which is attached hereto as Exhibit A. The Witness Disclosure does not identify any fact witnesses by name, but instead lists several extremely broad categories of fact witnesses testimony: (1) "[e]ach asbestos property damage claimant that filed a proof of claim," (2) "professionals employed or contracted by such PD claimant," (3) the RJ Lee Group employees "most knowledgeable with regard to work performed at One Liberty Center, N.Y. for Deutsch," and (4) the "Debtors, their employees, agents and independent contractors concerning the use of dust sampling, air sampling, and other methods to determine the release of asbestos fibers from the Debtors' asbestos-containing products." (Ex. A at ¶¶ 1-4)

2. The fact witness portion of the PD Committee's Witness Disclosure should be stricken because the only issues to be addressed at the Phase I *Daubert* hearing—the relevance and reliability of dust sampling—call exclusively for opinion testimony based on scientific knowledge. Under *Daubert* and its progeny, opinion testimony based on scientific, technical, or other specialized knowledge is subject to the trial court's "gatekeeping" obligation. *See Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999). If the opinion testimony overcomes the hurdles of Rule 702 of the Federal Rules of Evidence, it may be offered by "a witness qualified as an expert." *See* Fed. R. Evid. 702. It cannot come in, however, through a lay witness. *See* Fed. R. Evid. 701.

3. Indeed, the PD Committee's own experts confirm that there is no reason for fact witnesses to testify at the *Daubert* hearing. None of the Committee's four expert reports discloses reliance on fact witness testimony, even though an expert's report must contain a

DOCS_DE:113888.1

complete statement of the "basis and reasons" for the opinions to be expressed and all "data or other information considered by the witness in forming the opinions." *See* Fed. R. Civ. Pro. 26(a)(2). To the extent that the PD Committee's anticipated fact witness testimony is outside the scope of its experts' reports, such testimony is irrelevant to the issues at hand and inadmissible for that reason.

4. The Debtors' Phase I witness disclosure (Dckt. No. 9667) names only expert witnesses on the issue of dust sampling; there is no reason why the PD Committee's disclosure should be different. Although the August 29, 2005 Case Management Order (Dckt. No. 9302) contemplates Phase I fact witnesses, this Order was entered before the Court ruled that the constructive notice issue would not be heard as part of Phase I. Unlike the dust sampling issue, the constructive notice issue lends itself to fact witness testimony.

5. Finally, even if the PD Committee were permitted to call fact witnesses, its Witness Disclosure would still be improper. Taken at face value, the Disclosure is so broad that it could encompass *thousands* of fact witnesses. Rather than identifying specific fact witnesses by name, the Disclosure merely lists categories of witnesses. For example, it lists "[e]ach property damage claimant" (ostensibly including thousands of claimants for claims that have since been withdrawn, expunged, and/or that were accompanied by no dust sampling data); the "asbestos engineers", "asbestos coordinators", and "asbestos consultants" employed by each claimant; and the "[d]ebtors, their employees, agents, and independent contactors." (Ex. A at ¶¶ 1-4) Further compounding the problem, the Disclosure fails to describe the subject matters of the anticipated testimony in any meaningful way.

6. The Federal Rules of Civil Procedure explicitly recognize that "an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or

3

respond." Fed. R. Civ. Pro. 37(a)(3). The PD Committee's Witness Disclosure falls within the ambit of this rule; it is so evasive and incomplete that it handicaps Debtors' ability to prepare for the Phase I *Daubert* hearing. It does not provide the Debtors with any real information, let alone enough information to initiate the discovery or factual investigation that must precede the *Daubert* hearing.

7. For the reasons stated above, the Court should strike the fact witness portion of the PD Committee's Witness Disclosure and bar the Committee from calling fact witnesses at the Phase I *Daubert* hearing on the relevance and reliability of dust sampling. At the very least, the Court should compel full and complete disclosure of the PD Committee's Phase I fact witnesses and the subjects of their testimony and order the PD Committee to reimburse Debtors' estate for the expenses incurred in making this motion, including attorney's fees. *See* Fed. R. Civ. Pro. 37(a)(2)(A); 37(a)(4)(A) and 37(b)(2) (noting that courts "shall" require payment of reasonable expenses if a party's nondisclosure was not "substantially justified").

8. The Debtors have asked PD Committee counsel to meet and confer on this issue but thus far the parties have been unable to reach agreement.

WHEREFORE, for the forgoing reasons, Debtors respectfully request that the Court strike the fact witness portion of the PD Committee's Witness Disclosure (Ex. A at ¶¶ 1-4) and bar the Committee from calling fact witnesses at the Phase I *Daubert* hearing or, in the alternative, compel full and complete disclosure of the PD Committee's Phase I fact witnesses and the subjects of their testimony and order the PD Committee to reimburse Debtors' estate for the expenses incurred in bringing this motion, including attorney's fees.

Wilmington, Delaware
Dated: December 23, 2005

Respectfully submitted,

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Michelle H. Browdy
Janet S. Baer
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

*And*

PACHULSKI, STANG, ZIEHL, YOUNG, JONES
& WEINTRAUB, PC

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
(302) 652-4100

Co-Counsel for the Debtors and Debtors in Possession

5