IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., *et al.*,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **[Related to Docket No. 9401]** |

## CERTIFICATION OF COUNSEL REGARDING DEBTORS' PROPOSED ORDER GOVERNING PROCEDURES FOR COMPENSATING THE DISCOVERY MEDIATOR

The undersigned hereby certifies that:

1. Pursuant to United States Bankruptcy Rule 9013 and this Court's September 13, 2005 Order Appointing Mediator and Requiring Certain Action ("Mediation Order") (Docket No. 9401), W.R. Grace & Co. and its affiliated companies (collectively, "Grace" or "Debtors") respectfully request that this Court for the entry an order outlining the

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

procedure by which the Court-appointed discovery mediator, Judge Roger M. Whelan, will submit his fee application to the Court and the method by which Judge Whelan will receive compensation for his mediation services. The Debtors and the Official Committee for Asbestos Personal Injury Claimants ("PI Committee") have reached agreement with respect to this order in all respects *save one*: the manner in which Judge Whelan will be compensated for discovery disputes arising between the Debtors and individual claimants.

2. The Debtors propose, in conformity with the Court's oral order issued at the September 26, 2005, omnibus hearing, that Judge Whelan's compensation for mediating such disputes will be paid fully by the Debtors when the dispute is between the Debtors and the PI Committee and will be shared equally by the claimant and the Debtors when the dispute is between the Debtors and individual claimants, while the PI Committee's proposed order allocates all costs of such disputes to the Debtors. As the Debtors' proposed order simply memorializes the oral order made by the Court at the September 26 omnibus hearing, the Debtors respectfully request that the Court enter the Debtors' proposed order.

3. In an attempt to resolve this dispute without the Court's intervention, the Debtors and the PI Committee have brought this matter before the mediator, but have been unable to reach a resolution, and accordingly file this certification.[2] In support of this certification, Debtors state the following:

(a) In the September 13, 2005, Mediation Order, the Court appointed the mediator in the above-captioned case to mediate discovery disputes that may arise in

---

[2] The Debtors reserve the right to supplement this certification.

6

DOCS_DE:113880.1

connection with the estimation of present and future asbestos personal injury claims. During the September 26 omnibus hearing, counsel for the PI Committee raised the issue of the mediator's compensation, asking the Court for "some guidance ... as to how the Court wanted to proceed with respect to getting the mediator paid[.]" See Tr. of Hr'g at 121-22 (Sept. 26, 2005). The Court addressed the issue of how the mediator would be compensated for both his time and the expenses he incurs in mediating discovery disputes that may arise in connection with the estimation of present and future asbestos personal injury claims.

(b)     At that time, the Debtors asked for clarification concerning the source of the mediator's compensation in situations in which a discovery dispute arises between the Debtors and individual claimants. The Debtors argued that in such a case, the estate should not be solely responsible for the fees incurred as a result of the mediation of such a dispute. Tr. of Hr'g 125 (Sept. 26, 2005).

(c)     In response, the Court ruled that, in the payment of the mediator's compensation, a distinction should be drawn between fees generated in disputes between "counsel who has clients and counsel who is going to be representing the [PI] Committee." Tr. of Hr'g at 125 (Sept. 26, 2005). Specifically, the Court ordered that the mediator indicate on his fee application whether the time spent and expenses incurred in the mediation process were solely between the Committee and the Debtors or whether the time and expenses incurred involved non-party claimants. The Court went on to order that, in terms of the source of the compensation, "[i]f it's a Committee issue, then I guess the estate's going to be responsible for it. If it's an individual issue, it will have to be shared by the entities involved." Id. at 125-26 (emphasis added).

7

(d) The Court then ordered that counsel for the Debtors and counsel for the PI Committee draft a proposed order memorializing the Court's oral order made during the September 26 omnibus hearing. The Debtors assert that the attached [Proposed] Order Governing Procedures for Compensating the Discovery Mediator accurately reflects the Court's order made during the hearing.

4. Paragraph 8 of the Debtors' Proposed Order states the following:

> If a Discovery Matter or dispute identified in the Mediator's fee application is related to a dispute between Debtors and the PI Committee, then the fees and expenses shall be paid by the Debtors. If a discovery issue or dispute identified in the Mediator's fee application is related to a dispute between the Debtors and an individual claimant or individual claimants, the fees and expenses shall be paid in equal share by all parties to the mediation. If a discrete discovery issue or dispute identified in the Mediator's fee application is related to a dispute among the Debtors, an individual claimant or individual claimants, and the Committee, then the fees and expenses shall be paid in equal share by all parties to the mediation, with the Debtors responsible for the PI Committee's share.

5. The PI Committee does not disagree that the Debtors' Proposed Order reflects the Court's ruling. Rather, as the Debtors understand the PI Committee's position, the PI Committee is seeking to have the Court reconsider the ruling the Court made at the September 26 omnibus hearing.

6. For the foregoing reasons, the Debtors respectfully request that the Court enter the Proposed Order Governing Procedures for Compensating the Discovery Mediator, as drafted by the Debtors and attached hereto.

8

7. Counsel for the Debtors are available, should the Court have any questions or concerns with respect to the foregoing.

Dated: December 23, 2005

KIRKLAND & ELLIS LLP
David M. Bernick P.C.
Janet S. Baer
200 East Randolph Drive
Chicago, Illinois 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

—and—

PACHULSKI, STANG, ZIEHL, YOUNG, JONES
& WEINTRAUB P.C.

*James E. O'Neill (By SGMS 4283)*

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel to Debtors and Debtors-in-Possession

9