IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| W.R. GRACE & CO., et al., | : | Case No. 01-1139 (JKF) |
|  | : | Jointly Administered |
| Debtors-in-possession. | : |  |
|  | : | **Related Doc. Nos. 9401 & 11435** |

### SUBMISSION OF THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL-INJURY CLAIMANTS IN SUPPORT OF ITS [PROPOSED] ORDER GOVERNING PROCEDURES FOR COMPENSATING THE DISCOVERY MEDIATOR

By order entered September 13, 2005, (Docket No. 9401), the Court appointed former Judge Roger M. Whelan as discovery mediator in the above-titled case to mediate discovery disputes that may arise in connection with the estimation of present and future asbestos personal-injury claims.  Counsel for the Official Committee of Asbestos Personal-Injury Claimants ("Committee") have conferred with counsel for the debtors-in-possession in the above-titled case ("Debtors") in an attempt to reach an agreement on a form of order governing the procedures for compensating former Judge Whelan for the mediation services he will likely render.  Although complete agreement was not reached, the Debtors and the Committee have narrowed their differences.  The purpose of this submission is to apprise the Court of the key difference that remains between the form of order proposed by the Committee, a copy of which is annexed hereto as Exhibit 1, and the form of order proposed by the Debtors.  (A redline delineating the differences between the two forms of orders is annexed hereto as Exhibit 2).

The primary difference between the two proposed orders submitted by the Committee and the Debtors is the issue of whether the mediator's fees and costs should be paid entirely from the Debtors' bankruptcy estates (which is how most every professional in a chapter 11

{D0052501:1 }

reorganization is paid) or whether individual claimants, who are not even parties to the estimation proceeding, should bear a portion of the mediator's fees and costs. The Committee believes that the Debtors' estates should pay all the mediator's allowed fees and costs. Although the Court has previously expressed a preference that the mediator's fees and costs be allocated among the participants of the mediation, the Court's comments were made *sua sponte* at a status conference held on September 26, 2005. The parties never raised the issue of who should pay the mediator's fees and costs, and the issue was never briefed. The judicial comments were never expressed at a formal hearing in which the parties brought the issue of compensating the mediator to the Court for resolution.

Given this posture, the Committee believes that the issue of who pays the mediator warrants further consideration. There are principally two reasons why the Court should approve and enter the form of order proposed by the Committee, and they are as follows:

***First*, it would be unfair to force individual claimants, who are not parties to the estimation proceeding, to bear part of the mediator's compensation.** Individual asbestos claimants are not parties to this estimation proceeding, in which this Court will be estimating the *aggregate* amount of present and future asbestos personal-injury claims. The Debtors are nevertheless trying to bring individual claimants into this proceeding by pursuing individualized claims discovery, through their questionnaire to claimants. But for the Debtors' questionnaire process, it is very likely that large numbers of individual claimants would not be participating in discovery here and would thus have no need for a mediator. Since the Debtors initiated this discovery of individual claimants, it is only fair and proper that they bear the entire cost of mediating any discovery disputes with individual claimants.

Forcing individual claimants to pay part of the mediator's compensation could very well impose a sizeable cost burden that could ultimately force some claimants to relinquish any hope of receiving a meaningful distribution from this bankruptcy case. For example, if a claimant holding a modest claim of $4,000 were forced to participate in an extended mediation process, the claimant's share of the mediator's fees might make the pursuit of her claim cost-prohibitive. Claimants should not be compelled to undertake such a cost-burden, when they are not parties to the estimation and when the sole reason for participating in discovery is because the *Debtors* wanted to pursue individual claims discovery through their questionnaire. While claimants are confronted with the prospect of even more litigation costs as a result of the mediator, the Debtors are close to receiving a veritable windfall on an issue that they did not even ask the Court to rule on in the first place.

*Second*, **prior court orders entered in asbestos bankruptcy cases have at least authorized, if not required, the estate to pay all the mediator's fees and costs.** In researching this question, the Committee found three orders previously entered by this Court, which, *inter alia*, specified how mediators would be paid. Two of the orders were in Owens Corning, C.A. No. 00-3837, and the other in the Kaiser Aluminum case, C.A. No. 02-10429. Copies of these orders are annexed hereto as Exhibits 3, 4, and 5. Each of these orders authorized, if not required, the debtors to compensate the mediator. The first Owens Corning order states that "the reasonable fees and disbursements incurred by the mediator *shall be borne by the Debtors* …." Ex. 3, at 2 (emphasis added). The second Owens Corning order provides that the "Debtors" – and only the "Debtors" – are "hereby authorized to pay the reasonable fees and disbursements charged by the Mediator in connection with the mediation …." Ex. 4, at 2. The order entered in

Kaiser Aluminum similarly authorizes the debtors, and only the debtors, to compensate the mediator.  See Ex. 5, at 2.

Furthermore, on December 28, 2001, U.S. District Judge Alfred M. Wolin approved an order designating court-appointed consultants and special masters, a copy of which is annexed hereto as Exhibit 6.  According to the caption, this order was entered in five (5) asbestos-related bankruptcy cases, including W.R. Grace & Co., C.A. No. 01-1139.  The last paragraph of that order expressly states that "the fees of the Court Appointed Consultants and Special Master(s) *shall be borne by the debtors* in such manner and apportionment as this Court or the Bankruptcy Courts may hereinafter direct."  Ex. 6, at 3 (emphasis added).  Thus, there is clear and established precedent for requiring the Debtors and their estates to bear the mediator's compensation *in toto*.

Although the Committee has located only one order, entered previously in W.R. Grace, that purports to allocate the mediator's compensation between the Debtors and the claimants participating in the mediation, the circumstances surrounding this order are different, and thus distinguishable, from the estimation proceeding here.  This order, annexed hereto as Exhibit 7, pertains to an "ADR Program" established at the Debtors' request to liquidate certain prepetition non-asbestos claims.  Since the "ADR Program" pertained to the liquidation, and thus the merits, of these non-asbestos claims, the holders of those claims were proper parties in those claims proceedings.  By contrast, individual asbestos claimants are not parties to a proceeding in which the Court will be estimating the aggregate amount of present and future asbestos claims.  The only reason why the individual asbestos claimants might be involved here is that the Debtors sought to pursue individual claims discovery.  But for the Debtors' questionnaire process, it is very likely that large numbers of individual claimants would not be participating in discovery

here and thus would have no need for a mediator in the first place. The Debtors chose to pursue individual claims discovery, so it is only fair and proper that the Debtors bear the cost of mediating any discovery disputes with the individual claimants.

For all the reasons set forth above, the Committee respectfully requests that the Court approve and enter the Committee's proposed form of order governing mediator compensation. Alternatively, should the Court have any concerns regarding the Committee's proposed order, the Committee requests oral argument at the next omnibus hearing on the issue addressed herein before a final order is entered.

Dated: December 27, 2005                    Respectfully submitted,

**CAMPBELL & LEVINE, LLC**

/S/ Marla Rosoff Eskin
Marla R. Eskin (No. 2989)
Mark T. Hurford (No. 3299)
800 N. King Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 426-1900
Telefax: (302) 426-9947

**CAPLIN & DRYSDALE, CHARTERED**

Elihu Inselbuch
375 Park Avenue, 35th Floor
New York, NY 10152-3500
Telephone: (212) 319-7125
Telefax: (212) 644-6755

Peter Van N. Lockwood
Nathan D. Finch
Jeffrey A. Liesemer
One Thomas Circle, N.W.
Washington, D.C. 20005
Telephone: (202) 862-5000
Telefax: (202) 429-3301

Counsel for the Official Committee
of Asbestos Personal-Injury Claimants