# EXHIBIT 1

{D0052502:1 }

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| W.R. GRACE & CO., et al., | : | Case No. 01-1139 (JKF) |
| | : | Jointly Administered |
| Debtors-in-possession. | : | |

**[PROPOSED] ORDER GOVERNING PROCEDURES
FOR COMPENSATING THE DISCOVERY MEDIATOR**

By order entered September 13, 2005, the Court appointed former Judge Roger M. Whelan as discovery mediator in the above-titled case to mediate discovery disputes that may arise in connection with the estimation of present and future asbestos personal-injury claims. The debtors-in-possession in the above-titled case ("Debtors") and the Official Committee of Asbestos Personal-Injury Claimants ("Committee") have each proposed certain procedures for compensating the discovery mediator for his mediation services. The compensation procedures proposed by the Committee are set forth below. Having considered the proposed compensation procedures, the statements of counsel, and the entire record in this case, **IT IS ORDERED** as follows:

1. The mediator shall be compensated for his reasonable fees and for the actual and necessary expenses he incurs in connection with his mediation. The mediator's fees will be based on the actual amount of time he spends on a mediation matter, and his billing rate shall not exceed $415.00 per hour.

2. If the mediator incurs time or out-of-pocket expenses in rendering mediation services in a given calendar month, then on or before the last day of the immediately following

calendar month, the mediator shall file with the Court and serve upon the parties specified below a written billing statement that will conform with the reporting requirements set forth herein.

    3.    The mediator's billing statement shall include the following:

    (a)    A chronological itemization of services performed, including the date each service was performed, the amount of time spent in performing each service (in tenths of an hour), and a brief and general narrative description of each service performed; and

    (b)    An itemization of actual and necessary expenses incurred by the mediator. When charges are made for travel and related expenses, each travel expense (including the class of travel) and each hotel and meal expense shall be separately stated.

    4.    All itemizations of services performed and expenses incurred shall be reported or listed by each particular discovery objection, discovery-related motion, or discovery-related dispute (each such objection, motion, and dispute being a "Discovery Matter") that the mediator has mediated or with respect to which the mediator has rendered mediation services.

    5.    The mediator shall serve his written billing statement on (a) counsel for the Debtors, (b) counsel for the Committee, (c) counsel for the legal representative for future asbestos personal-injury claimants, (d) the Office of the United States Trustee, and (e) all persons or entities who participated in the Discovery Matter(s) covered in the billing statement.

    6.    If any party, person, or entity wishes to object to any aspect of the billing statement, then within 14 calendar days after service of the billing statement, such party, person, or entity shall file with the Court and serve a written objection identifying the parts of the billing statement that are being objected to and the legal or factual grounds supporting such objection. Should any timely-filed objection to the mediator's billing statement remain unresolved by the parties, persons, or entities that received notice of such statement, the Court will hear and decide

the objection at a hearing scheduled on an omnibus hearing date, which hearing shall be scheduled on no less than 14 days' written notice.  If, after hearing and deciding the timely-filed objection, the Court approves all or some of the amounts set forth in the billing statement, then such approved amounts shall be allowed as an administrative expense of the Debtors' bankruptcy estates, pursuant to 11 U.S.C. § 503(b), and the Debtors shall pay in full and in cash, from the assets of their estates, the allowed amounts to the mediator.

7. If no objection is filed and served upon expiration of the 14-day objection period, specified above, then the amounts set forth in the billing statement shall be allowed as an administrative expense of the Debtors' bankruptcy estates, pursuant to 11 U.S.C. § 503(b), without any further notice or order of this Court, and the Debtors shall pay in cash, from assets of their estates, the full amount of the billing statement to the mediator.

**IT IS SO ORDERED.**

_____
JUDITH K. FITZGERALD
United States Bankruptcy Judge

Wilmington, Delaware
December \_\_\_\_\_, 2005