# EXHIBIT 2

{D0015842:1 }

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., *et al.*,~~1~~ | ) | Case No. 01-1139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **[Related to Docket No. 9401]** |

### ORDER GOVERNING PROCEDURES
### FOR COMPENSATING THE DISCOVERY MEDIATOR

By order entered on September 13, 2005, the Court appointed former Judge Roger M. Whelan as discovery mediator in the above-titled case to mediate discovery disputes that may arise in connection with the estimation of present and future asbestos personal injury claims. ~~W. R. Grace & Co., *et al*. ("Grace" or "Debtors")~~ The debtors-in-possession in the above-titled case ("Debtors") and the Official Committee of Asbestos Personal Injury Claimants ("~~PI~~ Committee") have each proposed certain procedures for compensating the discovery mediator for his

---

[1] ~~The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.~~

{D0052533:1 } ~~{D0052533:1 }~~ ~~{D0052505:1 }~~

DOCS_DE:113880.1

mediation services.  <ins>The compensation procedures proposed by the Committee are set forth below.</ins>  Having considered the <del>issue as presented and discussed at the September 26, 2005 Omnibus Hearing and the compensation procedures proposed by counsel</del> <ins>proposed compensation procedures, the statements of counsel, and the entire record in this case</ins>, it is ORDERED as follows:

    1.    The mediator shall be compensated for his reasonable fees and for the actual and necessary expenses he incurs in connection with his mediation. The mediator's fees will be based on the actual amount of time he spends on a mediation matter, and his billing rate shall not exceed $415.00 per hour.

    2.    If the mediator incurs time or out-of-pocket expenses in rendering mediation services in a given calendar month, then on or before the last day of the immediately following calendar month, the mediator shall file with the Court and serve upon the parties specified below a written billing statement that will conform with the reporting requirements set forth herein.

    3.    The mediator's billing statement shall include the following:

    (a)    A chronological itemization of services performed, including the date each service was performed, the amount of time spent in performing each service (in tenths of an hour), and a <ins>brief and general</ins> narrative description of each service performed; and

    (b)    An itemization of actual and necessary expenses incurred by the mediator. When charges are made for travel and related expenses, each travel expense (including the class of travel) and each hotel and meal expense shall be separately stated<del>; and</del><ins>.</ins>

    <del>(c)    A notation indicating whether the service performed or expense incurred is related to a dispute between the Debtors and an individual claimant or individual claimants, or whether the service performed or expense incurred is related to a dispute between the Debtors and the PI Committee.</del>

4. ~~Each service or expense itemized pursuant to ¶ 3 shall be accompanied by a description of the particular discovery objection or discovery-related motion that the mediator has mediated in connection with that service or expense.~~ All itemizations of services performed and expenses incurred shall be reported or listed by each particular discovery objection, discovery-related motion, or discovery-related dispute (each such objection, motion, and dispute being a "Discovery Matter") that the mediator has mediated or with respect to which the mediator has rendered mediation services.

5. The mediator shall serve his written billing statement on: (a) counsel for the Debtors; (b) counsel for the ~~PI~~ Committee; (c) counsel for the legal representative for future asbestos personal injury claimants; (d) the Office of the United States Trustee; and (e) all persons or entities who participated in the ~~discovery disputes~~ Discovery Matter(s) covered in the billing statement.

6. If any party, person, or entity wishes to object to any aspect of the billing statement, then within 14 calendar days after service of the billing statement, such party, person, or entity shall file with the Court and serve a written objection ~~a written objection with the Court,~~ identifying the parts of the billing statement that are being objected to and the legal or factual grounds supporting such objection. ~~The objecting party, person, or entity shall file any objection within fourteen (14) calendar days after service of the billing statement. The objecting party, person, or entity shall also serve the objections on the parties, persons, and entities listed in ¶ 5.~~ Should any timely-filed objection to the mediator's billing statement remain unresolved by the parties, persons, or entities that received notice of the objection, the Court will hear and decide the objection at a hearing scheduled on an omnibus hearing date, which hearing shall be scheduled on no less than fourteen (14) days' written notice. If, after hearing and deciding the

<span style="color:red">timely-filed objection, the Court approves all or some of the amounts set forth in the billing statement, then such approved amounts shall be allowed as an administrative expense of the Debtors' bankruptcy estates, pursuant to 11 U.S.C. § 503(b), and the Debtors shall pay in full and in cash, from the assets of their estates, the allowed amounts to the mediator.</span>

7. If no objection is filed and served upon expiration of the fourteen-day objection period, as specified above, then the amounts set forth in the billing statement shall be allowed as an administrative expense of the Debtors' bankruptcy estates, pursuant to 11 U.S.C. § 503(b), without any further notice or order of this Court, and the Debtors shall pay in cash, from assets of their estates, ~~their respective share in accordance ¶ 8 below.~~ <span style="color:red">the full amount of the billing statement to the mediator.</span>

8. ~~If a Discovery Matter or dispute identified in the Mediator's fee application is related to a dispute between Debtors and the PI Committee, then the fees and expenses shall be paid by the Debtors. If a discovery issue or dispute identified in the Mediator's fee application is related to a dispute between the Debtors and an individual claimant or individual claimants, the fees and expenses shall be paid in equal share by all parties to the mediation. If a discrete discovery issue or dispute identified in the Mediator's fee application is related to a dispute among the Debtors, an individual claimant or individual claimants, and the Committee, then the fees and expenses shall be paid in equal share by all parties to the mediation, with the Debtors responsible for the PI Committee's share.~~

IT IS SO ORDERED.

Dated: _____, 20___

 

_____
Honorable Judith K. Fitzgerald
United States Bankruptcy Court Judge