# EXHIBIT 3

{D0015844:1 }

IN THE UNITED STATES BANKRUPTCY COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
| | : | |
| OWENS CORNING, *et al.*, | : | Case Nos. 00-3837 (JKF) |
| | : | |
| Debtors. | : | (Jointly Administered) |

**Related to Docket No. 13107**

## ORDER APPOINTING MEDIATOR *NUNC PRO TUNC* TO MAY 4, 2005 AND DIRECTING MEDIATION OF MIRAVISTA®-RELATED CLAIMS

THE COURT, having authority to appoint a mediator based on its inherent authority to require parties to submit to alternative dispute resolution mechanisms such as non-binding mediation, pursuant to 28 U.S.C. § 651(b), 11 U.S.C. § 105, and Del.Bankr.LR 9019-1 and 9019-3; and having considered the proposed mediators recommended by counsel for the Owens Corning and Fibreboard Corporation, debtors and debtors-in-possession in the above-captioned cases (the "Debtors") and counsel for the MiraVista® claimants, and the Court having found and determined that the appointment of a mediator to facilitate the resolution of the MiraVista®-related claims is in the best interest of the Debtors, their estates and creditors; it is hereby

ORDERED that, pursuant to 28 U.S.C. § 651(b), 11 U.S.C. § 105, Del.Bankr.LR 9019-1 and 9019-3, Judge Coleman F. Fannin (Ret.) is appointed as mediator in these cases (the "Mediator"), effective May 4, 2005, to facilitate the resolution of MiraVista®-related claims.

21945039v1

ORDERED that, the mediation shall proceed forthwith in these cases pursuant to the terms and conditions set forth in this Order and shall be conducted substantially in accordance with Del.Bankr.LR. 9019-1 through 9019-5 or as agreed to by the parties.

ORDERED that, the Mediator shall report periodically to the Bankruptcy Court (as may be determined by the circumstances or by future orders of the Court) on the status of the parties negotiations, provided, however, that the Mediator shall comply with Del.Bankr.LR 9019-3(d) governing confidentiality of mediation proceedings and information disclosed therein.

ORDERED that, in accordance with Del.Bankr.LR. 9019-4(e)(iii), the Mediator shall not hold or represent an interest adverse to the estate, must be a "disinterested person" within the meaning of 11 U.S.C. § 101(14), and shall not be disqualified within the meaning of 28 U.S.C. § 455 if the Mediator were a judge. In the event the Mediator learns that he is no longer qualified to serve as Mediator, he must immediately file a notice of withdrawal in accordance with the provisions of Del.Bankr.LR 9019-4(e)(iii)(B).

ORDERED that, the reasonable fees and disbursements incurred by the Mediator shall be borne by the Debtors, and shall be paid based upon a $10,000 mediation fee per day, which shall include all costs and expenses of ~~day which includes two hours of reading and research time prior to the mediation and up to eight hours of~~ hearing time on the day of the mediation ~~(any additional time beyond the eight hours will be billed at an hourly rate of $750)~~ plus a $250 case management fee per party, ~~per day as set forth more fully in the fee schedule attached as Exhibit ? to the~~ mediator, for each partial or full day of mediation. All preparation and follow-up shall be billed at an hourly rate of $750 per hour (costs and expenses included therein).

21945039v1

Affidavit of Coleman F. Fannin. To the extent this order conflicts with the fee schedule, the terms of this order shall control.

ORDERED that, the reasonable fees and disbursements incurred by the Mediator in connection with the mediation shall be paid upon the expiration of fourteen (14) calendar days without objection after filing with the Court the Mediator's billing statement reflecting the services performed. A copy of the Mediator's billing statement shall be served on the following notice parties only: counsel for (i) the Debtors, (ii) the MiraVista® Claimants, (iii) the Office of the United States Trustee, (iv) the Official Committee of Unsecured Creditors, (v) the Official Committee of Asbestos Claimants, and (vi) the Legal Representative for Future Claimants. Should any objection to the Mediator's billing statement be raised and be unresolved by the notice parties, such objection shall be determined by the Court. Absent objection to the Mediator's billing statement, the Debtors are authorized and directed to pay their portion of the Mediator's fees and expenses without further application to or order of the Court.

ORDERED that, the Debtors and counsel for the MiraVista® claimants shall have the right to terminate the mediation process and the appointment of the Mediator at any time, subject to Court approval.

ORDERED that, this Court shall retain jurisdiction to enforce the terms of this Order and adjudicate any disputes that arise under or in connection with the Order.

Dated: May 17, 2005

　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　The Honorable Judith K. Fitzgerald
　　　　　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge