# EXHIBIT 4

## IN THE UNITED STATES BANKRUPTCY COURT
## IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
| | : | |
| OWENS CORNING, *et al.*, | : | Case Nos. 00-3837 (JKF) |
| | : | |
| Debtors. | : | (Jointly Administered) |

**Related to Docket No. 13533** and 14488
**Hearing Date: January 24, 2005**
**Agenda Item No. 26**

## ORDER APPOINTING MEDIATOR *NUNC PRO TUNC* TO JANUARY 24, 2005 AND DIRECTING MEDIATION OF ASBESTOS PROPERTY DAMAGE CLAIMS

THE COURT, having authority to appoint a mediator based on its inherent authority to require parties to submit to alternative dispute resolution mechanisms such as non-binding mediation, pursuant to 28 U.S.C. § 651(b), 11 U.S.C. § 105, and Del.Bankr.LR 9019-1 and 9019-3; and having considered the Debtors' motion for case management order relating to asbestos property damage claims which contemplates the use of a mediator; and having considered the proposed mediators recommended by counsel for the Owens Corning and Fibreboard Corporation, debtors and debtors-in-possession in the above-captioned cases (the "Debtors") and certain asbestos property damage claimants (the "Asbestos Property Damage Claimants"), and having reviewed the Affidavit of Lawrence M. Watson, Jr.; and the Court having found and determined that the appointment of a mediator to facilitate the resolution of asbestos property damage claims is in the best interest of the Debtors, their estates and creditors; it is hereby

ORDERED that, pursuant to 28 U.S.C. § 651(b), 11 U.S.C. § 105, Del.Bankr.LR 9019-1 and 9019-3, Lawrence M. Watson, Jr. is appointed as mediator in these cases (the "Mediator"), effective January 24, 2005, to facilitate the resolution of asbestos property damage claims.

515795.2

ORDERED that, the mediation shall proceed forthwith in these cases pursuant to the

terms and conditions set forth in this Order and shall be conducted substantially in accordance

with Del.Bankr.LR. 9019-1 through 9019-5 or as agreed to by the parties.

ORDERED that, the Mediator shall report periodically to the Bankruptcy Court (as may

be determined by the circumstances or by future orders of the Court) on the status of the parties

negotiations, provided, however, that the Mediator shall comply with Del.Bankr.LR 9019-3(d)

governing confidentiality of mediation proceedings and information disclosed therein.

ORDERED that, in accordance with Del.Bankr.LR. 9019-4(e)(iii), the Mediator shall not

hold or represent an interest adverse to the estate, must be a "disinterested person" within the

meaning of 11 U.S.C. § 101(14), and shall not be disqualified within the meaning of 28 U.S.C. §

455 if the Mediator were a judge. In the event the Mediator learns that he is no longer qualified

to serve as Mediator, he must immediately file a notice of withdrawal in accordance with the

provisions of Del.Bankr.LR 9019-4(e)(iii)(B).

ORDERED that, the Debtors are hereby authorized to pay the reasonable fees and

disbursements charged by the Mediator in connection with the mediation, and such fees and

disbursements shall be paid based upon an hourly billing rate of $500, plus out-of-pocket costs

along with an administrative fee assessed at a value of one hour, for all time incurred by the

Mediator in preparation for the mediation.

ORDERED that, the reasonable fees and disbursements incurred in connection with the

mediation shall be paid upon the expiration of fourteen (14) calendar days without objection after

filing with the Court the Mediator's billing statement reflecting the services performed. A copy

of the Mediator's billing statement shall be served on the following notice parties only: counsel

for (i) the Debtors, (ii) the Asbestos Property Damage Claimants, (iii) the Office of the United

States Trustee, (iv) the Official Committee of Unsecured Creditors, (v) the Official Committee of Asbestos Claimants, and (vi) the Legal Representative for Future Claimants. Should any objection to the Mediator's billing statement be raised and be unresolved by the notice parties, such objection shall be determined by the Court. Absent objection to the Mediator's billing statement, the Debtors are authorized and directed to pay the Mediator's fees and expenses without further application to or order of the Court.

ORDERED that, the Debtors and the Asbestos Property Damage Claimants shall have the right to terminate the mediation process and the appointment of the Mediator at any time, subject to Court approval.

ORDERED that, this Court shall retain jurisdiction to enforce the terms of this Order and adjudicate any disputes that arise under or in connection with the Order.

Dated: February 22 2005

Judith K. Fitzgerald
rmab
_____
The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge