# EXHIBIT 7

{D0015845:1 }

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | Re: Docket No. 6933 and |
| | | 12/20/04 Agenda Item 5 |

## ORDER AUTHORIZING THE APPOINTMENT OF RAYMOND G. THIEME, JR. AS THE MEDIATOR FOR THE DEBTORS' ADR PROGRAM

Upon the motion (the "Motion")[2] of the above captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order authorizing the appointment of Raymond G. Thieme, Jr. as the Mediator for the Debtors' ADR Program; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

§ 157(b)(2); and it appearing that venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the ADR Motion having been given; and after due deliberation and it appearing that sufficient cause exists for granting the requested relief and that the relief requested under the Motion is in the best interests of the Debtors' estates and creditors; it is hereby:

ORDERED that Raymond G. Thieme, Jr. is appointed as the Mediator in the ADR Program; and it is further

ORDERED that the Mediator shall be retained under the following terms:

a.  *Compensation* - Compensation for each Mediation, including professional fees and reimbursement of expenses, shall be payable to the Mediator and his professionals equally by the Debtors and the respective ADR Claimant, and the Debtors and a respective ADR Claimant shall be jointly and severally liable for amounts owed on account of their respective Mediation(s). Any such payment by the Debtors shall also be subject to approval by the Court, consistent with the treatment afforded to other professionals in these chapter 11 cases pursuant to the Amended Interim Compensation Order, applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the United States Trustee Guidelines for Fees and Disbursements for Professional and the Local Rules of Bankruptcy Procedure in the District of Delaware. Specifically, Raymond G. Thieme, Jr.'s professional fees will be $300/hr, which is consistent with his fees for performing similar services in other cases.

b.  *Removal of the Mediator* - The Mediator may be removed or replaced at any time by the entry of an order of this Court, either on its own motion or on a motion by a party-in-interest.

2

c. ***Liability and Indemnity of the Mediator*** - The Mediator shall not be liable for any damages, or have any obligations other than the duties prescribed in the order of appointment; provided, however, that nothing shall relieve the Mediator from liability arising out of his willful misconduct or gross negligence. The Mediator shall not be liable to any person as a result of any action or omission taken or made by the Mediator in good faith The Debtors and the respective ADR Claimant shall equally indemnify, defend (and shall be jointly and severally liable for any such indemnification and/or defense), and hold the Mediator harmless from any claims by any party against the Mediator arising out of or relating to the performance of his duties as mediator, <u>provided, however</u>, that the Mediator shall not have such indemnification rights if a court of competent jurisdiction determines pursuant to a final and non-appealable order that the Mediator is liable upon such claim as a result of willful misconduct or gross negligence. If, before the earlier of: (i) the entry of an order confirming a chapter 11 plan in these Chapter 11 Cases (that order having become a final order and no longer subject to appeal), and (ii) entry of an order closing these chapter 11 cases, the Mediator believes that he is entitled to payment for any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under this Order, including without limitation the advancement of defense costs, the Mediator must file an application therefore in this Court, and the Debtors may not pay any such amounts to the Mediator before the entry of an order by this Court approving the payment. The preceding sentence is intended to specify the period of time under which this Court shall have the jurisdiction over any request for fees and expenses by the Mediator for indemnification, contribution or reimbursement and is not a limitation on the duration of

3

the Debtors' obligation to indemnify the Mediator. In the event that a cause of action is asserted against the Mediator arising out of or relating to the performance of his duties as Mediator, the Mediator shall have the right to choose his own counsel; and it is further

ORDERED that the nothing in this Order shall be interpreted as precluding the Debtors from seeking the appointment of additional Mediators at any later time; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from or relating to this Order, which is final.

Dated: December 20, 2004

*Judith K. Fitzgerald* /reb
The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

4

91100-001\DOCS_DE:102614.1