UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

```
IN RE:                        . Case No.  01-1139 (JFK)
                              .
                              .
  W.R. GRACE & CO.,           . Courtroom A, 54th Floor
                              . U.S. Steel Tower
                              . Pittsburgh, PA
                Debtor.       .
                              . December 12, 2005
. . . . . . . . . . . . . . . . 9:31 a.m.
```

TRANSCRIPT OF HEARING
BEFORE HONORABLE JUDITH K. FITZGERALD
UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

For the Debtors:              Kirkland & Ellis LLP
                              By:  MICHELLE H. BROWDY, ESQ.
                                   JANET BAER, ESQ.
                              200 East Randolph Drive
                              Chicago, Illinois  60601

Audio Operator:               Cathy Younker

Proceedings recorded by electronic sound recording, transcript
produced by transcription service.

_____

**J&J COURT TRANSCRIBERS, INC.**
**268 Evergreen Avenue**
**Hamilton, New Jersey 08619**
**E-mail:  jjcourt@optonline.net**

**(609) 586-2311  Fax No.  (609) 587-3599**

APPEARANCES (Cont'd.):

For the P.D. Committee:          Bilzin Sumberg Baena Price &
                                 Axelrod LLP
                                 By:  JAY SAKALO, ESQ.
                                      SCOTT BAENA, ESQ.
                                 200 South Biscayne Boulevard
                                 Suite 2500
                                 Miami, Florida  33131

1          THE COURT:  Let me call the case, Cathy.  We might as

2  well get that part done.  This is the matter of W.R. Grace,

3  bankruptcy number 01-1139.  This was a telephonic hearing

4  regarding certain scheduling issues.  Frankly, I don't really

5  know what this is all about, so will those of you who are on

6  the phone enter your appearances, please?

7          MR. BAENA:  May it please the Court, Scott Baena and

8  Jay Sakalo on behalf of the Asbestos Property Damage Claimants

9  Committee, Your Honor.  Good morning.

10          MS. BAER:  Good morning, Your Honor.  Janet Baer from

11  Kirkland and Ellis on behalf of the debtors.

12          THE COURT:  And is Ms. Browdy going to participate?

13          MS. BAER:  Yes, Your Honor.  In fact, Mr. Baena and I

14  were on a conference with her a little while ago, and she is,

15  in fact, planning on participating, was, in fact, going to lead

16  the discussion, which is why I had asked if we'd wait one more

17  moment.  She's usually extremely timely.

18          MS. BROWDY:  Michelle Browdy.

19          MS. BAER:  Oh, there she is.  Michelle, we're on the

20  phone with the Judge in the courtroom.  Scott and Jay are

21  already on the line.

22          MS. BROWDY:  Oh, okay.  I apologize if I'm late.  I

23  had my watch at 8:30.

24          THE COURT:  That's fine, Ms. Browdy.  Okay.  I just,

25  as you know, got back from vacation this morning, and I haven't

1  seen any motions.  I don't know what this is about, so how

2  about filling me in, and we'll go from there?

3       MS. BROWDY:  Thanks, Your Honor.  Michelle Browdy on

4  behalf of the debtors.  Very briefly, we filed in early

5  September our omnibus objection substantive to all property

6  damage claims.  We got the responses on October 24th I believe

7  it was, and the question now is the scheduling order setting up

8  our reply, the P.D. claimants surreply, and the hearings on it.

9  The hearings have been already set for January 24th and 26th.

10 I believe we have the full day with you, and the two sides are

11 very close I think to the details of the scheduling order, but

12 we have one substantive disagreement that we need some guidance

13 on.

14      And specifically -- and I'll frame the issue, and I'm

15 confident that Mr. Baena will correct me if I'm wrong.  But

16 that essentially if you went back a year or so, the Court

17 provided the gateway objection process.  I believe that order

18 was perhaps from July, 2004 or so.  When the case management

19 order on objections went into effect, by then we had a better

20 handle on the claims, and essentially the Court permitted us to

21 raise all objections, and that is, in fact, what the 15th

22 omnibus does.

23      It raises all objections, and our understanding from

24 the last time we had a hearing on this was that to tee up those

25 objections for hearing, we're going to get basically two bites

1  at the apple.  You don't want claimants having to come in

2  multiple times over and over and over again.  So what we've

3  attempted to do is to tee up what we think are the simple

4  objections right, now not going to require much evidentiary

5  basis, wouldn't require any testimony and the like, and we'll

6  leave the rest for later.

7         Mr. Baena is of the view -- the P.D. Committee is of

8  the view that we'll get two bites at the apple, but one is for

9  all gateway objections, and one is for all substantive

10 objections.  So that is if we raise one gateway objection now,

11 we have to raise all gateway objections now, and that's really

12 the dispute.

13        THE COURT:  Okay.  Well, based on the fact that I'm

14 not totally sure what are going to be considered gateway and

15 what are going to be considered substantive, I at this point

16 don't really have much of a view about how this is going to

17 make it easier for the claimants to come in.  The debtor is

18 going to be here anyway.

19        I think the issue really is making it most convenient

20 for the claimants, so how do we do that and keep some logical

21 progression to dealing with these claims in place?

22        MS. BROWDY:  And I think what you'll see when we

23 submitted the proposed scheduling order, we've attached an

24 agenda of how these claims should be heard, and in point of

25 fact, it actually is rather interesting.  I think it was

1  because we tried to tee up only these most basic and simple

2  objections that other than the Spites and Runyon claims, there

3  are only about I would say 10 to 15 claimants or their counsel

4  who would have to come in in January, because in total I

5  believe there were only 17 traditional property damage claims

6  that we're teeing up that aren't the Spites and Runyon claims.

7           For the non-traditional claims, about a hundred are

8  teed up, but it's only 50 are represented by one counsel, 50

9  are represented by another, and it's just one substantive legal

10  argument for both.  So we think this -- and then, of course,

11  all the rest are the Spites objections.  So we think this is a

12  minimal inconvenience, and it's really a very logical way to

13  proceed.

14           THE COURT:  Okay.  Mr. Baena.

15           MR. BAENA:  Yes, Your Honor.  Thank you very much,

16  and I do hope you had a pleasant vacation.  Back to the cold

17  and back to the reality with the Grace case I guess at this

18  point.

19           THE COURT:  Unfortunately, there is some benefit to

20  living in Florida.

21           MR. BAENA:  About three months a year at this point,

22  Judge.  Your Honor, I think Ms. Browdy actually fairly

23  summarized our position, and I don't want to sound like a

24  broken record, but I am a broken record.  The debtors obtained

25  leave of the Court to change the usual process for objecting to

1 claims through this notion of gateway objections, and when they

2 did so, they said, Judge, let us get those out of the way

3 before we are required to go forward with substantive

4 objections.

5      The Court approved that, thought that it was sensible

6 from both the perspective of the debtors and the claimants to

7 do it that way, and now what we see is that the debtors really

8 are receding from that. Based upon their own characterization

9 of what's easy to -- what are less complicated objections

10 versus what they perceive to be more complicated objections,

11 they'd like to do this mix and match which deviates from the

12 original plan, which everybody understood, maybe objected to,

13 but everybody understood. We were going to have the gateway

14 objections, then we were going to have the substantive

15 objections.

16      The last time we were before you I complained about

17 the last duration of this order on that very basis. While

18 they've tailored the extent of the hearings that they wish to

19 tee up at this point in time, they haven't changed their view.

20 And, in fact, I think they took advantage of what the Court

21 said at the last hearing about two bites at the apple, and

22 they're now doing this mix and match. We can have a gateway

23 this time, a gateway next time. We can have a substantive this

24 time and a substantive the next time as long as we don't have

25 more than two hearings.

1          But that wasn't the point.  The point was one hearing

2   on gateways, one hearing on substantives, and that's all she

3   wrote.

4          MS. BROWDY:  And, Your Honor, if I may respond

5   briefly, the notion that the gateway is the be all and end all

6   I think is an old view of things.  As I mentioned, I believe

7   that order was entered in 2004, but when we got the case

8   management order entered to go forward in August of 2005, the

9   Court expressly permitted us to raise all objections.  So the

10  notion that gateway should be treated differently I think is

11  kind of a stale view.

12         And what's most important here I believe -- and this

13  is my second point -- is that we're trying to do this in an

14  efficient way not only for the parties but for the Court, and

15  the kind of things that we're trying to tee up now, we talk

16  about things that would require minimal or no evidentiary

17  basis.  It's things like you have a claim, and you didn't tell

18  us what state the property's in.  You're trying to press a

19  claim, and you haven't signed the form.  You have a building

20  that was built, you know, in the late seventies, and we stopped

21  selling product ten years before that.  Again, very easy

22  things.

23         If we are forced to tee up all gateway objections

24  now.  That includes, for example, statute of limitations.  That

25  is a -- was identified as one of the gateway objections.  Well,

1  that's going to get into an enormous factual evidentiary

2  dispute.  Who knew what when?  As the P.D. Committee knows, we

3  had submitted on the constructive notice side on statute of

4  limitations, you know, an expert report of more than a hundred

5  pages identifying thousands of articles there, and you're going

6  to have hundreds who are saying I knew this.  You knew that.

7  We didn't have this information.

8          If we're forced to raise all gateway objections now,

9  it'll entirely bog down the system as versus again the way we

10 proposed to do it, which is let's do one simple hearing now and

11 when things -- whatever is left, we think these are going to be

12 dispositive of these claims.  But if there are things left that

13 are going to require a detailed evidentiary basis, we'll do it

14 later.  And that's really in the best interest not only of the

15 debtors but of the claimants.

16         THE COURT:  Well, I guess I'm a little confused.  I

17 thought the debtor wanted to do gateway objections that

18 basically would take the same issue and apply it unilaterally

19 to all claims as to which the debtor had the same gateway

20 objection.  Now, if you want to pick and choose, so that you're

21 going to file all objections against specific claimants, and

22 you want the claimants to come in to defend all of the

23 objections that you have, the one set of claims, okay.  I mean

24 that's the traditional way to do it.  I don't have any problem

25 with that.  But if you want to tee the gateways up, so that you

1  -- because you think the gateway objections will be dispositive

2  of, you know -- I'll call them more than one claim just to pick

3  a number.

4          Let's say ten claims that are filed.  Then I think

5  you can do gateways.  But I don't think -- I never understood

6  that what the debtor intended to do was take some gateway

7  objections and some substantive objections as to one set of

8  claims, and if you lose on that basis, then take another set of

9  objections against the same claims.  I thought the object was

10 that the gateways, in the debtor's view, should eliminate the

11 claim, and if it doesn't eliminate the claim, then you'll deal

12 with it on the merits one time.  So I'm not sure where in the

13 process I'm losing track of what you're intending to do.

14          MS. BROWDY:  Here's what we've proposed to tee up,

15 and I wonder if it might make sense to reschedule the hearing

16 for after you've had a chance to look at our proposed form of

17 order.  But there are a handful of objections that we now are

18 proposing to tee up for all claims.  For example, previously

19 settled or adjudicated claims, claims that are missing basic

20 information like what state, what street address, what kind of

21 building, buildings that were built after '73.

22          THE COURT:  Okay, so those are the gateway

23 objections --

24          MS. BROWDY:  Right.  Well --

25          THE COURT:  -- that you're going to tee up as to

1  anybody who falls within that kind of a gateway objection.

2  You're going to tee that up for all of those claims in one

3  hearing.

4        MS. BROWDY:  Yes and no, and the no part is there are

5  additional gateway objections like statute of limitations, and

6  once you start talking about statute of limitations, you're

7  talking about a detailed evidentiary record that, quite

8  honestly, we think will be pretty difficult for the claimants

9  and the Court and actually for the debtors to have heard in

10 January.  So we are trying to tee up gateway -- certain gateway

11 objections -- the easy gateway objections but to all claims

12 that are affected by those.

13       THE COURT:  Okay.  Well, I don't have a problem with

14 your teeing up the gateway objections that you think will not

15 require an evidentiary hearing as to anybody that the debtor

16 believes falls within that category of objection, because the

17 purpose of the gateways is to try to get yourself down to a

18 manageable claims pool if, in fact, you're successful on the

19 gateway objections, because there's some, you know, easy way,

20 from the debtor's point of view I suppose, of disposing of a

21 claim, because they can't -- the claimant that is can't produce

22 proof that, in fact, they have a claim against the estate, and

23 it can be done without an evidentiary hearing.  That's fine.

24 That's the purpose I think of doing -- of handling gateway

25 objections.  So I don't have any difficulty with that.

1          I guess the question is the next step.  What if you

2   lose a gateway objection as to any claimant?  What happens next

3   as to that specific claimant?

4          MS. BROWDY:  I think they're still in the pool of --

5   we haven't gotten rid of them, obviously.  They're still in the

6   pool.  They'll be part of the estimation process, and I expect

7   that, you know, some of the decisions made through estimation

8   may be dispositive of them.  For example, if statute of

9   limitations is later dealt with as part of the estimation

10  process, or perhaps we'll have to tee up another merits-based

11  objections later, but again the understanding is we understand

12  what the Court has said that we can't just keep doing it in

13  little dribs and drabs.

14         It's going to be one bite at the apple later with

15  rare exceptions, for example, I think the Court said, you know,

16  statute of limitations on California claims or something like

17  that.  But I do not anticipate continuing to do a bunch of

18  small batches.  We're going to have to push it back as part of

19  the estimation I expect, or as to one evidentiary-type hearing

20  later down the road.

21         THE COURT:  Okay, so I guess I'm still not clear what

22  the dispute is.  It sounds as though -- I guess, Mr. Baena, are

23  you saying that, for example -- just to pick something that Ms.

24  Browdy mentioned.  That whatever these gateway objections are

25  that she wants to tee up in January, you also want something

1  like a statute of limitations as a gateway objection teed up at

2  the same time?

3       MR. BAENA:  No, I'm saying, Judge, if there -- if in

4  respect of a single claim there are more than one gateway

5  objection that has been asserted in respect of that claim,

6  they've got to bring those on and not dribble it out over a

7  series of hearings.  They've now conceded that they won't do it

8  more than twice, but that wasn't the understanding from the

9  beginning.  There was only supposed to be one set of gateway

10 objections and hearings in respect of a particular claim.

11      And I think, Judge -- look, we're not standing on

12 ceremony here just to somehow unsettle the debtor's objection

13 process.  The objections have been made.  The objections

14 presumably will be heard.  We're not trying to derail that.

15 What we're trying to enforce is a -- you know, uniformity,

16 because we have -- despite all of what you heard from the

17 debtor, there are hundreds of claimants, many of whom are

18 appearing pro se, and this is getting exceedingly complicated,

19 and the only way I think to ensure that we're not confronted

20 later with the I didn't understands, and I missed it, because I

21 thought it didn't apply to me excuses is to do this uniformly

22 and consistently throughout.

23      And after the Court entered the gateway order after

24 the Court had hearings on the -- you know, the methodology that

25 we were going to employ going forward, we actually communicated

1  with all of the claimants, and we told them this is what you

2  can expect.  And now it's different, and I think all we're

3  going to do is create mass confusion, and the Court is going to

4  be dealing with exceptions to the rules that are going to be

5  raised by claimants, and I don't think that's in anybody's best

6  interest.

7          MS. BROWDY:  And, Your Honor, in response, as we

8  indicated, other than the Spites and Runyon claims, there are

9  only at this point maybe 15 claimants or their counsel who are

10  affected by this.  But Mr. Baena really didn't answer the

11  Court's question.  If he is saying that all -- if you're going

12  to tee up a gateway objection, you've got to tee up all the

13  gateway objections, then he is saying, yes, if you want to

14  raise anything now, you also have to raise statute of

15  limitations.  Let me give you a flavor.

16          THE COURT:  Well, I'm not sure -- frankly, I don't

17  know as a factual matter that a statute of limitations issue

18  really is a gateway issue.  I really don't know that.

19          MR. BAENA:  But, well, it was denominated as such,

20  Judge.

21          THE COURT:  I know it was, but I think in terms of

22  taking a look at some of the evidentiary material, I mean I

23  think the legal issue may be a gateway objection, but whether

24  it's going to be able to be applied as to all claimants at one

25  time, frankly, I don't know.  I think that's going to have to

1  be tied up as the -- teed up as the substantive objection along

2  with the other substantives I think.

3        MR. BAENA:  Judge, I think there's misapprehension in

4  that comment.  The notion of gateway objections I didn't

5  understand to have been that it was a means of abrogating

6  objections.  I mean that wasn't the principle purpose of the

7  gateway objections.  It was a means of bringing on lots of

8  objections without having to bring on all substantive

9  objections.  But it wasn't promoted as this program that

10 permitted them to abrogate objections as you're suggesting.

11       We objected to the notion that statute of limitations

12 should be treated as a gateway objection for the very reasons

13 you were just saying.  We lost that, and it was because

14 everybody viewed it useful to get certain types of objections

15 as to individual claims, not the aggregated claim, out of the

16 way before the debtor was compelled to dig and drill into the

17 claims for more substantive objections that could be raised in

18 respect to those claims.  It was not a process that was

19 promoted to you as one that would save a lot of time, because

20 we could do a lot of objections in one fell swoop.

21       MS. BROWDY:  But again I think to concentrate on the

22 gateway side of things, as Mr. Baena proposes, is a stale way

23 of looking at it, because --

24       THE COURT:  Well, look, it's the debtor's way of

25 looking at it.  I mean, you know, this isn't something that

1  floats.  You know, you give me a process, you tell me this is

2  how you're going to go about it, I say okay, and I think that's

3  the way you have to go about it.  You know, it can't keep

4  changing.  This is not going to be a Combustion Engineering

5  trial where as I'm sitting on the bench new things are coming

6  up and new theories are going to be advocated.

7        This case is very old.  It's time for the debtor to

8  figure out the way it wants to prosecute the case, and to go

9  about it Mr. -- I believe Mr. Bernick from day one in terms of

10  my involvement in this case has advanced this theory that there

11  are means by which -- frankly, I thought it was massive numbers

12  of claims could be addressed in gateway objections.

13        Now, massive may mean in some instances only claims

14  held by one or two firms.  I don't mean massive necessarily in

15  terms of hundreds of thousands of claims, but addressing

16  principles that can be applied to more than one claim in a

17  gateway process.  That's the purpose of the gateways.  That's

18  what I understood the debtor wanted to do, and if I'm

19  incorrect, then please straighten me out.

20        My view still is the same.  If the debtor wants to

21  try a gateway which you think is going to be a means by which

22  you knock out a claim without having to, as Mr. Baena says,

23  drill into the really hard core substantive merits, that's

24  fine.  But you're only going to get one chance to do gateways

25  and one chance to do substantive for any given claim.  That's

1 what my understanding was.

2      So you bring a gateway.  You lose it.  That's it.

3 There are no more gateways as to that particular claimant.  You

4 get -- I'm essentially giving the debtor two bites at the

5 apple, because it seems to me in this instance to be a more

6 efficient way to go about addressing the claims in the case.

7 If there are some theories that will apply I'll say across the

8 board, that is to more than one claim, then you bring it as a

9 gateway.  We address that issue.  If it's one objection to one

10 claim, that's not really a gateway.  That's a part of something

11 that you can do in a normal claims objection process, and that

12 claimant shouldn't have to come in more than once.

13      MS. BROWDY:  No, I understand that, Your Honor, but

14 here's where we get into the problem, and it's something that

15 we discussed recently, is that when you go back to the old

16 gateway order -- and again I think this has been updated and

17 replaced by the case management order that was entered in

18 August of this year.  But if you go back to the old gateway

19 objections, it identifies statute of limitations, statute of

20 repose, and latches as among the gateway objections --

21      THE COURT:  All right.

22      MS. BROWDY:  -- and those raise evidentiary issues.

23 And again we believe the point -- and this is what's spelled

24 out really in our proposal for the case management order on the

25 objections process -- is we can tee up -- the objections and

1 the estimation process should work hand in glove, and you set

2 it up in this process where you get rid of easy things first,

3 and so you can get it down to a manageable number of people

4 where you -- manageable number of claims where you deal with,

5 for example, estimation or more complicated evidentiary facts.

6 Statute of limitations, statute of repose, latches issues raise

7 evidentiary issues, and if we're forced to raise that as a

8 gateway objection, then you're essentially saying all these

9 complicated evidentiary issues have to be done up front now

10 or --

11          THE COURT:  Well, I think the -- wait.  The problem

12 is this.  The debtor is the one that wants to raise the

13 gateway.  Nobody's forcing the debtor to raise gateway

14 objections.  It's the debtor that wants to raise them.  If you

15 don't think that the statute of limitations is, in fact, a

16 gateway, that you think it requires an evidentiary hearing, and

17 it's going to be substantive, then, you know, delete it from

18 the case management order as something, and Mr. Baena will be

19 happy, because he objected to having those types of issues as

20 gateways in the first place.  So --

21          MS. BROWDY:  Well, here's what we did, Your Honor.

22 We got the case management order on objections entered that

23 allowed us to raise all gateway and all substantive objections.

24 So for all these claimants, everyone knows all the objections

25 that we're making to them.  We've raised statute of

1  limitations.  We've raised latches.  We've raised things like

2  you didn't sign the form.  So those are all out there.

3        Now the question is how do you get them adjudicated,

4  and in order to keep this process going we're saying let's use

5  the January hearings to adjudicate the things that are easy to

6  adjudicate.  So it's not bringing on statute of limitations or

7  latches, but it is saying you didn't sign the form, and it is

8  saying you haven't told us where this property is located.

9        THE COURT:  All right, so you're saying that you're

10  giving notice to these specific claimants that you want to tee

11  up for January.  That they may, in fact, be subject to -- if

12  the debtor loses this round of objections, that they may be

13  subject to additional hearings based on the fact that the

14  debtor has filed more objections to their claims than the one

15  you're teeing up in January, but that the debtor won't be

16  bringing them back in more than twice.

17        MS. BROWDY:  Correct.

18        MR. BAENA:  Well, that's not exactly true, Your

19  Honor.  In the ordered paragraph that they wrote or they

20  proposed to you, they do leave themselves with an opportunity

21  to come back to try to persuade you to allow them to have

22  another hearing besides the two.

23        THE COURT:  No, I'm not going to permit more than

24  two.  I thought I made that clear before.  I think even two is,

25  you know, unusual, but I think given the context of the claims

1  in this case and the fact that gateway objections and omnibus

2  objection processes are well established in the District of

3  Delaware and lots of other places, that I think it's not

4  unreasonable to expect that you may have to defend the claim on

5  two bases.  One as a gateway and one on the merits, if, in

6  fact, the gateway is lost.  So, you know, I've already --

7        MR. BAENA:  We've understood that, but we understand

8  as well that's all you wrote.

9        MS. BROWDY:  Yea, but there was the statement at the

10 hearing on November 14th when we were talking about the

11 constructive notice on statute of limitations grounds that

12 there are about 200 claims affected by that.  Ninety percent of

13 them were filed by the Spites firm, and we did raise the issue

14 of can't we tee that up as a separate summary judgment hearing,

15 which potentially then is a third hearing for those claims, and

16 I thought the Court said that we could do that, and that's why

17 I left that opening in the proposed scheduling order, because

18 my understanding was with certain rare exceptions -- and I

19 understand that they would be rare, but there may be examples

20 like that that the Court would let us have a separate hearing

21 on it.

22        THE COURT:  Okay.  I thought in addressing that issue

23 that you were talking about raising the statute of limitations

24 issues.  Let's put Spites and Runyon aside.  I think you have a

25 separate sort of process involved with the Spites and Runyon

1 claims, but for everybody else I thought that you were raising

2 statute of limitations issues along with the other gateway

3 claims.  I thought that's what the debtor wanted to do.

4        MS. BROWDY:  Well, again we've asserted those

5 objections, so they know what -- all the claimants know who

6 they think -- who we think has a statute of limitations

7 problem, but our proposal was -- again in terms of these two

8 bites of the apple -- that January 1 we weren't going to do the

9 evidentiary hearing on statute of limitations.  Again, the

10 thought is we'll do the easiest stuff now and the more

11 complicated evidentiary issues in a separate batch.

12        THE COURT:  All right.  Well, I think the more

13 complicated evidentiary issues are going to have to include the

14 statute of limitations issues for individual claimants, because

15 I really don't think it's appropriate to bring them back in

16 more than once.  If you want to talk to individual claimants

17 and work out a different process, and they agree to it, you

18 know, that's a different issue.  I'll certainly think about

19 that.

20        But it seems to me that the debtor should get two

21 bites, and that's it.  If you want to use January, you know, to

22 take care of what you think are the easy issues, non-

23 evidentiary issues, that's fine.  But to the extent that you're

24 going to lose any of those issues and you then have to deal

25 with a specific claim holder on a different basis, I want all

1 of the rest of the objections as to that claim brought at one

2 time, and if --

3          MS. BROWDY:  Yes, Your Honor.

4          THE COURT:  Okay, so it involves a statute of

5 limitations issue, then it should involve a statute of

6 limitations and whatever else.

7          MS. BROWDY:  That's right.

8          THE COURT:  And then if we need to, you know, break

9 out for summary judgment purposes, that statute of limitations

10 issue -- and the claim holders agree that that's the process,

11 because they may want to aggregate briefing, I think that's

12 their decision.  But for the debtor's scheduling purposes, I

13 think you should do the gateways at one point in time, and then

14 everything else as to any one claimant in another batch.

15          MS. BROWDY:  Okay, and just as a followup question,

16 Your Honor, are we in agreement that for the Spites claims,

17 they do raise some different issues?  That down the line we may

18 have to deal with them a little differently.

19          THE COURT:  Well, I think -- I thought you and Mr.

20 Spites had essentially come to some agreement about the

21 scheduling of objections to the Spites and Runyon claims.

22          MS. BROWDY:  We're working on it, Your Honor.

23          THE COURT:  Okay, so, you know, to the extent that

24 there are different issues involved, then I don't think you

25 have -- I think you can deal with Spites separately, because

1  he's got so many claims, if he's willing to do it.  To the

2  extent that there's some overlap in issues, you know, you may

3  want to tee them all up at one time and see whether we need to

4  break out ceratin issues.  I don't know.  But as to any given

5  claimant -- forget Spites and Runyon as a law firm.

6       As to any given claimant, I don't want them to have

7  to come in here more than twice.  If they come to the

8  conclusion that it would make more sense economically for them

9  and for you to bifurcate out some of your objections, fine.

10 We'll -- you know, we'll deal with it on that basis later.  But

11 for the case management order, it should be two bites at this

12 apple, and that's all.

13      MS. BROWDY:  Yes, Your Honor.  Then I think we

14 understand where the Court -- what the Court said.  Scott, are

15 you on the same page?

16      MR. BAENA:  Well, I think so.

17      MS. BROWDY:  Okay.  But again I mean --

18      THE COURT:  I'm basically saying, Mr. Baena, that,

19 you know, you're correct.  What I said was two chances.  So if

20 the debtor wnats to tee up the first chance in January as to

21 certain claims, fine.  That's one.  But as to those claim

22 holders, if the debtor loses on this ground, then the debtor

23 gets one more opportunity to raise everything as to those

24 claims in the next batch.  Then if those claim holders think

25 for some reason that some issues ought to be segregated out,

1  and they and the debtor want to work out a different process as

2  to certain issues, you know, I think that's up to them at a

3  certain point in time to come to agree to, but the debtor has

4  to raise all the issues.  So it's two bites.

5          MR. BAENA:  Okay, Judge.

6          THE COURT:  Okay.  With that in mind, are you going

7  to submit a different order then?

8          MS. BROWDY:  I think it's -- there are some tweaks we

9  need to make on this order, but I think that the basic form of

10  it is consistent with what this Court has said.  Mr. Baena, do

11  you agree?

12          MR. BAENA:  With the tweaks, I think that's right.

13          MS. BROWDY:  Okay.

14          THE COURT:  All right, so I'll get a different form

15  of order for you, and I won't deal with the one that you've

16  sent me that was the subject of this hearing today.

17          MS. BROWDY:  Correct, Your Honor.

18          THE COURT:  Okay.

19          MS. BROWDY:  Thank you for finding --

20          THE COURT:  Good enough.

21          MS. BROWDY:  Thanks for finding time for us this

22  morning.  We appreciate it.

23          THE COURT:  Okay.  No problem.

24          MR. BAENA:  Thank you, Judge.

25          THE COURT:  Thank you.

1    MS. BAER:  Thank you, Your Honor.

2    MR. BAENA:  Bye bye.

3    MS. BAER:  Bye bye.

4                    * * * * *

5                **CERTIFICATION**

6    I, PATRICIA C. REPKO, court approved transcriber,

7  certify that the foregoing is a correct transcript from the

8  official electronic sound recording of the proceedings in the

9  above-entitled matter to the best of my ability.

10

11  /s/ Patricia C. Repko          Date:  December 14, 2005
12  PATRICIA C. REPKO
13  J&J COURT TRANSCRIBERS, INC.