IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al. | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Re: Docket No. 11413 |
| | ) | Responses Due: January 10, 2006, 4:00 p.m. |
| | ) | Hearing Date: January 30, 2006, 12:00 p.m. |

**DEBTORS' OBJECTION TO ANDERSON MEMORIAL HOSPITAL'S
MOTION FOR LIMITED RELIEF FROM AUTOMATIC STAY**

Remarkably, Speights & Runyan waited less than ten days after serving frivolous discovery requests and forcing the Debtors to move for a protective order before launching its second attempt to postpone the class certification hearing. On December 22, 2005, Speights filed a "Motion for Limited Relief from Automatic Stay" ("Motion") on behalf of Anderson Memorial Hospital. The Motion requests relief from the automatic stay so that Speights can petition a South Carolina state court to unseal the record from the pre-petition *Anderson Memorial* case, which was filed more than a decade ago. There is no reason to inject the South Carolina court's purported "substantial record on class certification, including testimony and affidavits" (Motion at ¶ 1) into this bankruptcy and the Motion should be denied. The class certification issue is ripe to be heard on January 26, 2006, as scheduled.

1. On October 21, 2005, more than two years after the expiration of the Bar Date, Anderson Memorial filed a motion for class certification on behalf of itself and *all*

*property owners everywhere* "whose buildings contain or used to contain the asbestos-containing surface materials for which the Debtors are responsible." (Docket No. 10014 at 1).

2. At the October 31, 2005 hearing on the Anderson Memorial claims, the Debtors complained that Anderson Memorial's new class certification motion was nothing but an attempt to delay resolution of Grace's bankruptcy proceeding and reverse the months-long effort of the Debtors to eliminate thousands of claims filed improperly by Speights & Runyan. The Debtors noted their concern that "Speights has raised the issue, gee, we may need to take discovery. I mean, it's just going to get dragged on and on. The whole point is we started with a huge number of claims. We're getting rid of them. We've cut them in half. It's getting smaller and smaller. And they're going to try to use the issue of an open class certification to open the door wide open again." (10/31/05 Tr. at 93-94).

3. In response, the Court said that "I think I need a brief on what I believe to be a *legal issue* which is with the bar date having past and you now know the universe of individual claims, how the class can be any bigger than the individual claims because it seems to me if the bar date notice was appropriate, and I found that it was, that's why I let it go out, and an individual hasn't filed a proof of claim, then they can't be part of a class because they haven't submitted a claim, I think. *But I want that issue briefed.*" (*Id.* at 94 (emphasis added)). Consistent with this Court's ruling on October 31, the class certification issue is being briefed and is set to be heard on January 26, 2005.[1]

---

[1] Anderson Memorial filed its motion for class certification on October 21, 2005 and Debtors filed their opposition on December 2, 2005. At the December 19, 2005 hearing, the Court requested supplemental briefing (to be completed January 20, 2006) on the legal issue of "what the purpose of the constructive notice is and the effect in the event that somebody as to which the debtor should have provided actual notice was missed." (12/19/2005 Tr. at 150).

2

4.  *Exactly* as the Debtors predicted, Speights & Runyan is attempting to postpone resolution of the pending class certification motion. Speights first ignored the Court's October 31 remarks when it served on the Debtors five separate discovery requests seeking stale and/or irrelevant information unnecessary to decide the class certification motion. (*See* 12/19/2005 Debtors' Motion for Protective Order Against Anderson Memorial's Request for 30(b)(6) Depositions and Documents (Docket No. 11365)). Speights again ignored the Court's October 31 remarks when it filed its present Motion requesting limited relief from the automatic stay so that it can petition a South Carolina state court to unseal the record from the *Anderson Memorial* class certification proceedings. This information is irrelevant to class certification here, and there is no reason why the class certification motion should not be heard on January 26, 2005.

5.  The sole basis for Anderson Memorial's Motion is its purported need to "contradict the claims made by Grace to this Court regarding Speights & Runyan and the Anderson proceedings in South Carolina." (Motion at ¶ 1). In its Motion, Anderson Memorial makes little effort to identify which of Grace's "claims" it disagrees with, let alone explain how the disagreement impacts class certification. More importantly, Anderson Memorial ignores Grace's clear position that the South Carolina proceedings have no bearing on class certification in this bankruptcy, "where notice has already been given to all potential claimants through means that were effective and approved by the Court." (*See* 12/2/2005 Debtors' Brief in Opposition to Motion of Anderson Memorial Hospital for Class Certification (Docket No. 11245)).

6.  Even Anderson Memorial's own motion for class certification (Docket No. 10014) confirms that there is no need in this bankruptcy for "testimony" and "affidavits"

3

from the South Carolina class certification proceedings. Anderson Memorial's motion presents legal issues and does *not* cite the pre-petition South Carolina case as support for class certification in this bankruptcy. In fact, the South Carolina case is mentioned only in a single sentence (and related footnote) which anticipates and tries to head off an attack on the adequacy of Daniel Speights as class counsel. (*Id.* at 13-14).

7. Class certification is improper regardless of Speights' adequacy, but it should be pointed out that the Court need not look as far away as South Carolina to evaluate the issue. The Speights firm's dubious history *in this case* of filing thousands of claims under penalty of perjury, replete with false information on behalf of clients it had no authority to represent, should raise red flags with regard to its capacity to responsibly and adequately represent claimants. (*See* Docket Nos. 9311, 9315, and 11428).

8. In sum, the Court should not permit Anderson Memorial to derail this bankruptcy's progress by embarking on a petition process in South Carolina that would unnecessarily postpone resolution of the class certification issue without any resulting benefits. The motion for limited relief from the automatic stay should be denied.

4

WHEREFORE, for the forgoing reasons, the Debtors respectfully request that the Court deny Anderson Memorial Hospital's "Motion for Limited Relief from Automatic Stay" with prejudice.

Dated: January 10, 2005

        KIRKLAND & ELLIS LLP
        David M. Bernick, P.C.
        Michelle H. Browdy
        Janet S. Baer
        200 East Randolph Drive
        Chicago, Illinois 60601
        (312) 861-2000

        *and*

        PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB, PC

        */s/ James E. O'Neill*
        Laura Davis Jones (Bar No. 2436)
        James E. O'Neill (Bar No. 4042)
        919 North Market Street, 16th Floor
        P.O. Box 8705
        Wilmington, DE 19899-8705
        (302) 652-4100

        Co-Counsel for the Debtors and Debtors in Possession