IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) (Jointly Administered) |
| W. R. GRACE & CO., et al., | ) Case No. 01-01139 (JKF) |
| | ) |
| Debtors. | ) |
| | ) Re: Docket Nos. 5527, 5637, 5685, 7961, 8070, 8178, 11129,11132 & 11197 |
| | Hearing Date: January 30, 2006 |

**DEBTORS' REPLY IN OPPOSITION TO PETER P. PEARSON'S
MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT
OF DEBTORS' CROSS-MOTION FOR SUMMARY JUDGMENT (CLAIM NO. 2281)**

### 1.    Opposition to Peter P. Pearson's Motion for Summary Judgment

The Claimant's motion for summary judgment must be denied as there are

genuine disputes with respect to material facts underlying the Claimant's alleged causes of

action. As a consequence thereof, the Claimant is not entitled to judgment as a matter of law.

The Claimant's Reply to Debtors' Opposition to Debtors' Motion for Summary

and Cross-Motion for Summary Judgment ("Claimant's Reply") [Docket No. 11197] highlights

the numerous factual disputes underlying Claim No. 2281.[1] Indeed, the Claimant's Reply sifts

through the evidence (or lack thereof) in a misguided effort to satisfy the Claimant's burden of

establishing, among other things, the existence of an actual harm and injury.[2] See Claimant's

---

[1]    Capitalized terms used but not defined herein are as defined in the Debtors' Memorandum of Law in Opposition to Peter P. Pearson's Motion for Summary Judgment and in Support of Debtors' Cross-Motion for Summary Judgment (the "Debtors' Memorandum") [Docket No. 11129].

[2]    The Debtors contest the Claimant's recitation of the "facts" set forth in the Claimant's Reply. In particular, the Claimant's Reply fails to set forth any specific citations which would enable the Debtors to locate and identify any support for the assertions made in the Reply. For example, notwithstanding the Claimant's claim that he provided the Debtors with multiple names of doctors to establish his alleged injury, the evidence provided by the Claimant does not support his claim. Rather,
(Continued...)

Reply, p. 2. The Reply also disputes the Declaration the Debtors have produced to refute the

Claimant's factual allegations. Id. at pp 2-3. The Claimant fails to understand, however, that

such factual analysis and weighing of the evidence is inappropriate in the context of this Court's

consideration of the validity of the Claimant's MSJ.

In assessing the merits of the Claimant's MSJ, the Court must view all evidence

and draw reasonable inferences in favor of the Debtors. *Adickes v. S.H.Kress & Co.*, 398 U.S.

144, 90 S.Ct. 1598, 26 L.Ed2d 142 (1970). Upon such review, this Court is compelled to

acknowledge that genuine disputes exist with respect to material facts underlying Claim

No. 2281, including whether (i) the Debtors' workplace presented any recognized hazards and

(ii) the Claimant incurred any injuries resulting from such alleged hazards.[3] As genuine issues

for trial exist, summary judgment is not appropriate and the Court must deny the Claimant's

MSJ.

### 2.    Support for the Debtors' Motion for Summary Judgment

Not only should this Court deny the Claimant's MSJ, but the Court should grant

summary judgment in favor of the Debtors. Indeed, the Claimant's Reply fails to dispute that:

(i) the Claimant has no statutory right to assert a claim under OSHA; (ii) the inapplicability of

---

although the Claimant's discovery references multiple doctor visits, the Claimant fails to provide the full name or address of such doctors or any medical reports or diagnosis from such doctors. *See* Claimant's Production and Answers, Answer to Interrogatories No. 8 and 12. Although the Debtors do concede that the Claimant has produced the name and address of one doctor he visited more than a decade after the alleged injury, this physician's brief report, however, fails to make any conclusive diagnosis. *See* Claimant's Production and Answers, Exhibit L.

[3]    The Claimant maintains that the Debtors have failed to prove their compliance with various federal laws and statutes that the Claimant asserts have been violated. The Claimant, however, has the burden of proof to establish that his underlying Claim is valid, not the Debtors. *See In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3rd Cir. 1992) ("The burden of persuasion is always on the claimant."). *See also In re King*, 305 B.R. 152, 164 (Bankr. S.D.N.Y. 2004) (If objecting party rebuts claimant's prima facie case, it is for the claimant to prove his claim, not for the objector to disprove it.).

2

the doctrine of adverse domination to the present circumstances; and (iii) the Claimant cannot

properly assert a Claim under the Fourteenth Amendment against the Debtors since there is no

state action. Therefore, summary judgment should be granted in favor of the Debtors to the

extent Claim No. 2281 is based on these causes of action.

Moreover, the Claimant fails to provide a valid basis for asserting a claim under

EPCRA and for his failure to file a timely claim pursuant to the applicable statute of limitations

for personal injury actions. Instead, the Claimant contends that, by filing a timely claim in these

Chapter 11 cases in compliance with this Court's bar date order, his failure to comply with the

underlying statute of limitations or requirements under EPCRA are somehow forgiven and

absolved. *See* Claimant's Reply, p.3. Unfortunately for the Claimant, this is simply not the case.

The bar date notice order and public notice are merely invitations to creditors to

file a claim against the Debtors' estates.[4] The bar date notice order and public notice in no way

relieve a creditor from the duty of proving the validity of the underlying claim. Indeed, section

502(b)(1) of the Bankruptcy Code prohibits a Court from allowing a claim that is unenforceable

against the debtor under any applicable law. 11 U.S.C. § 502(b)(1). *See In re Cutler-Owens*

*International Ltd.*, 55 B.R. 291, 292-293 (Bankr. S.D.N.Y. 1985) (If the importance of

section 502(b) is not clear, section 558 of the Bankruptcy Code makes certain that "[t]he estate

shall have the benefit of every defense available to the debtor against any entity other than the

---

[4]    Fed.R.Bankr.P. 2002(a)(7) provides that notice must be given to parties in interest of the time fixed for filing proofs of claims. This does not mean that every claim filed in response to the notice is a valid claim that will be allowed as filed. Rather, the Bankruptcy Code and Rules provide the guidelines and procedures for the filing of claims and the objection process. *See* §§ 501 & 502 of the Bankruptcy Code; Fed.R.Bankr.P. 3001-3003.

3

estate, including statutes of limitation,...."); *In re Brill*, 318 B.R. 49, 53 (Bankr. S.D.N.Y. 2004) (Section 558 provides further support to section 502(b) for disallowing a time barred claim.)

Other than complying with this Court's bar date order, the Claimant asserts no other argument to refute the Debtors' contentions that (i) the Claimant failed to comply with the applicable citizen lawsuit process of EPCRA and (ii) that his personal injury actions are barred by the applicable statute of limitations. Therefore, to the extent based upon EPCRA and personal injury claims, Claim No. 2281 should be disallowed and expunged.

Lastly, the Claimant is prohibited by the exclusive remedy provision of the Arizona workers' compensation statute from asserting a claim under such statute in the absence of a demonstration of the Debtors' willful misconduct.[5] Arizona courts have adopted a restrictive interpretation of what constitutes "willful misconduct" and require that the employer's "willful misconduct" be deliberate, as distinguished from some kind of presumed gross negligence. *See Serna v. Statewide Contractors, Inc.*, 6 Ariz.App. 12, 429 P.2d 504 (Ariz.App. 1967). The Claimant has failed to produce any evidence that would suggest that the absence of any willful misconduct on the part of the Debtors is a fact that is in genuine dispute such that summary judgment is inappropriate.

The Claimant, however, attempts to establish the existence of the Debtors' "willful misconduct" by referring to one letter dated August 13, 1991 that was addressed to the

---

[5] For the first time, the Claimant raises the issue that the Arizona workers' compensation statute may not be the only applicable workers' compensation statute, as the Claimant notes he has performed services and traveled to other states. It is the Claimant's burden to first allege and then to demonstrate what other state workers' compensation statutes are applicable to his claims. Currently, the Claimant has failed to sufficiently allege or establish the applicability of any other statute other than Arizona worker's compensation statute. For the reasons as set forth in the Debtors' Reply [Docket No. 7961] and the Debtors' Memorandum, to the extent Claim No. 2281 rests upon causes of action under the Arizona statute, such claims must fail.

4

Debtors and allegedly written by Jim Nelson, Maintenance/Project Manager of the Thomas &

Mack Center (the "Letter"). A copy of the letter is attached hereto as <u>Exhibit A</u>. *See* Claimant's

Reply, pp. 3-4. The Letter was purportedly sent to the Debtors in regards to certain GRM

warranty work being done by the Debtors at the Thomas & Mack Center. The Letter, however,

even if viewed in the light most favorable to the Claimant, merely demonstrates that a client was

concerned about certain flooding, as well as the disposal of certain allegedly "toxic" roofing

materials, and in no way demonstrates that the alleged incident was done knowingly and

purposely with the deliberate intention of harming the Debtors' own employees. The Claimant

provides no other evidence to support this erroneous contention. Therefore, any exception to the

exclusive remedy clause of the Arizona workers' compensation statute based upon "willful

misconduct" is not available to the Claimant. As a result, the Claimant is precluded from

asserting a private cause of action under the Arizona workers' compensation statute.

91100-001\DOCS_DE:114207.1

## Conclusion

For the reasons set forth herein and in the Debtors' Memorandum, the Debtors

request that this Court (i) grant the Debtors' cross-motion for summary judgment with respect to

all causes of action underlying Claim No. 2281 and (ii) deny the Claimant's motion for summary

judgment with respect to Claim No. 2281.

Dated: January 10, 2006                    KIRKLAND & ELLIS LLP
                                           James W. Kapp III
                                           Janet S. Baer
                                           Salvatore F. Bianca
                                           Andrea L. Johnson
                                           200 East Randolph Drive
                                           Chicago, IL 60601
                                           (312) 861-2000

                                           and

                                           PACHULSKI, STANG, ZIEHL, YOUNG, JONES
                                           & WEINTRAUB P.C.


                                           Laura Davis Jones (Bar No. 2436)
                                           James O'Neill (Bar No. 4042)
                                           919 North Market Street, 16th Floor
                                           P.O. Box 8705
                                           Wilmington, DE 19899-8705 (Courier 19801)
                                           Telephone: (302) 652-4100
                                           Facsimile: (302) 652-4400

                                           Co-Counsel for Debtors and Debtors in Possession