**<u>EXHIBIT B</u>**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JJF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

## STIPULATION CONCERNING WITHDRAWAL OF OBJECTION, CONSOLIDATION AND RECLASSIFICATION CERTAIN CLAIMS

This stipulation is entered into this 21st day of October, 2005, between W.R. Grace & Co.

and its affiliates (collectively, the "Debtors") and American Premier Underwriters ("Claimant").

In consideration of the matters set forth herein and under the following terms and provisions, it is

hereby stipulated and agreed between the Claimant and the Debtors as follows:

1.    On April 22, 2002, this Court issued its Bar Date Order which established March

31, 2003 as the Bar Date for the filing of certain pre-petition (a) non-asbestos, (b) asbestos

property damage and (c) medical monitoring claims.

---

[1]    The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

2.      The Claimant filed 4 Proofs of Claim against the Debtors:  Claim Nos. 10585, 10586, 11305 and 11306.

3.      On September 1, 2005, the Debtors filed their Fifteenth Omnibus Objection to Claims (the "15th Omnibus Objection") in which the Debtors sought to disallow and expunge Claim Nos. 10585 and 10586 (hereafter referred to as the "Listed Claims").

4.      The Debtors have discovered that although the Listed Claims were filed on Asbestos Property Damage Proof of Claim Forms, the claims are not traditional asbestos property damage claims but instead are environmental claims which under the proposed Debtors Amended Joint Plan of Reorganization ("Plan") dated January 13, 2005, are to be treated as environmental unsecured claims.

5.      As a result, the Debtors agree to withdraw the objections to the Listed Claims set forth in the 15th Omnibus Objection and reclassify those claims as environmental unsecured claims.  This withdrawal and reclassification, however, is without prejudice and the Debtors reserve their right to object to the Listed Claims on any grounds in the future upon proper notice and consistent with applicable law.

6.      Further, claims 10585, 10586, 11305 and 11306 are essentially identical but for the Debtor against which each claim is filed or the claim form on which each claim is filed. Pursuant to the Plan, the Debtors propose that as of the Effective Date (as that term is defined in the Plan), the Debtors shall be deemed consolidated under the Plan for Plan purposes.  Upon confirmation, each and every claim filed against any of the Debtors shall be deemed filed against the consolidated Debtors and shall be deemed one claim against and an obligation of the deemed consolidated Debtors.  As a result, the parties agree that Claim Nos. 10586, 11305 and 11306 shall be consolidated into Claim No. 10585 and Claim Nos. 10586, 11305 and 11306 shall be

2

disallowed and expunged from the Claims Register and Claim No. 10585 shall be the surviving Claim. Notwithstanding any other provisions herein, to the extent that the Plan or any other plan or plans of reorganization confirmed in these chapter 11 cases do (does) not provide for the substantive consolidation of the Bankruptcy Cases (for purposes of distribution on account of allowed claims), Claim Nos. 10586, 11305 and 11306 shall be reinstated, as appropriate and Claimant shall be entitled to pursue such claim.

7.      The Debtors will include the withdrawal of the Objections to the Listed Claims, disallowance of claims and reservation of rights outlined herein in the proposed order relating to the 15th Omnibus Objection presented to the Court at the October 24 hearing on the status of the 15th Omnibus Objection.

8.      Each party executing this Stipulation represents that such party has the full authority and legal power to do so. This Stipulation may be executed in counterparts and each such counterpart together with the others shall constitute one and the same instrument. The parties further agree that facsimile signatures hereon shall be deemed to be original signatures. This Stipulation shall be binding upon and inure to the benefit of each of the parties, and upon their respective assignees, successors and/or partners.

9.      This Stipulation constitutes the complete expression of the agreement of the parties hereto concerning the subject matter hereof, and no modification of or amendment to this Stipulation shall be valid unless it is in writing and signed by the party or parties to be charged.

10.      The Bankruptcy Court shall retain jurisdiction to enforce this Stipulation and all matters relating hereto.

11.      The Debtors shall direct the Claims Agent, Rust Consulting, Inc., to mark the Claims Register to reflect the matters set forth herein.

3

KAE 10772914,2

**STIPULATED AND AGREED:**

**AMERICAN PREMIER**
**UNDERWRITERS**

By: _(signature)_

One of its attorneys
**BLANK ROME LLP**
Benjamin G. Stonelake, Jr.
One Logan Square
Philadelphia, PA  19103
Telephone:  (215) 569-5689
Stonelake@blankrom.com

**W. R. GRACE & CO., et al.**

By: _(signature)_

One of their attorneys

**KIRKLAND & ELLIS LLP**
Michelle Browdy
Janet S. Baer
200 East Randolph Drive
Chicago, Illinois 60601-6636
Telephone:  (312) 861-2000
Facsimile:  (312) 861-2200.

-and-

**PACHULSKI, STANG, ZIEHL, YOUNG,**
**JONES & WEINTRAUB P.C.**

Laura Davis Jones (DE I.D. No. 2436)
James O'Neill (
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400

*Attorneys for Debtors*
*and Debtors-in Possession*

4