**EXHIBIT G**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JJF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

## STIPULATION CONCERNING WITHDRAWAL OF OBJECTION, CONSOLIDATION AND RECLASSIFICATION CERTAIN CLAIMS

This stipulation is entered into this 21st day of October, 2005, between W.R. Grace & Co. and its affiliates (collectively, the "Debtors") and Tyco Healthcare Group LP ("Claimant"). In consideration of the matters set forth herein and under the following terms and provisions, it is hereby stipulated and agreed between the Claimant and the Debtors as follows:

1. On April 22, 2002, this Court issued its Bar Date Order which established March 31, 2003 as the Bar Date for the filing of certain pre-petition (a) non-asbestos, (b) asbestos property damage and (c) medical monitoring claims.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

2. Claimant timely filed a total of 4 proofs of claim against the Debtors: Claims Nos. 12787 and 12789 filed on Non-Asbestos Proof of Claim Forms and Claim Nos. 12788 and 12790 filed on Asbestos Property Damage Claim Forms.

3. On September 1, 2005, the Debtors filed their Fifteenth Omnibus Objection to Claims (the "15th Omnibus Objection") in which the Debtors sought to disallow and expunge Claims 12788 and 12790 (hereafter referred to as the "Listed Claims").

4. The Debtors have discovered that although the Listed Claims were filed on Asbestos Property Damage Proof of Claim Forms, the claims are not traditional asbestos property damage claims, but instead are environmental claims which under the proposed Debtors Amended Joint Plan of Reorganization ("Plan") dated January 13, 2005, are to be treated as environmental unsecured claims. The Listed Claims are also essentially duplicates of Claim Nos. 12787 and 12789 which were filed on the Non-Asbestos Proof of Claim Forms.

5. The parties have agreed that the Listed Claims shall be withdrawn and that Claimant shall reserve its rights, which the Debtors acknowledge, to pursue Claims 12787 and 12789 as environmental unsecured claims (notwithstanding that such environmental claims arise in part from the presence of asbestos, and the Debtors hereby agree that the withdrawal of the Listed Claims shall not prejudice Claimant's right to seek recovery under Claims 12787 and 12789, including with respect to asbestos). The Debtors reserve their rights to object to claims 12787 and 12789 on any grounds upon proper notice and consistent with applicable law.

6. The Debtors will include the withdrawal of the Listed Claims, and the reservation of rights outlined herein in the proposed order relating to the 15th Omnibus Objection presented to the Court at the October 24, 2005 hearing on the status of the 15th Omnibus Objection. In the event the provisions hereof are not approved by the Court, Claimant shall be afforded a reasonable amount of time to file its response to the 15th Omnibus Objection.

2

7. Each party executing this Stipulation represents that such party has the full authority and legal power to do so. This Stipulation may be executed in counterparts and each such counterpart together with the others shall constitute one and the same instrument. The parties further agree that facsimile signatures hereon shall be deemed to be original signatures. This Stipulation shall be binding upon and inure to the benefit of each of the parties, and upon their respective assignees, successors and/or partners.

8. This Stipulation constitutes the complete expression of the agreement of the parties hereto concerning the subject matter hereof, and no modification of or amendment to this Stipulation shall be valid unless it is in writing and signed by the party or parties to be charged.

9. The Bankruptcy Court shall retain jurisdiction to enforce this Stipulation and all matters relating hereto.

10. The Debtors shall direct the Claims Agent, Rust Consulting, Inc., to mark the Claims Register to reflect the matters set forth herein.

STIPULATED AND AGREED:

TYCO HEALTHCARE GROUP LP

By: _____

One of its attorneys
NUTTER MCCLENNEN & FISH LLP
Peter N. Baylor
World Trade Center West
155 Seaport Blvd.
Boston, MA 02210-2604
Telephone: (617) 439-2390
pbaylor@nutter.com

W. R. GRACE & CO., et al.

By: _____

One of their attorneys
KIRKLAND & ELLIS LLP
Michelle Browdy
Janet S. Baer
200 East Randolph Drive
Chicago, Illinois 60601-6636
Telephone: (312) 861-2000
Facsimile: (312) 861-2200.

-and-

PACHULSKI, STANG, ZIEHL, YOUNG,
JONES & WEINTRAUB P.C.

Laura Davis Jones (DE I.D. No. 2436)
James O'Neill (

3

919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400

*Attorneys for Debtors
and Debtors-in Possession*

1472421.3