# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| W. R. GRACE & CO., et al.,[1] | Case No. 01-01139 (JKF) |
| Debtors. | (Jointly Administered) |

## STIPULATION BETWEEN THE DEBTORS AND SPEIGHTS & RUNYAN REGARDING THE WITHDRAWAL OF ASBESTOS PROPERTY DAMAGE CLAIMS LACKING PROOF OF W.R. GRACE PRODUCT IDENTIFICATION

The Debtors and Speights & Runyan hereby stipulate and agree as follows:

On September 21, 2005, pursuant to Court Order, Speights & Runyan produced the list attached hereto as Exhibit 1, identifying 1,553 PD claims submitted by Speights & Runyan for which it has no W.R. Grace product identification information.

2.    Speights & Runyan agrees that by October 31, 2005 it will withdraw all claims identified on the attached Exhibit 1 *except for* (a) claim numbers 9914 and 9911, (b) claims for buildings located in South Carolina (the "South Carolina Claims"), and (c) claims which Speights & Runyan may designate in accordance with paragraphs 3 and 4 of this Stipulation.

3.    The parties agree that Speights & Runyan may designate up to one-hundred (100) claims identified on Exhibit 1 (the "Further Review Claims" for which it may take up to 60

---

[1]   The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

RAE 10707189.1

days, to and including December 16, 2005, to investigate whether or not it has evidence that a W.R. Grace asbestos-containing product was installed in the buildings that are the subject of the Further Review Claims.

4.      On or before October 24, 2005, Speights & Runyan shall produce to Grace a list of its Further Review Claims.  The list shall include, for each Further Review Claim, the claim number, the state, and the building/claimant name.

5.      On or before October 31, 2005, the Debtors and Speights & Runyan shall submit an agreed Order to the Court, of the form of the Order attached hereto as Exhibit 2, withdrawing and expunging all claims identified on the attached Exhibit 1 *except for* (a) claim numbers 9914 and 9911, (b) the South Carolina Claims, and (b) the Further Review Claims.

6.      On or before October 31, 2005, Speights & Runyan shall inform the Court, in writing or orally, that its California clients will not proceed with claims for conspiracy or concert of action.  The parties agree that once Speights & Runyan makes this representation, the Debtors' pending challenge to Speights & Runyan's conspiracy and concert of action theories for its California claims will be moot and will not go forward at the October 31, 2005 hearing.

On or before December 16, 2005, Speights & Runyan shall identify the Further Review Claims for which it has no W.R. Grace product identification, and those claims shall be withdrawn and expunged on the same terms spelled out in this stipulation, by an agreed Order of the form of the Order attached as Exhibit 2, at the first omnibus hearing following Speights & Runyan's disclosure of the Further Review Claims for which it has no W.R. Grace product .dentification.

On or before December 16, 2005, Speights & Runyan shall provide the Debtors with all documentation within its possession, custody, or control regarding or supporting product identification, or any other supplemental material, for all Further Review Claims that Speights & Runyan does not withdraw

9.    The Debtors agree to make no argument that Speights & Runyan's withdrawal of property damage claims pursuant to this stipulation, and/or the expungement of these claims, is in any way improper or in any way reflects improper conduct by Speights & Runyan.

10.    Subject to the limitation spelled out in paragraph 9 above, nothing in this stipulation waives, prejudices, or otherwise limits the Debtors' ability to make any and all objections to any claims that are not withdrawn on or before December 16, 2005, including but not limited to objections that (a) the claims have no basis in law, (b) the supplementation of claims is untimely and improper, and (c) the product identification information produced is insufficient to sustain a claim.

Dated: October 21, 2005

For Speights & Runyan

For the Debtors

3