IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Objection Deadline: February 3, 2006 at 4:00 p.m. |
| | ) | Hearing Date: February 21, 2006 at 2:00 p.m. |

**MOTION OF THE DEBTORS FOR THE ENTRY OF AN ORDER
EXPANDING THE SCOPE OF THE EMPLOYMENT OF
STEPTOE & JOHNSON LLP AS SPECIAL COUNSEL TO THE DEBTORS**

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors") hereby submit this motion (the "Motion") for the entry of an order expanding the scope of employment of one of the Debtors' special counsel, Steptoe & Johnson LLP ("Steptoe"), and respectfully represent as follows:

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

1

### Jurisdiction

1. This Court has jurisdiction to entertain this application pursuant to 28 U.S.C. §§ 157 and 1334.

2. The statutory predicates for this Motion are sections 327(e) and 328(a) of Title 11 of the United States Code (as amended, the "Bankruptcy Code") and Rule 2014 and 2016 of the Federal Rules of Bankruptcy Procedure.

### Relief Requested

3. This Court previously approved the employment of Steptoe as Debtors' special tax counsel in matters regarding certain corporate-owned life insurance policies. As the Debtors have not retained counsel for tax matters, the Debtors respectfully request entry of an order pursuant to sections 327(e) and 330 of the Bankruptcy Code expanding the retention of Steptoe to include advising and representing the Debtors on other tax law and tax litigation matters that may arise during the course of these Chapter 11 cases.

### Background

4. On November 2, 2001 the Debtors filed their application (Docket No. 1072) (the "Application") for entry of an order authorizing the retention of Steptoe as special tax counsel for the Debtors in all matters relating to the Debtors' corporate-owned life insurance policies. On January 28, 2002, this Court entered an order approving the Application (the "Retention Order") (Docket No. 1617).

### Basis for Relief Requested

5. Although Steptoe currently serves as special counsel regarding certain specific tax issues, the Debtors require the retention of counsel to advise and represent them on tax matters arising during these Chapter 11 cases. As discussed below, the Debtors request expansion of Steptoe's retention as special counsel to advise and represent them with respect to tax law and

2

tax litigation matters due to Steptoe's vast experience in advising companies in such matters, and its particular knowledge of the Debtors' businesses and operations.

6. Steptoe has a national reputation and extensive experience and expertise in tax law. As such, the Debtors submit that Steptoe is well qualified and uniquely able to provide the specialized legal advice sought by the Debtors during these Chapter 11 Cases. Thus, expansion of Steptoe's retention as special tax counsel is in the best interest of the Debtors and their estates.

7. Furthermore, Steptoe is intimately familiar with the complex tax issues that have arisen and are likely to arise with respect to the Debtors. Since 1998, Steptoe and certain of its partners and associates have rendered legal services to the Debtors in connection with various tax related matters. Steptoe currently represents the Debtors in certain other tax matters previously approved by this Court in the Retention Order.

8. Because of Steptoe's long-standing involvement with the Debtors, and the costs that would be involved in educating other counsel as to the Debtors' tax issues, as well as their business and operations, the Debtors believe it would be in the best interest of the Debtors and their bankruptcy estates, and all of the Debtors' creditors for Steptoe's retention as special counsel to be expanded as requested herein.

## Scope of Proposed Retention

9. The Debtors currently seek to expand the retention of Steptoe as special counsel, subject to the oversight and orders of this Court, to represent the Debtors with respect to tax law and tax litigation matters.

10. The Debtors already have employed the law firms of Kirkland & Ellis LLP and Pachulski, Stang, Ziehl, Young, Jones & Weintraub to serve as bankruptcy and reorganization counsel to the Debtors, but have not yet retained tax counsel. Steptoe will not serve as general bankruptcy and reorganization counsel to the Debtors, and while certain aspects of the

3

representations will necessarily involve both Steptoe and the Debtors' bankruptcy and reorganization counsel, the Debtors believe that the services Steptoe will provide will be complementary rather than duplicative of the services to be performed by such bankruptcy and reorganization counsel. The Debtors are very mindful of the need to avoid duplication of services, and appropriate procedures will be implemented to ensure that there is minimal duplication of effort as a result of Steptoe's expanded role of special counsel.

### No Adverse Interest

11. Steptoe appears to be a "disinterested person" as that term is defined in and construed under 11 U.S.C. § 101(14) and as further set forth in the Affidavit of Anne E. Moran (and supplements thereto) previously filed in conjunction with the Application and the supplemental Affidavit filed with this Motion. Steptoe does not represent or hold any interest adverse to the Debtors or to the estates with respect to the specific matters for which the Debtors seek the expansion of employment. As detailed in the Affidavit, Steptoe has previously conducted, and since its retention as special counsel has continued to conduct, extensive research into its relations with the Debtors, their creditors, employees of the office of the United States Trustee, attorneys, and accountants of the foregoing, and other parties in these Chapter 11 cases.

### Compensation

12. In accordance with section 330(a) of the Bankruptcy Code and the Retention Order, the Debtors propose to compensate Steptoe on an hourly basis at its customary hourly rates for services rendered, plus reimbursement of actual, necessary expenses incurred by Steptoe.

13. Steptoe's current attorney billing rates range from $235 per hour to $930 per hour, depending upon the seniority and expertise of the attorney involved. For paralegal and analyst time, Steptoe's current rates range from $15 to $235 per hour.

4

14. As previously set forth in the Affidavit, hourly rates are subject to periodic adjustments to reflect economic and other conditions. Steptoe's rates are set at a level designed to compensate Steptoe fairly for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is Steptoe's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, expenses for "working meals," computerized research, messengers, couriers, postage, witness fees and other fees related to trials and hearings, transcription costs, and non-ordinary overhead expenses such as secretarial and other overtime. Steptoe will charge the Debtors for these expenses in a manner and at rates consistent with charges generally made to Steptoe's other clients. Steptoe believes that it is fairer to charge these expenses to the client incurring them than to increase the hourly rates and spread the expenses among all clients.

15. Steptoe will continue to submit interim and final applications for compensation in accordance with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, the Local Rules of this Court and such other and further Orders as the Court may direct.

### **Notice**

16. Notice of this Motion has been given to (i) the Office of the United States Trustee, (ii) counsel to the debtor-in-possession lenders (iii) counsel to the official committees appointed by the United States Trustee and (iv) parties requesting notice under Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtors submit that no further notice should be required.

DOCS_DE:114377.1

## No Prior Request

17.     No prior application for the relief requested herein has been made to this or any other Court.

## Conclusion

18.     For the reasons set forth above, the Debtors believe that the attorneys at Steptoe are well qualified to act on the Debtors' behalf for the expanded scope of employment as specified in this Motion. The Debtors further believe that the expansion of Steptoe's employment is necessary and in the best interest of the Debtors and their estates.

DOCS_DE:114377.1

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto, authorizing the expansion of the employment of Steptoe as special counsel for the Debtors with respect to tax law and tax litigation matters, and grant such other and further relief as is just and proper.

Wilmington, Delaware
Dated:  January 17, 2006

Respectfully submitted,

KIRKLAND & ELLIS LLP
Janet S. Baer
Salvatore F. Bianca
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

*And*

PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB, PC

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
(302) 652-4100

Co-Counsel for the Debtors and Debtors in Possession