IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Objection Deadline: February 3, 2006 at 4:00 p.m.** |
| | ) | **Hearing Date: February 21, 2006 at 12:00 p.m.** |

## MOTION OF THE DEBTORS FOR THE ENTRY OF AN ORDER EXPANDING THE SCOPE OF THE EMPLOYMENT OF BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C. AS SPECIAL COUNSEL TO THE DEBTORS

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors") hereby submit this motion (the "Motion") for the entry of an order expanding the scope of employment of one of the Debtors' special counsel, Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C. ("Baker Donelson"), and respectfully represent as follows:

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

**Jurisdiction**

1. This Court has jurisdiction to entertain this application pursuant to 28 U.S.C. §§ 157 and 1334.

2. The statutory predicates for this Motion are sections 327(e) and 328(a) of Title 11 of the United States Code (as amended, the "Bankruptcy Code") and Rule 2014 and 2016 of the Federal Rules of Bankruptcy Procedure.

**Relief Requested**

3. This Court previously approved the employment of Baker Donelson as special counsel to assist the Debtors with respect to U.S. legislative affairs and, for a six-month period, their relations with Chinese governmental authorities. The Debtors respectfully request entry of an order pursuant to sections 327(e) and 330 of the Bankruptcy Code expanding the retention of Baker Donelson to provide services related to the Debtors' interest in China on an on-going basis.

**Background**

4. On May 19, 2004, the Debtors filed their application (Docket No. 5617) (the "Application") for an order authorizing the retention of Baker Donelson as U. S. legislative affairs services providers. On June 16, 2004, this Court entered an order approving the Application (the "Retention Order") (Docket No. 5821).

5. On January 24, 2005, the Debtors submitted a motion for authorization to modify and expand the scope of services provided by Baker Donelson (the "Expanded Retention Motion") (Docket No. 7620). In Expanded Retention Motion, the Debtors requested that the fixed, monthly fee paid to Baker Donelson for services related to U.S. legislative affairs be increased from $17,000 to $20,000; and that the Debtors be permitted to retain Baker Donelson for a six-month period, from January 2005 until June 2005, to assist Debtors with respect to their

2

relations with Chinese governmental authorities, for a fixed monthly fee of $35,000 to be paid each month during such six-month period. The Court entered an order approving the Expanded Retention Motion on March 15, 2005 (the "Expanded Retention Order") (Docket No. 8029).

6. Pursuant to the Retention Order and the Expanded Retention Order, Baker Donelson is not required to submit detailed daily time records or expense records as part of its monthly, quarterly, and final fee applications in connection with its retention; provided, however, that in lieu of such records, Baker Donelson submits reasonably detailed summaries of such services as part of its monthly, quarterly, and final fee applications.

## Basis for Relief Requested

7. By this Motion, the Debtors seek authority to modify the retention of Baker Donelson pursuant to sections 327 and 328 of the Bankruptcy Code. Specifically, the Debtors request entry of an order approving the retention of Baker Donelson on an on-going basis to provide services related to the Debtors' interest in China, in accordance with the terms of the January 17, 2006 Letter Agreement with Baker Donelson (the "Letter Agreement," attached hereto as Exhibit A), *nunc pro tunc* to October 1, 2005. For the reasons discussed below, the Debtors believe it would be in the best interest of the Debtors and their bankruptcy estates, and all of the Debtors' creditors for Baker Donelson's retention as special counsel to be expanded as requested herein.

8. The management of the Debtors has determined to further emphasize the pursuit of business opportunities in China. In this regard, the Debtors have opened an office in Shanghai, China in June, 2005. The Debtors believe that its business opportunities in China will be enhanced by the retention of Baker Donelson in order to assist the Debtors in relationship building with governmental leadership in China, as well as in performing other services in China.

3

9.  Baker Donelson has extensive experience in assisting companies doing business in China - a country where securing approvals with respect to conducting business can be somewhat opaque and time-consuming. Consequently, the Debtors desire Baker Donelson to assist the Debtors through contacts on the Debtors' behalf with Chinese governmental authorities at the national, provincial and local levels. Specifically, Baker Donelson will represent Grace's interests by meeting with Chinese ministries and other governmental authorities that regulate the Debtors' businesses operations in China or that establish standards for the use of the Debtors' products. In addition, to Baker Donelson can assist the Debtors in securing necessary regulatory approvals and other governmental consideration of issues relating to the Debtors' operations in China.

### Scope of Proposed Retention

10.  The Letter Agreement provides that Baker Donelson will assist the Debtors in building relationships with government leadership in China, and assist with other aspects of conducting business in China. The Debtors will pay Baker Donelson a fixed basic retainer fee of $10,000 each month that the Letter Agreement is in effect, in consideration of such services.

11.  The Letter Agreement also provides the Debtors may request that Baker Donelson perform certain additional services for the Debtors in China, provided that the fee for such additional services may not exceed a total of $10,000 each month (which would be in addition to the basic retention fee specified above).

### *Nunc Pro Tunc* Retention

12.  Because the Debtors required Baker Donelson's assistance in connection with the performance of certain services in China in October 2005, Baker Donelson commenced providing those services to the Debtors in October 2005. Accordingly, subject to this Court's

approval, Baker Donelson intends to seek compensation for its performance of the China Assistance Services, *nunc pro tunc* to October 1, 2005.

### No Adverse Interest

13. Baker Donelson appears to be a "disinterested person" as that term is defined in and construed under 11 U.S.C. § 101(14) and as further set forth in the Affidavit of Joan M. McEntee (the "Affidavit") submitted in support of the Expanded Retention Motion. Baker Donelson does not represent or hold any interest adverse to the Debtors or to the estates with respect to the specific matters for which the Debtors seek the expansion of employment.

### Compensation

14. The Letter Agreement provides that the Debtors will pay Baker Donelson: (a) a fixed basic retainer fee of $10,000 for each month that the Letter Agreement is in effect in consideration of its assisting the Debtors in building relationships with government leadership in China and other aspects of conducting business in China, and (b) in addition to the basic retainer fee, a fee of up to $10,000 each month for certain additional services requested by the Debtors in China.

15. Unless otherwise provided herein, Baker Donelson will seek compensation and reimbursement of expenses in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy procedure, the Local Bankruptcy Rules and any orders of this Court, including without limitation: (a) the Administrative Procedures Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Interim Compensation and Reimbursement of Expenses for Professional and Official Committee members, dated May 3, 2001 and (b) the Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, dated April 17, 2002 (together, the "Interim Compensation Order").

16.  Although the Interim Compensation Order requires Baker Donelson to submit monthly, quarterly and final fee applications, consistent with the Retention Order and the Expanded Retention Order, Baker Donelson is not required to submit detailed hourly reports of its services in such applications. Instead, Baker Donelson will continue to submit monthly, quarterly and final fee applications, which include reasonably detailed descriptions of the scope of services provided during the applicable period.

### Notice

17.  Notice of this Motion has been given to (i) the Office of the United States Trustee, (ii) counsel to the debtor-in-possession lenders (iii) counsel to the official committees appointed by the United States Trustee and (iv) parties requesting notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtors submit that no further notice should be required.

### No Prior Request

18.  No prior application for the relief requested herein has been made to this or any other Court.

### Conclusion

19.  For the reasons set forth above, the Debtors believe that the attorneys at Baker Donelson are well qualified to act on the Debtors' behalf for the expanded scope of employment as specified in this Motion. The Debtors further believe that the expansion of Baker Donelson's employment is necessary and in the best interest of the Debtors and their estates.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto, authorizing the expansion of the employment of Baker Donelson to provide services related to the Debtors' interest in China on an on-going basis, and grant such other and further relief as is just and proper.

Wilmington, Delaware
Dated: January 17, 2006

Respectfully submitted,

KIRKLAND & ELLIS LLP
Janet S. Baer
Salvatore F. Bianca
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

*And*

PACHULSKI, STANG, ZIEHL, YOUNG, JONES
& WEINTRAUB, PC

*/s/ James E. O'Neill*

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
(302) 652-4100

Co-Counsel for the Debtors and Debtors in Possession