# Exhibit A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| W. R. GRACE & CO., et al. ) | Case No. 01-01139 (JKF) |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | |
| ) | Re: Docket Nos. 9302, 11307, 11434, 11533 |
| ) | January 30, 2006, Agenda Item No. 10 |
| ) | |

**DEBTORS' LIMITED REPLY IN SUPPORT OF THEIR MOTION TO STRIKE OR COMPEL FULL DISCLOSURE OF THE PROPERTY DAMAGE COMMITTEE'S PHASE I FACT WITNESSES**

While heavy on rhetoric, the PD Committee's Objection (Docket No. 11533) to Debtors' December 23, 2005 "Motion to Strike or Compel Full Disclosure of the PD Committee's Phase I Fact Witnesses" (Docket No. 11434) only confirms that there is no place for fact witness testimony at the Phase I *Daubert* hearing on the relevance and reliability of the dust sampling methodology. Debtors will present their Motion and address the PD Committee's Objection to the Motion at the January 30 hearing. Nevertheless, without waiving any of their arguments, Debtors submit this limited reply in order to address several false and misleading statements made by the PD Committee in its Objection.

1. *First*, the PD Committee implies that the fact witness portion of its Phase I Witness Disclosure is somehow acceptable—even though it provides no meaningful information about who the Committee's anticipated fact witnesses are or the subjects of their testimony—because it is an "initial" disclosure rather than a "final" witness list. (Objection at 1, 4) Debtors' position is that there is no need for fact witnesses at the Phase I hearing on dust sampling, but if the PD Committee were permitted to call fact witnesses, it cannot postpone their disclosure based on this nonsensical reason.

91100-001\DOCS_DE:114534.1

2.	Pursuant to the Court's August 29, 2005 Case Management Order, the PD Committee was to identify by December 8, 2005 "any fact witnesses they intend to call to testify as to Phase I issues, and the general subject matter of fact witnesses' testimony." (Docket No. 9302 at ¶ 13) The Committee did not do so, as it tacitly admits. While the Case Management Order also requires PD Estimation Participants to file a "final fact witness/expert list in respect of the Phase I hearing" by February 20, 2006 (the deadline has since been extended 60 days by agreement), the final list is not due until *after* the close of discovery. (*Id.* at ¶¶ 7, 15, 16) The PD Committee cannot wait until discovery is closed to finally reveal its anticipated fact witnesses and the subjects of their testimony. That's the whole point of having an initial disclosure: to provide PD Estimation Participants with enough information about anticipated witnesses to allow them to initiate and complete discovery *before* the cutoff.

3.	*Second*, the PD Committee claims that Debtors have engaged in "obstreperous [discovery] tactics" and "refuse[d] to produce documents to the PD Committee." (Objection at 7) Once again, this accusation (made in connection with the PD Committee's flawed argument that it should not have to fully disclose its Phase I witnesses because Debtors have not provided adequate discovery) is plain wrong. Debtors have already produced to the PD Committee their entire Case Management Database of property damage cases, an index to documents in the Boston document repository, hundreds of settlement agreements, and numerous discs containing insurance-related files. In their December 16, 2005 Response to the PD Committee's First Request for Production of Documents, Debtors offered to produce *millions* of pages of documents. Debtors and the PD Committee participated in meet and confer calls on January 13 and January 18, 2006 and Debtors are prepared to have the PD Committee visit their facilities to review documents as soon as convenient dates can be scheduled.

2

4.      *Third*, the PD Committee contends that Debtors "blatantly misrepresent[ed] to the Court that they attempted to meet and confer" regarding the witness disclosures. (Objection at 8) The Committee's accusation is baseless. On December 21, 2005, before filing the motion to strike, counsel for Debtors sent an e-mail to Martin Dies, Special Counsel for the PD Committee handling Estimation Phase I issues. The e-mail to Dies stated as follows:

> "We have received the PD committee's fact/expert disclosure for Phase 1. We think there are problems with overbreadth and irrelevance in the fact witness portion. I plan to get a motion to strike this portion of the disclosure on file, but *I'm happy to discuss the issues with you to see if we can resolve them without the need for a hearing. Let me know how you'd like to proceed on this.*"
> (emphasis added)

Debtors never received a response from the PD Committee with respect to their e-mail offer to discuss the issues raised by the disclosures.

5.      In sum, the PD Committee's Objection contains several false and misleading statements that the Court should disregard when reviewing Debtors' Motion and the PD Committee's Objection. As noted above, Debtors will address the PD Committee's substantive arguments at the January 30, 2006 hearing.

3

91100-001\DOCS_DE:114534.1

Wilmington, Delaware
Dated: January 20, 2006

Respectfully submitted,

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Michelle H. Browdy
Janet S. Baer
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

*And*

PACHULSKI, STANG, ZIEHL, YOUNG, JONES
& WEINTRAUB, PC

*/s/ James E. O'Neill* By SGMS 4283

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
(302) 652-4100

Co-Counsel for the Debtors and Debtors in Possession

4