IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>W.R. GRACE & CO., et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 01-01139(JKF)<br><br>(Jointly Administered)<br><br>**Claim Nos.: 6945 and 6948**<br><br>**Hearing Date: January 24, 2006**<br>**Response Deadline: January 20, 2006** |

**SURREPLY OF THE PRUDENTIAL INSURANCE COMPANY OF AMERICA TO THE DEBTORS' FIFTEENTH OMNIBUS OBJECTION (SUBSTANTIVE) TO ASBESTOS PROPERTY DAMAGE CLAIMS AS IT RELATES TO DAMAGE AT: (1) CENTURY CENTER I (CLAIM NO. 6945) AND (2) CENTURY CENTER IV (CLAIM NO. 6948)**

The Prudential Insurance Company of America ("Prudential"), by and through its co-counsel, Jaspan Schlesinger Hoffman LLP and Riker, Danzig, Scherer, Hyland & Perretti LLP, hereby submits this Surreply in connection with the Debtors' Fifteenth Omnibus Objection to Asbestos Property Damage Claims (the "Omnibus Objection to PD Claims"), and respectfully states as follows:

<u>**Preliminary Statement**</u>

Prudential's Century Center I claim (Claim No. 6945) and Century Center IV claim (Claim No. 6948) (collectively, the "Century Center Claims") relate to asbestos property damages that have been the subject of a lengthy prepetition litigation in the United States District Court for the District of New Jersey (the "District Court"). In June 1994, the District Court issued a written opinion in the litigation ruling that, with respect to statute of limitations issues, the statute of limitations of New Jersey, and not Georgia (among other states), applies to all of Prudential's claims no matter where the buildings were located. Notwithstanding the District

Court's binding decision, the Debtors are now attempting to re-litigate in this Court the same issues that the District Court has already decided. Because the District Court has already decided that New Jersey's statute of limitations applies to Prudential's claims, the Debtors are barred under the doctrine of collateral estoppel from re-litigating that issue in this Court in an effort to have this Court apply the Georgia statute of limitations.

### Background: The District Court Opinion

1.      On October 20, 1987, Prudential filed a Complaint against W.R. Grace & Co. and other asbestos manufacturers commencing an action in the District Court captioned <u>The Prudential Insurance Company of America, et al. v. United States Gypsum</u>, Civil Action Nos. 87-4227, 87-4238 (the "Asbestos Litigation"). The Asbestos Litigation sought recovery against the Debtors and other defendants for Prudential's damages arising from the installation of the Debtors' asbestos containing products in certain properties owned by Prudential.

2.      The Asbestos Litigation was heavily litigated, including extensive discovery and substantial motion practice by the parties. Among the pretrial motions heard by the District Court were motions for summary judgment addressing statute of limitations issues. In connection with these motions, the Debtors filed nine (9) separate briefs. Prudential also provided the District Court with extensive briefing with respect to these issues.

3.      After consideration of the voluminous briefing and argument on these issues, on June 9, 1994, the District Court issued a written opinion and an Order denying the Debtors' motion for summary judgment on statute of limitations grounds (the "District Court Opinion"). A true and complete copy of the District Court Opinion and related Order is attached hereto as Exhibit "A."

4.    Central to the reasoning of District Court Opinion was the District Court's examination of which state's statute of limitations should apply to Prudential's claims:

> First, I will address defendants' motion of summary judgment [seeking to dismiss] Prudential's' claim as barred by the statute of limitations. The threshold inquiry is into what state's law should govern.
>
> . . .
>
> The defendants contend that the applicable statute of limitations is the statute of the state in which each affected building is located. Thus, for example, Prudential's claim regarding a building in Wisconsin is governed by Wisconsin law. And so on. In defendants' view, these statutes mandate that all of Prudential's claims be dismissed. Prudential responds by arguing that New Jersey's fairly lengthy statute of limitations applies to all of its state law claims.

(District Court Opinion at 10.)  Among other things, the Debtors specifically argued to the District Court that Georgia law should apply to the Prudential claims related to properties located in Georgia, including the Century Center Claims.

5.    Following a comprehensive analysis of statute of limitations choice of law doctrine, the District Court ruled that the statute of limitations of New Jersey, and not the states where the individual Prudential properties were located, should apply to Prudential's claims in the Asbestos Litigation:

> [T]here is essentially a presumption [under New Jersey law] that [New Jersey's] statute of limitations applies, which is based on New Jersey's substantial interest in compensating its domiciliaries. . . . At any rate, this is not a case where the plaintiff's only connection to New Jersey is the fact that it is domiciled in New Jersey. . . . [T]he defendants have some contacts with New Jersey [and] many of the corporate financial decisions for which Prudential seeks compensation took place in New Jersey.
>
> . . .
>
> **Thus, I conclude that because plaintiff Prudential is a New Jersey domiciliary whose primary place of business is in New Jersey, the New Jersey Supreme Court would be persuaded by its interest in compensating its domiciliary to apply its own statute of limitations in this case.**

(District Court Opinion at 15-16 (emphasis added).)  As a result, the District Court ruled that the

statute of limitations of New Jersey, and not the statute of limitations of Georgia, applies to Prudential's asbestos property damage claims, including the Century Center Claims.

6.    In applying the New Jersey statute of limitations to the Prudential claims, the District Court denied the defendants' motion for summary judgment. (See District Court Opinion at 16-30 and 53.)[1]

## The Prudential Claims Asserted in the Debtors' Bankruptcy Cases

7.    On April 2, 2001, the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") commencing these bankruptcy cases, now jointly administered.

8.    On April 22, 2002, the Court entered an Order (the "Bar Date Order") fixing March 31, 2003 as the last date for all persons or entities holding asbestos property damage claims against the Debtors to file proofs of claim.

9.    In compliance with the Bar Date Order, on March 24, 2003, Prudential timely filed eight (8) separate proofs of claim for asbestos property damage claims, which claims directly relate to the claims asserted in the Asbestos Litigation (the "Prudential Claims"). Among the Prudential Claims were the Century Center Claims.

---

[1] In the Debtors' Reply to which this Surreply responds, Debtors misstate that the Third Circuit subsequently granted the "defendants' statute of limitations motion." See Debtors' Reply in Support of Their Fifteenth Omnibus Objection (Substantive) to Asbestos Property Damage Claims [Docket No. 11428] at 8.   This statement is misleading as it fails to point out that the Third Circuit in 2004 only addressed Prudential's Federal RICO Claims and whether those claims were time-barred, not whether any of Prudential's state law claims were time barred. Prudential Ins. Co. of America, et al. v. United States Gypsum Co., et al., 359 F.3d.226, 233 (3d Cir. 2004). Significantly, RICO uses a four-year statute of limitations period, in contrast to New Jersey's six-year limitations period. Indeed, The Third Circuit was careful and clear that its holding was only applicable to RICO claims, not to the state law tort claims brought by Prudential. Specifically when addressing certain cases cited by Prudential, the Third Circuit explained, inter alia, that the plaintiffs in those cases had "pursued their redress through state-law claims that require different accrual analyses than used in RICO cases." Id. at 237 (emphasis added). The Court concluded that "[t]he different legal principles governing the [state law] claims and the limited scope of injury involved in these cases requires different considerations for calculating statute of limitations periods that are not applicable to Prudential's broad RICO claims here." Id. at 237.(emphasis added).  Thus, without question, the Third Circuit's 2004 Prudential Decision did not address the state law claims that are the basis for the proofs of claim filed by Prudential and any reliance on that decision by the Debtors is misplaced.

10.    On September 1, 2005, the Debtors filed their Fifteenth Omnibus Objection to PD Claims, asserting, among other things, objections to the Prudential Claims.

11.    On October 24, 2005, Prudential filed a Response of the Prudential Insurance Company of America to the Debtors' Fifteenth Omnibus Objection (Substantive) to Asbestos Property Damage Claims as it Relates to Damage at: (1) Century Center I (Claim No. 6945); (2) Century Center IV (Claim No. 6948); (3) Brookhollow (Claim No. 6949); (4) First Florida Tower (Claim No. 6951); (5) Northwest Financial Center (Claim No. 6947); (6) Short Hills Office Building (Claim No. 6952); (7) Southdale Office Complex (Claim No. 6946); and (8) 1100 Milam (Claim No. 6950) [Docket No. 10571].

12.    As a result of a Scheduling Order entered by the Court on January 6, 2006 [Docket No. 11503] (the "Scheduling Order"), the Debtors are required to proceed with their statute of limitation objections to the Century Center Claims at a hearing before the Bankruptcy Court on January 24, 2006. Notably, the Debtors' objections to the other Prudential Claims are not to be heard at the hearing, nor are any objections to the Century Center Claims on grounds other than statute of limitations.

13.    In support of the objection to the Century Center Claims on statute of limitations grounds, the Debtors submitted the Debtors' Reply in Support of Their Fifteenth Omnibus Objection (Substantive) to Asbestos Property Damage Claims [Docket No. 11428] (the "Debtors' PD Objection Reply"). Notwithstanding the fact that the District Court Opinion determined that the statute of limitations of New Jersey, not Georgia, controlled as to the Century Center Claims, the Debtors' PD Objection Reply now seeks to apply the Georgia statute of limitations to those claims.

## **LEGAL ARGUMENT**

I.     **COLLATERAL ESTOPPEL REQUIRES APPLICATION OF NEW JERSEY'S STATUTE OF LIMITATIONS TO THE CENTURY CENTER CLAIMS, RENDERING THE DEBTORS' STATUTE OF LIMITATIONS OBJECTION INVALID**

14.     The Debtors should not be allowed to abuse the judicial process by re-litigating an issue previously decided by the District Court – specifically the applicability of the statute of limitations of New Jersey, instead of Georgia, to Prudential's Claims – and are barred from doing so pursuant to the doctrine of collateral estoppel.

15.     Collateral estoppel (also called issue preclusion) prohibits a party from litigating issues that have been previously adjudicated in a prior litigation. In re Docteroff, 133 F.3d 210, 214 (3d Cir. 1997); see also Grogan v. Garner, 498 U.S. 279, 284-85, n. 11 (1991) (discussing the application of collateral estoppel in various bankruptcy proceedings). Allowing a debtor to re-litigate issues that were decided in pre-bankruptcy proceedings would be an endorsement of an abuse of the judicial process. In re Docteroff, 133 F.3d at 216.

16.     The Third Circuit has established that the following elements must be shown in order for collateral estoppel to apply: "(1) [the] issue sought to be precluded must be the same as the one involved in the prior action; (2) [the] issue must have actually been litigated;  (3) [the] issue must have been determined by a valid and final judgment; and (4) [the] determination must have been essential to the prior judgment." Id. at 214 (citing In re Ross, 602 F.2d 604, 608 (3d Cir. 1979)). Each of these elements is met here. Indeed, in their reply, Debtors' only challenge

the finality of the District Court Opinion.[2]  Specifically, with no further explanation, the Debtors

simply assert that "[t]he Prudential decision does not constitute a 'final judgment on the merits'

that could preclude Grace from pursuing its statute of limitations objections." (Reply Br. at 8).

This statement ignores both the facts of this case as well as the jurisprudence addressing the

"finality" requirement for issue preclusion.

17.    It is well-established that, "[u]nlike claim preclusion, the effectiveness of issue

preclusion, sometimes called collateral estoppel does not require the entry of a judgment, final in

the sense of being appealable." In re Brown, 951 F. 2d at 564 (finding summary judgment

motion sufficiently final to support application of issue preclusion).  Rather, "[f]inality may

mean little more than that the litigation of a particular issue has reached such a stage that a court

sees no really good reason for permitting it to be litigated again." Id. at 569 (quoting, Dyndul v.

Dyndul, 620 F.2d 409, 412 (3d Cir. 1980)).  "Finality" for purposes of issues preclusion, is

determined by evaluating "whether the parties were fully heard, whether a reasoned opinion was

filed, and whether that decision could have been, or actually was, appealed." Id. at 569 (quoting

Restatement (Second) of Judgments §13 (1982).)

18.    There can be no question that the District Court Opinion was sufficiently final.

First, that decision followed extensive briefing by the parties that gave all affected litigants the

opportunity to be heard.  In particular, prior to the District Court Opinion there were more than

---

[2] In their Reply in Support of their Fifteenth Omnibus Objection, Debtors mischaracterize Prudential's arguments.  Debtors' argue that the District Court Opinion "did not hold that [Prudential's] claims are not time-barred by the statute of limitations." (Reply Br. at 8.)  That statement is true as far as it goes, but it does not address the issue currently before this Court. Prudential does not argue that the District Court Opinion found that its claims were timely.  Instead, the District Court denied Debtors', and other defendants', motion for summary judgment because of material fact disputes. In making that ruling, however, the District Court did address and rule that New Jersey's statute of limitations governs all of Prudential's state law claims.  Thus, the  District Court Opinion precludes the Debtors' from re-litigating what state's statute of limitations applies to Prudential's claims.  The District Court fully and fairly decided in June 1994 that New Jersey's statute of limitations applies to Prudential's claims.

thirty (30) memoranda of law submitted by the parties addressing various statute of limitations issues. Indeed, W.R. Grace alone submitted nine (9) briefs in support of and in opposition to the numerous motions addressing statute of limitations. It is indisputable that Debtors had a full and fair opportunity to be heard in the Asbestos Litigation.

19.    Second, there can be no question that the District Court fully and adequately addressed all of the issues relevant to the applicable statute of limitations. In the District Court Opinion, the Court devoted seven (7) pages to evaluating the choice of law and applicable statute of limitations. The Court thoroughly analyzed the applicable legal principles and addressed each of the parties' contentions. In particular, the court fully evaluated the defendants' argument that it should separately apply the statute of limitations of each state where Prudential's buildings were located—the same argument Debtors now attempt to make—and, conversely, Prudential's contention that New Jersey's statute of limitations applies to all of its state law claims. Based on the number of substantial contacts Prudential and the defendants had with New Jersey, and New Jersey's interests as the forum state, the District Court determined that New Jersey's statute of limitations governs Prudential's state law claims. (District Court Opinion at 16.)

20.    Finally, with respect to whether the District Court Opinion was or could have been appealed, it must be considered that, following the District Court Opinion W.R. Grace, along with the other defendants, filed a motion to seeking to certify the following question, among others, for interlocutory appellate review:

> What is the choice of law standard for determining the applicable statutes of repose and statutes of limitations in an action involving one New Jersey plaintiff, one non-New Jersey plaintiff, four non-New Jersey defendants and 39 parcels of real estate located in 18 different states?

The defendants' motion was denied. However, Debtors' efforts did not end there. In November 1994, the Debtors, along with the other defendants, filed a petition for a writ of mandamus asking the Third Circuit to review the District Court's choice of law ruling. That petition was similarly denied. Thus, the District Court Opinion has withstood sufficient scrutiny so as to mandate treatment as a "final" decision for purposes of issue preclusion.

21.    The Debtors base their entire statute of limitations objection to the Century Center Claims on the erroneous supposition that a Georgia, and not New Jersey, statute of limitations applies to those claims. The District Court Opinion, however, specifically provided that a New Jersey, and not Georgia, statute of limitations applies to the Century Center Claims. By application of collateral estoppel, the Debtors cannot now re-litigate the applicable statute of limitations, but instead are bound by the District Court Opinion. Because the Debtors' entire objection depends upon the applicability of a Georgia, not New Jersey, statute of limitations, the District Court Opinion renders the Debtors' entire objection invalid.

22.    Notwithstanding the paramount importance of the District Court Opinion in this matter, the Debtors devote very little of their argument as to why the District Court Opinion should not apply. Indeed, their argument admits that the District Court did rule on the very issue of the applicable statute of limitations:

> [I]n denying the defendants' summary-judgment motion, the Court applied the New Jersey statute of limitations to all of the claims, regardless of where the underlying buildings were located. *See* [District Court Opinion] at 16.[] As a result, the [District Court] applied New Jersey's statute of limitations rules (including New Jersey's discovery rule) to the Georgia buildings that are the basis for the Prudential's claims [sic].

(Debtors' PD Objection Reply at 8.)    The Debtors proceed to argue that the District Court Opinion is "inapposite" to this Court's review of Prudential's claims. (Id.)    Incredibly, however,

the Debtors do not provide <u>any</u> legal authority in support of their summary assertion – perhaps because the entire weight of legal authority, including United States Supreme Court and Third Circuit precedent, contradicts the Debtors' arguments. <u>See</u> <u>Grogan</u>, 498 U.S. at 284-85, n. 11; <u>Brown</u>, 951 F.2d at 569.

23.    This Court should not "re-invent" a wheel that was "invented" and turned almost 12 years ago by a district court that was fully familiar with the intricacies of the claims at issue and that fully and fairly analyzed the same choice of law question the Debtors now seek to raise. Consequently, this Court should hold that New Jersey's statute of limitations applies to the Prudential Claims and, as a result, overrule the Debtors' D-2 and D-4 Objections.

## II.    A CHOICE OF LAW ANALYSIS WOULD ALSO LEAD THIS COURT TO APPLY NEW JERSEY'S (AND NOT GEORGIA'S) STATUTE OF LIMITATIONS TO PRUDENTIAL'S CLAIMS

24.    Assuming, *arguendo*, that the District Court had not considered and ruled against the Debtors on the statute of limitations choice of law issue, the Debtors nevertheless fail to demonstrate to this Court why a Georgia statute of limitations should apply to the Century Center Claims. Despite their burden of proof in presenting an objection to a *prima facie* valid claim, <u>see</u> <u>In re Allegheny Int'l, Inc.</u>, 954 F.2d 167, 173 (3d Cir. 1992), the Debtors have not provided this Court with any requisite authority on the choice of law doctrine governing which state's statute of limitations should apply. Nevertheless, a review of applicable caselaw supports a finding that, even absent the District Court Opinion, the New Jersey statute of limitations should apply to the Century Center Claims.

25.    In considering which state's law to apply, where a properly filed case has been transferred from a federal court sitting in one state to a federal court sitting in another, the transferee court should use the state law of the transferor court as if there had been no change of

venue – otherwise a defendant could use a transfer of venue to avail itself of a shorter statute of limitations in another state.  See Van Dusen v. Barrack, 376 U.S. 612, 629-39 (1964); Ferens v. John Deere Co., 494 U.S. 516, 519 (1990); see also Weber v. McDonald's Sys. of Europe, Inc., 660 F. Supp. 10 (D. Del. 1985) (citing Van Dusen); cf. In re Merritt Dredging Co., 839 F.2d 203, 206 (4th Cir. 1988) ("It would be entirely anomalous to have the same property interest governed by the laws of one state in [non-bankruptcy] proceedings and by the laws of another state where a federal court is sitting in bankruptcy.").  Instead, plaintiffs must be allowed to retain "whatever advantages may flow from the state laws of the forum they have initially selected."  Van Dusen, 376 U.S. at 633.

26.    Here, Prudential selected the District Court in New Jersey as the forum for its properly filed Asbestos Litigation.  While the litigation of the Prudential Claims has been transferred to this Court by virtue of the Debtors' filing for bankruptcy protection, this Court should apply the state law of the New Jersey District Court, as the transferor court.  See Van Dusen, 376 U.S. at 629-639; Weber, 660 F. Supp. at 13; Computer Assocs. Int'l, Inc. v. Altai, Inc., 22 F.3d 32, 35, n. 3 (2d Cir. 1994) (discussing the transferee court's adoption of New Jersey's choice of law rules in a statute of limitations context).  Applying the choice of law rules of New Jersey, this Court would need to weigh the same considerations that the District Court reviewed in the District Court Opinion, and would invariably come to the same conclusion – that the New Jersey statute of limitations applies to the Prudential Claims.  As a result, even ignoring for a moment the binding precedent of the District Court Opinion, the Debtors' statute of limitations objection would fail because it wrongly presumes the statute of limitations that would apply.

## CONCLUSION

WHEREFORE, for all of the foregoing reasons, Prudential respectfully requests that the

Court overrule the Debtors' objections as they relate to the Century Center Claims and grant

such other and further relief as the Court determines just and equitable.

Date:    January 20, 2006

/s/ Frederick B. Rosner
Frederick B. Rosner (No. 3995)
JASPAN SCHLESINGER HOFFMAN LLP
913 North Market Street, 12th Floor
Wilmington, DE  19801
Tel: (302) 351-8000
Fax: (302) 351-8010

- and -

RIKER, DANZIG, SCHERER, HYLAND
  & PERRETTI LLP
Robert J. Gilson, Esq.
Joseph L. Schwartz, Esq.
Headquarters Plaza
One Speedwell Avenue
P.O. Box 1981
Morristown, New Jersey 07962-1981
(973) 538-0800
Email: rgilson@riker.com
Email: jschwartz@riker.com

Co-counsel for The Prudential Insurance Company of
America

3616415.5