IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 01-01139 (JKF) |
| W.R. Grace & Co., et al., | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | Re: Docket No. 11547 |
| | ) | |

**ANDERSON MEMORIAL HOSPITAL'S MOTION FOR AN EXTENSION OF TIME TO RESPOND TO DEBTORS' BRIEF DESCRIBING THE PURPOSE THAT PUBLICATION NOTICE SERVED IN THE DEBTORS' BAR-DATE NOTICE-PROGRAM AND TO ADJOURN THE HEARING ON MOTION FOR CLASS CERTIFICATION NOW SCHEDULED FOR JANUARY 26, 2006**

Pending before the Court is a Motion for Class Certification ("Motion") filed by Anderson Memorial Hospital ("Anderson") through its counsel, Speights & Runyan ("S&R"). At the hearing on December 19, 2005, the Court continued argument on the Motion until January 26, 2006. At the same time, the Court told the parties that at the January hearing, the Court did not want to deal with factual issues or discovery disputes,[1] but wanted to hear the legal issue of "why I need a class action when I have the universe of claims addressed [as a result of the Bar Order]." Hearing (December 19, 2005) at 146. Later in the hearing, the Court told the parties that, "As a legal matter, I want a [supplemental] brief on what the purpose of the constructive notice is and the effect in the event that somebody as to which the debtor should have provided actual notice was missed." Id. at 150.

---

[1] As explained herein, Anderson has not had an adequate opportunity to respond to the Debtors' Supplemental Brief, but it does note that the Debtors acknowledge that "known Creditors are entitled to actual notice of a claims Bar Date." Debtors' Memorandum (January 13, 2006) at 2. Anderson asserts that Grace did not give actual notice to all known claimants, and prior to the December 19, 2005 hearing, Anderson had served discovery to prove this assertion. While Anderson understands that the Court does not want the parties to go forward with discovery until it has addressed the legal issues, it believes that a factual record should be developed on exactly what Grace did, could have done, and did not do to provide actual notice before any final resolution of Anderson's Motion.

The Court initially told the Debtors to file their brief on December 22, 2005, but after the Debtors protested on the ground that it was the same day they had to file their Reply on their 15th Objection, the Court said that the Debtors' brief would be due on January 13, 2006, "a week before" S&R's brief, which the Court said must be sent to the Court before noon on January 20, 2006. Id. at151. Candidly, S&R was not sufficiently alert when this discussion took place between the Court and the Debtors to recognize that this schedule provided that the Debtors would have twenty-five days to brief this issue, while S&R would have only seven days to respond. Moreover, S&R did not realize at that time that the practical effect of the Court's schedule was to provide S&R less than three and a half "working days" to respond because January 13, 2006 was a Friday and January 16, 2006 was a legal holiday which S&R's office observed. Of course, the Court did not tell the Debtors that they had to take the full twenty five days and then send S&R its copy by regular mail.

The Debtors were not satisfied with this advantage. Once again, on Friday evening, after office hours, the Debtors filed their brief and at some point sent S&R a copy by regular mail, which arrived midday on Tuesday, January 17, 2006. The Debtors also submitted an Affidavit stating that they had served S&R's local Delaware counsel on Friday, January 13, 2005 by hand, but as is often the case with these Debtors, the Affidavit was incorrect.[2] The papers were delivered to local counsel's office on January 16, 2006.

---

[2] S&R complained about this practice at the December 19, 2006 hearing, but the Debtors did the same thing with respect to their Notice of Modification of Hearing Dates and Schedules of Objections to be Heard Regarding Debtors' Fifteenth Omnibus Objection. After not receiving this obviously important document setting the roadmap for the 15th Objections, S&R contacted the Debtors on January 10, 2006. The Debtors responded that the document had been filed the previous week "and should have been e-mailed to you." The document arrived later that day, and

S&R believes that this Court intended for the Debtors to provide S&R with a week to prepare a response, not three days.[3] Nevertheless, the Debtors did not serve S&R electronically, even though they customarily do so when they want to start the clock ticking on S&R, as opposed to providing adequate notice.

The problem is exacerbated because S&R's Sur-Reply is due on the same day. The Court was absolutely correct when, in response to the Debtors' plea, it changed the Debtors' due date so that it would not have to file its supplemental brief on the same day as their Reply to the 15th Objection. However, now S&R is supposed to file its supplemental brief on this important issue on the same day it must file its Sur-Reply to more than 600 Objections, and the Debtors have compressed that time period to three days as contrasted to the 25 days they took to prepare and file their brief.

Finally, Anderson obviously needs more than a short extension. After S&R files its Sur-Reply today, it must put together its oral argument on these approximately 600 Objections and travel to Pittsburgh on Monday. Moreover, the issues raised by the Debtors' Supplemental Brief not only require discovery (which S&R understands the Court wants to defer for the time being) but many assertions that involve matters in which S&R had little involvement. Perhaps the best evidence that it will take some time for S&R to prepare its supplemental brief is that the Debtors, who were intimately

---

upon examination, S&R saw that it was filed the preceding Friday, January 6, 2006, and delivered to local counsel's office the following Monday, January 9, 2006. Local counsel sent the document to S&R by overnight mail, which S&R received later on January 10, 2006.

[3]In perfect candor with the Court, Mr. Speights found the Debtors' brief when he logged onto Pacer from his home on Martin Luther King day and also received a copy from local counsel that evening, by telecopier.

involved in the bar date notice briefings and hearings, needed 25 days to file their supplemental brief.

Consequently, S&R has no choice but to ask this Court to continue the hearing on the certification Motion and allow briefing in normal course before the re-scheduled hearing. While S&R is confident that the Debtors will scream, postponing this hearing will in no way prejudice the Debtors' position. (The parties will have plenty to do next week with the approximately 600 Objections on the agenda). Even if it did, S&R should have adequate time to address the issues which the Court has identified as being particularly important to its consideration of the Motion.

Christopher D. Loizides (#3968)
Michael J. Joyce (#4563)
Legal Arts Bldg.
1225 King Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 654-0248
Facsimile: (302) 654-0728
E-mail: loizides@loizides.com

and

SPEIGHTS & RUNYAN
Daniel A. Speights (SC Fed. ID No. 4252)
Marion C. Fairey, Jr. (SC Fed ID No. 6101)
200 Jackson Avenue, East
Post Office Box 685
Hampton, SC 29924
Telephone: (803) 943-4444
Facsimile: (803) 943-4599

January 20, 2006