## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Hearing Date: January 30, 2006 @ 12:00 p.m.** |
| | ) | **Objection Deadline: January 10, 2006** |
| | ) | |
| | ) | **Re: Docket Nos. 11184 and 11523** |
| | ) | |

## REPLY OF BDM CONSTRUCTION COMPANY, INC.
## TO DEBTORS' OBJECTION TO MOTION FOR ORDER GRANTING
## MODIFICATION OF THE AUTOMATIC STAY

BDM Construction Company, Inc. ("BDM"), by and through its undersigned

counsel, pursuant to Section 362 of Title 11 of the United States Code (the "Bankruptcy

Code"), Rules 4001(a) and 9014 of the Federal Rules of Bankruptcy Procedure, and

Local Bankruptcy Rule 4001-1, hereby files its Reply (the "Reply") to the Debtors'

Objection (the "Objection") to the Motion of BDM Construction Company, Inc. for

Order Granting Modification of the Automatic Stay (the "Motion"). The Motion seeks to

permit the State Court Action[1] to proceed to allow BDM Construction Company, Inc.

("BDM") to liquidate its claims against W.R. Grace & Co., et al. ("Grace" or the

"Debtors"), a cross-defendant in the State Court Action, and to satisfy any judgment

obtained from the Debtors' available insurance coverage only. In support of its Reply,

BDM respectfully states as follows:

---

[1] The State Court Action, as defined in the Motion, is currently pending in the Superior Court of the State
of California for the County of Napa captioned *Robert Mondavi Winery v. BDM Construction Company,
Inc.; River City Caulking and Waterproofing; and Does 1-50, Inclusive,* Docket No. 26-26808 (the "State
Court Action"). The Debtor is a cross-defendant in the State Court Action.

I.    **BDM's Motion for Relief Does Not Seek Preferential Treatment**

BDM is not among "the multitude of similarly situated claimants" as alleged by the Debtors in the Objection. Objection at 1. BDM is not a primary asbestos claimant seeking modification of the stay in order to collect money from the Debtors, as are thousands of others. Rather, BDM seeks modification of the stay to establish the Debtors' respective liability in a case brought by plaintiff Robert Mondavi Winery ("Mondavi") seeking damages from BDM for construction losses that BDM believes are attributable to the Debtors' products.

The State Court Action which forms the basis for BDM's Motion has nothing to do with asbestos-related personal injury or property damage claims. Rather, BDM, a small construction company, finds itself a defendant in a $2 million action brought by Mondavi to recover for damages resulting from defects in the waterproofing of a building constructed by BDM, the construction of which included waterproofing material manufactured by Grace and inspected by Grace's agent during construction. BDM's experts have concluded that the failure of the structure's waterproofing may be the result of defective waterproofing material, Procor, manufactured by Grace, and/or negligent recommendation and inspection of the installation of this waterproofing material by Grace. Claims such as this are not driving the reorganization efforts in this case. BDM should not be left to defend the State Court Action on its own while the Debtors' reorganization efforts drag on. Rather, BDM should be allowed pursue its Cross-Complaint (as defined in the Motion) to establish the Debtors' respective liability and liquidate its damages, seeking recovery from the Debtors' available insurance only.

## II.    Sufficient Cause Exists to Lift the Stay

A.    Debtors Will Suffer Minimal Prejudice If the Stay is Modified

The Debtors argue that their estates and creditors would be "greatly prejudiced" if

the automatic stay is modified to permit the State Court Action to proceed.  The prejudice

alleged by the Debtors includes: (1) diversion critical time and resources away from their

reorganization efforts; (2) possibility that other creditors would deluge the Court with

similar motions; and (3) harm due to the fact that the State Court Action litigation is in its

early stages.   While BDM is sensitive to the amount of asbestos-related litigation the

Debtors currently face, these arguments have little merit when applied to BDM's Motion.

1.    Modification of the Stay Will Not Result in Diversion of Debtors' Time
and Resources

First, the Debtors will not be forced to divert critical time and resources away

from their reorganization efforts.  This is a product and construction defects case, and

will not require the participation of the Debtors' officers and managers who are managing

the reorganization efforts.  In fact, the State Court Action will very likely require the

deposition of a single of employee of the Debtors, Bob Dratler, as a percipient witness

and an agent of Grace, who inspected and approved the installation of Grace's

waterproofing materials on site.  To BDM's knowledge, Bob Dratler is not in any way

involved in the Debtors' reorganization efforts.   Moreover, the Debtors' insurance carrier

will retain counsel to defend this action, leaving the Debtors' bankruptcy attorneys free to

pursue the Debtors' reorganization efforts.

The Debtors assert that even if insurance is in place, BDM "has not asserted any

dates on which the actions alleged in its cross-complaint occurred."  Objection at 8.

While BDM has had no opportunity for discovery, BDM has recently recovered records

3

demonstrating Grace's involvement in the construction of the structure at issue from August 25, 1999 through January 18, 2000. *See* Supplemental Declaration of David S. Henningsen in Support of Motion of BDM Construction Company, Inc. For Modification of the Automatic Stay, dated January 20, 2006, and submitted concurrently herewith as "Exhibit A" (the "Supplemental Henningsen Declaration"), at 2. More importantly, the Debtors' own records support BDM's assertion that the alleged conduct took place in 1999. *See* Objection at 3, footnote 2 ("the Debtors' records ... indicate that Grace' s waterproofing material was applied on or around November 1999"). Thus, the Debtors have sufficient information to determine which insurance policies cover the alleged conduct. Insurance carriers providing insurance coverage to the Debtors from August 29, 1999 onward should be involved. The Debtors have refused BDM's requests for information on available insurance or contact information for potentially responsible insurance carriers. *See* Supplemental Henningsen Declaration at 2.

Although the Debtors further assert in the Objection that BDM has misplaced its reliance on "the potential existence of insurance coverage," it is virtually inconceivable that the Debtors do not have insurance in place to cover possible defects in the products it manufactures and possible negligence on behalf of its installation inspection agents. As set forth in the Supplemental Henningsen Declaration, BDM's California legal counsel is aware of Grace's involvement in other lawsuits in Northern California involving construction defect allegations, as well as the fact that Grace has been defended and indemnified in those lawsuits by various insurance carriers and policies.

2.    Debtors' Floodgate Argument Has Little Merit

There is little possibility that other claimants and creditors will seize on a decision

to modify the stay in BDM's case and deluge the Court with similar motions.  BDM is

easily distinguishable from the vast majority of creditors in the Debtors' chapter 11 case,

who are asbestos-related personal injury and property damage claimants, and who will in

all likelihood obtain recovery through a confirmed plan of reorganization and distribution

from a trust established in accordance with 11 U.S.C. section 524(g).  As previously

stated, BDM is not a creditor seeking modification of the stay in order to collect on its

claims against the Debtors.  Rather, BDM seeks modification of the stay to proceed to

establish the Debtors' respective liability to plaintiff Mondavi, and to recover from

available insurance.  BDM challenges the Debtors' assertion that the Court would be

flooded with similar motions.

3.    Early Stage of Litigation Causes No Prejudice to the Debtors

The fact that the State Court Action is in its early stages causes no prejudice to the

Debtors.  As discussed above, the Debtors will not be forced to engage in all aspects of a

lengthy non-bankruptcy state court action, as its insurance carrier will appoint counsel to

defend it in this matter.  Moreover, the Debtors will not be prejudiced by missed

opportunities to engage in discovery and other preliminary negotiations.  In accordance

with local practice in the Northern District of California, the State Court Action is subject

to mediation.  All discovery in the State Court Action has been stayed by a special master

pending a joint expert meeting between the parties, and a mediation currently scheduled

for the end of February and March, respectively.  Discovery will not commence until

after a mediation between the parties has been conducted.  Mediation in this matter is a process from which the Debtors and/or their insurance carrier stands to benefit.

**B.**     **The Hardship to BDM If the Stay is Not Modified Greatly Outweighs Possible Hardship to Debtors**

As opposed to the minimal prejudice to the Debtors presented by a modification of the stay in BDM's case, BDM will likely be forced to pay a disproportionately high amount of any settlement or judgment that results from the State Court Action if the stay is not modified.   Such a burden to a small company like BDM is no small hardship.  If the stay is not modified, BDM shall be prevented from conducting any discovery towards establishing Grace's respective liability in this matter.  The potential of such a hardship constitutes a much greater concern than BDM's mere desire to have its claim adjudicated immediately, as alleged by the Debtors.  Ultimately, it is Mondavi's claim, not BDM's, which must be adjudicated, and BDM will suffer great hardship if it is prevented from establishing Grace's respective liability in this matter.

BDM agrees with the Debtor that the *Bock Laundry* case does not stand for the broad proposition that mere delay is sufficient a hardship to warrant lifting the stay.  However, delay in this matter may effectively deny BDM the opportunity to litigate Grace's respective liability in this matter.  *In re Bock Laundry Machine Company*, 37 B.R. 564 (Bankr.N.D. Ohio 1984).  It is unclear what evidence of the failed structure must be preserved or investigated in order to effectively litigate the claims set forth in the State Court Action and to effectively determine what portion of the liability, if any, should be attributed to Grace as alleged in the Cross-Complaint.  In the event that this matter is resolved without the Debtors' participation, and the damage to the structure at issue is repaired, all of the current conditions will be altered.  Thus, further delay poses a

great hardship to BDM with respect to its ability to effectively litigate its case and weighs in favor of modifying the stay.

**C.    BDM's Likelihood of Success on the Merits Is High**

BDM has more than a reasonable chance of prevailing on the merits of this case. BDM's experts believe that the failed waterproofing of the structure at issue was caused by the failure of the waterproofing product, Procor, which Grace manufactured and recommended, and/or the failure of the installation of the waterproofing product, which Grace's agent inspected and approved during construction. BDM's records establish Grace's involvement as manufacturer of the waterproofing material and inspector of the installation of the waterproofing materials. BDM believes Grace's recommendation of Procor as an appropriate waterproofing material for use in the structure at issue was made to other parties to the State Court Action as well.   In light of the above, BDM believes its likelihood of success on the merits is high and weighs in favor of allowing the State Court Action to move forward.

Moreover, this Court has previously held that the required showing of probability of success on the merits is "very slight." *See Rexene Products*, 141 B.R. at 578.  The State Court Action clearly presents triable factual issues.  Moreover, no party has filed a motion for summary judgment. *See, e.g., Fernstrom*, 938 F.2d at 736 (ordering automatic stay lifted where the underlying action was not frivolous).

BDM respectfully submits that in view of the foregoing, the automatic stay should be modified to permit the State Court Action to continue and to enable BDM to satisfy any judgment obtained against the Debtors from the Debtors' available insurance coverage.  The Debtors' estates will not be unduly prejudiced by continuing the State

Court Action, the hardship to BDM by maintenance of the automatic stay greatly outweighs the hardship to the Debtors, and BDM has more than a reasonable chance of prevailing on the merits.

**WHEREFORE**, BDM respectfully requests that the Court enter an Order in the form attached: (i) modifying the automatic stay to allow the State Court Action to proceed to judgment and to enable BDM to satisfy its claims, as asserted in its Cross-Complaint, in the State Court Action from the Debtors' existing insurance coverage; and (ii) granting BDM such other and further relief as the Court deems just and appropriate.

Dated:  January 20, 2005                    ASHBY & GEDDES, P.A.

                                            _AMWinfree_____
                                            William P. Bowden (#2553)
                                            Don A. Beskrone (#4380)
                                            Amanda M. Winfree (#4615)
                                            222 Delaware Avenue
                                            17th Floor
                                            P.O. Box 1150
                                            Wilmington, Delaware 19899
                                            Tel: (302) 654-1888

                                            *Attorneys for BDM Construction Company, Inc.*

165856.1

8