IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al. | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | | Re: Docket No. 10014, 11593 |
| | | Hrg date: January 26, 2006, 9:00 a.m. |

## DEBTORS' OPPOSITION TO ANDERSON MEMORIAL'S REQUEST FOR AN EXTENSION

In October 2005, more than three years after the Bar Date had passed and after extensive evidence was uncovered that Speights & Runyan had filed thousands of unauthorized PD claims in Grace's Chapter 11 without permission from claimants, Speights & Runyan filed a motion for class certification seeking to relitigate issues this Court addressed nearly four years ago. Docket 10014; *see also* Docket 11245 (Debtors' Opposition). As the Debtors explained at the time, Speights' class certification motion is nothing but a frivolous delay tactic, designed to confound the resolution of Grace's property damage claims just as Speights' claims are finally being thrown out by the hundreds. 10/31/05 Tr. at 93-94. Speights' latest motion for an extension is more of the same and should be denied. The class certification motion should be heard -- and denied -- at the January 24-26 hearings, exactly as this Court provided, and the estate should be reimbursed by Speights for all costs and fees incurred as a result of Speights' continued misconduct in pursuing the class certification motion.

1. More than two years after the expiration of the Bar Date, on October 21, 2005, Speights & Runyan filed a motion for class certification on behalf of Anderson Memorial Hospital and *all property owners everywhere* "whose buildings contain or used to contain the asbestos-containing surface materials for which the Debtors are responsible." (Dkt. No. 10014 at

1).

2. At the October 31, 2005 hearing on Speights' Anderson Memorial claims, the Debtors complained that Speights' new class certification motion was nothing but an attempt to delay resolution of Grace's bankruptcy proceeding and reverse the months-long effort of the Debtors to eliminate thousands of claims filed improperly by Speights. The Debtors noted their concern that "Speights has raised the issue, gee, we may need to take discovery. I mean, it's just going to get dragged on and on. The whole point is we started with a huge number of claims. We're getting rid of them. We've cut them in half. It's getting smaller and smaller. And they're going to try to use the issue of an open class certification to open the door wide open again." (10/31/05 Tr. at 93-94).

3. In response, the Court said that "I think I need a brief on what I believe to be a *legal issue* which is with the bar date having past and you now know the universe of individual claims, how the class can be any bigger than the individual claims because it seems to me if the bar date notice was appropriate, and I found that it was, that's why I let it go out, and an individual hasn't filed a proof of claim, then they can't be part of a class because they haven't submitted a claim, I think. *But I want that issue briefed.*" (Id. at 94, emphasis added.)

4. Consistent with this Court's ruling on October 31, the class certification motion was set for hearing on December 19, 2005 and the Debtors filed their opposition brief on December 2, 2005 (Dkt. No. 11245).

5. *Exactly* as the Debtors predicted at the hearing in October, Speights served five separate discovery requests on the Debtors December 13, 2005, just days before the class certification hearing, solely to delay the court's decision on that motion. None of the topics covered by Speights' requests implicated issues that the Court needed to decide the class certification hearing. Instead, they sought stale and/or irrelevant information unnecessary to decide the merits of Speights' motion, The Debtors' Motion for Protective Order as to that discovery is pending. Docket 11365.

6. Next, at the December 19 hearing, as expected, Mr. Speights *again* sought to

2

defer the hearing of the class certification motion. In response, the Court held that hearing on the merits would go forward in January, and that additional briefing was requested on the narrow legal issue of the purpose of the Debtors multimillion dollar constructive notice program. 12/19/05 Tr. at 150-51. The Debtors' supplemental brief was due on January 13, 2006, and Speights' supplemental brief was due on January 20, 2006. *Id.* at 152.

7. In Speights' next delay tactic, on December 22, 2005, Speights filed yet more frivolous papers designed to prolong the resolution of the class certification decision, seeking to lift the stay of the *Anderson Memorial* case in South Carolina. The Debtors' opposition was filed on January 10, 2006 and is pending.

8. Speights' latest attempt to delay the hearing is the motion for continuance filed on January 20, 2006, the deadline for Speights' supplemental legal brief and only days before the anticipated argument on Speights' frivolous class certification motion.

9. Speights' motion for continuance complains about Speights' apparent late receipt of the Debtors' brief that was timely filed on January 13, 2006. Yet Speights pointedly ignores the fact that Speights and its local counsel *knew* the brief was being filed on January 13 -- and had *immediate* electronic access to the brief on January 13 via the Court's Pacer system.

10. Speights' motion for continuance further complains that Speights does not have time to respond to the Debtors brief -- which weighed in at a whopping 7.5 pages -- and that the issues raised "require discovery" and "will take some time." Docket 11604 at p. 3-4. Yet, the Debtors' brief was responding solely to the single legal issue posed by this Court to both the Debtors *and Speights* at the December 19, 2005 hearing: Speights has had more than a month to research and address the Court's question and certainly did not need to wait for the Debtors' brief to undertake that work.

11. The bottom-line is, as has been obvious from the start, Speights has no interest in having the merits of the class certification motion heard by this Court. As set out in detail in the Debtors' opposition papers and supplemental brief, Docket No. 11245 and 11547, Speights' class certification motion is utterly without merit and has been filed solely as an obstacle to try to

increase Speights' leverage in the ongoing and complex process of plan negotiations. Speights has and will continue to throw stumbling block after stumbling block to defer resolution of this motion, wasting the time and money of the estate in the process just as Speights has for months.

12.  As this Court recognized in October, the issue Speights raises in the class certification motion is a legal one. The issues can be decided based on Speights' opening papers and the opposition submitted by the Debtors submitted on December 2, 2005. The Court also has the benefit of the Debtors' supplemental pleading filed January 13, 2006. Speights had more than a month to consider the supplemental issue raised by the Court in December, was afforded the opportunity to submit a supplemental brief addressing it on January 20, 2006 and made the tactical decision not to. That was Speights' decision. But this Court has plenty of information available to it to proceed with hearing on the issue at bar, even without a supplemental brief from Speights.

WHEREFORE, for the forgoing reasons, the Debtors respectfully request that the Court deny Speights' motion for continuance; hear the motion for class certification at the January 24-26 hearings in Pittsburgh; deny Speights' motion for class certification; and order Speights to reimburse the estate for all costs and fees associated with responding to that motion.

Wilmington, Delaware
Dated:  January 23, 2006

Respectfully submitted,

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Michelle H. Browdy
Janet S. Baer
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

*And*

PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB, PC

_____
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
(302) 652-4100

Co-Counsel for the Debtors and Debtors in Possession

5