IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| W.R. Grace & Co., et al., | |
| Debtors, | Case No.  01-01139 (JKF)<br>(Jointly Administered) |

## NORTHEAST MINNEAPOLIS RESIDENTS'SURREPLY TO DEBTORS' FIFTEENTH OMNIBUS OBJECTION TO CLAIMS

### ARGUMENT

In arguing in favor of the dismissal of Claimants' claims, Debtor fails to meet its burden of showing, by a preponderance of the evidence, that Claimants' claims are invalid:

> Under § 502(a), a party may object to the proof of claim, whereupon the burden of going forward shifts to the objecting party to produce evidence sufficient to **negate the prima facie validity of the filed claim.**

In re Allegheny Intern., Inc., 954 F.2d 167, 173-74 (3rd Cir. 1992); 11 U.S.C. § 502(a); see also, In re I.D. Craig Service Corp., 125 B.R. 453 (W.D. Pa. 1991).

Claimants allege that Debtor contaminated their neighborhood over the course of 39 years by placing a pile of the asbestos-contaminated vermiculate on its Northeast Minneapolis property and offering it to local residents as "free crushed rock."  From 2000 to present, the United States Environmental Protection

Agency has inspected over 1600 homes in Claimants' neighborhood and remediated over 200 as a result of Debtor's contamination.   See http://www.epa.gov/region5/news/news03/03opa083.htm.  Debtors do not and cannot contest these facts.

Debtor attempts to marginalize the Minnesota Supreme Court's holding in Dealer's Mfg. Co. v. Anoka Co., 615 N.W.2d 76 (Minn. Ct. App. 2000) by claiming that its holding is limited to the valuation of properties in tax appeals. That is not the case.  The Dealer's holding addresses, generally, the proper application and analysis of stigma damages.  In reliance on the testimony of certified MAI appraiser Al Leirness, the Court reasoned that the stigma of environmental contamination may diminish the value of properties that were never contaminated but are in proximity to contaminated properties and properties that have been remediated:

> First, a stigma factor can attach to property whether contaminants are present, are threatened, or are totally absent. Where, for example, a property has been successfully remediated leaving no contamination, or is in proximity to property that is contaminated, stigma may nonetheless be present as a heavy burden on the value of the property due to the perception of risk of liability, or government imposed restrictions on the use or transferability of the property, among other concerns.

Id. at 79.

The primary cases upon which Debtor relies, Mayavski v. Bemboom, 1999 WL 343834 (Minn. Ct. App. June 1, 1999) and Russell v. Carroll, 2004 WL 2093555 (Minn. Ct. App. Sept. 21 2004) are unreported decisions of the

Minnesota Court of Appeals.   In accordance with Minnesota law, these cases have no precedential value:

**Unpublished opinions of the court of appeals are not precedential.**

Minn. Stat. § 480A.08(3)(c).  These decisions, therefore, have no affect on the Minnesota Supreme Court's holding in Dealers.

Furthermore, a party may cite the unpublished, non-precedential decisions of the Minnesota Court of Appeals only where the party serves and files a copy of the opinion together with its memorandum:

> Unpublished opinions must not be cited unless the party citing the unpublished opinion provides a full and correct copy to all other counsel at least 48 hours before its use in any pretrial conference, hearing, or trial. If cited in a brief or memorandum of law, a copy of the unpublished opinion must be provided to all other counsel at the time the brief or memorandum is served, and other counsel may respond.

Minn. Stat. § 480A.08(3)(c).  Debtor has not complied with section 480A.08(3)(c).

Should the Court consider the Mayavski and Russell decisions, these decisions do not support Debtor's position that Minnesota law does not recognize stigma value loss as a compensable property interest.   The Mayavski decision does not address stigma.  The case was a dispute between a buyer and seller of residential real estate.  Stigma damages are nowhere referenced or disputed in the decision. In Russell, the Court of Appeals affirmed a trial court's decision in which the trial court held, **after a full trial on the merits in which the trial court admitted into evidence plaintiff's appraiser's report including alleged stigma**

loss, that plaintiff had not met its burden of proof relating to its damages.   Neither

Mayavski nor Russell, therefore, supports Debtor's position.

Based on the foregoing, Claimants respectfully request that the Court deny

Debtor's objection to Claimant's claims.

Dated:  1/19/06

Bill Butler (227912)
BIERSDORF & ASSOCIATES, P.A.
Suite 4100
33 South Sixth Street
Minneapolis, Minnesota 55402
(612) 339-7242

ATTORNEY FOR CLAIMANTS