IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: W.R. GRACE & CO., et al.,<br><br>Debtors. | Chapter 11<br>Case No. 01-01139 (JKF)<br>(Jointly Administered) |

## CLAIMANT STATE OF CALIFORNIA, DEPARTMENT OF GENERAL SERVICES' SUR-REPLY TO DEBTORS' FIFTEENTH OMNIBUS OBJECTION (SUBSTANTIVE) TO ASBESTOS PROPERTY DAMAGE CLAIMS

Claimant State of California, Department of General Services (the "Claimant"), respectfully submits this sur-reply to the Debtors' Reply In Further Support of Their Fifteenth Omnibus Objection (Substantive) to Asbestos Property Damage Claims (the "Reply"). Since prior submissions by Claimant and the Property Damage Asbestos Claims Committee (the "Committee") have addressed all other points, the only argument in the Reply to which Claimant wishes to respond here is the Debtors' efforts to frame the burden of proof standard in a way that improperly suggests that Claimant's claims do not enjoy presumed *prima facie* validity and that Claimant has failed to meet the burden of proving its claims. These contentions, as shown below, lack merit.

Debtors correctly state the general rule that a properly executed and filed proof of claim is *prima facie* valid unless objected to. See Reply at 2; see also 11 U.S.C. § 502(a); Fed. R. Bankr. P. 3001(f). As demonstrated in Claimant's initial response to the Debtors' Fifteenth Omnibus Objection (the "Initial Response"), since Claimant has provided all required information in the proof of claim forms, its claims should be presumed valid. Furthermore, to the extent that Debtors argue that Claimant's Claim No. 10652 is not presumed valid based on

the alleged lack of a signature, the Debtors have inexcusably ignored Claimant's having provided another clearly signed copy along with its Initial Response.

Because Claimant's claims enjoy the presumption of *prima facie* validity, the burden shifted to the Debtors to produce sufficient evidence to rebut Claimant's *prima facie* case. See, e.g., In re King, 305 B.R. 152, 167 (Bankr. S.D.N.Y. 2004). While Debtors give short shrift to its burden of rebutting the *prima facie* case, their burden is not that light. Debtors' burden of demonstrating sufficient evidence to overcome the presumed validity of the Claimant's claims cannot be met by simply interposing unsupported objections. See, e.g., In re Delta Smelting & Refining Alaska, Inc., 53 B.R. 877, 883 (Bankr. D. Alaska 1985). Rather, the rebuttal evidence must have probative force at least equal to that of the proof of claim. See, e.g., In re White, 168 B.R. 825, 829 (Bankr. D. Conn. 1994). Debtors recognize this burden on rebuttal to demonstrate evidence that has equal probative force to the proof of claim. See Reply at 3 (citing In re Broadband Wireless Corp., 295 B.R. 140, 145 (10th Cir. BAP 2003)).

Here, however, Debtors have not successfully met their rebuttal burden. In an attempt to rebut Claimant's *prima facie* case, Debtors argue that they ceased selling Monokote-3 product in 1973 and that, therefore any building that was built after 1973 cannot possibly contain Monokote-3. Yet, this flawed logic does not sufficiently establish that no buildings built after 1973 contain Monokote-3 since builders could have still used the substance, from materials on hand, after sales ceased.

In any event, even assuming that Debtors' speculative argument sufficiently overcomes the Claimant's *prima facie* case, Claimant has met its burden of proving the claim by the preponderance of the evidence. As stated in its Initial Response, Claimant has produced evidence to support the presence of Monokote-3 in the property subject of Claim No. 10648:

namely, the "as-built" building plans, which were drawn in 1971 and submitted along with the proof of claim form, specifically called for the use of Monokote-3 in the property. Furthermore, the results of the spectral analysis conducted of the property by Claimant's expert conclusively demonstrate the presence of Monokote-3. Claimant has thereby satisfied its burden of proving its claim by the preponderance of the evidence.

For these reasons and the arguments set forth in the Initial Response and the Committee's previous submissions, Claimant respectfully reiterates its request that the Court overrule the objections in the Debtors' Fifteenth Omnibus Objection.

Dated: New York, New York
       January 19, 2006

                               **HAHN & HESSEN LLP**
                               Counsel for Claimant
                               State of California, Department of General Services

By: _____
        Steven J. Mandelsberg
        Christina J. Kang

488 Madison Avenue
New York, New York 10022
(212) 478-7200

3

TO:

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet S. Baer, Esq.
Michelle Browdy, Esq.
Salvatore F. Bianca
200 East Randolph Drive
Chicago, Illinois 60601
Co-Counsel for Debtors and Debtors in Possession
(via e-mail and first class mail)

PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.
Laura Davis Jones, Esq.
James E. O'Neill, Esq.
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705
Co-Counsel for Debtors and Debtors in Possession
(via e-mail and first class mail)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: W.R. GRACE & CO., et al., <br><br> Debtors. | Chapter 11 <br> Case No. 01-01139 (JKF) <br> (Jointly Administered) |

## CERTIFICATE OF SERVICE

I, Christina J. Kang, hereby certify that on the 19th day of January 2006, I caused a copy of Claimant State of California, Department of General Services' Sur-Reply to Debtors' Fifteenth Omnibus Objection (Substantive) to Asbestos Property Damage Claims to be served via e-mail, and on the 20th day of January 2006 by first class mail of the same, to the following:

David M. Bernick, P.C.
Janet S. Baer, Esq.
Michelle Browdy, Esq.
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601
Co-Counsel for the Debtors
dbernick@kirkland.com
jbaer@kirkland.com
mbrowdy@kirkland.com

Laura Davis Jones, Esq.
James O'Neill, Esq.
Pachulski, Stang, Ziehl, Young, Jones &
Weintraub P.C.
919 North Market Street, 16th Floor
Wilmington, DE 19899-8705
Co-Counsel for the Debtors
ljones@pszyjw.com
joneill@pszyjw.com

Christina J. Kang