IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al. | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | | Re: Docket Nos. 10014, 11593 |
| | | Hrg date: January 26, 2006, 9:00 a.m. |

**DEBTORS' SURREPLY IN SUPPORT OF THE DISALLOWANCE OF 71 CLAIMS FOR WHICH SPEIGHTS & RUNYAN HAS NOT ESTABLISHED AUTHORITY TO FILE AS OF THE MARCH 31, 2003 BAR DATE**

As set out at length in the Debtors' Thirteenth and Fifteenth Omnibus Objections and accompanying pleadings, Speights & Runyan ("Speights") has a well-established record of signing and filing PD claims for building owners Speights does not represent. For 71 Speights-filed claims, Speights has now produced authorizations that are either undated or were executed after the Bar Date had lapsed. Ignoring Speights' own dubious claims-filing history, Speights' surreply asserts that these late-approved claims are entitled to a presumption of validity. Docket 11594 at p. 5. Speights further argues that an attorney may (i) sign and execute bankruptcy proofs of claim before a bar date for clients the attorney does not represent or have authority from and then (ii) later solicit and obtain authorization from the "claimants" after the bar date, and that (iii) such authorizations should then be deemed to have been received in a timely fashion. Speights is wrong as a matter of law.

Under applicable bankruptcy law, an attorney filing a proof of claim on account of another must obtain *explicit* authority from that party *before* executing and submitting the claim. Further, as the United States Supreme Court has recognized, while an agent's unauthorized acts generally can be later ratified or affirmed by a principal under agency law, such acts are not effective when the ratification or authorization takes place *after a deadline*, such as Grace's Bar

Date. *Federal Election Com'n v. NRA Political Victory Fund*, 513 U.S. 88, 98 (1994) (holding that Solicitor General's post-deadline ratification of the Federal Election Commission's unauthorized petition for writ of certiorari was ineffective under general principles of agency law).

Because Speights has not established proper authority for filing the 71 late signed claims, these claims should be disallowed and expunged. Any other result is contrary to law and unfairly prejudices those who timely filed claims.

(a) **Bankruptcy Law Requires Express Authorization Before An Attorney May Submit a Proof of Claim on Behalf of Another**

Despite Speights' suggestions to the contrary, applicable bankruptcy law requires that an attorney submitting a proof of claim (on behalf of its client) have *explicit* authorization from its client at the *time the claim is submitted*. Specifically, Federal Rule of Bankruptcy Procedure ("FRBP") 3001(b) provides that "A proof of claim shall be executed by the creditor or the creditor's *authorized agent* . . . .") (emphasis added).[1] The bankruptcy code does not define "authorized agent," but bankruptcy courts have held that to be an authorized agent under FRBP 3001(b), the party signing the proof of claim must have *explicit* authority to act as an agent of the claimant at the time of submission. *In re Griffin Trading Co.*, 270 B.R. 883, 894-95 (Bankr. N.D. Ill. 2001) ("While implied authority implied by an act of an agent may determine the scope of an agency relationship, it is not proof of creation of the agency [for purposes of 3001(b)].").

In this respect, courts have specifically held that FRBP 3001(b) does <u>not</u> allow an attorney to file a proof of claim and then obtain authority after-the-fact:

---

[1] FRPB 3001(b) provides that an "authorized agent" may file a proof of claim on behalf of another. This provision, however, is typically applied to the filing of a Bankruptcy Form 10, which directs a filing "authorized agent" to "[s]ign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any)."

> "The concept of agency is so fundamental that it barely requires articulation: An agency relationship exists only if there has been a manifestation by the principal to the agent that the agent may act on his account, and consent by the agent to so act. Or, to put it another way, Rule 3001(b) allows a creditor to decide to file a proof of claim and to instruct an agent to do so; *it does not allow an 'agent' to decide to file a proof of claim and then inform a creditor after the fact.*"

*In re FIRSTPLUS Financial, Inc.*, 248 B.R. 60, 68 (Bankr. N.D. Tex. 2000) (internal quotes and citations omitted) (emphasis added). Therefore, Speights was required to get explicit authorization from its "clients" before signing and submitting their claims. This only makes sense: Speights' signature on the PD claim forms, executed under the penalty of perjury, asserted Speights was making a claim *on behalf of a claiming party*. Claim Form at Part 5: Signature Page ("All claims must be signed by the claiming party.").[2]

### (b) The Late Claimants Could Not Ratify Speights Unauthorized Act Because Speights Was Not Their Agent at the Time It Submitted the Claims

Speights incorrectly relies upon cases dealing with general agency principles to support its theory that late authorizations somehow ratified its unauthorized filings. Speights argument is wrong.

*First*, even if Speights' theory applied under general agency law, it is inapplicable in the more specific context of an attorney filing a bankruptcy proof of claim. Courts have specifically held that it is very well settled that authorization to act as agent for one

---

[2] In this respect, the Debtors note that Speights had plenty of time to solicit clients and obtain authority from its "clients" before the Bar Date had lapsed. On June 27, 2001, the Debtors filed their motion for a Bar Date, and on April 22, 2002, the Court entered the Bar Date Order, which established March 31, 2003 as the Bar Date. Therefore, Speights had (i) almost two years between the Bar Date motion and the Bar Date and (ii) some eleven months between entry of the Bar Date Order and the Bar Date, in which he could have solicited clients and obtained authority to file their claims.

purpose is not blanket authorization to represent for all purposes, including filing a bankruptcy proof of claim. *In re Baldwin-United Corp.*, 52 B.R. 146, 148-49 (Bankr. S.D. Ohio 1985).

*Second,* even if Speights was correct that a client can ratify the unauthorized submissions of its agent, Speights' argument would still suffer from another fatal flaw, namely that Speights failed to show that it was an agent *in any capacity* for the late claimants at the time Speights filed their claims. Speights has only produced the late-dated or undated authorizations, which give no indication that Speights had an existing attorney-client relationship with the late claimants at the time the claims were filed. Accordingly, Speights has failed to establish that it was an "agent" of the late claimants in any capacity at the time of filing. Put differently, Speights' unauthorized filings were not "unauthorized acts by an agent" -- they were unauthorized acts, period. *See Griffin Trading Co.; FIRSTPLUS, supra.*

### (c)    Any Late Ratification Speights Did Receive Cannot Relate Back to the Bar Date As A Matter Of Law

Even if Speights was an agent of the late claimants at the time of filing (by virtue of representing the late claimants in other matters or otherwise), the late authorizations do not serve to ratify Speights' unauthorized filings. Although unauthorized acts generally can be later ratified or affirmed by a party, they are not effective when the ratification or authorization takes place *after a deadline*, such as Grace's Bar Date. Specifically, the Restatement (Second) of Agency § 90 provides as follows:

> "If an act to be effective in creating a right against another or deprive him of a right must be performed before a specific time, an affirmance is not effective against the other unless made before such time."

4

<␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀␀

Comment (a) to this section also provides:

> "The bringing of an action, or of an appeal, by a purported agent can not be ratified after the cause of action or right to appeal has been terminated by lapse of time."

This principle of agency law has been specifically addressed by the United States Supreme Court. In *Federal Election Com'n v. NRA Political Victory Fund*, 513 U.S. 88, 98 (1994), the Supreme Court expressly looked at the issue of late ratification, and concluded that after-the-fact authorization cannot relate back to make an unauthorized filing timely. In that case, the Court thus concluded that the United States Solicitor General's post-deadline ratification of the Federal Election Commission's unauthorized petition for writ of certiorari was ineffective.[3]

### Conclusion

For the reasons stated above, Speights could not sign and file valid PD claims forms unless he had express authority from claimants *by the Bar Date*. For the 71 claims at issue, Speights' late-dated or undated authorizations do not and cannot prove that Speights had authority to file the claims at issue by the Bar Date. As a matter of law, all should be disallowed and expunged.

---

[3] And, given that Speights admits in its surreply that general law of agency applies to the attorney-client relationship, there is no doubt that this general agency law applies to Speights' attorney-client relationships.

Wilmington, Delaware
Dated: January 24, 2006

Respectfully submitted,

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Michelle H. Browdy
Janet S. Baer
Samuel L. Blatnick
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

*And*

PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB, PC

_____
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
(302) 652-4100

Co-Counsel for the Debtors and Debtors in Possession