IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| W. R. GRACE & CO., et al., ) | Case No. 01-01139 (JKF) |
| ) | Jointly Administered |
| Debtors. ) | |
| ) | Re: Docket No. 9619 |
| ) | November 14, 2005 Agenda Item No. 2 |

**CERTIFICATION OF COUNSEL ON ORDER PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE AUTHORIZING DEBTORS ENTRY INTO RETENTION AGREEMENT WITH BEAR, STEARNS & CO.**

1.  On November 14, 2005, the Court heard arguments on the Debtors' Application for Authorization to Retain Bear, Stearns & Co. Inc. ("Bear Stearns") as Financial Advisor for a Limited Purpose (the "Application") and the Debtors oral motion (the "Oral Motion") for authority, pursuant to section 363 of the Bankruptcy Code, to retain Bear Stearns and enter into the retention agreement (the "Retention Agreement") with Bear Stearns. The United States Trustee ("US Trustee") opposed the Application and the Oral Motion.

2.  At the conclusion of the hearing, the Debtors and Bear Stearns believe that the Court authorized the Debtors to retain Bear Stearns and pay Bear Stearns a cash Transaction Fee pursuant to the Retention Agreement, as modified by the Order attached as Exhibit 2. Bear Stearns and the Debtors believe the Court approved the Debtors retention of Bear Stearns and execution of the Retention Agreement and performance thereunder pursuant to section 363 of the Bankruptcy Code. In that respect, the Court stated at the hearing the following:

> ...it seems to me that 363 does permit me to let the Debtor expend funds out of the ordinary course of business for limited purposes, and this does appear to be a use of money that the Debtor actually has to incur if it's going go make any sense to go forward with this transaction at all.

See, Nov. 14, 2005 transcript at p. 30 attached hereto as Exhibit 1.

DOCS_DE:114924.1

3.  Following the conclusion of the hearing, the Debtors prepared a draft Order seeking to memorialize the Court's ruling. The Debtors and Bear Stearns reached agreement on the form of the Order but could not reach agreement with the US Trustee on the Order. The Debtors understand, and the US Trustee confirms, that it is the US Trustees position that the Court authorized the Debtors to retain and pay Bear Stearns for its services under the Retention Agreement but that the Court did not authorize the retention of Bear Stearns under section 363 of the Bankruptcy Code nor did the Court approve the confidentiality or indemnification, or any other provisions of the Retention Agreement. In this respect, the U.S. Trustee points to the following stated by the Court at the hearing:

> Having said that, in this instance, I'm going to permit the Debtor to expend the funds. It appears to me that with no one -- no Party-In-Interest who has an economic stake in this transaction objecting that it is an appropriate use. However, the next time the Debtor expects to do this, come here before you retain someone because I'm not going to approve it again with hindsight, as opposed to foresight.

See, Exhibit 1 at p. 31.

4.  Attached hereto as Exhibit 2 is a draft Order which the Debtors and Bear Stearns have prepared to reflect what they believe was the Court's ruling on the Application and Oral Motion. The Debtors and Bear Stearns believe that the attached Order is consistent with the Court's ruling and request that it be entered by the Court. Bear Stearns has indicated that it will not continue to provide services to the Debtors unless its retention is pursuant to the Retention Agreement as a whole, including the confidentiality and indemnification provisions as well as the fee provisions.

5.  Attached hereto as Exhibit 3 is a draft order prepared by the US Trustee to reflect what she believes is consistent with the Court's ruling. The US Trustee requests that the Court enter the Order attached as Exhibit 3.

DOCS_DE:114924.1

6. The Debtors and Bear Stearns do not agree to entry of the U.S. Trustee's form of order. Bear Stearns has indicated to the Debtors that it will not continue to provide services to the Debtors if the U.S. Trustee's form of order is entered. Thus, in the event the Court is unwilling to enter the form of order submitted by the Debtors and Bear Stearns, or has any questions, the Debtors and Bear Stearns request a telephonic hearing on the matter.

7. The US Trustee has informed the Debtors that she specifically reserves her rights to move to reconsider and/or appeal either of the orders entered by this Court.

Dated: February 1, 2006

        KIRKLAND & ELLIS LLP
        David M. Bernick, P.C.
        Janet S. Baer
        200 East Randolph Drive
        Chicago, Illinois 60601
        Telephone: (312) 861-2000
        Facsimile: (312) 861-2200

        - and -

        PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.

        */s/ James E. O'Neill*
        Laura Davis Jones (Bar No. 2436)
        James E. O'Neill (Bar No. 4042)
        919 North Market Street, 16th Floor
        P.O. Box 8705
        Wilmington, Delaware 19899-8705 (Courier 19801)
        Telephone: (302) 652-4100
        Facsimile: (302) 652-4400

        Co-Counsel for the Debtors and Debtors in Possession