# EXHIBIT 2

THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | | Re:   Docket No. 9619 |
| | | 11/14/05 Agenda Item No. 2 |

## ORDER PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE AUTHORIZING DEBTORS ENTRY INTO RETENTION AGREEMENT WITH BEAR, STEARNS & CO. INC.

Upon consideration of the "Debtors' Application for Authorization to Retain Bear Stearns & Co. Inc. as Financial Advisor for a Limited Purpose" (the "Application"),[1] and upon consideration of the Debtors' oral motion (the "Oral Motion") for authority to enter into a retention agreement (the "Retention Agreement," a copy of which is attached to the Application as Exhibit B) presented by the Debtors and Bear Stearns & Co. Inc. ("Bear Stearns") during the hearing held before this Court on November 14, 2005 (the "Hearing"); the Court finding, pursuant to section 363 of the Bankruptcy Code and based upon the representations and arguments made during the Hearing, that the Debtors entry into the Retention Agreement and performance thereunder is in the ordinary course of the Debtors' business, is in the best interests of the Debtors, their creditors and their estates, and is a sound exercise of the Debtors' business judgment; the Court finding that it has jurisdiction to consider and determine the Oral Motion as a core proceeding pursuant to 28 U.S.C. §§ 157 and 1334; the Court finding that sufficient notice of the Application and Oral Motion has been given under the circumstances; and after due deliberation and sufficient cause appearing therefore:

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application or the Retention Agreement.

K&E 10824262.7

IT IS HEREBY ORDERED AND DETERMINED THAT:

1. The Oral Motion is granted.

2. The Debtors are hereby authorized to retain Bear Stearns pursuant to the terms and conditions set forth in the Retention Agreement and all attachments and schedules thereto except as modified herein.

3. Upon the consummation of a Transaction, the Debtors are hereby authorized to pay to Bear Stearns, without further application to or approval of this Court, a cash Transaction Fee in the amount of $1,000,000, pursuant to the terms of the Retention Agreement as modified by this Order.

4. The Debtors are authorized to pay Bear Stearns periodically upon Bear Stearns' request, without further application to or approval of this Court, all out-of-pocket expenses reasonably incurred by Bear Stearns pursuant to the terms of the Retention Agreement.

5. If the Debtors acquire assets of the Target Business that generate less than 50% of its pro forma sales for the twelve months ended June 30, 2005, the Debtors and Bear Stearns shall negotiate in good faith to agree upon a fee payable to Bear Stearns in connection with any such transaction, but in no event shall such fee exceed $1,000,000. Any such negotiated fee will be the subject of a subsequent filing by Bear Stearns with the Court seeking the approval of the negotiated fee, on reasonable notice to the Unsecured Creditors' Committee and parties in interest, with any such negotiated fee being reviewed by the Court pursuant to the reasonableness standard set forth in section 330 of the Bankruptcy Code.

6. Except as otherwise set forth in paragraph 5 hereof, Bear Stearns will not be required to submit detailed daily time records or expense records, or any monthly statements, or

interim or final fee applications with respect to any payment of the Transaction Fee or any expenses incurred under the Retention Agreement.

7. The indemnification provisions set forth in the Retention Agreement are approved, subject to the following:

   a. subject to the provisions of subparagraph (c) below, the Debtors are authorized to indemnify, and shall indemnify, Bear Stearns in accordance with the Retention Agreement, for any claim arising from, related to or in connection with the Transaction Services; and

   b. notwithstanding any provision of the Retention Agreement to the contrary, the Debtors shall have no obligation to indemnify Bear Stearns, or to provide contribution or reimbursement to Bear Stearns, to the extent any losses, claims, damages or liabilities (or expenses relating thereto) are determined by a court of competent jurisdiction (the determination having become final) to have primarily resulted from the bad faith, gross negligence or willful misconduct of Bear Stearns; and

   c. if, before the earlier of (i) the entry of an order confirming a chapter 11 plan or plans in the Chapter 11 Cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing the Chapter 11 Cases, Bear Stearns believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Retention Agreement, including without limitation, the advancement of defense costs, Bear Stearns must file an application therefore with this Court, and the Debtors may not pay any such amount to Bear Stearns before the entry of an order by this Court approving such payment. This subparagraph (c) is intended only to specify the period of time during which the Court shall have jurisdiction over any request for fees and expenses by Bear Stearns for indemnification, contribution or reimbursement and not to limit the duration of the Debtors' obligation to indemnify Bear Stearns.

Dated: _____, 2005

_____
The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge