# EXHIBIT 3

THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | | Re:   Docket No. 9619 |
| | | 11/14/05 Agenda Item No. 2 |

**ORDER PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE
AUTHORIZING DEBTORS ENTRY INTO RETENTION AGREEMENT
<u>WITH BEAR, STEARNS & CO. INC.</u>**

Upon consideration of the "Debtors' Application for Authorization to Retain Bear Stearns & Co. Inc. as Financial Advisor for a Limited Purpose" (the "Application"),[1] and upon consideration of the Debtors' oral motion (the "Oral Motion") for authority to enter into a retention agreement (the "Retention Agreement," a copy of which is attached to the Application as Exhibit B) presented by the Debtors and Bear Stearns & Co. Inc. ("Bear Stearns") during the hearing held before this Court on November 14, 2005 (the "Hearing") and the United States Trustee having objected to both the Application and the Oral Motion; the Court finding that the Debtors may expend funds to pay Bear Stearns for the services set out in the Retention Agreement and that such expenditure is an appropriate use of estate funds; the Court finding that it has jurisdiction to consider and determine the Oral Motion as a core proceeding pursuant to 28 U.S.C. §§ 157 and 1334; the Court finding that sufficient notice of the Application and Oral Motion has been given under the circumstances; and after due deliberation and sufficient cause appearing therefore:

IT IS HEREBY ORDERED AND DETERMINED THAT:

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application or the Retention Agreement.

1. The Oral Motion is granted in part.

2. Upon the consummation of a Transaction (as defined in the Retention Agreement), the Debtors are hereby authorized to pay to Bear Stearns, without further application to or approval of this Court, a cash Transaction Fee in the amount of $1,000,000, for performance of the Transaction Services as set out in the Retention Agreement (specifically as set out in Paragraph 2 of the Retention Agreement).

3. The Debtors are authorized to pay Bear Stearns periodically upon Bear Stearns' request, without further application to or approval of this Court, all out-of-pocket expenses reasonably incurred by Bear Stearns pursuant to the terms of the Retention Agreement.

4. If the Debtors acquire assets of the Target Business that generated less than 50% of its pro forma sales for the twelve months ended June 30, 2005, the Debtors and Bear Stearns shall negotiate in good faith to agree upon a fee payable to Bear Stearns in connection with any such transaction, but in no event shall such fee exceed $1,000,000. Any such negotiated fee will be the subject of a subsequent filing by Bear Stearns with the Court seeking the approval of the negotiated fee, on reasonable notice to the Unsecured Creditors' Committee and parties in interest, with any such negotiated fee being reviewed by the Court pursuant to the reasonableness standard set forth in section 330 of the Bankruptcy Code.

5. Bear Stearns will not be required to submit detailed daily time records or expense records or any monthly statements, or interim or final fee applications with respect to any payment of the Transaction Fee or any expenses incurred under the Retention Agreement.

Dated: _____, 2006

_____<br>
The Honorable Judith K. Fitzgerald<br>
United States Bankruptcy Judge

3

K&E 10824262.3