## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In Re:                                    )        Chapter 11
                                          )
W. R. Grace & Co., et al.[1],             )        Case No. 01-01139 (JKF)
                                          )        Jointly Administered
                    Debtors.              )
                                                   **Re: Docket No. 9311**

## ANDERSON MEMORIAL HOSPITAL'S FURTHER MEMORANDUM IN OPPOSITION TO THE DEBTORS' THIRTEENTH OMNIBUS OBJECTION:  RATIFICATION OF AUTHORITY BY CLAIMANTS

### I.  Summary of Proceedings and Statement of Position

On September 1, 2005, the Debtors' received permission to file their Thirteenth

Omnibus Objection related to the authority of Speights & Runyan to file claims in this

bankruptcy.  Pursuant to this Court's Order, Speights & Runyan produced to the Debtors

a copy of each written authorization, if any, it claimed established the authority of

Speights & Runyan to represent each claimant in this proceedings.

---

[1] The Debtors consist of the following 62 entities: W. R Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-I Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Ins., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgracc, Inc., Coalgracc II, Ins., Creative Food 'N Fun Company, Darex Puerto Rico, Inc.,  Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp, Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B 11 Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe. Inc., Grace H-G Inc., Grace H-G II Inc,, Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Ins., MICA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Curving, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

The Debtors now challenge Speights & Runyan's authority to represent 71 claimants because these written authorizations are either undated or dated after the March 31, 2003 bar date set forth in the bar order. Speights & Runyan argues that for the vast majority of these 71 claimants, the written authorization was merely an acknowledgement of prior oral authority to file claims. However, even if oral authority is completely ignored, written authorization manifests the claimant's ratification of Speights & Runyan's authority to file the proofs of claim. The Debtors' contend that filing a proof of claim is not an act that can be later ratified and that written authorization must have been received prior to the bar date for the claim to have been valid.

## II. Ratification Relates Back

It is a general rule of agency and black letter law that "ratification results when a principal affirms a previous unauthorized act by his agent. . . . In essence, ratification by a principal of his agent's unauthorized act is equivalent to the agent having that particular authority from the beginning." *Packer Associates v. Johnstone*, 1 B.R. 286 (E.D.Pa.1979); *Boyce v. Chemical Plastics*, 175 F.2d 839 (8th Cir.1949) (citations omitted); *Lewis v. Vogelstein*, 699 A.2d 327 (Del.Ch.1997); *City of Trenton v. Fowler-Thorne Company*, 57 N.J.Super. 196, 154 A.2d 369 (1959). Further, it matters not if the "agent" and the person on whose behalf the agent is acting had any prior relationship. *Rakestraw v. Rodriges,* 8 Cal.3d 67, 104 Cal.Rptr. 57, 500 P.2d 1401 (1972); *Strader v. Haley*, 216 Minn. 315, 12 N.W.2d 608, 150 A.L.R. 970 (1943); *Zeese v. Siegel's Estate*, 534 P.2d 85 (Utah 1975). More fully stated,

> If one not assuming to act for himself does an act for or in the name of another upon an assumption of authority to act as the agent of such other, even though without any precedent authority whatever, and if the person in whose name the act was performed subsequently ratifies or adopts what

> has been so done, the ratification relates back and supplies original
> authority to do the act. It is equivalent to, or a substitute for, and has the
> effect of curing the absence of, original authority and relates back to the
> time when the unauthorized act was done. **Even though the act may
> have been done without any precedent authority whatsoever,
> ratification creates the relationship of principal and agent.**

3 Am.Jur.2d Agency §198 (citations omitted – emphasis supplied).

More specifically, the Third Circuit has held that ratification an unauthorized

filing of a bankruptcy petition can be ratified and that ratification relates back to original

filing. *In Re: Eastern Supply Co.*, 267 F.2d 776 (3d Cir.1959). In *Eastern Supply,* the

appellant sought dismissal of a bankruptcy petition, in part, because the attorney who

signed the petition did not have authority from the debtors until after the petition had

been signed and filed. In rejecting this argument, the Third Circuit noted,

> the general rule that the ratification of an act purported to be done for a
> principal by an agent is treated as effective at the time the act was done.
> In other words, to talk technical even though fictitious language, the
> ratification 'relates back' in time to the date of the act by the agent. We
> have no direct authority saying that this is applicable to bankruptcy
> petitions but in the absence of something to indicate to the contrary, the
> general principle is applicable.

267 F.2d at 778.

Other Circuits have followed suit. In *Hager*, the Fourth Circuit panel held that

"the unauthorized filing of a voluntary petition in bankruptcy in behalf of a corporation

might be ratified in appropriate circumstances by ensuing conduct of persons with power

to have authorized it originally." The ratification was held to relate back to the original

petition date. *Hager v. Gibson*, 108 F.3d 35, 39-40 (4th Cir.1997).

In *Boyce*, the Eighth Circuit held that the filing of a bankruptcy petition on behalf

of a corporation at the direction of the executive committee of the corporation without the

approval of the board of directors or the shareholders was nevertheless valid where the

board and shareholders subsequently ratified the action. In reaching this conclusion, the

court recognized, "[i]t is settled law that 'the unauthorized bringing of an action may ...

be ratified by the person in whose name it was brought so as to sustain the action from

the beginning." 175 F.2d at 842.

      In contrast to these authorities which allow ratification of bankruptcy petitions to

relate back to the original filing, the Debtors cite *In re: FIRSTPLUS Finacial, Inc.*, 248

B.R. 60. However, careful reading of *FIRSTPLUS* reveals that its holding actually

supports express retroactive ratification of a proof of claim by a claimant. The issue in

*FIRSTPLUS* was whether that court would recognize the holding *In Re: American*

*Reserve Corp.*, 840 F.2d 487 (7th Cir.1988), to wit: the filing of a class proof of claim by

class counsel was deemed authorized if the Court later granted class certification. The

court in *FIRSTPLUS* disagreed with the Seventh Circuit's holding, reasoning that

"ratification by court is not an option because the bankruptcy court is not the principal."

248 B.R. at 69. However, the court did not stop there. It went on to properly recognize

that

> the creditors whom the putative class representative purports to represent
> are the principals, in **whom the power to ratify such an act vests.** The
> court may not stand in the shoes of the creditor-principals and ratify the
> putative agent's act of filing a class proof of claim."

*Id* (emphasis supplied). Accordingly, *FIRSTPLUS* expressly recognizes that creditor-

principals have the power and ability to ratify the filing of a class proof of claim by

putative class counsel. Of course, that is exactly what these 71 claimants have done in

this case.

Additionally, district courts in this circuit have applied *implicit* ratification to bind a principal, even though the purported agent was a stranger to the principal at the time the acts occurred. Perhaps the most compelling example of how the acts of an attorney, unknown to and unauthorized by the principal, can be ratified and retroactively binding on the principal can be seen in *SEI v. Norton Company*, 631 F.Supp. 497 (E.D.Pa.1986). In *SEI*, the plaintiff sued a limited partnership. Three weeks before trial, the plaintiff amended its complaint to add individual partners who were alleged to have been a general partners. One of the individual partners added to the suit was a Mr. van Putten. Without Mr. Van Putten's knowledge or consent, the attorney for the defendant purported to accept service of the amended complaint for Mr. van Putten and filed an answer on Mr. van Putten's behalf. After taking these actions, the attorney for the partnership sent a copy of the amended complaint and answer to Mr. van Putten who then forwarded it to his own counsel in New York. Three weeks later, the case was called to trial. On the third day of trial, Mr. van Putten's New York counsel appeared in court and unsuccessfully challenged the service of the amended complaint on Mr. van Putten. After the jury returned a verdict for the Plaintiff, Mr. van Putten's authorized attorneys moved to set aside the verdict on the basis that the defendant's trial counsel was not authorized to represent Mr. van Putten.

In denying the motion to set aside the verdict, the court held that van Putten's actual knowledge of defense counsel's acceptance of service and entry of an appearance on his behalf, coupled with the three week delay in raising the issues with the court, amounted to ratification of the unauthorized actions of defense counsel. The court held, "'An affirmance of an unauthorized transaction can be inferred from a failure to repudiate

it.' An affirmance of an unauthorized act can be inferred from the principal's silence, **even though the purported agent was theretofore a stranger to the principal**, whom 'according to the ordinary experience and habits of men, one would naturally be expected to speak if he did not consent.'" 631 F.Supp. at 502 (emphasis supplied – citations omitted). If implicit ratification of actions done by a person unauthorized and unknown to the principal can bind a principal to a jury verdict in excess of $200,000, then surely subsequent express ratification by a bankruptcy claimant under the circumstances of this case are adequate.

In *City of Trenton v. Fowler-Thorne Co.*, 57 N.J.Super. 196, 154 A.2d 369 (1959), a New Jersey appellate court applied ratification in similar circumstances. In that case, a single commissioner of the City had caused a lawsuit to be filed. The trial court held that because the commissioner acted without approval of the city commission, the suit was unauthorized. Moreover, even though the filing of the suit had later been ratified by the commission, the ratification had not occurred until after the statute of limitations had expired. Nevertheless, the appellate court cited the general principle that "a principal's ratification of an agents unauthorized act will validate the act from its inception unless such validation will impair 'intervening rights' of third persons. . . . This rule has been applied to validate the unauthorized commencement of a legal proceeding, the holdings being that ratification cures the defect in the original action so that it may proceed as if it had been properly authorized in the first instance." 154 A.2d at 373 (citations omitted). Moreover, the court went on to hold that the ratification related back to the original filing date, making the filing of the suit timely.

## III. Conclusion

Written authorization from a principal to file and prosecute bankruptcy claims is valid, even if the original proof of claim was unauthorized and even if the authorization was obtained after the bar date.

DATED: February 3, 2006

_____

Christopher D. Loizides (No. 3968)
Michael J. Joyce (No. 4563)
LOIZIDES & ASSOCIATES
1225 King Street, Suite 800
Wilmington, DE  19801
Telephone:      (302) 654-0248
Facsimile:      (302) 654-0728 (fax)
E-mail:          loizides@loizides.com

--and--

Daniel A. Speights (SC Fed. ID No. 4252)
Marion C. Fairey, Jr. (SC Fed. ID No. 6101)
SPEIGHTS & RUNYAN
200 Jackson Avenue, East
P.O. Box 685
Hampton, SC  29924
Telephone:      (803) 943-4444
Facsimile:      (803) 943-4599