**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **W. R. GRACE & CO., et al.** | ) | **Case No. 01-01139 (JKF)** |
| | ) | |
| **Debtors.** | ) | **(Jointly Administered)**<br>**Re: Docket Nos. 10014, 11593, 11621**<br>**Hrg date: February 21, 2006, 12:00 p.m.** |

**DEBTORS' BRIEF IN FURTHER SUPPORT OF THE DISALLOWANCE OF 71 CLAIMS WHERE SPEIGHTS LACKED AUTHORIZATION AS OF THE BAR DATE**

Despite Speights' argument to the contrary, an attorney may not file bankruptcy proofs for parties that it represents (or has represented) in unrelated litigation, unless that attorney has first obtained *express authorization* to represent the party in the bankruptcy. Further, to the extent that an attorney files such unauthorized claims and receives authorizations from its "clients" after a bar date has lapsed, such authorizations do not serve to ratify the unauthorized filings.

Speights' argument to the contrary flies in the face of well-established bankruptcy and agency principles, and its application would serve to unfairly prejudice the Debtors, as well as every creditor that properly filed bankruptcy claims in this Chapter 11. Therefore, the Court should enter an order disallowing each of Speights' 71 claims where Speights obtained authorizations after the Bar Date, including those claims that were filed on behalf of parties with whom Speights allegedly had an existing, unrelated legal-relationship.

**(a) Speights' Alleged Representation of these "Claimants" in Pre-Bankruptcy Litigation Did Not Give Speights Authority to File Proofs of Claim in this Chapter 11**

An attorney that represents a party in one litigation may not unilaterally decide to file a proof of claim for that party in one (or several) bankruptcy cases. To the contrary, an attorney

"may file a proof of claim only for those individuals who *have expressly authorized* the agent to do so." *In re Standard Metals Corp.*, 817 F.2d 625 (10th Cir. 1987) (emphasis added).[1]

Federal Rule of Bankruptcy Procedure (F.R.B.P.) 3001(b) is the only bankruptcy provision that allows for a party to file a proof of claim on behalf of another. F.R.B.P. 3001(b) provides as follows: "A proof of claim shall be executed by the creditor or the creditor's *authorized agent* ." (emphasis added). The question then becomes, "What is an *authorized agent* for purposes of 3001(b)?" Speights would have this Court believe that an attorney who represents a party in a non-bankruptcy matter (and hence has a limited agency relationship with that party) is also an *authorized agent* for purposes of F.R.B.P. 3001(b). Speights' position, however, directly contradicts settled case law, and would render superfluous F.R.B.P. 3001(b)'s use of the term "authorized."

*First*, courts considering this issue have determined that an attorney must obtain specific authorization from a "client" *before* filing a proof of claim on their behalf, even if the attorney represents such parties in other matters. The reason for this is simple: "Rule 3001(b) allows a creditor to decide to file a proof of claim and to instruct an agent do so; it does not allow an "agent" to decide to file a proof of claim and then inform a creditor after the fact." *In re Standard Metals Corp.*, 817 F.2d 625, 630 (10th Cir. 1987), *cited with approval by In re Charter Co.*, 876 F.2d 866, 872 (11th Cir. 1989).

[1] This issue has been examined at length as a matter of agency and bankruptcy law in the context of class proofs of claim. While the holdings in these cases may no longer represent good law with respect to the allowance of class proofs of claim, their findings and reasoning with respect to agency remain good law, and they are directly applicable to the issue at hand.

This outcome is not surprising. An attorney in a bankruptcy proceeding "possesses the same authority as in other proceedings." *Wilson v. Valley Elec. Membership Corp.*, 141 B.R. 309, 312 (E.D. La. 1992). Moreover, a proof of claim is akin to a demand in a complaint for a money judgment in that each seeks to collect money allegedly owed by the named person or entity. *Id* at 313. Accordingly, the same rules that apply to filing complaints also apply to filing proofs of claims. *Id.* It is well-settled that attorneys may not unilaterally decide to initiate new litigation on behalf of an existing client, unless they have first obtained authorization to do so. *Reid v. White Motor Corp.*, 886 F.2d 1462, 1471-72 (6th Cir. 1989); *In re Standard Metals Corp.*, 817 F.2d 625, 631 (10th Cir. 1988); *In re Manville Forest Products Corp.*, 89 B.R. 358, 376-77 (Bankr. S.D.N.Y. 1988); *In re Baldwin United Corp.*, 52 B.R. 146, 149 (Bankr. S.D. Ohio 1985); *cf. In re Ross*, 37 B.R. 656, 658 (9th Cir. 1984).

*Second*, Speights' interpretation would render the term "authorized" superfluous. F.R.B.P. 3001(b) does not state that a proof of claim may be executed by a creditor's "agent." It goes further, and contains the additional requirement that the party authorizing that proof of claim must be an "*authorized* agent." Under Speights' theory, anyone who serves as an agent for a potential claimant, in any capacity, could execute a proof of claim on that party's behalf. Such an interpretation would render F.R.B.P. 3001(b)'s use of the term "authorized" meaningless. Further, there is no ambiguity as to whether an agent needs to be "authorized" at the time they execute the proof of claim. The plain language of F.R.B.P. 3001(b) states that "A proof of claim shall be executed by the creditor or the creditor's authorized agent ."

*Third*, Speights' position is at odds with the language of the Court-approved Asbestos PD Claim Form, which provides that "All claims must be signed by the claiming party." Accordingly, the Court-approved Asbestos PD Claim Form suggests a more stringent standard

than F.R.B.P. 3001(b). Each of Speights' late-authorized claims was signed by a Speights attorney who, by signing the form, declared "under penalty of perjury, that the above statements are true, correct and not misleading."

**(b) Any Authorization that Speights Received After the Bar Date Cannot Ratify These Unauthorized Claims**

Moreover, as spelled out in the Debtors' surreply brief filed on January 24, 2006 [Dkt. No. 11621], the late authorizations cannot, as a matter of law, ratify Speights' unauthorized filings, regardless of whether Speights was an agent of the late claimants at the time of the filing (by virtue of representing the late claimants in other matters or otherwise). Although unauthorized acts generally can be later ratified or affirmed by a party, they are not effective when the ratification or authorization takes place ***after a deadline***, such as Grace's Bar Date. Specifically, the Restatement (Second) of Agency § 90 provides as follows:

> "If an act to be effective in creating a right against another or deprive him of a right must be performed before a specific time, an affirmance is not effective against the other unless made before such time."

Comment (a) to this section also provides:

> "The bringing of an action, or of an appeal, by a purported agent can not be ratified after the cause of action or right to appeal has been terminated by lapse of time."

This principle of agency law has been specifically adopted by the United States Supreme Court. *Federal Election Com'n v. NRA Political Victory Fund (Federal Election)*, 513 U.S. 88, 98 (1994).

In *Federal Election*, the Supreme Court was asked to consider whether the Solicitor General's post-deadline authorization of a certiorari petition filed by the Federal Election Commission (the "FEC"), which lacked the power to request certiorari without authorization

from the Solicitor General, should relate back to the time of the FEC's unauthorized filing so as to make it timely.

In considering this issue, the Supreme Court expressly looked at the issue of late ratification, and it concluded that a principal's after-the-fact authorization cannot relate back to make an unauthorized filing timely. The Supreme Court thus concluded that the United States Solicitor General's post-deadline ratification of the Federal Election Commission's unauthorized petition for writ of certiorari was ineffective.

The Supreme Court's holding in *Federal Election* is directly applicable to the present matter. Like the authorization required by the FEC, Speights needed to obtain authorization from its "clients" to file proofs of claim. F.R.B.P. 3001(b); Court-approved Asbestos PD Claim Form. And, like the Solicitor General, Speights' "clients" did not provide the requisite authorization until after the Bar Date had lapsed.

The Supreme Court's reasoning is also directly applicable in the present matter. The Supreme Court noted that if it allowed retroactive ratification, then the solicitor general would have been given "unilateral power" to extend the deadline for filing certiorari petitions. *Id* at 543. The same holds true in this matter; if this Court recognizes authorizations that were given after the Bar Date, then the Court would be giving these late claimant unilateral authority to extend the Bar Date, to the detriment of the Debtors and claimants that properly filed claims. Such a result would defy well-established principles of agency law, because the "[i]ntervening rights of third persons cannot be defeated by the [post-deadline] ratification." *Id, quoting Cook v. Tullis*, 85 U.S. 332, 338 (1874).

*Federal Election* is by no means novel; it is consistent with other cases that have considered the issue of late-authorized court filings. For example, in *Nasewaupee v. Sturgeon*

*Bay*, 251 N.W.2d 845 (Wis. 1977), the court refused to recognize ratification of a private attorney's unauthorized commencement of a lawsuit, where ratification came after the statute of limitations had run. *Id* at 848-49. In reaching its decision, the court expressly rejected Speights' argument in this matter:

> Ordinarily, a subsequent ratification relates back to the time of the original transaction. However, that rule is not applicable when the rights of others have intervened by the passage of time. The rule presupposes that the principal who could have acted initially retains that power at the time of the ratification. Such is not the case here. (Id at 848)

Critically, both cases involve the attorney-client relationship, making clear there is nothing unique or special about this type of agency relationship that allows a client to evade a bar date by relying on an "agent" to file claims without authority to do so.

**Conclusion**

Therefore, for the 71 claims at issue, Speights' late-dated or undated authorizations could not provide authority to file the claims at issue, and it is irrelevant whether Speights had a preexisting legal relationship with any of these claimants. Therefore, as a matter of law, all should be disallowed and expunged. Any decision to the contrary would be fundamentally unfair to the Debtors, as well as those claimant who did file their claims properly.

Wilmington, Delaware
Dated: February 3, 2006

Respectfully submitted,

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Michelle H. Browdy
Janet S. Baer
Samuel L. Blatnick
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

*And*

PACHULSKI, STANG, ZIEHL, YOUNG, JONES
& WEINTRAUB, PC

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
(302) 652-4100

Co-Counsel for the Debtors and Debtors in Possession