# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| W. R. GRACE & CO., et al. | ) | Case No. 01-01139 (JKF) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | Re: Docket Nos. 9315, 11428, 11594 |
|  | ) | Hearing Date: March 27, 2006 |
|  | ) | Response Deadline: February 24, 2006 |
|  | ) | Reply Deadline: March 3, 2006 |

## DEBTORS' SUPPLEMENTAL BRIEF RE CHOICE OF LAW IN SUPPORT OF THEIR OBJECTIONS TO CERTAIN TIME-BARRED SPEIGHTS & RUNYAN CLAIMS

During the January 24-26 hearings, the Court requested that the parties brief the choice of law issues raised by Debtors' "statute of limitations" and "statute of repose" objections to three Speights & Runyan claims (Claim Nos. 11550, 10533, and 11722). Debtors' position is simple: (1) Georgia's statute of limitations applies to the claim for the building located in Georgia (Claim No. 11550) and (2) Tennessee's statute of repose applies to the two claims for buildings located in Tennessee (Claim Nos. 10533 and 11722).

Recognizing that Georgia law bars its client's Georgia claim, Speights denies that Georgia law applies and argues that Grace must "establish that this claim would be barred in *every jurisdiction* in which it could be brought." (Docket No. 11594 at 11) (emphasis added).[1] This argument takes forum shopping to a whole new level and is not the law. The correct approach is more practical: Delaware choice of law principles are to be applied. Delaware's "borrowing statute" requires application of Georgia's statute of limitations to the Georgia claim and Tennessee's statute of repose to the two Tennessee claims.

---

[1]  Speights has never contested the application of Tennessee law to the Tennessee claim and should not be permitted to do so now, after months of briefing.

(a)    **THIS COURT IS TO APPLY DELAWARE CHOICE OF LAW PRINCIPLES SINCE IT SITS IN DELAWARE.**

When presented with a choice of law issue, this Court must look to Delaware choice of law principles. The United States Supreme Court made clear decades ago that "the prohibition declared in *Erie Railroad v. Tompkins* . . . against . . . independent determinations by the federal courts extends to the field of conflict of laws." *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Consistent with the Supreme Court's federalism jurisprudence, the Court of Appeals for the Third Circuit has held that a bankruptcy court should apply the choice of law rules of the state in which it sits. *See In re PHP Healthcare Corp.*, 128 Fed. Appx. 839, 843 (3rd Cir. 2005) ("[W]e will adopt the choice of law rule of Delaware—the state in which the bankruptcy court resides.").[2]

This is the majority approach.[3] *See In re Gibson*, 234 B.R. 776, 779 (Bankr. N.D. Cal. 1999) ("The majority rule requires the application of the law of the forum state, including that state's choice of law rules."). It has been endorsed in several well-reasoned opinions. *See, e.g,. In re Gaston & Snow*, 243 F.3d 599, 605-07 (2d Cir. 2001); *In re Payless Cashways*, 203 F.3d 1081, 1084 (8th Cir. 2000); *In re Merritt Dredging Co., Inc.*, 839 F.2d 203, 205-06 (4th Cir. 1988). The Fourth Circuit, for example, concluded that "[t]he argument for applying the *Klaxon* rule to state law questions arising in bankruptcy cases is compelling." *In re Merritt Dredging Co., Inc.*, 839 F.2d at 206.

---

[2]    This per curiam opinion from a panel that included now-Supreme Court Justice Alito was designated "not precedential" but will assist this Court because it is directly on-point and cites several key cases.

[3]    The minority approach is to apply federal common law choice of law principles. Here, there is no strong federal interest that would warrant displacement of state law in favor of federal common law. *See, e.g., In re Harnischfeger Indus., Inc*, 293 B.R. 650, 660-61 n.14 (Bankr. D. Del. 2003) ("Federal courts are able to create federal common law only in those areas where Congress or the Constitution has given the courts the authority to develop substantive law, as in labor and admiralty, or where strong federal interests are involved, as in cases concerning the rights and obligations of the United States. Only rarely will federal common law displace state law in a suit between private parties.").

Following this approach, the United States Bankruptcy Court for the Western District of

Pennsylvania applied Pennsylvania's borrowing statute when faced with a choice between two

states' statutes of limitations. *See In re Global Indus. Tech.*, 333 B.R. 251, 254 (Bankr. W.D. Pa.

2005) (J. Fitzgerald) ("These bankruptcies were filed in the Western District of Pennsylvania.

Thus, we rely on Pennsylvania's borrowing statute to resolve any conflict with another state's

limitations periods."). Clearly, this Court should apply Delaware choice of law principles to

determine which limitations periods govern the claims at issue.

**(b)    DELAWARE'S BORROWING STATUTE SELECTS THE LIMITATIONS PERIODS OF THE STATES WHERE THE BUILDINGS AT ISSUE ARE LOCATED.**

Delaware choice of law principles, in turn, require application of the Georgia statute of

limitations to the Georgia claim and the Tennessee statute of repose to the two Tennessee claims.

Delaware has enacted a "borrowing statute" that codifies its approach to choice of law issues

relating to statutes of limitations and repose. *See* 10 Del. C. § 8121 (2005). The borrowing

statute, to prevent forum shopping, requires application of the limitations period of the state

where the claim at issue "arose" if it is shorter than Delaware's limitations period:

> Where a cause of action arises outside of this State, an action cannot be brought in
> a court of this State to enforce such cause of action after the expiration of
> *whichever is shorter, the time limited by the law of this State, or the time limited*
> *by the law of the state or country where the cause of action arose,* for bringing an
> action upon such cause of action. Where the cause of action originally accrued in
> favor of a person who at the time of such accrual was a resident of this State, the
> time limited by the law of this State shall apply.

10 Del. C. § 8121 (2005) (emphasis added).

The statute "shorten[s] the period of limitation applicable to actions arising in foreign

jurisdictions if the foreign statute specifies a shorter period" and therefore requires application of

the Georgia and Tennessee limitations periods. *Pack v. Beech Aircraft Co.*, 132 A.2d 54, 57

(Del. 1957).

3

*First*, for purposes of the borrowing statute the claims at issue "arose" in Georgia and Tennessee—the states where the buildings that are the subject of the claims are located. The Eighth Circuit's holding in *Building Erection Services, Inc. v. JLG, Inc.*, 376 F.3d 800 (8th Cir. 2004), is directly on-point. There, a Kansas corporation sued for damage to its Missouri property stemming from a crane failure in Missouri. The court held—for purposes of Missouri's borrowing statute—that the claim accrued in Missouri: "[W]e believe a corporate injury accrues at the place where the physical property is damaged, not at the place where the corporation feels the secondary economic effects of the injury." *Id.* at 804-051; *see also Pennzoil Prod. Co. v. Colelli & Assoc.*, 149 F.3d 197, 202 (3d Cir. 1998) ("[S]ince Pennzoil claims to have suffered damage to its refinery equipment in Pennsylvania, that is where—for jurisdictional purposes— we must conclude the alleged injury occurred."); *Paoletto v. Beech Aircraft Co.*, 464 F.2d 976, 979 (3d Cir. 1972) (holding that a claim arose at the "place of the injury" rather than the "place of the negligence").

*Second*, Georgia and Tennessee both have adopted strict limitations periods that bar the claims at issue. Georgia has a four-year limitations period for property damage claims that starts running at the date of "substantial completion." *See* Ga. Code Ann. § 9-3-30(a) (2005); *Corp. of Mercer Univ. v. Nat'l Gypsum Co.*, 368 S.E.2d 732, 733 (Ga. 1988) (holding that the discovery rule does not apply to asbestos property damage claims). Similarly, Tennessee has a ten-year limitations period from "the date on which the product was first purchased for use or consumption." *See* T.C.A. § 29-28-103(a) (2005). To prevent forum shopping, the borrowing statute would select these limitations periods over Delaware's longer period.[4]

---

[4]    Delaware's statute of repose has a six-year limitations period. *See* 10 Del. C. § 8127. Debtors give claimants the benefit of the doubt and assume—only for the sake of argument—that this statute does not apply to the asbestos property damage claims at issue. Otherwise, the borrowing statute would select Delaware's six-year limitations period over Tennessee's ten-year period.

4

Under the proper choice of law analysis, the Georgia claim is governed by Georgia's statute of limitations and the two Tennessee claims are governed by Tennessee's statute of repose. This result is simple and comports with common sense—Georgia and Tennessee are the states where the buildings at issue are located; where the alleged property damage occurred; and where any monitoring, maintenance, or remediation would take place. *See, e.g.*, No. 83-0268, *In re Asbestos School Litig.*, 1991 WL 3890, at *2 (E.D. Pa. Jan 9, 1991) ("Any asbestos-containing materials present in Hawaii schools were installed in that state and any abatement or repair will take place there. These contacts are such that the laws of Hawaii, including its statues of limitations and repose are properly applied by this Court."). To accept Speights' argument that this Court must engage in a fact-intensive personal jurisdiction analysis for each of the 1,000 or so remaining claims and apply the laws of "every jurisdiction" where they could have been brought would be to abandon common sense, condone forum shopping, and bog down the claims resolution process for years.

5

Wilmington, Delaware
Dated:  February 3, 2006

Respectfully submitted,

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Michelle H. Browdy
Janet S. Baer
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

*And*

PACHULSKI, STANG, ZIEHL, YOUNG, JONES
& WEINTRAUB, PC

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
(302) 652-4100

Co-Counsel for the Debtors and Debtors in Possession

6

DOCS_DE:114997.1