**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **W. R. GRACE & CO., et al.** | ) | **Case No. 01-01139 (JKF)** |
| | ) | |
| **Debtors.** | ) | **(Jointly Administered)** |
| | ) | |
| | ) | **Re: Docket No. 9315** |
| | ) | **Response Deadline: February 24, 2006** |
| | ) | **Reply Deadline: March 3, 2006** |
| | ) | **Hearing Date: March 27, 2006, 2:00 p.m.** |

**DEBTORS' SUPPLEMENTAL BRIEF AS TO TWO PRUDENTIAL CLAIMS BARRED BY STATUTE OF LIMITATIONS UNDER GEORGIA LAW**

During the January 24 hearings, this Court asked the parties to brief two issues regarding Prudential's claims for two buildings constructed in Georgia in the early 1970's and barred by statute of limitations under Georgia law. *Corp. of Mercer Univ. v. Nat'l Gypsum*, 258 Ga. 365, 366 (Ga. 1988) (asbestos property damage action "must be brought within four years of substantial completion" of the building). *First*, what choice of law applies. *Second*, what if any is the collateral estoppel effect of the 1994 *Prudential* decision from the New Jersey District Court. The answers, in short, are as follows:

- 1. Choice of law: Georgia As a bankruptcy court sitting in Delaware, this Court applies the choice of law rules of Delaware, the state in which it resides. *In re PHP Healthcare Corp.*, 128 Fed. Appx. 839, 843 (3d Cir. 2005). Delaware's choice of law rule in turn utilizes a borrowing statute requiring application of the limitations period of the state where the claim at issue arose, unless Delaware's limitations period is shorter. *See* 10 Del. C. § 8121 (2005). Here, Prudential's asbestos property damage claim arose in Georgia, the state in which the property at issue is located. Georgia's four year statute of limitations applies.

- 2. Collateral estoppel effect: None The 1994 *Prudential* decision, abandoned by the New Jersey District Court in a 2001 decision later affirmed by the Third Circuit and dealing with an issue different than that posed to this bankruptcy court, has no collateral estoppel effect on this Court.

As a result, Prudential PD claims 6945 and 6948 for properties in Atlanta, Georgia, should be disallowed and expunged. In further support, the Debtors state as follows:

## I. AS A BANKRUPTCY COURT SITTING IN DELAWARE, THIS COURT APPLIES DELAWARE CHOICE OF LAW PRINCIPLES, WHICH IN TURN REQUIRE THE APPLICATION OF GEORGIA'S STATUTE OF LIMITATIONS[1]

The Third Circuit has held that a bankruptcy court should apply the choice of law rules of the state in which it resides. *See In re PHP Healthcare Corp.*, 128 Fed. Appx. 839, 843 (3d Cir. 2005) ("[W]e will adopt the choice of law rule of Delaware—the state in which the [b]ankruptcy [c]ourt resides."). This is consistent with the Supreme Court's federalism jurisprudence, which made clear decades ago that "the prohibition declared in *Erie Railroad v. Tompkins* ... against ... independent determinations by the federal courts extends to the field of conflict of laws." *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941).

The Third Circuit's approach is the majority approach and has been endorsed in several well-reasoned opinions. *See, e.g., In re Merritt Dredging Co., Inc.*, 839 F.2d 203, 205-06 (4th Cir. 1988); *In re Gaston & Snow*, 243 F.3d 599, 605-07 (2d Cir. 2001); *In re Payless Cashways*, 203 F.3d 1081, 1084 (8th Cir. 2000); *In re Gibson*, 234 B.R. 776, 779 (Bankr. N.D. Cal. 1999) ("The majority rule requires the application of the law of the forum state, including that state's choice of law rules."); *see also In re Global Indus. Tech.*, 333 B.R. 251, 254 (Bankr. W.D. Pa. 2005) (Fitzgerald, J.) ("These bankruptcies were filed in the Western District of Pennsylvania. Thus, we rely on Pennsylvania's borrowing statute to resolve any conflict with another state's limitations periods.").

Delaware's choice of law principles, in turn, require application of the Georgia statute of limitations to the Georgia buildings at issue. Delaware has enacted a "borrowing statute" that

---

[1] Note that this issue is also addressed in the Debtors' Supplemental Brief Re: Choice Of Law In Support Of Their Objections To Certain Time-Barred Speights & Runyan Claims, Docket No. 11713.

codifies its approach to choice of law issues relating to statutes of limitations and repose. *See* Del. Code Ann. 10 § 8121 (2005). The borrowing statute, which is designed to prevent forum shopping, requires application of the limitations period of the state where the claim at issue arose unless Delaware's limitations period is shorter:

> Where a cause of action arises outside of this State, an action cannot be brought in a court of this State to enforce such cause of action after the expiration of *whichever is shorter, the time limited by the law of this State, or the time limited by the law of the state or country where the cause of action arose*, for bringing an action upon such cause of action. Where the cause of action originally accrued in favor of a person who at the time of such accrual was a resident of this State, the time limited by the law of this State shall apply.[2]

*Id.* (emphasis added).

The statute "shorten[s] the period of limitation applicable to actions arising in foreign jurisdictions if the foreign statute specifies a shorter period," and therefore requires application of the Georgia four year limitation period. *Pack v. Beech Aircraft Co.*, 132 A.2d 54, 57 (Del. 1957).

For purposes of the borrowing statute, the Asbestos Property Damage Claims at issue "arose" in the state where the buildings that are the subject of the claims are located. The Eighth Circuit's holding in *Building Erection Services, Inc. v. JLG, Inc.*, 376 F.3d 800 (8th Cir. 2004), is directly on-point. There, a Kansas corporation sued for damage to its Missouri property stemming from a crane failure in Missouri. The court held—for purposes of Missouri's borrowing statute—that the claim accrued in Missouri: "[W]e believe a corporate injury accrues at the place where the physical property is damaged, not at the place where the corporation feels the secondary economic effects of the injury." *Id.* at 804-05; *see also Pennzoil Prod. Co. v. Colelli & Assoc.*, 149 F.3d 197, 202 (3d Cir. 1998) ("[S]ince Pennzoil claims to have suffered

[2] Prudential is a resident of New Jersey, thus the Delaware resident exception does not apply..

damage to its refinery equipment in Pennsylvania, that is where—for jurisdictional purposes—we must conclude the alleged injury occurred."); *Paoletto v. Beech Aircraft Co.*, 464 F.2d 976, 979 (3d Cir. 1972) (holding that a claim arose at the "place of the injury" rather than the "place of the negligence").

Georgia has a four-year limitations period for property damage claims that starts running at the date of "substantial completion." *See* Ga. Code Ann. § 9-3-30(a) (2005); *Corp. of Mercer Univ. v. Nat'l Gypsum Co.*, 368 S.E.2d 732, 733 (Ga. 1988) (holding that the discovery rule does not apply to asbestos property damage claims). To prevent forum shopping, the borrowing statute would select these limitations periods over Delaware's longer period.[3] Thus, Prudential's claims for two Georgia buildings constructed in the early 1970's are governed by Georgia's statute of limitations. This result is simple and comports with common sense—Georgia is the state where the buildings at issue are located; where the alleged property damage occurred; and where any monitoring, maintenance, or remediation would take place. *See, e.g.*, No. 83-0268, *In re Asbestos School Litig.*, 1991 WL 3890, at *2 (E.D. Pa. Jan 9, 1991) ("Any asbestos-containing materials present in Hawaii schools were installed in that state and any abatement or repair will take place there. These contacts are such that the laws of Hawaii, including its statues of limitations and repose are properly applied by this court.").

## II. THE DISTRICT OF NEW JERSEY'S 1994 DECISION HAS NO COLLATERAL ESTOPPEL EFFECT ON PRUDENTIAL'S BANKRUPTCY CLAIMS

In 1987, Prudential brought suit over several buildings, including the two Georgia buildings now at issue, in the District of New Jersey. In a 1994 decision long since abandoned by the District Court, Judge Ackerman determined that New Jersey's statute of limitations would apply to that case as *a lawsuit brought in the District of New Jersey.* Judge Ackerman's decision

---

[3] Delaware's statute of repose has a six-year limitations period. *See* 10 Del. C. § 8127.

has *no* collateral estoppel effect on this Court's adjudication of the *bankruptcy proofs of claim submitted by Prudential* in Grace's Chapter 11. To understand why the elements of collateral estoppel are not met, it is helpful first to review the procedural history of the New Jersey action.

**A. The June 1994 District of New Jersey Decision Is Not Good Law, Is Not A Final Judgment, And It Addressed An Issue Different Than That Faced By This Bankruptcy Court**

**1. The 1994 District Court Decision Addressed What Choice Of Law A New Jersey Court Would Apply To An Asbestos Property Damage Lawsuit Filed In That State And Was Not A Final Judgment**

In June 1994, the District of New Jersey denied the motion of Grace and other defendants for summary judgment on Prudential's RICO claims as barred by the relevant statute of limitations. (*See* the "1994 Opinion," attached as Exhibit A to Prudential's Surreply Brief, Docket No. 11592 at p. 9.) In the same opinion, the Court also denied the defendants' motion for summary judgment on certain state law claims on the basis of statute of limitations. *Id.* As part of the district court's denial of summary judgment on the state law claims, the district court first considered choice of law issues and held that New Jersey's statute of limitations would be applied to all of the Prudential buildings at issue, regardless of where those buildings were located. *See id.* at 10-16.

Notably, the district court's 1994 choice of law decision was driven by the fact that Prudential's lawsuit had been filed in New Jersey federal court. In reaching its decision, the district court speculated that a New Jersey state court would have applied its own statute of limitations rules to Prudential's state-law claims, regardless of the location of the underlying buildings. The court noted:

> A corporate plaintiff which is incorporated in New Jersey is entitled to rely on New Jersey's applicable statute of limitations *when filing a suit in New Jersey*, notwithstanding the fact that the corporate plaintiff's other ties in New Jersey may be slim.
>
> ......

> Thus, I conclude that because plaintiff Prudential is a New Jersey domiciliary whose primary place of business in New Jersey, *the New Jersey Supreme Court would be persuaded by its interest in compensating its domiciliary to apply its own statute of limitations in this case.*

*Id.* at 13-14, 16 (emphasis added); *see also* Prudential's Surreply, Docket 11592 at p. 3 ("the District Court ruled that the statute of limitations of New Jersey...should apply to Prudential's claims *in the Asbestos Litigation.*") (emphasis added).

Moreover, the district court's 1994 decision was not a final, binding judgment. *First,* procedurally, the choice of law decision was merely made as part of the denial of Grace's and the other defendants' motion for summary judgment on statute of limitations grounds; there was no judgment entered at the time, for example, that Prudential's claims were either valid or *not* barred by statute of limitations. *See, e.g.,* 1994 Opinion at p. 25 ("this creates a classic dispute of fact"). *Second*, the lack of finality of the 1994 choice of law decision is made abundantly clear by the fact that Grace was not permitted to appeal it at the time, despite repeated attempts to do so, exactly because it was not final. For example, Prudential's Surreply notes that Grace expressly sought *interlocutory* appellate review of Judge Ackerman's choice of law determination, and was denied permission to do so. Prudential Surreply, Docket 11592 at 8-9. Similarly, Prudential admits that Grace and the other defendants also filed a petition for writ of mandamus to the Third Circuit seeking review of Judge Ackerman's choice of law decision, and were denied the opportunity to have the decision reviewed at that time. *Id.* at 9. In contrast, had the choice of law determination been final, appeal could have been taken as a matter of right.

**2. In 2001, The District Court Flip-Flopped From Its Earlier 1994 Decision And Dismissed The Prudential Case In An Opinion Affirmed By The Third Circuit**

In addition, Prudential's Surreply fails to mention that the *Prudential* case on which it so heavily relies was dismissed nearly five years ago in a decision that was affirmed by the Third

Circuit in 2004. *Prudential Ins. Co. of America v. U.S. Gypsum Co.*, 146 F.Supp.2d 643 (D.N.J. 2001), *aff'd* 359 F.3d 226 (3d Cir. 2004). Specifically, in 2001, the district court reversed its own June 1994 decision on Prudential's RICO claims and decided that those claims were barred by the statute of limitations. *Id.* at 232. At the same time, "having thus dismissed Prudential's only federal claim, the District Court declined to exercise supplemental jurisdiction and dismissed Prudential's remaining state law claims against Gypsum and USMP without prejudice." *Id.* Both the summary judgment on the RICO counts and the dismissal of the remainder of the case were affirmed by the Third Circuit. *Id.* at 238.

The District Court and Third Circuit decisions dismissing Prudential's New Jersey District Court action in its entirety have not yet been applied to Grace solely because Grace had filed for bankruptcy by the time the matter was decided and thus the action has been stayed as to it since early 2001. *See* 359 F.3d at 231-32 and n.2 (explaining that Grace was a party to the later summary judgment motions to dismiss on statute of limitations and substantive grounds that were ultimately granted, along with Gypsum and USMP, but that the action was stayed as to it under 11 U.S.C. § 362(a) because Grace subsequently filed a petition for Chapter 11.) As this Court correctly noted at the January 24, 2006 hearing on Prudential's claims, one can assume that the Prudential action will also be dismissed as to Grace.

### 3. In 2003, Prudential Filed Bankruptcy Proofs Of Claim For The Two Buildings Now At Issue. Prudential Has Never Transferred, Nor Sought To Transfer, The District Of New Jersey Action To This Court

In March 2003, nearly two years after the District of New Jersey dismissed the Prudential action, Prudential filed the bankruptcy proofs of claim that are the subject of this objection. By filing proofs of claim, Prudential subjected itself to the jurisdiction of this Court. Ignoring its own filing of these bankruptcy proofs of claim, however, Prudential's Surreply instead repeatedly insists that Prudential has "transferred" the New Jersey district court litigation to this

Court. *E.g.* Docket 11592 at p. 11 ("While the litigation of the Prudential Claims has been *transferred* to this Court by virtue of the Debtors' filing for bankruptcy protection, this Court should apply the state law of the New Jersey District Court, *as the transferor court.*") (emphasis added). Prudential's assertions are either misguided or misleading.

*First*, Prudential has *not* transferred the New Jersey district court action to this Court or sought to lift the stay to proceed with the lawsuit. There are straightforward procedural mechanisms Prudential could have tried to implement at any time since Grace's April 2001 bankruptcy filing to transfer the New Jersey litigation or lift the stay, but the company has never chosen to do so. Prudential's strategic choice is not surprising: Prudential is well aware that its lawsuit in New Jersey has long-since been *dismissed*, and that the action would similarly be dismissed as to Grace were a transfer to occur or the stay was lifted. Presumably, this is exactly why Prudential has sought to do neither in the nearly five years since Grace entered Chapter 11.

*Second*, Prudential's position mischaracterizes the procedural impact of filing a bankruptcy claim. By filing proofs of claim 6945 and 6948 for the two buildings now at issue, Prudential did not transfer anything. Instead, the filing of a bankruptcy proof of claim gives rise to new, concurrent litigation. *See generally Bittner v. Borne Chemical Co., Inc.*, 691 F.2d 134 (3d Cir. 1982); *In re Oxford Health Investors, LLC*, No. 00-80676, 2004 WL 2830694, at *7, n. 2 (Bankr. D.N.C. 2004); *In re Johns-Manville Corp.*, 57 B.R. 680 (Bankr. S.D.N.Y. 1986). Prudential's proof of claim served only to assert a bankruptcy claim on account of the same buildings at issue in the stale New Jersey litigation, not also to transfer such litigation to the bankruptcy court. *In re Oxford Investors, LLC*, 2004 WL 2830694, at *8.

**B. The 1994 District of New Jersey Decision Has No Collateral Estoppel Effect**

In light of the fact that the June 1994 Prudential decision was not a final judgment, that the District of New Jersey litigation has since been dismissed, and that the District Court was faced with a different choice of law decision than that facing this Court, it is not surprising that the June 1994 decision has no collateral estoppel effect here. Specifically, Prudential has argued that under federal law, collateral estoppel can foreclose relitigation of an issue when the party asserting the bar demonstrates that *all four* of the following requirements are satisfied:

- the issue to be precluded is identical to the issue decided in the prior proceeding;
- the issue was actually litigated in the prior proceeding;
- the issue must have been determined by a "valid and final judgment," and
- the determination of the issue was essential to the prior judgment.

*In re Docteroff*, 133 F.3d 210, 214 (3d Cir. 1997). Failing to meet *any* of these four conditions dooms Prudential's attempt to apply collateral estoppel to the District of New Jersey's choice of law decision. In point of fact, none of these four conditions is met by the 1994 New Jersey decision.

**1. The Issue To Be Precluded Is Not Identical To The Issue Decided In The Prior Proceeding**

As set out at length above in Section II.A.1, the choice of law issue facing Judge Ackerman in the June 1994 decision was which state's law applies to a lawsuit brought in New Jersey federal court by a corporate plaintiff domiciled in New Jersey. *E.g.* 1994 Opinion at 13-14 ("A corporate plaintiff which is incorporated in New Jersey is entitled to rely on New Jersey's applicable statute of limitations *when filing a suit in New Jersey*, notwithstanding the fact that the corporate plaintiff's other ties in New Jersey may be slim.") (emphasis added).

In contrast, this court is not sitting as a New Jersey federal district court overseeing litigation brought in New Jersey. This court is sitting as a bankruptcy court in the district of Delaware, to which Prudential has subjected itself to jurisdiction by filing an Asbestos Property Damage Proof of Claim Form. As set out in Section I above, this Court thus applies the choice of law rules of Delaware, not New Jersey. The issue facing this Court is not identical to that faced by Judge Ackerman.

**2. The Issue Was Not Litigated In The Prior Proceeding**

Further, the 1994 Opinion never looked at the choice of law rules faced by a bankruptcy court faced with a bankruptcy proof of claim form submitted in the District of Delaware for a building located in the state of Georgia. Thus, the issue now at bar was not litigated in the prior proceeding and cannot be estopped by any prior decision.

**3. The Issue Was Not Determined By A "Valid And Final Judgment"**

Moreover, the 1994 Opinion is not a valid or final judgment. As set out above in Section II.A.2, the 1994 Opinion was never final, as perhaps best evidenced by Grace's repeated unsuccessful attempts to obtain *interlocutory* review of Judge Ackerman's incorrect choice of law determination. The fact that in 2001, in a decision ultimately affirmed by the Third Circuit, the district court later reversed its 1994 RICO decision and dismissed all accompanying state law claims is further evidence that the 1994 decision was not final. *See supra* Section II.A.2.

The cases cited in Prudential's Surreply support this analysis. In *Brown*, for example, the court noted (in applying collateral estoppel to an earlier decision) that in the prior action, "the court gave no indication that the summary judgment was tentative or likely to be changed." *In re Brown*, 951 F.2d 564, 570 (3d Cir. 1991). Similarly *Docteroff* noted that "there is nothing which would even suggest that the court has any intention of revisiting the issue of liability, that its findings are unreliable, that Docteroff did not have sufficient opportunity to be heard...." *In re*

*Docteroff*, 133 F.3d 210, 216 (3d Cir. 1997). In contrast, here, the District of New Jersey has given every indication that its initial decision was tentative. The Court changed its mind over the RICO statute of limitations issue and *dismissed* the state law claims which had been the subject of the choice of law analysis.

**4. The Determination Of The Issue Was Not Essential To The Prior Judgment.**

Finally, the 1994 choice of law decision cannot be seen as "essential" to any prior judgment, because there *was* no prior judgment. To the contrary, all the 1994 decision did with respect to Prudential's state law claims was to deny the defendants' motion for summary judgment on statute of limitations. There was no judgment entered on any issue at that time. Moreover, the state law claims then at issue were eventually dismissed. *Supra* Section II.A.3.

**5. Even If The Four Requirements For Collateral Estoppel Were Present, Which They Are Not, This Matter Would Fall Into Several Exceptions, Each of Which Precludes Its Application**

The Restatement (Second) of Judgments provides various exceptions that would bar application of collateral estoppel in the present situation, even if the four preconditions for estoppel were otherwise met, which they are not. Specifically, §28 provides as follows:

> Although an issue is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, relitigation of the issue in a subsequent action between the parties is not precluded in the following circumstances:
>
> (1) The party against whom preclusion is sought *could not, as a matter of law, have obtained review of the judgment in the initial action*; or
>
> (2) The issue is one of law and (a) the two actions involve claims that are substantially unrelated, or (b) *a new determination is warranted in order to take account of an intervening change in the applicable legal context or otherwise to avoid inequitable administration of the laws*; or
>
> (3) A new determination of the issue is warranted by differences in the quality or extensiveness of the procedures followed in the two courts or by *factors relating to the allocation of jurisdiction between them*; or

> (4) *The party against whom preclusion is sought had a significantly heavier burden of persuasion with respect to the issue in the initial action than in the subsequent action*; the burden has shifted to his adversary; or the adversary has a significantly heavier burden than he had in the first action

Restatement (Second) of Judgments, §28(1) - (4) (1982) (emphasis added). Each of these exceptions is applicable to the present situation.

*First*, as explained above in Section II.A.1, Grace sought review of the 1994 choice of law decision but was prevented from taking either an interlocutory appeal or achieving review through mandamus. Thus, as a matter of law, Grace has not been permitted to review the earlier choice of law decision. *Second*, there has been a significant intervening change in the applicable legal context, since the initial choice of law decision was made in the context of litigation of a civil suit filed in the district of New Jersey and the current choice of law decision is posed to a bankruptcy court faced with a bankruptcy proof of claim filed in Delaware. This is a distinction with a difference: The District of New Jersey looked to New Jersey choice of law rules for its decision, while, as a bankruptcy Court sitting in Delaware, this Court is bound by Delaware's choice of law rules. *Compare* 1994 Opinion at 10-16 *with supra* Section I.[4] Different policy implications may apply as well, now that Grace is in bankruptcy. Similarly, *third*, Prudential has now submitted itself to the jurisdiction of the bankruptcy court in Delaware, whereas it previously invoked the jurisdiction of the District of New Jersey. *Fourth*, in the 1994 decision, Grace was the movant in seeking summary judgment on statute of limitations grounds, and thus Grace bore the burden of proof in making its claim. Now, Prudential has filed a bankruptcy proof of claim for its Georgia buildings and bears the burden of establishing each element of its

---

[4] And, in any event, Grace asserts that the New Jersey District Court applied those rules incorrectly, as evidenced by Grace's repeated attempt to obtain interlocutory review of the improper choice of law decision at the time. *See supra* Section I.A.1.

claim by preponderance of the evidence. *In re Broadband Wireless Intern. Corp.*, 295 B.R. 140, 145 (10th Cir. BAP 2003); *In re Pugh*, 157 B.R. 898, 901 (9th Cir. BAP 1993).

Thus, even if Prudential could make out a case for the application of collateral estoppel to the rejected 1994 New Jersey opinion, which it cannot, collateral estoppel should not be applied under the exceptions recognized by § 28 of the Restatement (Second) of Judgments.

**Conclusion**

Wherefore, for the reasons stated above, in the Debtors' 15th Omnibus Objection, in the Debtors' Reply in Support of Its 15th Omnibus Objections, and at argument before this Court on January 24, 2006, Prudential claims 6945 and 6948 for two buildings built in Georgia in the 1970's should be disallowed and expunged as barred under Georgia's four year statute of limitations, which began to run upon "substantial completion" of the buildings more than 30 years ago. Under the Delaware borrowing statute, Georgia's statute of limitations applies to these two buildings. Further, the 1994 choice of law decision made by the District of New Jersey to a prior lawsuit brought in New Jersey has no application to the issues now faced by this Court and is entitled to no collateral estoppel effect.

Wilmington, Delaware
Dated: February 6 2006

Respectfully submitted,

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Michelle H. Browdy
Janet S. Baer
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

*And*

PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB, PC

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
(302) 652-4100

Co-Counsel for the Debtors and Debtors in Possession