## EXHIBIT B

## Key Elements of Modified W.R. Grace & Co. Chapter 11 Plan that is Non-Consensual with Asbestos Claimants

I.  Classification of Asbestos Claims:

   A. Asbestos Personal Injury Claims ("PI Claims") and Asbestos Property Damages Claims ("PD Claims") would be classified in a single class.

II. Treatment of PI Claims:

   A. PI Claims will be channeled to a post confirmation trust (the "Trust") and paid the full amount of their allowed claim.

   B. There will be no limitation or "cap" on the funds available to the post confirmation trust to pay PI Claims. On the Effective Date the Trust will be funded in an amount estimated by the Court to be adequate to pay PI Claims in full. The Reorganized Debtor will be ultimately responsible for any shortfall if the initial funding of the Trust proves inadequate to pay PI Claims in full.

   C. PI Claims will have the option under the plan (i) to accept a "cash out" option administered by the Trust pursuant to a TDP; or (ii) to litigate the allowance of their claims pursuant to a CMO entered by the Court in connection with confirmation, which will be managed by the Reorganized Debtor on behalf of the Trust.

   D. PI Claims shall be unimpaired and deemed to have accepted the plan for all purposes.

III. Treatment of PD Claims:

   A. PD Claims will be channeled to the Trust and paid the full amount of their allowed claims.

   B. PD Claims will be paid by the Trust out of a segregated fund which will be in an amount estimated by the Court, under its authority to estimate claims for purposes of allowance set forth in 11 U.S.C. § 502(c)(1), as adequate to pay all PD Claims in full. The sole source of payment for PD Claims will be this segregated fund.

   C. Subsequent to the Effective Date the Reorganized Debtor and PD Claimants shall litigate the allowed amount of each PD Claim pursuant to a CMO entered by the Court in connection with confirmation.

   D. PD Claims shall be unimpaired and deemed to have accepted the plan for all purposes.