# EXHIBIT "1"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| W. R. GRACE & CO., et al., | ) | Case No. 01-1139 (JKF) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) |  |
|  | ) |  |
|  | ) |  |
|  | ) |  |

### THE OFFICIAL COMMITTEE OF ASBESTOS PROPERTY
### DAMAGE CLAIMANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

In connection with the estimation of asbestos property damage liabilities of the Debtors, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, made applicable to this contested matter by Rules 7026, 9014, and 7034 of the Federal Rules of Bankruptcy Procedure, the Official Committee of Asbestos Property Damage Claimants (the "PD Committee"), hereby directs Debtor W.R. Grace & Co., as defined below, to produce the documents described below for inspection and copying at the offices of Bilzin Sumberg Baena Price & Axelrod LLP, 200 S. Biscayne Blvd, Suite 2500, Miami, FL 33131, within 30 days of the date of service of these requests, or at such other time and place as may be ordered by the Court or agreed to by counsel.

## INSTRUCTIONS AND DEFINITIONS

For the purpose of these Document Requests, and with respect to each Document and item of property requested:

1. As used herein, the words "Debtor," "Grace," or "W.R. Grace" means the currently existing W.R. Grace & Co. and all its parents, subsidiaries, affiliates, or divisions and its merged or acquired predecessors-in-interest, whether or not debtors in the captioned chapter 11 proceedings and whether or not successorship is admitted, its or their present or former officers, directors, representatives, employees, agents, servants, counsel, employees, investigators, sales personnel, contractors, consultants, and all other persons acting on its or their behalf. Subsidiaries or divisions of Grace include, but are not limited to any entity listed as an affiliate on any Grace Form 10-K.

2. Unless otherwise specified, these Document Requests seek documents within your possession, custody, or control that were created during, or pertaining to, the period from 1950 to present. A document is in your "possession, custody or control" if it is in the possession, custody or control of your representatives, attorneys, agents, servants, employees, investigators, or consultants and you have the right or ability to obtain the document, regardless of its source or present location.

3. These Document Requests call for the production of the original document or documents as they are kept in the ordinary course of business, to the extent that they are in or subject to, directly or indirectly, the possession, custody or control of the party to whom these requests are addressed. In addition, each request should be considered as including a request for

2

separate production of all copies and, to the extent applicable, preliminary drafts of documents that differ in any respect from the original or final draft or from each other (e.g., by reason of differences in form or content or by reason of handwritten notes or comments having been added to one copy of a document but not on the original or other copies thereof). If "e-mail" or other documents stored electronically have been "deleted" from a computer, but are still retrievable in some form, any such responsive e-mail or document should be retrieved, printed out, and produced in hardcopy or in a readily readable electronically recorded form.

4. These Document Requests shall be deemed to be continuing so as to require supplemental production if the party to whom they are addressed obtains access, possession, custody or control of any responsive document not previously produced, or obtains further information between the time the responses are served and the time of trial.

5. With respect to any document requested, should the document be presently unavailable and/or if such document is not presently in your possession, custody or control or has been destroyed, please identify such document by providing: (a) the type or character of the document (e.g. letter, memorandum, etc.); (b) the title, if any, of the document; (c) the date of the document; (d) the names and addresses of (i) the author(s); (ii) the addressee(s); (iii) all recipients of copies of the document; (e) a summary of all information contained in each such document; (f) the date and circumstances under which each such document ceased to be in your possession, custody or control.

6. If there is a claim of privilege with respect to any document requested, in addition to providing the information requested in paragraph 5 above, provide a statement setting forth the basis for any claim of privilege and the specific privilege being asserted.

7. "And," "or," "each," "all," and "any" shall be construed as necessary in each case to make each request inclusive rather than exclusive. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa; the use of the masculine form of a pronoun shall be considered to include also within the meaning the feminine form of the pronoun so used, and vice versa; the use of either "and" or "or" shall be considered to include both "and" and "or;" and the use of any tense of any verb shall be considered to include also within its meaning all other tenses of the verb so used.

8. The words "communication" or "communications" as used herein include, without limitation, any oral communication, whether transmitted in meetings, by telephone, telegraph, telex, cable, tape recordings, voice-mail or otherwise, and all written communications, including communications by e-mail or other internet-based communications system.

9. As used herein, "correspondence" means any document that either constitutes a communication between or among two or more entities or persons, or that records, memorializes, reflects, summarizes or sets forth such a communication, whether made directly to the author of the document or otherwise.

10. The words "discussing," "referring," or "relating to," "concerning," and "pertaining to" mean comprising, setting forth, identifying, recording, summarizing, supporting, providing a basis for, digesting, commenting upon, describing, reporting, listing, analyzing, studying discussing, mentioning, or in any other way reflecting or having to do with a subject matter identified in a request.

11. "Document" or "documents" means any written, typed, printed, recorded or graphic matter, however produced or reproduced, of any type or description, regardless of origin or

4

location, including, without limitation, all correspondence, records, tables, charts, analyses, graphs, schedules, reports, memoranda, notes, lists, indices, calendar and diary entries, letters (sent or received), telegrams, telexes, messages (including, but not limited to reports of telephone conversations and conferences), complaints, claims, claim letters, studies, books, periodicals, magazines, booklets, circulars, bulletins, instructions, papers, files, minutes, other communications (including, but not limited to, inter and intra office communications), questionnaires, contracts, memoranda or agreements, assignments, licenses, ledgers, books of account, orders, invoices, statements, bills, checks, vouchers, notebooks, receipts, acknowledgments, sales records, purchase orders, advertisements, installation records, affidavits, architectural specifications, bid documents, contracts, laboratory reports, asbestos surveys, response action recommendations, air sample clearance records, certificates of completion and payment records, data processing cards, computer generated matter, photographs, photographic negatives, phonograph records, tape recordings, wire recordings, microfilm, microfiche, other mechanical or electronic recordings, transcripts or logs of any such recordings, all other data compilations from which information can be obtained or translated if necessary, and any other tangible thing of a similar nature.

12. "Estimate" or "estimation" means an approximate calculation of the cost, quantity, or extent of the matter being estimated.

13. "Person" or "Persons" means natural persons, firms, proprietorships, associations, partnerships, corporations and every other type of organization or entity.

14. "You," "your" and "yourself" refer to the person to whom these Document Requests are addressed, and its agents, representatives, officers, directors, and employees.

15. The following are defined terms for which the meanings specified below shall apply:

(a) "Asbestos" shall include all asbestos or asbestiform minerals of either the amphibole or serpentine group, and shall include chrysotile, amosite, crocidolite, tremolite, anthophyllite and actinolite.

(b) "Asbestos-Containing Product" is an inclusive term and includes, but is not limited to, joint compounds, Asbestos, raw Asbestos, mined Asbestos, milled Asbestos, Asbestos compounds, materials and products or equipment containing Asbestos or Asbestos particles, as well as dust and fibers resulting from Asbestos or Asbestos particles. "Asbestos-Containing Product" is specifically not limited with respect to product type or form, such as thermal insulation, acoustical plasters, textures, refractories, mastics, etc. and includes all product types and/or forms, whether or not marketed, sold or distributed as an Asbestos-Containing Product.

(c) An "Asbestos Claimant" is anyone who asserts or has asserted an Asbestos Tort Claim against Grace.

(d) An "Asbestos PD Claim" or "Asbestos-related property damage claim" means any lawsuit, civil action, demand letter, notice of claim, proof of claim or any other similar assertion against the Debtor, brought by an Asbestos PD Claimant alleging property damage allegedly caused by release or contamination of asbestos fiber or installation of Asbestos-Containing Products. The term "Asbestos PD Claim" or "Asbestos-related property damage claim" includes any claim or demand ever asserted against the Debtor, regardless of how such claim was resolved (by verdict, settlement, dismissal, or otherwise) and regardless of whether such claim resulted in the filing of a civil lawsuit by the claimant.

6

(e) An "Asbestos PD Claimant" is any Person who asserts or has asserted an Asbestos-related property damage claim against the Debtor.

(f) An "Asbestos PD Claims Database" means a computerized record of any and all information kept or recorded by the Debtor concerning Asbestos-related property damage claims.

(g) "Asbestos PD Liabilities" means liability on account of Asbestos-related property damage claims.

(h) An "Asbestos PD Proof of Claim" means a proof of claim filed within this bankruptcy relating to Asbestos-related property damage.

(i) The words "Asbestos-related Disease, Injury or Illness" or any similar words, as used herein shall include, but not be limited to: asbestosis, mesothelioma, pleural plaques, pleural thickening, pleural effusion, lung cancer, laryngeal cancer, gastro-intestinal cancers or any other condition associated with, or allegedly associated with, exposure to asbestos or asbestos-containing products.

(j) "Asbestos Tort Claim" shall mean any formal or informal lawsuit for compensation based on alleged bodily injury, wrongful death, or property damage arising from exposure to, or use of, asbestos or an asbestos-containing product. "Asbestos Tort Claim" includes any claim or demand ever asserted against Grace regardless of how such claim was resolved (by settlement, dismissal, or otherwise) and regardless of whether such claim resulted in the filing of a civil lawsuit by the claimant.

7

(k) "Bar Date" shall refer to March 31, 2003, the court-established deadline for filing Asbestos Property Damage Claims, Medical Monitoring Claims and Non-Asbestos Claims.

(l) "Database" means a collection of data in whatever form arranged for ease and speed of retrieval through the use of computerized or mechanical means.

(m) "Grace Asbestos-Containing Product" shall refer to any Asbestos-Containing Product manufactured, produced, sold or distributed by the Debtor.

(n) "Jobsite" refers to any location within the United States of America or Canada where Grace Asbestos-Containing Products were sold, processed, installed, distributed, erected, constructed, manufactured, built, placed on a means of transportation, used, repaired, maintained or sent.

(o) "Settled Asbestos PD Claim" means any Asbestos PD Claim for which there has been an agreement entered into between the Asbestos Clamant (or such claimant's counsel) and Grace pursuant to which the Asbestos Claimant agrees to compromise or settle his/ her Asbestos PD Claim for a fixed sum of money in exchange for a release from liability.

## DOCUMENTS REQUESTED

Grace is requested to produce for inspection and copying the following documents:

1. All documents by, between or about any holder of any Asbestos PD Claim subject of an Asbestos PD Proof of Claim including, but not limited to, the sale, installation or delivery of any Asbestos-Containing Products to any such holder or to any property, address of property, or property owner identified or listed in any Asbestos PD Proof of Claim.

8

2. All documents relating to Asbestos contamination or release of Asbestos fibers within any building or property identified or listed in any Asbestos PD Proof of Claim, other than any documents provided to the Debtor as an exhibit accompanying any such Asbestos PD Proof of Claim.

3. All documents relating to the organization, the membership, the funding, the marketing efforts, the lobbying efforts, the public relation efforts, and the activities of the Safe Building Alliance and the Alliance for Safe Buildings that relate to Asbestos, Asbestos-Containing Products, Asbestos PD Claims, or the maintenance, remediation, repair, or abatement of Asbestos in buildings or properties located in the United States or Canada.

4. As to each Grace Asbestos-Containing Product identified in or implicated by any Asbestos PD Proof of Claim, manufactured, marketed, distributed or sold at any time during the period from 1950 through 1983, all documents containing or concerning:

> a. all annual production summaries (or monthly production summaries if annual summaries do not exist);
>
> b. all annual sales summaries (or monthly sales summaries if annual summaries do not exist);
>
> c. all market analyses and market forecasts prepared by or for, or relied upon by Grace;
>
> d. the text of each warranty or guarantee applicable to the performance or safety of the Asbestos-Containing Product, the name and address of each recipient of every such warranty or guarantee, and the applicable dates of each;
>
> e. the text of any warning or statement about Asbestos which appeared on, in materials associated with, or on any container or packaging of the Asbestos-

Containing Product, with dates, and as to each, all documents concerning the reason the warning was added, the persons involved in the decision to add the warning, any alternative forms of warning, the name and address of each recipient of every such warning, and the nature and type of risk which Grace intended to warn about;

f. all advertisements, technical data sheets, promotional literature, or any other literature communicated outside Grace which contains any warning, caution or statements concerning Asbestos, and as to each, all documents concerning the reason the warning was added, all persons involved in the decision to add the warning, the category of people to whom Grace attempted to communicate the warning, and the type of risk which Grace intended to warn about;

g. any warning, statement or caution about Asbestos which Grace communicated to any persons involved in the manufacture of the Asbestos-Containing Product; and

i. any warning, statement or caution about Asbestos which Grace communicated to any person involved in the sale, promotion, or distribution of the Asbestos-Containing Product.

5. Any listing of buildings, properties or Jobsites where any Grace Asbestos-Containing Products were supplied, delivered, installed or applied, and any brochure, advertisement, bulletin or document containing reference to each such building, property or Jobsite.

6. Other than the Cambridge repository, all indexes which describe or pertain to document repository centers or document storage locations or facilities of any type that contain documents concerning Asbestos or any Grace Asbestos-Containing Products.

7. All interrogatory questions and answers by or on behalf of Grace in any lawsuit or other legal proceeding, including any arbitration or mediation, brought against Grace in respect of an Asbestos PD Claim.

8. All requests for admission and the admission or denial thereof by or on behalf of Grace in any lawsuit or other legal proceeding, including any arbitration or mediation, brought against Grace in respect of an Asbestos PD Claim.

9. All deposition transcripts and trial testimony of any current or former Grace officer, director, employee, agent or representative in a lawsuit or other legal proceeding, including an arbitration or mediation, brought against Grace in connection with an Asbestos PD Claim.

10. All testimony of any current or former Grace officer, director, employee, agent or representative before any government agency, entity, subdivision, legislature, legislative component, board, commission or committee at the state, federal or international level relating to Asbestos or Grace Asbestos-Containing Products.

11. All documents pertaining to any submission to any government agency, entity, subdivision, legislature, legislative component, board, commission or committee at the state, federal or international level relating to Asbestos or Grace Asbestos-Containing Products.

12. To the extent not produced pursuant to any other request by the PD Committee, all documents concerning or relating to any Database regarding settled or litigated Asbestos PD Claims. This category of documents includes, in addition to the raw Database information itself, a list of all fields available in the Database, and any data dictionary explaining the meaning of each field or code, how it was coded, and how the information in the Database was obtained.

13. All documents concerning or relating to any audits or examinations of settled Asbestos PD Claims files performed by or at the request of any insurer which provided or provides Grace with insurance coverage for Asbestos PD Liabilities.

14. All communications and correspondence from Grace to any independent accounting firms or auditors concerning Asbestos Tort Claims (or concerning such communications and correspondence).

15. All communications and correspondence between Grace and any former, current or prospective user, customer or purchaser of Grace Asbestos-Containing Products which refer, relate or pertain to the uses of said Products and their advantages or disadvantages.

16. All documents which in any way relate, refer or pertain to Asbestos air monitoring, Asbestos air sampling, Asbestos dust sampling, Asbestos-related safety and Asbestos-related hazards.

17. All documents which in any way relate, refer or pertain to asserted, threatened or unasserted Asbestos PD Claims, Asbestos-related remediation, Asbestos removal or Asbestos maintenance in buildings, properties or Jobsites.

18. All documents which relate or pertain to Grace's custom, practice, policies and procedures for the retention or destruction of its records.

19. All Material Safety Data Sheets which identify the product, manufacturer, supplier, chemical composition, special protection information and special precautions to be taken with any Asbestos or any Grace Asbestos-Containing Products.

20. With respect to annual and quarterly reports, proxy statements and other financial reports, any communication or correspondence, whether internal or external, by and between Grace and any person discussing Asbestos Tort Claims.

12

21. All internal reports relating to Asbestos-related property damage including without limitation and communication or correspondence that discusses, addresses or mentions the connection between any Grace Asbestos-Containing Product and such damage, the extent of such damage or the merits of such claims.

22. All documents received by Grace at any time since 1950, published in any medical, trade, commercial, scientific or other type of journal, or otherwise in the custody or control of Grace, relative to Asbestos or Asbestos-related property damage and all documents reflecting the receipt and circulation of such publications by or within Grace.

23. All documents which refer, relate or pertain to questions, comments, statements, or recommendations by any of Grace's officers, directors, agents, representatives, employees, consultants, sales personnel, contractors, investigators, customers, or purchasers or persons concerning Asbestos-related property damage at any location in the United States or Canada.

24. For each Grace Asbestos-Containing Product, all documents concerning Grace's share of the domestic and international sales markets applicable to each type of such products (e.g. thermal insulation, acoustical plaster, etc.).

25. All documents concerning the methodologies for the identification of Asbestos-Containing Products manufactured by Grace.

26. All documents relating to the type and quantity of Grace Asbestos-Containing Products within any building, property or structure subject of an Asbestos PD Proof of Claim (other than the PD Proof of Claim itself) including, but not limited to, any calculation or estimation of the quantity and any cost model for the abatement of the subject Grace Asbestos-Containing Products.

27. All documents that relate to Asbestos Tort Claims which were prepared by, for or under the supervision of the following individuals:

    a. James Cintani,

    b. Thomas Egan,

    c. Robert Beber,

    d. David Siegel, and

    e. Paul Norris.

28. All documents (including, without limitation, personnel files and any employment or consulting agreements whensoever entered into) concerning Grace's employment (in any and all capacities) of the following individuals:

    a. James Cintani,

    b. Thomas Egan,

    c. Robert Beber,

    d. David Siegel, and

    e. Paul Norris.

Dated: November 16, 2005.

FERRY, JOSEPH & PEARCE, P.A.

/s/ Theodore J. Tacconelli
Theodore J. Tacconelli (No.2678)
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899
(302) 575-1555

Local Counsel for the Official Committee of
Asbestos Property Damage Claimants

-and-

14

Scott L. Baena, Esquire
Jay M. Sakalo, Esquire
Bilzin, Sumberg, Baena, Price
& Axelrod, LLP
200 South Biscayne Boulevard
Suite 2500
Miami, FL 33131-2336
(305) 374-7580

Counsel for the Official Committee
of Asbestos Property Damage Claimants