**EXHIBIT "2"**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-1139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

### DEBTOR W. R. GRACE & CO.'S
### RESPONSES AND OBJECTIONS TO THE OFFICIAL COMMITTEE
### OF ASBESTOS PROPERTY DAMAGE CLAIMANTS'
### FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

### GENERAL OBJECTIONS

1. Grace objects to the definitions and instructions contained in The Official Committee of Asbestos Property Damage Claimants' ("PD Committee") First Request for Production of Documents (collectively, "Requests for Production") to the extent that said definitions and instructions purport to impose discovery obligations beyond those required by Fed. R. Civ. P. 26 and 34 and Rules 7026, 7034, and 9014 of the Federal Rules of Bankruptcy Procedure.

2. Grace objects to the Requests for Production to the extent they seek information or identification of documents beyond the permissible scope of discovery or impose burdens beyond those permitted by the Federal Rules of Civil Procedure. Grace further objects to the requests to the extent they seek information that will be presented by expert witnesses on the grounds that such inquiry is premature.

3. Grace objects to the Requests for Production and specifically to the PD Committee's Definition and Instruction No. 2 (relating to the scope of custody, control and possession and defining the relevant time period) as overly broad, unduly burdensome, irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

4. Grace objects to the Requests for Production and specifically to the PD Committee's Definition and Instruction No. 5 (relating to documents unavailable and/or not currently in Grace's possession) as overly broad, unduly burdensome, irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

5. Grace objects to the Requests for Production and specifically to the PD Committee's Definition and Instruction No. 15(b) (purporting to define "Asbestos-Containing Product") as overly broad, unduly burdensome, irrelevant,

immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

6. Grace objects to the Requests for Production and specifically to the PD Committee's Definition and Instruction No. 15(e) (purporting to define "Asbestos PD Claimant") as overly broad, unduly burdensome, irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

7. Grace objects to the Requests for Production and specifically to the PD Committee's Definition and Instruction No. 15(j) (purporting to define "Asbestos Tort Claim") as vague, ambiguous, overly broad, unduly burdensome, irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

8. Grace objects to the Requests for Production and specifically to the PD Committee's Definition and Instruction No. 15(m) (purporting to define "Grace's Asbestos-Containing Product") as overly broad, unduly burdensome, irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

9. To the extent any of the requests for production call for or may be construed as calling for information or the identification of documents subject to a claim of privilege against disclosure, including, without limitation, the attorney-client privilege and the work product doctrine, and/or otherwise protected by applicable common-law or statutory privileges or otherwise immune from discovery (collectively, "Privileged Information"), Grace hereby claims such privilege or privileges. Accordingly, Grace objects to the production of privileged information or documents containing Privileged Information and will not produce such documents. Inadvertent production of such documents or information shall not constitute a waiver of any privilege on any grounds.

10. Grace objects to the Requests for Production to the extent that they ask Grace to disclose confidential, trade secret, competitively sensitive, or commercial information, including internal corporate documents and materials, that could irreparably harm Grace (including subsidiaries or affiliates) if disclosed to competitors. Grace will not produce such documents absent an appropriate protective order or confidentiality agreement.

11. Grace's partial response to any request for production of documents is not a waiver of its objection or right to object to any additional, supplemental, or further requests for production of documents or part thereof, but is instead volunteered in an effort to resolve potential discovery disputes. Additionally, Grace's production of a document or documents in response to any of the requests for production is not a waiver of Grace's objection to the production of additional documents.

12. Grace objects to the Requests for Production to the extent they seek information or identification of documents in the possession of third parties and/or not presently in Grace's possession, custody, or control on the grounds that such requests are beyond the scope of permissible discovery and are unduly burdensome. Grace further objects to all Requests for Production on the grounds that they are overbroad, oppressive, and unduly burdensome, to the extent they purport to require Grace to provide information or identify documents of other parties to this action, or of third parties, or from publicly available sources. Accordingly, Grace's responses to these Requests for Production do not include or incorporate such information.

13. Except where otherwise specified, Grace will not search for nor will it produce information or documents subject to its General Objections or any objections made in response to a particular request for production.

14. Grace objects to producing documents already in the PD Committee's possession, custody, or control or that are publicly available.

15. In response to these requests, Grace will make documents available at a time or place that the lawyers for the parties agree upon.

16. Neither the fact that Grace has responded to these Requests for Production (or any other discovery request) nor the responses themselves shall constitute an admission or acknowledgement that such Requests for Production (or other discovery requests) are proper, that the information sought is relevant, material, or otherwise within the proper bounds of discovery, or that other discovery requests will be treated in a similar fashion in this or any other proceeding. Further, no response by Grace to any request for production (or other discovery request) shall be deemed to constitute an admission of any fact or matter set forth or assumed in any discovery request.

17. Grace reserves the right to make future motions and objections relating to these Requests for Production at any subsequent stage of this action, including, but not limited to, the right to object to the use of any responses, or the subject matter thereof, on any ground (including materiality and relevance) in any proceeding in any action. Grace reserves the right to modify, supplement, revise, correct, clarify, or otherwise amend its responses in accordance with the Federal Rule of Civil Procedure 26(e). Grace further reserves the right to object to the admissibility of any evidence based on the responses to these Requests for Production.

18. Grace objects to the Requests for Production to the extent they seek documents which may be contained in Grace's pending and closed property damage case files as overly broad and unduly burdensome and to the extent such materials are protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Grace further objects to such requests in that it has already

3

produced to the PD Committee its Case Management System which contains substantial information from such files.

19. Unless otherwise noted in response to a specific request, these responses are limited to documents relating to any Grace asbestos-containing product identified in or implicated by any Asbestos Property Damage Proof of Claim.

20. The above-stated General Objections shall be deemed applicable and are incorporated by reference into each response set forth below even if not specifically referred to in such responses.

## DEFINITIONS

1. "Grace's Boston Repository" shall refer to the collection of documents maintained at One Winthrop Square, Boston, Massachusetts generally consisting of documents relating to the manufacture and sale of the Zonolite line of commercial asbestos-containing products manufactured by the Zonolite Company or by Grace's Construction Products Division ("CPD"), which repository has been produced in connection with discovery in numerous asbestos related personal injury and property damage actions from approximately the late 1980's through the date of Grace's bankruptcy petition.

## RESPONSES

1. All documents by, between or about any holder of any Asbestos PD Claim subject of an Asbestos PD Proof of Claim including, but not limited to, the sale, installation or delivery of any Asbestos-Containing Products to any such holder or to any property, address of property, or property owner identified or listed in any Asbestos PD Proof of Claim.

RESPONSE: Grace objects to this request as vague, ambiguous and capable of various interpretations. Grace further objects to this request as overly broad and unduly burdensome. Grace further objects to this request to the extent it seeks any information or documents protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Grace further objects to this request to the extent the documents sought are already in the possession of members of the PD Committee. Grace states that it has previously produced its Case Management System and applicable data dictionary on disc in this case, which may contain information responsive to this request. Further responding, Grace states that it has previously produced its database index to its collection of documents in Grace's Boston Repository, which database may be used to identify documents responsive to this request. Subject to and without waiving these objections and/or the General Objections above, Grace will produce documents responsive to this request, to the extent they exist, in Boston, Massachusetts at a mutually agreeable time.

2. All documents relating to Asbestos contamination or release of Asbestos fibers within any building or property identified or listed in any Asbestos PD Proof of Claim, other than any documents provided to the Debtor as an exhibit accompanying any such Asbestos PD Proof of claim.

RESPONSE: Grace objects to this request as vague and ambiguous in that the term "contamination" is undefined and subject to various interpretations. Grace further objects to this request as overly broad and unduly burdensome. Grace further objects to this request to the extent it seeks any

4

information or documents protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Grace further objects to this request to the extent the documents sought are already in the possession of members of the PD Committee.

3. All documents relating to the organization, the membership, the funding, the marketing efforts, the lobbying efforts, the public relation efforts, and the activities of the Safe Building Alliance and the Alliance for Safe Buildings that relate to Asbestos, Asbestos-Containing Products, Asbestos PD Claims, or the maintenance, remediation, repair, or abatement of Asbestos in buildings or properties located in the United States or Canada.

RESPONSE: Grace objects to this request as overly broad and unduly burdensome. Grace further objects to this request to the extent the documents requested are a matter of public record, equally available to the PD committee as to Grace or otherwise in possession of claimants or other third parties. Grace further objects to this request to the extent it seeks any information or documents protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Further responding, Grace states that it has previously produced its database index to its collection of documents in Grace's Boston Repository, which database may be used to identify documents responsive to this request. Subject to and without waiving these objections and/or the General Objections above, Grace states that it will produce responsive documents, to the extent they exist, in Boston, Massachusetts at a mutually agreeable time. Further responding, Grace has identified additional potentially responsive documents which will be produced after an appropriate review for privilege and confidentiality.

4. As to each Grace Asbestos-Containing Product identified in or implicated by any Asbestos PD Proof of Claim, manufactured, marketed, distributed or sold at any time during the period from 1950 through 1983, all documents containing or concerning:

    a. all annual production summaries (or monthly production summaries if annual summaries do not exist);

    b. all annual sales summaries (or monthly sales summaries if annual summaries do not exist);

    c. all market analyses and market forecasts prepared by or for, or relied upon by Grace;

    d. the text of each warranty or guarantee applicable to the performance or safety of the Asbestos-Containing Product, the name and address of each recipient of every such warranty or guarantee, and the applicable dates of each;

    e. the text of any warning or statement about Asbestos which appeared on, in materials associated with, or on any container or packaging of the Asbestos-Containing Product, with dates, and as to each, all documents concerning the reason the warning was added, the persons involved in the decision to add the warning, any alternative forms of warning, the name and address of each recipient of every such warning, and the nature and type of risk which, Grace intended to warn about;

5

  f  all advertisements, technical data sheets, promotional literature, or any other literature communicated outside Grace which contains any warning, caution or statements concerning Asbestos, and as to each, all documents concerning the reason the warning was added, all persons involved in the decision to add the warning, the category of people to whom Grace attempted to communicate the warning, and the type of risk which Grace intended to warn about;

  g.  any warning, statement or caution about Asbestos which Grace communicated to any persons involved in the manufacture of the Asbestos-Containing Product; and

  i.  any warning, statement or caution about Asbestos which Grace communicated to any person involved in the sale, promotion, or distribution of the Asbestos-Containing Product.

RESPONSE: Grace objects to this request as overly broad and unduly burdensome. Grace further objects to this request to the extent it seeks any information or documents protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Grace states that it has previously produced its database index to its collection of documents in Grace's Boston Repository, which database may be used to identify documents responsive to this request. Further responding and subject to and without waiving these objections and/or the General Objections above, Grace will produce documents responsive to this request in Boston, Massachusetts at a mutually agreeable time.

  5.  Any listing of buildings, properties or Jobsites where any Grace Asbestos-Containing Products were supplied, delivered, installed or applied, and any brochure, advertisement, bulletin or document containing reference to each such building, property or Jobsite.

RESPONSE: Grace objects to this request as overly broad, unduly burdensome, irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Grace states that it has previously produced its database index to its collection of documents in Grace's Boston Repository, which database may be used to identify documents responsive to this request. Further responding and subject to and without waiving these objections and/or the General Objections above, Grace will produce documents responsive to this request, to the extent they exist, in Boston, Massachusetts at a mutually agreeable time.

  6.  Other than the Cambridge repository, all indexes which describe or pertain to document repository centers or document storage locations or facilities of any type that contain documents concerning Asbestos or any Grace Asbestos-Containing Products.

RESPONSE: Grace objects to this request as vague and ambiguous in that the phrase "Cambridge repository" is undefined and subject to various interpretations. Grace states that it has previously produced its database index to its collection of documents in Grace's Boston Repository. Grace objects to this request to the extent it seeks any information or documents protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Subject to and without waiving these objections and/or the General Objections above, Grace will produce additional indices relating to its Boston repository in Boston, Massachusetts at a mutually agreeable time. Further responding, Grace states that a number of indices responsive to this request are protected from

disclosure by the attorney work product doctrine and that such indices will be produced pursuant to the terms of the May 16, 2005 Protective Order Governing Discovery for Purposes of Estimating the Debtor's Asbestos Property Damage Liability.

7. All interrogatory questions and answers by or on behalf of Grace in any lawsuit or other legal proceeding, including any arbitration or mediation, brought against Grace in respect of an Asbestos PD Claim.

RESPONSE: Grace objects to this request as overly broad, unduly burdensome, irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Grace further objects to this request to the extent the documents requested are a matter of public record, equally available to the PD committee as to Grace or otherwise in possession of claimants or other third parties. Grace further objects because this request seeks to circumvent the numeric limitation of interrogatories identified in the applicable federal rules.

8. All requests for admission and the admission or denial thereof by or on behalf of Grace in any lawsuit or other legal proceeding, including any arbitration or mediation, brought against Grace in respect of an Asbestos PD Claim.

RESPONSE: Grace objects to this request as overly broad, unduly burdensome, irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Grace further objects to this request to the extent the documents requested are a matter of public record, equally available to the PD committee as to Grace or otherwise in possession of claimants or other third parties.

9. All deposition transcripts and trial testimony of any current or former Grace officer, director, employee, agent or representative in a lawsuit or other legal proceeding, including an arbitration or mediation, brought against Grace in connection with an Asbestos PD Claim.

RESPONSE: Grace objects to this request as overly broad, unduly burdensome, irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Grace further objects to this request to the extent the documents requested are a matter of public record, equally available to the PD committee as to Grace or otherwise in possession of claimants or other third parties. Subject to and without waiving these objections and/or the General Objections above, Grace states it will provide the PD committee with a list of the deposition and trial transcripts maintained by Grace at a mutually agreeable time.

10. All testimony of any current or former Grace officer, director, employee, agent or representative before any government agency, entity, subdivision, legislature, legislative component, board, commission or committee at the state, federal or international level relating to Asbestos or Grace Asbestos-Containing Products.

RESPONSE: Grace objects to this request as overly broad, unduly burdensome, irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Grace further objects to this request to the extent the documents requested are a matter of public record, equally available to the PD committee as to Grace or otherwise in possession of claimants or other third parties. Further responding, Grace states that it has previously produced its database index to its collection of documents in Grace's Boston Repository, which database may be used to identify

documents responsive to this request. Subject to and without waiving these objections and/or the General Objections above, Grace will produce documents responsive to this request in Boston, Massachusetts at a mutually agreeable time.

11. All documents pertaining to any submission to any government agency, entity, subdivision, legislature, legislative component, board, commission or committee at the state, federal or international level relating to Asbestos or Grace Asbestos-Containing Products.

RESPONSE: Grace objects to this request as overly broad, unduly burdensome, irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Grace further objects to this request to the extent the documents requested are a matter of public record, equally available to the PD committee as to Grace or otherwise in possession of claimants or other third parties. Grace further objects to this request to the extent it seeks any information or documents protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Further responding, Grace states that it has previously produced its database index to its collection of documents in Grace's Boston Repository, which database may be used to identify documents responsive to this request. Subject to and without waiving these objections and/or the General Objections above, Grace will produce documents responsive to this request in Boston, Massachusetts at a mutually agreeable time.

12. To the extent not produced pursuant to any other request by the PD Committee, all documents concerning or relating to any Database regarding settled or litigated Asbestos PD Claims. This category of documents includes, in addition. to the raw Database information itself, a list of all fields available in the Database, and any data dictionary explaining the meaning of each field or code, how it was coded, and how the information in the Database was obtained.

RESPONSE: Grace objects to this request to the extent it seeks any information or documents protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Grace states that it has previously produced its Case Management System and applicable data dictionary on disc in this case. To the extent this request seeks information not available in the Case Management System, Grace objects as the request is overly broad and unduly burdensome.

13. All documents concerning or relating to any audits or examinations of settled Asbestos PD Claims files performed by or at the request of any insurer which provided or provides Grace with insurance coverage for Asbestos PD Liabilities.

RESPONSE: Grace objects to this request as overly broad, unduly burdensome, irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Grace further objects to this request to the extent that it seeks documents related to settlement negotiations, which are inadmissible under Rule 408 of the Federal Rules of Evidence. Subject to and without waiving these objections and/or the General Objections above, Grace states that it has identified potentially responsive documents which will be produced after an appropriate review for privilege and confidentiality.

14. All communications and correspondence from Grace to any independent accounting firms or auditors concerning Asbestos Tort Claims (or concerning such communications and correspondence).

8

RESPONSE: Grace objects to this request as overly broad, unduly burdensome, irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Grace further objects to this request to the extent that it seeks documents related to settlement negotiations, which are inadmissible under Rule 408 of the Federal Rules of Evidence. Grace further objects to this request to the extent it seeks any information or documents protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.

15. All communications and correspondence between Grace and any former, current or prospective user, customer or purchaser of Grace Asbestos-Containing Products which refer, relate or pertain to the uses of said Products and their advantages or disadvantages.

RESPONSE: Grace objects to this request as overly broad, unduly burdensome, irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Further responding, Grace states that it has previously produced its database index to its collection of documents in Grace's Boston Repository, which database may be used to identify documents responsive to this request. Subject to and without waiving these objections and/or the General Objections above, Grace will produce documents responsive to this request in Boston, Massachusetts at a mutually agreeable time.

16. All documents which in any way relate, refer or pertain to Asbestos air monitoring, Asbestos air sampling, Asbestos dust sampling, Asbestos-related safety and Asbestos-related hazards.

RESPONSE: Grace objects to this request as overly broad, unduly burdensome, irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Grace further objects to this request to the extent it seeks any information or documents protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Grace states that it has previously produced its database index to its collection of documents in Grace's Boston Repository, which database may be used to identify documents responsive to this request. Subject to and without waiving these objections and/or the General Objections above, Grace will produce documents responsive to this request at Boston, Massachusetts at a mutually agreeable time.

17. All documents which in any way relate, refer or pertain to asserted, threatened or unasserted Asbestos PD Claims, Asbestos-related remediation, Asbestos removal or Asbestos maintenance in buildings, properties or Jobsites.

RESPONSE: Grace objects to this request as overly broad, unduly burdensome, vague and ambiguous. Grace further objects to this request to the extent it seeks any information or documents protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Further responding, Grace states that it has previously produced its database index to its collection of documents in Grace's Boston Repository, which database may be used to identify documents responsive to this request. Subject to and without waiving these objections and/or the General Objections above, Grace will produce documents responsive to this request in Boston, Massachusetts at a mutually agreeable time.

18. All documents which relate or pertain to Grace's custom, practice, policies and procedures for the retention or destruction of its records.

RESPONSE: Grace objects to this request as overly broad and unduly burdensome as there is no restriction as to date or time. Further responding, Grace states that it has previously produced its database index to its collection of documents in Grace's Boston Repository, which database may be used to identify documents responsive to this request. Subject to and without waiving these objections and/or the General Objections above, to the extent they exist therein, Grace will produce documents responsive to this request in Boston, Massachusetts at a mutually agreeable time.

19. All Material Safety Data Sheets which identify the product, manufacturer, supplier, chemical composition, special protection information and special precautions to be taken with any Asbestos or any Grace Asbestos-Containing Products.

RESPONSE: Grace objects to this request as overly broad, unduly burdensome, irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Further responding, Grace states that it has previously produced its database index to its collection of documents in Grace's Boston Repository, which database may be used to identify documents responsive to this request. Subject to and without waiving these objections and/or the General Objections above, Grace will produce documents responsive to this request in Boston, Massachusetts at a mutually agreeable time.

20. With respect to annual and quarterly reports, proxy statements and other financial reports, any communication or correspondence, whether internal or external, by and between Grace and any person discussing Asbestos Tort Claims.

RESPONSE: Grace objects to this request as overly broad, unduly burdensome, irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Grace further objects to this request to the extent the documents requested are a matter of public record, equally available to the PD committee as to Grace or otherwise in possession of claimants or other third parties. Grace further objects to this request to the extent it seeks any information or documents protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.

21. All internal reports relating to Asbestos-related property damage including without limitation and communication. or correspondence that discusses, addresses or mentions the connection between any Grace Asbestos-Containing Product and such damage, the extent of such damage or the merits of such claims.

RESPONSE: Grace objects to this request as overly broad, unduly burdensome, irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Grace further objects to this request to the extent it seeks any information or documents protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Grace further objects to this request to the extent that it seeks documents related to settlement negotiations, which are inadmissible under Rule 408 of the Federal Rules of Evidence. Grace states that it has previously produced its Case Management System and applicable data dictionary on disc in this case, which may contain information responsive to this request. To the extent this request seeks information not available in the Case Management System, Grace objects as the request is overly broad and unduly burdensome.

22. All documents received by Grace at any time since 1950, published in any medical, trade, commercial, scientific or other type of journal, or otherwise in the custody or control of Grace, relative to Asbestos or Asbestos-related property damage and all documents reflecting the receipt and circulation of such publications by or within Grace.

RESPONSE: Grace objects to this request as overly broad, unduly burdensome, irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Grace further objects to this request to the extent it seeks any information or documents protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Further responding, Grace states that it has previously produced its database index to its collection of documents in Grace's Boston Repository, which database may be used to identify documents responsive to this request. Subject to and without waiving these objections and/or the General Objections above, Grace will produce documents responsive to this request in Boston, Massachusetts at a mutually agreeable time. Further responding, Grace will produce a list of the contents of various Grace libraries as of approximately mid-1996. Given the date of this list, Grace cannot represent that said list accurately reflects the current holdings of such libraries.

23. All documents which refer, relate or pertain to questions, comments, statements, or recommendations by any of Grace's officers, directors, agents, representatives, employees, consultants, sales personnel, contractors, investigators, customers, or purchasers or persons concerning Asbestos-related property damage at any location in the United States or Canada.

RESPONSE: Grace objects to this request as vague, ambiguous, overly broad and unduly burdensome. Grace further objects to this request to the extent that it seeks documents related to settlement negotiations, which are inadmissible under Rule 408 of the Federal Rules of Evidence. Grace further objects to this request to the extent it seeks any information or documents protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Further responding, Grace states that it has previously produced its database index to its collection of documents in Grace's Boston Repository, which database may be used to identify documents responsive to this request. Subject to and without waiving these objections and/or the General Objections above, and to the extent they exist, Grace will produce documents responsive to this request in Boston, Massachusetts at a mutually agreeable time.

24. For each Grace Asbestos-Containing Product, all documents concerning Graces share of the domestic and international sales markets applicable to each type of such products (e.g. thermal insulation, acoustical plaster, etc.).

RESPONSE: Grace objects to this request as overly broad, unduly burdensome, irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Grace further objects to this request to the extent it seeks any information or documents protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Further responding, Grace states that it has previously produced its database index to its collection of documents in Grace's Boston Repository, which database may be used to identify documents responsive to this request. Subject to and without waiving these objections and/or the General Objections above, and to the extent they exist, Grace will produce documents responsive to this request in Boston, Massachusetts at a mutually agreeable time.

11

25. All documents concerning the methodologies for the identification of Asbestos-Containing Products manufactured by Grace.

RESPONSE: Grace objects to this request as overly broad and unduly burdensome. Grace further objects to this request to the extent it seeks any information or documents protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Further responding, Grace states that it has previously produced its database index to its collection of documents in Grace's Boston Repository, which database may be used to identify documents responsive to this request. Subject to and without waiving these objections and/or the General Objections above, and to the extent they exist therein, Grace will produce documents responsive to this request in Boston, Massachusetts at a mutually agreeable time. Further responding, Grace will provide transcripts of depositions which are responsive to this request.

26. All documents relating to the type and quantity of Grace Asbestos-Containing Products within any building, property or structure subject of an Asbestos PD Proof of Claim (other than the PD Proof of Claim itself) including, but not limited to, any calculation or estimation of the quantity and any cost model for the abatement of the subject Grace Asbestos-Containing Products.

RESPONSE: Grace objects to this request as overly broad and unduly burdensome. Grace further objects to this request to the extent that it seeks documents related to settlement negotiations, which are inadmissible under Rule 408 of the Federal Rules of Evidence. Grace further objects to this request to the extent it seeks any information or documents protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Further responding, Grace states that it has previously produced its database index to its collection of documents in Grace's Boston Repository, which database may be used to identify documents responsive to this request. Subject to and without waiving these objections and/or the General Objections above, and to the extent they exist therein, Grace will produce documents responsive to this request in Boston, Massachusetts at a mutually agreeable time.

27. All documents that relate to Asbestos Tort Claims which were prepared by, for or under the supervision of the following individuals:

    a. James Cintani,

    b. Thomas Egan,

    c. Robert Beber,

    d. David Siegel, and

    e. Paul Norris.

RESPONSE: Grace objects to this request to the extent it seeks any information or documents protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Grace further objects to this request as vague and ambiguous in that the phrase "under the supervision of" is undefined and capable of various interpretations.

28. All documents (including, without limitation, personnel files and any employment or consulting agreements whensoever entered into) concerning Grace's employment (in any and all capacities) of the following individuals:

   a. James Cintani,

   b. Thomas Egan,

   c. Robert Beber,

   d. David Siegel, and

   e. Paul Norris.

RESPONSE: Grace objects to this request as irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Grace further objects to this request to the extent it calls for the production of confidential personnel files.

Dated: December 16, 2005

                         Respectfully submitted,

                         KIRKLAND & ELLIS LLP
                         David M. Bernick, P.C.
                         Janet S. Baer
                         Lori Sinanyan
                         200 East Randolph Drive
                         Chicago, IL 60601
                         Telephone: (312)-861-2000
                         Facsimile: (312) 861-2200

                         PACHULSKI, STANG, ZIEHL, YOUNG,
                         JONES & WEINTRAUB P.C.

                         */s/ James E. O'Neill*
                         Laura Davis Jones (Bar No. 2436)
                         James E. O'Neill, III (Bar. No.4042)
                         919 North Market Street, 16th Floor
                         P.O. Box 8705
                         Wilmington, Delaware 19899-8705 (Courier 19801)
                         Telephone:   (302) 652-4100
                         Facsimile:   (302) 652-4400

52000.43/370829.1

13