IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| W. R. GRACE & CO., et al.[1] ) | Case No. 01-01139 (JKF) |
| ) | (Jointly Administered) |
| Debtors. ) | |
| ) | Objection Deadline: March 10, 2006 |
| ) | Hearing Date: March 27, 2006 at 2:00 p.m. |

**APPLICATION OF THE DEBTORS FOR THE ENTRY OF AN ORDER
AUTHORIZING THE RETENTION AND EMPLOYMENT OF
BOWE & FERNICOLA, LLC AS SPECIAL NEW JERSEY REAL ESTATE COUNSEL**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby submit this application (the "Application") for the entry of an order pursuant to sections 327(e) and 330 of title 11 of the United States Code (as amended, the "Bankruptcy Code") and Federal Rules of Bankruptcy Procedure 2014 and 2016, authorizing and approving the retention of Bowe & Fernicola, LLC ("Bowe") as special New Jersey real estate counsel for the Debtors and in support thereof, the Debtors respectfully represent as follows:

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

## Jurisdiction

1. This Court has jurisdiction to entertain this application pursuant to 28 U.S.C. §§ 157 and 1334.

2. The statutory bases for the relief requested herein are Sections 327(e) and 330 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2014 and 2016.

## Background

3. On April 2, 2001 each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for administrative purposes only and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

## Relief Requested

4. The Debtors respectfully request the entry of an order pursuant to sections 327(e) and 330 of the Bankruptcy Code authorizing them to employ and retain Bowe as special real estate development counsel to perform certain real estate development, litigation and strategic legal services they will require during the course of these Chapter 11 Cases. Specifically, and as more particularly described below, the Debtors seek authorization for Bowe, their longtime legal advisors with respect to matters of real estate and real estate development, to advise the Debtors' senior management, corporate counsel, and the Debtors' Board of Directors with respect to the development of the Debtors' corporate-owned real estate holdings in the State of New Jersey. Such advice will include strategies involving the continuing development of the Weatherby project in Gloucester County, New Jersey and ongoing litigation involving the Weatherby

project. Bowe's representations will also include such of the foregoing matters as may arise in the formulation of a plan of reorganization for the Debtors.

### Basis For Relief Requested

5. The Debtors have selected Bowe as special New Jersey real estate counsel to advise them in connection with all matters relating to the Debtors' corporate-owned real estate in New Jersey, because of Bowe's longstanding representation of the Debtors in such matters. In addition, because of its longstanding representation, Bowe has intimate knowledge of the Debtors' businesses and affairs in addition to its extensive experience and expertise in the fields of land use and real estate development.

6. Since 1986, Bowe and certain of its partners and associates have rendered legal services to the Debtors in connection with various real estate development matters. Further, Bowe has assisted the Debtors in negotiating agreements with respect to the Debtors' corporate owned property. William Bowe, one of Bowe's partners, has also represented the Debtors since 1986 on the very matters for which Bowe is to be retained herein.

7. As a consequence, Bowe is intimately familiar with the complex legal issues that have arisen and are likely to arise in connection with the ongoing development issues related to the Debtors' corporate-owned property. Moreover, Bowe is currently representing Debtor in multi party litigation involving the Weatherby Project. The Debtors believe that both the business interruption and the duplicative costs associated with obtaining substitute counsel to replace Bowe's unique role at this juncture would be extremely harmful to the Debtors and their estates. Were the Debtors required to retain counsel other than Bowe in connection with the specific and limited matters upon which the firm's advice is sought, the Debtors, their estates and all parties-in-interest would be unduly prejudiced by the time and expense necessary to replicate

- 3 -

Bowe's ready familiarity with the intricacies of the Debtors' business operations, and issues involving the development of Debtor's corporate owned property.

8. Further, Bowe has a regional reputation and extensive experience and expertise in land use and real estate development law, and the other related areas of practice as to which Bowe's continued representation is sought. As such, the Debtors submit that Bowe is well qualified and uniquely able to provide the specialized legal advice sought by the Debtors during these Chapter 11 Cases. Thus, Bowe's retention as special New Jersey real estate counsel is in the best interest of the Debtors and their estates.

## Scope Of Proposed Retention

9. The Debtors currently seek to retain Bowe, subject to the oversight and orders of this Court:

   a. to advise the Debtors, their counsel, and their Board of Directors with respect to real property involved in the ongoing development of the properties in New Jersey;

   b. to act as counsel for the Debtors and any related party in litigation involving the Debtors' properties in New Jersey in connection with the Weatherby Project; and

   c. such other related services as the Debtors may deem necessary or desirable.

Bowe has indicated its willingness to render the necessary professional services described above as real estate counsel to the Debtors.

10. The Debtors have obtained authorization to employ and retain the law firms of Kirkland & Ellis LLP and Pachulski, Stang, Ziehl, Young, Jones & Weintraub PC to serve as bankruptcy and reorganization counsel to the Debtors. Bowe will not serve as general bankruptcy and reorganization counsel to the Debtors. While it is possible that certain aspects of the representations will necessarily involve both Bowe and the Debtors' bankruptcy and

reorganization counsel, the Debtors believe that the services Bowe will provide will be unique and specialized rather than duplicative of the services to be performed by such bankruptcy and reorganization counsel. The Debtors are very mindful of the need to avoid the duplication of services, and appropriate procedures will be implemented to ensure that there is minimal duplication of effort as a result of Bowe's role as special New Jersey real estate counsel.

## No Adverse Interest

11.  To the best of the Debtors' knowledge, and based upon the Affidavit of William J. Bowe (the "Bowe Affidavit") filed in support of the Application and attached hereto as <u>Exhibit A</u>, Bowe does not represent or hold any interest adverse to the Debtors or their estates with respect to the matters for which Bowe is to be employed, except as set forth in the Bowe Affidavit. Further, to the best of the Debtors' knowledge and based on the Bowe Affidavit, Bowe does not have any connection with any creditors or other parties in interest, or their respective attorneys or accountants, or the United States Trustee or any of its employees, except as set forth in the Bowe Affidavit.

## Compensation

12.  In accordance with Section 330 of the Bankruptcy Code, the Debtors propose to compensate Bowe on an hourly basis at its customary hourly rates for services rendered, plus reimbursement of actual, necessary expenses incurred by Bowe. The primary members of Bowe who will be handling the above matters and their current hourly rates charged for this matter are:

| **Attorney** | **Hourly Rate** |
|---|---|
| (a) William J. Bowe | $275 per hour |
| (b) Paul V. Fernicola | $275 per hour |

Based on the complexity of the issues involved and the complexity of the real estate development issues involved, the Debtors believe that it will necessarily require the services of

- 5 -

experienced senior partners such as Messrs. Bowe and Fernicola. Accordingly, the Debtors believe that the staffing and the hourly rates set forth above are reasonable and should be approved.

13. As set forth in the Bowe Affidavit, the hourly rates described above are subject to periodic adjustment to reflect economic and other conditions. Other attorneys or paralegals may from time to time serve the Debtors in the matters for which Bowe's retention is sought. Bowe's rates are set at a level designed to compensate Bowe fairly for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is Bowe's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, expenses for "working meals," computerized research, messengers, couriers, postage, witness fees and other fees related to trials and hearings, transcription costs, and non-ordinary overhead expenses such as secretarial and other overtime. Bowe will charge the Debtor for these expenses in a manner and at rates consistent with charges generally made to Bowe's other clients. Bowe believes that is fairer to charge these expenses to the client incurring them than to increase the hourly rates and spread the expenses among all clients.

14. Bowe will submit interim and final applications for compensation in accordance with Sections 330 and 331 of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, the Local Rules of this Court and such other and further orders of the Court.

## Conclusion

15.     For the reasons set forth above and in the Bowe Affidavit, the Debtors' believe that Bowe is well qualified to act on the Debtors' behalf in light of their intimate knowledge of the Debtors' businesses and affairs and their expertise in the field of real estate law. The Debtors further believe that the engagement of Bowe is essential to the Debtors' successful reorganization and that the retention of Bowe is necessary and in the best interest of the Debtors and their estates.

## Notice

16.     Notice of this Application has been given to: (i) the Office of the United States Trustee, (ii) counsel to the debtor-in-possession lenders, (iii) counsel to the official committees appointed by the United States Trustee, and (iv) all those parties that requested service and notice of papers in accordance with Fed R. Bankr. P. 2002. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

## No Prior Request

17.     No prior application for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form attached hereto, authorizing the retention and employment of Bowe as special New Jersey real estate counsel for the Debtors and granting such other and further relief as is just and proper.

Wilmington, Delaware
Dated: February 17, 2006

Respectfully submitted,

KIRKLAND & ELLIS LLP
Janet S. Baer
Salvatore F. Bianca
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

*And*

PACHULSKI, STANG, ZIEHL, YOUNG, JONES
& WEINTRAUB, PC

*/s/ James E. O'Neill*

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
(302) 652-4100

Co-Counsel for the Debtors and Debtors in Possession