# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JJF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**AFFIDAVIT OF WILLIAM J. BOWE IN SUPPORT OF THE
APPLICATION OF THE DEBTORS TO EMPLOY
BOWE & FERNICOLA, LLC AS SPECIAL NEW JERSEY REAL ESTATE COUNSEL
TO DEBTORS**

STATE OF NEW JERSEY   )
COUNTY OF MONMOUTH)          ss:

I, William J. Bowe, being duly sworn, state as follows:

1.      I am an attorney at law and a member of the bar of the State of New Jersey.

I am a partner of the law firm of Bowe & Fernicola, LLC ("Bowe"), which maintains an office

for the practice of law at Two Bridge Avenue, Bldg. 6, Third Floor, Red Bank, New Jersey

---

[1]   The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

07701. I make this Affidavit in support of the Application (the "Application") of the above captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order authorizing the employment of Bowe as special New Jersey real estate counsel for the Debtors, pursuant to sections 327(e) and 330 of the Bankruptcy Code. This Affidavit constitutes the statement of Bowe pursuant to Federal Rules of Bankruptcy Procedure 2014(a) and 2016.

2. I am not related and, to the best of my knowledge after inquiry of Bowe's partners and associates, no other attorney of Bowe is related, to any judge of the United States Bankruptcy Court for the District of Delaware or to the United States Trustee for this District.

3. Except as hereinafter set forth, I do not hold or represent and, to the best of my knowledge and information, no other attorney of Bowe holds or represents, any interest adverse to the Debtors or their estates with respect to any of the matters for which Bowe's retention is sought. Insofar as Bowe has been able to ascertain, neither I, nor any partner, or associate thereof, has any connection with the Debtors in these cases, their creditors, or any other party in interest, or their respective attorneys or accountants, except as hereinafter set forth.

4. For more than eighteen (18) years, Bowe and certain of its partners and associates have rendered legal services to the Debtors and their affiliates in connection with the corporate-owned New Jersey properties and other related matters. I have also represented the Debtors since 1986 on such matters as a member of Giordano, Halleran & Ciesla, before I became a partner at Bowe in 2002. Bowe's and my legal services have included the provision of land use and real estate development as well as strategic litigation advice in connection with the Weatherby Project.

5. Bowe will provide such services as Bowe and the Debtors deem necessary, including but not limited to the following:

-2-

     a.     to advise the Debtors, their counsel, and their Board of Directors with respect to real property involved in the ongoing issues of the Debtor's corporate-owned properties in New Jersey;

     b.     to act as counsel for the Debtors and any related party in litigation involving the Debtors' properties in connection with the Weatherby Project; and

     c.     such other related services as the Debtors may deem necessary or desirable.

6.     Over the course of Bowe's prepetition representation of the Debtors, Bowe periodically received regular compensation from the Debtors for services rendered and expenses. It is anticipated that these fees will conitnue as the Debtors pursue litigation against the Township of Woolwich, New Jersey and their engineers with respect to professional service fees and expenses related to the Weatherby Project.

7.     Bowe intends to apply to the court for compensation for professional services rendered in connection with continuing representation of Debtors, subject to approval of the Court and in compliance with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules and any Orders of the Court. Bowe will charge hourly rates to the Debtors that are consistent with customary hourly rates charged by Bowee, which currently are $85 to $100 for paralegals, $200 to $225 for associates and $275 for partners, subject to periodic adjustments, plus reimbursement of actual and necessary expenses and other charges that the firm incurs. The principal members of Bowe who will be handling the representation and their current hourly rates are:

| Attorney | Hourly Rate |
| --- | --- |
| (a)    William J. Bowe | $275 per hour |

(b)    Paul V. Fernicola                    $275 per hour

8.    The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions.   Other attorneys and paralegals will from time to time serve the Debtors as well in the matters for which Bowe's retention is sought.  Bowe rates are set at a level designed to compensate Bowe fairly for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.  It is Bowe's policy to charge its clients in all areas of practice for such additional expenses as telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, expenses for "working meals," computerized research, messengers, couriers, postage, witness fees and other fees related to trials and hearings, transcription costs, and non-ordinary overhead expenses such as secretarial and other overtime.  Bowe will charge the Debtors for these expenses in a manner and at rates consistent with charges generally made to Bowe's clients.  Bowe believes that it is fairer to charge these expenses to the client incurring them than to increase its hourly rates and spread the expenses among all clients.

9.    No promises have been received by Bowe as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code. Bowe has not entered into an agreement with any other entity to share (a) any compensation it has received or may receive for services rendered in connection with this case with another party or person, or (b) any compensation another party or person has received or may receive for services rendered in connection with this case.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 5, 2005.

William J. Bowe, Esq.

Subscribed and Sworn to before me
this 5th day of December, 2005

Notary Public

My Commission expires: _____

TRACEY A. SEYLAZ
A Notary Public Of New Jersey
My Commission Expires January 17, 2007