# EXHIBIT A

**Settlement Agreement**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) |
| W. R. GRACE & CO., *et al.*[1], | ) Chapter 11 |
| | ) |
| Debtors. | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |

STIPULATION RESOLVING CLAIMS OF
THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY

This stipulation is entered into this 10th day of February, 2006, between W.R. Grace & Co. and its affiliates (collectively, the "Debtors") and the Port Authority of New York and New Jersey ("Claimant").

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food lN Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

WHEREAS, on April 2, 2001 (the "Petition Date"), the Debtors commenced their respective reorganization cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

WHEREAS, this Court issued its Bar Date Order on April 22, 2002, which established March 31, 2003 as the Bar Date for the filing of certain pre-petition (a) non-asbestos, (b) asbestos property damage, and (c) medical monitoring claims.

WHEREAS, on March 28, 2003, Claimant filed one Proof of Claim against the Debtors with respect to the Bayonne Bridge property and the Williams property (the "PANYNJ/Williams Site"), described as follows:

| Claim No. | Amount | Priority | Basis |
|---|---|---|---|
| 9563 | $1,400,000 + unspecified future costs | Unsecured, Non-Priority | Clean-Up Costs |

WHEREFORE, for good and valuable consideration, the parties hereby stipulate and agree as follows:

1. Claim Number 9563 shall be allowed as an unsecured, pre-petition, non-priority claim against the chapter 11 estates of the Debtors in the amount of $2,100,000, which allowed claim amount is inclusive of pre- or post-petition interest up to the effective date of the Debtors' anticipated confirmed chapter 11 Plan or Plans (the "Plan"). All other amounts outlined or related to in Claim No. 9563 shall hereby be disallowed and expunged.

2. The Debtors acknowledge a pre-petition, unsecured, non-priority claim of Claimant in the total amount of $2,100,000, which claim will be paid in the same manner as all other similarly situated claims, pursuant to the Plan, without any further obligation of Claimant to submit invoices or other documentation for the costs of the work outlined herein.

2

K&E 10908347.4

3. Upon approval of this stipulation by the Bankruptcy Court, the Debtors shall direct their Claims Agent, Rust Consulting, Inc. ("Claims Agent"), to mark the Claims Register to reflect that Claim No. 9563 shall be Allowed as outlined herein.

4. Claimant agrees that it is forever barred, estopped, and enjoined from asserting any additional pre-petition or post-petition claims against the Debtors with respect to the matters covered by this Stipulation.

5. Claimant agrees to take full responsibility, including bearing any and all costs for all soil remediation and groundwater monitoring at its property located in the vicinity of the Bayonne Bridge (Block 373, and Lot 3 on the tax map of the City of Bayonne). Claimant and Debtors have agreed to the remediation method proposed by the Claimant in its Claim No. 9563, which may involve removal of up to 12 inches of soil from the surface of Lot 3, and overlaying Lot 3 with a cap consisting of an aggregate base, six inches of concrete and a three inch asphalt topcoat. The parties further agree Claimant's remediation would include the preparation of a work plan to be submitted to the New Jersey Department of Environmental Protection ("NJDEP"). The plan development work will be conducted by a consultant mutually agreed upon by Claimant and Debtors. Claimant agrees to be responsible for all ongoing operation and maintenance of the surface overlay as may be required by the NJDEP following and as related to the remediation and to bear all costs associated with such operation and maintenance with respect to Lot 3, and for groundwater monitoring reporting following and with respect to the remediation for Lots 2 and 3.

6. Claimant agrees to apply for a No Further Action letter (NFA) or Deed Notice for soils for Lot 3, and a Classification Exception Area (CEA) for groundwater contaminants at the PANYNJ/Williams Site as may be required by the NJDEP.

3

K&E 10901347.4

7. Claimant agrees to perform any additional groundwater monitoring, including the location and installation of any additional monitoring wells as it deems necessary and as required by the NJDEP, with respect to the Williams property and Port Authority leasehold (Block 373, Lots 2 and 3 on the tax map of the City of Bayonne) and to bear all costs associated with such location, installation and monitoring.

8. Debtors agree to obtain the Claimant's right of entry to the premises from the lessees of the Williams property, so that Claimant can do the necessary monitoring for both construction and observation pursuant to Paragraphs 5 and 7.

9. The parties shall take whatever additional action, if any, is necessary to make sure that Claim No. 9563 is allowed as outlined herein.

10. Notwithstanding the forgoing, this Stipulation and Debtors' signature hereon shall not become effective and binding until it is approved by the Bankruptcy Court. Upon execution of this Stipulation by the parties, the Debtors will promptly prepare and file the appropriate Motion for approval with the Bankruptcy Court. In the event this Stipulation is not approved by the Bankruptcy Court, it shall be null and void.

The Port Authority of
New York & New Jersey ("Claimant")

By: *[signature]*

Name: KAREN E. EASTMAN

Title: Secretary

W. R. Grace & Co., et al. ("Debtors")

By: *[signature]*

William M. Corcoran
Vice President
Public and Regulatory Affairs

4