IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.[1] | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) Objection Deadline: March 10, 2006 |
| | ) Hearing Date: March 27, 2006 at 2:00 p.m. |

**MOTION OF THE DEBTORS FOR THE ENTRY OF AN ORDER
EXPANDING THE SCOPE OF THE EMPLOYMENT OF
<u>LATHAM & WATKINS LLP AS SPECIAL COUNSEL TO THE DEBTORS</u>**

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors") hereby submit this motion (the "Motion") for the entry of an order expanding the scope of employment of one of the Debtors' special counsel, Latham & Watkins LLP ("Latham"), and respectfully represent as follows:

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

1

## Jurisdiction

1. This Court has jurisdiction to entertain this application pursuant to 28 U.S.C. §§ 157 and 1334.

2. The statutory predicates for this Motion are sections 327(e) and 330 of Title 11 of the United States Code (as amended, the "Bankruptcy Code") and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure.

## Relief Requested

3. This Court previously approved the employment of Latham as Debtors' special counsel with respect to environmental matters. The Debtors respectfully request entry of an order expanding the retention of Latham to include services relating to domestic and international tax planning, and any matters related thereto, pursuant to the terms and conditions set forth in the engagement letter attached hereto as Exhibit A (the "Engagement Letter").

## Background

4. On May 19, 2004 the Debtors filed their application for entry of an order authorizing the retention of Latham as special environmental counsel for the Debtors (Docket No. 5618) (the "Application").

5. On June 16, 2004 this Court entered an order approving the Application (the "Retention Order") (Docket No. 5823) authorizing the retention of Latham as special environmental counsel to perform certain environmental and strategic legal services required by the Debtors in these Chapter 11 cases.

## Basis for Relief Requested

6. The Debtors request expansion of Latham's retention as special counsel to advise and represent them with respect to domestic and international tax planning matters due to both Latham's vast experience in advising companies in such matters, and one of its attorney's

2

particular knowledge of the Debtors' businesses and operations as a result of having provided services to the Debtors in the past.

7.   Latham has an outstanding reputation and extensive experience and expertise in advising companies in complex tax planning matters, both within and outside of the United States. As such, the Debtors submit that Latham is well qualified and uniquely able to provide the specialized legal advice sought by the Debtors on a going-forward basis, and the expansion of Latham's role as special counsel is in the best interest of the Debtors and their estates.

8.   Latham currently represents the Debtors in environmental matters previously approved by this Court in the Retention Order, and is intimately aware of the businesses of the Debtors and the players involved in these Chapter 11 cases. In addition, Latham has in the past provided tax-related research for the Debtors in connection with a Belgian tax controversy. Finally, Nicholas J. DeNovio, who is currently a partner at Latham, worked on numerous tax issues for the Debtors while a principal at PricewaterhouseCoopers LLP (from July 1999 - December 2002) and a partner at Baker & McKenzie LLP (from 1996 - 1999).

9.   Because of Latham's long-standing involvement with the Debtors, and the costs that would be involved in educating other counsel as to the Debtors' operations affecting domestic and international tax planning, the Debtors believe it would be in the best interest of the Debtors and their bankruptcy estates, and all of the Debtors' creditors for Latham's retention as special counsel to be expanded as requested herein.

## Scope of Proposed Retention

10.   The Debtors currently seek to expand the retention of Latham as special counsel, subject to the oversight and orders of this Court, to represent the Debtors with respect to domestic and international taxation issues and matters related thereto.

11. Although the Debtors have requested to extend the retention of Steptoe and Johnson LLP ("Steptoe") to serve as special counsel for tax law and tax litigation matters, any domestic and international tax planning services to be performed by Latham will not overlap with the services performed by Steptoe.

12. The Debtors already have employed the law firms of Kirkland & Ellis LLP and Pachulski, Stang, Ziehl, Young, Jones & Weintraub to serve as bankruptcy and reorganization counsel to the Debtors. Latham will not serve as general bankruptcy and reorganization counsel to the Debtors, and while certain aspects of the representations will necessarily involve both Latham and the Debtors' bankruptcy and reorganization counsel, the Debtors believe that the services Latham will provide will be complementary to, rather than duplicative of, the services to be performed by such bankruptcy and reorganization counsel. The Debtors are very mindful of the need to avoid duplication of services, and appropriate procedures will be implemented to ensure that there is minimal duplication of effort as a result of Latham's expanded role as special counsel.

## No Adverse Interest

13. Latham appears to be a "disinterested person" as that term is defined in and construed under 11 U.S.C. § 101(14), since Latham does not represent or hold any interest adverse to the Debtors or their estates with respect to the specific matters for which the Debtors seek the expansion of employment.

14. As detailed in the affidavit originally filed by Latham in support of its retention as special counsel in these cases (the "Original Affidavit"), Latham previously conducted, and since its retention as special counsel has continued to conduct, extensive research into its relations with

the Debtors, their creditors, employees of the office of the United States Trustee, attorneys, and accountants of the foregoing, and other parties in these Chapter 11 cases.

15. Latham has recently identified certain additional connections with parties in interest in these cases, as described in the supplemental affidavit attached hereto as <u>Exhibit B</u>, none of which connections relate to either (a) the specific matters for which Latham has been retained by the Debtors or (b) the matters for which the Debtors seek the expansion of Latham's retention.

### **Compensation**

16. In accordance with section 330(a) of the Bankruptcy Code, the Debtors propose to compensate Latham on an hourly basis at its customary hourly rates for services rendered, plus reimbursement of actual, necessary expenses incurred by Latham. The above matters will primary be handled by one attorney of Latham, Nicholas J. DeNovio, whose current standard hourly rate is $695 per hour.

17. Other attorneys or paralegals may from time to time serve the Debtors with respect to the matters described in this Motion. Latham's current attorney billing rates range from $235 per hour to $850 per hour, depending upon the seniority and expertise of the attorney involved. For paralegals, Latham's rates range from $85 to $370 per hour.

18. As previously set forth in the Original Affidavit, hourly rates are subject to periodic adjustments to reflect economic and other conditions. Latham's rates are set at a level designed to compensate Latham fairly for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is Latham's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telecopier toll and other charges, mail and

express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, expenses for "working meals," computerized research, messengers, couriers, postage, witness fees and other fees related to trials and hearings, transcription costs, and non-ordinary overhead expenses such as secretarial and other overtime. Latham will charge the Debtors for these expenses in a manner and at rates consistent with charges generally made to Latham's other clients.

19. Latham will continue to submit interim and final applications for compensation in accordance with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, the Local Rules of this Court and such other and further Orders as the Court may direct.

### Notice

20. Notice of this Motion has been given to (i) the Office of the United States Trustee, (ii) counsel to the debtor-in-possession lenders, (iii) counsel to the official committees appointed by the United States Trustee, and (iv) all those parties that requested service and notice of papers in accordance with Fed R. Bankr. P. 2002. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

### No Prior Request

21. No prior application for the relief requested herein has been made to this or any other Court.

### Conclusion

22. For the reasons set forth above, the Debtors believe that the attorneys at Latham are well qualified to act on the Debtors' behalf for the expanded scope of employment specified in this Motion. The Debtors further believe that the expansion of Latham's employment is necessary and in the best interest of the Debtors and their estates.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto, authorizing the expansion of the employment of Latham as special counsel for the Debtors with respect to matters relating to and arising from domestic and international tax planning, and grant them such other and further relief as is just and proper.

<table>
<tr><td>Wilmington, Delaware<br>Dated: January 17, 2006</td><td>Respectfully submitted,<br><br>KIRKLAND & ELLIS LLP<br>Janet S. Baer<br>Salvatore F. Bianca<br>200 East Randolph Drive<br>Chicago, Illinois 60601<br>(312) 861-2000<br><br>*And*<br><br>PACHULSKI, STANG, ZIEHL, YOUNG, JONES<br>& WEINTRAUB, PC<br><br>/s/ James E. O'Neill<br>Laura Davis Jones (Bar No. 2436)<br>James E. O'Neill (Bar No. 4042)<br>919 North Market Street, 16th Floor<br>P.O. Box 8705<br>Wilmington, DE 19899-8705<br>(302) 652-4100<br><br>Co-Counsel for the Debtors and Debtors in Possession</td></tr>
</table>