IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

**Objection Date: March 13, 2006, at 4:00 p.m.**
**Hearing Date: To be scheduled**

---

## NINETEENTH QUARTERLY INTERIM APPLICATION OF PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C. FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR OCTOBER 1, 2005 THROUGH DECEMBER 31, 2005

| | |
|---|---|
| Name of Applicant: | Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C. |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | May 3, 2001 |
| Period for which Compensation and Reimbursement is Sought: | October 1, 2005 through December 31, 2005 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $124,109.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $190,883.70 |

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

**Objection Date: March 15, 2006, at 4:00 p.m.**
**Hearing Date: To be scheduled**

---

**NINETEENTH QUARTERLY INTERIM APPLICATION OF**
**PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.**
**FOR COMPENSATION AND FOR REIMBURSEMENT**
**OF EXPENSES FOR OCTOBER 1, 2005 THROUGH DECEMBER 31, 2005**

| | |
|---|---|
| Name of Applicant: | Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C. |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | May 3, 2001 |
| Period for which Compensation and Reimbursement is Sought: | October 1, 2005 through December 31, 2005 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $124,109.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $190,883.70 |

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

This is a:     _ monthly          xx interim          _ final application.

The total time expended for preparation of this fee application is approximately 2

hours and the corresponding compensation requested is approximately $800.00.[2]

## PRIOR APPLICATIONS FILED:

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 07/10/01 | 04/02/01 – 04/30/01 | $ 62,472.75 | $ 23,277.13 | $ 62,472.75 | $ 23,277.13 |
| 08/09/01 | 05/01/01 – 05/31/01 | $ 29,929.00 | $ 15,670.64 | $ 29,929.00 | $ 15,670.64 |
| 09/07/01 | 06/01/01 – 06/30/01 | $ 30,195.50 | $ 37,763.45 | $ 30,195.50 | $ 37,763.45 |
| 09/11/01 | 07/01/01 – 07/31/01 | $ 17,040.50 | $ 20,323.76 | $ 17,040.50 | $18,184.95[3] |
| 10/31/01 | 08/01/01 – 08/31/01 | $  9,407.50 | $ 20,486.61 | $  9,407.50 | $ 20,486.61 |
| 11/13/01 | 09/01/01 – 09/30/01 | $ 13,158.00 | $ 10,035.46 | $ 13,158.00 | $ 10,035.46 |
| 11/27/01 | 10/01/01 – 10/31/01 | $ 13,420.75 | $  8,922.92 | $ 13,420.75 | $  8,922.92 |
| 01/22/02 | 11/01/01 – 11/30/01 | $ 39,991.50 | $ 22,398.11 | $ 39,991.50 | $ 22,398.11 |
| 01/30/02 | 12/01/01 – 12/31/01 | $ 35,017.00 | $ 13,575.07 | $ 32,778.50 | $ 13,575.07 |
| 04/02/02 | 01/01/02 – 01/31/02 | $ 48,356.50 | $ 38,671.08 | $ 48,356.50 | $ 38,671.08 |
| 05/31/02 | 02/01/02 – 02/28/02 | $ 46,611.50 | $ 25,627.01 | $ 46,611.50 | $ 25,627.01 |
| 06/06/02 | 03/01/02 – 03/31/02 | $ 44,145.00 | $ 29,280.21 | $ 41,141.00[4] | $ 29,280.21 |
| 06/28/02 | 04/01/02 – 04/30/02 | $ 49,562.00 | $ 25,475.46 | $ 49,562.00 | $ 25,475.46 |
| 07/12/02 | 05/01/02 – 05/31/02 | $ 42,495.50 | $ 21,543.54 | $ 42,495.50 | $ 21,543.54 |
| 08/13/02 | 06/01/02 – 06/30/02 | $ 32,819.00 | $ 29,869.61 | $ 32,539.00[5] | $29,776.36[6] |
| 10/01/02 | 07/01/02 – 07/31/02 | $ 22,630.00 | $ 17,187.01 | $ 22,630.00 | $ 17,187.01 |
| 10/30/02 | 08/01/02 – 08/31/02 | $ 34,536.00 | $ 45,540.43 | $ 34,536.00 | $ 45,540.43 |

---

[2]  The actual number of hours expended preparing this Application and the corresponding compensation requested will be set forth in PSZYJ&W's subsequent fee applications.

[3]  In the Court's Order approving quarterly fee applications for the First, Second and Third Periods, the Court approved $248,394.00 in fees which reflects a reduction of $2,283.50. For the purposes of this application, we have noted the reduction in the last month of that period.

[4]  In the Court's Order approving quarterly fee applications for the Fourth Period, the Court approved $136,109.00 for fees which reflects a reduction of $3,004.00. For the purposes of this application, we have noted the reduction in the last month of that period.

[5]  In the Court's Order approving quarterly fee applications for the Fifth Period, the Court approved $124,596.50 for fees which reflects a reduction of $280.00. For the purposes of this application, we have noted the reduction in the last month of that period.

[6]  In the Court's Order approving quarterly fee applications for the Fifth Period, the Court approved $76,795.36 for expenses which reflects a reduction of $93.25. For the purposes of this application, we have noted the reduction in the last month of that period.

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 11/14/02 | 09/01/02 – 09/30/02 | $ 32,858.50 | $ 33,313.79 | $ 30,731.00[7] | $11,436.76[8] |
| 12/30/02 | 10/01/02 – 10/31/02 | $ 19,370.50 | $ 24,488.86 | $ 19,370.50 | $ 24,488.86 |
| 01/21/03 | 11/01/02 – 11/30/02 | $ 25,948.50 | $ 31,181.03 | $ 25,948.50 | $ 31,181.03 |
| 01/30/03 | 12/01/02 – 12/31/02 | $ 16,407.00 | $ 14,016.95 | $ 16,263.00[9] | $ 14,016.95 |
| 03/18/03 | 01/01/03 – 01/31/03 | $ 25,984.50 | $ 19,035.00 | $ 25,984.50 | $ 19,035.00 |
| 04/23/05 | 02/01/03 – 02/28/03 | $ 18,094.50 | $ 23,616.14 | $ 18,094.50 | $ 23,616.14 |
| 06/17/03 | 03/01/03 – 03/31/03 | $ 15,853.00 | $ 15,586.33 | $15,740.50[10] | $ 15,586.33 |
| 07/21/03 | 04/01/03 – 04/30/03 | $ 12,140.50[11] | $ 17,776.64 | $ 12,140.50 | $ 17,776.64 |
| 08/13/03 | 05/01/03 – 05/31/03 | $ 13,234.50 | $ 16,624.15 | $ 13,234.50 | $ 16,624.15 |
| 09/02/03 | 06/01/03 – 06/30/03 | $ 9,888.50[12] | $ 14,033.07 | $ 9,888.50 | $ 14,033.07 |
| 09/29/03 | 07/01/03 – 07/31/03 | $ 18,546.50 | $ 18,663.30 | $ 18,546.50 | $ 18,663.30 |
| 10/24/03 | 08/01/03 – 08/31/03 | $ 20,376.00 | $ 43,075.91 | $ 20,376.00 | $ 43,075.91 |
| 10/30/03 | 09/01/03 – 09/30/03 | $ 24,433.50 | $ 19,744.93 | $24,410.00[13] | $ 19,744.93 |
| 12/03/03 | 10/01/03 – 10/31/03 | $ 22,988.00 | $ 30,531.15 | $ 22,988.00 | $ 30,531.15 |
| 12/29/03 | 11/01/03 – 11/30/03 | $ 20,729.50 | $ 33,211.18 | $ 20,729.50 | $ 33,211.18 |
| 01/26/04 | 12/01/03 – 12/31/03 | $ 22,073.00 | $ 19,772.62 | $ 22,073.00 | $ 19,772.62 |
| 03/24/04 | 01/01/04 – 01/31/04 | $ 22,238.50 | $ 13,200.84 | $ 22,238.50 | $ 13,200.84 |
| 04/05/04 | 02/01/04 – 02/29/04 | $ 20,551.50 | $ 13,096.88 | $ 20,551.50 | $ 13,096.88 |
| 05/11/04 | 03/01/04 – 03/31/04 | $ 25,911.00 | $ 19,056.44 | $ 25,911.00 | $ 19,056.44 |
| 06/18/04 | 04/01/04 – 04/30/04 | $ 21,730.50 | $ 15,444.69 | $ 21,730.50 | $ 15,444.69 |
| 07/20/04 | 05/01/04 – 05/31/04 | $ 21,891.00 | $ 20,728.27 | $ 21,891.00 | $ 20,728.27 |
| 07/30/04 | 06/01/04 – 06/30/04 | $ 25,219.00 | $ 33,778.62 | $ 25,219.00 | $ 33,778.62 |
| 09/27/04 | 07/01/04 – 07/31/04 | $ 18,385.50 | $ 24,458.32 | $ 18,385.50 | $ 24,458.32 |
| 10/14/04 | 08/01/04 – 08/31/04 | $ 36,394.00 | $ 45,292.19 | $ 36,394.00 | $ 45,292.19 |

[7] In the Court's Order approving quarterly fee applications for the Sixth Period, the Court approved $87,897.00 for fees which reflects a reduction of $2,127.50. For the purposes of this application, we have noted the reduction in the last month of that period.

[8] In the Court's Order approving quarterly fee applications for the Sixth Period, the Court approved $95,393.85 for expenses which reflects a reduction of $647.38. For the purposes of this application, we have noted the reduction in the last month of that period.

[9] In the Court's Order approving quarterly fee applications for the Seventh Period, the Court approved $61,582.00 for fees which reflects a reduction of $144.00. For the purposes of this application, we have noted the reduction in the last month of that period.

[10] In the Court's Order approving quarterly fee applications for the Eighth Period, the Court approved $59,819.50 for fees which reflects a reduction of $112.50. For the purposes of this application, we have noted the reduction in the last month of that period.

[11] Due to a clerical error, an incorrect amount was requested in the April 2003 fee application although the correct amount was requested in the 9th Quarterly fee application. This amount reflects the correct amount on the bill attached to the April 2003 fee application.

[12] This amount reflects a voluntary reduction of $1,248.50 from the fees of $11,137.00 by PSZYJ&W for the June 2003 fee application period. The $11,137.00 amount was requested in error in the June 2003 fee application as well as the 9th Quarterly fee application and subsequently approved by Order dated December 195, 2003. The amount listed is the correct amount.

[13] In the Court's Order approving quarterly fee applications for the Tenth Period, the Court approved $63,332.50 for fees which reflects a reduction of $23.50. For the purposes of this application, we have noted the reduction in the last month of that period.

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 12/17/04 | 09/01/04 – 09/30/04 | $ 30,767.50 | $ 25,111.50 | $ 30,767.50 | $ 25,111.50 |
| 01/12/05 | 10/01/04 – 10/31/04 | $ 48,426.50 | $ 38,476.13 | $ 48,426.50 | $ 38,476.13 |
| 01/28/05 | 11/01/04 – 11/30/04 | $ 38,293.00 | $ 45,333.34 | $ 38,293.00 | $ 45,333.34 |
| 02/03/05 | 12/01/04 – 12/31/04 | $ 35,898.50 | $ 32,468.11 | $ 35,898.50 | $ 32,468.11 |
| 03/25/05 | 01/01/05 – 01/31/05 | $ 43,205.00 | $ 43,350.70 | $43,147.00[14] | $ 43,350.70 |
| 04/11/05 | 02/01/05 – 02/28/05 | $ 31,155.00 | $ 48,274.20 | $ 31,155.00 | $ 48,274.20 |
| 04/27/05 | 03/01/05 – 03/31/05 | $ 24,291.50 | $ 22,823.74 | $ 24,291.50 | $ 22,823.74 |
| 06/22/05 | 04/01/05 – 04/30/05 | $ 37,512.00 | $ 14,813.08 | $ 37,512.00 | $ 14,813.08 |
| 07/15/05 | 05/01/05 – 05/31/05 | $ 26,114.50 | $ 43,949.18 | $ 26,114.50 | $ 43,949.18 |
| 08/19/05 | 06/01/05 – 06/30/05 | $ 27,609.50 | $ 21,315.97 | $ 27,609.50 | $ 21,315.97 |
| 10/03/05 | 07/01/05 – 07/31/05 | $ 38,213.00 | $ 44,301.75 | $ 30,570.40 | $ 44,301.75 |
| 10/28/05 | 08/01/05 – 08/31/05 | $ 28,971.50 | $ 31,439.92 | $ 23,177.20 | $ 31,439.92 |
| 11/28/05 | 09/01/05 – 09/30/05 | $ 44,764.00 | $ 36,267.24 | $ 35,811.20 | $ 36,267.24 |
| 12/20/05 | 10/01/05 – 10/31/05 | $ 50,950.00 | $103,851.05 | $ 40,760.00 | $103,851.05 |
| 01/13/06 | 11/01/05 – 11/30/05 | $ 36,400.50 | $ 43,157.91 | $ 29,120.40 | $ 43,157.91 |
| 02/01/06 | 12/01/05 – 12/31/05 | $ 36,758.50 | $ 43,874.74 | Pending | Pending |

---

[14] This amount reflects a reduction of $58.00 due to a billing error in the January 2005 fee application which resulted in an over-bill of $58.00.

## PSZYJ&W PROFESSIONALS

| Name of Professional Individual | Position of the Applicant, Number of years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including changes) | Total Hours Billed[15] | Total Compensation |
|---|---|---|---|---|
| Laura Davis Jones | Shareholder 2000; Joined Firm 2000; Member of DE Bar since 1986 | $595.00 | 3.00 | $ 1,785.00 |
| Scotta E. McFarland | Of Counsel 2000; Member of DE Bar since 2002; Member of CA Bar since 1993; Member of TX Bar since 1980 | $425.00 | 0.10 | $      42.50 |
| James E. O'Neill | Shareholder 2005; Member of DE Bar since 2001; Member of PA Bar since 1985 | $415.00 $207.50 | 189.60 5.00 | $78,684.00 $ 1,037.50 |
| William L. Ramseyer | Of Counsel; Member of CA Bar since 1980 | $375.00 | 9.70 | $ 3,637.50 |
| Michael R. Seidl | Shareholder 2003; Member of DE Bar sine 2000; Member of Washington, DC Bar since 1996 | $375.00 | 1.00 | $     375.00 |
| Karina K. Yee | Paralegal 2000 | $145.00 | 9.20 | $ 1,334.00 |
| Louise R. Tuschak | Paralegal 2000 | $145.00 | 5.50 | $     797.50 |
| Patricia E. Cuniff | Paralegal 2000 | $140.00 | 138.20 | $19,348.00 |
| Cheryl A. Knotts | Paralegal 2000 | $140.00 | 4.80 | $     672.00 |
| Marlene S. Chappe | Paralegal 2001 | $135.00 | 12.70 | $ 1,714.50 |
| Rita M. Olivere | Case Management Assistant 2000 | $ 75.00 | 13.20 | $     990.00 |
| Donna C. Crossan | Case Management Assistant 2000 | $ 75.00 | 13.80 | $ 1,035.00 |
| Sheryle L. Pitman | Case Management Assistant 2001 | $ 70.00 | 154.70 | $10,829.00 |
| Charles J. Bouzoukis | Case Management Assistant 2001 | $ 60.00 | 1.90 | $     114.00 |
| Andrea R. Paul | Case Management Assistant 2001 | $ 60.00 | 5.00 | $     300.00 |
| Karen S. Neil | Case Management Assistant 2003 | $ 55.00 | 25.70 | $ 1,413.50 |

**Total Fees:**      **$124,109.00**
**Total Hours:**           **593.10**
**Blended Rate: $**      **209.25**

---

[15] Some professional time that was spent during the Interim Period may be reflected in a subsequent application and some professional time that was spent during the previous Interim Period may be reflected in this Application.

## TASK CODE SUMMARY

| Project Category | Total Hours | Total Fees Requested |
|---|---|---|
| Asset Disposition | 0.40 | $ 166.00 |
| Case Administration | 284.10 | $24,676.50 |
| WRG-Claims Analysis (Asbestos) | 78.40 | $27,413.50 |
| WRG-Claims Analysis (Non-Asbestos) | 3.50 | $ 1,122.50 |
| WRG-Employ. App./Others | 6.00 | $ 1,532.00 |
| WRG-Fee Apps., Applicant | 18.60 | $ 5,775.00 |
| WRG-Fee Applications, Others | 50.20 | $11,275.50 |
| Litigation (Non-Bankruptcy) | 138.70 | $48,448.00 |
| Operations | 1.80 | $ 420.50 |
| Plan & Disclosure Statement | 6.40 | $ 2,242.00 |
| Travel | 5.00 | $ 1,037.50 |

## EXPENSE SUMMARY

| Expense Category | Service Provider (if applicable)[16] | Total Expenses |
|---|---|---|
| Delivery/Courier Service | Tri-State | $ 16,019.35 |
| Express Mail | DHL/ Federal Express | $ 8,570.39 |
| Fax Transmittal (outgoing only) | | $ 167.00 |
| Court Research | Pacer | $ 832.23 |
| Outside Reproduction | Digital Legal Services | $ 1,471.32 |
| Postage | US Mail; Digital Legal Services | $ 17,065.15 |
| Reproduction Expense | | $145,540.30 |
| Overtime | H. Walsh | $ 182.89 |
| Transcript | | $ 848.52 |
| Legal Research | Westlaw | $ 186.55 |

---

[16] PSZYJ&W may use one or more service providers. The service providers identified herein below are the primary service providers for the categories described.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

**Objection Date: March 15, 2006, at 4:00 p.m.**
**Hearing Date: To be scheduled**

## NINETEENTH QUARTERLY INTERIM APPLICATION OF
## PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.
## FOR COMPENSATION AND FOR REIMBURSEMENT
## OF EXPENSES FOR OCTOBER 1, 2005 THROUGH DECEMBER 31, 2005

Pursuant to sections 330 and 331 of title 11 of the United States Code (the

"Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), and the Court's 'Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331

Establishing Procedures for Interim Compensation and Reimbursement of Expenses for

Professionals and Official Committee Members', signed April 17, 2002 (the "Amended

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Administrative Order"), amending the Court's 'Administrative Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code Establishing Procedures for Allowance and Payment of Monthly Interim Compensation and Reimbursement of Expenses of Professionals', entered May 3, 2001, the law firm of Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C. ("PSZYJ&W") hereby files this Nineteenth Quarterly Interim Application of Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C. for Compensation and for Reimbursement of Expenses for October 1, 2005 through December 31, 2005 (the "Nineteenth Quarterly Fee Application").

By this Nineteenth Quarterly Fee Application PSZYJ&W seeks the interim allowance of compensation in the amount of $124,109.00 and reimbursement of actual and necessary expenses in the amount of $190,883.70 for a total of $314,992.70, or 100% of all compensation and expense reimbursement requested, for the period October 1, 2005 through December 31, 2005 (the "Interim Period"). In support of this Nineteenth Quarterly Fee Application, PSZYJ&W respectfully represents as follows:

## Background

1.    On April 2, 2001, each of the Debtors (collectively, the "Debtors") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, Debtors are continuing to operate their businesses and manage their properties and assets as debtors in possession. Since the Petition Date, the U.S. Trustee has appointed the following creditors' committees: Official Committee of Unsecured Creditors, Official Committee of Asbestos Personal Injurcy Claimants, and Official Committee of Asbestos Property Damage Claimants (collectively, the "Committees"). No trustee has been appointed in Debtors' Chapter 11 cases.

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.      On April 2, 2001, the Court entered its order that Debtors' chapter 11

cases be consolidated for procedural purposes only and administered jointly.

4.      By this Court's order dated May 3, 2001, Debtors were authorized to

retain PSZYJ&W as their counsel, effective as of the respective petition dates, with regard to the

filing and prosecution of their Chapter 11 cases, and all related matters (the "Retention Order").

The Retention Order authorizes Debtors to compensate PSZYJ&W at PSZYJ&W's hourly rates

charged for services of this type and to be reimbursed for actual and necessary out-of-pocket

expenses that it incurred, subject to application to this Court in accordance with the Bankruptcy

Code, the Federal Rules of Bankruptcy Procedure, all applicable local rules and orders of this

Court.

5.      On May 3, 2001, the Court entered an Administrative Order establishing

procedures for interim compensation and reimbursement of expenses of professionals. That

order was amended by the Amended Administrative Order, signed on April 17, 2002. Pursuant

to the procedures set forth in the Administrative Order and the Amended Administrative Order,

professionals may request monthly compensation and reimbursement, and interested parties may

object to such requests. If no interested party objects to a professional's request within twenty

(20) days, the applicable professional may submit to the Court a certification of no objection

authorizing the interim compensation and reimbursement of eighty percent (80%) of the fees

requested and one hundred percent (100%) of the expenses requested, subject to the filing and

approval of interim and final fee applications of the professional. The professional is also to file

a quarterly interim fee application.

## Monthly Fee Applications Covered Herein

6.      Prior to the filing of this Nineteenth Quarterly Fee Application, the

October 1, 2005 through December 31, 2005 monthly fee applications of PSZYJ&W had been

filed with the Court pursuant to the Administrative Order and Amended Administrative Order.

The October 1, 2005 through December 31, 2005 monthly applications are the subject of this

Nineteenth Quarterly Fee Application.

7.      On or about December 20, 2005, PSZYJ&W filed the Fifty-Fifth[2] Monthly

Application of Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C. for Compensation for

Services Rendered and Reimbursement of Expenses as Co-counsel to the Debtors for the Period

From October 1, 2005 through October 31, 2005 (the "Fifty-Fifth Monthly," Docket No. 11384),

requesting $50,950.00 in fees and $103,851.05 in expenses. No objections were received with

respect to the Fifty-Fifth Monthly, and a certificate of no objection was filed on January 12,

2006, (Docket No. 11531). The Fifty-Fifth Monthly is attached hereto as Exhibit A.

8.      On or about January 13, 2006, PSZYJ&W filed its Fifty-Sixth Monthly

Application of Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C. for Compensation for

Services Rendered and Reimbursement of Expenses as Co-counsel to the Debtors for the Period

From November 1, 2005 through November 30, 2005 (the "Fifty-Sixth Monthly," Docket No.

11546), requesting $36,400.50 in fees and $43,157.91 in expenses. No objections were received

---

[2] The caption for the monthly fee application for October 1, 2005 through October 31, 2005 and notice thereof incorrectly stated that it was the "Fifty-Fourth Monthly" fee application. The monthly fee application for October 1, 2005 through October 31, 2005 was actually the fifty-fifth monthly fee application in this case.

with respect to the Fifty-Sixth Monthly, and a certificate of no objection was filed on February 3, 2006, (Docket No. 11719). The Fifty-Sixth Monthly is attached hereto as <u>Exhibit B</u>.

        9.      On or about February 1, 2006, PSZYJ&W filed its Fifty-Seventh Monthly Application of Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C. for Compensation for Services Rendered and Reimbursement of Expenses as Co-counsel to the Debtors for the Period From December 1, 2005 through December 31, 2005 (the "Fifty-Seventh Monthly," Docket No. 11692), requesting $36,758.50 in fees and $43,874.74 in expenses. The Fifty-Seventh Monthly is pending. The Fifty-Seventh Monthly is attached hereto as <u>Exhibit C</u>.

        10.     The monthly fee applications covered by this Nineteenth Quarterly Fee Application contain detailed daily time logs describing the actual and necessary services provided by PSZYJ&W during the Interim Period as well as other detailed information required to be included in fee applications. Those monthly applications, attached hereto as <u>Exhibits A</u>, <u>B</u>, and <u>C</u>, are incorporated herein by reference.

### <u>Requested Relief</u>

        11.     By this Nineteenth Quarterly Fee Application, PSZYJ&W requests that the Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by PSZYJ&W from October 1, 2005 through December 31, 2005.[3] As stated above, the full scope of the services provided and the related expenses incurred are fully described in the monthly fee applications for the Interim

---

[3] PSZYJ&W reserves its right to seek at a later date compensation for services rendered and expenses incurred during the applicable period that are not otherwise included in the relevant monthly fee application.

Period that already have been filed with the Court and are attached hereto as Exhibits A, B, and C.

12.    At all relevant times, PSZYJ&W has been a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code and has not represented or held an interest adverse to the interest of Debtors.

13.    All services for which compensation is requested by PSZYJ&W were performed for or on behalf of Debtors and not on behalf of any committee, creditor, or other person.

14.    During the Interim Period, PSZYJ&W has received no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with Debtors' cases.  There is no agreement or understanding between PSZYJ&W and any other person, other than members of the Firm, for the sharing of compensation to be received for services rendered in these cases.

15.    The professional services and related expenses for which PSZYJ&W requests interim allowance of compensation and reimbursement of expenses were rendered and incurred in connection with these cases in the discharge of PSZYJ&W's professional responsibilities as attorneys for Debtors in their chapter 11 cases.  PSZYJ&W's services have been necessary and beneficial to Debtors and their estates, creditors, and other parties in interest.

WHEREFORE, PSZYJ&W respectfully requests that the Court enter an order, substantially in the form attached hereto, providing that, for the period of October 1, 2005 through December 31, 2005, an allowance be made to PSZYJ&W in the sum of $124,109.00 as compensation for reasonable and necessary professional services rendered to Debtors and in the

sum of $190,883.70 for reimbursement of actual and necessary costs and expenses incurred, for a

total of $314,992.70, that Debtors be authorized and directed to pay to PSZYJ&W the

outstanding amount of such sums; and for such other and further relief as this Court deems

proper.

Dated: February 17, 2006

PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-counsel for Debtors and Debtors in Possession

## VERIFICATION

STATE OF DELAWARE    :
                              :

COUNTY OF NEW CASTLE  :

         James E. O'Neill, after being duly sworn according to law, deposes and says:

         1.      I am a shareholder of the applicant law firm Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C., and have been admitted to appear before this Court.

         2.      I have personally performed many of the legal services rendered by Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C. as counsel to the Debtors and am thoroughly familiar with the other work performed on behalf of the Debtors by the lawyers and paraprofessionals of PSZYJ&W.

         3.      I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed Del.Bankr.LR 2016-2, and submit that the Application substantially complies with such Rule.

                                            James E. O'Neill

SWORN AND SUBSCRIBED
before me this _21st_ day of _February_, 2006.

Notary Public
My Commission Expires:

VANESSA A. PRESTON
Notary Public - State of Delaware
My Comm. Expires March 21, 2006