# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | § | **Chapter 11** |
| | § | |
| **W.R. GRACE & CO., et al.,** | § | **Jointly Administered** |
| | § | **Case No. 01-01139 (JKF)** |
| Debtors. | § | |
| | § | |

## FEE AUDITOR'S FINAL REPORT REGARDING
## FEE APPLICATION OF SWIDLER BERLIN, LLP
## FOR THE EIGHTEENTH INTERIM PERIOD

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the <u>Fee Application of Swidler Berlin, LLP for the Eighteenth Interim Period</u> (the "Application").

## BACKGROUND

1.      Swidler Berlin, LLP (Swidler), was retained as counsel to David T. Austern, legal representative for future asbestos claimants.  In the Application, Swidler seeks approval of fees totaling $157,045.50 and costs totaling $13,177.53 for its services from July 1, 2005, through September 30, 2005.

2.      In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued

January 30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served on Swidler an initial report based on our review, and received a response from Swidler, portions of which response are quoted herein.

## DISCUSSION

3.      In our initial report, we noted that on July 18, 2005, four firm members (three partners and one associate) attended a hearing. The total time spent including any preparation and non-working travel time was 45.50 hours for a total fee of $20,524.00. (See Exhibit A) We asked the firm to explain why it was necessary for four firm members to attend this meeting as well as explaining the specific area of expertise each member brought to the meeting. Swidler's response is provided as Response Exhibit 1. We appreciate the response and thus recommend a reduction of $3,772.00 in fees.

4.      We noted that on August 22, 2005, MPT traveled. The total time spent was 1.00 hours for a total fee of $155.00. The entry is provided below.

08/22/05      MPT   1.00            Travel to and from court to deliver documents and receive
                                    stamped copies as requested by F. DiRosa.

According to the Local Rules, non-working travel time is to be billed at 50% the usual billing rate. As the timekeeper did not appear to work during this travel time, we asked Swidler to explain why this charge should not be reduced by half. Swidler responded as follows:

Swidler will delete this time entry, further reducing its fee request by $155.00.

We appreciate the response and thus recommend a reduction of $155.00 in fees.

## CONCLUSION

5.      Thus we recommend approval of fees totaling $153,118.50 ($157,045.50 minus $3,927.00) and costs totaling $13,177.53 for Seidler's services from July 1, 2005, through September 30, 2005.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By:
Warren H. Smith
Texas State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 1275
Dallas, Texas  75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 3rd day of March, 2006.

Warren H. Smith

# SERVICE LIST
## Notice Parties

**The Applicant**
Roger Frankel
Richard H. Wyron
Swidler Berlin Shereff Friedman, LLP
3000 K Street, NW, Suite 300
Washington, DC 20007

**The Debtors**

David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**

James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones,
P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of
Unsecured Creditors**

Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of
Property Damage Claimants**

Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price &
Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph,Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of
Personal Injury Claimants**

Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE  19801

**Official Committee of Equity Holders**

Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**

Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801

Exhibit A

| | | | |
|---|---|---|---|
| 07/18/05 | RLF | 2.10 | Review pleadings in preparation for argument, hearing during travel to Pittsburgh |
| 07/18/05 | RLF | 1.50 | Confer with J. Radecki, R. Wyron and D. Felder in preparation for hearing. |
| 07/18/05 | RLF | 1.40 | Confer with P. Lockwood, N. Finch to discuss common issues in preparation for hearing. |
| 07/18/05 | RHW | 3.00 | Review pleadings for hearing on 7/19 (1.3); confer with PI counsel regarding hearing issues and strategy, and follow-up notes (1.7). |
| 07/19/05 | RHW | 6.20 | Prepare for hearing on PI CMO and related matters (1.3); attend hearing on PI CMO and related matters, and follow-up conversation (2.9);............ |
| 07/19/05 | MDA | 8.20 | Attend, telephonically, the hearing in the Debtor's CMO/Questionnaire Motion |
| 07/19/05 | DLF | 8.00 | Attend omnibus hearing regarding questionnaire and case management order. |
| 07/19/05 | RLF | 8.60 | Attend hearing in Pittsburgh re approval of CMO and Questionnaire (PI and PD). |
| 07/19/05 | RLF | 1.60 | Confer with Messrs. Lockwood, Finch and Wyron re hearing during travel to DC (.9);............. |
| 07/18/05 | DLF | 2.40 | Travel to Pittsburgh |
| 07/18/05 | RHW | 1.20 | Travel to Pittsburgh for hearing |
| 07/19/05 | RLF | 1.50 | Non-working travel to Washington, DC |
| 07/19/05 | DLF | 2.50 | Travel from Pittsburgh to Washington, DC |

Response Exhibit 1

I am responding to the Fee Auditor's Initial Report Regarding Fee Application of Swidler Berlin LLP for the Eighteenth Interim Period.  The Initial Report identifies time entries for July 18, 2005 and July 19, 2005 with respect to the Court hearing on July 19, 2005 and certain related preparation and travel time for that hearing. The Initial Report asks that Swidler explain why four lawyers attended or listened to this hearing as well as identify the specific area of expertise of each.  As one of the former Swidler lawyers involved representing the FCR, Swidler asked me to respond to the Interim Report.

There were important case matters set for hearing on that date, including Grace's proposed case management order for the asbestos personal injury claims estimation process, the form of Grace's proposed asbestos-related personal injury questionnaire, and Grace's eighth request for an extension of its exclusive periods to file a plan of reorganization and solicit votes thereon, all of which the FCR and other parties contested vigorously.

Roger Frankel is lead bankruptcy counsel for the FCR, and is familiar with the FCR's views and positions on these issues. Mr. Frankel presented argument to the Court regarding Grace's proposed case management order and asbestos personal injury questionnaire.

Richard Wyron attended the hearing because of his familiarity with Grace's multiple requests for an extension of its exclusive periods, and because he had been heavily involved in the strategy and substance of the FCR's objection to the then-pending request. Mr. Wyron had prepared the evidence the FCR would present to the Court on exclusivity, including live testimony if appropriate, and was present at the hearing to handle the evidentiary presentation to the Court, including cross-examination of witnesses or other evidence Grace may have adduced.

Debra Felder had performed much of the work in preparing the pleadings filed with the Court regarding the case management order and the questionnaire, as well as the FCR's objections to Grace's request for an extension of exclusivity. Ms. Felder was also responsible for incorporating the Court's comments during the hearing into revised pleadings, which were filed with the Court following the hearing.

Monique Almy attended the hearing telephonically because she had assisted in the preparation of the pleadings on these issues, and was prepared to follow-up should further briefing be required.

While Swidler believes these resources were fully justified, Swidler wishes to avoid any dispute with the fee auditor on this point, and so is willing to reduce its fee request by $3,772.00. This amount is equal to the total time spent by Ms. Almy in participating in the hearing telephonically (8.20 hours at $460/hour).