# EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | | |
| | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | [ |
| | | **Re: Docket No. 7709]** |

## [SECOND ]AMENDED ORDER ESTABLISHING CASE [ ]MANAGEMENT { }PROCEDURES AND HEARING SCHEDULE

Pursuant to 11 U.S.C. §§ 102(1) and 105(a); Fed. R. Bankr. P. 2002, 7016, 9007

and 9014; and Del. Bankr. LR 1001-1(b); and for the reasons stated upon the record at the

omnibus hearing held on March 18, 2002 in the above-referenced cases; and good and sufficient

cause appearing, it is hereby **ORDERED** that the following case management procedures and

hearing schedule shall apply in these cases.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

### Omnibus Hearing Dates

Unless otherwise ordered by the Court, regular omnibus hearings will be scheduled in these cases on a date and time certain each month. Omnibus hearing dates are scheduled for {~~2005~~}[2006] and the applicable filing and objection deadlines can be found at Docket No. {~~6833.~~}[11561.]

No witnesses will be heard on omnibus hearing dates unless the Court specifically orders otherwise. All evidentiary hearings will be separately scheduled.

### Preliminary Agenda and Hearing Notebook

Counsel for the Debtors, in cooperation with all parties that have matters pending, shall submit via e-mail to the undersigned, in Pittsburgh,[ at **jkf@pawb.uscourts.gov**] a draft agenda (the "Preliminary Agenda") at least fourteen (14) days prior to each scheduled hearing date. The Preliminary Agenda shall not be served on any party and shall be subject to amendment through and including the Hearing Filing Deadline (as the term is defined herein).[ **A copy of the Preliminary Agenda shall also be transmitted, via electronic mail, to the undersigned's scheduling clerk in Wilmington, Delaware at Julia_Johnston@deb.uscourts.gov.** ]

Contemporaneous with the submission of the Preliminary Agenda, counsel shall submit to the undersigned, in Pittsburgh, a draft hearing notebook (the "Preliminary Hearing Notebook") which shall include a hard copy of the draft agenda. The Preliminary Hearing Notebook shall not be served on any party and shall be subject to amendment through and including the Hearing Filing Deadline (as the term is defined herein).

### Final Agenda and Hearing Notebook

Counsel for the Debtors, in cooperation with all parties that have matters pending, shall file with the Office of the Clerk of the Bankruptcy Court an agenda (the "Final Agenda"), in substantial conformity with Del. Bankr. LR 9029-3(a) and Local Form 111, at least seven (7) days prior to each scheduled omnibus hearing date (the "Hearing Filing Deadline"). The Final Agenda shall indicate which matters will go forward at the omnibus hearing.

The Final Agenda shall contain the same numeric order of matters scheduled as the Preliminary Agenda.

The Final Agenda shall be served upon: (i) the Honorable Ronald L. Buckwalter; (ii) local counsel who have entered an appearance in these cases; (iii) counsel for the various official committees and the future asbestos claimants' representative in these cases; (iv) the office of United States Trustee; and (v) other counsel with a direct interest in any matter on the agenda, reasonably contemporaneous with the Court filing.

Contemporaneous with the filing of the Final Agenda, Debtors' counsel shall submit to the Office of the Clerk a complete hearing notebook (the "Final Hearing Notebook"). The Final Hearing Notebook shall not be served on any party.

A hard copy of the Final Agenda, together with copies of those pleadings which were not included in the Preliminary Hearing Notebook, shall be transmitted to the undersigned, in Pittsburgh, appropriately marked as to which item such pleading appears as on the Final Agenda.

## Contents of the Preliminary and Final Hearing Notebook

The Preliminary and Final Hearing Notebooks shall include those pleadings relating to all agenda items which are scheduled to be heard at the omnibus hearing. The Preliminary and Final Hearing Notebooks shall not include any Affidavits or Certificates of Service or any pleadings which relate to matters which are continued or adjourned on consent of the parties, withdrawn, or otherwise not scheduled to be heard at the omnibus hearing.

Proposed forms of order should be conspicuously tabbed in the Preliminary and Final Hearing Notebook for the Court's convenience.

No additions or corrections to the Final Hearing Notebook or the Final Agenda will be permitted within the seven (7) days prior to the omnibus hearing, except such revisions to include pleadings inadvertently not listed in the Final Agenda and such revisions as to the status of a matter.

## Deadline to File Pleadings Prior to Omnibus Hearing

Subject to any earlier filing and service deadline(s) set forth elsewhere in this Order, the Local Rules, or any other applicable Order or Rule, all pleadings related to any matter on the Final Agenda (including without limitation, motions, objections, responses, replies, and exhibits) must be filed and served by no later than the business day prior to the Hearing Filing Deadline. Any pleading not filed by such date shall not be considered, unless the Court has previously established a filing schedule with respect to such pleading to the contrary.

## Filing of Motions and Objections

(a)    Filing of Motions and Applications

Unless the Federal Rules of Bankruptcy Procedure state otherwise, all motions

and applications shall be filed and served in accordance with Del. Bankr. LR 2002-1(b) at least

thirty-two (32) days (thirty-five (35) days if service is by mail) prior to hearing.  A list of the

remaining omnibus hearing dates for this calendar year and the applicable filing and objection

deadlines as set forth above can be found at Docket No. 6833.

(b)    Filing of Fee Applications

Filings relating to applications for payment of compensation or reimbursement of

expenses shall be governed by the Administrative Order Under 11 U.S.C. §§ 105(a) and 331

Establishing Procedures for Interim Compensation and Reimbursement of Expenses for

Professionals and Official Committee Members, signed May 3, 2001 (Docket No. 198) and any

order amending or modifying the same.

(c)    Objection Deadline

The objection deadline to respond to any Motion shall be at least seventeen (17)

days prior to the noticed omnibus hearing (equivalent to three (3) days prior to the deadline to

file the Preliminary Agenda and Preliminary Hearing Notebook) (the "Objection Deadline").

**Service of Pleadings**

Service of pleadings shall be made in accordance with the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Bankruptcy Rules of this Court (the

"Local Rules") and any orders of this Court governing the same.

**Computation of Time**

All time periods and deadlines set forth herein shall be computed in accordance with Bankruptcy Rule 9006(a). In addition, the Local Rules shall apply to all proceedings in these cases except to the extent that any provision of this Order by its terms supercedes or is inconsistent with the Local Rules.

### Telephonic Appearance at Hearing

Any party wishing to appear telephonically at a hearing must make arrangements with CourtCall by phone (866-582-6878) or facsimile (866-533-2946) no later than 12:00 p.m. two business days prior to the hearing. All parties must provide CourtCall with the following information: (a) case name and number, (b) the name of the judge conducting the hearing, (c) the hearing date and time, (d) the participant's name, address and telephone number, (e) the party whom the participant represents, and (f) the matter on which the participant wishes to be heard or whether the participant intends to monitor the proceedings in "listen-only" mode.

Additionally, all parties participating via telephone, including those participating in "listen-only" mode, must send notification to the Debtors' local counsel of (i) their intention to participate in the hearing and (ii) the information set forth in (a) through (f) above. Such notice should be sent to Patricia Cuniff of Pachulski, Stang, Ziehl, Young, Jones & Weintraub {P.C.}[LLP[2]], via e-mail (pcuniff@pszyjw.com) or facsimile (302-652-4400).

Any party filing a motion, application or other pleading, including without limitation, an objection or response thereto, may participate telephonically. Any party not

---

[2     A Delaware limited liability partnership and, effective March 1, 2006, the successor to Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C. ]

submitting a pleading, but interested in monitoring the proceeding, may participate in "listen-only" mode. Local counsel must appear in person for hearings held in Delaware.

Telephonic appearances will not be allowed for counsel or witnesses at evidentiary hearings or for oral arguments during an omnibus hearing. All such counsel and witnesses must appear in person, unless otherwise ordered by the Court. Any party appearing via telephone for a trial or evidentiary hearing will not be allowed to speak or otherwise participate in such trial or evidentiary hearing. Parties appearing via telephone, including those participating in "listen-only" mode may not call from a car phone, cellular phone, or phones located in public places and must use their "mute" buttons when not speaking. Further, no party may place the call with the Court on hold.

All parties appearing telephonically must dial-in to the call fifteen (15) minutes prior to the scheduled start time for such hearing. Calling in 15 minutes prior to the scheduled start time is required even though the Court, based on its docket for that day, may not start the hearing until after the scheduled time.

Attorneys must comply with Rule 83.5 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware in order to participate telephonically at any hearing in these cases.

### Promulgation of this Order

To ensure that all parties who may participate in these cases are aware of the terms of this Order, (1) counsel for the Debtors shall serve a copy of the Order on all parties that have requested such notice in accordance with Bankruptcy Rule 2002; and (2) the Clerk of the

Court is hereby directed to make a conspicuous entry on the docket for these cases indicating the

existence of this Order and the docket number assigned to the Order.

**<u>Terms of this Order</u>**

Any party may at any time apply for reconsideration or modification of this Order.

Service of such motion shall be made in accordance with the Bankruptcy Rules and/or Local

Rules, as applicable.  The Court may amend this Order at any time.

This Order shall continue in effect until modified by further order of this Court.


Dated:  February _____, 2005          _____
                                       The Honorable Judith K. Fitzgerald
                                       United States Bankruptcy Judge