IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) <br> ) <br> )    Chapter 11 <br> ) <br> )    Case No. 01-01139 (JFK) <br> )    (Jointly Administered) <br> ) <br> ) |
| W.R. GRACE & CO., *et al.*, | |
| Debtors. | |

### AFFIDAVIT OF SAM C. POINTER, JR.
### IN ACCORDANCE WITH FED.R.BANKR. P. 2014(a) AND 5002

I, Sam C. Pointer, Jr. state as follows:

1. I submit this Affidavit, in connection with my appointment as Mediator in these cases to provide the disclosures required under Rules 2014(a) and 5002 of the Federal Rules of Bankruptcy Procedure for professionals employed under 11 U.S.C. § 327.

2. I have significant experience adjudicating and resolving legal disputes. In particular, I spent approximately 30 years as a United States District Court Judge in the Northern District of Alabama. Since 2000, I have been a member of the firm of Lightfoot, Franklin & White LLC where I work on litigation at the trial and appellate levels and regularly serve as a mediator and arbitrator. As a result of my work as a judge, mediator and arbitrator, I have garnered experience in, among other things, the review, management and settlement of legal disputes.

3. I have agreed to accept the appointment as Mediator in these cases upon the terms set forth in the Order Extending Debtors' Exclusive Periods in Which to File a Chapter 11 Plan and Solicit Votes Thereon and Appointing a Plan Mediator submitted to the Court on March 8, 2006 (the "Appointment Order"). I have further agreed to be compensated for my time expended in serving as the Mediator on an hourly basis, at a rate of $600.00 per hour, and to be reimbursed

for reasonable expenses incurred in connection with my duties. I understand that my fees and expenses will be paid by the Debtors as outlined in the Appointment Order. From time to time, I may need the assistance of Robin Hinkle, a partner in the Lightfoot Franklin firm, whose hourly rate will be substantially less than my own.

4. To the best of my knowledge, I do not have, and have not had, any business, professional or other connection with the Debtors, their creditors or any other party in interest, or their respective attorneys and accountants, except as set forth in this Affidavit.

5. To the best of my knowledge, I have never represented a current plaintiff, defendant or insurer in any litigation matter involving any of the Debtors.

6. To the best of my knowledge, I am a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, in that:

    a. I am not a creditor, equity security holder, or insider of the Debtors;

    b. I am not and was not, within two years before the date of the filing of the Debtors' chapter 11 petitions, a director, officer, or employee of the Debtors; and

    c. I do not hold an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors.

7. To the best of my knowledge, I do not hold or represent any interest adverse to the Debtors or their estates.

8. I am not related to, and have no connections with, the United States District Judge or the United States Bankruptcy Judge assigned to these cases, any other United States District Court Judge or United States Bankruptcy Court Judge for the District of Delaware, or the United States Trustee for this District or any person known to me to be an employee of that office.

9. The law firm with which I am associated (Lightfoot, Franklin & White, LLC.) has from time to time served as trial or appellate counsel for companies that are co-defendants in litigation in which the Debtors are parties,[1] that are bank creditors of the Debtors (or issuers of outstanding surety bonds or letters of credit),[2] or that may have provided insurance coverage to the Debtors.[3] To the best of my knowledge, the firm has not represented any of such companies in any matters involving the Debtors before this Court. I have not personally represented any of such companies, and, as a salaried non-equity partner in the firm, my compensation is not affected by the fees received by the firm from representation of such companies. Over the past 6 years, I have served as a mediator or arbitrator in several matters involving some company which has an interest in the present proceedings in the Bankruptcy Court or involving a law firm which is representing a party having an interest in the present proceedings in the Bankruptcy Court; but none of these mediations or arbitrations has involved matters directly affecting the present Bankruptcy Court proceedings.

10. During my years on the bench and more recently in private practice, I have had professional and social relationships with attorneys associated with many, if not most, of the law firms representing the Debtors and the various claimants, creditors, insurers, etc. involved in this proceeding. My relationships with the individual lawyers have been casual, cordial, and friendly, but none has been what I would describe as a close personal friendship. From a

---

[1] Consolidated Pipe; Kaiser Aluminum; MacMillan Bloedel; Reynolds Metals; Westinghouse Electric.

[2] Bank of America; J. P. Morgan; Chase Manhattan.

[3] AIG; Hartford Ins.; CNA Insurance companies.

subjective standpoint, I believe that I can act as a mediator in this matter in a neutral and impartial manner, and will pledge myself to do so.

11.     I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

                                                                              _/s/ Sam C. Pointer_
                                                                              Sam C. Pointer, Jr.

Executed on March 8, 2006