**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., et al., | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

**FEE AUDITOR'S FINAL REPORT REGARDING**
**FEE APPLICATION OF**
**BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ**
**FOR THE EIGHTEENTH INTERIM PERIOD**

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Interim Fee Application of Baker Donelson Bearman Caldwell & Berkowitz, P. C. for the Eighteenth Interim Period (the "Application").

**BACKGROUND**

1.      Baker Donelson Bearman Caldwell & Berkowitz, P. C. ("Baker Donelson") was retained as advisor for legislative affairs  to the Debtors.  In the Application, Baker seeks approval of fees totaling $165,000.00 and costs totaling $15,058.51 for its services from July 1, 2005,  through September 30, 2005.

2.      In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing

Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued

January 30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the

United States Bankruptcy Court for the District of Delaware, the United States District Court for the

District of Delaware, and the Third Circuit Court of Appeals.  We served on Baker Donelson an

initial report based on our review, and received a response from Baker Donelson, portions of which

response are quoted herein.

## DISCUSSION

3.       We note that the firm states that by the Court order dated June 16, 2004, the Debtors

were authorized to retain Baker Donelson to advise the Debtors, their counsel, and their Board of

Directors with respect to legislative affairs and current pending and future legislative affairs

("Legislative Affairs Services") and such other related services as the Debtors may deem necessary

or desirable, effective as of April, 2001 (the "Retention Order").  The Retention Order authorizes

Debtors to compensate Baker Donelson on a flat rate in the amount of $17,000.00 per month for

services rendered plus reimbursement of actual and necessary expenses incurred by Baker Donelson.

The Debtors, on or about January, 24, 2005 filed a motion seeking authorization to modify and

expand the scope of services provided by Baker Donelson.  Specifically, the motion sought the

approval of retention of Baker Donelson to assist Debtors in connection with the Debtors' business

operations in China and with respect to the Chinese governmental authorities at the national,

provincial and local levels ("China Assistance Services").  The expanded scope of work of Baker

Donelson was approved by order entered on March 15, 2005, effective January 1, 2005 ("Order

Modifying and Expanding Services").  Compensation of Baker Donelson for the China Assistance

Services was approved on a flat rate in the amount of $35,000.00 per month for services rendered,

plus reimbursement of actual and necessary expenses incurred by Baker Donelson.  The Order Modifying and Expanding Services also increased the flat rate for compensation for Legislative Affairs Services to an amount of $20,000.00 per month effective March, 2005 for services rendered plus reimbursement of actual and necessary expenses incurred by Baker Donelson.

4.      We noted that Baker Donelson lists 166.50 hours for services rendered from July 1, 2005, through September 30, 2005.  This computes to an effective hourly rate of $990.99.

5.      We noted the following meal charges which require additional information.

| Meals | 7/7/05 | $113.80 |
| Meals | 7/19/05 | $47.80 |
| Meals | 7/27/05 | $96.64 |
| Meals | 8/24/05 | $157.78 |
| Meals | 9/07/05 | $177.60 |
| Meals | 9/16/05 | $77.97 |

We asked the firm to supply further information regarding these charges.  Baker Donelson responded as follows:

Meals 7/7/05 $113.80 - *W. R. Grace was charged 25% of 2 dinners; dinner on 6/9/2005 had 5 diners and dinner on 6/28/2005 had 3 diners*

Meals 7/19/05 $47.80 - *W. R. Grace was charged 33% of 1 dinner; dinner on 7/11/2005 had 2 diners*

Meals 7/27/05 $96.64 - *W. R. Grace was charged 33% of 2 dinners; dinner on 7/13/2005 had 2 diners and dinner on 7/24 had 2 diners*

Meals 8/24/05 $157.78 - *W. R. Grace was charged 33% of 3 dinners; dinner on 8/16/2005 had 3 diners, dinner on 8/18/2005 had 2 diners and dinner on 8/19/2005 had 4 diners*

Meals 9/07/05 $177.60 - *W. R. Grace was charged 33% of 3 dinners; dinner on 8/25/2005 had 2 diners, dinner on 8/29/2005 had 3 diners and dinner on 9/2/2005 had 5 diners*

Meals 9/16/05 $77.97 - *W. R. Grace was charged 33% of 2 dinners; Dinner on 9/12/2005 had 2 diners and dinner on 9/13/2005 had 3 diners*

We appreciate the response. We recommend reasonable ceilings of $15 per person for breakfast, $25 per person for lunch and $50 for dinner. Thus we recommend the following reductions:

For meals on 7/7/2005, we recommend a reduction of $13.80 (25% of $55.20 overage).
For meals on 7/19/2005, we recommend a reduction of $14.46 (33% $43.38 overage).
For meals on 7/27/2005, we recommend a reduction of $29.97 (33% $130.14 overage).
For meals on 8/24/2005, we recommend a reduction of $7.78 (33% of $23.34 overage).
For meals on 9/7/2005, we recommend a reduction of $10.95 (33% of $32.85 overage).

We thus recommend a total reduction of $76.96 for the above meal expenses.

6.    We noted the following travel expense which requires additional information.

Travel to China for meetings with client            9/16/05            $9,800.00

We asked the firm to provide the class of air fare and documentation for all other charges contained in the expense. Baker Donelson responded as follows:

*W. R. Grace was charged 56% - major reason for the trip was at W. R. Grace's request.*

*First Class Airfare to/from China - $12,842.90*

*W. R. Grace paid $7,192.03, a portion of the first class airfare to China and for travel inside of China ( economy class). We were able to minimize travel costs by splitting this among three clients, second client paid 39% and third client paid 8%. The balance of $2,607.97 was for W. R. Grace's costs for their portion (56%) of ground transportation, lodging and meals. The total costs for these items were : ground transportation-$795.88; lodging-$3,434.64; and meals-$479.98.*

*Lodging was for 1 person for 1 night in Beijing, China and for 1 person for 5 nights in Shanghai, China;*

*Ground transportation was for 1 person to airport in DC; from airport to hotel in Beijing, China; from airport to hotel in Shanghai, China; from hotel in Shanghai, China to meetings in Shanghai, China; from hotel in Shanghai, China to airport; and*

*from airport in DC to home;*

*Meals were for 1 person for 2 breakfasts; 1 person for 3 lunches; 1 person for 3 dinners and 2 persons for 1 lunch and 4 persons for 1 dinner.*

We appreciate the response.  Paragraph II.E.1.of the Guidelines states, ". . .[f]actors relevant to a determination that the expense is proper include the following: 1.  Whether the expense is reasonable and economical.  For example, first class and other luxurious travel mode or accommodations will normally be objectionable."  The Court has been consistent in applying this guideline to international as well as domestic air travel.  Our research indicates next-day economy fares from Washington D.C. to Beijing ranging from approximately $3,000.00 to approximately $5,800.00.  We further note a next-day, business-class fare for approximately $6,400.00.  Granting the upper end of the economy-fare range ($5,800.00), we recommend a reduction of $3,944.02 (56% of the $7,042.90 overage) for the first-class airfare expense cited above.  We recommend a ceiling of $350.00 per night for lodging in New York, London and other selected cities, including Beijing and Shanghai.  In our research regarding hotel accommodations in China, we canvassed five luxury hotels in both Beijing and Shanghai and found daily rates ranging from $120.00 to $370.00 for a single room.  Hotels in the search included the Golden Resource and the Peninsula Palace in Beijing, and the Four Seasons and the St. Regis in Shanghai.  By our calculations, the lodging expense cited above was $572.44 per night, or $222.44 over our recommended ceiling.  We thus recommend a reduction of $747.40 (56% of $222.44 per night times 6 nights) for this lodging expense.  Thus, we recommend a total reduction of $4,691.42 for these expenses.

       7.     We noted the following charge which requires more information.

China representative expense                         9/28/05            $1,287.50

We asked Baker Donelson to explain in greater detail what this expense encompassed. The firm responded as follows:

> *W. R. Grace was charged 50%.*
>
> *Coach Airfare between Beijing-Shanghai       $685.00*
>
> *2 Coach Tickets from Beijing - Shanghai and additional travel from Shanghai to Hanzhou for W. R. Grace.*
>
> *This charge was for Baker Donelson's China Office representative's portion of the above described travel from Beijing to additional cities throughout China. Again the cost was minimized because the cost was split between clients, other client paid 50%, actual total was $2,575.00. This charge of $1,287.50 covers W. R. Grace's portion of airfare within China, lodging for 1 person for 4 nights in Shanghai, and meals, 1 breakfast for 1 person, 1 lunch for 1 person and 1 dinner for 1 person; for our China Office representative. The total costs of these items were: airfare within China-$685; lodging-$1,062; ground transportation-$426; and meals-$402.00*

For the cited meals, we recommend a reduction of $156.00 (50% of $312.00) overage. Thus, we recommend a total reduction of $156.00 in expenses for the above entries.

## CONCLUSION

8.       Thus we recommend approval of fees totaling $165,000.00 and costs totaling $10,134.13 ($15,058.51 minus $4,924.38) for Baker Donelson's services from July 1, 2005, through September 30, 2005.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By:_____
          Warren H. Smith
          Texas State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 1275
Dallas, Texas  75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 9th day of March, 2006.

_____
                              Warren H. Smith

## SERVICE LIST
### Notice Parties

**The Applicant**

E. Franklin Childress
James Range
Baker, Donelson, Bearman, Caldwell &
Berkowitz
165 Madison Avenue
Suite 200
Memphis, Tennessee 38103

**The Debtors**

David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**

James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones,
P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of
Unsecured Creditors**

Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of
Property Damage Claimants**

Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price &
Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph,Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of
Personal Injury Claimants**

Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE  19801

**Official Committee of Equity Holders**

Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**

Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801