UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., et al., | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

FEE AUDITOR'S FINAL REPORT REGARDING
FEE APPLICATION OF CAPLIN & DRYSDALE,
CHARTERED FOR THE EIGHTEENTH INTERIM PERIOD

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Fee Application of Caplin & Drysdale, Chartered for the Eighteenth Interim Period (the "Application").

BACKGROUND

1.      Caplin & Drysdale, Chartered ("Caplin") was retained as national counsel to the Official Committee of Asbestos Personal Injury Claimants. In the Application, Caplin seeks approval of fees totaling $250,373.25 and costs totaling $16,691.85 for its services from July 1, 2005, through September 30, 2005.

2.      In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued

January 30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served on Caplin an initial report based on our review, and received a response from Caplin, portions of which response are quoted herein.

## DISCUSSION

3.  In our initial report, we noted that VP, VW and DBS spent a total of 19.40 hours and $3,337.50 on tasks that appear to be in the nature of standard overhead and therefore not compensable. The entries are provided below.

| Date | Initials | Rate | Hours | Description |
|---|---|---|---|---|
| 07/11/05 | VP | 165.00 | 0.60 | Locate deposition transcripts to be scanned |
| 07/11/05 | VP | 165.00 | 2.50 | Attached exhibits to pleading |
| 07/12/05 | VP | 165.00 | 2.50 | Attached exhibits to a pleading |
| 07/12/05 | VP | 165.00 | 1.50 | Duplicated pleading with attached exhibits and distributed then to attorneys |
| 07/25/05 | VW | 165.00 | 2.00 | Filing/coding case pleadings. |
| 07/26/05 | VW | 165.00 | 4.50 | Processing documents. |
| 07/27/05 | VW | 165.00 | 1.90 | Processing documents |
| 09/23/05 | DBS | 200.00 | 2.00 | Compile and organize documents for witness files. |
| 09/28/05 | DBS | 200.00 | 1.70 | Compile and organize production documents |
| 09/30/05 | DBS | 200.00 | 0.20 | Compile pleading for attorney review |

Paragraph, II. E. 7. of the Guidelines states, "[f]actors relevant to a determination that the expense is proper include the following: . . Whether the expenses appear to be in the nature of

nonreimbursable overhead . . . Overhead includes word processing, proofreading, secretarial and other clerical services, . . ." We asked Caplin to explain why the cited entries should not be considered normal overhead tasks. Caplin responded as follows:

> You inquire in paragraph 3 of the Initial Report regarding services provided by Caplin & Drysdale paralegals Vernon Preston, Velma Wright and David Smith. The services referenced in the Initial Report are not administrative overhead. The paralegals were rather performing legal tasks relating to the maintenance of pleading and other files, preparing of legal pleadings and preparation of documents for production in response to adversary discovery requests. References to "locating" documents or "attaching exhibits" in Mr. Preston's entries relate to the identification and collection of exhibits for a pleading that was filed on behalf of the Committee by Caplin & Drysdale attorneys. Similarly, Ms. Wright was identifying legal documents and preparing witness exhibit files for depositions, while Mr. Smith's tasks involved the organization and stamping of documents for production and identification and attachment of exhibits to a pleading.

We appreciate the response; however, the language of the cited entries describes tasks that are clearly administrative and therefore not compensable according to the Guidelines. We thus recommend a reduction of $3,337.50 in fees.

    4.      We noted five entries by LMK and ALV totaling 4.90 hours and $1,014.50 for review of asbestos litigation and asbestos bankruptcy litigation cases.

| Date | Atty | Rate | Hours | Description |
|---|---|---|---|---|
| 7/5/2005 | LMK | 415.00 | 0.20 | Gather materials re: background issues in asbestos litigation for ALV. |
| 7/6/2005 | ALV | 220.00 | 2.30 | Review asbestos litigation and asbestos bankruptcy litigation cases and materials for background of matters. |
| 7/7/2005 | ALV | 220.00 | 1.50 | Review asbestos litigation and asbestos bankruptcy litigation cases and material for background of matters. |
| 7/8/2005 | ALV | 220.00 | 0.40 | Review asbestos litigation and asbestos bankruptcy litigation cases and material for background of matters. |
| 8/12/2005 | LMK | 415.00 | 0.50 | Background reading asbestos issues in bankruptcy. |

We note that during a hearing on March 21, 2005, *in re USG Corporation,* Case No. 01-2094 (RJN),

**FEE AUDITOR'S INITIAL REPORT** - Page 3
 wrg FR Caplin 18int 7-9.05.wpd

the Court stated ". . . I am concerned about general monitoring of other cases. It seems to me if you have an issue that is coming up, in research, in doing that issue, you ought to be able to find those cases and certainly you'd want to know what those rulings are, but just generally monitoring a case for purposes of seeing what's going on is not compensable in this estate. . ." pp. 9-14.  We asked Caplin to explain the specific purpose for the research and how that research was ultimately used to further the resolution of the W.R. Grace case.  Caplin responded as follows.

> You inquire in paragraph 4 of the Initial Report regarding service provided by Caplin & Drysdale attorneys Leslie M. Kelleher and Adam VanGrack.  While the time entries by these attorneys reference "background" reading, the work performed did not involve "generally monitoring" other asbestos-related cases, but rather obtaining information regarding asbestos claims criteria from recent legislation and case law that might affect the valuation of claims in the Grace bankruptcy case.  Such criteria regarding asbestos claims, including medical evidence, product identification, work-place identification, play a major role in the valuation of a defendant or Debtors' total asbestos liabilities, and the information obtained by Ms. Kelleher and Mr. VanGrack was directly employed to the benefit of the Grace estates in various briefs regarding the anticipated estimation hearing and the Debtors' proposed claimant questionnaire.

We appreciate the response and offer no objection to these fees.

     5.     We noted the following air fare charges that appear to be for a class of service other than coach class.

| | | | |
|---|---|---|---|
| 183049 | ADA Travel for RER to Wilmington on 6/27 (split with 2429) (coach fare 186.00) | 7/19/2005 | $136.00 |
| 1830502 | ADA Travel for EI on 7/8 to New York (coach fare 137.00) | 7/19/2005 | $216.00 |
| 1830511 | ADA Travel for PVNL to Pittsburgh on 7/18 (coach fare $880.40) | 7/19/2005 | $1,170.00 |
| 1830515 | ADA Travel for NDF to Pittsburgh on 7/18 (coach fare $886.00) | 7/19/2005 | $1,170.40 |

| | | | |
|---|---|---|---|
| 1851553 | ADA Travel PVNL 8/29 travel to Wilmington (coach fare $180.00) | 09/09/2005 | $278.00 |
| 1851555 | ADA Travel JAL 8/29 travel to Wilmington (coach fare $180.00) | 09/09/2005 | $278.00 |
| 1855153 | EI; One way Delta Shuttle from NYC to DC and one way Amtrak from DC to NYC (coach fare 147.00) (split w/16 cases) | 09/20/2005 | $23.69 |

We note that the comparable coach fare is provided in the expense detail. We asked Caplin to explain whether the firm would accept a reduction to the coach fare amount for the above charges. Caplin responded as follows:

> All travel referenced in paragraph 5 of the Initial Report should have been billed to the estates at coach fare rates. Caplin & Drysdale will accept a voluntary reduction regarding these expenses.

We appreciate the response and thus recommend a reduction of $1,080.44 for these airfare expenses.

6. We noted the following travel expenses which require additional information in order to assess their reasonableness.

| | | | |
|---|---|---|---|
| 1830946 | PVNL; Travel expenses to Pittsburgh for hearing on 7/18-19 for meals | 07/20/2005 | $166.56 |
| 1830948 | EI; Travel expenses to DC for meetings at Kirkland & Ellis on 7/8 for meals | 07/20/2005 | $109.98 |
| 1857145 | Travel Expenses - Hotel Charges - The Drake - NDF - Mtg w/client in NY on 9/22/05 (split w/16 case) | 09/27/2005 | $35.58 |
| 1857145 | Travel Expenses - The Drake Hotel - RER - Cmt Mtg in NY Office 9/22-23/05 (split w.16 cases) | 09/28/2005 | $42.18 |
| 1856809 | Travel Expenses - Radison Hotel - WBS-Cmt Mtg in NY) 9/22-23/05 (split w/16 cases) | 09/28/2005 | $21.40 |

We asked Caplin to provide additional information regarding the above referenced expenses. Caplin responded as follows:

> A. Peter Van N. Lockwood, meal expenses in Pittsburgh, PA,
> July 18–19, 2005 ($166.56):  Dinner, July 12 (with Mr. Finch)    $153.46
> Breakfast, July 19 (one person)          8.82
> Misc. food                               4.28
>
> B. Elihu Inselbuch, meal expenses in Washington, D.C.,   July 8, 2005 ($109.98):
>
> Dinner, July 7 (one person)       $ 87.50
> Breakfast, July 8 (one person).     22.48
>
> C. Nathan D. Finch, hotel charges, Drake Hotel (New York), September 22, 2005 ($35.38; divided among 16 bankruptcy cases): room charge, $499; taxes $70.24.
>
> D. Ronald E. Reinsel, hotel charges, Drake Hotel (New York), September 22, 2005 ($42.18; divided among 16 bankruptcy cases):  room charge, $589.00; taxes, $85.78
>
> E. William B. Slocombe, hotel charges, Radisson Hotel (New York), September 22, 2005 (divided among 16 bankruptcy cases):  room charge, $299.00; taxes, $43.49.

We appreciate the response. For meal charges, we recommend ceilings of $15 per person for breakfast, $25 per person for lunch and $50 per person for dinner. For lodging in New York, we recommend a ceiling of $350 per person per day. Thus for the Lockwood dinner, we recommend a reduction of $53.46. For the Inselbuch dinner we recommend a reduction of $37.50 and a reduction of $7.48 for the breakfast. For the Finch hotel charge we recommend a reduction of $9.31 (1/16 of the $149.00 overage). For the Reinsel hotel charge we recommend a reduction of $14.94 (1/16 of the $239.00 overage). We thus recommend a total reduction of $122.69 for the expenses cited above.

       7.      We noted the following conference meal charges which require additional

information.

| | | | |
|---|---|---|---|
| 1858390 | Conference Meals-Lunch during CMT Mtg conference on 9/21/05 | 09/29/2005 | $26.57 |
| 1858407 | Conference Meals-Breakfast during Cmt Mtgt Conference 9/21/05 (split w/16 cases) | 09/29/2005 | $7.29 |

We asked Caplin for more information regarding these expenses. Caplin responded as follows:

> Breakfast, Committee Meeting, September 23, 2005 ($7.28 divided among 16 bankruptcy cases) 16 people attending)

> Lunch, Committee Meeting, September 22, 2005 (26.57; divided among 16 bankruptcy cases) (23 people attending)

We appreciate the response and offer no objection to these expenses.

## CONCLUSION

8.    Thus we recommend approval of fees totaling $247,035.75 ($250,373.25 minus $3,337.50) and costs totaling $15,488.72 ($16,691.85 minus $1,203.13) for Caplin's services from July 1, 2005, through September 30, 2005.

**FEE AUDITOR'S INITIAL REPORT** - Page 7
wrg FR Caplin 18int 7-9.05.wpd

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
   Warren H. Smith
   Texas State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 1275
Dallas, Texas 75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 9th day of March, 2006.

_____
Warren H. Smith

# SERVICE LIST
## Notice Parties

**The Applicant**

Elihu Inselbuck
Peter Van N. Lockwood
CAPLIN & DRYSDALE, CHARTERED
399 Park Avenue
New York, NY 10022

**The Debtors**

David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**

James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**

Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**

Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph,Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**

Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE  19801

**Official Committee of Equity Holders**

Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**

Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801