## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | § | **Chapter 11** |
| | § | |
| **W.R. GRACE & CO., et al.,** | § | **Jointly Administered** |
| | § | **Case No. 01-01139 (JKF)** |
| Debtors. | § | |
| | § | |

### FEE AUDITOR'S FINAL REPORT REGARDING
### FEE APPLICATION OF KIRKLAND & ELLIS
### FOR THE EIGHTEENTH INTERIM PERIOD

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the <u>Fee Application of Kirkland & Ellis for the Eighteenth Interim Period</u>.

### BACKGROUND

1.      Kirkland & Ellis was retained as counsel to the Debtors.  In the Application, Kirkland & Ellis seeks approval of fees totaling $4,663,156.50 and costs totaling $379,003.22 for its services from July 1, 2005, through September 30, 2005.

2.      In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued January 30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the

United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals.  We served on K&E an initial report based on our review, and received a response from K&E, portions of which response are quoted herein.

## DISCUSSION

3.      In our initial report, we noted 19 conferences or meetings attended by multiple professionals.  (See Exhibit A.)  We asked K&E to examine the exhibit and in each instance to explain the need for each professional's presence and the particular area of expertise each brought to the meeting.  K&E's response is provided as Response Exhibit 1.  We appreciate the response and offer no objection to these fees.

4.      We noted that throughout the application period, various K&E professionals spent a total of 1,043.10 hours and $155,916.50 on seemingly clerical tasks. (See Exhibit B.)   At the August 29, 2005, hearing *In re: USG Corporation*, the Court effectively ruled that it would support a recommendation of a maximum of $60.00 an hour for clerical activities, unless the applicant could clearly demonstrate that the activities cited were not clerical.   We asked K&E to examine Exhibit B and to show how these tasks were not of a clerical nature.  K&E's response is offered as Response Exhibit 2.  We appreciate the response and concur that, in light of the extraordinary circumstances extent throughout the period of this application, many of the cited tasks were not of a clerical nature and are therefore compensable at full rates.  However, we suggest that those tasks which appear to involve basic collection, organization and maintenance of files are not adequately explained to be non-clerical, and should thus be billed at no more than $60.00 per hour.  We have separated those cited entries and grouped them as Exhibit B-1, which is provided in this report immediately

following Exhibit B. The total time for those entries cited in Exhibit B-1 is 66.60 hours and the total billings are $9,195.00. Had these tasks been billed at the more appropriate rate of $60.00 per hour, the total billings would have been $3,996.00. We thus recommend a reduction of $5,199.00 ($9,195.00 minus $3,996.00) in fees.

5.      We noted an entry on July 14, 2005, describing JG's travel to Cape Cod. The total time spent was 15.10 hours[1] for a fee of $2,718.00. The entry is provided below.

| 07/14/05 | JG | 15.10 | ......... and travel to Cape Cod for delivery of same to Judge Fitzgerald. |

In accordance with the Local Rules, time spent traveling during which no work is performed is to be billed at 50%. We asked K&E to separate the relevant travel time and to explain why that time should not be billed at 50% the normal billing rate. K&E's response is provided below.

> The Initial Report identifies one instance where Jacob Goldfinger, a K&E legal assistant, did not separate work time from travel time. Based upon a review of Mr. Goldfinger's notes, the travel portion of this entry was apparently inadvertently billed at 100%. Pursuant to Local Rules, the portion of this entry (9.8 hours) that relates to travel should have been billed at 50%, and, therefore, K&E agrees with a reduction of $1,764.00 (9.8 hours x $180.00).

We appreciate the response and thus recommend a reduction of $1,764.00 in fees.

6.      We noted two airfares that may be excessive. The entries are provided below.

| 8/25/2005 | 1,258.91 | Brian Stansbury, Airfare, Houston, TX, 08/25/05 to 08/27, (Meeting) |
| 8/29/2005 | 1,208.06 | Airfare, David Bernick, Airfare, Philadelphia, PA, 08/29/05 to 08/29/05, (Court Hearing) |

We asked K&E to provide documentation that both fares were booked at coach or economy class. K&E's response is provided as Response Exhibit 3. We appreciate the response and thus

---

[1] Please note that this time entry was lumped and the reviewer could not determine how much time was spent traveling, thus the entire entry was cited.

recommend a reduction of $200.39 in expenses.

7.    We noted six overtime transportation charges that appear excessive without further explanation.  The entries are provided below.

| 8/26/2005 | 92.00 | Overtime Transportation, M. Najjarpour |
| 8/15/2005 | 182.41 | RED TOP CAB COMPANY - Overtime Transportation 08/03/05 T. Stansbury |
| 8/31/2005 | 161.20 | RED TOP CAB COMPANY - Overtime Transportation 08/26/05 T. Stansbury |
| 8/31/2005 | 155.62 | RED TOP CAB COMPANY - Overtime Transportation 08/31/05 T. Stansbury |
| 8/31/2005 | 91.70 | RED TOP CAB COMPANY - Overtime Transportation  08/16/05 S. Fouladgar |
| 8/31/2005 | 122.65 | RED TOP CAB COMPANY - Overtime Transportation 08/25/05 B. Harding |

For each entry, we asked the firm to explain why the overtime could not have been anticipated and why less expensive transportation was not available.  K&e's response is provided as Response Exhibit 4.  We appreciate the response and thus recommend a reduction of $214.35 in expenses.

## CONCLUSION

8.    Thus we recommend approval of fees totaling $4,655,239.50 ($4,663,156.50 minus $7,917.00) and costs totaling $378,588.48 ($379,003.22 minus $414.74) for K&E's services from July 1, 2005, through September 30, 2005.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By:_____
          Warren H. Smith
          Texas State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 1275
Dallas, Texas 75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**


**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 9th day of March, 2006.


_____
          Warren H. Smith

## SERVICE LIST
Notice Parties

**The Applicant**

Janet S. Baer
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

**The Debtors**

David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**

James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**

Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**

Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph,Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**

Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE  19801

**Official Committee of Equity Holders**

Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**

Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801

Exhibit A

1. On July 6, 2005, four (4) firm members (three partners and one associate) attended a conference. The total time spent including any preparation time was 5.70 hours for a total fee of $2,787.50. Please explain why this conference required the attendance of four (4) firm members?

| | | | |
|---|---|---|---|
| 07/06/05 | JF | 12.40 | Conference with M. Browdy, R. Finke and expert re objection review process (1.3); pre-office conferences with M. Browdy (.4);..................... |
| 07/06/05 | JSB | 5.10 | ...........; further conference with M. Browdy and R. Finke re same (.5);..................... |
| 07/06/05 | MD | 4.90 | Conference with expert witness and follow up conference (1.7);............. |
| 07/06/05 | MHB | 11.70 | Conference with PD expert, preparation and follow up (1.8);................ |

2. On July 6, 2005, four (4) firm members (all partners) attended a conference. The total time spent including any preparation time was 5.30 hours for a total fee of $3,477.50. Please explain why this conference required the attendance of four (4) firm partners?

| | | | |
|---|---|---|---|
| 07/06/05 | JF | 12.40 | ...........; conference with client re Friday conference (1.0);......... |
| 07/06/05 | JSB | 5.10 | ........; conference with clients re status of all estimation related matters and upcoming conference with creditors re same (1.4);.................... |
| 07/06/05 | DMB | 3.50 | Prepare for and conduct telephone conference with client re status (1.7);..................... |
| 07/06/05 | MHB | 11.70 | ...........; conference with client re 7/8/05 meet and confer, preparation and follow up (1.2);.............. |

3. On July 7, 2005, three (3) firm members (two partners and one associate) attended a conference. The total time spent including any preparation time was 20.00 hours for a total fee of $10,277.50. Please explain why this conference required the attendance of three (3) firm members?

| | | | |
|---|---|---|---|
| 07/07/05 | JF | 12.50 | Prepare for conferences with committee and attention to reply pleadings re PI estimation. |

| | | | |
|---|---|---|---|
| 07/07/05 | JSB | 4.60 | ............; assemble materials in preparation for conference with all committees on CMO's and related issues (.5);............... |
| 07/07/05 | SFB | 10.50 | Prepare for PI and PD committee conferences on 7/8/05 (7.0);............ |

4.  On July 8, 2005, six (6) firm members (five partners and one associate) attended a conference in D.C.  The total time spent including any preparation and non-working travel time was 48.90 hours[2] for a total fee of $28,809.50.  Please explain why this conference required the attendance of six (6) firm members?

| | | | |
|---|---|---|---|
| 07/08/05 | JF | 5.50 | Conferences with committees (3.0);............... |
| 07/08/05 | JSB | 7.00 | Prepare for conferences with committees on CMO's (1.0); conferences with committees re CMO's, estimation and related issues (4.5);................. |
| 07/08/05 | SFB | 8.20 | Prepare for committee conference (2.0); attend PI and PD committee conferences (4.5);............ |
| 07/08/05 | DMB | 8.50 | Prepare for and attend meet and confer meetings re CMOs |
| 07/08/05 | MHB | 10.50 | Meet/confer with PD committees, preparation and follow up (6.6);................ |
| 07/08/05 | BMH | 13.20 | ............; conferences with PI team re same (4.0); attend negotiation session (1.0);.......... |
| 07/07/05 | JF | 2.00 | Travel to DC for CMO and plan conference (billed at one half time) |
| 07/07/05 | JSB | 2.50 | Travel to Washington for conferences on CMO's and plan issues (billed at one half time) |
| 07/07/05 | SFB | 2.30 | Travel from Chicago to Washington, D.C. for committee conferences (billed at one half time). |
| 07/08/05 | JF | 2.00 | Travel home from CNO and plan conferences (billed at one half time). |

---

[2] Time for this entry was located in two Project Categories - (i) Claim Analysis Objection & Resolution (Asbestos) and (ii) Travel Non-Working.

| 07/08/05 | JSB | 3.00 | Travel from Washington back to Chicago after conferences with committees (billed at one half time) |
| 07/08/05 | SFB | 2.00 | Return from D.C. to Chicago (billed at one half time). |

5. On July 19, 2005, twelve firm members attended a hearing.  (five partners, four associates, one legal assistant, one project assistant and one technology services)  The total time spent including any preparation and non-working travel time was 538.10 hours[3] for a total fee of $238,017.00.  Please explain why this hearing required the attendance of twelve (12) firm members?

| 07/13/05 | JF | 18.00 | Hearing preparation re CMOs and Questionnaire. |
| 07/14/05 | JF | 9.30 | .............; team conference re hearing preparation (.3);...........; general hearing preparation (7.0). |
| 07/14/05 | JSB | 2.90 | ...........; confer re preparation for estimation hearings (.5);........... |
| 07/14/05 | SFB | 8.50 | ...........; prepare for 7/19/05 hearing (2.0);.............. |
| 07/14/05 | JRS | 10.20 | Conference with legal team re preparation of materials for 7/19 hearing (.5); gather materials re same (2.5);.............. |
| 07/14/05 | ALJ | 11.50 | Draft, review and revise slides fr hearing (11.0);........... |
| 07/14/05 | DMB | 2.50 | Prepare for CMO hearing. |
| 07/14/05 | MHB | 12.20 | .............; conference with fact witness, preparation and follow up (7.4). |
| 07/14/05 | BMH | 5.80 | Review research, documents, claims and correspondence re preparation of exhibits and graphics for July 19 hearing (3.0);................. |
| 07/15/05 | JF | 11.00 | Prepare for omnibus hearing |
| 07/15/05 | JSB | 5.90 | Attend to issues in preparation for hearing on PD and PI's CMO (2.0); conference with D. Bernick and M. Browdy re same (1.0); further conference with M. Browdy re same (.5); review materials and graphics for CMO hearing (1.0);........... |

---

[3] Time for this entry was located in three Project Categories - (i) Claim Analysis Objection & Resolution (Asbestos), (ii) Travel Non-Working and (iii) Hearings..

| 07/15/05 | SFB | 9.00 | Research and prepare slides for use at 7/19/05 hearing (4.2);............. |
| 07/15/05 | JRS | 7.00 | Prepare materials for 7/19/05 hearing (2.0);............. |
| 07/15/05 | ALJ | 12.80 | ...........; draft, review and revise slides for hearing (9.2); conference with B. Harding, J. Friedland, B. Stansbury, S. Bianca, A. Basta and J. Briscoe re July 19 hearing tasks (.8). |
| 07/15/05 | BTS | 1.80 | Conference with A. Basta, J. Friedland, B. Harding, A. Johnson, S. Bianca and J. Briscoe re preparation for 7/19/05 hearing (.8);.................. |
| 07/15/05 | MMort | 8.90 | Prepare materials for July 19 omnibus hearing (5.2); conference with J. Friedland re same (.2); conference with team re finalizing responsibilities for omnibus hearing (1.0);................. |
| 07/15/05 | DMB | 5.50 | Prepare for and conduct team meeting re all estimation issues. |
| 07/15/05 | MHB | 8.60 | .............; team conference re slides for 7/19 hearing and follow up (1.4). |
| 07/15/05 | BMH | 14.20 | Review new claims information and draft outlines re use of information at hearing (3.7); conference with A. Johnson re same (.3); conference with A. Johnson and J. Hughes re same (1.5); revise graphics re same (1.5); prepare for conferences with D. Bernick re hearing preparation (.2); conference with D. Bernick, M. Browdy, J. Baer and J. Friedland re same (1.0);............; draft outline of PI presentation and correspondence with D. Bernick re same (1.8); review graphics binder re preparation of presentation (1.2); revise PI presentation hearing (1.0). |
| 07/16/05 | JF | 6.50 | Hearing preparation. |
| 07/16/05 | JSB | 12.00 | ............; revise and prepare additional timelines, issues charts and other graphics on the PD estimation matter (7.5). |
| 07/16/05 | SFB | 2.00 | Prepare for hearing and various conferences re same. |
| 07/16/05 | BMH | 4.70 | Review and edit draft slide presentation (1.3); draft new slides (2.3); review document and studies (.7); correspondence with |

|          |       |       | Grace PI team and S. Michaels re hearing preparation (.4). |
|----------|-------|-------|-----------------------------------------------------------|
| 07/17/05 | JF    | 12.00 | Hearing preparation. |
| 07/17/05 | JSB   | 13.00 | Revise, supplement and prepare materials fr CMO hearing on PD claims (10.0); revise S&R motion and objection (3.0). |
| 07/17/05 | SFB   | 8.10  | Research and prepare chart re estimation in other mass tort cases (4.7); conferences with J. Friedland and A. Basta re same (.3); conference with D. Bernick and Grace team re 7/19/05 hearing issues (1.7); review and revise slides for hearing (1.4). |
| 07/17/05 | JRS   | 11.50 | Provide attorney support for 7/19/2005 hearing re estimation of claim. |
| 07/17/05 | ALJ   | 9.60  | .............; correspondence with B. Harding re slides (.5); conference with D. Bernick, B. Harding, J. Friedland, S. Bianca, B. Stansbury, A. Basta and J. Briscoe re hearing (1.8); draft, review and revise slides for hearing (5.3). |
| 07/17/05 | BTS   | 12.30 | Conference with D. Bernick, S. Bianca, J. Friedland, A. Johnson, B. Harding and A. Basta re upcoming hearing (1.7); revise PFT and B-reader slides (1.8); prepare for hearing on approval of CMO and Questionnaire (2.5); draft timeline of silica proceeding and revise pursuant to B. Harding's instructions (2.5); conference with J. Friedland, T. Fitzsimmons, A. Basta, B. Harding, A. Johnson and S. Bianca (.8); further revise PFT and B-reader slides (1.5); draft slide related to Judge Jack's identification of issues relevant to Grace estimation (1.5). |
| 07/17/05 | MMort | 3.40  | Create inventory of materials for July 19 omnibus hearing (.6); research re Hughes deposition (1.5); research re B&W Roadmap Defenses Role and Causation (1.3). |
| 07/17/05 | DMB   | 6.00  | Prepare for CMO hearing. |
| 07/17/05 | MHB   | 9.70  | Work on slides for 7/19 hearing (8.3); edit motion re Speights objection (.8); team conference re 7/19 hearing preparation (.6). |
| 07/17/05 | BMH   | 6.80  | ...........; draft and edit graphics for hearing (4.6); |

correspondence with Grace PI team and S. Michaels re preparation for hearing (.7); conference with D. Bernick and PI team re revision of presentation (.5).

| 07/18/05 | JF | 20.00 | Hearing preparation |

| 07/18/05 | JSB | 14.00 | Preparation for estimation CMO hearing |

07/18/05    SFB    14.00    Research and draft various memoranda in preparation for 7/19/05 hearing (10.0); draft and revise hearing slides re PI estimation issues (2.5); conference with J. Friedland, B. Stansbury and A. Johnson re hearing preparation (.4); review estimation pleading in other chapter 11 cases (1.1).

07/18/05    JRS    23.00    Provide attorney support for 7/19/2005 hearing re estimation of claims.

07/18/05    ALJ    17.70    Hearing preparation, including finalizing slides with S. Michaels and numerous research projects.

07/18/05    BTS    13.10    Draft slides related to Ducatman study (1.5); revise previous slides (1.5);............; continue providing support to D. Bernick and B. Harding to prepare for hearing (2.5); revise PFT slides (1.0);............; revise slides related to specific evidence or exposure to a toxic substance for purposes of determining reliability of causation testimony (2.5);...............

07/18/05    MMort 17.80    Provide support re July 19 omnibus hearing

07/18/05    DMB    12.00    Prepare for CMO hearing

07/18/05    MHB    16.80    Continue work on slides and preparation for 7/19 hearing

07/18/05    BMH    18.00    Prepare documents, exhibits and graphics for hearing and conferences with D. Bernick and PI team re same.

07/19/05    JF    10.00    Prepare for and participate in hearing.

07/19/05    JSB    10.50    Preparation for and attend hearings on estimation case management orders

07/19/05    SFB    3.00    Hearing preparation

| 07/19/05 | JRS | 5.50 | Provide attorney support for 7/19/2005 hearing re estimation of claims |
| 07/19/05 | ALJ | 2.50 | Hearing preparation including finalizing slides and other demonstratives with S. Michaels |
| 07/19/05 | BTS | 5.20 | Draft memoranda related to need for specific causation evidence (2.5); revise slides and revise memoranda to be provided to D. Bernick in preparation for hearing (1.5); provide B. Harding with support in preparing for hearing (1.2). |
| 07/19/05 | MMort | 18.80 | Provide support re July 19 omnibus hearing. |
| 07/19/05 | DMB | 8.00 | Prepare for and attend CMO hearing |
| 07/19/05 | MHB | 7.80 | Hearing, preparation and follow up. |
| 07/19/05 | BMH | 16.50 | Continue review of documents (3.0); prepare exhibits and documents re hearing (6.0); conferences with D. Bernick, PI team and clients re hearing and strategy (2.5); participate in bankruptcy hearing and conferences and correspondence re hearing results (5.0). |
| 07/19/05 | LS | 2.70 | Attend July 19 omnibus hearing re PD issues via telephone |
| 07/19/05 | SFB | 7.50 | Attend 7/19/05 omnibus hearing. |
| 07/19/05 | JRS | 2.50 | Attend portions of hearing re estimation of claims. |
| 07/19/05 | ALJ | 8.00 | Attend hearing on PD, CMO, PI CMO and PI Questionnaire |
| 07/19/05 | WET | 11.10 | Attend July 19 hearing and assist attorneys during same. |
| 07/17/05 | JRS | 3.00 | Travel to hearing in Pittsburgh (billed at one half time) |
| 07/17/05 | ALJ | 2.00 | Travel from Chicago to Pittsburgh for omnibus hearing (billed at one half time) |
| 07/17/05 | WET | 2.00 | Travel to Pittsburgh. PA from Chicago, IL (billed at one half time) |
| 07/17/05 | MMort | 2.00 | Travel to Pittsburgh for omnibus hearing (billed at one half |

|          |       |      | time)                                                                                      |
|----------|-------|------|--------------------------------------------------------------------------------------------|
| 07/18/05 | JF    | 1.50 | Travel to hearing (billed at one half time)                                                |
| 07/18/05 | JSB   | 2.00 | Travel to Pittsburgh for hearing on CMO's (billed at one half time).                       |
| 07/18/05 | SFB   | 2.00 | Travel from Chicago to Pittsburgh for 7/19/05 hearing (billed at one half time).           |
| 07/18/05 | BTS   | 1.00 | Travel to hearing in Pittsburgh (billed at one half time)                                  |
| 07/19/05 | JF    | 1.50 | Travel back from hearing (billed at one half time)                                         |
| 07/19/05 | JSB   | 2.20 | Travel from Pittsburgh back to Chicago after case management hearings (billed at one half time) |
| 07/19/05 | SFB   | 2.00 | Return to Chicago from hearing in Pittsburgh (billed at one half time)                      |
| 07/19/05 | JRS   | 2.20 | Travel from Pittsburgh to Chicago (billed at one half time).                               |
| 07/19/05 | ALJ   | 2.50 | Travel from Pittsburgh to Chicago following hearing (billed at one half time)              |
| 07/19/05 | WET   | 1.70 | Travel to Chicago, IL, from Pittsburgh, PA (billed at one half time).                       |
| 07/19/05 | BTS   | 1.00 | Return from hearing in Pittsburgh (billed at one half time)                                |
| 07/19/05 | MMort | 1.80 | Travel home from omnibus hearing (billed at one half time)                                 |
| 07/19/05 | DMB   | 2.00 | Travel to DC for CMO hearing (billed at one half time)                                     |

6. On July 25, 2005, six (6) firm members (two partners, three associates and one legal assistant) attended a conference. The total time spent including any preparation time was 26.50 hours for a total fee of $9,220.50. Please explain why this meeting required the attendance of six (6) firm members?

| 07/22/05 | BMH | 5.20 | .............; draft correspondence to B. Stansbury re preparation of summaries in preparation for conference with experts (.7);............... |
|----------|-----|------|--------------------------------------------------------------------------------------------------------------------------------------------|

| 07/24/05 | BMH | 2.20 | ...........; prepare for conference with experts (.7). |
|---|---|---|---|
| 07/25/05 | JF | 13.20 | ...............; conference with PD objection team (1.0);............... |
| 07/25/05 | MD | 4.40 | ...........; participate in conference with M. Browdy (1.0);........... |
| 07/25/05 | SB | 2.00 | Conference with PD estimation team re objection, CMO and upcoming tasks. |
| 07/25/05 | BTS | 10.30 | Prepare for conference (1.0); conference with J. Hughes and B. Harding re expert testimony (4.1); conference with J. Hughes, B. Harding and expert re expert testimony (3.0);........... |
| 07/25/05 | TJF | 7.50 | K&E conference with J. Hughes and expert re expert witness matters and follow up re same |
| 07/25/05 | BMH | 8.70 | Conference with experts, J. Hughes and B. Stansbury (2.5); conference with T. Klapper, J. Hughes and expert (3.0);.......... |

7.  On August 1, 2005, four (4) firm members (two partners and two associates) attended a conference.  The total time spent including any preparation time was 4.90 hours for a total fee of $2,239.00.  Please explain why this conference required the attendance of four (4) firm members?

| 8/1/2005 | Jonathan Friedland | 9.80 | Conference with potential witnesses re product identification issues (1.2);.............. |
|---|---|---|---|
| 8/1/2005 | Salvatore F Bianca | 9.60 | Conference with potential witnesses re product identification issues (1.2);............. |
| 8/1/2005 | Michael Dierkes | 4.20 | Conference with potential witnesses (1.5);............... |
| 8/1/2005 | Elli Leibenstein | 1.50 | Prepare for conference with consulting expert re property damages claim and analyze same (1.0);............. |

8.  On August 2, 2005, five (5) firm members (two partners and three associates) attended a conference.  The total time spent including any preparation time was 12.30 hours for a total fee of $5,028.00.  Please explain why this conference required the attendance of five (5) firm members?

| 8/2/2005 | Jonathan Friedland | 13.50 | .................; conferences with potential mediators, PI Committee counsel and K&E DC litigators (2.5). |
|---|---|---|---|

| | | | |
|---|---|---|---|
| 8/2/2005 | Andrea L Johnson | 11.80 | .............; conference with J. Friedland, S. Bianca and BMC re witness process and audit process (3.0). |
| 8/2/2005 | Amanda C Basta | 5.50 | ................; participate in introductory conferences with mediation candidates (1.5);........... |
| 8/2/2005 | Brian T Stansbury | 8.50 | ................; conference with D. Graham, J. Liesemer, J. Friedland, B. Harding, A. Basta and the five potential mediators (2.3); prepare for mediator conferences (1.0);................ |
| 8/2/2005 | Barbara M Harding | 14.00 | .................; conferences with potential experts and draft correspondence re follow-up issues re same (.5); conferences with A. Basta and B. Stansbury, J. Friedland, J. Leisemer and proposed mediators (1.5);............... |

9.  On August 29, 2005, nine (9) firm members attended a hearing.  (five partners and  four associates.  The total time spent including any preparation and non-working travel time was 144.30 hours[4] for a total fee of $74,940.00.  Please explain why this hearing required the attendance of nine (9) firm members?

| | | | |
|---|---|---|---|
| 8/7/2005 | Michelle H Browdy | 7.50 | ..............; continue work on slides for 8/29 hearing (.8);............ |
| 8/10/2005 | Michelle H Browdy | 5.40 | ...............; continue  to  prepare for 8/29 hearing (1.1);.......... |
| 8/15/2005 | Michelle H Browdy | 10.80 | ...............; edit slides for 8/29 hearing (1.1);........... |
| 8/16/2005 | Michelle H Browdy | 8.90 | .............; continue work on slides for 8/29 hearing (1.6);........... |
| 8/22/2005 | Barbara M Harding | 11.80 | .............; conference with J. Hughes re PI CMO and Questionnaire and preparation for hearing (1.0);............; draft outline re preparation for omnibus hearing (2.0); review hearing transcript re relevant issues (1.5). |
| 8/23/2005 | Jonathan Friedland | 4.50 | ................; conference with D. Bernick, J. Baer, M. |

[4] Time for this entry was located in three Project Categories - (i) Claim Analysis Objection & Resolution (Asbestos), (ii) Travel Non-Working and (iii) Hearings..

|            |                       |       | Browdy and B. Harding re Monday hearing (1.2). |
|------------|-----------------------|-------|------------------------------------------------|
| 8/23/2005  | Janet S Baer          | 2.40  | Confer with D. Bernick, M. Browdy and B. Harding re case status and issues to be adjudicated at August hearing (1.2); confer with M. Browdy re S&R matters for 8/29 hearing and status on PD objections (.4); confer with B. Harding re insurance issues (.3); attend to issues re PD CMO and 8/29 hearing re same (.5). |
| 8/23/2005  | Michelle H Browdy     | 8.60  | Team conference, preparation and follow up (1.1); continue to prepare for 8/29 hearings (1.1);............ |
| 8/23/2005  | Barbara M Harding     | 16.50 | ...........; K&E team conference with D. Bernick re preparation for omnibus hearing (1.2);........ |
| 8/24/2005  | Janet S Baer          | 3.10  | Coordinate conference re 8/29 hearing (.3);..................; attend to issues re preparation for hearing on PD CMO and S&R matters (.5);............. |
| 8/24/2005  | Samuel Blatnick       | 9.50  | Conference with PD estimation team re 8/29 hearing and 15th omnibus objection (1.5);........... |
| 8/24/2005  | David M Bernick, P.C. | 1.80  | Prepare for hearing. |
| 8/24/2005  | Barbara M Harding     | 5.70  | ..............; draft correspondence re preparation of materials for filing for omnibus hearing (.2); review documents re same (2.0). |
| 8/25/2005  | Janet S Baer          | 6.90  | ...........; review numerous materials for 8/29 hearing on claim issues (.6);......... |
| 8/25/2005  | David M Bernick, P.C. | 2.00  | Prepare for hearing. |
| 8/26/2005  | Jonathan Friedland    | 5.40  | ...........; conference with D. Bernick and team re hearing preparation (.8);........... |
| 8/26/2005  | Janet S Baer          | 5.80  | ................; prepare slides re PD CMO issues, dates and rulings (1.5);................; confer with client and various attorneys re preparation for 8/29 hearing on all matters (1.3);............; attend to issues re PD and PI estimation in preparation for 8/29 hearing (.5); further review/revise 15th omnibus objection (1.0). |

| 8/26/2005 | Amanda C Basta | 6.00 | .................; prepare for omnibus hearing (1.0) |
|---|---|---|---|
| 8/26/2005 | David M Bernick, P.C. | 2.50 | Conference with team and prepare for hearing. |
| 8/26/2005 | Barbara M Harding | 17.50 | ...............; prepare outline re hearing preparation (2.5). |
| 8/27/2005 | Salvatore F Bianca | 5.30 | Review slides prepared for hearing re PI Questionnaire and CMO (.8); conference with A. Basta re same (.6);............. |
| 8/27/2005 | Amanda C Basta | 8.50 | Draft contents for graphics for hearing (2.5);.................; edit graphics for hearing (4.5). |
| 8/27/2005 | Barbara M Harding | 7.80 | Preparation for PI estimation status hearing including exhibits and demonstratives re same. |
| .8/28/2005 | Amanda C Basta | 10.00 | Revise graphics in preparation for hearing. |
| 8/28/2005 | Michelle H Browdy | 2.70 | Preparation for 8/29 hearing. |
| 8/28/2005 | Barbara M Harding | 8.50 | Prepare exhibits and outlines for arguments re PI CMO, PI Questionnaire and mediator issues (4.0); correspondence with D. Bernick re same and Federal Mogul (.5);..............; prepare oral presentation re PI CMO and questionnaire (1.0). |
| 8/29/2005 | Amanda C Basta | 7.00 | Finalize graphics for hearing (3.5); prepare for same (3.5). |
| 8/29/2005 | Michelle H Browdy | 5.60 | Preparation for 8/29 hearing (4.1);........... |
| 8/29/2005 | Barbara M Harding | 8.70 | Prepare for hearing (6.2); conferences with D. Bernick, M. Browdy, A. Basta, J. Baer and M. Schulman re preparation for hearing (2.0);............. |
| 8/26/2005 | Janet S Baer | 1.00 | Review materials in preparation for 8/29 hearing and further organize same. |
| 8/29/2005 | Jonathan Friedland | 4.50 | Attend hearing (telephonically). |
| 8/29/2005 | Janet S Baer | 9.00 | Review materials in preparation for August omnibus hearing (2.0); attend August omnibus hearing (6.5); |

confer with clients re same (.5).

| 8/29/2005 | Lori Sinanyan | 0.40 | Telephonically attend part of omnibus hearing. |
| 8/29/2005 | Michael Dierkes | 2.30 | Participate in protion of omnibus hearing by telephone. |
| 8/29/2005 | Samuel Blatnick | 2.50 | Participate in portion of omnibus hearing via telephone. |
| 8/29/2005 | Amanda C Basta | 6.50 | Attend hearing. |
| 8/29/2005 | David M Bernick, P.C. | 9.00 | Prepare for and attend hearing. |
| 8/29/2005 | Michelle H Browdy | 6.50 | Attend August omnibus hearing. |
| 8/29/2005 | Barbara M Harding | 6.50 | Attend omnibus hearing. |
| 8/28/2005 | Janet S Baer | 2.50 | Travel to Delaware for August omnibus hearing (billed at half time). |
| 8/29/2005 | Janet S Baer | 2.50 | Travel from Wilmington back to Chicago after August omnibus hearing (billed at half time). |
| 8/29/2005 | Amanda C Basta | 2.70 | Travel to Delaware(billed at one half time). |

10.  On August 4, 2005, five (5) firm members (three partners and two associates) attended a conference.  The total time spent including any preparation time was 6.70 hours for a total fee of $4,334.00.  Please explain why this conference required the attendance of five (5) firm members?

| 8/4/2005 | Janet S Baer | 4.50 | .................;  confer with  clients and New Jersey counsel re strategy re New Jersey case (1.4);............. |
| 8/4/2005 | Lori Sinanyan | 1.40 | .............; conference with client, D. Bernick, J. Baer and S. Engel re NJ matters (.7);........... |
| 8/4/2005 | Steven A Engel | 7.00 | .................; conference with D. Bernick, J. Baer, L. Sinanyan and client re NJ matters (.7). |
| 8/4/2005 | David M Bernick, P.C. | 2.50 | Work on New Jersey matter and conference with client re same. |

| 8/4/2005 | Barbara M Harding | 1.60 | Conference with client and K&E team re NJ matter (1.4);............ |

11.  On September 26, 2005, seven (7) firm members (five partners and two associates) attended a hearing.  The total time spent including any preparation and non-working travel time was 103.80 hours[5] for a total fee of $58,309.00.  Please explain why this hearing required the attendance of seven (7) firm members?

| 9/7/2005 | Michelle H Browdy | 9.20 | .................; prepare for 9/26 hearing (1.1);............. |
| 9/19/2005 | Michelle H Browdy | 9.90 | ...............; preparation for 9/29 hearing (2.8);.......... |
| 9/21/2005 | Amanda C Basta | 5.20 | ..............; prepare for omnibus hearing (1.0);........ |
| 9/21/2005 | Barbara M Harding | 7.70 | ................; draft outline re hearing preparation (1.5); conference with PI team re same (1.0). |
| 9/22/2005 | Amanda C Basta | 5.90 | Develop graphics for omnibus hearing (2.0);..............; prepare for hearing (1.0);.................. |
| 9/22/2005 | Barbara M Harding | 7.60 | ...............; correspondence with D. Bernick re preparation for omnibus hearing (.4);.............. |
| 9/23/2005 | Janet S Baer | 6.60 | ............; conference with M. Browdy re review of Speights materials and preparation for hearing on all Speights and PD matter (1.0);........... |
| 9/23/2005 | Michelle H Browdy | 7.70 | .................; preparation for 9/26 hearing and conferences re same (3.4). |
| 9/23/2005 | Barbara M Harding | 7.80 | Review transcripts, document and pleadings re preparation for omnibus hearing (5.2); correspond with A. Basta, D. Mendelson, S. Bianca, M. Utgoff and B. Stansbury re same (.3); conference with J. Hughes re hearing agenda and claims issues (1.0);................ |
| 9/24/2005 | Amanda C Basta | 4.50 | ...........; prepare for omnibus hearing (1.5);............. |
| 9/25/2005 | Amanda C Basta | 9.00 | Prepare for hearing (8.0); draft correspondence to B. |

---

[5] The time for this entry was located in three (3) Project Categories - (i) Claims Analysis Objection & Resolution (Asbestos), (ii) Hearings and (iii) Travel Non-Working.

|            |                       |      | Harding re same (1.0). |
|------------|-----------------------|------|------------------------|
| 9/25/2005  | Michelle H Browdy     | 5.20 | Preparation for 9/26 hearings on PD claims, including Speights claims. |
| 9/26/2005  | Amanda C Basta        | 7.00 | Prepare for omnibus hearing. |
| 9/26/2005  | Barbara M Harding     | 8.60 | ...............; conference with A. Basta re preparation for hearing (.2); conference with A. Basta re preparation for hearing (1.4); draft outline re hearing argument (2.1); conference with D. Bernick re argument (.2); draft new slides (1.2);............ |
| 9/19/2005  | Janet S Baer          | 1.30 | ....................; confer with clients and D. Bernick re status of all matters and upcoming omnibus hearing (1.0). |
| 9/23/2005  | Janet S Baer          | 1.30 | Review materials in preparation of September hearing (.5); confer with legal assistants re same (.3); organize necessary materials for September omnibus hearing (.5). |
| 9/25/2005  | Janet S Baer          | 1.00 | Review pleadings in preparation for September omnibus hearing. |
| 9/26/2005  | Jonathan Friedland    | 2.60 | Attend omnibus hearing. |
| 9/26/2005  | Janet S Baer          | 5.00 | Prepare for and attend September omnibus hearing (4.5);............... |
| 9/26/2005  | Lori Sinanyan         | 0.30 | Telephonically participate in part of omnibus hearing. |
| 9/26/2005  | David M Bernick, P.C. | 8.00 | Prepare for and attend hearing. |
| 9/26/2005  | Michelle H Browdy     | 7.40 | Hearing in Delaware, preparation and follow up. |
| 9/26/2005  | Barbara M Harding     | 2.50 | Attend hearing re PI estimation issues. |
| 9/25/2005  | Janet S Baer          | 2.20 | Travel to Delaware for September omnibus hearing (billed at half time). |
| 9/26/2005  | Janet S Baer          | 2.00 | Travel from Wilmington back to Chicago after September omnibus hearing (billed at half time). |

| 9/26/2005 | Amanda C Basta | 0.50 | Travel to omnibus hearing (billed at half time). |

12.  On September 19, 2005, six (6) firm members (three partners, two associates and one legal assistant) attended a conference.  The total time spent including any preparation and non-working travel time was 31.90 hours[6] for a total fee of $14,680.50.  Please explain why this conference required the attendance of six (6) firm members?

| 9/19/2005 | David E Mendelson | 6.00 | .............; prepare for initial conference with mediator, including items to be considered list (.5); conference with Libby team and B. Harding (.8); prepare and review new players list (.3); team conference with D. Bernick, B. Harding, Libby team and PD teams (1.3). |
| 9/19/2005 | Salvatore F Bianca | 3.50 | Conference with expert, Rust Consulting, B. Harding, D. Mendelson, B. Stansbury and A. Basta. |
| 9/19/2005 | Amanda C Basta | 11.00 | Conference with E. Leibenstein, J. Hughes, B. Harding, T. Fitzsimmons, S. Bianca and A. Brockman re estimation (3.5);............. |
| 9/19/2005 | Timothy J Fitzsimmons | 7.00 | Conference re questionnaire with potential expert, J. Hughes, B. Harding, E. Leibenstein and A. Basta (4.0);................... |
| 9/19/2005 | Elli Leibenstein | 7.50 | Prepare for conference re PI claims (1.0); conference with expert re PI claims (4.5); conference with expert, B. Harding, J. Hughes re PI claims (.5);.................... |
| 9/19/2005 | Barbara M Harding | 12.00 | ....................; conference with L. Urgenson, A. Klapper and T. Mace re expert preparation (1.7); prepare for conference with estimation experts (1.8); conference with estimation experts, J. Hughes, E. Leibenstein, A. Basta and T. Fitzsimmons (3.5);.......................... |
| 9/18/2005 | Elli Leibenstein | 1.50 | Travel for conference with expert (billed at half time). |
| 9/19/2005 | Elli Leibenstein | 2.00 | Travel from expert conference (billed at half time). |

---

[6] Time for this entry was located in two Project Categories - (i) Claims Analysis Objection & Resolution (Asbestos) and (ii) Travel Non-Working.

13.  On September 20, 2005, four (4) firm members (two partners and two associates) attended a conference.  The total time spent including any preparation and non-working travel time was 38.60 hours[7] for a total fee of $17,268.00.  Please explain why this conference required the attendance of four (4) firm members?

| | | | |
|---|---|---|---|
| 9/19/2005 | Samuel Blatnick | 2.20 | Research for and prepare materials for conference with Phase I expert. |
| 9/19/2005 | Brian T Stansbury | 6.70 | ...............; review expert deposition transcripts in anticipation of conference (3.8). |
| 9/19/2005 | Michelle H Browdy | 9.90 | .................; conference re asbestos issues and preparation (1.3);.................; preparation for 9/20 expert conference re PD issues (2.2);.......... |
| 9/19/2005 | Barbara M Harding | 12.00 | ...........; preparation for conference with medical expert (2.0). |
| 9/20/2005 | Samuel Blatnick | 6.10 | Conference with Phase I expert (5.0);.......... |
| 9/20/2005 | Brian T Stansbury | 9.30 | Conference with J. Hughes, B. Harding, T. Fitzsimmons and potential expert re potential expert testimony (3.0);...........; prepare for conference with potential expert (1.0);............. |
| 9/20/2005 | Michelle H Browdy | 8.20 | ...............; conference with expert re PD issues, preparation and follow up (7.4). |
| 9/20/2005 | Barbara M Harding | 11.70 | Review of transcript re preparation for meeting (1.2); review of notebook re expert background issues (.5);.................; conference with potential expert and J. Hughes and B. Stansbury re potential retention of estimation experts (3.0);................... |
| 9/20/2005 | Samuel Blatnick | 6.00 | Travel to D.C. for and return travel to Chicago from conference with Phase I expert (billed at half time). |

14.  On September 8, 2005, four (4) firm members (one partner and three associates) attended a

---

[7] Time for this entry was located in two Project Categories - (i) Claims Analysis Objection & Resolution (Asbestos) and (ii) Travel Non-Working.

conference. The total time spent including any preparation time was 4.30 hours for a total fee of $1,532.50. Please explain why this conference required the attendance of four (4) firm members?

| 9/8/2005 | Tyler D Mace | 9.10 | ................; conference with joint defense (1.0);........... |
|---|---|---|---|
| 9/8/2005 | Christopher C Chiou | 10.90 | Conference with joint defense team (1.0); preparation re same (.3);.............. |
| 9/8/2005 | Barak Cohen | 8.50 | Weekly joint defense conference (1.0);......... |
| 9/8/2005 | William B Jacobson | 10.40 | .............; conference with co-counsel (1.0);............ |

15. On September 15, 2005, seven (7) firm members (two partners and five associates) attended a conference. The total time spent including any preparation time was 14.10 hours for a total fee of $6,784.00. Please explain why this conference required the attendance of seven (7) firm members?

| 9/15/2005 | Tyler D Mace | 6.10 | ...............; confer with client re case management (.5); conference with client re strategy in New Jersey (1.0);............... |
|---|---|---|---|
| 9/15/2005 | Christopher C Chiou | 3.20 | Conference with joint defense team (1.1); preparation re same (1.3);......... |
| 9/15/2005 | Rosanna M Taormina | 2.00 | New Jersey Grace team conference (.9); weekly joint defense conference (1.1). |
| 9/15/2005 | Kenneth S Clark | 4.20 | Conference with L. Urgenson, B. Jacobsen, T. Mace, civil defense counsel and Grace re Hamilton plant (1.0);.............. |
| 9/15/2005 | Jason P Hernandez | 0.50 | Conference with joint defense counsel. |
| 9/15/2005 | William B Jacobson | 8.30 | .............; conference with Grace counsel (1.0);............ |
| 9/15/2005 | Laurence A Urgenson | 6.00 | ...............; prepare agenda and participate in conference relating to NJ federal case with M. Sheltnitz, D. Siegel, R. Senftleben, J. Hughes, A. Marchetta, M. Waller, W. Jacobson, T. Mace, B. Harding and K. Clark (3.9); conference with W. Sparks re status (.3); conference with M. Shelnitz, R. Senftleben and others re case status (.5); weekly joint defense conference (1.0). |

16.   On September 20 and 21, 2005, nine (9) firm members (three partners and six associates) attended a conference.  The total time spent including any preparation time was 142.80 hours for a total fee of $58,130.00.  Please explain why this conference required the attendance of nine (9) firm members?

| | | | |
|---|---|---|---|
| 9/17/2005 | William B Jacobson | 4.20 | Prepare agenda for 9/20-21 conference (1.1);............. |
| 9/19/2005 | Tyler D Mace | 10.10 | Prepare for joint defense conference (2.4); confer with W. Jacobson re case status and joint defense conference (1.0);................ |
| 9/19/2005 | Christopher C Chiou | 4.90 | Prepare for conference with joint defense team on September 20 (1.7);............ |
| 9/19/2005 | William B Jacobson | 9.10 | ................;  review  materials  in preparation for conferences with counsel (5.1). |
| 9/20/2005 | Tyler D Mace | 11.50 | Joint defense conference. |
| 9/20/2005 | Christopher C Chiou | 9.70 | Conference with joint defense team (9.1); prepare for same (.6). |
| 9/20/2005 | Rosanna M Taormina | 3.30 | Joint defense conference (3.0);............. |
| 9/20/2005 | Barak Cohen | 9.80 | Joint defense conferences (7.8);........... |
| 9/20/2005 | Kenneth S Clark | 8.30 | Confer with joint defense team re factual development (7.5);............. |
| 9/20/2005 | William B Jacobson | 10.30 | ................; confer with defense counsel re various issues (9.2). |
| 9/20/2005 | Antony B Klapper | 6.00 | Team strategy conference (5.0);............. |
| 9/20/2005 | Laurence A Urgenson | 8.80 | Joint defense conference (8.5);............. |
| 9/21/2005 | Tyler D Mace | 12.30 | Joint defense conference (10.5);.................. |
| 9/21/2005 | Christopher C Chiou | 9.30 | Conference with joint defense and K&E team re factual development, legal motions and trial strategy (7.8); prepare for same (1.5). |

| 9/21/2005 | Rosanna M Taormina | 9.50 | ..................; joint defense conference (1.5). |
|---|---|---|---|

| 9/21/2005 | Barak Cohen | 10.50 | Joint defense conference (4.0);.............. |
|---|---|---|---|

| 9/21/2005 | Kenneth S Clark | 9.80 | Conference with joint defense team. |
|---|---|---|---|

| 9/21/2005 | Rebecca A Koch | 9.70 | Conference with T. Mace, L. Urgenson, W. Jacobson, K. Clark and joint defense team re factual development and case management (6.9);.................. |
|---|---|---|---|

| 9/21/2005 | William B Jacobson | 13.50 | Conference with joint defense counsel re various issues. |
|---|---|---|---|

| 9/21/2005 | Antony B Klapper | 2.80 | Prepare for and present expert issues at co-defense counsel conference. |
|---|---|---|---|

| 9/21/2005 | Laurence A Urgenson | 12.80 | ..................; defense counsel conference in DC with counsel for all defendants (11.0);................. |
|---|---|---|---|

17. On September 22 and 23, 2005, four (4) firm members (three partners and one associate) met with witnesses. The total time spent including any preparation time was 39.30 hours for a total fee of $18,886.50. Please explain why these meetings required the attendance of four (4) firm members?

| 9/21/2005 | Tyler D Mace | 12.30 | .................; prepare for witness interview (1.8). |
|---|---|---|---|

| 9/21/2005 | Laurence A Urgenson | 12.80 | ...............; review case documents and work on witness interviews (1.5). |
|---|---|---|---|

| 9/22/2005 | Tyler D Mace | 9.30 | Conduct witness interview (8.8);........... |
|---|---|---|---|

| 9/22/2005 | William B Jacobson | 11.30 | .............; preparation for witness interview and interview (10.1). |
|---|---|---|---|

| 9/22/2005 | Antony B Klapper | 2.00 | ................; conferences with potential experts (.5). |
|---|---|---|---|

| 9/22/2005 | Laurence A Urgenson | 10.30 | .............; participate in interview of potential trial witness (2.0). |
|---|---|---|---|

| 9/23/2005 | Tyler D Mace | 7.60 | Conduct witness interview (6.3);............ |
|---|---|---|---|

| 9/23/2005 | William B Jacobson | 10.10 | ...............; preparation for and attendance at witness interview (6.0). |
|---|---|---|---|

| 9/23/2005 | Laurence A Urgenson | 3.00 | Participate in JDA interview of potential trial witness (2.3);............... |

18.  On September 26, 2005, five (5) firm members (two partners and three associates) attended a conference.  The total time spent including any preparation time was 22.30 hours for a total fee of $8,881.00.  Please explain why this conference required the attendance of five (5) firm members?

| 9/26/2005 | Tyler D Mace | 9.00 | .............; conference with Grace counsel and client re New Jersey matter (5.5);........... |
| 9/26/2005 | Rosanna M Taormina | 5.00 | Conference with L. Urgenson, W. Jacobson, T. Mace, K. Clark, client and local counsel re New Jersey expansion plant. |
| 9/26/2005 | Kenneth S Clark | 4.70 | Grace conference with New Jersey local counsel (3.5);............. |
| 9/26/2005 | William B Jacobson | 10.50 | ...............; conference with in-house counsel and Pitney Hardin counsel (5.0);........... |
| 9/26/2005 | Laurence A Urgenson | 3.80 | Conference with M. Shelnitz, D. Siegel, R. Senftleben, M. Waller, M. Morgan, J. Hughes, W. Jacobson, T. Mace, R. Taormina and K. Clark re case status and strategy (3.3);........... |

19.  On September 29, 2005, six (6) firm members (two partners and four associates) attended a conference.  The total time spent including any preparation time was 10.90 hours for a total fee of $3,698.00.  Please explain why this conference required the attendance of six (6) firm members?

| 9/29/2005 | Tyler D Mace | 7.00 | .............; joint defense conference (1.0);................ |
| 9/29/2005 | Rosanna M Taormina | 8.90 | ................; joint defense conference and follow-up (2.0). |
| 9/29/2005 | Kenneth S Clark | 6.40 | ................; conference with joint defense team (3.0). |
| 9/29/2005 | Rebecca A Koch | 7.40 | ................; prepare for conference with L. Urgenson, W. Jacobson, K. Clark and joint defense team re case management (.5); conference re same (2.0). |
| 9/29/2005 | William B Jacobson | 10.10 | ..................; conference with defense counsel re various issues (1.1). |

9/29/2005       Laurence A Urgenson 3.00      .............; weekly JDA conference, review documents
                                              relating to health plan controversy and confer with D.
                                              Kuchinski and W. Corcorran re same (1.3).

Exhibit B

| 07/01/05 | TDS | 4.00 | Prepare government exhibits for distribution to joint defense (3.0);............ |
|----------|-----|------|---------------------------------------------------------------------------------|
| 07/01/05 | MM | 8.00 | Prepare and assemble folders containing proof of claim materials |
| 07/02/05 | TJW | 3.50 | Attend to file disposition and organization of central files. |
| 07/05/05 | JRS | 4.50 | Organize claims review war room (2.5);............ |
| 07/05/05 | MM | 7.80 | Prepare and assemble folders containing proof of claim materials |
| 07/05/05 | TJW | 6.00 | ...............; retrieve PD production files and prepare same for attorney review (2.0);............; review newly filed pleadings and update central files re same (2.0). |
| 07/05/05 | LDeV | 2.20 | Retrieve and organize documents from docket (1.5); organize central files (.7). |
| 07/06/05 | JRS | 2.50 | Assemble pleadings for requesting attorneys (.8); organize claims review war room (1.5);.............. |
| 07/06/05 | MM | 7.50 | Prepare and assemble folders containing proof of claim materials. |
| 07/06/05 | TJW | 2.00 | Retrieve various pleadings and prepare same for attorney review. |
| 07/07/05 | MM | 8.00 | Prepare and assemble folders containing proof of claim materials. |
| 07/07/05 | TJW | 5.00 | Retrieve proofs of claim and distribute same for attorney review (.5);...............; review newly filed pleadings and update central files re same (1.0). |
| 07/08/05 | MM | 7.00 | Prepare and assemble folders containing proof of claim materials. |
| 07/08/05 | TJW | 2.00 | Review newly filed pleadings and update central files re same. |

| 07/11/05 | LDeV | 11.00 | .................; create hearing binder (1.6);............. |
| 07/12/05 | MM | 6.50 | Prepare and assemble folders containing proof of claim materials. |
| 07/12/05 | LDeV | 6.00 | ............; create hearing binder (4.2). |
| 07/13/05 | JG | 9.00 | Prepare binders of materials re PI and PD CMOs |
| 07/13/05 | LDeV | 4.20 | .................; update central files (1.1). |
| 07/19/05 | LDeV | 1.30 | Maintain central files (1.1);............... |
| 07/01/05 | MN | 4.00 | Create binders re personal injury CMO. |
| 07/01/05 | NS | 3.30 | Organize asbestos claims files. |
| 07/01/05 | KK | 7.00 | Review and organize claim forms re preparation for objections. |
| 07/04/05 | LDeV | 4.80 | Organize and review property damage asbestos claims. |
| 07/05/05 | LDeV | 5.00 | Review and organize property damage asbestos claims. |
| 07/05/05 | MMort | 7.00 | Retrieve and assemble documents re silica product liability litigation (4.0);.............. |
| 07/06/05 | AMB | 3.00 | ............; update case files with expert testimony received (2.0). |
| 07/06/05 | MMort | 6.70 | Create binder re products liability litigation (2.0);.................; create binder re asbestos filed claims related pleadings (2.0). |
| 07/07/05 | JRS | 2.20 | Assemble court pleadings for requesting attorney re asbestos claims (1.5); organize claims review war room re same (.7). |
| 07/08/05 | JRS | 5.70 | ...........; organize claims review war room (2.0). |
| 07/08/05 | MMort | 9.00 | Organize war room re asbestos claims. |
| 07/09/05 | JRS | 11.50 | Assemble pleadings and update binder re asbestos claims and upcoming estimation hearing (8.5); organize war room re same (3.0). |

| 07/10/05 | JRS | 11.50 | Assemble pleadings and update binder re asbestos claims and upcoming estimation hearing (8.0); organize war room re same (3.5). |
| 07/10/05 | MMort | 10.60 | Create binder re PI estimation CMO and Questionnaire (8.3);............... |
| 07/11/05 | JRS | 5.50 | .............; organize war room (1.5). |
| 07/12/05 | JRS | 13.60 | .................; organize claims war room (4.1);.............; assemble pleadings for requesting attorney (2.5). |
| 07/12/05 | MN | 5.50 | Update war room binder. |
| 07/12/05 | WGC | 3.80 | Assist in preparation of binders and other materials re estimation of claims. |
| 07/12/05 | MMort | 7.80 | ..........; create binder re Owens Corning pleadings (1.0);............ |
| 07/13/05 | WGC | 11.80 | Assist in preparation of binders and other materials re estimation of claims |
| 07/13/05 | MMort | 12.80 | .................; create and update binder re B&W pleadings (2.0). |
| 07/13/05 | WL | 11.70 | Update binders re PI CMO, business effects and PD CMO. |
| 07/14/05 | JRS | 10.20 | ..................; organize war room (2.7); update binders and assemble pleadings re estimation hearing (3.0). |
| 07/14/05 | WGC | 8.50 | Assist in preparation of binders and other materials re estimation of claims. |
| 07/14/05 | WL | 9.30 | Create and revise binders re business effects, PD CMO, motion to approve PI CMO and Questionnaire (6.2); organize documents re asbestos estimation (3.1). |
| 07/15/05 | WGC | 4.00 | Assist in preparation of binders and other materials re estimation of claims. |
| 07/16/05 | JRS | 8.50 | Organize supporting materials re estimation motion (7.5);............ |

| 07/17/05 | MN | 8.30 | Prepare necessary documents for objection. |
|---|---|---|---|
| 07/18/05 | MN | 13.50 | Prepare necessary documents for hearing per attorney request. |
| 07/20/05 | JRS | 1.00 | Assemble pleadings and exhibits used at 7/19/2005 hearing and send to requesting attorney. |
| 07/20/05 | MN | 1.20 | Organize and distribute copies of objection for review |
| 07/20/05 | MM | 3.50 | Organize binders sent from omnibus hearing site. |
| 07/20/05 | WL | 1.50 | Organize binders and documents re 7/19/05 hearing. |
| 07/22/05 | WGC | 3.00 | Organize briefs and cases prepared for hearing (2.0); prepare binders re same (1.0). |
| 07/22/05 | MMort | 2.60 | ............; organize Westlaw cases for requesting attorney (1.3). |
| 07/25/05 | WGC | 7.00 | Organize cases and briefs prepared for estimation matters (5.0); create indices and binders re same (2.0). |
| 07/26/05 | JRS | 1.80 | ..............; update correspondence file (.4). |
| 07/05/05 | AAH | 7.50 | Prepare trial exhibits and documents for shipping (5.0); organize pleadings documents and update trial binders per T. Stanbury (2.5). |
| 07/06/05 | AAH | 8.00 | .............; organize documents for review (4.5); manage vendor shipment per T. Stansbury (1.5). |
| 07/07/05 | TDS | 8.00 | ........; organize case files and document management (2.5); prepare production work files for review (1.5); prepare New Jersey materials per . Taormina (1.0). |
| 07/08/05 | TDS | 6.50 | Prepare work folders for review per T. Mace (1.0); prepare material for joint defense counsel (1.5);............. |
| 07/12/05 | TDS | 8.00 | Prepare materials for NJ counsel per T. Mace (1.0);...........; document management (1.0);........... |
| 07/14/05 | TDS | 8.00 | .................; document management (1.0). |
| 07/14/05 | MSU | 1.00 | Assist with preparation of articles index to be used in motion |

| 07/15/05 | SJM | 1.00 | Assist with preparation of articles index to be used in motion |
| 07/21/05 | TDS | 8.00 | ................; prepare work folder for client per T. Mace (.5);............. |
| 8/5/2005 | Lauren DeVault | 2.20 | Assemble hearing binder. |
| 8/8/2005 | Lauren DeVault | 1.90 | Update central files (.6); participate in correspondence project (1.3). |
| 8/9/2005 | Katherine K Phillips | 5.00 | Search, retrieve, and organize retention and OCP pleadings (1.5);.............. |
| 8/9/2005 | Lauren DeVault | 2.90 | ...........; update central files (.4). |
| 8/11/2005 | Katherine K Phillips | 1.50 | Search, retrieve, organize and distribute injunction pleadings (1.0);................ |
| 8/11/2005 | Lauren DeVault | 4.50 | ..........; update key documents (.3);.............. |
| 8/12/2005 | Lauren DeVault | 8.70 | ...............;  organize  correspondence records (.1); update central files (.6);........... |
| 8/15/2005 | Lauren DeVault | 6.40 | ................; update central files (1.2);................ |
| 8/16/2005 | Katherine K Phillips | 3.50 | ...................; search, retrieve, and organize Blackstone materials (.7); review and analyze documents, pleadings and correspondence re incorporation into central files (1.5). |
| 8/16/2005 | Lauren DeVault | 6.70 | Update central files (1.5);............. |
| 8/17/2005 | Katherine K Phillips | 2.00 | .....................; review and analyze documents and correspondence re incorporation into central files (1.5). |
| 8/17/2005 | Lauren DeVault | 3.30 | Update central files (.6); update war room binder inventory (.1); update correspondence database (2.6). |
| 8/18/2005 | Lauren DeVault | 3.20 | Update Correspondence file. |
| 8/22/2005 | Lauren DeVault | 6.00 | Review and update Statute of Limitation binders (5.7); update central files (.3). |

| 8/23/2005 | Lauren DeVault | 10.30 | Review and update Statute of Limitation binders (2.1); review pleadings and docket with respect to employment application of Kirkland and Ellis (.4); prepare binders for August 29th hearing (6.3); update correspondence database (1.5). |
| --- | --- | --- | --- |
| 8/24/2005 | Katherine K Phillips | 1.00 | Review and analyze pleadings, documents, and correspondence re incorporation into central files. |
| 8/24/2005 | William G Cross | 1.00 | Organize documents and hearing binders for central files. |
| 8/24/2005 | Lauren DeVault | 9.70 | Prepare binders for hearing (5.1); review Statute of Limitation binders (.5);................. |
| 8/25/2005 | Lauren DeVault | 10.70 | ...............; update central files (.3); update files with searchable hearing transcript (.4); prepare binders for August 29th hearing (9.9). |
| 8/26/2005 | Lauren DeVault | 1.90 | Prepare binders for August 29th hearing (1.4); organize orders and exhibits for August 29th hearing (.5). |
| 8/29/2005 | Lauren DeVault | 7.40 | .................; prepare information binder (.5); update Statute of Limitations Binder (3.4). |
| 8/30/2005 | Katherine K Phillips | 3.00 | Review and analyze pleadings re incorporation into central files (2.0);................. |
| 8/30/2005 | William G Cross | 1.00 | Organize binders and other key documents for central files. |
| 8/30/2005 | Lauren DeVault | 5.60 | Prepare information binder (1.0);............; update central files (1.5);.............. |
| 8/31/2005 | Katherine K Phillips | 4.50 | Search, retrieve, and distribute hearing orders (.5); search, retrieve, and organize omnibus objection pleadings (1.0); search, retrieve, and distribute previous and current case management orders (1.0); review and analyze underlying documents re incorporation into central files (2.0). |

| | | | |
|---|---|---|---|
| 8/31/2005 | William G Cross | 1.00 | Organize documents and hearing binders for central files. |
| 8/31/2005 | Lauren DeVault | 7.50 | Update central files (.9); prepare information binder (.9);............... |
| 8/2/2005 | Katherine K Phillips | 14.00 | ...............; search, retrieve, organize and distribute property damage pleadings (1.0). |
| 8/3/2005 | Katherine K Phillips | 8.50 | ................; search, retrieve, and organize personal injury pleadings (1.0). |
| 8/4/2005 | Katherine K Phillips | 11.50 | ................; search, retrieve, and organize property damage pleadings and transcripts (2.0). |
| 8/4/2005 | William G Cross | 3.80 | Assemble binders re cases cited in hearing binders and case management motion (1.0); create indexes re same (1.0); organize key documents for hearing and revise index re same (.8);................ |
| 8/5/2005 | Katherine K Phillips | 14.50 | ........................;    search, retrieve, and organize property damage pleadings and transcripts (1.5). |
| 8/10/2005 | Katherine K Phillips | 6.00 | Search, retrieve,  organize, and review property damage transcripts and pleadings (3.0); organize, review, and analyze property damage proofs of claim (3.0). |
| 8/11/2005 | Katherine K Phillips | 3.50 | Search, retrieve, and organize 2019 statements (.5); search, retrieve, and organize estimation pleadings (.5); organize, review and analyze property damage proofs of claim (2.5). |
| 8/15/2005 | Katherine K Phillips | 6.50 | Search,  retrieve,  and organize personal injury pleadings (1.0); search, retrieve, and organize Silica pleadings (1.5); review and update Statute of Limitations binders (4.0). |
| 8/15/2005 | Amber A Horn | 12.00 | Create case material organization for related cited cases and binder information for M. Utgoff. |
| 8/15/2005 | D Desmond McGroarty | 3.50 | Organize and label files for M. Utgoff. |

| 8/15/2005 | Velma J Worrells | 2.00 | Organize documents and create chronology binders re W. R. Grace & Co. per M. Utgoff request. |
| 8/16/2005 | Katherine K Phillips | 2.00 | Review and update statutes of limitations binders. |
| 8/16/2005 | D Desmond McGroarty | 6.50 | Organize and review files for M. Utgoff. |
| 8/17/2005 | Katherine K Phillips | 2.50 | Search, retrieve, and organize 2019 statements (.5); review and update Nullum Tempus binders (2.0). |
| 8/17/2005 | Mary Mortell | 9.50 | Update property damage claims re expert opinions (9.2); organize case material re 8/29/05 hearing (.3). |
| 8/17/2005 | Whitney Lappley | 2.70 | Update asbestos property damage claims re experts' comments. |
| 8/18/2005 | Katherine K Phillips | 6.50 | Review and update Statute of Limitations binders (4.5);.................. |
| 8/18/2005 | Margaret S Utgoff | 1.00 | Organize expert materials. |
| 8/18/2005 | Mary Mortell | 7.50 | Update property damage claims re expert opinions (6.8);.............. |
| 8/18/2005 | Whitney Lappley | 6.30 | Update asbestos property damage claims re experts' comments (6.0); organize case materials re 8/29/05 hearing (.3). |
| 8/19/2005 | Katherine K Phillips | 7.50 | Review and update Statute of Limitation, Statute of Repose, and Nullum Tempus binders (5.0); prepare Asbestos Related Materials binders (2.5). |
| 8/19/2005 | Whitney Lappley | 5.30 | .................; organize case materials re 8/29/05 hearing (.3). |
| 8/20/2005 | Whitney Lappley | 5.30 | Update asbestos property damage claims re experts' comments. |
| 8/22/2005 | Katherine K Phillips | 8.80 | Review and update Statute of Limitation, Statute of Repose, and Nullum Tempus binders. |
| 8/22/2005 | Margaret S Utgoff | 4.50 | Collect articles for T. Fitzsimmons (2.0); organize documents and add to DMS (2.5). |

| | | | |
|---|---|---|---|
| 8/22/2005 | Joshua C Pierce | 2.00 | Organize and label expert materials for M. Utgoff. |
| 8/22/2005 | Whitney Lappley | 6.70 | Update asbestos property damage claims re experts' comments (1.7);.................. |
| 8/23/2005 | Joshua C Pierce | 4.00 | Organize and review expert materials for M. Utgoff. |
| 8/23/2005 | Mary Mortell | 6.00 | .................; organize J. Friedland's binder library (3.5). |
| 8/23/2005 | D Desmond McGroarty | 0.80 | Review and organize files with M. Utgoff (.5);............ |
| 8/25/2005 | Katherine K Phillips | 10.00 | Prepare and revise property damage case management order hearing binder (7.0); review and update statute of limitations binders (3.0). |
| 8/27/2005 | Timothy B Pryzbylski | 1.00 | Prepare exhibit binders per A. Basta. |
| 8/29/2005 | Katherine K Phillips | 3.00 | Review and update Statute of Limitation, Statute of Repose, and Nullum Tempus binders (2.3);................. |
| 8/30/2005 | Katherine K Phillips | 1.00 | Review and update Statute of Limitations binders. |
| 8/30/2005 | Brian T Stansbury | 3.30 | Prepare expert binders (1.5);............. |
| 8/31/2005 | Margaret S Utgoff | 6.00 | Create binder of expert materials. |
| 8/31/2005 | Brian T Stansbury | 2.20 | Prepare expert binders (.5);............. |
| 8/31/2005 | Whitney Lappley | 6.50 | .................; prepare binders re asbestos property damage claim exhibits (2.5). |
| 8/1/2005 | Tyler D Mace | 7.60 | Prepare motions for filing and conference with W. Jacobson and staff re same. |
| 8/2/2005 | Terrell D Stansbury | 8.00 | Prepare Government exhibits and target summary documents for chronology. |
| 8/2/2005 | Amber A Horn | 7.50 | ..................; assist T. Salisbury with update of pleading material (1.0). |
| 8/3/2005 | Terrell D Stansbury | 10.00 | .................; update case files (1.0). |

| | | | |
|---|---|---|---|
| 8/4/2005 | Terrell D Stansbury | 6.00 | ..................; prepare exhibits for motion (5.0). |
| 8/5/2005 | Terrell D Stansbury | 4.00 | Update case files (2.0); prepare materials for joint defense (2.0). |
| 8/8/2005 | Terrell D Stansbury | 7.50 | ...................; prepare key documents for CaseMap (1.0); prepare exhibits for motion (6.0). |
| 8/9/2005 | Terrell D Stansbury | 8.00 | .................; prepare key documents for CaseMap (.5); prepare exhibits for motion (7.0). |
| 8/10/2005 | Terrell D Stansbury | 3.00 | .............; update case files (.8);............... |
| 8/11/2005 | Terrell D Stansbury | 6.80 | ..................; update case files (1.5);.............. |
| 8/16/2005 | Terrell D Stansbury | 7.50 | ..................; update case files (1.0);.............. |
| 8/16/2005 | Amber A Horn | 7.50 | Update pleading hard copies and correspondence (1.5);............. |
| 8/16/2005 | Michael A Coyne | 7.80 | Assist M. Utgoff with filing of periodicals (1.5);........... |
| 8/22/2005 | Margaret S Utgoff | 4.00 | ...................; collect articles for exhibit to motion (3.0); print articles for exhibits to motion (.5). |
| 8/24/2005 | Terrell D Stansbury | 7.50 | Update case files (1.0); prepare key documents for joint defense (2.5);.................. |
| 9/1/2005 | Katherine K Phillips | 7.50 | Assist with preparation and filing of thirteenth, fourteenth and fifteenth omnibus objections (6.0);................ |
| 9/1/2005 | Lauren DeVault | 9.20 | Update central files (1.4); prepare information binder (1.0); assist team in exhibit preparation (6.8). |
| 9/2/2005 | Katherine K Phillips | 5.00 | Review and analyze pleadings re incorporation into central files (2.0);............... |
| 9/2/2005 | Lauren DeVault | 4.10 | Update central files (1.1); prepare information binder (.5);........... |

| | | | |
|---|---|---|---|
| 9/6/2005 | Katherine K Phillips | 6.50 | ................; review and analyze pleadings re incorporation into central files (1.0). |
| 9/6/2005 | Lauren DeVault | 7.80 | ..............; pack and ship case materials to BMC (2.8). |
| 9/7/2005 | Lauren DeVault | 7.10 | Track boxes sent to BMC (.1); update central files (1.2); create and organize labels for mailing (1.3); prepare and send documents (2.0); organize and send case materials to BMC (2.5). |
| 9/8/2005 | Katherine K Phillips | 4.00 | Search, retrieve and organize various 2019 statements (2.0);.............; organize and coordinate transfer of property damage claims materials to BMC (1.0). |
| 9/8/2005 | Lauren DeVault | 8.00 | Prepare and send case materials to BMC (5.8); search and retrieve pleadings from docket for 2019 project (1.0); search and retrieve pleadings from docket (.6); prepare and send pleadings to team member (.6). |
| 9/8/2005 | Kristen Weber | 2.00 | Prepare and organize PD materials to be shipped to BMC. |
| 9/12/2005 | Lauren DeVault | 3.30 | Organize and file war room binders (.7); update central files (.5); organize and ship case materials to BMC (1.9);.............. |
| 9/12/2005 | Kristen Weber | 1.00 | Organize and sort pleadings for entry into central files (.5); prepare and organize boxes for shipment to BMC (.5). |
| 9/14/2005 | Katherine K Phillips | 7.50 | ....................; review and analyze pleadings and documents re incorporation into central files (1.5). |
| 9/15/2005 | Katherine K Phillips | 6.50 | Search, retrieve and organize case management pleadings (.5);..............; organize hearing materials (.5); search, retrieve and organize 2019 statements (1.0); review and update omnibus response binders (.5); review and analyze pleadings and underlying documents re incorporation into central files (1.5). |
| 9/16/2005 | Lauren DeVault | 4.70 | Search and retrieve pleadings from docket (2.7); update and organize central files (1.0);.............. |

| | | | |
|---|---|---|---|
| 9/20/2005 | Katherine K Phillips | 7.00 | ...............; search, retrieve and organize 2019 statements (1.5); review and analyze pleadings re incorporation into central files (1.8);............; search, retrieve and distribute financial documents (.5). |
| 9/20/2005 | Lauren DeVault | 7.00 | Organize and update central files (2.3); search and retrieve pleadings from docket (1.3);.........; locate and organize case materials (.3); fax pleading to attorney (.2); organize reproduction of case materials CDs (.9). |
| 9/21/2005 | Katherine K Phillips | 7.00 | Search, retrieve and distribute CD's of 2019 statements (1.5);...............; gather materials for hearing (2.0); review and analyze pleadings re incorporation into central files (1.0); search, retrieve and organize Armstrong precedent pleadings (1.5); distribute 13th omnibus objection and exhibits (.5). |
| 9/21/2005 | Lauren DeVault | 10.30 | Search and retrieve pleadings from docket (1.9); organize telephonic appearances for team members for 9/26 hearing (.1); organize reproduction of case materials CDs (1.1); prepare and send case materials to BMC (.2);.............; prepare hearing binder (1.7); organize and send case materials CDs to DC office (4.5). |
| 9/21/2005 | Kristen Weber | 3.50 | Search, retrieve and review pleadings from docket (1.5);..........; prepare binder for September 26, 2005 hearing (1.5). |
| 9/23/2005 | Katherine K Phillips | 6.00 | Gather and organize hearing materials (2.2);................; prepare omnibus response binders (1.8). |
| 9/23/2005 | Lauren DeVault | 10.00 | Prepare hearing binder (2.5); search and retrieve pleading from docket (2.0); prepare hearing preparation folders (4.5); organize case materials for 2019 project (1.0). |
| 9/23/2005 | Kristen Weber | 10.00 | Prepare hearing binder for September 26 hearing (1.0); search, retrieve and review docket pleading information (5.5); organize and prepare hearing folders for team member (3.5). |

| 9/26/2005 | Katherine K Phillips | 6.00 | ...................; search, retrieve and organize orders (.5); review and analyze pleadings re incorporation into central files (1.5);............ |
| 9/27/2005 | Katherine K Phillips | 6.70 | Search, retrieve and organize transcripts and omnibus objections (.7);.............; organize and prepare 14th and 15th omnibus binders (2.5); review and analyze pleadings re incorporation into central files (1.5). |
| 9/28/2005 | Katherine K Phillips | 3.70 | .............;    review    and    analyze pleadings re incorporation into central files (1.0). |
| 9/29/2005 | Katherine K Phillips | 4.50 | Search, retrieve and distribute contempt pleadings (1.5); review and organize 15th omnibus objection responses (2.0); prepare for and respond to claim inquiries (1.0). |
| 9/29/2005 | Lauren DeVault | 7.30 | .............; prepare 9/30 brief exhibits (4.9). |
| 9/29/2005 | Kristen Weber | 2.50 | ..............; retrieve, review and organize exhibits from docket re Thirteenth Omnibus (1.5). |
| 9/30/2005 | Katherine K Phillips | 8.00 | Search, retrieve, organize and revise exhibits to brief (4.0);..................; review and analyze pleadings re incorporation into central files (2.0); organize responses to 15th omnibus objection (1.5). |
| 9/30/2005 | Lauren DeVault | 3.70 | .................; prepare 9/30 brief exhibits (3.4). |
| 9/30/2005 | Kristen Weber | 3.00 | Prepare exhibits for brief (2.7);.......... |
| 8/23/2005 | Katherine K Phillips | 9.00 | Search, retrieve, organize and distribute key property damage materials (3.0); search, retrieve, organize and distribute 2019 statements (3.5); review and update Statute of Limitation, Statute of Repose and Nullum Tempus binders (2.5). |
| 9/1/2005 | Margaret S Utgoff | 8.00 | .................; create binder of expert materials and distribute (2.5); locate relevant transcripts of expert materials (2.5). |
| 9/1/2005 | Stephanie A Rein | 7.50 | Create binders of expert materials (3.5); collect and file pleadings and correspondence (1.0);.............; |

|            |                    |       | search for relevant transcripts (1.0). |
|------------|--------------------|-------|----------------------------------------|
| 9/2/2005   | Margaret S Utgoff  | 8.00  | Create binder of In re Silica materials and distribute (2.5); locate relevant hearing transcripts (5.5). |
| 9/2/2005   | Stephanie A Rein   | 9.50  | Collect and file pleadings and correspondence (2.0);............. |
| 9/6/2005   | Margaret S Utgoff  | 7.50  | Search for relevant hearing transcripts (4.0);......... |
| 9/6/2005   | Stephanie A Rein   | 11.50 | Review, file and organize deposition transcripts (8.5);................ |
| 9/7/2005   | Michael A Coyne    | 10.50 | ................; prepare documents for attorney review re same (1.0). |
| 9/7/2005   | Mary Mortell       | 2.00  | .............; organize case materials re binders to be sent to BMC group (1.5). |
| 9/7/2005   | Stephanie A Rein   | 9.00  | Review, file and organize deposition transcripts (1.0); create index of hearing transcripts (7.0);........... |
| 9/8/2005   | Margaret S Utgoff  | 6.70  | Locate relevant hearing transcripts (1.7); assist S. Rein in the creation of transcript index (5.0). |
| 9/8/2005   | Stephanie A Rein   | 9.50  | Review, file and organize deposition transcripts (2.0); create an index of hearing transcripts (6.0);...................... |
| 9/9/2005   | Margaret S Utgoff  | 4.00  | ...............; prepare exhibits for filing (1.0);............ |
| 9/9/2005   | Michael A Coyne    | 7.50  | ...............; prepare documents for attorney review re same (4.0);................; quality check documents for attorney review (.5). |
| 9/9/2005   | Stephanie A Rein   | 12.00 | Review, organize, file and create binders for expert testimony summaries (9.0);............ |
| 9/12/2005  | Michael A Coyne    | 8.50  | ...............; prepare documents for attorney review re same (.5); assist M. Utgoff with preparation of documents for attorney review (1.0). |

| 9/12/2005 | Stephanie A Rein | 9.00 | Create binders for expert testimonies (5.5); review, organize and file deposition transcripts (3.5). |
| 9/13/2005 | Michael A Coyne | 9.00 | .................; review transcript of proceedings and prepare document for attorney review re same (8.3). |
| 9/13/2005 | Stephanie A Rein | 5.50 | Review, organize and file deposition transcripts. |
| 9/14/2005 | Eric B Miller | 7.00 | Organize materials per Shirley Pope's files and distribute to offsite storage (6.0); index materials per Shirley Pope's files (1.0). |
| 9/14/2005 | Mary Mortell | 9.60 | Create binder re exhibit changes (5.1);......... |
| 9/14/2005 | Stephanie A Rein | 8.50 | ...............; review, organize and file papers in the war room (4.0). |
| 9/15/2005 | Eric B Miller | 6.00 | Organize materials per S. Pope's files and distribute to offsite storage. |
| 9/15/2005 | Stephanie A Rein | 6.50 | Review and organize PD materials in war room (5.0); create labels for PD documents in war room (1.5). |
| 9/16/2005 | Stephanie A Rein | 8.00 | Create labels for documents in war room (2.0); create binder for In re Silica materials (2.0); create binder for Sealed Air deposition transcripts (2.0); create player's list (2.0). |
| 9/18/2005 | Dawn D Marchant | 5.90 | .............; prepare materials for expert witnesses (5.8). |
| 9/19/2005 | Margaret S Utgoff | 5.50 | .............; prepare binder for conference with potential expert (3); prepare documents for D. Mendelson (.5);................... |
| 9/19/2005 | Stephanie A Rein | 9.00 | .................; create binder containing In re Silica materials (2.0); create labels for files (2.0); revise player's list (3.0); make additions to expert witness materials binder (1.0). |
| 9/20/2005 | Katherine K Phillips | 1.50 | Search, retrieve and organize ZAI pleadings. |
| 9/20/2005 | Colleen N Benjamin | 4.00 | Organize case files re Bankruptcy Rule 2019. |

| 9/20/2005 | Michael A Coyne | 5.50 | Assist M. Utgoff with preparing documents for attorney review (1.5); prepare documents for B. Stansbury (.2);............ |
| 9/20/2005 | Stephanie A Rein | 7.50 | ................; create binders for In Re Silica hearing transcripts (2.0); create binders for expert materials (1.0);.......... |
| 9/21/2005 | Michael A Coyne | 9.20 | Assist T. Pryzbylski with indexing and organizing 2019 statements from PACER dockets (5.0); prepare documents for attorney review re same (4.2). |
| 9/21/2005 | Stephanie A Rein | 9.00 | Review, file, organize transcripts (4.0);.......... |
| 9/22/2005 | Margaret S Utgoff | 12.00 | ....................; prepare binder of hearing preparation materials and send to B. Harding (6.0). |
| 9/26/2005 | Stephanie A Rein | 8.50 | ...............; enter data into index of hearing transcripts (2.0); organize PD materials in war room (1.0); review, organize and file materials in war room (5.0). |
| 9/27/2005 | Margaret S Utgoff | 6.50 | .............; gather expert materials for B. Harding (3.5);.............. |
| 9/27/2005 | Brian T Stansbury | 3.80 | .................; prepare expert binders (.6). |
| 9/27/2005 | Lauren DeVault | 7.60 | .................; organize property damage production files (.4). |
| 9/28/2005 | Lauren DeVault | 7.10 | ..........; organize proof of claim forms (1.8); search........... |
| 9/28/2005 | Stephanie A Rein | 11.50 | ................; create binder of bar date materials for B. Harding (4.0); make additions to expert materials binder for D. Mendelson (4.0);........... |
| 9/29/2005 | Eric B Miller | 3.00 | Prepare materials offsite from S. Pope (2.0); create index of materials within central files (1.0). |
| 9/29/2005 | Katherine K Phillips | 6.50 | Search, retrieve, prepare and organize exhibits to debtors' brief (5.5);.................. |
| 9/29/2005 | Timothy B Pryzbylski | 5.50 | Assist with warroom reorganization (.5);.................. |

| | | | |
|---|---|---|---|
| 9/29/2005 | Stephanie A Rein | 8.50 | ..................; transfer contents of war room into boxes (3.0); create index of all materials in war room (3.5); make labels for files in war room (1.0). |
| 9/30/2005 | Margaret S Utgoff | 5.00 | Organize research material (3.0);............ |
| 9/30/2005 | Michael A Coyne | 5.00 | ...................; review transcripts of proceedings and prepare documents from attorney review (4.5). |
| 9/30/2005 | Joshua C Pierce | 2.30 | Assemble binder with asbestos articles and expert materials. |
| 9/30/2005 | Stephanie A Rein | 8.00 | Create index for war room materials (1.0); review, organize and file materials in war room (2.0); transfer materials into new boxes (1.0); make additions to war room materials index (4.0). |
| 9/2/2005 | Terrell D Stansbury | 7.50 | .........; update case files (.5);.......... |
| 9/6/2005 | Terrell D Stansbury | 7.00 | Update case files (1.5);.................; prepare key materials for joint defense (.7); prepare document requests from joint defense (1.0); prepare key documents for chronology (2.0). |
| 9/6/2005 | Tyler D Mace | 7.90 | Preparation of replies for filing (5.2);......... |
| 9/7/2005 | Terrell D Stansbury | 8.00 | ..............; update case files (.6);...........; prepare material provided by civil counsel for attorney review (.3). |
| 9/8/2005 | Terrell D Stansbury | 7.50 | Search and prepare files re witness interviews (3.0); update case files (1.0);..........; prepare key documents re chronology (2.0); prepare logistics with Stratify re outstanding issues with database (.8). |
| 9/9/2005 | Terrell D Stansbury | 7.50 | ..............; update case files (1.0); prepare Whitehouse files per T. Mace (.5); prepare New Jersey documents per W. Jacobson (.5);................ |
| 9/9/2005 | Amber A Horn | 6.00 | Update pleadings binders (1.5); update case map documents per T. Stansbury (4.5). |
| 9/12/2005 | Amber A Horn | 8.00 | Reorganize case map existing documents per T. |

|            |                     |      | Stansbury.                                                                                                                                                                                                |
|------------|---------------------|------|-----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| 9/13/2005  | Terrell D Stansbury | 7.50 | .................; update case files (1.0);..............                                                                                                                                                 |
| 9/13/2005  | Amber A Horn        | 6.50 | Input government transcripts into case map per T. Stansbury.                                                                                                                                               |
| 9/15/2005  | Terrell D Stansbury | 6.50 | ..............; update case files (.3);.................; prepare witness files (3.0).                                                                                                                     |
| 9/16/2005  | Terrell D Stansbury | 7.00 | Search and prepare files for witness interviews (3.0); update case and NJDEQ files (.8);...........                                                                                                        |
| 9/19/2005  | Terrell D Stansbury | 8.00 | Prepare materials for joint defense conference (1.0);..............; search and prepare files for witness interviews (3.0);...........; update case files re government supplemental productions (.5).      |
| 9/20/2005  | Terrell D Stansbury | 7.80 | .................; search and prepare files for witness interviews (3.0); update case files (.5); prepare case materials (.3);..............                                                                |
| 9/21/2005  | Terrell D Stansbury | 6.50 | .................; update case files (.5);........                                                                                                                                                         |
| 9/23/2005  | Terrell D Stansbury | 7.50 | ..............; prepare depositions and trial transcripts for witness interviews (5.0);............; update correspondence files (.3)                                                                      |
| 9/23/2005  | Amber A Horn        | 7.00 | ..............; update pleadings binders (1.0)                                                                                                                                                             |
| 9/27/2005  | Terrell D Stansbury | 7.50 | .............; prepare exhibits for brief (.4); update case files (2.0);.................; prepare materials for potential experts per A. Klapper (.8); prepare additional witness files (2.0).             |
| 9/28/2005  | Terrell D Stansbury | 7.50 | .............;  prepare  first  round witness files (.6);..............                                                                                                                                    |
| 9/30/2005  | Terrell D Stansbury | 4.00 | ..............; update case files (.4); prepare witness files (1.3);.............                                                                                                                          |

Exhibit B-1

| 07/02/05 | TJW | 3.50 | Attend to file disposition and organization of central files. |
|---|---|---|---|
| 07/05/05 | LDeV | 2.20 | Retrieve and organize documents from docket (1.5); organize central files (.7). |
| 07/05/05 | TJW | 6.00 | ............; review newly filed pleadings and update central files re same (2.0). |
| 07/05/05 | LDeV | 2.20 | Retrieve and organize documents from docket (1.5); organize central files (.7). |
| 07/07/05 | TJW | 5.00 | ...........; review newly filed pleadings and update central files re same (1.0). |
| 07/08/05 | TJW | 2.00 | Review newly filed pleadings and update central files re same. |
| 07/13/05 | LDeV | 4.20 | .................; update central files (1.1). |
| 07/19/05 | LDeV | 1.30 | Maintain central files (1.1);............ |
| 07/14/05 | TDS | 8.00 | .................; document management (1.0). |
| 8/8/2005 | Lauren DeVault | 1.90 | Update central files (.6)... |
| 8/9/2005 | Lauren DeVault | 2.90 | ............; update central files (.4). |
| 8/12/2005 | Lauren DeVault | 8.70 | .............; update central files (.6);........... |
| 8/15/2005 | Lauren DeVault | 6.40 | .................; update central files (1.2);............... |
| 8/16/2005 | Lauren DeVault | 6.70 | Update central files (1.5);............ |
| 8/17/2005 | Lauren DeVault | 3.30 | Update central files (.6); ... |
| 8/18/2005 | Lauren DeVault | 3.20 | Update Correspondence file. |
| 8/22/2005 | Lauren DeVault | 6.00 | ...; update central files (.3). |
| 8/25/2005 | Lauren DeVault | 10.70 | ..............; update central files (.3); |
| 8/30/2005 | Lauren DeVault | 5.60 | ...; update central files (1.5);............. |
| 8/31/2005 | Lauren DeVault | 7.50 | Update central files (.9);... |
| 8/3/2005 | Terrell D Stansbury | 10.00 | .................; update case files (1.0). |
| 8/5/2005 | Terrell D Stansbury | 4.00 | Update case files (2.0);... |
| 8/10/2005 | Terrell D Stansbury | 3.00 | .............; update case files (.8);............... |
| 8/11/2005 | Terrell D Stansbury | 6.80 | ..................; update case files (1.5);............. |
| 8/16/2005 | Terrell D Stansbury | 7.50 | ..................; update case files (1.0);............. |
| 8/24/2005 | Terrell D Stansbury | 7.50 | Update case files (1.0);... |
| 9/1/2005 | Lauren DeVault | 9.20 | Update central files (1.4);... |
| 9/2/2005 | Lauren DeVault | 4.10 | Update central files (1.1);... |
| 9/16/2005 | Lauren DeVault | 4.70 | ...update and organize central files (1.0);............. |
| 9/20/2005 | Lauren DeVault | 7.00 | Organize and update central files (2.3);... |
| 9/2/2005 | Stephanie A Rein | 9.50 | Collect and file pleadings and correspondence (2.0);............ |
| 9/6/2005 | Stephanie A Rein | 11.50 | Review, file and organize deposition transcripts (8.5);........ |
| 9/7/2005 | Stephanie A Rein | 9.00 | Review, file and organize deposition transcripts |

|  |  |  | (1.0);... |
|---|---|---|---|
| 9/13/2005 | Stephanie A Rein | 5.50 | Review, organize and file deposition transcripts. |
| 9/21/2005 | Stephanie A Rein | 9.00 | Review, file, organize transcripts (4.0);........... |
| 9/2/2005 | Terrell D Stansbury | 7.50 | .........; update case files (.5);........... |
| 9/6/2005 | Terrell D Stansbury | 7.00 | Update case files (1.5);.................; |
| 9/7/2005 | Terrell D Stansbury | 8.00 | ..............; update case files (.6);... |
| 9/8/2005 | Terrell D Stansbury | 7.50 | ... update case files (1.0);..........; |
| 9/9/2005 | Terrell D Stansbury | 7.50 | ..............; update case files (1.0);... |
| 9/13/2005 | Terrell D Stansbury | 7.50 | ................; update case files (1.0);.............. |
| 9/15/2005 | Terrell D Stansbury | 6.50 | ..............; update case files (.3);... |
| 9/21/2005 | Terrell D Stansbury | 6.50 | ................; update case files (.5);........ |
| 9/30/2005 | Terrell D Stansbury | 4.00 | ..............; update case files (.4);... |

Response Exhibit 1

Attendance at Conferences and Hearings (¶ 3)

The Initial Report requests greater explanation concerning multiple professionals' attendance at, and preparation for, sixteen conferences and three hearings. The following explains the topic(s) of the conference or hearing and the need for each professional's presence due to the particular area of expertise each brought to the conference or hearing. As has been explained before, it is not the routine practice for K & E to have multiple attorneys at conferences and hearings. When multiple professionals were present, it was because K&E made the conscious decision that it was more advantageous to have multiple professionals participate in each conference, rather than relying on information to "flow down" after the conference had concluded. This is especially key in this case where there are multiple proceedings pending in multiple forums and they are all ultimately connected to this chapter 11 case. In fact, it is key that, for example, members of the Criminal team meet regularly with and coordinate experts with the PI team, as many of the matters addressed in the indictment will relate directly to the allowance and viability of certain PI claims. Likewise, the Chapter 11 Plan will be impacted by every pending piece of litigation, in no matter what forum.

July 6, 2005 Conference I (Interim Report, Exhibit A, Item 1)

Baer/Dierkes/Friedland/Browdy

This was a telephone conference among K&E attorneys and an expert witness held for the purpose of addressing specific product identification issues for PD estimation. My limited presence at the conference was required due to my role as the restructuring partner in charge of the overall day-to-day management of these chapter 11 cases, including PD issues in particular. As this was one of the initial discussions with these experts, Michelle Browdy's presence was required as the lead litigation partner overseeing the PD process. The participation of Jonathan Friedland was required as he needed to understand how the experts' information tied to the evidence being reviewed as part of the PD claims review process and in developing the objection database. Litigation associate Michael Dierkes was tasked with working with these particular PD experts on their expert reports.

July 6, 2005 Conference II (Interim Report, Exhibit A, Item 2)

Bernick/Browdy/Friedland/Baer

This was a telephone status conference with the PD Team and David Bernick followed by a conference with the client on PD issues. As the lead partner in the case, Mr. Bernick calls such conferences from time to time with the key partners in charge of matters to provide feedback and get detailed input on status. This particular conference was especially necessary as it was in preparation for a report that was then given to the client. I participated as restructuring partner in charge of overall day-to-day management of these chapter 11 cases, Ms. Browdy participated as PD team

leader and Jonathan Friedland participated in his role as restructuring partner in charge of overseeing the PD claims review and analysis and developing the PD claims objection database.

July 7, 2005 Conference (Interim Report, Exhibit A, Item 3)

Baer/Bianca/Friedland

Though item 3 of the Interim Report refers to the questioned time entries on July 7, 2005 as a conference, the applicable time entries actually describe individual attorney time spent preparing for PD and PI committee meetings which were to take place on July 8, 2005 in Washington DC.  The committee meetings were to discuss the PI CMO, PD CMO, estimation in general, the PI Questionnaire and the status of the Debtors chapter 11 plan.

July 8, 2005 Conference (Interim Report, Exhibit A, Item 4)

Bianca/Friedland/Baer/Bernick/Harding/Browdy

As outlined above, the Debtors, at the Court's direction, conducted a meet and confer in Washington DC with all of the official committees as well as representatives of the Debtors' insurers.  The conference was attended by approximately 30 professionals in addition to the Debtors' professionals.  Four client representatives were also present.  The purpose of the meetings is outlined above.  David Bernick was the host of the meeting and charged by the Court with conducting this meeting.  Given the numerous topics to be discussed, participation by the partners in charge of restructuring (Baer), PD (Browdy) and PI (Harding) was necessary.  In addition, since the PD CMO, PD claims, the PI CMO and the PI Questionnaire were discussed, Jon Friedland and Sal Bianca's presence was required.  Again, Mr. Friedland was running the PD claims review process and was the restructuring partner assisting on PI.  Mr. Bianca both was assisting in the claims review process and had drafted portions of the PI Questionnaire.  Thus, participation from both at the meeting was necessary.

July 19, 2005 Hearing (Interim Report, Exhibit A, Item 5)

Friedland/Baer/Bianca/Strohl/Johnson/Bernick/Harding/Stansbury/Mortell/Browdy/ Sinanyan/Thomas

Numerous complex matters were before the Court at the July 19 omnibus hearing, including approval of the PI Questionnaire, the PI CMO, the PD claims estimation process and the PD CMO. Extension of exclusivity was also on the agenda for the hearing. There were also several non-estimation related matters pending.  Preparation for the hearing was extensive and included legal research, preparation of power point presentations on numerous topics and review of factual information. I was in charge of preparing non-estimation motions and addressing certain PD bankruptcy related issues.  I conducted the hearing and addressed the non-estimation related matters.

Mr. Bernick attended the hearing to address exclusivity matters and the overall chapter 11 process. As many key aspects of the PD and PI process were addressed, Ms. Harding, Ms. Browdy and Mr. Friedland's attendance was necessary and they all addressed specific motions on the agenda. Mr. Bianca, as discussed above, was intimately involved in the PD claims process, and the PI CMO/Questionnaire matters. He spent time prior to the hearing researching and preparing a chart (used at the hearing) regarding estimation in other mass tort cases. In addition, Mr. Bianca researched and drafted memoranda, and prepared slides for hearing use regarding the PI Questionnaire, the PI CMO, objections and competing proposals regarding the same.

Andrea Johnson (restructuring) and Brian Stansbury (litigation) were the junior associates charged with preparing all hearing presentation slides relating to PI issues and research memos regarding hearing issues. Those legal memoranda and slides were adjusted and updated up to the moment of the hearing, thus necessitating their presence at the hearing.

Due to the vital importance of the hearing, the numerous topics that were discussed, and the complicated power point presentations that were prepared for the hearing, we also required the presence of support staff at the hearing. Jamie Strohl was the main restructuring legal assistant on the case and Mary Mortell was the key project assistant. Their participation was required to handle the voluminous documents that were prepared for the hearing and provide other similar support. Will Thomas is a K & E technical support specialist. In the past, K & E has experienced certain technical difficulties and challenges when working from Pittsburgh, especially with respect to accessing network documents and producing power point presentations. Mr. Thomas' presence was key to preparing final presentations for the Court and getting those presentations to function in the Courtroom.

Finally, restructuring associate Lori Sinanyan was the associate who initially prepared all of the pleading on non- estimation issues that were addressed at the hearing. Key among those, was a motion with respect to an injunction involving the State of Montana. Ms. Sinanyan attended only relevant portions of the hearing via telephone.


July 25, 2005 Conference (Exhibit A, Item 6)

Harding/Friedland/Dierkes/Blatnick/Stansbury/Fitzsimmons

This time relates to the preparation for and attendance at two different conferences. The first conference, which involved Barbara Harding, Brian Stansbury and Tim Fitzsimmons was a meeting with the client and certain experts on PI Issues. Ms. Harding, as the team leader, was necessary to lead the discussions and Mr. Stansbury is the associate charged with working with the experts on the matters they are addressing in the PI estimation. Mr. Fitzsimmons is a legal assistant who is working with Mr. Stansbury and the client regarding these experts and his presence was necessary as he is most familiar with the documents at issue.

The second conference was a PD team meeting to discuss the PD claims review process and PD claims objections. Mr. Friedland, as the PD team restructuring partner in charge of this process, led the conference. At this conference, each member of the team brought the other members up to date as to particular PD claims and estimation matters for which such member was responsible. As noted above, Mr. Blatnick and Mr. Dierkes were the junior litigation associates on the PD estimation teams. Specifically, Mr. Blatnick was tasked with claims review and analysis, legal research relating to the PD claims, and drafting pleadings and briefs regarding the same, including a substantial portion of the 15th omnibus objection. Mr. Dierkes was primarily responsible for PD *Daubert* issues.

August 1, 2005 Conference (Exhibit A, Item 7)

Friedland/Dierkes/Liebenstein/Bianca

This was a conference with K&E attorneys and potential witnesses (former Grace employees with specialized knowledge) who came to Chicago to review documents regarding PD product identification issues. Mr. Friedland and Mr. Bianca, participated as, respectively, the primary restructuring partner and the primary restructuring associate, responsible for identifying which PD claims raised product identification issues. In particular, Mr. Bianca's familiarity with Grace's PD claims made his presence required. Elli Liebenstein's participation was necessary because he was the litigation partner developing the estimation modeling on claims for which these experts were providing factual support. Mr. Dierkes was tasked with the primary responsibility for obtaining the input of these witnesses regarding certain product identification objections to be included in the 15th omnibus objection to claims and for *Daubert* related issues on PD estimation phase I.

August 2, 2005 Conference (Exhibit A, Item 8)

Friedland/Basta/Johnson/Stansbury/Harding

This was a telephone conference among K&E attorneys working on PI matters to discuss selection of a PI mediator for discovery issues, especially regarding the PI Questionnaire. This conference was prompted by the Court's designation of several mediator candidates for the parties to chose from. Ms. Harding was required to participate as leader of the PI team. Mr. Friedland's participation was necessary as the restructuring partner on the PI team. Associates Amanda Basta, Andrea Johnson, and Brian Stansbury were the associates responsible for PI discovery and the questionnaires. Ms. Basta also prepared a detailed informational packet about the mediators that was discussed at the conference.

August 29, 2005 Hearing (Exhibit A, Item 9)

Browdy/Harding/Friedland/Baer/Blatnick/Bernick/Basta/Bianca/Sinanyan/Dierkes

The August omnibus hearing was somewhat a continuance of the July omnibus hearing. The focus was primarily on the PI and PD CMO's which were in fact signed at that hearing.  A motion with respect to the Debtors 13th Omnibus Objection to claims, by which the Debtors objected to the 2,938 claims filed by the Speights & Runyan firm for lack of authority and issues related to discovery on those claims was also addressed at this hearing.  Likewise, exclusivity was also addressed again. Preparation for this key hearing, similar to the July hearing, was again extensive as the situation with respect to the PI and PD CMO's and the PI Questionnaires had developed in the last month.  In addition, substantial preparation regarding the Speights claims was necessary. Actual attendees at the hearing were David Bernick, Janet Baer, Michelle Browdy, Barbara Harding and Amanda Basta.  All but Ms. Basta addressed the Court on significant issues within in their realm of responsibility.  Ms. Basta attended the hearing to provide support to Ms. Harding and Mr. Bernick regarding arguments as to PI estimation and approval of the PI Questionnaire and PI CMO.  She researched and prepared graphics relating to these matters for use at the hearing.

Messrs. Friedland, Blatnick, Dierkes and Ms. Sinanyan attended portions of the hearing by telephone only.  Their participation was necessary as they were the attorneys tasked with claim review and analysis, legal research relating to the PD claims, and drafting pleadings and briefs regarding the same, including the Speights related objections.  As such, it was necessary for each of them to keep abreast of arguments and rulings relating thereto. Ms. Sinanyan was once again responsible for preparation of the non-estimation related motions addressed at the hearing and her attendance was necessary for the portion of the hearing where those matters were addressed, in order to keep her informed of the disposition and need for follow up on those matters.

August 4, 2005 Conference (Exhibit A, Item 10)

Baer/Sinanyan/Engel/Bernick/Harding

This was a conference conducted by David Bernick to discuss status and strategy related to the civil case filed by the State of New Jersey against the Debtors seeking hundreds of millions of dollars in penalties and a related criminal investigation by the U.S. Government.  I was the restructuring partner responsible for coordinating the preparation of a motion to enjoin the civil action and related pleadings to remove and transfer venue of the action. Mr. Engel was the litigation partner in charge of this matter.  Ms Sinanyan was the primary draftsperson of the Adversary Complaint that accompanied the motion. Ms. Harding was responsible for coordination between this action and discovery matters that were ongoing on both PI claims and the Criminal matter.  This strategy conference was a necessary coordination session as the New Jersey matter touched numerous moving pieces of the Grace case.

September 26, 2005 Hearing (Exhibit A, Item 11)

Browdy/Basta/Harding/Baer/Friedland/Sinanyan/Bernick

The September omnibus hearing was another hearing heavily related to both PD claims objection issues and PI issues. As indicated above, on September 1, 2005, the Debtors objected to all pending PD claims. In addition, the Speights' claims objections were pending. Numerous matters with respect to PD matters were addressed at the hearing. Likewise, issues related to PI discovery, the PI CMO and who needed to respond were at issue. In addition, certain matters regarding the Insurers' participation in the estimation process were at issue. Substantial preparation for this hearing was required by all parties responsible for matters at the hearing.

Actual attendees at the hearing were David Bernick, Janet Baer, Michelle Browdy, Barbara Harding and Amanda Basta. All but Ms Basta addressed the Court on significant issues within in their realm of responsibility. Ms. Basta prepared graphics regarding attorney discovery of/re PI issues that were before the Court and her role at the hearing was to provide support for Ms. Harding with respect to these issues.

Mr. Friedland and Ms Sinanyan attending portions of the hearing via telephone. Mr. Friedland's participation was required with respect to PD claims issues as he was responsible for the data base and claims review that led to the PD objections. Mr. Friedland also lent assistance as the restructuring partner for PI discovery related issues. Ms. Sinanyan was once again responsible for preparation of the non-estimation related motions addressed at the hearing and her attendance was necessary for the small portion of the hearing where those matters were addressed in order to keep her informed of the disposition and need for follow up on those matters.

September 19, 2005 Conference (Exhibit A, Item 12)

Mendelson/Bianca/Basta/Fitzsimmons/Liebenstein/Harding

These entries deal with several conferences that took place on this date relating to PI discovery issues, PI estimation experts and the PI Questionnaire. As the partner in charge of PI, Barbara Harding conduced all of these conferences with support from Mr. Mendelson who was responsible for many of the day to day activities with respect to the PI estimation process. Ms. Basta and Mr. Fitzsimmons also participated in the conferences as the junior litigation associate and legal assistant tasked with preparation of discovery responses, discovery requests and addressing issues regarding review of the PI Questionnaires for estimation purposes. Mr. Liebenstein's participation was vital as he is the attorney responsible for working with certain of the estimation experts to build the models for estimating the actual claims. A conference also took place involving the same attorneys plus Mr. Bianca and the Claims agent, Rust Consulting, regarding the PI Questionnaire and the construction of a navigable database for the information obtained from those Questionnaires. As one of the drafters of the Questionnaire and as one of the people who had just completed the PD data base, Mr. Bianca's input at this meeting was vital. Finally, a conference also took place with Mr. Harding and certain of the Criminal team members with respect to PI experts who may also be experts in the Criminal case.

September 20, 2005 Conference (Exhibit A, Item 13)

Blatnick/Stansbury/Browdy/Harding

The questioned time entries actually refer to two separate office conferences, both held in K&E's D.C. offices. The first was a conference among Ms. Browdy, Mr. Blatnick, the client (R. Finke), and a PD estimation expert. The subject matter of the conference was the method of estimating traditional asbestos PD claims. Ms. Browdy attended as the lead litigation partner handling PD claims, and Mr. Blatnick attended as the associate in charge of briefing issues related to PD phase I which were going to be addressed by this expert.

The second conference was among Ms. Harding, Mr. Stansbury and the client (J. Hughes) with respect to PI estimation. This conference also included a potential expert for PI estimation. Ms. Harding attended as the lead litigation partner handling PI estimation and Mr. Stansbury attended as the associate in charge of briefing issues related to these aspects of the PI estimation. Also, because the issues with respect to these matters and the experts overlapped between PD and PI, some of each of the two conferences was attending by some of the participants of each team. This was vital for coordination of approach and analysis.

September 8, 2005 Conference (Exhibit A, Item 14)

The September 8 conference was one in a series of weekly "joint defense" telephone conferences scheduled for members of both the K&E criminal defense team and the other law firms representing the Debtors and seven of the Debtors' current or former officers in connection with the grand jury criminal indictment relating to the Debtors' former vermiculite mining and processing activities in Libby, Montana.

K&E attorneys on the criminal matter participated in this weekly conference as matters specific to their area of responsibility were on the conference agenda. The purpose of these joint defense telephone conferences is to provide a forum, for all criminal team co-counsel, for discussing the multiple various aspects of coordinating Grace's criminal defense, including: the coordination of witness interviews, the sharing of newly-received information, the discussion of the outcome and import of research assignments, and the assigning of new tasks. William Jacobson, the junior litigation partner on the Grace case, is responsible for managing the legal strategy, motions practice and factual development of Grace's defense. As such, his participation in this conference was necessary. Litigation associate Tyler Mace participated as the lead litigation associate on the criminal defense team responsible for, among other things, the coordination of discovery and defense efforts with the individual defendants, as well as day-to-day management of the more junior associates assigned to the criminal matter. Mr. Chiou and Mr. Cohen participated in their roles as junior litigation associates on the criminal matter, each responsible for many areas of legal research and specific factual development. Each attended the conference in order to report on the outcome of his previous assignments and to receive new assignments.

September 15, 2005 Conference (Exhibit A, Item 15)

There were two September 15 conferences referenced in the Initial Report.  One was a weekly joint defense telephone conference, as described under item (n) above.  K&E attorneys Lawrence Urgenson, Mr. Chiou, Rosanna Taormina and Jason Hernandez participated in this conference.  Mr. Urgenson attended as the senior litigation partner on the matter, ultimately responsible for all of Grace's criminal defense efforts.  Ms. Taormina, a junior litigation associate, attended in her role as the primary "motion practice" K&E attorney on the matter.  Mr. Hernandez, a junior litigation associate, attended in order to receive a status update, to provide reports on research assignments and to receive additional assignments.  Mr. Chiou attended in his role as described under item (n) above.

The second September 15 conference referenced in the Initial Report was a telephone conference among K&E attorneys, civil defense counsel, and individual employees of the client.  This conference was held to discuss status and strategy regarding the federal and state criminal investigations into the Debtors' former operations at its now-closed Hamilton Township, New Jersey plant.  K&E attorneys Mr. Urgenson, Mr. Jacobson, Mr. Mace, Ms. Taormina, and Kenneth Clark, in roles echoing their roles in the Libby, Montana criminal matter, attended this conference.

September 20-21, 2005 Conference (Exhibit A, Item 16)

The September 20-21 conference was an in-person joint defense conference held at K&E's Washington, D.C. offices for the entire Grace criminal defense team, including both the individual defendants and the other law firms involved in Grace's criminal defense.  Such in-person large joint defense conferences are held quarterly for the purpose of developing case strategy, sharing information, and coordinating defense efforts.  K&E attorney who participated in portions of this conference were: Mr. Urgenson, Mr. Jacobson, Anthony Klapper, Mr. Mace, Mr. Chiou, Mr. Cohen, Ms. Taormina, Mr. Clark and Ms. Koch.  Mr. Urgenson, Mr. Jacobson and Mr. Mace, as, respectively, the lead partners and lead associate on K&E's criminal defense team, spent the most time preparing for and participating in the conference.  Litigation partner Mr. Klapper was brought into the case shortly before this conference in order to assist with expert witness issues, and he attended portions of the conference in that role.  Associates Messrs. Chiou, Clark, Cohen, and Ms. Koch attended only those portions of the conference that were relevant to their roles on the criminal defense team.

September 22-23, 2005 Witness Interviews (Exhibit A, Item 17)

The September 22-23 expert witness interviews were attended by criminal team members Messrs. Urgenson, Jacobson, Klapper and Mace.  Mr. Urgenson and Jacobson, as the lead partners, prepared for and conducted the actual interviews, while Mr. Mace documented the interviews.  Mr.

Klapper had limited participation in portions of the interviews in his role of developing expert witness issues.

September 26, 2005 Conference (Exhibit A, Item 18)

Mace/Taormina/Clark/Jacobson/Urgenson

The September 26 conference was a large in-person meeting held for the entire criminal defense team -- the Debtor, K&E attorneys, and Debtors' New Jersey counsel -- to discuss status and strategy regarding the Debtors' defense of the federal investigation into matters regarding Grace's Hamilton Township, New Jersey plant. As the claims being made in that investigation have a relationship to those in the Libby criminal matter, it was vital for the key members of the Libby Criminal team to participate in this conference.

Response Exhibit 2

K&E uses legal assistants/paraprofessionals when necessary to perform a wide range of tasks that are vital to K&E attorneys' effective representation of the Debtors in these chapter 11 cases. The Initial Report (Exhibit B) questions many of such legal assistant's time entries as being for "ministerial" functions.  As discussed by K&E in prior fee auditor report responses and outlined above, these tasks are not ministerial in nature, but, in fact, could not have been performed by secretaries or other clerical personnel untrained both as to these relatively complex tasks and as to these Chapter 11 cases in particular.  If K&E paraprofessionals had not accomplished these tasks, attorneys would have had to perform them, which would result in far higher bills.

Specifically, as outlined above, several tasks that were ongoing during this period involved many legal assistants and paraprofessionals. These include the extensive PD claims review process participated in by legal and project assistants Katie Phillips, Lauren DeVault, Kristen Weber, William Cross, Jacob Goldfinger, Whitney Lappley, Mary Mortell, Michal Moskovich, Michael Najjarpour, and Jamie Strohl.  While in retrospect their time entries could be more descriptive, they were not copying and filing documents. They were actually organizing and then conducting claim by claim reviews of all 4000 PD claims.

At the same time, the PI and Criminal teams were in the process of extensive document review.  Again, they had to create war rooms, and organize and assist in the review of millions of pages of documents.  These legal assistants primarily consisted of PI team legal assistant Margaret Utgoff and Timothy Fitzsimmons and Criminal team legal assistants Terrell Stansbury and Amber Horn.  Again, while the time entries could have been more descriptive, the work performed was far from ministerial.  As can be seen from the descriptions above, for example, Mr. Fitzsimmons attended numerous discovery conferences and expert meetings to led assistance with those complicated issues.

K&E respectfully disagrees with the Initial Report's categorization of such entries as "ministerial" and requests approval of the time billed as the rates requested.

Response Exhibit 3

The Initial Report identifies two airfares with respect to which the Fee Auditor requests documentation that the fares were booked at coach or economy rate. They are set forth below and the back-up documentation is attached.

(a)   8/25/2005   $1,258.91   Brian Stansbury, Airfare, Houston, TX,   08/25/05 to 08/27/05, (Meeting)

Documentation is provided that shows that this airfare was booked at a refundable coach rate. As a result of the uncertainty of who will be required to attend a hearing or meeting, the use of coach fully or partially refundable fares is sometimes the best and most economical method for travel. Attorneys have been forced frequently to plan and cancel plans to attend hearings and conferences at the last minute as a result of changing circumstances, such as the resolution prior to a hearing of matters for which that particular attorney is responsible. The use of coach fully and partially refundable tickets in certain instances normally allows K&E to avoid incurring unnecessary costs for these cancelled trips. In this particular instance, several travel issues were faced and, in fact, part of the expense was unfortunately for a change fee on the particular flight in question due to changed circumstances.

(b)   8/29/2005   $1,208.06   David Bernick, Airfare, Philadelphia, PA, 08/29/05 to 08/29/05, (Court Hearing)

A review of K&E's records has revealed that Mr. Bernick's outgoing flight (from Chicago to Philadelphia) was booked at the first-class rate. K&E's travel agent has provided documentation showing that the fully-refundable coach rate for this flight at the time it was booked was $453.47. Accordingly, $200.39 ($653.86 - $453.47) should be stricken from the Fee Application. Mr. Bernick's return flight was also booked at the first-class rate, but, due to a promotional fare being offered by U.S. Airways at the time, this first-class fare was actually $99.80 lower than the coach rate. Since this first-class fare resulted in a lower cost to the estate than would have the coach rate, it should be, of course, considered a reimbursable expense. See the attached documentation of Mr. Bernick's airfare expenses and of the difference between the full-fare and coach rates on Mr. Bernick's return flight.

Response Exhibit 4

The Initial Report identifies six instances of overtime transportation with respect to which it requests further explanation.  Each is set forth below.

(a)     8/26/2005     $92.00          Overtime Transportation, M. Najjarpour

On July 18, Mr. Najjarpour took a cab with Flash Cab Company, K&E's contracted taxicab service, from K&E's Chicago offices to O'Hare Airport and back (August 26th was the date K&E's accounting department processed Mr. Najjarpour's cab receipt).  The purpose of the ride was to deliver necessary hearing presentation materials to David Bernick, who was at O'Hare Airport preparing to travel to Pittsburgh for the July 19 omnibus hearing.  This cab fare should properly have been categorized as "local transportation" rather than "overtime transportation."  Because the presentation materials at issue were necessary for the hearing and were not completed until Mr. Bernick was already at the airport, Mr. Najjarpour made the trip to O'Hare with the hearing materials.  As such, it is a reimbursable expense.  See the attached copy of Mr. Najjarpour's taxicab receipt.

(b)     8/15/2005     $182.41          RED TOP CAB COMPANY - Overtime
                       Transportation 08/03/05     T. Stansbury

(c)     8/31/2005     $161.20          RED TOP CAB COMPANY - Overtime
                       Transportation 08/26/05     T. Stansbury

(d)     8/31/2005     $155.62          RED TOP CAB COMPANY - Overtime
                       Transportation 08/31/05     T. Stansbury

Legal assistant Terrell Stansbury lives approximately 50 miles from K&E's Washington, D.C. office.  The latest available train in the evening departs D.C. at 6:30 p.m., and, after this time, Ms. Stansbury has no method of transportation home except for a taxicab.  On the days in question, she had no prior notice of the need for her to work overtime, and so did not pursue the option of driving to the office.  Therefore, the above three overtime transportation expenses are reimbursable. See the attached copies of Ms. Stansbury's taxicab receipts.

(e)     8/31/2005     $91.70     RED TOP CAB COMPANY - Overtime
                       Transportation 08/16/05     S. Fouladgar

With respect to Mr. Fouladgar's overtime transportation expense, a further review of K&E's records has revealed that the $91.70 expense was incorrectly charged to the Grace matter.  This amount should be stricken from the Fee Application.

(f)     8/31/2005     $122.65     RED TOP CAB COMPANY - Overtime
                       Transportation 08/25/05     B. Harding

        With respect to Ms. Harding's overtime expense charge, a further review of K&E's records has revealed that the $122.65 expense was incorrectly charged to the Grace matter.  This amount should be stricken from the Fee Application.