IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) |
| | ) Chapter 11 |
| W.R. GRACE & CO., et al. | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |
| | ) |
| Debtors. | ) Objection Deadline: March 27, 2006, 4:00 p.m. |
| | ) Hearing Date: To be determined |

### APPLICATION OF DAVID T. AUSTERN, FUTURE CLAIMANTS' REPRESENTATIVE, FOR AUTHORIZATION TO EMPLOY ORRICK, HERRINGTON & SUTCLIFFE LLP AS BANKRUPTCY COUNSEL TO THE FUTURE CLAIMANTS' REPRESENTATIVE

David T. Austern, the Court-appointed legal representative for future asbestos claimants against the above-captioned Debtors (the "Future Claimants' Representative" or "FCR"), hereby submits this application (the "Application") for the entry of an Order, pursuant to sections 328 and 1103(a) of Title 11 of the United States Code (the "Bankruptcy Code"), authorizing and approving the retention and employment of Orrick, Herrington & Sutcliffe LLP ("Orrick") as bankruptcy counsel to the Future Claimants' Representative. In support of this Application, the Future Claimants' Representative relies upon the Declaration of Roger Frankel (the "Frankel Declaration"), a partner of Orrick, attached to this Application as Exhibit A, and further respectfully represents as follows:

#### Jurisdiction and Venue

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The statutory basis for the relief requested herein is section 1103(a) of the Bankruptcy Code.

## Background

2. On April 2, 2001 (the "Petition Date"), W.R. Grace & Co. and 61 affiliated debtor entities (collectively, the "Debtors") each filed a petition for relief under chapter 11 of the Bankruptcy Code. Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors are continuing in the management of their respective businesses and possession of their respective properties as debtors in possession.

3. By Order dated May 24, 2004, the Court appointed the FCR for these jointly administered cases [Bankr. Dkt. No. 5645]. That Order authorizes the FCR to employ professionals consistent with Sections 327 and 1103 of the Bankruptcy Code.

4. The FCR previously sought employment of Swidler Berlin LLP ("Swidler") as his bankruptcy counsel, which was approved by the Court pursuant to an Order entered on September 27, 2004 [Bankr. Dkt. No. 6480].

5. Roger Frankel, Richard H. Wyron, Jonathan P. Guy, Debra L. Felder and other lawyers responsible for this representation at Swidler have joined Orrick effective as of February 6, 2006 (the "Former Swidler Attorneys"). The FCR desires to continue to engage these lawyers and their new law firm to continue to represent him in these cases.

## Relief Requested

6. By this Application, the FCR seeks to retain and employ Orrick as bankruptcy counsel in these chapter 11 cases, effective as of February 6, 2006, to provide advice on the matters described below, and respectfully requests entry of an order authorizing this retention.[1]

---

[1] The FCR understands that Swidler will seek leave to withdraw as counsel by separate motion.

## Basis for the Relief Sought

7.  Effective as of February 6, 2006, subject to approval of the Court, Orrick will provide advice to the Future Claimants' Representative in his capacity as the Court-appointed legal representative for future asbestos claimants against the Debtors. A copy of the engagement letter effective as of February 6, 2006, between the Future Claimants' Representative and Orrick (the "Engagement Agreement") is attached to the Frankel Declaration as Exhibit 2.

8.  Since May 24, 2004, when the FCR was first appointed by the Court, the Former Swidler Attorneys have provided advice to the Future Claimants' Representative in these cases. As a result of the Former Swidler Attorneys' experience in these cases and in other asbestos bankruptcy cases, particularly as bankruptcy counsel to future claimants' representatives in such cases, the Former Swidler Attorneys are familiar with these cases, and with the concerns and issues important to the Future Claimants' Representative and to asbestos personal injury claimants who may assert claims or demands in the future. Accordingly, the Future Claimants' Representative believes that the continued engagement of the Former Swidler Attorneys, and the engagement of their new law firm, with respect to the matters described below is essential to the Future Claimants' Representative's role in these cases, and that the Former Swidler Attorneys' new firm is well suited to assist the Future Claimants' Representative as bankruptcy counsel during the chapter 11 process.

## Services to be Rendered

9.  Subject to the approval of this Court, Orrick will be engaged to render the following services to the Future Claimants' Representative:

   a. provide legal advice and representation with respect to the Future Claimants' Representative's powers and duties in connection with the chapter 11 cases;

3

      b.    prepare and file on behalf of the Future Claimants' Representative all applications, motions, responses, objections and other pleadings in these proceedings as may be necessary and as the FCR authorizes;

      c.    appear on behalf of and represent the Future Claimants' Representative in these chapter 11 proceedings at hearings, and other meetings and proceedings, as appropriate;

      d.    represent and advise the Future Claimants' Representative with respect to any contested matter, adversary proceeding, lawsuit or other proceeding in which he may become a party or otherwise appear in connection with the chapter 11 proceedings; and

      e.    represent and advise the Future Claimants' Representative with respect to any plan or plans of reorganization; and

      f.    perform all other necessary legal services that the Future Claimants' Representative authorizes and/or requests as may be appropriate in connection with these chapter 11 proceedings.

10. Phillips, Goldman & Spence, P.A. ("PG&S") is currently employed in these cases as the FCR's Delaware co-counsel and will continue to serve as co-counsel with Orrick. The Future Claimants' Representative expects Orrick and PG&S to coordinate their work to avoid any duplication of effort. The Future Claimants' Representative believes, however, that employing Orrick as bankruptcy counsel as set forth herein will provide the Future Claimants' Representative with advice, assistance and information in a cost effective manner in those areas in which Orrick and its lawyers have particular knowledge and expertise.

11. The above listed services are necessary and essential to the Future Claimants' Representative. Orrick has indicated a willingness to act on behalf of, and render such services to, the Future Claimants' Representative, upon the terms set forth herein.

4

### Disclosure Concerning Connections
### Between Orrick and Parties in Interest

12.     To the best of the Future Claimants' Representative's knowledge, except as otherwise set forth in the accompanying Frankel Declaration, Orrick does not have any connection with the Future Claimants' Representative, the Debtors, their affiliates, creditors or any other party in interest, or their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee. Based upon the information provided to him, the FCR believes Orrick does not represent any other entity having an adverse interest in connection with these cases, is disinterested, and does not represent or hold an interest adverse to the interests of the Future Claimants' Representative with respect to the matters on which Orrick is to be employed.

### Professional Compensation

13.     Orrick and the Future Claimants' Representative have entered into an Engagement Agreement, pursuant to which Orrick will act as the Future Claimants' Representative's bankruptcy counsel if authorized by this Court. Pursuant to the May 24, 2004 Order appointing the FCR, compensation, including professional fees and reimbursement of expenses, shall be payable to the Future Claimants' Representative and his professionals from the Debtors' estates subject to approval by the Court and subject to the Administrative Compensation Order.[2] The terms and conditions of Orrick's retention are set forth in the Engagement Agreement attached to the Frankel Declaration.

---

[2]   "Administrative Compensation Order" refers to the Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, entered April 17, 2002 [Bankr. Dkt. No. 1949], as may be further amended by the Court.

14. Orrick intends to apply for compensation for professional services rendered in connection with these cases, and for reimbursement of actual and necessary expenses incurred, in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and orders of this Court, including the Administrative Compensation Order. Orrick has agreed to accept as compensation such sums as may be allowed by the Court for fees incurred for professional services and for reimbursement of reasonable and necessary expenses. Other than as set forth above, no arrangement is proposed between the Future Claimants' Representative and Orrick for compensation to be paid in these cases.

15. The Future Claimants' Representative has been advised by Orrick that it has no agreement with any other entity to share any compensation received, nor will any be made, except as permitted under section 504(b)(1) of the Bankruptcy Code.

### Request for Nunc Pro Tunc Authorization

16. Issues which require the FCR's review and input have arisen and continue to arise in these cases, and the FCR requires the assistance of counsel. In order to avoid delaying this proceeding and the exercise of his duties as the Future Claimants' Representative, the FCR asked Orrick to begin work on the day the Former Swidler Attorneys joined their new firm, February 6, 2006, contingent upon the completion of appropriate pleadings and upon the Court's approval of this Application. Given the need for counsel's services, the FCR respectfully asks that the employment of Orrick be authorized effective as of February 6, 2006.

### No Prior Request

17. No prior application for the relief requested herein has been made to this or any other Court.

### Notice

18. Notice of the Application and the requested relief has been provided to (i) counsel and co-counsel for the Debtors, (ii) the Office of the United States Trustee, (iii) counsel for the Official Committees appointed in these cases, as follows: Unsecured Creditors, Asbestos Property Damage Claimants, Asbestos Personal Injury Claimants, and Equity Holders, (iv) the Fee Auditor, and (v) any party which has entered its appearance in these cases pursuant to Bankruptcy Rule 2002. The Future Claimants' Representative believes that such notice of the Application is appropriate and sufficient.

### Conclusion

**WHEREFORE**, the Future Claimants' Representative respectfully requests that the Court enter an order substantially in the form attached hereto (1) granting this Application, (2) authorizing the Future Claimants' Representative to retain and employ Orrick as his bankruptcy counsel, effective as of February 6, 2006, in these chapter 11 cases pursuant to sections 328 and 1103(a) of the Bankruptcy Code, in accordance with the terms set forth in this Application, and (3) granting such other and further relief as is appropriate.

DAVID T. AUSTERN,
FUTURE CLAIMANTS' REPRESENTATIVE

_/s/ David T. Austern_
David T. Austern, in his capacity as the Court-appointed
Future Claimants' Representative
c/o Claims Resolution Management Corporation
3110 Fairview Park Drive, Suite 200
Falls Church, VA 22042-0683
(703) 205-0835

Dated: March 9, 2006