# EXHIBIT A

## EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>W.R. GRACE & CO., et al.<br><br>　　　　　　　　　Debtors. | Chapter 11<br>Case No. 01-01139 (JKF)<br>(Jointly Administered) |

**DECLARATION OF ROGER FRANKEL UNDER FED. R. BANKR. P. 2014, 2016 AND 5002 IN SUPPORT OF THE APPLICATION OF DAVID T. AUSTERN, FUTURE CLAIMANTS' REPRESENTATIVE, FOR AUTHORIZATION TO EMPLOY ORRICK, HERRINGTON & SUTCLIFFE LLP AS BANKRUPTCY COUNSEL TO THE FUTURE CLAIMANTS' REPRESENTATIVE**

I, Roger Frankel, state:

1. I am a partner in the law firm of Orrick, Herrington & Sutcliffe LLP ("Orrick"), which maintains offices for the practice of law at 3050 K Street, N.W., Washington, D.C. 20007 and in other cities around the world. I am admitted to the bars of the District of Columbia and the State of Maryland. This declaration is submitted pursuant to Fed. R. Bankr. P. 2014, 2016 and 5002, in support of the Application of David T. Austern, Future Claimants' Representative, for Authorization to Employ Orrick, Herrington & Sutcliffe LLP as Bankruptcy Counsel to the Future Claimants' Representative (the "Application"), filed by David T. Austern, the Future Claimants' Representative appointed by the Court in the above-captioned cases (the "FCR" or "Mr. Austern").

2. The facts set forth in this declaration are based upon my personal knowledge, upon records maintained by Orrick in the ordinary course of its business and which have been reviewed by me and/or by other partners or employees of Orrick at my direction, or upon

information known by other partners or employees of Orrick and conveyed to me.

**Orrick's Qualifications and the Scope of Orrick's Retention**

3. Orrick is an international law firm with more than 850 attorneys in North America, Europe and Asia. The law firm has a wide range of practices in the substantive areas of, among others, bankruptcy and debt restructuring, corporate, finance, environmental, litigation, real estate, securities, and tax.

4. The FCR previously sought employment of Swidler Berlin LLP ("Swidler") as his bankruptcy counsel, which was approved by the United States Bankruptcy Court for the District of Delaware (the "Court") pursuant to an Order entered on September 27, 2004 [Bankr. Dkt. No. 6480]. I and the other Swidler attorneys primarily responsible for this representation joined Orrick effective as of February 6, 2006 (the "Former Swidler Attorneys"). The FCR has selected Orrick to represent him in these cases because he desires to continue to engage these lawyers and our new law firm to continue to represent him in these cases.

5. Since May 24, 2004, the day Mr. Austern was appointed as the Future Claimants' Representative, the Former Swidler Attorneys have provided advice to Mr. Austern in his capacity as the FCR with respect to W.R. Grace & Co. and its 61 affiliated debtor entities (collectively, the "Debtors").

6. As a result of the Former Swidler Attorneys' experience in these cases and in other asbestos bankruptcy cases, particularly as bankruptcy counsel to future claimants' representatives in such cases, the Former Swidler Attorneys are familiar with these cases, and with the concerns and issues important to the Future Claimants' Representative and to asbestos personal injury claimants who may assert claims or demands in the future.

2

7. The FCR has requested that Orrick render the following services in connection with these cases:

   a. provide legal advice and representation with respect to the FCR's powers and duties in connection with the chapter 11 cases and any matters which may arise, including in connection with appropriate due diligence, the formulation of a plan of reorganization and one or more asbestos payment trusts, and other matters;

   b. prepare and file on behalf of the FCR all applications, motions, responses, objections and other pleadings in these proceedings as may be necessary and as the FCR authorizes;

   c. appear on behalf of and represent the FCR in these chapter 11 proceedings at hearings, meetings of creditors and other meetings and proceedings, as appropriate;

   d. represent and advise the FCR with respect to any contested matter, adversary proceeding, lawsuit or other proceeding in which he may become a party or otherwise appear in connection with the chapter 11 proceedings; and

   e. represent and advise the Future Claimants' Representative with respect to any plan or plans of reorganization; and

   f. performs all other necessary legal services that the FCR authorizes and/or requests as may be appropriate in connection with these chapter 11 proceedings.

Subject to the Court's approval of the Application, Orrick is willing to serve as the FCR's bankruptcy counsel and to perform the services described above.

**Orrick's Connections to the FCR, the Debtors and Other Parties**

8. In preparing this declaration, I utilized a set of procedures established by Orrick to insure compliance with the requirements of the Bankruptcy Code and to determine whether any conflict of interest exists which would preclude Orrick's service as counsel to the FCR, and whether connections exist which should be disclosed under Bankruptcy Rule 2014. Orrick conducted its review based upon a list of parties which identified the FCR and the Debtors, and

3

the names of parties in interest and their attorneys and accountants which had been provided by the Debtors, as well as updates to the list prepared by my staff (the "Listed Parties"). The Listed Parties are identified in Exhibit 1 hereto.

9. I and other Orrick lawyers instructed the employees responsible for maintaining Orrick's computerized database of client matters to review such database with a view toward determining whether Orrick has any reported connections with any of the Listed Parties. The results to date from such review are described below. This review is ongoing and, if any relevant fact or relationship not disclosed herein is discovered or arises, I will file a supplemental declaration with the Court as soon as practicable.

10. Once the database identified a potential connection between Orrick and a Listed Party, I or someone working with me contacted the responsible attorney(s) to the extent he or she is still employed by Orrick, or otherwise elicited information to discern the nature and scope of the representation or connection for appropriate disclosure in this Declaration. In conducting this review and making the disclosures set forth below, I have not included former clients for which all services ceased more than ten years ago.

11. Based upon a preliminary review of the computerized database described above, I have identified the following matters:

    a. **The FCR and His Professionals**

        (i) In addition to these cases, Orrick is seeking authority to represent Mr. Austern in his capacity as the future claimants' representative in the Chapter 11 case styled as In re Combustion Engineering, Inc., Case No. 03-10495 (Bankr. D. Del. 2003).

        (ii) Orrick represented the Manville Trust in connection with certain tobacco litigation. During Orrick's representation of the Manville Trust, which has concluded, Mr. Austern served as the General Counsel of the Trust. Mr. Austern continues to serve in that role today. In that matter, Orrick was retained

4

as counsel to the Manville Trust and not as counsel to Mr. Austern individually.

(iii)   In addition to his other work, Mr. Austern serves as the Claims Administrator for the Settlement Facility – Dow Corning Trust created pursuant to Dow Corning Corporation's ("Dow Corning") Plan of Reorganization (the "Plan"). Orrick represents The Dow Chemical Company, which is a 50% shareholder in Dow Corning and which made certain contributions under the Plan. These matters are not related to the Debtors or these chapter 11 cases.

(iv)   The Court previously granted the FCR's application to employ CIBC World Markets Corp. ("CIBC") as his financial advisor in these chapter 11 cases. As of February 13, 2006, the financial advisors primarily responsible for these cases joined Piper Jaffray & Co. ("Piper Jaffray"). The FCR has asked Piper Jaffray to serve as his financial advisor because he desires to continue his engagement of the individuals who advised him while at CIBC, and has filed an application to employ Piper Jaffray. Orrick has represented Piper Jaffray on several matters in the past, and currently represents Piper Jaffray on certain employment matters and certain financial transactions. None of these matters are related to the Debtors or these Chapter 11 cases.

b.   **Secured Creditors, Unsecured Bondholders and Lenders, and Letters of Credit Issuers**

(i)   As part of its finance practices (including public bond matters, traditional financings, project finance and structured finance matters), Orrick is involved in transactions with major financial institutions around the world. In certain such matters, Orrick has represented and/or represents, and has represented and/or represents clients whose interests are aligned with or adverse to, the following secured parties and unsecured bondholders or lenders, or their affiliates:

ABN Amro Bank N.V.
Bank of New York
Bank of Nova Scotia
Barclays Bank PLC
Citibank, N.A.
Commerzbank A.G.
Credit Lyonnais
Credit Suisse First Boston Corp.
The Depository Trust Company
Dresdner Bank A.G.
First Union National Bank
Hapoalim
HSBC/Marine Midland

    JP Morgan Chase
    Lloyds Bank, Dubai
    Wachovia Bank (also listed as a major shareholder)

None of these matters are related to the Debtors or these chapter 11 cases.

    (ii)    Orrick represents Bank of America and its affiliates in structured finance and other matters, all of which are unrelated to the Debtors or these chapter 11 cases. Orrick will not represent Bank of America in any matter related to these cases. Any matters in these cases in which the FCR is directly adverse to Bank of America will be handled by counsel for the FCR other than Orrick.

    c.    **Official Statutory Committee Members:**

        (i)    *Unsecured Creditors' Committee*

    The Debtors identified ABN Amro Bank, N.V., Bank of America, N.A., Bank of New York, First Union National Bank, JP Morgan Chase, and Wachovia Bank as members of the Unsecured Creditors' Committee. As set forth in sub-paragraphs (b)(i) and (ii) above, Orrick has represented and/or represents, and has represented and/or represents clients whose interests are aligned with or adverse to, each of these parties or their affiliates on certain matters that are unrelated to the Debtors or these Chapter 11 cases.

        (ii)    *Asbestos Property Damage Committee*

    The Debtors identified The Prudential Insurance Company of America as a member of the Asbestos Property Damage Committee. Orrick represents The Prudential Insurance Company of America on certain matters that are unrelated to the Debtors or these Chapter 11 cases.

    d.    **Unsecured Creditors and Contract Parties**

        (i)    In addition to the matters disclosed above, Orrick represents or has represented the following unsecured creditors and contract parties listed by the Debtors or who have filed entries of appearance, or their affiliates:

    AMB Property, LP
    AMFAC Merchandising Corp.
    Autozone, Inc.
    Chi Chi's, Inc.
    The Depository Trust Company
    General Mills
    Hines Interest Limited Partnership
    JP Morgan Chase
    Lincoln National Life Insurance Company

       Los Angeles Unified School District
       Marshall's, Inc.
       M.S.B. Properties
       The Pep Boys – Manny, Moe & Jack
       RREEF USA Fund III
       Safeway Stores, Inc.
       San Francisco Public Utilities Commission
       Union Carbide Corp.
       Wal-Mart Stores, Inc.

None of these matters are related to the Debtors or these chapter 11 cases.

(ii)    Orrick has represented certain parties which have bought or sold claims against one or more of the Debtors. All such work was concluded prior to February 6, 2006. Orrick has not represented either the buyer or seller of claims against the Debtors in these chapter 11 cases.

e.    **Insurers and Issuers of Surety Bonds**

The Debtors have identified certain historical and current insurers which issued surety bonds or issued insurance policies to the Debtors, and certain of these insurers and others have entered appearances in these cases, including certain insurers affiliated with the AIG Companies ("AIG"), Federal Insurance Company ("Federal"), and Travelers Casualty & Surety Company and certain of its affiliates ("Travelers"). The review described above has identified the following:

(i)    Orrick represented The St. Paul Travelers Companies, Inc. (an affiliate of Travelers) in connection with a specific tax matter, which concluded in October 2005, and which was unrelated to the Debtors or these chapter 11 cases.

(ii)    Orrick represents parties in pending or threatened securities-related litigations in which the costs of defense incurred by and any judgment rendered against Orrick's client(s) are being reimbursed or may be subject to reimbursement by an AIG-affiliated company. Orrick (along with other law firms) has been designated by AIG as approved counsel for such matters. Orrick does not represent any AIG insurer, and is adverse to AIG insurers in other matters. None of such matters involve the Debtors or these chapter 11 cases.

(iii)    Orrick has represented and/or represents Chubb (the parent of Federal) and/or its affiliates in certain finance, corporate and/or employment law matters. Orrick has been and/or is adverse to this company and/or its affiliates in certain insurance coverage matters and other matters. None of these matters are related to the Debtors or these chapter 11 cases, and none involve insurance coverage issues. Orrick has been and/or is adverse to this company and/or its

7

affiliates in certain insurance coverage matters.

(iv)   Orrick obtains ordinary business insurance from a number of insurers, several of which have been identified by the Debtors as Listed Parties.

f.   **Professionals**

(i)   Orrick has represented or currently represents the following professional firms appearing or engaged as a professional in these cases: PriceWaterhouseCoopers LLP (on a wide range of matters), Deloitte Consulting LLP and Deloitte Tax LLP (on certain transactional matters), Ernst & Young LLP (advice in connection with a specific transaction), Motley Rice LLP (Orrick rendered advice in connection with the enforceability of a foreign judgment in connection with certain terrorism matters and in connection with the securitization of proceeds of certain tobacco litigation settlements), and Lieff, Cabraser, Heimann & Bernstein, LLP (Orrick rendered advice in connection with the securitization of proceeds of certain tobacco litigation settlements).

(ii)   Caplin & Drysdale LLP ("Caplin") represents the asbestos personal injury claimants committee in these cases. Prior to the time I joined Orrick, three lawyers from Caplin joined Orrick. I understand that these former Caplin lawyers did not work on these chapter 11 cases while at Caplin. Nonetheless, out of caution, Orrick has erected an ethical wall between the former Caplin lawyers and the lawyers working on these cases.

g.   **Other Asbestos-Related Bankruptcy Cases**

Since joining Orrick, I and the other Former Swidler Lawyers have continued our practice in asbestos-related matters, including these cases and the following additional matters in which we have been involved for some time. Orrick presently represents the Shook & Fletcher Asbestos Settlement Trust, which was created in accordance with Shook & Fletcher Insulation Co.'s confirmed plan of reorganization in the Chapter 11 case styled as In re Shook & Fletcher Insulation Co., Case No. 02-2771 (Bankr. D. Ala. 2002). R. Scott Williams, the future claimants' representative in the Chapter 11 case styled as Congoleum Corporation, et al., Case No. 03-51524 (Bankr. D. N.J. 2003), is seeking authority to employ Orrick as his bankruptcy counsel. Orrick represents Cooper Industries LLC in the Chapter 11 case of Federal-Mogul Global, Inc., et al., Case No. 01-10578 (Bankr. D. Del. 2001). Orrick also represents other parties involved in asbestos-related matters in bankruptcy proceedings, in other court proceedings, and in providing strategic counsel and advice. None of these matters are related to the Debtors or these chapter 11 cases.

12. With respect to the matters referred to in paragraph 11 above, other than its proposed representation of the FCR in these cases, none of the services rendered by Orrick have been in connection with the Debtors or these chapter 11 cases. Orrick will not represent any of the parties identified in paragraph 11 above, other than the FCR, in connection with the Debtors or these chapter 11 cases.

13. The Debtors have other creditors or parties in interest, and Orrick may have rendered or may be rendering services to certain of such parties, or may become involved in matters unrelated to these cases in which such parties, or attorneys or accountants for such parties, were, are or become, involved. Orrick also may have or represent interests adverse to such creditors or parties in interest in matters unrelated to these cases. Based on the information currently available, I believe that no such matter involves representation of any interest adverse to the FCR in connection with these cases, and therefore, Orrick does not represent or hold an interest adverse to the interest of the FCR with respect to the matters on which Orrick is to be employed.

14. In addition to the foregoing, Orrick's partners and employees may have business associations with, professional, social or familial relationships with, or interests aligned with or adverse to, creditors or parties in interest, or their attorneys, accountants or advisors. As part of its practice, Orrick appears in cases, proceedings and transactions throughout the world involving many different parties, and works together with many different parties, which may include creditors or parties in interest, or attorneys, accountants or other professional firms or advisors who may represent creditors or parties in interest in these cases. As far as I have been able to ascertain, none of these associations, relationships, or interests have any connection with the Debtors or these chapter 11 cases.

15. I am not related to any United States District Judge or United States Bankruptcy Judge for the District of Delaware or to the United States Trustee for this district or to any known employee of that office.

16. Neither I nor, to the best of my knowledge, Orrick is a creditor, equity security holder or an insider of the Debtors or their estates, and is not and was not, within 2 years before the date of the filing of these chapter 11 cases, a director, officer, or employee of the Debtors. None of the representations described above are materially adverse to the interests of the Debtors, their estates, any class of creditors or equity security holders or future asbestos claimants. Thus, Orrick is disinterested and may act as bankruptcy counsel to the FCR.

17. As far as I have been able to ascertain to date and to the best of my knowledge, Orrick does not hold or represent any interest adverse to the FCR in these cases and, except as otherwise set forth herein, has no connection with the Debtors, their creditors, insurers, or any other party in interest, or their respective attorneys and accountants, the United States trustee or any person employed in the office of the United States Trustee (to the extent identified to Orrick).

18. Neither I nor, to my knowledge, Orrick holds publicly traded securities of W.R. Grace & Co. Partners and employees of Orrick may hold such publicly traded securities individually (whether through mutual fund holdings or otherwise). To my knowledge, no partner or employee of Orrick serves as an officer or director of any of the Debtors. Individual partners and employees of Orrick may directly or indirectly hold publicly traded securities of one or more of the Debtors' creditors and other parties in interest. No such holdings will affect Orrick's ability to represent the FCR in these cases.

19. Orrick has made every reasonable effort to discover and disclose the existence of any conflict of interest or connections based upon the information provided to Orrick by the Debtors. Orrick is unable to state, however, whether one or more of its clients or their affiliates that has not been identified by the Debtors or has not appeared in these cases holds a claim or interest, or otherwise is a party in interest in these chapter 11 cases. Orrick intends to review periodically its database during the pendency of these chapter 11 cases to insure, to the extent reasonably possible, that no conflict or other disqualifying circumstance exists or arises.

## Professional Compensation

20. In connection with this representation, Orrick and the FCR entered into an Engagement Agreement, a copy of which is attached hereto as Exhibit 2, setting forth the terms and conditions of Orrick's retention. Pursuant to the Engagement Agreement and the May 24, 2004 Order appointing Mr. Austern as the FCR, compensation, including professional fees and reimbursement of expenses, shall be payable to Orrick from the Debtors' estates, subject to approval by the Court and subject to the Administrative Compensation Order (as defined in the Application).

21. Orrick intends to apply for compensation for professional services rendered in connection with these cases on an hourly basis, and for reimbursement of actual and necessary expenses incurred, in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules and Orders of this Court, including the Administrative Compensation Order. In light of confidentiality considerations, Orrick reserves the right to redact its time and expense records as it believes appropriate. Orrick understands that no compensation may be paid by the Debtors for post-petition services or expenses except to the extent allowed or approved by the Court.

22.    With respect to U.S.-based professionals, Orrick's current hourly rates range from $515 to $755 for partners, $330 to $690 for senior lawyers, $235 to $490 for associates and $75 to $275 for legal assistants. I presently expect that the following professionals may have responsibility for representing the FCR and performing services on his behalf in these cases:

| Attorney | Hourly Rate |
| --- | --- |
| Roger Frankel | $725 per hour |
| Richard H. Wyron | $645 per hour |
| Jonathan P. Guy | $605 per hour |
| Monique D. Almy | $525 per hour |
| Mary Wallace | $500 per hour |
| Matthew W. Cheney | $490 per hour |
| Kathleen A. Orr | $430 per hour |
| Debra L. Felder | $405 per hour |
| Kimberly E. Neureiter | $375 per hour |
| Katherine S. Thomas | $325 per hour |
| Debra O. Fullem (senior legal asst.) | $210 per hour |
| Rachael M. Barainca (legal asst.) | $140 per hour |

Orrick will utilize other attorneys and paraprofessionals as necessary.

23.    The hourly rates set forth above are Orrick's standard hourly rates. These hourly rates are subject to periodic increases in the normal course of the firm's business. It is Orrick's policy to charge its clients for disbursements for in-house services, including postage, telephone charges, duplicating, word processing, and the like, as well as certain third-party payments, including travel expenses, expenses for working meals, computerized research, transcription

12

costs, secretarial and other overtime, and other expenses incurred on the Future Claimants' Representative's behalf. In some instances, disbursements for in-house services may include the indirect expense associated with providing the service. Orrick agrees to follow the guidelines promulgated by the Office of the United States Trustee and the Local Rules and Orders of this Court, including the Administrative Compensation Order(s) entered in these cases, and any other administrative procedures that may be established by the Court in these cases concerning compensation.

24. To the best of my knowledge, no promises have been received by Orrick as to payment or compensation in connection with the above-captioned cases other than in accordance with applicable provisions of the Bankruptcy Code. To the best of my knowledge, Orrick has no agreement with any other entity to share with such entity compensation received by Orrick in connection with the Debtors' bankruptcy cases, except as permitted by Section 504(b)(1) of the Bankruptcy Code.

* * * * * *

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

_____
Roger Frankel

Executed on March 9, 2006

US_EAST:160000373.2
1-416043