IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| ) | Case no. 01-01139 (JFK) |
| ) | Jointly Administered |
| W.R. GRACE & CO., *et al.*, ) | |
| ) | |
| ) | Re: Docket No. 11067 |
| Debtors ) | 2/21/06 Agenda, Item No. 5 |
| ) | |

## ORDER EXTENDING DEBTORS' EXCLUSIVE PERIODS IN WHICH TO FILE A CHAPTER 11 PLAN AND SOLICIT VOTES THEREON AND APPOINTING A PLAN MEDIATOR

Upon consideration of the Debtors' Ninth Motion for an Order Pursuant to 11 U.S.C. § 1121(d) Extending Debtors' Exclusive Periods in Which to file a Chapter 11 Plan and to Solicit Votes Thereon (the "Motion"),

THE COURT HEREBY FINDS AS FOLLOWS:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1134 and this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Notice of the Motion was adequate under the circumstances and numerous Responses and Objections were filed to the Motion.

3. The Debtors, with the support of the Asbestos Personal Injury Committee, the Future Claimants' Representative and the Unsecured Creditors Committee, requested that the Motion be granted and the exclusive periods be extended at this time for 60 days and that the Court appoint a mediator for this 60 days only, to mediate consensual plan discussions among the parties and report to the Court with respect to the general status but not substance of those plan discussions.

4.      The Court has reviewed the relevant responses and objections to the Motion, has heard the arguments of Counsel and has determined that just cause has been established for the relief granted herein.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      The Motion is granted in part and entered and continued to the Omnibus Hearing in these cases set for April 17, 2006 for further hearing.

2.      The Debtors' exclusive filing and solicitation periods for a chapter 11 plan are extended through and including the Court's Omnibus Hearing on April 17, 2006, at which time the Debtors may request and be heard with respect to a further extension of such periods, without the need for the filing of a further application for such extensions.

3.      Sam C. Pointer, Jr. is appointed as plan mediator in these cases ("Mediator") pursuant to sections 327 and 105 of the Bankruptcy Code and Bankruptcy Rule 9019, for a period of 60 days only, to mediate a consensual plan of reorganization and report to the Court with respect to the general status of those discussions. The reporting, however, will not include any description or characterization of any party's positions.

4.      The Mediator shall be retained under the following terms:

(a)     The Mediator shall be compensated for his reasonable fees and for the actual and necessary expenses he incurs in connection with his work as Mediator. The Mediator's fees will be based on the actual amount of time he spends providing services and his billing rate shall not exceed $600.00 per hour. In addition, from time to time, the Mediator may obtain assistance from his partner, Robin Hinkle whose hourly rate is less than the Mediator's rate.

(b)  If the Mediator incurs time or out-of-pocket expenses in rendering services in a given calendar month, then on or before the last day of the immediately following calendar month, the Mediator shall file with the Court and serve upon the parties specified below a written billing statement that will conform with the reporting requirements set forth herein.

(c)  The Mediator's billing statement shall include the following:

(i)  A chronological itemization of services performed, including the date each service was performed, the amount of time spent in performing each service (in tenths of an hour), and a narrative description of each service performed; and

(ii)  An itemization of actual and necessary expenses incurred by the Mediator. When charges are made for travel and related expenses, each travel expense (including the class of travel) and each hotel and meal expense shall be separately stated.

(d)  The Mediator shall serve his written billing statement on: (a) counsel for the Debtors; (b) counsel for each of the Official Committees; (c) counsel for the legal representative for future asbestos personal injury claimants; (d) the Office of the United States Trustee; and (e) all other persons or entities who participated in the discussions with the Mediator.

(e)  If any party, person, or entity wishes to object to any aspect of the billing statement, then such party, person, or entity shall file a written objection with the Court, identifying the parts of the billing statement that are being objected to and the legal or factual grounds supporting such objection. The objecting party, person, or entity shall file any objection within fourteen (14) calendar days after service of the billing statement. The objecting party, person, or entity shall also serve the objections on the parties, persons, and entities listed in ¶ 4(d). Should any timely-filed objection to the Mediator's billing statement remain unresolved by the parties, persons, or entities that received notice of the objection, the Court will hear and

decide the objection at a hearing scheduled on an omnibus hearing date, which hearing shall be scheduled on no less than fourteen (14) days' written notice.

(f) If no objection is filed and served upon expiration of the fourteen-day objection period, as specified above, then the amounts set forth in the billing statement shall be allowed as an administrative expense of the Debtors' bankruptcy estates, pursuant to 11 U.S.C. § 503(b), without any further notice or order of this Court, and the Debtors shall pay in cash, from assets of their estates, the amounts set forth in the billing statement.

5. The Mediator shall not be liable for any damages, or have any obligations other than the duties prescribed in this order provided, however, that nothing shall relieve the Mediator from liability arising out of his willful misconduct or gross negligence. The Mediator shall not be liable to any person as a result of any action or omission taken or made by the Mediator in good faith. The Debtors shall indemnify, defend and hold the Mediator harmless from any claims by any party against the Mediator arising out of or relating to the performance of his duties as Mediator, provided, however, that the Mediator shall not have such indemnification rights if a court of competent jurisdiction determines pursuant to a final and non-appealable order that the Mediator is liable upon such claim as a result of willful misconduct or gross negligence. If, before the earlier of: (i) the entry of an order confirming a chapter 11 plan in these Chapter 11 Cases (that order having become a final order and no longer subject to appeal); and (ii) entry of an order closing these chapter 11 cases, the Mediator believes that he is entitled to payment for any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under this Order, including without limitation the advancement of defense costs, the Mediator must file an application therefore in this Court, and the Debtors may not pay any such amounts to the Mediator before the entry of an order by this Court approving

the payment. The preceding sentence is intended to specify the period of time under which this Court shall have the jurisdiction over any request for fees and expenses by the Mediator for indemnification, contribution or reimbursement and is not a limitation on the duration of the Debtors' obligation to indemnify the Mediator. In the event that a cause of action is asserted against the Mediator arising out of or relating to the performance of his duties as Mediator, the Mediator shall have the right to choose his own counsel.

6.  The Mediator (i) is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code and referenced by section 328(c) of the Bankruptcy Code, (ii) he hold no interest adverse to the Debtors or their estates for the matters for which he is being employed; and (iii) he has no connection to the Debtors, their creditors, or their related parties herein. An affidavit of the Mediator's disinterestedness is attached hereto.

7.  The Court shall retain jurisdiction to hear and determine all mattes arising from or related to this Order.

Dated: ___3/9___, 2006

*[signature]*
The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

DOCS_DE:116138.1