# EXHIBIT 1

All responses are to be served upon:
Holly W. Bull
Kirkland & Ellis LLP
200 East Randolph Drive, Chicago, Illinois 60601-6636 and
James E. O'Neill
Pachulski, Stang, Ziehl, Young, Jones & Weintraub LLP
919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899-8705 (Courier 19801)

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.,[1] | ) |
| | ) Case No. 01-01139 (JKF) |
| Debtors. | ) |
| | ) (Jointly Administered) |

Hearing Date: April 17, 2006 at 2:00 p.m.
Responses Due: April 13, 2006 at 4:00 p.m.

## NOTICE OF FILING DEBTORS' SIXTEENTH
## OMNIBUS OBJECTION TO CLAIMS (NON-SUBSTANTIVE)

PLEASE TAKE NOTICE that on or about March 13, 2006, the above-captioned

debtors and debtors in possession (the "Debtors") filed the Debtors' Sixteenth Omnibus

Objection to Claims (Non-Substantive) (the "Sixteenth Omnibus Objection") with the United

States Bankruptcy Court for the District of Delaware.

---

[1] The Debtors consist of the following 62 entities: W.R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W.R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food =N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W.R. Grace Capital Corporation, W.R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

**PLEASE TAKE FURTHER NOTICE** that the following parties will receive a copy of the Sixteenth Omnibus Objection (with all exhibits): (i) the U.S. Trustee and (ii) the Core Group as defined in the current Case Management Procedures and (iii) the 2002 List. In addition, the Debtors' claims consultant, Bankruptcy Management Corporation ("BMC"), will serve a copy of the Sixteenth Omnibus Objection (with all exhibits) upon those creditors that have filed claims that are affected by the Sixteenth Omnibus Objection. Any party may obtain a copy of the Sixteenth Omnibus Objection with all exhibits by requesting the same from BMC at (888) 909-0100 or by going onto the BMC website at http://www.bmccorp.net/wrgrace.

**PLEASE TAKE FURTHER NOTICE** that

1.      A hearing on the Sixteenth Omnibus Objection will be held before the Honorable Judith K. Fitzgerald, United States Bankruptcy Court, 824 Market Street, Wilmington, Delaware on **April 17, 2006 at 2:00 p.m.** (the "Claims Hearing").

2.      Any party wishing to oppose the relief requested in the Sixteenth Omnibus Objection must file a written response with the Clerk of the U.S. Bankruptcy Court, 824 Market Street, Wilmington, Delaware 19801, and serve a copy of the response upon Kirkland & Ellis LLP, Attn: Holly W. Bull, 200 East Randolph Drive, Suite 6500, Chicago, Illinois 60601-6636, and upon Pachulski, Stang, Ziehl, Young, Jones & Weintraub LLP, Attn: James E. O'Neill, 919 N. Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899-8705 (Courier 19801), so as to be received on or before **April 13, 2006 at 4:00 p.m. (Eastern Time)**. Only those responses timely filed with the Court and received by the Debtors' counsel will be considered by the Court.

3.      If no response is filed, served and received by April 13, 2006, at 4:00 p.m. (Eastern Time) the Court will be requested to enter an order, similar to the attached form of

-2-

proposed order disallowing, expunging, and/or reclassifying the Claim(s) as requested in the Sixteenth Omnibus Objection.

4.    Any response should contain the following:

(i)    a caption setting forth the name of the Court, the name of the Debtors, the case number and the title of the Objection to which the response is directed;

(ii)    the name and contact information (including daytime telephone number) of the claimant and a description of the basis for the amount of the claim;

(iii)    the claim number(s) of the claim objection(s) to which the response is directed;

(iv)    the specific factual basis and supporting legal argument upon which the party will rely in opposing the Sixteenth Omnibus Objection; and

(v)    any supporting documentation, to the extent it was not included with the proof of claim previously filed with the Clerk or Claims Agent, upon which the party will rely to support the basis for and amounts asserted in the proof of claim.

5.    If you file a response to the Sixteenth Omnibus Objection, you should be prepared to argue that response at the Claims Hearing unless you reach an agreement with the Debtors' counsel to continue or resolve your matter.

6.    You need not respond to the Sixteenth Omnibus Objection or appear at the Claims Hearing if you do not object to the relief requested in the Sixteenth Omnibus Objection. If you do not timely file and serve a response to the Sixteenth Omnibus Objection, the relief requested in the Sixteenth Omnibus Objection may be granted without further notice to you. Failure to timely file a response to the Sixteenth Omnibus Objection shall be deemed (i) waiver of your right to respond to the Sixteenth Omnibus Objection and (ii) your consent to the relief requested in the Sixteenth Omnibus Objection respecting your Claim.

7.    The Debtors reserve the right to file and serve a reply to a claimant's Response. If you have any questions regarding your claim(s) you should contact Bankruptcy Management

- 3 -

Corporation at (888) 909-0100.  If you have any questions regarding the Sixteenth Omnibus

Objection, please call Holly Bull at Kirkland & Ellis LLP at (312) 861-3498.

Dated:  March 13, 2006

Respectfully submitted,

KIRKLAND & ELLIS LLP
Janet S. Baer
Salvatore F. Bianca
200 East Randolph Drive
Chicago, IL  60601-6636
(312) 861-2000

and

PACHULSKI, STANG, ZIEHL, YOUNG, JONES
& WEINTRAUB LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4048)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
(302) 652-4100

Co-Counsel for Debtors and Debtors in Possession

- 4 -

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[2] | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**Hearing Date: April 17, 2006 at 2:00 p.m.**
**Responses Due: April 13, 2006 at 4:00 p.m.**

## DEBTORS' SIXTEENTH OMNIBUS OBJECTION TO CLAIMS (NON-SUBSTANTIVE)

The above-captioned debtors and debtors in possession (the "Debtors"), by and through

their undersigned counsel of record, file this Sixteenth Omnibus Objection to Claims (the

"Sixteenth Omnibus Objection"), and, in support thereof, state the following:

### Jurisdiction

8.      This Court has jurisdiction over this Motion under 28 U.S.C. § 1334. This matter

is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A) and (O).

---

[2]    The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.),
W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon,
Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc.,
Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC
(f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a
Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC
Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities
Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary
Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe,
Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc.
(f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace
Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc.,
W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-
Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai
Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH,
Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings
Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA
Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental
Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin &
Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country
Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

- 5 -

9.      The statutory bases for relief requested herein are 11 U.S.C. §§ 105(a) and 502 and Rule 3007 of the Federal Rules of Bankruptcy Procedure (as amended from time to time, the "Bankruptcy Rules").

### Background

10.      On April 2, 2001 (the "Petition Date"), each of the Debtors in these chapter 11 cases filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (as amended from time to time, the "Bankruptcy Code") commencing their respective chapter 11 cases (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for administrative purposes only, and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

### Claims Bar Date

11. By an order dated April 25, 2002, this Court set March 31, 2003 as the last date for filing proofs of claim for all pre-petition claims relating to asbestos property damage, non-asbestos claims (including all governmental claims), and medical monitoring claims (the "Bar Date"). A bar date has yet to be set for asbestos personal injury claims and claims related to Zonolite Attic Insulation.

### The Objection And Request For Relief

12.      By this Sixteenth Omnibus Objection, the Debtors seek disallowance or reduction, as appropriate, of the claims listed under the heading "Claims To Be Expunged" on the exhibits attached hereto[3] for the reasons described herein and in such exhibits:

---

[3] The classification of the claims set forth on the exhibits is the classification asserted on the filed proof of claim. The Debtors include such classification for the purpose of identifying the claim to which the objection applies. The inclusion of the classification shall not constitute an acknowledgement by the Debtors that such classification is correct or appropriate.

-6-

(a)    Each claim set forth as "Amended" in Exhibit A attached hereto is a claim that have been superseded by an amended claim filed subsequently to such original claim (the "Amended Claims");

(b)    Each claim set forth as "Duplicate" in Exhibit B attached hereto is a claim that is duplicative of a claim previously filed (the "Duplicate Claims"); and

(c)    Each claim set forth as "Late Filed" in Exhibit C attached hereto is a claim that was filed after the Bar Date established by the Court (the "Late Filed Claims").

### The Amended Claims

13.    The Debtors object to the Amended Claims because these claims have been superseded by an amended claim filed subsequent to such claim. Therefore, the Amended Claims listed on Exhibit A under the heading "Claims To Be Expunged" should be disallowed and expunged.

14.    If the Debtors' objection to the Amended Claims is sustained, the claims listed as "surviving claims" (the "Surviving Amended Claims") on Exhibit A will remain on the claims registry subject to the Debtors' right to object to the Surviving Amended Claims in the future on any grounds allowed under applicable law. Claimants holding Amended Claims will suffer no prejudice by having their Amended Claims disallowed and expunged, because the Surviving Amended Claims, the more recent of the claimants' claims against the Debtors, will remain on the claims registry after the corresponding Amended Claims are expunged.

### The Duplicate Claims

15.    The Debtors object to the Duplicate Claims pursuant to Section 502(b)(1) of the Bankruptcy Code because these claims are duplicative of other claims filed by the same creditor. Therefore, the Duplicate Claims listed on Exhibit B under the heading "Claims To Be Expunged" should be disallowed and expunged.

16.    If the Debtors' objection to the Duplicate Claims is sustained, the claims listed as "surviving claims" on Exhibit B (the "Surviving Non-Duplicate Claims") will remain on the claims registry subject to the Debtors' right to object to the Surviving Non-Duplicate Claims in

- 7 -

the future on any grounds allowed under applicable law. Claimants holding Duplicate Claims will suffer no prejudice by having their Duplicate Claims disallowed and expunged, because the Surviving Non-Duplicate Claims will remain on the claims registry after the corresponding Duplicate Claims are expunged.

### The Late Filed Claims

17.     The Debtors object to the Late Filed Claims pursuant to Section 502(b)(1) of the Bankruptcy Code. The Late Filed Claims were filed after the Bar Date established by the Court. Therefore, the Late Filed Claims listed on Exhibit C should be disallowed and expunged.

### Separate Contested Matters

18.     If a response is filed regarding any claim listed in the Sixteenth Omnibus Objection and the Debtors are unable to resolve such response, the corresponding claim and the objection by the Debtors thereto asserted in the Sixteenth Omnibus Objection shall constitute a separate contested matter as contemplated by Rule 9014 of the Bankruptcy Rules. Any order entered by the Court regarding an objection asserted in the Sixteenth Omnibus Objection shall be deemed a separate order with respect to each claim.

### Responses to Omnibus Objections

19.     To contest an objection, a claimant must file and serve a written response to this Sixteenth Omnibus Objection (a "Response") so that it is received no later than 4:00 p.m. (Eastern Time) on April 13, 2006. Every Response must be filed with the Office of the Clerk of the United States Bankruptcy Court for the District of Delaware: 824 Market Street, Wilmington, Delaware 19801 and served upon the following entities, so that the response is received no later than 4:00 p.m. (Eastern Time) on April 13, 2006, at the following addresses:

> Kirkland & Ellis LLP
> 200 E. Randolph Drive
> Chicago, Illinois 60601-6636

- 8 -

Attn:   Holly W. Bull

     -and-

Pachulski, Stang, Ziehl, Young, Jones & Weintraub LLP
919 North Market Street, 17th Floor
P. O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Attn:  James E. O'Neill

Co-Counsel for the Debtors

20.     Every Response to this Sixteenth Omnibus Objection must contain at a minimum the following:

    (a)    a caption setting forth the name of the Court, the name of the Debtors, the case number, and the title of the Sixteenth Omnibus Objection to which the Response is directed;

    (b)    the name of the claimant, his/her/its claim number, and a description of the basis for the amount of the claim;

    (c)    the specific factual basis and supporting legal argument upon which the party will rely in opposing the Sixteenth Omnibus Objection;

    (d)    any supporting documentation, to the extent it was not included with the proof of claim previously filed with the Clerk or Claims Agent, upon which the party will rely to support the basis for and amounts asserted in the proof of claim;

    (e)    the name, address, telephone number, and fax number of the person(s) (which may be the claimant or the claimant's legal representative) with whom counsel for the Debtors should communicate with respect to the claim or the objection and who possesses authority to reconcile, settle, or otherwise resolve the objection to the disputed claim on behalf of the claimant.

21.     If a claimant fails to file and serve a timely Response, the Debtors may present to the Court an appropriate order disallowing and expunging the claim, without further notice to the claimant or a hearing.

### Replies to Responses

22.     The Debtors may, at their option, file and serve a reply to a claimant's Response.

- 9 -

## Reservation

23.    The Debtors hereby reserve the right to object in the future to any of the claims listed in this Sixteenth Omnibus Objection or on the exhibits attached hereto on any ground, and to amend, modify, and/or supplement this Sixteenth Omnibus Objection, including, without limitation, to object to amended claims and newly-filed claims. Separate notice and hearing will be scheduled for any such objection.

24.    Notwithstanding anything contained in this Sixteenth Omnibus Objection or the attached exhibits, nothing herein shall be construed as a waiver of any rights that the Debtors may have (a) to bring avoidance actions under the applicable sections of the Bankruptcy Code against the holders of claims subject to the Sixteenth Omnibus Objection; or (b) to exercise their rights of setoff against the holders of such claims relating to such avoidance actions.

## Notice

25.    The Debtors will serve copies of this Sixteenth Omnibus Objection (with all exhibits) on the Office of the United States Trustee and on all parties that have requested that they be served with all pleadings filed in these cases pursuant to Bankruptcy Rule 2002 (the "2002 List").

26.    Bankruptcy Management Corporation, the Debtors' reconciliation agent, will serve a copy of the Sixteenth Omnibus Objection and the exhibits thereto upon those creditors that have filed claims that are affected by the Sixteenth Omnibus Objection.

27.    The Debtors submit that notice of this Sixteenth Omnibus Objection is sufficient under Bankruptcy Rule 3007 and that no further notice is necessary.

- 10 -

**No Previous Request**

28.    No previous request for the specific relief set forth herein has been made to this or any other court.

**Compliance With Rule 3007-1**

29.    This Sixteenth Omnibus Objection, and related exhibits attached hereto, complies with Rule 3007-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware.

WHEREFORE, the Debtors respectfully request that the Court enter an order disallowing and expunging each of the claims more fully described in this Sixteenth Omnibus Objection and/or listed on the exhibits attached hereto.

Dated:  March 13, 2006                    Respectfully submitted,

                                          KIRKLAND & ELLIS LLP
                                          Janet S. Baer
                                          Salvatore F. Bianca
                                          200 East Randolph Drive
                                          Chicago, IL  60601-6636
                                          (312) 861-2000

                                          and

                                          PACHULSKI STANG ZIEHL YOUNG JONES
                                          & WEINTRAUB LLP

                                          _James E. O'Neill_

                                          Laura Davis Jones (Bar No. 2436)
                                          James E. O'Neill (Bar No. 4042)
                                          919 North Market Street, 17th Floor
                                          P.O. Box 8705
                                          Wilmington, DE 19899-8705 (Courier 19801)
                                          (302) 652-4100

                                          Co-Counsel for Debtors and Debtors in Possession

- 11 -

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[4] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Re: Docket No. ____and 4/17/06 Agenda Item |
| | ) | No. ___ |

## ORDER GRANTING RELIEF SOUGHT IN DEBTORS' SIXTEENTH OMNIBUS OBJECTION TO CLAIMS (NON-SUBSTANTIVE)

Upon the Sixteenth Omnibus Objection to Claims (Non-Substantive) (the "Sixteenth

Omnibus Objection")[5] filed by the above captioned debtors and debtors in possession (the

"Debtors"), seeking entry of an order expunging and disallowing certain Claims; and no previous

application having been made; and upon consideration of the matters set forth herein; and due

and proper notice of the Sixteenth Omnibus Objection having been given, it is hereby

---

[4]    The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[5]    Capitalized terms used but not defined herein are as defined in the Sixteenth Omnibus Objection.

- 12 -

ORDERED that, except as hereinafter stated, the relief sought in the Sixteenth Omnibus Objection is granted to the extent not inconsistent with the language herein and with the Exhibits attached hereto;[6] and it is further

ORDERED that that the Objection to each of the Claims listed on Exhibit A to this Order is sustained, and each of the claims listed on Exhibit A under the heading "Claims To Be Expunged" is expunged and disallowed for all purposes; and it is further

ORDERED that the Objection to each of the Claims listed on Exhibit B to this Order is sustained, and each of the claims listed on Exhibit B under the heading "Claims To Be Expunged" is expunged and disallowed for all purposes; and it is further

ORDERED that the Objection to each Claim listed on Exhibit C to this Order is sustained, and each of the claims listed on Exhibit C is expunged and disallowed for all purposes; and it is further

ORDERED that the rights of the Debtors to object to any claim listed on any exhibit to this Order for any reason are expressly preserved, except as provided for herein; and it is further

ORDERED that, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, made applicable in the contested matter by Rules 7054 and 9014 of the Federal Rules of Bankruptcy Procedure, the Court hereby directs entry of a final judgment with respect to the claims objections as to which relief is entered by this Order, the Court having determined that there is no just reason for delay in the entry of judgment on these matters; and it is further

---

[6]    To the extent that any claim that is the subject of the Sixteenth Omnibus Objection has been or is otherwise addressed by an approved stipulation between the Debtors and the claimant, that stipulation shall control the disposition of that claim.

- 13 -

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: April ___, 2006

                                            _____

                                            Honorable Judith K. Fitzgerald
                                            United States Bankruptcy Judge

- 14 -

# EXHIBIT A

**In re: W.R. GRACE & CO., et al**

**OMNIBUS 16: EXHIBIT A - AMENDED CLAIMS**

| Claim To Be Expunged | | | | | Surviving Claim | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Creditor Name and Address | Case No | Claim Number | Total Claim Dollars* | Claim Class** | Creditor Name and Address | Case No | Claim Number | Total Claim Dollars* | Claim Class** |
| 1 | ARIZONA DEPARTMENT OF REVENUE BANKRUPTCY LITIGATION SECTION 1600 WEST MONROE PHOENIX AZ 85007 USA | 01-01139 | 17017 | $321.26 | (A) | ARIZONA DEPARTMENT OF REVENUE BANKRUPTCY LITIGATION SECTION 1600 WEST MONROE PHOENIX AZ 85007 USA | 01-01139 | 17018 | $427.40 | (A) |
| 2 | ARIZONA DEPT OF REVENUE BANKRUPTCY LITIGATION SECTION 1600 WEST MONROE PHOENIX AZ 85007 | 01-01140 | 15468 | $382.03 | (A) | ARIZONA DEPARTMENT OF REVENUE BANKRUPTCY LITIGATION SECTION 1600 WEST MONROE PHOENIX AZ 85007 USA | 01-01139 | 17017 | $321.26 | (A) |
| 3 | FLORESVILLE ISD C/O DAVID G AELVOET LINEBARGER HEARD GOGGAN BLAIR GRAHAM PENA & SAMPSON LLP 711 NAVARRO STE 300 SAN ANTONIO TX 78205 | 01-01139 | 278 | $292.46 | (S) | FLORESVILLE ISD C/O DAVID G AELVOET LINEBARGER GOGGAN BLAIR & SAMPSON LLP 711 NAVARRO STE 300 SAN ANTONIO TX 78205 | 01-01139 | 17094 | $106.83 | (S) |
| 4 | HARRIS COUNTY / CITY OF HOUSTON C/O JOHN P DILLMAN LINEBARGER HEARD GOGGAN BLAIR ET AL PO BOX 3064 HOUSTON TX 77253-3064 | 01-01139 | 415 | $14,662.13 UNKNOWN | (S) (P) | HARRIS COUNTY/CITY OF HOUSTON JOHN P DILLMAN LINEBARGER GOGGAN BLAIR & SAMPSON LLP PO BOX 3064 HOUSTON TX 77253-3064 | 01-01139 | 15505 | $827.21 | (S) |
| 5 | INDUSTRIAL CONSTRUCTION INC 2929 S 18TH AVE SUITE D BROADVIEW IL 60155-4757 | 01-01140 | 156 | $8,231.25 | (U) | SIERRA LIQUIDITY FUND RE INDUSTRIAL CONSTRUCTION 2699 WHITE RD #255 IRVINE CA 92614 USA | 01-01139 | 15742 | $23,782.50 | (U) |

(1) The Debtors also seek to expunge claim 17017.  See Row 1 above.

*Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.

The classification of the claims set forth herein is the classification asserted on the filed proof of claim.  The Debtors include such classification for the purpose of identifying the claim to which the objection applies.  The inclusion of the classification shall not constitute an acknowledgement by the Debtors that such classification is correct or appropriate.

**(A) - Administrative  (P) - Priority          (S) - Secured  (U) - Unsecured

2/22/2006 10:59:14 AM

In re: W.R. GRACE & CO., et al

OMNIBUS 16: EXHIBIT A - AMENDED CLAIMS

**Claims to be Expunged**

| | Creditor Name and Address | Case No | Claim Number | Total Claim Dollars* | Claim Class** |
|---|---|---|---|---|---|
| 6 | STATE OF GEORGIA<br>DEPT OF REVENUE<br>PO BOX 38143<br>ATLANTA GA 30334 | 01-01140 | 584 | $58,170.73<br>$12,048.66 | (P)<br>(U) |
| 7 | TENNESSEE DEPT OF REVENUE<br>C/O ATTORNEY GENERAL<br>PO BOX 20207<br>NASHVILLE TN 37202-0207 | 01-01139 | 15453 | $144,342.65 | (A) |
| 8 | WILSON COUNTY<br>C/O DAVID G AELVOET<br>LINEBARGER HEARD GOGGAN BLAIR<br>GRAHAM PENA & SAMPSON LLP<br>711 NAVARRO #300<br>SAN ANTONIO TX 78205 | 01-01139 | 276 | $127.62 | (S) |
| 9 | WISCONSIN DEPT OF REVENUE<br>2135 RIMROCK RD<br>MADISON WI 53713 | 01-01139 | 1716 | $4,828,634.28<br>$12,157,630.78 | (P)<br>(U) |

**Surviving Claims**

| | Creditor Name and Address | Case No | Claim Number | Total Claim Dollars* | Claim Class** |
|---|---|---|---|---|---|
| 6 | STATE OF GEORGIA<br>DEPARTMENT OF REVENUE<br>P.O. BOX 161108<br>ATLANTA GA 30321<br>USA | 01-01140 | 17048 | $55,198.00<br>$10,489.00 | (P)<br>(U) |
| 7 | TENNESSEE DEPT OF REVENUE<br>C/O ATTORNEY GENERAL<br>P.O. BOX 20207<br>NASHVILLE TN 37202-0207<br>USA | 01-01139 | 17019 | $89,593.39 | (A) |
| 8 | WILSON COUNTY<br>C/O DAVID G AELVOET<br>LINEBARGER GOGGAN BLAIR & SAMPSON<br>LLP<br>711 NAVARRO STE 300<br>SAN ANTONIO TX 78205 | 01-01139 | 17026 | $42.55 | (S) |
| 9 | WISCONSIN DEPT OF REVENUE<br>2135 RIMROCK RD<br>MADISON WI 53713<br>USA | 01-01140 | 17603 | $1,794,231.00 | (U) |

Total Claims Expunged: 9    Total Dollars Expunged: $17,225,043.95

**(A) - Administrative
(P) - Priority

(S) - Secured
(U) - Unsecured

*Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.

The classification of the claims set forth herein is the classification asserted on the filed proof of claim. The Debtors include such classification for the purpose of identifying the claim to which the objection applies. The inclusion of the classification shall not constitute an acknowledgement by the Debtors that such classification is correct or appropriate.

Page 2 of 2

2/22/2006 10:50:14 AM

# EXHIBIT B

In re: W.R. GRACE & CO., et al

**OMNIBUS 16: EXHIBIT B - DUPLICATE CLAIMS**

| Claim to be Expunged | | | | | Surviving Claim | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Creditor Name and Address | Case No | Claim Number | Total Claim Dollars* | Claim Class** | Creditor Name and Address | Case No | Claim Number | Total Claim Dollars* | Claim Class** |
| 1 HARRIS COUNTY/CITY OF HOUSTON<br><br>C/O JOHN P DILLMAN<br>LINEBARGER GOGGAN BLAIR & SAMPSON<br>LLP<br>PO BOX 3064<br>HOUSTON TX 77253-3064 | 01-01139 | 17024 | $827.21 | (S) | HARRIS COUNTY/CITY OF HOUSTON<br><br>JOHN P DILLMAN<br>LINEBARGER GOGGAN BLAIR & SAMPSON<br>LLP<br>PO BOX 3064<br>HOUSTON TX 77253-3064 | 01-01139 | 15505 | $827.21 | (S) |
| 2 HOUSTON ISD<br><br>JOHN P DILLMAN<br>LINEBARGER GOGGAN BLAIR & SAMPSON<br>LLP<br>PO BOX 3064<br>HOUSTON TX 77253-3064 | 01-01139 | 17025 | $7,135.70 | (S) | HOUSTON ISD<br><br>JOHN P DILLMAN<br>LINEBARGER GOGGAN BLAIR & SAMPSON<br>LLP<br>PO BOX 3064<br>HOUSTON TX 77253-3064 | 01-01139 | 15504 | $7,135.70 | (S) |
| 3 RIVAS, MARIA L<br>PO BOX 858<br>LA BLANCA TX 78558 | 01-01139 | 15730 | BLANK | (U) | RIVAS, MARIA L<br>PO BOX 858<br>LA BLANCA TX 78558 | 01-01139 | 15729 | BLANK | (U) |

**Total Claims Expunged:    3    Total Dollars Expunged:    $7,962.91**

*Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.

The classification of the claims set forth herein is the classification asserted on the filed proof of claim. The Debtors include such classification for the purpose of
identifying the claim to which the objection applies. The inclusion of the classification shall not constitute an acknowledgement by the Debtors that such classification is
correct or appropriate.

**(A) - Administrative    (S) - Secured**
**(P) - Priority    (U) - Unsecured**

2/22/2006 10:43:39 AM

# EXHIBIT C

**In re: W.R. GRACE & CO., et al**
**OMNIBUS 16: EXHIBIT C - LATE FILED CLAIMS**

| | Creditor Name / Address | Case Number | Claim Number | Docketed Claim Date | Total Claim Dollars | Reason For Proposed Disallowance |
|---|---|---|---|---|---|---|
| 1 | AMERICAN PRESIDENT LINES, LTD<br>1111 BROADWAY STREET<br>OAKLAND  CA  94607<br>USA | 01-01139<br>W.R. GRACE & CO. | 17022 | 2/3/2005 | $60,561.43 | CLAIM FILED AFTER 3/31/03 BAR DATE. |
| 2 | LOS ANGELES COUNTY TREASURER & TAX COLLE<br>225 NO. HILL STREET, ROOM 160<br>LOS ANGELES  CA  90012<br>USA | 01-01139<br>W.R. GRACE & CO. | 17014 | 12/13/2004 | $31,390.07 | CLAIM FILED AFTER 3/31/03 BAR DATE. |
| 3 | PERNELL, ALICE<br>DAVIS PUNELLI & KEATHLEY LLP<br>19900 MACARTHUR BLVD #950<br>IRVINE  CA  92612 | 01-01139<br>W.R. GRACE & CO. | 17021 | 7/12/2005 | $900,000.00 | CLAIM FILED AFTER 3/31/03 BAR DATE. |
| 4 | PERNELL, ALICE<br>DAVIS, PUNELLI & KEATHLEY LLP<br>19900 MACARTHUR BLVD #950<br>IRVINE  CA  92612 | 01-01139<br>W.R. GRACE & CO. | 17051 | 7/12/2005 | $900,000.00 | CLAIM FILED AFTER 3/31/03 BAR DATE. |
| 5 | PERNELL, ROBERT<br>DAVIS PUNELLI & KEATHLEY<br>19900 MACARTHUR BLVD #950<br>IRVINE  CA  92612 | 01-01139<br>W.R. GRACE & CO. | 17030 | 7/12/2005 | $900,000.00 | CLAIM FILED AFTER 3/31/03 BAR DATE. |
| 6 | PERNELL, ROBERT<br>DAVIS, PUNELLI & KEATHLEY LLP<br>19900 MACARTHUR BLVD #950<br>IRVINE  CA  92612 | 01-01139<br>W.R. GRACE & CO. | 17049 | 7/12/2005 | $900,000.00 | CLAIM FILED AFTER 3/31/03 BAR DATE. |
| 7 | RIVAS, MARIA L<br>PO BOX 658<br>LA BLANCA  TX  78558 | 01-01139<br>W.R. GRACE & CO. | 16730 | 3/7/2005 | BLANK | CLAIM FILED AFTER 3/31/03 BAR DATE. |
| 8 | RIVAS, MARIA L<br>PO BOX 658<br>LA BLANCA  TX  78558 | 01-01139<br>W.R. GRACE & CO. | 16729 | 3/7/2005 | BLANK | CLAIM FILED AFTER 3/31/03 BAR DATE. |
| 9 | SCHANTZ REVOCABLE FAMILY TRUST<br>JOHN R. SCHANTZ/JO ELLEN K. SCHANTZ TRUSTEES<br>DAVIS PUNELLI & KEATHLEY LLP<br>19900 MACARTHUR BLVD #950<br>IRVINE  CA  92612 | 01-01139<br>W.R. GRACE & CO. | 17013 | 7/12/2005 | $900,000.00 | CLAIM FILED AFTER 3/31/03 BAR DATE. |
| 10 | SCHANTZ REVOCABLE FAMILY TRUST<br>JOHN R. SCHANTZ/JO ELLEN K. SCHANTZ, TRUSTEES<br>DAVIS, PUNELLI & KEATHLEY LLP<br>19900 MACARTHUR BLVD #950<br>IRVINE  CA  92612 | 01-01139<br>W.R. GRACE & CO. | 17050 | 7/12/2005 | $900,000.00 | CLAIM FILED AFTER 3/31/03 BAR DATE. |
| 11 | SCHANTZ, MELVIN<br>DAVIS PUNELLI & KEATHLEY LLP<br>19900 MACARTHUR BLVD #950<br>IRVINE  CA  92612 | 01-01139<br>W.R. GRACE & CO. | 17028 | 7/12/2005 | $900,000.00 | CLAIM FILED AFTER 3/31/03 BAR DATE. |

## In re: W.R. GRACE & CO., et al
## OMNIBUS 16: EXHIBIT C - LATE FILED CLAIMS

| | Creditor Name / Address | Case Number | Claim Number | Docketed Claim Date | Total Claim Dollars | Reason For Proposed Disallowance |
|---|---|---|---|---|---|---|
| 12 | SCHANTZ, MELVIN<br>DAVIS, PUNELLI & KEATHLEY LLP<br>19900 MACARTHUR BLVD #950<br>IRVINE CA 92612 | 01-01139<br>W.R. GRACE & CO. | 17053 | 7/12/2005 | $900,000.00 | CLAIM FILED AFTER 3/31/03 BAR DATE. |
| 13 | SCHANTZ, MERRIAM<br>DAVIS PUNELLI & KEATHLEY LLP<br>19900 MACARTHUR BLVD #950<br>IRVINE CA 92612 | 01-01139<br>W.R. GRACE & CO. | 17029 | 7/12/2005 | $900,000.00 | CLAIM FILED AFTER 3/31/03 BAR DATE. |
| 14 | SCHANTZ, MERRIAM<br>DAVIS, PUNELLI & KEATHLEY LLP<br>19900 MACARTHUR BLVD #950<br>IRVINE CA 92612 | 01-01139<br>W.R. GRACE & CO. | 17052 | 7/12/2005 | $900,000.00 | CLAIM FILED AFTER 3/31/03 BAR DATE. |

totals:    $9,091,951.50    (U)