IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | Case No. 01-1139 (JKF) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | **Hearing Date: March 27, 2006 @ 2:00 p.m.** |
| | ) | **Related to Docket No. 11850** |
| | ) | |

### LIMITED OBJECTION OF THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS TO W.R. GRACE & COMPANY'S MOTION FOR AUTHORIZATION TO SEEK DISCOVERY FROM DR. ALAN C. WHITEHOUSE AND FOR A PROTECTIVE ORDER RELATING TO PRODUCTION OF DOCUMENTS FROM DR. ALAN C. WHITEHOUSE [DI 11850]

The Official Committee of Asbestos Personal Injury Claimants (the "PI Committee"), by and through its undersigned counsel, respectfully submits this limited objection ("Limited Objection") to the motion of W.R. Grace & Co., et al. (collectively, "Debtors" or "Grace") for the entry of an Order (1) authorizing Grace to seek factual discovery from Dr. Alan C. Whitehouse and (2) protecting the documents disclosed during the course of this discovery in a manner consistent with the Protective Order issued by Federal District Court Judge Donald Molloy in United States v. W.R. Grace & Co., CR-05-07-M-DWM (D. Mont. Nov. 23, 2005) (the "Motion"). In support of this Limited Objection, the PI Committee states as follows:

1.   The PI Committee objects to the Motion solely to the extent that the proposed protective order inappropriately limits access to the medical records (the "Medical Records") to be produced by Dr. Whitehouse. Specifically, the protective order attached to the Motion seeks to limit access to the Medical Records to:

> (a) attorneys representing the Debtors, the Official Committee of Equity Holders, the Official Committee of Asbestos Personal Injury Claimants, the Official Committee of Property Damage Claimants, the Future Claimants' Representative, and the Libby Claimants (the "Parties") in this action; (b) medical and scientific experts, whose review of material is necessary for the presentation of the Parties'

cases; (c) such law clerks, investigative agents, paralegals, and secretaries employed by the Parties' attorneys and agents, whose review of that material is required for the preparation and presentation of the Parties' cases; (d) the testifying witnesses or any representative they designate; and (e) the Debtors.

2. In addition to not allowing the members of the PI Committee, or their individual counsel (collectively, "PI Committee Members") access to the Medical Records, the proposed protective order does not allow the attorneys, and medical and scientific experts (the "Professionals") working on behalf of the PI Committee to share their opinions with the PI Committee Members. For the reasons more thoroughly discussed in the Response of the Official Committee of Asbestos Personal Injury Claimants in Support of the Libby Claimant's Motion for Payment of Certain Expenses in Connection with Claims Estimation and Plan Process (which is incorporated herein by reference), filed on this same date, the Libby Claimants' assertions regarding Libby tremolite asbestos disease are important issues for not only the asbestos personal injury estimation, but for the ongoing attempts to negotiate a consensual plan of reorganization.

3. As a result, it is very important that the PI Committee Members be able to access the Medical Records. In addition, it is very important that the Professionals be permitted under the protective order to share their opinions of the Libby tremolite asbestos disease based upon their review of Medical Records with the PI Committee Members. Restricting the ability of the Professionals to consult with the PI Committee Members on the Libby tremolite asbestos disease issue will complicate and impair the ability of the PI Committee to appropriately address this issue in connection with these bankruptcy cases.

WHEREFORE, for the foregoing reasons, the PI Committee respectfully requests, to the extent that the Court is otherwise inclined to grant the Motion, that the Court include the PI Committee Members within the definition of Parties authorized to access the medical records to be produced by Dr. Alan C. Whitehouse.

{D0054864:1}                                                        2

Date: March 15, 2006                                  CAMPBELL & LEVINE, LLC

 

/s/ Mark T. Hurford
Marla R. Eskin (No. 2989)
Mark T. Hurford (No. 3299)
800 King Street, Suite 300
Wilmington, DE  19801
(302) 426-1900

   -and-

CAPLIN & DRYSDALE, CHARTERED
Elihu Inselbuch
375 Park Avenue, 35th Floor
New York, NY  10152-3500
(212) 319-7125

   -and-

CAPLIN & DRYSDALE, CHARTERED
Peter Van N. Lockwood
Nathan D. Finch
One Thomas Circle, N.W.
Washington, D.C.  20005
(202) 862-5000

Counsel to the Official Committee of
   Asbestos Personal Injury Claimants